SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ----------------------------------------------------------x | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **DIXIE STORES, INC.,** | **:** | **Case No. 05-11061** |
| | **:** | |
| **Debtor.** | **:** | |
| ----------------------------------------------------------x | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **TABLE SUPPLY FOOD** | **:** | **Case No. 05-11062** |
| **STORES CO., INC.,** | **:** | |
| | **:** | |
| **Debtor.** | **:** | |
| ----------------------------------------------------------x | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **WINN-DIXIE STORES, INC.,** | **:** | **Case No. 05-11063** |
| | **:** | |
| **Debtor.** | **:** | |
| ----------------------------------------------------------x | | |
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **ASTOR PRODUCTS, INC.,** | **:** | **Case No. 05-11064** |
| | **:** | |
| **Debtor.** | **:** | |
| ----------------------------------------------------------x | | |

```
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
CRACKIN' GOOD, INC.,                  :        Case No. 05-11065
                                      :
        Debtor.                       :
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
DEEP SOUTH DISTRIBUTORS, INC.,        :        Case No. 05-11066
                                      :
        Debtor.                       :
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
DEEP SOUTH PRODUCTS, INC.,            :        Case No. 05-11067
                                      :
        Debtor.                       :
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
DIXIE DARLING BAKERS, INC.,           :        Case No. 05-11068
                                      :
        Debtor.                       :
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
DIXIE-HOME STORES, INC.,              :        Case No. 05-11069
                                      :
        Debtor.                       :
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
DIXIE PACKERS, INC.,                  :        Case No. 05-11070
                                      :
        Debtor.                       :
-------------------------------------------------x
In re                                 :        Chapter 11
                                      :
DIXIE SPIRITS, INC.,                  :        Case No. 05-11071
                                      :
        Debtor.                       :
-------------------------------------------------x
```

```
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
ECONOMY WHOLESALE                       :        Case No. 05-11072
DISTRIBUTORS, INC.,                     :
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
FOODWAY STORES, INC.,                   :        Case No. 05-11073
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
KWIK CHEK SUPERMARKETS, INC.,           :        Case No. 05-11074
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
SUNBELT PRODUCTS, INC.,                 :        Case No. 05-11075
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
SUNDOWN SALES, INC.,                    :        Case No. 05-11076
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
SUPERIOR FOOD COMPANY,                  :        Case No. 05-11077
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
WD BRAND PRESTIGE STEAKS, INC.,         :        Case No. 05-11078
                                        :
        Debtor.                         :
-------------------------------------------------------x
```

```
-------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
WINN-DIXIE HANDYMAN, INC.,               :        Case No. 05-11079
                                         :
        Debtor.                          :
-------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
WINN-DIXIE LOGISTICS, INC.,              :        Case No. 05-11080
                                         :
        Debtor.                          :
-------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
WINN-DIXIE MONTGOMERY, INC.,             :        Case No. 05-11081
                                         :
        Debtor.                          :
-------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
WINN-DIXIE PROCUREMENT, INC.,            :        Case No. 05-11082
                                         :
        Debtor.                          :
-------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
WINN-DIXIE RALEIGH, INC.,                :        Case No. 05-11083
                                         :
        Debtor.                          :
-------------------------------------------------------x
In re                                    :        Chapter 11
                                         :
WINN-DIXIE SUPERMARKETS, INC.,           :        Case No. 05-11084
                                         :
        Debtor.                          :
-------------------------------------------------------x
```

## MOTION FOR JOINT ADMINISTRATION

Dixie Stores, Inc., Table Supply Food Stores Co., Inc., Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc.,

Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc.,

Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, WD Brand Prestige

Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery,

Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets,

Inc. (collectively, the "Debtors"), respectfully represent:

## Background

**A.      Chapter 11 Filings.**

1.      The Debtors filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code on February 21, 2005 (the "Petition Date").

2.      The Debtors will continue in possession of their property and will operate and

manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code.

3.      No request has been made for the appointment of a trustee or examiner, and no

official committee has yet been appointed in these cases.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of

this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

**B.      Company Background.**

5.      The Debtors are grocery and drug retailers operating in the southeastern United

States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to

published reports, the Debtors are the eighth-largest food retailer in the United States and one of

the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery

store and has grown through acquisitions and internal expansion.  The Debtors currently operate

more than 900 stores in the United States.  Substantially all of the Debtors' store locations are leased rather than owned.

6.      The Debtors employ nearly 79,000 associates, of whom approximately 33,000 are employed on a full-time basis and 46,000 on a part-time basis.

