SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

## APPLICATION FOR AUTHORITY TO RETAIN
## KING & SPALDING LLP AS BANKRUPTCY CO-COUNSEL
## AND GENERAL CORPORATE COUNSEL TO THE DEBTORS

Winn-Dixie Stores, Inc. and its debtor affiliates,[1] as debtors and debtors-in-possession

(collectively, the "Debtors"), respectfully represent:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie

## Background

**A.    Chapter 11 Filings.**

1.    The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date").

2.    The Debtors will continue in possession of their property and will operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.    No request has been made for the appointment of a trustee or examiner, and no official committee has yet been appointed in these cases.

4.    This Court has jurisdiction over this Application under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**B.    Company Background.**

5.    The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States.  Substantially all of the Debtors' store locations are leased rather than owned.

6.    The Debtors employ nearly 79,000 associates, of whom approximately 33,000 are employed on a full-time basis and 46,000 on a part-time basis.

Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie

7.      The Debtors operate in a highly competitive supermarket industry that is generally characterized by intense competition and narrow profit margins.  The Debtors compete directly with national, regional, and local supermarket chains and independent supermarkets, as well as with Wal-Mart, similar supercenters, and other non-traditional grocery retailers such as dollar discount stores, drug stores, convenience stores, warehouse club stores, and conventional department stores.

**C.      Capital Structure.**

8.      The Debtors' primary secured obligations arise under a Second Amended and Restated Credit Agreement dated June 29, 2004, with Wachovia Bank, N.A., as administrative agent; GMAC Commercial Finance LLC, as syndication agent; Wells Fargo Foothill, LLC, General Electric Capital Corporation, and The CIT Group/Business Credit, Inc., as co-documentation agents; Wachovia Bank, N.A., as successor by merger to Congress Financial Corporation (Florida), as collateral monitoring agent; and the several lenders from time to time party thereto (as amended, the "Credit Agreement").

9.      The Debtors' maximum borrowing capacity under the Credit Agreement totals $600 million.  Beginning on September 22, 2004, the Debtors failed to meet a financial test under the Credit Agreement that limited the amount available for borrowings; however, the Debtors obtained a waiver of this financial test on February 9, 2005.  The waiver requires that the Debtors perfect the lenders' security interest in assets with a requisite value on or before March 31, 2005.  The waiver expires on June 29, 2005.

10.      The Credit Agreement provides for revolving loans and the issuance of letters of credit.  It is secured by substantially all of the personal property and owned real property of the

_____

Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Debtors that are parties thereto.  As of the Petition Date, the Debtors were liable for obligations under the Credit Agreement in the aggregate amount of approximately $427 million.  The Debtors are seeking authority to refinance their obligations under the Credit Agreement pursuant to a debtor-in-possession financing facility provided by Wachovia Bank, N.A. and other lenders.

11.     Certain of the Debtors are parties to an Indenture with Wilmington Trust Company dated December 26, 2000 (as amended and supplemented, the "Indenture").  Pursuant to the Indenture, Debtor Winn-Dixie Stores, Inc. issued $300 million in principal amount of Senior Notes bearing interest at 8.875% per annum, and certain other Debtors guaranteed the Senior Notes.  The Senior Notes mature in 2008 and require semi-annual interest-only payments until maturity.  The Senior Notes are unsecured obligations that are *pari passu* with most of the Debtors' other unsecured obligations, which generally consist of trade debt, contract and lease obligations (including possible rejection damages), employee obligations, and litigation claims.

12.     Parent company Winn-Dixie Stores, Inc. is publicly owned, and its common stock has been traded on the New York Stock Exchange since 1952 under the ticker symbol WIN.  All of the other Debtors are direct and indirect subsidiaries of Winn-Dixie Stores, Inc.

**D.     Events Leading to the Debtors' Chapter 11 Cases.**

13.     In January 2004, the Debtors announced a series of actions designed to improve their competitive position (the "Strategic Plan").  The Strategic Plan included (a) a review of business strategies and marketing programs, (b) an expense reduction plan designed to achieve a $100 million annual expense reduction, (c) a market positioning review through which markets will be identified as either core, and positioned for future investment and growth, or non-core, and evaluated for sale or closure, (d) an image makeover program targeting approximately 700

stores for facilities improvement, and (e) a process re-engineering initiative that is intended to enhance organizational effectiveness and company business initiatives.

14.    As part of the Strategic Plan, the Debtors committed to focus on a core base of stores across 36 designated marketing areas in the United States.  The Debtors decided to exit 156 stores, exit three distribution centers, sell or close four manufacturing plants, and consolidate two dairy operations.  Of these facilities, the Debtors exited 135 stores, three distribution centers, and three manufacturing plants between April 2004 and the Petition Date.

15.    Despite the implementation of the Strategic Plan, during the remainder of 2004, the Debtors continued to experience significant sales declines and market-share losses.  The Debtors' financial performance was affected not only by operating losses but also by ongoing obligations relating to a significant number of store locations where the Debtors no longer operate.  The Debtors are seeking authority to reject a substantial number of the leases relating to these stores, effective immediately.

16.    In part in anticipation of the 2004 holiday season, the Debtors increased their purchasing activities in October and November.  When holiday sales were lower than expected, the Debtors experienced higher-than-anticipated inventory levels and lower-than-anticipated accounts payable, resulting in increased borrowings under the Credit Agreement and reduced liquidity.

17.    On February 10, 2005, the Debtors announced that during their first and second fiscal quarters ending on January 12, 2005, the Debtors incurred losses in the amount of $552.8 million, or $3.93 per share of common stock.  The Debtors also announced that for their second fiscal quarter, identical-store sales declined by 4.9% as compared to the second quarter of the prior year.

18.     The Debtors' financial results and decrease in liquidity, coupled with downgrades by Moody's Investor Services and Standard & Poor's Rating Services, as well as negative press coverage, led a number of the Debtors' trade creditors to demand shorter payment terms.  Since the announcement of the Debtors' financial results on February 10, 2005, the Debtors have experienced a reduction in vendor and other credit by more than $130 million.  As a result, the Debtors have been forced to conclude, after consultation with their advisors, that their interests and the interests of their creditors, employees, and customers will be best served by a reorganization under Chapter 11 of the Bankruptcy Code.

19.     As part of their restructuring under Chapter 11, the Debtors, led by a chief executive officer hired in December 2004, intend to implement further asset rationalization and expense reduction plans and to utilize new sales initiatives to improve the Debtors' brand image and competitive position, with the goal of improving their operations and financial performance and strengthening their business for the benefit of creditors, customers, employees, and the communities in which the Debtors operate.

## Relief Requested

20.     By this Application, the Debtors request entry of an order, pursuant to Section 327(a) of the Bankruptcy Code, approving the retention of King & Spalding LLP ("King & Spalding") as bankruptcy co-counsel and general corporate counsel to the Debtors during these cases.  The Debtors request that King & Spalding be retained to perform the services and on the terms as detailed in this Application.

## Basis for Relief

21.     The Debtors desire to employ King & Spalding as their bankruptcy co-counsel to serve in conjunction with their lead bankruptcy counsel, the firm of Skadden, Arps, Slate,

Meagher & Flom LLP ("Skadden, Arps"), handling specific bankruptcy matters as directed by the Debtors, and to continue to serve as their general corporate counsel during these cases.

22.     The Debtors have selected King & Spalding to serve in the capacity described above because of the firm's extensive knowledge of the Debtors' businesses and financial affairs, its general experience and knowledge, and its recognized expertise in the field of debtors' protections, creditors' rights, and business reorganizations under Chapter 11 of the Bankruptcy Code, as well as in other areas of law related directly or indirectly to these bankruptcy cases, such as those areas listed in the following paragraph.

23.     King & Spalding has a long-standing relationship with the Debtors, having served as general corporate counsel to the Debtors in a variety of matters, including litigation, antitrust matters, environmental matters, general corporate matters, ERISA and other employee benefits matters, securities law and SEC-related matters, and finance and finance-related matters and transactions.  In addition, King & Spalding has been providing restructuring advice to the Debtors.  Accordingly, King & Spalding has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtors' bankruptcy cases as well as with those matters that exist independent of the bankruptcy cases. The Debtors believe that King & Spalding is well qualified and able to represent them in these cases and in other matters in a most efficient and timely manner.

24.     As a result of its long-term relationship with the Debtors, King & Spalding has extensive background on, and knowledge and understanding of, the Debtors' operations and businesses and is therefore well-suited to serve as bankruptcy co-counsel and to continue to serve as general corporate counsel with respect to the matters it has historically handled.   Based on the foregoing, the Debtors believe that their continued representation by King & Spalding is vital to

the success of the Debtors' reorganization efforts.  Accordingly, pursuant to Section 327(a) of the Bankruptcy Code, the Debtors request that the Court approve their retention of King & Spalding as their bankruptcy co-counsel and general corporate counsel to perform the extensive legal services that will be necessary during their Chapter 11 cases, under a general retainer, in accordance with King & Spalding's normal hourly rates and disbursement policies.

25.    The Debtors have also selected and are, by separate application, seeking to employ Skadden, Arps, to serve as lead bankruptcy counsel during these cases.  Although King & Spalding and Skadden, Arps will work closely together in providing services for the Debtors, King & Spalding and Skadden, Arps will not perform duplicative services for the Debtors.  King & Spalding will consult with the Debtors and Skadden, Arps throughout the pendency of these cases on the division of responsibilities and the coordination of efforts to accomplish a speedy, successful, and cost-effective reorganization.  Each of King & Spalding and Skadden, Arps will have separate areas of responsibility that reflect their respective roles in the Debtors' cases and that recognize, where appropriate, their historical knowledge of the Debtors' affairs and their respective proximities to the Debtors, the Court, and significant parties in interest in these cases.

26.    The employment of King & Spalding under a general retainer is appropriate and necessary to assist the Debtors, in conjunction with Skadden, Arps, in executing faithfully their duties as debtors and debtors-in-possession and to implement the reorganization of the Debtors' financial affairs.  Subject to further order of this Court, and subject to an appropriate allocation of responsibilities between King & Spalding and Skadden, Arps with respect to additional matters as these case progress, it is proposed that King & Spalding be employed for the following purposes:

(a)     to assist the Debtors with respect to customer issues arising as a result of the bankruptcy filings, including the scope of first-day relief obtained with respect to such issues and any subsequent relief that may be required;

(b)     to assist the Debtors with trust fund and consignment issues relating to store goods and services, including the scope of first-day relief obtained with respect to such issues and any subsequent relief that may be required;

(c)     to assist the Debtors with respect to professional compensation and retention matters in bankruptcy for both Chapter 11 professionals and ordinary course professionals and to coordinate compliance by such professionals with the Bankruptcy Code and the orders of this Court;

(d)     to assist the Debtors with respect to utilities issues arising in bankruptcy, including compliance with the adequate assurance procedures approved by this Court and handling all demands for additional adequate assurance;

(e)     to assist the Debtors with respect to non-bankruptcy litigation issues and the impact of the bankruptcy on any such litigation, including providing notice of and enforcing the automatic stay in actions against the Debtors, seeking extensions of the automatic stay to non-Debtor parties if necessary, responding to any motions to lift the automatic stay, and assisting ordinary course professionals involved in litigation matters with bankruptcy inquiries;

(f)     to assist the Debtors with insurance and workers compensation issues that arise in the ordinary course of business or result from the bankruptcy, including the scope of payment authorization under first-day orders, coverage matters, premium payments, premium financing, policy renewals, and related matters;

(g)     to assist the Debtors with governmental tax, fee, and fine issues that arise in the ordinary course of business or result from the bankruptcy filings, including the scope of payment authorization under first-day orders, any objections to governmental claims, treatment issues, and reorganization tax planning;

(h)     to assist the Debtors with respect to environmental issues that arise in the ordinary course of business or result from the bankruptcy filings, including the treatment of environmental claims in bankruptcy;

(i)     to serve as conflicts counsel in the event that Skadden, Arps is unable to handle a particular bankruptcy matter, including taking responsibility for certain claims objections, executory contract or unexpired lease rejections, or other disputed matters;

(j)     to handle such other Chapter 11 matters as may be requested by the Debtors, but without duplication of efforts with respect to matters assigned by the Debtors to Skadden, Arps;

(k)     with respect to the matters described in subparagraphs (a) through (j), to advise the Debtors with respect to their powers and duties as debtors-in- possession in the continued management and operation of their businesses;

(l)     with respect to the matters described in subparagraphs (a) through (j), to take all necessary action to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

(m)     with respect to the matters described in subparagraphs (a) through (j), to prepare on behalf of the Debtors all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

(n)     to continue to advise the Debtors with respect to the matters traditionally handled by King & Spalding, including litigation, antitrust matters, environmental matters, general corporate matters, ERISA and other employee benefits matters, securities law and SEC-related matters, and finance and finance-related matters and transactions; and

(o)     to perform such other legal services for the Debtors as may be necessary and appropriate.

27.     It is necessary for the Debtors, as debtors-in-possession, to employ attorneys under a general retainer to render the foregoing services.

28.     King & Spalding has stated its desire and willingness to act in these cases and to render the necessary professional services as attorneys for the Debtors.

29.     To the best of the Debtors' knowledge:  (a) King & Spalding neither holds nor represents any interest adverse to the Debtors' estates; (b) King & Spalding is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code; and (c) King & Spalding has had no affiliation with the Debtors, their creditors, or any party in interest, or their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or the Bankruptcy Judge presiding over

these cases, except as specifically disclosed more fully in the Declaration of Sarah Robinson Borders, a partner of King & Spalding (the "Borders Declaration"), attached hereto as <u>Exhibit A</u>.

30.     The Debtors and King & Spalding have agreed that King & Spalding will be compensated for services at hourly rates and reimbursed for reasonable and necessary expenses, subject to approval of the Court under Section 330 of the Bankruptcy Code.  King & Spalding has stated present fee rates of $195 to $725 per hour for United States-based associates, partners, and counsel, and $83 to $250 per hour for project assistants and paralegals.  Rates may be adjusted from time to time.  King & Spalding will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and orders of this Court.

31.     Prior to the Petition Date, King & Spalding received from the Debtors a retainer in the amount of $250,000, of which $20,740 continues to be held by King & Spalding as a "last bill" retainer subject to the future direction and orders of the Court.  King & Spalding will seek authority from this Court to apply the retainer received from the Debtors to pay any fees, charges, costs, or expenses relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of the Petition Date and to hold the balance of the retainer for the duration of these cases.

32.     Prior to the Petition Date, King & Spalding received certain amounts (as set forth in the Borders Declaration) from the Debtors as compensation for professional services performed, and additional amounts (as set forth in the Borders Declaration) for the reimbursement of reasonable and necessary expenses incurred in connection therewith.

**<u>Notice</u>**

33.     Notice of this Application has been provided to the Office of the United States Trustee, counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, the indenture trustee for the Debtors' noteholders, and the Debtors' fifty (50) largest unsecured creditors.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

**<u>Waiver of Memorandum of Law</u>**

34.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Application.

WHEREFORE, the Debtors respectfully request that this Court:

(a)     enter an order pursuant to Section 327(a) of the Bankruptcy Code authorizing the Debtors to employ King & Spalding LLP as bankruptcy co-counsel and general corporate counsel in these cases; and

(b)     grant the Debtors such other and further relief as is just and proper.

Dated:  February 21, 2005
         New York, New York

                    Respectfully submitted,

                    WINN-DIXIE STORES, INC.
                    and its debtor affiliates

                    By: */s/   Bennett Nussbaum*
                         Bennett Nussbaum
                         Senior Vice President and
                         Chief Financial Officer

<u>**Exhibit A**</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**In re**                                                    **:**
                                                             **:**        **Chapter 11**
                                                             **:**
**WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,**           **:**        **Case No. 05-11063**
                                                             **:**
                        **Debtors.**                         **:**        **(Jointly Administered)**
                                                             **:**
-------------------------------------------------------------x

**DECLARATION OF SARAH ROBINSON BORDERS**
**<u>AND DISCLOSURE OF COMPENSATION</u>**

I, Sarah Robinson Borders, hereby state and declare as follows:

1.      I am a partner in the firm of King & Spalding LLP ("King & Spalding") and a resident in the firm's office located at 191 Peachtree Street, Atlanta, Georgia  30303.  I am duly authorized to make this Declaration on behalf of King & Spalding, and I make this Declaration in support of the Application of Winn-Dixie Stores, Inc. and its affiliated debtor entities (collectively, the "Debtors") for the approval of their retention of King & Spalding as legal counsel in the above-referenced bankruptcy cases (the "Application").  The facts set forth in this Declaration are personally known to me, and, if called as a witness, I could and would testify thereto.  Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

2.      In addition to King & Spalding, the Debtors have also selected and are, by separate application, seeking to employ the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps") as their lead restructuring and bankruptcy counsel during these cases.  King & Spalding will consult with Skadden, Arps and the Debtors throughout the pendency of these cases as to the division of responsibilities and the coordination of efforts with Skadden, Arps to

accomplish a speedy, successful, and cost-effective reorganization, without unnecessary duplication of legal services.  King & Spalding and Skadden, Arps will have separate areas of responsibility that reflect their respective roles in the Debtors' cases and that recognize, where appropriate, their historical knowledge of the Debtors' affairs and their respective proximities to the Debtors, the Court, and significant parties in interest in these cases.  King & Spalding's specific areas of responsibility are described in the Application, and Skadden, Arps's areas of responsibility are described in the application to retain Skadden, Arps.  King & Spalding will not duplicate efforts with respect to the separate matters assigned to Skadden, Arps.

      3.      Neither I, King & Spalding, nor any partner of, associate of, or counsel to King & Spalding represents any entity other than the Debtors in, or in connection with, the Debtors' Chapter 11 cases.

      4.      King & Spalding is a "disinterested person," as that term is defined in Section 101(14) of the Bankruptcy Code, in that, except as otherwise disclosed herein, King & Spalding, its partners, counsel, and associates:

    (a)      are not creditors, equity holders, or insiders of the Debtors;

    (b)      are not and were not investment bankers for any outstanding security of the Debtors;

    (c)      have not been, within three years before the Petition Date, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

    (d)      are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors or of an investment banker specified in subparagraph (b) or (c) of this paragraph; and

    (e)      have not represented any party in connection with matters relating to the Debtors (although King & Spalding has in the past represented and currently represents various of the Debtors' creditors and parties in interest in matters unrelated to the Debtors or their Chapter 11 bankruptcy cases).

5.      King & Spalding provided restructuring advice to the Debtors prior to the Petition Date.

6.      King & Spalding is not a creditor of the Debtors.  Since January 1, 2004, the Debtors have paid King & Spalding $2,379,246.28.  Of that amount, $2,129,246.28 was for services rendered and expenses incurred and $250,000 was for a retainer, of which $20,740 remains held by King & Spalding as a "last bill" retainer (the "Retainer") to be maintained during the Chapter 11 cases and applied in accordance with future orders of the Court.  King & Spalding will seek authority from this Court to apply the Retainer to pay any fees, charges, costs, or expenses relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of the Petition Date and to hold the balance of the Retainer for the duration of these cases.

7.      To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with this case, neither I nor King & Spalding has any affiliation with the Debtors, their creditors, the United States Trustee, any person employed in the office of the United States Trustee, the Bankruptcy Judge presiding over this proceeding, or any other party with an actual or potential interest in these Chapter 11 cases, or their respective attorneys or accountants, except that (a) King & Spalding may have appeared from time to time in the past, and may appear in the future, in other cases or matters where one or more of such parties may have been or may be involved, and (b) King & Spalding may have been retained by certain creditors and other parties in interest or their attorneys, accountants, or professionals in other cases or matters unrelated to the Debtors or their Chapter 11 cases.

8.      King & Spalding has researched its client database to determine whether it has any relationships with the following entities (collectively, the "Interested Parties"):

(a)    the Debtors;

(b)    the agents for and lenders in the Debtors' senior secured credit facility;

(c)    the indenture trustee for the Debtors' noteholders;

(d)    the Debtors' fifty (50) largest unsecured trade creditors on a consolidated basis as of February 18, 2005;

(e)    the Debtors' non-debtor affiliates;

(f)    the Debtors' current officers and directors and former officers and directors during the prior four (4) years;

(g)    the Debtors' accountants for the prior three (3) years; and

(h)    those other creditors and parties in interest listed on Attachment 1 hereto.

The identities of the Interested Parties were provided to King & Spalding by the Debtors and are listed on Attachment 1 hereto.

9.    My review of the results of the search of our client database with regard to the Interested Parties indicates that King & Spalding currently represents the following entities or one or more of their parent companies, subsidiaries, or affiliates in connection with matters totally unrelated to the Debtors or their Chapter 11 cases: Signature Flight Support Corporation; BBA U.S. Holdings, Inc.; A.G. Edwards and Sons, Inc.; Wells Fargo Bank Minnesota, N.A.; Wells Fargo Foothill LLC; Wachovia Bank, N.A.; General Electric Capital Corporation; The Bank of New York; Jefferson-Pilot Corporation; Legg Mason Real Estate Services; Edens & Avant Properties L.P.; Edens & Avant Realty, Inc.; PNC Bank of Philadelphia; PNC Midland Loan Service; BB&T Corporation; Swiss Re Investors Inc.; Schweizerische Ruckversicherungs-Gesellschaft; Deutsche Bank f/k/a Bankers Trust Company; Bank of America Corporation; Cargill Inc.; Cisco Systems Capital Corporation; Fleet Capital Leasing; KeyCorp; Key Corporate Capital, Inc.; International Paper Company; Schering Plough Health Care; Kimberly-Clark Corporation; Coca-Cola Bottling Co.; Coca-Cola Enterprises, Inc.; Coca-Cola Bottling Works;

The Gillette Company; Nestle S.A.; Nestle Water; Ross Laboratories; Kraft Pizza Co.; Altria Group, Inc.; Travelers Insurance; The St. Paul Travelers Companies, Inc.; St. Paul Fire & Marine Insurance Co.; XL Capital Ltd.; General Mills Inc.; Warner Lamber Consumer Group; Gerber Products Company; Lloyd's of London; National Union Insurance Company; National Union Fire Insurance Company; National Union Fire Insurance Company of Pittsburgh, PA; American International Group, Inc.; Lexington Insurance Co.; Liberty Insurance Underwriters, Inc.; The Hartford; The Hartford Financial Services Group Inc.; KPMG LLP; SmithKline Beecham; GlaxosmithKline PLC; GlaxosmithKline; US Bank Corporation; US Bancorp; Loews Corporation; Chubb, Inc; Wachovia Corp.; Wachovia Bank National Association; General Motors Corporation; General Motors Acceptance Corporation; SunTrust Bank; Bank One; JP Morgan Chase & Co; Merrill Lynch Capital; National City Business Credit Inc.; UBS AG; and Webster Business Credit Corp.

10.     My review of the results of the search of our client database with regard to the Interested Parties also indicates that King & Spalding previously represented the following persons and entities or one or more of their parent companies, subsidiaries, or affiliates in connection with matters totally unrelated to the Debtors or their Chapter 11 cases:  JDN Realty Corporation; Farm Bureau Insurance; SouthTrust Bank; NCR Corporation; and Hershey Chocolate USA.

11.     King & Spalding currently represents Rhodes, Inc. and its debtor affiliates (collectively, "Rhodes") in their Chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Northern District of Georgia, Case Nos. 04-78434 through 04-78436 (Jointly Administered).  Rhodes is currently a sublessee under one or more leases in which one of the Debtors is the principal lessee.  To the extent that a conflict arises between the Debtors

and Rhodes, King & Spalding will not represent either the Debtors or Rhodes in that particular dispute. Moreover, King & Spalding will refer such a dispute to other attorneys representing the Debtors in these cases and to Rhodes' conflicts counsel in Rhodes' bankruptcy cases.

12.     King & Spalding currently is defending certain of the Debtors in certain ERISA-based class action lawsuits styled <u>Barbara M. Dorminey v. The Winn Dixie Stores, Inc.</u>, Civil Action No. 3:04-CV-194-J-20 (HTS), <u>Rayburn Barfield et al. v. The Winn Dixie Stores, Inc.</u>, Civil Action No. 3:04-CV-308-J-20 (MMH), all pending in the United States District Court for the Middle District of Florida, and <u>Joann H. Smith et al. v. The Winn Dixie Stores, Inc.</u>, Civil Action No. 3:04-CV-195-J-16 (MMH) (the "ERISA Class Actions"). King & Spalding is also defending Allen R. Rowland, a current officer of one or more of the Debtors, and Frank Lazaran and Richard P. McCook, both former officers of one or more of the Debtors, in the ERISA Class Actions.

13.     King & Spalding currently is defending the Debtors in a certain securities-based class action lawsuit styled <u>In re Winn-Dixie Stores, Inc. Securities Litigation</u>, File No. 3:04-CV-71-J-99MCR, pending in the United States District Court for the Middle District of Florida (the "Securities Class Action"). King & Spalding is also defending Frank Lazaran and Allen R. Rowland, both former officers of one or more of the Debtors, and Richard P. McCook and D. Michael Byrum, both current officers of one or more of the Debtors, in the Securities Class Action.

14.     Laurence B. Appel, who serves as the Senior Vice President and General Counsel of Debtor Winn-Dixie Stores, Inc. and as an officer of certain other Debtors, was employed as an associate by King & Spalding from 1989 to 1995. While employed by King & Spalding, Mr. Appel did not represent any of the Debtors.

15.    As part of its practice, King & Spalding appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, including other professionals representing the Debtors.  In certain instances, such professionals may be the client of King & Spalding.  All of the other cases, proceedings and transactions in which King & Spalding is involved and professionals representing the Debtors or other parties in interest are also involved are totally unrelated to the Debtors and these Chapter 11 cases.

16.    There are thousands of creditors and parties in interest in the Debtors' Chapter 11 bankruptcy cases.  I anticipate that a review of King & Spalding's client database with regard to all of the Debtors' creditors and parties in interest would disclose that King & Spalding previously represented and/or currently represents one or more creditors or parties in interest (or one or more of their respective parent companies, subsidiaries, and affiliates) in addition to those of the Interested Parties who are specifically identified in paragraphs 9 through 13 of this Declaration.  My review of the results of the search of our client database indicates, however, that any and all such other representation(s) of a creditor or party in interest would have been or would be in connection with matters totally unrelated to the Debtors or their Chapter 11 cases.

17.    To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor King & Spalding holds or represents any interest adverse to the Debtors' estates.

18.    In addition, and based upon inquiries made in connection with the preparation of this Declaration, I have reason to believe that one or more partners, associates, or counsel in King & Spalding (a) owns publicly issued debt or equity securities issued by one or more of the Interested Parties (other than the Debtors); (b) was formerly an employee of, or has a relative

who is or was an employee of, one or more of the Interested Parties (other than the Debtors); or (c) maintains a bank account, brokerage account, credit card account, or loan or mortgage relationship with, or is insured by, one or more of the Interested Parties (other than the Debtors).

19.     The Debtors have consented to the continued and future representation by King & Spalding of persons and entities who are creditors or parties in interest in these Chapter 11 cases on matters unrelated to the Debtors and these Chapter 11 cases, and have waived any conflict that might otherwise exist as a result of such other unrelated representations.

20.     Subject to the Court's approval of the Application, King & Spalding will earn and receive only those fees and other payments authorized by this Court in relation to service rendered on behalf of the Debtors during the pendency of these cases.

21.     Prior to the filing of these Chapter 11 cases, the Debtors caused to be paid to King & Spalding the Retainer, in the amount of $250,000, of which $20,740 continues to be held by King & Spalding as a "last bill" retainer subject to the future direction and orders of the Court.  King & Spalding will seek authority from this Court to apply the Retainer to pay any fees, charges, costs, or expenses relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of the Petition Date and to hold the balance of the Retainer for the duration of these cases.  In consideration for services to be rendered to the Debtors in this Chapter 11 case, King & Spalding, subject to the approval of the Court, will be compensated for such services rendered at its standard hourly rates and will be reimbursed for all reasonable and necessary out-of-pocket expenses.

22.     The current standard hourly rates of United States-based King & Spalding associates, partners, and counsel range from a low of $195 per hour to as much as $725 per hour for certain senior partners, and the current standard hourly rates of paralegals and project

-8-

assistants range from a low of $83 to a high of $250.  The firm's standard hourly rates are subject to adjustment annually as of January 1 of each year.

23.    No agreement or understanding in any form or guise exists between King & Spalding and any other person for a division of compensation for services rendered in or in connection with these cases, and no such division of compensation prohibited by Section 504 of the Bankruptcy Code will be made, except among partners of King & Spalding.  King & Spalding has not shared or agreed to share any compensation received in these cases with any entity other than its partners.

24.    Accordingly, I believe the proposed employment of King & Spalding is appropriate under Section 327(a) of the Bankruptcy Code and is not prohibited by or improper under Federal Rule of Bankruptcy Procedure 5002.  King & Spalding and the professionals it employs are qualified to represent the Debtors in the matters for which King & Spalding is proposed to be employed.

25.    To the extent any information disclosed herein requires amendment or modification upon King & Spalding's completion of further review or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on February 21, 2005, at New York, New York.


*/s/ Sarah Robinson Borders*
Sarah Robinson Borders

# Attachment 1

# List of Interested Parties

**Debtors**
Astor Products, Inc.
Crackin' Good, Inc.
Deep South Distributors, Inc.
Deep South Products, Inc.
Dixie Darling Bakers, Inc.
Dixie-Home Stores, Inc.
Dixie Packers, Inc.
Dixie Spirits, Inc.
Dixie Stores, Inc.
Economy Wholesale Distributors, Inc.
Foodway Stores, Inc.
Kwik Chek Supermarkets, Inc.
Sunbelt Products, Inc.
Superior Food Company
Table Supply Food Stores Co., Inc.
WD Brand Prestige Steaks, Inc.
Winn-Dixie Handyman, Inc.
Winn-Dixie Logistics, Inc.
Winn-Dixie Montgomery, Inc.
Winn-Dixie Procurement, Inc.
Winn-Dixie Raleigh, Inc.
Winn-Dixie Stores, Inc.
Winn-Dixie Supermarkets, Inc.

**Non-Debtor Affiliates**
Bahamas Supermarkets Limited
The City Meat Markets Limited
W-D (Bahamas) Limited
WIN General Insurance, Inc.

**Current Officers and Directors**
John E. Anderson
Laurence B. Appel
J. R. Brogan
D. Michael Byrum
K. B. Cherry
John H. Dasburg
G. L. Estill
T. Wayne Davis
Tillie K. Fowler
Kellie D. Hardee
David F. Henry
H. I. Hopkins, Jr.
Michael J. Istre
J. J. James
Richard C. Judd
P. J. Kennedy
D. G. Lafever
Peter L. Lynch
Richard P. McCook
D. J. Maroney
Mark W. Matta
J. P. Medina
Edward W. Mehrer, Jr.
D. A. Moore, Jr.
Julia B. North
Paul Novak
Bennett L. Nussbaum
E. L. Rainwater
Carleton T. Rider
J. J. Roy

C. S. Rubio
Mark A. Sellers
Dennis M. Sheehan

H. Jay Skelton
Charles P. Stephens
P. L. Tiberio
Ronald Townsend
H. S. Wadford
D. M. Young

**Former Officers and Directors**
Keva M. Bethel
D. H. Bitter
A. Dano Davis
Judith W. Dixon
L. B. Johnson
Bryan C. S. Knowles
Frank Lazaran
Barry J. Rassin
K. A. Romeo
Allen R. Rowland
Karen E. Salem
Hugh G. Sands
John R. Sheehan
Bruce R. Souder

**Senior Secured Lenders**
Amsouth Bank
Bank One
Congress Financial Corporation (Florida),
n/k/a Wachovia National Bank, N.A.
Fleet Retail Group, Inc.
General Electric Capital Corporation
GMAC Commercial Finance LLC
Israel Discount Bank
Merrill Lynch Capital
National City Business Credit, Inc.
PNC Business Credit
RZB Finance LLC
Siemens Financial Services, Inc.
SunTrust Bank
The CIT Group/Business Credit, Inc.
UBS AG, Stamford Branch
Wachovia Bank, National Association
Webster Business Credit Corp
Wells Fargo Foothill LLC

**Mortgage Holders**
Lutheran Brotherhood

**Top 50 Unsecured Trade Creditors on a
Consolidated Basis as of February 18,
2005**
Alberto Culver USA, Inc.
Anderson News LLC
Bayer Corp
Campbell Soup Co.
CH Robinson Worldwide Inc
Clorox Sales Co - KPD
Coca Cola Bottling Co
Coca Cola Bottling Works

Conagra Grocery Products Co.
Del Monte Foods USA
DLJ Produce Inc
Edy's Grand Ice Cream
Fin Tech
Florida Coca Cola
Front End Services Corp.
General Electric Company
General Mills Inc.
Georgia Pacific Corp.
Gerber Products Company
Gillette Company
Good Humor Breyers Ice Cream
Gourmet Award Foods Mid Atlantic
Gulf Coast Coca-Cola Bottling Co.
Hershey Chocolate USA
Johnson & Johnson
Keebler Company
Kellogg Sales Company
Kimberly Clark
Konica Photo Imaging
Kraft (Kraft Foods, Kraft Pizza, Nabisco)
Louisiana Coca Cola
McKee Foods Corporation
Nestle (Nestle Usa, Nestle Purina, Nestle
Water)
Pepperidge Farm Inc-Cookies
Pepsico. & Affiliates
Powerhouse Produce LLC
Procter & Gamble Dist Co.
Riverdale Farms
Ross Laboratories
Safe Harbor Seafood
Sanderson Farms
Sara Lee Foods
Schering Plough Health Care
Schreiber Foods Inc.
Smith Kline Beecham
Unilever (Hpc Usa & Best Foods)
US Bank Corporation
Warner Lambert Consumer Group
Wyeth Consumer Healthcare

**Parties with Filed UCC Financing
Statements**
Bennett's Leasing Incorporated
Cargill, Incorporated
Cisco Systems Capital Corporation
Computer Leasing Company of Michigan,
Inc.
EMC Corporation
Fidelity Leasing, Inc.
Fleet Capital Leasing - Technology Finance
Fleet Leasing Corporation
GATX Technology Services Corporation
Healthguard Finance Corporation
Healthguard International, Inc.
IBM Credit Corporation
IBM Credit LLC
Ikon Office Solutions Inc.
Konica Photo Imaging
Konica USA Inc.

National City Bank of MI/IL
NCR Corporation
Norse Dairy Systems
Storagetek Financial Services Corporation
US Bancorp
Xpedex - Division of International Paper

**Indenture Trustee**
Wilmington Trust Company

**Senior Unsecured Noteholders and
Related Funds and Administrators**
American Bond Fund of America
American Capital World Bond Fund
American Funds
American Funds High Income Trust
American Funds Insurance – Asset
Allocation
American Funds Insurance
American Funds Smallcap World Fund
American Memorial Life Insurance Co.
Amerihealth Insurance Company of New
Jersey
Ameriprime Funds
ANIA High Yield Bond Portfolio
Arnhold & S Bleichroeder Advisers, LLC
Assurant Inc.
Austin Investment Management Co.
Aviva Life Insurance Company
Capital Research and Management
Company
Clariden US High Yield Bond Fund
Colonial Intermarket Income Trust
Columbia Management Advisors
CGU Insurance Group
Credit Suisse Asset Management Ltd.
Credit Suisse FS High Yield Bond
Credit Suisse High Yield Bond Fund
Delphi Financial Group
Denver Investment Advisors Inc.
DLJ Investment Management Corp.
Dynamic American Value
Dynamic American Value Fund
First Eagle Funds
First Eagle US Value Fund
First Fortis Life Insurance Company
Fortis Benefits Insurance Company
Fortis Group
Fortis Insurance Company
Fringe Benefit Life Insurance Company
Goodman & Co. Investment Counsel
High Yield Plus Fund
IMS Capital Management
IMS Strategic Income Fund
Independence Blue Cross
John Alden Life Insurance Company
Julius Meinl Investment Gmbh
Liberty Funds Distributor, Inc.
Meinl Capitol
PHUP Training
Prudential Investments Fund Management
LLC
QCC Insurance Company
Regence Blue Shield
Regence BlueCross BlueShield of Oregon
Regence BlueCross BlueShield of Utah
Reliance Standard Life Insurance Company
Securities Management and Research, Inc.
The Vanguard Group
Vanguard Group Incorporated

Vanguard High-Yield Corporate Bond
Portfolio
Vanguard VVIF HighYield Bond Fund
Wellington Management Co. LLP
Westcore Flexible Income Fund
Westcore Funds

**Lessors of Real Property**
100 Executive Drive LP
11010 Seventh Ave Investments
145 Associates Ltd
17161 N W 27th Avenue LLC
1954 Unionport Associates LLC
1980 Unionport Associates LLC
1997 Properties
2525 East Hillsborough Ave LLC
40/86 Mortgage Capital Inc
440 Group Ltd
4JS Family LLLC
5 Points West Shopping Center
51st Street & 8th Ave Corp
7595 Centurion Parkway LLC
9 SC Associates
98 Palms Ltd
99 Eglin Ltd
A F I Management
A G Edwards
A J & C Garfunkel
A L S Telfair Plaza
Ackerberg Group
Ackerman-Midtown Assoc
Acorn Assoc Ltd
Acron USA Fonds Winn Dixie LP
Adams Realty
Aegis Waterford LLC
Aegon USA Realty Advisors Inc
AEI Income & Growth Fund XXI L
AEI Net Lease Income & Growth
AEM Stiftung LLC
Agree Limited Partnership
Aintsar Realty Corp
Airkaman Of Jacksonville Inc
Al Bellotto Inc
Alabama '83 Center Associates
Albert J Cirignano Sr
Albion Pacific Prop Resources
Alfa Mutual Fire Ins Co
Allard LLC
Allied Capital Corporation
Allied Capital REIT Inc
Altamonte SSG Inc
Alvin B Chan Family LP
Alvin B Chan Inc
Alvyn L Woods
Amelia Plaza Shopping Center
American Commercial Realty
American Federal Properties
American Mortgage & Realty Cor
American Paper Box Company Inc
American Plaza Ltd Partnership
American United Life Ins Co
Americana East Investments Inc
Ansel Properties Inc
Applewood Shopping Center
Arcadia FL Diversey West
Arco Realty Company
Arlington Properties Inc
ARS Investment Corporation
Asbury Commons Ltd
Ashy-Brown Gonzales

August Urbanek Investments
Avon Square Ltd
Avondale Square Limited
Azalea Management And Leasing
Azalea Shopping Center
B V Belk Jr
Bainbridge Associates
Baker & Baker
Bakersmith Corners LLC
Banc One
Bank Midwest
Bank Of New York
Bardstown SC LLC
Barlind Enterprises
Barrett Crossing Shopping Cent
Baumgardner-Hogan I LLC
Baxley Zamagias Lp
Baylanding Inc
Bayview Loan Servicing LLC
Beachwalk Centre II LLC
Bedford Avenue Realty Inc
Beer Wells Real Estate Service
Belco Enterprises
Belk Investments
Belleview Square Corp
Belmart Inc
Benderson 85-1 Trust And Wayne
Benderson Trust & Wayne Ruben
Benjamin Adam Setzer As Truste
Bennett V York
BEP II Limited Partnership
Bergeron WD Palmetto LLC
BG Highlands LLC
BG Turfway LLC
BHBS Inc
BHR LLC
Big Pine Shopping Center LLC
Bill Agapion
Bird Square Plaza Management I
Birmingham Realty Co
Blaine Lake LLC
Blanchard and Calhoun Real Est
Blue Angel Crossings
Bob Neill & Associates
Bogalusa Shopping Center Co
Bonners Point LLC
Bordeaux Center Inc
Bowdoin Square LLC
Boyd L Hyder
Boynton Lakes Plaza
Brandon Centre South
Brandywine Plaza Ltd
Brent Lance Trager
Brierwood Village Plaza
Bright-Meyers Dublin Assoc
Broad Street Station S.C.,LLC
Broadmoor Development Co
Brookhaven Retail LLC
Brookwood Flamingo Partners Lp
Brookwood LLC
Brown Investment Properties
Brown Noltemeyer Company
BT Marietta LLC
Bundy New Orleans Co LLC
Bunkie Investment Co LLC
Burlington Associates Ltd Prt
BW Dix Inc
BW Treasure Inc
Byars & Co Inc
C & A Ltd, Lc

C C Altamonte Joint Venture
Ca New Fixed Rate Partnership
Ca New Plan Venture Fund Louis
Cadillac Partnership
Caffery Center LLC
Caldwell Realty & Investment C
California Club Mall
Callahan Plaza Shopping Center
Cameron Edenton Co
Cameron Sanford Company LLC
Camilla Marketplace Associates
Cane River Shopping Cen
Capco 1998 D-7 Arlington Cente
Capital Advisors Inc
Capital Development Company
Capital Properties Associates
Capmark Services LP
Cardinal Entities Company LLC
Carl Dupuis
Carolina Enterprises Inc
Casselsquare LLC
Casto Investments Co Ltd
Cayce Marketplace LP
CC Realty Intermediate Fund I
CDC Paying Agent LLC
Cedar Creek Crossing Associate
Cedar Mountain Village
Cedar Springs Ctr Assocs
Central Progressive Bank
Central Texas Shopping
Centrex Properties Inc
Century Management And
CFG Limited
Chambers Square LLC
Chapel Trail Associates Ltd
Chapin Development Co
Charles Simon Trustee Of Same
Charleston Square Inc Bank Of
CHK & Associates
Cityview LLC
Civic Center Station Ltd
Clayton Crossings LLC
Clearlake Square
Cleveland Marketplace Ltd
Cliffdale Corner Inc
Clinton House Company
CMC Real Estate Program
Collett Management LLC
Collins & Aikman
Collins Pointe Shopping Center
Colonial Development Co LLC
Colonial Properties Services
Colonial Properties Trust
Columbia Marketplace LLC
Columbus Life Insurance Co
Comke Inc
Commercial Leasing One
Commercial Leasing Two
Commercial Net Lease Realty Inc.
Commodore Realty Inc
Concire Centers Inc
Concord Advantage Ii LP
Conseco Mortgage Capital Inc
Constellation Apartments
Cooper Smolen Joint Venture
Coralwood Shopping Center
Cordova Collection Lp
Country Club Centre LLC
CPG Finance I LLC
CPM Associates LP

Crawford Norwood Realtors Inc
Crenshaw-Singleton Properties
Crescent Investment Corp
Crest Haven LLC
Crestview Marketplace LLC
Cross County Associates LP
Crossing Of Orlando Ltd
Crowder Family Joint Venture
Crown Liquors Broward In
Crump Investments Ltd
Crystal Beach Acquistion LP
Crystal Lake At Orlando
Curry Ford LP
Cypress Run LLC
D R Plaza Ltd
Dahlem Enterprises Inc
Dairy Plaza Associates Ltd
Dalraida Proprieties Inc
Daniel G Kamin
Daniel H Case And
Dauksch Family Partnership
Davie Plaza Limited Partnership
Davis Mill Station
Day Properties LLC
DDR Downreit LLC
DDR MDT Carillon Place LLC
Debary Common Shopping Center
Decatur Realty LLC
Deerfield Company Inc
Deerfoot Marketplace LLC
Defuniak Square Partners Ltd
Del Fair Inc
Del Mar Shopping Center
Delnice Corp N.V.
Delta Interest LLC
Delta Plaza LLC
Deltona Assoc Ltd
DEM Partnership
Dept of Finance State of Alabama
Deutsche Bank f/k/a Bankers Trust
Company
Devcon Enterprises Inc
Dickinson Logan Todd & Barber
Dixon Realty Trust 1999-1
DMI Agent For IDR Jr LLR Jr &
Downtown Destin S/C
Downtown Two LLC
DPJ Company Limited
Dr Ralph Dayan
Drake Rental Account
Drinkard Development
Duckworth Morris Realty
Durham Plaza Associates
E & A Southeast LP
E and A Aquisition Two LP
East Partners Ltd
Eastdale Square LLC
Eastern Retail Holdings Lp
Eastgate Center LLC
Eastgate Investors LLC
Ebinport Assoc
EBR Partnership
Eckstein Properties LLC
Ed Street Dev Co
Eden Meadow Greens Associates
Edens & Avant Inc
Edens & Avant Properties LP
EIG Gordon Village LLC
EIG Hampton Square LLC
Elfers Square Center Inc

Eliot Properties
Elkmont Associates
Elston/Leetsdale LLC
Englewood Village LLC
English Village LLC
Equity Assoc
Equity One (Delta) Inc
Equity One (Hunters Creek)Inc
Equity One (Lantana) Inc
Equity One (Pointe Royale) Inc
Equity One (Summerlin) Inc
Equity One (West Lake) Inc
Equity One Alpha Inc
Equity One Commonwealth Inc
Equity One Inc
Equity One Monument Pointe Inc
Ernst Properties, Inc
Ervin & Susanne Bard
Euclid Warehouses, Inc.
Eugene M Mclain
Eupora Shopping Center
Eutis Mortgage Corporation
Evangeline Life Insurance Co
Excel Realty Partners LP
F R O LLC VII
Fairfield Partners LP
Fairway Food Stores
First National Bank
First Republic Corp of America
First Security Bank
First Security Bank Natl Assoc
First Union National Bank
First Union Wholesale Lockbox
First Westgate Mall LP
Flag Bank
Flagler Retail Associates Ltd
Flamingo East Ltd
Flint Crossing LLC
Florida Dickens Associates Ltd
FMV Associates
Folmar & Associates
Foothills Partnership
Fountain Columbus Assoc LLC
Four Florida Shopping Centers
Francine Trager Kempner
Francis Carrington
Frank D Boren And Gail F Boren
Frank W Guilford Jr Trustee
FRO LLC VIII
FU/WD Opa Locka, LLC
FU/WD Atlanta, LLC
Fury's Ferry Shoppes
FWI 16 LLC
FWI 20 LLC
FWI 23 LLC
FWI 5 LLC
G H I of West Palm Beach LLC
Gad & Asher Realty Ltd
Galileo Cmb T1 Hl TX LP
Galt Ocean Marketplace
Gardens Park Plaza  219
Gates Of St Johns LLC
Gator Carriage Partners Ltd
Gator Jacaranda Ltd
Gator Linton Partners Ltd
Gehr Development Florida LLC
Gem Warwick LLC
General Electric Business Asse
General Electric Capital Business
Genoa Associates LLC

Gentilly Square
George B Nalley Jr
George C Walker
George Chen
George Chen Formosa Developers
George D Zamias
George Dewrell
GLA LLC
Glenwood Midway Co LLC
Glimcher Properties Limited
Glynn Enterprises LLC
Goodings Supermarkets Inc
Gordon K Konrad
Gottlieb Family Trust Houma Ll
Graham And Company
Gray - White LLC
GRE Coralwood LP
GRE Properties L L C
Great Oak LLC
Great South Mgmt LLC
Greenville Associates
Greenville Compress Co
Greenville Compress Co
Greenville Grocery LLC
Greenwood Commons Assoc
Greer Plaza Inc
GS II Brook Highland LLC
GS II Jacksonville Regional LL
Gulf Coast Properties
Gulfport Plaza Center Inc
H C Plunkett
H R Orlando LLC
H V McCoy & Company Inc
Haddco Properties Ltd Partners
Hall Properties
Hall Properties Inc
Halpern Enterprises
Halpern Enterprises Inc
Hamilton Square LLC
Hammerdale Inc
Hammonton Partners
Harold G Bagwell
Harvey Lindsay Commercial Real
Hasco Properties
Hayday Inc
Haydel Realty Company Inc
Heathrow Square LLC
Helena Marketplace LLC
Henderson Corporation
Herbert Singer
Heritage Community Bank
Heritage Crossing Associates
Heritage Prop Investment Ltd
Heritage SPE LLC
Heritage Square Assoc
Herman Maisel & Co Inc
Hialeah Fee Commons Ltd
Hialeah Promenade Limited Part
Highland Associates Lp
Highland Commons Boone LLC
Highland Lakes Associates
Highland Sq Shop Center
Hildebran Associates
Hillcrest Shopping Center
Hillsboro-Lyons Investors Ltd
Hilyard Manor Associates LLP
Hobe Sound S C Company Ltd
Holbrook Heritage Hills LP
Homestead Plaza
Homewood Associates Inc

Homosassa Assoc
Houston Centre LLC
Howell Mill Vlge Shpg Ct
HPC Wade Green LLC
Hudson Square Center Inc
Hurtak Family Partnership Ltd
I Reiss & Company
I Reiss and Co as Agent For
ICOS LLC
III T West LLC Marco Island Ma
Imperial Christina Shopping Ct
Independence Square
Indian Creek Crossing E&A LLC
Indian Village Group Inc
Indianapolis Life Ins Co
Indianapolis Life Insurance Co
Indrio Crossings Inc
Inland Southeast Property Mgmt
Interchange Associates Inc
Interwest Capital Corporation
Intracoastal Mall LLC
Invesco Lp
IPF Heights Limited Partnership
IPF/Capville Limited Partnership
IRT Partners LP
IRT Partners LP Equity One Rea
IRT Property Company
Island Plaza LLC
Isram Realty & Management Inc
Ivey Electric Company
J B Levert Land Co Inc
Jack Fiorella Iii
Jamerson Investments
James And Carolyn Sell
JDN Realty Corporation
Jefferson-Pilot Life
JEM Investments Ltd
Jerome H And Faith Pearlman Tr
JKA Enterprises LLC
JNB Company of Virginia LLC
John Benetti Associates
John C Eyster and E Lee Barran
John T Henley et al
JRT Realty Group - TIAA
Jula Trust
Jupiter Palm Assoc
JWV (La) LLC dba Sunshine Sq
K B Properties Inc
Keller Crossing Texas Lp
Kemor Properties Inc
Kenneth City Partners
Kerbby Partnership
Killen Marteplace LLC
Kimco Development Corp
Kimco University Co Inc
Kingfisher Inc
Kir Augusta 1 044 LLC
Kir Colerain 017 LLC
Kirk Meraux Winn-Dixie LLC
Kite Eagle Creek LLC
KJump Inc
Kmart Corporation
Knightdale Crossing LLC
Koger Equity
Kotis Properties
KPT Communities LLC
KRG Waterford Lakes LLC
L J Melody & Company
L O L LLC
L W Smith Jr Trust

La Petite Roche Center General
Lafayette Life Insurance Co
Lagrange Marketplace LLC
Lake Jackson Tradng Post
Lake Mary Limited Partnership
Lake Sun Properties Ltd
Lakeland Partners
Lakewood Associates Ltd
Lancaster Community Investors
Land Dade Inc
Landing Station
Landmark Enterprises
Landsouth Partners
Langdale Tire Co
Langston Drive
Lapalco Village Shop Cen
Laramie River Bay Limited Part
Larissa Lake June Limited Ptnr
Lasala Pinebrook Associates LP
Lasco Realty LLC
Lauderhill Mall
Laureate Capital
Lawrence M Heard
Leatherman Assoc
Leesburg Bansal LLC
Lehmberg Crossing LLC
Leonard R Setzer
LF Limited Lp & Walnut Street
Libby Cross Station Enterprise
LIF Realty Trust
Life Insurance Co Of George
Lincoln Square Partners LP
Lincoln Trust Company
Linpro Investments Inc
Lisette Stanish as Trustee
Litchfield Investments Riverwo
LN Piedmont Village LLC
Lockwood Assoc of GA Ltd Ptr
London Associates Ltd
LPI Key West Associates Ltd
LRS General Partnership
Lucy Company Of South Carolina
LW Jog S C Ltd
M & P Shopping Center
Macon Gravlee
Madison Mall Shopping Ctr Inc
Madison Station Properties LLC
Magnolia Park Shopping Center
Main Street Marketplace LLC
Manatee Village Investments Inc.
Mandarin Loretto Development
Mar Bay Investments LLC
Marions Hope LLC
Market Place Partners
Market Square Inc
Marketown Investors Inc
Marketplace of Americus LLC
Marketplace of Delray Ltd
Marketplace Shopping Center
Mason Shopping Center Partnership
McComb Associates
McDonough Marketplace Partners
McDuffie Square L P
McNab Plaza Inc
MCW Development Inc
MCW RC FL Highlands LLC
MDC South Wind Ltd
MDC Westgate Ltd
Melbourne Beach LLC
Mellon Trust Of California

Merchants Square Investments L
Meridian Supermarket LLC
Metro International Property
Miami Gardens Acquisition LLC
Michael & Irene Simon
Mid American Management Corp
Mid South Yazoo Lp
Midland Loan Services
Midland Loan Services Inc
Midwest Centers
Milford Station Ltd
Miller Group Properties Corp
Miramar Parkway Plaza LLC
Mitchell Co
Mitchell Mortgage Company LLC
Modern Woodman
Modern Woodmen Of America
Mohatra Inc
Monroeville Center Partners
Moorings of Manatee Inc
Morgran Co
Morris Track Corp & Williston
Morro Palms Shopping Center
Moulton Properties
Mount Castle Properties
Mr E M Arnovitz & Mr M Plasker
Mr Hugh M Tarbutton
Mr Malcolm Rosenberg
Mrs Mildred V Gray
Mt Dora Marketplace Ltd
Museum Associates
N K C Properties
N O M Properties Inc
Nalley Construction Co Inc
Naples South Realty Associates
Naranja Lakes Joint Ventures
National Western Insurance Co
National Western Life Insurance
Navarre Square
NB/85 Associates Wayne M Ruben
NDC Asset Management
New Bay Minette LLC
New England Realty Resources
New Plan Excel Realty Trust
New Plan Excel Realty Trust In
New Plan Realty Trust
Newberry Square Shopping Center
Newton Associates
NMB Partners L P
Noble Management Company
Normandy Equities Ltd
North & South Station
North Columbus Crossing Shoppi
North Hixson Marketplace LLC
North Madison Associates Ltd
North Port Village Shopping
Northcross Land & Development
Northeast Plaza Associates
Northern Funds FBO Urbanek Inv
Northside Development Group
Northside Shopping Center
Northway Investments LLC
Northwest Junction Partners
Northwood Oaks LLC Providence
Northwood Plaza LLC
Oakdale Investors Lp
Oaks Shopping Center Inc
Oakwood Village Associates
O'Brien Kiernan Investment Co
Oceanway Plaza Assoc Ltd

Old 97 Inc
Old Kings Highway Assoc
Opal Lee Smith & Sara N Jordan
Orange Grove Shopping Ce
Orix Capital Markets LLC
Orix Real Estate Capital Marke
Orlando Marketplace Limited Pa
PAJ
Palisades Investors LLC
Palm Aire Marketplace LL
Palm Bay West
Palm Beach 2000 Inc
Palm Coast Corners Assoc Lp
Palm Trails Plaza
Palmetto Place Center LLC
Paradise Isle LLC
Park Plaza LLC
Park Plaza Shopping Ctr LLC
Parkland Partnership Lp
Parkview Square Owner Corp
Parkwood Plaza Shopping Center
Parkwood Village Joint Venture
Pass Christian Village
Patricia Or Marshall Weigel
Patton Plaza LLC
Paw Creek Crossing
Peach Orchard Center
Peachtree Parkway Plaza
Pearl Brittain Inc
Pelican Associates
Pell City Marketplace Partners
Peninsula Utilities Inc
Penman Plaza Associates Ltd
Peregine Properties LP
Perimeter Place Associates
Peripety Group Inc c/o Comm P
Phoenix Jr Inc
Pinar Assoc Sc Co Ltd
Pine Island Shopping Center
Pine Plaza
Pinel LP
Pineroots LLC
Pines/Carter
Pinetree Partners Ltd
Pinewood Plaza Associates
Pinson Valley Ltd
Plaza West 15190117351
Pmt Partners V LLC
Pnc Bank Philadelphia
Ponce Realty Company
Ponderosa Center Inc
Popps Ferry Ms Dev
Potter Square Associates
PRB Investments LLC
Premier Plaza Associates LLC
Prestonburg Village Shop Cente
Primax Properties LLC
Prime Shoppes Partners
Primo Justice Properties LLC
Principal Capital Management L
Principal Life Insurance Co
Procacci Commerical Realty Inc
Professional Mortgage Co Inc
Promenades Mall (E&A), LLC
Promventure Limited Partnership
PSI of Louisiana Inc
PSMA Ltd AP FHA FP FLA TIC
Quail Roost Associates
Quail Run Village
Quincy Associates Ltd

R & G Associates
R P Barren River LLC
Rab Land & Development Inc
Rainbow Marketplace LLC
Rainbow Springs Ventures Lc
Ralph Meitin Family
Ramco USA Development Inc
Randall Benderson 1993-1 Trust
Randy Roark
Rappaport Management Co
Rayne Plaza Shopping Center
Red Oak Shopping Center LLC
Reef Associates Ltd
Regency Centers Inc
Regency Saving Bank FSB
Regent Investment Corporation
Retail Center Hampton LLC
Retail Management Group Inc
Retreat Village Management Co
Rial Corporation
Richard Ball & Associates
Ridgeview Inc
Riley Place LLC
River Oaks
Riverwalk Plaza Joint Venture
RK Associates
Robert D Powers
Robert G  Horsman
Robert H Palmer Jr
Robert N Rizika
Robertsdale Dev LLC
Rockbridge Place
Roebuck Ventures Ltd
Ronald Benderson 1995 Trust
Rosemyr Corp
Roxborough Associates LLC
Royal & Son
Royal Companies
Royal Homes Inc
Royal Oaks Brandon Partners
Royal Oaks Plaza Inc
Royals O K Lunch Inc
RSSC LLC
Rudco Properties Inc
Rushmore Friendship LLC
Ruth Guest House Inc
Ruth S Smith Snodgrass Aires
S & C Properties
Salem Crossing Shopping Center
Salemo Village Shopping Center
Sam Development Associates LLC
Samuel Oschin Trustee Michael
Sandefur Investments Inc
Sandifer Partnership Ltd
Sandra Mackey
Sarria Enterprises Inc
Sarria Holdings II Inc
Sarria Holdings Inc
Satterfield Plaza T I C
Saufley Field Partners Ltd
Savitar A/M/A SRA/American LLC
Sawicki Realty Co
SCG Management Inc
Schilleci Millbrook SC LLC
School St Crossing LP
Schwartz Family Trust
Scotland Mall Inc
SCP Winter Garden Fl LLC
Scribe Riviera JV
Sea Pea Inc

Sebring Square Ltd
Selig Enterprises Inc
Sendero Commercial Investments
Seven  Springs Plaza LLC
Shades Creek Partners
Shadrall Associates
Shannon Village Shopping Cente
Shepherdsville Mall Assoc Lp
Sherffield Estates Inc
Sheri Trager Weiss
Shields Plaza
Shoals Marketplace LLC
Shoppes @ 104
Shoppes At 18th & Commercial
Shoppes At Lake Avenue Inc
Shoppes Of Liberty Cit LLC
Sidney Kohl Company
Sidney Lefcourt
Simmons & Harris Inc
Situs Servicing Inc
Sizeler Companies
SJS-Woodlake Plaza LP
Skinners Of Jacksonville Inc
SKS Properties LC
Small Properties
Smith Barney Fbo Weinacker's
Snellville Plaza Ltd
Sormi Inc
South Broadway Corp
South Monroe Commons LLC
South Plaza Associates LLC
South Rockdale Shopping Center
South Square Marketplace
South Win Limited Partnership
Southbrook Partners LLC
Southchase Investors LLC
Southeast US Retail Fund LP
Southern Boulevard Corp
Southern Farm Bureau
Southern Farm Bureau Life Ins
Southern Partners
Southern Stores II LLC
Southgate Associates II LP
Southgate Plaza 93 Ltd
Southgate Plaza Associates LLC
Southmark Properties LLC
Southtrust Bank
Southview Square LLC
SPCP Group LLC
Spectrum Walker
Spectrum/Grandview Pines
Spiller Investment Inc
Spishores LLC
Spring Hill Assoc Ltd
Spring Plaza Limited Prtnrshp
Springdale Station LLC
Springfield Crossing LLC
Springhill Associates LLC
Springland Associates LLC
Springs Corners LLC
SR JLP JAP LLC
SR TCS LLC
SRT Acquistion Corporation
SSKIB Corporation
St Charles Partners
St Johns Commons Owner Corp
St. Stephens Partners
Staunton Plaza Associate
Stiles West Associates Ltd
Stockman & Nalley Partnership

Stonebridge Village
Structured Product Servicing
STW Holdings LLC
Sugarland Shopping Center
Sulphur Springs Partners LLLP
Sumter Crossing Properties Inc
Sun Lake Plaza Inc
Sun West NC III Ptn Lim
Sunburst Properties Corp
Sunset Centres Ltd
Sunset Centres Ltd Partnership
Sunset Station Partners LLC
Sunset West Shopping Plaza
Sunwest NC III Partnerships
Suwanee County Investors LLC
Swiss Re Investors Inc
T K Harris Comm Re Ser
T S Margate Co Ltd
TA/Western LLC (Pom. Mktplce)
Talladega Community Builders
Tappen Properties LP
Tatone Properties Fla Inc
Tavares Assoc Ltd
Taylor Square Venture
Teachers Retirement System
Ted Glasrud Associates Inc
Terra Nova The Realty Assoc Fu
THC LLC
The Market at Byram LLC
The Marketplace LLC
The Schreiber Co Belleview Ass
The Sembler Company
Tifton Mall Inc
Timberlake Station LLC
TL Nguyen LLC
Toulouse Village Associates
Tower Associates Ltd
Town & Country Shopping Center
Town Square Development
Town'n Country Realty
Trail Plaza
Triangle IV LLLP
Tri-State Commercial Asc
TRL Properties LLC
Troy Marketplace LLC
Trustee Of Trust B
Trustees Of Trust A/C -1
Trustmark National Bank
TS Pierce Sc Co Ltd
TSO Volusia LLC
Tunica Village Partnership
Twelth Street & Washington
Tyrone Gardens LLC
U P SC Ltd
Ullmann Company
United Commercial Mortgage Cor
United Investors Realty
University Crossing
University Tenancy In Common
UrbanAmerica
US Bank Trust Na Corp Trust TF
USPG Portfolio Two LLC
USRP I LLC Glen Lea Shopping C
USRP I LLC Shoppes Of Kildaire
Vachlia Inc
Valrico Square
Venetia Village Center
Ventures LLC
Victoria Square Partners LLC
Victory Berryland LLC

Victory Investments Inc
Victory Kenner LLC
Vigouroux Development LLC
Villa Rica Retail Properties L
Village Marketplace Of
Village Plaza Inc
Village Royale Properties LLC
Vogel & Vogel Partnership
W D Route 3 Limited
W T H II LLC
Wachovia Securities
Walker LA Commercial
Watch Omega Holdings Lp
Waters & Armenia Plaza
Waters Inc S C Mgmt Trust Acct
Watkins Investment
Wayne Ruben
Waynesville Shopping
WBFV Inc
WCL Five LLC
WD Development LLC
WD Jacksonville Fl LLC
WD Marianna Portfolio LP
WD Milton Portfolio L P
W-D Shelby Partnership
Weavers Corner Jt Venture
Webb/Lexington Ventures #108
Webber Commercial Properties L
Weeki Wachee Village Shop Cntr
Weingarten Realty Investors
Wesley Chapel Sc Co Ltd
West Eck Partners LP
West Napoleon Joint Venture
Westfork Plaza
Westgate LLC
Westland Shopping Center LP
Weston Road Shopping Center LL
Westside City Inc
Westwood Shopping Center
WIAB Properties LLC Operating
Wiedemann Square Ltd
Wiedmann Square LLC
Wiggs Realty Co
William H Hall
Willowood Partners Ltd
Winbrook Management Inc
Windsor Place
Windsor Station LC
Windward Partners IV LP
Winyah Village Shopping Ctr
Wiregrass Plaza LLC
Wolfchase Assoc LLC North Palm
Woodberry Plaza E&A LLC
Woodland Village Partnership
WRI/Texla LLC
Xarla Realty LLC
YBD Three Lakes LC
ZSF/WD Bartow, LLC
ZSF/WD Charlotte, LLC
ZSF/WD Clayton, LLC
ZSF/WD Fitzgerald, LLC
ZSF/WD Greenville, LLC
ZSF/WD Hammond, LLC
ZSF/WD High Point, LLC
ZSF/WD Jacksonville, LLC
ZSF/WD Montgomery-31, LLC
ZSF/WD Montgomery-Gunter, LLC
ZSF/WD Opa Locka, LLC
ZSF/WD Orlando, LLC
ZSF/WD Sarasota, LLC

Zuppardo Properties LLC
Zuppardo Real Estate Co
Zurich Structured Finance, Inc.

**Insurance Companies**
ACE American Insurance Co.
ACE Bermuda Insurance, Ltd.
ACE (Illinois Union)
AIG Aviation, Inc.
American Casualty Company of Reading PA
American Guarantee Liability (Zurich)
Arch Insurance Co.
AWAC - Side A DIC (Bermuda)
AWAC (Bermuda)
AXIS (Bermuda)
Axis Surplus Insurance Co.
AXIS US
CNA
Commonwealth Ins. Co.
Employers Ins. Co. of Wausau
Federal Insurance Co.
Great American Assurance Company
Hanseatic Ins. Co. (Bermuda)
Houston Casualty Company
Illinois National Insurance Co.
Illinois Union Ins. Co.
Lexington Insurance Co.
Liberty Ins. Underwriters, Inc.
Liberty Mutual
Liberty Mutual Insurance Company
Liberty Mutual Insurance Europe Ltd.
Lloyd's of London
Magna Carta Insurance Ltd.
Max Re - Side-A DIC (Bermuda)
Max Re (Bermuda)
Max Re (Bermuda) Ltd.
National Union
National Union Fire Insurance Co.
National Union Fire Insurance Co. Pittsburgh, PA
Quanta Specialty Lines Insurance Company
RLI Insurance Co.
SR Int'l Business Ins. Co. Ltd.
St. Paul Re (Bermuda) Ltd.
St. Paul Fire & Marine Ins. Co.
St. Paul Mercury Insurance Co.
Starr Excess (Bermuda)
Starr Excess Liability Ins. Int'l Ltd. (Bermuda)
Starr Excess Liability Insurance International Ltd. (Ireland)
Travelers Indemnity Co. of Illinois
Twin City Fire Insurance Company
WIN General Ins., Inc.
XL Insurance America, Inc.
XL Insurance Ltd. (Bermuda)
XL Specialty Insurance Company
Zurich
Zurich American Ins. Co.

**Publicly Identified Shareholders**
Brandes Investment Partners L.P.
Brandes Investment Partners, Inc.
Brandes Worldwide Holdings, L.P.
Charles H. Brandes
Jeffrey A. Busby
Glenn R. Carlson
A. Dano Davis
Robert D. Davis

T. Wayne Davis
Davis Family Special Trust 2004
Davis Family Irrevocable Term Trust
DAVFAM Ltd.
DAVFAM II, Ltd.
D.D.I., Inc.
Scott A. Oko, Trustee, Davis Family Special Trust 2004
SIVAD Investors, LLC
SIVAD Investors II, LLC
Charles P. Stephens

**Accountants**
KPMG LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                         :
                                              :        **Chapter 11**
                                              :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**          :        **Case No. 05-11063**
                                              :
            **Debtors.**                      :        **(Jointly Administered)**
                                              :
-----------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING DEBTORS TO RETAIN KING & SPALDING LLP AS BANKRUPTCY CO-COUNSEL <u>AND GENERAL CORPORATE COUNSEL TO THE DEBTORS</u>

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 327(a) of the Bankruptcy Code for authority to retain King & Spalding LLP ("King & Spalding") as bankruptcy co-counsel and general corporate counsel in these cases, all as more fully set forth in the Application; and upon consideration of the declaration of Sarah R. Borders (the "Borders Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders,

(iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Application being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be _____, 2005, at _____ _.m.; and it is further

ORDERED that any objection to the relief requested by the Application on a final basis must be filed with the Court and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by _____, 2005 at 5:00 p.m.; and it is further

ORDERED that the Debtors are authorized to retain King & Spalding as their bankruptcy co-counsel and general corporate counsel, pursuant to Section 327(a) of the Bankruptcy Code, as of February 21, 2005 (the "Petition Date"), on the terms set forth in the Application and the Borders Declaration; and it is further

ORDERED that no work performed by King & Spalding shall be duplicative of work performed by any other counsel retained by the Debtors in these cases; and it is further

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, King & Spalding's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that King & Spalding shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court, and it is further

ORDERED that King & Spalding is authorized to apply the retainer received from the Debtors to pay any fees, charges, costs, or expenses relating to services rendered to the Debtors prior to the Petition Date that remain unpaid and to hold any remaining portion of the retainer for application to allowed amounts owed pursuant to King & Spalding's final application in these cases; provided, however, that King & Spalding shall hold the retainer as funds clearly designated for the account of the Debtors; and provided, further, however, that any party in interest may at any time challenge the use and application of the retainer by King & Spalding; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated:  February ___, 2005
      New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                                  :
                                                       :      **Chapter 11**
                                                       :
**WINN-DIXIE STORES, INC., et al.,**                   :      **Case No. 05-11063**
                                                       :
              **Debtors.**                             :      **(Jointly Administered)**
                                                       :
----------------------------------------------------------------x

### FINAL ORDER AUTHORIZING DEBTORS TO RETAIN
### KING & SPALDING LLP AS BANKRUPTCY CO-COUNSEL
### AND GENERAL CORPORATE COUNSEL TO THE DEBTORS

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores,

Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 327(a)

of the Bankruptcy Code for authority to retain King & Spalding LLP ("King & Spalding") as

bankruptcy co-counsel and general corporate counsel in these cases, all as more fully set forth in

the Application; and upon consideration of the declaration of Sarah R. Borders (the "Borders

Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to

Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and

Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to

consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334

and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for

the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration

of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided to (i) the Office of the United

States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders,

(iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest

unsecured creditors, and no other or further notice being required; and the relief requested in the

Application being in the best interests of the Debtors, their estates, and creditors; and the Court

having reviewed the Application; and the Court having determined that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and upon all of

the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is

      ORDERED that the Application is granted; and it is further

      ORDERED that the Debtors are authorized to retain King & Spalding as their

bankruptcy co-counsel and general corporate counsel, pursuant to Section 327(a) of the

Bankruptcy Code, as of February 21, 2005 (the "Petition Date"), on the terms set forth in the

Application and the Borders Declaration; and it is further

      ORDERED that no work performed by King & Spalding shall be duplicative of

work performed by any other counsel retained by the Debtors in these cases; and it is further

      ORDERED that if any supplemental declarations are filed and served after the

entry of this Order, absent any objections filed within twenty (20) days after the filing and

service of such supplemental declarations, King & Spalding's employment shall continue as

authorized pursuant to this Order; and it is further

      ORDERED that King & Spalding shall be compensated upon appropriate

application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules

of Bankruptcy Procedure, the Local Rules, and orders of this Court, and it is further

      ORDERED that King & Spalding is authorized to apply the retainer received

from the Debtors to pay any fees, charges, costs, or expenses relating to services rendered to the

Debtors prior to the Petition Date that remain unpaid and to hold any remaining portion of the retainer for application to allowed amounts owed pursuant to King & Spalding's final application in these cases; provided, however, that King & Spalding shall hold the retainer as funds clearly designated for the account of the Debtors; and provided, further, however, that any party in interest may at any time challenge the use and application of the retainer by King & Spalding; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: _____ ___, 2005
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE