SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :   Chapter 11
                                                               :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**                    :   Case No. 05-11063
                                                               :
    Debtors.                                                   :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## MOTION FOR ADDITIONAL TIME TO FILE SCHEDULES
## AND STATEMENTS OF FINANCIAL AFFAIRS

Winn-Dixie Stores, Inc. and its debtor affiliates,[1] as debtors and debtors-in-possession

(collectively, the "Debtors"), respectfully represent:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Background

**A.     Chapter 11 Filings.**

1.     The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date").

2.     The Debtors will continue in possession of their property and will operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.     No request has been made for the appointment of a trustee or examiner, and no official committee has yet been appointed in these cases.

4.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**B.     Company Background.**

5.     The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States.  Substantially all of the Debtors' store locations are leased rather than owned.

6.     The Debtors employ nearly 79,000 associates, of whom approximately 33,000 are employed on a full-time basis and 46,000 on a part-time basis.

7. The Debtors operate in a highly competitive supermarket industry that is generally characterized by intense competition and narrow profit margins. The Debtors compete directly with national, regional, and local supermarket chains and independent supermarkets, as well as with Wal-Mart, similar supercenters, and other non-traditional grocery retailers such as dollar discount stores, drug stores, convenience stores, warehouse club stores, and conventional department stores.

**C.    Capital Structure.**

8. The Debtors' primary secured obligations arise under a Second Amended and Restated Credit Agreement dated June 29, 2004, with Wachovia Bank, N.A., as administrative agent; GMAC Commercial Finance LLC, as syndication agent; Wells Fargo Foothill, LLC, General Electric Capital Corporation, and The CIT Group/Business Credit, Inc., as co-documentation agents; Wachovia Bank, N.A., as successor by merger to Congress Financial Corporation (Florida), as collateral monitoring agent; and the several lenders from time to time party thereto (as amended, the "Credit Agreement").

9. The Debtors' maximum borrowing capacity under the Credit Agreement totals $600 million. Beginning on September 22, 2004, the Debtors failed to meet a financial test under the Credit Agreement that limited the amount available for borrowings; however, the Debtors obtained a waiver of this financial test on February 9, 2005. The waiver requires that the Debtors perfect the lenders' security interest in assets with a requisite value on or before March 31, 2005. The waiver expires on June 29, 2005.

10. The Credit Agreement provides for revolving loans and the issuance of letters of credit. It is secured by substantially all of the personal property and owned real property of the Debtors that are parties thereto. As of the Petition Date, the Debtors were liable for obligations

under the Credit Agreement in the aggregate amount of approximately $427 million. The Debtors are seeking authority to refinance their obligations under the Credit Agreement pursuant to a debtor-in-possession financing facility provided by Wachovia Bank, N.A. and other lenders.

11. Certain of the Debtors are parties to an Indenture with Wilmington Trust Company dated December 26, 2000 (as amended and supplemented, the "Indenture"). Pursuant to the Indenture, Debtor Winn-Dixie Stores, Inc. issued $300 million in principal amount of Senior Notes bearing interest at 8.875% per annum, and certain other Debtors guaranteed the Senior Notes. The Senior Notes mature in 2008 and require semi-annual interest-only payments until maturity. The Senior Notes are unsecured obligations that are *pari passu* with most of the Debtors' other unsecured obligations, which generally consist of trade debt, contract and lease obligations (including possible rejection damages), employee obligations, and litigation claims.

12. Parent company Winn-Dixie Stores, Inc. is publicly owned, and its common stock has been traded on the New York Stock Exchange since 1952 under the ticker symbol WIN. All of the other Debtors are direct and indirect subsidiaries of Winn-Dixie Stores, Inc.

**D.     Events Leading to the Debtors' Chapter 11 Cases.**

13. In January 2004, the Debtors announced a series of actions designed to improve their competitive position (the "Strategic Plan"). The Strategic Plan included (a) a review of business strategies and marketing programs, (b) an expense reduction plan designed to achieve a $100 million annual expense reduction, (c) a market positioning review through which markets will be identified as either core, and positioned for future investment and growth, or non-core, and evaluated for sale or closure, (d) an image makeover program targeting approximately 700 stores for facilities improvement, and (e) a process re-engineering initiative that is intended to enhance organizational effectiveness and company business initiatives.

14. As part of the Strategic Plan, the Debtors committed to focus on a core base of stores across 36 designated marketing areas in the United States. The Debtors decided to exit 156 stores, exit three distribution centers, sell or close four manufacturing plants, and consolidate two dairy operations. Of these facilities, the Debtors exited 135 stores, three distribution centers, and three manufacturing plants between April 2004 and the Petition Date.

15. Despite the implementation of the Strategic Plan, during the remainder of 2004, the Debtors continued to experience significant sales declines and market-share losses. The Debtors' financial performance was affected not only by operating losses but also by ongoing obligations relating to a significant number of store locations where the Debtors no longer operate. The Debtors are seeking authority to reject a substantial number of the leases relating to these stores, effective immediately.

16. In part in anticipation of the 2004 holiday season, the Debtors increased their purchasing activities in October and November. When holiday sales were lower than expected, the Debtors experienced higher-than-anticipated inventory levels and lower-than-anticipated accounts payable, resulting in increased borrowings under the Credit Agreement and reduced liquidity.

17. On February 10, 2005, the Debtors announced that during their first and second fiscal quarters ending on January 12, 2005, the Debtors incurred losses in the amount of $552.8 million, or $3.93 per share of common stock. The Debtors also announced that for their second fiscal quarter, identical-store sales declined by 4.9% as compared to the second quarter of the prior year.

18. The Debtors' financial results and decrease in liquidity, coupled with downgrades by Moody's Investor Services and Standard & Poor's Rating Services, as well as negative press

coverage, led a number of the Debtors' trade creditors to demand shorter payment terms. Since the announcement of the Debtors' financial results on February 10, 2005, the Debtors have experienced a reduction in vendor and other credit by more than $130 million. As a result, the Debtors have been forced to conclude, after consultation with their advisors, that their interests and the interests of their creditors, employees, and customers will be best served by a reorganization under Chapter 11 of the Bankruptcy Code.

19.    As part of their restructuring under Chapter 11, the Debtors, led by a chief executive officer hired in December 2004, intend to implement further asset rationalization and expense reduction plans and to utilize new sales initiatives to improve the Debtors' brand image and competitive position, with the goal of improving their operations and financial performance and strengthening their business for the benefit of creditors, customers, employees, and the communities in which the Debtors operate.

**Relief Requested**

20.    By this Motion, the Debtors respectfully request the entry of an order, pursuant to Bankruptcy Rule 1007(c), extending the time to file their schedules and statements of financial affairs until April 7, 2005.

**Basis for Relief**

21.    Due to the substantial size of the Debtors and the complexity of their operations, they believe that they will be unable to compile all the information necessary for the preparation and filing of schedules and statements of financial affairs within 15 days after the Petition Date, as required by Bankruptcy Rule 1007(c).

22.    To prepare the schedules and statements, the Debtors must gather information from books, records, and documents housed at various locations and relating to a multitude of

transactions. Consequently, collection of the necessary information requires the expenditure of substantial time and effort on the part of the Debtors' already over-burdened employees. The Debtors submit that employee efforts during the initial stages of this case are critical and should be focused on attending to the Debtors' businesses and operations to maximize the value of the Debtors' estates. The Debtors currently have several employees working diligently to assemble and collate the necessary information. The Debtors anticipate that they will need a minimum of 45 days within which to prepare and file their schedules and statements of financial affairs in the appropriate format.

23. Bankruptcy Rule 1007(c) permits extensions, for cause, of the time for filing schedules and statements. The Debtors submit that in view of their substantial size and the vast amount of information that must be assembled and compiled, ample cause exists for the requested extension.

24. Moreover, the relief requested in this Motion will not prejudice any party in interest. As required by Section 521(1) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) and (d), the Debtors have filed (i) a list setting forth the names and addresses of all of their creditors and (ii) a list setting forth the names, addresses, and claim amounts of creditors holding the 30 largest unsecured claims, excluding insiders, on a consolidated basis. Thus, the Office of the United States Trustee has the information necessary for the formation of an unsecured creditors committee.

### Notice

25. Notice of this Motion has been provided to the Office of the United States Trustee, counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, the indenture trustee for the Debtors' noteholders, and the Debtors' fifty (50) largest unsecured

creditors. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## Waiver of Memorandum of Law

26. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, the Debtors respectfully request that this Court:

(a) enter an order extending the Debtors' time to file their schedules and statements of financial affairs until April 7, 2005; and

(b) grant the Debtors such other and further relief as is just and proper.

Dated: February 21, 2005
      New York, New York

        /s/    *D. J. Baker*
        D. J. Baker (DB 0085)
        Sally McDonald Henry (SH 0839)
        Rosalie Walker Gray
        SKADDEN, ARPS, SLATE, MEAGHER
         & FLOM LLP
        Four Times Square
        New York, New York 10036
        Telephone: (212) 735-3000
        Facsimile: (917) 777-2150

        -and-

        Sarah Robinson Borders
        Brian C. Walsh
        KING & SPALDING LLP
        191 Peachtree Street
        Atlanta, Georgia 30303
        Telephone: (404) 572-4600
        Facsimile: (404) 572-5100

        PROPOSED ATTORNEYS FOR THE DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                               :
                                                    :       **Chapter 11 Case No.**
                                                    :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**         :       **Case No. 05-11063**
                                                    :
             Debtors.                               :       **(Jointly Administered)**
                                                    :
-------------------------------------------------------------x

## ORDER GRANTING DEBTORS
## ADDITIONAL TIME TO FILE SCHEDULES
## AND STATEMENTS OF FINANCIAL AFFAIRS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 521(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1007 extending the Debtors time to file schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules"), all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the

-2-

indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the time within which the Debtors are required to file the Schedules is hereby extended until April 7, 2005; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further extension of time to file their Schedules for cause shown; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February ___, 2005
      New York, New York

                                                                               UNITED STATES BANKRUPTCY JUDGE