SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

### MOTION FOR APPROVAL OF RETENTION
### AND COMPENSATION OF PROFESSIONALS
### USED IN THE ORDINARY COURSE OF BUSINESS

Winn-Dixie Stores, Inc. and its debtor affiliates,[1] as debtors and debtors-in-possession

(collectively, the "Debtors"), respectfully represent:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Background

**A.      Chapter 11 Filings.**

1.       The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date").

2.       The Debtors will continue in possession of their property and will operate and manage their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.       No request has been made for the appointment of a trustee or examiner, and no official committee has yet been appointed in these cases.

4.       This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**B.      Company Background.**

5.       The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States.  Substantially all of the Debtors' store locations are leased rather than owned.

6.      The Debtors employ nearly 79,000 associates, of whom approximately 33,000 are employed on a full-time basis and 46,000 on a part-time basis.

7.      The Debtors operate in a highly competitive supermarket industry that is generally characterized by intense competition and narrow profit margins.  The Debtors compete directly with national, regional, and local supermarket chains and independent supermarkets, as well as with Wal-Mart, similar supercenters, and other non-traditional grocery retailers such as dollar discount stores, drug stores, convenience stores, warehouse club stores, and conventional department stores.

**C.      Capital Structure.**

8.      The Debtors' primary secured obligations arise under a Second Amended and Restated Credit Agreement dated June 29, 2004, with Wachovia Bank, N.A., as administrative agent; GMAC Commercial Finance LLC, as syndication agent; Wells Fargo Foothill, LLC, General Electric Capital Corporation, and The CIT Group/Business Credit, Inc., as co-documentation agents; Wachovia Bank, N.A., as successor by merger to Congress Financial Corporation (Florida), as collateral monitoring agent; and the several lenders from time to time party thereto (as amended, the "Credit Agreement").

9.      The Debtors' maximum borrowing capacity under the Credit Agreement totals $600 million.  Beginning on September 22, 2004, the Debtors failed to meet a financial test under the Credit Agreement that limited the amount available for borrowings; however, the Debtors obtained a waiver of this financial test on February 9, 2005.  The waiver requires that the Debtors perfect the lenders' security interest in assets with a requisite value on or before March 31, 2005.  The waiver expires on June 29, 2005.

10.    The Credit Agreement provides for revolving loans and the issuance of letters of credit.  It is secured by substantially all of the personal property and owned real property of the Debtors that are parties thereto.  As of the Petition Date, the Debtors were liable for obligations under the Credit Agreement in the aggregate amount of approximately $427 million.  The Debtors are seeking authority to refinance their obligations under the Credit Agreement pursuant to a debtor-in-possession financing facility provided by Wachovia Bank, N.A. and other lenders.

11.    Certain of the Debtors are parties to an Indenture with Wilmington Trust Company dated December 26, 2000 (as amended and supplemented, the "Indenture").  Pursuant to the Indenture, Debtor Winn-Dixie Stores, Inc. issued $300 million in principal amount of Senior Notes bearing interest at 8.875% per annum, and certain other Debtors guaranteed the Senior Notes.  The Senior Notes mature in 2008 and require semi-annual interest-only payments until maturity.  The Senior Notes are unsecured obligations that are *pari passu* with most of the Debtors' other unsecured obligations, which generally consist of trade debt, contract and lease obligations (including possible rejection damages), employee obligations, and litigation claims.

12.    Parent company Winn-Dixie Stores, Inc. is publicly owned, and its common stock has been traded on the New York Stock Exchange since 1952 under the ticker symbol WIN.  All of the other Debtors are direct and indirect subsidiaries of Winn-Dixie Stores, Inc.

**D.    Events Leading to the Debtors' Chapter 11 Cases.**

13.    In January 2004, the Debtors announced a series of actions designed to improve their competitive position (the "Strategic Plan").  The Strategic Plan included (a) a review of business strategies and marketing programs, (b) an expense reduction plan designed to achieve a $100 million annual expense reduction, (c) a market positioning review through which markets

will be identified as either core, and positioned for future investment and growth, or non-core, and evaluated for sale or closure, (d) an image makeover program targeting approximately 700 stores for facilities improvement, and (e) a process re-engineering initiative that is intended to enhance organizational effectiveness and company business initiatives.

14.     As part of the Strategic Plan, the Debtors committed to focus on a core base of stores across 36 designated marketing areas in the United States.  The Debtors decided to exit 156 stores, exit three distribution centers, sell or close four manufacturing plants, and consolidate two dairy operations.  Of these facilities, the Debtors exited 135 stores, three distribution centers, and three manufacturing plants between April 2004 and the Petition Date.

15.     Despite the implementation of the Strategic Plan, during the remainder of 2004, the Debtors continued to experience significant sales declines and market-share losses.  The Debtors' financial performance was affected not only by operating losses but also by ongoing obligations relating to a significant number of store locations where the Debtors no longer operate.  The Debtors are seeking authority to reject a substantial number of the leases relating to these stores, effective immediately.

16.     In part in anticipation of the 2004 holiday season, the Debtors increased their purchasing activities in October and November.  When holiday sales were lower than expected, the Debtors experienced higher-than-anticipated inventory levels and lower-than-anticipated accounts payable, resulting in increased borrowings under the Credit Agreement and reduced liquidity.

17.     On February 10, 2005, the Debtors announced that during their first and second fiscal quarters ending on January 12, 2005, the Debtors incurred losses in the amount of $552.8

million, or $3.93 per share of common stock.  The Debtors also announced that for their second fiscal quarter, identical-store sales declined by 4.9% as compared to the second quarter of the prior year.

18.    The Debtors' financial results and decrease in liquidity, coupled with downgrades by Moody's Investor Services and Standard & Poor's Rating Services, as well as negative press coverage, led a number of the Debtors' trade creditors to demand shorter payment terms.  Since the announcement of the Debtors' financial results on February 10, 2005, the Debtors have experienced a reduction in vendor and other credit by more than $130 million.  As a result, the Debtors have been forced to conclude, after consultation with their advisors, that their interests and the interests of their creditors, employees, and customers will be best served by a reorganization under Chapter 11 of the Bankruptcy Code.

19.    As part of their restructuring under Chapter 11, the Debtors, led by a chief executive officer hired in December 2004, intend to implement further asset rationalization and expense reduction plans and to utilize new sales initiatives to improve the Debtors' brand image and competitive position, with the goal of improving their operations and financial performance and strengthening their business for the benefit of creditors, customers, employees, and the communities in which the Debtors operate.

<u>**Relief Requested**</u>

20.    By this Motion, the Debtors respectfully request the entry of an order, pursuant to Sections 105(a), 327, 328, 330, and 363 of the Bankruptcy Code, authorizing them to retain and compensate professionals used by the Debtors in the ordinary course of business as of the

Petition Date and thereafter (collectively, the "Ordinary Course Professionals"), subject to certain disclosure requirements and monthly expenditure limitations as described below.

**Basis for Relief**

21.     The Debtors desire to continue to employ the Ordinary Course Professionals to render services to their estates similar to those services they provided prior to the Petition Date. The Ordinary Course Professionals employed by the Debtors as of the Petition Date include the professionals listed on the attached Exhibit A.  As discussed more fully below, the Debtors reserve the right to supplement this list in the future.  The services provided by the Ordinary Course Professionals include:  (a) tax preparation and other tax advice; (b) legal services with regard to (i) routine litigation, (ii) collection matters, (iii) shareholder and regulatory matters, (iv) acquisitions, divestitures, and other corporate matters, and (v) real estate issues; and (c) other relatively minor matters, such as actuarial matters, appraisals, and real estate brokerage services requiring the expertise and assistance of professionals.

22.     Prior to the Petition Date, the Debtors used the Ordinary Course Professionals to provide professional services required on a day-to-day basis to manage the Debtors' affairs.  The Debtors submit that, in light of the costs associated with the preparation of employment applications for professionals who will receive relatively small fees, it would be impractical, inefficient, and unnecessarily costly for the Debtors to submit individual applications and proposed retention orders for each professional.  In addition, there would be a significant risk that some Ordinary Course Professionals would be unwilling to provide services to the Debtors if required to prepare employment and fee applications, and that others would suspend services to the Debtors pending a specific order authorizing their services.  Accordingly, the Debtors request

that this Court dispense with the requirement of individual employment applications, retention orders, and fee applications (subject to the limitations described below) with respect to each Ordinary Course Professional, and that the Debtors be permitted to employ the Ordinary Course Professionals from time to time as their services are needed.

23.    Although the Debtors believe that many of the Ordinary Course Professionals are not "professional persons" as contemplated by Section 327 of the Bankruptcy Code and, thus, that no retention or payment authorization is necessary, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals.

**A.    Proposed Retention Procedure.**

24.    The Debtors propose that they be permitted to continue to employ and retain all Ordinary Course Professionals.  However, each Ordinary Course Professional will be required to provide to the Debtors' counsel within thirty (30) days of the later of (i) the entry of the order granting this Motion, and (ii) the date of engagement of such professional by the Debtors, a completed retention questionnaire (the "Questionnaire") substantially in the form attached hereto as Exhibit B.  The Debtors' counsel will file each Questionnaire with the Court and serve it upon the United States Trustee, counsel to any official committee appointed in these cases (the "Committee"), and counsel to the Debtors' proposed post-petition secured lenders (the "DIP Lender").

25.    The Debtors further request that upon service of the required Questionnaire, the United States Trustee, the Committee, and the DIP Lender have twenty (20) days (the "Objection Deadline") to object to the retention of the Ordinary Course Professional in question.  Any such

objection must be filed with the Court and served upon (a) the Ordinary Course Professional, (b) the United States Trustee, (c) counsel to the Committee, (d) counsel to the DIP Lender, and (e) counsel to the Debtors, on or before the Objection Deadline.  If any such objection cannot be resolved and withdrawn within twenty (20) days after service, the matter will be scheduled for hearing before the Court on the next regularly-scheduled hearing date or other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is received by the Objection Deadline, or if an objection is withdrawn, the Debtors will be authorized to retain the Ordinary Course Professional as a final matter without further order of the Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

26.     The Debtors request that they be authorized to employ and retain additional Ordinary Course Professionals, not currently listed on Exhibit A, as future circumstances require (the "Additional Ordinary Course Professionals"), without the need to file individual retention applications or provide further hearing or notice to any party, by filing with the Court a supplement to Exhibit A (the "Supplement") and serving a copy of the Supplement upon the United States Trustee, counsel to the Committee, and counsel to the DIP Lender.

27.     The Debtors propose that, as with the Ordinary Course Professionals, each Additional Ordinary Course Professional be required to provide a completed Questionnaire to the Debtors' counsel within thirty (30) days after the filing of the Supplement.  The United States Trustee, the Committee, and the DIP Lender then would be given twenty (20) days after the Debtors' service of the required Questionnaire to object to the retention of the Additional Ordinary Course Professional in question.  Any objection would be handled as set forth above. If no objection is submitted, or the objection is withdrawn, the Debtors would be authorized to

retain the Additional Ordinary Course Professional as a final matter without further order, *nunc pro tunc* to the Petition Date or, if later, the date of engagement.

**B.      Proposed Payment Procedures.**

28.      The Debtors seek authority to pay, without formal application to and order from the Court, the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the post-petition services rendered and expenses incurred.  The Debtors, however, recognize that bills exceeding certain dollar amounts should be subject to the approval procedures otherwise applicable to Chapter 11 professionals.

29.      The Debtors propose that they be permitted to pay, without formal application to the Court by any Ordinary Course Professional, fees and expenses not exceeding a total of $30,000 in any one month, or $500,000 for the duration of these Chapter 11 cases, for each Ordinary Course Professional, subject to a possible increase for certain Ordinary Course Professionals as provided below.

30.      With the exception provided below, payments to a particular Ordinary Course Professional would become subject to court approval pursuant to an application for allowance of fees and expenses under Sections 330 and 331 of the Bankruptcy Code, pursuant to the same procedures that are established for Chapter 11 Professionals, <u>only</u> if such payments exceed $30,000 for any one month or $500,000 for the duration of these Chapter 11 cases.

31.      The Debtors propose to except from such monthly limitations any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtors' behalf.  In other words, the limitations would apply only to direct disbursements by the Debtors.

32.     As to certain Ordinary Course Professionals, the Debtors believe that it may be appropriate to allow a monthly cap in excess of the standard $30,000.  The Debtors propose that they be permitted to seek the agreement of the United States Trustee, the Committee, and the DIP Lender to a higher cap, not exceeding $40,000 in any one month, for any Ordinary Course Professional whose invoices will exceed $30,000 per month but who should not otherwise be required to follow the payment procedures applicable to Chapter 11 Professionals.  If the Debtors are able to obtain the agreement of the United States Trustee, the Committee, and the DIP Lender to a higher cap for any Ordinary Course Professional, the agreement would be evidenced by the filing of a notice of the increased cap amount, and the increased cap amount would be deemed approved upon the filing of such notice, without further action by this Court.  In the absence of an agreement, the $30,000 monthly cap would be enforced.

**C.      Quarterly Statements of Payments.**

33.     The Debtors propose that approximately twenty (20) days after the conclusion of every fiscal quarter, the Debtors will file a statement with the Court, and serve the same on the United States Trustee, counsel to the DIP Lender, and counsel to the Committee, certifying the Debtors' compliance with the terms of the relief requested herein, which statement will include for each Ordinary Course Professional paid during the prior fiscal quarter:  (i) the name of the Ordinary Course Professional, and (ii) the aggregate amounts paid as compensation for services rendered and for reimbursement of expenses incurred by such Ordinary Course Professional during such fiscal quarter.

34.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors with respect to pre-petition services rendered to the Debtors, to the best of

the Debtors' knowledge, the Debtors do not believe that any of the Ordinary Course

Professionals has an interest materially adverse to the Debtors, their creditors, or other parties in

interest as to the matters for which it is to be engaged, and thus none would be retained who do

not meet, if applicable, the retention requirement of Section 327(e) of the Bankruptcy Code.

Moreover, the employment of ordinary course professionals is contemplated by Bankruptcy

Code Section 363 as an ordinary use of estate assets.

35.     The proposed ordinary course retention and payment procedures set forth herein

will not apply to those professionals for whom the Debtors have filed separate applications for

approval of employment.

36.     The Debtors desire to continue to employ the Ordinary Course Professionals to

render services to their estates similar to those services rendered prior to the Petition Date.  It is

essential that the employment of the Ordinary Course Professionals, who are already familiar

with the Debtors' affairs, be continued on an ongoing basis to enable the Debtors to conduct,

without disruption, their ordinary business affairs.  The relief requested will save the Debtors the

expense of separately applying for the employment of each professional.  Furthermore, relieving

the Ordinary Course Professionals of the requirement of preparing and prosecuting fee

applications will save the estate additional professional fees and expenses and encourage the

Ordinary Course Professionals to continue their relationships with the Debtors.  Likewise, the

procedure outlined above will spare the Court and the United States Trustee from having to

consider numerous fee applications involving relatively modest amounts of fees and expenses.

37.     Relief similar to that requested herein has been granted by courts in other

substantial Chapter 11 cases.  See, e.g., In re FiberMark, Inc., Case No. 04-10463 (Bankr. D. Vt.

April 27, 2004); In re WorldCom, Inc., Case No. 02-13533 (Bankr. S.D.N.Y. Sept. 4, 2002); In re Kmart Corp., Case No. 02-02474 (Bankr. N.D. Ill. Jan. 25, 2002); In re Pathmark Stores, Inc., Case No. 00-2963 (Bankr. D. Del. July 20, 2000); In re The Grand Union Co., Case No. 00-39613 (Bankr. D.N.J. Oct. 3, 2000). The Debtors submit that the proposed employment of the Ordinary Course Professionals and the payment of compensation on the basis set forth above are in the best interests of the Debtors' estates and their creditors.

### Notice

38.     Notice of this Motion has been provided to the Office of the United States Trustee, counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, the indenture trustee for the Debtors' noteholders, and the Debtors' fifty (50) largest unsecured creditors. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

### Waiver of Memorandum of Law

39.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, the Debtors respectfully request that this Court:

(a)     enter an order approving the retention and compensation of professionals used in the ordinary course of business; and

(b)     grant the Debtors such other and further relief as is just and proper.

Dated:  February 21, 2005
        New York, New York

/s/      D. J. Baker
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:   (917) 777-2150

-and-

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

PROPOSED ATTORNEYS FOR THE DEBTORS

## Exhibit A

### ORDINARY COURSE PROFESSIONALS

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| A. Brian Phillips, P.A.<br>111 N. Orange Avenue<br>Suite 1030<br>Orlando, Florida  32801 | Non-bankruptcy legal counsel |
| Adams & Adams<br>5th Floor, Concord Bldg.<br>66 West Flagler St.<br>Miami, FL  33130 | Non-bankruptcy legal counsel |
| Adorno & Yoss, P. A.<br>2525 Ponce de Leon Blvd., Suite 400<br>Coral Gables, FL  33134 | Non-bankruptcy legal counsel |
| Adorno & Yoss, P.A.<br>888 S.E. 3rd Avenue<br>Ft. Lauderdale, FL  33316 | Non-bankruptcy legal counsel |
| AIB International<br>1213 Bakers Way<br>P. O. Box 3999<br>Manhatttan, KS  66505-3999 | Food safety auditing |
| Akerman & Senterfitt P.A.<br>255 South Orange Avenue<br>Citrus Center<br>Orlando, Florida  32802 | Non-bankruptcy legal counsel |
| Akerman, Senterfitt & Eidson, P.A.<br>350 East Las Olas Boulevard<br>Suite 1600<br>Fort Lauderdale, Florida  33301 | Non-bankruptcy legal counsel |
| Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street<br>Suite 2750<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Akerman, Senterfitt & Eidson, P.A.<br>Sun Trust International<br>Center One<br>Miami, Florida  33131 | Non-bankruptcy legal counsel |
| Allen, Norton & Blue, P.A.<br>121 Majorca Ave.<br>Miami, Florida  33134 | Non-bankruptcy legal counsel |
| Armstrong Allen, PLLC<br>Brinkley Plaza<br>80 Monroe Avenue<br>Memphis, Tennessee  38103 | Non-bankruptcy legal counsel |
| Arnall Golden & Gregory, LLP<br>2800 One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia  30309 | Non-bankruptcy legal counsel |
| Arrick, Peacock, Hodges & Wiener<br>Two Datran Center, Suite 1500<br>9130 S. Dadeland Blvd.<br>Miami, FL  33156 | Non-bankruptcy legal counsel |
| Ashe, Rafuse & Hill, LLP<br>1355 Peachtree St. NE<br>Suite 500<br>Atlanta, Georgia  30309 | Non-bankruptcy legal counsel |
| Baker & Hostetler<br>SunBank  Center<br>200 South Orange Avenue<br>Orlando, Florida  32801 | Non-bankruptcy legal counsel |
| Baker & McKenzie<br>P.O. Box 60309<br>660 Hansen Way<br>Palo Alto, California  94304 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Baker, Donelson, Bearman, Caldwell & Berkowitz<br>South Trust Tower<br>420 N. Twentieth Street<br>Birmingham, Alabama  35203 | Non-bankruptcy legal counsel |
| Baker, Ravenel & Bender, LLP<br>1730 Main Street  29201<br>P. O. Box 8057<br>Columbia, SC  29202 | Non-bankruptcy legal counsel |
| Barron, Redding, Hughes, Fite, Fensom, et al<br>P.O. Box 2467<br>Panama City, Florida  32402 | Non-bankruptcy legal counsel |
| Beasley & Holden<br>435 Court Street<br>Reno, Nevada  89501 | Non-bankruptcy legal counsel |
| Bedell, Ditmar, DeVault, Pillans & Coxe<br>101 E. Adams Street<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |
| Beers, Anderson, Jackson & Smith, P.C.<br>250 Commerce Street<br>Suite 100<br>Montgomery, Alabama  36104 | Non-bankruptcy legal counsel |
| Bilzin, Sumberg, Dunn, Baena, el al.<br>First Union Financial Center<br>200 South Biscayne Blvd.<br>Miami, Florida  33131 | Non-bankruptcy legal counsel |
| Breaud & Lemoine, PLC<br>600 Jefferson Street (P. O. Box 3448)<br>Lafayette, LA  70502 | Non-bankruptcy legal counsel |
| Brigham, Moore, Gaylord, Schuster, et al.<br>2963 Dupont Ave.<br>Suite 3<br>Jacksonville, Florida  32217 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Brunini Grantham Grower & Hewes, PLLC<br>1400 Trustmark Building<br>248 East Capitol Street<br>Jackson, Mississippi  39205 | Non-bankruptcy legal counsel |
| Bussey, White, McDonough & Freeman, P. A.<br>105 E. Robinson Street, 4th Floor<br>Orlando, FL  32801 | Non-bankruptcy legal counsel |
| Cabaniss, Johnston, Gardner, Dumas, et al.<br>Park Place Tower<br>2001 Park Place North<br>Birmingham, Alabama  35203 | Non-bankruptcy legal counsel |
| Cameron, Hodges, Coleman, Hodges & Wright<br>P. O. Box 5549<br>Ocala,, FL  34478 | Non-bankruptcy legal counsel |
| Camner, Lipsitz & Poller, P.A.<br>550 Biltmore Way<br>Suite 700<br>Miami, Florida  33134 | Non-bankruptcy legal counsel |
| Cantey & Hanger, L.L.P.<br>2100 Burnett Plaza<br>801 Cherry Street<br>Fort Worth, Texas  76102 | Non-bankruptcy legal counsel |
| Capell & Howard - Montgomery<br>150 South Perry Street<br>Montgomery, Alabama  36104 | Non-bankruptcy legal counsel |
| Carlock, Copeland, Semler & Stair, LLP<br>1214 First Avenue, Suite 400<br>Columbus, GA  31902 | Non-bankruptcy legal counsel |
| Carlock, Copeland, Semler & Stair, LLP<br>285 Peachtree Cener Avenue, Suite 2600<br>Atlanta, GA  30303 | Non-bankruptcy legal counsel |

| Ordinary Course Professional | Services Provided |
|---|---|
| Carlton Fields<br>100 S.E. Second St, Ste 4000<br>Miami, Florida 33131 | Non-bankruptcy legal counsel |
| Carlton, Fields, Ward, Emmanuel, et al.<br>One Harbour Place<br>777 S. Harbour Island Blvd.<br>Tampa, Florida 33602 | Non-bankruptcy legal counsel |
| Carman, Beauchamp & Sang, P. A.<br>1936 Lee Road, Suite 250<br>Winter Park, FL 32789 | Non-bankruptcy legal counsel |
| Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C.<br>100 Vestavia Parkway, Suite 200<br>Birmingham,, AL 35216 | Non-bankruptcy legal counsel |
| Caskie & Frost<br>P. O. Box 6360<br>Lynchburg, VA 24505 | Non-bankruptcy legal counsel |
| Chambless, Higdon, Richardson, Katz & Griggs, LLP<br>P.O. Box 246<br>Macon, GA 31202 | Non-bankruptcy legal counsel |
| Christovich & Kearney<br>601 Poydras Street, Suite 2300<br>New Orleans, LA 70130-6078 | Non-bankruptcy legal counsel |
| Clark Partington Hart Larry Bong & Stackhouse<br>One Pensacola Plaza<br>Suite 800<br>Pensacola, Florida 32501 | Non-bankruptcy legal counsel |
| Clarke Silverglate Campbell Williams &<br>Montgomery<br>799 Brickell Plaza<br>Suite 900<br>Miami, Florida 33131 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Clyatt, Clyatt & Golden<br>410 North Valdosta Rd.<br>Valdosta, GA  31603 | Non-bankruptcy legal counsel |
| Coffman, Coleman, Andrews, et al.<br>800 West Monroe Street<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |
| Cogburn Cogburn Goosmann & Brazil<br>P. O. Box 7436<br>Ashville, NC  28801 | Non-bankruptcy legal counsel |
| Coia & Sutton<br>Biscayne Centre<br>11900 Biscayne Blvd., Penthouse Suite 808<br>Miami, FL  33181 | Non-bankruptcy legal counsel |
| Cole, Stone, Stoudemire & Morgan<br>201 N. Hogan Street, Suite 200<br>Jacksonville, FL  32202 | Non-bankruptcy legal counsel |
| Collier, Shannon & Scott, PLLC<br>3050 K Street, N.W.<br>Suite 400<br>Washington, DC  20007 | Non-bankruptcy legal counsel |
| Constangy, Brooks & Smith, LLC<br>Billing Department<br>P.O. Box 102476<br>Atlanta, Georgia  30303 | Non-bankruptcy legal counsel |
| Crawford & Lewis<br>1600 Bank One Centre-North Tower<br>450 Laura Street<br>Baton Rouge, LA  70801 | Non-bankruptcy legal counsel |
| Dinsmore & Shohl, LLP<br>1400 PNC Plaza<br>500 West Jefferson Street<br>Louisville, Kentucky  40202 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Doumar, Allsworth, et al.<br>1177 Southeast Third Ave.<br>Fort Lauderdale, Florida 33316 | Non-bankruptcy legal counsel |
| Dubois & Cruickshank<br>2060 Delta Way<br>P. O. Drawer 1509<br>Tallahassee, FL 32302 | Non-bankruptcy legal counsel |
| Ellis, Lawhorne & Sims<br>1501 Main Street, 5th Floor<br>Columbia, SC 29202 | Non-bankruptcy legal counsel |
| Epstein Becker & Green, P.C.<br>945 East Paces Ferry Road<br>Suite 2700<br>Atlanta, Georgia 30326 | Non-bankruptcy legal counsel |
| Epstein Becker & Green, P.C.<br>201 S. Biscayne Blvd, 10th Flr<br>Miami, Florida 33131 | Non-bankruptcy legal counsel |
| Eraclides, Johns, Hall, Gelman, Eikner &<br>Johannessen, LLP<br>4811 Atlantic Blvd.<br>Jacksonville, FL 32207 | Non-bankruptcy legal counsel |
| Fain, Major, Wiley & Brennan, P.C.<br>100 Glenridge Point Parkway<br>Suite 500<br>Atlanta, Georgia 30342 | Non-bankruptcy legal counsel |
| Foley & Lardner LLP<br>One Independent Drive<br>Suite 1300<br>Jacksonville, Florida 32202 | Non-bankruptcy legal counsel |
| Forman, Perry, Watkins, Krutz & Tardy<br>Twelfth Floor<br>One Jackson Place<br>Jackson, Mississippi 39225 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Fowler White Boggs Banker<br>501 1st Avenue North, Suite 900,<br>P. O. Box 210<br>St. Petersburg, FL  33701 | Non-bankruptcy legal counsel |
| Fowler White Boggs Banker<br>501 East Kennedy Blvd., Suite 1700<br>P. O. Box 1438 (33601)<br>Tampa, FL  33602 | Non-bankruptcy legal counsel |
| Fowler White Boggs Banker<br>5811 Pelican Bay Blvd., Suite 600<br>Naples, FL  34108 | Non-bankruptcy legal counsel |
| Fowler White Boggs Banker<br>P. O. Box 1567<br>Ft. Myers, FL  33902 | Non-bankruptcy legal counsel |
| Franke, Rainey & Salloum<br>2605 14th St.<br>Gulfport, Mississippi  39501 | Non-bankruptcy legal counsel |
| Frazer Hubbard Brandt Trask & Yacavone, LLP<br>595 Main Street<br>Dunedin, FL  34698 | Non-bankruptcy legal counsel |
| Gaines, Gaines, & Rasco, P.C.<br>127 North Street<br>Talladega, Alabama  35160 | Non-bankruptcy legal counsel |
| Gaunt, Pratt, Radford & Methe<br>Horizons Bldg., Suite 500<br>1401 Forum Way<br>West Palm Beach, FL  33401 | Non-bankruptcy legal counsel |
| George, Hartz, Lundeen, Fulmer, Johnstone, King &<br>Stevens<br>2866 East Oakland Park Blvd.<br>Ft. Lauderdale, FL  33306 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Gibbes, Gallivan, White & Boyd<br>One Liberty Square, 55 Beattie Place, Suite 1200<br>P. O. Box 10589  (29603)<br>Greenville, SC  29601 | Non-bankruptcy legal counsel |
| Gonzalez, Saggio & Harlan, L.L.P.<br>Carew Tower<br>441 Vine Street<br>Cincinnati, Ohio  45202 | Non-bankruptcy legal counsel |
| Gonzalez, Saggio & Harlan, L.L.P.<br>225 East Michigan<br>4th Floor<br>Milwaukee, Wisconsin  53202 | Non-bankruptcy legal counsel |
| Goodwin Raup, PC<br>3030 North Third Street<br>Suite 1300<br>Phoenix, Arizona  85012 | Non-bankruptcy legal counsel |
| Gray Robinson<br>301 E. Pine Street<br>Suite 1400<br>Orlando, Florida  32801 | Non-bankruptcy legal counsel |
| Grimball & Cabaniss<br>473 Savannah Highway<br>P.O. Box 816<br>Charleston, South Carolina  29407 | Non-bankruptcy legal counsel |
| Hagood & Kerr, PA<br>400 Hibben Street<br>Suite 200<br>Mount Pleasant, South Carolina  29464 | Non-bankruptcy legal counsel |
| Hall, Rodgers, Millikan & Croom, PLLC<br>1225 Crescent Green, Suite 100<br>Cary, NC  27511 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Harris & Harris<br>5300 Bee Cave Road, Bldg. III, Suite 200<br>P. O. Box 26534 (78731)<br>Austin, TX  78746 | Non-bankruptcy legal counsel |
| Hassell, Moorhead & Carroll<br>149 S. Ridgewood Ave., Ste. 301<br>P.O. Box 2229<br>Daytona Beach, FL  32115 | Non-bankruptcy legal counsel |
| Haynesworth, Sinkler & Boyd<br>P. O. Box 2048<br>Greenville, SC  29602 | Non-bankruptcy legal counsel |
| Haynesworth, Sinkler & Boyd<br>P. O. Box 340<br>Charleston, SC  29402 | Non-bankruptcy legal counsel |
| Hill, Hill, Carter, Franco, Cole & Black, P.C.<br>425 South Perry Street<br>Montgomery, Alabama  36104 | Non-bankruptcy legal counsel |
| Holland & Knight<br>P.O. Box 32092<br>Lakeland, Florida  33802 | Non-bankruptcy legal counsel |
| Holloway, Dobson & Bachman, Inc.<br>211 N. Robinson<br>Suite 900<br>Oklahoma City, Oklahoma  73102 | Non-bankruptcy legal counsel |
| Holt Ney Zatcoff & Wasserman, LLP<br>100 Galleria Pkwy, Ste 600<br>Atlanta, Georgia  30339 | Non-bankruptcy legal counsel |
| Hornbeck, Krahl, Vitalie & Braun<br>3711 N. Classen<br>Oklahoma City, OK  73118 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Howrey, Simon, Arnold & White<br>550 South Hope Street<br>Suite 1400<br>Los Angeles, California  90071 | Non-bankruptcy legal counsel |
| Howrey, Simon, Arnold & White<br>1299 Pennsylvania Ave NW<br>Washington, DC  20004 | Non-bankruptcy legal counsel |
| Hurley, Rogner, Miller, Cox, Waranch &<br>Westcott,PA<br>1560 Orange Ave., Suite 500<br>Winter Park, FL  32789 | Non-bankruptcy legal counsel |
| J. Gordon Rothwell, P. A.<br>560 First Ave., N.<br>St. Petersburg, FL  33701 | Non-bankruptcy legal counsel |
| Johnson, Smith, Hibbard & Wildman Law Firm<br>220 North Church Street<br>Spartanburg, South Carolina  29306 | Non-bankruptcy legal counsel |
| Jones, Walker, Waetcher, Poitevent, et al.<br>Place St. Charles<br>201 St. Charles Avenue<br>New Orleans, Louisiana  70170 | Non-bankruptcy legal counsel |
| Katz, Kutter, Haigler, Alderman et al<br>106 E. College Avenue<br>12th Floor<br>Tallahassee, Florida  32301 | Non-bankruptcy legal counsel |
| Kaufman Dickstein & Grunspan, P.A.<br>200 S. Biscayme Blvd, Ste 4650<br>Miami, Florida  33131 | Non-bankruptcy legal counsel |
| Kelley, Kronenberg, Gilmartin, Fichtel & Wander,<br>PA<br>2655 Lejeune Road<br>Penthouse1, Suite C<br>Coral Gables, FL  33134 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Kiesewetter Wise Kaplan Schwimmer & Prather, PLC<br>3725 Champion Hills Drive<br>Suite 3000<br>Memphis, Tennessee  38125 | Non-bankruptcy legal counsel |
| Kilpatrick Stockton, L.L.P.<br>1400 First Union Bank Bldg.<br>P.O. Box 2043<br>Augusta, Georgia  30903 | Non-bankruptcy legal counsel |
| Kilpatrick Stockton, L.L.P.<br>P.O. Box 945614<br>1100 Peachtree Street<br>Atlanta, Georgia  30392 | Non-bankruptcy legal counsel |
| Korge & Korge<br>230 Palermo Avenue<br>Miami, Florida  33134 | Non-bankruptcy legal counsel |
| Kritzer & Levick, P.C.<br>6400 Powers Ferry Road<br>Suite 224<br>Atlanta, Georgia  30339 | Non-bankruptcy legal counsel |
| Landrum & Shouse<br>106 West Vine Street<br>P.O. Box 951<br>Lexingon, KY  40588-0951 | Non-bankruptcy legal counsel |
| Landry & Lavelle<br>3822 Elysian Field Ave.<br>New Orleans, LA  70122 | Non-bankruptcy legal counsel |
| Lane, Alton & Horst, LLC<br>175 South Third Street<br>Columbus, OH  43215-5100 | Non-bankruptcy legal counsel |
| Langston, Hess, Bolton, Znosko & Shepard, P.A.<br>Bank of America Bldg.<br>2400 1st Street, Suite 212<br>Ft. Myers, FL  33901 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Langston, Hess, Bolton, Znosko & Shepard, P.A.<br>P. O. Box 945050<br>111 South Maitland Ave.<br>Maitland, FL  32794 | Non-bankruptcy legal counsel |
| Latham & Watkins<br>1001 Pennsylvania Ave, N.W.<br>Suite 1300<br>Washington, DC  20004 | Non-bankruptcy legal counsel |
| Law Office of Geoffrey D. Swindler<br>711 N. Lincoln Street<br>Spokane, Washington  99201 | Non-bankruptcy legal counsel |
| Law Office of Steven E. Scheer<br>P. O. Box 11047<br>Savannah, GA  31412 | Non-bankruptcy legal counsel |
| Law Offices of Rick J. Bearfield<br>Wesley Plaza<br>Suite 1<br>Johnson City, Tennessee  37602 | Non-bankruptcy legal counsel |
| Law Tech, L.L.C.<br>220 East Forsyth Street<br>South Suite<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |
| Leatherwood, Walker, Todd & Mann, P.C.<br>P.O. Box 87<br>Greenville, South Carolina  29602 | Non-bankruptcy legal counsel |
| Leatherwood, Walker, Todd & Mann, P.C.<br> 1451 East Main Street<br>Spartanburg, South Carolina  29304 | Non-bankruptcy legal counsel |
| LeBoeuf, Lamb, Greene & MacRae<br>50 North Laura Street<br>Suite 2800<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| LeClair Ryan<br>707 East Main Street<br>Eleventh Floor<br>Richmond, Virginia  23219 | Non-bankruptcy legal counsel |
| Lee & McInish, PC<br>P.O. Box 1665<br>238 West Main Street<br>Dothan, Alabama  36302 | Non-bankruptcy legal counsel |
| Lehr, Middlebrooks, Price & Vreeland, P.C.<br>2021 3rd Ave North<br>Birmingham, Alabama  35203 | Non-bankruptcy legal counsel |
| Leitner, Williams, Dooley & Napolitan<br>Pioneer Bldg., Third Floor<br>Chattanooga, TN  37402-2612 | Non-bankruptcy legal counsel |
| Liles, Gavin, Costantino & Murphy<br>225 Water Street, Ste 1500<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |
| Litvak & Beasley, LLP<br>SunTrust Tower, Suite 205<br>220 West Garden Street<br>Pensacola, Florida  32591 | Non-bankruptcy legal counsel |
| Locke Liddell & Sapp LLP<br>2200 Ross Avenue<br>Suite 2200<br>Dallas, Texas  75201 | Non-bankruptcy legal counsel |
| Long, Aldridge & Norman<br>303 PeachTree Street<br>Suite 5300<br>Atlanta, Georgia  30308 | Non-bankruptcy legal counsel |
| Lyons, Pipes & Cook<br>2 North Royal Street<br>Mobile, Alabama  36602 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Marlow, Connell, Valerius, Abrams, Adler & Newman<br>One East Broward Blvd., Suite 905<br>Ft. Lauderdale, FL  33301 | Non-bankruptcy legal counsel |
| Marlow, Connell, Valerius, Abrams, Adler, Newman & Lewis<br>4000 Ponce de Leon Blvd., Suite 570<br>Coral Gables, FL  33146 | Non-bankruptcy legal counsel |
| Marshall, Dennehey, Warner, Coleman & Goggin<br>13 East Bay Street<br>Jacksonville, FL  32202 | Non-bankruptcy legal counsel |
| McAfee & Taft<br>2 Leadership Square<br>Tenth Floor<br>Oklahoma City, Oklahoma  73102 | Non-bankruptcy legal counsel |
| McAngus, Goudelock & Courie, PLLC<br>P. O. Box 30307<br>Charlotte, NC  28230 | Non-bankruptcy legal counsel |
| McCalla, Thompson, Pyburn, et al.<br>Poydras Center<br>650 Poydras Street<br>New Orleans, Louisiana  70130 | Non-bankruptcy legal counsel |
| McConnaughhay, Duffy, Coonrad & Pope<br>3220 S.W. 33rd Road<br>Ocala, FL  34474 | Non-bankruptcy legal counsel |
| McConnaughhay, Duffy, Coonrad & Pope<br>P. O. Drawer 229<br>Tallahassee, FL  32302 | Non-bankruptcy legal counsel |
| McGlinchey Stafford<br>643 Magazine Street<br>New Orleans, Louisiana  70130 | Non-bankruptcy legal counsel |

| Ordinary Course Professional | Services Provided |
|---|---|
| McGuire Woods, LLP<br>Bank of America Plaza<br>101 South Tryon Street<br>Charlotte, North Carolina  28280 | Non-bankruptcy legal counsel |
| McGuire Woods, LLP<br>Court Square Building<br>310 Fourth Street N.E.<br>Charlottesville, Virginia  22902 | Non-bankruptcy legal counsel |
| McGuire Woods, LLP<br>50 North Laura Street<br>Suite 3300<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |
| Middleton & Reutlinger<br>2500 Brown & Williamson Tower<br>Louisville, KY  40202 | Non-bankruptcy legal counsel |
| Miller & Martin, PLLC<br>832 Georgia Ave., Ste 1000<br>Chattanooga, Tennessee  37402 | Non-bankruptcy legal counsel |
| Minno Law Firm<br>2062 Thomasville Road<br>Tallahassee, FL  32308 | Non-bankruptcy legal counsel |
| Morford & Whitefield, P.A.<br>4040 Woodcock Drive<br>Suite 202<br>Jacksonville, Florida  32207 | Non-bankruptcy legal counsel |
| National Registry of Food Safety Professionals<br>P. O. Box 850001<br>Orlando, FL  32885-0341 | Risk management/safety |
| Nelson Mullins Riley & Scarborough, L.L.P.<br>151 Meeting Street<br>Liberty Building, Suite 500<br>Charleston, South Carolina  29401 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
|---|---|
| Nelson Mullins Riley & Scarborough, L.L.P.<br>1320 Main Street, 17th Floor<br>P.O. Box 11070<br>Columbia, South Carolina  29201 | Non-bankruptcy legal counsel |
| Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P.<br>600 Peachtree Street<br>N.E. Suite 2100<br>Atlanta, Georgia  30308 | Non-bankruptcy legal counsel |
| Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P.<br>1501 Main Street<br>Suite 600<br>Columbia, South Carolina  29201 | Non-bankruptcy legal counsel |
| Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P.<br>300 North Main Street<br>Greenville, South Carolina  29602 | Non-bankruptcy legal counsel |
| Ogletree, Deakins, Nash, Smoak & Stewart, L.L.P.<br>2301 Sugar Bush Road<br>Suite 501 (27612)<br>Raleigh, North Carolina  27622 | Non-bankruptcy legal counsel |
| Oliver, Maner & Gray<br>218 State Street, West<br>Savannah, GA  31412 | Non-bankruptcy legal counsel |
| Olsson, Frank and Weeda, P.C.<br>1400 Sixteenth Street, N.W.<br>Suite 400<br>Washington, DC  20036 | Non-bankruptcy legal counsel |
| Ostendorf, Tate, Barnett & Wells, LLP<br>650 Poydras Street, Suite 1460<br>New Orleans, LA  70130 | Non-bankruptcy legal counsel |
| Parker, Poe, Adams & Bernstein L.L.P.<br>401 S Tryon Street<br>Suite 3000<br>Charlotte, North Carolina  28202 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Parker, Poe, Adams & Bernstein L.L.P.<br>First Union Capitol Center<br>150 Fayetteville Street Mall<br>Raleigh, North Carolina  27602 | Non-bankruptcy legal counsel |
| Paul, Hastings, Janofsky & Walker LLP<br>515 South Flower Street<br>Twenty-Fifth Floor<br>Los Angeles, California  90071 | Non-bankruptcy legal counsel |
| Poyner & Spruill, LLP<br>3600 Glenwood Avenue<br>Raleigh, NC  27612 | Non-bankruptcy legal counsel |
| Poyner & Spruill, LLP<br>One Wachovia Center<br>201 South College Street, Suite 2300<br>Charlotte, NC  28202-6021 | Non-bankruptcy legal counsel |
| PPM Consultants<br>2630 Queenstown Road<br>Birmingham, AL  35210 | Environmental consultants |
| Rigdon, Alexander & Rigdon<br>200 East Robinson St., Suite 1150<br>P. O. Box 3668<br>Orlando, FL  32802 | Non-bankruptcy legal counsel |
| Rogers, Towers, Bailey, Jones & Gay<br>1301 Riverplace Boulevard<br>Suite 1500<br>Jacksonville, Florida  32207 | Non-bankruptcy legal counsel |
| Rollnick & Linden, P.A.<br>133 Sevilla Avenue<br>Miami, Florida  33134 | Non-bankruptcy legal counsel |
| Ruden, McClosky, Smith, Schuster & Russell, P.A.<br>P.O. Box 1900<br>Fort Lauderdale, Florida  33302 | Non-bankruptcy legal counsel |

| Ordinary Course Professional | Services Provided |
|---|---|
| Ruden, McClosky, Smith, Schuster & Russell, P.A.<br>401 East Jackson Street<br>27th Floor<br>Tampa, Florida  33602 | Non-bankruptcy legal counsel |
| Rushton, Stakely, Johnston & Garrett, P.A.<br>184 Commerce Street<br>Montgomery, Alabama  36101 | Non-bankruptcy legal counsel |
| Saalfield, Coulson, Shad & Jay, P. A.<br>1000 First Union Tower<br>225 Water Street<br>Jacksonville, FL 32202 | Non-bankruptcy legal counsel |
| Samson & Powers<br>2408 14th Street<br>Gulfport, MS  39501 | Non-bankruptcy legal counsel |
| Sands, Anderson, Marks & Miller<br>P. O. Box 1998<br>Richmond, VA  23219 | Non-bankruptcy legal counsel |
| Schropp, Buell & Elligett, P.A.<br>3003 W. Azeele Street<br>Suite 100<br>Tampa, Florida  33609 | Non-bankruptcy legal counsel |
| Shell, Fleming, Davis & Menge<br>226 Palafox Place<br>Ninth Floor, Seville Tower<br>Pensacola, FL 32501 | Non-bankruptcy legal counsel |
| Smith, Andrews & Brady<br>Biglo Mansion Office Bldg.<br>4807 Bayshore Blvd., Suite 200<br>Tampa, FL  33681 | Non-bankruptcy legal counsel |
| Smith, Helms, Mulliss & Moore, L.L.P.<br>First Union Tower<br>300 North Greene Street<br>Greensboro, North Carolina  27420 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Smith, Rolfe & Skavdahl Co., LPA<br>1014 Vine Street, Suite 2350<br>Cincinnati, OH  45202-1119 | Non-bankruptcy legal counsel |
| Smith, Spires & Peddy, P.C.<br>2015 Second Avenue North<br>Suite 200<br>Birmingham, Alabama  35203 | Non-bankruptcy legal counsel |
| Stafford, Stewart & Potter<br>3112 Jackson Street,  P.O. Box 1711<br>Alexandria, LA  71309 | Non-bankruptcy legal counsel |
| Stokes McMillan & Maracini, P.A.<br>2 S. Biscayne Blvd.<br>Suite 3750<br>Miami, Florida  33131 | Non-bankruptcy legal counsel |
| Stoll, Keenon & Park, LLP<br>201 C North Main Street<br>Henderson, Kentucky  42420 | Non-bankruptcy legal counsel |
| Stoll, Keenon & Park, LLP<br>300 West Vine Street<br>Suite 2100<br>Lexington, Kentucky  40507 | Non-bankruptcy legal counsel |
| Sullivan Ward Bone Tyler & Asher, P. C.<br>25800 Northwestern Hwy.<br>1000 Maccabees Center, PO Box 222<br>Southfield, MI  48037-0222 | Non-bankruptcy legal counsel |
| Swift, Currie, McGee & Hiers<br>The Peachtree, 1355 Peachtree St., NE<br>Suite 300<br>Atlanta, GA  30309-3238 | Non-bankruptcy legal counsel |
| Taylor, Wellons, Politz & Duhe, APLC<br>1515 Poydras Street<br>Suite 1900<br>New Orleans, Louisiana  70112 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Teague Campbell Dennis & Gorham, LLP<br>1621 Midtown Place<br>Raleigh, NC  27609 | Non-bankruptcy legal counsel |
| Templeton & Raynor<br>1800 East Blvd.<br>Charlotte, NC  28203 | Non-bankruptcy legal counsel |
| Tew, Cardenas, Rebak, Kellogg, et al.<br>Miami Center<br>201 South Biscayne Blvd.<br>Miami, Florida  33131 | Non-bankruptcy legal counsel |
| Thomas, Kayden, Horstemeyer & Risley, LLP<br>100 Galleria Parkway, Ste 1750<br>Atlanta, Georgia  30339 | Non-bankruptcy legal counsel |
| Tomchin & Odom, P.A.<br>214 North Clay Street<br>Jacksonville, Florida  32202 | Non-bankruptcy legal counsel |
| Trinchard & Trinchard<br>858 Camp Street<br>New Orleans, LA  70130 | Non-bankruptcy legal counsel |
| Turner, Padget, Graham & Laney, P.A.<br>1901 Main Street<br>Suite 1700<br>Columbia, South Carolina  29202 | Non-bankruptcy legal counsel |
| Ward Law Firm<br>P. O. Box 5663<br>Spartenburg, SC  29302 | Non-bankruptcy legal counsel |
| Warren E. Mouledoux, Jr., P.L.C.<br>833 Fourth Street<br>Gretna, Louisiana  70053 | Non-bankruptcy legal counsel |
| Weber & Rose<br>2400 Aegon Center<br>400 West Market Center<br>Louisville, KY  40202 | Non-bankruptcy legal counsel |

| **Ordinary Course Professional** | **Services Provided** |
| --- | --- |
| Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A.<br>Grove Plaza Bldg., 5th Floor<br>2900 Middle Street (S.W. 28th Terr.)<br>Miami, FL  33133 | Non-bankruptcy legal counsel |
| Wilkins, Stephens & Tipton<br>P.O. Box 13429<br>Jackson, MS  39239 | Non-bankruptcy legal counsel |
| Willkie Farr & Gallagher LLP<br>1875 K Street, N.W.<br>Washington, DC  20006 | Non-bankruptcy legal counsel |
| Woods, Rogers & Hazlegrove, P.L.C.<br>Post Office Box 14125<br>Roanoke, Virginia  24038 | Non-bankruptcy legal counsel |
| Wyatt, Tarrant & Combs<br>Citizens Plaza<br>Louisville, Kentucky  40202 | Non-bankruptcy legal counsel |

**EXHIBIT B**

**In re Winn-Dixie Stores, Inc., et al.**
**Chapter 11 Case No. 05-11063**

RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY WINN-DIXIE

STORES, INC., AND/OR ITS DEBTOR AFFILIATES (the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT TO THE DEBTORS AT:

      Brian C. Walsh
      King & Spalding LLP
      191 Peachtree Street
      Atlanta, Georgia  30303-1763

      If more space is needed, please complete on a separate page and attach.

      I, _____, PURSUANT TO 28 U.S.C. § 1746, HEREBY DECLARE

THAT THE FOLLOWING IS TRUE TO THE BEST OF MY KNOWLEDGE,

INFORMATION AND BELIEF:

1.      Name and address of firm:

      _____

      _____

      _____

      _____

2.      Date of retention: _____

3.      Type of services provided (accounting, legal, etc.):

      _____

      _____

_____

_____

4.    Brief description of services to be provided:

_____

_____

_____

5.    Arrangements for compensation (hourly, contingent, etc.)

_____

6.    Average hourly rate (if applicable):
      Estimated average monthly compensation based on pre-petition retention (if firm was employed pre-petition):

_____

7.    Pre-petition claims against any of the Debtors held by the firm:

      Amount of claim:  $_____

      Date claim arose:  _____

      Source of claim:  _____

8.    Pre-petition claims against any of the Debtors held individually by any member, associate, or professional employee of the firm:

      Name:  _____

      Status:  _____

      Amount of Claim:  $_____

      Date claim arose:  _____

      Source of claim:  _____

9.    Stock of any of the Debtors currently held by the firm:

      Kind of shares:  _____

      No. of shares:  _____

10.  Stock of any of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name: _____

Status: _____

Kind of shares: _____

No. of shares: _____

11.  The above-named firm holds no interest adverse to the Debtors or to their estates with respect to the matters on which the firm is to be employed, except as disclosed below. (Provide nature and  brief description of any such adverse interest.)

_____

_____

_____

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: _____

_____
Name: _____
Title: _____
Company: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re                                          :
                                               :    **Chapter 11**
                                               :
**WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,**    :    **Case No. 05-11063**
                                               :
                      **Debtors.**             :    **(Jointly Administered)**
                                               :
----------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO RETAIN AND COMPENSATE<br>PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and

its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to retain

and compensate professionals used in the ordinary course of business in these cases (collectively,

the "Ordinary Course Professionals"); all as more fully set forth in the Motion; and upon

consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule

1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the

21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the Office of the United States Trustee (the "United

States Trustee"), (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured

lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50)

largest unsecured creditors; and no other or further notice being required; and the relief requested

in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court

having reviewed the Motion; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized to retain Ordinary Course Professionals,

including those identified on Exhibit A to the Motion, without further application to or approval

of this Court; and it is further

ORDERED that, within five (5) business days after the date of entry of this Order, the

Debtors shall serve this Order upon each Ordinary Course Professional listed on Exhibit A to the

Motion; and it is further

ORDERED that, within thirty (30) days after the later of the date of entry of this Order or

the date of engagement of such professional by the Debtors, each Ordinary Course Professional

shall provide to the Debtors' counsel a completed questionnaire substantially in the form

attached to the Motion as Exhibit B (the "Questionnaire"); and it is further

ORDERED that the Debtors' counsel shall promptly file each Questionnaire with the

Court and serve it upon the United States Trustee, counsel to any official committee appointed in

these cases (the "Committee"), and counsel to the Debtors' proposed post-petition secured

lenders (the "DIP Lender"); and it is further

ORDERED that the United States Trustee, the Committee, and the DIP Lender shall have

twenty (20) days after service of each Ordinary Course Professional's Questionnaire (the

"Objection Deadline") to object to the retention of such professional.  Any such objection must

be filed with the Court and shall be served by the Objection Deadline upon (a) the Ordinary Course Professional, (b) the United States Trustee, (c) counsel to the Committee, (d) counsel to the DIP Lender, and (e) counsel to the Debtors.  If any such objection cannot be resolved and withdrawn within twenty (20) days after service, the matter shall be scheduled for hearing before the Court at the next regularly-scheduled hearing date or other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is made by the Objection Deadline, or if any objection is withdrawn, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of this Court, *nunc pro tunc* to the Petition Date or, if later, the date of engagement; and it is further

ORDERED that the Debtors are authorized, without need for further hearing or order from the Court, to employ and retain additional Ordinary Course Professionals (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the United States Trustee, counsel to the Committee, and counsel to the DIP Lender, a supplement listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order (the "Supplement"). For purposes of complying with the Questionnaire requirement above, for each Additional Ordinary Course Professional, the thirty (30)-day deadline for the provision of a completed Questionnaire shall run from the filing of the Supplement with the Court, but all other requirements and deadlines shall remain the same; and it is further

ORDERED that the Debtors are authorized to make payments of fees and expenses to each Ordinary Course Professional or Additional Ordinary Course Professional in an amount not exceeding $30,000 in any one month or $500,000 for the duration of these Chapter 11 cases, per Ordinary course Professional, in the manner customarily made by the Debtors, subject to a

possible increase for certain Ordinary Course Professionals as provided below, upon receipt from the professional of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); and it is further

ORDERED that, as to certain Ordinary Course Professionals for whom the Debtors believe it appropriate to increase the prescribed monthly cap amounts, the Debtors are permitted to seek the agreement of the United States Trustee, the Committee, and the DIP Lender to a higher monthly cap amount, not exceeding $40,000 per month, for any Ordinary Course Professional who will exceed the prescribed monthly cap amount but who should not otherwise be required to follow the payment procedures applicable to Chapter 11 professionals.  If the Debtors are able to obtain the agreement of the United States Trustee, the Committee, and the DIP Lender to a higher monthly cap amount for any Ordinary Course Professional, the agreement shall be evidenced by the filing of a notice of the increased monthly cap amount, and the increased monthly cap amount shall be deemed approved upon the filing of such notice, without further action by this Court.  In the absence of an agreement, the monthly cap amount prescribed above shall be enforced; and it is further

ORDERED that all payments to any one Ordinary Course Professional shall be subject to the approval of the Court in accordance with the procedures approved by order of the Court for Chapter 11 professionals involved in the conduct of these cases only if payments to such professional exceed the prescribed monthly cap or case cap amount; and it is further

ORDERED that, notwithstanding the foregoing, the monthly cap amounts and case cap amounts established herein shall apply only to direct disbursements by the Debtors and shall

specifically not apply to any approved contingent fee amounts received by Ordinary Course Professionals from recoveries realized on behalf of the Debtors; and it is further

ORDERED that approximately twenty (20) days after the conclusion of each fiscal quarter, the Debtors shall file a statement with this Court certifying their compliance with this Order, which statement shall include for each Ordinary Course Professional paid during the prior fiscal quarter:  (a) the name of such Ordinary Course Professional and (b) the aggregate amounts paid as compensation for services rendered and for reimbursement of expenses incurred by such Ordinary Course Professional during such fiscal quarter.  Such statement shall be served on the Office of the United States Trustee, counsel to the DIP Lender, and counsel to the Committee; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February ___, 2005
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE