**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                    :
                                                                              :          **Chapter 11**
                                                                              :
**WINN-DIXIE STORES, INC., et al.,**               :          **Case No. 05-11063 (RDD)**
                                                                              :
                          Debtors.                              :          **(Jointly Administered)**
                                                                              :
-------------------------------------------------------------x

### ORDER (A) GRANTING, ON A FINAL BASIS, ADMINISTRATIVE EXPENSE STATUS TO DEBTORS' UNDISPUTED OBLIGATIONS ARISING FROM THE POST-PETITION DELIVERY OF GOODS ORDERED IN THE PRE-PETITION PERIOD AND AUTHORIZING THE DEBTORS TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND (B) AUTHORIZING, ON AN INTERIM BASIS, PAYMENT OF PRE-PETITION COMMON CARRIER AND WAREHOUSE CHARGES

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order granting administrative expense status to the Debtors' undisputed obligations arising from the Outstanding Orders (as defined in the Motion) and authorizing the Debtors to pay such obligations in the ordinary course of business, and authorizing the Debtors to pay the Common Carrier Charges and Warehouse Charges (each as defined in the Motion); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted, in part on a final basis and in part on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis regarding Common Carrier and Warehouse Charges must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303 so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor or pay those obligations arising from the post-petition delivery of goods ordered by the Debtors before

2

the Petition Date. For purposes of this Order, goods shall be deemed to be delivered to the Debtors post-petition (a) if possession or control of such goods is transferred to the Debtors on or after the Petition Date, or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss of such goods passes to the Debtors on or after the Petition Date, such as by a vendor's tender of such goods free on board (F.O.B.) to a carrier; and is further

ORDERED that the payment of an obligation arising from the Outstanding Orders shall not preclude the Debtors from contesting the validity of such amounts claimed to be due; and it is further

ORDERED on an interim basis that the Debtors are authorized, but not directed, to honor and pay all Common Carrier Charges and all Warehouse Charges, consistent with their customary practice in the ordinary course of their businesses; and it is further

ORDERED on an interim basis that the payment of an obligation arising from the Common Carrier Charges and the Warehouse Charges shall not preclude the Debtors from contesting the validity of such amounts claimed to be due; and it is further

ORDERED on an interim basis that, subject to the availability of funds, the Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Common Carrier Charges and the Warehouse Charges; and it is further

ORDERED on an interim basis that the Banks that process, honor, and pay any and all checks and electronic transfers on account of the Common Carrier Charges and the Warehouse Charges may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without

any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Vendor, Common Carrier, Warehousemen, or any third party; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February 22, 2005
     New York, New York

                                              /s/   STUART M. BERNSTEIN
                                              UNITED STATES BANKRUPTCY JUDGE