**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :
                                                   :          **Chapter 11**
                                                   :
**WINN-DIXIE STORES, INC., et al.,**               :          **Case No. 05-11063 (RDD)**
                                                   :
       Debtors.                                    :          **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS (A) TO MAINTAIN
EXISTING BANK ACCOUNTS AND CASH MANAGEMENT
SYSTEM, (B) TO CONTINUE USE OF EXISTING CHECKS, AND
(C) TO CONTINUE USE OF EXISTING INVESTMENT GUIDELINES**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to maintain existing bank accounts and cash management system, to continue use of existing checks, and to continue use of existing investment guidelines; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A. ("Wachovia"), as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or

further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303; and (iv) Pratap Mukharji, Bain & Company, Inc., The Monarch Tower, Suite 1200, 3424 Peachtree Road, NE Atlanta, GA 30326, so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized to continue to use their pre-petition cash management system procedures, as described in the Motion, in the ordinary course of business; and it is further

ORDERED that the Cash Management Banks (as defined in the Motion) are authorized to continue to service and administer all of the Debtors' bank accounts, including the accounts identified on Exhibit A to the Motion (collectively, the "Bank Accounts"), as accounts

of the respective Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the Bank Accounts after February 21, 2005 (the "Petition Date") by holders or makers thereof, as the case may be, subject to the availability of funds, and, in the event it is determined that any Bank Account was inadvertently omitted from Exhibit A to the Motion, the relief sought herein shall be deemed to apply to any and all Bank Accounts maintained in the Debtors' names; and it is further

ORDERED that the Debtors are authorized and empowered (a) to designate, maintain, and continue to use any and all existing bank accounts with the same account numbers, including, without limitation, the accounts identified in Exhibit A to the Motion; and (b) to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; and it is further

ORDERED that the Cash Management Banks shall designate each of the Bank Accounts as a "debtor-in-possession" or "DIP" account; and it is further

ORDERED that the Cash Management Banks and their affiliates, successors, and assigns, pursuant to Sections 105 and 362(a) of the Bankruptcy Code, are stayed from offsetting, freezing, recouping, affecting, or otherwise impeding the use or transfer of or access to any funds of the Debtors or cash collateral (as defined in Section 363(a) of the Bankruptcy Code), contained or deposited in the Bank Accounts maintained by the Debtors or their affiliates, on or after the Petition Date by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of the Cash Management Banks against the Debtors that arose before the Petition Date; and it is further

ORDERED that, notwithstanding anything to the contrary in any other order entered in the Debtors' Chapter 11 cases substantially contemporaneously with this Order, the Cash Management Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by any order(s) of the Court, (b) have no duty to inquire as to whether such payments are authorized by any order(s) of the Court, and (c) have no liability to any party on account of the Debtors' instructions in accordance with this Order or for honoring a pre-petition check or other item as the result of an innocent mistake made despite implementation of customary item handling procedures; and it is further

ORDERED that nothing contained herein shall prevent the Debtors and Wachovia from implementing changes to the cash management system, including, but not limited to, the opening of any additional bank accounts or closing of any existing bank account(s) as they may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation and that is organized under the laws of the United States or any State therein and shall be designated a "debtor-in-possession" or "DIP" account by the respective Cash Management Bank; and it is further

ORDERED that the Debtors are authorized to continue to consolidate the management of their cash and cash equivalents, including, without limitation, their pre-petition procedures related to investments of cash, and to effectuate the transfer of funds among the

- 4 -

Debtors in the ordinary course of business, when and in the amounts determined by the Debtors to be necessary to maintain the various aspects of their business operations; provided, however, that (a) the Debtors shall maintain strict records of all such transfers in a manner so that all transactions can be readily ascertained; (b) all net post-petition advances by and among the Debtors shall be granted super-priority administrative expense status and shall have priority over any and all administrative expenses (incurred by any of the Debtors) of the kind specified in Section 503(b) and 507(b) of the Bankruptcy Code, subject and subordinate only to (i) any super-priority administrative claims granted by this Court in connection with any motion filed by the Debtors authorizing them to obtain post-petition financing, (ii) any payments required to be made to the United States Trustee as specified in 28 U.S.C. § 1930, (iii) reasonable fees and expenses of a trustee under Section 726(b) of the Bankruptcy Code, and (iv) any compensation allowed by this Court under Sections 328, 330, or 331 of the Bankruptcy Code to any professional retained by the Debtors or any official committee appointed in these cases; (c) the Debtors shall pay the Cash Management Banks any reasonable fees, consistent with pre-petition practices, related to the post-petition services provided by the Cash Management Banks; and (d) in the course of providing cash management services to the Debtors, Wachovia is authorized, without further Order of this Court, to deduct from accounts of the Debtors its customary fees and expenses based upon the nature of the deposit and cash management services rendered to the Debtors, after the Petition Date, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from, among other things, cash services, branch transactions, issuance of checks, returned checks, other returned items, or settlement of ACH transfers, regardless of whether such transactions relate to pre-petition or post-petition activities, and all of

such deductions and charge-backs by Wachovia shall be entitled to administrative expense priority; and it is further

ORDERED that any and all accounts opened by the Debtors on or after the Petition Date at any Cash Management Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order; and it is further

ORDERED that the Debtors and the Cash Management Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order, including, but not limited to, that certain "Deposit Agreement and Disclosure for Non-Personal Accounts between Wachovia and the Debtors (the "Wachovia Agreement") shall continue to govern the post-petition cash management relationship between the Debtors and Wachovia, and that all of the provisions of such agreement, including, without limitation, the termination and fee provisions, shall remain in full force and effect.  The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code.  Nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that Wachovia is authorized to terminate the Wachovia Agreement or any services provided thereunder on not less than thirty (30) days' prior written notice to the Debtors or as otherwise provided in the Wachovia Agreement; and it is further

ORDERED that, absent consent of Wachovia, Debtors shall not terminate the Wachovia Agreement on less than thirty (30) days' prior written notice to Wachovia.

ORDERED that the Debtors are authorized to continue to use their existing checks, provided that each check is affixed with a "debtor-in-possession" or "DIP" legend; and it is further

ORDERED that the Debtors are authorized to continue their current investment practices as described in the Motion; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February 22, 2005
      New York, New York

                                         **/s/ STUART M. BERNSTEIN**
                                         UNITED STATES BANKRUPTCY JUDGE