**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :
                                                         :      **Chapter 11**
                                                         :
**WINN-DIXIE STORES, INC., et al.,**                     :      **Case No. 05-11063 (RDD)**
                                                         :
                    **Debtors.**                         :      **(Jointly Administered)**
                                                         :
-------------------------------------------------------------x

## INTERIM ORDER AUTHORIZING DEBTORS TO HONOR
## CERTAIN PRE-PETITION CUSTOMER OBLIGATIONS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores,

Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to

pay pre-petition customer obligations arising in connection with their Customer Programs (as

defined in the Motion) pursuant to Sections 105(a) and 507(a)(6) of the Bankruptcy Code, all as

more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L.

Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-

Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157

and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District

Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and

1409; and due and proper notice of the Motion having been provided to (i) the Office of the

United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured

lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50)

largest unsecured creditors, and no other or further notice being required; and the relief requested

in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court

having reviewed the Motion; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the

Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

ORDERED that any objection to the relief requested by the Motion on a final

basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom

LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King &

Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, so as to be received by March 3,

2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not required, to continue to honor

all pre-petition obligations under the Customer Programs that they deem are necessary and in the

best interests of their estates, creditors, and interest holders, in the same manner as such

obligations were honored before the commencement of the Debtors' Chapter 11 cases; and it is

further

ORDERED that, subject to the availability of funds, the Debtors' banks and

financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any

and all checks or electronic transfers issued in connection with the Customer Programs; and it is further

ORDERED that the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Customer Programs may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that nothing in the Motion shall be deemed a request for authority to assume, and nothing in this Order shall be deemed an authorization to assume, any executory contract under 11 U.S.C. § 365; and it is further

ORDERED that, except as provided herein, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' customers or any other third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
        New York, New York


                                    **/s/   STUART M. BERNSTEIN**
                                    UNITED STATES BANKRUPTCY JUDGE