**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                      :
                                                           :          **Chapter 11**
                                                           :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**                :          **Case No. 05-11063 (RDD)**
                                                           :
       Debtors.                                            :          **(Jointly Administered)**
                                                           :
-------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING THE DEBTORS TO TURN OVER CERTAIN
FUNDS HELD IN TRUST AND TO CONTINUE PERFORMANCE
AND HONOR OBLIGATIONS UNDER CONSIGNMENT ARRANGEMENTS**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to turn over certain funds held in trust and to continue performance and honor their obligations under consignment arrangements; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or further

notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Lottery Proceeds (as defined in the Motion) to the Lottery Agencies (as defined in the Motion), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Gift Card Proceeds (as defined in the Motion) to American Express Travel Related Services Company, Inc.

("AMEX"), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all WUNA Funds (as defined in the Motion) to Western Union North America ("WUNA"), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Consignment Proceeds (as defined in the Motion) to the Consignment Vendors (as defined in the Motion), consistent with the Debtors' policies and practices in effect as of the Petition Date, and to continue performance and honor their obligations under their pre-petition consignment sales arrangements (the "Consignment Arrangements"); and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to contest the amount of any Lottery Proceeds, Gift Card Proceeds, WUNA Funds, or Consignment Proceeds, whether or not paid pursuant to this Order, or to seek a refund of the same; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, the Lottery Agencies, AMEX, WUNA, the Consignment Vendors, or any third party; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
         New York, New York

           /s/   STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE