**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                        :
                                                                                  :    **Chapter 11 Case No.**
                                                                                  :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**            :    **Case No. 05-11063 (RDD)**
                                                                                  :
                           Debtors.                              :    **(Jointly Administered)**
                                                                                  :
-------------------------------------------------------------x

### INTERIM ORDER GRANTING AUTHORITY TO CONTINUE PRE-PETITION INSURANCE AND WORKERS' COMPENSATION PROGRAMS AND TO PAY PRE-PETITION PREMIUMS, RELATED OBLIGATIONS, AND PREMIUM FINANCING PAYMENTS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to continue pre-petition insurance and workers' compensation programs (the "Programs") and to pay pre-petition obligations and premium financing payments in connection therewith (the "Obligations"); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors'

noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303 so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not required, to maintain the Programs; and it is further

ORDERED that the Debtors are authorized, but not required, to pay Obligations necessary to maintain the Programs, including premium financing payments; and it is further

ORDERED that the Debtors are authorized, but not required, to pay pre-petition Workers' Compensation Claims (as defined in the Motion) pending against the Debtors under the Programs; and it is further

ORDERED that, subject to the availability of funds, the Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Programs; and it is further

ORDERED the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Programs may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that authorization of the payment of the Obligations shall not be deemed to constitute the post-petition assumption of any executory contract pursuant to Section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall affect the Debtors' right to contest the amount or validity of any Obligations, in whole or in part; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance providers or any third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February 22, 2005
      New York, New York

                                                        /s/   STUART M. BERNSTEIN
                                              UNITED STATES BANKRUPTCY JUDGE