**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
**In re**                                                :
                                                         :         **Chapter 11**
                                                         :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**              :         **Case No. 05-11063 (RDD)**
                                                         :
       **Debtors.**   :         **(Jointly Administered)**
                                                         :
---------------------------------------------------------------x

### ORDER (A) ESTABLISHING NOTICE PROCEDURES ON INTERIM BASIS AND (B) CONTINUING HEARING WITH RESPECT TO SCHEDULING OMNIBUS HEARINGS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order establishing notice procedures and scheduling omnibus hearings, all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the

Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in part on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors shall establish a master service list (the "Master Service List") that shall initially include the following parties in interest: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Debtors; (iii) the attorneys for the Debtors; (iv) prior to the appointment of an official committee of unsecured creditors (the "Committee"), the Debtors' fifty (50) largest unsecured creditors on a consolidated basis; (v) following the appointment of the Committee, the members of and attorneys for the Committee; (vi) the attorneys for any other committee appointed by the Court; (vii) the attorneys for the Debtors' senior secured lenders; (viii) counsel to the Agent for the Debtors' proposed

post-petition debtor-in-possession lenders; (ix) the indenture trustee for the holders of the Debtors' 8 7/8% Senior Notes due 2008; (x) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; and (xi) the Securities and Exchange Commission, the Internal Revenue Service, state and federal attorneys general, and other government agencies, to the extent required by the Bankruptcy Rules and the Local Rules; and it is further

ORDERED that the Debtors are authorized to limit notice to those parties in interest included in the Master Service List for all matters covered by Bankruptcy Rule 2002 (the "Rule 2002 Matters"); and it is further

ORDERED that in the case of proceedings other than Rule 2002 Matters, absent further Court order, the Debtors are authorized to limit notice to those parties included on the Master Service List and any other person whose specific rights or interests are directly affected by such proceeding; and it is further

ORDERED that the Debtors or their Court-appointed claims agent shall update the Master Service List monthly and shall file an updated Master Service List with the Court if it includes changes from the last Master Service List filed with the Court; and it is further

ORDERED that notwithstanding the foregoing, notice of the following shall be provided to all known creditors and other parties in interest, at their last address known to the Debtors, unless otherwise ordered by the Court:  (a) notice of the first meeting of creditors pursuant to Section 341 or 1104(b) of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections and the hearing to consider approval of a disclosure statement; (d) notice of the time fixed for filing objections and the hearing to consider confirmation of a plan of reorganization;

(e) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization;

(f) notice of any hearing on dismissal of the Chapter 11 cases or their conversion to another chapter; and (g) notice of the time fixed for accepting or rejecting a proposed modification to a plan of reorganization; and it is further

ORDERED that the Court's consideration of that portion of the Motion that seeks to establish omnibus hearings shall be continued to the Final Hearing Date; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February 23, 2005
      New York, New York

                                             /s/   STUART M. BERNSTEIN
                                          UNITED STATES BANKRUPTCY JUDGE