**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                    :
                                                                              :     **Chapter 11**
                                                                              :
**WINN-DIXIE STORES, INC., et al.**,          :     **Case No. 05-11063 (RDD)**
                                                                              :
                      Debtors.                                  :     **(Jointly Administered)**
                                                                              :
-------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING DEBTORS TO PAY CERTAIN WORK-IN-PROGRESS CLAIMS OF ON-SITE PROVIDERS AS NECESSARY TO AVOID DISRUPTION TO OPERATIONS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to pay certain pre-petition claims (the "Work-in-Progress Claims") of repairmen, contractors, subcontractors, mechanics, materialmen, maintenance providers, or other service providers (collectively, the "On-Site Providers") involved in on-site projects that are in process as of the commencement of these cases or routine maintenance functions as necessary to avoid disruption to the Debtors' operations; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments (the "Payments") on the Work-in-Progress Claims of the On-Site Providers on the following terms and conditions:

(a) The Debtors, in their discretion, shall determine which On-Site Providers, if any, are entitled to Payments under this Motion, subject to the provisions below;

(b) The On-Site Providers must either (i) be engaged in providing Goods or Services with respect to a project at the Debtors' facilities that is incomplete as of the Petition Date or (ii) be engaged in performing Routine Maintenance in one of the Debtors' stores;

(c) The Debtors must conclude (i) that the Goods or Services of the On-Site Provider at issue are essential to the proper or timely completion of the project or to the ongoing maintenance of a store, (ii) that the On-Site Provider will refuse to continue providing such Goods or Services if the Work-in-Progress Claims are not paid, and (iii) that the Debtors' facilities or operations will be adversely affected if the Improvements are not properly or timely completed or the Routine Maintenance is not regularly performed;

(d) As a condition to receiving a Payment, the On-Site Provider must agree to continue providing Goods or Services to the Debtors as necessary to complete the Improvements or perform the Routine Maintenance on terms at least as favorable as the On-Site Provider made available to the Debtors prior to the Petition Date; and

(e) Prior to making a Payment to an On-Site Provider under this Order, the Debtors may, in their discretion, settle all or some of the Work-in-Progress Claims of the On-Site Providers for less than their face amount without further notice or hearing;

provided, however, that on an interim basis the Debtors shall not make payments for prepetition services to any On-Site Provider whom they determine is obligated under the terms of a written contract that has neither expired by its own terms nor been validly cancelled or rescinded, unless such On-Site Provider may assert a mechanic's or materialmen's lien with respect to any Work-in-Progress Claim; and provided, further, however, that any payments made pursuant to this Order shall not prejudice the rights of the Debtors or any official committee appointed in these cases to recover such payments if the final disposition of the Motion is contrary to the relief granted herein; and it is further

ORDERED that an On-Site Provider's acceptance of payment under this Order is deemed to be an acceptance of the terms of this Order, and if the On-Site Provider thereafter does not provide the Debtors with customary trade credit terms during the pendency of these Chapter 11 cases, any payment of Work-in-Progress Claims made after the Petition Date may be deemed to be unauthorized and avoidable by the Debtors pursuant to Section 549 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized, but not directed, to obtain written verification of trade credit terms to be provided by an On-Site Provider before making any payment to such On-Site Provider pursuant to this Order; and it is further

ORDERED that the entry of this Order is without prejudice to the right of the Debtors to contest the amount of any invoice of an On-Site Provider on any grounds; and it is further

ORDERED that nothing in this Order shall constitute a determination regarding whether any On-Site Provider's refusal or threatened refusal to do business with the Debtors or to comply with an executory contract following the Petition Date violates the automatic stay of Section 362(a) of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any party subject to this Order; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.


Dated: February 23, 2005
      New York, New York


   **/s/ STUART M. BERNSTEIN**
   UNITED STATES BANKRUPTCY JUDGE