**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                                :
                                                                         :        **Chapter 11**
                                                                         :
**WINN-DIXIE STORES, INC., et al.,**              :        **Case No. 05-11063 (RDD)**
                                                                         :
              Debtors.                                         :        **(Jointly Administered)**
                                                                         :
-------------------------------------------------------------x

**INTERIM ORDER GRANTING THE DEBTORS AUTHORITY**
**TO PAY PRE-PETITION CLAIMS ARISING UNDER**
**THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order for authority to pay undisputed pre-petition claims arising under the Perishable Agricultural Commodities Act ("PACA") and to establish procedures for addressing disputed claims asserted under PACA; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50)

largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 by 4:00 p.m.; and it is further

ORDERED that the terms of this Order, and any references to PACA contained herein, shall also apply to pre-petition claims asserted against the Debtors arising under the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 *et seq*.; and it is further

ORDERED that the procedures described below (the "PACA Procedures") are hereby approved and may be implemented by the Debtors:

a. <u>PACA Notices</u>.  Any seller seeking the protection of a PACA Trust must deliver or have previously delivered a valid and timely PACA Notice in accordance with PACA to the Debtors on or before the statutory deadline.

b. <u>Notice of PACA Order</u>.  The Debtors shall send a copy of this Order by first-class mail to all persons or entities who have delivered a valid and timely PACA Notice (or a document that purports to be a valid and timely PACA Notice) to the Debtors.

c. <u>Allowed PACA Claims</u>.  If the Debtors determine that a claim asserted in a PACA Notice (a "PACA Claim") is valid, the Debtors shall pay such claim as an administrative expense of the Debtors' estates as soon as practicable after receipt of the PACA Notice (an "Allowed PACA Claim").  Any holder of an Allowed PACA Claim that accepts payment from the Debtors on account of its PACA Claim shall be deemed to have waived, released, and discharged ~~any and~~ all claims against the or their property arising under PACA to the extent of such payment.

d. <u>Disputed Claim Report</u>.  As soon as practicable after the period ending ninety (90) days after entry of the PACA Order, the Debtors will file a report ("Report") with the Court that lists the PACA Claims the Debtors believe are invalid in whole or in part.

   1. The Report shall be sent by first-class mail to the following parties: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the agent for the Debtors' secured lenders, and (iii) counsel for any statutory committee appointed in the Debtors' Chapter 11 cases.

       2. In addition, a copy of the Report and a copy of the PACA Order shall be sent, by first-class mail, to all parties filing a PACA Claim that is the subject of the Report.

e. <u>Objections</u>. The deadline for a claimant to object to the inclusion of a PACA Claim in the Report shall be 4:00 p.m. prevailing Eastern Time on the day that is twenty (20) calendar days from the day on which the Report is filed with the Court and served as set forth herein. Any objection must be filed with the Court and received by Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq., on or before the objection deadline.

f. <u>Effect of the Report</u>.

       1. With respect to each PACA Claim in the Report as to which no objection is timely received, such PACA Claim shall be deemed an invalid PACA Claim (in whole or in part, as specified in the Report) without further order of the Court and, to the extent invalid, shall not be entitled to the priorities provided under PACA.

       2. With respect to each PACA Claim in the Report as to which an objection is timely received and the parties resolve the objection, the PACA Claim shall be treated as an Allowed PACA Claim or a disallowed PACA Claim, in whole or part, as agreed to by the parties, without further order of the Court, upon the filing by the Debtors of a notice setting forth the agreement of the parties.

       3. With respect to each PACA Claim in the Report as to which an objection is timely received and the objection cannot be resolved by the parties, the PACA Claim shall not be deemed valid or invalid except upon order of the Court. If a resolution is not reached by at least sixty (60) days after the date of the Report, or such later period as may be agreed to by the claimant, the Debtors will arrange for a hearing before the Court.

and it is further

ORDERED that the PACA Procedures are the sole and exclusive method permitted with respect to the resolution and payment of PACA Claims asserted against the Debtors. All vendors with PACA Claims are prohibited from seeking any other treatment than is permitted by the Procedures above, including instituting an adversary proceeding against the Debtors for or on account of their PACA Claims; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any PACA Claimant or any third party; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall (i) substantively or procedurally impair the ability of any PACA Claimant to avail itself of any rights under state law (or federal law not expressly set forth herein) or to request equitable remedies such as the establishment of a constructive trust or (ii) prejudice the rights or interests of any PACA Claimant with respect to any liens or claims of any post-petition lender to the Debtors; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to

the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 23, 2005
       New York, New York

**/s/Stuart M. Bernstein**
UNITED STATES BANKRUPTCY JUDGE