UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Chapter 11

Case No. 05-11063

(Jointly Administered)

## AFFIDAVIT OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty that:

1.    I am of legal age and I am not a party to this action.

2.    I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey.

3.    On or about February 23, 2005, I caused copies of:

●    the Notice of Hearing on Certain First Day Applications and Motions (Docket No. 31);

●    the Order (A) Establishing Notice Procedures on Interim Basis and (B) Continuing Hearing With Respect to Scheduling Omnibus Hearings (Docket No. 57);

●    the Interim Order Authorizing Debtors (A) To Maintain Existing Bank Accounts and Cash Management System, (B) To Continue Use of Existing Checks, and (C) To Continue Use of Existing Investment Guidelines (Docket No. 42);

●    the Interim Order Authorizing Debtors to Pay (A) Pre-Petition Compensation, Payroll Taxes, Employee Benefits, and Related Expenses, (B) Expenses Related to Independent Contractors, and (C) Certain Retiree Benefits (Docket No. 46);

●    the Interim Order Authorizing Debtors to Honor Certain Pre-Petition Customer Obligations (Docket No. 44);

●    the Interim Order Authorizing the Debtors to Turn Over Certain Funds Held in Trust and to Continue Performance and Honor Obligations Under Consignment Arrangements (Docket No. 48);

Code: C1

●    the Interim Order Granting Authority to Continue Pre-Petition Insurance and Workers' Compensation Programs and to Pay Pre-Petition Premiums, Related Obligations, and Premium Financing Payments (Docket No. 50);

●    the Interim Order Authorizing Debtors to Pay Pre-Petition Taxes and Other Ordinary Course Governmental Obligations (Docket No. 47);

●    the Order (A) Granting, on a Final Basis, Administrative Expense Status to Debtors' Undisputed Obligations Arising From the Post-Petition Delivery of Goods Ordered in the Pre-Petition Period and Authorizing the Debtors to Pay Such Obligations in the Ordinary Course of Business and (B) Authorizing, on an Interim Basis, Payment of Pre-Petition Common Carrier and Warehouse (Docket No. 41); and

●    the Interim Order Authorizing Debtors to Pay Certain Work-In-Progress Claims of On-Site Providers as Necessary to Avoid Disruption to Operations (Docket No. 58)

to be inserted in first class, postage pre-paid and pre-addressed envelopes and delivered to the U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. Copies of the served Notice of Hearing and Orders listed above are attached hereto as Exhibit B.

Dated: February 24, 2005

_____
Kathleen M. Logan

Service List
First Day Orders
Docket Nos. 31, 41, 42, 44, 46, 47, 48, 50, 57 and 58

**DEBTOR:    WINN-DIXIE STORES, INC.**                                          **CASE:    05-11063 (SMB)**

CREDITOR ID: 278724-27
AMERIPRIME FUNDS
IMS CAPITAL MANAGEMENT
ATTN CARL W MARKER
8995 SE OTTY ROAD
PORTLAND OR 97266

CREDITOR ID: 278710-26
ANDERSON NEWS LLC
ATTN JENNIFER VOSS, VP ACCOUNTING
PO BOX 52570
KNOXVILLE TN 37950-2570

CREDITOR ID: 278802-99
ARONOV REALTY
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DEAN C WALDT ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278800-99
ARONOV REALTY
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN JEFFREY MEYERS ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278792-99
ARONOV REALTY
C/O BALLARD SPAHR ANDREWS INGERSOLL
ATTN: JEFFREY MEYERS; DEAN C WALDT;
DAVID L POLLACK ESQS
1735 MARKET STREET 51ST FL
PHILADELPHIA PA 19103

CREDITOR ID: 278798-99
ARONOV REALTY
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DAVID L POLLACK ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278729-27
AVIVA LIFE INSURANCE COMPANY
ATTN ELIZABETH ANNE DOWD
108 MYRTLE STREET
NEWPORT OFFICE PARK
NORTH QUINCY MA 02171

CREDITOR ID: 278778-99
BOTTLING GROUP LLC D/B/A
PEPSI BOTTLING GROUP; PEPSIAMERICAS
C/O FRANK/GECKER LLP
ATTN: JOSEPH D FRANK; MICAH KROHN
325 N LASALLE STREET STE 625
CHICAGO IL 60610

CREDITOR ID: 278803-99
CADBURY ADAMS USA LLC
C/O RICHARD W WARD ESQ
2527 FAIRMOUNT ST
DALLAS TX 75201

CREDITOR ID: 278703-26
CAMPBELL SOUP CO.
ATTN MAUREEN HART, SR. CREDIT MGR
PO BOX 101407
ATLANTA GA 30392-1407

CREDITOR ID: 278722-27
CAPITAL RESEARCH & MANAGEMENT CO
ATTN ABNER D GOLDSTINE
AMERICAN FUNDS
333 SOUTH HOPE STREET
LOS ANGELES CA 90071

CREDITOR ID: 278789-99
CARDINAL HEALTH
PITNEY HARDIN LLP
ATTN: SCOTT A ZUBER ESQ
200 CAMPUS DRIVE
FLORHAM PARK NJ 07932-0950

CREDITOR ID: 278696-26
CH ROBINSON WORLDWIDE, INC.
ATTN TERESA BELLMAN, CONTROLLER
PO BOX 9121
MINNEAPOLIS MN 55480-9121

CREDITOR ID: 278706-26
CLOROX SALES CO - KPD
ATTN SYBIL SHAW, CREDIT MANAGER
PO BOX 66123
CHARLOTTE NC 28275-1754

CREDITOR ID: 278717-12
COCA-COLA BOTTLING CO.
ATTN JULIE POLANIS, CREDIT MANAGER
300 COCA-COLA ROAD
CHARLOTTE NC 28275

CREDITOR ID: 278774-99
COCA-COLA BOTTLING CO. CONSOLIDATED
ATTN: JOYCE ROPER, CBA
MANAGER, CREDIT COLLECTIONS

CREDITOR ID: 278701-26
COCA-COLA BOTTLING WORKS
ATTN DICK STITELER,
DIRECTOR OF CUSTOMER FINANCIAL SVCS
300 COCA-COLA ROAD
CHARLOTTE NC 28275

CREDITOR ID: 278688-26
CONAGRA GROCERY PRODUCTS CO.
ATTN ROBERT ELLIS,
CORP CREDIT ANALYSIS MGR
PO BOX 409626
ATLANTA GA 30384

CREDITOR ID: 278827-99
CONCORD-FUND IV RETAIL LP
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
& STEVEN B FEIGENBAUM ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278783-99
CONCORD-FUND IV RETAIL LP
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 278804-99
CONTRARIAN CAPITAL MANAGEMENT LLC
ATTN JANICE STANTON
411 WEST PUTNAM AVE STE 225
GREENWICH CT 06830

CREDITOR ID: 278788-99
CONTRARIAN CAPITAL MANAGEMENT LLC
ATTN: JANICE STANTON
411 W PUTNAM AVE STE 225
GREENWICH CT 06830

CREDITOR ID: 278784-XX
CREST HAVEN LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 278828-99
CREST HAVEN LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
& STEVEN B FEIGENBAUM ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278697-26
DEL MONTE FOODS USA
ATTN FRANK BUCKSTEIN,
MANAGER CREDIT & COLLECTIONS
1336 SOLUTIONS CENTER
CHICAGO IL 60677-1003

CREDITOR ID: 278775-99
DEVELOPERS DIVERSIFIED REALTY CORP
C/O KELLEY DRYE & WARREN LLP
ATTN: JAMES S CARR; ROBERT LEHANE
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 278719-26
DLJ PRODUCE, INC.
ATTN ALAN YOSHIDONE, CONTROLLER
PO BOX 2398
WEST COVINA CA 91793

CREDITOR ID: 278799-99
DR PEPPER/SEVEN UP INC
C/O RICHARD W WARD ESQ
2527 FAIRMOUNT ST
DALLAS TX 75201

CREDITOR ID: 278776-99
EDENS & AVANT
C/O KELLEY DRYE & WARREN LLP
ATTN: JAMES S CARR; ROBERT LEHANE
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 278713-26
EDY'S GRAND ICE CREAM
ATTN FRED POMERANTZ, CREDIT MANAGER
PO BOX 406247
ATLANTA GA 30384-6247

**Service List**
**First Day Orders**
**Docket Nos. 31, 41, 42, 44, 46, 47, 48, 50, 57 and 58**

**DEBTOR:    WINN-DIXIE STORES, INC.**                    **CASE:   05-11063 (SMB)**

CREDITOR ID: 278787-99
ELSTON/LEETSDALE LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 278830-99
ELTON/LEETSDALE LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
& STEVEN B FEIGENBAUM ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278698-26
FIN TECH
ATTN DOUG WILHELM
4720 W CYPRESS STREET
TAMPA FL 33607

CREDITOR ID: 278829-99
FLAGLER RETAIL ASSOCIATES LTD
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
& STEVEN B FEIGENBAUM ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278785-99
FLAGLER RETAIL ASSOCIATES LTD
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 278687-26
FLORIDA COCA-COLA
ATTN DICK STITELER
DIRECTOR OF CUSTOMER FINANCIAL SVCS
PO BOX 30000
ORLANDO FL 32891-0001

CREDITOR ID: 278814-XX
FTI CONSULTING
ATTN: MICHAEL EISENBAND
3 TIMES SQUARE 11TH FL
NEW YORK NY 10036

CREDITOR ID: 278781-99
GEHR FLORIDA DEVELOPMENT
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FLOOR
NEW YORK NY 10022

CREDITOR ID: 278825-99
GEHR FLORIDA DEVELOPMENT LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
& STEVEN B FEIGENBAUM ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278685-26
GENERAL MILLS, INC.
ATTN: TERRI JOHNSON
ACCT OPERATION DEVELOPMENT MGR
PO BOX 101412
ATLANTA GA 30392-0001

CREDITOR ID: 278704-26
GEORGIA PACIFIC CORP.
ATTN BOB MOON, CREDIT MANAGER
PO BOX 102487
ATLANTA GA 30368-2487

CREDITOR ID: 278716-26
GERBER PRODUCTS COMPANY
ATTN JEFF TALEE, FINANCE MANAGER
445 STATE STREET
FREEMONT MI 49413

CREDITOR ID: 278700-26
GILLETTE COMPANY
ATTN MARY TRAHAN, CREDIT MANAGER
PO BOX 100800
ATLANTA GA 30384-0800

CREDITOR ID: 278694-26
GOOD HUMOR BREYERS ICE CREAM
ATTN CRAIG STARGARDT,
CREDIT MANAGER
PO BOX 75604
CHARLOTTE NC 28275-5604

CREDITOR ID: 278726-27
GOODMAN & CO. INVESTMENT COUNSEL
ATTN CHRISTY YIP
SCOTIA PLAZA 55TH FLOOR
40 KING STREET WEST
TORONTO  ON M5H 4A9
CANADA

CREDITOR ID: 278693-26
GOURMET AWARD FOODS MID ATLANTIC
ATTN MARK KELLUM,
NATIONAL ACCOUNT MANAGER
4055 DEERPARK BOULEVARD
ELKTON FL 32033

CREDITOR ID: 278816-99
HALLMARK MARKETING CORPORATION
PATTERSON BELKNAP WEBB & TYLER
ATTN MICHAEL HANDLER ESQ
1133 AVENUE OF THE AMERICAS
NEW YORK NY 10036-6710

CREDITOR ID: 278815-99
HALLMARK MARKETING CORPORATION
PATTERSON BELKNAP WEBB & TYLER
ATTN DAVID W DYKEHOUSE ESQ
1133 AVENUE OF THE AMERICAS
NEW YORK NY 10036-6710

CREDITOR ID: 278790-99
HALLMARK MARKETING CORPORATION
C/O PATTERSON BELKNAP WEBB TYLER
ATTN DAVID DYKHOUSE/MICHAEL HANDLER
1133 AVENUE OF THE AMERICAS
NEW YORK NY 10036-6710

CREDITOR ID: 278780-99
INTEGRATED PAYMENT SYSTEMS
C/O FRANK/GECKER LLP
ATTN: JOSEPH D FRANK; MICAH KROHN
325 N LASALLE ST STE 625
CHICAGO IL 60610

CREDITOR ID: 274941-17
INTERNAL REVENUE SERVICE
DISTRICT DIRECTOR
290 BROADWAY, 7TH FLOOR
NEW YORK NY 10007-1867

CREDITOR ID: 278708-26
JOHNSON & JOHNSON
ATTN JOHN WERNICKI,
NATIONAL SALES DIRECTOR
PO BOX 751059
CHARLOTTE NC 28275

CREDITOR ID: 278695-26
KEEBLER COMPANY
ATTN DAN GILROY
PO BOX 73451
CHICAGO IL 60673-7451

CREDITOR ID: 278707-26
KELLOGG SALES COMPANY
ATTN RON MOSPEK, CREDIT MANAGER
PO BOX 905193
CHARLOTTE NC 28290-9051

CREDITOR ID: 278689-26
KIMBERLY CLARK
ATTN TED C. BANKER,  SR.
CREDIT MANAGER
PO BOX 915003
DALLAS TX 75391-5003

CREDITOR ID: 278681-26
KRAFT (KRAFT FOODS, KRAFT PIZZA,
NABISCO)
ATTN SANDRA SCHIRMANG
DIRECTOR OF CREDIT
22541 NETWORK PLACE
CHICAGO IL 60673-1225

CREDITOR ID: 278712-26
LOUISIANA COA-COLA
ATTN DICK STITELER,
DIRECTOR OF CUSTOMER FINANCIAL SVCS
1314 ERASTE LANDRY ROAD
LAFAYETTE LA 70506

CREDITOR ID: 278690-26
MCKEE FOODS CORPORATION
ATTN VALERIE PHILLIPS,
SR CREDIT MANAGER
PO BOX 2118
COLLEGEDALE TN 37315-2118

CREDITOR ID: 278810-XX
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS C O'DONNELL
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

CREDITOR ID: 278808-XX
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS F DUNNE
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

Service List
First Day Orders
Docket Nos. 31, 41, 42, 44, 46, 47, 48, 50, 57 and 58

**DEBTOR:   WINN-DIXIE STORES, INC.**                              **CASE:   05-11063 (SMB)**

CREDITOR ID: 278809-XX
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: LENA MANDEL
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

CREDITOR ID: 278811-XX
MORGAN LEWIS
ATTN: RICHARD S TODER
101 PARK AVENUE
NEW YORK NY 10178-0060

CREDITOR ID: 278831-XX
MORGAN, LEWIS & BOCKIUS LLP
ATTN: NEIL E. HERMAN, ESQ.
101 PARK AVENUE
NEW YORK NY 10178-0600

CREDITOR ID: 278801-99
MOTTS LLP
C/O RICHARD W WARD ESQ
2527 FAIRMOUNT STREET
DALLAS TX 75201

CREDITOR ID: 278684-26
NESTLE (NESTLE USA, NESTLE PURINA,
NESTLE WATER)
ATTN: PETER B KNOX
DIRECTOR OF CREDIT & COLLECTIONS
PO BOX 277817
ATLANTA GA 30384-7817

CREDITOR ID: 278796-99
NEW PLAN EXCEL REALTY TRUST INC
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DEAN C WALDT ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278795-99
NEW PLAN EXCEL REALTY TRUST INC
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN JEFFREY MEYERS ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278791-99
NEW PLAN EXCEL REALTY TRUST INC
C/O BALLARD SPAHR ANDREWS INGERSOLL
ATTN: JEFFREY MEYERS; DEAN C WALDT;
DAVID L POLLACK ESQS
1735 MARKET ST 51ST FL
PHILADELPHIA PA 19103

CREDITOR ID: 278786-99
NEW PLAN EXCEL REALTY TRUST INC
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DAVID L POLLACK ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 269393-17
OFFICE OF THE US ATTORNEY, SDNY
ATTN DAVID N KELLEY, ESQ
1 SAINT ANDREWS PLAZA, ROOM 619
NEW YORK NY 10007

CREDITOR ID: 278806-XX
OTTERBOURG STEINDLER HOUSTON ROSEN
ATTN: DAN FIORELLO
230 PARK AVE 29TH FL
NEW YORK NY 10169

CREDITOR ID: 278807-XX
OTTERBOURG STEINDLER HOUSTON ROSEN
ATTN: JONATHAN N HELFAT
230 PARK AVE 29TH FL
NEW YORK NY 10169

CREDITOR ID: 278049-17
PENSION BENEFIT GUARANTY CORP
ATTN BRADLEY D BELT, EXEC DIRECTOR
1200 K STREET NW
WASHINGTON DC 20005-4026

CREDITOR ID: 278812-XX
PEPPER HAMILTON LLP
ATTN: I WILLIAM COHEN
100 RENAISSANCE CENTER 36TH FL
DETROIT MI 48243-1157

CREDITOR ID: 278682-26
PEPSICO & SUBSIDIARIES
ATTN: MARTY SCAMINACI
DIRECTOR FINANCIAL SERVICES
PO BOX 844700
DALLAS TX 75284-4700

CREDITOR ID: 278699-26
POWERHOUSE PRODUCE LLC
ATTN JAMES BANKS, ACCOUNT MANAGER
PO BOX 368
RIVERHEAD NY 11901

CREDITOR ID: 278683-26
PROCTOR & GAMBLE DISTRIBUTING CO.
ATTN: JAY JONES, CR. MGR.
PO BOX 100537
ATLANTA GA 30384-0537

CREDITOR ID: 278725-27
RELIANCE STANDARD LIFE INSURANCE CO
ATTN BECKY CULVER
PO BOX 3050
MILWAUKEE WI 53201

CREDITOR ID: 278709-26
RIVERDALE FARMS
ATTN VANESSA FERNANDEZ, CONTROLLER
PO BOX 861093
ORLANDO FL 32886-3356

CREDITOR ID: 278705-26
ROSS LABORATORIES
ATTN PHIL POLK, CONTROLLER
DEPT L-281
COLUMBUS  OH 43260-0001

CREDITOR ID: 278711-26
SAFE HARBOR SEAFOOD
ATTN JACK JONES, CFO
4371 OCEAN STREET
MAYPORT FL 32233-2417

CREDITOR ID: 278718-26
SANDERSON FARMS
ATTN NEAL MORGAN, DIRECTOR OF SALES
PO BOX 988
LAUREL MS 39441-0988

CREDITOR ID: 278691-26
SARA LEE FOODS
ATTN JOEL CARTRIGHT,
CREDIT MANAGER
PO BOX 905466
CHARLOTTE NC 28290

CREDITOR ID: 278773-26
SCHERING PLOUGH HEALTH CARE
ATTN: JOHN GLYNN - DIRECTOR, TRADE
3030 JACKSON AVENUE
MEMPHIS TN 38151

CREDITOR ID: 278720-26
SCHERING PLOUGH HEALTH CARE
MIKE DAVIS, GROUP LEADER
SOUTHERN REGION
PO BOX 100373
ATLANTA GA 30384

CREDITOR ID: 278702-26
SCHREIBER FOODS, INC.
ATTN KRIS SKUPAS, CREDIT MANAGER
PO BOX 905008
CHARLOTTE NC 28290-5008

CREDITOR ID: 269678-17
SEC BOSTON DISTRICT OFFICE
ATTN WALTER G RICCIARDI, DIST ADMIN
73 TREMONT STREET, SUITE 600
BOSTON MA 02108-3912

CREDITOR ID: 269676-17
SEC HEADQUARTERS
450 FIFTH STREET NW
WASHINGTON DC 20549

CREDITOR ID: 269677-17
SEC NORTHEAST REGIONAL OFFICE
ATTN MARK SCHONFELD, REGIONAL DIR
233 BROADWAY
NEW YORK NY 10279

CREDITOR ID: 269679-17
SEC PHILADELPHIA DISTRICT OFFICE
ATTN ARTHUR S GABINET, DIST ADMIN
THE MELLON INDEPENDENCE CENTER
701 MARKET STREET
PHILADELPHIA PA 19106-1532

**Service List**
**First Day Orders**
**Docket Nos. 31, 41, 42, 44, 46, 47, 48, 50, 57 and 58**

**DEBTOR:    WINN-DIXIE STORES, INC.**

**CASE:    05-11063 (SMB)**

CREDITOR ID: 278728-27
SECURITIES MANAGEMENT AND
RESEARCH, INC.
ATTN SHERRY BAKER
24500 SOUTH SHORE BLVD SUITE 400
LEAGUE CITY TX 77573

CREDITOR ID: 278805-XX
SHEARMAN & STERLING LLP
ATTN: ANDREW TENZER
599 LEXINGTON AVE
NEW YORK NY 10022-6069

CREDITOR ID: 278826-99
TA/WESTERN LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
& STEVEN B FEIGENBAUM ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278782-99
TA/WESTERN LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 278818-99
THE WACKENHUT CORPORATION
C/O COZEN O'CONNOR
ATTN DAVID J LIEBMAN
1900 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278817-99
THE WACKENHUT CORPORATION
C/O COZEN O'CONNOR
ATTN NEAL D COLTON
1900 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278686-26
UNILEVER (HPC USA & BEST FOODS)
ATTN RICHARD BELLIS,
CREDIT MANAGER
1 JOHNS STREET
CLINTON CT 06413

CREDITOR ID: 278797-99
UNITED STATES TRUSTEE
33 WHITEHALL STREET 21ST FL
NEW YORK NY 10004

CREDITOR ID: 278692-26
US BANK CORPORATION
ATTN ANGELA TRUDEAU VP
RELATIONSHIP MANAGEMENT
PO BOX 790428
ST LOUIS MO 63179-0428

CREDITOR ID: 278723-27
VANGUARD GROUP INCORPORATED
THE VANGUARD GROUP
ATTN EARL E MCEVOY
PO BOX 2600
VALLEY FORGE PA 19482

CREDITOR ID: 278824-99
VICTORY INVESTMENTS INC
C/O LOCKE LIDDELL & SAPP LLP
ATTN C DAVIN BOLDISSAR ESQ
601 POLYDRAS ST STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278822-99
VICTORY INVESTMENTS INC
C/O LOCKE LIDDELL & SAPP LLP
ATTN OMER KUEBEL III ESQ
601 POYDRAS ST STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278820-99
VICTORY INVESTMENTS INC
C/O SCARELLA ROSEN & SLOME
ATTN ADAM L ROSEN ESQ
333 EARLE OVINGTON BLVD STE 901
UNIONDALE NY 11553

CREDITOR ID: 278823-99
VICTORY REAL ESTATE INVESTMENTS LLC
C/O LOCKE LIDDELL & SAPP LLP
ATTN C DAVIN BOLDISSAR ESQ
601 POYDRAS ST STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278821-99
VICTORY REAL ESTATE INVESTMENTS LLC
C/O LOCKE LIDDELL & SAPP LLP
ATTN OMER KUEBEL III ESQ
601 POYDRAS ST STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278819-99
VICTORY REAL ESTATE INVESTMENTS LLC
C/O SCARELLA ROSEN & SLOME
ATTN ADAM L ROSEN ESQ
333 EARLE OVINGTON BLVD STE 901
UNIONDALE NY 11553

CREDITOR ID: 278794-99
VICTORY REAL ESTATE INVESTMENTS LLC
VICTORY INVESTMENTS INC
C/O LOCKE LIDDELL & SAPP LLP
ATTN: OMER KUEBEL/C DAVIN BOLDISSAR
601 POYDRAS STREET STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278793-99
VICTORY REAL ESTATE INVESTMENTS LLC
VICTORY INVESTMENTS INC
C/O SCARCELLA ROSEN & SLOME LLP
ATTN: ADAM L ROSEN ESQ
333 EARLE OVINGTON BLVD STE 901
UNIONDALE  NY 11553

CREDITOR ID: 278777-99
WACKENHUT CORPORATION
C/O COZEN O'CONNOR
ATTN: NEAL D COLTON; DAVID LIEBMAN
1900 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278715-26
WARNER LAMBERT CONSUMER GROUP
ATTN ANDY HELVESTON
400 WEST LINCOLN AVENUE
LITITZ PA 17543

CREDITOR ID: 278813-XX
WARNER STEVENS LLP
ATTN: MICHAEL D WARNER
1700 CITY CENTER TOWER II
301 COMMERCE STREET
FORT WORTH TX 76102

CREDITOR ID: 278727-27
WELLINGTON MANAGEMENT CO. LLP
GATEWAY CENTER THREE
ATTN EARL E MCEVOY
100 MULBERRY STREET
NEWARK NJ 07102

CREDITOR ID: 278779-99
WESTERN UNION FINANCIAL SERVICES
C/O FRANK/GECKER LLP
ATTN: JOSEPH D FRANK; MICAH KROHN
325 N LASALLE ST STE 625
CHICAGO IL 60610

CREDITOR ID: 278721-27
WILMINGTON TRUST COMPANY AS
INDENTURE TRUSTEE
ATTN CORPORATE TRUST DEPARTMENT
RODNEY SQUARE NORTH
WILMINGTON DE 19890

CREDITOR ID: 278714-26
WYETH CONSUMER HEALTHCARE
ATTN LARRY SANDERS, VP GLOBAL FINAN
PO BOX 75296
CHARLOTTE NC 28275-5296

**Total:    115**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., <u>et al.</u>,** | : | **Case No. 05-11063** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

--------------------------------------------------------------x

<u>**NOTICE OF HEARING ON FIRST DAY MOTIONS**</u>

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing has been scheduled for February 22, 2005, at 2:00 p.m. ET, before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, to consider <u>certain</u> of the following first day requests for relief made by Winn-Dixie Stores, Inc. and its debtor affiliates:[1]

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie

Motion for Joint Administration

Application for Authority to Retain Skadden, Arps, Slate, Meagher & Flom LLP as Lead Restructuring and Bankruptcy Counsel to the Debtors

Application for Authority to Retain King & Spalding LLP as Bankruptcy Co-Counsel and General Corporate Counsel to the Debtors

Motion for Authority (A) to Prepare a Consolidated List of Creditors and a List of Equity Security Holders in Lieu of a Matrix, (B) to File a Consolidated List of the Fifty Largest General Unsecured Creditors, and (C) to Mail Initial Notice

Motion for Approval of Notice Procedures and Scheduling Omnibus Hearings

Application for Approval of Agreement with Logan & Company, Inc. and Appointment of Logan & Company, Inc. as Claims, Noticing, and Balloting Agent for the Debtors

Motion for Additional Time to File Schedules and Statements of Financial Affairs

Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)

Motion for Authority (A) to Maintain Existing Bank Accounts and Cash Management System, (B) to Continue Use of Existing Checks, and (C) to Continue Use of Current Investment Policy

Motion for Authority to Pay (A) Pre-Petition Compensation, Payroll Taxes, Employee Benefits, and Related Expenses, (B) Expenses Related to Independent Contractors, and (C) Retiree Benefits

Motion for Authority to Honor Certain Pre-Petition Customer Obligations

Motion for Authority to Turn Over Certain Funds Held in Trust and to Continue Performance and Honor Obligations Under Consignment Arrangements

Motion for Authority to Continue Pre-Petition Insurance and Workers' Compensation Programs and to Pay Pre-Petition Premiums, Related Obligations, and Premium Financing Payments

Motion for Authority to Pay Pre-Petition Taxes and Other Ordinary Course Governmental Obligations

Motion for Order (A) Granting Administrative Expense Status to Debtors' Undisputed Obligations Arising from the Post-Petition Delivery of Goods Ordered in the Pre-Petition Period and Authorizing the Debtors to Pay Such Obligations in the Ordinary Course of Business; and (B) Authorizing Payment of Pre-Petition Common Carrier and Warehouse Charges

---

Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Actr

Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods

Motion for Authority to Pay Certain Work-in-Progress Claims of On-Site Providers as Necessary to Avoid Disruption to Operations

Motion for Order (A) Deeming Utilities Adequately Assured of Payment, (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services, and (C) Establishing Procedures for Resolving Requests for Additional Assurance

Motion for Authority to Reject Certain Real Property Leases, Effective as of Petition Date

Application for Authority to Retain The Blackstone Group, L.P. as Financial Advisors

Application for Authority to Employ XRoads Solutions Group LLC as Financial and Operations Restructuring Consultants

Application for Authority to Retain Kirschner & Legler, P.A. as Special Corporate Finance Counsel to the Debtors

Application for Authority to Retain Smith, Gambrell & Russell, LLP as Special Real Estate Counsel to the Debtors

Motion for Approval of Retention and Compensation of Professionals Used in the Ordinary Course of Business

Motion for Approval of Interim Compensation Procedures for Professionals

Dated:  February 22, 2005
        New York, New York


                              /s/      D. J. Baker
                              D. J. Baker (DB 0085)
                              Sally McDonald Henry (SH 0839)
                              Rosalie Walker Gray
                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                              Four Times Square
                              New York, New York 10036
                              Telephone:  (212) 735-3000
                              Facsimile:   (917) 777-2150

                              - and -

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia  30303
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

PROPOSED ATTORNEYS FOR THE DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                               :
                                                    :        **Chapter 11**
                                                    :
**WINN-DIXIE STORES, INC., et al.,**                :        **Case No. 05-11063 (RDD)**
                                                    :
                      **Debtors.**                  :        **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

### ORDER (A) ESTABLISHING NOTICE PROCEDURES ON INTERIM BASIS AND (B) CONTINUING HEARING WITH RESPECT TO SCHEDULING OMNIBUS HEARINGS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and

its debtor affiliates (collectively, the "Debtors") for an order establishing notice procedures and

scheduling omnibus hearings, all as more fully set forth in the Motion; and upon consideration of

the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local

Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February,

2005; and the Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to

Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July

19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having

been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank,

N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors'

noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further

notice being required; and the relief requested in the Motion being in the best interests of the

Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in part on an interim basis until such time

as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

ORDERED that any objection to the relief requested by the Motion must be filed

with the Court, along with copy to Chambers, and be served upon (i) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York,

New York  10004; (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times

Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP,

191 Peachtree Street, Atlanta, Georgia  30303, so as to be received by March 3, 2005 at 4:00

p.m.; and it is further

ORDERED that the Debtors shall establish a master service list (the "Master

Service List") that shall initially include the following parties in interest:  (i) the Office of the

United States Trustee for the Southern District of New York; (ii) the Debtors; (iii) the attorneys

for the Debtors; (iv) prior to the appointment of an official committee of unsecured creditors (the

"Committee"), the Debtors' fifty (50) largest unsecured creditors on a consolidated basis;

(v) following the appointment of the Committee, the members of and attorneys for the

Committee; (vi) the attorneys for any other committee appointed by the Court; (vii) the attorneys

for the Debtors' senior secured lenders; (viii) counsel to the Agent for the Debtors' proposed

post-petition debtor-in-possession lenders; (ix) the indenture trustee for the holders of the

Debtors' 8 7/8% Senior Notes due 2008; (x) those persons who have formally appeared and

requested service in these cases pursuant to Bankruptcy Rule 2002; and (xi) the Securities and

Exchange Commission, the Internal Revenue Service, state and federal attorneys general, and

other government agencies, to the extent required by the Bankruptcy Rules and the Local Rules;

and it is further

ORDERED that the Debtors are authorized to limit notice to those parties in

interest included in the Master Service List for all matters covered by Bankruptcy Rule 2002 (the

"Rule 2002 Matters"); and it is further

ORDERED that in the case of proceedings other than Rule 2002 Matters, absent

further Court order, the Debtors are authorized to limit notice to those parties included on the

Master Service List and any other person whose specific rights or interests are directly affected

by such proceeding; and it is further

ORDERED that the Debtors or their Court-appointed claims agent shall update

the Master Service List monthly and shall file an updated Master Service List with the Court if it

includes changes from the last Master Service List filed with the Court; and it is further

ORDERED that notwithstanding the foregoing, notice of the following shall be

provided to all known creditors and other parties in interest, at their last address known to the

Debtors, unless otherwise ordered by the Court:  (a) notice of the first meeting of creditors

pursuant to Section 341 or 1104(b) of the Bankruptcy Code; (b) notice of the time fixed for filing

proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing

objections and the hearing to consider approval of a disclosure statement; (d) notice of the time

fixed for filing objections and the hearing to consider confirmation of a plan of reorganization;

(e) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization;

(f) notice of any hearing on dismissal of the Chapter 11 cases or their conversion to another

chapter; and (g) notice of the time fixed for accepting or rejecting a proposed modification to a

plan of reorganization; and it is further

        ORDERED that the Court's consideration of that portion of the Motion that seeks

to establish omnibus hearings shall be continued to the Final Hearing Date; and it is further

        ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order; and it is further

        ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the

Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 23, 2005
     New York, New York


                           **/s/  STUART M. BERNSTEIN**
                          UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                            :
                                                 :        **Chapter 11**
                                                 :
**WINN-DIXIE STORES, INC., et al.,**             :        **Case No. 05-11063 (RDD)**
                                                 :
            **Debtors.**                         :        **(Jointly Administered)**
                                                 :
-----------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING DEBTORS (A) TO MAINTAIN EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (B) TO CONTINUE USE OF EXISTING CHECKS, AND (C) TO CONTINUE USE OF EXISTING INVESTMENT GUIDELINES

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to maintain existing bank accounts and cash management system, to continue use of existing checks, and to continue use of existing investment guidelines; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A. ("Wachovia"), as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or

further notice being required; and the relief requested in the Motion being in the best interests of

the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the

Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

ORDERED that any objection to the relief requested by the Motion on a final

basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York  10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher &

Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King

& Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303; and (iv) Pratap Mukharji, Bain

& Company, Inc., The Monarch Tower, Suite 1200, 3424 Peachtree Road, NE  Atlanta, GA

30326, so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized to continue to use their pre-petition

cash management system procedures, as described in the Motion, in the ordinary course of

business; and it is further

ORDERED that the Cash Management Banks (as defined in the Motion) are

authorized to continue to service and administer all of the Debtors' bank accounts, including the

accounts identified on Exhibit A to the Motion (collectively, the "Bank Accounts"), as accounts

of the respective Debtor as a debtor-in-possession without interruption and in the usual and

ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or

automated clearing house transfers ("ACH Transfers") drawn on the Bank Accounts after

February 21, 2005 (the "Petition Date") by holders or makers thereof, as the case may be, subject

to the availability of funds, and, in the event it is determined that any Bank Account was

inadvertently omitted from Exhibit A to the Motion, the relief sought herein shall be deemed to

apply to any and all Bank Accounts maintained in the Debtors' names; and it is further

ORDERED that the Debtors are authorized and empowered (a) to designate,

maintain, and continue to use any and all existing bank accounts with the same account numbers,

including, without limitation, the accounts identified in Exhibit A to the Motion; and (b) to treat

the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession; and it is

further

ORDERED that the Cash Management Banks shall designate each of the Bank

Accounts as a "debtor-in-possession" or "DIP" account; and it is further

ORDERED that the Cash Management Banks and their affiliates, successors, and

assigns, pursuant to Sections 105 and 362(a) of the Bankruptcy Code, are stayed from offsetting,

freezing, recouping, affecting, or otherwise impeding the use or transfer of or access to any funds

of the Debtors or cash collateral (as defined in Section 363(a) of the Bankruptcy Code),

contained or deposited in the Bank Accounts maintained by the Debtors or their affiliates, on or

after the Petition Date by reason of any claim (as defined in Section 101(5) of the Bankruptcy

Code) of the Cash Management Banks against the Debtors that arose before the Petition Date;

and it is further

ORDERED that, notwithstanding anything to the contrary in any other order entered in the Debtors' Chapter 11 cases substantially contemporaneously with this Order, the Cash Management Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by any order(s) of the Court, (b) have no duty to inquire as to whether such payments are authorized by any order(s) of the Court, and (c) have no liability to any party on account of the Debtors' instructions in accordance with this Order or for honoring a pre-petition check or other item as the result of an innocent mistake made despite implementation of customary item handling procedures; and it is further

ORDERED that nothing contained herein shall prevent the Debtors and Wachovia from implementing changes to the cash management system, including, but not limited to, the opening of any additional bank accounts or closing of any existing bank account(s) as they may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation and that is organized under the laws of the United States or any State therein and shall be designated a "debtor-in-possession" or "DIP" account by the respective Cash Management Bank; and it is further

ORDERED that the Debtors are authorized to continue to consolidate the management of their cash and cash equivalents, including, without limitation, their pre-petition procedures related to investments of cash, and to effectuate the transfer of funds among the

Debtors in the ordinary course of business, when and in the amounts determined by the Debtors

to be necessary to maintain the various aspects of their business operations; provided, however,

that (a) the Debtors shall maintain strict records of all such transfers in a manner so that all

transactions can be readily ascertained; (b) all net post-petition advances by and among the

Debtors shall be granted super-priority administrative expense status and shall have priority over

any and all administrative expenses (incurred by any of the Debtors) of the kind specified in

Section 503(b) and 507(b) of the Bankruptcy Code, subject and subordinate only to (i) any super-

priority administrative claims granted by this Court in connection with any motion filed by the

Debtors authorizing them to obtain post-petition financing, (ii) any payments required to be

made to the United States Trustee as specified in 28 U.S.C. § 1930, (iii) reasonable fees and

expenses of a trustee under Section 726(b) of the Bankruptcy Code, and (iv) any compensation

allowed by this Court under Sections 328, 330, or 331 of the Bankruptcy Code to any

professional retained by the Debtors or any official committee appointed in these cases; (c) the

Debtors shall pay the Cash Management Banks any reasonable fees, consistent with pre-petition

practices, related to the post-petition services provided by the Cash Management Banks; and (d)

in the course of providing cash management services to the Debtors, Wachovia is authorized,

without further Order of this Court, to deduct from accounts of the Debtors its customary fees

and expenses based upon the nature of the deposit and cash management services rendered to the

Debtors, after the Petition Date, and further, to charge back to the appropriate accounts of the

Debtors any amounts resulting from, among other things, cash services, branch transactions,

issuance of checks, returned checks, other returned items, or settlement of ACH transfers,

regardless of whether such transactions relate to pre-petition or post-petition activities, and all of

such deductions and charge-backs by Wachovia shall be entitled to administrative expense priority; and it is further

ORDERED that any and all accounts opened by the Debtors on or after the Petition Date at any Cash Management Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order; and it is further

ORDERED that the Debtors and the Cash Management Banks are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order, including, but not limited to, that certain "Deposit Agreement and Disclosure for Non-Personal Accounts between Wachovia and the Debtors (the "Wachovia Agreement") shall continue to govern the post-petition cash management relationship between the Debtors and Wachovia, and that all of the provisions of such agreement, including, without limitation, the termination and fee provisions, shall remain in full force and effect.  The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code.  Nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that Wachovia is authorized to terminate the Wachovia Agreement or any services provided thereunder on not less than thirty (30) days' prior written notice to the Debtors or as otherwise provided in the Wachovia Agreement; and it is further

ORDERED that, absent consent of Wachovia, Debtors shall not terminate the Wachovia Agreement on less than thirty (30) days' prior written notice to Wachovia.

ORDERED that the Debtors are authorized to continue to use their existing checks, provided that each check is affixed with a "debtor-in-possession" or "DIP" legend; and it is further

ORDERED that the Debtors are authorized to continue their current investment practices as described in the Motion; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
        New York, New York

**/s/   STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                :
                                                     :        **Chapter 11**
                                                     :
**WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,**           :        **Case No. 05-11063 (RDD)**
                                                     :
             **Debtors.**                            :        **(Jointly Administered)**
                                                     :
-----------------------------------------------------------------x

## INTERIM ORDER AUTHORIZING DEBTORS TO PAY (A) PRE-PETITION COMPENSATION, PAYROLL TAXES, EMPLOYEE BENEFITS, AND RELATED EXPENSES, (B) EXPENSES RELATED TO INDEPENDENT CONTRACTORS, AND (C) CERTAIN RETIREE BENEFITS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") order (i) authorizing the Debtors to pay Pre-Petition Employee Obligations (as defined in the Motion) and to continue to honor pre-petition practices, programs and policies with respect to their employees, (ii) authorizing the Debtors to pay the Independent Contractors (as defined in the Motion) and the temporary services or agencies providing such Independent Contractors, (iii) authorizing the Debtors to pay the Non-Qualified Plan Obligations (as defined in the Motion), on an interim basis, (iv) authorizing the Debtors to pay the Qualified Plan Obligations (as defined in the Motion), and (v) authorizing and directing the Debtors' banks and other financial institutions (collectively, the "Banks") to receive, process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis, until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York  10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized to pay the Pre-Petition Employee Obligations and other related expenses that have accrued by virtue of the services rendered by their employees prior to the Petition Date; and it is further

ORDERED that the Debtors are authorized to continue to honor their pre-petition practices, programs, and policies with respect to the Debtors' employees; and it is further

ORDERED that the Debtors are authorized to pay the Independent Contractor Obligations; and it is further

ORDERED that the Debtors are authorized to pay the Non-Qualified Plan Obligations, on an interim basis, consistent with their ordinary business practices; and it is further

ORDERED that the Debtors are authorized to pay the Qualified Plan Obligations, consistent with their ordinary business practices; and it is further

ORDERED that, subject to the availability of funds, the Banks are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Pre-Petition Employee Obligations, the Independent Contractor Obligations, and the Retiree Obligations; and it is further

ORDERED that the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Pre-Petition Employee Obligations, the Independent Contractor Obligations, and the Retiree Obligations may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment by the Debtors to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February 22, 2005
      New York, New York

                                          **/s/  STUART M. BERNSTEIN**
                                     UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                             :
                                                  :        **Chapter 11**
                                                  :
**WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,**          :        **Case No. 05-11063 (RDD)**
                                                  :
              **Debtors.**                        :        **(Jointly Administered)**
                                                  :
-------------------------------------------------------------x

## INTERIM ORDER AUTHORIZING DEBTORS TO HONOR <u>CERTAIN PRE-PETITION CUSTOMER OBLIGATIONS</u>

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores,

Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to

pay pre-petition customer obligations arising in connection with their Customer Programs (as

defined in the Motion) pursuant to Sections 105(a) and 507(a)(6) of the Bankruptcy Code, all as

more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L.

Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-

Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157

and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District

Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and

1409; and due and proper notice of the Motion having been provided to (i) the Office of the

United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured

lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50)

largest unsecured creditors, and no other or further notice being required; and the relief requested

in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court

having reviewed the Motion; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the

Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

ORDERED that any objection to the relief requested by the Motion on a final

basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom

LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King &

Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, so as to be received by March 3,

2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not required, to continue to honor

all pre-petition obligations under the Customer Programs that they deem are necessary and in the

best interests of their estates, creditors, and interest holders, in the same manner as such

obligations were honored before the commencement of the Debtors' Chapter 11 cases; and it is

further

ORDERED that, subject to the availability of funds, the Debtors' banks and

financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any

and all checks or electronic transfers issued in connection with the Customer Programs; and it is further

ORDERED that the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Customer Programs may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that nothing in the Motion shall be deemed a request for authority to assume, and nothing in this Order shall be deemed an authorization to assume, any executory contract under 11 U.S.C. § 365; and it is further

ORDERED that, except as provided herein, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' customers or any other third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the

Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
       New York, New York


                                  **/s/   STUART M. BERNSTEIN**
                                  UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
                                                         :
**WINN-DIXIE STORES, INC., et al.,**                     :        **Case No. 05-11063 (RDD)**
                                                         :
            **Debtors.**                                 :        **(Jointly Administered)**
                                                         :
------------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING THE DEBTORS TO TURN OVER CERTAIN FUNDS HELD IN TRUST AND TO CONTINUE PERFORMANCE AND HONOR OBLIGATIONS UNDER CONSIGNMENT ARRANGEMENTS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to turn over certain funds held in trust and to continue performance and honor their obligations under consignment arrangements; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or further

notice being required; and the relief requested in the Motion being in the best interests of the

Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the

Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

ORDERED that any objection to the relief requested by the Motion on a final

basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York  10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher &

Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders,

King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, so as to be received by

March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Lottery

Proceeds (as defined in the Motion) to the Lottery Agencies (as defined in the Motion),

consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is

further

ORDERED that the Debtors are authorized, but not directed, to pay all Gift Card

Proceeds (as defined in the Motion) to American Express Travel Related Services Company, Inc.

("AMEX"), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all WUNA Funds (as defined in the Motion) to Western Union North America ("WUNA"), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Consignment Proceeds (as defined in the Motion) to the Consignment Vendors (as defined in the Motion), consistent with the Debtors' policies and practices in effect as of the Petition Date, and to continue performance and honor their obligations under their pre-petition consignment sales arrangements (the "Consignment Arrangements"); and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to contest the amount of any Lottery Proceeds, Gift Card Proceeds, WUNA Funds, or Consignment Proceeds, whether or not paid pursuant to this Order, or to seek a refund of the same; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, the Lottery Agencies, AMEX, WUNA, the Consignment Vendors, or any third party; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
          New York, New York


                                        **/s/   STUART M. BERNSTEIN**
                                        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | |
| | : | Chapter 11 Case No. |
| | : | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | : | Case No. 05-11063 (RDD) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------------x

### INTERIM ORDER GRANTING AUTHORITY TO CONTINUE PRE-PETITION INSURANCE AND WORKERS' COMPENSATION PROGRAMS AND TO PAY PRE-PETITION PREMIUMS, RELATED OBLIGATIONS, AND PREMIUM FINANCING PAYMENTS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to continue pre-petition insurance and workers' compensation programs (the "Programs") and to pay pre-petition obligations and premium financing payments in connection therewith (the "Obligations"); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors'

noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303 so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not required, to maintain the Programs; and it is further

ORDERED that the Debtors are authorized, but not required, to pay Obligations necessary to maintain the Programs, including premium financing payments; and it is further

ORDERED that the Debtors are authorized, but not required, to pay pre-petition Workers' Compensation Claims (as defined in the Motion) pending against the Debtors under the Programs; and it is further

ORDERED that, subject to the availability of funds, the Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Programs; and it is further

ORDERED the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Programs may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that authorization of the payment of the Obligations shall not be deemed to constitute the post-petition assumption of any executory contract pursuant to Section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall affect the Debtors' right to contest the amount or validity of any Obligations, in whole or in part; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance providers or any third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order, and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
        New York, New York


                                    **/s/   STUART M. BERNSTEIN**
                                    UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                              :
                                                   :        **Chapter 11**
                                                   :
**WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,**          :        **Case No. 05-11063 (RDD)**
                                                   :
                    **Debtors.**                   :        **(Jointly Administered)**
                                                   :
----------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION TAXES AND**
<u>**OTHER ORDINARY COURSE GOVERNMENTAL OBLIGATIONS**</u>

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and

its debtor affiliates (collectively, the "Debtors") for authority to pay pre-petition tax, fee, and fine

obligations (collectively, the "Governmental Obligations") owing in the ordinary course to

certain federal, state, and local governmental entities, both domestic and foreign (collectively,

the "Governmental Entities"), in the Debtors' discretion, with preference for sales, use, gasoline,

gross-receipts, and other trust-fund taxes; all as more fully set forth in the Motion; and upon

consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule

1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the

21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the

relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for

Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the

Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303 so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Governmental Obligations to Governmental Entities, consistent with the Debtors' policies and practices in effect as of the commencement of the Debtors' Chapter 11 cases, but subject to any limitations that may exist in any cash collateral or post-petition financing documents or orders; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to contest the amount or basis of any of the Governmental Obligations, whether or not paid pursuant to this Order, or to seek a refund of the same; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, the Governmental Entities or any third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
        New York, New York

        **/s/   STUART M. BERNSTEIN**
        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11**
                                                         :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**              :        **Case No. 05-11063 (RDD)**
                                                         :
         **Debtors.**                                    :        **(Jointly Administered)**
                                                         :
------------------------------------------------------------x

## ORDER (A) GRANTING, ON A FINAL BASIS, ADMINISTRATIVE EXPENSE STATUS TO DEBTORS' UNDISPUTED OBLIGATIONS ARISING FROM THE POST-PETITION DELIVERY OF GOODS ORDERED IN THE PRE-PETITION PERIOD AND AUTHORIZING THE DEBTORS TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS AND (B) AUTHORIZING, ON AN INTERIM BASIS, <u>PAYMENT OF PRE-PETITION COMMON CARRIER AND WAREHOUSE CHARGES</u>

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order granting administrative expense status to the Debtors' undisputed obligations arising from the Outstanding Orders (as defined in the Motion) and authorizing the Debtors to pay such obligations in the ordinary course of business, and authorizing the Debtors to pay the Common Carrier Charges and Warehouse Charges (each as defined in the Motion); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for

Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the

Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors; and no other or

further notice being required; and the relief requested in the Motion being in the best interests of

the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the

Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted, in part on a final basis and in part on an

interim basis until such time as the Court conducts a final hearing on this matter (the "Final

Hearing Date"); and it is further

      ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

      ORDERED that any objection to the relief requested by the Motion on a final

basis regarding Common Carrier and Warehouse Charges must be filed with the Court, along

with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York  10004;

(ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York,

New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street,

Atlanta, Georgia  30303 so as to be received by March 3, 2005 at 4:00 p.m.; and it is further

      ORDERED that the Debtors are authorized, but not directed, to honor or pay

those obligations arising from the post-petition delivery of goods ordered by the Debtors before

the Petition Date.  For purposes of this Order, goods shall be deemed to be delivered to the

Debtors post-petition (a) if possession or control of such goods is transferred to the Debtors on or

after the Petition Date, or (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of

loss of such goods passes to the Debtors on or after the Petition Date, such as by a vendor's

tender of such goods free on board (F.O.B.) to a carrier; and is further

ORDERED that the payment of an obligation arising from the Outstanding Orders

shall not preclude the Debtors from contesting the validity of such amounts claimed to be due;

and it is further

ORDERED on an interim basis that the Debtors are authorized, but not directed,

to honor and pay all Common Carrier Charges and all Warehouse Charges, consistent with their

customary practice in the ordinary course of their businesses; and it is further

ORDERED on an interim basis that the payment of an obligation arising from the

Common Carrier Charges and the Warehouse Charges shall not preclude the Debtors from

contesting the validity of such amounts claimed to be due; and it is further

ORDERED on an interim basis that, subject to the availability of funds, the

Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process,

honor, and pay any and all checks or electronic transfers issued in connection with the Common

Carrier Charges and the Warehouse Charges; and it is further

ORDERED on an interim basis that the Banks that process, honor, and pay any

and all checks and electronic transfers on account of the Common Carrier Charges and the

Warehouse Charges may rely on the representations of the Debtors as to which checks or

electronic transfers are issued and authorized to be paid in accordance with this Order without

any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Vendor, Common Carrier, Warehousemen, or any third party; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 22, 2005
         New York, New York

      **/s/  STUART M. BERNSTEIN**
      UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
In re                                          :
                                               :          **Chapter 11**
                                               :
**WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,**          :          **Case No. 05-11063 (RDD)**
                                               :
           **Debtors.**                        :          **(Jointly Administered)**
                                               :
----------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING DEBTORS TO PAY
### CERTAIN WORK-IN-PROGRESS CLAIMS OF ON-SITE PROVIDERS
### <u>AS NECESSARY TO AVOID DISRUPTION TO OPERATIONS</u>

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores,

Inc. and its debtor affiliates (collectively, the "Debtors") for authority to pay certain pre-petition

claims (the "Work-in-Progress Claims") of repairmen, contractors, subcontractors, mechanics,

materialmen, maintenance providers, or other service providers (collectively, the "On-Site

Providers") involved in on-site projects that are in process as of the commencement of these

cases or routine maintenance functions as necessary to avoid disruption to the Debtors'

operations; all as more fully set forth in the Motion; and upon consideration of the Declaration of

Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support

of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court

Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the

Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the

Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and

the relief requested in the Motion being in the best interests of the Debtors, their estates, and

creditors; and the Court having reviewed the Motion; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and upon all of the proceedings had before the Court; and after due deliberation and sufficient

cause appearing therefor, it is

       ORDERED that the Motion is granted on an interim basis until such time as the

Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

       ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and

it is further

       ORDERED that any objection to the relief requested by the Motion on a final

basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York  10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher &

Flom LLP, Four Times Square, New York, New York 10036; and (iii) Sarah Robinson Borders,

King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303, so as to be received by

March 3, 2005 at 4:00 p.m.; and it is further

       ORDERED that the Debtors are authorized, but not directed, to make payments

(the "Payments") on the Work-in-Progress Claims of the On-Site Providers on the following

terms and conditions:

(a)     The Debtors, in their discretion, shall determine which On-Site Providers, if any, are entitled to Payments under this Motion, subject to the provisions below;

(b)     The On-Site Providers must either (i) be engaged in providing Goods or Services with respect to a project at the Debtors' facilities that is incomplete as of the Petition Date or (ii) be engaged in performing Routine Maintenance in one of the Debtors' stores;

(c)     The Debtors must conclude (i) that the Goods or Services of the On-Site Provider at issue are essential to the proper or timely completion of the project or to the ongoing maintenance of a store, (ii) that the On-Site Provider will refuse to continue providing such Goods or Services if the Work-in-Progress Claims are not paid, and (iii) that the Debtors' facilities or operations will be adversely affected if the Improvements are not properly or timely completed or the Routine Maintenance is not regularly performed;

(d)     As a condition to receiving a Payment, the On-Site Provider must agree to continue providing Goods or Services to the Debtors as necessary to complete the Improvements or perform the Routine Maintenance on terms at least as favorable as the On-Site Provider made available to the Debtors prior to the Petition Date; and

(e)     Prior to making a Payment to an On-Site Provider under this Order, the Debtors may, in their discretion, settle all or some of the Work-in-Progress Claims of the On-Site Providers for less than their face amount without further notice or hearing;

provided, however, that on an interim basis the Debtors shall not make payments for prepetition services to any On-Site Provider whom they determine is obligated under the terms of a written contract that has neither expired by its own terms nor been validly cancelled or rescinded, unless such On-Site Provider may assert a mechanic's or materialmen's lien with respect to any Work-in-Progress Claim; and provided, further, however, that any payments made pursuant to this Order shall not prejudice the rights of the Debtors or any official committee appointed in these cases to recover such payments if the final disposition of the Motion is contrary to the relief granted herein; and it is further

ORDERED that an On-Site Provider's acceptance of payment under this Order is deemed to be an acceptance of the terms of this Order, and if the On-Site Provider thereafter does not provide the Debtors with customary trade credit terms during the pendency of these Chapter 11 cases, any payment of Work-in-Progress Claims made after the Petition Date may be deemed to be unauthorized and avoidable by the Debtors pursuant to Section 549 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized, but not directed, to obtain written verification of trade credit terms to be provided by an On-Site Provider before making any payment to such On-Site Provider pursuant to this Order; and it is further

ORDERED that the entry of this Order is without prejudice to the right of the Debtors to contest the amount of any invoice of an On-Site Provider on any grounds; and it is further

ORDERED that nothing in this Order shall constitute a determination regarding whether any On-Site Provider's refusal or threatened refusal to do business with the Debtors or to comply with an executory contract following the Petition Date violates the automatic stay of Section 362(a) of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any party subject to this Order; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.


Dated:  February 23, 2005
        New York, New York


                                    /s/   **STUART M. BERNSTEIN**
                                    UNITED STATES BANKRUPTCY JUDGE