UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-11063<br><br>(Jointly Administered) |
|---|---|

**AFFIDAVIT OF SERVICE**

I, Kathleen M. Logan, hereby certify under penalty that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey.

3. On or about February 25, 2005, I caused copies of:

- the Notice of Further Hearing on Emergency Motion Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)

- Interim Order Pursuant to Sections 105, 361, 362, 362, 364(c) and 365(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, (III) Authorizing Debtors to Pay in Full All Claims of Debtors' Pre-Petition Secured Lenders, and (IV) Prescribing Form and Manner of Notice and Time for Final Hearing

- the Notice of Further Hearing on Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agriculture Commodities Act

- the Interim Order Granting the Debtors Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act

- the Order (a) Authorizing, on an Interim Basis, Return of Goods Pursuant to 11 U.S.C. Sections 546(g), (B) Establishing, on an Interim Basis, Procedures for Treatment of Reclamation Claims, and (c) Prohibiting Third Parties from Interfering with Delivery of Goods

to be inserted in first class, postage pre-paid and pre-addressed envelopes and delivered to the U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. Copy of the served Notices and Orders listed above are attached hereto as Exhibit B.

Dated: February 26, 2005

Kathleen M. Logan

**EXHIBIT A**

**Service List**

**DIP, PACA, Reclamation Orders**

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278842-30
5 BROTHERS PRODUCE INC
PO BOX 349168
HOMESTEAD FL 33034-9168

CREDITOR ID: 278843-30
A DUDA & SONS INC
FEDI VENDOR
PO BOX 116207
LBX# 116207
ATLANTA GA 30368-2207

CREDITOR ID: 278844-30
A MARTINEZ PRODUCE
8181 NW SOUTH RIVER DR #D443
MEDLEY FL 33166

CREDITOR ID: 279082-32
ADS SEAFOOD, INC. D/B/A
ATLANTIC FISHERIES
C/O MORREL & WATSON, PA
187 LAKE MORTON DRIVE
LAKELAND FL 33801-5306

CREDITOR ID: 279021-99
AIRGAS INC
ATTN DAVID BOYLE
259 RADNOR-CHESTER RD STE 100
PO BOX 6675
RADNOR PA 19087-8675

CREDITOR ID: 279019-99
AIRGAS INC
C/O SMITH KATZENSTEIN & FURLOW
ATTN KATHLEEN M MILLER ESQ
800 DELAWARE AVE 7TH FLR
PO BOX 410
WILMINGTON DE 19899

CREDITOR ID: 278977-32
AKIN GUMP STRAUSS HAUER & FELD LLP
ATTN: SARAH LINK SCHULTZ
1700 PACIFIC AVENUE, SUITE 4100
DALLAS TX 75201-4675

CREDITOR ID: 278730-28
AL - DEPT. OF REVENUE
ATTN: DWIGHT CARLISLE
ALABAMA DEPARTMENT OF REVENUE
GORDON PERSONS BUILDING
50 N. RIPLEY STREET
MONTGOMERY AL 36132

CREDITOR ID: 278731-28
AL - DEPT. OF REVENUE
ATTN: TREY GRANGER
GENERAL COUNSEL - SECRETARY OF STATE OF ALABAMA
OFFICE OF THE SECRETARY OF STATE
PO BOX 5616
MONTGOMERY AL 36103-5616

CREDITOR ID: 278845-30
ALDERSHOT OF N MEX INC
4884 S MAIN STREET
MESILLA PARK NM 88047-9720

CREDITOR ID: 278834-99
ALLMAN SPRY LEGGETT & CRUMPLER
ATTN LEGGETT R BRADFORD ESQ
380 KNOLLWOOD ST STE 700
WINSTON-SALEM NC 27113-5129

CREDITOR ID: 278732-28
AMERICAN BANK NOTE COMPANY
AS AGENT FOR THE UNITED STATES POSTAL SERVICE
ATTN: BRUCE ACKERMAN
VP BUSINESS DEVELOPMENT

CREDITOR ID: 278846-30
AMERICAN FRUIT & PRODUCE
12805 NW 42ND AVENUE
OPA-LOCKA FL 33054

CREDITOR ID: 278724-27
AMERIPRIME FUNDS
IMS CAPITAL MANAGEMENT
ATTN CARL W MARKER
8995 SE OTTY ROAD
PORTLAND OR 97266

CREDITOR ID: 278733-28
AMSOUTH BANK
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL

CREDITOR ID: 278061-22
AMSOUTH BANK
ADDRESS TO BE PROVIDED

CREDITOR ID: 278978-32
AMSTAR FOODS
ATTN: JOHN A. LINDSAY, PRESIDENT
PO BOX 9239
GREENVILLE SC 29604

CREDITOR ID: 278979-32
ANDERSON NEWS COMPANY
ATTN: JENNIFER VOSS
6016 BROOKVALE LANE, SUITE 151
KNOXVILLE TN 37919

CREDITOR ID: 279070-32
ANDERSON NEWS COMPANY
6016 BROOKVALE LANE, STE 151
KNOXVILLE TN 37919

CREDITOR ID: 278710-26
ANDERSON NEWS LLC
ATTN JENNIFER VOSS, VP ACCOUNTING
PO BOX 52570
KNOXVILLE TN 37950-2570

CREDITOR ID: 278840-99
ANGEL & FRANKEL
ATTN: RICK A STEINBERG
460 PARK AVE
NEW YORK NY 10022-1906

CREDITOR ID: 278836-99
ANGEL & FRANKEL PC
ATTN LAURENCE MAY
460 PARK AVE
NEW YORK NY 10022-1906

CREDITOR ID: 279068-32
ARQUEST, INC.
C/O FOX ROTHSCHILD
ATTN: HAL L. BAUME
PO BOX 5231
PRINCETON NJ 08543-5231

CREDITOR ID: 279083-32
ATKINS NUTRITIONALS, INC.
6790 CENTURY AVENUE, SUITE 301
MISSISSUAGA ON L5N 2V8
CANADA

CREDITOR ID: 278729-27
AVIVA LIFE INSURANCE COMPANY
ATTN ELIZABETH ANNE DOWD
108 MYRTLE STREET
NEWPORT OFFICE PARK
NORTH QUINCY MA 02171

CREDITOR ID: 278847-30
AYCO FARMS INC
C/O LSQ FUNDING GROUP L C
PO BOX 404322
ATLANTA GA 30384-4322

CREDITOR ID: 278848-30
BAILEY FARMS
3553 TAR RIVER RD
OXFORD NC 27565

CREDITOR ID: 278849-30
BAKER FARMS
3667 ELLENTON - NORMAN PARK ROAD
NORMAN PARK GA 31771

CREDITOR ID: 278835-99
BALCH & BINGHAM LLP
ATTN W CLARK WATSON & ERIC RAY ESQ
1901 SIXTH AVE N STE 2600
PO BOX 306
BIRMINGHAM AL 35201

CREDITOR ID: 278795-99
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN JEFFREY MEYERS ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278796-99
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DEAN C WALDT ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278786-99
BALLARD SPAHR ANDREWS & INGERSOLL
ATTN DAVID L POLLACK ESQ
51ST FLR MELLON BANK CENTER
1735 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278734-28
BANK OF AMERICA, N.A.
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
1111 E. MAIN STREET, 18TH FLOOR
PO BOX 25086
MECHANICSVILLE VA 90017

CREDITOR ID: 278850-30
BAY CITY PRODUCE INC
FEDI VENDOR
PO BOX 8990
TAMPA FL 33674

CREDITOR ID: 278851-30
BBI PRODUCE INC
PO BOX 1200
DOVER FL 33527

CREDITOR ID: 279071-32
BEAVER STREET FISHERIES, INC.
PO BOX 41430
JACKSONVILLE FL 32203-1430

CREDITOR ID: 278735-28
BENNETT'S LEASING INCORPORATED
ATTN: B. MEEHAN
4805 LENNOX AVE.
JACKSONVILLE FL 32205

CREDITOR ID: 279073-32
BENSON'S INC.
PO BOX 429
134 ELDER STREET
BOGART GA 30622-0429

CREDITOR ID: 278852-30
BIRDSEYE
FEDI VENDOR
C/O BANK OF AMERICA
PO BOX 98222
CHICAGO IL 60693

CREDITOR ID: 278853-30
BOUQUET COLLECTION
7980 NORTHWEST 33RD STREET
MIAMI FL 33122

CREDITOR ID: 278854-30
BOYDS PRODUCE
495 N WHITE CEDAR RD
SANFORD FL 32771

CREDITOR ID: 278855-30
BROOKS TROPICAL
PO BOX 900160
HOMESTEAD FL 33090

CREDITOR ID: 278856-30
BROWNS PRODUCE
ATTN PETER BROWN
1310 27TH ST
MERIDIAN MS 39464

CREDITOR ID: 279066-32
BRUNINI, GRANTHAM, GROWER & HEWES PLLC
1400 TRUSTMARK BUILDING
248 EAST CAPITAL STREET
JACKSON MS 39201

CREDITOR ID: 279087-32
BUDWEISER
GOLD COAST EAGLE DISTRIBUTING
2150 47TH STREET
SARASOTA FL 34234

CREDITOR ID: 278857-30
BURCH EQUIPMENT LLC
PO BOX 399
685 BURCH ROAD
FAISON NC 28341-0399

CREDITOR ID: 279065-32
CAL-MAINE FOODS, INC.
PO BOX 2960
JACKSON MS 39207

CREDITOR ID: 278703-26
CAMPBELL SOUP CO.
ATTN MAUREEN HART, SR. CREDIT MGR
PO BOX 101407
ATLANTA GA 30392-1407

CREDITOR ID: 278722-27
CAPITAL RESEARCH & MANAGEMENT CO
ATTN ABNER D GOLDSTINE
AMERICAN FUNDS
333 SOUTH HOPE STREET
LOS ANGELES CA 90071

CREDITOR ID: 279085-32
CARDINAL HEALTH
7000 CARDINAL PLACE
DUBLIN OH 43017

CREDITOR ID: 278736-28
CARGILL, INCORPORATED
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
CARGILL, INCORPORATED - CORPORATE HEADQUARTERS
PO BOX 9300
MINNEAPOLIS MN 55440-9300

CREDITOR ID: 278858-30
CARIBBEAN GOLD INC
7241 SW 168 STREET
MIAMI FL 33157

CREDITOR ID: 278859-30
CH ROBINSON WORLDWIDE INC
FEDI VENDOR
PO BOX 9121
MINNAPOLIS MN 55480-9121

CREDITOR ID: 278860-30
CH ROBINSON WORLDWIDE INC
PO BOX 9121
MINNEAPOLIS MN 55480-9121

CREDITOR ID: 278696-26
CH ROBINSON WORLDWIDE, INC.
ATTN TERESA BELLMAN, CONTROLLER
PO BOX 9121
MINNEAPOLIS MN 55480-9121

CREDITOR ID: 278861-30
CHIQUITA BANANA
BANANA SUPPLY DIVISION
P O BOX 530414
ATLANTA GA 30353-0414

CREDITOR ID: 278862-30
CHIQUITA FRUPAC INC
PO BOX 8538-594
PHILADELPHIA PA 19171

CREDITOR ID: 278980-32
CHLOE FOODS
ATTN: MITCH ROSENBERG, (A/R)
3301 ATLANTIC AVENUE
BROOKLYN NY 11208

CREDITOR ID: 278999-32
CHRISTIAN/BARTON, LLP
ATTN: J. MCLEMORE
909 EAST MAIN STREET, SUITE 1200
RICHMOND VA 23219-3095

CREDITOR ID: 278863-30
CHURCH BROTHERS PRODUCE
PO BOX 509
SALINAS CA 93902-0509

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278737-28
CISCO SYSTEMS CAPITAL CORPORATION
ATTN: SCOTT ALVAREZ
400 CARILLON PARKWAY, SUITE 220
ST. PETERSBURG FL 33716

CREDITOR ID: 278056-22
CIT GROUP/BUSINESS CREDIT, INC.
ADDRESS TO BE PROVIDED

CREDITOR ID: 278864-30
CLAYTON RAWL FARMS INC
747 CALKSFERRY ROAD
LEXINGTON SC 29072

CREDITOR ID: 278706-26
CLOROX SALES CO - KPD
ATTN SYBIL SHAW, CREDIT MANAGER
PO BOX 66123
CHARLOTTE NC 28275-1754

CREDITOR ID: 278865-30
COAST TROPICAL
PO BOX 530369
SAN DIEGO CA 92153

CREDITOR ID: 278774-26
COCA-COLA BOTTLING CO. CONSOLIDATED
ATTN: JOYCE ROPER, CBA
MANAGER, CREDIT COLLECTIONS
300 COCA-COLA ROAD
CHARLOTTE NC 28275

CREDITOR ID: 278701-26
COCA-COLA BOTTLING WORKS
ATTN DICK STITELER,
DIRECTOR OF CUSTOMER FINANCIAL SVCS
300 COCA-COLA ROAD
CHARLOTTE NC 28275

CREDITOR ID: 278866-30
COLLINS BROTHERS PRODUCE
PO BOX 1025
FOREST PARK GA 30298-1025

CREDITOR ID: 279056-99
COMPUTER LEASING CO OF MICHIGAN INC
C/O ERMAN TEICHER MILLER ET AL
ATTN EARLE I ERMAN ESQ
400 GALLERIA OFFICENTRE STE 444
SOUTHFIELD MI 48034

CREDITOR ID: 278738-28
COMPUTER LEASING COMPANY OF MICHIGAN, INC.
ATTN: COLIN ARMSTRONG
5150 PALM VALLEY ROAD, SUITE 208
PONTA VEDRA BEACH FL 32082

CREDITOR ID: 278688-26
CONAGRA GROCERY PRODUCTS CO.
ATTN ROBERT ELLIS,
CORP CREDIT ANALYSIS MGR
PO BOX 409626
ATLANTA GA 30384

CREDITOR ID: 278052-22
CONGRESS FINANCIAL CORPORATION (FL)
AS COLLATERAL MONITORING AGENT
ATTN PORFOLIO MANAGER - WINN DIXIE
777 BRICKELL AVENUE, SUITE 808
MIAMI FL 33131

CREDITOR ID: 279000-32
CONSOLIDATED BISCUIT CO.
ATTN: KENNETH C. BAKER, ATTY.
312 RADER ROAD
MCCOMB OH 45858

CREDITOR ID: 278788-99
CONTRARIAN CAPITAL MANAGEMENT LLC
ATTN: JANICE STANTON
411 W PUTNAM AVE STE 225
GREENWICH CT 06830

CREDITOR ID: 278867-30
COPES
PO BOX 7324
LANCASTER PA 17604

CREDITOR ID: 278817-99
COZEN O'CONNOR
ATTN NEAL D COLTON
1900 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278818-99
COZEN O'CONNOR
ATTN DAVID J LIEBMAN
1900 MARKET STREET
PHILADELPHIA PA 19103

CREDITOR ID: 278784-XX
CREST HAVEN LLC
C/O LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: HOWARD LEVI/STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 278739-28
CRYOVAC, INC.
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
100 ROGERS BRIDGE ROAD
DUNCAN SC 29334

CREDITOR ID: 278868-30
DAILY JUICE PRODUCTS
1 DAILY WAY
VERONA PA 15147

CREDITOR ID: 278869-30
DAVID OPPENHEIMER & COMPANY
PO BOX 3409
BUFFALO NY 14240-3409

CREDITOR ID: 278697-26
DEL MONTE FOODS USA
ATTN FRANK BUCKSTEIN,
MANAGER CREDIT & COLLECTIONS
1336 SOLUTIONS CENTER
CHICAGO IL 60677-1003

CREDITOR ID: 278870-30
DEL MONTE FRESH PRODUCE
P O BOX 532011
ATLANTA GA 30353-2011

CREDITOR ID: 279014-99
DISCOVER FINANCIAL SERVICES INC
C/O HOGAN & HARTSON LLP
ATTN IRA S GREEN ESQ
875 THIRD AVE
NEW YORK NY
10022

CREDITOR ID: 279010-99
DISCOVER FINANCIAL SERVICES INC
ATTN FRANK VYDRA ESQ
2500 LAKE COOK RD
RIVERWOODS IL 60015

CREDITOR ID: 279051-99
DIVERSIFIED MAINTENANCE SYSTEMS INC
C/O PITNEY HARDIN LLP
ATTN CONRAD K CHIU ESQ
7 TIMES SQUARE
NEW YORK NY 10036

CREDITOR ID: 278871-30
DIXIE PRODUCE
PO BOX 429
CHATTANOOGA TN 37401

CREDITOR ID: 278872-30
DIXIE PRODUCE & PACKAGING
PO BOX 54073
NEW ORLEANS LA 70154-4073

CREDITOR ID: 278873-30
DIXIE PRODUCE & PACKAGING
PO BOX 23647
NEW ORLEANS LA 70183

CREDITOR ID: 278874-30
DLJ PRODUCE INC
P O BOX 2398
WEST COVINA CA 91793

**Service List**

**DIP, PACA, Reclamation Orders**

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278719-26
DLJ PRODUCE, INC.
ATTN ALAN YOSHIDONE, CONTROLLER
PO BOX 2398
WEST COVINA CA 91793

CREDITOR ID: 278875-30
DOLE FRESH FRUIT COMPANY
P O BOX 65797
CHARLOTTE NC 28265-0797

CREDITOR ID: 278876-30
DOLE FRESH VEGETABLES
FEDI VENDOR
91958 COLLECTIONS CENTER DRIVE
CHICAGO IL 60693

CREDITOR ID: 279002-32
DORSEY & WHITNEY LLP
ATTN: CHRIS LENHART
50 SOUTH SIXTH STREET, SUITE 1500
MINNEAPOLIS MN 55402

CREDITOR ID: 279003-32
DOUBLE EAGLE DISTRIBUTING, INC.
ATTN: JOSEPH E. HORSFALL
50 LOCK ROAD
DEERFIELD BEACH FL 33442-1580

CREDITOR ID: 279005-32
DSC SALES, INC.
DIVERSIFIED SALES COMPANY
ATTN: LESLIE R. LIPSEY, PRESIDENT
PO BOX 2123
OLDSMAR FL 34677

CREDITOR ID: 278877-30
DYSON FLORAL DISTRIBUTOR
P OBOX 83017
BATON ROUGE LA 70809

CREDITOR ID: 278713-26
EDY'S GRAND ICE CREAM
ATTN FRED POMERANTZ, CREDIT MANAGER
PO BOX 406247
ATLANTA GA 30384-6247

CREDITOR ID: 278878-30
ELITE EXPORTS INC S A
1665 NW 102 AVENUE
SUITE 101
MIAMI FL 33172

CREDITOR ID: 278740-28
EMC CORPORATION
ATTN: TOM CIMENO
SUITE 900
6200 COURTNEY CAMPBELL CAUSEWAY
TAMPA FL 33607

CREDITOR ID: 278981-99
EQUITY ONE INC
C/O GREENBERG TRAURIG LLP
ATTN RICHARD S MILLER ESQ
200 PARK AVE
NEW YORK NY 10166

CREDITOR ID: 278982-99
EQUITY ONE INC
C/O GREENBERG TRAURIG PA
ATTN MARK D BLOOM ESQ
1221 BRICKELL AVE
MIAMI FL 33131

CREDITOR ID: 278879-30
FALCON FARMS
PO BOX 52-6545
MIAMI FL 33152-6545

CREDITOR ID: 278742-28
FIDELITY LEASING, INC.
PO BOX 8500-9805
PHILADELPHIA PA 19178-9805

CREDITOR ID: 278741-28
FIDELITY LEASING, INC.
ATTN: MIKE O'HARE; GEN SCHEURER
601 RIVERSIDE AVENUE
JACKSONVILLE FL 32204

CREDITOR ID: 278698-26
FIN TECH
ATTN DOUG WILHELM
4720 W CYPRESS STREET
TAMPA FL 33607

CREDITOR ID: 278743-28
FIRST UNION NATIONAL BANK
AS ADMINISTRATIVE AGENT
NOW KNOWN AS WACHOVIA BANK, NATIONAL ASSOCIATION
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL

CREDITOR ID: 278744-28
FIRST UNION NATIONAL BANK
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL

CREDITOR ID: 278745-28
FIRST UNION NATIONAL BANK, AS ADMINISTRATIVE AGENT
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL

CREDITOR ID: 278880-30
FLAVOR PIC TOMATO CO INC
BUILDING 1
420 FINLEY AVE W
BIRMINGHAM AL 35204

CREDITOR ID: 278746-28
FLEET BUSINESS CREDIT, LLC
ATTN: TODD A. STUMP
ONE SOUTH WACKER DRIVE, SUITE 3800
CHICAGO IL 60606

CREDITOR ID: 278747-28
FLEET CAPITAL LEASING - TECHNOLOGY FINANCE
ATTN: TODD A. STUMP
ONE SOUTH WACKER DRIVE, SUITE 3800
CHICAGO IL 60606

CREDITOR ID: 278748-28
FLEET LEASING CORPORATION
ATTN: TODD A. STUMP
ONE SOUTH WACKER DRIVE, SUITE 3800
CHICAGO IL 60606

CREDITOR ID: 278057-22
FLEET RETAIL GROUP, INC.
ADDRESS TO BE PROVIDED

CREDITOR ID: 278881-30
FLORAL SENSE INC
16794 N KENDALL DR STE#155
MIAMI FL 33196

CREDITOR ID: 278687-26
FLORIDA COCA-COLA
ATTN DICK STITELER
DIRECTOR OF CUSTOMER FINANCIAL SVCS
PO BOX 30000
ORLANDO FL 32891-0001

CREDITOR ID: 278882-30
FLORIDA FRESH INTERNATIONAL INC
PO BOX 901348
HOMESTEAD FL 33090

CREDITOR ID: 23-02
FLORIDA LOTTERY
JACKSONVILLE DISTRICT OFFICE
ATTN DEREK DODD, DISTRICT MANAGER
8595 BEACH BOULEVARD, #301
JACKSONVILLE FL 32216-4662

CREDITOR ID: 279006-32
FLORIDA'S NATURAL GROWERS
A DIVISION OF CITRUS WORLD, INC.
ATTN: FAYE HARRIS
20205 U.S. HIGHWAY 27 NORTH
PO BOX 1111
LAKE WALES FL 33859

CREDITOR ID: 279008-32
FLOWERSFOODS
ATTN: MISSY WILSON
SHARED SERVICES CENTER
132 NORTH BROAD STREET
THOMASVILLE GA 31792-8132

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278883-30
FRANCIS PRODUCE CO
3048 WHITE HORSE RD
GREENVILLE SC 29611-6056

CREDITOR ID: 278778-99
FRANK/GECKER LLP
ATTN: JOSEPH D FRANK
325 N LASALLE STREET STE 625
CHICAGO IL 60610

CREDITOR ID: 278779-99
FRANK/GECKER LLP
ATTN: MICAH KROHN
325 N LASALLE ST STE 625
CHICAGO IL 60610

CREDITOR ID: 278884-30
FRESH EXPRESS INC ATLANTA
LOCKBOX 932479
ATLANTA GA 31193-2479

CREDITOR ID: 278885-30
FRESH GOURMET
DRAWER CS 198372
ATLANTA GA 30384-8372

CREDITOR ID: 278886-30
FRESH START PRODUCE SALES INC
5353 WEST ATLANTIC AVE
EXECUTIVE SQ STE 403-404
DELRAY BEACH FL 33484-8166

CREDITOR ID: 278887-30
FRESHOUSE II LLC
PO BOX 883
RIVERHEAD NY 11901

CREDITOR ID: 278888-30
FRIEDAS INC
4465 CORPORATE CENTER DRIVE
LOS ALAMITOS CA 90720-2561

CREDITOR ID: 279067-32
FRONT-END SERVICES CORPORATION
C/O HAYNES AND BOONE, LLP
901 MAIN STREET, STE 3100
DALLAS TX 75202-3789

CREDITOR ID: 279009-32
FROZEN SPECIALTIES, INC.
ATTN: KENNETH C. DIPPMAN
1465 TIMBERWOLF DRIVE
PO BOX 220
HOLLAND OH 43528

CREDITOR ID: 278889-30
FROZSUN
PO BOX 51327
LOS ANGELES CA 90051-5627

CREDITOR ID: 278814-XX
FTI CONSULTING
ATTN: MICHAEL EISENBAND
3 TIMES SQUARE 11TH FL
NEW YORK NY 10036

CREDITOR ID: 278997-30
FUTURE FOOD, LTD.
ATTN: DAVID WATTS
1420 VALWOOD PARKWAY, SUITE 164
CARROLLTON TX 75006

CREDITOR ID: 279091-30
FUTURE FOODS, LTD
ATTN: DAVID WATTS
1420 VALWOOD PKWY STE 164
CARROLLTON TX 75006

CREDITOR ID: 278749-28
GATX TECHNOLOGY SERVICES CORPORATION
ATTN: MICHAEL WILKINSON
1 CIT DRIVE
LIVINGSTON NJ 07039

CREDITOR ID: 278750-28
GE CAPITAL
PO BOX 740441
ATLANTA GA 30374-0441

CREDITOR ID: 278751-28
GE CAPITAL
ATTN: PAUL HERINGSLAKE
VICE PRESIDENT & SENIOR ACCOUNT EXECUTIVE
GE COMMERCIAL EQUIPMENT FINANCING
160 INTERNATIONAL PARKWAY, SUITE 120
HEATHROW FL 32746

CREDITOR ID: 278752-28
GENERAL ELECTRIC CAPITAL
PO BOX 740441
ATLANTA GA 30374-0441

CREDITOR ID: 278055-22
GENERAL ELECTRIC CAPITAL CORPORATIO
ADDRESS TO BE PROVIDED

CREDITOR ID: 278753-28
GENERAL ELECTRIC CAPITAL CORPORATION
ATTN: PAUL HERINGSLAKE
VICE PRESIDENT & SENIOR ACCOUNT EXECUTIVE
GE COMMERCIAL EQUIPMENT FINANCING
160 INTERNATIONAL PARKWAY, SUITE 120
HEATHROW FL 32746

CREDITOR ID: 278754-28
GENERAL ELECTRIC CAPITAL CORPORATION
WILLIAM S. THEIS, VP - REGION SALES MANAGER
COMMERCIAL EQUIPMENT FINANCING
GENERAL ELECTRIC CAPITAL CORPORATION
2385 EXECUTIVE CENTER DRIVE, SUITE 200
BOCA RATON FL 33431

CREDITOR ID: 278890-30
GENERAL MILLS
FEDI VENDOR
PO BOX 101412
ATLANTA GA 30392-0001

CREDITOR ID: 278685-26
GENERAL MILLS, INC.
ATTN: TERRI JOHNSON
ACCT OPERATION DEVELOPMENT MGR
PO BOX 101412
ATLANTA GA 30392-0001

CREDITOR ID: 279041-99
GEORGIA CROWN DISTRIBUTING CO
C/O PAGE SCRANTOM SPROUSE ET AL
ATTN LEE CHAMPION ESQ
1111 BAY AVE 3RD FLR
PO BOX 1199
COLUMBUS GA 31902-1199

CREDITOR ID: 24-02
GEORGIA INSURANCE AND SAFETY FIRE
COMMISSIONER'S OFFICE
ATTN: JOHN W. OXENDINE, COMMISSIONER
WEST TOWER, SUITE 704
TWO MARTIN LUTHER KING, JR. DRIVE
ATLANTA GA 30334

CREDITOR ID: 16-02
GEORGIA LOTTERY CORPORATION
ATTN M DEFRANCISCO, PRES & CEO
250 WILLIAMS STREET, SUITE 3000
ATLANTA GA 30303

CREDITOR ID: 278704-26
GEORGIA PACIFIC CORP.
ATTN BOB MOON, CREDIT MANAGER
PO BOX 102487
ATLANTA GA 30368-2487

CREDITOR ID: 278716-26
GERBER PRODUCTS COMPANY
ATTN JEFF TALEE, FINANCE MANAGER
445 STATE STREET
FREEMONT MI 49413

CREDITOR ID: 278700-26
GILLETTE COMPANY
ATTN MARY TRAHAN, CREDIT MANAGER
PO BOX 100800
ATLANTA GA 30384-0800

CREDITOR ID: 278053-22
GMAC COMMERCIAL FINANCE LLC
SYNDICATION AGENT
ATTN ROBERT BRANDOW, DIRECTOR
1290 AVENUE OF THE AMERICAS, 3RD FL
NEW YORK NY 10104

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 279011-32
GOLD COAST EAGLE DISTRIBUTING
ATTN: JOHN W. SAPUTO
2150 47TH STREET
SARASOTA FL 34234

CREDITOR ID: 279012-32
GOLD KIST INC.
ATTN: BARBARA M. GOETZ, ATTY.
244 PERIMETER CENTER PARKWAY, N.E.
ATLANTA GA 30346-2397

CREDITOR ID: 278694-26
GOOD HUMOR BREYERS ICE CREAM
ATTN CRAIG STARGARDT,
CREDIT MANAGER
PO BOX 75604
CHARLOTTE NC 28275-5604

CREDITOR ID: 278726-27
GOODMAN & CO. INVESTMENT COUNSEL
ATTN CHRISTY YIP
SCOTIA PLAZA 55TH FLOOR
40 KING STREET WEST
TORONTO ON M5H 4A9
CANADA

CREDITOR ID: 278693-26
GOURMET AWARD FOODS MID ATLANTIC
ATTN MARK KELLUM,
NATIONAL ACCOUNT MANAGER
4055 DEERPARK BOULEVARD
ELKTON FL 32033

CREDITOR ID: 279013-32
GREEN MOUNTAIN WOOD PRODUCTS
ATTN: CHIP ADAMS
44 HULL STREET
PO BOX 99
RANDOLPH VT 05060

CREDITOR ID: 278891-30
GREENLEAF WHOLESALE FLORIST
2801 TCHOUPITOULAS ST
NEW ORLEANS LA 70115

CREDITOR ID: 278892-30
GREENS R US
16150 CREWS ROAD
GLEN ST MARY FL 32040

CREDITOR ID: 279016-32
GRONEK & LATHAM, LLP
ATTN: JIMMY D. PARRISH
PO BOX 3353
ORLANDO FL 32802

CREDITOR ID: 279015-32
GRONEK & LATHAM, LLP
ATTN: JIMMY D. PARRISH
390 NORTH ORANGE AVE., SUITE 600
ORLANDO FL 32801

CREDITOR ID: 279017-32
GRUENBERG LAW GROUP, LLC
ATTN: RUDI R. GRUENBERG
MANAGING MEMBER
BUILDING "E"
704 EAST MAIN STREET
MOORESTOWN NJ 08057

CREDITOR ID: 279018-32
GRUMA CORPORATION
ATTN: SALVADOR ELIAS
1159 COTTONWOOD LANE, SUITE 200
IRVING TX 75038

CREDITOR ID: 278893-30
GULF COAST PRODUCE INC
PO BOX 1020
DOVER FL 33527

CREDITOR ID: 278894-30
HALLS WHOLESALE FLORIST
PO BOX 897
THEODORE AL 36590

CREDITOR ID: 278895-30
HAMPTON FARMS
PO BOX 149
SEVERN NC 27877

CREDITOR ID: 278993-32
HAYNES AND BOONE, LLP
ATTN: STACEY JERNIGAN
901 MAIN STREET, SUITE 3100
DALLAS TX 75202

CREDITOR ID: 278755-28
HEALTHGUARD FINANCE CORPORATION
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
HEALTHGUARD INTERNATIONAL
255 N WASHINGTON STREET # 202
ROCKVILLE MD 20850-1756

CREDITOR ID: 278756-28
HEALTHGUARD INTERNATIONAL, INC.
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
HEALTHGUARD INTERNATIONAL
255 N WASHINGTON STREET # 202
ROCKVILLE MD 20850-1756

CREDITOR ID: 278896-30
HELLER BROS
PO BOX 770249
WINTER GARDEN FL 34777-0249

CREDITOR ID: 278897-30
HICO HELIUM AND BALLOONS
PO BOX 1665
POWDER SPRINGS GA 30127

CREDITOR ID: 278898-30
HINTON FARMS
1839 DOVER ROAD N
DOVER FL 33527

CREDITOR ID: 279020-32
HOBART CORPORATION
ATTN: CATHY BICE
701 RIDGE AVENUE
TROY OH 45374

CREDITOR ID: 278899-30
HOLLAR & GREENE PRODUCE CO INC
PO BOX 3500
BOONE NC 28607-3500

CREDITOR ID: 279022-32
HUHTAMAKI AMERICAS
ATTN: JONATHAN BEALS, CR. MGR.
9201 PACKAGING DRIVE
DE SOTO KS 66018

CREDITOR ID: 278900-30
I KUNIK COMPANY
2000 INDUSTRIAL DRIVE
MCALLEN TX 78504

CREDITOR ID: 279023-32
IBERIA WORLD FOODS CORPORATION
ATTN: LYDIA GREENSTEIN, CR. MGR.
12300 NW THIRTY-SECOND AVENUE
MIAMI FL 33167

CREDITOR ID: 278901-30
IBERTRADE
747 THIRD AVENUE
36TH FLOOR
NEW YORK NY 10017

CREDITOR ID: 278757-28
IBM CREDIT CORPORATION (LESSOR)
ATTN: LEE LORENZ
315 E. ROBINSON STREET
ORLANDO FL 32801

CREDITOR ID: 278758-28
IBM CREDIT LLC
ATTN: LEE LORENZ
315 E. ROBINSON STREET
ORLANDO FL 32801

CREDITOR ID: 279048-99
ICE MILLER
ATTN HENRY A EFROYMSON ESQ
ONE AMERICAN SQ BOX 82001
INDIANAPOLIS IN 46282-0002

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 279049-99
ICE MILLER
ATTN MARK A BOGDANOWICZ ESQ
ONE AMERICAN SQ BOX 82001
INDIANAPOLIS IN 46282-0002

CREDITOR ID: 279024-32
ICEMILLER
LEGAL AND BUSINESS ADVISORS
ATTN: BEN CAUGHEY
ONE AMERICAN SQUARE
BOX 82001
INDIANAPOLIS IN 46282-0200

CREDITOR ID: 278759-28
IKON OFFICE SOLUTIONS INC
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
CORPORATE HEADQUARTERS
IKON OFFICE SOLUTIONS
70 VALLEY STREAM PARKWAY
MALVERN PA 19355-1407

CREDITOR ID: 278902-30
INDIAN HILLS PRODUCE INC
PO BOX 120099
CLERMONT FL 34712-0099

CREDITOR ID: 35-02
INDIANA DEPARTMENT OF INSURANCE
ATTN: JIM ATTERHOLT, ACTING COMMISSIONER
311 W. WASHINGTON STREET, STE. 3000
INDIANAPOLIS IN 46204-2787

CREDITOR ID: 5-02
INDIANA DEPARTMENT OF REVENUE
ATTN: TOM F. OBSITNIK, COMMISSIONER
INDIANA GOVERNMENT CTR. NORTH
100 NORTH SENATE AVENUE, ROOM N248
INDIANAPOLIS IN 46204

CREDITOR ID: 278903-30
INFINITE HERBS LLC
1180 E HALLANDALE BEACH BLVD
MIAMI FL 33009

CREDITOR ID: 274941-17
INTERNAL REVENUE SERVICE
DISTRICT DIRECTOR
290 BROADWAY, 7TH FLOOR
NEW YORK NY 10007-1867

CREDITOR ID: 37-02
INTERNAL REVENUE SERVICE
290 BROADWAY
NEW YORK NY 10008

CREDITOR ID: 278062-22
ISRAEL DISCOUNT BANK OF NEW YORK
ADDRESS TO BE PROVIDED

CREDITOR ID: 278904-30
J & D PRODUCE
PO BOX 200677
HOUSTON TX 77216-0677

CREDITOR ID: 278991-32
J. J. KELLER & ASSOCIATES, INC.
ATTN: SCOTT C. BURMEISTER
3003 W. BREEZEWOOD LANE
PO BOX 368
NEENAH WI 54957-0368

CREDITOR ID: 278905-30
JAC VANDENBERG INC
S WESTCHESTER EXECUTIVE PARK
100 CORPORATE BLVD
YONKERS NY 10701

CREDITOR ID: 279063-99
JENKENS & GILCHRIST PC
ATTN MICHAEL S HELD ESQ
1445 ROSS AVE STE 3200
DALLAS TX 75202-2799

CREDITOR ID: 279025-32
JOHN MIDDLETON INC.
ATTN: DAN ZIEGLER, CONTROLLER
418 WEST CHURCH ROAD
KING OF PRUSSIA PA 19406-3150

CREDITOR ID: 278906-30
JOHNNYS QUALITY FOOD INC
7837 E SAINT BERNARD HWY
SAINT BERNARD LA 70085-9201

CREDITOR ID: 278708-26
JOHNSON & JOHNSON
ATTN JOHN WERNICKI,
NATIONAL SALES DIRECTOR
PO BOX 751059
CHARLOTTE NC 28275

CREDITOR ID: 278907-30
JOSEPH P SULLIVAN & CO
PO BOX 449
AYER MA 01432-0449

CREDITOR ID: 279026-32
JUST BORN
ATTN: SUSAN SZILAGYI
SENIOR FINANCIAL ANALYST
1300 STEFKO BOULEVARD
BETHLEHEM PA 18017-6672

CREDITOR ID: 278837-99
KAYE SCHOLER LLP
ATTN RICHARD SMOLEV
425 PARK AVENUE
NEW YORK NY 10022-3598

CREDITOR ID: 278838-99
KAYE SCHOLER LLP
ATTN: KEITH MURPHY
425 PARK AVENUE
NEW YORK NY 10022-3598

CREDITOR ID: 279027-32
KEATON & ASSOCIATES, P.C.
ATTN: MICHAEL J. KEATON
SUITE 903
1278 WEST NORTHWEST HIGHWAY
PALATINE IL 60067

CREDITOR ID: 279089-22
KEATON & ASSOCIATES, PC
ATTN: MARY E. GARDNER
1278 W NORTHWEST HWY, STE 903
PALATINE IL 60067

CREDITOR ID: 278695-26
KEEBLER COMPANY
ATTN DAN GILROY
PO BOX 73451
CHICAGO IL 60673-7451

CREDITOR ID: 278776-99
KELLEY DRYE & WARREN LLP
ATTN: ROBERT LEHANE
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 278775-99
KELLEY DRYE & WARREN LLP
ATTN: JAMES S CARR
101 PARK AVENUE
NEW YORK NY 10178

CREDITOR ID: 278707-26
KELLOGG SALES COMPANY
ATTN JUAN MOSPEK, CREDIT MANAGER
PO BOX 905193
CHARLOTTE NC 28290-9051

CREDITOR ID: 279044-99
KEMOR PROPERTIES
C/O MORRIS NICHOLS ARSHT & TUNNELL
ATTN ERIC D SCHWARTZ ESQ
1201 N MARKET ST
PO BOX 1347
WILMINGTON DE 19899-1347

CREDITOR ID: 279045-99
KEMOR PROPERTIES
C/O MORRIS NICHOLS ARSHT & TUNNEL
ATTN ROBERT J DEHNEY ESQ
1201 N MARKET ST
PO BOX 1347
WILMINGTON DE 19899-1347

CREDITOR ID: 7-02
KENTUCKY DEPARTMENT OF REVENUE
ATTN: MARK TREESH, COMMISSIONER
200 FAIR OAKS LANE
FRANKFORT KY 40620

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 21-02
KENTUCKY LOTTERY CORPORATION
ATTN: ARTHUR L. GLEASON, JR.
PRESIDENT AND CEO
1011 WEST MAIN STREET
LOUISVILLE KY 40202

CREDITOR ID: 31-02
KENTUCKY OFFICE OF INSURANCE
ATTN: MARTIN J. KOETTERS, EXECUTIVE DIRECTOR
215 W. MAIN STREET
FRANKFORT KY 40601

CREDITOR ID: 278689-26
KIMBERLY CLARK
ATTN TED C. BANKER, SR.
CREDIT MANAGER
PO BOX 915003
DALLAS TX 75391-5003

CREDITOR ID: 278908-30
KNC PRODUCE
15050 SILVER SMITH CIRCLE
BROOKSVILLE FL 34609

CREDITOR ID: 278760-28
KONICA PHOTO IMAGING
ATTN: PAUL GORDON
SVP OF SALES

CREDITOR ID: 278761-28
KONICA USA INC.
ATTN: PAUL GORDON
SVP OF SALES

CREDITOR ID: 278681-26
KRAFT (KRAFT FOODS, KRAFT PIZZA, NABISCO)
ATTN SANDRA SCHIRMANG
DIRECTOR OF CREDIT
22541 NETWORK PLACE
CHICAGO IL 60673-1225

CREDITOR ID: 278909-30
L & M COMPANIES INC
P O BOX 890474
CHARLOTTE NC 28289-0474

CREDITOR ID: 278910-30
LAKE PLACID GROVES LLC
PO BOX 1005
LAKE PLACID FL 33862-1005

CREDITOR ID: 278911-30
LAKESHORE INC USA
PO BOX 612
LEWISTON NY 14092-0612

CREDITOR ID: 279028-32
LAND O'LAKES, INC.
DAIRY FOODS CREDIT DEPARTMENT
ATTN: SIMON SANCHEZ
SENIOR CREDIT ANALYST
PO BOX 64101
ST. PAUL MN 55164-0101

CREDITOR ID: 278992-99
LAURA'S LEAN BEEF
C/O WYATT TARRANT & COMBS LLP
ATTN JOHN P BRICE ESQ
250 W MAIN ST STE 1600
LEXINGTON KY 40507-1746

CREDITOR ID: 278912-30
LEASA INDUSTRIES CO INC
2450 NW 76 ST
MIAMI FL 33147

CREDITOR ID: 278827-99
LEVI LUBARSKY & FEIGENBAUM LLP
ATTN HOWARD B LEVI ESQ
845 THIRD AVE 21ST FLR
NEW YORK NY 10022

CREDITOR ID: 278783-99
LEVI LUBARSKY & FEIGENBAUM LLP
ATTN: STEVEN FEIGENBAUM
845 THIRD AVE 21ST FL
NEW YORK NY 10022

CREDITOR ID: 279062-99
LIBERTY MUTUAL INSURANCE COMPANY
C/O MANIER & HEROD
ATTN J MICHAEL FRANKS ESQ
150 FOURTH AVE N STE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 279061-99
LIBERTY MUTUAL INSURANCE COMPANY
C/O MANIER & HEROD
ATTN MICHAEL E COLLINS
150 FOURTH AVE N STE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 279053-99
LIBERTY MUTUAL INSURANCE COMPANY
C/O MANIER & HEROD
ATTN THOMAS T PENNINGTON ESQ
150 FOURTH AVE N STE 2200
NASHVILLE TN 37219-2494

CREDITOR ID: 279029-32
LOCKE LIDDELL & SAPP LLP
ATTN: THOMAS H. GRACE
3400 CHASE TOWER
600 TRAVIS STREET
HOUSTON TX 77002-3095

CREDITOR ID: 278824-99
LOCKE LIDDELL & SAPP LLP
ATTN C DAVIN BOLDISSAR ESQ
601 POLYDRAS ST STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278822-99
LOCKE LIDDELL & SAPP LLP
ATTN OMER KUEBEL III ESQ
601 POYDRAS ST STE 2400
NEW ORLEANS LA 70130-6036

CREDITOR ID: 278913-30
LOOPS NURSERY & GREENHOUSE
2568 OLD MIDDLEBURG RD
JACKSONVILLE FL 32210

CREDITOR ID: 278712-26
LOUISIANA COA-COLA
ATTN DICK STITELER,
DIRECTOR OF CUSTOMER FINANCIAL SVCS
1314 ERASTE LANDRY ROAD
LAFAYETTE LA 70506

CREDITOR ID: 28-02
LOUISIANA DEPARTMENT OF INSURANCE
ATTN: J. ROBERT WOOLEY, COMMISSIONER
1702 N. 3RD STREET
BATON ROUGE LA 70802

CREDITOR ID: 6-02
LOUISIANA DEPARTMENT OF REVENUE
ATTN: CYNTHIA BRIDGES, SECRETARY
617 N. 3RD STREET
BATON ROUGE LA 70804

CREDITOR ID: 15-02
LOUISIANA LOTTERY CORPORATION
ATTN: CHARLES R. DAVIS, PRESIDENT
555 LAUREL STREET
BATON ROUGE LA 70801-1813

CREDITOR ID: 255143-28
LUTHERAN BROTHERHOOD
625 FOURTH AVE SOUTH
ATTN NVESTMENT DIVISION
ATTN: DEAN L. BULSEY
MINNEAPOLIS MN 55415

CREDITOR ID: 278914-30
M H ZEIGLER & SONS LLC
135 S LASALLE STREET
DEPT 1556
CHICAGO IL 60674-1556

CREDITOR ID: 278915-30
M RICHARD & SON
PO BOX 66
SUNSET LA 70584-0066

CREDITOR ID: 278916-30
MAKOTO
644 ATLANTIS ROAD
MELBOURNE FL 32904

**Service List**

**DIP, PACA, Reclamation Orders**

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278917-30
MANNY LAWRENCE SALES INC
820 PARK ROW PMB# 693
SALINAS CA 93901-2406

CREDITOR ID: 278918-30
MARBRAN
PO BOX 200400
HOUSTON TX 77216-0400

CREDITOR ID: 278919-30
MARIANI PACKING CO INC
DEPT 33077 P O BOX 39000
SAN FRANCISCO CA 94139-3077

CREDITOR ID: 278920-30
MARJON SPECIALTY FOODS
3508 SYDNEY RD
PLANT CITY FL 33566

CREDITOR ID: 278921-30
MARKER 29 PRODUCE
PO BOX 301
ONANCOCK VA 23417

CREDITOR ID: 278996-30
MARTYN AND ASSOCIATES
ATTN: MARK A. AMENDOLA
820 SUPERIOR AVE., N.W., 10TH FLOOR
CLEVELAND OH 44113

CREDITOR ID: 278988-32
MASTER FOODS
A DIVISION OF MARS, INC.
ATTN: ALTHEA GEORGES
800 HIGH STREET
HACKETTSTOWN NJ 07840

CREDITOR ID: 278922-30
MATRANAS PRODUCE INC
201 LOUISIANA ST
WESTWEGO LA 70094

CREDITOR ID: 278923-30
MATTERN WHOLESALE FLORISTS
1215 ATLANTA AVE
ORLANDO FL 32806

CREDITOR ID: 278983-30
MCCARRON & DIESS
ATTN: LOUIS W. DIESS
SUITE 310
4900 MASSACHUSETTS AVENUE, N.W.
WASHINGTON DC 20016

CREDITOR ID: 279030-32
MCGRATH NORTH MULLIN & KRATZ PC LLO
ATTN: JAMES NIEMEIER
FIRST NATIONAL TOWER - SUITE 3700
1601 DODGE STREET
OMAHA NE 68102

CREDITOR ID: 278690-26
MCKEE FOODS CORPORATION
ATTN VALERIE PHILLIPS,
SR CREDIT MANAGER
PO BOX 2118
COLLEGEDALE TN 37315-2118

CREDITOR ID: 279074-32
MEAD JOHNSON & COMPANY
BRISTOL MYERS CONSUMER MEDS
DIVISIONS OF BRISTOL MYERS SQUIBB
2400 WEST LLOYD EXPRESSWAY
EVANSVILLE IN 47721-0001

CREDITOR ID: 278058-22
MERRILL LYNCH CAPITAL
A DIVISION OF MERRILL LYNCH
BUSINESS FINANCIAL SERVICES
ADDRESS TO BE PROVIDED

CREDITOR ID: 279090-22
MEUERS LAW FIRM, PL
ATTN: LAWRENCE H. MEUERS
5395 PARK CENTRAL COURT
NAPLES FL 34109

CREDITOR ID: 279060-32
MEYER'S BAKERIES, INC.
C/O WRIGHT, LINDSEY & JENNINGS LLP
ATTN: JAMES J. GLOVER, ESQ.
200 WEST CAPITOL AVENUE, STE 2300
LITTLE ROCK AR 72201-3699

CREDITOR ID: 279042-99
MFR PROPERTIES
C/O ROBINSON BROG ET AL
ATTN FRED B RINGEL ESQ
1345 AVENUE OF THE AMERICAS
NEW YORK NY 10105

CREDITOR ID: 278810-XX
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS C O'DONNELL
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

CREDITOR ID: 278809-XX
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: LENA MANDEL
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

CREDITOR ID: 278808-XX
MILBANK TWEED HADLEY & MCCLOY LLP
ATTN: DENNIS F DUNNE
1 CHASE MANHATTAN PLAZA
NEW YORK NY 10005

CREDITOR ID: 278924-30
MINERAL KING
246 E CALDWELL AVE
VISALIA CA 93277

CREDITOR ID: 29-02
MISSISSIPPI DEPARTMENT OF INSURANCE
ATTN: GEORGE DALE, COMMISSIONER
1001 WOOLFOLK STATE OFFICE BUILDING
501 N. WEST STREET
JACKSON MS 39201

CREDITOR ID: 8-02
MISSISSIPPI STATE TAX COMMISSION
ATTN: JOSEPH BLOUNT, CHAIRMAN (DESIGNATE)
1577 SPRINGDALE RD.
RAYMOND MS 39154

CREDITOR ID: 278927-30
MONTEREY MUSHROOMS INC
PO BOX 550871
TAMPA FL 33655-0871

CREDITOR ID: 278926-30
MONTEREY MUSHROOMS INC
PO BOX 415000
NASHVILLE TN 37241

CREDITOR ID: 278925-30
MONTEREY MUSHROOMS INC
P O BOX 200169
DALLAS TX 75320-0169

CREDITOR ID: 278811-XX
MORGAN LEWIS
ATTN: RICHARD S TODER
101 PARK AVENUE
NEW YORK NY 10178-0060

CREDITOR ID: 278832-99
MORGAN LEWIS & BOCKIUS LLP
ATTN NEIL E HERMAN ESQ
101 PARK AVE
NEW YORK NY 10178-0600

CREDITOR ID: 278831-XX
MORGAN, LEWIS & BOCKIUS LLP
ATTN: NEIL E. HERMAN, ESQ.
101 PARK AVENUE
NEW YORK NY 10178-0600

CREDITOR ID: 278928-30
MOVSOVITZ & SONS OF FLA
PO BOX 41565
JACKSONVILLE FL 32203

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 279072-32
MT. OLIVE PICKLE COMPANY, INC.
PO BOX 609
MT. OLIVE NC 28365

CREDITOR ID: 278929-30
N & W FARMS INC
GROWER & SHIPPER OF SWEET POTATOES
222 HWY 341 S
VARDAMAN MS 38878

CREDITOR ID: 278762-28
NATIONAL CITY BANK OF MI/IL
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
108 E. MICHIGAN AVENUE
KALAMAZOO MI 49007-3966

CREDITOR ID: 278060-22
NATIONAL CITY BUSINESS CREDIT, INC.
ADDRESS TO BE PROVIDED

CREDITOR ID: 278930-30
NATIONAL PLANT SHIPPERS
PO BOX 25275
TAMPA FL 33622

CREDITOR ID: 278931-30
NATURALLY FRESH
LOCKBOX 945913
ATLANTA GA 30394-5913

CREDITOR ID: 278932-30
NATURES FLOWERS
P O BOX 522498
MIAMI FL 33152-2498

CREDITOR ID: 278763-28
NCR CORPORATION
GENERAL COUNCEL NOTICES
1700 SOUTH PATERSON BLVD.
DAYTON OH 45479

CREDITOR ID: 279031-32
NEAL & HARWELL, PLC
ATTN: MARC T. MCNAMEE
150 FOURTH AVENUE, N. - STE. 2000
NASHVILLE TN 37219-2498

CREDITOR ID: 278684-26
NESTLE (NESTLE USA, NESTLE PURINA, NESTLE WATER)
ATTN: PETER B KNOX
DIRECTOR OF CREDIT & COLLECTIONS
PO BOX 277817
ATLANTA GA 30384-7817

CREDITOR ID: 278764-28
NORSE DAIRY SYSTEMS
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
ATTN: ANNE BUCHANAN
PO BOX 1869
COLUMBUS OH 43216

CREDITOR ID: 27-02
NORTH CAROLINA DEPARTMENT OF INSURANCE
ATTN: JIM LONG, COMMISSIONER
THE DOBBS BUILDING
430 NORTH SALISBURY STREET
RALEIGH NC 27603

CREDITOR ID: 279007-99
NORTHPOINT TRADING INC
C/O NEIMAN GINSBURG & MAIRANZ PC
ATTN GARY GINSBURG ESQ
39 BROADWAY 25TH FLR
NEW YORK NY 10006

CREDITOR ID: 279075-32
NORTHPOINT TRADING, INC.
C/O NEIMAN GINSBURG & MAIRANZ PC
39 BROADWAY 25TH FLOOR
NEW YORK NY 10006-3003

CREDITOR ID: 278933-30
OAKSHIRE MUSHROOM SALES LLC
PO BOX 388
KENNETT SQUARE PA 19348

CREDITOR ID: 36-02
OFFICE OF THE U.S. TRUSTEE
SOUTHERN DISTRICT OF NEW YORK
33 WHITEHALL STREET, 21ST FLOOR
NEW YORK NY 10036

CREDITOR ID: 269393-17
OFFICE OF THE US ATTORNEY, SDNY
ATTN DAVID N KELLEY, ESQ
1 SAINT ANDREWS PLAZA, ROOM 619
NEW YORK NY 10007

CREDITOR ID: 33-02
OHIO DEPARTMENT OF INSURANCE
ATTN: ANN WOMER BENJAMIN, DIRECTOR
2100 STELLA COURT
COLUMBUS OH 43215

CREDITOR ID: 10-02
OHIO DEPARTMENT OF TAXATION
ATTN: WILLIAM W. WILKINS, COMMISSIONER
30 EAST BROAD STREET, 22ND FLOOR
COLUMBUS OH 43215

CREDITOR ID: 19-02
OHIO LOTTERY COMMISSION
ATTN: TOM HAYES, DIRECTOR
615 WEST SUPERIOR AVENUE
CLEVELAND OH 44113

CREDITOR ID: 278807-XX
OTTERBOURG STEINDLER HOUSTON ROSEN
ATTN: JONATHAN N HELFAT
230 PARK AVE 29TH FL
NEW YORK NY 10169

CREDITOR ID: 278806-XX
OTTERBOURG STEINDLER HOUSTON ROSEN
ATTN: DAN FIORELLO
230 PARK AVE 29TH FL
NEW YORK NY 10169

CREDITOR ID: 278934-30
PAC MARKETING INTERNATIONAL LLC
P O BOX 1323
YAKIMA WA 98902

CREDITOR ID: 278935-30
PARAGON FINANCIAL GROUP INC
PO BOX 6247
FT LAUDERDALE FL 33310

CREDITOR ID: 278936-30
PARAMOUNT FARMS
PO BOX 200937
DALLAS TX 75320-0937

CREDITOR ID: 278816-99
PATTERSON BELKNAP WEBB & TYLER
ATTN MICHAEL HANDLER ESQ
1133 AVENUE OF THE AMERICAS
NEW YORK NY 10036-6710

CREDITOR ID: 278815-99
PATTERSON BELKNAP WEBB & TYLER
ATTN DAVID W DYKEHOUSE ESQ
1133 AVENUE OF THE AMERICAS
NEW YORK NY 10036-6710

CREDITOR ID: 279032-32
PAUL MUELLER COMPANY
ATTN: BRAD REYNOLDS, CR. MGR.
PO BOX 828
SPRINGFIELD MO 65801-0828

CREDITOR ID: 279033-32
PEACE RIVER CITRUS PRODUCTS
ATTN: ANDREW TAYLOR, VP OF FINANCE
382 BEACHLAND BLVD., SUITE 300
VERO BEACH FL 32963

CREDITOR ID: 279034-32
PEACE RIVER DISTRIBUTING, INC.
ATTN: JEANETTE DEPTULA, VP
9400 PIPER ROAD
PUNTA GORDA FL 33982

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278049-17
PENSION BENEFIT GUARANTY CORP
ATTN BRADLEY D BELT, EXEC DIRECTOR
1200 K STREET NW
WASHINGTON DC 20005-4026

CREDITOR ID: 278812-XX
PEPPER HAMILTON LLP
ATTN: I WILLIAM COHEN
100 RENAISSANCE CENTER 36TH FL
DETROIT MI 48243-1157

CREDITOR ID: 279086-32
PEPSIAMERICAS, INC.
3501 ALGONQUIN ROAD
ROLLING MEADOWS IL 60008-3103

CREDITOR ID: 278682-26
PEPSICO & SUBSIDIARIES
ATTN: MARTY SCAMINACI
DIRECTOR FINANCIAL SERVICES
PO BOX 844700
DALLAS TX 75284-4700

CREDITOR ID: 278937-30
PERO PACKING & SALES
14095 STATE ROAD 7
DELRAY BEACH FL 33446

CREDITOR ID: 279080-32
PHARMACARE HEALTH SERVICES, INC.
C/O HURLEY PARTIN WHITAKER, PA
500 N. HARBOR CITY BLVD., SUITE D
MELBOURNE FL 32935

CREDITOR ID: 278990-32
PHOENIX BRANDS, INC.
ROBINSON & COLE LLP
ATTN: MICHAEL R. ENRIGHT
280 TRUMBULL STREET
HARTFORD CT 06103-3597

CREDITOR ID: 278938-30
PICTSWEET
PO BOX 198233
ATLANTA GA 30384-8233

CREDITOR ID: 278939-30
PIONEER GROWERS COOPERATIVE
PO BOX 490
BELLE GLADE FL 33430

CREDITOR ID: 279069-32
PIPER RUDNICK GRAY CARY US LLP
ATTN: MARK J. FRIEDMAN DLA
6225 SMITH AVENUE
BALTIMORE MD 21209-3600

CREDITOR ID: 278789-99
PITNEY HARDIN LLP
ATTN: SCOTT A ZUBER ESQ
200 CAMPUS DRIVE
FLORHAM PARK NJ 07932-0950

CREDITOR ID: 278059-22
PNC BANK, NATIONAL ASSOCIATION
ADDRESS TO BE PROVIDED

CREDITOR ID: 279088-22
PODVEY, SACHS, MEANOR, ET AL.
ATTN: ROBERT K. SCHEINBAUM
ONE RIVERFRONT PLAZA
NEWARK NJ 07102

CREDITOR ID: 278699-26
POWERHOUSE PRODUCE LLC
ATTN JAMES BANKS, ACCOUNT MANAGER
PO BOX 368
RIVERHEAD NY 11901

CREDITOR ID: 278940-30
POWERHOUSE PRODUCE LLC
PO BOX 368
RIVERHEAD NY 11901

CREDITOR ID: 278683-26
PROCTOR & GAMBLE DISTRIBUTING CO.
ATTN: JAY JONES, CR. MGR.
PO BOX 100537
ATLANTA GA 30384-0537

CREDITOR ID: 278987-99
PRUDENTIAL INSURANCE CO OF AMERICA
C/O KATTEN MUCHIN ZAVIS ROSENMAN
ATTN DUSTIN P BRANCH ESQ
2029 CENTURY PARK E STE 2600
LOS ANGELES CA 90067-3012

CREDITOR ID: 278986-99
PRUDENTIAL INSURANCE CO OF AMERICA
C/O KATTEN MUCHIN ZAVIS ROSENMAN
ATTN THOMAS J LEANSE
2029 CENTURY PARK E STE 2600
LOS ANGELES CA 90067-3012

CREDITOR ID: 279081-32
PURITY WHOLESALE GROCERS, INC.
ATTN: BRUCE KRICHMAR, VP OF ACCT
5400 BROKEN SOUND BLVD NW
SUITE 100
BOCA RATON FL 33487

CREDITOR ID: 278941-30
RAY GILLILAND MELONS
206 DEERWOOD DRIVE
PRATTVILLE AL 36067

CREDITOR ID: 279084-32
REDDY ICE CORPORATION
8750 N CENTRAL EXPRESSWAY
DALLAS TX 75231

CREDITOR ID: 278725-27
RELIANCE STANDARD LIFE INSURANCE CO
ATTN BECKY CULVER
PO BOX 3050
MILWAUKEE WI 53201

CREDITOR ID: 279079-32
REPUBLIC TOBACCO, LP
2301 RAVINE WAY
GLENVIEW IL 60025

CREDITOR ID: 279035-32
RICHARD D. SPARKMAN & ASSOC., P.A.
ATTN: RICHARD D. SPARKMAN
BOARD CERTIFIED SPECIALIST
PO BOX 1687
ANGIER NC 27501

CREDITOR ID: 278803-99
RICHARD W WARD ESQ
2527 FAIRMOUNT ST
DALLAS TX 75201

CREDITOR ID: 278942-30
RICHTER & COMPANY INC
1712 EAST BOULEVARD
CHARLOTTE NC 28203

CREDITOR ID: 279036-32
RIVER CITY TRADERS, INC.
ATTN: SCOTT OLSON
10665-B SUITE 1
RIDGEWAY INDUSTRIAL DRIVE
OLIVE BRANCH MS 38654

CREDITOR ID: 278994-32
RIVER CITY TRADERS, INC.
ATTN: SCOTT OLSON
10665-B SUITE 1
RIDGEWAY INDUSTRIAL DRIVE
OLIVE BRANCE MS 38654

CREDITOR ID: 278709-26
RIVERDALE FARMS
ATTN VANESSA FERNANDEZ, CONTROLLER
PO BOX 861093
ORLANDO FL 32886-3356

CREDITOR ID: 278943-30
RIVERDALE FARMS
P O BOX 861093
ORLANDO FL 32886-3356

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 278985-99
RIVIANA FOODS INC
C/O LOCKE LIDDELL & SAPP LLP
ATTN W STEVEN BRYANT ESQ
600 TRAVIS ST
3400 CHASE TOWER
HOUSTON TX 77002

CREDITOR ID: 278984-99
RIVIANA FOODS INC
C/O LOCKE LIDDELL & SAPP LLP
ATTN THOMAS H GRACE ESQ
600 TRAVIS ST
3400 CHASE TOWER
HOUSTON TX 77002

CREDITOR ID: 278944-30
ROSEMONT FARMS
2700 NORTH MILITARY TRAIL
SUITE 410
BOCA RATON FL 33431

CREDITOR ID: 278705-26
ROSS LABORATORIES
ATTN PHIL POLK, CONTROLLER
DEPT L-281
COLUMBUS OH 43260-0001

CREDITOR ID: 278945-30
RUIZ SALES
PO BOX 3421
EDINBURG TX 78540

CREDITOR ID: 278067-22
RZB FINANCE LLC
ADDRESS TO BE PROVIDED

CREDITOR ID: 279038-32
S.C. JOHNSON & SON, INC.
ATTN: GERRY BACCASH
SR. MANAGER, CREDIT & COLLECTIONS
1525 HOWE STREET
RACINE WI 53403

CREDITOR ID: 278711-26
SAFE HARBOR SEAFOOD
ATTN JACK JONES, CFO
4371 OCEAN STREET
MAYPORT FL 32233-2417

CREDITOR ID: 278718-26
SANDERSON FARMS
ATTN NEAL MORGAN, DIRECTOR OF SALES
PO BOX 988
LAUREL MS 39441-0988

CREDITOR ID: 278946-30
SANTA SWEETS
PO BOX 1166
BONITA SPRINGS FL 34133-1166

CREDITOR ID: 278691-26
SARA LEE FOODS
ATTN JOEL CARTRIGHT,
CREDIT MANAGER
PO BOX 905466
CHARLOTTE NC 28290

CREDITOR ID: 279037-32
SARGENTO FOODS INC.
ATTN: STU STURZL, CR. MGR.
ONE PERSNICKETY PLACE
PLYMOUTH WI 53073-3547

CREDITOR ID: 278947-30
SAVEN CORP
PO BOX 1763
CHARLESTON WV 25326

CREDITOR ID: 278820-99
SCARELLA ROSEN & SLOME
ATTN ADAM L ROSEN ESQ
333 EARLE OVINGTON BLVD STE 901
UNIONDALE NY 11553

CREDITOR ID: 278720-26
SCHERING PLOUGH HEALTH CARE
PO BOX 100373
ATLANTA GA 30384

CREDITOR ID: 278773-26
SCHERING PLOUGH HEALTH CARE
ATTN: JOHN GLYNN - DIRECTOR, TRADE
3030 JACKSON AVENUE
MEMPHIS TN 38151

CREDITOR ID: 278702-26
SCHREIBER FOODS, INC.
ATTN KRIS SKUPAS, CREDIT MANAGER
PO BOX 905008
CHARLOTTE NC 28290-5008

CREDITOR ID: 279052-32
SCHWAN FOOD COMPANY, THE
ATTN: JEAN COSBEY, CREDIT MANAGER
2855 ROLLING PIN LANE
SUWANEE GA 30024

CREDITOR ID: 279039-32
SCHWAN'S CONSUMER BRANDS NORTH
AMERICA, INC.
ATTN: JILL E. HAAN - SUITE 2000
NORMANDALE LAKE OFFICE PARK
8500 NORMANDALE LAKE BLVD.
BLOOMINGTON MN 55437

CREDITOR ID: 278948-30
SEALD SWEET LLC
PO BOX 116689
ATLANTA GA 30368-6689

CREDITOR ID: 269678-17
SEC BOSTON DISTRICT OFFICE
ATTN WALTER G RICCIARDI, DIST ADMIN
73 TREMONT STREET, SUITE 600
BOSTON MA 02108-3912

CREDITOR ID: 269676-17
SEC HEADQUARTERS
450 FIFTH STREET NW
WASHINGTON DC 20549

CREDITOR ID: 269677-17
SEC NORTHEAST REGIONAL OFFICE
ATTN MARK SCHONFELD, REGIONAL DIR
233 BROADWAY
NEW YORK NY 10279

CREDITOR ID: 269679-17
SEC PHILADELPHIA DISTRICT OFFICE
ATTN ARTHUR S GABINET, DIST ADMIN
THE MELLON INDEPENDENCE CENTER
701 MARKET STREET
PHILADELPHIA PA 19106-1532

CREDITOR ID: 14-02
SECURITIES AND EXCHANGE COMMISSION
ATTN: WILLIAM H. DONALDSON, CHAIRMAN
450 FIFTH STREET, N.W.
WASHINGTON DC 20549

CREDITOR ID: 278728-27
SECURITIES MANAGEMENT AND
RESEARCH, INC.
ATTN SHERRY BAKER
24500 SOUTH SHORE BLVD SUITE 400
LEAGUE CITY TX 77573

CREDITOR ID: 278805-XX
SHEARMAN & STERLING LLP
ATTN: ANDREW TENZER
599 LEXINGTON AVE
NEW YORK NY 10022-6069

CREDITOR ID: 279040-32
SHOOK, HARDY & BACON LLP
ATTN: TODD W. RUSKAMP
2555 GRAND BOULEVARD
KANSAS CITY MO 64108-2813

CREDITOR ID: 278064-22
SIEMENS FINANCIAL SERVICES, INC.
ADDRESS TO BE PROVIDED

CREDITOR ID: 279064-99
SIRIUS COMPUTER SOLUTIONS INC
C/O COX SMITH MATTHEWS INC
ATTN PATRICK L HUFFSTICKLER ESQ
112 E PECAN STE 1800
SAN ANTONIO TX 78205

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 279046-32
SMITH HULSEY & BUSEY
ATTN: JAMES H. POST
1800 WACHOVIA BANK TOWER
225 WATER STREET
PO BOX 53315
JACKSONVILLE FL 32201-3316

CREDITOR ID: 279043-32
SMITH, GILLIAM, WILLIAMS & MILES PA
ATTN: BARD J. PATTEN
PO BOX 1095
GAINESVILLE GA 30503

CREDITOR ID: 278949-30
SOL GROUP MARKETING
1751 SOUTH WEST 8TH STREET
SUITE 208
POMPANO BEACH FL 33069

CREDITOR ID: 30-02
SOUTH CAROLINA DEPARTMENT OF INSURANCE
ATTN: GWENDOLYN FULLER MCGRIFF, DIRECTOR
300 ARBOR LAKE DRIVE, SUITE 1200
COLUMBIA SC 29223

CREDITOR ID: 11-02
SOUTH CAROLINA DEPARTMENT OF REVENUE
ATTN: BURNET R. MAYBANK, III, DIRECTOR
301 GERVAIS STREET
COLUMBIA SC 29214

CREDITOR ID: 20-02
SOUTH CAROLINA EDUCATION LOTTERY ORGANIZATION
ATTN: ERNIE PASSAILAIGUE, EXECUTIVE DIRECTOR
1333 MAIN STREET
COLUMBIA SC 29201

CREDITOR ID: 278950-30
SOUTHERN SPECIALITIES
PO BOX 651548
CHARLOTTE NC 28265-1548

CREDITOR ID: 279047-32
SPECIALTY BRANDS, LP
ATTN: MAMIEL MARTINEZ, CFO
4200 EAST CONCOURSE DRIVE
ONZARZO CA 91764

CREDITOR ID: 278951-30
SPICE WORLD INC
8101 PRESIDENTS DR
ORLANDO FL 32809-7624

CREDITOR ID: 17-02
STATE LOTTERY COMMISSION OF INDIANA
ATTN: NANCY DORSA
DEPUTY DIRECTOR/CONTROLLER
PAN AM PLAZA, SUITE 1100
201 S. CAPITOL AVENUE
INDIANAPOLIS IN 46225

CREDITOR ID: 26-02
STATE OF ALABAMA INSURANCE DEPT
ATTN WALTER A BELL, COMMISSIONER
201 MONROE STREET, SUITE 1700
MONTGOMERY AL 36104

CREDITOR ID: 1-02
STATE OF ALABAMA REV DEPT
ATTN G THOMAS SURTEES, COMMISSIONER
GORDON PERSONS OFFICE BLDG, RM 4112
50 NORTH RIPLEY STREET
MONTGOMERY AL 36132

CREDITOR ID: 278766-28
STATE OF ALABAMA, DEPT. OF REVENUE
ATTN: TREY GRANGER
GENERAL COUNSEL - SECRETARY OF STATE OF ALABAMA
OFFICE OF THE SECRETARY OF STATE
PO BOX 5616
MONTGOMERY AL 36103-5616

CREDITOR ID: 278765-28
STATE OF ALABAMA, DEPT. OF REVENUE
ATTN: DWIGHT CARLISLE
ALABAMA DEPARTMENT OF REVENUE
GORDON PERSONS BUILDING
50 N. RIPLEY STREET
MONTGOMERY AL 36132

CREDITOR ID: 2-02
STATE OF DELAWARE REVENUE DIV
ATTN PATRICK T CARTER, DIRECTOR
820 NORTH FRENCH STREET
WILMINGTON DE 19801

CREDITOR ID: 25-02
STATE OF FLORIDA FINANCIAL SERVICES
ATTN KEVIN M MCCARTY, COMMISSIONER
200 EAST GAINES STREET
TALLAHASSEE FL 32399-0300

CREDITOR ID: 3-02
STATE OF FLORIDA REV DEPT
ATTN TOM GALLAGHER, CFO
2012 CAPITAL CIRCLE, SE, STE 307
TALLAHASSEE FL 32399

CREDITOR ID: 4-02
STATE OF GEORGIA REVENUE DEPT
ATTN BART L GRAHAM, COMMISSIONER
1800 CENTURY CENTER BOULEVARD NE
ATLANTA GA 30345-3205

CREDITOR ID: 39-02
STATE OF NEW YORK TAX & FIN DEPT
ATTN ANDREW S. ERISTOFF, COMMISSION
BLDG 9, 2ND FLOOR
W. AVERILL HARRIMAN CAMPUS
ALBANY NY 12227

CREDITOR ID: 9-02
STATE OF NORTH CAROLINA REV DEPT
ATTN EUGENE C CELLA, ASST SEC REV
501 N WILMINGTON STREET
RALEIGH NC 27640

CREDITOR ID: 278767-28
STORAGETEK FINANCIAL SERVICES CORPORATION
ATTN: BRIAN GREENE
2270 SOUTH 88TH STREET
LOUISVILLE CO 80028

CREDITOR ID: 278952-30
STOVEL-SIEMON LIMITED
R R #5
MITCHELL ON N0K 1N0
CANADA

CREDITOR ID: 278953-30
STUART FINANCIAL CORP
630 WOODLAND AVENUE
CHELTENHAM PA 19012

CREDITOR ID: 278954-30
SUGAR FOODS CORPORATION
PO BOX CS198372
ATLANTA GA 30384-0001

CREDITOR ID: 278955-30
SUN CITY PRODUCE CO
75 NW 13TH AVENUE
POMPANO BEACH FL 33069

CREDITOR ID: 278065-22
SUN TRUST BANK
ADDRESS TO BE PROVIDED

CREDITOR ID: 278956-30
SUNKIST GROWERS INC
P O BOX 406546
ATLANTA GA 30384-6546

CREDITOR ID: 278957-30
SUNSHINE BOUQUET
PO BOX 34625
NEWARK NJ 07189-4625

CREDITOR ID: 278958-30
SUTTON FERNERIES
PO BOX 226800
MIAMI FL 33122-6800

CREDITOR ID: 278959-30
T MARZETTI CO
DEPT L-818
COLUMBUS OH 43260-0001

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 279050-32
T MARZETTI COMPANY
ATTN: DOUGLAS A. FELL
V.P. OF FINANCE & ADMINISTRATION
1105 SCHROCK ROAD
PO BOX 29163
COLUMBUS OH 43229-0163

CREDITOR ID: 279078-32
TAI FOONG USA, INC.
C/O PRESTON, GATES & ELLIS LLP
925 FOURTH AVENUE, STE 2900
SEATTLE WA 98104

CREDITOR ID: 278960-30
TEAM PRODUCE
P O BOX 227578
MIAMI FL 33122-7578

CREDITOR ID: 34-02
TENNESSEE DEPARTMENT OF COMMERCE & INSURANCE
ATTN: PAULA FLOWERS, COMMISSIONER
500 JAMES ROBERTSON PARKWAY, 4TH FL
NASHVILLE TN 37243

CREDITOR ID: 12-02
TENNESSEE DEPARTMENT OF REVENUE
ATTN: LOREN L. CHUMLEY, COMMISSIONER
ANDREW JACKSON BUILDING
500 DEADERICK STREET
NASHVILLE TN 37242-1099

CREDITOR ID: 18-02
TENNESSEE EDUCATION LOTTERY CORPORATION
ATTN: REBECCA GRAHAM PAUL, PRESIDENT & CEO
PLAZA TOWER METRO CENTER
200 ATHENS WAYS, SUITE 200
NASHVILLE TN 37228

CREDITOR ID: 278961-30
TIM EDMONDSON FARM
P O BOX 85
VARDAMAN MS 38878

CREDITOR ID: 278839-99
TRAUB BONACQUIST & FOX LLP
ATTN: WENDY MARCARI ESQ
655 THIRD AVE 21ST FL
NEW YORK NY 10017

CREDITOR ID: 278833-99
TRAUB BONACQUIST & FOX LLP
ATTN PAUL TRAUB
655 THIRD AVE 21ST FLR
NEW YORK NY 10017

CREDITOR ID: 279077-32
TRIDENT SEAFOODS CORPORATION
5303 SHILSHOLE AVE NW
SEATTLE WA 98107

CREDITOR ID: 279004-99
TSO VOLUSIA LLC
C/O ARNALL GOLDEN GREGORY LLP
ATTN DARRYL S LADDIN ESQ
171 17TH ST NW STE 2100
ATLANTA GA 30363

CREDITOR ID: 279001-99
TSO VOLUSIA LLC
C/O ARNALL GOLDEN GREGORY LLP
ATTN J HAYDEN KEPNER ESQ
171 17TH ST NW STE 2100
ATLANTA GA 30363

CREDITOR ID: 279054-32
TURTLE WAX
ATTN: MAUREEN ASENCIO
CREDIT SUPERVISOR
5655 WEST 73RD STREET
CHICAGO IL 60638-6211

CREDITOR ID: 38-02
U. S. ATTORNEY'S OFFICE
ATTN: DAVID N. KELLEY
86 CHAMBERS STREET
NEW YORK NY 10007

CREDITOR ID: 278063-22
UBS AG
STAMFORD BRANCH

CREDITOR ID: 278962-30
UNIFRUTTI OF AMERICA
3460 N DELAWARE AVENUE
SUITE 302
PHILADELPHIA PA 19134

CREDITOR ID: 278686-26
UNILEVER (HPC USA & BEST FOODS)
ATTN RICHARD BELLIS,
CREDIT MANAGER
1 JOHNS STREET
CLINTON CT 06413

CREDITOR ID: 279055-32
UNILEVER HPC
ATTN: BARBARA JACOBOWITZ, REV. MGR
75 MERRITT BOULEVARD
TRUMBULL CT 06611

CREDITOR ID: 278797-99
UNITED STATES TRUSTEE
ATTN: DEIRDRE A. MARTINI, ESQ.
33 WHITEHALL STREET 21ST FL
NEW YORK NY 10004

CREDITOR ID: 279076-32
UNITED SUGARS CORPORATION
C/O LENARD, STREET AND DEINARD
150 SOUTH FIFTH STREET, STE 2300
MINNEAPOLIS MN 55402

CREDITOR ID: 278768-28
US BANCORP
OFFICE EQUIPMENT FINANCE
1310 MADRID ST., SUITE 101
MARSHALL MN 56258-4002

CREDITOR ID: 278692-26
US BANK CORPORATION
ATTN ANGELA TRUDEAU VP
RELATIONSHIP MANAGEMENT
PO BOX 790428
ST LOUIS MO 63179-0428

CREDITOR ID: 278963-30
VALLEY SHORE FARMS
PO BOX 862
MOULTRIE GA 31776

CREDITOR ID: 278964-30
VAN HOEKELEN INC
PO BOX 88
RT 309
GREENHOUSES INC
MCADOO PA 18237-0088

CREDITOR ID: 278965-30
VAN WINGERDEN INTERNATIONAL
1856 JEFFRESS ROAD
FLETCHER NC 28732

CREDITOR ID: 278723-27
VANGUARD GROUP INCORPORATED
THE VANGUARD GROUP
ATTN EARL E MCEVOY
PO BOX 2600
VALLEY FORGE PA 19482

CREDITOR ID: 279057-32
VANGUARD PLASTICS INC.
4555 LANGLAND ROAD
FARMERS BRANCH TX 75244

CREDITOR ID: 279058-32
VARNUM RIDDERING SCHMIDT HOWLETT LL
ATTN: TIMOTHY J. CURTIN
BRIDGWATER PLACE
PO BOX 352
GRAND RAPIDS MI 49501-0352

CREDITOR ID: 32-02
VIRGINIA BUREAU OF INSURANCE
ATTN: ALFRED W. GROSS, COMMISSIONER
TYLER BUILDING
1300 E. MAIN STREET
RICHMOND VA 23219

CREDITOR ID: 13-02
VIRGINIA DEPARTMENT OF TAXATION
ATTN: KENNETH W. THORSON, COMMISSIONER
3600 WEST BROAD STREET, SUITE 160
RICHMOND VA 23230-4915

**DEBTOR: WINN-DIXIE STORES, INC.** **CASE: 05-11063 (SMB)**

CREDITOR ID: 22-02
VIRGINIA LOTTERY
ATTN: PENELOPE W. KYLE, EXECUTIVE DIRECTOR
900 E. MAIN STREET
RICHMOND VA 23219

CREDITOR ID: 278966-30
VITASOY USA INC
PO BOX 3485
BOSTON MA 02241-3485

CREDITOR ID: 278968-30
W P PRODUCE CORP
1471 NW 21ST STREET
MIAMI FL 33142

CREDITOR ID: 278967-30
W P PRODUCE CORP
1471 NW 21ST STREET
MIAMI FL 33142

CREDITOR ID: 278050-22
WACHOVIA BANK, NATIONAL ASSOCIATION
ADMINISTRATIVE AGENT
ATTN KIM QUINN, DIRECTOR
ONE WACHOVIA BANK CENTER
301 SOUTH COLLEGE SGTREET, DC-5
CHARLOTTE NC 28288

CREDITOR ID: 278769-28
WACHOVIA BANK, NATIONAL ASSOCIATION
AS ADMINISTRATIVE AGENT
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL

CREDITOR ID: 278051-22
WACHOVIA CAPITAL MARKETS, LLC
AS ARRANGER
ATTN KIM QUINN, DIRECTOR
ONE WACHOVIA BANK CENTER
301 SOUTH COLLEGE STREET, DC-5
CHARLOTTE NC 28288

CREDITOR ID: 278715-26
WARNER LAMBERT CONSUMER GROUP
ATTN ANDY HELVESTON
400 WEST LINCOLN AVENUE
LITITZ PA 17543

CREDITOR ID: 279059-32
WARNER STEVENS LLP
ATTN: RACHEL R. OBALDO
1700 CITY CENTER TOWER II
301 COMMERCE STREET
FORT WORTH TX 76102

CREDITOR ID: 278813-XX
WARNER STEVENS LLP
ATTN: MICHAEL D WARNER
1700 CITY CENTER TOWER II
301 COMMERCE STREET
FORT WORTH TX 76102

CREDITOR ID: 278969-30
WAYMOUTH FARMS INC
P O BOX 581279
MINNEAPOLIS MN 55458-1279

CREDITOR ID: 278066-22
WEBSTER BUSINESS CREDIT CORP
ADDRESS TO BE PROVIDED

CREDITOR ID: 278727-27
WELLINGTON MANAGEMENT CO. LLP
GATEWAY CENTER THREE
ATTN EARL E MCEVOY
100 MULBERRY STREET
NEWARK NJ 07102

CREDITOR ID: 278770-28
WELLS FARGO BANK, N.A.
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL

CREDITOR ID: 278054-22
WELLS FARGO FOOTHILL, LLC
CO-DOCUMENTATION AGENT
ATTN SYN LOAN PORTFOLIO MANAGER
2450 COLORADO AVENUE, SUITE 3000 W
SANTA MONICA CA 90404

CREDITOR ID: 278970-30
WEST PAK
42322 AVENIDA ALVARADO
TEMECULA CA 92590

CREDITOR ID: 278998-99
WILMINGTON TRUST COMPANY
ATTN STEVEN M CIMALORE
1100 N MARKET ST
RODNEY SQUARE NORTH
WILMINGTON DE 19890

CREDITOR ID: 278995-99
WILMINGTON TRUST COMPANY
C/O CURTIS MALLET-PREVOST ET AL
ATTN STEVEN J REISMAN ESQ
101 PARK AVE
NEW YORK NY 10178-0061

CREDITOR ID: 47-08
WILMINGTON TRUST COMPANY
ATTN: TOM MORRIS, SR. FINANCIAL
SERVICES OFFICER
RODNEY SQUARE NORTH
1100 NORTH MARKET STREET
WILMINGTON DE 19890-1615

CREDITOR ID: 278721-27
WILMINGTON TRUST COMPANY AS
INDENTURE TRUSTEE
ATTN CORPORATE TRUST DEPARTMENT
RODNEY SQUARE NORTH
WILMINGTON DE 19890

CREDITOR ID: 278971-30
WILSON & SON SALES
2811 AIRPORT RD
PLANT CITY FL 33563-1145

CREDITOR ID: 278972-30
WISHNATZKI & NATHEL INC

CREDITOR ID: 278973-30
WISHNATZKI FARMS
PO BOX 1839
PLANT CITY FL 33564

CREDITOR ID: 278714-26
WYETH CONSUMER HEALTHCARE
ATTN LARRY SANDERS, VP GLOBAL FINAN
PO BOX 75296
CHARLOTTE NC 28275-5296

CREDITOR ID: 278771-28
XPEDEX - DIVISION OF INTERNATIONAL PAPER
WINN DIXIE ACCOUNT MANAGER/GENERAL COUNSEL
CORPORATE HEADQUARTERS
6285 TRI-RIDGE BLVD.
LOVELAND OH 45140

CREDITOR ID: 278974-30
YAKIMA ROCHE FRUIT SALES LLC
P O BOX 1707
YAKIMA WA 98907

CREDITOR ID: 278975-30
YARBROUGH PRODUCE CO
624 16TH AVE W
BIRMINGHAM AL 35204-1421

CREDITOR ID: 278989-32
YOUNG WILLIAMS P.A.
ATTN: ROBERT L. HOLLADAY, JR.
2000 AM SOUTH PLAZA
JACKSON MS 39201

CREDITOR ID: 278976-30
YVES FINE FOODS
PO BOX 93557
CHICAGO IL 60673-3557

**Total: 449**

**EXHIBIT B**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**NOTICE OF FURTHER HEARING ON EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing has been scheduled for March 15, 2005, at 10:00 a.m. ET, before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, to consider the above Debtors'[1] Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition

[1] The "Debtors" consist of Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (the "Motion"), which has been granted on an interim basis pursuant to an interim order filed at Docket No. 55 (the "Interim Order").

PLEASE TAKE FURTHER NOTICE that any objections to the relief requested in the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, shall set forth the basis for the objection and the specific grounds therefor, and shall be filed in accordance with the Clerk of this Court in accordance with General Order M-242 which order can be found at www.nysb.uscourts.gov, and shall further be delivered directly to Judge Drain's Chambers and served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: D.J. Baker and Alexandra Margolis, Esq; (iii) King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, Attention: Sarah Robinson Borders, Esq.; (iv) Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169, Attention: Jonathan N. Helfat, Esq.; and (v) Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069 Attention: Andrew Tenzer, Esq., so as to be actually received no later than **March 11, 2005, at 4:00 p.m., prevailing Eastern time**. Only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

A conformed copy of the Interim Order is enclosed herewith. Copies of the Motion and of a proposed final order are available upon request to Luisa Bonachea, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036, Telephone: 212-735-4065, E-mail: lbonache@skadden.com.

Dated: February 23, 2005
New York, New York

/s/ *D. J. Baker*

D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Alexandra Margolis (AM 4163)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-2150

- and –

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

PROPOSED ATTORNEYS FOR THE DEBTORS

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Winn-Dixie Stores, Inc., et al. | ) | Case No. 05-11063 (RDD) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**INTERIM ORDER PURSUANT TO SECTIONS 105, 361, 362, 363, 364(c) AND 364(d) OF THE BANKRUPTCY CODE AND RULES 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING ON A SUPERPRIORITY PRIMING LIEN BASIS AND MODIFYING THE AUTOMATIC STAY, (II) AUTHORIZING DEBTORS TO USE PRE-PETITION SECURED LENDERS' CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (III) AUTHORIZING DEBTORS TO PAY IN FULL ALL CLAIMS OF DEBTORS' PRE-PETITION SECURED LENDERS, AND (IV) PRESCRIBING FORM AND MANNER OF NOTICE AND TIME FOR FINAL HEARING**

THIS MATTER came before this Court on February 22, 2005, upon the Motion ("Motion") of Winn-Dixie Stores, Inc., Debtor and Debtor-in-Possession ("Winn-Dixie"), Winn-Dixie Supermarkets, Inc., Debtor and Debtor-in-Possession ("Supermarkets"), Winn-Dixie Montgomery, Inc., Debtor and Debtor-in-Possession ("Montgomery"), Winn-Dixie Procurement, Inc., Debtor and Debtor-in-Possession ("Procurement"), Winn-Dixie Raleigh, Inc., Debtor and Debtor-in-Possession ("Raleigh") and Dixie Stores, Inc., Debtor and Debtor-in-Possession ("Dixie", and together with Winn-Dixie, Supermarkets, Montgomery, Procurement and Raleigh, each individually a "Borrower", and collectively "Borrowers"), Astor Products, Inc., Debtor and Debtor-in-Possession ("Astor"), Crackin' Good, Inc., Debtor and Debtor-in-Possession ("Crackin'"), Deep South Products, Inc., Debtor and Debtor-in-Possession ("Deep South Products"), Dixie Packers, Inc., Debtor and Debtor-in-Possession ("Dixie Packers"), Economy Wholesale Distributors, Inc., Debtor and Debtor-in-Possession ("Economy"), Winn-Dixie Logistics, Inc., Debtor and Debtor-in-Possession ("Logistics"), Deep South Distributors, Inc., Debtor and Debtor-in-Possession ("Distributors"), Dixie Darling Bakers, Inc., Debtor and Debtor-in-Possession ("Bakers"), Dixie-Home Stores, Inc., Debtor and Debtor-in-Possession ("Home"), Dixie Spirits, Inc., Debtor and Debtor-in-Possession ("Spirits"), Foodway Stores, Inc., Debtor and Debtor-in-Possession ("Foodway"), Kwik Chek Supermarkets, Inc., Debtor and Debtor-in-Possession ("Kwik"), Sunbelt Products, Inc., Debtor and Debtor-in-Possession ("Sunbelt"), Sundown Sales, Inc., Debtor and Debtor-in-Possession ("Sundown"), Superior Food Company, Debtor and Debtor-in-Possession ("Superior"), Table Supply Food Stores Co., Inc., Debtor and Debtor-in-Possession ("Table Supply"), WD Brand Prestige Steaks, Inc., Debtor and Debtor-in-Possession ("WD Steaks"), Winn-Dixie Handyman, Inc., Debtor and Debtor-in-Possession ("Handyman", and together with Borrowers, Astor, Crackin', Deep South Products, Dixie Packers, Economy, Logistics, Distributors, Bakers, Home, Spirits, Foodway, Kwik, Sunbelt, Sundown, Superior, Table Supply, and WD Steaks, each individually a "Debtor" and collectively, the "Debtors"), filed on February 22, 2005, seeking, inter alia:

a. authority, pursuant to Sections 105, 364(c)(1), 364(c)(2), 364(c)(3) and 364(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for Debtors to obtain post-petition secured loans, advances and other financial accommodations from Wachovia Bank National Association, as Administrative Agent and Collateral Agent for itself ("Agent") and the other financial institutions from time to time parties to the Credit Agreement (as hereinafter defined) (collectively, "Lenders"; and together with Agent, collectively referred to herein as "Lender"), all in accordance with the terms and conditions set forth in the Credit Agreement, dated as of the date hereof (as the same now exists or may hereafter be amended, modified, ratified, extended, renewed, restated or replaced, the "Credit Agreement", a copy of which is included in the Exhibit Supplement to the Motion (the "Exhibit Supplement") and is incorporated herein by reference), by and among Debtors and Lender, and the other Loan Documents (as defined in the Credit Agreement)[1], secured by senior (subject to certain liens and claims set forth below), perfected, valid, enforceable and non-avoidable security interests in and liens upon all of the Collateral (as hereinafter defined);

b. authority, pursuant to Sections 105, 364(d)(1) and 364(d)(2) of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, for Debtors to grant to Lender, pending the release and termination and/or assignment of the Pre-Petition Lender Junior Liens pursuant to a final, non-appealable Final Financing Order (as hereinafter defined), priming liens on and security interests in (subject to certain liens and claims as set forth in paragraph 8 of this Interim Order) all Pre-Petition Lender Collateral (as hereinafter defined) and in any other assets or properties of the Debtors and their estates, senior and superior in priority in all respects to any and all liens and security interests of the Pre-Petition Lender (as hereinafter defined) in the Pre-Petition Lender Collateral and such other assets and properties (the "Priming Liens"), and in connection with such Priming Liens, provide adequate protection to Pre-Petition Lender by preserving and continuing, on a junior and subordinate basis, its liens on and security interests in the Collateral to secure any Contingent Pre-Petition Lender Debt (as hereinafter defined) in accordance with the terms and conditions contained in this Interim Order (as hereinafter defined);

1 Defined terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Credit Agreement.

c. authority for Debtors to enter into and comply in all respects with the Credit Agreement and all other Loan Documents, and approval of all of the terms and conditions of the Credit Agreement and all other Loan Documents;

d. the granting to Lender superpriority administrative claim status pursuant to Section 364(c)(1) of the Bankruptcy Code in respect of all Obligations (as defined in the Credit Agreement);

e. authority, pursuant to Sections 361 and 363 of the Bankruptcy Code, for the Debtors to use cash collateral of the Pre-Petition Lender pursuant to the terms and conditions set forth herein;

f. authority, upon the entry of the Interim Order (as hereinafter defined), to immediately repay in full the Pre-Petition Lender Debt (as hereinafter defined) owing by Debtors to Wachovia Bank National Association, in its capacity as Administrative Agent and Collateral Agent for itself ("Pre-Petition Lender Agent") and certain other financial institutions that are parties from time to time to the Pre-Petition Credit Agreement (as hereinafter defined) (the "Pre-Petition Lenders", and together with the Pre-Petition Lender Agent, collectively referred to herein as the "Pre-Petition Lender"), and the simultaneous subordination of the Pre-Petition Lender's liens, claims and encumbrances and the agreement of Pre-Petition Lender to release and terminate, subject to paragraph 6 of this Interim Order, such liens, claims and encumbrances on the date that the Final Financing Order becomes final and non-appealable or earlier as Pre-Petition Lender may agree, all in accordance with the terms and conditions contained in this Interim Order;

g. a preliminary hearing on the Motion to consider entry of an order pursuant to Bankruptcy Rule 4001 (this "Interim Order") authorizing the Borrowers, inter alia, to borrow up to an aggregate amount of $600,000,000 (which amount is inclusive of the repayment in full of the Pre-Petition Lender Debt) in Loans and Letters of Credit (as each term is defined in the Credit Agreement) pursuant to the terms and conditions set forth in the Credit Agreement and the Loan Documents during the period commencing upon the entry of this Interim Order and ending upon the entry of a Final Financing Order (as hereinafter defined); and

h. the setting of the date of Final Hearing on the Motion.

Due and appropriate notice of the Motion, the relief requested therein, the material terms of this Interim Order and the Interim Hearing (as defined below) has been served by the Debtors, whether by telecopy, e-mail, overnight courier or hand delivery, on the following parties: (1) the Office of the United States Trustee; (2) Agent, (3) Pre-Petition Lender Agent; (4) the Internal Revenue Service ("IRS"); (5) Wilmington Trust Company, in its capacity as Trustee for Winn-Dixie's 8⅞% Senior Unsecured Notes due 2008 issued for gross cash proceeds of $300,000,000 on March 29, 2001; (6) Debtors' 50 largest unsecured creditors on a consolidated basis; (7) those other creditors known to the Debtors who may have liens against or interests in any of the Debtors' assets and properties, which are more particularly described on Exhibit "A" attached to the Motion (all parties referred to in the foregoing clauses (1) through (7) are collectively referred to as the "Interim Noticed Parties").

The interim hearing on the Motion was held by this Court on February 22, 2005 (the "Interim Hearing").

Upon the record made by the Debtors at the Interim Hearing, including the Motion and the filings and pleadings in the Debtors' Chapter 11 cases, and good and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. Petition. On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions under Chapter 11, Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Each Debtor is continuing in the management and possession of its business and properties as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Code.

B. Jurisdiction and Venue. Consideration of this Motion constitutes a "core proceeding" as defined in 28 U.S.C. §§ 157(b)(2)(A), (D), (G), (K), (M) and (O). This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334.

C. Notice. Sufficient and adequate notice of this Interim Order has been provided based upon the notice sent to the Interim Noticed Parties, the consent to the Motion as approved by this Interim Order by Lender and the Pre-Petition Lender, and no other party herein has filed an objection to the Motion, pursuant to Bankruptcy Rules 4001(c) and (d) and 9014 and Section 102(1) of the Bankruptcy Code as required by Sections 364(c) and 364(d) of the Bankruptcy Code, and no further notice of, or hearing on, the Motion or this Interim Order is necessary or required.

D. Debtors' and Pre-Petition Lender's Acknowledgements and Agreements. Without prejudice to the rights of any other party-in-interest in the Debtors' Chapter 11 cases (but subject to the limitations with respect to such rights contained in paragraph 15(e) of this Interim Order), the Debtors and the Pre-Petition Lender admit, stipulate, acknowledge and agree that:

(i) *Pre-Petition Financing Arrangements.* Prior to the commencement of the Debtors' Chapter 11 cases, Pre-Petition Lender made loans and advances and agreed to provide other credit accommodations to the Debtors pursuant to the terms and conditions set forth in various agreements, documents and instruments, including, without limitation, the Second Amended and Restated Credit Agreement, dated as of June

29, 2004, by and among Borrowers and the Pre-Petition Lender (as the same has been amended, modified, restated, renewed, replaced and/or supplemented from time to time through to the Petition Date, the "Pre-Petition Credit Agreement"), which is incorporated herein by reference; other credit, guarantee and security agreements executed and/or delivered by Debtors in favor of Pre-Petition Lender (copies of which are annexed to the Exhibit Supplement and incorporated herein by reference); Uniform Commercial Code ("UCC") filings; and all other agreements, documents and instruments at any time executed and/or delivered in connection with or related to the Pre-Petition Credit Agreement (as all of the same have been amended, modified, restated, renewed, replaced and/or supplemented from time to time through to the Petition Date, the "Pre-Petition Loan Documents").

(ii) *Pre-Petition Lender Debt.* The Debtors are indebted to the Pre-Petition Lender in respect of all outstanding Obligations (as defined in the Pre-Petition Credit Agreement) as of February 18, 2005 in the aggregate principal amount of not less than $427,005,000 (the "Pre-Petition Lender Debt"), consisting of, among other things, (i) Loans (as defined in the Pre-Petition Credit Agreement) made pursuant to the Pre-Petition Loan Documents in the aggregate principal amount of not less than $265,000,000, plus all interest, fees, costs and expenses (including, without limitation, all attorneys' fees and legal expenses of Pre-Petition Lender) and all charges accrued and accruing thereon and/or chargeable with respect thereto, and (ii) Reimbursement Obligations (as defined in the Pre-Petition Credit Agreement) in respect of Letters of Credit in an aggregate amount of not less than $162,005,000, plus all interest, fees, costs, expenses (including, without limitation, all attorneys' fees and legal expenses of Pre-Petition Lender) and all charges accrued and accruing thereon or chargeable with respect thereto. The Pre-Petition Lender Debt is unconditionally owing by Debtors to Pre-Petition Lender, without offset, defense or counterclaim of any kind, nature and description whatsoever.

(iii) *Pre-Petition Lender Collateral.* As of the Petition Date, the Pre-Petition Lender Debt is fully secured pursuant to the Pre-Petition Loan Documents by perfected, valid, binding and non-avoidable first priority security interests and liens granted by Debtors to or for the benefit of the Pre-Petition Lender upon all of the Collateral (as defined in the Pre-Petition Credit Agreement) existing as of the time immediately prior to the filing of the petitions for relief herein, and the post-petition proceeds and products thereof (collectively, together with any other property of, among other things, each Debtors' estate in which a security interest or lien has been granted to or for the benefit of Pre-Petition Lender immediately prior to the filing of the petitions for relief herein, the "Pre-Petition Lender Collateral").

(iv) *Repayment of Pre-Petition Lender Debt.* A portion of Debtors' borrowings from Lender under the Credit Agreement, the other Loan Documents and this Interim Order will be used to repay the Pre-Petition Lender Debt owing to Pre-Petition Lender in accordance with the terms and conditions set forth in this Interim Order.

(v) *Pre-Petition Lender's Consent to Priming Liens.* Pre-Petition Lender has consented and agreed that, subject to the terms and conditions contained herein, any and all pre-petition or post-petition liens and security interests (including, without limitation, any adequate protection replacement liens at any time granted to Pre-Petition Lender by this Court) that the Pre-Petition Lender has or may have in the Pre-Petition Lender Collateral or any other assets and properties of the Debtors and their estates shall (a) only secure any Pre-Petition Lender Debt that is (1) at any time repaid with the proceeds of the loans and advances made by the Lender (including, without limitation, at closing of the post-petition credit facility in accordance with this Interim Order) prior to the Final Financing Order becoming final and non-appealable and (2) subsequently reinstated after the full payment thereof because such payment (or any portion thereof) is required to be returned or repaid to Debtors or Lender, other than as a result of a Disgorgement Action (as defined in paragraph 15(e) of this Interim Order); and (b) shall be junior and subordinate in all respects to Lender's liens on and security interests in the Collateral (including, without limitation, Lender's Priming Liens) granted under this Interim Order and the Loan Documents (such junior liens and security interests of the Pre-Petition Lender are hereinafter referred to as the "Pre-Petition Lender Junior Liens"). Such reinstated Pre-Petition Lender Debt described in clauses (a)(1) and (2) above in this paragraph is hereinafter referred to as the "Contingent Pre-Petition Lender Debt" and shall be junior and subordinate in all respects to the Obligations (as defined in the Credit Agreement). Pre-Petition Lender has further agreed that, (a) until such time as all of the Obligations are indefeasibly paid in full in cash in accordance with the Loan Documents and this Interim Order, Pre-Petition Lender shall have no right to seek or exercise any enforcement rights or remedies in connection with the Contingent Pre-Petition Lender Debt or the Pre-Petition Lender Junior Liens, including, without limitation, in respect of the occurrence or continuance of any Event of Default (as hereinafter defined); (b) the Pre-Petition Lender shall be deemed to have consented to any sale or disposition of all or any portion of the Collateral approved by, arranged for or by Agent and shall terminate and release upon any such sale or disposition all of its Pre-Petition Lender Junior Liens on and security interests in such Collateral; (c) Pre-Petition Lender shall deliver or cause to be delivered, at Debtors' costs and expense (for which Pre-Petition Lender shall be reimbursed upon submission to Debtors of invoices or billing statements), any termination statements, releases and/or assignments (to the extent provided for in paragraph 6 herein) in favor of Lender or other documents necessary to effectuate and/or evidence the release, termination and/or assignment of the Pre-Petition Lender Junior Liens on any portion of the Collateral subject to any sale or disposition approved or arranged for by Agent; and (d) upon the Final Financing Order (as defined in the Credit Agreement) becoming a final and non-appealable order (and subject to the right of Pre-Petition Agent to consent to any material modifications contained in the Final Financing Order that, after giving effect to any such modification, adversely affect the Pre-Petition Lender's rights contained in paragraphs 9(a), 9(b), 10 and 15(e) of this Interim Order) all Pre-Petition Lender Junior Liens in the Collateral shall, subject to paragraph 6 of this Interim Order, terminate and be released (automatically and without further action of the parties), and Pre-Petition Lender shall execute and deliver such agreements to evidence and effectuate such termination, release or assignments as Agent may request and Agent shall be authorized to file on behalf of Pre-Petition Lender such UCC termination statements or such other filings as may be applicable to the extent required such authorization is required under the Uniform Commercial Code of the applicable jurisdiction.

E. Findings Regarding Post-Petition Financing

(i) *Need for Post-Petition Financing.* The Debtors represent that without the financing proposed by the Motion, the Debtors will not have the funds necessary to pay post-petition payroll, payroll taxes, trade vendors, suppliers, overhead and other expenses necessary for the continued operation of the Debtors' businesses and the management and preservation of the Debtors' assets and properties. The

Debtors have requested that, pursuant to the Credit Agreement, the other Loan Documents and this Interim Order, Lender make loans and advances and provide other financial accommodations to the Debtors to be used by the Debtors to: (A) repay the Pre-Petition Lender Debt, and (B) fund the Debtors' general operating, working capital and other administrative costs of their Chapter 11 cases. The ability of the Debtors to continue their businesses and remain viable entities and thereafter reorganize under Chapter 11 of the Bankruptcy Code depends upon the Debtors obtaining such financing from Lender. Lender is willing to make such loans and advances and provide such other financial accommodations on a secured basis as more particularly described herein pursuant to the terms and conditions of the Credit Agreement, all other Loan Documents, including, without limitation, the Security Agreement, dated as of the date hereof, by and among the Debtors and Agent ("Security Agreement", a copy of which is included in the Exhibit Supplement and is incorporated herein by reference) and in accordance with this Interim Order. Accordingly, the relief requested in the Motion is necessary, essential, and appropriate for the continued operation of the Debtors' businesses, the management and preservation of their assets and properties and is in the best interests of the Debtors, their estates and creditors.

(ii) *No Credit Available on More Favorable Terms.* The Debtors represent that they are unable to obtain unsecured credit allowable under Section 503(b)(1) of the Bankruptcy Code or pursuant to Sections 364(a), (b) or (c)(1) of the Bankruptcy Code or secured credit pursuant to Sections 364(c)(2) and (3) only. Additionally, the Debtors were unable to procure the necessary financing on more favorable terms than those offered by Lender pursuant to the Credit Agreement, the other Loan Documents and this Interim Order.

(iii) *Business Judgment and Good Faith Pursuant to Section 364(e).* The Debtors represent that the terms of the Credit Agreement and the other Loan Documents among the Debtors and Lender, pursuant to which the post-petition loans, advances, letters of credit and other credit and financial accommodations will be made or provided to Borrowers by Lender have been negotiated at arms' length and in good faith, as that term is used in Section 364(e) of the Bankruptcy Code, and are in the best interests of the Debtors, their estates and creditors. The Debtors further represent that Lender is extending financing to the Borrowers in good faith and Lender is entitled to the benefits of the provisions of Section 364(e) of the Bankruptcy Code.

(iv) *Good Cause, Immediate Entry.* The Debtors represent that the relief requested by the Motion pursuant to the terms of the Credit Agreement, the other Loan Documents and this Interim Order is necessary to avoid immediate and irreparable harm to Debtors' estates. Good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein, and the immediate entry of this Interim Order. No party appearing in the Debtors' Chapter 11 cases has filed or made an objection to the relief sought in the Motion and the entry of this Interim Order, and to the extent any objections were made (and not withdrawn prior to the entry of this Interim Order) such objections are hereby overruled.

F. Committee. As of the date hereof, the Office of the United States Trustee has not appointed an official committee of unsecured creditors (the "Committee") in accordance with section 1102 of the Bankruptcy Code.

Based upon the foregoing, and after due consideration and good cause appearing therefor:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

1. Motion Granted. The Motion is granted and approved to the extent provided below.

2. Authorization to Borrow on an Interim Basis. Borrowers are hereby authorized and empowered to immediately borrow and obtain Loans, Letters of Credit (as each term is defined in the Credit Agreement) and other financial and credit accommodations from Lender pursuant to the terms and conditions of the Credit Agreement, the other Loan Documents and this Interim Order, in such amount or amounts as may be made available to Borrowers by Lender, in accordance with the terms and conditions set forth in the Credit Agreement, the other Loan Documents and this Interim Order; provided, however, the aggregate amount of all such Loans, Letters of Credit and other financial and credit accommodations provided to Borrowers by Lender in accordance with the Loan Documents and this Interim Order during the period commencing on the date hereof and ending upon entry of the Final Financing Order shall not exceed the aggregate principal amount of $600,000,000 outstanding at any one time, which amount is inclusive of the funds necessary to repay the Pre-Petition Lender Debt in accordance with this Interim Order.

3. Use of Loan and Letter of Credit Proceeds. Borrowers shall use the proceeds of the Loans and Letters of Credit made or arranged for by Lender to Borrowers pursuant to the Credit Agreement, the other Loan Documents and this Interim Order, for (a) the repayment of the Pre-Petition Lender Debt owed to the Pre-Petition Lender as of the date hereof, subject to the terms and conditions contained in this Interim Order; (b) the payment of employee salaries, payroll, taxes, the purchase of goods, materials and other general corporate and working capital purposes in accordance with the Loan Documents and this Interim Order, including amounts paid for such purposes which may constitute administrative expense claims under the Bankruptcy Code attributable to the operation of Debtors' businesses as authorized by order of the Court and in accordance with the Loan Documents; (c) the fees of the U.S. Trustee, the fees of the Clerk of this Court, the allowed fees and expenses of attorneys, accountants and other professionals retained under Section 327 or 1103(a) of the Bankruptcy Code by the Debtors and the Committee; and (d) all present and future costs and expenses, including all reasonable attorneys' fees and legal expenses (provided, that, the Debtors shall provide notice of such attorneys' fees and legal expenses to the Office of the United States Trustee and counsel for the Committee (if any)), paid or incurred by Lender at any time in connection with the financing transactions as authorized and provided for in this Interim Order and the Loan Documents, all of which unpaid fees, commissions, costs and expenses shall be added to, and are included as part of, the principal amount of the Obligations, secured by the Collateral and afforded all of the rights, priorities and protections afforded to Lender in respect of the Obligations under this Interim Order and the Loan Documents.

4. Authorization to Enter Into and Comply with Loan Documents. Debtors are authorized and directed to execute, deliver, perform and comply with all of the terms and covenants of the Credit Agreement and the other Loan Documents, each of which constitute valid, binding, enforceable and non-avoidable obligations of the Debtors for all purposes during the Debtors' Chapter 11 cases, any subsequently converted case(s) of any Debtor under Chapter 7 of the Bankruptcy Code or after the dismissal or reorganization of any of the Debtors' bankruptcy case(s). Debtors are hereby authorized and directed to perform all acts, and execute and comply with the terms of such other documents, instruments, and agreements in addition to the above Loan Documents, as Lender may reasonably require as evidence of and for the protection of the Obligations and the Collateral or which may be otherwise deemed necessary by Lender to effectuate the terms and conditions of this Interim Order and the Loan Documents, each of such additional documents, instruments, and agreements being included in the definition of "Loan Documents" contained herein.

5. Approval of Loan Documents. The terms, conditions and covenants of the Credit Agreement and the other Loan Documents shall be sufficient and conclusive evidence of the borrowing and financing arrangements among Debtors and Lender for all purposes, including, without limitation, the payment of all principal, interest, fees (including, without limitation, unused line fees, servicing fees, letter of credit fees, closing fees, syndication fees, early termination fees, appraisal fees), Lender's legal expenses, and other fees and expenses, as more fully set forth in the Credit Agreement and the other Loan Documents.

6. Lien Grant. To secure the prompt payment and performance of any and all Obligations under the Credit Agreement, the other Loan Documents and/or this Interim Order, Lender shall have, and is hereby granted in accordance with the terms and conditions of the Loan Documents, effective on and after the Petition Date, valid, perfected, enforceable and non-avoidable first priority security interests in and liens, senior and superior in priority to all other secured and unsecured creditors of the Debtors' estates, including, without limitation, the Priming Liens (but subject to the liens and claims set forth in paragraph 8 of this Interim Order), upon all assets and properties of the Debtors and their estates (excluding any claims and causes of action brought under Chapter 5 of the Bankruptcy Code and the proceeds thereof) and including, without limitation, the following (the "Collateral", as such term is more fully defined in the Security Agreement[2]): contract rights, general intangibles (including, without limitation, all trademarks, patents and other intellectual property, tax refunds, choses in action, franchises, licenses and other rights and agreements), accounts, cash or cash equivalents, deposit accounts, letters of credit, letter-of-credit rights, supporting obligations, chattel paper, documents, instruments (including any notes receivable and stock in subsidiaries and affiliates and all interests in any limited liability company or other entity, except as to the stock of controlled foreign corporations as determined under the Internal Revenue Code for the stock of such corporations in excess of sixty-five percent (65%) thereof to the extent that it would result in any material additional US tax liability), investment property, inventory, equipment, fixtures and other goods, real property (owned and leased) and all products and proceeds of any of the foregoing. In no event shall (i) any lien or security interest granted to Lender pursuant to the Loan Documents or this Interim Order be subject to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code; (ii) any person or entity who pays (or through the extension of credit to any Debtor, causes to be paid) any of the Obligations be subrogated, in whole or in part, to any rights, remedies, claims, privileges, liens or security interests granted in favor of, or conferred upon, Lender by the terms of the Loan Documents or this Interim Order, until such time as all of the Obligations are indefeasibly paid in full in cash in accordance with the Loan Documents and this Interim Order; and (iii) Lender be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the Collateral. Upon the Final Financing Order becoming final and non-appealable, all pre-petition liens and security interests of the Pre-Petition Lender in the Pre-Petition Collateral shall be deemed to be assigned (and not terminated and released to the extent so assigned) to Lender as additional collateral security for all Obligations, and such assignment shall be in addition to, and shall not limit, prejudice or impair in any way any of the claims or liens and security interests of Lender in the Collateral granted pursuant to the Loan Documents and this Interim Order. In no event shall Lender have any liability in connection with such assignment or the pre-petition liens so assigned (including, without limitation, any liability relating to a Pre-Petition Lien/Claim Challenge (as defined in paragraph 15(e) herein) or a Disgorgement Action), and in no event shall the Pre-Petition Lender continue to have any rights or benefits in connection with such liens so assigned. Neither this Interim Order nor the liens and claims granted hereby are intended to, or shall, prime or in any way affect the valid set off and recoupment rights of any party in interest.

7. Lien Perfection. This Interim Order shall be sufficient and conclusive evidence of the priority, perfection and validity of all of the liens and security interests in and upon the property of each Debtor's estate granted to Lender, as set forth herein and in the Loan Documents, without the necessity of filing, recording or serving any financing statements, mortgages, deeds of trust or other agreements, documents or instruments which may otherwise be required under federal or state law in any jurisdiction (collectively, "Lien Recording Documents") or the taking of any other action to validate or perfect the security interests and liens granted to Lender in this Interim Order and the Loan Documents. Such security interests and liens granted to Lender shall be prior and senior to all security interests, liens, claims, and encumbrances of all other creditors in and to such property, subject to paragraph 8 of this Interim Order. If Lender shall, in its discretion, elect for any reason to file any such Lien Recording Documents with respect to such security interests and liens, Debtors are authorized and directed to execute, or cause to be executed, all such Lien Recording Documents upon Lender's request and the filing, recording or service thereof (as the case may be) of such Lien Recording Documents shall be deemed to have been made at the time of and on the Petition Date. Lender may, in its discretion, file a certified copy of this Interim Order in any filing or recording office in any county or other jurisdiction in which Debtors have an interest in real or personal property and, in such event, the subject filing or recording officer is authorized and directed to file or record such certified copy of this Interim Order. Agent shall, in addition to the rights granted to it under the Loan Documents, be deemed the successor-in-interest to the Pre-Petition Agent with respect to all Pre-Petition Collateral access agreements and other agreements with third parties granting rights in, or waiving claims against, any Pre-Petition Collateral, including, without limitation, each collateral access agreement duly executed and delivered by any landlord of the Borrowers or any of their Subsidiaries (as defined in the Credit Agreement).

2 Capitalized terms used in paragraph 6 of this Interim Order, unless otherwise defined in this Interim Order, shall have the meanings ascribed to such terms in the Security Agreement. To the extent that there are any inconsistencies or conflicts between the description of Collateral contained in this Interim Order and the description of Collateral contained in the Security Agreement, the description of Collateral as set forth in the Security Agreement shall control and govern in all respects.

8. Permitted Liens and Claims. Except as otherwise provided pursuant to the provisions of this Interim Order, the security interests and liens of Lender in and upon the Collateral shall not have priority over (i) the liens upon Debtors' property that are permitted in Section 7.2.3 of the Credit Agreement to the extent that such liens are expressly entitled to priority over Lender's liens in the Collateral as provided for in such Section 7.2.3, (ii) security interests and liens that are (A) valid, perfected, non-avoidable and in existence immediately prior to the Petition Date (other than Pre-Petition Lender's liens in the Pre-Petition Lender Collateral securing the Pre-Petition Lender Debt and/or the Pre-Petition Lender Junior Liens securing the Contingent Pre-Petition Lender Debt) to the that extent such liens and security interest have priority over Lender's liens under applicable law, and (B) valid, non-avoidable and in existence immediately prior to the Petition Date but are perfected subsequent to the Petition Date pursuant to Bankruptcy Code Section 546(b) to the extent that such liens and security interest have priority over Lender's liens under applicable law; and (iii) the Carve Out Expenses, including, without limitation, the Professional Fee Carve-Out as and to the extent set forth in this Interim Order. The foregoing is without prejudice to the rights of Debtors, the Committee (if any), or any other party in interest, including Lender, to object to the validity, extent, priority, enforceability or allowance of any such liens and security interests referenced in clauses (i) and (ii) above in this paragraph.

9. Repayment and Termination of Pre-Petition Lender Debt; Adequate Protection.

(a) Immediately following the entry of this Interim Order, as adequate protection for the Priming Liens granted to Lender in accordance with the terms and conditions contained in this Interim Order, (i) Debtor shall use a portion of the proceeds from the Loans in accordance with the Loan Documents and this Interim Order to repay in full the Pre-Petition Lender Debt and to provide Pre-Petition Lender with cash collateral to secure the Continuing Pre-Petition Lender Debt (as defined below) in the amount equal to $1,000,000 (the "Pre-Petition Lender Cash Collateral") in accordance with the terms and conditions contained herein, and (ii) Pre-Petition Lender shall have, subject to the terms and conditions set forth below, Pre-Petition Lender Junior Liens to secure any Contingent Pre-Petition Lender Debt. The adequate protection granted to Pre-Petition Lender under this paragraph 9 is expressly conditioned upon the following: (i) the Contingent Pre-Petition Lender Debt shall be junior and subordinate in right of payment to all Obligations; (ii) the Pre-Petition Lender Junior Liens shall be junior and subordinate in all respects to Lender's liens and security interests (including, without limitation, Lender's Priming Liens) upon and in the Collateral; (iii) until such time as all of the Obligations are indefeasibly paid in full in cash in accordance with the Loan Documents and this Interim Order, Pre-Petition Lender shall have no right to seek or exercise any enforcement rights or remedies in connection with the Contingent Pre-Petition Lender Debt or the Pre-Petition Lender Junior Liens, including, without limitation, in respect of the occurrence or continuance of any Event of Default (as hereinafter defined); (iv) the Pre-Petition Lender shall be deemed to have consented to any sale or disposition of Collateral approved, arranged for or by Agent, and shall terminate and release upon any such sale or disposition all of its liens on and security interests in such Collateral; (v) Pre-Petition Lender shall deliver or cause to be delivered, at Debtors' costs and expense (for which Pre-Petition Lender shall be reimbursed upon submission to Debtors of invoices or billing statements), any termination statements, releases or other documents necessary to effectuate and/or evidence the release and termination of Pre-Petition Lender's liens on or security interests in any portion of the Collateral subject to any sale or disposition approved or arranged for by Agent; and (vi) upon the Final Financing Order becoming a final and non-appealable order all Pre-Petition Lender Junior Liens in the Collateral shall, subject to paragraph 6 of this Interim Order, terminate and be released (automatically and without further action of the parties), and Pre-Petition Lender shall execute and deliver such agreements to evidence and effectuate such termination and release as Agent may request and Agent shall be authorized to file on behalf of Pre-Petition Lender such UCC termination statements or other such other filings as may be applicable to the extent required such authorization is required under the Uniform Commercial Code of the applicable jurisdiction. The pre-petition liens held by the Pre-Petition Lender in the Pre-Petition Collateral will not be assigned to Lender except pursuant to the Final Financing Order upon its becoming final and non-appealable. The rights of parties in interest with respect to the propriety of any such assignment are expressly reserved. The Pre-Petition Lender Junior Liens shall remain in effect solely during the interim period prior to the Final Financing Order becoming final and non-appealable, and shall be assigned or released upon the Final Financing Order becoming final and non-appealable; provided, however, that the rights of parties in interest with respect to the propriety of any such assignment are expressly reserved. Nothing contained in this paragraph 9(a) shall impair the rights of Pre-Petition Lender granted under this Interim Order.

(b) In addition to the repayment of the Pre-Petition Lender Debt and the grant to Pre-Petition Lender of the Pre-Petition Lender Junior Liens, subject to the terms and conditions set forth herein, as collateral security for the prompt performance, observance and payment in full of any Obligations (as defined in the Pre-Petition Credit Agreement) that arise after the repayment of the Pre-Petition Lender Debt in accordance with this Interim Order as a result of (i) any post-petition expenses or indebtedness reasonably incurred by the Pre-Petition Lender in connection with the repayment of the Pre-Petition Lender Debt and the termination and/or assignment of the Pre-Petition Lender Junior Liens in accordance with the terms and conditions contained herein, and (ii) Pre-Petition Lender's incurrence of reasonable professional fees and reasonable legal expenses in connection with any pending or threatened action against Pre-Petition Lender in accordance with paragraph 15(e) of this Interim Order, other than as a result of Lender's liens or claims of being invalidated by a Disgorgement Action. Such indebtedness and obligations described in clauses (i) and (ii) of this paragraph are collectively referred to herein as the "Continuing Pre-Petition Lender Debt". Pre-Petition Lender shall continue to have a senior security interest in and right to set off against the Pre-Petition Lender Cash Collateral. Pre-Petition Lender shall release and remit back to the Debtors the Pre-Petition Lender Cash Collateral, less any amounts thereof previously applied by Pre-Petition Lender to Continuing Pre-Petition Lender Debt, upon the earlier of (1) the expiration of the time in which an adversary proceeding may be commenced against Pre-Petition Lender in accordance with paragraph 15(e) of the Interim Financing Order, or (2) the written agreement among Debtors, Pre-Petition Lender and Lender.

10. Use of Pre-Petition Lender's Cash Collateral. During the period commencing immediately after the filing of the Debtors' Chapter 11 petitions and terminating upon the date at which the Final Financing Order becomes final and non-appealable (the "Cash Collateral Use Period"), the Debtors shall be authorized to use, subject to the terms contained in this paragraph, the Pre-Petition Lender's cash collateral (as defined in Section 363(a) of the Bankruptcy Code). Pre-Petition Lender hereby reserves the right to seek, as adequate protection against the diminution in the value of the Pre-Petition Lender Junior Liens occasioned by the imposition of the automatic stay and the Debtors' use of Pre-Petition Lender's cash collateral in accordance with sections 361, 362 and 363 of the Bankruptcy Code, a Section 507(b) claim in an amount equal to

any diminution in the value of the Pre-Petition Lender Junior Liens; provided, however, any Section 507(b) claim granted to Pre-Petition Lender pursuant to this paragraph or otherwise (i) shall terminate and be released upon the Final Financing Order becoming a final and non-appealable order; and (ii) shall be junior and subordinate in right of payment to all Obligations.

11. Intentionally omitted.

12. Intentionally omitted.

13. Modification of Automatic Stay. Except as otherwise specifically provided with respect to Lender's rights and remedies after the occurrence of an Event of Default under the terms of the Loan Documents and subject to the provisions of paragraph 18 below, the automatic stay provisions of Section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to permit Lender to implement the provisions of the Loan Documents and this Interim Order.

14. Superpriority Claim. For all Obligations now existing or hereafter arising pursuant to the Credit Agreement, the other Loan Documents and/or this Interim Order, Lender is hereby granted an allowed superpriority administrative claim pursuant to Section 364(c)(1) of the Bankruptcy Code, which claim shall have priority in right of payment over any and all other obligations, liabilities and indebtedness of Debtors, now in existence or hereafter incurred by any of the Debtors and over any and all administrative expenses or priority claims of the kind specified in, or ordered pursuant to, inter alia, Sections 105, 326, 328, 330, 331, 503(b), 507(a), 507(b), and/or 364(c)(1) of the Bankruptcy Code (the "Superpriority Claim"), provided, however, that the Superpriority Claim shall be subordinate to (i) the Carve-Out Expenses as and to the extent set forth in this Interim Order.

15. (a) Professional Fee Carve-Out and Other Carve-Out. Subject to the terms and conditions contained in this paragraph 15, Lender's Superpriority Claim and security interests in and liens upon the Collateral shall be subordinate only to (collectively, the "Carve-Out Expenses"):

(i) the fees and expenses of the Clerk of this Court and the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a);

(ii) the allowed reasonable fees and expenses of any Chapter 7 Trustee appointed for any Debtor's Chapter 7 case; provided, that such allowed fees and expenses shall not exceed $50,000 in the aggregate for purposes of constituting a part of the Carve Out Expenses; and

(iii) on and after the Default Point (as defined below), the allowed unpaid and outstanding reasonable fees and expenses approved by order of the Court pursuant to sections 326, 328, 330, or 331 of the Bankruptcy Code (collectively, the "Allowed Professional Fees") by attorneys, accountants and other professionals retained under section 327 or 1103(a) of the Bankruptcy Code by the Debtors and the Committee (collectively, the "Professionals") in an aggregate amount not to exceed $12,000,000 (the "Professional Fee Carve-Out"). As used herein, "Default Point" means the date when both (x) an Event of Default (as defined in the Credit Agreement or this Interim Order) shall have occurred, and (y) the Lender has ceased making to Borrowers advances or other extensions of credit in accordance with the terms of the Credit Agreement and the other Loan Documents.

(b) Payment of Professional Fee Carve-Out. Any payment or reimbursement made either directly by or on behalf of Lender or by or on behalf of the Debtors on or after the Default Point in respect of any Allowed Professional Fees shall, in either case, permanently reduce the Professional Fee Carve-Out on a dollar-for-dollar basis. Any payments made to Professionals in respect of Allowed Professional Fees at any time prior to the Default Point shall not reduce the Professional Fee Carve-Out. Any payments made at any time in respect of any Carve Out Expenses other than Allowed Professional Fees subject to the Professional Fee Carve-Out shall not reduce the Professional Fee Carve-Out. Lender's obligation to fund or otherwise pay Carve Out Expenses, including Allowed Professional Fees subject to the Professional Fee Carve-Out, shall be added to and made a part of the Obligations, secured by the Collateral, and Lender shall be entitled to all of the rights, claims, liens, priorities and protections under this Interim Order, the Loan Documents, the Bankruptcy Code, and/or applicable law in connection therewith. Payment of any obligations relating to the Professional Fee Carve-Out or other Carve Out Expenses, whether by or on behalf of Lender, shall not and shall not be deemed to reduce the Obligations and shall not and shall not be deemed to subordinate any of Lender's liens and security interests in the Collateral or its Superpriority Claim to any junior pre-petition or post-petition lien, interest, or claim in favor of any other party. Except as otherwise provided herein with respect to the Professional Fee Carve-Out and the other Carve Out Expenses, Lender shall not be responsible for the direct payment or reimbursement of any fees or disbursements of any Professionals incurred in connection with the Debtors' cases under any chapter of the Bankruptcy Code, and nothing in this Interim Order or otherwise shall be construed to obligate Lender in any way, to pay compensation to or to reimburse expenses of any Professional, or to guarantee that the Debtors have sufficient funds to pay such compensation or reimbursement.

(c) Professional Fee Carve-Out Reserve. Without limiting any of Lender's rights under the Loan Documents or this Interim Order, Lender shall implement a Reserve (as defined in the Credit Agreement) in respect of the Professional Fee Carve-Out and the other Carve-Out Expenses in accordance with the terms and conditions of the Credit Agreement. Such Reserve shall reduce the amount of Loans and Letters of Credit otherwise available to Borrowers under the Credit Agreement.

(d) Excluded Professional Fees. Notwithstanding anything to the contrary in this Interim Order, the Professional Fee Carve-Out shall not be used to pay any Allowed Professional Fees or any other claims incurred in connection with any of the following: (i) an

assertion or joinder in any claim, counter-claim, action, proceeding, application, motion, objection, defense, or other contested matter seeking any order, judgment, determination or similar relief: (A) challenging the legality, validity, priority, perfection, or enforceability of the Obligations or Lender's liens on and security interests in the Collateral, (B) invalidating, setting aside, avoiding, or subordinating, in whole or in part, the Obligations or Lender's liens on and security interests in the Collateral, or (C) preventing, hindering, or delaying Lender's assertion or enforcement of any lien, claim, right or security interest or realization upon any Collateral, (ii) a request to use the Cash Collateral (as such term is defined in Section 363 of the Bankruptcy Code) without the prior written consent of Lender, (iii) a request for authorization to obtain postpetition loans or other financial accommodations pursuant to section 364(c) or (d) of the Bankruptcy Code other than from Lender without the prior written consent of Lender, (iv) the commencement or prosecution of any action or proceeding of any claims, causes of action, or defenses against Lender or any of their respective officers, directors, employees, agents, attorneys, affiliates, assigns, or successors, or (v) any act which has or could have the effect of materially and adversely modifying or compromising the rights and remedies of Lender, or which is contrary, in a manner that is material and adverse to Lender to any term or condition set forth in or acknowledged by the Loan Documents or this Interim Order. Nothing contained herein shall limit or prevent the Professional Fee Carve-Out to be used to investigate and/or bring claims against the Pre-Petition Lender with respect to the Pre-Petition Lender Debt or Pre-Petition Lender's liens and security interests in the Pre-Petition Lender Collateral in accordance with paragraph 15(e) of this Interim Order.

(e) Subject to the terms of this paragraph, the repayment of the Pre-Petition Lender Debt as set forth in paragraph 9 of this Interim Order shall be without prejudice to the rights of the Committee, or if no Committee is formed, any party in interest, to seek to disallow the Pre-Petition Lender's claims in respect of the Pre-Petition Lender Debt, pursue any claims against Pre-Petition Lender in connection with the Pre-Petition Loan Documents or avoid any security interest or liens in the Pre-Petition Lender Collateral or in any other asset or property of the Debtors in which the Pre-Petition Lender claims an interest, including, without limitation, any claim, action or proceeding brought against Pre-Petition Lender in accordance with this paragraph 15(e) that requires the Pre-Petition Lender to disgorge the repaid Pre-Petition Lender Debt (or any portion thereof) as a result of any of Pre-Petition Lender's claims against the Debtors or liens upon and security interests in any of the assets and properties of Debtors (including the Pre-Petition Lender Collateral) and their estates being invalidated, avoided, subordinated, impaired or compromised in any way, either by an order of this Court (or other court of competent jurisdiction) or by settlement (collectively, a "Disgorgement Action"). The Committee shall have seventy-five (75) calendar days from the date of appointment of counsel for the Committee (and if no Committee is formed, any party in interest shall have seventy-five (75) days from entry of this Interim Order), within which to commence an adversary proceeding (collectively, a "Pre-Petition Lien/Claim Challenge") with respect to the Pre-Petition Lender's claims in respect of the Pre-Petition Lender Debt or security interest in the Pre-Petition Lender Collateral, or any other claims or causes of action against the Pre-Petition Lender relating to the Pre-Petition Loan Documents. If such a Pre-Petition Lien/Claim Challenge is not timely commenced within such applicable period set forth above, (a) the Pre-Petition Lender Debt and Pre-Petition Lender's security interests in and liens upon the Pre-Petition Lender Collateral shall be recognized and allowable as valid, binding, in full force and effect, not subject to any claims, counterclaims, setoff or defenses and perfected, and (b) Pre-Petition Lender and its respective agents, officers, directors and employees shall be deemed released and discharged from all claims and causes of action of any kind, nature or description arising at any time immediately prior to the Petition Date in accordance with the Pre-Petition Loan Documents entered into with Debtors, and all of the Debtors' acknowledgements, releases and waivers of claims granted to or in favor of Pre-Petition Lender relating to the Pre-Petition Loan Documents in accordance with this Interim Order shall be binding upon all parties in interest in the Debtors' Chapter 11 cases and/or in any subsequently converted case(s) under Chapter 7 of the Bankruptcy Code.

16. Disposition of Collateral. Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral, or assume, reject or assign any Leasehold Property (as defined in the Credit Agreement) without the prior written consent of Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by Lender or an order of this Court), except for sales of Debtors' Inventory in the ordinary course of its businesses or except as otherwise provided for in the Credit Agreement, the other Loan Documents and this Interim Order; provided, however, that nothing herein shall impair the Debtors' exercise of their fiduciary duties with respect to the assumption, rejection, or assignment of real property leases.

17. Waiver of 506(c) Claims Against Lender. No costs or expenses of administration which already have been, or may hereafter be, incurred in Debtors' Chapter 11 cases or in any subsequently converted case under Chapter 7 of the Bankruptcy Code shall be charged or asserted by the Debtors against Lender, its claims or the Collateral, pursuant to Sections 105 or 506(c) of the Bankruptcy Code or otherwise without the prior written consent of Lender (and no such consent shall be implied from any other action, inaction or acquiescence by Lender). Nothing contained in this paragraph shall waive the rights of the Committee or any other party-in-interest to assert a claim under Section 506(c) of the Bankruptcy Code; provided, that, the foregoing does not and shall not be construed to grant standing to any such party to assert a claim under Section 506(c) of the Bankruptcy Code.

18. Remedies upon Occurrence of Event of Default. In the event of the occurrence of any of the following: (a) the failure of Debtors to perform in any material respect any of its obligations pursuant to this Interim Order, (b) the occurrence of any Event of Default under the Credit Agreement or the other Loan Documents, (c) the termination or non-renewal of the Loan Documents as provided for in the Credit Agreement, or if terminated sooner by an order of this Court, (d) conversion of any Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, (e) the appointment of a trustee pursuant to Section 1104(a) of the Bankruptcy Code in Debtors' Chapter 11 cases, (f) the appointment of any examiner with expanded powers pursuant to Section 1106(b) of the Bankruptcy Code in Debtors' Chapter 11 cases, (g) the entry of any order modifying, reversing, revoking, staying, rescinding, vacating or amending this Interim Order without the express prior written consent of Lender (and no such consent shall be implied from any other action, inaction or acquiescence by Lender), (h) the failure to obtain entry of a final non-appealable Final Financing Order as to the approval of the Credit Agreement and the other Loan Documents, in form and substance acceptable to Lender, granting the Motion within sixty (60) days after the date of the Motion, (i) the failure of Debtors to remain current in payment of any material amount of post-petition administrative obligations, except for amounts the validity of which are being contested in good faith by Debtors, or (j) the filing of a plan of reorganization by any party which does not provide for the payment in full in immediately available funds of all Obligations on the effective date thereof on terms and conditions acceptable to Lender (each of the foregoing being referred to in this Interim Order, individually, as an

"Event of Default" and collectively, as "Events of Default"); then (unless such Event of Default is specifically waived in writing by Lender, which waiver shall not be implied from any other action, inaction or acquiescence by Lender) and upon or after the occurrence of any of the foregoing, and at all times thereafter, after giving five (5) business days notice in writing, served by hand or telefax upon the Court, Debtors' counsel, counsel to the Committee, any trustee of Debtors, if appointed, and the United States Trustee: (i) all of the Obligations shall become immediately due and payable, (ii) the automatic stay provided for pursuant to Section 362 of the Bankruptcy Code and any other restrictions on the enforcement by Lender of its liens upon and security interests in the Collateral or any other rights under the Loan Documents granted to or for the benefit of Lender or pursuant to this Interim Order shall be automatically vacated and modified without any further action being required, and (iii) Lender, without further notice, hearing or approval of this Court, shall be, and are hereby authorized, in the discretion of the Lender, to take any and all actions or remedies which Lender may deem appropriate to proceed against and realize upon the Collateral and any other assets and properties of Debtors' estates upon which Lender has been or may hereafter be granted liens and security interests to obtain the full and indefeasible repayment of the Obligations. Nothing contained in this Interim Order or otherwise shall be construed to obligate Lender in any way to lend or advance any additional funds to Debtors, or provide other financial accommodations to Debtors upon or after the occurrence of an Event of Default.

19. Intentionally omitted.

20. Amendment to Loan Documents. Agent, with the consent of Debtors, is hereby authorized to amend and/or modify the Loan Documents without further order of the Court for purposes of, among other things, implementing the syndication of the financing provided for in the Credit Agreement and the other Loan Documents (which syndication may result in increased costs charged to the Borrowers under the Credit Agreement and the other Loan Documents) and modifying or waiving compliance with financial covenants contained in the Credit Agreement or increasing the amount of loans available to Borrowers or changes related to any of the foregoing; provided, that, any such amendments and modifications must be in writing and served upon counsel for the Committee and the U.S. Trustee.

21. Reservation of Lender's Rights. Entry of this Interim Order shall not be deemed to prejudice any and all rights, remedies, claims and causes of action Lender may have against third parties, and shall not prejudice the rights of Lender from and after the entry of this Interim Order to seek any other relief in the Debtors' Chapter 11 cases. Entry of this Interim Order shall not in any way constitute: (a) a preclusion or a waiver of any right of Lender to file, or to prosecute if already filed, a motion for relief from stay, a motion or request for relief, including but not limited to any adversary proceeding; (b) agreement, consent, or acquiescence to the terms of any plan of reorganization by virtue of any term or provision of this Interim Order; (c) a preclusion or waiver to assert any other rights, remedies or defenses available to Lender, or to respond to any motion, application, proposal, or other action, all such rights, remedies, defenses and opportunities to respond being specifically reserved by Lender; or (d) a preclusion, waiver or modification of any rights or remedies that Lender has against any other person or entity.

22. Release Upon Repayment of Obligations Upon the payment in full of all Obligations owed to Lender and termination of the Credit Agreement and the other Loan Documents, Lender shall be released from any and all obligations, liabilities or responsibilities arising in connection with or related to this Interim Order, the Credit Agreement and the other Loan Documents in accordance with the terms and conditions contained in the Loan Documents.

23. Restrictions on Use of Cash Collateral, Additional Financing. All post-petition advances and other financial accommodations under the Credit Agreement and the other Loan Documents are made in reliance on this Interim Order and in the event that an order is entered at any time in Debtors' Chapter 11 cases or in any subsequently converted case under Chapter 7 of the Bankruptcy Code any order (other than the Final Financing Order) which (a) authorizes the use of cash collateral of Debtors in which Lender has an interest or the sale, lease, or other disposition of property of Debtors' estates in which Lender has a lien or security interest, except as expressly permitted hereunder or in the Loan Documents, or (b) authorizes under Section 364 of the Bankruptcy Code the obtaining of credit or the incurring of indebtedness secured by a lien or security interest which is equal or senior to a lien or security interest in property in which Lender holds a lien or security interest, or which is entitled to priority administrative claim status which is equal or superior to that granted to Lender herein; then, in each instance (i) Lender shall have given its express prior written consent thereto, no such consent being implied from any other action, inaction or acquiescence by Lender, or (ii) such other order requires that the Obligations shall first be indefeasibly paid in full, including, without limitation, all debts and obligations of Debtors to Lender which arise or result from the obligations, loans, security interests and liens authorized herein, on terms and conditions acceptable to Lender. The security interests and liens granted to or for the benefit of Lender hereunder and the rights of Lender pursuant to this Interim Order and the Loan Documents with respect to the Obligations and the Collateral are cumulative and shall not be altered, modified, extended, impaired, or affected by any plan of reorganization of Debtors and, if Lender shall expressly consent in writing that the Obligations shall not be repaid in full upon confirmation thereof, shall continue after confirmation and consummation of any such plan.

24. Binding Effect of Interim Order and Loan Documents.

(a) The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered converting Debtors' Chapter 11 cases to a Chapter 7 case, dismissing any of Debtors' bankruptcy cases or any order which may be entered confirming or consummating any plan of reorganization of Debtors, and the terms and provisions of this Interim Order as well as the priorities in payment, liens, and security interests granted pursuant to this Interim Order and the Loan Documents shall continue in this or any superseding case under the Bankruptcy Code, and such priorities in payment, liens and security interests shall maintain their priority as provided by this Interim Order until all Obligations are indefeasibly paid and satisfied; provided, that, all obligations and duties of Lender hereunder, under the Loan Documents or otherwise with respect to any future loans and advances or otherwise shall terminate immediately upon the earlier of the date of any Event of Default or the date that a plan of reorganization of the Debtors becomes effective unless Lender has given its express prior written consent thereto, no such consent being implied from any other action, inaction or acquiescence by Lender.

(b) The provisions of this Interim Order and the Loan Documents shall inure to the benefit of Debtors, Lender and the Pre-Petition Lender and shall be binding upon Debtors, Lender, and the Pre-Petition Lender and their respective successors and assigns, including any Chapter 11 or Chapter 7 Trustee or other fiduciary hereafter appointed as a legal representative of Debtors or with respect to property of the estate of Debtors, whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case, and shall also be binding upon all creditors of Debtors and other parties in interest.

25. No Modification or Stay of This Interim Order. If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed, such modification, vacation or stay shall not affect (a) the validity of any obligation, indebtedness or liability incurred by Debtors to Lender or the Pre-Petition Lender prior to the effective date of such modification, vacation or stay, (b) the validity or enforceability of any security interest, lien, or priority authorized or created hereunder or pursuant to the Loan Documents, as applicable, or (c) the indefeasible repayment by Debtors of the Pre-Petition Lender Debt. Notwithstanding any such modification, vacation or stay, any indebtedness, obligations or liabilities incurred by Debtors to Lender or the Pre-Petition Lender prior to the effective date of such modification, vacation or stay shall be governed in all respects by the original provisions of this Interim Order, and Lender and the Pre-Petition Lender shall be entitled to all the rights, remedies, privileges and benefits granted herein with respect to all such indebtedness, obligations and/or liabilities. The obligations and indebtedness of Debtors to Lender under this Interim Order and/or the Loan Documents shall not be discharged by the entry of an order confirming a plan of reorganization in Debtors' bankruptcy cases pursuant to Section 1141(d)(4) of the Bankruptcy Code or otherwise, unless and until all Obligations of Debtors to Lender are indefeasibly paid in full in accordance with the terms and conditions of the Loan Documents prior to or concurrently with the entry of such order.

26. No Waivers or Modification of Interim Order. Debtors irrevocably waive any right to seek any modifications or extensions of this Interim Order without the prior written consent of Lender and no such consent shall be implied by any other action, inaction or acquiescence by Lender. Notwithstanding anything to the contrary contained herein, no provision of this Interim Order concerning the repayment of the Pre-Petition Lender Debt pursuant to the provisions of this Interim Order shall be modified, vacated, stayed or altered in any manner or respect.

27. Conflicting Provisions. Unless otherwise provided in this Interim Order, to the extent the terms and conditions of the Loan Documents are in conflict with the terms and conditions of this Interim Order, the terms and conditions of this Interim Order shall control.

28. Good Faith. The terms of the financing arrangements among Debtors and Lender have been negotiated in good faith and at arms' length among Debtors and Lender and any loans, advances or other financial accommodations which are made or caused to be made to Debtors by Lender pursuant to the Loan Documents are deemed to have been made and provided in good faith, as the term "good faith" is used in Section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of Section 364(e) of the Bankruptcy Code in the event that this Interim Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise. Consistent with Section 364(e) of the Bankruptcy Code, if any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed:

i. such stay, modification or vacation shall not affect the validity of any obligation, indebtedness, liability or lien granted or incurred by an Debtor to Lender prior to the effective date of such stay, modification or vacation, or the validity, enforceability or priority of any lien, priority or right authorized or created under the original provisions of this Interim Order or pursuant to the Loan Documents; and

ii. any indebtedness, obligation or liability incurred by any Debtor to Lender under the Loan Documents prior to the effective date of such stay, modification or vacation shall be governed in all respects by the original provisions of this Interim Order, and Lender shall be entitled to all the rights, remedies, privileges and benefits, including the liens, security interests and priorities granted herein and pursuant to the Loan Documents, with respect to any such indebtedness, obligation or liability; and

iii. since the loans made pursuant to the Loan Documents are made in reliance on this Interim Order, the Obligations owed Lender prior to the effective date of any stay, modification or vacation of this Interim Order cannot, as a result of any subsequent order in these chapter 11 cases, or in any superseding case, be subordinated, lose its lien priority or superpriority administrative expense claim status, or be deprived of the benefit of the status of the liens and claims granted to Lender under this Interim Order and/or the Loan Documents.

29. Interim Financing Term. The authorization of Debtors to obtain Loans and Letter of Credit Accommodations from Lender in accordance with the Loan Documents and this Interim Order shall expire sixty (60) days from the date of entry of this Interim Order, unless a Final Financing Order (as defined in the Credit Agreement) in form and substance satisfactory to Lender is entered on or before such date.

30. Final Hearing. This matter is set for a final hearing at 10:00 a.m. on March 15, 2005 ("Final Hearing"), in the United States Bankruptcy Court for the Southern District of New York, at which time any party-in-interest may appear and state its objections, if any, to the provisions of the post-petition financing arrangements among Debtors and Lender. The following parties shall immediately, and in no event later than February 26, 2005, be mailed copies of this Interim Order or such written summary of this Interim Order as the Court may approve: (a) the Interim Noticed Parties, (b) all creditors known to the Debtors who may have liens against or interests in any of the Debtors' assets and properties, including, without limitation, all landlords, operators, mortgagors and/or mortgagees of the premises at which any of the Debtors' Inventory or other items of Collateral are located; and (c) all parties who have filed a Notice of Appearance in these Chapter 11 cases. Objections shall be in writing and shall be filed with the Clerk of this Court, on or before March 11, 2005 at 4:00 p.m., with a copy served upon Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: D. J. Baker, Esq. and Alexandra Margolis, Esq.; King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, Attention: Sarah Borders, Esq.; Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New

York, New York 10169, Attention: Jonathan N. Helfat, Esq.; and Shearman & Sterling LLP, 599 Lexington Avenue, New York, New York 10022-6069, Attention: Andrew Tenzer, Esq. so that such objections are received, along with copy to Chambers, on or before 4:00 p.m., March 11, 2005. Any objections by creditors or any other party-in-interest to any of the provisions of the post-petition financing arrangements among Debtors and Lender shall be deemed waived unless filed and received in accordance with the foregoing on or before the close of business on such date. Except as otherwise provided in this paragraph, the terms of this Interim Order shall be valid and binding upon Debtors, all creditors of Debtors (including, without limitation, the Pre-Petition Secured Lender), and all other parties-in-interest from and after the date of this Interim Order by this Court. In the event this Court modifies any of the provisions of this Interim Order and the Loan Documents following such further hearing, such modifications shall not affect the rights and priorities of Lender pursuant to this Interim Order with respect to the Collateral and any portion of the Obligations which arises, or is incurred or is advanced prior to such modifications (or otherwise arising prior to such modifications), and this Interim Order shall remain in full force and effect except as specifically amended or modified at such final hearing.

31. **In the event of any inconsistency between this Order and the Loan Documents, this order shall govern. SMB 2/23/05**

Dated: New York, New York
February 23, 2005

/s/ STUART M. BERNSTEIN
United States Bankruptcy Judge

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D.J. Baker (DB 0085)

KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: (404) 572-4600
Facsimile: (404) 572-5100
Sarah Robinson Borders

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**NOTICE OF FURTHER HEARING ON MOTION FOR AUTHORITY TO PAY PRE-PETITION CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURE COMMODITIES ACT**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing has been scheduled for March 4, 2005, at 10:00 a.m. ET, before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, to consider the Debtors'[1] Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agriculture Commodities Act (the "Motion"), which has been granted on an interim basis pursuant to an interim order filed at Docket No. 77 (the "Interim Order"). The hearing may be adjourned from time to time by announcement in open court or on the case docket without written notice to parties in interest.

---

1 The "Debtors" consist of Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

PLEASE TAKE FURTHER NOTICE that any objections to the relief requested in the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, shall set forth the basis for the objection and the specific grounds therefore, and shall be filed with the Clerk of this Court in accordance with General Order M-242 which order can be found at www.nysb.uscourts.gov, and shall further be delivered directly to Judge Drain's Chambers and served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: D.J. Baker, Esq.; and (iii) King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, Attention: Sarah Robinson Borders, Esq., so as to be actually received no later than **March 3, 2005, at 4:00 p.m., prevailing Eastern Time**. Only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

A copy of the Interim Order is enclosed herewith. Copies of the Motion and of a proposed final order are available upon request to Luisa Bonachea, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036, Telephone: 212-735-4065, E-mail: lbonache@skadden.com.

Dated: February 25, 2005
New York, New York

/s/ *D. J. Baker*
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (917) 777-2150

- and –

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

PROPOSED ATTORNEYS FOR THE DEBTORS

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**INTERIM ORDER GRANTING THE DEBTORS AUTHORITY TO PAY PRE-PETITION CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order for authority to pay undisputed pre-petition claims arising under the Perishable Agricultural Commodities Act ("PACA") and to establish procedures for addressing disputed claims asserted under PACA; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50)

largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 by 4:00 p.m.; and it is further

ORDERED that the terms of this Order, and any references to PACA contained herein, shall also apply to pre-petition claims asserted against the Debtors arising under the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 *et seq.*; and it is further

ORDERED that the procedures described below (the "PACA Procedures") are hereby approved and may be implemented by the Debtors:

a. PACA Notices. Any seller seeking the protection of a PACA Trust must deliver or have previously delivered a valid and timely PACA Notice in accordance with PACA to the Debtors on or before the statutory deadline.

b. Notice of PACA Order. The Debtors shall send a copy of this Order by first-class mail to all persons or entities who have delivered a valid and timely PACA Notice (or a document that purports to be a valid and timely PACA Notice) to the Debtors.

c. Allowed PACA Claims. If the Debtors determine that a claim asserted in a PACA Notice (a "PACA Claim") is valid, the Debtors shall pay such claim as an administrative expense of the Debtors' estates as soon as practicable after receipt of the PACA Notice (an "Allowed PACA Claim"). Any holder of an Allowed PACA Claim that accepts payment from the Debtors on account of its PACA Claim shall be deemed to have waived, released, and discharged ~~any and~~ all claims against the or their property arising under PACA to the extent of such payment.

d. Disputed Claim Report. As soon as practicable after the period ending ninety (90) days after entry of the PACA Order, the Debtors will file a report ("Report") with the Court that lists the PACA Claims the Debtors believe are invalid in whole or in part.

1. The Report shall be sent by first-class mail to the following parties: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the agent for the Debtors' secured lenders, and (iii) counsel for any statutory committee appointed in the Debtors' Chapter 11 cases.

    2. In addition, a copy of the Report and a copy of the PACA Order shall be sent, by first-class mail, to all parties filing a PACA Claim that is the subject of the Report.

e. Objections. The deadline for a claimant to object to the inclusion of a PACA Claim in the Report shall be 4:00 p.m. prevailing Eastern Time on the day that is twenty (20) calendar days from the day on which the Report is filed with the Court and served as set forth herein. Any objection must be filed with the Court and received by Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq., on or before the objection deadline.

f. Effect of the Report.

1. With respect to each PACA Claim in the Report as to which no objection is timely received, such PACA Claim shall be deemed an invalid PACA Claim (in whole or in part, as specified in the Report) without further order of the Court and, to the extent invalid, shall not be entitled to the priorities provided under PACA.

2. With respect to each PACA Claim in the Report as to which an objection is timely received and the parties resolve the objection, the PACA Claim shall be treated as an Allowed PACA Claim or a disallowed PACA Claim, in whole or part, as agreed to by the parties, without further order of the Court, upon the filing by the Debtors of a notice setting forth the agreement of the parties.

3. With respect to each PACA Claim in the Report as to which an objection is timely received and the objection cannot be resolved by the parties, the PACA Claim shall not be deemed valid or invalid except upon order of the Court. If a resolution is not reached by at least sixty (60) days after the date of the Report, or such later period as may be agreed to by the claimant, the Debtors will arrange for a hearing before the Court.

and it is further

ORDERED that the PACA Procedures are the sole and exclusive method permitted with respect to the resolution and payment of PACA Claims asserted against the Debtors. All vendors with PACA Claims are prohibited from seeking any other treatment than is permitted by the Procedures above, including instituting an adversary proceeding against the Debtors for or on account of their PACA Claims; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any PACA Claimant or any third party; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall (i) substantively or procedurally impair the ability of any PACA Claimant to avail itself of any rights under state law (or federal law not expressly set forth herein) or to request equitable remedies such as the establishment of a constructive trust or (ii) prejudice the rights or interests of any PACA Claimant with respect to any liens or claims of any post-petition lender to the Debtors; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to

the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest

unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of

appearance or request for notice within such time; and it is further

      ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order; and it is further

      ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the

Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 23, 2005
      New York, New York

                **/s/Stuart M. Bernstein**
                UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**ORDER (A) AUTHORIZING, ON AN INTERIM BASIS, RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING, ON AN INTERIM BASIS, PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for entry of an order authorizing the Debtors to return goods to vendors, providing administrative claim status for valid reclamation claims and establishing procedures for the treatment of reclamation claims, and prohibiting third parties from interfering with delivery of goods; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for

Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted, in part on a final basis and in part on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis with respect to the return of goods pursuant to Section 546(g) of the Bankruptcy Code, to the treatment of valid reclamation claims as administrative expense claims, or to the Reclamation Procedures (as defined below) must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 at 4:00; and it is further

ORDERED on an interim basis that the Debtors are authorized under Section 546(g) of the Bankruptcy Code to return to their vendors (collectively, the "Vendors") any goods

("Goods") that are not out of date and that were delivered within ten days prior to the petition date for an offset of the purchase price of such Goods against the Vendors' pre-petition claim; provided, however, that the Debtors are not required to provide notice or seek further Court authorization to return such Goods; and it is further

ORDERED on an interim basis that claims of Vendors of Goods received and not returned to the Vendor by the Debtors shall be entitled to administrative expense treatment if and to the extent such claims are the claims of Vendors (a) who timely demand in writing reclamation of Goods pursuant to Section 546(c)(1) of the Bankruptcy Code and Section 2-702 of the UCC (together, "Applicable Law"), (b) whose Goods the Debtors have received, (c) who identifies the Goods sought to be reclaimed by invoice and proof of delivery, (d) whose Goods the Debtors do not agree to make available for pick-up by the Vendor, and (e) whose claims are otherwise valid under Applicable Law; provided, however, that Debtors shall bear the burden of proof on whether the Goods remained in possession of the Debtors on the reclamation demand date and may satisfy that burden by means of a statistical analysis based upon historical consumption data agreed to by the Vendor or otherwise approved by the Court (each, a "Reclamation Claim," and collectively, the "Reclamation Claims"), the amount and method of payment of such administrative expense claims to be determined pursuant to the procedures set forth hereinbelow; and it is further

ORDERED on an interim basis that if a Vendor of Goods has asserted a timely reclamation demand that is valid under Applicable Law with respect to Goods received by the Debtors, and not offered by the Debtors for pick-up by the Vendor, then the Debtors are deemed to have waived the following defenses to such Vendor's Reclamation Claim: (a) the failure of the Vendor to take any or all possible "self-help" measures with respect to such Goods; and (b)

the failure of the Vendor to institute an adversary proceeding against the Debtors seeking to enjoin them from using or selling such Goods or any other similar relief; and it is further

ORDERED on an interim basis that the Debtors are authorized to implement the following procedures (the "Reclamation Procedures"), without need of further order of the Court, to resolve the Reclamation Claims asserted in these cases:

*(a) Reclamation Demands*

(i) All Vendors seeking to reclaim Goods from the Debtors shall be required to submit a demand (a "Reclamation Demand"):

(1) before 10 days after receipt of such Goods by the Debtors; or

(2) if such 10-day period expires after the Petition Date, before 20 days after receipt of such Goods by the Debtors.

(ii) Such a Reclamation Demand must set forth in specificity the Goods for which reclamation is sought and the basis for the Reclamation Claim to the extent required by Applicable Law.

(iii) Any Vendor who fails to timely submit a Reclamation Demand pursuant to section 546 of the Bankruptcy Code shall be deemed to have waived its right to payment on any purported Reclamation Claim.

***(b) The Statement of Reclamation***

(i) Within one hundred twenty (120) days after the Petition Date, or such later date as may be established by the Court upon motion of the Debtors, the Debtors shall provide the Vendor with a copy of this Order (the "Reclamation Order") and a statement of reclamation (the "Statement of Reclamation" or the "Statement").

(ii) The Statement of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not legally valid and/or the amount that shall be considered valid (the "Reconciled Reclamation Claim"). In addition, the Statement of Reclamation shall identify any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses").

(iii) Vendors who are in agreement with the Reconciled Reclamation Claim as contained in the Statement of Reclamation may indicate

such assent on the Statement of Reclamation and return the Statement within sixty (60) days after the date of the Statement of Reclamation (the "Reconciliation Deadline") to the Debtors' representative as set forth in such statement, with copies to Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq.

(iv) Vendors who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement of Reclamation (the "Dissenting Vendors") must indicate such dissent on the Statement of Reclamation and return the Statement by the Reconciliation Deadline to the entities and at the addresses identified in subparagraph (iii) of these Procedures, above. A Statement of Reclamation returned under this subparagraph must be accompanied by:

(1) a copy of the Reclamation Demand, together with any evidence of the date such Reclamation Demand was sent and received;

(2) the identity of the Debtor that ordered the products and the identity of the Vendor from whom the Goods were ordered;

(3) any evidence demonstrating when the Goods were shipped and received;

(4) copies of the respective Debtor's and Vendor's purchase orders and invoices, together with a description of the Goods shipped; and

(5) a statement identifying which information on the Debtors' Statement of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection.

(v) The failure of a Dissenting Vendor to materially comply with subparagraph (iv) above shall constitute a waiver of such Dissenting Vendor's right to object to the proposed treatment and allowed amount of such Reclamation Claim, as set forth in the Statement of Reclamation, unless the Court orders otherwise.

(vi) Any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline or who returns the Statement of Reclamation by the Reconciliation Deadline but fails to indicate assent or dissent shall be deemed to have assented to the Reconciled Reclamation Claim.

***(c) Fixing the Reclamation Claim***

(i) The Reclamation Claim of (1) any Vendor who returns the Statement of Reclamation by the Reconciliation Deadline and indicates its assent

to the Reconciled Reclamation Claim as contained in the Statement of Reclamation, (2) any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline, and (3) any Vendor who returns the Statement of Reclamation by the Reconciliation Deadline but who fails to indicate either assent or dissent, shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim.

(ii) The Debtors are authorized to negotiate with all Dissenting Vendors and to adjust the Reconciled Reclamation Claim either upward or downward to reach an agreement regarding the Dissenting Vendor's Reclamation Claim. The Debtors are also authorized to include any Reserved Defenses as part of any such agreement. In the event the Debtors and a Dissenting Vendor are able to settle on the amount and/or treatment of the Dissenting Vendor's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

(iii) In the event that no consensual resolution of the Dissenting Vendor's Reclamation Demand is reached within sixty (60) days of the Reconciliation Deadline (or such later date as the parties agree), the Debtors shall file a motion for determination of the Dissenting Vendor's Reclamation Claim and set such motion for hearing at the next regularly scheduled omnibus hearing occurring more than twenty (20) days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing"). The Dissenting Vendor's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Vendor prior to a determination by the Court in the Determination Hearing.

***(d) Treatment of Allowed Reclamation Claims***

(i) The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Vendor or Dissenting Vendor so long as such Goods are not out of date.

(ii) All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall be paid in full as an administrative expense pursuant to a confirmed plan of reorganization, or earlier, in whole or in part, to the extent that a reclamation payment plan is proposed and approved by the Court;

and it is further

ORDERED on an interim basis that in the event an Allowed, in whole or in part, Reclamation Claim is paid earlier than the effective date of a confirmed plan of reorganization,

any such payments shall be subject to any Reserved Defenses of the Debtors. Reserved Defenses shall be deemed waived by the Debtors on (a) the earlier of (i) such effective date; or (ii) the date that is one year following the last payment of an Allowed Reclamation Claim, or (b) as extended by agreement of the parties or by this Court, or request of the Debtors (the latter of "a" or "b" being the "Satisfaction Date"); and it is further

ORDERED on an interim basis that as of the Satisfaction Date, payment of an Allowed Reclamation Claim pursuant to the Reclamation Procedures shall constitute a waiver, release, discharge, and satisfaction of any and all rights and claims that the holder of the Allowed Reclamation Claim has ever had, or hereafter, can, shall or may have, against the Debtors, arising from its rights to repossess, reclaim or be paid for the Goods and of any other reclamation rights for the same Goods that the holder of the Allowed Reclamation Claim has or may assert against the Debtors; and it is further

ORDERED on an interim basis that by the payment and acceptance under the Reclamation Procedures set forth herein, the Debtors and the holder of the Allowed Reclamation Claim shall be deemed to agree that the Debtors do not in any way waive any claims they may have against any Vendor relating to preferential or fraudulent transfers, or other potential claims, counterclaims, or offsets with respect to said Vendors, or any defense to the value of a Reclamation Claim based upon the existence of a prior perfected lien on the Goods. The Debtors' rights to pursue such claims, and any and all other claims they may seek to advance against any Vendor in the future other than those arising specifically in connection with the Allowed Reclamation Claim, are hereby reserved, including the right to object on any grounds to any claim filed by the Vendors; and it is further

ORDERED on an interim basis that by accepting payment in accordance with the Reclamation Procedures, the holder of an Allowed Reclamation Claim shall be deemed to warrant that it has not assigned any of its rights to its Reclamation Claim; and it is further

ORDERED that nothing contained in the Motion or in this Order shall be deemed an admission as to the solvency or insolvency of the Debtors as of the Petition Date or any other date or shall prejudice the Debtors' rights to return unacceptable Goods or Goods delivered but not ordered by the Debtors; and it is further

ORDERED on an interim basis that the Reclamation Procedures are the sole and exclusive method permitted with respect to the resolution and payment of Reclamation Claims asserted against the Debtors. Vendors are prohibited from seeking any other treatment for their Reclamation Claims than is permitted by the Reclamation Procedures, and all parties are prohibited from commencing adversary proceedings against the Debtors in respect of Reclamation Claims; and it is further

ORDERED that the Debtors may object on any grounds to any claims filed by the Vendors; and it is further

ORDERED that, in accordance with Sections 105 and 362 of the Bankruptcy Code, Vendors and all other third parties are prohibited from reclaiming or interfering in any way with the post-petition shipment or delivery of Goods to the Debtors without first obtaining relief from this Order; and it is further

ORDERED that, except as provided herein, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Vendor or any other third party; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: February 23, 2005
New York, New York

**/s/ STUART M. BERNSTEIN**
UNITED STATES BANKRUPTCY JUDGE