UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.* | ) | Case No. 05-11063 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**NOTICE OF KLEMENT SAUSAGE COMPANY, INC.'S
RECLAMATION DEMAND OR, ALTERNATIVELY,
FOR PRIORITY CLAIM OR LIEN**

Klement Sausage Company, Inc. ("Klement") by its undersigned counsel, hereby files the following Notice of Demand for Reclamation, or Alternatively, for Priority Claim or Lien (the "Notice") and respectfully states as follows:

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and various affiliates (collectively "Winn-Dixie") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 *et. seq.* (the "Code"). Upon information and belief, no trustee or examiner has been appointed.

2. Prior to the Petition Date, Klement provided and shipped to Winn-Dixie certain meat products, which products were, upon information and belief, received by Winn-Dixie. Klement provided certain of these products to Winn-Dixie within 10 days of the Petition Date.

3. Klement hereby makes demand to Winn-Dixie for reclamation pursuant to §546(c) of the Code and §2-207 of the Uniform Commercial Code.[1] In the alternative, Klement seeks a priority claim or lien for all products received by Winn-Dixie during the 10 days preceding the Petition Date.

---

[1] Nothing herein shall be construed or deemed to limit or otherwise preclude Klement's right to assert any and all rights under any and all other applicable federal, state or foreign statutes or rules regarding the goods subject to this Notice. Klement hereby especially reserves any and all such rights.

4.      Pursuant to §546(c) of the Code, a seller may make written demand for reclamation of the goods before ten (10) days after receipt by the Debtor, or if the ten (10) day period expires after the commencement of the case, before the 20 days after the Debtor receives the goods. 11 U.S.C. §546(c)(1). If a Court denies a seller's claim for reclamation, it must grant the seller an administrative priority expense or secure the seller's claim with a lien, *see* 11 U.S.C. §546(c)(2)(A) and (B); 11 U.S.C. §503(b) and §507(a)(1).

5.      Klement makes demand for reclamation for the meat products delivered to Winn-Dixie, an itemization of which is set forth as attached hereto.

6.      The above referenced products were sold to Winn-Dixie in the ordinary course of Klement's business. Furthermore, upon information and belief, Winn-Dixie was insolvent when the products were sold and received.

7.      Klement originally served reclamation demands upon the Debtor via first class mail and federal express on February 23, 2005.

8.      Wherefore, having satisfied the requirements of 11 U.S.C. §546(c), Klement demands reclamation of its meat products or, in the alternative, a priority claim or lien in its favor for the total amount of the products. In addition, Klement requests such other and further relief as this Court deems just and equitable.

Dated: February 24, 2005
       New York, New York

*S/Ronald Scott Kaniuk*
Ronald Scott Kaniuk, Esq. (RSK-6145)
TAPLIN & ASSOCIATES
350 Fifth Avenue, Suite 2418
New York, NY 10118
Telephone: (212) 967-0895
Facsimile: (212)202-5217

and

2

Bryan M. Becker, Esq.
HOWARD, SOLOCHEK & WEBER, S.C.
324 East Wisconsin Avenue, Suite 1100
Milwaukee, WI 53202
Telephone: (414) 272-0760
Facsimile: (414) 272-7265