**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                         :
                                                              :         **Chapter 11**
                                                              :
**WINN-DIXIE STORES, INC., et al.,**                          :         **Case No. 05-11063 (RDD)**
                                                              :
                 Debtors.                                     :         **(Jointly Administered)**
                                                              :
-------------------------------------------------------------x

<u>**ORDER (A) AUTHORIZING, ON AN INTERIM BASIS, RETURN**
**OF GOODS PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING,**
**ON AN INTERIM BASIS, PROCEDURES FOR TREATMENT**
**OF RECLAMATION CLAIMS, AND (C) PROHIBITING**
**THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS**</u>

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for entry of an order authorizing the Debtors to return goods to vendors, providing administrative claim status for valid reclamation claims and establishing procedures for the treatment of reclamation claims, and prohibiting third parties from interfering with delivery of goods; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for

Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted, in part on a final basis and in part on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 4, 2005, at 10:00 a.m.; and it is further

ORDERED that any objection to the relief requested by the Motion on a final basis with respect to the return of goods pursuant to Section 546(g) of the Bankruptcy Code, to the treatment of valid reclamation claims as administrative expense claims, or to the Reclamation Procedures (as defined below) must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, so as to be received by March 3, 2005 at 4:00; and it is further

ORDERED on an interim basis that the Debtors are authorized under Section 546(g) of the Bankruptcy Code to return to their vendors (collectively, the "Vendors") any goods

("Goods") that are not out of date and that were delivered within ten days prior to the petition date for an offset of the purchase price of such Goods against the Vendors' pre-petition claim; provided, however, that the Debtors are not required to provide notice or seek further Court authorization to return such Goods; and it is further

ORDERED on an interim basis that claims of Vendors of Goods received and not returned to the Vendor by the Debtors shall be entitled to administrative expense treatment if and to the extent such claims are the claims of Vendors (a) who timely demand in writing reclamation of Goods pursuant to Section 546(c)(1) of the Bankruptcy Code and Section 2-702 of the UCC (together, "Applicable Law"), (b) whose Goods the Debtors have received, (c) who identifies the Goods sought to be reclaimed by invoice and proof of delivery, (d) whose Goods the Debtors do not agree to make available for pick-up by the Vendor, and (e) whose claims are otherwise valid under Applicable Law; provided, however, that Debtors shall bear the burden of proof on whether the Goods remained in possession of the Debtors on the reclamation demand date and may satisfy that burden by means of a statistical analysis based upon historical consumption data agreed to by the Vendor or otherwise approved by the Court (each, a "Reclamation Claim," and collectively, the "Reclamation Claims"), the amount and method of payment of such administrative expense claims to be determined pursuant to the procedures set forth hereinbelow; and it is further

ORDERED on an interim basis that if a Vendor of Goods has asserted a timely reclamation demand that is valid under Applicable Law with respect to Goods received by the Debtors, and not offered by the Debtors for pick-up by the Vendor, then the Debtors are deemed to have waived the following defenses to such Vendor's Reclamation Claim: (a) the failure of the Vendor to take any or all possible "self-help" measures with respect to such Goods; and (b)

the failure of the Vendor to institute an adversary proceeding against the Debtors seeking to enjoin them from using or selling such Goods or any other similar relief; and it is further

ORDERED on an interim basis that the Debtors are authorized to implement the following procedures (the "Reclamation Procedures"), without need of further order of the Court, to resolve the Reclamation Claims asserted in these cases:

*(a) Reclamation Demands*

(i) All Vendors seeking to reclaim Goods from the Debtors shall be required to submit a demand (a "Reclamation Demand"):

(1) before 10 days after receipt of such Goods by the Debtors; or

(2) if such 10-day period expires after the Petition Date, before 20 days after receipt of such Goods by the Debtors.

(ii) Such a Reclamation Demand must set forth in specificity the Goods for which reclamation is sought and the basis for the Reclamation Claim to the extent required by Applicable Law.

(iii) Any Vendor who fails to timely submit a Reclamation Demand pursuant to section 546 of the Bankruptcy Code shall be deemed to have waived its right to payment on any purported Reclamation Claim.

*(b) The Statement of Reclamation*

(i) Within one hundred twenty (120) days after the Petition Date, or such later date as may be established by the Court upon motion of the Debtors, the Debtors shall provide the Vendor with a copy of this Order (the "Reclamation Order") and a statement of reclamation (the "Statement of Reclamation" or the "Statement").

(ii) The Statement of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not legally valid and/or the amount that shall be considered valid (the "Reconciled Reclamation Claim"). In addition, the Statement of Reclamation shall identify any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses").

(iii) Vendors who are in agreement with the Reconciled Reclamation Claim as contained in the Statement of Reclamation may indicate

such assent on the Statement of Reclamation and return the Statement within sixty (60) days after the date of the Statement of Reclamation (the "Reconciliation Deadline") to the Debtors' representative as set forth in such statement, with copies to Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq.

       (iv) Vendors who are in disagreement with the Reconciled Reclamation Claim as contained in the Statement of Reclamation (the "Dissenting Vendors") must indicate such dissent on the Statement of Reclamation and return the Statement by the Reconciliation Deadline to the entities and at the addresses identified in subparagraph (iii) of these Procedures, above. A Statement of Reclamation returned under this subparagraph must be accompanied by:

       (1) a copy of the Reclamation Demand, together with any evidence of the date such Reclamation Demand was sent and received;

       (2) the identity of the Debtor that ordered the products and the identity of the Vendor from whom the Goods were ordered;

       (3) any evidence demonstrating when the Goods were shipped and received;

       (4) copies of the respective Debtor's and Vendor's purchase orders and invoices, together with a description of the Goods shipped; and

       (5) a statement identifying which information on the Debtors' Statement of Reclamation is incorrect, specifying the correct information and stating any legal basis for the objection.

       (v) The failure of a Dissenting Vendor to materially comply with subparagraph (iv) above shall constitute a waiver of such Dissenting Vendor's right to object to the proposed treatment and allowed amount of such Reclamation Claim, as set forth in the Statement of Reclamation, unless the Court orders otherwise.

       (vi) Any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline or who returns the Statement of Reclamation by the Reconciliation Deadline but fails to indicate assent or dissent shall be deemed to have assented to the Reconciled Reclamation Claim.

       *(c) Fixing the Reclamation Claim*

       (i) The Reclamation Claim of (1) any Vendor who returns the Statement of Reclamation by the Reconciliation Deadline and indicates its assent

to the Reconciled Reclamation Claim as contained in the Statement of Reclamation, (2) any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline, and (3) any Vendor who returns the Statement of Reclamation by the Reconciliation Deadline but who fails to indicate either assent or dissent, shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim.

(ii)    The Debtors are authorized to negotiate with all Dissenting Vendors and to adjust the Reconciled Reclamation Claim either upward or downward to reach an agreement regarding the Dissenting Vendor's Reclamation Claim.  The Debtors are also authorized to include any Reserved Defenses as part of any such agreement.  In the event the Debtors and a Dissenting Vendor are able to settle on the amount and/or treatment of the Dissenting Vendor's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

(iii)   In the event that no consensual resolution of the Dissenting Vendor's Reclamation Demand is reached within sixty (60) days of the Reconciliation Deadline (or such later date as the parties agree), the Debtors shall file a motion for determination of the Dissenting Vendor's Reclamation Claim and set such motion for hearing at the next regularly scheduled omnibus hearing occurring more than twenty (20) days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing").  The Dissenting Vendor's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Vendor prior to a determination by the Court in the Determination Hearing.

### *(d)    Treatment of Allowed Reclamation Claims*

(i)    The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Vendor or Dissenting Vendor so long as such Goods are not out of date.

(ii)   All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall be paid in full as an administrative expense pursuant to a confirmed plan of reorganization, or earlier, in whole or in part, to the extent that a reclamation payment plan is proposed and approved by the Court;

and it is further

ORDERED on an interim basis that in the event an Allowed, in whole or in part,

Reclamation Claim is paid earlier than the effective date of a confirmed plan of reorganization,

any such payments shall be subject to any Reserved Defenses of the Debtors. Reserved Defenses shall be deemed waived by the Debtors on (a) the earlier of (i) such effective date; or (ii) the date that is one year following the last payment of an Allowed Reclamation Claim, or (b) as extended by agreement of the parties or by this Court, or request of the Debtors (the latter of "a" or "b" being the "Satisfaction Date"); and it is further

ORDERED on an interim basis that as of the Satisfaction Date, payment of an Allowed Reclamation Claim pursuant to the Reclamation Procedures shall constitute a waiver, release, discharge, and satisfaction of any and all rights and claims that the holder of the Allowed Reclamation Claim has ever had, or hereafter, can, shall or may have, against the Debtors, arising from its rights to repossess, reclaim or be paid for the Goods and of any other reclamation rights for the same Goods that the holder of the Allowed Reclamation Claim has or may assert against the Debtors; and it is further

ORDERED on an interim basis that by the payment and acceptance under the Reclamation Procedures set forth herein, the Debtors and the holder of the Allowed Reclamation Claim shall be deemed to agree that the Debtors do not in any way waive any claims they may have against any Vendor relating to preferential or fraudulent transfers, or other potential claims, counterclaims, or offsets with respect to said Vendors, or any defense to the value of a Reclamation Claim based upon the existence of a prior perfected lien on the Goods. The Debtors' rights to pursue such claims, and any and all other claims they may seek to advance against any Vendor in the future other than those arising specifically in connection with the Allowed Reclamation Claim, are hereby reserved, including the right to object on any grounds to any claim filed by the Vendors; and it is further

- 8 -

ORDERED on an interim basis that by accepting payment in accordance with the Reclamation Procedures, the holder of an Allowed Reclamation Claim shall be deemed to warrant that it has not assigned any of its rights to its Reclamation Claim; and it is further

ORDERED that nothing contained in the Motion or in this Order shall be deemed an admission as to the solvency or insolvency of the Debtors as of the Petition Date or any other date or shall prejudice the Debtors' rights to return unacceptable Goods or Goods delivered but not ordered by the Debtors; and it is further

ORDERED on an interim basis that the Reclamation Procedures are the sole and exclusive method permitted with respect to the resolution and payment of Reclamation Claims asserted against the Debtors.  Vendors are prohibited from seeking any other treatment for their Reclamation Claims than is permitted by the Reclamation Procedures, and all parties are prohibited from commencing adversary proceedings against the Debtors in respect of Reclamation Claims; and it is further

ORDERED that the Debtors may object on any grounds to any claims filed by the Vendors; and it is further

ORDERED that, in accordance with Sections 105 and 362 of the Bankruptcy Code, Vendors and all other third parties are prohibited from reclaiming or interfering in any way with the post-petition shipment or delivery of Goods to the Debtors without first obtaining relief from this Order; and it is further

ORDERED that, except as provided herein, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Vendor or any other third party; and it is further

- 9 -

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  February 23, 2005
       New York, New York

                                            /s/   STUART M. BERNSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE