UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X    **Hearing Date:  3/4/05 @ 10:00 a.m.**

In re:    Chapter 11
          Case No.:  05-11063 (RDD)

    WINN-DIXIE STORES, INC., et al

**OBJECTION TO TREATMENT
OF RECLAMATION CLAIMS**

               Debtor.
----------------------------------------------------------X

     American Food Distributors Inc. ("Creditor", and "AFD" ) herein, by its attorneys Macco & Stern, LLP sets forth as follows:

     1.  On February 23, 2005, this Court entered an interim order establishing on an interim basis, procedures for treatment of reclamation claims.

     2.  By notice and demand for reclamation dated February 25, 2005, AFD filed a demand under Section 546 of the Bankruptcy Code to reclaim goods sold and delivered to Winn-Dixie Stores Inc. ("Debtor") in the amount of $134,737.65. (See letter of reclamation demand and invoices annexed).

     3.  According to the aforesaid invoices, AFD delivered goods to the Debtor between February 15, 2005 through February 21, 2005.

     4.  Based on prior dealings between the parties, it appears that given the nature and extent of the items purchased by the debtor from AFD on the eve of bankruptcy that these purchases were calculated to permit the Debtor to greatly increase its inventory on the eve of the filing.

     5.  The majority of the products sold by AFD to the Debtor consisted of frozen foods and drinks, which are perishable in nature.

     6.  As of this writing, neither the Debtor nor its counsel has contacted this office on behalf of AFD to make arrangements for return of the products sold despite the reclamation letter transmitted to their firm.

1

7. Therefore, it is presumed that the Debtor has or will distribute these goods to its retail stores, place it in its inventory, and sell the items to the public at a profit.

8. According to the interim court order, the Debtor has 120 day period or longer in the event the court deems that appropriate, to provide AFD with a statement of reclamation and a determination of the validity or objection to the reclamation demand.

9. Furthermore, the order as entered on an interim basis permits the debtor at any time to either pay the reclamation claim; permit the reclaiming creditor to pick up the goods; or allow the reclamation claim as an administrative claim to be paid at any point including pursuant to a confirmed plan of reorganization.

10. It is submitted that this process permits the debtor an unreasonable and inordinate amount of time to address and compensate AFD as and for its administrative claim.

11. The Debtor has had immediate benefit of the goods delivered by AFD and stands to make a proft from same at the expense of AFD and yet the debtor is seeking an undetermined amount of time to pay AFD's administration claim, possibly as long as after confirmation of a plan of reorganization.     12. It is submitted that it is unreasonable that the debtor effectively has carte blanche to pay the administrative claims without this court setting and narrowing a time frame for payment.     13. Upon information and belief, this debtor has obtained an order from this court permitting $690 million dollars in debtor -in-possession financing.

14. On the other hand, the reclamation claim of AFD is $134,737.65.

15. It is not unreasonable to presume that the total reclamation claims, where payment by the debtor is being deferred, is very small compared to the amount of financing that is being received post petition.

16. The Debtor has not advanced any persuasive reasons why an allowed reclamation claim cannot be paid in full immediately since the Debtor is getting the immediate benefit of use, sale and

profit from the goods advanced by AFD in good faith.

17. Furthermore, the court should be advised that the amount of goods purchased by the Debtor from AFD between February 15, 2005 and February 21, 2005 was disproportionately large compared to previous orders. It appears that this Debtor increased its purchases on the eve of the bankruptcy to build up its inventory to the detriment of AFD.

18. The Second Circuit Court of Appeals in the matter of <u>Baptist Medical Center of New York</u> Inc. 781 F2nd 973(1986) affirmed an order of the United States District Court for the Eastern District of New York staying an execution on a judgment obtained by a administrative expense creditor for unpaid contributions to employer benefit plans for the period subsequent to the filing of the Chapter 11. <u>Matter of Baptist Medical Center of New York, Inc</u>. 52 BR 417 (EDNY 1985). Both the District Court and the Court of Appeals affirmed the decision of the Honorable Cecilia H. Goetz, United States Bankruptcy Judge staying the execution of the judgment. Judge Goetz had determined that based on the entire circumstances of the case and the effect that the execution would have on the continuing prosecution of the case, it would seriously and adversely affect the debtor to such an extent that it could not continue its business had the post petition execution been permitted. In other words, because the debtor has sufficiently proven that it would be unable to continue its operation, a delay to the administrative creditors was permitted. However, this Debtor has not proffered any basis, whatsoever for this court to deny immediate payment to valid reclaiming creditors who may otherwise receive an administrative claim with an uncertainty of when or if payment will be made. 19. It appears that the Debtor wants the best of both worlds by having the benefit of the goods sold to them by AFD and yet not have any financial obligation for an expressively long period of time to address otherwise valid administrative reclamation claims.

20. Based on the foregoing, this court should limit the time within which the reclaiming creditors will be notified of the status of their claims and that in the event

the Debtor does not return the goods of the claiming creditors, that this court fix a date certain within which time reclaiming creditors will be paid.

21. It appears that this is an equitable remedy wherein in this instance, the Debtor seeks the benefits of the goods received by it during the reclamation period without any foreseeable timeframe for payment.

WHEREFORE, it is respectfully requested that the order of this court dated February 23, 2005 be modified consistent with this objection, together with such other and further relief as this court deems just and proper.

Dated: Melville, New York
      March 1, 2005

                                      MACCO & STERN, LLP.

                                      By: */s/ Richard L. Stern*
                                            RICHARD L. STERN
                                  Attorneys for American Food Distributors Inc.
                                  135 Pinelawn Road
                                  Suite 120 South
                                  Melville, NY  11747
                                  (631) 549-7900

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>    WINN-DIXIE STORES, INC., et al | Chapter 11<br>Case No.:  05-11063 (RDD) |

---------------------------------------------------------x    **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
COUNTY OF SUFFOLK   )  ss.:

    JEANETTE HODGINS, being duly sworn, deposes and says:  deponent is not a party to the action, is over 18 years of age and resides at East Northport, New York.

    On March 1, 2005 deponent served the within

**OBJECTION TO TREATMENT
OF RECLAMATION CLAIMS**

upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of **Express Mail for overnight delivery**, prior to the latest time designate by that service for overnight delivery:

Honorable Robert Drain
United States Bankruptcy Court
Chambers
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

| | |
|---|---|
| Office of the U.S. Trustee<br>33 Whitehall Street, 21st Floor<br>New York, NY  10004<br>Attn:  Richard C. Morrissey | Winn-Dixie Stores Inc.<br>5050 Edgewood Court<br>Jacksonville, NY<br>32254-3690 |

5

| | |
|---|---|
| David J. Baker | Sarah Robinson, Esq. |
| Attorney for Debtor | Borders, King & Spalding LLP |
| Skadden Arps Slate Meagher & Flom, LLP | 191 Peachtree Street |
| Four Times Square | Atlanta, GA  30303 |
| New York, NY  10036 | |

and by regular mail to all parties who have filed a notice of appearance in this case.

See annexed list

/*s/ Jeanette Hodgins*
JEANETTE HODGINS

Sworn to before me this
 1st day of March, 2005
***Richard L. Stern***
Notary Public
Richard L. Stern
Notary Public, State of New York
No. 02ST4660596, Suffolk County
Commission Expires April 30, 2006