UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

        WINN-DIXIE STORES, INC., et. al.,

                                     Debtors.
------------------------------------------------------------------------X

Chapter 11
Case No.: 05-11063-rdd
(Jointly Administered)

**OBJECTION TO DEBTOR'S MOTION SEEKING A FINAL ORDER
ESTABLISHING PROCEDURES FOR TREATMENT
OF RECLAMATION CLAIMS**

NEW YORK VALUE CLUB, LTD., d/b/a BELCO DISTRIBUTORS, INC., ("Belco")

by

and through its attorneys, the Law Offices of Avrum J. Rosen, submits this as its objection to the

Motion of Winn-Dixie (the "Debtors" or "Winn-Dixie") seeking a final Order establishing the

procedure for treatment of reclamation claims.

       I.       Background

       1.       The Debtors filed a voluntary petition pursuant to chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code") on February 21, 2005.

       2.       On February 22, 2005, the Debtors filed numerous Motions seeking various forms

of relief (the "First Day Orders") which included a Motion seeking an interim and subsequent

final Order establishing the procedure for treatment of reclamation claims pursuant to section

546 of the Bankruptcy Code.

       3.       This Court entered an interim Order (the "interim Order") on February 23, 2005,

which among other things fixed the date for a final hearing as to the relief sought for March 4,

2005.

II.      Objections

4.      Belco is a claimant pursuant to section 546 of the Bankruptcy Code. As such, Belco has filed its claim for reclamation pursuant to the terms of the interim Order.

5.      As a general objection, Belco takes issue with the fact that a final hearing has been scheduled for March 4, 2005, which in essence provides for at the maximum five (5) days notice. As Belco first was made aware of the filing of the chapter 11 petition on Friday, February 25, 2005, and only filed its claim for reclamation on Monday, February 28, 2005, it appears to Belco that its due process rights have been obviated. Many of the provisions of the proposed Final Order affect substantive rights of reclamation claimants that have no knowledge of this proposed Order. This Motion for the procedural and substantive provisions should be made upon proper notice to all reclamation claimants. There can be no reason why the Debtors should not be made to bring on a hearing with the appropriate notice provided to all similarly situated claimants seeking reclamation.

6.      As for specific objections, Belco objects to the provision entitled *(b) The Statement of Reclamation* in the Debtors' proposed Order. Paragraph (i) of that portion allows the debtor no less than one hundred twenty (120) days, and more if the Court should so allow, to provide notice of this Order and a statement of reclamation to its vendors. In essence, this delay is prejudicial to Belco and other similarly situated claimants as it forces Belco and others to become involuntary financiers of the Debtors. The Debtors enjoy the benefit of retaining the goods shipped by Belco and others without having to address any claim for reclamation at least during this one hundred twenty (120) day period.

7.      Only after providing the claimants with this Statement of Reclamation (as this

term is so defined and used by the Debtors in their proposed Order) shall the claimants be made aware of any objection the Debtors may have to the underlying claim for reclamation. As stated in paragraph 6 *inter alia* this in effect deprives the claimants of their rights pursuant to section 546 of the Bankruptcy Code.

8. Further in the Debtors' proposed Order they include a provision entitled ***(d) Treatment of Allowed Reclamation Claims***. Pursuant to paragraph (i) the Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Vendor or Dissenting Vendor so long as the goods are "not out of date."

First, Belco reiterates that such a provision drastically alters the remedies available to it pursuant to the Bankruptcy Code. The Debtors attempt to modify the substantive rights of Belco and seek to modify these substantive rights on the shortest of possible notice. Belco submits that such attempt to modify substantive rights on such short notice provides this Court with ample grounds to deny the relief sought by the Debtors in their motion. Or, at the very least demand that the Debtors provide sufficient notice to all parties in interest so that they may offer intelligently prepared and well researched objections rather than forcing the parties to prepare objections on a moment's notice.

Moreover, allowing the Debtors to make available for pick-up (not even providing that the Debtors return the goods to the claimants) those goods that are "not out of date" without so much as forcing the Debtors to define the term "not out of date" shall open a Pandora's Box wherein the Court may expect litigation as to what is and what is not a good "out of date." Belco respectfully suggests that it would be appropriate for the Debtors to pre-define the term "not out of date" before this Court enters such an Order for relief.

9.      In paragraph (ii) of this sub-section, the Debtors state that "All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall be paid in full as an administrative expense pursuant to a confirmed plan of reorganization, or earlier, in whole or in part, to the extent that a reclamation payment plan is proposed and approved by the Court."

10.     This paragraph of the proposed Order presupposes that an administrative claim shall be satisfied by the Debtors or the Reorganized Debtors.  Because of the time constraints unnecessarily imposed upon Belco by the Debtors rush to have this Order confirmed, Belco has only had an opportunity to perform a cursory review of the DIP financing Order and related documents.  However, after that cursory review it appears to Belco that no Carve-Out provision has been included in the DIP financing documents that would provide for the payment of an administrative claim of Allowed Reclamation Claims.  Indeed, such payments or return of collateral are expressly prohibited without the Agent's consent. Further, the cursory review reveals that the Debtors have attempted to usurp the Court of its authority to approve certain abilities of the Debtors to sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral or the Factoring Collateral without the prior written consent of Agent and Lender and an order of this Court, except for the sales of Debtors' Inventory in the ordinary course of business or as approved by the Bankruptcy Court <u>and</u> <u>consented</u> to by Agent, Lenders and Factor.[1]

---

[1] Paragraph 16, at p. 29 of the Debtors' Emergency Motion to Approve DIP Financing, provides: "<u>Disposition of Collateral</u> Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral, or assume, reject or assign any Leasehold Property (as defined in the Credit Agreement) without the prior written consent of Agent (and no such consent shall be implied, from any other action, inaction or acquiescence by Lender or an order of this Court) except for sales of Debtors' Inventory in the ordinary course of its businesses or except as otherwise provided for in this Credit Agreement, the other Loan Documents and this

11. Thus, should the Debtors elect not to make the goods available to Belco and to provide for Belco's administrative claim, such claim appears to require the consent of the DIP lender. Since section 546 of the Bankruptcy Code requires that this Court determine whether an administrative claim or a lien would adequately protect a reclamation claimant, it would appear that the Cash Collateral Order presents a *prima facie* case as to why an administrative claim is inadequate. In this case, a lien that is senior in priority to the DIP facility must be put in place. This proposed Order clearly attempts to prejudice the rights of Belco in a manner that is inconsistent with the intent of section 546 of the Bankruptcy Code and as such should be rejected by this Court.

12. In the alternative, in conjunction with this Order any Final Order approving DIP financing must be made to include a Carve Out for the payment of those Allowed Reclamation Claims. Without such a Carve Out, the Debtors have effectively turned section 546 on its head as the purpose of this section of the Bankruptcy Code is to provide the claimants with adequate protection. Such adequate protection is either the return of the goods to the claimant, and not after a period of one hundred and twenty days (or even more if we were to couple the one hundred twenty day period with the sixty day period so referenced in the proposed Order, and possible further extensions) but rather on a timely basis; or, in the alternative to provide for a meaningful administrative claim. In order to give effect to the administrative claim, the claimants are entitled to a carve out.

Further, Belco has had an opportunity to perform a cursory review of the retention application of the Debtors' proposed counsel. It appears that counsel has accepted a $500,000.00 retainer with said retainer to be applied at the end of the case. Thus, it appears that

---

Interim Order.

Debtors' counsel shall seek to be compensated during the pendency of this case. The proposed DIP financing Order provides a Carve Out for such administrative expenses and thus subordinates the payment of the administrative claims of Belco and others similarly situated. It is respectfully suggested that Belco and other claimants should be entitled to prime Debtors' proposed counsel, or at least to be paid *pro rata,* otherwise such claimants are simply made to be involuntary financiers of the Debtors and lack any protection at all.

13. This may be particularly true in light of the fact that the Debtor has moved for and has been granted authority to pay certain pre-petition claims to vendors for goods received post-petition. These so-called critical vendor payments have further prejudiced the rights of Belco and those vendors similarly situated. It appears that the Debtors simply increased their orders from these vendors just prior to the filing of the petition and now enjoy these goods and seek to limit and/or modify the rights of these particular claimants. In addition, the Debtors dramatically increased orders to Belco for reclamation purposes and returned goods which the Debtors unilaterally termed "out of date" on the eve of the petition date. Such a return of goods which Belco maintains were shipped to the Debtors nearly eight (8) months ago does not comport with rights established pursuant to the applicable section(s) of the Uniform Commercial Code.

14. Belco's right to setoff has been impaired and by virtue of the Debtors' proposed Order shall be further impaired if this were to grant the relief sought. More particularly, by limiting Belco's rights to take certain actions that would otherwise be available to it, this Order severely modifies substantive rights. The Debtors' proposed Order effectively precludes Belco from seeking relief pursuant to section 553 of the Bankruptcy Code.

15. Further, the manner in which the proposed Order seeks to modify Belco's substantive rights effectively precludes the claimant from seeking to compel the payment of an

administrative expense pursuant to section 503 of the Bankruptcy Code. Under section 503 an entity may file a request for payment of an administrative expense. Section 503(b) authorizes the allowance of administrative expenses after notice and a hearing. However, the Debtors' proposed Order provides the sole and exclusive methods by which this claimant, and others similarly situated shall be permitted to seek relief. Belco respectfully submits that the Debtors should not be permitted to limit the rights available to said claimant, at least not to the extent that this Order would allow.

16. In point of fact, the proposed Order, by the terms so stated on page seven (7) of the document, shall limit the rights of claimants however places no such limitations on the Debtors. The Debtors remain free to challenge any reclamation claims, prosecute alleged preferences or fraudulent conveyances, or assert other potential claims, counterclaims, or offsets with respect to these claimants. Moreover, the proposed Order shall allow the Debtors to assert any defense to the value of a reclamation claim. In short, the Debtors proposed Order is simply to onerous and as such should not be entered in the form and manner proposed by the Debtors.

17. Finally, the proposed Order seeks to limit the manner in which Belco and other claimants may seek to enforce their respective rights. Particularly, the Debtors seek to stay the commencement of any adversary proceedings by entry of this Order. Belco respectfully submits that pursuant to Federal Rule of Bankruptcy Procedure 7001 in order to enjoin a party from taking certain actions, the party so seeking the injunctive relief must commence an adversary proceeding.[2] Thus, should the Court enter the Debtors' proposed Order any relief granted should not include language granting the Debtors the ability to preclude potential adversary

---

[2] F.R.B.P. 7001(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief

proceedings.

WHEREFORE, Belco respectfully requests that this Court deny the Debtors' motion seeking a Final Order establishing the procedures for treatment of reclamation claims. Or in the alternative, Belco respectfully requests that the Debtors be ordered to provide the appropriate adequate notice and provide the appropriate due process to those parties so entitled to notice of such a motion. As the Bankruptcy Code allows for a fixed period of time to file a notice or demand for reclamation all of the parties that may be entitled to file such demand or notice have been so required. Thus, Belco respectfully suggests that this Court should now direct the Debtors to provide notice of this motion and set a hearing date that comports with the requirements under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and grant any further relief this Court deems appropriate under the circumstances.

Dated: Huntington, New York
       March 1, 2005

                              The Law Offices of Avrum J. Rosen
                              Attorneys for Belco

BY:   S/Avrum J. Rosen
       Avrum J. Rosen
       38 New Street
       Huntington, New York 11743
       631 423 8527
       ajrlaw@aol.com