| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date: March 4, 2005<br>Time: 10:00 a.m. |

------------------------------------------------------------x

In re                                                                           Case No. 05-11063 (RDD)

    WINN-DIXIE STORES, INC., *et al.*,                   Chapter 11

    Debtor.

------------------------------------------------------------x

### AFFIRMATION IN OPPOSITION TO THE PROPOSED
### FINAL ORDER FIXING RECLAMATION PROCEDURES

TO:    HONORABLE ROBERT D. DRAIN
           UNITED STATES BANKRUPTCY JUDGE

      Northpoint Trading Inc., a reclamation creditor herein, by its counsel Gary Ginsburg, Esq. of Neiman Ginsburg & Mairanz P.C., represents as follows in opposition to the entry of the proposed Final Order fixing Reclamation Procedures:

      1.    Northpoint Trading Inc. has made a timely reclamation demand in accordance with 11 U.S.C. § 546(c)(1) and B.R. 9006 for the return of kitchen towels and bath sheets received by the Debtor at its Taylor, South Carolina and Jacksonville, Florida warehouses on February 9, 11, 12, and 14, 2005 for a total of $285,228.

      2.    The procedure proposed by the Debtor is objectionable, because the Debtor does not have to pay for those goods until a future, not fixed now, effective date of confirmation, while getting the use, benefit and profit from those goods immediately by selling these goods within weeks of commencing its chapter 11 case

3. In effect, the Debtor seeks to write a new code provision to permit the treatment of the administration expense claims of reclamation creditors less favorably than other administration expense claim creditors, without there being any support for doing so in the Bankruptcy Code.

4. All administration expense creditors are required to be paid in the ordinary course of the Debtor's post Chapter 11 operations. The only administration expense creditors that are singled out by the Code for special treatment are professionals. The Bankruptcy Code permits application for interim allowance to be made every 120 days.

5. One of the basic rules for a Chapter 11 debtor is keeping current with payment of its administration expenses. Failure to do so is often one of the grounds for conversion to Chapter 7.

6. It is the rare case for the Debtor to be granted in effect a stay from having to pay an administration expense. The District Court in affirming Bankruptcy Judge Goetz's decision to stay Baptist Medical Center from paying its Chapter 11 expense owed to the union's health and welfare funds set forth the test that if to pay an administration expense that was so large would result in the cessation of the Debtor's business, a stay of payment was justified. In re Baptist Medical Center of New York, Inc., 52 B.R. 417 (D.C. 1985) aff'd 781F.2d 973 (2nd Cir. 1986).

7. The Debtor's motion is devoid of any justification for such a drastic action.

8. Moreover, under the proposed final Order, the creditor is required to wait for at least 120 days and possibly more, should the Debtor request and obtain more time, before the Debtor informs the creditor of its position regarding the Reclamation Demand. There is no authority in the Bankruptcy Code for this procedure. Whereas, if there were no stay, the creditor could commence an adversary proceeding, and conceivably have the matter disposed of within 120 days. There is

nothing to prevent the Debtor from settling the matter with the creditor without staying the creditor from pursuing his rights under 11 U.S.C. § 546.

9. The Debtor's request for a stay, and to defer payment to the end of the case is an example of the principal, justice delayed is justice denied, especially where it is without support in the Code or by any factual foundation.

10. It is respectfully submitted that any Order the Court signs treat the payment of reclamation creditors' administration expense claims, if the Debtor refuses to allow the vendor to pick up its merchandise, no differently than other administration creditors.

11. The Debtor should be required to advise the vendor in good faith whether or not it will allow the Vendor to pick up the goods and if not the bases for the denial within 30 days of the demand notice being served, not 120 days, and possibly more, as the Debtor's proposed order provides.

12. Finally, a well-known treatise states that "there is a virtually unstated assumption that ordinary course of business administrative expenses (such as current post-petition wages and trade debt) will be paid when due." 3 Collier on Bankruptcy §§ 503.1 at 503.8 (15th Ed. 1994). The use of our client's goods creates a trade debt for the Debtor.

13. The Debtor has not even suggested let alone offered as its basis for the drastic relief it seeks, that were the stay not granted and payment not deferred to the effective date of confirmation, that the Debtor would cease operations were it required to pay reclamation claims in the ordinary course of the Chapter 11 case in accordance with the terms of payment for such goods.

WHEREFORE, the Court should decline to sign the proposed Order in its current form, and grant such other relief as the Court shall deem fair and just.

Dated: New York, New York
   March 2, 2005

               NEIMAN GINSBURG & MAIRANZ P.C.
               Attorneys for Northpoint Trading, Inc.

            By:   s/ Gary Ginsburg
               Gary Ginsburg (GG-3028)
               39 Broadway - 25th Floor
               New York, New York 10006
               (212) 269-1000

F:\WPDOC\Northpoint\affoppreclamation.wpd