## IN THE UNITED STATES BANKRUPTCY COURT
### Southern District of New York

```
-----------------------------------------------------------X     Hearing Date:  March 4, 2005
                                                           :     Time:  10:00 a.m.
In re:                                                     :
WINN-DIXIE STORES, INC. et al.,                            :
                                                           :     Chapter 11
                                                           :     Case No. 05-11063 (RDD)
                              Debtors.                     :     (Jointly Administered)
                                                           :
-----------------------------------------------------------X
```

**LIMITED OBJECTION OF MOUNT OLIVE PICKLE COMPANY, INC.
TO DEBTORS' MOTION FOR ENTRY OF A FINAL ORDER
(A) AUTHORIZING RETURN OF GOODS PURSUANT TO
11 USC § 546(g); (B) ESTABLISHING PROCEDURES FOR
TREATMENT OF RECLAMATION CLAIMS AND (C) PROHIBITING
THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS**

Mount Olive Pickle Company, Inc. ("Mt. Olive"), by and through its attorneys, Wharton, Aldhizer & Weaver, PLC, submits this Limited Objection to the "Motion for Entry of a Final Order (A) Authorizing Return of Goods Pursuant to 11 USC § 546(g); (B) Establishing Procedures for Treatment of Reclamation Claims and (C) Prohibiting Third Parties from Interfering with Delivery of Goods" (hereinafter the "Reclamation Motion")[1] filed by the above-captioned debtors and debtors in possession (collectively the "Debtors") and in support thereof states as follows:

### I. Background

1.      On February 21, 2005 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

---

[1] Unless otherwise defined herein, capitalized terms used in this Limited Objection have the same meaning ascribed to them in the Reclamation Motion.

2. On February 22, 2005, the Debtors filed numerous "first day motions", including the Reclamation Motion. The Reclamation Motion sought entry of an interim and subsequent final order establishing, among other things, a procedure for the treatment of reclamation claims pursuant to Section 546 of the Bankruptcy Code (the "Reclamation Procedures").

3. On February 23, 2005, the Court entered an interim order (the "Interim Order") which, among other things, fixed March 4, 2005, as the date for final hearing on the relief requested in the Reclamation Motion.

4. Prior to the Petition Date, Mt. Olive delivered to the Debtors pickles, peppers and relishes having an aggregate value of not less than $232,374.75, which could be reclaimed pursuant to, *inter alia,* Section 546 of the Bankruptcy Code (the "Reclaimed Goods").

5. On February 23, 2005, Mt. Olive submitted its reclamation claim (the "Reclamation Claim") for the return of the Reclaimed Goods. As of the date of this Limited Response, the Debtors have neither returned nor paid for the Reclaimed Goods.

## II. Mt. Olive's Limited Objection

A. Inadequacy of Notice

6. Mt. Olive (i) was not given any notice of the Debtors' request for entry of the Interim Order; and (ii) did not receive a copy of the Reclamation Motion until on or about March 1, 2005, leaving it less than three (3) days to file this Objection as required by the Interim Order.

7. This extremely short notice has not allowed Mt. Olive to thoroughly review the Reclamation Procedures. In particular, Mt. Olive has not had the opportunity

to investigate how the Reclamation Procedures interrelate with the Debtors' proposed debtor-in-possession financing facility and how the proposed administrative expense treatment of the Reclamation Claim compares to the treatment of other administrative expense claims, including the claims of the Debtors' professionals retained in these proceedings.

8. Accordingly, Mt. Olive reserves the right to supplement this Limited Objection and/or join the objections to the Reclamation Procedures filed by other parties in interest.

B. <u>Return of Goods</u>

9. The Reclamation Procedures contemplate that the Debtors may satisfy any reclamation claim "at any point" by simply making the Goods available for pick up by the Vendor so long as such goods "are not out of date." <u>See</u> Reclamation Motion at ¶ 32(d)(i) and Interim Order at page 6 §(d)(i).

10. The term "out of date" is not defined in the Reclamation Procedures, which seriously prejudices Mt. Olive's rights with respect to the Reclaimed Goods. Indeed, under the proposed Reclamation Procedures, it could take up to 260 days[2] for the Debtors and a Vendor to obtain a hearing before this Court on a disputed reclamation claim. At any time during this lengthy process the Debtors simply can return the Goods at issue in the dispute. Returning such Goods immediately prior to them becoming "out

---

[2] Under the proposed Reclamation Procedures, the Debtors have up to 120 days to file a "Statement of Reclamation" with respect to each reclamation claim. Vendors have a 60 day deadline (the "Reclamation Deadline") to respond to the statement. To the extent there is a dispute, the Debtors and the Dissenting Vendor have 60 days to reach a consensual resolution, following which the Debtors are required to <u>schedule</u> a motion to resolve this dispute on no less than 20 days notice. <u>See</u> Reclamation Motion at ¶ 31(a)-(d) inclusive.

of date" (and thus virtually valueless) will effectively deprive the Vendor of any meaningful relief with respect to its reclamation claim.

11.     Thus, the Reclamation Procedures must be modified to provide that, should the Debtors elect to return any Goods in satisfaction of a reclamation claim, such return must be done at a point when the Goods still have marketable value to the reclaiming Vendor.

C.     <u>Unilateral Waiver of Mt. Olive's Rights</u>

12.     The Reclamation Motion proposes that to the extent the Debtors shall satisfy an Allowed Reclamation Claim, such satisfaction shall constitute "a waiver, release, discharge and satisfaction of any and all rights . . . against the Debtors . . . arising from or in connection with the Goods constituting the basis for the Allowed Reclamation Claim." Reclamation Motion at ¶ 33.

13.     On the contrary, the Reclamation Procedures expressly provide that the "Debtors do <u>not</u> waive any claims they may have against any Vendor relating to preferential or fraudulent transfer or other potential claims . . . or any defense to the value of a Reclamation Claim based upon the existence of a prior perfected lien of the Goods." <u>See</u> Reclamation Motion at ¶¶ 33-34.

14.     This unilateral waiver of rights presents two problems. First, it is unclear what the Debtors are trying to accomplish by requiring the Vendor to provide such a broad release of "any and all claims . . . arising from or in connection with the Goods." Clearly, the Debtors will only have to pay for such Goods once, thus making such a broad and rather ambiguous release unnecessary.

15. If this broad release is intended to go beyond mere protection from double payment, the Debtors should identify exactly what claims "arising from or related to" the Goods are included within the scope.

16. The breadth of the release becomes more than a semantical issue, given that the Debtors propose retaining all their rights against a Vendor, notwithstanding payment of a reclamation claim. Specifically mentioned among the retained rights are the Debtors' potential claims for preferential transfers. One defense to disgorgement of such transfers are the "new value" provisions of § 547(c)(4) of the Bankruptcy Code, which allows the Vendor/defendant to assert, among others, unpaid invoices as an offset against an alleged preference.

17. By definition, the Reclaimed Goods sought by Mt. Olive were unpaid as of the Petition Date and thus, may serve as new value should the Debtors commence an adversary proceeding to recover purported preferential transfers. It is unclear, however, whether the Debtors are proposing that by accepting payment of its Reclamation Claim, Mt. Olive must waive the new value defense as it "relates to, or arises out of" the Reclaimed Goods. Such a waiver seems entirely inappropriate in the context of a reclamation program, as nothing in the Bankruptcy Code requires a reclaiming Vendor to release such valuable rights as a condition to relief under § 546.

18. Second, and notwithstanding payment of an Allowed Reclamation Claim, the Debtors also reserve their rights to subsequently challenge the value of a Reclamation Claim ". . . based upon the existence of a prior perfected lien on the Goods." See Reclamation Motion at ¶ 34.

19. Presumably, the Debtors are aware right now whether or not a perfected lien exists with respect to the Goods. If a lien exists, the Debtors should be required to waive that defense now as part of the Reclamation Procedures. Otherwise, the Debtors simply can string a Vendor along for several months through the Reclamation Procedures and then object on the lien grounds that are presently known. Given the considerable procedural and substantive concession from the Vendors being sought under the Reclamation Procedures, the Debtors' waiver of the "perfected lien" defense seems an appropriate *quid pro quo*.

WHEREFORE, Mt. Olive respectfully requests that the Court (i) deny the Reclamation Motion to the extent set forth herein; (ii) grant to Mt. Olive the relief requested in this Limited Objection; and (iii) grant any further relief as is just and appropriate.

Dated: March 3, 2005  MOUNT OLIVE PICKLE COMPANY, INC.
Staunton, Virginia  By Its Attorney

 ___/s/ Stephan W. Milo_____
Stephan W. Milo, Esq. (NYSB# SM-3914)
WHARTON, ALDHIZER & WEAVER, PLC
The American Hotel
125 South Augusta Street
Suite 200
Staunton, VA  24401
Telephone:  (540) 213-7440
Facsimile:  (540) 213-0390

# Certificate of Service

I, the undersigned, declare that I am over the age of eighteen (18) years and not a party to the within cause; that I am employed in the City of Harrisonburg and my business address is 100 South Mason Street, P.O. Box 20028, Harrisonburg, VA 22801.

I hereby certify that on this 3rd day of March, 2005, a copy of the foregoing Limited Objection of Mount Olive Pickle Company, Inc. to Debtors' Reclamation Motion was mailed, postage pre-paid to:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

David J. Baker, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Richard C. Morrissey, Esq.
Office of the U.S. Trustee
33 Whitehall Street, 21st Fl.
New York, NY 10004

David J. Baker, Esq.
Attorney for Debtor
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Sarah Robinson Borders, Esq.
King & Spalding LLP
191 Peachtree Street
Atlanta, GA 30303

                                                            /s/ Jamie A. Rogers
                                          Jamie A. Rogers, Legal Assistant

SWM/cjw
57788-3/05003677