SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D.J. Baker (DB 0085)

Proposed Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                               :
                                                    :    **Chapter 11**
                                                    :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**         :    **Case No. 05-11063**
                                                    :
           Debtors.                                 :    **(Jointly Administered)**
                                                    :
-----------------------------------------------------------------x

**EX PARTE MOTION FOR ORDER SHORTENING NOTICE
PERIOD AND ESTABLISHING OBJECTION DEADLINE AND
HEARING ON MOTION OF DEBTORS FOR ENTRY OF
AN ORDER APPROVING THE SALE OF CERTAIN
<u>PHARMACEUTICAL PRESCRIPTIONS AND INVENTORY</u>**

Winn-Dixie Stores, Inc. and its debtor affiliates,[1] as debtors and debtors-in-possession (collectively, the "Debtors"), hereby move (the "Motion"), under sections 102 and 105 of 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order shortening the notice period and establishing a hearing date and time and an objection deadline with respect to

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

the Motion of the Debtors for entry of an Order approving the sale of certain pharmaceutical prescriptions and inventory (the "Sale Motion"). In support of the Motion, the Debtors, through their undersigned counsel, respectfully state as follows:

## INTRODUCTION

1. Contemporaneously with the filing of this Motion, the Debtors filed the Sale Motion seeking, among other things, authorization to sell the pharmaceutical prescriptions and related inventory at two of the Debtors' stores located in Virginia (the "Virginia Stores"). As more fully described in the Sale Motion[2], in April, 2004, the Debtors (and as to actions taken prepetition, the "Company") had, for business reasons, decided to close the Virginia Stores and scheduled such closures for March 9, 2005 and March 10, 2005, respectively.

2. In mid-February, 2005, the Company invited other pharmacies in the same geographic areas to submit bids for the prescriptions and related inventory (the "Assets") of each of the Virginia Stores. In this way, the Company hoped to maximize the value of the Assets. As described more fully in the Sale Motion Eckerd Corporation ("Eckerd") emerged as the highest bidder ($215,000) for the Assets of one of the Virginia Stores and CVS Realty Co. ("CVS") emerged as the highest bidder ($220,000) for the Assets of the other.

3. Thereafter, the Company complied with applicable Virginia state regulations proscribing, among other things, the requisite notice that a closing pharmacy must provide to its customers. Specifically, the Virginia Stores notified their respective customers that such stores would be closing on March 9, 2005 and March 10, 2005, respectively. The notices further explained to the respective customers of the Virginia Stores that their prescriptions would be transferred to Eckerd and to CVS, as applicable, upon store closure. Not

---

[2] Rather than repeat all of the factual assertions set forth in the Sale Motion, the Debtors adopt such assertions and incorporate them by reference herein.

surprisingly, the purpose of these notice requirements is to ensure that customers will continue to have access to the prescription drugs that they need.

        4.       In order to avoid a situation in which the Debtors' customers are unable to obtain their prescriptions upon the closure of the Virginia Stores, the Sale Motion requests authority to transfer the applicable Assets to Eckerd and CVS prior to the scheduled closure of each of the Virginia Stores. The Debtors have, therefore, filed this Motion seeking to shorten the notice period with respect to the Sale Motion, as set forth herein.

### RELIEF REQUESTED

        5.       Through the Motion, the Debtors respectfully request that the Court enter an order establishing the objection deadline with respect to the Sale Motion as March 7, 2005 at 4:00 p.m. (prevailing Eastern time). The Debtors also request that the Court schedule a hearing with respect to the Sale Motion on March 8, 2005 at 10:00 a.m. (prevailing Eastern time).

### BASIS FOR RELIEF

        6.       The Debtors submit that these notice procedures are fair and reasonable under the circumstances. Specifically, as noted in the Sale Motion and above, the Virginia Stores are scheduled to close on March 9th and March 10th, respectively. The Debtors thus need to obtain authority from this Court to enter into the Asset sales prior to the scheduled closure of such stores in order to ensure that the Debtors' existing customers are able to obtain the prescriptions they need.

        7.       Accordingly, the Debtors must obtain approval of the Sale Motion before March 9, 2005. Therefore, as set forth in the proposed form of order filed herewith, and in order to provide interested parties with as much notice as is practicable under the circumstances, the Debtors request that the Court set the objection deadline for the Sale Motion as March 7, 2005 at

4:00 p.m. (Eastern), and that the Court further schedule a hearing on the Sale Motion on March 8, 2005 at 10:00 a.m. (Eastern).

## ARGUMENT

8.  The Debtors request approval of shortened notice and objection procedures for the Sale Motion in accordance with Bankruptcy Code section 102, and Bankruptcy Rules 2002, 9006, and 9007.

9.  Although the Debtors do not believe that the proposed sales of Assets necessarily constitute sales outside of the ordinary course of the Debtors' business, out of an abundance of caution the Debtors rely on Bankruptcy Code section 363 in the Sale Motion. Motions for the use of estate property other than in the ordinary course under Bankruptcy Code section 363(b) generally require twenty days' notice. See 11 U.S.C. § 363(b); Fed. R. Bankr. P. 2002(a)(2).

10. However, Bankruptcy Code section 102(1) provides that the words "after notice and a hearing" mean "after such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1). Moreover, Bankruptcy Code section 105 provides that the Court "may issue any order . . . necessary or appropriate to carry out the provisions of . . .[the Bankruptcy Code]." Id. § 105(a). Similarly, Bankruptcy Rules 2002(a)(2) and 9006(c) authorize this Court to shorten the 20 day notice period and limit the parties to whom notice must be given "for cause."

11. The Debtors believe that cause exists to shorten the notice period as requested herein. As set forth above and in the Sale Motion, the Debtors believe that approval of the transfer of the prescriptions is necessary to avoid depriving the customers of the Virginia Stores with the prescriptions they need.

12. The Debtors believe that the notification and objection procedures set forth herein strike an appropriate balance between the needs of the parties to have the Sale Motion heard prior to March 9, 2005 and the rights of any parties that may have objections to the Sale Motion to respond to such motion.

13. The Debtors submit that no new or novel issue of law is presented with respect to the matters contained herein. Thus, the Debtors request that the requirement of the service and filing of a separate memorandum of law under Local Bankr. R. 9013-1(b) be deemed satisfied.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) granting the Motion, (ii) shortening the notice period for the Sale Motion and (iii) granting such other and further relief as is just and proper.

Dated: March 3, 2005
      New York, New York

    /s/  D. J. Baker
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:   (917) 777-2150

-and-

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

PROPOSED ATTORNEYS FOR THE DEBTORS