FRANK/GECKER LLP
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60610
Telephone: (312) 276-1400
Facsimile: (212) 276-0035
Joseph D. Frank (JF-6085)
Zane L. Zielinski (ZZ-8776)
Attorneys for Bottling Group LLC d/b/a The Pepsi Bottling Group,
PepsiAmericas, Inc. and 14 other bottlers of Pepsi products

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                    :    **Chapter 11**
                                         :
**WINN-DIXIE STORES, INC.,** *et al.,*   :    **Case No. 05-11063**
                                         :
         **Debtors.**                    :    **(Jointly Administered)**
                                         :
                                         :
------------------------------------------------------------x

### LIMITED OBJECTION OF THE PEPSI BOTTLERS TO MOTION FOR ORDER (A) AUTHORIZING RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(G), (B) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS

Bottling Group LLC d/b/a The Pepsi Bottling Group ("PBG"), PepsiAmericas, Inc. ("PAS") and 14 other bottlers of Pepsi products (collectively, the "Pepsi Bottlers"), by and through their attorneys, Frank/Gecker LLP, hereby object to the Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (c) Prohibiting Third Parties from Interfering with Delivery of Goods (the "Reclamation Procedures Motion") filed by Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors").

### BACKGROUND

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.	The Pepsi Bottlers supply beverages to the Debtors. PBG has made a reclamation demand upon the Debtors for goods with a value of at least $2,807,774.00, and PAS has made a reclamation demand upon the Debtors for goods with a value of at least $441,421.75. The other Pepsi Bottlers also have made or intend to make reclamation demands for the return of goods.

3.	On February 21, 2005, the Debtors filed the Reclamation Procedures Motion, which seeks relief including (i) authorization to implement a complicated reclamation procedure that would allow the Debtors to retain any and all possible objections to reclamation claims, and (ii) an injunction prohibiting reclamation claimants from commencing adversary proceedings against the Debtors or otherwise seeking any relief with respect to their reclamation claims outside of the Debtors' proposed reclamation procedures.[1] (Reclamation Procedures Motion ¶¶ 20, 36).

## LIMITED OBJECTION

4.	"The court, in deciding reclamation cases, should strike a balance between the Debtor's need for goods in order to continue its ongoing business operations, and seller's interest in goods' value." *In re Continental Airlines, Inc.*, 125 B.R. 415, 417 (D. Del. 1991). The Debtors in this case request court approval of one-sided reclamation procedures that do not balance the interests of the Debtors with the interests of the Pepsi Bottlers.

5.	While the Pepsi Bottlers understand the importance of establishing efficient procedures to deal with reclamation claims in light of the size and complexity of the Debtors' bankruptcy cases, the Pepsi Bottlers believe that the procedures proposed by the Debtors are one-sided and inconclusive and need to be revised in order to be fair to both the Debtors and the creditors that hold reclamation claims.

---

[1] This request, in the form of a motion, also violates Fed. R. Bankr. P. 7001(7), which requires that an injunction may only issue after an adversary proceeding has been filed.

## I. THE COURT SHOULD FIRST DECIDE WHETHER RECLAMATION CLAIMS HAVE VALUE.

6. In the Reclamation Procedures Motion, the Debtors seek to reserve the right to assert "any defense to the value of a Reclamation Claim based upon the existence of a prior perfected lien on the Goods." (Reclamation Procedures Motion ¶ 34). If the court accepts this approach, Reclamation Claimants and the Debtors' estate will incur the substantial cost of participating in the reclamation procedures in order to liquidate their reclamation claims, even though the Debtors or some other party may later ask the Court to determine that those liquidated claims have no value because the reclaimed goods were subject to other creditors' liens. *See e.g., In re Pittsburgh-Canfield Corp.*, 309 B.R. 277 (6th Cir. 2004); *In re Georgetown Steel Company, LLC*, 318 B.R. 340 (Banrk.D.S.C. 2004); *In re Phar-Mor, Inc.*, 301 B.R. 482 (Bankr. N.D. Ohio 2003).

7. In *Georgetown*, three reclamation claimants incurred the costs associated with the reclamation procedure, and received, by consent with the debtor, allowed administrative claims. 318 B.R. at 343. Subsequently, the debtor alleged that the administrative claims were worthless because of the existence of senior secured creditors with liens on inventory as of the petition date. *Id.*[2]

8. The Pepsi Bottlers seek to avoid a similar situation in this bankruptcy case. Under the procedures proposed by the Debtors, both the Pepsi Bottlers and the Debtors' estate would incur great cost reconciling the value of their reclaimed goods, only to have the Debtors or some other party lying in wait to allege that all reclamation claims are merely general unsecured claims. If this occurs, the reclamation procedures would waste the Pepsi Bottlers' resources and the Debtors' resources by requiring them to engage in a reconciliation and perhaps even a trial of

---

[2] In *Georgetown*, the court estopped the debtor from making the argument, but other courts have ruled differently. *Compare, Georgetown*, 318 B.R. 340, *with, Pittsburgh-Canfield*, 309 B.R. 277.

the value of reclaimed goods, only later to consider whether prior liens render the resulting reclamation claims mere general unsecured claims. It is well settled that a debtor-in-possession is a fiduciary, and has a duty not to unnecessarily waste assets of the estate in such a manner. *See, Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 355, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). The reclamation procedures, as proposed, would unnecessarily waste estate assets.

10. The Debtors' reservation of their right to object to reclamation claims based upon the existence of prior perfected liens provides no benefit to the Debtors' estate, and actually may damage the Debtors' estate. Instead, before approving any reclamation procedures, this Court should determine whether reclamation claims are merely general unsecured claims because the reclaimed goods were subject to other creditors' liens. A ruling on this issue would make the Debtors' reservation of this issue unnecessary.

## II. ADDITIONAL OBJECTIONS TO THE RECLAMATION PROCEDURES MOTION

11. In general, the Debtors' proposed reclamation procedures (Reclamation Procedures Motion ¶ 31) offer little, if any, protection of the rights of the Pepsi Bottlers. The Debtors would continue to sell the Pepsi Bottlers' reclaimed goods unabated, without having to respond to the Pepsi Bottlers' reclamation demands for 120 days, and, at the same time, the Debtors would bar the Pepsi Bottlers from seeking to enforce their rights or develop evidence. While the Bankruptcy Code offers Debtors some protection from creditors, the proposed reclamation procedures go too far.

### The Proposed Procedures Undermine Reclamation Claimants' Ability to Establish Their Claims

12. The Debtors' proposed procedures would place the entire burden of establishing reclamation claims on the Pepsi Bottlers, but would limit the Pepsi Bottlers' ability to develop

the necessary evidence. As proposed, the reclamation procedures would require the Pepsi Bottlers to establish that goods were in possession of the Debtors at the time of the relevant reclamation demand. Further, the Debtors would continue to transfer various Reclamation Claimants' goods to the Debtors' customers, while seeking to enjoin the Pepsi Bottlers from interfering in this process or gathering evidence on these issues.

13. If a reclamation claimant cannot recover its goods, then it typically files a complaint seeking injunctive relief to allow it to conduct discovery and prove that the goods were in the possession of the demand recipient at the time of the demand. However, the Debtors would enjoin the Pepsi Bottlers from seeking this remedy, and, therefore, the Pepsi Bottlers' ability to establish their claims will be undermined.

14. At the very least, the Debtors should be required, within 10 business days of the Court's ruling on the Reclamation Procedures Motion, to provide the Pepsi Bottlers with an accounting, as of the Petition Date, of the Debtors' inventory, identified by vendor, delivery date, and invoice number. Additionally, the Pepsi Bottlers should be permitted to seek relief from the Court in the event that the accounting is inadequate.

15. Further, in exchange for entry of the injunction against filing adversary proceedings, the Debtors should agree to waive any defense to a reclamation claim that is predicated upon the sale by the Debtors of the goods subject to a reclamation claim.

**The Proposed 120-Day Period to Respond to Reclamation Creditors Is Unreasonable**

16. The Pepsi Bottlers object to the Debtors' proposal that the Debtors receive 120 days to file their "Statement of Reclamation" (as defined in Reclamation Procedures Motion ¶ 31(b)), setting forth the Debtors' position on each reclamation demand. The time period should be limited to 60 days from the date on which the Court rules on the Reclamation

Procedures Motion, and the Debtors should not be permitted to request a further extension of that time. The proposed 120-day period is too long, and in exchange for the severe restriction of their rights, the Pepsi Bottlers should be assured of a relatively quick resolution.

**The Debtors Should Assert All Defenses**

17.     The proposed reclamation procedures would allow the Debtors to reserve any and all defenses in their Statement or Reclamation. Reclamation Procedures Motion ¶ 31(b)(ii). Such a right of reservation creates the potential for prolonged, piecemeal litigation. The Statement of Reclamation should set forth every legal and factual issue in dispute with respect to reclamation claims so that the completion of the reclamation procedures will also completely determine the rights of the Pepsi Bottlers and other reclaiming creditors.

**Preservation of Reclamation Creditors Rights as of the Petition Date**

18.     Additionally, any order instituting reclamation procedures in these cases should confirm that the rights and remedies available to the Pepsi Bottlers will be preserved as they existed on the Petition Date, and will not be prejudiced or adversely affected by, among other things:

a. Post-Petition financing and liens that will be granted to secure such financing;

b. Sales or other disposition of goods subject to reclamation demands; and

c. Application of sale proceeds to reduce debt or for any other purpose.

## CONCLUSION

**WHEREFORE**, Bottling Group LLC d/b/a The Pepsi Bottling Group, PepsiAmericas, Inc. and the 14 other bottlers of Pepsi products respectfully request that the Court enter an order denying the Debtors' request in the Reclamation Procedures Motion to (i) establish procedures for treatment of reclamation claims, and to (ii) prohibit third parties from interfering with delivery of goods, and granting such other relief as is just and appropriate.

Dated: March 3, 2005

                                                 /s/ Joseph D. Frank
                                       Joseph D. Frank (JF-6085)
                                       Zane L. Zielinski (ZZ-8776)
                                       FRANK/GECKER LLP
                                       325 N. LaSalle Street, Suite 625
                                       Chicago, Illinois 60610
                                       Telephone:    (312) 276-1400
                                       Facsimile:     (212) 276-0035
                                       jfrank@fgllp.com; zzielinski@fgllp.com

                                       Attorneys for Bottling Group LLC d/b/a The
                                       Pepsi Bottling Group, PepsiAmericas, Inc.
                                       and 14 other bottlers of Pepsi products

FRANK/GECKER LLP
325 North LaSalle Street
Suite 625
Chicago, Illinois 60610
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
Joseph D. Frank (JF-6085)
Micah R. Krohn (MK-7264)

Attorneys for Bottling Group, LLC d/b/a
The Pepsi Bottling Group, PepsiAmericas, Inc.
and 14 other bottlers of Pepsi products

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
**In re:**                                                  :     **Chapter 11**
                                                            :
**WINN-DIXIE STORES, INC.,** *et al.,*                      :     **Case No. 05 - 11063 (RDD)**
                                                            :     **(Jointly Administered)**
              **Debtors.**                                  :
                                                            :
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **March 3, 2005**, a copy of the foregoing **Limited Objection of the Pepsi Bottlers to Motion for Order (a) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (b) Establishing Procedures for Treatment of Reclamation Claims, and (c) Prohibiting Third Parties from Interfering with Delivery of Goods** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing system. A copy was also served this day by email, facsimile transmission messenger delivery and/or first-class United States mail, postage prepaid, upon the following:

{ PBG / 019 / 00000914.DOC /}

| | |
|---|---|
| Honorable Robert Drain<br>United States Bankruptcy Court<br>Chambers<br>Alexander Hamilton Custom House<br>One Bowling Green<br>New York, New York  10004-1408 | United States Trustee<br>33 Whitehall Street<br>21st Street<br>New York, New York  10004<br>Attention:  Richard C. Morrissey<br>richard.morrissey@usdoj.gov |
| Sarah Robinson Borders<br>Brian C. Walsh<br>King & Spalding LLP<br>191 Peachtree Street<br>Atlanta, Georgia  30303<br>sborders@kslaw.com | David J. Baker<br>Skadden Arps Slate Meagher & Flom LLP<br>Four Times Square<br>New York, New York  10036<br>jbaker@skadden.com |
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, New York  32254-3690 | |

/s/ Joseph D. Frank
Joseph D. Frank (JF-6085)
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60610

{ PBG / 019 / 00000914.DOC /}