IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTHERN NEW YORK

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| WINN-DIXIE STORES, INC. | : | CASE NO. 05-11063 (RDD) |
| | : | (Jointly Administered) |
| | : | |
| Debtor. | : | |

**OBJECTION TO DEBTOR'S MOTION SEEKING A FINAL ORDER ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS**

Southeast Provisions, LLC ("Southeast Provisions") by and through its attorney, Rudi R. Grueneberg, Esquire submits this Objection to the Motion of Winn-Dixie (the "Debtors" or "Winn-Dixie") seeking a Final Order establishing the procedure for the treatment of reclamation claims.

**I. BACKGROUND**

1. The Debtors filed a voluntary petition in the United State Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 21, 2005.

2. On February 22, 2005, the Debtors filed numerous Motions seeking various forms of relief (the "First Day Order") which, in relevant part, included a Motion seeking an interim and subsequent Final Order establishing the procedure for the treatment of reclamation claims pursuant to section 546 of the Bankruptcy Code.

3. This Court entered an interim Order (the "Interim Order") on February 23, 2005, which among other motions fixed the date for a final hearing as to the relief sought by the Debtors for March 4, 2005.

**II. OBJECTION TO PROPOSED TREATMENT**

**OF RECLAMATION CLAIMS**

4. Southeast Provisions is a claimant pursuant to section 546 of the Bankruptcy Code. As such, Southeast Provisions has filed a claim for reclamation pursuant to the terms of the interim Order.

5. As a general objection, Southeast Provisions objects that a final hearing has been scheduled for March 4, 2005, which provides for a maximum five (5) day notice to the reclamation claimants. Many of the provisions of the proposed Final Order submitted by the Debtors affects substantive rights of the reclamation claimants with little or no knowledge of this proposed Order. This Motion seeking the modification of procedural and substantive provisions should be made upon proper notice to all reclamation claimants. There is no reason why the Debtors should not be required to file the appropriate motion with the appropriate notice provided to all similarly situated claimants seeking reclamation.

6. Southeast Provisions specifically objects to the provision entitled ***(b)The Statement of Reclamation*** in the Debtors' proposed Order. Paragraph (i) of that subparagraph grants the Debtors no less than one hundred twenty (120) days, and more if the Court should so allow, to provide notice of this Order and a statement of reclamation to its vendors. This delay is prejudicial to Southeast Provisions and all other similarly situated claimants as it forces Southeast Provisions and the other claimants to become involuntary financiers of the Debtors. The Debtors will enjoy the benefit of retaining the goods shipped by Southeast Provisions and the other claimants without having to address any claim for reclamation during the initial one hundred twenty (120) day period, if not longer.

7. Only after providing the claimants with a Statement of Reclamation (as defined by the Debtors in their proposed Order) shall the claimants be made aware of any objection the Debtors may have to the underlying claim for reclamation. This has the effect of depriving the claimants of their rights pursuant to section 546 of the Bankruptcy Code.

8. The Debtors further include in the proposed Order provisions entitled ***(d) Treatment of Allowed Reclamation Claims***. Pursuant to paragraph (i), the Debtors may at any point during the Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Vendor or Dissenting Vendor so long as the goods are "not out of date". Such a provision would drastically alter the remedies available to Southeast Provisions and the other claimants pursuant to the Bankruptcy Code. The debtors are attempting to modify the substantive rights of Southeast Provisions on the shortest of possible notice. Southeast Provisions submits that such attempt to modify substantive rights on such short notice provides this Court with ample grounds to deny the relief sought by the Debtors in their motion. At a minimum, the Debtors should be required to provide sufficient notice to all parties in interest so that they may offer intelligently prepared and well researched objections rather than forcing the parties to prepare objections on a moment's notice.

9. In paragraph (ii) of this subsection, the Debtors state that "All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall be paid in full as an administrative expense pursuant to a confirmed plan of reorganization, or earlier, in whole or in part, to the extent that a reclamation payment plan is proposed and approved by the Court."

10. This paragraph of the proposed Order presupposes that an administrative claim shall be satisfied by the Debtors or the Reorganized Debtors. Because of the time constraints

unnecessarily imposed upon Southeast Provisions by the Debtors' rush to have this Order confirmed, Southeast Provisions has only had an opportunity to perform a cursory review of the DIP financing Order and related documents. However, after the cursory review, it appears that no carve-out provision has been included in the debtor-in-possession documents that would provide for the payment of an administrative claim of Allowed Reclamation Claims. In fact, such payments or return of collateral are expressly prohibited without the Agent's consent. Moreover, a cursory review reveals that the Debtors have attempted to usurp the Court of its authority to approve certain abilities of the Debtors to sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral or the Factoring Collateral without the prior written consent of Agent, Lender and an order of this Court, except for the sales of Debtors' Inventory in the ordinary course of business or as approved by the Bankruptcy Court and consented to by Agent, Lenders and Factor.1

11. Thus, should the Debtors elect not to make the goods available to Southeast Provisions and provide for Southeast Provisions' administrative claim, such claim appears to require the consent of the debtor-in-possession lender. Section 546 of the Bankruptcy Code requires that this Court determine whether an administrative claim or lien would adequately protect a reclamation claimant, it would appear that the Cash Collateral Order presents a *prima facie* case as to why an administrative claim is inadequate. In this case, a lien that is senior in priority to the debtor-in-possession facility must be put in place. The proposed Order clearly attempts to prejudice the right of Southeast Provisions in a manner that is inconsistent with the intent and express provisions of section 546 of the Bankruptcy Code and as such should be rejected by this Court.

---

1 Paragraph 16, at p. 29 of the Debtors' Emergency Motion to Approve DIP Financing, provides: "Disposition of Collateral Debtors shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Collateral, or assume, reject or assign any Leasehold Property (as defined in the Credit Agreement) without the prior written consent of Agent (and no such consent shall be implied, form any other action, inaction or acquiescence by Lender or an order of this Court) except for sales of Debtors' Inventory in the ordinary course of its businesses or except as

12. In the alternative, in conjunction with this Order and any Final Order approving debtor-in-possession financing, a carve-out provision providing for the payment of the Allowed Reclamation Claims must be included. Without such a carve-out, the Debtors have effectively violated section 546 and eliminate statutory requirement that a debtor provide adequate protection. Such adequate protection is either the return of goods to the claimant, and not after a period of one hundred and twenty days (or even more if we were to couple the one hundred twenty (120) day period with the sixty (60) day period so referenced in the proposed Order, and possible further extensions) but rather, on a timely basis; or, in the alternative to provide for a meaningful administrative claim. In order to give effect to the administrative claimants, the claims are entitled to a carve out.

13. This is particularly true in light of the fact that the Debtor has moved for and has been granted authority to pay certain pre-petition claims to vendors for goods received post-petition. These so-called critical vendor payments shave further prejudiced the rights of Southeast Provisions and those vendors similarly situated. It appears that the Debtors simply increased their orders from these vendors just prior to the filing of the petition and now enjoy these goods and seek to limit and/or modify the rights of these particular claimants.

14. Southeast Provisions' right to setoff under section 553 has been impaired and shall be further impaired if this Court were to grant the relief south by the Debtors with respect to the Reclamation Claims. By limiting the rights of Southeast Provisions to take certain actions that would otherwise be available, this Order severely modifies its substantive rights. The Debtors' proposed Order effectively precludes Southeast Provisions from seeking relief pursuant to section 553 of the Bankruptcy Code.

---

otherwise provided for in this Credit Agreement, the other Loan Documents and this Interim Order.

15. Moreover, the manner in which the Debtors seek to modify Southeast Provisions' and the other claimant's substantive rights effectively precludes them from filing the appropriate motions to compel the payment of an administrative expense pursuant to section 503 of the Bankruptcy Code. Section 503(b) authorized the allowance of administrative expenses after notice and a hearing. However, the Debtors' seek in their proposed Order to provide the sole and exclusive methods by which this claimant, and others similarly situated shall be permitted to seek relief. Southeast Provisions respectfully submits that the Debtors are not permitted to limit the rights available to said claimants in the manner sought in the proposed Order.

16. The proposed Order by the terms stated on page seven (7) limit the rights of the reclamation claimants, and places no such limitations on the Debtors. The Debtors remain free to challenge any reclamation claims, prosecute alleged preferences or fraudulent conveyances, or assert other potential claims, counterclaims, or offsets with respect to these claimants. The proposed Order further permits the Debtors to assert any defense to the value of a reclamation claim. In short, the Debtors' proposed Order violates the substantive rights of Southeast Provisions and similarly situated claimants in this proceeding and should not be entered.

17. Finally, the Debtors' proposed Order seeks to limit the manner in which Southeast Provisions and other claimants may seek to enforce their respective rights. Specifically, the Debtors seek to stay the commencement of any adversary proceedings by entry of this Order. Southeast Provisions respectfully submits that pursuant to the provisions of Federal Rule of Bankruptcy Procedure 7001, in order to enjoin a party from taking certain actions, the party seeking the injunctive relief must commence an adversary proceeding.2 Thus, any final Order concerning the

---

2 Fed.R.Bank.P. 7001(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12 or chapter 13 plan provides for the relief.

procedural and substantive rights of Southeast Provisions and the other similarly situated claimants can not include language granting the Debtors the ability to preclude potential adversary proceedings.

WHEREFORE, Southeast Provisions respectfully requests that this Court deny the Debtor's motion seeking a Final Order establishing the procedures for treatment of reclamation claims. In the alternative, Southeast Provisions respectfully requests that the Debtors be ordered to provide the appropriate adequate notice and provide the appropriate due process to those parties so entitled to notice of such a motion. As the Bankruptcy Code allows for a fixed period of time to file a notice or demand for reclamation all of the parties that may be entitled to file such demand or notice have been so required. Southeast Provisions respectfully suggests that this Court should not direct the Debtors to provide notice of this motion and set a hearing date that comports with the requirements under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and grant any further relief this Court deems appropriate under the circumstances.

Southeast Provisions, LLC

Dated: March 3,2005

By: /s/ Rudi R. Grueneberg

Rudi R. Grueneberg, Esquire, General Counsel
Attorney for Southeast Provisions, LLC
11 Task Industrial Court
Greenville, South Carolina 29607

X:\Client File\Dietz & Watson\Winn Dixie\Ojection.to.Motion.doc