**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                           :
                                                                :         **Chapter 11**
                                                                :
**WINN-DIXIE STORES, INC., et al.,**                  :         **Case No. 05-11063 (RDD)**
                                                                :
                    Debtors.                              :         **(Jointly Administered)**
                                                                :
-----------------------------------------------------------------x

### ORDER (A) ESTABLISHING NOTICE PROCEDURES ON A <u>FINAL BASIS</u> AND (B) <u>CONTINUING HEARING WITH RESPECT</u> TO SCHEDULING OMNIBUS HEARINGS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order establishing notice procedures and scheduling omnibus hearings, all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the

Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors shall establish a master service list (the "Master Service List") that shall initially include the following parties in interest:  (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Debtors; (iii) the attorneys for the Debtors; (iv) the members of and attorneys for any official committee of unsecured creditors; (v) the attorneys for any other committee appointed by the Court; (vii) the attorneys for the Debtors' senior secured lenders; (viii) counsel to the Agent for the Debtors' proposed post-petition debtor-in-possession lenders; (ix) the indenture trustee for the holders of the Debtors' 8 7/8% Senior Notes due 2008; (x) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; (xi) the Securities and Exchange Commission, the Internal Revenue Service, state and federal attorneys general, and other government agencies; and (xii) Wilmington Trust and its counsel, to the extent required by the Bankruptcy Rules and the Local Rules; and it is further

ORDERED that the Debtors are authorized to limit notice to those parties in interest included in the Master Service List and any other person or entity whose specific rights and interests are directly affected by such matter or proceeding, for all matters covered by Bankruptcy Rule 2002 (the "Rule 2002 Matters"); and it is further

ORDERED that in the case of proceedings other than Rule 2002 Matters, absent further Court order, the Debtors are authorized to limit notice to those parties included on the Master Service List and any other person or entity whose specific rights or interests are directly affected by such proceeding; and it is further

ORDERED that the Debtors or their Court-appointed claims agent shall update the Master Service List monthly and shall file an updated Master Service List with the Court if it includes changes from the last Master Service List filed with the Court; and it is further

ORDERED that notwithstanding the foregoing, notice of the following shall be provided to all known creditors and other parties in interest, at their last address known to the Debtors, unless otherwise ordered by the Court:  (a) notice of the first meeting of creditors pursuant to Section 341 or 1104(b) of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections and the hearing to consider approval of a disclosure statement; (d) notice of the time fixed for filing objections and the hearing to consider confirmation of a chapter 11 plan; (e) notice of and transmittal of ballots for accepting or rejecting a chapter 11 plan; (f) notice of any hearing on dismissal of the Chapter 11 cases or their conversion to another chapter; and (g) notice of the time fixed for accepting or rejecting a proposed modification to a chapter 11 plan; and it is further

ORDERED that omnibus hearings are at this time hereby scheduled for 10:00 a.m. ET on March 15, 2005, March 29, 2005, April 12, 2005, April 29, 2005, May 11, 2005, May 25, 2005, June 7, 2005 and June 21, 2005 and the hearings thereafter to be scheduled by the Court; and it is further

ORDERED that one day before the Omnibus Hearing Date the Debtors' counsel shall file an agenda of matters known to them to be scheduled for consideration at the Hearing, noting those matters going forward, contested or uncontested, or adjourned. Counsel may provide preliminary agenda to Chambers in advance of the Hearing; and it is further

ORDERED that any person or entity submitting a matter for consideration at an omnibus hearing be required to serve the applicable pleading and all supporting documentation no less than twenty (20) days prior to the applicable hearing date, if possible, and in no event, without order of the Court, less than ten (10) days prior to the applicable hearing date; and it is further

ORDERED that the notice accompanying any such pleading shall include the title of the pleading, the time and date of the Objection Deadline (as defined below) and the date of the Omnibus Hearing (or other hearing date, as ordered by the Court) at which the party intends to present the pleading; and it is further

ORDERED that, unless otherwise order by the Court, the objection deadline for all matters shall be (a) no later than the seventh (7th) calendar day before the applicable hearing date if the filing is served at least twenty (20) days prior to the applicable hearing date; or (b) no later than the third (3rd) calendar day before the applicable hearing date if the filing is served on less than twenty (20) days but at least ten (10) days prior to the applicable hearing date (the "Objection Deadline"); and it is further

ORDERED that the notice shall also include a statement that the relief requested in the pleading may be granted without a hearing if no objection is timely filed; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

-5-

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 4, 2005
      New York, New York

                                                               /s/ Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE