**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :
                                                         :    **Chapter 11**
                                                         :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**              :    **Case No. 05-11063 (RDD)**
                                                         :
            Debtors.                                     :    **(Jointly Administered)**
                                                         :
-------------------------------------------------------------x

**FINAL ORDER APPROVING AGREEMENT WITH**
**LOGAN & COMPANY, INC. AND APPOINTING LOGAN & COMPANY, INC.**
**AS CLAIMS, NOTICING, AND BALLOTING AGENT FOR THE DEBTORS**

Upon the application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to 28 U.S.C. § 156(c) approving the Agreement (as defined in the Application) with Logan & Company, Inc. ("Logan") and appointing Logan as claims, noticing, and balloting agent; all as more fully set forth in the Application; and upon consideration of the declaration of Kathleen M. Logan (the "Logan Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been

provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, counsel to the Official Committee of Unsecured Creditors, and no other or further notice being required; and the employment of Logan being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Agreement is approved, and Logan is appointed as claims, noticing, and balloting agent to perform the services described in the Application and in the Logan Declaration; and it is further

ORDERED that Logan shall not be required to file fee applications with this Court pursuant to Sections 330 and 331 of the Bankruptcy Code on account of the services provided by Logan. Logan shall be compensated by the Debtors on the terms contained in its engagement letter. Logan shall be permitted to hold the retainer it received from the Debtors and shall apply it to the Debtors' final invoice or any earlier invoice; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

3

Dated:  March 4, 2005
       New York, New York

                          /s/ Robert D. Drain
                  UNITED STATES BANKRUPTCY
                  JUDGE

3