**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                    :
                                                     :   **Chapter 11**
                                                     :
**WINN-DIXIE STORES, INC., et al.,**                     :   **Case No. 05-11063 (RDD)**
                                                     :
    Debtors.                          :   **(Jointly Administered)**
                                                     :
------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS TO EMPLOY**
**THE BLACKSTONE GROUP, L.P. AS FINANCIAL ADVISORS**

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Sections 327(a) and 328 of the Bankruptcy Code for authority to employ The Blackstone Group, L.P., ("Blackstone") as financial advisors in these cases, all as more fully set forth in the Application; and upon consideration of the declaration of Paul P. Huffard (the "Huffard Declaration"); and the Court being satisfied, pending a final hearing on reasonable notice, based on the representations made in the Application and in the Huffard Declaration, that Blackstone does not hold or represent an interest adverse to the Debtors' estates and is a "disinterested person," as that term is defined under Section 101(14) of the Bankruptcy Code; and the Court being satisfied, pending a final hearing on reasonable notice, that the terms of compensation being sought by Blackstone, as described in the Engagement Letter attached to the Motion as Exhibit A (the "Letter Agreement") are reasonable; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District

-2-

Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the employment of Blackstone on an interim basis is in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the interim approval of relief granted herein pending a final hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that notice of the Final Hearing Date shall be provided to the parties on the master service list and any other party or entity whose specific rights or interests are directly affected by this matter and the Final Hearing Date shall be no earlier than April 29, 2005; and it is further

ORDERED that any objection, and notice thereof, to the relief requested by the Application on a final basis must be filed with the Court, along with copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson

Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303; (iv) Paul P. Huffard, The Blackstone Group, L.P., 345 Park Avenue, New York, New York 10010; and (v) Dennis F. Dunne and Matthew S. Barr, Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 so as to be received by 4:00 p.m. three days prior to the scheduled final hearing date for this matter; and it is further

ORDERED that the Debtors are authorized to retain on an interim basis Blackstone as their financial advisors, pursuant to Sections 327(a) and 328 of the Bankruptcy Code, as of February 21, 2005, (the "Petition Date") on the terms set forth in the Application, the Letter Agreement, and the Huffard Declaration; and it is further

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Blackstone's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that all compensation and reimbursement of expenses to be paid to Blackstone shall be subject to prior approval of this Court in accordance with the requirements under Sections 330 and 331 of the Bankruptcy Code and any order of this Court establishing procedures for monthly compensation and reimbursement of expenses; provided that the Monthly Fee, as defined in the Letter Agreement, during the interim period, shall not hereafter be subject to challenge except under the standard of review set forth in Section 328(a) of the Bankruptcy Code; and further provided that, notwithstanding the preceding clause, the United States Trustee and the Official Committee of Unsecured Creditors retain all rights to object to Blackstone's interim and final fee applications (including expense reimbursement) on all

grounds, including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the previous paragraph, Blackstone shall not be required to maintain time records or receipts for expenses in amounts less than $75; and it is further

ORDERED that all requests of Blackstone for payment of indemnity pursuant to the Letter Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Letter Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Blackstone be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in no event shall Blackstone be indemnified if a Debtor or a representative of the estate asserts a claim for, and a court determines by final order that such claim arose out of, Blackstone's own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; and it is further

ORDERED that in the event Blackstone seeks reimbursement for attorneys' fees from the debtors pursuant to the Letter Agreement, the invoices and supporting time records from such attorneys shall be included in Blackstone's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under Section 327 of the Bankruptcy Code and without regard to

whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Letter Agreement, this Order shall govern; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, counsel to the Official Committee of Unsecured Creditors, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: March 4, 2005
New York, New York

                                                    /s/ Robert D. Drain
                                           UNITED STATES BANKRUPTCY JUDGE