**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                          :
                                                               :    **Chapter 11**
                                                               :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**                    :    **Case No. 05-11063**
                                                               :
         Debtors. :    **(Jointly Administered)**
                                                               :
-------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS TO RETAIN SMITH, GAMBRELL &**
**RUSSELL, LLP AS SPECIAL REAL ESTATE COUNSEL TO THE DEBTORS**

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 327(e) of the Bankruptcy Code for authority to retain Smith, Gambrell & Russell, LLP ("SGR") as special real estate counsel in these cases, all as more fully set forth in the Application; and upon consideration of the declaration of Douglas G. Stanford (the "Stanford Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no

other or further notice being required; and employment of SGR on an interim basis is in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the interim approval of relief granted herein pending a final hearing; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 15, 2005, at 10:00 a.m. ET; and it is further

ORDERED that any objection to the relief requested by the Application on a final basis must be filed with the Court, along with a copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303; (iv) Douglas G. Stanford, Smith, Gambrell & Russell, LLP, Bank of America Tower, 50 Laura Street, Suite 2600, Jacksonville, Florida 32202; and (v) Dennis F. Dunne and Matthew S. Barr, Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 so as to be received by March 10, 2005 at 4:00 p.m. ET; and it is further

ORDERED that the Debtors are authorized to retain on an interim basis SGR as their special real estate counsel, pursuant to Section 327(e) of the Bankruptcy Code, as of

February 21, 2005, on the terms set forth in the Application and the Stanford Declaration; and it is further

ORDERED that no work performed by SGR shall be duplicative of work performed by any other counsel retained by the Debtors in these cases; and it is further

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, SGR's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that SGR shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court, and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, counsel for the Official Committee of Unsecured Creditors, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

-4-

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: March 4, 2005
      New York, New York

                                          /s/Robert D. Drain
                                          UNITED STATES BANKRUPTCY JUDGE