**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                  :
                                                       :    **Chapter 11**
                                                       :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**            :    **Case No. 05-11063 (RDD)**
                                                       :
         Debtors.                                      :    **(Jointly Administered)**
                                                       :
-----------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO RETAIN AND COMPENSATE PROFESSIONALS USED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to retain and compensate professionals used in the ordinary course of business in these cases (collectively, the "Ordinary Course Professionals"); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee (the "United States Trustee"), (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50)

largest unsecured creditors; and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that pursuant to section 327 of the Bankruptcy Code, to the extent deemed necessary by the debtors, the Debtors are authorized to retain the Ordinary Course Professionals identified on <u>Exhibit A</u> to the Motion, without further application to or approval of this Court; and it is further

ORDERED that, within five (5) business days after the date of entry of this Order, the Debtors shall serve this Order upon each Ordinary Course Professional listed on <u>Exhibit A</u> to the Motion; and it is further

ORDERED that, within thirty (30) days after the later of the date of entry of this Order or the date of engagement of such professional by the Debtors, each Ordinary Course Professional shall provide to the Debtors' counsel a completed questionnaire substantially in the form attached to the Motion as <u>Exhibit B</u> (the "Questionnaire"); and it is further

ORDERED that the Debtors' counsel shall promptly file each Questionnaire with the Court and serve it upon the United States Trustee, counsel to any official committee appointed in these cases (the "Committee"), and counsel to the Debtors' proposed post-petition secured lenders (the "DIP Lender"); and it is further

ORDERED that the United States Trustee, the Committee, and the DIP Lender shall have twenty (20) days after service of each Ordinary Course Professional's Questionnaire (the "Objection Deadline") to object to the retention of such professional. Any such objection must be filed with the Court and shall be served by the Objection Deadline upon (a) the Ordinary Course Professional, (b) the United States Trustee, (c) counsel to the Committee, (d) counsel to the DIP Lender, and (e) counsel to the Debtors. If any such objection cannot be resolved and withdrawn within twenty (20) days after service, the matter shall be scheduled for hearing before the Court at the next regularly-scheduled hearing date or other date otherwise agreeable to the Ordinary Course Professional, the Debtors, and the objecting party. If no objection is made by the Objection Deadline, or if any objection is withdrawn, the Debtors shall be authorized to retain the Ordinary Course Professional as a final matter without further order of this Court, *nunc pro tunc* to the petition date or, if later, the date of engagement; and it is further

ORDERED that the Debtors are authorized, without need for further hearing or order from the Court, to employ and retain additional Ordinary Course Professionals (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the United States Trustee, counsel to the Committee, and counsel to the DIP Lender, a supplement listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order (the "Supplement"). For purposes of complying with the Questionnaire requirement above, for each Additional Ordinary Course Professional, the thirty (30)-day deadline for the provision of a completed Questionnaire shall run from the filing of the Supplement with the Court, but all other requirements and deadlines shall remain the same; and it is further

ORDERED that the Debtors are authorized but not required to make payments of fees and expenses to each Ordinary Course Professional or Additional Ordinary Course Professional in an amount not exceeding $30,000 in any one month or $500,000 for the duration of these Chapter 11 cases, per Ordinary course Professional, in the manner customarily made by the Debtors, subject to a possible increase for certain Ordinary Course Professionals as provided below, upon receipt from the professional of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices); and it is further

ORDERED that, as to certain Ordinary Course Professionals for whom the Debtors believe it appropriate to increase the prescribed monthly cap amounts, the Debtors are permitted to seek the agreement of the United States Trustee, the Committee, and the DIP Lender to a higher monthly cap amount, not exceeding $40,000 per month, for any Ordinary Course Professional who will exceed the prescribed monthly cap amount but who should not otherwise be required to follow the payment procedures applicable to Chapter 11 professionals.  If the Debtors are able to obtain the agreement of the United States Trustee, the Committee, and the DIP Lender to a higher monthly cap amount for any Ordinary Course Professional, the agreement shall be evidenced by the filing of a notice of the increased monthly cap amount, and the increased monthly cap amount shall be deemed approved upon the filing of such notice, without further action by this Court.  In the absence of an agreement, the monthly cap amount prescribed above shall be enforced; and it is further

ORDERED that in order for any Ordinary Course Professional to receive compensation in excess of the caps established by this Order, such Ordinary Course Professional shall file a fee application subject to the approval of the Court in accordance with the procedures approved by

order of the Court for Chapter 11 professionals involved in the conduct of these cases; and it is further

ORDERED that, notwithstanding the foregoing, the monthly cap amounts and case cap amounts established herein shall apply only to direct disbursements by the Debtors and shall specifically not apply to any approved contingent fee amounts received by Ordinary Course Professionals from recoveries realized on behalf of the Debtors; and it is further

ORDERED that approximately twenty (20) days after the conclusion of each fiscal quarter (beginning with the first fiscal quarter during the case), the Debtors shall file a statement with this Court certifying their compliance with this Order, which statement shall include for each Ordinary Course Professional paid during the prior fiscal quarter: (a) the name of such Ordinary Course Professional, (b) the aggregate amounts paid as compensation for services rendered and for reimbursement of expenses incurred by such Ordinary Course Professional during such fiscal quarter and (c) a general description of the services rendered by such Ordinary Course Professional during such fiscal period. Such statement shall be served on the Office of the United States Trustee, counsel to the DIP Lender, and counsel to the Committee; and it is further

ORDERED that this Order shall not apply to any professional retained by the Debtors pursuant to a separate order of this Court; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 4, 2005
      New York, New York

                                              /s/ Robert D. Drain
                                   UNITED STATES BANKRUPTCY JUDGE