**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :
                                                   :        **Chapter 11**
                                                   :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**        :        **Case No. 05-11063 (RDD)**
                                                   :
                        Debtors.                   :        **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

**ORDER APPROVING**
**INTERIM COMPENSATION PROCEDURES FOR PROFESSIONALS**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order establishing procedures for interim compensation of professionals, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the Final Hearing Date"); and it is further

ORDERED that the Final Hearing Date shall be March 15, 2005, at 10:00 a.m. ET; and it is further

ORDERED that any objection to the relief requested by the Application on a final basis must be filed with the Court, along with a copy to Chambers, and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York  10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia  30303; (iv) Douglas G. Stanford, Smith, Gambrell & Russell, LLP, Bank of America Tower, 50 Laura Street, Suite 2600, Jacksonville, Florida 32202; and (v) Dennis F. Dunne and Matthew S. Barr, Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 so as to be received by March 10, 2005 at 4:00 p.m. ET; and it is further

ORDERED that except as may otherwise be provided in an order of this Court authorizing the retention of a specific professional, any professional whose retention is approved by this Court pursuant to Section 327 of the Bankruptcy Code (a "Professional") may seek monthly compensation in accordance with the following procedures:

(a) On or before the twentieth (20th) day after the end of a month for which compensation is sought, each Professional seeking compensation shall serve a monthly statement (the "Monthly Statement") by hand or overnight delivery on (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York,

New York 10036; (iii) Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303; (iv) Laurence B. Appel, Senior Vice President and General Counsel, Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254; (v) counsel for any official committee appointed in these cases; and (vi) counsel for the agent for the Debtors' post-petition secured lenders.  The Monthly Statement need not be filed with the Court, and a courtesy copy need not be delivered to the presiding bankruptcy judge's chambers.

(b) Each Monthly Statement shall contain a list of individuals and their respective titles who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, contemporaneously maintained time entries for each individual in increments of tenths of an hour (except as the court may otherwise permit in any other retention order), and a reasonably detailed breakdown of disbursements incurred.  No professional should seek reimbursement of an expense that would not be permitted under General Order M-104, incorporating the Guidelines for Fees and Disbursements for Professionals in this District.

(c) In the event that an interested party has an objection to the compensation or reimbursement sought in a particular Monthly Statement, he or she shall, within twenty (20) days after service of the Monthly Statement, serve upon the professional whose statement is objected to and the other persons designated in paragraph (a) above a written "Notice of Objection to Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue.

(d) After the expiration of the twenty-day period described above, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served.

(e) If the Debtors receive an objection to a particular Monthly Statement, they shall withhold payment of that portion of the Monthly Statement to which the objection is directed and shall promptly pay the remainder of the fees and expenses in the percentages set forth in the preceding paragraph.

(f) If any objecting party resolves a dispute with a Professional, the objecting party (or the Debtors, with the consent of the objecting party) shall serve written notice on the persons designated in paragraph (a) above that the objection is withdrawn and shall describe the terms of the resolution.  The Debtors shall promptly pay that portion of the Monthly Statement at issue that is no longer subject to an objection in the percentages set forth in paragraph (d) above.

(g) Any objection that is not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing.

(h) The service or lack of an objection in accordance with paragraph (c) above shall not prejudice the objecting party's right to object to any fee application made to

the Court on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not be a waiver of any kind or prejudice that party's right to objection to any fee application subsequently made to the Court.

(i) Approximately every 120 days, but no more than every 180 days, each Professional shall serve and file with the Court, pursuant to Sections 330 and 331 of the Bankruptcy Code (as the case may be) and Federal Rule of Bankruptcy Procedure 2016, an application for interim or final approval and allowance of compensation and reimbursement of expenses, including compensation previously paid by the Debtors on the basis of a Monthly Statement. The professional shall serve any fee application on the parties listed in paragraph (a), above, and shall serve a notice of hearing on the fee application on all parties on the master service list.

(j) Any Professional that fails to file a timely application seeking approval of compensation and expenses previously paid on the basis of a Monthly Statement shall be ineligible to receive further monthly payments of compensation or reimbursement of expenses as provided herein absent a further order of the Court.

(k) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation or reimbursement of expenses of any Professional.

(l) Counsel for any official committee appointed in these cases may, in accordance with the foregoing procedures, collect and submit statements of expenses allowable under Section 503(b)(3)(F) of the Bankruptcy Code, with supporting vouchers, from members of such committee.

(m) Each member of any official committee appointed in these cases is permitted to submit statements of expenses (except for attorneys' or advisors' fees) and supporting vouchers to counsel for the committee who will collect and submit such requests for reimubursment in accordance with procedures for monthly and interim compensation and reimbursement of professionals.

and it is further

ORDERED that the provisions of this Order shall not apply to any professional retained pursuant to any order authorizing the employment and compensation of professionals in the ordinary course of business entered in these cases; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 4, 2005
New York, New York

    /s/ Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE