Hearing Date and Time: April 12, 2005 @ 10:00 a.m.
Objection Deadline: April 5, 2005

HAYNES AND BOONE, LLP
399 Park Avenue
New York, NY 10022-4614
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Judith Elkin (JE-4112)

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Facsimile: (214) 200-0486
Stacey Jernigan (TX-10652200), pro hac vice motion pending
Mark Elmore (TX-24036523), pro hac vice motion pending

Attorneys for Front End Services Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re                                            :
                                                 :     **Chapter 11**
                                                 :
**WINN-DIXIE STORES, INC., et al.,**             :     **Case No. 05-11063 (RDD)**
                                                 :
                           Debtors.              :     **(Jointly Administered)**
                                                 :
-----------------------------------------------------------x

**MOTION FOR ADMINISTRATIVE PRIORITY CLAIM**
**OR, ALTERNATIVELY, A LIEN UNDER 11 U.S.C. § 546(c)**

Front End Services Corporation ("FES") files this Motion for Administrative Priority Claim or, Alternatively, a Lien under 11 U.S.C. § 546(c) (the "Motion").

**Jurisdiction and Venue**

1.   The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

1324580-3

**Background**

2.  On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. ("Winn-Dixie") and various of its affiliates (the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code").

3.  Prepetition, FES provided Winn-Dixie with certain goods or products (*i.e.,* United States postage stamps for resale in Winn Dixie stores and/or other usages) pursuant to a Stamp Purchase Agreement dated July 22, 2004. Winn-Dixie received some of those goods or products from FES (*i.e.,* goods having a value of $631,220) within the 10-day time period immediately before the Petition Date.

4.  By letter dated February 23, 2005 (the "Reclamation Letter"), FES made a timely demand for reclamation of all products received by the Debtors from FES on or after February 11, 2005 through the Petition Date. A copy of the Reclamation Letter is attached hereto as Exhibit A. The Reclamation Letter was accompanied by a series of invoices and shipping documents from FES (the "Supporting Documents") describing the products and delivery locations that are subject to reclamation (the "Reclamation Goods"). A copy of the Supporting Documents was attached to the Reclamation Letter.

5.  Despite the timely reclamation demand, the Debtors have not complied with FES' request that they identify and inventory all of the Reclamation Goods, nor have they released any of the Reclamation Goods to FES.

**Requested Relief**

6.  Pursuant to Bankruptcy Code section 546(c), FES requests that the Court (a) grant it an administrative priority claim equal to the amount of the Reclamation Goods provided to the

Debtors during the ten days preceding the Petition Date and (b) order the Debtors to pay such administrative priority claim within ten days after entry of an order granting such claim. Alternatively, FES requests that the Court grant it a lien on the Debtors' property and assets to secure its claim related to the Reclamation Goods.

## Law and Argument

7. Bankruptcy Code section 546(c) provides:

> [T]he rights and powers of a trustee under section 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold good to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—
>
> (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods—
>
>     (A) before 10 days after receipt of such goods by the debtor; or
>
>     (B) if such 10-day period expires before after the commencement of the case, before 20 days after receipt of such goods by the debtor; and

11 U.S.C. § 546(c)(1).

8. If the Court denies FES' valid reclamation rights, FES is entitled to an administrative expense priority claim or a lien under Bankruptcy Code section 546(c)(2). That statute provides:

> [T]he court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—
>
>     (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
>
>     (B) secures such claim by a lien.

11 U.S.C. § 546(c)(2).

1324580-3

9. To establish a valid claim for reclamation, a creditor must demonstrate the following:

   (a) That the creditor sold goods on credit to the debtor in the ordinary course of their respective businesses;

   (b) That the creditor delivered the goods to the debtor at a time when the debtor was insolvent as defined by the Bankruptcy Code;

   (c) Within ten days after the goods were delivered to the debtor, the creditor made a written demand for the return of the goods; and

   (d) That the debtor had possession of the goods at the time of the reclamation demand or the goods were not in the hands of a buyer in the ordinary course or a good faith purchaser at the time of demand.

*In re Adventist Living Ctrs., Inc.*, 52 F.3d 159 (7th Cir. 1995) (citing *In re Video King of Illinois, Inc.*, 100 B.R. 1008 (Bankr. N.D. Ill. 1989); *In re Pester Refining Co.*, 964 F.2d 842 (8th Cir. 1992); *Sandoz Pharmaceuticals Corp. v. Blinn Wholesale Drug Co, Inc. (In re Blinn Wholesale Drug Co, Inc.)*, 164 B.R. 440 (Bankr. E.D.N.Y. 1994); *Conoco, Inc. v. Braniff, Inc.*, 113 B.R. 745 (Bankr. M.D. Fla. 1990). *See also See also In re Victory Markets, Inc.,* 212 B.R. 738, 743 (Bankr. N.D.N.Y. 1997).

10. Each of the elements identified above are satisfied in this case. The Reclamation Goods were sold to the Debtors pursuant to a Stamp Purchase Agreement in the ordinary course of the respective businesses of FES and Winn-Dixie. Winn-Dixie was insolvent when it received the goods. As evidenced by the Reclamation Letter, FES made a timely written demand on the Debtor for the return of the Reclamation Goods. FES believes that the Debtors were in possession of some, if not all, of the Reclamation Goods on the date the reclamation demand was made. Consequently, FES is entitled to an administrative priority claim in the amount of their

reclamation claim or, alternatively, a lien on the Debtors' property to secure such reclamation claim.

### Waiver of Memorandum of Authorities

11.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, FES respectfully requests that the Court waive the requirement that the movant file a memorandum of law in support of its motion or, alternatively, rule that the requirement has been met by the preceding section of this motion.

### Notice

12.     Notice of this motion has been provided to bankruptcy counsel for the Debtors, the Office of the United States Trustee, counsel for the Official Unsecured Creditors Committee, counsel for Wachovia Bank, N.A., and counsel for the indenture trustee.  In light of the nature of the relief requested herein, movant submits that no further notice is necessary.

### Conclusion

Based on the foregoing, FES requests that the Court (a) grant it an administrative priority claim equal to the amount of the Reclamation Goods provided to the Debtors during the ten days preceding the Petition Date and (b) order the Debtors to pay such administrative priority claim within ten days after entry of an order granting such claim.  Alternatively, FES requests that the Court grant it a lien on the Debtors' property and assets to secure their claim related to the Reclamation Goods.

Dated: March 7, 2005.

    /s/  Judith Elkin
HAYNES AND BOONE, L.L.P.
Judith Elkin (JE-4112)
399 Park Avenue
New York, NY 10022-4614
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Facsimile: (214) 200-0486
Stacey Jernigan (TX-10652200), pro hac vice motion pending
Mark Elmore (TX 24036523), pro hac vice motion pending

COUNSEL FOR FRONT END SERVICES CORPORATION

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion for Administrative Priority Claim or, Alternatively, a Lien under 11 U.S.C. § 546(c) was served on the parties identified on the attached service list by United States mail, first class postage prepaid, on March 7, 2005.

/s/ Judith Elkin_____
Judith Elkin

1324580-3

**SERVICE LIST**

David J. Baker
Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Counsel for Debtors

Sarah Robinson Borders
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303
Co-Counsel for Debtors

Richard C. Morrissey
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Dennis F. Dunne
Matthew S. Barr
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Counsel for Official Unsecured Creditors' Committee

Jonathan N. Helfat
Richard G. Haddad
Daniel F. Fiorillo
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10160
Counsel for Wachovia Bank, N.A.

Steven J. Reisman
Curist, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178-0061
Counsel for Wilmington Trust Company as Indenture Trustee

Steven M. Cimalore
Wilmington Trust Company
1100 North Market Street
Rodney Square North
Wilmington, DE 19890

8

1324580-3