**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                     :
                                                    :        **Chapter 11**
                                                    :
**WINN-DIXIE STORES, INC., et al.,**          :        **Case No. 05-11063 (RDD)**
                                                      :
              Debtors.                :        **(Jointly Administered)**
                                                      :
---------------------------------------------------------x

**ORDER GRANTING MOTION FOR ADMINISTRATIVE PRIORITY CLAIM**
**OR, ALTERNATIVELY, A LIEN UNDER 11 U.S.C. § 546(c)**

The Court has considered the Motion for Administrative Priority Claim or, Alternatively, a Lien under 11 U.S.C. § 546(c) (the "Motion") filed by Front End Services Corporation ("FES") against Winn-Dixie Stores, Inc. ("Winn-Dixie" and, when referred to collectively with its affiliates who are also in chapter 11 proceedings, the "Debtors").

Based on the law and facts contained in the Motion, the evidence presented, and the arguments of counsel, the Court makes the following findings of fact and conclusions of law:

     1.     Notice of the Motion was sufficient under the Bankruptcy Code, Bankruptcy Rule 4001, and any other federal or local bankruptcy rules.

     2.     FES provided Winn-Dixie with certain products or goods, namely United States postage stamps for resale in Winn-Dixie stores or other usage (the "Reclamation Goods"), which goods were received within ten days of Winn-Dixie's filing of its chapter 11 petition. The Reclamation Goods were sold by FES to Winn-Dixie in the ordinary course of their respective businesses. Winn-Dixie was insolvent when it received the Reclamation Goods. FES timely

1

made a written demand for reclamation on the Debtors under 11 U.S.C. § 546(c). The Debtors were in possession of the Reclamation Goods when the reclamation demand was made.

    3.    Because the Debtors are no longer in possession of the Goods subject to reclamation, FES has a right to reclamation that is not adequately protected.

Based on the foregoing, the Court finds that good cause exists in favor of FES to enforce its reclamation rights. Accordingly, it is ORDERED that:

    A.    FES is granted an administrative priority claim in the amount of $631,220 under 11 U.S.C. §§ 503(b) and 546(c) against the Debtors (the "Administrative Claim").

    B.    The Debtors shall pay the full amount of the Administrative Claim to FES within ten days after entry of this Order.

Dated: _____, 2005.

_____
UNITED STATES BANKRUPTCY JUDGE