**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                         :
                                                          :     **Chapter 11**
                                                          :
**WINN-DIXIE STORES, INC., et al.,**                          :     **Case No. 05-11063 (RDD)**
                                                          :
        **Debtors.**    :     **(Jointly Administered)**
                                                          :
-----------------------------------------------------------------x

## ORDER APPROVING THE SALE OF CERTAIN
## PHARMACEUTICAL PRESCRIPTIONS AND INVENTORY

Upon the expedited motion under 11 U.S.C. § 363(b) and (f) dated March 3, 2005

(the "Motion")[1] of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the

"Debtors") for authority to sell certain pharmaceutical prescriptions and inventory (the

"Assets"); and a hearing regarding the Motion having been held on March 8, 2005 (the

"Sale Hearing"); and the Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern

District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and

1409; and it appearing, under the circumstances, that due notice of the Motion and the

Sale Hearing have been given and due and proper notice of the Motion having been

provided to (i) the Internal Revenue Service, the state and local taxing authorities, and the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Virginia Board of Pharmacy; (ii) all parties who previously have expressed serious interest in acquiring the Assets, as listed on Exhibit A to the Motion; (iii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders; (iv) the indenture trustee for the Debtors' noteholders; (v) the Creditors' Committee and its counsel; (vi) all entities having requested notices pursuant to Bankruptcy Rule 2002; and (vii) the Office of United States Trustee; and no other or further notice need be given; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, including the representations and reservations of rights set forth on the record of the hearing on the Motion; and after due deliberation and sufficient cause appearing therefor:

THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of these Chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105(a), 363(b), (f), (m), and (n) and Bankruptcy Rule 6004.

C.    As evidenced by the Certificate of Service filed on March 4, 2005 (Docket No. 245),  the Debtors served the Motion and notice of the Sale Hearing as contemplated by paragraph 28 of the Motion.  The foregoing notice constitutes proper, timely and

- 2 -

sufficient notice of the Motion, the Sale Hearing, and the sale of the Assets; such notice

has been provided in accordance with the Motion, Bankruptcy Code section 102(1), and

Bankruptcy Rule 2002, and such notice was adequate and appropriate notice under the

particular circumstances, and no other or further notice is required.

       D.      A reasonable opportunity to object or be heard with respect to the Motion

and the sale of the Assets has been afforded to all parties in interest (including all third

parties asserting Interests or Claims (as such terms are defined below) in, to or against the

Assets).

       E.      The Debtors' marketing efforts with respect to the Assets were reasonable,

adequate, and designed to obtain the highest price possible for the Assets.

       F.      The Transactions have been duly and validly authorized by all necessary

corporate action of the Debtors.  Upon entry of this Order, the Debtors shall have all the

corporate power and authority necessary to consummate the Transactions.

       G.      No consents or approvals are required for the Debtors to consummate the

Transactions.

       H.      The Transactions reflect the exercise of the Debtors' sound business

judgment.

       I.      Approval at this time of the sale of the Assets to the Purchasers and

consummation of the Transactions are in the best interests of the Debtors, their estates,

their creditors, and other parties-in-interest.

       J.      The Debtors have demonstrated a good, sufficient, and sound business

purpose and justification for the sale of the Assets including, without limitation, that:  (i)

absent an immediate sale of the Assets to the Purchasers, the Debtors would potentially lose the value of these Assets to the detriment of the estate and its creditors; and (ii) the marketing of the Assets has achieved the highest and best possible value for the Assets under the circumstances.

   K. The Transactions were negotiated, proposed, and agreed to by the Debtors and the Purchasers without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Debtors nor the Purchasers have engaged in any conduct that would cause or permit the Transactions to be avoided under Bankruptcy Code section 363(n).

   L. Each of the Purchasers is a good-faith purchaser within the meaning of Bankruptcy Code section 363(m) and, as such, is entitled to all of the protections afforded thereby.  The Purchasers have acted and will be acting in good faith within the meaning of Bankruptcy Code sections 363(m) in consummating the Transactions at all times after the entry of this Order.

   M. The Transactions must be approved and consummated promptly in order to preserve the value of the Assets.

   N. The Purchasers' offers for the Assets embody fair and reasonable offers to acquire the Assets.

   O. Eckerd's offer was the highest and otherwise best offer available for the Franklin Assets.

   P. CVS' offer was the highest and otherwise best offer available for the Rocky Mount Assets.

Q.    At the closing (the "Eckerd Closing") of the Transaction with Eckerd (the "Eckerd Transaction"), Eckerd shall obtain a legal, valid, and effective transfer of the Franklin Assets, and such transfer will vest Eckerd with good and valid title in and to the Franklin Assets, free and clear of all liens, interests, mortgages, pledges, charges, and encumbrances (collectively, "Interests") and claims (as such term is defined in Bankruptcy Code section 101(5)) ("Claims") because one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) have been satisfied.  Each party holding or asserting Interests or Claims in or to the Franklin Assets who did not object to the Motion or to the sale of the Franklin Assets, or who withdrew their objections to the Motion or to the sale of the Franklin Assets, is deemed to have consented to the consummation of the Eckerd Transaction pursuant to Section 363(f)(2) of the Bankruptcy Code.  No party holding or asserting Interests or Claims in or to the Franklin Assets objected to the Motion or the sales of the Franklin Assets are all holders of interests of claims in the Franklin Assets are adequately protected by having their Interests or Claims, if any, attach to the proceeds of the Eckerd Transaction with the same validity, enforceability, priority, force, and effect that they now have as against the Franklin Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to such Interests and Claims.

R.    At the closing (the "CVS Closing"; and, together with the Eckerd Closing, the "Closings") of the Transaction with CVS (the "CVS Transaction"; and, together with the Eckerd Transaction, the "Transactions"), CVS shall obtain a legal, valid, and effective transfer of the Rocky Mount Assets, and such transfer will vest CVS with good and valid

title in and to the Rocky Mount Assets, free and clear of all liens, interests, mortgages, pledges, charges, and encumbrances (collectively, "Interests") and claims (as such term is defined in Bankruptcy Code section 101(5) ("Claims") because one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) have been satisfied. Each party holding or asserting Interests or Claims in or to the Rocky Mount Assets who did not object to the Motion or to the sale of the Rocky Mount Assets, or who withdrew their objections to the Motion or to the sale of the Rocky Mount Assets, are deemed to have consented to the consummation of the CVS Transaction pursuant to Bankruptcy Code section 363(f)(2). No party holding or asserting Interests or Claims objected to the Motion or the sales of the Rocky Mount Assets. All holders of Interests or Claims in the Rocky Mount Assets are adequately protected by having its Interests or Claims, if any, attach to the proceeds of the CVS Transaction with the same validity, enforceability, priority, force, and effect that they now have as against the Rocky Mount Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to such Interests and Claims.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

### General Provisions

1.     The findings of fact and conclusions of law set forth above be, and the same hereby are, ratified and adopted as findings of this Court.

2.     The Motion (document no. 231) is GRANTED.

**Approval of the Transaction**

3.        The terms and conditions of the Transactions are hereby approved in all respects pursuant to Bankruptcy Code sections 105 and 363(b).

4.        Pursuant to Bankruptcy Code section 363(b), the Debtors are hereby authorized and empowered to fully consummate and implement the Transactions, together with all additional instruments and documents that may be necessary to implement the Transactions, and the Debtors are authorized to take all further actions as may reasonably be required by the Purchasers for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchasers or reducing to their possession, their respective Assets, or as may be necessary to the performance of the Debtors' obligations.

**Transfer of Assets**

5.        Pursuant to Bankruptcy Code sections 105(a) and 363(f), upon the Eckerd Closing, the Franklin Assets shall be transferred to Eckerd, free and clear of all Interests and Claims, with all such Interests and Claims, if any, to attach to the proceeds of the Eckerd Transaction, with the same validity, enforceability, priority, force, and effect that they now have as against the Franklin Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to such Interests and Claims.

6.        Pursuant to Bankruptcy Code sections 105(a) and 363(f), upon the CVS Closing, the Rocky Mount Assets shall be transferred to CVS, free and clear of all Interests and Claims, with all such Interests and Claims, if any, to attach to the proceeds

of the CVS Transaction, with the same validity, enforceability, priority, force, and effect that they now have as against the Rocky Mount Assets, subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to such Interests and Claims.

### Additional Provisions

7.      On and after the Closings, each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions (provided that the taking of such actions shall not require such creditor to incur any material costs) as may be reasonably necessary to release its Interests or Claims, if any, against the Assets, as such Interests or Claims may have been recorded or may otherwise exist.

8.      This Order (a) is and shall be effective as a determination that all Interests existing as to the Assets prior to the Closing have been unconditionally released, discharged, and terminated, subject to paragraph 5 and 6 hereof and that the conveyance of the Assets described herein has been effected, and (b) is and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Assets.

- 8 -

9.      Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary or appropriate to consummate the Transactions.

10.     If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests on or Claims in the Assets shall not have delivered to the Debtors prior to the Closings, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all Interests or other Claims that the person or entity has with respect to the Assets or otherwise, then (a) the Debtors hereby are authorized to execute and file such statements, instruments, releases, and other documents on behalf of the person or entity with respect to the Assets, and (b) the Purchasers hereby are authorized to file, register, or otherwise record a certified copy of this Order which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of all Interests and other Claims of any kind or nature whatsoever in the Assets.

11.     All entities that are presently, or as of the Eckerd Closing may be, in possession of any portion of the Franklin Assets are hereby directed to surrender possession of the Franklin Assets to Eckerd on the day of the Eckerd Closing.

12.     All entities that are presently, or as of the CVS Closing may be, in possession of any portion of the Rocky Mount Assets are hereby directed to surrender possession of the Rocky Mount Assets to CVS on the day of the CVS Closing.

13.     This Court shall retain exclusive jurisdiction (a) to enforce and implement the Transactions and any agreements and instruments executed in connection with the Transactions, (b) to compel delivery of possession of the Franklin Assets to Eckerd and of the Rocky Mount Assets to CVS, (c) to resolve any disputes, controversies or claims arising out of or relating to the Transactions, and (d) to interpret, implement, and enforce the provisions of this Order.

14.     Nothing contained in any plan of reorganization or liquidation confirmed in these Chapter 11 cases, or any order of this Court confirming such a plan, or any other order entered in these Chapter 11 cases or in any subsequent Chapter 7 cases shall conflict with or derogate from the terms of this Order.

15.     In the absence of a stay pending appeal, in the event that the Purchasers and the Debtors elect to consummate the Transactions at any time after entry of this Order then, the Purchasers, as purchasers in good faith within the meaning of Bankruptcy Code section 363(m), shall be entitled to the protections of Bankruptcy Code section 363(m) if this Order or any authorization contained herein is reversed or modified on appeal.

16.     The terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and creditors, the Purchasers, their affiliates, and their respective successors and assigns, and this Order shall be binding in all respects upon all persons asserting an Interest against or Claim in the Debtors' estates or the Assets.  The Transactions shall be enforceable against and

binding upon, and not subject to rejection or avoidance by, the Debtors or any Chapter 7 or Chapter 11 trustee of the Debtors and their estates.

17.    The failure specifically to include any particular provisions of the Transactions in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Transactions be authorized and approved in their entirety.

18.    Any agreements, documents, or other instruments executed in connection with the Transactions may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court; provided, however, that, in connection therewith, the parties shall obtain the prior written consent of the Creditors' Committee, which consent shall not be unreasonably withheld; and provided further, that any such modification, amendment or supplement shall neither be materially adverse nor materially adversely change the economic substance of the transactions contemplated hereby.

19.    To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the Transactions, and this Order, the provisions contained herein shall govern.

20.    The ten (10) day stay period provided for in Bankruptcy Rule 6004(g) shall not be in effect with respect to the Transactions and, thus, this Order shall be effective and enforceable immediately upon its entry.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay or risk its appeal being

foreclosed as moot in the event that the Purchasers and the Debtors elect to close the

Transactions while an appeal is pending.

      Dated:  March 8, 2005
      New York, New York

                                       _____/s/ Robert D. Drain_____
                                       UNITED STATES BANKRUPTCY JUDGE