Diane G. Reed (...1045)
Texas State Bar No. 09966500
REED & REED
501 N. College Street
Waxahachie, TX 75165
972-938-7334
1-972-923-0430 -FAX
dianegreed@sbcglobal.net
ATTORNEYS FOR CREDITOR, FRANKFORD DALLAS, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | Case No. 05-11063 |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**OBJECTION OF FRANKFORD DALLAS, LLC TO**
**MOTION FOR AUTHORITY TO REJECT CERTAIN**
**REAL PROPERTY LEASES, EFFECTIVE AS OF PETITION DATE**

TO THE HONORABLE U. S. BANKRUPTCY JUDGE:

FRANKFORD DALLAS, LLC ("Frankford") objects on the following grounds to the Motion for Authority to Reject Certain Real Property Leases, Effective as of Petition Date (the "Motion") filed by the Debtor on February 22, 2005.

1.    This case was commenced by the filing of a Voluntary Petition under Chapter 11 on February 21, 2005.  The Debtor continues in possession of its property and the operation of its business.

2.    This is a core proceeding over which this Court has jurisdiction pursuant to 28 U. S. C. §1334 and 11 U.S.C. §365.

3.      Frankford objects to the Motion for the reason that the lease has already been terminated.  Attached as Exhibit A hereto is a copy of the Lease Buyout Agreement.

WHEREFORE, PREMISES CONSIDERED, Frankford prays that Debtor's Motion for Authority to Reject Certain Real Property Leases, Effective as of Petition Date, be denied as to Frankford and for such other relief as to which Movant may show itself entitled.

Dated:   March 7, 2005

                                            Respectfully submitted,
                                            REED & REED
                                            501 N. College Street
                                            Waxahachie, Texas 75165
                                            972-923-2244
                                            1-972-923-0430 - FAX
                                            dianegreed@sbcglobal.net


                                            By: _____/ s /_____
                                                Diane G. Reed (...1045)
                                                State Bar No. 09966500

                                            ATTORNEYS FOR CREDITOR ,
                                            FRANKFORD DALLAS, LLC

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been forwarded via either electronic means or first class mail to the addressees appearing below on the same date the Motion was filed.

                                   / s /
                                Diane G. Reed

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN ARPS SLATE MEAGHER
    & FLOM LLP
Four Times Square
New York, New York 10036

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING, LLP
191 Peachtree Street
Atlanta, Georgia 30303

Richard C. Morrissey
Office of the U.S. Trustee
22 Whitehall Street, 21st Floor
New York, New York 10004

## LEASE BUYOUT AGREEMENT

THIS LEASE BUYOUT AGREEMENT ("Agreement") is made as of July 8, 2004 (the "Release Date"), by and between WINN-DIXIE LOUISIANA, INC., a Florida corporation (together with its successors and assigns, "Tenant") and FRANKFORD DALLAS, LLC, a Texas limited liability company (together with their successors and assigns, "Landlord").

### RECITALS:

1. Landlord has purchased the Shopping Center, as hereinafter defined, from Marketplace at Frankfort, Ltd.

2. Tenant, formerly known as Winn-Dixie Texas, Inc., a Florida corporation, and Landlord's predecessor in interest are parties to a lease dated June 22, 1998 (as amended from time to time, the "Lease"), pursuant to which Tenant rented and occupied certain real property and improvements located in the City of Dallas, Denton County, Texas, and more particularly described on Exhibit "A" attached hereto and incorporated herein (the "Premises").

3. A Short Form Lease dated June 22, 1998 has been recorded in Volume 4131, Page 00338 in the office of the County Clerk of Denton County, Texas and the Correction and Amendment to Short Form Lease dated February 25, 1999, recorded in Book 4292, page 01002 in the office of the County Clerk of Denton County, Texas (collectively the "Short Form").

4. Pursuant to a guaranty dated June 22, 1998 (the "Guaranty"), Winn-Dixie Stores, Inc. ("Guarantor") guaranteed certain obligations of Tenant under the Lease.

5. The term of the Lease is scheduled to expire on November 15, 2020 (the "Scheduled Expiration Date").

6. Tenant and Landlord desire to terminate the Lease and to enter into a lease buyout agreement and to release Tenant form any obligations under the lease and to allow Guarantor to buyout its liability under the Guaranty on the Release Date, each upon the terms and conditions stated herein.

NOW THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree, represent, and/or warrant, as applicable, as follows:

1. The foregoing recitals are true and correct and incorporated herein by reference.

2. On the Release Date, Tenant tendered to Landlord, and Landlord accepted from Tenant, the Premises "as is," in its then current condition.

3. Beginning on August 1, 2004, Tenant shall not be obligated to pay minimum guaranteed rental (or any additional rental or other charges under the Lease). Instead, Tenant will pay to Landlord, or Landlord's designee, $2,900,000.00 (the "Termination Payment"). The Termination Payment shall be paid in forty-eight (48) monthly installments of $60,416.66 which installments shall be due and payable on the first day of the month. Upon Landlord's receipt of the full Termination Payment, Tenant and the Guarantor shall be released from any and all obligations relating to payments under this Agreement.

If Tenant fails to make any payment for ten (10) days from the due date, Tenant shall pay an additional charge equal to five percent (5.00%) of the delinquent payment or the highest additional charge permitted by law, whichever is less.

The failure of or refusal by Tenant to make any payment due under this Agreement when due, and such failure or refusal shall continue for a period of ten (10) days after written notice is given to Tenant by Landlord specifying such failure shall constitute an Event of Default ("Event of Default") hereunder. Upon the occurrence of any Event of Default, Landlord shall have the option to declare the entire amount of due under

1

**EXHIBIT A**

this Agreement immediately due and payable without further notice or demand, and Landlord may exercise any of its rights under this Agreement or at law or in equity. After acceleration or maturity, Tenant shall pay interest on the outstanding balance due under this Agreement at the rate of 18% per annum.

If this Agreement is placed in the hands of an attorney for collection, Tenant and Guarantor agree to pay reasonable attorneys' fees and costs incurred by Landlord in connection therewith, and in the event suit or action is instituted to enforce or interpret this Agreement (including without limitation efforts to modify or vacate any automatic stay or injunction), the prevailing party shall be entitled to recover all expenses reasonably incurred at, before or after trial and on appeal, whether or not taxable as costs, or in any bankruptcy proceeding, or in connection with post-judgment collection efforts, including, without limitation, attorneys' fees, witness fees (expert and otherwise), deposition costs, copying charges and other expenses.

4.      Except for Tenant's obligation to continue to pay the Termination Payment and collection fees, as specifically provided for in Paragraph 3 above, as of the Release Date, the Lease and all covenants, representations, warranties, agreements, duties, obligations, and liabilities contained in or arising from the Lease are terminated. Except for Tenant's obligations to continue to pay minimum guaranteed rental as specifically provided for in Paragraph 3 above, as of the Release Date, Landlord and Tenant do hereby release and discharge each other, including their respective subsidiaries, affiliates, officers, directors, agents, and employees from all covenants, representations, warranties, agreements, duties, obligations, and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Tenant's use or occupancy of the Premises.

5.      Except for Tenant's obligation to continue to pay the Termination Payment as specifically provided for in Paragraph 3 above, as of the Release Date, Guarantor is released from any and all liability to Landlord under the Guaranty.

6.      Landlord represents and warrants to Tenant that Landlord is the owner and holder of fee simple title to the Premises and that Landlord's title is unencumbered by the lien or security interest of any lender, except Colonial Bank, N.A. Tenant agrees to honor any Payment Direction Letter terms it may receive from Landlord.

7.      Landlord and Tenant each represents and warrants to the other that it and the person signing on its behalf have the power and the lawful authority to execute, deliver and enforce this Agreement, and that no consent, authorization, approval, or notice to any other party is necessary in connection with the execution and delivery of this Agreement by Landlord or Tenant, respectively, or their respective representatives, or as a prerequisite to its enforceability against Landlord or Tenant, respectively.

8.      The financial terms of this Agreement are proprietary in nature to the parties hereto, and shall be kept strictly confidential. Neither party shall provide this Agreement, a copy of this Agreement, or any financial information contained herein to any third party without the prior written consent of the other party. Notwithstanding the foregoing, Landlord shall be permitted to disclose the financial terms of this Agreement without the consent of Tenant to a prospective lender, its counsel or accountants, provided they agree to maintain such terms in strict confidence, and as otherwise required by law.

9.      Neither Landlord nor Tenant shall record this Agreement, but a counterpart of this Agreement, with financial terms stricken, may be recorded in the Office of the Clerk of Court of Denton County, Texas, to evidence termination of the Lease and Guaranty of record.

IN WITNESS WHEREOF, Landlord and Tenant have executed this Agreement as of the date first above written.

Signed, sealed and delivered
in the presence of:

Print Name: LISA MYRICK

Print Name: Catherine H. Bauer

**FRANKFORD DALLAS, LLC**

By: _____
Zaffar S. Yabuni, Member

Print Name: SHEILA P. DESHONG

Print Name: Kira Rice Bongiovanni

**WINN-DIXIE LOUISIANA, INC.**

By: _____
PAUL NOVAK
Its: VICE PRESIDENT

Print Name: SHEILA P. DESHONG

Print Name: Kira Rice Bongiovanni

**WINN-DIXIE STORES, INC.**

By: _____
PAUL NOVAK
Its: CHIEF DEVELOPMENT OFFICER & SR. V.P.