**REED SMITH LLP**
*A Limited Liability Partnership formed in the State of Delaware*
Elena P. Lazarou, Esq. (EL-5681)
599 Lexington Avenue, 27th Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

-and-

Kurt F. Gwynne, Esq. (DE No. 3951)
1201 N. Market Street
Wilmington, DE 19801
Telephone: (302) 778-7550
Facsimile: (302) 778-7577

Counsel for Del Monte Corporation

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re:                                                  :
                                                        :     **Case No. 05-11063 (RDD)**
**WINN-DIXIE STORES, INC., et al.,**                    :     **(Jointly Administered)**
                                                        :
        **Debtors.**                                    :     **Re: Docket No. 21**
                                                        :
---------------------------------------------------------x

### OBJECTION OF DEL MONTE CORPORATION t/a DEL MONTE FOODS TO MOTION FOR ORDER (A) AUTHORIZING RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAMS, AND (C) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS

Del Monte Corporation t/a Del Monte Foods ("Del Monte"), by and through its

undersigned counsel, objects, to the Motion For Order (A) Authorizing Return Of Goods

Pursuant To 11 U.S.C. §546(g), (B) Establishing Procedures For Treatment Of Reclamation

Clams, And (C) Prohibiting Third Parties From Interfering With Delivery Of Goods (Docket

No. 21) (the "Motion") and states as follows:

# INTRODUCTION[1]

1.      Del Monte objects to the Motion on the grounds that it is procedurally and substantively prejudicial to the rights of reclamation claimants.

2.      Specifically, Del Monte objects to the Motion on the following grounds:

      A.      The proposed Reclamation Demand requirements appear to the exceed those imposed by applicable law;

      B.      The one hundred twenty (120) day period for providing the Statement of Reclamation is excessive;

      C.      The Statement of Reclamation is deficient in that it will provide inadequate information and documentation to vendors. The information to be provided by the Debtors in the Statement of Reclamation (and the documents to accompany it) should be the same information (and documentation) required from the vendors in the response to the Statement of Reclamation. The lack of mutuality with respect to providing information and documentation is prejudicial to the vendors, particularly in light of the delay associated with the proposed procedures;

      D.      The proposed procedures would strip vendors of any opportunity for discovery;

      E.      The proposed procedures provide for an unnecessary delay in resolving disputed Reclamation Claims;

      F.      The Debtors improperly propose to have a unilateral right to file motions to resolve disputed Reclamation Claims;

      G.      The proposed procedures provide unfair and improper treatment of Reclamation Claims with respect to (i) product returns, (ii) the attempt to strip vendors of their right to seek liens under Section 546(c)(2)(B), and (iii) the proposed payment terms for Reclamation Claims.

3.      For those reasons, as discussed more fully below, Del Monte requests that this Court deny the Motion as submitted.

---

[1] Capitalized terms not defined in this Objection shall have the meanings ascribed to those terms in the Motion.

WILLIB-41651.1-JBLORD

## FACTUAL BACKGROUND

4.      On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

5.      Prior to the Petition Date, Del Monte sold goods to the Debtors on credit. Pursuant to Section 2-702 of the Uniform Commercial Code and Section 546(c) of the Bankruptcy Code, Del Monte timely exercised its right to reclaim certain goods from the Debtors.

6.      On the Petition Date, the Debtors filed the Motion.  In the Motion, the Debtors seek to establish certain procedures for the treatment of Reclamation Claims filed against the Debtors.

## OBJECTIONS

### A.    Reclamation Demand Requirements

7.      The Debtor seeks to impose requirements for a "valid" Reclamation Demand that appear to exceed the requirements of Section 2-702 of the Uniform Commercial Code and Section 546(c) of the Bankruptcy Code.   Specifically, the Debtor seeks to require reclamation claimants to "specify" the goods for which reclamation is sought and the "basis for the Reclamation." See Motion at ¶ 31(a)(i)(ii).

8.      Identifying the goods by invoice number and date and stating that the claimant seeks to reclaim the goods is sufficient for a valid reclamation claim. See Conoco, Inc. v. Braniff, Inc. (In re Braniff, Inc.), 113 B.R. 745, 752 (Bankr. M.D.Fla. 1990) ("the demand must identify the goods as to which reclamation is sought so as to permit their return pursuant to the demand at the time the demand is made"); Montello Oil Corp. v. Marin Motor Oil, Inc., 740

3

F.2d 220, 224 (3d Cir. 1984) (reclamation claim is sufficient if it expresses demand to "reclaim" goods).

9.      Accordingly, to the extent that the Debtor seeks to require reclamation creditors to do more than (i) identify the goods sufficiently so as to permit their return or (ii) make a demand for reclamation of the goods, the proposed procedures are improper in that they require more than applicable law to establish a valid Reclamation Demand.

**B.      Excessive Delay In Providing Statement Of Reclamation**

10.      The Debtors propose to provide their Statement of Reclamation within one hundred and twenty (120) days after the Petition Date.  Although the Debtors have likely received several reclamation demands, that delay is excessive.  The Debtors and their professionals have more than adequate resources to devote to a much prompter review of Reclamation Claims.  The longer the delay in reviewing Reclamation Claims, the more likely relevant evidence will be lost or destroyed.

**C.      The Proposed Statement Of Reclamation Would Contain Deficient Information And No Supporting Documentation.  The Requirements For The Statement Of Reclamation Should Mirror Those Required In The Vendors' Responses.**

11.      The proposed Statement of Reclamation is insufficient.  The Statement of Reclamation would "identify any defenses that the Debtors choose to reserve."  See Motion at ¶ 31(b)(ii), pp. 10-11.  The Statement of Reclamation, however, will not provide any factual basis for the alleged defenses.

12.      The Debtors' proposed procedures do not require the Debtors to provide any explanation for the asserted (or reserved) defenses or the proposed reduction in the amount of a Reclamation Claim.

WILLIB-41651.1-JBLORD

13.     Compounding the lack of information is the lack of documentation to be provided to vendors.  The proposed procedures do not require the Debtors to submit any documentation in support of their defenses and fail to provide the vendors with any right to obtain such documentation.  Thus, the Debtors seek to delay the process for the purpose of making conclusory, unsupported challenges to Reclamation Claims.

14.     The prejudicial effect of the proposed procedures is also evident in the fact that the Debtors, which would provide no explanations or supporting documentation to the vendors, seek to require objecting vendors to provide (i) a copy of the Reclamation Demand, (ii) the identity of the Debtor that ordered the products and the identity of the vendor from whom the product was ordered, (iii) evidence demonstrating when the goods were shipped and received, (iv) copies of purchase orders and invoices, together with a description of the goods shipped, and (v) a statement identifying the incorrect information in the Statement of Reclamation, specifying the correct information, and stating any legal basis for the objection.  See Motion at ¶31(b)(iv)(1)-(5).  Under the terms of the proposed procedures, a vendor that fails to do any of the foregoing is deemed to waive any objection to the Debtors' proposed treatment of the vendor's Reclamation Claim.  See Motion at ¶31(b)(v).

15.     The Debtors should be required to set forth in the Statement of Reclamation the same information that they request from vendors.  In addition, the proposed penalty for failing to comply with the procedures should also be mutual.  If the Debtors fail to materially comply with those requirements, the Debtors should waive any objection to the Reclamation Demand.

5

### D.    Lack Of Opportunity For Discovery

16.    Worse yet, under the terms of the proposed procedures, if a vendor disagrees with the Reconciled Reclamation Claim as set forth in the Statement of Reclamation, the Debtors have the right to schedule a hearing on twenty (20) days' notice to fix the amount of the Reclamation Claim. See Motion at ¶ 31(c)(iii). There are no procedures for the vendors to take any discovery *at any time* during the reclamation process.

17.    The Debtors propose that vendors provide full explanations and all supporting documentation, while the Debtors make perfunctory objections (or just reserve them), provide no documentation, and then schedule a hearing on twenty (20) days' notice.

18.    Vendors, and the Debtors, should be entitled to take discovery immediately after the Debtors submit the Statement of Reclamation. That will enable the Debtors to prepare the Statement of Reclamation without distraction, while preserving the vendors' rights to discovery and making sure that the process is not further delayed.

### E.    Unnecessary Delay In Resolving Disputed Claims

19.    The Motion provides an additional sixty (60) days (after the initial one hundred twenty (120) days for the Statement of Reclamation) for consensual resolution of disputed Reclamation Claims. Accordingly, the Debtors' proposed procedures establish a two hundred and forty (240) day period for consensual resolution of Reclamation Claims.

20.    There is no need for an additional sixty (60) day period to resolve disputed Reclamation Claims after the Debtors provide their Statement of Reclamation. In certain instances, the parties may quickly reach an agreement. In other instances, the parties may agree to negotiate for some period before commencing litigation if it appears that a settlement is possible. In some instances, however, it may be apparent that no resolution will be reached

WILLIB-41651.1-JBLORD

between the Debtors and vendors. In those instances, the parties should not have to wait an additional sixty (60) days to file a motion with this Court for a determination of the proper amount of the Reclamation Claim.

**F.      Improper Unilateral Right To File Motion To Resolve Disputed Reclamation Claims**

21.      The Debtors propose to have the unilateral right to file a motion to resolve any disputed Reclamation Claim. That is unfair and there is no legal basis to strip vendors of their access to this Court. The Debtors do not hold the key to the Bankruptcy Court. The Debtors should not have the unilateral right to file – or refuse to file – a motion to determine a disputed reclamation. Rather, the Debtor or the vendor should be able to file the appropriate motion to determine the amount of a Reclamation Claim.

**G.      Improper Treatment Of Reclamation Claims**

1.      Product Returns

22.      The Debtors propose that this Court authorize them, "at any point in these Reclamation Procedures to satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the goods at issue available for pick-up by the Vendor or Dissenting Vendor." See Motion at ¶ 31(d)(i). Thus, the Debtors propose that they be entitled to return product "at any point" – even a year or more after the Petition Date – in satisfaction of a reclamation demand.

23.      The Debtors should be required to return produce to a vendor within thirty (30) days after the Petition Date. In addition, the Debtors right to do so should be conditioned upon (i) compliance with a vendor's return policies and procedures and (ii) the vendor's ability to re-sell the product to be returned. The Debtors, who seek to delay the reclamation process for an unreasonable time, should not be permitted to return product that has become spoiled or incapable of being resold due to the delay requested by the Debtors.

7

2.      Attempt to Strip Vendors of Right to Seek Liens

24.     The Debtors propose that this Court establish the proposed reclamation procedures as the "sole and exclusive method permitted with respect to the resolution and payment of Reclamations Claims." See Motion at ¶ 36.

25.     Through their request for exclusivity of the proposed procedures, which provide *only* administrative expense priority for Reclamation Claims, the Debtors seek to exercise this Court's judicial power.  This Court, not the Debtors, should determine whether vendors should receive an administrative expense claim under Section 546(c)(2)(A) of the Bankruptcy Code or a lien under Section 546(c)(2)(B).

26.     This Court should not permit the Debtors under a guise of establishing procedures to eliminate the vendors' substantive right to seek a lien under Section 546(c)(2)(B).

27.     At this stage of the process, there is no basis for this Court to determine that reclamation claimants are foreclosed form obtaining a lien for their Reclamation Claims.  No one can predict with certainty how the Debtors' bankruptcy cases will conclude.  In fact, the Debtors admit that their financial condition has continued to erode notwithstanding the implementation of a new business plan and drastic expense reductions.  See Motion at ¶¶ 13-19.  The Debtors' bankruptcy cases may end up administratively insolvent and in liquidation.  In those instances, awarding an administrative expense claim to the vendors will be of little value.  To the extent that the Debtors will have sold the vendors' products and reaped the benefits of those sales, the vendors should receive a meaningful priority for their Reclamation Claims, which may be afforded only through a lien under Section 546(c)(2)(B).

WILLIB-41651.1-JBLORD

3.     Payment Terms

28.     Even assuming, *arguendo*, that vendors are only entitled to an administrative expense claim for their Reclamation Claims, the Debtors' proposed payment of those administrative expense claims is deficient.

29.     The Debtors propose to pay Allowed Reclamation Claims "pursuant to a confirmed plan." See Motion at ¶ 31(d)(ii). The proposed payment terms are both incomplete and unfair.

30.     First of all, there is certainly a realistic possibility that the Debtors' financial freefall will continue notwithstanding the implementation of yet another business plan. The Debtors may not be able to confirm a plan of reorganization. If the Debtors' cases are converted to chapter 7 cases, there will be no plan. The proposed procedures do not provide for payment of Reclamation Claims as administrative expenses other than under a plan. So, for example, if the cases are converted to chapter 7 bankruptcy cases, the administrative expense claims of reclamation vendors would not get paid. There is no legal basis for that limitation.

31.     Secondly, even if the Debtors are able to confirm a plan, there is no indication how long it will take for the Debtors to file a plan, let alone confirm it.

32.     To the extent that reclamation claimants are granted an administrative expense claims, such claims should be paid promptly. The Debtors will have sold the vendors' goods and received prompt payment from their customers well before confirmation. The vendors too should receive prompt consideration for the product provided to the Debtors.

33.     Thirdly, the proposed defeasible nature of the payments to reclamation vendors is both prejudicial and nonsensical. The Debtors propose to reserve defenses - *even after* a Reclamation Claim has been paid – until the earlier of the effective date of a plan or one

9

year after payment of the Reclamation Claim.  <u>See</u> Motion at ¶ 32.  Worse yet, the Debtors

propose that they be entitled to seek a Court order further extending that time period.  <u>See</u>

Motion at ¶ 32.  If this Court were to approve that provision, then there will be no effective

resolution of Reclamation Claims.  Rather, the Debtors and the vendors will be in the same place

that they are now after a delay of approximately one and one-half to two years (at least).

Vendors will be forced to file motions for a determination of their allowed Reclamation Claims –

otherwise, the vendors will have no finality.

34.     If the Debtors truly seek to "avoid unnecessary litigation costs," <u>see</u>

Motion at ¶ 37, all payments to the reclamation vendors need to be final.  Otherwise, litigation is

certain, just delayed.

**H.      Prejudice To Reclamation Claimants Due To Debtors' Delay**

35.     The Debtors have sought to institute reclamation procedures to give them

time to deal with reclamation claims without litigation.  Any procedures should provide that the

Debtors shall not assert any defenses to reclamation claims arising after the Petition Date (when

the Motion was filed) while the reclamation claimants have been forestalled from enforcing their

reclamation rights.

**Waiver Of Memorandum Of Law**

36.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of

New York, Del Monte respectfully requests that the Court waive the requirements that Del

Monte file a memorandum of law in support of this Objection because there are no novel issues

of law presented in the Motion or in this Objection.

WILLIB-41651.1-JBLORD

## CONCLUSION

For the foregoing reasons, Del Monte requests that this Court enter an Order

(i) denying the Motion and (ii) granting such further relief to Del Monte as is appropriate.

Dated:  March 10, 2005    REED SMITH LLP
   New York, New York

        By: /s/ Elena P. Lazarou
          Elena P. Lazarou, Esq. (EL-5681)
          599 Lexington Avenue, 27th Floor
          New York, New York 10022
          Telephone:  (212) 521-5400
          Facsimile: (212) 521-5450
          E-mail: elazarou@reedsmith.com

          and

          Kurt F. Gwynne, Esq. (DE No. 3951)
          1201 N. Market Street
          Wilmington, DE 19801
          Telephone:  (302) 778-7550
          Facsimile: (302) 778-7577

          Counsel for Del Monte Corporation

WILLIB-41651.1-JBLORD