Hearing Date and Time: March 15, 2005 @ 10:00 a.m.<br>
Objection Deadline: March 10, 2005 @ 4:00 pm (pursuant to agreement)

HAYNES AND BOONE, LLP
399 Park Avenue
New York, NY 10022-4614
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Judith Elkin (JE-4112)

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Facsimile: (214) 200-0486
Stacey Jernigan (TX-10652200), pro hac vice motion pending
Mark Elmore (TX-24036523), pro hac vice motion pending

Attorneys for Front End Services Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
------------------------------------------------------------x

**LIMITED OBJECTION BY VENDOR, FRONT END SERVICES CORPORATION,
TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING RETURN OF GOODS
PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING PROCEDURES FOR
TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING
<u>THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS</u>**

Front End Services Corporation ("FES"), a vendor of the Debtors, files this Limited

Objection to the Debtors' Motion for Order (A) Authorizing Return of Goods Pursuant to

11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and

1326204.1

(C) Prohibiting Third Parties from Interfering with Delivery of Goods (the "Reclamation Motion") and, in support of same, represents as follows:

1.      FES is a vendor to the Debtors who supplied goods (U.S. postage stamps) for resale in Winn-Dixie Stores. FES has a claim in this case in the amount of $726,680, on account of product the Debtors purchased from FES prepetition, and for which Debtors never remitted payment. Of this amount, the Debtors received goods from FES having a value of $631,220 in the 10 days prior to the February 21, 2005 Petition Date, with regard to which FES made a timely proper reclamation demand on February 23, 2005.

2.      FES has no opposition to most of the general procedures proposed in the Reclamation Motion, the general intent and spirit of which appears to be to preserve the status quo of all parties with regard to reclamation rights; permit the Debtors to keep and sell, if it so chooses, any identifiable goods subject to valid reclamation rights and a timely demand, pursuant to 11 U.S.C. § 546(g) and state law ("Reclaimable Goods"); and grant parties with valid reclamation rights an administrative expense claim in the amount of Reclaimable Goods not returned by the Debtors. However, FES objects to the form of procedures proposed by the Debtors in one respect: without segregation of proceeds of Reclaimable Goods, or other measures in place to allow parties to identify and trace any proceeds from their Reclaimable Goods at a future point down the road, a reclamation claimant is vulnerable to an argument or defense by the Debtors in the future that the reclamation claim is not, in fact, entitled to the administrative claim it expected to be granted because the reclamation claimant cannot identify traceable proceeds from its Reclaimable Goods and, thus, one cannot assume its proceeds were not otherwise used to pay a prior perfected secured lender with rights in the Reclaimable Goods and/or such proceeds are not otherwise "gone."

3.      In the case of a vendor like FES who is the only supplier of an easily identifiable product (FES is the only vendor who supplies Winn-Dixie with U.S. postage stamps for resale in its stores) this would be a particularly harsh result where, at the time Debtors received its reclamation demand, it would have been very easy for the Debtors to identify the exact goods that were subject to the FES' reclamation demand (*i.e.,* FES' Reclaimable Goods).  U.S. postage stamps could not be easily confused or commingled with green beans.

4.      FES has proposed the following language to be added to the proposed form of Reclamation Order to easily resolve this Limited Objection.  In the 6th decretal paragraph, in which the Debtors are deemed to have waived various defenses to Vendors' Reclamation Claims, such as a Vendor's failure to take "self help" measures or failure to institute an adversary proceeding, the Debtor should add the following language as a new item **(c):  "the failure of the Vendor to be able to identify traceable proceeds from the Goods it sold."**

5.      FES submits the above language, or something substantially similar, is needed to truly preserve the status quo and to truly give credibility to a proposed administrative expense claim.  Otherwise, the Debtors (or others) may argue in the future that the goods have been sold, the proceeds of the goods are not identifiable, and thus, there is "nothing there" in which reclamation claimants have special rights and reclamation claimants should be treated as mere nonpriority unsecured creditors.  Absent this language, and/or unless the Debtors wish to propose some sort of segregation/tracing method (which presumably would be highly impractical), the status quo or rights of reclamation claimants do not seem genuinely protected by the Reclamation Motion and proposed order.

Dated: March 10, 2005.

    /s/ Judith Elkin
HAYNES AND BOONE, L.L.P.
Judith Elkin (JE-4112)
399 Park Avenue
New York, NY 10022-4614
Telephone: (212) 659-7300
Facsimile: (212) 918-8989

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Facsimile: (214) 200-0486
Stacey Jernigan (TX-10652200), pro hac vice motion pending
Mark Elmore (TX 24036523), pro hac vice motion pending

COUNSEL FOR FRONT END SERVICES CORPORATION

## CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing Objection was served on the parties identified on the attached service list by United States mail, first class postage prepaid, on March 10, 2005.

/s/ Judith Elkin
Judith Elkin

**SERVICE LIST**

D. J. Baker
Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
Counsel for Debtors

Sarah Robinson Borders
King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303
Co-Counsel for Debtors

Richard C. Morrissey
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Dennis F. Dunne
Matthew S. Barr
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
Counsel for Official Unsecured Creditors' Committee

Jonathan N. Helfat
Richard G. Haddad
Daniel F. Fiorillo
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10160
Counsel for Wachovia Bank, N.A.

Steven J. Reisman
Curist, Mallet-Prevost, Colt & Mosle, LLP
101 Park Avenue
New York, NY 10178-0061
Counsel for Wilmington Trust Company as Indenture Trustee

Steven M. Cimalore
Wilmington Trust Company
1100 North Market Street
Rodney Square North
Wilmington, DE 19890

6

1324580-3