# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Fleming Companies, Inc., et al.,[1] | ) | Case No. 03-10945 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Related Docket No. 12

### ORDER REQUIRING SEGREGATION OF FUNDS TO COVER CERTAIN PACA CLAIMS AND AUTHORIZING PROCEDURE FOR RECONCILIATION AND PAYMENT OF VALID CLAIMS UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT AND THE PACKERS AND STOCKYARD ACT

Upon the Motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors") seeking entry of an Order authorizing the Debtors to establish procedures for determining the extent, validity, and priority of pre-petition claims (collectively referred to as "Claims," and holders of Claims are referred to as "Claimants") under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499e(c) ("PACA"), the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. § 196(b) ("PASA"), and similar state statutes and authorizing the Debtors to pay Valid Claims (as defined in paragraph 10(f) below); and the Court having conducted a hearing on the Motion on April 21, 2003 to consider the objections and testimony pertaining thereto; and due and

---

[1] The Debtors are the following entities: Core-Mark International, Inc.; Fleming Companies, Inc.; ABCO Food Group, Inc.; ABCO Markets, Inc.; ABCO Realty Corp.; ASI Office Automation, Inc.; C/M Products, Inc.; Core-Mark Interrelated Companies, Inc.; Core-Mark Mid-Continent, Inc.; Dunigan Fuels, Inc.; Favar Concepts, Ltd.; Fleming Foods Management Co., L.L.C.; Fleming Foods of Texas, L.P.; Fleming International, Ltd.; Fleming Supermarkets of Florida, Inc.; Fleming Transportation Service, Inc.; Food 4 Less Beverage Company, Inc.; Fuelserv, Inc.; General Acceptance Corporation; Head Distributing Company; Marquise Ventures Company, Inc.; Minter-Weisman Co.; Piggly Wiggly Company; Progressive Realty, Inc.; Rainbow Food Group, Inc.; Retail Investments, Inc.; Retail Supermarkets, Inc.; RFS Marketing Services, Inc.; and Richmar Foods, Inc.

[2] Capitalized terms not otherwise defined in this Order have the meaning ascribed to such terms in the Motion.

adequate notice of the Motion having been given under the circumstances; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and after due deliberation by this Court (the "Bankruptcy Court") and cause appearing therefor; it is hereby ordered as follows:

1. The Motion is granted as modified by this Order. [handwritten: as sustained hereby]

2. All objections to the Motion, to the extent not previously withdrawn are overruled.

## SEGREGATION OF TRUST ASSETS

3. On or before 5:00 p.m. EDT, Friday, April 25, 2003, the Debtors shall establish a segregated, interest-bearing trust account (the "Segregated Trust") and shall cause the Segregated Trust to be funded in the amount of $26 million (the "Funding Level").

4. The funds on deposit in the Segregated Trust must be used to pay Valid PACA Claims, and may not be withdrawn, except as otherwise provided for in this Order, for any other purposes without further order of this Court.

5. The Funding Level shall be reduced by the amount of any payments by the Debtors to holders of Valid PACA Claims.

6. In the event that the PACA Report or Supplemental PACA Reports (as defined in paragraphs 10(a) and 10(b) below, collectively the "Reports"), indicate that the dollar amount of unpaid Valid PACA Claims plus (a) the asserted dollar amount of any PACA Claims listed on any of the Reports as invalid and subject to a Debtor Objection or a Non-Debtor Objection (as defined in paragaphs 10(a) and 10(c) below) and (b) the asserted dollar amount of any PACA Claims that have not been reconciled, is in excess of the Funding Level of the Segregated Trust on the PACA Report Date or Supplemental PACA Report Date (the "Segregated Trust Shortfall"), the Debtors

shall, within 5 business days, make such transfers to the Segregated Trust as are necessary to increase the Funding Level of the Segregated Trust to eliminate any Segregated Trust Shortfall.

7.  In the event that any Report indicates that the dollar amount of unpaid Valid PACA Claims is less than the Funding Level of the Segregated Trust on the PACA Report Date or Supplemental PACA Report Date (the "Segregated Trust Excess"), the Debtors, following the Objection Deadline (as defined in paragraph 10(c) below) may, without further Court Order, reduce the Funding Level of the Segregated Trust by the amount of the Segregated Trust Excess less (a) the asserted dollar amount of any PACA Claims listed on any of the Reports as invalid and to which either a Debtor Objection or a Non-Debtor Objection is pending, and less (b) the asserted dollar amount of any PACA Claims that have not been reconciled.

8.  None of the Debtors' assets shall be subject to any trust in favor of the Claimants on account of their PACA Claims to the extent of the funding of the Segregated Trust pursuant to paragraphs 3, 6 and/or 7 of this Order.

### PROCEDURE FOR RECONCILIATION AND PAYMENT OF CLAIMS

9.  Each Claimant may, in order to expedite reconciliation and payment, to the extent such Claimant has not already provided such documentation, provide Debtors with a summary of its PACA Claim sufficient to identify the transactions ("Claim Summary") in electronic format, if available, by 5:00 p.m. EDT May 6, 2003. Information in electronic format should be sent via e-mail to Charles A. Cipione of AlixPartners, LLC at ccipione@alixpartners.com. The Claim Summary may be sent in hard-copy format to Fleming Companies, Inc., Attn: Charles A. Cipione, 1945 Lakepoint Drive, Lewisville, Texas 75057.[3] The failure to provide a Claim

---

[3] Information in electronic format is preferred as, in most cases, the Debtors will be able to review information in such format more quickly than information provided in hard copy.

Summary will not bar any PACA Claim; provided, however, the Debtors reserve the right to argue, as provided in paragraph 17, that they should not be required to maintain the Funding Level of the Segregated Trust for PACA Claims for which the information necessary to evaluate such PACA Claims has not been provided and the Claimants reserve the right to contest such arguments.

10. The Debtors shall employ the following procedures to determine the validity of PACA Claims and the Claimants' right to payment of Valid PACA Claims:

a. On or before June 16, 2003 (the "PACA Report Date"), unless extended by agreement of the the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the Debtors' post-petition lenders (the "Lenders"), and counsel for certain PACA Claimants ("PACA Counsel,"[4] and collectively with the Creditors' Committee and the Lenders, "Parties in Interest") or further order of this Court, the Debtors shall file and serve, on notice to Parties in Interest and those Claimants listed therein not represented by PACA Counsel, a report (the "PACA Report") listing (i) PACA Claims, if any, and the amount thereof which, after good faith review and evaluation, are deemed valid and entitled to payment in accordance with applicable law, (ii) PACA Claims, or any portion thereof, deemed disputed or invalid according to applicable law and stating in detail the legal or factual basis for the such listing (a "Debtor Objection"), (iii) PACA Claims that have not been reconciled by the Debtors; and (iv) PACA Claims that have been paid prior to the filing of the PACA Report (collectively, the "Report Contents").

---

[4] The PACA Counsel consists of: Bruce Akerley, Bell Nunnally & Martin, LLP; Jeffrey M. Chebot, Whiteman, Bankes & Chebot, LLC; Grant E. Courtney, Lane Powell; Richard H. Cross, Jr., Law Offices of Richard H. Cross, Jr., LLC; William W. Erhart; Terry E. Hall, Baker & Daniels; Michael J. Keaton, Keaton & Associates, P.C.; Hartley B. Martyn, Martyn & Associates; Stephen P. McCarron, McCarron & Diess; Gretchen McCord, Nathan Sommers; Daniel McDaniel, Nomellini, Grilli & McDaniel; Lawrence H. Meuers, Meuers Law Firm, P.L.; John C. Phillips, Jr., Phillips, Goldman & Spence, PA; Patricia J. Rynn, Rynn & Janowsky; Craig A. Stokes, Concepcion, Rojas & Santos LLP; and Duane D. Werb, Werb & Sullivan.

  b. The Debtors shall also file supplemental PACA Reports (the "Supplemental PACA Reports"), each 30 days (each a "Supplemental PACA Report Date") after filing the PACA Report,[5] and shall include in such Supplemental PACA Reports, in addition to the Report Contents, a listing of (i) PACA Claims that remain unpaid; (ii) PACA Claims subject to a previous Objection (as defined in paragraph 10(c)) that have not been resolved; (iii) Objections resolved since the previous Report; (iv) PACA Claims asserted since the filing of the previous Report ("New PACA Claim[s]") and the status of the Debtor's review of those Claims; and (v) Objections, if any, to New PACA Claims. The Debtors shall continue to file Supplemental PACA Reports, as necessary, until all Valid PACA Claims have been paid and all Objections have been resolved.

  c. All non-Debtor parties shall have 10 calendar days from the filing of any Report (the "Objection Deadline") to file and serve, on notice to Parties in Interest, an objection (a "Non-Debtor Objection," and collectively with Debtor Objection, "Objection") to the amount or validity of any asserted PACA Claim in such Report. Such Non-Debtor Objection must provide evidence or documentation demonstrating the basis for the dispute, including a statement identifying which information on the Report is incorrect, specifying the correct information, and stating in detail any legal or factual basis for the Non-Debtor Objection.

---

[5] The Debtors may file additional Supplemental Reports ("Intermediate Reports") during the 30-day period between Supplemental Reports if agreed to by the Creditors' Committee and Lenders. In the event that the Debtors file an Intermediate Report, the Debtors will, in addition to providing the notice and an opportunity to respond that is required by the filing of a Supplemental Report, provide notice of such Intermediate Report to PACA Counsel. Only PACA Claimants that are affected by such Intermediate Report and that disagree with the treatment of their PACA Claims in such Intermediate Report need to file Objections. The Supplemental Objection Deadline for other Claimants shall not be affected by the filing of any Intermediate Reports not affecting their respective PACA Claims.

d. On or before 10 calendar days following the Objection Deadline, any Claimant listed in such Reports who disputes the treatment of its PACA Claim may file and serve, on notice to Parties in Interest and counsel for the objecting party, a response (a "Response") to: (i) an Objection to its PACA Claim; or (ii) the amount or validity of its PACA Claim; and must provide a detailed basis for the Response, including a verified statement identifying which information on the Report is incorrect and stating any legal or factual basis for the Response.

e. A PACA Claim, or any portion thereof, listed on any Report and subject to an Objection will be deemed disallowed without further order of this Court (a "Disallowed PACA Claim") if an Objection was timely filed and the Claimant fails to file and serve a timely Response.

f. A PACA Claim, or any portion thereof, listed as valid in any Report, and to which no Objection has been asserted prior to the Objection Deadline shall be deemed a valid claim without further order of this Court ("Valid PACA Claim") and such determination shall be final and binding on all parties.

g. With respect to PACA Claims, including those portions of a PACA Claim which are subject to an Objection, the Debtors and the objecting party shall exercise best efforts to resolve such dispute. In the event such dispute is resolved, the Debtors shall promptly provide notice of the settlement (a "Settlement") to Parties in Interest and counsel for the applicable Claimant (the "Settlement Notice"). In the event that the Settlement provides for a PACA Claim in an amount equal to or less than the amount at which such Claim was listed in the applicable Report, upon sending the Settlement Notice, the applicable PACA Claim shall be deemed a Valid PACA Claim in the dollar amount listed in the Settlement Notice without

further order of the Court. However, in the event that the Settlement provides for a PACA Claim amount greater than the amount at which the Claim was listed in the applicable Report, all non-Debtor parties shall have 5 business days to assert an Objection (the "Settlement Objection Deadline") to such Settlement. If no Objection is asserted prior to the expiration of the Settlement Objection Deadline, the applicable PACA Claim shall be deemed a Valid PACA Claim in the amount listed in the Settlement Notice. If an Objection is timely asserted, the PACA Claim that is the subject of the Settlement shall only be deemed a Valid Claim pursuant to such Settlement upon a withdrawal of the Objection or further order of the Court.

   h. Notwithstanding anything contained in paragraph 10(g), at any time following the Objection Deadline, any Claimant with a Claim that is the subject of a pending Objection may file a motion, or commence an action, for determination of the validity, amount or priority of its alleged Claim against any party.

   i. In order for a Claimant with a Claim that was not listed in a Report ("Fully Omitted Claim[s]") or with a portion of its Claim that was omitted from a Report ("Partially Omitted Claim[s]" and collectively with the Partially Omitted Claims, the "Omitted Claim[s]") to enforce its Omitted Claim it must assert a New Claim by providing Debtors with a Claim Summary. Upon the assertion of a New Claim, the New Claim will be treated as a Claim under this Order and will be governed by this Order. Any Omitted Claim that is not asserted on or before the prepetition claims bar date established by this Court will be deemed a Disallowed PACA Claim (as defined in paragraph 10(e) above). Any New Claim that is asserted at least 14 days prior to a Supplemental PACA Report Date will be listed on the next Supplemental Report (the

"Next Report") and a New PACA Claim that is asserted less than 14 days prior to a Supplemental PACA Report Date shall, to the extent not listed in the Next Report, be listed on the next Supplemental PACA Report that is filed after the Next Report. If the Debtors fail to list a New PACA Claim in the applicable Report, the Claimant holding the New PACA Claim may file a motion, or commence an action, for determination of the validity, amount or priority of such alleged New PACA Claim against any party.

j.  If the Debtors file and serve the PACA Report on or before the PACA Report Date and make the payments set forth in paragraph 11 or 12 below, all Claimants, except as provided in paragraph 10(h) and 10(i), are precluded, unless the Debtors consent in writing, from taking any action to enforce such PACA Claim that is inconsistent with this Order.

k.  If the Debtors do not file the PACA Report by the PACA Report Date any Claimant may take any legal action against the Debtors or any third party to obtain payment of its PACA Claim. If the Debtors fail to make a payment required by paragraphs 11 or 12 below to any Claimant, such Claimant may, likewise, take any legal action against the Debtors or any third party to obtain payment on its PACA Claim[6].

11.  The Debtors shall pay Valid PACA Claims out of the Segregated Trust 10 calendar days after such PACA Claims are determined to be Valid PACA Claims. In the event of a dispute as to the validity of only a portion of a PACA Claim, the undisputed portion of the Claim shall be paid as set forth herein.

---

[6] The Claimants reserve their right under paragraphs 10(h) and 10(i) of this Order to proceed in a court other than the Bankruptcy Court and the Debtors reserve all rights including the right to contest such proceedings and/or to contest that such proceedings may be brought in a court other than the Bankruptcy Court.

12. Notwithstanding any of the requirements set forth in this Order, the Debtors are authorized to enter into separate arrangements with Claimants that can provide for the early reconciliation and payment of [PACA] Claims. The Debtors shall provide notice of such arrangement and the amount of the [PACA] Claim to the Creditors' Committee and the Lenders. If the Creditors' Committee and the Lenders do not object within five business days of receiving such notice, unless such notice is waived or shortened by the Creditors' Committee and the Lenders, the [PACA] Claim shall be deemed a Valid [PACA] Claim and the Debtors are authorized to pay such Valid [PACA] Claims without further order of the Court.

13. Any Claimant who receives payment or other satisfaction from the Debtors on account of a Valid [PACA] Claim pursuant to this Order shall be deemed to have waived any and all claims, of whatever type, kind or priority against (a) the Debtors, (b) their property and estates, (c) their directors and officers, and (d) any funds and other property held in trust by the Debtors that do not constitute "property of the estate," but only to the extent that payment has been received for invoices or goods, or portions thereof, included in such Valid [PACA] Claim.

14. Partially Omitted [PACA] Claims and Omitted [PACA] Claims shall not be affected by this Order, or deemed waived, compromised, barred, abandoned, released, or otherwise disposed of except as provided in paragraph 10(i) of this Order.

15. Nothing contained in this Order shall constitute a waiver by (a) any Claimant of the right to seek interest, costs or attorney's fees on account of its [PACA] Claim, (b) any Claimant of the right to seek payment of a Disallowed PACA Claim by means other than as provided by PACA, PASA or similar state statutes or (c) by the Debtors or any other party to contest or otherwise object to any such claims or efforts to collect the same.

16. This Court shall retain jurisdiction over the Debtors and any and all Claimants with respect to any Objections arising from or related to the Motion, the implementation or modification of this Order or the validity of any PACA Claims.

17. A status conference shall be held on May 19, 2003, at 12:30 p.m., EDT to discuss the Debtors' preparation of the PACA Report and to discuss the Debtors' continuing need to maintain the Funding Level of the Segregated Trust for PACA Claims for which the information necessary to evaluate such PACA Claims has not been provided. If the Debtors intend to request that the Court reduce their requirement to fund the Segregated Trust for the asserted amount of a given PACA Claim, the Debtors will provide notice of such intent to the applicable Claimant, the Creditors Committee, the Lenders, the U.S. Trustee, PACA Counsel, and the Court on or before May 12, 2003.

Dated: May 6, 2003
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge