DLA PIPER RUDNICK GRAY CARY US LLP         Return Date:  March 10, 2005
6225 Smith Avenue                                                              4:00 p.m.
Baltimore, Maryland 21209                           Hearing Date: March 15, 2005
Telephone:  (410) 580-3000                                              10:00 a.m.
Facsimile:  (410) 580-3001
Mark J. Friedman (MF-8849)
Email: *mark.friedman@dlapiper.com*

Attorneys for The Clorox Sales Co.; ConAgra Foods, Inc.;
Conopco, Inc.; [1]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x
In re                                                              :
                                                                      :          **Chapter 11**
                                                                      :
**WINN-DIXIE STORES, INC., et al.,**            :          **Case No. 05-11063 (RDD)**
                                                                      :
                        **Debtors.**                        :          **(Jointly Administered)**
------------------------------------------------------------- x

**LIMITED OBJECTION TO MOTION FOR ORDER (A) AUTHORIZING RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS AND JOINDER IN OBJECTIONS OF BOTTLING GROUP LLC, ET AL. (DKT. 221); MT. OLIVE PICKLE COMPANY, INC. (DKT. 217) AND DEL MONTE CORPORATION**

The Clorox Sales Co., ConAgra Foods, Inc., Conopco, Inc., Frito-Lay, Inc., General

Mills Inc., Kraft Foods Global, Inc., Masterfoods, a division of Mars, Inc., The Procter &

Gamble Distributing Co., The Quaker Oats Company, Sara Lee Corporation, Sara Lee Bakery

Group, a division of Sara Lee Corporation and S. C. Johnson & Son, Inc. (hereinafter the "Trade

Vendors") object to the Motion for Order (A) Authorizing Return of Goods Pursuant to 11

---

[1]    The other parties being represented by above-counsel include:  Frito-Lay, Inc.; General Mills Inc.; Kraft Foods Global, Inc.; Masterfoods, a division of Mars, Inc.; The Procter & Gamble Distributing Co.; The Quaker Oats Company; Sara Lee Corporation; Sara Lee Bakery Group, a division of Sara Lee Corporation; S. C. Johnson & Son, Inc.

U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties From Interfering With Delivery of Goods (Dkt. 21) (the "Motion").

The Motion creates expectations that reclamation claims will be consensually resolved over the next nine (9) months and that the holders of reclamation claims will, on or before the effective date of a plan, receive consideration on account of such claims in the form of payment as an administrative expense or the return of goods.  See e.g., Motion ¶¶20, 26, 27, 30, 37, 40, 42.  The Debtors apparently hope, and anticipate, that the creation of these expectations will, among other things, enable them to avoid litigation with their vendors and foster the continuance or resumption of "normal" business operations and relationships with such vendors.  Id. at ¶¶26, 27, 30, 40, 41.

In paragraph 34 of the Motion (and in the tenth decretal paragraph of the Interim Order (as hereinafter defined); however, the Debtors seek to have vendors "deemed to agree" that notwithstanding allowances and payment of a Reclamation Claim, the Debtors will retain the ability to assert "any defense to the value of a Reclamation Claim based upon the existence of a prior perfected lien on the Goods" (the "Valueless Defense"), apparently even after the effective date of a plan.  If this approach is adopted:  (i) reclamation claimants could participate in a nine (9) month plus process to reconcile and liquidate their reclamation claims only to have the Debtors – or some other party – challenge those liquidated claims as having no value and thus, contrary to the expectations created in the Motion, no entitlement to payment as an administrative expense; (ii) to the extent that reclamation claimants receive payments or returns of goods prior to the resolution of such challenge, they may be subject to claims for repayment; and (iii) to the extent that the resolution of such challenge occurs in conjunction with or

subsequent to the confirmation of a plan, reclamation claimants may, as a practical matter have no appellate recourse in the event the challenge is successful.

The Trade Vendors have already had this experience (in <u>In re Fleming Companies, Inc.</u> Chapter 11 case cited in paragraph 44 of the Motion).  There the reconciliation process proved to be essentially a delaying tactic which generated substantial cost for both the Debtors and the Trade Vendors and spawned related litigation with respect to post petition re-financing and distributions to prepetition lenders, as well as the commencement of more than six hundred (600) adversary proceedings.  The Trade Vendors seek to avoid a similar situation in this case.  The simplest solution – and one that could be expected to accomplish the Debtors' goals of avoiding litigation and fostering "normal" business operations and relationships with their vendors – would be a waiver of the "Valueless Defense" which has been proposed in the Limited Objection of Mount Olive Pickle Company, Inc. (Dkt. 217).  Alternatively, the Debtors should be required to forthwith disclose whether they intend to assert the "Valueless Defense" so that appropriate proceedings can be commenced to obtain a ruling on its applicability in this case.

An orderly procedure to address reclamation claims is desirable, but the procedure must fairly balance the rights and interests of both reclamation claimants and the Debtors and provide a mechanism for a true final resolution of reclamation claims.  Specific issues with respect to the provisions of the Debtors' proposed procedures are addressed below in the order in which the objectionable provision appears in the Order (A) Authorizing, on an Interim Basis, Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing, on an Interim Basis, Procedures for Treatment of Reclamation Claims, and (c) Prohibiting Third Parties from Interfering with

Delivery of Goods (Dkt. 98) (the "Interim Order") dated February 23, 2005.[2] The Trade Vendors also join in the Objections to the Motion filed by the "Pepsi Bottlers" (Bottling Group LLC, Pepsi Americas, Inc. and 14 other bottlers of Pepsi products) (Dkt. 221); Mt. Olive Pickle Company, Inc. (Dkt. 217) and Del Monte Corporation (expected to be filed contemporaneously herewith). The Trade Vendors also incorporate by reference their Objection to Debtors' Emergency Motion for Authorization to Obtain Post Petition Financing and Utilize Cash Collateral (Dkt. 12) to be filed. In support, the Trade Vendors state as follows:

**Background**

1.      On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2.      Prior to the Petition Date, the Trade Vendors sold goods to the Debtors on credit. As of the Petition Date, the Debtors were indebted to the Trade Vendors in the aggregate in excess of $44 million (current estimate), a substantial amount which is reflected on the Debtors' List of 40 Largest Trade Creditors filed with the Voluntary Petition (Dkt. 1). Pursuant to applicable statutory or common law, including Section 2-702 of the Uniform Commercial Code and/or Section 546(c) of the Bankruptcy Code, the Trade Vendors timely exercised their right to reclaim goods from the Debtors. The resulting reclamation claims of the Trade Vendors (current estimate in excess of $22 million) make up a significant portion of the Debtors' prepetition indebtedness (as currently estimated) to the Trade Vendors.

---

[2] Hereinafter the capitalized terms unless otherwise defined will have the meanings ascribed to them in the Interim Order.

3.      On the Petition Date, the Debtors filed the Motion seeking to establish certain procedures for the reconciliation and treatment of Reclamation Claims on an interim and final basis.  After a hearing, the Interim Order was entered as part of the first day orders.  A final hearing on the Motion was set for March 4, 2005 (now adjourned until March 15, 2005) and the response date for the Trade Vendors extended until March 10, 2005.

### Specific Objections

4.      The Trade Vendors object to any further authorization for the Debtors to return Goods under Section 546(g) of the Bankruptcy Code beyond the period covered by the Interim Order.  Any final order should not provide any authorization under Section 546(g) for the return of Goods delivered in the 10 days prepetition that were not returned during the application of the Interim Order.  Any Goods that the Debtors intended to return or were appropriate for return to the Vendor should have been returned before the entry of any final order.

5.      The Trade Vendors object to being deprived unilaterally of their lien rights through imposition of these procedures.  The Trade Vendors should not be required at this early juncture to forego the possibility of a lien for Reclamation Claims without having had the opportunity to consider and pursue such relief.  Accordingly, any final order in providing for administrative expense treatment for a Reclamation Claim should further provide that nothing in the final order shall preclude the establishment of a lien for Reclamation Claims upon further order of the Court.

6.      Further, any final order should provide that the rights and remedies available to the Trade Vendors should be preserved as they existed on the earlier of the demand date or the Petition Date except as otherwise provided in the final order.  Consequently, the Debtors' waiver of defenses (decretal paragraph 6 of the Interim Order, page 3) should be clarified in any final

order to state that all defenses arising after the earlier of the reclamation demand or the Petition Date are waived, including those specified in clause (a) and (b).  In addition, the final order should specify that the rights of the Trade Vendors will not be prejudiced or adversely affected by, among other things, (i) post-petition financing and liens that were granted to secure such financing; (ii) sales or other disposition of Goods subject to Reclamation Demands; and (iii) application of sale proceeds to reduce debt or for any other purpose.

7.    The Reclamation Procedures must be internally consistent in any final order and be consistent with applicable law.  For example, the Reclamation Demand required by the procedures should be in accordance with applicable law.  Decretal paragraph five (page 3 of the Interim Order) establishes a demand procedure consistent with applicable law.  The Reclamation Demands Subsection (a) subpart (ii) (decretal paragraph 7 of the Interim Order, page 4) is inconsistent with decretal paragraph 5 and applicable law, thus it should be omitted from any final order.  The final order should simply provide that a timely Reclamation Demand must be in accordance with Applicable Law and cross reference the fifth decretal paragraph of the Interim Order.  Moreover, it should be made clear that Reclamation Claims include, and the Reclamation Procedures apply equally to, Reclamation Demands made to the Debtors prepetition as well as post petition.

8.    The Trade Vendors object to the procedure outlined in the Statement of Reclamation, in particular, subsection (b) subpart (ii), regarding the "Reserved Defenses" (beginning on page 4 of the Interim Order).  The Debtors should be required to assert and to begin prosecution of the Valueless Defense (and any such similar defense) within 30 days of the final order or have such defense be deemed waived.  The Trade Vendors should not be required to wait for 120 days (or such later period the Debtors may request) to be apprised through the

Statement of Reclamation of the Debtors' reservation of the Valueless Defense only to have it litigated sometime later.  It is a waste of resources to engage in the lengthy and expensive reconciliation process only to have the Debtors – or some other party - attempt to negate the results of that process at a later point.  If the Valueless Defense is to be pursued, it should be pursued now.  In the Fleming Companies bankruptcy case, in an opinion on the first set of fee applications, Judge Walrath in In re Fleming Companies, Inc., 304 B.R. 85, 97-98 (Bankr. D. DE), addressed that debtors' efforts to assert the Valueless Defense after having established a reconciliation process.  Judge Walrath wrote:

> Recently the Debtors filed a Motion seeking to disallow all reclamation claims on legal grounds asserting that the secured lenders' liens are superior to the reclamation claimants' and fully secured by all inventory owned by the Debtors on the Petition Date.  Thus, the Debtors now assert it is unnecessary to do any factual analysis of the reclamation claims.  If this is correct, then any analysis performed by the claimants and the Debtors was simply academic and of no value to the estate.
>
> In the interim, the action of the Debtors in filing the two motions to modify the reclamation procedures was nothing more than a delaying tactic, wasting the Debtors' and this Court's precious time.  Accordingly, all fees related to those Motions should be denied.  See, e.g., Bachman v. Pelofsky (In re Peterson), 251 B.R. 359, 365 (B.A.P. 8th Cir. 2000) (affirming refusal to award fee where "efforts resulted in no benefit to the debtor under section 330(a)(4)(B), other than to cause delay in payment").

304 B.R. at 98.  The procedures proposed by the Debtors expose the estates, the Vendors and this Court in these cases to the potential for the very same waste of resources described by Judge Walrath.  A similar attempt to assert the Valueless Defense after the establishment of reclamation procedures and the allowance of administrative expense claims for the reclamation creditors pursuant thereto was rejected by the Court in In re Georgetown Steel Company, LLC, 318 B.R. 340 (Bankr. D.S.C. 2004).  In Georgetown Steel, the Court held that the debtor was

equitably estopped from asserting the Valueless Defense to defeat the reclamation claims because the reclamation claimants reasonably relied on the relief granted in the reclamation procedures in foregoing the pursuit of rights that may have been available to them as against the Valueless Defense.  318 B.R. at 350-51.  While the Debtors in this case have disclosed their intent to reserve the Valueless Defense indefinitely, the Vendors will nonetheless find themselves in the identical position as the reclamation creditors found themselves in Georgetown Steel.  That result was not countenanced by the Court after the fact in Georgetown Steel and it should not be countenanced by this Court at the outset through approval of the Reserved Defense procedure.

9.    The Trade Vendors also object to the Statement of Reclamation procedures because the procedures include no mechanism to allow the Vendors access to the Debtors' underlying data that supports the Debtors' computation of the Reconciled Reclamation Claim. Without access to the data, the ability to challenge the Statement of Reclamation may be impaired and the Vendor will have lost the discovery rights available in any contested or adversary proceeding in which its claim would have ordinarily been resolved.

10.    The Trade Vendors also object to the Debtors' attempt in that same subpart (ii) to make a distinction between Reclamation Claims not "legally" valid and not valid on any other basis.  The final order should clarify that all disputes or defenses to the validity of the Reclamation Claims, legal or factual, shall be asserted in the Statement of Reclamation or be deemed waived.

11.    The Statement of Reclamation subsection (b) (iv) must be conformed to be internally consistent with the other provisions of the final order and to applicable law.  There should be no requirement that the Vendor produce evidence that the Reclamation Demand was

received or any other evidence beyond the Vendor's invoice and proof of delivery since such additional evidence is not required under Applicable Law. (A redundancy that contradicts decretal paragraph five as previously noted.) Further, the requirement of a statement by the Vendor identifying the incorrect information in the Debtors' Statement of Reclamation and the waiver of rights contained in subpart (v) of the procedures should specifically provide that each is contingent on full compliance by the Debtors with their obligations under the procedures, including providing access to data. Finally, subpart (vi) of the Statement of Reclamation procedures should be parallel to subpart (v) and also provide as its final clause "unless the Court orders otherwise."

12.    The Trade Vendors object to the language of Subsection (c) of the proposed procedures under the heading Fixing the Reclamation Claim (beginning on page 5 of the Interim Order) to the extent the subsection incorporates the notion of Reserved Defenses. The proposed process is particularly egregious because it provides that the Court will conduct a "Determination Hearing" to fix an "Allowed" Reclamation Claim that will thereafter be subject to the Reserved Defenses.

13.    The Trade Vendors further object to the language of Subsection (d) of the proposed procedures under the heading "Treatment of Allowed Reclamation Claims" because the procedures authorize the Debtors to satisfy any Reclamation Claim or Allowed Reclamation Claim with a return of the Goods. Absent the consent of the Vendor, the time period for the return of Goods should expire with the Interim Order. A Vendor should not be faced with the prospect of getting unsold Goods back nine months or more after the Goods were delivered to the Debtors.

14.     The Trade Vendors object to the proposed provision that Reserved Defenses could somehow survive payment of an Allowed Reclamation Claim and require disgorgement by the Vendor (page 6-7 of the Interim Order).  This provision is a further glaring example of the inefficiency and unfairness of the proposed procedures.

15.     The Trade Vendors object to the breadth of the proposed release of the Debtors (page 7 of the Interim Order).  The release should be limited to a release only of those rights of a Vendor arising from the Allowed Reclamation Claim.  Similarly, the reservation of rights to the Debtors in any final order should make it clear that the Reclamation Procedures imposed by the order (the Reclamation Procedures cannot be characterized as accepted by Vendors) do not constitute a waiver of any claims other than claims related to the allowance of the Reclamation Claims.  The Trade Vendors object to the existing language in the Interim Order with respect to the preservation of the Valueless Defense.  The effect of the provision is to leave the Valueless Defense and the threat of disgorgement open for years in the future.

16.     The provision in the Interim Order states that the Debtors have the right to object to claims filed by the Vendors should be clarified in any final order to provide the right to object must be exercised consistent with the final order.

17.     The Trade Vendors object to the proposed provision prohibiting Vendors and third parties from reclaiming or interfering with post-petition shipment or delivery of Goods without obtaining relief from the Order.  The provision is excessively broad in the context of a final order on the Motion.  Given the passage of time, the provision should be limited solely to prepetition delivered Goods to the Debtors.  Without such limitation, the provision could be construed to impact post-petition Vendor rights.

18.    The Trade Vendors further object to the inclusion in any final order the Debtors' effort in the Interim Order (decretal paragraph 16, page 8) to provide that the order creates no rights in favor of any Vendor or enhancement of the status of any claim held by any Vendor. While the Trade Vendors are not entirely certain as to the Debtors' intent with this provision, any final order will certainly create rights for parties and deprive parties of other rights as provided by that final order.  The Trade Vendors would agree to a provision that states that except as provided in the final order, the final order is not intended to affect the substantive rights of any Vendor making a Reclamation Demand.

### Waiver of Memorandum of Law

19.    Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, the Trade Vendors respectfully request that the Court waive the requirements that Trade Vendors file a memorandum of law in support of this Objection because there are no novel issues of law presented in the Objection or the Motion.

**Notice of the Objection**

20.    Notice of this Objection was served in accordance with the Interim Order.

WHEREFORE, for the foregoing reasons and for such other and further reasons as may

be articulated at the hearing, the Trade Vendors request that this Court enter an Order (i) denying

the Motion and (ii) granting such further relief to Trade Vendors as is just and  appropriate.

Dated: March 10, 2005
New York, New York

/s/ Mark J. Friedman
Mark J. Friedman (MF-8849))
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone:  (410) 580-3000
Facsimile:  (410) 580-3001

Attorney for:
The Clorox Sales Co.; ConAgra Foods, Inc.;
Conopco, Inc.; Frito-Lay, Inc.; General Mills Inc.;
Kraft Foods Global, Inc.; Masterfoods, a division of
Mars, Inc.; The Proctor & Gamble Distributing Co.;
The Quaker Oats Company; Sara Lee Corporation;
Sara Lee Bakery Group, a division of Sara Lee
Corporation and S. C. Johnson & Son, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 10th day of March, 2005, a copy of the Limited Objection to Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods was filed electronically.  A copy was served by facsimile upon the following:

Richard Morrissey, Esquire
United States Trustee
Southern District of New York
33 Whitehall Street
21st Floor
New York, NY  10005
Telephone:  (212) 510-0500
Facsimile:  (212) 668-2255

D.J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
Telephone:  (212) 735-2150
Facsimile:  (917) 777-2150

Sally McDonald Henry, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
Telephone:  (212) 735-2150
Facsimile:  (917) 777-2150

Thomas J. Matz, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
Telephone:  (212) 735-2150
Facsimile:  (917) 777-2150

Sarah Robinson Borders, Esquire
King & Spalding LLP
191 Peachtree Street
Atlanta, GA  30303
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Dennis Dunne, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York  10005
Facsimile:  (212) 530-5219

and by electronic mail or first class mail, postage prepaid upon the parties on the attached list.

/s/ Mark J. Friedman

## SERVICE LIST

**David J. Baker**
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

**Dale R. Barginer**
Schaneville & Baringer
918 Government Street
Baton Rouge, LA 70802

**Matthew Scott Barr**
Milbank, Tweed, Hadley & McCloy
1 Chase Manhattan Plaza
New York, NY 10005

**John P. Brice**
Wyatt, Tarrant & Combs, LLP
250 West Main Street
Suite 1600
Lexington, KY 40507-1746

**Robert J. Brown**
Wyatt, Tarrant & Combs, LLP
250 West Main Street
Suite 1600
Lexington, KY 40507

**W. Steven Bryant**
Locke Liddell & Sapp, LLP
600 Travis Street
# 2600
Houston, TX 77002-3095

**Rachel S. Budke**
Law Department, FL. Power and Light Co.
700 Universe Boulevard
Juno Beach, FL 33408

**James S. Carr**
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

**Lee Champion**
Page Scrantom Sprouse Tucker & Ford, P.C
1111 Bay Avenue
3rd Floor
Columbus, GA 31901

**Conrad Chiu**
Pitney, Hardin, Kipp & Szuch LLP
685 Third Avenue
New York, NY 10017

**Neal D. Colton**
Cozen O'Connor
The Atrium
1900 Market Street
Philadelphia, PA 19103

**David N. Crapo**
Gibbons, Del Del, Dolan, Griffinger
& Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

**Timothy J. Curtin**
Varnum Riddering Schmidt & Howlett, LLP
333 Bridge Street NW
Suite 1700
P.O. Box 352
Grand Rapids, MI 49501-0352

**Robert Dehney**
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

**Paul H. Deutch**
Jenkens & Gilchrist Parker Chapin LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

**Gerard DiConza**
Bianchi Macron LLP
390 Old Country Road
Garden City, NY 11530

**Carolyn Hochstadter Dicker**
Klehr, Harrison, Harvey,
Branzburg & Ellers, LLP
260 South Broad Street
Philadelphia, PA 19102

**David W. Dykhouse**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

**Henry A. Efroymson**
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282-0200

**Judith Elkin**
Haynes and Boone, LLP
901 Main Street
Suite 3100
Dallas, TX 75202

**Earle I. Erman**
Erman Teicher Miller Zucker & Freedman
400 Galleria Officentre
Suite 444
Southfield, MI 48034

**Charles J. Filardi, Jr.**
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436

**Shawn Randall Fox**
McGuireWoods LLP
1345 Avnue of the Americas
New York, NY 10128

**Fox Rothschild, LLP**
Fox Rothschild LLP
13 East 37th Street
Suite 800
New York, NY 10016

**Joseph D. Frank**
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610

**J. Nathan Galbreath**
Patton Boggs LLP
2001 Ross Avenue
Suite 3000
Dallas, TX 75201

**Gary Ginsburg**
Neiman Ginsburg & Mairanz, PC
39 Broadway, 25th Floor
New York, NY 10006

**Danielle K. Greco**
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203

**Ira S. Greene**
Hogan & Hartson, LLP
875 Third Avenue
New York, NY 10022

**Reginald A. Greene**
Bellsouth Telecommunications, Inc.
675 W. Peachtree Street
Atlanta, GA 30375

**Janice Beth Grubin**
Wormser, Kiely, Galef & Jacobs, LLP
825 Third Avenue
New York, NY 10022-7519

**Rudi R. Grueneberg**
Grueneberg Law Group, LLC
704 East Main Street
Bldg. E
Moorestown, NJ 08057

**Marc L. Hamroff**
Moritt, Hock & Hamroff, LLP
400 Garden City Plaza
Suite 202
Garden City, NY 11530

**Edwin W. Held, Jr.**
Held & Israel
1301 Riverplace Blvd.
Suite 1916
Jacksonville, FL 32207

**Larry D. Henin**
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

**Neil E. Herman**
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178

**Terrance A. Hiller**
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway
Suite 950
Southfield, MI 48075

**Robert L. Holladay, Jr.**
YoungWilliams P.A.
210 E. Capitol Street
Suite 2000
Jackson, MS 39201

**Patrick L. Huffstickler**
Cox & Smith Incorporated
112 E. Pecan Street
Suite 1800
San Antonio, TX 78205

**Ronald Scott Kaniuk**
Taplin & Associates
340 Fifth Avenue
Suite 2418
New York, NY 10118

**Andrew C. Kassner**
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

**Alan W. Kornberg**
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Stuart A. Krause**
Zeichner Ellman & Krause
575 Lexington Avenue
New York, NY 10022

**Darryl S. Laddin**
Arnall Golden Gregory LLP
171 17th Street NW
Suite 2100
Atlanta, GA 30363-1031

**Nina M. Lafleur**
Stutsman & Thames, P.A.
121 W. Forsyth Street
Suite 600
Jacksonville, FL 32202

**David M. Landis**
Mateer & Harbert, P.A.
225 East Robinson Street
Suite 2854
Orlando, FL 32802-2854

**Thomas J. Leanse**
Katten Muchin Zavis Rosenman
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012

**Chris Lenhart**
Dorsey & Whitney, LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498

**Sharon L. Levine**
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

**Alan Jay Lipkin**
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

**Joseph Lubertazzi, Jr.**
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

**Jeffrey S. Margolin**
Hughes Hubbard & Reed
1 Battery Park Plaza
New York, NY 10004

**Laurence May**
Angel & Frankel, P.C.
460 Park Avenue
New York, NY 10022

**Austin L. McMullen**
Boult Cummings Conners & Berry
1600 Division Street
Suite 700
Nashville, TN 37203

**Derek F. Meek**
Burr & Forman, LLP
420 North 20th Street
Suite 3100
Birmingham, AL 35203

**Todd C. Meyers, Esq.**
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309-4530

**Kathleen M. Miller**
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
7th Floor
Wilmington, DE 19899

**Stephen M. Miller**
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
10th Floor
Wilmington, DE 19801

**Stephan William Milo**
Wharton, Aldhizer & Weaver, P.L.C.
P.O. Box 20028
100 South Mason Street
Harrisonburg, VA 22801-7528

**Joseph Thomas Moldovan**
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022-4731

**Brett S. Moore**
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997

**Andrew L. Morrison**
Reed Smith LLP
375 Park Avenue
17th Floor
New York, NY 10152-1799

**Richard C. Morrissey**
Office of the U.S. Trustee
33 Whitehall Street, 21st Fl.
New York, NY 10004

**Larren M. Nashelsky**
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

**Bruce S. Nathan**
Lowenstein Sandler PC
1251 Avenue of the Americas
21st Floor
New York, NY 10020

**Carole Neville**
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089

**James J. Niemeier**
McGrath North Mullin & Kratz, PC
1601 Dodge Street
First National Tower, Suite 3700
Omaha, NE 68102

**Barbra R. Parlin**
Holland & Knight, LLP
195 Broadway
New York, NY 10007-3189

**Aaron D. Patton**
Murray, Frank & Sailer, LLP
275 Madison Avenue
Suite 801
New York, NY 10016

**David L. Pollack**
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street - 51st Floor
Philadelphia, PA 19103

**Geraldine E. Ponto**
Gibbons, Del Deo, Dolan, et al.
One Riverfront Plaza
Newark, NJ 07102

**Adam Ravin**
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

**Eric T. Ray**
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 2600
P.O. Box 306
Birmingham, AL 35201-0306

**Diane G. Reed**
Reed and Reed
501 N. College Street
Waxahachie, TX 75165

**Jo Christine Reed**
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY 10020

**Steven J. Reisman**
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178

**Fred B. Ringel**
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas, 31st Floor
New York, NY 10105-0143

**Adam L. Rosen**
Scarcella Rosen & Slome LLP

333 Earle Ovington Boulevard
Ninth Floor
Uniondale, NY 11533-3622

**Avrum J. Rosen**
Law Office of Avrum J. Rosen
38 New Street
Huntington, NY 11743

**Neal M. Rosenbloom**
Finkel Goldstein Rosenbloom Nash LLP
26 Broadway
Suite 711
New York, NY 10004

**David S. Rubin**
Kantrow Spaht Weaver & Blitzer
P.O. Box 2997
Baton Rouge, LA 70821

**Paul Rubin**
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016

**Robert B. Rubin**
Burr & Forman LLP
420 Twentieth Street North
Birmingham, AL 35023

**Shelly D. Rucker**
Miller & Martin LLP
1000 Volunteer Building
832 Georgia Avenue,
Chattanooga, TN 37402-2289

**Gregory J. Seketa**
40|86 Advisorts Inc.

535 N. College Drive
Carmel, IN 46032

**Andrew Howard Sherman**
Sills Cummis Radin Tischman Epstein & Gross
712 5th Avenue, 20th Floor
New York, NY 10019

**Thomas R. Slome**
Scarcella Rosen & Slome LLP

333 Earle Ovington Boulevard
Suite 901
Uniondale, NY 11553

**Richard G. Smolev**
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

**Eric J. Snyder**
Siller Wilk
675 Third Avenue
9th Floor
New York, NY 10017

**Rick A. Steinberg**
Angel & Frankel, P.C.
460 Park Avenue
New York, NY 10022

**Sabrina L. Streusand**
Hughes & Luce, LLP
111 Congress Avenue
Suite 900
Austin, TX 78701

**Stephen B. Sutton**
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108-2612

**Walter E. Swearingen**
Levi Lubarsky & Feigenbaum, LLP
845 Third Avenue
21st Floor
New York, NY 10022

**Diana M. Thimmig**
Roetzel & Andress
1375 East Ninth Street
Ninth Floor
One Cleveland Center
Cleveland, OH 44114

**Laura L. Torrado**
Bear, Stearns & Co
383 Madison Avenue 8th Floor
New York, NY 10179

**Paul Traub**
Traub Bonacquist & Fox LLP
655 Third Avenue
21st Floor
New York, NY 10017

**Raymond J. Urbanik**
Munsch Hardt Kopf & Harr, P.C.
1445 Ross Avenue
Suite 4000
Dallas, TX 75202

**Richard Whitney Ward**
2527 Fairmount Street
Dallas, TX 75024

**Michael D. Warner**
Warner, Stevens & Doby, L.L.P.
1700 City Center Tower II
Fort Worth, TX 76102

**David B. Wheeler**
Moore & Van Allen PLLC
P.O. Box 22828
Charleston, SC 29413-2828

**Stephen D. Wheelis**
Wheelis & Rozanski
2312 S. MacArthur Drive
Alexandria, LA 71301

**William Douglas White**
McCarthy & White PLLC
8180 Greensboro Drive
Suite 875
Mc Lean, VA 22102

**Scott A. Zuber**
Pitney Hardin Kipp & Szuch, LLP
200 Campus Drive
Florham Park, NJ 07932-0950

**Winn- Dixie Stores, Inc.**
5050 Edgewood Court
Jacksonville, FL 32254-3699