Carolyn Hochstadter Dicker (CD-3987)
Morton R. Branzburg
Carol Ann Slocum
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, 4th Floor
Philadelphia, PA  19102
(215) 568-6060 (Telephone)
(215) 568-6603 (Facsimile)
Counsel for Hershey Foods Corporation

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | **:** | **Chapter 11** |
| | **:** | |
| **WINN-DIXIE STORES, INC., et al.,** | **:** | **Case No. 05-11063** |
| | **:** | **(Jointly Administered)** |
| **Debtors.** | **:** | |
| | **:** | |

-----------------------------------------------------------------x

### OBJECTION OF HERSHEY FOODS CORPORATION TO MOTION FOR ORDER (A) AUTHORIZING RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(G), (B) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS

Hershey Foods Corporation ("Hershey"), by and through its counsel, Klehr, Harrison, Harvey, Branzburg & Ellers, LLP, hereby objects to the Motion For Order (A) Authorizing Return of Goods Pursuant To 11 U.S.C. §546(g), (B) Establishing Procedures For Treatment of Reclamation Claims, and (C) Prohibiting Third Parties From Interfering With Delivery of Goods (the "Motion") and respectfully states as follows:

1.      On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2.      Prior to the Petition Date, Hershey sold goods to the Debtors on credit.  On or about February 17, 2005, Hershey made a reclamation demand upon the Debtors for the return of goods delivered by Hershey to the Debtors before the Petition Date.   The Debtors did not return any of the goods subject to Hershey's reclamation demand.

3.      On the Petition Date, the Debtors filed the Motion in which the Debtors seek to implement certain procedures pertaining to reclamation claims filed against the Debtors by vendors such as Hershey.  The procedures proposed in the Motion involve a lengthy and one-sided reconciliation process.   The process may ultimately be an expensive and meaningless exercise due to the Debtors' proposed ability to reserve defenses *even after payment of reclamation claims*.  Moreover, the procedures described in the Motion will severely impair the substantive rights of Hershey.

## OBJECTIONS

### A.      The Inadequacy of the Statement of Reclamation

4.      The Debtors propose that approximately four months after the Petition Date (or even later if allowed by the Court on Motion of the Debtors), the Debtors will provide a Statement of Reclamation to vendors that have asserted reclamation demands.  The Motion does not require the Debtors' Statement of Reclamation to provide specific information or documentation to the vendors relevant to any factual disputes to the reclamation claim, such as receipt of the reclamation demand or the Goods, delivery date disputes and the like.  The Motion also provides that in the Statement of Reclamation, the Debtors can reserve defenses of their choosing to the reclamation claim.

5.      In contrast to the lack of detail and support that the Debtors may provide to vendors after the Debtors' extended time to analyze the Reclamation Claim, the Debtors propose that vendors that disagree with the Debtors' Statement of Reclamation provide specific evidence

2

without regard to whether that evidence is relevant to the Debtors' particular dispute with the vendor's reclamation demand. Thus vendors, who are not afforded any discovery for the Debtors during the Statement of Reclamation process, are required to respond with evidence of the Debtors' receipt of the reclamation demand, the Debtors' purchase orders, the Debtors' receipt of the Goods and a detailed response to the Statement of Reclamation. *See* Motion at ¶31(b)(iv)(1)-(5).

6.      To streamline the process and minimize delay, the Debtors should be required to exchange information with vendors to address discrepancies that can be readily resolved. In the Statement of Reclamation, the Debtors should be required to provide the factual detail for each objection to Hershey's reclamation demand and make available to Hershey the documents on which the objections are based. In addition, the Debtors should be required to provide a full explanation of any "reserved defenses."

> **B.      The Procedures Provide for Protracted Delay In Resolving Disputed Claims and Preclude Discovery by Vendors.**

7.      The Debtors propose to bar Hershey from taking any action to prosecute its reclamation claim in Court for an unreasonable length of time, for least 240 days. Under the proposed procedures, the Debtors have a 120-day period to provide a Statement of Reclamation, a delay that is subject to extension on motion of the Debtors. Regardless of how quickly a vendor responds to the Debtors' Statement of Reconciliation, the "Reconciliation Deadline" is defined as the 60th day after the date of the Statement of Reconciliation. After the expiration of the Reconciliation Deadline, the Debtors propose an additional 60-day delay for "consensual resolution" regardless of whether resolution is likely or not. After that 240-day delay, the Debtors (and only the Debtors), have the right to file a motion to determine the reclamation claim on 20-days notice.

CHYH1 47471-1

8.      Hershey should not be precluded from seeking its remedies from the Court while the Debtors delay and receive the benefit of the sale of the goods subject to Hershey's reclamation demand.   Hershey should not be precluded from obtaining discovery from the Debtors throughout the Reconciliation Procedures so as to be prepared to promptly proceed with a Determination Hearing as soon as it becomes apparent that the claim will not be consensually resolved.

## C.      The Debtors Proposed Option to Make the Goods Available for Return at Anytime is Prejudicial.

9.      The Debtors propose that at any point during the Reclamation Procedures, the Debtors can satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the goods at issue available for pick-up by the Vendor.  *See* Motion at ¶ 31(d)(i).

10.      The Debtors should be required to promptly decide whether to return Hershey's goods.  The Debtors have given no reason as to why that determination cannot be made within 30 or 40 days from the Petition Date.  Moreover, any return of goods cannot be deemed in satisfaction of Hershey's reclamation claim unless the goods are determined by Hershey to be capable of resale in accordance with Hershey's standards, practices and procedures.

## D.      Impairment of Hershey's Substantive Rights.

11.      In addition to improperly seeking an injunction against Hershey by way of a Motion[1], the Debtors propose that if Hershey is determined to have a valid reclamation claim and the Debtors do not return Hershey's goods, the sole remedy that will be available to Hershey will be an administrative expense priority for its reclamation claim.  However, the Debtors seek to undermine the value of the administrative expense priority by providing that such expense will

---

[1] This request, in the form of a motion, violates Fed.R.Bankr.P.700(7), which requires that an injunction may only issue after an adversary proceeding has been filed.

be paid only pursuant to a confirmed plan. (*See* Motion at ¶31(d)(ii)). Thus, the Debtors seek to: (a) eviscerate Hershey's right to request that the Court grant it a lien under Section 546(c)(2)(B); (b) subordinate the administrative expense priority that may be afforded to Hershey to all other non-reclamation administrative expenses in this Chapter 11 case and (c) make the administrative expense priority illusory in the event the case is converted.

12.    The Court should preserve its option to provide reclamation creditors with liens. Moreover, to the extent that reclamation claimants are granted administrative expense claims, such claims should be paid promptly. The Debtors should not be permitted to enjoy the benefit of the proceeds from the sale of Hershey's goods while delaying any payment to Hershey to the end of the case.

> **E.    The Reservation of Rights by the Debtors Renders the Reconciliation Process Futile.**

13.    The Debtors, through the reservation of defenses as proposed in the Motion, raise the prospect of not only a wasteful and meaningless reconciliation process, but future litigation *after* payment of reclamation claims. The Debtors propose to reserve defenses until the earlier of the effective date of a plan or one year after payment of the reclamation claim. *See* Motion at ¶ 32. The Debtors propose that even that time period may be extended upon motion to the Court. *See* Motion at ¶ 32.

14.    The Debtors should not be permitted to engage Hershey in a lengthy and costly reconciliation procedure that may result in a Determination Hearing by the Court, only to have the prospect of future litigation on reserved defenses. Such a procedure is a waste not only of the litigants' time and money, but this Court's resources as well. The Debtors should be required to timely assert and litigate all defenses to the reclamation claims of Hershey and the Debtors should not be permitted to hold back defenses for a future date.

**Waiver Of Memorandum Of Law**

15.    Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, Hershey respectfully requests that the Court waive the requirements that Hershey file a memorandum of law in support of this Objection because there are no novel issues of law presented in the Motion or in this Objection.

## <u>CONCLUSION</u>

For the foregoing reasons, Hershey requests that this Court enter an Order (i) denying the Motion and (ii) granting such further relief to Hershey as is appropriate.

Dated:  March 10, 2005

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP

By:  /s/ Carolyn H. Dicker
Carolyn Hochstadter Dicker, (CD-3987)
Morton R. Branzburg, Esquire
260 South Broad St., 5th Floor
Philadelphia, PA  19102
Telephone:  (215) 568-6060
Facsimile:  (215) 568-6603
E-mail: chdicker@klehr.com

Counsel for Hershey Foods Corporation

CHYH1 47471-1