# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                          :
                                               :    **Chapter 11**
                                               :
WINN-DIXIE STORES, INC., et al.,               :    **Case No. 05-11063**
                                               :
                Debtors.                       :    **(Jointly Administered)**
                                               :
-----------------------------------------------------------x

**FINAL ORDER REQUIRING SEGREGATION OF TRUST FUNDS TO COVER PACA
CLAIMS AND AUTHORIZING PROCEDURE FOR RECONCILIATION AND
PAYMENT OF VALID PRE-PETITION CLAIMS ARISING UNDER
THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

Upon the Motion[1] dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order for authority to pay undisputed pre-petition claims (collectively referred to as "Claims," and holders of Claims are referred to as "Claimants") arising under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a *et seq* and/or the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 *et seq.* (together, "PACA") and to establish procedures for addressing disputed claims asserted under PACA; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

---

[1] Unless otherwise defined herein, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' 50 largest unsecured creditors on a consolidated basis, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED THAT the Motion is granted as modified by this Order ("Final PACA Order"); and it is further

### SEGREGATION OF TRUST ASSETS

ORDERED THAT on or before 5:00 p.m. prevailing Eastern Time, Friday, March 18, 2005, the Debtors shall establish a segregated, interest bearing trust account (the "Segregated PACA Trust") and shall cause the Segregated PACA Trust to be funded in the amount of $30 Million (the "Funding Level");[2] it is further

---

[2] The initial amount of the Funding Level is based upon representations by the Debtors of the pre-petition monies due and owing suppliers of perishable agricultural commodities.

ORDERED THAT the funds on deposit in the Segregated PACA Trust shall be only used to pay Valid PACA Claims, and may not be withdrawn, except as otherwise provided for in this Order, for any other purposes without further order of this Court; it is further

ORDERED THAT the Funding Level shall be reduced by the amount of any payments made by the Debtors to holders of Valid PACA Claims; it is further

ORDERED THAT in the event that the Funding Level listed in any PACA Trust Report or any Supplemental PACA Trust Report, as defined below, is greater than the balance of the Segregated PACA Trust on the date of the Supplemental PACA Trust Report ("the Segregated PACA Trust Shortfall"), the Debtors shall, within 5 business days, make such transfers to the Segregated PACA Trust as are necessary to increase the Funding Level of the Segregated PACA Trust to eliminate any Segregated Trust Shortfall; it is further

ORDERED THAT in the event the Funding Level in any PACA Trust Report or any Supplemental PACA Trust Report is less than the balance of the Segregated PACA Trust on the date of the Supplemental PACA Trust Report (the "Segregated PACA Trust Excess"), the Debtors, may, without further Court order, reduce the balance of the Segregated PACA Trust to the new Funding Level to eliminate any Segregated PACA Trust Excess; it is further

ORDERED THAT none of the Debtors' other assets shall be subject to any trust in favor of the Claimants on account of their pre-petition PACA Claims so long as the Funding Level is sufficient to satisfy the pre-petition PACA Claims as set forth in the current PACA Trust Report or Supplemental PACA Trust Report; and it is further

**PROMPT PAYMENT PROCEDURES**

ORDERED that the procedures described below for the prompt payment of PACA Claims in the ordinary course of business (the "Prompt Payment Procedures") are hereby approved and shall be implemented by the Debtors:

(a) PACA Notices. Any seller seeking the protection of the PACA Trust (the "PACA Claimant") must have preserved its PACA trust claim (the "PACA Claim") by (i) sending the Debtors a separate, valid notice within the appropriate time period or (ii) including the statutorily prescribed language on its invoices sent to the Debtors, as provided in PACA;

(b) Valid PACA Claims. The Debtors shall pay, in the ordinary course of business, the undisputed amount of any and all pre-petition amounts due to PACA Claimants deemed by the Debtors to hold valid, undisputed PACA trust claims ("Valid PACA Claim"). Any PACA Claimant that accepts payment from the Debtors on account of its Valid PACA Claim shall be deemed to have waived, released, and discharged any and all claims arising under PACA, including any and all claims against (i) the Debtors, (ii) any former, present or future officer, director, shareholder, agent or employee of the Debtors, (iii) the Debtors' assets and properties, and (iv) any funds or amounts held in trust by the Debtors to the extent of such payment. In the event of a dispute as to the validity of only a portion of a PACA Claimant's PACA Claim, the Debtors shall pay the valid, undisputed portion of such PACA Claim as a Valid PACA Claim;

(c) Submission of PACA Claim Documentation. Each PACA Claimant may, in order to expedite reconciliation and payment, to the extent such Claimant has not already done so, provide Debtors a summary sufficient to identify the transactions

4

("Claim Summary") including transaction dates, invoice numbers, invoice amounts and total pre-petition amount due, by electronic format, courier service or U.S. Mail to: Steven Eichel, Esq. of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 seichel@skadden.com ("Debtors' Counsel"). The failure to provide a Claim Summary will not bar any PACA Claim; and it is further

## PROCEDURE FOR PAYMENT OF CLAIMS

ORDERED that the procedures described below (the "PACA Procedures") are hereby approved and shall be implemented by the Debtors for any claims not paid in the Prompt Payment Procedures referenced above:

(a) The bar date for any unpaid claimant asserting a PACA Claim against the Debtors is Friday, April 29, 2005 (the "Special PACA Claims Bar Date").

(b) On or before Thursday, March 31, 2005, the Debtors shall serve notice (the "PACA Notice") to all creditors that they must file any claims for unpaid goods under PACA or PASA on or before the Special PACA claims Bar Date of April 29, 2005

(c) The PACA Notice shall provide that all Claimants must:

(i) file with the U.S. Bankruptcy Court for the Southern District of New York a completed "Special PACA Proof of Claim" (a sample form is attached hereto) along with any and all documents supporting its claim, on or before Friday, April 29, 2005; and

(ii) serve the completed Special PACA Proof of Claim, and any and all documents supporting its claim, upon (1) Steven Eichel, Esq. of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 seichel@skadden.com ("Debtors' Counsel"); and (2) Matthew Barr, Esq. of Milbank,

5

Tweed, Bradley and McCloy, LLP, One Chase Manhattan Plaza, New York, New York 10036 mbarr@milbank.com ("Creditors' Committee's Counsel"); and it is further

ORDERED that after the Special PACA Claims Bar Date has passed, the following procedures for determining the extent, validity and priority of all asserted PACA Claims shall be implemented:

(a) Any objections to any PACA claims must be filed with the Clerk of the Court, the Debtors' Counsel and the Creditors' Committee's Counsel, as well as the PACA Claimant, or its counsel if represented, whose claim is the subject of the objection. Any and all such objections must be filed and served on or before Friday, May 13, 2005 (the "Objection Deadline"). The objection must set forth in detail the legal and factual basis for the objection to each invoice, or portion thereof ("Valid Objection").

(b) On or before Friday, May 27, 2005 (the "Response Deadline"), any PACA Claimant whose claim is subject to a Valid Objection may file with the Court a detailed response to any Valid Objection received, and serve the detailed response upon the Debtors' Counsel and Creditors' Committee's Counsel, as well as counsel for the objecting party. A claim will be disallowed if a Valid Objection was timely filed and served and the Claimant fails to file and serve a timely response.

(c) Any PACA claim submitted against which no Valid Objection has been filed and served prior to the Objection Deadline, shall be deemed to be a valid PACA trust claim for the full amount stated in the Special PACA Proof of Claim (a "Valid PACA Claim"). If a PACA claim is subject to a timely filed and served Valid Objection as to only a part of the claim amount (the "Disputed Amount"), only that portion of the PACA claim that is undisputed will be deemed a Valid PACA Trust claim.

(d)     The Debtor shall pay any such Valid PACA Claim on or before May 27, 2005.

(e)     The Claimant and the objecting party shall thereafter exercise best efforts to resolve any Valid Objections. In the event the Claimant and the objecting party are unable to resolve such dispute or the Valid Objection is not withdrawn, the Claimant may file a motion or adversary proceeding for determination of the validity of the disputed claims on or before Friday, June 10, 2005 (the "Deadline to File Motion to Determine Validity of Disputed PACA Claims").

(f)     On or before Friday, June 10, 2005 (the "Deadline to File PACA Trust Report"), the Debtors shall file with the Court and serve upon on all PACA Claimants that have appeared through counsel and any unrepresented entities that filed a Special PACA Proof of Claim, or has received payment of a Valid PACA Claim under the Prompt Pay Procedures, a report (the "PACA Trust Report") listing (i) each person or entity having filed a Special PACA Proof of Claim or received payment for a Valid PACA Claim under the Prompt Pay Procedures; (ii) the amount of its claim as set forth on the Special PACA Proof of Claim; (iii) the amount of any paid Valid PACA Claim; (iv) the claim amount that is deemed to be qualified under PACA as no Valid Objection against the claim was filed; (v) the claim amount which is deemed invalid as no response to a Valid Objection was filed; (vi) the claim amount, if any, subject to a pending Valid Objection and a timely Response; (vii) the amount of any Valid Objection that was resolved by settlement; and (viii) the balance of monies on deposit in the Segregated PACA Trust (the "Report Contents").

(g) Debtors shall pay the Valid PACA Trust claims listed on the PACA Trust Report on or before Monday, June 20, 2005 (the "Distribution Deadline").

(h) The Debtors shall use the same procedure to make subsequent distributions. Debtors shall also file supplemental PACA Trust Reports ("Supplemental PACA Trust Report") every thirty (30) days after filing the initial PACA Trust Report, and shall include in such Supplemental PACA Trust Reports, in addition to the Report Contents, a listing of (i) PACA Claims that remain unpaid; (ii) PACA Claims subject to a Valid Objection and a timely Response that have not been resolved; and (iii) Valid Objections resolved since the previous Report. The Debtors shall continue to file Supplemental PACA Trust Reports, as necessary, until all Valid PACA Claims have been paid and all Valid Objections have been resolved.

(i) The Debtors shall make payments set forth in each Supplemental PACA Trust Report within ten (10) calendar days.

(j) The Debtors shall file an accounting with the Court within five (5) business days after each distribution.

(k) The Debtors shall hold in reserve in the Segregated PACA Trust sufficient funds to pay all disputed PACA Claims, or portions thereof, in the event those PACA Claims, or portions thereof, are ultimately deemed to be Valid PACA Trust Claims either by the Court or by agreement of the parties; and it is further

ORDERED that all PACA Claimants whose claims are the subject of Valid Objections, after good faith efforts to resolve those Valid Objections have been unsuccessful, may, on or after June 10, 2005, file and prosecute any adversary proceeding to enforce its PACA trust rights and avail itself of any and all legal and equitable remedies; it is further.

ORDERED that immediately upon the entry of this Final PACA Order, any adversary proceeding that has already been commenced by an alleged PACA Claimant shall be stayed until June 10, 2005; it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final PACA Order shall prejudice, vitiate, diminish or impair the rights or status of any vendors with Valid PACA Claims (i) under state or federal law or (ii) with respect to any liens or claims of any pre- or post-petition lender to the Debtors; it is further

ORDERED that nothing in this Final PACA Order shall be deemed a waiver or extension of the prompt payment requirements contained in PACA or by any PACA Claimant of the right to seek interest, costs or attorneys' fees on account of its Valid PACA Claim; it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Final PACA Order shall be effective immediately upon its entry; it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final PACA Order; and

IT IS ORDERED that the requirement under Local Bankruptcy Rule 9013-1(b) of the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated: March ___, 2005
New York, New York

_____
ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE