**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY  10174
(212) 885-5000
Andrew B. Eckstein (AE 6142)
Rocco Cavaliere (RC 8686)

- and -

1201 Market Street
Wilmington, DE 19801
(302) 425-6400
Jason W. Staib

Counsel for Pilgrim's Pride Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re                                                    :    **Chapter 11**
                                                         :
**WINN-DIXIE STORE, INC., et al.,**                      :    **Case No. 05-11063 (RDD)**
                                                         :
                            Debtors.                     :    **(Jointly Administered)**
                                                         :
                                                         :
-----------------------------------------------------------x

**LIMITED OBJECTION OF PILGRIM'S PRIDE CORPORATION**
**AND JOINDER IN THE LIMITED OBJECTION OF THE PEPSI BOTTLERS**
**TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING RETURN OF**
**GOODS PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING PROCEDURES**
**FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING**
**THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS**

Pilgrim's Pride Corporation ("Pilgrim's Pride"), by and through its undersigned counsel,

files this limited objection and joinder in the limited objection of Bottling Group LLC d/b/a The

Pepsi Bottling Group and other bottlers of Pepsi products (collectively, the "Pepsi Bottlers") to

the motion of the above-captioned debtors and debtors-in-possession (collectively, the

"Debtors") for an order (a) authorizing return of goods pursuant to 11 U.S.C. § 546(g), (b)

establishing procedures for treatment of reclamation claims and (c) prohibiting third parties from interfering with delivery of goods (the "Motion").[1]  In support of its limited objection and joinder in the Pepsi Bottlers' limited objection, Pilgrim's Pride respectfully represents:

## Background

1.      On February 21, 2005 (the "Petition Date"), the each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have retained possession of their respective assets and continue in the operation and management of their respective businesses.

2.      Prior to the Petition Date, Pilgrim's Pride shipped to the Debtors substantial amounts of goods for which it has not been paid.  Included within these shipments were goods sold on credit in the approximate amount of $97,014.73 to which Pilgrim's Pride has reclamation and other rights.

## Joinder and Objections

3.      Pilgrim's Pride joins with and incorporates herein the limited objection to the Motion filed by the Pepsi Bottlers (the "Pepsi Objection") and submits its own limited objections to the Motion and the Debtors' proposed procedures for handling reclamation claims.

---

1    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

A.     The "Valueless" Issue Should Be Properly
       <u>Raised And Determined As A Threshold Matter.</u>

4.     The principal point raised in the Pepsi Objection is well taken:  There is no reason for reclamation claimants, the Debtors or any other parties-in-interest to incur the costs and other burdens associated with reconciling reclamation claims and jumping through other procedural hoops if, as the Debtors apparently contend, reclamation claims are mere general unsecured claims because of the existence of a floating lien on the Debtors' inventory.  Pilgrim's Pride concurs that the so-called "valueless" issue should be litigated, if at all, as a threshold matter.

5.     Pilgrim's Pride denies that the value and priority of its reclamation claim is that of a mere general unsecured claim.  Nonetheless, if the Debtors truly believe they have and wish to raise the "valueless" argument, they should do so <u>now</u>, by clearly articulating it in an appropriate pleading rather than burying such argument in a single sentence towards the end of a lengthy, eighteen-page Motion.

B.     Though Some Form Of Reclamation Procedures May Be
       Appropriate, The Reclamation Procedures Submitted By
       The Debtors Are Patently Unfair And Will Negatively
       <u>Impact The Substantive Rights Of Reclamation Creditors.</u>

6.     Assuming the "valueless" issue is raised by the Debtors and addressed and resolved as a threshold matter, Pilgrim's Pride agrees that it may be appropriate to establish a uniform process for reconciling the hundreds of reclamation claims that have been asserted in these cases and for dealing with legal issues that may be common to, and likely will be raised with respect to, all or substantially all of the reclamation claims.  The process should be governed by procedures that are fair to reclamation creditors and that are designed to ensure that

118478.01600/40151225v2

the substantive rights of Pilgrim's Pride and other reclamation claimants are not negatively impacted throughout the process.  The Debtors' proposed procedures are far from fair and appear to have been designed with an eye towards prejudicing rather than preserving the substantive rights of reclamation claimants.

7.      The reclamation procedures proposed by the Debtors are patently one-sided and otherwise unfair to reclamation creditors for a whole host of reasons.  In addition to those problems identified in the Pepsi Objection (which are not reiterated herein), Pilgrim's Pride submits that the proposed procedures do not contemplate a reasoned, bilateral exchange of information and documents during the reconciliation process.  The Debtors seek to impose upon reclamation creditors, but not themselves, the burden of producing documents.  Inexplicably, many of the documents the Debtors seek to have reclamation creditors produce -- e.g., reclamation demands, as well the underlying purchase orders and invoices -- the Debtors already possess or should possess.  Further, many of those same documents likely will not be relevant to any discrepancies or other disputes that arise in the reconciliation process.  On the other hand, it is not at all clear what documents -- with the exception of a so-called "Statement of Reclamation," an example of which the Debtors have failed to provide -- or other meaningful information, if any, the Debtors propose to supply reclamation creditors.  For these and other reasons, the Debtors' proposed procedures are unfair and should be denied in favor of reasonable, workable procedures that have been negotiated with and vetted by Pilgrim's Pride and other reclamation creditors.

118478.01600/40151225v2

8.     In addition, though the Motion is styled as a request for mere procedural relief, the procedures proposed by the Debtors, if approved, will impermissibly modify the substantive rights of Pilgrim's Pride and other reclamation creditors.  For example, the Debtors' proposed procedures would authorize them "at any point in these Reclamation Procedures" to satisfy in full reclamation claims by making the goods at issue available for pick-up by the vendor. (Motion at ¶ 31(d)(i).)  Having failed to honor timely Pilgrim's Pride's reclamation demand, the Debtors should not be permitted to force upon Pilgrim's Pride reclaimed goods (including, presumably, spoiled, out-of-date or otherwise unsaleable goods) without Pilgrim's Pride's consent.  Further, the Debtors apparently are attempting to eliminate Pilgrim's Pride's substantive right to a lien securing its reclamation claims as provided in § 546(c)(2)(B) of the Bankruptcy Code.

9.     The substantive reclamation and other rights of Pilgrim's Pride and other reclamation creditors must be preserved by any procedures established in these cases to resolve reclamation claims.

118478.01600/40151225v2

**WHEREFORE,** Pilgrim's Pride respectfully requests that this Court enter an order

denying the Motion to the extent inconsistent with the forgoing and grant such other relief as is

just and proper.

Dated:  March 10, 2005

**BLANK ROME LLP**

                /s/  Andrew B. Eckstein
Andrew B. Eckstein (AE 6142)
Rocco Cavaliere (RC 8686)
The Chrysler Building
405 Lexington Avenue
New York, NY   10174
Telephone:  (212) 885-5000
Facsimile:  (212) 885-5002

-and -

Jason W. Staib
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:  (302) 425-6464

118478.01600/40151225v2