**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Andrew B. Eckstein (AE 6142)
Rocco Cavaliere (RC 8686)

- and -

1201 Market Street
Wilmington, DE 19801
(302) 425-6400
Jason W. Staib

Counsel for Campbell Soup Company and subsidiaries

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORE, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**LIMITED OBJECTION OF CAMPBELL SOUP COMPANY AND SUBSIDIARIES AND JOINDER IN THE LIMITED OBJECTION OF THE PEPSI BOTTLERS TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(g), (B) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS**

Campbell Soup Company, on behalf of itself and its subsidiaries including Campbell Sales Company and Pepperidge Farm, Inc. (collectively, "Campbell"), by and through its undersigned counsel, files this limited objection and joinder in the limited objection of Bottling Group LLC d/b/a The Pepsi Bottling Group and other bottlers of Pepsi products (collectively, the "Pepsi Bottlers") to the motion of the above-captioned debtors and debtors-in-possession

(collectively, the "Debtors") for an order (a) authorizing return of goods pursuant to 11 U.S.C. § 546(g), (b) establishing procedures for treatment of reclamation claims and (c) prohibiting third parties from interfering with delivery of goods (the "Motion").[1] In support of its limited objection and joinder in the Pepsi Bottlers' limited objection, Campbell respectfully represents:

**Background**

1. On February 21, 2005 (the "Petition Date"), the each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have retained possession of their respective assets and continue in the operation and management of their respective businesses.

2. Prior to the Petition Date, Campbell shipped to the Debtors substantial amounts of goods for which it has not been paid. Included within these shipments were goods sold on credit in the approximate aggregate amount of $1,430,682.64 to which Campbell has reclamation and other rights.

**Joinder and Objections**

3. Campbell joins with and incorporates herein the limited objection to the Motion filed by the Pepsi Bottlers (the "Pepsi Objection") and submits its own limited objections to the Motion and the Debtors' proposed procedures for handling reclamation claims.

---

1 Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

A. The "Valueless" Issue Should Be Properly Raised And Determined As A Threshold Matter.

4. The principal point raised in the Pepsi Objection is well taken: There is no reason for reclamation claimants, the Debtors or any other parties-in-interest to incur the costs and other burdens associated with reconciling reclamation claims and jumping through other procedural hoops if, as the Debtors apparently contend, reclamation claims are mere general unsecured claims because of the existence of a floating lien on the Debtors' inventory. Campbell concurs that the so-called "valueless" issue should be litigated, if at all, as a threshold matter.

5. Campbell denies that the value and priority of its reclamation claim is that of a mere general unsecured claim. Nonetheless, if the Debtors truly believe they have and wish to raise the "valueless" argument, they should do so now, by clearly articulating it in an appropriate pleading rather than burying such argument in a single sentence towards the end of a lengthy, eighteen-page Motion.

B. Though Some Form Of Reclamation Procedures May Be Appropriate, The Reclamation Procedures Submitted By The Debtors Are Patently Unfair And Will Negatively Impact The Substantive Rights Of Reclamation Creditors.

6. Assuming the "valueless" issue is raised by the Debtors and addressed and resolved as a threshold matter, Campbell agrees that it may be appropriate to establish a uniform process for reconciling the hundreds of reclamation claims that have been asserted in these cases and for dealing with legal issues that may be common to, and likely will be raised with respect to, all or substantially all of the reclamation claims. The process should be governed by procedures that are fair to reclamation creditors and that are designed to ensure that the

substantive rights of Campbell and other reclamation claimants are not negatively impacted throughout the process.  The Debtors' proposed procedures are far from fair and appear to have been designed with an eye towards prejudicing rather than preserving the substantive rights of reclamation claimants.

7. The reclamation procedures proposed by the Debtors are patently one-sided and otherwise unfair to reclamation creditors for a whole host of reasons.  In addition to those problems identified in the Pepsi Objection (which are not reiterated herein), Campbell submits that the proposed procedures do not contemplate a reasoned, bilateral exchange of information and documents during the reconciliation process.  The Debtors seek to impose upon reclamation creditors, but not themselves, the burden of producing documents.  Inexplicably, many of the documents the Debtors seek to have reclamation creditors produce -- e.g., reclamation demands, as well the underlying purchase orders and invoices -- the Debtors already possess or should possess.  Further, many of those same documents likely will not be relevant to any discrepancies or other disputes that arise in the reconciliation process.  On the other hand, it is not at all clear what documents -- with the exception of a so-called "Statement of Reclamation," an example of which the Debtors have failed to provide -- or other meaningful information, if any, the Debtors propose to supply reclamation creditors.  For these and other reasons, the Debtors' proposed procedures are unfair and should be denied in favor of reasonable, workable procedures that have been negotiated with and vetted by Campbell and other reclamation creditors.

8. In addition, though the Motion is styled as a request for mere procedural relief, the procedures proposed by the Debtors, if approved, will impermissibly modify the substantive

rights of Campbell and other reclamation creditors. For example, the Debtors' proposed procedures would authorize them "at any point in these Reclamation Procedures" to satisfy in full reclamation claims by making the goods at issue available for pick-up by the vendor. (Motion at ¶ 31(d)(i).) Having failed to honor timely Campbell's reclamation demand, the Debtors should not be permitted to force upon Campbell reclaimed goods (including, presumably, spoiled, out-of-date or otherwise unsaleable goods) without Campbell's consent. Further, the Debtors apparently are attempting to eliminate Campbell's substantive right to a lien securing its reclamation claims as provided in § 546(c)(2)(B) of the Bankruptcy Code.

9. The substantive reclamation and other rights of Campbell and other reclamation creditors must be preserved by any procedures established in these cases to resolve reclamation claims.

**WHEREFORE,** Campbell respectfully requests that this Court enter an order denying the Motion to the extent inconsistent with the forgoing and grant such other relief as is just and proper.

Dated: March 10, 2005                                    **BLANK ROME LLP**

                                                    /s/ Andrew B. Eckstein
Andrew B. Eckstein (AE 6142)
Rocco Cavaliere (RC 8686)
The Chrysler Building
405 Lexington Avenue
New York, NY   10174
Telephone:  (212) 885-5000
Facsimile:  (212) 885-5002

-and -

Jason W. Staib
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone:  (302) 425-6400
Facsimile:  (302) 425-6464