**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :
                                                   :         **Chapter 11**
                                                   :
**WINN-DIXIE STORES, INC., et al.,**               :         **Case No. 05-11063 (RDD)**
                                                   :
            Debtors.                               :         **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

### ORDER (A) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT, (B) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for entry of an order resolving issues relating to adequate assurance of payment to utilities under Section 366 of the Bankruptcy Code; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, (iv) the Debtors' fifty (50) largest unsecured creditors, and (v) utilities known to be providing services to the Debtors (the "Utility

Companies"); and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are directed to pay on a timely basis, in accordance with their pre-petition practices, all undisputed invoices in respect of post-petition utility services rendered by the Utility Companies to the Debtors; and it is further

ORDERED that any undisputed charge for utility services provided after the Petition Date shall constitute an administrative expense in accordance with Sections 503(b) and 507(a)(1) of the Bankruptcy Code; and it is further

ORDERED that, absent any further order of this Court, all utility companies providing services to the Debtors, including (but not limited to) the Utility Companies: (i) are deemed adequately assured of payment for post-petition services under Section 366 of the Bankruptcy Code; (ii) shall not alter, refuse, or discontinue service to, or discriminate against, the Debtors, on the basis of the commencement of these bankruptcy cases or on account of any unpaid invoice for service provided prior to the date of commencement of these bankruptcy cases; and (iii) shall not require the payment of a deposit or other security in connection with the Utility Company's continued provision of utility services, including (but not limited to) the furnishing of telephone, electric, gas, water, sewer, waste management, or services of like kind, to the Debtors; and it is further

ORDERED that the Debtors shall serve a copy of this Order on the Utility Companies identified on Exhibit A to the Motion by first-class mail within three (3) business days of the entry of this Order; and it is further

ORDERED that this Order is without prejudice to the rights of any Utility Company to make a written request (a "Request") to Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York  10036, <u>Attn</u>: Jessenia Paoli for additional adequate assurance in the form of a deposit or other security from the Debtors; provided that any Request must set forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, and a summary of the Debtors' payment history on each account; and it is further

ORDERED that any Utility Company that fails to submit a Request in compliance with the preceding paragraph shall be deemed adequately assured of payment for postpetition services under Section 366 of the Bankruptcy Code without the provision of a deposit or other security from the Debtors; and it is further

ORDERED that if a Utility Company makes a Request that the Debtors believe is reasonable, the Debtors shall be entitled to comply with such Request without further order of this Court; and it is further

ORDERED that if a Utility Company makes a Request that the Debtors believe is unreasonable, and no consensual resolution of the Request is reached within sixty (60) days after the Debtors receive such Request, the Debtors shall file a motion for determination of adequate assurance of payment ("Motion for Determination") with respect to such Request.  The Debtors shall seek a hearing on a Motion for Determination on the next available hearing date on or after

twenty (20) days after the filing of the Motion for Determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing"); and it is further

ORDERED that if a Determination Hearing is scheduled in accordance with the preceding paragraph, the Utility Company involved shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code until and unless this Court orders otherwise in connection with such Determination Hearing; and it is further

ORDERED that, notwithstanding any other provisions of this Order, nothing in this Order shall preclude a Utility Company from filing a motion with this Court during the pendency of these cases pursuant to Section 366(b) of the Bankruptcy Code seeking a deposit or security as adequate assurance of payment, or a reasonable modification of the amount of any deposit or security previously established, in the event of a material adverse change in the Debtors' financial condition, or should a Utility Company believe circumstances merit reconsideration of whether a deposit or security should be required or modified, and from seeking expedited treatment of such a motion; and it is further

ORDERED that if any Utility Company is not listed on Exhibit A attached to the Motion but is subsequently identified by the Debtors, such Utility Company shall be served with a copy of this Order and be afforded thirty (30) days from the date of service to serve a Request upon the Debtors. Any such Utility Company failing to make a Request within such thirty-day period shall be deemed adequately assured of payment for post-petition services under Section 366 of the Bankruptcy Code without the provision of a deposit or other security from the Debtors, subject to all of the other rights afforded in this Order; and it is further

ORDERED that substantially contemporaneously with the service of this Order on an additional Utility Company as described in the preceding paragraph, the Debtors shall file

with the Court a supplement to Exhibit A to the Motion adding the name of the Utility Company so served, and this Order will be deemed to apply to such Utility Company from the date of such service, subject to a later order of the Court on a Motion for Determination; and it is further

ORDERED that, notwithstanding the foregoing, the hearing on the Motion is continued indefinitely with respect to Utility Company JEA (f/k/a Jacksonville Electric Authority) ("JEA"), pending the conclusion of further negotiations with the Debtors. In the event of an impasse in such negotiations, JEA may notice the Motion for hearing in compliance with the Court's Order (A) Establishing Notice Procedures on a Final Basis and (B) Continuing Hearing with Respect to Scheduling Omnibus Hearings dated March 4, 2005. JEA shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code until and unless this Court orders otherwise in connection with such hearing; and it is further

ORDERED that, notwithstanding the foregoing, the hearing on the Motion is continued indefinitely with respect to Utility Companies BellSouth Business Systems, Inc., BellSouth Long Distance, Inc., and BellSouth Telecommunications, Inc. (collectively, "BellSouth"), pending the conclusion of further negotiations with the Debtors. In the event of an impasse in such negotiations, BellSouth may notice the Motion for hearing in compliance with the Court's Order (A) Establishing Notice Procedures on a Final Basis and (B) Continuing Hearing with Respect to Scheduling Omnibus Hearings dated March 4, 2005. Pending resolution of adequate assurance through negotiations between BellSouth and the Debtors or as ordered by the Court, BellSouth shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services and from requiring the payment of a deposit or other security in connection with the continued provision of services to the Debtors; and it is further

ORDERED that, notwithstanding the foregoing, the hearing on the Motion is continued until April 12, 2005 at 10:00 a.m. with respect to Utility Companies American Electric Power, Alabama Power Company, Carolina Power & Light d/b/a Progress Energy Carolinas, Duke Energy Corporation d/b/a Duke Power Company, Entergy Gulf States, Inc., Entergy Louisiana, Inc., Entergy Mississippi, Inc., Entergy New Orleans, Inc., Florida Power and Light Company, Florida Power Corporation d/b/a Progress Energy Florida, Orlando Utilities Commission, Tampa Electric Company, and Virginia Electric and Power Company d/b/a Dominion Virginia Power and Dominion North Carolina Power, to permit further negotiations with the Debtors.  Such Utility Companies shall be deemed to be adequately assured of payment under Section 366 of the Bankruptcy Code until and unless this Court orders otherwise in connection with such hearing; and it is further

ORDERED that, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Utility Company nor shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by Sections 362 and 365 of the Bankruptcy Code or other applicable law, and nothing herein shall be deemed a waiver by the Debtors or any other party of any right with respect to the assumption or rejection of any executory contract; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  March 10, 2005
      New York, New York

-7-

<u>/s/ ROBERT D. DRAIN</u>
UNITED STATES BANKRUPTCY JUDGE

/s/ ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE