James S. Carr (JC 1603)
Debra SuDock (DS 5605)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

Counsel for The Dannon Company, Inc.
and Lea & Perrins, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.,* ) | |
| ) | Case No. 05 – 11063 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

**LIMITED OBJECTION OF THE DANNON COMPANY, INC. AND LEA & PERRINS, INC. TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING RETURN OF GOODS PURSUANT TO 11 U.S.C. §546, (B) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING <u>THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS</u>**

The Dannon Company, Inc. and Lea & Perrins, Inc. (collectively "Dannon"), creditors in connection with the above-captioned cases, by and through its undersigned counsel, hereby file this limited objection (the "Objection")[1] to the Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. §546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering With Delivery of Goods (the "Reclamation Procedures Motion"), dated as of February 21, 2005, by Winn-Dixie Stores,

---

[1] By agreement with the Debtors, Dannon's time to object to the Reclamation Procedures Motion was extended to March 10, 2005 at 11:59 p.m.

Inc., *et al.,* the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). In support of their Objection, respectfully state as follows:

## BACKGROUND

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). Since the Petition Date, the Debtors have operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Dannon sells to the Debtors, among other things, yogurt and yogurt-related products (the "Dannon Goods") which have a limited shelf life. Dannon holds a valid reclamation claim (the "Reclamation Goods") in the aggregate amount of approximately $370,000.[2] On February 22, 2005, pursuant to section 546 of the Bankruptcy Code and Article 2-702(2) of the Uniform Commercial Code, Dannon timely served its written demand for reclamation (the "Reclamation Demand") upon the Debtors.

3. On February 21, 2005, the Debtors filed the Reclamation Procedures Motion. Pursuant to the Reclamation Procedures Motion, the Debtors seek entry of an order, *inter alia*, (i) establishing procedures (the "Reclamation Procedures") for the allowance or disallowance of reclamation claims and (ii) authorizing the Debtors' return of "unusable" Reclamation Goods to the applicable vendors.

4. Dannon does not object to the establishment and implementation of reclamation procedures in these cases provided such procedures do not prejudice Dannon's rights. Nor does Dannon object to the concept of a return policy for "unusable" goods provided

---

[2] Dannon's reclamation claim is approximately $340,000 and Lea & Perrins, Inc.'s reclamation claim is approximately $27,000.

such policy is in accordance with the ordinary return polices for goods sold to the Debtors. As such, Dannon objects to several dimensions of the Reclamation Procedures to the extent that they negatively impact upon Dannon's rights, including its right to the allowance and payment in full of an allowed administrative claim pursuant to section 546 of the Bankruptcy Code.

## LIMITED OBJECTION

**A.     The Return Policy Under the Reclamation
         Procedures Should Conform With The
         Ordinary Return Policies of Dannon.**

5.  The proposed return policy is overbroad and arbitrary. Pursuant to the return policy proposed pursuant to the Reclamation Procedures Motion (the "Proposed Return Policy"), the Debtors may return any goods that are "not out of date" and were delivered within ten (10) days prior to the Petition Date to offset the purchase price for such goods against a vendors' pre-petition claim.

6.  The Proposed Return Policy grants the Debtors unbridled discretion in determining which goods they will return to their vendors, and allows the Debtors to circumvent the normal return policies for damaged and/or unacceptable goods set forth in the Debtors' agreements with their vendors and/or the customary practice between the parties. Consequently, the Proposed Return Policy allows the Debtors, in lieu of providing Dannon with a valid reclamation claim, to return worthless goods (because of the limited shelf life) which would not otherwise be returnable.

7.  An Order approving the Reclamation Procedures Motion would condone such action which is especially prejudicial to Dannon because of the perishable nature of their goods. The Reclamation Procedures should require the Debtors to comply with the ordinary return policy with Dannon for the return of any goods.

3

**B.     The Cash Proceeds from the Sale of Any of
Dannon's Reclamation Goods Should be Segregated
for the Purpose of Paying Dannon's Reclamation Claim In Full.**

8.   The Debtors also seek to reserve their rights to assert "any defense to the value of a Reclamation Claim based upon the existence of a prior perfected lien on the Goods" on which such Reclamation Claim is based. Allowing the Debtors to reserve their right to assert the existence of such lien is prejudicial to Dannon because the Debtors fail to provide for the segregation of the cash proceeds from the sale of any of the Reclamation Goods. To allow the Debtors to assert such a defense to Dannon's reclamation claims, without requiring the Debtors to segregate the sale proceeds, will ultimately prejudice Dannon's rights by leaving Dannon with a general unsecured claim for such goods, instead of an administrative priority claim. See, e.g., *In re Pittsburgh-Canfield Corp.*, 309 B.R. 277 (B.A.P. 6th Cir. 2004).

9.   As such, the Debtor should be required to segregate the cash proceeds from the sale of goods for which Dannon has made a reclamation claim for the purposes of paying the full amount of Dannon's reclamation claim.

10.   Dannon reserves all of its rights with regard to the balance of the proposed Reclamation Procedures and submits that the Dannon's reclamation claim must be reconciled and analyzed in accordance with section 546 of the Bankruptcy Code and applicable law, including with regard to the Debtors' burden to submit proof in the form of admissible evidence.

**C.     The Debtors are Seeking Improper Releases
under the Reclamation Procedures Motion.**

11.   Finally, the Debtors are seeking a release of any claims related to the Goods constituting the Allowed Reclamation Claim a vendor may hold against (i) the Debtors, (ii) their past, present, and future directors, officers, and employees, and (iii) all property and assets of the Debtors. The proposed release is improper and, at the minimum, premature. Any

such broad release (assuming such release would even be appropriate) can only be contemplated in the context of a plan of reorganization.  The Debtors are already obligated to satisfy reclamation claims under the Bankruptcy Code and cannot unilaterally impose additional requirements to the prejudice of their creditors.  The release language should be stricken from any order granting the Reclamation Procedures Motion.

**WHEREFORE**, Dannon respectfully requests that the Court (i) deny the Reclamation Procedures Motion or, in the alternative, (ii) grant the relief sought herein, and (iii) grant such other and further relief this Court deems just and proper.

Dated: New York, New York
March 10, 2005

                         KELLEY DRYE & WARREN LLP

                         By: */s/ Debra SuDock*_____
                              James S. Carr (JC 1603)
                              Debra SuDock (DS 5605)
                         101 Park Avenue
                         New York, New York 10178
                         Tel:  212-808-7800
                         Fax:  212-808-7897

                         Attorneys for The Dannon Company, Inc.
                         and Lea & Perrins, Inc.