UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                      :
In  re                                           :
                                                      :     Chapter 11
WINN-DIXIE STORES, INC., et al.,     :
                                                       :     Case No. 05-11063 (RDD)
                 Debtors.           :     Jointly Administered
                                                       :
-------------------------------------------------------x

**LIMITED OBJECTION OF BAL GLOBAL FINANCE LLC (F/K/A FLEET BUSINESS CREDIT CORPORATION) TO THE EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001 (b) AND (c)**

BAL Global Finance LLC (f/k/a/ Fleet Business Credit Corporation) ("Balco"), by its undersigned counsel, as and for its limited objection ("Objection") to the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, as debtors and debtors-in-possession (collectively, the "Debtors"), for and interim and final orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (the "Motion"), which has been granted on an interim basis pursuant to an interim order filed at Docket No. 55 (the "Interim Order"), respectfully represents as follows:

## BACKGROUND

1. On February 21, 2005, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

2. Balco and Winn-Dixie Stores, Inc. ("Winn-Dixie"), one of the Debtors herein, are parties to a series of lease agreements consisting of eight (8) lease schedules in Balco's name and ninety-three Panasonic (93) lease schedules assigned to Balco relating to various pieces of office equipment (collectively, the "Balco Leases").

3. Pursuant to the DIP Motion, the Debtors request, *inter alia*, authorization to obtain secured post-petition financing from Wachovia Bank National Association as Administrative Agent and Collateral Agent ("Wachovia") up to an aggregate principal amount of $800 million (the "DIP Facility"). In connection with the DIP facility, the Debtors propose to grant Wachovia a perfected first priority, senior priming lien on all property of the Debtors.

4. Balco objected to the Interim Order to the extent that the Motion or Interim Order purported to grant Wachovia any interest in the Balco Leases, the equipment subject thereto or their proceeds. With the consent of Wachovia's counsel a statement was read into the record at the hearing at which the Interim Order was entered carving out the Balco Leases, the equipment subject thereto and their proceeds from the collateral securing the DIP facility.

5. On February 25, 2005, Balco requested a similar exclusion of the Balco Leases, the equipment subject thereto and their proceeds from the final DIP Order. Neither the Debtors nor Wachovia responded to that request. The draft final order delivered to Balco in accordance with the notice procedures regarding the Motion contains no such carveout.

## **LIMITED OBJECTION**

6.   Because of the broad language of the Motion, draft final order and accompanying documentation, it is not clear whether the Debtors are seeking authority to pledge the Balco Leases, equipment subject thereto or the proceeds thereof to collateralize the DIP Facility.  In the event that is the intent or the effect of the Debtors' request, Balco respectfully objects to any attempt of the Debtors to pledge property they do not own.

7.   In addition, in the event that there were to be a determination that any of the Balco Leases is a financing agreement, Balco objects to the Motion on the grounds that it does not provide adequate protection for Balco's interest in the equipment or the proceeds thereof pursuant to Bankruptcy Code § 363(e).

8.   Balco respectfully requests that the Balco Leases, the equipment subject thereto and the proceeds thereof be excluded from the collateral pledged to Wachovia to collateralize the DIP facility.

9.   Because the relief requested in this Objection is not novel or complex, Balco respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

WHEREFORE, based upon the foregoing, Balco requests that the Court condition the granting of the relief requested in the Motion upon clarification that no lien has been granted in the Balco Leases, the equipment subject thereto or the proceeds thereof.

Dated: New York, New York
    March 11, 2005

>
> KAYE SCHOLER LLP
> Counsel for BAL Global Finance LLC (f/k/a Fleet Business Credit Corporation)
>
>  s/ Richard G. Smolev
> Richard G. Smolev (RS-2222)
> Keith R. Murphy (KM-5827)
> 425 Park Avenue
> New York, New York 10022
> (212) 836-8000