Robert Scheinbaum (RS2321)
Thomas G. Aljian, Jr., Esq. (TA6464)
PODVEY, MEANOR, CATENACCI, HILDNER & COCOZIELLO, P.C.
1 Riverfront Plaza, Suite 800
Newark, New Jersey 07102
Tel:  973/623-1000
Fax:  973/623-9131

Mary E. Gardner, Esq. (MG5314)
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy, Suite 903
Palatine, Illinois 60067
Tel:  847/934-6500
Fax: 847/934-6508

*Attorneys for Flavor-Pic Tomato Co., Inc.,*
*Cavendish Farms Operations, Inc., Yakima-Roche*
*Fruit Sales LLC, and Gulfstream Tomato Growers, Inc.*

Jeffrey M. Chebot, Esq. (JC8441)
WHITEMAN, BANKES & CHEBOT, LLC
Suite 1300 - Constitution Place
325 Chestnut Street
Philadelphia, PA 19106
Tel:  215/829-0014
Fax: 215/829-0059

*Attorney for Sunkist Growers, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Case No. 05-11063 |
| WINN-DIXIE STORES, INC., et al. | (Consolidated) |
| | Judge. Robert D. Drain |
| Debtor. | |

**PACA CLAIMANTS' LIMITED OBJECTION TO DEBTOR'S USE**
**OF NON-ESTATE PROPERTY AS CASH COLLATERAL**

Flavor-Pic Tomato Co., Inc.; Cavendish Farms Operations, Inc.; Yakima-Roche Fruit Sales LLC; Gulfstream Tomato Growers, Inc.; Sunkist Growers, Inc.; D.L.J. Produce, Inc.; Church Brothers, LLC; David Oppenheimer & Associates; Manny Lawrence Sales, Inc.; Chubs Peanuts; Pero Packing and Sales, Inc.; The Pictsweet Company; Powerhouse Produce, LLC; Schoenmann Produce Co., Inc.; Spice World, Inc.; Unifrutti of America, Inc.; West Pak Avocado, Inc.; and Wm. G. Roe & Sons, Inc. (collectively, the "PACA Claimants"), each a party in interest, hereby make their limited objection to the continued use of non-estate property as cash collateral in the possession of the debtor and debtor-in-possession, Winn-Dixie Stores, Inc. and its affiliated entities (collectively, the "Debtors").

PACA Claimants hold claims against the Debtors, qualified as a trust claim under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499t, as amended (2000 & Supp. 2003) (the "PACA").  The statutory trust provisions found in the PACA impose several restrictions and limitations on the normal operation of the Bankruptcy Code and its scheme for marshaling a debtor's assets.  The presence of PACA claims in this case raises two distinct issues: first, the nature and scope of the PACA trust rights and, second, the effect of this statutory trust on the rights of a trustee or debtor-in-possession to administer the estate's assets.

**I.**

**STATUTORY TRUST SCHEME**

A.    SCOPE OF THE PACA TRUST

The PACA trust provisions state all fresh or frozen perishable agricultural commodities ("Produce"), as well as "all inventories of food or other products derived from [Produce], <u>and any receivables or proceeds</u> from the sale of such commodities or products, <u>shall be held by [the Produce Debtor] in trust</u> for the benefit of all unpaid suppliers or sellers of such commodities . . . <u>until full payment</u> of the sums owing in connection with such transactions <u>has been received by such unpaid suppliers</u>, seller, or agents." 7 U.S.C. § 499e(c)(2) (emphasis added).  There is no requirement for PACA trust beneficiaries to trace such trust assets.  The House Report which accompanied the legislation stated as follows:

> [t]he trust impressed by section 5(c)(2) is a nonsegregated "floating trust" made up of all a firm's commodity related liquid assets, under which there may be commingling of trust assets.  Under this provision <u>there is no necessity  to specifically identify all of the trust assets through each step of the accrual and disposal process.</u>

H.R. Rep. 98-543, at 5, 1984 U.S. Code Cong. & Admin. News 407, 409 (emphasis added).

"Since commingling is contemplated [in the PACA], all trust assets would be subject to the claims of unpaid suppliers . . . to the extent of the amount owed to them."  <u>In re Atlantic Tropical Market</u>, 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990);  <u>In re Richmond Produce</u>, 112 B.R. 364, 368 (N.D. Cal. 1990) ('[t]he unpaid sellers are not required to trace and the trust arises immediately upon delivery.");  see also <u>In re Kornblum & Co., Inc.</u>, 81 F.3d 280, 286 (2d Cir. 1996) (citing regulatory contemplation of commingling of PACA trust assets).

The Court in <u>Atlantic Tropical Market</u> considered this legislative history when it found the only role tracing plays in a PACA situation is based upon the presumption of a debtor-purchaser's superior knowledge of the origin of the funds used to acquire each of its assets. <u>Id</u>. Because of the debtor's superior knowledge, Congress placed <u>on the Produce Debtor</u> the burden to "track the status of the trust fund and to provide evidence of other origin of purchases of assets." <u>Id</u>. <u>citing</u>, <u>In re Fresh Approach</u>, 51 B.R. 412, 422 (Bankr. N.D. Tex. 1985) ("[s]hould a dispute arise, it will be the Debtor's burden to establish which, if any, assets are not subject to the PACA trust."); <u>In re N. Merberg & Sons</u>, 166 B.R. 567, 570 (Bankr. S.D.N.Y. 1994);  <u>In re: Milton Poulos, Inc.</u>, 94 B.R. 648, 652-53 (Bankr. C.D. Cal. 1988) <u>aff'd</u> 107 B.R. 715 (9th Cir. BAP 1989) ("the debtor or bankruptcy trustee, rather than the trust beneficiary, is responsible for determining which assets, if any, are not subject to the trust.").

The Court in <u>Sanzone-Palmisano Co. v. Seaman Enterprises</u>, 986 F.2d 1010 (6th Cir. 1993) provides a more detailed discussion on the issue of tracing and the policy reasons for placing the burden on the debtor-purchaser. <u>Id</u>. at 1013.   While the Court recognized the oftentimes insurmountable burden this places on a debtor, it also recognized its limitations in finding:

> that in most cases it will be virtually impossible for a PACA debtor to trace the origin of the disputed assets... <u>[w]e believe that this is the outcome that Congress intended</u>.

<u>Id</u>. at 1014 (emphasis added).  After finding the supplier had established the validity of its PACA trust interest, the Sixth Circuit in <u>Sanzone-Palmisano</u> stated the burden on remand to the district court would be on the debtor to "prove which seized assets were not purchased with funds from the sale of produce.  All of the seized assets that cannot be traced [by the debtor] to a non-trust source

are part of the trust *res* and are subject to [supplier's] trust claim". Id. at 1014 (emphasis added).

See Tony Vitrano Company v. National Produce, 815 F. Supp. 23 (D.D.C. 1993).

Accordingly, as recognized in the Second Circuit, all of the Debtors' assets are to be

considered PACA trust assets unless and until the Debtor can prove such assets were not acquired

with the proceeds of the Debtor's transactions in Produce. In re Kornblum & Co., Inc., 81 F.3d at

287 (debtor's burden), citing Sanzone-Palmisano Co., 986 F.2d at 1012, with approval.

B.    PACA TRUST ASSETS ARE NOT PROPERTY OF ESTATE

Any PACA trust claim is entitled to a level of priority which takes it outside of the normal

marshaling scheme under Title 11 since assets held in trust for another are expressly excluded from

"property of the estate" under § 541(d). Accordingly, the Debtors are limited in what it can do with

this "non-estate property."

Courts having faced similar issues are unanimous in finding the corpus of an express trust

created under the provisions of the PACA is not "property of the estate" within the scope of § 541 of

the Bankruptcy Code. 11 U.S.C. § 541(d). See In re Super Spud, 77 B.R. 930, 931 (Bankr. M.D.

Fla. 1987) citing In re Fresh Approach, 51 B.R. 412, 419 (Bankr. N.D. Tex. 1985). See also In re

Kornblum & Co., Inc., 81 F.3d 280, 284 (2d Cir., Apr 09, 1996) ("in the event of the Produce

Debtor's bankruptcy, the Bankruptcy Code excludes the PACA trust assets from the bankruptcy

estate") citing  United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.10 (1983) (the Bankruptcy

Code "plainly exclude[s from the bankruptcy estate] property of others held by the debtor in trust at

the time of the filing of the [bankruptcy] petition") and Morris Okun, Inc. v. Harry Zimmerman, Inc.,

814 F. Supp. 346, 348 (S.D.N.Y. 1993) (PACA trust assets are not property of the estate).

The issue of such assets being beyond the estate's reach for financing any reorganization effort has been resolved in favor the PACA trust beneficiaries **every time** the issue has been considered due to the clarity of the legislative intent of these trust provisions.  In re United Fruit & Vegetable, Inc., 191 B.R. 445 (Bankr. D.Kan. 1996); In re Morabito Bros., Inc., 188 B.R. 114 (Bankr. W.D.N.Y. 1995); In re Nix, 1992 WL 119143 (M.D. Ga. 1992); In re United Fruit and Produce Co., Inc., 119 B.R. 10 (Bankr. D.Conn. 1990); In re Oberlies, 94 B.R. 916 (Bankr. E.D.Mich. 1988); In re Milton Poulos, Inc., 94 B.R. 648 (Bankr. C.D.Cal. 1988); In re Asinelli, Inc., 93 B.R. 433 (M.D.N.C. 1988); In re United Fruit & Produce Co., Inc., 86 B.R. 14 (Bankr. D.Conn. 1988); In re Super Spud, Inc., 77 B.R. 930 (Bankr. M.D.Fla. 1987); In re W.L. Bradley Co., Inc., 75 B.R. 505 (Bankr. E.D.Pa. 1987); In re Monterey House, Inc., 71 B.R. 244 (Bankr. S.D.Tex. 1986); In re Behring Intern., Inc., 61 B.R. 896 (Bankr. N.D.Tex. 1986); In re Fresh Approach, Inc., 51 B.R. 412, 13 (Bankr. N.D.Tex. 1985).

## II.

### THE DEBTORS CANNOT ADMINISTER OR USE, AS CASH COLLATERAL, ASSETS WHICH ARE NOT PROPERTY OF THE ESTATE UNDER § 541

A.   CASH COLLATERAL

Regardless of which way the Debtors attempt to use the PACA Trust assets as cash collateral, whether in the ordinary course of business under § 363(c)(1) or "other than in the ordinary course" under § 363(b)(1), they can only use assets which constitute "property of the estate".  As cited above, PACA trust assets are not property of the estate.  See supra ¶¶ 8-9.  Accordingly, the Debtors, or any successors in interest, are prohibited from using the PACA trust assets as "cash collateral" any time during their effort to enhance the liquidation value of the Debtors' assets.

Under § 363(b)(1), a trustee or DIP "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, <u>property of the estate</u>."  11 U.S.C. § 363(b)(1) (emphasis added).  This language carries through to § 363(c)(1) which states a trustee or DIP  "may enter into transactions, including the sale or lease of <u>property of the estate</u>, in the ordinary course of business, without notice or a hearing, and may use <u>property of the estate</u> in the ordinary course of business without notice or a hearing."  11 U.S.C. § 363(c)(1) (emphasis added).  Thus, by definition, neither the Debtors, nor any successors in interest, can use or consume, as cash collateral, any portion of the PACA trust assets because such assets are simply <u>not</u> property of the estate.

B.    <u>OBTAINING CREDIT</u>

The Debtors are similarly prohibited from pledging the PACA trust assets as collateral for any post-petition financing obtained under § 364.  While the Debtors may be free to "obtain unsecured credit and incur unsecured debt in the ordinary course of business" under § 364(a), such debt is limited to priority as an administrative expense allowable under § 503(b)(1).  <u>See</u>  § 364(a). It is axiomatic that any such administrative expense claims may only be paid out of *<u>property of the estate</u>*.  No part of such claims can be satisfied with the property Congress has stated belongs to the beneficiaries of the PACA trust.  Because the PACA Trust assets are not property of the debtor's bankruptcy estate, PACA trust creditors are entitled to priority in payment ahead of secured creditors, administrative costs and expenses, and all other priority and general creditors.  <u>In re Fresh Approach, Inc.</u>, 51 B.R. at 419; see also <u>In re Kornblum & Co., Inc.</u>, 81 F.3d at 284 (PACA trust creditor is entitled to claim trust property ahead of secured creditors); <u>Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.</u>, 67 F.3d 1063, 1067 (2d Cir. 1995) (same).

In the event the Debtors seek to incur debt other than in the ordinary course, the provisions of § 364(c) take over.  Regardless of what provision of the Code the Court relies upon to permit the Debtors' request here, the PACA Claimants respectfully submit this Court lacks the requisite subject matter jurisdiction <u>to create rights, in favor of a third party, in assets which are not property of the estate</u>.  <u>See</u> § 364(c)(1)-(3).  <u>See also</u>, § 364(d)(1) (similarly allowing liens only on "property of the estate").

Accordingly, the Debtors cannot use, consume, sell or pledge these PACA trust assets for any reason other than the payment of the unpaid PACA trust beneficiaries such as the PACA Claimants here, unless and until the PACA trust claims and all "sums owing in connection with such transactions" are satisfied in full.

**FOR THESE REASONS,** the PACA Claimants herein make their limited objection to any attempt by the Debtors to (i) use, consume or pledge the PACA trust assets to any DIP lender in connection with any post-petition financing to continue their post-petition operations, or (ii) limit in any way thereby the validity or priority of qualified PACA trust claims.  Under existing law, any and all assets held in the Debtors' names, including, but not limited to, all cash, inventory, accounts receivable and the proceeds thereof, are expressly impressed with the statutory PACA trust and the must be maintained intact until the PACA Claimants' claims are satisfied in full from the trust *res*. Any contrary action, in the absence of such claims being paid in full, will improperly create rights in a third party against assets which are clearly not property of this Debtors' estate.

Dated: March 11, 2005                              Respectfully submitted,

PODVEY, MEANOR, CATENACCI,
HILDNER & COCOZIELLO, P.C.              WHITEMAN, BANKES & CHEBOT, LLC


By:_/S/_____          By:_/S/_____
   Robert Scheinbaum, Esq. (RS2321)          Jeffrey M. Chebot, Esq. (JC8441)
   1 Riverfront Plaza                              Suite 1300 - Constitution Place
   Newark, New Jersey 07102                    325 Chestnut Street
   Tel:  973/623-1000                            Philadelphia, PA 19106
   Fax:  973/623-9131                            Tel:  215/829-0014
                                       Fax: 215/829-0059
                                       *Attorneys for Sunkist Growers, Inc.*

Co-Counsel:
Mary E. Gardner, Esq. (MG5314)
KEATON & ASSOCIATES, P.C.
1278 W. Northwest Hwy, Suite 903
Palatine, Illinois 60067
Tel:  847/934-6500
Fax: 847/934-6508
*Attorneys for Flavor-Pic Tomato Co., Inc.;*
*Cavendish Farms Operations, Inc.; Yakima-Roche*
*Fruit Sales LLC; and Gulfstream Tomato Growers, Inc.*


RYNN & JANOWSKY, LLP


By:_/S/_____
   Patricia A. Rynn, Esq.
   Priscilla W. Grannis, Esq.
   4100 Newport Place Drive, Suite 700
   Newport Beach, CA 92660
   Tel:  949/752-2911
   Fax: 949/752-0953
   *Attorneys for D.L.J. Produce, Inc.; Church*
   *Brothers, LLC; David Oppenheimer &*
   *Associates; Manny Lawrence Sales, Inc.;*
   *Chubs Peanuts; Pero Packing and Sales,*
   *Inc.; The Pictsweet Company; Powerhouse*
   *Produce, LLC; Schoenmann Produce Co.,*
   *Inc.; Spice World, Inc.; Unifrutti of America,*
   *Inc.; West Pak Avocado, Inc.; Wm. G. Roe*
   *& Sons, Inc.*