Carolyn Hochstadter Dicker (CD-3987)
Morton R. Branzburg
Carol Ann Slocum
Klehr, Harrison, Harvey, Branzburg & Ellers LLP
260 South Broad Street, 4th Floor
Philadelphia, PA  19102
(215) 568-6060 (Telephone)
(215) 568-6603 (Facsimile)
Counsel for Hershey Foods Corporation

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., <u>et al.</u>,** | : | **Case No. 05-11063** |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | |

---------------------------------------------------------------x

**LIMITED OBJECTION OF HERSHEY FOODS CORPORATION AND JOINDER IN OPPOSITION AND OBJECTIONS OF CERTAIN OTHER TRADE CREDITORS ASSERTING RECLAMATION CLAIMS TO DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT <u>TO BANKRUPTCY RULES 4001(b) AND (c)</u>**

Hershey Foods Corporation ("Hershey"), by its attorneys, Klehr Harrison Harvey Branzburg & Ellers LLP, hereby files a Limited Objection to The Debtors' Emergency Motion Pursuant To 11 U.S.C. §§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) (the "Financing Motion").  In addition, Hershey hereby joins in the Objection filed on behalf of Clorox Sales

Company, ConAgra Foods, Inc., Conopco, Inc., Frito Lay Inc., et als. to the Debtors' Financing Motion. In support of its limited objection, Hershey respectfully represents as follows:

### Background

1.  On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2.  Prior to the Petition Date, Hershey sold goods to the Debtors on credit. On or about February 17, 2005, Hershey made a reclamation demand upon the Debtors for the return of goods delivered by Hershey to the Debtors before the Petition Date. The Debtors did not return any of the goods subject to Hershey's reclamation demand.

3.  On February 21, 2005, the Debtors filed the Financing Motion, in which the Debtors state that as of the Petition Date, they had obligations to their secured lenders in the aggregate amount of $427 million under a Pre-Petition Credit Agreement.[1] (Financing Motion, ¶¶8, 10.) The Debtors propose to fully satisfy their obligations under the Pre-Petition Credit Agreement by obtaining post-petition secured loans and advances from Wachovia Bank National Association, as Administrative Agent and Collateral Agent, ("Lender") in an amount up to $800 million. The Debtors seek authority to obtain the $800 million in post-petition financing and to grant to the Lender, among other protections, first priority security interests in substantially all of the Debtors' assets and properties, with priority over all other secured and unsecured creditors. (Financing Motion, ¶31(g)).

---

[1] Capitalized terms not defined in this Limited Objection shall have the meanings ascribed to those terms in the Financing Motion.

4.     Although the obligations under the Pre-Petition Credit Agreement will be paid in full, the Debtors propose that the pre-petition lenders will continue to hold liens, on Pre-Petition Collateral to secure up to $1 million in professional fees and expenses incurred by the pre-petition Lender and to secure any Contingent Pre-Petition Lender Debt.  (Financing Motion, ¶¶20(c), 31(k)).

## Hershey's Limited Objections

5.     As a reclamation claimant, Hershey objects to those provisions of the Financing Motion that adversely affect its rights under applicable law prior to adjudication of its reclamation claim.  Specifically, Hershey objects to the (a) potential assignment of the liens and security interests of the Pre-Petition Lender to the post-petition Lender notwithstanding full satisfaction of the debt held by the Pre-Petition Lender and (b) granting of post-petition liens to the Lender without providing Hershey adequate protection of its interest in property of the Debtor in accordance with Hershey's rights as a reclamation claimant.

6.     Section 546(c) of the Bankruptcy Code provides that a seller of goods to a debtor "in the ordinary course of such seller's business" has the right "to reclaim such goods if the debtor has received such goods while insolvent, but-

> (1) such seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods –
>
>    (A) before 10 days after receipt of such goods by the debtor; or
>
>    (B) if such 10-day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and
>
> (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court-

>   (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
>
>   (B) secures such claim by a lien.

11 U.S.C. section § 546(c).

7. The language of section 546(c) of the Bankruptcy Code mirrors and implements the language of section 2-702 of the UCC which grants the right of reclamation to a seller of goods. The provisions of section 546(c) are intended to preserve the right of reclamation and grant adequate protection of such right to a seller who is denied the remedy of reclamation by a Bankruptcy Court.

8. UCC section 2-702 provides as follows, in pertinent part:

>   (b) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt . . .
>
>   (c) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good-faith purchaser under this Article.

UCC §§ 2-702(b) and (c).

9. Bankruptcy courts generally require a reclaiming creditor to show that (a) the seller sold the goods in the ordinary course of its business, (b) the purchaser received the goods while insolvent, (c) the seller demanded return of the goods in writing within 10 days after the purchaser received the goods, and (d) the purchaser was in possession of the goods when it received the seller's reclamation demand. *In re Pester Refining Co.*, 946 F.2d 842, 845 (8th Cir. 1992); *see Allegiance Healthcare Corp. v. Primary Health Systems, Inc.* (*In re Primary Health Systems, Inc.*), 258 B.R. 111, 114 (Bankr. D. Del. 2001).

10. The right of a seller to reclamation is based on the theory that the seller has been defrauded. *Pester*, 964 F.2d at 844. The reclamation right has been found to constitute a

4

property right that a seller has in the goods sold.  *See, In re Shattuc Cable Corp.,* 138 B.R. 557, 563 (Bankr. N.D. Ill.  1992); *accord In re PFA Farmers Market Ass'n*, 583 F.2d 992, 1001 (8th Cir. 1978).

11.    The reclamation right qualifies as a "lien" under section 101(37) of the Bankruptcy Code which defines a lien as "charge against or interest in property to secure payment of a debt or performance of an obligation."  11 U.S.C. § 101(37); s*ee Primary Health*, 258 B.R. at 118 (timely reclamation demand "perfected any rights [seller] had in inventory"). This perfected reclamation right is permitted as an exception to the trustee or DIP's strong arm powers.  *Primary Health*, 258 B.R. at 114.

12.    Where a secured creditor has a perfected security interest in the inventory that is subject to the seller's reclamation right, the UCC's language of "subject to" renders the reclamation right subordinate to such security interest.  *Pester*, 964 F.2d at 846; *accord Primary Health*, 258 B.R. at 116, n.5.  Therefore, after the secured creditor's superior interest has been satisfied or released, the reclaiming seller retains a priority interest in the remaining goods and in any surplus proceeds from the secured creditor's foreclosure sale, if any.  *In re Georgetown Steel Company, LLC,* 318 B.R. 340, 348 (Bankr. D.S.C. 2004); *Pester*, 964 F.2d at 846.  Similarly, where the secured creditor's lien is oversecured, the reclaiming seller retains its priority interest in the goods subject to its reclamation claim.  *Primary Health*, 258 B.R. at 118; *accord In re Houlihan's Restaurant, Inc.,* 286 B.R. 137, 139-40 (Bankr. W.D. Mo. 2002).

13.    Accordingly, pursuant to section 546(c) of the Bankruptcy Code, a bankruptcy court may deny reclamation to a seller with such right only if the court grants to the seller adequate protection in the form of either a replacement lien or an administrative expense priority claim.  11 U.S.C. § 546(c);  *Primary Health*, 258 B.R. at 118.

14.     This reclamation right, if granted in the form of a lien, is superior in time and, thus, in priority, to any postpetition lien that arises under section 364(d) of the Bankruptcy Code. Therefore, a debtor may not encumber any property subject to the lien without providing the reclaiming seller some form of "adequate protection" of its interest in the property.  11 U.S.C. § 364(d)(B).  This is consistent with section 363(e) of the Bankruptcy Code which requires the grant of  "adequate protection" of the interest of an entity in cash collateral held by the debtor where the debtor seeks to use, sell or lease such collateral.  11 U.S.C. §§ 363(e), 364(d)(B).

15.     Such "adequate protection," as defined in section 361 of the Bankruptcy Code, may be made in the form of a cash payment, replacement lien or administrative expense claim under section 503(b)(1) of the Bankruptcy Code.  11 U.S.C. § 361.  Under section 546(c) of the Bankruptcy Code, however, in the absence of a court's grant of any cash payment or turnover of the goods at issue, the court is required to grant such "adequate protection" in the form of a replacement lien or administrative expense claim.  11 U.S.C. § 546(c)(2).  *See* Hesse, Gregory G., *An Argument for Adequate Protection of Reclamation Rights*? 22 Am. Bankr. Inst. J. 28, 29 (March 2003);  Gretchko, Lisa S., *Seller Beware! Is Your Reclamation Claim as Strong as You Think it Is?* 22 Am. Bankr. Inst. J. 20 (March 2003).

16.     Further, courts have held that under section 546(c) of the Bankruptcy Code, the seller is entitled to a replacement lien or an administrative expense priority claim in all assets of the debtor, without being limited to the inventory being reclaimed.  *See, e.g., In re Marko Electronics, Inc.*, 145 B.R. 25, 29 (Bankr. N.D. Ohio 1992); *In re Sunstate Dairy and Food Pro.*, 145 B.R. 341, 346 (Bankr. N.D. Fla. 1992). *Diversified Food Serv.*, 130 B.R. 427, 430 (Bankr. S.D.N.Y. 1991).

17. Hershey submits that it has a valid right of reclamation which has been timely and validly asserted. While Hershey does not, through this Limited Objection, seek this Court's determination of its reclamation rights, Hershey seeks to preserve its reclamation rights as they existed on the Petition Date. Thus any post-petition lien would be subordinate in priority to Hershey's reclamation claim. Hershey is entitled to such right because the prepetition secured claims are being paid in full and, therefore, it would appear that the prepetition lenders are oversecured.

18. The Debtors' Financing Motion seeks to eviscerate the rights of reclamation claimants such as Hershey in two ways. First, the Debtors propose that "all liens and security interests of the Prepetition Lender in the Prepetition Collateral will be terminated *or be deemed to be assigned to Lender as additional collateral security for all Obligations*." Financing Motion, ¶31(g), at page 15. Second, the post-petition financing seeks to create first priority post-petition liens in all property and assets of the Debtors' estates to secure new debt of up to $800 million. Financing Motion, ¶31(g).

19. An assignment of a security interest independent from the obligation that it secures is, in effect, a nullity. *See, e.g., Carpenter v. Longan*, 83 U.S. (16 Wall) 271, 275 (1872); *In re Leisuretime Sports, Inc.,* 194 B.R. 859, 862 (B.A.P. 9th Cir. 1996). According to the Financing Motion, the Lender does not propose to purchase the pre-petition loans, but rather to make new loans to the Debtors. The Debtors propose to completely satisfy the secured prepetition loans, at which time the security interests of the pre-petition lenders will be extinguished, except as to the Contingent Pre-Petition Debt. Therefore, it appears that the proposal in the Financing Motion that the pre-petition liens be deemed assigned is simply an

effort to defeat the rights of reclamation creditors such as Hershey. *See*, *In re Phar-Mor, Inc.*, 301 B.R. 482, 497-8 (Bankr. N.D. Ohio 2003), *See also Georgetown Steel*, 318 B.R. at 348.

20. Similarly, the Debtors cannot defeat the rights of reclamation creditors by granting security interests to the post-petition Lender. *See, Phar-Mor*, 318 B.R. at 497 ("a debtor's decision to grant a security interest in inventory to a *subsequent* secured lender cannot defeat a seller's reclamation rights if the seller asserted its rights before the security interest is granted.")

21. Accordingly, Hershey objects to the Motion to the extent that the post-petition liens would impair the rights of Hershey as a reclamation claimant.

## Waiver Of Memorandum Of Law

22. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, Hershey respectfully requests that the Court waive the requirements that Hershey file a memorandum of law in support of this Objection because there are no novel issues of law presented in the Motion or in this Objection

## CONCLUSION

For the foregoing reasons, Hershey respectfully requests that this Court enter an Order (i) denying the Debtors' Financing Motion, (ii) providing that any post-petition liens granted to post-petition lenders of the Debtors will be subordinate in priority to Hershey's reclamation claim, upon determination of such claim, (iii) granting such other relief as may be necessary to preserve Hershey's reclamation claim as it existed on the Petition Date; and (iv) granting such other relief as this Court deems just and proper.

Dated: March 11, 2005        KLEHR, HARRISON, HARVEY,
                                BRANZBURG & ELLERS, LLP

06380-0038/CHYH1 47537-1

        By: /s/ Carolyn H. Dicker
           Carolyn Hochstadter Dicker, (CD-3987)
           Morton R. Branzburg, Esquire
           260 South Broad St., 5th Floor
           Philadelphia, PA 19102
           Telephone: (215) 568-6060
           Facsimile: (215) 568-6603
           E-mail: chdicker@klehr.com

           Counsel for Hershey Foods Corporation