| | |
|---|---|
| DLA PIPER RUDNICK GRAY CARY US LLP | Return Date: March 11, 2005 |
| 6225 Smith Avenue | 4:00 p.m. |
| Baltimore, Maryland 21209 | Hearing Date: March 15, 2005 |
| Telephone: (410) 580-3000 | 10:00 a.m. |
| Facsimile: (410) 580-3001 | |
| Mark J. Friedman (MF-8849) | |
| Email: *mark.friedman@dlapiper.com* | |

Attorneys for The Clorox Sales Co.; ConAgra Foods, Inc.;
Conopco, Inc.; [1]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
In re                                                      :
                                                           :    **Chapter 11**
                                                           :
**WINN-DIXIE STORES, INC., et al.,**                       :    **Case No. 05-11063 (RDD)**
                                                           :
            Debtors.                                       :    **(Jointly Administered)**
-------------------------------------------------------------- x

**OBJECTION OF CERTAIN TRADE VENDORS AND JOINDER IN OPPOSITIONS AND OBJECTIONS OF CERTAIN OTHER VENDORS AND PACA CLAIMANTS TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

The Clorox Sales Co., ConAgra Foods, Inc., Conopco, Inc., Frito-Lay, Inc., General Mills Inc., Kraft Foods Global, Inc., Masterfoods, a division of Mars, Inc., The Procter & Gamble Distributing Co., The Quaker Oats Company, Sara Lee Corporation, Sara Lee Bakery Group, a division of Sara Lee Corporation and S. C. Johnson & Son, Inc. (hereinafter the "Trade Vendors") object to the Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 And

---

[1] The other parties being represented by above-counsel include: Frito-Lay, Inc.; General Mills Inc.; Kraft Foods Global, Inc.; Masterfoods, a division of Mars, Inc.; The Procter & Gamble Distributing Co.; The Quaker Oats Company; Sara Lee Corporation; Sara Lee Bakery Group, a division of Sara Lee Corporation; S. C. Johnson & Son, Inc.

364 For Interim And Final Financing Orders (I) Authorizing Debtors To Obtain Post-Petition Financing And Utilize Cash Collateral, (II) Granting Adequate Protection To Pre-Petition Lenders, (III) Modifying The Automatic Stay, And (IV) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) And (c) (Dkt. 12) (the "Motion").[2] General Mills Inc. ("General Mills") as a PACA Trust beneficiary, joins in the PACA Claimants' Limited Objection to Debtors' Use of Non-Estate Property as Cash Collateral on behalf on Flavor-Pic Tomato Co., Inc., et al. The Trade Vendors also incorporate by reference their Limited Objection To Motion For Order (A) Authorizing Return Of Goods Pursuant To 11 U.S.C. § 546(g), (B) Establishing Procedures For Treatment Of Reclamation Claims, And (C) Prohibiting Third Parties From Interfering With Delivery Of Goods (Dkt. 350 ); General Mills incorporates by reference its Objection of General Mills Inc. to Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act and Joinder in Objection of Burch Equipment, LLC, et al. and the Opposition of D.L.J. Produce, Inc. (Dkt. 348). In support, the Trade Vendors state as follows:

**Background**

1.   On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2.   Prior to the Petition Date, the Trade Vendors sold goods to the Debtors on credit. As of the Petition Date, the Debtors were indebted to the Trade Vendors in the aggregate in excess of $44 million (current estimate), a substantial amount of which is reflected on the

---

[2] Hereinafter the capitalized terms unless otherwise defined will have the meanings ascribed to them in the Motion.

Debtors' List of 40 Largest Trade Creditors filed with the Voluntary Petition (Dkt. 1). Pursuant to applicable statutory or common law, including Section 2-702 of the Uniform Commercial Code and/or Section 546(c) of the Bankruptcy Code, the Trade Vendors timely exercised their rights to reclaim goods from the Debtors. The resulting reclamation claims of the Trade Vendors (current estimate in excess of $22 million) make up a significant portion of the Debtors' pre-petition indebtedness (as currently estimated) to the Trade Vendors. In addition, General Mills, upon information and belief, has preserved its rights as a beneficiary of the statutory trust created under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e (c) ("PACA"), by placing the statutory language on its invoices as provided by § 499e (c)(4) of PACA, and/or by use of the notice method under § 499e (c)(3) of PACA with respect to certain perishable agricultural commodities supplied to the Debtors prior to the Petition Date worth $356,786.92.

3.   On the Petition Date, the Debtors filed (i) the Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties From Interfering With Delivery of Goods (Dkt. 21) and (ii) the Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act (Dkt. 20) (the "PACA Motion"). Interim orders were entered on each of the Motions and a final hearing set on each for March 15, 2005. The Trade Vendors filed their Limited Objection to Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (Dkt. 350), and General Mills filed its Objection of General Mills Inc. to Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act (Dkt. 348), which are incorporated herein by reference.

4.      Also on the Petition Date, the Debtors filed the Motion seeking authorization on an interim and a final basis to obtain post petition financing and to use cash collateral for the purpose of repaying the Pre-Petition Lender Debt and to fund Debtors' general operating and working capital and administrative costs of their Chapter 11 cases (the "DIP Financing").  After a hearing, an interim order (Dkt. 55) (the "Interim Order") was entered as part of the first day orders.  A final hearing on the Motion was set for March 15, 2005 with a response date of March 11, 2005.

## Objections

5.      In order to obtain Court approval, post-petition financing must respect the balance of rights established and/or preserved by the Bankruptcy Code among the various constituencies present in the bankruptcy case.  In considering a request to approve post-petition financing under 11 U.S.C. § 364, Courts examine whether the proposed terms "tilt the conduct of the bankruptcy case; prejudice, at an early stage, the powers and rights that the Bankruptcy Code confers for the benefit of all creditors; or leverage the Chapter 11 process by preventing motions by parties-in-interest from being decided on their merits."  In re Ames Department Stores, Inc., 115 B.R. at 37.

6.      Courts have found to be unfair and unreasonable proposed financing terms that unduly limit the relief that the Court may grant.  For example, financing terms that allow a lender to declare a default if another creditor exercises its right to seek relief from the automatic stay was rejected in Ames:  "A provision providing for a default or relief from the automatic stay . . . overreaches and can only be designed to skew the Court's disinterested decision of a motion for such relief with the knowledge that to grant such relief may affect hundreds of other creditors and thousands of employees."  Ames, 115 B.R. at 40-41.  Further, the Court in Ames noted that it "was not the practice of this Court" to approve financing with terms that provide a default is

triggered upon the appointment of a trustee or examiner, recognizing that such entrenchment of management may not be in the best interests of the estate and only serves to preclude parties from seeking redress for fraud or gross mismanagement. 115 B.R. at 38.

7. The DIP Financing, as described in the Motion and the Interim Order, appears to raise certain of the issues discussed in <u>Ames</u> and the cases cited therein, the cumulative effect of which, if the DIP Financing is approved in its current form, could skew these cases in favor of the Debtors or other parties at the expense of the Trade Vendors and other similarly situated creditors. These include among other things:

- The Motion at paragraph 31(g) indicates that the security interests and liens of the Lender are to be superior to "all other secured and unsecured creditors of the Debtors' estates." This language is sufficiently broad to include the rights of offset which are secured claims under Section 506(a) of the Bankruptcy Code that should be entitled to adequate protection under Section 363(e) of the Bankruptcy Code. The Trade Vendors should not have to face a later argument by the Debtors or some other party that the DIP Financing extinguished or subordinated the offset rights/secured claims as a result of the priming liens granted thereunder. Although there is a reference to a reservation of rights in the Interim Order, the extent of the reservation and its interplay with the other contrary terms is unclear.

- The DIP Financing provides for the full payment and satisfaction of the Pre-Petition Lender Debt. Nevertheless, the Motion at paragraph 31(g), (k) indicates that the security interests of the Pre-Petition Lender may survive such payment. The survival of a lien following payment of the underlying

debt is contrary to the well established legal principle that payment of the debt extinguishes the lien that secures its payment. While the Interim Order at paragraph 9(a) reserves a right to challenge the propriety of such assignment, it is not altogether clear the extent of the reservation and the interplay with the limited "challenge" period and waiver of rights. Moreover, there is a release from any liability in connection with the pre-petition liens assigned (Interim Order at paragraph 6), which may result in the extinguishment of those claims. The survival of the Pre-Petition Lender's lien would appear to serve only as a vehicle to create or bolster a "Valueless Defense" to reclamation claims where one might not otherwise exist or be limited.

- The Motion at paragraph 31(h) indicates that the Lender is granted a superpriority administrative claim with priority in right of payment over any and all obligations, liabilities and indebtedness of the Debtors now in existence or hereafter incurred. This relief would appear to conflict with the Debtors' acknowledgment in the PACA Motion, that PACA trust beneficiaries are entitled to prompt payment from PACA Trust Assets ahead of secured and unsecured creditors of the Debtors' estates. Further, under the Credit Agreement (Sections 7.1.7 and 8.1.3), it is a default under the DIP Financing to pay pre-petition claims (other than the Pre-Petition Debt) without the consent of the Lender or as otherwise provided in the final order on the DIP Financing.

- The Motion at paragraphs 23, 24, 31(l) contains the Debtors' acknowledgment of the validity of the pre-petition Liens and the amount of the Pre-Petition

Debt. The Motion recites that the Pre-Petition Debt consists of principal in the approximate amount of $265 million and a reimbursement obligation in the approximate amount of $162 million based on letters of credit. While a procedure is provided to permit a challenge to the pre-petition lien or amount of Pre-Petition Debt for a period of 75 days, only the Committee is authorized to pursue it. If there is no Committee challenge, or if the challenge is unsuccessful, it would appear that all parties in interest, including creditors holding reclamation claims, will be bound by the Debtors' acknowledgment. This creates an inherent unfairness for the reclamation creditors. The proposed Reclamation Procedures extend, well beyond 75 days, the time for final decisions as to the allowance and payment of reclamation claims, including issues that could be raised in the context of the "Valueless Defense," for example the issue of whether the Pre-Petition Lender is a good faith purchaser for purposes of UCC 2-702, and the amount of the secured debt (including the effect of any contingent liability based on letters of credit). If bound by the Debtors' acknowledgment, it would appear that the reclamation creditors could be foreclosed from raising these issues in the context of a challenge to the allowance of their reclamation claims. Acknowledgments by Debtors as to the amount of Pre-Petition Debt, the validity of the pre-petition liens, and the like, even after the 75 day challenge period, should not be binding upon reclamation creditors in this context.

- The DIP Financing appears to restrict the relief the Court may grant by providing, among other things, that a default is triggered by the appointment

of a trustee or examiner with expanded powers, or if the Debtors are authorized to obtain credit, incur debt with a security interest or the allowance of a priority or administrative claim with a status that is equal or superior to the Lender unless the Lender consents or the Debtors' Obligations to the Lender are first satisfied.  Further, the DIP Financing provides that the Lender will not be subject to "marshaling" or similar equitable doctrines (Interim Order at paragraph 6).  The Chapter 11 process should not be leveraged to this extent at this juncture of the case.

8. Under the circumstances of these cases and in light of the rights of the Trade Vendors, under among other things, Sections 506(a), 553 and 546(c) of the Bankruptcy Code, adequate protection of such rights, including, but not limited to, rights of offset, secured claims arising therefrom, rights of recoupment, and as a PACA trust beneficiary, are required under 11 U.S.C. §§ 363 and/or 364.  The rights and remedies of the Trade Vendors and similarly situated creditors, including offset, recoupment, reclamation and PACA, should be preserved and not prejudiced or adversely affected by the DIP Financing.  The relief as sought in the Motion fails to adequately protect such rights and claims.  The Trade Vendors therefore respectfully request, pursuant to, among other bases, 11 U.S.C. §§ 361, 363 and 364, that the Court condition the grant of relief upon the provision of adequate protection to the Trade Vendors and/or the incorporation of provisions which preserve and protect the rights of the Trade Vendors and other similarly situated creditors.

9. The Trade Vendors reserve the right to amend and/or supplement this response and to join in the objections, oppositions and other responses of other creditors at or before the hearing on the Motion.

### **Waiver of Memorandum of Law**

10.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, the Trade Vendors respectfully request that the Court waive the requirements that Trade Vendors file a memorandum of law in support of this Objection because there are no novel issues of law presented in the Objection or the Motion.

### **Notice of the Objection**

11.     Notice of this Objection was served in accordance with the Interim Order.

WHEREFORE, the Trade Vendors respectfully request that this Court enter an Order:

A.  Conditioning approval of the relief sought by the Motion upon the provision of adequate protection to the Trade Vendors, and others similarly situated, and the incorporation of provisions which preserve and protect the rights of the Trade Vendors, and others similarly situated; or, alternatively

B.  Denying the Motion to the extent inconsistent with the foregoing; and

C.  Granting the Trade Vendors such other relief as this Court deems just and proper.

Dated: March 11, 2005
New York, New York

/s/ Mark J. Friedman
Mark J. Friedman (MF-8849))
DLA PIPER RUDNICK GRAY CARY US LLP
6225 Smith Avenue
Baltimore, Maryland 21209
Telephone:  (410) 580-3000
Facsimile:  (410) 580-3001

Attorney for: The Clorox Sales Co.; ConAgra Foods, Inc.; Conopco, Inc.; Frito-Lay, Inc.; General Mills Inc.; Kraft Foods Global, Inc.; Masterfoods, a division of Mars, Inc.; The Proctor & Gamble Distributing Co.; The Quaker Oats Company; Sara Lee Corporation;  Sara Lee Bakery Group, a division of Sara Lee Corporation and S. C. Johnson & Son, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 11th day of March, 2005, a copy of the Objection of Certain Trade Vendors and Joinder in Oppositions and Objections of Certain Other Vendors and PACA Claimants to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 And 364 For Interim And Final Financing Orders (I) Authorizing Debtors To Obtain Post-Petition Financing And Utilize Cash Collateral, (II) Granting Adequate Protection To Pre-Petition Lenders, (III) Modifying The Automatic Stay, And (IV) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) And (c) was filed electronically and a copy was served by facsimile and/or electronic mail upon the following:

> Richard Morrissey, Esquire *(facsimile and electronic mail)*
> United States Trustee
> Southern District of New York
> 33 Whitehall Street
> 21st Floor
> New York, NY  10005
> Telephone:  (212) 510-0500
> Facsimile:  (212) 668-2255
>
> D.J. Baker, Esquire *(facsimile)*
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, NY  10036
> Telephone:  (212) 735-2150
> Facsimile:  (917) 777-2150
>
> Sally McDonald Henry, Esquire  *(facsimile)*
> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, NY  10036
> Telephone:  (212) 735-2150
> Facsimile:  (917) 777-2150

Thomas J. Matz, Esquire  *(facsimile and electronic mail)*
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036
Telephone:  (212) 735-2150
Facsimile:  (917) 777-2150

Sarah Robinson Borders, Esquire *(facsimile and electronic mail)*
King & Spalding LLP
191 Peachtree Street
Atlanta, GA  30303
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Dennis Dunne, Esquire *(facsimile and electronic mail)*
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York  10005
Facsimile:  (212) 530-5219

Jonathan N. Helfat, Esquire *(facsimile and electronic mail)*
Ottenbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York 10169
Facsimile:  (212) 682-6104

Andrew Tenzer, Esquire  *(facsimile and electronic mail)*
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022-6069
Facsimile:  (212) 848-7179

and by electronic mail or first-class mail, postage prepaid, upon the parties on the attached service list.

/s/ Mark J. Friedman

## SERVICE LIST

**David J. Baker**
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

**Dale R. Barginer**
Schaneville & Baringer
918 Government Street
Baton Rouge, LA 70802

**Matthew Scott Barr**
Milbank, Tweed, Hadley & McCloy
1 Chase Manhattan Plaza
New York, NY 10005

**John P. Brice**
Wyatt, Tarrant & Combs, LLP
250 West Main Street
Suite 1600
Lexington, KY 40507-1746

**Robert J. Brown**
Wyatt, Tarrant & Combs, LLP
250 West Main Street
Suite 1600
Lexington, KY 40507

**W. Steven Bryant**
Locke Liddell & Sapp, LLP
600 Travis Street
# 2600
Houston, TX 77002-3095

**Rachel S. Budke**
Law Department, FL. Power and Light Co.
700 Universe Boulevard
Juno Beach, FL 33408

**James S. Carr**
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178

**Lee Champion**
Page Scrantom Sprouse Tucker & Ford, P.C
1111 Bay Avenue
3rd Floor
Columbus, GA 31901

**Conrad Chiu**
Pitney, Hardin, Kipp & Szuch LLP
685 Third Avenue
New York, NY 10017

**Neal D. Colton**
Cozen O'Connor
The Atrium
1900 Market Street
Philadelphia, PA 19103

**David N. Crapo**
Gibbons, Del Del, Dolan, Griffinger
& Vecchione
One Riverfront Plaza
Newark, NJ 07102-5496

**Timothy J. Curtin**
Varnum Riddering Schmidt & Howlett, LLP
333 Bridge Street NW
Suite 1700
P.O. Box 352
Grand Rapids, MI 49501-0352

**Robert Dehney**
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899

**Paul H. Deutch**
Jenkens & Gilchrist Parker Chapin LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

**Gerard DiConza**
Bianchi Macron LLP
390 Old Country Road
Garden City, NY 11530

**Carolyn Hochstadter Dicker**
Klehr, Harrison, Harvey,
Branzburg & Ellers, LLP
260 South Broad Street
Philadelphia, PA 19102

**David W. Dykhouse**
Patterson, Belknap, Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710

**Henry A. Efroymson**
Ice Miller
One American Square
Box 82001
Indianapolis, IN 46282-0200

**Judith Elkin**
Haynes and Boone, LLP
901 Main Street
Suite 3100
Dallas, TX 75202

**Earle I. Erman**
Erman Teicher Miller Zucker & Freedman
400 Galleria Officentre
Suite 444
Southfield, MI 48034

**Charles J. Filardi, Jr.**
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436

**Shawn Randall Fox**
McGuireWoods LLP
1345 Avnue of the Americas
New York, NY 10128

**Fox Rothschild, LLP**
Fox Rothschild LLP
13 East 37th Street
Suite 800
New York, NY 10016

~BALT1:4154982.v1

**Joseph D. Frank**
Frank/Gecker LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60610

**Danielle K. Greco**
Bradley Arant Rose & White LLP
1819 Fifth Avenue North
Birmingham, AL 35203

**Janice Beth Grubin**
Wormser, Kiely, Galef & Jacobs, LLP
825 Third Avenue
New York, NY 10022-7519

**Edwin W. Held, Jr.**
Held & Israel
1301 Riverplace Blvd.
Suite 1916
Jacksonville, FL 32207

**Terrance A. Hiller**
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway
Suite 950
Southfield, MI 48075

**Ronald Scott Kaniuk**
Taplin & Associates
340 Fifth Avenue
Suite 2418
New York, NY 10118

**Stuart A. Krause**
Zeichner Ellman & Krause
575 Lexington Avenue
New York, NY 10022

**David M. Landis**
Mateer & Harbert, P.A.
225 East Robinson Street
Suite 2854
Orlando, FL 32802-2854

**Sharon L. Levine**
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

**J. Nathan Galbreath**
Patton Boggs LLP
2001 Ross Avenue
Suite 3000
Dallas, TX 75201

**Ira S. Greene**
Hogan & Hartson, LLP
875 Third Avenue
New York, NY 10022

**Rudi R. Grueneberg**
Grueneberg Law Group, LLC
704 East Main Street
Bldg. E
Moorestown, NJ 08057

**Larry D. Henin**
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

**Robert L. Holladay, Jr.**
YoungWilliams P.A.
210 E. Capitol Street
Suite 2000
Jackson, MS 39201

**Andrew C. Kassner**
Drinker Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996

**Darryl S. Laddin**
Arnall Golden Gregory LLP
171 17th Street NW
Suite 2100
Atlanta, GA 30363-1031

**Thomas J. Leanse**
Katten Muchin Zavis Rosenman
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012

**Alan Jay Lipkin**
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099

**Gary Ginsburg**
Neiman Ginsburg & Mairanz, PC
39 Broadway, 25th Floor
New York, NY 10006

**Reginald A. Greene**
Bellsouth Telecommunications, Inc.
675 W. Peachtree Street
Atlanta, GA 30375

**Marc L. Hamroff**
Moritt, Hock & Hamroff, LLP
400 Garden City Plaza
Suite 202
Garden City, NY 11530

**Neil E. Herman**
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178

**Patrick L. Huffstickler**
Cox & Smith Incorporated
112 E. Pecan Street
Suite 1800
San Antonio, TX 78205

**Alan W. Kornberg**
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, NY 10019

**Nina M. Lafleur**
Stutsman & Thames, P.A.
121 W. Forsyth Street
Suite 600
Jacksonville, FL 32202

**Chris Lenhart**
Dorsey & Whitney, LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498

**Joseph Lubertazzi, Jr.**
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

~BALT1:4154982.v1

**Jeffrey S. Margolin**
Hughes Hubbard & Reed
1 Battery Park Plaza
New York, NY 10004

**Laurence May**
Angel & Frankel, P.C.
460 Park Avenue
New York, NY 10022

**Austin L. McMullen**
Boult Cummings Conners & Berry
1600 Division Street
Suite 700
Nashville, TN 37203

**Derek F. Meek**
Burr & Forman, LLP
420 North 20th Street
Suite 3100
Birmingham, AL 35203

**Todd C. Meyers, Esq.**
Kilpatrick Stockton LLP
1100 Peachtree Street, NE
Suite 2800
Atlanta, GA 30309-4530

**Kathleen M. Miller**
Smith Katzenstein & Furlow LLP
800 Delaware Avenue
7th Floor
Wilmington, DE 19899

**Stephen M. Miller**
Morris, James, Hitchens & Williams, LLP
222 Delaware Avenue
10th Floor
Wilmington, DE 19801

**Stephan William Milo**
Wharton, Aldhizer & Weaver, P.L.C.
P.O. Box 20028
100 South Mason Street
Harrisonburg, VA 22801-7528

**Joseph Thomas Moldovan**
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022-4731

**Brett S. Moore**
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997

**Andrew L. Morrison**
Reed Smith LLP
375 Park Avenue
17th Floor
New York, NY 10152-1799

**Richard C. Morrissey**
Office of the U.S. Trustee
33 Whitehall Street, 21st Fl.
New York, NY 10004

**Larren M. Nashelsky**
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

**Bruce S. Nathan**
Lowenstein Sandler PC
1251 Avenue of the Americas
21st Floor
New York, NY 10020

**Carole Neville**
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089

**James J. Niemeier**
McGrath North Mullin & Kratz, PC
1601 Dodge Street
First National Tower, Suite 3700
Omaha, NE 68102

**Barbra R. Parlin**
Holland & Knight, LLP
195 Broadway
New York, NY 10007-3189

**Aaron D. Patton**
Murray, Frank & Sailer, LLP
275 Madison Avenue
Suite 801
New York, NY 10016

**David L. Pollack**
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street - 51st Floor
Philadelphia, PA 19103

**Geraldine E. Ponto**
Gibbons, Del Deo, Dolan, et al.
One Riverfront Plaza
Newark, NJ 07102

**Adam Ravin**
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

**Eric T. Ray**
Balch & Bingham, LLP
1901 Sixth Avenue North
Suite 2600, P.O. Box 306
Birmingham, AL 35201-0306

**Diane G. Reed**
Reed and Reed
501 N. College Street
Waxahachie, TX 75165

**Jo Christine Reed**
Sonnenschein Nath & Rosenthal, LLP
1221 Avenue of the Americas
New York, NY 10020

~BALT1:4154982.v1

**Steven J. Reisman**
Curtis, Mallet-Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178

**Avrum J. Rosen**
Law Office of Avrum J. Rosen
38 New Street
Huntington, NY 11743

**Paul Rubin**
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016

**Gregory J. Seketa**
40|86 Advisorts Inc.
535 N. College Drive
Carmel, IN 46032

**Richard G. Smolev**
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

**Sabrina L. Streusand**
Hughes & Luce, LLP
111 Congress Avenue
Suite 900
Austin, TX 78701

**Diana M. Thimmig**
Roetzel & Andress
1375 East Ninth Street, Ninth Floor
One Cleveland Center
Cleveland, OH 44114

**Raymond J. Urbanik**
Munsch Hardt Kopf & Harr, P.C.
1445 Ross Avenue
Suite 4000
Dallas, TX 75202

**Fred B. Ringel**
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas, 31st Floor
New York, NY 10105-0143

**Neal M. Rosenbloom**
Finkel Goldstein Rosenbloom Nash LLP
26 Broadway
Suite 711
New York, NY 10004

**Robert B. Rubin**
Burr & Forman LLP
420 Twentieth Street North
Birmingham, AL 35023

**Andrew Howard Sherman**
Sills Cummis Radin Tischman Epstein & Gross
712 5th Avenue, 20th Floor
New York, NY 10019

**Eric J. Snyder**
Siller Wilk
675 Third Avenue
9th Floor
New York, NY 10017

**Stephen B. Sutton**
Lathrop & Gage, L.C.
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108-2612

**Laura L. Torrado**
Bear, Stearns & Co
383 Madison Avenue 8th Floor
New York, NY 10179

**Richard Whitney Ward**
2527 Fairmount Street
Dallas, TX 75024

**Adam L. Rosen**
Scarcella Rosen & Slome LLP
333 Earle Ovington Boulevard
Ninth Floor
Uniondale, NY 11533-3622

**David S. Rubin**
Kantrow Spaht Weaver & Blitzer
P.O. Box 2997
Baton Rouge, LA 70821

**Shelly D. Rucker**
Miller & Martin LLP
1000 Volunteer Building
832 Georgia Avenue,
Chattanooga, TN 37402-2289

**Thomas R. Slome**
Scarcella Rosen & Slome LLP
333 Earle Ovington Boulevard
Suite 901
Uniondale, NY 11553

**Rick A. Steinberg**
Angel & Frankel, P.C.
460 Park Avenue
New York, NY 10022

**Walter E. Swearingen**
Levi Lubarsky & Feigenbaum, LLP
845 Third Avenue
21st Floor
New York, NY 10022

**Paul Traub**
Traub Bonacquist & Fox LLP
655 Third Avenue
21st Floor
New York, NY 10017

**Michael D. Warner**
Warner, Stevens & Doby, L.L.P.
1700 City Center Tower II
Fort Worth, TX 76102

**David B. Wheeler**
Moore & Van Allen PLLC
P.O. Box 22828
Charleston, SC 29413-2828

**Stephen D. Wheelis**
Wheelis & Rozanski
2312 S. MacArthur Drive
Alexandria, LA 71301

**William Douglas White**
McCarthy & White PLLC
8180 Greensboro Drive
Suite 875
Mc Lean, VA 22102

**Scott A. Zuber**
Pitney Hardin Kipp & Szuch, LLP
200 Campus Drive
Florham Park, NJ 07932-0950

**Winn- Dixie Stores, Inc.**
5050 Edgewood Court
Jacksonville, FL 32254-3699

**Andrew B. Eckstein**
Blank Rome LLP
405 Lexington Avenue
New York, NY10174

**Priscilla W. Grannis**
Rynn & Janowsky, LLP
6017 Pine Ridge Road, No. 341
Naples, FL 34119

**Elena Lazarou**
Reed Smith, LLP
599 Lexington Avenue
New York, NY 10022

**Bruce Levinson**
747 Third Avenue
4th Floor
New York, NY 10017

**Alex Spizz**
Todtman, Nachamie, Spizz & Johns, P.C.
425 Park Avenue
New York, N 10022

**Debra Sudock**
Kelley, Drye & Warren, LLP
101 Park Avenue
New York, NY 10178

**Jonathan N. Helfat**
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10169

**Andrew V. Tenzer**
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022-6069