Louis W. Diess, III
McCARRON & DIESS
4900 Massachusetts Avenue, N.W.
Suite 310
Washington, D.C. 20016
(202) 364-0400
(202) 364-2731 – facsimile

Return Date:
March 11, 2005, 4:00 p.m.

Hearing Date:
March 15, 2005, 10:00 a.m.

Attorneys for the Burch Equipment Group of PACA Creditors

Lawrence H. Meuers
MEUERS LAW FIRM, P.L.
5395 Park Central Court
Naples, Florida 34109
(239) 513-9191
(239) 513-9677– facsimile

Attorneys for the Duda Group of PACA Creditors

Bruce Levinson (BL0749)
LAW OFFICES OF BRUCE LEVINSON
747 Third Avenue, 4th Floor
New York, New York 10017-2803
(212) 750-9898

Attorneys for PACA Trust Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | : |
| | :    Chapter 11 |
| WINN-DIXIE STORES, INC., et al | :    Case No. 05-11063 (RDD) |
| | :    (Jointly Administered) |
| Debtors | : |

**LIMITED OBJECTION OF CERTAIN PACA TRUST CREDITORS
TO DEBTORS' PROPOSED FINAL ORDER (I) AUTHORIZING DEBTORS TO
OBTAIN SECURED POST-PETITION FINANCING ON A SUPERPRIORITY
PRIMING LIEN BASIS AND MODIFYING THE AUTOMATIC STAY,
(II) AUTHORIZING DEBTORS TO USE PRE-PETITION SECURED LENDERS'
CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND
(III) AUTHORIZING THE REPAYMENT IN FULL OF ALL CLAIMS OF DEBTORS'
PRE-PETITION SECURED LENDERS**

- 1 -

Burch Equipment, L.L.C.; Chiquita Fresh, N.A.; Clayton Rawl Farms, Inc.; Dole Fresh Fruit Co., Inc.; Dole Fresh Vegetables, Inc.; Imports Unlimited, Inc.; Collier County Produce, Inc.; Incredible Fresh Produce & Dairy Co.; L&M Companies, Inc.; Marker 29 Produce, Inc.; Mineral King Produce, L.L.C.; Movsovitz & Sons of Florida, Inc.; Richter & Company, Inc.; Sysco Food Services of Central Alabama, Inc.; Sysco Food Service of South Florida, Inc.; and WP Produce Corp., (collectively the "Burch Equipment Group of PACA Creditors") A. Duda & Sons, Inc.; Baker Farms; Fresh Express, Inc.; Fresh Start Produce Sales, Inc.; Giumarra Vineyards Corporation; Global Berry Farms, L.L.C.; Hinton Farms Produce; Hollar & Green Produce Co., Inc.; Jac. Vandenberg, Inc.; N&W Farm Produce, Inc.; Oakshire Mushroom Farms, Inc.; PAC Fruit Company, L.L.C.; Sun Commodities, Inc.; Seald Sweet, L.L.C.; Tim Edmonson Farms; and Wilson & Son Sales, Inc. (collectively the "Duda Group of PACA Creditors" and collectively with the Burch Equipment Group of PACA Creditors, the "PACA Trust Creditors"), by their undersigned counsel, hereby respond to the motion of the above-captioned debtors (the "Debtors") for a final Order (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (the "Final Financing Order"), and state as follows:

## I.    BACKGROUND

1.  On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court. Each Debtor is continuing in the management and possession of its business and properties as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.  On February 22, 2005, prior to this Court authorizing the post-petition financing of Debtors by Lender in accordance with the Interim Order, the Court entered the Emergency Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363 (the "Cash Collateral Order")

3.  On February 23, 2005, this Court entered the Interim Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, (III) Authorizing Debtors to Pay in Full All Claims of Debtors' Pre-Petition Secured Lenders, and (IV) Prescribing Form and Manner of Notice and Time for Final Hearing (the "Interim Order"), scheduled a hearing for a Final DIP Order on March 4, 2005 – that was subsequently continued to March 15, 2005 with an objection deadline of 4:00 p.m. March 11, 2005.

4.  Prior to the petition date, the PACA Trust Creditors supplied Debtors with wholesale quantities of fresh fruits and vegetables worth nearly $8.5 million. This amount

has not been paid. The PACA Trust Creditors preserved their rights as beneficiaries of the statutory trust created under the Perishable Agricultural Commodities Act of 1030, as amended 7 U.S.C. § 499e(c) by placing the language on their invoices as allowed by § 5(c)(4) of PACA and/or by sending notices of intent to preserve trust benefits under § 5(c)(3) of PACA.

5. The Debtors Proposed Final Dip Order provides on page 19, paragraph 6 as follows:

Neither this Final Order nor the liens and claims granted hereby are intended to, or shall, prime or in any way affect (i) valid and unavoidable set off and recoupment rights of any party in interest, and (ii) valid and unavoidable trust claims of creditors under the Perishable Agricultural Commodities Act, as amended, 7 U.S.C. §499a et seq., or the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 et seq.

## II. OBJECTIONS

6. The PACA Trust Creditors object to the Debtors proposed Final DIP Order on the grounds that it is substantively prejudicial to the rights of PACA trust beneficiaries as it fails to provide adequate protection for the PACA Trust Beneficiaries' interest in the statutory trust in the form of a replacement lien or a set aside of assets equal to the total amount of Debtors' pre-petition PACA trust claims.

## III. ARGUMENT

The PACA Creditors supplied the Debtors, pre-petition, with wholesale quantities of fresh fruits and vegetables worth more than $8.5 Million. Further, the Debtors have represented that unpaid PACA claims to all their PACA trust beneficiaries total approximately $30 Million (the "PACA Trust Beneficiaries"). These sums have not been paid. The Debtors are required by PACA, a federal statutory scheme co-equal with the

Bankruptcy Code, to pay promptly for produce and to maintain sufficient assets in trust until full payment is made to all their PACA Trust Beneficiaries, even in the event of the filing of bankruptcy. The rights of the PACA Trust Beneficiaries to PACA Trust Assets are superior to the rights of Debtors and secured creditors. 7 U.S.C. 499e(c)(1); In re W.L Bradley Company, Inc., 75 B.R. 505, 514 (Bankr. E.D. Penn. 1987).

PACA trust assets are not property of the bankrupt's estate and must be set aside for distribution to trust beneficiaries. See In re Long John Silver's Restaurants, Inc., 230 B.R. 29, 32 (Bankr. D. Del. 1999); In re Kelly Food Products, Inc., 204 B.R. 18 (Bankr. C.D. Ill. 1997); In re Southland & Keystone, 132 B.R. 632 (9th Cir. BAP 1991); In re Asinelli, Inc., 93 B.R. 433 (M.D.N.C. 1988); In re Carolina Produce Distributors, Inc., 110 B.R. 207 (W.D.N.C. 1990); In re Fresh Approach, Inc., 48 B.R. 926 (Bankr. N.D. Tex. 1985); In re Milton Poulos, Inc., 94 B.R. 648 (Bankr. C.D. Cal. 1988). These cases, and many others with identical holdings, are consistent with the purpose of PACA: "If a buyer or receiver declares bankruptcy . . ., trust assets are not to be considered part of the estate to be distributed to other creditors or sold unless all trust beneficiaries have been paid." 49 Fed. Reg. at 45738 (emphasis added); See also, In re Kornblum & Co., Inc., 81 F.3d 280, 284 (2d Cir. 1996) ("in the event of the Produce Debtor's bankruptcy, the Bankruptcy Code excludes the PACA trust assets from the bankruptcy estate").

On the petition date, the Debtors held PACA trust assets consisting of produce inventory, proceeds from the sale of produce and any assets commingled or purchased with proceeds from the sale of produce (the "PACA Trust Assets") in an amount of at least $30 Million. Although the PACA trust is ongoing and survives the bankruptcy

petition, the PACA trust has been dissipated because the Debtors' current PACA Trust

Assets also must be shared with post-petition PACA trust creditors.  More than likely,

the Debtors only have sufficient PACA Trust Assets on hand at any given point in time

to pay the claims of the post-petition PACA creditors, leaving insufficient PACA Trust

Assets for the pre-petition PACA Trust Beneficiaries.  The Debtors have used the pre-

petition PACA Trust Beneficiaries' PACA Trust Assets as cash collateral.  In exchange

for the Debtors' use of these PACA Trust Assets, the PACA Trust Beneficiaries are

entitled to adequate protection of their statutory trust interests.  The PACA Trust

Creditors object to the Final Financing Order, as it does not provide for adequate

protection of their PACA trust interests.  The Final Financing Order adequately protects

the lenders for the diminution in value of their cash collateral but offers no such

protection for the PACA Trust Beneficiaries.

1.    *The PACA Trust Beneficiaries are Entitled to Adequate Protection Under
      the Bankruptcy Code.*

     a.    *Adequate Protection of the Rights of PACA Trust Beneficiaries
           is Required.*

Congress codified the concept of "adequate protection" in 11 U.S.C. §361 in order

to protect creditors from unfair treatment that might ensue from the balancing and

adjustment of debts during bankruptcy.  In re WRB West Associates Joint Venture, 106

B.R. 215, 218 (Bankr. D. Montana 1989)(citations omitted).

     As noted by the Third Circuit Court of Appeal, "the whole purpose of adequate

protection for a creditor is to insure that the creditor receives the value for which he

bargained pre-bankruptcy." Resolution Trust Corp. v. Swedeland Dev. Group, Inc. (In

re Swedeland Dev. Group, Inc.), 16 F.3d 552, 564 (3d Cir. 1994) (quoting In re O'Connor,

808 F.2d 1393, 1396 (10th Cir. 1987)).  As set forth above, the PACA Creditors at all times

operated according to the terms of PACA, and have preserved their PACA Trust rights.

These steps have ensured that their "bargain" with the Debtors, specifically their right

to payment from a floating trust over the Debtors' produce inventory, cash and

receivables, will not be disrupted by any securitization device, any diversion of trust

assets, or any bankruptcy proceeding.   See generally In re Long John Silver's

Restaurants, Inc., 230 B.R. 29, 32 (Bankr. D. Del. 1999) ("[A] perfected PACA Trust

beneficiary is entitled to payment in full from the trust assets before payment to any

other creditors, whether secured or unsecured.") (emphasis added) (citing Tom Lange

Co. v. Kornblum & Co (In re Kornblum & Co.), 81 F.3d 280, 284 (2d Cir. 1996)).

Yet the Debtors have confounded the rights of the PACA Trust creditors by

diverting and continuing to divert receivables, cash and other assets.  As noted by the

Court in In re Long John Silver's, "[t]hese [produce] suppliers are usually the least able

to survive the delays and losses attendant to a bankruptcy filing by their buyers."  In re

Long John Silver's, 230 B.R. at 32.  Moreover, while the PACA Trust Beneficiaries are

deprived of their rights, other creditors benefit by the payment of their pre-petition

claims and secured claims. In short, the Debtors proposed Final Financing Order

violates the trust provisions of PACA and provides no protection to the PACA

Creditors.

> *b.*     *The Bankruptcy Code's Sections on Adequate Protection Give this*
> *Court the Flexibility to Fashion the Proper Remedy.*

Section 363(e) of the Bankruptcy Code can remedy the Debtors' ongoing misuse of the PACA Trust Assets.  Under this section, upon request of an "entity that has an interest in property used, [or] sold" by the estate, the Court "shall prohibit or condition such use [or] sale . . . as is necessary to provide adequate protection of such interest." See 11 U.S.C. §363(e) (emphasis added).  Further, the safeguards of Section 363(e) extend not only to secured creditors, but to any party having an interest in property that has been used, sold or leased, such as the PACA Trust Beneficiaries.  See Zagata Fabricators, Inc. v. Superior Air Prods., 893 F.2d 624, 627 (3d Cir. 1990) (applying adequate protection concepts to a lessor of nonresidential real property, where the debtor/lessee was not paying rent); In re Megafoods Stores, Inc., 210 B.R. 351, 353 (9th Cir. BAP 1997) (noting that state sales tax authorities that were unsuccessful in obtaining immediate turnover of pre-petition sales taxes had then "requested and obtained an order from the bankruptcy court for adequate protection of the alleged trust fund taxes on an interim basis."); see also 3 James F. Queenan et al., Chapter 11 Theory and Practice, at 16:20 (1994) ("Adequate protection deals with property interests and, more particularly, with the value recoverable from those interests.  Principles of adequate protection therefore apply to all persons who hold interests in property held or used by the debtor, not just to those holding security interests.") (footnote omitted).

As in Megafoods, the PACA Creditors are beneficiaries of a statutory trust that the Debtors are required to maintain.  The Debtors are required to maintain sufficient assets subject to the PACA trust to pay the claims of all PACA trust beneficiaries as they

became due. See 7 C.F.R. § 46.46(d)(1). Thus, as in Megafoods, this Court should enter an order requiring adequate protection of the PACA trust assets.

Finally, the PACA Creditors' request for adequate protection, given the sizeable amount owed and the nature of the debt as trust property, is entirely reasonable. In seeking adequate protection, the PACA Creditors are seeking the least obtrusive means of protecting their rights as a PACA trust beneficiaries by availing themselves of the same protection afforded other qualified creditors under the Bankruptcy Code.

## IV.    RELIEF REQUESTED

The PACA Creditors have established the validity, priority, and extent of their interest. It is now the Debtors' burden to demonstrate how they will adequately protect those interests. See 11 U.S.C. § 363(o). In seeking adequate protection, the PACA Trust Beneficiaries are seeking a means of protecting their PACA trust rights by availing themselves of the same protection afforded the Pre-Petition Agent and the Pre-Petition Lenders in the Final Financing Order. The PACA Trust beneficiaries request that the debtor be required to set aside the full $30,000,000.00 estimated to be owed to PACA Trust Beneficiaries in a segregated account to replace the PACA Trust Assets the Debtors have already dissipated.

The propriety of this remedy is demonstrated by the Order issued by the United States Bankruptcy Court for the District of Delaware in the case of In re Fleming Companies, Inc., et al, Case No. 03-10945 (MFW), wherein the Court granted the same relief that the PACA trust creditors are seeking herein, and required the Debtor to set

aside $26 million for the benefit of the Debtor's PACA creditors and were granted a replacement lien in the final financing order.

Anything less than an actual segregation of PACA trust assets would contravene the statutory and case law on this issue, and will frustrate the Congress' intent that PACA beneficiaries and their trust rights remain free from the burdens and delays inherent in bankruptcy. Failure to do so will likely lead to the PACA Creditors being left with no PACA Trust Assets and no means of securing payment.

## V.    CONCLUSION

For the foregoing reasons, the PACA Trust Creditors respectfully request that this Court to deny Debtors' motion to the extent the Order does not require the segregation of $30,000,000.00 until all pre-petition PACA Trust Beneficiaries are paid in full.

Respectfully submitted,

MEUERS LAW FIRM, P.L.                McCARRON & DIESS

By: _Lawrence H. Meuers (pes)_        By: _Louis W. Diess III (eu)_
Lawrence H. Meuers                    Louis W. Diess, III
5395 Park Central Court               4900 Massachusetts Avenue, N.W.
Naples, Florida 34109                 Suite 310
(239) 513-9191                        Washington, D.C. 20016
(239) 513-9677– facsimile             (202) 364-0400
                                      (202) 364-2731
Attorneys for the Duda Group of       Attorneys for the Burch Equipment Group of
PACA Creditors                        PACA Creditors

and

LAW OFFICES OF BRUCE LEVINSON

By:_____
   Bruce Levinson (BL0749)
   747 Third Avenue, 4th Floor
   New York, New York 10017-2803
   (212) 750-9898

   Attorneys for PACA Trust Creditors