NEIMAN GINSBURG & MAIRANZ P.C.
Attorneys for Northpoint Trading Inc.
39 Broadway - 25th Floor
New York, New York 10006
(212) 269-1000
Gary Ginsburg (GG-3028)

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------x<br>In re:<br><br>    WINN-DIXIE STORES, INC., *et al.*,<br><br>                       Debtor.<br>-------------------------------------------------------x | Hearing Date: March 15, 2005<br>        Time: 10:00 a.m.<br><br>Case No. 05-11063 (RDD)<br><br>Chapter 11 |

**LIMITED OBJECTION OF NORTHPOINT TRADING INC. TO THE EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (1) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

TO:    HONORABLE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

Northpoint Trading Inc. ("Northpoint"), a reclamation creditor herein, by its counsel Gary Ginsburg, Esq. of Neiman Ginsburg & Mairanz P.C., makes this limited objection to the entry of the Final Order authorizing Debtor-in-Possession ("D.I.P.") financing to Wachovia for the reasons set forth below:

    1.    The interim order submitted by the Debtor and signed by the Court, while consenting to a carve-out for professional fees, fixed and allowed by the Bankruptcy Court in the aggregate up to $12 million, no carve-out is provided for the payment of allowed reclamation claims, as was done in this court in the case In re Flagstaff Foodservice Corp. That court refused to adopt the Debtor's

proposed order which did not provide for the reclamation claims carve-out. In a decision regarding a related issue, the court referred to its prior insistence that a carve-out for reclamation creditors be inserted in the final order allowing the D.I.P. lender a super priority claim. See Id. at 56 B.R. 899 (Bkrtcy. S.D.N.Y. 1986) at 901:

> "The court amended the order to provide that GECC's super priority status was subject to the following:
>
>> "Except for administration claims fixed by court order pursuant to § 546(c)(2) of the [Bankruptcy] Code to which GECC liens and administration claims shall be subordinate."

Thus, this court should continue that practice as well, and adopt the language used by the court in Flagstaff.

2.      Secondly, the interim order on page "17" authorizes the Debtor to use 2/3 of the D.I.P. loan to pay the D.I.P. lender in full for its pre-petition loan balance as of the commencement of this bankruptcy case, *i.e.*, $427 million. It further specifically provides that the pre-petition liens "shall be deemed to be assigned and not terminated and released ". . . to lender as additional collateral". This provision is prejudicial to reclamation claimants. The D.I.P. lender is entitled under the bankruptcy code to a replacement lien on post-petition assets of the Debtor but not to keep its pre-petition lien, when the pre-petition debt is paid off. The Court should not permit the same lender to have it both ways. The Flagstaff court did not permit it by creating a carve-out from the post-petition super priority lien in favor of reclamation claimants.

3.      Pursuant to Local Bankruptcy Rule 9013-1(b) for Southern District of New York, Northpoint respectfully requests that the Court waive the requirements that Northpoint file a memorandum of law in support of this Objection because there are no novel issues of law presented in the Objection.

WHEREFORE, the order the Court signs should include the language that is referenced in the <u>Flagstaff</u> case and deny the lender to preserve its pre-petition lien instead of giving it a replacement lien, and grant such other relief as the court deems just and fair.

Dated: New York, New York
       March 11, 2005

                                NEIMAN GINSBURG & MAIRANZ P.C.
                                Attorneys for Northpoint Trading, Inc.

By:      s/ Gary Ginsburg
        Gary Ginsburg (GG-3028)
        39 Broadway - 25th Floor
        New York, New York 10006
        Tel: (212) 269-1000
        Fax: (212) 635-9302
        gginsburg@ngmpc.com