**REED SMITH LLP**
*A Limited Liability Partnership formed in the State of Delaware*
Elena P. Lazarou, Esq. (EL-5681)
599 Lexington Avenue, 27th Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

-and-

Kurt F. Gwynne, Esq. (DE No. 3951)
1201 N. Market Street
Wilmington, DE 19801
Telephone: (302) 778-7550
Facsimile: (302) 778-7577

Counsel for Del Monte Corporation

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-11063 (RDD) |
| | (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------x

**LIMITED OBJECTION OF DEL MONTE CORPORATION t/a DEL MONTE FOODS TO DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

Del Monte Corporation t/a Del Monte Foods ("Del Monte"), by and through its undersigned counsel, hereby files a Limited Objection to the above captioned debtors' (the "Debtors") Emergency Motion Pursuant To 11 U.S.C. §§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and

Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (D.I. 12) (the "Financing Motion"). In support of its limited objection, Del Monte respectfully represents as follows:

## FACTUAL BACKGROUND

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, Del Monte sold goods to the Debtors on credit. Pursuant to Section 2-702 of the Uniform Commercial Code ("UCC") and Section 546(c) of the Bankruptcy Code, Del Monte timely exercised its right to reclaim certain goods from the Debtors. The Debtors did not return any of the goods which were the subject of Del Monte's reclamation demand.

3. On the Petition Date, the Debtors filed the Financing Motion, in which the Debtors state that as of the Petition Date, they had obligations to their secured lenders in the aggregate amount of $427 million under a Pre-Petition Credit Agreement.[1] (Financing Motion, ¶¶8, 10). The Debtors propose to fully satisfy their obligations under the Pre-Petition Credit Agreement by obtaining post-petition secured loans and advances in an amount up to $800 million. The Debtors seek authority to obtain the $800 million in post-petition financing and to grant to the Post-Petition Lender, among other protections, first priority security interests in

---

[1] Capitalized terms not defined in this Limited Objection shall have the meanings ascribed to those terms in the Motion.

2

substantially all of the Debtors' assets and properties, with priority over all other secured and unsecured creditors. (Financing Motion, ¶31(g)).

4. Although the obligations under the Pre-Petition Credit Agreement will be paid in full, the Debtors propose that the Pre-Petition Lender will continue to hold liens, subordinate only to the Post-Petition Lender, on Pre-Petition Collateral to secure up to $1 million in professional fees and expenses incurred by the Pre-Petition Lender and to secure any Contingent Pre-Petition Lender Debt. (Financing Motion, ¶¶20(c), 31(k)).

## OBJECTIONS

5. As a reclamation claimant, Del Monte objects to those provisions of the Financing Motion that adversely affect its rights under applicable law prior to adjudication of its reclamation claim. Specifically, Del Monte objects to the potential assignment of the liens and security interests of the Pre-Petition Lender to the Post-Petition Lender notwithstanding full satisfaction of the debt held by the Pre-Petition Lender and the granting of post-petition liens without providing Del Monte adequate protection of its interest in property of the Debtor in accordance with Del Monte's rights as a reclamation claimant.

### The Pre-Petition Lender's Liens Cannot Be Transferred To The Post-Petition Lender, As The Underlying Debt Will Be Paid In Full

6. It is well settled that a "security interest cannot exist, much less be transferred independent from the obligation that it secures." In re Leisure Time Sports, Inc., 194 B.R. 859, 862 (B.A.P. 9th Cir. 1996); see also In re Advanced Aviation, Inc., 101 B.R. 310, 313 (Bankr. M.D. Fla. 1989). In other words, "if the debt is not transferred, neither is the security interest." Leisure Time, 194 B.R. at 862. Thus, upon satisfaction of the debt owed to the Pre-Petition Lender, the liens and security interests associated with the debt are terminated.

7.     Based upon the foregoing, Del Monte objects to the relief requested in the Financing Motion to the extent that it purports to permit liens and security interests of the Pre-Petition Lender to be assigned to the Post-Petition Lender independent from the corresponding debt. Such a result is contrary to settled law and prejudicial to the reclamation claimants' rights.

### Del Monte's Reclamation Rights

8.     Section 546(c) of the Bankruptcy Code provides that a seller of goods to a debtor "in the ordinary course of such seller's business" has the right "to reclaim such goods if the debtor has received such goods while insolvent, but-

> (1) such seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods –
>
> (A) before 10 days after receipt of such goods by the debtor; or
>
> (B) if such 10-day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and
>
> (2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court-
>
> (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or
>
> (B) secures such claim by a lien.

11 U.S.C. § 546(c).

9.     The language of section 546(c) of the Bankruptcy Code mirrors and implements the language of section 2-702 of the UCC which grants the right of reclamation to a seller of goods. The provisions of section 546(c) are intended to preserve the right of reclamation and grant adequate protection of such right to a seller who is denied the remedy of reclamation by a Bankruptcy Court.

10.    UCC section 2-702 provides as follows, in pertinent part:

4

> (b) Where the seller discovers that the buyer has received goods on credit while insolvent he may reclaim the goods upon demand made within 10 days after the receipt . . .
>
> (c) The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course or other good-faith purchaser under this Article.

UCC § 2-702(b) and (c).

11. Based on the provisions of UCC section 2-702, bankruptcy courts generally require a reclaiming creditor to show that (a) the seller sold the goods in the ordinary course of its business, (b) the purchaser received the goods while insolvent, (c) the seller demanded return of the goods in writing within 10 days after the purchaser received the goods, and (d) the purchaser was in possession of the goods when it received the seller's reclamation demand. In re Pester Refining Co., 946 F.2d 842, 845 (8th Cir. 1992); see also In re Primary Health Systems, Inc., 258 B.R. 111, 114 (Bankr. D. Del. 2001).

12. The right of a seller to reclamation is based on the theory that the seller has been defrauded. Pester, 964 F.2d at 844. The reclamation right has been found to constitute a property right that a seller has in the goods sold. See In re Shattuc Cable Corp., 138 B.R. 557, 563 (Bankr. N.D. Ill. 1992); accord In re PFA Farmers Market Ass'n, 583 F.2d 992, 1001 (8th Cir. 1978).

13. As such, the reclamation right qualifies as a "lien" under section 101(37) of the Bankruptcy Code which defines a lien as "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37); see Primary Health, 258 B.R. at 118 (timely reclamation demand "perfected any rights [seller] had in inventory"). This perfected reclamation right is permitted as an exception to the trustee or DIP's strong arm powers. Primary Health, 258 B.R. at 114.

14.     Where a secured creditor has a perfected security interest in the inventory that is subject to the seller's reclamation right, the UCC's language of "subject to" renders the reclamation right subordinate to such security interest. Pester, 964 F.2d at 846; accord Primary Health, 258 B.R. at 116, n.5. Therefore, after the secured creditor's superior interest has been satisfied or released, the reclaiming seller retains a priority interest in the remaining goods and in any surplus proceeds from the secured creditor's foreclosure sale, if any. In re Georgetown Steel Company, LLC, 318 B.R. 340, 348 (Bankr. D.S.C. 2004); Pester, 964 F.2d at 846. Similarly, where the secured creditor's lien is oversecured, the reclaiming seller retains its priority interest in the goods subject to its reclamation claim. Primary Health, 258 B.R. at 118; accord In re Houlihan's Restaurant, Inc., 286 B.R. 137, 139-40 (Bankr. W.D. Mo. 2002).

15.     Accordingly, pursuant to section 546(c) of the Bankruptcy Code, a bankruptcy court may deny reclamation to a seller with such right only if the court grants to the seller adequate protection in the form of either a replacement lien or an administrative expense priority claim. 11 U.S.C. § 546(c); Primary Health, 258 B.R. at 118.

16.     This reclamation right, if granted in the form of a lien, is superior in time and, thus, in priority, to any postpetition lien that arises under section 364(d) of the Bankruptcy Code. Accordingly, pursuant to section 364(d) of the Bankruptcy Code, a debtor may not encumber any property subject to the lien without providing the reclaiming seller some form of "adequate protection" of its interest in the property. 11 U.S.C. § 364(d)(B). This is consistent with section 363(e) of the Bankruptcy Code which requires the grant of "adequate protection" of the interest of an entity in cash collateral held by the debtor where the debtor seeks to use, sell or lease such collateral. 11 U.S.C. §§ 363(e), 364(d)(B).

17. Such "adequate protection," as defined in section 361 of the Bankruptcy Code, may be made in the form of a cash payment, replacement lien or administrative expense claim under section 503(b)(1) of the Bankruptcy Code. 11 U.S.C. § 361. Under section 546(c) of the Bankruptcy Code, however, in the absence of a court's grant of any cash payment or turnover of the goods at issue, the court is required to grant such "adequate protection" in the form of a replacement lien or administrative expense claim. 11 U.S.C. § 546(c)(2). See Hesse, Gregory G., An Argument for Adequate Protection of Reclamation Rights? 22 Am. Bankr. Inst. J. 28, 29 (March 2003); Gretchko, Lisa S., Seller Beware! Is Your Reclamation Claim as Strong as You Think it Is? 22 Am. Bankr. Inst. J. 20 (March 2003).

18. Further, courts have held that under section 546(c) of the Bankruptcy Code, the seller is entitled to a replacement lien or an administrative expense priority claim in all assets of the debtor, without being limited to the inventory being reclaimed. See, e.g., In re Marko Electronics, Inc., 145 B.R. 25, 29 (Bankr. N.D. Ohio 1992); In re Sunstate Dairy and Food Pro., 145 B.R. 341, 346 (Bankr. N.D. Fla. 1992). Diversified Food Serv., 130 B.R. 427, 430 (Bankr. S.D.N.Y. 1991).

19. Del Monte submits that it has a valid right of reclamation which has been timely and validly asserted. While Del Monte does not, through this Limited Objection, seek this Court's determination of its reclamation rights, Del Monte seeks to preserve its reclamation rights as they existed on the Petition Date. Thus, any post-petition lien would be subordinate in priority to Del Monte's reclamation claim. Del Monte is entitled to such right in view of the fact that the prepetition secured claims are being paid in full and, therefore, it would appear that the prepetition lenders are oversecured.

20.    The Debtors' Financing Motion seeks to prime the rights of reclamation claimants in two ways. First, the Debtors propose that "all liens and security interests of the Prepetition Lender in the Prepetition Collateral will be terminated *or be deemed to be assigned to [Post-Petition] Lender as additional collateral security for all Obligations.*" See Financing Motion, ¶31(g), at page 15. Second, the post-petition financing seeks to create first priority post-petition liens in all assets of the estate to secure debt of up to $800 million. *See* Financing Motion, ¶31(g).

21.    No reason is presented as to why the liens and security interests of the Pre-Petition Lender should be deemed assigned rather than simply terminated. The Post-Petition Lender does not propose a purchase of the Pre-Petition Lender's loans, but rather a complete refinancing. It would appear that the reservation of the right to have the pre-petition liens be deemed assigned is an effort to defeat the rights of reclamation creditors such as Del Monte. See In re Phar-Mor, Inc., 301 B.R. 482, 497-8 (Bankr. N.D. Ohio 2003), See also Georgetown Steel, 318 B.R. at 348.

22.    Similarly, the Debtors cannot defeat the rights of reclamation creditors by granting security interests to the Post-Petition Lender. See Phar-Mor, 318 B.R. at 497 ("a debtor's decision to grant a security interest in inventory to a *subsequent* secured lender cannot defeat a seller's reclamation rights if the seller asserted its rights before the security interest is granted.")

23.    Accordingly, Del Monte objects to the Motion to the extent that the post-petition liens would impair the rights of Del Monte as a reclamation claimant.

**Waiver Of Memorandum Of Law**

24. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, Del Monte respectfully requests that the Court waive the requirements that Del Monte file a memorandum of law in support of this Objection because there are no novel issues of law presented in the Financing Motion or in this Objection.

**CONCLUSION**

For the foregoing reasons, Del Monte requests that this Court enter an Order (i) denying the Financing Motion (ii) providing that any post-petition liens granted to post-petition lenders of the Debtors will be subordinate in priority to Del Monte's reclamation claim; (iii) granting such other relief as may be necessary to preserve Del Monte's reclamation claim as it existed on the Petition Date; and (ii) granting such further relief to Del Monte as is appropriate.

Dated: March 11, 2005
      New York, New York

REED SMITH LLP

By: /s/ Elena P. Lazarou
Elena P. Lazarou, Esq. (EL-5681)
599 Lexington Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: elazarou@reedsmith.com

and

Kurt F. Gwynne, Esq. (DE No. 3951)
1201 N. Market Street
Wilmington, DE 19801
Telephone: (302) 778-7550
Facsimile: (302) 778-7577

Counsel for Del Monte Corporation
t/a Del Monte Foods