James S. Carr (JC 1603)
Debra SuDock (DS 5605)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

Counsel for The Dannon Company, Inc.
and Lea & Perrins, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.,* ) | |
| ) | Case No. 05 – 11063 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |

**RESERVATION OF RIGHTS OF THE DANNON
COMPANY, INC. AND LEA & PERRINS, INC. CONCERNING
ENTRY OF AN ORDER APPROVING THE DEBTORS'
PROPOSED FINAL DEBTOR-IN-POSSESSION FINANCING**

The Dannon Company, Inc. and Lea & Perrins, Inc. ("Lea & Perrins" and together with The Dannon Company, Inc., collectively, "Dannon"), creditors in connection with the above-captioned cases, by and through their undersigned counsel, hereby reserve their respective rights with regard to the Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (i) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (ii) Granting Adequate Protection to Pre-Petition Lenders, (iii) Modifying the Automatic Stay, and (iv) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c), dated as of February 21, 2005 (the "DIP Motion"), by Winn-Dixie Stores, Inc. *et al.*, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and respectfully state as follows:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"). Since the Petition Date, the Debtors have operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. Dannon sells, among other things, yogurt products to the Debtors, and holds a valid reclamation claim in the aggregate amount of approximately $370,000 (the "Reclamation Claim") .

3. On the Petition Date, the Debtors filed the DIP Motion seeking entry of an order authorizing the Debtors to obtain post-petition financing (the "DIP Financing"). The Debtors also filed a motion with respect to the allowance and payment of reclamation claims (the "Reclamation Procedures Motion").

4. As set forth in detail in Dannon's limited objection, dated March 10, 2005, to the Reclamation Procedures Motion, Dannon's rights on any allowed administrative claim granted to Dannon in connection with its Reclamation Claim will be prejudiced if the Debtors are not required to segregate the sale proceeds from the sale of such goods. Under those circumstances, payment on Dannon's administrative priority claim may be nonexistent. The Debtors should be required to segregate such cash proceeds for the purpose of paying the full amount of Dannon's Reclamation Claim.

5. Dannon has no objection to entry of an order approving the DIP Motion provided the Debtors are required to segregate the cash proceeds from the sale of Dannon goods subject to the Reclamation Claim. In addition, Dannon reserves all of its rights and remedies.

3

**WHEREFORE**, Dannon respectfully requests that the Court (i) grant the relief sought herein and (ii) grant such other and further relief this Court deems just and proper.

Dated: New York, New York
      March 11, 2005

                      KELLEY DRYE & WARREN LLP

                      By: */s/ Debra SuDock*
                            James S. Carr (JC 1603)
                            Debra SuDock (DS 5605)
                      101 Park Avenue
                      New York, New York 10178
                      Tel:  212-808-7800
                      Fax:  212-808-7897

                      ATTORNEYS FOR THE DANNON
                      COMPANY, INC. AND LEA & PERRINS, INC.