Frank J. Wright, FW4158
C. Ashley Ellis, AE1342
**HANCE SCARBOROUGH WRIGHT**
**GINSBERG & BRUSILOW, LLP**
600 Signature Place
14755 Preston Road
Dallas, Texas  75254
Phone:  (972) 788-1600
Fax:     (972) 239-0138

COUNSEL FOR THE B&F SYSTEM, INC.

Hearing Date: March 15, 2005
Hearing Time: 10:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re : | Chapter 11 |
| : | |
| : | Case No. 05-11063 (RDD) |
| WINN-DIXIE STORES, INC., et al. : | |
| : | (Jointly Administered) |
| Debtors. : | |

**OBJECTION TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING ANd UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) and (c)**

The B&F System, Inc. d/b/a Home of Maxam Products ("B&F"), an unsecured creditor, files this Objection to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-petition Lenders, (III) Modifying

the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and would respectfully show the Court the following:

1. B&F objects to the notice that was given of the Motion and the interim and final hearing. Notice of the Motion was inadequate. The Motion states that it was served on the Debtors' fifty largest unsecured creditors on a consolidated basis. Although the Debtors have obtained permission of the Court to file a fifty largest consolidated list, to date no such list has been filed with the Court. B&F is an unsecured creditor in the amount of at least $942,484.08. As such B&F believes it is one of the fifty largest unsecured creditors on a consolidated basis, yet neither the Motion nor notice of the hearing were served on B&F. Based on the representations in the Motion, the Court found in the Interim Order that due and appropriate notice of the Motion and the interim hearing had been given. Despite the Debtors' representations, that finding cannot be correct in that notice was not given to B&F.

2. B&F objects to the extent of the relief requested on an interim basis. The grant of relief in the Interim Order appears to be excessive. Pursuant to Bankruptcy Rule 4001(b), the Interim Order should only have authorized the use of that amount of cash collateral or credit "necessary to avoid immediate and irreparable harm." The Interim Order authorizes the Debtors to borrow up to $600 million and repay $427 million of pre-petition debt. There does not appear to be anything in the Motion or in the findings in the Interim Order that would indicate that it was necessary for the Debtors to incur that much additional debt or repay that much pre-petition debt between February 22 and March 15 in order to avoid immediate and irreparable harm.

**OBJECTION TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING ANd UTILIZE CASH COLLATERA, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) and (c)**          Page 2 of 7

3. B&F objects to the repayment of $427 million of pre-petition debt. Such relief is extraordinary and should not have been granted at a hearing only two days after the commencement of these cases and with no notice to B&F. Payment of pre-petition debts is properly the subject of a plan of reorganization. The effect of permitting the repayment of the Pre-Petition Lender Debt with a Post-Petition Loan is to preclude any ability of the Debtors or other parties in these cases to restructure the Pre-Petition Lender Debt under a plan of reorganization. As such the Lender now has a total veto power over any plan proposed in these cases.

4. B&F objects to the lack of any information in the Motion regarding the value of the collateral securing the Pre-Petition Lender. Without such information it is impossible to determine whether or not the Pre-Petition Lender is over or under-secured; and hence whether the payment of interest, fees, attorneys fees, etc. post-petition is appropriate. Further, it is impossible to determine whether a reorganization (and the increase of the secured debt from $427 million to $800 million) or a sale of the business is in the best interest of the creditors.

5. B&F objects to the lack of any information regarding precisely how the $600 or $800 million is to be spent. No budget is attached to the Motion or the Interim Order.

6. B&F objects to the lack of disclosure in the Motion as to the restrictions on the Debtors' ability to borrow the $800 million and how much of that amount the Debtors will in actuality ever be able to borrow under the covenants and restrictions contained in the Credit Agreement.

**OBJECTION TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363
AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS
TO OBTAIN POST-PETITION FINANCING ANd UTILIZE CASH COLLATERA, (II) GRANTING
ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE
AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO
BANKRUPTCY RULES 4001(b) and (c)**                                                                                          Page 3 of 7

7. B&F objects to the Debtors' stipulation to the validity of the liens of the Pre-Petition Lender and the Lender without any indication as to whether or not the Debtors have reviewed such liens and whether there are any problems with the liens.

8. B&F objects to the failure to disclose precisely what assets of the Debtors were not the subject of properly perfected liens prior to the commencement of the cases and the value of any previously unencumbered assets that will now be subject to the Lender liens.

9. B&F objects to the failure to adequately disclose that although the Motion provides that Chapter 5 causes of action are excluded from the Lender liens, such a statement is deceptive since the Lender entire claim is given superpriority administrative claim status and therefore entitled to any recoveries on Chapter 5 causes of action before any other creditor.

10. B&F objects to the provision in the Motion that permits the Pre-Petition Lender to continue to have a security interest even after the Pre-Petition Lender Debt has been paid.

11. B&F objects to the carve-out for professionals but not for the claims of post-petition, ordinary course trade creditors.

12. B&F objects to the attempt in the Motion to restrict objections to the Pre-Petition Lender Debt to the Committee only. B&F is an unsecured creditor and as such has standing and the right to file an objection to the Pre-Petition Lender Debt. B&F objects to the Debtors attempt to waive B&F's rights in that regard.

13. B&F objects to the restrictions imposed by the Lender on the Debtors ability to sell assets or assume or reject leases. The consent of the Lenders should not be required.

---

**OBJECTION TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363
AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS
TO OBTAIN POST-PETITION FINANCING ANd UTILIZE CASH COLLATERA, (II) GRANTING
ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE
AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO
BANKRUPTCY RULES 4001(b) and (c)** Page 4 of 7

14. B&F objects to the Debtors' waiver of 506(c) claims. The net effect of such waiver is to preclude the ability of post-petition trade to surcharge the Lender's collateral in the event the Debtors end up in liquidation. In such an event the post-petition trade will have no source of payment unless there are sufficient assets to pay the Lender in full on the $800 million facility since the Lender will not only have liens on substantially all of the Debtors' assets but potentially an $800 million superpriority administrative claim entitling it to payment before any post-petition trade creditors.

15. B&F objects to the default provisions in the Motion and the Credit Agreement. The effect of those provisions would be to cause the immediate maturing of the $600 million credit facility approved by the Court in the Interim Order if the Court finds that any part of the Interim Order should be modified based on the objections of B&F or any other party. Further, the provisions for an event of default if any party even files a plan providing for any repayment of the Lender's debt other than in full on the effective date, if there is a Change in Control, or if there are any steps taken to terminate the Pension Plans are extraordinary restrictions on the prospects for reorganization of these Debtors.

16. B&F objects to the provision for an automatic vacation of the automatic stay in the event of any alleged default without further hearing before this Court.

17. B&F objects to the retention by the Pre-Petition Lender of a $1 million priority claim even after the repayment of the Pre-Petition Lender Debt.

**OBJECTION TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363
AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS
TO OBTAIN POST-PETITION FINANCING ANd UTILIZE CASH COLLATERA, (II) GRANTING
ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE
AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO
BANKRUPTCY RULES 4001(b) and (c)**                                                                                   Page 5 of 7

WHEREFORE B&F prays that the motion be denied in all things and for such other and further relief to which B&F is justly entitled.

Dated: March 11, 2005   Respectfully submitted,

**HANCE SCARBOROUGH WRIGHT GINSBERG & BRUSILOW, LLP**

By:  */s/ Frank J. Wright*
 Frank J. Wright, FW4158
 C. Ashley Ellis, AE1342

600 Signature Place
14755 Preston Road
Dallas, TX  75254
(972) 788-1600
(972) 239-0138 (fax)

**ATTORNEYS FOR PRIVACY, INC.**

---

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above Notice of Appearance and Request for Service of Notices and Papers has been served upon the parties on the below/attached list via United States First-Class Mail, postage prepaid, on this 11th day of March, 2005.

                                        */s/ Frank J. Wright*
                                        Frank J. Wright

| | | |
|---|---|---|
| Winn-Dixie Stores, Inc.<br>David J. Baker<br>Adam Ravin<br>Skadden Arps Slate Meagher & Flomm LLP<br>Four Times Square<br>New York, NY 10036<br>**Attorney for Debtors** | Richard C. Morrissey<br>**Office of the U.S. Trustee**<br>33 Whitehall Street, 21st Fl.<br>New York, NY 10004 | Dennis F. Dunne<br>Matthew S. Barr<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>**Attorney for Creditor Committee** |
| Sarah Borders<br>King & Spalding, LLP<br>191 Peachtree Street<br>Atlanta, GA 30303 | Jonathan N. Helfat<br>Otterbourg, Steindler, Houston & Rosen, P.C.<br>230 Park Ave.<br>New York, NY 10169 | Andrew Tenzer<br>Shearman & Sterling LLP<br>599 Lexington Ave.<br>New York, NY 10022-6069 |

**OBJECTION TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING ANd UTILIZE CASH COLLATERA, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) and (c)**