FRANK/GECKER LLP
325 North LaSalle Street
Suite 625
Chicago, Illinois 60610
Telephone:    (312) 276-1400
Facsimile:    (312) 276-0035
Joseph D. Frank (JF-6085)
Zane L. Zielinski (ZZ-8776)

Attorneys for Bottling Group LLC d/b/a The Pepsi Bottling Group,
PepsiAmericas, Inc. and 16 other bottlers of Pepsi products

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **WINN-DIXIE STORES, INC.,** *et al.,* | : | Case No. 05-11063 |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

----------------------------------------------------------------x

**LIMITED OBJECTION OF THE PEPSI BOTTLERS TO
EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363 AND 364 FOR
INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO
OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II)
GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III)
MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A
<u>FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)</u>**

Bottling Group LLC d/b/a The Pepsi Bottling Group ("PBG"), PepsiAmericas, Inc.

("PAS") and 16 other bottlers of Pepsi products (collectively, the "Pepsi Bottlers"), by their

attorneys, Frank/Gecker LLP, hereby object to the Emergency Motion Pursuant to 11 U.S.C.

§§ 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (i) Authorizing Debtors to

Obtain Post-Petition Financing and Utilize Cash Collateral, (ii) Granting Adequate Protection to

Pre-Petition Lenders, (iii) Modifying the Automatic Stay, and (iv) Scheduling a Final Hearing

Pursuant to Bankruptcy Rules 4001(b) and (c) (the "DIP Financing Motion") filed by Winn-

Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors").

## BACKGROUND

1.	On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.	The Pepsi Bottlers supply beverages to the Debtors for resale.  PBG has made a reclamation demand upon the Debtors for goods with a value of at least $2,807,774.00, and PAS has made a reclamation demand upon the Debtors for goods with a value of at least $441,421.75.  Some or all of the other Pepsi Bottlers also have made reclamation demands upon the Debtors for the return of goods.  On March 2, 2005, PBG and PAS, through their counsel, filed notices of their reclamation demands with the Bankruptcy Court.

3.	On February 21, 2005, the Debtors filed the DIP Financing Motion, which seeks authorization for the Debtors to obtain post-petition financing and grant liens to the Debtors' post-petition lenders (the "Post-Petition Lenders") on goods or the proceeds of goods that have been validly reclaimed by the Pepsi Bottlers pursuant to section 2-702 of the Uniform Commercial Code (the "UCC"), 11 U.S.C. § 546(c) and Fed. R. Bankr. P. 9006.  On February 23, 2005, Judge Bernstein entered the Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (ii) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, (iii) Authorizing Debtors to Pay in Full All Claims of Debtors' Pre-Petition Secured Lenders, and (iv) Prescribing Form and Manner of Notice and Time for Final Hearing, and set the DIP Financing Motion for final hearing on March 15, 2005.

**LIMITED OBJECTION**

4. The attachment of pre-petition liens and post-petition liens to properly reclaimed goods and the effect that those liens have on the right of reclaiming creditors to recover their goods or receive an administrative priority or secured claim under section 546(c) of the Bankruptcy Code is a legal issue of growing prominence in large Chapter 11 bankruptcies. The bankruptcy courts have reached a variety of conclusions on this issue, but the Second Circuit Court of Appeals has not ruled on the issue.

5. By this limited objection, the Pepsi Bottlers merely seek to maintain the status quo with respect to reclamation priorities and to prevent the Debtors' post-petition financing arrangements from impairing the Pepsi Bottlers' reclamation rights. The Pepsi Bottlers ask the Court to ensure that the Debtors do not violate section 2-702 of the Uniform Commercial Code by granting liens to the Post-Petition Lenders on the goods that have been properly reclaimed.

6. Section 2-702 provides, in part, as follows:

> (2) If the seller discovers that the buyer has received goods on credit while insolvent, the seller may reclaim the goods upon demand made within a reasonable time after the buyer's receipt of the goods. Except as provided in this subsection, the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.
>
> (3) <u>The seller's right to reclaim under subsection (2) is subject to the rights of a buyer in ordinary course of business or other good-faith purchaser</u> for value under Section 2-403. Successful reclamation of goods excludes all other remedies with respect to them.

UCC § 2-702 (emphasis added). Because the UCC prevents the Debtors from subordinating the Pepsi Bottlers' reclamation rights to the rights of the Post-Petition Lenders, the Court should modify the Debtors' proposed final order granting the DIP Financing Motion so as to prevent such subordination.

7. It is clear in section 2-702 of the UCC that the Pepsi Bottlers' right to reclaimed goods is only subordinate to the rights of a buyer in the ordinary course or other good faith purchaser as those terms are defined by the UCC.[1] Courts have found that a secured lender may qualify as a "purchaser," which is defined by UCC §§ 1-201(29) and (30) as, *inter alia*, a person who takes by lien or security interest. However, the Post-Petition Lenders cannot honestly argue that they would take <u>new</u> liens against reclaimed goods in good faith, which is defined at UCC § 1-201(20) as honesty in fact and the observance of reasonable commercial standards of fair dealing.

8. The Post-Petition Lenders, given their knowledge of the reclamation demands served upon the Debtors and, in many cases, filed with the Court, cannot qualify as <u>good</u> <u>faith</u> purchasers and, therefore, should not receive new liens on the goods reclaimed by the Pepsi Bottlers. *See*, *e.g.*, *Kaminsky v. Karmin*, 589 N.Y.S.2d 588, 590 (N.Y. App. Div. 1992) (party with notice of competing interest in goods or who fails to make reasonable inquiry does not take in good faith); *Arcanum Nat'l Bank v. Hessler*, 433 N.E.2d 204, 209 (S.Ct. Ohio 1982); *Hollywood Nat'l Bank v. Int'l Bus. Machines Corp.*, 113 Cal. Rept. 494 (Cal. Ct. App. 1974). Consequently, the Post-petition Lenders should not be granted a lien on reclaimed goods and their proceeds in order to eliminate any claim that the Pepsi Bottlers' reclamation rights are subject to those liens.[2]

9. Alternatively, if the Court grants a lien to the Post-Petition Lenders on the Pepsi Bottlers' validly reclaimed goods, the Court should provide the Pepsi Bottlers with adequate protection under 11 U.S.C. §§ 363(e) and/or 364(d)(1)(B). Adequate protection is appropriate

---

[1] The lenders to do not qualify as a buyer in the ordinary course, which is defined at UCC § 1-201(9) as a "person that buys goods."

[2] By this limited objection, the Pepsi Bottlers do not waive and do not seek to raise the affect on reclamation claims of any assignment to the Post-Petition Lenders of the liens of the Debtors' pre-petition lenders. That issue is better addressed in litigation over the Pepsi Bottlers' rights under 11 U.S.C. § 546(c).

because the Pepsi Bottlers have an interest in the reclaimed goods.  *See U.S. v. Westside Bank*, 732 F.2d 1258 (5th Cir. 1984) (reclaiming seller retains priority interest in surplus generated following secured lender's foreclosure sale); *Michelin Tires (Can.) Ltd. v. First Nat'l Bank of Boston*, 666 F.2d 673, 677 (1st Cir. 1981) (reclaiming creditor retains a priority interest in any surplus proceeds from foreclosure sale).  The Debtors seek to prime the Pepsi Bottlers' interest by providing the Post-Petition Lenders with a superpriority lien on the reclaimed goods.  Therefore, the Pepsi Bottlers are entitled to adequate protection if the Post-Petition Lenders are granted a lien that primes the interest of the Pepsi Bottlers in the reclaimed goods.  *In re Century Brass Prod., Inc.*, 95 B.R. 277 (D. Conn. 1989).

10.     Pursuant to Local Bankruptcy Rule 9013(b) for the Southern District of New York, the Pepsi Bottlers respectfully request that the Court waive the requirement that the Pepsi Bottlers file a memorandum of law in support of this limited objection because there are no novel issues of law presented in the DIP Financing Motion or in this limited objection.

## **CONCLUSION**

11.     It is likely that this Court will ultimately be required to sort out the priorities of various claims that will be asserted with respect to the millions of dollars worth of goods that have been reclaimed from the Debtors pursuant to UCC § 2-702.  However, the resolution of that issue can wait for another day.  The issue of great urgency that the Court must resolve in order for the Debtors to obtain post-petition financing is whether the terms of that financing, made with full knowledge of pending reclamation claims and at a time when reclamation creditors were enjoined <u>without</u> <u>notice</u> from taking any action to recover their goods, can further diminish the rights of reclamation creditors.  Because the Post-Petition Lenders cannot take new liens on reclaimed goods in good faith, the answer to that question has to be negative.

**WHEREFORE**, Bottling Group LLC d/b/a The Pepsi Bottling Group, PepsiAmericas, Inc. and the 16 other bottlers of Pepsi products respectfully request that the Court enter an order denying the Debtors' request in the DIP Financing Motion for authorization to grant liens to the Debtors' Post-Petition Lenders on goods or the proceeds of goods that have been validly reclaimed by the Pepsi Bottlers, or, alternatively, providing the Pepsi Bottlers with adequate protection of their interest in goods they reclaimed, and granting such other relief as is just and appropriate.

Dated: March 11, 2005

/s/ Joseph D. Frank
Joseph D. Frank (JF-6085)
Zane L. Zielinski (ZZ-8776)
FRANK/GECKER LLP
325 North LaSalle Street
Suite 625
Chicago, Illinois 60610
Telephone:    (312) 276-1400
Facsimile:    (212) 276-0035
jfrank@fgllp.com; zzielinski@fgllp.com

Attorneys for Bottling Group LLC d/b/a The Pepsi Bottling Group, PepsiAmericas, Inc. and 16 other bottlers of Pepsi products