Hearing Date: March 15, 2005
Time: 10:00 a.m.

**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
Andrew B. Eckstein (AE 6142)
Rocco Cavaliere (RC 8686)

- and -

1201 Market Street
Wilmington, DE 19801
(302) 425-6400
Jason W. Staib

Counsel for Campbell Soup Company and subsidiaries

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **WINN-DIXIE STORE, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| **Debtors.** | : | **(Jointly Administered)** |

**LIMITED OBJECTION OF CAMPBELL SOUP COMPANY AND SUBSIDIARIES AND JOINDER IN THE OBJECTION OF CERTAIN TRADE VENDORS AND JOINDER IN OPPOSITIONS AND OBJECTIONS OF CERTAIN OTHER VENDORS AND PACA CLAIMANTS TO EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§ 105, 361, 363, 363 AND 364 FOR INTERIM AND FINAL FINANCING ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

Campbell Soup Company, on behalf of itself and its subsidiaries including Campbell Sales Company and Pepperidge Farm, Inc. (collectively, "Campbell"), by and through its

undersigned counsel, files this limited objection and joinder in the objection of certain trade vendors (the "Trade Vendors") and joinder in oppositions and objections of certain other vendors and PACA claimants to emergency motion pursuant to 11 U.S.C. §§ 105, 361, 363, 363 and 364 for interim and final financing orders (i) authorizing Debtors to obtain post-petition financing and utilize cash collateral, (ii) granting adequate protection to pre-petition lenders, (iii) modifying the automatic stay, and (iv) scheduling a final hearing pursuant to Bankruptcy Rules 4001(b) and (c) (the "Motion").[1] In support of its limited objection and joinder in the Trade Vendors, Campbell respectfully represents:

**Background**

1. On February 21, 2005 (the "Petition Date"), the each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors have retained possession of their respective assets and continue in the operation and management of their respective businesses.

2. Campbell is a creditor of the Debtors. Prior to the Petition Date, Campbell shipped to the Debtors substantial amounts of goods for which it has not been paid. Included within these shipments were goods sold on credit in the approximate aggregate amount of $1,430,682.64 to which Campbell has reclamation and other rights.

3. On February 21, 2005, the Debtors filed the Financing Motion, in which the Debtors state that as of the Petition Date, they had obligations to their secured lenders in the

1 Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

aggregate amount of $427 million under a Pre-Petition Credit Agreement. (Financing Motion, ¶¶ 8, 10.) The Debtors propose to fully satisfy their obligations under the Pre-Petition Credit Agreement by obtaining post-petition secured loans and advances from Wachovia Bank National Association, as Administrative Agent and Collateral Agent ("Lender"), in an amount up to $800 million. The Debtors seek authority to obtain the $800 million in post-petition financing and to grant to the Lender, among other protections, first priority security interests in substantially all of the Debtors' assets and properties, with priority over all other secured and unsecured creditors. (Financing Motion, ¶ 31(g)).

4. Although the obligations under the Pre-Petition Credit Agreement will be paid in full, the Debtors propose that the pre-petition lenders will continue to hold liens, on Pre-Petition Collateral to secure up to $1 million in professional fees and expenses incurred by the pre-petition Lender and to secure any Contingent Pre-Petition Lender Debt. (Financing Motion, ¶¶ 20(c), 31(k)).

**Joinder and Objections**

5. Campbell hereby joins with and incorporates herein the Trade Vendor's objections to the Motion to the effect that the proposed relief will adversely impact upon and impair its rights as a reclamation claimant.

**WHEREFORE,** Campbell respectfully requests that this Court enter an Order:

A. Conditioning approval of the relief sought by the Motion upon the provision of adequate protection to Campbell, and others similarly situated, and the incorporation of provisions which preserve the rights of Campbell, and others similarly situated; or alternatively

B. Denying the Motion to the extent inconsistent with the foregoing; and

C. Granting Campbell such other relief as this Court deems just and proper.

Dated: March 11, 2005

**BLANK ROME LLP**

___/s/ Andrew B. Eckstein___

Andrew B. Eckstein (AE 6142)
Rocco Cavaliere (RC 8686)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 885-5000
Facsimile: (212) 885-5002

-and -

Jason W. Staib
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

Counsel for Campbell Soup Company
and subsidiaries