SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
DJ. Baker (DB-0085)

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :
In re:                                                 :
                                                       :   Chapter 11 Case No. 05-11063 (RDD)
WINN-DIXIE STORES, INC., *et al.*,                     :
                                                       :   (Jointly Administered)
                                   Debtors.            :
                                                       :
-------------------------------------------------------x

### APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(A) OF THE BANKRUPTCY CODE AND RULE 2014(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

Winn-Dixie Stores, Inc. and its debtor affiliates,[1] as debtors and debtors-in-possession (collectively, the "Debtors"), hereby make this application (the "Application") for entry of an order, in substantially the form attached hereto as Exhibit A, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Debtors' retention and employment of Togut, Segal & Segal, LLP ("TS&S") as their conflicts counsel nunc pro tunc to February 28, 2005. In support of this Application, the Debtors respectfully represent that:

## BACKGROUND

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date").

2. The Debtors are continuing in possession of their property and are operating and managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or examiner. On March 2, 2005, the United States Trustee appointed an official committee of unsecured creditors to serve in these cases ("Chapter 11 Cases").

4. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States. Substantially all of the Debtors' store locations are leased rather than owned.

5.  This Court has jurisdiction over this Application under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**RELIEF REQUESTED**

6.  The Debtors seek court approval, pursuant to sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(d), to employ and retain TS&S as their conflicts counsel in connection with these Chapter 11 Cases to handle matters that the Debtors may encounter which are not appropriately handled by the Debtors' bankruptcy counsel, Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps"), because of a potential or actual conflict of interest, or alternatively which can be more efficiently handled by TS&S.  This will avoid unnecessary litigation and reduce the overall expense of administering these Chapter 11 Cases.  Pursuant to section 328(a) of the Bankruptcy Code, the Debtors request that the Court approve the retention of TS&S, under a general retainer, as their attorneys, to perform services that will be necessary during these Chapter 11 Cases in accordance with TS&S's normal hourly rates and policies in effect when TS&S renders the services or incurs the expenses.

7.  The Debtors have been informed that Albert Togut and Neil Berger, partners at TS&S, as well as other partners of, counsel to and associates of TS&S, who will be employed in these Chapter 11 Cases, are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York.

3

8. The Debtors have selected TS&S because of the firm's experience in business reorganizations under chapter 11 of the Bankruptcy Code. In addition, TS&S possesses extensive expertise, experience and knowledge practicing before this bankruptcy court.

9. TS&S has been actively involved in major chapter 11 cases, and has represented debtors in many cases in this Court including, without limitation: In re Enron Corp., Case No. 01-16034 (AJG); In re Tower Automotive, Inc., Case No. 05-10578 (ALG); Allegiance Telecom, Inc., 03-13057 (RDD); In re Ames Department Stores, Inc., 01-42217 (REG); In re Loews Cineplex Entertainment Corp., Case No. 01-40346 (ALG); Onsite Access, Inc., Case No. 01-12879 (RLB); In re SK Global America, Inc., Case No. 03-14625 (CB), Daewoo International (America) Corp., Case No. 00-11050 (BRL); and Rockefeller Center Properties, Case No. 95-42089 (PCB).

10. The employment of TS&S under a general retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession, and to implement the restructuring and reorganization of the Debtors.

**SERVICES TO BE PROVIDED**

11. Subject to the Court's approval, TS&S will render professional services to the Debtors for only the discrete matters assigned to it, which may include, but are not limited to the following:

    (a) advise the Debtors regarding their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

    (b)    attend meetings and negotiate with representatives of creditors and other parties in interest;

    (c)    take necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the estates;

    (d)    prepare on the Debtors' behalf motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

    (e)    advise the Debtors in connection with any potential sale of assets;

    (f)    appear before this Court and any appellate courts and protect the interests of the Debtors' estates before these Courts;  and

    (g)    perform other necessary legal services and provide other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

12.    TS&S is willing to act in these Chapter 11 Cases and render the necessary professional services as attorneys for the Debtors.  To the best of the Debtors' knowledge, the partners, counsel and associates of TS&S do not have any connection with or any interest adverse to the Debtors, their creditors or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the affidavit of Albert Togut, the senior member of TS&S, dated March 9, 2005 (the "Togut Affidavit"), attached hereto as Exhibit B.  As such, TS&S is a "disinterested person," as that phrase is defined in section 101(14) of the Bankruptcy Code and as modified by section 1107(b) of the Bankruptcy Code, and TS&S's employment is necessary and in the best interests of the Debtors and the Debtors' estates.

13. The Debtors understand that during these Chapter 11 Cases, TS&S will apply to the Court for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), guidelines establishing by the United States Trustee for the Southern District of New York (the "United States Trustee"), and Orders of this Court for all services performed and expenses incurred after the Commencement Date.

14. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain TS&S on any reasonable terms and conditions. The Debtors submit that the most reasonable terms and conditions are those charged by TS&S to the Debtors and other clients on a daily basis in a competitive market for legal services. Therefore, the Debtors and TS&S have agreed that TS&S shall be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Togut Affidavit, and it shall be reimbursed according to TS&S's customary reimbursement policies.

**MEMORANDUM OF LAW**

15. This Application includes citations to the applicable authorities and a discussion of their application to this Application. Accordingly, the Debtors respectfully submit that such citations and discussion satisfy the requirement that the Debtors submit a separate memorandum of law in support of this Application pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

## NOTICE

16. Notice of this Application has been given to (a) the United States Trustee; (b) counsel for Wachovia bank, N.A., as agent for the Debtors' secured lenders; (c) the indenture trustee for the Debtors' noteholders; (d) counsel for the Official Committee of Unsecured Creditors; and (e) all parties having filed notice of appearance. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## NO PRIOR REQUEST

17. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Debtors to employ and retain Togut, Segal & Segal LLP as conflicts counsel for the Debtors and (ii) granting such further relief as the Court deems appropriate.

Dated:  March 14, 2005
        New York, New York

                                        WINN DIXIE STORES, INC., *et al.*

                                        By: */s/ Bennett Nussbaum*
                                        Bennett Nussbaum
                                        Senior Vice President and
                                        Chief Financial Officer
                                        Winn Dixie Stores, Inc.

D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000

Attorneys for Debtors