# **EXHIBIT B**

**Togut Affidavit**

Albert Togut (AT-9759)
Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000 (Phone)
(212) 967-4258 (Fax)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                        :
In re:                                                  :
                                                        :   Chapter 11 Case No. 05-11063 (RDD)
WINN-DIXIE STORES, INC., *et al.*,                      :
                                                        :   (Jointly Administered)
                              Debtors.                  :
                                                        :
--------------------------------------------------------x

**AFFIDAVIT OF ALBERT TOGUT IN SUPPORT OF APPLICATION FOR ORDER UNDER 11 U.S.C. § 327(A) AND RULE 2014(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS <u>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION</u>**

STATE OF NEW YORK     )
                                        ) :
COUNTY OF NEW YORK )

       Albert Togut, being duly sworn, states the following under pending of perjury:

       1.    I am the senior member of Togut, Segal & Segal LLP ("TS&S"), located at One Penn Plaza, New York, New York 10119.  I am a member in good standing of the Bar of the State of New York and am admitted to practice in the Southern District of New York and the Eastern District of New York.

2.      I am in all respects competent to make this Affidavit in support of the Debtors' application (the "Application")[1] to retain TS&S as conflicts counsel for the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.

## DISINTERESTEDNESS

3.      Based on the conflicts search conducted to date by TS&S and described herein, to the best of my knowledge, neither TS&S, nor any partner, including myself, counsel or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtors, their creditors or any other parties in interest, or their respective attorneys and accountants, nor with the United States Trustee for the Southern District of New York (the "United States Trustee") or any person employed by the United States Trustee, except as disclosed herein.

4.      TS&S is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that TS&S, its partners, counsel and associates, except as disclosed herein:

      (a)      are not creditors, equity security holders or insiders of the Debtors;

      (b)      are not and were not investment bankers for any outstanding security of the Debtors;

---

[1]    Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

(c) have not been, within three years before the date of the filing of these Chapter 11 Cases, (i) investment bankers for a security of the Debtors or (ii) an attorney for such an investment banker in connection with the offer, sale or issuance of a security of the Debtors;

(d) are not and were not, within two years before the date of filing of these Chapter 11 Cases, a director, officer or employee of the Debtors or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

(e) do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker specified in subparagraph (b) or (c) of this paragraph, or for any other reason.

5. I am not related, and to the best of my knowledge, no attorney at TS&S is related, to any United States Bankruptcy Judge in the Southern District of New York or to the United States Trustee or any employee thereof.

6. Pursuant to section 327(c) of the Bankruptcy Code, TS&S is not disqualified from acting as the Debtors' counsel merely because it represents creditors, equity security holders, and/or other parties in interest in matters unrelated to these Chapter 11 Cases.

7. TS&S will periodically review its files during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, TS&S will use its reasonable efforts to identify any such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014(a).

8. As of the Petition Date, TS&S was not owed any amounts by the Debtors for legal services rendered prior to the Petition Date.

3

## TS&S'S CONNECTIONS WITH PARTIES IN INTEREST IN MATTERS UNRELATED TO THESE CHAPTER 11 CASES

9. TS&S and certain of its partners, counsel, and associates may have in the past represented, and may likely in the future represent, parties-in-interest of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases. Annexed hereto as Exhibit A is, to the best of TS&S's knowledge, a list of the parties-in-interest provided by the Debtors. TS&S has reviewed that list for any connection it may have to the entities listed on Exhibit A annexed hereto and has found none. The information listed on Exhibit A may change or be modified during the pendency of these Chapter 11 Cases. TS&S will update this affidavit when necessary if it becomes aware of material information.

## SERVICES TO BE RENDERED

10. The Debtors seek court approval, pursuant to sections 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(d) to employ and retain Togut, Segal & Segal LLP ("TS&S") as their attorneys in connection with these Chapter 11 Cases to handle matters that the Debtors may encounter which are not appropriately handled by the Debtors' proposed bankruptcy counsel, Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") because of a potential or actual conflict of interest, or alternatively which can be more efficiently handled by TS&S. This will avoid unnecessary litigation and reduce the overall expenses of administering these cases. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors, as debtors in possession, request that the Court approve the retention of TS&S, under a general retainer, as their attorneys, to perform

services that will be necessary during these Chapter 11 Cases in accordance with TS&S's normal hourly rates and policies in effect when TS&S renders the services or incurs the expenses.

11.  TS&S will render professional services to the Debtors for certain discrete matters, which may include, but are not limited to the following:

(a) advise the Debtors regarding their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b) attend meetings and negotiate with representatives of creditors and other parties in interest;

(c) take all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the estates;

(d) prepare on the Debtors' behalf all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(e) advise the Debtors in with any potential sale of assets;

(f) appear before this Court and any appellate courts and protect the interests of the Debtors' estates before these Courts;

(g) perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

## **PROFESSIONAL COMPENSATION**

12.  Subject to annual adjustment in January, in accordance with the firm's billing practices, the rates to be charged by TS&S for services to be rendered to the Debtors shall be the same rates charged to other clients, which are currently in the

5

range of $630 to $765 per hour for partners, and $125 to $525 per hour for paralegals and associates, and $545 for counsel to the Firm. TS&S intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), further Orders of this Court, and guidelines established by the United States Trustee on an hourly basis, plus reimbursement of actual and necessary expenses and other charges that TS&S incurs. TS&S will charge the Debtors hourly rates consistent with the rates it charges in other matters of this type.

13.    It is TS&S's policy to charge its clients for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain necessary secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals" and telecopier charges. TS&S will charge the Debtors for these expenses in a manner and at rates consistent with those it generally charges its other clients and in accordance with the Local Rules and United States Trustee guidelines. TS&S believes that it is fairer to charge these expenses to the particular client on whose behalf they are incurred rather than to increase its hourly rates and spread these expenses among all of its clients.

14.    No promises have been received by TS&S nor by any partner, counsel or associate thereof as to compensation in connection with these Chapter 11

6

Cases other than in accordance with the provisions of the Bankruptcy Code. TS&S has no agreement with any other entity to share with such entity any compensation received by TS&S in connection with these Chapter 11 Cases.

15. TS&S further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel and associates of TS&S or (b) any compensation another person or party has received or may receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Albert Togut*
Albert Togut (AT-9759)

Subscribed and sworn to before me on
this 9th day of March, 2005 in
New York, New York.

*/s/ Elizabeth Wayne*
Notary Public
My Commission Expires: