**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                              :
                                                   :      **Chapter 11**
                                                   :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**        :      **Case No. 05-11063**
                                                   :
          Debtors.                 :      **(Jointly Administered)**
                                                   :
-------------------------------------------------------------x

**FINAL ORDER AUTHORIZING DEBTORS TO RETAIN**
**KING & SPALDING LLP AS SPECIAL CORPORATE**
**<u>AND LITIGATION COUNSEL TO THE DEBTORS</u>**

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 327 of the Bankruptcy Code for authority to retain King & Spalding LLP ("King & Spalding") as counsel in these cases, all as more fully set forth in the Application; and upon consideration of the declaration of Sarah R. Borders (the "Borders Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors'

noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Application being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on the terms set forth herein; and it is further

ORDERED that the Debtors are authorized to retain King & Spalding as their bankruptcy co-counsel, pursuant to Section 327(a) of the Bankruptcy Code, from February 21, 2005 (the "Petition Date") through the date of this Order, on the terms set forth in the Application and the Borders Declaration; and it is further

ORDERED that the Debtors are authorized to retain King & Spalding as their special corporate and litigation counsel, pursuant to Section 327(e) of the Bankruptcy Code, as of February 21, 2005 (the "Petition Date"), on the terms set forth in the Application and the Borders Declaration, as modified by the following paragraph of this Order; and it is further

ORDERED that King & Spalding shall be employed as special corporate and litigation counsel for the following purposes:

(a) to continue to advise the Debtors with respect to the non-bankruptcy matters traditionally handled by King & Spalding, including litigation, antitrust matters, environmental matters, general corporate matters and transactions, ERISA and other employee benefits matters, securities law and SEC-related matters, and finance and finance-related matters and transactions; and

(b) with respect to the matters described in subparagraph (a), to take all necessary action to protect and preserve the estates of the Debtors, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, and the negotiation of disputes in which the Debtors are involved;

and it is further

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, King & Spalding's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that King & Spalding shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court; and it is further

ORDERED that King & Spalding's compensation shall include compensation for services rendered and expenses incurred during the period of its service as bankruptcy co-counsel, as well as reasonable fees and expenses incurred thereafter in connection with transitioning responsibility for bankruptcy matters to Skadden, Arps, Slate, Meagher & Flom LLP; and it is further

ORDERED that, to the extent that any pre-petition retainer received by King & Spalding from the Debtors remains after application to pre-petition fees, charges, costs, or expenses, King & Spalding is authorized to hold such remaining retainer for application to allowed amounts owed pursuant to King & Spalding's final application in these cases; provided, however, that King & Spalding shall hold the remaining retainer as funds clearly designated for the account of the Debtors; and provided, further, however, that any party in interest may at any time challenge the use and application of the retainer by King & Spalding; and provided, further, however, that to the extent the pre-prepetition retainer is insufficient to satisfy all pre-petition fees, charges, costs, or expenses, King & Spalding shall waive any unpaid pre-petition fees, charges, costs, or expenses; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: March 15, 2005
      New York, New York

                                        /s/Robert D. Drain
                                  UNITED STATES BANKRUPTCY JUDGE