**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                                        :
                                                             :    Chapter 11
                                                             :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**                  :    Case No. 05-11063 (RDD)
                                                             :
             Debtors.                                        :    (Jointly Administered)
                                                             :
-------------------------------------------------------------x

### FINAL ORDER AUTHORIZING DEBTORS TO RETAIN KIRSCHNER & LEGLER, P.A. AS SPECIAL CORPORATE FINANCE COUNSEL TO THE DEBTORS

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 327(e) of the Bankruptcy Code for authority to retain Kirschner & Legler, P.A. ("K&L") as special corporate finance counsel in these cases, all as more fully set forth in the Application; and upon consideration of the declaration of Kenneth M. Kirschner (the "Kirschner Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest

unsecured creditors, and no other or further notice being required; and the employment of K&L being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to retain K&L as their special corporate finance counsel, pursuant to Section 327(e) of the Bankruptcy Code, as of February 21, 2005 (the "Petition Date"), on the terms set forth in the Application and the Kirschner Declaration; and it is further

ORDERED that no work performed by K&L shall be duplicative of work performed by any other counsel retained by the Debtors in these cases; and it is further

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, K&L's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that K&L shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court, and it is further

ORDERED that, to the extent that any pre-petition retainer received by K&L from the Debtors remains after application to pre-petition fees, charges, costs, or expenses, K&L is authorized to hold such remaining retainer for application to allowed amounts owed pursuant

3

to K&L's final application in these cases; provided, however, that K&L shall hold the remaining retainer as funds clearly designated for the account of the Debtors; and provided, further, however, that any party in interest may at any time challenge the use and application of the retainer by K&L; and provided, further, however, that to the extent the pre-prepetition retainer is insufficient to satisfy all pre-petition fees, charges, costs, or expenses, K&L shall waive any unpaid pre-petition fees, charges, costs, or expenses; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: March 15, 2005
      New York, New York

                                                      /s/Robert D. Drain
                                         UNITED STATES BANKRUPTCY JUDGE

979423.03-New York Server 7A - MSW