**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                               :
                                                                    :      **Chapter 11**
                                                                    :
**WINN-DIXIE STORES, INC., et al.,**           :      **Case No. 05-11063 (RDD)**
                                                                    :
                    Debtors.                                :      **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------x

## FINAL ORDER AUTHORIZING DEBTORS TO PAY CERTAIN WORK-IN-PROGRESS CLAIMS OF ON-SITE PROVIDERS AS NECESSARY TO AVOID DISRUPTION TO OPERATIONS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to pay certain pre-petition claims (the "Work-in-Progress Claims") of repairmen, contractors, subcontractors, mechanics, materialmen, maintenance providers, or other service providers (collectively, the "On-Site Providers") involved in on-site projects that are in process as of the commencement of these cases or routine maintenance functions as necessary to avoid disruption to the Debtors' operations; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to

(i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and proposed counsel for the Official Creditors' Committee, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on a final basis on the terms set forth herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to make payments (the "Payments") on the Work-in-Progress Claims of the On-Site Providers on the following terms and conditions:

(a) The Debtors, in their discretion, shall determine which On-Site Providers, if any, are entitled to Payments under this Motion, subject to the provisions below; provided, however, that after the date hereof, any payment to an On-Site Provider of Improvements that exceeds $1,000,000 or to an On-Site Provider of Routine Maintenance that exceeds $250,000 (the "Discretionary Limits") shall be made only if approved by the Official Committee of Unsecured Creditors (the "Committee") in accordance with the procedures set forth below;

(b) The On-Site Providers must either (i) be engaged in providing Goods or Services with respect to a project at the Debtors' facilities that is incomplete as of the Petition Date or (ii) be engaged in performing Routine Maintenance in one of the Debtors' stores;

(c) The Debtors must conclude (i) that the Goods or Services of the On-Site Provider at issue are essential to the proper or timely completion of the project or to the ongoing maintenance of a store, (ii) that the On-Site Provider will refuse to continue providing such Goods or Services if the Work-in-Progress Claims are not paid, and (iii) that the Debtors' facilities or operations will be adversely affected if the Improvements are not

    properly or timely completed or the Routine Maintenance is not regularly performed;

(d) As a condition to receiving a Payment, the On-Site Provider must agree to continue providing Goods or Services to the Debtors as necessary to complete the Improvements or perform the Routine Maintenance on terms at least as favorable as the On-Site Provider made available to the Debtors prior to the Petition Date; and

(e) Prior to making a Payment to an On-Site Provider under this Order, the Debtors may, in their discretion, settle all or some of the Work-in-Progress Claims of the On-Site Providers for less than their face amount without further notice or hearing;

provided, however, that the Debtors shall not make payments for prepetition services to any On-Site Provider whom they determine is obligated under the terms of a written contract that has neither expired by its own terms nor been validly cancelled or rescinded, unless such On-Site Provider may assert a valid mechanic's or materialmen's lien with respect to any Work-in-Progress Claim; and provided further, however, that notwithstanding the foregoing, in the event the Debtors in their reasonable business judgment determine that the payment of a prepetition amount must be made to an On-Site Provider to ensure the quality or availability of continuing services by such On-Site Provider within a time period necessary to avoid harm to the business of the Debtors, the Debtors shall be permitted to make such payment regardless of whether the On-Site Provider is under contract or has lien rights, but in no event shall the Debtors make payments pursuant hereto that exceed the aggregate amount of $750,000 for all On-Site Providers or in excess of $25,000 per location for an individual On-Site Provider determined to be subject hereto; and it is further

    ORDERED that with respect to any payment that exceeds the Discretionary Limits, (a) the Debtors shall seek the approval of the Committee by delivering a written request to the Committee's counsel (c/o Dennis Dunne and Matthew Barr) and financial advisors (c/o Marti Kopacz) by email and fax; (b) the Committee shall have a period of twenty-four (24)

business hours from the time of such delivery to review, and if necessary object to, any such request; (c) any objection by the Committee to any such request shall be delivered in writing to the Debtors' counsel (c/o D. J. Baker) and restructuring consultants (c/o Sheon Karol) by email and fax; (d) in the event of any objection by the Committee, the payment subject to the request shall not be made by the Debtors until and unless such objection is resolved by agreement of the Debtors and the Committee or this Court otherwise orders; and (e) any request that is not objected to by the Committee within twenty-four (24) business hours from the time of delivery shall be deemed approved by the Committee and the Debtors may immediately make the payment subject to such request; and it is further

ORDERED that an On-Site Provider's acceptance of payment under this Order is deemed to be an acceptance of the terms of this Order, and if the On-Site Provider thereafter does not provide the Debtors with customary trade credit terms during the pendency of these Chapter 11 cases, any payment of Work-in-Progress Claims made after the Petition Date may be deemed to be unauthorized and avoidable by the Debtors pursuant to Section 549 of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized, but not directed, to obtain written verification of trade credit terms to be provided by an On-Site Provider before making any payment to such On-Site Provider pursuant to this Order; and it is further

ORDERED that the entry of this Order is without prejudice to the right of the Debtors to contest the amount of any invoice of an On-Site Provider on any grounds; and it is further

ORDERED that nothing in this Order shall constitute a determination regarding whether any On-Site Provider's refusal or threatened refusal to do business with the Debtors or

to comply with an executory contract following the Petition Date violates the automatic stay of Section 362(a) of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any party subject to this Order; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.


Dated: March 15, 2005
      New York, New York


        /s/Robert D. Drain
   UNITED STATES BANKRUPTCY JUDGE