**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :  **Chapter 11**
                                                            :
**WINN-DIXIE STORES, INC., et al.,**                        :  **Case No. 05-11063 (RDD)**
                                                            :
         Debtors.                                           :  **(Jointly Administered)**
                                                            :
------------------------------------------------------------x

**FINAL ORDER AUTHORIZING DEBTORS TO PAY (A) PRE-PETITION COMPENSATION, PAYROLL TAXES, EMPLOYEE BENEFITS, AND RELATED EXPENSES, (B) EXPENSES RELATED TO INDEPENDENT CONTRACTORS, AND (C) CERTAIN RETIREE BENEFITS**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order (i) authorizing the Debtors to pay Pre-Petition Employee Obligations (as defined in the Motion) and to continue to honor pre-petition practices, programs and policies with respect to their employees, (ii) authorizing the Debtors to pay the Independent Contractor Obligations (as defined in the Motion) and the temporary services or agencies providing such workers, (iii) authorizing the Debtors to pay the Retiree Obligations (as defined in the Motion), consistent with their ordinary business practices, on an interim basis, and (iv) authorizing and directing the Debtors' banks and other financial institutions (collectively, the "Banks") to receive, process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and proposed counsel to the Official Creditors' Committee, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized to pay the Pre-Petition Employee Obligations and other related expenses that have accrued by virtue of the services rendered by their employees prior to the Petition Date; and it is further

ORDERED that the Debtors are authorized to continue to honor their pre-petition practices, programs, and policies with respect to the Debtors' employees; and it is further

ORDERED that the Debtors are authorized to pay the Independent Contractor Obligations; and it is further

ORDERED that the Debtors are authorized to pay the Non-Qualified Plan Obligations, on an interim basis, consistent with their ordinary business practices; and it is further

ORDERED that the Debtors are authorized to pay the Qualified Plan Obligations, consistent with their ordinary business practices; and it is further

ORDERED that, subject to the availability of funds, the Banks are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Pre-Petition Employee Obligations, the Independent Contractor Obligations, and the Retiree Obligations; and it is further

ORDERED that the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Pre-Petition Employee Obligations, the Independent Contractor Obligations, and the Retiree Obligations may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that neither this Order, nor the Debtors' payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment by the Debtors to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

4

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 15, 2005
       New York, New York

                                           /s/Robert D. Drain
                                    UNITED STATES BANKRUPTCY JUDGE

4