**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                           :
                                                                :   Chapter 11
                                                                :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**                    :   Case No. 05-11063 (RDD)
                                                                :
        Debtors.                                                :   (Jointly Administered)
                                                                :
---------------------------------------------------------------x

## FINAL ORDER AUTHORIZING DEBTORS TO HONOR CERTAIN PRE-PETITION CUSTOMER OBLIGATIONS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to pay pre-petition customer obligations arising in connection with their Customer Programs (as defined in the Motion) pursuant to Sections 105(a) and 507(a)(6) of the Bankruptcy Code, all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and proposed counsel to the Official Creditors' Committee, and no

other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, including the representations of counsel on the record at the hearing on the Motion; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized, but not required, to continue to honor all pre-petition obligations under the Customer Programs that they deem are necessary and in the best interests of their estates, creditors, and interest holders, in the same manner as such obligations were honored before the commencement of the Debtors' Chapter 11 cases; and it is further

ORDERED that, subject to the availability of funds, the Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Customer Programs; and it is further

ORDERED that the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Customer Programs may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that nothing in the Motion shall be deemed a request for authority to assume, and nothing in this Order shall be deemed an authorization to assume, any executory contract under 11 U.S.C. § 365; and it is further

ORDERED that, except as provided herein, notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' customers or any other third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  March 15, 2005
         New York, New York

      /s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE