**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                   :
                                                        :         **Chapter 11 Case No.**
                                                        :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**             :         **Case No. 05-11063 (RDD)**
                                                        :
            Debtors.                                    :         **(Jointly Administered)**
                                                        :
-------------------------------------------------------------x

### FINAL ORDER GRANTING AUTHORITY TO CONTINUE PRE-PETITION INSURANCE AND WORKERS' COMPENSATION PROGRAMS AND TO PAY PRE-PETITION PREMIUMS, RELATED OBLIGATIONS, AND PREMIUM FINANCING PAYMENTS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order authorizing the Debtors to continue pre-petition insurance and workers' compensation programs (the "Programs") and to pay pre-petition obligations and premium financing payments in connection therewith (the "Obligations"); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors'

noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and proposed counsel to the Official Creditors' Committee, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, including the record of the hearing on the Motion; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized, but not required, to maintain the Programs; and it is further

ORDERED that the Debtors are authorized, but not required, to pay Obligations necessary to maintain the Programs, including premium financing payments; and it is further

ORDERED that the Debtors are authorized, but not required, to pay pre-petition Workers' Compensation Claims (as defined in the Motion); and it is further

ORDERED that included within the meaning of "Workers Compensation Programs" (as defined in the Motion) are those workers' compensation bonds issued as of the date of the Petition whereon Liberty Mutual Insurance Company or any similar surety (together, a "Surety") is surety and any of the Debtors are principals or indemnitors; and it is further

ORDERED that included within the meaning of "Programs" (as defined in the Motion) are workers' compensation bonds (collectively, the "Bonds") issued as of the date of the Petition on which any of the Debtors are principals or indemnitors; and it is further

ORDERED that nothing in this Order will be deemed to waive or otherwise impair any right, remedy or defense of any Surety with respect to the Bonds, including the penal limits thereof, or any other party in interest's right to object to any claim; and it is further

ORDERED that nothing contained in this Order shall enhance or affect the current priority of claims that any Surety may assert in connection with the Bonds, and the rights of all parties to object to or contest any such claims are expressly preserved; and it is further

ORDERED that, subject to the availability of funds, the Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Programs; and it is further

ORDERED the Banks that process, honor, and pay any and all checks or electronic transfers on account of the Programs may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED, that except for the first priority lien granted to AFCO Premium Credit LLC ("AFCO") under each premium financing agreement outstanding as of the Petition Date and this Order in and upon the unearned premiums arising under the insurance policies financed by AFCO as authorized hereby and the dividends relating exclusively to such unearned premiums, nothing contained in this Order or otherwise shall, or shall be construed to, limit, subordinate or adversely affect in any way any of the liens, rights, claims and/or priorities granted to Wachovia Bank, N.A., as agent ("Agent") for the Debtors' secured post-petition lenders (collectively, "Lenders"), under the Interim Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of

Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral, and Granting Adequate Protection, (III) Authorizing Debtors to Pay In Full all Claims of Debtors' Pre-Petition Secured Lenders, and (IV) Prescribing Form and Manner of Notice and Time for Final Hearing, dated February 23, 2005 (docket no. 55) (as the same may hereafter be amended, modified, extended, or converted into a final order, the "Financing Order"), the Loan Documents (as defined in the Financing Order), applicable law or otherwise; and it is further

ORDERED that authorization of the payment of the Obligations shall not be deemed to constitute the post-petition assumption of any executory contract pursuant to Section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall affect the Debtors' right to contest the amount or validity of any Obligations, in whole or in part; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance providers or any third party; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 15, 2005
      New York, New York

                                /s/Robert D. Drain
                            UNITED STATES BANKRUPTCY JUDGE

- MSW