**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                  :
                                                       :         **Chapter 11**
                                                       :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**            :         **Case No. 05-11063 (RDD)**
                                                       :
           Debtors.                                    :         **(Jointly Administered)**
                                                       :
-------------------------------------------------------------x

## FINAL ORDER AUTHORIZING PAYMENT OF
## PRE-PETITION COMMON CARRIER AND WAREHOUSE CHARGES

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order granting administrative expense status to the Debtors' undisputed obligations arising from the "Outstanding Orders" (as defined in the Motion) and authorizing the Debtors to pay such obligations in the ordinary course of business, and authorizing the Debtors to pay the Common Carrier Charges and Warehouse Charges (each as defined in the Motion); all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the

Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and proposal counsel for the Official Creditors' Committee; and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court, by order dated February 22, 2005 (Dkt. No. 41), having granted, on a final basis, administrative expense status with respect to the Debtors' undisputed obligations arising from the Outstanding Orders by authorizing, but not directing, the Debtors to honor or pay those obligations arising from the post-petition delivery of goods ordered by the Debtors before the Petition Date; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted in its entirety; and it is further

      ORDERED that the Debtors are authorized, but not directed, to honor and pay all Common Carrier Charges and all Warehouse Charges, consistent with their customary practice in the ordinary course of their businesses; and it is further

      ORDERED that payment of an obligation arising from the Common Carrier Charges and the Warehouse Charges shall not preclude the Debtors from contesting the validity of such amounts claimed to be due; and it is further

      ORDERED that, subject to the availability of funds, the Debtors' banks and financial institutions (collectively, the "Banks") are authorized to process, honor, and pay any and all checks or electronic transfers issued in connection with the Common Carrier Charges and the Warehouse Charges; and it is further

3

ORDERED that the Banks that process, honor, and pay any and all checks and electronic transfers on account of the Common Carrier Charges and the Warehouse Charges may rely on the representations of the Debtors as to which checks or electronic transfers are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtors' instructions; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Vendor, Common Carrier, Warehousemen, or any third party; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 15, 2005
      New York, New York

                                                   /s/Robert D. Drain
                                   UNITED STATES BANKRUPTCY JUDGE