**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re                                                                      :
                                                                                 :     **Chapter 11**
                                                                                 :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**        :     **Case No. 05-11063 (RDD)**
                                                                                 :
              Debtors.                                           :     **(Jointly Administered)**
                                                                                 :
---------------------------------------------------------------x

**FINAL ORDER AUTHORIZING DEBTORS TO PAY PRE-PETITION TAXES AND OTHER ORDINARY COURSE GOVERNMENTAL OBLIGATIONS**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to pay pre-petition tax, fee, and fine obligations (collectively, the "Governmental Obligations") owing in the ordinary course to certain federal, state, and local governmental entities, both domestic and foreign (collectively, the "Governmental Entities"), in the Debtors' discretion, with preference for sales, use, gasoline, gross-receipts, and other trust-fund taxes, all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the

Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and including the record of the hearing on the Motion proposed counsel to the Official Committee; and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Governmental Obligations to Governmental Entities, consistent with the Debtors' policies and practices in effect as of the commencement of the Debtors' Chapter 11 cases, but subject to any limitations that may exist in any cash collateral or post-petition financing documents or orders; and it is further

ORDERED, that included within the meaning of Governmental Obligations (as defined in the Motion) are those obligations which relate to bonds issued as of the Petition Date whereon Liberty Mutual Insurance Company ("Liberty") is surety and any of the Debtors are principals or indemnitors, including, without limitation, bonds issued in connection with or as a condition of certain federal, state, or local statutes or federal, state or local regulations (collectively, the "Liberty Bonds") whether such obligations relating to said Liberty Bonds run to or are otherwise owing to Governmental Entities (as defined in the Motion) or run to or are otherwise owing to third parties; and it is further

ORDERED that nothing in this Order will be deemed to waive or otherwise impair any right, remedy or defense of Liberty with respect to the Liberty Bonds, including the penal limits thereof, or any other party in interest's right to object to any claim; and it is further

ORDERED that nothing contained in this Order shall enhance or affect the current priority of claims that Liberty may assert in connection with the Liberty Bonds, and the rights of all parties to object to or contest any such claims are expressly preserved; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to contest the amount or basis of any of the Governmental Obligations, whether or not paid pursuant to this Order, or to seek a refund of the same, including in connection with the Liberty Bonds; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, the Governmental Entities or any third party, including in connection with the Liberty Bonds; and it is further

ORDERED that notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 15, 2005
      New York, New York        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE