SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D. J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| **Debtors.** [1] | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

### AGENDA FOR CONTINUED HEARING ON MARCH 18, 2005

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully submit the following agenda with respect to the matters to be heard at the continued omnibus hearing scheduled for March 18, 2005, at 10:00 a.m. (ET):

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

A.    **UNCONTESTED MATTERS**

1.    APPLICATION FOR AUTHORITY TO EMPLOY XROADS SOLUTIONS
      GROUP, LLC AS FINANCIAL AND OPERATIONS RESTRUCTURING
      CONSULTANTS (**Dkt. No. 26**).

      *Objection Deadline:*   March 3, 2005 at 4:00 p.m.

      *Objections:*          None.

      *Status:*              This matter will be proceeding.  The Debtors seek
                             entry of an Interim Order on terms to be agreed to with
                             the United States Trustee and the Creditors Committee.

B.    **CONTESTED MATTERS**

1.    MOTION FOR ORDER (A) AUTHORIZING, ON AN INTERIM BASIS,
      RETURN OF GOODS PURSUANT TO 11 U.S.C. § 546(g), (B)
      ESTABLISHING, ON AN INTERIM BASIS, PROCEDURES FOR
      TREATMENT OF RECLAMATION CLAIMS, AND (C) PROHIBITING
      THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS
      (**Dkt. No. 21**).

      *Objection Deadline:*   March 10, 2005 at 4:00 p.m.

      *Objections:*          (a) Objection to Treatment of Reclamation Claims
                             (American Food Distributors Inc.) (**Dkt. No. 163**).

                             (b) Objection of Belco Distributors, Inc. to Debtors'
                             Motion Seeking a Final Order Establishing Procedures
                             for Treatment of Reclamation Claims (**Dkt. No. 179**).

                             (c) Limited Objection of Mount Olive Pickle
                             Company, Inc. to Debtors' Motion for Entry of a Final
                             Order (A) Authorizing Return of Goods Pursuant to 11
                             USC § 546(g); (B) Establishing Procedures for
                             Treatment of Reclamation Claims, and (C) Prohibiting
                             Third Parties from Interfering with Delivery of Goods
                             (**Dkt. No. 217**).

(d) Limited Objection of the Pepsi Bottlers to Motion for Order (A) Authorizing Return of Goods Pursuant to 11 USC § 546(g); (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 221**).

(e) Objection to Debtors' Motion Seeking a Final Order Establishing Procedures for Treatment of Reclamation Claims (Southeast Provisions, LLC) (**Dkt. No. 222**).

(f) Buffalo Rock Company's Joinder in the Limited Objection of the Pepsi Bottlers to Motion for Order (A) Authorizing, on an Interim Basis, Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing, on an Interim Basis, Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 319**).

(g) Objection of Kellogg Sales Company, Keebler Company, and Murray Biscuit Company to Debtors' Reclamation Motion (**Dkt. No. 339**).

(h) Objection of H.J. Heinz Company, L.P., to Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 341**).

(i) Objection of Del Monte Corporation t/a Del Monte Foods for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods  (**Dkt. No. 342**).

(j) Limited Objection by Vendor, Front End Services Corporation, to Debtors' Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 343**).

(k) Limited Objection to Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods and Joinder in Objections of Bottling Group LLC, et al. (Dkt. 221); Mt. Olive Pickle Company, Inc. (Dkt. 217) and Del Monte Corporation (Clorox Sales Co., ConAgra Foods, Inc., Conopco, Inc., Frito-Lay, Inc., General Mills Inc., Kraft Foods Global, Inc., Masterfoods, a division of Mars, Inc., The Procter & Gamble Distributing Co., The Quaker Oats Company, Sara Lee Corporation, Sara Lee Bakery Group, a division of Sara Lee Corporation, and S.C. Johnson & Son, Inc. Corporation) (**Dkt. No. 350**).

(l) Objection of Hershey Foods Corporation to Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 351**).

(m) Limited Objection of Pilgrim's Pride Corporation and Joinder in the Limited Objection of the Pepsi Bottlers to Debtors' Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 355**).

4

(n) Limited Objection of Campbell Soup Company and Subsidiaries and Joinder in the Limited Objection of the Pepsi Bottlers to Debtors' Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 356**).

(o) Limited Objection of the Dannon Company, Inc. and Lea & Perrins, Inc. to Debtors' Motion for an Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods (**Dkt. No. 361**).

(p) Affirmation in Opposition to the Proposed Final Order Fixing Reclamation Procedures (Northpoint Trading Inc.) (**Dkt. No. 189**).

Supplemental Affirmation of Northpoint Trading, Inc. and Joinder in the Objection of the Pepsi Bottlers, Mt. Olive Pickle Company, Inc., H.J. Heinz Company, L.P., Kellogg Sales Company and Keebler Company and Murray Biscuit Company, Hershey Foods Corporation, Pilgrim's Pride Corp., Clorox Sales, Co. Inter Alia, and Belco Distributors, in Opposition to the Proposed Final Order Fixing Reclamation Procedures (**Dkt. No. 362**).

*Status*:

An Interim Order was signed on February 23, 2005 and entered on February 25, 2005 (**Dkt. No. 93**).

This matter will be proceeding.  The Debtors are modifying the proposed Final Order to respond to comments and objections.

2.     MOTION FOR AUTHORITY TO PAY PRE-PETITION CLAIMS
       ARISING UNDER THE PERISHABLE AGRICULTURAL
       COMMODITIES ACT (**Dkt. No. 20**).

*Objection Deadline:*     March 10, 2005 at 4:00 p.m.

*Objections:*          (a) Limited Opposition of Certain PACA Trust
                       Creditors to Debtors' Final Order for Authority to Pay
                       Pre-Petition Claims Under the Perishable Agriculture
                       Commodities Act and Request for Adequate Protection
                       (Burch Equipment, L.L.C., Chiquita Fresh, N.A.,
                       Clayton Rawl Farms, Inc., Dole Fresh Fruit Co., Inc.,
                       Dole Fresh Vegetables, Inc., Imports Unlimited, Inc.,
                       Collier County Produce, Inc., Incredible Fresh Produce
                       & Dairy Co., L&M Companies, Inc., Marker 29
                       Produce, Inc., Mineral King Produce, L.L.C.,
                       Movsovitz & Sons of Florida, Inc., Richter &
                       Company, Inc., Sysco Food Services of Central
                       Alabama, Inc., Sysco Food Service of South Florida,
                       Inc., WP Produce Corp., A. Duda & Sons, Inc., Baker
                       Farms, Fresh Express, Inc., Fresh Start Produce Sales,
                       Inc., Giumarra Vineyards Corporation, Global Berry
                       Farms, L.L.C., Hinton Farms Produce, Hollar & Green
                       Produce Co., Inc., Jac. Vandenberg, Inc., N&W Farm
                       Produce, Inc., Oakshire Mushroom Farms, Inc., PAC
                       Fruit Company, L.L.C., Sun Commodities, Inc., Seald
                       Sweet, L.L.C., Tim Edmonson Farms, and Wilson &
                       Son Sales, Inc.) (**Dkt. No. 340**).

                       (b) Objection of General Mills Inc. to Motion for
                       Authority to Pay Pre-Petition Claims Arising Under
                       the Perishable Agriculture Commodities Act and
                       Joinder in Objection of Burch Equipment, LLC, et al.
                       and the Opposition of D.L.J. Produce, Inc. (**Dkt. No.
                       348**).

(c) Joinder of Del Monte Corporation t/a Del Monte Foods to Limited Opposition of Certain PACA Trust Creditors  for Authority to Debtors' Final Order for Authority to Pay Pre-Petition Claims Under the Perishable Agriculture Commodities Act and Request for Adequate Protection (Docket No. 340) and the Objection of General Mills Inc. to Motion for Authority to Pay Pre-Petition Claims Under the Perishable Agriculture and Commodities Act (Docket No. 348) (**Dkt. No. 352**).

(d) Opposition to Debtors' Motion for Authority to Pay Pre-Petition  PACA Claims, Supplemental Authorities in Support of Objection and Joinder in Opposition of Certain Other PACA Trust Creditors to Debtors' Motion (D.L.J. Produce, Inc., Church Brothers, LLC, David Oppenheimer & Associates, Manny Lawrence Sales, Inc., Chubs Peanuts, Pero Packing and Sales, Inc., The Pictsweet Company, Powerhouse Produce, LLC, Schoenmann Produce Co., Inc., Spice World, Inc., Unifrutti of America, West Pak Avocado, Inc., Wm. G. Roe & Sons, Inc., C. H. Robinson Company, Del Monte Fresh Fruit, NA. Inc., Lamb-Weston, Inc., Avomex, Inc., MarBran USA, Sunkist Growers, Inc., Rosemont Farms, Inc., Mastronardi Produce Ltd., Leasa Industries, Inc., Cavendish Farms Operations, Inc., Flavor-Pic Tomato Co., Yakima-Roche Fruit Sales, LLC, Gulfstream Tomato Growers, Inc., Ayco Farms, Inc., Coast Citrus Distributors, Inc., and Pioneer Growers Cooperative) (**Dkt. No. 353**).

(e) Joinder of Bay City Produce, K&C Produce Co., Inc. and Crews and Garcia, Inc, to the Objection of Burch Equipment, LLC, et al. [Docket No. 340] to the Debtors' Proposed Final Order for Authority to Pay Pre-Petition Claims Under the Perishable Agriculture Commodities Act (**Dkt. No. 358**).

*Status:*               An Interim Order was signed on February 23, 2005 and entered on February 24, 2005 (**Dkt. No. 77**).

This matter will be proceeding.  The Debtors are modifying the proposed Final Order to respond to comments and objections.

3.       EMERGENCY MOTION PURSUANT TO SECTIONS 105, 361, 362, 363, 364 AND 364 FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO OBTAIN SECURED POST-PETITION FINANCING AND UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION LENDERS, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c) (**Dkt. No. 12**).

*Objection Deadline:*  March 11, 2005 at 4:00 p.m.

*Objections filed by*
*Obection Deadline:*    (a) Limited Objection of BAL Global Finance LLC (f/k/a Fleet Business Credit Corporation) to the Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 366**).

(b) PACA Claimants' Limited Objection to Debtors' Use of Non-Estate Property as Cash Collateral (Flavor-Pic Tomato Co., Inc., Cavendish Farms Operations, Inc., Yakima-Roche Fruit Sales LLC, Gulfstream Tomato Growers, Inc., Sunkist Growers, Inc., D.L.J. Produce, Inc., Church Brothers, LLC, David Oppenheimer & Associates, Manny Lawrence Sales, Inc., Chubs Peanuts, Pero Packing and Sales, Inc., The Pictsweet Company, Powerhouse Produce, LLC, Schoenmann Produce Co., Inc., Spice World, Inc., Unifrutti of America, Inc., West Pak Avocado, Inc., and Wm. G. Roe & Sons, Inc.) (**Dkt. No. 367**).

(c) Limited Objection of the Prudential Insurance Company of America to Motion of the Debtors for a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (**Dkt. No. 368**).

(d) Limited Objection of Hershey Foods Corporation and Joinder in Opposition and Objections of Certain Other Trade Creditors Asserting Reclamation Claims to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001 (b) and (c) (**Dkt. No. 370**).

(e) Objection of Certain Trade Vendors and Joinder in Oppositions and Objections of Certain Other Vendors and PACA Claimants to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (The Clorox Sales Co., ConAgra Foods, Inc., Conopco, Inc., Frito-Lay, Inc., General Mills Inc., Kraft Foods Global, Inc., Masterfoods, a division of Mars, Inc., The Procter & Gamble Distributing Co., The Quaker Oats Company, Sara Lee Corporation, Sara Lee Bakery Group, a division of Sara Lee Corporation and, S. C. Johnson & Son, Inc.) (**Dkt. No. 373**).

(f) Response of Kellogg Sales Company, Keebler Company, and Murray Biscuit Company to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 374**).

(g) Limited Objection of Certain PACA Trust Creditors to Debtors' Proposed Final Order (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (Burch Equipment, L.L.C., Chiquita Fresh, N.A., Clayton Rawl Farms, Inc., DoleFresh Fruit Co., Inc., Dole Fresh Vegetables, Inc., Imports Unlimited, Inc., Collier County Produce, Inc., Incredible Fresh Produce & Dairy Co., L&M Companies, Inc., Marker 29 Produce, Inc., Mineral King Produce, L.L.C., Movsovitz & Sons of Florida, Inc., Richter & Company, Inc., Sysco Food Services of Central Alabama, Inc., Sysco Food Service of South Florida, Inc., WP Produce Corp., A. Duda & Sons, Inc., Baker Farms, Fresh Express, Inc., Fresh Start Produce Sales, Inc., Giumarra Vineyards Corporation, Global Berry Farms, L.L.C., Hinton Farms Produce, Hollar & Green Produce Co., Inc., Jac. Vandenberg, Inc., N&W Farm Produce, Inc., Oakshire Mushroom Farms, Inc., PAC Fruit Company, L.L.C., Sun Commodities, Inc., Seald Sweet, L.L.C., Tim Edmonson Farms, and Wilson & Son Sales, Inc.) (**Dkt. No. 375**).

(h) Limited Objection of H.J. Heinz Company, L.P. to the Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 376**).

(i) Limited Opposition of Victory Real Estate Investments, LLC to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 377**).

(j) Limited Objection of Northpoint Trading, Inc. to the Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 378**).

(k) Limited Objection of Del Monte Corporation t/a Del Monte Foods to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 379**).

(l) Limited Objection of Edens & Avant, Developers Diversified Realty Corporation, Weingarten Realty Investors, WRT/Texla, LLC, Krusch Properties, L.L.C., Palm Springs Mile Associates, Ltd., Villa Rica Retail Properties, L.L.C., Pinson Marketplace, LLC and R.B. Riverdale, LLC to Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 379**).

(m) Reservation of Rights of the Dannon Company, Inc. and Lea & Perrins, Inc. Concerning Entry of an Order Approving the Debtors' Proposed Final Debtor-in-Possession Financing (**Dkt. No. 381**).

(n) Objection to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (B&F System, Inc. d/b/a Home of Maxam Products) (**Dkt. No. 382**).

(o) Limited Objection of The Pepsi Bottlers to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 384**).

(p) Limited Objection of Pilgrim's Pride Corporation and Joinder in the Objection of Certain Trade Vendors

13

and Joinder in Oppositions and Objections of Certain Other Vendors and PACA Claimants to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, 363, and 364 for Interim and Final Financing Orders and (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) (**Dkt. No. 390**).

(q) Limited Objection of Campbell Soup Company and Subsidiaries and Joinder in the Objection of Certain Trade Vendors and Joinder in Oppositions and Objections of Certain Other Vendors and PACA Claimants to Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, 363, and 364 for Interim and Final Financing Orders and  (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)  (**Dkt. No. 391**).

14

(r) Prudential Insurance Company of America's Joinder to Landlord Objections to Motion of the Debtors for a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 363, 363, and 364(c) and (d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (**Dkt. No. 392**).

*Objections filed after*
*Objection Deadline:*       (a) Joinder toVarious Landlords' Objections to Motion of the Debtors for a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (Inland Southeast Bridgewater, L.L.C., Inland Southeast Countryside Limited Partnership, Inland Southeast Lake Olympia Limited Partnership, and Inland Southeast St. Cloud Limited Partnership) (**Dkt. No. 412**).

(b) Joinder of Ernst Properties, Inc. to Landlord Objections to Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure for Interim and Final Orders (I) Authorizing Debtors to Obtain Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders **(Dkt. No. 416)**.

(c) Joinder toVarious Landlords' Objections to Motion of the Debtors for a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Post-Petition Financing on a Super-priority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (Chester Dix Jeffersontown Corp., Chester Dix Alexandria Corp., Chester Dix Fort Corp., Chester Dix Pikeville Corp., Chester Dix Florence Corp., Chester Dix Newman Corp., Chester Dix Hurst Corp., Chester Dix Lake Corp., Chester Dix Williston Corp., Chester Dix Crawfordville Corp., Chester Dix Crescent Corp., Chester Dix Wauchula Corp., and Chester Dix LaBelle Corp.) **(Dkt. No. 417)**.

16

|  |  |
|---|---|
| *Status:* | An Interim Order was entered on February 23, 2005 (**Dkt. No. 55**). |
|  | A Bridge Order was entered on March 15, 2005 (**Dkt. No. 423**). |
|  | This matter will be proceeding.  The Debtors seek entry of a Final Order. |

Dated: March 15, 2005
      New York, New York

/s/  *D. J. Baker*
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:     (212) 735-3000
Facsimile:      (212) 735-2000

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
Wilmington, Delaware 19801
Telephone:     (302) 651-3000
Facsimile:      (302) 651-3001

Attorneys for Debtors

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2005, a true and correct copy of the foregoing Agenda for Continued Hearing on March 18, 2005 was served by facsimile or e-mail, as indicated, to the following parties in interest:

The Office of the United States Trustee, attn: Deirdre A. Martini, Esq. and Richard C. Morrissey, Esq.(by facsimile)

Otterbourg, Steindler, Houston & Rosen, P.C., attn: Jonathan N. Helfat, Esq.
Counsel for the DIP Lender (by e-mail)

Milbank, Tweed, Hadley & McCloy LLP, attn: Dennis F. Dunne, Esq. & Matthew S. Barr, Esq.
Counsel for the Official Committee of Unsecured Creditors (by e-mail)

Gibbons, Del Deo, Dolan, Griffinger & Vecchione, P.C., attn: Geraldine E. Ponto, Esq.
Counsel for George Weston Bakeries, Inc. (by facsimile)

Macco & Stern, LLP, attn: Richard L. Stern, Esq.
Counsel for American Food Distributors Inc. (by e-mail)

Avrum J. Rosen, Esq.
Counsel for Belco Distributors, Inc. (by e-mail)

Neiman Ginsburg & Mairanz P.C., attn: Gary Ginsburg, Esq.
Counsel for Northpoint Trading, Inc. (by e-mail)

Whatron, Aldhizer & Weaver, PLC, attn: Stephan W. Milo, Esq.
Counsel for Mount Olive Pickle Company, Inc. (by e-mail)

Frank/Gecker LLP, attn: Joseph D. Frank, Esq. & Zane Zielinski, Esq.
Counsel for The Pepsi Bottlers (by e-mail)

Rudi R. Grueneberg, Esq.
General Counsel for Southeast Provisions, LLC (by e-mail)

Burr & Forman LLP, attn: Robert B. Rubin, Esq. and Derek F. Meek, Esq.
Counsel for Buffalo Rock Company (by e-mail)

Blank Rome LLP, attn: Andrew B. Eckstein, Esq., Rocco Cavaliere, Esq. & Jason W. Staib, Esq.
Counsel for Pilgrim's Pride Corporation and Campbell Soup Company (by e-mail)

Bianchi Macron LLP, attn: Gerald DiConza, Esq.

Counsel for Bay City Produce, K&C Produce Co., Inc. and Crew & Garcia, Inc. (by e-mail)

Warner Stevens, L.L.P., attn: Michael D. Warner, Esq.
Counsel for Kellogg Sales Company, Keebler Company and Murray Biscuit Company (by e-mail)

Reed Smith LLP, attn: Elena P. Lazarou, Esq. & Kurt F. Gwynne, Esq.
Counsel for H.J. Heinz Company, L.P. & Del Monte Corporation (by e-mail)

Haynes and Boone, LLP, attn: Stacey Jernigan, Esq. & Judith Elkin, Esq. & Mark Elmore, Esq.
Counsel for Front End Service Corporation (by e-mail)

DLA Piper Rudnick Gray Cary US LLP, attn: Mark J. Friedman
Counsel to The Clorox Sales Co., ConAgra Foods, Inc., Conopco, Inc., et al. (by e-mail)

Katten Muchin Zavis Rosenman, attn: Thomas J. Leanse, Esq., Dustin P. Branch, Esq & Merritt A. Pardini, Esq.
Counsel for The Prudential Insurance Company of America (by facsimile)

Podvey, Meanor, Catenacci, Hildner & Cocoziello, P.C., attn: Robert Scheinbaum, Esq., Thomas G. Aljian, Jr. Esq. & Keaton & Associates, P.C., attn: Mary E. Gardner, Esq.
Counsel for Flavor-Pic Tomato Co., Inc., Cavendish Farms Operations, Inc., Yakima-Roche Fruit Sales LLC, and Gulfstream Tomato Growers, Inc. (by facsimile)

Whiteman, Bankes & Chebot, LLC, attn: Jeffrey M. Chebot, Esq.
Counsel for Sunkist Growers, Inc. (by facsimile)

Klehr, Harrson, Harvey, Branzburg & Ellers LLP, attn: Carolyn Hochstadter Dicker, Esq., Morton R. Branzburg, Esq. & Carol Ann Slocum, Esq.
Counsel for Hershey Foods Corporation (by e-mail)

McCarron & Diess, attn: Louis W. Diess, III, Esq.
Counsel for the Burch Equipment Group of PACA Creditors (by e-mail)

Meuers Law Firm, P.L., attn: Lawrence H. Meuers, Esq.
Counsel for the Duda Group of Paca Creditors (by e-mail)

Law Offices of Bruce Levinson, attn: Bruce Levinson, Esq.
Counsel for PACA Trust Creditors (by e-mail)

Rynn & Janowsky, LLP, attn: Patricia Rynn, Esq. & Priscilla W. Grannis, Esq.
Counsel for D.L.J. Produce, Inc., Church Brothers, LLC, David Oppenheimer & Associates, Manny Lawrence Sales, Inc., Chubs Peanuts, Pero Packing and Sales, Inc., The Pictsweet Company, Powerhouse Produce, LLC, Schoenmann Produce Co., Inc.,

Spice World, Inc., Unifrutti of America, West Pak Avocado, Inc., and Wm. G. Roe & Sons, Inc. (by e-mail)

Kelley Drye & Warren LLP, attn: James S. Carr, Esq. & Debra SuDock, Esq.
Counsel for The Dannon Company, Inc. and Lea & Perrins, Inc. (by e-mail)

Kaye Scholer LLP, attn: Richard G. Smolev, Esq. & Keith R. Murphy, Esq.
Counsel for BAL Global Finance LLC (by e-mail)

Hance Scarbourough Wright Ginsberg & Brusilow, LLP, attn: Frank J. Wright, Esq. & C. Ashley Ellis, Esq.
Counsel for B&F Systems, Inc. d/b/a/ Home of Maxam Products (by facsimile)

Kelley Drye & Warren LLP, attn: James S. Carr, Esq. & Robert L. LeHane, Esq.
Counsel for Edens & Avant, Developers Diversified Realty Corporation, Weingarten Realty Investors, WRT/Texla, LLC, Krusch Properties, L.L.C., Palm Springs Mile Associates, Ltd., Villa Rica Retail Properties, L.L.C., Pinson Marketplace, LLC and R.B. Riverdale, LLC (by e-mail)

Scarcella Rosen & Slome LLP, attn: Thomas R. Slome, Esq., Alan E. Marder, Esq.,  & Jil Mazer-Marino, Esq.
Counsel for Victory Real Estate Investments, LLC (by facsimile)

Rojas Santos Stokes & Garcia, LLP, attn: Craig A. Stokes, Esq.
Counsel for Rosemont Farms, Inc., Mastronardi Produce Ltd., Leasa Industries, Inc. (by e-mail)

Martyn & Associates, attn: Mark A. Amendola, Esq.
Counsel for C. H. Robinson Company, Del Monte Fresh Fruit, NA. Inc., Lamb-Weston, Inc., Avomex, Inc., and MarBran USA (by e-mail)

Adelman Law Offices, P.C., attn: David A. Adelman, Esq.
Counsel for Pioneer Growers Cooperative (by facsimile)

Law Office of Robert E. Goldman, attn: Robert E. Goldman, Esq.
Counsel for Ayco Farms, Inc. and Coast Citrus Distributors, Inc. (by e-mail)

Sonnenshein Nath & Rosenthal LLP, attn: Carole Neville, Esq. & Jo Christine Reed & Connolly Bove Lodge & Hutz LLP, attn: Karen C. Bifferato Esq. & Chrsitina M. Thompson, Esq.
Counsel for Inland Southeast Bridgewater, L.L.C., Inland Southeast Countryside Limited Partnership, Inland Southeast Lake Olympia Limited Partnership, and Inland Southeast St. Cloud Limited Partnership (by e-mail)

Herrick, Feinstein LLP, attn: Paul Rubin, Esq. &  Milling Benson Woodward L.L.P., attn: David Conroy, Esq. Counsel for Ernst Properties, Inc. (by e-mail)

Roetzel & Andress, attn: Diana M Thimming, Esq.
Counsel for Cehster Dix (by e-mail)


/s/  *Keith Sambur*
Keith Sambur

979906-New York Server 7A - MSW