**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                        :
                                                             :       **Chapter 11**
                                                             :
**WINN-DIXIE STORES, INC., et al.,**                         :       **Case No. 05-11063 (RDD)**
                                                             :
                    Debtors.                                 :       **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

**FINAL ORDER AUTHORIZING THE DEBTORS TO TURN OVER CERTAIN
FUNDS HELD IN TRUST AND TO CONTINUE PERFORMANCE
AND HONOR OBLIGATIONS UNDER CONSIGNMENT ARRANGEMENTS**

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for authority to turn over certain funds held in trust and to continue performance and honor obligations under consignment arrangements; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors and proposed counsel to the Official Creditors Committee; and no

other or further notice being required; and the objections to the Motion having been withdrawn as stated on the record of the hearing on the Motion; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Lottery Proceeds (as defined in the Motion) to the Lottery Agencies (as defined in the Motion), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Gift Card Proceeds (as defined in the Motion) to American Express Travel Related Services Company, Inc. ("AMEX"), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all WUNA Funds (as defined in the Motion) to Western Union North America ("WUNA"), consistent with the Debtors' policies and practices in effect as of the Petition Date; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all Consignment Proceeds (as defined in the Motion) to the Consignment Vendors (as defined in the Motion), consistent with the Debtors' policies and practices in effect as of the Petition Date, and to continue performance and honor obligations under their pre-petition consignment sales arrangements (the "Consignment Arrangements"); and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to contest the amount of any Lottery Proceeds, Gift Card Proceeds, WUNA Funds, or Consignment Proceeds, whether or not paid pursuant to this Order, or to seek a refund of the same; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, the Lottery Agencies, AMEX, WUNA, the Consignment Vendors, or any third party; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 15, 2005
      New York, New York

                                            /s/Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE