LEVI LUBARSKY & FEIGENBAUM LLP
*Attorneys for Gehr Florida Development, LLC,*
*TA/Western, LLC, Concord-Fund IV*
*Retail, L.P., Crest Haven, LLC, Flagler*
*Retail Associates, Ltd., and Elston/Leetsdale, LLC*
845 Third Avenue, 21st Floor
New York, New York 10022
(212) 308-6100
Howard B. Levi (HL-7138)
Steven B. Feigenbaum (SF-1711)


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re

WINN-DIXIE STORES, INC.

                       Debtor.

-------------------------------------------------------- x

         Chapter 11

         Case No. 05-11063 (RDD)

**JOINDER TO VARIOUS LANDLORDS' OBJECTIONS TO MOTION
OF THE DEBTORS FOR A FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105,
361, 362, 363, 364(C), AND 364(D) OF THE BANKRUPTCY CODE AND
RULES 4001 AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE (I) AUTHORIZING DEBTORS TO OBTAIN SECURED
POST-PETITION FINANCING ON A SUPER-PRIORITY PRIMING
LIEN BASIS AND MODIFYING THE AUTOMATIC STAY,
(II) AUTHORIZING DEBTORS TO USE PRE-PETITION SECURED
LENDERS' CASH COLLATERAL AND GRANTING ADEQUATE
PROTECTION, AND (III) AUTHORIZING THE REPAYMENT IN FULL
OF ALL CLAIMS OF DEBTORS' PRE-PETITION SECURED LENDERS**

         Gehr Florida Development, LLC, TA/Western, LLC, Concord-Fund IV Retail,

L.P., Crest Haven, LLC, Flagler Retail Associates, Ltd., and Elston/Leetsdale, LLC (together, the

"Objecting Landlords"), by and through its undersigned counsel, hereby files this joinder to the

objections filed by various landlords to the Motion of the Debtors for a Final Order Pursuant to

11 U.S.C. §§ 105, 361, 362, 363, 364(c), and 364(d) of the Bankruptcy Code and Rules 4001 and

9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Super-Priority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders (the "Motion"), and in support thereof, respectfully states as follows:

BACKGROUND

1.      Winn-Dixie Stores, Inc. and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on February 21, 2005 (the "Petition Date").  The Debtors are continuing to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Gehr Florida Development, LLC, as landlord, and Winn-Dixie Stores, Inc., as tenant are parties to an unexpired lease for non-residential real property for a property located in Plantation, Florida.

3.      TA/Western, LLC, as landlord, and Winn-Dixie Stores, Inc., as tenant are parties to an unexpired lease for non-residential real property for a property located in Pompano Beach, Florida.

4.      Concord-Fund IV Retail, L.P., as landlord, and Winn-Dixie Stores, Inc., as tenant are parties to an unexpired lease for non-residential real property for a property located in Miami, Florida.

5.      Crest Haven, LLC, as landlord, and Winn-Dixie Stores, Inc., as tenant are

2

parties to an unexpired lease for non-residential real property for a property located in West Palm Beach, Florida.

6.      Flagler Retail Associates, Ltd., as landlord, and Winn-Dixie Stores, Inc., as tenant are parties to an unexpired lease for non-residential real property for a property located in Miami, Florida.

7.      Elston/Leetsdale, LLC, as landlord, and Winn-Dixie Stores, Inc., as tenant are parties to an unexpired lease for non-residential real property for a property located in Pembroke Pines, Florida.

8.      Each of the leases referred to in the preceding paragraphs are leases "of real property in a shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code.  See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

9.      Through the Motion, the Debtors are requesting, among other things, the authority to permit the Debtors to cede their business judgment concerning the assumption and/or rejection of leases to the Lenders by making such decisions subject to the Lenders' approval.

<u>OBJECTIONS AND JOINDER</u>

10.      The Objecting Landlords object to the requested relief in the Motion because it could (i) violate the protections afforded to the Objecting Landlords under section 365 of the Bankruptcy Code, (ii) jeopardize financing agreements between Objecting Landlords and their own lenders, and (iii) adversely affect Objecting Landlords' ability to maintain the integrity of their shopping centers.

11.      Accordingly, the Objecting Landlords hereby join in the objections (the "Objections") raised by various other landlords to the Motion [Docket Nos. 368, 377, 380 and

392], and to the extent not inconsistent herewith, incorporates the Objections by reference as if set forth fully herein.

WHEREFORE, the Objecting Landlords respectfully request that the Court enter an order that (i) provides the relief as requested in the Objections and (ii) grants such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
       March 17, 2005

LEVI LUBARSKY & FEIGENBAUM LLP

By:  s/Howard B. Levi
      Howard B. Levi (HL-7138)
      Steven B. Feigenbaum (SF-1711)

845 Third Avenue, 21st Floor
New York, New York  10022
(212) 308-6100

Attorneys for Gehr Florida Development,
LLC, TA/Western, LLC, Concord-Fund IV
Retail, L.P., Crest Haven, LLC, Flagler
Retail Associates, Ltd., and
Elston/Leetsdale, LLC

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 17, 2005 a copy of the foregoing Joinder to Various Landlords' Objections to Motion of the Debtors for a Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c), and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-petition Financing on a Super-priority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-petition Secured Lenders  was served upon the following by first class mail:

David J. Baker, Esq.
Skadden, Arps, Slate,
  Meagher & Flom, LLP
4 Times Square
New York, New York 10036

Sarah Robinson Borders, Esq.
King & Spaulding
191 Peachtree Street
Atlanta, Georgia 30303

Jonathan Helfat, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, New York 10169

Dated:  New York, New York
          March 17, 2005

  s/Walter E. Swearingen
     Walter E. Swearingen