SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D. J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x
In re:                                          :
                                                :         **Chapter 11**
                                                :
WINN-DIXIE STORES, INC., et al.,                :         **Case No. 05-11063 (RDD)**
                                                :
        Debtors.[1]                             :         **(Jointly Administered)**
                                                :
----------------------------------------------------------x

**EX PARTE MOTION FOR ORDER SHORTENING NOTICE PERIOD AND
ESTABLISHING OBJECTION DEADLINE AND HEARING ON MOTION OF
DEBTORS FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 105(a) AND 363
AND FED. R. BANKR. P. 6004 (I) AUTHORIZING AND APPROVING THE SALE
OF A 2002 GULFSTREAM G-200 AIRCRAFT AND RELATED EQUIPMENT
TO MOLINARO KOGER, INC. FREE AND CLEAR OF LIENS, CLAIMS,
INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING PAYMENT OF A
BROKERAGE FEE TO BLOOMER deVERE GROUP AVIA, INC. IN CONNECTION
WITH SALE AND (III) GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and its debtor affiliates, as debtors and debtors-in-possession

(collectively, the "Debtors"), hereby move (the "Motion"), under sections 102 and 105(a) of

11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), Rule 9006(c) of the Federal Rules

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order shortening the notice period and establishing a hearing date and time and an objection deadline with respect to the motion of the Debtors (the "Sale Motion") for entry of an order under Bankruptcy Code sections 105(a) and 363 and Bankruptcy Rule 6004 (i) authorizing and approving the sale of a 2002 Gulfstream G-200 aircraft and related equipment (the "Assets") to Molinaro Koger, Inc. (the "Purchaser") free and clear of liens, claims, interests and encumbrances, (ii) authorizing payment of a brokerage fee to Bloomer deVere Group Avia, Inc. in connection with sale and (iii) granting related relief. In support of the Motion, the Debtors respectfully state as follows:[2]

## Background

1. Shortly after the filing of this Motion, the Debtors will be filing the Sale Motion seeking, among other things, authorization to sell the Assets to the Purchaser. As more fully described in the Sale Motion,[3] in October 2004, the Debtors had, for business reasons, decided to sell the Assets.

2. In accordance with that decision, the Debtors concluded that the best means to maximize the value of the Assets would be through extensive marketing efforts. To assist with their efforts to market and sell the Assets, the Debtors employed Bloomer deVere

---

[2] The Debtors believe that the amount of notice given as to the Sale Motion is sufficient in light of paragraph 2 on page 4 of the Order (A) Establishing Notice Procedures on a Final Basis and (B) Continuing Hearing With Respect to Scheduling Omnibus Hearings (Dkt. No. 254) (the "Notice Procedures Order"), which paragraph authorizes the Debtors to file motions on less than twenty days' notice when twenty days' notice is not possible. Nevertheless, the Debtors submit the Motion out of an abundance of caution.

[3] Rather than repeat all of the factual assertions set forth in the Sale Motion, the Debtors adopt such assertions and incorporate them by reference herein.

Group Avia, Inc. ("deVere"), a premier brokerage firm that specializes in marketing and selling aircraft, on or about October 8, 2004. Since October 8, 2004, the Assets have been marketed so as to generate the highest and best offers for the Assets.

3. As described more fully in the Sale Motion, the Purchaser emerged as the highest bidder ($15,180,000) (the "Purchase Price") for the Assets.

4. The Debtors now move quickly for authority in the Sale Motion to consummate the sale of the Assets with Purchaser pursuant to a certain asset purchase agreement (the "Purchase Agreement"). A copy of the Purchase Agreement is attached to the Sale Motion as Exhibit A. Under the Purchase Agreement, the Purchaser has a right to terminate the sale transaction if there is not a final, non-appealable order on the Sale Motion by April 10, 2005. The Debtors are confident that they have marketed the Assets sufficiently such that another purchaser, if any, is unlikely to agree on terms similar to those acceptable to the Debtors under the Purchase Agreement. Further, the Assets are, by their very nature, depreciable assets and so a delay in the sale of the Assets may significantly harm the Debtors' ability to realize the Purchase Price for the Assets.

5. For these reasons, the Debtors believe it is imperative that the sale of the Assets be consummated on an expedited basis. Therefore, the Debtors filed this Motion seeking to shorten the notice period with respect to the Sale Motion, as set forth herein.

### Relief Requested

6. Through the Motion, the Debtors respectfully request that the Court enter an order establishing the objection deadline with respect to the Sale Motion as March 29, 2005 at

8:00 p.m. (prevailing Eastern Time). The Debtors also request that the Court schedule a hearing with respect to the Sale Motion on March 30, 2005 at 10:00 a.m. (prevailing Eastern Time).[4]

## Basis For Relief

7.     The Debtors submit that these notice procedures are fair and reasonable under the circumstances. Specifically, as noted in the Sale Motion and above, the Debtors believe that they have more than sufficiently marketed the Assets and obtained the highest and best offer. Absent approval of the sale of the Assets by March 30, 2005 to Purchaser and there being a final, non-appealable order on the Sale Motion by April 10, 2005, the Purchaser has the right to terminate the Purchase Agreement. The Debtors do not believe that they will be able to realize the Purchase Price if the Purchaser terminates the Purchase Agreement. The Debtors, thus, need to obtain authority from this Court to approve the sale and enter into the Purchase Agreement on or before March 30, 2005.

8.     Accordingly, the Debtors believe that it is necessary and in the best interests of their estates and creditors to obtain approval of the Sale Motion before March 30, 2005. Therefore, as set forth in the proposed form of order filed herewith, and in order to provide interested parties with as much notice as is practicable under the circumstances, the Debtors request that the Court set the objection deadline for the Sale Motion as March 29, 2005 at 8:00 p.m. (prevailing Eastern Time), and that the Court further schedule a hearing on the Sale Motion on March 30, 2005 at 10:00 a.m. (prevailing Eastern Time).

## Applicable Authority

9.     The Debtors request approval of shortened notice and objection procedures for the Sale Motion in accordance with Bankruptcy Code section 102, and

---

[4]     An omnibus hearing in these cases is already scheduled for March 30, 2005, at 10:00 a.m.

Bankruptcy Rules 2002, 9006, and 9007. Further, as noted, supra at n.2, the Debtors believe that the Notice Procedures Order authorizes the Debtors to file motions on less than twenty days' notice when twenty days' notice is not possible, provided that any such motion is filed at least ten days before the next hearing date. The Sale Motion will be filed more than ten days before the next hearing date. Accordingly, the Debtors are seeking the relief sought herein out of an abundance of caution.

10. The relief sought in the Sale Motion involves the proposed use, sale, or lease of property of the estate other than in the ordinary course of business. Such relief cannot be granted until after "notice and a hearing." 11 U.S.C. § 363(b). Bankruptcy Rule 2002 governs time periods for giving notice. Bankruptcy Rule 2002(a)(2) requires the Debtors to give twenty days' notice by mail of the Sale Motion. However, the time periods and other procedures set forth in such rule may be modified if "the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2) (emphasis added); see also Fed. R. Bankr. P. 9006(c). Further, Bankruptcy Code section 102(1) provides that the words "after notice and a hearing" mean "after such notice as is appropriate in the particular circumstances." Moreover, Bankruptcy Code section 105 provides that the Court "may issue any order . . . necessary or appropriate to carry out the provisions of . . . [the Bankruptcy Code]." 11 U.S.C. § 105(a). Thus, the Bankruptcy Code authorizes less than twenty days' notice if sufficient cause exists. The Debtors believe that sufficient cause exists to warrant shortening the notice period as requested herein.

11. As set forth above and detailed in the Sale Motion, the Debtors believe that approval of the sale of the Assets is in the best interests of their estates and creditors and

---

(prevailing Eastern Time).

necessary to maximize the value of the Assets. The Debtors do not believe that a higher or otherwise better offer can be received for the Assets as the Debtors significantly marketed the Assets and Purchaser's offer was determined to be the highest and otherwise best offer. The Purchaser has the right to terminate the sale transaction and has indicated that it will do so unless the sale is approved by March 30, 2005 and the order becomes a final, non-appealable order by April 10, 2005.

12. Accordingly, the Debtors believe that sufficient cause exists to shorten the notice period for the Sale Motion.

13. The Debtors believe that the notification and objection procedures set forth herein strike an appropriate balance between the needs of the parties to have the Sale Motion heard by the Court on March 30, 2005 and the rights of any parties that may have objections to the Sale Motion to respond to such motion.

## Waiver of Memorandum of Law

14. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (i) granting the Motion and allowing shortened notice on the Sale Motion, (ii) establishing an objection deadline on the Sale Motion as March 29, 2005 at 8:00 p.m. (prevailing Eastern Time), (iii) authorizing the Sale Motion motion to be heard before this Court on March 30, 2005 at 10:00 a.m. (prevailing Eastern Time), and (iv) granting such other and further relief as is just and proper.

Dated: March 18, 2005
      New York, New York

/s/   D. J. Baker
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York   10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

-and-

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware   19899
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001

Attorneys for the Debtors