SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D. J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------x

**DECLARATION OF COUNSEL IN SUPPORT OF EX PARTE MOTION FOR
ORDER SHORTENING NOTICE PERIOD AND ESTABLISHING OBJECTION
DEADLINE AND HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER
UNDER 11 U.S.C. §§ 105(a) AND 363 AND FED. R. BANKR. P. 6004 (I) AUTHORIZING
AND APPROVING THE SALE OF A 2002 GULFSTREAM G-200 AIRCRAFT AND
RELATED EQUIPMENT TO MOLINARO KOGER, INC. FREE AND CLEAR OF
LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING
PAYMENT OF A BROKERAGE FEE TO BLOOMER deVERE GROUP AVIA, INC.
IN CONNECTION WITH SALE AND (III) GRANTING RELATED RELIEF**

D. J. Baker declares and says:

1. I am a member of Skadden, Arps, Slate, Meagher & Flom LLP, counsel for the debtors and debtors-in-possession (the "Debtors") in the above-captioned bankruptcy cases.

2. I make this declaration in support of the Ex Parte Motion (the "Motion to Shorten") for an order shortening the notice period and establishing the objection deadline and a hearing date on the Debtors' motion for entry of an order under 11 U.S.C. §§ 105(a) and 363 and

Fed. R. Bankr. P. 6004 (i) authorizing and approving the sale of a 2002 Gulfstream G-200 aircraft and related equipment to Molinaro Koger, Inc. free and clear of liens, claims, interests and encumbrances, (ii) authorizing payment of a brokerage fee to Bloomer deVere Group Avia, Inc. in connection with sale and (iii) granting related relief (the "Sale Motion").

3. As set forth in the Motion to Shorten and the Sale Motion, a hearing on March 30, 2005 with respect to the Sale Motion and approval of the sale of the airplane and related equipment (the "Assets") described therein is necessary.

4. If the relief requested in the Motion to Shorten is not granted, the Debtors will not be able to have the Sale Motion heard before the Court on March 30, 2005. In turn, the purchaser of the Assets, Molinaro Koger, Inc. (the "Purchaser") will likely terminate the sale transaction due to a condition in the asset purchase agreement that requires entry of a final, non-appealable order by April 10, 2005. If the sale transaction is terminated the Debtors' estates and creditors will be harmed. As stated in the Motion to Shorten and further detailed in the Sale Motion, the Debtors have significantly marketed the Assets and firmly believe that Purchaser's offer is the best and otherwise highest offer that they can obtain for a sale of the Assets. Further, the Assets are depreciable in nature and so a delay in the sale will, in and of itself, likely result in only lower offers for the Assets.

5. Accordingly, the Debtors have respectfully requested that the Court enter an order in substantially the form of the proposed form of order submitted with the Motion to Shorten.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 18, 2005, New York, New York

/s/ D. J. Baker
D. J. Baker

408033.04-Wilmington Server 1A - MSW