**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| In re: : | |
| : | **Chapter 11** |
| : | |
| **WINN-DIXIE STORES, INC., et al.,** : | **Case No. 05-11063 (RDD)** |
| : | |
| Debtors. : | **(Jointly Administered)** |
| : | |

-------------------------------------------------------------x

**ORDER SHORTENING NOTICE PERIOD AND ESTABLISHING OBJECTION DEADLINE AND HEARING ON MOTION OF DEBTORS FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 105(a) AND 363 AND FED. R. BANKR. P. 6004 (I) AUTHORIZING AND APPROVING THE SALE OF A 2002 GULFSTREAM G-200 AIRCRAFT AND RELATED EQUIPMENT TO MOLINARO KOGER, INC. FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (II) AUTHORIZING PAYMENT OF A BROKERAGE FEE TO BLOOMER deVERE GROUP AVIA, INC. IN CONNECTION WITH SALE AND (III) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order shortening the notice period and establishing an objection deadline and a hearing date and time on Debtors' motion for entry of an order under 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 6004 (i) authorizing and approving the sale of a 2002 Gulfstream G-200 aircraft and related equipment to Molinaro Koger, Inc. free and clear of liens, claims, interests and encumbrances, (ii) authorizing payment of a brokerage fee to Bloomer deVere Group Avia, Inc. in connection with sale (the "Sale Motion") and (iii) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

- 2 -

2. The objection deadline for the Sale Motion is March 29, 2005 at 8:00 p.m. (prevailing Eastern Time).

3. The hearing on the Sale Motion is scheduled for March 30, 2005 at 10:00 a.m. (prevailing Eastern Time).

4. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

5. The requirement under Local Bankr. R. 9013-1(b) of the service and filing of a separate memorandum of law is satisfied by the Motion.

Dated: March 18, 2005
      New York, New York

                         /s/ Robert D.Drain
                      Honorable Robert D. Drain
                      United States Bankruptcy Judge