UNITED STATES BANKRUPTY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-11063 (RDD)<br><br>(Jointly Administered) |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Noticing and Claims Agent for the above-captioned Debtors.

3. On or about March 21, 2005, I caused copies of:

- **the Notice of Hearing**
- **the Debtors' Motion For Order Under 11 U.S.C. § 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property [D.I 472]**

    to be inserted in first class, postage pre-paid and pre-addressed envelopes and delivered to the U.S. Postal Service for delivery to those persons on the Supplemental Service List attached hereto as Exhibit A. A copy of the served document as listed above is attached hereto as Exhibit B.

Dated: March 22, 2005

_____
Kathleen M. Logan

Code: AR

# EXHIBIT A
# SUPPLEMENTAL SERVICE LIST

**SUPPLEMENTAL SERVICE LIST**
**Notice of Hearing**
Debtors' Motion For Order Under 11 U.S.C. 365(d)
Extending Time Within Which Debtors May Assume
or Reject Unexpired Leases of NonResidential Real Property

Page 1 of 2

**DEBTOR:** WINN-DIXIE STORES, INC.    **CASE:** 05-11063 (RDD)

| | | |
|---|---|---|
| CREDITOR ID: 1015-07<br>ACRON USA FONDS WINN DIXIE LP<br>C/O ACRON KAPITAL<br>DALLAS BRANCH<br>1516 S BOSTON AVE SUITE 215<br>TULSA, OK 74119 | CREDITOR ID: 1114-07<br>BENJAMIN ADAM SETZER AS TRUSTEE<br>OF THE FAYE ASHLEY SETZER TST<br>C/O LEONARD SETZER<br>903 UNIVERSITY BLVD N<br>JACKSONVILLE, FL 32211 | CREDITOR ID: 1144-07<br>BROOKWOOD FLAMINGO PARTNERS LP<br>C/O NAI/MERIN HUNTER CODMAN IN<br>1601 FORUM PLAZA # 200<br>WEST PALM BEACH, FL 33401-9453 |
| CREDITOR ID: 1159-07<br>CADILLAC PARTNERSHIP<br>C/O AUGUST URBANEK PARTNER<br>SUITE 209 A<br>4800 N FEDERAL HIGHWAY<br>BOCA RATON, FL 33431 | CREDITOR ID: 1213-07<br>COMMERCIAL LEASING ONE<br>#030212233<br>C/O MIDLAND LOAN SERVICES INC<br>1223 SOLUTIONS CENTER<br>CHICAGO, IL 60677-1002 | CREDITOR ID: 1234-07<br>CROWDER FAMILY JOINT VENTURE<br>C/O KATHY CROWDER KIRCHMAYER<br>GENERAL PARTNER<br>3638 CAVALIER DRIVE<br>JACKSON, MS 39216-3501 |
| CREDITOR ID: 1277-07<br>DUCKWORTH MORRIS REALTY<br>AS AGENT FOR ESSEX SQUARE INVESTING<br>PO BOX 1999<br>TUSCALOOSA, AL 35403-1999 | CREDITOR ID: 1338-07<br>FLAGLER RETAIL ASSOCIATES LTD<br>D/B/A PARKHILL PLAZA<br>ACCT# 2000013823272<br>PO BOX 862792<br>ORLANDO, FL 32886-2792 | CREDITOR ID: 1352-07<br>FRANK W GUILFORD JR TRUSTEE<br>TRUST UNDER THE WILL OF<br>VICTORIA FASCELL<br>2222 PONCE DE LEON BLVD PENTHS<br>CORAL GABLES, FL 33134 |
| CREDITOR ID: 1388-07<br>GRAY - WHITE LLC<br>C/O THE LAFAYETTE LIFE INS. CO.<br>ATTN: MORTGAGE LOAN #8091<br>PO BOX 7007<br>LAFAYETTE, IN 47903 | CREDITOR ID: 1468-07<br>IPF HEIGHTS LIMITED PARTNERSHIP<br>C/O INFINITY PROPERTY MGMT COR<br>PACES WEST BUILDING ONE<br>2727 PACES FERRY RD SUITE 1-1650<br>ATLANTA, GA 30339 | CREDITOR ID: 1484-07<br>JEFFERSON-PILOT LIFE<br>INSURANCE COMPANY<br>ATTN: DEE CURTIS MORTGAGE LN DP<br>PO BOX 20407<br>GREENSBORO, NC 27420 |
| CREDITOR ID: 1545-07<br>LEESBURG BANSAL LLC<br>C/O RAM REALTY SERVICES INC<br>ATT DAVID GOLDSTEIN SUITE 920<br>7650 COURTNEY CAMPBELL CAUSEWAY<br>TAMPA, FL 33607 | CREDITOR ID: 1580-07<br>MARKETPLACE SHOPPING CENTER<br>C/O EDENS & AVANT<br>FINANCING II LP<br>PO BOX 528<br>COLUMBIA, SC 29202 | CREDITOR ID: 1591-07<br>MELLON TRUST OF CALIFORNIA<br>SAMUAL OSCHIN TRUSTEE<br>ATTN PATRICIA WHITELEY<br>400 SOUTH HOPE ST STE 400<br>LOS ANGELES, CA 90071-2806 |
| CREDITOR ID: 1614-07<br>MORRIS TRACK CORP &<br>WILLISTON HIGHLANDS<br>DEVELOPMENT CORP PTNRSHP/NP<br>2601 BISCAYNE BLVD<br>MIAMI, FL 33137 | CREDITOR ID: 1632-07<br>NB/85 ASSOCIATES WAYNE M RUBEN<br>C/O BENDERSON DEVE CO<br>BRADEN RIVER PO LEASE # 49705<br>PO BOX 21199<br>BRADENTON, FL 34204-1199 | CREDITOR ID: 1651-07<br>NORTH & SOUTH STATION<br>DIM VASTGOED NV<br>C/O DBR ASSET MANAGEMENT INC<br>1 FINANCIAL PLAZA<br>FT LAUDERDALE, FL 33394 |
| CREDITOR ID: 1655-07<br>NORTH PORT VILLAGE SHOPPING<br>CENTER ASSOCIATES LTD<br>C/O ISRAM REALTY & MANGMT INC<br>506 SOUTH DIXIE HIGHWAY<br>HALLANDALE, FL 33009 | CREDITOR ID: 1703-07<br>PEREGINE PROPERTIES LP<br>C/O PRINCIPLE MUTUAL LIFE<br>ASSURANCE #399570<br>PO BOX 10387<br>DES MOINES, IA 50306-0387 | CREDITOR ID: 1808-07<br>SAMUEL OSCHIN TRUSTEE BARBARA<br>OSCHIN PRIMICERIO TRUST<br>ATTN PATRICIA WHITELEY<br>400 SOUTH HOPE ST SUITE 400<br>LOS ANGELES, CA 90071-2806 |
| CREDITOR ID: 1809-07<br>SAMUEL OSCHIN TRUSTEE MICHAEL<br>OSCHIN TRUST/HELEN OSCHIN WILL<br>ATTN PATRICIA WHITELY<br>400 SOUTH HOPE STREET STE 400<br>LOS ANGELES, CA 90071-2806 | CREDITOR ID: 1861-07<br>SOUTH ROCKDALE SHOPPING CENTER<br>C/O REDD REALTY SERVICES<br>SUITE 101<br>4200 NORTHSIDE PARKWAY BLDG<br>ATLANTA, GA 30327-3052 | CREDITOR ID: 1862-07<br>SOUTH SQUARE MARKETPLACE<br>C/O EDENS AND AVANT<br>FINANCING II LP<br>PO BOX 528<br>COLUMBIA, SC 29202 |
| CREDITOR ID: 1886-07<br>SPRINGFIELD CROSSING LLC<br>C/O PAPPAS RETAIL LEASING & MGMNT<br>PO BOX 48547<br>ST PETERSBURG, FL 33743-8547 | CREDITOR ID: 1907-07<br>SUN WEST NC III PTN LIM<br>PTNSHPS ACCT A  ACCT# 18234155<br>C/O BANK ONE TEXAS NA<br>PO BOX 971281<br>DALLAS, TX 75397-1281 | CREDITOR ID: 1913-07<br>SUNWEST NC III PARTNERSHIPS<br>C/O BANK ONE TEXAS N A<br>ACCT# 1823415581<br>PO BOX 971281<br>DALLAS, TX 75397-1281 |

**SUPPLEMENTAL SERVICE LIST**
**Notice of Hearing**
**Debtors' Motion For Order Under 11 U.S.C. 365(d)**
**Extending Time Within Which Debtors May Assume**
**or Reject Unexpired Leases of NonResidential Real Property**

**DEBTOR:   WINN-DIXIE STORES, INC.**                                                                     **CASE:   05-11063 (RDD)**

| | | |
|---|---|---|
| CREDITOR ID: 1936-07 | CREDITOR ID: 1946-07 | CREDITOR ID: 1951-07 |
| TOULOUSE VILLAGE ASSOCIATES | TRUSTEE OF TRUST B | TUNICA VILLAGE PARTNERSHIP |
| C/O THE TROTMAN COMPANY INC | EIN 57-6150551 | C/O BARBARA KIZER |
| ATTN GREG HUGHS | C/O GRACE WILLIAMSON FLO115 | ACADIAN MANAGEMENT |
| 2525 BELL ROAD | FIRST UNION NATIONAL BANK | PO BOX 1268 |
| MONTGOMERY, AL 36117 | JACKSONVILLE, FL 32202 | MADISONVILLE, LA 70447 |
| | | |
| CREDITOR ID: 1952-07 | CREDITOR ID: 1954-07 | CREDITOR ID: 1959-07 |
| TWELTH STREET & WASHINGTON | U P SC LTD | UNIVERSITY TENANCY IN COMMON |
| ASSOCIATES LTD PARTNERSHIP | C/O SOUTHERN MANAGEMENT & DEV | C/O SAMUEL BUTTERS |
| ATTN EVA SPERBER PORTER | ATTN: GAIL FINLEY | SUITE 202 |
| 8698 E SAN ALBERTO DR | PO BOX 11229 | 2005 W CYPRESS CREEK RD |
| SCOTTSDALE, AZ 85258-4306 | KNOXVILLE, TN 37939 | FORT LAUDERDALE, FL 33309 |
| | | |
| CREDITOR ID: 1996-07 | CREDITOR ID: 1998-07 | CREDITOR ID: 265053-24 |
| WEBB/LEXINGTON VENTURES #108 | WEEKI WACHEE VILLAGE SHOP CNTR | WRI/TEXLA LLC |
| ATTN ROBERT K CHAFFINS RETAIL | C/O SIZELER PROPERTY INVESTORS | ATTN: JENNY HYUN, ESQ. |
| PROP MGR. | DEPOSITORY ACCOUNT | 2600 CITADEL PLAZA DRIVE |
| 250 WEST MAIN ST SUITE 3000 | PO BOX 62799 | HOUSTON TX 77002 |
| LEXINGTON, KY 40507 | NEW ORLEANS, LA 70162 | |

**Total:   36**

# EXHIBIT B

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D. J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | : | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| | : | |
| WINN-DIXIE STORES, INC., et al., | : | Case No. 05-11063 (RDD) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' MOTION FOR
ENTRY OF AN ORDER UNDER 11 U.S.C. § 365(d)(4) GRANTING EXTENSION
OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF
<u>NONRESIDENTIAL REAL PROPERTY</u>**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **April 12, 2005, at 10:00 a.m. (prevailing Eastern Time)**, before the Honorable Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

of New York, One Bowling Green, New York, New York, to consider the above Debtors' motion for entry of an order under 11 U.S.C. § 365(d)(4) granting an extension of time to assume or reject unexpired leases of nonresidential real property (the "Motion").

PLEASE TAKE FURTHER NOTICE that any objections to the relief requested in the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and Local Rules of the Bankruptcy Court, shall set forth the basis for the objection and the specific grounds therefor, and shall be filed with the Clerk of this Court in accordance with General Order M-242 which order can be found at www.nysb.uscourts.gov, and shall further be delivered directly to Judge Drain's Chambers and served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York  10004; (ii) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attention: D. J. Baker, Esq; and (iii) Milbank, LLP, 1 Chase Manhattan Plaza, New York, New York 10005 Attention: Matthew S. Barr, Esq. so as to be <u>actually</u> <u>received</u> no later than **April 5, 2005, at 4:00 p.m. (prevailing Eastern time)**.

- 3 -

      Only objections made in writing and timely filed and received will be considered by the Bankruptcy Court at the hearing.

Dated: March 17, 2005
       New York, New York

                              */s/   D. J. Baker*
                              D. J. Baker (DB 0085)
                              Sally McDonald Henry (SH 0839)
                              Rosalie Walker Gray
                              Adam S. Ravin
                              SKADDEN, ARPS, SLATE, MEAGHER
                                &FLOM LLP
                              Four Times Square
                              New York, New York 10036
                              Telephone:  (212) 735-3000
                              Facsimile:  (212) 735-2000

                              Eric M. Davis
                              SKADDEN, ARPS, SLATE, MEAGHER
                                & FLOM LLP
                              One Rodney Square
                              Wilmington, Delaware 19801
                              Telephone:  (302) 651-3000
                              Facsimile:  (302) 651-3001

                              Attorneys for Debtors

                          **Hearing Date:  April 12, 2005 at 10:00 a.m.**
                          **Objection Deadline:  April 5, 2005 at 4:00 p.m.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
D. J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                             :
                                                              :         **Chapter 11**
                                                               :
**WINN-DIXIE STORES, INC., et al.,**          :         **Case No. 05-11063 (RDD)**
                                                               :
                      Debtors.[1]              :         **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(d)(4) EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF <u>NONRESIDENTIAL REAL PROPERTY</u>**

      Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), hereby move for entry of an order under 11 U.S.C. § 365(d)(4) extending the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property. In support of this Motion the Debtors respectfully represent:

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). Their cases are being jointly administered by order of this Court.

2.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.  The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.. Substantially all of the Debtors' store locations are leased rather than owned.

4.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.  The statutory predicate for the relief requested herein is section 365(d)(4) of the Bankruptcy Code.

**Relief Requested**

6.     Pursuant to section 365(d)(4) of the Bankruptcy Code, the 60-day period during which the Debtors must assume or reject unexpired nonresidential real property leases expires April 22, 2005.  By this Motion, the Debtors seek entry of an order extending their time to assume or reject such unexpired leases for approximately 150 additional days (the "Extension Period"), through and including September 19, 2005, without prejudice to the Debtors' rights to seek further extensions of such deadline.  The Debtors further request that each lessor under an unexpired lease be afforded the right to request that the Extension Period be shortened for cause with respect to a particular unexpired lease.

**Basis for Relief**

7.     As of the date of this Motion, the Debtors are lessees under more than 900 unexpired leases of nonresidential real property (collectively, the "Unexpired Leases").  The vast majority of the Unexpired Leases are leases used by the Debtors to operate their grocery and drug retail stores.  The facilities and premises leased under the Unexpired Leases form the platform of the Debtors' ongoing business operations and are, thus, key assets of the Debtors' estates.

8.     The Debtors, with the assistance of their advisors, have begun the process of identifying Unexpired Leases that will be critical to their reorganization.  In considering their options with respect to the Unexpired Leases, the Debtors are evaluating a variety of factors to determine whether it is appropriate to assume, assume and assign, or reject particular Unexpired Leases.

9.     Given the exceptionally large number of Unexpired Leases in these proceedings, the Debtors require an extension of the section 365(d)(4) deadline in order to fully and

adequately determine whether to assume or reject particular Unexpired Leases. If the section 365(d)(4) period is not extended beyond April 22, 2005, the Debtors may be compelled, prematurely, to assume substantial, long-term liabilities under the Unexpired Leases or forfeit benefits associated with some Unexpired Leases to the detriment of the Debtors' ability to operate and preserve the going-concern value of their business for the benefit of all creditors and other parties in interest. Deciding whether and when to assume, assign or reject particular Unexpired Leases requires the Debtors to determine whether particular leased premises are necessary to their future business plan and whether assigning certain Unexpired Leases will benefit the Debtors' estates more than rejecting them.

10. The Debtors have made significant progress in assessing the large number of Unexpired Leases and determining which should be assumed or rejected. As evidence of this fact, the Debtors filed on the Petition Date a motion pursuant to which they obtained authority to reject approximately 150 Unexpired Leases effective as of February 28, 2005[2]. Although significant progress has been made at this early juncture of these chapter 11 cases, the Debtors have not determined which of the remaining leased premises will be necessary to their business plan or which of these remaining Unexpired Leases should be assumed or rejected to maximize the value of the Debtors' estates. Given the size of this case, the number of Unexpired Leases, and the need for the Debtors to focus on their primary objective of stabilizing their business, more time is needed to adequately assess whether to assume or reject each of the Unexpired Leases.

---

[2] See Order Authorizing the Debtor to Reject Certain Real Property Leases, Effective as of February 28, 2005 (Docket No. 56).

4

## Applicable Authority

11.     Section 365(d)(4) of the Bankruptcy Code provides that:

> [n]otwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, <u>or within such additional time as the court, for cause, within such 60-day period, fixes</u>, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (emphasis added).  Thus, the Court can, for cause, order an extension of the period during which a debtor-in-possession must assume or reject nonresidential real property leases upon the filing of a motion for such relief within the 60-day period or extensions thereof.  <u>In re Burger Boys</u>, 94 F.3d 755, 760-61 (2d Cir. 1996); <u>In re Wedtech Corp.</u>, 72 B.R. 464, 468-70 (Bankr. S.D.N.Y. 1987).

12.     The Second Circuit has set forth the following nonexhaustive list of factors relevant to the determination of whether cause exists to extend the period during which a debtor-in-possession must assume or reject nonresidential real property leases:  "(1) whether the debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation . . . could damage the lessor beyond [] the compensation available under the Bankruptcy Code'; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization."  <u>Burger Boys</u>, 94 F.3d at 761 (quoting <u>Theatre Holding Corp. v. Mauro</u>, 681 F.2d 102, 105-06 (2d Cir. 1982)).

13.     In this case, all of the <u>Burger Boys</u> factors are satisfied.  First, the Debtors are paying for use of the property at the applicable lease rates and are continuing to perform their other obligations under the Unexpired Leases in a timely fashion.

14.     Second, there is no reason why the Debtors' proposed extension of the time to assume or reject could or would damage the landlords party to the Unexpired Leases (the

5

"Lessors") beyond the compensation that is available to the Lessors under the Bankruptcy Code. Indeed, pursuant to section 365(d)(3) of the Bankruptcy Code, the Lessors enjoy a preferred and relatively low-risk position.[3] There would, thus, be no harm to the Lessors should the Court extend the period within which the Debtors must assume or reject the Unexpired Leases as requested herein. Further, the Debtors propose that each Lessor be permitted to seek to shorten the Extension Period for cause with respect to a particular Unexpired Lease. This ability to request relief from the Extension Period ensures that no Lessor will be prejudiced by the requested extension of time.

15.     Third, the Unexpired Leases are important assets of the Debtors. Indeed, the Unexpired Leases are an integral component of the Debtors' business operations. If the Debtors were forced to decide prematurely to assume or reject the Unexpired Leases, the impact on their business would be significant. Rejection of the Unexpired Leases at this stage might disrupt the core of the Debtors' businesses and impair the Debtors' ability to administer and reorganize the business. The Debtors believe that such disruption is likely to cause material, irreparable harm to the Debtors' estates.

16.     Fourth, at this early stage in these large cases, the Debtors have not yet had the opportunity to formulate a reorganization plan. Rather, the Debtors have been focusing all of their resources on stabilizing their businesses.

---

[3]     Under section 365(d)(3), a debtor-in-possession must timely perform its postpetition leasehold obligations that are allocable to periods preceding the debtor's rejection of the lease. See, e.g., Urban Retail Properties v. Loews Cineplex Entertainment Corp., 2002 WL 535479, at *5-8 (S.D.N.Y. Apr. 9, 2002) (holding that Bankruptcy Code section 365(d)(3) requires the full payment of a debtor's postpetition leasehold obligations); Child World Inc. v. Campbell/Massachusetts Trust (In re Child World, Inc.), 161 B.R. 571, 572 (S.D.N.Y. 1993) ("Eleven U.S.C. § 365(d)(3) creates a special priority among creditors for landlords by requiring debtor-tenants to pay timely their obligations under leases of nonresidential real property during the period after the debtor-tenants have filed their bankruptcy petition, and before they have either rejected or assumed their leases"); In re Ames Dep't Stores, Inc., 306 B.R. 43, 80 (Bankr. S.D.N.Y. 2004) ("[T]he Landlords are entitled to unpaid rent under section 365(d)(3) to the extent … it is allocable to the post-petition, prerejection, period").

6

17. Lastly, as noted above, the prejudice to the Debtors and their estates if the requested extension is denied cannot be overstated. Absent the extension, the Debtors may assume the Unexpired Leases prematurely, thereby elevating substantial long-term liabilities thereunder to administrative claim status; alternatively, the Debtors may reject the Unexpired Leases prematurely, which likely will impair the value of the Debtors' estates materially and may limit dramatically the range of strategic options available to the Debtors as they reorganize the business.

18. As the Third Circuit observed in Channel Home Centers, 989 F.2d at 689, "nothing prevents a bankruptcy court from granting an extension because a debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." The Debtors face just such a situation here. Stabilizing the business and ensuring that their operations and interactions with customers and vendors continue with minimal disruption have been all-consuming priorities for the Debtors during the first month of these chapter 11 cases. The Debtors believe that they will continue to need to devote substantial energy and resources to addressing these issues during the next several months. The Debtors believe that they have acted (and will continue to act) properly in so directing their focus because the success of the Debtors' ongoing operations is critical to preserving the value of the Debtors' estates.

19. The courts in this and other circuits have previously granted similar relief in other cases where the debtor required additional time to assume or reject leases. See e.g., In re Enron Corp., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Jan. 31, 2002) (extending the period to a date that was more than twelve months after the commencement date); In re County Seat Stores, Inc., Case No. 99-10010 (CB) (Bankr. S.D.N.Y. Jan. 22, 1999) (extending the period to the earlier of

the date of confirmation of a reorganization plan or a date that was more than twelve months after the debtor's filing date); <u>In re Nextwave Personal Communications Inc.</u>, Case No. 98 B 21529 (ASH) (Bankr. S.D.N.Y. Jul. 10, 1998) (extending the period through confirmation); <u>In re Maidenform Worldwide, Inc.</u>, Case No. 97 B 44869 (CB) (Bankr. S.D.N.Y. Sept. 12, 1997) (extending the period through confirmation). Notably, courts in other major retail cases have previously granted the same or similar relief. <u>See</u> <u>In re Ames Department Stores, Inc.</u>, Case No. 01-42217 (REG) (Bankr. S.D.N.Y. Oct. 3, 2001) (extending the period through confirmation of reorganization plan); <u>In re Service Merchandise Company, Inc., et al.</u>, Case No. 99-02649 (Bankr. M.D. Tenn.) (Judge Paine) (period extended for most leases to plan confirmation); <u>In re Montgomery Ward Holding Corp.</u>, Case No. 97-1409 (Bankr. D. Del.) (Judge Walsh) (period extended six months on first request); <u>In re Bradlees Stores, Inc., et al.</u>, Case Nos. 95 B 42777 through 95 B 42784 (Bankr. S.D.N.Y.) (Judge Lifland) (period extended, with certain exceptions, to confirmation); <u>In re the Caldor Corporation, et al.</u>, Case No. 95 B 44080 (Bankr. S.D.N.Y.) (Judge Garrity) (period extended, with certain exceptions, for eight months).

20.     Accordingly, it is respectfully submitted that this Court should extend the time within which the Debtors may assume or reject any Unexpired Lease for approximately 150 days through September 19, 2005, without prejudice to the Debtors' rights to seek further extensions of such deadline.

### **Notice**

21.     Notice of this Motion has been provided to (a) counsel to the U.S. Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Lessors. The Debtors submit that no other or further notice need be given.

## Waiver of Memorandum of Law

22.     Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (a) extending through September 19, 2005 the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property, and (b) granting such other and further relief as the Court deems just and proper.

Dated: March 17, 2005
      New York, New York

/s/    *D. J. Baker*
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001

Attorneys for Debtors

10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re                                         :
                                              :    Chapter 11
                                              :
WINN-DIXIE STORES, INC., et al.,              :    Case No. 05-11063 (RDD)
                                              :
          Debtors.                            :    (Jointly Administered)
                                              :
-------------------------------------------------------------x
```

**ORDER UNDER 11 U.S.C. § 365(d)(4) GRANTING**
**EXTENSION OF TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Upon the motion (the "Motion")[1] of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors an extension of the time period to assume or reject unexpired nonresidential real property leases (the "Unexpired Leases"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT;

1.  The Motion is GRANTED.

2.  The period within which the Debtors must move to assume or reject the Unexpired Leases is extended through and including September 19, 2005.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

3. The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

4. The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease shall be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases on or before September 19, 2005.

Dated:      New York, New York
            _____, 2005

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

2