**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                 :
                       :   **Chapter 11**
                       :
**WINN-DIXIE STORES, INC., et al.,**   :   **Case No. 05-11063**
                       :
     **Debtors.**           :   **(Jointly Administered)**
                       :
-------------------------------------------------------------x

**FINAL ORDER GRANTING THE DEBTORS AUTHORITY**
**TO PAY PREPETITION CLAIMS ARISING UNDER**
**THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

Upon the Motion[1] dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order for authority to pay undisputed prepetition claims arising under the Perishable Agricultural Commodities Act, of 1930, as amended, 7 U.S.C. §§ 499a *et seq*. and/or the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 *et seq*. (together, "PACA") and to establish procedures for addressing disputed claims asserted under PACA as more fully set forth in the Motion and on the record of the March 18, 2005 hearing on the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and

---

[1] Unless otherwise defined herein, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and no other or further notice being required; and, as stated on the record at the Hearing, all objections to the Motion having been resolved by the amendments to the proposed form of relief, set forth herein; and the relief requested in the Motion as modified hereby being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein ("Final PACA Order"); and it is further

ORDERED that on or before 5:00 p.m. prevailing Eastern Time, Monday, March 21, 2005, the agent under the Debtors' DIP financing agreement shall establish a reserve (the "PACA Reserve") in the amount of $30 million (the "Reserve Level") against the Debtors' borrowing base to take into account the prepetition liabilities of any Debtor to any PACA Claimant (as defined below); provided, however, that nothing contained in this Final PACA Order shall limit or impair in any way the rights of the agent under the Debtors' DIP financing agreement to establish any reserve against the Debtors' borrowing base, including, without

limitation, a reserve in respect of any PACA Claim not addressed in this Final PACA Order, in accordance with the terms and conditions of such DIP financing agreement; and it is further

ORDERED that the PACA Reserve shall only be used to pay Allowed PACA Claims and may not be otherwise withdrawn until all valid prepetition PACA Claims have been paid in full; and it is further

ORDERED that the Reserve Level shall be reduced from time to time by the amount of payments made by the Debtors to holders of Allowed PACA Claims; and it is further

ORDERED that in the event that the amount of prepetition PACA Claims listed in the Report, as defined below, is greater than the balance of the Reserve Level on the date of the Report (the "PACA Reserve Shortfall"), the Debtors shall, within five business days, increase the Reserve Level as necessary to eliminate the PACA Reserve Shortfall; and it is further

ORDERED that in the event the amount of prepetition PACA Claims listed in the Report is less than the balance of the Reserve Level on the date of the Report (the "PACA Reserve Excess"), the Debtors may, without further notice or Court order, reduce the balance of the Reserve Level to eliminate any PACA Reserve Excess; and it is further

ORDERED that the procedures described below (the "PACA Procedures") are hereby approved and shall be implemented by the Debtors:

    a. <u>PACA Notices</u>. Any seller seeking the protection of the PACA Trust (the "Claimant") must have preserved its PACA trust claim (the "PACA Claim") by (i) sending the Debtors a separate, valid notice within the appropriate time period or (ii) including the statutorily prescribed language on its invoices sent to the Debtors as provided in PACA (collectively "PACA Notice") on or before the statutory deadline.

b. <u>Notice of Final PACA Order</u>.  The Debtors shall send a copy of this Final Order by first-class mail to all persons or entities who have delivered a PACA Notice (or a document that purports to be a valid and timely PACA Notice) to the Debtors.

c. <u>Allowed PACA Claims</u>.  Debtors shall have all PACA Claims evaluated as soon as practicable, but in no event later than forty-five (45) days after entry of this Final PACA Order. If the Debtors determine that a PACA Claim asserted in a PACA Notice is valid and agree with the amount asserted (an "Allowed PACA Claim"), the Debtors shall pay such Allowed PACA Claim within ten (10) business days following the date such PACA Claim is so determined to be valid.  Any holder of an Allowed PACA Claim that accepts payment from the Debtors on account of its PACA Claim shall be deemed to have waived, released, and discharged any and all claims, of any type, kind, or priority on account of or in connection with its PACA Claim, including any and all claims against the (i) Debtors, (ii) any former, present, or future officer, director, shareholder, agent or employee of the Debtors, (iii) the Debtors' assets and properties, and (iv) any funds or amounts held in trust by the Debtors to the extent of such payment.  In the event of a dispute as to the validity of only a portion of a PACA Claimant's PACA Claim, the Debtors shall pay the valid, undisputed portion of such PACA Claim as an Allowed PACA Claim.

d. <u>PACA Claim Report</u>.  As soon as practicable, but in no event later than forty-five (45) days after entry of the Final PACA Order, the Debtors will file a

report ("Report") with the Court that lists the Allowed PACA Claims and whether they have been paid or are scheduled to be paid, as well as the PACA Claims the Debtors believe are invalid in whole or in part, setting forth in detail the legal and factual basis for the dispute.

1. The Report shall be sent by first-class mail to the following parties: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the agent for the Debtors' secured lenders, and (iii) counsel for any statutory committee appointed in the Debtors' Chapter 11 cases.

2. In addition, a copy of the Report and a copy of the Final PACA Order shall be sent, by first-class mail, to all Claimants whose PACA Claims are listed in the Report not represented by counsel, and by electronic mail to all attorneys who have entered an appearance in this case on behalf of any Claimants.

e. <u>Objections</u>. The deadline for a Claimant to object to (i) the inclusion of its PACA Claim in the Report in whole or in part as an invalid claim, and (ii) to the exclusion or omission of its PACA Claim from the Report shall be 4:00 p.m. prevailing Eastern Time on the day that is twenty (20) calendar days from the day on which the Report is filed with the Court and served as set forth herein. Any objection to the Report must set forth in detail the legal and factual basis for the objection and must be filed with the Court and received by Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq., on or before the objection deadline.

f. <u>Effect of the Report</u>.

1. With respect to each PACA Claim listed in the Report as invalid (in whole or in part) and as to which characterization no objection is timely filed and received, such PACA Claim shall be deemed an invalid PACA Claim (in whole or in part, as

5

       specified in the Report) without further order of the Court and, to the extent invalid, shall not be entitled to the priorities provided under PACA.

2. With respect to each PACA Claim listed in the Report as invalid (in whole or in part) and as to which characterization an objection is timely filed and received, and the parties resolve the objection, such PACA Claim shall be treated as an Allowed PACA Claim or a disallowed PACA Claim, in whole or in part, as agreed to by the parties, without further order of the Court, upon the filing by the Debtors of a notice setting forth the agreement of the parties.

3. As to any PACA Claim which the Debtors believe to be valid in part or invalid in part, the Debtors shall pay the valid portion of the PACA Claim within ten (10) business days following the filing of the Report, or the Debtors' determination of the validity of a portion of the PACA Claim, whichever comes first.

4. With respect to each PACA Claim listed in the Report as invalid (in whole or in part) and as to which an objection is timely received and the objection cannot be resolved by the parties, such PACA Claim shall not be deemed valid or invalid except upon order of the Court. If a resolution is not reached by at least fifty (50) days after the date on which the Report is filed (the "Resolution Period"), or such longer period as may be agreed to by the claimant, the Debtors shall file a motion for determination of the objecting party's PACA Claim within ten (10) days from the end of the Resolution Period and set such motion for hearing at the next regularly scheduled omnibus hearing occurring more than twenty (20) days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing"). The objecting party's PACA Claim, if any, shall be deemed an Allowed PACA Claim to the extent so determined by the Court in the Determination Hearing or as agreed to by the Debtors and the objecting party prior to such determination by the Court or following ten (10) days after expiration of the Resolution Period if the Debtors fail to file a motion for determination by the end of such period;

and it is further

       ORDERED that the PACA Procedures are the sole and exclusive method permitted with respect to the resolution and payment of PACA Claims asserted against the

Debtors. Except as otherwise provided herein, all vendors with PACA Claims are prohibited from seeking any other remedy than is permitted by the PACA Procedures above, including the institution or prosecution of any adversary proceeding, the filing of motions for turnover of property or other assets not property of the Debtors' estates, or the filing of any other motion or actions related to the PACA Claims against (i) the Debtors, (ii) any former, present or future officer, director, shareholder, agent or employee of the Debtors, (iii) the Debtors' assets and properties, and (iv) any third parties; and it is further

ORDERED that any action to enforce any alleged PACA Claim, except in accordance with the PACA Procedures, whether currently pending or initiated in the future, shall be and hereby is, stayed, and the claims asserted therein shall be subject to the PACA Procedures;[2] provided that if the Debtors fail to pay Allowed PACA Claims with respect to any PACA Claimant as required by the PACA Procedures, then that Claimant will not be bound by the stay provisions of either this or the preceding paragraph; and it is further

ORDERED that nothing in this Final PACA Order, nor any action taken by the Debtors in furtherance of the implementation of this Final PACA Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final PACA Order shall create any rights in favor of, or enhance the status of any claim held by, any Claimant or any third party; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final PACA Order shall prejudice, vitiate or impair the

---

[2]  No further steps or actions of any nature whatsoever, other than either to remove or to add plaintiffs, shall be taken until May 9, 2005 in Adversary Proceeding No 05-1169.

rights or status of any vendors with Allowed PACA Claims (i) under state or federal law or (ii) with respect to any liens or claims of any pre- or post-petition lender to the Debtors; and it is further

ORDERED that nothing in this Final PACA Order shall be deemed a waiver of the prompt payment requirements contained in PACA or an extension of payment terms; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Final PACA Order shall be effective immediately upon its entry; and it is further

ORDERED that by the payment and acceptance under the PACA Procedures, the Debtors and the holder of a PACA Claim shall be deemed to agree that the Debtors do not in any way waive any claims they may have against any vendor relating to preferential or fraudulent transfers, or other potential avoidance actions, claims, counterclaims or offsets with respect to said vendors; nor does the holder of a PACA Claim waive or release its right to assert any defenses, claims, counterclaims, offset, non-PACA Claims, or PACA Claims not covered by the Debtors' payment under the PACA Procedures, which the holder of a PACA Claim may have against the Debtors; and it is further

ORDERED that the holder of an Allowed PACA Claim is deemed to warrant that it has not assigned any of its rights to its PACA Claim, unless the Debtors have received written notice addressed to Mike Krage, Director of Produce, Winn-Dixie Stores Inc., 5050 Edgewood Court, Jacksonville, Florida, 32254, (904) 370-7130, of such assignment before any payment is made by the Debtors. In such case, the assignee shall be treated as the holder of the Allowed PACA Claim; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final PACA Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated:  March 22, 2005
        New York, New York

                                                      /s/ Robert D. Drain
                                             UNITED STATES BANKRUPTCY JUDGE