Hearing Date and Time: April 12, 2005 @ 10:00 a.m. (NY Time)
Objection Deadline: April 5, 2005 @ 4:00 p.m. (NY Time)

Dennis F. Dunne (DD 7543)
Matthew S. Barr (MB 9170)
**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000

Proposed Counsel for Official
Committee of Unsecured Creditors
of Winn-Dixie Stores, Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
In re:                              : Chapter 11
                                    :
WINN-DIXIE STORES, INC., et al.,    : Case No. 05-11063 (RDD)
                                    :
                          Debtors.  : (Jointly Administered)
-----------------------------------x

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., et al., UNDER
11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR
ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF MILBANK, TWEED,
HADLEY & M<sup>C</sup>CLOY LLP AS COUNSEL**

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, "Winn-Dixie" or the "Debtors"), hereby moves this Court for an order, substantially in the form attached hereto, authorizing the Creditors' Committee to retain and employ Milbank, Tweed, Hadley & M<sup>C</sup>Cloy LLP ("Milbank"), effective as of March 1, 2005, as counsel for the Creditors' Committee in the above-captioned cases, pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-

1330 (as amended, the "Bankruptcy Code"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1, and respectfully represents as follows:

### I.    BACKGROUND

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 1, 2005, the United States Trustee appointed the Creditors' Committee and designated the following seven members to serve: (i) Capital Research & Management Company; (ii) Deutsche Bank Trust Company Americas; (iii) Kraft Foods Global, Inc.; (iv) New Plan Excel Realty Trust, Inc.; (v) OCM Opportunities Fund V, L.P.;(vi) Pepsico & Subsidiaries; and (vii) R2 Investments, LDC. At the organizational meeting, the Creditors' Committee duly selected Milbank as counsel to represent it during the pendency of Winn-Dixie's chapter 11 cases.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates

for the relief sought herein are section 1103(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002.

## II.    RETENTION OF MILBANK

### Services to be Provided by Milbank

4.    The Creditors' Committee respectfully submits that it will be necessary to employ and retain Milbank pursuant to section 1103(a) of the Bankruptcy Code to render the following services, among others, as directed by the Creditors' Committee:

    (a)    advise the Creditors' Committee with respect to its rights, powers, and duties in these cases;

    (b)    assist and advise the Creditors' Committee in its consultations with the Debtors regarding the administration of these cases;

    (c)    assist the Creditors' Committee in analyzing the claims of Winn-Dixie's creditors and in negotiating with such creditors;

    (d)    assist with the Creditors' Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of Winn-Dixie and of the operation of its businesses;

    (e)    assist the Creditors' Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the terms of a chapter 11 plan or plans for the Debtors;

    (f)    assist and advise the Creditors' Committee with respect to its communications with the general creditor body regarding significant matters in these cases;

    (g)    represent the Creditors' Committee at all hearings and other proceedings;

> (h) review and analyze all applications, orders, statements of operations, and schedules filed with the Court and advise the Creditors' Committee as to their propriety;
>
> (i) assist the Creditors' Committee in preparing pleadings and applications as may be necessary in furtherance of the Creditors' Committee's interests and objectives; and
>
> (j) perform such other legal services as may be required and are deemed to be in the interests of the Creditors' Committee in accordance with the Creditors' Committee's powers and duties as set forth in the Bankruptcy Code.

5.  The Creditors' Committee believes that Milbank possesses extensive knowledge and expertise in the areas of law relevant to these cases, and that Milbank is well qualified to represent the Creditors' Committee.  In selecting its counsel, the Creditors' Committee sought counsel with experience in representing creditors' committees in large chapter 11 cases and other debt-restructuring scenarios.  Milbank has such experience, having represented a number of creditors' committees in significant reorganizations under chapter 11 of the Bankruptcy Code.  Milbank has represented official creditors' committees in the following chapter 11 cases: In re RCN Corporation, In re Enron Corporation, et al.; In re Fleming Companies, Inc.,In re Pacific Gas & Electric Co., et al.;  In re Safety-Kleen Corporation, et al.; In re NPF XII, Inc., et al.; In re ICO Global Communications Services, Inc., et al.; In re Maxxim Medical Group, Inc., et al.; In re Semi-Tech Corporation et al.; In re Hvide Marine Inc., et al.; In re ATC Group

Services, Inc.; In re Brazos Sportswear, Inc.; In re Johns-Manville; In re Columbia Gas Corporation; In re Baldwin Builders; and In re Megafoods, Inc., among others.

**Disclosure Concerning Conflicts of Interest**

6.   To the best of the Creditors' Committee's knowledge, information, and belief, based on (and other than as set forth in) the annexed affidavit of Dennis F. Dunne, a partner in Milbank's Financial Restructuring Group (the "Dunne Affidavit"), and in connection with these cases, Milbank does not represent any other entity having an adverse interest in connection with these cases.  The Dunne Affidavit also sets forth, pursuant to Bankruptcy Rule 2014(a), Milbank's connections with the Debtors, their creditors, and other known parties-in-interest.

7.   Because of the extensive legal services that may be necessary in these cases, and the fact that the nature and extent of such services are not known at this time, the Creditors' Committee believes that the employment of Milbank for all of the Creditors' Committee's purposes, subject to the control and division of responsibility by the Creditors' Committee, as and when needed to minimize duplication of services with its other professionals, would be appropriate and in the best interests of the unsecured creditor body that the Creditors' Committee represents.

8. The Creditors' Committee requests that Milbank's retention be approved, effective as of March 1, 2005, as this is the date that the Creditors' Committee retained Milbank and that Milbank commenced providing services on behalf of the Creditors' Committee.

## **Compensation of Milbank**

9. Milbank intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee and the local rules and orders of this Court, and pursuant to any additional procedures that may be or have already been established by the Court in these cases.

10. Milbank will be compensated at its standard hourly rates, which are based on the professionals' level of experience. At present, the hourly rates range from $550 to $790 for partners, $515 to $710 for of counsel, $225 to $505 for associates, and $145 to $285 for legal assistants. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Milbank's business.

## Notice

11.    No trustee or examiner has been sought or appointed in these cases.  Notice of this Application has been given to counsel to Winn-Dixie, the United States Trustee, and all other parties that have requested receipt of notices in these cases.  In light of the nature of the relief requested herein, the Creditors' Committee requests that such notice be deemed adequate and sufficient.

## No Prior Request

12.    No previous request for the relief sought herein has been made to this or any other Court.

## Waiver of Memorandum of Law

13.    Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Creditors' Committee respectfully requests that the Court waive the requirement for a memorandum of law in support of this Application, but the Creditors' Committee reserves the right to file a brief in reply to any objection to this Application.

WHEREFORE, the Creditors' Committee respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) authorizing the Creditors' Committee to retain Milbank effective as of March 1, 2005 and (b) granting such further relief as is just and proper.

Dated: March 23, 2005

        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>

        R2 Investments, LDC, Chair of the Creditors' Committee

        By: Amalgamated Gadget, L.P., as its Investment Manager

        By: Scepter Holdings, Inc., its General Partner

        By:  /s/ Dave Gillespie  
            Name: Dave Gillespie  
            Title: Chief Financial Officer