```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
In re:                              : Chapter 11
                                    :
WINN-DIXIE STORES, INC., et al.,    : Case No. 05-11063 (RDD)
                                    :
                          Debtors.  : (Jointly Administered)
-----------------------------------x
```

**AFFIDAVIT OF DENNIS F. DUNNE IN SUPPORT OF APPLICATION
OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER,
UNDER 11 U.S.C. § 1103 AND FED. R. BANKR. P. 2014 AND 5002,
AUTHORIZING RETENTION AND EMPLOYMENT OF
MILBANK, TWEED, HADLEY & M$^C$CLOY LLP**

```
STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NEW YORK     )
```

DENNIS F. DUNNE, being duly sworn, says:

1. I am a member of the firm of Milbank, Tweed, Hadley & M$^c$Cloy LLP ("Milbank") in its Financial Restructuring Group. I am duly authorized to make this Affidavit on behalf of Milbank.

2. I submit this Affidavit pursuant to 11 U.S.C. § 1103(b) and Federal Rules of Bankruptcy Procedure 2014 and 5002, in support of the Application of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors"), for an Order, under 11 U.S.C. § 1103 and Federal Rules of Bankruptcy Procedure

2014 and 5002, authorizing the employment and retention of Milbank as counsel to the Committee (the "Application").

3.   Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.[1]  Unless otherwise defined, capitalized terms and phrases not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

**BACKGROUND**

4.   On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.   On March 1, 2005, the United States Trustee appointed the Creditors' Committee and designated the following seven members to serve:  (i) Capital Research & Management Company; (ii) Deutsche Bank Trust Company Americas; (iii) Kraft Foods Global, Inc.; (iv) New Plan Excel Realty Trust, Inc.; (v) OCM Opportunities Fund V, L.P; (vi) Pepsico & Subsidiaries; and

---

[1]   Certain of the disclosures set forth herein relate to matters within the knowledge of other attorneys at Milbank and are based on information provided by them.

(vii) R2 Investments, LDC.  At the organizational meeting, the Creditors' Committee duly selected Milbank as counsel to represent it during the pendency of Winn-Dixie's chapter 11 cases.

### Qualifications of Milbank

6.     Milbank is an international law firm with its principal office located at One Chase Manhattan Plaza, New York, New York 10005, and with branch offices in Washington, D.C., Los Angeles, Palo Alto, London, Tokyo, Singapore, and Hong Kong. Milbank possesses extensive knowledge and expertise in the areas of law relevant to this case, and Milbank is well qualified to represent the Committee.  Milbank has significant experience in representing creditors' committees in large chapter 11 cases and financial restructurings.  For example, Milbank has represented official creditors' committees in the chapter 11 cases of In re RCN Corporation, In re Enron Corporation, et al.; In re Fleming Companies, Inc., In re Pacific Gas & Electric Co., et al.; In re Safety-Kleen Corporation, et al.; In re NPF XII, Inc., et al.; In re ICO Global Communications Services, Inc., et al.; In re Maxxim Medical Group, Inc., et al.; In re Semi-Tech Corporation et al.; In re Hvide Marine Inc., et al.; In re ATC Group Services, Inc.; In re Brazos Sportswear, Inc.; In re Johns-Manville; In re Columbia Gas Corporation; In re Baldwin Builders; and In re Megafoods, Inc., among others.

3

**Services to be Rendered**

7. The Committee has requested that Milbank render the following services, among others, in connection with this chapter 11 case:

    (a) advise the Committee with respect to its rights, powers and duties in these cases;

    (b) assist and advise the Committee in its consultations with the Debtors regarding the administration of these cases;

    (c) assist the Committee in analyzing the claims of the Debtors' creditors and in negotiating with such creditors;

    (d) assist with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and of the operation of their business;

    (e) assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the terms of a reorganization plan or plans for the Debtors;

    (f) assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these cases;

    (g) represent the Committee at all hearings and other proceedings;

    (h) review and analyze all applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety;

    (i) assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

    (j) perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

8. Subject to this Court's approval of the Application, Milbank is willing to serve as the Committee's counsel and to perform the services described above.

**Milbank's Connections with Parties in Interest**

9. Except as otherwise set forth herein, the partners, counsel and associates of Milbank (i) do not have any connection with the Debtors, the Debtors' creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of New York, or any person employed in the office of the United States Trustee for the Southern District of New York, and (ii) pursuant to 11 U.S.C. § 1103(b), do not represent any other entity having an adverse interest in connection with these cases.

10. In connection with its proposed retention by the Committee in these cases, Milbank searched its client database for the last two years to determine whether it had, within such period of time, any relationships with the following entities:

    (a) the Debtors and their non-Debtor affiliates;

    (b) the 50 largest unsecured trade creditors of the Debtors on a consolidated basis;

    (c) current and former officers and directors of the Debtors;

    (d) the Debtor's publicly disclosed equity holders;

      (e)    senior secured lenders and mortgage holders of the Debtors;

      (f)    the known holders of the 8.875% Senior Notes due 2008 issued by Winn-Dixie Stores, Inc. (the "Senior Notes"), the funds, administrators and indenture trustee related thereto;

      (g)    the Debtors' insurers; and

      (h)    other actual or potential parties in interest in these cases.[2]

11.    To the extent that such searches indicated that Milbank has a relationship with any such entity, the identities of such entities, and Milbank's relationships therewith, are set forth in Exhibit A annexed hereto and incorporated herein.

12.    As indicated on Exhibit A, Milbank currently represents Wachovia Bank, N.A., the administrative and collateral agent under the Debtors' prepetition credit agreement, as well as the agent under the Debtors' DIP credit agreement, on matters unrelated to these cases. Milbank has duly obtained a waiver from Wachovia to allow it to represent the Committee in these cases. In the event of an adversary proceeding against Wachovia, the Committee will seek to retain different counsel to represent it.

---

[2]    To conduct these searches, Milbank has utilized the list of names attached as Attachment I to the retention applications of each of the Debtors' co-counsel ("Attachment I").

6

13. Of all the former and current Milbank clients listed on Exhibit A, only one, Deutsche Bank, accounted for more than 1% of Milbank's aggregate revenues for 2004.

14. As to the remainder of the individuals and entities set forth in Attachment I, Milbank has not represented any of them or any of their affiliates within the past two years.

15. In addition, I have requested a conflicts search to be conducted with respect to all members of the Committee. To the extent that such searches indicated that Milbank has a relationship with any such entity, the identities of such entities, and Milbank's relationships therewith, are set forth in Exhibit A.

16. For a few days before and after the Petition Date, Milbank served as counsel to the *Ad Hoc* Committee (the "*Ad Hoc Committee*") of certain holders of the Senior Notes in contemplation of the commencement of these chapter 11 cases. Milbank no longer represents the *Ad Hoc* Committee. Milbank has not received any compensation from any source, including the Debtors, for its services as counsel to the *Ad Hoc* Committee.

17. Milbank is not aware of the identity of all current holders of the Notes. Accordingly, it is possible that certain of such holders, or their investment advisors, are

7

current or former clients of Milbank's on matters unrelated to these cases.

18. In addition, certain of the parties in interest in these cases are or were members of *ad hoc* or official creditors' committees represented by Milbank in matters unrelated to these cases. However, no attorney-client relationship exists or existed between Milbank and such parties in interest unless specifically noted.

19. Finally, several months ago, Milbank represented a certain current client in respect of such client's execution of a confidentiality agreement with the Debtors in connection with a potential transaction that never materialized.

20. From time to time, Milbank works with certain professional firms that have been retained by the Debtors or other parties in these cases and that may be rendering advice to other parties in interest in these cases.

21. The Debtors have numerous relationships and creditors. Consequently, although every reasonable effort has been made to discover and eliminate the possibility of any conflict, including the efforts outlined above, Milbank is unable to state with certainty whether any more of its clients or such clients' affiliated entities hold claims or otherwise are parties in interest in these chapter 11 cases. If Milbank discovers any information that is contrary to or pertinent to

the statements made herein, Milbank will promptly disclose such information to the Court on notice to creditors and the United States Trustee.

**Professional Compensation**

22.  As of the date of this Affidavit, Milbank has received no compensation for its work on behalf of the Committee.

23.  Subject to the Court's approval, Milbank will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered.[3]  These rates may change from time to time in accordance with Milbank's established billing practices and procedures.  Milbank will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

---

[3]  The hourly rates charged by Milbank professionals differ based on, among other things, such professional's level of experience.  The current hourly rates charged by Milbank are:

| | |
|---|---|
| Partners | $550 to $790 |
| Of Counsel | $515 to $710 |
| Senior Attorneys | $505 to $510 |
| Associates | $225 to $505 |
| Legal Assistants | $145 to $285 |

9

24. The hourly rates set forth herein are the firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate Milbank fairly for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is the firm's policy to charge its clients for all disbursements and expenses incurred in the rendition of services. These disbursements and expenses include, among other things, costs for telephone and facsimile charges, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

25. Milbank intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any guidelines promulgated by the United States Trustee for this District, and the local rules and orders of this Court, and pursuant to any additional procedures that may be established by the Court in these cases.

26. Other than as set forth above, there is no proposed arrangement between the Committee and Milbank for compensation to be paid in these cases. Milbank has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

27. The proposed employment of Milbank is not prohibited by or improper under Rule 5002 of the Bankruptcy Rules.  I am not related, and to the best of my knowledge, no attorney at the firm is related, to any United States Bankruptcy Judge or District Court Judge for the Southern District of New York or to the United States Trustee for such district or any employee in the office thereof.

28. Milbank is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein.  Milbank will file supplemental affidavits regarding this retention if any additional relevant information comes to its attention.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2005

                                                /s/ Dennis F. Dunne
                                                  DENNIS F. DUNNE