SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D.J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                                                      :
                                                                                                :    **Chapter 11**
                                                                                                :
**WINN-DIXIE STORES, INC., et al.,**                      :    **Case No. 05-11063**
                                                                                                :
                                       Debtors.                                  :    **(Jointly Administered)**
----------------------------------------------------------------x

**MOTION FOR AUTHORITY TO PAY**
**PREPETITION AUTOMOBILE LIABILITY CLAIMS**

Winn-Dixie Stores, Inc. and its debtor affiliates,[1] as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent:

**Background**

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of title 11 of the United States Code,

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  Their cases are being jointly administered by order of this Court.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Relief Requested**

5. By this Motion, the Debtors request entry of an order, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, granting them authority to pay certain prepetition automobile liability claims.

**Basis for Relief**

6.      This Court has the authority to grant the relief requested herein pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Moreover, section 105(a) of the Bankruptcy Code allows the Court to authorize payments on account of certain pre-petition claims when necessary.  Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

7.      On February 22, 2005, the Debtors filed their Motion for Authority to Continue Pre-Petition Insurance and Workers' Compensation Programs and to Pay Pre-Petition Premiums, Related Obligations, and Premium Financing Payments (the "Insurance Motion").  On February 23, 2005, the Court entered an order approving the Insurance Motion on an interim basis and granting the Debtors authority to continue making insurance premium and premium financing payments and to pay certain prepetition workers' compensation claims.  On March 15, 2005 the Court entered an order approving the Insurance Motion on a final basis.

8.      As set forth in the Insurance Motion, the Debtors maintain various insurance policies and self-insurance programs relating to automobile and other liability.  The Debtors self-insure for automobile liability in Alabama, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, North Carolina, South Carolina, Tennessee and Virginia.

9. In connection with their automobile liability self-insurance, the Debtors have posted bonds with the states of Georgia and Kentucky. In addition, the Debtors maintain a high-retention automobile insurance policy which has ACE American Insurance Company (the "ACE Policy"), as a primary layer of vehicle insurance with an annual premium of approximately $467,000. The ACE Policy provides a $1.5 million limit of coverage only after the Debtors have exhausted a $2 million per incident self-insured retention.

10. As of the Petition Date, there were pending claims against the Debtors based on automobile-related incidents. Each state in which the Debtors maintain self-insurance programs requires the Debtors to meet certain criteria to be permitted to operate vehicles on a self-insured basis. If the Debtors do not pay these pending claims through their self-insured programs or otherwise, the state where the claim arose may attempt to revoke the Debtors' self-insured authority. The Debtors could be required under state law to obtain additional and costly automobile liability insurance. And where applicable state law mandates this coverage, bankruptcy law would likewise require it. See 28 U.S.C. § 959(b) (requiring debtors to comply with valid state laws). In addition, in those states in which the Debtors have posted bonds securing their obligations, the Debtors would be subjected to additional costs associated with those bonds.

11. If the Debtors lost their authority to operate their self-insurance programs and had not yet obtained the required automobile liability insurance, they could be precluded from operating their fleet of trucks and other automobiles for some period of time until such required automobile liability insurance could be obtained. Any

interruption in the Debtors' ability to operate their vehicles would have a devastating effect on the Debtors' business and their prospects for a successful reorganization.

12.     Through consultation with their insurance broker, the Debtors have determined that without the self-insured programs in place, the procurement of automobile insurance with a $250,000 deductible and a limit of $1,750,000 would cost the Debtors approximately $2,269,000 for one year. This amount is in addition to the $467,000 premium for the ACE Policy. The Debtors would also incur approximately $35,000 in additional costs associated with letters of credit that they would be required to post in connection with a new insurance policy.

13.     The Debtors estimate that there are approximately $1,355,000 worth of valid pre-petition claims, which claims the Debtors will be able to pay as and when they are liquidated if the Court grants the relief sought in this Motion. If these claims are not paid, they will give rise to general unsecured claims against the Debtors' estates. The Debtors further estimate that if the relief sought in this Motion is denied and the Debtors are forced to obtain automobile liability insurance, the new insurer will absorb approximately $294,000 worth of post-petition claims that the Debtors otherwise would have paid under their self-insured programs. The $1,355,000 in pre-petition claims and the $294,000 in postpetition claims that the Debtors might not have to pay absent the relief they seek here do not come close to the additional costs that the Debtors would incur if they lost their authority to maintain their self-insurance programs. In addition, because the Debtors will ultimately need to pay distributions on prepetition automobile liability claims, their ultimate savings if the Motion is not granted will be even lower.

14. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors seek authorization to continue to pay prepetition automobile liability claims in the manner they did before the Petition Date. In addition, the Debtors seek authorization to pay other prepetition amounts as necessary to maintain the self-insurance automobile liability programs. It is essential to the continued operation of the Debtors' businesses and their efforts to reorganize that the self-insurance programs be maintained on an ongoing basis.

15. Under the "necessity of payment" doctrine, a bankruptcy court can exercise its equitable powers to permit the payment of pre-petition claims of those parties whose goods or services are critical to reorganization of the debtors' operations. See, e.g., In re Lehigh & New England Ry. Co., 657 F.2d 570, 581 (3d Cir. 1981) ("[I]f payment of a claim which arose prior to reorganization is essential to the continued operation of the railroad during reorganization, payment may be authorized even if it is made out of corpus."); In re Boston & Maine Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtors' continued operation); In re Columbia Gas Sys., Inc., 171 B.R. 189, 192 (Bankr. D. Del. 1994) (necessity of payment doctrine is applicable where "payment is essential to the continued operation of the business"); In re Ionosphere Clubs, Inc., 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989) (stating that the rationale of the necessity of payment rule corresponds with the paramount goal of Chapter 11: debtor reorganization) (referring to Dudley v. Mealey, 147 F.2d 268, 271 (2d Cir. 1945)); In re Structurelite Plastics Corp., 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) (agreeing in "principle that a bankruptcy court may exercise its

equity powers under section 105(a) to authorize payment of pre-petition claims where such payment is necessary to 'permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately'") (citation omitted).  Payment of the prepetition automobile liability claims is necessary to avoid the requirement of additional costly insurance, and it is critical to the Debtors' successful reorganization.

16. Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## Notice

17. Notice of this Motion has been provided to:  (a) counsel to the U.S. Trustee; (b) counsel for the Debtors' postpetition secured lenders; (c) counsel for the Creditors' Committee; and (d)  the other parties in interest named on the Master Service List maintained in these cases.  The Debtors submit that no other or further notice need be given.

## Waiver of Memorandum of Law

18. Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, based upon the foregoing the Debtors respectfully request that this Court enter an order:

(a)  authorizing the Debtors to pay pre-petition automobile liability claims and other pre-petition claims that are necessary to maintain their self-insured automobile liability programs; and

(b)  granting the Debtors such other and further relief as is just and proper.

Dated: March 23, 2005
New York, New York

     /s/   D.J. Baker
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
Steven B. Eichel
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, NY  10036-6522
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
Wilmington, DE  19801
Telephone:  (302) 651-3000
Facsimile:  (302) 651-3001

Attorneys for Debtors