IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

FILED
THIS DAY
AUG 3 1 2004
LEE WESTBROOK
CIRCUIT CLERK

LATISHA SANDERS, AS GUARDIAN AND
NEXT FRIEND OF JANIYA BURSE                              PLAINTIFF

VS.                                         CIVIL ACTION NO. 2004-297-JC

WINN-DIXIE SUPERMARKETS, INC.,                           DEFENDANTS
STEVE POST AND JOHN-DOES 1-5

## COMPLAINT

Plaintiff, Latisha Sanders as Guardian and Next Friend of Janiya Burse, by and through undersigned counsel of record, files this Complaint against Winn-Dixie Supermarket, Inc., Steve Post and John Does 1-5 and would state unto the Court the following:

### Parties

1. Plaintiff, Latisha Sanders as Guardian and Next Friend of Janiya Burse, is a resident of Madison County, Mississippi whose address is 2021 Highway 43 North Apartment 303, Canton, MS 39046.

2. Defendant, Winn-Dixie Supermarket, Inc. (hereinafter Winn-Dixie) is a foreign corporation organized and existing under the laws of Florida, and authorized to do business in Mississippi with its principal place of business at 5050 Edgewood Court, Jacksonville, FL 32205-3601. Defendant, Winn-Dixie may be served through its registered agent, C T Corporation System located at 118 North Congress Street, Jackson, MS 39205.

3. Defendant, Steve Post, is an adult resident of Madison County, Mississippi who resides in Canton, Mississippi 39046.

EXHIBIT
A

4.  Defendant, John Does 1-5 are other individuals, corporations or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident involving Janiya Burse and in whom Plaintiffs may seek recovery of damages.

## JURSIDICTION AND VENUE

5.  This court has original jurisdiction over the parties and the subject matter of this action. Venue is proper in the Circuit Court of Madison County, Mississippi since all or part of the acts and/or omissions of the Defendants occurred in this jurisdiction.

## FACTS

6.  Plaintiff incorporates and restates by reference herein all the allegations set forth in Paragraphs 1-5.

7.  On September 13, 2003, at approximately 7:00 p.m., Latisha Sanders and her daughter, Janiya Burse, were purchasing products from Winn-Dixie.

8.  Mrs. Sanders and her two-year old daughter were checking out when Janiya's hand was pulled through the conveyor belt.

9.  Amanda Carson, the cashier, had to forcibly pull Janiya's hand out of the conveyor belt opening.

10. There was no metal guard in place, which would have concealed the opening and prevented this incident from occurring.

11. As a result, Janiya was taken to Madison County Medical Center, where she was diagnosed with burns and contusions to her hand.

12. Janiya Burse has continued to seek treatment for these injuries, and she is currently under the care of her pediatrician.

## CLAIMS

### COUNT 1: NEGLIGENCE

13. Plaintiff incorporates and restates by reference herein all the allegations set forth in Paragraphs 1-12.

14. Defendant Winn-Dixie, as the owner and operator of a business premise, owes a duty to an invitee to exercise reasonable care to protect its invitees from reasonably foreseeable injuries.

15. Defendant Steve Post, as the manager on duty of the Winn-Dixie on the date of the incident, owed a duty to his patrons to exercise reasonable care to protect all customers from reasonably foreseeable injuries.

16. Defendant Steve Post breached his duty of reasonable care by failing to equip the conveyor belt with a metal safety guard to prevent unreasonably dangerous conditions on its premises.

17. Defendant Winn-Dixie is vicariously liable to Plaintiff as the employer of Defendant Steve Post, as he was the manager on duty in the course and scope of his employment when the incident occurred.

18. Defendants are liable to Plaintiff for failing to provide adequate safety guards for its equipment which was the cause of Janiya Burse's burns, contusions and other serious injuries to her hand.

19. As a direct and proximate result of the negligence of Defendants, Winn-Dixie and Steve Post, Janiya Burse suffered serious injury and damages including conscious pain and suffering and medical expenses.

## COUNT II: GROSS NEGLIGENCE

20. Plaintiff incorporates and restates by reference herein all the allegations set forth in Paragraphs 1-19.

21. Defendant, Winn-Dixie, as the owner and operator of a business premises, has a duty to warn its patrons of any dangerous conditions existing on it premises.

22. At all times mentioned herein, Defendant Steve Post, was aware that the conveyor belt did not have proper safety equipment and was unreasonably dangerous, but failed to warn customers of those known dangers.

23. Defendants, on the occasion of the occurrence herein, acted in a reckless and/or willful and wanton manner, in gross disregard for the rights and safety of Plaintiff and this gross misconduct constituted a reckless indifference to the consequences of said acts so as to give rise to punitive damages.

24. As a direct and proximate cause of Defendants' gross negligence as set forth above, Janiya Burse suffered serious injuries and damages.

## COUNT III: RES IPSA LOQUITUR

25. Plaintiff incorporates and restates by reference herein all allegations set forth in paragraphs 1-24.

26. At all pertinent times, Defendants were in sole and complete control of the conveyor belt involved in the incident which was the instrumentality causing the resulting serious damages to Janiya Burse.

27. Defendants intentionally failed to exercise the power necessary to avert the resulting incident by failing to properly equip its conveyor belt with a safety guard.

28. Defendants were presented with an available opportunity to prevent the unreasonably dangerous condition of its equipment. Defendants, however, chose not to exercise such control and thereby caused the resulting injuries to Janiya Burse.

29. Defendants' conduct was willful, wanton, grossly negligent, insensitive and exhibited reckless disregard for the rights of Janiya Burse as to justify punitive damages.

WHEREFORE, PREMISES CONSIDERED, Latisha Sanders as Guardian and Next friend of Janiya Burse demands judgment against the Defendants for compensatory damages, punitive damages and any other damages allowed by law and that this Honorable Court deems appropriate.

Respectfully Submitted this 31 day of August, 2004.

SWEET & FREESE, PLLC

Dennis C. Sweet, III
Omar L. Nelson
Attorney for Plaintiffs

Of Counsel:
Dennis C. Sweet, III, MSB 8105
Omar L. Nelson, MSB 100105
SWEET & FREESE, PLLC
200 South Lamar St. Ste. 410
North Tower
Jackson, MS 39207
601.965.8700 Telephone
601.965.8719 Fax