SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D.J. Baker (DB 0085)

Attorneys for the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------x

**APPLICATION FOR AUTHORITY TO RETAIN**
**BAIN & COMPANY, INC. TO PROVIDE FINANCE GROUP SUPPORT SERVICES**

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and

debtors-in-possession (collectively, the "Debtors"), respectfully represent:

**Background**

1.       On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101 1330 as amended (the "Bankruptcy Code"). Their cases are being jointly

administered by order of this Court.

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these
related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep
South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc.,
Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores,
Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food
Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie

2.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested herein is section 327 of the Bankruptcy Code of the Bankruptcy Code, and such relief is subject to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Relief Requested**

6.      By this Application, the Debtors request entry of an order pursuant to

Section 327(a) of the Bankruptcy Code approving the continuing employment of Bain &

Company, Inc. ("Bain"), <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date, to provide finance group support

services to the Debtors on the terms set forth herein and in the letter agreement between the

Debtors and Bain (the "Agreement"), dated February 18, 2005 and attached to this Application as

<u>Exhibit A</u>.[2]

**Basis for Relief**

7.      For more than a year, Bain has been providing ordinary course support

services to the Debtors' internal finance group, including company footprint planning and

analysis, general and administrative optimization, and inventory management.  Pursuant to

Section 327(a) of the Bankruptcy Code, the Debtors request that the Court approve the continued

retention of Bain to provide such services.

8.      The Debtors request that the continued retention of Bain be on the terms

and conditions set forth herein and detailed in the Agreement.  Bain and its professionals staffing

this project, as business and strategic consultants, have extensive experience in providing the

---

[2]      As a result of preliminary discussions with the U.S. Trustee, the Debtors did not
believe it was necessary to consider Bain a professional for purposes of retention in bankruptcy.
The Debtors continued to obtain services from Bain during the postpetition period and have paid
Bain for invoiced postpetition fees and expenses.  After additional discussions with the U.S.
Trustee, however, the U.S. Trustee indicated that the nature of services rendered by Bain would
require that the Debtors treat Bain as a professional.  The Debtors believe that the services
obtained from Bain are ordinary course of business services rather than chapter 11 services, and
would be subject to the Order Authorizing Debtors to Retain and Compensate Professionals
Used in the Ordinary Course of Business (the "OCP Order") dated March 4, 2005, but for the
amount of the fees and expenses to be paid to Bain, which exceed the monthly and case caps in
the OCP Order.  Therefore, the Debtors are filing this Application to retain Bain pursuant to
section 327(a) of the Bankruptcy Code.

types of services required by the Debtors' finance group not only in the out-of-court context in which they served the Debtors prior to the Petition Date but also inside reorganization proceedings. They have an excellent reputation for the services they have rendered in all engagements, including when they have been involved in chapter 11 cases on behalf of debtors and creditors.

9.    The Debtors desire to continue the retention of Bain to provide finance group support services because of Bain's extensive knowledge of the Debtors' businesses, its general experience and knowledge, and its recognized expertise in the field of strategic, organizational, operational, and technological consulting. The Debtors believe that Bain is both well qualified and uniquely able to provide the required services in the most efficient and timely manner.

10.    Bain has worked on hundreds of projects across various industries and geographical locations to help companies develop competitive strategies and to improve their top and bottom line performance through better operations. In addition Bain has been retained as consultants in other large chapter 11 cases, such as In re UAL Corporation, Case No. 02-48191 (Bankr. E.D. Ill. 2002); In re Fleming Companies, Inc., Case No. 03-10945 (Bankr. D. Del. 2003); and In re Avianca, Inc., Case No. 03-11679 (Bankr. S.D.N.Y. 2003).

11.    The continued employment of Bain is appropriate and necessary to support the Debtors and their restructuring professionals with finance and planning projects that that will enable the Debtors to successfully reorganize their operations and emerge from these chapter 11 cases as a profitable enterprise. Subject to further order of this Court, it is proposed that Bain be employed for the following purposes:

(a)    Company Footprint Planning and Analysis – Analysis of market potential, capital needs, operating economics, and competitive issues;

(b)     General and Administrative Optimization – Analysis related to the right sized general and administrative level; staffing and organization recommendations; and

(c)     Inventory Management and Merchandising – Support services to ensure tracking of inventory initiatives and implementation and, as needed, projects to support merchandising efforts.

12.     Consistent with the Agreement, it is proposed that Bain be compensated for its services by a monthly fee of $500,000, which monthly fee may be adjusted by mutual agreement of the Debtors and Bain to reflect any changes in the services provided by Bain.  In addition, it is proposed that Bain charge the Debtors 15% of professional fees for out-of-pocket expenses which will be reconciled against actual expenses such that Bain will only be compensated for actual expenses incurred in providing services to the Debtors.  To the extent Bain's actual expenses are less than 15% of professional fees, Bain will reimburse the Debtors for any excess amounts.  To the extent Bain's actual expenses are greater than 15% of professional fees, Bain will seek reimbursement from the Debtors for such extra amounts.  As additional expenses, it is proposed that Bain be allowed reimbursement for its outside counsel's fees and expenses incurred in these cases up to an aggregate cap of $100,000, subject to increases as mutually agreed by the Debtors and Bain and as approved by the Court.

13.     Bain will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and the orders of this Court.  Notwithstanding the foregoing, however, for purposes of and in support of any interim or final fee applications, Bain proposes to submit an invoice containing, in summary format, the name of each professional and the aggregate amount of time spent during

the applicable month by each such individual in rendering services on behalf of the Debtors.[3]  In

addition, Bain proposes to submit an invoice with each fee application itemizing the type and

amount of expenses incurred during that month.  Finally, Bain proposes to submit, with each fee

application, detailed records for the fees and expenses incurred by its outside counsel for which

Bain seeks reimbursement.

   14. The Debtors submit that allowing Bain to file fee applications of the form

described above is reasonable.  Bain does not, in the normal course, bill its clients in hourly or

daily increments.  Instead, its general practice is to bill clients a flat monthly fee, which may be

inclusive of expenses or be in addition to expenses.  Bain also does not, in the normal course of

its billing practices, itemize hours spent and expenses incurred on behalf of its clients.  Indeed, as

part of the Agreement, Bain has agreed to accept a monthly flat fee of $500,000 and to charge

the Debtors 15% of professional fees for out-of-pocket expenses, which will be reconciled to

actual expenses, in addition to reimbursement of outside counsel's fees and expenses.

   15. Moreover, the services provided by Bain are in the nature of ordinary

course professional services and would, thus, normally be subject to the requirements of the

Order Authorizing Debtors to Retain and Compensate Professionals Used in the Ordinary Course

of Business (the "OCP Order") dated March 4, 2005.  The OCP Order does not require ordinary

course professionals to maintain detailed time records in increments of tenths of an hour but,

rather, allows the Debtors to pay for ordinary course professional services upon receipt of a

reasonably detailed invoice "indicating the nature of the services rendered and calculated in

accordance with [the] professional's standard billing practices."  Order Authorizing Debtors to

---

   [3] Given that Bain is being retained under a flat-fee arrangement, Bain has advised
the Debtors that its fee invoices will not contain any time entries or descriptions (in tenths,
quarterly, hourly or daily increments), which is consistent with Bain's ordinary course practice.

Retain and Compensate Professionals Used in the Ordinary Course of Business, Case No. 05-11063 (RDD) (Dkt. 264), at 4 (Bankr. S.D.N.Y. March 4, 2005) (emphasis added).

16.    Bain has stated its desire and willingness to continue to provide services to the Debtors during the course of these cases on the terms described herein.

17.    To the best of the Debtors' knowledge, based on the information at hand and subject to Bain's continuing review: (a) Bain neither holds nor represents any interest adverse to the Debtors' estates; (b) Bain is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code; and (c) Bain has had no affiliation with the Debtors, their creditors or any party in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as specifically disclosed more fully in the Declaration of Pratap C. Mukharji and Disclosure of Compensation (the "Mukharji Declaration"), attached hereto as Exhibit B.

18.    Prior to the Petition Date, Bain received certain amounts (as set forth in the Mukharji Declaration) from the Debtors as compensation for professional services performed, and additional amounts (as set forth in the Mukharji Declaration) for the reimbursement of reasonable and necessary expenses incurred in connection therewith.  Such amounts include a retainer in the amount of $500,000, which continues to be held by Bain as a "last bill" retainer subject to the future direction and orders of the Court.  No prepetition amounts were owed to Bain as of the filing date.

### Notice

19.    Notice of this Application has been provided to (a) counsel to the U.S. Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d)  the other parties in interest named on the Master Service List maintained in

7

these cases, and (e) counsel to Bain.  The Debtors submit that no other or further notice need be given.

**Waiver of Memorandum of Law**

20.    Pursuant to Rule 9013-1(b) of the Local Rules, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

WHEREFORE, the Debtors respectfully request that this Court enter an order (a) approving the continued employment of Bain, nunc pro tunc to the Petition Date, to provide finance group support services to the Debtors under the terms and conditions set forth herein and in the Agreement and (b) granting such other and further relief as is just and proper.

Dated:  March 23, 2005
        New York, New York

/s/      D. J. Baker
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
David M. Turetsky
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
Telephone:  (212) 735-3000
Facsimile:      (917) 777-2150

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
One Rodney Square
Wilmington, Delaware 19801
Telephone:  (302) 651-3000
Facsimile:   (302) 651-3001

Attorneys for Debtors

## Exhibit A

## Agreement

**BAIN & COMPANY**

**BAIN & COMPANY, INC.**
The Monarch Tower, Suite 1200
3424 Peachtree Road, NE          tel: 404 869 2727
Atlanta, Georgia  30326          fax: 404 869 2222

February 18, 2005

Winn-Dixie Corporation
5050 Edgewood Court
Jacksonville, Florida 32254
Attention: Larry Appel and Bennett Nussbaum

Dear Bennett and Larry :

This letter agreement summarizes our working arrangements to support Winn-Dixie Corporation post February 21, 2005. This proposal and the work described will be governed by the terms and conditions set forth below and in the Standard Engagement Terms attached as Annex A.

This memo is organized along the two primary areas of work where you have asked for support.

- Footprint and G&A work

- Inventory management and merchandising support

**Footprint and G&A work**

Footprint

We will be working to analyze market potential, capital needs, operating economics and competitive issues.

G&A Optimization

We will support your G&A Optimization to establish a right sized G&A level (both in corporate and the field) to optimally support a smaller store footprint. It will focus on both reducing G&A where appropriate and necessary, and adding G&A where necessary. The scope will encompass all traditional corporate staff functions (HR, IT, Finance, Real Estate, other) and also staff that resides in divisional overhead offices.

We will also need significant support from the various functional areas (approx. 2 FTEs) to assist in data collection and verification.

## Inventory management and merchandising

In the immediate term, through early March 2005, we will provide some (limited) support to ensure that tracking of inventory initiatives in implementation continues so we do not lose momentum.   Subsequently, we will discuss with you additional projects to support your merchandising efforts.

## Summary of Bain Fees

Our fees are set at $500,000/month.  Should you determine to reduce the scope of our engagement or the activities performed by Bain, an equitable adjustment to our fees will be agreed upon by both parties.  We will also charge you 15% of professional fees for out-of-pocket expenses which we will reconcile to actuals. Given the present circumstances, we will also ask you for an amount equal to the first month's fees of $500,000 to be paid as a retainer which will be netted against the final invoice(s) from Bain.  Lastly, you shall reimburse Bain for fees and expenses of Bain's outside counsel in connection with any matters related to our retention by or services for you, up to an aggregate cap of $100,000, subject to increases, as mutually agreed by both parties.

As has been our practice, we will invoice you monthly.  We will not reduce or increase any Bain staffing (and fees) without first explicitly advising you, as we anticipate that resources may be allocated and reallocated according to highest and best use principles.

Very truly yours,

**BAIN & COMPANY, INC.**

By_____
Name:  Pratap Mukharji
Title: Director


Accepted and agreed to:

**WINN-DIXIE CORPORATION**

By_____
Name:  Bennett Nussbaum
Title:  SVP, Chief Financial Officer

**ANNEX A**

**STANDARD ENGAGEMENT TERMS**

**1)  Roles**

    a)  <u>Client Support</u>.  Your support and cooperation is in the best interests of both you and Bain to ensure an efficient and effective assignment result.  Bain's ability to provide the services set out in the Proposal requires your full support and cooperation, including your support and cooperation in gaining access to key people and information.

    b)  <u>Timetable</u>.  Bain will use its reasonable efforts to achieve the deadlines, if any, set forth in any timetable and or dates for delivery by Bain contained in the proposal (the "Proposal") attached as Annex A to the letter agreement (the "Agreement") to which this Annex B is also attached.

**2)  Proprietary Information**

    a)  <u>Your Confidential Information</u>.  We recognize that in the course of performing services pursuant to the Agreement, we will have access to certain of your Confidential Information (as defined below), and we agree that, without your written consent, we will not disclose any such Confidential Information, unless disclosure is required by law or the lawful order of a court agency.  We will also:

        i)  advise our employees and agents with access to the Confidential Information of its confidentiality;

        ii)  use the Confidential Information only for the purposes for which it was provided;

        iii)  at your request, promptly deliver to you all copies of written Confidential Information furnished to us by you in our possession and, at your request, destroy all copies of  any analyses, compilations, studies or other documents prepared by us and in our possession  which reflect Confidential Information, provided that we may retain for archival purposes a copy of any report and/or presentation and any supporting documents which we develop for you and may retain a copy of such report and/or presentation and any supporting documents and use it for internal training and sales development in a disguised form sufficient to protect your identity.

    b)  <u>Confidential Information.</u>  "Confidential Information" means any and all tangible and intangible information provided by you or your representatives to Bain relating to your management, operations, finances, and products or services, other than information which may be known to Bain or any of its employees or agents prior to disclosure to Bain by you and other than information which may at any time become available to the general public without fault of Bain or which may at any time become lawfully available to Bain or any of its employees or agent from any third party.   Bain's obligations under this Section 2 shall survive for the five-year period following termination of its engagement under the Agreement.

    c)  <u>Developed Information</u>.  You shall own all materials prepared specifically for delivery to you by Bain in connection with the performance of services under the Agreement.

    d)  <u>Use of Your Name</u>.  Bain will not use your name in any of its advertising or sales promotion material or activities without your prior approval.

    e)  <u>Bain's Proprietary Information</u>

Bain does not convey nor will you obtain any right, title, or interest in methodology, procedures, programs, systems,

inventions, or data bases used, provided or developed by Bain, or obtained by you from Bain, in the performance of Bain's services, all of which are and will at all times remain the property of Bain (or Bain's licensor).  You shall have the right to use any such materials for your own internal purposes only.  You shall not disclose such methodology, procedures, programs, systems, inventions, or databases to any third parties without the prior written consent of Bain.

f)    Use of Bain Name

    i)    You agree that you will not publish or otherwise disclose to any third party any study, report or other material prepared for you by Bain without the prior written consent of Bain.  If such written consent is given, such study, report or other material shall be used in its entirety, unless any proposed summary or abridgment of the report has first been approved in writing by Bain.

    ii)   You agree that, except for internal purposes only, you will not use or publish Bain's name without the prior written consent of Bain in each instance.  Without limiting the foregoing, you agree that, without Bain's prior written consent, you will not use, identify, publish or otherwise reveal Bain's name or the name of any officer or employee of Bain in any presentation material, offering memorandum, prospectus or other external disclosure.

    iii)  If Bain consents to the publication or disclosure of any study, report or other material, or the publication of Bain's name or the name of any officer of employee of Bain, then, at Bain's request, you shall obtain an acknowledgment from the recipient of such study, report or other material or publication that Bain is not making any representation or warranty with respect thereto and a waiver from such recipient in favor of Bain with respect thereto, in each case satisfactory to Bain.

## 3)  Personnel

a)   Independent Contractor.  Bain's relationship to you is that of an independent contractor.  Bain shall have no authority to commit you contractually, or otherwise, to any third party.

b)   Flexibility.  Bain believes that a planned rotation of its personnel is in your best interest, both in terms of quality and cost management.  Bain reserves the right to meet its responsibilities to you through the allocation of appropriate available skilled personnel without a guarantee that specific individuals will be assigned to your project.

c)   Hiring.  You and Bain each agree not to offer employment to any employee of the other who is associated with the assignment during the assignment or for a period of 12 months after its completion.   Any party who breaches the provisions of this paragraph shall immediately pay to the other party a fee equal to the greater of (1) the amount of total remuneration paid by the nondefaulting party to the applicable employee for the 12 month period ended prior to the termination of his employment with such party and (2) the amount of total remuneration to be paid to such employee by the defaulting party as evidenced in the offer letter to such employee.

## 4)  Other Matters

a)   Subpoenas and other Legal Matters.  You agree to reimburse Bain (which for purposes of this clause (a) shall include Bain's affiliates and their respective directors, officers, employees, agents and controlling persons) for all costs and expenses, including without limitation time spent by Bain consultants and legal staff, at Bain's standard consulting rates then in effect, together with out-of-pocket expenses including without limitation attorney's fees and disbursements, incurred by Bain as a result of subpoenas for your information, or other legal process, in matters in which Bain is not a party.  In the event that Bain is requested or required to appear as a witness in any legal action or regulatory investigation or proceeding brought by or on behalf of or against you

where Bain is not named as a defendant, you agree to promptly reimburse Bain for all of its costs and expenses as they are incurred in connection with such event.

b)  Bain will not support the acquisition of a client without the client's explicit permission.

c)  <u>Defined Terms</u>.  Terms defined in the Letter Agreement and not otherwise defined herein are used herein with the meanings so defined.

d)  <u>Termination</u>.  Either party may terminate Bain's engagement under the Agreement at any time. You will pay Bain's fees and expenses through the effective date of termination.

e)  <u>Indemnification</u>.   You agree to indemnify Bain and its affiliates and their respective directors, officers, employees, agents and controlling persons (Bain and each such person being an "Indemnified Party") from and against any and all losses, claims, damages and liabilities, joint or several, to which such Indemnified Party may become subject under any applicable federal or state law, or otherwise, and related to or arising out of Bain's engagement with you or any services provided by Bain to you ("Bain's Engagement") and will reimburse any Indemnified Party for all costs and expenses (including without limitation time spent by Bain consultants and legal staff, at Bain's standard consulting rates then in effect, together with out-of-pocket expenses including without limitation counsel fees and disbursements) as they are incurred in connection with the investigation of, preparation for or defense of any pending or threatened claim or any action or proceeding arising therefrom, whether or not such Indemnified Party is a party and whether or not such claim, action or proceeding is initiated or brought by you or on your behalf; provided, however, if any Indemnified Party is specifically found in a final judgment by a court to not be entitled to indemnification from you for any loss, claim, damages, liability or expense, then that Indemnified Party shall repay to you that portion of such Indemnified Party's expenses that had been reimbursed by you, and that is the express subject of such final judgment.

  i)  You will not be liable under the foregoing indemnification provision to the extent that any loss, claim, damage, liability or expense is specifically found in a final judgment by a court to have resulted from Bain's gross negligence or intentional misconduct.   You also agree that no Indemnified Party shall have any liability (whether direct or indirect, in contract or tort or otherwise) to you related to or arising out of Bain's Engagement except to the extent that any loss, claim, damage or liability is specifically found in a final judgment by a court to have resulted from Bain's gross negligence or intentional misconduct.

f)  <u>Professional Judgment; Limitation of Liability</u>
    Bain's fees and expenses are based on a number of factors, including the provisions in this Agreement in favor of Bain relating to limitations of liability and indemnification.  You acknowledge that performance of Bain's services will involve the expression of professional ideas, judgments and opinions by Bain, and that it is in your interest to have such ideas, judgments and opinions expressed frankly, without concern on the part of Bain that such ideas, judgments and opinions will be deemed representations, warranties or covenants upon which you may claim reliance.  Accordingly, you understand and agree that any ideas, judgments, opinions, projections, analyses or estimates which Bain provides to you in the performance of its services cannot amount to a guarantee, prediction or determination of future events.  You further agree as follows:

  i)  You remain responsible for any reliance on such ideas, judgments, opinions, projections, analyses or estimates; and

  ii)  That Bain shall not be liable to you for any liabilities, losses, damages, costs, or expenses of any kind which you may at any time sustain or incur in connection with or arising out of Bain's Engagement, other than liabilities, losses, damages, costs and expenses resulting from Bain's gross negligence or intentional misconduct.

      iii) In no event will Bain be liable for any lost profits, or other indirect, special, punitive or consequential damages.  In no event will Bain be liable for any amount in excess of the total of fees (excluding reimbursement of expenses) actually paid to Bain in connection with the project with respect to which such liability arises.

      iv) You agree not to maintain any type of action and agree not to assist in maintaining any type of action against Bain or any Indemnified Party unless such action is premised on gross negligence or intentional misconduct on Bain's part.  You agree to indemnify Bain and any Indemnified Party for any losses, damages, liabilities or costs (including without limitation time spent by Bain consultants and legal staff, at Bain's standard consulting rates then in effect, together with out-of-pocket expenses including without limitation any attorney's fees and disbursements) that are incurred by Bain or such Indemnified Party as a result of your breach of any of the provisions of this paragraph

g) <u>No Third Party Beneficiaries</u>. The Agreement is made solely for the benefit of you, Bain and the other Indemnified Parties and their respective successors, permitted assigns, heirs and personal representatives and no other person shall acquire or have any right under or by virtue of the Agreement.

h) <u>Non-Assignment of Duties</u>.  Neither party shall assign its rights or delegate its duties under the Agreement without the prior written consent of the other party.

i) <u>Amendment, Waiver or Modification of Agreement</u>.  No provision of the Agreement shall be amended, modified or waived except by written agreement executed by both parties.  The Agreement contains the entire agreement of the parties as to Bain's services to you with respect to the Project, and supersedes all prior agreements, arrangements and understandings between the parties regarding the Project.

j) <u>Governing Law</u>.  The Agreement shall be governed by and construed under the laws of the State of New York without reference to conflict of law principles.

k) <u>Jury Trial Waiver</u>.  TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW WHICH CANNOT BE WAIVED, EACH OF THE PARTIES HERETO HEREBY WAIVES, AND COVENANTS THAT IT WILL NOT ASSERT (WHETHER AS PLAINTIFF, DEFENDANT OR OTHERWISE) ANY RIGHT TO TRIAL BY JURY IN ANY FORUM IN RESPECT OF ANY ISSUE OR ACTION CLAIM, CAUSE OF ACTION OR SUIT (IN CONTRACT, TORT OR OTHERWISE), INQUIRY, PROCEEDING OR INVESTIGATION ARISING OUT OF OR BASED UPON THE AGREEMENT OR THE SUBJECT MATTER HEREOF OR IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE TRANSACTIONS CONTEMPLATED HEREBY, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING.

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                    :
                                                         :        **Chapter 11 Case No.**
                                                         :
**WINN-DIXIE STORES, INC., et al.,**                     :        **Case No. 05-11063 (RDD)**
                                                         :
                        Debtors.[1]                      :        **(Jointly Administered)**
                                                         :
-------------------------------------------------------------x

**DECLARATION OF PRATAP C. MUKHARJI**
**AND DISCLOSURE OF COMPENSATION**

I, Pratap C. Mukharji, hereby state and declare as follows:

1.      I am a partner in the firm of Bain & Company, Inc. ("Bain") and a resident

in the firm's office located The Monarch Tower, Suite 1200, 3424 Peachtree Road, NE  Atlanta,

GA  30326.  I am duly authorized to make this Declaration on behalf of Bain, and I make this

Declaration in support of the Application of Winn-Dixie Stores, Inc. and its debtor affiliates

(collectively, the "Debtors") for authority to retain Bain to provide finance group support

services to the Debtors (the "Application").  The facts set forth in this Declaration are personally

known to me, and, if called as a witness, I could and would testify thereto.  Unless otherwise

defined, all capitalized terms used herein have the meanings given to them in the Application.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these
related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep
South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc.,
Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores,
Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food
Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie
Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie
Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      For more than a year, Bain has been providing support services to the Debtors' internal finance group, including company footprint planning and analysis, general and administrative optimization, and inventory management.  As a result of its engagement by the Debtors, Bain has acquired extensive knowledge regarding the Debtors and their businesses.

3.      Moreover, Bain and its professionals staffing this project, as business and strategic consultants, have extensive experience in providing the types of services required by the Debtors' finance group not only in the out-of-court context in which they served the Debtors prior to the Petition Date but also inside reorganization proceedings.  They have an excellent reputation for the services they have rendered in all engagements, including when they have been involved in chapter 11 cases on behalf of debtors and creditors.

4.      Bain has worked on hundreds of projects across various industries and geographical locations to help companies develop competitive strategies and to improve their top and bottom line performance through better operations.  In addition Bain has been retained as consultants in other large chapter 11 cases, such as In re UAL Corporation, Case No. 02-48191 (Bankr. E.D. Ill. 2002); In re Fleming Companies, Inc., Case No. 03-10945 (Bankr. D. Del. 2003); and In re Avianca, Inc., Case No. 03-11679 (Bankr. S.D.N.Y. 2003).

5.      In light of Bain's extensive knowledge of the Debtors' businesses, its general experience and knowledge, and its recognized expertise in the field of strategic, organizational, operational, and technological consulting, I believe that Bain is uniquely qualified to continue provide the support services required by the Debtors' finance group.

6.      I anticipate that Bain may be called upon to render the following services during these chapter 11 cases:

(a)     Company Footprint Planning and Analysis – Analysis of market potential, capital needs, operating economics, and competitive issues;

(b)     General and Administrative Optimization – Analysis related to the right sized general and administrative level; staffing and organization recommendations; and

(c)     Inventory Management and Merchandising – Support services to ensure tracking of inventory initiatives and implementation and, as needed, projects to support merchandising efforts.

7.      Neither I, Bain, nor any professional employed by Bain, represents any entity other than the Debtors in, or in connection with, the Debtors' chapter 11 cases.

8.      Bain is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, in that, to the best of my knowledge and except as otherwise disclosed herein, Bain, its partners and any professionals retained on this engagement:

(a)     are not creditors, equity holders, or insiders of the Debtors;[2]

(b)     are not and were not investment bankers for any outstanding security of the Debtors;

(c)     have not been, within three years before the Petition Date, (i) investment bankers for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors;

(d)     are not and were not, within two years before the Petition Date, a director, officer, or employee of the Debtors or of an investment banker specified in subparagraph (b) or (c) of this paragraph; and

(e)     have not represented any party in connection with matters relating to the Debtors (although Bain has in the past represented and currently represents various of the Debtors' creditors and parties in interest in matters unrelated to the Debtors or their chapter 11 bankruptcy cases).

9.      Bain is not a creditor of the Debtors.  Since January 1, 2004, the Debtors have paid Bain approximately $13.15 million.  Of that amount, $12.65 million was for services

---

[2]      Winn-Dixie Stores, Inc. and one or more of the affiliated Debtors are publicly traded companies.  Some Bain partners and/or professionals, albeit not those working on this case, may own some equity securities in the Debtors.  To date, I have received no information that such equity holdings, if any, are of anything other than *de minimis* size and value and, in no way, create a conflict which would disqualify Bain from representing the Debtors.  To the extent I learn otherwise, I will promptly notify the Debtors and seek to amend or supplement this Declaration.

rendered and expenses incurred and $500,000 was for a "last bill" retainer (the "Retainer") to be maintained during the chapter 11 cases and applied in accordance with future orders of the Court.

　　　　10.　　To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with these cases, neither I nor Bain has any affiliation with the Debtors, their creditors, the United States Trustee, any person employed in the office of the United States Trustee, or any other party with an actual or potential interest in these chapter 11 cases, or their respective attorneys or accountants, except that (a) Bain may have appeared from time to time in the past, and may appear in the future, in other cases or matters where one or more of such parties may have been or may be involved, and (b) Bain may have been retained by certain creditors and other parties in interest or their attorneys, accountants, or professionals in other cases or matters unrelated to the Debtors or their chapter 11 cases.

　　　　11.　　Bain has searched its client database in order to determine whether it has any relationships with the following entities (collectively, the "Interested Parties"):

(a)　　the Debtors;

(b)　　the agents for and lenders in the Debtors' senior secured credit facility;

(c)　　the indenture trustee for the Debtors' noteholders;

(d)　　the Debtors' fifty (50) largest unsecured trade creditors on a consolidated basis as of February 18, 2005;

(e)　　the Debtors' non-debtor affiliates;

(f)　　the Debtors' current officers and directors and former officers and directors during the prior four years;

(g)　　the Debtors' accountants for the prior three years; and

(h)　　those other creditors and parties in interest listed on Attachment 1 hereto.

The identities of the Interested Parties listed on <u>Attachment 1</u> were provided to Bain by the Debtors.

12.     As of the date hereof, Bain has identified several of the Interested Parties as current or former clients or affiliates of current or former clients in matters unrelated to the Debtors.  Due to confidentiality agreements with Bain's clients, Bain is prevented from publicly disclosing the names of its clients.  Bain will identify such clients on a confidential basis to counsel to the U.S. Trustee, counsel for the Debtors' postpetition secured lenders, and counsel for the Creditors' Committee, and if further disclosure is required Bain will seek to file such names under seal.

13.     There are thousands of creditors and parties in interest in the Debtors' chapter 11 bankruptcy cases beyond the Interested Parties.  I anticipate that a review of Bain's client database with regard to all of the Debtors' creditors and parties in interest would disclose that Bain previously represented and/or currently represents one or more creditors or parties in interest (or one or more of their respective parent companies, subsidiaries, and affiliates) in addition to those of the Interested Parties who are mentioned in paragraph 12 above.  My review of the results of the search of our client database, to date, indicates that any and all such other representation(s) of a creditor or party in interest would have been or would be in connection with matters totally unrelated to the Debtors or their chapter 11 cases.

14.     In addition, and based upon inquiries made in connection with the preparation of this Declaration, I have reason to believe that one or more principals of or professionals employed by Bain (a) owns publicly issued debt or equity securities issued by one or more of the Interested Parties (other than the Debtors); (b) was formerly an employee of, or has a relative who is or was an employee of, one or more of the Interested Parties (other than the

5

Debtors); or (c) maintains a bank account, brokerage account, credit card account, or loan or mortgage relationship with, or is insured by, one or more of the Interested Parties (other than the Debtors).

15.     To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor Bain holds or represents any interest adverse to the Debtors' estates.  Bain will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any relevant new facts or relationships are discovered, Bain will use reasonable efforts to identify such further developments and will file a supplemental affidavit as required under the Bankruptcy Rules.

16.     The terms and conditions of Bain's compensation are set forth in the letter agreement between the Debtors and Bain (the "Agreement"), dated February 18, 2005 and attached as Exhibit A to the Application.  Consistent with the Agreement, it is proposed that Bain be compensated for its services by a flat monthly fee of $500,000, which monthly fee may be adjusted by mutual agreement of the Debtors and Bain to reflect any changes in the services provided by Bain..  In addition, it is proposed that Bain charge the Debtors 15% of professional fees for out-of-pocket expenses which will be reconciled against actual expenses such that Bain will only be compensated for actual expenses incurred in providing services to the Debtors.  Finally, it is proposed that Bain be allowed reimbursement for its outside counsel's fees and expenses incurred in these cases up to an aggregate cap of $100,000, subject to increases as mutually agreed by the Debtors and Bain and as approved by the Court.   The compensation arrangement reflected herein is consistent with, and typical of, arrangements entered into by Bain and other consulting firms with respect to rendering similar services for clients such as the Debtors.

17.     Bain will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in these cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York, the United States Trustee Fee Guidelines and the orders of this Court.  Such applications will constitute a request for interim payment against Bain's reasonable fees and expenses to be determined at the conclusion of these cases.  Notwithstanding the foregoing, as set for in the Application, Bain has requested that it be permitted to submit an invoice containing, in summary format, the name of each professional and the aggregate amount of time spent during the applicable month by each such individual in rendering services on behalf of the Debtors.  In addition, Bain proposes to submit an invoice with each fee application itemizing the type and amount of expenses incurred during that month.  Finally, Bain proposes to submit, with each fee application, detailed records for the fees and expenses incurred by its outside counsel for which Bain seeks reimbursement.

18.     No agreement or understanding in any form or guise exists between Bain and any other person for a division of compensation for services rendered in or in connection with these cases, and no such division of compensation prohibited by Section 504 of the Bankruptcy Code will be made, except among principals of Bain.  Bain has not shared or agreed to share any compensation received in these cases with any entity other than its partners.

19.     Accordingly, I believe that the proposed employment of Bain is appropriate under section 327(a) of the Bankruptcy Code and is not prohibited or improper under Federal Rule of Bankruptcy Procedure 5002.

20.     Subject to this Court's approval of the Application and the Agreement, Bain is willing to continue to provide the support services required by the Debtors' finance group as described herein.

21.     To the extent any information disclosed herein requires amendment or modification upon Bain's completion of further review or as additional party-in-interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

**[Remainder of Page Intentionally Left Blank]**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

and correct.

Executed on March 24, 2005, at Atlanta, Georgia.

*/s/      Pratap C. Mukharji*
Pratap C. Mukharji
BAIN & COMPANY, INC.
The Monarch Tower, Suite 1200
3424 Peachtree Road, NE
Atlanta, Georgia  30326
Telephone: (404) 869-2727
Facsimile: (404) 869-2222

## __Attachment 1__

## __List of Interested Parties__

**Attachment 1**

**List of Interested Parties**

**Debtors**
Astor Products, Inc.
Crackin' Good, Inc.
Deep South Distributors, Inc.
Deep South Products, Inc.
Dixie Darling Bakers, Inc.
Dixie-Home Stores, Inc.
Dixie Packers, Inc.
Dixie Spirits, Inc.
Dixie Stores, Inc.
Economy Wholesale Distributors, Inc.
Foodway Stores, Inc.
Kwik Chek Supermarkets, Inc.
Sunbelt Products, Inc.
Superior Food Company
Table Supply Food Stores Co., Inc.
WD Brand Prestige Steaks, Inc.
Winn-Dixie Handyman, Inc.
Winn-Dixie Logistics, Inc.
Winn-Dixie Montgomery, Inc.
Winn-Dixie Procurement, Inc.
Winn-Dixie Raleigh, Inc.
Winn-Dixie Stores, Inc.
Winn-Dixie Supermarkets, Inc.

**Non-Debtor Affiliates**
Bahamas Supermarkets Limited
The City Meat Markets Limited
W-D (Bahamas) Limited
WIN General Insurance, Inc.

**Current Officers and  Directors**
John E. Anderson
Laurence B. Appel
J. R. Brogan
D. Michael Byrum
K. B. Cherry
John H. Dasburg
G. L. Estill
T. Wayne Davis
Tillie K. Fowler
Kellie D. Hardee
David F. Henry
H. I. Hopkins, Jr.
Michael J. Istre
J. J. James
Richard C. Judd
P. J. Kennedy
D. G. Lafever
Peter L. Lynch
Richard P. McCook
D. J. Maroney
Mark W. Matta
J. P. Medina
Edward W. Mehrer, Jr.
D. A. Moore, Jr.
Julia B. North
Paul Novak
Bennett L. Nussbaum
E. L. Rainwater
Carleton T. Rider
J. J. Roy
C. S. Rubio
Mark A. Sellers

Dennis M. Sheehan

H. Jay Skelton
Charles P. Stephens
P. L. Tiberio
Ronald Townsend
H. S. Wadford
D. M. Young

**Former Officers and Directors**
Keva M. Bethel
D. H. Bitter
A. Dano Davis
Judith W. Dixon
L. B. Johnson
Bryan C. S. Knowles
Frank Lazaran
Barry J. Rassin
K. A. Romeo
Allen R. Rowland
Karen E. Salem
Hugh G. Sands
John R. Sheehan
Bruce R. Souder

**Senior Secured Lenders**
Amsouth Bank
Bank One
Congress Financial Corporation (Florida),
n/k/a Wachovia National Bank, N.A.
Fleet Retail Group, Inc.
General Electric Capital Corporation
GMAC Commercial Finance LLC
Israel Discount Bank
Merrill Lynch Capital
National City Business Credit, Inc.
PNC Business Credit
RZB Finance LLC
Siemens Financial Services, Inc.
SunTrust Bank
The CIT Group/Business Credit, Inc.
UBS AG, Stamford Branch
Wachovia Bank, National Association
Webster Business Credit Corp
Wells Fargo Foothill LLC

**Mortgage Holders**
Lutheran Brotherhood

**Top 50 Unsecured Trade Creditors on a Consolidated Basis as of February 18, 2005**
Alberto Culver USA, Inc.
Anderson News LLC
Bayer Corp
Campbell Soup Co.
CH Robinson Worldwide Inc
Clorox Sales Co - KPD
Coca Cola Bottling Co
Coca Cola Bottling Works
Conagra Grocery Products Co.
Del Monte Foods USA
DLJ Produce Inc
Edy's Grand Ice Cream

Fin Tech
Florida Coca Cola
Front End Services Corp.
General Electric Company
General Mills Inc.
Georgia Pacific Corp.
Gerber Products Company
Gillette Company
Good Humor Breyers Ice Cream
Gourmet Award Foods Mid Atlantic
Gulf Coast Coca-Cola Bottling Co.
Hershey Chocolate USA
Johnson & Johnson
Keebler Company
Kellogg Sales Company
Kimberly Clark
Konica Photo Imaging
Kraft (Kraft Foods, Kraft Pizza, Nabisco)
Louisiana Coca Cola
McKee Foods Corporation
Nestle (Nestle Usa, Nestle Purina, Nestle Water)
Pepperidge Farm Inc-Cookies
Pepsico. & Affiliates
Powerhouse Produce LLC
Procter & Gamble Dist Co.
Riverdale Farms
Ross Laboratories
Safe Harbor Seafood
Sanderson Farms
Sara Lee Foods
Schering Plough Health Care
Schreiber Foods Inc.
Smith Kline Beecham
Unilever (Hpc Usa & Best Foods)
US Bank Corporation
Warner Lambert Consumer Group
Wyeth Consumer Healthcare

**Parties with Filed UCC Financing Statements**
Bennett's Leasing Incorporated
Cargill, Incorporated
Cisco Systems Capital Corporation
Computer Leasing Company of Michigan, Inc.
EMC Corporation
Fidelity Leasing, Inc.
Fleet Capital Leasing - Technology Finance
Fleet Leasing Corporation
GATX Technology Services Corporation
Healthguard Finance Corporation
Healthguard International, Inc.
IBM Credit Corporation
IBM Credit LLC
Ikon Office Solutions Inc.
Konica Photo Imaging
Konica USA Inc.
National City Bank of MI/IL
NCR Corporation
Norse Dairy Systems
Storagetek Financial Services Corporation
US Bancorp
Xpedex - Division of International Paper

**Indenture Trustee**
Wilmington Trust Company

**Senior Unsecured Note holders and Related Funds and Administrators**
American Bond Fund of America
American Capital World Bond Fund
American Funds
American Funds High Income Trust
American Funds Insurance – Asset Allocation
American Funds Insurance
American Funds Smallcap World Fund
American Memorial Life Insurance Co.
Amerihealth Insurance Company of New Jersey
Ameriprime Funds
ANIA High Yield Bond Portfolio
Arnhold & S Bleichroeder Advisers, LLC
Assurant Inc.
Austin Investment Management Co.
Aviva Life Insurance Company
Capital Research and Management Company
Clariden US High Yield Bond Fund
Colonial Intermarket Income Trust
Columbia Management Advisors
CGU Insurance Group
Credit Suisse Asset Management Ltd.
Credit Suisse FS High Yield Bond
Credit Suisse High Yield Bond Fund
Delphi Financial Group
Denver Investment Advisors Inc.
DLJ Investment Management Corp.
Dynamic American Value
Dynamic American Value Fund
First Eagle Funds
First Eagle US Value Fund
First Fortis Life Insurance Company
Fortis Benefits Insurance Company
Fortis Group
Fortis Insurance Company
Fringe Benefit Life Insurance Company
Goodman & Co. Investment Counsel
High Yield Plus Fund
IMS Capital Management
IMS Strategic Income Fund
Independence Blue Cross
John Alden Life Insurance Company
Julius Meinl Investment Gmbh
Liberty Funds Distributor, Inc.
Meinl Capitol
PHUP Training
Prudential Investments Fund Management LLC
QCC Insurance Company
Regence Blue Shield
Regence Blue Cross Blue Shield of Oregon
Regence Blue Cross Blue Shield of Utah
Reliance Standard Life Insurance Company
Securities Management and Research, Inc.
The Vanguard Group
Vanguard Group Incorporated
Vanguard High-Yield Corporate Bond Portfolio
Vanguard VVIF High Yield Bond Fund
Wellington Management Co. LLP
Westcore Flexible Income Fund
Westcore Funds

**Lessors of Real Property**
100 Executive Drive LP
11010 Seventh Ave Investments
145 Associates Ltd
17161 N W 27th Avenue LLC
1954 Unionport Associates LLC
1980 Unionport Associates LLC
1997 Properties
2525 East Hillsborough Ave LLC
40/86 Mortgage Capital Inc
440 Group Ltd
4JS Family LLLC
5 Points West Shopping Center
51st Street & 8th Ave Corp
7595 Centurion Parkway LLC
9 SC Associates
98 Palms Ltd
99 Eglin Ltd
A F I Management
A G Edwards
A J & C Garfunkel
A L S Telfair Plaza
Ackerberg Group
Ackerman-Midtown Assoc
Acorn Assoc Ltd
Acron USA Fonds Winn Dixie LP
Adams Realty
Aegis Waterford LLC
Aegon USA Realty Advisors Inc
AEI Income & Growth Fund XXI L
AEI Net Lease Income & Growth
AEM Stiftung LLC
Agree Limited Partnership
Aintsar Realty Corp
Airkaman Of Jacksonville Inc
Al Bellotto Inc
Alabama '83 Center Associates
Albert J Cirignano Sr
Albion Pacific Prop Resources
Alfa Mutual Fire Ins Co
Allard LLC
Allied Capital Corporation
Allied Capital REIT Inc
Altamonte SSG Inc
Alvin B Chan Family LP
Alvin B Chan Inc
Alvyn L Woods
Amelia Plaza Shopping Center
American Commercial Realty
American Federal Properties
American Mortgage & Realty Cor
American Paper Box Company Inc
American Plaza Ltd Partnership
American United Life Ins Co
Americana East Investments Inc
Ansel Properties Inc
Applewood Shopping Center
Arcadia FL Diversey West
Arco Realty Company
Arlington Properties Inc
ARS Investment Corporation
Asbury Commons Ltd
Ashy-Brown Gonzales
August Urbanek Investments
Avon Square Ltd
Avondale Square Limited
Azalea Management And Leasing
Azalea Shopping Center
B V Belk Jr

Bainbridge Associates
Baker & Baker
Bakersmith Corners LLC
Banc One
Bank Midwest
Bank Of New York
Bardstown SC LLC
Barlind Enterprises
Barrett Crossing Shopping Cent
Baumgardner-Hogan I LLC
Baxley Zamagias Lp
Baylanding Inc
Bayview Loan Servicing LLC
Beachwalk Centre II LLC
Bedford Avenue Realty Inc
Beer Wells Real Estate Service
Belco Enterprises
Belk Investments
Belleview Square Corp
Belmart Inc
Benderson 85-1 Trust And Wayne
Benderson Trust & Wayne Ruben
Benjamin Adam Setzer As Truste
Bennett V York
BEP II Limited Partnership
Bergeron WD Palmetto LLC
BG Highlands LLC
BG Turfway LLC
BHBS Inc
BHR LLC
Big Pine Shopping Center LLC
Bill Agapion
Bird Square Plaza Management I
Birmingham Realty Co
Blaine Lake LLC
Blanchard and Calhoun Real Est
Blue Angel Crossings
Bob Neill & Associates
Bogalusa Shopping Center Co
Bonners Point LLC
Bordeaux Center Inc
Bowdoin Square LLC
Boyd L Hyder
Boynton Lakes Plaza
Brandon Centre South
Brandywine Plaza Ltd
Brent Lance Trager
Brierwood Village Plaza
Bright-Meyers Dublin Assoc
Broad Street Station S.C.,LLC
Broadmoor Development Co
Brookhaven Retail LLC
Brookwood Flamingo Partners Lp
Brookwood LLC
Brown Investment Properties
Brown Noltemeyer Company
BT Marietta LLC
Bundy New Orleans Co LLC
Bunkie Investment Co LLC
Burlington Associates Ltd Prt
BW Dix Inc
BW Treasure Inc
Byars & Co Inc
C & A Ltd, Lc
C C Altamonte Joint Venture
Ca New Fixed Rate Partnership
Ca New Plan Venture Fund Louis
Cadillac Partnership
Caffery Center LLC
Caldwell Realty & Investment C

California Club Mall
Callahan Plaza Shopping Center
Cameron Edenton Co
Cameron Sanford Company LLC
Camilla Marketplace Associates
Cane River Shopping Cen
Capco 1998 D-7 Arlington Center
Capital Advisors Inc
Capital Development Company
Capital Properties Associates
Capmark Services LP
Cardinal Entities Company LLC
Carl Dupuis
Carolina Enterprises Inc
Casselsquare LLC
Casto Investments Co Ltd
Cayce Marketplace LP
CC Realty Intermediate Fund I
CDC Paying Agent LLC
Cedar Creek Crossing Associate
Cedar Mountain Village
Cedar Springs Ctr Assocs
Central Progressive Bank
Central Texas Shopping
Centrex Properties Inc
Century Management And
CFG Limited
Chambers Square LLC
Chapel Trail Associates Ltd
Chapin Development Co
Charles Simon Trustee Of Same
Charleston Square Inc Bank Of
CHK & Associates
Cityview LLC
Civic Center Station Ltd
Clayton Crossings LLC
Clearlake Square
Cleveland Marketplace Ltd
Cliffdale Corner Inc
Clinton House Company
CMC Real Estate Program
Collett Management LLC
Collins & Aikman
Collins Pointe Shopping Center
Colonial Development Co LLC
Colonial Properties Services
Colonial Properties Trust
Columbia Marketplace LLC
Columbus Life Insurance Co
Comke Inc
Commercial Leasing One
Commercial Leasing Two
Commercial Net Lease Realty Inc.
Commodore Realty Inc
Concire Centers Inc
Concord Advantage Ii LP
Conseco Mortgage Capital Inc
Constellation Apartments
Cooper Smolen Joint Venture
Coralwood Shopping Center
Cordova Collection Lp
Country Club Centre LLC
CPG Finance I LLC
CPM Associates LP
Crawford Norwood Realtors Inc
Crenshaw-Singleton Properties
Crescent Investment Corp
Crest Haven LLC
Crestview Marketplace LLC
Cross County Associates LP

Crossing Of Orlando Ltd
Crowder Family Joint Venture
Crown Liquors Broward In
Crump Investments Ltd
Crystal Beach Acquistion LP
Crystal Lake At Orlando
Curry Ford LP
Cypress Run LLC
D R Plaza Ltd
Dahlem Enterprises Inc
Dairy Plaza Associates Ltd
Dalraida Properties Inc
Daniel G Kamin
Daniel H Case And
Dauksch Family Partnership
Davie Plaza Limited Partnership
Davis Mill Station
Day Properties LLC
DDR Downreit LLC
DDR MDT Carillon Place LLC
Debary Common Shopping Center
Decatur Realty LLC
Deerfield Company Inc
Deerfoot Marketplace LLC
Defuniak Square Partners Ltd
Del Fair Inc
Del Mar Shopping Center
Delnice Corp N.V.
Delta Interest LLC
Delta Plaza LLC
Deltona Assoc Ltd
DEM Partnership
Dept Of Finance State of Alabama
Deutsche Bank f/k/a Bankers Trust
Company
Devcon Enterprises Inc
Dickinson Logan Todd & Barber
Dixon Realty Trust 1999-1
DMI Agent For IDR Jr LLR Jr &
Downtown Destin S/C
Downtown Two LLC
DPJ Company Limited
Dr Ralph Dayan
Drake Rental Account
Drinkard Development
Duckworth Morris Realty
Durham Plaza Associates
E & A Southeast LP
E and A Aquisition Two LP
East Partners Ltd
Eastdale Square LLC
Eastern Retail Holdings Lp
Eastgate Center LLC
Eastgate Investors LLC
Ebinport Assoc
EBR Partnership
Eckstein Properties LLC
Ed Street Dev Co
Eden Meadow Greens Associates
Edens & Avant Inc
Edens & Avant Properties LP
EIG Gordon Village LLC
EIG Hampton Square LLC
Elfers Square Center Inc
Eliot Properties
Elkmont Associates
Elston/Leetsdale LLC
Englewood Village LLC
English Village LLC
Equity Assoc

Equity One (Delta) Inc
Equity One (Hunters Creek)Inc
Equity One (Lantana) Inc
Equity One (Pointe Royale) Inc
Equity One (Summerlin) Inc
Equity One (West Lake) Inc
Equity One Alpha Inc
Equity One Commonwealth Inc
Equity One Inc
Equity One Monument Pointe Inc
Ernst Properties, Inc
Ervin & Susanne Bard
Euclid Warehouses, Inc.
Eugene M Mclain
Eupora Shopping Center
Eutis Mortgage Corporation
Evangeline Life Insurance Co
Excel Realty Partners LP
F R O LLC VII
Fairfield Partners LP
Fairway Food Stores
First National Bank
First Republic Corp of America
First Security Bank
First Security Bank Nat'l Assoc
First Union National Bank
First Union Wholesale Lockbox
First Westgate Mall LP
Flag Bank
Flagler Retail Associates Ltd
Flamingo East Ltd
Flint Crossing LLC
Florida Dickens Associates Ltd
FMV Associates
Folmar & Associates
Foothills Partnership
Fountain Columbus Assoc LLC
Four Florida Shopping Centers
Francine Trager Kempner
Francis Carrington
Frank D Boren And Gail F Boren
Frank W Guilford Jr Trustee
FRO LLC VIII
FU/WD Opa Locka, LLC
FU/WD Atlanta, LLC
Fury's Ferry Shoppes
FWI 16 LLC
FWI 20 LLC
FWI 23 LLC
FWI 5 LLC
G H I of West Palm Beach LLC
Gad & Asher Realty Ltd
Galileo Cmb T1 Hl TX LP
Galt Ocean Marketplace
Gardens Park Plaza  219
Gates Of St Johns LLC
Gator Carriage Partners Ltd
Gator Jacaranda Ltd
Gator Linton Partners Ltd
Gehr Development Florida LLC
Gem Warwick LLC
General Electric Business Asse
General Electric Capital Business
Genoa Associates LLC
Gentilly Square
George B Nalley Jr
George C Walker
George Chen
George Chen Formosa Developers
George D Zamias

George Dewrell
GLA LLC
Glenwood Midway Co LLC
Glimcher Properties Limited
Glynn Enterprises LLC
Goodings Supermarkets Inc
Gordon K Konrad
Gottlieb Family Trust Houma Ll
Graham And Company
Gray - White LLC
GRE Coralwodd LP
GRE Properties L L C
Great Oak LLC
Great South Mgmt LLC
Greenville Associates
Greenville Compress Co
Greenville Compress Co
Greenville Grocery LLC
Greenwood Commons Assoc
Greer Plaza Inc
GS II Brook Highland LLC
GS II Jacksonville Regional LL
Gulf Coast Properties
Gulfport Plaza Center Inc
H C Plunkett
H R Orlando LLC
H V McCoy & Company Inc
Haddco Properties Ltd Partners
Hall Properties
Hall Properties Inc
Halpern Enterprises
Halpern Enterprises Inc
Hamilton Square LLC
Hammerdale Inc
Hammonton Partners
Harold D  Bagwell
Harvey Lindsay Commercial Real
Hasco Properties
Hayday Inc
Haydel Realty Company Inc
Heathrow Square LLC
Helena Marketplace LLC
Henderson Corporation
Herbert Singer
Heritage Community Bank
Heritage Crossing Associates
Heritage Prop Investment Ltd
Heritage SPE LLC
Heritage Square Assoc
Herman Maisel & Co Inc
Hialeah Fee Commons Ltd
Hialeah Promenade Limited Part
Highland Associates Lp
Highland Commons Boone LLC
Highland Lakes Associates
Highland Sq Shop Center
Hildebran Associates
Hillcrest Shopping Center
Hillsboro-Lyons Investors Ltd
Hilyard Manor Associates LLP
Hobe Sound S C Company Ltd
Holbrook Heritage Hills LP
Homestead Plaza
Homewood Associates Inc
Homosassa Assoc
Houston Centre LLC
Howell Mill Vlge Shpg Ct
HPC Wade Green LLC
Hudson Square Center Inc
Hurtak Family Partnership Ltd

I Reiss & Company
I Reiss and Co as Agent For
ICOS LLC
III T West LLC Marco Island Ma
Imperial Christina Shopping Ct
Independence Square
Indian Creek Crossing E&A LLC
Indian Village Group Inc
Indianapolis Life Ins Co
Indianapolis Life Insurance Co
Indrio Crossings Inc
Inland Southeast Property Mgmt
Interchange Associates Inc
Interwest Capital Corporation
Intracoastal Mall LLC
Invesco Lp
IPF Heights Limited Partnership
IPF/Capital Limited Partnership
IRT Partners LP
IRT Partners LP Equity One Rea
IRT Property Company
Island Plaza LLC
Isram Realty & Management Inc
Ivey Electric Company
J B Levert Land Co Inc
Jack Fiorella Iii
Jamerson Investments
James And Carolyn Sell
JDN Realty Corporation
Jefferson-Pilot Life
JEM Investments Ltd
Jerome H And Faith Pearlman Tr
JKA Enterprises LLC
JNB Company of Virginia LLC
John Benetti Associates
John C Eyster and E Lee Barran
John T Henley et al
JRT Realty Group - TIAA
Jula Trust
Jupiter Palm Assoc
JWV (La) LLC dba Sunshine Sq
K B Properties Inc
Keller Crossing Texas Lp
Kemor Properties Inc
Kenneth City Partners
Kerbby Partnership
Killen Marteplace LLC
Kimco Development Corp
Kimco University Co Inc
Kingfisher Inc
Kir Augusta 1 044 LLC
Kir Colerain 017 LLC
Kirk Meraux Winn-Dixie LLC
Kite Eagle Creek LLC
KJump Inc
Kmart Corporation
Knightdale Crossing LLC
Koger Equity
Kotis Properties
KPT Communities LLC
KRG Waterford Lakes LLC
L J Melody & Company
L O L LLC
L W Smith Jr Trust
La Petite Roche Center General
Lafayette Life Insurance Co
Lagrange Marketplace LLC
Lake Jackson Trading Post
Lake Mary Limited Partnership
Lake Sun Properties Ltd

Lakeland Partners
Lakewood Associates Ltd
Lancaster Community Investors
Land Dade Inc
Landing Station
Landmark Enterprises
Landsouth Partners
Langdale Tire Co
Langston Place
Lapalco Village Shop Cen
Laramie River Bay Limited Part
Larissa Lake June Limited Ptnr
Lasala Pinebrook Associates LP
Lasco Realty LLC
Lauderhill Mall
Laureate Capital
Lawrence M Heard
Leatherman Assoc
Leesburg Bansal LLC
Lehmberg Crossing LLC
Leonard R Setzer
LF Limited Lp & Walnut Street
Libby Cross Station Enterprise
LIF Realty Trust
Life Insurance Co Of George
Lincoln Square Partners LP
Lincoln Trust Company
Linpro Investments Inc
Lisette Stanish as Trustee
Litchfield Investments Riverwo
LN Piedmont Village LLC
Lockwood Assoc of GA Ltd Ptr
London Associates Ltd
LPI Key West Associates Ltd
LRS General Partnership
Lucy Company Of South Carolina
LW Jog S C Ltd
M & P Shopping Center
Macon Gravlee
Madison Mall Shopping Ctr Inc
Madison Station Properties LLC
Magnolia Park Shopping Center
Main Street Marketplace LLC
Manatee Village Investments Inc.
Mandarin Loretto Development
Mar Bay Investments LLC
Marions Hope LLC
Market Place Partners
Market Square Inc
Marketown Investors Inc
Marketplace of Americus LLC
Marketplace of Delray Ltd
Marketplace Shopping Center
Mason Shopping Center Partnership
McComb Associates
McDonough Marketplace Partners
McDuffie Square L P
McNab Plaza Inc
MCW Development Inc
MCW RC FL Highlands LLC
MDC South Wind Ltd
MDC Westgate Ltd
Melbourne Beach LLC
Mellon Trust Of California
Merchants Square Investments L
Meridian Supermarket LLC
Metro International Property
Miami Gardens Acquisition LLC
Michael & Irene Simon
Mid American Management Corp

Mid South Yazoo Lp
Midland Loan Services
Midland Loan Services Inc
Midwest Centers
Milford Station Ltd
Miller Group Properties Corp
Miramar Parkway Plaza LLC
Mitchell Co
Mitchell Mortgage Company LLC
Modern Woodman
Modern Woodmen Of America
Mohatra Inc
Monroeville Center Partners
Moorings of Manatee Inc
Morgran Co
Morris Track Corp & Williston
Morro Palms Shopping Center
Moulton Properties
Mount Castle Properties
Mr E M Arnovitz & Mr M Plasker
Mr Hugh M Tarbutton
Mr Malcolm Rosenberg
Mrs Mildred V Gray
Mt Dora Marketplace Ltd
Museum Associates
N K C Properties
N O M Properties Inc
Nalley Construction Co Inc
Naples South Realty Associates
Naranja Lakes Joint Ventures
National Western Insurance Co
National Western Life Insurance
Navarre Square
NB/85 Associates Wayne M Ruben
NDC Asset Management
New Bay Minette LLC
New England Realty Resources
New Plan Excel Realty Trust
New Plan Excel Realty Trust In
New Plan Realty Trust
Newberry Square Shopping Center
Newton Associates
NMB Partners L P
Noble Management Company
Normandy Equities Ltd
North & South Station
North Columbus Crossing Shopping
North Hixson Marketplace LLC
North Madison Associates Ltd
North Port Village Shopping
Northcross Land & Development
Northeast Plaza Associates
Northern Funds FBO Urbanek Inv
Northside Development Group
Northside Shopping Center
Northway Investments LLC
Northwest Junction Partners
Northwood Oaks LLC Providence
Northwood Plaza LLC
Oakdale Investors Lp
Oaks Shopping Center Inc
Oakwood Village Associates
O'Brien Kiernan Investment Co
Oceanway Plaza Assoc Ltd
Old 97 Inc
Old Kings Highway Assoc
Opal Lee Smith & Sara N Jordan
Orange Grove Shopping Ce
Orix Capital Markets LLC
Orix Real Estate Capital Marke

Orlando Marketplace Limited Pa
PAJ
Palisades Investors LLC
Palm Aire Marketplace LL
Palm Bay West
Palm Beach 2000 Inc
Palm Coast Corners Assoc Lp
Palm Trails Plaza
Palmetto Place Center LLC
Paradise Isle LLC
Park Plaza LLC
Park Plaza Shopping Ctr LLC
Parkland Partnership Lp
Parkview Square Owner Corp
Parkwood Plaza Shopping Center
Parkwood Village Joint Venture
Pass Christian Village
Patricia Or Marshall Weigel
Patton Plaza LLC
Paw Creek Crossing
Peach Orchard Center
Peachtree Parkway Plaza
Pearl Brittain Inc
Pelican Associates
Pell City Marketplace Partners
Peninsula Utilities Inc
Penman Plaza Associates Ltd
Peregine Properties LP
Perimeter Place Associates
Peripety Group Inc c/o Comm P
Phoenix Jr Inc
Pinar Assoc Sc Co Ltd
Pine Island Shopping Center
Pine Plaza
Pinel LP
Pineroots LLC
Pines/Carter
Pinetree Partners Ltd
Pinewood Plaza Associates
Pinson Valley Ltd
Plaza West 15190117351
Pmt Partners V LLC
Pnc Bank Philadelphia
Ponce Realty Company
Ponderosa Center Inc
Popps Ferry Ms Dev
Potter Square Associates
PRB Investments LLC
Premier Plaza Associates LLC
Prestonbury Village Shop Center
Primax Properties LLC
Prime Shoppes Partners
Primo Justice Properties LLC
Principal Capital Management L
Principal Life Insurance Co
Procacci Commercial Realty Inc
Professional Mortgage Co Inc
Promenades Mall (E&A), LLC
Promventure Limited Partnership
PSI Of Louisiana Inc
PSMA Ltd AP FHA FP FLA TIC
Quail Roost Associates
Quail Run Village
Quincy Associates Ltd
R & G Associates
R P Barren River LLC
Rab Land & Development Inc
Rainbow Marketplace LLC
Rainbow Springs Ventures Lc
Ralph Meitin Family

Ramco USA Development Inc
Randall Benderson 1993-1 Trust
Randy Roark
Rappaport Management Co
Rayne Plaza Shopping Center
Red Oak Shopping Center LLC
Reef Associates Ltd
Regency Centers Inc
Regency Saving Bank FSB
Regent Investment Corporation
Retail Center Hampton LLC
Retail Management Group Inc
Retreat Village Management Co
Rial Corporation
Richard Ball & Associates
Ridgeview Inc
Riley Place LLC
River Oaks
Riverwalk Plaza Joint Venture
RK Associates
Robert D Powers
Robert G  Horsman
Robert H Palmer Jr
Robert N Rizika
Robertsdale Dev LLC
Rockbridge Place
Roebuck Ventures Ltd
Ronald Benderson 1995 Trust
Rosemyr Corp
Roxborough Associates LLC
Royal & Son
Royal Companies
Royal Homes Inc
Royal Oaks Brandon Partners
Royal Oaks Plaza Inc
Royals O K Lunch Inc
RSSC LLC
Rudco Properties Inc
Rushmore Friendship LLC
Ruth Guest House Inc
Ruth S Smith Snodgrass Aires
S & C Properties
Salem Crossing Shopping Center
Salemo Village Shopping Center
Sam Development Associates LLC
Samuel Oschin Trustee Michael
Sandefur Investments Inc
Sandifer Partnership Ltd
Sandra Mackey
Sarria Enterprises Inc
Sarria Holdings II Inc
Sarria Holdings Inc
Satterfield Plaza T I C
Saufley Field Partners Ltd
Savitar A/M/A SRA/American LLC
Sawicki Realty Co
SCG Management Inc
Schilleci Millbrook SC LLC
School St Crossing LP
Schwartz Family Trust
Scotland Mall Inc
SCP Winter Garden Fl LLC
Scribe Riviera JV
Sea Pea Inc
Sebring Square Ltd
Selig Enterprises Inc
Sendero Commercial Investments
Seven Springs Plaza LLC
Shades Creek Partners
Shadrall Associates

Shannon Village Shopping Center
Shepherdsville Mall Assoc LP
Sherffield Estates Inc
Sheri Trager Weiss
Shields Plaza
Shoals Marketplace LLC
Shoppes @ 104
Shoppes at 18th & Commercial
Shoppes at Lake Avenue Inc
Shoppes of Liberty Cit LLC
Sidney Kohl Company
Sidney Lefcourt
Simmons & Harris Inc
Situs Servicing Inc
Sizeler Companies
SJS-Woodlake Plaza LP
Skinners of Jacksonville Inc
SKS Properties LC
Small Properties
Smith Barney Fbo Weinacker's
Snellville Plaza Ltd
Sormi Inc
South Broadway Corp
South Monroe Commons LLC
South Plaza Associates LLC
South Rockdale Shopping Center
South Square Marketplace
South Win Limited Partnership
Southbrook Partners LLC
Southchase Investors LLC
Southeast US Retail Fund LP
Southern Boulevard Corp
Southern Farm Bureau
Southern Farm Bureau Life Ins
Southern Partners
Southern Stores II LLC
Southgate Associates II LP
Southgate Plaza 93 Ltd
Southgate Plaza Associates LLC
Southmark Properties LLC
Southtrust Bank
Southview Square LLC
SPCP Group LLC
Spectrum Walker
Spectrum/Grandview Pines
Spiller Investment Inc
Spishores LLC
Spring Hill Assoc Ltd
Spring Plaza Limited Partnership
Springdale Station Ltd
Springfield Crossing LLC
Springhill Associates LLC
Springland Associates LLC
Springs Corners LLC
SR JLP JAP LLC
SR TCS LLC
SRT Acquistion Corporation
SSKIB Corporation
St Charles Partners
St Johns Commons Owner Corp
St. Stephens Partners
Staunton Plaza Associate
Stiles West Associates Ltd
Stockman & Nalley Partnership
Stonebridge Village
Structured Product Servicing
STW Holdings LLC
Sugarland Shopping Center
Sulphur Springs Partners LLLP
Sumter Crossing Properties Inc

Sun Lake Plaza Inc
Sun West NC III Ptn Lim
Sunburst Properties Corp
Sunset Centres Ltd
Sunset Centres Ltd Partnership
Sunset Station Partners LLC
Sunset West Shopping Plaza
Sunwest NC III Partnerships
Suwanee County Investors LLC
Swiss Re Investors Inc
T K Harris Comm Re Ser
T S Margate Co Ltd
TA/Western LLC (Pom. Mktplce)
Talladega Community Builders
Tappen Properties LP
Tatone Properties Fla Inc
Tavares Assoc Ltd
Taylor Square Venture
Teachers Retirement System
Ted Glasrud Associates Inc
Terra Nova The Realty Assoc Fu
THC LLC
The Market at Byram LLC
The Marketplace LLC
The Schreiber Co Belleview Ass
The Sembler Company
Tifton Mall Inc
Timberlake Station LLC
TL Nguyen LLC
Toulouse Village Associates
Tower Associates Ltd
Town & Country Shopping Center
Town Square Development
Town'n Country Realty
Trail Plaza
Triangle IV LLLP
Tri-State Commercial Asc
TRL Properties LLC
Troy Marketplace LLC
Trustee Of Trust B
Trustees Of Trust A/C -1
Trustmark National Bank
TS Pierce Sc Co Ltd
TSO Volusia LLC
Tunica Village Partnership
Twelth Street & Washington
Tyrone Gardens LLC
U P SC Ltd
Ullmann Company
United Commercial Mortgage Cor
United Investors Realty
University Crossing
University Tenancy In Common
UrbanAmerica
US Bank Trust Na Corp Trust TF
USPG Portfolio Two LLC
USRP I LLC Glen Lea Shopping C
USRP I LLC Shoppes Of Kildaire
Vachlia Inc
Valrico Square
Venetia Village Center
Ventures LLC
Victoria Square Partners LLC
Victory Berryland LLC
Victory Investments Inc
Victory Kenner LLC
Vigouroux Development LLC
Villa Rica Retail Properties L
Village Marketplace Of
Village Plaza Inc

Village Royale Properties LLC
Vogel & Vogel Partnership
W D Route 3 Limited
W T H II LLC
Wachovia Securities
Walker LA Commercial
Watch Omega Holdings Lp
Waters & Armenia Plaza
Waters Inc S C Mgmt Trust Acct
Watkins Investment
Wayne Ruben
Waynesville Shopping
WBFV Inc
WCL Five LLC
WD Development LLC
WD Jacksonville Fl LLC
WD Marianna Portfolio LP
WD Milton Portfolio L P
W-D Shelby Partnership
Weavers Corner Jt Venture
Webb/Lexington Ventures #108
Webber Commercial Properties L
Weeki Wachee Village Shop Cntr
Weingarten Realty Investors
Wesley Chapel Sc Co Ltd
West Eck Partners LP
West Napoleon Joint Venture
Westfork Plaza
Westgate LLC
Westland Shopping Center LP
Weston Road Shopping Center LL
Westside City Inc
Westwood Shopping Center
WIAB Properties LLC Operating
Wiedemann Square Ltd
Wiedmann Square LLC
Wiggs Realty Co
William H Hall
Willowood Partners Ltd
Winbrook Management Inc
Windsor Place
Windsor Station LC
Windward Partners IV LP
Winyah Village Shopping Ctr
Wiregrass Plaza LLC
Wolfchase Assoc LLC North Palm
Woodberry Plaza E&A LLC
Woodland Village Partnership
WRI/Texla LLC
Xarla Realty LLC
YBD Three Lakes LC
ZSF/WD Bartow, LLC
ZSF/WD Charlotte, LLC
ZSF/WD Clayton, LLC
ZSF/WD Fitzgerald, LLC
ZSF/WD Greenville, LLC
ZSF/WD Hammond, LLC
ZSF/WD High Point, LLC
ZSF/WD Jacksonville, LLC
ZSF/WD Montgomery-31, LLC
ZSF/WD Montgomery-Gunter, LLC
ZSF/WD Opa Locka, LLC
ZSF/WD Orlando, LLC
ZSF/WD Sarasota, LLC
Zuppardo Properties LLC
Zuppardo Real Estate Co
Zurich Structured Finance, Inc.

**Insurance Companies**
ACE American Insurance Co.

ACE Bermuda Insurance, Ltd.
ACE (Illinois Union)
AIG Aviation, Inc.
American Casualty Company of Reading PA
American Guarantee Liability (Zurich)
Arch Insurance Co.
AWAC - Side A DIC (Bermuda)
AWAC (Bermuda)
AXIS (Bermuda)
Axis Surplus Insurance Co.
AXIS US
CNA
Commonwealth Ins. Co.
Employers Ins. Co. of Wausau
Federal Insurance Co.
Great American Assurance Company
Hanseatic Ins. Co. (Bermuda)
Houston Casualty Company
Illinois National Insurance Co.
Illinois Union Ins. Co.
Lexington Insurance Co.
Liberty Ins. Underwriters, Inc.
Liberty Mutual
Liberty Mutual Insurance Company
Liberty Mutual Insurance Europe Ltd.
Lloyd's of London
Magna Carta Insurance Ltd.
Max Re - Side-A DIC (Bermuda)
Max Re (Bermuda)
Max Re (Bermuda) Ltd.
National Union
National Union Fire Insurance Co.
National Union Fire Insurance Co.
Pittsburgh, PA
Quanta Specialty Lines Insurance Company
RLI Insurance Co.
SR Int'l Business Ins. Co. Ltd.
St. Paul Re (Bermuda) Ltd.
St. Paul Fire & Marine Ins. Co.
St. Paul Mercury Insurance Co.
Starr Excess (Bermuda)
Starr Excess Liability Ins. Int'l Ltd. (Bermuda)
Starr Excess Liability Insurance International Ltd. (Ireland)
Travelers Indemnity Co. of Illinois
Twin City Fire Insurance Company
WIN General Ins., Inc.
XL Insurance America, Inc.
XL Insurance Ltd. (Bermuda)
XL Specialty Insurance Company
Zurich
Zurich American Ins. Co.

**Publicly Identified Shareholders**
Brandes Investment Partners L.P.
Brandes Investment Partners, Inc.
Brandes Worldwide Holdings, L.P.
Charles H. Brandes
Jeffrey A. Busby
Glenn R. Carlson
A. Dano Davis
Robert D. Davis
T. Wayne Davis
Davis Family Special Trust 2004
Davis Family Irrevocable Term Trust
DAVFAM Ltd.
DAVFAM II, Ltd.
D.D.I., Inc.

Scott A. Oko, Trustee, Davis Family Special Trust 2004
SIVAD Investors, LLC
SIVAD Investors II, LLC
Charles P. Stephens

**Accountants**
KPMG L

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                    :
                                                         :    Chapter 11 Case No.
                                                         :
WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>,           :    Case No. 05-11063 (RDD)
                                                         :
            Debtors.                                     :    (Jointly Administered)
                                                         :
-----------------------------------------------------------------x

## ORDER AUTHORIZING DEBTORS TO RETAIN
## <u>BAIN & COMPANY, INC. TO PROVIDE FINANCE GROUP SUPPORT SERVICES</u>

Upon the Application (the "Application") of Winn-Dixie Stores, Inc. and its debtor

affiliates (collectively, the "Debtors") for an order pursuant to section 327 of the Bankruptcy

Code approving the continued retention of Bain & Company, Inc. ("Bain"), <u>nunc</u> <u>pro</u> <u>tunc</u> to the

Petition Date, to provide finance group support services to the Debtors, all as more fully set forth

in the Application; and upon consideration of the Declaration of Pratap C. Mukharji and

Disclosure of Compensation (the "Mukharji Declaration"); and the Court having jurisdiction to

consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334

and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for

the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration

of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided to (i) counsel to the U.S. Trustee,

(ii) counsel for the Debtors' postpetition secured lenders, (iii) counsel for the Creditors'

Committee, (iv)  the other parties in interest named on the Master Service List maintained in

these cases, and (v) counsel to Bain, and no other or further notice being required; and the relief

requested in the Application being in the best interests of the Debtors, their estates, and creditors;

and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to retain Bain, <u>nunc</u> <u>pro</u> <u>tunc</u> to the Petition Date, to provide finance group support services, on the terms set forth in the Application, the Mukharji Declaration, and the letter agreement between the Debtors and Bain, dated February 18, 2005 and attached to the Application as <u>Exhibit A</u>.; and it is further;

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Bain's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that Bain shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court, and it is further

ORDERED that notwithstanding the previous paragraph, Bain shall not be required to maintain detailed time records but shall submit fee applications containing the following information: (a) an invoice containing, in summary format, the name of each professional and the aggregate amount of time spent during the applicable month by each such individual in rendering services on behalf of the Debtors; provided, however, that Bain shall not be required to provide in any fee invoice any time entries or work descriptions; (b) an invoice

itemizing the type and amount of expenses incurred during that month; and (c) detailed records

for the fees and expenses incurred by its outside counsel for which Bain seeks reimbursement.

   ORDERED that, to the extent that any retainer received by Bain from the Debtors

remains after application to pre-petition fees, charges, costs, or expenses, Bain is authorized to

hold such remaining retainer for application to allowed amounts owed pursuant to Bain's final

application in these cases; provided, however, that Bain shall hold the remaining retainer as

funds clearly designated for the account of the Debtors; and provided, further, however, that any

party in interest may at any time challenge the use and application of the retainer by Bain; and

provided, further, however, that to the extent the prepetition retainer is insufficient to satisfy all

pre-petition fees, charges, costs, or expenses, Bain shall waive any unpaid pre-petition fees,

charges, costs, or expenses; and it is further

   ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order; and it is further

   ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the

Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: _____ ___, 2005
  New York, New York


        _____
        UNITED STATES BANKRUPTCY JUDGE

3

981968-New York Server 7A - MSW