**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re                                                  :
                                                       :     **Chapter 11**
                                                       :
**WINN-DIXIE STORES, INC., <u>et al.</u>,**            :     **Case No. 05-11063 (RDD)**
                                                       :
            Debtors.                                   :     **(Jointly Administered)**
                                                       :
-------------------------------------------------------------x

**INTERIM ORDER AUTHORIZING DEBTORS**
**TO EMPLOY XROADS SOLUTIONS GROUP, LLC AS**
**FINANCIAL AND OPERATIONS RESTRUCTURING CONSULTANTS**

Upon the application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Section 327(a) of the Bankruptcy Code for authority to employ XRoads Solutions Group, LLC ("XRoads") as financial and operations restructuring consultants, all as more fully set forth in the Application; and upon consideration of the declaration and supplemental declaration of Dennis I. Simon (the "Simon Declarations"); and upon consideration of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the

Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and no other or further notice being required; and the relief requested in the Application being in the best interests of the Debtors, their estates, and creditors on an interim basis; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein on an interim basis; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"), to be held at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York; and it is further

ORDERED that the Debtors shall serve upon all creditors of the Debtors a notice in a form approved by the Office of the United States Trustee that discloses to the service parties the material terms of XRoads' proposed compensation (the "Notice"); and it is further

ORDERED that the Final Hearing Date shall be no earlier than May 25, 2005, with the actual date thereof to be set forth in the Notice; and it is further

ORDERED that any objection to the relief requested by the Application on a final basis must be filed with the Court and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; (ii) D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; (iii) Dennis F. Dunne, Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; and (iv) Dennis I. Simon, XRoads

Solutions Group, LLC, 400 Madison Avenue, Third Floor, New York, New York 10017, so as to be received by 4:00 p.m. on the date that is three days prior to the Final Hearing Date, which deadline shall be set forth in the Notice; and it is further

ORDERED that the Debtors are authorized to retain XRoads as their financial and operations restructuring consultants on an interim basis, pursuant to Section 327(a) of the Bankruptcy Code, as of February 21, 2005 (the "Petition Date") on the terms set forth in the Application, the Simon Declarations, and Agreement (as defined in the Application) as modified by the Simon Declarations; provided, however, that in the event of any inconsistency between this Order and the Application, the Simon Declarations, and Agreement (as defined in the Application) as modified by the Simon Declarations, this Order shall govern; and it is further

ORDERED that if any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, XRoads' employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that XRoads shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court; and it is further

ORDERED that, notwithstanding the preceding paragraph, upon entry of a final order if so approved by such final order, fees paid to XRoads shall not hereafter be subject to challenge except under the standard of review set forth in Section 328(a) of the Bankruptcy Code; and further provided that, notwithstanding the preceding clause, the United States Trustee and the official committee of unsecured creditors retain all rights to object to XRoads' interim and final fee applications (including expense reimbursement) on all grounds, including but not

limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

ORDERED that XRoads shall provide forty-five (45) days' notice of any application for deferred fees and/or performance fees based upon the consummation of one or more Qualifying Transaction (as defined in the Agreement, which is defined in the Application), which notice shall be provided to the United States Trustee, counsel for the official committee of unsecured creditors, counsel for the Debtors' secured lenders, and the parties named on the master service list maintained in these cases; and it is further

ORDERED that XRoads' application for any performance fee in excess of $1,250,000 shall be permitted upon the Debtors' Board of Director's determination that such additional amount is warranted based on XRoads performance for the Debtors including but not limited to an analysis of the over-all contribution to the reorganization process made by XRoads, and the respective recoveries achieved by the various constituencies in the case; and it is further

ORDERED that XRoads shall not seek reimbursement from the Debtors of any legal fees or expenses related to XRoads' employment pursuant to the Agreement or the Application; and it is further

ORDERED that XRoads shall contemporaneously maintain time entries in six-minute increments for each individual working on the engagement; and it is further

ORDERED that, to the extent that any pre-petition retainer received by XRoads from the Debtors remains after application to pre-petition fees, charges, costs, or expenses, XRoads is authorized to hold such remaining retainer for application to allowed amounts owed pursuant to XRoads' final application in these cases; provided, however, that XRoads shall hold the retainer in a segregated account as funds clearly designated for the account of the Debtors

and make periodic interest payments to the Debtors; and provided, further, however, that any party in interest may at any time challenge the use and application of the retainer by XRoads; and provided further, however, that to the extent the pre-prepetition retainer is insufficient to satisfy all pre-petition fees, charges, costs, or expenses, XRoads shall waive any unpaid pre-petition fees, charges, costs, or expenses; and it is further

ORDERED that within five (5) days of the entry of this Order, the Debtors shall serve a copy of this Order on the Office of the United States Trustee, counsel for the Debtors' pre-petition secured lenders, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' proposed debtor-in-possession lenders, counsel to the official committee of unsecured creditors, and the parties named on the master service list maintained in these cases; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated:  March 29, 2005
       New York, New York

                                                              /s/ Robert D. Drain
                                            UNITED STATES BANKRUPTCY JUDGE