UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of ) | |
| ) | Case No. 05-11063 (RDD) |
| Winn-Dixie Stores, Inc., et al ) | |
| ) | |
| Debtors, ) | |
| ) | |

## LIMITED OBJECTION BY CANE RIVER ASSOCIATES TO THE DEBTORS' REJECTION OF CERTAIN UNEXPIRED REAL PROPERTY LEASES AND THE PROCEDURES ASSOCIATED WITH PROPOSED REJECTION OF ADDITIONAL LEASES

Cane River Associates, by its undersigned counsel, submits this limited objection ("Objection"), to Debtors' Motion for an Order Authorizing Objection of Certain Unexpired Real Property Leases (the "Rejection Motion"), for the reasons set forth herein.

1. Debtors filed the Rejection Motion on February 23, 2005, with this Court. In the Rejection Motion the Debtors sought to reject numerous leases effective as of February 28, 2005.

2. Cane River Associates, a New York General Partnership, is the owner of a shopping center (hereinafter the "Cane River Shopping Center"), and a party to that certain lease covering store #1565, dated February 25, 1977 between Charles M. Gremillion and Mercedes Spedale Gremillion and Winn-Dixie Louisiana, Inc., the

Leasee. All rights, title and interest of sale Charles M. Gremillion and Mercedes Spedale Gremillion, his wife, were transferred to and as presently vested in Cane River Associates. The Debtors ceased operations at the Cane River Shopping Center on June 24, 1998, the lease was not terminated by the Debtors.

3. Cane River Associates is filing this "limited" objection Rejection Motion because (1) although it does not challenge the Debtors' right to exercise its business judgment and select the locations where rejection is to take place, no adequate notice of termination was given, and (2) Debtor was still in possession of the demised premises until March 2, 2005 and was obligated in accordance with its lease to *"yield up the Demised Premises and all additions, (except signs, equipment and trade fixtures installed by Tenant at its' expense) at the termination of the tenancy in as good and tenantable condition as the same are at the beginning of Tenant's Occupancy, reasonable wear and tear, etc."*

4. The Landlord was never served with notice of the Rejection Motion.

5. Until the Debtor has received approval from the Bankruptcy Court to reject the lease, it is responsible for all of its obligations pursuant to the Lease, including rental obligations.

6. Pursuant to 11 U.S.C. Section 365(c), the Debtor is obligated to perform all of its obligations under the Lease until such time as rejection of the lease has been

2

authorized by the Court. In accordance with the bankruptcy code, a rejection of a lease may only occur by the court's order on notice made to all the parties. Notice of Motion must be given in accordance with Rule 914 so as to afford the parties a reasonable opportunity to respond. A notice of motion was never served on the Landlord. Clearly, a motion made on February 23, 2005 and never received by the Landlord, which is deemed to be effective on February 28, 2005, does not afford Cane River Associates a reasonable opportunity to object, analyze its legal rights, and make arrangements for an orderly termination of the Lease and pursue other potential tenants. Therefore, Cane River requests that the Debtor be required to give at least sixty (60) days notice of its intention to reject the lease from the date hereof.

7. The Debtor's lease with Cane River requires that upon a surrender of that lease the property be delivered "in as good and tenantable condition as the same are at the beginning of tenant's occupancy". Section 365 of the bankruptcy code also requires the Debtor comply with all of its obligations pursuant to the lease which it is seeking to reject until such time as the Court approves the rejection. Therefore, the Debtor should also be required to vacate and clean the premises to essentially the same condition as it was at the beginning of its tenancy, reasonable wear and tear excepted, prior to surrender.

8. The Court should further deny Debtors' motion to reject the lease until such time as Cane River Associates can ascertain the condition of the space, and any order should require the Debtor to clean the Demised Premises in the condition required by the lease prior to authorizing the surrender.

WHEREFORE, Cane River Associates requests that this court modify its order as follows:

    a)    Requiring the Debtor provide Cane River at lease sixty (60) days notice of rejection of the lease from the date hereof;

    b)    Requiring the Debtor comply with its obligation under the lease and vacate the Demised Premises in accordance with the terms of the lease.

Dated: New York, New York
March 9, 2005

Respectfully submitted,

CANE RIVER ASSOCIATES

By: _____
David B. Katz, Esq.,
its attorney

Office of the United States Trustee for
The Southern District of New York
33 Whitehall Street, 21st Floor
New York, N.Y. 10004

Skadden, Arps, Slate, Meager &
  Flom, LLP
Four Times Square
New York, N.Y. 10036
Attention: D. J. Baker, Esq.

Borders, King & Spalding, LLP
191 Peachtree Street
Atlanta, GA 30303
Attention: Sarah Robinson, Esq.