**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRIC OF NEW YORK**

---------------------------------------------------------------- x

In re:                                              :            Chapter 11
                                                    :
Winn-Dixie Stores, Inc., et al.,                    :            Case No. 05-11063 (RDD)
                                                    :
                          Debtors.                  :            Jointly Administered
                                                    :
                                                    :
                                                    :
---------------------------------------------------------------- x


**DECLARATION OF SAUL E. BURIAN IN SUPPORT OF APPLICATION
PURSUANT TO BANKRUPTCY RULE 2014(A) FOR AN ORDER UNDER
SECTIONS 328(A) AND 1103(A) OF THE BANKRUPTCY CODE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOULIHAN
LOKEY HOWARD & ZUKIN CAPITAL AS FINANCIAL ADVISOR FOR THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS**


SAUL E. BURIAN, under penalty of perjury, declares and says:

1.      I am a Managing Director of the firm of Houlihan Lokey Howard & Zukin

Capital ("Houlihan Lokey"), a financial advisory firm that maintains an office at 245 Park

Avenue, New York, New York 10167.  I am authorized to execute this declaration on behalf of

Houlihan Lokey, and submit this declaration pursuant to Sections 328(a) and 1103(a) of Title 11

of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and

Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

in support of the Application (the "Application")[1] of the Official Committee of Unsecured

Creditors appointed in the above-referenced Chapter 11 cases (the "Committee") to employ and

retain Houlihan Lokey as financial advisor.  Except as otherwise indicated, I have personal

---

[1]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Application.

knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

## Qualifications Of Houlihan Lokey

2.      Houlihan Lokey has nine offices worldwide, and employs more than three hundred (400) professionals who provide investment banking and financial advisory services and execution capabilities in a variety of areas including mergers and acquisitions and financial restructuring, where Houlihan Lokey is one of the leading investment bankers and advisors to debtors, bondholder groups, secured and unsecured creditors, acquirers, and other parties-in-interest involved in financially distressed companies, both in and outside of bankruptcy. Houlihan Lokey's Financial Restructuring Group has over one hundred (100) professionals dedicated in this area.

3.      Houlihan Lokey has served as a financial advisor in some of the largest and most complex restructuring matters in the United States, including serving as the financial advisor to the debtors in the Chapter 11 proceedings of *XO Communications, Inc.*, *Stage Stores, Inc.*, *Purina Mills, Inc.*, *AmeriServe Food Distribution, Inc.*, *McLeod USA*, *Covad Communications, Inc.*, *Tokheim Corporation* and *Arthur D. Little, Inc.*, and as the advisor to the official creditors committees in *Enron Corporation*, *WorldCom, Inc.*, *Magellan Health Services, Inc.*, *Tower Automotive, Inc.*, *Laidlaw, Inc.* and *The Loewen Group, Inc.*, just to name a few of its restructuring engagements.  In addition, through its role in these and other restructuring engagements, Houlihan Lokey has developed considerable expertise in many of the issues that will be presented in this engagement.

---

[2]      Certain of the disclosures herein relate to matters within the knowledge of other professionals at Houlihan Lokey and are based on information provided by them.

**Services To Be Rendered**

4.     If the Application is approved, Houlihan Lokey will provide financial advisory and other related services as contemplated under the Engagement Letter and as may be requested by the Committee, including, but not limited to, the following:

a)     Evaluating the assets and liabilities of the Debtors;

b)     Analyzing and reviewing the financial and operating statements of the Debtors;

c)     Analyzing business plans and forecasts of the Debtors;

d)     Evaluating all aspects of the Debtors' DIP financing; cash collateral usage and adequate protection therefor; any exit financing in connection with any chapter 11 plan and any budgets relating thereto; and any KERP or similar proposed compensation plan or program;

e)     Assisting the Committee, as needed, in identifying potential alternative sources of liquidity in connection with any chapter 11 plan or otherwise;

f)     Providing such specific valuation or other financial analyses as the Committee may require in connection with the cases;

g)     Representing the Committee in negotiations with the Debtors and third parties with respect to any of the foregoing;

h)     Providing testimony in court on behalf of the Committee, if necessary; and

i)     Assessing the financial issues and options concerning (a) the sale of any assets of Winn-Dixie and/or its non-debtor affiliates, either in whole or in part, and (b) the Debtors' chapter 11 plan(s) or any other chapter 11 plan(s).

**Professional Compensation**

5.     If the Application is granted, Houlihan Lokey will be entitled to fees and expense reimbursements as more fully set forth in the Engagement Letter, and I respectfully refer this Court to the Engagement Letter for a full recitation of its terms.  In summary, if the Application

is approved, Houlihan Lokey will be entitled to receive the following fees, pursuant to Section

328(a) of the Bankruptcy Code (and subject to final approval of the Bankruptcy Court):

> a) a monthly fee (the "Monthly Fee") equal to $100,000 per month, payable in cash for each month or any part thereof.
>
> b) an additional fee (a "Distribution Fee") equal to 0.75% of the aggregate value received by the non-priority unsecured creditors of the Company. The Distribution Fee shall be paid in the same consideration received by the non-priority unsecured creditors of the Company (including but not limited to all related rights, options and contractual benefits); provided, however, that the Committee may determine, in its sole discretion, that the Distribution Fee be paid in cash at a value to be determined by Houlihan Lokey and the Committee as of the effective date of a plan of reorganization or other relevant distribution date.[3] If paid in kind, the Distribution Fee shall be paid as and when distributions are made to non-priority unsecured creditors of the Company (whether pursuant to a plan of reorganization or any other manner approved by the Bankruptcy Court). The Distribution Fee shall be reduced by one hundred percent (100%) of all Monthly Fees paid to Houlihan Lokey after the twelfth Monthly Fee that was timely paid, but in no event shall the Distribution Fee be reduced to less than zero.
>
> c) Houlihan Lokey shall been entitled to reimbursement of all out-of-pocket expenses reasonably incurred by Houlihan Lokey before termination (or related to Houlihan Lokey's pre-termination services) in connection with the matters contemplated by the Engagement Letter. Out-of-pocket expenses include, but are not limited to, all reasonable travel expenses, duplicating charges, on-line service charges, messenger services, delivery services, meeting services, long distance and mobile telephone and facsimile charges incurred by Houlihan Lokey.

---

[3] For the purpose of calculating the value of the consideration received by non-priority unsecured creditors of the Debtors, all consideration received, including, without limitation, cash, debt securities, equity securities, property, rights, options and other interests and consideration, will be valued using one of the following three methods, in order of preference: (i) to the extent such securities are traded on a when-issued basis and the market for these securities is reasonably liquid, the securities will be valued at the mean of the closing bid and asked quotations averaged for the ten trading days immediately prior to the effective date of the relevant plan of reorganization or the applicable distribution date for the securities, whichever is more appropriate (the "Value Date"); (ii) to the extent such securities have not been traded prior to the Value Date or if the market for such securities is not reasonably liquid, and the 8.875% Senior Notes due 2008 ("Senior Notes") continue to trade and the market for the Senior Notes is reasonably liquid, the mean of the closing bid and asked quotations averaged for the ten trading days immediately prior to the Value Date will be used as a proxy to value the securities and such other consideration being distributed in repect of the Senior Notes; or (iii) to the extent the trading price of the Senior Notes is not available or is not a fair proxy for value, then debt securities will be valued at face value and, for all other securities, consideration and assets to be distributed to the non-priority unsecured claims of the debtors, Houlihan Lokey and the Committee will mutually agree on a fair valuation thereof for the purposes of calculating the Distribution Fee.

6.      No promises have been received by Houlihan Lokey, its officers or employees as to compensation in connection with this case other than as disclosed herein.  Houlihan Lokey has no agreement with any other entity to share with such entity any compensation received by it in connection with this case, except as permitted by Section 504 of the Bankruptcy Code.

7.      In order to perform these services in a cost-effective manner, Houlihan Lokey will endeavor when possible to work with the retained professionals in these cases so as to avoid duplicating work or creating unnecessary work.  The Committee is also seeking to retain Alvarez and Marsal ("A&M") as described in the relevant applications.  Both Houlihan Lokey and A&M have undertaken to coordinate their services to the Committee to minimize any potential duplication in the services provided and any potential burden on the Debtors and their professionals.  For example, Houlihan Lokey and A&M, in consultation with the Debtors and their professional advisors, have already developed a protocol with respect to coordinating and consolidating any and all information requests to the Debtors through a designee of the Debtors. Should the situation arise, Houlihan Lokey and A&M have agreed to share, if necessary, information each receives from the Debtors.  This should eliminate the need to separately request information from the Debtors that is already in the possession (or previously requested) by the other.  Furthermore, Houlihan Lokey and A&M will coordinate telephone conferences and meetings with the Debtors and/or its professional so that, if the topic(s) or information to be discussed is also relevant to a matter within the other's scope of responsibility, the other will be informed and the topics/ information can be discussed efficiently and without duplication. Houlihan Lokey and A&M will endeavor to continue to develop procedures during the case to ensure minimal burden on the Debtors ad its professionals.

8.      While Houlihan Lokey compensation will be determined pursuant to Section 328 of the Bankruptcy Code, Houlihan Lokey will nevertheless file and serve requests for interim and final compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Court and any administrative orders establishing procedures for the interim compensation and reimbursement of expenses of professionals to be issued in these cases.

9.      To the best of my knowledge, the compensation arrangement described above is consistent with and typical of arrangements entered into by Houlihan Lokey and other investment banks and financial advisory firms with respect to rendering similar services for clients such as the Committee.

## **Indemnification**

10.     The Debtors have agreed to indemnify Houlihan Lokey and certain related persons in accordance with the indemnification provisions attached to and made a part of the Engagement Letter.

## **Disinterestedness**

11.     Houlihan Lokey is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14) in that Houlihan Lokey:

a)   is not a creditor, equity security holder or insider of the Debtors;

b)   is not and was not an investment banker for any outstanding security of the Debtors;

c)   has not been, within three (3) years before the date of the filing of the Debtors' Chapter 11 petition, (i) an investment banker for a security of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors; and

d)  is not and, was not, within two (2) years before the date of the filing of the Debtors' Chapter 11 petition, a director, officer, or employee of the Debtors' or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

12.     For a short time prior to the Debtors' petition date, Houlihan Lokey informally advised an Ad-hoc Committee ("Ad-hoc Committee") of noteholders of Winn-Dixie.  Houlihan Lokey did not receive any consideration for its services prior to the Petition Date.

13.     To the best of my knowledge, information and belief after reasonable inquiry, other than in connection with this case and as set forth below and in paragraphs 13 and 14, neither I, Houlihan Lokey and its affiliates, nor any of our professionals or employees participating in or connected with Houlihan Lokey's engagement with the Debtors (i) is related to the Debtors or any other party in interest herein, the United States Trustee or anyone employed in the United States Trustee's Office; or (ii) has any connection with or holds or represents any interest adverse to the Debtors, its estate, its creditors or any other party in interest herein or their respective attorneys in the matters on which Houlihan Lokey is proposed to be retained.  Specifically:

a)  From time to time, Houlihan Lokey has provided services, and likely will continue to provide services, to certain creditors and/or equity security holders of the Debtors and various other parties adverse to, or otherwise connected to, the Debtors in matters unrelated to these chapter 11 cases.  As described below, however, Houlihan Lokey has undertaken a detailed search to determine, and to disclose, whether it has been employed by any significant unsecured creditors, equity security holders, insiders or other parties in interest in such unrelated matters;

b)  Houlihan Lokey provides services in connection with numerous cases, proceedings and transactions unrelated to these chapter 11 cases, including representing debtors and creditors' committees in chapter 11 proceedings and in out-of-court restructurings.  These unrelated matters involve numerous attorneys, professionals, creditors and equity holders, some of whom are or may be attorneys, professionals, creditors or equity holders of the Debtors in these chapter 11 cases;

7

c)   Houlihan Lokey personnel may have business associations with certain creditors of the Debtors unrelated to these chapter 11 cases.  In addition, in the ordinary course of its business, Houlihan Lokey will work with and engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in these chapter 11 cases;

c)   Houlihan Lokey has thousands of clients, past and present, which are located throughout the North and South America, Asia and Europe, in a variety of industries, including certain parties who are, or may be creditors of the Debtors.  As far as I have been able to determine, however, Houlihan Lokey has not advised any of these parties, or any other party-in-interest in connection with these chapter 11 cases; and

d)   Houlihan Lokey is affiliated with two investment funds, Sunrise Capital Partners, LP and Century Park Capital Partners, LP.  While neither of these funds have any investments in the Debtors, it is possible that they may have made, or currently hold investments in certain of the creditors in these chapter 11 cases.  Houlihan Lokey will supplement this Affidavit if an officer working on this engagement becomes aware of any specific material investment in any such creditor.

14.    To determine its relationship with parties-in-interest in this case, Houlihan Lokey researched its client databases to determine whether it has any relationships with the entities (collectively, the "Interested Parties") that were identified to Houlihan Lokey by counsel to the Debtors ("Debtors' Counsel"). I have been informed that this list was checked and supplemented by Debtors' Counsel to confirm that it includes:

a)   the Debtors and their non debtor affiliates, and certain joint ventures involving the Debtors, non-debtor affiliates and third-parties;

b)   the current and former directors and officers of the Debtors;

c)   the senior secured lenders of the Debtors;

d)   the mortgage holders of the Debtors;

e)   the top 50 trade creditors of the Debtors;

f)   parties with filed UCC financing statements;

g)  the indenture trustee;

h)  the senior unsecured noteholders and related funds and administrators of the Debtors;

i)  the lessors of real property under agreement with the Debtors;

j)  insurance companies of theDebtors;

k)  attorneys and other professionals of the Debtors;

l)  parties believed to hold material amounts of the Debtors' common and preferred stock; and

m)  other potentially adverse parties.

To the extent identified to date, Schedule 1 discloses Houlihan Lokey's relationships with Interested Parties that have any connection to the Debtors.  Schedule 1 shall be supplemented from time to time, as appropriate, in the event affiliated entities are added to the Interested Party list by Debtors' Counsel and/or further investigation of the Interested Parties yields additional information material to this engagement.

15.    If any new relevant facts or relationships are discovered or arise during the pendency of these Chapter 11 cases, Houlihan Lokey will use reasonable efforts to identify such further developments and will, if appropriate, promptly file a Supplemental Affidavit as required by Bankruptcy Rule 2014(a).

16.    To the best of my knowledge, information and belief, Houlihan Lokey is disinterested and holds no materially adverse interest as to the matters upon which Houlihan Lokey is to be retained. To the extent any new relevant facts or relationships are discovered or arise during the pendency of these Chapter 11 cases, Houlihan Lokey will use reasonable efforts to identify such further developments and will, if appropriate, promptly file a Supplemental Affidavit as required by Bankruptcy Rule 2014(a).   If this Court approves the proposed

employment of Houlihan Lokey by the Debtors, Houlihan Lokey will not accept any engagement or perform any service for any entity or other person than the Debtors in connection with these chapter 11 cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York

_MARCH 28_ , 2005

Saul E. Burian

MONICA URIBE
Notary Public, State of New York
No. 01UR6021228
Qualified in Richmond County
Commission Expires March 08, 2007

<u>Schedule 1</u>
Winn – Dixie Stores, Inc.
Parties-in-Interest to Whom Houlihan Lokey Has Provided Services

| HLHZ Client | Work Performed | Client Status |
|---|---|---|
| ***Debtors*** | | |
| None | NA | NA |
| | | |
| ***Non-Debtor Affiliates*** | | |
| None | NA | NA |
| | | |
| ***Current Officers and Directors*** | | |
| None | NA | NA |
| | | |
| ***Former Officers and Directors*** | | |
| None | NA | NA |
| | | |
| ***Senior Secured Lenders*** | | |
| Banc One Capital Markets | Tax | Former |
| CIT Group | Consulting and Litigation Support | Former |
| Fleet Capital | Non-Transaction Based Opinions and Collateral Valuation | Former |
| GE Capital and Affiliates | Non-Transaction Based Opinions, Exclusive Sale of Portfolio Companies, and Collateral Valuation | Former |
| GMAC Commercial Finance | Collateral Valuation | Former |
| Merrill Lynch & Company | ESOP | Former |
| PNC Equity Management Corporation | Creditor Advisors | Former |
| UBS Securities | Non-Transaction Based Opinion | Former |
| Wachovia Corporation | ESOP Update | Former |
| Webster Business Credit | Creditor Advisors | Former |
| Wells Fargo Bank | ESOP and General Financial Advisory Services | Former |
| Wells Fargo Foothill | Collateral Valuation and Non-Transaction Based Opinions | Former |
| | | |
| ***Mortgage Holders*** | | |
| None | NA | NA |
| | | |
| ***Top 50 Trade Creditors on a Consolidated Basis as of 2/18/05*** | | |
| Coca Cola Company | Litigation Support | Former |
| Conagra Foods | Transaction Based Opinion | Former |
| ConAgra Inc. | ESOP | Former |
| Del Monte Fresh Produce | Solvency and Fairness | Former |
| Georgia Pacific Corporation | Solvency | Former |
| Gerber Children's Wear | Tax | Former |
| Johnson & Johnson | Consulting | Former |
| Sara Lee Corporation | Non-Transaction Based Opinion | Former |
| Schreiber Foods | ESOP Update and General Financial Advisory | Former |

| | | |
|---|---|---|
| US Bancorp | Solvency | Former |
| Wyeth | Non-Transaction Based Opinion | Former |

***Parties with Filed UCC***
***Financing Statements***

| | | |
|---|---|---|
| Fleet Capital | Non-Transaction Based Opinion and Collateral Valuation | Former |
| GATX | Buyer Representation | Former |
| GATX Logistics | Solvency | Former |
| NCR Corporation | Non-Transaction Based Opinion | Former |
| US Bancorp | Solvency | Former |

***Indenture Trustee***

| | | |
|---|---|---|
| Wilmington Trust Company | Non-Transaction Based Opinion | Former |

***Senior Unsecured Noteholders***
***And Related Funds and***
***Administrators***

| | | |
|---|---|---|
| Credit Suisse First Boston | Consulting and General Financial Advisory Services | Former |
| First Eagle | Litigation Support | Former |
| Fortis Fund Services (Bahamas) | Transaction Based Opinion | Former |
| Prudential | Fairness, Non-Transaction Based Opinions, and Litigation Support | Former |
| Silver Point Capital | Creditor Advisory | **Current** |

***Lessors of Real Property***

| | | |
|---|---|---|
| AEGIS Consumer Funding | Litigation Support | Former |
| Aegis Realty, Inc. | Fairness | Former |
| Allied Capital | Portfolio Valuation | **Current** |
| Arlington Hospitality | General Financial Advisory | **Current** |
| Banc One Capital Markets | Tax | Former |
| Burlington | Solvency and Litigation Support | Former |
| Deutsche Bank | Tax, Collateral Valuation, Transaction Based Opinion | Former |
| First National Bank of Nevada | Non-Transaction Based Opinion, ESOP, and Consulting | Former |
| First National Bank of Newton | Consulting | Former |
| Galileo International | Stock Option Related Valuation and Non-Transaction Based Opinion | Former |
| GE Capital and Affiliates | Non-Transaction Based Opinions, Exclusive Sale of Portfolio Companies, and Collateral Valuation | Former |
| Lockwood Manufacturing | Consulting | Former |
| Midland Loan Service | Litigation Support | Former |
| ORIX Capital Markets | Buyer Representation | **Current** |
| PNC Equity Management Corporation | Creditor Advisors | Former |
| Teachers Retirement System | Non-Transaction Based Opinion | Former |
| Town & Country | Debtor Advisors | Former |
| Wachovia Corporation | ESOP Update | Former |
| Westland Properties, Inc. | Consulting | Former |

***Insurance Companies***

| | | |
|---|---|---|
| None | NA | NA |

***Publicly Identified Shareholders***

| | | |
|---|---|---|
| None | NA | NA |

***Accountants***

| | | |
|---|---|---|
| KPMG, LLP | Purchase Price Allocation | Former |
| KPMG, LLP | Non-Transaction Based Opinion | Former |
| Renden-Barton vs. KPMG | Litigation Support | Former |

"Fleet Capital Corporation (Financing to certain officers, employees and affiliated entities of Houlihan Lokey to fund their respective investments in certain affiliated merchant banking funds)".