**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
In re                          :  Chapter 11
                               :
WINN-DIXIE STORES, INC., <u>et al.</u>, :  Case No. 05-11063 (RDD)
                               :
                    Debtors.   :  (Jointly Administered)
--------------------------------x

**INTERIM ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103,
FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1,
AUTHORIZING EMPLOYMENT AND RETENTION OF HOULIHAN
LOKEY HOWARD & ZUKIN AS COMMITTEE'S FINANCIAL
<u>ADVISORS EFFECTIVE AS OF MARCH 3, 2005</u>**

This matter having come before the Court on the
application (the "<u>Application</u>") of the Official Committee of
Unsecured Creditors (the "<u>Committee</u>") of Winn-Dixie Stores, Inc.
and its affiliated debtors and debtors in possession in the
above-captioned cases (collectively, "<u>Winn-Dixie</u>" or the
"<u>Debtors</u>") for an order, under sections 328(a) and 1103 of title
11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended,
the "<u>Bankruptcy Code</u>"), rule 2014 of the Federal Rules of
Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local
Bankruptcy Rule 2014-1, authorizing the employment and retention
of Houlihan Lokey Howard & Zukin Capital ("<u>Houlihan</u>") as its
financial advisor effective as of March 3, 2005; and upon the
Declaration of Saul E. Burian, a Managing Director of Houlihan,
in support of the Application, (the "<u>Burian Declaration</u>"); and
the Court being satisfied, pending a final hearing on reasonable
notice, based on the representations made in the Burian

Declaration, that Houlihan does not represent any entity, other than the Committee, having an adverse interest in connection with these cases; and the Court being satisfied, pending a final hearing on reasonable notice, that the terms of compensation being sought by Houlihan, as described in the Engagement Letter[1] attached to the Application as Exhibit B are reasonable; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to Wachovia Bank, N.A., as agent for the Debtors' DIP lenders, (iv) the indenture trustee for the Debtors' noteholders, and (v) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the employment of Houlihan on an interim basis being in the best interests of the Debtors, their estates

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and creditors; and the Court having reviewed the Application and
the Burian Declaration; and the Court having determined that the
legal and factual bases set forth in the Application establish
just cause for the interim approval of the relief granted herein
pending a final hearing; and upon all of the proceedings had
before the Court; and after due deliberation and sufficient
cause appearing therefor, it is

ORDERED that the Application is granted on an interim
basis until such time as the Court conducts a final hearing on
this matter (the "Final Hearing Date"); and it is further

ORDERED that notice of the Final Hearing Date shall be
provided to the parties on the master service list and any other
party or entity whose specific rights or interests are directly
affected by this matter and the Final Hearing Date shall be no
earlier than _____, 2005; and it is further

ORDERED that any objection, and notice thereof, to the
relief requested by the Application on a final basis must be
filed with the Court, along with a copy to Chambers, and be
served upon (i) Richard C. Morrissey, the Office of the United
States Trustee for the Southern District of New York, 33
Whitehall Street, 21st Floor, New York, New York 10004; (ii)
D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times
Square, New York, New York 10036; (iii) Saul Burian, Houlihan
Lokey Howard & Zukin Capital, 245 Park Avenue, New York, NY

3

10167; and (iv) Dennis F. Dunne and Matthew S. Barr, Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 so as to be received by 4:00 p.m. three days prior to the Final Hearing Date; and it is further

ORDERED that the Committee is authorized to retain on an interim basis Houlihan as its financial advisor, pursuant to Sections 1103 and 328(a) of the Bankruptcy Code, as of March 3, 2005, on the terms set forth in the Application, the Engagement Letter, and the Burian Declaration; and it is further

ORDERED that if any supplemental affidavits or declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Houlihan's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that all compensation and reimbursement of expenses to be paid to Houlihan shall be subject to prior approval of this Court in accordance with the requirements under Sections 330 and 331 of the Bankruptcy Code and any order of this Court establishing procedures for monthly compensation and reimbursement of expenses; provided, however, that Houlihan shall not be required to maintain or provide detailed time records in connection with any of its fee applications; and provided further that Houlihan's monthly fees, during the

4

interim period, shall not hereafter be subject to challenge
except under the standard of review set forth in Section 328(a)
of the Bankruptcy Code; and further provided that,
notwithstanding the preceding clause, the United States Trustee
and the Debtors retain all rights to object to Houlihan's
interim and final fee applications (including expense
reimbursement) on all grounds, including but not limited to the
reasonableness standard provided for in Section 330 of the
Bankruptcy Code; and it is further

　　　　ORDERED that all requests of Houlihan for payment of
indemnity pursuant to the Engagement Letter shall be made by
means of an application (interim or final as the case may be)
and shall be subject to review by the Court to ensure that
payment of such indemnity conforms to the terms of the
Engagement Letter and is reasonable based upon the circumstances
of the litigation or settlement in respect of which indemnity is
sought; provided, however, that in no event shall Houlihan be
indemnified in the case of its own willful misconduct, gross
negligence, bad faith or self-dealing; and it is further

　　　　ORDERED that in no event shall Houlihan be indemnified
if a Debtor or a representative of the estate asserts a claim
for, and a court determines by final order that such claim arose
out of, Houlihan's own willful misconduct, gross negligence, bad
faith or self-dealing; and it is further

ORDERED that in the event Houlihan seeks reimbursement
for attorneys' fees from the debtors pursuant to the Engagement
Letter, the invoices and supporting time records from such
attorneys shall be included in Houlihan's own applications (both
interim and final), and such invoices and time records shall be
subject to the United States Trustee's guidelines for
compensation and reimbursement of expenses and the approval of
the Bankruptcy Court under the standards of Sections 330 and 331
of the Bankruptcy Code without regard to whether such attorney
has been retained under any provision of the Bankruptcy Code and
without regard to whether such attorneys' services satisfy
Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent
with the Engagement Letter, this Order shall govern; and it is
further

ORDERED that within five (5) days of the entry of this
Order, the Committee shall serve a copy of this Order on [the
Office of the United States Trustee, the indenture trustee for
the Debtors' senior note holders, counsel to the Agent for the
Debtors' debtor-in-possession lenders, the Debtors' fifty (50)
largest unsecured creditors on a consolidated basis, counsel to
the Committee, and any counsel or party that has filed a notice
of appearance or request for notice within such time; and it is
further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: _____, 2005
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
In re                            :  Chapter 11
                                 :
WINN-DIXIE STORES, INC., et al., :  Case No. 05-11063 (RDD)
                                 :
                      Debtors.   :  (Jointly Administered)
--------------------------------x

### FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY HOWARD & ZUKIN AS COMMITTEE'S FINANCIAL ADVISORS EFFECTIVE AS OF MARCH 3, 2005

This matter having come before the Court on the
application (the "Application") of the Official Committee of
Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc.
and its affiliated debtors and debtors in possession in the
above-captioned cases (collectively, "Winn-Dixie" or the
"Debtors") for an order, under sections 328(a) and 1103 of title
11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended,
the "Bankruptcy Code"), rule 2014 of the Federal Rules of
Bankruptcy Procedure (the "Bankruptcy Rules"), and Local
Bankruptcy Rule 2014-1, authorizing the employment and retention
of Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey") as
its financial advisor effective as of March 3, 2005; and upon
the Declaration of Saul E. Burian, a Managing Director of
Houlihan Lokey, in support of the Application (the "Burian
Declaration"); and upon the engagement letter between the
Committee and Houlihan Lokey, dated as of March 3, 2005 (the

"<u>Engagement Letter</u>"); and due and proper notice of the
Application and of this Final Order having been provided; and
the Court being satisfied, based on the representations made in
the Burian Declaration, that Houlihan Lokey does not represent
any entity, other than the Committee, having an adverse interest
in connection with these cases; and the Court being satisfied
that the terms of compensation being sought by Houlihan Lokey,
as described in the Engagement Letter, are reasonable; and the
Court having jurisdiction to consider the Application and the
relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334
and the Standing Order of Referral of Cases to Bankruptcy Court
Judges of the District Court for the Southern District of New
York, dated July 19, 1984 (Ward, Acting C.J.); and consideration
of the Application and the relief requested therein being a core
proceeding pursuant to 28 U.S.C. § 157(b); and venue being
proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409;
and the employment of Houlihan Lokey being in the best interests
of the Debtors, their estates and creditors; and the Court
having determined that the legal and factual bases set forth in
the Application establish just cause for the approval of the
relief granted herein; and upon all of the proceedings had
before the Court; and after due deliberation and sufficient
cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Committee is authorized to retain Houlihan Lokey, as of March 3, 2005, pursuant to Sections 1103 and 328(a) of the Bankruptcy Code, as its financial advisors on the terms set forth in the Application, the Engagement Letter, and the Burian Declaration; and it is further

ORDERED that if any supplemental affidavits or declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Houlihan Lokey's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that the terms of the Engagement Letter are "reasonable" as such term is used in section 328(a) of the Bankruptcy Code, and Houlihan Lokey shall be compensated in accordance with the terms of the Engagement Letter, and Houlihan Lokey's compensation in accordance with the terms of the Engagement Letter shall not hereafter be subject to challenge except under the standards of review under section 328(a) of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the preceding clause, all compensation and reimbursement of expenses to be paid to Houlihan Lokey shall be subject to prior approval of this Court,

3

and the United States Trustee shall retain all rights to object

to Houlihan Lokey's interim and final fee applications

(including expense reimbursement) on all grounds, including but

not limited to the reasonableness standards provided for in

section 330 of the Bankruptcy Code; provided, however, that

Houlihan Lokey shall not be required to maintain or provide

detailed time records in connection with any of its fee

applications; and it is further

ORDERED that all requests of Houlihan Lokey for

payment of indemnity pursuant to the Engagement Letter shall be

made by means of an application (interim or final as the case

may be) and shall be subject to review by the Court to ensure

that payment of such indemnity conforms to the terms of the

Engagement Letter and is reasonable based upon the circumstances

of the litigation or settlement in respect of which indemnity is

sought; provided, however, that in no event shall Houlihan Lokey

be indemnified in the case of its own willful misconduct, gross

negligence, bad faith or self-dealing; and it is further

ORDERED that in no event shall Houlihan Lokey be

indemnified if a Debtor or a representative of the estate

asserts a claim for, and a court determines by final order that

such claim arose out of, Houlihan Lokey's own willful

misconduct, gross negligence, bad faith or self-dealing; and it

is further

4

ORDERED that in the event Houlihan Lokey seeks reimbursement for attorneys' fees from the debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule
9013-1(b) that the Debtors file a memorandum of law in support
of the Application is hereby waived.

Dated: _____, 2005
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE