**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
In re                            :  Chapter 11
                                 :
WINN-DIXIE STORES, INC., <u>et al.</u>, :  Case No. 05-11063 (RDD)
                                 :
                     Debtors.    :  (Jointly Administered)
---------------------------------x

**INTERIM ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103,
FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1,
AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ &
MARSAL, LLC AS COMMITTEE'S OPERATIONS AND REAL
<u>ESTATE ADVISOR EFFECTIVE AS OF MARCH 4, 2005</u>**

This matter having come before the Court on the

application (the "<u>Application</u>") of the Official Committee of

Unsecured Creditors (the "<u>Committee</u>") of Winn-Dixie Stores, Inc.

and its affiliated debtors and debtors in possession in the

above-captioned cases (collectively, "<u>Winn-Dixie</u>" or the

"<u>Debtors</u>") for an order, under sections 328(a) and 1103 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended,

the "<u>Bankruptcy Code</u>"), rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local

Bankruptcy Rule 2014-1, authorizing the employment and retention

of Alvarez & Marsal, LLC ("<u>A&M</u>") as its operations and real

estate advisor effective as of March 4, 2005; and upon the

Affidavit of Martha E.M. Kopacz, a Managing Director of A&M, in

support of the Application, sworn to March 29, 2005 (the "<u>Kopacz</u>

<u>Affidavit</u>"); and the Court being satisfied, pending a final

hearing on reasonable notice, based on the representations made

in the Kopacz Affidavit, that A&M does not represent any entity, other than the Committee, having an adverse interest in connection with these cases; and the Court being satisfied, pending a final hearing on reasonable notice, that the terms of compensation being sought by A&M, as described in the Engagement Letter[1] attached to the Application as Exhibit B are reasonable; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel to the Debtors, (iii) counsel to Wachovia Bank, N.A., as agent for the Debtors' DIP lenders, (iv) the indenture trustee for the Debtors' noteholders, and (v) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the employment of A&M on an interim basis being in the best interests of the Debtors, their

---

[1]   Capitalized terms used but not otherwise defined herein shall have the
      meanings ascribed to them in the Application.

estates and creditors; and the Court having reviewed the
Application and the Kopacz Affidavit; and the Court having
determined that the legal and factual bases set forth in the
Application establish just cause for the interim approval of the
relief granted herein pending a final hearing; and upon all of
the proceedings had before the Court; and after due deliberation
and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on an interim
basis until such time as the Court conducts a final hearing on
this matter (the "Final Hearing Date"); and it is further

ORDERED that notice of the Final Hearing Date shall be
provided to the parties on the master service list and any other
party or entity whose specific rights or interests are directly
affected by this matter and the Final Hearing Date shall be no
earlier than _____, 2005; and it is further

ORDERED that any objection, and notice thereof, to the
relief requested by the Application on a final basis must be
filed with the Court, along with a copy to Chambers, and be
served upon (i) Richard C. Morrissey, the Office of the United
States Trustee for the Southern District of New York, 33
Whitehall Street, 21st Floor, New York, New York 10004; (ii)
D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times
Square, New York, New York 10036; (iii) Martha E.M. Kopacz,
Alvarez & Marsal, LLC, 600 Lexington Avenue, 6th Floor, New York,

NY 10022; and (iv) Dennis F. Dunne and Matthew S. Barr, Milbank,
Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York,
NY 10005 so as to be received by 4:00 p.m. three days prior to
the Final Hearing Date; and it is further

ORDERED that the Committee is authorized to retain on
an interim basis A&M as its operations and real estate advisor,
pursuant to Sections 1103 and 328(a) of the Bankruptcy Code, as
of March 4, 2005, on the terms set forth in the Application, the
Engagement Letter, and the Kopacz Affidavit; and it is further

ORDERED that if any supplemental affidavits or
declarations are filed and served after the entry of this Order,
absent any objections filed within twenty (20) days after the
filing and service of such supplemental declarations, A&M's
employment shall continue as authorized pursuant to this Order;
and it is further

ORDERED that all compensation and reimbursement of
expenses to be paid to A&M shall be subject to prior approval of
this Court in accordance with the requirements under Sections
330 and 331 of the Bankruptcy Code and any order of this Court
establishing procedures for monthly compensation and
reimbursement of expenses; provided that A&M shall not be
required to maintain or provide detailed time records in
connection with any of its fee applications; and provided
further that A&M's monthly fees, during the interim period,

shall not hereafter be subject to challenge except under the standard of review set forth in Section 328(a) of the Bankruptcy Code; and further provided that, notwithstanding the preceding clause, the United States Trustee and the Debtors retain all rights to object to A&M's interim and final fee applications (including expense reimbursement) on all grounds, including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

ORDERED that all requests of A&M for payment of indemnity pursuant to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified in the case of its own gross negligence or willful misconduct; and it is further

ORDERED that in no event shall A&M be indemnified if a Debtor or a representative of the estate asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own gross negligence or willful misconduct; and it is further

ORDERED that in the event A&M seeks reimbursement for attorneys' fees from the debtors pursuant to the Indemnity Agreement, the invoices and supporting time records from such attorneys shall be included in A&M's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that within five (5) days of the entry of this Order, the Committee shall serve a copy of this Order on the Office of the United States Trustee, the indenture trustee for the Debtors' senior note holders, counsel to the Agent for the Debtors' debtor-in-possession lenders, the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, counsel to the Committee, and any counsel or party that has filed a notice of appearance or request for notice within such time; and it is further

6

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: _____, 2005
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
In re                           :  Chapter 11
                                :
WINN-DIXIE STORES, INC., <u>et al.</u>, :  Case No. 05-11063 (RDD)
                                :
                      Debtors.  :  (Jointly Administered)
--------------------------------x

### FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL, LLC AS COMMITTEE'S OPERATIONS AND REAL <u>ESTATE ADVISORS EFFECTIVE AS OF MARCH 4, 2005</u>

This matter having come before the Court on the
application (the "<u>Application</u>") of the Official Committee of
Unsecured Creditors (the "<u>Committee</u>") of Winn-Dixie Stores, Inc.
and its affiliated debtors and debtors in possession in the
above-captioned cases (collectively, "<u>Winn-Dixie</u>" or the
"<u>Debtors</u>") for an order, under sections 328(a) and 1103 of title
11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended,
the "<u>Bankruptcy Code</u>"), rule 2014 of the Federal Rules of
Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local
Bankruptcy Rule 2014-1, authorizing the employment and retention
of Alvarez & Marsal, LLC ("<u>A&M</u>") as its operations and real
estate advisors effective as of March 4, 2005; and upon the
Affidavit of Martha E.M. Kopacz, a Managing Director of A&M, in
support of the Application (the "<u>Kopacz Affidavit</u>"); and upon
the engagement letter between the Committee and A&M, dated as of
March 4, 2005 (the "<u>Engagement Letter</u>"); and due and proper

notice of the Application and of this Final Order having been
provided; and the Court being satisfied, based on the
representations made in the Kopacz Affidavit, that A&M does not
represent any entity, other than the Committee, having an
adverse interest in connection with these cases; and the Court
being satisfied that the terms of compensation being sought by
A&M, as described in the Engagement Letter, are reasonable; and
the Court having jurisdiction to consider the Application and
the relief requested therein pursuant to 28 U.S.C. §§ 157 and
1334 and the Standing Order of Referral of Cases to Bankruptcy
Court Judges of the District Court for the Southern District of
New York, dated July 19, 1984 (Ward, Acting C.J.); and
consideration of the Application and the relief requested
therein being a core proceeding pursuant to 28 U.S.C. § 157(b);
and venue being proper before this Court pursuant to 28 U.S.C.
§§ 1408 and 1409; and the employment of A&M being in the best
interests of the Debtors, their estates and creditors; and the
Court having determined that the legal and factual bases set
forth in the Application establish just cause for the approval
of the relief granted herein; and upon all of the proceedings
had before the Court; and after due deliberation and sufficient
cause appearing therefor, it is

ORDERED that the Application is granted; and it is
further

2

ORDERED that the Committee is authorized to retain A&M, as of March 4, 2005, pursuant to Sections 1103 and 328(a) of the Bankruptcy Code, as its operations and real estate advisors on the terms set forth in the Application, the Engagement Letter, and the Kopacz Affidavit; and it is further

ORDERED that if any supplemental affidavits or declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental affidavits, A&M's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that the terms of the Engagement Letter are "reasonable" as such term is used in section 328(a) of the Bankruptcy Code, and A&M shall be compensated in accordance with the terms of the Engagement Letter, and A&M's compensation in accordance with the terms of the Engagement Letter shall not hereafter be subject to challenge except under the standards of review under section 328(a) of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the preceding clause, all compensation and reimbursement of expenses to be paid to A&M shall be subject to prior approval of this Court, and the United States Trustee shall retain all rights to object to A&M's interim and final fee applications (including expense

reimbursement) on all grounds, including but not limited to the reasonableness standards provided for in section 330 of the Bankruptcy Code; provided, however, that A&M shall not be required to maintain or provide detailed time records in connection with any of its fee applications; and it is further

ORDERED that all requests of A&M for payment of indemnity pursuant to the Indemnity Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Indemnity Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified in the case of its own gross negligence or willful misconduct; and it is further

ORDERED that in no event shall A&M be indemnified if a Debtor or a representative of the estate asserts a claim for, and a court determines by final order that such claim arose out of, A&M's own gross negligence or willful misconduct; and it is further

ORDERED that in the event A&M seeks reimbursement for attorneys' fees from the debtors pursuant to the Indemnity Agreement, the invoices and supporting time records from such attorneys shall be included in A&M's own applications (both

4

interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Application is hereby waived.

Dated: _____, 2005
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

5