UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                                     :

In re:                                         :
                                                     :       Chapter 11 Case No. 05-11063 (RDD)

WINN-DIXIE STORES, INC., *et al.*,      :
                                                     :       (Jointly Administered)

                        Debtors.   :
                                                 :
--------------------------------------------------------x

**INTERIM ORDER PURSUANT TO 11 U.S.C. § 327(A) AND RULE 2014(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

        Upon the application (the "Application") of Winn-Dixie Stores, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing the Debtors to employ and retain the law firm of Togut Segal & Segal LLP ("TS&S") as their conflicts counsel; and upon the affidavit of Albert Togut, Esq. (the "Togut Affidavit"); and the Court on an interim basis being satisfied based on the representations made in the Application and the Togut Affidavit that the partners, counsel, and associates of TS&S who will be engaged in this case represent no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, that they are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest and should be granted on an interim basis;

and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that, pursuant to section 327(a) of the Bankruptcy Code, the Application is granted on an interim basis; and it is further

**ORDERED**, that a final hearing on the Application shall be held as noticed on April 12, 2005, at 10:00 a.m.(EDT); and it is further

**ORDERED**, that pending entry of a final order, in accordance with section 327(a) of the Bankruptcy Code, the Debtors are authorized on an interim basis to employ and retain TS&S as their conflicts counsel, nunc pro tunc to February 28, 2005, to perform services for the matters which Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") cannot handle due to conflicts, and to perform other discrete duties as are assigned to TS&S by Skadden, Arps as generally described in the Application and the Togut Affidavit; and it is further

**ORDERED**, that TS&S shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and the interim compensation procedures order entered in this case; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: <u>March 30</u>, 2005
       New York, New York

                                      <u>/s/Robert D. Drain</u>
                                      United States Bankruptcy Judge