Hearing Date: April 12, 2005 at 10:00 a.m.
Objection Deadline: April 5, 2005 at 4:00 p.m.

SESSIONS, FISHMAN & NATHAN, L.L.P.
J. David Forsyth
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170
Telephone: (504) 582-1500
Facsimile: (504) 582-1564

Attorneys for Westland Plaza Associates, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                        :
                                             :   **Chapter 11**
WINN-DIXIE STORES, INC., et al.,             :
                                             :   **Case No. 05-11063 (RDD)**
                                             :
         Debtors.                            :   **(Jointly Administered)**
                                             :
---------------------------------------------------------------x

<u>**OBJECTION BY WESTLAND PLAZA ASSOCIATES, L.P.**
**TO DEBTORS' MOTION FOR ORDER UNDER**
**SECTION 365(d)(4) EXTENDING TIME WITHIN WHICH**
**DEBTORS MAY ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**</u>

NOW COMES Westland Plaza Associates, L.P. ("Westland"), by and through undersigned counsel, who is a lessor of non-residential real property located at 2526 Robinson Street in Jackson, Mississippi leased by the Debtors as Store No. 1305, who objects to Debtors' Motion for Order Under Section 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property, as follows:

1. Westland is the lessor of the shopping center located at 2526 Robinson Street in Jackson, Mississippi, at which one or more of the Debtors in these jointly administered cases is a tenant.

2. A hearing to consider the Debtors' motion seeking an additional 150 days, through September 19, 2005, to decide whether to assume or reject unexpired leases is scheduled for April 12, 2005.

3. The bankruptcy cases were commenced on February 21, 2005. The statutory period in which Debtors were to elect to assume or reject executory contracts and unexpired leases would terminate on or about April 22, 2005, unless extended by Bankruptcy Court order.

4. The Debtors have requested an extension until September 19, 2005.

5. While the size of the Debtors' operations may require some additional time for analysis to assist in the formulation of an acceptable business plan, Westland believes that the extension sought is excessive and unreasonable, and that it is being penalized by delay in the determination of assumption or rejection of leases. The existence of prepetition defaults ($28,654.43 is owed) and the delay in the Debtors' lease decisions affects Westland's own business decision planning.

6. Although there are many leases at issue, the Debtors have since already rejected 150 leases, reflecting that they have already taken time to analyze their leases. Indeed, current media reports indicate that the Debtors plan to outline their proposed store closures by mid-April.

7. This Court should keep the Debtors on a tight rein to further analyze leases and any extension granted should not exceed 60 days.

8.  In the enactment of the provisions of the Bankruptcy Code, especially §365(d)(4) and the other provisions concerning shopping centers, Congress attempted to balance public policy and the tension between debtor tenants and landlords. An extension for the duration sought by the Debtors would provide the Debtors with over seven (7) months to decide whether to assume or reject a lease. This delay prevents landlords from developing their own strategic planning. *See In re Bonita Glen II*, 152 B.R. 751 (Bankr. C.D. Calif. 1993)(purpose of § 365(d)(4) to strengthen protection to shopping center owners and address concern about delay and uncertainty for lessors). *See also, In re Aneiro*, 72 B.R. 424, 427 (Bankr. S.D. Calif. 1987) (§ 365(d)(4) "was clearly intended by Congress to protect lessors from delay and uncertainty surrounding assumption or rejection of nonresidential leases ... by requiring prompt action"); *In re Child World, Inc.*, 146 B.R. 89, 90 (Bankr. S.D.N.Y. 1992), *affirmed*, 147 B.R. 854 (S.D.N.Y. 1992) (an extension beyond 60 days may cause hardship to a landlord who does not know whether or not a lease will remain in effect and whether or not to seek another tenant).

9.  To delay the lease decisions for over seven (7) months is a penalty which Congress sought to avoid by enacting a 60 day period for the assumption or rejection of leases. While the Debtors may need some additional time, a delay until September 19, 2005 is an unwarranted penalty on the landlords.

10. Westland believes that if the Debtors' motion should be granted, the extension sought be limited to a date certain in June, 2005. This will allow the Debtors ample time to evaluate and decide which stores to keep and which stores to abandon, and at the same time minimize the period of uncertainty to landlords.

11. The Court could then set a date in June, 2005 to consider any further extension of the period to assume or reject leases, which would make operative the statutorily mandated balance between debtor tenants and landlords. At that time the Bankruptcy Court could determine if cause exists for any further extension of the lease decision making process.

12. Prompt analysis by the Debtors will also reduce the administrative expenses of accountants and attorneys involved in this matter. An extensive delay in the decision making process only serves the professionals and not the Debtors and the landlords.

13. Debtors are attempting to switch the burden of proof on the extension of the decision making process to the landlords. Debtors seek a 150 day extension. If granted the burden to set an earlier deadline would under the Debtors' motion switch the burden of persuasion to the landlords. This is not what the Bankruptcy Code provides.

14. Good cause has not been shown for an extension past June, 2005.

WHEREFORE, the Debtors' motion should not be granted as requested. The Debtors should be held to a shorter time period to decide on the assumption or rejection of nonresidential real estate leases, not beyond June, 2005.

Respectfully submitted:

SESSIONS, FISHMAN & NATHAN, L.L.P.
J. David Forsyth
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170
Telephone: (504) 582-1500
Facsimile: (504) 582-1564

By: ___/s/ J. David Forsyth___
J. DAVID FORSYTH
Attorneys for Westland Plaza Associates, L.P.

Date: March 31, 2005
H:\mob\WD\19649\P - Objection by Westland Plaza 032805.doc