SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
D. J. Baker (DB 0085)

Hearing Date: April 12, 2005, 10:00 a.m
Objection Deadline: April 8, 2005, 4:00 p.m

Attorneys for Debtors

GOLDBERG & SIMPSON, PSC
3000 National City Tower
Lousiville, KY 40202
Telephone: (502) 589-4440
Facsimile: (502) 585-8576
K. Gail Russell

Attorneys for the Commonwealth of Kentucky

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | |
|---|---|
| **In re** : | |
| : | **Chapter 11** |
| : | |
| **WINN-DIXIE STORES, INC., <u>et al.</u>,** : | **Case No. 05-11063 (RDD)** |
| : | |
| Debtors.<sup>1</sup> : | **(Jointly Administered)** |
| : | |

----------------------------------------------------------------x

**JOINT MOTION OF DEBTORS AND COMMONWEALTH OF KENTUCKY**
**FOR RELIEF FROM STAY TO ALLOW FOR CONTINUATION OF**
**<u>CONDEMNATION PROCEEDINGS</u>**

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors

and debtors-in-possession (collectively, the "Debtors"), together with the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Commonwealth of Kentucky (the "Commonwealth," and together with the Debtors, the "Movants"), respectfully represent:

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  Their cases are being jointly administered by order of this Court.

2.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.  The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees..  Substantially all of the Debtors' store locations are leased rather than owned.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested herein is section 362(d) of the Bankruptcy Code.

### Relief Requested

6. For the reasons set forth below, the Movants seek authority to modify the automatic stay to the extent necessary to allow the following two condemnation actions to proceed in the Boone Circuit Court of the Commonwealth of Kentucky against the predecessor by merger to Debtor Winn-Dixie Raleigh, Inc.: (a) <u>Commonwealth of Kentucky Transportation Cabinet Department of Highways v. Winn-Dixie Charlotte, Inc., a Florida Corporation (Successor by Merger to Winn-Dixie Midwest, Inc., a Florida Corporation), et al.</u>, Civil Action File No. 05-CI-110 ("Case Number 110") and (b) <u>Commonwealth of Kentucky Transportation Cabinet Department of Highways v. Chester DIX Florence Corp., a Delaware Corporation and Winn-Dixie Charlotte, Inc., a Florida Corporation (Successor by Merger to Winn-Dixie Midwest, Inc., a Florida Corporation), et al.</u>, Civil Action File No. 05-CI-111 ("Case Number 111" and, together with Case Number 110, the "Condemnation Actions").[2]

### Basis for Relief

7. On the Petition Date, the Condemnation Actions were being prosecuted by the Commonwealth in Boone Circuit Court. Through the Condemnation Actions, the Commonwealth seeks to obtain certain highway frontage located at two of the Debtors'

---

[2] The named defendant Winn-Dixie Charlotte, Inc. was merged into Winn-Dixie Raleigh, Inc. on December 23, 2004.

properties, one of which properties is owned (Case No. 110) and the other of which is leased (Case No. 111). In light of the Debtors' bankruptcy filing, the Debtors are afforded the protections of the automatic stay imposed by section 362(a) of the Bankruptcy Code. Consequently, absent the Court's willingness to grant relief from the automatic stay, the Condemnation Actions will not be permitted to proceed during the pendency of these bankruptcy cases.

8. It is respectfully submitted that the facts here presented warrant relief from stay because, unlike the significant burdens that would be placed upon the estate in defending most other types of actions (especially, given the early juncture of these chapter 11 cases), the nature of these Condemnation Actions are such that the Debtors believe that their continued prosecution at this time will actually inure to the benefit of the Debtors' estates. Specifically, the Debtors believe that by defending these actions in the current forum, the Debtors will have the ability to (a) establish the value of small parcels of land that, while valuable, are not fundamentally necessary to the Debtors' ongoing business operations and (b) thereafter receive compensation for the Commonwealth's taking of such property if such taking is approved by the court. Under these unique circumstances, the Debtors submit that the balance of the harms tips decidedly in favor of allowing the Condemnation Actions to proceed.

**Applicable Authority**

9. Pursuant to section 362(a) of the Bankruptcy Code, the filing of a petition in bankruptcy "operates as a stay, applicable to all entities" of "the commencement or continuation . . . of a judicial, administrative, or other action against the debtor that was or could have been commenced before the commencement of the case under this title . . ." as well as a stay of "any act to create, perfect, or enforce any lien against property of the

4

estate." 11 U.S.C. § 362 (a) (1), (4).  Thus, in order for the Condemnation Actions to continue, the Movants must seek relief from the automatic stay.

10.    The statutory basis for such relief is set forth in section 362(d) of the Bankruptcy Code which, in pertinent part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest.…

11 U.S.C. § 362(d)(1).

11.    The Movants submit that, under the unique circumstances here presented, "cause" exist to grant relief from the automatic stay pursuant to section 362(d)(1). Because the term "cause" is not defined in the Bankruptcy Code, the courts must determine whether this standard has been satisfied.  See In re M.J. & K Co., Inc., 161 B.R. 586, 590-91 (Bankr. S.D.N.Y. 1993) (cause is viewed as an intentionally broad and flexible concept which must be determined on a case-by-case basis).  "Thus, the 'facts of each request will determine whether relief is appropriate under the circumstances.'"  In re Mazzeo, 167 F.3d 139, 142-143 (2d Cir. 1999) (citations omitted) (citing In re Sonnax Indus., Inc., 907 F.2d 1280, 1285-86 (2d Cir. 1990) (articulating twelve factors which may be considered by a court in deciding whether to lift a stay for "cause" to allow litigation to continue in another forum)).

12.    It is respectfully submitted that under the unique circumstances of the Condemnation Actions —actions as to which the Debtors have determined that (a) the estates are not being exposed to any risk, (b) necessary estate resources and manpower

will not be distracted from more important estate needs, (c) continued prosecution of the Condemnation Actions will result in an economic benefit to the estates, and (d) the public welfare and safety is benefited by the continued prosecution of such actions (based upon the Commonwealth's determination that the additional highway frontage will benefit the communities in which these stores are located), the lifting of the automatic stay is appropriate.

13.    The Debtors have undertaken a careful analysis of all of these factors in reaching this conclusion.  Based upon the foregoing, the Movants submit that "cause" clearly exists for granting the relief requested herein.

## Notice

14.    Notice of this Motion has been provided to (a) counsel to the U.S. Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, and (d) the other parties in interest named on the Master Service List maintained in these cases.  The Debtors submit that no other or further notice need be given.

## Waiver of Memorandum of Law

15.    Pursuant to Local Bankruptcy Rule 9013-1(b) for the Southern District of New York, because there are no novel issues of law presented herein, the Movants respectfully request that the Court waive the requirement that the Movants file a memorandum of law in support of this Motion.

WHEREFORE, based upon the foregoing, the Movants respectfully request that the Court enter an order (a) granting them relief from the automatic stay to permit the Condemnation Actions to proceed and (b) granting such other and further relief as the Court deems just and proper.

Dated: April 1, 2005
       New York, New York

/s/    D. J. Baker
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
Wilmington, Delaware 19801

Attorneys for Debtors

/s/    K. Gail Russell
K. Gail Russell
GOLDBERG & SIMPSON, PSC
3000 National City Tower
Lousiville, KY 40202
Telephone: (502) 589-4440
Facsimile: (502) 585-8576

Attorneys for the Commonwealth of Kentucky