**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | |
| | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No. 05-11063 (RDD)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------x

**ORDER GRANTING JOINT MOTION OF DEBTORS AND COMMONWEALTH OF KENTUCKY FOR RELIEF FROM STAY TO ALLOW FOR <u>CONTINUATION OF CONDEMNATION PROCEEDINGS</u>**

Upon the joint motion (the "Motion")[1] of (a) Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), and (b) the Commonwealth of Kentucky (the "Commonwealth," and together with the Debtors, the "Movants"), which Motion seeks entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit the following two condemnation actions commenced against one of the Debtors by the Commonwealth to proceed in Kentucky's Boone Circuit Court: (a) <u>Commonwealth of Kentucky Transportation Cabinet Department of Highways v. Winn-Dixie Charlotte, Inc., a Florida Corporation (Successor by Merger to Winn-Dixie Midwest, Inc., a Florida Corporation), et al.</u>, Civil Action File No. 05-CI-110 and (b) <u>Commonwealth of Kentucky Transportation Cabinet Department of Highways v. Chester DIX Florence Corp., a Delaware Corporation and Winn-Dixie Charlotte, Inc., a Florida Corporation (Successor by Merger to Winn-Dixie Midwest, Inc., a Florida Corporation), et al.</u>, Civil Action File

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

No. 05-CI-111 (collectively, the "Condemnation Actions"); and upon the record herein; and after due deliberation thereon; it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The automatic stay shall remain in full force and effect, except as modified herein.

2. The automatic stay is modified to the extent necessary to allow the Condemnation Actions to proceed before the Boone Circuit Court of the Commonwealth of Kentucky and for such Court to make a determination as to (a) whether cause exists for the property described therein to be condemned and (b) the amount that the Debtors are entitled to receive on account of such condemnation.

3. The automatic stay shall remain in full force and effect with respect to any other issues that may exist between the Commonwealth of Kentucky and the Debtors.

4. The 10-day stay provided under Fed. R. Bankr. P. 4001(a)(3) is hereby waived.

Dated:   New York, New York
         _____, 2005

_____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE