**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                         :   Chapter 11
In re                                                    :
                                                         :   05-11063 (RDD)
WINN-DIXIE STORES, INC., et al.,                         :
                                                         :   (Jointly Administered)
                                                         :
Debtors.                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### FINAL ORDER (A) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (B) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS

Upon the Motion dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for entry of an order authorizing the Debtors to return goods to vendors, providing administrative claim status for valid reclamation claims and establishing procedures for the treatment of reclamation claims, and prohibiting third parties from interfering with delivery of goods; all as more fully set forth in the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee,

(ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no other or further notice being required; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent provided below (subject to modification to the extent a consensual arrangement is reached by the Debtors and Vendors asserting Reclamation Claims for a further resolution of certain issues not resolved by the provisions of this Order); and it is further

ORDERED that if a vendor (a "Vendor") of goods ("Goods") has asserted a reclamation demand in accordance with Section 546(c)(1) of the Bankruptcy Code and/or with any statutory or common law right of a seller of goods that has sold goods to the Debtor, in the ordinary course of such Vendor's business to reclaim such goods if the Debtor has received such goods while insolvent, e.g. UCC § 2-702 (together, "Applicable Law"), and not offered by the Debtors for pick-up by the Vendor in accordance with ordinary pre-petition practices and procedures for return of goods applicable between the Vendor and the Debtors (a "Reclamation Claim"), then the following defenses to such Vendor's Reclamation Claim are hereby waived: (a) the failure of the Vendor to take any or all possible "self-help" measures with respect to such Goods; (b) the failure of the Vendor to institute an adversary proceeding against the Debtors seeking to (i) enjoin

- 2 -

~BALT1:4158418.v2

them from using or selling such Goods, (ii) compel the Debtors to segregate and/or account for the proceeds of such goods, or (iii) any other similar relief; (c) any requirement that the Vendor must identify or trace the Goods or the proceeds from a sale of the Goods that were delivered on or after the receipt of the notice of reclamation or entry of the interim order regarding reclamation procedures that was entered in this case (the "Interim Order Date"); and (d) all defenses based upon the sale or commingling of Goods to the extent that such a defense is based on a sale or commingling of proceeds from the sale of Goods that occurred on or after the receipt of the notice of reclamation or Interim Order Date, or other defense related to the passage of time and/or the delay resulting from the procedures adopted herein; and it is further

ORDERED notwithstanding any other provision of this Order, within 60 days after the entry of this Order, the Debtors, and/or any other party in interest, must file a notice (to be served on each Vendor asserting a Reclamation Claim) (the "Notice") asserting against Reclamation Claims any defense to the value of a Reclamation Claim, except to the extent of defenses waived in the preceding decretal paragraph, based upon (a) the existence of a prior perfected lien on the Goods or (b) the disposition of proceeds from the sale of Goods (collectively, the "Specific Reclamation Defenses"). The failure of the Debtors and/or any other party in interest to file a Notice shall bar the Debtors and/or all other parties in interest from the assertion of any Specific Reclamation Defenses to Reclamation Claims at any subsequent time notwithstanding, inter alia, the conversion of any of these bankruptcy cases to Chapter 7 or the subsequent appointment in any of the cases of a trustee. In the event that a Notice is filed, at the next omnibus hearing date that is held no less than three (3) business days after the filing of the Notice

~BALT1:4158418.v2

and in any event within three (3) weeks after the filing of the Notice (or at such earliest available time as this Court's schedule permits) a scheduling conference shall be held to consider procedures (including discovery) and dates for a determination as to Reclamation Claims of the Specific Reclamation Defenses as set forth in the Notice. The Vendors and any party asserting the Specific Reclamation Defenses reserve all rights to seek, and shall be entitled to pursue, reasonable discovery in connection with the assertion of any Specific Reclamation Defenses set forth in the Notice in conjunction with and incorporated into the procedures set forth below (the "Reclamation Procedures"); and it is further

ORDERED, notwithstanding the preceding decretal paragraph, the Debtors are authorized to implement the Reclamation Procedures; and it is further

ORDERED, that none of (i) the entry of the Financing Orders (as defined in paragraph 20 of the Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lenders, dated March 23, 2005), (ii) the provisions of and the relief granted in the Financing Orders, and/or (iii) any action taken (or not taken) pursuant to the Financing Orders, shall in any way affect the treatment or allowance of any Reclamation Claim. For purposes of the determination of Reclamation Claims, the entry of the Financing Orders does not effect an exercise of foreclosure rights in any

~BALT1:4158418.v2

respect and no party in interest may assert that the Financing Orders or any assignment of any pre-petition lien thereunder is in any way equivalent to, or an exercise of, foreclosure rights. The two preceding sentences shall be referred to as the "Waiver Provisions." In the event that a Debtor or any party in interest files the Notice alleging that any Reclamation Claim is reduced or eliminated by a Specific Reclamation Defense, a Reclamation Creditor may serve a written notice (a "Waiver Notice") on Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attention: Sally McDonald Henry, and Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Dennis F. Dunne, stating that the Reclamation Creditor elects that the Waiver Provisions shall not apply to the determination of its Reclamation Claim. In the event that a Reclamation Creditor that has been sent a Notice does not serve a timely Waiver Notice in the manner set forth above, then the Waiver Provisions shall apply to the determination of its Reclamation Claim; and it is further

ORDERED that with respect of any Reclamation Claim asserted in connection with the Reclamation Procedures set forth below, the Debtors shall bear the burden of proof on whether the Goods remained in possession of the Debtors on the reclamation demand date and may satisfy that burden by means of a statistical analysis based upon historical consumption data, provided such statistical analysis is agreed to by the Vendor or is otherwise approved by the Court, the amount and method of payment of such Reclamation Claims to be determined pursuant to the procedures set forth herein below; and it is further

~BALT1:4158418.v2

ORDERED that the Debtors are authorized to implement the following Reclamation Procedures, without need of further order of the Court, to resolve the Reclamation Claims asserted in these cases:

### *(a)   Reclamation Demands*

(i)   All Vendors seeking to reclaim Goods from the Debtors shall be required to submit a demand (a "Reclamation Demand") in accordance with Applicable Law.

(ii)   Any Vendor who fails to timely submit a Reclamation Demand in accordance with Applicable Law shall be deemed to have waived its right to payment on any purported Reclamation Claim, provided, however, that nothing herein otherwise waives or diminishes any of the Vendor's rights, defenses or assertion of any claim (other than Reclamation Claims).

### *(b)   The Statement of Reclamation*

(i)   Within (90) days after the Petition Date, or such later date as may be established by the Court upon motion of the Debtors, the Debtors shall serve the Vendor with a copy of this Order (the "Reclamation Order") and a statement of reclamation (the "Statement of Reclamation" or the "Statement"). A collated collection of all the statements of Reclamation served upon Vendors shall be filed with the Clerk of the Court.

(ii)   The Statement of Reclamation shall set forth the extent and basis, if any, upon which the Debtors believe the underlying Reclamation Claim is not factually or legally valid (other than the Specific Reclamation Defenses) and/or the amount that shall be considered valid (the "Reconciled Reclamation Claim"). In addition, the Statement of Reclamation shall identify with specificity any defenses that are not Specific Reclamation Defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim (the "Reserved Defenses"). Notwithstanding anything else to the contrary herein, the Reserved Defenses may not include defenses that arise under Applicable Law.

(iii)   Vendors who agree with the Reconciled Reclamation Claim as contained in the Statement of Reclamation may indicate such assent on the Statement of Reclamation and return the Statement within seventy-five (75) days after the date of the Statement of Reclamation (the "Reconciliation Deadline") to the Debtors' representative as set forth in such statement, with copies to Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq. The Reconciliation Deadline may be extended by further order of the Court to allow for the resolution of defenses to a Reclamation Claim. Notwithstanding the foregoing, in the event a Notice of the assertion of Specific Reclamation Defenses

~BALT1:4158418.v2

is filed, the Reconciliation Deadline shall not occur until sixty (60) days after a final order is issued by this Court, or any Court of competent jurisdiction, with respect to resolving the Specific Reclamation Defenses.

(iv) Vendors who disagree with the Reconciled Reclamation Claim as contained in the Statement of Reclamation (the "Dissenting Vendors") must indicate such dissent on the Statement of Reclamation and return the Statement by the Reconciliation Deadline to the entities and at the addresses identified in subparagraph (iii) of these Reclamation Procedures. A Statement of Reclamation returned under this subparagraph must be accompanied by:

(1) a copy of the Reclamation Demand, together with any evidence that such Reclamation Demand was in accordance with Applicable Law;

(2) the identity of the Debtor that ordered the products and the identity of the Vendor from whom the Goods were ordered;

(3) copies of the respective Debtor's and Vendor's purchase orders and invoices, together with a description of the Goods shipped; and

(4) a statement identifying which information on the Debtors' Statement of Reclamation is incorrect, specifying the correct information and stating any basis for the objection.

The information referred to in sections (b) (iv)(1) through (b) (iv)(4) above is referred to herein as the "Detailed Back-Up." A Dissenting Vendor may request from the Debtors the Detailed Back-Up (including access to all of the records the Debtors relied upon in their Statement of Reclamation), which shall make available to the Vendors, by the Debtor, such Detailed Back-up within 60 days of receipt of such request.

(v) The failure of a Dissenting Vendor to materially comply with subparagraph (iv) above shall constitute a waiver of such Dissenting Vendor's right to object to the proposed treatment and allowed amount of such Reconciled Reclamation Claim, as set forth in the Statement of Reclamation, unless the Court orders otherwise.

(vi) Any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline or who returns the Statement of Reclamation by the Reconciliation Deadline but fails to indicate assent or dissent shall be deemed to have assented to the Reconciled Reclamation Claim, unless the Court orders otherwise.

*(c)* ***Fixing the Reclamation Claim***

(i) The Reclamation Claim of (1) any Vendor who returns the Statement of Reclamation by the Reconciliation Deadline and indicates its assent to the Reconciled Reclamation Claim as contained in the Statement of

~BALT1:4158418.v2

Reclamation, (2) any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline, and (3) any Vendor who returns the Statement of Reclamation by the Reconciliation Deadline but who fails to indicate either assent or dissent, shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim, unless the Court orders otherwise.

      (ii)    The Debtors are authorized to negotiate with all Dissenting Vendors and to adjust the Reconciled Reclamation Claim either upward or downward to reach an agreement regarding the Dissenting Vendor's Reclamation Claim. The Debtors are also authorized to settle any Reserved Defenses as part of any such agreement. In the event the Debtors and a Dissenting Vendor are able to settle on the amount and/or treatment of the Dissenting Vendor's Reclamation Claim, the Reclamation Claim shall be deemed an Allowed Reclamation Claim in the settled amount.

      (iii)    In the event that no consensual resolution of the Dissenting Vendor's Reclamation Demand is reached, the Debtors or a Dissenting Vendor may file a motion for determination of the Dissenting Vendor's Reclamation Claim and set such motion for scheduling at the next regularly scheduled omnibus hearing occurring more than twenty (20) days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing"). In addition to filing the Motion referenced in the preceding sentence, the Debtor may request any reasonable records of the Vendor, which the Vendor will make available to the Debtor within 20 days of the receipt of such request. The Dissenting Vendor's Reclamation Claim, if any, shall be deemed an Allowed Reclamation Claim as fixed by the Court in the Determination Hearing or as agreed to by the Debtors and the Dissenting Vendor before a determination by the Court in the Determination Hearing.

### (d)    *Treatment of Allowed Reclamation Claims*

      (i)    The Debtors may at any point in these Reclamation Procedures satisfy in full any Reclamation Claim or Allowed Reclamation Claim by making the Goods at issue available for pick-up by the Vendor or Dissenting Vendor to the extent allowed under Applicable Law, in accordance with ordinary pre-petition practices and procedures for return of goods applicable between the Vendor and the Debtors.

      (ii)    All Allowed Reclamation Claims for which the Debtors choose not to make the Goods available for pick-up shall be treated as administrative expense or shall be secured by a lien;

and it is further

ORDERED that in the event an Allowed, in whole or in part, Reclamation Claim is paid earlier than the effective date of a confirmed plan of reorganization, any such payments may be subject to any Reserved Defenses of the Debtors which the Debtors specifically reserved in the Statement of Reclamation and not otherwise. Reserved Defenses shall be deemed waived by the Debtors on (a) the earlier of (i) such effective date; or (ii) the date that is one year following the last payment of an Allowed Reclamation Claim, or (b) as extended by agreement of the parties or by this Court, on request of the Debtors pursuant to good cause (the latter of "a" or "b" being the "Satisfaction Date"); and it is further

ORDERED that as of the Satisfaction Date, payment of an Allowed Reclamation Claim pursuant to the Reclamation Procedures shall constitute a waiver, release, discharge, and satisfaction of any and all rights and claims that the holder of the Allowed Reclamation Claim has ever had, or hereafter, can, shall or may have, against the Debtors, arising from its rights to repossess, reclaim or be paid for the Goods and of any other reclamation rights for the same Goods that the holder of the Allowed Reclamation Claim has or may assert against the Debtors; and it is further

ORDERED that, except with respect to the Reserved Defenses not reserved pursuant to these Reclamation Procedures, the Debtors do not in any way waive any claims they may have against any Vendor relating to preferential or fraudulent transfers, or other potential claims, counterclaims, or offsets with respect to said Vendors. The Debtors' rights to pursue such claims, and any and all other claims they may seek to advance against any Vendor in the future other than those arising specifically in connection with the Allowed Reclamation Claim, are hereby reserved, including the right

to object on any grounds to any claim filed by the Vendors; and provided further, that nothing herein shall limit a Vendors' right to claim that Goods provided to the Debtor can be utilized for any purpose in connection with any defense to a claim under 11 U.S.C. § 547; and it is further

ORDERED that by accepting payment in accordance with the Reclamation Procedures, the holder of an Allowed Reclamation Claim shall be deemed to warrant that it has not assigned any of its rights to its Reclamation Claim; and it is further

ORDERED that nothing contained in the Motion or in this Order shall be deemed an admission as to the solvency or insolvency of the Debtors as of the Petition Date or any other date or shall prejudice the Debtors' rights to return unacceptable Goods or Goods delivered but not ordered by the Debtors in accordance with ordinary pre-petition practices and procedures for return of Goods applicable between the Vendor and the Debtors in the ordinary course of business; and it is further

ORDERED that the Reclamation Procedures and the other provisions of this Order are the sole and exclusive method permitted with respect to the resolution and payment of Reclamation Claims asserted against the Debtors without first obtaining relief from this Order. Vendors are prohibited from seeking any other treatment for their Reclamation Claims than is permitted by the Reclamation Procedures, and all parties are prohibited from commencing adversary proceedings against the Debtors in respect of Reclamation Claims without first obtaining relief from this Order; and it is further

ORDERED that the Debtors and the Creditors' Committee may object on any grounds to any claims filed by the Vendors, other than with respect to Reclamation Claims, which must be consistent with these Reclamation Procedures; and it is further

ORDERED that, in accordance with Sections 105 and 362 of the Bankruptcy Code, Vendors and all other third parties are prohibited from reclaiming Goods shipped pre-petition to the Debtors that have already been delivered or interfering with the delivery of Goods in transit on the petition date without first obtaining relief from this Order; and it is further

ORDERED that, except as provided herein, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any Debtor, Vendor or any other third party; and it is further

ORDERED, that nothing herein shall be construed to determine when any Reclamation Claim shall be paid, and all parties' rights with respect to the timing of payment are preserved; and it is further

ORDERED that nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March ___, 2005
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

~BALT1:4158418.v2