OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Counsel for Wachovia Bank, National Association, as Agent
230 Park Avenue
New York, New York 10169
(212) 661-9100
Jonathan N. Helfat (JH-9484)
Richard G. Haddad (RH-6438)
Daniel F. Fiorillo (DF-7780)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                      :
                                                           :    Chapter 11
                                                           :
WINN-DIXIE STORES, INC., et al.,                           :    Case No. 05-11063 (RDD)
                                                           :
                        Debtors.                           :    (Jointly Administered)
                                                           :
------------------------------------------------------------x

**RESPONSE OF WACHOVIA BANK, NATIONAL ASSOCIATION TO THE NOTICE OF SETTLEMENT OF FINAL ORDER (A) ESTABLISHING PROCEDURES FOR TREATMENT OF RECLAMATION CLAIMS, AND (B) PROHIBITING THIRD PARTIES FROM INTERFERING WITH DELIVERY OF GOODS**

Wachovia Bank, National Association, in its capacity as administrative and collateral agent (the "Agent"), for itself and the other financial institutions from time to time party to the Credit Agreement, dated as of February 23, 2005, by and among the Debtors, Agent and the other financial institutions from time to time party thereto, by its attorneys, Otterbourg, Steindler, Houston & Rosen, P.C., hereby submits this Response to the Notice of Settlement of Final Order (A) Establishing Procedures for Treatment of Reclamation Claims, and (B) Prohibiting Third Parties from Interfering with Delivery of Goods (the "Notice") (docket no. 526), which was filed by the Debtors on March 25, 2005, and hereby responds as follows:

519949.1                                                  1

1. Pursuant to the Notice, the Debtors annexed as an exhibit and presented to the Court a proposed order (the "Proposed Order") establishing procedures for treatment of reclamation claims and prohibiting third parties from interfering with delivery of goods. While the Agent does not object to the procedures set forth in the Proposed Order or the terms therein, it believes that in the interests of more complete disclosure the Proposed Order would be more helpful to parties in interest if it would more accurately reflect the terms of the <u>Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders</u>, dated March 23, 2005 (the "Final Financing Order") (docket no. 501), as they relate to the junior priority of Reclamation Claims *vis-a-vis* the senior liens and claims of the Agent in order to afford Reclamation Claimants with more notice of such priority.

2. Paragraph 30 of the Final Financing Order provides:

> <u>Reclamation Claims</u>. Notwithstanding anything to the contrary contained in this Final Order (including, without limitation, paragraph 29 hereof), any order approving the Debtors' Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. Section 546(g), (B) Establishing Procedures for Treatment of Reclamation Claims, and (C) Prohibiting Third Parties from Interfering with Delivery of Goods, filed on February 22, 2005 (docket no. 21) or any other order of this Court that has been or may hereafter be entered in any Debtor's Chapter 11 case in connection with any Reclamation Claim, any lien and/or administrative expense claim granted by the Court pursuant to Section 546(c) of the Bankruptcy Code to a Reclamation Claim of a Reclamation Creditor shall be immediately subordinate to

519949.1

2

>the liens and shall be subordinate to the superpriority administrative claims granted and assigned herein to the Lender and the Pre-Petition Lender, and shall be subject to all of the provisions of the Financing Orders (including, without limitation, paragraph 20 hereof).

See Final Financing Order at ¶30.

3. The Proposed Order, if entered by the Court, will be served on the many hundreds of Reclamation Claimants who have filed Reclamation Claims in the Debtors' cases. The purpose of the Proposed Order is to set forth the Reclamation Procedures under which all Reclamation Claims in the Debtors' cases will be addressed. The Proposed Order does not, however, notify Reclamation Claimants of the priority afforded to any Reclamation Claims *vis-a-vis* the senior secured super-priority administrative claims of the Agent in accordance with this Court's ruling as set forth in Paragraph 30 of the Final Financing Order. Specifically, although the Proposed Order references paragraph 29 of the Final Financing Order (relating to the treatment and allowance of Reclamation Claims) the Proposed Order does not reference Paragraph 30 of the Final Financing Order (relating to the junior priority of the Reclamation Claims *vis-a-vis* the senior liens and claims of the Agent).

4. Accordingly, in order to provide additional notice to Reclamation Claimants of this Court's ruling on the priority of Reclamation Claims *vis-a-vis* the senior liens and claims of the Agent, the Agent respectfully suggests that the Proposed Order reference paragraph 30 of the Final Financing Order, as set forth in Exhibit A hereto (the "Suggested Revised Order").

5. In this regard, attached hereto as Exhibit B is a blacklined document highlighting the differences between the Proposed Order and the Suggested Revised Order. Counsel for the Agent has discussed the Suggested Revised Order with Debtors' counsel and it is the Agent's

understanding that Debtors' counsel does not oppose the revisions reflected in the Suggested Revised Order.

6. Therefore, in an effort to provide the Reclamation Creditors with even more disclosure of their rights under the Reclamation Procedures, the Agent respectfully suggests that adding the language of Paragraph 30 of the Final Financing Order into the Proposed Order will more fully inform each Reclamation Creditor of its rights as they are adjudicated in accordance with the Reclamation Procedures.

7. For the foregoing reasons, the Agent hereby respectfully requests that the Court enter the Suggested Revised Order or provide for such other or further relief as this Court deems just and appropriate.

Dated: April 4, 2005
      New York, New York

                OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

                By:  /s/ Jonathan N. Helfat
                     Jonathan N. Helfat (JH-9484)
                     230 Park Avenue
                     New York, New York 10169
                     (212) 661-9100

                     Attorneys for Wachovia Bank
                     National Association, as Agent