HERRICK, FEINSTEIN LLP  　　　　　　　　　　Hearing Date: April 12, 2005 at 10:00 a.m.
Paul Rubin (PR-2097)
John M. August (JA-6451)
2 Park Avenue
New York, New York 10016
(212) 592-1400
Attorneys for Ernst Properties, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                      :   Chapter 11
                                            :
WINN-DIXIE STORES, INC. et al.,             :   Case No. 05-11063 (RDD)
                                            :   (Jointly Administered)
                              Debtors.      :
------------------------------------------------------------- x

**JOINDER OF ERNST PROPERTIES, INC. TO MOTION OF BUFFALO ROCK COMPANY TO TRANSFER VENUE OF THE DEBTORS' BANKRUPTCY CASES TO THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION OR SUCH OTHER DISTRICT WHERE VENUE WOULD BE APPROPRIATE UNDER 28 U.S.C. § 1408**

Ernst Properties, Inc. ("Ernst Properties"), a landlord of Winn-Dixie Montgomery, Inc. (successor to Winn-Dixie Louisiana, Inc.) with respect to a lease of certain real property located in Jefferson Parish, Louisiana, by its undersigned counsel, hereby submits this Joinder to the Buffalo Rock Company's motion to transfer venue of the Debtors' bankruptcy cases to the United States Bankruptcy Court for the Middle District Of Florida, Jacksonville Division or such other district where venue would be appropriate under 28 U.S.C. § 1408 (the "Motion to Transfer Venue") and respectfully suggests that the United States Bankruptcy Court for the Eastern District of Louisiana is the most appropriate venue and, in support thereof, respectfully states as follows:

1.　　The Debtors operate as a food and drug retailer in the entire southeastern United States, not solely in Florida. See Exhibit A to the Winn Dixie Stores, Inc. petition. Indeed, a review of the Declaration of Bennett L. Nussbaum pursuant to Local Bankruptcy Rule 1007-2 in

Support of First Day Motions and Applications (the "Nussbaum Affidavit") reveals that the Debtors have operations in Florida, Georgia, Alabama, Mississippi, Louisiana, Texas, Oklahoma, Tennessee, Kentucky, Ohio, Virginia, North Carolina and South Carolina. The Eastern District of Louisiana is centrally located in this region.

2. The Debtors have significant operations in Louisiana. Schedule 6 to the Nussbaum Affidavit lists 97 premises in Louisiana that are owned or leased by the Debtors. One of the Debtors, Dixie Spirits, Inc., lists its street address on its petition as 600 Edwards Avenue, Harahan, Louisiana. The Debtors also have operations in states to the west of Louisiana, in Texas and Oklahoma. Schedule 6 to the Nussbaum Affidavit lists 60 premises in Texas that are owned or leased by the Debtors, and one of the Debtors, Sundown Sales, Inc., is a Texas corporation. Thus, the Eastern District of Louisiana provides a centralized venue for the Debtors.

3. The Debtors' 40 largest trade creditors are spread throughout the United States, with only 5 being located in Florida and one located in California. The two largest trade creditors -- Kraft and Pepsico -- are located in Illinois and Texas respectively, both of which are closer to Louisiana than Florida. The Debtors' 10 largest institutional creditors and 3 largest secured creditors are also spread throughout the United States -- none are located in Florida. The Eastern District of Louisiana provides a centralized venue for these creditors.

4. The papers filed in support of the Motion to Transfer Venue provide, at paragraph 15, that venue should be transferred because none of the thousands of gas utilities, electric utilities, water utilities and refuse collectors, and only 4 of the telephone utilities, listed in the Debtors' first day motion pursuant to 11 U.S.C. § 366 (the "Utilities Motion") are located in New York. On the other hand, a significant number of these utilities are located in Louisiana

and states to the west of Louisiana. Thus, for the utilities listed in the Utilities Motion, the Eastern District of Louisiana provides a centralized venue.

5. Indeed, the movant, Buffalo Rock Company, headquartered in Birmingham, Alabama, is closer to the Bankruptcy Court for the Eastern District of Louisiana (located in New Orleans) than it is to Jacksonville, Florida.

6. The Bankruptcy Court for the Eastern District of Louisiana also has some familiarity with the assets of the Debtors and the issues that may arise in their cases. The bankruptcy cases of debtors Jitney-Jungle Stores of America, Inc., et al. (the "Jitney-Jungle cases") are currently being jointly administered in the Bankruptcy Court for the Eastern District of Louisiana, at case number 99-17191. The Jitney-Jungle cases were transferred from the Bankruptcy Court for the District of Delaware to the Bankruptcy Court for the Eastern District of Louisiana in what Ernst Properties believes was a recognition of the ability of the Eastern District of Louisiana to handle complex bankruptcy matters. In the Jitney-Jungle cases, the debtors sold a substantial portion of their business assets, including unexpired leases for several of their stores, to debtor Winn-Dixie Stores, Inc., among others. The sale of assets was hotly contested. Thus, the Bankruptcy Court for the Eastern District of Louisiana has some familiarity with the issues that will arise in the Debtors' bankruptcy cases.

7. As set forth in the Motion to Transfer Venue, when deciding whether to transfer venue, courts consider the convenience of the parties. See 28 U.S.C. § 1412. The factors courts consider to determine the "convenience of the parties" are the following:

    (a)    The proximity of creditors of every kind to the court;

    (b)    The proximity of the debtor to the court;

    (c)    The proximity of the witnesses necessary to the administration of the estate;

(d) The location of the assets; and

(e) The economic administration of the estate.

See Motion to Transfer Venue, at paragraph 49. An evaluation of all of these factors, as applied to the Debtors' bankruptcy cases, weighs in favor of transferring these cases to the Eastern District of Louisiana.

8. The Eastern District of Louisiana is centrally located in the region in which the Debtors operate and, as such, provides the most convenient location for the Debtors' employees and local creditors which are spread throughout this region. Additionally, as set forth above, the Debtors' 40 largest trade creditors, 10 largest institutional creditors, 3 largest secured creditors and its utility creditors are spread throughout the United States, with a significant number located in Louisiana and states to the west of Louisiana. Thus, the Eastern District of Louisiana provides a centralized venue for creditors of every kind.

9. The proximity of the Debtors and witnesses necessary to the administration of the estate, the location of assets and the economic administration of the estate also weigh in favor of transferring the Debtors' cases to the Eastern District of Louisiana. The Debtors are present and have significant operations and assets in Louisiana and in states to the west. The Eastern District of Louisiana provides a centralized venue for the Debtors and witnesses. Because it is in the middle of the region in which the Debtors operate, it will minimize the travel time and expense incurred by both the Debtors and their creditors and will provide the most efficient access to the proceedings for all parties involved.

10. Finally, judicial economy weighs in favor of transferring these cases to the Eastern District of Louisiana. The Bankruptcy Court for the Eastern District of Louisiana has already presided over a significant sale of assets to the Debtors in connection with the Jitney-

Jungle cases currently pending in that Court and, accordingly, already has familiarity with some of the issues that will arise.

For all the foregoing reasons, Ernst Properties joins in the Motion to Transfer Venue and respectfully suggests that venue be transferred to the Bankruptcy Court for the Eastern District of Louisiana.

Dated: April 4, 2005
    New York, New York

HERRICK, FEINSTEIN LLP

By: /s/ John M. August
    John M. August (JA-6451)
    Paul Rubin (PR-2097)
2 Park Avenue
New York, NY 10016
Telephone: (212) 592-1400

-and-

David Conroy, Esq.
Milling Benson Woodward L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA   70112-1010
Telephone: (504) 569-7000

Co-Counsel for Ernst Properties, Inc.

HFNY2: #824877 v.1 #11332-0001 04/04/2005