| | |
|---|---|
| LaMonica Herbst & Maniscalco, LLP<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>(516) 826-6500<br>Salvatore LaMonica (SL#2148)<br>David A. Blansky (DAB#1260) | This objections relates to a hearing scheduled for:<br>April 12, 2005 at 10:00 a.m. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re**

    **WINN-DIXIE STORES, INC., et al.,**

      **Debtors.**

**Chapter 11**

**Case No. 05-11063 (RDD)**
**(Jointly Administered)**

-----------------------------------------------------------------x

**OBJECTION BY AMERICAN KB PROPERTIES I LIMITED PARTNERSHIP**
**TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER UNDER**
**11 U.S.C. § 365(d)(4) GRANTING AN EXTENSION OF TIME**
**TO ASSUME OR REJECT UNEXPIRED LEASES OF**
<u>**NONRESIDENTIAL REAL PROPERTY**</u>

  American KB Properties I Limited Partnership ("American"), by its bankruptcy counsel, LaMonica Herbst & Maniscalco, LLP, submits this objection to the Debtors' motion for entry of an order under Bankruptcy Code § 365(d)(4) dated March 17, 2005 (the "Motion").

  1. American is the fee owner and landlord of the real property known as and located at Business US Highway 220, at the intersection with Ayersville Road, Madison, Rockingham County, North Carolina (the "Real Property").

  2. The Real Property is improved by a shopping center containing approximately 168,843 square feet known as the New Market Shopping Center. There are approximately thirteen retail tenants occupying the Real Property.

  3. One of the Debtors' store locations, believed to be denominated store no. 2096 by the Debtors, is one of the primary or "anchor" tenants of the Real Property. The Debtors' store occupies 45,500 square feet (or 27%) of the entire retail space.

4. There exists an unexpired lease between American and the Debtors, dated April 16, 1992. The Lease was last amended on September 5, 1997. Copies of the Lease and Second Amendment to Lease are annexed as Exhibit "A" (the "Lease").[1] The Lease expires on January 5, 2013. See Second Amendment to Lease, ¶ 2.

5. On March 23, 2005, American entered into a Real Estate Purchase Agreement for the sale of the Real Property. A redacted copy of the Agreement (without exhibits) is annexed as Exhibit "B" (the "Agreement").

6. The terms of the Agreement provide that the closing on the transaction shall be held on or before 90 days after the execution of the Agreement. See Agreement, ¶¶ 4.4 and 4.5.[2] That 90 day period expires on or about June 21, 2005.

7. Given that the Debtors are an "anchor" tenant of the Real Property, the uncertainty surrounding a determination by the Debtors to assume or reject the Lease jeopardizes the Agreement.

8. Undoubtedly, the assumption or rejection of the Lease by the Debtors substantially changes the financial picture underlying the transaction memorialized in the Agreement.

9. Thus, a determination to assume or reject this Lease prior to the original deadline of April 22, 2005 would afford American time to immediately re-lease the space and proceed with the closing on schedule should the Debtors reject the Lease. In the event the Debtors assume the Lease, then the parties to the Agreement could proceed to closing without any unnecessary delay.

---

[1] The original Lease was between American KB Properties, Inc., the management firm for and agent of American, and Winn-Dixie Charlotte, Inc.

[2] ¶ 4.4 entitles the purchaser to inspect the Real Property within sixty days of the date of the execution of the Agreement. ¶ 4.5 provides that the closing shall be held on or before 30 days after the expiration of the inspection provisions of the Agreement.

10. In the Motion, the Debtors recognize that special circumstances may arise where a lessor may seek to shorten the time period to assume or reject a particular lease for cause in order to avoid prejudice to that lessor. See Motion, ¶ 14.

11. The granting of an additional 150 days to the Debtors to consider whether to assume or reject the instant Lease will unduly prejudice American in that the failure to make a determination as to this Lease before the closing date will interfere with the ability of the parties to the Agreement to comply with their contractual obligations. Thus, the proposed extension of time could damage American beyond the compensation available under the Bankruptcy Code. Further, the continued uncertainty surrounding the status of the Lease is causing the parties to the Agreement to incur costs and expenses and to proceed with due diligence for a transaction that the parties have no certainty will ever close.

12. Accordingly, given the prejudice that will be suffered by American should the extension sought by the Debtors be granted, American objects to the relief sought in the Motion as its relates only to this Lease.

13. In the alternative, should the Court elect to enter an Order granting the Debtors an extension of time to assume or reject unexpired leases, American requests that the time to do so be shortened with respect to this Lease such that a determination be made sufficiently in advance of the closing date to afford American an opportunity to re-lease the space.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**WHEREFORE,** American respectfully requests that the Motion be denied to the extent it seeks entry of an Order extending the Debtors' time to assume or reject this Lease or, in the alternative, shortening the extension of time sought by the Debtors to make a determination with respect to this Lease, together with such other and further relied as the Court deems just and proper.

Dated: Wantagh, New York
April 4, 2005

        **LaMONICA, HERBST & MANISCALCO LLP**
        Attorneys for American KB Properties I
        Limited Partnership

By:   */s/ Salvator LaMonica*
      Salvatore LaMonica, Esq. (SL#2148)
      A Member of the Firm
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      (516) 826-6500

TO:    OFFICE OF THE UNITED STATES TRUSTEE
       FOR THE SOUTHERN DISTRICT OF NEW YORK
       33 Whitehall Street - 21st Floor
       New York, New York 10004

       SKADDEN, ARPS, SLATE, MEAGHER
       & FLOM LLP
       Four Times Square
       New York, New York 10036
       Telephone: (212) 735-3000
       Attn: D.J. Baker, Esq.

       MILBANK, LLP
       One Chase Manhattan Plaza
       New York, New York 10005
       Att: Matthews S. Barr, Esq.

*/Laramie Associates/objection.wpd*