## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re:** | : | |
|     **WINN-DIXIE, INC.** | : | **Chapter 11** |
| | : | |
| | : | **Case No. 05-11084-RDD** |
|     **Debtors.** | : | |

## SIMON PROPERTY GROUP, L.P. 'S LIMITED OBJECTION TO DEBTOR'S MOTION FOR EXTENSION OF TIME TO ASSUME OR REJECT ITS EXECUTORY LEASES OF NON-RESIDENTIAL REAL PROPERTY

SIMON PROPERTY GROUP, L.P., as Landlord (collectively herein, "SIMON"), by its attorney, Ronald M. Tucker: (i) files this Limited Objection to Debtor's Motion for Extension of Time to Assume or Reject its Executory Leases of Non-Residential Real Property filed by the above captioned debtors (the "Debtors"); In support, SIMON respectfully states:

1. On or about February 21, 2005, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On or about March 24, 2005, the Debtor filed a Motion with this Court requesting an extension of time in which to assume or reject their unexpired lease of non-residential real property. In their Motion for a Further Extension of Time, the Debtor seeks an extension of time up to and including the effective date of confirmation of the Debtor's Plan of Reorganization. SIMON submits that the Debtor has not alleged the requisite "cause" required in order to further grant an extension of time under the appropriate statutory authority and as a consequence, this Court should deny the Debtor's Motion for Extension of Time.

3. Section 365(d)(4) of the Bankruptcy Code provides, in relevant part, that a Debtor may be granted an extension of time to assume or reject leases of non-residential real estate "for cause." That section, and the requirement of a <u>showing of cause</u> must be read in light of the legislation which formed the basis of this subsection as it was enacted in 1984, and in light of the relevant provisions of the Bankruptcy Code as they existed prior to the addition of this subsection.

4. Prior to the 1984 amendments, the time for assumption or rejection of all leases of a chapter 11 debtor was governed by then section 365(d)(2), which permitted assumption or rejection "at

any time before the confirmation of a plan." In enacting the 1984 amendments, Congress specifically eliminated the category of non-residential real estate leases from section 365(d)(2) and placed them in the newly-enacted subsections (d)(3) and (4).

5. While one can appreciate that the Debtors do not want to make a mistake by misevaluating a lease, and assuming it too early, thereby incurring an administrative burden, or rejecting it and losing its value for the estate, Congress has made it clear that the rights of the Debtor and its Landlords must be balanced. Accordingly, a sixty (60) day period has been set for assumption or rejection, subject to an extension for cause shown. To merely state that it is in the best interests of the Debtor's estate that an additional 60 day period be continued, simply begs the question.

6. For the period from the filing date and through, and including, December 11, 2002, the Debtors are indebted to the Landlord in the sum of $**257,766.38** consisting of post-petition rental obligations as stated in Exhibit "A".

7. Pursuant to Section 365(d)(3) the Debtor has an affirmative obligation to stay current with its post-petition rents. That section provides in part: ". . . . The Trustee shall **timely perform** all the obligations of the Debtor. . . , arising from and after the order for relief under any unexpired Lease of non-residential property, until such Lease is assumed or rejected, notwithstanding Section 503(b)(1) of this title." (***Emphasis added***)

8. Timely Performance does not mean that the Debtor should be allowed to pay the post-petition rental obligation in arrears. Moreover, should not be allowed to use the Real Estate to the benefit of the Estate and wait to pay rents while deciding whether or not to assume or reject leases.

9. To shift the risk of being paid post-petition administrative claims to the Landlord Community while using the premises through the holiday season, and intentionally refusing to pay rents in advance, when due, is an absolute violation of the clear and unambiguous language of §365(d)(3). Timely Performance certainly does not mean that the Debtor should be allowed to use the nonresidential real estate to maximize value of its estate during the holiday season, and to not pay rent on time when due.

10. To do so is to unfairly and unequitably shift the risk of ever being paid post-petition  administrative claims to the only compelled creditor left in this case.

11. SIMON, while we do not agree that an extension should be given, if one is granted, we believe that it should be subject to reasonable conditions and restrictions as follows:

A. If the Debtors elect to reject a Lease anytime during the extension period, they shall give the Lessor no less than ten (10) days advance written notice of their intention to reject the lease;

B. Debtor should be required to pay post-petition administration rents of $257,766.38, concurrent with an Order to Assume or Reject the Leases.

C. Pending the Debtors' election to assume or reject, the Debtors shall timely comply with all post-petition obligations under the respective Leases through and including the Rejection Date. In the event Debtor does not pay its post petition rental obligation(s) on time, when due, pursuant to the terms of its lease(s), SIMON shall send Notice of Default. Upon receipt of a Notice, the Debtors shall have five (5) days within which to cure such default. In the event the Debtors do not cure such default by such deadline, the respective Unexpired Lease(s) (each a "Default Lease") shall be deemed rejected without further order of this Court and Debtor shall immediately surrender such property to the Lessor. However, if the Notice is predicated upon or includes charges (e.g. adjustments to the rental obligations that differs from the amount charged over the 3 month period prior to the entry of this Order, late fees and attorneys' fees) (the "Contested Charges") which are not regular monthly rent, the Debtors need only pay the regular monthly rent due less the Contested Charges and the failure to pay the Contested Charges shall not be a basis for automatic rejection of the Default Lease(s) under this Order. SIMON may pursue its right to collect the Contested Charges through a separate application with the Court.

D. In the event of a Lease rejection, the Debtors shall timely pay all post-petition rental obligations due to the Lessor through the Rejection Date as an administrative priority expense in the ordinary course of the Debtor's business;

E. The Debtors shall be required to show cause as to why further extension of the extension period, if any, should be granted;

F. The entry of this or any subsequent Order Extending the Time for the Debtors to assume or reject such Leases shall be without prejudice to the right of any Lessor at any time to request a shortening of the time within which a specific Lease shall be assumed or rejected, and upon the filing of

any such Application to shorten time, the burden of going forward and the burden of persuasion as to why the time should not be shortened shall be upon the Debtors;

    G. Upon the filing of a request by any Lessor to shorten the time within which a Lease should be assumed or rejected by Debtors, the hearing with respect to same shall be on an expedited basis, and, subject to the Court's availability, within ten (10) to twenty (20) days after the same is filed; and

    H. Upon the rejection of any Lease, the Debtors shall be required to return the closed store in "broom clean" condition, and as otherwise required by the terms of each Lease, with all goods, merchandise and trade fixtures removed, and any damage occasioned by such removal repaired, and with the Debtors liable for administrative rent to the later of the Rejection Date, or on the date upon which the premises are so surrendered.

  WHEREFORE, Simon Property Group, L.P. respectfully requests that the Court enter an Order (a) denying the Debtors' Motion as filed, (b) if the Debtors elect to reject a Lease anytime during the extension period, they shall give the Lessor no less than ten (10) days advance written notice of their intention to reject the lease, (c) pending the Debtors' election to assume or reject, the Debtors shall timely comply with all post-petition obligations on time, when due under the respective Lease(s) through and including the Rejection Date and is Ordered to pay the post petition arrearage of $**257,766.38** as detailed on Exhibit "A" without further delay; (d) in the event of a Lease rejection, the Debtors shall timely pay all post-petition rental obligations due to the Lessor through the Rejection Date as an administrative priority expense in the ordinary course of the Debtor's business, (e) the Debtors shall be required to show cause as to why further extension of the extension period, if any, should be granted, (f) the entry of this or any subsequent Order Extending the Time for the Debtors to assume or reject such Leases shall be without prejudice to the right of any Lessor at any time to request a shortening of the time within which a specific Lease shall be assumed or rejected, and upon the filing of any such Application to shorten such time, the burden of going forward and the burden of persuasion as to why the time should not be shortened shall be upon the Debtors, (g) upon the filing of a request by any Lessor to shorten the time within which a Lease should be assumed or rejected by Debtors, the hearing with respect to same shall be on an expedited basis, and, subject to the Court's availability, within ten (10) to twenty (20) days after the same is filed, (h) upon the rejection of any Lease, the Debtors shall be required to return the closed store in "broom clean" condition, and as otherwise required by the terms of each Lease, with all goods, merchandise and trade fixtures removed, and any damage occasioned by such removal repaired, and with the Debtors liable for

administrative rent to the later of the Rejection Date, or on the date upon which the premises are so surrendered.

Dated: April 5, 2005

Respectfully Submitted,

By: /s/ Ronald M. Tucker
Ronald M. Tucker, Esq.
Indiana Bar No. 11428-49
115 West Washington Street
Indianapolis, IN  46204
(317) 263-2346
(317) 263-7901 FAX
rtucker@simon.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was sent on the 5th day of April, 2005, via regular United States Mail, postage prepaid, facsimile, and/or ECF Noticing to the parties listed on the annexed Service List.

By: /s/ Ronald M. Tucker
Ronald M. Tucker, Esq.

Attorney DJ Baker
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036
(212) 735-3000
Attorney for the Debtors