ELK, BANKIER, CHRISTU & BAKST LLP
222 Lakeview Avenue, Suite 1330
West Palm Beach, FL 33401
Telephone: (561) 238-9900
Facsimile: (561) 238-9920

Attorneys for Gardens Park Plaza

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **WINN-DIXIE STORES, INC., et al.,** | : | **Case No.: 05-11063 (RDD)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**GARDENS PARK PLAZA'S OBJECTION TO DEBTORS'**
**MOTION FOR ORDER UNDER 11 U.S.C. §365(d)(4) EXTENDING**
**TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

CREDITOR, GARDENS PARK PLAZA, LTD. ("GPP"), lessor of non-residential real

property, by and through undersigned counsel[1], hereby objects to the Debtors' Motion for Order

Under 11 U.S.C. §365(d)(4) Extending Time Within Which Debtors May Assume or Reject

Unexpired Leases of Nonresidential Real Property (Debtors' "Motion for Extension"), and

respectfully represents:

1.      GPP is the lessor under the lease of non-residential real property with the Debtors,

attached hereto as Exhibit "A", along with the various lease amendments and supplements

(collectively referenced as the "Lease").

2.      According to the Lease, the Debtor is responsible for paying GPP for a

contractual percentage of the real estate taxes due and payable each year for the shopping center

in which the Debtor is located, in addition to the yearly real estate tax increase attributable to

---

[1] Counsel for Gardens Park Plaza, Ltd., Michael R. Bakst, Esq., has permission by this Court to appear pro hac vice
in this proceeding.

past store expansions, and in addition to insurance premiums, all payable post-petition.  The

Debtor is required to pay such amounts when the taxes and insurance premiums become due and

payable by GPP to the tax collector and insurance company, respectively, and after GPP submits

to the Debtor a statement for the respective amounts due.

3.      On February 14, 2005, GPP sent to the Debtors the correspondence attached as

Exhibit "B", which provides a breakdown as to the amount of taxes and insurance premiums

owed to GPP, totaling $90,442.66.  Such amount was due to GPP post-petition.

4.      On February 21, 2005, the Debtors filed their petitions under chapter 11 of title 11

of the United States Code, commencing these cases.

5.      The Debtors are now seeking to extend the time period within which to assume or

reject unexpired leases of non-residential real property through and including September 19,

2005.

6.      GPP objects to this extension, as the Debtors are currently in default under the

terms of the Lease because they have failed to remit to GPP the amount of the real property taxes

and insurance premiums due thereunder post-petition as additional rent.

7.      In considering whether to grant an extension of time within which to assume or

reject an unexpired lease, and in considering whether the extension sought is reasonable, courts

have considered factors such as weighing against the granting of an extension of time (1) failure

to pay for the use of property, or failure to pay the rent reserved in the lease; (2) damage to the

lessor "'beyond the compensation available under the Bankruptcy Code' through the debtor's

continued occupation of the land and its failure to pay taxes"; and (3) where the Debtor fails or is

unable to formulate a plan when it has had more than enough time to do so." *See* In re Wedtech

Corporation, 72 B.R. 464, 472 (Bankr.S.D.N.Y. 1987)(citations omitted).  While the debtor's

failure to satisfy post-petition obligations is only one element to be considered in setting a reasonable time for a debtor to assume a lease, the court, in drawing a balance, is to give "greater weight to a debtor's failure to perform post-petition obligations over a longer period of time in which it could decide what to do with the asset." *See* id., citing In re Beker Industries, Corp., 64 B.R. 890, 898 (Bankr.S.D.N.Y. 1986).

8.    At least two of the above factors are present in the facts of this case, as the Debtors have failed to pay to GPP $90,442.66 in real estate taxes and insurance premiums due post-petition, which, coupled with the Debtors' continued occupation of the premises for an additional five months, will damage GPP beyond the compensation available under the Code. Now GPP is not getting the benefit of its bargain and is being forced to finance the Debtors' reorganizations while they ponder which leases to assume and which to reject.

9.    In addition, it appears that the Debtors in these cases may have no intention of reorganizing, and are simply going to reject the under-performing leases and sell the remaining assets.

10.    Nonetheless, while GPP acknowledges that the Debtors have many leases to analyze in this case, the extension sought is unreasonable and only invites the Debtors to keep landlords in limbo for as long as possible. Instead, the Debtors should be kept on a more rigid schedule and be accountable to this Court and to the landlords in this case for progress in the analysis of leases so that the landlords can assess their own business strategy and attempt to mitigate rejection damages.

11.    Finally, GPP reminds that, with respect to the taxes and insurance premiums due to GPP post-petition as additional rent, pursuant to 11 U.S.C. §365(d)(3), the Debtor's obligation to pay the additional rent to GPP, comprised of real estate taxes and insurance premiums,

totaling $90,442.66, cannot be extended beyond the initial 60-day period subsequent to the filing of the petition. Therefore, any extension that this Court grants should be conditioned upon the Debtor's payment to GPP of the $90,442.66.

WHEREFORE, the Lessor, Gardens Park Plaza, Ltd., respectfully requests that this Court limit any extension of time for the Debtors to assume or reject the unexpired leases of non-residential real property to no more than 60-days, and condition any such extension upon the payment to Gardens Park Plaza, Ltd. of the $90,442.66 owed post-petition to Gardens Park Plaza, Ltd. as additional rent, and grant any further relief to Gardens Park Plaza, Ltd., that this Court deems just and proper.

Dated: April 2, 2005                                  Respectfully Submitted:

**ELK, BANKIER, CHRISTU, & BAKST, LLP**

/s/ *Michael R. Bakst*

_____
MICHAEL R. BAKST, ESQ. (MRB1499)
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar No.:614831
Attorneys for Gardens Park Plaza, Ltd.
222 Lakeview Avenue, Suite 1330
West Palm Beach FL 33401
Telephone:  (561) 238-9900
Facsimile:   (561) 238-9920

4

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by FEDEX to: **The Honorable Robert D. Drain**, Unites States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408; the **Office of the United States Trustee for the Southern District of New York**, 33 Whitehall Street, 21st Floor, New York, New York 10004; **Skadden, Arps, Slate, Meagher & Flom LLP**, attention D.J. Baker, Esq., Four Times Square, New York, New York 10036 (Fax: (212) 735-2000); and **Milbank, LLP**, Attention Matthew S. Barr, Esq., 1 Chase Manhattan Plaza, New York, New York 10005 (Fax: (212) 530-5219) on this 2nd day of April, 2005.

**ELK, BANKIER, CHRISTU, & BAKST, LLP**

/s/ *Michael R. Bakst*

_____
MICHAEL R. BAKST, ESQ. (MRB1499)
Florida Bar No.: 866377
RILYN A. CARNAHAN, ESQ.
Florida Bar No.:614831
Attorneys for Gardens Park Plaza, Ltd.
222 Lakeview Avenue, Suite 1330
West Palm Beach FL 33401
Telephone:  (561) 238-9900
Facsimile:  (561) 238-9920