| | |
|---|---|
| KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>James S. Carr (JC-1603)<br>Robert L. LeHane (RL-9422)<br>Tel: (212) 808-7800<br>Fax: (212) 808-7897 | Hearing Date: April 12, 2005 at 10:00 a.m.<br>Objection Deadline: April 5, 2005 at 4:00 p.m. |

Attorneys for Edens & Avant, Weingarten Realty Investors, Palm Springs Mile Associates, Ltd., Villa Rica Retail Properties, L.L.C., ALG Limited Partnership and Curry Ford, LP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: )<br>)<br>) <br>WINN-DIXIE STORES, INC., *et al.,* )<br>)<br>Debtors. )<br>)<br>) | Chapter 11<br><br>Case No. 05 – 11063 (RDD)<br><br>(Jointly Administered) |

**JOINDER OF EDENS & AVANT, WEINGARTEN REALTY INVESTORS, PALM SPRINGS MILE ASSOCIATES, LTD., VILLA RICA RETAIL PROPERTIES, L.L.C., ALG LIMITED PARTNERSHIP AND CURRY FORD, LP TO THE OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OF WINN-DIXIE STORES, INC., ET AL. FILED IN OPPOSITION TO MOTION OF BUFFALO ROCK COMPANY TO TRANSFER VENUE OF THE DEBTORS' BANKRUPTCY CASES TO THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION OR SUCH OTHER DISTRICT WHERE VENUE WOULD BE APPROPRIATE UNDER 28 U.S.C. § 1408**

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Edens & Avant, Weingarten Realty Investors, Palm Springs Mile Associates, Ltd., Villa Rica Retail Properties, L.L.C., ALG Limited Partnership and Curry Ford, LP (collectively, the "Landlords"), by and through their attorneys, Kelley Drye & Warren LLP, hereby submit this Joinder (the "Joinder") to the Objection, dated April 5, 2005, of the Official Committee of Unsecured Creditors (the "Committee") to the Motion of Buffalo Rock Company

to transfer venue (the "Motion to Transfer Venue") of the Debtors' bankruptcy cases to the United States Bankruptcy Court for the Middle District of Florida under 28 U.S.C. § 1408, and respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Landlords join in and adopt the factual and legal arguments made in the Committee's Objection. The Landlords support keeping the Debtors' bankruptcy cases in New York, as the Landlords believe doing so would be in the best interests of the Debtors' creditors. Not only is New York a more convenient forum than Florida for administering the Debtors' cases, but the Bankruptcy Court here has significant experience in dealing with the legal and administrative issues that arise in complex retail cases of this size.

## BACKGROUND

2. The Landlords are the owners, or the managing agents for the landlords, of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to written leases at twenty-five locations (the "Shopping Centers").

## ARGUMENT

A. **Transferring Venue of the Debtors' Bankruptcy Cases to the Middle District of Florida Would not be in the Best Interests of the Creditors or the Debtors' Estates**

3. The Landlords are creditors with potentially millions of dollars in claims in the Debtors' bankruptcy cases. The Landlords, as is the case with many of the Debtors' other creditors, have retained counsel in New York to represent them, and believe that administering the Debtors' bankruptcy cases in New York is in the creditors' best interests. Not only have the Landlords already appeared before this Court on motions that impact the Landlords, this Court has made extensive rulings in the Debtors' bankruptcy cases, and is familiar with the specific factual and legal issues involved in these cases. As a result, not only is this Court best equipped

to efficiently administer these cases and interpret its previous rulings, but any transfer of venue would result in delaying the reorganization process.

4. As evidence of the creditors' preference to conduct the Debtors' bankruptcy cases in New York, the Landlords oppose the Motion to Transfer Venue even though eleven of the Landlords' twenty-five Shopping Centers are located in Florida, with the rest located in other Southern states such as Alabama, Mississippi, Georgia, North Carolina, South Carolina and Louisiana. In addition, the Landlords' primary offices are located in Florida, Georgia, South Carolina and Texas. Tellingly, although not a single of the Shopping Centers or Landlords' primary offices are located in New York, the Landlords support keeping the Debtors' bankruptcy cases in New York because the Landlords believe it is in the best interests of the creditors and the efficient administration of the Debtors' estates to do so.

5. Furthermore, the Bankruptcy Court for the Southern District of New York has significant experience in dealing with the legal and administrative issues involved in complex retail cases of this size, and has handled throughout the years similar retail cases, including, among others:

- *In re Bradlees Stores, Inc.*
- *In re Ames Department Stores*
- *In re HIA Trading Associates*
- *In re Samuel's Jewelers, Inc.*
- *In re Caldor, Inc., In re Spiegel, Inc.*
- *In re Casual Male Corp.*
- *In re Randall's Island Golf Centers, Inc.*
- *In re Footstar, Inc.*
- *In re The Warnaco Group, Inc.*
- *In re Macy's*

3

As such, this Court would be able to provide a high level of expertise and sophistication in administering these retail bankruptcy cases.

6. Finally, New York is as appropriate a venue as any to conduct the Debtors' bankruptcy cases. On April 4, 2005, Ernst Properties, Inc. ("Ernst"), a landlord with a single lease of real property in the Debtors' estates, filed a Joinder (the "Ernst Joinder") to the Motion to Transfer Venue. Pursuant to the Ernst Joinder, Ernst requested that venue be transferred to the Bankruptcy Court for the Eastern District of Louisiana. The Ernst Joinder, which seeks a transfer of venue to yet another jurisdiction, reveals that any transfer of venue would be arbitrary, as no particular state has a significantly stronger connection to the Debtors' bankruptcy cases than any other state. Based on the foregoing, these cases should be kept in New York and the Motion to Transfer Venue should be denied.

## **CONCLUSION**

WHEREFORE, the Landlords respectfully request that the Court (i) deny the relief requested in the Motion to Transfer Venue; and (ii) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 5, 2005

                         KELLEY DRYE & WARREN LLP

                         By:  */s/ James S. Carr*
                               James S. Carr (JC-1603)
                               Robert L. LeHane (RL-9422)
                         101 Park Avenue
                         New York, New York 10178
                         Tel:  212-808-7800
                         Fax: 212-808-7897

                         Attorneys for Attorneys for Edens & Avant, Weingarten Realty Investors, Palm Springs Mile Associates, Ltd., Villa Rica Retail Properties, L.L.C., ALG Limited Partnership and Curry Ford, LP