| | |
|---|---|
| **MORITT HOCK HAMROFF & HOROWITZ LLP** | Hearing Date: April 12, 2005<br>Time: 10:00 am |

Counsel for GE Commercial Finance Business
Property Corporation f/k/a General Electric Capital Business
Asset Funding Corporation and General Electric Capital Corporation
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000
Marc L. Hamroff (MH-9283)
Leslie A. Berkoff (LB-4584)
mhamroff@moritthock.com
lberkoff@moritthock.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                                 Case No.  05-11063 (RDD)

**Winn-Dixie Stores, Inc., et al,**

                                                                                 (Jointly Administered)
                   Debtors.

---------------------------------------------------------X

**RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION TO DEBTORS'
MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. SECTION 365(d)(4)
GRANTING EXTENSION OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES
OF NONRESIDENTIAL REAL PROPERTY**

General Electric Capital Corporation ("GE") by its counsel, Moritt Hock Hamroff & Horowitz LLP, as and for its Response to the Debtors' Motion for Entry of an Order Under 11 U.S.C. Section 365(d)(4) Granting an Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property ("Extension Motion") respectfully sets forth and represents as follows:

1.      GE, the holder of equipment leases with equipment ostensibly located at locations impacted by the Extension Motion, takes no position with respect to the additional time sought to assume or reject the real property leases as described in the Extension Motion.  However, GE requests that this Court require the Debtors to commit to a firm procedure for providing information to parties affected by past and on going decisions to assume and/or reject real property leases.  The basis for the filing of this Response arises from the fact that despite repeated request over the past few weeks by GE, the Debtors have simply not been forthcoming with information requested by GE in regard to assets located at previously rejected real property locations.

2.     By way of brief background, prior to the bankruptcy filing, pursuant to Master Lease Agreement number 4126213 and related Schedules (collectively, the "Master Lease"), GE leased certain equipment to the Debtors, which was located at various stores operated by the Debtors (collectively, the "Equipment").  The remaining indebtedness as of the filing date under the Master Lease is approximately $5.6 million.

3.     On February 21, 2005 ("Filing Date"), the Debtors filed these Chapter 11 cases and, contemporaneously therewith, filed a Motion for Authority to Reject Certain Real Property Leases, Effective as of Petition Date, (the "Rejection Motion").  By Order February 23, 2005 (the "Rejection Order") the Rejection Motion was granted rejecting several locations where GE's Equipment was located (the "Rejected Locations").  Pursuant to the terms of the Rejection Motion any equipment left at the Rejected Locations was being abandoned.

4.      Upon review of the Rejection Motion, Counsel for GE contacted Debtors' counsel, specifically Sarah Borders of the firm of King and Spalding, and inquired as to whether GE's Equipment was being left at the Rejected Locations.  Counsel advised that they believed the

Equipment was being moved to other locations, and that counsel would confirm this information. (Pursuant to the terms of the Master Lease, specifically paragraph 6(c) thereof, the Debtors are not authorized to move the Equipment without prior written consent of GE.)

5. This office confirmed the request for information as to the present location of the Equipment originally located at the Rejected Locations by letter dated February 24, 2005. Although in a subsequent email counsel for the Debtors again advised this office that information would be forthcoming, no further communication was received from counsel. Therefore, by letter dated March 11, 2005, this office again requested this information along with proof of insurance for all of the Equipment. (Pursuant to paragraph 9(b) of the Master Lease the Debtors are required to maintain insurance on the Equipment). By email dated March 4, 2005, Ms. Borders advised GE's counsel that she had forwarded this letter to "Larry Appel, General Counsel for Winn-Dixie. He or one of his colleagues [would] contact [us] regarding next steps". No one from the Debtor ever made contact.

6. As stated above, to date GE has received absolutely no information as to where its Equipment is located, whether it has in fact been moved or abandoned. GE must have the information concerning the whereabouts of its Equipment so that it can, among other things, ascertain if it will be impacted by other motions affecting other properties. It is inherently unfair for the Debtors to continue to seek relief from this Court to review and determine how they wish to handle their real property leases, while leaving parties affected by these decisions in the dark.

7. Therefore, it is respectfully submitted that the Debtors not only provide GE with the outstanding information requested in its prior two letters within five days of the hearing on the Extension Motion, but also be required in connection with all future motions related to real property leases to provide timely and actual information to creditors such as GE regarding the

location and/or disposition of their equipment. Such a requirement should be a <u>quid</u> <u>pro</u> <u>quo</u> for any extension.  Failure to require the Debtors to share such information may result in the loss of equipment, prejudice to the creditors and additional and unnecessary claims against the estate. The Debtors are fiduciaries of the assets of this estate, and that includes ensuring that creditors are able to secure and protect their equipment so that claims are minimized.


Dated:  April 8, 2005
         Garden City, New York

                        **MORITT HOCK HAMROFF & HOROWITZ LLP**
                        Counsel for General Electric Capital Corporation

                        By:     /s/  Leslie Berkoff_____
                              Leslie Berkoff  (LB-4584)
                              400 Garden City Plaza
                              Garden City, NY  11530
                              lberkoff@moritthock.com
                              (516) 873-2000
                              (516) 873-2010


To:   D. J. Baker, Esq.
      Skadden Arps Slate Meagher & Flom, LLP
      Four Times Square
      New York, NY 10036
      Counsel to the Debtors


      Dennis F. Dunne, Esq.
      Matthew S. Barr
      Milbank, Tweed, Hadley & McCloy LLP
      1 Chase Manhattan Plaza
      New York, New York 10005
      Counsel for the Official Committee of Unsecured Creditors

Deidre Martini, Esq.
Richard C. Morrissey , Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

F:\GECC\Winn Dixie\docs\response to real estate extension.doc

## AFFIDAVIT OF SERVICE BY MAIL

**STATE OF NEW YORK)**
                               ) ss.:
**COUNTY OF NASSAU )**

    Gabrielle Otlin, being duly sworn, deposes and says:

    I am not a party to the action, am over 18 years of age and reside at Massapequa, New York.

On the 8th day of April, 2005, I served a true copy of the **RESPONSE OF GENERAL ELECTRIC CAPITAL CORPORATION TO MOTION BY DEBTORS TO EXTEND TIME TO ASSUME/REJECT REAL PROPERTY LEASES** by first class mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

To:    D. J. Baker, Esq.
        Skadden Arps Slate Meagher & Flom, LLP
        Four Times Square
        New York, NY 10036
        Counsel to the Debtors

        Dennis F. Dunne, Esq.
        Matthew S. Barr, Esq.
        Milbank, Tweed, Hadley & McCloy LLP
        1 Chase Manhattan Plaza
        New York, New York 10005
        Counsel for the Official Committee of Unsecured Creditors

        Deidre Martini, Esq.
        Richard C. Morrissey , Esq.
        Office of the United States Trustee
        33 Whitehall Street, 21st Floor
        New York, New York 10004

                                                                     /s/ Gabrielle Otlin
                                                                       Gabrielle Otlin

Sworn to before me this
8th day of April 2005

/s/ Elizabeth A. Augello
    Notary Public
Elizabeth A. Augello
State of New York
No. 01AU6039945
Qualified in Nassau County
Commission Expires 4/10/06

F:\GECC\Winn Dixie\docs\response to real estate extension.doc