**Hearing Date and Time:  April 12, 2005 at 10:00 a.m.**

Stephen B. Sutton (MO 25109)
LATHROP & GAGE L.C.
Suite 2800
2345 Grand Boulevard
Kansas City, Missouri 64108-2612
(816) 292-2000
(816) 460-5526 direct dial
(816) 292-2001 facsimile
ssutton@lathropgage.com

Attorneys for Dairy Farmers of America, Inc.

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In Re: | : | |
| | : | Case No.  05-11063 (RDD) |
| WINN-DIXIE STORES, INC., et al. | : | Jointly Administered |
| | : | |
| Debtors, | | Honorable Robert D. Drain |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINDER OF DAIRY FARMERS OF AMERICA, INC. IN SUPPORT OF MOTION OF BUFFALO ROCK COMPANY TO TRANSFER VENUE OF BANKRUPTCY CASES TO THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

Dairy Farmers of America, Inc. ("DFA"), a Kansas corporation, hereby submits this

Joinder in support of the Motion of Buffalo Rock Company to transfer venue of these bankruptcy

cases to the United States Bankruptcy Court for the Middle District of Florida and in support

thereof, states:

1.     On February 21, 2005 (the "Petition Date") the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

with this Court.  The Debtors continue to manage their properties and operate their businesses as

debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No trustee or

examiner has been appointed in these cases.  These cases are being jointly administered.

2.      Also, on February 21, 2005 the Debtors filed a *Motion for Authorization Order (A) Deeming Utilities Adequately Assure of Payment, (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services, and (c) Establishing Procedures for Resolving Requests for Additional Assurance* (the "Utility Motion").  Reiterating a point made by others, Exhibit A to the Utility Motion, the Debtors list their gas and electric utility providers along with their refuse providers.  The Debtors listed no place of business that receives gas or electric utility service in New York.

3.      On March 14, 2005 Buffalo Rock Company filed a motion to transfer venue of these cases to the United States Bankruptcy Court for the Middle District of Florida (the "Venue Motion").  DFA hereby adopts, incorporates by reference and joins in all points and authorities set forth in the Venue Motion and states DFA's full support thereof.

4.      On March 30, 2005 the Debtors filed a Response to the Venue Motion in which the Debtors requested the Court to grant the Venue Motion and transfer the cases to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

5.      Then, on April 5, 2005 the Official Committee of Unsecured Creditors (the "Committee") filed an Objection to the Venue Motion and state that the cases should remain in this Court.

## Facts Regarding DFA

6.      DFA is the supplier of raw milk to Debtors' milk plants in Louisiana and supplies manufactured cheese to Debtors' stores in the southeastern United States.  As of the Petition Date it held a claim in the amount of at least $753,942.46  and was unpaid in that amount for milk and cheese it has supplied to the Debtors.

CC 1402378v1

7.      DFA has substantial operations and affiliates in the southeastern United States and it would be much more convenient in DFA's interest to have the cases heard in the Middle District of Florida rather than in New York.

8.      There would be significant elimination or reduction in travel time and burden on DFA and the employees if the cases were heard in Florida.

9.      DFA disputes the assertion by the Committee that most creditors prefer New York over Florida as a venue for these cases.  DFA does not prefer New York as the venue for these cases.  DFA has not previously filed a Joinder to Venue Motion only because the Debtors filed their response that they did not oppose transfer of venue to the Middle District of Florida on March 30, 2005.

10.     While the Committee supposes that simply because a large number of creditors have not filed in support of the Venue Motion that they oppose it.  It is just as likely that a large number of creditors have not filed objections to the Venue Motion because of the Debtors' consent to transfer.

11.     The Committee's argument that this Court has already had a substantial involvement and made significant rulings is an argument made out of whole cloth.  In every sizable Chapter 11 case significant decisions are made early in the case, but that fact alone cannot justify Venue that is improper.  The Venue Motion makes it perfectly clear that the Debtors' manufactured venue by creating an affiliated on February 9, 2005 in New York for the purpose of obtaining jurisdiction in New York and for no other purpose.  The Debtors now concede that venue is proper in Florida.  Now there is no other justifiable reason for maintaining venue here.  The Committee's least compelling argument is that this Court has already made rulings.  If that were true improper venue would never be corrected by transfer because of

CC 1402378v1

intervening court action.  Venue cannot be justified simply because the Court has already taken action whether significant or otherwise.

12.    DFA submits that the cost of administering the cases will be significantly lower in Florida for a larger number of creditors because by far the larger number of creditors are from the southeastern United States.  The likelihood of having to obtain multiple counsel both local and otherwise is less likely in Florida than in New York.  Travel expenses would be significantly less except for a few large creditors.  The Court should not allow a case with improper venue to remain simply because a certain number of large institutional creditors prefer the improper venue when a larger number of smaller creditors will suffer and therefore be significantly prejudiced and less likely to participate meaningfully in the case.

13.    Finally, with only two trade creditors on the Creditors' Committee and millions of dollars in legal fees at stake the unstated but underlying reason for the effort to maintain the case in New York when even the Debtors concede transfer apparently is for the substantial economic benefit of the appointed Committee counsel rather than the proper application of the Bankruptcy Code's venue provision or the interests of justice to the larger trade creditor community.

Respectfully submitted,

Dated:    April  8 , 2005                    LATHROP & GAGE L.C.

By:    /s/  Stephen B. Sutton
Stephen B. Sutton    MO Bar #29105
2345 Grand Boulevard
Suite 2800
Kansas City, Missouri 64108-2684
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

ATTORNEYS FOR
DAIRY FARMERS OF AMERICA, INC.

CC 1402378v1