**Hearing Date and Time: April 12, 2005 at 10:00 a.m.**

Rachel S. Budke (FBN 185851)
Law Department, Florida Power & Light Company
700 Universe Boulevard
Juno Beach, Florida 33408
Telephone:  (561) 691-7797
Facsimile:  (561) 691-7103

William Douglas White
McCarthy & White PLLC
8180 Greensboro Drive, Suite 875
McLean, Virginia 22102
Telephone:  (703) 770-9265
Attorneys for Florida Power & Light Company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| **WINN-DIXIE STORES, INC., et al.,** | : | In re:  Case No. 05-11063 (RDD) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

**JOINDER OF UTILITY CREDITOR, FLORIDA POWER AND LIGHT COMPANY IN SUPPORT OF THE MOTION OF BUFFALO ROCK COMPANY TO TRANSFER VENUE OF DEBTORS' BANKRUPTCY CACES TO THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**

Florida Power and Light Company ("FPL"), by and through its undersigned counsel, hereby joins in the Motion of Buffalo Rock Company to Transfer Venue of Debtors' Bankruptcy Cases to the United States Bankruptcy Court for The Middle District of Florida (docket # 407) for the reasons set forth in its Motion as well as in the Joinder filed by Certain Utility Companies in Support of Motion of Buffalo Rock Company to Transfer Venue of Debtors' Bankruptcy Cases to the United States Bankruptcy Court for the Middle District of Florida (docket # 657). In further support, FPL states as follows:

  1.     The Debtors obtain utility services from FPL at more than 200 locations in the State of Florida.  Utility Motion, Exhibit A.  FPL is one of the Debtors' largest  (if not the

largest) suppliers of electricity with total average billings exceeding $3 million per month. FPL continues to provide utility service to the Debtors post-petition at those locations.

2. On March 14, 2005, Buffalo Rock Company filed a motion to transfer venue of bankruptcy cases to the Middle District of Florida (the "Venue Motion"). On March 30, 2005, the Debtors consented to Buffalo Rock's motion.

3. Yet, on April 5, 2005, the Official Committee of Unsecured Creditors (the "Committee") opposed the Venue Motion claiming: (1) that most creditors prefer New York over Florida and that New York is more convenient for the parties; (2) that this Court has had substantial involvement and made significant rulings; and (3) that the costs of administering the cases may be significantly lower if the cases remain in New York.

4. FPL disputes the Committee's claim that the creditors prefer New York over Florida. FPL certainly does not prefer New York over Florida. FPL was not consulted by the Committee to determine where FPL thought the case should proceed. FPL's failure to file papers seeking a change of venue should not have led the Committee to believe FPL or any other creditor preferred New York. FPL is, as are many of the other utility creditors, based in Florida, and FPL serves more than 200 of the Debtors' stores located throughout Florida. FPL would definitely prefer Florida over New York.

5. FPL also disputes the Committee's claim that New York is more convenient for the parties as opposed to the professionals. New York is certainly not more convenient for FPL. Like many of the other creditors in these cases, FPL is based in Florida. Still more creditors are located in the Southeast. The Debtors are also headquartered in Florida and operate exclusively out of the Southeastern United States. There would surely be a reduction in travel time and expense, particularly for FPL, if the cases were pending in Florida.

6. Moreover, these cases are procedurally in the early stages. This Court has not had so great an involvement or made such substantial rulings that it counsels against the requested

transfer. The bankruptcy was filed less than two months ago. To FPL's knowledge, nothing has been filed by the Debtors on how they plan to restructure their debt and operations. Nothing so significant has occurred in these cases that it would preclude the Middle District of Florida from administering these cases effectively going forward.

7. Finally, the cost of administering these cases actually should be lower in Florida for FPL and other creditors located in the Southeast. While FPL has not done an empirical study, travel expenses and the costs associated with retaining local counsel almost by definition should be lower in the Middle District of Florida than such costs would be in the Southern District of New York.

Dated: April 8, 2005

Respectfully submitted,

Rachel S. Budke (FBN 185851)
Law Department, Florida, Power & Light Company
700 Universe Boulevard
Juno Beach, Florida 33408
Telephone: (561) 691-7797
Facsimile: (561) 691-7103

/s/ William Douglas White
William Douglas White
McCarthy & White PLLC
8180 Greensboro Drive, Suite 875
McLean, Virginia 22102
Telephone: (703) 770-9265

Attorneys for Florida Power & Light Company

# **CERTIFICATE OF SERVICE**

       This is to certify that on the 8th day of April, 2005 a true and correct copy of the above and foregoing has been served by first-class U.S. mail and by facsimile to:

**David J. Baker, Esquire**
Skadden, Arps, Slates, Meagher & Flom, LLP
Four Times Square
New York, New York  10036
(Facsimile No. 917-777-2150)

**Richard C. Morrissey**
Office of the U.S. Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
(Facsimile No. (212) 668-2255)

**Dennis F. Dunne**
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

                                           /s/ William Douglas White
                                           William Douglas White