UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                             :   Chapter 11
                                                                   :   Case Nos. 05-11063 (RDD)
WINN-DIXIE STORES, INC., et al.,                                   :
                                                                   :   (Jointly Administered)
                          Debtors.                                 :
------------------------------------------------------------------x

### ORDER UNDER 11 U.S.C. § 105(a) PERMITTING
### SECURITIES TRADING IN CERTAIN CIRCUMSTANCES

OCM Opportunities Fund V, L.P. ("OCM"), a member of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors"), having requested by Application, dated March 28, 2005 (the "Application"),[1] entry of an order under section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), permitting OCM and its affiliates (collectively, "Oaktree") to trade in the Debtors' Securities (as defined below) under certain circumstances; and due and proper notice of the Application having been given; and there being no objection to the requested relief; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted; and it is further

ORDERED, that OCM, acting in any capacity, shall not violate (and shall not be deemed to have violated) its fiduciary duties as a Committee member and, accordingly will not subject its claims to possible reduction, disallowance, subordination, or other adverse treatment to the extent that Oaktree trades in the Debtors' stock, notes, bonds, debentures, participations in or any derivatives based upon or relating to, any of the Debtors' debt obligations or other claims

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

or equity interests, to the extent any of these constitute securities under § 2(a)(1) of the Securities Act of 1933 (collectively, the "<u>Securities</u>") during the pendency of these cases; <u>provided</u>, <u>however</u>, OCM establishes, effectively implements and strictly adheres to the policies and procedures set forth in the Declaration (as defined below), including the Fire Wall (the "<u>Procedures</u>"), to prevent (i) Oaktree's trading personnel from the misuse of information relating to the Debtors obtained through the performance by OCM's designated personnel ("<u>Committee Personnel</u>") of Committee-related activities and (ii) Committee Personnel from receiving information regarding Oaktree's trading in the Securities in advance of such trades; and it is further

ORDERED, that OCM shall (i) file with the Court and cause to be delivered to the United States Trustee a declaration or affidavit in the form of the declaration attached hereto as <u>Exhibit A</u> or in a substantially similar form acceptable to the United States Trustee (the "<u>Declaration</u>") and (ii) file with the Court and submit to the United States Trustee a Declaration every three months to verify continued compliance with the Procedures so long as OCM is a member of the Committee; and it is further

ORDERED, that this Order shall apply to Oaktree only if it is engaged in the trading of Securities as a regular part of its business from the date of OCM's appointment to the Committee; and it is further

ORDERED, that this Order is not intended to preclude the Court from taking any action it may deem appropriate in the event that it is determined that an actual breach of fiduciary duty has occurred because other procedures employed have not been effective or for reasons unrelated to the fact of Oaktree's ability to trade based upon the establishment of the Procedures; and it is further

ORDERED, that nothing herein shall prevent the Debtors from seeking (and any party in interest from opposing) injunctive relief, as appropriate, to restrict the ability of any party from trading in the Debtors' Securities to the extent necessary to preserve property of the Debtors' estates; and it is further

ORDERED, that this Court retains jurisdiction to construe and enforce the terms of this Order.

Dated: New York, New York
April 11, 2005

/s/ ROBERT D. DRAIN
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

Doc #:NY6:938253.5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
                                                :

In re:                                   :           Chapter 11

WINN-DIXIE STORES, INC., et al.,   :           Case No. 05-11063 (RDD)
                                                :           (Jointly Administered)
                   Debtors.    :
                                                :
------------------------------------------------------x

## DECLARATION OF ALAN S. ADLER

       I, Alan S. Adler, hereby declare:

       1.    I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and as to those facts, I am informed and believe them to be true. I am filing this Declaration with the Court and submitting the Declaration to the United States Trustee on behalf of OCM Opportunities Fund V, L.P. ("OCM") to advise the Court and the United States Trustee for the Southern District of New York of the information blocking procedures designed to prevent (a) OCM and its affiliates' (collectively with OCM, "Oaktree") trading personnel and their investment advisory personnel from receiving any information concerning Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned case (collectively, "Winn-Dixie" or the "Debtors") or the Winn-Dixie chapter 11 cases that has been received by OCM through OCM's personnel, representatives or agents (the "Committee Personnel") performing committee-related activities in the Winn-Dixie chapter 11 cases and (b) the Committee Personnel from receiving information regarding Securities[2] of Winn-Dixie held by Oaktree.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order Under 11 U.S.C. § 105(a) Permitting Securities Trading In Certain Circumstances (Docket No. [ ]) (the "Order").

    2.    OCM will have established the following internal procedures before the Order is entered:

    (i)    OCM shall cause all Committee Personnel to execute a letter acknowledging that they may receive non-public information as a result of OCM's service on the Committee and that they are aware of the Order and the Procedures that OCM has put in effect with respect to the Securities and will immediately inform Committee counsel and the United States Trustee in writing if such Procedures are materially breached.

    (ii)    Committee Personnel shall not share directly or indirectly any information generated or received solely from Committee activities ("Information") with any other employee of Oaktree, other than:

        (a)    senior management of Oaktree who, due to their duties and responsibilities, have a legitimate need to know such information, provided that such individuals (i) otherwise comply with the Winn-Dixie Information Wall and (ii) use such information only in connection with their senior managerial responsibilities, and

        (b)    regulators, auditors, and designated legal personnel for the purpose of rendering legal advice to Committee Personnel and who will agree not to share such Information with other Oaktree employees and will keep such Information in files inaccessible to such other employees.

    (iii)    Subject to the exceptions set forth in sub-paragraphs ii(a) and ii(b) above, Committee Personnel shall not discuss any matter relating to the Winn-Dixie chapter 11 cases with any member of Oaktree who is reasonably known to be engaged in trading activities on behalf of Oaktree.

    (iv)    Committee Personnel shall keep Information in files (electronic or otherwise) inaccessible to employees not permitted to access such Information under the Winn-Dixie Information Wall.

    (v)    Committee Personnel shall not be involved in the trading decisions relating to the securities of Winn-Dixie (or its affiliates) and shall receive no information regarding trades in securities of Winn-Dixie (or its affiliates) by Oaktree's funds and accounts in advance of such trades or within thirty days after such trades; it being understood that Committee Personnel may receive after the thirtieth day following such trades the usual and customary internal and public reports showing purchases and sales and the amount and class of securities owned by such Oaktree funds and accounts, including the securities of Winn-

      Dixie.  Notwithstanding the foregoing sentence, Committee Personnel is permitted to receive information necessary for OCM to comply with OCM's obligations under the bylaws of the Committee, including, but not limited to, OCM's obligation to (a) resign from the Committee on account of OCM's transfer or satisfaction of greater than or equal to 75% of its claims and (b) notify the Committee Chair and counsel to the Committee of OCM's reaching an agreement in principle relating to such a transfer or satisfaction of such claims.

(vi) Oaktree's compliance personnel shall review these procedures from time to time, keep and maintain records of such reviews, and take reasonable steps to monitor compliance with the procedures.

(vii) So long as OCM is a member of the Official Committee of Unsecured Creditors of Winn-Dixie, it shall file with the Court and submit a declaration to the United States Trustee every three months to verify continued compliance with the procedures described herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28 day of March, 2005.

                /s/ Alan S. Adler
                Alan S. Adler