**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                          :   In Proceedings Under
                                               :   Chapter 11
**WINN-DIXIE STORES, INC.,**                   :   Case No. 05-11063
                                               :
        Debtor.                                :   Claim No. __11__
-----------------------------------------------------------x

## NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e)(2) OR (4)

TO:    (Transferor)          ROSS PRODUCTS DIVISION
                             ABBOTT LABORATORIES INC.
                             KOHNER, MANN & KAILAS, S.C.
                             WASHINGTON BUILDING
                             4650 N. PORT WASHINGTON ROAD
                             MILWAUKEE, WI 53212-1059

The transfer of your claim as shown above, in the amount of $1,316,295.00 has been transferred (unless previously expunged by court order) to:

                             JPMORGAN CHASE BANK, N.A.
                             270 PARK AVENUE, 17TH FLOOR
                             NEW YORK, NY 10017
                             ATTN: ANDREW OPEL

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN **20 DAYS** OF THE DATE OF THE NOTICE, YOU MUST:

--FILE A WRITTEN OBJECTION TO THE TRANSFER with:

                             UNITED STATES BANKRUPTCY COURT
                             SOUTHERN DISTRICT OF NEW YORK
                             ONE BOWLING GREEN
                             NEW YORK, NY 10004

--SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to INTERNAL CONTROL No. _____ in your objection. If you file an objection, a hearing will be scheduled. IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

                                           CLERK OF THE COURT

---

--FOR THE CLERK'S OFFICE USE ONLY:
This notice was mailed to the first-named party, by first-class mail, postage prepaid on _____, 2005.
INTERNAL CONTROL NO. _____
Claims Agent Noticed:        (Name of Outside Agent) _____
Copy to Transferee: _____

                                           Deputy Clerk

W:\scw\Ross_Prod\winndixie\Documents\WDAssmt_2.doc

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                               :
                                                    :    Chapter 11
                                                    :
WINN-DIXIE STORES, INC.,                            :    Case No. 05-11063
                                                    :
        Debtor.                                     :
                                                    :
-----------------------------------------------------------x

EVIDENCE OF TRANSFER OF CLAIM

TO:   Clerk, United States Bankruptcy Court, Southern District of New York

ROSS PRODUCTS DIVISION ABBOTT LABORATORIES INC. ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim Agreement dated March _18_, 2005, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned to JPMORGAN CHASE BANK, N.A., with offices at 270 Park Avenue, 17th Floor, New York, NY 10017, ("Assignee"), all right, title and interest in and to the claim of Assignor and to that certain Proof of Claim of Assignor against WINN-DIXIE STORES, INC. (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 05-11063.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Assignee.

IN WITNESS WHEREOF, dated the _18th_ day of March, 2005.

WITNESS:                                    ROSS PRODUCTS DIVISION
                                            ABBOTT LABORATORIES INC.

[RECEIVED APR 4 2005 U.S. BANKRUPTCY COURT SO. DIST. OF NEW YORK]

By: _____
(An authorized corporate officer)
Name: BARRY BARNARD

___Lisa Clark___
(Signature)

_Lisa Clark, Executive Assistant_
(Print name and title of witness)

                                            Tel: 614-624-3341

W:\scw\Ross_Prod\winndixie\Documents\WDAssmt_1.doc

## ASSIGNMENT OF CLAIM AGREEMENT

ROSS PRODUCTS DIVISION ABBOTT LABORATORIES INC., an Illinois corporation (herein "Assignor") and JPMorgan Chase Bank, N.A., a national bank (herein "Assignee")(Each a "Party" and collectively the "Parties"), in consideration of the mutual agreements contained herein, hereby agree as follows:

Effective upon payment to Assignor of the sum of $658,147.50 ("Purchase Price") in good funds, subject to the terms and conditions of this Agreement, Assignor hereby transfers to Assignee, all of the Assignor's right, title and interest in and to the claim or claims of Assignor (the "Claim") arising from the sale of goods or services prior to February 21, 2005 (the date of the commencement of the Proceedings) to Winn-Dixie Stores, Inc., et al., Debtors in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the Southern District of New York (the "Court"), jointly administered as Case No 05-11063 (the "Debtor"). The term "Debtor" includes the debtor-in-possession and any trustee of the Debtor's bankruptcy estate.

The term "Claim" includes the claim currently outstanding in the amount of $1,316,295.00 and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim. Provided however, the Claim shall not include: (i) claims, debts, obligations or accounts receivable owed by the Debtor arising from or relating to the sale of goods or services on or after February 21, 2005; or (ii) claims, debts, obligations or accounts receivable owed by the Debtor to any other division or wholly-owned subsidiary of Abbott Laboratories Inc. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignee shall pay to Assignor the Purchase Price in good funds (i.e., via confirmed wire transfer), within 5 business days of Assignee's receipt of a copy of this agreement executed by Assignor (the "Closing Date"), subject to the conditions that Assignor's representations and warranties herein shall have been true and correct on the trade date and the Closing Date, and that this Agreement has been duly executed on behalf of the Assignor.

Assignor represents and warrants that:
  a.  Assignor has filed or will shortly file a Proof of Claim for $1,316,295.00 in the Proceedings (collectively, the "Proof of Claim"); such filing will be duly and timely made, on or prior to the bar date for filing proofs of claim by Assignor; Assignor shall promptly provide Assignee, prior to the Closing Date, with a true, correct, complete and file-stamped copy of the Proof of Claim after it is filed in the Proceedings.
  b.  If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the amount of the Claim is not less than $1,316,295.00; that to the best of Assignor's knowledge (a) the amount is valid and (b) no objection to the Claim exists; and that to the best of Assignor's knowledge, there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim; that Assignor has not effected or received the benefit of any set-off against Debtor or any other obligor on account of the Proof of Claim; that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; that Assignor is the sole legal and beneficial owner and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever. Assignee hereby represents, warrants and acknowledges to Assignor, and Assignor hereby further represents, warrants and acknowledges to Assignee as of the date hereof that: (i) it is and was duly organized and validly existing under the laws of its jurisdiction of organization or incorporation; (ii) it is, and was in good standing under such laws, (iii) the execution, delivery, and performance of this Agreement has not resulted, did not result and will not result in a breach or violation of any provision of its organizational documents, any statute, law, writ, order, rule or regulation of any federal, state, or other governmental department, agency, institution, authority, regulatory body, court or tribunal, foreign or domestic, including arbitration bodies, whether governmental, private or otherwise ("Governmental Authority") applicable to it, any judgment, injunction, decree or determination applicable to it or any contract, indenture, mortgage, loan agreement, note, lease or other agreement, document or instrument to which it may be a party, by which it may be bound or to which any of its assets is subject; (iv) no notice to, registration with, consent or approval of or any other action by any relevant Governmental Authority or other entity is, will be, or was required for it to execute, deliver, and perform its obligations under this Agreement; (v) it has full power and authority, and has taken all action necessary to execute and deliver this Agreement and fulfill its obligations hereunder and consummate the transactions contemplated hereby; (vi) the making and performance by it of this Agreement and fulfillment of its obligations hereunder does not and will not violate any law or regulation of the jurisdiction under which it exists, any other law or regulation applicable to it or any other agreement to which it is bound and does not require the consent or approval of any third party; (vii) there are no proceedings pending against it, or to the best of its knowledge, threatened against it before any relevant Governmental Authority that, in the aggregate, will materially and adversely affect the Proof of Claim or any action taken or to be taken by it under this Agreement; and (viii) this Agreement has been duly executed and delivered by it and (assuming that the same constitute the legal, valid and binding obligations of the other party hereto and thereto), constitutes its legal, valid and binding obligations, enforceable against it in accordance with its terms, except that the enforceability thereof may be limited by bankruptcy, insolvency or other similar laws of general applicability affecting enforcement of creditors' rights generally, or by a court's discretion in relation to equitable remedies. Assignor agrees to indemnify, defend and hold Assignee and its officers, directors, agents, partners, members, controlling entities and employees (collectively, "Assignee Indemnitees") harmless from and against any liability, claim, cost, loss, judgment, damage or expense (including reasonable attorneys' fees and expenses) that Assignee Indemnitees incur or suffer as a result of, or arising out of Assignor's breach of any of Assignor's representations, warranties, covenants or agreements set forth in this paragraph. Assignee agrees to indemnify, defend and hold Assignor and its officers, directors, agents,

2

partners, members, controlling entities and employees (collectively, "Assignor Indemnitees") harmless from and against any liability, claim, cost, loss, judgment, damage or expense (including reasonable attorneys' fees and expenses) that Assignor Indemnitees incur or suffer as a result of, or arising out of Assignee's breach of any of Assignee's representations, warranties, covenants or agreements set forth in this paragraph.

In respect to the indemnity in the foregoing paragraph, if a third party commences any action or makes any demand against either Party for which such Party ("Indemnified Party") is entitled to indemnification under this agreement, such Indemnified Party will promptly notify the other party ("Indemnifying Party") in writing of such action or demand; provided, however, that if the Indemnified Party assumes the defense of the action and fails to provide prompt notice to the Indemnifying Party, such failure shall not limit in any way the Indemnifying Party's obligation to indemnify the Indemnified Party except to the extent that such failure materially prejudices the Indemnifying Party's ability to defend the action. The Indemnifying Party may, at its own expense and without limiting its obligation to indemnify the Indemnified Party, participate in the defense of such action with counsel reasonably satisfactory to the Indemnified Party, or the Indemnifying Party may, at its own expense and without limiting its obligation to indemnify the Indemnified Party, assume the defense of such action with counsel reasonably acceptable to the Indemnified Party. In any event, the Party that has assumed the defense of such action shall provide the other Party with copies of all notices, pleadings, and other papers filed or served in such action. Neither Party shall make any settlement or adjustment without the other Party's prior written consent, which consent (a) in the case of the Indemnifying Party will not be unreasonably withheld if the settlement or adjustment involves only the payment of money damages by the Indemnifying Party and (b) in the case of the Indemnified Party may be withheld for any reason if the settlement or adjustment involves performance or admission by the Indemnified Party.

Each indemnity in this agreement is a continuing obligation, separate and independent from the other obligations of the Parties and survives termination of this agreement or any transfer and it is not necessary for a Party to incur expense or make payment before enforcing a right of indemnity conferred by this Agreement.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

3

Refund of Disallowed Claim; Payment for Increases(s) in Claim. In the event the amount of the Claim, as allowable under Section 502 of the Bankruptcy Code by virtue of pre-Proceedings transactions between Assignor and Debtor, is established, by way of agreement or stipulation with the Debtor and/or final non-appealed order of the Bankruptcy Court, in an amount: (i) less than $1,316,295.00, then Assignor shall refund to Assignee a portion of the Purchase Price equal to 50% of the amount of the Claim disallowed ("Unsecured Claim Refund"); or (ii) more than $1,316,295.00, then Assignee shall pay to Assignor an increased Purchase Price equal to 50% of the difference between the amount so established and $1,316,295.00 (herein an "Unsecured Claim Additional Payment").

Upon receipt by Assignor from Assignee of any notice of an Unsecured Claim Refund, Assignor shall pay to Assignee by wire transfer of immediately available funds within five (5) business days of Assignor's receipt of a notice of an Unsecured Claim Refund, the amount of the Unsecured Claim Refund. Upon receipt by Assignee from Assignor of any notice of an Unsecured Claim Additional Payment, Assignee shall pay to Assignor by wire transfer of immediately available funds the amount(s) of such Unsecured Claim Additional Payment within five (5) business days of Assignee's receipt of a notice of an Unsecured Claim Additional Payment.

Authority to Defend Against Objection(s) to the Unsecured Claim. Notwithstanding any provision in this Agreement to the contrary, in the event an objection is raised against any portion of the Claim in the Proceedings, then Assignee shall immediately notify Assignor in writing of such objection(s) and Assignor shall appear in the Proceedings and, after consultation with and (in the case of pleadings or other documents) review by Assignee, file pleadings and documents and otherwise use its best efforts to oppose and defend against such objection and to seek allowance of the Claim on behalf of Assignee but at Assignor's sole cost and expense (herein, the "Defense Authority"); provided, however, that, at any time after the 180th day after the date on which the objection was filed against the Claim, said Defense Authority may be terminated by Assignee by Assignee's filing in the proceedings a substitution of parties and counsel to replace Assignor and its counsel in any proceedings relating to such objection. Assignor shall notify Assignee of its intention to appear in the Proceedings within seven (7) business days from Assignor's receipt of notification of an objection to the Claim. Assignor and Assignee shall copy each other on all pleadings, documents or otherwise which are filed in connection with the Claim. In the event Assignee terminates the Defense Authority, then Assignee shall take, at its own expense, all action necessary to continue to oppose and defend against such objection and to seek allowance of the Claim. Notwithstanding the foregoing, neither Assignor nor Assignee shall compromise or settle the Claim or change the Claim amount without the prior written consent of the other Party, which consent shall not be unreasonably withheld by either Party from the other Party. In performing any of its obligations under this paragraph and in otherwise complying with its obligations under this Agreement, each Party hereby covenants and agrees to use best efforts at all times to maximize the amount of the Claim to minimize the time in which all components of the Claim are quantified and paid.

Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this claim; provided, however, that if such loss relates to all or a portion of the Claim not being allowed under Section 502 of the Bankruptcy Code, Assignee's sole and exclusive remedy shall be the refund rights set forth above.

4

Except as otherwise provided herein, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee, as assignee of the Claim, to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Except as otherwise provided herein, Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Except as otherwise provided herein, Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Except as otherwise provided herein, Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor and Assignee agree to take such further action, at their own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents and any other actions necessary to carry out the intent and purposes of this agreement and to consummate the transaction contemplated hereby.

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein, to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim to any third party together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of Ohio. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of Ohio, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of the Claim and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to Rule 3001e of the rules of the Bankruptcy procedure.

5

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand effective as of the 16th day of March, 2005.

ASSIGNOR:

ROSS PRODUCTS DIVISION ABBOTT LABORATORIES INC.

By: _____
     Signature

Barry G. Barnard, Vice President & Controller
Print Name/Title

Address:    625 Cleveland Avenue
            Columbus, OH 43215-1724
            Telephone # (614) 624-5627

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand effective as of the ____ day of March, 2005.

ASSIGNEE:

JPMORGAN CHASE BANK, N.A._____

By:_____
   Signature

_____
Print Name/Title

Address:    270 Park Avenue, 17th Floor
            New York, NY 10017
            Telephone # (212) 270-8763

W:\scw\Ross_Prod\winndixie\Documents\Claim Agr_FINAL.doc

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand effective as of the ___ day of March, 2005.

ASSIGNOR:

ROSS PRODUCTS DIVISION ABBOTT LABORATORIES INC.

By: _____
     Signature

_____
Print Name/Title

Address:    625 Cleveland Avenue
               Columbus, OH 43215-1724
               Telephone # (614) 624-5627

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand effective as of the _18th_ day of March, 2005.

ASSIGNEE:

JPMORGAN CHASE BANK, N.A.

By: _____
     Signature
     ANDREW OPEL
     AUTHORIZED SIGNATORY
_____
Print Name/Title

Address:    270 Park Avenue, 17th Floor
               New York, NY 10017
               Telephone # (212) 270-8763

W:\scw\Ross_Prod\winndixie\Documents\Claim Agr_FINAL.doc