UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

### APPLICATION TO EMPLOY SMITH HULSEY & BUSEY AS CO-COUNSEL FOR THE DEBTOR NUNC PRO TUNC

Winn-Dixie Stores, Inc. and its debtor affiliates[1] (collectively, the "Debtors"), apply for an order authorizing the retention of Smith Hulsey & Busey pursuant to Section 327(a) of the Bankruptcy Code, nunc pro tunc to March 28, 2005, and in support state:

1. On February 21, 2005, the Debtors each filed petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). The cases are jointly administered. By order dated March 7, 2005, the Debtors were authorized to retain the law firm of Skaddon Arps, Slate, Meagher & Flom LLP ("Skadden Arps") as bankruptcy counsel pursuant to Sections 327(a) and 329 of the Bankruptcy Code.

2. On March 14, 2005, a creditor of the Debtors filed an objection to venue of the cases in New York and asked the New York Court to transfer venue to the Middle District of Florida (the "Venue Objection"). A hearing on the Venue Objection was held

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

before the New York Court on April 12, 2005. On April 13, 2005, the New York Court entered an order transferring venue of these Chapter 11 cases to the Middle District of Florida.

3. The Debtors desire to employ Smith Hulsey under Section 327(a) of the Bankruptcy Code to assist the Debtors and Skadden Arps in performing the duties required of Chapter 11 debtors. Because of Smith Hulsey's substantial experience in matters of this nature, geographical proximity to the Debtors and the Court, and lower hourly rates, Smith Hulsey will be able to efficiently and cost effectively render services necessary in these Chapter 11 cases. Given the magnitude of these cases however, and the substantial involvement to date by Skadden Arps, the Debtors still require the considerable expertise and substantial resources of Skadden Arps. Skadden Arps and Smith Hulsey will divide tasks and areas of responsibility in a manner which reflects their respective abilities, resources and experience and which recognizes the firms' respective proximities to the Debtors, the Court and the interested parties in these cases. Skadden Arps and Smith Hulsey will coordinate closely to minimize any duplication of efforts. The Debtors expect that the retention of Smith Hulsey as Section 327(a) co-counsel with Skadden Arps will accomplish efficiencies and savings of professional expense that will far outweigh any incidental expense resulting from duplication.

4. To the best of the Debtors' knowledge, Smith Hulsey (i) neither holds nor represents any interest adverse to the Debtors or to their estates, (ii) is a "disinterested person" within the meaning of 11 U.S.C. §§101(14) and 327(a), and (iii) has no connection with the Debtors, their creditors, or any party in interest or their respective attorneys and accountants, the United States Trustee, any person employed in the office

of the United States Trustee, or the Bankruptcy Judge presiding over these cases, except as specifically disclosed in the Declaration filed in support of this Application, a copy of which is attached as Exhibit A.

5.   Subject to Court approval, the Debtors have agreed to compensate Smith Hulsey for services rendered at the firm's rate of $130 for its paralegals and between $165 and $395 for its attorneys, depending on their experience and expertise. Smith Hulsey's rates are adjusted annually on February 1. As a result of the Venue Objection and the Debtors' response to the objection, Smith Hulsey began rendering services to the Debtors on March 28, 2005.

WHEREFORE, for the foregoing reasons, the Debtors respectfully request entry of an order in these jointly administered cases authorizing retention of Smith Hulsey as bankruptcy co-counsel nunc pro tunc to March 28, 2005, and for such other and further relief as is just and proper.

Dated: Jacksonville, Florida
April 18, 2005

WINN-DIXIE STORES, INC., and
its debtor affiliates

By_____
Bennett Nussbaum
Senior Vice President
and Chief Financial Officer

00492501.2