UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No.05-3817 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF SMITH HULSEY & BUSEY AND DISCLOSURE OF COMPENSATION

I, Cynthia C. Jackson, pursuant to 28 U.S.C. §1746, declare that the following is true to the best of my knowledge, information and belief:

1. I am a member of the law firm of Smith Hulsey & Busey. I submit this declaration and disclosure pursuant to Sections §§327 and 329 of the Bankruptcy Code and Rules 2014 and 2016, F.R.B.P., in support of the Debtors' application to retain Smith Hulsey pursuant to Section 327(a). Except as otherwise indicated, I have personal knowledge of the matters set forth below and, if called as a witness, would so testify[1].

2. The Debtors initially filed these Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). On March 7, 2005, the New York Court authorized the Debtors to retain the law firm

1. ———————

---

[1] Some of the disclosures set forth in this declaration relate to matters within the personal knowledge of other attorneys at Smith Hulsey & Busey and are based on information provided to me by such attorneys.

of Skadden Arps, Slate, Meager & Flom ("Skaddon Arps") as counsel for the Debtors under Section 329(a) of the Bankruptcy Code.

3. On March 14, 2005, a creditor of the Debtors objected to venue before the New York Court and requested that venue be transferred to the Middle District of Florida. As a result of this objection and the Debtors' response, the Debtors requested and Smith Hulsey began rendering services to the Debtors on March 28, 2005. Since that time, Smith Hulsey has become familiar with the Debtors' businesses and many of the legal issues in these Chapter 11 cases. On April 13, 2005 the New York Court entered an order transferring venue to the Middle District of Florida.

4. Smith Hulsey is qualified to represent the Debtors in these Chapter 11 cases. This firm has many years of experience in representing publicly held debtors in large Chapter 11 cases.

5. Skadden Arps and Smith Hulsey will divide tasks and responsibilities in a manner which reflects their respective abilities and experience and which recognizes the firms' respective proximities to the Debtors, the Court and the parties in interest. Skadden Arps and Smith Hulsey will coordinate closely to minimize any duplication of effort.

6. Subject to the disclosures made below, Smith Hulsey and its individual members (i) do not hold or represent any interest adverse to the Debtors, their creditors or estates, and (ii) are each a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

7.  Smith Hulsey has researched its client data base to determine whether it has any relationships with any of the following entities (collectively, the "Interested Parties"):

  (a)  the Debtors;

  (b)  the agents for and the lenders in the Debtors' senior secured credit facility;

  (c)  the indenture trustee for the Debtors' noteholders;

  (d)  the Debtors' fifty largest unsecured trade creditors on a consolidated basis as of February 18, 2005;

  (e)  the Debtors' non-debtor affiliates;

  (f)  the Debtors' current officers and directors and former officers and directors during the prior four years;

  (g)  the Debtors' accountants for the prior three years;

  (h)  the Official Committee of Unsecured Creditors; and

  (i)  those other creditors and parties in interest on the attached list.

8.  Smith Hulsey represented Hillandale Farms, Inc., as a reclamation creditor of the Debtors, in these Chapter 11 cases before the change of venue from New York to Florida. Smith Hulsey has withdrawn as counsel of record for Hillandale Farms. Smith Hulsey also has received a written waiver from Hillandale Farms permitting Smith Hulsey's retention by the Debtors. In the event a dispute arises between the Debtors and Hillandale Farms regarding Hillandale's reclamation or unsecured claims, Skadden Arps will act as sole counsel on the Debtors' behalf.

9. Wachovia Bank, N.A., a secured creditor in these cases, is a significant client of Smith Hulsey. Smith Hulsey also represents Wachovia's affiliate, Wachovia Securities LLC. Wachovia has provided Smith Hulsey with a written waiver consenting to Smith Hulsey's representation of the Debtors in this case. In connection with Wachovia's waiver, Smith Hulsey has agreed not to represent or provide legal advice to the Debtors in connection with any dispute involving Wachovia. In such event, Skadden Arps will act as sole counsel for the Debtors.

10. Smith Hulsey represents the following Interested Parties in matters unrelated to these Chapter 11 cases: Regency Centers Corporation and its affiliate, MCW RC FL-Highlands LLC, Deutsche Bank Securities, Inc., Smith Kline Beecham Corporation, GMAC Commercial Mortgage Corporation (an affiliate of GMAC Commercial Finance LLC), as servicer for Wells Fargo Bank Minnesota, General Electric Capital Corporation, AmSouth Bank of Florida, Bank One, N.A., Bank One Corporation, Liberty Mutual Fire Insurance Company (an affiliate of Liberty Mutual Insurance Company), SouthTrust Bank of Alabama, N.A., SouthTrust Bank of Volusia County, SouthTrust Bank of Jacksonville, N.A., The Sembler Company and 1994 Victoria Square Limited Partnership and Victoria Square, Ltd.

11. In the event Smith Hulsey learns of any potential claim that the Debtors may have against any of Smith Hulsey's existing clients identified above, Smith Hulsey will so advise the Debtors and to the extent necessary, seek a waiver from

such client and have Skadden Arps take sole responsibility to investigate and pursue any such claim.

12.     Smith Hulsey & Busey does not now but has previously represented the following Interested Parties in matters unrelated to these cases: New Plan Excel Realty Trust, Inc., The Pepsi Bottling Group, Inc., Pepsico World Trading Co., Inc., Cargill, Inc., Georgia Pacific Corporation, Jay H. Skelton, Proctor & Gamble Co., The Cit Group, Deutsche Credit Corporation, National City Bank, Malcom L. Rich, as President and minority shareholder of AirKaman of Jacksonville, Inc., Wallace F.E. Kieneist, a former officer and director of Koger Equity, Inc., Koger Properties, Inc., an affiliate of Koger Equity, Inc., KPMG LLP, Town & Country Shopping Center, Inc., Southern Stores, Inc., First National Bank, K-Mart Corporation,; Orix Financial Services, Inc., Vanguard Securities Corporation, John Alden Life Insurance Company, Jefferson-Pilot Life Insurance Corporation, KinKosha, Inc. (whose principal is George Chen), PNC Bank, N.A., Principal Life Insurance Company, CNA Insurance Companies and St. Paul Fire & Marine Insurance Company.

13.     One or more members and associates of Smith Hulsey (a) owns or has a relative who owns publicly issued debt or equity of one or more of the Interested Parties; (b) was formerly an employee of, or has a relative who was or is an employee of one or more of the Interested Parties; and/or (c) maintains a bank account, brokerage account, credit card account or loan or mortgage relationship with, or is insured by, one or more of the Interested Parties. A former associate of Smith

Hulsey (Denise Barnett) is an attorney employed by the United States Trustee for the Middle District of Florida in its Tampa Division. In the event Smith Hulsey learns of any additional connections to parties in interest in these Chapter 11 cases, we will file a supplemental disclosure.

14. Subject to Court approval, Smith Hulsey will be compensated for services rendered at its hourly rates for matters of this kind and will be reimbursed for all reasonably necessary expenses. The current hourly rate for Smith Hulsey is $130 for its paralegals and between $165 and $395 for its attorneys. Smith Hulsey's hourly rates may be adjusted annually on February 1 of each year.

15. Consistent with the firm's policy, Smith Hulsey will charge the Debtors for all disbursements incurred in the rendering of services. These charges include costs for telephone, photocopying, travel, business meals, computerized research, couriers, postage and witness fees. Copying costs will be charged at $.10 per page.

16. No agreement in any form exists between Smith Hulsey and any other person for any division of compensation for services rendered in or in connection with these Chapter 11 cases and no such division will be made. Smith Hulsey has not shared or agreed to share any compensation received in these cases with any entity other than its own members.

17. For the reasons set forth above, I believe the Debtors' retention of Smith Hulsey is appropriate under 11 U.S.C. §327(a) and is not prohibited by or improper under F.R.B.P. 5002.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2005, at Jacksonville, Florida.

                                              SMITH HULSEY & BUSEY

                                              By: *Cynthia C. Jackson*
                                                   Cynthia C. Jackson

                                              Florida Bar Number: 0498882
                                              225 Water Street, Suite 1800
                                              Jacksonville, Florida 32202
                                              (904) 359-7700
                                              (904) 359-7708 (facsimile)

                                              Attorney for Debtors

00492502.DOC