**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

**MOTION FOR ORDER SHORTENING NOTICE OF FOOD LION SALE**

Winn-Dixie Stores, Inc. and its debtor affiliates and subsidiaries including Winn-Dixie Raleigh, Inc., (collectively, the "Debtors"), move the Court for an order pursuant to Rule 2002(a)(2), Federal Rules of Bankruptcy Procedure, shortening the twenty day notice period prescribed for a proposed sale of property from twenty to fifteen days, and in support state:

1.  Contemporaneously with the filing of this Motion, the Debtors are filing and serving a motion under 11 U.S.C. §§363 and 365 for an order authorizing the sale of assets free and clear of liens and the assignment of leases to three stores located in Virginia to Food Lion, LLC (the "Sale Motion"), under an asset purchase agreement dated December 15, 2004 (the "Purchase Agreement").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. This proposed sale is in the best interest of the estate and creditors; if approved and consummated, the estate will receive $1,000,000 and the Debtors will be relieved of the burden of operating unprofitable assets.

3. Under the terms of the Purchase Agreement, if the Debtors do not close by May 27, 2005, the Debtors may lose the benefit of the proposed sale. Because of the closing date and the Court's calendar, the Debtors' only opportunity to obtain court approval is to notice the Sale Motion for the hearing scheduled for May 6, 2005 (in fifteen days).

4. Under Rule 2002(a)(2), Federal Rules of Bankruptcy Procedure, interested parties are entitled to twenty days notice of a sale of assets "unless the Court for cause shown shortens the time." Because the Sale Motion is being filed and served today, April 20, interested parties will only receive fifteen days notice. Cause exists to shorten the notice to fifteen days because of the closing date and Court calendar.

For the foregoing reasons, the Debtors request that the Court enter an order substantially in the form attached (i) shortening the notice period for the Sale Motion from twenty days to fifteen days and (ii) for such other relief as is just.

| SKADDEN, ARPS, SLATE, MEAGHER & FROM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  s/ D. J. Baker  <br>D. J. Baker  <br>Sally McDonald Henry  <br>Rosalie Walker Gray | By  s/ Cynthia C. Jackson  <br>Stephen D. Busey  <br>James H. Post  <br>Cynthia C. Jackson |
| Four Times Square  <br>New York, New York 10036  <br>(212) 735-3000  <br>(212) 735-2000 (facsimile) | Florida Bar Number 498882  <br>225 Water Street, Suite 1800  <br>Jacksonville, Florida 32202  <br>(904) 359-7700  <br>(904) 359-7708 (facsimile) |

00493275