**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 363 AND FED. R. BANKR. P. 6004 (A) AUTHORIZING THE SALE OF CERTAIN PHARMACEUTICAL PRESCRIPTIONS AND INVENTORY FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES AND (B) GRANTING RELATED RELIEF; ON AN EMERGENCY BASIS**

Upon the expedited motion (the "Motion")[1] of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") for an order pursuant to sections 105(a) and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 6004 (a) authorizing the sale of certain pharmaceutical prescription and inventory (the "Assets") to CVS Realty Co. (the "Purchaser") free and clear of liens, claims, interests, and encumbrances and (b) granting related relief; and a hearing regarding the Motion having been held (the "Sale Hearing"); and the Court having reviewed the Motion and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing, under the circumstances, that due notice of the Motion and the Sale Hearing having been given and due and proper notice of the Motion having been

---

[1] All capitalized terms not otherwise defined in this Sale Order shall have the meaning ascribed to them in the Motion.

provided to (i) each taxing authority known to the Debtors to have a potential interest in the Assets and to the North Carolina Board of Pharmacy; (ii) all parties who previously have expressed serious interest in acquiring the Assets, as listed on <u>Exhibit A</u> to the Motion; (iii) the Purchaser; (iv) counsel for the Debtors' postpetition secured lenders (the "DIP Lenders"); (v) the indenture trustee for the Debtors' noteholders; (vi) counsel for the Creditors' Committee; (vii) all known holders of Interests and Claims (as those terms are defined below) in the Assets; (viii) all entities having requested notices pursuant to Bankruptcy Rule 2002; (ix) the Office of the United States Trustee; and (x) any other parties not otherwise named in this Motion but included in the Order (A) Establishing Notice Procedures on a Final Basis and (B) Continuing Hearing with Respect to Scheduling Omnibus Hearings, and no other or further notice need be given; and after due deliberation; and good and sufficient cause existing:

THE COURT FINDS AND CONCLUDES AS FOLLOWS:

A.   The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these Chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105(a), 363(b), (f), (m), and (n) and Bankruptcy Rule 6004.

C.   As evidenced by the Certificate of Service of the Motion filed with the Court, and based on representations of counsel at the Sale Hearing and in the Certificate of Necessity, cause exists to grant the Motion on an emergency basis and under the

circumstances, and pursuant to Rule 2002(a)(2), Federal Rules of Bankruptcy Procedure, the shortened notice provided by the Debtors is sufficient under 11 U.S.C. §§ 102(1), 105(a), 363 and Fed. R. Bankr. P. 2002 and 6004.

D. A reasonable opportunity to object or be heard with respect to the Motion and the sale of the Assets has been afforded to all parties in interest (including all third parties asserting Interests or Claims (as such terms are defined below) in, to or against the Assets).

E. The Debtors' marketing efforts with respect to the Assets were reasonable, adequate, and designed to obtain the highest price possible for the Assets.

F. The Sale has been duly and validly authorized by all necessary corporate action of the Debtors. Upon entry of this Sale Order, the Debtors shall have all the corporate power and authority necessary to consummate the Sale.

G. The Debtors have demonstrated a good, sufficient, and sound business purpose and justification for the sale of the Assets, including, without limitation, that: (i) absent an immediate sale and placement of the Assets in another licensed pharmacy on the date of a store closing in order to promote continued service to consumers, the Debtors may be subject to possible criminal and civil penalties and would potentially lose the value of the Assets to the detriment of their estates and their creditors; and (ii) the marketing of the Assets has garnered the highest and best possible value for the Assets under the circumstances.

H.  The Debtors demonstrated good, sufficient and sound business purpose and justification for the Sale pursuant to 11 U.S.C. § 363(b) prior to a plan of reorganization.

I.  The Sale was proposed, negotiated, proposed and entered into by the Debtors and the Purchaser without collusion, in good faith and at arms'-length bargaining positions.  Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Sale to be avoided under 11 U.S.C. § 363(n).

J.  The Purchaser is not an "insider" of any of the Debtors, as that term is defined in 11 U.S.C. § 101.

K.  The Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded by that section.  The Purchaser will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the Sale and at all times after the entry of this Sale Order.

L.  The consideration provided by the Purchaser pursuant to the Sale to acquire the Assets (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the Assets; and (iii) constitutes reasonably equivalent value and fair consideration for the Assets.

M.  At the closing (the "Closing") of the sale of the Assets to the Purchaser, the Purchaser will obtain legal, valid, and effective transfer of the Assets, and such transfer vests or will vest the Purchaser with good and valid title in and to the Assets free and clear of all liens, interests, mortgages, pledges, charges, and encumbrances and other

interests of any kind or nature (collectively, the "Interests") and claims (as such term is defined in 11 U.S.C. § 101(5)) ("Claims"), with all non-assumed Interests in and Claims against the Assets, if any, to attach to the Debtors' interest in the proceeds of the Sale with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

N.   The Debtors may sell and transfer the Assets free and clear of Interests and Claims because any entity with any Interests or Claims, if any, in the Assets to be transferred (i) has consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest; or (iii) otherwise falls within the provisions 11 U.S.C. § 363(f) and, therefore, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied.  Holders of Interests and Claims, if any, who did not object, or who withdrew their objections, to the Sale Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).  Holders of Interests and Claims, if any, who did object are adequately protected by having their Interests and Claims, if any, attach to the proceeds of the Sale, with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

O.   The Debtors shall cause the proceeds from the Sale to be paid in accordance with the terms of the Final Order Pursuant to Bankruptcy Code sections 105, 361, 362, 363, 364(c) and 364(d) and Rules 4001 and 9014 of the Federal Rules of

Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order"), and the Loan Documents (as defined in the Final Financing Order).

P. The approval of the Sale and consummation of the Sale to the Purchaser is in the best interests of the Debtors, their estates, their creditors and other parties in interest.

Q. Upon the record of this matter, other than the consent of the DIP Lenders (which consent has been obtained), no consents or approvals are required for the Debtors to consummate a sale of the Assets with the Purchaser.

R. The Sale must be approved and consummated promptly in order to preserve the value of the Assets.

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

**General Provisions**

1. The findings of fact and conclusions of law set forth above are ratified and adopted as findings of this Court. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

2. The Motion is GRANTED.

3. Any objections, if any, to entry of this Sale Order or to the relief granted by this Sale Order and requested in the Motion that have not been withdrawn, waived, or settled, and all reservation of rights included in any objection, are overruled on the merits.

4. The terms and conditions of the Sale are approved in all respects. Pursuant to 11 U.S.C. §§ 105 and 363, the Debtors are authorized to consummate the Sale including transferring and conveying the Assets to the Purchaser.

5. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized and empowered to consummate and implement fully the Sale, together with all additional instruments and documents that may be necessary or appropriate to implement the Sale, and the Debtors are authorized to take all further actions as may reasonably be necessary or appropriate for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to their possession the Assets, or as may be necessary or appropriate to the performance of the Debtors' obligations.

6. Except as expressly permitted or otherwise specifically provided for in this Sale Order, pursuant to 11 U.S.C. § 105(a) and 363(f), the Assets shall be transferred to the Purchaser upon Closing free and clear of all Interests and Claims, with all such non-assumed Interests and Claims, if any, to attach to the proceeds of the Sale, with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

- 8 -

7.      The transfer of the Assets to the Purchaser shall be a legal, valid and effective transfer of the Assets and shall vest the Purchaser with all right, title and interest of the Debtors in and to the Assets, free and clear of all Interests and Claims, with all such non-assumed Interests and Claims, if any, to attach to the proceeds of the Sale, with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

8.      The Debtors shall cause the proceeds from the Sale to be paid in accordance with the terms of the Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order"), and the Loan Documents (as defined in the Final Financing Order).

9.      The consideration provided by the Purchaser for the Assets shall be deemed to constitute reasonably equivalent value and fair and reasonable consideration under the Bankruptcy Code and applicable non-bankruptcy law, and may not be avoided under 11 U.S.C. § 363(n).

10.     All entities who are presently, or upon Closing may be, in possession of some or all of the Assets are directed to surrender possession of the Assets to the Debtors.

Prior to or upon the Closing, and each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions (provided that the taking of such actions shall not require such creditor to incur any material costs) as may be reasonably necessary to release its Interests or Claims, if any, against the Assets, as such Interests or Claims may have been recorded or may otherwise exist.

11. This Sale Order (i) is and shall be effective as a determination that any and all Interests or Claims, if any, shall be, and are, without further action by any person or entity, unconditionally released, discharged and terminated with respect to the Assets and that the conveyance of the Assets described in this Sale Order has been effected, (ii) is binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

12. Upon Closing, this Sale Order shall be a full and complete general assignment, conveyance and transfer of the Assets or a bill of sale transferring good and marketable title in the Assets to the Purchaser. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and

instruments necessary and appropriate to consummate the transactions contemplated by the Sale.

13.     If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens or other documents or agreements evidencing Interests and Claims with respect to the Debtors and/or the Assets, shall not have delivered to the Debtors and the Purchaser prior to Closing, or relevant assumption date, as the case may be, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests and Claims which the person or entity has with respect to the Debtors and/or the Assets or otherwise, then (a) the Debtors are authorized to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such assets and contracts and (b) the Purchaser is authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests and Claims in the Assets as of the Closing, of any kind or nature whatsoever.

14.     The transactions contemplated by the Sale are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m).  Accordingly, the reversal or modification on appeal of the authorization to consummate the sale of the Assets shall not affect the validity of the sale to the Purchaser, unless such authorization is duly stayed pending such appeal.  The Purchaser is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by 11 U.S.C. § 363(m) of the Bankruptcy Code.

15. During the pendency of the Debtors' jointly administered case, this Court shall retain exclusive jurisdiction (a) to enforce and implement the Sale and any agreements and instruments executed in connection with the Sale, (b) to compel delivery of possession of the Assets to the Purchaser, (c) to resolve any disputes, controversies or claims arising out of or relating to the Sale, and (d) to interpret, implement, and enforce the provisions of this Sale Order.

16. Nothing contained in any plan of reorganization or liquidation confirmed in these Chapter 11 cases, or any order of this Court confirming such a plan, or any other order entered in these Chapter 11 cases or in any subsequent Chapter 7 cases shall conflict with or derogate from the terms of this Sale Order.

17. The terms and provisions of the Sale and this Sale Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and creditors, the Purchaser and its respective affiliates, successors and assigns, and this Sale Order shall be binding in all respects upon all persons asserting an Interest against or Claim in the Debtors' estates or the Assets.  The Sale shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any Chapter 7 or Chapter 11 trustee of the Debtors and their estates.

18. All persons who hold Claims against or Interests in the Debtors are forever barred, estopped and permanently enjoined from asserting or prosecuting any claims or causes of action against the Purchaser, its affiliates, successors or assigns or any of their respective officers, directors, employees, attorneys or advisors, arising out of or in connection with the Sale.

19. After the Closing, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect a lien or security interest against any of the Assets, or (b) collect or attempt to collect from the Purchaser or any of its affiliates any tax (or other amount alleged to be owing by one or more of the Debtors) (i) on account of or relating to any Interests or Claims or (ii) for any period commencing before and concluding prior to or on Closing or any pre-Closing portion of any period commencing before the Closing and concluding after the Closing, or (iii) assessed prior to and payable after Closing.

20. Nothing contained in this Sale Order shall be construed as releasing or relieving any entity of liability to a governmental entity under any police and regulatory statute as the owner or operator of property that such entity owns or operates after the date of entry of this Sale Order.

21. The failure specifically to include any particular provision of the Sale in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Sale be authorized and approved in its entirety.

22. Any agreements, documents, or other instruments executed in connection with the Sale may be modified, amended, or supplemented by the parties to the Sale without further order of the Court; <u>provided, however</u>, that, in connection with any modification, amendment or supplement, the parties shall obtain the prior written consent of the Creditors' Committee, which consent shall not be unreasonably withheld; and <u>provided further</u>, that any such modification, amendment or supplement shall neither be

materially adverse to the Debtors nor materially adversely change, with respect to the Debtors, the economic substance of the transactions contemplated by this Sale Order.

23. To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the Sale and this Sale Order, the provisions contained in this Sale Order shall govern.

24. Any findings or conclusions read into the record by the Court at the Sale Hearing that are not expressly set forth in this Sale Order are fully incorporated as if the same were set forth in this Sale Order.

25. Notwithstanding Fed. R. Bankr. P. 6004(g), this Sale Order shall take effect immediately upon entry.

Done and Ordered in Jacksonville, Florida on this _____ day of April 2005.

Jerry A. Funk
United States Bankruptcy Judge