**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |

**CERTIFICATE OF ATTORNEY TO**
**SUPPORT REQUEST FOR EMERGENCY HEARING**

The undersigned attorney for the debtor certifies as follows:

1. I am a member of the Bar of this Court. I have carefully examined the Debtors' Motion for an Order (A) Authorizing the Sale of Certain Pharmaceutical Prescriptions and Inventory Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Granting Related Relief (the "Motion") and, to the best of my knowledge, information, and belief, formed after reasonable inquiry, each of the allegations in the Motion is well grounded in fact and each contention is warranted by existing law. The Motion is not interposed for any improper purpose and is not filed to harass or to increase the cost of litigation. There is just cause to request the Court's consideration of the matter on an emergency basis.

2. Consistent with the statements that have been made in the previous paragraph, and as set forth more specifically in the Motion, the reasons why the Motion must be heard on an emergency basis are that the lease on the North Carolina Store

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

expires by its terms at the end of April and under North Carolina law, the pharmaceutical assets must be transferred prior to the store closing. Absent approval of the sale and transfer of the pharmaceutical assets, the Debtors may be faced with criminal and civil penalties, or be forced to abandon the prescription Assets to the Purchaser in order to maintain compliance with applicable law.

3. Consistent with the matters I have certified in the previous paragraph, I believe that the Debtors will suffer irreparable harm if the emergency hearing is not granted.

4. As a member of the Bar, I state that the necessity of the emergency hearing has not been caused by lack of due diligence on my part and is brought only by circumstances beyond my or the Debtors' control.

5. I have filed this motion with the full understanding of Rule 9011, Bankruptcy Rules of Procedure, and the consequences of non-compliance with that Rule have been explained fully to the Debtors.

DATED:   April 20, 2005

SMITH HULSEY & BUSEY

By /s/ Cynthia C. Jackson
Cynthia C. Jackson

Florida Bar Number 117790
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

00493373

2