**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

## MOTION FOR ORDER SHORTENING NOTICE OF PHARMACEUTICAL SALE

Winn-Dixie Stores, Inc. and its debtor affiliates and subsidiaries (collectively, the "Debtors"), move the Court for an order pursuant to Rule 2002(a)(2), Federal Rules of Bankruptcy Procedure, shortening the twenty day notice period prescribed for a proposed sale of property from twenty to fifteen days, and in support state:

1. On April 20, 2005, the Debtors filed a motion to sell certain pharmaceutical assets in connection with the closing of Store Number 2091 located in Reidsville, North Carolina (Docket No. 782)(the "Sale Motion").

2. This proposed sale is in the best interest of the estate and creditors. If approved and consummated, the estate will receive $147,619 and the Debtors will avoid potential civil and criminal penalties imposed under North Carolina law. Moreover, if the assets (which include prescriptions) are not transferred, individuals will not be able to have their prescriptions filled because the store will be closed. Accordingly, the public interest will be protected if the Sale Motion is approved.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

3. Under North Carolina law, and because the Store lease expires by its own terms at the end of this month, absent transfer of the assets before April 30, 2005, the Debtors are subject to both criminal and monetary penalties. Under the Court's calendar, May 6, 2005 (fifteen days from service of the notice of the Sale Motion) is the earliest date at which the Sale Motion may be heard.

4. Under Rule 2002(a)(2), Federal Rules of Bankruptcy Procedure, interested parties are entitled to twenty days notice of a sale of assets "unless the Court for cause shown shortens the time." Because the Sale Motion was filed and served on April 20 and the notice of hearing is being filed today, April 21, interested parties will only receive fifteen days notice. Cause exists to shorten the notice because of (i) the threat to public health and (ii) the potential penalties if the transfer is delayed.

For the foregoing reasons, the Debtors request that the Court enter an order substantially in the form attached (i) shortening the notice period for the Sale Motion from twenty days to fifteen days and (ii) for such other relief as is just.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| By  s/ D. J. Baker | By  s/ Cynthia C. Jackson |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Eric M. Davis | Cynthia C. Jackson |
| Four Times Square | Florida Bar Number 498882 |
| New York, New York 10036 | 225 Water Street, Suite 1800 |
| (212) 735-3000 | Jacksonville, Florida 32202 |
| (212) 735-2000 (facsimile) | (904) 359-7700 |
| | (904) 359-7708 (facsimile) |

00493275