UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### AMENDED INITIAL ORDER UPON TRANSFER OF VENUE

The venue of the jointly administered chapter 11 cases of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") having been transferred to this Court by the United States Bankruptcy Court for the Southern District of New York (the "New York Court"), and this Court desiring to facilitate the administration of the transferred cases for the benefit of parties in interest, it is

ORDERED AND ADJUDGED THAT:

1. The dockets for each of the Debtors' cases and all associated adversary proceedings shall be transferred to this Court in their entireties.

2. All documents filed in the Debtors' cases in the New York Court are deemed filed in this Court and no party shall refile in this Court any such previously-filed document.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

3. All orders entered by the New York Court shall remain in full force and effect before this Court unless otherwise ordered by this Court consistent with the powers inherent in any bankruptcy court.

4. Notices of appearance for parties intending to continue to be involved shall not be refiled in this Court; provided, however, that parties who will cease to be involved as a result of the transfer are requested to immediately file a withdrawal of their notice of appearance or request for notice.

5. To the extent an attorney has already been granted pro hac vice status in the New York Court, such attorney is authorized to practice before this Court subject to such attorney's compliance with L.B.R. 2090-1. All other out of state attorneys are required to comply with L.B.R. 2090-1.

6. This Court requires that all pleadings and other documents to be filed in these chapter 11 cases be electronically filed. All service on parties in interest appearing in these cases shall be by electronic transmission only; and parties in interest filing pleadings and other documents in these cases may rely on electronic transmission and shall not be required to provide hard copy service of any such filings.

7. The initial case management hearing before this Court shall be held on April 25, 2005, at 10:00 a.m. ET, in Courtroom 4D, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, at which time this Court shall consider, among other matters, case status and administration issues.

8. This Court shall establish new omnibus hearing dates for these cases at the initial hearing provided for in paragraph 7. Such new omnibus hearing dates shall supersede the dates established by the New York Court.

9. All deadlines and time periods that had not passed or expired as of the time of transfer, including the time period under 11 U.S.C. § 362(e), shall be tolled through the date of the initial hearing provided for in paragraph 7, and shall be continued thereafter as may be ordered by this Court at such initial hearing.

10. All proofs of claim filed with the New York Court shall be deemed filed in this Court and creditors who filed such proofs of claim shall not refile such proofs of claim in this Court. The Clerk of this Court is directed to coordinate with the Clerk of the New York Court and Logan & Company, Inc. as claims agent to ensure appropriate transfer of all proofs of claim filed with the New York Court, including any proofs of claim that may continue to be filed in the New York Court after the time of transfer.

11. This Court reserves the right to enter additional orders as necessary to facilitate the administration of these cases before this Court.

DATED this 19 day of April, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

Cynthia C. Jackson
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7708 (facsimile)

D. J. Baker
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-2000 (facsimile)

Kenneth C. Meeker
Assistant U.S. Trustee
OFFICE OF THE UNITED STATES TRUSTEE
135 West Central Boulevard, Room 620
Orlando, Florida 32801
407-648-6323 (facsimile)

David K. Oliveria
Clerk of Court

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3           User: cartes               Page 1 of 1                Date Rcvd: Apr 19, 2005
Case: 05-03817                 Form ID: pdfdoc            Total Served: 5

The following entities were served by first class mail on Apr 21, 2005.
aty       +Adam Ravin,   Skadden Arps Slate Meagher & Flom, LLP,   Four Times Square,   New York, NY 10036-6522
          +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
            Jacksonville, FL 32202-4494
          +D.J. Baker,   Skadden, Arps, Slate, Meagher & Flom,   Four Times Square,   New York, NY 10036-6522
          +David K. Oliveria,   Clerk of Court,   801 North Florida Ave., Suite 727,   Tampa, FL 33602-3848

The following entities were served by electronic transmission on Apr 20, 2005 and receipt of the transmission
was confirmed on:
          +E-mail: ustp.region21.or.ecf@usdoj.gov Apr 20 2005 01:47:50     Kenneth C. Meeker,   US Trustee,
            135 West Central Blvd., Room 620,   Orlando, FL 32801-2476
                                                                                                   TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
 NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 21, 2005**               **Signature:**  *Joseph Speetjens*