

F I L E D
JACKSONVILLE, FLORIDA

APR 2 2 2005

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:                                            Case No. 3:05-BK-03817-JAF

WINN-DIXIE STORES, INC., et al.

                                        *Chapter 11*

                      Debtors.           Jointly Administered

_____/

## <u>FALCON FARMS, INC'S NOTICE OF DEMAND FOR RECLAMATION</u>

**PLEASE TAKE NOTICE** that on February 25, 2005 and April 18, 2005, Falcon

Farms, Inc. served its written demands for reclamation upon Winn-Dixie Stores, Inc. and its

affiliated debtors pursuant to 11 U.S.C. § 546. Copies of the written demand letters are attached

hereto.

**I HEREBY CERTIFY** that a true and correct copy of Falcon Farms, Inc.'s Notice

of Demand for Reclamation was served via First Class U.S. Mail this **21st day of April, 2005**

upon Debtor's counsel: Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite

1800, Jacksonville, FL 32202; and, D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP,

Four Times Square, New York, NY 10036.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**
Attorneys for Falcon Farms, Inc.
1111 Brickell Avenue - Suite 2500
Miami, FL 33131
Tel: (305) 810-2500
Fax: (305) 810-2460

By: _____
       Craig V. Rasile (FBN 613691)
       Alex McLane Soto (FBN 736731)

2/4


**FALCON FARMS**
worldwide flower distributors

**Via Overnight Delivery**

Miami February 25, 2005

Bennett Nussbaum
Winn-Dixie Stores, Inc.
5050 Edgewood Court,
Jacksonville, Florida 32254-3699

     Re:    Winn Dixie Stores
            RE: Falcon Farms, Inc.
            Vendor # : 0000061972
            Reclamation of Property

Dear Mr. Nussbaum:

    This letter is to inform you of Falcon Farms, Inc. ("Falcon")'s[1] intention to seek reclamation of all goods provided to Winn Dixie Stores ("Winn Dixie") from February 11, 2005 through February 25, 2005, pursuant to Section 546(c) of the Bankruptcy Code and Florida Statute section 672.702.

    Section 546(c) of the Bankruptcy Code provides in pertinent part that:

    Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but--

    (1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods--

        (A) before 10 days after receipt of such goods by the debtor; or

        (B) if such 10-day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor.

---

    [1] Falcon, a purveyor of the finest floral products from South America, has supplied Winn Dixie with floral products since 1997.

1401 N.W. 78th Avenue • Miami, FL 33126
P.O. Box 52-6545 • Miami, FL 33152
Miami: 1-(800)-FALCON 9 • Chicago: (708)-855-1048
Please visit our web site: www.falconfarms.com

Bennett Nussbaum
February 25, 2005
Page 2

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court--

    (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

    (B) secures such claim by a lien.

Florida Statutes section 672.702. provides in pertinent part that:

(2) Where the seller discovers that the buyer has received goods on credit while insolvent the seller may reclaim the goods upon demand made within 10 days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within 3 months before delivery the 10-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

Florida Statute section 672.702 provides the state law basis for reclamation protected under section 546(c). To establish its entitlement to reclamation from an insolvent buyer under this section, the UCC and section 546(c), a seller must establish that (1) the buyer was insolvent at the time the goods were delivered by the seller; (2) that written demand was made on the buyer within ten days after delivery of the goods; (3) that the goods were identifiable at the time the demand was made; and (4) the goods were in the possession and control of the debtor at the time the demand was made.[2]

Accordingly, and pursuant to Section 546(c)(1)(B) of the Bankruptcy Code and Florida Statute Section 672.702(2), Falcon is entitled to reclamation of all floral products and goods it delivered to Winn Dixie from February 11, 2005, through February 25, 2005, inclusive, based upon Winn Dixie's Petition Date of February 21, 2005. Under the Bankruptcy Code, Winn Dixie is presumed insolvent for the ninety days preceding the Petition Date. 11 U.S.C. § 547. This written demand is timely according to the aforementioned statutes. Based on the attached invoices and delivery receipts for the time period in question, it is evident that the floral products in question are identifiable and are currently in Winn Dixie's possession.

The records attached as Composite Exhibit "A" confirm the deliveries of floral products by Falcon to Winn Dixie between February 11, 2005 and February 21, 2005, inclusive (the "Pre-petition Goods"). See <u>Exhibit A</u>. Falcon, pursuant to Section 546(c)(1)(B) of the

---

[2] *In re Graphics Productions Corp.*, 176 B.R. 65 (Bankr. S.D. Fla. 1994).

4/4

Bennett Nussbaum
February 25, 2005
Page 3

Bankruptcy Code and Florida Statute Section 672.702(2), hereby seeks reclamation of the Pre-petition Goods.

In addition, the records attached as Composite Exhibit "B" reflect the deliveries of floral products by Falcon to Winn Dixie between February 22, 2005 and February 25, 2005 inclusive (the "Post-petition Goods"). See Exhibit B. Falcon, pursuant to Section 546(c)(1)(B) of the Bankruptcy Code and Florida Statute Section 672.702(2), hereby seeks reclamation of the Post-petition Goods.

Accordingly, Falcon hereby seeks reclamation of the Pre-petition Goods and the Post-petition Goods (collectively, the "Goods") currently in Winn Dixie's possession, or, to the extent such Goods have been sold to consumers or third parties, Falcon requests, at a minimum, a replacement lien on the sale proceeds of the Goods. If the sale proceeds have been disbursed to lenders, vendors or other third parties, Falcon hereby requests an allowed administrative claim pursuant to 11 U.S.C.§ 503(b) for the full amount of the invoices attached hereto as Exhibits A and B. Please contact us at your earliest convenience to discuss the prompt resolution of this matter.

Sincerely,

Jairo Rengifo,
President
Falcon Farms, Inc.

cc:    D.J. Baker
       Skadden, Arps, Slate, Meagher & Flom LLP
       Four Times Square
       New York, NY 10036

       Craig V. Rasile
       Hunton & Williams LLP
       1111 Brickell Avenue, Suite 2500
       Miami, FL 33131

99903.000310 MIAMI 270119v3



**FALCON FARMS**
worldwide flower distributors

HUNTON & WILLIAMS LLP
1111 BRICKELL AVENUE
SUITE 2500
MIAMI, FLORIDA 33131-1802

TEL    305 • 810 • 2500
FAX    305 • 810 • 2460

JAIRO RENGIFO,
PRESIDENT OF FALCON FARMS, INC.
DIRECT DIAL:
EMAIL:

FILE NO:

April 13, 2005

**Via Overnight Delivery**

Bennett Nussbaum
Winn-Dixie Stores, Inc.
5050 Edgewood Court,
Jacksonville, Florida 32254-3699

      Re:    Reclamation of Property

Dear Mr. Nussbaum:

    This letter is to inform you of Falcon Farms, Inc. ("Falcon")'s[1] intention to seek reclamation of all goods provided to Winn Dixie Stores ("Winn Dixie") from February 11, 2005 through February 25, 2005, pursuant to Section 546(c) of the Bankruptcy Code and Florida Statute section 672.702 and serves to supplement the Reclamation of Property letter sent to you on February 25, 2005.

    Section 546(c) of the Bankruptcy Code provides in pertinent part that:

    Except as provided in subsection (d) of this section, the rights and powers of a
    trustee under sections 544(a), 545, 547, and 549 of this title are subject to any
    statutory or common-law right of a seller of goods that has sold goods to the
    debtor, in the ordinary course of such seller's business, to reclaim such goods if
    the debtor has received such goods while insolvent, but--

    (1) such a seller may not reclaim any such goods unless such seller demands in
    writing reclamation of such goods--

---

    [1] Falcon, a purveyor of the finest floral products from South America, has supplied Winn Dixie with floral products since 1997.

1401 N.W. 78th Avenue - Miami, FL 33126
P.O. Box 52-6545 - Miami, FL 33152
Miami: 1-(800)-FALCON 9 • Chicago: (708)-855-1048
Please visit our web site: www.falconfarms.com

Bennett Nussbaum
April 18, 2005
Page 2

>   (A) before 10 days after receipt of such goods by the debtor; or

>   (B) if such 10-day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor.

> (3) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court--

>   (A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title; or

>   (B) secures such claim by a lien.

> Florida Statutes section 672.702. provides in pertinent part that:

> (2) Where the seller discovers that the buyer has received goods on credit while insolvent the seller may reclaim the goods upon demand made within 10 days after the receipt, but if misrepresentation of solvency has been made to the particular seller in writing within 3 months before delivery the 10-day limitation does not apply. Except as provided in this subsection the seller may not base a right to reclaim goods on the buyer's fraudulent or innocent misrepresentation of solvency or of intent to pay.

Florida Statute section 672.702 provides the state law basis for reclamation protected under section 546(c). To establish its entitlement to reclamation from an insolvent buyer under this section, the UCC and section 546(c), a seller must establish that (1) the buyer was insolvent at the time the goods were delivered by the seller; (2) that written demand was made on the buyer within ten days after delivery of the goods; (3) that the goods were identifiable at the time the demand was made; and (4) the goods were in the possession and control of the debtor at the time the demand was made.[2]

Accordingly, and pursuant to Section 546(c)(1)(B) of the Bankruptcy Code and Florida Statute Section 672.702(2), Falcon is entitled to reclamation of all floral products and goods it delivered to Winn Dixie from February 11, 2005, through February 25, 2005, inclusive, based upon Winn Dixie's Petition Date of February 21, 2005. Under the Bankruptcy Code, Winn Dixie is presumed insolvent for the ninety days preceding the Petition Date. 11 U.S.C. § 547. This written demand is timely according to the aforementioned statutes. Based on the attached

---

[2] In re Graphics Productions Corp., 176 B.R. 65 (Bankr. S.D. Fla. 1994).

Bennett Nussbaum
April 18, 2005
Page 3

invoices and delivery receipts for the time period in question, it is evident that the floral products in question are identifiable and are currently in Winn Dixie's possession.

The records attached as Composite Exhibit "A" confirm the additional deliveries of floral products by Falcon to Winn Dixie between February 11, 2005 and February 21, 2005, inclusive (the "Pre-petition Goods") previously excluded from the February 25, 2005 Reclamation of Property letter. See Exhibit A. Falcon, pursuant to Section 546(c)(1)(B) of the Bankruptcy Code and Florida Statute Section 672.702(2), hereby seeks reclamation of the Pre-petition Goods.

Accordingly, Falcon hereby seeks reclamation of the Pre-petition Goods currently in Winn Dixie's possession, or, to the extent such Pre-petition Goods have been sold to consumers or third parties, Falcon requests, at a minimum, a replacement lien on the sale proceeds of the Prepetition Goods. If the sale proceeds have been disbursed to lenders, vendors or other third parties, Falcon hereby requests an allowed administrative claim pursuant to 11 U.S.C.§ 503(b) for the full amount of the invoices attached hereto as Exhibit A. Please contact us at your earliest convenience to discuss the prompt resolution of this matter.

Sincerely,



Jairo Rengifo,
President
Falcon Farms, Inc.

cc:    D.J. Baker
       Skadden, Arps, Slate, Meagher & Flom LLP
       Four Times Square
       New York, NY 10036

       Craig V. Rasile
       Hunton & Williams LLP
       1111 Brickell Avenue, Suite 2500
       Miami, FL 33131

66361.0002 MIAMI 278807v1