**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR ORDER UNDER**
**FED. R. BANKR. P. 3003(c)(3) (I) ESTABLISHING DEADLINE**
**FOR FILING PROOFS OF CLAIM, (II) APPROVING PROOF OF**
**CLAIM FORM, (III) APPROVING PROOF OF CLAIM FILING**
**DEADLINE NOTICES, (IV) APPROVING MAILING AND**
**PUBLICATION PROCEDURES AND (V) PROVIDING CERTAIN**
**SUPPLEMENTAL RELIEF**

Winn-Dixie Stores, Inc. ("Winn-Dixie") and certain of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), move under Fed. R. Bankr. P. 3003(c)(3) for entry of an order (i) establishing the

deadline or "bar date" by which creditors must file proofs of claim against the Debtors, (ii)

approving a tailored proof of claim form to be distributed to creditors, (iii) approving the forms

of notice to be used to inform creditors of the bar date, (iv) approving mailing and publication

procedures with respect to notice of the bar date and (v) providing certain supplemental relief

(the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these
related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep
South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc.,
Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores,
Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food
Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie
Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie
Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 501 and 502 of the Bankruptcy Code and Rule 2002(a)(7), 2002(1) and 3003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

6.      By the Motion, the Debtors seek entry of an order (the "Bar Date Order") (a) fixing 5:00 p.m. Eastern Time on August 1, 2005 as the bar date within which proofs of claim against the Debtors must be filed (other than by governmental units),[2] (b) approving a tailored proof of claim form to be distributed to creditors, (c) approving the Debtors' proposed notice of the bar date, (d) approving mailing and publication procedures with respect to the bar date notice and (e) providing certain supplemental relief.

**Basis For Relief**

**A.      Establishment of Bar Date**

7.      Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix ... the time within which proofs of claim or interest may be filed."  The Debtors filed their schedules of liabilities (collectively, the "Schedules") on April 7, 2005, which was the extended filing date set by the New York Court.  With the filing of the Schedules, the Debtors are now in a position to provide effective notice of a bar date for the filing of proofs of claim.  Therefore, the Debtors request that the Court establish a bar date.

8.      To provide ample time for allowing the Debtors' creditors a reasonable opportunity to prepare and file proofs of claim, the Debtors propose that this Court establish 5:00

---

[2]      Pursuant to section 502(b)(9) of the Bankruptcy Code, proofs of claim filed by governmental units are deemed timely filed if filed within 180 days after the commencement of the case.  Thus, the enforceable bar date against governmental units in these cases is August 22 2005, at 5:00 p.m. Eastern Time.

p.m. Eastern Time on August 1, 2005, as the bar date (the "General Bar Date") within which

proofs of claim against the Debtors must be filed.  Such establishment will provide certainty to

all parties in interest and will enable the Debtors to proceed with timely and effective noticing of

the General Bar Date, as discussed below.

9.      Notwithstanding the foregoing, the Debtors recognize that, pursuant to

section 502(b)(9) of the Bankruptcy Code, a claim by a governmental unit (as such term is

defined in section 101(27) of the Bankruptcy Code) may be timely filed up to 180 days after the

Petition Date.  Accordingly, the Debtors request that the Court confirm that August 22, 2005, at

5:00 p.m. Eastern Time, is the last day and time by which proofs of claim may be filed by a

governmental unit (the "Government Bar Date").

10.     As set forth in the proposed Bar Date Order submitted with this Motion,

the Debtors request that each person or entity (including, without limitation, each individual,

partnership, joint venture, corporation, estate, trust and governmental unit) that asserts a claim, as

defined in section 101(5) of the Bankruptcy Code, against the Debtors that arose on or prior to

the filing of the chapter 11 petitions on February 21, 2005 be required to file an original, written

proof of such claim, substantially in the form of the "Proof of Claim" (as defined below)

described in paragraph 14 or Official Form No. 10, so as to be received on or before the General

Bar Date (or, if applicable, the Government Bar Date) by either mail or delivery via hand,

courier or overnight service to the Winn-Dixie Claims Center, c/o Logan & Company, Inc., 546

Valley Road, Upper Montclair, New Jersey 07043 (the "Claims Docketing Center").

11.     The Debtors further request that the Bar Date Order provide that the

Claims Docketing Center will not accept proofs of claim sent by facsimile, telecopy, or other

electronic means, and that proofs of claim will be deemed timely filed only if the original is

actually received by the Claims Docketing Center on or before the General Bar Date (or, if applicable, the Government Bar Date).

12.    Nevertheless, the Debtors propose that creditors holding or wishing to assert the following types of claims against the Debtors need not file a proof of claim on or before the General Bar Date (or, if applicable, the Government Bar Date):

(a)    any person or entity that has already properly filed a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or to Official Form No. 10;

(b)    any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is not described in the Schedules as "disputed," "contingent," or "unliquidated," (iii) who does not dispute the amount or nature of the claim as set forth in the Schedules and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    any person seeking to assert a claim under section 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

(d)    any person or entity whose claim has been paid by the Debtors with authorization of this Court;

(e)    any Debtor in these cases having a claim against another Debtor or any majority owned non-debtor subsidiary of any of the Debtors having a claim against any Debtor (the Debtors will rely on their intercompany account records);

(f)    any person or entity (other than the indenture trustee) seeking to assert a claim for principal and interest due on any of the Debtors' 8-7/8% Senior Notes due 2008 (the Debtors will rely on the proof of claim filed by the indenture trustee); [3]

(g)    any person or entity seeking to assert only stock ownership interests (the Debtors will rely on the records of the stock transfer agent for evidence of stock holdings); [4] and

---

[3]    As described in paragraph 20, any noteholder claiming damages or asserting causes of action based upon or arising from note ownership is required to file a Proof of Claim by the General Bar Date.

[4]    As described in paragraph 21, any stockholder claiming damages or asserting causes of action based upon or arising from stock ownership is required to file a Proof of Claim by the General Bar Date.

(h)   any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the General Bar Date.

13.      Further, the Debtors request that proofs of claim for any rejection damages arising during these chapter 11 cases under sections 365(g) and 502(g) of the Bankruptcy Code be filed by the later of (a) 30 days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court and (b) the General Bar Date.  Proofs of claim for any other claims that arose prior to the time of filing on the Petition Date with respect to a lease or contract must be filed by the General Bar Date.

**B.      Form of Proof of Claim**

14.      Due to the size and complexity of these chapter 11 cases, the Debtors have prepared a proof of claim form tailored to conform to these cases (the "Proof of Claim"), a copy of which is attached as Exhibit A.  The proposed Proof of Claim is based in part on Official Form No. 10.  The substantive modifications to the Official Form proposed by the Debtors include the following:

(a)   personalizing the form to include the name and address of the creditor as shown in the Schedules (or other records of the Debtors if the creditor is not listed on the Schedules);

(b)   setting forth the basic information contained in the Schedules as to the creditor's claim (if the creditor's claim is listed on the Schedules);

(c)   requiring the creditor to designate the specific Debtor against which the creditor asserts its claim;

(d)   including a space for the creditor to correct any incorrect information contained in the name and address portion; and

(e)   providing additional instructions.

The Debtors request that the Court approve the Proof of Claim, including such substantive

modifications to Official Form No. 10, in substantially the form attached as Exhibit A.

15.    As to the requirement that each creditor designate the specific Debtor

against which the creditor asserts its claim, the Debtors request that the Court order that if no

designation is made on the Proof of Claim, the claim will be deemed asserted against parent

company Winn-Dixie Stores, Inc. unless otherwise agreed between the Debtors, in consultation

with the Creditors Committee, and the alleged claimant in a writing filed with the Court.  The

Debtors also request that the Court order that creditors asserting a claim against more than one of

the Debtors be required to file a separate Proof of Claim against each Debtor and that a Proof of

Claim that designates more than one Debtor will be deemed to assert a claim only against Winn-

Dixie Stores, Inc.

16.    The Debtors also request that the Court order that each Proof of Claim

filed must (a) be signed, (b) include supporting documentation (attach a summary if voluminous)

or an explanation as to why documentation is not available, (c) be written in the English

language, (d) be denominated in lawful currency of the United States as of the Petition Date, and

(e) conform substantially with the Proof of Claim provided or Official Form No. 10.

C.    **Consequences of Failure to File a Proof of Claim**

17.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors request that the Bar

Date Order specifically provide that any holder of a claim against the Debtors who is required,

but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the

General Bar Date (or the Government Bar Date if applicable) shall be forever barred, estopped,

and enjoined from asserting such claim against the Debtors (or filing a proof of claim with

respect thereto), and the Debtors and their property shall be forever discharged from any and all

indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any plan of reorganization or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim.

**D.    Actual Notice of Bar Date**

18.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to provide actual notice of the General Bar Date[5] by mailing a notice substantially in the form attached as Exhibit B (the "Bar Date Notice"), together with a Proof of Claim unless otherwise indicated, to:

(a)   the United States Trustee;

(b)   the agent under the Debtors' prepetition credit facility;

(c)   each member of the Committee and the attorneys for the Committee;

(d)   all creditors and other known holders of claims as of the date of this Order, including all holders of claims listed on the Schedules at the addresses stated therein;

(e)   all parties to executory contracts and unexpired leases of the Debtors;

(f)   all parties to litigation with the Debtors;

(g)   all record or otherwise readily known noteholders of the Debtors (the Proof of Claim will be omitted from the mailing);

(h)   all record or otherwise readily known stockholders of the Debtors (the Proof of Claim will be omitted from the mailing);

(i)   all current and recent former employees of the Debtors;

(j)   the Internal Revenue Service and all known taxing authorities for the jurisdictions in which the Debtors do business;

(k)   the Securities and Exchange Commission;

---

[5]    The Bar Date Notice will also provide notice of the Government Bar Date for the benefit of governmental units.

(l)   all persons and entities set forth on the Master Service List as of the date of entry of the Bar Date Order; and

(m)   such additional persons and entities as deemed appropriate by the Debtors.

19.     The Debtors further propose, out of an abundance of caution, to send the Bar Date Notice to certain entities not described above, with whom, prior to the Petition Date, the Debtors had done business or who may have asserted a claim against the Debtors in the recent past.  Providing such notice will enable any creditor inadvertently not included on the Schedules and other potential claimants to receive notice of the General Bar Date, and will similarly enable the Debtors to determine the amount and magnitude of all prepetition claims against their chapter 11 estates.

20.     With respect to proofs of claim filed by noteholders asserting only principal and interest due on the Debtors' 8-7/8% Senior Notes due 2008, the Debtors request that the Bar Date Order provide that noteholders need not file proofs of claim for such purpose. Instead, the Debtors will rely on the proof of claims filed by the indenture trustee with respect to claims that are based solely on the holder's holding or ownership of the 8-7/8% Senior Notes due 2008.  However, noteholders who have any other types of claim, or who are alleging damages or asserting causes of action based upon such notes, would be required to file a Proof of Claim by the General Bar Date.

21.     With respect to proofs of equity interests, the Debtors request that the Bar Date Order provide that stockholders need not file proofs of equity interest, and should not file proofs of claim, to assert their stock ownership interests in the Debtors.  However, any stockholders who have actual claims against the Debtors, or who are alleging damages or asserting causes of action based upon their stock ownership, would be required to file a Proof of

Claim by the General Bar Date.  In addition, the Debtors request that the Bar Date Order authorize the Debtors to rely on the records of their stock transfer agent as prima facie evidence of the validity and amount of all stock ownership interests.  While Bankruptcy Rule 3003(a)(2) provides that a filed list of equity security holders will constitute prima facie evidence with respect to stock holdings in lieu of proofs of interest, any such list of equity security holders reflects only record holders as of a specific past date.  Due to ongoing trading of the stock, the records of the stock transfer agent will provide more reliable proof as to stock ownership.

22.    The proposed Bar Date Notice notifies the parties of the General Bar Date and contains information regarding who must file a proof of claim, the procedure for filing a proof of claim and the consequences of failure to timely file a proof of claim.

23.    For administrative convenience and cost savings, the Bar Date Notice applies to all of the Debtors' cases.  Nevertheless, because each proof of claim must be filed against a particular Debtor, the Bar Date Notice explains the requirement that all proofs of claim name the specific Debtor against which a creditor asserts a claim.  This requirement will make the Debtors' claims analysis more efficient and less costly to their estates.  The Debtors request that the Court approve the form and use of the Bar Date Notice.

**E.    <u>Timing of Proposed Notice by Mail</u>**

24.    Based upon the number of entities to whom the Debtors propose to provide notice, including all creditors and stockholders who are entitled to receive notice, the Debtors believe that they will be able to initiate the mailing of the Bar Date Notice within approximately one week after the date of entry of the Bar Date Order.  With the General Bar Date of August 1, 2005, all potential claimants should have approximately 90 days' notice of the deadline by which they must file proofs of claim (governmental units would have even longer, to

August 22, 2005).[6]  Such notice period is well in excess of the 20-day notice period required

under Bankruptcy Rule 2002(a)(7), and will provide creditors ample time within which to

prepare and file proofs of claim, if necessary.

25.    However, after the initial mailing occurs as provided for above, the

Debtors anticipate that they may be required to make supplemental mailings of the Bar Date

Notice in a number of situations, including in the event that (a) notices are returned by the post

office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain

parties acting on behalf of parties in interest (e.g., banks and brokers with respect to noteholders

and stockholders) decline to pass along notices to such parties and instead return their names and

addresses to the Debtors for direct mailing, and (c) additional potential claimants become known

as a result of the noticing process.  Therefore, the Debtors would request the right to make

supplemental mailings of the Bar Date Notice up to 23 days in advance of the General Bar Date

(or the Government Bar Date, if applicable), with any such supplemental mailings being deemed

timely.

26.    While the Debtors anticipate that there may be a need to establish later

special bar dates, and request the right to do so below, the Debtors believe that the proposed

supplemental mailings of the Bar Date Notice will serve to preserve the integrity of the General

Bar Date, will reduce the number of special bar dates that may need to be established, will permit

the proof of claim process to be completed expeditiously, and will ease the administration of

these cases.

---

[6]    Beneficial noteholders or stockholders who hold their interests in street name will
receive notice via their banks and brokers, in the period after the mailing is initiated.
Nevertheless, there will be ample time for such holders to receive notice from their banks and
brokers and to determine to file a proof of claim if necessary.

**F.**    **Assistance of Claims Agent**

27.    Pursuant to an order dated March 4, 2005, and 28 U.S.C. § 156(c), Logan & Company, Inc. ("Logan") was retained by the Debtors to serve as the authorized claims agent for the Court.  In that regard, Logan is responsible for, among other things, mailing bar date notices and proof of claim forms generated and printed as indicated herein.

28.    To facilitate and coordinate the claims reconciliation and bar date notice functions, the Bar Date Notice will be mailed by Logan, together with the Proof of Claim form where appropriate.  This will ensure that each party receiving the notice will receive a personalized Proof of Claim form, printed with such party's name and address and, if such party is included in the Schedules, the scheduled claim information.

29.    To the extent that Logan requires any assistance with the preparation and mailing, including, for example, ensuring proper distribution of the Bar Date Notice to noteholders and stockholders, the Debtors request that Logan be authorized to employ and pay necessary service providers, subject to prior approval from the Debtors in consultation with the Creditors Committee, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services.  The Debtors further request that Logan be authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice and Proof of Claim.

**G.**    **Publication Notice of Bar Date**

30.    The Debtors have determined that it is in the best interests of their estates to give notice of the General Bar Date by publication to certain parties including:  (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable

by the Debtors, (b) known creditors with addresses unknown by the Debtors, and (c) creditors

with potential claims unknown by the Debtors.

31.     Pursuant to Bankruptcy Rule 2002(1), the Debtors seek authority to

publish a bar date notice substantially in the form attached as Exhibit C (the "Publication

Notice").  The Publication Notice will include a telephone number that creditors may call to

obtain copies of the Proof of Claim and information concerning the procedures for filing proofs

of claim.  Thus, it conveys essential information in a succinct form that will minimize the

publication costs to be incurred by the Debtors' estates.

32.     The Debtors propose to publish the Publication Notice in <u>The Florida

Times-Union</u> and the national edition of <u>The Wall Street Journal</u> no later than sixty days prior to

the General Bar Date.  In addition, the Debtors propose to publish in newspapers covering

certain principal jurisdictions in which they have conducted business, including Alabama,

Florida, Georgia, Louisiana, Mississippi, North Carolina, South Carolina, Tennessee and

Virginia; and other relevant newspapers as deemed appropriate by the Debtors.

33.     The Debtors request that the Court find that the Debtors' proposed

procedures regarding the Publication Notice will provide good, adequate and sufficient

publication notice of the General Bar Date.

**H.     Establishment of Special Bar Dates**

34.     To minimize the time and expense associated with having to seek

subsequent orders from this Court, the Debtors request that they be permitted, with the consent

of the Creditors Committee, to establish special bar dates with respect to (a) creditors whose

claims were not previously included in the Schedules but are added by amendment or creditors

whose claims were previously included in the Schedules but are prejudicially changed as to

amount, status or designation by amendment (the "Schedule Amendment Creditors"); (b) any subsequently identified potential claimants who may not be included in the amendments to the Schedules because the Debtors do not believe they owe amounts or otherwise have liability to such claimants but as to which the Debtors do not desire to risk the argument that any claims alleged by such claimants are not barred due to failure to give actual notice of a bar date (the "Subsequently Identified Claimants"), and (c) parties who were initially mailed notice of the Bar Date Notice, but as to which a remailing (e.g. in the case of post office returns with forwarding addresses) or a direct mailing (e.g. in the case of noteholders or stockholders whose banks and brokers declined to effect the mail) is necessary and cannot be accomplished in time to provide at least 23 days' notice of the General Bar Date or the Government Bar Date (the "Initial Mailing Parties").

35.     With respect to the Schedule Amendment Creditors, the Debtors propose to provide notice of any amendments to the affected creditors, with an opportunity for such creditors to file a proof of claim if they disagree with the amendment.  With this Court's approval, such notice will substantially take the form of the Bar Date Notice (with necessary changes to reflect the fact that the notice is given as a result of amendments to the Schedules), will be mailed to affected creditors within ten days after the filing of the amendments, and will establish a special bar date of at least 23 days after the date of mailing for the filing of proofs of claim.  With respect to the Subsequently Identified Claimants and the Initial Mailing Parties, the Debtors would request the right to establish special bar dates that would each be at least 23 days after the date on which the Debtors effect the mailing of notice of each special bar date.  Such notice will also substantially take the form of the Bar Date Notice (with necessary changes to reflect the special bar date provisions).

36.    The Debtors submit that 23 days' notice of each special bar date is appropriate, rather than the longer period provided in connection with the General Bar Date, because any such special bar dates will be established later in the case and must be structured so as not to delay the progress of the case, and because such special bar dates will be applicable to parties who, unlike the noteholders and stockholders who are subject to the General Bar Date, will be receiving notice directly, presumably within three days of mailing, rather than through intermediate channels that may delay ultimate receipt.  Moreover, the Debtors anticipate establishing special bar dates on a very limited basis, and only if necessary to ensure adequate bar date noticing and discharge protection.  The vast majority of parties in interest will be subject to the General Bar Date, and will receive at least 90 days' notice as previously indicated.

37.    The Debtors propose to advise this Court of the establishment of each special bar date by filing a notice, together with a list that specifically identifies the Schedule Amendment Creditors, the Subsequently Identified Claimants and the Initial Mailing Parties that are subject thereto and a copy of the bar date notice applicable to the special bar date.  In addition to being filed with this Court, such notice will be served upon counsel for the United States Trustee, the Debtors' postpetition secured lenders and the Creditors Committee.  A certificate of service will be subsequently filed to evidence the mailing of each special bar date notice to the parties subject thereto.  Each of the special bar dates will apply only to the Schedule Amendment Creditors, the Subsequently Identified Claimants or the Initial Mailing Parties who are specifically identified as being subject thereto in the lists to be filed with this Court.  However, as to any of such specifically identified parties who may be found to have received effective notice of the General Bar Date (or the Government Bar Date, if applicable), the Debtors do not waive the right to assert that the General Bar Date (or the Government Bar Date, if

applicable), rather than the special bar date, governs.  Moreover, the General Bar Date will remain effective, and it is the Debtors' intention that it be fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice and with respect to unknown parties who are deemed to have received constructive notice thereof pursuant to the Publication Notice.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the proposed Bar Date Order, (a) establishing the bar date by which creditors must file proofs of claim against the Debtors, (b) approving a tailored proof of claim form to be distributed to creditors, (c) approving the forms of notice to be used to inform creditors of the bar date, (d) approving mailing and publication procedures with respect to notice of the bar date, and (e) providing supplemental relief as requested above; and (ii) grant such other and further relief as is just and proper.

Dated:  April 26, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By      */s/ D.J. Baker*                         | By      */s/ Cynthia C. Jackson*               |
|         D.J. Baker | Stephen D. Busey |
|         Sally McDonald Henry | James H. Post |
|         Rosalie Gray | Cynthia C. Jackson |
|         Jane M. Leamy | |
| | |
| Four Times Square | Florida Bar Number 498882 |
| New York, New York  10036 | 225 Water Street, Suite 1800 |
| (212) 735-3000 | Jacksonville, Florida  32202 |
| (917) 777-2150 (facsimile) | (904) 359-7700 |
| | (904) 359-7708 (facsimile) |

## Exhibit A

## PROOF OF CLAIM FORM

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br><br>**Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered** | Chapter 11<br>**PROOF OF CLAIM** | **DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME** |

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name:_____  Case No. _____
(See List of Names and Case Numbers on Reverse Side)

Your claim is scheduled as follows:

[To be completed by Logan]

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):**

[To be completed by Logan]

Telephone No. of Creditor

Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if:** ❑ **replaces address above** ❑ **additional address**

Name:_____

Company/Firm:_____

Address:_____

_____

❑ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
❑ Check box if you have never received any notices in this case.

This Space Is For Court Use Only

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ❑ replaces ❑ amends   a previously filed claim, dated:

**1. Basis for Claim**
❑ Goods sold to debtor(s)
❑ Services performed for debtor(s)
❑ Goods purchased from debtor(s)
❑ Money loaned
❑ Personal injury/property damage
❑ Other _____

❑ Taxes
❑ Severance agreement
❑ Refund
❑ Real property lease
❑ Personal property lease
❑ Other contract _____

❑ Retiree benefits as defined in 11 U.S.C. § 1114(a)
❑ Wages, salaries, and compensation (fill out below)
Last four digits of SSN:_____
Unpaid compensation for services performed from
_____ to _____
(date)                    (date)

**2. Date debt was incurred:**

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**

$_____  $_____  $_____  $_____
(unsecured)      (secured)      (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
❑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
❑ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
❑ Real Estate  ❑ Motor Vehicle  ❑ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $_____**
❑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
❑ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
❑ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
❑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
❑ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
❑ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
❑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
❑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (  ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date

**Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:**

Print:_____  Title:_____

Signature:_____

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

PLEASE READ THE PROOF OF CLAIM FORM CAREFULLY AND FILL IT IN COMPLETELY AND ACCURATELY.  PRINT LEGIBLY, YOUR CLAIM MAY BE DISALLOWED IF IT CANNOT BE READ AND UNDERSTOOD.  THE PROOF OF CLAIM MUST BE COMPLETED IN ENGLISH.  THE AMOUNT OF ANY CLAIMS MUST HAVE ARISEN ON OR PRIOR TO THE FILING OF THE CHAPTER 11 PETITIONS ON FEBRUARY 21, 2005, AND MUST BE DENOMINATED IN UNITED STATES CURRENCY.

The instructions and definitions below are general explanations of the law.  In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.

## --- DEFINITIONS ---

*Debtor*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

*Proof of Claim*
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim).  This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or with a designated agent of the court.

*Secured Claim*
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property.  A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien.  In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim.  (See also *Unsecured Claim*.)

*Unsecured Claim*
If a claim is not a secured claim it is an unsecured claim.  A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

*Unsecured Priority Claim*
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims).  The most common types of priority claims are listed on the proof of claim form.  Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (If Not Already Filled In)

**Name of Debtor and Case Number:**
Fill in the name of the Debtor against which you assert a claim, as well as the Case Number applicable to such Debtor.  The Debtors' Names and Case Numbers are listed below.

| | |
|---|---|
| **Winn-Dixie Stores, Inc.** | **Case No. 05-03817-3F1** |
| **Dixie Stores, Inc.** | **Case No. 05-03818-3F1** |
| **Table Supply Food Stores Co., Inc.** | **Case No. 05-03819-3F1** |
| **Astor Products, Inc.** | **Case No. 05-03820-3F1** |
| **Crackin' Good, Inc.** | **Case No. 05-03821-3F1** |
| **Deep South Distributors, Inc.** | **Case No. 05-03822-3F1** |
| **Deep South Products, Inc.** | **Case No. 05-03823-3F1** |
| **Dixie Darling Bakers, Inc.** | **Case No. 05-03824-3F1** |
| **Dixie-Home Stores, Inc.** | **Case No. 05-03825-3F1** |
| **Dixie Packers, Inc.** | **Case No. 05-03826-3F1** |
| **Dixie Spirits, Inc.** | **Case No. 05-03827-3F1** |
| **Economy Wholesale Distributors, Inc.** | **Case No. 05-03828-3F1** |
| **Foodway Stores, Inc.** | **Case No. 05-03829-3F1** |
| **Kwik Chek Supermarkets, Inc.** | **Case No. 05-03830-3F1** |
| **Sunbelt Products, Inc.** | **Case No. 05-03831-3F1** |
| **Sundown Sales, Inc.** | **Case No. 05-03832-3F1** |
| **Superior Food Company** | **Case No. 05-03833-3F1** |
| **WD Brand Prestige Steaks, Inc.** | **Case No. 05-03834-3F1** |
| **Winn-Dixie Handyman, Inc.** | **Case No. 05-03835-3F1** |
| **Winn-Dixie Logistics, Inc.** | **Case No. 05-03836-3F1** |
| **Winn-Dixie Montgomery, Inc.** | **Case No. 05-03837-3F1** |
| **Winn-Dixie Procurement, Inc.** | **Case No. 05-03838-3F1** |
| **Winn-Dixie Raleigh, Inc.** | **Case No. 05-03839-3F1** |
| **Winn-Dixie Supermarkets, Inc.** | **Case No. 05-03840-3F1** |

**(NOTE: If you have a claim against more than one of the Debtors, you must file a separate proof of claim against each Debtor.  If your proof of claim fails to designate the Debtor against which you have a claim, your claim will be deemed to be a claim against Winn-Dixie Stores, Inc.  If your proof of claim designates more than one Debtor, your claim will be deemed to be a claim only against Winn-Dixie Stores, Inc.)**

**Information about Creditor:** Complete the section giving the name, address, telephone number, fax number, and e-mail address (if any) of the creditor to whom the debtor owes money or property, and the debtor's account number, if any.  If anyone else has already filed a proof of claim relating to this debt, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.  **Please note that all future correspondence about your claim by Logan & Company, Inc. will be mailed to the pre-printed address as listed in Box A on the reverse side, unless you indicate and change the address on the reverse side.  Further future mailings will be sent to the attention of the signatory on the reverse side of this Proof of Claim.**

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed.  If the type of debt is not listed, check "Other" and briefly describe the type of debt.  If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim.  If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim.  You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed.  A claim may be partly secured and partly unsecured.  (See DEFINITIONS, above.)

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim."  (See DEFINITIONS, above.)  If your claim is partly secured and partly unsecured, state here the amount that is unsecured.  If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**7. Unsecured Priority Claim**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority.  (See DEFINITIONS, above.)  A claim may be partly priority and partly a nonpriority if, for example, the claim is for more than the amount given priority by the law.  Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents.  If documents are not available, you must attach an explanation of why they are not available.
DO NOT SEND ORIGINAL SUPPORTING DOCUMENTS, ORIGINAL GIFT CERTIFICATES/GIFT CARDS, ETC.

THE ORIGINAL OF THIS PROOF OF CLAIM FORM MUST BE SENT SO THAT IT IS <u>**RECEIVED**</u> ON or BEFORE **5:00 P.M. EASTERN TIME, AUGUST 1, 2005**.  SEND THE COMPLETED PROOF OF CLAIM FORM BY U.S. MAIL, COURIER SERVICE, HAND DELIVERY OR OVERNIGHT SERVICE TO: **WINN-DIXIE CLAIMS DOCKETING CENTER, c/o LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043.**  PROOFS OF CLAIM MAY <u>NOT</u> BE SENT BY FACSIMILE, TELECOPY, OR OTHER ELECTRONIC MEANS.

**Exhibit B**

**BAR DATE NOTICE**

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>**Winn-Dixie Stores, Inc., et al.,**<br><br>                                      Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
### ON OR BEFORE AUGUST 1, 2005, AT 5:00 P.M. EASTERN TIME

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING DEBTORS:**

| Debtor | Other Names Used | Address | Tax I.D. | Case No. |
|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | The Marketplace, Winn-Dixie Marketplace, SaveRite, Jitney Jungle, Thriftway, Sack n' Save, Grocery Bargain Depot, Dixie Spirits | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 | 05-03817-3F1 |
| Dixie Stores, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 | 05-03818-3F1 |
| Table Supply Food Stores Co., Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 | 05-03819-3F1 |
| Astor Products, Inc. | N/A | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 | 05-03820-3F1 |
| Crackin' Good, Inc. | N/A | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 | 05-03821-3F1 |
| Deep South Distributors, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 | 05-03822-3F1 |
| Deep South Products, Inc. | N/A | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 | 05-03823-3F1 |
| Dixie Darling Bakers, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 | 05-03824-3F1 |
| Dixie-Home Stores, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 | 05-03825-3F1 |
| Dixie Packers, Inc. | N/A | State Rd. 53 South, Jacksonville, Florida 32340 | 59-1288553 | 05-03826-3F1 |
| Dixie Spirits, Inc. | N/A | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 | 05-03827-3F1 |
| Economy Wholesale Distributors, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 | 05-03828-3F1 |
| Foodway Stores, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 | 05-03829-3F1 |
| Kwik Chek Supermarkets, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 | 05-03830-3F1 |
| Sunbelt Products, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 | 05-03831-3F1 |
| Sundown Sales, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 | 05-03832-3F1 |
| Superior Food Company | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 | 05-03833-3F1 |
| WD Brand Prestige Steaks, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 | 05-03834-3F1 |
| Winn-Dixie Handyman, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 | 05-03835-3F1 |
| Winn-Dixie Logistics, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 | 05-03836-3F1 |
| Winn-Dixie Montgomery, Inc. | Winn-Dixie Atlanta, Inc., Winn-Dixie Louisiana, Inc., Buddies, Pump n' Save, Dixie Spirits | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 | 05-03837-3F1 |
| Winn-Dixie Procurement, Inc. | Monterey Canning Co. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 | 05-03838-3F1 |
| Winn-Dixie Raleigh, Inc. | Save Rite Grocery Warehouse, Inc., Winn-Dixie Charlotte, Inc. | 833 Shotwell Road, Clayton, NC  27520 | 56-0670665 | 05-03839-3F1 |
| Winn-Dixie Supermarkets, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 | 05-03840-3F1 |

**PLEASE TAKE NOTICE THAT:**

1.    **CASE FILING**.  On February 21, 2005, Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.  By order dated April 13, 2005, venue of these cases was transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court"). Their cases are being jointly administered under Case No. 05-03817-3F1.

2.    **PROTECTIONS AFFORDED TO THE DEBTORS**.  Under the Bankruptcy Code, the Debtors are granted certain protections against creditors. A creditor is anyone to whom the Debtors owe money or property. Creditors are prohibited from taking any actions to collect money or

property from the Debtors. CREDITORS WHO OWE AMOUNTS TO THE DEBTORS ARE REQUIRED TO PAY SUCH AMOUNTS, EVEN THOUGH THE DEBTORS OWE MONEY OR PROPERTY TO THE CREDITORS; AND CREDITORS MAY NOT SET OFF AMOUNTS THEY OWE TO THE DEBTORS AGAINST AMOUNTS OWED BY THE DEBTORS TO THEM WITHOUT SPECIFIC AUTHORIZATION FROM THE COURT.  If unauthorized actions are taken by a creditor against the Debtors, the Court may penalize that creditor. A creditor who is considering taking action against the Debtors, or property of the Debtors, may wish to consult an attorney. The staff of the clerk of the Court is not permitted to give legal advice.

3.   **ENTRY OF THE BAR DATE ORDER**.  By order of this Court entered on _____, 2005  (the "Bar Date Order"), the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file proofs of claim against the Debtors is **August 1, 2005, at 5:00 p.m. Eastern Time** (the "Bar Date").  The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005.

4.   **WHO MUST FILE A PROOF OF CLAIM.**  You MUST file a proof of claim if you have a claim that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005, and it is not one of the types of claims described in section 5 below. Acts or omissions of the Debtors that occurred on or prior to the filing of the chapter 11 petitions on February 21, 2005, may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

5.   **WHO NEED NOT FILE A PROOF OF CLAIM**. You should not file a proof of claim if:

   A.   You have already properly filed a proof of claim against the Debtors utilizing a claim form that substantially conforms to the attached proof of claim form or to Official Form No. 10;

   B.   Your claim is listed on the Debtors' Schedules (as defined below) and is not described in the Debtors' Schedules as "disputed," "contingent," or "unliquidated."

   C.   Your claim is listed on the Debtors' Schedules (as defined below) and you do not dispute the amount or nature of your claim as set forth in the Debtors' Schedules or that the claim is an obligation of the specific Debtor against which the claim is listed in the Debtors' Schedules;

   D.   You are asserting a claim under section 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

   E.   Your claim has already been paid by the Debtors with authorization of the Court;

   F.   You are a person or entity (other than an indenture trustee) seeking to assert a claim for principal and interest due on any of the Debtors' 8-7/8% Senior Notes due 2008 (the Debtors will rely on the proof of claim filed by the indenture trustee) (however, if you hold any other type of claim, or are alleging damages or asserting causes of action based upon or arising from your note, you must file a proof of claim by the Bar Date);

   G.   You are a person or entity seeking to assert only stock ownership interests in the Debtors (the Debtors will rely on the records of the stock transfer agent for evidence of stock holdings) (however, if you hold a claim of any kind, or are alleging damages or asserting causes of action based upon or arising from your stock ownership interests, you must file a proof of claim by the Bar Date); or

   H.   You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ONE OF THE DEBTORS, OR IF THE CLAIM YOU HOLD ON OR PRIOR TO THE FILING OF THE CHAPTER 11 PETITIONS ON FEBRUARY 21, 2005 HAS BEEN PAID. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

6.   **WHAT TO FILE.**  If you file a proof of claim, your filed proof of claim must (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the enclosed proof of claim form or to Official Form No. 10, and (d) include supporting documentation (if voluminous, attach a summary). If a proof claim form is not enclosed herewith, you may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.loganandco.com or by written request to Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey, 07043, faxed to (973) 509-3191 or sent by email to winninfo@loganandco.com.  YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.

 If you have a claim against more than one of the Debtors, you must file a separate proof of claim against each Debtor.  If your proof of claim fails to designate the Debtor against which you have a claim, your claim will be deemed to be a claim against Winn-Dixie Stores, Inc.  If your proof of claim designates more than one Debtor, your claim will be deemed to be a claim only against Winn-Dixie Stores, Inc.

7.   **WHEN AND WHERE TO FILE.**  Except as provided for herein, proofs of claim must be filed so as to be received on or before 5:00 p.m. Eastern Time on August 1, 2005, at the following address (the "Claims Docketing Center"):

**Winn-Dixie Claims Docketing Center c/o Logan & Company, Inc.,**
**546 Valley Road, Upper Montclair, New Jersey  07043**

A proof of claim will be deemed timely filed only if the original proof of claim is <u>actually received</u> by the Claims Docketing Center on or before the Bar Date.  Proofs of claim may <u>not</u> be sent by facsimile, telecopy, or other electronic means.

8.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**.  If you wish to submit a rejection damages claim arising from the Debtors' rejection of an executory contract or unexpired lease during these chapter 11 cases, such proof of claim must be filed by the later of (a) thirty days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of the Court or (b) the Bar Date.  Any other claims arising on or prior to the filing of the chapter 11 petitions on February 21, 2005 with respect to any leases or contracts of the Debtors must be filed by the Bar Date.

9.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE.  EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTION 5 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE 5:00 P.M. EASTERN TIME ON AUGUST 1, 2005, FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS, WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM) AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

10.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO.**  You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Liabilities, as the same may be amended from time to time (as amended, the "Debtors' Schedules").  To determine if and how you are listed on the Debtors' Schedules, if a proof of claim form is enclosed herewith, please refer to the proof of claim form, near the top of the right hand side of the first page, for scheduled claim information.

Copies of the Debtors' Schedules and the Bar Date Order may be viewed at <u>www.loganandco.com.</u>  Copies of the Debtors' Schedules may also be examined by interested parties between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202 or by appointment during regular business hours at the offices of the attorneys for Winn-Dixie Stores, Inc., et al.: Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York (Attn: Luisa Bonachea, 212-735-5152.)

11.    **TO GOVERNMENTAL UNITS ONLY**.  If you are a governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code), consistent with section 502(b)(9) of the Bankruptcy Code, you may file a timely proof of claim up to, but not later than, 5:00 p.m. Eastern Time on August 22, 2005.

12.    **FURTHER INFORMATION.**   If you have any questions concerning the filing, amount, nature, or processing of a proof of claim, please call 1-800-224-7654 or email winninfo@loganandco.com. **YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.  DO NOT ATTEMPT TO CONTACT THE COURT FOR ADVICE.**

DATED:  _____, 2005                                           **BY ORDER OF THE COURT:**
                                                                                        **Jerry A. Funk, United States Bankruptcy Judge**

<u>Co-Counsel for Debtors</u>:
D. J. Baker, Sally McDonald Henry and Rosalie W. Gray
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square, New York, New York 10036-6522
Telephone number:  (212) 735-5152; Fax number: (917) 777-2150

Stephen D. Busey, James H. Post and Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800, Jacksonville, Florida 32202

**Exhibit C**

**PUBLICATION NOTICE**

409330-Wilmington Server 1A - MSW

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:

**Winn-Dixie Stores, Inc., et al.**,

Debtors.

Case No.  05-03817-3F1
Chapter 11
Jointly Administered

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
### ON OR BEFORE AUGUST 1, 2005, AT 5:00 P.M. EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF:  Winn-Dixie Stores, Inc. (f/k/a The Marketplace, Winn-Dixie Marketplace, SaveRite, Jitney Jungle, Thriftway, Sack n' Save, Grocery Bargain Depot, Dixie Spirits); Dixie Stores, Inc.; Table Supply Food Stores Co., Inc.; Astor Products, Inc.; Crackin' Good, Inc.; Deep South Distributors, Inc.; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Spirits, Inc.; Economy Wholesale Distributors, Inc.; Foodway Stores, Inc.; Kwik Chek Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Company; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics, Inc.; Winn-Dixie Montgomery, Inc. (f/k/a Winn-Dixie Atlanta, Inc., Winn-Dixie Louisiana, Inc., Buddies, Pump n' Save, Dixie Spirits); Winn-Dixie Procurement, Inc. (f/k/a Monterey Canning Co.); Winn-Dixie Raleigh, Inc. (f/k/a Save Rite Grocery Warehouse, Inc., Winn-Dixie Charlotte, Inc.); Winn-Dixie Supermarkets, Inc. (collectively, the "Debtors"):

PLEASE TAKE NOTICE that, pursuant to an order of this Court approved on _____, 2005 (the "Bar Date Order"), and in accordance with Bankruptcy Rule 3003(c), all persons and entities, including individuals, partnerships, estates and trusts (except those persons or entities that are excused by the terms of the Bar Date Order) who have a claim or potential claim against any of the above-listed Debtors that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005, no matter how remote or contingent such claim may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. Eastern Time, on August 1,  2005** (the "Bar Date"), by mailing or delivering an original proof of claim to **Winn-Dixie Claims Docketing Center, c/o Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043,** so that it is actually received on or before the Bar Date.  Proofs of claim sent by facsimile, telecopy, or other electronic means will not be accepted.  A proof of claim form may be obtained from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.loganandco.com, or by written request to Logan & Company, Inc., mailed to the address above, faxed to (973) 509-3191 or sent by email to winninfo@loganandco.com.

ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO ANY CLAIM) AGAINST THE DEBTORS; AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF ANY SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING ANY SUCH CLAIM.

A copy of the Bar Date Order may be viewed at www.loganandco.com, or obtained from the attorneys for Winn-Dixie Stores, Inc., et al.: Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522, Telephone: 212-735-5152.  For additional information concerning the Bar Date please call 1-800-224-7654 or email winninfo@loganandco.com.

**BY ORDER OF THE COURT**
**Jerry A. Funk, United States Bankruptcy Judge**

409554-Wilmington Server 1A - MSW