## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### RESPONSE OF BT MARIETTA, LLC
### TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
### UNDER 11 U.S.C. § 365(d)(4) GRANTING EXTENSION
### OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES
### OF NON-RESIDENTIAL REAL PROPERTY

TO THE HONORABLE JERRY A. FUNK,
UNITED STATES BANKRUPTCY JUDGE:

The response of BT Marietta, LLC ("BT Marietta"), by and through its undersigned attorneys, to the motion of Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Debtors") for the entry of an order pursuant to 11 U.S.C. § 365(d)(4) extending the Debtors' time to assume or reject non-residential real property leases until September 19, 2005, respectfully represents as follows:

### BACKGROUND

1.       On February 21, 2005 (the "Petition Date"), the Debtors filed respective voluntary petitions for reorganization pursuant to chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued in the operation of their respective businesses and management of their properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1

2.      The Debtors' chapter 11 cases were originally commenced in the United States
Bankruptcy Court for the Southern District of New York.  On or about April 13, 2005, venue of
these cases was transferred to the United States Bankruptcy Court for the Middle District of
Florida, Jacksonville Division.

3.      On or about March 17, 2005, the Debtors filed a motion for an order pursuant to
§ 365(d)(4) authorizing an extension of the respective times to assume or reject non-residential
real property leases to September 19, 2005 (the "Motion").  On or about April 12, 2005, the
Debtors obtained a bridge order providing for an interim extension of time pending a
determination of the Motion by this Court.

4.      BT Marietta is the owner of certain real property known as the Olde Mill
Shopping Center, which is located at 3101 Roswell Road, Marietta, Cobb County, Georgia (the
"Property")[1].  The Property is a "shopping center" within the meaning of § 365(b) of the
Bankruptcy Code.

5.      On June 11, 1984, the respective predecessors-in-interest of the Debtors, as
lessee, and the BT Marietta, as lessor, entered into a lease (the "Marietta Lease") for a portion of
the Property to be operated as a retail supermarket.  A copy of the Marietta Lease is annexed
hereto and made a part hereof as Exhibit "A."

6.      Pursuant to a Supplemental Lease Agreement entered into by the parties on
February 27, 1986 (the "Lease Supplement"), the parties agreed that the commencement date of
the Marietta Lease was fixed at August 29, 1985 (the "Lease Commencement Date").  A copy of
the Lease Supplement is annexed hereto and made a part hereof as Exhibit "B."

7.      As set forth in the both the Marietta Lease and the Lease Supplement, the initial
term of the Marietta Lease is for a period of twenty years from the Lease Commencement Date.

---

[1] Upon information and belief, the Debtors identify their retail location at the Property as store no. 2729.

Accordingly, the initial term of the Marietta Lease expires on August 28, 2005. <u>See</u>, Marietta

Lease at p. 2.

8.      In addition to the initial twenty year term, section 27 of the Marietta Lease

provides for up to four successive five year extensions of the Lease term as follows:

> <u>EXTENSIONS</u>  27. It is further agreed that Tenant, at its option,
> shall be entitled to the privilege of four (4) successive extensions
> of this lease, each extension to be for a period of five (5) years and
> at the same rentals and upon the terms and conditions as required
> herein for the initial term.
>
> <u>Such option privilege may be exercised by the Tenant giving to the
> Landlord a notice in writing at least six (6) months before the
> expiration of the initial term,</u> and if extended, at least six (6)
> months before the expiration of such extended term, stating the
> intention of the Tenant to exercise such option and the period for
> which such option is exercised and thereupon this lease shall be so
> extended without the execution of any other or further documents;
> provided, however, the Tenant shall not at the time of any such
> option exercise be in default under the terms of this lease.

(Emphasis added).

9.      As section 27 of the Marietta Lease makes clear, the Debtors' exercise of the first

extension option is subject to the technical requirement that the Debtors must have provided BT

Marietta with a written notice at least six months before the expiration of the initial term.

Accordingly, in order to have validly exercised the initial extension option, the Debtors were

obligated to provide the notice contemplated by section 27 of the Marietta Lease no later than

February 28, 2005. To the extent that the Debtors neglected timely to provide such written

notice in accordance with the terms of the Marietta Lease, they are precluded from exercising the

first of the four extension options. As a consequence, the Marietta Lease will expire by its terms

on August 28, 2005.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

10.     By virtue of the foregoing and under the circumstances described above, BT
Marietta wishes to ensure that any order entered by this Court which generally extends the
Debtors' time to assume or reject non-residential real property leases will not be construed to
extend, prolong or otherwise modify the August 28, 2005 termination date under the Marietta
Lease. Accordingly, this response is being filed out of an abundance of caution in order to avoid
any potential future litigation over the issue of the Marietta Lease termination date or the
Debtors' obligations to vacate the Property at the end of August, 2005.

11.     In this regard, BT Marietta respectfully submits that the Debtors' failure to
exercise its extension option during the six-month window prior to the August 29, 2005 lease
termination date was not an oversight by the Debtors or otherwise inadvertent. In particular, BT
Marietta notes that its president, Michael P. Markman, contacted an individual named Mike
Chibobick, who is, upon information and belief, an officer or employee in the Debtors' real
estate division, to advise the Debtors of their failure timely to exercise the extension option and
to request a statement concerning the Debtors' intentions with respect to the Property. Mr.
Chibobick advised Mr. Markman that he would be investigating the matter and contacting Mr.
Markman; however, after one additional attempt by Mr. Markman to contact Mr. Chibobick, Mr.
Chibobick has never provided any additional response or information.

12.     Accordingly, BT Marietta respectfully submits that the Marietta Lease will
terminate by its terms, notwithstanding any order entered by this Court under § 365(d)(4) of the
Bankruptcy Code or otherwise, on August 28, 2005.

4

## CONCLUSION

13.    For the foregoing reasons, BT Marietta seeks a determination that any extension

with respect to the Debtors' time to assume or reject its leases generally will not operate or be

construed to extend the term of the Marietta Lease in contravention of its terms.

WHEREFORE, BT Marietta, LLC respectfully requests the entry of an order consistent

with the foregoing, together with such other and further relief as is just and proper.

Dated:  April 27, 2005                                KLEHR, HARRISON, HARVEY,
                                                      BRANZBURG & ELLERS LLP


By: _____

         Jeffrey Kurtzman, Esquire
         260 S. Broad Street
         Philadelphia, PA  19102
         Telephone:  (215) 568-6060
         Facsimile:  (215) 568-6603
         Email:  JKurtzma@Klehr.com
         Attorneys for BT Marietta, LLC