**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a), 363 AND 542**
**AUTHORIZING RECEIPT OF ESCROWED FUNDS OWED TO DEBTORS**
**IN CONNECTION WITH PREPETITION TRANSACTION**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper.  If you object to the relief requested in this paper, you must (a) file your objection with the Clerk of the Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com and (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors

and debtors-in-possession  (collectively, the "Debtors"), move for entry of an order under

11 U.S.C. §§ 105(a), 363 and 542 authorizing the completion of a prepetition transaction

under which pre-petition funds are owed to the Debtors by a third party escrow agent, as

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

more particularly described below.  In support of this Motion, the Debtors state as follows:

## BACKGROUND

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to Bankruptcy Code section 1103.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4.     This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363 and 542.

## RELIEF REQUESTED

5.     By this Motion, the Debtors request that the Court enter an order (a) authorizing and directing the firm of Dwyer & Cambre, acting as escrow agent, (i) to release to the Debtors funds in the amount of $240,000, which are owed to the Debtors by Basin Street #2, Limited Partnership ("Basin") in consideration for the Debtors' pre-petition termination of an assignment of rents, and (ii) to record the pre-petition documents evidencing the termination and (b) authorizing the Debtors to take any actions that may be necessary to facilitate the completion of the escrowed transaction.

6.     The Debtors believe that all material aspects of this transaction occurred pre-petition and that as such, no Court approval is necessary. The Debtors are seeking Court approval, however, because the parties who must rely on this transaction – including the construction lender and title insurance company – are requiring Court approval to ensure that the documentation to be recorded in the public records post-petition is valid.

## BASIS FOR RELIEF

7.     On February 1, 2001, the Debtors, as tenant, entered into a lease with Basin, as landlord. Pursuant to the lease, the Debtors were to receive an assignment of 90% of all cash flows from the future development of an adjacent outparcel.

Subsequently, Basin requested that the Debtors agree to terminate the assignment. On October 26, 2004, the Debtors agreed to execute the necessary documents to effect the termination in exchange for electing either to obtain a parcel of property at a price of $22,000 or to receive a termination fee of $240,000. By letter dated December 29, 2004, the Debtors informed Basin of their election to receive the termination fee and thereafter forwarded the executed documents necessary to terminate the assignment, which documents were to be held in escrow pending receipt of the termination fee.[2] Basin then forwarded the executed documents to Dwyer & Cambre, which had agreed to act as escrow agent pending the Debtors' receipt of the termination fee. By the terms of the escrow arrangement, the Debtors await receipt of the termination fee to perform their only outstanding action as of the Petition Date, which is to acknowledge receipt of the termination fee.

8. The Debtors believe that the funds represent property of the estate. Therefore, the Debtors believe that ordering the release of the termination fee and the escrowed documents is appropriate. The chapter 11 filing does not excuse Dwyer & Cambre from delivering the funds to the Debtors. As the escrowed documents were executed and delivered by the Debtors pre-petition, and the only action required by the Debtors on a post-petition basis is to acknowledge receipt of funds legally owed them, the Debtors believe the relief requested herein is proper and benefits the estate. Moreover, a court order is appropriate here as parties unfamiliar to the transaction – like local and state real property recording authorities – may question the validity of the post-

---

[2] The documents consist of a Second Amendment to Lease dated December 30, 2004 and a

petition recording and decline to honor it, to the prejudice of Basin, its construction lender, and its title insurance company. Dwyer & Cambre, as escrow agent, has sought instructions from the parties and does not dispute its obligation to deliver the funds to the Debtors upon entry of the court order.

## APPLICABLE AUTHORITY

9. Bankruptcy Code section 105(a) enables the Court to "issue any order, process or judgment that is necessary to carry out the provisions . . . " of the Bankruptcy Code. Bankruptcy Code section 542(a) provides that an entity in "possession, custody, or control, during the case, of property that the …" debtor-in-possession may use … "under section 363 of this title" … shall deliver such property to the debtor-in-possession. See 11 U.S.C. § 542(a). Bankruptcy Code section 363 permits the debtor-in-possession to use "property of the estate." "Property of the estate," as defined in Bankruptcy Code section 541, includes all property, "wherever located and by whomever held," including profits from any property of the estate. See 11 U.S.C. § 541(a)(7); United States v. Whiting Pools, Inc., 462 U.S. 198 (1983) (property of the estate includes property that the Debtor does not possess at the time of the bankruptcy filing).

10. Since the Debtors' lease with Basin qualifies as property of the estate, the profits generated from the Debtors' modification of the lease, in the form of the termination fee, even if not in the Debtors' possession, are also property of the estate. Similarly, the funds may be used by the Debtors pursuant to Bankruptcy Code section

---

Cancellation and Termination of Assignment of Rents dated December 30, 2004.

363. As a result, Bankruptcy Code section 542 requires the escrow agent to turn these funds over to the Debtors when the conditions for such a turnover are met. Therefore, in order to carry out the "provisions of this title" pursuant to Bankruptcy Code section 105(a), this Court may authorize the release of the escrowed funds to the Debtors, the Debtors' subsequent acknowledgment of the same, and the release and recordation of the escrowed documents.

## NOTICE

11.     Notice of this Motion has been provided to (a) counsel to the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, (e) Dwyer & Cambre, (f) Basin, (g) Compass Bank, (g) Fidelity National Title Insurance Company, and (h) counsel for National Western Life Insurance Company. The Debtors submit that no other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (a) authorizing and directing the firm of Dwyer & Cambre, acting as escrow agent, (i) to release to the Debtors funds in the amount of $240,000, which are owed to the Debtors by Basin Street #2, Limited Partnership ("Basin") in consideration for the Debtors' pre-petition termination of an assignment of rents pursuant to the escrowed documents, and (ii) to record the pre-petition documents evidencing the termination, (b) authorizing the Debtors to take any actions that may be necessary to facilitate the completion of the escrowed transaction, including acknowledging receipt of the funds, and (c) granting such other and further relief as the Court deems just and proper.

Dated: April 27, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Eric M. Davis | By  */s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson |
| Four Times Square <br>New York, New York 10036 <br>(212) 735-3000 <br>(917) 777-2150 (facsimile) | Florida Bar Number 498882 <br>225 Water Street, Suite 1800 <br>Jacksonville, Florida 32202 <br>(904) 359-7700 <br>(904) 359-7708 (facsimile) |