# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Case No. 05-03817-3F1 |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## MOTION OF THE CITY OF OCALA, FLORIDA TO JOIN IN THE (I) OBJECTION OF CERTAIN UTILITY COMPANIES TO MOTION OF DEBTORS FOR ORDER (A) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT, (B) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE, AND (II) MOTION OF UTILITY COMPANIES TO DETERMINE ADEQUATE ASSURANCE OF PAYMENT
[Docket No. 260]

The City of Ocala, Florida, d/b/a Ocala Electric Utility ("Ocala"), by counsel, submits this Motion to Join in the Objection filed by American Electric Power ("AEP"), Duke Energy Corporation, d/b/a Duke Power Company ("Duke"), Virginia Electric and Power Company, d/b/a Dominion Virginia Power and Dominion North Carolina Power, Progress Energy Florida, Inc. ("Progress Energy Florida"), Progress Energy Carolinas, Inc. ("Progress Energy Carolinas"), Orlando Utilities Commission ("OUC"), Tampa Electric Company ("Tampa") (collectively, the "Utilities")(the "Objection") to the *Motion for Authorization Order (A) Deeming Utilities Adequately Assured of Payment, (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services, and (C) Establishing Procedures for Resolving Requests for Additional Assurance* (the "Utility Motion"). In support of this Motion, the Ocala sets forth the following:

### Procedural Facts

1. On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. The Debtors continue to manage their properties and operate their businesses as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases. These cases are being jointly administered.

2. Also on February 21, 2005, the Debtors filed the Utility Motion.

3. On March 10, 2005, the Court granted the Utility Motion in the *Order (A) Deeming Utilities Adequately Assured of Payment, (B) Prohibiting Utilities from Altering, Refusing, or Discontinuing Services, and (C) Establishing Procedures for Resolving Requests for Additional Assurance* (the "Utility Order").

4. The Utility Order provides that it is without prejudice to the rights of any utility company to request adequate assurance of payment. Pursuant to the second sentence of Section 366, utilities had the right to request adequate assurance of payment at a later date regardless of the provisions of the Utility Order.

5. On April 13 and 19, 2005, the United States Bankruptcy Court for the Southern District of New York entered orders transferring the venue of these cases to this Court.

### Facts Regarding Ocala

6. Ocala provided the Debtors with prepetition utility services and continues to provide the Debtors with post-petition utility services.

7. In April 2004, Ocala obtained a surety bond from the Debtors in the amount of $134,000 to secure Ocala's accounts with the Debtors.

8. The outstanding prepetition debt owed by the Debtors to Ocala and Ocala's 2 and 1/4 month post-petition deposit requests, on an account by account basis, is as follows:

| Account No. | Service Address | Prepetition Debt | Deposit Request |
|---|---|---|---|
| 9957100000 | 2640 NE 14th Street | $14,435.94 | $36,489.19 |
| 9950503582 | 4417 NW Blichton Rd | $50,597.07 | $43,435.96 |
| 5369056153 | 3435 NW Pine Ave., Suite 300 | $24,759.41 | $42,461.66 |
| 1729966741 | 3535 SE Maricapm Rd, Suite 400 | $20,379.10 | $41,698.54 |
| 9358294350 | 2400 SW College Rd, Suite 500 | $321.53 | Acct. Closed |
|  | Totals | $110,994.74 | $164,085.35 |

### Other Facts

9.   Ocala adopts and incorporates herein by reference the factual allegations set forth in the Objection.

### Discussion

Ocala adopts and incorporates herein by reference the legal arguments set forth in the Objection.

WHEREFORE, Ocala respectfully requests that this Court enter an order:

(I)   Award Ocala the post-petition security it has requested from the Debtors herein; and

(II)   awarding such other and further relief as the Court deems just and appropriate.

Dated: Jacksonville, Florida
April 27, 2005

STUTSMAN & THAMES, P.A.

By: /s/ Richard Thames

Richard Thames  718459
Nina M. LaFleur  0107451
Stutsman & Thames, P.A.
121 W. Forsyth Street, Suite 600
Jacksonville, Florida  32202
Telephone (904) 358-4000
Facsimile (904) 358-4001

and

Russell R. Johnson III
3734 Byfield Place
Richmond, Virginia 23233
(804) 747-7208

Co-Counsel for American Electric Power; Duke Energy Corporation, d/b/a Duke Power Company; Virginia Electric and Power Company, d/b/a Dominion Virginia Power and Dominion North Carolina Power; Progress Energy Florida, Inc.; Progress Energy Carolinas, Inc.; Orlando Utilities Commission; Tampa Electric Company and City Of Ocala, Florida, d/b/a Ocala Electric Utility