## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER UNDER 11 U.S.C. §§ 105, 363 AND 364
### (I) AUTHORIZING AND APPROVING POST-PETITION
### PREMIUM FINANCE AGREEMENT BETWEEN DEBTORS
### AND AFCO PREMIUM CREDIT LLC AND (II) GRANTING RELATED RELIEF

These cases came before the Court for hearing on May 19, 2005, upon the motion

of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in

the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§

105, 363 and 364 authorizing and approving the Debtors' entry into a post-petition commercial

premium finance agreement (the "Agreement") with AFCO Premium Credit LLC ("AFCO") and

granting related relief (the "Motion"). The Court has reviewed the Motion, considered the

evidence and heard the argument of counsel. After due deliberation and finding proper notice

has been given, the Court determines that good cause exists to grant the relief and that granting

the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.    Pursuant to section 364(c)(2) of the Bankruptcy Code, the Debtors are

hereby authorized to enter into the Agreement.

2.    AFCO is granted a first and only priority security interest in:

---

[1]    All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

(a)     any and all unearned premiums and dividends which may become payable under the Policies for whatever reason; and

(b)     loss payments which reduce the unearned premiums, subject to any mortgage or loss payee interests.

3.     The Debtors are authorized to pay AFCO all sums due pursuant to the Agreement with respect to the Policies.

4.     The complete rights of AFCO pursuant to the Agreement and controlling state law are fully preserved and protected and are and shall remain unimpaired by the pendency of the Debtors' bankruptcy case or any subsequent conversion of such proceeding to a Chapter 7 or any subsequent appointment of a trustee.  Except as set forth in this Order, the Debtors' rights are not waived, prejudiced, or forfeited in any manner, and are reserved for the benefit of the estates.

5.     In the event that the Debtors default upon any of the terms of the Agreement, then, upon not less than ten days' written notice to (a) the Debtors and its counsel, (b) counsel for the Creditors' Committee (via facsimile c/o Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP (212) 822-5194), and (c) counsel to the Debtors' post-petition secured lender (via facsimile c/o Jonathan N. Helfat, Otterbourg, Steindler, Houston & Rosen, P.C., (212) 682-6104), the automatic stay shall be modified without further application to (or order by) the Court unless the Debtors cure the default within such ten-day period.  In addition, in that event, AFCO may exercise such rights as it may otherwise have under state law, but for the pendency of the Debtors' bankruptcy cases and, without the necessity of further application to the Bankruptcy Court.  These rights include the right to cancel all Policies listed on the Agreement or any amendment thereto, and receive and apply all unearned insurance premiums to the account of the Debtors.  In the event that, after such application of unearned premiums, any sums still remain due to AFCO pursuant to the Agreement, such deficiency shall be deemed an administrative

2

expense of the Debtors' estates under 11 U.S.C. § 503(b). In the event that, after such application of unearned premiums, there are any funds in excess of the sum then due that are obtained by AFCO, AFCO shall pay to the Debtors such excess amount.

   6. The Debtors are authorized, without further order, to enter into additional premium finance agreements having substantially similar terms to the Agreement as necessary during the remaining pendency of these cases, on the condition that (a) the Debtors provide notice thereof to the U.S. Trustee, counsel for the Creditors' Committee and counsel for the Debtors' post-petition secured lender, and (b) such notice parties indicate their approval of the new agreements by not objecting thereto within ten business days of receipt of the notice. In the event of any objection from the notice parties, the Debtors shall proceed with the new agreements only if approved by subsequent order of this Court. It should be recognized that an additional premium finance agreement sought to be approved under this provision may satisfy the "substantially similar" test outlined in the Motion, notwithstanding that the type and duration of coverage as well as the premium payable and repayment terms contained in any such additional agreements vary in certain respects from the Agreement.

   7. Notwithstanding anything to the contrary contained in the Agreement (and each premium financing agreement subsequently authorized under this Order), AFCO shall only have a first priority lien in and upon the unearned premiums arising under the insurance policies financed by AFCO as authorized by this Order and the dividends relating exclusively to such unearned premiums. Except as set forth in the preceding sentence, nothing contained in this Order or otherwise, including, without limitation, the Agreement, shall, or shall be construed to, limit, subordinate or adversely affect in any way any of the liens, rights, claims and/or priorities granted to Wachovia Bank, N.A., as agent ("Agent") for the Debtors' secured post-petition

lenders (collectively, "Lenders"), under the Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral, and Granting Adequate Protection, (III) Authorizing Debtors to Pay In Full all Claims of Debtors' Pre-Petition Secured Lenders, and (IV) Prescribing Form and Manner of Notice and Time for Final Hearing, dated March 23, 2005 (Docket No. 501) (as the same may hereafter be amended, modified or extended, the "Financing Order"), the Loan Documents (as defined in the Financing Order), applicable law or otherwise.

8.      The costs underlying the payments made under the Agreement will be allocated internally amongst the Debtors and their other subsidiaries based on the coverage provided under the underlying insurance policies.

9.      The Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Agreement, (ii) resolve any disputes arising under or in connection with the Agreement and related documents, and (iii) interpret, implement, and enforce the provisions of this Order.

10.     Notwithstanding Bankruptcy Rule 4001 and 6004(g), the parties may consummate the transactions contemplated by the Agreement authorized hereby immediately upon entry of this Order.

Dated May _____, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


4