**Hearing Date: May 19, 2005, 1:00 p.m.**
**Objection Deadline: May 12, 2005, 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

**DEBTORS' MOTION FOR ORDER AUTHORIZING**
**(I) RETROACTIVE REJECTION OF CERTAIN REAL PROPERTY LEASES AND**
**(II) ABANDONMENT OF RELATED PERSONAL PROPERTY**

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 554(a) approving and authorizing the Debtors to reject twenty-four non-residential real property leases effective retroactively and to abandon related personal property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.  The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

4.  This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.  The statutory predicates for the relief requested in the Motion are sections 105(a) and 365(a) of the Bankruptcy Code.

## Relief Requested

6.  By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, approving and authorizing the rejection of each of the unexpired leases of non-residential real property set forth on Exhibit A to this Motion

(collectively, the "Leases"), effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the landlords party to the Leases and tender possession of the premises to each such landlord and (b) the date of entry of an order approving the rejection (such earlier date, the "Effective Date").  The Leases relate to certain grocery stores and other facilities where the Debtors have ceased operations as part of pre-petition restructuring plans initiated in April 2004 and earlier.  Accordingly, the Debtors currently derive no benefit from the Leases.

### The Leases

7. As part of their restructuring plans, the Debtors sought to sell, sublet, negotiate buyouts with landlords, or otherwise reduce or eliminate their liability under the Leases.  After marketing the leases, the Debtors determined that they were unable to do so.  Accordingly, with respect to the stores or other facilities that are the subject of the Leases (the "Dark Facilities"), the Debtors continued to pay the monthly rent required by the Leases.

8. Because the Debtors no longer occupy the Dark Facilities, have previously marketed the Leases for the Dark Facilities, and are continuing to pay rent and other charges under the Leases in the aggregate monthly amount of approximately $591,000, the Debtors have concluded that the Leases constitute a burden on the Debtors and their estates, are not necessary for an effective reorganization, and should be rejected as of the Effective Date.

9. The rejection of the Leases will save the Debtors' estates approximately $591,000 per month, beginning with the month of May, in administrative expenses, including rent, taxes, insurance premiums, and other charges under the Leases.

10. To the extent any personal property remains in the Dark Facilities, it is of little or no value to the Debtors' estates.  Accordingly, the Debtors request that the Court enter an order

deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the Effective Date.

**Basis for Relief**

11.     Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

12.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86 (Bankr. E.D.N.Y. 1993); In re Central Florida Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13.     Here, the Debtors' business judgment clearly supports rejection of the Leases. The Debtors do not operate at the Dark Facilities and do not receive revenue from the Dark Facilities.  Thus, the Leases are not necessary for a successful reorganization but instead constitute a burden to the Debtors' estates because of administrative expenses arising from the continuation of the Leases.  Indeed, rejection of the Leases benefits the Debtors' estates by alleviating a monthly cost of approximately $591,000, including taxes, insurance premiums, and other charges due under the Leases.  Consequently, the Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Leases.

14.     The relief requested by this Motion is consistent with the type of relief granted by courts.  See, e.g., In re Hale-Halsell Co., Case No. 04-11677 (Bankr. N.D. Okla. April 23, 2004); In re Git-N-Go, Inc., Case No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., Case No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp., 2002 WL 31548723 at * 3 (S.D.N.Y., Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code).  Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

## Notice

15.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the landlords party to the Leases.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (a) authorizing and approving the rejection of the Leases, effective as of the Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining in the Dark Facilities; and (c) granting such other and further relief as the Court deems just and proper.

Dated: April 29, 2005

SMITH HULSEY & BUSEY

By  */s/ Cynthia C. Jackson*
   Stephen D. Busey
   James H. Post
   Cynthia C. Jackson
Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

- and -

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Adam S. Ravin
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Attorneys for Debtors

## **Exhibit A**

## **SCHEDULE OF LEASES**

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 559 | HWY 90 & LLOYD STREET<br>Crestview, FL 32536 | Sun West N.C. Iii Partners Limited Partnership |
| 625 | 4536 HIGHWAY 70<br>Bradenton, FL 34203 | August Urbanek Ivest. |
| 817 | 5531 CAROLINA BEACH ROAD<br>Wilmington, NC 28401 | Downtown Two, Llc |
| 826 | 2509 N. HERITAGE STREET<br>Kinston, NC 28501 | Heritage Crossing Associates, Lp |
| 886 | 813 E BLVD<br>Williamston, NC 27892 | Roanote Landing Limited Partnership |
| 942-BL | 12450 GAYTON ROAD<br>Richmond, VA 23233 | Dpj Company Limited |
| 942-GL | 12450 GAYTON ROAD<br>Richmond, VA 23233 | Dpj Company Limited |
| 950 | 351 NORTH COLLEGE DRIVE<br>Franklin, VA 23851 | W. D. Of Virginia, Inc. |
| 959 | 5260 OAKLAWN BLVD<br>Hopewell, VA 23860 | George D. Zamias |
| 963 | 4920 GREENSBORO ROAD<br>Ridgeway, VA 24148 | Sheffield Estates, Inc. |
| 983 | 1255 FRANKLIN STREET<br>Rocky Mount, VA 24151 | W-D Rocky Mount,Va Partners,Llc |
| 1611 | 1651 PARIS PIKE<br>Georgetown, KY 40324 | Assigned To Malone And Hyde |
| 1704 | 1065 READING ROAD<br>Mason, OH 45040 | Mason Shopping Center Partnership |
| 1758 | 1535 WEST GALBRAITH ROAD<br>Cincinnati, OH 45231 | Wiedemann Square,Llc |
| 1764 | 2220 WAYCROSS ROAD<br>Cincinnati, OH 45240 | Civic Center Station,Ltd. |
| 1776 | 1967 DIXIE HIGHWAY<br>Ft. Wright, KY 41011 | Tappen Properties Lp |
| 2109 | 3901 N KINGS HWY<br>Myrtle Beach, SC 29577 | Sam Development Associates Llc |
| 2115 | 124 S CASHUA DRIVE<br>Florence, SC 29501 | Florence Marketplace Investors, Llc |
| 2116 | 1611 S. IRBY STREET<br>Florence, SC 29505 | Carolina Enterprises,Inc |
| 2124-BL | HWY 501 16TH AVE<br>Conway, SC 29526 | Ccp Employee Profit Sharing Plan |
| 2124-GL | HWY 501 16TH AVE<br>Conway, SC 29526 | Ccp Employee Profit Sharing Plan |
| 2146 | 139 WESTFIELD DR.<br>Hartsville, SC 29550 | Hazel Park Associates |
| 2537 | 944 EAST STATE ROAD 436<br>Casselberry, FL 32730 | Casselsquare Llc |
| 9093 | 210 Century Drive<br>Bartow, FL 33830 | Zurich Structured<br>Finance |