Hearing Date: May 19, 2005, 1:00 p.m.<br>
Objection Deadline: May 12, 2005, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### DEBTORS' MOTION FOR ORDER UNDER FED. R. BANKR. P. 9006(B) EXTENDING THE TIME WITHIN WHICH DEBTORS MAY FILE NOTICES OF REMOVAL

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under Fed. R. Bankr. P. 9006(b), extending the time within which the Debtors may file notices of removal under Fed. R. Bankr. P. 9027(a)(2)(A) (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested by this Motion is Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

6. By this Motion, the Debtors seek entry of an order under Bankruptcy Rule 9006(b) extending for approximately one hundred seventy-five (175) days, through and including August 15,

2005, the period set forth in Bankruptcy Rule 9027(a)(2)(A) within which the Debtors may file notices of removal with respect to pending actions. The present deadline for the Debtors to file notices of removal is May 23, 2005.

## Basis for Relief

7. As of the Petition Date, the Debtors were plaintiffs in approximately twelve (12) actions and proceedings in a variety of state and federal courts throughout the country (collectively, the "Actions"). These Actions cover a broad spectrum of legal issues including breach of contract, pharmacy litigation, real estate and others.

8. Because the Debtors have been focused primarily on stabilizing and maximizing the value of their businesses, the Debtors have not yet reviewed all the Actions to determine whether any Actions should be removed under Bankruptcy Rule 9027(a).

9. The relief requested by this Motion is in the best interests of their estates and creditors because it will afford the Debtors a sufficient opportunity to assess whether the Actions can and should be removed, thereby protecting the Debtors' valuable right to adjudicate lawsuits pursuant to 28 U.S.C. § 1452.

## Applicable Authority

10. 28 U.S.C. § 1452(a), which governs the removal of the Actions, provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> 28 U.S.C. § 1452(a).

11.     Bankruptcy Rule 9027(a) places time restrictions on the Debtors' ability to remove the Actions:

> (2)     <u>Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.</u>  If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12.     Bankruptcy Rule 9006(b) provides that the Court can extend time periods like those imposed by Bankruptcy Rule 9027(a):

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ... with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ....

Fed. R. Bankr. P. 9006(b)(1).

13.     It is well settled that the removal periods provided by Bankruptcy Rule 9027(a) may be enlarged as requested herein.  <u>See</u> <u>In re World Fin. Servs. Ctr., Inc.</u>, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that bankruptcy courts have the authority to enlarge the removal period pursuant to Bankruptcy Rule 9006(b)); <u>Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)</u>, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (recognizing that the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006 but holding that the debtor's motion to expand the removal period was not timely); <u>In re Pacor, Inc.</u>, 743 F.2d 984, 996 n.17 (3d Cir. 1984), <u>overruled on other grounds by</u> <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124, 134-35 (1995), (noting that the court may grant extensions in which to file notice of removal).

14. Requests by debtors for an initial extension of the time within which to file notices of removal under Bankruptcy Rule 9027(a) have regularly been granted by courts. See, e.g., In re Genuity, Case No. 02-43558 (PCB) (Bankr. S.D.N.Y. Feb. 26, 2003) (granting initial extension); In re Adelphia Communications Corp., Case No. 02-41729 (REG) (Bankr. S.D.N.Y. Oct. 9, 2002) (granting a final order extending the debtors' the removal period after having granted a bridge order pending the final disposition of the debtors' motion); Irwin v Beloit Corp. (In re Harnischfeger Indus.), Case No. 99-00272 (Bankr. D. Ala., August 9, 1999); In re Global Crossing Ltd., Case Nos. 02-40187 (REG) through 02-40241 (Bankr. S.D.N.Y. May 2, 2002); In re Enron Corp., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. Feb. 28, 2002) (granting initial extension); In re GenTek, Inc., Case No. 02-12986 (MFW) (Bankr. D. Del. Feb. 3, 2003) (same); In re Philip Services (Delaware), Inc., Case No. 99-02385 (MFW) (Bankr. D. Del. Oct. 28, 1999) (same); In re Favorite Brands Int'l Holding Corp., Case No. 99-00726 (PJW) (Bankr. D. Del. June 18, 1999) (same); In re FPA Medical Management, Inc., No. 98-01596 (PJW) (Bankr. D. Del. Oct. 28, 1998) (same); In re Levitz Furniture Inc., No. 97-01842 (JJF) (D. Del. Nov. 17, 1997) (same).

## Notice

15. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the non-Debtor parties to the Actions or counsel to such parties. No other notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (a) extending the time within which the Debtors may file notices of removal under Fed. R. Bankr. P. 9027(a)(2)(A) for approximately one hundred seventy-five (175) days, through and including August 15, 2005, and (b) granting such other and further relief as the Court deems just and proper.

Dated:  April 29, 2005

SMITH HULSEY & BUSEY

By     */s/ Cynthia C. Jackson*
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson
Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

  - and -

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Attorneys for Debtors