**Hearing Date: May 19, 2005, 1:00 p.m.**
**Objection Deadline: May 12, 2005, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 366 AND FED. R. BANKR. P. 9019(b) (i) AUTHORIZING THE DEBTORS TO RESOLVE DISPUTES WITH CERTAIN UTILITY COMPANIES WITHOUT FURTHER COURT APPROVAL AND (ii) ESTABLISHING NOTICE PROCEDURES**

Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases  (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 9019(b) (i) authorizing the Debtors to resolve disputes with those utility companies holding prepetition bonds and/or deposits without further Court approval and (ii) establishing notice procedures to give affected parties the ability to examine the proposed resolution and, if not satisfied, to object.  In support of this Motion, the Debtors respectfully represent as follows:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the

Southern District of New York (the "New York Court").  By order dated April 13, 2005, the

New York Court transferred venue of these cases to this Court.  The Debtors' cases are being

jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No

request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an

official committee of unsecured creditors (the "Creditors' Committee") was appointed to serve in

these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and drug retailers operating in the southeastern United

States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to

published reports, the Debtors are the eighth-largest food retailer in the United States and one of

the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery

store and has grown through acquisitions and internal expansion.  The Debtors currently operate

more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the

Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of

this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a) and 366 of the Bankruptcy Code, and such relief is subject to Rule 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

6.      By this Motion, the Debtors seek, pursuant to 11 U.S.C. §§ 105(a) and 366 and Bankruptcy Rule 9019(b), an order (i) authorizing the Debtors to resolve disputes with the utility companies holding prepetition bonds and/or deposits and effect such resolutions without further Court approval and (ii) establishing notice procedures to give affected parties the ability to examine the proposed resolution and, if not satisfied, to object (the "Notice Procedures").

## Basis for Relief

7.       In the normal conduct of their businesses, the Debtors have relationships with approximately 800 different utility companies (the "Utility Companies") for the provision of telephone, electric, gas, water, sewer, waste management, and other services.  Of the Utility Companies providing services to the Debtors, approximately 306 hold prepetition bonds and/or deposits (the "Secured Utility Companies"), some of which hold deposits and/or bonds equal to two or three of the Debtors' average monthly billings.

8.      On the Petition Date, the Debtors filed their Motion for Order (A) Deeming Utilities Adequately Assured of Payment, (B) Prohibiting Utilities From Altering, Refusing, or Discontinuing Services, and (C) Establishing Procedures for Resolving Requests for Additional Assurance (the "Utility Motion").  By order dated March 10, 2005, the New York Court approved the Utility Motion (the "Utility Order"),[2] deeming the Utility Companies adequately assured of payment, prohibiting the Utility Companies from altering, refusing, or discontinuing

services, and establishing procedures for resolving requests for additional adequate assurance pursuant to section 366 of the Bankruptcy Code that were set forth in the Utility Motion that provided that adequate assurance requests must be received by the Debtors' counsel within 30 days of the date of the Utility Order.   The Utility Order authorizes the Debtors to comply with the adequate assurance requests that the Debtors believe are reasonable without further Court order.  The Utility Order further provides that if the Debtors are unable to resolve an adequate assurance request within 60 days from the date of receipt thereof, the Debtors are required to file a motion for determination of such request.

9.      The Debtors have received approximately 66 adequate assurance requests from the Utility Companies.  Many of these requests were received from the Secured Utility Companies.  Several of the Secured Utility Companies also have made demands against the prepetition bonds or have claimed that they have the right to setoff prepetition amounts owed against the prepetition deposits.

10.     The Debtors are in the process of attempting to resolve the adequate assurance requests received from the Utility Companies.  By Court order, the Debtors must complete any such resolution within a limited 60-day period.  In resolving the adequate assurance requests with the Secured Utility Companies, the Debtors are forced to address bond demands and set off claims at the same time.  In some instances, the Debtors are also attempting to negotiate other issues with the Secured Utility Companies, such as a reduction in the customary bond or deposit amount that the Secured Utility Companies have historically held.  It would be in the best interests of these estates and their creditors to allow the Debtors to resolve any disputes with the Secured Utility Companies without Court approval and after notice in the manner set forth

_____

[2]   Certain Utility Companies filed objections to the Debtors' motion seeking the Utility Order.  Those objections

below.  The Debtors believe that obtaining general authority to resolve disputes with the Secured

Utility Companies without Court approval while addressing their adequate assurance requests –

which already requires no further Court approval – will provide needed flexibility for the

Debtors and facilitate the resolution of these issues.

11.     Moreover, if the Court authorizes the Debtors to resolve disputes with the

Secured Utility Companies without Court approval, the administrative burdens that will

otherwise be imposed on both the Debtors and the Court will be substantially reduced.  This in

turn will allow the Debtors to focus their energies on the more pressing and core aspects of the

reorganization process.

The Notice Procedures

13.  To assure that all parties potentially affected by the Debtors' resolution of a dispute

with a Secured Utility Company are afforded an opportunity to review (and object) to the

proposed resolution, the Debtors propose that the following notice procedures be used:

     a.     The Debtors shall give notice (the "Notices") of the proposed resolutions
to (i) the Office of the United States Trustee, (ii) counsel for the Creditors'
Committee, and (iii) counsel for the postpetition secured lenders
(collectively, the "Notice Parties").  Notices shall be served by facsimile
or electronic transmission, so as to be received by 5:00 p.m. (Eastern
Time) on the date of service.  The Notice shall specify (1) the dispute to
be settled, (2) the identity of the particular Debtor resolving such dispute,
(3) the identity of the Secured Utility Company, (4) the terms of the
proposed resolution, and (5) a brief statement of the basis for the
resolution.

     b.     The Notice Parties shall have five (5) business days after the Notices are
sent to object or to request additional information to evaluate the proposed
resolution.

     c.     A Notice Party must submit an objection or request for additional time in
writing to (i) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times
Square, New York, New York  10036-6522 Attn: Stephanie R. Feld, Esq.

are currently pending.

("SASM&F") and (ii) Smith Hulsey & Busey, 225 Water Street, 1800 Wachovia Tower, Jacksonville, Florida 32202 Attn: Cynthia C. Jackson, Esq. ("Smith Hulsey"). If SASM&F and Smith Hulsey receive no written objection or written request for additional time prior to the expiration of the applicable period, the proposed resolution shall be deemed consented to by the Notice Parties and the Debtors shall be authorized to effect the proposed resolution. If a Notice Party provides a written request to SASM&F and Smith Hulsey for additional time to evaluate the proposed resolution, such Notice Party and only such Notice Party shall have an additional five (5) business days from the expiration date of the applicable period or such additional time as the parties may otherwise agree to object to the proposed resolution.

d.      If a Notice Party objects to the proposed resolution within the applicable period after the Notice is sent (or, in the case of a Notice Party that has timely requested additional time to evaluate the proposed resolution, within the additional applicable period), the Debtors and such objecting Notice Party shall use good faith efforts to consensually resolve the objection. If the Debtors and such objecting Notice Party are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed resolution pursuant to these procedures, but may seek Court approval of the proposed resolution upon notice and a hearing.

e.      Nothing in the foregoing Notice Procedures shall prevent the Debtors, in their sole discretion, from seeking Court approval at any time of any proposed resolution upon notice and a hearing.

14.     The Notice Procedures provide sufficient information to affected parties to assure due process while at the same time providing an efficient mechanism to resolve any disputes between the Debtors and the Secured Utility Companies.

## **Applicable Authority**

15.     Section 105(a) of the Bankruptcy Code allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the debtors' assets. See, e.g., Chinichian v. Campolongo (In

re Chinichian), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the

bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy

Code.") (citation omitted); see also Hardy by & Through IRS v. United States (In re Hardy), 97

F.3d 1384, 1389 (11th Cir., 1996) ("The language of § 105 encompasses 'any type of order,

whether injunctive, compensative or punitive, as long as it is necessary or appropriate to carry

out the provisions of the Bankruptcy Code.'") (citation omitted); Bird v. Crown Convenience (In

re NWFX, Inc.), 864 F.2d 588, 590 (8th Cir. 1988) ("The overriding consideration in bankruptcy

. . . is that equitable principles govern.") (citations omitted); In re Cooper Props. Liquidating

Trust, Inc., 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) ("[T]he Bankruptcy Court is one of

equity and as such it has a duty to protect whatever equities a debtor may have in property for

the benefit of its creditors as long as that protection is implemented in a manner consistent with

the bankruptcy laws") (citation omitted).

16.  Bankruptcy Rule 9019(b) provides, in part, that "[a]fter a hearing on such notice as

the court may direct, the court may fix a class or classes of controversies and authorize the

trustee to compromise or settle controversies within such class or classes without further hearing

or notice." Fed. R. Bankr. P. 9019(b); see also e.g., Fla. Trailer and Equip. Co. v. Deal, 284 F.2d

567, 569 (5th Cir. 1960) ("The right and power of the Trustee to settle subject to court approval

extends to controversies and not merely those involved in pending suits.") (citation omitted); In

re Del Grosso, 106 B.R. 165, 167 (Bankr. N.D. Ill. 1989) ("The Trustee's power to compromise

extends to all controversies affecting the estate and not merely those involved in pending suits.")

(citation omitted).

17.     The Court's approval of this Motion would be in the best interests of these estates

and their creditors.  The proposed Notice Procedures provide adequate due process to affected

parties while affording the Debtors with the flexibility needed to be responsive to the Secured

Utility Companies within the limited 60-day period.  If approved, the Notice Procedures will

ultimately benefit both the Debtors and the Court by greatly easing the administrative burdens

which will otherwise result if the Debtors are forced to proceed by motion each time the Debtors

resolve a dispute with a Secured Utility Company.

18.    The Debtors will negotiate all proposed resolutions of the disputes with the

Secured Utility Companies in good faith and at arm's-length.

19.    Accordingly, the relief requested by the Debtors constitutes the sound exercise of

business judgment and is in the best interests of their estates and creditors.

## Notice

20.    Notice of the Motion has been provided to (a) counsel to the Office of the United

States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the

Creditors' Committee, and (d)  the other parties in interest named on the Master Service List

maintained in these cases.  The Debtors submit that no other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to enter into and effect the proposed resolutions, (b) approving the Notice Procedures, and (c) granting such other and further relief as the Court deems just and proper.

Dated: April 29, 2005

SMITH HULSEY & BUSEY                          SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM LLP

By____/s/ Cynthia C. Jackson___              By  /s/ D.J. Baker_____
Stephen D. Busey                             D.J. Baker

Cynthia C. Jackson                           Sally McDonald Henry
Florida Bar Number 117790                    Rosalie Walker Gray
Florida Bar Number 498882                    Four Times Square
225 Water Street, Suite 1800                 New York, NY 10036
Jacksonville, Florida  32202                 (212) 735-3000
(904) 359-7700                               (212) 735-2000 (facsimile)
(904) 359-7708 (facsimile)
                                             Attorneys for Debtors
Attorneys for Debtors