## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                      )    Case No. 05-03817-3F1
                                            )
WINN-DIXIE STORES, INC., et al.,            )    *Chapter 11*
                                            )
Debtors. [1]                                )    Jointly Administered
                                            )

### ORDER (A) ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM, (B) APPROVING PROOF OF CLAIM FORM, (C) APPROVING PROOF OF CLAIM FILING DEADLINE NOTICES, (D) APPROVING MAILING PROCEDURES, (E) CONDITIONALLY APPROVING PUBLICATION PROCEDURES AND (F) CONDITIONALLY PROVIDING CERTAIN SUPPLEMENTAL RELIEF

These cases came before the Court on the motion (the "Motion")[2] of Winn-Dixie

Stores, Inc. and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), (i) establishing the deadline or "bar date" by

which creditors must file proofs of claim against the Debtors, (ii) approving a tailored proof of

claim form to be distributed to creditors, (iii) approving the forms of notice to be used to inform

creditors of the bar date, (iv) approving mailing and publication procedures with respect to notice

of the bar date and (v) providing certain supplemental relief, all as more fully set forth in the

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Motion. The Court has jurisdiction to consider the Motion and the relief requested by the

Motion. It appears that the establishment of a date by which creditors must assert claims arising

prior to February 21, 2005 against the Debtors or be forever barred from voting on any plan of

reorganization or participating in any distributions from the Debtors' estates is necessary for the

prompt and efficient administration of these chapter 11 cases and to protect the interests of the

Debtors, their creditors and other parties in interest. It further appears upon representation of the

Debtors that the Official Committee of Unsecured Creditors reviewed and consented to all relief

sought in the Motion prior to its filing. It further appears that notification of the established bar

date in the manner proposed by the Debtors, as set forth in this Order, appears fair and

reasonable and will provide good, sufficient and proper notice to all creditors of their rights and

obligations in connection with claims they may have against the Debtors in these chapter 11

cases. It further appears that the immediate entry of this Order is necessary to facilitate the

logistics of providing notice of the bar date along with notice of the first meeting of creditors, but

that notwithstanding the consent by the Committee, certain aspects of the relief sought should be

conditionally granted subject to the opportunity for objection by other parties in interest.

Accordingly, after due deliberation and good and sufficient cause appearing therefor, it is

**ORDERED**:

1.    The Motion is granted subject to the provisions of this Order.

2.    Except as otherwise provided by this Order, each person or entity

(including, without limitation, each individual, partnership, joint venture, corporation, estate,

trust and governmental unit) that asserts a claim (as defined in 11 U.S.C. § 101(5)) against the

Debtors that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005 (the

2

"Petition Date") shall file an original, written proof of such claim, substantially in the form attached as <u>Exhibit A</u>, which form is approved, or in conformity with Official Form No. 10, so as to be received on or before 5:00 p.m. Eastern Time on August 1, 2005 (the "General Bar Date").

      3.     Pursuant to Bankruptcy Rule 3003(c)(3), and except as otherwise provided by this Order, a governmental unit (as such term is defined in 11 U.S.C. § 101(27)) that asserts a claim (as defined in 11 U.S.C. § 101(5)) against the Debtors that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005 shall file an original, written proof of such claim, substantially in the form of the Proof of Claim or in conformity with Official Form No. 10, so as to be received on or before August 22, 2005, at 5:00 p.m. Eastern Time (the "Government Bar Date").

      4.     The following procedure for the filing of proofs of claim shall apply:

      a.     Proofs of claim must conform substantially to Exhibit A or Form 10 of the Official Bankruptcy Forms;

      b.     Proofs of claim must be filed either by mailing or delivering the original proof of claim to the Winn-Dixie Claims Docketing Center, c/o Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043 (the "Claims Docketing Center");

      c.     Proofs of claim will be deemed timely filed only when <u>received</u> by the Claims Docketing Center on or before the General Bar Date or Government Bar Date, as applicable; and the Claims Docketing Center shall not accept proofs of claim sent by facsimile, telecopy, or other electronic means;

      d.     Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and

      e.     Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.

5.      On a conditional basis subject to paragraph 20, a claim shall not be disallowed simply because it is asserted by the creditor against the wrong Debtor; and the rights of all parties in interest to challenge the accuracy or propriety of the Debtors' designation of the particular Debtor against which claims are scheduled as set forth on the schedules of liabilities (the "Schedules"), as well as any designations by creditors on the proof of claim form of the particular Debtor against which their claims are asserted, are reserved.

6.      On a conditional basis subject to paragraph 20, any Proof of Claim that is filed without a designation of the specific Debtor against which the claim alleged in the Proof of Claim is asserted shall be deemed be a Proof of Claim against Winn-Dixie Stores, Inc. and the alleged claim shall be treated for all purposes as a claim against Winn-Dixie Stores, Inc., unless otherwise agreed by the Debtors, in consultation with the Creditors Committee, and the alleged claimant in a writing filed with the Court.  Any creditor asserting a claim against more than one of the Debtors shall file a separate Proof of Claim against each Debtor and a Proof of Claim that designates more than one Debtor shall be deemed to assert a claim only against Winn-Dixie Stores, Inc.

7.      The following persons or entities are not required to file a proof of claim:

a.      any person or entity that has already properly filed a proof of claim against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim or to Official Form No. 10;

b.      any person or entity (i) whose claim is listed on the Schedules (as the same may be amended), (ii) whose claim is not described in the Schedules as "disputed," "contingent," or "unliquidated," (iii) who does not dispute the amount, nature and priority of the claim as set forth in the Schedules, and (iv) who does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules.

c.      any person seeking to assert a claim under section 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

d.      any person or entity whose claim has been paid by the Debtors with authorization from this Court;

e.      any Debtor in these cases having a claim against another Debtor or any majority owned non-debtor subsidiary of any of the Debtors having a claim against any Debtor (the Debtors will rely on their intercompany account records);

f.      any person or entity (other than an indenture trustee) seeking to assert a claim for principal and interest due on any of the Debtors' 8-7/8% Senior Notes due 2008; provided, however, that any noteholder holding any other type of claim, or alleging damages or asserting causes of action based upon or arising from a note, must file a proof of claim by the General Bar Date;

g.      any person or entity seeking to assert only stock ownership interests in the Debtors; provided, however, that any stockholder holding any type of claim, or alleging damages or asserting causes of action based upon or arising from a stock interest, must file a proof of claim by the General Bar Date; and

h.      any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the General Bar Date.

8.      Proofs of claim for any rejection damages claims under 11 U.S.C. §§ 365(g) and 502(g) as a result of the Debtors' rejection of an executory contract or unexpired lease during these chapter 11 cases must be filed by the later of (a) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of this Court or pursuant to a notice under procedures approved by this Court and (b) the General Bar Date. Proofs of claim for any other claims arising on or prior to the time of filing on the Petition Date under or with respect to any leases or contracts of the Debtors must be filed by the General Bar Date.

9.      The Debtors may rely on the proofs of claim filed by the indenture trustee serving with respect to the Debtors' 8-7/8% Senior Notes due 2008, and noteholders shall not be required to file proofs of claim to evidence claims for the principal and interest due on the notes;

provided, however, that noteholders who have any other types of claim, or who are alleging damages or asserting causes of action based upon or arising from such notes, must file a proof of claim by the General Bar Date.

10.    The records of the Debtors' stock transfer agent shall provide prima facie evidence of the amount and validity of stock ownership interests in the Debtors, and stockholders shall not be required to file proofs of interest or proofs of claim to evidence their stock ownership interests in the Debtors; provided, however that stockholders who have any type of claim against the Debtors, or who are claiming damages or asserting causes of action based upon or arising from such stock ownership, must file a proof of claim by the General Bar Date.

11.    Any holder of a claim against the Debtors who is required to but fails to file a proof of claim for such claim in accordance with this Order on or before the General Bar Date or the Government Bar Date, as applicable, shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), subject to 11 U.S.C. § 726(a)(3); the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim; and such holder shall not be permitted to vote on any plan of reorganization or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim.

12.    Notice of the General Bar Date substantially in the form of the notice attached as Exhibit B (the "Bar Date Notice"), which Bar Date Notice is approved in all respects, shall be deemed good, adequate and sufficient notice if it is served by being deposited in the United States mail, first class postage prepaid, at least ninety (90) days prior to the General Bar Date, upon:

a.      the United States Trustee;

b.      the agent under the Debtors' prepetition credit facility;

c.      each member of the statutory committee of unsecured creditors appointed in these cases and the attorneys for such committee;

d.      all creditors and other known holders of claims as of the date of this Order, including all holders of claims listed on the Debtors' Schedules at the addresses stated therein;

e.      all parties to executory contracts and unexpired leases of the Debtors;

f.      all parties to litigation with the Debtors;

g.      all record or otherwise readily known holders of the Debtors' 8-7/8% Senior Notes due 2008;

h.      all record or otherwise readily known holders of the Debtors' stock;

i.      all current and recent former employees of the Debtors;

j.      the Internal Revenue Service and all known taxing authorities for the jurisdictions in which the Debtors do business;

k.      the Securities and Exchange Commission;

l.      all persons and entities set forth on the Master Service List as of the date of entry of this Order; and

m.      such additional persons and entities as deemed appropriate by the Debtors.

13.      With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form attached as Exhibit A, indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

14.     On a conditional basis subject to paragraph 20, so long as the initial mailing of the Bar Date Notice occurs at least ninety (90) days prior to the General Bar Date as provided above, the Debtors may make supplemental mailings of the Bar Date Notice up to twenty-three (23) days in advance of the General Bar Date or the Government Bar Date, as applicable, as may be necessary in situations where (a) notices are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (b) certain parties acting on behalf of parties in interest (e.g., banks and brokers with respect to noteholders and stockholders) decline to pass along notices to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as a result of the noticing process.

15.     On a conditional basis subject to paragraph 20, pursuant to Fed. R. Bankr. R. 2002(1), the Debtors shall publish a bar date notice substantially in the form attached as Exhibit C (the "Publication Notice"), at least sixty (60) days before the General Bar Date, in The Florida Times-Union, the national edition of The Wall Street Journal, and newspapers covering certain principal jurisdictions in which the Debtors have conducted business, including Alabama, Florida, Georgia, Louisiana, Mississippi, North Carolina, South Carolina, Tennessee and Virginia; and other relevant newspapers as deemed appropriate by the Debtors. Such publication is approved in all respects and is deemed good and sufficient notice of the General Bar Date upon all creditors, stockholders and other parties in interest.

16.     On a conditional basis subject to paragraph 20, with the consent of the Creditors Committee, the Debtors are permitted to establish special bar dates with respect to (a) creditors whose claims were not previously included in the Schedules but are added by

amendment or creditors whose claims were previously included in the Schedules but are

prejudicially changed as to amount, status or designation by amendment (the "Schedule

Amendment Creditors"); (b) any subsequently identified potential claimants who may not be

included in the amendments to the Schedules because the Debtors do not believe they owe

amounts or otherwise have liability to such claimants but as to which the Debtors do not desire to

risk the argument that any claims alleged by such claimants are not barred due to failure to give

actual notice of a bar date (the "Subsequently Identified Claimants"), and (c) parties who were

initially mailed the Bar Date Notice but as to which a remailing (e.g. in the case of post office

returns with forwarding addresses) or a direct mailing (e.g. in the case of noteholders or

stockholders whose banks and brokers declined to effect the mailing) is necessary and cannot be

done at least twenty-three (23) days before the General Bar Date or Government Bar Date, as

applicable (the "Initial Mailing Parties"), as follows:

>    a.    with respect to the Schedule Amendment Creditors, the Debtors
> shall provide notice of any amendment to the affected creditors, with an opportunity for
> such creditors to file a proof of claim if they disagree with the amendment; and such
> notice shall substantially take the form of the Bar Date Notice (with necessary changes to
> reflect the fact that the notice is given as a result of amendments to the Schedules), shall
> be mailed to affected creditors within ten (10) days after the filing of the amendments,
> and shall specify a special bar date of at least twenty-three (23) days after the date of
> mailing for the filing of proofs of claim;

>    b.    with respect to the Subsequently Identified Claimants and the
> Initial Mailing Parties, the Debtors shall provide notice of each special bar date in
> substantially the form of the Bar Date Notice (with necessary changes to reflect the
> special bar date provisions) and shall mail such notice no later than twenty-three (23)
> days in advance of the special bar date specified in the notice;

>    c.    the Debtors shall advise this Court of the establishment of each
> special bar date by filing a notice thereof, to which shall be attached a list that
> specifically identifies the Schedule Amendment Creditors, the Subsequently Identified
> Claimants and the Initial Mailing Parties that are subject thereto and a copy of the bar
> date notice applicable to the special bar date; and the Debtors shall serve such notice and

attachments upon counsel for the United States Trustee, the agent under the Debtors' prepetition credit facility and the official committee of unsecured creditors;

       d.     the Debtors shall evidence the mailing of each special bar date notice to the Schedule Amendment Creditors, the Subsequently Identified Claimants or the Initial Mailing Parties subject thereto by filing a certificate of service with respect thereto; and

       e.     each of the special bar dates will apply only to the Schedule Amendment Creditors, the Subsequently Identified Claimants or the Initial Mailing Parties who are specifically identified as being subject thereto in the lists to be filed with this Court; provided, however, as to any of such specifically identified parties who may be found to have received effective notice of the General Bar Date or the Government Bar Date, the Debtors do not waive the right to assert that the General Bar Date or the Government Bar Date rather than the special bar date is applicable; and provided further, however, that notwithstanding the establishment of any special bar date, the General Bar Date and the Government Bar Date shall remain effective and shall be fully enforceable both with respect to known parties who have received actual notice thereof pursuant to the Bar Date Notice and with respect to unknown parties who are deemed to have received constructive notice thereof pursuant to the Publication Notice.

       17.     On a conditional basis subject to paragraph 20, Logan & Company, Inc. ("Logan") is authorized to retain and pay third party service providers, subject to approval from the Debtors in consultation with the Creditors Committee, to the extent necessary to insure proper preparation and distribution of the Bar Date Notice and Proof of Claim in accordance with this Order, and is authorized to be reimbursed by the Debtors for any payments made to such service providers on the same terms that it is paid for direct services; provided, however, that no such payment shall be made to the extent violative of the Debtors' postpetition credit facility or the order approving such facility.

       18.     On a conditional basis subject to paragraph 20, the Debtors and Logan are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order, including the payment of costs incurred in connection with the bar date noticing process; provided, however, that no such payment shall be

made to the extent violative of the Debtors' postpetition credit facility or the order approving such facility.

19.    On a conditional basis subject to paragraph 20, notification of the General Bar Date and Government Bar Date as provided by this Order is fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations in connection with any claims they may have against the Debtors in these chapter 11 cases.

20.    The relief provided in paragraphs 5, 6, 14, 15, 16, 17, 18 and 19 is conditionally granted.  The Debtors shall provide electronic notice of this Order to all parties in interest on the Master Service List.  Such parties in interest shall have fifteen (15) days from the date of service in which to object to such relief.  Any such objection shall be in writing and shall state with specificity the grounds for objection.  In addition, any such objection (a) shall be filed with the Clerk of the Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) shall be served on (i) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com and (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.  Any timely objections shall be heard by this Court at the omnibus hearing scheduled for May 19, 2005, at 1:00 p.m.  In the absence of timely objections, the relief provided in paragraphs 5, 6, 14, 15, 16, 17, 18 and 19 shall be deemed to have been finally granted without need for further order of this Court.

DATED this 28 day of April 2005, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Exhibit A**

**PROOF OF CLAIM FORM**

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>**PROOF OF CLAIM** | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

**Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered**

Your claim is scheduled as follows:

[To be completed by Logan]

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: _____  Case No. _____
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

[To be completed by Logan]

Telephone No. of Creditor

Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if: ☐ replaces address above ☐ additional address

Name: _____

Company/Firm: _____

Address: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

This Space Is For Court Use Only

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from
_____ to _____
(date)                     (date)

**2. Date debt was incurred:**

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**

$_____   $_____   $_____   $_____
(unsecured)      (secured)       (priority)        (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:<br><br>Print:_____ Title:_____<br><br>Signature:_____ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Form B10 (Official Form 10) (04/04)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

PLEASE READ THE PROOF OF CLAIM FORM CAREFULLY AND FILL IT IN COMPLETELY AND ACCURATELY. PRINT LEGIBLY. YOUR CLAIM MAY BE DISALLOWED IF IT CANNOT BE READ AND UNDERSTOOD. THE PROOF OF CLAIM MUST BE COMPLETED IN ENGLISH. THE AMOUNT OF ANY CLAIMS MUST HAVE ARISEN ON OR PRIOR TO THE FILING OF THE CHAPTER 11 PETITIONS ON FEBRUARY 21, 2005, AND MUST BE DENOMINATED IN UNITED STATES CURRENCY.

The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.

## — DEFINITIONS —

**Debtor**
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or with a designated agent of the court.

**Secured Claim**
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

**Unsecured Claim**
If a claim is not a secured claim, it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

## ITEMS TO BE COMPLETED IN PROOF OF CLAIM FORM (If Not Already Filled In)

**Name of Debtor and Case Number:**
Fill in the name of the Debtor against which you assert a claim, as well as the Case Number applicable to such Debtor. The Debtors' Names and Case Numbers are listed below.

| | |
|---|---|
| Winn-Dixie Stores, Inc. | Case No. 05-03817-3F1 |
| Dixie Stores, Inc. | Case No. 05-03818-3F1 |
| Table Supply Food Stores Co., Inc. | Case No. 05-03819-3F1 |
| Astor Products, Inc. | Case No. 05-03820-3F1 |
| Crackin' Good, Inc. | Case No. 05-03821-3F1 |
| Deep South Distributors, Inc. | Case No. 05-03822-3F1 |
| Deep South Products, Inc. | Case No. 05-03823-3F1 |
| Dixie Darling Bakers, Inc. | Case No. 05-03824-3F1 |
| Dixie-Home Stores, Inc. | Case No. 05-03825-3F1 |
| Dixie Packers, Inc. | Case No. 05-03826-3F1 |
| Dixie Spirits, Inc. | Case No. 05-03827-3F1 |
| Economy Wholesale Distributors, Inc. | Case No. 05-03828-3F1 |
| Foodway Stores, Inc. | Case No. 05-03829-3F1 |
| Kwik Chek Supermarkets, Inc. | Case No. 05-03830-3F1 |
| Sunbelt Products, Inc. | Case No. 05-03831-3F1 |
| Sundown Sales, Inc. | Case No. 05-03832-3F1 |
| Superior Food Company | Case No. 05-03833-3F1 |
| WD Brand Prestige Steaks, Inc. | Case No. 05-03834-3F1 |
| Winn-Dixie Handyman, Inc. | Case No. 05-03835-3F1 |
| Winn-Dixie Logistics, Inc. | Case No. 05-03836-3F1 |
| Winn-Dixie Montgomery, Inc. | Case No. 05-03837-3F1 |
| Winn-Dixie Procurement, Inc. | Case No. 05-03838-3F1 |
| Winn-Dixie Raleigh, Inc. | Case No. 05-03839-3F1 |
| Winn-Dixie Supermarkets, Inc. | Case No. 05-03840-3F1 |

(NOTE: If you have a claim against more than one of the Debtors, you must file a separate proof of claim against each Debtor. If your proof of claim fails to designate the Debtor against which you have a claim, your claim will be deemed to be a claim against Winn-Dixie Stores, Inc. If your proof of claim designates more than one Debtor, your claim will be deemed to be a claim only against Winn-Dixie Stores, Inc.)

**Information about Creditor:** Complete the section giving the name, address, telephone number, fax number, and e-mail address (if any) of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form. **Please note that all future correspondence sent by Logan & Company, Inc. will be mailed to the pre-printed address as listed in Box A on the reverse side, unless you indicate and change the address on the reverse side. Further future mailings will be sent to the attention of the signatory on the reverse side of this Proof of Claim.**

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim." (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount not entitled to priority.

**7. Unsecured Priority Claim**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above.) A claim may be partly priority and partly a nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.
DO NOT SEND ORIGINAL SUPPORTING DOCUMENTS, ORIGINAL GIFT CERTIFICATES/GIFT CARDS, ETC.

THE ORIGINAL OF THIS PROOF OF CLAIM FORM MUST BE SENT SO THAT IT IS **RECEIVED** ON OR BEFORE **5:00 P.M. EASTERN TIME, AUGUST 1, 2005.** SEND THE COMPLETED PROOF OF CLAIM FORM BY U.S. MAIL, COURIER SERVICE, HAND DELIVERY OR OVERNIGHT SERVICE TO: **WINN-DIXIE CLAIMS DOCKETING CENTER, c/o LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043.** PROOFS OF CLAIM MAY <u>NOT</u> BE SENT BY FACSIMILE, TELECOPY, OR OTHER ELECTRONIC MEANS.

**<u>Exhibit B</u>**

**<u>BAR DATE NOTICE</u>**

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>**Winn-Dixie Stores, Inc., et al.,**<br><br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
### ON OR BEFORE AUGUST 1, 2005, AT 5:00 P.M. EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE FOLLOWING DEBTORS:

| Debtor | Other Names Used | Address | Tax I.D. | Case No. |
|---|---|---|---|---|
| Winn-Dixie Stores, Inc. | The Marketplace, Winn-Dixie Marketplace, SaveRite, Jitney Jungle, Thriftway, Sack n' Save, Grocery Bargain Depot, Dixie Spirits | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 | 05-03817-3F1 |
| Dixie Stores, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 | 05-03818-3F1 |
| Table Supply Food Stores Co., Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 | 05-03819-3F1 |
| Astor Products, Inc. | N/A | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 | 05-03820-3F1 |
| Crackin' Good, Inc. | N/A | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 | 05-03821-3F1 |
| Deep South Distributors, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 | 05-03822-3F1 |
| Deep South Products, Inc. | N/A | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 | 05-03823-3F1 |
| Dixie Darling Bakers, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 | 05-03824-3F1 |
| Dixie-Home Stores, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 | 05-03825-3F1 |
| Dixie Packers, Inc. | N/A | State Rd. 53 South, Jacksonville, Florida 32340 | 59-1288553 | 05-03826-3F1 |
| Dixie Spirits, Inc. | N/A | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 | 05-03827-3F1 |
| Economy Wholesale Distributors, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 | 05-03828-3F1 |
| Foodway Stores, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 | 05-03829-3F1 |
| Kwik Chek Supermarkets, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 | 05-03830-3F1 |
| Sunbelt Products, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 | 05-03831-3F1 |
| Sundown Sales, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 | 05-03832-3F1 |
| Superior Food Company | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 | 05-03833-3F1 |
| WD Brand Prestige Steaks, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 | 05-03834-3F1 |
| Winn-Dixie Handyman, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 | 05-03835-3F1 |
| Winn-Dixie Logistics, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 | 05-03836-3F1 |
| Winn-Dixie Montgomery, Inc. | Winn-Dixie Atlanta, Inc., Winn-Dixie Louisiana, Inc., Buddies, Pump n' Save, Dixie Spirits | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 | 05-03837-3F1 |
| Winn-Dixie Procurement, Inc. | Monterey Canning Co. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 | 05-03838-3F1 |
| Winn-Dixie Raleigh, Inc. | Save Rite Grocery Warehouse, Inc., Winn-Dixie Charlotte, Inc. | 833 Shotwell Road, Clayton, NC 27520 | 56-0670665 | 05-03839-3F1 |
| Winn-Dixie Supermarkets, Inc. | N/A | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 | 05-03840-3F1 |

PLEASE TAKE NOTICE THAT:

1.   **CASE FILING**.  On February 21, 2005, Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.  By order dated April 13, 2005, venue of these cases was transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court").  Their cases are being jointly administered under Case No. 05-03817-3F1.

2.   **PROTECTIONS AFFORDED TO THE DEBTORS.**  Under the Bankruptcy Code, the Debtors are granted certain protections against creditors. A creditor is anyone to whom the Debtors owe money or property. Creditors are prohibited from taking any actions to collect money or

property from the Debtors. CREDITORS WHO OWE AMOUNTS TO THE DEBTORS ARE REQUIRED TO PAY SUCH AMOUNTS, EVEN THOUGH THE DEBTORS OWE MONEY OR PROPERTY TO THE CREDITORS; AND CREDITORS MAY NOT SET OFF AMOUNTS THEY OWE TO THE DEBTORS AGAINST AMOUNTS OWED BY THE DEBTORS TO THEM WITHOUT SPECIFIC AUTHORIZATION FROM THE COURT. If unauthorized actions are taken by a creditor against the Debtors, the Court may penalize that creditor. A creditor who is considering taking action against the Debtors, or property of the Debtors, may wish to consult an attorney. The staff of the clerk of the Court is not permitted to give legal advice.

3.   **ENTRY OF THE BAR DATE ORDER**. By order of this Court entered on _____, 2005 (the "Bar Date Order"), the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file proofs of claim against the Debtors is **August 1, 2005, at 5:00 p.m. Eastern Time** (the "Bar Date"). The Bar Date and the procedures set forth below for the filing of proofs of claim apply to all claims against the Debtors that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005.

4.   **WHO MUST FILE A PROOF OF CLAIM.** You MUST file a proof of claim if you have a claim that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005, and it is not one of the types of claims described in section 5 below. Acts or omissions of the Debtors that occurred on or prior to the filing of the chapter 11 petitions on February 21, 2005, may give rise to claims against the Debtors notwithstanding that such claims may not have matured or become fixed or liquidated prior to such date. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

5.   **WHO NEED NOT FILE A PROOF OF CLAIM**. You should <u>not</u> file a proof of claim if:

A.   You have <u>already</u> properly filed a proof of claim against the Debtors utilizing a claim form that substantially conforms to the attached proof of claim form or to Official Form No. 10;

B.   Your claim is listed on the Debtors' Schedules (as defined below) <u>and</u> is not described in the Debtors' Schedules as "disputed," "contingent," or "unliquidated."

C.   Your claim is listed on the Debtors' Schedules (as defined below) <u>and</u> you do not dispute the amount or nature of your claim as set forth in the Debtors' Schedules or that the claim is an obligation of the specific Debtor against which the claim is listed in the Debtors' Schedules;

D.   You are asserting a claim under section 507(a) of the Bankruptcy Code as an administrative expense of the Debtors' chapter 11 cases;

E.   Your claim has already been paid by the Debtors with authorization of the Court;

F.   You are a person or entity (other than an indenture trustee) seeking to assert a claim for principal and interest due on any of the Debtors' 8-7/8% Senior Notes due 2008 (the Debtors will rely on the proof of claim filed by the indenture trustee) (however, if you hold any other type of claim, or are alleging damages or asserting causes of action based upon or arising from your note, you must file a proof of claim by the Bar Date);

G.   You are a person or entity seeking to assert only stock ownership interests in the Debtors (the Debtors will rely on the records of the stock transfer agent for evidence of stock holdings) (however, if you hold a claim of any kind, or are alleging damages or asserting causes of action based upon or arising from your stock ownership interests, you must file a proof of claim by the Bar Date); or

H.   You hold a claim that has been allowed by an order of the Court entered on or before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST ONE OF THE DEBTORS, OR IF THE CLAIM YOU HELD ON OR PRIOR TO THE FILING OF THE CHAPTER 11 PETITIONS ON FEBRUARY 21, 2005 HAS BEEN PAID. THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

6.   **WHAT TO FILE.** If you file a proof of claim, your filed proof of claim must (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform substantially with the enclosed proof of claim form or to Official Form No. 10, and (d) include supporting documentation (if voluminous, attach a summary). If a proof claim form is not enclosed herewith, you may obtain a proof of claim form from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.loganandco.com or by written request to Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey, 07043, faxed to (973) 509-3191 or sent by email to winninfo@loganandco.com. YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED.

If you have a claim against more than one of the Debtors, you must file a separate proof of claim against each Debtor. If your proof of claim fails to designate the Debtor against which you have a claim, your claim will be deemed to be a claim against Winn-Dixie Stores, Inc. If your proof of claim designates more than one Debtor, your claim will be deemed to be a claim only against Winn-Dixie Stores, Inc.

7.   **WHEN AND WHERE TO FILE.** Except as provided for herein, proofs of claim must be filed so as to be received on or before 5:00 p.m. Eastern Time on August 1, 2005, at the following address (the "Claims Docketing Center"):

**Winn-Dixie Claims Docketing Center c/o Logan & Company, Inc.,**
**546 Valley Road, Upper Montclair, New Jersey 07043**

A proof of claim will be deemed timely filed only if the original proof of claim is <u>actually received</u> by the Claims Docketing Center on or before the Bar Date. Proofs of claim may <u>not</u> be sent by facsimile, telecopy, or other electronic means.

8. <u>**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**</u>. If you wish to submit a rejection damages claim arising from the Debtors' rejection of an executory contract or unexpired lease during these chapter 11 cases, such proof of claim must be filed by the later of (a) thirty days after the effective date of rejection of such executory contract or unexpired lease as provided by an order of the Court or (b) the Bar Date. Any other claims arising on or prior to the filing of the chapter 11 petitions on February 21, 2005 with respect to any leases or contracts of the Debtors must be filed by the Bar Date.

9. <u>**CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**</u>. **EXCEPT WITH RESPECT TO CLAIMS OF THE TYPE SET FORTH IN SECTION 5 ABOVE, ANY CREDITOR WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE 5:00 P.M. EASTERN TIME ON AUGUST 1, 2005, FOR ANY CLAIM SUCH CREDITOR HOLDS OR WISHES TO ASSERT AGAINST THE DEBTORS, WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM) AGAINST THE DEBTORS, AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

10. <u>**THE DEBTORS' SCHEDULES AND ACCESS THERETO**</u>. You may be listed as the holder of a claim against the Debtors in the Debtors' Schedules of Liabilities, as the same may be amended from time to time (as amended, the "Debtors' Schedules"). To determine if and how you are listed on the Debtors' Schedules, if a proof of claim form is enclosed herewith, please refer to the proof of claim form, near the top of the right hand side of the first page, for scheduled claim information.

Copies of the Debtors' Schedules and the Bar Date Order may be viewed at <u>www.loganandco.com</u>. Copies of the Debtors' Schedules may also be examined by interested parties between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, at the office of the Clerk of the Bankruptcy Court, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202 or by appointment during regular business hours at the offices of the attorneys for Winn-Dixie Stores, Inc., et al.: Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York (Attn: Luisa Bonachea, 212-735-5152.)

11. <u>**TO GOVERNMENTAL UNITS ONLY**</u>. If you are a governmental unit (as such term is defined in section 101(27) of the Bankruptcy Code), consistent with section 502(b)(9) of the Bankruptcy Code, you may file a timely proof of claim up to, but not later than, 5:00 p.m. Eastern Time on August 22, 2005.

12. <u>**FURTHER INFORMATION**</u>. If you have any questions concerning the filing, amount, nature, or processing of a proof of claim, please call 1-800-224-7654 or email winninfo@loganandco.com. **YOU SHOULD CONSULT YOUR ATTORNEY REGARDING ANY OTHER INQUIRIES, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.** <u>**DO NOT ATTEMPT TO CONTACT THE COURT FOR ADVICE.**</u>

DATED: _____, 2005

**BY ORDER OF THE COURT:**
**Jerry A. Funk, United States Bankruptcy Judge**

<u>Co-Counsel for Debtors</u>:
D. J. Baker, Sally McDonald Henry and Rosalie W. Gray
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square, New York, New York 10036-6522
Telephone number: (212) 735-5152; Fax number: (917) 777-2150

Stephen D. Busey, James H. Post and Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800, Jacksonville, Florida 32202

**Exhibit C**

**PUBLICATION NOTICE**

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | |
| **Winn-Dixie Stores, Inc., et al.,** | Case No. 05-03817-3F1 |
| Debtors. | Chapter 11 |
| | Jointly Administered |

## NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF CLAIM
## ON OR BEFORE AUGUST 1, 2005, AT 5:00 P.M. EASTERN TIME

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF: <u>Winn-Dixie Stores, Inc.</u> (f/k/a The Marketplace, Winn-Dixie Marketplace, SaveRite, Jitney Jungle, Thriftway, Sack n' Save, Grocery Bargain Depot, Dixie Spirits); <u>Dixie Stores, Inc.; Table Supply Food Stores Co., Inc.; Astor Products, Inc.; Crackin' Good, Inc.; Deep South Distributors, Inc.; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Spirits, Inc.; Economy Wholesale Distributors, Inc.; Foodway Stores, Inc.; Kwik Chek Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Company; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics, Inc.; Winn-Dixie Montgomery, Inc.</u> (f/k/a Winn-Dixie Atlanta, Inc., Winn-Dixie Louisiana, Inc., Buddies, Pump n' Save, Dixie Spirits); <u>Winn-Dixie Procurement, Inc.</u> (f/k/a Monterey Canning Co.); <u>Winn-Dixie Raleigh, Inc.</u> (f/k/a Save Rite Grocery Warehouse, Inc., Winn-Dixie Charlotte, Inc.); <u>Winn-Dixie Supermarkets, Inc.</u> (collectively, the "Debtors"):

PLEASE TAKE NOTICE that, pursuant to an order of this Court approved on _____, 2005 (the "Bar Date Order"), and in accordance with Bankruptcy Rule 3003(c), all persons and entities, including individuals, partnerships, estates and trusts (except those persons or entities that are excused by the terms of the Bar Date Order) who have a claim or potential claim against any of the above-listed Debtors that arose on or prior to the filing of the chapter 11 petitions on February 21, 2005, no matter how remote or contingent such claim may be, MUST FILE A PROOF OF CLAIM on or before **5:00 p.m. Eastern Time, on August 1, 2005** (the "Bar Date"), by mailing or delivering an original proof of claim to **Winn-Dixie Claims Docketing Center, c/o Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043,** so that it is actually received on or before the Bar Date. Proofs of claim sent by facsimile, telecopy, or other electronic means will <u>not</u> be accepted. A proof of claim form may be obtained from any bankruptcy court clerk's office, from your lawyer, from certain business supply stores, from www.loganandco.com, or by written request to Logan & Company, Inc., mailed to the address above, faxed to (973) 509-3191 or sent by email to winninfo@loganandco.com.

ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING ANY CLAIM (OR FILING A PROOF OF CLAIM WITH RESPECT TO ANY CLAIM) AGAINST THE DEBTORS; AND SUCH HOLDER SHALL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION OR PARTICIPATE IN ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF ANY SUCH CLAIM, OR TO RECEIVE FURTHER NOTICES REGARDING ANY SUCH CLAIM.

A copy of the Bar Date Order may be viewed at www.loganandco.com, or obtained from the attorneys for Winn-Dixie Stores, Inc., et al.: Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522, Telephone: 212-735-5152. For additional information concerning the Bar Date please call 1-800-224-7654 or email winninfo@loganandco.com.

**BY ORDER OF THE COURT**
**Jerry A. Funk, United States Bankruptcy Judge**

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: Apr 28, 2005
Case: 05-03817                Form ID: pdfdoc         Total Served: 2


The following entities were served by first class mail on Apr 30, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
            Jacksonville, FL 32202-4494

The following entities were served by electronic transmission on Apr 29, 2005 and receipt of the transmission
was confirmed on:
ust        +E-mail: ustp.region21.or.ecf@usdoj.gov Apr 29 2005 03:01:25     United States Trustee - JAX,
            135 W. Central Blvd., Suite 620,   Orlando, FL 32801-2476
                                                                                        TOTAL: 1

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 30, 2005**                        **Signature:**        *Joseph Speetjens*