**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING**

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **May 19, 2005, at 1:00**

**p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States

Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom

4D, Jacksonville, Florida 32202, to consider approval of the following applications:

1.  Application for Authority to Retain The Blackstone Group, L.P. as Financial Advisors (Dkt. No. 25) (Interim Order approving Application entered by the New York Court on March 4, 2005);

2.  Application for Authority to Employ XRoads Solutions Group LLC as Financial and Operations Restructuring Consultants (Dkt. No. 26) (Interim Order approving Application enterd by the New York Court on March 29, 2005);

3.  Application of the Debtors Pursuant to Sections 327(A) of the Bankruptcy Code and Rule 2014(A) of the Federal Rules of Bankruptcy Procedure Authorizing the Employment and Retention of Togut, Segal & Segal LLP as Conflicts Counsel for the Debtors and Debtors in Possession (Dkt. No.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

411) (Interim Order approving Application entered by the New York Court on March 31, 2005);

4.    Application for Authority to Retain PricewaterhouseCoopers LLP to Provide Certain Sarbanes-Oxley Compliance and Other Services to the Debtors (Dkt. No. 487);

5.    Application for Authority to Employ KPMG LLP as Auditors, Accountants, and Tax Advisors (Dkt. No. 488);

6.    Application for Authority to Retain Carlton Fields, P.A. as Special Real Estate Litigation Counsel to the Debtors (Dkt. No. 489);

7.    Application to Employ Application for Authority to Retain Bain & Company, Inc. to Provide Finance Group Support Services (Dkt. No. 536);

8.    Application of Official Committee of Unsecured Creditors for Order Under 11 U.S.C. §§ 328(a) and 1103, Fed. R. Bankr. P. 2014, and S.D.N.Y. LBR 2014-1, Authorizing Employment and Retention of Houlihan Lokey Howard & Zukin Capital as its Financial Advisor as of March 3, 2005 (Dkt. No. 562) (scheduled for hearing on May 6, 2005; if then approved, this matter will not go forward on May 19, 2005); and

9.    Application of Official Committee of Unsecured Creditors for Order Under 11 U.S.C. §§ 328(a) and 1103, Fed. R. Bankr. P. 2014, and S.D.N.Y. LBR 2014-1, Authorizing Employment and Retention of Alvarez & Marsal, LLC as its Operations and Real Estate Advisor as of March 4, 2005 (Dkt. No. 564) (scheduled for hearing on May 6, 2005; if then approved, this matter will not go forward on May 19, 2005).

Except as otherwise agreed by the Debtors, the Official Committee of Unsecured Creditors and the Office of the United States Trustee, the respective deadlines for filing objections to the above referenced applications remain unchanged from the deadlines indicated in prior notices, which deadlines have expired. Only objections filed by the applicable objection deadline or as so agreed will be considered by the Bankruptcy Court at the hearing.

3

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.


Dated:  May 2, 2005

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM, LLP

By    */s/ D. J. Baker*                          By    */s/ Cynthia C. Jackson*
      D. J. Baker                                      Stephen D. Busey
      Sally McDonald Henry                             James H. Post
      Rosalie Walker Gray                              Cynthia C. Jackson (Bar #498882)

Four Times Square                              225 Water Street, Suite 1800
New York, New York 10036                       Jacksonville, Florida  32202
(212) 735-3000                                 (904) 359-7700
(917) 777-2150 (facsimile)                     (904) 359-7708 (facsimile)

994046.02-New York Server 7A - MSW