UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.[1]

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

_____/

APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., et al., UNDER
11 U.S.C. §1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR
ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF AKERMAN SENTERFITT AS CO-COUNSEL,
NUNC PRO TUNC TO APRIL 22, 2005

The Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, "Winn-Dixie" or the "Debtors"), moves the Court for entry of an Order authorizing the Committee to retain and employ the law firm of Akerman Senterfitt ("Akerman"), effective as of April 22, 2005, as local counsel and co-counsel for the Committee in the above-captioned cases, pursuant to Section 1103(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 5002, Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2090-1, and respectfully represents as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn Dixie Supermarkets, Inc.

{JA233426;5}

## I. BACKGROUND

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 1, 2005, the United States Trustee appointed the Committee and designated the following seven members to serve: (i) Capital Research & Management Company; (ii) Deutsche Bank Trust Company Americas; (iii) Kraft Foods Global, Inc., (iv) New Plan Excel Realty Trust, Inc., (v) OCM Opportunities Fund V, L.P.; (vi) Pepsico & Subsidiaries; and (vii) R2 Investments, LDC. At its organizational meeting, the Committee selected the law firm Milbank, Tweed, Hadley & McCloy, LLP ("Milbank") as counsel to represent it during the pendency of Winn-Dixie's Chapter 11 cases. By Order of the New York Bankruptcy Court dated April 12, 2005, the Committee was authorized to retain and employ Milbank.

3. By Order entered on April 13, as amended on April 14, 2005, the Debtors' cases were transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1412 and Rule 1014(a)(1), Federal Rules of Bankruptcy Procedure.

4. Pursuant to this Court's Amended Order Upon Transfer of Venue dated April 19, 2005, Orders entered by the New York Bankruptcy Court within the Debtors' Chapter 11 cases remain in full force and effect before this Court unless otherwise ordered by this Court consistent with the powers inherent in any bankruptcy court. The Order requires out-of-state

attorneys to comply with Local Bankruptcy Rule 2090-1, which requires, *inter alia*, a member of the bar of the Middle District of Florida, resident in Florida, to be responsible for the progress of the case. As set forth in the Macdonald Affidavit (as hereinafter defined), John B. Macdonald of Akerman has agreed to be designated by Milbank to be its requisite designee.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. The statutory predicates for the relief sought herein are Section 1103(a) and (b) of the Bankruptcy Code and Bankruptcy Rules 2014 and 5002.

## II. RETENTION OF AKERMAN

### Services to be Provided by Akerman

6. The Committee respectfully submits that it will be necessary to employ and retain Akerman as local counsel and co-counsel with Milbank pursuant to Section 1103(a) of the Bankruptcy Code to render the following services, among others, to the extent specifically directed by the Committee:

    (a) advise the Committee with respect to its rights, powers and duties in these cases;

    (b) assist and advise the Committee in its consultations with the Debtors regarding the administration of these cases;

    (c) assist the Committee in analyzing the claims of Winn-Dixie's creditors and in negotiating with such creditors;

    (d) assist with the Committee's investigation of the acts, conduct, assets, liabilities, and financial condition of Winn-Dixie and of the operation of its businesses;

    (e) assist the Committee in its analysis of, and negotiations with, the Debtors or any third party concerning matters related to, among other things, the terms of a Chapter 11 Plan or

{JA233426;5}    3

        Plans for the Debtors;

(f)    assist and advise the Committee with respect to its communications with the general creditor body regarding significant matters in these cases;

(g)    represent the Committee at all hearings and other proceedings;

(h)    review and analyze all applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

(i)    assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

(j)    perform such other legal services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

7.    The Committee expects that Akerman and Milbank will institute appropriate procedures to ensure no duplication of services.

8.    The Committee believes that Akerman possesses extensive knowledge and expertise in the areas of law relevant to these cases, and that Akerman is well qualified to represent the Committee. In selecting its local counsel, the Committee sought counsel with offices in the Middle District of Florida with experience in representing creditors' committees in large Chapter 11 cases and other debt-restructuring scenarios. Akerman has such experience, having represented a number of creditors and creditors' committees in significant reorganizations under Chapter 11 of the Bankruptcy Code before this Court and others.

### Disclosure Concerning Conflicts of Interest

9. To the best of the Committee's knowledge, information and belief, and based on the annexed Affidavit of John B. Macdonald, a partner in Akerman's Insolvency and Creditors' Rights Practice Group (the "Macdonald Affidavit"), Akerman does not represent any other entity having an adverse interest to the Committee or to the Debtors' estates in connection with these Chapter 11 Cases, except as set forth in the Macdonald Affidavit.

10. As set forth in the Macdonald Affidavit, Akerman has been engaged by Winn-Dixie as an Ordinary Course Professional within the Chapter 11 Cases for the performance of legal work in connection with certain labor and employment matters and regulatory matters unrelated to the Chapter 11 Cases. Winn-Dixie and Akerman have agreed that, upon approval of this Application, Akerman shall withdraw from all representation of Winn-Dixie in existing matters, with the exception of certain regulatory and administrative work being performed solely by Akerman's office in Tallahassee, Florida. Akerman has agreed thereupon to implement and maintain a "Screening Wall" between those of Akerman's professionals in its Tallahassee office performing regulatory and administrative legal services for Winn-Dixie and those Akerman professionals performing services for the Committee in connection with these Chapter 11 Cases on all matters for which such professionals are performing services for Winn-Dixie or the Committee, respectively. Subject to that undertaking Winn-Dixie has agreed to permit Akerman to represent the Committee, while at the same time performing regulatory and administrative legal work for Winn-Dixie unrelated to these Chapter 11 Cases solely through Akerman's Tallahassee office, and Winn-Dixie has otherwise agreed to waive any and all conflicts of interest arising by reason of Akerman's representation of the Committee, notwithstanding Akerman's prior representation of Winn-Dixie in unrelated legal matters and notwithstanding

Akerman's continuing provision of legal services for Winn-Dixie through its Tallahassee office. The Committee has similarly agreed to waive any conflicts of interest arising by reason of such representation.

11.     As set forth in the Macdonald Affidavit, Akerman currently represents Wachovia Bank, N.A., the administrative and collateral agent under the Debtors' Pre-Petition Credit Agreement, as well as the agent under the Debtors' DIP Credit Agreement, on matters unrelated to these Chapter 11 Cases. Akerman has obtained from Wachovia a waiver of all conflicts of interest to allow it to represent the Committee in these Chapter 11 Cases, subject to limitations which would require the Committee to seek to retain different counsel to represent the Committee in connection with any litigation against Wachovia.

12.     As set forth in the Macdonald Affidavit, as of the Petition Date, AmSouth Bank, through its AmSouth Management Group Division, was and remains a secured creditor of the Debtors under an Application and Agreement for Stand-by Letter of Credit (the "AmSouth Letter of Credit"). Although Akerman has for many years performed legal services for AmSouth Bank in many transactional and contested matters, Akerman has not represented AmSouth Bank in any manner with respect to the AmSouth Letter of Credit, nor has Akerman been engaged by AmSouth Bank in any matter related to these Chapter 11 Cases. AmSouth Bank has waived any potential or actual conflict of interest arising by reason of Akerman's representation of the Committee and Akerman's continuing representation of AmSouth Bank on matters unrelated to these Chapter 11 Cases. Additionally, the Committee has indicated that in the event any matters involving the AmSouth Letter of Credit become contested, such that Akerman would represent the Committee in asserting positions adverse to AmSouth in connection with the AmSouth Letter of Credit, the Committee will waive any conflict of

interest occasioned by Akerman's representation of AmSouth on matters unrelated to the AmSouth Letter of Credit or these Chapter 11 Cases. In connection therewith Akerman has agreed to create and implement a "Screening Wall" between Akerman's professionals performing legal services for AmSouth Bank in connection with matters unrelated to these Chapter 11 Cases and those professionals of Akerman performing services for the Committee in connection with these Chapter 11 Cases, on any and all matters with respect to such representations.

13. Because of the extensive legal services which may be necessary in these cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Akerman for all of the Committee's purposes, subject to the control and division of responsibility between Milbank and Akerman for performance of legal services for the Committee as and when needed to minimize duplication of services between those firms and with its other professionals, would be appropriate and in the best interests of the unsecured creditor body which the Committee represents.

14. The Committee requests that Akerman's retention be approved, effective as of April 22, 2005, as this is the date on which the Committee confirmed its interest to engage Akerman and that Akerman commenced providing services for and on behalf of the Committee.

### Compensation of Akerman

15. Akerman intends to apply to the Court from time to time for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the guidelines promulgated by the Office of the United States Trustee, and the Local Rules and Orders of this Court, and pursuant to any additional procedures which may be or have already been established by the Court in these cases.

16. Akerman will be compensated at its standard hourly rates, which are based on its professionals' level of experience. At present, the hourly rates within Akerman's Jacksonville office range from $210 to $350 for partners, $155 to $240 for associates and of-counsel, and $115 to $120 for legal assistants. Additionally, the hourly rates of Akerman's professionals within its Insolvency and Creditors' Rights Practice Group within its other Florida offices range from $170 to $580. These hourly rates are subject to periodic firm-wide adjustments in the ordinary course of Akerman's business.

### Notice

17. No trustee or examiner has been sought or appointed in these cases. Pursuant to Rule 2014, Federal Rules of Bankruptcy Procedure, notice of this Application has been given to counsel to Winn-Dixie and to the United States Trustee. In light of the nature of the relief requested herein, the Committee requests that such notice be deemed adequate and sufficient.

WHEREFORE, the Committee respectfully requests that the Court enter an Order, (a) authorizing the Committee to retain Akerman effective as of April 22, 2005, and (b) granting such further relief as is just and proper.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINN-DIXIE STORES, INC., et al.

MILBANK, TWEED, HADLEY & McCLOY LLP

By: _____
Dennis F. Dunne (DD 7543)
Matthew S. Barr (MB 9170)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone (212) 530-5000

Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing has been served upon: Kenneth C. Meeker, Esq., Assistant United States Trustee, 135 West Central Blvd., Room 620, Orlando, FL 32801, pursuant to Rule 2014, Federal Rules of Bankruptcy Procedure, and the Debtor, c/o Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, and D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, by First Class Mail this 3rd day of May, 2005.

                                                              Attorney