# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

## ORDER UNDER 11 U.S.C. § 365(d)(4) GRANTING EXTENSION OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

These cases came before the Court for hearing on May 6, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors an extension of the time period to assume or reject unexpired nonresidential real property leases (the "Unexpired Leases") (the "Motion"). The Court has reviewed the Motion, considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED.

2. The period within which the Debtors must move to assume or reject the Unexpired Leases is extended through and including September 19, 2005.

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

3. To the extent the Debtors intend to reject an Unexpired Lease, the Debtors shall provide the lessor under such lease with at least ten days notice of such intent.

4. The Debtors will comply with the mandates of section 365 of the Bankruptcy Code as such Code section is interpreted by this Court, including the honoring of postpetition rental obligations arising under the Unexpired Leases (the "Postpetition Rental Obligations"). To the extent that the Debtors fail to honor a Postpetition Rental Obligation under an Unexpired Lease, the lessor under such lease shall provide (a) the Debtors (through Debtors' counsel via facsimile and overnight mail delivery at the following address: Adam S. Ravin, Esq. Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036; facsimile: 917-777-3389) and (b) the Creditors' Committee (through the Creditors' Committee's counsel via facsimile and overnight mail delivery at the following address: Dennis F. Dunne, Esq. Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005; facsimile: 212-530-5219) with a written notice setting forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. If, within five (5) business days of the Debtors' receipt of such notice, the Debtors and the lessor fail to resolve the issues raised by the lessor in the notice, the Debtors agree that the lessor shall be permitted to file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations. The Debtors have agreed that they shall not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

5. The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

6. This Court's hearing of (a) the Objection to the Motion filed by Gardens Park Plaza (Docket No. 641) and (b) the Objection to the Motion filed by North Madison Associates, Ltd. (Docket No. 1007) is continued until the omnibus hearing scheduled for May 19, 2005 at 1:00 p.m., at which time the Court shall consider the issues raised in such Objections; provided however, that the consideration of such Objections and any relief granted to Gardens Park Plaza Ltd. and/or North Madison Associates, Ltd., shall be limited to such parties and shall in no way be deemed to alter the relief granted pursuant to this Order. The time within which the Debtors must move to assume or reject the unexpired leases of nonresidential real property that are the subject of these two Objections is extended until and through such time as an order adjudicating the respective Objections is entered by the Bankruptcy Court or such Objections are withdrawn or otherwise resolved.

7. The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease shall be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases on or before September 19, 2005.

Dated this 6 day of May, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

581497-New York Server 1A - MSW