**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**MOTION FOR ORDER EXTENDING THE DEADLINE
TO FILE STATEMENT OF RECLAMATION AND VALUE NOTICES**

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 105 extending the deadline for the (1) Debtors to file a statement of reclamation and (2) Debtors and/or other parties in interest to file a notice asserting any defense to the value of a reclamation claim (the "Value Notices") as set forth in the order (A) Establishing Procedures for Treatment of Reclamation Claims (the "Procedures"), and (B) Prohibiting Third Parties from Interfering with Delivery of Goods (the "Final Reclamation Order"), entered by the United States Bankruptcy Court of the Southern

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

District of New York on April 4, 2005 (the "New York Court"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

4. On February 21, 2005, the Debtors filed a motion in the New York Court requesting an order authorizing (i) the Debtors to return goods to vendors, (ii) providing administrative claim status for valid reclamation claims and establishing procedures for the treatment of reclamation claims, and (iii) prohibiting third parties from interfering with delivery of goods.  Over 400 entities are asserting their status as holders of reclamation claims, which, at last calculation, total over $106,000,000 (collectively, the "Reclamation Claims").

5. On February 23, 2005, the New York Court entered an interim order (i) authorizing return of goods pursuant to 11 U.S.C. 546(g), (ii) establishing procedures for treatment of reclamation claims, and (iii) prohibiting third parties from interfering with delivery of goods.

6. On April 4, 2005, the New York Court entered the Final Reclamation Order which established the procedures for the treatment of Reclamation Claims.

7. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8. The statutory predicate for the relief requested in the Motion is section 105 of the Bankruptcy Code.

**Relief Requested**

9. The Final Reclamation Order requires, *inter alia*, the Debtors "to file within ninety days after the Petition date, or such later date as may be established by the Court upon the motion of the Debtors" a statement of reclamation setting forth "the extent and basis, if any upon which the Debtors believe the underlying Reclamation Claims is not

factually or legally valid" (the "Statement of Reclamation"). (Docket No. #626).  This ninety-day period to file a Statement of Reclamation expires on May 23, 2005.

10. The Final Reclamation Order also requires the Debtors and/or any other party in interest to file the Value Notices within sixty days after the entry of the Final Reclamation Order.  This sixty-day period to file Value Notices expires on June 3, 2005.

11.  By this Motion, the Debtors' request that the Court enter an order extending the deadline for filing any Statement of Reclamation or Value Notices to June 30, 2005.

**Basis for Relief**

12.  Section 105 (a) of the Bankruptcy Code provides in relevant part "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. 105(a).  The Debtors submit the relief requested herein is appropriate and well within the Court's equitable powers under Section 105(a) of the Bankruptcy Code.

13.  The Debtors are negotiating with a number of holders of Reclamation Claims in an effort to resolve the claims consensually and to avoid the time, expense and inherent risk involved in any litigation.

14.  Absent the relief requested in this Motion, the Debtors will be required to expend substantial time and resources preparing the Statement of Reclamation and Value Notices, rather than focusing on resolving the Reclamation Claims.

15. Several holders of Reclamation Claims have agreed to the requested extension demonstrating the good faith efforts of the Debtors and the claimants toward a consensual resolution of the claim.[2]

16. The Debtors' request that the Court grant the relief requested because the Debtors need additional time to resolve the claims short of litigation.  It is in the best interests of the debtors and their respective estates and creditors to resolve the claims and avoid the expense and inherent risk of litigation.

17. Accordingly, the relief requested should be granted because it is necessary for the successful resolution of the numerous Reclamation Claims.  <u>In re Sharon Steel Corp.</u>, 871 F.2d 1217 (3d Cir. 1989) ("Because early negotiations seemed promising, the court extended the deadline.").

## **Notice**

18. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) holders of Reclamation Claims. No other notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order (a) an approving the extension of the deadline for the Debtors to

---

[2]   The holders of Reclamation Claims reserve their right to request that the Court limit the extension to a date earlier than June 30, 2005, pending the clarification of the applicability of another pending deadline to the holders of Reclamation Claims.

file the Statement of Reclamation and the Value Notices to June 30, 2005 and (b) granting such other and further relief as the Court deems just and proper.

Dated: May 9, 2005

                              SMITH HULSEY & BUSEY

                              By  */s/ Cynthia C. Jackson*
                                  Stephen D. Busey
                                  James H. Post
                                  Cynthia C. Jackson
                              Florida Bar Number 498882
                              225 Water Street, Suite 1800
                              Jacksonville, Florida  32202
                              (904) 359-7700
                              (904) 359-7708 (facsimile)

                                - and -

                              SKADDEN, ARPS, SLATE,
                                  MEAGHER & FLOM LLP
                              D. J. Baker
                              Sally McDonald Henry
                              Rosalie Walker Gray
                              Four Times Square
                              New York, New York 10036
                              (212) 735-3000
                              (212) 735-2000 (facsimile)

                              Attorneys for Debtors