UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et. al.                    Case No.**:** 3-05-bk-03817-JAF
                                                    Chapter 11

                              Debtors              Jointly Administered
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION OF OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS TO EMPLOY ALVAREZ & MARSAL,**
**LLC AS ITS OPERATIONS AND REAL ESTATE ADVISOR AS OF MARCH 4, 2005**

COMES NOW, Felicia S. Tumer, United States Trustee for Region 21, by and through

undersigned counsel, and objects to the Application of the Official Committee of Unsecured

Creditors (the "Committee") to employ Alvarez & Marsal, LLC ("A&M"), as its operations and real

estate advisor as of March 4, 2005 (the "Application"), and states:

1. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative

oversight of cases commenced pursuant to Title 11, United States Code.

2. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard in the

matter of this Court's consideration of the Application.

3. The Application was filed on March 29, 2005 (Docket No.: 564) and seeks approval for

the Committee's retention of A&M pursuant to 11 U.S.C. § 328(a). Among other things, the

Application makes reference to and incorporates an engagement letter executed by and between

A&M and the Committee setting forth the terms of A&M's engagement, attached to which

engagement letter is a separate indemnification agreement.

4.  By consent of the Committee, the United States Trustee was given until May 10, 2005, within which to file an objection to the Application.  Accordingly, having been filed on the date below, this Objection is timely.

5.  The United States Trustee objects to the Application on the grounds that the proposed terms of retention and compensation of A&M do not comport with the requirements of §§ 327 and 330 of the Bankruptcy Code (the "Code") in various respects including but not limited to:

a.  The United States Trustee objects to A&M's retention under 11 U.S.C. § 328(a). Section 327 of the Code governs employment of professional persons generally while § 328(a) addresses the terms and conditions of such employment, and § 330 governs review and allowance of compensation of professional persons employed (under § 327 and § 1103). The inherent problem with approval of employment under § 328(a) is that the estate would for all practical purposes be bound to the terms stated in the Application (and incorporated engagement letter) and barring only very limited circumstances would those terms be subject to further review or modification under § 330 or other applicable law.  The Application does not allege a sufficient justification for the deviation from standard employment under § 327 and subsequent review under § 330 in favor of the more restrictive and final treatment of A&M's compensation that would occur under § 328(a);

b.  The United States Trustee objects to any provisions of the Application (and by incorporation therein, the underlying engagement letter as well) that would call for the payment of fees without prior approval of such fees by the Court pursuant to appropriate interim and final applications for compensation.  Under the Application, A&M is to be paid a monthly fee of $100,000.00, which amount does not include expenses which must be reimbursed or a distribution fee requested by A&M to be calculated on the total recovery of unsecured non-priority claims under a confirmed plan in this case;

c.  The United States Trustee objects to the pre-approval of success, distribution or other like fees without providing an opportunity for creditors and interested parties to review such fees at the conclusion of the case;

d.  The United States Trustee objects to A&M being reimbursed expenses for the preparation and negotiation of its engagement letter.  On this issue, A&M has agreed to waive said amounts and the parties anticipate preparing an agreed order providing for the waiver of any such amounts and resolving other issues discussed herein relating to the Application;

e.  The United States Trustee objects to the indemnification and contribution provisions contained in the Application and underlying engagement letter on the grounds that indemnification is inconsistent with the Code, the Committee has failed to meet its burden to show that such extreme provisions are required in this case, indemnification is not in the best interests of creditors and the estate, and such other grounds as may be advanced any hearing(s) on the Application; and

f.  The United States Trustee objects to any and all provisions of the Application that seek entry of an order exempting A&M from maintaining any time records.  Maintenance of time records is necessary to permit the Court to evaluate services provided by A&M and its proposed compensation of each.

6.  The United States Trustee reserves the right to file a separate memorandum of law in support of this Objection; a memorandum of law was not filed as part of this Objection as the parties are hopeful that this Objection and issues relating to the Application will be resolved prior to the scheduled hearing on the Application on May 19, 2005, at 1:00 p.m. and that a consent order will be submitted.

Dated: May 10, 2005.

FELICIA S. TURNER
United States Trustee
Region 21

/s/ L. William Porter III
L. William Porter III, Trial Attorney
Florida Bar No.: 0116882
Elena L. Escamilla,  Trial Attorney
Florida Bar No.: 898414
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.:   (407) 648-6465
Facsimile No.:   (407) 648-6323
E-mail:  Bill.Porter@usdoj.gov
        Elena.L.Escamilla@usdoj.gov