UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.: 3-05-bk-03817-JAF
                                                    Chapter 11

                Debtors.                 Jointly Administered
_____/

**OBJECTION BY UNITED STATES TRUSTEE TO APPLICATION BY
THE DEBTORS PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY
CODE FOR AUTHORITY TO EMPLOY CARLTON FIELDS, P.A.
AS SPECIAL REAL ESTATE LITIGATION COUNSEL TO THE DEBTORS**

    COMES NOW, Felicia S. Turner, United States Trustee, Region 21, by and through her undersigned counsel, and objects to the employment of Carlton Fields, P.A., as special real estate litigation counsel to the Debtors pursuant to 11 U.S.C. §327(e) and states the following in support of this Objection:

    1. On March 22, 2005, the Debtors filed an Application for Authority to Retain Carlton Fields, P.A., as Special Real Estate Litigation Counsel to the Debtors pursuant to Sections 327(e) of the Bankruptcy Code and subject to Federal Rule of Bankruptcy Procedure 2014 ("Application") (Docket No.: 489) along with the Declaration of Alan M. Grunspan and Disclosure of Compensation. The approval is sought *nunc pro tunc* to the petition date, February 21, 2005.

    2. By consent of the Debtors, the United States Trustee was given until May 10, 2005 within which to file an objection to the Application. Accordingly, having been filed on the date below, this Objection is timely.

    3. A hearing is currently scheduled for May 19, 2005 regarding this Application.

4. The Debtors set forth in the Application that they wish to employ Carlton Fields, P.A. ("CF") as special counsel to "advise the Debtors and handle litigation against tenants in several shopping centers who are operating in violation of Winn-Dixie's exclusive use rights and against landlords who permit such violations.... [and] to continue to advise Debtors and handle claims against landlords and their insurers in matters involving hurricane related damages sustained by Winn-Dixie...."

5. The United States Trustee objects to the Application on the grounds that the Debtors have previously retained counsel that are qualified and able to handle the very limited matters for which it seeks to retain CF.  Currently the Debtors have hired two attorneys under 11 U.S.C. §327(a), Skadden Arps, Slate, Meager & Flom and Smith Hulsey & Busey.[1]  The Debtors have also retained numerous ordinary course attorneys pursuant to the Order Authorizing Debtors to Retain and Compensate Professionals used in the Ordinary Court of Business entered on March 4, 2005 (Docket No.: 264), and have retained three special counsel pursuant to 11 U.S.C. §327. Specifically, on March 15, 2005 final orders were entered authorizing the Debtors to retain King & Spalding LLP ("K&S") as special corporate and litigation counsel (Docket No.: 427); Kirschner & Legler, P.A., ("Kirschner") as special corporate finance counsel (Docket No.: 428); and, Smith, Gambrell & Russell, LLP, ("Smith Gambrell") as special real estate counsel (Docket No.: 436).

6. The United States Trustee asserts that the Debtors have failed to explain why the retention of CF is necessary to perform the specified services, as set forth in the Application, as

---

[1] The United States Trustee has filed a Motion for Reconsideration of Order Authorizing Employment of Smith Hulsey & Busey ("Motion for Reconsideration") (Docket No.: 969) which has not yet been set for hearing.

opposed to having other previously retained counsel handle such matters.  The retention of counsel to handle legal issues in a piecemeal fashion is unnecessary and is likely to result in the duplication of services and additional costs and expenses to the estate.  The Debtors' attempt to circumvent the potential duplication of legal services by providing that CF will consult with the Debtors and with the Debtors' other counsel throughout the pendency of theses cases is unrealistic, cannot be monitored and could itself result in unnecessary costs to the estate.

    7.  Wherefore, the United States Trustee objects to the employment of CF and requests that the application be denied.

    Dated:  May 10, 2005.

                                        FELICIA S. TURNER  
                                        United States Trustee  
                                        Region 21

                                        /s/ Elena L. Escamilla  
                                        Elena L. Escamilla,  Trial Attorney  
                                        135 W. Central Blvd., Suite 620  
                                        Orlando, FL 32801  
                                        Florida Bar No.:  898414  
                                        Elena.L.Escamilla@usdoj.gov  
                                        Telephone No.:   (407) 648-6465  
                                        Facsimile No.:    (407) 648-6323