UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,           Case No.: 3-05-bk-03817-JAF
                                                       Chapter 11

                   Debtors.                Jointly Administered
_____/

**OBJECTION BY UNITED STATES TRUSTEE TO APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINN-DIXIE STORES, INC., et al., UNDER 11 U.S.C. §1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF AKERMAN SENTERFITT AS CO-COUNSEL, NUNC PRO TUNC TO APRIL 22, 2005 (Docket No.: 1012)**

     COMES NOW, Felicia S. Turner, United States Trustee, Region 21, by and through her undersigned counsel, and objects to the Application of Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al., under 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002, for Order Authorizing Retention and Employment of Akerman Senterfitt as Co-Counsel, Nunc Pro Tunc to April 22, 2005, and states the following in support of this Objection:

     1. On May 3, 2005, Akerman Senterfitt filed an Application by the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al., under 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002, for Order Authorizing Retention and Employment of Akerman Senterfitt as Co-Counsel, Nunc Pro Tunc to April 22, 2005 ("Application") (Docket No.: 1012)

     2. On May 3, 2005, Akerman Senterfitt filed an Affidavit of John B. Macdonald in Support of Application of Official Committee of Unsecured Creditors of Winn-Dixie Stores,

Inc., et al., under 11 U.S.C. §1103 and Fed. R. Bankr. P. 2014 and 5002, for Order Authorizing Retention and Employment of Akerman Senterfitt as Co-Counsel ("Affidavit") (Docket No.: 1013).

    3. 11 U.S.C. §1103(a) authorizes a creditors committee to select, and with the court's approval, authorizes the employment of attorneys to represent or perform services for such committee.  11 U.S.C. §1103(b) states "that an attorney or accountant employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more creditors of the same class as represented by the committee shall not per se constitute the representation of any adverse interest."  While the standard of employment under 11 U.S.C. §1103 is distinguishable from 11 U.S.C. §327,  11 U.S.C. §328(c) states that compensation may be denied to a professional employed under section 1103 if, at any time during such professional person's employment, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect on which it is employed.

    4. The Creditors Committee filed an Application to Employ the firm of Milbank, Tweed, Hadley & McCloy ("Milbank") as Counsel (Docket No.: 495).  An Order authorizing the employment of Milbank was entered on April 12, 2005 (Docket No.: 702).  In order to comply with Local Bankruptcy Rule 2090-1 the Application of Akerman Senterfitt has been filed.  The Application does not provide a clear delineation of the responsibilities and duties of each law firm.  In the event the employment is granted, the Application should be amended to provide a clear delineation of the responsibilities and duties of each law firm.  The hiring of co-counsel greatly increases the likelihood of duplication of services between the two firms.  The duplication

will work either to the detriment of the estate by increasing administrative costs or to the detriment of the professionals since both will not be compensated for duplicative services.

    5. The Application and Affidavit provide disclosures which indicate that Akerman Senterfitt represents entities with interests adverse to the Creditors Committee.

    6. On March 4, 2005 the Order Authorizing Debtors to Retain and Compensate Professionals used in the Ordinary Court of Business ("Order") (Docket No.: 264) was entered. This Order provides that the "Ordinary Course Professionals" delineated by the Debtors had thirty (30) days to complete a questionnaire. Upon the filing of the questionnaire, the United States Trustee, the Committee and the DIP Lender had twenty days to object to the retention. Absent objection, the Debtors were authorized to retain the Ordinary Course Professional as a final matter without further order. Pursuant to the Order, Akerman Senterfitt's questionnaire was filed by the Debtors and is attached to this Objection as <u>Exhibit A</u>. Akerman Senterfitt was hired as an Ordinary Course Professional due to no objection being filed to their questionnaire. As an Ordinary Course Professional for the Debtors Akerman Senterfitt may receive compensation in an amount not exceeding $30,000.00 in any one month or $500,000.00 for the duration of the Chapter 11 cases.

    7. The questionnaire filed by Akerman Senterfitt as an Ordinary Course Professional discloses outstanding balances owed by the Debtors. Akerman Senterfitt fails to disclose this information in its Application. Akerman Senterfitt's Application also fails to disclose any information regarding payments received for pre-petition services or the time frames during which these payments were made.

    8. In the Application, Akerman Senterfitt requests to serve as both an Ordinary Course Professional for the Debtors and as co-counsel to the Creditors Committee. In the Application,

Akerman Senterfitt states that it "has agreed to withdraw from all representation of Winn-Dixie with the exception of certain regulatory and administrative work performed solely by Akermans's office in Tallahassee, Florida." As part of this continued retention by both the Debtors and the Committee, Akerman has agreed to implement a screening wall between its' professionals in the Tallahassee office working for the Debtors and its' professionals working for the Creditors Committee. It is not clear from the Application what the exact nature of the continued representation is, or why the continued representation is essential. Any continued representation of the Debtors, while representing the Committee, is objectionable.

9. The Application and Affidavit state that Akerman Senterfitt currently represents "Wachovia, Bank, N.A., the administrative and collateral agent under the Debtor's Pre-Petition Credit Agreement, as well as the agent under the Debtors DIP Credit Agreement, on matters unrelated to these Chapter 11 Cases. Akerman has obtained from Wachovia a waiver of all conflicts of interest to allow it to represent the Committee in these Chapter 11 cases, subject to limitations which would require the Committee to seek to retain different counsel to represent the Committee in connection with any litigation against Wachovia."

10. A copy of the waiver provided to Akerman Senterfitt by Wachovia is attached to this Objection as <u>Exhibit B</u>. The waiver states that Akerman Senterfitt can investigate the "amount, validity, priority or extent of liens or claims asserted or held by Wachovia. However, other than providing a report regarding such analysis or investigation, the Firm will not provide advice or otherwise participate on behalf of the Committee in any challenge to the amount, validity, priority or extent of liens or claims asserted or held by Wachovia.... The Firm shall not commence nor render any legal advise respecting any litigation or proposed litigation against Wachovia."

11. The limited waiver provided by Wachovia does not allow Akerman Senterfitt to provide adequate services to the Creditors Committee with regards to matters pertaining to Wachovia. The Final Order Pursuant to Sections 105, 361, 362, 363, 364(c), and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of all Claims of Debtors' Pre-Petition Secured Lenders ("DIP Order") (Docket No.: 501) entered on March 23, 2005, in paragraph 15(e) provides that the Committee shall have seventy-five (75) calender days from the date of appointment of counsel for the Committee within which to file an adversary proceeding with respect to the Pre-Petition Lender's claims in respect of the Pre-Petition Lender Debt or security interest in the Pre-Petition Lender Collateral, or any other claims or causes of action against the Pre-Petition Lender relating to the Pre-Petition Loan Documents. Since Akerman Senterfitt only has the ability to investigate the amount, validity, priority or extent of liens or claims asserted or held by Wachovia and provide a report regarding such analysis or investigation, they are unable to comply with DIP order which requires an adversary to be filed within seventy five calender days from the appointment of counsel.

12. The limited waiver provided by Wachovia to Akerman Senterfitt is even more problematic due to Milbank's continued representation of Wachovia and the restrictions placed on their representation of the Creditors Committee due to the limited waiver provided by Wachovia. Milbank has provided a copy of the limited waiver provided by Wachovia which is attached as <u>Exhibit C</u>. The waiver states that Milbank "may analyze and investigate the amount, validity, priority or extent of liens or claims asserted or held by Wachovia. However, other than

providing a report regarding such analysis or investigation, the Firm will not provide advice or otherwise participate on behalf of the Official Committee in any challenge to the amount, validity, priority or extent of liens or claims asserted or held by Wachovia."

13. The waivers provided to Akerman Senterfitt and to Milbank preclude any adversary being filed by the Creditors Committee with respect to any Pre-Petition Lender's claims in respect of the Pre-Petition Lender Debt or security interest in the Pre-Petition Lender Collateral, or any other claims or causes of action against the Pre-Petition Lender relating to the Pre-Petition Loan Documents as well as prevent them from taking any other action against Wachovia that may result as part of the post petition financing. In the event that co-counsel is hired for the Creditors Committee, it should have no restrictions limiting its' ability to fervently represent the creditors with regards to any issue involving Wachovia.

14. The restrictions placed on the Milbank and now proposed co-counsel, Akerman Senterfitt, precludes the Unsecured Creditors Committee from having counsel which can adequately represent them with regards to Wachovia.

15. Counsel currently retained to represent the Debtors (Skadden and Smith Hulsey & Busey) also currently represent Wachovia in matters unrelated to these Chapter 11 cases. This current representation of Wachovia along with limited waivers, also preclude the Debtors' counsel from representing the Debtors in any disputes that may arise with Wachovia. The United States Trustee has filed a Motion for Reconsideration of the Court's Order Authorizing Employment of Smith Hulsey & Busey (Docket No.: 969).

16. Wherefore, the United States Trustee objects to the employment of Akerman Senterfitt and requests that the application be denied.

Dated: May 10, 2005.

                                      FELICIA S. TURNER
                                      United States Trustee
                                      Region 21

                                      /s/ Elena L. Escamilla
                                      Elena L. Escamilla, Trial Attorney
                                      135 W. Central Blvd., Suite 620
                                      Orlando, FL 32801
                                      Telephone No.: (407) 648-6465
                                      Facsimile No.: (407) 648-6323
                                      Florida Bar No.: 898414
                                      Elena.L.Escamilla@usdoj.gov