UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.**:** 3-05-bk-03817-JAF
                                                    Chapter 11

            Debtors.                                Jointly Administered
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS'
APPLICATION TO EMPLOY XROADS SOLUTIONS GROUP, LLC, AS FINANCIAL
AND OPERATIONS RESTRUCTURING CONSULTANTS**

COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through undersigned counsel, and objects to the Debtors' Application (the "Application") to employ XRoads Solutions Group, LLC ("XRoads" or the "Advisor") as financial and operations restructuring consultants, and states:

1. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard in the matter of this Court's consideration of the Application.

2. The Application was filed on February 22, 2005 (Docket No.: 26) and seeks an order pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code (the "Code") approving the employment of XRoads as the Debtors' financial and operations restructuring consultants. Among other things, the Application makes reference to and incorporates an engagement letter executed by and between the Debtors and XRoads setting forth the terms of XRoads' engagement.

3. By consent of the Debtors, the United States Trustee was given until May 10, 2005, within which to file an objection to the Application. Accordingly, having been filed on the date below, this Objection is timely.

4. The United States Trustee objects to the Application on the grounds that the proposed terms of retention and compensation of the Advisor do not comport with the requirements of §§ 327 and 330 of the Bankruptcy Code (the "Code") in various respects including but not limited to:

    a. It is not entirely clear under which section of the Code XRoads seeks to be retained. Both the Application and the Interim Order authorizing the employment of XRoads entered in the case on March 29, 2005, reference employment pursuant to § 327(a), and the said Interim Order provides that XRoads shall be compensated upon appropriate application in accordance with §§ 330 and 331 of the Code. However, the said Interim Order also provides in a subsequent paragraph that fees paid to XRoads shall not hereafter be subject to challenge except under the standards of review set forth in § 328(a) of the Code. It is the understanding of the United States Trustee that XRoads has agreed not to seek employment pursuant to § 328(a); however, to the extent that is not the case, the United States Trustee would object to XRoads' retention under 11 U.S.C. § 328(a). Section 327 of the Code governs employment of professional persons generally while § 328(a) addresses the terms and conditions of such employment, and § 330 governs review and allowance of compensation of professional persons employed (under § 327 and § 1103). The inherent problem with approval of employment under § 328(a) is that the estate would for all practical purposes be bound to the terms stated in the Application (and incorporated engagement letters) and barring only very limited circumstances would those terms be subject to further review or modification under § 330 or other applicable law. To the extent the Advisor seeks retention under § 328(a), the Application does not allege a sufficient justification for the deviation from standard employment under § 327 and subsequent review under § 330 in favor of the more restrictive and final treatment of XRoads' compensation that would occur under § 328(a);

b. The United States Trustee objects to any provisions of the Application (and by incorporation therein, the underlying engagement letter as well) that would call for the payment of fees without prior approval of such fees by the Court pursuant to appropriate interim and final applications for compensation. Under the Application, XRoads is to be paid a monthly fee of $200,000.00 (being already in receipt of a $500,000.00 retainer still in its possession paid by the Debtors), plus an hourly fee of $400.00 per hour for each hour above 400 total hours which are expended by XRoads during any calendar month. In addition, the amounts for the monthly fee and hourly fees discussed above do not include: expenses which are to be reimbursed under the agreement; and administrative fees for non-professional services at the rate of $85.00 to $160.00 per hour;

c. The United States Trustee objects to the pre-approval of success, distribution, transaction, performance or other like fees without providing an opportunity for creditors and interested parties to review such fees at the conclusion of the case. In the Application, XRoads seeks to receive a performance fee in the amount of at least $1,250,000, upon the happening of a "Qualified Transaction" as defined under the XRoads engagement letter. Given that one of the four "Qualifying Factors" is more likely than not to occur in this case with or without the involvement of XRoads (they include, in summary: (i) a sale of all or substantially all of the Debtors' assets; (ii) a merger or consolidation of the Debtors with another company; (iii) the substantial consummation of a plan; or (iv) the liquidation of the Debtors), this performance fee seems excessive especially since the engagement letter also purports to allow the board of directors of the Debtors at its sole discretion to increase the performance fee up to $5,000,000, but no basis for such an increase is clearly provided in the engagement letter; and

d.  The United States Trustee objects to any indemnification and contribution provisions contained in the Application and underlying engagement letter; however, despite the existence of said provisions, the Debtors have agreed not to seek approval of, and XRoads has agreed not seek to enforce, any such provisions.

Dated: May 10, 2005.

FELICIA S. TURNER
United States Trustee
Region 21


/s/ L. William Porter III
L. William Porter III, Trial Attorney
Florida Bar No.: 0116882
Elena L. Escamilla, Trial Attorney
Florida Bar No.: 898414
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.:   (407) 648-6465
Facsimile No.:   (407) 648-6323
E-mail:  Bill.Porter@usdoj.gov
          Elena.L.Escamilla@usdoj.gov