UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,   Case No.: 3-05-bk-03817-JAF
  Chapter 11

  Debtors.   Jointly Administered
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS'
APPLICATION TO EMPLOY BAIN & COMPANY, INC. TO PROVIDE FINANCE
GROUP SUPPORT SERVICES**

COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through undersigned counsel, and objects to the Debtors' Application (the "Application") to employ Bain & Company, Inc. ("Bain" or the "Advisor"), and states:

1. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

2. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard in the matter of this Court's consideration of the Application.

3. The Application was filed on March 25, 2005 (Docket No.: 536) and seeks an order pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code (the "Code") approving the continuing employment of Bain, an entity which has provided finance group support services to the Debtors for more than a year and continuing after the petition filing date herein (having been paid approximately $12,650,000.00 by the Debtors prior to the petition filing date). Among other things, the Application makes reference to and incorporates an engagement letter executed by and between Bain and the Debtors setting forth the terms of Bain's engagement.

4. By consent of the Debtors, the United States Trustee was given until May 10, 2005, within which to file an objection to the Application. Accordingly, having been filed on the date below, this Objection is timely.

5. The United States Trustee objects to the Application on the grounds that the proposed terms of retention and compensation of Bain do not comport with the requirements of §§ 327 and 330 of the Bankruptcy Code (the "Code") in various respects including but not limited to:

    a. The United States Trustee objects generally to the Debtors' hiring of three professionals who may be capable, independent of one another, of providing financial consulting services to the Debtors in this case. The Application does not provide sufficient allegations in support of the need to hire Bain in addition to two other professional firms- Blackstone Group, L.P. and XRoads Solutions Group, LLC- who the Debtors are seeking authority to employ under separate applications. Bain, independent of the other two professional firms, is seeking compensation under the Application of $500,000.00 per month. The Application does not provide any explanation of what considerations helped form the basis for the Debtors' decision to hire Bain in addition to the two other professional firms the Debtors are also seeking to hire, why three professionals are needed in this case or any other basis for the requested dual employment despite the inherent risks of duplication and unnecessary work, the cost of which is to be borne by the estate and hence the creditors. *See* 11 U.S.C. § 330(a)(4). The United States Trustee understands that Bain's employment is scheduled to terminate completely by the end of May, 2005, after which the estate will no longer be obligated to pay any fees, but given the sizeable sum of money to be paid to Bain post-petition in this case, the issue of duplication is still relevant and warrants consideration by this Court;

b. The United States Trustee objects to any provisions of the Application (and by incorporation therein, the underlying engagement letter as well) that would call for the payment of fees without prior approval of such fees by the Court pursuant to appropriate interim and final applications for compensation. As stated above, under the Application, Bain is to be paid a monthly fee of $500,000.00 for professional fees, which amount does not include: expenses to be calculated at the rate of fifteen percent (15%) of the amount of professional fees and later reconciled against actual expenses; or an amount allocated under the engagement letter as an additional fee for Bain to obtain its own outside legal counsel at a cost of up to an aggregate cap of $100,000.00 (the time period governing that cap is not entirely clear, i.e., whether the $100,000.00 is the entire amount that could be incurred over the course of Bain's representation of the Debtors, or whether for instance, Bain is authorized under the agreement to incur, in addition to its own monthly fee of $500,000.00, plus expenses, another fee of up to $100,000.00);

c. The United States Trustee objects to any and all provisions of the Application that seek entry of an order exempting Bain from maintaining time records that will provide the United States Trustee and other parties-in-interest with a meaningful opportunity to review the work being provided by Bain to the Debtors. Maintenance of time records is necessary to permit the Court to evaluate services provided by Bain and Bain's proposed compensation. Again, while the United States Trustee has been informed that Bain's employment is scheduled to terminate completely by the end of May, 2005, given the sizeable sum of money to be paid to Bain for its post-petition work thus far in the case, which already could exceed $2,000,000.00, Bain should still be required to provide sufficient time records to justify the fees it will eventually seek; and

d. The United States Trustee objects to any indemnification, release, contribution or other exculpatory provisions contained in the Application and underlying engagement letter on

the grounds that such provisions are inconsistent with the Code, the Debtors have failed to meet their burden to show that such extreme provisions are required in this case in favor of Bain, such provisions may not be in the best interests of creditors and the estate, and such other grounds as may be advanced any hearing(s) on the Application.

Dated: May 10, 2005.

> FELICIA S. TURNER
> United States Trustee
> Region 21
>
> /s/ L. William Porter III
> L. William Porter III, Trial Attorney
> Florida Bar No.: 0116882
> Elena L. Escamilla, Trial Attorney
> Florida Bar No.: 898414
> 135 W. Central Blvd., Suite 620
> Orlando, FL 32801
> Telephone No.: (407) 648-6465
> Facsimile No.: (407) 648-6323
> E-mail: Bill.Porter@usdoj.gov
>         Elena.L.Escamilla@usdoj.gov