UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,    Case No.**:** 3-05-bk-03817-JAF
                                     Chapter 11

         Debtors.    Jointly Administered
_____/

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' APPLICATION TO EMPLOY BLACKSTONE GROUP, L.P. AS FINANCIAL ADVISORS

    COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through the undersigned counsel, and objects to the Debtors' Application (the "Application") to employ Blackstone Group, L.P. ("Blackstone" or the "Advisor"), as financial advisors, and states:

    1. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard in the matter of this Court's consideration of the Application.

    2. The Application was filed on February 22, 2005 (Docket No.: 25) and seeks a final order pursuant to 11 U.S.C. § 327(a) and § 328 of the Bankruptcy Code (the "Code") approving the employment of Blackstone as the Debtors' financial advisors. Among other things, the Application makes reference to and incorporates an engagement letter executed by and between Blackstone and the Debtors setting forth the terms of Blackstone engagement.

    3. On March 4, 2005, an Interim Order was entered Authorizing Debtors to Employ Blackstone Group, L.P as Financial Advisors ("Interim Order") (Docket No.: 258). The Interim Order provides various carve out provisions regarding indemnification and employment under 11 U.S.C. §328 that are not contained in the Application. The United States Trustee has been discussing the issues raised in this Objection with Blackstone and will attempt to resolve all issues

prior to the scheduled hearing date of May 19, 2005.

    4. By consent of the Debtors, the United States Trustee was given until May 10, 2005, within which to file an objection to the Application. Accordingly, having been filed on the date below, this Objection is timely.

    5. The United States Trustee objects to the Application on the grounds that the proposed terms of retention and compensation of the Advisor do not comport with the requirements of §§ 327 and 330 of the Bankruptcy Code (the "Code") in various respects.

    6. Section 327 of the Code governs employment of professional persons generally while § 328(a) addresses the terms and conditions of such employment, and § 330 governs review and allowance of compensation of professional persons employed (under § 327 and § 1103). The inherent problem with approval of employment under § 328(a) is that the estate would, for all practical purposes, be bound to the terms stated in the Application (and incorporated engagement letters) and barring only very limited circumstances would those terms be subject to further review or modification under § 330 or other applicable law. To the extent the Advisor seeks retention under § 328(a), the Application does not allege a sufficient justification for the deviation from standard employment under § 327 and subsequent review under § 330 in favor of the more restrictive and final treatment of Blackstone's compensation that would occur under § 328(a);

    7. The United States Trustee objects to any provisions of the Application (and by incorporation therein, the underlying engagement letter as well) that would call for the payment of fees without prior approval of such fees by the Court pursuant to appropriate interim and final applications for compensation. Under the Application, Blackstone is to be paid a monthly fee of $167,000.00 as well as transaction fees upon the consummation of a transaction. In addition, the amounts for the monthly fee discussed above do not include legal fees for outside counsel being

retained by the Advisor that will be billed as expenses. The United States Trustee objects to the reimbursement of any attorney fees retained by the Advisor incurred in responding to discovery or testifying as a witness in any matter relating to its services.

8. In addition to the monthly fee, the Application also provides for various transaction fees and a restructuring fee. The United States Trustee requests further clarification as to the definition of a transaction to ensure proper limits are in place.

9. The United States Trustee objects to the pre-approval of a restructuring fee of $7,000,000.00 without providing an opportunity for creditors and interested parties to review such requested fees at the conclusion of the case.

10. The United States Trustee objects to the indemnification and contribution provisions contained in the Application and underlying engagement letter on the grounds that indemnification is inconsistent with the Code, the Debtors have failed to meet their burden to show that such extreme provisions are required in this case, indemnification is not in the best interests of creditors and the estate, and such other grounds as may be advanced any hearing(s) on the Application;

Dated: May 10, 2005.

        FELICIA S. TURNER
        United States Trustee
        Region 21

        /s/ Elena L. Escamilla
        Elena L. Escamilla, Trial Attorney
        Florida Bar No.: 898414
        135 W. Central Blvd., Suite 620
        Orlando, FL 32801
        Telephone No.: (407) 648-6465
        Facsimile No.: (407) 648-6323
        E-mail: Elena.L.Escamilla@usdoj.gov