```
                UNITED STATES BANKRUPTCY COURT
                  MIDDLE DISTRICT OF FLORIDA
                     JACKSONVILLE DIVISION
```

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., <u>et</u> <u>al.</u>, | ) | Case No. 05-03817-3F1 |
| Debtors. | ) | Jointly Administered |

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.,* TO APPLICATION OF DEBTORS PURSUANT TO SECTION 327(a) OF BANKRUPTCY CODE AND RULE 2014(a) OF FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS CONFLICTS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

The official committee of unsecured creditors (the "<u>Committee</u>") appointed in the above-captioned cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "<u>Winn-Dixie</u>" or the "<u>Debtors</u>") hereby objects to the application, dated March 14, 2005 (the "<u>Application</u>"),[1] of the Debtors Pursuant to Section 327(a) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure Authorizing the Employment and Retention of Togut, Segal & Segal LLP ("<u>Togut</u>") as Conflicts Counsel, and respectfully states as follows:

---

[1] Although the Application is unclear and appears to seek retention of Togut under section 328 of the Bankruptcy Code, the Committee, counsel to the Debtors and Togut previously agreed, as reflected in the interim order dated March 30, 2005 (docket no. 606), that Togut's retention would be pursuant to sections 327 and 330 of the Bankruptcy Code. The Committee expressly reserves its right to object to the extent Togut seeks retention under section 328 of the Bankruptcy Code.

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

2. On March 1, 2005, the United States Trustee duly appointed the Committee.

3. By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered solely for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. The Debtors extended the Committee's deadline to file an objection to the Application until today -- May 12, 2005.

**OBJECTION**

5.   The Committee does not believe the retention of another law firm is necessary in these cases at this time and that the Application should be denied. The Committee's objection is not to the ability or the experience of Togut -- which is a very capable and respected firm in the New York Bankruptcy Bar -- but to the necessity and appropriateness of the Debtors retaining yet another law firm.

6.   The Debtors might argue that the retention of Togut is necessary because Togut will act as counsel on matters that Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") and co-counsel Smith Hulsey & Busey ("Smith Hulsey") are "conflicted" from handling. This ignores, however, the numerous law firms previously retained by the Debtors that can potentially handle the "conflict" matter. Furthermore, no actual conflict currently exists, to the Committee's knowledge, that requires the retention of another law firm -- especially "conflicts" counsel.

7.   The Debtors have already filed five separate retention applications, each approved on an interim or final basis, retaining the following respected law firms with sophisticated practices:

- Skadden (as its lead bankruptcy counsel);
- Smith Hulsey (as bankruptcy co-counsel);

3

- King & Spalding LLP (as special corporate and litigation counsel);
- Kirschner & Legler P.A. (as special corporate finance counsel); and
- Smith, Gambrell & Russell (as special real estate counsel).[2]

In addition, the Debtors have retained ***not less than 190 law firms*** under that certain Order Authorizing Debtors To Retain And Compensate Professionals Utilized In The Ordinary Course Of Business, dated March 4, 2005 (Docket No. 264). The Committee submits that it is not necessary to hire yet another counsel to sit idle until a "conflict" arises, when the Debtors have not determined whether one of the many firms already retained can handle the matter.

8. Additionally, the Committee is currently unaware of any actual conflict that necessitates Togut's retention. As noted above, to the extent that a "conflict" arises in the future, the Debtors have not established why another law firm -- and one based in New York -- is needed. The Committee believes that, at minimum, an actual conflict should first arise under which Skadden, Smith Hulsey and other currently retained attorneys cannot represent the Debtors prior to seeking the retention of an additional law firm.

---

[2]  Please note that another firm -- Carlton Fields, P.A. (special real estate litigation counsel) -- is not included on this list because its application is still pending and neither the New York Bankruptcy Court nor this Court has entered an order authorizing the retention of Carlton Fields on an interim or final basis.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court (a) sustain the objection, (b) enter an order denying the Application in its entirety with prejudice, and (c) grant the Committee such other and further relief as is just and proper.

Dated: May 12, 2005

>AKERMAN SENTERFITT
>
>By: /s/John B. Macdonald
>John B. Macdonald
>Florida Bar No.: 230340
>Patrick P. Patangan
>Florida Bar No.: 348340
>50 North Laura Street
>Suite 2500
>Jacksonville, Florida  32202
>Phone (904) 798-3700
>Fax (904) 798-3730
>
>Proposed Counsel for the
>Official Committee of
>Unsecured Creditors of Winn-
>Dixie Stores, Inc., et al.
>
>and
>
>MILBANK, TWEED, HADLEY &
>  McCLOY LLP
>Dennis F. Dunne (DD 7543)
>Matthew S. Barr (MB 9170)
>1 Chase Manhattan Plaza
>New York, NY 10005
>(212) 530-5000
>
>Counsel for the Official
>Committee of Unsecured
>Creditors of Winn-Dixie
>Stores, Inc., et al.