**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

**MOTION FOR ORDER AUTHORIZING THE**
**SALE OF ASSETS WITH DE MINIMUS VALUE WITHOUT COURT**
**APPROVAL**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 363(b), authorizing the Debtors to sell assets with a value of $150,000 or less, free and clear of liens and without Court approval (the "Motion"). In support of the Motion the Debtors respectfully represent as follows:

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to Bankruptcy Code section 1103.

3.     The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

4.     This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.     The statutory predicates for the relief requested by the Motion are Bankruptcy Code sections 105(a), 363(b),(c),(f) and (m) and 1146(c).

**Relief Requested**

6.     The Debtors have over 900 stores, several distribution centers and various corporate offices throughout the southeastern United States. As a result of these large

holdings and the nature of their operations, the Debtors own hundreds of assets with de minimus value which are no longer of any use to the Debtors. The assets include, but are not limited to, vehicles, equipment, store displays and machinery (collectively, the "Miscellaneous Assets"). Prior to the Petition Date, the Debtors routinely sold or otherwise disposed of such Miscellaneous Assets in the ordinary course of their business.

7. Because the Debtors routinely sold such Miscellaneous Assets pre-petition in the ordinary course of business, it is likely that the Debtors need no Court approval to do so post-petition. Out of an abundance of caution, however, the Debtors seek authorization and approval of these types of sales in accordance with the procedures set forth below.

8. The Miscellaneous Assets are (i) located throughout the Debtors' various places of operation and (ii) have separate and distinct useful lives. As a result, holding one sale for all of the Miscellaneous Assets is impracticable.

9. The Miscellaneous Assets are subject to liens in favor of the Debtors' post petition secured lender. Accordingly, any sale of these assets constitutes a sale of the lender's collateral. The lender's interests are adequately protected however, because the Debtors will cause the proceeds from any sale to be applied in accordance with the terms of the Final Order approving the Post-Petition Financing (Docket No. 501) and the Loan Documents as defined in the Final Order.

**Disposition Procedures**

10. The Debtors request that the Court authorize them to sell assets to the extent they have a value equal to or less than $75,000, free of any liens, claims or interest and without Court approval under the following procedures:

    (a) Within twenty days after the end of any month in which any sale of an asset with a value less than $75,000, the Debtors shall serve a

report on (i) counsel for the Creditors Committee; (ii) the lenders; and (iii) counsel to any taxing authority affected by Bankruptcy Code section 1146(c). The report shall specify the : (i) assets sold; (ii) identity of the seller; (iii) identity of the purchaser (including a statement of any connection between the purchaser and any of the Debtors, including whether such purchaser is an "insider" or "affiliate" of any of the Debtors within the meaning of Bankruptcy Code section 101); and (iv) sale price.

11.    The Debtors propose that the Court authorize them to sell assets with a value between $75,000.01 and $150,000.00, free of any liens, claims, interests or encumbrances without Court approval under the following procedures:

(a)    The Debtors shall give notice of the sale of any asset with a value of 75,000 to $150,000 to: (i) the United States Trustee; (ii) counsel for the Creditors Committee; (iii) counsel for the lenders; (iv) any taxing authority affected by Bankruptcy Code section 1146(c); and (v) any known holder of a lien on the property that is subject to the sale (collectively, the "Notice Parties").

(b)    Ten days prior to the sale of any Miscellaneous Assets, the Debtors shall serve this notice by e-mail or facsimile so as to be received by 5:00 p.m. ET on the date of service. The notice shall specify the: (i) assets to be sold; (ii) identity of the seller; (iii) identity of the purchaser (including a statement of any connection between the purchaser and any of the Debtors, including whether such purchaser is an "insider" or "affiliate" of any of the Debtors within the meaning of Bankruptcy Code section 101); (iv) purchase price (if the disposition does not involve an auction of the Miscellaneous Assets); and (v) Debtors' marketing efforts for the sale.

(c)    The Notice Parties may file an objection to the proposed sale. The deadline for filing objections is 4:00 p.m. ET five (5) business days after receipt of the Disposition Notice. Objections shall be in writing and sent via e-mail to Smith Hulsey & Busey, Attn: Cynthia C. Jackson, cjackson@smithhulsey.com.

(d)    If the Debtors do not receive timely objections, then the Notice Parties, including any party holding a lien, are deemed to have consented to the transaction and the Debtors are deemed authorized to proceed with the proposed sale and to take all actions necessary to complete the transaction and obtain the sale proceeds.

    (e)  If a Notice Party timely objects to the proposed sale, the Debtors and the objecting Notice Party shall use good faith efforts to resolve the objection. If the Debtors and the objecting Notice Party cannot resolve the objection, the sale shall not proceed until the Debtors obtain Court approval after notice and hearing.

12.  The Debtors believe that disposing of the Miscellaneous Assets without additional Court approval provides the Debtors with the best opportunity to preserve and maximize the value of the Miscellaneous Assets for the benefit of their estates and, therefore, is in the best interests of the Debtors' creditors.

13.  Bankruptcy Code section 105(a) enables the Court to "issue any order, process or judgment that is necessary to carry out the provisions . . ." of the Bankruptcy Code. Bankruptcy Code section 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Bankruptcy Code section 102(1) defines "notice and a hearing" to mean, after such notice and an opportunity for a hearing that is appropriate in the particular circumstances. See 11 U.S.C. § 102(1). Under the circumstances of these cases – based on the de minimus value of the assets, the number of assets, the location of the assets, the debtors' lack of need for the assets and the benefit to the estate to liquidate these assets – the notice and hearing provided for in this Motion is appropriate to permit the Miscellaneous Asset sales.

14.  Sound business reasons exist for the sales. The Debtors have determined that (i) the assets are not necessary to the Debtors' ongoing business operations and (ii) the proposed procedures enable the Debtors' to realize the maximum value for the assets while providing sufficient due process to affected parties.

15. The Debtors request that the Court approve these sales free and clear of all liens, claims and encumbrances. Under Bankruptcy Code section 363(f), a debtor in possession may sell property free and clear of any lien, claim or interest of another entity in such property if any of the following circumstances pertain:

    (1)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;
    (2)    such entity consents;
    (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
    (4)    such interest is in bona fide dispute; or
    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. As indicated by the use of the disjunctive term "or," satisfaction of any one of the five requirements listed in Bankruptcy Code section 363(f) is sufficient to permit the sale of assets free and clear of any liens. See In re Elliott, 94 B.R. 343, 345 (E.D. Pa. 1988) (Section 363(f) is written in the disjunctive; the court may approve a sale "free and clear" provided that at least one of the subsections is met).

17. Bankruptcy Code section 363(f) specifically allows a debtor to sell property subject to a lien, free and clear of such lien, if such lien attaches to the net proceeds of the sale, subject to any claims and defenses that the debtor may possess with respect thereto. See In re Riverside Inv. P'ship, 674 F.2d 634, 640 (7th Cir. 1982). In this case, the Debtors propose that any lien on the assets will attach to the proceeds of the sales. Accordingly, the Debtors have met the requirements of Bankruptcy Code section 363(f).

18. The Debtors further request that the Court determine that any such sales are exempt from tax under 11 U.S.C. § 1146(c). Bankruptcy Code section 1146(c) provides that "the issuance, transfer, or exchange of a security, or the making or delivery of an instrument

of transfer under a plan confirmed under section 1129 of this title, may not be taxed under any law imposing a stamp tax or similar tax." As previously noted, Bankruptcy Code section 105(a) provides that the court may issue any order necessary to carry out the provisions of the Bankruptcy Code.

19. Consistent with Bankruptcy Code section 105(a), bankruptcy courts have broadly construed the exemption from stamp and similar taxes found in Section 1146(c) to include asset sales that occur prior to confirmation of a chapter 11 plan. The term "stamp or similar tax" includes transfer taxes. See In re Hechinger Inv. Co. of De., 254 B.R. 306 (Bankr. D. Del 2000); In re 995 Fifth Ave. Assocs., L.L.P., 116 B.R. 384 (Bankr. S.D.N.Y. 1990); In re Jacoby Bender, Inc., 40 B.R. 10 (E.D.N.Y. 1984). See also In re Webster Classic Auctions, Inc., 318 B.R. 216 (Bankr. M.D. Fla. 2004) ("The seeds of a better reasoned approach are found in the Second Circuit case of In re Jacoby-Bender, Inc.").

20. Because these sales will help fund a plan of reorganization and the proceeds will flow to the creditors through the plan of reorganization, the Court should exempt the sale proceeds from transfer taxes pursuant to Section 1146(c). See, e.g., In re Smoss Enter. Corp., 54 B.R. 950, 951 (E.D.N.Y. (pre confirmation transfer essential to fund plan qualifies for § 1146(c) exemption); In re Webster Classic Auctions, Inc., 318 B.R. 216 (§ "1146 (c) does not contain a per se temporal requirement, but rather requires appropriate notice and opportunity for parties to understand there is a debtor in bankruptcy and the transfer in question involves the debtor's property and a taxable event); In re Permar Provisions, Inc., 79 B.R. 530 (Bankr. E.D.N.Y. 1987) (sale of property one year prior to plan confirmation qualified for § 1146(c) exemption).

21.   Notice of this Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' post petition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, (e) any applicable taxing authorities and (F) counsel to the Debtors' pre petition secured lenders. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached as Exhibit A, granting the Motion and approving the sales in accordance with the proposed sale procedures described above, (b) authorizing the Debtors to sell the assets free and clear of any liens, claims and encumbrances, (c) deeming the section 1146(c) exemption applicable to all dispositions made pursuant to this Motion, and (d) granting such other relief as is just and necessary.

Dated: May 13, 2005

SMITH HULSEY & BUSEY

By /s/ Cynthia C. Jackson
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson
Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

 -and-

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Four Times Square

New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Eric M. Davis
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
One Rodney Square
P. O. Box 636
Wilmington, Delaware 19899
(302) 651-3000

ATTORNEYS FOR THE DEBTORS

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING THE SALE OF
<u>DE MINIMUS ASSETS WITHOUT COURT APPROVAL</u>**

These cases came before the Court on June 2, 2005, on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for an order authorizing the Debtors to sell assets with a fair market value of $150,000 or less free and clear of liens, upon notice and without Court approval (the "Motion").

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to sell de minimus assets with a value equal to $75,000.00 or less, free and clear of liens and without Court approval under the following notice procedures:

   (a) The Debtors shall deliver a report within twenty (20) days after the end of the month in which any such sale takes place. The report shall specify the: (i) assets sold; (ii) identity of the seller; (iii) identity of the purchaser (including a statement of any connection between the purchaser and any of the Debtors, including whether such purchaser is an "insider" or "affiliate" of any of the Debtors within the meaning of Bankruptcy Code section 101); and (iv) sale price. The Debtors shall serve such report on (i) counsel for the Official Committee of Unsecured Creditors; (ii) the Lenders; and (iii) counsel to any taxing authority affected by Bankruptcy Code section 1146(c).

3.     The Debtors are authorized to sell de minimus assets with a value of $75,000 to $150,000 free and clear of liens and without Court approval upon prior notice and the absence of any objection, under the following notice procedures:

(a)   The Debtors shall give notice (the "Disposition Notice") to: (i) the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel for the Lenders; (iv) any taxing authority affected by Bankruptcy Code section 1146(c); and (v) any readily known holder of a lien on the property that is subject to the Disposition (collectively, the "Notice Parties").

(b)   Ten days prior to any such sale, the Debtors shall serve the Disposition Notice by e-mail or facsimile so as to be received by 5:00 p.m. ET on the date of service. The Disposition Notice shall specify the: (i) assets to be sold; (ii) identity of the seller; (iii) identity of the purchaser (including a statement of any connection between the purchaser and any of the Debtors, including whether such purchaser is an "insider" or "affiliate" of any of the Debtors within the meaning of Bankruptcy Code section 101); (iv) purchase price (if the disposition does not involve an auction); and (v) Debtors' marketing efforts for the sale.

(c)   The Notice Parties may file an objection to the proposed sale. The deadline for filing objections is 4:00 p.m. ET five (5) business days after receipt of the Disposition Notice. Objections shall be in writing and sent via e-mail to Smith Hulsey & Busey, Attn: Cynthia C. Jackson, Esq., cjackson@smithhulsey.com.

(d)   If the Debtors do not receive timely objections, then the Notice Parties, including any party holding a lien, are deemed to have consented to the transaction and the Debtors are deemed authorized to proceed with the proposed sale and to take all actions necessary to complete the transaction and obtain the sale proceeds.

(e)   If a Notice Party timely objects to the proposed sale, the Debtors and the objecting Notice Party shall use good faith efforts to resolve the objection. If the Debtors and the objecting Notice Party cannot resolve the objection, the sale shall not proceed until the Debtors obtain Court approval after notice and a hearing (as defined in Bankruptcy Code section 102).

4.     The Debtors shall place all proceeds from any of these sales into a separate escrow account for each Debtor entity that disposed of assets.

5.  Any sale made pursuant to these procedures is made free and clear of all liens, claims and interests, with any such valid and perfected lien, claim or interest to attach to the net proceeds of the sale, subject to the rights, defenses, claims and objections, if any, of the Debtors and all interested parties to any asserted liens.

6.  Pursuant to Bankruptcy Code Section 1146(c), all sales made pursuant to these procedures are exempt from, and neither the Debtors nor the purchasers must pay, any sales, transfer or recording tax otherwise due and owing with respect to such sale.

7.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of May, 2005, in Jacksonville, Florida.

                                          Jerry A. Funk
                                          United States Bankruptcy Judge

00495604.2DOC