F I L E D
JACKSONVILLE, FLORIDA

MAY 1 6 2005

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al, ) | Chapter 11 |
| ) | |
| Debtors ) | Jointly Administered |
| ) | |

### OBJECTION OF OLD DIXIE PRODUCE & PACKAGING, INC. TO DEBTORS' REPORT REGARDING CLAIMS UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

Old Dixie Produce & Packaging, Inc., formerly known as Dixie Produce & Packaging, Inc. ("Old Dixie"), submits this objection pursuant to the Final Order Granting the Debtors' Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act (the "Order"), and objects to the Debtors' Report (the "Report", Exhibit 1 hereto), dated May 6, 2005, as it relates to Old Dixie's claim.[1]

1. On March 30, 2005, Old Dixie, a produce supplier licensed under PACA, submitted its PACA Claim pursuant to the Order in the aggregate sum of $240,100.65. The claim included several statements of account and the underlying invoices set forth in each statement. Annexed hereto as Exhibit 2 is a true and correct copy of Old Dixie's PACA Claim.

2. On April 27, 2005, Old Dixie's counsel received an e-mail from Ellen Gordon of Xroads Solutions Group, a consultant retained by the Debtor to assist the Debtors through the Chapter 11

---

[1] The Order is annexed to the Report.

process (Exhibit 3 hereto). Ms. Gordon advised that only $14,162.47 of Old Dixie's PACA Claim qualifies as a valid PACA Claim. After deducting post-petition invoices and reconciling certain alleged shortages and other items, Ms. Gordon advised that the remaining balance of $165,534.83 "all appears undisputed although it does not qualify for treatment under the PACA Trust," and that this portion of the claim would be treated as a general unsecured claim. Ms. Gordon reasoned, "most of your clients' invoices provide for 45 day payment terms, with very few exceptions. Any agreement by the parties, whether orally or in writing, extending the payment terms beyond 30 days extinguishes the vendor's PACA Trust right." This is legally incorrect, as discussed in Old Dixie's accompanying Memorandum of Law.

3. Old Dixie's counsel responded to Ms. Gordon's e-mail in a letter, dated April 29, 2005, addressed to Ms. Gordon and the Debtor's counsel, advising that Winn-Dixie's objection to Old Dixie's claim is unacceptable and contrary to law, and that Old Dixie's search of its records does not reveal any prior written agreement in accordance with 7 U.S.C. § 499e(c)(3) that extended the parties' payment terms in such a way as to extinguish Old Dixie's PACA rights (Exhibit 4 hereto). Old Dixie's counsel further requested that if any such agreement executed by Old Dixie exists, that Winn-Dixie provide it to Old Dixie's counsel. No such agreement has been produced, as it cannot be.

4. The Report was served on May 6, 2005. Old Dixie's claim appears as Item 13 of Exhibit D to the Report (Exhibit D to Exhibit 1) and is explained in footnote 2 thereof. The footnote states, "the Debtors have determined that approximately $165,533.00 of Old Dixie's invoices are not PACA eligible because the invoices state 'payment due in 45 days,' which exceeds the 30 days allowed by

the PACA regulations and that such credit terms extinguish the claimant's PACA Trust rights. See CFR §46.46(e)(2)." This is similarly incorrect and is based on an inaccurate interpretation of the governing statute, 7 U.S.C. §499e(c)(3), and the regulations promulgated thereunder, 7 C.F.R. § 46, *et seq*, as more fully explained in the accompanying Memorandum of Law.[2]

5. The Court is respectfully referred to Old Dixie's Memorandum of Law, which sets forth the legal basis for Old Dixie's objection to the Report and supports Old Dixie's PACA Claim.

---

[2] Although numerous Old Dixie invoices set forth payment dates beyond 30 days of the date of the invoice, only eight of the 124 Old Dixie invoices submitted contain the cited language "payment due in 45 days," as Debtors suggest. Six of these (nos. 356459, 356460, 356461, 356463,, 356465, 356468) are not invoices but "credit memos," reflecting <u>credits</u> to the Debtors, not charges. Of the remaining two invoices, one is post-petition, invoice no. 356466. The other invoice, no. 352618, dated January 31, 2005, for $200.00 is pre-petition.

WHEREFORE, it is respectfully requested that Old Dixie's Objection to the Debtors' Report Regarding Claims Under the Perishable Agricultural Commodities Act be sustained and that Old Dixie's PACA Claim be deemed an Allowed PACA Claim in the sum of, at minimum, $186,178.80, together with such other and further relief as this Court deems just and proper.

Dated: Metairie, Louisiana
       May 13, 2005

>   Respectfully submitted,
>
>   DWYER & CAMBRE
>
>   /s/ Mark G. Duncan
>   MARK G. DUNCAN (La. Bar No. 29161)
>   3421 N. Causeway Boulevard, Suite 601
>   Metairie, Louisiana 70002
>   Telephone: (504) 838-9090
>   Facsimile: (504) 838-9187

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al, | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon the following attorneys for the Debtors in this action by overnight delivery this 13TH day of May 2005.

  SKADDEN, ARPS, SLATE, MEAGHER & FLOM
  Four Times Square
  New York, New York 10036
  Attn: Sally McDonald Henry, Esq.

*[signature]*
MARK G. DUNCAN