UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' REPORT REGARDING CLAIMS UNDER THE
## PERISHABLE AGRICULTURAL COMMODITIES ACT

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), submit their Report Regarding Claims Under the Perishable Agricultural Commodities Act (the "Report").

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

official committee of unsecured creditors (the "Creditors' Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

## The Report

4. On March 22, 2005, the New York Court entered the Final Order Granting the Debtors Authority to Pay Prepetition Claims Arising Under the Perishable Agricultural Commodities Act and the Packers and Stockyard Act (the "PACA Order") (Docket No. 485).[2] A copy of the PACA Order is attached as Exhibit 1.

5. The procedures established by the PACA Order require the Debtors to file the Report with the Court setting forth (i) the Allowed PACA Claims and whether they have been paid or are scheduled to be paid, and (ii) the PACA Claims that the Debtors believe are invalid in whole or in part, setting forth in detail the legal or factual basis for such listing. The PACA Order also requires the Debtors to serve the Report on all parties listed therein.

6. The Debtors and their professionals have devoted a significant amount of time and effort to reviewing, analyzing, and paying many of the PACA Claims. In total, the Debtors

---

[2] All capitalized terms not otherwise defined in this Report, shall have the meaning ascribed to such terms in the PACA Order.

received notices from 118 Claimants asserting PACA Claims, in aggregate, of approximately $32 million. To date, the Debtors have paid 81 Allowed PACA Claims in the aggregate amount of $19,625,035. In addition, the Debtors intend to pay 18 additional Claimants asserting Allowed PACA Claims, in aggregate, of $3,224,551 within ten days of the date of this Report.

7. The Report contains Exhibits A, B, C and D.

    (i) Exhibit A lists those Claimants that held an Allowed PACA Claim and to whom payment in full has been made.

    (ii) Exhibit B lists those Claimants that held an Allowed PACA Claim and to whom payment will be made no later than 10 days after the date of this Report.

    (iii) Exhibit C lists the PACA Claims of those Claimants that have been partially reconciled to indicate those portions of such Claimants' Claims that the Debtors believe to be valid, and to indicate the portions of those Claims that have not been reconciled at the time of the Report. The valid portions of these Claims will be paid within ten days of this Report. Portions of these Claims have not been reconciled because the Claimants have yet to provide documentation in support of their Claims (such as missing invoices, purchase orders, proofs of delivery and/or confirmation of delivery shortages) to the Debtors. The Debtors intend to continue discussing the unreconciled portions of the Claims listed on Exhibit C with the applicable Claimants in order to resolve and pay, if appropriate, the valid portions of those Claims.

    (iv) Exhibit D lists PACA Claims that the Debtors believe to be invalid PACA Claims and therefore will not be paid pursuant to the terms of the Final PACA Order. The reasons for such invalidity are set forth on Exhibit D.

8. The Report is based on the Debtors' books and records and information proved by the Claimants as of May 6, 2005. The Debtors reserve the right to modify the Report and/or interpose new objections upon the receipt of new or corrected information.

## Notice

9. The Report has been sent (i) by first-class mail to (a) the Office of the United States Trustee for the Middle District of Florida, Jacksonville Division, (b) counsel for the agent for the Debtors' secured lenders, (c) counsel for the Creditors' Committee, and (d) all Claimants whose PACA Claims are listed in the Report and who are not represented by counsel, and (ii) by electronic mail to all attorneys who have entered an appearance in this case on behalf of any Claimant.

Dated: May 6, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  /s/ D. J. Baker  <br>D. J. Baker<br>Sally McDonald Henry<br>Thomas J. Matz<br>Sina Toussi<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile) | By  /s/ Cynthia C. Jackson  <br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile) |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

495053.1

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x
In re                                                   :
                                                        :    Chapter 11
                                                        :
WINN-DIXIE STORES, INC., et al.,                        :    Case No. 05-11063
                                                        :
                    Debtors.                            :    (Jointly Administered)
                                                        :
————————————————————————x

### FINAL ORDER GRANTING THE DEBTORS AUTHORITY TO PAY PREPETITION CLAIMS ARISING UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

Upon the Motion[1] dated February 21, 2005 (the "Motion") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order for authority to pay undisputed prepetition claims arising under the Perishable Agricultural Commodities Act, of 1930, as amended, 7 U.S.C. §§ 499a *et seq.* and/or the Packers and Stockyards Act of 1921, as amended, 7 U.S.C. §§ 181 *et seq.* (together, "PACA") and to establish procedures for addressing disputed claims asserted under PACA as more fully set forth in the Motion and on the record of the March 18, 2005 hearing on the Motion; and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and

---

[1]  Unless otherwise defined herein, capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the Office of the United States Trustee, (ii) counsel for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors on a consolidated basis, and no other or further notice being required; and, as stated on the record at the Hearing, all objections to the Motion having been resolved by the amendments to the proposed form of relief, set forth herein; and the relief requested in the Motion as modified hereby being in the best interests of the Debtors, their estates, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein ("Final PACA Order"); and it is further

ORDERED that on or before 5:00 p.m. prevailing Eastern Time, Monday, March 21, 2005, the agent under the Debtors' DIP financing agreement shall establish a reserve (the "PACA Reserve") in the amount of $30 million (the "Reserve Level") against the Debtors' borrowing base to take into account the prepetition liabilities of any Debtor to any PACA Claimant (as defined below); provided, however, that nothing contained in this Final PACA Order shall limit or impair in any way the rights of the agent under the Debtors' DIP financing agreement to establish any reserve against the Debtors' borrowing base, including, without

limitation, a reserve in respect of any PACA Claim not addressed in this Final PACA Order, in accordance with the terms and conditions of such DIP financing agreement; and it is further

ORDERED that the PACA Reserve shall only be used to pay Allowed PACA Claims and may not be otherwise withdrawn until all valid prepetition PACA Claims have been paid in full; and it is further

ORDERED that the Reserve Level shall be reduced from time to time by the amount of payments made by the Debtors to holders of Allowed PACA Claims; and it is further

ORDERED that in the event that the amount of prepetition PACA Claims listed in the Report, as defined below, is greater than the balance of the Reserve Level on the date of the Report (the "PACA Reserve Shortfall"), the Debtors shall, within five business days, increase the Reserve Level as necessary to eliminate the PACA Reserve Shortfall; and it is further

ORDERED that in the event the amount of prepetition PACA Claims listed in the Report is less than the balance of the Reserve Level on the date of the Report (the "PACA Reserve Excess"), the Debtors may, without further notice or Court order, reduce the balance of the Reserve Level to eliminate any PACA Reserve Excess; and it is further

ORDERED that the procedures described below (the "PACA Procedures") are hereby approved and shall be implemented by the Debtors:

    a. <u>PACA Notices</u>. Any seller seeking the protection of the PACA Trust (the "Claimant") must have preserved its PACA trust claim (the "PACA Claim") by (i) sending the Debtors a separate, valid notice within the appropriate time period or (ii) including the statutorily prescribed language on its invoices sent to the Debtors as provided in PACA (collectively "PACA Notice") on or before the statutory deadline.

b. <u>Notice of Final PACA Order</u>. The Debtors shall send a copy of this Final Order by first-class mail to all persons or entities who have delivered a PACA Notice (or a document that purports to be a valid and timely PACA Notice) to the Debtors.

c. <u>Allowed PACA Claims</u>. Debtors shall have all PACA Claims evaluated as soon as practicable, but in no event later than forty-five (45) days after entry of this Final PACA Order. If the Debtors determine that a PACA Claim asserted in a PACA Notice is valid and agree with the amount asserted (an "Allowed PACA Claim"), the Debtors shall pay such Allowed PACA Claim within ten (10) business days following the date such PACA Claim is so determined to be valid. Any holder of an Allowed PACA Claim that accepts payment from the Debtors on account of its PACA Claim shall be deemed to have waived, released, and discharged any and all claims, of any type, kind, or priority on account of or in connection with its PACA Claim, including any and all claims against the (i) Debtors, (ii) any former, present, or future officer, director, shareholder, agent or employee of the Debtors, (iii) the Debtors' assets and properties, and (iv) any funds or amounts held in trust by the Debtors to the extent of such payment. In the event of a dispute as to the validity of only a portion of a PACA Claimant's PACA Claim, the Debtors shall pay the valid, undisputed portion of such PACA Claim as an Allowed PACA Claim.

d. <u>PACA Claim Report</u>. As soon as practicable, but in no event later than forty-five (45) days after entry of the Final PACA Order, the Debtors will file a

4

report ("Report") with the Court that lists the Allowed PACA Claims and whether they have been paid or are scheduled to be paid, as well as the PACA Claims the Debtors believe are invalid in whole or in part, setting forth in detail the legal and factual basis for the dispute.

1. The Report shall be sent by first-class mail to the following parties: (i) the Office of the United States Trustee for the Southern District of New York, (ii) counsel for the agent for the Debtors' secured lenders, and (iii) counsel for any statutory committee appointed in the Debtors' Chapter 11 cases.

2. In addition, a copy of the Report and a copy of the Final PACA Order shall be sent, by first-class mail, to all Claimants whose PACA Claims are listed in the Report not represented by counsel, and by electronic mail to all attorneys who have entered an appearance in this case on behalf of any Claimants.

e. <u>Objections</u>. The deadline for a Claimant to object to (i) the inclusion of its PACA Claim in the Report in whole or in part as an invalid claim, and (ii) to the exclusion or omission of its PACA Claim from the Report shall be 4:00 p.m. prevailing Eastern Time on the day that is twenty (20) calendar days from the day on which the Report is filed with the Court and served as set forth herein. Any objection to the Report must set forth in detail the legal and factual basis for the objection and must be filed with the Court and received by Skadden, Arps, Slate, Meagher & Flom LLP, attorneys for the Debtors, Four Times Square, New York, New York, 10036, Attn: Sally McDonald Henry, Esq., on or before the objection deadline.

f. <u>Effect of the Report</u>.

1. With respect to each PACA Claim listed in the Report as invalid (in whole or in part) and as to which characterization no objection is timely filed and received, such PACA Claim shall be deemed an invalid PACA Claim (in whole or in part, as

5

specified in the Report) without further order of the Court and, to the extent invalid, shall not be entitled to the priorities provided under PACA.

2. With respect to each PACA Claim listed in the Report as invalid (in whole or in part) and as to which characterization an objection is timely filed and received, and the parties resolve the objection, such PACA Claim shall be treated as an Allowed PACA Claim or a disallowed PACA Claim, in whole or in part, as agreed to by the parties, without further order of the Court, upon the filing by the Debtors of a notice setting forth the agreement of the parties.

3. As to any PACA Claim which the Debtors believe to be valid in part or invalid in part, the Debtors shall pay the valid portion of the PACA Claim within ten (10) business days following the filing of the Report, or the Debtors' determination of the validity of a portion of the PACA Claim, whichever comes first.

4. With respect to each PACA Claim listed in the Report as invalid (in whole or in part) and as to which an objection is timely received and the objection cannot be resolved by the parties, such PACA Claim shall not be deemed valid or invalid except upon order of the Court. If a resolution is not reached by at least fifty (50) days after the date on which the Report is filed (the "Resolution Period"), or such longer period as may be agreed to by the claimant, the Debtors shall file a motion for determination of the objecting party's PACA Claim within ten (10) days from the end of the Resolution Period and set such motion for hearing at the next regularly scheduled omnibus hearing occurring more than twenty (20) days after the filing of the motion for determination, unless another hearing date is agreed to by the parties or ordered by the Court (the "Determination Hearing"). The objecting party's PACA Claim, if any, shall be deemed an Allowed PACA Claim to the extent so determined by the Court in the Determination Hearing or as agreed to by the Debtors and the objecting party prior to such determination by the Court or following ten (10) days after expiration of the Resolution Period if the Debtors fail to file a motion for determination by the end of such period;

and it is further

ORDERED that the PACA Procedures are the sole and exclusive method permitted with respect to the resolution and payment of PACA Claims asserted against the

6

Debtors. Except as otherwise provided herein, all vendors with PACA Claims are prohibited from seeking any other remedy than is permitted by the PACA Procedures above, including the institution or prosecution of any adversary proceeding, the filing of motions for turnover of property or other assets not property of the Debtors' estates, or the filing of any other motion or actions related to the PACA Claims against (i) the Debtors, (ii) any former, present or future officer, director, shareholder, agent or employee of the Debtors, (iii) the Debtors' assets and properties, and (iv) any third parties; and it is further

ORDERED that any action to enforce any alleged PACA Claim, except in accordance with the PACA Procedures, whether currently pending or initiated in the future, shall be and hereby is, stayed, and the claims asserted therein shall be subject to the PACA Procedures;[2] provided that if the Debtors fail to pay Allowed PACA Claims with respect to any PACA Claimant as required by the PACA Procedures, then that Claimant will not be bound by the stay provisions of either this or the preceding paragraph; and it is further

ORDERED that nothing in this Final PACA Order, nor any action taken by the Debtors in furtherance of the implementation of this Final PACA Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final PACA Order shall create any rights in favor of, or enhance the status of any claim held by, any Claimant or any third party; and it is further

ORDERED that notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final PACA Order shall prejudice, vitiate or impair the

---

[2] No further steps or actions of any nature whatsoever, other than either to remove or to add plaintiffs, shall be taken until May 9, 2005 in Adversary Proceeding No 05-1169.

7

rights or status of any vendors with Allowed PACA Claims (i) under state or federal law or (ii) with respect to any liens or claims of any pre- or post-petition lender to the Debtors; and it is further

ORDERED that nothing in this Final PACA Order shall be deemed a waiver of the prompt payment requirements contained in PACA or an extension of payment terms; and it is further

ORDERED that, notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Final PACA Order shall be effective immediately upon its entry; and it is further

ORDERED that by the payment and acceptance under the PACA Procedures, the Debtors and the holder of a PACA Claim shall be deemed to agree that the Debtors do not in any way waive any claims they may have against any vendor relating to preferential or fraudulent transfers, or other potential avoidance actions, claims, counterclaims or offsets with respect to said vendors; nor does the holder of a PACA Claim waive or release its right to assert any defenses, claims, counterclaims, offset, non-PACA Claims, or PACA Claims not covered by the Debtors' payment under the PACA Procedures, which the holder of a PACA Claim may have against the Debtors; and it is further

ORDERED that the holder of an Allowed PACA Claim is deemed to warrant that it has not assigned any of its rights to its PACA Claim, unless the Debtors have received written notice addressed to Mike Krage, Director of Produce, Winn-Dixie Stores Inc., 5050 Edgewood Court, Jacksonville, Florida, 32254, (904) 370-7130, of such assignment before any payment is made by the Debtors. In such case, the assignee shall be treated as the holder of the Allowed PACA Claim; and it is further

8

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final PACA Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: March 22, 2005
      New York, New York

                                    /s/ Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE

9

# Exhibit A
## Winn-Dixie Stores, Inc., et al.
## Allowed PACA Claims
(Paid on or before May 6, 2005)

|    | PACA Claimant | Amount Paid |
|----|---------------|-------------|
| 1  | A Duda & Sons, Inc | 70,402.11 |
| 2  | A Martinez Produce | 510,299.69 |
| 3  | A1A Foods, Inc | 4,339.50 |
| 4  | AG Pro Tropicals, Inc | 40,865.50 |
| 5  | Baker Farms | 432,944.40 |
| 6  | Bay City Produce | 84,188.15 |
| 7  | Birds Eye | 299,118.95 |
| 8  | Brooks Tropicals, Inc | 25,273.50 |
| 9  | Burch Farms | 58,769.00 |
| 10 | Cavendish Farms | 58,549.25 |
| 11 | Chiquita Fresh NA | 124,293.45 |
| 12 | Chiquita Frupac | 7,505.55 |
| 13 | Chubs Peanuts | 6,568.37 |
| 14 | Church Brothers, LLC | 381,762.20 |
| 15 | Clayton Rawls Farms | 179,542.95 |
| 16 | Crews & Garcia, Inc | 22,841.50 |
| 17 | David Oppenheimer and Company 1, LLC | 64,292.36 |
| 18 | DLJ Produce, Inc | 1,875,058.44 |
| 19 | Five Brothers Produce | 9,351.97 |
| 20 | Flavor-Pic Tomato Co, Inc | 1,400,519.32 |
| 21 | Florida Fresh International, Inc | 59,733.65 |
| 22 | Francis Produce Company | 254,433.75 |
| 23 | Fresh Frozen Foods | 17,909.00 |
| 24 | Fresh Start Produce | 673,727.95 |
| 25 | Freshouse II | 12,950.21 |
| 26 | General Mills | 275,000.00 |
| 27 | General Produce, Inc | 7,405.44 |
| 28 | Giumarra Vineyards | 198,351.18 |
| 29 | Global Berry Farms | 56,649.87 |
| 30 | Gulf Coast Produce | 223,442.10 |
| 31 | Hinton Farms | 83,978.06 |
| 32 | Hollar & Greene | 99,345.30 |
| 33 | I Kunik Company | 17,218.50 |
| 34 | Ibertrade Commercial Corp | 8,497.50 |
| 35 | Imports Unlimited | 11,214.00 |
| 36 | Indian Hills Produce, Inc | 166,794.80 |
| 37 | Infinite Herbs, LLC | 148,274.85 |
| 38 | J&D Produce | 35,958.51 |
| 39 | Jac Vandenberg, Inc | 28,854.25 |
| 40 | John Cope's Food Products, Inc | 271,394.74 |
| 41 | Johnny's Quality Food, Inc | 26,915.00 |
| 42 | K&C Produce Co, Inc | 43,780.50 |
| 43 | L&M Companies | 939,387.30 |
| 44 | Lake Placid Groves, LLC | 408,158.80 |
| 45 | M Richards & Sons Inc | 32,440.00 |
| 46 | Manny Lawrence Produce | 951,490.44 |
| 47 | Markers 29 Produce | 31,128.70 |

# Exhibit A
## Winn-Dixie Stores, Inc., et al.
## Allowed PACA Claims
(Paid on or before May 6, 2005)

|    | PACA Claimant | Amount Paid |
|----|---------------|-------------|
| 48 | Michael Foods, Inc | 52,909.26 |
| 49 | Mineral King Products | 136,639.66 |
| 50 | Mineral King Products - Second Claim | 9,552.00 |
| 51 | Movsovitz & Sons of Florida | 63,590.14 |
| 52 | N&W Produce | 56,115.00 |
| 53 | Oakshire Mushrooms | 546,810.33 |
| 54 | Oso Sweet Onions | 545,639.00 |
| 55 | PAC Fruit Company, LLC | 1,094,160.90 |
| 56 | Pacific Sales Company | 55,459.09 |
| 57 | Pero Packing & Sales, Inc | 170,452.68 |
| 58 | Pioneers Growers Cooperative | 127,222.55 |
| 59 | PowerHouse Produce, LLC | 2,386,597.57 |
| 60 | Richter & Company, Inc | 69,096.45 |
| 61 | Ruiz Sales | 33,808.00 |
| 62 | Santa Sweets | 11,472.93 |
| 63 | Schoenmann Produce Company | 19,707.63 |
| 64 | Seald Sweets | 220,259.78 |
| 65 | Sol Marketing Group | 206,650.33 |
| 66 | Southern Specialties | 41,702.11 |
| 67 | Spice World | 221,238.21 |
| 68 | Sun City Produce | 54,444.80 |
| 69 | SunFresh of Florida Marketing Cooperative, Inc | 45,132.80 |
| 70 | Sunkist | 523,114.90 |
| 71 | Sunny Fresh Citrus | 720.00 |
| 72 | Sysco Central Alabama | 2,451.30 |
| 73 | Sysco South Florida | 1,714.23 |
| 74 | Team Produce International | 139,712.90 |
| 75 | The Pictsweet Company | 184,974.67 |
| 76 | Tim Edmondson Farms | 84,148.67 |
| 77 | Unifrutti | 1,212,475.33 |
| 78 | West Pak Avocado, Inc | 229,711.92 |
| 79 | Wilson & Sons | 193,360.20 |
| 80 | Wishnatzki Farms | 136,628.10 |
| 81 | Wm G Roe & Sons, Inc dba Noble Worldwide | 6,441.61 |
|    | **Total** | **19,625,035.61** |

## Exhibit B
### Winn-Dixie Stores, Inc., et al.
### Allowed PACA Claims
(To Be Paid Within 10 Days)

|    | PACA Claimant | Amount To Be Paid |
|----|---------------|------------------:|
| 1  | American Fruit & Produce | 926.25 |
| 2  | Ayco Farms Inc | 22,806.50 |
| 3  | Bailey Farms | 42,276.77 |
| 4  | BBI Produce Inc | 59,589.00 |
| 5  | Caribbean Gold Inc | 1,360.00 |
| 6  | Coast Tropical | 95,615.25 |
| 7  | Collins Brothers Produce | 29,860.25 |
| 8  | Cottle Strawberry Nursery, Inc | 51,074.25 |
| 9  | Fresh Express Incorporated | 1,374,173.73 |
| 10 | Heller Bros | 9,720.00 |
| 11 | Joseph C Sullivan & Co | 68,646.75 |
| 12 | Leasa Industries Co Inc | 104,440.65 |
| 13 | Monterey Mushrooms Inc | 1,444.00 |
| 14 | Ray Gilliland Melons | 6,604.00 |
| 15 | Rosemont Farms | 178,843.65 |
| 16 | Valley Shore Farms | 82,467.50 |
| 17 | Yakima-Roche Fruit Sales, LLC | 1,093,463.42 |
| 18 | Yarbrough Produce Co | 1,240.00 |
|    | **Total** | **3,224,551.97** |

## Exhibit C
### Winn-Dixie Stores, Inc., et al.
### PACA Claims Not Fully Reconciled (1)

| | PACA Claimant | Amount Claimed | Reconciled Portion to Be Paid within 10 Days | Portion Subject to Further Reconciliation and Resolution |
|---|---|---:|---:|---:|
| 1 | Avomex | 17,296.00 | 15,396.00 | 1,900.00 |
| 2 | CH Robinson Company | 2,524,543.41 | 2,446,047.15 | 78,496.26 |
| 3 | Del Monte Fresh Produce NA | 1,408,118.78 | 1,195,998.74 | 212,120.04 |
| 4 | Dole Fresh Fruit | 1,822,539.97 | 1,578,720.33 | 243,819.64 |
| 5 | Dole Fresh Vegetables, Inc. | 452,209.62 | 363,333.54 | 88,876.08 |
| 6 | Frieda's, Inc. | 4,278.09 | 2,838.80 | 1,439.29 |
| 7 | Frozsun Foods, Inc. | 116,122.07 | 114,950.77 | 1,171.30 |
| 8 | Heinz North America (2) | 911,814.78 | 106,749.76 | 805,065.02 |
| 9 | Incredible Fresh | 29,310.25 | 23,626.25 | 5,684.00 |
| 10 | Lamb-Weston | 225,400.30 | 194,058.46 | 31,341.84 |
| 11 | Mar-Bran | 115,318.73 | 97,377.38 | 17,941.35 |
| 12 | Marjon Specialty Foods, Inc | 48,615.15 | 37,742.30 | 10,872.85 |
| 13 | Mastronardi Produce, Ltd. | 482,350.60 | 478,350.60 | 4,000.00 |
| 14 | Matrana's Produce, Inc. | 64,039.90 | 62,419.90 | 1,620.00 |
| 15 | W P Produce Corp. | 112,376.25 | 102,727.75 | 9,648.50 |
| | Total | 8,334,333.90 | 6,820,337.73 | 1,513,996.17 |

(1) Portions of these Claims have not been reconciled because the Claimants have yet to provide documentation in support of their Claims (such as missing invoices, purchase orders, proofs of delivery and/or confirmation of delivery shortages) to the Debtors. The Debtors intend to continue discussing the unreconciled portions of the Claims listed on this Exhibit C with the applicable Claimants in order to resolve and pay, if appropriate, the valid portions of those Claims.

(2) The Debtors believe that the majority of the unreconciled portions of Heinz North America's ("Heinz") PACA Claim is for non-PACA qualified products. Heinz has recently retained counsel and the Debtors will continue working with Heinz and its counsel to resolve the unreconciled portions of the claim.

## Exhibit D
### Winn-Dixie Stores, Inc., et al.
### Invalid PACA Claims

| | PACA Claimant | Amount Claimed | PACA Eligible Portion | PACA Ineligible Portion | Reasons claim is invalid |
|---|---|---|---|---|---|
| 1 | Boyds Produce | 1,620.00 | 0.00 | 1,620.00 | See Footnote (1) |
| 2 | Browns Produce | 4,207.00 | 0.00 | 4,207.00 | See Footnote (1) |
| 3 | Greens R Us | 12,628.00 | 0.00 | 12,628.00 | See Footnote (1) |
| 4 | Hampton Farms | 60,875.50 | 0.00 | 60,875.50 | See Footnote (1) |
| 5 | Mariani Packing Co Inc | 30,434.75 | 0.00 | 30,434.75 | See Footnote (1) |
| 6 | Paramount Farms | 21,583.18 | 0.00 | 21,583.18 | See Footnote (1) |
| 7 | Stovel-Siemon Limited | 17,325.00 | 0.00 | 17,325.00 | See Footnote (1) |
| 8 | Waymouth Farms Inc | 9,767.60 | 0.00 | 9,767.60 | See Footnote (1) |
| 9 | Yves Fine Foods | 6,612.50 | 0.00 | 6,612.50 | See Footnote (1) |
| 10 | M H Zeigler & Sons LLC | 3,060.00 | 0.00 | 3,060.00 | Non-PACA Qualified Merchandise |
| 11 | Future Foods, Ltd. | 528,604.74 | 0.00 | 528,604.74 | Non-PACA Qualified Merchandise |
| 12 | L&R Farms, Inc. | 266,399.10 | 0.00 | 266,399.10 | Non-PACA Qualified Merchandise |
| 13 | Old Dixie Packaging & Produce | 186,178.80 | 14,162.47 | 172,016.33 | See Footnote (2) |
| | **Total** | **1,149,296.17** | **14,162.47** | **1,135,133.70** | |

(1) PACA Claim is invalid because Claimant did not preserve its PACA trust claim by either (i) sending the Debtors a separate, valid notice or (ii) including the statutorily prescribed language on invoices sent to the Debtors in accordance with paragraph (a) on page 3 of the Final PACA Order.

(2) Old Dixie Produce & Packaging, Inc. ("Old Dixie") has asserted a PACA Claim in the amount of $240,100.65. Of that amount, $53,921.85 was for post-petition invoices which are not covered by the Final PACA Order but, nevertheless, will be paid in the ordinary course of the Debtors' business. $14,162.47 of Old Dixie's invoices have been deemed an Allowed PACA Claim and will be paid no later than 10 days from the date of this Report. Approximately $6,481 of Old Dixie's invoices have not been reconciled and the Debtors intend to continue discussing these invoices with Old Dixie in order to resolve and pay the valid portions, if any, of the PACA Claim. Finally, the Debtors have determined that approximately $165,533 of Old Dixie's invoices are not PACA eligible because the invoices state "payment due in 45 days," which exceeds the 30 days allowed by the PACA regulations and that such credit terms extinguish the Claimant's PACA trust rights. See C.F.R. § 46.46(e)(2).