**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**RESPONSE OF CERTAIN TRADE VENDORS IN SUPPORT OF**
**DEBTORS' MOTION FOR ORDER EXTENDING THE DEADLINE**
**TO FILE STATEMENT OF RECLAMATION AND VALUE NOTICES**

The Clorox Sales Co., ConAgra Foods, Inc., Conopco, Inc., Frito-Lay, Inc., General Mills Inc., Kraft Foods Global, Inc., Masterfoods USA, a division of Mars, Inc., Nestle USA, Inc., Pepsi Bottling Group, The Procter & Gamble Distributing Co., Quaker Sales & Distribution, Inc., Sara Lee Corporation, and S. C. Johnson & Son, Inc. (the "Trade Vendors") support the Debtors' Motion for Order Extending the Deadline to File Statement of Reclamation and Value Notices (the "Motion") and state as follows:

1. The Trade Vendors assert significant Reclamation Claims and are the parties with whom the "Debtors are negotiating" (as referenced in the Motion) in an effort "to resolve the [Reclamation Claims] consensually and to avoid the time, expense and inherent risk involved in any litigation".

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Based on their experience in similar bankruptcy cases involving the resolution of similar issues with respect to Reclamation Claims, the Trade Vendors believe it will be beneficial to all constituencies for these efforts to proceed with representatives of the Debtors, the Official Committee of Unsecured Creditors (the "Committee") and the Trade Vendors working together for the development of a process to resolve Reclamation Claims and to address certain other trade issues.

3. The Trade Vendors submit that no party can be significantly prejudiced by the relief sought by the Motion (an extension of time for the filing of the Statement of Reclamation and the Value Notices). Any resolution reached through this process will necessarily avoid time-consuming and expensive litigation that might otherwise result from the filing of the Statement of Reclamation and the filing of any Value Notices.

4. The Trade Vendors note that the Motion contains a footnote which states that holders of Reclamation Claims reserve the right to request this Court to limit the extension of the Value Notices deadline to a date earlier than June 30, 2005 "pending the clarification of the applicability of another pending deadline to the holders of the Reclamation Claims".

5. The Trade Vendors assert there is no such other deadline applicable to the rights of vendors to assert Reclamation Claims.

6. To be specific, the Final Reclamation Order (Docket No. 626) sets forth those defenses which can and which cannot be asserted against Reclamation Claims. The Final Reclamation Order further incorporates various reservations of rights in favor of the holders of Reclamation Claims and certain other qualifications/limitations to defenses against Reclamation Claims pursuant to the Final ("DIP") Financing Order (Docket No. 501).

7. Again, to be specific, while Paragraph 15(e) of the Final Financing Order may impose a time limit upon the Committee with respect to various challenges it may be permitted to make against the Pre-Petition Lender, the Pre-Petition Lender Debt and/or the Pre-Petition Lender Collateral (all as defined in the Final Financing Order), none of those limitations has any impact upon these Trade Vendors, or any other trade vendor, in the assertion or determination of Reclamation Claims.

8. To the extent any party, including the Lenders (the DIP lenders as defined in the Final Financing Order) contends otherwise, the Court, the Trade Vendors and all other trade vendors asserting Reclamation Claims should be so advised.

Accordingly, on the basis set forth above, the Trade Vendors support the relief requested in the Motion (i) that the deadline for the Statement of Reclamation now required to be filed on May 23, 2005 be extended to June 30, 2005, (ii) that the deadline for Value Notices now required to be filed on June 3, 2005 also be extended to June 30, 2005 and (iii) that otherwise all other provisions of the Final Reclamation Order be preserved without prejudice, and for the benefit of, the Trade Vendors, and all other trade vendors and any other party asserting a Reclamation Claim.

Dated: May 16, 2005

DLA PIPER RUDNICK GRAY CARY US LLP

By:/s/     Mark J. Friedman_____
Mark J. Friedman
Daniel Carrigan
Janice L. Duban
6225 Smith Avenue
Baltimore, MD 21209
Telephone: (410) 580-4153
Facsimile: (410) 580-3001

- and -

- 4 -

          By:/s/    Philip V. Martino_____
              Philip V. Martino
        Florida Bar Number 079189
        101 East Kennedy Boulevard
        Suite 2000
        Tampa, FL 33602-5149
        Telephone:  (813) 229-2111
        Facsimile:  (813) 229-1447

Attorneys for: The Clorox Sales Co.; ConAgra Foods, Inc.; Conopco, Inc.; Frito-Lay, Inc.; General Mills Inc.; Kraft Foods Global, Inc.; Masterfoods USA, a division of Mars, Inc.; Nestle USA, Inc.; Pepsi Bottling Group; The Proctor & Gamble Distributing Co.; Quaker Sales & Distribution, Inc.; Sara Lee Corporation; and S. C. Johnson & Son, Inc.