**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                  Chapter 11

Winn Dixie Stores, Inc., et al.                         Case No. 05-03817-3F1

                                                                        (Jointly Administered)

**MONTHLY OPERATING STATEMENT FOR THE**
**PERIOD FROM MARCH 10, 2005 TO APRIL 6, 2005**

DEBTORS' ADDRESS:                           WINN-DIXIE STORES, INC.
                                                            5050 EDGEWOOD COURT
                                                            JACKSONVILLE, FL 32203

DEBTORS' ATTORNEYS:                       SKADDEN, ARPS, SLATE, MEAGHER
                                                            & FLOM, LLP
                                                            ATTN: D.J. BAKER
                                                            FOUR TIMES SQUARE
                                                            NEW YORK, NY 10036

                                                            SMITH HULSEY & BUSEY
                                                            ATTN: STEPHEN D. BUSEY
                                                            225 WATER STREET
                                                            SUITE 1800
                                                            JACKSONVILLE, FL 32202

REPORT PREPARER:                             WINN-DIXIE STORES, INC.

THIS OPERATING STATEMENT MUST BE SIGNED BY A REPRESENTITIVE OF THE DEBTOR

The undersigned, having reviewed the attached report and being familiar with the Debtors' financial affairs, verifies under penalty of perjury, that the information contained therein is complete, accurate and truthful to the best of my knowledge.

Date: May 16, 2005                                    /s/ Bennett L. Nussbaum
                                                            Bennett L. Nussbaum
                                                            Senior Vice President and Chief Financial Officer

Indicate if this is an amended statement by checking here          AMENDED STATEMENT _____

## WINN-DIXIE STORES, INC., et al.
## CASE NO. 05-03817-3F1
## JOINTLY ADMINISTERED

## INDEX TO CONSOLIDATED FINANCIAL STATEMENTS AND SCHEDULES

|  | **PAGE** |
|---|---|
| Financial Statements as of and for the four weeks ended April 6, 2005: | |
| Consolidated Balance Sheet (Unaudited) | 1 |
| Consolidated Statement of Operations (Unaudited) | 2 |
| Consolidated Statement of Cash Flows (Unaudited) | 3 |
| Notes to Consolidated Financial Statements (Unaudited) | 4 |
| Schedules: | |
| Schedule 1: Total Disbursements by Filed Legal Entity | 10 |
| Schedule 2: Schedule of Federal, State & Local Taxes Collected, Received, Due or Withheld | 11 |
| Schedule 3: Certification | 12 |
| Schedule 4: Accounts Receivable Aging Summary | 12 |
| Schedule 5: Summary of Unpaid Post-petition Accounts Payable | 12 |

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

## CONSOLIDATED BALANCE SHEET (UNAUDITED)

| Amounts in thousands | | April 6, 2005 |
|---|---|---:|
| **ASSETS** | | |
| Current assets: | | |
| Cash and cash equivalents | $ | 34,224 |
| Marketable securities | | 19,507 |
| Trade and other receivables, less allowance for doubtful items of $5,926 | | 175,857 |
| Insurance claims receivable | | 19,496 |
| Income tax receivable | | 34,031 |
| Merchandise inventories, less LIFO reserve of $210,270 | | 791,423 |
| Prepaid expenses and other current assets | | 108,884 |
| Total current assets | | 1,183,422 |
| Property, plant and equipment, net | | 827,702 |
| Other assets, net | | 117,789 |
| Total assets | $ | 2,128,913 |
| **LIABILITIES AND SHAREHOLDERS' EQUITY** | | |
| Current liabilities: | | |
| Current portion of long-term debt | $ | 282 |
| Current obligations under capital leases | | 2,811 |
| Accounts payable | | 113,473 |
| Reserve for workers' compensation insurance claims and self-insurance | | 79,167 |
| Accrued wages and salaries | | 90,825 |
| Accrued rent | | 2,332 |
| Accrued expenses | | 103,517 |
| Total current liabilities | | 392,407 |
| Reserve for workers' compensation insurance claims and self-insurance | | 133,165 |
| Long-term debt | | 390 |
| Long-term borrowings under DIP Credit Facility | | 106,277 |
| Obligations under capital leases | | 7,905 |
| Other liabilities | | 18,924 |
| Total liabilities not subject to compromise | | 659,068 |
| Liabilities subject to compromise | | 1,126,688 |
| Total liabilities | | 1,785,756 |
| Shareholders' equity: | | |
| Common stock | | 141,947 |
| Additional paid-in-capital | | 31,337 |
| Retained earnings | | 189,704 |
| Accumulated other comprehensive loss | | (19,831) |
| Total shareholders' equity | | 343,157 |
| Total liabilities and shareholders' equity | $ | 2,128,913 |

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

## CONSOLIDATED STATEMENT OF OPERATIONS (UNAUDITED)

| Amounts in thousands | Four weeks ended April 6, 2005 |
|---|---:|
| Net sales | $ 758,936 |
| Cost of sales, including warehouse and delivery expenses | 569,573 |
| Gross profit on sales | 189,363 |
| Other operating and administrative expenses | 213,750 |
| Impairment charges | 51,265 |
| Restructuring gains | (763) |
| Operating loss | (74,889) |
| Interest expense, net | 6,397 |
| Loss before reorganization items and income taxes | (81,286) |
| Reorganization items, net | (64,869) |
| Loss from continuing operations before income tax | (16,417) |
| Income tax expense | - |
| Net loss from continuing operations | (16,417) |
| Discontinued operations: | |
| Loss from discontinued operations | (2,459) |
| Loss on disposal of discontinued operations | (65,301) |
| Income tax expense | - |
| Net loss from discontinued operations | (67,760) |
| Net loss | $ (84,177) |

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

### CONSOLIDATED STATEMENT OF CASH FLOWS (UNAUDITED)

| Amounts in thousands | April 6, 2005 |
|---|---:|
| **Cash flows from operating activities:** | |
| Net loss | $ (84,177) |
| Adjustments to reconcile net loss to net cash used in operating activities: | |
|   Gain on sale of facilities | (851) |
|   Reorganization items, net | (64,869) |
|   Depreciation and amortization | 11,710 |
|   Impairment charges | 52,606 |
|   Stock compensation plans | (737) |
|   Change in operating assets and liabilities: | |
|     Trade and other receivables | (40,194) |
|     Merchandise inventories | (46,517) |
|     Prepaid expenses and other current assets | (99) |
|     Accounts payable | 53,288 |
|     Reserve for insurance claims and self-insurance | 3,227 |
|     Lease liability on closed facilities | 70,919 |
|     Income taxes receivable | (26) |
|     Defined benefit plan | (434) |
|     Other accrued expenses | (2,673) |
| Net cash used in operating activities before reorganzation items | (48,827) |
| Cash effect of reorganization items | 2,461 |
|     Net cash used in operating activities | (46,366) |
| **Cash flows from investing activities:** | |
| Purchases of property, plant and equipment | (742) |
| Decrease in investments and other assets | 847 |
| Proceeds from sale of assets | 668 |
| Marketable securities, net | (59) |
|     Net cash provided by investing activities | 714 |
| **Cash flows from financing activities:** | |
| Gross borrowings on DIP Credit Facility | 160,330 |
| Gross repayments on DIP Credit Facility | (164,000) |
| Principal payments on long-term debt | 16 |
| Debt issuance costs | 999 |
| Principal payments on capital lease obligations | (157) |
| Other | 205 |
|     Net cash used in financing activities | (2,607) |
| Decrease in cash and cash equivalents | (48,259) |
| Cash and cash equivalents at beginning of period | 82,483 |
| Cash and cash equivalents at end of period | $ 34,224 |

3

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

1. **Background and Basis of Presentation:** Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries (collectively, the "Company") operate as a major food retailer in nine states in the southeastern United States and The Bahamas. On February 21, 2005 (the "Petition Date"), Winn-Dixie and 23 of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the federal bankruptcy laws ("Bankruptcy Code" or "Chapter 11") in the United States Bankruptcy Court. The filing did not include the Company's operations in The Bahamas.

   The Chapter 11 proceedings were initiated in the United States Bankruptcy Court for the Southern District of New York (the "N.Y. Court") on the Petition Date. On April 13, 2005, the N.Y. Court ordered a change of venue for the Company's bankruptcy proceedings to the United States Bankruptcy Court for the Middle District of Florida (the "Florida Court"). The change in venue does not affect substantial rulings that have already been handed down by the N.Y. Court, including approval of debtor-in-possession financing, subject, however, to further order of the Florida Court. The cases are being jointly administered by the Florida Court under the caption "In re Winn-Dixie Stores, Inc., et al., Case No. 05-03817." References to the "Court" refer to either the N.Y. Court or the Florida Court as appropriate.

   The financial statements of the Debtors were presented on a combined basis, which is consistent with consolidated financial statements. Solely for the purposes of this monthly operating report ("MOR"), the accounts of Winn-Dixie and its subsidiaries are included in the accompanying unaudited consolidated financial statement including the subsidiaries that did not file petitions under Chapter 11 of the Bankruptcy Code, W-D Bahamas Ltd. (and its direct and indirect subsidiaries) and WIN General Insurance, Inc. (the "Non-Filing Entities"). As of and for the four-week period ended April 6, 2005, the Non-Filing Entities were not significant to the consolidated results of operations, financial position or cash flows of the Debtors. All significant intercompany transactions and accounts were eliminated in consolidation. The Company's reporting cycle is on a fiscal period basis, each comprised of four weeks.

   The information in this MOR was prepared on a "going concern" basis, which assumes that the Company will continue in operation for the foreseeable future and will realize its assets and discharge its post-petition liabilities in the ordinary course of business. The ability of Winn-Dixie to continue as a going concern is predicated upon, among other things, the confirmation of a reorganization plan, compliance with the provisions of the DIP Credit Facility (see Note 3) and the ability to generate cash flows from operations and obtain financing sources sufficient to satisfy its future obligations. These challenges are in addition to (but may be related to) the operational and competitive challenges the Company faces in its ordinary course of business, as discussed in previous filings with the Securities and Exchange Commission ("SEC").

   In accordance with Statement of Position 90-7 ("SOP 90-7") "Financial Reporting by Entities in Reorganization under the Bankruptcy Code," all pre-petition liabilities subject to compromise are segregated in the unaudited consolidated balance sheet and classified as liabilities subject to compromise, at management's estimate of the amount of allowable claims. Liabilities not subject to compromise are separately classified as current and non-current. Revenues, expenses, realized

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

gains and losses, and provisions for losses that result from the reorganization are reported separately as reorganization items, net in the unaudited consolidated statement of operations. Net cash used for reorganization items is disclosed separately in the unaudited consolidated statement of cash flows. A plan of reorganization could materially change the amounts reported in the financial statements, which do not give effect to all adjustments of the carrying value of assets or liabilities that might be necessary as a consequence of a plan of reorganization, or the effect of any operational changes that may be made in the business.

These unaudited consolidated financial statements are not intended to present fairly the financial position of the Company as of April 6, 2005, or the results of its operations or its cash flows for the four weeks then ended in conformity with generally accepted accounting principles ("GAAP"), because they do not include all of the information and footnote disclosures required by GAAP for complete financial statements. In the opinion of management, all disclosures necessary for an informative presentation are included herein. The information contained in this MOR (1) has not been audited or reviewed by independent accountants, (2) is limited to the time period indicated and (3) is not intended to reconcile to the consolidated financial statements filed or to be filed by Winn-Dixie Stores, Inc. with the SEC on Forms 10-K and 10-Q.

Preparation of the MOR requires management to make estimates and assumptions about future events that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities. The Company cannot determine future events and their effects with absolute certainty, particularly while the Chapter 11 cases are proceeding. Therefore, the determination of estimates requires the exercise of judgment based on various assumptions, and in some cases, actuarial calculations. The Company constantly reviews these significant factors and makes adjustments where facts and circumstances dictate. Historically, actual results have not significantly deviated from estimated results determined using the factors above.

The consolidated statement of operations or cash flows for any interim period is not necessarily indicative of the results that may be expected for a full quarter, full year, or any future interim period. While every effort has been made to assure the accuracy and completeness of this MOR, errors or omissions may have inadvertently occurred and the Debtors reserve the right to amend the MOR as necessary. In particular, the Company is in the process of reconciling its pre-petition and post-petition liabilities, and such amounts are subject to reclassification and/or adjustment in the future.

For the reasons discussed above, the Company cautions readers not to place undue reliance upon information contained in the MOR. For further information, refer to the consolidated financial statements and footnotes thereto included in the Annual Report on Form 10-K for the fiscal year ended June 30, 2004, the Quarterly Report on Form 10-Q for the quarter ended April 6, 2005, and other filings with the SEC.

2. **Proceedings Under Chapter 11 of the Bankruptcy Code:** The Debtors currently operate the business as debtors-in-possession pursuant to the Bankruptcy Code. As a debtor-in-possession, Winn-Dixie is authorized to continue to operate as an ongoing business, but may not engage in transactions outside the ordinary course of business without the approval of the Court, after

5

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

notice and an opportunity for a hearing. Under the Bankruptcy Code, actions to collect pre-petition indebtedness, as well as most pending litigation, are stayed and other contractual obligations against the Debtors generally may not be enforced. The rights of and ultimate payments by the Debtors under pre-petition obligations will be addressed in any plan of reorganization and may be substantially altered. This could result in unsecured claims being compromised at less (and possibly substantially less) than 100% of their face value.

3. **DIP Credit Facility:** The Court authorized Winn Dixie Stores, Inc. and five specified debtor subsidiaries to enter into the DIP Credit Facility for payment of permitted pre-petition claims, working capital needs, letters of credit and other general corporate purposes. The obligations under the DIP Credit Facility are guaranteed by all of the Debtors and are secured by a lien on assets of the Debtors, which lien has senior priority with respect to substantially all of the Debtors' assets and by a super priority administrative expense claim in each of the Chapter 11 cases. The $800.0 million DIP Credit Facility is a revolving credit facility including a $300.0 million letter of credit sub-facility and a $40.0 million term loan. On March 31, 2005, $40.0 million of the outstanding borrowings on the revolving line portion of the DIP Credit Facility was converted to a term loan for which all material terms are consistent with the other portions of the DIP Credit Facility. This MOR contains only a general description of the terms of the DIP Credit Facility and is qualified in its entirety by reference to the full DIP Credit Facility agreement filed as Exhibit 10.2 to a Current Report on Form 8-K filed February 24, 2005 and the amendment dated March 31, 2005 filed as Exhibit 10.4 to a Quarterly Report on Form 10-Q for the quarter ended April 6, 2005, filed on May 16, 2005. The following capitalized terms have specific meanings as defined in the DIP Credit Facility agreement, as amended: Borrowing Base, Reserves, Excess Availability and EBITDA.

At the Company's option, interest on the revolving and term loans under the DIP Credit Facility are based on LIBOR or the bank's prime rate plus an applicable margin. The applicable margin varies based upon the underlying rate and the amount drawn on the facility in relation to the underlying collateral (LIBOR plus 2.0% or the bank's prime rate plus 0.5% at April 6, 2005). In addition, there is an unused line fee of 0.375%, a sub-facility letter of credit fee of 1.0%, a standby letter of credit fee of 1.75%, and a letter of credit fronting fee of 0.25%. The DIP Credit Facility contains various representations, warranties and covenants of the Debtors that are customary for such transactions, including among others, reporting requirements and financial covenants. The financial covenants include tests of cash receipts, cash disbursements and inventory levels as compared with the rolling 12-week cash forecast provided to the bank group. In addition, the Company is required to provide the bank group with monthly projections no later than May 31, 2005. At that time, the Company will be subject to an EBITDA test and a capital expenditure test. At all times, the Company is not permitted to allow Excess Availability to fall below $100.0 million. As of April 6, 2005, the Company was in compliance with all covenants and requirements and Excess Availability was approximately $424.5 million, as summarized below:

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

|  | **April 6, 2005** |
|---|---:|
| Lesser of Borrowing Base or DIP Credit Facility capacity (net of Reserves of $249,804) | $ 530,790 |
| Oustanding borrowings | (106,277) |
| Excess Availability as of April 6, 2005 | $ 424,513 |

4. **Reclassifications:** Certain operating items originally reported in the MOR for the period February 22, 2005 to March 9, 2005 were reclassified in the current period. The significant reclassifications include $65.2 million of net gains related to lease rejections that was reclassified from loss on disposal of discontinued operations to reorganization items, net, and $5.5 million of debt issue costs that were reclassified from reorganization items, net, to interest expense.

5. **Significant Accounting Policies:** The significant accounting policies are consistent with those listed in the Company's Annual Report on Form 10-K filed with the SEC on August 26, 2004 for the fiscal year ended June 30, 2004 and Quarterly Report on Form 10-Q filed with the SEC on May 16, 2005 for the quarter ended April 6, 2005.

6. **Cash:** As of April 6, 2005, cash consists of cash in stores and ATMs of $11.3 million, cash held in accounts of Non-Filing Entities of $10.9 million and operating cash of $12.0 million.

7. **Liabilities Subject to Compromise:** Under bankruptcy law, actions by creditors to collect upon liabilities of the Debtors incurred prior to the Petition Date are stayed and certain other pre-petition contractual obligations may not be enforced against the Debtors without approval of the Court. Except for secured debt, employee payroll and benefits including payroll-related taxes, sales and use taxes, reserve for workers' compensation insurance claims and self-insurance, and other accrued items that are paid with authorization from the Court, all pre-petition liabilities have been classified as liabilities subject to compromise in the consolidated balance sheet as of April 6, 2005. These amounts reflect management's current estimate of the amount of pre-petition claims that are subject to restructuring in the Chapter 11 cases. Adjustments to the claims may result from negotiations, payments authorized by Court order, additional rejection of executory contracts including leases (see below), assumption of contracts, termination of prior payment authorization by Court order, or other events. It is anticipated that such adjustments, if any, could be material. Payment terms for the amount classified as subject to compromise will be established in connection with a plan of reorganization.

The following table summarizes the components of liabilities subject to compromise in the consolidated balance sheet as of April 6, 2005:

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

|  | April 6, 2005 |
|---|---:|
| Senior notes, including accrued interest | $ 310,540 |
| Accounts payable | 377,543 |
| Closed store reserves and accrued rent | 130,455 |
| Claims from rejected leases | 92,439 |
| Non-qualified retirement plans | 93,719 |
| General liability and auto claims | 75,764 |
| Other liabilities | 46,228 |
| Liabilities subject to compromise | $ 1,126,688 |

Non-qualified retirement plans consist of the liability related to the Company's management security plan, a non-qualified defined benefit plan, in the amount of $78.1 million and the liability related to the Company's deferred compensation supplemental retirement plan in the amount of $15.6 million.

Under the Bankruptcy Code, the Debtors generally must assume or reject pre-petition executory contracts, including but not limited to real property leases, subject to the approval of the Court and certain other conditions. In this context, "assumption" means that the Debtors agree to perform their obligations and cure all existing defaults under the contract or lease, and "rejection" means that the Debtors are relieved from their obligations to perform further under the contract or lease, but are subject to a pre-petition claim for damages for the breach thereof subject to certain limitations. Any damages resulting from rejection of executory contracts permitted to be recovered under Chapter 11 will be treated as liabilities subject to compromise unless such claims were secured prior to the Petition Date.

The Debtors are in the process of reviewing their executory contracts and unexpired leases to determine which they will reject in addition to the leases related to 147 closed facilities that were previously rejected. On April 29, 2005, the Company filed a motion to reject another 24 leases, and a Court order is pending. Management expects that additional liabilities subject to compromise will arise due to rejection of executory contracts, including leases, and from the determination of the Court (or agreement by parties in interest) of allowed claims for contingencies and other disputed amounts. Management also expects that the assumption of additional executory contracts and unexpired leases will convert certain of the liabilities shown on the accompanying financial statements as subject to compromise to post-petition liabilities. Due to the uncertain nature of many of the potential claims, the Company cannot project the magnitude of such claims with any degree of certainty.

8. **Reorganization items, net:** Reorganization items, net, represents amounts incurred as a direct result of the Chapter 11 filings and is presented separately in the consolidated statement of operations. The following describes the components of reorganization items, net:

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

|  | Four weeks ended April 6, 2005 |
|---|---|
| Professional fees | $ 5,491 |
| Lease rejections | (65,236) |
| Write-off of debt issue costs | (5,456) |
| Other | 332 |
| Reorganization items, net | $ (64,869) |

9. **Income taxes:** The Company has established a valuation allowance for substantially all of its deferred tax assets since after considering the information available, it was determined that it is more likely than not that the deferred tax assets would not be realized. Earnings or losses will not be tax-effected until such time as the realization of future tax benefits can be reasonably assured. Accordingly, the Company did not record any tax benefit from its losses during the four weeks ended April 6, 2005.

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**Schedule 1: Total Disbursements by Filed Legal Entity for the four weeks ended April 6, 2005**
Amounts in thousands

| Legal Entity | Case No. | Disbursements |
|---|---|---:|
| Winn-Dixie Stores, Inc. | 05-03817 | $ 610,648 |
| Dixie Stores, Inc. | 05-03818 | - |
| Table Supply Food Stores Co., Inc. | 05-03819 | - |
| Astor Products, Inc. | 05-03820 | 291 |
| Crackin' Good, Inc. | 05-03821 | 3 |
| Deep South Distributors, Inc. | 05-03822 | - |
| Deep South Products, Inc. | 05-03823 | 4,351 |
| Dixie Darling Bakers, Inc. | 05-03824 | - |
| Dixie-Home Stores, Inc. | 05-03825 | - |
| Dixie Packers, Inc. | 05-03826 | - |
| Dixie Spirits, Inc. | 05-03827 | 82 |
| Economy Wholesale Distributors, Inc. | 05-03828 | - |
| Foodway Stores, Inc. | 05-03829 | - |
| Kwik Chek Supermarkets, Inc. | 05-03830 | - |
| Sunbelt Products, Inc. | 05-03831 | - |
| Sundown Sales, Inc. | 05-03832 | - |
| Superior Food Company | 05-03833 | - |
| WD Brand Prestige Steaks, Inc. | 05-03834 | - |
| Winn-Dixie Handyman, Inc. | 05-03835 | - |
| Winn-Dixie Logistics, Inc. | 05-03836 | 10,372 |
| Winn-Dixie Montgomery, Inc. | 05-03837 | 52,092 |
| Winn-Dixie Procurement, Inc. | 05-03838 | 410,010 |
| Winn-Dixie Raleigh, Inc. | 05-03839 | 49,811 |
| Winn-Dixie Supermarkets, Inc. | 05-03840 | 243 |
| **Total Disbursements** | | **$ 1,137,903** |

The obligations of Winn-Dixie Stores, Inc. and its affiliated debtors are paid by and through Winn-Dixie Stores, Inc. notwithstanding the fact that certain obligations may technically be obligations of one or more of the affiliated debtors. Every effort has been made to accurately represent the disbursements made on behalf of each affiliated debtor.

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**Schedule 2: Schedule of Federal, State and Local Taxes Collected, Received, Due or Withheld (Unaudited)**
Amounts in thousands

| | | | | | | |
|---|---|---|---|---|---|---|
| Total Gross Wages and Salaries Paid or Incurred | | | | | | $ 110,235 |
| Total Gross Taxable Sales | | | | | | $ 386,465 |

| Tax Category | Government | Tax Balance at 03/09/2005 | Amounts Collected or Withheld | Additions/ Adjustments | Amount Paid | Tax Balance at 04/06/2005 |
|---|---|---|---|---|---|---|
| Employee Income Tax Withholding | Federal | $ 2,380 | 10,475 | - | (10,548) | 2,307 |
| Employee Income Tax Withholding | State and Local | 1,774 | 1,652 | - | (2,169) | 1,257 |
| FICA - Employee and Employer | Federal | 3,818 | 15,927 | - | (16,011) | 3,734 |
| Unemployment Taxes | Federal and State | 5,068 | 1,040 | - | (5) | 6,103 |
| Total Payroll/Benefit Taxes | | 13,040 | 29,094 | - | (28,733) | 13,401 |
| Corporate Income Taxes | Federal and State | (34,529) | - | 524 | (26) | (34,031) |
| Sales and Use Taxes | State and Local | 22,097 | 23,155 | (109) | (23,586) | 21,557 |
| Other Taxes | State and Local | 1,301 | - | 1,688 | (1,614) | 1,375 |
| Personal Property Taxes | State and Local | 2,464 | - | 1,227 | (1) | 3,690 |
| Real Estate Taxes | State and Local | 623 | - | 116 | - | 739 |
| **Total Taxes** | | $ 4,996 | 52,249 | 3,446 | (53,960) | 6,731 |

By order of the Court, the Debtors were authorized, but were not directed, to pay any undisputed pre-petition tax, fee and fine obligations owing to governmental entities in the ordinary course of business.

11

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**Schedule 3: Certification**

The undersigned verifies that, to the best of my knowledge, all insurance premiums for the various policies have been paid to the proper insurance company or broker when due, and that all insurance policies are in force as of the date of this report.

Date: May 16, 2005 　　　　　　　　　　　　　　　　　　　　　　By: /s/ Bennett L. Nussbaum

Title: Senior Vice President and Chief Financial Officer 　　　Name: Bennett L. Nussbaum

**Schedule 4: Accounts Receivable Aging (Unaudited)**
Amounts in thousands

|  | As of April 6, 2005 |
|---|---:|
| Debtors: | |
| 　0-30 days old | $ 122,252 |
| 　31-60 days old | 36,391 |
| 　61-90 days old | 15,771 |
| 　91+ days old | 5,639 |
| Total Debtor accounts receivable | 180,053 |
| Amount considered uncollectible | (5,916) |
| Net Debtor accounts receivable | 174,137 |
| Net other accounts receivable | 1,720 |
| Consolidated accounts receivable | $ 175,857 |

Note: other accounts receivable are primarily those of Non-Filing Entities.

**Schedule 5: Accounts Payable Aging**

All undisputed post-petition accounts payable of the Debtors have been paid currently.