UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

SUPPLEMENTAL AFFIDAVIT OF JOHN B. MACDONALD
IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ORDER, UNDER
11 U.S.C. §1103 AND FED. R. BANKR. P. 2014 AND 5002,
AUTHORIZING RETENTION AND EMPLOYMENT
OF AKERMAN SENTERFITT AS CO-COUNSEL

STATE OF FLORIDA     )
                     )ss:
COUNTY OF DUVAL      )

JOHN B. MACDONALD, being duly sworn, says:

1. I am a shareholder of the firm of Akerman Senterfitt ("Akerman") in its Insolvency and Creditors' Rights Practice Group. I am duly authorized to make this Affidavit on behalf of Akerman.

2. I submit this Supplemental Affidavit pursuant to 11 U.S.C. §1103(b), and Rules 2014 and 5002, Federal Rules of Bankruptcy Procedure, in support of the Application (Docket No. 1012) of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession[1] (collectively, "Winn-Dixie" or

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown

{JA236138;2}

the "Debtors"), for an Order, under 11 U.S.C. §1103, and Rules 2014 and 5002, Federal Rules of Bankruptcy Procedure, authorizing the employment and retention of Akerman as local counsel and co-counsel to the Committee (the "Application").

3. Unless otherwise stated in this Supplemental Affidavit, I have personal knowledge of the facts set forth herein, or such information is provided to and relied upon by me as derived from the business records of Akerman.[2] Unless otherwise defined herein, capitalized terms and phrases shall have the meanings ascribed to such terms in the Application.

4. This Supplemental Affidavit supplements the original Affidavit of John B. Macdonald (Docket No. 1013) which was filed contemporaneous with the Application.

5. On or about May 10, 2005, the United States Trustee filed an objection (the "Objection")(Docket No. 1144) to the Application. This Supplemental Affidavit is filed in order to address concerns set forth in the Objection.

6. The United States Trustee objected to the Application on several grounds, one of which is that the Application failed to disclose information regarding payments received by Akerman for pre-petition services, the time frames during which these payments were made, or the amounts owing from Winn-Dixie to Akerman as of the Petition Date.

7. Attached hereto as Composite Exhibit "A" are account summaries for all pre-petition services provided by Akerman to Winn-Dixie, including invoice dates and dates of receipt of payments, for matters being handled by Akerman for Winn-Dixie which were still ongoing as of the Petition Date, or for matters for which services had been concluded but for

---

Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn Dixie Supermarkets, Inc.

[2] Certain of the disclosures set forth herein relate to matters within the knowledge of other attorneys of Akerman and are based on information provided to me by them, or are derived from information maintained within the business records of Akerman to which I have access as a shareholder of Akerman.

which Akerman's records show accounts receivable balances owing from Winn-Dixie as of the Petition Date. As of the Petition Date Akerman's records indicated Winn-Dixie was obligated to Akerman in the total sum of $67,665.08 for billed and unbilled time and costs.

8. Attached hereto as Composite Exhibit "B" are account summaries for all pre-petition services provided by Akerman to Winn-Dixie, including invoice dates and dates of receipt of payments, for matters for which services had been concluded and for which Akerman's records show no accounts receivable balances owing from Winn-Dixie as of the Petition Date.

9. The Objection also requests further information regarding the nature and disposition of the matters in which Akerman has represented Winn-Dixie as an ordinary course professional since the Petition Date. As of the Petition Date Akerman was providing legal services to Winn-Dixie in connection with the following matters:

   a. General Health Care Issues (Matter no. 148259) – Administrative law assistance in connection with miscellaneous health care and pharmacy-related inquiries, and assisting with response to Medicaid audit of certain Winn-Dixie pharmacy operations; representation ongoing.

   b. Reddick & Stokes (Matter no. 133299) – Defense at trial and on appeal of employment law wrongful discharge litigation; appeal now stayed under Section 362.

   c. Delores Hall (Matter no. 144153) – Defense of employment law litigation; action now stayed under Section 362.

   d. Milagros Cruz (Matter no. 147325) – Defense of employment law litigation; action now stayed under Section 362.

e. Victoria Milton (Matter no. 162671) – Defense of employment law wrongful discharge litigation; action now stayed under Section 362.

f. Department of Financial Affairs (Matter no. 161036) – Administrative law matter regarding Florida Department of Financial Affairs; matter now concluded.

g. Medicaid Audit (Matter no. 156914) – Assisting with response to Medicaid audit of certain Winn-Dixie pharmacy operations; agreement for payment is now stayed under Section 362.

h. Health Care (Matter no. 150749) – Administrative law assistance in connection with miscellaneous pharmacy/pharmacist licensure and disciplinary issues.

10. Of the foregoing matters Akerman has advised Winn-Dixie of its willingness to withdraw from open matters (b) through (e), which matters have been stayed by reason of Section 362, matter (f) is concluded, and only matters (a), (g) and (h) are presently open, although Winn-Dixie has indicated that it may request professionals within Akerman's Tallahassee Office to assist Winn-Dixie with future regulatory and administrative law matters unrelated to its Chapter 11 Cases as such matters may arise.

11. As of the Petition Date the following lawyers of Akerman owned the following shares of common stock of Winn-Dixie:

>Judge Joseph W. Hatchett (Shareholder)(Tallahassee Office) – 200 shares
>
>Edward B. Davis (Shareholder)(Miami Office) – 2,019 shares
>
>Allison E. Turnbull (Associate)(Orlando Office) – 200 shares

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
John B. Macdonald

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF DUVAL           )

The foregoing instrument was acknowledged before me this 18th day of May, 2005, by John B. Macdonald who is [personally known to me] or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

JENNIFER S. MEEHAN
MY COMMISSION # DD 286031
EXPIRES: May 29, 2008
Bonded Thru Notary Public Underwriters

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

{JA236138;2}                              5