UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

# FIRST SUPPLEMENTAL DECLARATION OF D. J. BAKER

I, D. J. Baker, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps" or the "Firm"), which maintains offices, among others, for the practice of law at Four Times Square, New York, New York 10036-6522.

2. I submit this declaration and statement to supplement the disclosures set forth in my declaration dated February 21, 2005 (the "Initial Declaration"), in support of Skadden, Arps' retention as lead restructuring and bankruptcy counsel to Winn-Dixie Stores, Inc. ("Winn-Dixie") and certain of its subsidiaries, the debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"). Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Skadden, Arps and are based upon information provided by them.

3.      In connection with its retention as counsel for the Debtors, Skadden, Arps reviewed its records and, on February 21, 2005, filed the Initial Declaration disclosing identified connections with parties in interest in these cases. In accordance with the representations made in the Initial Declaration, Skadden, Arps has continued to conduct further periodic checks with respect to known and newly-identified persons and parties in interest in these cases.

4.      As a result of such process, Skadden, Arps discloses that, in addition to the entities or individuals previously disclosed in the Initial Declaration, Skadden, Arps (a) currently represents or has represented and/or (b) has the indicated connections with, the following entities or individuals, or entities or individuals that are affiliates of the following entities or individuals, in matters unrelated (except as noted) to the Debtors, their reorganization cases or such entities' claims against or interests in the Debtors:

(a)     <u>Debtors' Professionals</u>: The Blackstone Group.[3]

(b)     <u>Debtors' Top 50 Unsecured Trade Creditors</u>: ConAgra Foods, Inc.; Hershey Chocolate USA.

(c)     <u>Debtors' Lessors</u>: Amberjack, Ltd.; Developers Diversified Realty; KB Properties Inc.; Robert D. Powers.[4]

(d)     <u>Miscellaneous Contract/Lease Parties</u>: ADT; AT&T; Kekst and Company; Panasonic Communications & Systems Company; Pitney Bowes; Safety-Kleen Corp.;[5] Xerox Capital Services, LLC.

---

[3]     As disclosed in the Initial Declaration, Skadden, Arps has represented The Blackstone Group and/or affiliates of The Blackstone Group in matters unrelated to the Debtors or these cases. In addition to such representation, I have learned that Joseph H. Flom, a member of Skadden, Arps, is an investor in Blackstone Capital Partners III, an affiliate of The Blackstone Group. As indicated in the Initial Declaration, Joseph Flom will not partake in any discussion, access any documents or files, work on any matters related to, or otherwise be involved with the Debtors or these cases.

[4]     One Robert D. Powers is an outside director of Alabama Power Company which is, or may be, a subsidiary of Southern Company, a Skadden, Arps client.

[5]     Skadden, Arps represented Safety-Kleen Corp. (together with its affiliates, "Safety-Kleen"), a service provider to the Debtors, in matters relating to Safety-Kleen's chapter 11 reorganization including, <u>inter alia</u>, a

2

(e) <u>Debtors' Utilities</u>: Alabama Power Company; American Electric Power; BellSouth Corporation; Carolina Power & Light Company; Dominion North Carolina Power; Dominion Virginia Power; Duke Energy Corporation; Entergy Corporation; Entergy Gulf States, Inc.; Entergy Louisiana, Inc.; Entergy Mississippi, Inc.; Entergy New Orleans, Inc.; JEA; Progress Energy Carolinas; Progress Energy Florida; South Carolina Electric & Gas Company; Tampa Electric Company$^6$; Virginia Electric and Power Company.

(f) <u>Litigation Parties</u>: The Delaco Company (formerly, Thompson Medical Company Inc.).$^7$

(f) <u>Members of the Creditors Committee</u>: Amalgamated Gadget, LP and R$^2$ Investments, LDC; Deutsche Bank Trust Company Americas.

---

dispute between Safety-Kleen and Winn-Dixie. The parties settled their dispute by entering into a Mutual General Release and Agreement dated December 9, 2002 and the settlement was approved by order of the United States Bankruptcy Court for the District of Delaware dated April 3, 2003. See In re Safety-Kleen Corp., Case No. 00-2303 (PJW), Order Under 11 U.S.C. §§ 105 and 502 and Fed R. Bankr. P. 9019 (i) Authorizing Entry Into Mutual General Release and Agreement With Winn-Dixie Stores, Inc. and (ii) Deeming Proof of Claim Withdrawn (Bankr. D. Del. Apr. 3, 2003). Skadden, Arps has not provided since entry of the order approving the settlement, and will not provide in the future, legal services to Safety-Kleen in connection with Winn-Dixie or any of the other Debtors in these cases.

[6]   TECO Energy, Inc. ("Teco Energy"), an affiliate of Tampa Electric Company ("Tampa Electric") (TECO Energy and its affiliates – including Tampa Electric – collectively, "TECO"), is a Skadden, Arps client. Among the Skadden, Arps attorneys who have provided legal services to TECO Energy is Stephanie R. Feld, a counsel who is assisting with the representation of the Debtors in these cases. Because of Skadden, Arps' involvement with the Debtors' utility issues, Skadden, Arps obtained a waiver from TECO Energy allowing the Firm to represent the Debtors in matters in which the Debtors and TECO are adverse provided that: (a) Skadden, Arps adhere to its professional obligation to refrain from using confidential information learned as a result of its representation of TECO Energy to benefit the Debtors and (b) no Skadden, Arps attorney who is working on a matter for which the Firm is representing TECO Energy works on any matter for which Skadden, Arps is representing the Debtors vis-à-vis TECO. Accordingly, no Skadden, Arps attorney who is working on a matter for which the Firm is representing TECO Energy – including Ms. Feld – will work on any matter for which the Firm is representing the Debtors vis-à-vis TECO.

[7]   Skadden, Arps represents The Delaco Company (formerly, Thompson Medical Company Inc.) ("Delaco") in its chapter 11 reorganization and in a personal injury action against Delaco brought by Joan A. Stemen and James Stemen in the Circuit Court, Escambia County, Florida in which Winn-Dixie is named as a co-defendant. See Stemen v. The Delaco Co., 03-CA-420 (Fla. Cir. Ct. Feb. 21, 2003) (the "Stemen Action"). Neither Winn-Dixie nor any of its affiliates has filed a proof of claim against Delaco and, to the best of my knowledge, information, and belief, Delaco and the Debtors are not adverse to one another as a result of the Stemen Action except to the extent that the Debtors may hold an indemnification claim against Delaco for what are expected to be minor litigation costs. Skadden, Arps will not represent Delaco or the Debtors with respect to any claim asserted by Delaco against any of the Debtors in these cases (should any such claim be filed) and will not represent the Debtors or Delaco with respect to any claim asserted by the Debtors against Delaco.

3

    (g)    <u>Creditors Committee Professionals</u>: Alvarez & Marsal, LLC; Houlihan Lokey Howard & Zukin Capital.

    (h)    <u>Certain Other Identified Parties</u>: BAL Global Finance, LLC; Bear Stearns Investment Products, Inc.; BellSouth Business Systems, Inc.; BellSouth Communications Systems, Inc.; BellSouth Long Distance, Inc.; BellSouth Telecommunications, Inc.; Bottling Group LLC; Cardinal Health, Inc.; Chevron Phillips Chemical Company, L.P.; Coca-Cola Company; Coca-Cola Enterprises, Inc.; Criimi Mae Services Limited Partnership; Dell Inc.; Dial Corporation; Federal Express Corporation; Hamilton Beach/Proctor-Silex, Inc.; H.J. Heinz Company, L.P.; Interstate Bakeries Corp.[8]; Krispy Kreme Doughnuts Corporation; Liberty Mutual Insurance Company; Metro-Goldwyn-Mayer Home Entertainment LLC; Michael Foods, Inc.; Pepsi Bottling Group; PepsiAmericas, Inc.; Public Service of North Carolina; Quadrangle Group LLC; Qwest Communications Corporation; Riviana Foods, Inc.; Scana Energy Marketing, Inc.; Simon Property Group; South Carolina Electric & Gas Company; Specialty Brands, L.P.; Tyson Foods Inc.

Skadden, Arps will not represent any of the parties identified herein in any matter involving the Debtors.

    5.    Skadden, Arps is one of the largest law firms in the world and has a diverse client base. Of the parties identified in paragraph 4, only Deutsche Bank Trust Company Americas or affiliates of Deutsche Bank Trust Company Americas, accounted for 1% or more (but less than 2%) of Skadden, Arps' total value of time billed during the last year.

    6.    If Skadden, Arps should come into possession of information that would suggest the existence of a potential claim that the Debtors have or might have against one or more of the parties identified above, Skadden, Arps will advise the Debtors of such information

---

[8] Interstate Bakeries Corp. is a vendor of the Debtors and has filed a reclamation claim (the "Interstate Reclamation Claim") against the Debtors' in these cases. Skadden, Arps represents Interstate Bakeries Corp. and certain of its subsidiaries and affiliates (collectively, "Interstate Bakeries") in chapter 11 cases (the "Interstate Chapter 11") that are currently pending before the United States Bankruptcy Court for the Western District of Missouri. However, Skadden, Arps does not represent Interstate Bakeries with respect to the Interstate Reclamation Claim and no Skadden, Arps attorney who has performed substantial work with respect to the Interstate Chapter 11 will partake in any discussion, access any documents or files, work on any matters related to, or otherwise be involved with the Debtors or these cases.

4

and, to the extent necessary or appropriate, either seek a waiver from such party or rely on other counsel retained by the Debtors to investigate and pursue any such claim.

7. In the Initial Declaration, Skadden, Arps disclosed that Wachovia Bank, National Association ("Wachovia Bank") and certain affiliates are or have been clients of the firm. Upon request of the United States Trustee, Skadden, Arps reviewed its engagement letters with the Wachovia clients to determine the extent of any waiver. Such letters indicated that the Wachovia clients had agreed that Skadden, Arps could represent other clients that were adverse to them, including by bringing litigation against the Wachovia clients. Skadden, Arps confirmed with Wachovia Bank, through the law firm representing Wachovia Bank in the Debtors' cases, that Wachovia Bank agreed that Skadden, Arps on behalf of the Debtors could be adverse to Wachovia Bank, including by bringing litigation, in these cases. As of the date hereof, Skadden, Arps knows of no claim the Debtors have against Wachovia Bank that would necessitate any proceedings by the Debtors against Wachovia Bank.

8. Since the filing of the Initial Declaration, the venue of these cases was transferred to this Court. I am not related to, and, to the best of my knowledge, none of the members, counsel, and associates of Skadden, Arps are related to the Office of the United States Trustee that has been assigned to these cases, any key person employed in the Office of such United States Trustee, any United States District Court Judge for the Jacksonville Division of this District or any United States Bankruptcy Court Judge for the Jacksonville Division of this District. Skadden, Arps will continue to review its records with respect to such persons, and shall promptly notify the Court by a supplemental declaration if any such connection is discovered.

9.  Since the filing of the Initial Declaration, the Debtors' have filed their statements of financial affairs and their schedules of assets, liabilities and contracts. As evidenced by those filings, the Debtors have historically operated all of their companies as a consolidated enterprise. As a result, there are several intercompany claims between and among the Debtors and their non-Debtor affiliates (the "Intercompany Claims"). The schedules reflect that the Intercompany Claims existing as of the filing date including the inter-Debtor unsecured claims listed in the following table:

| Debtor Against Whom Claim Is Held | Debtor Holding Claim | Claim Amount |
|---|---|---|
| Winn-Dixie Stores, Inc. | Crackin' Good Inc. | $7,950,267.17 |
| Winn-Dixie Stores, Inc. | Dixie Darling Bakers, Inc. | $54,914.69 |
| Winn-Dixie Stores, Inc. | Dixie Packers, Inc. | $910,048.55 |
| Winn-Dixie Stores, Inc. | Dixie Home Stores, Inc. | $50.00 |
| Winn-Dixie Stores, Inc. | Economy Wholesale Distributors, Inc. | $314,333.92 |
| Winn-Dixie Stores, Inc. | Kwik Chek Supermarkets, Inc. | $1,000.00 |
| Winn-Dixie Stores, Inc. | Sunbelt Products, Inc. | $1,000.00 |
| Winn-Dixie Stores, Inc. | Superior Food Company | $500.00 |
| Winn-Dixie Stores, Inc. | Table Supply Food Stores Co., Inc. | $500.00 |
| Winn-Dixie Stores, Inc. | Winn-Dixie Raleigh, Inc. | $97,638,705.42 |
| Astor Products, Inc. | Winn-Dixie Stores, Inc. | $1,824,005.85 |
| Deep South Products, Inc. | Winn-Dixie Stores, Inc. | $5,138,307.33 |
| Dixie Spirits, Inc. | Winn-Dixie Stores, Inc. | $118,387.19 |
| Winn-Dixie Logistics, Inc. | Winn-Dixie Stores, Inc. | $168,986,682.18 |
| Winn-Dixie Montgomery, Inc. | Winn-Dixie Stores, Inc. | $88,925,278.61 |
| Winn-Dixie Procurement, Inc. | Winn-Dixie Stores, Inc. | $20,298,144.46 |
| Winn-Dixie Supermarkets, Inc. | Winn-Dixie Stores, Inc. | $19,559,530.85 |

Nevertheless, the Debtors have advised Skadden, Arps that the Debtors' relationships to one another and to their non-debtor affiliates do not pose any conflict of interest because of the general unity of interest among the Debtors. Insofar as I have been able to ascertain, I believe the Debtors to be correct, and I know of no conflict of interest that would preclude joint representation of the Debtors in these cases.

10. In addition to the above referenced inter-Debtor claims, the Intercompany Claims include an unsecured claim in the amount of $2,923,927.20 held by Win General

Insurance, a non-debtor affiliate of the Debtors, against Winn-Dixie Montgomery, Inc. Skadden, Arps does not represent Win General Insurance with respect to its claim. Moreover, as of the filing date, the Intercompany Claims included a trade receivable in the amount of $2,001,433.36 held by Winn-Dixie Procurement, Inc. against Bahamas Supermarkets Limited, a non-debtor affiliate of the Debtors. The amount fluctuates as Bahamas Supermarkets Limited purchases and pays for goods in the ordinary course. Skadden, Arps does not represent Bahamas Supermarkets Limited with respect to amounts owed to Winn-Dixie Procurement, Inc.

11. Skadden, Arps is a large law firm employing approximately 1,700 attorneys. Given the size of the Firm, whenever Skadden, Arps represents a debtor in a large chapter 11 reorganization it is inevitable that at least some Skadden, Arps attorneys will have various kinds of relationships (including being related by blood or marriage) with individuals who are employed by entities that are or may become parties-in-interest in the reorganization. As part of its professional practice, the Firm takes measures to identify such relationships and to, the extent that such relationships give rise to potential conflicts, to ensure that no attorney works on a matter on which he or she possesses a potential conflict. Such measures include the circulation of a retention screening questionnaire to all attorneys and the establishment of screening procedures.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 18, 2005

*/s/ D. J. Baker*
D. J. Baker

SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)