UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(Jacksonville Division)

In re:

                              Chapter 11

Winn-Dixie Stores, Inc. *et. al.*,         Case No. 05-03817-3Fl

                              (Jointly Administered)

     Debtor.
_____

## CREDITOR THRIVENT FINANCIAL FOR LUTHERANS' MOTION FOR RELIEF FROM STAY

1.     Thrivent Financial for Lutherans f/k/a Lutheran Brotherhood and as assignee of Sun Bank N.A. ("Movant"), a creditor of the Debtor herein, by its undersigned attorneys, and pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(1), moves the Court for the relief requested below.

2.     Movant requests relief from the automatic stay imposed by the United States Bankruptcy Code with respect to certain real property of the Debtor.

3.     This case was filed as a voluntary case under Chapter 11 of the United States Bankruptcy Code, and the case is now pending in this Court. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334 and 157(a), 11 U.S.C. § 362(d) and applicable rules.

4.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

5.     Pursuant to a Note, Loan Agreement, Leasehold Mortgage, Security Agreement, Financing Statement and Assignment of Subleases dated December 29, 1994 (collectively the "Original Loan Documents"), Gooding's Super Market, Inc. (the

"Original Borrower") granted Sun Bank National Association ("Original Lender") a mortgagee's interest in certain real property located in Osceola, Florida and legally described in Group Exhibit A.

6. Original Borrower and Original Lender entered into that certain Loan Agreement dated December 29, 1994 (the "Original Loan Agreement").

7. Original Lender was the holder for value of that certain Note made by Original Borrower in favor of Original Lender dated December 29, 1994, in the original principal amount of Two Million Two Hundred Eighty Thousand and no/100ths Dollars ($2,280,000.00) (the "Original Note").

8. The Original Note was secured, among other things, by that certain Leasehold Mortgage, Security Agreement, Financing Statement and Assignment of Subleases dated December 29, 1994, from Original Borrower, as mortgagor, in favor of Original Lender, as mortgagee, and recorded on January 3, 1995 in O.R. Book 1231, Page 2392, Public Records of Osceola County, Florida as Instrument No. 95-000324, and also recorded on January 12, 1995, in O.R. Book 2870, Page 1453, Public Records of Seminole County, Florida (the "Original Mortgage").

9. The Original Mortgage covers and encumbers the leasehold interest in the real property legally described in Group Exhibit A attached hereto, together with all improvements, appurtenances, hereditaments and other property related thereto as more fully described in the Original Mortgage (the "Property").

10. The Original Note was further secured, among other things, by that certain Assignment of Subleases dated December 29, 1994, from Original Borrower, as assignor,

to Original Lender, as assignee, recorded in O.R. Book 1231, Public Records of Osceola County, Florida (the "Original Assignment").

11.     The Loan Agreement, the Original Note, the Original Mortgage, and the Original Assignment were assigned to Movant by that certain Assignment of Mortgage Loan Documents dated May 4, 1995 from Original Lender, as assignor, to Movant, as assignee, recorded on May 24, 1995 in O.R. Book 1260, Page 1605, Public Records of Osceola County, Florida. Copies of the assignment documents are attached as Exhibit D.

12.     The Original Loan Agreement was amended and restated in its entirety by that certain Amended and Restated Loan Agreement dated May 19, 1995, entered into by and between Debtor and Movant (the "Amended and Restated Loan Agreement").

13.     The Original Note has been amended and restated in its entirety by that certain Renewal Note of Original Borrower dated May 4, 1995, in the original principal amount of Two Million Two Hundred Eighty Thousand and no/100ths Dollars ($2,280,000.00) ("Renewal Note"). The "Original Note" and "Renewal Note" are hereinafter referred to as the "Note".

14.     The Original Mortgage has been modified and amended by that certain First Modification of Leasehold Mortgage dated May 19, 1995, entered into by and between Original Borrower and Movant, recorded on May 24, 1995, in O.R. Book 1260, Page 1607, Public Records of Osceola County, Florida ("First Mortgage Amendment"). The "Original Mortgage" as modified by the "First Mortgage Amendment" is hereinafter collectively referred to as the "Mortgage".

15.     The Original Assignment has been modified and amended by that certain First Modification of Assignment of Subleases dated May 10, 1995, entered into by and

between Original Borrower and Movant, as lender, recorded on May 24, 1995, in O.R. Book 1260, Page 1613, Public Records of Osceola County, Florida ("First Assignment Amendment"). The "Original Assignment" as modified by the "First Assignment Amendment" is hereinafter collectively referred to as the "Assignment".

16. The Debtor assumed the obligations of the Original Borrower pursuant to an Assumption Agreement dated October 12, 2000.

17. At the time this case was filed there was a delinquency under the terms of the Note secured by the Mortgage. The outstanding balance due on the Note is currently $656,580.22, exclusive of interest, late fees, attorneys' fees and costs. The interest is calculated at 9.4% ($171.44 per diem) and the late charge is calculated at 4% of the principal and interest, which is currently $1,727.28. The total amount owed, including interest and late fees, as of May 13, 2005 is $661,050.54, exclusive of attorney fees and costs.

18. Movant asserts that the assessed value of the Property is $1,527,200.00. Movant is not aware of any other liens on the Property.

19. Movant does not have, and has not been offered, adequate protection of its interest in the Property. Further, the failure to make the payments required by the Note constitutes cause, within the meaning of 11 U.S.C. § 362(d)(1), entitling Movant to relief from the automatic stay.

20. Copies of all relevant documents are attached as Group Exhibit A.

WHEREFORE, Movant, respectfully moves the Court for an order modifying the automatic stay imposed by the United States Bankruptcy Code and authorizing Movant to foreclose its interest in the Property or in the alternative requiring the Debtor to provide Movant with adequate protection of its interest in the Property and for such other relief as may be just and equitable.

Date: May 19, 2005.

> Respectfully submitted,
> **Attorneys for Creditor Thrivent Financial for Lutherans f/k/a Lutheran Brotherhood**
>
> By: /s Jeffrey D. DeCarlo
> VIRGINIA EASLEY JOHNSON, P.A.
> Florida Bar No.: 559156
> vjohnson@foleymansfield.com
> JEFFREY D. DeCARLO
> Florida Bar No.: 0056390
> jdecarlo@foleymansfield.com
> **FOLEY & MANSFIELD, P.L.L.P.**
> 4770 Biscayne Boulevard, Suite 1000
> Miami, Florida 33137
> Telephone: (305) 438-9899
> Facsimile: (305) 438-9819
>
> and
>
> THOMAS J. LALLIER
> tlallier@foleymansfield.com
> Minnesota Bar No. 163041
> MEGAN A. BLAZINA
> mblazina@foleymansfield.com
> Minnesota Bar No. 0314973
> **FOLEY & MANSFIELD, P.L.L.P.**
> 250 Marquette Avenue, Suite 1200
> Minneapolis, MN 55401
> Telephone: (612) 338-8788
> Facsimile: (612) 338-8690