UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

        Chapter 11

Winn-Dixie Stores, Inc. *et. al.*,        Case No. 05-03817-3Fl

        (Jointly Administered)

Debtor.

_____

**CREDITOR THRIVENT FINANCIAL FOR LUTHERAN'S MEMORANDUM OF LAW SUPPORTING ITS MOTION FOR RELIEF FROM STAY**

Creditor, Thrivent Financial for Lutherans f/k/a Lutheran Brotherhood and as assignee of Sun Bank National Association ("Movant"), submits this memorandum of law in support of its Motion for Relief from Stay the Motion in the above-entitled matter. All capitalized terms used herein shall have the meaning ascribed to them in the Motion.

ARGUMENT

Pursuant to Section 362(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such [creditor]." 11 U.S.C. Section 362(d)(1). The Debtor in this case has failed to provide Movant with adequate protection of its interest in the property. Such circumstances constitute cause, within the meaning of Section 362(d)(1), justifying relief from the stay. United States Assn. of Texas v. Timbers of Inwood Assoc., Ltd. (In re Timbers of Inwood Assoc. Ltd.), 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

Pursuant to Section 362(d)(2) of the Bankruptcy Code, relief from the stay is also appropriate where Debtor has little or no equity in the Property and the Property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). In re Albany Partners, Ltd., 749 F.2d 670 (11th Cir. 1984). In the present case the Debtor has no equity in the property and no reorganization is possible. It is Debtor's burden to demonstrate that the property is necessary to an effective reorganization. In re Bloomington Investors Ltd. Partnership, 114 B.R. 174 (D. Minn. 1990); In re Endrex Exploration Co., 101 B.R. 474 (N.D. Tex 1988). Movant does not have, and has not been offered, adequate protection of its interest in the Property. Such circumstances constitute cause, within the meaning of Section 362(d)(1), entitling Movant to relief from the stay. See Reinbold v. Dewey County Bank, 942 F.2d 1304, 1306-07 (8th Cir. 1991); In re Wieseler, 934 F.2d 965, 967 (8th Cir. 1991); In re Caulk, 9 B.R. 242 (Bankr. E.D. Penn. 1981).

## CONCLUSION

For all the reasons set forth herein, Movant is entitled to an order terminating the automatic stay and Movant to foreclose its interest in the Property or in the alternative requiring the Debtor to provide Movant with adequate protection of its interest in the Property.

Dated: May 19, 2005.

        Respectfully submitted,
**Attorneys for Creditor Thrivent Financial for Lutherans f/k/a Lutheran Brotherhood**

By: /s Jeffrey D. DeCarlo
VIRGINIA EASLEY JOHNSON, P.A.
Florida Bar No.: 559156
vjohnson@foleymansfield.com
JEFFREY D. DeCARLO
Florida Bar No.: 0056390
jdecarlo@foleymansfield.com
**FOLEY & MANSFIELD, P.L.L.P.**
4770 Biscayne Boulevard, Suite 1000
Miami, Florida 33137
Telephone: (305) 438-9899
Facsimile: (305) 438-9819

and

THOMAS J. LALLIER
tlallier@foleymansfield.com
Minnesota Bar No. 163041
MEGAN A. BLAZINA
mblazina@foleymansfield.com
Minnesota Bar No. 0314973
**FOLEY & MANSFIELD, P.L.L.P.**
250 Marquette Avenue, Suite 1200
Minneapolis, MN 55401
Telephone: (612) 338-8788
Facsimile: (612) 338-8690