UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

### ORDER AUTHORIZING RETENTION OF PRICEWATERHOUSECOOPERS LLP TO PROVIDE CERTAIN SARBANES-OXLEY COMPLIANCE AND OTHER SERVICES TO THE DEBTORS

These cases came before the Court for hearing on May 19, 2005, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain PricewaterhouseCoopers LLP ("PwC") to provide documentation, testing, and other internal auditing services in connection with the Debtors' compliance with Section 404 of the Sarbanes-Oxley Act of 2002 and the Debtors' other internal auditing needs (the "Application").[1] The Court has reviewed the Application and the supporting Declaration of Elizabeth Dantin and Disclosure of Compensation (the "Dantin Declaration") and has considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2. The Debtors are authorized to retain PwC, <u>nunc pro tunc</u> to the Petition Date, to provide documentation, testing, and other internal auditing services in connection with the Debtors' compliance with Section 404 of the Sarbanes-Oxley Act and the Debtors other internal auditing needs, pursuant to section 327(a) of the Bankruptcy Code, on the terms set forth in the Application, the Master Agreement, and the Dantin Declaration

3. If any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, PwC's employment shall continue as authorized pursuant to this Order.

4. PwC shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

5. Notwithstanding the requirements of the Final Order Approving Interim Compensation Procedures for Professionals dated March 15, 2005, the professionals and employees of PwC shall be required to maintain time entries in half-hour increments.

6. No work performed by PwC shall be duplicative of work performed by any other professional retained by the Debtors in these cases.

7. PwC is deemed to have waived its "Pre-Petition Claim" (as defined in the Application).

-3-

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated May 19, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.