UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

ORDER (A) APPROVING
ASSET PURCHASE AGREEMENT WITH FOOD LION, LLC FOR THE
SALE OF LEASEHOLD INTERESTS, EQUIPMENT AND INVENTORY
RELATING TO THREE STORES, (B) AUTHORIZING
SUCH SALE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES, (C) AUTHORIZING DEBTORS TO ASSUME AND ASSIGN
LEASES IN CONNECTION WITH THE SALE
<u>AND (D) GRANTING RELATED RELIEF</u>

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"[1]), for an order under 11 U.S.C. §§ 105(a), 363, 365 and 1146(c) and Fed. R. Bankr. P. 6004 and 6006 (a) approving the asset purchase agreement dated as of December 15, 2004, by and among Winn-Dixie Stores, Inc., Winn-Dixie Raleigh, Inc. and Food Lion, LLC ("Purchaser"), as amended by a First Amendment dated February 15, 2005, and as further amended by a letter agreement dated March 15, 2005 (the "Purchase Agreement") and the transactions contemplated with respect to the sale of leasehold interests, equipment, and inventory relating to three stores as set forth in the Purchase Agreement (the "Assets"), (b) authorizing such sale free and

---

[1] All capitalized terms not otherwise defined by this Order shall have the meaning ascribed to them in the Motion or the Purchase Agreement.

clear of liens, claims, interests and encumbrances, (c) determining that such sale is exempt from any stamp, transfer, recording or similar tax, (d) authorizing Debtors to assume and assign leases in connection with the sale, (e) fixing cure amounts and (f) granting related relief (the "Motion"). A hearing on the Motion was held by the Court on May 6, 2005. The Court has read the Motion and considered the representations of counsel. At the hearing, counsel for the Committee stated on the record that the Committee reserves its right to object to the amount and priority of any claim for indemnification asserted by Food Lion under the Purchase Agreement, which right is preserved by this order. Upon the representations of counsel and without objection from the U.S. Trustee or any interested party, the Court makes the following findings of fact:

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

B. The Debtors have provided interested parties with proper notice of the Motion, the Sale Hearing, the Sale and the transactions contemplated by the Sale, including without limitation, the assumption and assignment of the Leases and the fixing of Cure Amounts, in accordance with 11 U.S.C. §§ 102(1), 105(a), 363 and 365, Fed. R. Bankr. P. 2002, 6004 and 6006, Local Rule 2002-1 and the Notice Procedures Order.

C. The Debtors' marketing efforts with respect to the Assets were reasonable, adequate and designed to obtain the highest price possible for the Assets.

D. The Debtors demonstrated good business reason to sell the Assets pursuant to 11 U.S.C. § 363(b), prior to a plan of reorganization.

E. The Purchaser is not an "insider" of any of the Debtors, as that term is defined in 11 U.S.C. § 101.

F.  The Purchase Agreement, a copy of which is attached as Exhibit A to the Motion, was proposed, negotiated and entered into by the Debtors and the Purchaser without collusion, in good faith and at arms'-length bargaining positions. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided under 11 U.S.C. § 363(n).

G.  The Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded by that section.

H.  The consideration provided by the Purchaser pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) is the highest and best offer for the Assets, and (iii) constitutes reasonably equivalent value and fair consideration for the Assets.

I.  The sale of the Assets and the assumption and assignment of the Leases will facilitate the formulation and confirmation of a plan of reorganization. For this reason, the sale of the Assets and the assumption and assignment of the Leases constitutes a transfer to which 11 U.S.C. § 1146(c) applies.

J.  The transfer of the Assets to the Purchaser pursuant to the Purchase Agreement will be a legal, valid, and effective transfer of the Assets, and vests the Purchaser with good and valid title in and to the Assets free and clear of any lien, lease, encumbrance or interest of any kind or nature (collectively, the "Interests") and claims (as such term is defined in 11 U.S.C. § 101(5)) ("Claims") with the exception of the Permitted Encumbrances and the Assumed Liabilities (as those terms are defined in the Purchase Agreement). All non-assumed Interests in and Claims against the Assets, if

any, shall attach to the Debtors' interest in the proceeds of the Sale. Any such Interest or Claim shall attach to the proceeds with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

K.   The Debtors may sell and transfer the Assets in accordance with the terms and conditions of the Purchase Agreement free and clear of Interests and Claims (except the Permitted Encumbrances and the Assumed Liabilities) because any entity with any Interests or Claims in the Assets to be transferred (i) has consented to the Sale (including the assumption and assignment of the Leases) or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest; or (iii) otherwise falls within the provisions 11 U.S.C. § 363(f) and, therefore, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Holders of Interests and Claims, if any, who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2).

L.   The Debtors shall cause the proceeds from the Sale to be paid in accordance with the terms of the Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims

of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order"), and the Loan Documents (as defined in the Final Financing Order).

M.  The Debtors have demonstrated that assuming and assigning the Leases in connection with the Sale is an exercise of their sound business judgment, and that such assumption and assignment is in the best interests of their estates, their creditors and other parties in interest.

N.  The Debtors have provided adequate assurance that the Debtors will promptly cure any defaults under the Leases pursuant to 11 U.S.C. §§ 365(b)(1).

O.  Pursuant to 11 U.S.C. § 365(f), notwithstanding any provision to the contrary in the Leases to be assumed, or in applicable law that prohibits, restricts, or conditions the assignment of the Leases, the Debtors may assign the Leases to the Purchaser.

P.  Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006, the Cure Amounts constitute all amounts due and owing on the Leases and shall be fixed and allowed for the Leases in their respective amounts as listed on Exhibit B to the Motion. No other amounts are due and owing by the Debtors on the Leases in connection with the assumption and assignment of the Leases. The Cure Amounts shall be payable by the Debtors in accordance with the terms and provisions of the Purchase Agreement. Upon payment of the Cure Amounts, all defaults, if any, under the Leases shall be deemed cured.

Q.  The Purchaser has provided adequate assurance of future performance of the Leases within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) and 365(f)(2)(B).

R.  No default of the type described in 11 U.S.C. § 365(b)(2)(D) exists under the Leases.

S.  Pursuant to 11 U.S.C. § 365(k), upon the assumption and assignment of the Leases, the Debtors shall be released from any liability or further performance under the Leases that may arise after the assumption and assignment of the Leases.

T.  The approval and consummation of the Purchase Agreement and the assumption and assignment of the Leases to the Purchaser is in the best interests of the Debtors, their estates, their creditors and other parties in interest. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.  The Motion is granted.

2.  Any objections to the entry of this Order to or the relief granted and requested in the Motion that have not been withdrawn, waived or settled are denied and overruled on the merits.

3.  The terms and conditions of the Purchase Agreement are approved in all respects. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized to consummate the Sale (subject to applicable Closing conditions set forth in the Purchase Agreement). The Debtors are authorized to transfer the Assets to the Purchaser, pursuant to and in accordance with the terms and conditions of the Purchase Agreement.

4.  The Debtors are authorized, in accordance with 11 U.S.C. §§ 105(a), 363 and 365, to assume and assign the Leases to the Purchaser. Nothing stated in this Order shall defeat any right which a party to the

Leases may have under 11 U.S.C. § 365 to execute and deliver to the Purchaser such documents or other instruments as may be necessary to assign and transfer the Leases to the Purchaser. Notwithstanding anything to the contrary, the Debtors shall not be deemed to have assumed any Lease that is not ultimately assigned or transferred to the Purchaser in accordance with the Purchase Agreement. The Debtors' rights to subsequently reject, assume or assume and assign any Lease that is not assigned or transferred to the Purchasers in accordance with the Purchase Agreement are preserved in all aspects.

5. The Debtors have satisfied the requirements of 11 U.S.C. §§ 365(b)(1),(3) and 365(f)(2).

6. The Leases shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser, in accordance with their respective terms, notwithstanding any provision in the Leases to the contrary (including provisions of the type described in 11 U.S.C. §§ 365(b)(2), (e)(1) and (f)(1)) which prohibit, restrict or condition such assignment or transfer. The DIP Lenders and the landlords to the Leases and any non-Debtor party to the Leases shall be deemed to have consented to such assignment if consent was not otherwise obtained in accordance with the Purchase Agreement.

7. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized and empowered to consummate and implement fully the Purchase Agreement, together with all additional instruments and documents that may be necessary or appropriate to implement the Purchase Agreement, and the Debtors are authorized to take all further actions as may reasonably be necessary or

appropriate for the purpose of assigning, transferring, granting, conveying, and conferring to the Purchaser or reducing to the Purchaser the Assets, or as may be necessary or appropriate to the performance of the Debtors' obligations under the Purchase Agreement.

8.  Any agreements, documents, or other instruments executed in connection with the Purchase Agreement may be modified, amended, or supplemented by the parties without further order of the Court; <u>provided, however</u>, that the Debtors shall first obtain the prior written consent of the Creditors' Committee, which consent shall not be unreasonably withheld and <u>provided further</u>, that any such modification, amendment or supplement shall neither be materially adverse to the Debtors nor materially adversely change, with respect to the Debtors, the economic substance of the transactions contemplated by the Purchase Agreement.

9.  Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement or this Order, pursuant to 11 U.S.C. § 105(a) and 363(f), the Assets shall be transferred to the Purchaser free and clear of all Interests and Claims (except for the Permitted Encumbrances and Assumed Liabilities). All such non-assumed Interests and Claims, if any, shall attach to the proceeds of the Sale, with the same validity, enforceability, priority, force and effect they now have as against the Assets, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

10. The Debtors shall cause the proceeds from the Sale to be paid in accordance with the terms of the Final Financing Order and the Loan Documents (as defined in the Final Financing Order).

11. The transfer of the Assets pursuant to the terms of the Purchase Agreement is a transfer pursuant to 11 U.S.C. § 1146(c) and, therefore, the making, delivery, filing or recording of any deeds, assignments or other transfer documents (the "Transfer Instruments") with respect to the Assets shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax or similar tax including without limitation, any transfer or recordation tax applicable to deeds and/or security interests. All filing and recording officers are directed to accept and immediately file or record, the Transfer Instruments without payment of any such taxes.

12. The consideration provided by the Purchaser for the Assets constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law, and may not be avoided under 11 U.S.C. § 363(n).

13. The Cure Amounts are fixed for the Leases in the respective amounts set forth on Exhibit B to the Motion. All defaults, claims or other obligations of the Debtors arising or accruing under each of the Leases, if any, prior to their assumption (without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. § 365(b)(2)) shall be cured by the Debtors in accordance with the Purchase Agreement, by paying the

Cure Amounts listed on Exhibit B to the Motion. No other or further monetary amounts or obligations are due or existing under the Leases, whether pursuant to 11 U.S.C. § 365(b)(1) or otherwise. The Cure Amounts shall be payable in accordance with terms and conditions of the Purchase Agreement.

14. Pursuant to 11 U.S.C. § 365(k), upon the assignment of the Leases to the Purchaser, (a) the Debtors and their estates shall be relieved from any and all liability for any breach of the Leases occurring after assignment to the Purchaser and (b) the Purchaser shall be responsible for any and all claims and obligations under the Leases occurring or arising after the assumption and assignment of the Leases.

15. Subject to the terms of this Order and the Purchase Agreement, the Purchaser shall assume all rights and obligations of the Debtors under the Leases and all Assumed Liabilities.

16. All non-Debtor parties to the Leases are enjoined and estopped from contesting, challenging, or disputing the Cure Amounts and from asserting that any default or breach existed at a time prior to the date of assumption and assignment of the Leases.

17. Upon assignment of the Leases to the Purchaser, no default shall exist under an assumed Lease. Upon entry of this Order and assumption and assignment of the Leases, the Purchaser shall be deemed in compliance with all terms and provisions of the Leases.

18. All entities in possession of some or all of the Assets are directed to surrender possession of the Assets to the Debtors. Each of the

Debtors' creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release its Interests and Claims in the Assets (except for the Permitted Encumbrances and Assumed Liabilities) if any, (provided that the taking of such actions shall not require such creditor to incur any material costs) as such Interests and Claims may have been recorded or otherwise exist. In the event any creditor fails to release its Interests or Claims in the Assets, the Debtors are authorized to take any action necessary to do so and the Purchaser is authorized to file or record a copy of this Order. Once filed, registered or otherwise recorded, this Order shall constitute conclusive evidence of the release of all Interests in and Claims against the Assets (except for the Permitted Encumbrances and Assumed Liabilities).

19. The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C § 363(m). Accordingly, the reversal or modification on appeal of the authorization to consummate the sale of the Assets shall not affect the validity of the sale to the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by 11 U.S.C. § 363(m) of the Bankruptcy Code.

20. The transfer of the Assets to the Purchaser pursuant to the Purchase Agreement shall not result in (i) the Purchaser having any liability or responsibility for any Interest or Claim (except for the Permitted Encumbrances or Assumed Liabilities) against the Debtors or against an insider of the Debtors or

(ii) the Purchaser having any liability or responsibility to the Debtors except as expressly stated in the Purchase Agreement and this Order.

21. The Purchaser shall have no responsibility for any liability or other obligation of the Debtors arising under or related to the Assets other than the Permitted Encumbrances and the Assumed Liabilities as set forth in the Purchase Agreement. Without limiting the effect or scope of the foregoing, the transfer of the Assets from the Debtors to the Purchaser does not and will not subject the Purchaser or its affiliates, successors or assigns or their respective properties (including the Assets) to any liability for Claims in or Interests against the Debtors or the Assets by reason of such transfer under the laws of the United States or any state, territory or possession thereof applicable to such transactions. Neither the Purchaser nor its affiliates, successors or assigns is acquiring or assuming any liability, warranty or other obligation of the Debtors, including, without limitation, any tax incurred but unpaid by the Debtors prior to closing including, but not limited to, any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, fixed or audited, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

22. This Order shall be a full and complete general assignment, conveyance and transfer of the Assets or a bill of sale transferring good and marketable title in the Assets to the Purchaser. Each and every federal, state, and local governmental agency or department is directed to accept any and

all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

23. This Order is and shall be effective as a determination that any and all Interests or Claims (except for the Permitted Encumbrances and Assumed Liabilities), if any, shall be, and are, without further action by any person or entity, unconditionally released, discharged and terminated with respect to the Assets.

24. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

25. During the pendency of the Debtors' jointly administered case, this Court shall retain exclusive jurisdiction (a) to enforce and implement the Purchase Agreement and any agreements and instruments executed in connection with the Purchase Agreement, (b) to compel delivery of possession of the Assets to the Purchaser, (c) to resolve any disputes, controversies or claims arising out of or relating to the Purchase Agreement, and (d) to interpret, implement and enforce the provisions of this Order.

26. The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, the Purchaser and its respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of a trustee under any chapter of the Bankruptcy Code. The Order shall remain binding upon any such trustee.

27. All persons who hold Interests in or Claims against the Debtors are forever barred, estopped and permanently enjoined from asserting or prosecuting any claims or causes of action against the Purchaser, its affiliates, successors or assigns or any of their respective officers, directors, employees, attorneys or advisors, arising out of or in connection with the Sale.

28. After the Closing, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect a lien or security interest against any of the Assets, or (b) collect or attempt to collect from the Purchaser or any of its affiliates any tax (or other amount alleged to be owing by one or more of the Debtors) (i) on account of or relating to any Interests or Claims or (ii) for any period commencing before and concluding prior to or on Closing or any pre-Closing portion of any period commencing before the Closing and concluding after the Closing, or (iii) assessed prior to and payable after Closing, except as otherwise provided in the Purchase Agreement. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to any of the transactions under the Purchase Agreement.Nothing contained in this Order or the Purchase Agreement shall be

construed to release any entity of liability to a governmental entity under any police and regulatory statute as the owner or operator of property that such entity owns or operates after the date of entry of this Order.

29. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement be authorized and approved in its entirety.

30. To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the Purchase Agreement and this Order, the provisions contained in the Purchase Agreement will control.

31. Notwithstanding anything above to the contrary, the Debtors are permitted to submit a motion to this Court seeking authorization to pay fees and expenses to parties who contributed to the marketing and sale of the Assets. All parties' shall retain their rights to object to any such motion and are not affected by entry of this Order. No payments can be made to any such parties without Court approval. In no event shall any liability for such fees and expenses attach to or become the liability of the Purchaser, its affiliates, successors or assigns.

32.	Notwithstanding Fed. R. Bankr. P. 6004(g) and 6006(d), this Order shall take effect immediately upon entry.

Dated this ___ day of May, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a
copy of this Order on all persons
served with the Motion.

004952602