UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**ORDER UNDER 11 U.S.C. §§ 105(a) AND 366 AND FED. R. BANKR. P. 9019(b), (i) AUTHORIZING THE DEBTORS TO RESOLVE DISPUTES WITH CERTAIN UTILITY COMPANIES WITHOUT FURTHER COURT APPROVAL AND (ii) ESTABLISHING NOTICE PROCEDURES**

These cases came before the Court for hearing on May 19, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 366 and Fed. R. Bankr. P. 9019(b) (i) authorizing the Debtors to resolve disputes with those utility companies holding prepetition bonds and/or deposits without further Court approval and (ii) establishing notice procedures to give affected parties the ability to examine the proposed resolution and, if not satisfied, to object (the "Motion"). The Court has reviewed the Motion, considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

    1.    The Debtors are authorized to enter into proposed resolutions, to effect the proposed resolutions, and to make any transfers pursuant thereto without further Court approval.

    2.    The Notice Procedures are approved.

3. In accordance with Fed. R. Bankr. P. 9019(b), the following Notice Procedures shall be implemented in lieu of seeking Court approval for each proposed resolution:

    a. The Debtors shall give notice (the "Notices") of the proposed resolutions to (i) the Office of the United States Trustee; (ii) counsel for the Creditors' Committee; and (iii) counsel for the postpetition secured lenders (collectively, the "Notice Parties"). Notices shall be served by facsimile or electronic transmission, so as to be received by 5:00 p.m. (Eastern Time) on the date of service. The Notice shall specify (1) the dispute to be settled, (2) the identity of the particular Debtor resolving such dispute, (3) the identity of the Secured Utility Company, (4) the terms of the proposed resolution, and (5) a brief statement of the basis for the resolution.

    b. The Notice Parties shall have five (5) business days after the Notices are sent to object or to request additional information to evaluate the proposed resolution.

    c. A Notice Party must submit an objection or request for additional time in writing to (i) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522 Attn: Stephanie R. Feld, Esq. ("SASM&F") and (ii) Smith Hulsey & Busey, 225 Water Street, 1800 Wachovia Tower, Jacksonville, Florida 32202 Attn: Cynthia C. Jackson, Esq. ("Smith Hulsey"). If SASM&F and Smith Hulsey receive no written objection or written request for additional time prior to the expiration of the applicable period, the proposed resolution shall be deemed consented to by the Notice Parties and the Debtors shall be authorized to effect the proposed resolution and to make any transfers pursuant thereto without further Court approval. If a Notice Party provides a written request to SASM&F and Smith Hulsey for additional time to evaluate the proposed resolution, such Notice Party – and only such Notice Party – shall have an additional five (5) business days from the expiration date of the applicable period or such additional time as the parties may otherwise agree to object to the proposed resolution.

    d. If a Notice Party objects to the proposed resolution within the applicable period after the Notice is sent (or, in the case of a Notice Party that has timely requested additional time to evaluate the proposed resolution, within the additional applicable review period), the Debtors and such objecting Notice Party shall use good faith efforts to consensually resolve the objection. If the

2

        Debtors and such objecting Notice Party are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed resolution pursuant to these procedures, but may seek Court approval of the proposed resolution upon notice and a hearing.  If the Debtors and such objecting Notice Party are able to achieve a consensual resolution, any nonobjecting Notice Party shall be given notice of such resolution and shall have two (2) business days after such notice to object or request additional information.  If the Debtors receive no further objection or request, the proposed resolution shall be deemed consented to by the Notice Parties and the Debtors shall be authorized to effect the proposed resolution and make any transfers pursuant thereto without further Court approval.

      e.      Nothing in the foregoing Notice Procedures shall prevent the Debtors, in their sole discretion, from seeking Court approval at any time of any proposed resolution upon notice and a hearing.

    4.    The Court shall retain jurisdiction to (i) resolve any disputes arising from a proposed resolution with any Secured Utility Company and the establishment of the notice procedures and (ii) interpret, implement, and enforce the provisions of this Order.

Dated May ___19___, 2005 in Jacksonville, Florida.

                              Jerry A. Funk
                              United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1            Date Rcvd: May 20, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1

The following entities were served by first class mail on May 22, 2005.
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,    225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 22, 2005**              **Signature:** _/s/ Joseph Speetjens_