UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**FINAL ORDER AUTHORIZING DEBTORS (A) TO MAINTAIN
EXISTING BANK ACCOUNTS AND CASH MANAGEMENT
SYSTEM, (B) TO CONTINUE USE OF EXISTING CHECKS, AND
(C) TO CONTINUE USE OF EXISTING INVESTMENT GUIDELINES**

These cases came before the Court for hearing on May 19, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of a final order pursuant to the Debtors' Motion for Authority (a) to Maintain Existing Bank Accounts and Cash Management System, (b) to Continue Use of Existing Checks, and (c) to Continue Use of Current Investment Policy dated February 21, 2005 (the "Motion").[1] It appears that the Motion was approved on an interim basis pursuant to the Interim Order Authorizing Debtors (a) to Maintain Existing Bank Accounts and Cash Management System, (b) to Continue Use of Existing Checks, and (c) to Continue Use of Current Investment Guidelines dated February 23, 2005 (the "Interim Order"). It further appears that final consideration of the Motion was continued from time to time to allow the Debtors time to move certain bank accounts into approved depositories at the request of the United States Trustee and to attempt to address certain other issues raised parties in interest. The Court has reviewed the Motion, the Interim Order, and certain proposed modifications to the

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

- 2 -

relief granted in the Interim Order and has considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted on a final basis as set forth in this Order.

2. The Debtors are authorized to continue to use their pre-petition cash management system procedures, as described in the Motion, in the ordinary course of business.

3. The Cash Management Banks (as defined in the Motion) are authorized to continue to service and administer all of the Debtors' bank accounts, including the accounts identified on Exhibit A to the Motion as modified by Revised Exhibit A to this Order (collectively, the "Bank Accounts"), as accounts of the respective Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on the Bank Accounts after February 21, 2005 (the "Petition Date") by holders or makers thereof, as the case may be, subject to the availability of funds, and, in the event it is determined that any Bank Account was inadvertently omitted from Exhibit A to the Motion or Revised Exhibit A to this Order, the relief provided in this Order shall be deemed to apply to any and all Bank Accounts maintained in the Debtors' names.

4. The Debtors are authorized and empowered (a) to designate, maintain, and continue to use any and all existing bank accounts with the same account numbers, including, without limitation, the accounts identified in Exhibit A to the Motion as modified by Revised

Exhibit A to this Order; and (b) to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors-in-possession.

5.   The Cash Management Banks shall designate each of the Bank Accounts as a "debtor-in-possession" or "DIP" account. The applicable Cash Management Banks shall be in compliance with Section 345 of the Bankruptcy Code in regards to the Debtors' concentration account, tax deposit account, and any account that holds funds that are not subject to a daily sweep.

6.   The Cash Management Banks and their affiliates, successors, and assigns, pursuant to Sections 105 and 362(a) of the Bankruptcy Code, are stayed from offsetting, freezing, recouping, affecting, or otherwise impeding the use or transfer of or access to any funds of the Debtors or cash collateral (as defined in Section 363(a) of the Bankruptcy Code), contained or deposited in the Bank Accounts maintained by the Debtors or their affiliates, on or after the Petition Date by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of the Cash Management Banks against the Debtors that arose before the Petition Date.

7.   Notwithstanding anything to the contrary in any other order entered in the Debtors' Chapter 11 cases substantially contemporaneously with this Order, the Cash Management Banks (a) are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Cash Management Bank believes the payment is or is not authorized by any order(s) of the Court, (b) have no duty to inquire as to whether such payments are authorized by any order(s) of the Court, and (c) have no liability to any party on account of the Debtors' instructions in accordance with this Order or for

honoring a pre-petition check or other item as the result of an innocent mistake made despite implementation of customary item handling procedures.

8. Nothing contained in this Order shall prevent the Debtors and Wachovia from opening any additional bank accounts or closing any existing bank account(s) as they may deem necessary and appropriate, and the Cash Management Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation and that is organized under the laws of the United States or any State therein and shall be designated a "debtor-in-possession" or "DIP" account by the respective Cash Management Bank. Notification of the opening or closing of any bank account shall be provided by the Debtors to the U.S. Trustee c/o Gary Gentry by facsimile at 407-648-6323. A bank account that is opened and used as a concentration account or tax deposit account, is not subject to a daily sweep, or holds over $100,000 shall be collateralized or shall otherwise meet the requirements of Section 345 of the Bankruptcy Code.

9. The Debtors are authorized to continue to consolidate the management of their cash and cash equivalents, including, without limitation, their pre-petition procedures related to investments of cash, and to effectuate the transfer of funds among the Debtors in the ordinary course of business, when and in the amounts determined by the Debtors to be necessary to maintain the various aspects of their business operations; provided, however, that (a) the Debtors shall maintain strict records of all such transfers in a manner so that all transactions can be readily ascertained; (b) all net post-petition advances by and among the Debtors shall be granted super-priority administrative expense status and shall have priority over any and all administrative expenses (incurred by any of the Debtors) of the kind specified in Section 503(b)

and 507(b) of the Bankruptcy Code, subject and subordinate only to (i) any super-priority administrative claims and other liens, claims, rights and priorities granted to the pre-petition secured lenders and post-petition secured lenders under the <u>Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (ii) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (iii) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Prepetition Secured Lenders</u> dated March 23, 2005, and under the documents authorized thereby; (ii) any payments required to be made to the United States Trustee as specified in 28 U.S.C. § 1930, (iii) reasonable fees and expenses of a trustee under Section 726(b) of the Bankruptcy Code, and (iv) any compensation allowed by this Court under Sections 328, 330, or 331 of the Bankruptcy Code to any professional retained by the Debtors or any official committee appointed in these cases; (c) the Debtors shall pay the Cash Management Banks any reasonable fees, consistent with pre-petition practices, related to the post-petition services provided by the Cash Management Banks; and (d) in the course of providing cash management services to the Debtors, Wachovia is authorized, without further Order of this Court, to deduct from accounts of the Debtors its customary fees and expenses based upon the nature of the deposit and cash management services rendered to the Debtors, whether before or after the Petition Date, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from, among other things, cash services, branch transactions, issuance of checks, returned checks, other returned items, or settlement of ACH transfers, regardless of whether such transactions

relate to pre-petition or post-petition activities, and all of such deductions and charge-backs by Wachovia shall be entitled to administrative expense priority.

11. Any and all accounts opened by the Debtors on or after the Petition Date at any Cash Management Bank shall, for all purposes under this Order, similarly be subject to the rights and obligations of this Order.

12. The Debtors and the Cash Management Banks are authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order, including, but not limited to, that certain "Deposit Agreement and Disclosure for Non-Personal Accounts between Wachovia and the Debtors (the "Wachovia Agreement") shall continue to govern the post-petition cash management relationship between the Debtors and Wachovia, and that all of the provisions of such agreement, including, without limitation, the termination and fee provisions, shall remain in full force and effect. The parties to such agreements shall continue to enjoy the rights and remedies afforded to them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code. Nothing in this Order, nor any action taken by the Debtors in furtherance of the implementation of this Order, shall be deemed an assumption or rejection of any executory contract or unexpired lease.

13. Wachovia is authorized to terminate the Wachovia Agreement or any services provided thereunder on not less than thirty (30) days' prior written notice to the Debtors and counsel to the Committee or as otherwise provided in the Wachovia Agreement.

14. Absent consent of Wachovia, Debtors shall not terminate the Wachovia Agreement on less than thirty (30) days' prior written notice to Wachovia.

15. The Debtors are authorized to continue to use their existing checks, provided that each check is affixed with a "debtor-in-possession" or "DIP" legend.

16. The Debtors are authorized to continue their current investment practices as described in the Motion.

17. Notwithstanding Federal Rule of Bankruptcy Procedure 6004(g), this Order shall be effective immediately upon its entry.

18. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated May 19, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties on
the Master Service List and all Banks
on Revised Exhibit A.

| Entity Name | Bank Name | Nature of Account | Type of Account | Is it swept? |
|---|---|---|---|---|
| Winn-Dixie Montgomery, Inc. - DIP | American Gateway Bank | Store Depository Account - WES71 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | AmSouth | Store Depository Account - CEN05 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | AmSouth | Master ZBA Account - HDQ06 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | AmSouth | Division Principal Account - Western | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | AmSouth | Store Depository Account - SOU04 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | AmSouth | Store Depository Account - WES02 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP d/b/a Save Rite | AmSouth | Store Depository Account - WES05 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | AmSouth | Store Depository Account - WES38 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | BB&T | Store Depository Account - CEN37 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | BB&T | Store Depository Account - NOR05 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | BB&T | Store Depository Account - NOR12 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Colonial Bank | Store Depository Account - WES87 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Colony Bank of Fitzgerald | Store Depository Account - CEN13 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Community Bank & Trust | Store Depository Account - NOR32 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Community Bank & Trust | Store Depository Account - WES74 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Compass Bank | Store Depository Account - WES13 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Fifth Third Bank | Credit Card Wiring Account | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | First Bank | Store Depository Account - SOU01 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | First National Bank | Store Depository Account - WES10 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Hancock Bank | Store Depository Account - WES35 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Hancock Bank | Store Depository Account - WES37 | Checking | Yes |
| Dixie Spirits, Inc. - DIP | Iberia Bank | Store Depository Account - WES01 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Marketplace Federal Credit Union | EBT Account | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Marketplace Federal Credit Union | POS Account | Checking | No |
| Winn-Dixie Stores, Inc. - DIP | National City | Consolidated Returns - HDQ99 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Northeast Georgia Bank | Store Depository Account - NOR49 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Peoples State Bank & Trust | Store Depository Account - CEN04 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Regions Bank | Master ZBA Account - HDQ07 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Regions Bank | Store Depository Account - WES53 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Regions Bank | Store Depository Account - WES81 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Regions Bank | Store Depository Account - WES91 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Security State Bank | Store Depository Account - NOR24 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | South GA Banking Co. | Store Depository Account - CEN19 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | SunTrust | Store Depository Account - CEN39 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | SunTrust | Master ZBA Account - HDQ05 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | SunTrust | Store Depository Account - NOR37 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | The First National Bank | Store Depository Account - WES36 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | The Heritage Bank | Store Depository Account - WES93 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Tippins Bank & Trust Co. | Store Depository Account - CEN06 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Trustmark National Bank | Store Depository Account - CEN27 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Trustmark National Bank | Store Depository Account - WES48 | Checking | Yes |

| Entity Name | Bank Name | Nature of Account | Type of Account | Is it swept? |
|---|---|---|---|---|
| Winn-Dixie Montgomery, Inc. - DIP | Union Planters | Store Depository Account - WES09 | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | United Bank | Store Depository Account - WES06 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | ADS - Dorman | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Accounts Payable | Controlled Disbursement | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Georgia Lottery - Central | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Store Depository Account - CEN15 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Store Depository Account - CEN45 | Checking | Yes |
| Dixie Stores, Inc. - DIP | Wachovia | Dixie Stores, Inc. | Checking | No |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Pharmacy EDS | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Beer, Wine, Spirits | Controlled Disbursement | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Master ZBA Account - HDQ01 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Management Security Plan | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP d/b/a Save Rite Gro | Wachovia | Georgia Lottery - Northern | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP d/b/a Save Rite Gro | Wachovia | Store Depository Account - NOR01 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP d/b/a Save Rite Gro | Wachovia | Store Depository Account - NOR14 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Wachovia | Store Depository Account - NOR23 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Wachovia | Store Depository Account - NOR52 | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Wachovia | Store Depository Account - NOR94 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Payroll | Controlled Disbursement | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Division Principal Account - Central | Checking | Yes |
| Winn-Dixie Raleigh, Inc. - DIP | Wachovia | Headquarters Principal | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Division Principal Account - Northern | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Division Principal Account - Southern | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Wachovia Consolidated Returns | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Store Depository Account - SOU15 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Special Accounts Payable | Checking | Yes |
| Table Supply Food Co., Inc. - DIP | Wachovia | Table Supply Food Co., Inc. | Checking | No |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Taxes held in Trust | Checking | No |
| Winn-Dixie Stores, Inc. - DIP | Wachovia | Tennessee Lottery | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Wachovia | Georgia Lottery - Western | Checking | Yes |
| Winn-Dixie Montgomery, Inc. - DIP | Wachovia | Store Depository Account - WES08 | Checking | Yes |
| Winn-Dixie Stores, Inc. - DIP | Wakulla Bank | Store Depository Account - CEN34 | Checking | Yes |

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: May 20, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1
```

The following entities were served by first class mail on May 22, 2005.
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,    225 Water Street, Suite 1800,
            Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.                          TOTAL: 0
NONE.

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 22, 2005**                          **Signature:**   _Joseph Speetjens_