UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

ORDER AUTHORIZING DEBTORS TO RETAIN
BAIN & COMPANY, INC. TO PROVIDE FINANCE GROUP SUPPORT SERVICES

These cases came before the Court for hearing on May 19, 2005, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain Bain & Company, Inc. ("Bain") to provide finance group support services to the Debtors (the "Application").[1] The Court has reviewed the Application and the supporting Declaration of Pratap C. Mukharji and Disclosure of Compensation (the "Mukharji Declaration") and has considered the representations of counsel. The Court has also reviewed the objection to the Application filed by the United States Trustee and has been advised of the negotiations and agreement by and between the Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and Bain, the terms of which have been read into the record and will be subject to subsequent approval by the Court (the "Stipulation and Agreed Order"). After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application as provided in this Order and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

ORDERED AND ADJUDGED THAT:

1. The Application is granted as set forth in this Order.

2. Subject to paragraph 3 below, the Debtors are authorized to retain Bain, nunc pro tunc to the Petition Date, to provide finance group support services on the terms set forth in the Application, the Mukharji Declaration, and the letter agreement between the Debtors and Bain dated February 18, 2005 and attached to the Application as Exhibit A.

3. The terms of Bain's retention under the Application are hereby modified such that Bain shall seek reduced payment of fees and expenses incurred in the period from March through May 2005 in the aggregate amount of $800,000 (the "Allowed Reduction"); provided, however, the Allowed Reduction shall include Bain's fees and expenses through reasonable conclusion of its present work in the event such work continues past May 31, 2005. At any time after entry of the Order approving the Stipulation and Agreed Order, Bain may file a final fee application seeking approval and immediate and full payment of the Allowed Reduction and amounts already paid to Bain for the post-petition portion of February 2005 services. ***Provided, however***, Bain's agreement to seek payment of reduced fees and expenses in the amount of the Allowed Reduction shall be expressly contingent upon this Court's approval of the Stipulation and Agreed Order, which shall be entered into and supported by each of the Debtors, the Committee and Bain. To the extent the Stipulation and Agreed Order is not approved by this Court, the rights of the Committee and the United States Trustee to object to Bain's retention, which retention pursuant to paragraph 2 is conditioned upon this Court's approval of the Stipulation and Agreed Order, and to any request by Bain for fees and expenses, is expressly preserved and will be scheduled for hearing at the next scheduled omnibus hearing date; and further Bain reserves the

right to seek the full allowance and payment of all of its fees and expenses as provided in the Application.

4. The Stipulation and Agreed Order shall be presented for approval by the Court upon motion with adequate notice to necessary parties in interest.

5. If any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Bain's employment shall continue as authorized pursuant to this Order.

6. Bain shall be compensated, as provided in this Order, upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

7. Notwithstanding the previous paragraph, and as set forth in the Application, Bain shall not be required to maintain detailed time records but shall submit fee applications containing a brief description of the services rendered during the applicable time period and shall attach: (a) an invoice containing, in summary format, the name of each professional, and the aggregate amount of time spent during the applicable period by each such individual in rendering services on behalf of the Debtors; provided, however, that Bain shall not be required to provide in any fee invoice any time entries; and (b) an invoice itemizing the type and amount of expenses incurred during that month.

8. Bain is authorized to hold the $500,000 retainer it received from the Debtors prepetition for application to the allowed amount after this Court's approval of Bain's final application in these cases; provided, however, that Bain shall hold the remaining retainer as funds clearly designated for the account of the Debtors; and provided, further, however, that to

the extent the prepetition retainer is insufficient to satisfy all pre-petition fees, charges, costs, or expenses, Bain shall waive any unpaid pre-petition fees, charges, costs, or expenses.

9. All requests by Bain for payment of indemnity under the letter agreement attached to the Application as Exhibit A shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the letter agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought. ***Provided, however***, in no event shall Bain be indemnified in the case of its own willful misconduct, gross negligence, bad faith or self-dealing. In the event Bain seeks reimbursement for attorneys' fees from the Debtors pursuant to the indemnity in the letter agreement, the invoices and supporting time records from such attorneys shall be included in Bain's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and with regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. To the extent this Order is inconsistent with the letter agreement attached to the Application as Exhibit A, this Order shall govern.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated May 24, 2005 in Jacksonville, Florida.

───────────────────────────────
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

5