UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al,             Case No.: 3:05-bk-03817-JAF
                                                                             Chapter 11
           Debtors.                             Jointly Administered

_____/

**OBJECTION BY UNITED STATES TRUSTEE TO MOTION BY RICHARD EHSTER AND OTHER NON-QUALIFIED PLAN PARTICIPANTS FOR ORDER DIRECTING APPOINTMENT OF ADDITIONAL COMMITTEE OF CREDITORS**

       COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through undersigned counsel, and objects to the Motion by Richard Ehster and Other Non-Qualified Plan Participants for Order Directing Appointment of Additional Committee of Creditors as follows:

       1. On March 2, 2005, the United States Trustee for Region 2 appointed a committee of unsecured creditors ("Creditors Committee") consisting of seven (7) members (Docket No.: 176).

       2. On April 28, 2005, a written request was made to the United States Trustee for Region 21, subsequent to the transfer of the case to the Middle District of Florida, to appoint a committee of plan participants pursuant to 11 U.S.C. §1102(a) or 11 U.S.C. §1114. The Debtors currently have two separate retirement plans (the "Plans"); the management security plan (referred to as the "MSP" and the supplemental retirement plan (referred to as the "SRP").

       3. On May 4, 2005, the United States Trustee after review and deliberation determined not to appoint another committee of non-qualified plan participants pursuant to 11 U.S.C. §1102(a)(1).

       4. Bankruptcy Code Section 1102(a)(1) provides that " as soon as practicable after the order for relief under Chapter 11 of this title, the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity

security holders as the United States trustee deems appropriate."

5. Bankruptcy Code Section 1102(a)(2) provides in relevant part that "on request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States trustee shall appoint any such committee."

6. The United States Trustee has considered that eligible recipients of the Plans are currently receiving payments pursuant to the Court's Interim Order Authorizing Debtors to pay (A) Pre-Petition Compensation, Payroll Taxes, Employee Benefits, and Related Expenses, (B) Expenses Related to Independent Contractors, and (C) Certain Retiree Benefits (Docket No.: 46). In the event the Plans are assumed, the participants under the Plans will receive all benefits and will not hold an unsecured claim against the Debtors. In the event the Plans are rejected, the plan participants will be treated *pari passu* with all other general unsecured claims. The claims under the Plans, if rejected, have the same legal status and entitlement as the claims now represented on the unsecured creditors committee. The Creditors Committee, as currently constituted, assures adequate representation to plan participants in the event the Plans are rejected. The goal of the Creditors Committee is to maximize the value of Debtors' assets and thereby to maximize recovery for all general unsecured creditors including participants of the Plan as applicable.

7. The creation of an additional committee to represent a single group of unsecured creditors to advocate their particular self interests would result in additional cost and complexity and allow for other creditor groups such as landlords and trade creditors to advocate creation of separate committees.

8. The United States Trustee is investigating the possibility of adding one or more plan

participants to the Creditors Committee.

DATED: May 24, 2005.

                    FELICIA S. TURNER
                    United States Trustee
                    Region 21

/s/   Elena L. Escamilla
ELENA L. ESCAMILLA, Trial Attorney
Florida Bar No. 898414
135 W. Central Blvd., Room 620
Orlando, FL 32801
Telephone No.: 407-648-6465
Facsimile No.:  407-648-6323
Elena.L.Escamilla@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing objection has been furnished by U.S. Mail first class postage prepaid on May 24, 2005, to the following:

| | | |
|---|---|---|
| Larry Appel, Esq.<br>Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699 | J. Baker, Esq.<br>Skadden, Arps, Slate, Meagher<br>& Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Steve Busey, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 |
| Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005 | John B. Macdonald, Esq.<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202 | David R. McFarlin<br>1851 W. Colonial Drive<br>Orlando, FL 32804 |

and to the Creditors Committee:

| | | |
|---|---|---|
| R2 Investments, LDC<br>c/o Amalgamated Gadget, LP<br>301 Commerce Street, Suite 3200<br>Fort Worth, TX 76102 | Deutsche Bank Trust<br>Company Americas<br>60 Wall Street<br>New York, NY 10005-2858 | New Plan Excel Realty Trust, Inc.<br>420 Lexington Avenue<br>New York, NY 10170 |

| | | |
|---|---|---|
| Kraft Foods Global, Inc.<br>Attn: Sandra Schirmang, Sr.<br>Director of Credit<br>Three Lakes Drive<br>Northfield, IL 60093 | Pepisco & Subsidiaries<br>7701 Legacy Drive 38-109<br>Plano, TX 75024 | OCM Opportunities Fund V.L.P.<br>C/o Oaktree Capital Mgmt., LLC<br>Los Angeles, CA 90071 |
| Capital Research & Management Company<br>Attn: Ellen Carr, V.P.<br>333 South Hope Street<br>Los Angeles, CA 90071 | | |

/s/   Elena L. Escamilla
ELENA L. ESCAMILLA, Trial Attorney