IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In re: | ) | |
|---|---|---|
| | ) | |
| WINN DIXIE STORES, INC., et al. | ) | Case No. 3:05-bk-03817-JAF |
| | ) | (Jointly Administered) |
| Debtor. | ) | |

LIMITED OBJECTION OF HEINZ FROZEN FOOD
TO DEBTOR'S REPORT REGARDING CLAIMS UNDER THE
PERISHABLE AGRICULTURAL COMMODITIES ACT

Heinz Frozen Food, a division of H.J. Heinz Company, L.P. ("Claimant"), makes this limited objection to the Report Regarding Claims Under the Perishable Agricultural Commodities Act (the "Report") filed herein by Winn-Dixie Stores, Inc., and its related entities in bankruptcy (the "Debtors"). In support of its objection, Claimant states as follows:

BACKGROUND

The Claimant is a supplier of frozen foods, and supplied same to the Debtors. On February 21, 2005 (the "Petition Date"), the Debtors filed their voluntary petitions for reorganization relief under chapter 11 of title 21 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). Thereafter, the Court entered the Final Order Granting the Debtors Authority to Pay Prepetition Claims Arising Under the Perishable Agricultural Commodities Act and the Packers and Stockyard Act (the "PACA Order") (Docket No. 485). Pursuant to the PACA Order, the Debtors filed their Report on May 6, 2005. Further pursuant to the PACA Order, "[t]he deadline for a Claimant to object to (i) the inclusion of its PACA Claim in the Report in whole or in part as an invalid claim, and (ii) to the exclusion or omission of its PACA Claim from the Report shall be . . . twenty (20) calendar days from the day

on which the Report is filed with the Court and served as set forth herein. Any objection to the Report must set forth in detail the legal and factual basis for the objection. . . ."

As of the Petition Date, Claimant was owed approximately $927,500 in outstanding invoices for frozen food products. Of that, Claimant $353,905.64 consists of Produce, as that term is defined by the PACA and the regulations promulgated thereunder. However, Claimant's PACA claim is itemized on Exhibit C of the Debtor's Report as "not fully reconciled". The Report further represents that $106,749.76 of the claim would be "paid within 10 days" and that $805,065.02 was "subject to further reconciliation and resolution". After the Report was filed, Claimant's counsel and the Debtors' counsel have tried to resolve the remainder of the claim but have been unable to do so as of the date of this Objection. Claimant has provided to the Debtor detailed breakdowns for each outstanding invoice, indicating the products for which PACA coverage is sought and those which Claimant acknowledges are not subject to the PACA trust protection. Although the Report does not list any part of Claimant's claim as "invalid", Claimant makes this Limited Objection to preserve its PACA trust rights.

## ARGUMENT

The products for which Claimant seeks PACA trust coverage are, for the most part, frozen potatoes in various cuts and sizes. The Debtors apparently object to PACA trust coverage for types of "french fry" products, despite the regulations that provide to the contrary.

THE NEW USDA REGULATION MAKES IT CLEAR THE PLAINTIFFS' PRODUCTS ARE COVERED UNDER THE PACA TRUST PROVISIONS

A)   THE LANGUAGE OF THE AMENDED REGULATION

The statutory language at issue for purpose of this PACA claim states as follows:

2

> the term "perishable agricultural commodity" – (A) means any of the following, whether or not frozen or packed in ice: Fresh fruits and fresh vegetables of every kind and character...

7 U.S.C. § 499a(b)(4). When defining the scope of what constitutes "fresh fruits and fresh vegetables of every kind and character", the statute expressly empowers the USDA to "make such rules, regulations, and orders as may be necessary to carry out the provisions of this Act". 7 U.S.C. § 499o. One of these regulations states as follows:

> the following terms whether used in the regulation, in the Act, or in the trade shall be construed as follows: ...
>
> (u)    "Fresh fruits and fresh vegetables" shall include all produce in fresh form generally considered as perishable fruits and vegetables, whether or not packed in ice or held in common or cold storage, but does not include those perishable fruits and vegetables which have been manufactured into articles of food of a different kind or character. *The effects of the following operations shall **not** be considered as changing a commodity into a food of a different kind or character*: water, steam or oil blanching, ***battering, coating,*** chopping, color adding, curing, cutting, dicing, drying for the removal of surface moisture, fumigating, gassing, heating for insect control, ripening and coloring; removal of seeds, pits, stems, calyx, husk, pods, rind, skin, peel, et cetera; polishing, precooling, refrigerating, shredding, slicing, trimming, washing with or without chemicals; waxing, adding of sugar or other sweetening agents; adding ascorbic acid or other agents used to retard oxidation; mixing of several kinds of sliced, chopped, or diced fruits or vegetables for packaging in any type of containers; or comparable methods of preparation.

7 C.F.R. § 46.2(u) (emphasis added). Despite this express language specifically put in the CFR to address this exact situation, the Debtors have refused to honor the Claimant's PACA trust claims.

The USDA published this revised version of 7 C.F.R. § 46.2(u) on May 2, 2003 to specifically include "battering" and "coating" as ***allowed*** processes which do not convert the potatoes into a "food of different kind or character". 68 Fed. Reg. 23,377 [codified at 7 C.F.R. § 46.2(u)]. The amended regulation became effective on June 2, 2003. Id. Clearly, the focus of

3

these PACA definitions is to rule out any fruits or vegetables that have been "over-processed" to the point the produce item has been manufactured into "a food of a different kind or character". Id. In other words, processed to the point the produce item literally becomes "something else", something other than the produce item it started out as. Rather than trying to define the entire spectrum of food products which are *outside* the scope of the PACA, Congress and the USDA have collaborated on a list of manufacturing processes that are deemed "allowed" or, in effect, insufficient to change a produce item "into a food of a different kind or character" so they can stay within the scope of this remedial legislation.

B)   THE APPLICABLE STANDARD

Rule #1 of statutory construction is to determine if the language is ambiguous and, if not, the Court is to enforce the statute according to its terms. "If the language of a statute is plain, the sole function of the court is to enforce the statute according to its terms." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3rd Cir. 2001). Accord United States v. One Piper F Deluxe Model, 312 F.3d 355, 358-59 (3d Cir. 2003). This fundamental principle of statutory construction has many followers. The well-settled starting point in this interpretive inquiry is the language of the statute itself. United States v. Ron Pair Enterprises, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989). Where the terms of a statute are unambiguous, the judicial inquiry is complete, except "in rare and exceptional circumstances." Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L. Ed. 2d 633 (1981) (quoting Tennessee Valley Authority v. Hill, 437 U.S. 153, 187 n.33, 98 S.Ct. 2279, 2298, 57 L. Ed. 2d 117 n.33 (1978)). See In re Forfeiture Hearings as to Caplin & Drysdale, Chartered, 837 F.2d 637, 641 (4th Cir. 1988) (where a statute's language is unambiguous, court's task of statutory construction

ends unless enforcement of statutory language would contravene clearly expressed legislative intent).

C)   THE DEBTORS PERSIST IN THEIR BELIEF THE AMENDED REGULATION IS INVALID AND SIMPLY DOES NOT APPLY TO THIS CASE

The Debtors' position that cut frozen potatoes are not covered by the PACA, despite the regulation providing otherwise, has been rejected by the only court to have addressed the issue head on. See Fleming Companies, Inc. v. United States Dept. of Agriculture, 322 F. Supp. 2d 744 (ED Tx. 2004). In a very well reasoned 29 page decision, Judge Schell from the Eastern District of Texas rejected all of Fleming's attacks on this amended regulation and held "the USDA's new rule is valid under the Chevron doctrine and is the product of a legitimate rulemaking process." See Exhibit A, p.29. For the reasons stated in the opinion, the law is valid and the Plaintiffs' claims should be upheld as valid PACA trust claims.

The Debtors here have voiced no objections to the claim herein that would contest the Claimant's preservation of its PACA trust rights or taking exception to delivery of the product in question. The only apparent issue is the Debtors' contention that frozen potato products are not covered by the PACA. By extension, the Debtors apparently take the position that the USDA's new regulation specifically extending PACA coverage to battered and coated produce is somehow invalid or does not apply here. The Debtors should be compelled to honor this claim and pay it.

## CONCLUSION

The applicability of this amended USDA regulation to the undisputed facts of this case is an issue which controls the validity of the Plaintiffs' PACA trust claims. With the USDA specifically amending the PACA regulations in response to this a court's prior disallowance of

coated potato product claims in the <u>Ameriserve</u> litigation, there is simply no basis for any further delays in payment of the Claimant's valid PACA trust claim. Accordingly, the Court should enter an order directing the Debtors to satisfy this PACA trust claim.

Respectfully submitted,

MARKS GRAY, P.A.

**/s/ Nicholas V. Pulignano, Jr.**
Nicholas V. Pulignano, Jr.
Florida Bar No.: 0319181
1200 Riverplace Blvd., Suite 800,
Jacksonville, Florida 32207
npulignano@marksgray.com
P: (904) 398-0900
F: (904) 399-8440
Attorneys for Heinz Frozen Food, a division of H.J. Heinz Company, L.P.

Of Counsel:
KEATON & ASSOCIATES, PC
Mary E. Gardner
Illinois Bar No.: 6190951
1278 West Northwest Highway, Suite 903,
Palatine, Illinois 60067
P: (847) 934-6500
F: (847) 934-6508
Gardner@pacatrust.com
Co-counsel for Heinz Frozen Food, a division of H.J. Heinz Company, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served on this 26th day of May, 2005 either by electronic transmission or by United States first class mail postage prepaid to the persons listed on the attached service list.

MARKS GRAY, P.A.

/s/ **Nicholas V. Pulignano, Jr.**
Nicholas V. Pulignano, Jr.
Florida Bar No.: 0319181
1200 Riverplace Blvd., Suite 800,
Jacksonville, Florida 32207
npulignano@marksgray.com
P: (904) 398-0900
F: (904) 399-8440
Attorneys for Heinz Frozen Food, a division of H.J. Heinz Company, L.P.


KEATON & ASSOCIATES, PC
Mary E. Gardner
Illinois Bar No.: 6190951
1278 West Northwest Highway, Suite 903,
Palatine, Illinois 60067
P: (847) 934-6500
F: (847) 934-6508
Gardner@pacatrust.com
Co-counsel for Heinz Frozen Food, a division of H.J. Heinz Company, L.P.

# SERVICE LIST

| | | |
|---|---|---|
| **Winn-Dixie Stores, Inc** <br> 5050 Edgewood Court <br> Jacksonville, FL 32254-3699 <br> Tax id: 59-0514290 <br> *Debtor* | represented <br> by | **Adam Ravin** <br> Skadden Arps Slate Meagher & Flom, LLP <br> Four Times Square <br> New York, NY 10036 <br> (212) 735-3000 <br> Email: aravin@skadden.com <br><br> **Cynthia C. Jackson** <br> Smith Hulsey & Busey <br> 225 Water Street, Suite 1800 <br> Jacksonville, FL 32201 <br> 904-359-7700 <br> Email: cjackson@smithhulsey.com |
| **United States Trustee - JAX** <br> 135 W. Central Blvd., Suite 620 <br> Orlando, FL 32801 <br> 407-648-6301 <br> *U.S. Trustee* | | |
| **Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.,** <br> *Creditor Committee* | represented <br> by | **Dennis F. Dunne** <br> Milbank, Tweed, Hadley & McCloy LLP <br> 1 Chase Manhattan Plaza <br> New York, NY 10005 <br> (212) 530-5000 <br> Fax : (212) 530-5219 <br> Email: ddunne@milbank.com |