**Objection Deadline: June 9, 2005, 4:00 p.m.**
**Hearing Date: June 16, 2005, 1:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT
### WITH BAIN & COMPANY, INC. PURSUANT TO TERMS OF STIPULATION

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned

cases, as debtors and debtors-in-possession  (collectively, the "Debtors"), move the Court for

entry of an order under 11 U.S.C. §105(a) and 363(b) and Fed. R. Bankr. P. 9019 approving a

settlement negotiated by and between Bain & Company, Inc. ("Bain"), the Official Committee of

Unsecured Creditors (the "Committee") and the Debtors on the terms set forth in the Stipulation

attached as Exhibit A.  In support of the Motion, the Debtors state as follows:

### Background

1.       On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy

Court for the Southern District of New York (the "New York Court").  By order dated April 13,

2005, the New York Court transferred venue of these cases to this Court.

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, the Committee was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested by this Motion are sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

6.      By this Motion, the Debtors request that the Court enter an order approving the Stipulation entered into by the Committee, Bain and the Debtors, providing for a settlement having the following general terms:

(a)      Bain will discontinue providing services to the Debtors as of May 31, 2005, except that Bain will complete any outstanding projects.

2

(b)     For services rendered and expenses incurred during the pendency of these cases, Bain will seek payment pursuant to the fee application process of no more than $800,000 plus postpetition amounts for the month of February.  The Committee and the Debtors agree not to object to the fee application.

(c)     Bain will be released from any and all claims arising under chapter 5 of the Bankruptcy Code, including fraudulent conveyance and preferential transfer claims.

(d)     If the settlement is not approved, the Committee and the United States Trustee may object to Bain's retention by the Debtors, which has been conditionally approved, and may object to any request by Bain for postpetition payment exceeding the agreed amount.

(e)     If the settlement is not approved, Bain reserves the right to seek full payment and allowance of all fees and expenses in accordance with its original agreement with the Debtors.

7.     For the reasons stated below, the Debtors believe that the Stipulation provides for a settlement that is in the best interests of the Debtors' estates, is reasonable, and should be approved.

## **Basis for Relief**

8.     Bain was retained by the Debtors almost one year prior to the Petition Date to perform ordinary course support services to the Debtors' internal finance group, including company footprint planning and analysis, general and administrative optimization, and inventory management.  For such prepetition services and associated expenses, Bain received payments from the Debtors aggregating $12,650,000.

9.     The Debtors desired to continue receiving services from Bain for a short period after the Petition Date, expected to end on or before June 30, 2005.  Because Bain was considered to be a professional, the Debtors filed an application on March 25, 2005 (docket no. 536), seeking authority to retain Bain under section 327(a) of the Bankruptcy Code to provide finance group support services on terms that had been negotiated and agreed to between the

Debtors and Bain.  The terms included compensation at the rate of $500,000 per month and reimbursement of expenses.

10.    After the filing of the retention application, the Committee advised the Debtors and Bain that it intended to object to the application.  The Committee questioned the necessity of the services and the monthly payment amount.  The Committee also raised issues about the payments received by Bain prior to the Petition Date and suggested that a portion of such payments could be subject to a possible fraudulent conveyance and/or preferential transfer challenge.

11.    In an effort to address the Committee's concern, Bain entered into negotiations with the Committee.  The settlement set forth in the Stipulation resulted from the negotiations.  Although the Debtors were not direct participants in the negotiations, the Debtors are parties to the Stipulation and consent to the terms of the settlement.

12.    After the settlement was reached, Bain's retention by the Debtors was conditionally approved by order of the Court dated May 24, 2005 (docket no. 1419), subject to later approval of the settlement by the Court.

## Applicable Authority

13.    A settlement constitutes a disposition of property of the estate that must be approved by the Bankruptcy Court if outside the ordinary course of business.  See 11 U.S.C. § 363(b).  Bankruptcy Rule 9019 sets forth the standard for bankruptcy court approval of compromises of controversies, providing that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

14.    To approve a settlement under Bankruptcy Rule 9019, a bankruptcy court must determine that the settlement is supported by adequate consideration and that it is fair,

equitable, and in the best interests of the debtor's estate.  In doing so, bankruptcy courts consider a variety of factors, including (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation and the attendant expense, inconvenience and delay; and (d) the paramount interests of, and deference to the views of, the creditors.  See *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.1990).

15.    The settlement set forth in the Stipulation among the Committee, Bain and the Debtors is appropriate for approval upon a consideration of  such factors.  The settlement resolves all issues of concern to the Committee on terms that permit the Debtors to receive the remaining services required from Bain and that provide assurance to Bain that it will receive reasonable payment for such services.  The savings to the Debtors' estates resulting from the agreed reduction in payments to Bain is in the range of $700,000 (for services through May) to $1,200,000 (for services through June), plus expenses.  In addition to such savings, the settlement avoids the necessity of litigation between the Committee and the Debtors over the retention of Bain as a professional in these cases, the costs and expenses of which would be borne by the Debtors' estates.  Moreover, the settlement resolves the Committee's fraudulent conveyance and preferential transfer allegations with respect to portions of the prepetition payments received by Bain, which if litigated would be distracting, time-consuming, expensive and not certain to be successful.

16.    The Stipulation was the product of extensive arms-length negotiation between the Committee and Bain, and was consented to by the Debtors.  As the Committee was the driving force with respect to the issues addressed in the Stipulation, the settlement clearly reflects the interests of creditors.

**Notice**

17.    Notice of this Motion has been provided to (a) counsel for Bain, (b)

counsel to the United States Trustee, (c) counsel for the Debtors' postpetition secured lenders,

(d) counsel for the Creditors Committee, and (e) the other parties in interest named on the Master

Service List maintained in these cases.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that

the Court (i) enter an order substantially in the form attached as Exhibit B, approving the

Stipulation and authorizing the settlement set forth in the Stipulation and (ii) grant such other

and further relief as the Court deems just and proper.

Dated:  May 27, 2005

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By      *s/ D. J. Baker*               By      *s/ Cynthia C. Jackson*
        D. J. Baker                            Stephen D. Busey
        Sally McDonald Henry                   James H. Post
        Rosalie Walker Gray                    Cynthia C. Jackson,
                                               Florida Bar Number 498882

Four Times Square                      225 Water Street, Suite 1800
New York, New York 10036               Jacksonville, Florida  32202
(212) 735-3000                         (904) 359-7700
(212) 735-2000 (facsimile)             (904) 359-7708 (facsimile)

Co-Attorneys for Debtors               Co-Attorneys for Debtors

# EXHIBIT A

# STIPULATION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                          )   Chapter 11

WINN-DIXIE STORES, INC., et al., )   Case No. 05-03817-3F1

Debtors.                        )   Jointly Administered

**STIPULATION AMONG DEBTORS, OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF WINN-DIXIE STORES, INC.,
ET AL., AND BAIN & COMPANY, INC. RESOLVING DISPUTES
REGARDING BAIN RETENTION APPLICATION (DOCKET NO. 536)**

This Stipulation (the "Stipulation") is entered into by and between (i) Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned case ("Winn-Dixie" or the "Debtors"), (ii) Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al., (the "Committee"), and (iii) Bain & Company, Inc. ("Bain" and, together with Winn-Dixie or the Debtors and the Committee, the "Parties").

**RECITALS**

**WHEREAS**, on February 21, 2005, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"); and

**WHEREAS**, on March 1, 2005, the United States Trustee for the Southern District of New York duly appointed the Committee; and

**WHEREAS**, on March 23, 2005, the Debtors filed that certain Application For Authority To Retain Bain & Company, Inc. To Provide Finance Group Support Services (the "Bain Application") (Docket No. 536); and

**WHEREAS**, on April 13, 2005, the New York Bankruptcy Court entered an order transferring venue of the Debtors' chapter 11 cases to the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"); and

**WHEREAS**, the Committee informed the Debtors and Bain that it intended to seek avoidance of certain prepetition date transfers and file an objection to the Bain Application; and

**WHEREAS**, on May 10, 2005, the United States Trustee for the Middle District of Florida (the "United States Trustee") filed an objection to the Bain Application (Docket No. 1146); and

**WHEREAS**, the Parties entered into settlement discussions, which resulted in, among other things, (i) Bain agreeing to reduce its fees and expenses for postpetition

2

services, subject to approval by the Bankruptcy Court of this Stipulation, (ii) the Parties agreeing to Bain's conditional retention, subject to approval by the Bankruptcy Court of this Stipulation, and (iii) this Stipulation; and

**WHEREAS**, on May 23, 2005, the Bankruptcy Court entered an order authorizing the Debtors' retention of Bain on modified terms subject to approval of this Stipulation (the "Retention Order") (Docket No. 1379); and

**WHEREAS**, the Parties have agreed to resolve the Committee's concerns regarding the Bain Application; and

**WHEREAS**, the terms and provisions of this Stipulation have been negotiated at arm's length and have been agreed to by the Parties in good faith.

**NOW**, **THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Stipulation, in an effort to avoid unnecessary expenses and litigation, and with the intent to be legally bound, it is agreed among the Parties as follows:

<u>**AGREEMENT**</u>

1.    <u>**Bain Retention And Payment**</u>.  At any time after the Effective Date (as defined below), Bain may file a final fee application (the "Fee Application") seeking approval and

3

immediate and full payment of $800,000 plus amounts already paid
to Bain for services rendered during the postpetition portion of
February 2005 (the "Allowed Amount") as full payment for all
postpetition date fees and expenses for the months of February,
March, April, and May 2005; provided, however, the Allowed
Amount shall include Bain's fees and expenses through reasonable
conclusion of work pending as of May 19, 2005, which is expected
to be concluded on or about May 31, 2005, in the event that such
work continues past May 31, 2005.  Bain agrees to conclude all
work in a manner consistent with its past practices and work
previously performed by Bain for the Debtors.

2.    The Debtors and the Committee agree not to object
to the Fee Application provided it is consistent with the terms
of this Stipulation.

3.    **Release Of Bain By Estate**.  As of the Effective
Date, the Debtors and their respective bankruptcy estates,
affiliates, successors, and assigns, forever waive and release
any and all known or unknown claims, rights, causes of action,
actions, or suits against Bain arising under chapter 5 of the
Bankruptcy Code, including any fraudulent transfer or preference
actions.  The Committee acknowledges that the Debtors'
respective bankruptcy estates are waiving and releasing any and
all known or unknown claims, rights, causes of action, actions,

4

or suits against Bain arising under chapter 5 of the Bankruptcy
Code and that it shall not seek standing to commence on behalf
of the Debtors' bankruptcy estates any causes of action against
Bain arising under chapter 5 of the Bankruptcy Code.

    4.   **Authority And Representations**.  The Parties
represent and warrant to each other that: (i) the signatories to
this Stipulation are authorized to execute this Stipulation;
(ii) subject to Bankruptcy Court approval, each has full power
and authority to enter into this Stipulation; and (iii) this
Stipulation is duly executed and delivered, and constitutes a
valid, binding agreement in accordance with its terms.

    5.   The Parties additionally represent and agree that
the terms and provisions of this Stipulation are the product of
arm's length negotiation and equal input by all Parties such
that they shall not be construed against any party as the
drafter of this Stipulation.

    6.   **Entire Agreement**.  This Stipulation constitutes
the entire agreement of the Parties with respect to the subject
matter hereof and supersedes all prior agreements and
understandings, written and oral, between the Parties with
respect to the subject matter hereof.  All representations,
warranties, promises, inducements, or statements of intention
made by the Parties are embodied in this Stipulation, and no

5

Party shall be bound by, or liable for, any alleged representation, warranty, inducement, or statement of intention that is not expressly embodied herein.

      7.  **Bankruptcy Court Approval**.  This entire Stipulation is expressly subject to and contingent upon its approval by the Bankruptcy Court.  If this Stipulation, or any portion of this Stipulation, is not approved by the Bankruptcy Court or if it is overturned or modified on appeal, this Stipulation shall be of no further force and effect, and, in such event, neither this Stipulation nor any negotiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of the Parties regarding any claim or right that such party may have against any other party to this Stipulation. Additionally, in the event this Stipulation is not approved by the Bankruptcy Court, the rights of the Committee and the United States Trustee to object to Bain's retention, which retention was conditionally approved by the Retention Order subject to the Bankruptcy Court's approval and entry of this Stipulation, and to any request by Bain for fees and expenses in excess of the Allowed Amount, is expressly preserved.  Additionally, Bain reserves the right to seek the full allowance and payment of all

of its fees and expenses as provided under the Bain Application if this Stipulation is not approved.

8.    **Bankruptcy Rule 9019 Motion.**  Upon execution of this Stipulation by each of the Parties, the Debtors shall promptly file with the Bankruptcy Court a motion seeking approval of this Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019.

9.    **Effective Date**.  This Stipulation may be executed in one or more counterparts and by facsimile, all of which shall be considered one and the same agreement, and shall become effective when one or more such counterparts have been signed by each of the Parties and delivered to all Parties, and the Bankruptcy Court has approved this Stipulation and entered an order approving it on the docket of the Bankruptcy Court (the "Effective Date").

10.   **Non-Severability**.  The provisions of this Stipulation are mutually interdependent, indivisible, and non-severable.

11.   **Amendments**.  This Stipulation may not be modified or amended except by a writing signed by all of the Parties.

7

12.   **Binding Effect**.   This Stipulation (i) shall inure to the benefit of and be enforceable by the Parties and their respective successors and permitted assigns and (ii) shall be binding upon and enforceable against the Parties and their respective successors and assigns upon the Bankruptcy Court's approval of this Stipulation.

13.   **Costs**.   Each of the Parties shall bear its own expenses incurred in connection with the negotiation, execution, and Bankruptcy Court approval of this Stipulation.

14.   **Governing Law**.   This Stipulation shall be governed by and construed in accordance with, the Bankruptcy Code and the laws of the State of Florida, without regard to any principles of choice of law thereof, which would require the application of the law of any other jurisdiction.

15.   **Jurisdiction**.   Each of the Parties hereby consents to the exclusive jurisdiction of the Bankruptcy Court to interpret, implement, and enforce the provisions of this Stipulation.   The Parties waive arguments of lack of personal jurisdiction or forum non-conveniens with respect to the Bankruptcy Court only as to implementation and enforcement of the provisions of this Stipulation.

8

16.  **Headings**.  Section headings used in this Stipulation are for convenience only and are not to affect the construction of, or be taken into consideration in interpreting, this Stipulation.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**IN WITNESS WHEREOF,** each of the Parties below has caused a counterpart of this Stipulation to be executed and delivered by its duly authorized signatory as of the date written below.

Dated:  May 27, 2005

<div style="margin-left:40%">

**AKERMAN SENTERFITT**

By: /s/* John B. Macdonald
John B. Macdonald, Esq.
Florida Bar No. 230340
john.macdonald@akerman.com
Patrick P. Patangan, Esq.
Florida Bar No. 348340
patrick.patangan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Phone: (904) 794-3700
Fax: (904) 798-3730

Proposed Counsel to Official Committee
of Unsecured Creditors of Winn-Dixie
Stores, Inc., et al.

-and-

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Dennis F. Dunne, Esq.
Matthew S. Barr, Esq.
Jeffrey K. Milton, Esq.
1 Chase Manhattan Plaza
New York, New York 10005
Phone: (212) 530-5000
Fax: (212) 530-5219

Counsel to Official Committee of
Unsecured Creditors of Winn-Dixie
Stores, Inc., et al.

</div>

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

10

**SMITH HULSEY & BUSEY**

By: /s/ Cynthia C. Jackson
Cynthia C. Jackson, Esq.
Florida Bar No. 0498882
cjackson@smithhulsey.com
225 Water Street,
1800 Wachovia Tower
Jacksonville, Florida 32202
Phone: (904) 359-7700
Fax: (904) 359-7708

-and-

**SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP**
D. Jan Baker, Esq.
Sally McDonald Henry, Esq.
Rosalie Walker Gray, Esq.
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax: (212) 735-2000

Co-Counsel to Winn-Dixie Stores,
Inc., et al.


**McDERMOTT WILL & EMERY LLP**

By: /s/* Mohsin N. Khambati
Mohsin N. Khambati, Esq.
227 W. Monroe Street, Suite 5400
Chicago, Illinois 60606
Phone: (312) 984-6888
Fax: (312) 984-7700

Counsel to Bain & Company, Inc.

*Counsel has authorized his
 electronic signature.

# EXHIBIT B

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING SETTLEMENT**
**WITH BAIN & COMPANY, INC. PURSUANT TO TERMS OF STIPULATION**

These cases came before the Court for hearing on June 16, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order approving a settlement negotiated by and between Bain & Company, Inc. ("Bain") and the Official Committee of Unsecured Creditors (the "Committee"), and agreed to by the Debtors, in accordance with the terms of the Stipulation attached as Exhibit A (the "Motion"). The Court has reviewed the Motion, considered the evidence and heard the arguments of counsel. After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.     The Motion is granted.

2.     The settlement described in the Stipulation is approved.

3.     The Debtors are authorized to take any and all actions that may be required to implement the settlement described in the Stipulation.

4.      The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.


Dated _____, 2005 in Jacksonville, Florida.



_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

1002168.01-New York Server 7A - MSW