**Hearing Date: June 16, 2005, 1:00 p.m.**
**Objection Deadline: June 9, 2005, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING
## REJECTION OF EXECUTORY CONTRACTS
## EFFECTIVE AS OF JUNE 16, 2005

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and

debtors-in-possession  (collectively, the "Debtors"), move for entry of an order under 11 U.S.C.

§  365(a) authorizing the Debtors to reject the executory contracts set forth on the attached

Exhibit A (the "Motion").  In support of the Motion, the Debtors respectfully represent as

follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the

Southern District of New York (the "New York Court").  By order dated April 13, 2005, the

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

New York Court transferred venue of these cases to this Court.  The Debtors' cases are being

jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No

request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an

official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in

these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and drug retailers operating in the southeastern United

States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to

published reports, the Debtors are the eighth-largest food retailer in the United States and one of

the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery

store and has grown through acquisitions and internal expansion.  The Debtors currently operate

more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the

Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of

this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the

meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested in the Motion is section 365(a) of

the Bankruptcy Code.

### Relief Requested

6.      By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a)

of the Bankruptcy Code, approving and authorizing the rejection of each of the executory

contracts identified on Exhibit A (collectively, the "Contracts") [2] as of June 16, 2005 (the

"Effective Date").  The Contracts consist of a sponsorship agreement and a suite license

agreement for the Jacksonville Veterans Memorial Arena, a sponsorship agreement for Florida

State University and a customer survey agreement.

7.      The Debtors have determined that it is in their best interests, as well as in the best

interest of their estates and creditors, to reject the Contracts.  The cost to the Debtors of

continuing to perform for the remaining term of the Contracts is estimated at over one million

dollars.  By rejecting the Contracts, the Debtors will avoid unnecessary expense and burdensome

obligations that provide no tangible benefit to the Debtors' estates or creditors.  The Contracts

are no longer necessary to the Debtors' businesses.

## Basis for Relief

8.      Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-

possession, "subject to the court's approval, may assume or reject any executory contract or

unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and

unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor

with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564

(Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel

Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

9.      The decision to reject an executory contract or unexpired lease is primarily

administrative and should be given great deference by a court, subject only to review under the

"business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re

Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v.

---

[2]      The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C.

Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992).  The business judgment rule requires the debtor

to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp.,

872 F.2d at 39-40; In re Kong, 162 B.R. 86 (Bankr. E.D.N.Y. 1993); In re Central Florida Fuels,

Inc., 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to

meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an

executory contract or unexpired lease by substituting their own judgment for that of the debtor.

See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at

287.

      10.     The Debtors have satisfied the "business judgment" standard for rejecting the

Contracts in the present case.  The Debtors' obligations under these agreements pose continuing

monetary obligations and/or other risks to the Debtors' estates.  Moreover, the agreements are

unnecessary to the Debtors' ongoing operations, are not a source of potential value for the

Debtors' estates and creditors and constitute an unnecessary drain on the Debtors' resources.

Accordingly, the Debtors' determination that the Contracts should be rejected reflects their

exercise of sound business judgment.

### Rejection Damages Deadline

      11.     To the extent that the parties to the Contracts assert rejection damages as a result

of the rejections proposed by this Motion, the Debtors request that the Court order that the

deadline for filing a proof of claim for such rejection is the later of (a) 30 days after the date of

entry of the order entered pursuant to this Motion or (b) the August 1, 2005 bar date established

by order of this Court in these cases.

## Notice

12.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d)  the other parties in interest named on the Master Service List maintained in these cases, and (e) the parties to the Contracts.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the rejection of the Contracts, effective as of June 16, 2005 and (ii) grant such other and further relief as the Court deems just and proper.

Dated: May 27, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM, LLP

By _____*/s/ D.J. Baker*_____
       D.J. Baker
       Sally McDonald Henry
       Rosalie Gray
       Jane M. Leamy
    Four Times Square
    New York, New York 10036
    (212) 735-3000
    (917) 777-2150 (facsimile)

    Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By _____*/s/ Cynthia C. Jackson*_____
       Stephen D. Busey
       James H. Post
       Cynthia C. Jackson,
       Florida Bar Number 498882
    225 Water Street, Suite 1800
    Jacksonville, Florida  32202
    (904) 359-7700
    (904) 359-7708 (facsimile)

    Co-Attorneys for Debtors

## <u>EXHIBIT A</u>

## <u>CONTRACTS FOR REJECTION</u>

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.  The rejections apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract/Lease Description |
|---|---|---|
| Host Communications, Inc.<br>546 East Main Street<br>Lexington, Kentucky 40508 | Winn-Dixie Stores, Inc. | Advertising Space Contract dated June 18, 2002 for Florida State University Men's Basketball |
| Service Management Group, Inc.<br>Attn: Andy Fromm<br>210 W. 19th Terrace, Suite 200<br>Kansas City, Missouri  64108 | Winn-Dixie Stores, Inc. | Agreement dated November 30, 2004 regarding customer satisfaction surveys |
| SMG, a Pennsylvania general partnership<br>300 A Philip Randolph Blvd.<br>Jacksonville, Florida  32202<br>Attn: Premium Seating Department | Winn-Dixie Stores, Inc. | Executive Suite License Agreement Jacksonville Veterans Memorial Arena dated October 20, 2003 |
| SMG Jacksonville<br>1000 Water Street<br>Jacksonville, Florida  32204<br>Attn: Robert Downey<br>General Manager | Winn-Dixie Stores, Inc. | Sponsorship Agreement - Jacksonville Veterans Memorial Arena dated August 20, 2003 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|                          |     |                          |
|--------------------------|-----|--------------------------|
| In re:                   | )   | Case No. 05-03817-3F1    |
|                          | )   |                          |
| WINN-DIXIE STORES, INC., et al., | )   | *Chapter 11*             |
|                          | )   |                          |
| Debtors.                 | )   | Jointly Administered     |
|                          | )   |                          |

**ORDER AUTHORIZING REJECTION OF EXECUTORY**
**CONTRACTS EFFECTIVE AS OF JUNE 16, 2005**

These cases came before the Court for hearing on June 16, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the rejection of certain executory contracts listed on Exhibit A (collectively, the "Contracts") by the Debtors effective as of June 16, 2005 (the "Motion").  The Court has reviewed the Motion, considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. § 365(a), and each Contract is deemed rejected, effective as of June 16, 2005.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Contracts, whether or not related to the Contracts.

4.      Claims for any rejection damages resulting from the rejection of the

Contracts must be filed within the later of (a) 30 days after the date of entry of this Order or (b)

the August 1, 2005 bar date established by the Court in these cases.

5.      The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order.

6.      The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this _____ day of June, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.  The rejections apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract/Lease Description |
|---|---|---|
| Host Communications, Inc. 546 East Main Street Lexington, Kentucky 40508 | Winn-Dixie Stores, Inc. | Advertising Space Contract dated June 18, 2002 for Florida State University Men's Basketball |
| Service Management Group, Inc. Attn: Andy Fromm 210 W. 19th Terrace, Suite 200 Kansas City, Missouri  64108 | Winn-Dixie Stores, Inc. | Agreement dated November 30, 2004 regarding customer satisfaction surveys |
| SMG, a Pennsylvania general partnership 300 A Philip Randolph Blvd. Jacksonville, Florida  32202 Attn: Premium Seating Department | Winn-Dixie Stores, Inc. | Executive Suite License Agreement Jacksonville Veterans Memorial Arena dated October 20, 2003 |
| SMG Jacksonville 1000 Water Street Jacksonville, Florida  32204 Attn: Robert Downey General Manager | Winn-Dixie Stores, Inc. | Sponsorship Agreement - Jacksonville Veterans Memorial Arena dated August 20, 2003 |