**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING**
**DEBTORS TO FILE PROPOSED BID PROTECTIONS UNDER SEAL**

The Debtors, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a) and 107(b) and Rule 9018, Federal Rules of Bankruptcy Procedure, authorizing the Debtors to file proposed bid protections under seal (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

00495961

these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of Title 11 of the United States Bankruptcy code (as amended, the "Bankruptcy Code"). No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to §§ 1102 and 1103 of the Bankruptcy Code.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

### Basis for Relief

4. This Court has jurisdiction over this motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested by the Motion are sections 105(a) and 107(b) of the Bankruptcy Code and Fed. R. Bankr. P. 9018.

**Relief Requested**

6.      On May 27, 2005, the Debtors filed a motion for authority to establish generic bidding procedures for the sale of assets throughout the course of these Chapter 11 cases (Docket No. 1496). If granted, the Debtors will be authorized (in their sole discretion) to offer stalking horse bidders a termination fee, overbid protection and/or release protection (collectively, the "Bid Protections"), in an effort to obtain the highest and best offers for the assets.

7.      The terms of the Bid Protections are sensitive commercial information. If the Debtors are required to disclose the Bid Protections, the Debtors' negotiating leverage with prospective stalking horse bidders will be diminished. By filing the Bid Protections under seal, prospective bidders will not know the amount and type of protection the Debtors are authorized to offer, which will enhance the Debtors' bargaining powers.

8.      The Debtors do not need to disclose the Bid Protections in advance of bidding for the protection of the public, the Debtors' respective creditors, or third parties. The Debtors will disclose any Bid Protections provided to a bidder in the Sale Motion for that purchaser's sale, which will be filed and served on all interested parties. In the interim, the Debtors will provide an unredacted version of the Bid Protections to the creditor constituents in these cases: (i) members of, counsel to and financial advisors of the Creditors' Committee; (ii) the DIP Lender and its legal and financial advisors; (iii) the office of United States Trustee; and (v) such other parties as may be ordered by the Court, or agreed to by the Debtors under appropriate confidentiality agreements. The Debtors should not be required to provide the Bid Protections to any entity that is or may be a bidder or to a person or entity related or associated with such bidder.

**Authority**

9. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders to protect entities from any harm which may result from the disclosure of commercial information. Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

10. Rule 9018, Fed. R. Bankr. P. describes the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code. Rule 9018 provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code. . . ." Fed. R. Bankr. P. 9018.

11. The purpose behind section 107 and Rule 9018 is to protect "business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." See, e.g., In re Global Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Debtors are forced to disclose the Bid Protections in advance of the bidding process, the Debtors will be placed at a competitive disadvantage

4

in selling the assets and thus, will be commercially injured. To protect the Debtors from this harm, the Court is authorized to allow the Debtors to file the Bid Protections under seal. See In re EPIC Associates V, 54 B.R. 445 (Bankr. E.D. Va. 1985) (sealing certain financial information to prevent damage to financial institutions and depositors). These same procedures have been approved and successfully used in other cases of similar magnitude. See, e.g., In re Aldelphia, (Bankr. S.D.N.Y. 2004).

12. Notice of this Motion has been given to (i) members of, counsel to and financial advisors of the Creditors' Committee; (ii) the DIP Lender and its legal and financial advisors and (iii) the office of United States Trustee. No other notice need be given.

## **Conclusion**

WHEREFORE, for foregoing reasons, the Debtors request entry of an order substantially in the form attached, authorizing the Debtors to file the Bid Protections under seal, and for such other relief as the Court deems just.

Dated: May 31, 2005

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By */s/ D.J. Baker* <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Gray <br>    Eric M. Davis | By */s/ Cynthia C. Jackson* <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson (FBN 498882) <br>    Eric N. McKay |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) | 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

495961

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER AUTHORIZING DEBTORS TO FILE**
**PROPOSED BID PROTECTIONS UNDER SEAL**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9018 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to file the bid protections under seal (the "Motion"). The Court has read the Motion. It appears that the relief requested by the Motion is in the best interest of the Debtors, their estate and creditors. Accordingly, it is

ORDERED THAT:

1. The Motion is granted.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors are authorized to file the Bid Protections[2] under seal.

---

[2] All capitalized terms not otherwise defined by this Order shall have the meaning ascribed to them in the Motion.

00495961

3. The Bid Protections (and any information derived from the Bid Protections) will remain confidential, be filed under seal and be served on and made available only to (i) members of, counsel to and financial advisors of the Creditors' Committee; (ii) the DIP Lender and its legal and financial advisors; (iii) the office of United States Trustee; and (v) such other parties as my be ordered by the Court, or agreed to by the Debtors under appropriate confidentiality agreements.

4. Any pleadings filed in these cases that disclose the Bid Protections (other than information disclosed by the Debtors in the Bidding Procedures Motion and any sale motion) must be filed under seal and served only on those parties authorized to receive the Bid Protections in accordance with this Order.

5. The Court retains jurisdiction to hear and decide any dispute related to or arising from this Order.

Dated this _____ day of June, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00495961