UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## WAH HONG GO'S MOTION FOR RELIEF FROM STAY AND FOR LEAVE TO FILE A PROOF OF CLAIM AFTER THE ENTRY OF JUDGMENT ON STATE AND FEDERAL CIVIL RIGHTS CLAIMS

Wah Hong Go, a former store manager of Winn-Dixie Stores, Inc. (the "Debtor"), moves the Court for relief from stay pursuant to Bankruptcy Code Section 362 and says:

1.    Wah Hong Go ("Go") is a former store manager of Winn-Dixie Store Number 0318 located in Key Biscayne, Miami-Dade County, Florida.  He was involuntarily terminated January 3, 2003.

2.    On April 1, 2003, Go filed a Charge of Discrimination against the Debtor jointly with the United States Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Under applicable law, Go was precluded from filing a lawsuit on these claims until the EEOC completed an investigation.  Go maintains that his employment was terminated unlawfully on the basis of his race, national origin and age in violation of Title VII, the ADEA and the Florida Civil Rights Act.

3.    On March 10, 2005, the **EEOC issued a Notice of Right to Sue finding "reasonable cause to believe that violations of the statute(s) occurred"** and notifying Go that he had 90 days from the receipt of the EEOC Notice to file a lawsuit against the

Debtor or the right to sue would be lost.  The subject 90 day period would expire on June 8, 2005.  A copy of the U.S. Equal Employment Opportunity Commission Notice of Right to Sue is attached as Exhibit "A."

4.      By this motion, Go seeks relief from the automatic stay to permit him to file, serve and litigate a lawsuit against the Debtor before a federal or state court of competent jurisdiction in Miami-Dade County, Florida where the alleged unlawful conduct of the Debtor took place and where the witnesses and evidence reside.  Go also seeks leave to file a proof of claim upon the conclusion of litigation following the entry of Judgment.  Bankruptcy Rule 3002(c)(3).

5.      In determining whether to modify the automatic stay the Bankruptcy Court must determine the following:

   a.      Whether the litigation causes the debtor "great prejudice";

   b.      Whether a balancing of respective hardships resulting from the granting or denial of stay relief tips in favor of the debtor or creditor;

   c.      Whether public policy supports the type of action the Movant is bringing against the debtor.

*In re: America West Airlines*, 148 B.R. 920, 923 (Bankr. D. Ariz. 1993)(citations omitted).

6.  In making the above determinations, the following circumstances should be considered:

   a.      Whether the defense of the suit will impose a financial burden[1];

---

[1] /      Ordinarily, litigation costs to bankruptcy estate do not compel court to deny automatic stay relief. *In re: Santa Clara County Fair Ass'n.*, Inc., 180 B.R. 565 (9th Cir. B.R. 1995).

b.  Whether judicial economy favors the action to proceed in another court;

c.  Whether a likelihood exists that resources used to prepare the matter for trial would be wasted due to the stay enjoining the action from proceeding;

d.  Whether the issues are solely state law actions or whether a special tribunal should use its expertise to hear the issues[2];

e.  Whether the litigation involves other parties in which the Bankruptcy Court lacks jurisdiction and whether full relief may be accorded to all non-debtor parties without the debtor's presence;

f.  Whether the creditor has a probability of success on the merits[3];

g.  Whether the Bankruptcy Court should first address the threshold bankruptcy-law issues.

*In re: America West Airlines,* 148 B.R. at 923 (Bankr. D. Ariz. 1993).

7.  In the Chapter 11 case of *In re: America West Airlines*, *supra*, the Bankruptcy Court determined that in the context of a statutory employment discrimination case, all three of the determinations should be resolved in favor of granting relief from the Automatic Stay since there is no great prejudice to the debtor, the balance of hardships and considerations of public policy favor granting relief. *Id.,*

---

[2] / It is not clear that a bankruptcy court has jurisdiction over statutory claims of discrimination. See, *In re: Santa Clara County Fair Ass'n.*, Inc., 180 B.R. at 566 (9th Cir. B.R. 1995); *See also* 28 U.S.C. §157(b)(5).

[3] / The EEOC has already found "reasonable cause to believe that violations of the statute(s) occurred." See Exhibit A.

8.  **Prejudice to the Debtor**.  The America West Airlines court reasoned that in the first instance there would be no "great prejudice" to the debtor in defending the case in another state since the fees necessary to defend the action are *de minimis* in comparison to the operating cost and other administrative expenses undertaken by the Chapter 11 Debtor, particularly since the issue would have to be resolved in any event. *Id*.

9.  **Balancing Hardships**.  Similarly, in balancing the hardships, the Mr. Go suffers greater harm resulting from the deprivation of his statutory right to his day in court and a jury trial.  He also suffers a greater hardship as the passage of time causes the aging of evidence as well as the fading of memories concerning the facts of the dispute. *Id*.  Likewise the Debtor suffers minimal hardship by permitting litigation to go forward in another Court where it need only retain local counsel to proceed with the defense.  *Id*. Judicial economy also favors litigating the issues in the place where the Plaintiff resides and where the Debtor is also present and operating and where the witnesses are more likely to reside.  *Id*.

10. **Public Policy**.  Finally, and importantly to this employment discrimination case, public policy strongly favors granting Mr. Go relief from stay to litigate this case expeditiously in Miami-Dade County.  As the Court noted in *America West Airlines*, strong public policy considerations support modification of the stay in statutory employment discrimination cases.  *Id*. at p. 924.  Title VII of the Civil Rights Act of 1964 makes "it an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."

Likewise, the purpose of the FCRA is "to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interests in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests and rights and privileges of individuals within the state." §760.01(2), Fla. Stat. (1992).

11. In this case, the EEOC has found reasonable cause to believe that the Debtor discriminated against Mr. Go by terminating him in violation of the statutes.  The public policy interest in preserving his right of action and in litigating it expeditiously proves well settled.

12. Other jurisdictions have also granted relief from stay in under similar circumstances.    *In the Matter of Interco Inc.*, 153 B.R. 859 (Bankr. E.D. Mo. 1993)(Relief granted to permit former employee to proceed with handicap discrimination suit which alleged wrongful termination by the debtor.); *In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564 (Bankr. 9th Cir. BAP 1995)(Relief granted to permit former employee to proceed with race discrimination claim in federal district court).

13. Go requests that the relief requested herein be *nunc pro tunc* to March 10, 2005 because the deadline for filing suit may lapse before this Court has had an opportunity to rule upon this motion.

**<u>Relief from the Automatic Stay Should be Granted for Cause</u>**

Relief from the automatic stay should be granted pursuant to Section 362(d)(1) for cause because such relief will not result in great prejudice to the Debtor and the balance

of hardships between Go and the Debtor as well as public policy considerations favor

granting relief.

WHEREFORE, Go moves the Court for the entry of an order in the form attached

as Exhibit B granting him limited relief from the automatic stay and award such further

relief as the Court deems meet and proper.

Respectfully submitted,

ANTHONY F. SANCHEZ, P.A.
Attorneys for Wah Hong Go
Alfred I. DuPont Building
169 E. Flagler Street, Suite 1500
Miami, Florida 33131
Tel:  (305) 577-9903
Fax:  (305) 577-6121


By:   /s/ Anthony F. Sanchez
        ANTHONY F. SANCHEZ
        Florida Bar No. 0789925

<u>Certificate of Service</u>

I hereby certify that as of June 1, 2005 a copy of the foregoing has been served

on the debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville,

Florida 32254-3699 by U.S. Mail and served on debtor's attorneys, Adam Ravin,

Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY

10036 and Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800,

Jacksonville, Florida 32201, U.S. Trustee, Creditors Committee, and parties in

interest electronically.


By:   /s/ Anthony F. Sanchez
        ANTHONY F. SANCHEZ
        Florida Bar No. 0789925