UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER AUTHORIZING THE SALE OF PHARMACEUTICAL PRESCRIPTIONS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES NUNC PRO TUNC TO APRIL 27, 2005**

These cases came before the Court on the motion (the "Motion")[1] of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") for an order pursuant to sections 105(a) and 363 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 6004 authorizing the sale of pharmaceutical prescriptions and inventory to CVS Realty Co. (the "Purchaser") free and clear of liens, claims, interests and encumbrances and granting related relief nunc pro tunc to April 27, 2005. The Court held a hearing on the Motion on May 6, 2005. The Court has read the Motion and considered the representations of counsel. The Court has been informed by the Debtors that the prescriptions were transferred to the Purchaser on April 27, 2005 and that the inventory was transferred to another Winn-Dixie store and that the inventory will not be sold under the agreement (the "Purchase Agreement"). The Court was also informed that the Purchaser is holding the purchase monies for the sale of the

---

[1] All capitalized terms not otherwise defined in this Order have the meaning ascribed to them in the Motion.

prescriptions pending entry of this Order. At the hearing on the Motion, counsel for the Creditors' Committee stated on the record that the Creditors' Committee reserves its right to object to the amount and priority of any indemnification claim asserted by the Purchaser under the Purchase Agreement, which right is preserved by this Order. Upon the representations of counsel and without objection by the U.S. Trustee or any other interested party, the Court makes the following findings of fact:

A. The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B. Cause exists to grant the Motion on an emergency basis.

C. A reasonable opportunity to object or be heard with respect to the Motion and the sale of the prescriptions has been afforded to all parties in interest (including all third parties asserting Interests or Claims (as such terms are defined below) in, to or against the prescriptions) and notice of the Motion and sale were sufficient under the circumstances.

D. The Debtors' marketing efforts with respect to the prescriptions were reasonable, adequate and designed to obtain the highest price possible for the prescriptions.

E. The Debtors demonstrated good, sufficient and sound business purpose and justification for the sale pursuant to 11 U.S.C. § 363(b) and for the sale to be authorized nunc pro tunc to April 27, 2005.

F. The sale and Purchase Agreement were proposed, negotiated and entered into by the Debtors and the Purchaser without collusion, in good faith and at arms'-length

bargaining positions. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the sale to be avoided under 11 U.S.C. § 363(n).

G. The Purchaser is not an "insider" of any of the Debtors, as that term is defined in 11 U.S.C. § 101.

H. The Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to all of the protections afforded by that section.

I. The consideration provided by the Purchaser for the prescriptions (i) is fair and reasonable; (ii) is the highest and otherwise best offer for the prescriptions; and (iii) constitutes reasonably equivalent value and fair consideration for the prescriptions.

J. The transfer of the prescriptions to the Purchaser pursuant to the Purchase Agreement will be a legal, valid, and effective transfer of the prescriptions, and will vest the Purchaser with good and valid title in and to the prescriptions free and clear of any lien, interest or encumbrance of any kind or nature (collectively, the "Interests") and claim (as such term is defined in 11 U.S.C. § 101(5) and the Purchase Agreement) ("Claims"), with any non-assumed Interests in and Claims against the prescriptions to attach to the Debtors' interest in the proceeds of the sale with the same validity, enforceability, priority, force and effect they now have as against the prescriptions, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

K. The Debtors may sell and transfer the prescriptions free and clear of Interests and Claims because any entity with any Interests or Claims in the prescriptions (i) has consented to the sale; (ii) could be compelled in a legal or equitable proceeding to

accept money satisfaction of such interest; or (iii) otherwise falls within the provisions 11 U.S.C. § 363(f) and, therefore, in each case, one or more of the standards set forth in 11 U.S.C. § 363(f)(1)-(5) has been satisfied. Holders of Interests and Claims, if any, who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Further, any holders of Interests and Claims are adequately protected by having their Interests and Claims, if any, attach to the proceeds of the sale, with the same validity, enforceability, priority, force and effect they now have as against the prescriptions, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

L.   The proceeds from the sale are to be paid in accordance with the terms of the Final Order Pursuant to Bankruptcy Code sections 105, 361, 362, 363, 364(c) and 364(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order"), and the Loan Documents (as defined in the Final Financing Order).

M.   The approval of the sale and consummation of the sale to the Purchaser is in the best interests of the Debtors, their estates, their creditors and other parties in interest. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. No objections to the Motion were filed or otherwise asserted.

3. The terms and conditions of the sale and Purchase Agreement are authorized and approved in all respects nunc pro tunc to April 27, 2005.

4. The Debtors are authorized and empowered to consummate and implement fully the Purchase Agreement, to execute, deliver and consummate all additional instruments and documents that may be necessary or appropriate to implement the Purchase Agreement, and the Debtors are authorized to take all further actions as may reasonably be necessary or appropriate for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or reducing to the Purchaser the prescriptions, or as may be necessary or appropriate to the performance of the Debtors' obligations under the Purchase Agreement.

5. Any agreements, documents, or other instruments executed in connection with the Purchase Agreement may be modified, amended, or supplemented by the parties to the Purchase Agreement in accordance with the terms of the Purchase Agreement without further order of the Court; provided, however, that, the Debtors will first obtain the prior written consent of the Creditors' Committee, which consent shall not be unreasonably withheld; and provided further, that any such modification, amendment or supplement will neither be materially adverse to the Debtors nor materially adversely change, with respect to the Debtors, the economic substance of the transactions contemplated by this Order.

6. Except as expressly permitted or otherwise specifically provided for in this Order, pursuant to 11 U.S.C. §§ 105(a) and 363(f), the prescriptions are transferred to the Purchaser free and clear of all Interests and Claims, with all such non-assumed Interests and Claims, if any, to attach to the proceeds of the sale, with the same validity, enforceability, priority, force and effect they now have as against the prescriptions, subject to any rights, claims, defenses and objections of the Debtors and all interested parties with respect to such Interests and Claims.

7. The transfer of the prescriptions to the Purchaser will be a legal, valid and effective transfer of the prescriptions and will vest the Purchaser with all right, title and interest of the Debtors in and to the prescriptions, free and clear of all Interests and Claims.

8. The Debtors will cause the proceeds from the sale to be paid in accordance with the terms of the Final Financing Order and the Loan Documents (as defined in the Final Financing Order).

9. The consideration provided by the Purchaser for the prescriptions constitutes reasonably equivalent value and fair and reasonable consideration under the Bankruptcy Code and applicable non-bankruptcy law, and may not be avoided under 11 U.S.C. § 363(n).

10. The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in 11 U.S.C § 363(m). Accordingly, the reversal or modification on appeal of the authorization to consummate the sale of the prescriptions will not affect the validity of the sale to the Purchaser, unless such

authorization is duly stayed pending such appeal. The Purchaser is a purchaser in good faith of the prescriptions and is entitled to all of the protections afforded by 11 U.S.C. § 363(m) of the Bankruptcy Code.

11. All entities in possession of some or all of the prescriptions are directed to surrender possession of them to the Debtors. Each of the Debtors' creditors is authorized and directed to execute such documents and take all other actions (provided that the taking of such actions will not require such creditor to incur any material costs) as may be reasonably necessary to release its Interests or Claims, if any, against the prescriptions, as such Interests or Claims may have been recorded or may otherwise exist. In the event any creditor fails to release its Interests in or Claims against the prescriptions, the Debtors are authorized to file or record a copy of this Order. Once filed, registered or otherwise recorded, this Order will constitute conclusive evidence of the release of all Interests in and Claims against the prescriptions.

12. This Order is effective as a determination that any and all Interests or Claims are, without further action by any person or entity, unconditionally released, discharged and terminated with respect to the prescriptions.

13. This Order constitutes a full and complete general assignment, conveyance and transfer of the prescriptions or a bill of sale transferring good and marketable title in the prescriptions to the Purchaser. Each and every federal, state, and local governmental agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

14. This Order is binding in all respects upon, and inures to the benefit of, the Debtors, their estates and creditors, the Purchaser and its respective affiliates, successors and assigns, and this Order is binding in all respects upon all persons and entities asserting an Interest in or Claim against the Debtors' estates or the prescriptions. The sale is enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any chapter 7 or chapter 11 trustee of the Debtors and their estates.

15. During the pendency of the Debtors' jointly administered case, this Court will retain exclusive jurisdiction (a) to enforce and implement the sale and any agreements and instruments executed in connection with the sale, (b) to compel delivery of possession of the prescriptions to the Purchaser, (c) to resolve any disputes, controversies or claims arising out of or relating to the sale, and (d) to interpret, implement, and enforce the provisions of this Order.

16. All persons and entities that hold Interests in or Claims against the Debtors or the prescriptions are forever barred, estopped and permanently enjoined from asserting or prosecuting any claims or causes of action against the Purchaser, its affiliates, successors or assigns or any of their respective officers, directors, employees, attorneys or advisors, arising out of or in connection with the sale.

17. Nothing contained in any plan of reorganization or liquidation confirmed in these chapter 11 cases, or any order of this Court confirming such a plan, or any other order entered in these chapter 11 cases or in any subsequent chapter 7 cases shall conflict with or derogate from the terms of this Order.

18. To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the Purchase Agreement and this Order, the provisions contained in the Purchase Agreement will control.

Dated this 27th day of May, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a
copy of this Order on all persons served
with the Motion.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: pcathy              Page 1 of 1              Date Rcvd: May 31, 2005
Case: 05-03817              Form ID: pdfdoc2          Total Served: 1

The following entities were served by first class mail on Jun 02, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                        TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 02, 2005**                              **Signature:** _Joseph Speetjens_