UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**ORDER OVERRULING JEA'S OBJECTION TO MOTION FOR ORDER
(A) DEEMING UTILITIES ADEQUATELY ASSURED OF PAYMENT,
(B) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR
DISCONTINUING SERVICES, AND (C) ESTABLISHING PROCEDURES
FOR RESOLVING REQUESTS FOR ADDITIONAL ASSURANCE**

These cases came before the Court for hearing on May 19, 2005, upon the motion of the debtor, Winn-Dixie Stores, Inc. and twenty-three of its affiliates and subsidiaries, in the above-captioned cases (collectively, "Winn-Dixie"), for entry of an order under 11 U.S.C. §§ 105 and 366 (A) deeming utilities adequate assured of payment, (B) prohibiting utilities from altering, refusing or discontinuing services, and (C) establishing procedures for resolving requests for additional assurance and granting related relief (Docket No. 23) (the "Motion"). Jacksonville Electric Authority ("JEA") filed an Objection to the Motion and a Request for a Postpetition Security Deposit (Docket No. 229). The Court has reviewed the Objection, considered the evidence and heard the argument of counsel. After due deliberation and based upon findings made in open Court, good cause exists to overrule the Objection. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. JEA's Objection to the Motion is overruled.

2. The Motion is granted as to JEA.

3. Winn-Dixie is not required to provide a postpetition security deposit to JEA at this time. This order is without prejudice to JEA renewing its request for a security deposit should circumstances warrant.

Dated June 2, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

00497773