UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| Debtors. | ) | Jointly Administered |

### ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL, LLC AS COMMITTEE'S OPERATIONS AND REAL ESTATE ADVISORS

This matter having come before the Court on the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, "Winn-Dixie" or the "Debtors") for an order, under sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Alvarez & Marsal, LLC ("A&M") as its operations and real estate advisors effective as of March 4, 2005; and upon the Affidavit of Martha E.M. Kopacz, a Managing Director of A&M, in support of the Application (the "Kopacz Affidavit"); and upon the engagement letter between the Committee and A&M, dated as of March 4, 2005 (the "Engagement Letter"); and due and proper notice of the Application and of this Final Order having been provided; and the Court being

satisfied, based on the representations made in the Kopacz Affidavit, that A&M does not represent any entity, other than the Committee, having an adverse interest in connection with these cases; and the Court being satisfied that the terms of compensation being sought by A&M, as described in the Engagement Letter (as modified by this Order), are reasonable; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the employment of A&M being in the best interests of the Debtors, their estates and creditors; and the United States Trustee ("UST") having filed an objection to the Application, dated May 10, 2005; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the approval of the relief requested; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted on the terms set forth herein; and it is further

ORDERED that the Committee is authorized to retain and employ A&M, as of March 4, 2005, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, as its operations and real estate

2

advisors on the terms set forth in the Application, the Engagement Letter, and the Kopacz Affidavit (as modified by this Order); and it is further

ORDERED that if any supplemental affidavits or declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental affidavits or declarations, A&M's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that the terms of the Engagement Letter are "reasonable" as such term is used in section 328(a) of the Bankruptcy Code, and A&M shall be compensated in accordance with the terms of the Engagement Letter (as modified by this Order) (except that A&M shall not be reimbursed for the fees and expenses of its counsel incurred in connection with the preparation, approval and enforcement of the Engagement Letter), and A&M's compensation in accordance with the terms of the Engagement Letter (as modified by this Order) shall not hereafter (except as set forth in the next decretal paragraph) be subject to challenge except under the standards of review under section 328(a) of the Bankruptcy Code; and it is further

ORDERED that, notwithstanding the preceding decretal paragraph, all compensation and reimbursement of expenses to be paid to A&M shall be subject to prior approval of this Court,

3

and only the UST shall retain the right to object to A&M's interim and final fee applications (including expense reimbursement) on all grounds, including but not limited to the reasonableness standards provided for in section 330 of the Bankruptcy Code; provided, however, that while A&M's professionals shall not be required to keep detailed time records in one-tenth of an hour increments, A&M's professionals shall keep daily time records describing generally the services rendered, the name of the individuals rendering such services and the time such individuals expended each day in rendering such services in half-hour increments; and it is further

ORDERED that all requests of A&M for payment of indemnity pursuant to the indemnity agreement (the "Indemnity Agreement") attached to the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Indemnity Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall A&M be indemnified in the case of its own willful misconduct, gross negligence, bad faith or self-dealing; and it is further

ORDERED that in no event shall A&M be indemnified if a Debtor or a representative of the estate asserts a claim for,

and a court determines by final order that such claim arose out of, A&M's own willful misconduct, gross negligence, bad faith or self-dealing; and it is further

ORDERED that in the event A&M seeks reimbursement for attorneys' fees from the debtors pursuant to the Indemnity Agreement, the invoices and supporting time records from such attorneys shall be included in A&M's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that notwithstanding anything to the contrary contained herein or in the Engagement Letter, in the event a plan of reorganization is confirmed by this Court that provides all unsecured creditors of the Debtors are paid in full in cash, and such plan is consummated, then the maximum "restructuring fee" payable to A&M under the Engagement Letter shall be $1,250,000, which shall be paid in cash and otherwise in accordance with the terms of the Engagement Letter; provided, further, that in any such event, the "restructuring fee" payable

to A&M shall not be subject to any reduction as a result of crediting of monthly fees paid to A&M as provided in the Engagement Letter; and it is further

ORDERED that A&M shall serve upon all creditors of the Debtors a notice in a form approved by the UST that discloses the material terms of A&M's approved retention under section 328 of the Bankruptcy Code and provides thirty (30) day's from service of such notice in which any objections to such retention must be filed with the Court and served upon A&M (the "<u>Notice Deadline</u>"); <u>provided</u>, <u>however</u>, that parties in interest who previously received notice of the Application and an opportunity to object and who failed to file an objection by the previously applicable objection deadline (the "<u>Previously Noticed Creditors</u>") shall not be entitled to file and serve objections or to have their objections heard; <u>provided</u>, <u>further</u>, that the Court shall consider any objections (other than objections filed by Previously Noticed Creditors, which shall be denied) at the next omnibus hearing following the expiration of the Notice Deadline; and it is further

ORDERED that this Order shall be final as to all creditors who do not file a timely objection prior to the Notice Deadline and to all Previously Noticed Creditors; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 3, 2005

_____
UNITED STATES BANKRUPTCY JUDGE
Jerry A. Funk