UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

**SECOND SUPPLEMENTAL AFFIDAVIT
OF JOHN B. MACDONALD IN SUPPORT OF
APPLICATION OF OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR ORDER, UNDER
11 U.S.C. §1103 AND FED. R. BANKR. P. 2014 AND 5002,
AUTHORIZING RETENTION AND EMPLOYMENT
OF AKERMAN SENTERFITT AS CO-COUNSEL**

STATE OF FLORIDA    )
                    )ss:
COUNTY OF DUVAL     )

JOHN B. MACDONALD, being duly sworn, says:

1. I am a shareholder of the firm of Akerman Senterfitt ("Akerman") in its Insolvency and Creditors' Rights Practice Group. I am duly authorized to make this Affidavit on behalf of Akerman.

2. I submit this Supplemental Affidavit pursuant to 11 U.S.C. §1103(b), and Rules 2014 and 5002, Federal Rules of Bankruptcy Procedure, in support of the Application (Docket No. 1012) of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession[1] (collectively, "Winn-Dixie" or

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown

{JA238438;2}

the "Debtors"), for an Order, under 11 U.S.C. §1103, and Rules 2014 and 5002, Federal Rules of Bankruptcy Procedure, authorizing the employment and retention of Akerman as local counsel and co-counsel to the Committee (the "Application").

3. Attached hereto as Exhibit "A" is a copy of the letter agreement between Akerman and Winn-Dixie dated June 3, 2005, under which Winn-Dixie has agreed to permit Akerman to withdraw from all representation of Winn-Dixie as an ordinary course professional in the event that such withdrawal is required by the Bankruptcy Court as a condition to its approval of the Committee's retention of Akerman as a professional.

4. In the event that the Application shall be approved, Akerman and Milbank, Tweed, Hadley & McCloy, LLP ("Milbank"), anticipate that to avoid duplication of efforts in the representation of the Committee, the respective legal services to be provided by Akerman and Milbank shall be delineated in the following general categories:

| MILBANK | AKERMAN |
|---|---|
| 1. Advise Committee with respect to its rights, powers and duties;<br>2. Assist and advise Committee in its consultations with Debtors' regarding administration of cases;<br>3. Assist Committee in analyzing claims of Debtors' creditors and in negotiations with such creditors;<br>4. Assist Committee with investigation of acts, conduct, assets, liabilities and financial condition of Debtors and operation of their business;<br>5. Assist Committee in analysis of, and | 1. Prepetition lien investigation;<br>2. Represent Committee at certain uncontested hearings or with respect to certain uncontested matters;<br>3. Assist Committee with filing and service of pleadings and applications as may be necessary in furtherance of Committee's interests and objectives;<br>4. Any other matter designated by the Committee and not otherwise assigned to Milbank. |

---

Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn Dixie Supermarkets, Inc.

{JA238438;2}

|   |   |   |
|---|---|---|
|    | negotiations with, Debtors or any third party concerning matters related to, among other things, the terms of a chapter 11 plan or plans for the Debtors; |   |
| 6. | Assist and advise Committee in connection with any sale of assets; |   |
| 7. | Assist and advise Committee with respect to communications with general creditor body regarding significant matters in cases; |   |
| 8. | Represent Committee at all hearings and other proceedings (exclusive of hearings or proceedings handled by Akerman); |   |
| 9. | Review and analyze all applications, orders, statements of operations and schedules filed with Court and advise Committee as to their propriety; |   |
| 10. | Assist Committee in preparing pleadings and applications as may be necessary in furtherance of Committee's interests and objectives; |   |
| 11. | Perform such other legal services as may be required and are deemed to be in the interests of the Committee's powers and duties as set forth in the Bankruptcy Code. |   |

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
John B. Macdonald

STATE OF FLORIDA )
                 ) ss:
COUNTY OF DUVAL  )

The foregoing instrument was acknowledged before me this 3rd day of June, 2005, by John B Macdonald who is [personally known to me] or who has produced _____ (type of identification) as identification.

JENNIFER S. MEEHAN
MY COMMISSION # DD 286031
EXPIRES: May 29, 2008
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

{JA238438;1}



**Akerman**Senterfitt
ATTORNEYS AT LAW

Fort Lauderdale
Jacksonville
Miami
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

50 North Laura Street
Suite 2500
Jacksonville, Florida 32202-3646

www.akerman.com

904 798 3700 *tel*   904 798 3730 *fax*
904 634 1690 *31st floor fax*

June 3, 2005

John B. Macdonald
904 598 8640
john.macdonald@akerman.com

Jay Castle, Esq.
Group Leader - Litigation
Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254

Re: In re Winn-Dixie Stores, Inc., et al.;
United States Bankruptcy Court, Middle District of Florida,
Jacksonville Division; Case No. 3:05-bk-03817-JAF

Dear Mr. Castle:

I write to confirm our understanding with Winn-Dixie Stores, Inc., et al., (collectively, "Winn-Dixie") in connection with Winn-Dixie's agreement to permit Akerman Senterfitt ("Akerman") to represent as co-counsel the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. (the "Committee"). By the letter agreement of April 25, 2005, Akerman, Winn-Dixie and the Committee agreed to terms and conditions which would permit Akerman to represent the Committee within the Winn-Dixie Chapter 11 Cases. Akerman's application for retention by the Committee is presently pending before the Bankruptcy Court.

This will confirm that, in the event the Bankruptcy Court should require that Akerman withdraw from all representation of Winn-Dixie as an ordinary course professional as a condition to the Court's approval of Akerman's retention as a professional by the Committee, Winn-Dixie will agree to permit Akerman to withdraw from representation in all matters in which it is representing Winn-Dixie as an ordinary course professional, including Akerman's regulatory and administrative legal services being performed for Winn-Dixie through Akerman's Tallahassee office. We acknowledge that due to the unique and specialized nature of Akerman's current representation of Winn-Dixie, it may be unavoidable that a transition will create a substantial hardship for Winn-Dixie, and that such transition may lead to an increase in Winn-Dixie's spending on its legal professionals. However, in the event that withdrawal from representation is required by the Bankruptcy Court, Akerman commits to undertake such withdrawal under circumstances which shall minimize any prejudice to Winn-Dixie consistent with Akerman's obligations under the Rules of Professional Conduct of The Florida Bar, in addition to the following:

EXHIBIT A

{JA238612;2}

Jay Castle, Esq.
June 3, 2005
Page 2

---

a. The transition of such matters to Winn-Dixie and its substitute counsel shall occur within thirty days from the date of the Bankruptcy Court's Order approving the retention of Akerman as counsel for the Committee under these circumstances;

b. Akerman will turn over to Winn-Dixie or its counsel all files in connection with its representation of Winn-Dixie as an ordinary course professional, including documents received from Winn-Dixie or other sources, correspondence, pleadings, legal research, and all Akerman work product such as internal memoranda, notes, and phone logs;

c. Akerman agrees to confer with substitute counsel as reasonably necessary to educate them fully as to the underlying facts of each matter, the legal issues, the current status of each matter, and to otherwise cooperate with Winn-Dixie and its substitute counsel to assure a seamless transition; and

d. Akerman will not bill Winn-Dixie for such transitional work or assistance.

We sincerely appreciate Winn-Dixie's understanding and cooperation in this regard.

Sincerely yours,

John B. Macdonald

JBM:dcd

## CONSENT AND WAIVER BY WINN-DIXIE

The undersigned hereby confirms that in the event the Bankruptcy Court shall require that Akerman withdraw from all representation of Winn-Dixie as a condition to the Bankruptcy Court's approval of Akerman's retention as a professional of the Committee, Winn-Dixie consents to Akerman's withdrawal from all matters for which it represents Winn-Dixie as an ordinary course professional, including the regulatory and administrative legal services being performed by Akerman through Akerman's Tallahassee office.

Dated June 3, 2005

WINN-DIXIE STORES, INC,
for itself and its affiliated debtors

By: _____
Jay Castle, Esq., Group Leader-Litigation

{JA238612;2}