UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

ORDER AUTHORIZING THE SALE OF
DE MINIMUS ASSETS WITHOUT COURT APPROVAL

These cases came before the Court, on the motion (Docket No.1184) of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an order authorizing the Debtors to sell assets with a fair market value of $150,000 or less free and clear of claims, liens and interest, upon notice and without Court approval (the "Motion"). The Court heard the Motion on June 2, 2005. The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to sell assets[1], with a value equal to $75,000.00 or less per transaction, free and clear of claims, liens and interests without Court approval under the following notice procedures:

---

[1] Other than fixtures which (i) are located in stores where CRIIMI MAE Services Limited Partnership, Allied Capital Corporation or Orix Capital Markets, LLC or their successors (collectively, the "Capital

 (a) The Debtors will deliver a report within twenty (20) days after the end of the month in which any such sale takes place. The report will specify the: (i) assets sold; (ii) identity of the seller; (iii) identity of the purchaser (including a statement of any connection between the purchaser and any of the Debtors, including whether such purchaser is an "insider" or "affiliate" of any of the Debtors within the meaning of 11 U.S.C. §101); (iv) Debtors' marketing efforts for the sale and (v) sale price. The Debtors will serve such report on (i) counsel for the Official Committee of Unsecured Creditors; (ii) counsel for the DIP Lenders; and (iii) the office of United States Trustee. The Debtors will also file such report with the Clerk of the Bankruptcy Court.

3. The Debtors are authorized to sell assets with a value of $75,000.01 to $150,000.00 per transaction free and clear of liens and without Court approval upon prior notice and the absence of any objection, under the following notice procedures:

 (a) The Debtors will give notice (the "Disposition Notice") to: (i) the United States Trustee; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel for the DIP Lenders; and (iv) any known holder of a lien on the property that is subject to the sale (collectively, the "Notice Parties").

 (b) Ten days prior to any such sale, the Debtors will serve the Disposition Notice by e-mail or facsimile so as to be received by 5:00 p.m. ET on the date of service. The Disposition Notice will specify the: (i) assets to be sold; (ii) any known lienholders; (iii) identity of the seller; (iii) identity of the purchaser (including a statement of any connection between the purchaser and any of the Debtors, including whether such purchaser is an "insider" or "affiliate" of any of the Debtors within the meaning of 11 U.S.C. §101); (iv) purchase price; and (v) Debtors' marketing efforts for the sale.

 (c) The Notice Parties may file an objection to the proposed sale. The deadline for filing objections is 4:00 p.m. ET three (3) days after receipt of the Disposition Notice. In the event a Notice Party requests additional information, the deadline for filing an objection is extended for an additional five (5) days for such Notice Party only. Objections shall be in writing and sent via e-mail to Smith Hulsey & Busey, Attn: Cynthia C. Jackson, Esq., cjackson@smithhulsey.com.

 (d) If the Debtors do not receive timely objections, then the Notice Parties, including any party holding a lien, are deemed to have

---

Group"), is the mortgagee, landlord or operates as the special servicer for the mortgagee and (ii) upon which any member of the Capital Group has a valid and effective lien.

consented to the transaction and the Debtors are deemed authorized to proceed with the proposed sale and to take all actions necessary to complete the transaction and obtain the sale proceeds.

(e) If a Notice Party timely objects to the proposed sale, the Debtors and the objecting Notice Party will use good faith efforts to resolve the objection. If the Debtors and the objecting Notice Party cannot resolve the objection, the sale will not proceed until the Debtors obtain Court approval after notice and a hearing (as defined in Bankruptcy Code section 102).

4. Pursuant to 11 U.S.C. §363, any sale made pursuant to these procedures is made free and clear of all liens, claims and interests. Any valid and perfected lien, claim or interest will attach to the proceeds of the sale with the same validity, enforceability, priority, force and effect they now have against such sold asset, subject to the rights, defenses, claims and objections, if any, of the Debtors and all interested parties with respect to any asserted liens, claims or interest. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 2 day of June, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties served with the Motion.

00495604.3

3

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: Jun 03, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1

The following entities were served by first class mail on Jun 05, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                       TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 05, 2005**                               **Signature:** _Joseph Speetjens_