UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    )    Chapter 11

WINN-DIXIE STORES, INC., et al.,          )    Case No. 05-03817-3F1

Debtors.                                  )    Jointly Administered

ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103 AUTHORIZING
EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY HOWARD &
ZUKIN CAPITAL AS COMMITTEE'S FINANCIAL ADVISORS

This matter having come before the Court on the

application (the "Application") of the Official Committee of

Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc.

and its affiliated debtors and debtors in possession in the

above-captioned cases (collectively, "Winn-Dixie" or the

"Debtors") for an order, under sections 328(a) and 1103 of title

11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended,

the "Bankruptcy Code"), rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the

employment and retention of Houlihan Lokey Howard & Zukin

Capital ("Houlihan Lokey") as its financial advisor effective as

of March 3, 2005; and upon the Declaration of Saul E. Burian, a

Managing Director of Houlihan Lokey, in support of the

Application (the "Burian Declaration"); and upon the engagement

letter between the Committee and Houlihan Lokey, dated as of

March 3, 2005 (the "Engagement Letter"); and due and proper

notice of the Application and of this Order having been

provided; and the Court being satisfied, based on the

representations made in the Burian Declaration, that Houlihan

Lokey does not represent any entity, other than the Committee,

having an adverse interest in connection with these cases; and

the Court being satisfied that the terms of compensation being

sought by Houlihan Lokey, as described in the Engagement Letter

(as modified by this Order), are reasonable; and the Court

having jurisdiction to consider the Application and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Application and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the employment of Houlihan Lokey being in

the best interests of the Debtors, their estates and creditors;

and the United States Trustee ("UST") having filed an objection

to the Application, dated May 10, 2005; and the Court having

determined that the legal and factual bases set forth in the

Application establish just cause for the approval of the relief

requested; and upon all of the proceedings had before the Court;

and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Application is granted on the terms

set forth herein; and it is further

ORDERED that the Committee is authorized to retain and employ Houlihan Lokey effective as of March 3, 2005, pursuant to sections 328(a) and 1103 of the Bankruptcy Code, as its financial advisors on the terms set forth in the Application, the Engagement Letter, and the Burian Declaration (as modified by this Order); and it is further

ORDERED that if any supplemental affidavits or declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental affidavits or declarations, Houlihan Lokey's employment shall continue as authorized pursuant to this Order; and it is further

ORDERED that the terms of the Engagement Letter are "reasonable" as such term is used in section 328(a) of the Bankruptcy Code, and Houlihan Lokey shall be compensated in accordance with the terms of the Engagement Letter (as modified by this Order), and Houlihan Lokey's compensation in accordance with the terms of the Engagement Letter (as modified by this Order) shall not (except as set forth in the next decretal paragraph) hereafter be subject to challenge except under the standards of review under section 328(a) of the Bankruptcy Code; and it is further

ORDERED that notwithstanding the preceding decretal paragraph, all compensation and reimbursement of expenses to be

paid to Houlihan Lokey shall be subject to prior approval of

this Court, and only the UST shall retain the right to object to

Houlihan Lokey's interim and final fee applications (including

expense reimbursement) on all grounds, including but not limited

to the reasonableness standards provided for in section 330 of

the Bankruptcy Code; provided, however, that while Houlihan

Lokey's professionals shall not be required to keep detailed

time records in one-tenth of hour increments, Houlihan Lokey's

professionals shall keep daily time records describing generally

the services rendered, the name of the individuals rendering

such services and the time such individuals expended each day in

rendering such services in half-hour increments; and it is

further

ORDERED that all requests of Houlihan Lokey for

payment of indemnity pursuant to the Engagement Letter shall be

made by means of an application (interim or final as the case

may be) and shall be subject to review by the Court to ensure

that payment of such indemnity conforms to the terms of the

Engagement Letter and is reasonable based upon the circumstances

of the litigation or settlement in respect of which indemnity is

sought; provided, however, that in no event shall Houlihan Lokey

be indemnified in the case of its own willful misconduct, gross

negligence, bad faith or self-dealing; and it is further

ORDERED that in no event shall Houlihan Lokey be indemnified if a Debtor or a representative of the estate asserts a claim for, and a court determines by final order that such claim arose out of, Houlihan Lokey's own willful misconduct, gross negligence, bad faith or self-dealing; and it is further

ORDERED that in the event Houlihan Lokey seeks reimbursement for attorneys' fees from the debtors pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under any provision of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED that notwithstanding anything to the contrary contained herein or in the Engagement Letter, in the event a plan of reorganization is confirmed by this Court that provides all unsecured creditors of the Debtors are paid in full in cash, and such plan is consummated, then the maximum "distribution

fee" payable to Houlihan Lokey under the Engagement Letter shall be $3,750,000, which shall be paid in cash and otherwise in accordance with the terms of the Engagement Letter; provided, further, that in any such event, the "distribution fee" payable to Houlihan Lokey shall not be subject to any reduction as a result of crediting of monthly fees paid to Houlihan Lokey as provided in the Engagement Letter; and it is further

ORDERED that Houlihan Lokey shall serve upon all creditors of the Debtors a notice in a form approved by the UST that discloses the material terms of Houlihan Lokey's approved retention under section 328 of the Bankruptcy Code and provides thirty (30) days from service of such notice in which any objections to such retention must be filed with the Court and served upon Houlihan Lokey (the "Notice Deadline"); provided, however, that parties in interest who previously received notice of the Application and an opportunity to object and who failed to file an objection by the previously applicable objection deadline (the "Previously Noticed Creditors") shall not be entitled to file and serve objections or to have their objections heard; provided, further, that the Court shall consider any objections (other than objections filed by Previously Noticed Creditors, which shall be denied) at the next omnibus hearing following the expiration of the Notice Deadline; and it is further

ORDERED that this Order shall be final as to all creditors who do not file a timely objection prior to the Notice Deadline and to all Previously Noticed Creditors; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: June 3 , 2005

UNITED STATES BANKRUPTCY JUDGE
JERRY A. FUNK

7

**BAE SYSTEMS**

**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1            Date Rcvd: Jun 03, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1


The following entities were served by first class mail on Jun 05, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
            Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                       TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 05, 2005**                        **Signature:** _Joseph Speetjens_