**IN THE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al,

Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

**OBJECTION OF VICTORY REAL ESTATE INVESTMENTS, LLC, TO DEBTORS' MOTION FOR AN ORDER ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF ASSETS**

Victory Real Estate Investments, LLC, Victory Investments, Inc., and certain of their affiliates ("VREI") object to Debtor's Motion for an Order Establishing Bidding Procedures for the Sale of Assets (the "Motion") and say:

1. VREI is a landlord of the Debtor. The Motion seeks to impose "Bidding Procedures" upon the sale, among other things, of the Debtors' interest in unexpired non-residential real estate leases. As Landlord VREI is interested in any proposed assumption and assignment of its unexpired non-residential real estate leases to the Debtors.

2. VREI objects to the Bidding Procedures because they provide inadequate protection of landlord rights under §§ 365 (b)(3) and 365 (f)(2) of the Bankruptcy Code.

3. Although the Bidding Procedure infers from the submission of an Initial Bid the bidder's consent for the Debtors "to share any and all information submitted by such bidder" with a landlord, it does not require any notice to landlords and does not require that information required to evaluate compliance with §§ 365(b)(3) and 365(f)(2) of the Bankruptcy Code be provided to landlords. Furthermore, the Bidding Procedure

includes no process for landlords to participate in the evaluation of a bidder, and does not allow landlords sufficient time within which to develop information necessary to consent or object to any assumption or assignment.

4. The Bidding Procedure appears to grant the Debtor the exclusive and "sole discretion" to determine whether a proposed sale is appropriate and whether a prospective purchaser is qualified. The procedure does not require a Sale Motion to seek approval of anything other than "the cure amount" and the "assumption and assignment" and makes no mention of approval under applicable provisions of Bankruptcy Code §§ 365(b)(3) or 365(f)(2).

5. As a practical matter, VREI is concerned, among other things, that assumption and assignment of a lease might result in violation of restrictive provisions of leases with other tenants in centers at which the Debtors are tenants or that the terms of an assumption and assignment or the character or business of an assignee, while satisfying the needs of the Debtors, reasonably would be unacceptable to landlord. The only possible way for landlords to raise such issues as these under the Bidding Procedure would be to object to the Sale Motion, essentially the final step in the process, at a time after substantial effort will have been invested in pursuing a transaction that VREI could be obliged to oppose and the Court could be inclined to disapprove. Early involvement of landlords in the bidding and sale process can provide early notice to the Debtors and potential assignees of impediments to a particular transaction or consent to its adequacy, depending on the circumstances.

6. The Bidding Procedure should be modified to include early notification of landlords, a requirement that all information concerning bidders be forwarded to the concerned landlord for evaluation, that a landlord's comments and recommendations be solicited in advance of a motion to approve a sale and that satisfaction of the requirements of Bankruptcy Code §§ 365(b)(3) and 365(f)(2) are necessary before any bidder is found to be "Acceptable".

**WHEREFORE**, VREI respectfully requests that the bidding procedure proposed by the Debtor be disapproved until appropriate modifications are made to it to protect the rights of landlords under non-residential real property leases and that VREI have such other and further relief as the Court deems appropriate.

Slott, Barker & Nussbaum
334 East Duval Street
Jacksonville, Florida 32202
(904) 353-0033 (Telephone)
(904) 355-4148 (Telecopy)
embarker@bellsouth.net (Email)


/s/ Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No. 110140

Attorneys for Victory Real Estate
Investments, LLC, et al