**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | |
| **WINN-DIXIE STORES, INC., et al.** § | |
| § | **CASE NO. 3-05-BK-3817** |
| DEBTORS § | **Chapter 11** |
| § | |
| § | |

**OBJECTION TO DEBTORS' MOTION FOR AN ORDER ESTABLISHING**
**BIDDING PROCEDURES FOR THE SALE OF ASSETS**

Xerox Capital Services, LLP ("Xerox") files this its Objection (this "Objection") to the Debtors' Motion for Order Establishing Bidding Procedures for the Sale of Assets (the "Motion") filed on or about May 27, 2005. In support of this Objection, Xerox respectfully states as follows:

1. The Motion seeks to impose "Bidding Procedures" upon the sale of, among other things, the Debtors' interests in unexpired leases. As a leasing creditor of the Debtors, Xerox is directly effected by in any proposed assumption, assignment, or rejection of its unexpired leases with the Debtors as part of the Debtors' sale of assets.

2. Xerox objects to the proposed Bidding Procedures because they provide inadequate protection of leasing creditor rights under § 365(b)(1) of the Bankruptcy Code.

3. Although the Bidding Procedures require that any prospective bidder allow the Debtors "to share any and all information submitted by such bidder" to a leasing creditor, the Bidding Procedures do not require any specific time period for and adequate notice to leasing creditors nor do they require the Debtors to provide leasing creditors with information necessary to evaluate compliance with § 365(b)(1) of the Bankruptcy Code. Specifically, the Bidding Procedures include no mechanism for leasing creditors to participate in the evaluation of a

prospective bidder nor do they allow leasing creditors sufficient time to verify any cure amounts or to develop information necessary to consent or object to any assumption or assignment.

4. Moreover, the Bidding Procedures purport to grant the Debtors the "sole discretion" to determine whether a prospective purchaser is qualified and whether a proposed assumption and assignment is appropriate. The Bidding Procedures do not require that a leasing creditor be consulted with respect to a prospective purchaser's financial ability to provide adequate assurance of future performance nor do they allow a leasing creditor adequate time or opportunity to verify any proposed cure amount. Additionally, the Bidding Procedures do not require that a Sale Motion seek approval of anything other than "the cure amount" and the "assumption and assignment" and make no mention of approval under applicable provisions of Bankruptcy Code § 365(b)(1).

5. Among other factors, Xerox is concerned that a prospective purchaser might not meet Xerox's requirements for creditworthiness and that the terms of an assumption and assignment of a lease would reasonably be unacceptable to Xerox. It is therefore imperative that leasing creditors be involved in the bidding and sale process at the earliest possible stage to insure that the terms of a particular transaction comport with the requirements of Bankruptcy Code § 365(b)(1).

6. Accordingly, the Bidding Procedures should be modified to include a requirement of early notification to leasing creditors so that those creditors are given sufficient time and opportunity to verify the amounts owing under a lease as well as any cure amounts; a requirement that all financial information concerning bidders be forwarded to the concerned leasing creditor for evaluation of the bidders' creditworthiness; a requirement that the leasing creditor's comments and recommendations be solicited in advance of the Debtors' filing a Sale

Motion; and a condition that the requirements of Bankruptcy Code § 365(b)(1) are met before any prospective bidders are deemed "Acceptable."

WHEREFORE, PREMISES CONSIDERED, Xerox prays that the Bidding Procedures proposed by the Debtors be disapproved until appropriate modifications are made to protect the interests of leasing creditors, including Xerox, with respect to the assignment and assumption of its lease contracts and that Xerox have such other and further relief as the Court deems appropriate.

Dated: June 9, 2005.

                                           Respectfully submitted,

                                           **HUGHES & LUCE, L.L.P.**

                                           By:  */s/ Sabrina L. Streusand*
                                               Sabrina L. Streusand
                                               Texas State Bar No. 11701700
                                               111 Congress Avenue, Suite 900
                                               Austin, Texas 78701
                                               (512) 482-6842 (Direct Telephone)
                                               (512) 482-6859 (Telecopier)
                                               sabrina.streusand@hughesluce.com

                                                    -and-

                                           **FOLEY & LARDNER LLP**

                                               */s/ Lori V. Vaughan*
                                               Lori V. Vaughan
                                               Florida Bar No. 0154921
                                               Gardner F. Davis
                                               Florida Bar No. 0471712
                                               100 North Tampa Street, Suite 2700
                                               Tampa, Florida 33602
                                               (813) 229-2300 (Telephone)
                                               (813) 221-4210 (Telecopier)
                                               lvaughan@foley.com

ATTORNEYS FOR XEROX CAPITAL SERVICES, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Objection has been served on the 9th day of June, 2005, via electronic mail and/or First Class U.S. Mail, postage prepaid, to: David J. Baker, Adam Ravin, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201; and to all parties listed on the attached Local Rule 1007-2 Parties In Interest Service List.

　　　　　　　　　　　　　　　　　　　　　　/s/ *Lori V. Vaughan*___
　　　　　　　　　　　　　　　　　　　　　Lori V. Vaughan