```
UNITED STATES BANKRUPTCY COURT
   MIDDLE DISTRICT OF FLORIDA
      JACKSONVILLE DIVISION
```

In re:                                    CASE NO.:  3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

       Debtors.                           Jointly Administered

---

**OBJECTION OF DEVELOPERS DIVERSIFIED REALTY
CORPORATION, WEINGARTEN REALTY INVESTORS, WRI TEXLA, LLC,
CURRY FORD, LP, PALM SPRINGS MILE ASSOCIATES, ,LTD.,
AND KRUSCH PROPERTIES LLC TO MOTION OF DEBTORS FOR AN ORDER
ESTABLISHING BIDDING PROCEDURES FOR THE SALE OF ASSETS**

Developers Diversified Realty Corporation, Weingarten Realty Investors, WRI TEXLA, LLC, Curry Ford, LP, Palm Springs Mile Associates, Ltd., and Krusch Properties LLC (collectively, the "Landlords"), by and through their attorneys Kelley Drye & Warren LLP and Held & Israel, hereby submit this objection (the "Objection") to the Motion of Winn-Dixie Stores, Inc., et al. (the "Debtors") for an Order Establishing Bidding Procedures for the Sale of Assets dated May 27, 2005 (the "Motion"), and respectfully state as follows:

NY01/LUME/1019907.1

**PRELIMINARY STATEMENT**

1. The relief requested in the Motion should be denied because the Debtor's proposed bidding procedures (the "Bidding Procedures") (i) deprive the Landlords of any meaningful opportunity to assess proposed assignees, the financial adequate assurance information of the proposed assignees, and if necessary, conduct discovery, prepare an objection and prepare for a contested hearing; (ii) do not automatically qualify Landlords to bid on their Leases credit bid their pre and post-petition claims or to enter into lease termination agreements with the Debtors; (iii) inappropriately request a waiver of the 10-day automatic stay under Bankruptcy Rules 6004 (g) and 6006 (d) and that the Order be effective immediately. There is no reason to deny the Landlords adequate notice and time to assess a proposed assignee and their adequate assurance information, or deprive the Landlords of fundamental appeal rights.

**BACKGROUND**

2. On February 21, 2005 (the "Petition Date"), the "Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors remain in possession of their properties and continue to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Landlords are the owners, or the managing agent for the owners, of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to written leases (collectively, the "Leases") at, among others, the locations (collectively, the "Premises") identified in the chart annexed hereto as Exhibit "A".

5. The Premises are located in shopping centers, as that term is defined in section 365(d)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

### A. The Debtors' Bidding Procedures

6. By the Motion, the Debtors seek, among other things, approval of the Bidding Procedures with respect to an auction (the "Auction") for the sale (the "Sale") of Debtors' assets, including various leases of nonresidential real property. By the Motion, the Debtors propose the following schedule in connection with the Bidding Procedures:

| | |
|---|---|
| **Bid Deadline:** | **5:00 p.m. on the date that is 12 days before Sale Hearing** |
| **Auction:** | **On two business days notice** |
| **Deadline to Object to Cure Amounts:** | **5:00 p.m. on the date set forth in the Sale Motion** |
| **Deadline to Object to Sale:** | **5:00 p.m. on the date set forth in the Sale Motion** |
| **Deadline for Debtor to Provide Landlords with Notice of Successful Bidder and Adequate Assurance Information:** | **7 days before the Sale Hearing** |
| **Sale Hearing:** | **Not less than 23 days after the filing of the Sale Motion** |

7. Under the Bidding Procedures, the Landlords may not know the identity of a proposed assignee until seven days before the Sale Hearing, which may or may not be before the applicable objection deadline. Thus the Landlords may have little or no time within which to complete six separate complex tasks in connection with each proposed assignee: (1) assess the proposed assignee; (2) assess the financial adequate assurance information of the proposed assignee; (3) determine whether the proposed assignee's use of the premises will violate any radius or use restrictions or disrupt the tenant mix in the affected shopping centers; (4) conduct discovery; (5) prepare (and file) an objection; and (6) prepare for a contested hearing.

8. Neither the Motion, the proposed Bidding Procedures, nor the proposed Order set forth an deadline for objections to a proposed assignee. As such, the Debtors Objection Deadline

could be prior to the date on which the Landlords receive notice of the successful bidder and adequate assurance information with respect to any proposed assignee. Thus, the Objection Deadline could deprive the Landlords of the opportunity to assess a proposed assignee, the financials of a proposed assignee, and if necessary, conduct discovery, file an objection and prepare for trial.

9. The Landlords and their counsel should be provided with notice of any proposed assignee and their adequate assurance information as soon as possible and should be afforded a minimum of ten (10) business days from receipt of the results of the auction and adequate assurance information to determine whether a proposed assignee is acceptable and has provided the Landlords with adequate assurance of future performance. At the end of the ten days, the Landlords should be allowed to provide the Debtors with notice of their consent or rejection of the proposed assignment.

10. In the event one of the Landlords objects to a proposed assignee or the Debtor's proposed cure amounts for any of the Leases and timely notifies the Debtors, Bankruptcy Rules 7026 and 7028 through 7037, made applicable to contested matters by Bankruptcy Rule 9014, apply. As such, at a minimum, the Landlords should be entitled to an expedited discovery period of 14 days, or in the alternative, the Sale Hearing should be treated as a status conference with respect to the contested assignment and a final hearing on the objection to the proposed assignment should be set for a later date. This will allow the parties to determine an appropriate discovery schedule and attempt to settle the objection if possible. The Landlords should also be granted an additional four days after the close of the discovery period within which to file a supplemental objection to the proposed assignment.

11. The Landlords also request that in the event of a contested assignment, the Debtors be required to immediately provide a list of any known witnesses that would testify and

a list of any known exhibits that would be put into evidence by the Debtors and/or the proposed assignee in support of the proposed assignment.

12. The Landlords' suggested deadlines to assess the proposed assignee and the proposed assignee's financials, to conduct discovery if a Landlord objects to the proposed assignee, and to prepare for trial are reasonable considering that the proposed assignee, if successful, is going to be operating a store at one of the Landlord's shopping centers. The Debtors' need, to the extent one exists, to conduct the sales quickly should not be used as a justification to expunge the Landlords' right to defend their properties from unwanted tenants.

### B. Debtors and Proposed Assignees Must Provide Adequate Assurance of Future Performance

13. Shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of obtaining adequate assurance of future performance from any proposed assignee of a real property lease. *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-1087 (3d Cir. 1990); *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). In connection with a shopping center lease, adequate assurance of future performance includes adequate assurance –

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3). The Debtors bear the burden of demonstrating adequate assurance of future performance. *In re Rachel Indus., Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

14. In order to determine whether the requirements of adequate assurance of future performance will be satisfied, at a minimum, the Landlords and their attorneys must be provided with the following information at the conclusion of the Auction:

(i) The exact name of the successful bidder and the exact name of the entity who is going to be designated as the assignee of each Lease;

(ii) The assignee's and/or any guarantor's audited (or un-audited, if audited is not available) financial statements and any supplemental schedules for the calendar or fiscal years ended 2004, and, if available, year-to-date 2005;

(iii) Any and all documents regarding the proposed assignee's experience and the proposed assignee's experience in operating in-line retail stores in shopping centers;

(iv) The number of stores the proposed assignee operates and all trade names the proposed assignee uses;

(v) A statement setting forth the proposed assignee's intended use of the Leased Premises;

(vi) The proposed assignee's 2005 business plan including sales and cash flow projections; and

(vii) Any financial projections, calculations and/or financial pro-formas prepared in contemplation of purchasing the Leases.

15. As set forth above, the Landlords requests a minimum of ten (10) business days from the receipt of the adequate assurance information to review the information and provide Debtors with notice of any objection to the proposed assignment.

C. **Landlords Should Automatically Qualify to Bid on their Leases by Waving Claims and Executing Lease Termination Agreements With the Debtors.**

16. The Bidding Procedures require that in order to become a qualified bidder and

participate in the Auction, a party must complete various tasks, including submission of a deposit. The Bidding Procedures do not provide for the Landlords' submission of bids on their own Leases, nor do they allow for the Landlords to credit bid their pre and post-petition claims or enter into lease termination agreements with the Debtors.

17. Landlords willing to waive their claims to unpaid rent or rejection damages and enter into a termination agreement with the Debtors should be automatically qualified to participate in the Auction.

### D. Debtors' Request for Waiver of the 10-day Automatic Stay under Bankruptcy Rules 6004 (g) and 6006 (d) Should Be Denied

18. Pursuant to the Motion, the Debtors request that the Court waive the rights provided to the Landlords under Bankruptcy Rules 6004(g) and 6006(d).[1] A waiver of the 10-day stay provided by Bankruptcy Rules 6004(g) and 6006(d) should only be granted in limited circumstances, and in any event, such a waiver is not applicable to an Order to approve Bidding Procedures.

19. The advisory committee notes to Bankruptcy Rules 6004(g) and 6006(d) reflect that the requested waiver would not be appropriate in this case. As set forth in the advisory committee's note to Bankruptcy Rule 6006(d), this subdivision was added

> to provide sufficient time for a party to request a stay pending appeal of an order authorizing the assignment of an executory

---

[1] Bankruptcy Rule 6004(g) provides:

> An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise

Fed. R. Bankr. Pro. 6004(g)

Bankruptcy Rule 6006(d) provides:

> An order authorizing the trustee to assign an executory contract or unexpired lease under § 365(f) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.

Fed. R. Bankr. Pro 6006(d)

> contract or unexpired lease under § 365(f) of the Code before the
> assignment is consummated.

Fed. R. Bankr. P. 6006 advisory committee's note. Similarly, Bankruptcy Rule 6004(g) was added

> to provide sufficient time for a party to request a stay pending
> appeal of an order authorizing the use, sale or lease of property
> under § 363(b) of the Code before the order is implemented.

Fed. R. Bankr. P. 6004 advisory committee's note.

0. The Motion does not request approval of an order authorizing the assignment or sale of the Leases, but only seeks approval of the Debtors' Bidding Procedures. As such, the Debtors' request for a waiver of the 10-day stay is not appropriate at this time. In addition, it would be prejudicial and inequitable to deprive the Landlords of the crucial ten-day period provided in Bankruptcy Rules 6004(g) and 6006(d) to seek a stay of the proposed Bidding Procedures Order.

## CONCLUSION

1. The Debtors' proposed Bidding Procedures do not establish a procedure that will guaranty that Landlords receive adequate notice of a proposed assignment and sufficient time to assess adequate assurance information before the applicable objection deadline. The objection deadlines chosen by the Debtors after entry of the Bidding Procedures Order may deprive the Landlords of the opportunity to assess a proposed assignee, the financials of a proposed assignee, and if necessary, conduct discovery, file an objection and prepare for trial. In addition the Bidding Procedures do not contemplate the Landlords bidding on their own Leases, and do not automatically qualify Landlords that credit bid their claims and enter into lease termination agreements with the Debtors to participate in an auction. Finally, the Motion inappropriately requests a waiver of the 10-day automatic stay provided for by Bankruptcy Rules 6004 (g) and 6006 (d). To the extent consistent with the relief requested herein, the Landlords

hereby join in the Objections raised by other Lessors.

WHEREFORE, the Landlords respectfully request that the Court enter an Order (i) denying the Motion unless Bidding Procedures are modified as set forth herein; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: Jacksonville, Florida
June 9, 2005

HELD & ISRAEL

By: *[signature]*

Edwin W. Held, Jr., Esquire
Florida Bar #162574
1301 Riverplace Blvd., Ste. 1916
Jacksonville, FL 32207-9024
Phone: (904) 398-7036
Fax: (904) 398-4283

and

KELLEY DRYE & WARREN LLP
James S. Carr (JC-603)
Robert L. LeHane (RL-9422)
101 Park Avenue
New York, New York 10178
Phone: (212) 808-7800
Fax: (212) 808-7897

Attorneys for Developers Diversified Realty Corporation, Weingarten Realty Investors, WRI TEXLA, LLC, Curry Ford, LP, Palm Springs Mile Associates, Ltd., and Krusch Properties LLC