Hearing Date: June 30, 2005, 1:00 p.m.<br>
Objection Deadline: June 23, 2005, 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365 (I)**
**AUTHORIZING REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE**
**WITH AMERICAN KB PROPERTIES I LIMITED PARTNERSHIP AND (II)**
**GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned cases, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection of a non-residential real property lease with American KB Properties I Limited Partnership (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Southern District of New York (the "New York Court").  By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested in the Motion are sections 105(a) and 365(a) of the Bankruptcy Code.

**Relief Requested**

6. By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, approving and authorizing the rejection of a non-

residential real property lease dated April 16, 1992 (as amended, the "Lease") with American KB Properties I Limited Partnership ("KB"), effective as of the earlier of (a) October 1, 2005 and (b) the date on which the Debtors surrender possession of the premises by providing written notice of same to KB (such earlier date, the "Effective Date").

7. To the extent any personal property remains in the leased property on the Effective Date, the Debtors believe it will be of little or no value to the Debtors' estates. Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to section 554(a) of the Bankruptcy Code, as of the Effective Date.

**The Lease**

8. The Lease relates to one of the Debtors' grocery stores located in Madison, North Carolina. The Debtors have determined that this Lease is neither essential nor profitable. Accordingly, the Debtors currently derive no benefit from the Lease. As part of their restructuring plans, the Debtors sought to sell, sublet, negotiate buyouts with landlords, or otherwise reduce or eliminate their liability under certain leases, including this one. After marketing the Lease, the Debtors have determined that they are unable to sell, sublet, negotiate acceptable buyouts with KB, or otherwise reduce or eliminate their liability under the Lease that is the subject of this Motion.

9. Since the filing of these bankruptcy cases, the Debtors have continued to pay the monthly rent required by the Lease. The rejection of the Lease will save the Debtors' estates approximately $25,625 per month, plus costs for administrative expenses including rent, taxes, insurance premiums, and other charges under the Lease.

**Basis for Relief**

10.     Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. In re Wells, 227 B.R. 553 (Bankr. D. Fla., 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

11.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. D. Fla., 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86 (Bankr. E.D.N.Y. 1993); In re Central Florida Fuels, Inc., at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D.Pa. 1994); In re Hardie, 100 B.R. at 287.

12.     Here, the Debtors' business judgment clearly supports rejection of the Lease. The Debtors have determined that the Lease is no longer profitable. Thus, the Lease is not necessary for a successful reorganization, but instead will constitute a burden to the Debtors' estates

because of administrative expenses arising from the continuation of the Lease. Indeed, rejection of the Lease will benefit the Debtors' estates by alleviating a monthly cost of approximately $25,625 plus other costs including taxes, insurance premiums, and other charges due under the Lease. Consequently, the Debtors seek authority under section 365 of the Bankruptcy Code to reject the Lease.

13. As to the basis for the Debtors' request that the Court establish an effective date of rejection of the Lease that could be as long as four months from the date that this Motion is filed, the Debtors require sufficient time to not only coordinate, advertise and then conduct a going out of business sale, but also to thereafter oversee the sale of certain equipment (such as coolers, freezers and shelving) located on the premises. By so doing, the Debtors will be able to further maximize value for the benefit of the estates and its creditors.

14. The relief requested is consistent with the type of relief granted by this and other courts. See, e.g., In re Hale-Halsell Co., Case No. 04-11677 (Bankr. N.D. Okla. April 23, 2004); In re Central Florida Fuels, Inc., Case No. 86-2772-BKC-8P1 (Bankr. D. Fla. August 9, 1998); In re Git-N-Go, Inc., Case No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., Case No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003). Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

## Notice

14. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) counsel for KB. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order in the form attached as Exhibit A (a) authorizing the rejection of the Lease as of

the earlier of (i) October 1, 2005 and (ii) the date upon which the Debtors surrender possession of the premises by providing written notice to KB, (b) authorizing the Debtors to abandon the property located at the property as of the Effective Date, and (c) granting such other and further relief as the Court deems just and proper.

Dated: June 10, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*<br>        D. J. Baker<br>        Sally McDonald Henry<br>        Rosalie Walker Gray<br>        Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ Cynthia C. Jackson*<br>        Stephen D. Busey<br>        James H. Post<br>        Cynthia C. Jackson,<br>        Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | *Chapter 11* |
| Debtors. | Jointly Administered |

**ORDER UNDER 11 U.S.C. §§ 105 AND 365 (I) AUTHORIZING REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE WITH AMERICAN KB PROPERTIES I LIMITED PARTNERSHIP AND (II) GRANTING RELATED RELIEF**

These cases came before the Court for hearing on June 30, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 (i) authorizing the rejection by the Debtors of a non-residential real property lease with American KB Properties I Limited Partnership (the "Lease") and (ii) granting related relief (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED.

2. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a), and the Lease is deemed rejected, effective as of the earlier of (a) October 1, 2005 and (b) the date on which the Debtors surrender possession of the premises by providing written notice of same to KB (such earlier date, the "Effective Date").

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

       3.       Any interest of any of the Debtors in any personal property remaining on the Effective Date in the store that is the subject of the Lease is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the Effective Date.

       4.       Nothing in this Order constitutes a waiver of any claims the Debtors may have against any the counterparty to the Lease, whether or not related to the Lease.

       5.       The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

       6.       The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

                                             Jerry A. Funk
                                             United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion.