**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

|   |   |   |
|---|---|---|
| In re: | ) ) | Case No. 05-03817 (3F1) |
| WINN-DIXIE STORES, INC., *et al.*, | ) ) ) | *Chapter 11* |
| *Debtors*. | ) ) ) | Jointly Administered |

**MOTION OF TRM CORPORATION FOR TURNOVER OF FUNDS
WHICH THE DEBTORS HOLD IN TRUST FOR MOVANT**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper.  If you object to the relief requested in this paper, you must (a) file your objection with the Clerk of the Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 33202, and (b) serve a copy on (i) Johanna E. Markind, Law Offices of Daniel B. Markind, 1500 Walnut Street, Suite 1100, Philadelphia, PA 19102, jmarkind@att.net, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com and (iii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York  10036, dbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

TRM Corporation ("TRM"), by and through its counsel, Law Office of Daniel B. Markind, hereby moves the Court to direct the Debtors to turn over certain funds the Debtors hold in trust for TRM, and in support thereof respectfully represents:

**PARTIES**

1.      Debtors are Winn-Dixie Stores, Inc., and several related corporate entities including Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery").

2. Movant is TRM Corporation, an Oregon corporation in the business of providing consumer services including photocopying and ATM cash machine products and services.

## JURISDICTION

3. The Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 363, and 541.

## BACKGROUND

4. Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

5. Debtors are continuing in possession of their property and are operating their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6. Under a Master Location Agreement ("Agreement") dated December 11, 2001, between Movant and Debtor Winn-Dixie Montgomery, TRM agreed to keep certain copier and related equipment at retail locations owned and operated by Winn-Dixie Montgomery. Among its other obligations, Winn-Dixie Montgomery agreed to collect all sums paid for copies made on the equipment and to hold them in trust for TRM (the "Trust Proceeds"), periodically remitting the amounts to TRM along with an accounting. A copy of the Agreement is attached hereto and incorporated herein (Exhibit "A").

7. TRM estimates that as of the petition date, Winn-Dixie Montgomery and/or its related corporate entities held approximately $2,351,57 in Trust Proceeds for TRM pursuant to the Agreement.

**RELIEF REQUESTED**

8. By this Motion, TRM requests that the Court enter an order acknowledging that sums held in trust pursuant to the Agreement are not property of the Debtors' bankruptcy estates and requiring the Debtors to turn over all such Trust Proceeds to the Movant, TRM Corporation.

9. The Debtors generally remit the Trust Proceeds to TRM on a monthly basis.

10. The Movant seeks an order of Court directing the Debtors to account for and pay all Trust Proceeds owed to TRM, according to the schedule set forth in the Agreement.

**APPLICABLE AUTHORITY**

11. Pursuant to Section 105(a) of the Bankruptcy Code, a court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Movant submits that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code in that such sums are held in trust for payment to TRM and do not constitute property of the Debtors' estates. *See, e.g., In re Howard's Appliance Corp.*, 874 F.2d 88 (2d Cir. 1989); *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171 (3d Cir. 1996). *Cf.* Fla. Stat. Ann. § 24.114 (providing that lottery proceeds are to be held in trust by the retailer); *In re Suwannee Swifty Stores, Inc.*, 266 B.R. 544, 549 (Bankr. M.D. Ga. 2001) (holding that Georgia's lottery statute creates a trust for the lottery proceeds in favor of the Georgia Lottery Corporation); 11 U.S.C. § 541(d). The Debtor, therefore, has no equitable interest in these proceeds, and such funds are not available for the satisfaction of creditors' claims.

13. As such, the Bankruptcy Code does not prohibit a debtor from paying trust fund obligations, and the proposed relief will not prejudice the rights of general unsecured creditors or

other parties in interest. Relief similar to that requested herein has been granted in other Chapter 11 cases, including in cases of other grocery operators. *See, e.g., In re Git-N-Go, Inc.*, Case No. 04-10509 (Bankr. N.D. Okla. Apr. 26, 2004); *In re FiberMark, Inc.*, Case No. 04-10463 (Bankr. D. Vt. April 27, 2004); (Bankr. N.D. Okla. April 23, 2004); *In re Penn Traffic Co.*, Case No. 03-22945 (Bankr. S.D.N.Y. May 30, 2003); *In re Gentek, Inc.*, Case No. 02-12986 (Bankr. D. Del. Oct. 17, 2002); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 3, 2001). The Movant submits that the present circumstances warrant similar relief in their Chapter 11 cases.

## NOTICE

14.     Notice of this Motion has been provided to (a) counsel to the United States Trustee and (b) counsel for the Unsecured Creditors' Committee. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

WHEREFORE, Movant TRM Corporation respectfully requests that this Court enter an order directing the Debtors to account for and turn over all Trust Proceeds to the Movant according to the schedule set forth in the Master Location Agreement dated December 11, 2001, and such other and further relief as the Court deems just and proper.

Dated: June 10, 2005

**LAW OFFICES OF DANIEL B. MARKIND**

BY:     */s/ Johanna E. Markind*                /JM1226
DANIEL B. MARKIND, ESQUIRE
JOHANNA E. MARKIND, ESQUIRE
1500 Walnut Street, Suite 1100
Philadelphia, PA 19102
(215) 546-2212

Attorney for Movant, TRM Corporation