Hearing Date: June 30, 2005, 1:00 p.m.
Objection Deadline: June 23, 2005, 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(A) AUTHORIZING REJECTION OF PEWTER PARTNER AGREEMENT WITH BUCCANEERS LIMITED PARTNERSHIP EFFECTIVE AS OF JUNE 30, 2005**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject an executory contract with Buccaneers Limited Partnership (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.  Substantially all of the Debtors' store locations are leased rather than owned.

4. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

**Relief Requested**

6. By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of a Pewter Partner Agreement dated as of January 10, 2003 (the "Contract") with Buccaneers Limited Partnership, effective as

of June 30, 2005.  Pursuant to the Contract, Winn-Dixie Stores, Inc. is a sponsor of the Tampa Bay Buccaneers NFL football team.

      7.      The Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contract.  The cost to the Debtors of continuing to perform for the remaining term of the Contract is estimated at over $12 million.  By rejecting the Contract, the Debtors will avoid unnecessary expense and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors.

## Basis for Relief

      8.      Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

      9.      The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86 (Bankr. E.D.N.Y. 1993); In re Central Florida Fuels,

Inc., 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

        10.      The Debtors have satisfied the "business judgment" standard for rejecting the Contract in the present case.  The Debtors' obligations under the Contract pose continuing monetary obligations and/or other risks to the Debtors' estates.  Moreover, the Contract is unnecessary to the Debtors' ongoing operations, is not a source of potential value for the Debtors' estates and creditors and constitutes an unnecessary drain on the Debtors' resources.  Accordingly, the Debtors' determination that the Contract should be rejected reflects their exercise of sound business judgment.

## Rejection Damages Deadline

        11.      To the extent that Buccaneers Limited Partnership asserts rejection damages as a result of the rejection proposed by this Motion, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is the later of (a) 30 days after the date of entry of the order entered pursuant to this Motion or (b) the August 1, 2005 bar date established by order of this Court in these cases.

## Notice

        12.      Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d)  the other parties in interest named on the Master Service List

maintained in these cases, and (e) the party to the Contract.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A, authorizing and approving the rejection of the Contract, effective as of June 30, 2005 and (ii) grant such other and further relief as the Court deems just and proper.

Dated: June 10, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   */s/ D.J. Baker*<br>       D.J. Baker<br>       Sally McDonald Henry<br>       Rosalie Gray<br>       Jane M. Leamy<br><br>       Four Times Square<br>       New York, New York 10036<br>       (212) 735-3000<br>       (917) 777-2150 (facsimile)<br>       djbaker@skadden.com<br><br>       Co-Attorneys for Debtors | By   */s/ Cynthia C. Jackson*<br>       Stephen D. Busey<br>       James H. Post<br>       Cynthia C. Jackson<br>       Florida Bar Number 498882<br><br>       225 Water Street, Suite 1800<br>       Jacksonville, Florida  32202<br>       (904) 359-7700<br>       (904) 359-7708 (facsimile)<br>       cjackson@smithhulsey.com<br><br>       Co-Attorneys for Debtors |

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER 11 U.S.C. § 365(A) AUTHORIZING REJECTION OF**
**PEWTER PARTNER AGREEMENT WITH BUCCANEERS LIMITED**
**PARTNERSHIP AS OF JUNE 30, 2005**

These cases came before the Court for hearing on June 30, 2005, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of a Pewter Partner Agreement with Buccaneers Limited Partnership (the "Contract") effective as of June 30, 2005 (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Contract pursuant to 11 U.S.C. § 365(a), and the Contract is deemed rejected, effective as of June 30, 2005.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Contract, whether or not related to the Contract.

2

        4.        Claims for any rejection damages resulting from the rejection of the Contracts must be filed within the later of (a) 30 days after the date of entry of this Order or (b) the August 1, 2005 bar date established by the Court in these cases.

        5.        The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

        6.        The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of June, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2