UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### ORDER AUTHORIZING DEBTORS TO RETAIN DJM ASSET MANAGEMENT, LLC AND THE FOOD PARTNERS, LLC AS SPECIAL REAL ESTATE CONSULTANTS TO THE DEBTORS

These cases came before the Court for hearing on June 2, 2005, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain DJM Asset Management, LLC ("DJM") and The Food Partners, LLC ("TFP") (collectively, "DJM/TFP") as real estate consultants (the "Application"). The Court has reviewed the Application, the supporting declaration of Andrew B. Graiser (the "Graiser Declaration") and the declaration of Matthew S. Morris (the "Morris Declaration"). The Court has reviewed the application and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested parties, the Court finds that cause exists to grant the relief. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted as set forth in this Order.

2. The Debtors are authorized to retain DJM/TFP to provide real estate consulting services, on the terms set forth in the Application, the Graiser Declaration, the

Morris Declaration and the Agreement between the Debtors and DJM/TFP, attached hereto as Exhibit A.

3. If any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, DJM/TFP's employment shall continue as authorized pursuant to this Order.

4. Notwithstanding paragraph 5 of the Agreement, in no case shall DJM/TFP became entitled to more than $50,000 in fees for Additional Consulting Services without the prior approval of the Creditors' Committee.

5. The Debtors shall consult with Alvarez & Marsal, LLC, operations and real estate advisor to the Creditors' Committee, regarding the work plan of DJM/TFP and will consult regularly with Alvarez & Marsal regarding the sale process, the negotiation of cure amounts, the marketing budget, and the use of additional brokers, if any.

6. DJM/TFP shall be compensated and reimbursed for its expenses according to the Budget without further application to the Court in accordance with the Application. At the conclusion of the retention, however, DJM/TFP shall present to this Court for approval a final fee application.

7. Notwithstanding the previous paragraph, with respect to any fees DJM/TFP must submit to the Debtors, the Creditors' Committee, and the Office of the United States Trustee an itemized statement which contains (a) the amount of Gross Proceeds received by the Debtors from each transaction and (b) a fee schedule. With respect to any expenses DJM/TFP shall submit to the Debtors proper documentation. If

DJM/TFP must prepay any marketing expenses DJM/TFP shall present the Debtors with those requests, and, if such expenses are pursuant to the Budget and approved in writing by the debtors, the Debtors will be responsible for those payments. In either case, DJM/TFP shall not submit an itemized statement for fees or expenses more than once a month.

8. Notwithstanding any contrary provision in the Agreement and the Blackstone revised engagement letter, with respect to a fee relating to stores sold during the enterprise phase of the Debtors' sale process, Blackstone shall be entitled to a fee only in the event the winner bidder is a party listed on Exhibit B to Blackstone's revised engagement letter. In such event, DJM/TFP shall receive from Blackstone a marketing fee equal to 50 basis points of the Blackstone fee. If, however, with respect to stores sold during the enterprise phase of the Debtors' sale process, the winner bidder is not a party listed on Exhibit B to Blackstone's revised engagement letter, DJM/TFP shall be entitled to a fee in accordance with their approved terms of retention, and Blackstone shall receive from DJM/TFP a marketing fee equal to 50 basis points of their fee.

9. All requests of DJM/TFP for payment of indemnity pursuant to the Agreement shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall DJM/TFP be indemnified in the case of its own willful misconduct, gross negligence, bad faith or self-dealing.

10. In no event shall DJM/TFP be indemnified if a Debtor or a representative of the estate asserts a claim for, and a court determines by final order that such claim arose out of, DJM/TFP's own willful misconduct, gross negligence, bad faith or self-dealing.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

DATED this 10 day of June, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

00497912

4

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes              Page 1 of 1               Date Rcvd: Jun 10, 2005
Case: 05-03817                Form ID: pdfdoc           Total Served: 1

The following entities were served by first class mail on Jun 12, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                           TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 12, 2005**              Signature:  _Joseph Speetjens_