Hearing Date: June 16, 2005, 1:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. [1] | ) Jointly Administered |
| | ) |

**DEBTORS' REPLY TO GARDENS PARK PLAZA'S**
**OBJECTION TO MOTION TO EXTEND TIME**
**WITHIN WHICH DEBTORS MAY ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), submit this memorandum of law (the "Reply") in response to the Objection filed by Gardens Park Plaza, Ltd. (the "Objection") (Docket No. 641) to the Debtors' Motion for Order Under 11 U.S.C. § 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion") (Docket No. 472) and say:

**Procedural Background**

1.      Winn-Dixie Stores, Inc. is party to a lease dated October 6, 1977, of a store in Palm Beach Gardens, Florida (as amended, the "Lease").  Gardens Park Plaza, Ltd. ("Gardens Park") is a successor in interest to the original lessor under the Lease.

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. On May 6, 2005, the Court entered an Order under 11 U.S.C. § 365(d)(4) extending the time for Debtors to assume or reject unexpired leases of nonresidential real property (the "Order") (Docket No. 1070). The Order extended until September 19, 2005, the time within which the Debtors may assume or reject all but two of their several hundred unexpired leases of non-residential real property. The Order continued the hearing on the Objection (and one other objection that was subsequently resolved and withdrawn) until May 19, 2005 (Order, para. 6). The Debtors and Gardens Park later agreed to further continue the hearing on the Objection, most recently to the omnibus hearing scheduled for June 16, 2005.

## Argument

3. In the Objection, Gardens Park argues that the length of time the Debtors request to assume or reject their real property leases (which has now been extended by the Order as to all other lessors) should be reduced because (i) it is "unreasonable," and (ii) the Debtors have not paid an alleged postpetition obligation consisting of a prepetition tax bill from Gardens Park that was mailed to the Debtors on February 14, 2005 – a week before the Debtors filed for Chapter 11 relief (the "Prepetition Invoice").

4. The Debtors will not restate their arguments, set forth in the Motion, supporting the reasonableness of their request for additional time to assume or reject their several hundred non-residential real property leases. The Debtors note only that Gardens Park has failed to articulate in its Objection any reason to treat Gardens Park differently than the Debtors' several hundred other lessors.

5. As to the unpaid Prepetition Invoice, Gardens Park admits that it was mailed to the Debtors on February 14, 2005 – *seven days prior to the Petition Date*. (*See* Objection para. 3, Ex. B.) Gardens Park therefore acknowledges that the Prepetition

Invoice not only *accrued* prepetition but was *invoiced* prepetition. Although not articulated by the Objection, the Debtors presume that Gardens Park is contending the debt is postpetition because the Lease permits payment within 15 days of receipt of the invoice (which would run on March 1).

6.  Bankruptcy courts have not been uniform in addressing the issue of whether section 365(d)(3) of the Bankruptcy Code requires a debtor-tenant to timely pay rent, real estate taxes and other lease obligations that accrue prepetition and relate to prepetition use of the property but may be payable post-petition. The majority of courts have adopted the accrual approach. The accrual approach interprets section 365(d)(3) of the Bankruptcy Code consistently with the pre-1984 practice under section 503(b)(1) of the Bankruptcy Code of requiring the debtor to timely pay only the pro rata amount of rent, taxes and other obligations accruing during the post-petition, pre-rejection period. *See In re Handy Andy Home Improvement Ctrs., Inc.*, 144 F.3d 1125, 1126-28 (7th Cir. 1998); *El Paso Props. Corp. v. Gonzales* (*In re Furr's Supermarkets, Inc.*), 283 B.R. 60, 68-70 (B.A.P. 10th Cir. 2002); *Newman v. McCrory Corp.* (*In re McCrory Corp.*), 210 B.R. 934, 936-40 (S.D.N.Y. 1997); *Schneider & Reiff v. William Schneider, Inc.* (*In re William Schneider, Inc.*), 175 B.R. 769, 771-73 (S.D. Fla. 1994); *Child World, Inc. v. Campbell/ Massachusetts Trust* (*In re Child World, Inc.*), 161 B.R. 571, 573-77 (S.D.N.Y. 1993); *Heathcon Holdings, LLC v. Dunn Indus., LLC* (*In re Dunn Indus., LLC*), 320 B.R. 86, 92-93 (Bankr. D. Md. 2005); *In re Phar-Mor, Inc.*, 290 B.R. 319, 322-28 (Bankr. N.D. Ohio 2003); *In re Travel 2000, Inc.*, 264 B.R. 444, 450-51 (Bankr. W.D. Mich. 2001); *In re Oscar Hornsby, Inc.,* Case No. 00-61313, 2001 Bankr. LEXIS 1062, at *4-6 (Bankr. E.D. Ky. Jan. 26, 2001); *In re All for A Dollar, Inc.*, 174 B.R. 358, 361-62 (Bankr. D. Mass. 1994); *In re Ames Dep't Stores, Inc.,* 150 B.R. 107, 108-09

(Bankr. S.D.N.Y. 1993); *In re Warehouse Club, Inc.,* 184 B.R. 316, 317-18 (Bankr. N.D. Ill. 1995); *Daugherty v. Kenerco Leasing, Inc.* (*In re Swanton Corp.*), 58 B.R. 474, 475 (Bankr. S.D.N.Y. 1986). These courts hold that "Congress did not intend § 365(d)(3) to include debtor-tenants' rental obligations arising prepetition, but billed postpetition." *Child World*, 161 B.R. at 574. *See also Handy Andy*, 144 F.3d at 1128 (discussing Congressional intent); *William Schneider, Inc.,* 175 B.R. at 772-73 (discussing legislative history).

7. A minority of courts, applying the "performance" or "billing date approach," have required payment under Section 365(d)(3) of obligations accruing prepetition when the obligations "*first become due and enforceable* after the order [for relief] under the terms of the lease." *Centerpoint Props. v. Montgomery Ward Holding Corp.* (*In re Montgomery Ward Holding Corp.*), 268 F.3d 205, 209 (3d Cir. 2001). *See also Koenig Sporting Goods, Inc. v. Morse Road Co.* (*In re Koenig Sporting Goods, Inc.*), 203 F.3d 986, 989-90 (6th Cir. 2000);[2] *Inland's Monthly Income Fund, L.P. v. Duckwall-ALCO Stores, Inc.* (*In re Duckwall-ALCO Stores, Inc.*), 150 B.R. 965, 974-76 & n.23 (D. Kan. 1993); *In re R.H. Macy & Co.*, 152 B.R. 869, 873-74 (Bankr. S.D.N.Y. 1993), *aff'd sub nom. Bullock's Inc. v. Lakewood Mall Shopping Ctr.* (*In re R.H. Macy & Co.*), No. 93 Civ. 4414 (SS), 1994 WL 482948 (S.D.N.Y. Feb. 23, 1994); *In re Appletree Mkts. Inc.*, 139 B.R. 417, 418-21 (Bankr. S.D. Tex. 1992).

8. The majority's accrual approach best protects the interests of landlords, debtor-tenants and other creditors in a manner consistent with the Bankruptcy Code's

---

[2] In *Koenig Sporting Goods, Inc. v. Morse Road Co.* (*In re Koenig Sporting Goods, Inc.*), 203 F.3d 986,989-90 (6th Cir. 2000), the court held that when prospective rent is payable on the first of the month in the post-petition, pre-rejection period, section 365(d)(3) of the Bankruptcy Code requires the debtor to pay a full month's rent even if it rejects the lease on the second day of the month. Notably, subsequent bankruptcy decisions emanating from the Sixth Circuit have declined to apply *Koenig Sporting Goods* to real property taxes. *See In re Phar-Mor, Inc.*, 290 B.R. 319, 325-28 (Bankr. N.D. Ohio 2003).

broader purposes of reorganization and equality among similarly situated creditors. Specifically, the accrual approach best implements Bankruptcy Code section 365(d)(3)'s goal of protecting landlords during the period between the bankruptcy filing and acceptance or rejection of a lease, by making the debtor fully responsible for liabilities relating to its post-petition use of the property.  At the same time, the accrual approach furthers the Bankruptcy Code's overarching policies of equality among creditors and a "fresh start" for the debtor because landlords are fairly compensated for postpetition services provided to the debtor, without imposing "sunk costs" on otherwise viable enterprises.  *See, e.g., Handy Andy*, 144 F.3d at 1127-28.  Further, the accrual approach protects the interest of other unsecured creditors by protecting landlords *only to the extent of the debtor's post-petition use* of the landlord's property.  *See id.*  In contrast, under the billing approach, strict reliance on the billing date would result in a windfall either to the landlord or debtor-tenant, based on the fortuitous (or deliberate) timing of the billing date and/or filing of the petition.  *McCrory Corp.*, 210 B.R at 940.  *See also Dunn Indus.*, 320 B.R. at 93 ("While *Montgomery Ward* [billing date approach] may provide a bright line rule, it will also promote the type of lawyering that should not be encouraged in our bankruptcy system."). [3]

---

[3]     The characterization of obligations such as the Prepetition Invoice as "additional rent" (*See* Objection paras. 6, 11) does not change the analysis under section 365(d)(3). *See, e.g., William Schneider, Inc.,* 175 B.R. at 771-73 (where prepetition taxes came due postpetition, the court rejected the lessor's argument that the debtor's obligation was to pay "additional rent" in the amount of the taxes and affirmed bankruptcy court's application of the accrual method, reasoning that "the payment date under the lease is not determinative of when [the debtor's] obligation to pay . . . real property taxes arose"); *Santa Ana Best Plaza, Ltd. v. Best Prods. Co.* (*In re Best Prods. Co*.), 206 B.R. 404, 405, 407 n.3 (Bankr. E.D. Va. 1997) (where the lease provided that taxes would be paid as additional rent, the court applied "accrual method" and noted "[t]he parties have offered no reason to distinguish between these real estate taxes and other charges billed as 'additional rent' post-petition, such as common area maintenance expenses"); *In re Trak Auto Corp.*, 277 B.R. 655, 662-64 (Bankr. E.D. Va. 2002) (in holding that the accrual method applied to taxes designated as additional rent, the court explained that the petition date is the line of demarcation for purposes of determining whether real property, taxes and CAM charges are prepetition or postpetition obligations and held that "*this proposition applies regardless of the terms in debtor's leases*"), *aff'd sub nom. Lasalle Nat'l Trust, N.A. v. Trak Auto Corp.,* 288 B.R. 114 (E.D. Va. 2003), *rev'd on other grounds*

9. Regardless of which approach is used, the Prepetition Invoice in this case is not a postpetition obligation. Under the accrual approach, the Prepetition Invoice is a prepetition obligation because it relates entirely to amounts that *accrued prepetition*—2004 ad valorem taxes. Even under the billing date approach however, the Prepetition Invoice remains a prepetition debt because it *first became a legally enforceable obligation* under the Lease prepetition. Paragraph 7(c) of the Second Amendment to the Lease provides in part:

> Tenant shall reimburse Landlord annually for [the ad valorem] tax...*at the time ad valorem taxes become due and payable* **and**...within fifteen (15) days after Landlord shall have submitted to Tenant a statement for the respective amounts due.

Under Florida law, the 2004 ad valorem taxes were first due and payable on *November 1, 2004*. S. 197.333, *Fla.Stat.(2004)*. Accordingly, under the billing approach, the Debtors' obligation to pay the taxes *first became due and payable* prepetition. *See Centerpoint Properties v. Montgomery Ward Holding Corp.* (*In re Montgomery Ward Holding Corp.*), 268 F.3d 205, 211 (3d Cir. 2001)(the debtor's obligation arises, under the plain meaning of section 365(d)(3), "when the legally enforceable duty to perform arises under [the] lease"). *See also In re DeCicco of Montvale, Inc.,* 239 B.R. 475, 483-84 (Bankr. D.N.J. 1999) (court applied the performance/billing date approach to hold that prepetition lease obligations which come due post-petition must be paid in full, but held that where the lease required taxes and common charges to be paid within thirty days of certification by the landlord, the debts first became due and payable when the debtor received the

---

*sub nom. In re Trak Auto Corp.*, 367 F.3d 237 (4th Cir. 2004). Other courts have, although without discussion of the specific issue, adopted the accrual approach and prorated obligations when the lease at issue contained an "additional rent" designation. *See Dunn Indus.*, 320 B.R. at 88, 93; *All for a Dollar, Inc.,* 174 B.R. at 359 n.1, 362.

certification, rather than at the end of the thirty day period). *In re Phar-Mor Inc.,* 290 B.R. at 326 (adopting accrual approach but recognizing that under billing date approach, a lease providing for payment by debtor of real estate taxes when assessed or 30 days after receipt of bill from lessor, whichever later, would be interpreted to mean that the tax obligation arises "when Debtor receives a bill").

## **Conclusion**

Regardless of whether the Court adopts the accrual or the billing approach, the tax debt at issue is a prepetition obligation that is not payable under 11 U.S.C. 365(d)(3) both because it accrued prepetition and because it first became due and payable prepetition. Accordingly, contrary to Gardens Park's Objection, the Debtors are current on its lease postpetition. For that reason, and because Gardens Park has shown no reason its lease should be treated differently than any of the Debtors' other leases, the Objection should be overruled.

Dated: June 13, 2005

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By   *s/ D. J. Baker*
    D. J. Baker
    Sally McDonald Henry
    Rosalie Walker Gray
    Adam S. Ravin

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

00498666

SMITH HULSEY & BUSEY

By   *s/ Cynthia C. Jackson*
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson

Florida Bar Number 117790
Florida Bar Number 175460
Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Attorneys for Debtors