UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

### ORDER APPROVING APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WINN-DIXIE STORES, INC., et al., UNDER 11 U.S.C. §1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF AKERMAN SENTERFITT AS CO-COUNSEL, NUNC PRO TUNC TO APRIL 22, 2005

This case is before the Court upon the Application (the "Application") (Docket No. 1012) of the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al. (the "Committee"), for entry of an Order under 11 U.S.C. §1103 and Fed.R.Bankr.P. 2014 and 5002, authorizing the retention and employment of Akerman Senterfitt ("Akerman") as local counsel and co-counsel for the Committee, nunc pro tunc to April 22, 2005 and upon the Objection (Docket No. 1144) to the Application filed by the United States Trustee (the "Trustee"). Upon the Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. The Objection is overruled.

2. The Application is approved, and the Committee is authorized to employ Akerman as its local, co-counsel, nunc pro tunc to April 22, 2205, pursuant to 11 U.S.C. §1103(a), subject to the following conditions:

(a) within 30 days of entry of this Order, Akerman shall file an Affidavit with the Court certifying that it has either (i) divested itself of its pre-petition claim against the Debtors' estates by reason of sale or transfer of such claim, without representation or warranty, or (ii) that Akerman affirmatively waives such claim; and

(b) within 30 days of entry of this Order, Akerman shall withdraw from all matters for which it has represented the Debtors as an ordinary course professional, and in connection with such withdrawal Akerman shall comply with all appropriate ethical obligations to minimize any prejudice to the Debtors. Akerman shall thereupon file an Affidavit certifying that it has withdrawn from the representation of the Debtors. Akerman thereafter shall not undertake any representation of the Debtors' interests, whether as an ordinary course professional or otherwise, for so long as Akerman shall serve as a professional of the Committee.

3. Akerman shall be compensated upon appropriate application in accordance with 11 U.S.C. §§330 and 331, the Federal Rules of Bankruptcy Procedure, and the Orders of this Court.

Dated this 13 day of June, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies to:
Ken C. Meeker, Esq.,
  Assistant United States Trustee
Cynthia C. Jackson, Esq.
D. J. Baker, Esq.
Dennis F. Dunne, Esq.
John B. Macdonald, Esq.