UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
WINN-DIXIE STORES, INC., ET AL.     *     CHAPTER 11
                                    *     CASE NO. 05-03817-3F1
                                    *     Jointly Administered

**MOTION FOR MODIFICATION OF SECURITY DEPOSIT FOR UTILITY SERVICE**

Pursuant to 11 U.S.C. § 366, the Creditor, City of Plaquemine (hereinafter referred to as "Plaquemine"), by its counsel, hereby apply for a determination as to what security will provide Plaquemine with adequate assurance of future payments. In support of this application, Plaquemine allege that:

Background

1. On February 21, 2005 (the "Petition Date"), the Debtors In Possession filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq., (the "Bankruptcy Code") in United States Bankrupcty Court for the Southern District of New York. Debtors in Possession cases were transferred to this Court on April 19, 2005.

2. Plaquemine provides electric service to the Debtors in Possession's Winn Dixie Food Store #1579, 58045 Belleview Road, Plaquemine, Louisiana 70764. Winn Dixie Food Store #1579 account number is 560-35000-00. Winn Dixie Food Store #1579 generates, on average, $18,000 per month in utility services.

3. As of the Petition Date, the unpaid charges due Plaquemine for utility service provided to Winn Dixie Food Store #1579, account number 560-35000-00 totaled Forty nine thousand seven hundred forty nine Dollars and 80/100 ($49,749.80)

4. Pursuant to Interim Order on February 21, 2005, Plaquemine sent by certified mail,

return receipt requested to Debtors in Possession attorney, Brian C. Walsh, KING & SPALDING LLP, its request for adequate assurance. A copy of the letter is attached hereto, incorporated herein by reference, and mark for identifications as Plaquemine Exhibit A.

5. Pursuant to the Order of March 10, 2005, by the Honorable Robert D. Drain, for the United States Bankruptcy Court, Southern District of New York, in the matter entitled "In re: WINN-DIXIE STORES, INC., et al., Case No. 05-11063 (RDD), Jointly Administered," (hereinafter referred to as "New York Case"), the Court ordered that utility companies make a written request to Debtors' counsel for additional adequate assurance in the form of a deposit or other security from the Debtors. Judge Drain also ordered that the request "set forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, and a summary of the Debtors' payment history on each account." Again, on March 17, 2005, Plaquemine sent by certified mail, return receipt request to Debtors in Possession attorney, Jessenia Paoli, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, its request for adequate assurance. A copy of the letter is attached hereto, incorporated herein by reference, and mark for identifications as Plaquemine Exhibit B.

6. Further, pursuant to the Order of March 11, 2005 in the New York Case, Judge Drain ordered that Debtors have sixty (60) days to reach an amicable resolution with the utility company. After sixty (60) days, the Debtors are authorized to file a motion with the Court to determine adequate assurance of payment.

7. On April 8, 2005, Plaquemine again sent a letter to Debtors in Possession's attorneys, Brian C. Walsh and Jessenia Paoli, seeking a response to its request for adequate assurance and seeking Debtors in Possession's intent to negotiate Plaquemine's request. A copy of the letter is attached hereto, incorporated herein by reference, and mark for identifications as Plaquemine

Exhibit C.

8. On or about April 27, 2005, Ms. Jessenia Paoli left a voice message to counsel for Plaquemine, generally advising that Debtor in Possession would consider Plaquemine's request for adequate assurance before May 9, 2005.

9. On May 26, 2005, Debtor in Possession, through its attorney, Ms. Stephanie R. Feld, advised Plaquemine that it rejects Plaquemine's request for adequate assurance, advised of this Court's ruling in the Jacksonville Electric Objection, and gave Plaquemine a June 10 deadline to withdraw its request for adequate assurance or Debtor in Possession would file a motion with this Court to order that Plaquemine is not entitled to adequate assurance. A copy of the letter is attached hereto, incorporated herein by reference, and mark for identifications as Plaquemine Exhibit D

10. Again, on June 3, 2005, Debtor in Possession, through its attorney, Ms. Stephanie R. Feld, advised Plaquemine that the Bankruptcy Court for the Middle District of Florida, Jacksonville Division denied assurance requests by American Electric Power, Orlando Utilities Commission and Duke Energy Corporation and gave Plaquemine a June 10 deadline to withdraw its request for adequate assurance or Debtor in Possession would file a motion with this Court to order that Plaquemine is not entitled to adequate assurance. A copy of the letter is attached hereto, incorporated herein by reference, and mark for identifications as Plaquemine Exhibit E.

11. The Debtor in Possession paid its May utility bill to Plaquemine on May 17th. The current utility bill sent to the Debtor in Possession and due on or before June 20th is $15,324.58.

## 11 U.S.C. § 366

12. Section 366 provides as follows:

"(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or

discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.'
(b) Such utility may alter, refuse or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance fo payment, in the form of a deposit or otehr security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

13. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amended § 366 in the following provisions. It allows the utility provider to terminate service after 30 days if it does not receive adequate assurance. Adequate assurance is defined as cash deposit, letter of credit, certificate of deposit, surety bond, prepayment, or other form of security agreeable with the utility provider. Adequate assurance does not include the availability of an administrative expense priority. In the Court's determination of adequate assurance, the Court can not take into account the absence of security before the petition, timely payment of prepetition debt, or an administrative expense priority. The utility can set off against the prepetition debt its deposit without notice or order of court.

14. A determination of adequate assurance is within the Court's discretion, and is made on a case by case basis. *In re Utica Floor Maintenance, Inc.*, 25 B.R. 1010, 1016 (Bankr. N.D.N.Y. 1982); *In re Cunha*, 1 B.R. 330, 332-33 (Bankr. E.D. Va. 1979)

15. Section 366 was enacted to balance a debtor's need for utility service from a provider that holds a monopoly on such services with the need of the utility to ensure for it and its rate payers that it receives payment for providing these essential services. *See In re Hanratty*, 907 F.2d 1418, 1424 (3d Cir. 1990)

16. The deposit or other security required of a debtor by Section 366 "should bear a reasonable relationship to expected or anticipated utility consumption by a debtor." *In re Coastal*

*Dry Dock & Repair Corp.*, 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986). In making such a determination, it is appropriate for the court to consider "the length of time necessary for the utility to effect termination once one billing cycle is missed." *In re Begley*, 760 F.2d 46, 49 (3d Cir. 1985)

## SECTION 366 REQUIRES MORE ADEQUATE ASSURANCE OF PAYMENT THAN $375

17. As set forth in Plaquemines' Exhibits A and B, Plaquemine seeks a security deposit of $36,000 to continue utility service to Debtors in Possession Winn-Dixie Food Store #1579, 58045 Belleview Road, Plaquemine, Louisiana. This amount represents the two month average of Debtors' in Possession monthly bill.

18. As calculated by Plaquemine, the Debtors' in Possession pre-petition debt to Plaquemine for utility service is $49,749.80. Currently, Plaquemine retains $375 deposit from debtor to secure adequate assurance of payment for utility services.

19. Debtors in Possession currently owe Plaquemine for post petition utility service from March 4 to April 3 in the amount of $19,087.65, due on or before May 20, 2005.

20. Plaquemine is a municipally owned utility company operating in the State of Louisiana, Parish of Iberville.

21. Plaquemine avers that Debtors in Possession assumes all the powers of a Chapter 7 trustee and a bona fide purchaser of real property and therefore debtors are a new commercial customer of Plaquemine.

22. Plaquemine Code of Ordinances Section 21-67(c), a certified copy attached hereto, incorporated by reference, and marked for identification as Plaquemine Exhibit F, applies to Debtors in Possession and empowers Plaquemine to require additional assurance of payment for utility service by Debtors' in Possession.

23. Plaquemine is inherently as risk since it is compelled to continue post-petition service to the Debtors in Possession for a minimum of thirty days (one billing cycle) on an around the clock basis and its invoices are payable only after service has been delivered and irreversibly consumed by the Debtors in Possession. No creditors in this bankruptcy case, other than utilities, are required to take such a risk. Due to the manner in which Debtors in possession utilize and pay for utility services, only through a cash deposit, surety bond or advance payment can Plaquemine be adequately assured of payment. Such assurance is the purpose of Section 366.

24. The Debtor in Possession does not offer or provide Plaquemine with a "deposit or other security" expressly required by Section 366, except for the previous $375 deposit. In the context of a utility-customer relationship, the ordinary and common meaning of "other security" means prepayment of bills, shortened payment deadlines, letters of credit or surety bond or, in any event, something more than the mere promise of a debtor to pay an administrative expense claim. See In re Best Products Co., 203 B.R. 51,56 (Bankr. E.D. Va. 1996)

25. It is illogical, unreasonable and manifestly unfair to equate the Debtors in Possession obligation to pay undisputed invoices by recognizing post petition invoices of utilities as administrative expenses (which Debtor in Possession is legally obligated to pay) as "security" for the payment of post-petition utility related obligations owed by the Debtors in Possession to Plaquemine and other utilities. Therefore, Plaquemine is entitled to additional adequate assurance of payment in the form set forth in Plaquemine Code of Ordinances Section 21-67(c).

26. Plaquemine's practice is to read the service meter of Debtors in Possession's Winn Dixie Food Store #1579 on a monthly basis. On the date that a meter is read, Plaquemine has already delivered approximately thirty (30) days of electric, water, sewerage and gas for which no

payment has been received. As provided by Plaquemine Code of Ordinances Section 21-68, the Debtors in Possession utility bill is mailed on the last date of each month, due and payable on or before the 20th of the month the bill is rendered. Plaquemine Code of Ordinances Section 21-69, a certified copy attached hereto, incorporated by reference, and marked for identification as Plaquemine Exhibit G.

27. If payment is not made on or before the 20th of the month, as provided by Plaquemine Code of Ordinances Section 21-70, ten (10) days must pass before Plaquemine is authorized t discontinue service. Plaquemine Code of Ordinances Section 21-70, a certified copy attached hereto, incorporated by reference, and marked for identification as Plaquemine Exhibit H.

28. Plaquemine is required to provide post-petition utility service for no less than forty (40) days in the event the Debtor in Possession is delinquent on its post-petition obligation to Plaquemine. It is this substantial risk which led to Plaquemine enacting Plaquemine Code of Ordinances Section 21-67(c).

29. Plaquemine requests a cash deposit or other similar security as set forth in Plaquemine Code of Ordinances Section 21-67(c) in the amount of Thirty six thousand dollars ($36,000.00) as adequate assurance of future payments by the Debtors in Possession. This deposit is equal to approximately two times the average monthly billings by Plaquemine to the Debtors in Possession during the twelve-month period prior to the Petition Date and is in an amount that is consistent with the anticipated electricity consumption by the Debtors in Possession and the minimum period of time that the Debtors in Possession could continue to receive utility service (electricity, water, gas and sewerage) from Plaquemine before service could be terminated for non-payment of post petition bills.

30. The deposit or other similar security requested by Plaquemine is for the amount

Plaquemine would require from other new customers, customers with questionable or unknown credit and it is within the range approved by the case law. *See Matter of Houdashell*, 7 B.R. 901, 903 (Bankr. W.D. Mo. 1981)(approving deposit equal to twice customer's highest monthly electric and natural gas service bill); *In re Stagecoach Enterprises, Inc.*, 1 B. R. 732 (Bankr. M.D. Fla. 1979)(approving deposit equal to amount charged for two natural gas utility billing periods); *See also, Lloyd v. Champaign Telephone Co.*, 52 B.R. 653, 656-57 (Bankr. S.D. Ohio 1985)(approving deposit equal to 2.3 times average monthly telephone billing); *In re Smith, Richardson & Conroy*, 50 B.R. 5, 5-6 (Bankr. S.D. Fla. 1985 (approving deposit equal to three months' approximated electric usage).

31. Based upon the foregoing, a deposit or similar security in the amount of thirty thousand dollars ($36,000.00) for Plaquemine, which is equal to approximately two (2) months average electric service, is a fair and reasonable request by Plaquemine and is consistent with both the express provisions and the intent of Section 366, as well as non bankruptcy laws and regulations that govern the relationship of Plaquemine and Debtors in Possession.

WHEREFORE, the City of Plaquemine prays this Court to enter an Order declaring that payment of a security deposit by the Debtors in the amount of $36,000 or comply with the provisions of Plaquemine Code of Ordinances Section 21-67(c), shall be adequate assurance of future payment under 11 U.S.C. § 366.

RESPECTFULLY SUBMITTED BY:

*/s/ L. Phillip Canova, Jr.*
L. Phillip Canova, Jr., La. Bar #3851
of
CANOVA AND DELAHAYE
A Professional Law Corporation
Attorneys and Counsellors at Law
58156 Court Street
Plaquemine, Louisiana 70764-2708
(225) 687-8340

*/s/ Gina M. Schlegel*
Gina M. Schlegel, FL Bar #0195804
of
PINKSTON & PINKSTON, P. A.
Attorneys and Counsellors at Law
2063 Oak Street
Jacksonville, Florida 32204
(904) 389-5880

ATTORNEYS FOR THE CREDITOR/MOVER,
CITY OF PLAQUEMINE


ATTORNEYS FOR THE CREDITOR/MOVER,
CITY OF PLAQUEMINE