UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is before the Court upon the Application (the "Application") (Docket No. 1012) of the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al. (the "Committee"), for entry of an Order under 11 U.S.C. §1103 and Fed.R.Bankr.P. 2014 and 5002, authorizing the retention and employment of Akerman Senterfitt ("Akerman") as local counsel and co-counsel for the Committee, nunc pro tunc to April 22, 2005 and upon the Objection (Docket No. 1144) to the Application filed by the United States Trustee (the "Trustee"). The Court elected to take the matter under advisement and directed the parties to submit proposed findings of fact and conclusions of law in support of their respective positions no later than June 3, 2005. Upon the evidence presented at the hearing conducted on May 19, 2005 and the arguments of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

On February 21, 2005 (the "Petition Date") Winn-Dixie Stores, Inc., together with 23 affiliated entities[1] (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales,

Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court"). The cases are being jointly administered pursuant to the Order Directing Joint Administration of Cases entered on February 22, 2005. The Debtors continue to manage their properties and operate their businesses as debtors in possession in accordance with §§ 1107(a) and 1108 of the Bankruptcy Code.

On March 2, 2005 the United States Trustee filed a notice of Appointment of Committee of Unsecured Creditors. The Committee applied for authority to retain and employ the firm of Milbank, Tweed, Hadley & McCloy, LLP ("Milbank") as its counsel. On April 12, 2005 the New York Bankruptcy Court entered an Order authorizing the Committee's employment of Milbank pursuant to 11 U.S.C. §1103.

On April 14, 2005 the New York Bankruptcy Court entered Amended Order Transferring Venue of the Debtors' Bankruptcy Cases to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division. Pursuant to this Court's Amended Initial Order Upon Transfer of Venue dated April 19, 2005, Milbank and its out-of-state attorneys are required to comply with Local Bankruptcy Rule 2090-1 of the United States Bankruptcy Court for the Middle District of Florida. Local Rule 2090-1(c)(1) provides that nonresident attorneys who are not members of the bar of the Middle District of Florida must designate an attorney who is a member of the bar of the Middle District to be responsible for the progress of the case.

---

Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

By the Application the Committee seeks to employ Akerman as its local co-counsel nunc pro tunc to April 22, 2005. Prior to and as of the Petition Date, Akerman provided legal services to the Debtors in connection with certain labor and employment litigation through several of Akerman's Florida offices, as well as administrative and regulatory legal services though Akerman's Tallahassee office. None of the foregoing legal services are related to the Debtors' bankruptcy cases. On March 4, 2005 the New York Bankruptcy Court entered an order authorizing the Debtors to retain Akerman for post-petition services as an ordinary course professional of the Debtors pursuant to 11 U.S.C. § 327. Although the labor and employment litigation for which Akerman was representing the Debtors as of the Petition Date has now been stayed by reason of the Debtors' bankruptcy cases, Akerman has continued to provide services to the Debtors post-petition in connection with the regulatory and administrative work handled for the Debtors through Akerman's Tallahassee office ("Akerman's Tallahassee Administrative Work").

By letter agreement between Akerman, the Debtors and the Committee dated April 25, 2005 (the "Winn-Dixie/Akerman Conflict Waiver"), Akerman agreed to withdraw from representation of the Debtors in all labor and employment litigation as a condition to its retention as local co-counsel for the Committee. The Debtors requested that Akerman continue performing Akerman's Tallahassee Administrative Work as an ordinary course professional, subject to appropriate ethical undertakings to implement a "screening wall" between the affected Akerman professionals providing services to the Committee within the Debtors' Chapter 11 Cases and those Akerman professionals performing Akerman's Tallahassee Administrative Work. Upon that condition, the Debtors and the Committee agreed to waive any ethical conflicts arising by reason of Akerman's dual representation of the Committee and the Debtors on those

unrelated matters. However, as demonstrated by the Second Supplemental Affidavit of John B. Macdonald filed on June 3, 2005 (the "Second Supplemental Affidavit"), the Debtors agreed by letter dated June 3, 2005 that Akerman may withdraw from all representation of the Debtors as an ordinary course professional on matters unrelated to the Debtors' Chapter 11 Cases, including Akerman's Tallahassee Administrative Work, if the Court determines that such dual representation is not permissible.

The Debtors obtained post-petition debtor-in-possession financing under which Wachovia Bank National Association ("Wachovia") serves as the administrative agent and collateral agent for itself and other financial institutions participating in the financing. On March 23, 2005 the New York Bankruptcy Court entered its order with respect to the debtor-in-possession financing (the "DIP Financing Order"). The DIP Financing Order authorizes post-petition financing and authorizes the repayment in full of all claims of the Debtors' pre-petition secured lenders. The DIP Financing Order also provides that the Committee is the only party that can commence an adversary proceeding with respect to Wachovia's pre-petition claims arising from the pre-petition loans or other claims or causes of action against Wachovia relating to the pre-petition loan documents (collectively, the "Wachovia Lien Claims.") The Committee has until June 27, 2005 to commence such an adversary proceeding.

As of the Petition Date, both Milbank and Akerman represented Wachovia in connection with matters unrelated to the Debtors' Chapter 11 Cases. By letter agreement between Wachovia and Akerman dated April 19, 2005, Wachovia agreed to a limited waiver of all conflicts of interest that would arise by reason of Akerman's retention as counsel for the Committee while still representing Wachovia in connection with matters unrelated to the Debtors' Chapter 11 Cases (the "Wachovia/Akerman Conflict Waiver"). Under the terms of the Wachovia/Akerman

N/A
N/A
N/A

Conflict Waiver, Akerman would be permitted to analyze and investigate the amount, validity, priority, or extent of the Wachovia Lien Claims and to provide a report of its analysis. However, Akerman would not be permitted to advise or otherwise participate on behalf of the Committee in any challenge by adversary proceeding to the amount, validity, priority, or extent of the Wachovia Lien Claims.

By letter agreement between Wachovia and Milbank dated March 21, 2005 Wachovia agreed to a limited waiver of conflicts of interest arising by reason of Milbank's representation of the Committee while still representing Wachovia on matters unrelated to the Debtors' Chapter 11 Cases (the "Wachovia/Milbank Conflict Waiver.") Under the terms of the Wachovia/Milbank Conflict Waiver, Milbank has the same limitations and rights with respect to the Wachovia Lien Claims as Akerman.

As of the Petition Date, Akerman was owed $67,665.08 for billed and unbilled time and costs in connection with its services to the Debtors as of and prior to the Petition Date. At the May 19, 2005 hearing on the Application Akerman agreed to divest itself of its pre-petition claim against the Debtors' estates, either by selling and assigning or affirmatively waiving the claim.

The Second Supplemental Affidavit delineates the anticipated spheres of responsibility to be undertaken by Milbank and Akerman in order to avoid duplication of efforts in representation of the Committee.

### Conclusions of Law

The Trustee objects to the Committee's retention of Akerman on the following four grounds: (1) by reason of its pre-petition claim against the Debtors' estates, Akerman is not a "disinterested person"; 2) Akerman's proposed dual representation of the Committee within these cases and Wachovia on unrelated matters is not permitted under 11 U.S.C. § 1103(b); (3)

Akerman's proposed dual representation of the Committee within these cases and the Debtors on unrelated matters is not permitted under 11 U.S.C. §1103(b); and (4) there has been no delineation of the respective duties of Akerman and Milbank to assure that unnecessary duplication of services to be rendered by those firms will be avoided.

A committee of unsecured creditors appointed under 11 U.S.C. § 1102 may select and employ, with court approval, one or more professionals to represent and perform services for such committee pursuant to 11 U.S.C. § 1103(a). The retention of professionals, including attorneys, by a committee is often necessary in order for the committee to carry out its duties and perform services which are in the interest of its constituency. Section 1103(c) authorizes a committee to "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan . . . and perform such other services as are in the interest of those represented." Although the duties set forth in section 1103(c) are not mandatory, members of a committee must exercise their powers as necessary to protect the interests of their constituents in order to fulfill their fiduciary responsibility to those constituents. *7 Collier on Bankruptcy* ¶ 1103.05[1] (15th ed. rev. 2004).

Section 1103(b) provides that an attorney representing a committee "may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." Additionally, although §1103(b) does not require that an attorney representing a committee be a "disinterested person," any professional approved for retention under §1103 may not qualify for compensation under 11 U.S.C. §328(c) if at any time during such professional person's employment it is not disinterested. Finally, by reason of Akerman's prior and continuing representation of Wachovia and the Debtors, Akerman must comply with all

requirements of the applicable Florida Rules of Professional Conduct. Rule 4-1.7, Rules Regulating the Florida Bar, provides the applicable limitations upon Akerman's representation of clients with adverse interests. Rule 4-1.9, Rules Regulating the Florida Bar, provides the applicable limitations on Akerman's representation of a client where it has formerly represented another client with adverse interests and by which it may have obtained information relating to the representation which could be used to the disadvantage of the former client.

### Is Akerman a disinterested person?

Section 101(14)(A) defines "disinterested person" as one who is not a creditor. As a result of its pre-petition claim against the Debtor's estates, Akerman is not a "disinterested person" as defined by 11 U.S.C. §101(14)(A). However, Akerman agreed to divest itself of its pre-petition claim against the Debtors' estates, either by selling and assigning or affirmatively waiving the claim. The Court concludes that Akerman's divestiture of any interest in its pre-petition claim by either assignment or waiver would extinguish its status as a creditor of Winn-Dixie, and therefore would be adequate to establish Akerman as a "disinterested person" under the Bankruptcy Code.

### Is Akerman's dual representation of the Committee within these cases and Wachovia and the Debtors on matters unrelated to the cases permissible under the Florida Rules of Professional Conduct?

Based upon the Wachovia/Akerman Conflict Waiver and the Winn-Dixie/Akerman Conflict Waiver and subject to compliance by Akerman with the conditions and undertakings established therein, the Court concludes that the Florida Rules of Professional Conduct permit Akerman to continue to represent the Committee within the Debtors' Cases while still representing: 1) Wachovia in matters unrelated to the Debtors' cases and 2) the Debtors as an

ordinary course professional in connection with Akerman's Tallahassee Administrative Work in matters unrelated to the Debtors' Cases.

### Is Akerman's dual representation of the Committee within these cases and Wachovia on matters unrelated to the cases permissible under 11 U.S.C. §1103(b)?

The legislative history of 11 U.S.C. §1103(b) indicates that the prohibition upon a professional representing any other entity having an adverse interest in connection with the case is limited to the representation of such adverse interests within the case. "[T]he bill requires that an attorney for a creditors' committee cease representation of creditors in connection with the case. It does not require the attorney to cease representation of the creditors in matters unrelated to the case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 104-(5), 1978 U.S.Code Cong. & Admin. News 5787 (1977). In Daido Steel Co., Ltd. v. Official Committee of Unsecured Creditors, 178 B.R. 129 (N.D. Ohio 1995) the court held that 11 U.S.C. §1103(b) did not prohibit a professional's representation of a creditors' committee while it simultaneously represented a potential purchaser of the debtor's assets in matters unrelated to the bankruptcy case. The Daido court concluded that 11 U.S.C. §1103(b) "prohibits representation of a committee and another party with adverse interests in a bankruptcy case only where the representation of the second party is on a matter related to the bankruptcy proceeding." Id. at 132.

The Trustee asserts that the Wachovia/Akerman Conflict Waiver unduly limits Akerman's ability to represent the Committee in connection with the Wachovia Lien Claims, inasmuch as neither Akerman nor Milbank may commence or participate in an adversary proceeding challenging the Wachovia Lien Claims. The Court concludes that 11 U.S.C. §1103(b) does not prohibit Akerman's representation of the Committee while simultaneously representing Wachovia on matters unrelated to the Debtors' Cases. Under the terms of the Wachovia/Akerman Conflict Waiver, Akerman is fully empowered to analyze, investigate and

8

report with respect to the Wachovia Lien Claims, which will permit Akerman to analyze fully any potential basis for challenge to the Wachovia Lien Claims. In the event that such report indicates a basis upon which the Wachovia Lien Claims could be challenged as contemplated by the DIP Financing Order, the Court is satisfied that at such time special counsel could be retained by the Committee with the Court's approval for the purpose of pursuing such challenge through an adversary proceeding with minimal duplication of services or expense. Accordingly, the theoretical existence of any potential basis for challenge of the Wachovia Lien Claims does not impair Akerman's representation of the Committee and consequently does not provide sufficient grounds to deny the Application.

### Is Akerman's dual representation of the Committee within these cases and the Debtors as an ordinary course professional permissible under 11 U.S.C. §1103(b)?

The proposed continuation of Akerman's representation of the Debtors as an ordinary course professional in connection with Akerman's Tallahassee Administrative Work, even though such work is not directly related to the Debtors' cases, causes the Court more concern. Although such work is unrelated to the bankruptcy process itself, it advances the interests of the Debtors in support of their reorganization efforts, for which work Akerman would seek compensation as a professional of the Debtors within the cases. The Court finds that Akerman's dual representation of the Committee within these cases and the Debtors as an ordinary course professional is not permissible pursuant to § 1103(b). The Debtors have indicated their willingness to consent to Akerman's withdrawal from all representation of the Debtors as an ordinary course professional, including Akerman's Tallahassee Administrative if the Court requires such withdrawal as a condition for approval of the Application. The Court concludes that withdrawal by Akerman from all work for the Debtors is appropriate.

### Duplication of services and lack of clear delineation of responsibilities and duties of Akerman and Milibank

As demonstrated by the Second Supplemental Affidavit which delineates the anticipated spheres of responsibility to be undertaken by Milbank and Akerman, the Court is satisfied that the Committee, Milbank and Akerman will implement appropriate procedures to minimize the duplication of services to be rendered to the Committee by such firms. In any event, the extent of such duplication and the effect that it may have upon those firms' entitlement to compensation is most appropriately addressed upon consideration of any applications for compensation by those firms under 11 U.S.C. §330.

### Conclusion

Akerman's divestiture of any interest in its pre-petition claim by assignment or waiver would extinguish its status as a creditor of the Debtors and render it disinterested. In light of certain conflict waivers, Akerman's dual representation of the Committee within these cases and Wachovia and the Debtors on matters unrelated to the cases is permissible under the Florida Rules of Professional Conduct. Akerman's dual representation of the Committee within the Debtors' cases and Wachovia in matters unrelated to the cases is permissible under 11 U.S.C. § 1103(b). Akerman's representation of the Committee within these cases and the Debtors as an ordinary course professional would be not permissible under § 1103(b). As a condition to approval of the Application, the Court will require Akerman to withdraw from all representation of the Debtors. Milbank and Akerman have sufficiently delineated the anticipated spheres of responsibility to be undertaken by each. Upon the foregoing, the Court finds it appropriate to

grant the Application. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

Dated this 13 day of June, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

**Copies to:**

Kenneth Meeker, Esq.
Cynthia C. Jackson, Esq.
D. J. Baker, Esq.
Dennis F. Dunne, Esq.
John B. Macdonald, Esq.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3            User: cartes            Page 1 of 1              Date Rcvd: Jun 14, 2005
Case: 05-03817                  Form ID: pdfdoc         Total Served: 5

The following entities were served by first class mail on Jun 16, 2005.
aty        +Adam Ravin,   Skadden Arps Slate Meagher & Flom, LLP,   Four Times Square,   New York, NY 10036-6522
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
aty        +Dennis F. Dunne,    Milbank, Tweed, Hadley & McCloy LLP,   1 Chase Manhattan Plaza,
             New York, NY 10005-1401
aty        +John B. Macdonald,    Akerman Senterfitt,   50 North Laura Street,   Suite 2500,
             Jacksonville, FL 32202-3646

The following entities were served by electronic transmission on Jun 14, 2005 and receipt of the transmission
was confirmed on:
ust        +E-mail: ustp.region21.or.ecf@usdoj.gov Jun 15 2005 02:16:26     United States Trustee - JAX,
             135 W. Central Blvd., Suite 620,   Orlando, FL 32801-2476
                                                                                               TOTAL: 1

            ***** BYPASSED RECIPIENTS *****
 NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 16, 2005**               **Signature:** *Joseph Speetjens*