UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING DEBTORS TO RETAIN DELOITTE CONSULTING LLP TO PROVIDE IN-STORE OPERATIONAL CONSULTING SERVICES TO THE DEBTORS**

These cases came before the Court for hearing on June 16, 2005, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain Deloitte Consulting LLP ("Deloitte Consulting") to provide in-store operational consulting services to the Debtors during these cases (the "Application").[1] The Court has reviewed the Application and the supporting affidavit of Anthony D. Forcum (the "Forcum Affidavit") and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application as provided in this Order and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted as provided in this Order.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2. The Debtors are authorized to retain Deloitte Consulting, <u>nunc pro tunc</u> to May 16, 2005, pursuant to section 327(a) of the Bankruptcy Code, to provide in-store operational consulting services on the terms set forth in the Application, the Forcum Affidavit, and the letter agreement between the Debtors and Deloitte Consulting dated May 10, 2005 and attached to the Application as Exhibit A (the "Engagement Letter").

3. If any supplemental affidavits are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental affidavits, Deloitte Consulting's employment shall continue as authorized pursuant to this Order.

4. Deloitte Consulting shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

5. Notwithstanding anything to the contrary in the Engagement Letter, payments to Deloitte Consulting with respect to the engagement contemplated by this Order shall not exceed $3,375,000 for fees on a time and materials basis (the "Fee Cap"); <u>provided, however,</u> that the foregoing shall in no way prejudice the respective rights of the Debtors and Deloitte Consulting to apply, upon notice to the parties in interest, to the Court for an increase of the Fee Cap; and <u>provided, further,</u> that the Fee Cap shall not apply to the expenses of Deloitte Consulting under the Engagement Letter.

6. Notwithstanding anything to the contrary in the Engagement Letter, Deloitte Consulting shall not be entitled to payment of a late charge or interest with respect to payments made by the Debtors within the time frames contemplated by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, or orders of this Court, as applicable.

7. With respect to indemnification claims based on acts occurring after the Petition Date but prior to the effective date of a confirmed plan of reorganization in the Debtors' chapter 11 cases, all requests for indemnity under the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Deloitte Consulting be indemnified in the case of its own gross negligence, bad faith, willful misconduct, or self-dealing.

8. The Debtors' retention of Deloitte Consulting pursuant to this Order shall not be deemed to constitute an assumption of any prepetition agreement between the Debtors and Deloitte Consulting or any of its affiliates and shall in no way impact upon the rights of the Debtors, Deloitte Consulting, or Deloitte Consulting's affiliates with respect to the assumption or rejection of any such agreement pursuant to section 365 of the Bankruptcy Code.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated June 16 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3           User: cartes              Page 1 of 1            Date Rcvd: Jun 17, 2005
Case: 05-03817                 Form ID: pdfdoc           Total Served: 1

The following entities were served by first class mail on Jun 19, 2005.
aty         +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                   TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 19, 2005**                     **Signature:** _Joseph Speetjens_