**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Chapter 11 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, ) | Case No. 05-03817-3F1 |
| Debtors. ) | Jointly Administered |

**FIRST SUPPLEMENTAL DECLARATION OF DENNIS F. DUNNE IN CONNECTION WITH RETENTION AND EMPLOYMENT OF MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP BY OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

DENNIS F. DUNNE, under penalty of perjury, declares and says:

1. I am a member of the firm of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("<u>Milbank</u>") in its Financial Restructuring Group. I am duly authorized to make this Supplemental Declaration (the "<u>First Supplemental Declaration</u>") on behalf of Milbank.

2. I submit this First Supplemental Declaration pursuant to 11 U.S.C. § 1103(b) and Federal Rules of Bankruptcy Procedure 2014 and 5002 in connection with Milbank's retention and employment in these cases by the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "<u>Winn-Dixie</u>" or the "<u>Debtors</u>").

{JA240521;1}

3. This First Supplemental Declaration supplements the Affidavit of Dennis F. Dunne executed on March 23, 2005 in support of the Committee's application to retain and employ Milbank in these cases (the "Original Declaration").

4. In the Original Declaration, Milbank has undertaken to promptly disclose to the Court any information pertinent to its retention and employment in these cases.

5. The Debtors and their financial advisors have embarked on a marketing program with respect to certain of the Debtors' assets (the "Sale Process"). The Debtors have supplied the Committee with a list of parties who have submitted expressions of interest or actual bids in the course of the Sale Process (the "Bidding Entities").

6. I have ordered a conflicts search of the Bidding Entities, which search has revealed that one of the Bidding Entities is a current (albeit inactive) client of Milbank's (the "Bidding Client").[1]

7. Milbank will not represent any party, other than the Committee, in connection with the Bidding Process. Unless and until Milbank receives a waiver from the Bidding Client in connection with its representation of the Committee in

---

[1] In accordance with the confidentiality provisions that govern the Sale Process, Milbank is not at liberty to disclose the Bidding Client's identity at this point. Milbank will file supplemental ...(continued)

{JA240521;1}

connection with the Sale Process, the Committee's co-counsel, Akerman Senterfitt, will represent the Committee in connection with any review and/or negotiation of the Bidding Client's bid.

8. If any other of Milbank's current and/or former clients submit bids for any of the assets subject to the Sale Process, Milbank will (a) make further disclosures to this Court as may be necessary, and (b) either attempt to obtain waiver(s) from any such current client(s) or have Akerman Senterfitt represent the Committee in connection with any such bids.

9. Unless otherwise stated in this First Supplemental Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto.

10. Milbank is carrying on further inquiries of its partners, counsel, and associates with respect to the matters contained herein. Milbank will file supplemental declarations regarding its retention if any additional relevant information comes to its attention.

---

...(continued)
disclosures, as necessary, to the extent it is appropriate to disclose the identity of the Bidding Client in the future.

{JA240521;1}

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 17, 2005

                                            */s/ Dennis F. Dunne*
                                              DENNIS F. DUNNE

{JA240521;1}