UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

```
-------------------------------------------------- x
                                                   :    Chapter 11
In re                                              :
                                                   :    Case No.: 3:05-bk-03817-JAF
WINN-DIXIE STORES, INC., et al., 1                 :
                                                   :
          Debtors.                                 :
-------------------------------------------------- x
```

**MOTION OF PROJECT ASSISTANTS, INC. FOR AN ORDER
(I) COMPELLING THE IMMEDIATE PAYMENT OF A CHAPTER 11
ADMINISTRATIVE EXPENSE; OR (II) IN THE ALTERNATIVE,
COMPELLING THE IMMEDIATE DISCONTINUATION AND PURGING OF
SOFTWARE LICENSED OR INSTALLED BY PROJECT ASSISTANTS**

Project Assistants, Inc. (the "Project Assistants"), by and through its attorneys,

hereby moves (the "Motion") this Court for an order, pursuant to sections 503(a) and

503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), allowing and

requiring payment of amounts that are due from Winn-Dixie Stores, Inc. ("Winn-Dixie"), one of

the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for post-

petition services provided by Project Assistants as an administrative expense. Alternatively,

Project Assistants seeks the entry of an order compelling Winn-Dixie to (a) immediately

discontinue use of, and purge from its information systems, all software installed or licensed by

Project Assistants and (b) provide Project Assistants with an officer's certificate providing that

---

[1] In addition to Win-Dixie Stores, Inc., the following entities are debtors in these related
cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep
South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers,
Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc.,
Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., WD Brand
Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-
Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and
Winn-Dixie Supermarkets, Inc.

all such software has been discontinued and purged.   As grounds for its request, Project

Assistants respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.   This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2).

2.      The statutory predicate for the relief requested herein is section 503 of the

Bankruptcy Code.

## BACKGROUND

*I.*     *Debtors' Chapter 11 Filing*

3.      The Debtors are grocery and drug retailers operating in the southeastern

United States.

4.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under Chapter 11 of title 11 of the Bankruptcy Code.   The

Debtors' cases are being jointly administered.

5.      The Debtors are operating their businesses and managing their properties

as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No request has been made for the appointment of a trustee or examiner.

On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an

official committee of unsecured creditors to serve in these cases pursuant to section 1103 of the

Bankruptcy Code.

## II.    *Services Provided by Project Assistants*

7.    On or about December 22, 2004, Winn-Dixie and Project Assistants entered into a Statement of Work For Knowledge Management Solution (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.[2] Pursuant to the Agreement, Project Assistants agreed to design, install and service an information technology project management system for Winn-Dixie.

8.    As of the Petition Date, the project management system had not been completed and delivered to Winn-Dixie. Based on Winn-Dixie's requests to complete the project management system and its assurances of payment, Project Assistants completed the project management system's customization, installation and delivery on February 28, 2005.

9.    Project Assistants incurred costs for labor and materials in connection with the design, installation and servicing of the project management system delivered post-petition. Additionally, Winn-Dixie continues to unlawfully use Project Assistant's software, but has not fully paid the licensing fees of $68,000.00. In total, $41,677.37 remains due and owing for license fees. A copy of the invoice for the license fees is attached hereto as Exhibit B and incorporated herein by reference.

### RELIEF REQUESTED

10.    By this Motion, Project Assistants requests (i) entry of an order, pursuant to section 503 of the Bankruptcy Code, (a) allowing an administrative expense claim and (b) compelling the immediate payment thereof, or (ii) in the alternative, entry of an order compelling Winn-Dixie to (a) immediately discontinue use of, and purge from its information systems, all

---

[2]    Due to its voluminous nature, Exhibit A has been filed and secured upon counsel for the Debtors, the U.S. Trustee, and counsel for the Committee. Copies are available upon reasonable request to undersigned counsel for Project Assistants.

software installed or licensed by Project Assistants and (b) provide Project Assistants with an officer's certificate providing that all such software has been discontinued and purged.

## BASIS FOR RELIEF REQUESTED

### I.    *Request for Administrative Claim*

11.    Project Assistants is entitled to the highest level of priority for its "actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1).  Section 503(b)(1)(A) of the Bankruptcy Code provides for the allowance of administrative expenses, including the actual, necessary costs and expenses of preserving the estate.  Under the prevailing test, a creditor should be afforded administrative priority for a debt owed to it "if the debt both (1) 'arise[s] from a transaction with the debtor-in-possession' and (2) is 'beneficial to the debtor in possession in the operation of the business." In re Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984) (quoting In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976)); see also In re Continental Airlines, Inc., 146 B.R. 520, 526 (Bankr. D. Del. 1992) (stating that a claim qualifies as an administrative expense under § 503(b) where it confers a benefit that "run[s] to the debtor in possession and it is typically fundamental to the conduction of its business").  Project Assistants easily meets both these criteria.

12.    In these cases, the materials and services underlying Project Assistants' claims arose after the Petition Date based upon Winn-Dixie's inducements to complete and deliver the project management system.  See Jartan, 732 F.2d at 587-88 (stating that to be entitled to an administrative payment for services, the debtor must have induced the claimant's performance).  Moreover, Project Assistants' services were actual and necessary, and substantially benefited the estate.  By continuing to provide services to the Debtors after commencement of these cases, Project Assistants has provided substantial value to the estates.

- 4 -

The project management system allows the Debtors to enhance the profitability of their operations and, thus, to preserve the value of their estates while they formulate a plan of reorganization. As such, Project Assistants easily meets its burden of demonstrating that it has conferred a benefit that "was actually used by the debtor post-petition in the ordinary course of debtor's business." In re Continental, 146 B.R. at 527.

13.    Indeed, as Project Assistants' claims are trade debts incurred in the ordinary course of business under 11 U.S.C. § 364(a), its claims should presumptively be afforded administrative priority status under §§ 503(b)(1)(A) and 507(a)(1). See, e.g., In re Blumer, 95 B.R. 143 (B.A.P. 9th Cir. 1988); In re Statmore, 177 B.R. 312 (Bankr. D. Neb. 1995); 4 Lawrence P. King, Collier on Bankruptcy ¶ 503.03[6][a] (15th ed. 1997).

14.    Finally, this Court clearly possesses the discretion to order the Debtors to make payments on Project Assistants' post-petition claims. In re Continental, 146 B.R. at 531. It is an accepted principal that "'ordinary course of business' administrative expenses (such as current postpetition wages and trade debt) generally are paid when due." 4 Collier on Bankruptcy ¶ 503.03[6][a]. Many courts have deemed it the norm to order interim payment of administrative expenses. See, e.g., In re Isis Foods, Inc., 27 B.R. 156, 157-58 (W.D. Miss. 1982) ("To hold otherwise would be to permit the entity to victimize those who attempt to fulfill the purpose of rehabilitation by doing business with a Chapter 11 debtor."); In re Standard Furniture Co., 3 B.R. 527, 532 (Bankr. S.D. Cal. 1980).    Accordingly, Project Assistants is entitled to immediate payment of its claims.

15.    As a result, Project Assistants now seeks immediate payment of $41,677.37, which is the outstanding amount due for the development, installation and servicing of the project management system, as an administrative expense entitled to priority pursuant to

section 507(a)(1) of the Bankruptcy Code as an actual, necessary cost and expense of the estate within the meaning of section 503(b)(1)(A) of the Bankruptcy Code.

**II.    *Request For Order Compelling Winn-Dixie To Discontinue And Purge Software***

16.    In the alternative, to the extent the Court declines to order the immediate payment of Project Assistants' administrative claim, Project Assistants requests an order compelling Winn-Dixie to (i) immediately purge from its information systems all software licensed or installed by Project Assistants that is being unlawfully used and (ii) provide Project Assistants with an officers' certificate stating that such software has been purged.

17.    Upon information and belief, Winn-Dixie continues to unlawfully use Project Assistants' proprietary software without having paid the required license fees. Each use of Project Assistants' proprietary software without paying the required license fees represents a separate act of infringement. See, e.g., Curtis Mfg. Co. v. Plasti-Clip Corp., 933 F. Supp. 107 (D.N.H. 1995), rev'd on other grounds, 135 F.3d 778 (Fed. Cir. 1998); Baldwin Tech. Corp. v. Dahlgren Int'l, Inc. (In re Dahlgren Int'l, Inc.), 147 B.R. 393, 404, fn. 16 (N.D. Tex. 1992). Moreover, Winn-Dixie's ongoing infringement arises post-petition. See 28 U.S.C. § 959(a); Voice Sys. & Serv., Inc. v. VMX, Inc., 26 U.S.P.Q.2d 1106, 1113 (N.D. Okla. 1992).[3] Accordingly, Winn-Dixie should be required to discontinue its use of, and compelled to purge its information systems of, Project Assistants' software.

WHEREFORE, Project Assistants respectfully request that this Court (i) enter an order directing the immediate payment of the administrative claim in the amount of $41,677.37, or, (ii) in the alternative, enter an order directing Winn-Dixie to purge from its information

---

[3]    Project Assistants reserves the right to seek additional administrative claims against the Debtors' estates for the Debtors' ongoing infringement or seek relief from the automatic stay to pursue its remedies in the appropriate forum.

systems all software provided by Project Assistants and to provide Project Assistants with an

officer's certificate stating that all such software has been purged, and (iii) grant such other relief

that the Court deems just and proper.


Dated: June __, 2005
      Wilmington, Delaware

               MORRIS, NICHOLS, ARSHT & TUNNELL

               Robert J. Dehney (No. 3578)
               Michael G. Busenkell (No. 3933)
               1201 North Market Street
               P.O. Box 1347
               Wilmington, DE 19899-1347
               (302) 658-9200

               Attorneys for Project Assistants, Inc.


461448