UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

    WINN-DIXIE STORES, Inc.,          CASE NO.: 05-03817-3F1

            Debtor.

_____.

**MOTION BY JAMES STOKES, DAVID REDDICK, AND
DELEGAL LAW OFFICES, P.A. FOR RELIEF FROM STAY**

    JAMES STOKES, an individual, DAVID REDDICK, an individual, and DELEGAL LAW OFFICES, P.A., a Florida corporation, creditors herein ("Movants"), by and through the undersigned attorneys, move for entry of an order by this Honorable Court pursuant to 11 U.S.C. §§ 362(d)(1) granting them relief from the automatic stay for cause, and as grounds therefore would show as follows:

    1.    On February 21, 2005, the Debtor-In-Possession ("Debtor") filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code, in the Southern District of New York. The Case was transferred to the Middle District of Florida, Jacksonville Division, on April 14, 2005.

    2.    On or about August 16, 2002, the Movants filed a lawsuit against the Debtor in the Fourth Judicial Circuit of the State of Florida in case number 2002-05900-CA, alleging age discrimination and retaliation violation of the Florida Civil Rights Act, § 760.01, et seq., Florida Statutes (2002) ("State Trial Court Case"). A copy of the amended complaint in the State Trial Court Case is attached hereto and marked as Exhibit "A" and by reference made a part hereof.

3. In the State Trial Court Case, Movants Reddick and Stokes alleged that Debtor discriminated against them based on their age and retaliated against them for complaining of age discrimination, in violation of the Florida Civil Rights Act.

4. The State Trial Court Case was tried to a jury on April 12, 2004 through April 23, 2004, and the jury entered a verdict awarding Movants Reddick and Stokes a combined $700,000.00 in lost back and future wages. The jury also returned a verdict for $100,000.00 in punitive damages against the Debtor.

6. Subsequent to the jury's verdict, the state trial court granted the Debtor's motion to vacate and set aside the punitive damages award.

7. Movants filed a motion for attorney's fees and costs on May 19, 2004. The state trial court issued an order on August 25, 2004 granting attorney's fees to Movant, Delegal Law Offices, P.A., in the amount of $383,027.58 and costs in the amount of $57,142.09. A copy of that Order is attached hereto as Exhibit "B" and by reference made a part hereof.

8. The state trial court entered judgment for damages and attorney's fees, and copies of such judgments are attached hereto as Exhibits "C," "D," and "E," and by reference made a part hereof.

9. On or about August 10, 2004, the Debtor filed a notice of appeal challenging the state trial court's judgment awarding Movants damages. Thereafter, on or about September 22, 2004, the Debtor filed a second notice of appeal challenging the state trial court's award of attorney's fees.

10. The Debtor filed an initial brief in the First District Court of Appeals of Florida on November 18, 2004, Case Number 1D-04-3980 ("First Appeal"). On January 10, 2005, the

Movants filed an answer brief in the First Appeal, and an initial brief on cross-appeal challenging the state trial court's order vacating punitive damages.

11.     In the First Appeal, the Debtor was scheduled to file its reply brief and answer brief to the issues on cross-appeal on March 4, 2005, eleven (11) days after the filing of the instant bankruptcy petition.

12.     The Debtor filed an initial brief in the First District Court of Appeals of Florida on or about January 14, 2005, Case Number 1D-04-4340 ("the Second Appeal").  On or about February 10, 2005, Movants filed an answer brief in the Second Appeal, along with their initial brief on cross-appeal challenging the denial of a portion of the requested attorney's fees.

13.     In the Second Appeal, the Debtor was scheduled to file its reply brief and answer brief to the issues on cross-appeal on March 6, 2005, thirteen (13) days after the filing of the instant bankruptcy petition.

14.     On or about November 12, 2004, the Debtor filed with the state trial court a bond in the amount of $1,299,793.42 pursuant to Fla.R.App.P. 9.310(b)(1) for the purpose of staying any collection actions during the pendency of the first and second appeals.  The bond was secured by Liberty Mutual Insurance Company.  A copy of the bond document filed with the state trial court is attached as Exhibit "F".

15.     The bond amount reflects the judgment awarding lost past and future wages, attorney's fees, and costs and also includes two years of interest on the aggregate sum on those amount at Florida's statutory interest rate.

16.     The amount owed to Movants under the state trial court's judgments is therefore secured by a surety bond up to the amount of $1,299,793.42.  Additional sums may be owed to

Movants based on the issues which they have cross-appealed.  Further, Movants may be entitled to an award of additional attorney's fees should they prevail in the appeals.  The amounts owed to Movants in excess of the amount secured by the bond cannot be ascertained until the stay is lifted.

WHEREFORE, Movants respectfully request this Honorable Court to enter an Order either granting them relief from the automatic stay for the limited purpose of completing the appeals in the Florida First District Court of Appeals, case numbers 1D-04-3980 and 1D-04-4340 or ordering the release of the moneys held in surety bond if Debtor elects not to continue its appeals.

Dated this 21st day of June, 2005.

    /s/ Charles W. McBurney, Jr.
Charles W. McBurney, Jr.
Florida Bar No. 354503
Law Office of Charles W. McBurney, Jr.
6550 St. Augustine Rd., Ste. 105
Jacksonville FL  32217
Telephone: (904) 731.0002
Facsimile: (904) 731.3885
Email: cmcburney@bellsouth.net

/s/ T. A. "Tad" Delegal, III
T.A. "Tad" Delegal, III
Florida Bar No. 0892701
Delegal Law Offices, P.A.
424 East Monroe Street
Jacksonville, FL 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
Email: tad@delegal.net

Attorneys for Movant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by United States mail, postage prepaid, to:

> Edward H. Trent, Esq.
> Richard N. Margulies, Esq.
> Akerman Senterfitt
> 50 North Laura Street
> Jacksonville, FL 32202
> **Debtor's Attorney in Pending First DCA cases**
>
> Winn-Dixie Stores, Inc.
> 5050 Edgewood Ct.
> Jacksonville, FL 32254-3699
> **Debtor**
>
> Adam Ravin
> Skadden, Arps Slate Meagher & Flom, LLP
> Four Times Square
> New York, NY 10036
> Email: aravin@skadden.com
>
> Cynthia C. Jackson
> Smith, Hulsey & Busey
> 225 Water Street, Suite 1800
> Jacksonville, FL 32201
> Email: cjackson@smithhulsey.com
> **Counsel for Debtor**
>
> Dennis F. Dunne
> Milbank, Tweed, Hadley & McCloy, LLP
> 1 Chase Manhattan Plaza
> New York, NY 10005
> Email: ddunne@milbank.com
>
> John B. MacDonald
> Akerman Senterfitt
> 50 N. Laura Street
> Jacksonville, FL 32202
> Email: john.macdonald@akerman.com
> **Counsel for Unsecured Creditor's Committee**

>Elena L. Escamilla
>135 W. Central Blvd., Suite 620
>Orlando, FL 32806
>Email: elena.l.escamilla@usdoj.gov
>**Counsel for US Trustee's Office**

this 21st day of June, 2005.

>/s/ Charles W. McBurney, Jr.
>Charles W. McBurney, Jr.