IN THE CIRCUIT COURT OF THE
FOURTH JUDICIAL CIRCUIT, IN AND
FOR DUVAL COUNTY, FLORIDA

DAVID A. REDDICK,
JAMES A STOKES

        Plaintiffs,           Case No: 2002-05900-CA

                               Division: CV-B

vs.

WINN DIXIE STORES, INC.,

        Defendant.
_____/

## AMENDED COMPLAINT FOR RELIEF AND DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

1. This is an action filed under the the Florida Civil Rights Act, § 760.01, et. seq., Fla. Stat. and the Florida Whistleblower's Act, Fla. Stat. §448.101, et. seq., to correct unlawful employment practices and to make whole James A. Stokes and David A. Reddick.

### JURISDICTION AND VENUE

2. This is an action for damages in excess of $15,000.00.

3. At all times material, defendant was a corporation located and conducting operations in Duval County, Florida.

4. At all times material to this complaint, Plaintiff Stokes maintained a residence

in Duval County, Florida.

5. The actions alleged in this complaint took place within Duval County, Florida.

6. Venue is therefore proper in this Court.

## PARTIES

7. Plaintiff Reddick was born on April 6, 1946.

8. Plaintiff Stokes was born on October 23, 1951.

9. Plaintiffs are persons protected from age discrimination by the Florida Civil Rights Act's age discrimination prohibition.

10. Defendant is an employer as that term is defined by §760.20, Florida Statutes, and §448.101(3), Florida Statutes.

## STATEMENT OF FACTS

11. Reddick was hired by Winn Dixie beginning in approximately April 1969.

12. Stokes was hired by Winn Dixie in approximately June 1972.

13. Reddick and Stokes were hired by Winn Dixie to work as a entry level employee in Duval County, Florida.

14. During their employment with Winn Dixie, Reddick and Stokes each received good performance reviews and received promotions and bonuses.

15. During approximately the first half of 2001, Reddick and Stokes were warned by other Winn Dixie associates that they was being targeted and that management was planning on "getting rid of the old guys."

16. On July 3, 2001, Reddick and Stokes were each informed by a management official of Winn Dixie that Reddick was being demoted from Superintendent of the General Merchandise Distribution Center in Jacksonville to the position of Foreman in the Grocery department in Baldwin, and that Stokes was being demoted from Foreman of the General Merchandise Distribution Center in Jacksonville to a position of Supervisor in the Perishable department in Baldwin Florida.

17. Reddick was told to report to the Superintendent of Grocery on July 9, 2001 if he accepted the demotion.

18. Stokes was told to report to the Perishible Department on July 9, 2001 if he accepted the demotion.

19. Reddick's and Stokes's former positions as at the General Merchandise Distribution Center in Jacksonville were filled by younger employees.

20. Reddick and Stokes each questioned why there were being demoted, and neither received any substantive reason for the demotions.

21. On July 5, 2001, Reddick contacted Richard Judd, Vice-President/Warehousing & Transportation on behalf of three female employees who had complained of sexual harassment.

22. Stokes was also able to substantiate the allegations of sexual harassment made by the three female employees on whose behalf Reddick complained.

23. On July 5, 2001 while speaking with management representative Richard Judd regarding the sexual harassment, Reddick also requested a reason for his demotion and Stokes' demotion and stated that they were being "put out to pasture". Judd did not deny the allegation.

24. On July 5, 2001, Reddick spoke with management representative Ray Gordon regarding the demotions. Reddick told Gordon several times that he and Stokes were being demoted because of their ages. Gordon did not deny the allegations and was unable to produce any other reason for the demotion of Reddick and Stokes.

25. Judd and Gordon's silence and failure to deny the allegation of age discrimination were tantamount to admissions that the reason for the demotions was age discrimination.

26. Reddick told Gordon that Stokes should not be sent to perishables because Stokes had an arthritic condition and the cold work conditions would cause him pain and discomfort.

27. Stokes was interviewed by Defendant's human resources department on July 6, 2001 regarding the sexual discrimination allegations. On July 11 and July 13, 2001, Reddick and Stokes were interviewed by Defendant's human resources department regarding the sexual discrimination allegations. The tone of the interview was accusatory towards Reddick and Stokes.

28. Reddick and Stokes learned that managers from Human Resources conducted interviews of employees on or about July 13, 2001, in an effort to obtain negative information about the performance of Reddick and Stokes.

29. On or about July 20, 2001, Reddick and Stokes were each instructed to sign a letter of resignation and waive their rights to sue for age discrimination. They were informed that refusal to sign would result in Winn Dixie withholding accrued vacation pay, and that refusal to sign the letter would result in Winn Dixie contesting any claim for unemployment. They were also informed that refusal to sign the resignation would result in Winn Dixie providing a negative reference to prospective employers.

30. Reddick and Stokes each refused to sign the letter and were terminated effective July 20, 2001.

31. Reddick and Stokes's objection to Winn Dixie's age discriminatory practices and their report of and participation in the allegation of sexual harassment to a supervisor were protected acts under §448.102(3), Florida Statutes.

32. Stokes and Reddick each filed a timely charge of discrimination with the Florida Commission on Human Relations. All allegations contained in this complaint were either included in the charges of discrimination, or such allegations would have been revealed in a reasonable investigation.

33. Stokes and Reddick have filed the instant action within one year of the expiration of the investigatory period provided the Florida Commission on Human Relations under § 760.11(5), Florida Statutes, and within the limitations period provided for under the Florida Civil Rights Act.

.

## COUNT ONE
## AGE DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

34. Plaintiffs Stokes and Reddick reincorporate paragraphs 1 through 33 as fully as if realleged herein.

35. Defendant discriminated against Stokes and Reddick by demoting them and discharging them on the basis of their age.

36. In discriminating against Stokes and Reddick on the basis of age, Defendant acted with malice or reckless disregard for their protected rights.

37. As a direct and proximate result of Defendant's violation of the Florida Civil Rights Act, Stokes and Reddick have each suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiffs respectfully request a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law;

    b. Compensation for punitive damages allowed by law;

    c. Payment for future lost wages and damages;

    d. An award of reasonable attorney's fees and costs;

    e. Interest; and

    f. Such other additional equitable and legal relief as may be just and proper.

## COUNT TWO

## COUNT THREE
### RETALIATION UNDER FLORIDA WHISTLEBLOWERS ACT, § 448.101-448.105, FLORIDA STATUTES

38. Stokes and Reddick reincorporate paragraphs 1 through 33 as fully as if realleged herein.

39. Defendant Winn Dixie is an employer as that term is defined by section 112.044(2)(a), Florida Statues.

40. Defendant retaliated against Stokes and Reddick by demoting them and discharging them, for their report of illegal, improper, unethical, or unlawful activities.

41. As a direct and proximate result of Defendant violation of the Florida Whistleblower's Act, Stokes and Reddick have each suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiffs respectfully request a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law;

    b. Compensation for punitive damages allowed by law;

    c. Payment for future lost wages and damages;

    d. An award of reasonable attorney's fees and costs;

    e. Interest; and

    f. Such other additional equitable and legal relief as may be just and proper.

## COUNT THREE
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT

42. Stokes and Reddick reincorporate paragraphs 1 through 33 as fully as if realleged herein.

43. Defendant retaliated against Stokes and Reddick by demoting them and discharging them for their allegations of, objections to, or reports of activity made unlawful by the Florida Civil Rights Act, to wit: their complaints of age discrimination by Winn Dixie against themselves, and their report of and testimony regarding sexual harassment visited upon other employees.

44. As a direct and proximate result of Defendant's violation of the Florida Civil Rights Act, Stokes and Reddick have each suffered lost wages and benefits, severe emotional distress, emotional pain, suffering, inconvenience, mental anguish and non-pecuniary losses.

WHEREFORE, Plaintiffs respectfully request a jury trial on all issues and relief as follows:

    a. Compensation for all compensatory damages allowed by law;

    b. Compensation for punitive damages allowed by law;

    c. Payment for future lost wages and damages;

    d. An award of reasonable attorney's fees and costs;

    e. Interest; and

    f. Such other additional equitable and legal relief as may be just and proper.

DATED this 15 day of October, 2002.

DELEGAL LAW OFFICES, P.A.

T.A. Delegal, III
FL Bar No. 892701
424 East Monroe Street
Jacksonville, FL 32202
Telephone (904) 633-5000
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by United States Mail, postage prepaid to:

> Ken Mall
> Winn Dixie Stores, Inc.
> 5050 Edgewood Court
> Jacksonville, FL 32254

this  15  day of October, 2002.

T.A. Delegal, III