IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO: 2002-5900 -CA

DIVISION: CV-B

DAVID A. REDDICK,
JAMES A. STOKES,

           Plaintiffs,

vs.

WINN-DIXIE STORES, INC.,

           Defendant.

## ORDER AWARDING PLAINTIFFS' ATTORNEYS' FEES AND COSTS

This cause came on to be heard on the Plaintiffs' motion for an award of attorneys fees and costs and the court having considered the motion, evidence submitted, argument of counsel and being advised in the premises, finds as follows:

1. Plaintiffs seek an award of attorneys fees and costs pursuant to their successful civil rights claim filed against Defendant pursuant to Florida's Civil Rights Act §760.01, et. seq., Florida Statutes (2000).

2. Plaintiffs filed their multi-count complaint on August 16, 2002, primarily based on age discrimination related to their demotion and subsequent termination.

3. The parties were unable to resolve their disputes, therefore, the case was tried before a jury commencing on April 12, 2004, for a period of two weeks. The jury returned verdicts on behalf of each Plaintiff awarding $350,000 for economic damages and $50,000 for punitive damages for a grand total of $800,000. The amounts awarded were below the amounts requested of the jury, but substantially above the amounts suggested to the jury by the Defendant. Basically, Winn-Dixie took

the position that this was a no liability case, therefore, the jury was told that they should not return any damages to either Plaintiff. Prior to the case being submitted to the jury, Plaintiffs voluntarily dismissed their claims under the Florida Whistle Blowers Act, in response to Defendants motion for directed verdict. In addition, the jury rejected Plaintiffs claims for retaliation and their claim for emotional distress. Based on Defendant's post trial motion for new trial, the court set aside the award of punitive damages awarded to each Defendant.

4. This case was vigorously prosecuted as well as defended by excellent attorneys for both parties. A tremendous amount of discovery in the way documents and depositions were required to be completed in the course of trial preparations. The hours expended and costs incurred were substantial for both litigants. However, there was one big difference, Plaintiffs' attorney, T. A. (Tad) Delegal, III, was retained pursuant to a contingency fee contract. He, therefore, took a big risk for if he was unsuccessful in his efforts in behalf of his clients, he would have personally suffered a tremendous amount in costs, in excess of $65,000, plus the loss of his time as well as that of his associates expended on Plaintiff's claims.

5. Plaintiffs' attorney, Tad Delegal operates a small firm that specializes in employment law and discrimination cases. He is the main principal in the office. His 10 plus years as a litigator has been primarily in this specialized field and he has developed a high reputation within the legal community of the Fourth Judicial Circuit.

6. Mr. Delegal is a "hands on" attorney. It is apparent from the billing records submitted for this hearing, that he was the attorney primarily involved with the prosecution of this case from the onset. He doesn't have a firm large enough to assign a case of this magnitude to other associates to prepare the case and bring him in for the trial. He was involved in the day to day discovery and all the minutiae involved in the detailed preparation required by this case. Winn-Dixie is a Fortune 500 corporation who would spare no defense in the defense of this claim. Which is certainly within their right, but it obviously places a lot of stress on a small firm to challenge such an array of forces. Not withstanding the defenses raised, Plaintiffs were able to prevail at trial, therefore under the statute they are entitled to an award of reasonable attorney fees, pursant to 5760.11(s) Florida Statutes.

7. To calculate attorneys' fees, the court must first determine an appropriate hourly rate and the reasonableness of the hours expended. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). The product of these figures will establish a "lodestar fee". Although, Mr.

Delegal is requesting an hourly rate of $225.00 for himself, he was billing his clients at the rate of $200.00 per hour. The $200.00 fee is more appropriate given the customary rate within the local community and Mr. Delegal's years of practice. Defendant does not oppose the $200.00 rate for Mr. Delegal as well as the hourly rates requested for his associates: Shawntoyia Grier, Esq.- $135.00 (a few hours of her time was billed at $75.00 before she became a member of The Florida Bar.); Sean Granat, Esq. - $175.00 and the firm paralegal at the rate of $75.00. Based on these rates, Plaintiffs calculate a lodestar fee in the amount of $229,856.12. In addition, Plaintiffs are seeking an award of $65,305.24 for costs incurred in the litigation. The hours expended by the Plaintiffs' attorney were documented by the records produced. Mr. Delegal and Ms. Grier between themselves expended over 1,100 hours on the case.

8. A major dispute among the parties is whether or not a multiplier is appropriate in this case. Mr. Delegal is seeking a multiplier of 2.5. Defendant submits that a multiplier is not permitted in these public interest cases. See Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla. 1990). The Florida Supreme Court in Quanstrom, supra, established three separate kinds of cases ( I. public policy enforcement; II. tort and contract; III. family law, eminent domain, and estate and trust matters) and determined in which ones a contingency fee multiplier was appropriate. The court in Quanstrom determined that in category I cases, the traditional lodestar approach was appropriate and therefore a multiplier would not normally be awarded. However, Florida cases appear to recognize exceptions to the general rule. See Lane v. Head, 566 So.2d 508 (Fla. 1990). The Lane court stressed that such exceptions are rare and a fee multiplier should only be used if the "prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market." The court is of the opinion that this is such a case.

9. In support of their claim for a multiplier, Plaintiffs' submit this case falls within category II of Quanstom, because the action was more akin to a statutory tort since it was particularly personal to Plaintiffs. This has some rationale in light of the First District decision in the case of Weaver v. School Board of Leon County, 624 So.2d 721 (Fla. 1st DCA 1993), which was rendered following the Quanstrom decision. In the Weaver opinion the First District approved the use of 1.5 multiplier even though the case involved public policy for which a multiplier is not normally allowed. The court ultimately approve the fee awarded on the basis that the case involved the vindication of a private wrong. Also in keeping with the exception noted in Quanstrom, the court recognized the

difficulty of a victim retaining a qualified attorney without the use of a contingency multiplier. Because this case more clearly resembles an attempt at vindication of wrongs of a personal and private nature, the court finds that it is appropriate to place the case within category II of Quanstrom, thus a multiplier can be used.

10. There can be no doubt that Mr. Delegal exposed himself to the potential of a huge lost by agreeing to serve as counsel for Plaintiffs. It was obvious that the time necessary to prosecute this claim, would limit his ability to take on other cases. The case was obviously going to be very labor intensive due to the difficulty of the issues involved and the skilled needed to competently performed the services required to obtain the desired results. Due to the difficulties involved in the case, Mr. Delegal would not have agreed to represent Plaintiffs without the use of a contingency fee contract. This could be the only reason to try and mitigate the risks of nonpayment in the case. There had to be an award for the huge risks. See Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir. 1974).

11. Also, Plaintiffs were not financially able to retain an attorney based solely on an hourly fee basis. At the hearing on the motion, an attorney testified that he offered to represent the Plaintiffs on such a basis but they were unable to afford his fees. The attorney, Mr. Archibald Thomas, whose firm's practice is limited exclusively to labor and employment cases, would not handle the case on a contingency basis due to the huge risk involved considering the facts of the case. Although his firm does handle some cases on a contingency fee basis, he would not agree to do so in this case because of the apparent risk and necessary expenses. This truly was a case where the only way Plaintiffs were going to obtain a competent attorney and gain access to the courthouse was by the use of a contingency fee contract.

12. In light of the guidelines established by Quanstrom, at page 834, the court is of the opinion that a multiplier of 2 is appropriate and should be applied to the lodestar amount. This is because the chances of prevailing at the onset was even at best. The professional appearance of Plaintiffs and their previous unblemished work history with Winn-Dixie evened the odds or else the risk factors would have been substantially higher.

13. As previously stated, Plaintiffs were not successful on all of their claims. Therefore, should they be awarded a fee and costs for time and costs incurred on these unsuccessful claims. Not so according to Winn-Dixie. See Hensley v. Eckerhart, 461 U.S. 424 (1983). However, the

court does recognize that the Plaintiffs certainly prevailed on the major issue which was that they were the victims of age discrimination. While not successful on all the specific claims raised in their complaint, the claims were all various aspects of the age discrimination. The work expended was necessary for the total success even if not totally fruitful. Surely the success achieved was excellent, even if not as complete as Plaintiffs desired. Thus under the Hensley opinion, Plaintiffs should be compensated for all time and costs reasonably expended on the litigation. Having said that, it is apparent that not all of the time expended by Plaintiffs' attorneys was reasonably related to the successful claims nor are all the costs allowable under the Statewide Uniform Guidelines For Taxation of Costs In Civil Actions as adopted by The Florida Supreme Court. Rather than becoming embroiled in the minutiae to determine the reasonableness of each hour and each expenditure, the court shall reduce the amounts claimed by Plaintiff by 12.5 per-cent. This would appear reasonable in light of the Hensley opinion, and the results in this case. In addition, Plaintiffs' request for fees in the amount of $10,983.22 for time spent litigating the amount of attorneys fees to be awarded is not allowable under Florida case law. See State Farm Fire and Casualty Co. v. Palma, 629 So.2d 830 (Fla. 1993). Therefore, these amounts shall be reduced from the lodestar of $229,856.12 before the multiplier of 2 is applied.

Therefore, it is;

ORDERED AND ADJUDGED:

1. Plaintiffs' David A. Reddick and James A. Stokes, motion for attorneys fees & costs is Granted.

2. Plaintiffs David A. Reddick and James A. Stokes shall recover attorneys' fees from Defendant Winn-Dixie in the amount of $383,027.58 and costs in the sum of $57,142.09.

3. The previously entered Final Judgment shall be amended to reflect such awards.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 25th day of August, 2004.

AUG 25 2004

/s/ L. HALDANE TAYLOR

L. HALDANE TAYLOR
CIRCUIT JUDGE

Copies:

T.A. Delegal, III, Esquire
Edward H. Trent, Esquire