UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

ORDER ESTABLISHING BIDDING
PROCEDURES FOR THE SALE OF ASSETS

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a) and 363 and Fed. R. Bankr. P. 6004, establishing bidding procedures for the Debtors' sale of (i) any unexpired lease or executory contract or (ii) any other asset with a value greater than $150,000, and authorizing the Debtors, in their reasonable discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals (each as defined in the attached Bidding Procedures), to offer bid protections to prospective purchasers (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel, without objection from the United States Trustee, and upon the representations that any other objections have been resolved, the Court makes the following findings of fact:

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

B. The Debtors have provided interested parties with proper notice of the Motion, in accordance with 11 U.S.C. §§ 102(1), 105(a), and 363, Fed. R. Bankr. P. 2002 and 6004, Local Rule 2002-1 and the Notice Procedures Order.[1]

C. The Debtors have demonstrated that implementing the Bidding Procedures, including the Bid Protections, is an exercise of their sound business judgment, complies with section 363 of the Bankruptcy Code, and that such procedures are in the best interests of their estates, their creditors and other parties in interest.

D. Notwithstanding the Bidding Procedures, the parties retain their right to assert any objection to a sale affecting their respective lease. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.  The relief requested in the Motion as modified by this Order and the attached bidding procedures is granted.

2.  The Objections filed by Victory Real Estate Investments, L.L.C. (Docket No. 1600); Conopco, et al (Docket No. 1618); Xerox Capital Services (Docket No. 1623); Prudential Insurance, et al (Docket No. 1625); Concord-Fund IV Retail, et al (Docket No. 1635); Developers Diversified Realty Corp., et al (Docket No. 1637) and LNR Partners, Inc. (Docket No. 1666) have been resolved and are each withdrawn.

3.  Pursuant to sections 105 and 363 of the Bankruptcy Code, the Bidding Procedures attached as Exhibit A and the Bid Protections attached as Exhibit B are approved and the Debtors are authorized to take any and all actions necessary to implement the Bidding Procedures and the Bid Protections.

---

[1] All capitalized terms not otherwise defined by this Order shall have the meaning ascribed to them in the Motion.

2

495940.2

4. The Court retains jurisdiction to hear and determine all matters arising from implementation of this Order.

5. Notwithstanding anything to the contrary, any conflict between the terms and conditions of this Order and the Bidding Procedures attached as Exhibit A will be governed by the Bidding Procedures.

Dated this 20 day of June, 2005 in Jacksonville, Florida.

/s/ G. Funk
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a
copy of this Order on all persons
served with the Motion.

## EXHIBIT A

### Bidding Procedures

Set forth below are the bidding procedures (the "Bidding Procedures") to be used by the debtors, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for the sale of any of the Debtors' assets in these cases including, (i) the assumption and assignment or termination of executory contracts and unexpired leases and (ii) any other assets that have a value greater than $150,000, either individually or as a group, as determined by the Debtors, after consultation with (i) Wachovia Bank, National Association, in its capacity as administrative agent and collateral monetary agent (**the** "Agent") for itself and certain other financial institutions **from time to time** parties to the Credit Agreement, dated as of February 23, **2005, as may be amended or modified (the "Lenders", and collectively with the Agent, the "DIP Lenders") (Agent and its legal professionals shall be referred to as the "DIP Lender Agent Representatives"),** and (ii) the legal and financial advisors of the Official Committee of Unsecured Creditors of the Debtors (the "Committee's Professionals").

### The Bidding Process

The Debtors will (a) identify the assets to be sold, (b) solicit letters of interest for the assets, (c) review the letters of interest to designate which proposals are acceptable for the assets, (d) distribute bid packages to bidders with acceptable bids, (e) receive and review bid packages from acceptable bidders, (f) coordinate the efforts of acceptable bidders in conducting their respective due diligence investigations, (g) review, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, bid packages to determine initial bids and negotiate offers, (h) solicit qualified competing bids, and (i) ultimately determine, after consultation with the Committee's Professionals and the DIP Lender Agent Representatives, the successful bidder. The Debtors reserve the right, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, to amend these procedures and to adopt such other rules and procedures for the bidding process that will better promote the goals of the bidding process and maximize value received for any of the subject assets provided however, that the Debtors may not amend these procedures to change notice provisions or otherwise withdraw any rights given by these procedures to affected landlords (in their capacity as landlords).

### Due Diligence

The Debtors will provide confidential information on assets to be sold to potential purchasers (the "Initial Information"). Before receiving Initial Information, each potential purchaser must execute a confidentiality agreement, in a form satisfactory to the Debtors. The Debtors may make the Initial Information and other information available electronically. The Debtors may, but are not obligated to, furnish any due diligence information after the Bid Deadline for Qualified Competing Bids (as defined below) or to any person or entity that the Debtors determine is not reasonably likely to be a Acceptable Bidder (as defined below).

1

## Qualified Proposals, Qualified Bids, Initial Bids and Bid Packages

Any person or entity that seeks to acquire (i) a lease or executory contract (or if landlord, to terminate such a lease) or (ii) any other asset from the Debtors with a value of $150,000 or more, either individually or as a group (as determined by the Debtors, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals), must submit a non-binding letter of interest to the Debtors, which must include (a) a proposed purchase or termination price for the asset, (b) an identification of any due diligence required by the proposed purchaser, (c) the proposed timing of the purchase or termination, and (d) any material conditions to which the proposed purchase or termination is subject (the "Proposal"). The Debtors will review each Proposal received to determine in its sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, which, if any, represents an acceptable offer for the relevant asset (an "Acceptable Proposal").

If the Debtors determine, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, that one or more Acceptable Proposals for a particular asset has been received, the Debtors will provide each entity that submitted an Acceptable Proposal (an "Acceptable Bidder") with a bid package, including, among other things, (a) a deadline for receiving an initial bid (the "Initial Bid Deadline"), (b) a form asset purchase agreement tailored to the type of asset to be purchased (the "Purchase Agreement"), (c) a form financial declaration evidencing the bidder's financial wherewithal to consummate the transaction and satisfy all of the obligations required by the applicable asset purchase agreement and, if the bidder seeks to assume any unexpired lease or executory contract in connection with such sale, the bidder's ability to provide adequate assurance of future performance under Sections 365(b)(3) (if applicable) and 365(f)(2) of the Bankruptcy Code, and a detailed description of the intended use of the premises upon assignment of the lease (the "Declaration"), (d) if applicable, a form assumption and assignment agreement or lease termination agreement, and (e) a form sale order (the "Sale Order").

## Deadline for Initial Bids

Any Acceptable Bidder who wants to proceed with the sale process, must submit an initial bid by the Initial Bid Deadline to the representatives of the Debtors, the DIP Lender Agent Representatives and the Committee's Professionals identified in the bid package.

If required by the instructions included in the relevant bid package, to qualify for further bidding, each initial bid must (a) be received by the Initial Bid Deadline (unless the Debtors, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, agree to an extension), and include: (b) a signed Purchase Agreement, (c) a blacklined Purchase Agreement showing changes from the applicable form provided by the Debtors, (d) a completed Declaration, (e) if applicable, a signed assumption and assignment agreement or lease termination agreement together with a blacklined version showing any changes from the form provided by the Debtors, (f) a cashiers check made out or a wire transfer to the law firm or other escrow agent identified in the bid package, representing the earnest money deposit required under the particular Purchase Agreement, (g) a blacklined Sale Order showing changes from the form provided by the Debtors and (h) include any other information that the Debtors may have requested, including without limitation, evidence of financial wherewithal to

2

consummate each of the transactions contemplated by the Purchase Agreement and to satisfy each of the obligations thereunder.

No initial bid will be contingent upon any due diligence investigation, the receipt of financing, or any board of directors, shareholders or other entity approval.

Each initial bid (except for a bid by a landlord for its own lease) must disclose the identity of the Acceptable Bidder's organization, including confirmation that its initial bid is made as principal for the Acceptable Bidder's account and, if not, the basis upon which the Acceptable Bidder is acting and the identities of all other participants (if any). Each initial bid must also disclose any agreements or understandings between the bidder and any third party with respect to the subject asset or assets or with respect to any possible transaction involving the Debtors.

The submission of an initial bid is deemed to be the bidder's consent for the Debtors and their advisors to share any and all information submitted by such bidder to the DIP Lender Agent Representatives and the Committee's Professionals, the Wachovia DIP Lender and any landlord with respect to a nonresidential real property lease and any non-debtor party to an executory contract to be assigned to such bidder.

The Debtors will review, in consultation with the DIP Lender Agent Representatives and the Committee's Professionals, each initial bid and, in the Debtors sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, will select the bidder for the asset that has made the highest or best offer (the "Initial Bidder," the bid of such Initial Bidder is the "Initial Bid."). Once the Debtors identify an Initial Bidder for a specific asset, the Debtors will file a motion with the Bankruptcy Court for an order (a) authorizing the sale of such asset under Sections 363 and 365 of the Bankruptcy Code free and clear of liens, claims and encumbrances, except as may be set forth in the applicable Purchase Agreement, and (b) approving the applicable Purchase Agreement. In the alternative, the Debtors may file a motion for the sale of one or more assets regardless of whether the Debtors have received an Initial Bid for any particular Asset and the Debtors may continue to market any such assets and seek Initial or Competing Bids through the date of an auction (in either event, the "Sale Motion"). On the same date the Debtors file a Sale Motion, the Debtors will deliver a copy of any Initial Bid by electronic mail or overnight delivery to each affected landlord. Unless the Bankruptcy Court enters an order shortening the notice period for any particular asset sale, the Debtors will set a hearing for each Sale Motion on a date that is not less than 23 days after the Debtors file and serve the Sale Motion (the "Sale Hearing").

### Requirements for Qualified Competing Bids

Other than a landlord bidding on its own unexpired lease, any Acceptable Bidder or other entity (in the Debtors' sole discretion) that desires to submit a competing bid for an asset that is the subject of a Sale Motion may do so in writing, provided that such bid:

(a) must include an executed Purchase Agreement, blacklined to show changes from the Initial Bidder's Purchase Agreement and clearly setting forth any conditions for closing.

(b) must, if the bidder intends to take assignment of any executory contract or unexpired lease, include an executed assumption and assignment or lease termination agreement, blacklined to show any changes from the Initial Bidder's assumption and assignment agreement or lease termination agreement.

(c) must exceed the purchase price agreed to by the successful Initial Bidder by a minimum percentage designated by the Debtors (in their sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals) in the applicable Sale Motion;

(e) shall not be contingent upon any due diligence investigation, the receipt of financing, or any board of directors, shareholders or other entity approval;

(f) must include an executed Declaration;

(g) must include a cashier's check or be accompanied by a wire transfer (or, if by landlord for its own lease, value) in an amount equal to the greater of (1) the amount of the deposit paid by the Initial Bidder or (ii) 10% of the purchase price proposed by the bidder and an acknowledgement by the bidder that if such bidder becomes the Successful Bidder at the Auction, the deposit will be increased, if applicable, to 10% of the final purchase price;

(h) must disclose the identity of the bidder's organization, including confirmation that the competing bid is made as principal for the bidder's account and, if not, the basis upon which the bidder is acting and the identities of all other participants (if any).

(i) must disclose any agreements or understandings between the bidder and any third party with respect to the subject asset or assets or with respect to any possible transaction involving the Debtors.

If the competing bid includes each of the documents and conditions set forth in subparagraph (a) – (i) above, the bid will constitute a "Qualified Competing Bid". Notwithstanding the foregoing, a landlord is deemed to be a Qualified Competing Bidder as to its own lease if the landlord submits a written bid by the deadline set forth in the applicable Sale Motion (the "Landlord Bid"). To qualify, the Landlord Bid must identify the leases on which the landlord seeks to bid (the landlord may only bid on its own leases) and the proposed offer (whether by credit against default amounts or by other value). The submission of a competing bid will be deemed to be the bidder's consent for the Debtors and their advisors to share any information submitted by the competing bidder to the Committee's Professionals, the DIP Lender and any landlord with respect to a nonresidential real property lease and any non-debtor party to an executory contract to be assigned to such competing bidder.

4

## Deadline for Competing Bids

Qualified Competing Bids must be served upon and actually received by, the representative of the Debtors, the DIP Lender Agent Representatives and the Committee's Professionals specified in the Sale Motion, on or before 5:00 p.m., Eastern Time, on the date that is set forth in the applicable Sale Motion. The Debtors may extend (after consultation with the DIP Lender Agent Representatives and the Committee's Professionals) the bid deadlines for the delivery of competing bids once or successively, without further notice and for one or more bidders, but shall not be obligated to do so.

## Reservation of Rights

Notwithstanding the Debtors' receipt of an Initial Bid and/or any Qualified Bids for any particular asset, the Debtors may continue to negotiate and solicit offers for the asset, including package offers that encompass more than one asset. The Debtors reserve the right in the exercise of their sole discretion after consultation with the DIP Lender Agent Representatives and the Committee's Professionals to enter into agreements for the sale of any of their assets, either individually or as part of a package prior to an Auction (as defined below), without further notice to any party, which agreements, if any, will be subject to higher or otherwise better bids at the Auction (including evaluation on a package or individual basis) but which may be subject to bid protections or breakup fees as authorized by the Bankruptcy Court. The Debtors retain the right, in the exercise of their sole discretion after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, to withdraw one or more assets from the Auction, including in connection with a package offer, up to the date of the Auction. This includes the right to withdraw an unexpired lease where the only bid is by the landlord. Notwithstanding anything to the contrary in these procedures, the Debtors also reserve the right, in the exercise of their sole discretion after consulting with the DIP Lender Agent Representatives and the Committee's Professionals, to reject any and all bids for any particular asset. Nothing in these Bidding Procedures will or will be construed to, in any way, modify, limit, impair, prejudice or adversely affect the rights and remedies of the DIP Lenders **in accordance with the provisions of the Final Financing Order (as defined herein) and the Loan Documents (as defined in the Final Financing Order)**. Formal approval of a bid will not occur unless and until the Bankruptcy Court enters an order approving and authorizing the Debtors to consummate the transaction. All bids, including those of the Initial Bidder, are subject to Bankruptcy Court approval. The Debtors retain all rights to any assets that are not subject to a bid accepted by the Debtors and approved by the Bankruptcy Court at the Sale Hearing.

## Sale Motion and Notice

For each Purchase Agreement, the applicable Sale Motion will seek approval of, among other things, the sale of the asset free and clear of liens, claims and encumbrances under section 363 of the Bankruptcy Code. For each Purchase Agreement that contemplates the assumption, assumption of assignment or termination of executory contracts or unexpired leases, the applicable Sale Motion will also seek approval of (a) any cure obligation required by 11 U.S.C. § 365(f)(2), if any, to the extent not previously determined by the Court and (b) assumption or assumption and assignment of

5

the applicable executory contract or unexpired lease or approval of any lease termination agreement.

In each instance, the Debtors give notice and an opportunity to object to any known lienholders, and if the sale involves an executory contract or lease, the non-debtor parties to each of these contracts and leases. Any objection with respect to a Purchase Agreement, including with respect to the cure obligations or the proposed assumption, assumption and assignment, termination, or rejection of executory contracts or unexpired leases in connection with such Purchase Agreement must be filed with the Bankruptcy Court and served upon and received by the Debtors, the Debtors' counsel, the DIP **Lender Agent Representatives** and the Committee's counsel on or before 5:00 p.m., Eastern Time, on the date that is set forth in the applicable Sale Motion before the applicable Sale Hearing. If no objection is timely received by the Debtors, all proposed cure obligations provided in the Sale Motion will be deemed to be correct and binding upon all interested parties.

Unless otherwise ordered by the Bankruptcy Court with respect to a particular Sale Motion, a notice of a Sale Motion and the applicable Sale Hearing (the "Sale Notice") will be given electronically or by U.S. mail: (a) to each party that expressed an interest in an asset that is the subject of the particular Sale Motion (and their counsel of record in these Chapter 11 cases, if any); (b) if the Sale Motion seeks the assumption, assumption and assignment, termination, or rejection of executory contracts or unexpired leases or approval of any lease termination agreement, to each non-debtor party to such contract or lease (and their counsel of record in these Chapter 11 cases, if any); (c) to parties in interest entitled to receive notice under Bankruptcy Rule 2002 Bankruptcy Rule 6004, Local Rule 2002-1 and the Notice Procedures Order; and (d) if the Purchase Price for any asset exceeds $5,000,000, by publishing notice in the national edition of the Wall Street Journal. The Sale Notice (other than a published Sale Notice) shall also include a copy of these Bidding Procedures and with appropriate modifications, including deadlines and contact persons.

## Auction

If one or more Qualified Competing Bids which is higher or otherwise better than the Initial Bid, are timely received, an auction will be conducted for the particular asset at the time and location specified in the Sale Motion (an "Auction"). The Debtors will provide notice of any Auction at least two business days before the Auction to all parties who have submitted a Qualified Competing Bid.

Based upon the terms of the Initial Bid and the Qualified Competing Bids and such other information as the Debtors deem (after consultation with the DIP Lender Agent Representatives and the Committee's Professionals) relevant, the Debtors may conduct an Auction in any manner (and upon any terms and conditions) the Debtors believe (after consultation with the DIP Lender Agent Representatives and the Committee's Professionals) will achieve the maximum value for the particular asset to be sold.

6

The Debtors may (a) determine, in their sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, which Qualified Competing Bid or Initial Bid, if any, is the highest or best offer with respect to one or more of the assets, and (b) reject in their sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, any bid (including an Initial Bid) that, in the Debtors' sole discretion (but after consultation with the DIP Lender Agent Representatives and the Committee's Professionals), is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, these Bidding Procedures, or the terms and conditions of sale, or (iii) contrary to the best interests of the Debtors, their estates and creditors.

At the conclusion of an Auction, the Debtors after consultation with their advisors, the Committee's Professionals and the DIP Lender Agent Representatives, will review each Qualified Competing Bid and the Initial Bid and identify the highest or best offer for the particular asset (each a "Successful Bid"; such bidder is the "Successful Bidder"). The Debtors reserve the right to refuse to consider any bid that fails to comply with the Bidding Procedures or any other procedures established by the Debtors at any Auction. Where the Successful Bid includes a proposed assumption and assignment of a nonresidential real property lease or executory contract, the Debtors will send a copy of the Successful Bid to all non-debtor parties to such lease or contracts by e-mail or overnight express delivery so that it is received by the non-debtor party to such contract or lease no later than eight days prior to the earlier of (i) the deadline to object to any such Sale (but not the deadline to object to any proposed cure) set forth in the applicable Sale Motion or (ii) the Sale Hearing.

If no Qualified Competing Bids are received for a particular asset, the Debtors may determine that, in their sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals that the Initial Bid is the Successful Bid and seek Bankruptcy Court approval of the relevant Purchase Agreement without conducting an Auction or, may reject the Initial Bid and not proceed with any sale of the particular asset. If no Successful Bid is received for a particular asset the Debtors have included in any Sale Motion (including a bid by a landlord for its use), the Debtors may withdraw, in their sole discretion, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, withdraw the Motion as to that asset and may, in the Debtors' sole discretion after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, continue to market the asset.

The Auction may be adjourned as the Debtors, after consultation with the DIP Lender Representatives and the Committee's Professionals, deem appropriate. Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to all participants and to the DIP Lender Agent Representatives and the Committee's Professionals.

## Sale Hearing

At the Sale Hearing, the Debtors will request that the Bankruptcy Court approve (a) (i) the Successful Bid, (ii) the applicable Purchase Agreement, and (iii) if the sale includes an executory contract or unexpired lease, the proposed assumption, assumption and assignment, termination or rejection of any executory contract or unexpired leases, and (b) authorize the Debtors to consummate the proposed transaction. If the Sale includes an unexpired lease, the Bankruptcy Court shall also determine:

(a) any cure required under 11 U.S.C. §365(b) if the affected landlord timely filed an objection to the Debtors' proposed cure; and

(b) if applicable, whether the Debtor has demonstrated adequate assurance of future performance under 11 U.S.C. §§ 365(b)(3) and 365(f)(2).

If the Debtors elect to proceed without an Auction, and no objection to the proposed transaction is filed with the Court within the applicable time, the Debtors will file a certificate of no objection and a proposed order (a) approving (i) the sale of the asset set forth in the applicable Purchase Agreement, (ii) the applicable Purchase Agreement, and (iii) if applicable, the assumption, assumption and assignment, termination or rejection of any executory contract or unexpired leases under the applicable Purchase Agreement and (b) authorizing the Debtors to consummate the transaction contemplated by the Purchase Agreement. In that event, the Court may enter the Sale Order without holding a Sale Hearing. If timely objections to the proposed transaction are received, then the Debtors will seek Bankruptcy Court approval at a Sale Hearing.

If the Successful Bidder fails to consummate the Successful Bid in accordance with the terms of its Purchase Agreement, the Debtors (i) will retain the earnest money deposit of such bidder, to the extent provided by the purchase agreement, and (ii) maintain the right to pursue all available remedies against the bidder. In such event, and upon consultation with the DIP Lender Agent Representatives and the Committee's Professionals, the Debtors may consummate the proposed transaction with the next highest or best bidder at the Auction and consummate the transaction with such bidder at the highest price bid by such bidder at the Auction without the need for further Bankruptcy Court approval (or, if that bidder is unable to consummate the transaction at that price, the Debtors, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, may consummate the transaction with the next highest bidder, at the Auction and so forth) (the "Alternate Bid"). Notwithstanding anything to the contrary in the foregoing, if the respective sale includes the assumption and assignment of an unexpired lease, the Debtors may not proceed with the Alternate Bid until the Debtors provide the affected landlord with a copy of the Alternate Bid. The affected landlord has no less than eight days after receipt of the Alternate Bid to file a written objection with the Court. If no such objection is filed, the Debtors may proceed to consummate the Alternate Bid. If the landlord files a timely objection, the Alternate Bid will be set for hearing and the Debtors may not proceed absent Court order.

8

Any bidders submitting bids will bear their own expenses in connection with the sale, regardless of whether the sale is approved, in accordance with the terms of the applicable Purchase Agreement.

### Additional Conditions Applicable to the Initial Bid and all Qualified Competing Bids

Notwithstanding anything to the contrary in these procedures, the bid of the Successful Bidder will remain irrevocable in accordance with the terms of the Purchase Agreement executed by the Successful Bidder. All other bids will be irrevocable until the earlier to occur of (i) 60 days after entry of a Sale Order approving the sale of the assets or (ii) closing of the sale of assets in accordance with the Successful Bid. Notwithstanding the foregoing, the right of the Initial Bidder will be governed by the terms of its Purchase Agreement.

Notwithstanding anything to the contrary in these procedures, the earnest money deposit of the Successful Bidder will be retained by the Debtors in accordance with the terms of the Purchase Agreement executed by the Successful Bidder. Deposits of all other bidders will be retained by the Debtors until the earlier to occur of (i) 60 days after entry of a Sale Order approving the sale of the assets or (ii) closing of the sale of assets in accordance with the Successful Bid. Notwithstanding the foregoing, the deposit of the Initial Bidder will be governed by the terms of its Purchase Agreement.

Notwithstanding anything to the contrary, the Debtors, after consultation with the DIP Lender Agent **Representatives** and the Committee's Professionals, have the right to entertain bids that do not conform to one or more of the requirements set forth in these procedures and to deem such bids Qualified Competing Bids.

All Bids, the Auction and the Bidding Procedures are subject to such other terms and conditions as are announced by the Debtors, after consultation with the DIP Lender Agent Representatives and the Committee's Professionals provided however, that the Debtors may not amend these procedures to change notice provisions or otherwise withdraw any rights given by these procedures to affected landlords (in their capacity as landlords).

### "As Is, Where Is"

The proposed transfer of any of the Debtors' assets will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, their agents or their estates, except to the extent set forth in the applicable Purchase Agreement of each Successful Bidder as accepted by the Debtors and approved by the Bankruptcy Court. Except as otherwise provided in a Purchase Agreement, all of the Debtors' right, title and interest in and to the respective asset will be transferred free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests in accordance with Section 363 of the Bankruptcy Code. The Debtors will cause all net proceeds from any such sale to be paid to the DIP Lenders to the extent required in accordance with the terms of the Final Order pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the

Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order") (Docket No. 501), and the Loan Documents (as defined in the Final Financing Order). Any other claim, lien or encumbrance will attach to the net proceeds of the sale of the particular asset.

Each bidder for any of the Debtors' assets will be deemed to acknowledge and represent that it (a) has had an opportunity to conduct such due diligence regarding the asset prior to making its offer as provided in the Purchase Agreement, (b) has relied solely upon its own independent review, investigation and/or inspection of any document including, without limitation, executory contracts and unexpired leases in making its bid, and (c) did not rely upon or receive any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied by operation of law, or otherwise, with respect to the asset, or the completeness of any information provided in connection with the asset sale or the Auction, except as expressly stated in the particular Purchase Agreement.

Exhibit A to Motion to Establish Bidding Procedures - WD (00498628-5).DOC.5

## Exhibit B

### Bid Protections

1. A termination fee of up to 3% of the cash portion of the purchase price set forth in the bidder's Asset Purchase Agreement (the "Termination Fee");

2. Initial overbid protection not to exceed 105% of the purchase price set forth in such bidder's Asset Purchase Agreement (the "Overbid Protection"); and/or

3. In the case of bids on multiple leases, the ability to reduce the purchase price set forth in such bidder's Asset Purchase Agreement by up to 115% of the allocated purchase price for a particular Lease, to the extent such Lease is sold to another entity and the bidder is still the Successful Bidder with respect to the remaining Leases bid on as a group (the "Release Protection").

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: Jun 21, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1
```

The following entities were served by first class mail on Jun 23, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                                   TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 23, 2005**                          **Signature:** *Joseph Speetjens*