UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION TO STRIKE MOTION OF TRM CORPORATION FOR TURNOVER OF FUNDS WHICH THE DEBTORS HOLD IN TRUST FOR MOVANT**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order striking the Motion of TRM Corporation for Turnover of Funds Which the Debtors Hold in Trust for Movant (Docket No. 1655) (the "TRM Motion") for failure to comply with the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

---

¹      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie

2.      The TRM Motion requests entry of an order directing the Debtors to turn over approximately $2,351.57 of pre-petition proceeds resulting from the use of in-store copy machines and allegedly held in trust for TRM Corporation ("TRM"), despite the absence of any language in the parties' contract creating a trust relationship.

### Relief Requested

3.      By this Motion, the Debtors seek an order of the Court striking the TRM Motion, on the ground that it was improperly noticed pursuant to the Court's negative notice procedure set forth in Local Rule 2002-4. In the alternative, the Debtors object to the TRM Motion on the grounds set forth below and request that the TRM Motion be set for hearing.

### Basis for Relief

4.      Pursuant to Local Rule 9011-3, "[t]he Court, on its own motion or on the motion of any party in interest, may impose sanctions for failure to comply with the Local Rules, including, without limitation . . . denial of the motion filed by the party, striking of pleadings or other submissions, the staying of any further proceedings until verification of compliance with the Local Rules has been filed with the Court or as may otherwise be appropriate under the circumstances."

5.      The TRM Motion was improperly filed under the Court's negative notice procedure, set forth in Local Rule 2002-4. While Local Rule 2002-4 authorizes certain types of motions to be filed on negative notice without a hearing date, the TRM Motion is not one of the types of motions that may be filed under negative notice. In addition, even if negative notice were proper with respect to the TRM Motion, TRM has impermissibly specified a 15 day

---

Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

response period, when Local Rule 2002-4 specifies that a 20 day response period is required. The 15 day response period only applies to motions to approve agreements relating to relief from the automatic stay, prohibiting or conditioning the use, sale or lease of property, providing adequate protection, use of cash collateral, and obtaining credit pursuant to Fed. R. Bankr. P. 4001(d).

6. Alternatively, in the event the Court does not strike the TRM Motion, the Debtors object to the TRM Motion and request that the Court set the TRM Motion for hearing. The TRM Motion should be denied because the sums requested by TRM are not required to be held in trust or segregated. As such, there is no basis for a finding that the sums are not property of the Debtors' estates.

7. TRM is incorrect in its assertion that the pre-petition proceeds generated from the use of the in-store copy machines are held in trust and do not constitute property of the Debtors' estates. Although the Master Location Agreement (the "Agreement") requires the Debtors to collect all sums paid for copies and remit the portion due to TRM, TRM does not - and cannot - point to any language in the Agreement that provides that the sums collected are subject to a trust or must be deposited into a separate account. The authorities relied on by TRM, including the Florida lottery statute, Fla. Stat. Ann. § 24.114, and <u>In re Suwannee Swifty Stores, Inc.</u>, 266 B.R. 544 ( Bankr. M.D. Ga. 2001), are inapplicable because they involve situations where a statute or contract creates a trust and requires segregation of proceeds.

8. The other cases cited by TRM, <u>In re Howard's Appliance Corp.</u>, 874 F.2d 88 (2d Cir. 1989) and <u>In re Guild and Gallery Plus, Inc.</u>, 72 F.3d 1171 (3d Cir. 1996), which involve the disposition of property delivered to a debtor for storage and property in which a creditor claims a security interest, are also inapplicable. In <u>Guild and Gallery Plus</u>, 72 F.3d at 1180, it was held

that a painting stored by the debtor under a bailment agreement was not property of the estate. Similarly, in Howard's Appliance Corp., 874 F.2d at 95, in order to permit a creditor to foreclose on its collateral held by for sale by the debtor, a constructive trust was imposed because the debtor's actions had prevented the creditor from perfecting its security interest.  TRM has failed to show that the sums it seeks are not property of the Debtors' estates.  Unlike the cases cited by TRM, it is not trying to recover property delivered to the Debtors for storage nor has it alleged grounds for a constructive trust.

## Notice

9.	Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d)  the other parties in interest named on the Master Service List maintained in these cases, and (e) TRM.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order striking the TRM Motion, or in the alternative, set the TRM Motion for hearing and (ii) grant such other and further relief as the Court deems just and proper.

Dated: June 27, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   */s/ D.J. Baker*<br>D.J. Baker<br>Sally McDonald Henry<br>Rosalie Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | By   */s/ Cynthia C. Jackson*<br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtor |