UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., <u>et al</u>.,           Case No.: 3:05-bk-03817-JAF

    Debtors.                                     Chapter 11

_____/     Jointly Administered

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR ORDER ENLARGING TIME TO
COMMENCE PRE-PETITION LIEN/CLAIM CHALLENGE
AND TO AMEND THE COURT'S FINAL ORDER DATED
<u>APRIL 12, 2005 (DOCKET NO. 501)</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-captioned cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") hereby moves to entry of an order under Rule 9006(b), Federal Rules of Bankruptcy Procedure, and 11 U.S.C. § 105, enlarging the time within which to commence an adversary proceeding with respect to the Debtors' pre-petition lender's claims, debt, collateral, and other matters, and amending the Court's Final Order (as defined below), and in support thereof represents as follows:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

2. On March 1, 2005, the United States Trustee duly appointed the

{JA241031;3}

Committee.

3. By Order entered on April 13, as amended on April 14, 2005, the Debtors' cases were transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1412 and Rule 1014(a)(1), Federal Rules of Bankruptcy Procedure.

4. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. This Court has jurisdiction over this Motion under 28 U.S.C. §1334. Venue of this proceeding is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## PRE-PETITION LIEN/CLAIM CHALLENGE

6. On April 12, 2005, the New York Bankruptcy Court entered its Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lender (the "Final Order"). (Docket No. 501)[1]

7. Paragraph 15(e) of the Final Order provides in pertinent part that:

The Committee or Trustee, as referred to above, shall have seventy-five (75) calendar days from the date of appointment of counsel for the Committee within which to commence an adversary proceeding (collectively, a "Pre-Petition Lien/Claim Challenge") with respect to the Pre-Petition Lender's claims in respect of the Pre-Petition Lender Debt or security interest in the Pre-Petition Lender Collateral, or any other claims or causes of action against the Pre-Petition Lender relating to the Pre-Petition Loan Documents.

8. By Order of the New York Bankruptcy Court dated April 12, 2005, the Committee was authorized to retain and employ the law firm Milbank, Tweed, Hadley & McCloy, LLP ("Milbank") as counsel to represent it during the pendency of the Debtors' Chapter 11 cases. (Docket No. 702)

9. Seventy-five calendar days from the date of the Order appointing Milbank as counsel for the Committee was Sunday, June 26, 2005. Therefore, pursuant to Rule 9006(a), Federal Rules of Bankruptcy Procedure, the deadline to commence a Pre-Petition Lien/Claim Challenge is June 27, 2005.

10. Pursuant to this Court's Amended Initial Order Upon Transfer of Venue dated April 19, 2005, and Local Bankruptcy Rule 2090-1, the Committee filed its application on May 3, 2005, seeking authority to employ Florida-based the law firm Akerman Senterfitt ("Akerman") as local co-counsel. (Docket No. 1012)

11. The Order authorizing the Committee's employment of Akerman was entered on June 13, 2005.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

12. By this Motion, the Committee requests entry of an order enlarging the

---

[1] Defined terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Final Order.

deadline within which to commence a Pre-Petition Lien/Claim Challenge for an additional sixty days to and including August 25, 2005.

13. A day after Milbank's retention by the Committee was approved by the New York Bankruptcy Court, the Debtors' cases were transferred to this Court, and consequently it became apparent that the Committee would require local Florida counsel to assist with its representation.

14. The Committee and Milbank determined that the Committee would utilize Akerman, its proposed local co-counsel, to review the Pre-Petition Lender Debt as set forth in Paragraph 15(e) of the Final Order. The Committee and Milbank determined that Akerman is qualified to perform the review, and has sufficient resources and experience to accomplish the review effectively, but most importantly that a cost savings to the Committee and the Debtors' estates would be obtained due to the generally lower rate structure of Akerman's professionals.

15. Milbank did not commence to undertake the review of the Pre-Petition Lender Debt pending approval of the retention of Akerman in order to avoid any duplication of services.

16. Until the Order approving its retention application was entered, Akerman was not authorized to devote the significant amount of resources necessary to perform the review effectively. Akerman was authorized to be retained by the Committee on June 13, 2005, only thirteen days prior to the original deadline to commence a Pre-Petition Lien/Claim Challenge.

17. The Committee is seeking an enlargement of time to commence a Pre-Petition Lien/Claim Challenge of an additional sixty days from the original deadline to afford the Committee sufficient time to perform and conclude its review.

18. Pursuant to Rule 9006, Federal Rules of Bankruptcy Procedure, the Court may, in its discretion, enlarge the time period set forth in the Final Order. Rule 9006 provides in relevant part:

> (1) ... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order ...

19. The Committee's request is made prior to the expiration of the period originally prescribed.

20. Wachovia has not consented to the relief requested herein, and although as of the date of this motion the Committee is engaged in discussions with Wachovia through counsel with respect to the potential for an agreed enlargement of time, and in such event the conditions of any such agreement, such discussions have not been concluded.

21. This request for an enlargement of time is not filed in bad faith or due to negligence. This request will not prejudice the Debtors, any interested party, or the estate.

22. The second sentence of Paragraph 15(e) of the Final Order should be amended *nunc pro tunc*, as of the original date of the Final Order as follows:

> The Committee or Trustee, as referred to above, shall have one hundred thirty-five (135) calendar days from the date of appointment of counsel for the Committee, up to and including August 25, 2005, within which to commence an adversary proceeding (collectively, a "Pre-Petition Lien/Claim Challenge") with respect to the Pre-Petition Lender's claims in respect of the Pre-Petition Lender Debt or security interest in the Pre-Petition Lender Collateral, or any other claims or causes of action against the Pre-Petition Lender relating to the Pre-Petition Loan Documents.

23. For the foregoing reasons, the Committee submits that sufficient cause has

been shown for an enlargement of time.

WHEREFORE, the Committee requests that the Court (a) enter an order enlarging the time to commence a Pre-Petition Lien/Claim Challenge for an additional sixty days from the original deadline, to and including August 25, 2005, (b) authorizing the amendment of the second sentence of paragraph 15(e) the Final Order as set forth herein, and (c) grant the Committee such other and further relief as is just and proper.

Dated:   June 27, 2005

AKERMAN SENTERFITT

By: */s/ John B. Macdonald*
John B. Macdonald
Florida Bar No.: 230340
E-mail: john.macdonald@akerman.com
Patrick P. Patangan
Florida Bar No.: 348340
E-mail: patrick.patangan@akerman.com
50 N. Laura St., Suite 2500
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.