UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO IMPLEMENT EMPLOYEE
RETENTION AND SEVERANCE PLANS**

These cases came before the Court for hearing on June 16, 2005, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to implement an expanded retention plan for key employees (the "Chapter 11 Retention Plan") and a severance program covering all employees (the "Corporate Benefits Severance Program") (the "Motion").[1] The Court has reviewed the Motion and the notice of compromise filed by the Debtors modifying and clarifying the Chapter 11 Retention Plan and the Corporate Benefits Severance Program to reflect the outcome of the Debtors' negotiations with the Creditors Committee and in an effort to accommodate the concerns raised by other parties in interest, including the Lenders and the U.S. Trustee (the "Notice of Compromise") and has considered the evidence and heard the argument of counsel at the hearing on the Motion held June 16, 2005 (the "Hearing"). The Court has also reviewed and considered, without limitation, the objections to the Motion filed, and the arguments raised at the Hearing, by the U.S. Trustee and counsel for Richard Ehster, the letters opposing the Motion

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion and/or the "Notice of Compromise" (as defined in this Order).

filed by Richard Soloway and Michael E. Nixon, the response of certain of the Debtors' trade vendors to the Motion. After due deliberation, the Court makes the following findings of fact [and conclusions of law]:

A.  The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

B.  A reasonable opportunity to object or be heard with respect to the Motion and the relief requested in the Motion has been afforded to all parties in interest and notice of the Motion and the requested relief was sufficient under the circumstances.

C.  Based upon the testimony of the Debtors' witnesses regarding the likely impact the Debtors' filing of these chapter 11 cases will have on the Debtors' ability to retain its critical employees and finding the proposed plan is reasonable, the Debtors have demonstrated good, sufficient and sound business purpose and justification pursuant to 11 U.S.C. § 363(b) to implement and make payments under the Chapter 11 Retention Plan and Corporate Benefits Severance Program, each as modified by the Notice of Compromise and as provided in this Order.

D.  Cause exists to grant the relief requested in the Motion as modified by the Notice of Compromise and as provided in this Order and such relief is in the best interests of the Debtors, their estates, and other parties in interest. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. All objections to the Motion are overruled.

2. The Motion is granted as provided in this Order.

499828

3. The Debtors are authorized to implement, and to make payments provided for under, the Chapter 11 Retention Plan as described in the Motion and as modified by the Notice of Compromise.

4. The Debtors are authorized to implement, and to make payments provided for under, the Corporate Benefits Severance Program as described in the Motion and as modified by the Notice of Compromise.

5. The Chapter 11 Retention Plan and Corporate Benefits Severance Program approved by this Order are subject to definitive documentation, which shall be reasonably satisfactory to the Creditors Committee. If the Creditors Committee determines that the documentation is not reasonably satisfactory, then upon notice from the Debtors of an intent to implement the Chapter 11 Retention Plan and Corporate Benefits Severance Program based upon the documentation then existing within three (3) business days of the date of such notice, the Creditors Committee shall be entitled to file an emergency motion within such three (3) business day period seeking expedited relief from the Court. In the event the Creditors Committee timely files any such emergency motion, the Debtors shall defer implementation pending a ruling on the motion by the Court.

6. The rights to payment of any employees or any other person under the Chapter 11 Retention Plan and/or the Corporate Benefits Severance Plan – including the supplemental unemployment benefit plan – shall be subordinate to the Lenders' liens, claims, and rights to payment under the Debtors' $800 million debtor-in-possession credit facility.

499828

7.  The Debtors shall consult with the Creditors Committee and the Lenders in good faith regarding any terms and provisions relating to future employee bonus or incentive plans proposed to be implemented by the Debtors, if any, prior to filing with the Court or implementing, as applicable, any such bonus or incentive plans.

8.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated June 27, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

499828

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes            Page 1 of 1              Date Rcvd: Jun 28, 2005
Case: 05-03817                Form ID: pdfdoc         Total Served: 1

The following entities were served by first class mail on Jun 30, 2005.
aty       +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
           Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 30, 2005**                            **Signature:** _/s/ Joseph Speetjens_