**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER (A) AUTHORIZING DEBTORS TO RETAIN LIQUIDATION AGENT UNDER AGENCY AGREEMENT (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS IN ACCORDANCE WITH ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a), 327 and 363 and Fed. R. Bankr. P. 6004(a) authorizing the Debtors to retain Hilco Merchant Resources, LLC ("Hilco") and Gordon Brothers Retail Partners, LLC ("Gordon Brothers" and together with Hilco, the "Agent") as liquidating agent under the attached Agency Agreement (the "Agency Agreement"), (b) authorizing the Debtors' to discontinue operations at those stores sold to purchasers without the existing inventory, equipment and supplies (the "Closing Stores"), (c) authorizing the debtors to sell the inventory and supplies (the "Merchandise") and furniture, fixtures and equipment (the "FF&E") free and clear of claims, liens and interests pursuant to the Guidelines attached as Exhibit 8.1 to the Agency Agreement (the "Guidelines"), and (d) granting related relief (the "Motion"). The Court has reviewed the Motion, considered the evidence and heard argument of counsel. After due deliberation, the Court finds that granting the Motion is in the best interests of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The attached Guidelines are approved.[1]

3. The terms of the attached Agency Agreement are approved including the Guidelines.

4. The Debtors are authorized to discontinue operations (other than to sell the Merchandise and FF&E) and begin to sell the Merchandise and FF&E in each of the Closing Stores described in the Motion.

5. The Debtors are authorized to sell the Merchandise and FF&E at the Closing Stores pursuant to the Agency Agreement and Guidelines (the "Store Closing Sales").

6. Pursuant to section 327 of the Bankruptcy Code, the Debtors are authorized to retain the Agent under the Agency Agreement to conduct the Closing Store Sales. The Debtors are authorized to pay the Agent in accordance with the terms of the Agency Agreement without further Court approval.

7. All objections to the entry of this Order or to the relief granted and requested in the Motion, that have not been withdrawn, waived or settled at or before the Hearing, are denied and overruled on the merits.

8. Pursuant to 11 U.S.C. §363(f), all sales of the Merchandise and FF&E at the Closing Stores will be free and clear of all liens, claims and interests.

---

[1] All capitalized terms not otherwise defined by this Order have the meaning ascribed to them in the Motion.

**EXHIBIT C**

9. The Debtors will cause the net proceeds from the Sale to be paid to the DIP Lender to the extent required in accordance with the terms of the Final Financing Order and the Loan Documents (as defined in the Final Financing Order).

10. The Store Closing Sales must be conducted in accordance with the Guidelines and this Order notwithstanding any provisions in the leases for the Closing Stores governing or prohibiting the Debtors from conducting Store Closings, going out of business, or other liquidation sales.

11. Neither the Debtors nor the Agent are required to obtain approval from any landlord, lessor or third party to conduct the Store Closing sales.

12. Provided that the Store Closings are conducted in accordance with the Guidelines and this Order, the Debtors and the Agent are presumed to be in compliance with any licensing or other requirements governing the conduct of such sales under all Local Laws (but not Safety Laws). The Debtors and the Agent must comply with any Safety Laws.

13. No person or entity, including any lessor or federal, state or local agency may take any action to prevent, interfere with or otherwise hinder the Store Closing sales.

14. All landlords, lessors and utilities are prohibited and enjoined from interfering in any way with the Store Closing sales.

15. Subject to its indemnification obligations in the Agency Agreement, the Agreement is not liable for any claims against the Debtors. The Agent is not liable for any claims against the Debtors.

3

**EXHIBIT C**

16. This Court retains jurisdiction to resolve any disputes arising out of the Agency Agreement and the Store Closing sales.

17. Notwithstanding Fed. R. Bankr. P. 6004(g), this Order will take effect immediately upon entry.

Dated this _____ day of July, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion.