UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE: CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al., Chapter 11

Debtors.[1]
_____________________________________/

**RESPONSE BY STILES WEST ASSOCIATES, LTD. TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

Stiles West Associates, Ltd., ("Stiles") by and through counsel, files this response to the *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief*, as follows:

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

2. Stiles is the landlord and Winn-Dixie Stores, Inc. is the tenant, pursuant to a lease dated December 23, 1996, for the premises located at the northwest corner of Wiles Road and

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

University Drive in Coral Springs, Florida ("Store #229"). The initial term of the Lease is for a period of twenty years, and provides for an extension term of six successive five year periods.

3. Pursuant to the Lease, Winn-Dixie Stores, Inc. is required to pay Stiles basic rent, additional rent, common area maintenance expenses ("CAM"), real estate taxes and shopping center insurance. Pursuant to the Lease, CAM charges are based upon one-twelfth of the landlord's estimate of the amount of such CAM charges to be due for the upcoming year.

4. As of the Petition Date, Stiles is owed $5,370.87 for 2004 real estate taxes and $28,370.75 for 2004 CAM charges, for a total of $33,741.62 (the "Cure Amount").

5. On or about July 1, 2005, the Debtors filed *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* (the "Sale Motion"), requesting authority to sell certain Targeted Stores[2] for the highest and best offer, and assume and assign the relevant lease to the purchaser.

6. Store #229 is one of the Targeted Stores.

7. Attached to the Sale Motion as Exhibit F is a schedule reflecting cure amounts that the Debtors assert are owed to each landlord of a Targeted Store, and any other cure required. According to Exhibit F, the cure amount owed to Stiles for the lease of Store #229 is $0.

8. Pursuant to the Sale Motion, landlords who dispute the cure amount or other proposed cure for their lease or contract must file with the Court and serve on the Debtors an objection to the Sale Motion on or before July 14, 2005. Any objection to a proposed cure will

---

[2] Targeted Stores is defined in the Sale Motion as stores which are located in core market areas but remain unprofitable, which the Debtors seek to sell or close.

be adjudicated by the Court at a hearing to be scheduled and separately noticed by the Debtors (the "Cure Hearing").

9. By this response, Stiles objects to the cure amount set forth on Exhibit F with respect to Store #229. As stated previously, the Cure Amount owed to Stiles is $33,741.62, representing $5,370.87 for 2004 real estate taxes, and $28,370.75 for 2004 CAM charges. Attached hereto as Composite Exhibit "A" is a 2003 and 2004 Real Estate Tax Reconciliation as well as a 2004 Actual Operating Expense Reconciliation.

WHEREFORE, Stiles respectfully requests that this Court conduct a Cure Hearing with respect to Stiles' objection to the cure amount set forth on Exhibit F to the Sale Motion, and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by first class, U.S. Mail on this 11th day of July 2005 to all parties on the attached service list.

BERGER SINGERMAN, P.A.
Attorneys for Stiles
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301
Telephone: (954) 525-9900
Facsimile: (954) 523-2872

By: /s/ Arthur J. Spector
Arthur J. Spector
Florida Bar No. 620777
aspector@bergersingerman.com