UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>ET AL.</u>, | ) | CHAPTER 11 |
| | ) | |
| DEBTORS.[1] | ) | JOINTLY ADMINISTERED |
| | ) | |

<u>RESPONSE BY WESTLAND PLAZA ASSOCIATES, L.P.
TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE
OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS
AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND
ASSIGNMENT OF LEASES AND CONTRACTS AND
(C) GRANTING RELATED RELIEF</u>

Westland Plaza Associates, L.P. ("Westland") by and through counsel, files this response to the *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief*, as follows:

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Westland is the landlord, Winn Dixie Montgomery, Inc. (a/k/a Winn Dixie Louisiana, Inc.) is the tenant, and Winn-Dixie Stores, Inc. is the guarantor, pursuant to a lease dated July 15, 19999, for the premises located in Jackson, Mississippi ("Store #1305").

3. Pursuant to the lease and the guaranty thereof, Winn-Dixie Montgomery, Inc. and Winn-Dixie Stores, Inc. are required to pay Westland basic rent, additional rent, common area maintenance expenses ("CAM"), real estate taxes and shopping center insurance.

4. As of the Petition Date, Westland is owed $3,928.75 for 2004 real estate taxes, $22,008.74 for 2004 CAM charges, and $2,716.94 for 2004 insurance, for a total of $28,654.43 (the "Cure Amount").

5. On or about July 1, 2005, the Debtors filed *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* (the "Sale Motion"), requesting authority to sell certain Targeted Stores[2] for the highest and best offer, and assume and assign the relevant lease to the purchaser.

6. Store #1305 is one of the Targeted Stores.

7. Attached to the Sale Motion as Exhibit "F" is a schedule reflecting cure amounts that the Debtors assert are owed to each landlord of a Targeted Store, and any other cure required. According to Exhibit "F", the cure amount owed to Westland for the lease of Store #1305 is $0.

---

[2] Targeted Stores is defined in the Sale Motion as stores which are located in core market areas but remain unprofitable, which the Debtors seek to sell or close.

8. Pursuant to the Sale Motion, landlords who dispute the cure amount or other proposed cure for their lease or contract must file with the Court and serve on the Debtors an objection to the Sale Motion on or before July 14, 2005. Any objection to a proposed cure will be adjudicated by the Court at a hearing to be scheduled and separately noticed by the Debtors (the "Cure Hearing").

9. By this response, Westland objects to the cure amount set forth on Exhibit "F" with respect to Store #1305. As stated previously, the Cure Amount owed to Westland is $28,654.43. Attached hereto are copies of Westland's proofs of claim filed herein on or about June 20, 2005 (without the lengthy attachments).

WHEREFORE, Westland respectfully requests that this Court conduct a Cure Hearing with respect to Westland's objection to the cure amount set forth on Exhibit "F" to the Sale Motion, and for such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic transmission on this 12th day of July, 2005 to D. J. Baker at djbaker@skadden.com and to Cynthia C. Jackson at cjackson@smithhulsey.com.

Respectfully submitted:

SESSIONS, FISHMAN & NATHAN, L.L.P.
J. David Forsyth
201 St. Charles Avenue, 35th Floor
New Orleans, LA 70170
Telephone: (504) 582-1500
Facsimile: (504) 582-1564
E-mail: jdf@sessions-law.com

By: /s/ J. David Forsyth
J. DAVID FORSYTH
Attorneys for Westland Plaza Associates, L.P.

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: Winn-Dixie Montgomery, Inc.     Case No. 05-03837-3F1
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Your claim is scheduled as follows:

Debtor
Winn-Dixie Montgomery, Inc.
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$.00
Unliquidated

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

Westland Plaza Associates, L.P.

19948213
Creditor Id: WDX-2005-B1-07
WESTLAND SHOPPING CENTER LP
C/O STIRLING PROPERTIES
PO BOX 11407
BIRMINGHAM, AL 35246-0787

985-898-2022
Telephone No. of Creditor

985-898-2077
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if):** ☒ replaces address above   ☐ additional address

Name: J. David Forsyth, Esq.
Company/Firm: Sessions, Fishman & Nathan, L.L.P.
Address: 201 St. Charles Ave., Suite 3500
New Orleans, LA 70170

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

Account or Other Number by Which Creditor Identifies Debtor:
6553-05-19649

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☒ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from
_____ to _____
(date)   (date)

**2. Date debt was incurred:** January 11, 2001

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**
$ 28,654.43          $_____          $_____          $ 28,654.43
(unsecured)          (secured)          (priority)          (Total)
SEE ATTACHED

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ 28,654.43
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| 6/16/05 | Print: J. David Forsyth   Title: Attorney<br>Signature: /s/ J. David Forsyth |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03837-3F1 |
| | ) | |
| WINN-DIXIE MONTGOMERY, INC., | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

## ATTACHMENT TO PROOF OF CLAIM AND SUMMARY OF DAMAGES FOR PROOF OF CLAIM FOR WESTLAND PLAZA ASSOCIATES, L.P.

On January 11, 2001, one of the debtors, Winn-Dixie Montgomery, Inc. (a/k/a Winn-Dixie Louisiana, Inc.) ("Tenant"), assumed and became the assignee of a July 15, 1999 lease agreement between Westland Plaza Associates, L.P. ("Landlord") and Jitney-Jungle Stores of America, Inc. for premises known as Westland Plaza in Jackson, Mississippi. Tenant's obligations under the Lease were guaranteed by Winn-Dixie Stores, Inc. Copies of the Lease and assignment and guaranty thereof are attached hereto and made a part hereof.

The Lease requires payment of rent in the amount of $14,389.83 per month, and in addition, Tenant's pro-rata share of the charges for maintaining the common areas and reimbursements for taxes and insurance. Tenant filed its petition for reorganization on February 21, 2005. The Lease has not yet been assumed or rejected. The Lease expires by its terms on June 30, 2011.

Landlord's prepetition claim is as follows, as reflected on attachments hereto:

| | | |
|---|---|---|
| Prepetition Claim: | CAM Adjustment - | $ 22,008.74 |
| | Insurance Adjustment - | $ 2,716.94 |
| | Real Estate Tax Adjustment - | $ 3,928.75 |
| TOTAL PREPETITION CLAIM | | $ 28,654.43 |

Landlord reserves the right to present other claims for administrative rents, rejection damages and any other claims it may have.

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: **Winn-Dixie Stores, Inc.**   Case No. **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

Your claim is scheduled as follows:
Debtor
Winn-Dixie Montgomery, Inc.
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$.00
Unliquidated

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

Westland Plaza Associates, L.P.

19948213

Creditor Id: WDX-2005-B1-07
WESTLAND SHOPPING CENTER LP
C/O STIRLING PROPERTIES
PO BOX 11407
BIRMINGHAM, AL 35246-0787

Telephone No. of Creditor: 985-898-2022
Fax No. of Creditor: 985-898-2077

(If your address has changed or is incorrect as it appears in Item A, please provide corrections).

**B. Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if): ☒ replaces address above  ☐ additional address

Name: J. David Forsyth, Esq.
Company/Firm: Sessions, Fishman & Nathan, L.L.P.
Address: 201 St. Charles Ave., Suite 3500
New Orleans, LA 70170

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor: **6553-05-19649**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☒ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____ (date) (date)

**Date debt was incurred:** January 11, 2001

**3. If claim is based on a Court Judgment, date obtained:** _____

**Total Amount of Claim at Time Case Filed:**

$ **28,654.43**  $ _____  $ _____  $ **28,654.43**
(unsecured)   (secured)   (priority)   (Total)
SEE ATTACHED

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**Unsecured Nonpriority Claim** $ **28,654.43**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date: 6/16/05

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice.
Print: J. David Forsyth   Title: Attorney
Signature: /s/ J. David Forsyth

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., | ) | CHAPTER 11 |
| | ) | |
| DEBTOR. | ) | |

## ATTACHMENT TO PROOF OF CLAIM AND SUMMARY OF DAMAGES FOR PROOF OF CLAIM FOR WESTLAND PLAZA ASSOCIATES, L.P.

On January 11, 2001, one of the debtors, Winn-Dixie Montgomery, Inc. (a/k/a Winn-Dixie Louisiana, Inc.) ("Tenant"), assumed and became the assignee of a July 15, 1999 lease agreement between Westland Plaza Associates, L.P. ("Landlord") and Jitney-Jungle Stores of America, Inc. for premises known as Westland Plaza in Jackson, Mississippi. Tenant's obligations under the Lease were guaranteed by Winn-Dixie Stores, Inc. Copies of the Lease and assignment and guaranty thereof are attached hereto and made a part hereof.

The Lease requires payment of rent in the amount of $14,389.83 per month, and in addition, Tenant's pro-rata share of the charges for maintaining the common areas and reimbursements for taxes and insurance. Tenant filed its petition for reorganization on February 21, 2005. The Lease has not yet been assumed or rejected. The Lease expires by its terms on June 30, 2011.

Landlord's prepetition claim is as follows, as reflected on attachments hereto:

| | | |
|---|---|---|
| Prepetition Claim: | CAM Adjustment - | $ 22,008.74 |
| | Insurance Adjustment - | $ 2,716.94 |
| | Real Estate Tax Adjustment - | $ 3,928.75 |
| TOTAL PREPETITION CLAIM | | $ 28,654.43 |

Landlord reserves the right to present other claims for administrative rents, rejection damages and any other claims it may have.