**IN THE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al,

Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

**OBJECTION TO CURE AMOUNTS**
**RECITED IN DEBTORS'**
**MOTION FOR ORDER AUTHORIZING SALE OF ASSETS**

Victory Real Estate Investments, LLC, Victory Investments, Inc., and the following affiliated entities, viz., Jesup Victory, LLC; New Iberia Investors, LLC; Palisades Investors, LLC; and Victory Vidalia, LLC, ("Landlords") respectfully object to cure amounts set forth in Exhibit "F" Schedule of Cure Amounts, as attached to the Debtors' Motion for Order (a) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (b) Authorizing the Assumption and Assignment of Leases and Contracts and (c) Granting Related Relief dated July 1, 2005 (the "Sale Motion"), and say:

1.  The Sale Motion seeks relief in several forms regarding the proposed assumption and assignment of various leases, including leases of the Landlords. Paragraph 14 of the Motion refers to and Exhibit "F" recites payments of amounts that the Debtors contend are required to cure defaults and delinquencies under various leases, including the leases of the Landlords. Paragraph 14 of the Motion requests that objections with regard to "the cure amount or other proposed cure" must be filed on or before July 14, 2005, failing which the motion suggests that a "landlord will be deemed to have consented to the cure" set forth by the Debtors and will be barred from asserting a larger claim.

2. Amounts recited in Schedule "F" for cure are incorrect with respect to leases held by the Landlords and the Landlords, accordingly, object to those amounts. In addition, the Sale Motion contains no provisions with respect to cure of defaults by the Debtors in fulfilling non-monetary obligations to the Landlords and with respect to premises described in leases.

3. The corrected amounts required to cure existing monetary defaults and delinquencies with respect to leases from the Landlords to the Debtors are as follows:

| Winn Dixie Store Number | Landlord Name | Winn Dixie Cure Amount | Corrected Cure Amount |
|---|---|---|---|
| 14 | Jesup Victory, LLC | $39,882.96 | $73,385.66 |
| 55 | Victory Vidalia, LLC | $15,114.74 | $69,827.48 |
| 421 | Palisades Investors, LLC | $26,231.53 | $51,678.75 |
| 1455 | New Iberia Investors, LLC | $21,058.21 | $142,212.32 |

4. The amounts recited in Paragraph 3 of this Objection reflect payments known or reported to the Landlords through July 12, 2005, and amounts due or accrued through July 31, 2005. The Landlords reserve the right to calculate amounts due through the date of an assignment, if an assignment is approved by the Court, and to reflect transactions of which it receives knowledge as of that date.

5. Landlords furthermore reserve the right to object to cure provisions recited in the Sale Motion because of defaults by the Debtors in fulfilling non-monetary obligations under the leases including, but not limited to, obligations to repair and maintain roofs and heating, air conditioning and ventilation systems and equipment and to keep and preserve premises in compliance with applicable leases. The Landlords' efforts to obtain accurate information regarding non-monetary performance of the Debtors under applicable leases has been

significantly impaired, first, by the holiday weekend that began immediately after the Debtors filed the Sale Motion and second, by the appearance of Hurricane Dennis and the necessity of Landlords' personnel to protect properties from its effects rather than completing property inspections required to evaluate the Debtors' performance of its non-monetary obligations under Landlords' leases. Landlords, accordingly, reserve the right to amend this objection upon receipt of information reasonably necessary to do so.

**WHEREFORE**, the above named Landlords object to the cure provisions and amounts recited in Debtors' Sale Motion and respectfully request that the Court determine cure amounts for their leases as hereinabove recited and cure requirements that hereafter may become known after reasonable inspection, including payment of such additional amounts as may be due and payable through the date of any assumption and assignment that occurs by reason of the Sale Motion and for such other and further relief as the Court deems just and proper.

Dated: Jacksonville, Florida, July 12, 2005.

>Slott, Barker & Nussbaum
>334 East Duval Street
>Jacksonville, Florida 32202
>(904) 353-0033 (Telephone)
>(904) 355-4148 (Telecopy)
>embarker@bellsouth.net (Email)
>
>/s/ Earl M. Barker, Jr.
>Earl M. Barker, Jr.
>Florida Bar No. 110140
>
>Attorneys for Victory Real Estate Investments, LLC, et al