**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors | ) | Jointly Administered |

**OBJECTION OF BELLVIEW SQUARE CORPORATION TO CURE AMOUNT
CONTAINED IN DEBTORS' MOTION FOR ORDER
(A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF
LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES
AND CONTRACTS AND (C) GRANTING RELATED RELIEF**
**(Related Docket Item No. 1961)**

Comes now, Bellview Square Corporation, also known as Belleview Square Corporation ("Bellview"), through counsel, and for its objection states as follows:

1. Bellview is the landlord for Winn-Dixie store #2151 located in Rock Hill, South Carolina, pursuant to a lease with Debtor Winn-Dixie Raleigh, Inc. d/b/a Winn-Dixie Charlotte, Inc. ("Tenant") dated December 2, 1987 as amended by Supplemental Lease Agreement dated August 16, 1988 and Amendment to Lease dated January 4, 1996 (the "Lease"). Bellview and Tenant also entered into a Short Form Lease dated December 2, 1987 which is recorded in Mortgage Book 1001, Page 75, of the Office of the Clerk of Court of York County, South Carolina.

2. Bellview has received "Debtors' Motion For Order (A) Authorizing the Sale of Assets Free and Clear Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief" (the "Motion").

- 2 -

3. The Motion, among other things, requests authority to assume and assign the Lease.

4. Schedule F of the Motion contains a cure amount for Store #2151, the same being $38,945.49. This cure amount relates solely to Tenant's prorata share of 2004 property taxes which Tenant is obligated to pay to Bellview pursuant to Article 37 of the Lease. Bellview has not attached a copy of the Lease to this Objection, as Debtor drafted the Lease, are familiar with its provisions, and have a copy.

5. The cure amount for Store #2151 contained in the Motion does not address certain other reimbursements that Tenant is required to pay to Bellview pursuant to the Lease, such being the following:

    a. Under Article 31 of the Lease, Tenant is required to reimburse Bellview for Tenant's prorata share of common area maintenance expenses for each lease year. For the lease year ended June 22, 2005, the Tenant is obligated to reimburse Bellview for $16,326.50. Likewise, Tenant is required to reimburse Bellview for similar expenses for the lease year beginning June 23, 2005.

    b. Under Article 17 of the Lease, Tenant is required to reimburse Bellview for Tenant's prorata share of Bellview's fire and extended coverage insurance. The premium for this insurance will be paid in October, 2005 by Bellview. For reference purposes, the amount billed to Tenant and paid by Tenant for Article 17 reimbursements in October, 2004 was $3,164.35.

    c. Under Article 37 of the Lease, Tenant is required to reimburse Bellview for the Tenant's prorata share of property taxes. As stated above, Tenant has included its share of 2004 property taxes in the cure amount, but said cure amount does not include

property taxes for 2005. Tenant's prorata share of property taxes for 2005 will be at least as much as for 2004, and may be higher if property taxes increase. Exhibit "A" comprises relevant documents relating to these liabilities of Tenant for the lease year 2004.

WHEREFORE, Bellview objects to the cure amount stated in the Motion and moves that the cure amount be corrected to include provision for all Tenant reimbursements stated in paragraph 5 above and for such additional relief as the Court deems just and proper.

Respectfully submitted this 13th day of July, 2005.

        WILCOX LAW FIRM

        /s/ **Robert Wilcox**
Robert D. Wilcox, Esq.
Florida Bar No. 755168
10201 Centurion Parkway North, Suite 600
Jacksonville, FL 32256
Telephone:  (904) 998-9994
Fax:  (904) 513-9201
RWilcox@WilcoxLawFirm.com

        *- and -*

Paul M. Dennis, Esq.
N. C. State Bar No. 6590
Tuggle Duggins & Meschan, P.A.
P. O. Box 228
Greensboro, NC 27402
Telephone:  (336) 378-1431
Fax:  (336) 274-6590
pdennis@tuggleduggins.com

*Attorneys for Bellview Square Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Objection of Bellview Square Corporation to Cure Amount Contained in Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* was served by mailing a copy thereof by First Class mail, postage prepaid, to the following:

| | |
|---|---|
| D.J. Baker, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>*Co-Attorneys for Debtors* | John B. Macdonald<br>Akerman Senterfitt<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL 32202-3646<br>*Co-Attorneys for Official Committee of Unsecured Creditors* |
| Cynthia C. Jackson, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>*Co-Attorneys for Debtors* | Kenneth H. Meeker<br>Assistant U.S. Trustee<br>Office of the U.S. Trustee<br>135 West Central Blvd. Room 620<br>Orlando, FL 32801 |
| Dennis F. Dunne, Esq.<br>Millbank, Tweed Hadley & McCloy LLC<br>OneChase Manhattan Plaza<br>NewYork, NY 10005<br>*Co-Attorneys for Official Committee of Unsecured Creditors* | |

This the 13th day of July, 2005

    /s/ **Robert Wilcox**
Robert D. Wilcox, Esq.

*Attorneys for Bellview Square Corporation*