IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | CASE NUMBER: 3:05-03817-JAF |
| | ) | |
| Debtor. | ) | (JOINTLY ADMINISTERED) |
| _____ | ) | |

**OBJECTION OF POTTER SQUARE ASSOCIATES (STORE #2108) TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTEREST AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS, AND (C) GRANTING RELATED RELIEF**

COMES NOW, POTTER SQUARE ASSOCIATES ("Potter Square"), and hereby files its objection to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts, and (C) Granting Related Relief (the "Motion") and its Statement of Landlord's Cure.  In support of its objection and its Statement of Landlord's Cure, Potter Square respectfully shows the Court as follows:

1.   Potter Square is the lessor with respect to certain premises leased by Winn-Dixie Stores, Inc. ("Debtor"), the same being Store #2108.  Said store is located in Stallings, North Carolina.

2.   Pursuant to the lease between Potter Square and the Debtor, the Debtor is obligated to pay rent and other charges, generally on a monthly basis, including but not limited to additional rent, common area maintenance charges, insurance, real estate taxes and utilities.

3.   Potter Square filed a proof of claim in this case, a true and correct copy of which is attached hereto, asserting a pre-petition claim in the amount of $27,669.07.

4.   Said claim amount may be subject to upward modification depending on certain events and assessments transpiring or occurring after the filing of said proof of claim.

{00000420.DOCv1}

5.    As such, Potter Square objects to the cure amount set forth in Paragraph 14 of the Motion and as further reflected in Schedule F of the Motion.

WHEREFORE, Potter Square Associates respectfully requests that this Court schedule a Cure Hearing, as that term is defined in Paragraph 14 of the Motion, that the Court find at the Cure Hearing that Potter Square Associates is entitled to a pre-petition cure amount of no less than $27,669.07, and that Potter Square Associates be granted any other additional relief this Court deems appropriate.

This 13th day of July, 2005.

Respectfully submitted,

**ROSEN LAW GROUP, LLC**

/s/ Mitchell S. Rosen

_____

Mitchell S. Rosen
Georgia Bar No. 614419

Atlanta Plaza, Suite 3250
950 E. Paces Ferry Road
Atlanta, Georgia 30326
Telephone: (404) 832-8410
Facsimile: (404) 832-8422
Attorney for Potter Square Associates

{00000420.DOCv1}

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **Winn-Dixie Stores, Inc.**     Case No. **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

Your claim is scheduled as follows:
Debtor
Winn-Dixie Stores, Inc.
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$.00
Disputed Contingent Unliquidated

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

19948023
Creditor Id: WDX-1722-B1-07
POTTER SQUARE ASSOCIATES
C/O PROPERTY CONCEPTS
545 WATERGATE COURT
ROSWELL, GA 30076 3239

(404) 231-9397
Telephone No. of Creditor

(404) 237-1659
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  ☒ additional address

Name: **Mitchell S. Rosen, Esq.**
Company/Firm: **Foltz Martin, LLC**
Address: **Five Piedmont Center, Suite 750, Atlanta, GA 30305**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces  ☐ amends   a previously filed claim, dated: _____

1. **Basis for Claim**
   ☐ Goods sold to debtor(s)
   ☐ Services performed for debtor(s)
   ☐ Goods purchased from debtor(s)
   ☐ Money loaned
   ☐ Personal injury/property damage
   ☐ Other _____
   ☐ Taxes
   ☐ Severance agreement
   ☐ Refund
   ☒ Real property lease
   ☐ Personal property lease
   ☐ Other contract _____
   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SSN: _____
   Unpaid compensation for services performed from _____ to _____ (date) (date)

2. Date debt was incurred: **Various**
3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:   $ **27,669.07**   $_____   $_____   $ **27,669.07**
                                                (unsecured)      (secured)    (priority)      (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $ **27,669.07**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

This Space Is For Court Use Only

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: **6/1/05**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Mitchell S. Rosen**    Title: **Attorney**
Signature: *[signature]*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

POTTER SQUARE
2004 RECONCILIATIONS

BUILDING SQUARE FOOTAGE: 58,010

winndixi

| TENANT | 2004 ACTUAL CAM EXPENSES | AMT PER SQ FT | TENANT SQ FT | TOTAL FOR TENANT | TOTAL CHGD TENANT IN 04 | 2004 AMT DUE (OVRPD) |
|---|---|---|---|---|---|---|
| WINN DIXIE STORE #2108 | 36,826.26 | 0.6348 | 38,660 | 24,542.38 | 19,329.96 | 5,212.42 |

**COMMON AREA EXPENSES**
| | |
|---|---|
| CAM-ELECTRICITY | 7,262.08 |
| CAM-WATER AND SEWER | 9,162.17 |
| CAM-PHONE/LIFT STATION | 546.84 |
| CAM-DUMPSTER | 1,776.23 |
| CAM-SIGNS | 481.94 |
| CAM-PEST CONTROL | - |
| CAM-REPAIRS | 641.91 |
| CAM-PARKING LOT MAINT | 11,975.09 |
| CAM-LANDSCAPING MAINT | 4,980.00 |
| CAM-MISC EXPENSE | - |
| **TOTAL COMMON AREA EXPENSE** | **36,826.26** |

| TENANT | 2004 ACTUAL R.E. TAX EXPENSE | AMT PER SQ FT | TENANT SQ FT | TOTAL FOR TENANT | TOTAL CHGD TENANT IN 04 | AMT DUE (OVRPD) |
|---|---|---|---|---|---|---|
| WINN DIXIE STORE #2108 | 27,793.60 | 0.479 | 38,660 | 18,522.68 | - | 18,522.68 |

| TENANT | 2004 ACTUAL INS EXPENSE | AMT PER SQ FT | TENANT SQ FT | TOTAL FOR TENANT | TOTAL CHGD TENANT IN 04 | AMT DUE (OVRPD) |
|---|---|---|---|---|---|---|
| WINN DIXIE STORE #2108 | 5,903.00 | 0.1018 | 38,660 | 3,933.98 | - | 3,933.98 |

| Total Due | 27,669.07 |
|---|---|

# **CERTIFICATE OF SERVICE**

I hereby certify that this day I have served counsel and the parties with a true and correct copy of the **Objection of Potter Square Associates (Store #2108) to Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts, and (C) Granting Related Relief** by overnight courier for delivery on the following business day, addressed as follows:

D.J. Baker, Esq.  
Skadden Arps Slate Meaghan & Flom, LLP  
Four Times Square  
New York, New York 10036  
*Co-Attorney for Debtor*

Cynthia C. Jackson, Esq.  
Smith Husley & Busey  
225 Water Street, Suite 1800  
Jacksonville, Florida 32201  
*Co-Attorney for Debtor*

Winn-Dixie Stores, Inc.  
5050 Edgewood Court  
Jacksonville, Florida 32254-3699  
*Debtor*

This 13th day of July, 2005.

**ROSEN LAW GROUP, LLC**

/s/ Mitchell S. Rosen  
_____  
Mitchell S. Rosen  
Georgia Bar No. 614419

Atlanta Plaza, Suite 3250  
950 E. Paces Ferry Road  
Atlanta, Georgia 30326  
Telephone: (404) 832-8410  
Facsimile: (404) 832-8422  
Attorney for Potter Square Associates

{00000420.DOCv1}