UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                          CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                                Chapter 11

    Debtors.[1]

_____/

RESPONSE BY GREENWOOD PLAZA, LTD. TO DEBTORS'
MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND
CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES
AND CONTRACTS AND (C) GRANTING RELATED RELIEF

        Greenwood Plaza, Ltd. ("Landlord"), by and through counsel, files this response to the *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief*, Docket No. 1961 (the "Sale Motion"), as follows:

        1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Landlord is the landlord and Winn-Dixie Montgomery, Inc. is the tenant ("Tenant"), pursuant to a lease dated February 11, 1982, as amended (the "Lease"),[2] for the premises known as Greenwood Plaza, located in Meridian, Lauderdale County, Mississippi, Debtor Store #583 (the "Premises"). A true and correct copy of the Lease is annexed hereto as Exhibit A. Pursuant to the Lease, Tenant operates a grocery store and gas station[3] on the Premises. Winn-Dixie Stores, Inc. is a guarantor of the Tenant's obligations under the Lease.

3. Pursuant to the Lease, Tenant is required to pay Landlord basic rent and percentage rent. Moreover, Tenant is responsible for (1) maintaining the common areas in good condition and repair as set forth in the Lease (see Fourth Agreement Amending Lease, paragraph 2.c), (2) paying all costs of any kind and description levied against the premises, including real estate ad valorum taxes as set forth in paragraph 31 of the Lease, (3) maintaining insurance coverage as required under the Lease, and (4) complying with Tenant's environmental representations, warranties, covenants and obligations as set forth in paragraph 34 of the Lease (collectively, the "Non-Rent Obligations").

4. Tenant has breached the Lease by failing to pay the 2004 real estate ad valorum taxes in the amount of $31,598.32. Landlord has paid the foregoing taxes. A true and correct copy of the tax receipt paid by Landlord is attached hereto as Exhibit B. Upon information and belief, the Debtor may be in default or breach of additional Non-Rent Obligations.

---

[2] Tenant is the assignee of the original tenant, Jitney Jungle Stores of America, Inc. Landlord is the successor in interest to Larry B. Tiffee, the original landlord.

[3] The Lease permits the original tenant to sublease a portion of the Premises for gas center operations to Pump and Save, Inc., a company affiliated with the original tenant. Upon information and belief, Tenant is also the assignee of Pump and Save, Inc. and is operating the gas station. Tenant has not provided Landlord with a copy of any sublease which may exist. Landlord reserves its right to enforce and make cure claims for obligations contained in or associated with the sublease.

5. On or about July 1, 2005, the Debtors filed the Sale Motion, requesting authority to sell certain Targeted Stores[4] for the highest and best offer, and assume and assign the relevant lease to the purchaser.

6. Store #583 is one of the Targeted Stores.

7. Attached to the Sale Motion as Exhibit F is a schedule reflecting cure amounts that the Debtors assert are owed to each landlord of a Targeted Store, and any other cure required. According to Schedule F, the cure amount owed to Landlord for the Lease of Store #583 is $0.

8. Pursuant to the Sale Motion, landlords who dispute the cure amount or other proposed cure for their lease or contract must file with the Court and serve on the Debtors an objection to the Sale Motion on or before July 14, 2005. Any objection to a proposed cure will be adjudicated by the Court at a hearing to be scheduled and separately noticed by the Debtors (the "Cure Hearing").

9. By this response, Landlord objects to the cure amount set forth on Exhibit F with respect to Store #583. The Cure Amount owed to Landlord is a minimum of $31,598.32. Moreover, Tenant should be required to cure and correct any additional breach or default of the Non-Rent Obligations. Landlord reserves the right to amend and supplement this Response with respect to cure requirements that may hereinafter become known.

---

[4] Targeted Stores is defined in the Sale Motion as stores which are located in core market areas but remain unprofitable, which the Debtors seek to sell or close.

1/1352063.1

3

WHEREFORE, Landlord respectfully requests that this Court conduct a Cure Hearing with respect to Landlord's objection to the cure amount set forth on Exhibit F to the Sale Motion, and for such other and further relief as the Court deems just and proper.

>Sherri Tucker Freeman, Esq.
**BRADLEY ARANT ROSE & WHITE LLP**
Alabama Bar No. ASB-6349-N70S
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 488-6602
sfreeman@bradleyarant.com

-and-

**STUTSMAN & THAMES, P.A.**

By: _/s/ Nina M. LaFleur_
Nina M. LaFleur

Florida Bar Number 0107451
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for Greenwood Plaza, Ltd.

## Certificate of Service

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202, and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 14th day of July, 2005.

_____
Attorney