UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| WINN-DIXIE STORES, INC. et al., | : | Case No. 05-03817-3F1 |
| Debtors. | : | (Jointly Administered) |

LIMITED OBJECTION OF COMMERCIAL NET LEASE REALTY, INC. TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

COMES NOW COMMERCIAL NET LEASE REALTY, INC. ("CNLR"), by and through its undersigned attorneys, and hereby files this Limited Objection of Commercial Net Lease Realty, Inc. to Debtors' Motion For Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Limited Objection"), and states as follows:

1. On July 1, 2005, the Debtors filed Debtors' Motion For Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Sale Motion").

2. The Sale Motion seeks approval to sell certain of the Debtors' assets, and in connection therewith, to assume and assign certain commercial leases between the Debtors and various landlords. CNLR is the landlord with respect to two (2) leases that are the subject of the

Sale Motion. One lease is for store number 2719, located in Dallas, Georgia (the "Dallas Lease"), and the other lease is for store number 2721, located in Woodstock, Georgia (the "Woodstock Lease").

3. The Sale Motion also recites that "[l]landlords who dispute the cure amount or other proposed cure for their lease or contract must file with the court and serve on the Debtors an objection to this Motion on or before July 14, 2005." Because the cure claims asserted with respect to the Dallas Lease (the "Dallas Cure Claim") and the Woodstock Lease (the "Woodstock Cure Claim") are understated in the Motion, CNLR is filing this Limited Objection.

4. CNLR also files this Limited Objection to preserve its right to contest the adequate assurance of future performance as to any assignees of the Dallas Lease and/or Woodstock Lease (collectively, the "CNLR Leases"). At this time, although there is a Stalking Horse Enterprise Bidder with respect to the Dallas Lease, there is no guaranty that said Stalking Horse Enterprise Bidder will be the high bidder. (See Motion, ¶ 18). As to the Woodstock Lease, there is not Stalking Horse Enterprise Bidder, and thus CNLR has no idea of the financial condition of any potential purchaser. Because it is improper to require CNLR to consent to the assignment of the CNLR leases prior to knowing to whom they may be assigned, CNLR objects to the Motion and reserves its right to demand adequate assurance of future performance under the CNLR Leases.

## The Cure Claims

5. The Motion asserts that the Dallas Cure Claim is $15,402.70, and the Woodstock Cure Claim is $4,133.15. Both cure claims are understated.

## The Dallas Cure Claim

6. The Dallas Cure Claim set forth in the Motion is understated because it fails to include real estate taxes, both pre-petition, and through the date of assumption, if any, as well as insurance charges, both pre-petition and through the date of assumption, if any. The total amount necessary to cure the pre-petition arrearage in connection with the Dallas Lease is $21,591.72. In addition to the CAM charges in the amount of $15,402.70, to which the Debtor has stipulated in the Motion, pre-petition real estate taxes in the amount of $5,607.90 ($40,135.00 in annual taxes divided by 365 days = $109.9589 per day, multiplied by 51 pre-petition days = $5,607.90), and pre-petition insurance charges in the amount of $581.12 ($4,159.00 in annual insurance divided by 365 days = $11.39452 per day, multiplied by 51 per-petition days = $581.12). Although the Debtor is current in its post-petition base rent under the Dallas Lease, it will also be required to cure any post-petition amounts due, including without limitation pro-rated CAM, real estate taxes and insurance that has accumulated per diem as of the date of the proposed assumption. A spreadsheet further demonstrating these calculations is attached hereto as Exhibit "A".

## The Woodstock Cure Claim

7. The Woodstock Cure Claim set forth in the Motion is understated because it fails to include real estate taxes, both pre-petition, and through the date of assumption, if any, as well as insurance charges, both pre-petition and through the date of assumption, if any. The total amount necessary to cure the pre-petition arrearage in connection with the Woodstock Lease is $10,641.73. In addition to the CAM charges in the amount of $4,133.15, to which the Debtor has stipulated in the Motion, pre-petition real estate taxes in the amount of $5,875.76 ($42,052.00 in annual taxes divided by 365 days = $115.21095 per day, multiplied by 51 pre-

petition days = $5875.76), and pre-petition insurance charges in the amount of $632.82 ($4,559.00 in annual insurance divided by 365 days = $11.668493 per day, multiplied by 51 per-petition days = $581.12). Although the Debtor is current in its post-petition base rent under the Dallas Lease, it will also be required to cure any post-petition amounts due, including without limitation pro-rated CAM, real estate taxes and insurance that has accumulated per diem as of the date of the proposed assumption. A spreadsheet further demonstrating these calculations is attached hereto as Exhibit "B".

WHEREFORE, CNLR respectfully requests that the Court conduct a Cure Hearing, sustain this Limited Objection in full, and grant such other and further relief it deems appropriate.

_____
Zachary J. Bancroft
Florida Bar No. 0145068
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 S. Orange Avenue, Suite 800 (32801)
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
Attorneys for COMMERCIAL NET LEASE REALTY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Limited Objection of Commercial Net Lease Realty, Inc. to Debtors' Motion For Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief has been served via the CM/ECF system, and also via U.S. Mail, and email (if an email address is indicated in connection with a party on the service list) this _14_ day of July, 2005, to those parties listed on the service list below

Zachary J. Bancroft

## SERVICE LIST

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
Email: djbaker@skadden.com

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Smith, Hulsy & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Email: cjackson@smithhulsey.com

Kenneth C. Meeker
Assistant U.S. Trustree
135 West Central Blvd.
Room 620
Orlando, Florida 32801

**Winn Dixie**
**Dallas, GA**
**Petition Date = February 21, 2005**

| Tenant | | | Days | | |
|---|---|---|---|---|---|
| W-D | 1/1/2005 | to | 1/31/2005 | 31 | |
| W-D | 2/1/2005 | to | 2/21/2005 | 20 | |
| Total | | | | 51 | |

| | | | | | Current | After Posting Unapplieds |
|---|---|---|---|---|---|---|
| **RENT** | | | | | Amount | Amount |
| W-D paid Rent in full. | | | | | $ - | $ - |
| | | | | | | |
| **CAM** | | Invoiced | Paid | Unapplied | Remaining | Remaining |
| 2004 CAM Reconciliation | | | | | $ 15,402.70 | $ 15,402.70 |
| 1/05 Pre-Petition | | $ 3,358.08 | $ (2,521.61) | $ (1,309.53) | $ (473.06) | $ - |
| 2/05 CAM paid in full. | | | | | | |
| | | | | | $ 14,929.64 | $ 15,402.70 |
| | | | | | | |
| **REAL ESTATE TAXES** | (Estimate) | Annual | Days | | Amount | Amount |
| 2005 Pre-Petition | | $ 40,135.00 | 51 | | $ 5,607.90 | $ 5,607.90 |
| 2005 Post-Petition | | $ 40,135.00 | 314 | | $ 34,527.10 | $ 34,527.10 |
| | | | 365 | | $ 40,135.00 | $ 40,135.00 |
| | | | | | | |
| **INSURANCE** | (Estimate) | Annual | Days | | Amount | Amount |
| 2005 Pre-Petition | | $ 4,159.00 | 51 | | $ 581.12 | $ 581.12 |
| 2005 Post-Petition | | $ 4,159.00 | 314 | | $ 3,577.88 | $ 3,577.88 |
| | | | 365 | | $ 4,159.00 | $ 4,159.00 |

| Pre-Petition | $ 21,591.72 |
|---|---|


EXHIBIT "A"

# Winn Dixie
# Woodstock, GA
# Petition Date = February 21, 2005

| Tenant | | | | Days | Condition |
|---|---|---|---|---|---|
| W-D | 1/1/2005 | to | 1/31/2005 | 31 | Pre-petition |
| W-D | 2/1/2005 | to | 2/21/2005 | 20 | Pre-petition |
| Total | | | | 51 | |

| RENT | | | | | Amount |
|---|---|---|---|---|---|
| W-D paid Rent in full. | | | | | $ - |
| | | | | | |
| CAM | | Invoiced | Paid | Unapplied | Remaining |
| 2004 CAM Reconciliation | | | | | $ 4,133.15 |
| 1/05 Pre-Petition | | $ 2,070.00 | $ (2,012.40) | $ (57.60) | $ (0.00) |
| 2/05 CAM paid in full. | | | | | |
| | | | | | $ 4,133.15 |
| | | | | | |
| REAL ESTATE TAXES | (Estimate) | Annual | Days | | Amount |
| 2005 Pre-Petition | | $ 42,052.00 | 51 | | $ 5,875.76 |
| 2005 Post-Petition | | $ 42,052.00 | 314 | | $ 36,176.24 |
| | | | | | $ 42,052.00 |
| | | | | | |
| INSURANCE | (Estimate) | Annual | Days | | Amount |
| 2005 Pre-Petition | | $ 4,529.00 | 51 | | $ 632.82 |
| 2005 Post-Petition | | $ 4,529.00 | 314 | | $ 3,896.18 |
| | | | | | $ 4,529.00 |

| **Pre-Petition** | **$ 10,641.73** |
|---|---|


EXHIBIT "B"

S:\PROPERTY MANAGEMENT\Concepts\Winn Dixie\Woodstock, GA - Hickory Grove\Petition amounts Woodstock.xls   1