UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                          CASE NO.:  3:05-bk-03817-JAF

                                CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

            Debtors.            Jointly Administered

_____

OBJECTION TO
DEBTORS' MOTION FOR ORDER
(A) AUTHORIZING THE SALE OF
ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

William J. Wade and Wilmington Trust Co. as Co-Trustees of
Southland-Conyers W.D. Delaware Business Trust, by and through
their undersigned counsel, object to the Debtors' Motion and
states as follows:

    1.    William J. Wade and Wilmington Trust Co. are the Co-
Trustees of Southland-Conyers W.D. Delaware Business Trust which
is the Landlord pursuant to a lease agreement identified by the
Debtors as Store No. 2710.

    2.    Store No. 2710 is a Targeted Store as referred to in
Exhibit "A" attached to the Debtors' Motion.  Exhibit "F" of the
Debtors' Motion schedules the Cure Amount for Store No. 2710 in
the amount of $0.00.  Said Landlord objects to the Cure Amount
set forth in Exhibit "F".  As of the petition date, William J.
Wade and Wilmington Trust Co. as Co-Trustees of Southland-

Conyers W.D. Delaware Business Trust are owed approximately $11,720.00. Subsequent to the petition date, said Landlord is owed for real estate taxes accrued, for CAM charges accrued, and for other monetary sums, including rent, that have accrued, or will accrue, and which may not have, as of this date, been billed or reconciled, plus reasonable attorney's fees. The total Cure Amount will be determined as set forth below.

3. The total Cure Amount, which will be ascertained as of the date of closing or the effective date of closing, must be paid at said time. The Debtors' Motion infers that the undisputed Cure Amount will be paid by the Debtors at closing. With respect to any disputed Cure Amount, the amount in controversy should be escrowed and, following resolution or adjudication by the Bankruptcy Court, said sum should be paid by the Debtors to the Landlord forthwith thereafter.

4. Exhibit "C" attached to Debtors' Motion sets forth that the bulk Stalking Horse Bids, to date, are not allocated as to Store No. or amount with respect to the applicable leasehold interest. Upon information and belief, the auction scheduled to commence on July 18, 2005 contemplates competitive bidding for each Targeted Store and bids in bulk for more than one Targeted Store. The failure to allocate the bulk bids accepted by the Debtors impairs the affected Landlords' rights and the rights of third parties to bid on Targeted Stores and may be contrary to

2

the approved Bidding Procedures attached to the Debtors' Motion as Exhibit "D". The failure to allocate limits prospective bidders, may chill the bidding, and reduce the resulting proceeds to the detriment of the Debtors' Estates and parties in interest.

5. Said Landlord reserves the right to amend, supplement or modify this Objection as deemed necessary.

DATED this __14__ day of July, 2005.

> HELD & ISRAEL
>
> By: _____
> Edwin W. Held, Jr., Esquire
> Florida Bar #162574
> Adam N. Frisch, Esquire
> Florida Bar #635308
> 1301 Riverplace Blvd., Suite 1916
> Jacksonville, Florida 32207
> (904) 398-7038 Telephone
> (904) 398-4283 Facsimile
>
> and
>
> NEAL, GERBER & EISENBERG, LLP
>
> Thomas C. Wolford, Esquire
> 2 North LaSalle Street, Suite 2200
> Chicago, Illinois 60602
> (312) 269-5675 Telephone
> (312) 269-1747 Facsimile

ewh/winndixieobjectionsaleconyers.djg