UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| In re: | : | |
|     WINN-DIXIE, INC. | : | Chapter 11 |
| | : | |
| | : | Case No. 05-03817-3F1 |
|     Debtors. | : | |

**OBJECTION OF LAGRANGE MARKETPLACE, L.L.C., MSC, L.L.C. AND BONNER'S POINT, L.L.C. TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

LaGrange Marketplace, L.L.C., MSC, L.L.C. and Bonner's Point, L.L.C. (hereinafter collectively referred to as the "Landlords", and individually by the entity names), by and through the undersigned counsel, respectfully file their Objection to Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Motion") . The Court has jurisdiction to enter a final Order in this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference. This matter is a core proceeding. Further, this Court has jurisdiction pursuant to 11 U.S.C. § 365 and 11 U.S.C. § 105. In support, the Landlords state as follows:

1. On or about February 21, 2005 (the "Petition Date"), the Debtors filed a voluntary petition for relief under 11 U.S.C. Chapter 11 (the "Bankruptcy Code").

2. On or about July 1, 2005 the Debtors filed a Motion with this Court requesting authorization to assume and assign unexpired leases of non-residential real property. Landlords submit that the Debtors have not complied with nor does their Motion as it pertains to the Landlords contemplate compliance with the requisite provisions of §365(b) of the Bankruptcy Code required

in order to assume unexpired leases of non-residential real property. As a consequence of the Debtors' failure to cure defaults and provide Landlords with adequate assurance of future lease payments, this Court should deny the Debtors' Motion as it pertains to the Landlords.

3. Section 365(b) of the Bankruptcy Code provides in relevant part as follows:

> "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee (A) cures, or provides adequate assurance that the trustee will promptly cure, such default; . . . (C) provides adequate assurance of future performance under such contract or lease."

### LAGRANGE MARKETPLACE, L.L.C.

4. The Debtors are a party to that certain lease agreement by and between the Debtors, as lessee, and Lagrange Marketplace, L.L.C., as lessor, for the retail space used by the Debtors' store number 1998 located at 908 Hoganville Road, LaGrange, Georgia.

5. As of the Petition Date, the Debtor was in default of the lease agreement due to its failure to pay in excess of $30,000.00 of base rent, common area maintenance ("CAM"), taxes and insurance in accordance with the terms of the lease.

6. As of July 7, 2005, the Debtors are indebted to Lagrange Marketplace, L.L.C. in the sum of $43,872.34 consisting of base rent, CAM, taxes and insurance due under the Lease.

7. The Debtors schedule the cure amount due to Lagrange Marketplace, L.L.C. on Exhibit F attached to their Motion as $0.00.

### MSC, L.L.C.

8. The Debtors are a party to that certain lease agreement by and between the Debtors, as lessee, and MSC, L.L.C., as lessor, for the retail space used by the Debtors' store number 2055 located at 6404 Wilkinson Blvd., Belmont, North Carolina.

9. As of the Petition Date, the Debtors were in default of the lease agreement due to its failure to pay in excess of $10,000.00 of base rent, common area maintenance ("CAM"), taxes and insurance in accordance with the terms of the lease.

10. As of July 7, 2005, the Debtors are indebted to MSC, L.L.C. in the sum of $42,632.32 consisting of base rent, CAM, taxes and insurance due under the Lease.

11. The Debtors schedule the cure amount due to MSC, L.L.C. on Exhibit F attached to their Motion as $0.00.

## BONNER'S POINT, L.L.C.

12. The Debtors are a party to that certain lease agreement by and between the Debtors, as lessee, and Bonner's Point, L.L.C., as lessor, for the retail space used by the Debtors' store number 1907 located at 114 Bonner's Point, Roanoke, Alabama.

13. As of the Petition Date, the Debtors were in default of the lease agreement due to its failure to pay in excess of $5,000.00 of base rent, common area maintenance ("CAM"), taxes and insurance in accordance with the terms of the lease.

14. As of July 7, 2005, the Debtors are indebted to Bonner's Point, L.L.C. in the sum of $8,238.28 consisting of base rent, CAM, taxes and insurance due under the Lease.

15. The Debtors schedule the cure amount due to Bonner's Point, L.L.C. on Exhibit F attached to their Motion as $0.00.

## ARGUMENT

16. The leases are hereinafter collectively referred to as "the Leases" and individually as "a Lease".

17. Pursuant to §365(d)(3) the Debtors have an affirmative obligation to stay current with

its post-petition rents. That section provides in pertinent part: "...the Trustee shall timely perform all the obligations of the Debtor . . ., arising from and after the order for relief under an unexpired Lease of non-residential real property, until such Lease is assumed or rejected ..." Debtors' failure to remain current on its obligations under the Leases is an absolute violation of the clear and unambiguous language of §365(d)(3).

18.     Under to §365(b)(1)(A), the Debtors must cure defaults under the Leases; under §365(b)(1)(C), the Debtors must provide Landlord with adequate assurance of future performance under the Leases. Debtors have neither complied with nor contemplated compliance with the requisite provisions of §365(b) as said sections relate to the Landlords. As a consequence of the Debtors' failure to comply with the requisite provisions of §365(b), the Debtors' Motion as it relates to the Landlords must be denied with prejudice. Should the Debtors' Motion be granted without exception made for the Landlords, the Landlords object to the cure amounts scheduled by the Debtors; demand an opportunity to present evidence substantiating the Landlords claimed cure amounts; and request that the Debtors be required to immediately cure all substantiated pre- and post-petition defaults under the Leases. As adequate assurance of future performance under the Leases, the Landlords request that the Debtors or their assignees be required to immediately prepay an amount equal to the sum of two (2) months worth of base rent, CAM, taxes and insurance due under each Lease.

## RELIEF REQUESTED

WHEREFORE, LaGrange Marketplace, L.L.C., MSC, L.L.C. and Bonner's Point, L.L.C. respectfully requests that the Court enter an Order denying, with prejudice, the Debtors' Motion as filed; schedule a hearing during which the Landlords can present evidence substantiating the

Landlords claimed cure amounts; order that the Debtors be required to immediately cure all substantiated pre- and post-petition arrearages and defaults under the Leases prior to the Debtors assumption of the same; order the Debtors or their assignees immediately prepay to the Landlords an amount equal to the sum of two (2) months worth of base rent, CAM, taxes and insurance due under each Lease; and for such other and further relief as is just and equitable.

/s/Leslie G. Weeks
LESLIE G. WEEKS
FL Bar #01067592
JEFFERY J. HARTLEY
Counsel for LaGrange Marketplace, L.L.C., MSC, L.L.C. and Bonner's Point, L.L.C.
OF COUNSEL:
HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE
POST OFFICE BOX 2767
MOBILE, ALABAMA 36652
(251) 432-5521
lgw@helmsinglaw.com

CERTIFICATE OF SERVICE

      I do hereby certify that I have on this the 14th day of July, 2005 served a copy of the foregoing pleading on the appropriate parties either by electronic mail or by U.S. Mail, properly addressed and first class postage prepaid:

| | |
|---|---|
| D.J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie W. Gray | Cynthia C. Jackson |
| Eric M. Davis | Eric N. McKay |
| Skadden, Arps, Slate, Meagher & Flom LLP | Smith Hulsey & Busey |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |

/s/Leslie G. Weeks
Of Counsel