UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| ) | Jointly Administered |
| ) | |

OBJECTION TO CURE AMOUNT STATED IN
DEBTORS' MOTION FOR ORDER (A) AUTHORIZING
THE SALE OF ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

Gottlieb Family Trust Houma, LLC., creditor in the above referenced action, objects to debtor's motion to the extent that it purports to name the landlord of the store and fix the cure amount associated with the parties' lease agreement on Winn Dixie store number 1469 (hereafter "Store # 1469").

1. Gottlieb Family Trust Houma, LLC. is the current owner of the real property and improvements in which Store # 1469 is currently located and is the present landlord under the existing lease.

2. In support of its objection, respondent respectfully shows the court that the amount needed to cure the arrearages associated with said lease totals $54,222.60 as set forth in proof of claim number 925 (See Exhibit "A"), plus such attorney's fees and taxes as may accrue prior to the cure amount being paid. Said amount, pursuant to the lease agreement by and between landlord and debtor, is comprised of past due real estate taxes.

**Wherefore**, respondent respectfully prays that the court enter an order setting the appropriate cure amount for respondent's lease as shown above.

Dated: Santa Barbara, California, July 13, 2005.

>LAW OFFICES OF ANDREW J. CAVANAUGH
>205 E. Anapamu Street
>Santa Barbara, CA 93101
>(805) 965-7014 (Telephone)
>(805) 965-4727 (Facsimile)
>Cavanaugh@andrewesq.com (Email)
>
>_____
>Andrew J. Cavanaugh
>California Bar No. 166567
>
>Attorney for Gottlieb Family Trust Houma, LLC
>and Lynn Kirk Management

**Exhibit A**

FORM B10 (Official Form 10) (04/04)          AMENDED

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| Name of Debtor: WINN DIXIE STORES, INC<br>Case Number: 05-11063 (RDD) | DEBTOR WINN - DIXIE STORES, INC<br>US BANKRUPTCY COURT M D -FLORIDA<br>JOINTLY ADMINISTERED UNDER<br>CASE 05-03817 (3F1)<br>CHAPTER 11 |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U S C § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property) 1386
GOTTLIEB FAMILY TRUST HOUMA, LLC

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach copy of statement giving particulars

**CLAIM NO.: 925**

Name and address where notices should be sent
GOTTLIEB FAMILY TRUST HOUMA, LLC
24 E. COTA STREET
SANTA BARBARA, CA 93101
Telephone number (805) 687-5785

☐ Check box if you have never received any notices from the bankruptcy court in this case
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor

Check here ☐ replaces    a previously filed claim, dated _____
if this claim ☐ amends

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes  Property taxes due under a
- ☒ Other  commercial lease
- ☐ Retiree benefits as defined in 11 U S C § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
   Last four digits of SS # _____
   Unpaid compensation for services performed
   from _____ to _____
         (date)         (date)

**2. Date debt was incurred:** 12/31/2004

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ _____ _____ 54,222.60  54,222.60
(unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief Description of Collateral
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____

Value of Collateral $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Nonpriority Claim** $ _____

☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ 54,222.60
Specify the priority of the claim
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U S C § 507(a)(4)
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C § 507(a)(7)
- ☒ Taxes or penalties owed to governmental units-11 U S C § 507(a)(8)
- ☐ Other - Specify applicable paragraph of 11 U S C § 507(a)(___)

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
APR 28 2005
U S BANKRUPTCY COURT
SO DIST OF NEW YORK

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) |
|---|---|
| 3/28/2005 | LYNN KIRK, MANAGER  /s/ Kirk |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am employed in the County of Santa Barbara, State of California. I am over the age of 18 and not a party to the within action; my business address is 205 E. Anapamu Street, Santa Barbara, California 93101.

On April 25, 2005, I served the foregoing document described as: **AMENDED PROOF OF CLAIM (B10) against WINN DIXIE Stores, Inc., Case No. 05-11063 (RDD)** as follows:

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Adam S. Ravin
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Eric M. Davis
SKADDEN, ARPS, SLATE,
MEAGHER & FLOMM LLP
One Rodney Square
Wilmington, Delaware 19801

__X__ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Barbara, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

_____ **(BY PERSONAL SERVICE)** I delivered such document by hand to the offices of the addressee.

_____ **(BY FACSIMILE TRANSMISSION)** I caused such document(s) to be telefaxed to the above parties at their telephone numbers immediately following their names and the transmission was reported as complete and without error.

Executed on April 25, 2005, at Santa Barbara, California.

__X__ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

__ROBERT CROTEAU__

| | | |
|---|---|---|
| JERRY J. LARPENTER<br>SHERIFF AND TAX COLLECTOR<br>PARISH OF TERREBONNE<br>P. O. DRAWER 1670<br>HOUMA, LA  70361<br>TAX DEPT. (985)857-0230 | STATE OF LOUISIANA<br>PARISH OF TERREBONNE | **METHOD OF PAYMENT**<br>CERTIFIED CHECK<br>OR<br>MONEY ORDER |

*7856 Main #120*
*Houma 70360*

DATE OF NOTICE:  FEBRUARY 28, 2005

                    7002 2410 0006 7585 4971
GOTTLIEB FAMILY TRUST HOUMA, L.L.C.
1209 1/2 DE LA VINA STREET
SANTA BARBARA, CA  93101

JERRY J. LARPENTER
SHERIFF AND TAX COLLECTOR
PARISH OF TERREBONNE
P. O. DRAWER 1670
HOUMA, LA  70361

Dear Taxpayer,

In compliance with LA. R.S. 47:2180, you are hereby notified by certified notice that your TERREBONNE PARISH taxes on your IMMOVABLE property for the year 2004 are past due and delinquent, and if not paid within TWENTY days after the mailing of this notice, I will advertise and sell, according to law, said property, to satisfy the judgment against you, as shown by the assessment roll on file in the recorder's office, Terrebonne Parish.

            PAY THIS AMOUNT $      54,222.60

ASSESSMENT NUMBER:   15782 100     R-03-C

| | |
|---|---:|
| TAXES | 52,633.60 |
| INTEREST | 1,579.00 |
| NOTICE | 10.00 |
| TOTAL | 54,222.60 |

## THIS FORM MUST BE RETURNED WITH PAYMENT

# LEASE

THIS LEASE, made this _____8th_____ day of _____August_____, 19__96__,
between PROSPECT LIMITED PARTNERSHIP, a Louisiana limited partnership,

_____ (hereinafter called "Landlord"),

and WINN-DIXIE LOUISIANA, INC., a Florida corporation qualified to do business in the State of Louisiana (hereinafter called "Tenant");

which terms "Landlord" and "Tenant" shall include, wherever the context permits or requires, singular or plural, and the heirs, legal representatives, successors and assigns of the respective parties;

## WITNESSETH:

**PREMISES**

That the Landlord, in consideration of the rents herein reserved and of the covenants of the Tenant, does hereby lease and demise unto the Tenant, for the term hereinafter specified, the following described land and improvements thereon:

That certain piece, parcel or tract of land located at __the southeasterly corner of the intersection of Prospect Street__ and __E. Main Street__ in the City of __Houma__, Parish of __Terrebonne__, State of __Louisiana__, more particularly described as:

See Exhibit "B" attached hereto and by this reference made a part hereof for legal description of demised premises.

Together with a store building, approximately 200 feet in width by 220 feet in depth, containing approximately 48,000 square feet, and pad mounted cooler and freezer annexes on the rear thereof, parking area, sidewalks, service areas and other improvements to be constructed thereon by Landlord according to plans and specifications to be approved by the parties as herein provided, such improvements being more particularly shown on Plot Plan last revised July 30, 1996 by Paul F. Stewart Architect, Ltd., Monroe, Louisiana, entitled "Winn Dixie", attached hereto marked Exhibit "A" and by this reference made a part hereof.



**UTILITIES**

5. Tenant agrees to pay all charges for telephone, gas, electricity, water and all other utilities used by Tenant on the premises, and the Landlord agrees to provide access to such utilities at all times during the term of this lease.

**REPAIRS**

6. Upon completion of construction of the improvements upon the demised premises in accordance with the plans and specifications, Tenant agrees, at its sole cost and expense, to maintain the building and appurtenances and other improvements on the demised premises and the sidewalks, parking and service areas, in good and tenantable condition and repair throughout the term of this lease, and any extensions thereof; and to make all repairs to the improvements, structural and otherwise, both interior and exterior, necessary to preserve the same in good order and condition; and to repair, at or before the end of the term of this lease, or any extensions thereof, all injury done by the installation or removal of furniture, fixtures and property.

**TAXES AND INSURANCE**

7. During the term of this lease, and any extensions thereof, Tenant agrees to pay and reimburse to Landlord as additional rental the amount of the annual ad valorem real estate taxes levied against the demised premises, and also the annual premium cost of public liability and fire and extended coverage insurance ("all risk") with a flood and earthquake endorsement on the building on the demised premises. The amount of taxes attributable to the demised premises and for which Tenant is to reimburse Landlord shall be less the maximum amount of any abatements, discounts or refunds permitted by law thereon. Upon request of Tenant, Landlord agrees to exhibit to Tenant the paid tax statements and insurance premium statements as evidence of the taxes and insurance premiums chargeable to Tenant, and such additional rental shall be payable by Tenant within thirty (30) days after tender by Landlord to Tenant of such paid tax and insurance statements. Any payments made by Tenant to Landlord under the provisions of this Article shall be prorated for fractional years occurring at the beginning and expiration of the term of this lease, or any extensions thereof. Tenant shall have the right from time to time to contest or protest or review by legal proceedings or in such other manner as may be provided, any such taxes, assessments or other governmental impositions aforementioned, and to institute such proceedings in the name of the Landlord as the Tenant may deem necessary; provided, however, any expense incurred by reason thereof shall be borne by the Tenant and such proceedings conducted free of all expense to Landlord. Any special assessments, improvement liens and the like (other than ad valorem real estate taxes) which are assessed during the term of this lease, or any exercised option extensions hereof, but which are payable in whole or in installments after the expiration or termination of this lease, shall be adjusted and prorated and Landlord shall pay the prorated share thereof for the period subsequent to such expiration or termination, and Tenant shall pay the prorated share thereof prior to such expiration or termination, it being intended that Tenant shall be obligated to reimburse Landlord only for such installments as may become due during the term of this lease, or any exercised option extensions thereunder.

Before any billing for such insurance contribution shall be due, Landlord shall furnish to Tenant the policy Declarations pages, or such additional information as necessary, indicating the schedule of insured property, schedule of coverages, basis of the premium, and premium of the insured property, together with the calculation of the insurance premium prorated to Tenant. Tenant's reimbursement for insurance coverages, whether under Article 10 or otherwise, shall not include loss of rents, liability within the demised premises or other coverages not within those required hereunder.

Notwithstanding the above, it is agreed that Tenant's obligation to make the payments herein described is expressly conditioned upon receipt from Landlord of a written statement for such ad valorem real estate tax contributions (as well as the other documents described herein if requested by Tenant) no later than December 31 of the calendar year following the year in which the taxes were due.

Notwithstanding the above, so long as Tenant is not in default hereunder and the stockholders' equity of its parent company, Winn-Dixie Stores, Inc., exceeds $100,000,000, Tenant may elect to self-insure each of the insurance coverages described hereinabove and in Article 10. Sums due from Tenant in lieu of insurance proceeds because of such self-insurance shall be treated as insurance proceeds for all purposes under this lease. The insurance ~~policies~~ **COVERAGES** *MB* shall be for a term of not less than six months and shall name Landlord, Tenant and any lender of Landlord as insured parties, as their interests may appear. Any insurance which Tenant is permitted to obtain pursuant to this Article may be the subject of self-insurance or be carried under a "blanket" policy or policies covering other properties or liabilities of Tenant.

Further notwithstanding the above, Landlord, at Landlord's option, may submit the unpaid bills for ad valorem real estate taxes to the Tenant (for maximum discounted amount), and upon receipt of such statement, Tenant agrees to pay said bills within thirty (30) days after receipt thereof and provide, upon Landlord's request, written evidence of such payment to the Landlord

4

**DEFAULT** 14. In the event the Tenant should fail to pay any of the monthly installments of rent reserved herein for a period of more than ten (10) days after the same shall become due and payable, or if the Tenant shall fail to keep or shall violate any other condition, stipulation or agreement herein contained, on the part of the Tenant to be kept and performed, and if either such failure or violation shall have continued for a period of thirty (30) days after the Tenant shall have received written notice by certified or registered mail at its office address hereinafter designated from the Landlord to pay such rent or to cure such violation or failure, then, in any such event, the Landlord, at its option, may either (a) terminate this lease or (b) re-enter the demised premises by summary proceedings or otherwise expel Tenant and remove all property therefrom and relet the premises at the best possible rent obtainable, making reasonable efforts therefor and receive the rent therefrom; but the Tenant shall remain liable for the deficiency, if any, between Tenant's rent hereunder and the price obtained by Landlord on reletting. However, a default (except as to payment of rentals) shall be deemed cured if Tenant in good faith commences performance requisite to cure same within thirty (30) days after receipt of notice and thereafter continuously and with reasonable diligence proceeds to complete the performance required to cure such default.

**BANKRUPTCY** 15. The Tenant further covenants and agrees that if, at any time, the Tenant is adjudged bankrupt or insolvent under the laws of the United States or of any state, or makes a general assignment for the benefit of creditors, or if a receiver of all the property of the Tenant is appointed and shall not be discharged within ninety (90) days after such appointment, then the Landlord may, at its option, declare the term of this lease at an end and shall forthwith be entitled to immediate possession of the premises.

**CONSTRUCTION RISKS** 16. It is understood and agreed that nothing herein contained shall constitute the Landlord as the agent in any sense of the Tenant in constructing said improvements, and that the Tenant shall have no control or authority over the construction of said improvements, beyond the right to reject the tender of the premises for the causes herein stated. The Tenant shall not in any manner be answerable or accountable for any loss or damage arising from the negligence or the carelessness of Landlord or Landlord's contractor or of any of their subcontractors, employees, agents or servants by reason of Landlord constructing said improvements pursuant to the terms of this lease. Landlord shall indemnify and save Tenant harmless from and against all claims and suits for damages to persons or property from defects in material or from the use of unskilled labor or from any negligence caused by Landlord, Landlord's contractors or by any of their employees, agents or servants during the progress of the work in constructing said improvements, or from any faulty construction thereof.

**EXCLUSIVE SUPERMARKET** 17. The Landlord agrees that, if it owns or controls any property located within one thousand (1,000) feet of the demised premises, it will not, without the written permission of the Tenant, directly or indirectly, lease or rent such property to any person, firm or corporation to be used for or occupied by any business dealing in or which shall keep in stock or sell any staple or fancy groceries, meats, fish, fruits, vegetables, dairy products, bakery goods, or frozen foods; nor will the Landlord permit any tenant of any such property to sublet in any manner, directly or indirectly, any such property to any person, firm or corporation to be used for or occupied by any business dealing in or which shall keep in stock or sell any of the above listed items.

In the event the demised premises are at any time subject to a first mortgage (provided Tenant has been notified in writing of the name and address of the holder thereof) and so long as said mortgage shall encumber the demised premises, and notwithstanding any provisions herein to the contrary, the Tenant shall have no right to cancel or terminate this lease or to withhold rental payments because of a violation of the terms of this exclusive provision as to property located within 1000 feet of any exterior boundary of the shopping center, but nothing herein shall deprive Tenant of any rights of recourse against Landlord, its successors and assigns, by way of suit for damages or injunctive relieve, or as otherwise provided by law, in the event of any such violation. If the holder of such first mortgage should succeed to ownership of the demised premises by virtue of foreclosure or transfer of title thereto in lieu of such foreclosure or otherwise, in such event the terms of this exclusive provision shall apply to the holder of such first mortgage as owner-landlord only with respect to the land which was formerly encumbered by the lien of said first mortgage. For the purposes, hereof, the term "first mortgage" shall include any first security instrument.

IN WITNESS WHEREOF, the Landlord and Tenant have executed this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

PROSPECT LIMITED PARTNERSHIP
By Its Sole General Partner:

Bauer & Company L.L.C.

By: _____
   Its            Managing Member

As to Tenant

**LANDLORD**

WINN-DIXIE LOUISIANA, INC.

By: _____
   Its            Vice President

Attest: _____
   Its            ASST. Secretary

As to Tenant

(Corporate Seal)

**TENANT**

12

# GUARANTY

In consideration of the sum of Ten Dollars ($10.00) paid by PROSPECT LIMITED PARTNERSHIP, a Louisiana limited partnership, hereinafter called "Landlord", to WINN-DIXIE STORES, INC., a Florida corporation, hereinafter called "Guarantor", the receipt and sufficiency whereof are hereby acknowledged, Guarantor does hereby guarantee unto Landlord, its heirs, legal representatives, successors and assigns, the due performance and observance by WINN-DIXIE LOUISIANA, INC., a Florida corporation qualified to do business in Louisiana hereinafter called "Tenant", of all the terms, covenants and conditions on the part of Tenant to be performed and observed including, without limitation, payment of rentals under the lease agreement dated _August 8, 1996_ covering certain premises located at the southeasterly corner of the intersection of Prospect Street and E. Main Street, in the City of Houma, Parish of Terrebonne and State of Louisiana.

IN WITNESS WHEREOF, Guarantor has caused this Guaranty to be executed in its corporate name and its corporate seal to be hereunto affixed and attested by its officers duly authorized this _21st_ day of _August_, 1996.

Signed, sealed and delivered in presence of:

_Janette Brannon_

_Linda J. Babcock_

WINN-DIXIE STORES, INC.

By: _[signature]_
Its President

Attest: _[signature]_
Its Assistant Secretary
(CORPORATE SEAL)
GUARANTOR

STATE OF FLORIDA )
COUNTY OF DUVAL )

BE IT KNOWN that on this _21st_ day of _August_, 1996, before me the undersigned authority, personally came and appeared _James Kufeldt_, ____ of WINN-DIXIE STORES, INC., a Florida corporation, to me known, who signed and executed the above and foregoing lease before me and in the presence of the two witnesses whose names are thereto subscribed as such and who acknowledged in my presence and in the presence of said witnesses that he signed the above and foregoing lease as his free act and deed and for the uses and purposes therein set forth.

IN WITNESS WHEREOF the said appearer has signed hereto, together with the said witnesses and I have hereunto affixed my official hand and seal on the day and year first above written.

WITNESSES:

_[signature]_

_[signature]_

Sworn and subscribed before me this ___ of _August_, 1996

_[signature]_
Commission Expires: ___

By: _[signature]_
Its President

(NOTARIAL SEAL)

LAURA E. BAUGHMAN
My Comm. Exp. July 17, 1998
Comm No. CC 305229

## LAW OFFICES OF ANDREW J. CAVANAUGH

### ANDREW J CAVANAUGH
Attorney at Law

205 E ANAPAMU STREET, SANTA BARBARA, CA 93101
TEL (805) 965-7014    FAX (805) 965-4727    2nd FAX (805) 962-3557
email andrew@andrewesq com

DATE: 4/25/2005

**TO:**   UNITED STATES BANKRUPTCY COURT
*Southern District of New York*
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

**RE:**   **WINN DIXIE STORES, INC**

**ENCLOSED:** **Amended PROOF OF CLAIM (B10) and copy for confirmation.**

___ For your information.
___ For your records.
___ Please review document(s) and contact me.
_X_ Please file, conform and return conformed copy.
___ Please sign before a Notary and return.
___ Please approve as to form and content.
___ Please record.
___ In accordance with your request.
___ Please review, sign and return.
___ Please telephone me to discuss.
___ As per your request.

**REMARKS: Please file the enclosed Amended Proof of Claim and return a conformed copy in the self addressed envelope to the undersigned.**

Sincerely,

LAW OFFICES OF ANDREW J. CAVANAUGH

By *[signature]*
Robert Croteau

RECEIVED
APR 2 8 2005
U S BANKRUPTCY COURT
SO DIST OF NEW YORK

## CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the Objection, by placing a true copy of the same in the U.S. Mail, properly addressed with sufficient postage affixed thereon to insure delivery on:

D.J. Baker, Sally McDonald Henry, Rosalie Gray
and Eric Davis
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036-6522

Steven Busey, James H. Post, Cynthia C. Jackson
and Eric McKay
Smith, Hulsey and Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Dennis F. Dunne
Milbank, Tweed, Hadley and McCloy, LLC
One Chase Manhattan Plaza
New York, NY 10005

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Blvd.
Room 620
Orlando, FL 32801

This 13th day of July, 2005.

Andrew J. Cavanaugh
State Bar No: 166567