UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                    )
                                          )   Case No. 05-03817-3F1
WINN-DIXIE STORES, INC., et al.           )
                                          )   *Chapter 11*
            Debtors.¹                     )
                                          )   Jointly Administered

**MOTION TO WAIVE LOCAL RULE 2090-1 REQUIREMENT
OF DESIGNATION AND CONSENT-TO-ACT BY FLORIDA COUNSEL**

Comes Laura's Lean Beef ("LLB"), through undersigned counsel, and pursuant to Local Rule 2090-1(c) hereby moves this Court to waive the requirement to file a written designation and consent-to-act on the part of some member of the bar of the Middle District of Florida, resident in Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case, as provided therein, so as to allow undersigned counsel to continue to represent the interests of LLB without the necessity of such local counsel for reasons more particularly set forth herein. As grounds for this motion, LLB states as follows:

1.   Laura's Lean Beef filed a claim for reclamation of goods (Docket No. 80) on February 24, 2005 in the amount of $7,353.

2.   The amount of the claim is relatively small.

---

¹  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in the jointly administered cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn Dixie Supermarkets, Inc.

3. Undersigned counsel is certified for electronic filing in this Court.

4. Retention of local counsel will increase the costs of defending this claim.

5. LLB is entitled to the attorney of its choice and it is unduly burdensome for defendant to be forced to retain and pay two attorneys where the amount in dispute is less than $20,000.

6. This matter involves no state law, and presents issues that are solely a matter of federal bankruptcy law.

7. Undersigned counsel was admitted to participate in this case on a *pro hac vice* basis under the local rules of the Untied States Bankruptcy Court for the Southern District of New York, while this case was pending in that forum, without the necessity of having to retain local counsel in New York, as provided in that Court's rules.

8. Pursuant to Court's Amended Initial Order Upon Transfer of Venue dated April 19, 2005 (Docket No. 762), to the extent an attorney has already been granted *pro hac vice* status in New York, such attorney is authorized to practice before this Court, subject to compliance with Local Bankruptcy rule 2090-1. That rule specifically provides that the written designation and consent-to-act on the part of some member of the bar of the Middle District of Florida, resident in Florida, provided in subsection (c) of that rule may be waived by the Court for good cause shown.

WHEREFORE, LLB respectfully requests that pursuant to Local Rule 2090-1(c), this Court waive the requirement that LLB retain local counsel.

        Respectfully submitted,

        WYATT, TARRANT & COMBS, LLP

        /s/ John P. Brice
        John P. Brice (KY 07535)
        250 West Main Street, Suite 1600
        Lexington, Kentucky 40507-1746
        Telephone: (859) 233-2012
        Facsimile: (859) 259-0649
        lexbankruptcy@wyattfirm.com

        COUNSEL FOR LAURA'S LEAN BEEF

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on the 14th day of July, 2005, a true and correct copy of the foregoing Motion to Waive Local Rule 2090-1 Requirement of Designation and Consent-to-Act by Florida Counsel was served upon all parties listed below by electronic and/or first-class, postage prepaid U.S. mail.

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

David J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY  10036

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, FL  32801

                                                      /s/ John P. Brice
                                                        John P. Brice

30375575.1