**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| | ) | |
| **In re** | ) | |
| | ) | |
| **WINN-DIXIE STORES, INC.,** *et al.,* | ) | **CASE NO. 05-03817-3F1** |
| | ) | |
| **Debtors.** | ) | **CHAPTER 11** |
| | ) | **JOINTLY ADMINISTERED** |
| | ) | |

**OBJECTION OF NEW PLAN EXCEL REALTY TRUST, INC., ARONOV
PROPERTY MANAGEMENT AND CLIFFDALE CORNER, INC. TO DEBTORS'
MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES
AND CONTRACTS AND (C) GRANTING RELATED RELIEF (CURE OBJECTION)**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

NEW PAN EXCEL REALTY TRUST, INC. ("New Plan"), ARONOV

PROPERTY MANAGEMENT ("Aronov") and CLIFFDALE CORNER, INC. ("CCI") by their

undersigned attorneys, make this Cure Objection to Debtors' Motion for Order (A) Authorizing

the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B)

Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related

Relief (the "Motion") and in support thereof aver:

1.      New Plan, Aronov and CCI are the owners or agents for the owners of the

shopping centers identified below at which Debtors operate grocery stores pursuant to leases

(each a "Lease" and together the "Leases") that are subject to the Motion.  New Plan, Aronov

and CCI are hereinafter collectively referred to as "Objecting Landlords".

2.      All of Objecting Landlords' premises are located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3).  *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

3.      Debtors have set forth on Exhibit F to the Motion this "Schedule of Cure Amounts."  Objecting Landlords must file any objections to the Schedule on or before July 14, 2005.

## Cure Amounts

4.      Set forth below are Objecting Landlords' monetary claims for rentals due, exclusive of any sums which have become due or been paid after July 6, 2005, unless otherwise noted.  The claims set forth are the base cure claim amounts subject to additional qualifications and modifications (such as reimbursement of attorney's fees) as more fully set forth below.

| Store No. | Shopping Center | Location | Landlord | Debtor's Cure Amount | Landlord Cure Amount | Ex. |
|---|---|---|---|---|---|---|
| 452 | Talladega S. Ctr. | Talladega, AL | Aronov | $950.17 | 950.17 | --- |
| 523 | Flintridge Center | Fairfield, AL | Aronov | $4,661.73 | $39,701.24 | A |
| 882 | Cliffdale Corner | Fayetteville, NC | CCI | $64,664.46 | $64,664.46 | --- |
| 1402 | Clinton Crossing | Clinton, MS | New Plan | $0.00 | $113,728.48 | B |
| 1851 | Habersham Village | Cornelia, GA | New Plan | $25,720.84 | $44,617.91 | C |
| 1906 | Cloverdale Village | Florence, AL | New Plan | $0.00 | $38,146.20 | D |
| 1935 | Apison Crossing | Ooltewah, TN | New Plan | $0.00 | $125,324.22 | E |
| 1938 | St. Elmo Central | Chattanooga, TN | New Plan | $35,911.91 | $140,730.29 | F |
| 2717 | Sweetwater Village | Austell, GA | New Plan | $0.00 | $45,039.36 | G |
| 2736 | Creekwood S. Ctr. | Rex, GA | New Plan | $57,503.45 | $85,208.79 | H |
| 2737 | Midway Village | Douglasville, GA | New Plan | $37,071.87 | $50,895.33 | I |

5.      Objecting Landlords further aver that additional amounts, not as yet known, such as year-end adjustments to various items including, but not limited to, real estate taxes and common area maintenance, as well as annual percentage rental, may also be due with regard to the pre-petition and post-petition periods.  Section 365(b) requires that a debtor cure all defaults in conjunction with a lease assumption.  Since accrued, unbilled items have not been invoiced to date, there can be no default for the failure to pay same.  Nevertheless, Debtors should acknowledge, and any Order approving cure amounts and assumption and assignment of Objecting Landlords' Leases should provide, that Debtors and any assignee remain jointly and severally liable for the unbilled items, even though they may cover, wholly or partially, a pre-petition and/or pre-assumption period of time, and that payment of year end adjustments will be made when due pursuant to the terms of the Leases.

6.      Objecting Landlords are particularly concerned with regard to the "Cure" of all defaults in light of the language set forth in the proposed order as well as the various assumption and assignment agreements between Debtors and the proposed assignees.[1]  For example, the 15th decretal paragraph of the proposed order between Debtors and Bi-Lo states that

> "all defaults, claims or other obligations of the Debtors arising or
> accruing under each of the leases, if any, prior to assumption, or it
> could have been raised prior to assumption (without giving affect
> to any acceleration clause or any default provisions of the kind
> specified in 11 U.S.C. § 365(b)(2)) will cured or deemed cured by
> the Debtors in accordance with the Purchase Agreement, by paying
> the Cure Amounts."

---

[1]      Objecting Landlords will address the proposed orders more specifically in their objection to the Sale Motion to be file in advance of the sale hearing.

That sentence purports to consider not only all defaults cured, but also <u>any claims, whether or not there were defaults resulting from those claims</u>.  As noted above, Section 365 requires the Debtors to cure all defaults; it does not require the cure of any potential claims or defaults.

7.    In cases involving retail tenants leases often provided for a year-end reconciliation of certain charges which are paid on an estimated bases.  Those charges may include such items as real estate taxes, common area maintenance ("CAM"), utilities, marketing charges and percentage rent.  In the instant case, for example, the reconciliation for 2005 real estate taxes will not be known, in most cases, until some time in 2006.  Assuming a sale of a lease, and an assumption and assignment thereof, as of August 31, 2005, the Debtors would, pursuant to the Purchase Agreement, be liable for two-thirds of the 2005 year-end adjustment for taxes and the assignee responsible for the other third.  However, as written, the proposed order, and the quoted language in particular, would appear to relieve and release the Debtors for any liability for such charges.[2]

8.    The Purchase Agreements suggest that unknown allocations shall be adjusted as between the buyer and the seller at the time of closing.  Accordingly, Objecting Landlords request that the Debtors and their assignees be required to adjust their purchase price based upon the estimated year-end adjustments with the assignee being liable for all year-end adjustments pursuant to the terms of the applicable Leases when such adjustments come due.  Objecting Landlords are able to provide the actual adjustment figures for the last three years of adjustments, based upon which Debtors and their assignees may make reasonable allocations.

---

[2]    The year-end reconciliations are not insignificant.  With regard to New Plan, those reconciliations for the five properties currently subject to agreements range from a low of approximately $35,000.00 to in excess of $100,000.00.

9.      Alternatively, Objecting Landlords request that the proposed sale order language be modified to clarify that the Debtors are not relieved from liability for these accrued, but as yet unbilled, charges under the Leases and that the Debtors shall escrow, in a separate escrow account, an amount equal to 125% of the average year-end adjustments for the last three years for each property. This will, absent any aberration, assure that funds will be available to pay such adjustments when billed to Debtors and their assignees.

10.      Objecting Landlord's further request that they be reimbursed as part of the cure payments for all of theirs actual pecuniary losses including, but not limited to, attorney's fees and costs expended with regard to Debtors' bankruptcy proceedings.

11.      In addition to the monetary obligations that Debtors must satisfy under Section 365 of the Bankruptcy Code, Objecting Landlords' Leases also provide that Debtors must indemnify and hold Objecting Landlords harmless with regard to events which may have occurred pre-assumption but which are not made known to Objecting Landlords, Debtors or the assignees until some period post-assumption and assignment.  Accordingly, Debtors must be required to evidence, or obtain adequate insurance in order to guaranty (by way of purchase of a "tail" or otherwise) that their indemnity responsibilities will be met.  Claims for indemnity may include, but are not limited to, claims for personal injuries which occur at the leaseholds, where the landlord is joined as a party defendant, damage and destruction to the property by Debtors or their agents, claims for environmental damage or environmental clean up, *etc.*

## Joinder in Other Objections

12.      Objecting Landlords hereby join in the objections filed by Debtors' other landlords, to the extent not inconsistent herewith.

**Reservation of Rights**

13.     Objecting Landlords reserve the right to modify and amend the above-stated Cure Amounts, particularly with regard to any additional defaults which occur or have occurred between July 6, 2005 and the date of any hearing with regard to cure amounts due as well as any other amounts or claims which were not known at the time of filing of this Cure Objection.

14.     In addition, Objecting Landlords specifically reserve all rights to make and prosecute any and all objections that they may have to proposed assignees of their respective Leases, to any proposed Sale Order and to any associated documentation.  Any such objection shall be filed in accordance with the schedule established by this Court and after specific proposed assignees have been identified.

**WHEREFORE,** Objecting Landlords pray that their statements of cure amounts, as set forth above, be sustained; and,

**WHEREFORE,** Objecting Landlords pray that this Court set a date no more than fifteen (15) days following approval of the assumption and assignment of Objecting Landlords' Leases as a status hearing with regard to any remaining disputed claims, and set a further date no later than thirty (30) days following the said approval date for a final hearing to determine any remaining disputed claims; and,

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

July 14, 2005

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

**BY:    /s/ David L. Pollack**
**DAVID L. POLLACK**
**JEFFREY MEYERS**
**DEAN WALDT**
**Attorneys for New Pan Excel Realty Trust, Inc.,**
**Aronov Property Management and Cliffdale Corner, Inc**.
**51st Floor - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

## **CERTIFICATE OF SERVICE**

I certify that service of the foregoing was made on July 14, 2005 via ECF

Noticing and telecopier upon the parties listed below.

_____/s/ David L. Pollack_____

| | |
|---|---|
| D.J. Baker<br>Sally McDonald Henry<br>Rosalie W. Gray<br>Eric M. Davis<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY  10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Eric N. McKay<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL  32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL  32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL  32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |