IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC. *et al.*, | ) | Case No. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| _____ | ) | |

**LIMITED OBJECTION OF CORPORATE PROPERTY ASSOCIATES 6, L.P. TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

Corporate Property Associates 6, L.P. ("Landlord"), by and through its undersigned attorneys, hereby files this limited objection to the motion of the Debtors in the above-captioned (the "Debtors") for an order: (a) authorizing the sale of assets free and clear of liens, claims and interests and exempt from taxes; (b) authorizing the assumption and assignment of leases and contracts; and (c) granting related relief, dated July 1, 2005 (the "Motion"), and in support thereof respectfully represents as follows:

**BACKGROUND**

1.  Landlord, as successor in interest to Corporate Property Associates 5, owns certain non-residential real property located in Montgomery, Alabama (the "Montgomery Premises"). Pursuant to a lease agreement, dated as of March 10, 1988, between Corporate Property Associates 5 and Winn-Dixie Montgomery, Inc. (the "Lease"), Winn-Dixie Montgomery, Inc., one of the Debtors, leases the Montgomery Premises from Landlord. By

guaranty agreement, dated March 10, 1988, Winn-Dixie Stores, Inc., another Debtor, guaranteed all of the obligations of Winn-Dixie Montgomery, Inc. under the Lease to the Landlord.

## OBJECTIONS

Cure Amount

    2.    Section 365(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") provides, in pertinent part, that if there is a default under an executory contract or unexpired lease, a debtor may not assume such contract or lease unless, the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default; (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Accordingly, any assumption of the Lease must be accompanied by payment to Landlord of all amounts owed under the Lease.

    3.    Landlord objects to the Debtors' proposed cure amount for the Lease, which the Debtors have scheduled as $0.00. See Motion, Exhibit F.

    4.    Landlord currently holds a cure claim of not less than $12,181.00, which consists of all costs and expenses, including attorneys' fees, incurred by Landlord through July 8, 2005 in connection with Landlord's exercise and enforcement of its rights under the Lease. See Lease ¶ 20(c). These amounts do not include other additional rent which may be due under the Lease, such as amounts that have accrued, but for which payment is not yet due (including, without limitation, real property taxes) or costs and expenses incurred after July 8, 2005 for legal fees, etc.

    5.    Landlord reserves its right to amend this limited objection as circumstances may require and to assert any and all claims against the Debtors (and their assigns and/or successors)

arising out of the Lease, including, without limitation, claims for insurance, utilities, maintenance and repair, attorneys' fees and/or damage to the Montgomery Premises.

Adequate Assurance

      6.     Section 365(f)(2) of the Bankruptcy Code provides, in pertinent part, that before a Debtor may assign an executory contract or unexpired lease, the Debtor must provide:

> adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. 365(f)(2). Accordingly, any assignment of the Lease must be accompanied by a demonstration to the Landlord that the proposed assignee is capable of meeting all of the obligations under the lease.

      7.     Landlord objects to the proposed assumption and assignment of the Lease to the extent that Landlord does not receive adequate assurance of any proposed assignee's performance under the Lease. The Motion proposes that the Debtors will provide "a declaration regarding adequate assurance of future performance" within 24 hours of the conclusion of the Auction. See Motion, ¶ 18. Notwithstanding the July 20 objection deadline set forth in the Motion, the Landlord therefore reserves its right to object to any proposed assumption and assignment of the Lease until such time as the Landlord has had an appropriate opportunity to review, evaluate, and, if necessary, object to assurances of an assignee's future performance under the Lease.

**CONCLUSION**

WHEREFORE, Landlord respectfully requests that the Court: (a) deny the Debtors' motion to assume the Lease unless and until the appropriate cure amount is established; (b) require the Debtors to pay the cure payments specified by Landlord; and (c) grant Landlord such other and further relief as the Court deems just and proper.

Dated: Jacksonville, Florida
       July 14, 2005

                                        Respectfully submitted,

                                        FOLEY & LARDNER LLP

                                        By: /s/Jason A. Rosenthal
                                             Jason A. Rosenthal
                                             Florida Bar No. 0009482
                                             Foley & Lardner LLP
                                             111 North Orange Avenue, Suite 1800
                                             P.O. Box 2193
                                             Orlando, Florida  32802-2193
                                             Telephone:    407-244-3267
                                             Facsimile:  407-648-1743

                                        - and -

                                        WILLKIE FARR & GALLAGHER LLP
                                        Alan J. Lipkin, Esq.
                                        Brian P. Guiney, Esq.
                                        787 Seventh Avenue
                                        New York, New York  10019-6099
                                        (212) 728-8000

                                        Co-Attorneys for Corporate Property Associates 6

**Certificate Of Service**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by First Class U.S. Mail to D.J. Baker, Skadden, Arps, Slate, Meagher & Florm LLP, Four

Times Square, New York, New York, 10036; and Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, this 14th day of July, 2005.

/s/ Jason A. Rosenthal
Jason A. Rosenthal
Florida Bar No. 0009482
**Foley & Lardner LLP**
111 N. Orange Ave., Suite 1800
P.O. Box 2193
Orlando, FL 32802-2193
Telephone: (407)423-7656
Facsimile: (407) 648-1743
