UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3:05-bk-03817-JAF |
| | | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**OBJECTION BY LANDLORD, SCHOOL STREET CROSSING, L.P., TO DEBTORS' MOTION FOR ORDER AUTHORIZING SALE OF ASSETS AND ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS (DOC. NO. 1961) – OBJECTION TO PROPOSED CURE AMOUNT**

Landlord, SCHOOL STREET CROSSING, L.P. ("School Street"), by and through undersigned counsel, hereby objects to the proposed cure amount of the School Street lease listed in Exhibit "F" attached to the Debtors' Motion (Doc. No. 1961), and in support of its objection would show as follows:

1. On July 1, 2005, the Debtors filed their Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (Doc. No. 1961) (the "Sale Motion").

2. School Street is the Landlord for Winn-Dixie Store No. 1362, located at 398 Hwy. 51 N., Ridgeland, MS, as identified in the Debtors' Sale Motion.

3. The Sale Motion seeks relief in several forms regarding the proposed assumption and assignment of various leases, including the leases of the School Street. Paragraph 14 of the Sale Motion refers to an Exhibit "F", which recites payments of

amounts that the Debtors contend are required to cure defaults and delinquencies under various leases, including the lease of the School Street. Paragraph 14 of the Sale Motion requests that objections with regard to "the cure amount or other proposed cure" must be filed on or before July 14, 2005, failing which the motion suggests that a "landlord will be deemed to have consented to the cure" set forth by the Debtors and will be barred from asserting a larger claim.

4. The amount recited in Schedule "F" for cure is incorrect with respect to the lease held by School Street. School Street, accordingly, objects to that amount. In addition, the Sale Motion contains no provisions with respect to cure of defaults by the Debtors in fulfilling non-monetary obligations to School Street and with respect to the premises described in the lease.

5. The corrected amounts required to cure existing monetary defaults and delinquencies with respect to the lease from School Street to the Debtors are as follows:

| Winn Dixie Store Number | Landlord Name | Winn Dixie Cure Amount | Corrected Cure Amount |
|---|---|---|---|
| 1362 | School Street Crossing, LP | $0.00 | $70,122.56 |

Attached as Exhibit "A" hereto is a statement of cure amounts owed to School Street as of June 30, 2005. It is estimated that the unpaid taxes, insurance and CAM charges (as an additional cure amount) will continue to accrue at the rate of $4,012.42 per month from July 1, 2005 until paid in full.

6. The amounts recited in Paragraph 5 of this Objection reflect payments known or reported to School Street through June 30, 2005. School Street reserves the right to calculate amounts due through the date of an assignment, if an assignment is

approved by the Court, and to reflect transactions of which it receives knowledge as of that date.

7. School Street further reserves the right to object to cure provisions recited in the Sale Motion to the extent of any defaults by the Debtors in fulfilling non-monetary obligations under the lease which may include, but not be limited to, obligations to repair and maintain roofs and heating, air conditioning and ventilation systems and equipment and to keep and preserve premises in compliance with the lease. School Street reserves the right to amend this objection upon receipt of information reasonably necessary to do so.

WHEREFORE, School Street objects to the cure provisions and amounts recited in Debtors' Sale Motion and respectfully requests that the Court determine cure amounts for its lease as hereinabove recited and cure requirements that hereafter may become known after reasonable inspection, including payment of such additional amounts as may be due and payable through the date of any assumption and assignment that occurs by reason of the Sale Motion, and for such other and further relief as the Court deems just and proper.

DATED this 14th day of July, 2005.

    /s/   Jon E. Kane
JON E. KANE, Esq.
Florida Bar No. 0814202
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Post Office Box 2854
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
Attorneys for School Street

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 14th day of July, 2005 via electronic transmission or first class U.S. Mail to Adam Ravin, Esq., Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036, Counsel for Debtors; Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201, Counsel for Debtors; James H. Post, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, Counsel for Debtors; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005, Counsel for Creditors Committee; John B. MacDonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, Counsel for Creditors Committee; Patrick P. Patangan, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, Counsel for Creditors Committee; and Elena Escamilla, Asst. U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

                       /s/ Jon E. Kane
                       JON E. KANE, Esq.
                       Florida Bar No. 0814202

H:\Kane J\School Street Crossing, LP\Winn Dixie Stores, Inc - Chapter 11 Bankruptcy\Objection to Winn-Dixie Sale Motion 071405.doc