UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**OBJECTION OF WINN-DIXIE TAMPA TRUST TO DEBTORS' MOTION FOR AN ORDER (I) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (II) AUTHORIZING THE ASSUMPTION OF LEASES AND CONTRACTS AND (III) OTHER RELIEF**

Winn-Dixie Tampa Trust, by its attorneys Riker Danzig Scherer Hyland Perretti, LLP and Held & Israel, respectfully states:

1. Winn-Dixie Stores, Inc., and its affiliates collectively, the ("Debtors") filed a motion dated July 1, 2005 for an Order (i) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests, (ii) Authorizing the Assumption and Assignment of Leases and Contracts and (c) Other Relief (the "Sale Motion").

2. The Sale Motion identifies Store 636 located at 8702 Hunter Lake Dr., Tampa, Florida as a Targeted Store ("Store 636").

3. Exhibit "F" of the Sale Motion provides that the Cure amount with respect to Store 636 is zero (0) (the "Proposed Cure Amount").

4. Winn-Dixie Tampa Trust objects to the Proposed Cure Amount.

5. Under the applicable agreements, the Debtors are obligated to pay ad valorem taxes, water and sewer rents, personal property taxes, impositions and

similar taxes that relate to or concern Store 636. These amounts, totaling more than $90,254.35, should be included in the Proposed Cure Amount.

6. Also, under the applicable agreements, the Debtors are responsible to indemnify and diary all costs and expenses of Winn-Dixie Tampa Trust, including reasonable attorneys fees and expenses. Since such amounts are accruing and will continue to accrue, the actual cure amount cannot be fixed and should not be fixed at this time. To date, Winn-Dixie Tampa Trust has incurred reasonable attorney fees and expenses approximating $16,000.

7. As a result, Winn Dixie Tampa Trust is owed a cure amount in excess of $106,254.35 (the "Actual Cure Amount").

8. Pursuant to the Sale Motion, Winn-Dixie Tampa Trust has until July 14, 2005 to file and serve objections to the relief sought in the Sale Motion. As a result, Winn-Dixie Tampa Trust expressly reserves the right to file further objections or responses to the Sale Motion.

9. As reflected above, Winn Dixie Tampa Trust objects to the Sale Motion and requests that before the Debtors are allowed to sell Store 636 and assume

and assign the lease with respect thereto, that the Actual Cure Amount be determined and paid by the Debtors.

DATED this 14th day of July, 2005

HELD & ISRAEL

By: /s/ Edwin W. Held, Jr.
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

-and-

RIKER, DANZIG SCHERER HYLAND
PERRETTI LLP
Joseph L. Schwartz, Esq. (N.J. Bar No. JS-5525)
Jeffrey M. Sponder, Esq. (N.J. Bar No. JS-5127)
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
Tel: (973) 538-0800
Fax: (973) 538-1984
jschwartz@riker.com
jsponder@riker.com