UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

ORDER ENLARGING TIME TO
COMMENCE PRE-PETITION LIEN/CLAIM CHALLENGE
PURSUANT TO THE COURT'S FINAL ORDER DATED
APRIL 12, 2005 (DOCKET NO. 501)

This case is before the Court on the motion (the "Motion") (Docket No. 1886) filed on June 27, 2005, by the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to Rule 9006(b), Federal Rules of Bankruptcy Procedure, and 11 U.S.C. § 105, for entry of an order enlarging the time within which the Committee may commence an adversary proceeding (a "Pre-Petition Lien/Claim Challenge", as hereinafter defined) with respect to the pre-petition claims, debt, collateral, and other matters of Wachovia Bank National Association, as Administrative Agent and Collateral Agent for itself and the other financial institutions (collectively, the "Pre-Petition Lender") from time to time parties to that certain Second Amended and Restated Credit Agreement, dated as of June 29, 2004, between the Debtors and the Pre-Petition Lender, as provided for under paragraph 15(e) of that certain Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I)

Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lender, dated March 23, 2005 (the "Final Order") (Docket No. 501), and amending the Final Order to permit such an enlargement of time through and including August 25, 2005, and the Court being advised that the Pre-Petition Lender has consented to the terms of this Order permitting an enlargement of time on the conditions hereinafter set forth, without prejudice to the Pre-Petition Lender's rights under the Final Order and the conditions set forth hereinafter, and there being no objection to the Motion, it is,

ORDERED:

1. The Committee shall have through and including August 25, 2005, to commence in this Court an adversary proceeding asserting a Pre-Petition Lien/Claim Challenge, as defined in paragraph 15(e) of the Final Order, subject to the following conditions:

(a) No later than August 10, 2005, counsel for the Committee shall notify counsel for the Pre-Petition Lender in writing of all grounds upon which the Committee would assert a Pre-Petition Lien/Claim Challenge.

(b) In the event the Committee shall commence an adversary proceeding asserting a Pre-Petition Lien/Claim Challenge, the Pre-Petition Lender retains the right to assert that the deadline for commencement of a Pre-Petition Lien/Claim Challenge under the terms of the Final Order expired prior to the filing by the Committee of the Motion, which issue is not determined hereby but, if asserted by the Pre-Petition Lender, shall be considered and

determined by the Court upon appropriate motion, notice, and hearing.

(c)  Except as hereinafter provided, the Court shall not grant any further enlargement of time for the Committee to commence an adversary proceeding to assert a Pre-Petition Lien/Claim Challenge under the terms of the Final Order. However, if the sole ground upon which the Committee may request a further enlargement of time for commencement of such an adversary proceeding is the need to obtain court approval for the retention by the Committee of special counsel for the purpose of commencing such an adversary proceeding, the Court shall consider such request upon timely motion, notice, and hearing.

DATED this 14 day of July, 2005, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies furnished to:

Ken C. Meeker, Esq.,
    Assistant United States Trustee
Cynthia C. Jackson, Esq.
D.J. Baker, Esq.
Dennis F. Dunne, Esq.
John B. Macdonald, Esq.
Andrew V. Tenzer, Esq.
Jonathan N. Helfat, Esq.
Betsy C. Cox, Esq.