KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York  10178
James S. Carr ( JC-1603)
Robert L. LeHane ( RL-9422)
Tel:  (212) 808-7800
Fax: (212) 808-7897

    -and-

HELD & ISRAEL
1301 Riverplace Blvd., Ste. 1916
Jacksonville, FL  32207-9024
Edwin W. Held (0162574)
Tel: (904) 398-7036
Fax:  (904) 398-4283

Attorneys for Developers Diversified
Realty Corporation, Krusch Properties LLC
RMC Property Group, BV Belk Properties
and Four Florida Shopping Centers, LP

**Hearing Date:  July 27-29, 2005**
**Cure Objection Deadline:   July 14, 2005, 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**OBJECTION OF DEVELOPERS DIVERSIFIED REALTY CORPORATION, KRUSCH
PROPERTIES LLC,  RMC PROPERTY GROUP, BV BELK PROPERTIES AND FOUR
FLORIDA SHOPPING CENTERS, LP TO DEBTORS' MOTION FOR AN
ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR
OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
<u>LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF</u>**

      Developers Diversified Realty Corporation, Krusch Properties LC, RMC Property

Group, BV Belk Properties and Four Florida Shopping Centers, LP (collectively, the

"Landlords"), by and through their attorneys, Kelley Drye & Warren LLP and Held & Israel,

hereby submit this objection (the "Objection") to (i) the entry of an order approving the sale of the Debtors' assets free and clear of liens, claims and interests and exempt from taxes; (ii) authorizing the assumption and assignment of leases in connection with the sales; (iii) determining that all such sales are exempt from any stamp, transfer, recording or similar tax; (iv) determining any requisite cure; and (v) granting related relief, dated July 1, 2005 (the "Cure Statement") of Winn-Dixie Stores, Inc., et al. (the "Debtors"). In support thereof, the Landlords respectfully state as follows:

## BACKGROUND

1.      On or about February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their properties and continue to manage their businesses as a debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Landlords are the owners, or the managing agent for the owners, of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to, among others, the nine (9) written leases (the "Leases") for the locations (the "Leased Premises") identified in the chart annexed hereto as Exhibit A.

## CURE OBJECTION

3.      Pursuant to the Cure Statement, the Debtors claim that the cure amounts under the Leases are the amounts set forth in the column entitled "Winn-Dixie's Proposed Cure Amounts" on Exhibit A.

4.      The Debtors' proposed cure amounts, however, are incorrect. Pursuant to the Leases, the Debtors are obligated to pay regular installments of fixed monthly rent as well as a pro rata share of common area maintenance costs, real estate taxes and insurance. In addition, prior to the assignment of the Leases, the Debtors are required, pursuant to section 365 (b)(1) of

the Bankruptcy Code, to cure all outstanding defaults under the Leases.  In conjunction with this

duty, the Debtors must compensate the Landlords for any actual pecuniary loss, including the

payment of attorneys' fees.  *See* 11 U.S.C. §365(b)(1)(B).  Attorneys' fees due under the Leases

are compensable.  *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-6 (D.C. Cir. 1985); *Andrew v.

KMR Corp.*, 17 B.R. 438, 439 (Bankr. 9th Cir. 1982); *In re BAB Enterprises, Inc.,* 100 B.R. 982

(Bankr. W.D. Tenn. 1989); *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 752-4 (Bankr.

S.D.N.Y. 1986); *In re Ribs of Greenwich Village, Inc.,* 57 B.R. 319, 321 (Bankr. S.D.N.Y.

1986).  Accordingly, as part of their pecuniary loss, the Landlords are entitled to such fees in

connection with the Debtors' obligation to cure all monetary defaults under the Leases.

     5.    As set forth on Exhibit A attached hereto, as of the date of the filing of the

Objection, excluding any amounts accruing after July 14, 2005, and including interest and the

approximate attorneys' fees incurred to date, the amounts outstanding under the Leases are the

amounts set forth in the column entitled "Landlords' Proposed Cure Amounts."  To the extent

that rent, attorneys' fees, or other charges continue to accrue, and/or the Landlords suffer other

pecuniary losses with respect to the Leases pending any ultimate assignment of the Leases, the

Landlords hereby reserve their right to amend their cure amounts to reflect such additional

amounts or to account for year-end adjustments, including without limitation, adjustments for the

years 2004 and 2005 (the "Adjustment Amounts"), which have not yet been billed or have not

yet become due under the terms of the Leases.  As such, the Debtors and/or the assignee of each

of the Leases must be responsible to satisfy the Adjustment Amounts, if any, when due in

accordance with the terms of the Leases, regardless of when such Adjustment Amounts were

incurred.

     6.    In addition, the Landlords request that the Debtors and/or the assignee of

each of the Leases be required to comply with all contractual obligations to indemnify and hold

the Landlords harmless with regard to events which may have occurred pre-assumption but

which were not known to either the Landlords or the Debtors as of the date of the assumption,

including, but not limited to claims for personal injury which occurred at the Leased Premises,

damage and destruction to the Leased Premises or property by Debtors or its agents, and

environmental damage or environmental clean-up.

   **WHEREFORE**, the Landlords request that (i) the Debtors and/or the assignee for

each of the Leases be required to pay the cure amounts set forth in the column entitled

"Landlords' Pre-petition Cure Amounts" on Exhibit A, plus any additional pecuniary losses

suffered by the Landlords, including reasonable attorneys' fees; (ii) the Debtors and/or the

assignee for each of the Leases be required to continue to comply with the obligations under the

Leases to pay indemnification obligations and accrued but not yet billed year-end adjustments in

the regular course of business; and (iii) for such other and further relief as the Court deems just

and proper.

Dated: New York, New York
   July 14, 2005

        KELLEY DRYE & WARREN LLP

        By: /s/ *Robert L. LeHane*
          James S. Carr (JC-1603)
          Robert L. LeHane (RL-9422)
          101 Park Avenue
          New York, New York 10178
          Phone:  (212) 808-7800
          Fax:  (212) 808-7897

          - and -

        HELD & ISRAEL
        Edwin W. Held (0162574)
        1301 Riverplace Blvd., Ste. 1916
        Jacksonville, FL  32207-9024
        Tel: (904) 398-7036
        Fax:  (904) 398-4283

        Attorneys for Developers Diversified
        Realty Corporation, Krusch Properties LLC.,
        RMC Property Group, BV Belk Properties and
        Four Florida Shopping Centers, LP

**EXHIBIT A**

| Store No. | Location | Winn-Dixie's Proposed Cure Amounts | Landlords' Proposed Cure Amounts |
|---|---|---|---|
| **Developers Diversified Realty Corporation** | | | |
| 417 | Brook Highland Plaza Birmingham, AL | $0.00 | $105,767.61 |
| 739 | Carillon Place Naples, FL | $0.00 | $133,638.17 |
| 1255 | West Town Plaza Union, SC | $0.00 | $27,435.01 |
| 2718 | Chamblee Plaza Chamblee, GA | $0.00 | $4,887.36 |
| 2735 | Five Forks Village Lawrenceville, GA | $0.00 | $67,105.33 |
| | | | |
| **Krusch Properties LLC** | | | |
| 2039 | Garden Creek Center Greensboro, NC | $0.00 | 5,897.00 |
| | | | |
| **RMC Property Group** | | | |
| 748 | Village Market Wesley Chapel, FL | $778.20 | $2,278.12 |
| | | | |
| **BV Belk Properties** | | | |
| 2001 | Sunset Shopping Center Charlotte, NC | $41,459.77 | $42,959.77 |
| 2003 | East Town Shopping Center Charlotte, NC | $0.00 | $1,500.00 |
| | | | |
| **Four Florida Shopping Centers** | | | |
| | | | |
| 360 | Sandalfoot Plaza Boca Raton, FL | $14,930.08 | $21,804.04 |

## CERTIFICATE OF SERVICE

On July 14, 2005, I caused to be served the *OBJECTION OF DEVELOPERS DIVERSIFIED REALTY CORPORATION, KRUSCH PROPERTIES LLC,  RMC PROPERTY GROUP, BV BELK PROPERTIES AND FOUR FLORIDA SHOPPING CENTERS, LP TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF*, upon the parties listed below via telecopier and United States First Class mail

| | |
|---|---|
| David J. Baker, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY  10036<br>Fax: 212-735-2000 | Cynthia C. Jackson, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Fl.  32201<br>Fax:  904-359-7708 |
| Jonathan N. Helfat, Esq.<br>Daniel Fiorillo, Esq.<br>Otterbourg, Steindler, Houston & Rosen, P.C.<br>230 Park Avenue<br>New York, NY  10169<br>Fax:  212-682-6104 | Dennis F. Dunne, Esq.<br>Matthew Scott Barr, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005<br>Fax:  212-530-5219 |

*/s/ Robert L. LeHane*
Robert L. LeHane