UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

## ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT EFFECTIVE AS OF JULY 14, 2005

These cases came before the Court for hearing on July 14, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the rejection of two executory contracts by the Debtors effective as of July 14, 2005 (the "Motion"). The two contracts sought to be rejected under the Motion were (a) an Exclusive Right of Sale Listing Agreement dated September 8, 2004 (the "Sale Listing Agreement"), and (b) a Lease Buyout Agreement dated July 8, 2004 (the "Lease Buyout Agreement"). A Limited Objection (the "Objection") was filed by Frankford Dallas, LLC ("Frankford Dallas") on July 7, 2005 in connection with the Motion's proposed rejection of the Lease Buyout Agreement, which Objection the parties have agreed to continue. The Court has read the Motion, and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted with respect to the Sale Listing Agreement..

2. The Debtors are authorized to reject the Sale Listing Agreement pursuant to 11 U.S.C. § 365(a), and such contract is deemed rejected, effective as of July 14, 2005.

3. The hearing to consider the proposed rejection of the Lease Buyout Agreement and the Objection is continued to the omnibus hearing scheduled for August 4, 2005.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any non-debtor party to the Sale Listing Agreement, whether or not related to such agreement.

5. Claims for any rejection damages resulting from the rejection of the Sale Listing Agreement must be filed within 30 days after the date of entry of this Order.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 14 day of July, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

# EXHIBIT A

## CONTRACT FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of the Sale Listing Agreement. The rejection pursuant to this Order applies only to the agreement identified in this Exhibit A and does not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Party listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Lee Arnold and Associates, Inc. d/b/a Colliers Arnold<br>4350 W. Cypress St., Suite 300<br>Tampa, Florida 33607<br>Attn: J. Patrick Duffy or Russell S. Sampson | Winn-Dixie Logistics, Inc. | Exclusive Right of Sale Listing Agreement for 720 Locust Lane, Louisville, Kentucky, dated September 8, 2004 |

419297-Wilmington Server 1A - MSW