UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**WATKINS INVESTMENTS, L.P.'S PRECAUTIONARY CURE CLAIM OBJECTION TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES; (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS; AND (C) GRANTING RELATED RELIEF**
**Store No. 634 (Tampa, Florida)**

Watkins Investments, L.P. ("Watkins"), pursuant to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes; (B) Authorizing the Assumption and Assignment of Leases and Contracts; and (C) Granting Related Relief (the "Motion"), hereby submits its precautionary cure claim (the "Cure Claim") under 11 U.S.C. § 365(b) for cure of defaults resulting from Kmart Corporation's assumption of an unexpired nonresidential real property lease for Winn-Dixie Store No. 634 (Tampa, Florida).

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and several of its affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. Watkins Investments, L.P. ("Watkins"), as successor-in-interest to Watkins Investments, is the landlord and Winn-Dixie Stores, Inc. (the "Debtor") is the tenant under an unexpired lease of nonresidential real property located in Tampa, Florida (Winn-Dixie Store No. 634) dated as of June 20, 1994, as amended from time to time (the "Lease").

3. On or about July 1, 2005, the Debtor filed the Motion. Among other things in the Motion, the Debtor required the landlords of "Targeted Stores" to assert all cure claims by July

14, 2005.  The Debtor's store subject to the Lease is a Targeted Store, and the Debtor has asserted that no cure is due thereunder.

4. Under the Lease, the Debtor has the obligation, among other things, to pay rent, additional rent, real estate taxes and insurance; and to undertake certain repair and maintenance obligations.  Although Watkins believes that the Debtor is current on its obligations under the Lease, unpaid real estate taxes have accrued, and continue to accrue, under the Lease.  Since the real estate tax invoices are delivered directly to the Debtor, Watkins does not currently have the information necessary to determine whether the Debtor has paid all outstanding real estate taxes.  In addition, since the filing of the Motion, Watkins has not yet had an opportunity to inspect the premises to determine whether the Debtor has complied with all of its repair and maintenance obligations.

5. Based on the foregoing, cure claim amounts (a) may exist and/or may become known at a future date, and/or (b) shall be incurred on an ongoing basis between July 14, 2005, and any subsequent assumption of the Lease.  Watkins specifically and expressly reserves its right to amend and supplement its cure claim for the Lease through and including the effective date of any proposed assumption and assignment of the Lease for any such obligations.  Watkins also reserves all of its rights under the Lease to seek reimbursement of its attorneys' fees and expenses incurred in connection with the prosecution of this Cure Claim.

6.      In addition, Watkins objects to the proposed timeline for landlords to conduct due diligence to determine whether successful bidders can provide the adequate assurance of future performance required by 11 U.S.C. § 365.  A due diligence period of only seven days may, depending on the purchaser, be inadequate to determine whether the successful bidder can provide adequate assurance of further performance.

                                              SHAW GUSSIS FISHMAN GLANTZ
                                              WOLFSON & TOWBIN LLC

Dated: July 14, 2005                        By:_____*/s/Allen J. Guon*_____
                                                     Brian L. Shaw (IL # 6216834)
                                                     Allen J. Guon ( IL #6244526)

                                                   321 North Clark Street, Suite 800
                                                   Chicago, Illinois 60610
                                                   (312) 541-0151  telephone
                                                   (312) 980-3888  facsimile
                                                   bshaw100@shawgussis.com
                                                   aguon@shawgussis.com

                                                   Attorneys for Watkins Investments, L.P.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies and states that on the 14th day of July 2005, a true and correct copy of the attached **Watkins Investments, L.P.'s Precautionary Cure Claim Objection to Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes; (B) Authorizing the Assumption and Assignment of Leases and Contracts; and (C) Granting Related Relief** was duly served upon the persons listed below via electronic mail.

/s/Allen J. Guon

## SERVICE LIST

D. J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036
djbaker@skadden.com

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL  32202
cjackson@smithhulsey.com

{A0095873.DOC}