UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.:   3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

            Debtors.                      Jointly Administered

_____

OBJECTION TO
DEBTORS' MOTION FOR ORDER
(A) AUTHORIZING THE SALE OF
ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

Chapin Development Co., by and through its undersigned counsel, objects to the Debtors' Motion and states as follows:

1.    Chapin Development Co. is the Landlord pursuant to a lease agreement identified by the Debtors as Store No. 1010.

2.    Store No. 1010 is a Targeted Store as referred to in Exhibit "A" attached to the Debtors' Motion. Exhibit "F" of the Debtors' Motion schedules the Cure Amount for Store No. 1010 in the amount of $18,156.44. In addition to the Cure Amount set forth in Exhibit "F", subsequent to the petition date, said Landlord is owed for real estate taxes accrued, for CAM charges accrued, and for other monetary sums, including rent, that have accrued, or will accrue, and which may not have, as of this date, been billed or reconciled, plus reasonable attorney's

fees.    The total Cure Amount will be determined as set forth
below.

3.    The total Cure Amount, which will be ascertained as of
the date of closing or the effective date of closing, must be
paid at said time.    The Debtors' Motion infers that the
undisputed Cure Amount will be paid by the Debtors at closing.
With respect to any disputed Cure Amount, the amount in
controversy should be escrowed and, following resolution or
adjudication by the Bankruptcy Court, said sum should be paid by
the Debtors to the Landlord forthwith thereafter.

4.    Exhibit "C" attached to Debtors' Motion sets forth that
the bulk Stalking Horse Bids, to date, are not allocated as to
Store No. or amount with respect to the applicable leasehold
interest.   Upon information and belief, the auction scheduled to
commence on July 18, 2005 contemplates competitive bidding for
each Targeted Store and bids in bulk for more than one Targeted
Store.    The failure to allocate the bulk bids accepted by the
Debtors impairs the affected Landlords' rights and the rights of
third parties to bid on Targeted Stores and may be contrary to
the approved Bidding Procedures attached to the Debtors' Motion
as Exhibit "D".    The failure to allocate limits prospective
bidders, may chill the bidding, and reduce the resulting
proceeds to the detriment of the Debtors' Estates and parties in
interest.

5.    Said Landlord reserves the right to amend, supplement or modify this Objection as deemed necessary.

DATED this ___ day of July, 2005.

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

ewh/winndixieobjectionsalechspin djg

3