UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**OBJECTION OF LANDLORD USPG PORTFOLIO II, LLC TO THE DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

USPG Portfolio II, LLC (the "Landlord") hereby submits this Objection (the "Objection") to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Motion"), and respectfully represents as follows:

1. Landlord is the owner of a shopping center wherein the above-captioned Debtor remains a tenant (the "Premises") pursuant to an unexpired lease of nonresidential real property (the "Lease"), more specifically described as Store #1086, located in Beaufort, South Carolina.

2. The Lease is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). *See* In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

3. On or about July 1, 2005, the Debtor served the Motion. Attached as Exhibit F to the Motion is a schedule setting forth any cure amounts the Debtor believes are owed as to each landlord of a Targeted Store, as that term is defined in the Motion (the "Proposed Cure Amount").

4. As required pursuant to the terms of the Motion, the Landlord hereby objects to the Motion, for the purpose of disputing the Proposed Cure Amount.

1

5.  The Debtor lists $0 as the Proposed Cure Amount owing to Landlord, and Landlord disputes this statement. In determining what the Debtor must pay in order to cure monetary defaults under the Lease pursuant to 11 U.S.C. § 365(b), the following must also be taken into consideration:

6.  Landlord acknowledges that there are no pre- or post-petition amounts owing on account of minimum rent owing under the Lease. However, pursuant to the terms of the Lease, there are numerous other charges for which the Debtor bears responsibility and which have not yet been reconciled and/or adjusted from pre- and post-petition periods. By way of example, the Debtor owes a monthly fixed minimum rent, along with a pro-rata share of expenses such as real property taxes, insurance, common area maintenance ("CAM") fees, and the like. Certain charges, such as CAM and property taxes, are estimated prospectively, billed to and paid by the tenant during the year, and then reconciled after year-end. The reconciliation compares the amounts estimated and paid against actual charges incurred by the property. To the extent the estimated payments exceed actual charges, the result is a credit to the tenant. To the extent the estimated payments do not cover actual charges incurred under the Lease, the result is an additional amount (or debit) for which the tenant is liable. In this case, Landlord has completed its 2004 year-end reconciliation and adjustments, and has determined that **$66,413.26** is due and owing.

7.  Additionally, the Debtor continues to be responsible for additional unbilled charges as they come due under the Lease, including, but in no way limited to, the 2005 reconciliation and adjustments, and all direct obligations of the Debtor to third parties. As a result, Landlord has not provided any estimates for these unbilled charges in its cure calculations and will simply bill the Debtor or any assignee in the ordinary course when those bills or credits are generated. That notwithstanding, any order approving an assignment of the Lease and fixing

2

the cure amount must provide whether the Debtor or any assignee of the Lease will remain liable for these unbilled charges. In the event these liabilities remain with the Debtor, any assumption and assignment must be conditioned upon payment of both the $66,413.26 on account of the 2004 CTI (CAM, taxes and insurance) reconciliation as well as the debit amount, if any, on account of 2005 CTI reconciliations, and/or other amounts paid directly to third parties by Debtor under the Lease for which Landlord may ultimately be held responsible. Should the proposed sale in any way attempt to limit the Debtor's responsibility for such unbilled charges, the Landlord reserves the right to add such estimated amounts to its cure request. Any attempt to limit the Debtor's liability for such charges is contrary to the principles underlying Section 365, and should not be allowed. Furthermore, there is no proposed date for an assumption and assignment, and therefore the Landlord reserves its right to assert any additional charges that become due and owing or accrue following the date of this Objection.

8.   In order to protect the interests of the Landlord, the cure amount should be established (subject to adjustment by the Landlord) as set forth herein, and the Court should grant such other relief that the Court finds may be just and proper.

Dated this 14th day of July, 2005.

**HOLLAND & KNIGHT LLP**

By:   /s/ Alan M. Weiss
    Alan M. Weiss, Esquire
    Florida Bar. No. 340219
    50 N. Laura Street, Suite 3900
    Jacksonville, FL 32202
    Phone: 904-353-2000
    Fax: 904-358-1872
    E-Mail: alan.weiss@hklaw.com

and

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

Tim J. Robinson (OH 0046668)
Kristin E. Richner (OH 0078582)
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365 2700
Facsimile: (614) 365 2499
krichner@ssd.com

**Attorneys for USPG Portfolio II, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail to the parties listed below.

/s/ Alan M. Weiss

| | |
|---|---|
| D.J. Baker<br>Sally McDonald Henry<br>Rosalie W. Gray<br>Eric M. Davis<br>Skadden, Arps, Slate, Meagher, & Flom LLP<br>Four Times Square<br>New York, NY 10036 | Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Eric N. McKay<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 |
| Elena L. Escamilla<br>U.S. Trustee<br>135 W. Central Boulevard, Room 620<br>Orlando, FL 32801 | Dennis F. Dunne<br>Milbank, Tweed, Hadley<br>  & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC |
| John B. Macdonald, Esq.<br>Akerman Senterfitt<br>50 North Laura Street, Suite 2500<br>Jacksonville, FL 32202 | |

# 3063743_v1