UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
                            :

In re:                          :

                            :      Chapter 11 Case No. 05-11063 (RDD)

WINN-DIXIE STORES, INC., *et al.*,    :

                            :      (Jointly Administered)

               Debtors.    :

                            :
---------------------------------------------------------x

### INTERIM ORDER PURSUANT TO 11 U.S.C. § 327(A) AND RULE 2014(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE EMPLOYMENT AND RETENTION OF TOGUT, SEGAL & SEGAL LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

Upon the application (the "Application") of Winn-Dixie Stores, Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, authorizing the Debtors to employ and retain the law firm of Togut Segal & Segal LLP ("TS&S") as their conflicts counsel; and upon the affidavit of Albert Togut, Esq. (the "Togut Affidavit"); and the Court on an interim basis being satisfied based on the representations made in the Application and the Togut Affidavit that the partners, counsel, and associates of TS&S who will be engaged in this case represent no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged, that they are "disinterested persons" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest and should be granted on an interim basis;

and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to

28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Application

in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

notice of this Application and the opportunity for a hearing on this Application was

appropriate under the particular circumstances and that no other or further notice need

be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that, pursuant to section 327(a) of the Bankruptcy Code, the

Application is granted on an interim basis; and it is further

ORDERED, that a final hearing on the Application shall be held as

noticed on April 12, 2005, at 10:00 a.m.(EDT); and it is further

ORDERED, that pending entry of a final order, in accordance with section

327(a) of the Bankruptcy Code, the Debtors are authorized on an interim basis to

employ and retain TS&S as their conflicts counsel, nunc pro tunc to February 28, 2005,

to perform services for the matters which Skadden, Arps, Slate, Meagher, & Flom LLP

("Skadden, Arps") cannot handle due to conflicts, and to perform other discrete duties

as are assigned to TS&S by Skadden, Arps as generally described in the Application and

the Togut Affidavit; and it is further

ORDERED, that TS&S shall be compensated upon appropriate

application in accordance with Sections 330 and 331 of the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, the Local Rules, and the interim compensation

procedures order entered in this case; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters

arising from or related to the implementation of this Order.


Dated:  <u>March 30</u>, 2005
        New York, New York

                                        <u>/s/Robert D. Drain</u>
                                        United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | )    Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | )    *Chapter 11* |
| | ) |
| Debtors. | )    Jointly Administered |
| | ) |

## FINAL ORDER AUTHORIZING
## RETENTION OF TOGUT, SEGAL & SEGAL LLP AS
## CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION

These cases came before the Court for hearing on May 19, 2005, upon the

application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned

jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for

entry of an order authorizing the Debtors to retain the law firm of Togut Segal & Segal LLP

("TS&S") as their conflicts counsel (the "Application").[1] The Court has reviewed the

Application, the supporting affidavit of Albert Togut, Esq. (the "Togut Affidavit"), and the

interim order authorizing such retention entered on March 3, 2005 by the United States

Bankruptcy Court for the Southern District of New York (the "Interim Order"); and the Court

has considered the evidence and heard the argument of counsel. After due deliberation and

finding proper notice has been given, the Court determines that good cause exists to grant the

relief and that granting the relief is in the best interest of these estates and creditors.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Application is granted as set forth in this Order.

---

[1]   All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2.    In accordance with Section 327(a) of the Bankruptcy Code, the Debtors are authorized, to employ and retain TS&S as their conflicts counsel, nunc pro tunc to February 28, 2005, but ending on April 13, 2005, to perform services for the matters which Skadden, Arps, Slate, Meagher, & Flom LLP ("Skadden, Arps") cannot handle due to conflicts, and to perform other discrete duties as are assigned to TS&S by Skadden, Arps as generally described in the Application and the Togut Affidavit.

3.    TS&S shall be entitled to seek compensation for services provided between February 28, 2005 and April 13, 2005, and reimbursement for associated expenses, together with any fees and expenses incurred in connection with seeking such compensation and reimbursement, upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

4.    The Debtors are not authorized to obtain services from TS&S after April 13, 2005 unless authorized by further order of this Court upon application by the Debtors.

5.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated May 19, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

978975.04-New York Server 7A - MSW