**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**IN RE:**

**WINN-DIXIE STORES, INC., et al.**

**Debtors.**

**Case No. 05-03817**
**(Jointly Administered)**

**Chapter 11**

**LIMITED OBJECTION OF PRINCIPAL LIFE INSURANCE COMPANY TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

Principal Life Insurance Company ("Principal"), formerly known as Principal Mutual Life Insurance Company[1], by its undersigned counsel, hereby submits this limited objection (the "Objection") to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Motion"), and in support hereof, Principal respectfully states as follows:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

2. On or about April 13, 2005, the New York Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida.

1 Principal has an address of: 801 Grand Avenue, Des Moines, IA 50392-0490.

3. The Debtors' cases are being jointly administered.

4. Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. Pursuant to the Motion, the Debtors seek orders of this Court authorizing them to assume, assign and sell their leases and subleases for 326 "Targeted Stores" (as defined in the Motion) free and clear of all liens, claims and encumbrances and exempt from taxes. The Debtors propose to sell some of the Targeted Stores to certain identified "Stalking Horse Enterprise Bidders" (as defined in the Motion), and all other Targeted Stores to unknown potential bidders or successful "Enterprises Purchasers" (as defined in the Motion), all subject to higher and better offers.

6. The auction is scheduled for July 18 and 19, 2005 - subsequent to the deadline for landlords to respond to the Motion.

7. The Debtors propose to pay only "undisputed cure amounts," in connection with the sale and assignment of the leases of Targeted Stores, and propose to withhold from payment all other cure amounts. The Debtors identify certain alleged cure amounts (collectively, the “Alleged Cure Amounts”) on Exhibit F of the Motion.

8. Principal holds, among other things, mortgages, deeds of trust and security agreements, and assignment of leases and rents with respect to leases (collectively, "Principal's Leases") of the following Targeted Stores:

(a) Store #2022: 265 Eastchester Drive, High Point NC 27262-7731

(b) Store #2024: 10215 University City Boulevard, Charlotte, NC 28213

(c) Store #716: 1971 SR 60, Valrico, FL 33594

(d) Store #2704: 4489 GA Highway 20 South, Conyers, GA 30013

(e) Winn-Dixie Marketplace #2051: 742 West Highway 27, Lincolnton, NC 28092

(f) Store #2731: 1496 Church Street, Decatur, GA 30033

(g) Store #2716: 64 W. Bankhead Highway, Villa Rica, GA 30180

(h) Store #1566: 4617 Shreveport Highway, Pineville, LA 71360

(i) Store #1284: 4487 Columbia Road, Martinez, GA 30907

(j) Store #2706: 4331 Brownsville Road, Powder Springs, GA 30127

9. Upon information and belief, some or all of Principal's Leases are for Targeted Stores located in a shopping center within the meaning of § 365(b)(3) of the Bankruptcy Code.

10. Upon information and belief, some or all of Principal's Leases require the Debtors to pay amounts above the base rent which include, but are not limited to, taxes, insurance, maintenance, and utilities (collectively, "Additional Rent").

## SUMMARY OF OBJECTION

11. Principal objects to the Motion for the following reasons: (i) because the successful bidders for leases of the Targeted Stores will not be known until after the conclusion of the auction, the Debtors have not identified, indeed could not identify, the prospective assignee of each of Principal's Leases or to provide adequate assurance of future performance by such prospective assignee prior to the deadline for filing this Objection, and therefore Principal preserves its right to review and approve any prospective assignee and to require proof of such adequate assurance once the successful bidder of any of Principal's Leases is determined; (ii) Principal objects to the Motion to the extent that the Debtors seek authority to sell and assign Principal's Leases without payment of all cure amounts as required by the Bankruptcy Code; and (iii) some or all of the Targeted Stores are located in shopping centers and therefore, Principal

preserves its right to seek the additional adequate protection to which it is entitled under the Bankruptcy Code.

**LEGAL ARGUMENT**

12. Section 365 of the Bankruptcy Code generally provides that if there has been a default in an unexpired lease, a debtor, subject to the court's approval, may not assume such a contract or lease unless the debtor cures (or provides adequate assurance of prompt cure of) the default, compensates (or provides adequate assurance of prompt compensation of) the nondebtor party for any actual pecuniary loss resulting from the default, and provides adequate assurance of future performance under the lease. *See* 11 U.S.C. § 365(b)(1); *In re Condominium Administrative Services, Inc.*, 55 B.R. 792 (Bankr. M.D. Fla. 1985).

13. A debtor must cure all defaults – monetary and nonmonetary – in order to assume an executory contract or unexpired lease pursuant to § 365 of the Bankruptcy Code. *In re Williams*, 299 B.R. 684, 686 (Bankr. S.D. Ga. 2003).

14. Section 365(f)(2) of the Bankruptcy Code requires that a debtor may assign an unexpired lease *only if* the debtor assumes the lease in accordance with the Bankruptcy Code *and adequate assurance of future performance by the assignee* of such contract or lease is provided, whether or not there has been a default in such contract or lease. 11 U.S.C. § 365(f)(2)(A) and (B).

15. Accordingly, in order to assign a lease, a debtor must, *inter alia*, cure defaults (including nonmonetary defaults) and provide adequate assurance of future performance. *In re Travelot Co.*, 286 B.R. 447 (quoting *Worthington v. Gen. Motors Corp. (In re Claremont Acquisition Corp.*), 113 F.3d 1029, 1033 (9th Cir. 1997)) ("'In general, a debtor must cure all defaults, both monetary and non-monetary, prior to the assumption and assignment of an executory contract'").

16. Further, section 365(b)(3) of the Bankruptcy Code provides that:

> (f)or purposes of . . . paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –
> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that *the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease*;
> (B) that any percentage rent due under such lease will not decline substantially;
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) *provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center*; and
> (D) that assumption or assignment of such lease *will not disrupt any tenant mix or balance in such shopping center*

11 U.S.C. § 365(b)(3) (emphasis added). *See also In re Grudoski*, 33 B.R. 154 (Bankr. D. Haw. 1983) (court would not require landlord to consent to assignment of lease where assignee failed to provide adequate financial statement and guarantee by responsible officer).

17. With respect to Targeted Stores # 2022, # 2051, # 2704, and #2716, the Debtors have only disclosed the identity of the Stalking Horse Enterprise Bidders. However, neither the Debtors nor the Stalking Horse Enterprise Bidders have provided Principal with sufficient evidence of adequate assurance of future performance by such bidders or sufficient time to review the limited information that Principal has received.

18. Moreover, all bids, including those of the Stalking Horse Enterprise Bidders, are subject to higher or better offers. The Debtors have not disclosed the names of other potential bidders at the auction; and at this time could not know the identity of the successful bidders.

19. Moreover, the Debtors have not identified any Enterprises Purchasers or other bidders for the remaining eight (8) Principal's Leases of Targeted Stores.

20. Accordingly, the Debtors (or their assignees) have failed to meet their burden of providing Principal with adequate assurance of future performance by the assignee of Principal's Leases for Targeted Stores; and Principal requires proof of such adequate assurance as required by § 365(f)(2) of the Bankruptcy Code.

21. Principal preserves its right to evaluate the successful purchaser and to object, if necessary, to the assignment of Principal's Leases to any particular purchaser based on a failure to provide adequate assurance of future performance.

22. Principal also objects to the Debtors attempt to circumvent the Bankruptcy Code by proposing to pay only "Undisputed Cure Amounts" and not to pay all cure amounts (including any Additional Rent) owing as of the effective date of assignment as a condition precedent for the assumption and assignment of Principal's Leases including. 11 U.S.C. § 365(b)(1)(A). *See also In re Kennesaw Dairy Queen Brazier*, 28 B.R. 535 (Bankr. N.D. Ga. 1983) (stating that “(s)ection 365 does not allow the assumption of an executory contract or unexpired lease with anything less than full cure of all defaults”).

23. Principal reserves and preserves its right to require additional adequate protection to which it is entitled under the Bankruptcy Code as a condition precedent to the assignment of any of Principal's Leases of Targeted Stores that are located in shopping centers,.

24. Further, because the date of any potential assignment is not yet certain and because of the limited amount of time provided to respond to the Motion, Principal reserves and preserves its right to supplement this objection to any proposed cure amount for Principal's Leases.

25. Principal also objects to the Motion because: (a) the Debtors did not properly serve Principal with the Motion pursuant to the Federal Rules of Bankruptcy Procedure (the "Rules"); and (b) the Debtors did not provide Principal with sufficient time to respond to the Motion pursuant to the Rules.

26. Without limiting the foregoing objections, Principal objects to the Debtors' proposed unreasonably short time deadlines which do not provide a fair and reasonable opportunity for landlords or their assignees, including Principal, to review information concerning cure amounts, prospective tenants/purchasers or adequate assurance of future performance.

WHEREFORE, for the foregoing reasons, Principal respectfully requests that this Court (a) as a condition for any order granting the Motion, require the Debtors: (i) to provide Principal with adequate assurance of future performance of Principal's Leases including the name of the successful bidder and financial statement of such bidder demonstrating such adequate assurance to Principal's satisfaction and to the extent applicable, provide the adequate protection required pursuant to 11 U.S.C. § 365(b)(3); and (ii) to pay the full cure amounts owing as of the effective date of assignment for each of Principal's Leases as a condition precedent to the Debtors' assumption and assignment of such leases; and (b) grant such further and additional relief as is just and proper.

Dated: July 14, 2005.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 14, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

D.J. Baker, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

United States Trustee
135 W. Central Blvd.
Suite 620
Orlando, FL 32801

Dennis F. Dunne, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

By: */s/Tina M. Talarchyk*
Tina M. Talarchyk, Esquire
Florida Bar No. 794872
tmtalarchyk@duanemorris.com
DUANE MORRIS LLP
200 S. Biscayne Blvd.
Suite 3400
Miami, FL 33131
Telephone: 305.960.2200
Facsimile: 305.960.2201

AND

Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
mreed@duanemorris.com
wmsimkulak@duanemorris.com
DUANE MORRIS LLP
One Liberty Place, Suite 4200
Philadelphia, PA 19103
Telephone: 215.979.1518/1547
Facsimile: 215.979.1020
Counsel for Principal Life Insurance Company