# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>WINN-DIXIE STORES, INC., *et al.*,<br>Debtors | Chapter 11<br>Case No. 05-03817-3F1<br>Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF KPMG LLP FOR THE PERIOD OF FEBRUARY 21, 2005 THROUGH MAY 31, 2005, PURSUANT TO ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURES**

KPMG LLP (the "Applicant"), makes this application pursuant to Section 331 of the Bankruptcy Code for the Final Order Approving Interim Compensation Procedures for Professionals (the "Interim Compensation Procedures Order"), Sections 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016, hereby files this Monthly Fee Application (the "Application") pursuant to pursuant to Paragraph 2(a) of the Interim Compensation Procedures Order:

## BACKGROUND

*A.     The Debtors and the Chapter 11 Cases*

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").  Their cases are being jointly administered by order of this Court.

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1009 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S. C. § 157(b)(2).

### B. *Applicant's Appointment and Prior Applications*

5. KPMG LLP is approved under 11 U.S.C. § 327(a) as auditors, accountants, and tax advisors to the Debtors in these jointly administered Chapter 11 cases nunc pro tunc to February 21, 2005.

6. The compensation of KPMG LLP for professional services rendered and reimbursement for costs advanced shall be fixed by the Court upon application and notice as may be directed by this Court in accordance with 11 U.S.C § § 330 and 331.

7. Since the Petition Date, Applicant has filed the following Monthly Fee Applications pursuant to the Interim Compensation Procedures Order:

| Number | Month | Fees | Expenses | Total |
|---|---|---|---|---|
| 1 | March 2005 | $33,171 | $4 | $33,175 |
| 2 | April 2005 | $276,462 | $9,322 | $285,784 |
| 3 | May 2005 | $321,280 | $13,082 | $334,362 |
| | **Total** | **$630,913** | **$22,408** | **$653,321** |

8. Since the Petition Date, Applicant has filed the following Quarterly Interim Fee Applications pursuant to the Interim Compensation Procedures Order:

| Quarterly Period | Application | | | Order | |
|---|---|---|---|---|---|
| | Fees | Expenses | Total | Date of Order | Amount Approved |
| | | | | | |

9. Since the Petition Date, Applicant has received the following payments from the Debtors:

| Month | Amount | Date Payment Rec. |
|---|---|---|
| March 2005 | $26,540.80 | 7/12/05 |
| April 2005 | $230,491.60 | 7/12/05 |
| May 2005 | 0 | |
| **Total** | **$257,032.40** | |

## APPLICANT'S FEES

10. The names and hourly rates of all of Applicant's professionals and paraprofessionals who billed time in the period covered by this Applicant are set forth on the attached **Exhibit A.**

11. Attached as **Exhibit B** is (1) a summary schedule of hours and fees charged for each category of services; and (2) a summary schedule of actual and necessary expenses incurred.

12. Attached as **Exhibits C1 through C17** hereto are the detailed daily descriptions of services rendered by each professional and billed to the estate during the Interim Period, including the hours necessarily incurred with respect to each task and the resultant fees. These descriptions are separated into the following matters:

> Accounting and Auditing Services
> C1   Audit of Financial Statement
> C2   Analysis of Accounting Issues
> C3   SEC Review
> C4   Employee Benefit Plan
> C5   ICOFR
> C6   Review of Bankruptcy Accounting Procedures
> C7   Review of Bankruptcy reports or filings

<u>Tax Services</u>

C8   Review and preparation of tax returns
C9   Tax Planning
C10  State and Local Tax Assistance
C11  Pension Plans
C12  Property Tax Assistance
C13  IRS Assistance
C14  Reorganization Assistance
C15  Other Consulting services

<u>Other</u>

C16  Fee Statement & Billing Preparation
C17  Travel Time billed 50%

13. Attached, as **Exhibit D1** hereto is the detail of actual and necessary expenses incurred by KPMG in the performance of services.

## Summary of Services Provided

14. All professional services for which an allowance is requested were performed by KPMG for and on behalf of the Debtors or their counsel and not on behalf of any other entity or party-in-interest. Set forth below is a summary of certain of the professional services rendered by KPMG during the First Interim Period. The full scope of and breadth of KPMG's services are reflected in the detailed time records attached hereto as Exhibits C1 through C17.

**Accounting, Auditing & Risk Advisory Services**

- Audit/Review of annual/quarterly financial statements required to be filed with the Securities and Exchange Commission

- Analysis of accounting issues and advice to the Debtors' management regarding the proper accounting treatment of events

- Read and comment on the Debtors' documents, if any, required to be filed with the Securities and Exchange Commission

- Audit of the financial statements of the Debtors' Employee Benefit Plans as required by the Employee Retirement Income Security Act

- Audit of the Debtors' Internal Control Over Financial Reporting (ICOFR) in accordance with management's responsibilities under Section 404 of the Sarbanes-Oxley Act of 2002 (the "Sarbanes-Oxley Act")

- Review of bankruptcy accounting procedures as required by the Bankruptcy Code and generally accepted accounting principles, including, but not limited to, Statement of Position 90-7.

- Review of reports or filings as required by the Bankruptcy Court or the Office of the United State Trustee including monthly operating reports

**Tax Services**

- Review of and assistance in the preparation and filing of any tax returns

- Advice and assistance to the Debtors regarding tax planning issues, including, but not limited to, assistance in estimating net operating loss carry forwards, international taxes, and state and local taxes

- Assistance regarding transaction taxes, state and local sales, and use taxes

- Assistance regarding tax matters related to the Debtors' pension plans

- Assistance regarding real and personal property tax matters, including, but not limited to, review of real and personal property tax records, negotiation of values with appraisal authorities, preparation and presentation of appeals to local taxing jurisdictions, and assistance in litigation of property tax appeals

- Assistance regarding any existing or future Internal Revenue Service ("IRS"), state and/or local tax examinations

- Advice and assistance on the tax consequences of proposed plans of reorganization, including, but not limited to, assistance in the preparation of IRS ruling requests regarding the future tax consequences of alternative reorganization structures

- Other consulting, advice, research, planning or analysis regarding tax issues as may be requested from time to time

**Other**

- Preparation of monthly fee statement and support summaries and exhibits for fee application purposes.

- Out of town travel (charged at 50% rates)

15. The services rendered by Applicant in this matter have all been consistent with the scope of Applicant's appointment, have been rendered for the Debtors, have been necessary to protect the interests of the Debtors, have been necessary for the proper administration of the estate of the Debtors, and have resulted in a benefit to the estate.

111526.1 7/15/05

7

16. Applicant states that no agreements or understandings exist between it (or its professional staff) and any other person for the sharing of any compensation for which Applicant now seeks approval or for other services rendered in these proceedings.

17. The total number of hours utilized to render the services described in this Application, and the time value thereof, as well as the expenses for which reimbursement is sought, are as follows:

| | |
|---|---:|
| **Total hours:** | 2,878.8 |
| **Time value of services:** | $630,913 |
| **Total expenses:** | $22,408 |

Applicant hereby requests compensation for such amounts.

18. All services provided by Applicant were billed at Applicant's prevailing rates for those professional services, consistent with Applicant's professional agreement with the Debtors.

19. Applicant is a disinterested person and has not represented or held an interest adverse to the interests of the Debtors, in compliance with 11 U.S.C. § 327(a).

Respectfully Submitted,

KPMG LLP

*/s/ R. Travis Storey*

R. Travis Storey
One Independent Drive
Suite 2700
Jacksonville, FL 32203
(904) 350-1278

Dated: July 15, 2005

Auditors, Accountants and Tax Advisors for
Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| In re:<br>WINN-DIXIE STORES, INC., *et al.*,<br>Debtors | Chapter 11<br>Case No. 05-03817-3F1 |
|---|---|

### DESIGNATED PROFESSIONAL CERTIFICATION

I, R.T Story, hereby certify that:

1. I am a partner in the firm of KPMG LLP, the Applicant herein.
2. I am authorized to make this certification on behalf of the Applicant.
3. The facts set forth in the forgoing Application are true and correct to the best of my knowledge, information, and belief.
4. Applicant does not have any agreement, directly or indirectly, and no understanding exists in any form, with any person for a division of the fee or compensation herein requested.
5. The fees and disbursements sought in this Application are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by the clients of Applicant.
6. The hourly rates of the professionals who have billed time in this matter are set forth in Exhibit A to the Application. The hourly rates charged by Applicant are, as a general matter, adjusted annually, as set forth in Debtors' application to employ Applicant.
7. Applicant is a disinterested person and has not represented or held an interest adverse to the interests of the Debtors, in compliance with 11 U.S.C. § 327(a).

*/s/ R. Travis Storey*

R. Travis Storey
One Independent Drive
Suite 2700
Jacksonville, FL 32203
(904) 350-1278

Dated:   July 15, 2005

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| In re: WINN-DIXIE STORES, INC., *et al.*, Debtors | Chapter 11 Case No. 05-03817-3F1 |
|---|---|

## CERTIFICATION OF KPMG LLP

The undersigned hereby certifies that the forgoing Fee Application has been reviewed by the Debtors, and that the Debtors have approved the requested amount.

KPMG LLP

*/s/ R. Travis Storey*

R. Travis Storey
One Independent Drive
Suite 2700
Jacksonville, FL 32203
(904) 350-1278

Dated:   July 15, 2005

111526.1 7/15/05