**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(JACKSONVILLE DIVISION)**

```
------------------------------------------------------- X
In re                                                   X
                                                        X     Chapter 11
                                                        X
WINN-DIXIE STORES, INC., et al.,                        X     Case Nos. 05-03817-3F1
                                                        X
                                                        X     Jointly Administered
                                                        X
                                                        X     Judge Funk
           Debtors.                                     X
------------------------------------------------------- X
```

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF**
**SMITH, GAMBRELL & RUSSELL, LLP**
**AS SPECIAL REAL ESTATE COUNSEL FOR THE DEBTORS**

| | |
|---|---|
| Name of Applicant: | Smith, Gambrell & Russell, LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Dates of Retention: | Interim Order entered on March 4, 2005 and Final order Entered on March 15, 2005, <u>nunc pro tunc</u> to February 21, 2005 |
| Period for which compensation and reimbursement is sought: | February 21, 2005 to May 31, 2005 |
| Total Amount of Compensation sought as actual, reasonable and necessary: | $599,135.00 (Including Holdback) |
| Total Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $20,408.47 |
| Total Compensation and Expenses Previously Requested and Awarded: | Fees:    $0.00<br>Expenses: $0.00 |

**SMITH, GAMBRELL & RUSSELL, LLP**
**SUMMARY OF FEES BY ATTORNEY AND PARAPROFESSIONAL**

| ATTORNEY/ PARAPROFESSIONAL | YEAR ADMITTED | PRACTICE AREA | HOURS | RATE | TOTAL |
|---|---|---|---|---|---|
| **PARTNERS:** | | | | | |
| Douglas G. Stanford | 1985 | Real Estate | 386.5 | $290 | $112,085.00 |
| Bruce I. Crabtree, III | 1976 | Corporate | 8.7 | $395 | $3,436.50 |
| **ASSOCIATES:** | | | | | |
| David M. Fass | 1995 | Bankruptcy | 11.8 | $250 | $2,950.00 |
| Simone S. Kenyon | 2000 | Real Estate | 469.9 | $180 | $84,582.00 |
| Walter C. Little | 2000 | Real Estate | 371.9 | $180 | $66,942.00 |
| Andrew Keith Daw (of counsel) | 1987 | Real Estate | 613.0 | $260 | $159,380.00 |
| **PARALEGALS:** | | | | | |
| Virginia L. Smithson | N/A | N/A | 9.6 | $165 | $1,584.00 |
| Cheree B. Williams | N/A | N/A | 336.3 | $130 | $43,719.00 |
| Jeane A. Dempsey | N/A | N/A | 138.2 | $125 | $17,275.00 |
| Kristiana B. VanCleve | N/A | N/A | 443.7 | $120 | $53,244.00 |
| Katherine McGuffey | N/A | N/A | 49.9 | $115 | $5,738.50 |
| **RESEARCH CLERKS:** | | | | | |
| James Cummings | N/A | N/A | 3.2 | $110 | $352.00 |
| Marie Mills | N/A | N/A | 87.8 | $100 | $8,780.00 |
| Jenny Spanopoulos | N/A | N/A | 27.45 | $100 | $2,745.00 |
| Pamela M. Collis | N/A | N/A | 305.9 | $110 | $33,649.00 |
| Michelle R. Drab | N/A | N/A | 24.3 | $110 | $2,673.00 |
| **TOTAL:** | | | **3,288.15** | | **$599,135.00** |

**The Blended Hourly Rate equals $182.21**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(JACKSONVILLE DIVISION)**

---------------------------------------------------------- X
In re                                                      X
                                                           X    Chapter 11
                                                           X
WINN-DIXIE STORES, INC., et al.,                           X    Case Nos. 05-03817-3F1
                                                           X
                                                           X    Jointly Administered
                                                           X
                                                           X    Judge Funk
        Debtors.                                           X
---------------------------------------------------------- X

**FIRST INTERIM APPLICATION OF**
**SMITH, GAMBRELL & RUSSELL, LLP FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES AS SPECIAL REAL**
**ESTATE COUNSEL TO THE DEBTORS**

Smith, Gambrell & Russell, LLP ("SGR") as special real estate counsel to Winn-Dixie Stores, Inc. in the above-captioned cases (collectively, the "Debtors"), submits its first interim application (the "Application") for compensation and reimbursement of actual, reasonable and necessary expenses incurred as special real estate counsel to the Debtors, for the period February 21, 2005 through May 31, 2005 (the "Application Period"), pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016, and respectfully represents as follows:

1.      Prefixed to this Application is the coversheet required by the UST Guidelines, which includes a schedule setting forth the names of all SGR professionals and paraprofessionals who have performed services for which compensation is sought, the capacities in which each such individual is employed by SGR, the department in which each individual practices, the hourly billing rate charged by SGR for the services performed by such individual, the aggregate number of hours expended in this matter and fees billed thereof, and year in which each professional was first licensed to practice law.

**JURISDICTION AND VENUE**

2. On March 4, 2005, the Court signed the Order Approving Interim Compensation Procedures for Professionals (the "Interim Compensation Order"). The Interim Compensation Order states, *inter alia*,

> "Approximately every 120 days, each of the Professionals shall serve and file with the Court an application for interim or final approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested."

SGR files this Interim Application in compliance with this provision of the Interim Compensation Order.

3. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 327, 330 and 331 of the Bankruptcy Code and Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

**RELIEF REQUESTED**

4. SGR respectfully requests the entry of an order (i) approving allowance of $599,135.00 for compensation for services rendered during the Application Period; (ii) approving the reimbursement of SGR's out-of-pocket expenses in the amount of $20,408.47 during the Application Period; (iii) directing the payment of $499,716.47 consisting of compensation of $479,308.00 (80% of $599,135.00), plus $20,408.47 of expenses (100% of $20,408.47), less any sums previously paid. These services were rendered, and disbursements recorded, from February 21, 2005 through May 31, 2005, the Application Period.

5. Annexed hereto as Exhibit "A" is a schedule, pursuant to II.D of the UST Guidelines, summarizing by project category, the services performed by SGR during the

Application Period. Annexed hereto as Exhibit "B" is a listing of the detailed time entries of SGR professionals and paraprofessionals with respect to the compensation requested and a detailed itemization of expenses incurred. Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which SGR is seeking reimbursement and the total amount of each such expense category. Annexed hereto as Exhibit "D" is a proposed form of order granting the Application.

## SGR'S RETENTION AND SERVICES PROVIDED

6. On March 4, 2005, the Court entered an interim Order pursuant to which SGR was retained as special real estate counsel to the Debtors pursuant to section 327 of the Bankruptcy Code, <u>nunc</u> <u>pro</u> <u>tunc</u> to February 21, 2005. On March 15, 2005, the Court entered a final Order authorizing the employment of SGR as special real estate counsel for the Debtors.

7. SGR's fees in these cases are based on its ordinary and customary hourly rates, and are billed in accordance with SGR's existing billing rates and procedures in effect during the Application Period. The rates SGR charges for services rendered by its professionals and paraprofessionals in the chapter 11 cases are the same rates SGR charges for professionals and paraprofessionals services rendered in comparable non-bankruptcy matters.

## BACKGROUND

8. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

9. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No

request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Official Committee of Unsecured Creditors (the "Creditor's Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

## COMPANY BACKGROUND

10. The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more the 900 stores in the United States with nearly 79,000 employees. Substantially all of the Debtors' store locations are leased rather than owned.

## SERVICES RENDERED

11. SGR has rendered professional services as special real estate counsel by advising the Debtors regarding their real property lease arrangements, including the review and analysis of existing real property leases and fee-owned properties, and existing financing arrangements.

12. A detailed description of the principal activities of SGR professionals and paraprofessionals during the Application Period is found in the time reports annexed hereto as Exhibit "B."

13. The professional services preformed by SGR were necessary and appropriate to the administration of the Debtors' chapter 11 cases.

## EXPENSES INCURRED

14. As set forth in Exhibits "B" and "C", SGR incurred expenses of $20,408.47 in providing professional services during the Application Period. With respect to photocopying expenses, SGR charged $.10 per page. With respect to facsimile expenses, SGR charged $.50

per page. Each of these rates do not exceed the maximum rates set by the Guidelines. These charges are intended to cover SGR's direct operating costs, which are not incorporated into the SGR billing rates.

15. Non-working travel time has been billed at 50% of SGR's customary billing rates.

16. Because of the dispersed nature of the Debtors' business, with locations in different states in the United States of America, occasionally long distance telephone calls were required. On several occasions, circumstances required overnight delivery of documents. These charges are intended to cover SGR's direct operating costs, which are not incorporated into SGR's billing rates.

17. On occasion, severe time constraints imposed by the circumstances of these cases have required SGR's attorneys and other employees to devote time during the evenings and on weekends to perform legal services on behalf of the Debtors. These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from creditors, customers and other parties in interest, and satisfy the demands of the Debtors' businesses and the administration of their estates. SGR's regular practice is to not include components for those charges in overhead when establishing billing rates and to charge clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts requested do not exceed those set forth in the Guidelines.

18. SGR has made efforts to minimize disbursements in these cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors, their estates and creditors.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

19. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation. 11 U.S.C. §331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;
>
> (D)  whether the services were preformed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3).

20.   In the instant case, SGR respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interest of the Debtors, their estates and their creditors. SGR further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and their creditors and were constantly performed in a timely manner commensurate with the complexity, importance and nature of the issues involved. Accordingly, the compensation sought herein is warranted.

21. No agreement or understanding exists between SGR and any third person for the sharing of compensation, except as allowed by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of SGR. All of the services for which compensation is sought in this Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

22. In accordance with, and in furtherance of, the Administrative Interim Compensation Order, SGR has submitted its detailed monthly time and expenses records to the Office of the United States Trustee, D.J. Baker of Skadden, Arps, Slate, Meagher & Flom, LLP, Sarah Robinson Borders of King & Spalding, LLP, the Debtors, and the Creditor's Committee. No objections have been asserted and, pursuant to the Administrative Interim Compensation Order, SGR has been paid 80% of fees for services rendered and 100% in reimbursed expenses representing a portion of its fees and all of the necessary out-of-pocket expenses incurred through May 31, 2005.

23. The Fee Statement for the period of February 21, 2005 through February 28, 2005 requested fees in the amount of $38,981.20 for professional services rendered (80% of $48,726.50), plus $157.36 for actual and reasonable expenses incurred, resulting in a total charge of $39,138.56. SGR has received a payment in the amount of $39,138.56 in accordance with the Administrative Interim Compensation Order for fees or expenses for the month of February, 2005.

24. The Fee Statement for the period of March 1, 2005 through March 31, 2005 requested fees in the amount of $149,887.20 for professional services rendered (80% of $187,359.00), plus $9,912.76 for actual and reasonable expenses incurred, resulting in a total

charge of $159,799.96. SGR has received a payment in the amount of $159,799.96 in accordance with the Administrative Interim Compensation Order for fees or expenses for the month of March 2005.

25. The Fee Statement for the period of April 1, 2005 through April 30, 2005 requested fees in the amount of $131,368.80 for professional services rendered (80% of $164,211.00), plus $6,139.88 for actual and reasonable expenses incurred, resulting in a total charge of $137,508.68. SGR has received a payment in the amount of $137,508.68 in accordance with the Administrative Interim Compensation Order for fees or expenses for the month of April 2005.

**26.** The Fee Statement for the period of May 1, 2005 through May 31, 2005 requested fees in the amount of $159,070.80 for professional services rendered (80% of $198,838.50), plus $4,198.47 for actual and reasonable expenses incurred, resulting in a total charge of $163,269.27. SGR has not yet received any payment for fees or expenses for the month of May 2005.

## **NOTICE**

27. In accordance with the provisions of the Administrative Interim Compensation Order, notice of this Application and the hearing thereon will be served upon (i) Skadden, Arps, Slate, Meagher & Flom LLP, counsel to the Debtors; (ii) Smith, Hulsey & Busey, counsel to the Debtors (iii) Milbank, Tweed, Hadley & McCloy LLP, counsel to the Creditor's Committee; (iv) Akerman Senterfitt, counsel to the Creditor's Committee; (v) the United States Trustee; and (vi) all parties that have filed notices of appearances in these cases. In light of the noticing provisions of the Administrative Interim Compensation Order and the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## WAIVER OF MEMORANDUM OF LAW

28.  This Application includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirements contained in Rule 9013-1(b) of the Local Bankruptcy Rules that a separate memorandum of law be submitted.

29.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, Smith, Gambrell & Russell, LLP respectfully requests that this Court enter an order, (i) approving allowance of $599,135.00 for compensation for services rendered during the Application Period; (ii) approving the reimbursement of SGR's out-of-pocket expenses in the amount of $20,408.47 during the Application Period; (iii) directing the payment of $499,716.47 consisting of compensation of $479,308.00 (80% of $599,135.00), plus $20,408.47 of expenses (100% of $20,408.47), less any sums previously paid; and (iv) granting such other and further relief as this Court deems just and proper.

Dated: July 14, 2005

Respectfully submitted,

Douglas G. Stanford (DS6915)

SMITH, GAMBRELL & RUSSELL, LLP
Bank of America Tower
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
(904) 598-6100

Special Real Estate Counsel to the Debtors

## EXHIBIT "A"

## FEES SUMMARIZED BY PROJECT CATEGORY

### Real Estate (055998.070)

| Time Period | Hours | Fees |
| --- | --- | --- |
| February 21, 2005 – February 28, 2005 | 269.9 | $48,726.50 |
| March 1, 2005 – March 31, 2005 | 1,024.2 | $182,705.00 |
| April 1, 2005 – April 30, 2005 | 902.25 | $163,421.50 |
| May 1, 2005 – May 31, 2005 | 1,046.9 | $197,173.00 |
| **Total:** | **3,243.25** | **$592,026.00** |

### Professional Fees (055998.072)

| Time Period | Hours | Fees |
| --- | --- | --- |
| March 1, 2005 – March 31, 2005 | 25.6 | $4,654.00 |
| April 1, 2005 – April 30, 2005 | 6.1 | $789.50 |
| May 1, 2005 – May 31, 2005 | 13.2 | $1,665.50 |
| **Total:** | **44.9** | **$7,109.00** |

CORP\1111065.1

# EXHIBIT "B"

**DETAILED INVOICES**
**(Time entries and Expenses)**

**[Attached]**

## EXHIBIT "C"

## EXPENSE SUMMARY

| Description | Amount |
|---|---|
| Long Distance Telephone Charges | $59.25 |
| Document Retrieval (Pacer charges) | $37.44 |
| Express Delivery Service (Federal Express) | $1,072.59 |
| Courier | $49.49 |
| Filing Fees, Recording Fees | $9,170.14 |
| Photocopies | $7,169.38 |
| Telecopy Charges | $24.75 |
| Certified Copies | $239.50 |
| Postage | $147.27 |
| Outside Copy Service | $2,033.09 |
| Legal Research | $106.78 |
| Office Supplies | $185.12 |
| Business Meals | $319.11 |
| After Hours HVAC | $160.00 |
| Reversal | ($365.44) |
| | |
| **TOTAL:** | **$20,408.47** |

**EXHIBIT "D"**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(JACKSONVILLE DIVISION)**

```
-----------------------------------------------------X
In re                                                X
                                                     X    Chapter 11
                                                     X
WINN-DIXIE STORES, INC., et al.,                     X    Case Nos. 05-03817-3F1
                                                     X
                                                     X    Jointly Administered
                                                     X
                                                     X    Judge Funk
              Debtors.                               X
-----------------------------------------------------X
```

**ORDER GRANTING FIRST INTERIM APPLICATION OF**
**SMITH, GAMBRELL & RUSSELL, LLP FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES AS SPECIAL REAL**
**ESTATE COUNSEL TO THE DEBTORS,**
**FOR THE PERIOD FEBRUARY 21, 2005 THROUGH MAY 31, 2005**

Upon consideration of the First Interim Application (the "Application") of Smith, Gambrell & Russell, LLP ("SGR"), as special real estate counsel to the above-referenced Debtors, for allowance of interim compensation and reimbursement of expenses for professional services rendered and expenses incurred during the period commencing February 21, 2005 through May 31, 2005; and notice of the Application have been given pursuant to this Court's Order Pursuant to Federal Rule of Bankruptcy Procedure 2016 and 11 U.S. C. §§ 330 and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated March 4, 2005; and no objection to the Application having been filed; and a statement dated _____ having been filed by the Office of the United States Trustee indicating that it has no objection to the amount of fees or reimbursement of expenses sought by

SGR in the Application; and a hearing having been held before this Court to consider the Application on August 4, 2005; and sufficient cause having been shown therefor, it is hereby

ORDERED that the Application is granted on an interim basis to the extent set forth in Schedule "A".

Dated: August ___, 2005

                                              HONORABLE JERRY A. FUNK
                                              U. S. BANKRUPTCY JUDGE

## SCHEDULE "A"

Case Number: 05-03817-3FI

Case Name:   Winn-Dixie Stores, Inc. et al.

ALL FEE PERIODS (INCLUDING THIS PERIOD)

| Applicant/ Interim Period | Date | Fees Requested | Fees Allowed – Incl. Fees Held Back | Fees Held Back | Fees Payable by Debtors | Expenses Requested | Expenses Allowed & Payable by Debtors |
|---|---|---|---|---|---|---|---|
| Smith, Gambrell & Russell (Interim 1) | 7/2005 | $599,135.00 | $599, 135.00 | $119,827.00 | $479,308.00 | $20,408.47 | $20,408.47 |
| Total | | $599,135.00 | $599,135.00 | $119,827.00 | $479,308.00 | $20,408.47 | $20,408.47 |
| | | | | | | | |