## EXHIBIT "1"

Retention Order

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**FINAL ORDER AUTHORIZING DEBTORS TO EMPLOY**
**XROADS SOLUTIONS GROUP, LLC AS**
**FINANCIAL AND OPERATIONS RESTRUCTURING CONSULTANTS**

These cases came before the Court for hearing on June 2, 2005, upon the

application filed on February 21, 2005 by Winn-Dixie Stores, Inc. and its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), for entry of an order pursuant to Sections 327(a) and 328 of the Bankruptcy Code

authorizing the Debtors to employ XRoads Solutions Group, LLC ("XRoads") as financial and

operations restructuring consultants (the "Application").[1]  The Court has reviewed the

Application, the letter agreement attached to the Application (the "Agreement"), the initial

declaration and first and second supplemental declarations of Dennis I. Simon (the "Simon

Declarations"), the interim order authorizing such retention entered on March 29, 2005 by the

United States Bankruptcy Court for the Southern District of New York, and Amendment #1 to

the Agreement attached hereto as Exhibit A (the "Amendment," and the Agreement as modified

by the Simon Declarations and the Amendment, the "Amended Agreement"); and the Court has

considered the evidence and heard the argument of counsel.  The Court has determined that the

terms of compensation being sought by XRoads as described in the Amended Agreement are

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

reasonable. After due deliberation and finding proper notice has been given, the Court

determines that good cause exists to grant the relief and that granting the relief is in the best

interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Application is granted as set forth in this Order.

2.      The Debtors are authorized to retain XRoads as their financial and

operations restructuring consultants on a final basis, pursuant to Sections 327(a) and 328 of the

Bankruptcy Code, as of February 21, 2005 (the "Petition Date"), on the terms set forth in the

Application and the Amended Agreement; provided, however, that in the event of any

inconsistency between this Order and the Application or the Amended Agreement, this Order

shall govern.

3.      If any supplemental declarations are filed and served after the entry of this

Order, absent any objections filed within twenty (20) days after the filing and service of such

supplemental declarations, XRoads' employment shall continue as authorized pursuant to this

Order.

4.      The terms of compensation and reimbursement of expenses to be paid to

XRoads as set forth in the Application, the Amended Agreement and this Order are "reasonable"

as such term is used in Section 328(a) of the Bankruptcy Code, and XRoads shall be

compensated and reimbursed in accordance with the terms of the Application, the Amended

Agreement and this Order, but such compensation and reimbursement shall be subject to prior

approval of this Court in accordance with the standards of and requirements under Section 328(a)

of the Bankruptcy Code and any order of this Court establishing procedures for monthly

compensation and reimbursement of expenses; provided that, notwithstanding the preceding

-2-

clause, only the United States Trustee retains the right to object to XRoads' interim and final fee applications (including expense reimbursement) on all grounds, including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

5.     XRoads shall provide forty-five (45) days' notice of any application for deferred fees and/or performance fees based upon the consummation of one or more Qualifying Transaction (as defined in the Agreement, which is defined in the Application), which notice shall be provided to the United States Trustee, counsel for the official committee of unsecured creditors, counsel for the Debtors' secured lenders, and the parties named on the master service list maintained in these cases.

6.     XRoads' application for any performance fee in excess of $1,500,000 shall be permitted upon the Debtors' Board of Director's determination that such additional amount is warranted based on XRoads performance for the Debtors, including but not limited to an analysis of the over-all contribution to the reorganization process made by XRoads and the respective recoveries achieved by the various constituencies in the case. Notwithstanding paragraph 4 above, all parties in interest retain the right to object to XRoads' application for any performance fee in excess of $1,500,000 on all grounds, including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

7.     XRoads shall contemporaneously maintain time entries in six-minute increments for each individual working on the engagement.

8.     In the event XRoads seeks reimbursement for attorneys' fees from the debtors pursuant to the Amended Agreement, the invoices and supporting time records from such attorneys shall be included in XRoads' own applications (both interim and final), and such invoices and time records shall be subject to the United States Trustee's guidelines for

-3-

compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of Sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under Section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, XRoads shall not seek reimbursement from the Debtors of any legal fees or expenses related to XRoads' employment pursuant to the Application or Amended Agreement.

9.      To the extent that any pre-petition retainer received by XRoads from the Debtors remains after application to pre-petition fees, charges, costs, or expenses, XRoads is authorized to hold such remaining retainer for application to allowed amounts owed pursuant to XRoads' final application in these cases; provided, however, that XRoads shall hold the retainer in a segregated account as funds clearly designated for the account of the Debtors and make periodic interest payments to the Debtors; and provided, further, however, that any party in interest may at any time challenge the use and application of the retainer by XRoads; and provided further, however, that to the extent the pre-prepetition retainer is insufficient to satisfy all pre-petition fees, charges, costs, or expenses, XRoads shall waive any unpaid pre-petition fees, charges, costs, or expenses.

10.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

11.     XRoads shall serve upon all creditors of the Debtors a notice in a form approved by the United States Trustee that discloses the material terms of XRoads' approved retention under Section 328 of the Bankruptcy Code and provides a thirty (30) day period within which any objections to such retention must be filed with the Court and served upon XRoads;

provided, however, that parties in interest who previously received notice of the Application and

an opportunity to object and who failed to file an objection by the previously applicable

objection deadline (the "Previously Noticed Creditors") shall not be entitled to file and serve

objections or to have their objections heard.  The Court shall consider any objections (other than

objections filed by Previously Noticed Creditors, which shall be denied) at the omnibus hearing

next following the expiration of such thirty (30) day period.  This Order shall be final as to all

creditors who do not file a timely objection and to all Previously Noticed Creditors.

Dated June 3, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

998536.03-New York Server 7A - MSW

**EXHIBIT A**



400 Madison Avenue, 3rd Floor
New York, NY 10017

main  212.610.5600
fax    212.610.5601
www.xroadsllc.com

H. Jay Skelton
Chairman of the Board
Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254

Re:     Winn-Dixie Stores, Inc.
        Amendment #1 to XRoads Engagement Agreement dated February 16, 2004

Dear Mr. Skelton:

This Amendment #1 shall amend that certain engagement letter agreement dated February 16, 2004 (the "Agreement") between Winn-Dixie Stores, Inc. and its affiliates and subsidiaries (collectively, the "Company") and XRoads Solutions Group, LLC and its affiliates (collectively, "XRoads"). This Amendment #1 shall be effective as of May 31, 2005.

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, XRoads and the Company hereby agree that the Agreement shall be amended as follows:

1. **Section 2.c. of the Agreement entitled "Post-Petition Monthly Fees & Hourly Fees", is hereby amended to add the following language thereto**:

   "In XRoads final fee application, XRoads shall waive recovery of ten percent (10%) of its Hourly Fees up to a maximum of $1.5 million ("Fee Waiver"), provided however in the event any objections to XRoads' fee application are filed and granted, any reductions to XRoads fees or expenses shall be first offset against XRoads Fee Waiver."

2. **Section 2.h. of the Agreement entitled "Performance Fee", is hereby deleted in its entirety and replaced with the following language**:

   "h.   <u>Performance Fee</u>. In addition to the Monthly Fees and Hourly Fees provided for above, XRoads shall be entitled to a performance fee for this Engagement in the amount of $1,500,000 (the "Performance Fee"), which shall be paid by the Company to XRoads upon  the consummation of a Qualifying Transaction.  "Qualifying Transaction" shall mean the earlier of one of the following events providing a 100% claim recovery to the Company's secured and approved unsecured creditors, plus a recovery to the Company's equity holders: (i) the sale or monetization of all or substantially all of the assets or equity of the Company in one or more transactions; (ii) the merger or consolidation of the Company with or into any other entity in one or more

_____ Initial

_____ Here

H. Jay Skelton
Winn-Dixie Stores, Inc.
May 31, 2005
Page 2

# XRoads
**SOLUTIONS GROUP** 

transactions; (iii) the substantial consummation of a plan of reorganization for the Company; or (iv) the liquidation of the Company. At the sole discretion of the Board of Directors of the Company, the Performance Fee payable to XRoads may be increased, provided that the maximum Performance Fee payable hereunder shall not exceed $5,000,000.  Any increase in the Performance Fee over the $1,500,000 amount shall be subject to the approval of the bankruptcy court after due notice and opportunity for hearing given to the U.S. Trustee, the unsecured creditors committee and any secured lenders of the Company. Notwithstanding the preceding, in the event the Performance Fee awarded to XRoads is $3,000,000 or more, XRoads shall be paid the Performance Fee in the following manner: (i) 50% in cash upon the consummation of a Qualifying Transaction, and (ii) 50% payable over five years with fully amortized quarterly payments bearing interest at the applicable 5 year treasury rate."

3. **Entire Agreement/Conflicts**: This Amendment #1 incorporates by reference all of the terms and conditions contained in the Agreement, which shall remain unchanged and in full force and effect, except as amended by this Amendment #1. In the event of any conflict between the terms of the Agreement and the terms of this Amendment #1, the terms of this Amendment #1 will be deemed to have superseded those of the Agreement and exclusively will govern the matter in question.

If you agree to the terms and conditions set forth above, please indicate your acceptance and approval by signing this letter in the space provided below and on the duplicate copy enclosed. Please return one fully executed original to the undersigned for our files.

**AGREED AND ACCEPTED:**

Very truly yours,

**XRoads Solutions Group, LLC**

**Winn-Dixie Stores, Inc.**

By:_____

Dennis I. Simon
Managing Principal

H. Jay Skelton
Chairman of the Board

Date: _____

_____ Initial
_____ Here