UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                          )
                               )
WINN-DIXIE STORES, INC.,       )    Case No. 05-03817-3F1
et al.,                        )    Chapter 11
                               )    Jointly Administered
          Debtors.             )
_____)


OBJECTION TO DEBTORS' MOTION
FOR ORDER (A) AUTHORIZING THE SALE
OF ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, AND INTERESTS AND EXEMPT FROM TAXES,
(B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF LEASES AND CONTRACTS, AND (C) GRANTING RELATED RELIEF
(WINN-DIXIE STORE # 1908,
THE VILLAGE ON WHITESBURG, HUNTSVILLE, ALABAMA)
_____FILED BY TRANSAMERICA LIFE INSURANCE COMPANY_____


     The creditor, Transamerica Life Insurance

Company, by its undersigned attorneys, objects to the

Debtors' Motion for Order (A) Authorizing the Sale of

Assets Free and Clear of Liens, Claims, and Interests and

Exempt from Taxes, (B) Authorizing the Assumption and

Assignment of Leases and Contracts, and (C) Granting

Related Relief, filed on July 1, 2005 (Document No.

1961)(the "Motion,") as follows:

     1.  Pursuant to the Motion described above, the

Debtors seek, among other things, to assume and assign

leases of certain "Targeted Stores" as defined in the motion. As reflected in Exhibit A to the motion, included among the Targeted Stores is Winn-Dixie Store # 1908, The Village on Whitesburg, Huntsville, Alabama. As reflected in Exhibit F to the Motion, the Debtors contend the cure amount due on Store # 1908 is $38,750.29. In both Exhibit A and Exhibit F to the Motion, the Debtors contend that the landlord as to Store # 1908 is "PREMIER PROPERTIES & FS ALABAMA LTD. PTNRSH."

2.   At the relevant times, Transamerica Life Insurance Company ("Landlord") owned the property that the Debtors operate as Winn-Dixie Store # 1908. Winn-Dixie Atlanta, Inc., now Winn-Dixie Montgomery, Inc., is the tenant under a lease dated September 4, 1986 ("Lease"). Landlord is the landlord under that Lease pursuant to assignment from the original landlord. Winn-Dixie Stores, Inc., is the guarantor of the obligations of the tenant under the Lease pursuant to the terms of a guaranty dated September 25, 1986 ("Guaranty"). Both Winn-Dixie

Montgomery, Inc., and Winn-Dixie Stores, Inc., are debtors
in these jointly administered cases.

3.   On June 22, 2005, the Landlord filed its
Application for Payment of Administrative Expenses (Winn-
Dixie Store # 1908, The Village on Whitesburg, Huntsville,
Alabama) Filed by Transamerica Life Insurance Company
(Document No. 1849).  As reflected in that application,
which the Landlord incorporates here by reference, the
Debtors are in default and the Landlord is owed $76,222.25
under the Lease.  In that application, the Landlord seeks
an order allowing this amount as an administrative expense
and ordering the Debtors to pay it immediately.  On or
about July 7, 2005, the Landlord, in the alternative, also
filed proofs of claim in these amounts with Logan &
Company, Inc., the Debtors' claims agent, in the bankruptcy
cases of both Winn-Dixie Montgomery, Inc., and Winn-Dixie
Stores, Inc.

4.   On April 21, 2005, after the filing of these
bankruptcy cases, the Landlord sold the subject property
and assigned the Lease to VOW, LLC, an Alabama limited
liability company.  Pursuant to the terms of the sale,

delinquent rents and/or tenant reimbursements, including the amounts described in paragraph 3 above, were carved out of the sale and remain the property of the Landlord. In addition, the terms of the sale explicitly give the Landlord the right to collect those delinquencies and obligate VOW, LLC, to deliver them to the Landlord if VOW, LLC, receives them. Accordingly, the Landlord is the proper party to which the Debtors should pay these amounts notwithstanding the sale of the property to VOW, LLC, in April.

5. On July 14, 2005, VOW, LLC, filed its Objection to Cure Amount by VOW, LLC (Document No. 2191), objecting to the Motion and disputing the cure amounts the Debtors contend it is owed under the Lease. Whatever cure amounts the Debtors may owe VOW, LLC, they also owe the Landlord the amounts alleged in paragraph 3 above. Pursuant to the provisions of Section 365(b)(1)(A) of the Bankruptcy Code, the Debtors may not assume the Lease unless they cure all of the defaults under the Lease, including the amounts due the Landlord as described in paragraph 3 above.

6.   The Landlord objects to the Debtors' Motion because it incorrectly sets forth the amounts required to cure the defaults under the Lease.  In the Motion, the Debtors fail to propose to pay the Landlord the amounts in default that they owe the Landlord under the Lease.

7.   Pursuant to paragraph 14 of the Debtors' Motion, landlords of Targeted Stores were to be served with a copy of the Motion and then were to object to the cure amounts on or before July 14, 2005.  The Landlord is a landlord of a Targeted Store.  The Landlord, however, was not served with a copy of the Motion and did not know of the Debtors' efforts to assume and assign the Lease. Undersigned counsel for the Landlord learned of these efforts only upon receiving electronic notification through the CM/ECF system of the filing by VOW, LLC, of its objection to the Motion.  As a consequence, the Landlord's failure to file this objection on or before July 14, 2005, should be excused.

WHEREFORE, the Landlord prays that the court will sustain its objection and require that any assumption and assignment of the Lease include the cure and payment of the

amounts owed the Landlord as described in paragraph 3

above.

Respectfully submitted,

C. TIMOTHY CORCORAN, III, P.A.
400 N. Ashley Drive, Suite 2540
Tampa, Florida  33602
(813) 769-5020
(813) 769-5030 (fax)
ctcorcoran@mindspring.com
Attorneys for the Landlord


By /s/ C. Timothy Corcoran, III
     C. Timothy Corcoran, III
     Florida Bar No. 0161248

<u>Proof of Service</u>

       I certify that today I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that I have sent by U. S. Mail today a copy of the foregoing to any persons listed below who will not receive from the Clerk a notice of electronic filing:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Adam Ravin, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036

D. J. Baker, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

James H. Post, Esquire
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32202

Dennis F. Dunne, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY  10005

John B. Macdonald, Esquire
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, FL  32202

Patrick P. Patangan, Esquire
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, FL  32202

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL  32806

VOW, LLC
c/o Edward J. Ashton, Esquire
Walston, Wells, Anderson & Bains, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203

C. Ellis Brazeal, III
Walston, Wells, Anderson & Birchall, LLP
1819 Fifth Avenue North, Suite 1100
Birmingham, AL  35203


*July 15, 2005*              */s/ C. Timothy Corcoran, III*
Dated                       C. Timothy Corcoran, III