IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | Chapter 11 |
| Debtor. | Jointly Administered |

**LIMITED OBJECTION OF CROWDER FAMILY JOINT VENTURE TO PROPOSED CURE AMOUNTS IN DEBTORS' MOTION FOR ORDER (A) AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAAMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

Crowder Family Joint Venture ("*CFJV*"), as lessor of the premises identified by as Store Number 1328 located in Yazoo City, Mississippi (the "*Premises*"), files this limited objection to the cure amounts contained in the *Motion for Order (A) Authorizing Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* (the "*Sale Motion*") filed herein by the debtors and debtors-in-possession, Winn-Dixie Stores, Inc., *et al.* (collectively, the "*Debtors*").  In support of its limited objection, CFJV shows as follows:

1.     As provided in ¶¶ 14 and 35 of the Sale Motion and as required by § 365 of the Bankruptcy Code, the Debtors are obligated to cure all defaults in order to assume a lease.  The Debtor has provided in Exhibit F to the Sale Motion that the cure amount necessary to remedy all defaults under its lease with CFJV dated September 13, 1989, as amended (the "*1328 Lease* "), is $14,683.16, which are amounts for 2004 real estate taxes that were not paid by the Debtor and were paid by CFJV.  These amounts are accurate.

2.     Additional monetary amounts that are due and owing but which are not reflected in Exhibit F to the Sale Motion are amounts owed under ¶ 5 of the 1328 Lease for percentage

rent owed for 2004. The Debtors are obligated to pay CFJV 1.5% of gross sales (as that term is defined in the 1328 Lease) over $4 million. CFJV does not know and has not been provided with information as to what the Debtors' 2004 gross sales were at the Premises, therefore CFJV is unable to quantify this amount at this time. However, these amounts are also due and owing by the Debtor as cure amounts but are not included or referenced in Exhibit F to the Sale Motion.

3. In addition to the foregoing monetary defaults, the Debtors are in default under the 1328 Lease for failure to make repairs and perform maintenance obligations at the premises. CFJV and the Debtors have exchanged information on these maintenance and repair obligations for months, both prior to and after the petition date, and CFJV believes that the parties have been negotiating in good faith to resolve these defaults.

4. However, at this point, neither CFJV nor the Debtors have finally agreed on what actions are required to cure these defaults, nor have the parties quantified the cost to make all repairs. CFJV conservatively estimates that the cost to make necessary repairs to the premises in order to cure defaults relating thereto is at least $100,000, which amount is in addition to the foregoing monetary default amounts.

5. Both CFJV and the Debtors continue to work toward being able to quantify these costs so that the sale process can move forward toward a successful sale of the Premises. However, the Sale Motion fails to include the Debtors' cure obligations with respect to these repair and maintenance obligations, and the same should not be granted based on the cure amounts currently provided in Exhibit F for defaults under the 1328 Lease.

6. Accordingly, CFJV files its objection to the Sale Motion that is limited in scope to dispute the cure amount proposed by the Debtors on Exhibit F of the Sale Motion as being inaccurate and incomplete in failing to include and provide for cure of the defaults listed above.

WHEREFORE, CFJV respectfully requests that the Court modify the cure amount applicable to the 1328 Lease as set forth above and grant such other relief as is just.

THIS the 16th day of July, 2005.

        Respectfully submitted,

        **CROWDER FAMILY JOINT VENTURE**

        By:  /s/ Douglas C. Noble

        Douglas C. Noble, MS Bar No. 10526
        **PHELPS DUNBAR LLP**
        111 East Capitol, Suite 600
        Post Office Box 23066
        Jackson, Mississippi 39225-3066
        Telephone:  (601) 352-2300
        Facsimile:   (601) 360-9777

        Donald H. Whittemore, FL Bar No. 502073
        **PHELPS DUNBAR LLP**
        100 South Ashley Drive, Suite 1900
        Tampa, Florida 33602
        Telephone:  (813) 472-7550
        Facsimile:   (813) 472-7570

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this date caused to be served *via* electronic mail a true and correct copy of the above and foregoing pleading to all parties listed on the Master Service List.

SO CERTIFIED, this the 16th day of July, 2005.

/s/  Douglas C. Noble