**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.:  3:05-bk-03817-JAF

Debtors.                                                        Chapter 11

_____/         Jointly Administered

**ORDER ENLARGING TIME TO**
**COMMENCE PRE-PETITION LIEN/CLAIM CHALLENGE**
**PURSUANT TO THE COURT'S FINAL ORDER DATED**
**APRIL 12, 2005 (DOCKET NO. 501)**

This case is before the Court on the motion (the "Motion") (Docket No. 1886)

filed on June 27, 2005, by the Official Committee of Unsecured Creditors (the "Committee")

appointed in the above-captioned cases of Winn-Dixie Stores, Inc. and its affiliated debtors and

debtors in possession (collectively, the "Debtors"), pursuant to Rule 9006(b), Federal Rules of

Bankruptcy Procedure, and 11 U.S.C. § 105, for entry of an order enlarging the time within

which the Committee may commence an adversary proceeding (a "Pre-Petition Lien/Claim

Challenge", as hereinafter defined) with respect to the pre-petition claims, debt, collateral, and

other matters of Wachovia Bank National Association, as Administrative Agent and Collateral

Agent for itself and the other financial institutions (collectively, the "Pre-Petition Lender") from

time to time parties to that certain Second Amended and Restated Credit Agreement, dated as of

June 29, 2004, between the Debtors and the Pre-Petition Lender, as provided for under paragraph

15(e) of that certain Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of

the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I)

Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to Use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of All Claims of Debtors' Pre-Petition Secured Lender, dated March 23, 2005 (the "Final Order") (Docket No. 501), and amending the Final Order to permit such an enlargement of time through and including August 25, 2005, and the Court being advised that the Pre-Petition Lender has consented to the terms of this Order permitting an enlargement of time on the conditions hereinafter set forth, without prejudice to the Pre-Petition Lender's rights under the Final Order and the conditions set forth hereinafter, and there being no objection to the Motion, it is,

ORDERED:

1.      The Committee shall have through and including August 25, 2005, to commence in this Court an adversary proceeding asserting a Pre-Petition Lien/Claim Challenge, as defined in paragraph 15(e) of the Final Order, subject to the following conditions:

(a)      No later than August 10, 2005, counsel for the Committee shall notify counsel for the Pre-Petition Lender in writing of all grounds upon which the Committee would assert a Pre-Petition Lien/Claim Challenge.

(b)      In the event the Committee shall commence an adversary proceeding asserting a Pre-Petition Lien/Claim Challenge, the Pre-Petition Lender retains the right to assert that the deadline for commencement of a Pre-Petition Lien/Claim Challenge under the terms of the Final Order expired prior to the filing by the Committee of the Motion, which issue is not determined hereby but, if asserted by the Pre-Petition Lender, shall be considered and

2

determined by the Court upon appropriate motion, notice, and hearing.

(c)    Except as hereinafter provided, the Court shall not grant any further enlargement of time for the Committee to commence an adversary proceeding to assert a Pre-Petition Lien/Claim Challenge under the terms of the Final Order.  However, if the sole ground upon which the Committee may request a further enlargement of time for commencement of such an adversary proceeding is the need to obtain court approval for the retention by the Committee of special counsel for the purpose of commencing such an adversary proceeding, the Court shall consider such request upon timely motion, notice, and hearing.

DATED this __14__ day of July, 2005, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies furnished to:

Ken C. Meeker, Esq.,
   Assistant United States Trustee
Cynthia C. Jackson, Esq.
D.J. Baker, Esq.
Dennis F. Dunne, Esq.
John B. Macdonald, Esq.
Andrew V. Tenzer, Esq.
Jonathan N. Helfat, Esq.
Betsy C. Cox, Esq.

**BAE SYSTEMS**

**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE  OF  SERVICE

```
District/off: 113A-3          User: cartes            Page 1 of 1              Date Rcvd: Jul 14, 2005
Case: 05-03817                Form ID: pdfdoc         Total Served: 8


The following entities were served by first class mail on Jul 16, 2005.
aty       +Adam Ravin,   Skadden Arps Slate Meagher & Flom, LLP,   Four Times Square,   New York, NY 10036-6522
aty       +Betsy C Cox,  Rogers Towers,  1301 Riverplace Boulevard,  Suite 1500,
           Jacksonville, FL 32207-1811
aty       +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
           Jacksonville, FL 32202-4494
aty       +Dennis F. Dunne,   Milbank, Tweed, Hadley & McCloy LLP,   1 Chase Manhattan Plaza,
           New York, NY 10005-1401
aty       +John B. Macdonald,   Akerman Senterfitt,   50 North Laura Street,   Suite 2500,
           Jacksonville, FL 32202-3646
          +Andrew V. Tenzer,   599 Lexington Avenue,   New York, NY 10022-6030
          +Jonathan N. Helfat,   230 Park Avenue,   New York, NY 10169-0005


The following entities were served by electronic transmission on Jul 15, 2005 and receipt of the transmission
was confirmed on:
ust       +E-mail: ustp.region21.or.ecf@usdoj.gov Jul 15 2005 05:50:48     United States Trustee - JAX,
           135 W. Central Blvd., Suite 620,   Orlando, FL 32801-2476
                                                                                         TOTAL: 1


            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0


Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jul 16, 2005**                    **Signature:**   _Joseph Speetjens_