UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

JUL 1 8 2005

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                      ) Case No. 05-03817-3F1
                                            )
WINN-DIXIE STORES, INC., et al.,            ) Chapter 11
                                            )
Debtors.[1]                                 ) Jointly Administered
                                            )

## STATEMENT OF RECLAMATION

Pursuant to the Final Order (A) Establishing Procedures For Treatment of Reclamation Claims, and (B) Prohibiting Third Parties From Interfering With Delivery of Goods entered April 5, 2005, in the above-captioned Chapter 11 Cases (the "Reclamation Order"), this Statement of Reclamation[2] sets forth the extent and basis, if any, upon which the Debtors believe the Reclamation Claim of Sergeant's Pet Care Products (the "Vendor"), is not factually or legally valid and/or the amount that shall be considered valid (the "Reconciled Reclamation Claim"). In addition, the Statement of Reclamation identifies with specificity any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Reclamation Order.

Numerical Reclamation Statement

## Summary for Sergeant's Pet Care Products

**Date of Claim:**     2/24/05
**Period of Claim:**   2/12/05 - 2/21/05

| | |
|---|---:|
| **Vendors Reclamation Claim** | $6,461.04 |
| Deduct: | |
| **Ineligible Amounts** | |
| Invoices before window | 0.00 |
| Invoices after window | 0.00 |
| Already Paid | 0.00 |
| Others (i.e., cancelled PO, missing invoice, invoice discrepancy, etc) | 0.00 |
| **Analyzed and Proposed Gross Reclamation Claim** | $6,461.04 |
| Deduct: | |
| Usage (Consumption): Some or all of the Goods were sold or used by the Debtors before the receipt of the vendor's reclamation demand. The amount of such consumption shall be determined by the parties or at trial. | |
| Pre-petition AP credits | (341.87) |
| Pre-petition AR - Promotional Allowances | (73,031.59) |

**Footnotes:**
None

## Legal Defenses[3]

The Debtors reserve the following defenses with respect to the Vendor's claim:

1. The Goods are or were subject to a prior perfected security interest, and the proceeds from the disposition of the Goods have been used.

The Debtors also reserve the following defenses with respect to the Vendor's claim to the extent set forth on the preceding page entitled Numerical Reclamation Statement:

1. The Debtors were not in possession or in control of the Goods when the Reclamation Demand was received.

---

[3] Note that, under to the Reclamation Order, the Debtors do not in any way waive any claims they may have against any Vendor relating to preferential or fraudulent transfers or other potential claims, counterclaims, or offsets with respect to such Vendors. The Debtors' rights to pursue such claims, and any and all other claims they may seek to advance against any Vendor in the future other than those arising specifically in connection with the allowed Reclamation Claim, are reserved, including the right to object on any grounds to any claim filed by the Vendors.

3

If you agree with this Statement of Reclamation, indicate such agreement in the appropriate place below and return this Statement of Reclamation on or before September 13, 2005 (the "Reconciliation Deadline") to the following persons:

> Winn-Dixie Stores, Inc.
> 5050 Edgewood Court
> Jacksonville, Florida 32254
> Attn: Ellen Knight Gordon

> With a copy to:

> Skadden, Arps, Slate, Meagher & Flom LLP
> Four Times Square
> New York, New York, 10036
> Attn: Sally McDonald Henry, Esq.

If you disagree with this Statement of Reclamation, you must sign and return the Statement of Reclamation by the Reconciliation Deadline to the persons identified above. **The returned Statement of Reclamation must be accompanied by the Detailed Back-Up required by Section (b)(iv) of the Reclamation Order.**

Nothing contained in this Statement of Reclamation is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim to any Detailed Back-Up provided by any Dissenting Vendor.

## AGREEMENT

In accordance with paragraph (b)(iii) of the Reclamation Order, Sergeant's Pet Care Products agrees with this Statement of Reclamation.

By: _____        Dated: _____
    (Signature)

_____
(Print or type name)

## DISAGREEMENT

In accordance with paragraph (b)(iv) of the Reclamation Order, Sergeant's Pet Care Products disagrees with this Statement of Reclamation and encloses the Detailed Back-Up required by paragraph (b)(iv) of the Reclamation Order.

By: *Sydney J. Homan* (Signature)        Dated: 7/13/05

SydNEy J. HomaN
(Print or type name)

518076.01-New York Server 5A - MSW


Pet Care Products, Inc.

RECEIVED
CLERK, U.S. BANKRUPTCY COURT
JUL 1 8 2005
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WINN DIXIE STORES, INC. et.al.
Case # 05-03817-3F1 (05-03817-3F1 through 05-03840-3F1)

Re: ATTACHMENT TO NUMERICAL RECLAMATION STATEMENT

This attachment is to state our disagreement of the reclamation order. We find it unlikely the goods shipped to Winn Dixie on 2/15/05, received on 2/18/05, were not in possession of Winn Dixie on February 21, 2005 when bankruptcy was filed. As to whether or not the goods were still in Winn Dixie's charge as of 2/24/05 when we filed our reclamation claim is hard to prove by either party.

The largest disagreement we have with the Reclamation Statement is the $73,031.59 Pre-petition AR – Promotional Allowances being claimed by Winn Dixie. We need to be presented with documentation to support this claim before we are willing to accept it as written.

Regards,

*Sydney J. Homan* 7/13/05
Sydney J. Homan
Accounting Manager