IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

JUL 1 8 2005

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN RE                              *
    WINN-DIXIE STORES, INC.,          CASE NO. 05-03817-3F1
    et al.,                     *      (Jointly Administered)

    Debtors                     *      CHAPTER 11

## LIMITED OBJECTION TO SALE FREE OF LIENS, BY HAMILTON COUNTY, TENNESSEE TRUSTEE

Comes Carl E. Levi, Claimant, as Trustee for Hamilton County, Tennessee, by counsel and states to the Court that he is charged with a duty to collect ad valorem property taxes owed to said County with respect to real and personal property located within said County. He respectfully objects to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, etc., appearing to be Docket No. 1961 in this proceeding, filed on or after July 1, 2005, and would show unto the Court the following:

As County Trustee this Claimant has filed a claim herein prospectively for taxes relating to tax year 2005, a copy of which claim is attached to this objection together with relevant correspondence. The anticipated tax bills have not been generated at this point in time, but the Claimant believes that bills will be rendered for ad valorem taxes on the debtors' business personal property located at seven stores in Hamilton County, Tennessee, six of which are specifically named in the debtors' Motion for Sale. (A seventh store, believed to be Winn-Dixie's store no. 1940, located at 5450 Highway 153, Chattanooga, Tennessee, does not appear to be listed in the schedules as best Claimant can tell, but

is indicated on the tax rolls of Hamilton County, Tennessee as owned and operated by the debtors at January 1, 2005.)

Claimant does not object to the sale itself, but Claimant does object to any sale which produces less than enough to satisfy liabilities owed to Hamilton County, Tennessee, and likewise objects to any unreasonable impoundment of the proceeds of sale, and to any disbursement of sale proceeds which does not provide for payment of taxes owed said County. Claimant has a first lien on the assets to be sold as indicated in his claim.

Claimant is providing a copy of this objection as set out in the Court's Notice of Hearing, to D.J. Baker, Esquire and to Cynthia C. Jackson, Esquire.

WHEREFORE, Claimant prays his objection be noted, and that the County's lien taxes be paid or provided for from the sales proceeds of each store location as a first lien on the same.

Respectfully submitted,

SPEARS, MOORE, REBMAN & WILLIAMS

By:_____
      Scott N. Brown, Jr., BPR #1212
      Attorneys for Carl E. Levi, Trustee
       For Hamilton County, Tennessee
801 Broad Street, Sixth Floor
P.O. Box 1749
Chattanooga, TN 37401-1749
Telephone - (423) 756-7000

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy
of this pleading has been served on counsel for all parties
at interest in this cause by depositing a copy of same in
the United States Mail with sufficient postage thereon to
carry same to its destination, addressed as follows:

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher
 & Flome, LLP
Four Times Square
New York, NY   10036
(djbaker@skadden.com)

Cynthia C. Jackson, Esquire
Smith, Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL 42202
(cjackson@smithhulsey.com)

This 15th day of July , 2005.

SPEARS, MOORE, REBMAN & WILLIAMS

BY: _____

F:\library\USERS\CLIENTS\124898\0001\WinnDixie Obj2Sale snb sg 7-15-05.wpd

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

nn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered   **Estimated**

e of Debtor Against Which You Assert Your Claim:

tor Name:  Winn Dixie Stores, Inc.       Case No. 05-03817-3F1
(See List of Names and Case Numbers on Reverse Side)

TE: This form should not be used to make a claim for an administrative expense arising after the commencement of ase. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name and Address of Creditor (The person or other entity to whom the debtor owes ey or property):

||||||||||||||||||||||  20240523

WDX-251 180-B2-12
HAMILTON COUNTY TRUSTEE
210 COURTHOUSE
PROPERTY TAX
CHATTANOOGA, TN 37402

423/756-7000
Telephone No. of Creditor

423/756-4801
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Name and address of signatory or other person to whom notices must be served, if erent from above. (Check box if): ☒ replaces address above ☐ additional address

Scott N. Brown, Jr.

npany/Firm:  Spears, Moore, Rebman & Williams

dress:  P.O. Box 1749

Chattanooga, TN 37401-1749

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

count or Other Number by Which Creditor Identifies Debtor:  see attached

Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated:

Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other
☒ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: ___
Unpaid compensation for services performed from
___ to ___
(date)      (date)

Date debt was incurred:  Ad valorem personalty taxes for 2005, not yet assessed

3. If claim is based on a Court Judgment, date obtained: _____

Total Amount of Claim at Time Case Filed:
$ Estimated at       $ 28,398.06       $ _____       $[See attached]
(unsecured)       (secured)       (priority)       (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☒ Other  Tangible personalty

Value of Collateral: $ exceeds claim amount

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ -0-

**Unsecured Nonpriority Claim** $ _____
Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
0. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

ate  June 16, 2005

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print:  Scott N. Brown, Jr.       Title:  Attorney for Claimant
Signature:

enalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

WINN-DIXIE STORES, INC.

## 2004 PERSONAL PROPERTY TAXES (NO REALTY)

| ADDRESS | "MAP" # | AMOUNT |
|---|---|---|
| 3801 Tennessee Ave. | 1013801 | $3,133.03 |
| 5450 Hwy 153 | 1013802 | 4,440.44 |
| 8530 Hixson Pike | 1013885 | 4,205.97 |
| 9408 Apison Pike | 1015081 | 4,611.31 |
| 11150 Dayton Pike | 1015082 | 4,124.38 |
| 8634 Hwy 58 | 1015156 | 4,337.35 |
| 8644 East Brainerd Road | 1016143 | 3,545.58 |
| TOTAL 2004: | | $28,398.06 |

F:\library\USERS\CLIENTS\124898\0001\WinnDixie 04PerProp snb sg 6-6-05.wpd



Carl E. Levi

Hamilton County Trustee

PROPERTY ADDRESS

3801 TENNESSEE AVE

PAID BY

WINN DIXIE #1938
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

COMMENT

## 2004 Payment Receipt

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 73920 |
| Receipt Date: | 6/3/2005 10:11:35 AM |
| Bill Type: | Personalty Property |
| Map # | PER 1013801 |
| Batch # | 11024 |
| Operator | 09 |
| District | Chattanooga (1) |
| Appraisal | Contact Assessor |
| Assessment | $102,353.00 |

### TRANSACTIONS

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | County Tax | $3,133.03 |

# DUPLICATE

**Payment Amount:**            **$3,133.03**

PAYMENT METHOD



Check $3,133.03

NEW TOTALS



BALANCE DUE:            $0.00

Hamilton County, 210 Courthouse, Chattanooga, Tennessee 37402
Phone: (423) 209-7270   Fax: (423) 209-7271



Carl E. Levi

Hamilton County Trustee

**PROPERTY ADDRESS**

5450 HWY 153

**PAID BY**

WINN DIXIE #1940
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

**COMMENT**

## 2004 Payment Receipt

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 73921 |
| Receipt Date: | 6/3/2005 10:12:14 AM |
| Bill Type: | Personalty Property |
| Map # | PER 1013802 |
| Batch # | 11024 |
| Operator | 09 |
| District | Chattanooga (1) |
| Appraisal | Contact Assessor |
| Assessment | $145,065.00 |

**TRANSACTIONS**

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | County Tax | $4,440.44 |

# DUPLICATE

**Payment Amount:** **$4,440.44**

**PAYMENT METHOD**



Check $4,440.44

**NEW TOTALS**



BALANCE DUE $0.00

Hamilton County, 210 Courthouse, Chattanooga, Tennessee 37402
Phone: (423) 209-7270    Fax: (423) 209-7271



**Carl E. Levi**

Hamilton County Trustee

**PROPERTY ADDRESS**

8530 HIXSON PIKE

**PAID BY**

WINN DIXIE #1942
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

**COMMENT**

## 2004 Payment Receipt

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 145741 |
| Receipt Date: | 6/3/2005 10:13:12 AM |
| Bill Type: | Personalty Property |
| Map # | PER 1013885 |
| Batch # | 11024 |
| Operator | 09 |
| District | Lakesite (3LS) |
| Appraisal | Contact Assessor |
| Assessment | $123,705.00 |

**TRANSACTIONS**

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | Municipal Tax | $419.36 |
| 1/28/2005 | Payment | County Tax | $3,786.61 |

# DUPLICATE

## Payment Amount:          $4,205.97

**PAYMENT METHOD**

Check: $4,205.97

**NEW TOTALS**

BALANCE DUE:                                                    $0.00

Hamilton County, 210 Courthouse, Chattanooga, Tennessee 37402
Phone: (423) 209-7270    Fax: (423) 209-7271



Carl E. Levi

Hamilton County Trustee

## 2004 Payment Receipt

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 144652 |
| Receipt Date: | 6/3/2005 10:20:38 AM |
| Bill Type: | Personalty Property |
| Map # | PER 1015081 |
| Batch # | 11024 |
| Operator | 09 |
| District | Collegedale (2C) |
| Appraisal | Contact Assessor |
| Assessment | $112,170.00 |

**PROPERTY ADDRESS**

9408 APISON PIKE

**PAID BY**

WINN DIXIE #1935
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

**COMMENT**

## TRANSACTIONS

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | Municipal Tax | $1,177.79 |
| 1/28/2005 | Payment | County Tax | $3,433.52 |

**DUPLICATE**

### Payment Amount:                                $4,611.31

**PAYMENT METHOD**

Check: $4,611.31

**NEW TOTALS**

BALANCE DUE:                        $0.00

Hamilton County, 210 Courthouse, Chattanooga, Tennessee  37402
Phone:  (423) 209-7270     Fax:  (423) 209-7271






Carl E. Levi

Hamilton County Trustee

**2004 Payment Receipt**

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 142469 |
| Receipt Date: | 6/3/2005 10:09:56 AM |
| Bill Type: | Personalty Property |
| Map # | PER 1015082 |
| Batch # | 11024 |
| Operator | 09 |
| District | Soddy Daisy (3SD) |
| Appraisal | Contact Assessor |
| Assessment | $116,147.00 |

**PROPERTY ADDRESS**

11150 DAYTON PIKE

**PAID BY**

WINN DIXIE #1933
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

**COMMENT**

**TRANSACTIONS**

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | Municipal Tax | $569.12 |
| 1/28/2005 | Payment | County Tax | $3,555.26 |





756. 7000

**Payment Amount:**          **$4,124.38**

| PAYMENT METHOD | NEW TOTALS | |
|---|---|---|
| Check: $4,124.38 | BALANCE DUE | $0.00 |

Hamilton County, 210 Courthouse, Chattanooga, Tennessee  37402
Phone:  (423) 209-7270     Fax:  (423) 209-7271



Carl E. Levi

Hamilton County Trustee

## 2004 Payment Receipt

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 118493 |
| Receipt Date: | 6/3/2005 10:14:00 AM |
| Bill Type: | Personalty Property |
| Map # | PER 1015156 |
| Batch # | 11024 |
| Operator | 09 |
| District | County South (2) |
| Appraisal | Contact Assessor |
| Assessment | $141,697.00 |

**PROPERTY ADDRESS**

8634 HWY 58

**PAID BY**

WINN DIXIE #1944
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

**COMMENT**

### TRANSACTIONS

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | County Tax | $4,337.35 |

# DUPLICATE

**Payment Amount:**                    **$4,337.35**

**PAYMENT METHOD**



Check: $4,337.35

**NEW TOTALS**



BALANCE DUE:                                        $0.00

Hamilton County, 210 Courthouse, Chattanooga, Tennessee  37402
Phone: (423) 209-7270    Fax: (423) 209-7271



Carl E. Levi

Hamilton County Trustee

## 2004 Payment Receipt

| | |
|---|---|
| Bill Year | 2004 |
| Bill Number | 73919 |
| Receipt Date: | 6/3/2005 10:11:09 AM |
| Bill Type: | Personalty Property |
| Map # | PER: 1016143 |
| Batch # | 11024 |
| Operator | 09 |
| District | Chattanooga (1) |
| Appraisal | Contact Assessor |
| Assessment | $115,834.00 |

**PROPERTY ADDRESS**

8644 EAST BRAINERD RD

**PAID BY**

WINN DIXIE #1936
ATTN PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 3699,

**COMMENT**

**TRANSACTIONS**

| Date | Transaction Type | Fee Description | Amount |
|---|---|---|---|
| 1/28/2005 | Payment | County Tax | $3,545.68 |

# DUPLICATE

## Payment Amount:          $3,545.68

**PAYMENT METHOD**



Check: $3,545.68

**NEW TOTALS**



BALANCE DUE:          $0.00

Hamilton County, 210 Courthouse, Chattanooga, Tennessee  37402
Phone:  (423) 209-7270    Fax:  (423) 209-7271

## STATEMENT IN SUPPORT OF ESTIMATED CLAIM

Carl E. Levi, Hamilton County, Tennessee Trustee, tax collector for said county with respect to ad valorem taxes on real and personal property located within said county, by counsel, makes the following statement in support of the estimated claim being filed herein for future taxes of this debtor.

The taxes which the Trustee collects are levied on real and personal property pursuant to certain statutes of the State of Tennessee.  These taxes are secured by a first lien on the property which generates the tax.  They are billed annually, normally in October of the tax year, and become delinquent if not paid before March 1 of the year following the tax year.  Delinquent taxes bear interest at the rate of one percent per month, and in addition generate a penalty of ½ of one percent per month, for all or part of each month of delinquency.

Attached are the relevant statutes of the State of Tennessee respecting the lien, T.C.A. §67-5-2101 and 2102, and the penalties and interest, T.C.A. §67-5-2010.

This protective claim is being filed to give notice to the debtor and other interested parties of the lien, the operation of the statute, and the fact that said taxes will be billed and due in the future.  The estimated amount of this claim as shown on the face of the Proof of Claim is based on taxes generated by the debtor's property for the most recent tax year.  The nature and locations of property subject to lien are indicated on the attached statements.

CLAIMANT RESERVES THE RIGHT TO AMEND THIS CLAIM AT ANY TIME, INCLUDING THE RIGHT TO ADD LOCATIONS, TAX YEARS, PRIOR AND POST, AND TO INCREASE AMOUNTS CLAIMED, AND TO FILE AN ADMINISTRATIVE PAYMENT REQUEST.

CLAIMANT IS FILING THIS CLAIM PURSUANT TO THE COURT'S BAR DATE ORDER AND SPECIFICALLY RETAINS AND DOES NOT WAIVE ITS SOVEREIGN IMMUNITY.

Questions, comments, objections, and other communication with respect to this claim should be addressed to Scott N. Brown, Jr., Esquire, Spears, Moore, Rebman & Williams, P.O. Box 1749, Chattanooga, TN 37401-1749, telephone 423/756-7000, fax 423/756-4801, e-mail snb@smrw.com.

F:\library\USERS\CLIENTS\124898\0001\StmtEstFutureTxClaims snb sg 6-7-05.wpd

(d) This section shall expressly apply to personnel stationed outside the United States during Operation Enduring Freedom or other hostilities where the military personnel are entitled to combat compensation as determined by the United States department of defense. [Acts 2002, ch. 664, § 1; 2003, ch. 87, § 1.]

**Compiler's Notes.** Former § 67-5-2011 (Acts 1991, ch. 397, § 3), concerning the due date of property taxes for military personnel serving during Desert Shield and Desert Storm operations, was repealed by Acts 2001, ch. 167, § 1, effective July 1, 2001.

Acts 2003, ch. 87, § 5 provided that the act shall apply to taxes due and payable during 2003.

**Amendments.** The 2003 amendment added "or other hostilities where the military personnel are entitled to combat compensation as determined by the United States department of defense" in (d).

**Effective Dates.** Acts 2003, ch. 87, § 5. May 5, 2003.

**Cross-References.** Military personnel, income tax, § 67-2-112.

**Section to Section References.** This section is referred to in § 67-4-113.

**Collateral References.** Suspension of enforcement of tax liabilities for armed service personal ⇔ 34.34.10.

## PART 21—TAX LIEN—GENERALLY

**67-5-2101. Taxes on which lien based.** — (a) The taxes assessed by the state of Tennessee, a county, or municipality, taxing district, or other local governmental entity, upon any property of whatever kind, and all penalties, interest, and costs accruing thereon, shall become and remain a first lien upon such property from January 1 of the year for which such taxes are assessed.

(b) In addition to the lien on property, property taxes are a personal debt of the property owner or property owners as of January 1, and, when delinquent, may be collected by suit as any other personal debt. In any lawsuit for collection of property taxes, the same penalties and attorney fees shall apply as set forth in § 67-5-2410, for suits to enforce liens for property taxes. The claim for the debt and the claim for enforcement of the lien may be joined in the same complaint. [Acts 1907, ch. 602, § 31; Shan., § 757; mod. Code 1932, § 1329; Acts 1974, ch. 644, § 1; 1974, ch. 771, § 13; T.C.A., § 67-1801; Acts 1993, ch. 315, § 22.]

**Section to Section References.** This section is referred to in § 67-5-2003.

**Textbooks.** Gibson's Suits in Chancery (7th ed., Inman), § 8.

Tennessee Jurisprudence, 18 Tenn. Juris., Liens, § 11; 19 Tenn. Juris., Municipal Corporations, § 94; 23 Tenn. Juris., Taxation, § 44.

**Attorney General Opinions.** Inclusion of bankruptcy debtors on delinquency lists forwarded to collection attorneys, OAG 99-124 (6/18/99).

**Cited:** Moore v. City of Chattanooga, 52 Tenn. App. 76, 371 S.W.2d 815 (1963); In re Tennessee Cent. Ry., 316 F. Supp. 1103 (M.D. Tenn. 1970); Marlowe v. Kingdom Hall of Jehovah's Witnesses, 541 S.W.2d 121 (Tenn. 1976).

### NOTES TO DECISIONS

ANALYSIS

1. Construction with other statutes.
2. Extent of lien.
3. —Land.
4. —Personalty.
5. Person obligated to pay tax.
6. Innocent purchasers of personalty.
7. Purchaser of personalty subject to delinquent taxes.
8. Purchaser at foreclosure sale.
9. Implied warranty upon sale of personalty.
10. Notice of lien.
11. Right to penalties and interest.
12. Effect of delay in enforcing lien.
13. Condemnation proceedings by United States.

14. Liability for tax.
15. Condemnation by state or local agency.
16. Precedence of debt due United States.
17. Remedies available only to government.

## 1. Construction with Other Statutes.

The lien granted under § 67-5-802 to the landowner against a movable structure such as a mobile home located on his land to secure municipal and county taxes is not a "tax lien." Therefore, the owner of land used as a mobile home park is not entitled to the remedies and benefits provided by parts 21-25 of this chapter, all of which deal with tax liens. Belle-Aire Village, Inc. v. Ghorley, 574 S.W.2d 723 (Tenn. 1978).

## 2. Extent of Lien.

Under this section the lien extends in favor of the state, counties and cities. Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530 (1938).

This section and § 67-5-2003 must be construed in pari materia so that this section creates a lien for taxes and § 67-5-2003 provides a method of the enforcement of the lien and so that a lien in favor of the state, counties and cities for taxes is not dependent on its existence upon a distress warrant where innocent purchasers are not involved. Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530 (1938).

Under T.C.A. § 67-5-2101 and § 67-5-2010, county's lien for taxes also secures its right to payment of penalties and costs. In re Brentwood Outpatient Ltd., 134 Bankr. 267 (Bankr. M.D. Tenn. 1991), aff'd, 152 Bankr. 727 (M.D. Tenn. 1993), rev'd in part on other grounds, 43 F.3d 256, 1994 Fed. App. 408 (6th Cir. 1994).

## 3. —Land.

There is a lien upon land for taxes against it in favor of the state, county, and city. Edmonson v. Walker, 137 Tenn. 569, 195 S.W. 168 (1917); Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530 (1938).

## 4. —Personalty.

There is no tax lien against personalty for taxes without the issuance of distress warrants, but there is a lien on land for taxes. Edmonson v. Walker, 137 Tenn. 569, 195 S.W. 168 (1917). But see Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530 (1938).

City's lien for taxes against the personalty of a bank was not lost because no distress warrant was issued nor was it adversely affected or destroyed by the sustaining of a general creditor's bill and the appointment of a receiver. Pope v. Knoxville Indus. Bank, 173 Tenn. 461, 121 S.W.2d 530 (1938).

## 5. Person Obligated to Pay Tax.

The obligation to pay taxes rests on the holder of the legal title. United States v. 232.68

Acres of Land, 57 F. Supp. 891 (W.D. Tenn. 1944).

## 6. Innocent Purchasers of Personalty.

This section and §§ 67-5-2003 and 67-5-2102 cannot properly be construed to mean that under a blanket assessment of personal property in general terms of money the tax collecting officials may follow the property on which the general assessment is based into the broad field of barter and trade, take it from innocent purchasers and subject it to the payment of the taxpayer's liability. Johnson City v. Press, Inc., 171 Tenn. 80, 100 S.W.2d 657 (1937).

## 7. Purchaser of Personalty Subject to Delinquent Taxes.

Purchasers of personal property subject to delinquent taxes should be given an opportunity to make payment of such taxes before a decree is entered for sale of such property for the aforementioned taxes. Johnson City v. Press, Inc., 171 Tenn. 80, 100 S.W.2d 657 (1937).

## 8. Purchaser at Foreclosure Sale.

A purchaser at a foreclosure sale takes subject to tax liens unless expressly and specifically stated otherwise in either the foreclosure notice or at the foreclosure sale. United Am. Fin. Corp. v. First Heritage Nat'l Bank, 53 Bankr. 43 (Bankr. E.D. Tenn. 1985).

## 9. Implied Warranty Upon Sale of Personalty.

Where both the purchaser and the seller of two linotype machines were aware that there were delinquent taxes unpaid on such machines and both parties assumed that the machines might be subjected to the payment of the taxes but where there was nothing in the contract of sale to fix liability on the purchaser such sale was not subject to the taxes since in a contract for sale of goods without provision to the contrary there is an implied warranty that the goods shall be free at the time of the sale of any charge or encumbrance of any third person. Johnson City v. Press, Inc., 171 Tenn. 80, 100 S.W.2d 657 (1937).

## 10. Notice of Lien.

Bondholders who purchased bonds of club upon representation that such club was exempt from taxation were nevertheless charged with notice of tax liens on property of club even though they purchased without actual knowledge that tax suits had been filed against such club. State v. Rowan, 171 Tenn. 612, 106 S.W.2d 861 (1937).

## 11. Right to Penalties and Interest.

Where the city had a preferred claim for taxes on the personalty of a bank at the time a receiver was appointed under a general creditor's bill, the city was entitled to penalties up until the time of the filing of the petition and

interest down to the date of the decree of distribution. Pope v. Knoxville Indus. Bank, 173 Tenn. 463, 121 S.W.2d 530 (1938).

Although T.C.A. § 67-5-2101 mentions "costs" but not "fees," even if "costs" includes attorneys' fees, the county's right to post-petition fees was not contained in an agreement and thus was not allowable in bankruptcy. In re Brentwood Outpatient Ltd., 134 Bankr. 267 (Bankr. M.D. Tenn. 1991), aff'd, 152 Bankr. 727 (M.D. Tenn. 1993), rev'd in part on other grounds, 43 F.3d 256, 1994 Fed. App. 408 (6th Cir. 1994).

Counties may not claim statutory penalties which have not accrued by the date a bankruptcy petition is filed. The general rule is that creditors normally are not entitled to post-petition additions. Bondholder Comm. v. Williamson County, 43 F.3d 256, 1994 Fed. App. 408 (6th Cir. 1994), cert. denied, 514 U.S. 1096, 115 S. Ct. 1824, 131 L. Ed. 2d 745 (1995).

### 12. Effect of Delay in Enforcing Lien.

Where taxes had accumulated since 1904 on property mortgaged in 1925 and various tax suits were pending when owner executed mortgage but mortgagee had no actual notice that mortgagor was a party to tax proceedings and tax suits were not prosecuted with due diligence, taxes prior to 1925 were barred by laches but taxes from 1925 were entitled to priority over mortgage as to fund deposited in eminent domain proceeding in 1939, but interest, penalties, and attorney fees on taxes since 1925 were not entitled to priority over mortgage. State v. Benner, 182 Tenn. 395, 187 S.W.2d 609 (1940).

### 13. Condemnation Proceedings by United States.

The United States could not acquire an unencumbered title by condemnation until the tax liens of city, county and state were discharged. United States v. 232.68 Acres of Land, 57 F. Supp. 891 (W.D. Tenn. 1944).

Where United States in condemnation proceedings secured order for possession of property before date tax liens attached but did not acquire legal title until after such liens attached, state, county and city were entitled to

insist on their liens and the government had a moral obligation to pay the taxes and discharge the lien. United States v. 232.68 Acres of Land, 57 F. Supp. 891 (W.D. Tenn. 1944).

### 14. Liability for Tax.

Not only does the property become liable for tax but the owner becomes personally liable with the lien as security for the indebtedness and the government is entitled to all remedies for collection including an ordinary suit. White v. Kelley, 215 Tenn. 576, 387 S.W.2d 821 (1965).

### 15. Condemnation by State or Local Agency.

There was no authority under the laws of Tennessee to prorate or apportion taxes which became a lien on January 10 where the property thereafter was taken for public use within the ensuing year. White v. Kelley, 215 Tenn. 576, 387 S.W.2d 821 (1965).

Where tax lien attached on January 10 prior to filing of declaration of taking for public purpose award in eminent domain suits stood in place of property. White v. Kelley, 215 Tenn. 576, 387 S.W.2d 821 (1965).

City and county were entitled to amount of tax liens from award made in eminent domain and condemnation suits filed after January 10 and landowners were not entitled to have amount of taxes prorated. White v. Kelley, 215 Tenn. 576, 387 S.W.2d 821 (1965).

### 16. Precedence of Debt Due United States.

Where a Tennessee corporation defaulted on a debt to the U.S. economic development administration, evidenced by a promissory note to the small business administration, the debt to the U.S. took precedence over the tax liens held by the state of Tennessee under this section. United States v. Dyna-Tex, Inc., 372 F. Supp. 278 (E.D. Tenn. 1972).

### 17. Remedies Available Only to Government.

Only the government may take advantage of the provisions of parts 21-25 of this chapter. Belle-Aire Village, Inc. v. Ghorley, 574 S.W.2d 723 (Tenn. 1978).



DECISIONS UNDER PRIOR LAW

ANALYSIS

1. Enforcement of lien.
2. Laches.
3. Tax sale purchaser — Title.

### 1. Enforcement of Lien.

Taxes, when properly assessed or levied by or under authority of law, may be sued for as the personal debt of the taxpayer, in an ordinary suit, by the state, county, or municipal corpora-

tion entitled to the same. Mayor of Jonesborough v. McKee, 10 Tenn. 167 (1826); Rutledge v. Fogg, 43 Tenn. 554, 91 Am. Dec. 299 (1866); Deberry v. Brown, 3 Shannon's Cases 465 (1875); Mayor of Nashville v. Cowan, 78 Tenn. 209 (1882); State v. Hirsch Bros., 84 Tenn. 40 (1885); State v. Nashville Sav. Bank, 84 Tenn. 111 (1885); State v. Wharton, 85 Tenn. 449, 3 S.W. 490 (1887).

Acts 1875, ch. 81, § 9, similar in import to the above statute, was construed as express

statutory authority for resorting to any remedy for the enforcement of the lien that the law allows to individuals for the enforcement of liens in their favor. State v. Duncan, 71 Tenn. 679 (1879).

**2. Laches.**

The lien may be lost by laches, and is lost where an action to enforce the lien is permitted to slumber in the court for 11 years, without the taking of a single step therein; and ceases to be an encumbrance upon the land, within the meaning of the covenants of a warranty deed conveying the same, and a payment of such taxes by the purchaser does not entitle him to

reimbursement by the seller. Robinson v. Bierce, 102 Tenn. 428, 52 S.W. 992, 47 L.R.A. 275 (1899).

**3. Tax Sale Purchaser — Title.**

Tax sale of land under acts regulating the method of enforcing the lien for taxes gives the purchaser only a derivative title, and gives him only such interest as the delinquent possessed at the time of the assessment, and is subject to a vendor's lien which attached prior to such assessment. Cardwell v. Crumley, 35 S.W. 767 (Tenn. Ch. App. 1895), aff'd orally by the supreme court.

---

**Collateral References.** Condemnation proceedings, taxes as lien on compensation awarded in. 45 A.L.R.2d 522.

Conditionally sold property, lien on. 110 A.L.R. 1501.

Constitutionality of statute impairing or postponing lien for taxes. 53 A.L.R. 1134; 136 A.L.R. 328.

Other taxing unit of same state, lien for tax as affected by lien or sale for tax imposed by. 135 A.L.R. 1464.

Personal property taxes, statutory lien of, upon real property subject to existing lien. 47 A.L.R. 378; 65 A.L.R. 677.

Purchaser at tax sale, validity of statute abolishing right of, to lien for amount paid and for subsequent taxes paid, in case sale or certificate held invalid. 111 A.L.R. 257.

Purchaser of personal property as liable for taxes assessed against former owner which are a lien on the property. 41 A.L.R. 189.

Undivided tract, enforceability against, of tax levied against part of it at one rate and part at another. 112 A.L.R. 73.

Tax lien and priority ⟨⟩ 371.501-514.5.

**67-5-2102. Property subject to lien. —** (a) This lien shall extend to each and every part of all tracts or lots of land, and to every species of taxable property, notwithstanding any division or alienation thereof, or assessing or advertising the same in the name of persons not actually owners thereof at the time of the sale, or though the owner be unknown. However, there shall be no lien against leased personal property assessed to a lessee.

(b) Such taxes shall be a lien upon the fee in the property, and not merely upon the interest of the person to whom the property is or ought to be assessed, but to any and all other interests in the property, whether in reversion or remainder, or of lienors, or of any nature whatever.

(c) Where there is assessable under the law a leasehold interest in real estate or any improvements on real estate, which such real estate is exempt from taxation in the hands of and to the owner thereof, the taxes assessed against such leasehold interest or interest in improvements on such exempt real estate shall be a lien only upon such leasehold interest or interest in improvements, and not upon the interest of the owner of the fee or the remainder or reversion of the fee.

(d) In all cases where a penalty is incurred for exercising a privilege without license, the interest which the person thus exercising the privilege without license has in the building shall be liable for the penalty, superior to all other claims; but the interest of the owner of the building shall not be liable, unless the owner is privy to the violation of law.

(e) The distress warrant authorized by law to be issued in such cases, if proceeded with to sale, shall operate as a writ of possession against the party exercising the privilege, without license. [Code 1858, § 555 (deriv. Acts 1803, ch. 3, § 3; 1813, ch. 98, § 3); Acts 1870, ch. 96, §§ 2, 3; 1907, ch. 602, §§ 1, 31; Shan., §§ 758, 758a1, 758a3, 759, 760; Code 1932, §§ 1330, 1331, 1333-1335; T.C.A., (orig. ed.), §§ 67-1802, 67-1803, 67-1805 — 67-1807; Acts 1990, ch. 1075, § 12.]

**Textbooks.** Tennessee Jurisprudence, 23 Tenn. Juris., Taxation, § 44.

**Law Reviews.** Priority Conflicts Between Fixture Secured Creditors and Real Estate Claimants (Coburn Dewees Berry), 7 Mem. St. U.L. Rev. 209.

**Cited:** Williams v. Land, 179 Tenn. 109, 163 S.W.2d 68 (1941); Moore v. City of Chattanooga, 52 Tenn. App. 76, 371 S.W.2d 815 (1963); Pulaski Hwy. Motor Express, Inc. v. Dunn, 524 S.W.2d 636 (Tenn. 1975).

## NOTES TO DECISIONS

### Analysis

1. Construction with other statutes.
2. Priority of lien.
3. Owner unknown — Advertisement in name of nonowners.
4. Payment of taxes by purchaser — Credit — Recovery.
5. Condemnation by state or local agency.
6. Notice of lien.
7. Estates by entireties — Liability of wife's interest.
8. Life estates.
9. Tenants in common.

### 1. Construction with Other Statutes.

The lien granted under § 67-5-802 to the landowner against a movable structure such as a mobile home located on his land to secure municipal and county taxes is not a "tax lien." Therefore, the owner of land used as a mobile home park is not entitled to the remedies and benefits provided by parts 21-25 of this chapter, all of which deal with tax liens. Belle-Aire Village, Inc. v. Ghorley, 574 S.W.2d 723 (Tenn. 1978).

### 2. Priority of Lien.

Taxes are a lien and charge on land, for which it continues to be liable notwithstanding the title may pass from one person to another. Swan v. Mayor of Knoxville, 30 Tenn. 130 (1850).

The right of the state to collect taxes follows real property inherently, and no judgment, attachment, or sale can have priority over the state's right. Staunton v. Harris, 56 Tenn. 579 (1872); Williams v. Whitmore, 77 Tenn. 262 (1882); State v. Hill, 87 Tenn. 638, 11 S.W. 610 (1889). See Mayor of Nashville v. Cowan, 78 Tenn. 209 (1882).

Taxes are made a prior charge and lien upon the thing taxed, and override all mortgages, encumbrances, and other liens of whatever kind there may be upon the property. State v. Hill, 87 Tenn. 638, 11 S.W. 610 (1889); Dunn v. Dunn, 99 Tenn. 598, 42 S.W. 259 (1897).

The tax lien is superior to the mortgage lien, regardless of the time the taxes accrue, whether before or after the execution of the mortgage; and, in a foreclosure suit, the taxes will be paid out of the proceeds of the sale. Dunn v. Dunn, 99 Tenn. 598, 42 S.W. 259 (1897).

### 3. Owner Unknown — Advertisement in Name of Nonowners.

Public taxes remain a lien upon land though the owner be not known and though it be listed and advertised in the name of others than those who actually own it, when the same is returned and sold for taxes. Swan v. Mayor of Knoxville, 30 Tenn. 130 (1850).

### 4. Payment of Taxes by Purchaser — Credit — Recovery.

Where the purchaser at chancery sale discharges this lien by payment of the taxes, he is entitled to a credit for the same on the purchase price of the land, even though the payment be made after confirmation of the report of sale. Ellis v. Foster, 54 Tenn. 131 (1872); Williams v. Whitmore, 77 Tenn. 262 (1882); Brown v. Timmons, 110 Tenn. 148, 72 S.W. 958 (1902).

The purchaser, after paying for the land, bought by him at judicial sale, though made by constraint of law, may recover of the debtor, whose property was so sold, the taxes which the purchaser was compelled to pay in discharge of the tax lien. Staunton v. Harris, 56 Tenn. 579 (1872); Childress v. Vance, 60 Tenn. 406 (1872); Mayor of Nashville v. Cowan, 78 Tenn. 209 (1882); Brown v. Timmons, 110 Tenn. 148, 72 S.W. 958 (1902).

The grantor, covenanting against encumbrances, is liable for all the taxes constituting a lien on the land at the time of the conveyance and covenant; and where a deed of conveyance is made on the day from which the lien is

declared by statute to exist, the grantor so covenanting is liable to the grantee for the amount of such taxes. Plowman v. Williams, 74 Tenn. 268 (1880). See Plowman v. Williams, 3 Tenn. Ch. 181 (1876).

The taxes must be paid out of the purchase money, or they may be recovered from the beneficiary of the purchase money, after confirmation of the sale, where the notes were turned over to such beneficiary. Brown v. Timmons, 110 Tenn. 148, 72 S.W. 958 (1902).

### 5. Condemnation by State or Local Agency.

Where tax lien attached on January 10 prior to filing of declaration of taking for public use award in eminent domain suits stood in place of property. White v. Kelley, 215 Tenn. 576, 387 S.W.2d 821 (1965).

### 6. Notice of Lien.

Taxing authorities were not estopped to collect taxes on the grounds that mortgage bondholders purchased bonds on the assumption that the property was exempt from taxation, since under this section, taxes having been regularly assessed for several years, bondholders were charged with knowledge and extent of tax lien. State v. Rowan, 171 Tenn. 612, 106 S.W.2d 861 (1937).

### 7. Estates by Entireties — Liability of Wife's Interest.

Taxes on entireties property were lien on wife's interest even though assessed only to husband. Williams v. Cravens, 28 Tenn. App. 541, 191 S.W.2d 942 (1945).

Where decree confirming sale of entireties property expressly limited its effect to those "above named" and did not name wife, decree did not reach her interest. Williams v. Cravens, 28 Tenn. App. 541, 191 S.W.2d 942 (1945).

### 8. Life Estates.

The life tenant is the one primarily obligated to pay taxes on property during such tenancy although the lien of taxes extends to the entire fee under this section. McGee v. Carter, 31 Tenn. App. 141, 212 S.W.2d 902 (1948).

The life tenant is the one primarily liable to pay taxes on property during such tenancy although under this section the lien of taxes extends to the entire fee. Sherrill v. Board of Equalization, 224 Tenn. 201, 452 S.W.2d 857 (1970).

### 9. Tenants in Common.

Where record showed entire fee was assessed, fact that assessment was only in the name of one of such tenants in common did not affect the validity of the assessment nor the lien on the property for taxes. Moore v. City of Chattanooga, 52 Tenn. App. 76, 371 S.W.2d 815 (1963).

DECISIONS UNDER PRIOR LAW

ANALYSIS

1. Application.
2. Nature of leasehold — Assessment.

### 1. Application.

Acts 1903, ch. 258, § 32 which made the tax a lien on the fee applied only when the fee itself may be taxed, and does not give such lien for a tax upon the interest of a lessee where the fee itself is exempt from taxation. Jetton v. University of S., 208 U.S. 489, 28 S. Ct. 375, 52 L. Ed. 584 (1908).

### 2. Nature of Leasehold — Assessment.

The leasehold estate is a separate and distinct interest from that of the owner of the fee; and the value of whatever interest the lessee has is to be assessed as real estate under the statute. Jetton v. University of S., 208 U.S. 489, 28 S. Ct. 375, 52 L. Ed. 584 (1908).

---

**Collateral References.** Landlords' liability to third party for repairs authorized by tenant. 46 A.L.R.5th 1.

Tax lien and priority ⬤ 371.501-514.5.

**67-5-2103. Nature of proceedings.** — The whole proceeding for collection of taxes from the assessment to sale for delinquency shall be a proceeding in rem, and shall not be invalid on account of such land having been listed or assessed for taxation to anyone as owner or owners or to any person or persons not the owner or owners or to unknown owner or owners. [Acts 1907, ch. 602, § 31; Shan., § 758a2; Code 1932, § 1332; T.C.A. (orig. ed.), § 67-1804.]

effort to collect delinquent taxes, a taxpayer who paid taxes to deputy in office was not required to pay commission and fee. Shipp v. Karick, 167 Tenn. 150, 67 S.W.2d 145 (1934).

**1. Back Tax Attorney.**

Back tax attorney was not entitled to recover expense of advertising, notices, abstracts and transcripts covering property on which no collection was made. State ex rel. Davidson County v. Crutchfield, 52 S.W. 335 (Tenn. Ch. App. 1899).

---

**Collateral References.** Collection and enforcement ⟸ 371.544-603.

**67-5-2008. Payment of tax after return of delinquent tax list.** — From January 1 until February 1, and until the bill is filed to collect delinquent taxes, delinquent taxes may be received at the office of the county trustee who shall, at the same time, collect the penalties and interest. [Acts 1923, ch. 77, § 6; Shan. Supp., § 913b11; mod. Code 1932, § 1585; T.C.A. (orig. ed.), § 67-1320.]

**Cross-References.** Publication of notice of intent to file suit, § 67-5-2401.

**Collateral References.** Collection and enforcement ⟸ 371.544-603.

**67-5-2009. Record of levies.** — The trustee shall keep a record of all levies made by the trustee or deputies and of proceedings under such levies. [Acts 1907, ch. 602, § 49; Shan., § 881a1; Code 1932, § 1566; T.C.A. (orig. ed.), § 67-1309.]

**Collateral References.** Collection and enforcement ⟸ 371.544-603.

**67-5-2010. Penalty and interest.** — (a)(1) To the amount of tax due and payable, a penalty of one-half of one percent (.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month, except as otherwise provided in regard to municipal taxes. Any county having a population in excess of seven hundred thousand (700,000) according to the 1980 federal census or any subsequent federal census establishing tax due dates other than the first Monday in October in each year, in accordance with § 67-1-701(a), shall have the authority to establish the date that interest and penalty shall begin to accrue as the date of delinquency in lieu of March 1.

(2) The rate of penalty and interest as provided in this section may be reduced to an amount not less than twelve percent (12%) per annum in the aggregate, upon approval by a two-thirds (⅔) vote of the appropriate local governing body which levied such taxes, in any county having a population of not less than twenty-four thousand six hundred (24,600) nor more than twenty-four thousand seven hundred (24,700) according to the 1980 federal census or any subsequent federal census.

(b) In all instances in which current municipal taxes are collected by the county trustee, the following provisions and rules for the collection of delin-

quent taxes that may be due to the municipalities and none other shall prevail and obtain, anything in this chapter to the contrary notwithstanding:

(1) The taxes levied and assessed by such municipalities shall become due and delinquent on the date as now provided by existing laws; and

(2) If such municipal taxes are not paid on or before the date fixed for the delinquencies thereof, to the amount of tax due and payable, a penalty of one half of one percent (.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month. [Acts 1988, ch. 526, § 6.]

**Compiler's Notes.** For tables of U.S. decennial populations of Tennessee counties, see Volume 13 and its supplement.

**Section to Section References.** This section is referred to in § 67-5-1329.

**Attorney General Opinions.** Constitutionality of reducing interest and penalty charges on delinquent taxes for low-income elderly property owners, OAG 96-044 (3/13/96).

## NOTES TO DECISIONS

ANALYSIS

1. Bankruptcy.
2. Enjoining collection.

**1. Bankruptcy.**

Although T.C.A. § 67-5-2101 mentions "costs" but not "fees," even if "costs" includes attorneys' fees, the county's right to post-petition fees was not contained in an agreement and thus was not allowable in bankruptcy. In re Brentwood Outpatient Ltd., 134 Bankr. 267 (Bankr. M.D. Tenn. 1991), aff'd, 152 Bankr. 727 (M.D. Tenn. 1993), rev'd in part on other grounds, 43 F.3d 256, 1994 Fed. App. 408 (6th Cir. 1994).

Counties may not claim statutory penalties which have not accrued by the date a bank-

ruptcy petition is filed. The general rule is that creditors normally are not entitled to post-petition additions. Bondholder Comm. v. Williamson County, 43 F.3d 256, 1994 Fed. App. 408 (6th Cir. 1994), cert. denied, 514 U.S. 1096, 115 S. Ct. 1824, 131 L. Ed. 2d 745 (1995).

**2. Enjoining Collection.**

Because the penalty imposed by T.C.A. § 67-5-2010 is an incentive to pay the tax before it becomes delinquent, and because a taxpayer has the right to pay the tax and then litigate its propriety later, there is no reason to prohibit the collection of the penalty even when the tax was not paid pursuant to an injunction. Southern Ry. v. Stair, 801 F. Supp. 37 (W.D. Tenn. 1992).

---

**Collateral References.** Penalties ⬅ 371.835-855.

**67-5-2011. Military personnel — Due date of taxes. —** (a) No property tax owed by a person in the armed forces of the United States, or called into active military service of the United States, as defined in § 58-1-102, from a reserve or national guard unit, shall be due until ninety (90) days following the conclusion of hostilities in which such person is actually engaged outside the United States or ninety (90) days after such person is transferred from the theater of operations of such hostilities, whichever is sooner.

(b) A person claiming this delay shall apply to the commissioner of revenue on or before the day the tax becomes delinquent, and present copies of official orders or other satisfactory proof of such person's deployment and stationing outside the United States during a period of hostilities.

(c) The commissioner shall give notice of approved applications to city and county collecting officials and to the clerk and master of the chancery court.

WILLIAM E. TAYLOR, JR.
JAMES W. GENTRY, JR.
THOMAS S. KALE
SCOTT N. BROWN, JR.
W. FERBER TRACY
FRED H. MOORE
L. HALE HAMILTON
ROBERT J. BOEHM
DAVID C. BURGER
G. MICHAEL LUHOWIAK
RUSS J. SCHRAM III
RALPH J. TALLENT, JR.
MARK A. RAMSEY
ARTHUR P. BRICE
JANE C. AVERY
CHRISTINE MABE SCOTT
RANDY CHENNAULT
JOSEPH R. WHITE
DAVID E. FOWLER
ROBERT G. NORRED, JR.
J. ROBIN ROGERS
HOWELL DEAN CLEMENTS
EARL EUGENE SHIRES, JR.
JOHN B. BENNETT
SHAREL VANSANDT HOOPER
SUE ELLEN SCRUGGS
DANIEL M. STEFANIUK
JAMES H. PAYNE
TIMOTHY J. MILLIRONS
NEIL A. BRUNETZ
BLAKE J. MURCHISON
WHITNEY V. SCHRAM
JOSHUA H. JENNE

LAW OFFICES

# SPEARS, MOORE, REBMAN & WILLIAMS

PROFESSIONAL CORPORATION

801 BROAD STREET

SIXTH FLOOR

P. O. BOX 1749

CHATTANOOGA, TENNESSEE 37401-1749

(423) 756-7000

FACSIMILE (423) 756-4801

www.SpearsMoore.com

WILLIAM D. SPEARS
(1906-1992)

A. FRED REBMAN, III
(1917-1992)

FORD P. MITCHELL
(1930-1993)

MICHAEL W. BOEHM
(1944-1996)

ALVIN O. MOORE
(1912-1998)

RETIRED:
SILAS WILLIAMS, JR.
E. BLAKE MOORE

June 16, 2005

Winn Dixie Claims Docketing Center
c/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, NJ 07043

      Re:   Winn Dixie Stores, Inc. Chapter 11 -
           Claims of Hamilton County Trustee,
           Hamilton County, Tennessee

Gentlemen:

Enclosed are the original and two copies of a Proof of Claim to be filed in this case now on behalf of Hamilton County Trustee, Hamilton County, Tennessee. Please note our address as the contact address with respect to this claim.

Please note also that this is an estimated claim, for tax years 2005 and future tax years as may be applicable. The taxes represented in this claim have not yet been assessed, but are secured by lien on all property of the debtor as of January 1, 2005. We would expect that after the normal assessment process, tax bills will be generated and sent to Winn Dixie in about October of 2005 and will become delinquent if not paid before March 1, 2006.

Please file stamp one of the enclosed copies and return it to us in the enclosed self-addressed, stamped envelope, designating thereon the claim number which you assign to this claim. The other copy is an extra for your office or for debtor's counsel. Thank you.

          Very truly yours,

          SPEARS, MOORE, REBMAN & WILLIAMS

          Scott N. Brown, Jr.

SNB,jr:sg
Enclosures:   Proof of Claim
            Return Envelope

June 16, 2005
Page 2


cc:  Ms. Dawn Patton
     Office of the Trustee
     107 Courthouse
     Hamilton County Courthouse
     Chattanooga, TN 37402

WILLIAM L. TAYLOR, JR.
JAMES W. GENTRY, JR.
THOMAS S. KALE
SCOTT N. BROWN, JR.
W. FERBER TRACY
FRED H. MOORE
L. HALE HAMILTON
ROBERT J. BOEHM
DAVID C. BURGER
G. MICHAEL LUHOWIAK
ROSS L. SCHRAM III
RALPH E. TALLANT, JR.
MARK A. RAMSEY
ARTHUR P. BROCK
LANE C. AVERY
CHRISTINE MABE SCOTT
RANDY CHENNAULT
JOSEPH R. WHITE
DAVID E. FOWLER
ROBERT G. NORRED, JR.
J. ROBIN ROGERS
HOWELL DEAN CLEMENTS
CARL EUGENE SHILES, JR.
JOHN B. BENNETT
SHAREL VARSANDT HOOPER
SUE ELLEN SCRUGGS
DANIEL M. STEFANIUK
JAMES H. PAYNE
TIMOTHY J. MILLIRONS
NEIL A. BRUNETZ
BLAKE F. MURCHISON
WHITNEY V. SCHRAM
JOSHUA H. JENNE

LAW OFFICES

**SPEARS, MOORE, REBMAN & WILLIAMS**

PROFESSIONAL CORPORATION

801 BROAD STREET

SIXTH FLOOR

P. O. BOX 1749

CHATTANOOGA, TENNESSEE 37401-1749

(423) 756-7000

FACSIMILE (423) 756-4801

www.SpearsMoore.com

WILLIAM D. SPEARS
(1906-1992)

A. FRED REBMAN, III
(1917-1992)

FORD P. MITCHELL
(1930-1993)

MICHAEL W. BOEHM
(1944-1996)

ALVIN O. MOORE
(1912-1998)

RETIRED:
SILAS WILLIAMS, JR.
E. BLAKE MOORE

June 27, 2005

D. J. Baker, Esq.
Sally McDonald Henry, Esq.
Rosalie W. Gray, Esq.
Skadden, Arps, Slate, Meagher
 & Flom, LLP
4 Times Square
New York, NY 10036-6522

Stephen D. Busey, Esq.
James H. Post, Esq.
Cynthia C. Jackson, Esq.
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

                Re:  Winn Dixie Stores, Inc., Chapter 11 -
                     Ad Valorem Lien Claims of Hamilton County,
                     Tennessee

Dear Counselors:

Our office represents the Hamilton County Trustee for the
collection of Ad Valorem taxes in bankruptcy cases, including
Winn Dixie.  Enclosed with this letter is a copy of our letter
to the Claims Docketing Center, and a copy of the claim that
we have filed with them, for taxes which will be come due for
the year 2005 and following.

I noted in our newspaper that Winn Dixie plans to close all of
its stores in our County, which presumably will generate a
sale free of liens of assets, and we want to point out to you
specifically now that we have a lien on all the personal
property assets of this debtor to secure our tax claims,
including 2005 taxes, and request notice of the sale process,
and the payment of our taxes upon the sale.

Please ask your designated attorney to be in touch with me
about this.  We have had bad experiences previously in other
Chapter 11's where we have not received notices, or where we

June 27, 2005
Page 2


have not been paid at closings, etc., and want to avoid having
that happening again.   Thank you.

                          Very truly yours,

                          SPEARS, MOORE, REBMAN & WILLIAMS




                          Scott N. Brown, Jr.

SNB,jr:sg

cc:   Ms. Dawn Patton
      Office of the Trustee
      107 Courthouse
      Hamilton County Courthouse
      Chattanooga, TN 37402