UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |

**AFFIDAVIT OF CORY LIPOFF IN SUPPORT OF MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS THROUGH STORE CLOSING SALES IN ACCORDANCE WITH ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF**

Cory Lipoff, being duly sworn, deposes and says:

1. I am executive vice-president and principal of Hilco Merchant Resources, LLC ("Hilco") and submit this Affidavit in support of the Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Further Relief (the "Motion") of the above-captioned Debtors.

2. To the best of my knowledge, based on a search of the Debtors and their debtor and non-debtor affiliates, senior secured lenders, members of the Official Committee of Unsecured Creditors (the "Committee"), and top 50 unsecured creditors, except as set forth on

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are Debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Exhibit A attached hereto, Hilco does not have any connection with the Debtor, its creditors, or any other party in interest or its respective attorneys or accountants or the United States Trustee or any employee of the United States Trustee. Because of the number of interested parties in this case, it is possible that Hilco may represent or may have represented other creditors of the Debtors but does not represent any such creditors in connection with this case. Hilco presently or in the past has served as a professional person in other matters, wholly unrelated to the Debtors, in which other attorneys, accountants and other professionals of the Debtors, creditors, or other parties in interest may have also served or serve as professional persons.

3.    Hilco has not been within the last three years before the filing of these chapter 11 cases an attorney for an investment banker for a security of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within the meaning of section 101(14) of the Bankruptcy Code.

4.    Neither Hilco, nor any officer or employee thereof, is or was a director, officer or employee of the Debtors or of an investment banker as defined in section 101(14)(B) or (C) of the Bankruptcy Code within two years before the date of this filing.

5.    Hilco does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6.     Hilco is not a creditor, equity security holder or insider of the Debtors.

**HILCO MERCHANT RESOURCES, LLC**

By: _____
      Cory Lipoff,
Its:   Executive Vice-President, Principal

Exhibit A

1.  Upon information and belief, neither deponent nor any member or associate of Hilco has any connection with the Debtors or its creditors or any other party in interest herein or its attorneys except as set forth below:

   a. In matters unrelated to the Debtors, Hilco and/or affiliates of Hilco performed appraisal services for (or related to) the following entities: (i) AmSouth Bank (a secured creditor of the Debtors), (ii) Wachovia National Bank, N.A. (a secured creditor to the Debtors), (iii) GMAC Commercial Finance LLC (a secured creditor to the Debtors), (iv) Merrill Lynch Capital (a secured creditor to the Debtors), (v) JPMorgan Chase Bank and its affiliate/subsidiary Bank One, N.A. (a secured creditor of the Debtors), (vi) National City Business Credit, Inc. (a secured creditor of the Debtors), (vii) PNC Business Credit (a secured creditor of the Debtors), (viii) RZB Finance LLC (a secured creditor of the Debtors), (ix) SunTrust Bank (a secured creditor of the Debtors), (x) CIT Group (a secured creditor of the Debtors), (xi) UBS AG (a secured creditor of the Debtors), (xii) Webster Business Credit (a secured creditor of the Debtors), (xiii) Wells Fargo Foothill (a secured creditor of the Debtors), (xiii) Deutsche Bank (a member of the Committee), (xiv) Kraft Foods, Inc. (a member of the Committee), and (xv) Wyeth Pharmaceuticals (one of the Debtors' top fifty unsecured creditors). Hilco does not believe that these relationships create a conflict of interest regarding the Debtors or this chapter 11 case. In addition, Hilco Receivables, LLC, an affiliate of Hilco, has credit facilities in place with Bank One, N.A.

   b. Hilco Real Estate, LLC, an affiliate of Hilco, was retained by Winn-Dixie Stores, Inc. to provide real estate consulting services, which retention was subsequently terminated.

   c. Because of the magnitude of the entire creditor list in these cases, it is possible that Hilco may represent or may have represented other creditors of one or more of the Debtors but does not represent any such creditors in connection with this case. Hilco presently or in the past has served as a professional person in other matters, wholly unrelated to the Debtors or these cases, in which other attorneys, accountants and other professionals of the Debtors, creditors, or other parties in interest may have also served or serve as professional persons.

Case 3:05-bk-03817-JAF    Doc 2266-1    Filed 07/18/05    Page 5 of 5