UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | CASE NO. 05-03817-3F1 |
|  | ) |  |
|  | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et.al., | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
| _____ / | | |

## FIRST INTERIM APPLICATION OF CARLTON FIELDS, P.A., AS SPECIAL COUNSEL FOR THE DEBTORS, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Carlton Fields, P.A. ("Carlton Fields"), makes this first interim application pursuant to Sections 330 and 331 of the Bankruptcy Code (the "Code") for the entry of an order allowing it interim compensation for services rendered and costs advanced as special counsel for the Debtors ("Winn Dixie") for the period from February 21, 2005 through May 31, 2005 (the "first interim period"). By this application, Carlton Fields is seeking interim compensation for services rendered in the amount of $107,416.15 and reimbursement for costs advanced in the amount of $6,079.91.

### Legal Services Rendered by Carlton Fields

1.      On February 21, 2005 (the "Petition Date"), Winn Dixie filed a petition for reorganization under Chapter 11 of the Code.

2.      On May 19, 2005, the Court authorized Winn Dixie to retain Carlton Fields as special counsel in this case *nunc pro tunc* to the Petition Date.

3.      By this application, Carlton Fields seeks interim compensation for services rendered and expenses advanced for the first interim period.

4.      Carlton Fields seeks allowance and payment of fees for services provided to Winn Dixie in the following areas of representation:  (i) preparing and making claims on landlords to

pay for damages to multiple stores from the 2004 hurricanes; (ii) protecting Winn Dixie's exclusive use rights in shopping centers through enforcement of its right to be free of competition in selling groceries in particular centers; (iii) general assistance on questions regarding leases, landlord negotiations, real estate, and related matters; (iv) obtaining retention as special counsel and matters in connection with same; and (v) assisting Winn Dixie and its bankruptcy estate regarding compliance with bankruptcy court requirements relating to ongoing litigation, including matters  concerning application of the automatic stay and the filing of suggestions of bankruptcy.

### Compensation and Reimbursement Requested

5.      By this application, Carlton Fields requests interim compensation for services rendered of $107,416.15 and reimbursement of expenses of $6,079.91 incurred during this first interim period.

6.      During the first interim period, Carlton Fields devoted 365.57 hours of attorney time, and 11.9 hours of legal assistant time to the representation of Winn Dixie.  Attached as Schedule A are the invoices that include the contemporaneous daily time entries covering professional services rendered by Carlton Fields during this first interim period, including time devoted each day by the individual attorneys and legal assistants.  The time entries have been redacted, as appropriate, to the extent necessary to avoid revealing confidential information protected by the attorney-client and/or work product privileges.

7.      In addition, the invoices Attached as Schedule A also reflect the time devoted by each attorney and legal assistant, together with a computation of the value of that time at the ordinary hourly rates of Carlton Fields that were in effect during the time the services were rendered.  The fees requested by this application were determined by the computation of the total time at those ordinary hourly rates.

MIA#2395737.1

8.    In connection with the rendering of these services, Carlton Fields advanced expenses on behalf of the Debtors in the amount of $6,079.91 for long distance toll charges, duplicating expenses, postage, express delivery, travel expense and other similar items.   By this application, Carlton Fields seeks reimbursement of the foregoing expenses.   These expenses are described more particularly in Schedule A.

### Application of Legal Standards to the Services of Carlton Fields

9.    In considering the criteria on <u>In the Matter of First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977), for the determination of a reasonable attorney's fee, the following considerations support the allowance of the fees requested.  :

a.    <u>The Time and Labor Required</u>.   As set forth above, Carlton Fields has expended 377.47 hours providing legal services on behalf of, and for the benefit of Winn Dixie in numerous matters.

b.    Carlton Fields has made substantial effort to (i) restrict the number of attorneys involved in the Winn Dixie matters so as to maximize familiarity with the issues involved and avoid wasted time, and (ii) assign the performance of all tasks to the least senior attorney capable of performing such tasks.

c.    <u>The Novelty and the Difficulty of the Questions.</u>   Although Carlton Fields would not consider all of its work to be exceptionally novel or difficult, the issues of the enforceability of Winn Dixie's exclusive use rights in shopping centers have involved some very novel and difficult questions under Florida law.

d.    <u>The Customary Fee.</u>   The requested fees reflect Carlton Fields' customary billing rates for matters of this kind and there exists no reason in the circumstances of this case to award a lesser fee for the services rendered.

e.    <u>The Skills Requisite to Perform the Legal Services Properly.</u>   Alan Grunspan is the attorney in charge of Carlton Fields legal work for Winn Dixie.  Mr. Grunspan has been representing Winn Dixie on many Florida real estate and lease related issues, including litigation in

these areas, since 1997.  Since Mr. Grunspan joined Carlton Fields in December 2004, Carlton Fields has provided extensive legal services to Winn Dixie, much of it relating to litigation involving the protection of the Debtors' exclusive use rights in shopping centers.  Mr. Grunspan has been practicing law for nearly twenty (20) years and has extensive experience in these areas. Carlton Fields has performed the work set forth in this Application with its customary skill and diligence.

       f.     <u>The Experience, Reputation and Ability of the Attorneys.</u>  Carlton Fields has practiced law in Florida continuously for more than a century and has grown to be one of the largest law firms in the State of Florida, specializing in all phases of commercial practice, including litigation, real estate, leasing, bankruptcy, and land use, condominium, and zoning law.  Carlton Fields' experience and reputation are well known.

       g.     <u>The "Undesirability" of the Case.</u>  Representing Winn Dixie is by no means undesirable and Carlton Fields is proud to have the privilege of serving as special counsel for Winn Dixie in the various matters covered by this Application.

       h.     <u>The Nature and Length of Professional Relationship with Client.</u>  Prior to this proceeding, Mr. Grunspan has been representing Winn Dixie since 1997.  Carlton Fields has been representing Winn Dixie since Mr. Grunspan joined the firm in December 2004.

       i.     <u>Awards in Similar Cases</u>.  The compensation prayed for by Carlton Fields is commensurate with allowances in similar cases for work of this caliber.  The fees sought as interim compensation are entirely reasonable in that the services rendered were of high quality and compensation requested is based on hourly rates which Carlton Fields customarily charges commercial clients for services of the same kind and quality.

       j.     <u>Whether the Fee is Fixed or Contingent</u>.  The fees requested are based upon fixed hourly rates and are not contingent.  The delay experienced in receiving its fees has been considered by some courts as a reason for enhancing attorneys' fees.  <u>See, e.g., In re Penn Cent. Transp. Co.</u>, 23 B.R. 499 (E.D. Pa. 1982).  Although there is an Order in place providing

for monthly billing and payment of fees at 80% where no objection is interposed, the majority of the fees sought in this Application have not yet been paid.

        k.        <u>Time Limitations Imposed by Client or Other Circumstances</u>.  There have been no extreme time limitations imposed by the client thus far.

        l.        <u>The Preclusion of Other Employment by Counsel Due to Acceptance of this Case</u>.  Carlton Fields is aware of no other employment which has been precluded by virtue of having accepted representation as special counsel for Winn Dixie.

        m.        As further support for the fees requested, Carlton Fields respectfully requests that the Court take into account that Carlton Fields  maintains a large suite of offices in a prime commercial location with library facilities; sophisticated office equipment, including word processing equipment; subscriptions to computerized research services; and a large support staff, including secretaries, clerks, paraprofessionals, and other support personnel.  A firm with resources of this nature and level is necessary to adequately represent the interests of Winn Dixie in the various matters being handled by Carlton Fields.  Consequently, a substantial portion of whatever hourly compensation may be allowed by this Court will merely defray substantial overhead charges which have already been incurred and paid in cash during the time which has elapsed since Carlton Fields was appointed to serve as special counsel for Winn Dixie these proceedings.

        10.     Carlton Fields has made no arrangement regarding the sharing of compensation for services rendered in connection with this Chapter 11 case.

        WHEREFORE, Carlton Fields respectfully requests the Court to enter an Order (i) making an interim award to it in the total sum of $113,496.06, representing $107,416.15 in fees and $6,079.91 in reimbursable expenses; (ii) authorizing and directing Winn Dixie and the related Debtors to pay Carlton Fields $85,866.97, which represents the amount of the fees and expenses requested in this Application after deducting the $27,629.09[1] previously paid to Carlton Fields

---

[1]  This figure is comprised of $27,166.52 previously paid in fees and $462.57 previously paid in costs.  Thus, the $85,866.97 for which Carlton Fields is seeking payment herein, consists of $80,249.63 in fees that have not previously been paid and $5617.34 in costs that have not previously been paid.

pursuant to the monthly billing procedure established in Judge Drain's March 15, 2005 Final Order

Approving Interim Compensation Procedures for Professionals; and (iii) granting it such other and

further relief as the Court deems just and proper in connection with this Application.

Dated: July _18_, 2005.

<div style="margin-left: 40%;">

Respectfully submitted,

CARLTON FIELDS, P.A.
Special Counsel for Debtors
100 SE 2nd Street, Suite 4000
Miami, Florida 33131
Telephone:    (305) 530-0050
Facsimile:    (305) 530-0055
**jsilver@carltonfields.com**


By: _/s/ James D. Silver_
     JAMES D. SILVER
     Florida Bar Number 373702

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing First Interim Application of Carlton Fields, P.A. as Special Counsel for the Debtors, for Allowance and Payment of Compensation and Reimbursement of Expenses and the corresponding proposed form of Order, by having a true and correct copy sent via e-mail and first class mail, postage prepaid this _18th_ day of July, 2005, to the parties listed below:

Elena L. Escamilla
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida  32801
Phone: 407-648-6465
Fax: 407-648-6323
Elena.L.Escamilla@usdoj.gov

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida  32801
Phone:  407-648-6301
Fax:  407-648-6323
ken.meeker@usdoj.gov

Winn-Dixie Stores, Inc.
Attn: Laurence B. Appel
5050 Edgewood Court
Jacksonville, FL 32254-3699
Phone: 904-783-5000
Fax: 904-783-5059
LarryAppel@winn-dixie.com

MIA#2395737.1

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: D. J. Baker
Four Times Square
New York, New York 10036
Phone: 212-735-2150
Fax: 917-777-2150
djbaker@skadden.com


Otterbourg, Steindler, Houston & Rosen, P.C.
Attn: Jonathan N. Helfat
230 Park Avenue, 29th Floor
New York, NY  10169
Phone: 212-661-9100
Fax: 212-682-6104
Jhelfat@oshr.com


Milbank, Tweed, Hadley & McCloy LLP
Attn: Matthew Barr
1 Chase Manhattan Plaza
New York, NY 10005
Phone: 212-530-5000
Fax: 212-530-5219
Mbarr@milbank.com


King & Spalding LLP
Attn: Sarah Robinson Borders
191 Peachtree Street
Atlanta, GA 30303
Phone: 404-572-4600
Fax: 404-572-5149
sborders@kslaw.com


                                          Of Counsel