IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| WINN-DIXIE STORES, INC., et al., | CASE NO. 05-03817-3F1 |
| Debtors. | Jointly Administered |

# OBJECTION
## OF THE TAX COMMISSIONER OF PAULDING COUNTY, GEORGIA, TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS THROUGH STORE CLOSING SALES IN ACCORDANCE WITH THE TAX GUIDELINES AND (C) GRANTING RELATED RELIEF

COMES NOW J. W. Watson, III, Tax Commissioner of Paulding County, Georgia ("Respondent"), and files this objection to the above-referenced Motion and shows to the Court the following:

1.

Respondent has heretofore filed Proofs of Claim in this case for estimated state and county taxes with respect to the Debtors' inventory located in Paulding County, Georgia.

2.

Respondent is in receipt of the above-referenced Motion which has scheduled at least one of Debtors' stores located in Paulding County, Georgia as a Targeted Store according to Exhibit B to the Motion. The store is Winn-Dixie Store No. 2719 at 2985 Villa Rica Highway, Suite A, Dallas, Paulding County, Georgia.

:LL & MELTON, L.L.P.
Fourteenth Floor
577 Mulberry Street
P.O. Box 229
Macon, GA 31202-0229
478-746-8521
Fax 478-745-6426

3.

Respondent has filed a Proof of Claim in this Court for estimated 2005 state and county ad valorem taxes which relate to the inventory of Store No. 2719, the estimated taxes being $14,389.20, as more particularly shown on the Proof of Claim filed by Respondent on or about June 17, 2005, a copy of which is attached hereto as Exhibit "A."

4.

Section 48-5-10 of the Official Code of Georgia provides as follows:

> All property shall be returned by the taxpayers for taxation to the Tax Commissioner or Tax Receiver as provided by law. Each return by a taxpayer shall be for property held and subject to taxation on January 1 next preceding each return.

5.

Section 48-5-28 of the Official Code of Georgia provides as follows:

> (a) Except as otherwise provided in Code Section 53-7-91, taxes shall be paid before any other debt, lien, or claim of any kind. The property returned, the property held at the time of returning property, and the property held after the time of returning property shall always be subject to a lien for taxes.

> (b) The title and operation of a security deed shall be superior to the taxes assessed against the owner of property when the tax represents an assessment upon property of the owner other than the property specifically subject to the title and operation of the security deed.

6.

In the case of *In re: Tuggle*, 30 B.R. 718 (1983), in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Judge Drake in ruling on the priority of liens under Georgia law held at page 720 as follows:

> There is a clear policy present in Georgia law, reflected throughout this Order, that liens for state tax claims have priority over all other liens against property. An exception to this policy exists where there is a security deed held concerning certain real property where the taxes at issue are not ad valorem taxes against that specific parcel of property. The fact that judgment liens recorded prior to the recordation of a security deed are superior to said security deed

:LL & MELTON, L.L.P.
Fourteenth Floor
577 Mulberry Street
P.O. Box 229
Macon, GA 31202-0229
478-746-8521
Fax 478-745-6426

is not reflected in any of the statutes setting forth the priority of liens for state taxes. Therefore, the Court will assign priorities in the instant case based on what it finds is the clear policy of the State of Georgia concerning priority of liens for state taxes.

[2] Priorities in the instant case shall be established according to the following rules: (1) liens for taxes shall be paid prior to all other liens against property; (2) security deeds shall be paid prior to liens for state taxes where, as in the instant case, said tax liens are not for ad valorem taxes against the property which is the subject of the security deeds at issue; and (3) judgment lien holders shall be subordinated to the preceding claims.

7.

Debtors' Motion seeks to liquidate the merchandise in Store No. 2719, and pursuant to the section of Debtors' Motion entitled "Applicable Authority," Section B, the Debtor appears to propose that the sale of the merchandise in Store No. 2719 be sold free and clear of all liens and encumbrances with no provision that the liens of Respondent would attach to the proceeds. In Paragraph 23 of the Motion, the Debtor makes the following statement, to-wit:

The Debtors believe that there are no interests or claims in the Merchandise and FF&E other than the senior liens and super priority administrative claims of the DIP Lender, which will attach to the net proceeds received from the sale of Merchandise and FF&E. The interest of the DIP Lender will be satisfied because the Debtors will cause all the net proceeds of the sale to be paid to the DIP Lenders to the extent required in accordance with the final order . . . .

8.

Respondent shows that the Debtors should be required to escrow and earmark sufficient funds for the payment of the 2005 ad valorem taxes against the merchandise which the Debtors seek to sell in the proposed Motion, and Respondent objects to the relief sought by the Debtors to the extent that it seeks to sell the merchandise in Store No. 2719 or any other store merchandise owned by Debtors free and clear of Respondent's liens for taxes for the year 2005.

LL & MELTON, L.L.P.
Fourteenth Floor
577 Mulberry Street
P.O. Box 229
Macon, GA 31202-0229
478-746-8521
Fax 478-745-6426

WHEREFORE, Respondent requests that this Court require the Debtors to escrow and earmark sufficient funds in the proceeds from the sale of the merchandise in Store No. 2719 or in any other store owned by Debtors for the payment of 2005 ad valorem taxes due in Paulding County, Georgia, and that Respondent's lien for taxes attach to the proceeds for that purpose.

Respectfully submitted,

ED S. SELL, III
Georgia Bar No. 635300

Attorney for Respondent

Sell & Melton, LLP
P. O. Box 229
Macon, Georgia 31202-0229
(478) 746-8521 telephone
(478) 745-6426 facsimile

LL & MELTON, L.L.P.
Fourteenth Floor
577 Mulberry Street
P.O. Box 229
Macon, GA 31202-0229
478-746-8521
Fax 478-745-6426

I:\TX.09\13000\130650001.P02.Objection.wpd

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION
Winn-Dixie Stores, Inc. et al., Case No. 05-03817-3F1 Jointly Administered

**PROOF OF CLAIM**

THE LAST DAY FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: __Winn Dixie Stores Inc__    Case No. __05 03817-3F1__
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

|||||||||||||||||||||||||||||    20245926
WDX258194B2-12
COUNTY OF PAULDING TAX COMMISSIONER
PROPERTY TAX
25 COURTHOUSE SQUARE, ROOM 203
DALLAS GA 30132-4133

Telephone No. of Creditor __770-443-7581__

Fax No. of Creditor __770-443-7588__

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if):** ☐ replaces address above  ☐ additional address

Name: _____

Company/Firm: _____

Address: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: if the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor: __00092326__

Check here if this claim  ☐ replaces  ☐ amends   a previously filed claim, dated: __Estimated__

**1. Basis for Claim**
- ☐ Goods sold to debtor(s)
- ☐ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☐ Personal injury/property damage
- ☐ Other

- ☒ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☐ Real property lease
- ☐ Personal property lease
- ☐ Other contract

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN: _____
  Unpaid compensation for services performed from _____ to _____
  (date)         (date)

**2. Date debt was incurred:** __1/1/2005__

**3. If claim is based on a Court Judgment, date obtained:** _____

**4. Total Amount of Claim at Time Case Filed:** $_____ (unsecured) $__14,389.20__ (secured) $_____ (priority) $__14,389.20__ (total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate  ☐ Motor Vehicle  ☐ Other

Value of Collateral: $__1,445,860__

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

✓

Date __6-17-05__

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: __J.W. Watson, III__    Title: __Tax Commissioner__

Signature: __J.W. Watson III__

**EXHIBIT A**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

```
                    Print Key Output                              Page    1
 SS1 V5R2M0 020719              S105MRMM          06/17/05  12:51:12

 splay Device . . . . . :  W4
 ser  . . . . . . . . . :  HART

 906A 10 TGA PAULDING COUNTY                  Collections Master Inquiry
 Bill No.   Parcel No.              Name                 Main Prompt
  52086    P 007286                 WINN DIXIE STORES INC #1846     T
  2004                              HDQ ATTN:PROP TAX DEPT
                                    JACKSONVILLE, FL 32254-3699

 alues  Dist   0001   Total FMV   1445860  Acres            Gross   14389.20
        Exempt        Total ASD    578344  Mills  2.48800   HTRC
        Use   FMV-Land  FMV-Impr   FMV-Tot  ASD-Land  ASD-Impr   ASD-Tot
        CF              614443     614443             245777     245777
        CI              831417     831417             332567     332567

                    Original      Adjustments   Collections     Balance
 d Valorem Tax      14,389.20                   14,389.20
 ther Asmts
 efaulters Pen
 ate Interest
 ate Penalty
 iFa Filing Fee
 iFa Release Fee
 ommissioners Fee
    * *  TOTALS     14,389.20                   14,389.20
 st Pmt 10/28/2004    14,389.20   Rcpt  540750 Trn  594749
 -MAIN 2-DLQ 3-TRN 4-NAL X-EXIT                      Detail? Y     Action ?
```

*Estinated amount saved on 2004 taxes*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing **OBJECTION OF THE TAX COMMISSIONER OF PAULDING COUNTY, GEORGIA, TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS THROUGH STORE CLOSING SALES IN ACCORDANCE WITH THE TAX GUIDELINES AND (C) GRANTING RELATED RELIEF** upon:

D. J. Baker, Esq.                                              Via Facsimile 212-735-2000
Skadden, Arps, Slate, Meagher & Flom, LLP       djbaker@skadden.com
Four Times Square
New York, New York 10036

Cynthia C. Jackson, Esq.                                 Via Facsimile 904-3559-7708
Smith Hulsey &Busey                                      cjackson@smithhulsey.com
225 Water Street, Suite 1800
Jacksonville, Florida 32202

by placing a true and correct copy of same in a Federal Express envelope properly addressed for

next day delivery, by e-mail, and facsimile.

DATED this 19th day of July, 2005.

_____
ED S. SELL, III

Sell & Melton, LLP
P. O. Box 229
Macon, Georgia 31202-0229
(478) 746-8521 telephone
(478) 745-6426 facsimile

LL & MELTON, L.L.P.
Fourteenth Floor
577 Mulberry Street
P.O. Box 229
Macon, GA 31202-0229
478-746-8521
Fax 478-745-6426