LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT (the "Agreement") is made this19th day of July, 2005 by and between SOUTHCHASE INVESTORS, LLC, a Florida limited liability company having an address at 770 Township Line Road, Suite 150, Yardley, PA 19067 ("Landlord"), and WINN-DIXIE STORES, INC, a Florida corporation having an address at 5050 Edgewood Court, PO Box B, Jacksonville, FL 32203 ("Tenant").

BACKGROUND

A. Landlord and Tenant are parties to that certain Lease described on Exhibit A attached hereto and made a part hereof (the "Lease").

B. Winn-Dixie, Inc., and its subsidiaries and affiliates, including Tenant (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et. seq., as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York on February 21, 2005.  Venue of the Debtors' case was transferred to the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") on April 13, 2005.

C. On May 27, 2005, the Debtors filed a motion (the "Motion") for an order establishing bidding procedures for the sale of assets (the "Bidding Procedures").  The Bidding Procedures provide a mechanism for the Debtors to sell assets, including leasehold interests.

D. On June 16, 2005, the Bankruptcy Court entered an order approving the Motion and authorized the Debtors to implement the Bidding Procedures.

E. On July 18, 2005, pursuant to the Bidding Procedures, the Debtors conducted an auction for the sale of assets, including the Lease, and the Landlord was the successful bidder for the Lease.

F. Landlord and Tenant desire to terminate the Lease and end the Lease term effective as of the later of: (i) the date of Bankruptcy Court approval of the sale of the Lease; or (ii) the date of delivery of the Leased Premises by the Tenant to the Landlord after completion of the Tenant's store closing sale at the Premises (the "Termination Date").

NOW THEREFORE in consideration of the mutual covenants contained herein and intending to be legally bound hereby, Landlord and Tenant agree as follows:

1. **Termination Date**.  Subject to the provisions of this Agreement, the Lease and tenancy created by the Lease will remain in full force and effect until 11:59 p.m., E.T., on the Termination Date, at which time the Lease and the Lease term will be

terminated and of no further force and effect. Tenant will continue to pay and remain liable for all rent and additional rent, if any, due and owing under the Lease accruing after February 21, 2005, up to and including the Termination Date. After the Termination Date, neither party will have any further rights or obligations under the Lease.

2. **Surrender of Premises**. Tenant will vacate and surrender the Premises on or before the Termination Date and leave it in "broom clean" condition. Landlord acknowledges and agrees that neither Tenant nor its employees, representatives or agents have made any express representations or warranties regarding the condition of the Premises. Landlord further agrees that, notwithstanding any provision to the contrary contained in the Lease, the Tenant shall have no obligation under the Lease or this Agreement to restore the Premises to the condition that existed at the inception of the Lease, or to remove any additions or alterations to the Premises. This provision will survive the termination of the Lease. Notwithstanding the foregoing, the Tenant has the right, but not the obligation, to remove by sale or otherwise prior to the Termination Date any trade fixtures, signs and other personal property of Tenant including lighting systems, counters, modular wall units, shelving and other movable personal property, external signage and any other items that Tenant is permitted to remove under the Lease. Upon surrender, all obligations of Landlord and Tenant will cease as of the date hereof, including without limitation the obligation to pay rent and other charges under the Lease.

3. **Right to "Go Dark" and Conduct Store Closing Sale.** Notwithstanding anything to the contrary contained in the Lease, including any covenant requiring Tenant to continuously operate or not "go dark," Tenant may discontinue its operations at the Premises prior to the Termination Date. Notwithstanding anything to the contrary contained in the Lease, Tenant has the right to conduct a store closing or similar sale at the Premises prior to the Termination Date in accordance with the Debtors' Motion for Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Related Relief filed on July 1, 2005.

4. **Consideration**. Landlord shall pay to Tenant on or before the Termination Date hereof the sum of five hundred eighty thousand dollars ($580,000) in consideration of the foregoing termination and entering into this Agreement.

5. **Reimbursement of Prepaid Expenses.** Any prepaid rents, common area maintenance fees, association fees, real estate taxes, utility expenses or any other amounts the Tenant prepaid pursuant to the terms of the Lease or otherwise in connection with the Premises will be prorated and on or prior to the Termination Date, Landlord will reimburse Tenant for amounts allocable to the period of time after the Termination Date. The Landlord will also return to the Tenant any security deposit made in connection with the Lease.

6. **Irrevocable Bid.**  Landlord acknowledges that, in accordance with the Bidding Procedures, all bids made at auction or otherwise in accordance with the Bidding Procedures, including Landlord's bid, remain irrevocable until the earlier to occur of (i) 60 days after entry of an order by the Bankruptcy Court approving the sale of the Lease or (ii) closing of the sale of Lease with a party other than Landlord.  Landlord acknowledges that it is bound by the terms and conditions of the Bidding Procedures.  In the event of any conflict or inconsistency between the provisions of this Agreement and the provisions of the Bidding Procedures, the provisions of the Bidding Procedures shall govern.

7. **Representations.**  Landlord has not assigned, transferred, encumbered or otherwise disposed of Landlord's rights under the Lease, and no consent to this Agreement is required for Landlord to execute, deliver and fully perform its obligations under this Agreement.  Tenant has not assigned, transferred, encumbered or otherwise disposed of Tenant's rights under the Lease or any sublease, and no consent to this Agreement is required for Tenant to execute, deliver and fully perform its obligations under this Agreement.

8. **Release**. As of the Termination Date, except as to the obligations of the Tenant pursuant to this Agreement, the Landlord waives, releases and discharges Tenant, its successors and assigns, its estate, and the Debtors from lease rejection damages claims under Section 502 of the Bankruptcy Code.  As of the Termination Date, except as to the obligations of the Landlord pursuant to this Agreement, the Tenant waives, releases and discharges Landlord and its successors and assigns from preferential transfer claims under Section 547 of the Bankruptcy Code.

9. **Entire Agreement.**  This Agreement constitutes the entire agreement between the parties and is binding upon and will inure to the benefit of the Landlord and Tenant and their respective heirs, executors, administrators successors and assigns.  The provisions of this Agreement supersede all provisions of the Lease that are inconsistent.  No modification, amendment, waiver or release of any provision of this Agreement is valid unless in writing and executed by the party against whom the same is sought to be enforced.

10. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which is deemed an original of this Agreement, but all of which constitute one and the same Agreement.

11. **Severability.**  Should any provision of this Agreement be declared invalid or unenforceable, all other provisions will be unaffected and will remain valid and enforceable.

12. **Miscellaneous**. This Lease Termination Agreement may not be modified or amended except in writing signed by Landlord and Tenant. This Lease Termination Agreement is to be governed by Florida law, and is binding on Landlord, Tenant and their respective successors and assigns.

13. **Discharge of Memorandum.**  If Landlord and Tenant have executed and recorded a memorandum of the Lease, upon Bankruptcy Court approval of the sale of the Lease to Landlord, Landlord and Tenant will execute and acknowledge a discharge of memorandum of lease within five days from receipt from Landlord of a form reasonably acceptable to Tenant.  Landlord, at its sole cost and expense, will have the right to file or record the discharge of memorandum in the applicable recorder's office.

14. **Jurisdiction.**  The Bankruptcy Court will retain exclusive jurisdiction over any matter, claim, or dispute arising from or relating to this Agreement and Landlord consents to such exclusive jurisdiction.

15. **Bankruptcy Court Approval**. This Lease Termination Agreement is subject to the approval of the Bankruptcy Court.

*Signatures appear on the next page.*

IN WITNESS WHEREOF, Landlord and Tenant have caused this Lease Termination Agreement to be executed by their duly authorized officers as of the day and year first above written.

        SOUTHCHASE INVESTORS, LLC

By:_____
    Elizabeth A. Owens
    Senior Vice President

WINN-DIXIE STORES, INC.

By:_____
    Name:
    Title:

EXHIBIT A

LEASE
WINN-DIXIE STORE #2282
Orlando, Florida

| | |
|---|---|
| Lease: | Lease dated December 22, 1988 between Socha Property Investments, Inc., as Landlord, and Winn-Dixie Stores, Inc., as Tenant; |
| | as evidenced by Short Form Lease dated December 20, 1988, recorded in Book 4065, Page 1581, of the public records of Orange County, Florida |
| Amendments/ Guaranty: | Letter Agreement dated February 27, 1989 |
| | Assignment of Lease dated May 31, 1989 |
| | Supplemental Lease Agreement dated October 29, 1990 |
| | First Amendment to Short Form Lease dated October 25, 1995 |
| | Second Supplemental Lease Agreement dated July 15, 1996 |
| Premises: | That certain store building and related improvements located at 12351 S. Orange Blossom Trail, Orlando, Orange County, Florida |