**UNITED STATES BANKRUTPCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION OF LASSITER PROPERTIES, INC. (MILLEDGEVILLE, GEORGIA LEASE) TO "DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF"**

Lassiter Properties, Inc. (hereinafter "Lassiter"), objects, in part, to "Debtors' Motion for Order (A) Authorizing the Sale of Pharmaceutical Prescriptions and Inventory Free and Clear of Liens, Claims and Interests and (B) Granting Related Relief" (hereinafter the "Sale Motion"), and states as follows:

**I.    Factual and Procedural Background.**

1.    On February 21, 2005 (hereinafter the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates (hereinafter collectively the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.    On or about July 1, 2005, the Debtors filed the Sale Motion seeking, among other relief, an order authorizing the Debtors to sell certain assets and assume and assign certain unexpired leases.

3.    Specifically, by the Sale Motion the Debtors' request:

(A) Authority to conduct an auction of certain "Targeted Stores";

(B) Authority to sell certain Targeted Stores, each for the highest and best offer which the Debtors receive through the auction;

(C) Authority to assume and assign certain unexpired leases in conjunction with the Debtors' sale of Targeted Stores; and

(D) An Order fixing the "Cure Amount" for each unexpired lease to be assumed and assigned.

4. Lassiter, as assignee of Peregrine Properties Limited Partnership (hereinafter "Peregrine"), is the Landlord under that certain Lease Agreement (hereinafter the "Milledgeville Lease") dated as of August 25, 1994 between Peregrine and Winn-Dixie Atlanta, Inc. (hereinafter "Tenant Winn-Dixie") as Tenant.

5. Pursuant to the Milledgeville Lease, Tenant Winn-Dixie agreed to lease from Lassiter certain real property identified by Debtors in the Sale Motion as Winn-Dixie Store No. 1826, located at 1850 N. Columbia Street, Milledgeville, Georgia (hereinafter the "Premises"). A true and correct copy of the Milledgeville Lease is attached hereto as **Exhibit "A"** and is incorporated herein by reference.

6. Pursuant to the Milledgeville Lease, Tenant Winn-Dixie agreed to undertake certain obligations, including without limitation obligations to pay Basic Rent and Additional Rent; maintain and repair the Premises; maintain insurance against loss or damage to the Premises and to Lassiter's equipment located on the Premises; maintain general public liability insurance against claims for bodily injury, death or property damage occurring on, in or about the Premises; maintain workers compensation insurance; and pay certain "Impositions",

including without limitation all taxes, assessments, levies, fees, water and sewer rents and charges, utilities and communications, taxes and charges and all other governmental charges, imposed upon or assessed against the Premises. [Milledgeville Lease, Sections 6(a) and (b), 7(a), (b), (c) and (d), 8(a) and (b), 11(a), (b), (c), (d) and (e), 14(a), (b), (c), (d), (e), (f), and (g)].

7. In conjunction with its acquisition of the Premises and the Milledgeville Lease, Lassiter, as assignee of Peregrine, became the "Maker" under that certain "Real Estate Note" (hereinafter the "Milledgeville Note") dated as of August 25, 1994 between Peregrine and Principal Mutual Life Insurance Company (hereinafter "Principal Mutual"), and became the "Grantor" under that certain "Deed to Secure Debt and Security Agreement" (hereinafter the "Milledgeville Security Deed") dated as of August 25, 1994 between Peregrine and Principal Mutual. True and correct copies of the Milledgeville Note and the Milledgeville Security Deed are attached hereto as **Exhibits "B" and "C"** and are incorporated herein by reference.

8. The Milledgeville Note provides in part:

> Notwithstanding anything to the contrary in the Loan Documents, the limitation on liability contained in subparagraph (a) above SHALL BECOME NULL AND VOID and shall be of no further force and effect in the event:
>
> (i) Of any breach or violation of paragraph 1.17(due on sale or encumbrance) of a Security Instrument;

[Milledgeville Note, p. 7, Section (c)].

9. Paragraph 1.17 of the Milledgeville Security Deed provides in part:

> Grantor therefore covenants and agrees with Grantee, as part of the consideration for the extending to Grantor of the indebtedness evidenced by the Note, *that Grantor shall not, directly or indirectly, encumber, pledge, convey, transfer, or assign any or all of its interest in the Premises without the prior, written consent of Grantee*. Grantee's ability to consent to any sale, transfer, conveyance or encumbrance and waive

>this provision implies no standard of reasonableness in determining whether or not such consent shall be granted in the same may be based upon what Grantee solely deems to be in its best interest; without limiting Grantee's right to withhold its consent and waiver entirely, such consent and waiver may be conditioned upon an increase in the rate of interest under the Note and the imposition of other terms and conditions thereunder or hereunder; any sale, transfer, conveyance or encumbrance made, created or permitted in violation of this provision shall be null and void and in addition to the other rights and remedies available to Grantee, hereunder, ***Grantee shall have the option of declaring the unpaid principle balance of the Note, together with all accrued and unpaid interest, premium, if any and all other sums and charges evidenced thereby or owned hereunder, immediately due and payable***.

[Milledgeville Security Deed, Paragraph 1.17] (emphasis supplied).

10. Section 1.16 of the Lease entitled "Use and Management of the Premises," requires that:

>Grantor shall at all times operate the Premises as a retail supermarket facility. ***Grantor shall not be permitted to alter or change the use of the Premises or to abandon the Premises without the prior, written consent of Grantee***.

[Milledgeville Security Deed, Paragraph 1.16] (emphasis supplied).

11. Section 1.07 of the Milledgeville Security Deed entitled "Leases and Other Agreements Affecting Property" states in pertinent part:

>Grantor ***will not, without the express written consent of Grantee, modify, surrender, or terminate***, either orally or in writing, any lease now existing or hereafter created upon the Premises or any part thereof, ***nor will Grantor permit any assignment or a subletting by any Tenant without the prior express written consent of Grantee***.

[Milledgeville Security Deed, Paragraph 1.07] (emphasis supplied).

12. Although the Sale Motion identifies a number of "Stalking Horse Bids" relevant to certain of the Debtors' Targeted Stores, the Sale Motion does not include a Stalking Horse Bid for the Premises or the Milledgeville Lease.

13. Rather, the Sale Motion indicates that Debtors will conduct an auction on July 18 and July 19, 2005, and will notify the affected landlords of the highest and best offer, if any, for the purchase of each store.

14. The Sale Motion identifies the Cure Amount (the "Cure Amount") under the Milledgeville Lease as $0.00.

## II.  LIMITED OBJECTION TO SALE MOTION

### A.  Debtors Have Not Identified A Potential Assignee of the Milledgeville Lease.

15. The Sale Motion does not identify a party to whom Debtors will assign the Milledgeville Lease.

16. Pursuant to the Bankruptcy Code, Tenant Winn-Dixie may not assume and assign the Milledgeville Lease unless, at the time of assumption, Tenant Winn-Dixie cures, or provides adequate assurance that it will cure, any existing default under the Milledgeville Lease and provides adequate assurance to Lassiter of the future performance under the Milledgeville Lease. *See* 11 U.S.C. § 365(b)(1).

17. According to the Sale Motion, the Debtors will conduct an auction of their Targeted Stores on July 18 and July 19, 2005, and will notify affected landlords of the results of the auction shortly thereafter. Such notification will likely come on or after the deadline to file objections to the Sale Motion.

18. As such, Lassiter is unable to assess the financial condition of any potential assignee of the Milledgeville Lease, and, consequently, no adequate assurance of said assignee's future performance under the Milledgeville Lease can be given.

19. Accordingly, Lassiter requests and reserves the right to amend this objection once Debtors identify a potential assignee of the Milledgeville Lease to object to any aspect of the assignment of the Milledgeville Lease that is contrary to 11 U.S.C. 365(b) or other applicable law.

**B.    Rent Under the Milledgeville Lease.**

20. Payments of Basic Rent under the Milledgeville Lease are due on the first day of each March, June, September and December. Tenant Winn-Dixie has made the June 2005 payment and the next payment is not due until September 1, 2005. Tenant Winn-Dixie, therefore, is not in default of its obligation to pay Basic Rent and its representation that the Cure Amount is $0.00 is accurate.

21. Basic Rent under the Milledgeville Lease, however, is payable in arrears every three months. Basic Rent on and after June 1, 2005 is therefore accruing, though it will not be payable until September 1, 2005.

22. Lassiter objects to the Sale Motion to the extent that it fails to allocate between Tenant Winn-Dixie and the eventual assignee of the Milledgeville Lease the obligation to pay any and all Basic Rent accruing on or after June 1, 2005 through the "Effective Date" of Tenant Winn-Dixie's assignment of the Milledgeville Lease. Any order allowing assignment and assumption of the Milledgeville Lease should allocate responsibility for the payment due September 1, 2005, as a part of adequate assurance of performance to which Lassiter is entitled.

**C.    Taxes Under the Milledgeville Lease.**

23.    The Milledgeville Lease requires Tenant Winn-Dixie to pay all property taxes.

24.    Property taxes for the tax year 2005 have not been billed and are not yet payable, and Tenant Winn-Dixie, therefore, has nothing to "cure" with regard to property taxes. Property taxes for tax year 2005, however, have been accruing since January 1, 2005.

25.    Lassiter objects to the Sale Motion to the extent that it fails to allocate between Tenant Winn-Dixie and the eventual assignee of the Milledgeville Lease the obligation to pay any and all property taxes accruing after January 1, 2005 through the Effective Date. Any Order allowing assignment and assumption of the Milledgeville Lease should allocate responsibility for 2005 ad valorem taxes which have been accruing as a part of the adequate assurance of performance to which Lassiter is entitled.

**D.    Maintenance of the Premises.**

26.    The Milledgeville Lease obligates Tenant Winn-Dixie to maintain the Premises.

27.    Furthermore, 11 U.S.C. § 365(b) requires Tenant Winn-Dixie, as a condition precedent to assumption and assignment of the Milledgeville Lease, to provide Lassiter with adequate assurance that the proposed assignee of the Milledgeville Lease can perform all obligations thereunder, including without limitation the obligation to maintain and repair the Premises.

28.    Lassiter objects to the Sale Motion to the extent that Tenant Winn-Dixie fails to provide Lassiter adequate assurance that the proposed assignee of the Milledgeville Lease can perform all obligations thereunder, including without limitation the obligation to maintain and repair the Premises.

### E. Insurance Under the Milledgeville Lease.

29. The Milledgeville Lease obligates Tenant Winn-Dixie to maintain various types of insurance coverage relating to the Premises and to activity on and around the Premises.

30. 11 U.S.C. § 365(b) requires Tenant Winn-Dixie, as a condition precedent to assumption and assignment of the Milledgeville Lease, to provide Lassiter with adequate assurance that the proposed assignee of the Milledgeville Lease can secure and maintain insurance coverage sufficient to satisfy the obligations under the Milledgeville Lease.

31. Lassiter objects to the Sale Motion to the extent that Tenant Winn-Dixie fails to provide Lassiter adequate assurance that the proposed assignee of the Milledgeville Lease can secure and maintain insurance coverage sufficient to satisfy the obligations under the Milledgeville Lease.

### F. Anti-assignment Clauses in Milledgeville Note and Milledgeville Security Deed.

32. As discussed in greater detail above, the Milledgeville Note and the Milledgeville Security Deed prohibit Lassiter from transferring or assigning any interest in the Premises or permitting any assignment of the Milledgeville Lease absent the written consent of the Lender under the Milledgeville Note and the Milledgeville Lease.

33. At this time, Lassiter is unable to determine whether the Lender under the Milledgeville Note and the Milledgeville Security Deed will consent to Tenant Winn-Dixie's assumption and assignment of the Milledgeville Lease.

34. To the extent that Tenant Winn Dixie's assumption and assignment of the Milledgeville Lease may be construed as a transfer, assignment, conveyance or encumbrance of the Premises, or may be construed as Lassiter's permitting an assignment of the Milledgeville

Lease, and thus a violation of the Milledgeville Note and/or the Milledgeville Security Deed, Lassiter objects to the Sale Motion. Lassiter requests that the Court enter such Order as is necessary to protect Lassiter from increased risk or liability under the Milledgeville Note and the Milledgeville Security Deed resulting from any assignment, or alternatively, require other action to eliminate Lassiter from being subjected to increased risk of liability or payment terms on the Milledgeville Note or Milledgeville Security Deed.

**WHEREFORE**, Lassiter respectfully requests that the Court sustain the objections raised herein and grant Lassiter such other relief as is just and proper under the circumstances.

Dated this 20th day of July 2005.

Respectfully submitted,

By: /s/ R. Scott Shuker
R. SCOTT SHUKER
Florida State Bar No. 984469
Gronek & Latham, LLP
390 North Orange Avenue, Ste 600
P.O. Box 3353
Orlando, Florida 32802
(407) 481-5800
(407) 481-5801 (Facsimile)

JAMES L. PAUL
*Georgia State Bar No. 567600*
JOHN K. REZAC
*Georgia State Bar No. 601935*
Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)

*Co-counsel for Creditor Lassiter Properties, LP*

## CERTIFICATE OF SERVICE

I certify that today I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that I have sent by U.S. Mail today a copy of the foregoing to any persons listed below who will not receive the foregoing from the Clerk a notice of electronic filing:

| | |
|---|---|
| D.J. Baker<br>Skadden Arps Slate<br> Meagher & Flom, LLP<br>Four Times Square<br>New York, New York 10036 | Cynthia C. Jackson<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202 |
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL  32254-3699 | Adam Ravin, Esquire<br>Skadden Arps Slate<br>Meagher & Flom, LLP<br>Four Times Square<br>New York, New York 10036 |
| James H. Post, Esquire<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202 | Dennis F. Dunne, Esquire<br>Milbank, Twee, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005 |
| John B, Macdonald, Esquire<br>Akerman, Senterfitt & Eidson, PA<br>50 North Laura St., Ste. 2500<br>Jacksonville, FL  32202 | Patrick P. Patangan, Esquire<br>Akerman, Senterfitt & Eidson, PA<br>50 North Laura St., Ste. 2500<br>Jacksonville, FL  32202 |
| Elena L. Escamilla, Esquire<br>Office of the U.S. Trustee<br>135 W. Central Blvd., Ste. 620<br>Orlando, FL  32806 | VOW, LLC<br>c/o Edward J. Ashton, Esquire<br>Walston, Wells, Anderson & Bains, LLP<br>One Federal Place/1819 Fifth Ave. North<br>Birmingham, AL  35203 |
| C. Ellis Brazeal, III<br>Walston, Wells, Anderson & Bains, 1819 Fifth Ave. North<br>Birmingham, AL  35203 | |

Dated this 20th day of July, 2005.

By:  /s/ R. Scott Shuker
R. Scott Shuker, Esquire

199513.1
971152-000010:7/19/2005