UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

**FLORIDA TAX COLLECTORS' OBJECTION TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

The Tax Collectors for the following Florida counties: Alachua, Brevard, Broward, Citrus, Collier, Duval, Hillsborough, Lake, Lee, Manatee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Sarasota, Seminole, St. Lucie, and Volusia, hereinafter referred to as Florida Tax Collectors ("FTC"), hereby file this objection to *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* [Docket No. 1961]("The Motion") based on the following:

SUMMARY OF ISSUES AND RELIEF REQUESTED

1.    FTC request the Court order ad valorem real estate and tangible personal property taxes be paid at closing. The Motion (at Note 1 contained within Exhibit C-1 of the Asset Purchase Agreement) provides for pro-ration of 2005 real estate taxes and tangible personal property taxes. These taxes are fully secured by a statutory lien pursuant to Florida Statutes, Sections 197.122(1) and 192.053. The Debtors, either through oversight or difference of legal opinion, fail to recognize this first lien.

2. In addition, FTC also request the Debtors be ordered to ensure all appropriate paperwork and fees relative to occupational licenses are timely filed and paid as stores are either sold or closed.

### FACTUAL SUMMARY

3. FTC are responsible for collecting ad valorem taxes assessed against both real estate and tangible personal property within the State of Florida. In these cases, the Debtors maintain stores, warehouses and offices throughout the State. The real estate and tangible personal property assessed includes both owned property and property that is leased by the Debtors. The Debtors file sworn tangible personal property tax returns annually with Florida property appraisers identifying both owned and leased property.

4. In addition to tax responsibilities, FTC is responsible for issuing and administering occupational licenses and processing any transfers thereof. These actions are ministerial and involve *de minimus* fees, yet are important in ensuring the continued accuracy of county records.

5. Generally, with possible minor exceptions, the Debtors have paid all ad valorem real estate and tangible personal property taxes and occupational license fees. The 2005 taxes and fees become due this fall.

6. The following is a summary list of counties, stores and estimated tangible personal property taxes that will be affected by the Motion and subsequent liquidating agent procedure (this summary list does not include estimated real estate taxes for these stores).

| County | Address | City | Estimated 2005 Taxes | Total For County |
|---|---|---|---|---|
| Alachua | 3503 Archer Road | Gainesville | 8,653.28 | |
| | 7303 NW 4th Blvd | Gainesville | 9,444.97 | 18,098.25 |
| | | | | |

| County | Address | City | Amount | Total |
|---|---|---|---|---|
| Brevard | 624 Barnes Blvd. | Rockledge | 8,782.14 | |
| | 1270-39 Wickham Road | Melbourne | 13,698.46 | **22,480.60** |
| Broward | 10635 W Atlantic Blvd | Coral Springs | 10,040.58 | |
| | 18455 Pines Blvd | Pembroke Pines | 17,927.86 | |
| | 4650 University Drive | Coral Springs | 18,034.23 | |
| | 4301 Hillsboro Blvd | Coconut Creek | 13,188.22 | **59,190.89** |
| Citrus | 2675 E Gulf to Lake Hwy | Inverness | 12,824.75 | **12,824.75** |
| Collier | 4929 Rattlesnake Hammock Rd | Naples | 8,792.96 | |
| | 5010 Airport Rd North | Naples | 9,698.37 | **18,491.33** |
| Duval | 934 Dunn Avenue | Jacksonville | 8,084.94 | **8,084.94** |
| Hillsborough | 1402 W Kennedy Blvd | Tampa | 9,316.83 | |
| | 1945 W Lumsden | Brandon | 20,572.11 | |
| | 5715 Gunn Hwy | Tampa | 9,701.14 | |
| | 8702 Hunters Lake Drive | Tampa | 11,813.80 | |
| | 1971 SR 60 | Valrico | 11,076.01 | |
| | 3236 Lithia Pinecrest Rd | Valrico | 11,648.52 | **74,128.41** |
| Lake | 18840 New US Hwy 441 | Mt. Dora | 9,552.07 | **9,552.07** |
| Lee | 18011 S Tamiami Trail | Ft. Myers | 16,392.74 | **16,392.74** |
| Manatee | 1800 US 301 North | Palmetto | 25,783.72 | **25,783.72** |
| Orange | 4008 Winter Garden Vineland Rd | Winter Garden | 20,161.99 | |
| | 12351 S Orange Blossom Trail | Orlando | 8,040.40 | |
| | 155 S Orange Avenue | Maitland | 4,037.70 | |
| | 4161 Town Center Blvd | Orlando | 12,012.68 | **44,252.77** |
| Osceola | 4058 13th Street | St Cloud | 9,074.59 | **9,074.59** |
| Palm Beach | 19595 State Road 7 | Boca Raton | 3,558.17 | |
| | 6901 W Okeechobee Blvd | West Palm Beach | 16,522.68 | |
| | 11241 US Hwy 1 | North Palm Beach | 24,645.86 | |
| | 4645-B Gun Club Road | West Palm Beach | 5,708.38 | |
| | 23072 Sandalfoot Plaza Drive | Boca Raton | 4,529.49 | **54,964.58** |
| Pasco | 5351 Village Market | Wesley Chapel | 9,093.16 | |
| | 8615 Little Road | New Port Richey | 9,559.83 | **18,652.99** |
| Pinellas | 2514 McMullen Booth | Clearwater | 21,313.25 | |
| | 850 3rd Avenue S. | St. Petersburg | 11,773.55 | |
| | 3705 Tampa Road | Oldsmar | 11,353.10 | **44,439.90** |
| St. Lucie | 10330 S. Federal Hwy | Port St. Lucie | 17,194.39 | **17,194.39** |

3

| Sarasota | 425 S. Indiana Avenue | Englewood | 6,675.11 | **6,675.11** |
|---|---|---|---|---|
| Seminole | 3053 Aloma Avenue | Oviedo | 18,121.10 | |
| | 4195 Lake Mary Blvd. W. | Lake Mary | 13,296.03 | |
| | 1074 Montgomery Road | Altamonte Springs | 13,243.67 | |
| | 5465 Lake Howell Road | Winter Park | 6,031.37 | **50,692.17** |
| Volusia | 1415 S. Nova Road | Daytona Beach | 18,535.99 | **18,535.99** |

**Total Tangible Personal Property Taxes For All Counties**     **$529,510.19**

### PROCEDURAL SUMMARY

7. Among its "First-Day Orders," the Court issued its *Interim Order Authorizing Debtors to Pay Pre-Petition Taxes and Other Ordinary Course Governmental Obligations* [Docket No. 47] granting the Debtors the authority to pay pre-petition real estate and tangible personal property taxes. However, this Order, although authorizing payment, did not direct payment of these governmental obligations and provided that the Order be entered without prejudice and subject to any limitations contained within cash collateral or post-petition financing documents or orders. The Debtors represented in paragraph 31 of their *Motion for Authority to Pay Pre-Petition Taxes and Other Ordinary Course Governmental Obligations* [Docket No. 18] that "The focus of these cases should be on restructuring the Debtors' operations. The payment of the Governmental Obligations is insignificant by comparison, and will have a negligible effect on the recoveries of the major creditors in these cases, particularly in view of the priority or secured status of a significant portion of the Governmental Obligations." FTC agree with the Debtors' assessment and request the Court to clarify the proposed Order submitted by the Debtors with the Motion to ensure payment of the taxes in accordance with the Debtors' proposed closing statements.

8. The Motion outlines procedures for bidding and acquiring virtually all types of the Debtors' property including both owned and leased property and operating locations that require occupational licenses. Exhibit C-1 of the proposed Asset Purchase Agreement (Composite Exhibit E) attached to the Motion provides within Note 1 a pro-ration per diem formula for 2005 real estate and tangible personal property taxes.

## FACTUAL ISSUES OF CONCERN TO FLORIDA TAX COLLECTORS

A.  <u>First Issue</u>

9. It appears the Debtors intend to address and pay 2005 ad valorem property taxes and other ordinary course governmental obligations as they come due. However, in paragraph 27 on page 11 of the Motion, the Debtors represent to the Court that they do not believe there are any interests or claims against the assets other than those of the "DIP Lender". FTC assert a statutory first lien on real estate and tangible personal property either owned or leased pursuant to <u>Florida Statutes</u>, Sections 197.122(1) and 192.053.

B.  <u>Second Issue</u>

10. The Motion provides for alternative methods of disposition of various assets including tangible personal property. The eventual sale, abandonment or consolidation of the Debtors' tangible assets, both owned and leased, to new owners, landlords, lessors or to remaining operating locations is an aspect of the proposed sales that is not adequately addressed. Specifically, the relief requested by the Debtors provides carte blanche authority to transfer these tangible assets without any recognition of the statutory first lien of FTC. This type of disposition of the FTC collateral with no clarification relative to payment, contest or other administrative resolution of ad valorem tax issues will result in unnecessary time and expense in the form of professional fees if disputes arise in the future. Clearly, the most efficient way to handle these

issues is to provide for the payment/contest of the 2005 ad valorem taxes to proceed in accordance with Florida state law. The contest of these taxes, should any exist, involves Florida property appraisers and can be accomplished with the filing of a $15.00 petition to the Value Adjustment Board of each county. Authorization for payment of the taxes when due would allow the Debtors or any prospective purchaser(s) to pay the taxes with the benefit of the Florida statutory four percent (4%) discount, also saving the estate administrative time and expense.

### ARGUMENT AND AUTHORITIES

11. Property taxes fund basic services to local government including all county services, police, fire and, most importantly, schools. These services have all been provided to the Debtors throughout the pending bankruptcy. The Debtors' tax obligations should be paid as part of and simultaneously with each store closing as part of the authorized closing costs. The Debtors should not be allowed to cause further economic hardship on these affected communities by avoidance and/or reduction in payment of these property taxes. The Debtors clearly recognize the efficiency of estate administration by providing for the payment of these pre-petition taxes, and there is a plain, speedy and efficient remedy to resolve tax disputes within the state of Florida. The Tax Injunction Act (28 U.S.C. § 1341) reflects congressional intent that District Courts should not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where such a plain, speedy, efficient remedy exists.

12. Attaching liens to sale proceeds is insufficient to ensure adequate protection to FTC. The 2005 tax assessments are currently subject to review and approval by the respective Florida property appraisers in each county and by the Florida Department of Revenue. The proposed disposition of FTC collateral in both this Motion and the subsequent use of a

liquidating agent will be more efficiently accomplished with a clear provision authorizing and directing payment of the property taxes without further Court order.

### RELIEF REQUESTED

13. Adequate protection in the form of an order directing payment of the 2005 property taxes in accordance with state law is needed. Simply providing for an order that "liens will attach to proceeds" will do nothing other than to preserve issues for further contest when the assets that may be subject to that contest are sold, abandoned, returned to lessors or otherwise scattered among the Debtors' remaining stores. Efficient estate administration is best served if the Court ensures the application of state law to the administration of the 2005 property taxes within these Debtors' estates.

14. In addition to the application of Florida state law, FTC also request the suspension from the claims bar date for any ad valorem property taxes until further order of this Court. This only makes sense given the nature of Florida property tax law which provides for the collection of taxes in arrears. The Debtors will be receiving their 2005 "TRIM" (Truth in Millage) notices from Florida property appraisers in August of this year and will have an opportunity to contest/clarify valuation issues with the various property appraisers within the Value Adjustment Board process referenced above. FTC seek to work closely with the Debtors and the Debtors' property tax staff, however, all attempts to begin the process of a joint, cooperative, efficient procedure have to this point failed.

15. Wherefore, premises considered, FTC request this Court enter an Order as follows:

i.  Order the Debtors to pay all pre-petition real estate and tangible personal property taxes in accordance with Florida state law, and to proceed under Florida state law in regard to the administration and the contest, if any, of such taxes.

ii.  Order the creation and maintenance of a segregated, interest-bearing account in sufficient amount to ensure payment in full of outstanding ad valorem taxes for both real estate and tangible personal property due FTC, including sufficient reserves to ensure payment of attorneys' fees, pursuant to Florida Statutes, Section 197.332; the account to include taxes due from all stores in which there are outstanding tangible personal property or real estate ad valorem taxes.

iii.  Order the Debtors, the liquidating agent and any other parties to ensure direct and prompt compliance with the notification/transfer procedures relating to the respective County's occupational license procedures administered by the various Tax Collectors as appropriate. And

iv.  Order such other relief as the Court deems proper.

Respectfully submitted,

Florida Tax Collectors

By: /s/ Brian T. FitzGerald
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the *Florida Tax Collectors' Objection to Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* has been furnished by *Notice of Electronic Filing* this 20 day of July, 2005 to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); and John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com).

_____
Brian T. FitzGerald, Esq.