UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |

**FLORIDA TAX COLLECTORS' OBJECTION TO DEBTORS' AMENDED MOTION FOR AN ORDER (A) AUTHORIZING AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS AND EXEMPT FROM STAMP OR SIMILAR TAXES THROUGH STORE CLOSING SALES IN ACCORDANCE WITH ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF**

The Tax Collectors for the following Florida counties: Alachua, Brevard, Broward, Citrus, Collier, Duval, Hillsborough, Lake, Lee, Manatee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Sarasota, Seminole, St. Lucie, and Volusia, hereinafter referred to as Florida Tax Collectors ("FTC"), hereby file this objection to *Debtors' Amended Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens and Exempt from Stamp or Similar Taxes Through Store Closing Sales in Accordance With Attached Guidelines and (C) Granting Related Relief* [Docket No. 2227] ("The Amended Motion") based on the following:

SUMMARY OF ISSUES AND RELIEF REQUESTED

1. The relief requested within the Debtors' Amended Motion authorizes the liquidating agent to essentially dispose of FTC's collateral and pay the "Agent's Fee or FF&E Fees under the Agency Agreement". The Debtors may not sell the assets of secured creditors to pay administrative costs and fees, as liens remain through bankruptcy unaffected. There is no good business reason for the Court to provide for the use of FTC's collateral to pay third parties

without further evidentiary hearing relative to the reasonableness and necessity of the fees. The eventual disposition of all of the assets under the Agency Agreement is virtually a complete authorization to transfer the assets without any Court supervised assurance that tangible property taxes on the assets will be paid.

2.      FTC request that the Court order ad valorem real estate and tangible personal property taxes be paid at the closing of any type of transfer conducted by the liquidating agent and that the agent be ordered to comply with Florida state law and ensure payment of all taxes on all property disposed of within the business procedures or Agency Agreements outlined in the Amended Motion. These taxes are fully secured by a statutory lien pursuant to <u>Florida Statutes</u>, Sections 197.122(1) and 192.053. The Debtors, either through oversight or difference of legal opinion, fail to recognize this first lien.

3.      In addition, FTC also request the Debtors be ordered to ensure all appropriate paperwork and fees relative to occupational licenses are timely filed and paid as stores are either sold or closed.

### Factual Summary

4.      FTC is responsible for collecting ad valorem taxes assessed against both real estate and tangible personal property within the State of Florida. In these cases, the Debtors maintain stores, warehouses and offices throughout the State. The real estate and tangible personal property assessed includes both owned property and property that is leased by the Debtors. The Debtors file sworn tangible personal property tax returns annually with Florida property appraisers identifying both owned and leased property.

5.      In addition to tax responsibilities, FTC is responsible for issuing and administering occupational licenses and processing any transfers thereof. These actions are

ministerial and involve *de minimus* fees, yet are important in ensuring the continued accuracy of county records.

6. Generally, with possible minor exceptions, the Debtors have paid all ad valorem real estate and tangible personal property taxes and occupational license fees. The 2005 taxes and fees become due this fall.

7. The following is a summary list of counties, stores and estimated tangible personal property taxes that will be affected by the Amended Motion (this summary list does not include estimated real estate taxes for these stores).

| County | Address | City | Estimated 2005 Taxes | Total For County |
|---|---|---|---|---|
| Alachua | 3503 Archer Road | Gainesville | 8,653.28 | |
|  | 7303 NW 4th Blvd | Gainesville | 9,444.97 | **18,098.25** |
| Brevard | 624 Barnes Blvd. | Rockledge | 8,782.14 | |
|  | 1270-39 Wickham Road | Melbourne | 13,698.46 | **22,480.60** |
| Broward | 10635 W Atlantic Blvd | Coral Springs | 10,040.58 | |
|  | 18455 Pines Blvd | Pembroke Pines | 17,927.86 | |
|  | 4650 University Drive | Coral Springs | 18,034.23 | |
|  | 4301 Hillsboro Blvd | Coconut Creek | 13,188.22 | **59,190.89** |
| Citrus | 2675 E Gulf to Lake Hwy | Inverness | 12,824.75 | **12,824.75** |
| Collier | 4929 Rattlesnake Hammock Rd | Naples | 8,792.96 | |
|  | 5010 Airport Rd North | Naples | 9,698.37 | **18,491.33** |
| Duval | 934 Dunn Avenue | Jacksonville | 8,084.94 | **8,084.94** |
| Hillsborough | 1402 W Kennedy Blvd | Tampa | 9,316.83 | |
|  | 1945 W Lumsden | Brandon | 20,572.11 | |
|  | 5715 Gunn Hwy | Tampa | 9,701.14 | |
|  | 8702 Hunters Lake Drive | Tampa | 11,813.80 | |
|  | 1971 SR 60 | Valrico | 11,076.01 | |
|  | 3236 Lithia Pinecrest Rd | Valrico | 11,648.52 | **74,128.41** |
| Lake | 18840 New US Hwy 441 | Mt. Dora | 9,552.07 | **9,552.07** |

3

| County | Address | City | Amount | Total |
|---|---|---|---|---|
| Lee | 18011 S Tamiami Trail | Ft. Myers | 16,392.74 | **16,392.74** |
| Manatee | 1800 US 301 North | Palmetto | 25,783.72 | **25,783.72** |
| Orange | 4008 Winter Garden Vineland Rd | Winter Garden | 20,161.99 | |
| | 12351 S Orange Blossom Trail | Orlando | 8,040.40 | |
| | 155 S Orange Avenue | Maitland | 4,037.70 | |
| | 4161 Town Center Blvd | Orlando | 12,012.68 | **44,252.77** |
| Osceola | 4058 13th Street | St Cloud | 9,074.59 | **9,074.59** |
| Palm Beach | 19595 State Road 7 | Boca Raton | 3,558.17 | |
| | 6901 W Okeechobee Blvd | West Palm Beach | 16,522.68 | |
| | 11241 US Hwy 1 | North Palm Beach | 24,645.86 | |
| | 4645-B Gun Club Road | West Palm Beach | 5,708.38 | |
| | 23072 Sandalfoot Plaza Drive | Boca Raton | 4,529.49 | **54,964.58** |
| Pasco | 5351 Village Market | Wesley Chapel | 9,093.16 | |
| | 8615 Little Road | New Port Richey | 9,559.83 | **18,652.99** |
| Pinellas | 2514 McMullen Booth | Clearwater | 21,313.25 | |
| | 850 3rd Avenue S. | St. Petersburg | 11,773.55 | |
| | 3705 Tampa Road | Oldsmar | 11,353.10 | **44,439.90** |
| St. Lucie | 10330 S. Federal Hwy | Port St. Lucie | 17,194.39 | **17,194.39** |
| Sarasota | 425 S. Indiana Avenue | Englewood | 6,675.11 | **6,675.11** |
| Seminole | 3053 Aloma Avenue | Oviedo | 18,121.10 | |
| | 4195 Lake Mary Blvd. W. | Lake Mary | 13,296.03 | |
| | 1074 Montgomery Road | Altamonte Springs | 13,243.67 | |
| | 5465 Lake Howell Road | Winter Park | 6,031.37 | **50,692.17** |
| Volusia | 1415 S. Nova Road | Daytona Beach | 18,535.99 | **18,535.99** |

**Total Tangible Personal Property Taxes For All Counties    $529,510.19**

PROCEDURAL SUMMARY

8.  Among its "First-Day Orders," the Court issued its *Interim Order Authorizing Debtors to Pay Pre-Petition Taxes and Other Ordinary Course Governmental Obligations* [Docket No. 47] granting the Debtors the authority to pay pre-petition real estate and tangible personal property taxes. However, this Order, although authorizing payment, did not direct

4

payment of these governmental obligations and provided that the Order be entered without prejudice and subject to any limitations contained within cash collateral or post-petition financing documents or orders. The Debtors represented in paragraph 31 of their *Motion for Authority to Pay Pre-Petition Taxes and Other Ordinary Course Governmental Obligations* [Docket No. 18] that "The focus of these cases should be on restructuring the Debtors' operations. The payment of the Governmental Obligations is insignificant by comparison, and will have a negligible effect on the recoveries of the major creditors in these cases, particularly in view of the priority or secured status of a significant portion of the Governmental Obligations." FTC agree with the Debtors' assessment and request the Court to clarify the proposed Order submitted by the Debtors to ensure payment of the taxes in accordance with the Debtors' proposed closing statements submitted to the Court with the Debtors' previously filed Motion to Sell Free and Clear of Liens [Docket No. 1961]. However, no such indication relative to pro-ration or payment of property taxes is included within the proposed business procedures to be utilized by the liquidating agent pursuant to the Amended Motion. The summary of the Agency Agreement provides for a summary of taxes within the Final Reconciliation but there is no provision to ensure timely payment. There is also no provision indicating who, if anyone, will have the right to contest these property taxes and in what forum. It makes sense to clarify these issues now and avoid the unnecessary time and expense involved in resolving the issues at some later date as part of the disclosure statement, plan, and claim objections process before this Court. The administration and collection of property taxes under Florida law is a relatively simple matter that can be and should be resolved among the Debtors' in-house property tax personnel, Florida property appraisers and eventually FTC.

9.  The Debtors' proposed Order submitted with the Amended Motion provides for payment of the proceeds of sale to the DIP Lender in accordance with the terms of a Final Financing Order. FTC had no notice of the DIP financing, notwithstanding FTC's collective statutory first liens on the Debtors' tangible personal property and real estate. Fundamental due process issues exist relative to the Debtors' request for relief that purports to prime FTC liens.

### FACTUAL ISSUES OF CONCERN TO FLORIDA TAX COLLECTORS

A.  <u>First Issue</u>

10.  FTC request that the Court acknowledge FTC's statutory first lien on real estate and tangible personal property either owned or leased by Debtors, pursuant to <u>Florida Statutes</u>, Sections 197.122(1) and 192.053. The Debtors have a professional in-house property tax staff that is capable of tracking and accounting for the disposition of all property. The Amended Motion is unclear as to who will have this responsibility and authority during the liquidation process. Specifically, responsibility for payment of 2005 property taxes is the major concern of FTC.

B.  <u>Second Issue</u>

11.  The Amended Motion provides for alternative methods of disposition of various assets including tangible personal property. The eventual sale, abandonment or consolidation of the Debtors' tangible assets, both owned and leased, to new owners, landlords, lessors or to remaining operating locations is an aspect of the proposed sales that is not adequately addressed. Specifically, the relief requested by the Debtors provides carte blanche authority to transfer these tangible assets without any recognition of the statutory first lien of FTC. This type of disposition of the FTC collateral with no clarification relative to payment, contest or other administrative resolution of ad valorem tax issues will result in unnecessary time and expense in the form of

professional fees if disputes arise in the future. Clearly, the most efficient way to handle these issues is to provide for the payment/contest of the 2005 ad valorem taxes to proceed in accordance with Florida state law. The contest of these taxes, should any exist, involves Florida property appraisers and can be accomplished with the filing of a $15.00 petition to the Value Adjustment Board of each county. Authorization for payment of the taxes when due would allow the Debtors or any prospective purchaser(s) to pay the taxes with the benefit of the Florida statutory four percent (4%) discount, also saving the estate administrative time and expense. This is the same concern stated in FTC's response to the Debtors' Motion to Sell Free and Clear of Liens. FTC reasserts and re-alleges by incorporation and reference FTC's arguments as stated in that response.

### ARGUMENT AND AUTHORITIES

12. Property taxes fund basic services to local government including all county services, police, fire and, most importantly, schools. These services have all been provided to the Debtors throughout the pending bankruptcy. The Debtors' tax obligations should be paid as part of and simultaneously with each store closing as part of the authorized closing costs. The Debtors should not be allowed to cause further economic hardship on these affected communities by avoidance and/or reduction in payment of these property taxes. The Debtors clearly recognize the efficiency of estate administration by providing for the payment of these pre-petition taxes, and there is a plain, speedy and efficient remedy to resolve tax disputes within the State of Florida. The Tax Injunction Act (28 U.S.C. § 1341) reflects congressional intent that District Courts should not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where such a plain, speedy, efficient remedy exists.

13. Attaching liens to sale proceeds is insufficient to ensure adequate protection to FTC. The 2005 tax assessments are currently subject to review and approval by the respective Florida property appraisers in each county and by the Florida Department of Revenue. The proposed disposition of FTC collateral pursuant to the Amended Motion by way of the liquidating agent will be more efficiently accomplished with a clear provision authorizing and directing payment of the ad valorem taxes without further Court order.

14. The inherent power to tax its citizens and fund its government is a fundamental power guaranteed to each state pursuant to the Tenth Amendment of the United States Constitution. Resourceful estate administration recognizes the unique efficiency of local tax administration and collection along with the plain and speedy remedies of Florida state law. Taxpayers are afforded the opportunity to resolve contested issues without the need and expense of professionals working at exhorbitant rates or contingent fees. Timely resolution of tax issues also ensures that taxpayers may take advantage of the four percent (4%) statutory discount for early payment.

### RELIEF REQUESTED

15. Adequate protection in the form of an order directing payment of the 2005 property taxes in accordance with state law is needed. Simply providing for payment to the liquidating agency and the balance of the proceeds to be paid to the DIP Lenders is improper. The Court should not allow FTC's collateral to be sold and used to pay administrative fees and junior lien holders without first paying FTC's property taxes. Efficient estate administration is best served if the Court ensures the compliance with state property tax laws during the liquidation of these Debtors' estates.

16. In addition to the application of Florida state law, FTC also request the suspension of the claims bar date for any Florida ad valorem property taxes until further order of this Court. This only makes sense given the nature of Florida property tax law which provides for the collection of taxes in arrears. The Debtors will be receiving their 2005 "TRIM" (Truth in Millage) notices from Florida property appraisers in August of this year and will have an opportunity to contest/clarify valuation issues with the various property appraisers within the Value Adjustment Board process referenced above. FTC seek to work closely with the Debtors and the Debtors' property tax staff, however, all attempts to begin the process of a joint, cooperative, efficient procedure have to this point failed.

17. Wherefore, premises considered, FTC request this Court enter an Order as follows:

    i. Order the liquidating agent to pay all pre-petition real estate and tangible personal property taxes in accordance with Florida state law, and to proceed under Florida state law, and to proceed under Florida state law in regard to the administration and the contest, if any, of such taxes.

    ii. Order the creation and maintenance of a segregated, interest-bearing account in sufficient amount to ensure payment, in full, of outstanding ad valorem taxes for both real estate and tangible personal property due FTC, including sufficient reserves to ensure payment of attorneys' fees, pursuant to <u>Florida Statutes</u>, Section 197.332; the account to include taxes due from <u>all</u> stores in which there are outstanding tangible personal property or real estate ad valorem taxes.

    iii. Order the Debtors, the liquidating agent and any other parties to ensure direct and prompt compliance with the notification/transfer procedures relating to the respective

County's occupational license procedures administered by the various Tax Collectors as appropriate. And

    iv.    Order such other relief as the Court deems proper.

Respectfully submitted,

Florida Tax Collectors

By: /s/ Brian T. FitzGerald
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the *Florida Tax Collectors' Objection to Debtors' Amended Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens and Exempt from Stamp or Similar Taxes Through Store Closing Sales in Accordance With Attached Guidelines and (C) Granting Related Relief* has been furnished by *Notice of Electronic Filing* this 20 day of July, 2005, to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); and John B. MacDonald, Akerman Senterfitt, 50

North Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com).

_____
Brian T. FitzGerald, Esq.