# UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

IN RE:

**WINN-DIXIE STORES, INC., et al.**

_____ **Debtors** .

**Case No. 05-03817-3F1**
**(Jointly Administered)**

**Chapter 11**

## OBJECTION OF BENNETT M. LIFTER TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS, AND (C) GRANTING RELATED RELIEF

Bennett M. Lifter, as Trustee of the Waikiki Partnership of the Daniel and Helene Lifter Trust Funds[1] ("Lifter"), by its undersigned counsel, hereby submits this objection (the "Objection") to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Motion"), and in support hereof, Lifter respectfully states as follows:

### BACKGROUND

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

2. On or about April 13, 2005, the New York Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida.

3. The Debtors' cases are being jointly administered.

---

[1] Lifter has an address of: 17760 NW 2nd Ave, Suite 200, Miami, FL 33169.

4.  Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.  Pursuant to the Motion, the Debtors seek orders of this Court authorizing them to assume, assign and sell their leases and subleases for 326 "Targeted Stores" (as defined in the Motion) free and clear of all liens, claims and encumbrances and exempt from taxes.  The Debtors propose to sell some of the Targeted Stores to certain identified "Stalking Horse Enterprise Bidders" (as defined in the Motion), and all other Targeted Stores to unknown potential bidders or successful "Enterprises Purchasers" (as defined in the Motion), all subject to higher and better offers.

6.  The auction was scheduled for July 18 and 19, 2005.

7.  Lifter is the landlord under a lease agreement dated the 19th day of February, 2005, ("Lifter's Lease") of Targeted Store #2051 located at 742 West Highway 27, Lincolnton, North Carolina, 28092-8020 ("Targeted Store #2051").

8.  Lifter's Lease is for a Targeted Store located in a shopping center within the meaning of § 365(b)(3) of the Bankruptcy Code.

### SUMMARY OF OBJECTION

9.  Lifter objects to the Motion for the following reasons: (i) because the successful bidders for leases of the Targeted Stores will not be known until after the conclusion of the auction, the Debtors have not identified the prospective assignee of Lifter's Lease or provide adequate assurance of future performance by such prospective assignee prior to the deadline for filing this Objection, and therefore Lifter preserves its right to review and approve any prospective assignee and to require proof of such adequate assurance once the successful bidder of Lifter's Lease is determined; and (ii) Targeted Store #2051 is located in a shopping center and

therefore, Lifter preserves its right to seek the additional adequate protection to which it is entitled under the Bankruptcy Code.

## LEGAL ARGUMENT

10.  Section 365(f)(2) of the Bankruptcy Code requires that a debtor may assign an unexpired lease *only if* the debtor assumes the lease in accordance with the Bankruptcy Code *and adequate assurance of future performance by the assignee* of such contract or lease is provided, whether or not there has been a default in such contract or lease. 11 U.S.C. § 365(f)(2)(A) and (B).

11.  Further, Section 365(b)(3) of the Bankruptcy Code provides that:

> (f)or purposes of . . . paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance
> —
> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that *the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease*;
> (B) that any percentage rent due under such lease will not decline substantially;
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) *provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center*; and
> (D) that assumption or assignment of such lease *will not disrupt any tenant mix or balance in such shopping center*

11 U.S.C. § 365(b)(3) (emphasis added). *See also In re Grudoski*, 33 B.R. 154 (Bankr. D. Haw. 1983) (court would not require landlord to consent to assignment of lease where assignee failed to provide adequate financial statement and guarantee by responsible officer).

12.  With respect to Targeted Store #2051, the Debtors have only disclosed the identity of the Stalking Horse Enterprise Bidders.  However, neither the Debtors nor the Stalking Horse

Enterprise Bidders have provided Lifter with sufficient evidence of adequate assurance of future performance by such bidders or sufficient time to review the limited information that Lifter has received.

13. Moreover, all bids, including those of the Stalking Horse Enterprise Bidders, are subject to higher or better offers. The Debtors have not disclosed the names of other potential bidders at the auction. Accordingly, the Debtors (or their assignees) have failed to meet their burden of providing Lifter with adequate assurance of future performance by the assignee of Lifter's Lease for Targeted Store #2051; and Lifter requires proof of such adequate assurance as required by § 365(f)(2) of the Bankruptcy Code.

14. Lifter preserves its right to evaluate the successful purchaser and to object, if necessary, to the assignment of Lifter's Lease to any particular purchaser based on a failure to provide adequate assurance of future performance.

15. Lifter reserves and preserves its right to require additional adequate protection to which it is entitled under the Bankruptcy Code as a condition precedent to the assignment of Lifter's Lease of Targeted Store #2051, located in a shopping center.

16. Further, because the date of any potential assignment is not yet certain and because of the limited amount of time provided to respond to the Motion, Lifter reserves and preserves its right to supplement this objection.

17. Without limiting the foregoing objections, Lifter objects to the Debtors' proposed unreasonably short time deadlines which do not provide a fair and reasonable opportunity for landlords or their assignees, including Lifter, to review information concerning prospective tenants/purchasers or adequate assurance of future performance.

WHEREFORE, for the foregoing reasons, Lifter respectfully requests that this Court (a) as a condition for any order granting the Motion, require the Debtors to provide Lifter with

4

adequate assurance of future performance of Lifter's Lease including the name of the successful

bidder and financial statements and other financial information of such bidder demonstrating

such adequate assurance to Lifter's satisfaction and to the extent applicable, provide the adequate

protection required pursuant to 11 U.S.C. § 365(b)(3); and (b) grant such further and additional

relief as is just and proper.

Dated: July 20, 2005.


By: */s/ Marisol Morales*
    Marisol Morales, Esquire
    Florida Bar No. 0147478
    mmorales@fcllaw.com
    BEN-EZRA & KATZ, P.A.
    951 NW 167th Street, Suite 204
    North Miami Beach, FL 33162
    Telephone: (305) 770-4100
    Facsimile: (305) 653-2329


Co-Counsel for Bennett M. Lifter, as Trustee
of the Waikiki Partnership of the Daniel
and Helene Lifter Trust Funds

By: */s/ Daniel D. Ganter, Jr.*
    Daniel D. Ganter, Jr., Esquire
    Minnesota Bar No. 167277
    dganter@bgslaw.com
    Elizabeth M. Stuva, Esquire
    Minnesota Bar No. 0330929
    BARNA, GUZY & STEFFEN, LTD.
    400 Northtown Financial Plaza
    200 Coon Rapids Blvd NW
    Minneapolis, MN 55433
    Telephone: (763) 780-8500
    Facsimile: (763) 780-1777


Co-Counsel for Bennett M. Lifter, as
Trustee of the Waikiki Partnership of the
Daniel and Helene Lifter Trust Funds

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 20, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants:

D.J. Baker, Esquire
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

United States Trustee
135 W. Central Blvd.
Suite 620
Orlando, FL 32801

Cynthia C. Jackson, Esquire
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

Dennis F. Dunne, Esquire
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

By: */s/ Daniel D. Ganter, Jr.*
    Daniel D. Ganter, Jr., Esquire
    Minnesota Bar No. 167277
    dganter@bgslaw.com
    BARNA, GUZY & STEFFEN, LTD.
    400 Northtown Financial Plaza
    200 Coon Rapids Blvd NW
    Minneapolis, MN 55433
    Telephone: (763) 780-8500
    Facsimile: (763) 780-1777

    Co-Counsel for Bennett M. Lifter, as
    Trustee of the Waikiki Partnership of the
    Daniel and Helene Lifter Trust Funds

291241(v2)