UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,          Case No. 3:05-bk-03817-3F1
                                                             Chapter 11 (Jointly Administered)

              Debtors.

_____/

**LIMITED OBJECTION OF CATAMOUNT ROCKINGHAM, LLC
AND JOHN H. O. LA GATTA TO PROPOSED CURE AMOUNTS IN DEBTORS'
MOTION FOR ORDER (A) AUTHORIZING SALE OF ASSETS FREE AND CLEAR OF
LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASES AND
CONTRACTS AND (C) GRANTING RELATED RELIEF**

Catamount Rockingham, LLC, as the ultimate assignee of John H. O. La Gatta (collectively, "La Gatta"), as lessor of the premises identified as Store Number 2045 located in Rockingham, North Carolina (the "Premises"), files this limited objection to the cure amounts contained in the Motion for Order (A) Authorizing Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Sale Motion") filed herein by the debtors and debtors-in-possession, Winn-Dixie Stores, Inc., *et al*. (collectively, the "Debtor"). In support of its limited objection, La Gatta shows as follows:

      1.     As provided in ¶¶ 14 and 35 of the Sale Motion and as required by § 365 of the Bankruptcy Code, the Debtor is obligated to cure all defaults in order to assume a lease. The Debtor has provided in Exhibit F to the Sale Motion that the cure amount necessary to remedy all defaults under that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain Second January 6, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between Winn-Dixie

1

Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("Debtor") and Catamount Rockingham, LLC, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("La Gatta"), for the Premises is $0.00. However, for the reasons set forth below, this amount is inaccurate.

   2. Additional monetary amounts that are due and owing but which are not reflected in Exhibit F to the Sale Motion are amounts owed under the Lease for any taxes wherever or however assessed against the Premises, whether real estate, ad valorem or otherwise. La Gatta is informed and believes that the 2005 Richmond County real estate taxes in the amount of $9,817.25, and the City of Rockingham's taxes in the amount of $6,041.39, will be mailed in a few weeks, payment of which is due on or before January 6, 2006. These amounts also are due and owing by the Debtor as cure amounts but are not included or referenced in Exhibit F to the Sale Motion.

   3. Further monetary amounts that are due and owing but which are not reflected in Exhibit F to the Sale Motion are amounts owed under the Lease for Debtor's gross sales in the Premises (as defined in the Lease, "Percentage Rent"). Specifically, Debtor is obligated to pay La Gatta as Percentage Rent an amount equal to the amount, if any, by which 1% of all gross sales made by Debtor at the Premises during Debtor's fiscal year exceeds the Basic Rent reserved under the Lease. La Gatta does not know and has not been provided with information as to what the Debtors' fiscal year 2004 or fiscal year 2005 gross sales were at the Premises, therefore La Gatta is unable to quantify this amount at this time. However, these amounts also are due and owing by the Debtor as cure amounts but are not included or referenced in Exhibit F to the Sale Motion.

4. In addition to the foregoing monetary defaults, Debtor is in default under the Lease for failure to make repairs and perform maintenance obligations at the Premises. However, at this point, neither La Gatta nor the Debtor has agreed on what actions are required to cure these defaults, nor have the parties quantified the cost to make all repairs. Because the Sale Motion fails to include the Debtors' cure obligations with respect to these repair and maintenance obligations, the same should not be granted based on the cure amounts currently provided in Exhibit F for defaults under the Lease.

5. Debtor also is required by the Lease to maintain policies of insurance pursuant to which La Gatta is named an additional insured, and to not cancel such insurance without prior written notice to La Gatta.

6. Accordingly, La Gatta files its objection to the Sale Motion that is limited in scope to dispute the cure amount proposed by the Debtor on Exhibit F of the Sale Motion as being inaccurate and incomplete in failing to include and provide for cure of the defaults listed above.

WHEREFORE, La Gatta respectfully requests that the Court modify the cure amount applicable to the Lease as set forth above, and grant such other relief as is just.

Dated: July 20, 2005                              Respectfully submitted,

  /s/ C. Daniel Motsinger
C. Daniel Motsinger
Florida Bar No.: 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for Catamount Rockingham, LLC
and John H. O. La Gatta

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on July 20, 2005, as indicated below:

                                                          __/s/ C. Daniel Motsinger_____
                                                          C. Daniel Motsinger

| | |
|---|---|
| Adam Ravin | Dennis F. Dunne |
| Skadden Arps Slate Meagher & Flom, LLP | Milbank Tweed & Hadley |
| Four Times Square | 1 Chase Manhattan Plaza |
| New York, NY 10036 | New York, NY 10005 |
| | |
| Elana L. Escamilla | John B. McDonald |
| Office of United States Trustee | Akerman Senterfitt |
| 135 W. Central Boulevard, Suite 620 | 50 N. Laura Street, Suite 2500 |
| Orlando, FL 32806 | Jacksonville, FL 32202 |
| | |
| Cynthia C. Jackson | |
| Smith, Hulsey & Busey | |
| 225 Water Street, Suite 1800 | |
| Jacksonville, FL 32201 | |

KD_IM-627441_2.DOC