MEMO

F I L E D
JACKSONVILLE, FLORIDA

JUL 2 0 2005

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

RECEIVED
CLERK, U.S. BANKRUPTCY COURT

JUL 2 0 2005

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DATE : July 14TH 2005

FROM : David Timmons

TO : BANKRUPTCY CLERK

IN RE: THE SERVING OF MOTION TO All PARTIES

DEAR CLERK,

I HAVE SERVE All PARTIES TO THIS ACTION WITH PROOF/CLAIM. ENCLOSED IS A COPY OF THE SERVE.

SINCERELY
David Timmons

PROVIDED TO HAMILTON C.I. ON
7-15-05   FOR MAILING

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

David Timmons
    Plaintiff

        Case No. ■:05-bk-03817-JAF
        District Court: 05-1163
        Lower Court: 04-19601CACE(12)

    Vs.

Winn Dixie Store, Inc.
    Defendant
_____/

FILED
JACKSONVILLE, FLORIDA
JUL 2 0 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## Motion for Relief from Stay

Come Now, the Plaintiff David Timmons, Pro Se, Pursuant to Bankruptcy Rule

4001, Move this Honorable Court to relief this Cause from stay; In Support

THEREOF The Plaintiff would state the following:

(1)  Plaintiff files a Personal Injury Complaint against the Defendant on November

    17, 2004

(2)  On or about February 21, 2005, The Defendant filed Bankruptcy in this Court

    Causing an automatic stay

(3)  As a result of the defendant negligent, there is serious bodily harm, loss of wage,

    Deprivation of livelihood, and undue hardship

(4)  Plaintiff seeks a disparate need to pursue his claim and regain some livelihood

(5)  Plaintiff has no equity in the defendant disputed property

(6)  Plaintiff is only seeking judgment from the insurance proceed and not from the

    Defendant directly

(7)  The insurance proceeds would not be available for distribution to other creditors in

    The process

(8) Plaintiff would assure the Court that if the stay is lifted, there would be no harm to

The Bankruptcy Estate or its Creditor's.

WHEREFORE, the Plaintiff Pray that this Honorable Court would consider the Plaintiff

Position in this Cause and issuer an order to lift the stay so liberty and justice may be

served.

Respectfully Submitted

*David Timmons*

David Timmons Pro se

## OATH

Pursuant to 28 U.S.C. sec. 1746, I declare under penalty of perjury that the Foregoing

Motion for relief from stay is true and correct.

*David Timmons*

David Timmons/Pro se

## Certificate of Service

I David Timmons, the Plaintiff do HEREBY Certify that a true and correct copy of the

Foregoing Motion has been serve to: WINN-DIXIE STORE, INC., (DEBTOR) 5050

EdgeWood Ct. Jacksonville, Fl. 32254-3699 , Adam Ravin, Attorney for Debtor-Skadden

Arps Slate Meagher + Flom LLP, Four Times Square New York, NY 10036 , Cynthia C.

Jackson, Attorney for Debtor, Smith Hulsey + Busey 225 Water St. Suite 1800

Jacksonville, Fl 32201 , Elena L. Escamilla 135 W. Central Blvd, Ste 620 Orlando,

Fla. 32806. , Dennis F. Dunne Official Commitee of Unsecured Creditors of

Winn Dixie Stores, Inc., et al, Milbank, Tweed, Hadley + Mc Cloy LLP 1 Chase

Manhattan Plaza New York, NY 1005 , And , John B. Macdonald - Akerman Senterfitt

Offical Commitee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al, 50 N.

Laura St. Suite 2500 Jacksonville, Fl. 32202 And, U.S. Bankruptcy Court, Middle District

of Florida P.O. Box 53558 Jacksonville Fl. 32201, on This 14TH day of July 2005 by U.S.

Mail.