## FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT

**THIS FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT** is made effective as of July 19, 2005 (the "Amendment Date"), by and among

**WINN-DIXIE MONTGOMERY, INC.,** a Florida corporation and **WINN-DIXIE RALEIGH, INC.,** a Florida corporation (collectively, the "Seller"), and

**THE BUYERS,** as listed on Schedule 1 attached to the Agreement (as hereinafter defined) and signatory hereto or their permitted assignees pursuant to paragraph 17.5 of the Agreement (each, a "Buyer"; collectively, the "Buyers")

### R E C I T A L S:

A.    Seller and Buyers are parties to a certain Asset Purchase Agreement dated June 30, 2005 (the "Agreement").

B.    Subject to the provisions of this Amendment, the Agreement has been selected by Seller as the Successful Bid and is to be submitted to the Bankruptcy Court at the Approval Hearing.

C.    Seller and Buyers desire to amend the Agreement to reflect the terms on which Seller proposes to sell the Assets to Buyers, subject to the conditions contained in the Agreement.

**IN CONSIDERATION OF $10.00 AND OTHER GOOD AND VALUABLE CONSIDERATION AND OF THE MUTUAL UNDERTAKINGS** of the parties hereto, it is agreed as follows:

1.0    **Defined Terms.**  Capitalized terms used in this Amendment and not defined herein will have the meanings given to them in the Agreement.

2.0    **Amendments to Agreement.**  The Agreement is hereby amended as provided in Exhibit A to this Amendment.

3.0    **Expiration of Contingencies.**  Seller and Buyer hereby acknowledge and agree that the Investigation Period and the Negotiation Period have expired prior to the Amendment Date.

4.0    **Miscellaneous.**

4.1    Authority.  Seller represents and warrants that this Amendment has, subject to the requirement of Bankruptcy Court Approval, been duly authorized by all required corporate action on behalf of Seller.  Each Buyer represents and warrants that this Amendment has been duly authorized by all required corporate action on behalf of such Buyer.

4.2    <u>Successors and Assigns</u>.    This Amendment will be binding upon, and inure to the benefit of, the parties hereto and their respective successors, and permitted assigns.

4.3    <u>Governing Law</u>.    The application and effect of this Amendment will be governed by the laws of the State of Florida.

4.4    <u>Time is of the Essence</u>.  Time is of the essence of this Amendment.

4.5    <u>Ratification of Agreement</u>.    Except as herein expressly modified or amended, all terms and conditions of the Agreement remain in full force and effect and Seller and Buyers hereby ratify and confirm the Agreement, as modified and amended hereby.

[Signature page follows]

**IN WITNESS WHEREOF**, the parties hereto have executed this Amendment as of the Amendment Date.

**SELLER:**

**SELLER:**

**WINN-DIXIE MONTGOMERY, INC.,** a Florida corporation

By:_____

   Name:_____

   Title: Vice President

**SELLER:**

**WINN-DIXIE RALEIGH, INC.,** a Florida corporation

By:_____

   Name:_____

   Title: Vice President

**BUYERS:**

**ALL AMERICAN QUALITY FOODS, INC.**

By: _____

    Name: _____

    Title: _____

**CHANDLER'S JKE, INC.**

By:_____

   Name:_____

   Title: _____

**CHANDLER'S OF WEIR, INC.**

By:_____
   Name:_____
   Title: _____

**KAYE FOOD COMPANIES, LLC**

By:_____

   Name:_____

   Title: _____

**PREMIER FOODS, INC.**

By:_____

    Name:_____

    Title: _____

**RAMEY ENTERPRISES, INC.**

By:_____

    Name:_____

    Title: _____

**SOUTHEAST FOODS, INC.**

By:_____
    Name:_____
    Title: _____

**WAYFIELD FOODS, INC.**

By:_____
    Name:_____
    Title: _____

**EXHIBIT A**
**TO FIRST AMENDMENT TO ASSET PURCHASE AGREEMENT**
**(Supervalu)**

Amendments to the Agreement

- The term "Stores" is redefined to exclude the Store[s] designated as Seller's store[s] no. 1305, 1346, 2627, 2702, 2704, 2705, 2709, 2711, 2713, 2714, 2715, 2716, 2719, 2723, 2724, 2728, 2729, 2734, 2737, and the Assets to be conveyed to Buyer at the Closing shall not include Assets relating to such excluded Stores. All references to such excluded Store[s] in Schedule 1 and Exhibits A-1, A-2, and E to the Agreement and in the Side Letter referenced in Exhibit E to the Agreement, and all corresponding descriptions and dollar amounts, and all other references to such excluded Stores[s], in the Agreement and such Side Letter, are deleted, and any aggregate totals of the amounts of Base Purchase Price, Inventory Deposit and Total Deposit contained in such Side Letter shall be calculated after giving effect to such deletions.

- The Base Purchase Price specified in paragraph 3.1 of the Agreement is modified and shall be Five Million Seventy-Two Thousand One Hundred Forty Three and no/100 Dollars ($5,072,143.00).

- The aggregate amount of the Base Deposit specified in paragraph 3.2 of the Agreement and set forth in the Allocation Schedule is modified to and shall be $507,214.30.

- On or about the Amendment Date, Kaye Food Companies, LLC (one of the Buyers under the Agreement) transferred and assigned to Premier Food, Inc. (another of the Buyers under the Agreement) its right, title and interest in and to the Agreement, including without limitation the Deposit of $10,740, with respect to that certain fuel center known as Store no.1374 (located at East Broadway Street in Yazoo City, Mississippi) and Premier Food, Inc. has assumed the obligations of Buyer thereunder with respect to Store no. 1374.