UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          )
                                                )     Case No. 3-05-bk-3817
WINN-DIXIE STORES, INC., et al.,                )     Chapter 11
                                                )     Jointly Administered
        Debtors.                                )

LIMITED OBJECTION BY THE TENNESSEE ATTORNEY GENERAL TO MOTION
FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING
AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE
DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS
THROUGH STORE CLOSING SALES IN ACCORDANCE WITH
ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF

The Tennessee Attorney General, Paul G. Summers, through undersigned counsel, on behalf of the Tennessee Department of Commerce and Insurance - Division of Consumer Affairs (the "Department"), hereby files this Objection to the Debtors' Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Related Relief (Document No. 1968) (the "Motion")[1]. In response to the Motion, the Department states as follows:

---

[1] On July 15, 2005, Debtors filed an Amended Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens and Exempt From Stamp or Similar Taxes Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Related Relief (Document No. 2227) (the "Amended Motion"). The Amended Motion was received in the Tennessee Attorney General's Office on July 19, 2005, one day before objections were due. For purposes of this document, the term "Motion" shall refer to both the original Motion and the Amended Motion. *See infra*, paragraph 7.

1.      With the filing of this Objection, the Department does not object to Debtors' plan to close certain targeted stores within Tennessee, nor does it dispute the Debtors' assertions that the closing of the targeted stores will provide maximum benefit for the bankruptcy estate. Rather, the Department objects to the requested relief to the extent that the Motion, Agency Agreement, and attached Store Closing Guidelines propose to authorize the Debtors and/or the Liquidating Agents to conduct store closing sales without heeding state consumer protection laws, and to the extent that the Motion, Agency Agreement, and Guidelines propose to immunize the Debtors and/or the Liquidating Agents from any damages or restitutions caused by violations of state consumer protection laws.

2.      In the Motion, Debtors concede that they and their agents are bound to comply with state and local laws of general applicability (the "General Laws") and laws concerning public health and safety (the "Safety Laws").  Nevertheless, the Debtors plainly seek authorization to exempt themselves and their agents from any state or local laws governing liquidation or "going-out-of-business" sales.

3.      Tennessee has consumer protection statutes that apply to all "going out of business" sales, regardless of whether the retailer is in bankruptcy or not.  *See* Tenn. Code Ann. § 47-18-101 *et seq.* (2001).  Other than a bare assertion that the state laws will place "constraints on the Debtors' ability to marshal and maximize estate assets for the benefit of their respective creditors," the Debtors make no specific mention of *which* state laws will unduly burden the store closing sales.  Instead, Debtors propose to nullify with a broad brush all state and local laws governing liquidation or "going out of business" sales including, presumably, those enacted in Tennessee for the protection of consumers.

4.     The Debtors assert that 28 U.S.C. § 959(b) does not require them to obey local laws governing liquidation sales because they are not "managing and operating" estate property during a liquidation sale.  To the extent that the Debtors' proposal seeks to allow Debtors and their agents to augment the merchandise in the closing stores with property from other stores, *see* Agency Agreement, Section 5.1, this argument is irrelevant because, by augmenting merchandise in the closing stores, Debtors are not only liquidating estate property but are also trying to sell "slow-moving, obsolete inventory" from other stores.  *See* Agency Agreement, Section 5.1.  The courts have strictly limited the liquidating exception to § 959(b) to cases in which the debtor's business operations have *ceased* and it is merely liquidating assets or otherwise winding down the business.  *See In re N.P. Mining Co., Inc.*, 963 F.2d 1449, 1460 (11th Cir. 1992); *In re Vel Rey Properties, Inc.*, 174 B.R. 859, 862 (Bankr. D.D.C. 1994).  In this case, although Debtors have proposed to close certain targeted stores, they have not ceased business operations nor do they intend to.  Under these circumstances, the Department contends that the liquidation exception to § 959(b) does not apply.

5.     Debtors also assert that the Bankruptcy Code generally preempts state and local laws that conflict with it or its underlying policies, and they assert that state and local laws governing liquidation sales undermine the fundamental purpose of 11 U.S.C. § 363(b) and, consequently, are preempted.  The Debtors' assertion that § 363(b) expressly allows the preemption of state laws concerning consumer protection is without merit.  *See Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487, 493 (3rd Cir. 1997) (stating that neither § 363(b)(1) nor § 704(1) expressly permits the bankruptcy trustee to sell property in violation of state law transfer restrictions).  Rather, the Debtors have no additional rights under

the bankruptcy code to sell property in violation of state consumer protection laws than they did prior to filing their bankruptcy petition. *See id.* at 494. In the absence of specific Congressional intent to preempt state consumer protection laws governing "going out of business" sales in the Bankruptcy Code, the Department submits that Debtors should not be granted authorization to ignore general laws enacted for consumers' protection.

6. The Department objects to Debtors' proposed order to allow the store closing sales, particularly paragraph 13 which states, "No person or entity, including any lessor or federal, state or local agency may take any action to prevent, interfere with or otherwise hinder the Store Closing sales." Surely, such broad language restricting the State's ability to govern the manner in which store closing sales are conducted is not contemplated under the Bankruptcy Code, and it is highly debatable whether such broad injunctive relief is necessary for the Debtors to conduct the proposed store closing sales.

7. On July 19, 2005, one day before objections to the Motion were due, the Tennessee Attorney General's Office received by express mail an Amended Motion filed July 15, 2005 (Document No. 2227). Understandably, the Attorney General's Office has not had sufficient time to review the Amended Motion. To the extent that the Amended Motion addresses the subjects of the Department's concerns, the Department does not concede that its objections are mooted. To the contrary, the Department does not waive and expressly reserves its right to raise further objections to both the original Motion and the Amended Motion before this matter is heard and decided by the Court. While the Department recognizes that Debtors would prefer to commence the store closing sales as quickly as possible, they have provided no

commercial reason why it is necessary to have the store closing sales approved in an expedited manner, and it is not clear why these Motions were not filed sooner.

THEREFORE, the Department requests that the Court enter an Order denying the Motion and/or Amended Motion. In the alternative, the Department requests that if the Court should grant the Motion and/or Amended Motion, it include in its order a provision specifically stating that Debtors and their agents must comply with state and local laws concerning consumer protection. The Department does not waive and expressly reserves its right to raise other objections, both written and oral, to the Motion and/or Amended Motion before this matter is heard and decided by the Court.

Respectfully Submitted,

PAUL G. SUMMERS
Tennessee Attorney General

 /s/ Gill R. Geldreich
GILL R. GELDREICH (TN BPR 020775)
Assistant Attorney General
STUART WILSON-PATTON (FL BAR #0971405)
Senior Counsel
P.O. Box 20207
Nashville, TN 37202
(615) 532-2546
Fax: (615) 741-3334

Attorney for the Tennessee Department of Commerce and Insurance - Division of Consumer Affairs

CERTIFICATE OF SERVICE

      I hereby certify that on July 20, 2005, a true and correct copy of the foregoing document was placed in United States Mail, first class postage prepaid, addressed to the following parties:

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Elena L. Escamilla
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

    /s/ Gill R. Geldreich
    GILL R. GELDREICH