Hearing Date: August 4, 2005, 1:00 p.m.<br>
Objection Deadline: July 28, 2005, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,   Case No. 3:05-bk-03817-JAF
                                    Chapter 11 (Jointly Administered)
         Debtor.
_____/

### LIMITED OBJECTION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING (I) RETROACTIVE REJECTION OF REAL PROPERTY LEASES AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("La Gatta"), a party-in-interest in the above-captioned jointly-administered cases of Winn-Dixie Stores, Inc., et al. (collectively, "Debtor"), hereby files this limited objection to the Debtor's Motion for Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property (the "Motion"). In support of its limited objection, La Gatta says:

1. Debtor filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

2. Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 31, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between Winn-Dixie Montgomery, Inc. aka Winn-Dixie Atlanta, Inc. ("Debtor") and La Gatta for that certain realty Debtor refers to as Store #2712 at Monroe Drive and Virginia Avenue, Midtown

Shopping Center, Atlanta, Georgia (the "Premises"), La Gatta leased the Premises to Debtor.

3. La Gatta does not contest Debtor's ability to reject the Lease. However, La Gatta objects to Debtor's request, in its Motion, that the rejection be deemed effective as of the *earlier* of (a) the date upon which Debtor provided notice of the termination to La Gatta and tendered possession of the Premises to La Gatta, *or* (b) the date of the entry of an order approving the Lease's rejection. As Debtor apparently sent notice of its intention to reject the Lease to La Gatta on June 30, 2005, via overnight delivery, Debtor appears to be seeking an order that makes the Lease's rejection effective as of July 1, 2005, at the earliest. For the reasons set forth below, however, Debtor's request for retroactive relief is not consistent with the dictates of the Code or with prior decisions of this Court, and should be denied as to the Lease.

4. Section 365(d)(3) of the Code provides that:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(10) of this title.

11 U.S.C. §365(d)(3).

5. This Court previously has interpreted §365(d)(3) to require that a lessor of nonresidential real property have an administrative claim for rent due during the period between the petition date and the rejection of the lease. *In re Kirsch*, 242 B.R. 77, 79 (Bankr. M.D. Fla. 1999). *Accord*, *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 901 (Bankr. M.D. Fla. 1997).

6. In both *Kirsch* and *Florida Lifestyle*, this Court determined that the clear and unambiguous language of §365(d)(3) dictated a result which Congress intended: "Congress drafted Section 365(d)(3) to protect commercial landlords, not Debtor. This Court is not in a position to rewrite Section 365(d)(3) or invoke Section 105(a) in an effort to obtain a more equitable result when Section 365(d)(3) clearly mandates this decision." *Florida Lifestyle*, 221

B.R. at 901.

7. Here, Debtor seeks an order which rejects the Lease *retroactively* to the date upon which Debtor gave notice of its intent to vacate the Premises and terminate the Lease, i.e., approximately July 1, 2005. While courts generally give great latitude to a debtor's business judgments under §365, a debtor is not the ultimate arbiter of whether (or when) any lease will be rejected. Unless a debtor is waiting for the automatic rejection of an unexpired lease under §365(d)(4), the Code clearly requires notice to other parties in interest, a hearing, and court approval. Until a court unequivocally approves the rejection of a lease, both the debtor and the landlord are bound to perform.

8. If Debtor unilaterally can reject the Lease as of July 1, 2005, then this Court's approval of the rejection of the Lease is nothing more than a ministerial act. The Code says otherwise:

> The court order authorizing rejection of a lease would be meaningless if the effective date of rejection was the date the debtor gave unequivocal notice to reject the lease…In addition, the requirement of a court order or the passage of time insures the finality which a landlord would need prior to releasing the leased space…If the debtor is aggrieved by the delay resulting in obtaining a court order approving the rejection of a lease, the debtor should seek an expedited hearing to consider the lease rejection.

*Florida Lifestyle*, 221 B.R. at 900, *citations omitted*. *Accord*, *In re Worths Stores Corp.*, 130 B.R. 531, 533-34 (Bankr. E.D. Mo. 1991) and *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr. D.C. 1990).

9. There are decisions which have approved the retroactive rejection of leases to a date preceding the date of the court order; however, those courts have required that a debtor provide evidence of compelling circumstances in order to obtain this form of extraordinary relief. *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) ("in most cases a lease will be

considered rejected as of the date of entry of the order approving the rejection, and only in exceptional circumstances such as those presented here will the court adopt a retroactive date.")

10. Here, however, Debtor has shown no compelling circumstances for the retroactive rejection of the Lease. Debtor has not requested expedited relief from this Court in order to minimize the estates' exposure to La Gatta's administrative claim. La Gatta has not engaged in any inequitable conduct that seeks to delay the entry of an order rejecting the Lease. Debtor's only justification for this extraordinary relief is the implication that retroactive rejection will save the estates money. If that were the standard, then every rejection motion would include a request for retroactive application, and court approval would be essentially meaningless.

11. In addition, the Lease is one of what Debtor refers to in its Motion as the so-called "Dark Stores." Based upon Debtor's admissions in the Motion, Debtor has known since at least April, 2004, that it would not continue its retail operations at the Premises, yet despite this Debtor waited more than four (4) months into this bankruptcy case to request authority to reject the Lease. Debtor is responsible for the delay in seeking rejection of the Lease, not La Gatta, and La Gatta should not suffer the consequences of this delay.

12. As Debtor has shown no extraordinary circumstances that merit extraordinary relief, Debtor's request for retroactive rejection of the Lease should be denied.

-5-

WHEREFORE, La Gatta respectfully requests that the Court (1) determine that the rejection of the Lease should be effective, if at all, upon the date of the entry of an order authorizing such rejection, and (2) grant La Gatta all other relief just and proper.

Dated: July 21, 2005             Respectfully submitted,

                                                              /s/ C. Daniel Motsinger
C. Daniel Motsinger
Florida Bar No.: 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

-6-

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on July 21, 2005, as indicated below:

                     /s/ C. Daniel Motsinger
                     C. Daniel Motsinger

| | |
|---|---|
| Adam Ravin<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Dennis F. Dunne<br>Milbank Tweed & Hadley<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| Elana L. Escamilla<br>Office of United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL 32806 | John B. McDonald<br>Akerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 |
| Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 | |

KD_IM-627898_1.DOC