Hearing Date: July 29, 2005, 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                Case No. 3:05-bk-03817-JAF
                                                Chapter 11 (Jointly Administered)
            Debtor.
_____/

**LIMITED OBJECTION OF CATAMOUNT ROCKINGHAM, LLC AND JOHN H. O. LA GATTA TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF THE LEASE FOR STORE NO. 2045 TO ASSOCIATED WHOLESALE GROCERS, INC. AND ALEX LEE, INC.**

Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("La Gatta" or "Catamount"), as lessor of the premises identified as Store Number 2045 located in Rockingham, North Carolina (the "Premises"), files this limited objection to the July 19, 2005 Notice of Filing and Hearing (the "Notice") filed pursuant to the Motion for Order (A) Authorizing Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (collectively, the "Sale Motion") filed herein by the debtors and debtors-in-possession, Winn-Dixie Stores, Inc., *et al*. (collectively, the "Debtor"). In support of its limited objection, La Gatta shows as follows:

1.  Debtor filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

2.  Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain

January 6, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between Winn-Dixie Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("Debtor") and La Gatta for that certain realty Debtor refers to as Store # 2045 at 1206 Rockingham Road, Rockingham, North Carolina (the "Premises"), La Gatta leased the Premises to Debtor.

3. In the Notice, Debtor announced its intention to assume and assign the Lease for the Premises to Associated Wholesale Grocers, Inc. and Alex Lee, Inc. (collectively, the "Buyer"), and set the hearing before this Court on the Motion in this regard for July 29, 2005 at 10:00 a.m. EDT.

4. In the Asset Purchase Agreement ("APA") attached as an exhibit to the Notice, Debtor and Buyer state that Buyer, as to the majority of the leases sought to be assumed and assigned, is acting as a "facilitator to establish a conduit mechanism for the [assignment of the leases] to one or more of Buyer's Affiliates or retail members or customers." APA at 1.

5. La Gatta has been contacted by purported agents of Buyer who have requested that, as part of the assumption and assignment of the Lease contemplated by the Motion, the Notice and the APA, La Gatta agree to modify the terms of the Lease to provide various concessions to Buyer (or Buyer's nominee). La Gatta is informed and believes that Buyer's bid for the Lease was conditioned upon Buyer's success in securing such concessions from La Gatta.

6. As this Court has held repeatedly, it is established under 11 U.S.C. §365(a) that "'an executory contract may not be assumed in part and rejected in part' [and that] '[i]f a contract is executory, it may be assumed only in whole and not in part.'" *In re Aneco Elec. Const., Inc.*, ___B.R.___, 2005 WL 1398127 (Bankr. M.D. Fla., May 27, 2005) (*citing In re Yates Dev., Inc.*, 241 B.R. 247, 252 (Bankr.M.D.Fla.1999) and *In re Hamilton Roe Int'l, Inc.*, 162 B.R. 590, 596 (Bankr.M.D.Fla.1993)). Debtor must either assume the Lease in its entirety, or reject it in its

-3-

entirety, and may not force La Gatta to modify the terms thereof to suit Buyer (or Buyer's nominee).

7. Moreover, 11 U.S.C. §365(f)(2) requires Buyer to provide to La Gatta "adequate assurance of future performance by the assignee" of the Lease. Here, where Buyer has conceded in the APA that it is acting as a "facilitator to establish a conduit mechanism for the [assignment of the leases] to one or more of Buyer's Affiliates or retail members or customers," it is hard to see how granting Buyer the right to assign the Lease to whomever Buyer wishes provides La Gatta with the protections intended by §365(f)(2). To date, La Gatta has received no information regarding any such assignee's ability to assure its future performance under the Lease.

8. For these reasons, La Gatta hereby objects to the assignment of the Lease to Buyer (or any nominee of Buyer) on the grounds that Debtor and Buyer have failed to sustain their predicate burden therefor under 11 U.S.C. §§ 365(a) and (f), and declines Debtor's and Buyer's invitation to provide concessions under the Lease as an inducement to any such assignment.

-4-

WHEREFORE, La Gatta respectfully requests that the Court (1) deny the Motion and the Notice insofar as they purport to assign the Lease to the Buyer (or any nominee of the Buyer), and (2) grant La Gatta all other relief just and proper.

Dated: July 21, 2005                        Respectfully submitted,

                                                    /s/ C. Daniel Motsinger
C. Daniel Motsinger
Florida Bar No.: 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

-5-

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on July 21, 2005, as indicated below:

                /s/ C. Daniel Motsinger
              C. Daniel Motsinger

Adam Ravin  
Skadden Arps Slate Meagher & Flom, LLP  
Four Times Square  
New York, NY 10036  

Dennis F. Dunne  
Milbank Tweed & Hadley  
1 Chase Manhattan Plaza  
New York, NY 10005  

Elana L. Escamilla  
Office of United States Trustee  
135 W. Central Boulevard, Suite 620  
Orlando, FL 32806  

John B. McDonald  
Akerman Senterfitt  
50 N. Laura Street, Suite 2500  
Jacksonville, FL 32202  

Cynthia C. Jackson  
Smith, Hulsey & Busey  
225 Water Street, Suite 1800  
Jacksonville, FL 32201  

KD_IM-628263_1.DOC