UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | Chapter 11 |
| | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | |
| | Jointly Administered |
| Debtors. | |
| | **Re: D.I. No. 1968, 2227** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF TOWER CENTER ASSOCIATES, LTD. TO MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS THROUGH STORE CLOSING SALES IN ACCORDANCE WITH ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF [D.I. 1968, 2227]**

Tower Center Associates, Ltd. ("TCA" or, the "Landlord"), by and through its undersigned counsel, hereby submits this Limited Objection And Reservation Of Rights (the "Objection") to (i) the Motion of the above-captioned debtors and debtors-in-possession (the "Debtors") For An Order (a) Authorizing The Debtors To Retain Liquidating Agent And Approving Agency Agreement, (b) Authorizing The Debtors To Sell Merchandise Free And Clear Of Liens Through Store Closing Sales In Accordance With Attached Guidelines And (c) Granting Related Relief (D.I. 1968) (the "Liquidating Agent Motion"); and (ii) the Amended Liquidating Agent Motion (D.I. 2227) (the "Amended Motion" and, together with the Liquidating Agent Motion, the "Motion"), and in support of its Objection, Landlord respectfully states as follows:

## Background

1. On February 21, 2005 (the "Petition Date") the Debtors each filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. By order dated April 13, 2005, venue of the Debtors' bankruptcy cases was transferred to this Court.

2. The Debtors' cases are being jointly administered. To date, no trustee or examiner has been appointed.

3. The Debtors are operating their properties and managing their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. Prior to the Petition Date, on or about August 19, 1988, Landlord and Debtor Winn-Dixie Stores, Inc. (the "Debtor Tenant") entered into a Lease (the "Lease"), by which Landlord leased to Debtor Tenant certain commercial real property located on the east side of Tower Road, South of Newberry Road (S.R. 26), in Gainesville, Florida (the "Property"). On March 22, 1990, Landlord and Debtor Tenant entered into the Supplemental Lease Agreement (the "Lease Supplement"), which amended and supplemented certain of the terms of the Lease.

5. The Lease imposes several obligations on the Debtor Tenant, including, without limitation, the obligation to: (i) occupy and pay rent (including a percentage of gross sales made from the Property) and other obligations through January 17, 2010 (Lease Supplement, ¶ B); (ii) operate the Property in adherence to a certain reciprocal easement (Lease, ¶ 2); (iii) adhere to local (and other applicable) statutes and ordinances pertaining to cleanliness and other facets of operation of the Property (Lease, ¶ 3); (iv) keep and maintain the Property in good condition and repair, including the "common areas" (Lease, ¶ 12); (v) indemnify Landlord

from any claim or loss resulting from an accident or damage to persons and/or property happening in the Property (Lease, ¶ 15); and (vi) to yield the Property and certain additions to Landlord, upon termination of Debtor Tenant's tenancy, "in as good and tenantable condition as the same are at the beginning of Tenant's occupancy . . ." (Lease, ¶ 25) (collectively, and together with each and every of Debtor Tenant's other obligations under the Lease, the "Lease Obligations").

6. On July 1, 2005, the Debtors filed the Motion. Pursuant to the Motion, the Debtors request, among other things, authorization to retain a liquidating agent (the "Agent"), in accordance with the terms of an agency agreement, for the purpose of liquidating inventory, equipment and supplies (the "Merchandise") in connection with store closings which impact certain unexpired leases of the Debtors. Landlord's store was named in the Motion as a "target store" for which Debtors may seek to liquidate the Merchandise through the Agent.

### Limited Objection And Reservation Of Rights

7. Bankruptcy Code section 365 provides that, until such time as an unexpired lease, such as the Lease, is rejected, a debtor in possession must "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, **notwithstanding section 503(b)(1) of this title**." 11 U.S.C. § 365(d)(3) (emphasis added).

8. The clear and express intent and purpose of Bankruptcy Code section 365(d)(3) is to require a trustee or debtor-in-possession to timely perform debtor's obligations under a lease in accordance with its terms. Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 209 (3d Cir. 2001); In re ZB Co., Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003).

9.      It is well-settled that a landlord's claims based on a debtor's non-performance of post-petition, pre-rejection lease obligations are entitled to administrative priority and immediate payment. TreeSource Indus. v. Midway Engineered Wood Prods. (In re TreeSource Indus.), 363 F.3d 994, 997 (9th Cir. 2004); Montgomery Ward, 268 F.3d at. 211-12 (holding that tax obligations becoming due and payable post-petition, pre-rejection were entitled to administrative priority); In re Pacific-Atlantic Trading Co., 27 F.3d 401, 403 (9th Cir. 1994) (holding that a lessor's claim for rent arising during relevant period is entitled to administrative priority by its requirement of prompt and full payment under Bankruptcy Code section 365(d)(3)); In re DVI, Inc., 308 B.R. 703, 707 (Bankr. D. Del. 2004) (same); In re Chi Chi's, Inc., 305 B.R. 396, 400 (Bankr. D. Del. 2004) (holding that assessments that came due post-petition, pre-rejection were required to be paid in full); In re Rebel Rents, Inc., 291 B.R. 520, 533 (Bankr. C.D. Cal. 2003) (equipment lessor entitled to administrative priority for claim relating to debtor's post-petition use of equipment); In re Wright, 256 B.R. 858, 860 (Bankr. W.D.N.C. 2001) (lessor entitled to administrative expense claim for any postpetition damages flowing from debtors' breach in belatedly rejecting lease); Fifth Ave. Jewelers, Inc. v. Great East Mall, Inc. (In re Fifth Ave. Jewelers, Inc.), 203 B.R. 372, 380 (Bankr. W.D. Pa. 1996) (lessor could recover as administrative expense that portion of its damages claim for the 60-day period following the petition date and preceding the deemed rejection); In re New Almacs, Inc., 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996) (holding that landlord of Chapter 11 debtor was entitled to administrative priority for unpaid rents due post-petition, pre-rejection of lease); In re Ames Dept. Stores, Inc., 150 B.R. 107, 109 (Bankr. S.D.N.Y. 1993) (holding that landlord has administrative claim for taxes which accrue post-petition but prior to rejection of lease); see also In re Worths Stores Corp., 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991); In re ABC Books &

WL: #172888 v2 (3P#G02!.DOC)

-5-

School Supplies, 121 B.R. 329, 332 (Bankr. S.D. Ohio 1990); In re National Oil Co., 80 B.R. 525, 527 (Bankr. D. Colo. 1987).

      10.    As such, Landlord objects to the Motion for the limited purposes of: (i) compelling Debtor Tenant and the Agent to conduct any contemplated liquidation sale and/or store closing in accordance with the provisions of the Lease; and (ii) preserving Landlord's rights to allowance and payment with administrative priority of any Lease Obligations which Debtors fail to meet, whether by virtue of the Agent's practices pursuant to the Motion and appended agency agreement or otherwise.

Dated: July 25, 2005

Respectfully submitted,

/s/ F. Davis

FOLEY & LARDNER LLP
Gardner F. Davis, Esq.
Florida Bar No.: 0471712
One Independent Drive, Suite 1300
Jacksonville, FL 32202
Telephone: (904) 359-2000
Facsimile: (904) 359-8700

and

PEPPER HAMILTON LLP
James C. Carignan (Del. Bar No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500

and

PEPPER HAMILTON LLP
Alan K. Sable, Esq.
500 Grant Street, 50th Floor
Pittsburgh, PA 15219-2502
Telephone: (412) 454-5854

*Counsel to Tower Center Associates, Ltd.*

## CERTIFICATE OF SERVICE

I, James C. Carignan, hereby certify that on July 25, 2005, I caused to be served the Limited Objection And Reservation Of Rights Of Tower Center Associates, Ltd. To Motion For An Order (a) Authorizing The Debtors To Retain Liquidating Agent And Approving Agency Agreement, (b) Authorizing The Debtors To Sell Merchandise Free And Clear Of Liens Through Store Closing Sales In Accordance With Attached Guidelines And (c) Granting Related Relief, upon the following entities via electronic and first class mail.

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

Dated: July 25, 2005
Wilmington, DE

_____
James C. Carignan (No. 4230)

WL: #172925 v1 (3PFH01!.DOC)