UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                     Chapter   11
                                                                                Case No.  3-05-bk-3817-JAF
WINN-DIXIE STORES, INC., et al.,

   Debtors.
_____/

**JOINDER OF WEBBER COMMERCIAL PROPERTIES, LLC TO
LIMITED OPPOSITION OF ALLIED CAPITAL CORPORATION
AND OTHERS TO THE DEBTORS' AMENDED MOTION FOR AN
ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING
AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING
THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS
THROUGH STORE CLOSING SALES IN ACCORDANCE WITH
<u>ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF</u>**

Webber Commercial Properties, LLC ("Landlord"), by and through its undersigned counsel, to the Debtors in a market at 18011 South Tamiami Trail, Fort Myers, Lee County, Florida (the "San Carlos Store"), joins in the limited opposition of Allied Capital Corporation ("Allied") and others to the Debtors' Amended Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Related Relief, dated July 15, 2005, and says:

1.       Allied Capital and others have filed an objection on July 20, 2005, objecting to the vagueness of the Debtors' motion seeking approval of the retention of a liquidating agent and authorizing the Debtors to sell "Merchandise," and the furniture, fixtures and equipment (the "FF&E") at the closing stores, free and clear of liens and for

other relief.  At Paragraph 10(F), the "Merchandise" is defined to exclude "FF&E improvements to real property which are located in the stores," but the motion's preamble at page 2, and paragraphs 26-27, 30, 34 and conclusion, all expressly contemplate sales of "FF&E."  It is impossible to know from the Debtors' motion whether any of the permanent structural improvements in the San Carlos Store are intended to be encompassed by the sale motion.

2. Pursuant to the lease for the San Carlos Store, this Landlord is entitled to ownership of all "permanent structural improvements" made by the Tenant, pursuant to Paragraph 14 of Lease dated September 20, 1996.  In the Landlord's objection to the Debtors' cure, this issue was timely preserved as a reference to "non-monetary obligations" of the Debtors to Landlord.  In an abundance of caution, Webber joins in this opposition by Allied and asks the Court to clarify that such permanent structural improvements made by Winn-Dixie are not to be sold or transferred pursuant to the liquidation authority sought by the Debtors.[1]

**WHEREFORE**, Webber Commercial Properties, LLC prays the Court to direct the Debtors or their liquidating agent to refrain from any attempt to sell permanent

---

[1] Additionally, Landlord is joining the objection of Florida Tax Collectors as to an unpaid amount of personal property tax for the San Carlos store of $16,392.74, as itemized their objection of July 20, 2005, which may apply to some of these permanent structural improvements at the San Carlos Store, although this is not altogether clear.  Such taxes should be paid at the time of any sale or closing or paid as an administrative claim if the lease is rejected.  Additionally, Webber has highlighted the need for the Debtors to pay prepetition real estate ad valorem taxes that are accruing during 2005 by its earlier and timely objection to the Debtors' cure amount, filed July 14, 2005.

structural improvements on the San Carlos Property identified herein, for such other and further relief as may be just and proper

Dated: Tampa, Florida, July 26, 2005.

   /s/ William Knight Zewadski
WILLIAM KNIGHT ZEWADSKI
Florida Bar No. 121746
Z@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
Post Office Box 1102
Tampa, Florida 33601
(813) 223-7474
Attorneys for Webber Commercial
Properties, LLC

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing Joinder of Webber Commercial Properties, LLC to Limited Opposition of Allied Capital Corporation and Others to the Debtors' Amended Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Related Relief was served electronically on those parties having entered their appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties who have requested notice but are not participating in the ECF System listed below, pursuant to instructions appearing on the Electronic Filing Receipt received from the U. S. Bankruptcy Court on this 26th day of July, 2005:

| | |
|---|---|
| **Winn-Dixie Stores, Inc.**<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699 | **Adam Ravin, Esquire**<br>**D.J. Baker, Esquire**<br>Skadden Arps Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 |
| **Cynthia C. Jackson, Esquire**<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 | **United States Trustee**<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801 |
| **Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc.,**<br>**c/o Dennis F. Dunne, Esquire**<br>Milbank, Tweed, Hadley & McCloy LLP<br>One Chase Manhattan Plaza<br>New York, NY 10005 | |

                                                /s/ William Knight Zewadski
                                                              Attorney