**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                          CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,          Chapter 11

Debtors.
_____/

**OBJECTION OF BAXLEY ZAMAGIAS TO DEBTOR'S MOTION FOR ORDER SEEKING, AMONG OTHER RELIEF, THE ASSUMPTION AND ASSIGNMENT OF THE BAXLEY SHOPPING CENTER, BAXLEY, GEORGIA (STORE #133), LEASE TO FOOD LION, LLC**

AND NOW comes BAXLEY ZAMAGIAS, Landlord for the Debtor's store located in the BAXLEY SHOPPING CENTER, BAXLEY, GEORGIA (STORE #133) ("Landlord"), and files this Objection to the Debtor's Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Motion"), whereof the following is a statement:

1.  Landlord previously filed, on 7/14/05, at Doc. No. 2141, an Objection to the Cure Amount set forth on Exhibit "F" to the Motion. Said Objection is incorporated herein as though fully set forth. As of the date of this Pleading that Objection has not been resolved.

2.  The Asset Purchase Agreement between the Debtor and Food Lion, LLC ("Food Lion"), appears, in Paragraph 17.5, to authorize Food Lion to assign its rights *and obligations* to a subsidiary.[1] To the extent that the Asset Purchase Agreement authorizes Food Lion to assign obligation(s) under the Lease for Store #133 without prior notice to the Landlord of the identity of Food Lion's assignee and evidence of adequate assurance of future performance by such assignee, said Agreement is violates 11 U.S.C. §365(f)(2).

---

[1] Landlord would acknowledge that Paragraph 17.5 goes on to state that "[n]o assignment by Buyer shall release or relieve Buyer of its liabilities and obligations . . . under the Leases, which shall remain in full force and effect notwithstanding any such assignment." To the extent this means that Food Lion, LLC, remains obligated under the Lease notwithstanding an assignment of its obligation(s), this part of the Objection may be moot. To the extent it means something else, this objection remains.

3. The proposed Order of Court filed with the Motion sets the Cure Claim at the amount in Exhibit "F."[2] This is inconsistent with the Motion which provides for a hearing on the amount of the cure claim if a timely objection was filed (as the Landlord did in this case). The proposed Order further contains a proposed finding of fact that the Debtor has provided adequate assurance that it will promptly cure any defaults (which would presumably be all pre-closing accruals). However, at this point, Landlord has no idea when the pre-closing accruals will be finally determined or paid or whether the Debtor will be in a position to pay them at that time. To the extent the proposed Order sets the cure claim at anything other than the full amount of the pre-closing accruals under the Lease, and fails to provide for the prompt determination and payment of such amounts, the Order is objectionable.

WHEREFORE, Landlord respectfully requests that the Court enter an Order prohibiting any assignment of the Asset Purchase Agreement unless the Landlord receives prior notice of any further assignment and that Food Lion in fact remains liable on the Lease or other adequate assurance of future performance by any Food Lion assignee is established, and further setting the cure claim as the full lease accruals as of the date of the closing and requiring that said accruals be promptly determined and paid, together with any further relief as is necessary to comply with 11 U.S.C. §365.

Date: July 26, 2005

        ARNSTEIN & LEHR, LLP
        1110 N. Florida Avenue
        P.O. Box 3424
        Tampa, Florida  33601-3424
        (813) 254-1400
        Attorneys for Landlord

        /s/ Ronald B. Cohn
        Ronald B. Cohn, Esq.
        Florida Bar No. 599786

854v1

---

[2] The proposed order references Exhibit "C" although the Schedule of Cure Amounts appears in Exhibit "F."

CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254-3699, to Adam Ravin, Esq., Skadden, Arps, et al., Four Times Square, New York, New York 10036 (and via facsimile transmission 917-777-2150), Cynthia C. Jackson, Esq., Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32201 (and via facsimile transmission 904-359-7708), Elena L. Escamilla, Esq., 135 West Central Blvd., Suite 620, Orlandlo, Florida 32806, Elizabeth Karmin, Esq., Akin, Gump, et al., 1333 New Hampshire Avenue, N.W., Washington, DC 20036-1564 (and via facsimile transmission 202-887-4288) and to Dennis F. Dunne, Esq., Milbank, Tweed, et al, 1 Chase Manhattan Plaza, New York, New York 10005, this 26th day of July, 2005.

                                  /s/ Ronald B. Cohn
                                  Ronald B. Cohn, Esq.