# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., *et al.*, | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

**LIMITED OBJECTION OF HERITAGE SPE, LLC TO THE MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS THROUGH STORE CLOSING SALES IN ACCORDANCE WITH ATTACHED GUIDELINES AND (C) GRANTING RELATED RELIEF**

Heritage SPE, LLC ("Heritage"), a lessor of nonresidential real property in the above-captioned bankruptcy, by its undersigned counsel, hereby objects (the "Limited Objection") to the Debtors' Motion for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Merchandise Free and Clear of Liens Through Store Closing Sales in Accordance with Attached Guidelines and (C) Granting Related Relief (the "Motion"), pursuant to 11 U.S.C. §§ 363 and 365, and, in support thereof, respectfully states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157, and venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

2. In the Motion, the Debtors seek, amongst other things, authority to conduct certain "going out of business" or store closing sales, including the sale of FF&E, pursuant to the Guidelines[1] at numerous store locations. Included in the list of the

---

[1] Unless specifically defined in this Limited Objection, all capitalized terms have the meaning ascribed to them in the Motion.

\\FIN\227701.1

relevant stores is store number 2106 (the "Premises") in Charlotte, North Carolina, which the Debtors occupy pursuant to a lease (the "Lease") between Heritage and the Debtors.

3. Heritage objects to the Motion to the extent that the Debtors are seeking to sell any FF&E, or other property, that is not owned by the Debtors. The Motion only describes the FF&E in the most general of terms and leaves the decision to sell any FF&E, potentially including various fixtures and property owned by Heritage and/or other non-debtor parties, to the Debtors' discretion. Heritage cannot determine from the Motion whether the Debtors and/or their Agent intend to sell any FF&E that are actually fixtures and/or property that is not owned by the Debtors. Moreover, the determination as to whether any item or items of FF&E are fixtures and/or property actually owned by Heritage or other non-debtor parties must be determined pursuant to the terms of the Lease and applicable law.

4. With certain exceptions not relevant to this matter, section 363 of the Bankruptcy Code does not permit the Debtors to sell any property that they do not own. Therefore, Heritage objects to the Motion to the extent that it authorizes the Debtors and/or their Agent to sell any fixtures and/or other property not actually owned by the Debtors, and Heritage reserves its right to assert any arguments, seek relevant relief from the Court, or otherwise object to the sale of any FF&E or other property that Heritage believes to be either a fixture or property owned by a party other than the Debtors.

5. Additionally, section 365(d)(3) of the Bankruptcy Code requires the Debtors to timely perform their obligations under the Lease in accordance with its terms. *See Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 209 (3d Cir. 2001). Numerous courts have held that

landlords are entitled to administrative priority claims for a debtor's post-petition failure to comply with lease terms. *See e.g. Montgomery Ward*, 268 F.3d at 211-212; *TreeSource Indus. v. Midway Engineered Wood Prods. (In re TreeSource Indus.)*, 363 F.3d 994, 997 (9th Cir. 2004); *In re Wright*, 256 B.R. 858, 860 (Bankr. W.D.N.C. 2001). As such, the Debtors and their Agent must conduct any contemplated store closing sale in accordance with the specific terms of the Lease.

6.  Moreover, any store closing sale contemplated in the Motion cannot impede or otherwise limit Heritage's rights to the allowance and immediate payment, on an administrative priority basis, of any claims, including but not limited to any claims arising from damage to the Premises, resulting from the Debtors' and/or their Agent's conduct of any such store closing sale (or otherwise arising pursuant to the terms of the Lease), whether such sale is conducted pursuant to the Motion, the agency agreement attached thereto, and/or the Guidelines.

WHEREFORE, Heritage requests this Court enter an Order preserving all of Heritage's rights under the Bankruptcy Code and any further relief the Court deems just and appropriate.

Dated: July 26, 2005　　　　　　　　　　　　　Respectfully submitted,

/s/ Charles Gibbs
One of the attorneys for
Heritage SPE, LLC

Charles Gibbs (0736651)
McGuireWoods LLP
50 N. Laura St.
Suite 3300
Jacksonville, FL 32202
(904) 798-3200

and

Richard J. Mason, P.C.
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 558-1000

\\FIN\227701.1