# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| **In re** | ) | |
| | ) | |
| **WINN-DIXIE STORES, INC.,** *et al.*, | ) | **CASE NO. 05-03817-3F1** |
| | ) | |
| Debtors. | ) | **CHAPTER 11** |
| | ) | **JOINTLY ADMINISTERED** |
| | ) | |

**OBJECTION OF ARONOV REALTY SERVICES TO DEBTORS' MOTION
FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES
AND CONTRACTS AND (C) GRANTING RELATED RELIEF (BAKER FOODS)**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

**ARONOV REALTY SERVICES** ("Aronov"), by its undersigned attorneys,
makes this Objection to Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and
Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption
and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Motion") and in
support thereof avers:

1.      Aronov is the owner or agent for the owners of the Talladega Shopping
Center, ("Talladega"), Talladega, AL, Debtors' store #452, where Debtors operate one of their
grocery stores pursuant to a written lease (the "Lease"). The Talladega Lease is subject to the
Motion.

2.      The Talladega premises is located in a shopping center, as that term is
used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

### General Objections to Sale

3.       Debtors propose to sell certain assets, including the Lease, to Baker Foods,

Inc. ("Assignee" or "Baker").

4.       Aronov objects to the proposed asset sale, and the assumption and

assignment of its Lease to Baker unless Debtors and/or Baker comply with all of the

requirements of Sections 365(b) and (f) of the Bankruptcy Code.  Absent the ability, or

willingness, of the Assignee and Debtors to satisfy said requirements Debtors' Motion must be

denied.  Aronov reserves the right to renew and supplement this objection in the event that a

proposed assignee other than Baker is identified.

5.       Pursuant to Section 365(f)(2)(B) of the Bankruptcy Code Debtors may

only assign the Leases if "adequate assurance of future performance by the assignee of such . . .

lease is provided,. . . ."  As set forth in Section 365(b)(3), adequate assurance of future

performance in the shopping center context includes, inter alia, adequate assurance:

> "(A)    of the source of rent and other consideration due under such
> lease, and in the case of an assignment, that the financial condition
> and operating performance of the proposed assignee and its
> guarantors, if any, shall be similar to the financial condition and
> operating performance of the debtor and its guarantors, if any, as
> of the time the debtor became the lessee under the lease;
>
> * * *
>
> (C)      that assumption and assignment of such lease is subject to
> all the provisions thereof, including (but not limited to) provisions
> such as radius, location, use or exclusivity provision, and will not
> breach any such provision contained in any other lease, . . . relating
> to the shopping center;…."

6.       The burden of proof on adequate assurance issues is with the Debtors.

*See, In re Lafayette Radio Electronics Corp.* 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991).

**Financial Condition and Operating Performance**

7.      Aronov has been supplied with certain adequate assurance information regarding the financial condition and operating history of Baker.  Aronov is satisfied with the ability of Baker to provide the required adequate assurance of future performance **provided that** the actual assignee of the Lease is Baker and not an assignee of Baker, whether affiliated with Baker or not.  In the event the proposed assignee is not Baker, Aronov avers that adequate assurance of future performance has not been shown, particularly since the Talladega Lease is guaranteed by Winn-Dixie Stores, Inc.

**Cure Amounts**

8.      Aronov previously filed its cure objection (the "Cure Objection", see docket # 2146, filed July 14, 2005) setting forth its monetary claims for rentals due.  Aronov incorporates the allegations of the Cure Objection herein as fully as though same were set forth at length hereto.

**Demand for Security Deposit**

9.      Pursuant to Section 365(l) of the Bankruptcy Code, in the event the assignee is other than Baker Aronov demands that, in addition to any showing of the ability of the assignee to provide adequate assurance of future performance, the assignee post Letter of Credit, or, in Aronov's sole discretion, security deposit, in an amount equal to six (6) months rent and additional rent under the Lease as security for the performance of the tenant's obligations under the Lease.

**Liability for Year-End Adjustments**

10.     As set forth in the Cure Objection, the tenant under Aronov's Lease is responsible for certain year-end adjustments to items such as common area maintenance ("CAM"), taxes and other items that are paid during the course of the year on an estimated basis.

Generally the year-end adjustment, or true-up, of these categories does not take place until

several months after the close of the Landlord's fiscal year.  Accordingly, 2005 year-end

adjustments have not as yet been billed and are not even known to Aronov.  Since § 365 only

requires debtors to cure defaults under their leases, and since there can be no default for failure to

pay an amount that has not as yet even been billed, unpaid year-end adjustments are not a part of

the cure obligation of the Debtors.  The obligation to pay the year-end adjustments is, however,

certainly a part of the obligation of the Debtors and the Assignee to provide adequate assurance

of future performance.

> 11.    The proposed Sale Order (at ¶ 11) provides that:

> All defaults, claims or other obligations of the Debtors arising or
> accruing under each of the Leases, if any, prior to assumption or
> that could have been raised prior to assumption (without giving
> effect to any acceleration clauses or any default provisions of the
> kind specified in the 11 U.S.C. § 365(b)(2) will be cured or
> deemed cured by the Debtors in accordance with the Purchase
> Agreement, by paying the Cure Amounts.

> 12.    The aforesaid language, and similar provisions contained in the Sale

Order, would have the affect of relieving both the Debtors and Baker of any liability for the year-

end adjustments accruing prior to the effective date of the transfer of the Leases.  This provision

goes much further then simply stating that the Cure Amounts will cure all defaults, which is what

§ 365 contemplates.  The quoted language also relieves the Debtors of accruing claims or other

obligations, for which there is absolutely no authority.  Accordingly, the quoted language, and

similar language contained in the Sale Order, must be modified to assure that Aronov is paid all

year-end adjustments when due and thus receives the full benefit of its bargain under the Leases.

> 13.    Aronov requests that the language of the Sale Order be amended to

provide that Baker shall be responsible for all year-end adjustments, whether accruing prior to or

after the effective date of the assignment of the Leases, when such charges become due in

accordance with the terms of the Leases.  The Order should further provide, if the parties have not already done so, that it is the obligation of the Debtors and the Assignee to prorate these charges on an estimated basis as otherwise provided in Section 3.3.3 of the Purchase Agreement. Aronov is willing to provide Debtors and Baker with the actual year-end adjustments for each of the prior three years upon which such prorations may, in those parties' discretion, be based.

14.    Alternatively, Aronov would request that the Order be amended to require that Baker shall be responsible for all such costs accruing on and after the effective date of the assignment of the leases and that the Debtors shall place in a separate escrow account for the benefit of Aronov only (which account may accrue interest for the benefit of Debtors only) an amount equal to 125% of Debtors' proportionate share of the year-end adjustments attributable to fiscal year 2005 (based upon the average annual adjustments for the prior three years).  Such escrow is necessary in order to assure that Aronov will receive from the Debtors the adjustment amounts when said amounts are billed in 2006.

**Objections to Proposed Order**

15.    Aronov objects to the following provisions of the proposed Sale Order:

(a)    The second sentence of recital "Q" needs to be modified for the reasons set forth above, since there may be amounts owing and due under the Lease.

(b)    The final sentence of recital "T" should be modified to provide that the Purchaser is responsible for all year-end adjustments as more particularly set forth in paragraph 14 above.

(c)    The reference to overruling any objection to any proposed Cure Amounts in the second decretal paragraph should be eliminated unless all Cure Amounts have been resolved as of the date of the sale hearing and not reserved for a further hearing.

(d)    The description of the Lease may not include all relevant documentation.  Accordingly, decretal paragraph 6 should be modified.

(e)    The "deemed" consent provision of decretal paragraph 6 should be amended unless Aronov does, in fact, consent to the assignment.  If the Motion is granted over Aronov's objection the paragraph should state that the assignment is allowed notwithstanding Aronov's failure to consent and over its objection

(f)    Decretal paragraph 9 allows for various documentation to be modified, amended or supplemented by Debtors and the Assignee without further Order of Court provided that the Debtors first obtain the prior written consent of the DIP lender and the Creditors Committee, and that the modification, amendment or supplement does not have a material adverse effect on Debtors' estates.  Such language should be modified to also provide that the modifications may not alter the provisions of any of the Leases or the related documents nor diminish any of Aronov's rights or obligations under said agreement.

(g)    Decretal paragraph 10 must be modified to provide that the Permitted Encumbrances include all lease restrictions and the provisions of any reciprocal easement agreements, operating agreements or similar agreements which affect the Leases.

(h)    All decretal paragraphs which reference payment of Cure Amounts or claims, including, but not limited to, paragraphs 11, 15, 17, 23, 24, 26 and 30 should be modified as noted above to clarify the responsibility of the Debtors and Baker with regard to year-end adjustments.

(i)    Decretal paragraph 31 must be modified unless the parties have agreed to a listing of all relevant documents.

(j)     Decretal paragraph 34 should be eliminated, as set forth below, unless the parties have consentually agreed to both the transaction and the form of proposed order.

### Assumption and Amendment Agreement

16.     Aronov requests that, as a condition to any order approving assumption and assignment of the Lease, Assignee shall be required to enter into a short form Assumption and Amendment Agreement whereby the Assignee shall become directly obligated to Aronov, or the particular landlord entity, and the provisions of the lease regarding notice addresses will be modified.  It is essential under the laws of certain states that such an agreement be executed in order to establish privity of contract between the landlord and the assignee.  A form of agreement is attached hereto as Exhibit "A".

### Waiver of Rules 6004(g) and 6006(d) Stays

17.        Debtors request that this Court waive the stay period provided by Bankruptcy Rules 6004(g) and 6006(d) with regard to the sale and assignment of any lease.  It is unfair to request, at this time, that the Court waive stay periods which were specifically added to the Rules in order to avoid the prejudice to third parties to sales where a closing took place before an appeal and request for stay could be filed and heard.  No waiver of the aforesaid rules should be granted at this time.  Rather, the Court must decide on a case by case basis, based upon specific objections and the likelihood of appeal, whether or not to grant the requested stay.

### Reservation of Rights

18.     Aronov reserves the right to make such other and further objections as may be appropriate as additional information and revised orders and/or agreements are submitted.

**Joinder in Other Objections**

19.     Aronov hereby joins in the objections filed by Debtors' other landlords, to the extent not inconsistent herewith.

**WHEREFORE,** Aronov prays that Debtors' Motion be denied absent the provision of adequate assurance of future performance, provision for the payment of all year-end adjustments, provision of an assumption and amendment agreement and amendment of the proposed Sale Order, all as more particularly set forth above; and

**WHEREFORE**, Aronov prays that in the event the proposed assumption and assignment of the Leases is approved that same shall be conditioned upon the provision of guarantees and security deposits as part of the adequate assurance of future performance if the assignee is other than Baker, provision for the payment of all year-end adjustments, provision of an assumption and amendment agreement and amendment of the proposed Sale Order, all as more particularly set forth above; and

**WHEREFORE,** Aronov prays for such other and further relief as may be just and required under all of the circumstances.

July 27, 2005

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

BY:   **/s/ David L. Pollack**
**DAVID L. POLLACK**
**JEFFREY MEYERS**
**DEAN WALDT**
**Attorneys for Aronov Realty Services**
**51st Floor - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

# E X H I B I T    A

**EXHIBIT  A**

## ASSUMPTION AND AMENDMENT AGREEMENT

THIS ASSUMPTION and AMENDMENT AGREEMENT ("Agreement"), made this _____ day of _____, 200__ by and between _____ having an address at _____ (hereinafter called "Landlord") and _____, a _____ _____ having an address at _____ _____, (hereinafter called "Assignee").

W I T N E S S E T H:

WHEREAS, Landlord and _____ **t/a** _____ (or one of its affiliates or predecessors) ("_____" and/or "Debtors") entered into a lease dated _____ (said lease, together with all prior amendments thereto, if any, are collectively hereinafter called the "Lease") pursuant to which Landlord let unto _____ premises (rental space #_____) located in the _____ Shopping Center (hereinafter called the "Premises") _____; and

WHEREAS, by Order of the United States Bankruptcy Court for the _____ District of _____ dated _____, 200__ _____ was granted the right to assign the Lease to Assignee (the "Approval Order").

NOW, THEREFORE, in consideration of the mutual covenants contained herein, the parties hereto, each intending to be legally bound hereby, covenant and agree as follows:

1.    **Effective Date of Assignment**. _____ has assigned to Assignee all of its right, title and interest in and to the Lease, together with all benefits and advantages to be derived therefrom, said assignment to be effective as of _____, 200__ (the "Effective Date").

2.    **Assumption of Obligations by Assignee**.  Assignee, for the direct benefit of Landlord, as of the Effective Date, hereby assumes the timely and true performance of all of the rents, terms, covenants, conditions and provisions of the Lease hereby assigned at the time and manner set forth in the Lease (including without limitation the obligations to pay the rent and additional rent and to use the Premises as more fully set forth in said Lease), all with the same force and effect as if Assignee had executed the Lease originally as the tenant named therein. The liability of Assignee under the Lease shall become primary as to all obligations under the Lease.  Assignee shall specifically be liable for all year-end adjustments for any calendar year not previously billed.

3.    **Lease Modifications as of the Effective Date**.

The Lease shall be modified as set forth herein:

(a) **Notices**. **(Section ___)** Pursuant to Section ___, Tenant's notice address is hereby amended to:

_____

_____

_____

_____

(b) **_____**. (Section ___) Pursuant to Section ___, _____ is hereby amended to:

4.    This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their heirs, administrators, executors, successors and assigns.

5.    All other terms and conditions of the Lease shall remain and continue in full force and effect are unmodified and unchanged hereby except to the extent provided herein.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed the day and year first above written.

WITNESS/ATTEST:                    LANDLORD:

                                   _____

                                   By: _____
                                       _____
                                       _____

                                   By: _____


                                   TENANT:

                                   _____
                                   a _____



WITNESS/ATTEST:

_____

_____



                                   By: _____
                                   Name: _____
                                   Title: _____

## <u>CERTIFICATE OF SERVICE</u>

I certify that service of the foregoing was made on July 27, 2005 via ECF

Noticing and telecopier upon the parties listed below.

/s/ David L. Pollack

| | |
|---|---|
| D.J. Baker<br>Sally McDonald Henry<br>Rosalie W. Gray<br>Eric M. Davis<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Eric N. McKay<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |