UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 05-03817-3F1 |
| ) | CHAPTER 11 |
| ) | Jointly Administered |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Filing Deadline: July 28, 2005 |
| ) | Hearing Date: July 28, 2005 |
| Debtors. ) | |
| ) | |

**OBJECTION BY VENTURES, LLC (STORE 2160) TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

Ventures, LLC (the "Store 2160 Landlord"), through its undersigned counsel, hereby objects to the Motion For Order (A) Authorizing The Sale Of Assets Free And Clear Of Liens, Claims And Interests And Exempt From Taxes, (B) Authorizing The Assumption And Assignment Of Leases And Contracts And (C) Granting Related Relief (the "Motion") [Docket Entry No. 1961] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"). In support thereof, the Store 2160 Landlord respectfully shows the Court as follows:

1. Ventures, LLC owns and operates a retail shopping center located in Rock Hill, South Carolina, commonly known as Olde York Centre, at which Debtor Winn-Dixie Raleigh, Inc., as successor by merger to Winn-Dixie Charlotte, Inc. (the "Tenant"), operates a retail grocery store (Store # 2160) pursuant to that certain written lease dated February 4, 1997, as it may have thereafter been supplemented or amended (the "York Lease"). Debtor Winn-Dixie Stores, Inc. ("Stores") has guaranteed the Tenant's obligations under the York Lease.

2. The retail shopping center owned by the Store 2160 Landlord (the "York Center") is a shopping center as that term is used in 11 U.S.C. § 365(b)(3). *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-88 (3d Cir. 1990).

3. In the Motion, the Debtors propose to assign the York Lease to Bi-Lo, LLC and Southern Family Markets Acquisition, LLC (collectively, the "Purchaser"), subject to higher and better offers at the Auction.[1] The Purchaser was the high bidder at the Auction, subject to this Court's approval of the bid.

4. Following the Auction, the Store 2160 Landlord was advised that Bi-Lo, LLC ("Bi-Lo") has been designated to be the assignee of the York Lease and will operate a grocery store at the York Center under the Bi-Lo trade name.

## Objection

5. The Store 2160 Landlord objects, all as more particularly set forth below, (a) to the Motion and the Debtors' proposed assumption and assignment of the York Lease, unless and until the Debtors strictly comply with the requirements of 11 U.S.C. § 365(b) and (f), and (b) to the proposed Sale Order attached as Exhibit G to the Motion and to any documents evidencing the Debtors' sale of assets to the extent that they contain any provisions that are inconsistent with the protections afforded to the Store 2160 Landlord in 11 U.S.C. § 365.

## § 365(b)(1)(A) Objections

6. The Store 2160 Landlord objects to any assumption and assignment of the York Lease unless, as required by 11 U.S.C. § 365(b)(1)(A), the Debtors first cure, or provide adequate assurance that they will promptly cure, all presently-known monetary defaults under the York Lease, as set forth in the Store 2160 Landlord's Statement Of Cure Amounts Due Under

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

Nonresidential Real Property Leases filed on July 14, 2005 [Docket Entry No. 2101] (the "Cure Statement").

7. The Store 2160 Landlord further objects to any assumption and assignment of the York Lease unless it receives protection in the Sale Order and/or the underlying transactional documents between the Debtors and the Purchaser for the prompt payment when due under the York Lease of the following:

    A. Any additional sums that come due on or after July 8, 2005;

    B. All regular and periodic adjustments of charges due under the York Lease, in addition to those specifically set forth on the Cure Statement, which were either not due or had not been determined as of the filing of the Cure Statement, whether relating to any one or more of the following, without limitation: promotion and marketing dues, media and marketing dues, common area maintenance, and insurance, shopping center heating and air conditioning, and security;

    C. Any percentage rent that may become due under the York Lease; and

    D. Any payment of property taxes required under the York Lease.

The Debtors and the Purchaser should be, and remain, jointly and severally liable for all of the foregoing unbilled items, although they may cover in whole or in part a pre-petition or pre-assumption time period and for all year-end adjustments when due under the York Lease. The Store 2160 Landlord should not bear any credit risk of the non-payment of the foregoing unbilled items and should be paid promptly for those items when due under the York Lease.

8. The Store 2160 Landlord objects to any language in the Sale Order and the underlying transactional documents that might exculpate or release the Debtors, or be construed to exculpate or release the Debtors, from their obligations under the York Lease described in ¶ 6 of this

Objection, particularly and without limitation the language in the 15th decretal paragraph of the proposed Sale Order and § 3(a) of the Assignment and Assumption of Lease (Exhibit G to the Asset Purchase Agreement).

9. The Store 2160 Landlord similarly objects to any language in the underlying transactional documents between the Debtors and the Purchaser that proposes to settle unknown allocations as of the closing date, unless (a) the Purchaser expressly accepts liability for and agrees to pay when due all of the Debtors' obligations under the York Lease described in ¶ 6 of this Objection, or (b) the Debtors agree to escrow for the benefit of the Store 2160 Landlord an amount at closing equal to 125% of the three-year averages for the obligations described in ¶ 6 of this Objection.

10. In addition to the obligations set forth in ¶ 6 of this Objection that § 365 of the Bankruptcy Code requires the Debtors to satisfy, the York Lease also requires the Debtors to indemnify and hold the Store 2160 Landlord harmless. The Debtors may have indemnification liability under the York Lease (for, by way of illustration only, personal injuries occurring at the Debtors' stores in the York Center, property damage and destruction, or environmental-related claims), but (a) the Store 2160 Landlord may not have knowledge of such liability, and/or (b) events may have occurred before any proposed assignment but are not known to the Store 2160 Landlord, the Debtors or the Purchaser and will not be known until some time following any proposed assignment. Accordingly, before any assumption and assignment of the York Lease, the Debtors must be required to demonstrate, or obtain adequate insurance to ensure that they can and will satisfy their indemnification obligations under the Leases.

### § 365(b)(1)(B) Objections

11.     The Store 2160 Landlord further objects to any assumption and assignment of the York Lease unless, as required by 11 U.S.C. § 365(b)(1)(B), the Debtors compensate, or provide adequate assurance that they will promptly compensate, the Store 2160 Landlord for its actual pecuniary loss (including their attorneys' fees to the extent permitted by applicable law) resulting from the existing defaults.

### § 365(b)(1)(C) & 365(f)(2) Objections

12.     The Store 2160 Landlord further objects to any assumption and assignment of the York Lease unless, as required by 11 U.S.C. § 365(b)(1)(C), (b)(3) and (f)(2)(B), the Debtors and the Purchaser provide it with adequate assurance of future performance under the York Lease, specifically adequate assurance:

    A.    Of the source of rent and other consideration due under the York Lease;

    B.    That the financial condition and operating performance of the Purchaser and its guarantors shall be similar to the financial condition and operating performance of the Tenant and Stores as of the time the Tenant became the lessee under the York Lease; and

    C.    That percentage rent due under the York Lease will not decline substantially.

If Bi-Lo is the assignee of the York Lease and will operate a grocery store at the York Center under the Bi-Lo trade name, the Store 2160 Landlord is prepared to withdraw the objections set forth in this ¶ 12.

### Other Objections

13.     The Store 2160 Landlord objects to provisions in the underlying transactional documents that might be construed to require, as a condition of any assignment, its execution and

delivery of any Estoppel Certificate (*see* § 9.14 and Exhibit J to the Asset Purchase Agreement) or an SNDA (*see* § 9.15 and Exhibit K to the Asset Purchase Agreement).

### Joinder in Other Objections and Reservation of Rights

14. The Store 2160 Landlord hereby joins in the objections filed by the Debtors' other landlords to the extent not inconsistent herewith.

15. The Store 2160 Landlord reserves the right to amend its Cure Statement with regard to any monetary defaults that might arise from and after July 8, 2005, and any other amounts or claims that were not known as of the filing of the Cure Statement but become known before or at any hearing on the Motion and this Objection.

16. The Store 2160 Landlord reserves the right to object to any assignee of the Purchaser in light of the Purchaser's apparent right to so assign its interests under Section 18.6 of the Asset Purchase Agreement.

**WHEREFORE,** the Store 2160 Landlord objects to the Motion and respectfully requests:

A. That the Court deny the Motion unless and until, as more particularly set forth above, the Debtors strictly comply with the requirements of 11 U.S.C. § 365(b) and (f); and

B. That the Court award the Store 2160 Landlord such other and further relief as the Court deems just and proper.

[SIGNATURES PAGE FOLLOWS]

This 27th day of July, 2005.

/s/ Alan M. Weiss
HOLLAND & KNIGHT, LLP
Alan M. Weiss
Florida State Bar No. 340219
50 North Laura Street
Suite 3900
Jacksonville, FL, 32202
Phone: (904) 353-2000
Fax: (904) 358-1872

ROBINSON, BRADSHAW & HINSON, P.A.
David M. Schilli
N.C. State Bar No. 17989
Jonathan C. Krisko
N.C. State Bar No. 28625
101 North Tryon Street
Suite 1900
Charlotte, North Carolina 28246
Phone: (704) 377-2536
Fax: (704) 378-4000

Attorneys for Ventures, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was made on July 27, 2005, via ECF Noticing and first class mail upon the parties listed below.

/s/ Alan M. Weiss
Alan M. Weiss

D.J. Baker
Sally McDonald Henry
Rosalie W. Gray
Eric M. Davis
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
Attorneys for OCUC
1 Chase Manhattan Plaza
New York, NY 10005

Elena L. Escamilla
U.S. Trustee
135 W. Central Boulevard, Room 620
Orlando, FL 32801

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Eric N. McKay
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

John B. Macdonald, Esq.
Akerman Senterfitt
Attorneys for OCUC
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Gregory K. Cinnamon
Kilpatrick Stockton LLP
1100 Peachtree Street N.E.
Suite 2800
Atlanta, GA 30309