IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

| | |
|---|---|
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 |
| | Chapter 11 |
| Debtors | Jointly Administered |

_____/

UNITED STATES' MOTION TO EXTEND CLAIMS BAR DATE

The United States of America requests that this Court extend the time within which the Internal Revenue Service may file proofs of claim in these cases, pursuant to Bankruptcy Rule 3003(c)(3) and 9006(b)(1).  In support of its motion, it states as follows:

1. Under previous orders of this Court, claims of governmental units must be filed in these cases not later than August 22, 2005.

2. For federal tax purposes, 23 of the 24 corporate debtors in these cases have traditionally filed a consolidated corporate income tax return.  Winn-Dixie Stores, Inc., the debtor in Case No. 05-03817-3F1, is the parent or "lead" corporation in whose name the consolidated returns have been filed.

3. The debtors have filed their consolidated federal corporate income tax returns for their fiscal years ending in June 2003 and June 2004 (the "2003 return," and the "2004 return," respectively).  Those returns were filed on March 9, 2004, and February 1, 2005, respectively.  They have not yet filed their federal income tax return for their fiscal year ending in June 2005 (the "2005 return").

4. The Internal Revenue Code generally provides for a three year statute of limitations for making additional adjustments after the filing of a corporate income tax return. 26 U.S.C. § 6501(a).

5. The Internal Revenue Service began an examination of the debtors' 2003 return and 2004 return in approximately March of this year, shortly after the completion of examination of the debtors' consolidated federal corporate income tax returns for their fiscal years ending in June 2000, June 2001, and June 2002. The examinations of those earlier periods resulted in substantial proposed adjustments to the debtors' tax returns.

6. In the absence of this bankruptcy case, the estimated time for completion of the audit for the debtors' 2003 and 2004 returns would be August of 2006. The Internal Revenue Service has expedited the examination process, but will be unable to complete the examinations before the August 22, 2005 bar date.

7. The Internal Revenue Service has not commenced an examination of the debtors' 2005 return because that return has not yet been filed.

8. Even after the examining agents receive the 2005 return, they will require additional time to obtain further documentation substantiating, supporting, and explaining tax return items that they may wish to inquire about before they can issue a final report determining what taxes, if any, the IRS believes to be due.

9. The examining agents cannot accurately determine what taxes are owed, if any, for the debtors' 2003, 2004, or 2005 fiscal years by the August 22, 2005, bar date.

10. The Internal Revenue Service should be allowed a reasonable time to complete the audit of the debtors' 2003 and 2004 returns, determine what taxes may be due, and submit appropriate proofs of claim.

11. The Internal Revenue Service should further be allowed a reasonable time after receiving the 2005 return to conduct the audit, determine what taxes may be due, and submit an appropriate proof of claim.

12. The United States therefore requests that the Internal Revenue Service be allowed an additional three months, until November 22, 2005, within which to submit proofs of claim for federal taxes due from the debtors for the taxable periods ending in June 2003 and June 2004. The United States further requests that the Internal Revenue Service be allowed to submit a proof of claim for federal taxes due from the debtors for the taxable period ending in June 2005 until six months from the date on which the debtors file their 2005 tax return.

WHEREFORE, the United States requests that the Internal Revenue Service be allowed to file proofs of claim in these cases for the debtors' taxable years ending in June 2003 and June 2004 until November 22, 2005; to file proof of claims in these cases for the debtors' taxable year ending in June 2005 until the date that is six months from the date on which the debtors file their 2005 return; and for all other proper relief.

    PAUL I. PEREZ
    United States Attorney

    /s/ Deborah M. Morris
    Deborah M. Morris
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 14198
    Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 353-1758
    Facsimile: (202) 514-9868
    Email: Deborah.M.Morris@usdoj.gov

CERTIFICATE OF SERVICE

  IT IS HEREBY CERTIFIED that on July 27, 2005, the United States' Motion to Extend Claims Bar Date was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties requesting service.

                /s/ Deborah M. Morris
                Trial Attorney, Tax Division
                U.S. Department of Justice
                Post Office Box 14198
                Ben Franklin Station
                Washington, D.C.  20044