UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.: 3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

      Debtors.              Jointly Administered

_____

OBJECTION TO
DEBTORS' MOTION FOR ORDER
(A) AUTHORIZING THE SALE OF
ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

Waynesville Shopping Center, LLC, by and through its undersigned counsel, objects to the Debtors' Motion and states as follows:

1. The Debtor seeks to assign its Lease for Store No. 1249 (the "Lease") to Ingles Markets Incorporated ("Ingles"). This Lease is for the Debtors' premises located in Waynesville, North Carolina.

2. Waynesville Shopping Center, LLC, ("Waynesville"), as successor in interest to Taylors & Prevost, et al. and Haywood Savings Bank, SSB, Inc., is the landlord under the Lease.

3. The original Lease was entered into by Winn-Dixie Greenville, Inc., on August 5, 1984, and guaranteed by Winn-Dixie Stores, Inc., on August 29, 1984.

4. Waynesville objects to the assignment of its Lease to Ingles on the following grounds: 1) Ingles is asking for lease concessions, including but not limited to, insisting on Waynesville to consent to renewal options and to holdover concessions. Waynesville has not agreed to any lease concessions; 2) Waynesville did not receive any financial information from Ingles and was instead directed to their website; 3) Waynesville has not been provided with adequate assurance of future performance as required by 11 U.S.C. §365; and 4) Ms. Jean Boyles, counsel for Waynesville, received a letter, a copy of which is attached hereto as Exhibit "A", dated July 19, 2005 from Adam S. Ravin, Esquire, an attorney with Debtor's counsel Skadden, Arps, Slate, Meagher, & Flom LLP, stating that the Debtor did not intend to seek authority to assume and assign this Lease. Notwithstanding the letter described above, the Lease was included in the auction that took place in New York on July 18, 2005 and Ingles was the successful bidder for the Lease. Waynesville detrimentally relied on the above letter by assuming that the Lease would not be subject to the auction, and as a result, did not represent itself and its interests at the auction.

5. Said Landlord reserves the right to amend, supplement or modify this Objection as deemed necessary.

DATED this 27 day of July, 2005.

HELD & ISRAEL

By: /s/ *illegible signature*
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

JOHNSON, HEARN, VINEGAR, GEE
& MERCER, PLLC
Jean Winborne Boyles, Esquire
North Carolina Bar No.:5516
Two Hannover Square, Suite 2200
Raleigh, North Carolina  27601
(919) 743-2200 Telephone
(919) 743-2201 Facsimile
Counsel for Waynesville Shopping Center, LLC