UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.: 3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

      Debtors.                             Jointly Administered

_____

OBJECTION TO
DEBTORS' MOTION FOR ORDER
(A) AUTHORIZING THE SALE OF
ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT
OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

Lehmberg Crossing, LLC, by and through its undersigned counsel, objects to the Debtors' Motion and states as follows:

1. The Debtor seeks to assign its Lease for Store No. 524 (the "Lease") to BI-LO, LLC ("BI-LO") and Southern Family Market Acquisition ("SFM"). This Lease is for the Debtors' premises located in Columbus, Mississippi.

2. Lehmberg Crossing, LLC ("Lehmberg") is the landlord under the Lease.

3. The Lease was entered into by Winn-Dixie Montgomery, Inc., and guaranteed by Winn-Dixie Stores, Inc., on May 7, 1998.

4. Lehmberg objects to the assignment of its Lease to BI-LO and SFM on the following grounds: 1) Lehmberg has not been provided with adequate assurance of future performance as required by 11 U.S.C. §365; 2) Lehmberg did not timely receive

true and accurate financial statements from the buyers. No declaration was received from BI-LO. Lehmberg did receive pro forma statements for SFM, which are only mere projections of financial statements. To the extent of any information received by Lehmberg, such information was received on July 25, 2005; and 3) The Declaration of Mark Gross, President of SFM, along with the pro forma statements of SFM and a proposed order approving the Motion were sent to Lehmberg's lender, Midland Loan Services, Inc. instead of to Lehmberg directly. Such package of information had instructions to be delivered by July 14, 2005 so as to be received by Lehmberg before the auction that took place on July 18, 2005. Midland Loan Services, Inc. mailed the above package of information to Lehmberg on July 22, 2005 and it was not received by Lehmberg until July 25, 2005. The information received by Lehmberg was not timely received, was not complete, and was not in accordance with the bidding procedures for the sale of assets approved by the Court. Lehmberg did not receive a copy of the bid on the date the Motion was filed, and a copy of the successful bid was not received by Lehmberg at least eight days prior to the Sale Hearing.

5. Said Landlord reserves the right to amend, supplement or modify this Objection as deemed necessary.

DATED this 27 day of July, 2005.

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile