UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                         CASE NO.: 3:05-bk-03817-JAF

                                               CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.                               Jointly Administered

---

**MOTION OF THE DANNON COMPANY, INC.
FOR RELIEF FROM THE AUTOMATIC STAY
TO ALLOW SETOFF OF PRE-PETITION DEBTS**

The Dannon Company, Inc. ("Dannon"), by and through its undersigned counsel, hereby files this motion (the "Motion") for relief from the automatic stay to allow the setoff of mutual pre-petition debts of Dannon and Winn-Dixie Stores, Inc. (the "Debtor"), one of the above-captioned debtors (collectively, the "Debtors"). In support of the Motion, Dannon respectfully submits as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the Middle District of Florida has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

3.      This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(G).

4.      The relief sought by the Motion is authorized by sections 362(d) and 553(a) of the Bankruptcy Code.

**BACKGROUND**

5.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et*

NY01/SUDOD/1033507.2

*seq.* (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. Prior to the Petition Date, Dannon and the Debtor entered into various transactions related to the food services business. The underlying transactions are related to Dannon's sale of yogurt and other food products (collectively, the "Dannon Product") to the Debtor. In connection with such sales, the Debtor was entitled to a credit for its purchases from Dannon for certain goods that were damaged and/or otherwise could not be sold to a customer (the "Unsaleable Goods"). Additionally, Dannon agreed to pay a fee to the Debtor in exchange for the Debtor's placement of Dannon Product at a premium location on the shelves of its stores (the "Slotting Fees").

7. As of the Petition Date, the Debtor owed $987,591.62 to Dannon (the "Dannon Claim") for, among other things, the purchase of Dannon Product. As of the Petition Date, Dannon owed $770,140.14[1] to the Debtor, consisting of $404,140.14 for Unsaleable Goods (the "Unsaleable Goods Claim") and $366,000.00 for Slotting Fees (the "Slotting Fees Claim"). In the ordinary course of their businesses, Dannon and the Debtor, prior to the Petition Date, agreed on multiple occasions, to setoff the monies owed to Dannon for the sale of Dannon Product in exchange for monies owed to the Debtor for both Unsaleable Goods and Slotting Fees.

8. Dannon hereby moves this Court for an order lifting the automatic stay to allow Dannon to offset the $770,140.14 that Dannon owes the Debtor for the Slotting Fees and Unsaleable Goods against the $987,591.62 that the Debtor owes Dannon for, among other things,

---

[1] No part of this amount is related to Dannon's reclamation claim in these cases.

Dannon Product. After the setoff, Dannon will have a pre-petition claim in the amount of $217,451.48.

## RELIEF REQUESTED

9. By this Motion, Dannon respectfully requests this Court to enter an order, pursuant to sections 362 and 553 of the Bankruptcy Code, granting Dannon relief from the automatic stay to allow Dannon to setoff the mutual obligations described above.

10. The filing of a bankruptcy petition operates as a stay against an entity with an interest in property of the debtor's estate. 11 U.S.C. § 362(a)(1). However, a party with an interest in property of the debtor's estate may request relief from the automatic stay for cause. 11 U.S.C. § 362(d).[2] The Bankruptcy Code does not define "cause," but estimations of "cause" under 11 U.S.C. § 362(d) involve an intentionally "broad and flexible inquiry." *State of Georgia v. Bell (Matter of Bell)*, 215 B.R. 266, 275 (Bankr. N.D. Ga. 1997). The Bankruptcy Court must determine whether sufficient cause exists to grant relief from the automatic stay on a case-by-case basis. *In re Paxson Elec. Co.*, 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999). The Bankruptcy Court has discretion to decide whether to lift the automatic stay. *Barclays-American/Bus. Credit, Inc. v. Radio WBHP, Inc. (In re Dixie Broad., Inc.)*, 871 F.2d 1023, 1027 (11th Cir. 1989).

---

[2]  Section 362(d)(1) of the Bankruptcy Court states, in relevant part, that:

> On request of a party in interest and after notice and hearing, the Court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:
>
> (i) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1).

11. The right of setoff, which is codified in section 553(a) of the Bankruptcy Code,[3] constitutes "cause" sufficient to grant relief from the automatic stay to permit setoff of mutual, prepetition debts. *See In re Orlinski*, 140 B.R. 600, 602 (Bankr. S.D. Ga. 1991) (establishing a right to setoff is prima facie cause for relief from the automatic stay); see *also Parrish v. Parrish (In re Parrish)*, 75 B.R. 14 (N.D. Tex. 1987) (reversing denial of motion to lift the automatic stay where movant had established right to setoff by showing obligations were mutual and prepetition). Additionally, in the absence of adequate protection, the creditor is entitled to relief from the automatic stay to exercise his or her setoff rights. *In re Buckner*, 66 F.3d 263, 265 (10th Cir. 1995); *IRS v. Norton,* 717 F.2d 767 (3d Cir. 1983).

12. Setoff rights are preserved as such rights exist under applicable non-bankruptcy law, and allow entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A. *Citizens Bank of Maryland v. Stumpf*, 516 U.S. 16, 18 (1995); *In the Matter of Aquasport, Inc*, 155 B.R. 245, 247-48 (Bankr. S.D. Fla. 1992). Here, Florida law governs the transactions between Dannon and the Debtor, and Florida law recognizes a common law right of setoff. *See Andrews v. NCNB Nat'l Bank of Florida (In re Andrews)*, 33 B.R. 197, 199 (Bankr. S.D. Fla. 1983).

13. Both Florida law and section 553(a) of the Bankruptcy Code require the existence of mutuality of obligations to authorize setoff of the amount due for the Debtor's

---

[3] Section 553(a) of the Bankruptcy Code states, in relevant part, that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

11 U.S.C § 553(a). Section 553 contains exceptions to this rule, but those exceptions are not applicable here.

purchase of Dannon Product against Dannon's obligation to reimburse the Debtor for Unsaleable Goods and Slotting Fees. Mutuality of obligations is demonstrated when: (i) the creditor owes a debt to the debtor arising pre-petition; (ii) the creditor has a claim against the debtor arising pre-petition; and (iii) both the debt and the claim are mutual obligations (*i.e.*, the same parties are involved in both sets of obligations to be offset, and those obligations arose between the parties acting with respect to each other, and acting in the same capacity). *B.F. Goodrich Employees Fed. Credit Union v. Patterson (In re Patterson)*, 967 F.2d 505, 509-10 (11th Cir. 1992); *Carlton Co. v. Jenkins (In re Jenkins)*, 2004 WL 768574 (Bankr. S.D. Ga. 2004).

14. The requirement of mutuality of obligations is satisfied because Dannon's debt to the Debtor and Dannon's claim against the Debtor arose from the sales of Dannon Product, and other transactions, prior to the Petition Date. The same parties acting in the same capacities were involved in each of the subject transactions. The mutual obligations are valid and enforceable,[4] and as such, the relief sought in the Motion is appropriate.

15. Both the existence of a valid setoff claim, and/or the Debtor's failure to provide Dannon with adequate protection, constitute cause for relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code. Permitting setoff under these circumstances is warranted by law and equity, and will not prejudice the Debtor or its creditors.

## NO PRIOR REQUEST

16. No prior request for the relief sought in the Motion has been made to this or any other court.

---

[4] Dannon acknowledges the validity and enforceability of the Unsaleable Goods Claim and the Slotting Fees Claim for purposes of this Motion. Dannon, however, reserves its right to contest the validity and enforceability of the Unsaleable Goods Claim and the Slotting Fees Claim in the event the Motion is denied.

WHEREFORE, Dannon respectfully requests this Court grant relief from the automatic stay to permit Dannon and the Debtor to setoff the mutual obligations set forth herein and grant such other and further relief as the Court deems just and proper.

Dated: Jacksonville, Florida
       July 28, 2005

                    **HELD & ISRAEL**

                    By: _/s/ Edwin W. Held, Jr._
                    Edwin W. Held, Jr., Esquire
                    Florida Bar #162574
                    Adam N. Frisch, Esquire
                    Florida Bar #635308
                    1301 Riverplace Blvd., Suite 1916
                    Jacksonville, Florida 32207
                    (904) 398-7038 Telephone
                    (904) 398-4283 Facsimile

                    -and-

                    **KELLEY DRYE & WARREN LLP**
                    James S. Carr (JC 1603)
                    Debra SuDock (DS 5605)
                    101 Park Avenue
                    New York, New York 10178
                    Telephone: (212) 808-7800

                    ATTORNEYS FOR THE DANNON
                    COMPANY, INC.