UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 05-3817-3F1 |
| | : | |
| WINN-DIXIE STORES, INC., | : | CHAPTER 11 |
| et al., | : | |
| | : | Jointly Administered |
| Debtors. | | |

**<u>LIMITED OBJECTION OF S. STEPHEN SELIG, III TO DEBTORS' MOTION TO ASSUME AND ASSIGN LEASE OF STORE NO. 2731 TO Y.M. LEE, INC.</u>**

S. Stephen Selig, III (the "Landlord") files this Limited Objection to Debtors' Motion to Assume and Assign Lease of Store No. 2731 to Y.M. Lee, Inc. (the "Motion") and respectfully shows the Court as follows:

1. Subsequent to July 19, 2005, the Landlord received notice (the "Notice") that the Debtors intended to assume and assign to Y.M. Lee, Inc. ("Lee") the tenant's interest under a lease of nonresidential real property located at 1496 Church Street, Decatur, DeKalb County, Georgia and designated in the Notice as store no. 2731 (the "Lease").

2. The Landlord owns the property which is subject to the Lease and is the current landlord under the Lease.

3. The asset purchase agreement that accompanied the Notice (the "APA") indicates that Winn-Dixie Raleigh, Inc. ("WDRI"), one of the Debtors herein, is the tenant under the Lease. The Landlord believes that this is incorrect and that the current tenant under the Lease is Save Rite Grocery Warehouse, Inc. ("Save Rite"), which appears to be

-2-

affiliated with the Winn-Dixie companies but does not appear to be a debtor in these cases.

4. The belief that WDRI is not the current tenant is based on the facts that (i) Exhibit A-2 to the APA reflects the existence of an Assignment and Assumption of Lease Agreement dated April 4, 2001, (ii) the Landlord received a letter dated December 17, 2001, advising that the Lease had been assigned to Save Rite, and (iii) as recently as May 10, 2005, Save Rite corresponded with the Landlord with respect to the Lease, describing itself as the successor-in-interest to Winn-Dixie Montgomery, Inc. and the tenant under the Lease.

5. The Lease will expire on November 6, 2005. Though the Lease provided for several options to extend, it provided further, in paragraph 27, that, in order to exercise the option to extend the Lease beyond the expiration of the initial term (which ends on November 6, 2005), written notice of exercise of the option had to be given to the Landlord at least six months before the expiration of the initial term (the "Option Exercise Deadline").

6. Neither Save Rite nor any of the Debtors gave written notice to the Landlord, before the Option Exercise Deadline, of the intention to exercise the option to extend. Indeed, quite to the contrary, after the Option Exercise Deadline had passed, the Landlord received from Save Rite a letter dated May 10, 2005, and titled "NOTICE OF NON-RENEWAL", which informed the Landlord that the term of the Lease

expired on November 6, 2005, the tenant would not be renewing the Lease, and the tenant would return the premises to the landlord at midnight on November 6, 2005 (the "Non-Renewal Notice").

7. Even if (i) one of the Debtors was the tenant under the Lease (which the Landlord believes not to be the case), (ii) the Non-Renewal Notice is deemed non-conclusive (which the Landlord denies), and (iii) section 108(b) of the Bankruptcy Code is applicable, the deadline under section 108(b) for exercising the option to extend passed without the option being exercised.

8. Particularly in view of the Non-Renewal Notice, the Landlord assumes that the Debtors acknowledge that the options to extend the Lease beyond its initial term have expired and that the Lease itself will expire on November 6, 2005.

9. If the Debtors seek simply to effect an assignment to Lee of the tenant's interest under a lease that is no longer subject to any options to extend and will expire on November 6, 2005, the Landlord has no objection to such assignment if all defaults under the Lease are cured at the time of the assignment. If, however, the Debtors are seeking approval of the Court to assign a lease with respect to which options to extend purportedly continue to exist, the Landlord respectfully and strenuously objects and reserves all of his arguments as to why such an assignment cannot be authorized, including without limitation the apparent fact that the tenant under the Lease is not a debtor in these cases.

WHEREFORE, the Landlord respectfully requests that:

(i)     if the Court is inclined to approve the assignment of the Lease to Lee, the approval order contain no findings that (x) any options to extend the Lease continue to exist or (y) the Lease will not expire in accordance with its terms on November 6, 2005; and

(ii)    the Landlord have such other and further relief as is deemed just and proper.

Respectfully submitted this 28th day of July, 2005.

                              KILPATRICK STOCKTON LLP

                              /s/ Alfred S. Lurey
                              Alfred S. Lurey
                              Georgia Bar No. 461500

                              1100 Peachtree Street, Suite 2800
                              Atlanta, Georgia 30309-4530
                              (404) 815-6360 (telephone)
                              (404) 541-3286 (facsimile)
                              alurey@kilpatrickstockton.com

                              Counsel for the Landlord

ATLLIB01 2060615.1

# **CERTIFICATE OF SERVICE**

I, Alfred S. Lurey, counsel for S. Stephen Selig, III, certify that I have served a copy of the foregoing Limited Objection on the persons, and at the addresses set forth below, by email on the evening of July 27, 2005, and by First Class U.S. Mail, postage prepaid, on July 28, 2005, as follows:

>Cynthia C. Jackson, Esq.
>Smith, Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, Florida  32202
>
>D. J. Baker, Esq.
>Skadden, Arps, Slate, Meagher & Flom LLP
>Four Times Square
>New York, New York  10036

This 28th day of July, 2005.

>/s/ Alfred S. Lurey
>Alfred S. Lurey
>Georgia State Bar No. 461500

ATLLIB01 2060615.1