Hearing Date: August 4, 2005, 1:00 p.m.
Objection Deadline: July 28, 2005, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,          Case No. 3:05-bk-03817-JAF
                                          Chapter 11 (Jointly Administered)

                    Debtor.
_____/

### LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER AUTHORIZING (I) RETROACTIVE REJECTION OF REAL PROPERTY LEASES AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

John H. O. La Gatta, Flask Corporation, a Delaware corporation, Catamount Atlanta, LLC, a Nevada limited liability company and Duval Funding Corporation, a Delaware corporation, (collectively, "La Gatta") as the assignees of Ackerman Midtown Associates, Ltd. ("Ackerman") and as parties-in-interest in the above-captioned jointly-administered cases of Winn-Dixie Stores, Inc., et al. (collectively, "Debtor"), hereby file this limited objection to the Debtors' Motion for Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property (the "Motion"). In support of the limited objection, La Gatta says:

1.      Debtor filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

2.      On or about June 30, 1983, Winn-Dixie Montgomery, Inc. a/k/a Winn-Dixie Atlanta, Inc. ("Debtor") and Ackerman entered into a ground lease (the "Ground Lease") for that underlying real estate which Debtor refers to as Store #2712 at Monroe Drive and Virginia Avenue, Midtown Shopping Center, Atlanta, Georgia (the "Premises"). On or about July 27,

2005, Ackerman assigned its rights to the Ground Lease to La Gatta.

3.      La Gatta does not contest Debtor's ability to reject the Ground Lease. However, La Gatta objects to Debtor's request, in its Motion, that the rejection be deemed effective as of the *earlier* of (a) the date upon which Debtor provided notice of the termination to La Gatta and tendered possession of the Premises to La Gatta, *or* (b) the date of the entry of an order approving the Ground Lease's rejection.  As Debtor apparently sent notice of its intention to reject the Ground Lease to Ackerman on June 30, 2005, via overnight delivery, Debtor appears to be seeking an order that makes the Ground Lease's rejection effective as of July 1, 2005, at the earliest. For the reasons set forth below, however, Debtor's request for retroactive relief is not consistent with the dictates of the Code or with prior decisions of this Court, and should be denied as to the Ground Lease.

4.      Section 365(d)(3) of the Code provides that:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(10) of this title.

11 U.S.C. §365(d)(3).

5.      This Court previously has interpreted §365(d)(3) to require that a lessor of nonresidential real property have an administrative claim for rent due during the period between the petition date and the rejection of the lease.  *In re Kirsch*, 242 B.R. 77, 79 (Bankr. M.D. Fla. 1999).  *Accord*, *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 901 (Bankr. M.D. Fla. 1997).

6.      In both *Kirsch* and *Florida Lifestyle*, this Court determined that the clear and unambiguous language of §365(d)(3) dictated a result which Congress intended:  "Congress drafted Section 365(d)(3) to protect commercial landlords, not Debtor.  This Court is not in a

position to rewrite Section 365(d)(3) or invoke Section 105(a) in an effort to obtain a more equitable result when Section 365(d)(3) clearly mandates this decision." *Florida Lifestyle*, 221 B.R. at 901.

7.     Here, Debtor seeks an order which rejects the Ground Lease *retroactively* to the date upon which Debtor gave notice of its intent to vacate the Premises and terminate the Ground Lease, i.e., approximately July 1, 2005.  While courts generally give great latitude to a debtor's business judgments under §365, a debtor is not the ultimate arbiter of whether (or when) any lease will be rejected.  Unless a debtor is waiting for the automatic rejection of an unexpired lease under §365(d)(4), the Code clearly requires notice to other parties in interest, a hearing, and court approval.  Until a court unequivocally approves the rejection of a lease, both the debtor and the landlord are bound to perform.

8.     If Debtor unilaterally can reject the Ground Lease as of July 1, 2005, then this Court's approval of the rejection of the Ground Lease is nothing more than a ministerial act.  The Code says otherwise:

> The court order authorizing rejection of a lease would be meaningless if the effective date of rejection was the date the debtor gave unequivocal notice to reject the lease…In addition, the requirement of a court order or the passage of time insures the finality which a landlord would need prior to releasing the leased space…If the debtor is aggrieved by the delay resulting in obtaining a court order approving the rejection of a lease, the debtor should seek an expedited hearing to consider the lease rejection.

*Florida Lifestyle*, 221 B.R. at 900, *citations omitted.  Accord*, *In re Worths Stores Corp.*, 130 B.R. 531, 533-34 (Bankr. E.D. Mo. 1991) and *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr. D.C. 1990).

9.     There are decisions which have approved the retroactive rejection of leases to a date preceding the date of the court order; however, those courts have required that a debtor

provide evidence of compelling circumstances in order to obtain this form of extraordinary relief. *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) ("in most cases a lease will be considered rejected as of the date of entry of the order approving the rejection, and only in exceptional circumstances such as those presented here will the court adopt a retroactive date.")

10.    Here, however, Debtor has shown no compelling circumstances for the retroactive rejection of the Ground Lease.  Debtor has not requested expedited relief from this Court in order to minimize the estates' exposure to La Gatta's administrative claim.  La Gatta has not engaged in any inequitable conduct that seeks to delay the entry of an order rejecting the Ground Lease. Debtor's only justification for this extraordinary relief is the implication that retroactive rejection will save the estates money.  If that were the standard, then every rejection motion would include a request for retroactive application, and court approval would be essentially meaningless.

11.    In addition, the Ground Lease is one of what Debtor refers to in its Motion as the so-called "Dark Stores."  Based upon Debtor's admissions in the Motion, Debtor has known since at least April, 2004, that it would not continue its retail operations at the Premises, yet despite this Debtor waited more than four (4) months into this bankruptcy case to request authority to reject the Ground Lease.  Debtor is responsible for the delay in seeking rejection of the Ground Lease, not La Gatta, and La Gatta should not suffer the consequences of this delay.

12.    As Debtor has shown no extraordinary circumstances that merit extraordinary relief, Debtor's request for retroactive rejection of the Ground Lease should be denied.

WHEREFORE, La Gatta respectfully requests that the Court (1) determine that the rejection of the Ground Lease should be effective, if at all, upon the date of the entry of an order authorizing such rejection, and (2) grant La Gatta all other relief just and proper.

Dated: July 28, 2005

Respectfully submitted,

__/s/ C. Daniel Motsinger_____
C. Daniel Motsinger
Florida Bar No. 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for John H. O. La Gatta, Flask Corporation, a Delaware corporation, Catamount Atlanta, LLC, a Nevada limited liability company and Duval Funding Corporation, a Delaware corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on July 28, 2005, as indicated below:

__/s/ C. Daniel Motsinger_____
C. Daniel Motsinger

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

KD_IM-629236_2.DOC