**Hearing Date: July 29, 2005, 10:00 a.m.**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re:

WINN-DIXIE STORES, INC., et al.,   Case No. 3:05-bk-03 817-JAF

                                                         Chapter 11 (Jointly Administered)

            Debtor.

_____\

**OBJECTION OF GENOA ASSOCIATES, LLC TO DEBTORS'
MOTION FOR ORDER AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OF THE LEASE FOR STORE NO. 912
TO ASSOCIATED WHOLESALE GROCERS, INC. AND-ALEX, LEE, INC.**

      Genoa Associates, LLC ("Genoa Associates" or "Landlord"), by and through undersigned counsel, as lessor of the premises identified as Store Number 912 located in Goldsboro, North Carolina (the "Premises"), and the respect to the July 19, 2005 Notice of Filing and Hearing (the "Notice") filed relating to the Motion for Order (A) Authorizing Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Sale Motion") filed herein by the debtors and debtors-in-possession, Winn Dixie Stores, Inc., *et* al. (collectively, the "Debtors"). In support of its objection, Genoa Associates hereby states:

      l.      Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

      2.      Pursuant to that certain November 4, 1997 Lease, as amended by that certain January 14, 1999 Supplemental Lease Agreement (as amended, the "Lease"), by and between Winn-Dixie Raleigh, Inc., as tenant ("Tenant") and Genoa Associates and guaranteed by Winn-Dixie Stores, Inc.,

for that certain realty Debtors refer to as Store # 912, located at Neuse River Shopping Center, Goldsboro, North Carolina (the "Premises"), Genoa Associates leased the Premises to Tenant.

3. In the Notice, Debtors announced their intention to assume and assign the Lease for the Premises to Associated Wholesale Grocers, Inc. and Alex Lee, Inc. (collectively, the "Buyer"), and set the hearing before this Court on the Motion in this regard for July 29, 2005 at 10:00 a.m. EDT[1].

4. In the Asset Purchase Agreement ("APA") attached as an exhibit to the Notice, Debtors and Buyer state that Buyer, as to the majority of the leases sought to be assumed and assigned, is acting as a "facilitator to establish a conduit mechanism for the [assignment of the leases] to one or more of Buyer's Affiliates or retail members or customers." APA at 1. Genoa Associates's Lease of Store # 912 is included on the List of Stores attached as Exhibit A to the APA; however, Debtor has failed to identify to Genoa Associates or its counsel the proposed actual assignee for the Lease of Store # 912.

5. 11 U.S.C. §365(a) provides, in pertinent part, that "an executory contract may not be assumed in part and rejected in part" [and that] "[i]f a contract is executory, it may be assumed only in whole and not in part." In re Aneco Elec. Const., Inc., __ B.R.___, 2005 WL 1398127 (Bankr. M.D. Fla., May 27, 2005) *(citing In re Yates Dev., Inc.,* 241 B.R. 247, 252 (Bankr.M.D.Fla.1999) and *In re Hamilton Roe Int'l, Inc.,* 162 B.R. 590, 596 (Bankr.M.D.Fla.1993)). Debtor must either assume the Lease in its entirety, or reject it in its entirety.

---

[1]Counsel for Genoa Associates contacted Debtors' counsel on July 26 and 27, 2005, regarding the concerns set forth in this Objection. Debtors' counsel informed counsel for Genoa Associates on the afternoon of July 27, 2005 by e-mail that the Debtor did not intend to go forward with the proposed sale of store #912 to the Buyer (as defined herein) on July 29, 2005. Since no amendment to the Motion or Notice had been filed by the Debtors prior to the filing of this Objection, Genoa Associates files this Objection in the event that the Debtors proceed with the proposed sale/assignment of Store #912.

6. Pursuant to Section 365(f)(2)(B) of the Bankruptcy Code, Debtors may only assign the Lease if "adequate assurance of future performance by the assignee of such . . . lease is provided". In light of the disclosure in the APA that, as to the majority of the leases sought to be assumed and assigned, Buyer is acting as a "facilitator to establish a conduit mechanism for the [assignment of the leases] to one or more of Buyer's Affiliates or retail members or customers," Debtors have not disclosed the identity of the proposed ultimate assignee of the Lease, have not disclosed the proposed adequate assurance, have provided no financial information regarding the ultimate assignee, and have consequently provided insufficient notice to Genoa Associates. Landlord has been unable to conduct any due diligence into the mandatory adequate assurance condition. Failure of the Debtor to disclose to Genoa Associates the identity of the proposed ultimate assignee deprives Genoa Associates of the protections intended by Section 365(f)(2).

7. The Debtors have the burden of proof on the provision of adequate assurance.

8. Genoa Associates also objects to the Notice, Motion, and proposed Order to the extent that the Debtors seek any modification of, or change to, Tenant's financial and contractual obligations under the Lease without the express prior written consent of Genoa Associates.

9. Genoa Associates objects to the assumption and assignment of the Lease to an undisclosed assignee or nominee since Debtor has failed to sustain its burden of proof applicable under 11 U.S.C. §§ 365(a) and (f).

10. Genoa Associates reserves the right to make such other and further objections as may be appropriate as additional information and revised orders and/or agreements are submitted.

11. Genoa Associates also joins in the objections filed by Debtors' other landlords affected by this Sale Motion, to the extent not inconsistent herewith.

WHEREFORE, Genoa Associates respectfully requests that the Court (1) deny the Motion, absent Debtors' compliance with the prerequisite provision of adequate assurance of future performance and absent timely and sufficient notice thereof, and (2) grant Genoa Associates such other relief as is just and proper.

Dated: July 28, 2005

                        Respectfully submitted,

                        **VOLPE, BAJALIA, WICKES, ROGERSON, GALLOWAY & WACHS**

By: /s/John T. Rogerson
     John T. Rogerson, III, Esquire
     Riverplace Tower
     1301 Riverplace Blvd.
     Suite 1700
     Jacksonville, FL 32207
     Telephone: 904-355-1700
     Facsimile: 904-355-1797
     jrogerson@vbwr.com

            and

**NICHOLLS & CRAMPTON, P.A.**
Gregory B. Crampton
gcrampton@nichollscrampton.com
Kevin L. Sink
ksink@nichollscrampton.com
4300 Six Forks Road, Suite 700
Raleigh, NC 27609
Telephone: (919) 781-1311
Facsimile: (919) 782-0465

Attorneys for Genoa Associates, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served upon the parties listed below via either the Court's electronic filing system or by regular, first-class U.S. mail on this 28th day of July, 2005.

      /s/John T. Rogerson, III
      Attorney

| | |
|---|---|
| Adam Ravin<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Dennis F. Dunne<br>Milbank Tweed & Hadley<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| Elana L. Escamilla<br>Office of United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL 32806 | John B. McDonald<br>Akerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 |
| Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 | |