**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

**MOTION FOR ORDER AMENDING ORDER UNDER 11 U.S.C. §§ 105(a) AND 365 (I) AUTHORIZING REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE WITH AMERICAN KB PROPERTIES I LIMITED PARTNERSHIP AND (II) GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned cases, as debtors and debtors-in-possession (collectively, the "Debtors"), move (the "Motion") for entry of an order amending the Order Under 11 U.S.C. §§ 105(a) and 365 (i) Authorizing the Rejection of Non-Residential Real Property Lease with American KB Properties I Limited Partnership and (ii) Granting Related Relief, dated June 30, 2005 (Docket No. 1945) (the "Original Order"). In support of this Motion, the Debtors respectfully represent as follows:

**Basis for Relief**

1.   On June 10, 2005, the Debtors filed their Motion for Order Under 11 U.S.C. §§ 105(a) and 365 (i) Authorizing Rejection of Non-Residential Real Property Lease with American KB Properties I Limited Partnership and (ii) Granting Related Relief (Docket No. 1645) (the "Original KB Motion"). The lease at issue is a non-residential real property lease dated April 16,

---

¹  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

1992 (as amended, the "Lease"). A proposed form of Order was attached as Exhibit A to the Original KB Motion.

2. Following the submission of the Original KB Motion, counsel for the Debtors and counsel for American KB Properties I Limited Partnership ("KB"), engaged in negotiations which resulted in certain modifications to the Original Order. At the June 30, 2005 hearing on the Motion, counsel for the Debtors inadvertently submitted the proposed form of Order attached to the Original KB Motion rather than a proposed form of Order reflecting the modifications agreed to by the parties.

3. A revised proposed form of Order (the "Amended Order") is attached to this Motion as Exhibit A.

4. KB consents to the Motion and to the entry of the Amended Order.

### Notice

5. Notice of the Motion has been provided to the same parties who were served with the Original Order: (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) counsel for KB. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order in the form attached as Exhibit A (a) amending the Original Order and (b) granting such other and further relief as the Court deems just and proper.

Dated: July 28, 2005

        SMITH HULSEY & BUSEY

        By /s/ Cynthia C. Jackson
            Stephen D. Busey
            James H. Post
            Cynthia C. Jackson
            Florida Bar Number 498882
            225 Water Street, Suite 1800
            Jacksonville, Florida  32202
            (904) 359-7700
            (904) 359-7708 (facsimile)

            - and -

        SKADDEN, ARPS, SLATE,
        MEAGHER & FLOM LLP
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        Adam S. Ravin
        Four Times Square
        New York, New York 10036
        (212) 735-3000
        (212) 735-2000 (facsimile)

        Attorneys for Debtors

# EXHIBIT A

Case 3:05-bk-03817-JAF    Doc 2617    Filed 07/28/05    Page 4 of 7

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AMENDING ORDER UNDER 11 U.S.C. §§ 105 AND 365
(I) AUTHORIZING REJECTION OF NON-RESIDENTIAL REAL PROPERTY
LEASE WITH AMERICAN KB PROPERTIES I LIMITED PARTNERSHIP
AND (II) GRANTING RELATED RELIEF**

These cases came before the Court upon the motion (the "Motion") of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order amending the Order Under 11 U.S.C. §§ 105(a) and 365 (i) Authorizing the Rejection of Non-residential Real Property Lease with American KB Properties I Limited Partnership and (ii) Granting Related Relief, dated June 30, 2005 (Docket No. 1945) (the "Original Order"). The Court has read the Motion. Based upon the absence of objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED.

2. The Original Order is amended by this Amended Order.

3. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a), and the Lease is deemed rejected, effective as of the earlier of (a) October 1, 2005 and (b)

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

the date on which the Debtors surrender possession of the premises by providing written notice of same to KB (such earlier date, the "Effective Date").

4. Until the Effective Date, the Debtors shall continue to honor their obligations under the Lease as required by section 365 of the Bankruptcy Code, as such Code section is interpreted by this Court, including the honoring of postpetition rental obligations arising under the Lease (the "Postpetition Rental Obligations"). To the extent that the Debtors fail to honor a Postpetition Rental Obligation under the Lease, KB shall provide (a) the Debtors (through Debtors' counsel via facsimile and overnight mail delivery at the following address: Adam S. Ravin, Esq. Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036; facsimile: 917-777-3389) and (b) the Creditors' Committee (through the Creditors' Committee's counsel via facsimile and overnight mail delivery at the following address: Dennis F. Dunne, Esq. Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005; facsimile: 212-530-5219) with a written notice setting forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. If, within five (5) business days of the Debtors' receipt of such notice, the Debtors and KB fail to resolve the issues raised by KB in the notice, the Debtors agree that KB shall be permitted to file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations. The Debtors have agreed that they shall not oppose KB's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

5. Any interest of any of the Debtors in any personal property remaining on the Effective Date in the store that is the subject of the Lease is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the Effective Date.

      6.      Nothing in this Amended Order constitutes a waiver of any claims the Debtors may have against any the counterparty to the Lease, whether or not related to the Lease.

      7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Amended Order.

      8.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Amended Order.

Dated _____, 2005 in Jacksonville, Florida.

 

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

3