UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | |
| | ) | *Chapter 11* |
| Debtors. | ) | |
| | ) | Jointly Administered |
| | ) | |

### DECLARATION OF ALAN S. ADLER

I, Alan S. Adler, hereby declare:

1.    I am a vice president of Oaktree Capital Management, LLC, and I have personal knowledge of the facts stated in this Declaration.

2.    I am filing this Declaration with the Court and submitting this Declaration to the United States Trustee for the Middle District of Florida on behalf of OCM Opportunities Fund V, L.P. ("OCM"), a member of the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., to advise the Court and the United States Trustee of OCM's compliance with the information blocking procedures described in paragraphs 2(i) through 2(vi) (the "Procedures") of my March 28, 2005 declaration (the "March 28 Declaration") filed with the United States Bankruptcy Court for the Southern District of New York in the jointly-administered cases of Winn-Dixie Stores, Inc., et al., Case No. 05-11063 (RDD). A copy of the March 28 Declaration is attached as Exhibit A hereto.

3.    I hereby confirm that OCM is and has been in compliance with the Procedures since April 11, 2005, which is the date OCM implemented the Procedures.

Doc #:NY7:16766.1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2Y day of July, 2005.

_____

Alan S. Adler

# Exhibit A

Doc #:NY7:16766.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                          :
   In re:                                 :        Chapter 11
                                          :
   WINN-DIXIE STORES, INC., et al.,       :        Case No. 05-11063 (RDD)
                                          :        (Jointly Administered)
                         Debtors.         :
                                          :
-----------------------------------------------------x

## DECLARATION OF ALAN S. ADLER

I, Alan S. Adler, hereby declare:

1.    I have personal knowledge of each of the facts stated in this Declaration,

except for those facts stated on information and belief and as to those facts, I am informed and

believe them to be true. I am filing this Declaration with the Court and submitting the

Declaration to the United States Trustee on behalf of OCM Opportunities Fund V, L.P. ("OCM")

to advise the Court and the United States Trustee for the Southern District of New York of the

information blocking procedures designed to prevent (a) OCM and its affiliates' (collectively

with OCM, "Oaktree") trading personnel and their investment advisory personnel from receiving

any information concerning Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in

possession in the above-captioned case (collectively, "Winn-Dixie" or the "Debtors") or the

Winn-Dixie chapter 11 cases that has been received by OCM through OCM's personnel,

representatives or agents (the "Committee Personnel") performing committee-related activities in

the Winn-Dixie chapter 11 cases and (b) the Committee Personnel from receiving information

regarding Securities[2] of Winn-Dixie held by Oaktree.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in
the Order Under 11 U.S.C. § 105(a) Permitting Securities Trading In Certain
Circumstances (Docket No. [ ]) (the "Order").

2.      OCM will have established the following internal procedures before the

Order is entered:

(i)      OCM shall cause all Committee Personnel to execute a letter
acknowledging that they may receive non-public information as a result
of OCM's service on the Committee and that they are aware of the Order
and the Procedures that OCM has put in effect with respect to the
Securities and will immediately inform Committee counsel and the
United States Trustee in writing if such Procedures are materially
breached.

(ii)     Committee Personnel shall not share directly or indirectly any
information generated or received solely from Committee activities
("Information") with any other employee of Oaktree, other than:

(a)     senior management of Oaktree who, due to their duties and
responsibilities, have a legitimate need to know such information,
provided that such individuals (i) otherwise comply with the
Winn-Dixie Information Wall and (ii) use such information only
in connection with their senior managerial responsibilities, and

(b)     regulators, auditors, and designated legal personnel for the
purpose of rendering legal advice to Committee Personnel and
who will agree not to share such Information with other Oaktree
employees and will keep such Information in files inaccessible to
such other employees.

(iii)    Subject to the exceptions set forth in sub-paragraphs ii(a) and ii(b)
above, Committee Personnel shall not discuss any matter relating to the
Winn-Dixie chapter 11 cases with any member of Oaktree who is
reasonably known to be engaged in trading activities on behalf of
Oaktree.

(iv)     Committee Personnel shall keep Information in files (electronic or
otherwise) inaccessible to employees not permitted to access such
Information under the Winn-Dixie Information Wall.

(v)      Committee Personnel shall not be involved in the trading decisions
relating to the securities of Winn-Dixie (or its affiliates) and shall
receive no information regarding trades in securities of Winn-Dixie (or
its affiliates) by Oaktree's funds and accounts in advance of such trades
or within thirty days after such trades; it being understood that
Committee Personnel may receive after the thirtieth day following such
trades the usual and customary internal and public reports showing
purchases and sales and the amount and class of securities owned by
such Oaktree funds and accounts, including the securities of Winn-

2

Dixie. Notwithstanding the foregoing sentence, Committee Personnel is permitted to receive information necessary for OCM to comply with OCM's obligations under the bylaws of the Committee, including, but not limited to, OCM's obligation to (a) resign from the Committee on account of OCM's transfer or satisfaction of greater than or equal to 75% of its claims and (b) notify the Committee Chair and counsel to the Committee of OCM's reaching an agreement in principle relating to such a transfer or satisfaction of such claims.

(vi)    Oaktree's compliance personnel shall review these procedures from time to time, keep and maintain records of such reviews, and take reasonable steps to monitor compliance with the procedures.

(vii)   So long as OCM is a member of the Official Committee of Unsecured Creditors of Winn-Dixie, it shall file with the Court and submit a declaration to the United States Trustee every three months to verify continued compliance with the procedures described herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28 day of March, 2005.

/s/ Alan S. Adler
Alan S. Adler

3