UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.: 3:05-bk-03817-JAF

                                          CHAPTER 11
WINN-DIXIE STORES, INC., et al.,

       Debtors.                       Jointly Administered

---

LIMITED OBJECTION TO
DEBTORS' MOTION FOR ENTRY OF
ORDER APPROVING STIPULATION BETWEEN DEBTORS
AND TRADE VENDORS REGARDING RECONCILIATION AND
TREATMENT OF TRADE VENDORS' RECLAMATION CLAIMS,
AND ESTABLISHING POST-PETITION TRADE LIEN PROGRAM

Mosby's Packing Company, Inc., a trade creditor in the above-captioned cases, through its undersigned counsel, objects to Debtors' Motion for Entry of Order Approving Stipulation Between Debtors and Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims, and Establishing Post-Petition Trade Lien Program, and states as follows:

1. Paragraph Fifteen (15) of the Stipulation provides that "the Debtors shall reimburse the Vendors for their reasonable legal fees incurred in connection with the negotiation and development of the Reclamation /Trade Lien Program up to an aggregate of $300,000.00, to be made to counsel for the Vendors."

1

2. The Stipulation does not set forth any basis in law or fact for the Debtors to reimburse counsel for the Vendors to pay or reimburse reasonable legal fees to counsel for the Vendors.

3. Reimbursement for legal fees to counsel for the Vendors should only be authorized after compliance with the Bankruptcy Code, including 11 U.S.C. §503, which requires the Vendors to timely file a request for payment of an administrative expense, provide notice and a hearing on such request and provide proof that the Vendors have made a substantial contribution in these Cases.

4. The Notice of Preference Claims, filed by the Debtors, incorporates the Stipulation by reference, and sets forth that "the list of payments does not take into account any possible defenses that you may assert to a preference claim". If the Stipulation is approved by the Court, in order to eliminate any ambiguity concerning the assertion by trade creditors of any possible defenses that may be asserted to a preference claim, the approval order should set forth with specificity that: 1) trade creditors who opt in pursuant to the Stipulation, shall not be deemed to waive any or all possible defenses that may be asserted by a trade creditor to a preference claim, whether asserted or brought by the Debtors jointly and/or severally, or by the Official Committee of Unsecured Creditors, or by any party in interest in these Cases, in an adversary proceeding,

or otherwise; and 2) it is without prejudice concerning the assertion of any or all possible preference defenses by a trade creditor.

Dated: July __28__, 2005

        Respectfully submitted,

        HELD & ISRAEL

        By: _E W Held_
        Edwin W. Held, Jr., Esquire
        Florida Bar #162574
        Adam N. Frisch, Esquire
        Florida Bar #635308
        1301 Riverplace Blvd., Suite 1916
        Jacksonville, Florida 32207
        (904) 398-7038 Telephone
        (904) 398-4283 Facsimile

Ewh/WD/mosbyLimited  Objection-Reclamation-Trade Vendors mwa do