IN THE CIRCUIT COURT FOR ST. CLAIR COUNTY, ALABAMA

BETTY TERRELL, an individual, )
)
    Plaintiff, )
) CIVIL ACTION NO.: CV03-369
vs. ) FILED
)
WINN DIXIE, a corporation; ) OCT 17 2003
TIM PARKER, an individual, STEVEN )
OBARR, an individual; and No.1, whether singular or plural, that entity or those entities who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; **No.2**, whether singular or plural, that entity or those entities who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; **No.3**, whether singular or plural, that entity or those entities who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No.4**, whether singular or plural, that entity or those entities who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No.5**, whether singular or plural, that entity or those entities who or which controlled or had the right to control the ingress or regress to and/or from the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No.6**, whether singular or plural, that entity or those entities who or which planned, designed or constructed the building involved in the occurrence made the basis of this lawsuit; **No.7**, whether singular or plural, that entity or those entities who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the building involved in the occurrence made the basis of this lawsuit; **No.8**, whether singular or plural, that entity or those entities who or which planned, designed, constructed, or installed, the flooring involved in the occurrence made the basis of this lawsuit; **No.9**, whether singular or plural, that entity or those entities who or which maintained or who had the responsibility to maintain the floor of the premises involved in the occurrence made the basis of this suit; **No.10**, whether singular or plural, that governmental entity or those governmental entities which had charge or control of the premises involved in the occurrence made the basis of this lawsuit; **No.11**, whether singular or plural, that entity or those entities who or which conducted safety inspections, or who or which were responsible for conducting safety inspections at or with reference to the site involved in the occurrence made the basis of this lawsuit, both prior to and on the date of said occurrence; **No.12**, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit both prior to, on or after the date of said occurrence; **No.13**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein; **No.14**, whether singular or plural, that entity or those entities, other than those entities described above, whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No.15**, whether singular or plural, that entity or those entities whose willful, reckless, negligent, wanton or otherwise wrongful conduct caused or contributed to cause the occurrence made the basis

**PLAINTIFF'S EXHIBIT A**

of plaintiff's complaint; **No.16**, whether singular or plural, that entity or those entities, other than those entities described above, who or which are the successors in interest of those entities described above; **No.17**, whether singular or plural, that entity or those entities, other than those entities described above, who or which was the predecessor in interest of those entities described above; **No.18**, whether singular or plural, that entity or those entities whose responsibility it was to insure that the flooring of said premises was free and clear of any and all defects and/or other dangerous conditions that could cause injury to members of the general public; **No.19**, whether singular or plural, that entity or those entities who or which are responsible for conducting business open to members of the general public with a defective premises; **No.20**, whether singular or plural, that entity or those entities who or which was designated as the store manager, assistant manager, or any other designation for the defendant employee responsible for the overall control and maintenance of the premises flooring on or about the date and time giving rise to plaintiff's injuries; **No.21**, whether singular or plural, that entity or those entities who or which caused and/or allowed a defective and/or dangerous condition to exist on, in and/or within the frozen food aisle of the premises forming the basis of the present action at or about the time plaintiff was injured; **No.22**, whether singular or plural, that entity or those entities who or which failed to adequately warn the plaintiff that a defective and/or dangerous condition/hazard existed on, in and/or within the premises forming the basis of the present action at or about the time plaintiff was injured; **No.23**, whether singular or plural, that entity or those entities who or which are responsible in any way for the actions, omissions, negligence, wantonness and/or other wrongful conduct that has caused or contributed to cause plaintiff's injuries and damages as stated herein. Plaintiff avers that the identities of the above described fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party defendants are not known to Plaintiff at this time. However, the true names of the above-described fictitious party defendants will be substituted by amendment when the aforesaid knowledge is ascertained.

**Defendants.**                )
                               )

## COMPLAINT

1. Plaintiff, BETTY TERRELL, is an individual over the age of nineteen (19) years and a resident citizen of St. Clair County, Alabama.

2. Defendant, WINN DIXIE, is a foreign corporate entity qualified to do business in The State of Alabama, and which was doing business during all material times relevant to the present action in St. Clair County, Alabama.

3. Defendants TIM PARKER and STEVEN OBARR, are individuals over the age of nineteen (19) years and are believed to be resident citizens of St. Clair County, Alabama.

4. All facts giving rise to the incident made the basis of this suit occurred in St. Clair County, Alabama, within two (2) years of the filing of the present complaint.

## COUNT I

5. Plaintiff adopts and incorporates paragraphs 1 through 4 as if fully set out herein.

6. On or about the 18th day of October, 2001, the Plaintiff, BETTY TERRELL, was a business invitee on the premises of defendants, WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23. Said premises can be located and identified as the Winn Dixie Supermarket store # 410 located at 1009 Martin Street, Pell City, Alabama 35125.

7. At the aforesaid time and place, defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, did negligently and/or wantonly cause or negligently and/or wantonly allow the Plaintiff to fall to the floor of the above-described premises with great force and violence to her person.

8. Plaintiff avers that at the aforesaid time and place, the floor area within the above-described premises was defective and/or unreasonably dangerous to persons walking along said floor area. Specifically, Plaintiff avers that the defective and/or dangerous condition consisted of a metal object protruding from the floor of the frozen food aisle which Plaintiff tripped over and fell with great force and violence to her person. Said defective and/or unreasonably dangerous condition was caused by the negligence, wantonness, carelessness and/or unskillfulness of some agent, officer or employee of defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and

3

one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23.

9. At the aforesaid time and place, said floor area within the above-described premises was defective and/or unreasonably dangerous to persons walking along said floor area because Defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, failed to remedy the defective and/or unreasonably dangerous condition of the above-described floor area. Said defendants failed to remedy the defective and/or unreasonably dangerous condition despite having actual knowledge of the defective and/or unreasonably dangerous condition, or the defective and/or unreasonably dangerous condition existed for such a length of time so as to create a presumption of knowledge of such defect on the part of said defendants.

10. At the aforesaid time and place, defendants TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, were supervisory employees or the managers of the defendant business premises forming the basis of this suit. As such, defendants TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, had the duty to provide the Plaintiff, and other members of the general public qualifying as business invitees, with a reasonably safe environment. Said defendants, both named and fictitious, willfully, recklessly, negligently and/or wantonly breached this duty by failing to provide the Plaintiff with a safe environment. Said willful, reckless, negligent and/or wanton conduct was the proximate cause of Plaintiff's injuries and damages hereinafter described.

11. Defendants TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, were supervisory employees or managers of the defendant business premises forming the basis of this suit, and as such, had the right to control the conditions,

methods, and manner in which the interior floors were maintained at the time and place of the occurrence made the basis of Plaintiff's complaint. Said defendants, both named and fictitious, willfully, recklessly, negligently and/or wantonly failed to properly control the conditions, methods, and manner in which the floors were maintained. Said willful, reckless, negligent and/or wanton conduct was the proximate cause of Plaintiff's injuries and damages hereinafter described.

12. On or before the date of the occurrence made the basis of this suit, defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, were guilty of willful, reckless, negligent, wanton and/or otherwise wrongful conduct, and said conduct exhibited by the above-described defendants was the proximate cause of Plaintiff's injuries and damages as hereinafter described.

WHEREFORE, the Plaintiff, BETTY TERRELL, demands judgment against each of the defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, jointly and severally, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for her injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for plaintiff and against each of the defendants, both named and fictitious, and that it award punitive damages to Plaintiff in an amount that will adequately reflect the enormity of the defendants' wrongful acts, and that will effectively prevent other similar wrongful acts.

## COUNT II

13. Plaintiff adopts and incorporates paragraphs 1 through 12 as if fully set out herein.

14. On or about the date of said occurrence, defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23,

had a duty to warn Plaintiff of any and all dangers, hazards, defects or any other potential conditions that could cause injury about which defendants knew, or ought to have known, and of which the Plaintiff was ignorant.

15. Defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, negligently and/or wantonly breached the above-described duty to warn the Plaintiff by failing to remedy the defective and/or unreasonably dangerous condition of the above-described floor area despite having actual knowledge of the defective and/or unreasonably dangerous condition before Plaintiff's fall. Said willful, reckless, negligent and/or wanton conduct was the proximate cause of Plaintiff's injuries and damages hereinafter described.

WHEREFORE, the Plaintiff, BETTY TERRELL, demands judgment against each of the defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, jointly and severally, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for her injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for plaintiff and against each of the defendants, both named and fictitious, and that it award punitive damages to Plaintiff in an amount that will adequately reflect the enormity of the defendants' wrongful acts, and that will effectively prevent other similar wrongful acts.

## COUNT III

16. Plaintiff adopts and incorporates paragraphs 1 through 15 as if fully set out herein.

17. The above-described willful, reckless, negligent, wanton and/or otherwise wrongful conduct of defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,

12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, combined and concurred, and as a proximate consequence thereof, the Plaintiff was caused to suffer the following injuries and damages:

(a) Plaintiff was caused to suffer a left humeral fracture with displacement, a torn left rotator cuff and other serious injuries to her person which were attended by great physical pain and mental anguish.

(b) Plaintiff was caused to be permanently injured due to the nature of her injuries.

(c) Plaintiff was caused and will be caused in the future to expend large sums of money in the nature of doctor, hospital, drug and other expenses in and about an effort to heal and cure her injuries.

(d) Plaintiff was caused and will be caused in the future to suffer great physical pain and mental anguish as a result of her injuries.

WHEREFORE, the Plaintiff, BETTY TERRELL, demands judgment against each of the defendants WINN DIXIE, TIM PARKER, STEVEN OBARR and one or more of the fictitious party defendants listed and described herein above numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23, jointly and severally, in a sum in excess of the jurisdictional limits of this Court, to be determined by a jury, which will fairly and adequately compensate the Plaintiff for her injuries and damages sustained, together with interest from the date of injury, and the costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for plaintiff and against each of the defendants, both named and fictitious, and that it award punitive damages to Plaintiff in an amount that will adequately reflect the enormity of the defendants' wrongful acts, and that will effectively prevent other similar wrongful acts.

Respectfully submitted:

ROBERT L. MINOR (MIN-011)
Attorney for Plaintiff

_____
MATT ABBOTT (ABB-007)
Attorney for Plaintiff

OF COUNSEL:
CHURCH, SEAY & MINOR, P.C.
1609 Cogswell Avenue
Pell City, AL 35125
(205) 338-2295
(205) 338-4930, facsimile

Plaintiff hereby demands a struck jury for the trial of this cause.

_____
OF COUNSEL

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

WINN DIXIE
c/o Corporate Headquarters
5050 Edgewood Court
Jacksonville, FL 32254-3699

TIM PARKER
c/o Winn Dixie Corporate Headquarters
5050 Edgewood Court
Jacksonville, FL 32254-3699

STEVEN OBARR
c/o Winn Dixie Corporate Headquarters
5050 Edgewood Court
Jacksonville, FL 32254-3699