B210
12/04

# United States Bankruptcy Court
## Middle District of Florida

In re: WINN DIXIE PROCUREMENT, INC.         Case No. 05-~~11082~~ 3817

                                            Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $478,743.60. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee:<br>SPCP Group, LLC | Name of Transferor:<br>Mattel Sales Corp. |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor<br>(Court Use Only) |
| Attn: Brian Jarmain<br>SPCP Group, LLC<br>2 Greenwich Plaza<br>Greenwich, CT 06830 | |
| Phone: 203-542-4032<br>Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor:<br>Attn: Kathleen Simpson-Taylor<br>Mattel Sales Corp.<br>333 Continental Boulevard<br>El Segundo, CA 90245 |
| Phone:_____<br>Last Four Digits of Acct #:_____ | Phone: 310-252-4223<br>Last Four Digits of Acct #:_____ |

Court Claim # (if known): 4861
Date Claim Filed: 6/28/2005

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:____/s/ Brian Jarmain_____       Date:___July 27, 2005_____s
        Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. §§ 152 & 371.

~~**DEADLINE TO OBJECT TO TRANSFER**~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____       _____
                                            CLERK OF THE COURT

## ASSIGNMENT OF CLAIM

1.      MATTEL SALES CORP., its successors and assigns, ("Assignor"), for good and valuable consideration, the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns, without recourse except as provided for herein, to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., their successors and assigns ("Assignee"), as of the date of this Assignment of Claim, all right, title and interest in and to, or arising under or in connection with, certain claims of Assignor against Winn-Dixie Procurement, Inc. (the "Debtor"), the debtor-in-possession in Case No. 05-11082 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") arising prior to the filing of the Debtor's Chapter 11 petition in the aggregate amount of $478,743.60 (the "Assigned Claim Amount"), including without limitation, (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in respect of the Assigned Claim (collectively, the "Proofs of Claim"); (ii) all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating to the Assigned Claim (the "Documents"); (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing; and (iv) all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Assigned Claim").

2.      As used herein, (a) a "Final Order" shall mean an order of a court which has not been reversed, stayed, modified, amended or vacated and as to which (i) any appeal taken, petition for certiorari or motion for rehearing or reconsideration that has been filed, has been finally determined or dismissed or (ii) the time to appeal, seek certiorari or move for reconsideration or rehearing has expired and no appeal, petition for certiorari or motion for reconsideration or rehearing has been timely filed; (b) "Schedule of Liabilities" shall mean the Schedule of Liabilities prepared and filed by the Debtor in the Case pursuant to Section 521 of the Bankruptcy Code in accordance with Rule 1007 of the Bankruptcy Rules, and (c) "Business Day" means any day that is not a Saturday, Sunday, or any other day on which commercial banks in New York, New York are authorized or required by law to be closed.

3.      (a)      Within five (5) Business Days of the full execution of this Agreement, in accordance with the wire transfer instructions set forth on Schedule A hereto, Assignee shall pay to Assignor an amount (the "Purchase Price") equal to the rate of cents per dollar set forth as the "Purchase Rate" on Schedule B (the "Purchase Rate"), multiplied by $417,145.80, which is the amount of the Assigned Claim pursuant to the Schedule of Liabilities (the "Scheduled Claim").

C:\DOCUME~1\AS\LOCALS~1\Temp\mwtempe84\ws120.tmp

**Silver Point Capital/Misc**        **8089. 999**
L 48        original assignment of claim between mattel sales corp. and spcp group. llc with original signature of kathleen simpson taylor

(b) Within (5) Business Days after the earlier of: (a) of Assignee's receipt of a Final Order of the Bankruptcy Court; or (b) the expiration of the deadline by which the Debtor was obligated to file an objection to the Assigned Claim as fixed pursuant to the Debtor's confirmed plan of reorganization/liquidation, as the case may be, with respect to which the Debtor has not filed an objection to the Assigned Claim, in either case which results in allowing the Assigned Claim in an amount in excess of the amount of the Scheduled Claim (not to exceed the Assigned Claim Amount) (the "Excess Claim"), Assignee shall pay to Assignor an amount (the "Additional Purchase Price") equal to the Purchase Rate, multiplied by the amount that the Excess Claim exceeds the Scheduled Claim, in accordance with the wire transfer instructions set forth on Schedule A hereto.

4. Assignor represents and warrants to Assignee that: (i) it is duly authorized and empowered to execute and perform this Assignment of Claim; (ii) this Assignment of Claim constitutes a valid, legal and binding agreement of Assignor, enforceable against it in accordance with its terms; (iii) Assignor is the sole owner of and has good legal and beneficial title to the Assigned Claim, free and clear of all liens, claims, security interests or encumbrances of any kind or nature whatsoever, including without limitation, pursuant to any factoring or other financing agreement; (iv) Assignor has obtained and delivered to Assignee releases (in form and substance satisfactory to Assignee) by any secured party of any security interest in the Assigned Claim held by such party; (v) Assignor has not previously sold or assigned the Assigned Claim, in whole or in part, to any party; (vi) neither the execution, delivery or performance of this Assignment of Claim nor the consummation of the transactions contemplated hereby will violate any law, rule, regulation, order, agreement, or instrument affecting the Assignor or the Assigned Claim; (vii) to the best of Assignor's knowledge, after reasonable investigation, the Assigned Claim is a valid, allowable, undisputed, noncontingent, liquidated claim in the Case in the amount of $478,743.60; (viii) to the best of Assignor's knowledge, after reasonable investigation, no objections have been received by Assignor or threatened to Assignor in respect of the Assigned Claim; (ix) without modifying, limiting or waiving any of its rights, claims and defenses with respect thereto, Assignor's review of its books and records reveals that during the ninety (90) days immediately preceding the date the Debtor filed for Chapter 11 protection (the "Petition Date"), Assignor may have received one or more payments, which payments the Debtors may seek to avoid as preferential transfers pursuant to Section 547 of the Bankruptcy Code ("90 Day Transfers"); (x) no payment has been received by or on behalf of Assignor in full or partial satisfaction of the Assigned Claim; (xi) to the best of Assignor's knowledge, after reasonable investigation, Assignor has not engaged in any acts or conduct or made any omissions that will result in Assignee receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Assigned Claim than is received by other parties holding general unsecured claims against the Debtor; (xii) Assignor is not an insider within the meaning of Section 101(31) of the Bankruptcy Code, and it is not now nor has it ever been a member of any creditors' committee appointed in the Case; (xiii) Assignor agrees to execute and deliver, or to cause to be executed and delivered, all such instruments and documents, and to take all such action as Assignee may reasonably request in order to effectuate the intent and purposes of, and to carry out the terms of, this Assignment of Claim; (xiv) Assignor has delivered to Assignee true, correct and complete copies of the Documents; and (xv) Assignor has duly and timely filed a Proof of Claim in the Case.

5. Assignor and Assignee each represent, warrant and acknowledge to the other that: (i) the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Assigned Claim pursuant the Bankruptcy Code or otherwise; (ii) it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale/purchase of the Assigned Claim and that it has independently and without reliance on the other, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Assignment of Claim; (iii) it may have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor; and (iv) it waives any claim against the other deriving from or relating to any assertion that it did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Assignment of Claim and Assignee shall have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom. Other than the representations and warranties contained in these Sections 4, 5 and 11, Assignor and Assignee make no representations or warranties of any kind. Assignee acknowledges that it has performed its own due diligence regarding the Case and the Assigned Claim, and that the assignment contained herein is "As-is, where is" with no representations, warranties or continuing obligations, except as specifically set forth herein.

6. In the event that all or any part of the Scheduled Claim for which Assignee has paid Assignor pursuant to this Assignment of Claim (including any Reallowed Claim (as defined hereinafter)) (i) is disputed by or objected to, in whole or in part, by the Debtor or any other person (other than as provided for in Section 11(b) hereof), or (ii) is listed as unliquidated, contingent or disputed, or in an amount less than the Scheduled Claim amount, on the Schedule of Liabilities or (iii) is the subject of a court order finding all or any portion of the Scheduled Claim to be invalid, disallowed, subordinated, expunged or reduced (collectively, a "Disallowance"), Assignor agrees to immediately repay, on demand of and at the option of Assignee, an amount equal to (x)(A) that portion of the Scheduled Claim subject to the Disallowance (the "Disallowed Claim") multiplied by (B) the Purchase Rate, plus (y) interest on such amount at the rate of 10% per annum from the applicable date or dates of Assignee's payment to the date of repayment; provided, however, that such demand by Assignee shall not be deemed an election of remedies or any limitation on any other rights that Assignee may have hereunder or under applicable law.

7. In the event all or any portion of the Disallowed Claim is no longer a Disallowed Claim and is allowed by a Final Order of the Bankruptcy Court (a "Reallowed Claim"), Assignee shall purchase (and Assignor shall execute documentation to transfer the Reallowed Claim to Assignee) such Reallowed Claim (but not in excess of the amount of the Disallowed Claim) by paying within five (5) Business Days of Assignee's receipt of such Final Order, an amount equal to the amount so allowed multiplied by the Purchase Rate.

8. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Assigned Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days in the case of cash and within ten (10) Business Days in the case of securities, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. To the extent that the payment distribution made by the Debtor on account of the Assigned Claim is in the form of securities (the "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then within five (5) Business Days of Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee. The Assignee agrees to take all reasonably necessary steps under the Bankruptcy Code, Bankruptcy Rules and Local Rules to have its representative designated to receive notices from the Court, the Debtor and/or any third party relating to the Assigned Claim.

9. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Assigned Claim or the Case. Except as expressly set forth herein, Assignor does not assume and shall not be responsible for any obligations or liabilities of Assignee related to or in connection with the Assigned Claim or the Case.

10. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, only to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Claim and the Assignor's rights thereunder or related thereto pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Assigned Claim or otherwise in the Case. In the event of a Disallowance, Assignor shall take any further action as may be reasonably necessary or appropriate to Assignee in the defense of the Disallowed Claim. Assignor agrees to execute, acknowledge and deliver all such further certificates, instruments and other documents, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Assigned Claim and all interests therein to Assignee, including without limitation the "Evidence of Transfer of Claim" attached hereto as Exhibit A.

11. (a) Notwithstanding any other provision contained herein, in the event that one or more of the 90 Day Transfers, or any debt or the payment of money or transfer of property to Assignor by or on behalf of the Debtor, should for any reason subsequently be declared to be "fraudulent" or "preferential" within the meaning of Bankruptcy Code Section 547, 548, 550 or any other state or federal law relating to creditors' rights, including, without limitation, fraudulent conveyances, preferences or otherwise voidable or recoverable payments of money or transfers of property, in whole or in part, for any reason (collectively, "Voidable Transfers")

under the Bankruptcy Code or any other federal or state law, and Assignor is required to repay or restore any such Voidable Transfer or the amount or any portion thereof, or upon the advice of their in-house counsel or outside counsel are advised to do so, then the new claim (whether unsecured, administrative, priority or otherwise) that arises from the return of such Voidable Transfer (the "New Claim") shall NOT be considered part of the Assigned Claim; provided however, Assignor acknowledges that unless Assignee otherwise agrees in writing, Assignor shall not be entitled to resolve any dispute with respect to the Voidable Transfers by means of a setoff against or reduction in the amount of the Assigned Claim. As such, Assignor shall be entitled to all recoveries, distributions or other consideration paid on account of the New Claim. In addition, the Assigned Claim does not include any receipts, payments, rights to payment or other distributions made by the Debtor to Assignor for goods or services provided by Assignor to the Debtor after the petition date in the Case and which do not constitute a pre-petition indebtedness of the Debtor to Assignor.

(b) So long as Assignee has previously paid the Purchase Price to Assignor, to the extent that the Assigned Claim is otherwise an Allowed Claim, but for which the Debtors have withheld one or more of the interim distributions (or the entire distribution) or account of the Assigned Claim, as a result of the either a pending objection to the Assigned Claim pursuant to Section 502(d) of the Bankruptcy Code or a provision in the Debtor's confirmed plan which authorizes the Debtor to withhold the distribution pending the resolution of any avoidance action relating to the Voidable Transfers (as the case may be, the "Avoidance Action"), then Assignor and Assignee agree as follows: (i) on or before the third business day after the Debtor's payment of each interim distribution or the final distribution (as the case may be, the "Withheld Distribution", during which the Avoidance Action is pending, Assignor shall advance to Assignee an amount equal to the subject Withheld Distribution that would have been paid to Assignee put for the pending Avoidance Action (each a "Distribution Advance", and collectively, the "Distribution Advances"); and (ii) on or before the third business day after the Debtor releases the Withheld Distribution, Assignee shall reimburse Assignor in an amount equal to all of the Distribution Advances.

12. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Assignment of Claim and the purchase and sale of the Assigned Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

13. EACH PARTY TO THIS ASSIGNMENT OF CLAIM HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS ASSIGNMENT OF CLAIM OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS ASSIGNMENT OF CLAIM, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE,

INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS ASSIGNMENT OF CLAIM WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

14. The Evidence of Transfer of Claim attached to this Assignment of Claim and incorporated herein by this reference may be filed by Assignee with the Bankruptcy Court as evidence of this transfer, and Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Bankruptcy Rules) or otherwise and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Assigned Claim.

15. This Assignment of Claim shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Assignment of Claim. This Assignment of Claim cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

16. This Assignment of Claim may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Assignment of Claim shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Assignment of Claim shall be deemed to be a duplicate original.

17. Assignor and Assignee agree to maintain the confidentiality of this Assignment of Claim, including the form and structure of the within agreement and any drafts thereof, including but not limited to maintaining such confidentiality with respect to Debtor, except to the extent required by applicable laws, regulations, or rules of any stock exchange, or by the order of any court; provided that either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder; provided further, either party may disclose this Assignment of Claim and the transactions contemplated hereby to permitted assignees hereunder, or to their retained legal and other professional consultants, provided that such parties shall be obligated to maintain the confidentiality provisions contained herein.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim by its duly authorized representative dated as of July 11, 2005.

ASSIGNOR:

MATTEL SALES CORP.

By: *Kathleen Simpson Taylor*
Name: Kathleen Simpson-Taylor
Title: VP Finance

ASSIGNEE:

SPCP GROUP, L.L.C., as agent for
Silver Point Capital Fund, L.P., and
Silver Point Capital Offshore Fund, Ltd.

By: _____/s/ M. Gatto_____
   Name:
   Title:
   **Michael A. Gatto**
   **Authorized Signatory**

| Form B10 (Official Form 10) (04/04) | Chapter 11 | DEADLINE FOR FILING PROOFS OF |
| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM | CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. |
| MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | | EASTERN TIME |

Winn-Dixie Stores, Inc., et al. Case No: 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim
Debtor Name **Winn-Dixie Procurement, Inc.** Case No **05-03838-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

DEBTOR: WINN - DIXIE STORES, INC
US BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 4861**

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

Creditor ID WDX-255777B1-12   407645
Mattel Toys
aka Mattel Sales Corp.
333 Continental Blvd.
El Segundo, CA 90245-5012

(310) 252-4223 Telephone No of Creditor
(310) 252-5105 Fax No of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

B Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if) ☐ replaces address above ☐ additional address
Name **Kathleen Simpson-Taylor Mail Stop M1-1201**
Company/Firm **Mattel, Inc.**
Address **333 Continental Blvd.**
**El Segundo, CA 90245-5012**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☒ Check box if you have never received any notices in this case

Account or Other Number by Which Creditor Identifies Debtor **5137**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

**1 Basis for Claim**
☒ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN _____
Unpaid compensation for services performed from _____ to _____
(date)   (date)

**2 Date debt was incurred 9/20/04 thru 2/14/05**

**3** If claim is based on a Court Judgment, date obtained _____

**4. Total Amount of Claim at Time Case Filed**
$**478,743.60** (unsecured)   $**0** (secured)   $**0** (priority)   $**478,743.60** (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

**5 Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of Collateral $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6 Unsecured Nonpriority Claim** $ **478,743.60**
☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7 Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan - 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units - 11 U S C § 507 (a) (8)
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8** Credits The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9.** Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
**10** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

RECEIVED
2005 JUN 28 PM 12:45
U.S. BANKRUPTCY
MIDDLE DISTRICT
LOGAN & CO

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice |
| --- | --- |
| 6/27/05 | Print **Kathleen Simpson-Taylor** Title **Vice President, Finance** Signature _Kathleen Simpson Taylor_ |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571