UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA
JUL 29 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re Winn-Dixie Stores, Inc., et al.<br><br>Debtors. | Case No. 05-03817<br><br>Chapter 11<br><br>Jointly Administered |
| WILLIE CARTER<br><br>Movant<br><br>v.<br><br>WINN-DIXIE STORES, INC.<br><br>Respondent | CONTESTED MATTER |

## MOTION BY CREDITOR WILLIE CARTER
## FOR RELIEF FROM THE AUTOMATIC STAY

Creditor Willie Carter ("Mr. Carter"), by and through undersigned counsel, hereby moves for relief from the automatic stay to pursue recovery solely against insurance policies owned by the above-captioned debtors (collectively, the "Debtors"), for personal injuries Mr. Carter suffered at one of the Debtors' stores. In support of this Motion, Mr. Carter respectfully states as follows:

### BACKGROUND

1.   On September 1, 1998, Mr. Carter was shopping at the Winn Dixi on Edgewood and Avenue B, in Jacksonville, FL, and sustained injuries resulting from a fall that was due to being rendered unconscious through the inhalation of toxic substances being used to replace floors in the store during Mr. Carter's visit to the store.

2.  On August 30, 2002, Mr. Carter filed a Complaint against the Debtors in the Fourth Judicial Circuit in and for Duval County, Florida, case number 02-6211 CA (the "State Court Litigation"), asserting that the Debtors negligently caused physical injury to the Plaintiff by not providing sufficient notice that dangerous chemicals were in use at the store during regular business hours costing the Plaintiff unliquidated and pending damages (the "Damages"). A copy of the Complaint is attached hereto as Exhibit "A."

3.  On February 21, 2005 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.  On July 26, 2005, Mr. Carter timely filed a proof of claim in this case (the "Claim"), which asserts an unsecured claim against the Debtors' estates in the amount of the unliquidated and pending damages.

5.  Upon information and belief, the Debtors have insurance (the "Policy Proceeds"), which may be used to satisfy the Claim.

## ARGUMENT

6.  In pertinent part, section 362(d) of the Bankruptcy Code provides that –

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for **cause** . . . .

11 U.S.C. § 362(d) (emphasis added).

### The Pending State Court Litigation
### Is Sufficient Cause To Lift The Automatic Stay

7.  "Estimations of 'cause' under section 362(d) involve an intentionally broad and flexible inquiry, which permits the Court, as a matter of equity, to respond to inherently fact-

sensitive situations." Bell v. State of Georgia (In re Bell), 215 B.R. 266, 275 (Bankr. N.D. Ga. 1997). For example, when it appears that a bankruptcy filing amounts to an abuse of process, cause will exist for relief from the automatic stay. Id. Likewise, allowing a matter to proceed in another forum may constitute "cause" for relief from stay. Id. (citing In re Parkinson, 102 B.R. 141 (Bankr. C.D. Ill. 1988) and lifting the automatic stay to allow the plaintiffs in pending state court action to proceed with civil forfeiture claim against the debtor). In deciding whether to lift the automatic stay for this purpose, courts should consider the following: (i) whether the issues in litigation involve state law; (ii) whether modifying the stay will promote judicial economy; (iii) whether the bankruptcy case will be disrupted if the stay is not lifted; and (iv) whether the estate can be protected if the stay is lifted. Id. (citing In re Texas State Optical, Inc., 188 B.R. 552 (Bankr. E.D. Tex. 1995).

8. For the following reasons, "cause" exists to allow Mr. Carter to proceed with the State Court Litigation.

### *1.  The Primary Issues Involve State Law*

9. The primary issues in the State Court Litigation involve a determination of negligence on the part of the Debtors. These issues involve state law, because FS 768.0710(1) states, "The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage." Accordingly, this is a factor in favor of lifting the automatic stay.

10. Moreover, the State Court Litigation involves parties other than the Debtor and causes of action that are not within the Court's jurisdiction. Accordingly, State Court is the best forum for resolution of all issues.

### 2. Lifting The Stay Will Promote Judicial Economy

11. The State Court is already intimately familiar with the facts and issues in the State Court Litigation. To start the process over in the Bankruptcy Court, especially when the Debtors' bankruptcy case is in its infancy stage, would be an unnecessary waste of judicial resources and judicial economy. Therefore, this factor also favors lifting the automatic stay.

### 3. The Bankruptcy Case Would Not Be Disrupted If The State Court Litigation Continues

12. The Debtors' bankruptcy case was filed less than five months ago. Upon information and belief, the Debtors have not yet formulated a plan of reorganization or a strategy on how it is going to emerge from bankruptcy. The State Court will likely reach a determination within the next 3 months, before the Debtors formulate a plan or a bankruptcy strategy. Therefore, the Debtors' bankruptcy case will not be disrupted if the State Court Litigation is allowed to continue.

### 4. The Debtor's Estate Will Be Protected

13. Lastly, the Debtors' estate will be protected if the State Court Litigation goes forward. Mr. Carter seeks relief from the automatic stay only for the purpose of allowing the State Court to make a determination on Motion to Reconsider filed July 26, 2005. He does not and will not seek to enforce any monetary judgments against the Debtors without further approval and authorization from this Court. Accordingly, the Debtors' estate will be protected if the Court grants the relief prayed for herein.

WHEREFORE, Mr. Carter respectfully requests that the Court enter an order (i) granting him relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to prosecute the State Court Litigation, and (ii) granting such other and further relief that the Court deems proper and just.

Dated, July ____, 2005

Respectfully submitted,

_____
SEAN PITTMAN, Esquire
Florida Bar No. 0130923
PITTMAN LAW GROUP, P.L.
528 East Park Avenue
Tallahassee, Florida 32301
(850) 216-1002      FAX: (850) 224-7477

**ATTORNEY FOR PLAINTIFF**