**Hearing Date: August 18, 2005, 1:00 p.m.**
**Objection Deadline: August 11, 2005, 4:00 p.m.**

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |

### DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(A) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS EFFECTIVE AS OF AUGUST 18, 2005

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession  (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject the executory contracts set forth on the attached Exhibit A (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

#### Background

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, as of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  As of the Petition Date, the Debtors operated more than 900 stores in the United States with nearly 79,000 employees.  The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores. Substantially all of the Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

**Relief Requested**

6.    By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of the executory contracts identified on Exhibit A (collectively, the "Contracts") [2] as of August 18, 2005.   The Contracts consist of (i) a master lease and related schedules pursuant to which the Debtors lease in-store copiers from Panasonic Communications & Systems Company ("Panasonic") and (ii) an agreement with Information Resources, Inc. ("IRI") pursuant to which IRI was to configure and implement software to satisfy the Debtors' requirements for retail category management and assortment planning.

7.    The Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contracts.  By rejecting the Contracts, the Debtors will avoid unnecessary expense and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors.

8.    The Debtors' monthly lease payments for the Panasonic copiers, which are located in stores that have been targeted for closing or sale, approximate $11,000.  Due to the age of the copier equipment, the master lease with Panasonic is not a source of potential value to the Debtors' estates.  With respect to the agreement with IRI, the Debtors have determined that the benefits do not justify the ongoing costs, and will use existing tools to perform the activity contemplated to be performed by the software.

---

[2]    The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

**Basis for Relief**

9.      Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

10.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Surfside Resort and Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

11.     The Debtors have satisfied the "business judgment" standard for rejecting the Contracts in the present case.  The Debtors' obligations under the Contracts pose continuing

monetary obligations and/or other risks to the Debtors' estates.  Moreover, the Contracts are unnecessary to the Debtors' ongoing operations, are not a source of potential value for the Debtors' estates and creditors, and constitute an unnecessary drain on the Debtors' resources. Accordingly, the Debtors' determination that the Contracts should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

12.    To the extent that the parties to the Contracts assert rejection damages as a result of the rejection proposed by this Motion, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order entered pursuant to this Motion.

### Notice

13.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d)  the other parties in interest named on the Master Service List maintained in these cases, and (e) the parties to the Contracts.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the

rejection of the Contracts, effective as of August 18, 2005 and (ii) grant such other and further

relief as the Court deems just and proper.

Dated: July 29, 2005

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY[3]
& FLOM, LLP

By      /s/ D.J. Baker                          By      /s/ Cynthia C. Jackson
        D.J. Baker                                      Stephen D. Busey
        Sally McDonald Henry                            James H. Post
        Rosalie Gray                                    Cynthia C. Jackson
        Jane M. Leamy                                   Florida Bar Number 498882

        Four Times Square                               225 Water Street, Suite 1800
        New York, New York 10036                            Jacksonville, Florida  32202
        (212) 735-3000                                  (904) 359-7700
        (917) 777-2150 (facsimile)                      (904) 359-7708 (facsimile)
        djbaker@skadden.com                             cjackson@smithhulsey.com

        Co-Attorneys for Debtors                        Co-Attorneys for Debtors

---

[3]      Skadden, Arps, Slate, Meagher & Flom LLP has represented affiliates of Panasonic Communications &
Systems Company in matters unrelated to the Debtors, their reorganization cases or such entities' claims against or
interest in the Debtors.  To avoid any appearance of impropriety, Smith Hulsey & Busey will assume sole
responsbility for resolution of this matter as it pertains to Panasonic Communications & Systems Company.

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any
of the Contracts.  The rejections pursuant to this Order apply only to the Contracts
identified in this Exhibit A and do not apply to any other agreement(s) that the
Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Information Resources, Inc.<br>150 North Clinton Street<br>Chicago, IL  60661<br>Attn: Robin Bergman,<br>General Counsel | Winn-Dixie Stores, Inc. | Apollo Store Level Space Allocation and<br>Assortment System Agreement dated<br>October 20, 2004 |
| Panasonic Communications &<br>Systems Company<br>Panasonic Leasing Program<br>Administration Center<br>P.O. Box 7023<br>Troy, MI  48007-7023 | Winn-Dixie Raleigh, Inc., f/k/a<br>Winn-Dixie Charlotte, Inc. | Master Lease dated December 23, 1999<br>and Schedules thereunder:<br><br>STORE  MODEL  SERIAL NUMBER<br>1003    8001    8CMEAD01759<br>1004    8001    8HMETD01455<br>1007    7713    KJMKG312771<br>1009    8001    8DMETA01046<br>1010    8001    8GMETC01292<br>1016    7713    KJMKG312761<br>1018    7713    IJMKG311805<br>1020    8001    8BMEAD01675<br>1022    7713    JJMKG312486<br>1023    8001    7KMEAB01380<br>1034    7713    KJMKG312734<br>1036    7713    IJMKG311688<br>1043    7713    IJMKG311877<br>1049    8001    8KMETE01508<br>1055    8001    8DMETA01089<br>1057    7713    KJMKG312736<br>1076    8001    8HMETD01419<br>1077    8001    8HMETD01460<br>1082    7713    IJMKG311789<br>1084    8001    8HMETD01462<br>1086    8001    7LMEAC01464<br>1092    7713    JJMKG312341<br>1095    7713    JJMKG312482<br>1099    7713    KJMKG312772<br>1203    8001    8DMETA01094<br>1207    8001    8HMETD01451<br>1220    7713    JJMKG312340<br>1223    8001    8CMEAD01716<br>1225    8001    8EMETA01134<br>1234    8001    8GMETC01376<br>1240    8001    8HMETD01466<br>1242    8001    8HMETD01450 |

| | | | | |
|---|---|---|---|---|
| | | 1243 | 7713 | KJMG312823 |
| | | 1244 | 8001 | 8DMETA01032 |
| | | 1248 | 8001 | 8EMETA01132 |
| | | 1249 | 7713 | KJMKG312692 |
| | | 1255 | 8001 | 8KMETE01491 |
| | | 1256 | 7713 | KJMKG312748 |
| | | 1257 | 7713 | JJMKG312338 |
| | | 1258 | 8001 | 8HMETD01411 |
| | | 1264 | 7713 | KJMKG312760 |
| | | 1269 | 7713 | JJMKG312337 |
| | | 1270 | 7713 | JJMKG312485 |
| | | 1284 | 8001 | 8HMETD01482 |
| | | 1284 | 7713 | KJMKG312773 |
| | | 1290 | 8001 | 7LMEAC01467 |
| | | 1297 | 8001 | 8DMETA01029 |
| | | 1298 | 7713 | JJMKG312483 |
| | | 2001 | 8001 | 8HMETD01423 |
| | | 2002 | 7713 | IJMKG311792 |
| | | 2003 | 7713 | KJMKG312767 |
| | | 2004 | 8001 | 8GMETC01294 |
| | | 2014 | 8001 | 8GMETC01348 |
| | | 2023 | 7713 | IJMKG311788 |
| | | 2024 | 8001 | 8GMETC01370 |
| | | 2029 | 7713 | JJMKG312487 |
| | | 2032 | 8001 | 7LMEAC01492 |
| | | 2036 | 8001 | 8KMETE01513 |
| | | 2038 | 7713 | IJMKG311793 |
| | | 2045 | 8001 | 8DMETA01086 |
| | | 2048 | 7713 | KJMKG312758 |
| | | 2051 | 8001 | 8DMETA01056 |
| | | 2052 | 7713 | KJMKG312737 |
| | | 2053 | 7713 | IJMKG311787 |
| | | 2055 | 7713 | KJMKG312731 |
| | | 2056 | 8001 | 8GMETC01279 |
| | | 2063 | 7713 | KJMKG312705 |
| | | 2067 | 7713 | JJMKG312481 |
| | | 2068 | 7713 | JJMKG312484 |
| | | 2070 | 8001 | 8HMETD01464 |
| | | 2079 | 8001 | 8DMETA01057 |
| | | 2081 | 7713 | KJMKG312714 |
| | | 2082 | 7713 | KJMKG312733 |
| | | 2083 | 8001 | 8GMETC01371 |
| | | 2084 | 8001 | 7LMEAC01462 |
| | | 2085 | 8001 | 8KMETE01489 |
| | | 2087 | 7713 | KJMKG312735 |
| | | 2090 | 8001 | 8HMETD01438 |
| | | 2093 | 8001 | 8HMETD01438 |
| | | 2099 | 7713 | IJMKG311786 |
| | | 2101 | 8001 | 8HMETD01446 |
| | | 2104 | 8001 | 8DMETA01114 |
| | | 2106 | 8001 | 8DMETA01080 |
| | | 2150 | 8001 | 8GMETC01309 |
| | | 2155 | 7713 | KJMKG312817 |

| | | 2157 | 7713 | KJMKG312822 |
|---|---|---|---|---|
| | | 2160 | 8001 | 8HMETD01422 |
| | | 2165 | 8001 | 8GMETC01369 |
| | | 2168 | 8001 | 8KMETE01498 |
| | | 2180 | 8001 | 8DMETA01035 |
| | | 2189 | 7713 | KJMKG312819 |
| | | 2190 | 8001 | 8KMETE01486 |
| | | 2193 | 7713 | IJMKG311790 |

9

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER 11 U.S.C. § 365(A) AUTHORIZING REJECTION OF**
**EXECUTORY CONTRACTS EFFECTIVE AS OF AUGUST 18, 2005**

These cases came before the Court for hearing on August 18, 2005, upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of the executory

contracts listed on Exhibit A (collectively, the "Contracts") effective as of August 18, 2005 (the

"Motion").  The Court has read the Motion and considered the representations of counsel.  Upon

the representations of counsel and without objection from the United States Trustee or any other

interested party, the Court determines that good cause exists to grant the relief requested by the

Motion and granting the relief is in the best interest of these estates and creditors.  Accordingly,

it is

ORDERED AND ADJUDGED THAT:

1.     The Motion is granted.

2.     The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. §

365(a), and the Contracts are deemed rejected, effective as of August 18, 2005.

3.     Nothing in this Order constitutes a waiver of any claims the Debtors may

have against any counterparty to the Contracts, whether or not related to the Contracts.

4.      Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.  Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of August, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Information Resources, Inc.<br>150 North Clinton Street<br>Chicago, IL 60661<br>Attn: Robin Bergman,<br>General Counsel | Winn-Dixie Stores, Inc. | Apollo Store Level Space Allocation and Assortment System Agreement dated October 20, 2004 |
| Panasonic Communications & Systems Company<br>Panasonic Leasing Program<br>Administration Center<br>P.O. Box 7023<br>Troy, MI 48007-7023 | Winn-Dixie Raleigh, Inc., f/k/a Winn-Dixie Charlotte, Inc. | Master Lease dated December 23, 1999 and Schedules thereunder:<br><br>STORE MODEL SERIALNUMBER<br>1003 8001 8CMEAD01759<br>1004 8001 8HMETD01455<br>1007 7713 KJMKG312771<br>1009 8001 8DMETA01046<br>1010 8001 8GMETC01292<br>1016 7713 KJMKG312761<br>1018 7713 IJMKG311805<br>1020 8001 8BMEAD01675<br>1022 7713 JJMKG312486<br>1023 8001 7KMEAB01380<br>1034 7713 KJMKG312734<br>1036 7713 IJMKG311688<br>1043 7713 IJMKG311877<br>1049 8001 8KMETE01508<br>1055 8001 8DMETA01089<br>1057 7713 KJMKG312736<br>1076 8001 8HMETD01419<br>1077 8001 8HMETD01460<br>1082 7713 IJMKG311789<br>1084 8001 8HMETD01462<br>1086 8001 7LMEAC01464<br>1092 7713 JJMKG312341<br>1095 7713 JJMKG312482<br>1099 7713 KJMKG312772<br>1203 8001 8DMETA01094<br>1207 8001 8HMETD01451<br>1220 7713 JJMKG312340<br>1223 8001 8CMEAD01716<br>1225 8001 8EMETA01134<br>1234 8001 8GMETC01376<br>1240 8001 8HMETD01466<br>1242 8001 8HMETD01450<br>1243 7713 KJMG312823<br>1244 8001 8DMETA01032 |

| | | | | |
|---|---|---|---|---|
| | | 1248 | 8001 | 8EMETA01132 |
| | | 1249 | 7713 | KJMKG312692 |
| | | 1255 | 8001 | 8KMETE01491 |
| | | 1256 | 7713 | KJMKG312748 |
| | | 1257 | 7713 | JJMKG312338 |
| | | 1258 | 8001 | 8HMETD01411 |
| | | 1264 | 7713 | KJMKG312760 |
| | | 1269 | 7713 | JJMKG312337 |
| | | 1270 | 7713 | JJMKG312485 |
| | | 1284 | 8001 | 8HMETD01482 |
| | | 1284 | 7713 | KJMKG312773 |
| | | 1290 | 8001 | 7LMEAC01467 |
| | | 1297 | 8001 | 8DMETA01029 |
| | | 1298 | 7713 | JJMKG312483 |
| | | 2001 | 8001 | 8HMETD01423 |
| | | 2002 | 7713 | IJMKG311792 |
| | | 2003 | 7713 | KJMKG312767 |
| | | 2004 | 8001 | 8GMETC01294 |
| | | 2014 | 8001 | 8GMETC01348 |
| | | 2023 | 7713 | IJMKG311788 |
| | | 2024 | 8001 | 8GMETC01370 |
| | | 2029 | 7713 | JJMKG312487 |
| | | 2032 | 8001 | 7LMEAC01492 |
| | | 2036 | 8001 | 8KMETE01513 |
| | | 2038 | 7713 | IJMKG311793 |
| | | 2045 | 8001 | 8DMETA01086 |
| | | 2048 | 7713 | KJMKG312758 |
| | | 2051 | 8001 | 8DMETA01056 |
| | | 2052 | 7713 | KJMKG312737 |
| | | 2053 | 7713 | IJMKG311787 |
| | | 2055 | 7713 | KJMKG312731 |
| | | 2056 | 8001 | 8GMETC01279 |
| | | 2063 | 7713 | KJMKG312705 |
| | | 2067 | 7713 | JJMKG312481 |
| | | 2068 | 7713 | JJMKG312484 |
| | | 2070 | 8001 | 8HMETD01464 |
| | | 2079 | 8001 | 8DMETA01057 |
| | | 2081 | 7713 | KJMKG312714 |
| | | 2082 | 7713 | KJMKG312733 |
| | | 2083 | 8001 | 8GMETC01371 |
| | | 2084 | 8001 | 7LMEAC01462 |
| | | 2085 | 8001 | 8KMETE01489 |
| | | 2087 | 7713 | KJMKG312735 |
| | | 2090 | 8001 | 8HMETD01438 |
| | | 2093 | 8001 | 8HMETD01438 |
| | | 2099 | 7713 | IJMKG311786 |
| | | 2101 | 8001 | 8HMETD01446 |
| | | 2104 | 8001 | 8DMETA01114 |
| | | 2106 | 8001 | 8DMETA01080 |
| | | 2150 | 8001 | 8GMETC01309 |
| | | 2155 | 7713 | KJMKG312817 |
| | | 2157 | 7713 | KJMKG312822 |
| | | 2160 | 8001 | 8HMETD01422 |
| | | 2165 | 8001 | 8GMETC01369 |
| | | 2168 | 8001 | 8KMETE01498 |
| | | 2180 | 8001 | 8DMETA01035 |

| | | | |
|---|---|---|---|
| | | 2189 | 7713 | KJMKG312819 |
| | | 2190 | 8001 | 8KMETE01486 |
| | | 2193 | 7713 | IJMKG311790 |

5