Hearing Date: August 4, 2005

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

## MOTION BY WACHOVIA BANK, NATIONAL ASSOCIATION FOR APPOINTMENT OF FEE EXAMINER PURSUANT TO 11 U.S.C. § 105 (a)

Wachovia Bank, National Association, in its capacity as agent for itself and certain other post-petition lenders (the "Agent") of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), moves this Court for entry of an order pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code") for the appointment of a fee examiner in the Debtors' chapter 11 cases (the "Motion"). In support of the Motion, the Agent respectfully states as follows:

### INTRODUCTION

1.  The Debtors' cases constitute some of the largest bankruptcy filings in the United States both this year or in prior years. Recently, the professionals retained by the Debtors and the Official Committee of Unsecured Creditors (the "Committee") filed their first interim fee applications which, with two notable exceptions, generally cover the period from February 21, 2005 (the date of the bankruptcy

filings) through May 2005.[1] While the Agent does not object to the fee, time charge or expense of any one professional, based upon the fee applications as filed with this Court, over the period in question (approximately 100 days), more than $15.4 million in professional fees and expenses have been generated by the numerous professionals retained in these cases thus far. Due to the extraordinary amount of fees already billed, and the amounts that will likely be billed in these cases in the future, the Agent respectfully requests that this Court appoint an <u>independent</u> fee examiner or auditor to review and report on all pending fee applications and all subsequent fee applications filed by the professionals retained in the Debtors' cases.

        2.      The primary focus of an <u>independent</u> fee examiner would be to review and compare rates charged by the professionals in light of the nature of the work performed. Specifically, the fee examiner would investigate overcharges, arithmetic errors, duplicate billings, billing rates, staff allocation issues, and the value of the services rendered and other similar issues. An independent fee examiner would also prepare recommendations to the Court, based upon applicable law, previous orders of the Court and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 as established by the United States Department of Justice Executive Office of the United States Trustee, dated January 30, 1996. The appointment of an experienced and independent fee examiner will

---

[1] As detailed below and in the annexed Exhibit A, the interim fee applications filed by the Debtors' bankruptcy co-counsel, Skadden, Arps, Slate, Meagher & Flom LLP and Smith Hulsey & Busey ("SH&B"), are each <u>only</u> through April 30, 2005. Thus, Skadden's application only covers approximately 60 days and Smith Hulsey's application only covers approximately 30 days.

protect the interests of the Debtors' estates and their creditors, aid the Court in its independent review of the fee applications, promote judicial economy by narrowing and defining the scope of any fee disputes to be decided by this Court and enable the professionals in these cases to properly focus their time and attention on the restructuring of the Debtors. Finally, the anticipated costs of retaining an independent fee examiner (either at a set rate or on an hourly basis) will be significantly less than other alternatives, and will ultimately save substantial amounts for the benefit of the Debtors' estates and their creditors.

## BACKGROUND

3. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

4. On or about March 15, 2005, the New York Court entered a Final Order Approving Interim Compensation Procedures for Professionals (Docket No. 434, the "Interim Compensation Order"). Under the terms of the Interim Compensation Order, after the service of a monthly fee statement upon certain parties and the expiration of the twenty-day objection period, all retained professionals are allowed to be paid eighty

percent (80%) of their fees and all of their expenses (100%) on a provisional basis each month. Pursuant to the Interim Compensation Order, all retained professionals must file interim fee applications approximately every 120 days with the Bankruptcy Court on notice to interested parties.

5. Recently, as provided in the Interim Compensation Order, sixteen (16) different professionals filed their first interim fee applications (collectively, the "First Interim Applications") with this Court.[2] The aggregate amount of fee and expenses sought in the First Interim Applications is $15,425,360.87. Based upon the foregoing, the per diem rate for professional fees and expenses for the period from the Petition Date through May 31, 2005, is more than $154,000 including weekends and holidays. This amount <u>does not include and is in addition to</u> the fees and expenses incurred by the professionals retained by the Debtors in the ordinary course of their businesses and any incentive compensations provided for in certain of the applications.

6. Collectively, the time entries and expense detail for all professionals in the First Interim Fee Applications totals more than 2,900 pages. A chart setting forth the amount sought by each professional, and the previous amounts paid to such professionals under the Interim Compensation Order is annexed hereto as Exhibit A (the "Fee Chart"). As indicated in the annexed Fee Chart, the time period covered by the

---

[2] As noted in Exhibit A, the applications filed by Bain & Company and Togut, Segal & Segal seek <u>final</u> approval of their fees and expenses.

First Interim Applications is generally from the Petition Date[3] through and including May 31, 2005. Notably, the fee applications filed by the Debtors' bankruptcy co-counsel (Skadden Arps, Slate, Meagher & Flom LLP and Smith Hulsey & Busey) only cover approximately 60 days for Skadden and only approximately 30 days for Smith Hulsey & Busey, or from the Petition Date for Skadden (and from March 28, 2005 for SH&B) through and including April 30, 2005. Rather than burden this Court and the Office of the United States Trustee to undertake the time consuming and manpower intense exercise of reviewing these fee applications, a fee examiner should be appointed to fulfill this role in a cost and time efficient manner.

7.  The First Interim Fee Applications request interim Bankruptcy Court approval of all fees and expenses incurred during the applicable period and, specifically, payment of the twenty percent (20%) holdback (or any other amount) that have not been paid to date to such professionals. A hearing regarding the First Interim Fee Applications is scheduled for August 4, 2005.

## RELIEF REQUESTED

8.  By this Motion, the Agent respectfully requests that this Court appoint an independent fee examiner to review and report on all currently filed fee applications and any future fee applications filed by all professionals retained by the Debtors and the Committee in these cases. In addition, the Agent requests an adjournment of the August 4, 2005 hearing on the First Interim Applications and the two

---

[3] The applications filed by the professionals retained by the Committee cover the period of March

final fee applications. This adjournment is necessary to allow sufficient time for the appointment of an independent fee examiner and for the fee examiner to review and report on the First Interim Applications and the two final applications.

9. It is anticipated that if a fee examiner is appointed, it will be necessary for the professionals <u>on a going forward basis</u> to submit their time detail in an electronic format in accordance with the requirements of the fee examiner. This will allow a fee examiner to quickly and efficiently access and review such information. The Agent submits that the implementation of this type of process and procedure is warranted, but only as to <u>future</u> fee applications. With regard to the fees and expenses covered by the First Interim Applications, the professionals should not be required to convert or recreate such time entries.

## AUTHORITY FOR APPOINTMENT OF FEE EXAMINER

10. Section 330(a) of the Bankruptcy Code authorizes "reasonable compensation" for "actual" and "necessary" services rendered by professionals retained with court approval. 11 U.S.C. § 330(a). Thus, bankruptcy courts are required to review fee applications and determine the reasonableness of professional compensation. 11 U.S.C. § 330; <u>see also</u> <u>In re Lan Associates XI, L.P.</u>, 192 F.3d 109 (3d Cir. 1999); <u>Shareholders v. Sound Radio, Inc.</u>, 109 F.3d 873 (3d Cir. 1997); <u>In re Drexel Burnham Lambert Group, Inc.</u>, 133 B.R. 13. (Bankr. S.D.N.Y. 1991).

---

through May, 2005.

11. In performing such duties, a bankruptcy court, pursuant to Section 105 of the Bankruptcy Code, may appoint a fee examiner in order to implement Section 330 of the Bankruptcy Code. See In re Continental Airlines, Inc., 138 B.R. 439 (Bankr. D. Del. 1992), rev'd in part on other grounds, In re Continental Airlines, Inc., 150 B.R. 334 (D. Del. 1993) (appointment of fee examiner pursuant to Section 105 of the Bankruptcy Code); In re Maruko, Inc., 160 B.R. 633 (Bankr. S.D. Cal. 1993) (appointment of a fee examiner pursuant to Section 105 of the Bankruptcy Code and Section 706(a)[4] of the Federal Rules of Evidence).

12. In Continental, the bankruptcy court for the District of Delaware clarified the role of the fee examiner. The bankruptcy court provided that the fee examiner is the entity, "responsible for initially reviewing fee applications" for conformity with the Bankruptcy Code. In re Continental Airlines, Inc., 138 B.R. at 440. In Maruko, the bankruptcy court for the Southern District of California acknowledged the invaluable assistance of the fee examiner in addressing the logistical burdens and difficulties of reviewing multiple fee applications. The bankruptcy court held that the work of a fee examiner is likely to be invaluable to the court in determining whether the fees sought are for "actual" and "necessary" services and otherwise "reasonable" within the meaning of Section 330. In re Maruko, 160 B.R. at 637-638.

---

[4] Federal Rule of Evidence 706(a) provides, in pertinent part: "The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection."

13. Indeed, it is a common practice in large commercial bankruptcy cases, such as the Debtors, for the bankruptcy court to appoint a fee examiner to assist with the detailed and cumbersome review of fee applications. For example, fee examiners have been appointed in the following bankruptcy cases: In re Columbia Gas Systems, Inc., Case No. 91-803 (Bankr. D. Del.), El Paso Electric Company, Case No. 92-10148 (Bankr. W.D. Tex.), In re Edison Brothers Stores, Inc., Case No. 95-1354 (Bankr. D. Del.), In re Montgomery Ward, Case No. 97-1409 (Bankr. D. Del.), In re Stage Stores, Inc., Case No. 00-35078 (Bankr. S.D. Tex.), In re Federal-Mogul Global, Inc., No. 01-10578 (Bankr. D. Del.) and In re Polaroid Corporation, Case No. 01-10864 (Bankr. D. Del.).

## **ARGUMENT**

14. The appointment of an independent fee examiner will aid this Court in its statutory duty to review and evaluate the lengthy and detailed fee applications filed in these cases. After the filing of the fee examiner's report, this Court would then make any necessary conclusions regarding reasonableness and appropriateness of the requested fees and expenses.

15. The Agent acknowledges that the appointment of an independent fee examiner will result in additional administrative expenses in the form of the examiner's fees and expenses. The Agent submits, however, that the benefits which will be achieved by the appointment will outweigh such costs. Moreover, the Agent believes that the costs and expenses of implementing any other process to review fee applications

would greatly exceed a fee examiner's compensation. The potential savings from the retention of an experienced and independent examiner would likely dwarf such compensation. Moreover, any process that does not involve the retention of an impartial, third-party would give the appearance of impropriety.

16. The Agent suggests that the fee examiner should focus on the examination of fee applications for compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 as promulgated by the United States Department of Justice Executive Office of the United States Trustee dated January 30, 1996, prior Court orders, and the Bankruptcy Code. Specifically, the fee examiner should review the fee applications for duplication of services, time expended on and the need for such services, the rates charged for services, the reasonableness of such charges and any other relevant factors to determine the cost-effectiveness of the services rendered and the expenses incurred. The Agent is not suggesting the appointment of any particular examiner and believes that decision is within the province of the Office of the United States Trustee and this Court.

## CONCLUSION

17. Based upon the foregoing, the Agent submits that good cause and sufficient precedent exist for this Court to appoint a fee examiner or fee auditor to review all pending and subsequent fee applications filed by all of the professionals in these cases.

WHEREFORE, based upon the foregoing, the Agent respectfully requests that the Court adjourn the August 4, 2005 hearing on interim and final fees and enter an order appointing an independent fee examiner to review and report on the First Interim Applications and all future applications filed by any professionals retained in the Debtors' cases, and for such other and further relief as deemed necessary and appropriate.

Dated: August 1, 2005

                ROGERS TOWERS, P.A.

                By: /s/ Betsy C. Cox
                     Betsy C. Cox
                Florida Bar No. 307033
                1301 Riverplace Blvd., Suite 1500
                Jacksonville, Florida 32207
                (904) 398-3911 (telephone)
                (904) 396-0663 (facsimile)
                bcox@rtlaw.com (email)

                - and -

                OTTERBOURG, STEINDLER,
                  HOUSTON & ROSEN, P.C.
                Jonathan N. Helfat (JNH9484)
                230 Park Avenue, 29th Floor
                New York, NY 10169
                (212) 661-9100 (telephone)
                (212) 682-6104 (facsimile)
                jhelfat@oshr.com (email)

                ATTORNEYS FOR WACHOVIA
                BANK, NATIONAL ASSOCIATION,
                IN ITS CAPACITY AS AGENT FOR
                ITSELF AND CERTAIN OTHER
                POST-PETITION LENDERS

**EXHIBIT A**

| PROFESSIONAL/PERIOD COVERED | FIRST INTERIM FEES AND EXPENSES ($) | |
|---|---|---|
| **DEBTOR'S PROFESSIONALS** | | |
| **Skadden, Arps, Slate, Meagher & Flom LLP**<br>Lead Bankruptcy Counsel to Debtors<br>February 21, 2005 to April 30, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 3,012,628.00<br>144,484.19<br>**3,157,112.19**<br><br>1,462,884.40<br>89,844.28<br>**1,552,728.68** |
| **Smith Hulsey & Busey**<br>Bankruptcy Co-Counsel to Debtors<br>March 28, 2005 to April 30, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 124,944.50<br>3,318.02<br>**128,262.52**<br><br>99,955.60<br>3,318.02<br>**103,273.62** |
| **Togut, Segal & Segal LLP**<br>Conflicts Counsel to Debtors<br>February 28, 2005 to April 13, 2005<br>June 21, 2005 to July 11, 2005 (Preparation of final fee appl.)<br>**NOTE: Final Application (All work complete)** | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 105,606.50<br>756.84<br>**106,363.34**<br><br>-0-<br>-0-<br>**-0-** |
| **Xroads Solutions Group, LLP**<br>Financial and Operations Restructuring Consultants to Debtors<br>February 21, 2005 to May 28, 2005<br>(Reserves the right to request compensation for the dates<br>of May 29-31, 2005 in a future fee application) | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 4,534,122.50<br>326,995.50<br>**4,861,118.00**<br><br>3,627,298.00<br>326,995.50<br>**3,954,293.50** |
| **PricewaterhouseCoopers LLP**<br>Sarbanes-Oxley Consultants to Debtors<br>February 22, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 859,171.00<br>76,598.88<br>**935,769.88**<br><br>567,307.60<br>67,425.94<br>**634,733.54** |

| PROFESSIONAL/PERIOD COVERED | FIRST INTERIM FEES AND EXPENSES ($) | |
|---|---|---|
| **DEBTOR'S PROFESSIONALS** | | |
| **King & Spalding LLP**<br>Special Corporate & Litigation Counsel to Debtors<br>February 21, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 757,292.00<br>14,446.09<br>**771,738.09**<br><br>-0-<br>-0-<br>**-0-** |
| **KPMG LLP**<br>Auditors, Accountants and Tax Advisors to Debtors<br>February 21, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 630,913.00<br>22,408.00<br>**653,321.00**<br><br>247,706.40<br>9,326.00<br>**257,032.40** |
| **Bain & Company, Inc.**<br>Strategic and Financial Consultants to Debtors<br>February 21, 2005 to May 31, 2005<br>**NOTE: Final Application (All work complete)**<br><br><br>*Includes $800,000 for period of March 1-May 31<br>for fees and expenses | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 1,226,473.00*<br>37,923.71<br>**1,264,396.71**<br><br><br><br>500,000.00<br>(retainer) |
| **Blackstone Group, L.P.**<br>Financial Advisor to Debtors<br>February 21, 2005 to May 31, 2005<br>*Monthly Advisory Fee of $167,000 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 548,714.29<br>39,494.94<br>**588,209.23**<br><br>-0-<br>-0-<br>**-0-** |
| **Carlton Fields, P.A.**<br>Special Counsel to Debtors (Lease Litigation)<br>February 21, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 107,416.15<br>6,079.91<br>**113,496.06**<br><br>27,166.52<br>462.57<br>**27,629.09** |

| PROFESSIONAL/PERIOD COVERED | FIRST INTERIM FEES AND EXPENSES ($) | |
|---|---|---|
| **DEBTOR'S PROFESSIONALS** | | |
| **Deloitte Consulting LLP**<br>In-Store Operational Consultants to Debtors<br>May 16, 2005 to May 31, 2005<br>(Expenses are for period of May 16-28)<br> due to Deloitte's internal reporting system) | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 185,867.30<br>21,533.00<br>207,400.30<br><br>-0-<br>-0-<br>-0- |
| **Kirschner & Legler, P.A.**<br>Special Corporate Finance Counsel to Debtors<br>(DIP Financing/Store Sales & Closing, Sale of Harahan D.C. &<br>Schreiber Dispute)<br>February 22, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 93,264.00<br>130.26<br>93,394.26<br><br>74,799.99<br>188.79<br>74,988.78 |
| **Smith, Gambrell & Russel LLP**<br>Special Real Estate Counsel to the Debtors<br>February 21, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 599,135.00<br>20,408.47<br>619,543.47<br><br>320,237.20<br>16,209.90<br>336,447.10 |
| | **Debtor's Professionals Fees and Expenses Requested**<br><br>**Debtor's Professionals Fees and Expenses Paid**<br><br>**Debtor's Professionals Balance Requested** | 13,500,125.05<br><br>7,441,126.71<br><br>6,058,998.34 |

| PROFESSIONAL/PERIOD COVERED | FIRST INTERIM FEES AND EXPENSES ($) | |
|---|---|---|
| **COMMITTEE'S PROFESSIONALS** | | |
| **Milbank, Tweed, Hadley & McCloy LLP**<br>Counsel to the Committee<br>March 1, 2005 to May 31, 2005 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 1,194,617.50<br>108,654.51<br>1,303,272.01<br><br>648,406.40<br>72,611.88<br>721,018.28 |
| **Alvarez & Marsal, LLC**<br>Operations and Real Estate Advisor to the Committee<br>March 4, 2005 to May 31, 2005<br>*Monthly Advisory Fee of $100,000 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 300,000.00<br>8,738.74<br>308,738.74<br><br>-0-<br>-0-<br>**-0-** |
| **Houlihan Lokey Howard & Zukin Capital**<br>Financial Advisor to the Committee<br>March 3, 2005 to May 31, 2005<br>*Monthly Advisory Fee of $100,000 | Total Fees Requested<br>Total Expenses Requested<br>**Total Requested**<br><br>Paid Fees<br>Paid Expenses<br>**Total Paid** | 293,548.39<br>19,676.68<br>313,225.07<br><br>-0-<br>-0-<br>**-0-** |
| **Committee's Professionals Fees and Expenses Requested** | | 1,925,235.82 |
| **Committee's Professionals Fees and Expenses Paid** | | 721,018.28 |
| **Committee's Professionals Balance Requested** | | 1,204,217.54 |
| **All Professionals Fees and Expenses Requested** | | 15,425,360.87 |
| **All Professionals Fees and Expenses Paid** | | 8,162,144.99 |
| **All Professionals Balance Requested** | | 7,263,215.88 |