**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS' (I) TO SELL LEASHOLD
INTERESTS IN TARGETED STORES FREE AND CLEAR
OF LIENS, CLAIMS AND INTERETS AND EXEMPT FROM TAXES,
(II) TO ASSUME AND ASSIGN LEASES, (III) TO
REJECT LEASES THE DEBTORS ARE UNABLE TO
SELL, AND (IV) GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a), 363, 365 and 1146(c) and Fed. R. Bankr. P. 6004 and 6006 authorizing the Debtors (i) to assume and assign leases and sell their leasehold interests in the Targeted Stores[1] free and clear of liens, claims and encumbrances and exempt from taxes, (ii) in their sole discretion after consultation with the DIP Lender Agent Representatives and the Committee's Professionals, to reject leases for Targeted Stores the Debtors are unable to sell, and (iii) granting related relief (the "Motion"). **Alternatives, depending on the circumstance:** [The Court has reviewed the Motion and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested party, the Court makes the following findings of fact:] **or** [The Court has

---

[1] All capitalized terms not otherwise defined in this Order have the same meaning provided to them in the Motion.

reviewed the Motion, considered the evidence and heard argument of counsel.  After due deliberation and good and sufficient cause existing, the Court makes the following findings of fact:]

  A.  This Court has jurisdiction over the Motion and the transactions contemplated by the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).

  B.  The Debtors solicited the highest or otherwise best offer for the Targeted Lease in accordance with the bidding procedures approved by the Court by order (Docket No. 1801) dated June 21, 2005 (the "Bidding Procedures").  The Debtors held an auction for the Targeted Lease on August 9, 2005 (the "Auction"). At the Auction, _____ submitted the final bid of _____ (the "Purchaser"), representing the highest or otherwise best offer received for [Store No. _____] (the "Targeted Lease").

  C.  The Debtors have provided interested parties (including all parties asserting claims or interests in the Targeted Lease, if any) with proper notice of the Motion, the sale hearing, the Auction and the assumption and assignment of the Targeted Lease, in accordance with 11 U.S.C. §§ 102(1), 105(a), 363 and 365, Fed. R. Bankr. P. 2002(a), 6004(a) and 6006(c), Local Rule 2002-1, the Notice Procedures Order and the Bidding Procedures Order.

  D.  The Debtors marketed the Targeted Lease and conducted the sale process in compliance with the Order approving the Bidding Procedures, the Bidding Procedures, the Bankruptcy Code and all other Orders entered in these cases.  The bidding on the Targeted Lease and the Auction were conducted in a non-collusive, fair

2

502304.3

and good faith manner. The Debtors have given all interested parties a reasonable opportunity to make a highest or otherwise best offer for the Targeted Lease. In their sound business judgment, the Debtors determined that the bid submitted by the Purchaser at the Auction represented the highest or otherwise best offer for the Targeted Lease.

E. The Debtors (i) have full corporate power and authority to execute and consummate the agreement attached as Exhibit A and all related documents, and the sale of the Targeted Lease and the assumption and assignment of the Targeted Lease has been duly and validly authorized by all necessary corporate action of all applicable Debtors; and (ii) no consents or approvals, other than those expressly provided for in the Agreement, are required to consummate the transactions contemplated by the Agreement.

F. The Debtors have good business reasons to sell the Targeted Lease prior to filing a plan of reorganization pursuant to 11 U.S.C. § 363(b).

G. Neither the Purchaser nor any of its affiliates is an "insider" of any of the Debtors, as that term is defined in 11 U.S.C. § 101.

H. The Debtors and the Purchaser proposed, negotiated and entered into the Agreement, without collusion, in good faith and at arms'-length bargaining positions. Neither the Debtors nor the Purchaser have engaged in any conduct that would cause or permit the Agreement to be avoided under 11 U.S.C. § 363(n).

I. The Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded by that section.

J. The consideration the Purchaser is providing to the Debtors for the Targeted Lease (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Targeted Lease; and (iii) constitutes reasonably equivalent value.

K. The Debtors' sale and assumption and assignment of the Targeted Lease will facilitate the formulation and confirmation of a plan of reorganization. For this reason, the Debtors' sale and assumption and assignment of the Targeted Lease constitutes a transfer to which 11 U.S.C. § 1146(c) applies.

L. The Debtors' transfer of the Targeted Lease to the Purchaser pursuant to the Agreement will be a legal, valid, and effective transfer of the Targeted Lease. The Debtors' transfer of the Targeted Lease to the Purchaser vests the Purchaser with good and valid title in and to the Targeted Lease free and clear of any liens, claims, encumbrances, pledges, mortgages, security interests, charges, options or other interests of any kind or nature.

M. The Debtors will cause the net proceeds from the sale to be paid to the DIP Lender to the extent required in accordance with the terms and conditions of the Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order") (Docket No. 501), and the Loan Documents (as defined in the Final Financing Order).

N. The Debtors' assumption and assignment of the Targeted Lease is (i) an exercise of their sound business judgment, and (ii) in the best interests of the Debtors' estates and creditors.

O. The Debtors have provided each landlord of the Targeted Lease to be sold, assumed and assigned with adequate assurance that they will promptly cure any defaults under the Targeted Lease pursuant to 11 U.S.C. §§ 365(b)(1).

P. Pursuant to 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006, the amounts set forth on Exhibit B, if any, constitute all amounts due and owing under the Targeted Lease and will be fixed and allowed for the Targeted Lease (the "Cure Amount"). No other amounts are due and owing by the Debtors under the Targeted Lease. The Debtors will pay the Cure Amount, if any, in accordance with the terms and provisions of the Purchase Agreement. [*ALTERNATIVE*: The Debtors' dispute the cure obligation asserted by the affected landlord. The Debtors will pay any disputed cure amount or perform any disputed cure obligation, if any, upon entry of an order of the Court adjudicating such cure dispute.] Upon payment of the Cure Amount, all defaults, if any, under the Targeted Lease will be deemed cured.

Q. The Purchaser has provided each landlord for the Targeted Lease to be sold, assumed and assigned with adequate assurance of future performance within the meaning of 11 U.S.C. §§ 365(b)(1)(C), 365(b)(3) (to the extent the Targeted Store is located within a shopping center) and 365(f)(2)(B).

R. No default of the type described in 11 U.S.C. § 365(b)(2)(D) exists under the Targeted Lease.

S. Except as expressly set forth in the Agreement, the Purchaser will have no responsibility for any liability, claim or other obligation of or against the Debtors related to the Targeted Lease by virtue of the assumption, assignment and transfer of the Targeted Lease to the Purchaser. The Purchaser will not be deemed, as a result of any

action taken in connection with the assumption and assignment of the Targeted Lease to (i) be a successor to the Debtors (other than with respect to the Assumed Liabilities and any obligations arising under the assigned Targeted Lease from and after the closing); or (ii) have, *de facto* or otherwise, merged with or into the Debtors.  The Purchaser is not acquiring or assuming any liability, warranty, or other obligation of the Debtors, except as expressly set forth in the Purchase Agreement or in any assigned Targeted Lease.

T. The Court's approval of the Agreement is in the best interests of the Debtors, their estates and their creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted to the extent set forth in this Order.

2. All objections to the entry of this Order or to the relief granted by the Order which have not been withdrawn, waived or settled at or before the Sale Hearing are deemed and overruled on the merits.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to any of the Targeted Lease, whether or not related to the leases.

4. The Agreement is approved in all respects.  Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized (subject to applicable Closing conditions set forth in the Purchase Agreement), to consummate the Sale including transferring and conveying the Targeted Lease to the Purchaser, pursuant to and in accordance with the terms and conditions of the Agreement.

5. Upon Closing, the Debtors are authorized, in accordance with 11 U.S.C. §§ 105(a), 363 and 365 and this Order, to assume and assign the Targeted Lease to Purchaser.

6. The Debtors have satisfied the requirements of 11 U.S.C. §§ 365(b)(1), 365(b)(3) (to the extent necessary) and 365(f)(2).

7. The Targeted Lease will be assumed and assigned to the Purchaser, in accordance with their respective terms. The assigned Targeted Lease will remain in full force and effect notwithstanding any provision in the Targeted Lease to the contrary (including provisions of the type described in 11 U.S.C. §§ 365(b)(2), (e)(1) and (f)(1)) which prohibit, restrict or condition such assignment or transfer). All non-debtor parties to the Targeted Lease are deemed to have consented to the assignment, if consent was not otherwise obtained in accordance with the Agreement.

8. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized and empowered to consummate and implement fully the Agreement, together with all additional instruments and documents to the extent necessary to implement the Purchase Agreement. The Debtors are authorized to take all actions necessary for the purpose of assigning, transferring, granting, conveying, and conferring the Targeted Lease to Purchaser.

9. Any agreements, documents, or other instruments executed in connection with the Agreement may be modified, amended, or supplemented by the parties in accordance with the terms of the Agreement without further order of the Court, provided that (i) the Debtors first obtain the prior written consent of (a) the DIP Lender, and (b) the Creditors' Committee, which consent will not be unreasonably withheld, and

(ii) any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

10. The Debtors will transfer the Targeted Lease to the Purchaser upon closing free and clear of all Claims and/or Interests pursuant to 11 U.S.C. §§ 105(a) and 363(f). The only Claims and/or Interests in the Targeted Lease are those of the landlord with respect to the applicable Targeted Lease being sold and assigned pursuant to the Agreement and the senior liens and superpriority administrative claims of the DIP Lender. The Claims and/or Interests of such landlord will be satisfied by the Debtors' cure of any defaults under the respective Targeted Lease and the Debtors and the Purchasers demonstration of adequate assurance of future performance under 11 U.S.C. §365. The senior liens and superpriority administrative Claims and/or Interests of the DIP Lender will attach to the proceeds of the Sale in accordance with the Final Financing Order and the Loan Documents (as defined in the Final Financing Order).

11. The Debtors will cause the net proceeds from the sale to be paid to the DIP Lender to the extent required in accordance with the terms and conditions of the Final Financing Order and the Loan Documents.

12. The Debtors' transfer of the Targeted Lease pursuant to the terms of the Agreement is a transfer pursuant to 11 U.S.C. § 1146(c). Accordingly, the making, delivery, filing or recording of any deeds, assignments or other transfer documents in connection with the sale (the "Transfer Instruments"), will not be taxed under any law imposing a recording tax, stamp tax, transfer tax or similar tax (including without limitation, any transfer or recordation tax applicable to deeds and/or security interests).

13. The Purchaser provided the Debtors with reasonably equivalent value and fair consideration for the Targeted Lease under the Bankruptcy Code and applicable non-bankruptcy law. For that reason, the transfer may not be avoided under 11 U.S.C. § 363(n).

14. The Cure Amount for the Targeted Lease is fixed in the respective amounts set forth on Exhibit B. [*ALTERNATIVE:* The Cure Amount for the Targeted Lease will be adjudicated by the Court at a hearing to be held on _____.] All defaults, claims or other obligations of the Debtors arising or accruing under each of the Targeted Lease, if any, prior to assumption (without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. § 365(b)(2)) will be cured by the Debtors in accordance with the Purchase Agreement, by paying the Cure Amount. No other or further monetary amounts or obligations are due or existing under the Targeted Lease by the Debtors, whether pursuant to 11 U.S.C. § 365(b)(1) or otherwise.

15. Pursuant to 11 U.S.C. § 365(k), upon the assignment of the Targeted Lease to the Purchaser, (a) the Debtors and their estates are relieved from any and all liability for any breach of the Targeted Lease occurring after assignment to the Purchaser, and (b) the Purchaser is responsible for any and all claims and obligations under the Targeted Lease occurring or arising on and after the Assignment (as defined in the Agreement).

16. Subject to the terms of this Order and the Agreement, the Purchaser assumes all rights and obligations of the Debtors under the Targeted Lease.

17. All non-Debtor parties to the Targeted Lease are forever enjoined and estopped from contesting the Cure Amounts (other than those asserted in connection with the Sale) and from asserting any default against the Purchaser which existed as of the date of the sale hearing.

18. Upon the Debtors assignment of the Targeted Lease to the Purchaser, no default will exist under the Targeted Lease. Upon entry of this Order and the assumption and assignment of the Targeted Lease, the Purchaser is deemed to be in compliance with all terms and provisions of the Targeted Lease.

19. Upon Closing of the sale of Targeted Lease in accordance with the Agreement and this Order, the Purchaser will be deemed to have acted in good faith in purchasing the Targeted Lease under the Agreement as that term is used in 11 U.S.C § 363(m). For that reason, any reversal or modification of the Order on appeal will not affect the validity of the Sale to the Purchaser, unless such authorization is duly stayed pending such appeal.

20. This Court retains exclusive jurisdiction to (a) enforce and implement the Agreement, and any other agreements and instruments executed in connection with the Agreement, (b) compel delivery of possession of the Targeted Lease to Purchaser, (c) resolve any disputes, controversies or claims arising out of or relating to the Agreement, and (d) interpret, implement and enforce the provisions of this Order.

21. The terms and provisions of the Agreement and this Order will be binding in all respects upon, and will inure to the benefit of, the Debtors, their estates, the Purchaser and its respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee under any chapter of

the Bankruptcy Code, as to which trustee such terms and provisions likewise will be binding.

22. To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the Agreement and this Order, the provisions contained in this Order will control.

23. Notwithstanding Fed. R. Bankr. P. 6004(g) and 6006(d), this Order will take effect immediately upon entry.

Dated this _____ day of August 2005 in Jacksonville, Florida.

                                                Jerry A. Funk
                                                United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion.