UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## SECOND SUPPLEMENTAL DECLARATION OF D. J. BAKER

I, D. J. Baker, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps" or the "Firm"), which maintains offices, among others, for the practice of law at Four Times Square, New York, New York 10036-6522.

2. I submit this declaration to supplement the disclosures set forth in my declaration dated February 21, 2005 (the "Initial Declaration"), and my first supplemental declaration dated May 18, 2005 (the "First Supplemental Declaration") (the Initial Declaration and the First Supplemental Declaration collectively, the "Prior Declarations"), each in support of Skadden, Arps' retention as lead restructuring and bankruptcy counsel to Winn-Dixie Stores, Inc. ("Winn-Dixie") and certain of its subsidiaries, the debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"). Except as otherwise indicated, I have personal

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

3. In connection with its retention as counsel for the Debtors, Skadden, Arps reviewed its records and filed the Prior Declarations disclosing identified connections with parties in interest in these cases. In accordance with the representations made in the Prior Declarations, Skadden, Arps has continued to conduct further periodic checks with respect to known and newly-identified persons and parties in interest in these cases, including parties that have submitted bids (the "Bidding Parties") in connection with the Debtors' contemplated sale of certain assets (the "Sale Process").

4. As a result of such process, Skadden, Arps discloses that, in addition to the entities or individuals previously disclosed in the Prior Declarations, Skadden, Arps (a) currently represents or has represented and/or (b) has the indicated connections with, the following entities or individuals, or entities or individuals that are affiliates of the following entities or individuals, in matters unrelated to the Debtors, their reorganization cases or such entities' claims against or interests in the Debtors:

(a) <u>Debtors' Professionals</u>: Gordon Brothers Retail Partners, LLC.[3]

(b) <u>Miscellaneous Contract/Lease Parties</u>: Hallmark Marketing Corporation.

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Skadden, Arps and are based upon information provided by them.

[3] Gordon Brothers Group is a Skadden, Arps client. Skadden, Arps advised Gordon Brothers Group with respect to a bid on assets in which DJM Asset Management, LLC was also involved on behalf of Gordon Brothers Group. The assets in question bore no relation to the Debtors or these cases. In connection with this bid, which was ultimately not accepted, the legal advice provided by Skadden, Arps to Gordon Brothers Group may have extended to DJM Asset Management, LLC, but DJM Asset Management, LLC is not separately identified as a client in Skadden, Arps' client data base.

  (c) <u>Bidding Parties</u>:[4] BI-LO, LLC; Eckerd Corporation; Rite Aid Corporation; SuperValu Inc.; Target Corporation; and Wal-Mart Stores, Inc.

  (d) <u>Certain Other Identified Parties</u>: Citicorp Vendor Finance, Inc.; CSX Transportation; Dean Foods Company; Gulf Power Company; Hobart Corporation; LaSalle Bank National Association; MeadWestvaco Corporation; Orion Investment and Management Ltd. Corp.; and Pfizer Inc.

Skadden, Arps will not represent any of the parties identified herein in any matter involving the Debtors.

  5. In addition to the Bidding Parties listed above, whose identity as Bidding Parties has been made public by the Debtors, Skadden, Arps may represent other Bidding Parties, or affiliates of such Bidding Parties, whose identities remain confidential as part of the Debtors' ongoing Sale Process (the "Confidential Bidding Clients").[5] Skadden, Arps will not represent any Confidential Bidding Client in any matter involving the Debtors. To the extent that it is appropriate to do so in the future, Skadden, Arps will file a supplemental declaration identifying the Confidential Bidding Clients.

  6. Skadden, Arps is one of the largest law firms in the world and has a diverse client base. Of the entities listed herein, none accounted for 1% or more of Skadden, Arps' total value of time billed during the last year. When coupled with their respective affiliates, one of the entities listed herein accounted for slightly more than 3% of Skadden, Arps' total value of time billed during the last year, while the other listed entities remained below 1%.

---

[4] Skadden, Arps has previously disclosed relationships with certain of the following Bidding Parties in the Prior Declarations. However, such disclosures occurred prior to the commencement of the Sale Process and, accordingly, the disclosed entities were not identified as Bidding Parties.

[5] Although Skadden, Arps has provided certain legal services to the Debtors in connection with the Sale Process when asked to do so, the law firms of King & Spalding LLP and Smith Hulsey & Busey have taken the lead in advising the Debtors with respect to the Sale Process.

7.  If Skadden, Arps should come into possession of information that would suggest the existence of a potential claim that the Debtors have or might have against one or more of the parties identified or referred to above, Skadden, Arps will advise the Debtors of such information and, to the extent necessary or appropriate, either seek a waiver from such party or rely on other counsel retained by the Debtors to investigate and pursue any such claim.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on August 2, 2005.

/s/ D. J. Baker
_____
D. J. Baker

SKADDEN, ARPS, SLATE,
　MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

4

1019818-New York Server 7A - MSW