UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### ORDER APPROVING STIPULATION BETWEEN DEBTORS AND CERTAIN TRADE VENDORS REGARDING RECONCILIATION AND TREATMENT OF TRADE VENDORS' RECLAMATION CLAIMS AND ESTABLISHING POST-PETITION TRADE LIEN PROGRAM

These matters came before the Court for hearing on July 29, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order approving a settlement between the Vendors[1] and the Debtors on the terms set forth in the Stipulation attached as Exhibit A hereto (the "Stipulation"). The Court has reviewed the Motion and the Stipulation and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, and after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The settlement described in the Stipulation is approved.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Motion.

3. The Debtors are authorized to take any and all actions that may be required to implement the settlement described in the Stipulation.

4. Neither the Debtors nor any Participating Vendor shall be required to file any financing statement, continuation statement, notice of lien or similar instrument in any jurisdiction or take any other action to comply with the perfection requirements of the Uniform Commercial Code or other requirements of law that may be applicable to the perfection of security interests granted hereunder, all of such requirements are hereby deemed satisfied.

5. The provisions of this Order and any actions taken pursuant hereto or pursuant to the Stipulation shall survive entry of an order (a) confirming any plan of reorganization in any of the Chapter 11 cases, (b) the conversion of any of these Chapter 11 cases to a case under Chapter 7 of the Bankruptcy Code, (c); the appointment of a trustee or examiner in any of the Chapter 11 cases, or (d) the dismissal of any of the Chapter 11 cases.

6. Creditors who opt in pursuant to the Stipulation shall not be deemed to waive any defenses to any preference claim, whether asserted by the Debtors or any party in interest.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

00503518.DOC

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: cartes            Page 1 of 1              Date Rcvd: Aug 01, 2005
Case: 05-03817              Form ID: pdfdoc         Total Served: 1
```

The following entities were served by first class mail on Aug 03, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 03, 2005**                          Signature:  *Joseph Speetjens*