# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Case No. 05-03817-3F1 |
| | ) |
| Debtors. | ) Jointly Administered |

## STIPULATION BETWEEN DEBTORS AND HERITAGE MINT LTD. RESOLVING RIGHTS OF PARTIES UNDER CONTRACT

This Stipulation (the "Stipulation") is entered into between (i) Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned case ("Winn-Dixie" or the "Debtors"), and Heritage Mint Ltd. ("Heritage").

## RECITALS

WHEREAS, on February 21, 2005, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court");

WHEREAS, on March 1, 2005, the United States Trustee for the Southern District of New York duly appointed the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al.;

WHEREAS, on April 13, 2005, the New York Court entered an order (Dkt. No. 731) transferring venue of the Debtors' chapter 11 cases to the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court");

WHEREAS, Heritage has filed a motion (the "Motion") requesting the Bankruptcy Court to enter an order shortening the time for Debtors to assume or reject its executory contract (the "Contract") with Heritage for the purchase of goods;

WHEREAS, Heritage delivered goods under the Contract pre-petition totaling $197,341.68, for which it has not been paid;

WHEREAS, Heritage delivered goods under the Contract post-petition totaling $29,873.04, for which it has not been paid;

WHEREAS, Heritage delivered goods under the Contract post-petition totaling $528,016.08, for which it has been paid in full;

WHEREAS, the Debtors seek to return goods delivered under the Contract totaling $217,474.00;

WHEREAS, Wachovia Bank, National Association, the agent for the Debtors' post-petition financing, both on behalf of the post-petition lenders as secured parties and as assignees of pre-petition liens, has no objection to the return of the goods to Heritage and Heritage's disposition of the goods in accordance with the terms hereof and reconciliation of accounts provided for herein; and

WHEREAS, the parties desire that returns to Heritage be accomplished in the most expeditious fashion possible and that concurrent with such return the legal effect and treatment of such returns be resolved;

Now therefore, the parties agree to the following terms to resolve the issues currently before the court on the Motion:

## AGREEMENT

1. **Return of Goods.** Heritage shall accept the return of goods it delivered pre-petition and post-petition under the Contract totaling $217,474.00, to be picked up by Heritage on or before July 26, 2005. Thereafter, the Debtors shall not return additional goods pursuant to the Contract.

2. **Unpaid Invoice.** The parties shall deem unpaid invoice number 1-263861 in the amount of $29,873.04 to represent a post-petition delivery, and shall deem the return of goods up to the amount of $29,873.04 to entitle Heritage to credit the Debtors unpaid balance in the same amount.

3. **Prorated Treatment.** After subtracting the goods returned under the unpaid invoice from the total returns, the parties will attribute 70% of the remaining goods returned to be post-petition deliveries and will attribute the other 30% of goods returned to be pre-petition deliveries, and shall deem such goods as having been reclaimed by Heritage.

4. **Automatic Stay.** The parties stipulate to the modification of the automatic stay to permit Heritage to perform the accounting functions and crediting of returns permitted and authorized pursuant to this Stipulation.

5. **Repayment for Returned Goods.** After allocating the returns as provided above, Heritage shall deliver repayment for returned goods in an amount arrived at by the following formula:

    | | | |
    |---|---|---|
    | Total Returns | | $217,474.00 |
    | | Less | total value of unpaid invoice ($29,873.04) |
    | | Less | $56,280.29 (30% of $187,600.96) |
    | Total payment | | $131,320.67 (70% of $187,600.96) |

6. **Value of Remaining Reclamation Claim And Effect of Settlement Agreement.** To the extent that any reclamation claim asserted by Heritage remains after the procedures

2

set forth above are undertaken, Heritage's right to assert such remaining reclamation claim shall be governed by the law of the case (including without limitation the Final Reclamation Order dated April 4, 2005). Except as specifically provided in this Stipulation, all other rights, claims, defenses and liability shall remain in full force and effect.

7. **Payment.** Heritage shall pay the Debtors the sum of $131,320.67 by the later of (i) August 12, 2005, or (ii) within two days after the Bankruptcy Court enters an order approving this Stipulation.

8. **Construction of this Stipulation.** The parties represent and agree that the terms and provisions of this Stipulation are the product of arm's length negotiation and equal input by the parties such that they shall not be construed against any party as the drafter of this Stipulation.

9. **Bankruptcy Court Approval.** This entire Stipulation is expressly subject to and contingent upon approval by the Bankruptcy Court.

10. **Execution in Counterparts.** This Stipulation may be executed in one or more counterparts and delivered by facsimile, all of which shall be considered one and the same agreement, and shall become effective when one or more such counterparts have been signed by each of the parties and delivered to all parties.

11. **Non-Severability.** The provisions of this Stipulation are mutually interdependent, indivisible, and non-severable.

12. **Jurisdiction.** Each of the parties herby consents to the exclusive jurisdiction of the Bankruptcy Court to interpret, implement and enforce the provisions of this Stipulation.

13. **Terms Hereof Are Contractual.** The terms of this Stipulation are contractual and not mere recitals, and no representations have been made which are not contained herein.

14. **Authority.** Each signatory to this Stipulation expressly warrants and represents that he or she has full authority to bind the party on whose behalf said signatory is executing this Stipulation.

15. **Further Documents.** The parties hereto shall each execute and deliver any and all additional documents and do any and all things reasonably necessary to carry out the intent of the parties pursuant to this Stipulation.

16. **Headings.** Section headings used in this Stipulation are for convenience only and are not to affect the construction of, or be taken into consideration in interpreting, this Stipulation.

3

**IN WITNESS WHEREOF**, each of the parties below has caused a counterpart of this Stipulation to be executed and delivered by its duly authorized signatory as of the date written below.

Dated: August 3, 2005

SMITH HULSEY & BUSEY

By: /s/ James H. Post
James H. Post, Esq.
Florida Bar No. 175460
jpost@smithhulsey.com
225 Water Street,
1800 Wachovia Tower
Jacksonville, Florida 32202
Phone: (904) 359-7700
Fax:     (904) 359-7708

-and-

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
D. Jan Baker, Esq.
Sally McDonald Henry, Esq.
Rosalie Walker Gray, Esq.
Four Times Square
New York, New York 10036
Phone: (212) 735-3000
Fax:     (212) 735-2000

Co-Counsel to Winn-Dixie Stores, Inc., et al.

**LANG & BAKER, PLC**
Kent A. Lang
Suzanne K. Weathermon
8233 Via Paseo del Norte, Suite C-100
Scottsdale, AZ 85258
(480) 947-1911

-and-

4

SHUTTS & BOWEN LLP

By: _____
Andrew M. Brumby
Florida Bar No. 650080
Kathleen M. Krak
Florida Bar No. 045548
300 S. Orange Ave., Suite 1000
Post Office Box 4956 (32802-4956)
Orlando, Florida 32801-5403
(407) 423-3200

Attorneys for Heritage Mint, Ltd.