UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| Debtors. | ) | Jointly Administered |

ORDER APPROVING FIRST INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC, OPERATIONS AND REAL ESTATE ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM
MARCH 4, 2005 THROUGH AND INCLUDING MAY 31, 2005

Upon the first interim application of Alvarez & Marsal, LLC ("A&M") for allowance of compensation for services rendered and reimbursement of expenses as operations and real estate advisor to the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. et al., (the "Application"); and due and proper notice of the Application having been given under the circumstances; and it appearing that no further notice need be given; and after a hearing on August 4, 2005; and after statements provided in support of the Application; and the Court having determined that the factual and legal bases set forth in the Application establish just cause for the approval of compensation and reimbursement requested; and upon all the proceedings had before the Court;

{JA245630;2}

1

and after due deliberation and sufficient cause appearing therefore it is hereby

ORDERED ADJUDGED AND DECREED THAT:

1. The Application is granted

2. The fees earned and the expenses incurred by A&M during the Application Period, as set forth in the First Application, are approved and allowed.

3. The Debtors are authorized and directed to pay to A&M (to the extent not previously paid) the sums of: (i) $300,000.00, representing fees earned by A&M during the Application Period and (ii) $8,738.74, representing expenses incurred by A&M during the Application Period.

4. The relief granted in this Order is without prejudice to the rights of A&M to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the Application Period for which approval has not previously been sought and denied, upon application to this Court.

{JA245630;2}

5. All interim fees and expenses are subject to review by the fee examiner to be appointed by the Court, parties in interest and this Court, and no determination is made at this time as to reasonableness. Interim Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated this 4th day of August, 2005, in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge