UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                       Case No. 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,             Chapter 11

　　　　Debtors.                               Jointly Administered

_____/

**ORDER, UNDER 11 U.S.C. §§ 330 AND 331, GRANTING FIRST APPLICATION OF MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP, COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM MARCH 1, 2005 THROUGH AND INCLUDING MAY 31, 2005**

This case is before the Court on the application (the "Application") of Milbank, Tweed, Hadley & M<sup>c</sup>Cloy LLP ("Milbank"), counsel for the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, "Winn-Dixie" or the "Debtors"), for entry of an order, pursuant to 11 U.S.C. §§ 330(a) and 331, rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Final Order Approving Interim Compensation Procedures for Professionals, dated March 15, 2005 (Docket No. 434) (the "Interim Compensation Order"),

{JA245631;2}

(a) allowing (i) interim compensation for professional services rendered from March 1, 2005 through and including May 31, 2005 (the "First Interim Compensation Period"), in the aggregate amount of $1,194,617.50, and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $108,654.51, for a total award of $1,303,272.01 and (b) authorizing and directing the Debtors to pay to Milbank $582,253.73, which is the total amount outstanding and unpaid by the Debtors to Milbank pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the First Interim Compensation Period; the Court having reviewed the Application and having heard the statements of counsel in support of the relief requested therein; and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after notice and a hearing on August 4, 2005 to consider the Application; and upon the record and the evidence presented and after due deliberation thereon; and due and proper notice of the Application having been given; and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted; and it is further

ORDERED, that Milbank is allowed (a) interim compensation for professional services rendered as counsel to

the Committee during the First Interim Compensation Period in the amount of $1,194,617.50 and (b) reimbursement of expenses incurred in connection with rendering such services in the amount of $108,654.51, for a total award of $1,303,272.01; and it is further

ORDERED, that the Debtors are authorized and directed to pay to Milbank within five days from the date of entry of this Order $582,253.73, which is the total amount outstanding to Milbank and unpaid by the Debtors pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the First Interim Compensation Period; and it is further

ORDERED, that the relief granted in this Order is without prejudice to the rights of Milbank to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the First Interim Compensation Period for which approval has not previously been sought and denied, upon application to this Court; and it is further

ORDERED, that all interim fees and expenses are subject to review by the fee examiner to be appointed by the Court, parties in interest and this Court, and no determination is made at this time as to reasonableness. Interim Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated this 4th day of August, 2005, in Jacksonville, Florida

*[signature]*
Jerry A. Funk
United States Bankruptcy Judge