## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | ) CASE NO. 05-03817-JAF |
| | ) |
| WINN DIXIE STORES, INC., *ET AL.*, | ) CHAPTER 11 |
| | ) |
| DEBTOR. | ) Judge Jerry A. Funk |
| | ) Jointly Administered |

## MOTION OF HERITAGE SPE LLC TO ENLARGE TIME AND GRANT LEAVE TO FILE AN OBJECTION TO CURE AMOUNT PROVIDED IN DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF

Heritage SPE LLC ("Heritage"), a lessor of nonresidential real property in the above-captioned, jointly administered bankruptcy cases hereby moves (the "Motion") the Court to enter an Order extending the time in which Heritage may object to the cure claim (the "Cure Claim") for the lease of store number 2106 as listed in Exhibit F attached to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief **[Docket No. 1961]** (the "July Auction Motion") and that Heritage be granted leave to file its Limited Objection of Heritage SPE LLC to the Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Limited Objection") filed substantially contemporaneously herewith, and, in support thereof, respectfully states as follows:

1.      On February 21, 2005, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. Pursuant to an order dated April 13, 2005, venue for these jointly administered bankruptcy cases was transferred to this Court.

2.      Heritage is a lessor of certain shopping center spaces as to which one or more of the Debtors is the lessee. The Debtors have identified the lease located in the McMullen Creek Shopping Center in Charlotte, North Carolina (the "McMullen Creek Lease"), lease no. 2106, as one of the Debtors' Targeted Stores[1] in the July Auction Motion.

3.      Pursuant to the McMullen Creek Lease, the Debtors are obligated to pay Heritage amounts for base rent as well as additional rent, which includes but is not limited to amounts for common area maintenance ("CAM") and real estate taxes that accrue in regular intervals.

4.      Heritage has at least one additional lease of nonresidential real property with the Debtors that is not the subject of either the July Auction Motion or the subsequent Amended Motion of the Debtors for Order Authorizing the Debtors (I) To Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) To Assume and Assign Leases (III) To Reject Targeted Leases the Debtors Are Unable to Sell and (IV) Granting Related Relief (the "August Auction Motion").

---

[1] Unless otherwise specified herein, all capitalized terms shall have the meaning ascribed to them in the July Auction Motion.

5.      In the July Auction Motion, the Debtors seek, amongst other things, authority to fix the Cure Claim for the McMullen Creek Lease. In Exhibit F attached to the July Auction Motion, the Debtors list the amount of the Cure Claim as $5,700.74 based on the Debtors' obligation to pay CAM under the McMullen Creek Lease.

6.      In fact, Heritage's Cure Claim is currently approximately $209,651.01 and is comprised of multiple, unpaid amounts for CAM and various tax obligations owed by the Debtors as additional rent under the McMullen Creek Lease. Furthermore, additional amounts may accrue under the McMullen Creek Lease that may further increase the amount of the Cure Claim. Therefore, Heritage desires to object to any attempt to fix the amount of the Cure Claim for less than $209,651.01 plus any other unpaid amounts that come due prior to any assumption of the McMullen Creek Lease.

7.      Heritage acknowledges that paragraph 14 of the July Auction Motion purports to establish a cure claim objection deadline of July 14, 2005 (the "Purported Cure Claim Objection Deadline"). However, Heritage did not receive adequate notice of the July Auction Motion in that: (1) as indicated on the certificate of service (the "Certificate of Service") **[Docket No. 2489]**, the July Auction Motion was not mailed to Heritage until July 2, 2005, merely 12 days before the Purported Cure Claim Deadline; and (2) the July Auction Motion was mailed to Heritage at "Heritage SPE LLC, Group #60, P.O.Box 5-497, Woburn, MA 01815," an address for a lockbox where Heritage receives rent payments, not legal notices. As such, the appropriate Heritage personnel did not have adequate time to review and object to the Cure Claim.

8.     Additionally, the Notice **[Docket No. 1962]** for the July Auction Motion does not reference the Purported Cure Claim Objection Deadline, which is buried in paragraph 14 of the July Auction Motion.

9.     Moreover, permitting Heritage to object to the Cure Claim at this time will not prejudice the Debtors, because the McMullen Creek Lease was not sold pursuant to the July Auction Motion.

10.     It is Heritage's understanding that the Debtors withdrew the July Auction Motion with respect to the McMullen Creek Lease but that the Debtors continue to assert that the Cure Claim is limited to $5,700.74.  Therefore, Heritage will be prejudiced if it is not granted leave to object to the Cure Claim, as the Debtors are seeking to sell the McMullin Creek Lease pursuant to the August Auction Motion.  Heritage filed and provided the Debtors notice of its Limited Objection prior to the August 9, 2005, auction contemplated in the August Auction Motion.

11.     Fed. R. Bankr. P. 9006(b)(1) permits, at any time for cause shown, the Court to use its discretion to enlarge the time in which Heritage has to object to July Auction Motion, including the amount of the Cure Claim listed in Exhibit F attached thereto, if the Court determines that Heritage's failure to act was the result of excusable neglect.  As shown in the facts set forth above, good cause exists for granting the relief sought herein.

WHEREFORE, Heritage requests that the Court enter an Order enlarging the time in which Heritage may object to the Cure Claim as listed in Exhibit F attached to the July Auction Motion, granting Heritage leave to file the Limited Objection, and providing for such other and further relief as the Court deems just and appropriate.

Dated: August 5, 2005                           Respectfully submitted,


                                                /s/ Charles L. Gibbs II
                                                One of the attorneys for
                                                Heritage SPE, LLC

                                                Charles L. Gibbs II
                                                Fla. Bar No. 0736651
                                                McGuireWoods LLP
                                                50 N. Laura St.
                                                Suite 3300
                                                Jacksonville, FL 32202
                                                (904) 798-3200
                                                cgibbs@mcguirewoods.com

                                                - and -

                                                Richard J. Mason, P.C.
                                                Michael M. Schmahl
                                                McGuireWoods LLP
                                                77 W. Wacker Drive
                                                Suite 4100
                                                Chicago, IL 60601
                                                (312) 558-1000