UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| Debtors. | ) | Jointly Administered |

ORDER APPROVING FIRST INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC, OPERATIONS AND REAL ESTATE ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM
MARCH 4, 2005 THROUGH AND INCLUDING MAY 31, 2005

Upon the first interim application of Alvarez & Marsal, LLC ("A&M") for allowance of compensation for services rendered and reimbursement of expenses as operations and real estate advisor to the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. et al., (the "Application"); and due and proper notice of the Application having been given under the circumstances; and it appearing that no further notice need be given; and after a hearing on August 4, 2005; and after statements provided in support of the Application; and the Court having determined that the factual and legal bases set forth in the Application establish just cause for the approval of compensation and reimbursement requested; and upon all the proceedings had before the Court;

{JA245630;2}

1

and after due deliberation and sufficient cause appearing therefore it is hereby

ORDERED ADJUDGED AND DECREED THAT:

1. The Application is granted

2. The fees earned and the expenses incurred by A&M during the Application Period, as set forth in the First Application, are approved and allowed.

3. The Debtors are authorized and directed to pay to A&M (to the extent not previously paid) the sums of: (i) $300,000.00, representing fees earned by A&M during the Application Period and (ii) $8,738.74, representing expenses incurred by A&M during the Application Period.

4. The relief granted in this Order is without prejudice to the rights of A&M to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the Application Period for which approval has not previously been sought and denied, upon application to this Court.

{JA245630;2}

5. All interim fees and expenses are subject to review by the fee examiner to be appointed by the Court, parties in interest and this Court, and no determination is made at this time as to reasonableness. Interim Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated this 4th day of August, 2005, in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge

{JA245630;2}

3

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes              Page 1 of 1              Date Rcvd: Aug 05, 2005
Case: 05-03817                Form ID: pdfdoc           Total Served: 2
```

The following entities were served by first class mail on Aug 07, 2005.
aty      +Dennis F. Dunne,   Milbank, Tweed, Hadley & McCloy LLP,   1 Chase Manhattan Plaza,
           New York, NY 10005-1401
aty      +John B. Macdonald,   Akerman Senterfitt,   50 North Laura Street,   Suite 2500,
           Jacksonville, FL 32202-3646

The following entities were served by electronic transmission.
NONE.                                                                                          TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 07, 2005**                    Signature:    *Joseph Speetjens*