UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------------------x
: 
In re: : Case No. 05-03817-3F1
: 
WINN-DIXIE STORES, INC., *et al.*, :
Chapter 11
: 
Debtors. : Jointly Administered
: 
---------------------------------------------------------------x

### ORDER APPROVING FINAL APPLICATION OF TOGUT, SEGAL & SEGAL LLP PURSUANT TO ORDER DATED MAY 19, 2005 FOR SERVICES RENDERED AS BANKRUPTCY CONFLICTS COUNSEL TO THE DEBTORS AND FOR REIMBURSEMENT OF EXPENSES

These cases came before the Court upon the application dated July 12, 2005 (the "Application"), made pursuant to this Court's May 19, 2005 Order, of Togut, Segal & Segal LLP ("TS&S"), as bankruptcy conflicts counsel for Winn-Dixie Stores, Inc. and the other above-captioned debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors"), for an order (i) allowing compensation for professional services rendered on behalf of the Debtors in the amount of $105,606.50; and (ii) allowing actual, necessary expenses incurred in connection with the rendition of such professional services in the amount of $756.84, for the period February 28, 2005 through April 13, 2005, (the "Application Period"). A hearing on the Final Application was held on August 4, 2005. The Court has read the Application, considered the representations of counsel, and has determined that notice of the Application was good and sufficient under the circumstances, and that no other or further notice need be given.

Accordingly, it is

**ORDERED AND ADJUDGED THAT:**

1. The Application is granted; and

2. The fees earned and the expenses incurred by TS&S during the Application Period, as set forth in the Application, are approved and allowed; and

3. The Debtors are authorized and directed to pay to TS&S (to the extent not previously paid) the sums of: (i) $105,606.50, representing fees earned TS&S during and in connection with the Application Period; and (ii) $756.84, representing expenses incurred by TS&S during the Application Period; and

4. The relief granted in this Order is without prejudice to the rights of TS&S to submit an abbreviated application for allowance and payment of compensation and reimbursement of expenses for the fees and costs connected with the final allowance of the fees herein awarded; and

5. All fees and expenses are subject to review by the fee examiner to be appointed by the Court, parties in interest and this Court, and no determination is made at this time as to reasonableness. Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated this ____ day of August 2005 in Jacksonville, Florida

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Application.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: Aug 05, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1

The following entities were served by first class mail on Aug 07, 2005.
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,    225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                      TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 07, 2005**                              **Signature:** _Joseph Speetjens_