**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                          )   Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                )   *Chapter 11*

Debtors.                                        )   Jointly Administered
                                                )

**ORDER APPROVING FIRST INTERIM APPLICATION OF**
**SMITH GAMBRELL & RUSSELL, LLP**
**FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**
**(FEBRUARY 21, 2005 THROUGH MAY 31, 2005)**

These cases came before the Court upon the application dated July 14, 2005 (the

"First Application") of Smith, Gambrell & Russell, LLP ("SGR") for an order under 11

U.S.C. §§ 330 and 331 (i) allowing compensation for professional services rendered on

behalf of the Debtors in the amount of $599,135.00 and authorizing payment of

compensation not previously received, and (ii) allowing actual, necessary expenses

incurred in connection with the rendition of such professional services in the amount of

$20,408.47, and authorizing reimbursement of expenses not previously received, for the

period from February 21, 2005 through May 31, 2005 (the "Application Period").   A

hearing on the First Application was held on August 4, 2005.   The Court has read the

First Application, considered the representations of counsel and has determined that

notice of the First Application was good and sufficient under the circumstances and that

no other or further notice need be given.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The First Application is granted.

2.      The fees earned and the expenses incurred by SGR during the Application Period, as set forth in the First Application, are approved and allowed.

3.      The Debtors are authorized and directed to pay to SGR (to the extent not previously paid) the sums of:  (i) $499,716.47 consisting of compensation of $479,308.00 (80% of $599,135.00), plus $20,408.47 of expenses (100% of $20,408.47).

4.      The relief granted in this Order is without prejudice to the rights of SGR to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the Application Period for which approval has not previously been sought and denied, upon application to this Court.

5.      All interim fees and expenses are subject to review by the fee examiner to be appointed by the Court, parties in interest and this Court, and no determination is made at this time as to reasonableness.  Interim fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated this ___4___ day of ___August___ 2005 in Jacksonville, Florida

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the First Application.

- 2 -

00503947.2

**BAE SYSTEMS**

**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE  OF  SERVICE

District/off: 113A-3          User: cartes          Page 1 of 1                    Date Rcvd: Aug 05, 2005
Case: 05-03817               Form ID: pdfdoc        Total Served: 1

The following entities were served by first class mail on Aug 07, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 07, 2005**                    **Signature:**