UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO RENEW CERTAIN INSURANCE PROGRAMS AND ASSUME WORKERS' COMPENSATION PROGRAM

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"[1]) for entry of an order pursuant to sections 105, 363, 364 and 365 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") authorizing the Debtors to renew certain insurance programs and related agreements with ACE American Insurance Company ("ACE") that commenced on July 1, 2004 and to assume the Workers' Compensation Program (the "Motion"). The Court has reviewed the Motion, and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief and that granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2. Pursuant to 11 U.S.C. §§ 105 and 363, the Debtors are authorized to renew the Insurance Programs with ACE, to enter into insurance policies and program agreements reasonably necessary or appropriate to implement or maintain the Insurance Programs, and to pay their obligations under the Insurance Programs, including premiums and losses, in the ordinary course of business, without further order of this Court.

3. The Debtors shall provide additional security to ACE to the extent required under the Insurance Programs and authorized under the Debtors' postpetition financing facility (the "DIP Facility") or authorized by Court order, provided that the terms of the Insurance Programs do not materially adversely change, with respect to the Debtors, and the Debtors first obtain the consent of the Creditors' Committee and the Debtors' postpetition secured lenders (the "DIP Lenders"), which consents shall not be unreasonably withheld. Nothing stated in this paragraph shall be deemed to impair ACE's rights under the Insurance Programs.

4. The Debtors are authorized to enter into further renewals of the Insurance Programs in the ordinary course of their business, without further order of this Court, and this Order will govern such renewals, provided that the terms of the Insurance Programs do not materially adversely change, with respect to the Debtors, and the Debtors first obtain the consent of the Creditors' Committee and the DIP Lenders, which consents shall not be unreasonably withheld.

5. The Debtors are further authorized to renew their other insurance programs referenced in the Insurance Motion in the ordinary course of their business,

without further order of this Court, provided that the Debtors first obtain the consent of the Creditors' Committee and the DIP Lenders, which consents shall not be unreasonably withheld.

6. Pursuant to 11 U.S.C. §§ 105(a) and 365(a), the Debtors are authorized to assume the Workers' Compensation Program and the Workers' Compensation Program is assumed effective upon entry of this Order. Except as provided for in the next paragraph, the requirements of 11 U.S.C. § 365(b)(1), if any, are satisfied with respect to the Workers' Compensation Program.

7. ACE's claims with respect to the Debtors' obligations under the Workers' Compensation Program, to the extent not paid or reimbursed by the Debtors, shall be entitled to administrative expense priority under 11 U.S.C. § 503(b)(1)(A).

8. Pursuant to 11 U.S.C. § 364, the Debtors are authorized to incur unsecured credit to the extent necessary under the Insurance Programs and allowable under the Insurance Programs and the DIP Facility.

9. ACE is authorized to adjust, settle and pay insured claims, subject to the terms of the Workers' Compensation Programs, without further order of this Court.

10. This Order and the The Insurance Programs may not be altered by any plan of reorganization approved in this case and shall survive any such plan.

11. This Order shall bind the Debtors, their successors in interest and assigns, including, without limitation, any trustee in bankruptcy.

12. During the pendency of the Debtors' jointly administered cases, this Court retains exclusive jurisdiction (a) to enforce and implement the Debtors' insurance

programs with ACE or another insurer; (b) to resolve any disputes, controversies or claims arising out of or relating to the Debtors' insurance programs with ACE or another insurer; and (c) to interpret, implement, and enforce the provisions of this Order.

13. Notwithstanding Fed. R. Bankr. P. 6004(g), this Order shall take effect immediately upon entry.

Dated this 4 day of Aug, 2005 in Jacksonville, Florida

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

419815.05-Wilmington Server 1A - MSW

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: Aug 05, 2005
Case: 05-03817                Form ID: pdfdoc        Total Served: 1

The following entities were served by first class mail on Aug 07, 2005.
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,    225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 07, 2005**                    **Signature:** _Joseph Speetjens_