**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING REJECTION OF EXECUTORY**
**CONTRACT EFFECTIVE AS OF JULY 14, 2005**

These cases originally came before the Court for hearing on July 14, 2005, upon

the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under

11 U.S.C. § 365 authorizing and approving the rejection of two executory contracts by the

Debtors effective as of July 14, 2005 (the "Motion") (Docket No. 1871). The two contracts

sought to be rejected under the Motion were (a) an Exclusive Right of Sale Listing Agreement

dated September 8, 2004 (the "Sale Listing Agreement"), and (b) a Lease Buyout Agreement

dated July 8, 2004 (the "Lease Buyout Agreement"). A Limited Objection (the "Objection") was

filed by Frankford Dallas, LLC ("Frankford Dallas") on July 7, 2005 in connection with the

Motion's proposed rejection of the Lease Buyout Agreement (Docket No. 2044). Pursuant to the

Objection, Frankford Dallas argued that the Lease Buyout Agreement is not an executory

contract. On July 14, 2005, the Court entered an order (Docket No. 2172) granting the Motion as

to the Sale Listing Agreement and, based upon an agreement between the parties, continuing (to

August 4, 2005) the hearing on the Motion as to the Lease Buyout Agreement. The Court has

read the Motion, and considered the representations of counsel. Based upon the representations

of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted with respect to the Lease Buyout Agreement, to the extent, if any, the Agreement is an executory contract.

2.      The Debtors are authorized to reject the Lease Buyout Agreement pursuant to 11 U.S.C. § 365(a), and such contract is, to the extent executory, deemed rejected, effective as of July 14, 2005.

3.      The Objection is deemed resolved by the terms of this Order.

4.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against any non-debtor party to the Lease Buyout Agreement, whether or not related to such agreement.

5.      Claims for any rejection damages resulting from the rejection of the Lease Buyout Agreement (to the extent the Agreement is executory) must be filed within 30 days after the date of entry of this Order; provided, however, that Frankford Dallas need not file an additional proof of claim if its damages are already included in a previously filed proof of claim.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this  4  day of  Aug , 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## EXHIBIT A

## CONTRACT FOR REJECTION

(The Debtors and Frankford Dallas reserve the right to challenge the executory or unexpired nature of the Lease Buyout Agreement.  The rejection pursuant to this Order applies only to the agreement identified in this Exhibit A and does not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Party listed herein.)

| Frankford Dallas, LLC<br>2761 E. Trinity Mills Rd.<br>Apt. 114<br>Carrolton, Texas  75006 | Winn-Dixie Montgomery, Inc.<br>f/k/a Winn-Dixie Louisiana, Inc. | Lease Buyout Agreement<br>dated as of July 8, 2004 |
| --- | --- | --- |

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: cartes           Page 1 of 1            Date Rcvd: Aug 05, 2005
Case: 05-03817              Form ID: pdfdoc        Total Served: 1


The following entities were served by first class mail on Aug 07, 2005.
aty       +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
           Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                     TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 07, 2005                    Signature: _Joseph Speetjens_