UNITED STATES BANKRUPTCY COURT
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| WINN-DIXIE STORES, INC., *et al.*, | ) Case No. 05-03817-3F1 |
| | ) Chapter 11 |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

ORDER GRANTING THE FIRST INTERIM APLICATION OF HOULIHAN LOKEY
HOWARD & ZUKIN CAPITAL FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
March 3, 2005 THROUGH May 31, 2005

This matter coming before the Court after notice and hearing on August 4, 2005, on the First Interim Application for Compensation and Reimbursement of Expenses for the Period March 3, 2005 through May 31, 2005 (the "Application") filed by Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey"), the financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Application and all pleadings relating thereto; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein;

{JA245637;4}

THE COURT HEREBY FINDS THAT:[1]

A. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. The Application complies, as applicable, with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 dated January 30, 1996 and the Orders of this Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. Houlihan Lokey's request for an allowance and compensation of $293,548.39 and reimbursement for expenses of $19,676.68 for the First Interim Period is hereby approved.

3. The Debtors are hereby authorized and directed to pay Houlihan Lokey the foregoing approved fees and expenses.

4. The relief granted in this Order is without prejudice to the rights of Houlihan Lokey to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the Application Period for which approval has not previously been sought and denied, upon application to this Court.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to the in the Application.

{JA245637;4}

5. All interim fees and expenses are subject to review by the fee examiner, if appointed by the Court, parties in interest and the Court, and no determination is made at this time as to reasonableness. Interim Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

Dated: Jacksonville, Florida
August 5, 2005

_____
Jerry A. Funk
United States Bankruptcy Judge

{JA245637;4}

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes             Page 1 of 1              Date Rcvd: Aug 05, 2005
Case: 05-03817                Form ID: pdfdoc          Total Served: 1

The following entities were served by first class mail on Aug 07, 2005.
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,   225 Water Street, Suite 1800,
             Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 07, 2005**                       **Signature:** _Joseph Speetjens_