IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WINN DIXIE STORES, INC., et al., | ) Case No. 3-05-bk-3817 |
| | ) |
| | ) HONORABLE JERRY A. FUNK |
| Debtor. | ) |

## MOTION TO LIFT AUTOMATIC STAY PROVISIONS
## OF 11 U.S.C. SECTION 362

Petitioner BETTY TERRELL, by and through her undersigned counsel of record, respectfully moves this Honorable Court to enter an order lifting the automatic stay provision of 11 U.S.C. §362, and as grounds therefore, would respectfully show as follows, to wit:

1. Debtor, Winn-Dixie Stores, Inc., filed for bankruptcy pursuant to Chapter 11 on February 21, 2005, in the Southern District of New York. An order was issued on April 13, 2005, transferring the cases to the Middle District Florida, Jacksonville Division. The Winn-Dixie Stores, Inc., bankruptcy case consists of twenty-four (24) individual cases, consolidated under main case number 3-05-bk-3817, and the cases were assigned to this honorable court for administration. Upon the filing of the Chapter 11 bankruptcy by debtor Winn-Dixie Stores, Inc., the automatic stay provisions of 11 U.S.C. § 362(a) became effective.

2. Petitioner BETTY TERRELL filed a lawsuit for personal injuries on October 17, 2003, in the Circuit Court St. Clair County, Alabama, Southern Judicial Division at Pell City. This case style is <u>Betty Terrell, an individual v. Winn Dixie, a corporation; Tim Parker, an individual; Steven Obarr, an individual, et al.</u>, Civil Action Number CV-03-309. Said lawsuit is currently pending in the above described state court venue, with a trial date set for Monday, September 12, 2005. All litigation has been suspended since the filing of debtor's bankruptcy petition.

3. Petitioner BETTY TERRELL's action against the defendant Winn-Dixie Stores, Inc. arises out of a defective and dangerous condition existing on the premises of the Winn Dixie store number #410 located at 1009 Martin Street, Pell City, St. Clair County, Alabama 35125. A copy of said complaint is attached hereto and incorporated herein by reference and marked as Exhibit "A". Petitioner BETTY TERRELL contends that on or about the date of her injury defendant Winn-Dixie


PLAINTIFF'S EXHIBIT A

Stores, Inc. allowed a dangerous and defective condition to exist on the premises of said Winn Dixie location, specifically, a metal object protruding from the floor of the frozen food isle, thereby causing petitioner BETTY TERRELL to fall and become permanently injured forming the basis of the present state court action. Petitioner suffered injuries and damages including, but not limited to, a left humeral fracture with displacement, a torn left rotator cuff and other serious injuries to her person which were attended by great physical pain, suffering and mental anguish.

4. Petitioner BETTY TERRELL believes Winn-Dixie Stores, Inc. to be a self insured company who has previously, upon notice of the injuries and damages sustained by petitioner, set aside a claims reserve to compensate and fund the defense, settlement and/or satisfaction of the above described claim should they become legally obligated to pay the same. A copy of a demand package submitted to defendant Winn-Dixie Stores, Inc. on or about October 26, 2004, is attached hereto and incorporated herein by reference and marked as Exhibit "B".

WHEREFORE, petitioner prays:

1. That the automatic stay be lifted to the extent that it permits Petitioner BETTY TERRELL to proceed with her cause of action in the Circuit Court of St. Clair County, Alabama, Southern Judicial Division at Pell City; and

2. That the Petitioner BETTY TERRELL be permitted to recover against debtor to the extent of any money due petitioner by reason of debtor's liability insurance policy or policies in force and effect, or if said debtor is self insured, any and all such claims reserve previously set aside upon notice of petitioner's claims and/or at the time of the occurrence forming the basis of the state court action currently pending in the Circuit Court of St. Clair County, Alabama, Southern Judicial Division at Pell City, Case Number CV-03-309.

3. That the debtor not be discharged in bankruptcy pending the outcome of plaintiff's lawsuit; and

4. Such other and future relief as this Court may deem just and proper under the circumstances.

                                         Respectfully submitted:

                                         s/ Matt Abbott
                                         Matt Abbott
                                         Alabama Bar No: ASB-3107-P70A
                                         Mississippi Bar No: MSB-100193
                                         Attorney for Petitioner Betty Terrell

OF COUNSEL:
CHURCH, MINOR, ABBOTT, FURR & DAVIS, P.C.
1609 Cogswell Avenue
Pell City, Alabama 35125
(205) 338-2295

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and on the same date served a copy of the above and foregoing on all counsel of record by placing a copy of same in the United States Mail, postage prepaid and addressed as follows:

Todd N. Hamilton, Esquire
Steven M. Brom, Esquire
Smith, Spires & Peddy, P.C.
2015 Second Ave. North, Suite 200
Birmingham, Alabama 35203

                                                  s/ Matt Abbott
                                                  Of Counsel