UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA
AUG - 8 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re: WINN-DIXIE
STORES, INC.

    Debtor,
_____/

Case No. 05-03817-3F1
Chapter 11

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Plaintiff/Creditor, Amanda Ingle, moves pursuant to 11 U.S.C. §362(d)(1), for relief from the automatic stay, and in support thereof states as follows:

1.    Plaintiff has sued the Debtor in the Circuit Court for Marion County, Florida alleging sex harassment and discrimination.

2.    Plaintiff has filed a complaint to determine dischargeability under U.S.C. §523(a)(6) in this proceeding. By this motion, Plaintiff requests that the Court lift the automatic stay to allow Plaintiff to pursue her claim in state court and hold the dischargeability proceeding in abeyance pending resolution of the state court action.

3.    Granting relief from the automatic stay will promote judicial efficiency by allowing the state court to first determine whether there is a debt from the Debtor to Plaintiff. If Plaintiff does not prevail in the state court action, her complaint to determine dischargeability would be moot, and this court would not have to expend judicial resources to determine dischargeability.

4.    On the other hand, if Plaintiff prevails in the state court action, some of the issues in the dischargeability action will necessarily have been determined, and such determination will be binding on this Court under principles

of collateral estoppel; again, the Court will not have to expend judicial resources determining such issues.

5. Granting this motion will avoid a duplication of effort by the both the parties and the respective courts, which would be required if the parties were required to litigate first the dischargeability proceeding and then the state court action.

6. In addition to considerations of judicial efficiency, this case is appropriate for such treatment on other grounds.

7. The state court action was predicated on an administrative charge filed prior to the date this Bankruptcy proceeding was filed. It should be allowed to continue.

8. The state court action is a non-core proceeding, and therefore should be determined in state court.

9. This case concerns solely state law, and therefore consideration of the state's interests weigh in favor of determining these claims in state court, by a state court judge, where they were brought.

10. The state court judge is already familiar with the law applicable thereto.

11. In Claimant's suit, there is no diversity of citizenship (both the debtor and the corporate defendant are Florida residents), and, as noted above, no federal question claims are made. Therefore, there is no independent basis for federal court jurisdiction absent this bankruptcy proceeding.

12. Plaintiff has demanded and is entitled to a jury trial. While witness lists are not yet finalized, Plaintiff anticipates the witness may be numerous. With

jury selection, opening and closing arguments, and jury deliberations, this case would certainly take significant time. Such a jury trial is best suited to state court.

13. Lifting the stay, holding the dischargeability action in abeyance and allowing the state law claim to proceed will not interfere with the administration of the bankruptcy case or otherwise prejudice other creditors.

14. The foregoing facts constitute cause why the automatic stay should be lifted in this case.

15. Plaintiff's estimated time for hearing this motion is 15 minutes.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail and Fax to the following this 5th day of August, 2005:

Leanne McKnight Prendergast
Smith, Hulsey & Busey
1800 Wachovia Bank Tower
225 Water St.
PO Box 53315
Fax: 904-353-9908

Dated: Aug. 5, 2005

Respectfully submitted,

Michael O. Massey, Esq.
Fla. Bar. No. 153680
Azim F. Saju, Esq.
Fla. Bar. No. 0150606
SAJU, MASSEY & DUFFY, LLC
4421 NW Blitchton Road, PMB 417
Ocala, FL 34482
(352) 867 1347 (tel)
(352) 629 3963 (fax)

3