UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: WINN-DIXIE
STORES, INC.

    Debtor,

_____/

Case No. 05-03817-3F1
Chapter 11

FILED
JACKSONVILLE, FLORIDA
AUG - 8 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## COMPLAINT TO DETERMINE DISCHAREGABILITY

Plaintiff/Creditor, Amanda Ingle, sues Defendant/Debtor, Winn-Dixie Stores, Inc., and says:

1. This is an adversary proceeding to determine dischargeability under 11 U.S.C. §523(a)(6). This is a core proceeding.

2. On or about January 18, 2005, Plaintiff filed EEOC/FCHR charges against the Defendant alleging sexual harassment/discrimination. These charges were filed prior to February 21, 2005 (believed to be the date the Debtors filed its voluntary petitions for reorganization). A true and correct copy of these charges is attached hereto as Exhibit 1.

3. On May 17, 2005, the EEOC mailed to Plaintiff a "Dismissal and Notice of Rights", stating that "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**" (emphasis in the original). On about July 28, 2005, therefore, Plaintiff filed her lawsuit in the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida (Case No. 1586-CA-G). A true and correct copy of her complaint is attached hereto as Exhibit 2 (and a true and correct copy of the Dismissal and Notice of Rights is attached to the Complaint as Exhibit A).

4. As explained in the attached Exhibit 2, Plaintiff's claims relate to sexual harassment/discrimination surrounding a shocking document titled "Winn-Dixie Associate Action" (said document being attached to the attached Complaint as Exhibit B). The allegations of the Exhibit 2 are adopted herein by reference as if alleged in full in this Complaint.

5. As alleged in Exhibit 2, Plaintiff has suffered injury as a result of Defendant's willful and malicious actions directed to Plaintiff.

6. On August 4, 2005, the undersigned received a letter from counsel for the Debtor indicating that the filing of the above referenced Complaint somehow violated the Bankruptcy Code. A copy of this letter is attached hereto as Exhibit 3. Given this representation, the undersigned promptly filed a notice of voluntary dismissal dismissing the above referenced Complaint without prejudice. If this Court grants the relief requested herein, Plaintiff requests that she be permitted to re-file her Complaint and that said Complaint be considered to be filed within the 90 day period stated in the above referenced EEOC notice.

7. Plaintiff's counsel, the undersigned, does not regularly practice in Bankruptcy Court and are not specially licensed to do so (although the undersigned are admitted to practice in the Middle District of Florida and with the Eleventh Circuit). To the extent necessary, the undersigned request that the Court to permit the undersigned to appear pro hac vice and/or make a special appearance solely to resolve the issues raised in this Complaint and all related motions.

**WHEREFORE**, Plaintiff requests entry of judgment determining that Defendant's liability to Plaintiff is not dischargeable in this bankruptcy case, and for such other and further relief as the Court deems just and proper.

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via U.S. Mail and Fax to the following this 5th day of August, 2005:

Leanne McKnight Prendergast
Smith, Hulsey & Busey
1800 Wachovia Bank Tower
225 Water St.
PO Box 53315
Fax: 904-353-9908

Dated: Aug 5, 2005

Respectfully submitted,

Michael O. Massey, Esq.
Fla. Bar. No. 153680
Azim F. Saju, Esq.
Fla. Bar. No. 0150606
SAJU, MASSEY & DUFFY, LLC
4421 NW Blitchton Road, PMB 417
Ocala, FL 34482
(352) 867 1347 (tel)
(352) 629 3963 (fax)