

085920-0006

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

## VERIFIED STATEMENT OF WILMINGTON TRUST COMPANY, AS SUCCESSOR INDENTURE TRUSTEE, PURSUANT TO BANKRUPTCY RULE 2019

    1.     Wilmington Trust Company ("Wilmington" or the "Trustee") is a banking corporation duly organized and existing under the laws of the State of Delaware with corporate trust offices located at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890. The undersigned, Steven M. Cimalore, is a Vice President of Wilmington and is duly authorized to execute this verified statement (the "Statement") on behalf of Wilmington.

    2.     Wilmington serves as successor indenture trustee under that certain Indenture dated as of December 26, 2000, by and among Winn-Dixie Stores, Inc. ("Winn-Dixie"), the named Guarantors, and First Union National Bank as Trustee, as amended and supplemented by the First Supplemental Indenture dated as of March 29, 2001, and the Second Supplemental Indenture dated as of January 10, 2002 (collectively, the "Indenture"). Pursuant to the Indenture,

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Winn-Dixie issued those certain eight and seventh-eighths ($8^7/_8$%) Senior Notes due 2008 (the "Notes").

3.      Wilmington is the successor indenture trustee to First Union National Bank, a national banking association.

4.      As of February 21, 2005 (the "Petition Date"), the date on which Winn-Dixie and certain of its affiliates (collectively, the "Debtors") commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), the aggregate principal amount of the outstanding Notes was three hundred million dollars ($300,000,000).

5.      The Trustee holds such rights as are provided in the Indenture, the Notes and all related documents, agreements and instruments executed and delivered in connection therewith (collectively, the "Documents"). In compliance with Fed. R. Bankr. P. 2019, a true and complete copy of the Indenture will be tendered to the Clerk of the Court.

6.      In accordance with Bankruptcy Rule 2019(a), the Trustee submits the following verified statement:

       a.      The respective names and addresses of the registered holder(s) of the
               Notes are maintained by Wilmington, appointed as Securities Registrar (as
               such term is defined in the Indenture) in accordance with the provisions of
               the Indenture. The names and addresses of the registered holder(s) of the
               Notes may be furnished to any party-in-interest who is otherwise entitled
               (pursuant to the Documents or applicable law) to such information and in
               accordance with appropriate orders as may be entered in the Chapter 11
               Cases. The identities of the holders of the Notes (who are creditors of the

2310908v5

Debtors) may change from time to time, during the course of the Chapter 11 Cases;

    b.    The claims held by the holders of the Notes are in the nature of money loaned, all as evidenced by the Documents;

    c.    As of the Petition Date, Winn-Dixie was and still is indebted pursuant to the Notes in the aggregate principal amount of three hundred million dollars ($300,000,000) plus pre-petition and post-petition interest and certain costs and fees, all as provided in the Documents; and

    d.    The Trustee does not own any of the Notes (although the Trustee may hold some Notes as custodian for others who are the beneficial owners) and the Trustee holds only: (i) as Trustee for the benefit of the holders of the Notes and any claims or interests under the Documents; and (ii) the claims for expenses and liabilities incurred as the Trustee under the Documents.

    7.    In addition to its rights to take actions in its own name and as trustee of an express trust to collect on the claims of the holders of the Notes or otherwise as provided in the Documents or by applicable law, the Trustee has claims for reimbursement of reasonable fees and expenses (and reasonable fees and expenses of counsel) for pre- and post-petition services and the performance of duties under the Documents.

    8.    The Trustee reserves the right to supplement or amend this statement at any time in the future.

    9.    In addition, the filing of this Statement is not intended and shall not be deemed or construed as: (a) consent by the Trustee to the jurisdiction of the Bankruptcy Court or any other court for any purpose other than in respect to this Statement; (b) a waiver or release of any rights

2310908v5

of the Trustee or under the Documents to have all disputes with the Debtors resolved through arbitration as may be provided in the Documents, notwithstanding whether or not such matters are designated as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2); (c) consent by the Trustee to a trial in this Bankruptcy Court or in any other court of any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(3) or otherwise; (d) a waiver or release of the Trustee's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by the United States District Court Judge; (e) a waiver of the right to move to withdraw the reference in respect of the subject matter of this Statement, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving the Trustee or the Documents; or (f) an election of remedies.

Dated:    Wilmington, Delaware
          July 25, 2005

WILMINGTON TRUST COMPANY, as Indenture Trustee

By:    _____
       Steven M. Cimalore
       Wilmington Trust Company
       Vice President
       Rodney Square North
       1100 North Market Street
       Wilmington, Delaware 19890
       Tel: (302) 651-8681
       Fax: (302) 636-4140

State of Delaware     )
                      ) ss.
County of New Castle)

Then personally appeared before me the above-named Steven M. Cimalore, a Vice President for Wilmington Trust Company who did and acknowledge that Wilmington Trust Company, as Trustee, executed the foregoing instrument in its capacity as Trustee, as its free act and deed and to its best knowledge and belief.

Sworn to before me this
 25  day of ~~June~~ 2005.
        July

-4-

2310908v5

_Kimberly E. Faulhaber_
Notary Public

KIMBERLY ELIZABETH FAULHABER
Notary Public - State of Delaware
My Comm. Expires April 9, 2007

2310908v5

Respectfully submitted by counsel:

Steven J. Reisman
Andrew M. Thau
CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Tel: (212) 696-6000
Fax: (212) 697-1559
E-Mail: sreisman@cm-p.com
        athau@cm-p.com

        -and-

Paul Steven Singerman  378860
BERGER SINGERMAN, PA
200 South Biscayne Blvd., Suite 1000
Miami, Florida 33131
Tel: (305) 755-9500
Fax: (305) 714-4340
E-Mail: singerman@bergersingerman.com

        -and-

Arthur J. Spector  620777
Grace E. Robson  0178063
BERGER SINGERMAN, PA
350 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Tel: (954) 713-7511
Fax: (954) 523-2872
E-Mail: aspector@bergersingerman.com
        grobson@bergersingerman.com

  /s/ Arthur J. Spector
  _____

2310908v5