IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

In Re:

WINN DIXIE STORES, INC.,                  CASE NO. 05-03817-3FL
                                                                          CHAPTER 11
      Debtor.                                   **Jointly Administered**
_____/

## MOTION OF LESCO MEDISEARCH
## TO ACCEPT LATE-FILED CLAIM AS TIMELY

Unsecured Creditor, LESCO MEDISEARCH ("LESCO"), by and through its undersigned counsel, hereby moves this Honorable Court to enter its order accepting its late-filed Proof of Claim as timely filed and, as grounds therefor, would show:

1. LESCO had a contractual relationship with the Debtor, Winn Dixie Stores, Inc. whereby LESCO provided pharmacists for temporary and occasionally for permanent employment in the Debtor's retail stores. LESCO has a claim for pre-petition services provided to the Debtor, which claim has been Scheduled by the Debtor in the amount of $101,112.00.

2. This Court set August 1, 2005, as a bar date by which claimants had to file their Proofs of Claim. LESCO received a notice of the bar date and attempted to file a timely proof of claim in the total amount of $129,619.50.

3. The Proof of Claim was prepared and signed on August 1, 2005 and the undersigned counsel had assumed he could file the claim electronically, as he has been doing for all bankruptcy cases since this District mandated electronic filing earlier this year. When it was discovered that the claim could only be filed in original paper form at Logan & Company in New Jersey, the original claim form was sent by Federal Express to arrive August 2, 2005.

4. LESCO's claim has been filed only one day late. LESCO will be severely prejudiced if its Proof of Claim is disallowed because it was filed after the bar date, in that it will have no

recourse against the Debtor through its Chapter 11 Plan for the full amount of its claim.

5.  There will be no prejudice to the Debtor, or any other party, if the Proof of Claim is accepted as timely filed, in that the case is at a very early stage in the process.

WHEREFORE, LESCO MEDISEARCH, prays that this Court will enter its order accepting its late-filed Proof of Claim as if it were filed in a timely manner, and for such other and further relief as this Court deems just, necessary and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion of Lesco Medisearch to Accept Late-Filed Claim as Timely has been furnished electronically or by U. S. Mail to **Winn-Dixie Stores, Inc., Debtor**, 5050 Edgewood Court, Jacksonville, FL 32254-3699; **Adam Ravin, Esquire**, Skadden Arps et al., Attorneys for Debtor, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, Attorneys for Debtor, 225 Water Street, Suite 1800, Jacksonville, FL 32201; **James H. Post, Esquire**, Smith Hulsey & Busey, Attorneys for Debtor, 225 Water Street, Suite 1800, Jacksonville, FL 32202; **Stephen D. Busey, Esquire**, Smith Hulsey & Busey, Attorneys for Debtor, 225 Water Street, Suite 1800, Jacksonville, FL 32202; **United States Trustee - JAX**, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; **Elena L. Escamilla, Esquire**, Attorney for United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; **Dennis F. Dunne, Esquire**, Milbank, Tweed et al., 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esquire**, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; and **Patrick P. Patangan, Esquire**, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202  this  __11th__  day of August, 2005.

/s/ Charles H. Dittmar, Jr.
CHARLES H. DITTMAR, JR., ESQUIRE
Fla. Bar No. 503850
1411 N. Westshore Blvd., Suite 203
Tampa, FL 33607-4529
Phone: (813) 639-1920
Fax: (813) 639-9799
Attorney for Creditor LESCO MEDISEARCH