UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          CASE NO.:  3:05-bk-03817-JAF

                                                CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

                  Debtors.                      Jointly Administered

---

**MOTION OF CONCORD-FUND IV RETAIL, L.P.
FOR RELIEF FROM THE AUTOMATIC STAY
TO ALLOW REMEDIATION OF CODE VIOLATIONS**

         Concord-Fund IV Retail, L.P. ("Landlord"), by and through its management company,

The Terranova Corporation ("Terranova"), and its undersigned counsel, hereby files this motion

("Motion") for relief from the automatic stay to allow for the remediation of electrical code

violations at a store location leased by Winn-Dixie Stores, Inc. ("Debtor"), one of the above-

captioned debtors. In support of the Motion, Landlord states as follows:

### JURISDICTION AND VENUE

         1.     The United States Bankruptcy Court for the Middle District of Florida has

jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(b).

         2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

         3.     This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

         4.     The relief sought by the Motion is authorized by 11 U.S.C. § 362(d).

### BACKGROUND

         5.     On February 21, 2005, Debtor filed a voluntary petition for relief under

chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* ("the Bankruptcy

Code"). Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      Prior to the Petition Date, Debtor, via an assignment and assumption of a lease, entered into a lease agreement of property, owned by Landlord, located at 11351 S.W. 40th Street, Miami, Florida 33165 ("Property"). Debtor is the current tenant of said Property, which is currently identified as Winn-Dixie store number 254.

7      Terranova is the management company and authorized agent for Landlord

8.      In order to remain in compliance with electrical code requirements, repairs to the lighting at the Property were required. Terranova informed Debtor of the need for such repairs in November of 2003, thereby constituting notice as set forth in the Lease. As per the terms of the Lease,[1] Debtor is responsible for said repairs, which Debtor has to date refused to perform, and is therefore in default pursuant to the Lease.

9.      After commencement of the repair work by Terranova, additional electrical deficiencies were discovered, including resulting dangerous conditions created thereby. Terranova informed Debtor of the additional required work in March of 2004, thereby constituting notice as set forth in the Lease.

10.     Debtor informed Terranova of Debtor's intent to contract on its own behalf for performance of the required work. Despite Terranova informing Debtor of the need for Debtor to obtain a separate permit on its own behalf for such work, Debtor performed work under a permit originally obtained by Terranova.

---

[1] Section 13 of the Lease states, "Tenant shall keep and maintain the common areas of parcel A in good condition and repair" to include "keeping the common areas suitably lighted." The portion of the Property leased by Debtor is located in Parcel A

11.    Debtor has to date failed to complete the required work or otherwise cure the deficiencies referred to herein. As a result the Miami-Dade County Building Department has issued a Summons citing failure to obtain required inspection approval of an electrical permit to be pursued under the master permit obtained by Terranova. Because of the continuing code deficiencies at the Property, and the resulting aforesaid summons, Terranova has experienced severe difficulty in obtaining permits in regard to ancillary matters.

12.    Furthermore, due to Debtor's failure to complete such work or otherwise cure the deficiencies referred to herein, dangerous conditions continue to exist at the Property.

### RELIEF REQUESTED

13.    By this Motion, Landlord respectfully requests this Court to enter an order, pursuant to 11 U.S.C. § 362, granting Landlord relief from the automatic stay in order to allow Landlord to compel Debtor to redress the aforementioned code violations at the Property or, in the alternative, to allow Landlord to enter upon the Property in order to remedy said violations, at the expense of, and subject to reimbursement from Debtor.

14.    Debtor's failure to remedy the code violations at the Property constitutes a pre-petition and post-petition, monetary and non-monetary default of the terms of the Lease. Additionally, such failure has severely interfered with Landlord's ability to obtain permits regarding ancillary matters. These post-petition defaults and resulting damages continue to accrue.

15.    Debtor's default and the damages being incurred by Landlord, the existence of ongoing code violations, and the resulting dangerous conditions created thereby, constitute cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1). Permitting the relief sought under these circumstances is warranted by law and equity.

16. Furthermore, for the aforementioned reasons, Landlord lacks, and Debtor has failed to provide adequate protection in accordance with 11 U.S.C. §§ 361, 362.

17. WHEREFORE, Landlord respectfully requests this Court grant relief from the automatic stay in order to allow Landlord to compel Debtor to address electrical code violations at the Property and/or allow Landlord to enter upon the Property in order to remedy said situation, and grant such other and further relief as the Court deems equitable and just.

Dated: Jacksonville, Florida
August ⧸⧸, 2005

**HELD & ISRAEL**

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
David L. Gay
Florida Bar #839221
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

ATTORNEYS FOR CONCORD-FUND IV
RETAIL, L.P.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to Debtors' Counsel, Cynthia C. Jackson, Esquire, Smith, Hulsey & Busey, 1800 Wachovia Tower, 225 Water Street, Post Office Box 53315, Jacksonville, Florida 32202, via U.S. Mail, this ⧸⧸ day of August, 2005, and was electronically served to all parties who have requested service in these Cases.

_____
Edwin W. Held, Jr., Esquire

4