Hearing Date: September 1, 2005, 1:00 p.m.<br>
Objection Deadline: August 25, 2005 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING
### (I) RETROACTIVE REJECTION OF REAL PROPERTY LEASES AND
### (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 554(a) approving and authorizing the Debtors to reject four non-residential real property leases effective retroactively and to abandon related personal property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested in the Motion are sections 105(a) and 365(a) of the Bankruptcy Code.

**Relief Requested**

6.     By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, approving and authorizing the rejection of each of the unexpired leases of non-residential real property set forth on Exhibit A to this Motion (the "Leases") effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the landlords under the leases (collectively, the "Landlords") and tender possession of the premises to each such Landlord and (b) the date of entry of an order approving the rejection (such earlier date, the "Effective Date").

**The Leases**

7.     As part of their restructuring plans, the Debtors sought to sell, sublet, negotiate buyouts with landlords, or otherwise reduce or eliminate their liability under many leases including the Leases. The Debtors were unable to sell the Leases and do not need the Leases because they provide no continuing benefit to the estates.

8.     In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Leases. The Debtors have concluded that the Leases constitute a burden on the Debtors and their estates, are not necessary for an effective reorganization, and should be rejected as of the Effective Date. Accordingly, the Debtors are seeking to reject the Leases as of the Effective Date.

9.     The rejection of the Leases will save the Debtors' estates costs incurred with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Leases.

10.    To the extent any personal property remains in the properties subject to the Leases, it is of little or no value to the Debtors' estates. Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the Effective Date.

**Basis for Relief**

11.     Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pubelo Chem, Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13. Here, the Debtors' business judgment supports rejection of the Leases. Because of administrative expenses arising from the continuation of the Leases, the Debtors have determined that the Leases are not necessary for a successful reorganization but instead constitute a burden to the Debtors' estates. Indeed, rejection of the Leases benefits the Debtors' estates by alleviating monthly costs, including taxes, insurance premiums, and other charges due under the Leases. Consequently, the Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Leases.

14. The relief requested by this Motion is consistent with the type of relief granted by courts. See, e.g., In re Hale-Halsell Co., No. 04-11677 (Bankr. N.D. Okla. Apr. 23, 2004); In re Git-N-Go, Inc., No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.) No. 02-Civ. 6419), 2002 WL 31548723, at * 3 (S.D.N.Y. Nov. 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code). Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

## Rejection Damages

15. To the extent that any of the Landlords intend to claim rejection damages as a result of the proposed rejections, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order corresponding to this Motion.

## **Notice**

16. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlords. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit B (a) authorizing and approving the rejection of the Leases, effective as of the Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the properties subject to the Leases; (c) establishing a deadline for the Landlords to file a rejection damage claim; and (d) granting such other and further relief as the Court deems just and proper.

Dated: August 12, 2005

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By    *s/ D. J. Baker*<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By    *s/ Cynthia C. Jackson*<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>    Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

## Exhibit A

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 992 | 3334 Halifax Road<br>South Boston, VA 24592 | WBFV, INC. |
| 1233 | 3230 Augusta Road<br>West Columbia, SC 29169 | Woodberry Plaza E&A, LLC |
| 2047 | Mebane Oaks Road/Peartree Road<br>Mebane, NC 27302 | BHBS, Inc. |
| 1676 | 1148 South 4th Street<br>Lousiville, KY 40203 | John H.O. La Gatta |

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING (I) RETROACTIVE REJECTION**
**OF REAL PROPERTY LEASES AND (II) ABANDONMENT OF**
**<u>RELATED PERSONAL PROPERTY</u>**

These cases came before the Court for hearing on September 1, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection by the Debtors effective retroactively of the unexpired non-residential real property leases listed on Exhibit A (collectively, the "Leases") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Leases pursuant to 11 U.S.C. § 365(a), and each Lease is deemed rejected, effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the Landlord under the respective Lease and tender

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

possession of the premises to such Landlord and (b) the date of entry of an order approving the rejection.

3. Claims for any rejection damages resulting from the rejection of the Leases shall be filed no later than thirty (30) days after the date of entry of this Order.

4. Any interest of any of the Debtors in any personal property remaining in the stores that are the subject of the Leases is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order. Any Landlord who seeks to dispose of any such abandoned property shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Landlord shall be entitled to dispose of the abandoned property as it deems fit.

5. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Leases, whether or not related to the Leases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

# EXHIBIT A

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 992 | 3334 Halifax Road<br>South Boston, VA 24592 | WBFV, INC. |
| 1233 | 3230 Augusta Road<br>West Columbia, SC 29169 | Woodberry Plaza E&A, LLC |
| 2047 | Mebane Oaks Road/Peartree Road<br>Mebane, NC 27302 | BHBS, Inc. |
| 1676 | 1148 South 4th Street<br>Lousiville, KY 40203 | John H.O. La Gatta |