# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

### DEBTORS' MOTION FOR AN ORDER ESTABLISHING A CLAIMS RESOLUTION PROCEDURE AND AUTHORIZING DEBTORS TO SETTLE OR LIQUIDATE CERTAIN PRE-PETITION LITIGATION CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), move the Court for an order approving procedures to liquidate and settle pre-petition litigation claims (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors' Committee") was appointed to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 102(1), 105(a), 327(a) and 502(b), 28 U.S.C. § 157(b)(5) and Rules 2014, 3007, 7016, 9014, 9019 and 9029 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

<u>**Relief Requested**</u>

6.      By this Motion, the Debtors seek an order (the "Procedures Order"), substantially in the form attached as Exhibit A, establishing procedures for liquidating and settling Litigation Claims through direct negotiation or alternative dispute resolution (the "Claims Resolution Procedure"). The Claims Resolution Procedure, attached as Exhibit B, is intended to promote cost effective and timely liquidation and settlement of the Litigation Claims.[2] The Debtors submit that the Claims Resolution Procedure, described more fully below, is in the best interests of each party asserting a Litigation Claim (collectively, "the Claimants"), the Debtors, their estates and all parties in interest.

---

[2] As defined in the Claims Resolution Procedure, "Litigation Claim" means every claim against any of the Debtors, their employees or others which the Debtors are contractually or legally obligated to defend or indemnify, which arose on or before the Petition Date for (i) personal injury or property damage, including, but not limited to, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws).

**Basis For Relief**

A.    **The Litigation Claims**

7.    As of the Petition Date, approximately 3,800 Claimants had threatened or commenced litigation against the Debtors, their employees or others whom the Debtors are contractually obligated to defend and indemnify.  The aggregate amount of the Litigation Claims may exceed $44 million.  The Litigation Claims run the gamut in terms of asserted liability, many seek relatively small amounts.

8.    Upon the commencement of these Chapter 11 cases, all actions by the Claimants to collect or recover on the Litigation Claims were stayed under Section 362(a) of the Bankruptcy Code.  Accordingly, Litigation Claims are contingent, disputed and unliquidated.  In many cases, the Debtors believe that they have no liability on these claims or the Debtors dispute the amounts of such claims.  Pursuant to an order entered by this Court on April 28, 2005 (Docket No. 932) (the "Bar Date Order"), August 1, 2005 was set as the deadline for filing proofs of claim for claims against the Debtors (the "Bar Date").  The Claims Resolution Procedure provides the Debtors with an efficient and cost effective method for resolving the proofs of claim filed with respect to the Litigation Claims.

9.    It is in the best interests of the Debtors to determine the claims against them as efficiently as possible to reduce costs and maximize the value of their estates.  It would be

time consuming, unduly burdensome and expensive for the Debtors to have to defend against and liquidate thousands of relatively small Litigation Claims in forums other than this Court.[3]

10.     The legal fees and expenses of litigating thousands of Litigation Claims in multiple forums would be substantial for the Debtors and their estates. Likewise, the expense of litigation may prohibit many Claimants from fully litigating their claims, particularly in light of the uncertainty of the percentage recovery that will ultimately be available on allowed unsecured claims in these Chapter 11 cases.[4]

**B.     Third Party Indemnity**

11.     Prior to the Petition Date, the Debtors were parties to general liability insurance policies (collectively, the "Insurance Policies") that may cover portions of the Litigation Claims in excess of $2 million. The Debtors are, however, self-insured for the initial $2 million per occurrence. The Debtors do not believe that the relief requested in this Motion is inconsistent with the terms of any of the Insurance Policies. Moreover, the Debtors have given notice of this Motion and an opportunity to comment or object to the procedures requested by this Motion to the insurers under the Insurance Policies (collectively, the "Insurers").

12.     The Debtors may also be entitled in some instances, under agreements or applicable non-bankruptcy law, to be indemnified by other third parties (collectively with the

---

[3] The Debtors acknowledge that certain Claimants ultimately may seek to have their personal injury claims liquidated outside of this Court, because this Court may not liquidate personal injury tort claims. See 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(5).

[4] The Debtors have not yet filed a proposed plan of reorganization or disclosure statement and therefore no percentage distribution for unsecured creditors has been established.

Insurers, the "Third Party Indemnitors"). To the extent the Debtors are or may be entitled to indemnity for a particular Litigation Claim from a Third Party Indemnitor, the Debtors propose to invite such Third Party Indemnitor to participate in the liquidation of such claim.

**C.      Proposed Claims Resolution Procedure**

13.      The proposed Claims Resolution Procedure is designed to facilitate efficient and inexpensive liquidation of the Litigation Claims. The principal features of the proposed Claims Resolution Procedure, which is set forth fully in the attached Exhibit B, are summarized below[5]:

---

[5] This summary of the Claims Resolution Procedure is provided as a convenience only. To the extent that this summary differs in any way from the terms of the Claims Resolution Procedure, the terms of the Claims Resolution Procedure shall control. Terms not otherwise defined shall have the meaning ascribed to them in the Claim Resolution Procedure.

| | Claims Under $5,000 | Claims Between $5,000 and $50,000 | Claims Over $50,000 | Judgment Claims |
|---|---|---|---|---|
| | | | | |
| Questionnaire | Claimant Questionnaires issued by Debtors by September 30 and due back from claimants by November 1,2005 | Claimant Questionnaires issued by Debtors by September 30 and due back from claimants by November 1, 2005 | Claimant Questionnaires issued by Debtors by September 30 and due back from claimants by November 1, 2005 | |
| Response Statement | Debtors must tender Response by December 15, 2005 | Debtors must tender Response by December 15, 2005 | Debtors must tender Response by December 15, 2005 | |
| Reply | Claimant must return Reply by January 15, 2006 | Claimant must return Reply by January 15, 2006 | Claimant must return Reply by January 15, 2006 | |
| Mediation | | | Parties must agree to mediation | Will commence on September 15, 2005 and conclude by November 30, 2005 |
| Arbitration | | | Parties must agree to arbitration | If mediation does not resolve, claimant may request arbitration; parties must agree |
| Claim Adjudication in Appropriate Forum | If not settled by January 15, 2006, claim to be adjudicated | If not settled by January 15, 2006, claim to be adjudicated | If not resolved by settlement, mediation or arbitration, claim to be adjudicated | If not resolved by arbitration, claim to be adjudicated |

(a)     Offer-Exchange Process.

(1)     Questionnaire.  The Debtors will serve each Claimant asserting a Litigation Claim, except Judgment Claim Claimants, with a copy of the Questionnaire on or before September 30, 2005, thereby initiating the offer-exchange process.  Each Claimant, excluding Judgment Claim Claimants, will serve on or before November 1, 2005 upon the Debtors and Counsel for the Debtors a completed Questionnaire in the form attached as Exhibit 3 to the Claims Resolution Procedures. The service of the Questionnaire on the Claimant will be deemed to constitute an objection, within the meaning of section 502(a) of the Bankruptcy Code, to such Claimant's proof of claim with respect to the applicable Litigation Claim.  If the Claimant fails to return the

fully completed Questionnaire by November 1, 2005, the Debtors will have the right to seek disallowance and expungement of such proof of claim.

(2)  <u>Response Statement</u>.  On or before December 15, 2006, the Debtors will send each Claimant and its counsel, if one has been identified, a Response Statement.  The Response Statement will state whether the amount demanded in the Questionnaire is accepted or whether the Litigation Claim is disputed.  If the Litigation Claim is disputed, the Debtors may include a description of any key defenses and third-party claims.  The Response Statement may include a proposed settlement to disputed Litigation Claims.

(3)  <u>Claimant's Reply</u>.  On or before January 15, 2006, the Claimant will serve a Reply to the Debtors' Response Statement.  If the Debtors' Response Statement included a settlement proposal, the Claimant's Reply must accept or reject the Debtors' settlement proposal.

(4)  <u>Exhaustion of the Claims Resolution Procedure.</u>  The service of a fully completed Questionnaire and Reply on the Debtors will constitute prima-facie evidence of good faith compliance with, and exhaustion of, the Claims Resolution Procedure.  If the Claimant fails to timely serve on the Debtors (i) a fully completed Questionnaire and (ii) a Reply, or otherwise does not participate in the Claims Resolution Procedure in good faith, the Debtors will have the right to seek disallowance and expungement of the Claimant's proof of claim with respect to the applicable Litigation Claim.

(b)  <u>Judgment Claim Claimants</u>.  On or after September 1, 2005, the Debtors will begin to contact each Judgment Claim Claimant by telephone to arrange for Mediation of such claim.  The Mediation process for all Claims held by Judgment Claim Claimants (which includes only those Judgments which were subject a pending appeal as of the Petition Date) shall be concluded on or before November 30, 2005, unless the parties with respect to particular matters otherwise agree.  If a settlement is not reached after exhaustion of the Mediation, then the Judgment Claim Claimant and the Debtors may agree to binding Arbitration or the Judgment Claim Claimant may request a modification of the Automatic Stay.  The Debtors shall have no right to compel a Judgment Claim Claimant to undertake the Offer-Exchange Process, although the Judgment Claim Claimants may do so in their discretion.

    (c)    <u>Mediation Procedure</u>.

        (1)    <u>Referral to Mediation</u>. For Litigation Claims that are referred to Mediation, the Debtors will submit a Referral Notice (i) on or before September 30, 2005, in the case of Judgment Claim Claimants, and (ii) within 30 days after receipt of an appropriate request by an Eligible Claimant participating in the Offer-Exchange Process and consented to by the Debtors. The Debtors shall pay the cost of mediation as a post-petition administrative expense up to an aggregate cap of $1,400,000, which may be increased from time to time by agreement with the Creditors' Committee or order of the Bankruptcy Court.

        (2)    <u>Appointment of Mediator</u>. The Mediation/Arbitration Organization will, within 30 days after the receipt of the Referral Notice, (i) appoint a mediator who is familiar with the laws which govern the Litigation Claim, and (ii) provide written notice to the Debtors and Eligible Claimant of such appointment.

        (3)    <u>Conduct of Mediation</u>. The mediator will handle all Litigation Claims in the order received or as directed by mutual agreement of the parties. Any party is entitled to representation by legal counsel, although the participation of legal counsel will not be required for the conduct of the mediation. The mediator will meet with the parties or their representatives, individually and jointly, for a conference or series of conferences as determined by the mediator. The Claimant and the Debtors or their respective representatives must be present at the conference, unless the disputed portion of the Litigation Claim is $100,000 or less, in which case the parties may appear by telephone. For all settlements reached pursuant to Mediation, the Debtors will file with the Court an Agreed Order of Resolution. If a Litigation Claim is settled for an amount exceeding $5,000, the Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount, to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases. For Litigation Claims that are settled for $5,000 or less, the Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

    (d)    <u>Arbitration Procedure</u>.

        (1)    <u>Referral to Arbitration</u>. Either party may request that the other party consent to binding arbitration proceedings. The non-requesting party

must send notice to the requesting party within 15 days of the mailing date of the request for arbitration whether the non-requesting party consents to binding arbitration. The Litigation Claim will be submitted for arbitration within 60 days of the mailing date of the request for arbitration if the non-requesting party consents to binding arbitration.

(2) Appointment of Arbitrator. The Mediation/Arbitration Organization will, within 30 days after receipt of the referral to binding arbitration, (i) appoint an arbitrator to conduct arbitration proceedings and (ii) provide notice to the Debtors and the Claimant of such appointment. Such proceedings will be commenced, to the extent practicable, not later than 30 days after the date the arbitrator provides written acknowledgment to all parties.

(3) Conduct of Arbitration. The same Mediation/Arbitration Organization may be used for both the mediation procedure and binding arbitration proceedings. The arbitration will be conducted in accordance with applicable law and shall be governed by the Federal Arbitration Act, Title 9, United States Code. The arbitration will be conducted pursuant to the dispute resolution procedures for commercial, insurance or employment claims of the American Arbitration Association, as currently in effect and appropriate unless otherwise agreed by the parties.

(4) Cost of Arbitration. The Cost of Arbitration will be shared equally by the Debtors and the Claimant, provided however, that the arbitrator may in his or her sole discretion assess the entire Cost of Arbitration against any party delaying or abusing the arbitration proceedings.

(5) Arbitration Award. The amount of the award set by the arbitrator will be binding and will be within the discretion of the arbitrator, but in no event will the amount of the award (i) exceed the lower of the claimed amount of the Litigation Claim (x) as shown on the Claimant's Questionnaire or (y) as shown on the Claimant's Proof of Claim, or (ii) be less than the undisputed portion of the Claim.

14.     Once the Claimant has exhausted the Claims Resolution Procedure and no settlement has been reached with respect to its Litigation Claim, the Claimant is entitled to file a motion seeking the lifting of the automatic stay. The Debtors request, however, that any Claimant that fails or refuses to comply with the Claims Resolution Procedure be denied,

without prejudice, relief from the automatic stay until the Claimant complies with the Claims Resolution Procedure.

15.    Any lift stay motion filed by a Claimant must contain a representation that such Claimant has participated in good faith, and has exhausted, the Claims Resolution Procedure.  If the Debtors do not timely object to the lift stay motion on any grounds (including that the Claimant has failed to participate in good faith, or exhaust, the Claims Resolution Procedure), the Claimant shall be entitled to submit an order, in the form attached as Exhibit 4 to the Claim Resolution Procedure, lifting the stay.

16.    The Claims Resolution Procedure is in the best interests of the Claimants, the Debtors, their estates and all parties in interest.  The Claims Resolution Procedure will facilitate the consensual liquidation of many Litigation Claims in a manner that is most efficient for both the Debtors and the Claimants.

17.    The underlying rationale for the Claims Resolution Procedure is the practical consideration that most litigation is settled prior to trial, but only after each side has had an opportunity to analyze the merits of its and its opponent's case.  By requiring Claimants to comply with the Claims Resolution Procedure, each Claimant will be required to analyze, present and document its Litigation Claim in an informal, inexpensive way that should result in a large percentage of such Litigation Claims being resolved without the need of further litigation.  In addition, settlement considerations change in bankruptcy because the ultimate potential recovery for plaintiffs, and the ultimate cost to the Debtors, can be significantly lower than outside of bankruptcy.  The bankruptcy case therefore encourages all parties to

settle claims and avoid unwarranted expense. The Claims Resolution Procedure will provide a process for the cost effective settlement and liquidation of many Litigation Claims.

**D.    The Proposed Claims Resolution Procedure is Fair to Claimants**

18.    The Claims Resolution Procedure will treat the Claimants fairly. The Claims Resolution Procedure is a non-judicial procedure for liquidating Litigation Claims more quickly than full trial litigation in state, federal or bankruptcy court. The parties will have sufficient opportunity to reach consensual settlements through direct negotiation and/or alternative dispute resolution. During the suspension of litigation there is limited delay, but the Claimant's substantive rights are not abridged in any way.

19.    Further, there is no requirement that a Claimant settle its Litigation Claim pursuant to the Claims Resolution Procedure. Rather, the Debtors propose only that a Claimant be required to comply, in good faith, with the Claims Resolution Procedure before being entitled to seek relief from the automatic stay to litigate its Litigation Claim.

20.    Finally, the Claims Resolution Procedure provides that the Claimants retain whatever rights they have to liquidate their Litigation Claims through litigation in an appropriate forum if the parties cannot resolve the Litigation Claim by the less expensive and less time-consuming process of direct negotiation or alternative dispute resolution.

**E.    Settlement Authority**

21.    The Debtors request authority to settle Litigation Claims in accordance with the Claims Resolution Procedure. All settlements for $50,001 or more, but less than $250,000, shall be subject to Bankruptcy Court approval pursuant to an Agreed Order of Resolution entered upon 20 days' notice to all Notice Parties of a Notice of Agreed Order of

Resolution, without motion.  If a written objection to any such settlement is not interposed during the 20-day notice period, the Bankruptcy Court may approve the settlement and enter the Agreed Order of Resolution without further notice or hearing.  Additionally, for any settlement equal to or greater than $250,000, the Debtors shall provide notice to the Creditors' Committee 5 business days prior to the filing of a motion seeking approval of such settlement, which motion shall be served upon all Notice Parties at least 20 days prior to the hearing on such motion.

22.     The Debtors (and the Third Party Indemnitor, if applicable) may settle claims of $50,000 or less without prior notice to any party or approval by the Bankrputcy Court, provided that the Debtors shall file with the Bankruptcy Court and serve upon the Creditors' Committee a quarterly report of all such settlements.  The Debtors may submit without motion or notice an Agreed Order of Resolution to the Bankruptcy Court to evidence any such pre-authorized settlements.

23.     For all Litigation Claims settled for $5,001 or more the Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount.  All such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.  For Litigation Claims that are settled for $5,000 or less, the Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) a payment in cash equal to the settled amount (each such payment an "Authorized Payment"), up to an aggregate cap of $5,000,000.

24.     The authority requested in herein will streamline the Claims Resolution Procedure and reduce the administrative burdens on the Debtors' estates as well as the Court when the sums at issue are insufficient to prejudice any parties in interest.

**F.     Stay Relief**

25.     To implement the Claims Resolution Procedure, the automatic stay of Section 362 of the Bankruptcy Code must remain in effect against commencement or continuation of all Litigation Claims asserted against the Debtors, except as provided herein.  If relief from the automatic stay were granted to a Litigation Claimant on an ad hoc basis before such Litigation Claimant had complied with the Claims Resolution Procedure, the Debtors would be forced to expend resources and time in the defense of pre-petition lawsuits in other forums.  Accordingly, the Debtors request that the Court not modify the automatic stay applicable to the Litigation Claims except in connection with the Claims Resolution Procedure.

26.     As set forth in more detail in the Claims Resolution Procedure, in the event that the Claims Resolution Procedure has been exhausted and a Litigation Claim is not resolved through negotiation or alternative dispute resolution, the Claimant may file a motion to modify the automatic stay to permit the parties to litigate the dispute in the appropriate non-bankruptcy forum.  The Debtors shall have an opportunity to object to such motion upon any appropriate grounds, including that the Claimant failed to participate in good faith or failed to exhaust the Claims Resolution Procedure.

27.     If an objection to the modification of the automatic stay is timely filed, a hearing on the motion and any objection will be held on such date as the Court may direct.

28.     To the extent a Claimant files a motion requesting a modification or termination of the automatic stay prior to the exhaustion of the Claims Resolution Procedure, the Debtors request that the Court deny the motion without prejudice to its renewal until after the Claims Resolution Procedure is exhausted.  Upon exhaustion of the Claims Resolution Procedure, the Claimant may file a request for a determination on the pending stay relief motion.  In such case, the Court will reschedule the hearing dates and applicable deadlines for a stay relief motion filed in the ordinary course of the Court's business.

### Applicable Authority

29.     Pursuant to 11 U.S.C. § 105(a), the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Accordingly, because the Claims Resolution Procedure is necessary for the efficient administration of the Debtors' estates, this Court has the authority to approve the Claims Resolution Procedure and to authorize the Debtors to implement such a procedure.

30.     Authority for adopting the Claims Resolution Procedure is also found in the Bankruptcy Rules and Federal Rules of Civil Procedure (the "Federal Rules").  Rule 7016 of the Bankruptcy Rules, which incorporates Federal Rule 16 by reference, governs pretrial conferences and encourages settlement of disputes.  Furthermore, pursuant to Bankruptcy Rule 9014, "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."  Accordingly, the court may and should apply Rule 7016 to this Motion.

31.     Federal Rule 16(a) gives the Court discretion to direct parties and their attorneys to appear at conferences to expedite disposition of the action and to facilitate

settlement.  Rule 16(b) gives the Court authority to issue a "scheduling order," which may

include other matters appropriate in the circumstances of the case.  Rule 16(c) enumerates

matters to be discussed at pretrial conferences, and Rule 16(c)(12) authorizes the use of

special procedures "for managing; potentially difficult or protracted actions that may involve

complex issues, multiple parties, difficult legal questions, or unusual proof problems."

Claims resolution procedures, similar to the Procedure proposed herein, have been approved

in other large, complex chapter 11 cases.  See  In re Service Merchandise Company, Inc.,

jointly administered under Case No. 99-02649 (Bankr. M.D. Tenn.); In re Harnischfeger

Industries, Inc., jointly administered under Case No. 99-2171 (Bankr. D. Del. August 25,

1999); In re FPA Medical Management, Inc., jointly administered under Case No. 98-1596

(PJW) (Bankr. D. Del. 1998).

        32.    The settlement authority requested herein is expressly authorized by

Bankruptcy Rule 9019(b), which provides in pertinent part: "the court may fix a class or

classes of controversies and authorize the trustee to compromise and settle controversies

within such class or classes without further hearing or notice." The settlement parameters are

reasonable and well within the Debtors' business judgment.  The settlement authority

requested pursuant to the Claims Resolution Procedure is in the best interests of the Debtors'

estates and should therefore be approved. See In the Matter of Energy Coop., Inc., 886 F.2d

921, 927-29 (7th Cir. 1989) (noting the benchmark for propriety of a bankruptcy settlement is

whether the settlement is in the best interests of the debtor's estate and holding that approval

of the settlement by the district court was not an abuse of discretion). See also In the Matter

of Andreuccetti, 975 F.2d 413, 421 (7th Cir. 1992) (holding that the proposed settlement was

properly analyzed and was in the best interests of the estate); In re Marvel Entertainment Group, Inc., 222 B.R. 243 (D. Del. 1998) (holding that proposed settlement was in best interest of the estate).

33.     Indeed, Bankruptcy Rule 9019(b) precisely contemplates the relief requested herein.  Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  See In re Martin, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)).  Various courts have endorsed the use of Bankruptcy Rule 9019(b).  See, e.g., In re Check Reporting Service, Inc., 137 B.R. 653 (Bankr. W.D. Mich. 1992); Bartel v. Bar Harbour Airways, Inc., 196 B.R. 268 (S.D.N.Y. 1996); In re Foundation for New Era Philanthropy, 1996 Bankr. Lexis 1892 (Bankr. E.D. Pa. August 21, 1996).

34.     The standards by which a court should evaluate a settlement are well established.  In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

(a)     the probability of success in litigation;

(b)     the complexity of the litigation; and

(c)     the attendant expense, inconvenience, and delay of the litigation (including the possibility that disapproving the settlement will cause wasting of assets).

See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-425 (1968); Energy Coop., 886 F.2d at 927; In re American Reserve Corp., 841 F.2d 159, 161-62 (7th Cir. 1987); Andreuccetti, 975 F.2d at 421; In re Trovato, 131 B.R.

650, 653 (N.D. Ill. 1991); In re Griffin Trading Co., 270 B.R. 883, 903 (Bankr. N.D. Ill.

2001).

35.      The decision to approve a settlement is within the discretion of the Court and

is warranted where the settlement is found to be reasonable and fair in light of the particular

circumstances of the case. See TMT Trailer Ferry, 390 U.S. at 424-25. The settlement need

not be the best that the debtor could have achieved, but need only fall "within the reasonable

range of litigation possibilities." See id. See also Energy Coop., 886 F2d at 929; In re Penn

Central Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979). A proposed settlement will fail the

test only if it falls beneath the lowest possible point in the range of reasonableness. See

Energy Coop., 886 F.2d at 929.

36.      Providing the Debtors with authority to compromise and settle the Litigation

Claims in accordance with the Claims Resolution Procedure is reasonable. It will allow

expedited and cost efficient determination of the Litigation Claims. Moreover, the proposed

settlement procedures will eliminate the unnecessary diversion of judicial and administrative

resources that would occur were the Debtors required to separately seek approval of each

settlement of a Litigation Claim.

37.      The Claims Resolution Procedure represents the best and most efficient

method of maximizing the value of the Debtors' estates. Granting authority to settle

Litigation Claims as set forth herein without further motion, notice or order will significantly

reduce associated administrative expenses and help the Debtors avoid the delay, uncertainty

and, in this context, an overly cumbersome approval process. Moreover, the authority

requested provides incentive to the Claimants to work with the Debtors to reconcile, settle or

compromise the Litigation Claims.  Accordingly, the proposed procedures are in the best interest of the Debtors' estates and should be approved.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A and grant such other and further relief as is just and proper.

Dated: Jacksonville, Florida
      August 12, 2005

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

SMITH HULSEY & BUSEY

By   *s/D. J. Baker*      
    D. J. Baker
    Sally McDonald Henry
    Rosalie Walker Gray

By   *s/James H. Post*    
    Stephen D. Busey
    James H. Post
    Eric N. McKay

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Co-counsel for the Debtors

Co-counsel for the Debtors

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## ORDER APPROVING CLAIMS RESOLUTION
## PROCEDURE AND AUTHORIZING DEBTORS TO
## SETTLE OR LIQUIDATE CERTAIN LITIGATION CLAIMS

These cases came before the Court on _____, 2005 on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an order approving a claims resolution procedure and authorizing Debtors to settle or liquidate certain pre-petition litigation claims (the "Motion"). Upon consideration, it is

ORDERED AND ADJUDGED:

1.     The Debtors are authorized to utilize the Claims Resolution Procedure[1] to liquidate or settle Litigation Claims through direct negotiation or alternative dispute resolution.

2.     The Claims Resolution Procedure, a copy of which is attached to this Order, is approved in all respects including, without limitation, the deadlines set forth in the Claims Resolution Procedure.

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

3.      On or before September 30, 2005, the Debtors shall serve a copy of the Questionnaire on all Eligible Claimants (except Judgment Claim Claimants) whom the Debtors are reasonably able to identify and locate.

4.      Upon service of the Questionnaire and this Order upon an Eligible Claimant, the Claims Resolution procedure shall be binding on such Claimant.

5.      The service of the Questionnaires on the Claimants shall be deemed to be objections, within the meaning of section 502(a) of the Bankruptcy Code, to the proofs of claim filed by such Claimants with respect to the applicable Litigation Claims. If a Claimant fails to return the fully completed Questionnaire by November 1, 2005, the Debtors shall be entitled to seek disallowance and expungement of such Claimant's proof of claim with respect to the applicable Litigation Claim. Until the Debtors' objection is resolved, such Claimant shall not have an allowed claim for purposes of voting on a plan of reorganization or for purposes of any distribution under any confirmed plan of reorganization for the Debtors.

6.      The form of Notice attached to the Claims Resolution Procedure as Exhibit 1 is approved.

7.      The form of Agreed Order of Resolution attached to the Claims Resolution Procedure as Exhibit 2 is approved.

8.      The form of the Questionnaire to be served upon the Eligible Claimants attached to the Claims Resolution Procedure as Exhibit 3 is approved.

9.      The form of the order lifting the automatic stay attached to the Claims Resolution Procedure as Exhibit 4 is approved.

502536.2

10.     The Debtors, at their discretion, are authorized to settle Litigation Claims in the manner described and contemplated by the Claims Resolution Procedure which provide, in part, that:

(i)     All settlements for $50,001 or more, but less than $250,000, shall be subject to Bankruptcy Court approval pursuant to an Agreed Order of Resolution entered upon 20 days' notice to all Notice Parties of a Notice of Agreed Order of Resolution, without motion. If a written objection to any such settlement is not interposed during the 20-day notice period, the Bankruptcy Court may approve the settlement and enter the Agreed Order of Resolution without further notice or hearing.

(ii)    Additionally, for any settlement equal to or greater than $250,000, the Debtors shall provide notice to the Creditors' Committee 5 business days prior to the filing of a motion seeking approval of such settlement, which motion shall be served upon all Notice Parties at least 20 days prior to the hearing on such motion. Upon approval of the motion, the Bankruptcy Court shall enter an Agreed Order of Resolution.

(iii)   The Debtors (and the Third Party Indemnitor, if applicable) may settle claims of $50,000 or less without prior notice to any party or approval by the Bankruptcy Court, provided that the Debtors shall file with the Bankruptcy Court and serve upon the Creditors' Committee a quarterly report of all such settlements. The Debtors may submit without motion or notice an Agreed Order of Resolution to the Bankruptcy Court to evidence any such pre-authorized settlements.

(iv)    For all Litigation Claims settled for $5,001 or more the Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount. All such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

(v)     For Litigation Claims that are settled for $5,000 or less, the Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) a payment in cash equal to the settled amount (each such payment an "Authorized Payment"), up to an aggregate cap of $5,000,000.

11.     No Claimant shall be entitled to relief from the automatic stay to establish, liquidate or otherwise engage in any collection of the Litigation Claim from the Debtors or

any Third Party Indemnitor until such Claimant has exhausted the Claims Resolution Procedure.

12.     Nothing in this Order is intended to, nor will this Order be deemed to, alter any requirements under any insurance policies (the "Insurance Policies") or to limit or otherwise prejudice any Third Party Indemnitor's rights or defenses, all of which are expressly reserved, and the Debtors shall continue to comply with the Insurance Policies. Moreover, the implementation of the Claims Resolution Procedure by the Debtors shall not be deemed a breach of any Insurance Policy or agreement with any Third Party Indemnitor. In accordance with the terms of the applicable Insurance Policy or the agreement with a Third Party Indemnitor, and if required with respect to any aspect of the Claims Resolution Procedure, the Debtors shall not liquidate or settle any claim that involves a Third Party Indemnitor, without notice to the Third Party Indemnitor, without providing an opportunity for such Third Party Indemnitor to be involved in the settlement discussions or alternative dispute resolution procedure and providing the Third Party Indemnitor an opportunity to approve such settlement or to consent to such settlement.

13.     The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.

14.     Nothing in this Order is intended to, nor will this Procedures Order be deemed to, obviate the need for any Claimant to file a proof of claim in compliance with the Bar Date Order.

15.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this _____ day of _____, 2005, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

**CLAIMS RESOLUTION PROCEDURE**

Only Eligible Claimants (as hereinafter defined) are entitled to participate in the Claims Resolution Procedure. The Debtors reserve the right, however, to exclude any person from participation in this Claims Resolution Procedure at any time in their sole and absolute discretion. If you have a Litigation Claim against one or more of the Debtors or any Related Non-Debtor Party, it is important that you read and comply with the procedures set forth below; your failure to do so may result in disallowance of your Litigation Claim. **If you have a lawyer, you should consult with your lawyer.**

1.      **Definitions.**

"Agreed Order of Resolution" means the form of Agreed Order attached as Exhibit 2 which will set forth an agreed resolution or settlement of the disputes between the Debtors and the Claimant concerning a Litigation Claim.

"Arbitration" means an arbitration conducted pursuant to the procedures described in Section 7 of these Claims Resolution Procedures.

_____

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

"Authorized Payment" means direct payment, in cash, by the Debtors for any Litigation Claim settled in the amount equal to or less than $5,000, up to an aggregate cap of $5,000,000.

"Automatic Stay" means the automatic stay imposed by Section 362(a) of the Bankruptcy Code.

"Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended from time to time.

"Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida. The address of the Bankruptcy Court is 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202.

"Bar Date" means August 1, 2005, the last date by which Proofs of Claim evidencing Litigation Claims may be timely filed, or such other special bar date as may be applicable to a particular Claimant.

"Claimant" means the person asserting a Litigation Claim.

"Claims Resolution Procedure" means these Claims Resolution Procedures for Litigation Claims set forth herein as approved by the Bankruptcy Court.

"Committees" means the Official Unsecured Creditors' Committee, and any other committees appointed by the U.S. Trustee or the Bankruptcy Court in this case, collectively.

"Cost of Mediation" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the mediator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Cost of Arbitration" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the arbitrator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Counsel for the Debtors" means Smith Hulsey & Busey.

"Creditors' Committee" means the Official Unsecured Creditors' Committee.

"Debtor" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates identified in footnote 1, as debtors and debtors-in-possession, whose Chapter 11 bankruptcies are jointly administered by the Bankruptcy Court as Case No. 05-03817-3F1.

"Defenses" means all legal or equitable defenses to a Litigation Claim that the Debtors or a Related Non-Debtor Party are entitled to raise under applicable law and all defenses to coverage that a Third Party Indemnitor is entitled to raise under an Insurance Policy, an agreement or applicable law.

"Eligible Claimant" means a Claimant who has timely filed a Proof of Claim evidencing a Litigation Claim.

"Federal Rules of Bankruptcy Procedure" means the Federal Rules of Bankruptcy Procedure and official forms, and the Local Rules of Bankruptcy Procedure for the Middle District of Florida, including amendments in effect from time to time.

"Final Order" means an order of the Bankruptcy Court or other court as to which the time to appeal has expired and as to which no appeal is pending or, if an appeal has been timely taken, the order has been affirmed and is no longer subject to appeal.

"Insurance Policy" means any and all insurance policies between an Insurer and a Debtor which provides coverage for Litigation Claims.

"Insurer" means the liable party under an Insurance Policy.

"Judgment Claim Claimant" means any Claimant that held a judgment against the Debtors on account of a Litigation Claim as of February 21, 2005 and as to which an appeal was pending as of the Petition Date.

"Litigation Claim" means every claim against any of the Debtors or their agents which arose on or before the Petition Date for (i) personal injury or property damage, including, but not limited to, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws).

"Mediation" means the mediation conducted pursuant to the procedures described in Section 6 of these Claims Resolution Procedures.

"Mediation/Arbitration Organization," means, in its singular or plural form, all mediation/arbitration organizations meeting the requirements of paragraph 6B herein and employed by the Debtors.

"Notice of Agreed Order of Resolution" means the form of Notice attached as Exhibit 1, which the Debtors will serve in conjunction with the filing of each Agreed Order of Resolution concerning the settlement of any Litigation Claim in excess of $50,000.

"Notice Parties" means the Creditors' Committees, the Debtors' post-petition lenders, the United States Trustee and all other parties which are entitled to notices in these cases.

"Petition Date" means February 21, 2005, the date these Chapter 11 cases were commenced.

"Proof of Claim" means a written document filed in compliance with the Bankruptcy Court order dated April 28, 2005, and in the form required by such Court order.

"Questionnaire" means the document, in the form attached as Exhibit 3, to be served by a Claimant upon the Debtors that constitutes an objection to the Claimant's Litigation Claim and is used, inter alia, to collect certain information about the Claimant's Litigation Claim.

"Referral Notice" means the form of notice that is to be filed and served by the Debtors in order to refer a particular Litigation Claim to Mediation.

"Related Non-Debtor Party" means any current or former agent, representative or employee of a Debtor to the extent required to be indemnified by a Debtor or any other party required to be indemnified by a Debtor.

"Reply" means the document to be served by the Claimant in reply to the Response Statement. The Reply may accept the settlement proposal, if any, made by the Debtors.

"Response Statement" means the statement to be served by the Debtors, in response to a Claimant's Questionnaire, which Response Statement may include a settlement proposal to the Claimant.

"Small Claims Claimant" means any Claimant with a Litigation Claim that the Debtors have identified as being equal to $5,000 or less.

"Settlement Agreement" means the agreement that must be executed by the Claimant with respect to any settlement of that person's Litigation Claim.

"Third Party Indemnitor" means a person or entity that is liable under applicable non-bankruptcy law to indemnify the Debtors for a Litigation Claim, including an Insurer under an Insurance Policy.

## 2.   Summary of Claims Resolution Procedure.

The Claims Resolution Procedure is intended to accelerate the settlement or liquidation of Litigation Claims against the Debtors. In general, the Debtors are self insured for an initial $2 million per occurrence. If you have a Litigation Claim, you must follow these Procedures. The Debtors, the Third Party Indemnitors (if applicable), and the

Claimants each shall communicate with the other parties and negotiate in good faith in an attempt to reach an agreement for the release, payment or compromise of Litigation Claims.

No Claimant will have any right to compel the Debtors to undertake Mediation or Arbitration of such Claimant's Claim and, similarly, the Debtors shall have no right to compel any Claimant to undertake Mediation or Arbitration of any Claimant's Claim, provided however, once a non-requesting party consents to binding arbitration neither party may unilaterally terminate such proceedings.

### 3.    Offer-Exchange Process

#### A.    The Questionnaire

The Debtors will serve each Eligible Claimant, except Judgment Claim Claimants, with copies of (i) the Final Order approving these Claims Resolution Procedures, (ii) the Claims Resolution Procedure and (iii) the Questionnaire on or before September 30, 2005, thereby initiating the offer-exchange process. Except as otherwise provided for herein with respect to Judgment Claim Claimants, each Claimant shall serve on or before November 1, 2005, upon the Debtors, a completed Questionnaire. In the event that an Eligible Claimant does not serve the Questionnaire upon the Debtors by November 1, 2005, the Debtors will have grounds for seeking the disallowance of any Proof of Claim filed with respect to such Litigation Claim.

#### B.    The Response Statement

As soon as practicable after the Debtors receive the Questionnaire, the Debtors, after appropriate consultation and consent by the Third Party Indemnitor, if applicable, shall determine what response to the Litigation Claim is appropriate. The Debtors shall serve each Claimant that has timely returned a Questionnaire (or Claimant's counsel, if one has been identified), with a Response Statement, on or before December 15, 2005, that shall state whether:

        (1)     the amount demanded in the Questionnaire is accepted; or

        (2)     the Litigation Claim is disputed; or

        (3)     the Litigation Claim is disputed but stating the terms and conditions of a settlement that would be acceptable to the Debtors and any Third Party Indemnitor, if applicable, including a description of key Defenses and any third-party claims.

In the event that the Debtors accept the amount demanded in the Questionnaire or make a counter-offer in the Response Statement, then the Debtors may provide the Claimant with a form of Settlement Agreement.

### C.    The Reply

The Claimant shall serve a written Reply to the Response Statement on the Debtors, Counsel for the Debtors, and any Third Party Indemnitor identified in the Response Statement on or before January 15, 2006. The Claimant's Reply shall either accept or reject any settlement proposal in the Response Statement.

If an Eligible Claimant accepts the terms of a settlement proposal contained in a Response Statement, the Eligible Claimant shall indicate his or her acceptance of the settlement proposal in writing by executing and returning the Settlement Agreement served by the Debtors with the Response Statement. If the agreed settlement amount (the "Settlement Amount") is greater than $5,000 the Eligible Claimant shall be deemed to hold an allowed, pre-petition general unsecured claim against the Debtor identified in the Proof of Claim in such Settlement Amount. For each Settlement Amount of $5,000 or less, the Eligible Claimant shall receive, in the Debtors' sole discretion, either (a) an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount or (b) an Authorized Payment. If any applicable Third Party Indemnitor has consented to the settlement proposal, the Third Party Indemnitor shall pay to the Eligible Claimant a sum equal to the lesser of the Settlement Amount or the available coverage.

### D.    Exhaustion of Claim Resolution Procedure

A Claimant's service of a fully completed Questionnaire and Reply on the Debtors will constitute prima-facie evidence of good faith compliance with, and exhaustion of, the Claims Resolution Procedure by such Claimant. If a Claimant fails to timely serve on the Debtors (i) a fully completed Questionnaire and (ii) a Reply, or otherwise does not participate in the Claims Resolution Procedure in good faith, the Debtors will have the right to seek disallowance and expungement of such Claimant's proof of claim with respect to the applicable Litigation Claim.

### 4.    Judgment Claim Claimants

For Claims of the Judgment Claim Claimants that the Debtors elect to submit to Mediation, on or after September 1, 2005, the Debtors will begin to contact each Judgment Claim Claimant by telephone to arrange for Mediation of such Claimant's Litigation Claim pursuant to Section 5 of these Claims Resolution Procedures. The Mediation process for all Litigation Claims held by Judgment Claim Claimants shall be concluded by November 30, 2005, unless the parties with respect to particular matters otherwise agree. If a settlement is not reached after exhaustion of the Mediation, then (a) the Judgment Claim Claimant and the Debtors may agree to binding Arbitration pursuant to Section 6 of these Claims Resolution Procedures or (b) the Judgment Claim Claimant may request modification of the Automatic Stay as provided for in Section 7 of these Claims Resolution Procedures.

## 5.    Mediation Procedure.

### A.    Referral to Mediation

A Litigation Claim may be referred to Mediation as provided for in Sections 3 and 4 of these Claims Resolution Procedures.  Any such Claim shall be referred by the Debtors to the Mediation/Arbitration Organization, by submission of a Referral Notice, (i) on or before September 30, 2005, in the case of Judgment Claim Claimants, and (ii) within 15 days after receipt of an appropriate request by an Eligible Claimant in accordance with Section 3 of these Claims Resolution Procedures.  The Debtors shall serve a copy of the Referral Notice on the Mediation/Arbitration Organization, the Claimant, and any Third Party Indemnitor to the extent notice of such an action is required under any applicable Insurance Policy.  The Debtors shall make arrangements with the mediator for the payment of the Cost of Mediation and shall pay the Cost of Mediation as a post-petition administrative expense as allowed by order of the Bankruptcy Court, up to an aggregate cap of $1,400,000, which may be increased from time to time by agreement with the Creditors' Committee or order of the Bankruptcy Court.

### B.    Appointment of Mediator

Upon referral of a Litigation Claim to mediation, the Mediation/Arbitration Organization shall, within 30 days after the receipt of the Referral Notice, (i) appoint a mediator who is familiar with the laws which govern the Claim, and (ii) provide written notice to the Debtors and the Eligible Claimant of such appointment.  Individual mediators shall provide written acknowledgment of their agreement to serve with the disclosure set forth in this paragraph.  In particular, a person may serve as a mediator only if (i) the person has the requisite experience or knowledge to act as a mediator of legal disputes; (ii) the person is an impartial and neutral person; (iii) the person has no financial or personal interest in the proceedings, or except where otherwise agreed by the parties, in any related matter; and (iv) the person, upon appointment, discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties.  If a party, within 15 days after the disclosures required in this paragraph are sent, in good faith, does not believe the mediator meets the requirements of this paragraph, such party may file a motion with the Court for the appointment of a new mediator, if the parties cannot otherwise agree on the appointment of a new mediator.

### C.    Conduct of Mediation

The mediator shall handle all Litigation Claims in the order received by him or her or as directed by mutual agreement of the parties.  In all cases, the procedures used by the mediators shall be reasonable and practical under the existing circumstances.  Any party may be represented by legal counsel, although the participation of legal counsel shall not be required for the conduct of the mediation.  The mediator shall meet with the parties or their representatives, individually and jointly, for a conference or series of conferences as determined by the mediator.   The Claimant and the Debtors or their respective representatives must be present at the conference, unless the disputed portion of the

Litigation Claim is $100,000 or less, in which case the parties may appear by telephone. Such conference shall be in the nature of a settlement conference and shall be conducted in Jacksonville, Florida, or such other place mutually agreeable to the Debtors and the Claimant or as designated by the mediator.

The mediator may review the Litigation Claim and the positions of the parties, the prior negotiations between the parties, all correspondence between the parties during the Offer-Exchange Process, if any, and such additional information as the parties may, in their discretion, wish to submit. The Claimant and Debtor shall each submit to the mediator a concise confidential statement outlining each party's position on settlement value. This confidential statement shall be deemed to be privileged as a compromise and settlement negotiation and shall not be disclosed to the other party.

The mediator shall work with both sides to reach a settlement of the Litigation Claim mutually acceptable to the Debtors and the Litigation Claimant. The mediator shall not have the authority to impose a settlement upon the parties. For all settlements reached pursuant to Mediation, the Debtors shall file with the Bankruptcy Court an Agreed Order of Resolution. If a Litigation Claim is settled for an amount exceeding $5,000, the Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount, to be paid in accordance with the confirmed plan(s) of reorganization in these Chapter 11 cases. For Litigation Claims that are settled for $5,000 or less, the Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

6. **Arbitration Procedure.**

A. Referral to Arbitration

A Litigation Claim may be referred to Arbitration as provided for in Sections 3 and 4 of these Claims Resolution Procedures. Either party may request that the other party consent to binding arbitration proceedings, which request shall also serve as a consent by the requesting party. The non-requesting party must send notice to the requesting party within 15 days of the mailing date of the request for arbitration that the non-requesting party consents to binding arbitration. The Debtors shall send notice of such Arbitration to any Third Party Indemnitor to the extent notice of such an action is required under the applicable Insurance Policy. The Litigation Claim shall be submitted for arbitration within 60 days of the mailing date of the request for arbitration if the non-requesting party consents to binding arbitration. At the time the non-requesting party consents in writing to binding arbitration, neither party can thereafter unilaterally terminate such proceedings.

B. Appointment of Arbitrator

Upon a submission for binding arbitration, the Mediation/Arbitration Organization shall, within 30 days after receipt of the referral to binding arbitration, (i) appoint an arbitrator to conduct arbitration proceedings as hereinafter set forth and (ii) provide notice to the Debtors and the Claimant of such appointment. Individual arbitrators shall provide

written acknowledgment of their agreement to serve to the Debtors and the Eligible Claimant. Such proceedings shall be commenced, to the extent practicable, not later than 30 days after the date the arbitrator provides written acknowledgment to all parties.

### C.   Conduct of Arbitration

All binding arbitration proceedings shall be administered by the Mediation/Arbitration Organization. The same Mediation/Arbitration Organization may be used for both the mediation procedure and binding arbitration proceedings. Arbitrators who are not otherwise selected shall be appointed to particular matters by the Mediation/Arbitration Organization pursuant to its rules and procedures; provided, however, that a person may serve as an arbitrator only if the person is (i) impartial and neutral; (ii) has no financial or personal interest in the proceedings or, except as otherwise agreed by the parties, in any related matter; (iii) the person shall not have served as the mediator of the Litigation Claim subject to the binding arbitration proceedings; and (iv) upon accepting an appointment, the person discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties.

The arbitration shall be conducted in accordance with applicable law and shall be governed by the Federal Arbitration Act, Title 9, United States Code. Except as otherwise provided by the Claims Resolution Procedure, and unless otherwise agreed by the parties, the arbitration shall be conducted pursuant to the dispute resolution procedures for commercial, insurance or employment claims of the American Arbitration Association, as currently in effect and appropriate.

### D.   Cost of Arbitration

The Cost of Arbitration will be shared equally by the Debtors and the Claimant, provided however, that the arbitrator may in his or her sole discretion assess the entire Cost of Arbitration against any party delaying or abusing the arbitration proceedings. The Debtors and the Claimant shall each make arrangements with the arbitrator for (i) the payment of one half of their portion of the Cost of Arbitration; and (ii) the payment of the balance within 30 days of the date of determination of the binding arbitration proceedings.

### E.   Arbitration Award

The amount of the award set by the arbitrator shall be binding and shall be within the discretion of the arbitrator, but in no event shall the amount of the award (i) exceed the lower of (x) the claimed amount of the Litigation Claim as shown on the Claimant's Questionnaire or (y) as shown on the Claimant's Proof of Claim, or (ii) be less than the undisputed portion of the Claim. Neither party shall have the right to appeal the award except on the grounds set forth in the Federal Arbitration Act. There will be no right to a trial de novo.

**7.      Stay Relief.**

If an Eligible Claimant has otherwise exhausted the Claims Resolution Procedures provided for herein, it may apply for relief from the Automatic Stay to pursue litigation of its Litigation Claim in an appropriate forum.

####      A.      Lift Stay Motion

A motion for relief from the Automatic Stay may be filed and served by the Claimant only upon good faith compliance with, and exhaustion of, the Claims Resolution Procedure.

####      B.      Exhaustion of Procedure

No motion seeking relief from the Automatic Stay with respect to a Litigation Claim will be granted unless the Claimant has first exhausted, in good faith, the Claims Resolution Procedure.  To the extent a Claimant files a lift stay motion without exhausting the Claims Resolution Procedures, the Bankruptcy Court shall deny the motion, without prejudice to its renewal after the Claims Resolution Procedures are exhausted.

####      C.      Order Modifying Stay

Upon the representation by the Claimant in such motion that the foregoing conditions have been met and if the Debtors do not timely object, the Claimant shall submit a stay relief order to the Bankruptcy Court lifting the Automatic Stay in the form attached as Exhibit 4.

####      D.      Objection by the Debtors

The Debtors shall have the opportunity to object to any such motion upon any appropriate grounds, including the grounds that the Claimant has failed to comply with the foregoing conditions of the Claims Resolution Procedure.  Any other party in interest with standing, including the Creditors' Committee and any Third-Party Indemnitor, shall have the right to object; provided that nothing in the Claims Resolution Procedure shall be deemed to grant them standing.

**8.      Civil Litigation.**

If the Eligible Claimant has complied in good faith with this Claims Resolution Procedure, then any Eligible Claimant may pursue his or her Litigation Claim against the Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted.  In any proceeding before any court, the Debtors shall have and may assert any or all of their legal and equitable rights to object to or otherwise contest the Litigation Claim.  An Eligible Claimant shall not, however, be able to enforce or execute against the Debtors any judgment obtained as a result of such litigation.  Nothing contained herein shall be construed to relieve a Claimant of any obligation imposed by applicable non-bankruptcy law to exhaust administrative, alternative dispute resolution or other procedures applicable to Litigation Claims.

**9.      Settlement and Court Approval.**

At any time during the administration of this Claims Resolution Procedure, even during litigation, the Debtors (and the Third Party Indemnitor, if applicable) shall have the authority to agree to a settlement with the Eligible Claimant, subject to the approval of the Bankruptcy Court as provided below.

A.      <u>Claims of $50,001 or more.</u>

All settlements for $50,001 or more, but less than $250,000, shall be subject to Bankruptcy Court approval pursuant to an Agreed Order of Resolution entered upon 20 days' notice to all Notice Parties of a Notice of Agreed Order of Resolution, without motion. If a written objection to any such settlement is not interposed during the 20-day notice period, the Bankruptcy Court may approve the settlement and enter the Agreed Order of Resolution without further notice or hearing.

Additionally, for any settlement equal to or greater than $250,000, the Debtors shall provide notice to the Creditors' Committee 5 business days prior to the filing of a motion seeking approval of such settlement, which motion shall be served upon all Notice Parties at least 20 days prior to the hearing on such motion. Upon approval of the motion, the Bankruptcy Court shall enter an Agreed Order of Resolution.

B.      <u>Claims of $50,000 or less.</u>

The Debtors (and the Third Party Indemnitor, if applicable) may settle claims of $50,000 or less without prior notice to any party or approval by the Bankrputcy Court, provided that the Debtors shall file with the Bankruptcy Court and serve upon the Creditors' Committee a quarterly report of all such settlements. The Debtors may submit without motion or notice an Agreed Order of Resolution to the Bankruptcy Court to evidence any such pre-authorized settlements.

C.      <u>Payment and Allowance of Claims</u>

For all Litigation Claims settled for $5,001 or more the Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount. All such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

For Litigation Claims that are settled for $5,000 or less, the Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

**10.      Application of Automatic Stay.**

The Insurance Policies issued by the Insurers are for the purposes of this Claims Resolution Procedure deemed to be property of the estate of the Debtors. No person or entity

shall be allowed to assert any Litigation Claim against such Insurance Policies or against the Debtors or any of their assets unless they have first complied with this Claims Resolution Procedure.

### 11.    Waiver of Claims Resolution Procedure.

The Debtors, in their sole discretion, may (i) agree to waive and/or extend the deadlines set forth herein for the filing of the Questionnaire and/or Reply or (ii) exclude any person from participation in the Claims Resolution Procedure at any time (except a Claimant who has entered into a binding arbitration with the Debtors). In addition, nothing herein shall preclude the Debtors from submitting a stipulation agreeing to lift, modify or annul the Automatic Stay, upon such notice as required under the Bankruptcy Code and Bankruptcy Rules.

### 12.    Notice.

Whenever notice is required to be given under these Claims Resolution Procedures, it shall be given in the manner provided in the relevant section, by first class mail, postage prepaid, as follows:

| | |
|---|---|
| If to the Debtors: | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, Florida 32254<br>Attn: Jay F. Castle, Esq. |
| If to Counsel for the Debtors: | Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>Attn: James H. Post, Esq. |

### 13.    Insurers.

Nothing in this Claims Resolution Procedure shall be construed to alter the rights or obligations of any Insurer of the Debtors. In all instances where an Insurer has a right to receive notice, participate in the resolution of a Litigation Claim, or decide upon or approve the resolution of a Litigation Claim, that right is preserved. Nothing in this Claims Resolution Procedure shall be construed to authorize the Debtors to act on behalf of or as an agent for any Insurer of the Debtors. However, the Mediation/Arbitration Organization shall have the authority, without further order of the Bankruptcy Court, to direct the attendance, at any Mediation or Arbitration, of a representative of the applicable Third Party Indemnitor or Insurer, if any, with authority to settle and pay any settlement reached or award entered.

[End of Claim Resolution Procedure]

**Exhibit 1**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

### NOTICE OF AGREED ORDER OF RESOLUTION OF
### LITIGATION CLAIM OF _____ (CLAIM NO. _____)

---

<u>NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING</u>

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

      Pursuant to Rule 4001(d), Federal Rules of Bankruptcy Procedure, and Local Rule

2002, notice is given of the proposed Agreed Order of Resolution of Litigation Claim of

_____ (Claim No. _____).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the proposed Agreed Order is filed and served within the time set

forth above, the Court will be requested to enter the Order without further notice or hearing.

Dated: _____, 200__

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By   *s/ D.J. Baker*
     D. J. Baker
     Sally McDonald Henry
     Rosalie Walker Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By   *s/ James H. Post*
     Stephen D. Busey
     James H. Post (FBN 175460)
     Cynthia C. Jackson

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Counsel for Debtors

501017.2

Exhibit 2

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION
## CLAIM OF _____ (CLAIM NO.   )

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, _____ (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. _____). [The Court finds that notice of the proposed Agreed Order was served on all interested parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party filed an objection. The Court therefore considers the entry of the Order unopposed] or [The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure]. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. _____ filed by Claimant is allowed as a unsecured non-priority claim in the amount of $_____ against **[Relevant Debtor]** in Case No. _____ to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

[1.    Claim No. _____ filed by Claimant is allowed as a unsecured non-priority claim in the amount of $_____ against **[Relevant Debtor]** in Case No. _____ which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure].

2.    This Agreed Order resolves (i) all liabilities and obligations related to Claim No. [____] and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 200__, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By_____    By_____
        James H. Post

Florida Bar Number 175460
1800 Wachovia Bank Tower,
225 Water Street
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors          Attorneys for Claimant

**Exhibit 3**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

## QUESTIONNAIRE FOR LITIGATION CLAIMANTS

In re:

Winn-Dixie Stores, Inc., et al.
Case No. 05-03817-3F1
Chapter 11

**Name and Address of Claimant:**

_____
Name

_____
Address

_____
City

_____
State/Zip                    Country

_____
Phone Number

## PART A - NOTICE

**Purpose of this Notice**

According to court records, you filed a proof of claim in the referenced cases. As an initial step in resolving your claim, and to estimate your claim, to which the Debtors hereby object, for purposes of allowing you to vote on any proposed plan of reorganization, you must complete this Questionnaire and mail it, with proper postage, to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254, Attn: Jay F. Castle, Esq. A Questionnaire will not be deemed to have been timely returned unless received by the Debtors on or before November 1, 2005.

**Action Required by You**

1.      The Debtors have objected to your claim, if you do not return the Questionnaire on time, the Debtors will have the right to seek disallowance or your claim. Until the Debtors' objection to your claim has been resolved, you will not be allowed to vote on a reorganization plan and you will receive no distribution pursuant to such plan.

2.      If you do *not* wish to pursue any claim you may have, disregard this notice and do not return it.

3.      If you wish to pursue a claim you have against the Debtors arising from or relating to (i) personal injury or property damage, including, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws), you must:

(a)      fully complete this Questionnaire (if a particular question is not applicable to you, you must indicate such by the designation "N/A" or similar statement), and

(b)      return the completed Questionnaire in the enclosed reply envelope. (Note: you must affix proper postage). The reply must be delivered no later than November 1, 2005, or it will not be processed and you may not be allowed to vote on any proposed reorganization plan, nor receive any distribution from any confirmed reorganization plan.

### WARNING:

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE TO THE DEBTORS BY NOVEMBER 1, 2005, THE DEBTORS WILL REQUEST THAT YOUR CLAIM BE DISALLOWED, AND YOU MAY NOT BE ABLE TO VOTE ON A PROPOSED REORGANIZATION PLAN, OR RECEIVE DISTRIBUTIONS PURSUANT TO ANY CONFIRMED PLAN.**

### PART B - CLAIM INFORMATION

1.      Give your date of birth:_____

2.      Date of injury or claim:_____

3.      What is the basis of your claim?_____
        _____
        _____

4.      What is the total amount of your claim? (Please estimate if necessary)._____
        _____

5.    Attach copies of all documents supporting or evidencing your claim.  Do not send
      original documents.  If the documents are not available, please explain.
      _____
      _____

6.    Identify all payments or other sums which have been credited and deducted for the
      purpose of quantifying your claim amount._____
      _____
      _____

7.    Are you pursuing this claim against any other party?   Yes ☐      No ☐
      If so, against whom (list the name, the addresses and counsel for each party, if
      known)?_____
      _____
      (Attach additional sheets if necessary)

8.    Did you notify the Debtor in writing of the injury or claim?  (If yes, attach a copy of
      such writing.)  Yes ☐      No ☐

9.    Is there a pending lawsuit regarding your claim?  If so, identify the court where the
      lawsuit is pending, the case number and the judge, if known._____
      _____
      _____

10.   What type of injuries or damages do you have?  If applicable, please provide a
      medical description of your injuries. (Please state if the claim is based, in whole or in
      part, on an injury to someone else.)_____
      _____
      _____

11.   Where did the injury or damage occur?_____
      _____
      Please specify the location and address

12.   How did the injury or damage occur?_____
      _____

13.   Did you miss any work as a result of your injury or damage? If so, how many days?
      _____
      _____

14.   Give the name and address of your employer and your salary at the time of your
      injury or damage._____
      _____

3

15.    Was anyone else injured at the time of your injury or damage? (If yes, list the names and addresses.)_____
_____
_____

16.    List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your injury or damages (including, but not limited to, any representatives or agents of the Debtors)._____
_____
_____

17.    If applicable, are treatments still being given for the injury or damages? Yes ☐ No ☐ (If yes, provide the name and address of the doctor that is currently treating you and the nature of the treatment.)_____
_____

18.    If applicable, please provide the following Physician Data:

    a.    Give the name and address of any physician, clinic or hospitals that has treated this injury. Include treatment dates.
       (Attach additional sheets if necessary)
       _____
       _____
       _____
       _____

    b.    Itemize all damages you claim, including any damages for emotional distress, loss of consortium or pain and suffering._____
       _____
       _____

    c.    Give the total amount of the medical bills you incurred as a result of your claim. _____
       _____

    d.    Attach medical and hospital records which relate to your claim.

    e.    Itemize any other expenses you incurred as a result of the incident for which you are making a claim._____
       _____
       _____

    f.    Give a list of medical expenses and amounts paid by your insurance company as a result of your injury._____

_____

_____

g.     Give the name, address and policy number of your insurance company.____

_____

_____

_____

19.     To the extent not already furnished in your response to questions 1 through 18 above, please provide the following information:

a.     Itemize the damages you claim._____

_____

_____

b.     Give the total amount of each item of damage._____

_____

_____

**20.     IN WHAT AMOUNT WOULD YOU AGREE TO SETTLE YOUR CLAIM? (This is not the amount that you will receive on account of your claim. the amount you will receive depends upon the plan or plans of reorganization that may be approved.)**_____

_____

_____

## PART C - SIGNATURE

**NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.**

I declare under penalty of perjury that the foregoing statements are correct.

DATE:_____          _____

Claimant's Signature

Please recheck each of your answers to be sure that you have completed this form fully and accurately.

### NAME AND ADDRESS OF ATTORNEY OR OTHER AUTHORIZED AGENT

Complete this box if you have an attorney or other agent who represents you in this matter. If completed, all future notices will go to your attorney or agent rather than to you personally.

Name (First/Middle/Last)_____

Address_____

City/State/Zip_____

Country_____

Relationship to Claimant_____

Phone Number_____

## PART D - RETURN OF QUESTIONNAIRE

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE TO THE DEBTORS BY NOVEMBER 1, 2005, THE DEBTORS WILL REQUEST THAT YOUR CLAIM BE DISALLOWED, AND YOU MAY NOT BE ABLE TO VOTE ON A PROPOSED REORGANIZATION PLAN, OR RECEIVE DISTRIBUTIONS PURSUANT TO ANY CONFIRMED PLAN.**

A Questionnaire will not be deemed to have been timely returned unless received by the Debtors on or before November 1, 2005 at the following address:

> Winn-Dixie Stores, Inc.
> 5050 Edgewood Court
> Jacksonville, Florida  32254
> Attn:  Jay F. Castle, Esq.

**Exhibit 4**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## AGREED ORDER TO LIFT AUTOMATIC STAY

This case is before the Court upon **[Claimant's]** (the "Movant") **[Motion to Lift the Automatic Stay]** filed on [_____], 200[_] (Docket No. [____]) (the "Motion"). The Court finds that (i) notice of the Motion and proposed Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, (ii) the Movant has complied in good faith with, and exhausted, the Claims Resolution Procedure,[1] and (iii) no party filed an objection to the Motion. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1.      The motion is granted to the extent provided herein.

2.      The automatic stay is modified for the sole purpose of allowing Movant to commence a civil action in the **[Name and Location of Court (the "Civil Court")]**, seeking damages against Debtor **[Name of Applicable Debtor]**. The Movant may pursue its Litigation Claim against the Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted. The Movant shall not, however, be able to

---

[1]   All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

enforce or execute against the Debtors any judgment obtained as a result of such litigation without further order of this Court.  Any such judgement shall be a claim in these Chapter 11 proceedings and shall be treated pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

3.    The Movant shall notify the Civil Court of the Debtors' pending Chapter 11 proceedings and that the Movant's action is subject to the automatic stay of 11 U.S.C. §362.

4.    Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 shall remain in full force and effect.

Dated this _____ day of _____, 200[__], in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


James H. Post is directed to
serve a copy of this Order on all
parties who received copies of the
Motion.

504499.1