**Hearing Date:  September 1, 2005, 1:00 p.m.**
**Objection Deadline: August 25, 2005, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 105
### APPROVING NOTICE PROCEDURES REGARDING OMNIBUS
### CLAIM OBJECTIONS AND SCHEDULE AMENDMENT MOTIONS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order approving notice procedures regarding omnibus claim objections and schedule amendment motions (the "Motion").  In support of this Motion, the Debtors respectfully represent as follows:

### BACKGROUND

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.  The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie -Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.     The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.     The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  According to published reports, as of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  As of the Petition Date, the Debtors operated more than 900 stores in the United States with nearly 79,000 employees.  The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.  Substantially all of the Debtors' store locations are leased rather than owned.

4.     This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.     The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code, Rules 3007 and 7004 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules").

<u>SCHEDULES AND PROOFS OF CLAIM</u>

6.    On April 7, 2005, the Debtors filed their Statements of Financial Affairs, their Schedules of Assets and Liabilities and their Schedules of Executory Contracts and Unexpired Leases (the "Schedules").  On July 21, 2005, certain of the Debtors filed their First Amendment to the Schedules.

7.    On April 28, 2005, this Court entered its Order (a) Establishing Deadline for Filing Proofs of Claim, (b) Approving Proof of Claim Form, (c) Approving Proof of Claim Filing Deadline Notices, (d) Approving Mailing Procedures, (e) Conditionally Approving Publication Procedures and (f) Conditionally Providing Certain Supplemental Relief (the "Bar Date Order").  The conditional relief set forth in the Bar Date Order was deemed to have been finally granted after a fifteen day notice period during which no objections were received.

8.    The Bar Date Order established August 1, 2005 as the general bar date (the "August 1 Bar Date") for filing proofs of claim in these cases.  The bar date applicable to governmental units is August 22, 2005.  Pursuant to the terms of the Bar Date Order, on or about May 2, 2005, the Debtors mailed notice of the bar date (the "Bar Date Notice") to approximately 320,000 creditors and potential claimants.

9.    As of the date of this Motion, over 11,000 proofs of claim have been filed in connection with these chapter 11 cases (the "Proofs of Claim").  The Debtors have recently begun a comprehensive review and reconciliation of all prepetition claims, including both the claims asserted in the Proofs of Claim and the scheduled claims contained in the Debtors' Schedules (the "Scheduled Claims").  In addition, in conjunction with the claim objection and allowance process, the Debtors have begun identifying particular categories of Proofs of Claim

that may be targeted for early disallowance and expungement and certain Scheduled Claims that may need to be adjusted.

10.    To the extent that it is appropriate for the Debtors to deal with multiple claims on an omnibus basis, the Debtors anticipate that they will be filing a series of omnibus objections or motions, each covering different groups of claims.

## RELIEF REQUESTED

11.    By this Motion and pursuant to section 105 of the Bankruptcy Code, the Debtors request that the Court enter an order approving the notice and service procedures described below regarding omnibus claim objections (the "Claim Objection Procedures") and omnibus motions for deemed schedule amendments (the "Schedule Amendment Procedures") in these chapter 11 cases.  The Debtors propose these Claim Objection Procedures and Schedule Amendment Procedures in an effort to reduce the administrative burdens on the Debtors' estates and the Court and to conserve the resources of the estates.

## CLAIM OBJECTION PROCEDURES

12.    Use of Claims Objection Notices.  Pursuant to Rule 3007 of the Bankruptcy Rules, a copy of a claim objection, with notice of the hearing, must be served on the affected claimant.  In an effort to reduce service costs, the Debtors propose to serve a notice in connection with omnibus claim objections, rather than the entire omnibus claim objection, on the claimants whose claims are the subject of the applicable omnibus claim objection and their counsel (if known).  The proposed notice would be in a form substantially similar to the notice attached as Exhibit A (the "Claim Objection Notice").

13.    The proposed Claim Objection Notice would be personalized for each claimant and would include an explanation of the claim objection process, a description of the basis of the omnibus claim objection, information regarding the response deadline and hearing

date, and identification of the claim that is the subject of the omnibus claim objection. The

notice attached is for illustrative purposes only. The Claim Objection Notice will be modified to

account for the nature of each omnibus claim objection. The Claim Objection Notice will also

provide information on how the claimant can view the claim objection on-line without charge or

request a hard copy if the claimant does not have access to a computer.

      14.   The Debtors submit that use of the Claim Objection Notice will substantially

reduce the service costs relative to the claim objection process without depriving the claimants of

any information they would require to understand and respond to the objection. Accordingly, the

Debtors request that the Court approve the Debtors' use of the Claim Objection Notice, in a form

substantially similar to Exhibit A, to provide notice to the claimants whose claims are the subject

of the applicable omnibus claim objections and their counsel (if known). The Debtors intend to

transmit a complete copy of the omnibus objection documents to counsel for the U.S. Trustee,

the Creditors' Committee, and the Debtors' postpetition lenders. Moreover, as noted below, to

the extent that a claimant does not have access to a computer and requests a copy of the claim

objection, the Debtors will provide the claimant with a complete copy of the applicable omnibus

objection documents.

      15.   <u>Deadline for Responses to Objections</u>. Rule 3007 also requires that the

parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior

to the hearing on the objection. It does not specify the period within which responses to the

objection must be filed. Therefore, the Debtors request that the Court establish that responses to

any of the Debtors' claim objections (whether such objections are omnibus objections or

objections to specific claims) will be due ten (10) days prior to the hearing date, unless such date

falls on a Saturday, Sunday, or federal holiday, in which case responses will be due on the

subsequent business day.[2]  This will provide the claimant with a minimum of twenty (20) days

notice of the response deadline.  The proposed Claim Objection Notice will specify the time and

date that responses are due.

16.    Access to Proofs of Claim.  In order to reduce copying costs, the Debtors

propose to include summary exhibits with the omnibus claim objections in lieu of copies of the

proofs of claims.  Each exhibit would include only those claims as to which there is a common

basis for objection (e.g. Exhibit A duplicate claims, Exhibit B amended claims, etc.).  In

addition, each exhibit would specify the name and address of the claimant, the claim number, the

amount of the claim and the basis of the objection.  The same information as to each claimant

will be included in the Claim Objection Notice.  Moreover, the Claim Objection Notice will

advise claimants that they may obtain a copy of their proof of claim online at the Debtors' claims

agent's website or by making a request to the Debtors' attorneys.

### SCHEDULE AMENDMENT PROCEDURES

17.    Motions to Amend Schedules.  As a result of the Debtors' reconciliation

efforts, the Debtors anticipate that they will identify a number of scheduled claims that are

overstated in amount.  Subject to the approval of the Court, the Debtors propose to file a series of

omnibus motions seeking entry of an order deeming the Debtors' Schedules to be amended to

reduce the originally scheduled and noticed claim amount to the amount reflecting the Debtors'

actual liability to the creditors.  Such motions would be in lieu of amending the Debtors '

Schedules.[3]  Although the Debtors acknowledge that they could obtain the same relief by

---

[2]    The Debtors reserve the right to request that the Court impose an alternative response date with respect to certain objections, if the circumstances so require.

[3]    Consistent with Bankruptcy Rule 1009(a), the Debtors hereby reserve the right to further amend their Schedules as a matter of course at any time before these chapter 11 cases are closed.

amending the Debtors' Schedules, sending out new notices to the affected creditors alerting them to the change in their scheduled claim amounts, and inviting them to file proofs of claim if they disagree with the reduced scheduled claim amount, the Debtors submit that proceeding by motion in no way prejudices the rights of any of the creditors whose scheduled claims are to be deemed reduced because the creditors will each receive notice of the motion and have the opportunity to object if they believe they are owed amounts exceeding the reduced scheduled claim amounts.  Moreover, proceeding by motion reduces the delay involved with a further amendment to the Debtors' Schedules and noticing a supplemental bar date, as well as reducing the related expenses.

18.    Notice of Motions.  In an effort to conserve the resources of these estates, the Debtors seek entry of an order limiting notice of all motions to deem the Debtors'  Schedules amended to counsel for the U.S. Trustee, the Creditors'  Committee, and the Debtors' postpetition lender, and to the government entities typically served with schedules and schedule amendments.  The creditors whose claims are the subject of the requested deemed amendment and their counsel (if known) will receive a notice, as described below.

19.    In a further effort to reduce the service costs related to these motions, the Debtors propose to serve a notice, rather than the motion and exhibits, on the creditors whose claims are the subject of the requested deemed amendment and their counsel (if known).  The proposed notice would be in a form substantially similar to the notice attached as Exhibit B (the "Schedule Amendment Notice").  The proposed Schedule Amendment Notice would be personalized for each creditor and would include an explanation of the request for a deemed amendment of the Debtors' Schedules, information regarding the response deadline and hearing

date, and identification of the scheduled claim that is the subject of the requested deemed amendment.

20.    The Debtors submit that use of the Schedule Amendment Notice would substantially reduce the service costs relative to motions to deem the Debtors' Schedules amended without depriving the creditors of any information they would require to understand and respond to the motion.  Accordingly, the Debtors request that the Court approve the Debtors' use of the Schedule Amendment Notice, in a form substantially similar to Exhibit B, to provide notice to the claimants whose claims are the subject of the applicable motion to deem the Debtors' Schedules amended and their counsel (if known).  A complete copy of the motion will be provided to any affected creditor who requests it.

21.    Deadline for Responses to Motions.  To further simplify the notice process regarding omnibus motions to deem the Debtors' Schedules amended, the Debtors request that the Court establish that responses to any such motions shall be due ten (10) days prior to the hearing date, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses shall be due on the subsequent business day. The Debtors will commit to provide at least thirty (30) days notice of the hearing date, with the result that creditors will have a minimum of twenty (20) days notice of the response deadline.[4]  The proposed Schedule Amendment Notice will specify the time and date that responses are due.

## CONCLUSION

22.    The Debtors submit that the foregoing omnibus Claim Objection Procedures and Schedule Amendment Procedures will substantially reduce the administrative and financial burdens on the Debtors' estates and the Court and will conserve the resources of the estates.

---

[4]    The Debtors reserve the right to seek expedited consideration of any such motion, which may result in shortened notice of both the hearing date and the response deadline.

<u>NOTICE</u>

23.    Notice of this Motion has been provided to (a) the U.S. Trustee, (b)  counsel for the Debtors' postpetition secured lender, (c) counsel for the Creditors' Committee and (d) the other parties in interest named on the Master Service List maintained in these cases.  The Debtors submit that no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit C, and (ii) grant such other and further relief as is just and proper.

Dated: August 12, 2005

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| By      /s/ D.J. Baker | By      /s/ James H. Post |
| D.J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson |
| Jane M. Leamy | Florida Bar Number 175460 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (917) 777-2150 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### NOTICE OF HEARING ON DEBTORS' [insert ordinal] OMNIBUS OBJECTION TO PROOFS OF CLAIMS [insert basis for objection]

---

**CLAIM(S) TO BE [DISALLOWED & EXPUNGED]**
[insert information tailored to each individual creditor]

---

1.    PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on _____, 2005 their [insert ordinal] Omnibus Objection to Proofs of Claim [(insert basis for objection)] (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). The Objection requests that the Bankruptcy Court [expunge and disallow] one or more of your claims listed above under CLAIMS(S) TO BE [DISALLOWED & EXPUNGED] on the ground that the Debtors' books and records show [insert basis for objection].  **[Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not receive any distribution in these cases or the opportunity to vote on a chapter 11 plan.]**

2.    If you do NOT oppose the [disallowance and expungement] of your claim(s) listed above under CLAIM(S) TO BE [DISALLOWED & EXPUNGED], then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

3.    If you DO oppose the [disallowance and expungement] of your claim (s) listed above under CLAIM(S) TO BE [DISALLOWED & EXPUNGED], then you MUST file <u>and</u> serve a written response to the Objection that is received on or before 4:00 p.m. Eastern Time on _____, 2005 (the "Response Deadline").  The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

4.    Responses will be deemed timely filed <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie -Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

5.    In addition, responses will be deemed timely served <u>only if</u> a copy of the response is <u>actually received</u> on or before the Response Deadline by (a) the Debtors' attorneys: (i) Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150 and (ii) Smith, Hulsey & Busey, Attn: James Post, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, via email at jpost@smithhukey.com, or via facsimile sent to (904) 359-7708, and (b) the attorneys for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn: Matthew Barr, 1 Chase Manhattan Plaza, New York, New York 10005, via email at mbarr@milbank.com, or via facsimile sent to (212) 822-5194.

6.    A hearing will be held on _____, 2005 to consider the Objection. The hearing will be held at _____ _.m. Eastern Time in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

7.    If the Bankruptcy Court does <u>not</u> [disallow and expunge] your claim(s) listed above under CLAIM(S) TO BE [DISALLOWED & EXPUNGED], then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims that you have filed) at a later date. You will receive a separate notice of any such objections.

8.    The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code. To the extent the Debtors seek to allow any claims pursuant hereto, such allowances will be subject to any preference or avoidance actions asserted against you.

9.    If you have any questions regarding the Objection or your claim(s), you may call Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179. A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: _____, 2005

SKADDEN, ARPS, SLATE, MEAGHER         SMITH HULSEY & BUSEY
& FLOM, LLP


By    */s/ D.J. Baker*                              By    */s/ James H. Post*
      D.J. Baker                                            Stephen D. Busey
      Sally McDonald Henry                                  James H. Post
      Rosalie Walker Gray                                   Cynthia C. Jackson
      Jane M. Leamy                                         Florida Bar Number 175460
      Four Times Square                                     225 Water Street, Suite 1800
      New York, New York 10036                              Jacksonville, Florida 32202
      (212) 735-3000                                        (904) 359-7700
      (917) 777-2150 (facsimile)                            (904) 359-7708 (facsimile)
      djbaker@skadden.com                                   jpost@smithhulsey.com

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] MOTION FOR ENTRY OF AN ORDER DEEMING DEBTORS' SCHEDULES AMENDED TO REDUCE CERTAIN SCHEDULED CLAIMS [AND ALLOWING SUCH CLAIMS IN THE REDUCED AMOUNT]**

| CLAIM(S) TO BE REDUCED | | |
|---|---|---|
| [insert information tailored to each individual creditor] | | |
| Creditor Number | Original Scheduled Amount | Reduced Amount |

     1.    PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on _____, 2005 their [insert ordinal] Motion for Entry of an Order Deeming the Debtors' Schedules Amended to Reduce Certain Scheduled Claims [and Allowing Such Claims in the Reduced Amount] (the "Motion") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").  The Motion requests that the Bankruptcy Court reduce your originally scheduled and noticed claim amount(s) (listed above under "Original Scheduled Amount") to the lower amount(s) listed above under "Reduced Amount."  [Moreover, the Motion requests that the Bankruptcy Court allow your claim(s) in the amount(s) listed under "Reduced Amount."]

     2.    If you do NOT oppose the reduction [and allowance] of your claim(s) in the amount(s) listed above under "Reduced Amount," then you do NOT need to file a written response to the Motion and you do NOT need to appear at the hearing.

     3.    If you DO oppose the reduction [and allowance] of your claim(s) in the amount(s) listed above under "Reduced Amount," then you MUST file and serve a written response to the Motion that is received on or before 4:00 p.m. Eastern Time on _____, 2005 (the "Response Deadline").  The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

     4.    Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie -Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

5.    In addition, responses will be deemed timely served <u>only if</u> a copy of the response is <u>actually received</u> on or before the Response Deadline by (a) the Debtors' attorneys:  (i) Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150 and (ii) Smith, Hulsey & Busey, Attn: James Post, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, via email at jpost@smithhulsey.com, or via facsimile sent to (904) 359-7708, and (b) the attorneys for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP, Attn: Matthew Barr, 1 Chase Manhattan Plaza, New York, New York 10005, via email at mbarr@milbank.com, or via facsimile sent to (212) 822-5194.

6.    A hearing will be held on _____, 2005 to consider the Motion.  The hearing will be held at _____ _.m. Eastern Time in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202.  If you file a written response to the Motion, then you should plan to appear at the hearing.  The Debtors, however, may agree to continue the Motion with respect to your claim(s).  If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date.  If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Motion will be conducted on the above date.

7.    The Debtors reserve the right to object on any grounds to any proofs of claim that you may have filed.  You will receive separate notice of any such objection(s).

8.    The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.  To the extent the Debtors seek to allow any claims pursuant hereto, such allowances will be subject to any preference or avoidance actions asserted against you.

9.    If you have any questions regarding the Motion or your claim(s), you may call Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179.  In addition, a copy of the Motion can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: _____, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By      */s/ D.J. Baker*_____ | By      */s/ James H. Post*_____ |
| D.J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson |
| Jane M. Leamy | Florida Bar Number 175460 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (917) 777-2150 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | jpost@smithhulsey.com |

**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. [1] | ) Jointly Administered |
| | ) |

**ORDER UNDER 11 U.S.C. § 105 APPROVING NOTICE PROCEDURES**
**REGARDING OMNIBUS CLAIM OBJECTIONS AND SCHEDULE**
**AMENDMENT MOTIONS**

These cases came before the Court for hearing on _____, 2005, upon

the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and

affiliates, debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 105 approving

procedures regarding noticing of omnibus claim objections (the "Claim Objection

Procedures") and omnibus motions for deemed schedule amendments (the "Schedule

Amendment Procedures") (the "Motion").  The Court has read the Motion and

considered the representations of counsel.  Upon the representations of counsel and

without objection from the United States Trustee or any other interested party, the

Court determines that good cause exists to grant the relief requested by the Motion

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related
cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South
Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc.,
Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway
Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc.,
Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks,
Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery,
Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie
Supermarkets, Inc.

and granting the relief is in the best interest of these estates and creditors.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Service of complete copies of omnibus claim objections shall be limited to the Office of the United States Trustee, counsel for the creditors' committee, and counsel for the Debtors' postpetition lender.

3.      The Debtors may use a claim objection notice, in a form substantially similar to Exhibit A attached to the Motion (as modified to account for the nature of each omnibus claim objection), to provide notice to the claimants whose claims are the subject of the applicable omnibus claim objection and their counsel (if known) in lieu of sending the claimants and their counsel a complete copy of the applicable omnibus claim objection document covering all claims that may be subject to objection thereby; provided however that, upon request, the Debtors must provide to the claimants and their counsel complete copies of the applicable omnibus claim objection document, at the Debtors' expense.

4.      Unless otherwise requested by the Debtors and approved by the Court with respect to a particular claim objection, any responses to the Debtors' claim objections (whether such objections are omnibus objections or objections to specific claims) shall be due by actual receipt ten (10) days prior to the hearing date, unless such date falls on a Saturday, Sunday or a federal holiday, in which case responses shall be due on the subsequent business day and such date shall be set forth in the Claim Objection Notice; provided however, unless otherwise ordered,

2

that responses shall not be due less than twenty (20) days from the date notice of the claim objection is served.

5.      The Debtors may file summary exhibits with the omnibus claim objections in lieu of copies of the proofs of claim that are the subject of the objection; provided however that, upon request, the Debtors must provide to the claimants and their counsel copies of the applicable proof of claim, at the Debtors' expense.  The exhibits to the omnibus claim objections shall specify the name and address of the claimant, the claim number, the amount of the claim and the basis of the objection.  Each exhibit shall include only those claims as to which there is a common basis for objection.

6.      Service of complete copies of omnibus motions to deem the Schedules (as that term is defined in the Motion) amended shall be limited to the Office of the United States Trustee, counsel for the creditors' committee, and counsel for the Debtors' postpetition lender.

7.      The Debtors may use a schedule amendment notice, in a form substantially similar to Exhibit B attached to the Motion, to provide notice to the creditors whose claims are the subject of the applicable omnibus motion to deem the Schedules amended and their counsel (if known) in lieu of sending the creditors and their counsel a copy of the applicable motion and exhibits; provided however that, upon request, the Debtors must provide to the claimants and their counsel complete copies of the applicable motion, at the Debtors' expense.

8.      Unless otherwise requested by the Debtors and approved by the Court with respect to a particular motion, any responses to the Debtors' motions

3

to deem the Schedules amended shall be due by actual receipt ten (10) days prior to

the hearing day, unless such date falls on a Saturday, Sunday or a federal holiday, in

which case responses shall be due on the subsequent business day and such date shall

be set forth in the Schedule Amendment Notice, provided however, unless otherwise

ordered, that responses will not be due less than twenty (20) days from the date

notice of the motion to deem the Schedules amended is served.

Dated this _____ day of _____, 2005 in Jacksonville, Florida.

_____

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

4