**Hearing Date: September 1, 2005, 1:00 p.m.**
**Objection Deadline: August 25, 2005, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |

### DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(d)(4) FURTHER EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(d)(4) further extending the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.

4.      Prior to the Petition Date, the Debtors and their financial advisors began a comprehensive analysis of the Debtors' businesses to determine how best to maximize their value. In connection with this analysis, the Debtors announced a series of actions to improve their competitive position, which the Debtors refer to as their Strategic Plan.

5.      In connection with the Strategic Plan, the Debtors and their financial advisors analyzed the Debtors' market areas and determined that some of these markets are noncore, with limited opportunities for the Debtors and unprofitable operations in the aggregate.  Prepetition, the Debtors sold or closed 111 stores in these noncore areas and another 45 unprofitable stores located in core market areas.  Postpetition, the Debtors have determined that all stores in the noncore areas should be sold or closed.

6.      The Debtors and their financial advisors have continued to analyze all of the Debtors' stores, including each store's market share, cash flow, profitability, real estate quality

2

and financial outlook.  Based upon this analysis, the Debtors have rejected approximately 180 unexpired leases, including approximately 150 effective as of the Petition Date.  The Debtors and their advisors have also identified 326 additional stores which should be sold or closed (collectively, the "Targeted Stores").  The Debtors received authority to assume and assign the leases for 84 of the Targeted Stores at hearings held on July 27, 28 and 29, 2005.  The Debtors have continued to market the remaining Targeted Stores to nongrocers through DJM Asset Management.  The Debtors received bids on approximately 35 Targeted Stores and will, assuming satisfaction of certain contingencies, seek authority to assume and assign the leases for the majority of these Stores at a hearing scheduled for August 26, 2005.  The Debtors will reject the leases for the remaining 200 (approximately) Targeted Stores on or before September 30, 2005.

7.     On March 17, 2005, the Debtors filed their Motion for Order Under 11 U.S.C. § 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property pursuant to which they sought to extend the 60-day initial period during which the Debtors must assume or reject unexpired nonresidential real property leases (the "Initial Extension Motion").  On May 6, 2005, the Court entered an Order granting the Initial Extension Motion, and extended the deadline by which the Debtors must assume or reject such unexpired leases.  That deadline will expire on September 19, 2005, if not extended.

8.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9.     The statutory predicate for the relief requested in the Motion is section 365(d)(4) of the Bankruptcy Code.

**Relief Requested**

10.     By this Motion, the Debtors seek entry of an order further extending the period within which they must move to assume or reject unexpired nonresidential real property leases, through and including December 19, 2005 (the "Extension Period").  The Debtors file this Motion reserving their right to seek additional extensions and the right of any affected landlord to request that the Extension Period be shortened for cause.

**Basis for Relief**

11.     As of the date of this Motion, the Debtors are lessees under more than 900 unexpired leases of nonresidential real property (collectively, the "Unexpired Leases").  Since the Petition Date, the Debtors have sold or are in the process of selling (through assumption and assignment) leases for approximately 120 stores and have rejected leases for approximately 180 stores.

12.     The Debtors, with the assistance of their advisors, are analyzing the remaining Unexpired Leases to determine which will be critical to their reorganization.  In considering their options with respect to the remaining Unexpired Leases, the Debtors are evaluating a variety of factors to determine whether it is appropriate to assume, assign or reject particular Unexpired Leases.

13.     Given the large number of Unexpired Leases that still exist in these proceedings, the Debtors require an extension of the section 365(d)(4) deadline in order to fully and adequately determine whether to assume or reject particular remaining Unexpired Leases.  If the section 365(d)(4) period is not extended beyond September 19, 2005, the Debtors may be compelled, prematurely, to assume substantial, long-term liabilities under the Unexpired Leases or forfeit benefits associated with some Unexpired Leases to the detriment of the Debtors' ability to operate

4

and preserve the going-concern value of their business for the benefit of all creditors and other parties in interest.  Deciding whether and when to assume, assign or reject the Unexpired Leases requires the Debtors to determine whether particular leased premises are necessary to their future business plan and whether assigning certain Unexpired Leases will benefit the Debtors' estates more than rejecting them.

14.    Although the Debtors have made significant progress in assessing the large number of Unexpired Leases and determining which should be assumed or rejected, the Debtors have not determined which of the remaining leased premises will be necessary to their business plan or which of these remaining Unexpired Leases should be assumed or rejected to maximize the value of the Debtors' estates.  Given the size of this case, the number of Unexpired Leases, and the need for the Debtors to focus on their primary objective of stabilizing their business, more time is needed to adequately assess whether to assume or reject each of the Unexpired Leases.

**<u>Applicable Authority</u>**

15.    Section 365(d)(4) of the Bankruptcy Code provides that:

> [n]otwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, <u>or within such additional time as the court, for cause, within such 60-day period, fixes,</u> then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (emphasis added). Thus, the Court can, for cause, order an extension of the period during which a debtor-in-possession must assume or reject nonresidential real property leases upon the filing of a motion for such relief within the 60-day period or extensions thereof. <u>In re Burger Boys</u>, 94 F.3d 755, 760-61 (2d Cir. 1996); <u>In re Wedtech Corp.</u>, 72 B.R. 464, 468-70 (Bankr. S.D.N.Y. 1987).

16.     Courts considering the issue have set forth the following nonexhaustive list of factors relevant to the determination of whether cause exists to extend the period during which a debtor-in-possession must assume or reject nonresidential real property leases:  "(1) whether the debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation . . . could damage the lessor beyond [] the compensation available under the Bankruptcy Code'; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization."  Burger Boys,  94 F.3d at 761 (quoting Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105-06 (2d Cir. 1982)); In re Beautyco, Inc., 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (citing Burger Boys factors); see also Legacy, Ltd. v. Channel Home Centers (In re Channel Home Centers), 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing Wedtech, 72 B.R. at 471-72)).

17.     In this case, all of these factors are satisfied.  First, the Debtors are paying for use of the property at the applicable lease rates and are continuing to perform their other obligations under the Unexpired Leases in a timely fashion.

18.     Second, there is no reason why the Debtors' proposed extension of the time to assume or reject could or would damage the landlords party to the Unexpired Leases (the "Lessors") beyond the compensation that is available to the Lessors under the Bankruptcy Code. Indeed, pursuant to section 365(d)(3) of the Bankruptcy Code, the Lessors enjoy a preferred and relatively low-risk position.[2]  There would, thus, be no harm to the Lessors should the Court

---

[2]     Under section 365(d)(3), a debtor-in-possession must timely perform its postpetition leasehold obligations that are allocable to periods preceding the debtor's rejection of the lease. See, e.g., In re Handy Andy Home Improvement Ctrs., Inc., 144 F.3d 1125, 1126-27 (7th Cir. 1998); Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc.), 175 B.R. 769, 770 (S.D. Fla. 1994); In re Ames Dep't Stores, Inc., 306 B.R. 43, 80 (Bankr. S.D.N.Y. 2004) ("[T]he Landlords are entitled to unpaid rent under section 365(d)(3) to the extent … it is allocable to the post-petition, prerejection, period").

extend the period within which the Debtors must assume or reject the Unexpired Leases.  Further,

the Debtors propose that each Lessor be permitted to seek to shorten the Extension Period for

cause with respect to a particular Unexpired Lease.  This ability to request relief from the

Extension Period ensures that no Lessor will be prejudiced by the requested extension of time.

19.     Third, the Unexpired Leases are important assets of the Debtors.  Indeed, the

Unexpired Leases are an integral component of the Debtors' business operations.  If the Debtors

were forced to decide prematurely to assume or reject the Unexpired Leases, the impact on their

business would be significant.  Rejection of the Unexpired Leases at this stage might disrupt the

core of the Debtors' businesses and impair the Debtors' ability to administer and reorganize the

business.  The Debtors believe that such disruption is likely to cause material, irreparable harm to

the Debtors' estates.

20.     Fourth, because the development of a plan of reorganization is necessarily tied to

the outcome of the lease assumption/rejection analysis, the Debtors have not yet had the

opportunity to formulate a reorganization plan.  Rather, the Debtors have been focusing all of

their resources on stabilizing their businesses and taking steps that will allow the Debtors to

realize their vision of a smaller "footprint".  Indeed, the Debtors have recognized that the business

plan upon which the plan of reorganization will be based could not be formulated until the

footprint process was substantially underway.

21.     As the Third Circuit observed in Channel Home Centers, 989 F.2d at 689,

"nothing prevents a bankruptcy court from granting an extension because a debtor needs

additional time to determine whether the assumption or rejection of particular leases is called for

by the plan of reorganization that it is attempting to develop."  The Debtors face just such a

situation here.  Stabilizing the business and ensuring that their operations and interactions with

customers and vendors continue with minimal disruption have been all-consuming priorities for the Debtors during the first month of these chapter 11 cases. The Debtors believe that they will continue to need to devote substantial energy and resources to addressing these issues during the next several months. The Debtors believe that they have acted (and will continue to act) properly in so directing their focus because the success of the Debtors' ongoing operations is critical to preserving the value of the Debtors' estates.

22.     Additional extensions of the time period for assuming or rejecting nonresidential real property leases are routinely granted by the courts. See, e.g., Channel Home Centers, 989 F.2d at 688-89 (affirming second section 365(d)(4) extension to allow debtor to evaluate unexpired leases); In re American Healthcare Management, 900 F.2d 827, 830 (5th Cir. 1990) (affirming third extension); In re Victoria Station, Inc., 875 F.2d 1380, 1384-85 (9th Cir. 1989) (affirming second extension); In re: Spiegel, Inc., No. 03-11540 (CB) (Bankr. S.D.N.Y. Feb. 3, 2004) (Docket No. 1250) (granting a four-month additional extension of period to assume or reject unexpired nonresidential real property leases); In re Adelphia Communications Corp., No. 02-41729 (REG) (Bankr. S.D.N.Y. Dec. 19, 2002) (Docket No. 1245) (granting a six-month additional extension of period to assume or reject unexpired nonresidential real property leases).

23.     The Debtors hope to make considerable progress during the Extension Period in finalizing their reorganization strategy, solidifying their future business plans, and making final decisions with respect to the disposition of the Unexpired Leases. Given the importance of the Unexpired Leases to the Debtors' business operations and reorganization efforts, however, the Debtors reserve the right to seek further extensions if circumstances warrant.

## Notice

24.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Lessors.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A extending through and including December 19, 2005 the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property, and (ii) grant such other and further relief as is just and proper.

Dated: August 12, 2005

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By ____*s/ D. J. Baker*____
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Adam S. Ravin
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By ____*s/ Cynthia C. Jackson*____
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Attorneys for Debtors

**Exhibit A**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER UNDER 11 U.S.C. § 365(d)(4) GRANTING
## FURTHER EXTENSION OF TIME TO ASSUME OR REJECT
## UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

These cases came before the Court for hearing on September 1, 2005,

upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates,

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors a

further extension of the time period to assume or reject unexpired nonresidential real

property leases (the "Unexpired Leases") (the "Motion").  The Court has read the Motion

and considered the representations of counsel.  Based upon the representations of counsel

and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.     The Motion is GRANTED.

2.     The period within which the Debtors must move to assume or

reject the Unexpired Leases is extended through December 19, 2005.

---

[1]     All capitalized terms not otherwise defined shall have the meaning ascribed to
them in the Motion.

3.    To the extent the Debtors intend to reject an Unexpired Lease, the Debtors shall provide the lessor under such lease with at least ten days notice of such intent.

4.    The Debtors will comply with the mandates of section 365 of the Bankruptcy Code as such Code section is interpreted by this Court, including the honoring of postpetition rental obligations arising under the Unexpired Leases (the "Postpetition Rental Obligations").  To the extent that the Debtors fail to honor a Postpetition Rental Obligation under an Unexpired Lease, the lessor under such lease shall provide (a) the Debtors (through Debtors' counsel via facsimile and overnight mail delivery at the following address: Adam S. Ravin, Esq. Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York, 10036; facsimile: 917-777-3389) and (b) the Creditors' Committee (through the Creditors' Committee's counsel via facsimile and overnight mail delivery at the following address: Dennis F. Dunne, Esq. Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005; facsimile: 212-530-5219) with a written notice setting forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor.  If, within five (5) business days of the Debtors' receipt of such notice, the Debtors and the lessor fail to resolve the issues raised by the lessor in the notice, the Debtors agree that the lessor shall be permitted to file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations.  The Debtors have agreed that they shall not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

5.    The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

6.    The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease shall be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases on or before December 19, 2005.

Dated this _____ day of September, 2005, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.