F I L E D
JACKSONVILLE, FLORIDA

AUG 1 2 2005

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | WINN-DIXIE STORES, INC., *et al.* ) | CASE NO. 05-03817-3F1 |
| | Debtors ) | Chapter 11 |
| | ) | Jointly Administered |

**MOTION TO TERMINATE THE AUTOMATIC STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Bill Horton, as Administrator of the Estate of Clara Horton, deceased, ("Horton"), *pro se*, and moves the Court for the entry of an order terminating the automatic stay, and in support thereof, would respectfully show:

1. On February 21, 2005, Winn-Dixie Stores, Inc., *et al.* ("Debtors") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. §§105, 361 and 362 and 28 U.S.C. §§157 and 1334.

3. On December 6, 2004, Horton filed a personal injury lawsuit against the Debtors, Winn-Dixie Louisville, Inc. and Winn-Dixie Charlotte, Inc., on behalf of the unsecured nonpriority creditor, Estate of Clara Horton, deceased. A copy of the Complaint filed on December 6, 2004 in the Commonwealth of Kentucky, Barren Circuit Court, and styled <u>Bill Horton, as Administrator for the Estate of Clara Horton, deceased v. Winn-Dixie Louisville, Inc., *et al.*</u>, Civil Action No. 04-CI-893 is attached hereto as **EXHIBIT A** and incorporated herein as if set forth in full.

4. By virtue of the above, Horton is the holder of an unsecured nonpriority claim

against Debtors in the amount of $1,223,232.55 as of February 21, 2005. A copy of Horton's Answers to Defendants' Interrogatories and Request for Production of Documents, which sets forth the value of Horton's claim, is attached hereto as **EXHIBIT B** and incorporated herein as if set forth in full.

5.  Horton alleges that the automatic stay should be terminated for cause pursuant to 11 U.S.C. §362(d)(1) and pursuant to 28 U.S.C. §157 to allow the litigation in the Commonwealth of Kentucky, Barren Circuit Court, styled <u>Bill Horton, as Administrator for the Estate of Clara Horton, deceased v. Winn-Dixie Louisville, Inc., et al.</u>, Civil Action No. 04-CI-893, to proceed.

WHEREFORE, PREMISES CONSIDERED, Horton moves that the parties be allowed 15 days to object to this motion and if no objection is filed that the automatic stay will be terminated as to Horton to permit Horton to pursue its state court and other available remedies; and that Horton be granted such other and further relief, at law or in equity, as is just.

Respectfully submitted,

*Billy Horton*
Bill Horton, as Administrator of the Estate of
Clara Horton, Deceased

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Terminate the Automatic Stay has been served upon the following parties in interest electronically or by first class U.S. Mail on the date this pleading was filed with the Court pursuant to Bankruptcy Rule 9014:

Mr. Michael P. Casey
Mr. Todd B. Kennedy
KAPLAN LAW OFFICE
20 West Main Street, Suite 2000
Lexington, KY 40507

Mr. Adam Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, NY 10036

Ms. Cynthia C. Jackson
Mr. James H. Post
Mr. Stephen D. Busey
SMITH, HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32201

Mr. Robert A. Young
ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
1101 College Street
P.O. Box 770
Bowling Green, KY 42102-0770

This 27th day of July, 2005.

_____
Bill Horton, as Administrator of the Estate of Clara Horton, Deceased

3