UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER APPROVING STIPULATION PROVIDING FOR
TERMINATION OF UNEXPIRED NONRESIDENTIAL REAL
PROPERTY LEASE AND FIXING AND ALLOWING OF LESSOR'S CLAIM

This case was presented upon the Motion for Order Approving Stipulation Providing for Termination of Unexpired Non-residential Real Property Lease and Fixing and Allowing of Lessor's Claim (the "Motion"). The Stipulation was executed on behalf of (i) the above-captioned debtors and debtors-in-possession (the "Debtors") and (ii) Downtown Two LLC and 40-59 Hampton Street, LLC (collectively, the "Lessor") and provided for (a) the termination of a non-residential real property lease between the Debtors (as lessee) and the Lessor and (b) the fixing and allowing the Lessor's total claim in these bankruptcy cases as an unsecured, non-priority claim in the amount of $125,000 to be paid in accordance with and in the same manner as all other general unsecured claims in these cases. A copy of the Stipulation is attached as Exhibit 1 to this Order. The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to object within 20 days of the date of service. No party filed an objection within the time permitted. The Court therefore considers the matter to be unopposed; it is

ORDERED that the Stipulation is approved.

Dated this 10 day of August, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:
Cynthia C. Jackson, Attorney for Debtors
D. J. Baker, Attorney for Debtors
Rodney A. Currin, Attorney for Downtown Two, LLC

# EXHIBIT 1

## Stipulation

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**STIPULATION PROVIDING FOR TERMINATION OF UNEXPIRED
NONRESIDENTIAL REAL PROPERTY LEASE AND FIXING
AND ALLOWING OF LESSOR'S CLAIM**

This Stipulation is made and entered into as of the date set forth below by and among (i) Winn-Dixie Raleigh, Inc. ("Lessee"), one of the above-captioned debtors and debtors-in-possession (the "Debtors") and (ii) Downtown Two, LLC and 40-59 Hampton Street, LLC (collectively, the "Lessor")[2], acting through their respective counsel.

Lessee and Lessor are party to a lease dated February 26, 1990 (as amended, the "Lease"), which Lease governs the Lessee's use and occupancy of premises located in a shopping center known as Myrtle Grove Corners in Wilmington, North Carolina (the "Premises").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Although the Lease originally designated JDN Enterprises, Inc. as lessor, Downtown Two, LLC took title from a successor in interest to JDN Enterprises, Inc. (JDN Realty Corporation) by Special Warranty Deed dated August 14, 2000. 40-59 Hampton Street LLC, in turn, acquired an undivided one-third interest pursuant to a General Warranty Deed dated November 15, 2000 as to which Downtown Two, LLC was a grantor.

The term of the Lease is scheduled to expire on May 1, 2011 (the "Scheduled Expiration Date").

The current monthly rental obligation approximates $17,661.

Lessor and the Debtors have, in the exercise of their sound business judgment, determined that it is in their respective best interests to terminate the Lease as of June 30, 2005 (the "Release Date") rather than on the Scheduled Expiration Date.

The parties have further determined, in the exercise of their sound business judgment, that it is in their respective best interests to fix and allow in a specified amount the claim that Lessor intends to assert in the Debtors' bankruptcy cases.

NOW, THEREFORE, IT IS STIPULATED by and between Lessor and the Debtors, acting through their respective counsel, subject to Court approval, as follows:

1. Effective as of the Release Date, Lessee tendered or shall tender to Lessor, and Lessor accepted or shall accept from Lessee, the Premises, subject to Lessee's obligations under the Lease, before the termination of the Lease, to (i) remove, by July 31, 2005, its fixtures, furnishings, equipment, and personal property from the Premises, and (ii) surrender peaceful possession of the Premises to Lessor.

2. As of the Release Date, the Lease is or shall be terminated, and Lessor and Lessee release and discharge each other, including their respective subsidiaries, affiliates, estates, officers, directors, agents, and employees, except as otherwise provided in this Stipulation, as of such Release Date, from all obligations and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Lessee's use or occupancy of the Premises.

3. This Stipulation will be binding upon, and inure to the benefit of, the successors and assigns of the parties to this Stipulation.

4. Each party represents and warrants that it has not engaged the services of or dealt with any broker, salesperson or other entity who may claim a commission or other payment in conjunction with this Stipulation. Each party agrees to indemnify, defend and hold the other harmless from and against all loss, claims, costs and expenses (including attorney's fees) caused by a breach of the foregoing representation.

5. Lessor's claim (regardless of whether such claim is asserted by Downtown Two, LLC and/or 40-59 Hampton Street, LLC) in the Debtors' bankruptcy cases will be fixed and allowed as an unsecured, non-priority claim in the amount of $125,000, which amount is inclusive of all prepetition and postpetition amounts allegedly owed including all claims for alleged rejection damages, and which amount is to be paid in accordance with and in the same manner as all other general unsecured claims in these cases. Any amount of Lessor's claim in excess of $125,000 is disallowed.

Dated: July 14, 2005

STIPULATED AND AGREED:

/s/ *D. J. Baker*
D. J. Baker (DB 0085)
Sally McDonald Henry (SH 0839)
Rosalie Walker Gray
Adam S. Ravin
Skadden, Arps, Slate, Meagher
 & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (fax)

Attorneys for the Debtors

/s/ *Rodney A. Currin*
Rodney A. Currin
Stubbs & Perdue, P.A.
P.O. Box 1654
New Bern, NC 28563
(252) 633-2700
(252) 633-9600 (fax)

Attorneys for Downtown Two, LLC and
40-59 Hampton Street, LLC

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3           User: cartes             Page 1 of 1              Date Rcvd: Aug 10, 2005
Case: 05-03817                 Form ID: pdfdoc          Total Served: 3

The following entities were served by first class mail on Aug 12, 2005.
aty        +Cynthia C. Jackson,    Smith Hulsey & Busey,    225 Water Street, Suite 1800,
              Jacksonville, FL 32202-4494
           +D.J. Baker,   Four Times Square,    New York, NY 10036-6518
           +Rodney A. Currin,    P.O. Box 1654,   New Bern, NC 28563-1654

The following entities were served by electronic transmission.
NONE.                                                                                       TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 12, 2005**                               Signature:  *Joseph Speetjens*