### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

### ORDER AUTHORIZING (I) RETROACTIVE REJECTION OF REAL PROPERTY LEASES AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

These cases came before the Court for hearing on August 4, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection by the Debtors effective retroactively of the unexpired non-residential real property leases listed on Exhibit A (collectively, the "Leases") (the "Motion"). Limited Objections (collectively, the "Limited Objections") to the Motion were filed by each of (a) Catamount Atlanta, LLC in connection with the operating Lease governing Store Number 2712 (the "2712 Operating Lease") and (b) John H. O. La Gatta and various other assignees of the ground Lease governing Store Number 2712 (the "2712 Ground Lease" and, together with the 2712 Operating Lease, the "2712 Leases"), which Limited Objections were withdrawn prior to the hearing based upon an agreement of the parties. The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    Except as limited by Paragraph 3 of this Order, the Debtors are authorized to reject the Leases pursuant to 11 U.S.C. § 365(a), and each Lease is deemed rejected, effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the landlord party to the Lease and tender possession of the premises to such landlord and (b) the date of entry of an order approving the rejection.

3.    The Debtors are authorized to reject the 2712 Leases pursuant to 11 U.S.C. § 365(a), the 2712 Leases are each deemed rejected effective as of the date of entry of an order approving the rejection, and the landlord parties to the 2712 Leases are free to relet the subject premises free of Debtors' interests in such premises.

4.    Claims for any rejection damages resulting from the rejection of the Leases shall be filed no later than thirty (30) days after the date of entry of this Order.

5.    Any interest of any of the Debtors in any personal property remaining in the stores that are the subject of the Leases is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order.  Any landlord who seeks to dispose of any such abandoned property shall provide fifteen days written notice of such intent to the Debtors, who will forward such notice to any party who the Debtors advise is likely to have an interest in such property.  Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the landlord under the Lease shall be entitled to dispose of the abandoned property as it deems fit.

6.     Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Leases, whether or not related to the Leases.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated August 11, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## EXHIBIT A

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 1612 | 5252 Bardstown Road Louisville, KY | Ralph Dyan & Sarah Dyan |
| 1621 | 5364 Dixie Highway Louisville, KY | Heritage Property Investment Trust, Inc. |
| 1645 | 2809 W. Broadway Louisville, KY | Ainstar Realty Corp. |
| 1686 | 3430 Taylor Blvd. Louisville, KY | Taylon LLC |
| 2712 | 931 Monroe Drive Atlanta, GA | Ackerman Midtown Assoc Ltd |
| 2712 | 931 Monroe Drive Atlanta, GA | John Lagatta |
| 901 | 3024 Sunset Ave Rocky Mount, SC | Carolina Development Company |
| 969 | 6601 Lake Harbor Road Midlothian, VA | JNB Company of Virginia LLC |
| 977 | 3300 Broadrock Blvd Richmond, VA | Horton Properties, LLC |

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: cartes          Page 1 of 1              Date Rcvd: Aug 12, 2005
Case: 05-03817              Form ID: pdfdoc        Total Served: 1
```

```
The following entities were served by first class mail on Aug 14, 2005.
aty        +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
            Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                               TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Aug 14, 2005**          **Signature:**