# UNITED STATES BANKRUPTCY COURT

Middle District of Florida (Jacksonville)

In re: Winn-Dixie Stores, Inc..   Case No. 05-03817-JAF

Court ID (court use only)

**FILED**
JACKSONVILLE, FLORIDA
AUG 1 2 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**CACTUS HOLDINGS GROUP, LLC**
Name of Transferee

Name and Address where notices and payments to transferee should be sent
CACTUS HOLDINGS GROUP, LLC
19487 ROBLE CT.
SARATOGA, CA 95070

Phone:
(408) 868-1507

**KEN ROBINSON OF FLORIDA**
Name of Transferor

Court Record Address of Transferor
(Court Use Only)

Last Four Digits of Acct#: _____

Name and Current Address of Transferor
KEN ROBINSON OF FLORIDA
A DIVISION OF WHITE ELECTRICAL
CONSTRUCTION CO.
1730 CHATTAHOOCHEE AVENUE
ATLANTA, GA 30318

Last Four Digits of Acct#: _____

Court Claim #(if known): **5067**
Claim Amount: **$25,414.33**
Date Claim Filed: **7/01/2005**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____   Date: 08/9/2005
Vijay Krish
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571

---

**~~DEADLINE TO OBJECT TO TRANSFER ~~**

---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    **CLERK OF THE COURT**

KEN ROBINSON OF FLORIDA, A DIVISION OF WHITE ELECTRICAL CONSTRUCTION COMPANY ("Assignor"), transfers and assigns unto Cactus Holdings Group, LLC with an address at 19487 Roble Ct, Saratoga, CA 95070, its successors and assigns ("Assignee"), pursuant to the terms of the ASSIGNMENT OF CLAIM AGREEMENT Re: WINN-DIXIE STORES, INC., et al., (the "Debtor"), between Assignor and Assignee, all of its right, title and interest in and to the KEN ROBINSON OF FLORIDA, A DIVISION OF WHITE ELECTRICAL CONSTRUCTION COMPANY Claim of Assignor in the aggregate amount of $25,414.33 representing all claims against Debtor in the United States Bankruptcy Court for the Middle District of Florida (Jacksonville), administered as Case No. 3:05-03817.

IN WITNESS WHEREOF, Assignor has signed below as of the __8th__ day of __August__, 2005

(Assignor)
KEN ROBINSON OF FLORIDA,
A DIVISION OF WHITE ELECTRICAL
CONSTRUCTION COMPANY

Signature: _____

Name: Sam I. DuBose

Title: Corporate Secretary

(Assignee)
CACTUS HOLDINGS GROUP, LLC

Signature: _____

Name: VIJAY KRISH

Title: VICE-PRESIDENT

(Assignor)
WITNESS:

Signature: Tiffani J Adams

Name: Tiffani J. Adams

Title: Executive Asst.

# CACTUS HOLDINGS GROUP, LLC
## ASSIGNMENT OF CLAIM AGREEMENT

**Assignment of Claim.** KEN ROBINSON OF FLORIDA (hereinafter "Assignor") having a mailing address at 322 E. 4th AVENUE, TAMPA, FL 33605 in consideration of the sum ▇▇▇▇▇ (the "Purchase Price"), does hereby transfer to Cactus Holdings Group, LLC, which includes Cactus Holdings, LLC, (hereinafter "Cactus" or "Assignee") having a mailing address at 19487 Roble Ct., Saratoga, CA, 95070, all of Assignor's right, title, benefit and interest in and to the claim or claims of Assignor against Winn-Dixie Stores, Inc. and its affiliates ("the "Debtor"), in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Middle District of Florida (Jacksonville) (the "Court"), Case No.3:05-03817-JAF (the "Claim") including a Proof of Claim identified below, all cash, securities, instruments and other property which may be paid or issued in satisfaction of the Claim and all rights to receive interest, penalties, fees, and any damages from any cause of action or litigation which may be paid with respect to the Claim (the "Recovery"). Assignor represents the Claim is in an amount not less than $25,414.33 (the "Claim Amount"). This Assignment of Claim agreement (the "Agreement") shall be deemed an unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that (Please check one):
( X ) A Proof of Claim in the amount of $25,414.33 (the "Proof of Claim Amount") has been duly and timely filed in the Proceedings (and a true copy of such Proof of Claim has been provided to Assignee). The parties agree that if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be reduced such that Assignor shall be paid the pro rata share of the Purchase Price based on the lower Proof of Claim Amount.

(_) A Proof of Claim has not been filed in the Proceedings.

**Notice of Assignment.** Assignee shall use commercially reasonable efforts to transfer the Claim in compliance with Rule 3001 of the Federal Rules of Bankruptcy Procedure. Assignor hereby waives its right to raise any objections to this Agreement, or any provision of this Agreement, in relation to any action or omission taken by Assignee, in regard to the Claim as it relates to Assignee's performance of this provision, including without limitation, Rule 3001 of the Rules of Bankruptcy Procedure.

**Representations and Warranties.** Assignor represents and warrants that it has satisfactory information to make an informed decision regarding the sale of the Claim, independent of Cactus. Each party expressly acknowledges and agrees that the other party has not made and is not making, and each party is not relying upon, any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. Assignor represents and warrants that (a) Assignor owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind, and upon the assignment of the Claim to Assignee, Assignee will receive good title to the Claim; (b) Assignor has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable and non-contingent claim against the Debtor for which the Debtor has no defenses; (e) Debtor has no right to assert an avoidance action (e.g. preference payments) against Assignor; and (f) Assignor is not an "insider" of the Debtor as set forth in the United States Bankruptcy Code § 101(31), or a member of any official or unofficial committee in connection with the Proceedings. Assignor acknowledges and agrees any misrepresentation or breach by Assignor may cause Assignee irreparable harm and accordingly, Assignee shall be entitled to all available remedies as may be available to Assignee for any such breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution").

**Distributions and Notices Received by Assignor.** In the event Assignor receives any interim or final distribution of the Recovery, or any portion thereof, made payable on or after the date of Assignor's execution of this Agreement, Assignor agrees to accept the same as Assignee's agent and to hold the same in trust on behalf of and for the benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received, or in a form reasonably requested by Assignee. Assignor agrees to forward to Assignee all notices received from Debtor, the Court, any other court or governmental entity or any third party regarding the Claim assigned herein and to take such other action, with respect to the Claim, as Assignee may request from time to time.

**Claim Subsequently Allowed for an Amount Less than Claim Amount.** In the event and to the extent that, pursuant to the Proceedings, the Claim or Claim Amount is avoided, disallowed, expunged, reduced or is otherwise subordinated in the Proceedings, in whole or in part, Assignor or Assignor's transferee or successor-in-interest, agrees to make immediate Restitution ("Restitution Payment"), no later than 30 days of receiving notice of such action hereof. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) per annum, from the date of Assignor's execution of this Agreement until the date that such Restitution Payment is received by Assignee. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees, incurred by Assignee as a result of any such avoidance, disallowance, reduction, subordination, expungement or objection. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

**Notice of Default.** If either party materially breaches any provision hereof, the non-breaching party must deliver to the breaching party written detailed notice of such breach as soon as practicable after becoming aware of such breach. If the breaching party fails to cure such breach within 30 calendar days of receipt of such notice, the non-breaching party may seek any and all remedies available to such non-breaching party, including termination of this Agreement.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be governed by and construed in accordance with the laws of the State of California, USA, notwithstanding any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action under or relating to this Agreement may only be brought in any State or Federal court located in Santa Clara County, in the State of California. Assignor consents to and confers personal jurisdiction over Assignor by any such court and agrees that Assignee may validly effect service of process upon Assignor by mailing a copy of said process to Assignor's address set forth hereof in this Agreement. In any action hereunder Assignor waives the right to demand a trial by jury.

**Indemnification, Limitation of Liability.** Assignor will indemnify Assignee, its directors, officers, employees and representatives and save them harmless from and against any and all claims, actions, liabilities and Assignee shall not be liable for any damages, or any lost profits whatsoever, relating to the performance of its obligations hereunder.

**Disclosure of Terms of Agreement.** Assignor agrees that this Agreement and all its terms are confidential and may not be disclosed without the prior written consent of Assignee. Assignee shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond.

**Execution of Agreement.** This Agreement shall become effective and valid when (a) Assignor executes this Agreement and it is received by Assignee and (b) executed by a proper representative of Assignee.

**Notice.** Unless otherwise specifically provided herein, any notice or other communication to be provided hereunder shall be sent to the party's address set forth in the first paragraph of this Agreement by regular mail or overnight courier.

**Miscellaneous.** The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and terms hereof are negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties. This Agreement constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and supercedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Assignor hereby acknowledges that Assignee may at any time reassign the Claim, or any portion thereof, together with all right title and interest received by Assignee in and to this Agreement. Assignor shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Assignee. This Agreement shall be binding upon any prospective successor of Assignor (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Assignor's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Assignor shall agree to be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any reassignment. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute one agreement. Failure or delay on the part of Assignee to exercise any right, power or privilege hereunder shall not operate as a waiver thereof. If any provisions of this Agreement shall be found invalid or unenforceable, in whole or in part, then such provisions shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent by law, as if such provisions had not been originally incorporated herein. In connection with any disagreement or litigation arising out of, or in connection with, this Agreement or in order to enforce any provision of this Agreement, Assignor agrees to reimburse Assignee for all of its expenses in connection therewith, including without limitation, reasonable attorneys' fees at the trial and appellate levels.

KEN ROBINSON OF FLORIDA ("Assignor")
A DIVISION OF WHITE ELECTRICAL CONSTRUCTION COMPANY

Signature: *[signed]*
Print Name and Title: Sam DuBox — Corporate Secretary
Street Address: 1730 Chattahoochee Ave.
City, State & Zip: Atlanta, GA. 30318
Tel: 888-519-4483
Date: 8-8-05

Cactus Holdings Group, LLC ("Assignee")
Signature: *[signed]*
Name and Title: Vijay Krish, Vice-President
Telephone: (408) 868-1507

*Return Receipt Requested*

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF<br>CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M.<br>EASTERN TIME |
|---|---|---|

**Name of Debtor Against Which You Assert Your Claim:**
Debtor Name: **Winn-Dixie Stores, Inc.**    Case No. **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

**Ken Robinson of Florida**
**a division of White Electrical Construction Co.**
**3225 East 4th Ave.**
**Tampa, Florida 33605**

Telephone No. of Creditor: **888-519-4483**
Fax No. of Creditor: **404-355-5823**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**B. Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if): ☐ replaces address above ☒ additional address
Name: **White Electrical Construction Company (Corporate)**
Company/Firm: **Attn: Sam DuBose Corporate Secretary**
Address: **P.O. Box 19629**
**Atlanta, Georgia 30325-0629**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☒ Check box if you have never received any notices in this case.

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

**1. Basis for Claim**
- ☐ Goods sold to debtor(s)
- ☒ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☐ Personal injury/property damage
- ☐ Other _____
- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☐ Real property lease
- ☐ Personal property lease
- ☐ Other contract _____
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN: _____
  Unpaid compensation for services performed from _____ to _____ (date)

**2. Date debt was incurred:** **2-28-05**

**3. If claim is based on a Court Judgment, date obtained:** _____

**4. Total Amount of Claim at Time Case Filed:** $**25,414.33** (unsecured) $_____ (secured) $_____ (priority) = $**25,414.33** (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $**25,414.33**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space For Court Use Only

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
2005 JUL -1 PM 1:17
RECEIVED
LOGAN & COMPANY, INC.
AS AGENT

Date: **6-27-05**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Sam I. DuBose**    Title: **Corporate Secretary**
Signature: **Sam I. DuBose**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.