UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*,) | (Jointly Administered) |
| ) | Judge Jerry A. Funk |
| Debtors. ) | |
| ) | |
| _____) | |

## FLORIDA TAX COLLECTORS' MOTION TO EXTEND CLAIMS BAR DATE

The tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton (hereinafter collectively "Florida Tax Collectors"), pursuant to Federal Rules of Bankruptcy Procedure 3003(c)(3) and 9006(b)(1), respectfully move the Court to extend the time within which the Florida Tax Collectors may file their claims for the Debtors' 2005 ad valorem real property and tangible personal property taxes in these cases, and state:

1. The current claims bar date for governmental units is August 22, 2005, pursuant to order of this Court.

2. Florida property tax law provides for the collection of ad valorem taxes in arrears. Sections 192.042, 192.053, and 197.122, Florida Statutes, provide that the date of assessment for the 2005 tax year for Debtors' real property and tangible personal property is January 1, 2005 and that the lien for payment of these taxes attached to Debtors' property on January 1, 2005, so

that the 2005 ad valorem taxes constitute prepetition debts. However, the amounts of the 2005 taxes have not yet been determined.

3.  The Debtors have or will shortly be receiving their 2005 Truth in Millage ("TRIM") Notices from the various Florida property appraisers setting forth the Debtors' proposed 2005 property taxes. Subsequent to the receipt by taxpayers of TRIM notices, Florida tax law provides for contest and clarification of property valuation issues through the Value Adjustment Process. Additionally, the Boards of County Commissioner for the various counties must then conduct hearings and thereafter adopt county budgets. The various county tax rolls will then be certified by the respective property appraisers to the Florida Tax Collectors on or after October 15 and the tax rolls will be physically delivered to the Florida Tax Collectors at that time, pursuant to Sections 193.122(2) and 197.322(1), Florida Statutes. Only then will the actual 2005 ad valorem tax bills be prepared by the Florida Tax Collectors, and the tax bills will be finalized and mailed in late October 2005. Pursuant to Section 197.333, Florida Statutes, the 2005 tax payment period begins on November 1, 2005 and ends on March 31, 2006, with 2005 ad valorem taxes becoming delinquent on April 1, 2006.

4.  Due to Florida statutory requirements and procedures, the Debtors' 2005 ad valorem taxes are undetermined at this time, and the Florida Tax Collectors cannot provide tax bills until approximately November 1, 2005. Accordingly, the Florida Tax Collectors are unable to file claims for the Debtors' actual 2005 ad valorem real property and tangible personal property taxes by the August 22, 2005 bar date. Some of the Florida Tax Collectors have filed estimated (or "undetermined") claims for 2005 taxes based upon the Debtors' 2004 ad valorem tax bills. These claims are estimates only and would require amendment once the 2005 ad valorem taxes are determined.

5. The Florida Tax Collectors therefore request an extension of the claims bar date for the filing of claims for the Debtors' 2005 ad valorem real property and tangible personal property taxes until November 7, 2005. This requested extension would allow for the Debtors and any purchasers of the Debtors' property to fully utilize the discount for early payment of the 2005 ad valorem taxes pursuant to Section 197.162, Florida Statutes. The Florida Tax Collectors further request that those estimated and/or undetermined claims for 2005 ad valorem taxes which have previously been filed by any of the Florida Tax Collectors be deemed to be withdrawn without prejudice, with the actual claim filed by the Florida Tax Collectors prior to the extended bar date to be treated as an original claim rather than an amended claim.

6. The Florida Tax Collectors also request that their claims for the 2005 ad valorem taxes be filed as one consolidated proof of claim for real property taxes and one consolidated claim for tangible personal property taxes.

7. The undersigned counsel for the Florida Tax Collectors has conferred with Debtors' counsel and has submitted this motion to Debtors' counsel prior to filing with the Court, and Debtors' counsel do not object to the granting of the relief sought by the Florida Tax Collectors pursuant to this motion.

Wherefore, the Florida Tax Collectors request that the bar date for the filing of claims for the Debtors' 2005 ad valorem real property and tangible personal property taxes be extended until November 7, 2005; that any estimated or undetermined claim filed by any of the Florida Tax Collectors prior to the original bar date of August 22, 2005 be deemed to be withdrawn without prejudice, with the claims for the actual 2005 ad valorem taxes filed on or before the extended bar date to be treated as original claims rather than amended claims; that the Florida Tax Collectors file one consolidated proof of claim for 2005 ad valorem real property taxes and

one consolidated claim for 2005 ad valorem tangible personal property taxes; and for any other proper relief.

                    Respectfully submitted,

                    Florida Tax Collectors

By: _____
    Brian T. FitzGerald
    Senior Assistant County Attorney
    Florida Bar No. 484067
    Post Office Box 1110
    Tampa, Florida 33601-1110
    Ph: 813-272-5670
    Fx: 813-272-5231
    fitzgeraldb@hillsboroughcounty.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by *Notice of Electronic Filing* this 17 day of August, 2005 to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); and John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com).

                    _____
                    Brian T. FitzGerald, Esq.