UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et. al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____/ | | |

**GREER PLAZA'S LIMITED OBJECTION TO MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE DEBTORS (I) TO SELL LEASEHOLD INTERESTS IN TARGETED STORES FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (II) TO ASSUME AND ASSIGN LEASES (III) TO REJECT TARGETED LEASES THE DEBTORS ARE UNABLE TO SELL, AND GRANTING RELATED RELIEF**

Landlord, GREER PLAZA, INC. ("Greer Plaza" or "Landlord"), through undersigned counsel, hereby files this Limited Objection to the Motion of the Debtors for an Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) to Assume and Assign Leases (III) to Reject Targeted Leases the Debtors are Unable to Sell, and Granting Related Relief (the "Motion"), and as grounds states:

**Background**

1.   The Debtor filed for protection under Chapter 11 of the United States Bankruptcy code on February 21, 2005.

2.   Pursuant to a lease agreement between Debtor and Greer Plaza, Debtor is a tenant and operates a supermarket in certain real property owned by Greer Plaza located in Charlotte, South Carolina. This location is designated as Location 1055 in the Motion.

3.   The Debtor has recently undertaken efforts to market certain of its supermarket locations that it has determined are unprofitable. To the extent that these

locations, referred to in the Motions filed by the Debtor as "Targeted Stores" cannot be sold, the stores will be closed and the leases thereon will be rejected.

4. Auctions have already taken place in July 2005 in which eighty-four (84) stores were sold to supermarket bidders. The Debtor is continuing to market the other Target Stores that were not bought to "non-grocers" in auctions planned to be held on August 9, 2005, in an effort to sell the remaining Targeted Stores. The Debtor has filed its Motion seeking authorization to sell assets free and clear of liens and to allow it to assume and assign unexpired leases including Greer Plaza's lease.

5. The Debtor proposes in its Motion that bids for Targeted Stores that were not sold in the July 2005 auction may be submitted through August 22, 2005, and that a hearing will be scheduled on August 26, 2005 to approve sales to successful bidders.

6. The Debtor acknowledges in its Motion that it must comply with the provisions of 11 USC § § 365(b)(3) and 365 (f) of the United States Bankruptcy Code which requires that as a condition to assignment of lease in Shopping Centers, that the Debtor demonstrates adequate assurance of future performance of the new proposed tenant.

## Basis for Objection

7. This objection is limited to apply solely in the event that a non-grocer is deemed to be a successful bidder on Greer Plaza's location on or before the bidding deadline set in Debtors' Motion. In such event, Greer Plaza submits that the Motion fails to make adequate provision for the Landlord's ability to perform any meaningful due diligence to evaluate Debtor's evidence that the proposed tenant that may assume the lease will not disrupt the tenant mix of Greer Plaza's Shopping Center or that the proposed tenant has the financial capability to meet the obligations under the lease.

8. Greer Plaza needs sufficient time to review financial information and to perform an independent credit investigation to satisfy itself of the proposed tenant's ability to comply with the lease obligations, but the Motion does not make provision for any procedure by which Landlords can accomplish this. Instead the Motion merely proposes to supply financial information to Landlords for the first time at the hearing for approval of these proposed tenants. This gives Greer Plaza no opportunity whatsoever to evaluate the new proposed tenant in any meaningful way, or to be prepared to object to the proposed assignee if the circumstances warrant it.

9. The lack of any procedure whereby the Landlords have an ample opportunity to evaluate the proposed tenant including its financial information and to perform at least some due diligence concerning a new tenant that will undoubtedly have an impact on the mix of existing tenants in the Shopping Center severely prejudices the Greer Plaza and denies it a meaningful opportunity to be heard if an objection to such assignment if warranted.

### **Relief Requested**

10. In the event Greer Plaza's location is purchased in the August auction, Greer Plaza respectfully requests that a procedure be implemented whereby it be given additional time after it is provided with financial and other relevant information concerning the Successful Bidder to perform its due diligence and file any objection should concerns arise regarding the tenant's ability to perform under the lease and the possible impact that the proposed "non-grocer" tenant may have on the balance of the Shopping Center and the tenant mix. Landlord proposes that the Landlords be given fourteen (14) days from the date the Debtor supplies evidence of adequate assurance of future performance to evaluate this information and perform its due diligence. Any

objections should be filed within seven (7) days of the expiration of the Due Diligence. Thereafter a hearing should be scheduled to entertain the Motion to Assume and Assign the Lease and any objection thereto.

## Conclusion

WHEREFORE, Greer Plaza, Inc. respectfully requests that this Objection be sustained, and that Court grant all the relief it deems just and appropriate.

## CERTIFICATE OF SERVICE

**WE CERTIFY** that a true and correct copy of the foregoing was mailed electronically and via first class mail this 18th day of August 2005 to: D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP., Four Times Square, New York, New York, 10036 and djbaker@skadden.com; and Cynthia C. Jackson, Esq., 225 Water Street, Suite 1800, Jacksonville, FL 32202 and cjackson@smithhulsey.com.

> BLAXBERG, GRAYSON, KUKOFF & SEGAL, P.A.
> Suite 730, Ingraham Building
> 25 Southeast Second Avenue
> Miami, Florida 33131
> Phone: (305) 381-7979
> Facsimile: (305) 371-6816
>
> /s/Ian J. Kukoff
> Ian J. Kukoff, Esq.
> Florida Bar No. 827126

163-19(I)/IJK/lacey/0936