UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-F1 |
| | ) | |
| WINN-DIXIE STORES, INC., ET AL., | ) | CHAPTER 11 |
| | ) | (JOINTLY ADMINISTERED) |
| DEBTORS. | ) | |
| | ) | |

---

**OBJECTION OF GLIMCHER PROPERTIES LIMITED PARTNERSHIP TO AMENDED MOTION OF THE DEBTORS FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

---

Glimcher Properties Limited Partnership ("GPLP"), by its undersigned counsel, submits this Objection to the Amended Motion of Debtors for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Amended Sale Motion") as to one (1) unexpired lease of non-residential real property under which the Debtors are the tenant. In support of this Objection, GPLP respectfully states:

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code").

2. GPLP is the owner of the shopping center known as Newberry Square (Store No 1077) located in Newberry, South Carolina (the "Leased Premises") in which the Debtors lease retail space from GPLP pursuant to a written lease (the "Lease").

3. On August 1, 2005, the Debtors filed the Sale Motion seeking, among other things, authorization from this Court to assume and assign the Lease to an unknown bidder or such higher bidder at an auction to be held by the Debtors. Upon information and belief, the Debtors have not secured a stalking horse bidder for the Lease.

4. The cure amounts previously filed by the Debtors are incorrect. The total amount owing by the Debtors under the Lease as of August 17, 2005 is $1,702.37 (the "Cure Amount"). Attached hereto as Exhibit A is a breakdown of the Cure Amount. The Cure Amount represents the amounts <u>currently due and owing</u> to GPLP under the Lease. This amount may change prior to the actual date of assumption and assignment of the Lease.

5. In addition, GPLP expressly reserves the right to amend the Cure Amount from time to time and at any time, and requests that the Debtors remain liable for: (a) postpetition rent and other charges under the Leases, (b) certain amounts due and owing under the Leases, but which may be unbilled as of the date hereof, including but not limited to year end adjustments for common area maintenance, taxes, insurance and similar charges, (c) any regular or periodic adjustment of charges under the Leases which were not due or had not been determined as of the date hereof, (d) any percentage rent that may be due under the Leases, (e) any indemnification liability the Debtors may have under the Leases but is currently unknown to GPLP, and/or (f) any claim GPLP may have under an indemnification provision in the Leases for events which may have occurred prior to the assumption of the Leases. The Debtors should also specify whether the proposed assignee will be responsible for accrued but unbilled year end adjustments.

6. In addition, GPLP objects to the assumption of the Lease absent adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. Because the successful bidder for the Lease is not yet known, the Debtors can not provide evidence of adequate

assurance of future performance at this time and therefore can not satisfy section 365 of the Bankruptcy Code at this time. At minimum, the proposed assignee must provide GPLP with sufficient information to demonstrate that the proposed assignee is capable of satisfying all Lease obligations (monetary and non-monetary) when required under the Lease.

7. Adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance: (A) of the source of rent and other consideration due under the Lease, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Lease with the Glimcher; (B) that any percentage rent due under the Lease will not decline substantially; (C) that assumption and assignment of the Lease is subject to all provisions of the Lease, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (D) that assumption or assignment of the Lease will not disrupt any tenant mix in the Leased Premises. See 11 U.S.C. § 365(b)(3). The Debtors must comply with section 365 of the Bankruptcy Code in the assumption and assignment of the Lease.

8. GPLP is also entitled to attorneys' fees as part of the cure amount for the Lease. In re Westview 74th Street Drug Corp., 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986)(payment of attorney's fees required as condition to lease assumption).

WHEREFORE, GPLP respectfully requests that this Court: (a) require that an order authorizing the assumption of the Lease affirmatively require the Debtors to pay all amounts owing to GPLP under the Lease through the effective date of any assignment of the Lease, subject to GPLP's express reservation of rights, and to provide adequate assurance of future performance and the payment of attorneys' fees and (b) grant GPLP such other and further relief

3

as this Court deems just and appropriate under the circumstances.

Dated:   August 18, 2005

                     **HOLLAND & KNIGHT LLP**

By:   /s/ Alan M. Weiss
      Alan M. Weiss
      15 North Laura Street
      Suite 3900
      Jacksonville, FL 32202
      (904) 798-5459 Telephone
      (904) 358-1872 Facsimile

- and -

Ronald E. Gold
Ohio Bar No. 0061351
Kyle R. Grubbs
Ohio Bar No. 0073947
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202
(513) 651-6800 Telephone
(513) 651-6981 Facsimile
rgold@fbtlaw.com
kgrubbs@fbtlaw.com

**ATTORNEYS FOR GLIMCHER
PROPERTIES LIMITED PARTNERSHIP**

## CERTIFICATE OF SERVICE

I certify that that service of the foregoing was made on August 18, 2005 via ECF Noticing, and first class mail upon the parties listed below.

/s/ Alan M. Weiss

| D.J. Baker<br>Skadden, Arps, Slate, Meagher, & Flom LLP<br>Four Times Square<br>New York, NY 10036 | Cynthia C. Jackson<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 |
|---|---|
| Jonathon N. Helfat<br>Otterbourg Steindler Houston & Rosen, P.C.<br>230 Park Avenue, 29th Floor<br>New York, NY 10169 | Matthew S. Barr<br>Milbank, Tweed, Hadly & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005-1413 |
| Elena L. Escamilla<br>U.S. Trustee<br>135 W. Central Blvd. Room 620<br>Orlando, FL 32801 | |