UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

ORDER DENYING DEBTORS' (A) SALE OF ASSETS
FREE AND CLEAR OF LIENS, (B) ASSUMPTION AND
ASSIGNMENT OF LEASES AND (C) RELATED RELIEF

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order pursuant to 11 U.S.C. §§ 363, 365 and 1146 and Rules 6004 and 6006, Federal Rules of Bankruptcy Procedure: (a) authorizing the Debtors to sell leasehold interests, equipment and inventory, and if the respective store contains a pharmacy, the pharmacy prescriptions, including the assets described in the asset purchase agreement (Docket No. 2306), for Store Nos. 42 and 158 (the "Purchase Agreement"), free and clear of liens, claims, interests and encumbrances to Reynold's IGA, Inc. (the "Purchaser"), (b) determining that the sale is exempt from any stamp, transfer, recording or similar tax, (c) authorizing the Debtors to assume and assign all unexpired leases identified in the Purchase Agreement in connection with the sale, (d) fixing cure amounts for the Lease, and (e) granting related relief (Docket No. 1961) (the "Motion"). By the Motion, the Debtors assert that only $20,032.85 is due under the Lease for Store Number 42 and no amounts are due under the Lease for Store Number 158. The affected landlords for these Leases failed to file an objection. The Court has reviewed the Motion,

considered the evidence and heard argument of counsel. After due deliberation, the Court finds that the Purchaser and the Debtors failed to provide adequate assurance of future performance as required by 11 U.S.C. §365(b)(3). Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is denied as to the Purchaser.

2. The Motion is granted with respect to the Debtors' proposed cure amounts.

3. The affected landlords are banned from asserting any additional cure is required under either of the Leases.

Dated this 18 day of August, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this Order on all
parties who received copies of the
Motion.