IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**MOTION TO ALTER OR AMEND ORDER
APPROVING DEBTOR'S (A) SALE OF ASSETS FREE AND CLEAR OF
LIENS, (B) ASSUMPTION AND ASSIGNMENT OF LEASES AND
(C) RELATED RELIEF AS TO SUPERVALU STORES OR, ALTERNATIVELY,
FOR RECONSIDERATION THEREOF**

Comes now Crowder Family Joint Venture ("CFJV"), a creditor in the above referenced action, and moves the Court pursuant to Fed.R.Bankr.P. 9023, to alter or amend the above referenced Order (Docket No. 2890) to the extent that it purports to fix the cure amount of CFJV with respect to its lease to the Debtors for store number 1328. In support of its Motion, CFJV respectfully shows the Court as follows:

1.     On or about July 1, 2005, the Debtors filed and served their Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts, and (C) Granting Related Relief (the "Motion") (Docket No. 1961). The Motion scheduled the cure amount required for Store No. 1328 at $14,683.16.

2.     Pursuant to the Notice accompanying the Motion, the last day for objections was July 20, 2005.

3.     On July 16, 2005, CFJV, by and through the undersigned counsel, filed its Objection to said Motion (Docket No. 2255), which Limited Objection was timely filed and objected solely to Debtors' proposed cure amount. Prior to this date, counsel for CFJV and the

Debtors had extensive conversations and correspondence about the cure amounts and how to define and resolve such amounts.

4.    Between July 16, 2005 and the date hereof, there has been no settlement between the Debtors and CFJV concerning the above referenced Objection.

5.    On August 8, 2005, the Court entered the <u>Order Approving Debtors' (A) Sale of Assets Free and Clear of Liens, (B) Assumption and Assignment of Leases and (C) Related Relief</u> (the "<u>Order</u>") (Docket No. <u>2890</u>) after a hearing on the merits of the Motion was held.  As represented to and understood by undersigned counsel, disputed cure amounts were not addressed at such hearing and were to be addressed at some point in the future.  No hearing has be scheduled thereon.

6.    The Order, and particularly paragraph Q and Exhibit "B" thereto, list and fixes the cure amount for Store 1328 at $14,683.16.  Page 2 of the Order states that only the Landlords for Store Numbers 2710 and 2733 objected to the Debtors proposed cure amounts scheduled in the Motion.  The Order fails to acknowledge the filing of or the disputed amounts stated in the Limited Objection.

7.    Because the Order incorrectly states that CFJV did not object to the cure amounts and does not provide CFJV the opportunity to dispute the cure amounts, the Order should be altered or amended to (a) recognize CFJV's Limited Objection, (b) leave unresolved the cure amount payable by the Debtors with respect to Store Number 1328 and (c) permit CFJV the same opportunity as the landlords for Stores 2710 and 2733 unless otherwise settled between the Debtors and CFJV prior to such hearing.

8.     Undersigned counsel for CFJV brought this error to the attention of Debtors' counsel, who acknowledged that this omission resulted from a mistake and represented that it

would be corrected.  Attached hereto is a letter dated August 10, 2005, memorializing this conversation.  Nevertheless, out of an abundance of caution and in order to ensure that CFJV's rights are protected, and since the Order as of the date hereof remains unaltered, CFJV timely files this motion requesting that the Court to alter or amend the Order as set forth hereinabove.

WHEREFORE, CFJV respectfully requests that the Court amend the Order by including Store Number 1328 in the list of stores stated therein as having objected to the Debtors' scheduled Cure Amounts and reserving in CFJV the same rights as the lessors of Stores 2710 and 2733 to contest the fixing of said Cure Amount at a hearing on CFJV's Limited Objection. CFJV requests such other and further relief as the Court deems just and proper.

THIS the 18th day of August, 2005.

Respectfully submitted,

**CROWDER FAMILY JOINT VENTURE**

By:  /s/ Douglas C. Noble

Douglas C. Noble, MS Bar No. 10526
**PHELPS DUNBAR LLP**
111 East Capitol, Suite 600
Post Office Box 23066
Jackson, Mississippi 39225-3066
Telephone:  (601) 352-2300
Facsimile:   (601) 360-9777

Donald H. Whittemore, FL Bar No. 502073
**PHELPS DUNBAR LLP**
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602
Telephone:  (813) 472-7550
Facsimile:   (813) 472-7570

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this date caused to be served *via* electronic mail and/or U.S. Mail a true and correct copy of the above and foregoing pleading to all parties listed on the Master Service List.

SO CERTIFIED, this the 18th day of August, 2005.


 /s/  Douglas C. Noble_____