# PHELPS DUNBAR LLP
## COUNSELORS AT LAW

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

NOBLED@PHELPS.COM

DOUGLAS C. NOBLE
Partner
Resident in Mississippi
Direct (601) 360-9753

111 East Capitol Street • Suite 600
Jackson, Mississippi 39201-2122
P. O. Box 23066
Jackson, Mississippi 39225-3066
(601) 352-2300 • Fax (601) 360-9777

www.phelpsdunbar.com

August 10, 2005

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

20835-1

**VIA E-MAIL (cjackson@smithhulsey.com) and U.S. MAIL**

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202

Re: *In re: Winn-Dixie Stores, Inc., et al.*
Case No. 05-03817-3F1

**Disputed Cure Amounts for Store #1328**

Dear Cyndi:

This letter will confirm our telephone conversation of Wednesday morning, August 10, 2005. Upon review of the sale order entered August 8, 2005 (Docket No. 2890) ("Sale Order"), I discovered that the Order contains mistakes with respect to the disputed cure amounts asserted by my client, the Crowder Family Joint Venture, with respect to Store #1328 that it leases to the debtor and which is included in the group of "SuperValue" stores sold. I filed a Limited Objection on July 16, 2005 (Docket No. 2255) asserting our cure amounts, which remain unknown but are in excess of the amounts purported to be fixed by the Sale Order. The Sale Order fails to acknowledge the filing of our limited objection or the substance or spirit of the discussions and negotiations we have had with regard to this issue.

This morning, in response to my email to you on this subject, you confirmed that omission of the Crowder Family Joint Venture's limited objection and dispute of the cure amounts was a mistake, that would be rectified appropriately and that the disputed cure amount issue would be resolved pursuant to a later hearing, which was my understanding of the process and procedure as per our prior discussions. Based on these representations, I will not proceed with filing of any motion with the court to address correction or amendment of the Sale Order.

JO:99303842-1

Cynthia C. Jackson
August 10, 2005
Page 2

    With regard to the Crowder Family Joint Venture's cure amounts, I do want to alert you to the fact that the July rent payment (for which a check was tendered but on which payment was stopped by the debtor) remains unpaid, as does the August rent payment. It was my understanding from correspondence with you that the July rent was to be taken care of, but that has not happened to date. To the extent that these are not timely paid, these amounts will be included in the amounts necessary to cure the defaults in the debtor's lease with my client.

    Thank you very much for your prompt response and reassurance that this matter will be rectified. I appreciate the stress of your current workload, and I am more than willing to assist in whatever way is most convenient for you in getting this matter resolved. Please contact me at your first opportunity when you are prepared to address this matter.

                              Sincerely,

                              PHELPS DUNBAR LLP

                              Douglas C. Noble

DCN:kh

cc: Adam S. Ravin (via E-Mail and U.S. Mail)
    Kathy C. Kirchmayr (via E-Mail and U.S. Mail)

:99303842-1