Hearing Date: August 26, 2005, 9:30 a.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,

Debtor.

Case No. 3:05-bk-03817-JAF

Chapter 11 (Jointly Administered)

## OBJECTION OF GENOA ASSOCIATES, LLC TO DEBTOR'S MOTION FOR ORDER AUTHORIZING THE SALE OF THE LEASEHOLD INTEREST AND ASSUMPTION AND ASSIGNMENT OF THE LEASE FOR STORE NO. 912

Genoa Associates, LLC ("Genoa Associates" or "Landlord"), by and through undersigned counsel, as lessor of the premises identified as Store Number 912 located in Goldsboro, North Carolina (the "Premises"), files this objection to the August 2, 2005 Amended Notice of Hearing (the "Notice") filed pursuant to the Amended Motion of the Debtors for Order Authorizing the Debtors (I) To Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) To Assume and Assign Leases, (III) To Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief (collectively, the "Sale Motion") filed herein by the debtors and debtors-in-possession, Winn Dixie Stores, Inc., et al. (collectively, the "Debtor"). In support of its objection, Genoa Associates hereby respectfully shows this Court the following:

1. Debtor filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

2. Pursuant to that certain November 4, 1997 Lease, as amended by that certain January 14, 1999 Supplemental Lease Agreement (as amended, the "Lease"), by and between Winn-Dixie

Raleigh, Inc. ("Debtor") and Genoa Associates, LLC, and guaranteed by Winn-Dixie Stores, Inc., for that certain realty Debtor refers to as Store # 912 at Neuse River Shopping Center, Goldsboro, North Carolina (the "Premises"), Genoa Associates leased the Premises to Debtor.

3. In the Notice, Debtor announced its intention to include the Lease in the August Auction[1]. If the Lease was the subject of Successful Bid at the August Auction, the Sale Motion proposes the assumption and assignment of the Lease for the Premises to the Successful Bidder, the "Buyer"), and set the hearing before this Court on the Sale Motion in this regard for August 26, 2005 at 9:30 a.m. EDT[2].

4. Genoa Associates's Lease of Store # 912 is included on the List of Stores attached as Exhibit A to the Sale Motion; however, the Debtor has not provided any formal notice to Genoa Associates or its counsel as to either (i) the proposed actual assignee for the Lease of Store # 912; or (ii) the proposed treatment of the Lease.

5. 11 U.S.C. §365(a) provides, in pertinent part, that "an executory contract may not be assumed in part and rejected in part' [and that] '[i]f a contract is executory, it may be assumed only in whole and not in part." In re Aneco Elec. Const., Inc., __ B.R. ___, 2005 WL 1398127 (Bankr. M.D. Fla., May 27, 2005) *(citing In re Yates Dev., Inc.,* 241 B.R. 247, 252 (Bankr.M.D.Fla.1999) and *In re Hamilton Roe Int'l, Inc.,* 162 B.R. 590, 596 (Bankr.M.D.Fla.1993)). Debtors must either assume the Lease in its entirety, or reject it in its entirety.

6. Pursuant to Section 365(f)(2)(B) of the Bankruptcy Code, Debtor may only assign the Lease if "adequate assurance of future performance by the assignee of such ...lease is provided". It

---

[1] Capitalized terms not otherwise defined herein shall have the definition set forth in the Sale Motion.

[2] As of the date of this Objection, Counsel for Genoa Associates has not received any amendment to the Sale Motion that clarifies the proposed treatment of the Lease. Accordingly, Genoa Associates files this Objection in order to protect its interests as such treatment is determined.

is unclear from the Sale Motion and the August Auction who is the proposed purchaser and assignee of the Lease. Given the fact that the Debtor has not disclosed the identity of the proposed ultimate assignee of the Lease, has not disclosed the proposed adequate assurance, has not provided any financial information regarding the ultimate assignee, and has consequently not provided sufficient notice to Genoa Associates, Genoa Associates has been unable to conduct any due diligence into the mandatory adequate assurance condition. The failure of the Debtor to provide the above information deprives Genoa Associates of the protections intended by §365(f)(2).

7. The Debtor has the burden of proof on the provision of adequate assurance and the other items applicable under 11 U.S.C. §365.

8. Genoa Associates also objects to the Notice, Motion, and proposed Order to the extent that the Debtor seeks any modification of, or change to, its financial and contractual obligations under the Lease without the express prior written consent of Genoa Associates.

9. Genoa Associates objects to the assumption and assignment of the Lease to any undisclosed assignee or nominee absent the Debtor sustaining its burden of proof applicable under 11 U.S.C. §§ 365(a) and (f).

10. Genoa Associates reserves the right to make such other and further objections as may be appropriate as additional information and revised orders and/or agreements are submitted.

11. Genoa Associates also joins in the objections filed by Debtor's other landlords affected by this Sale Motion, to the extent not inconsistent herewith.

WHEREFORE, Genoa Associates respectfully requests that the Court (1) deny the Sale Motion for the reasons set forth above, and (2) grant Genoa Associates such other relief as is just and proper.

Dated: August 19, 2005

          Respectfully submitted,

          **VOLPE, BAJALIA, WICKES,**
          **ROGERSON, GALLOWAY & WACHS**

          /s/ John T. Rogerson, III
          John T. Rogerson, III, Esquire
          Riverplace Tower
          1301 Riverplace Blvd.
          Suite 1700
          Jacksonville, FL 32207
          Telephone: 904-355-1700
          Facsimile: 904-355-1797
          Jrogerson@vbwr.com

          and

          **NICHOLLS & CRAMPTON, P.A.**
          Gregory B. Crampton
          gcrampton@nichollscrampton.com
          Kevin L. Sink
          ksink@nichollscrampton.com
          4300 Six Forks Road, Suite 700
          Raleigh, NC 27609
          Telephone: (919) 781-1311
          Facsimile: (919) 782-0465

          Attorneys for Genoa Associates, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties listed below via either the Court's electronic filing system or by regular, first-class U.S. mail on this 19th day of August, 2005:

/s/ John T. Rogerson, III
Attorney

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201