7.      The Debtors operate in a highly competitive supermarket industry that is generally characterized by intense competition and narrow profit margins.  The Debtors compete directly with national, regional, and local supermarket chains and independent supermarkets, as well as with Wal-Mart, similar supercenters, and other non-traditional grocery retailers such as dollar discount stores, drug stores, convenience stores, warehouse club stores, and conventional department stores.

**C.      Capital Structure.**

8.      The Debtors' primary secured obligations arise under a Second Amended and Restated Credit Agreement dated June 29, 2004, with Wachovia Bank, N.A., as administrative agent; GMAC Commercial Finance LLC, as syndication agent; Wells Fargo Foothill, LLC, General Electric Capital Corporation, and The CIT Group/Business Credit, Inc., as co-documentation agents; Wachovia Bank, N.A., as successor by merger to Congress Financial Corporation (Florida), as collateral monitoring agent; and the several lenders from time to time party thereto (as amended, the "Credit Agreement").

9.      The Debtors' maximum borrowing capacity under the Credit Agreement totals $600 million.  Beginning on September 22, 2004, the Debtors failed to meet a financial test under the Credit Agreement that limited the amount available for borrowings; however, the Debtors obtained a waiver of this financial test on February 9, 2005.  The waiver requires that

the Debtors perfect the lenders' security interest in assets with a requisite value on or before

March 31, 2005.  The waiver expires on June 29, 2005.

        10.    The Credit Agreement provides for revolving loans and the issuance of letters of

credit.  It is secured by substantially all of the personal property and owned real property of the

Debtors that are parties thereto.  As of the Petition Date, the Debtors were liable for obligations

under the Credit Agreement in the aggregate amount of approximately $427 million.  The

Debtors are seeking authority to refinance their obligations under the Credit Agreement pursuant

to a debtor-in-possession financing facility provided by Wachovia Bank, N.A. and other lenders.

        11.    Certain of the Debtors are parties to an Indenture with Wilmington Trust

Company dated December 26, 2000 (as amended and supplemented, the "Indenture").  Pursuant

to the Indenture, Debtor Winn-Dixie Stores, Inc. issued $300 million in principal amount of

Senior Notes bearing interest at 8.875% per annum, and certain other Debtors guaranteed the

Senior Notes.  The Senior Notes mature in 2008 and require semi-annual interest-only payments

until maturity.  The Senior Notes are unsecured obligations that are *pari passu* with most of the

Debtors' other unsecured obligations, which generally consist of trade debt, contract and lease

obligations (including possible rejection damages), employee obligations, and litigation claims.

        12.    Parent company Winn-Dixie Stores, Inc. is publicly owned, and its common stock

has been traded on the New York Stock Exchange since 1952 under the ticker symbol WIN.  All

of the other Debtors are direct and indirect subsidiaries of Winn-Dixie Stores, Inc.

**D.    Events Leading to the Debtors' Chapter 11 Cases.**

        13.    In January 2004, the Debtors announced a series of actions designed to improve

their competitive position (the "Strategic Plan").  The Strategic Plan included (a) a review of

business strategies and marketing programs, (b) an expense reduction plan designed to achieve a

$100 million annual expense reduction, (c) a market positioning review through which markets will be identified as either core, and positioned for future investment and growth, or non-core, and evaluated for sale or closure, (d) an image makeover program targeting approximately 700 stores for facilities improvement, and (e) a process re-engineering initiative that is intended to enhance organizational effectiveness and company business initiatives.

14.     As part of the Strategic Plan, the Debtors committed to focus on a core base of stores across 36 designated marketing areas in the United States.  The Debtors decided to exit 156 stores, exit three distribution centers, sell or close four manufacturing plants, and consolidate two dairy operations.  Of these facilities, the Debtors exited 135 stores, three distribution centers, and three manufacturing plants between April 2004 and the Petition Date.

15.      Despite the implementation of the Strategic Plan, during the remainder of 2004, the Debtors continued to experience significant sales declines and market-share losses.  The Debtors' financial performance was affected not only by operating losses but also by ongoing obligations relating to a significant number of store locations where the Debtors no longer operate.  The Debtors are seeking authority to reject a substantial number of the leases relating to these stores, effective immediately.

16.     In part in anticipation of the 2004 holiday season, the Debtors increased their purchasing activities in October and November.  When holiday sales were lower than expected, the Debtors experienced higher-than-anticipated inventory levels and lower-than-anticipated accounts payable, resulting in increased borrowings under the Credit Agreement and reduced liquidity.

17.     On February 10, 2005, the Debtors announced that during their first and second fiscal quarters ending on January 12, 2005, the Debtors incurred losses in the amount of $552.8

million, or $3.93 per share of common stock.  The Debtors also announced that for their second fiscal quarter, identical-store sales declined by 4.9% as compared to the second quarter of the prior year.

18.    The Debtors' financial results and decrease in liquidity, coupled with downgrades by Moody's Investor Services and Standard & Poor's Rating Services, as well as negative press coverage, led a number of the Debtors' trade creditors to demand shorter payment terms.  Since the announcement of the Debtors' financial results on February 10, 2005, the Debtors have experienced a reduction in vendor and other credit by more than $130 million.  As a result, the Debtors have been forced to conclude, after consultation with their advisors, that their interests and the interests of their creditors, employees, and customers will be best served by a reorganization under Chapter 11 of the Bankruptcy Code.

19.    As part of their restructuring under Chapter 11, the Debtors, led by a chief executive officer hired in December 2004, intend to implement further asset rationalization and expense reduction plans and to utilize new sales initiatives to improve the Debtors' brand image and competitive position, with the goal of improving their operations and financial performance and strengthening their business for the benefit of creditors, customers, employees, and the communities in which the Debtors operate.

## Relief Requested

20.    By this Motion, the Debtors respectfully request the entry of an order, pursuant to Bankruptcy Rule 1015(b), directing that their bankruptcy cases be jointly administered for procedural purposes only under the caption of the case filed by parent company Winn-Dixie Stores, Inc.  The Debtors further request that the order direct the use of the following joint caption on all pleadings filed in these cases:



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
In re                                                            :
                                                                 :        **Chapter 11**
                                                                 :
**WINN-DIXIE STORES, INC., et al.,**              :        **Case No. 05-11063**
                                                                 :
                          Debtors.                     :        **(Jointly Administered)**
                                                                 :
------------------------------------------------------------------------x

## Basis for Relief

21.    Bankruptcy Rule 1015(b) authorizes the Court to order the joint administration of two or more cases pending before it under the Bankruptcy Code when affiliated debtors are involved.

22.    Section 101(2)(B) of the Bankruptcy Code defines the term "affiliate," in pertinent part, as a

> corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor.

11 U.S.C. § 101(2)(B).

23.    Dixie Stores, Inc., a New York corporation, is a wholly-owned subsidiary of Winn-Dixie Stores, Inc., the ultimate parent company among the Debtors.  Winn-Dixie Stores, Inc. also owns 100% of the equity interests in the following Debtors:  Astor Products, Inc.,

Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling

Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Economy

Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt

Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co.,

Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc.,

Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and

Winn-Dixie Supermarkets, Inc.

24.     Moreover, Winn-Dixie Montgomery, Inc. owns 100% of the equity interests in

Dixie Spirits, Inc. and Foodway Stores, Inc., and Deep South Products, Inc. owns 100% of the

equity interests in Deep South Distributors, Inc.  Accordingly, Winn-Dixie Stores, Inc. is the

indirect owner of 100% of the equity interests in Dixie Spirits, Inc., Foodway Stores, Inc., and

Deep South Distributors, Inc.  Thus, all of Debtors qualify as "affiliates," making joint

administration appropriate in these cases.

25.     In addition, the Debtors anticipate that numerous notices, applications, motions,

other pleadings, hearings, and orders in these cases will affect many or all of the Debtors.  With

twenty-four (24) debtors, each with their own case dockets, the failure to jointly administer these

cases would result in numerous duplicative pleadings filed for each issue and served upon

separate service lists.  Such duplication of substantially identical documents would be extremely

wasteful and would unnecessarily overburden the Clerk of the Court.

26.     Joint administration will permit the Clerk to use a single general docket for the

Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors'

respective estates.  Joint administration also will protect parties in interest by ensuring that the

parties in interest in <u>each</u> of the Debtors' respective Chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

27.     Moreover, no prejudice will befall any party by virtue of the relief requested in the Motion, inasmuch as such relief is purely procedural and is not intended to affect any party's substantive rights.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration, and the Clerk will be relieved of the burden of entering duplicative orders and keeping duplicative files.

## **Notice**

28.     Notice of this Motion has been provided to the Office of the United States Trustee, counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, the indenture trustee for the Debtors' noteholders, and the Debtors' fifty (50) largest unsecured creditors.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## **Waiver of Memorandum of Law**

29.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, the Debtors respectfully request that this Court:

(a)     enter an order directing that these cases be jointly administered; and

(b)     grant the Debtors such other and further relief as is just and proper.

Dated:  February 21, 2005
        New York, New York

/s/      *D. J. Baker*
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:   (917) 777-2150

-and-

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

PROPOSED ATTORNEYS FOR THE DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **DIXIE STORES, INC.,** | : | **Case No. 05-11061** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **TABLE SUPPLY FOOD** | : | **Case No. 05-11062** |
| **STORES CO., INC.,** | : | |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC.,** | : | **Case No. 05-11063** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **ASTOR PRODUCTS, INC.,** | : | **Case No. 05-11064** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **CRACKIN' GOOD, INC.,** | : | **Case No. 05-11065** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **DEEP SOUTH DISTRIBUTORS, INC.,** | : | **Case No. 05-11066** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **DEEP SOUTH PRODUCTS, INC.,** | : | **Case No. 05-11067** |
| | : | |
| Debtor. | : | |

------------------------------------------------------------x

```
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
DIXIE DARLING BAKERS, INC.,          :          Case No. 05-11068
                                     :
        Debtor.                      :
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
DIXIE-HOME STORES, INC.,             :          Case No. 05-11069
                                     :
        Debtor.                      :
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
DIXIE PACKERS, INC.,                 :          Case No. 05-11070
                                     :
        Debtor.                      :
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
DIXIE SPIRITS, INC.,                 :          Case No. 05-11071
                                     :
        Debtor.                      :
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
ECONOMY WHOLESALE                    :          Case No. 05-11072
DISTRIBUTORS, INC.,                  :
                                     :
        Debtor.                      :
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
FOODWAY STORES, INC.,                :          Case No. 05-11073
                                     :
        Debtor.                      :
-------------------------------------------------x
In re                                :          Chapter 11
                                     :
KWIK CHEK SUPERMARKETS, INC.,        :          Case No. 05-11074
                                     :
        Debtor.                      :
-------------------------------------------------x
```

```
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
SUNBELT PRODUCTS, INC.,                :        Case No. 05-11075
                                       :
        Debtor.                        :
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
SUNDOWN SALES, INC.,                   :        Case No. 05-11076
                                       :
        Debtor.                        :
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
SUPERIOR FOOD COMPANY,                 :        Case No. 05-11077
                                       :
        Debtor.                        :
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
WD BRAND PRESTIGE STEAKS, INC.,        :        Case No. 05-11078
                                       :
        Debtor.                        :
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
WINN-DIXIE HANDYMAN, INC.,             :        Case No. 05-11079
                                       :
        Debtor.                        :
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
WINN-DIXIE LOGISTICS, INC.,            :        Case No. 05-11080
                                       :
        Debtor.                        :
----------------------------------------------------x
In re                                  :        Chapter 11
                                       :
WINN-DIXIE MONTGOMERY, INC.,           :        Case No. 05-11081
                                       :
        Debtor.                        :
----------------------------------------------------x
```

```
-------------------------------------------------------x
In re                                   :         Chapter 11
                                        :
WINN-DIXIE PROCUREMENT, INC.,           :         Case No. 05-11082
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :         Chapter 11
                                        :
WINN-DIXIE RALEIGH, INC.,               :         Case No. 05-11083
                                        :
        Debtor.                         :
-------------------------------------------------------x
In re                                   :         Chapter 11
                                        :
WINN-DIXIE SUPERMARKETS, INC.,          :         Case No. 05-11084
                                        :
        Debtor.                         :
-------------------------------------------------------x
```

## ORDER DIRECTING JOINT ADMINISTRATION OF CASES

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order for joint administration of these bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 1015 (the "Motion"), all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank,

-4-

N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors'

noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further

notice being required; and the relief requested in the Motion being in the best interests of the

Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the above-captioned cases are consolidated for procedural

purposes only and shall be jointly administered under the case filed by Winn-Dixie Stores, Inc.,

Case No. 05-11063, in accordance with the provisions of Federal Rule of Bankruptcy Procedure

1015(b); and it is further

ORDERED that the joint caption of these cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**In re**                                                            :
                                                                     :          **Chapter 11**
                                                                     :
**WINN-DIXIE STORES, INC., et al.,**                                 :          **Case No. 05-11063**
                                                                     :
                                        **Debtors.**                 :          **(Jointly Administered)**
                                                                     :
------------------------------------------------------------------------x

and it is further

ORDERED that all pleadings and papers filed in these cases, with the exception

of proofs of claim, shall be captioned as in the preceding paragraph; and it is further

ORDERED that all docket entries in these cases shall be made in the case of

Winn-Dixie Stores, Inc., Case No. 05-11063.  The Clerk is directed to make a docket entry in

each of the other Debtors' cases substantially as follows:

> An order has been entered in this case consolidating this case with the bankruptcy cases of Winn-Dixie Stores, Inc., Case No. 05-11063, and certain of its affiliates for procedural purposes only and providing for its joint administration in accordance with the terms thereof.

and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order; and it is further

ORDERED that counsel for the Debtors is directed to serve a copy of this Order

on all parties on the Master Service List within three (3) days of the entry hereof and to file a

certificate of service with the Clerk of the Court; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the

Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February ___, 2005
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE