UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| WINN-DIXIE STORES, INC. et al., | Case No. 05-03817-3F1 |
| Debtors. | (Jointly Administered) |

LIMITED OBJECTION OF COMMERCIAL NET LEASE
REALTY, INC. TO AMENDED MOTION OF THE DEBTORS FOR ORDER (I)
AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS
AND INTERESTS AND EXEMPT FROM TAXES, (II) TO ASSUME AND ASSIGN
LEASES, (III) TO REJECT TARGETED LEASES THAT THE DEBTORS ARE
UNABLE TO SELL , AND (IV) GRANTING RELATED RELIEF

COMES NOW COMMERCIAL NET LEASE REALTY, INC. ("CNLR"), by and through its undersigned attorneys, and hereby files this Limited Objection of Commercial Net Lease Realty, Inc. to Amended Motion of the Debtors for Order (I) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (II) To Assume and Assign Leases, (III) To Reject Targeted Leases That The Debtors Are Unable To Sell , and (IV) Granting Related Relief (the "Limited Objection to August Sale Motion"), and states as follows:

1. On August 1, 2005, the Debtors filed an Amended Motion of the Debtors for Order (I) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (II) To Assume and Assign Leases, (III) To Reject Targeted Leases That The Debtors Are Unable To Sell, and (IV) Granting Related Relief (the "August Sale Motion"). The Debtors filed a similar motion on July 1, 2005 (the "July Sale Motion"), and conducted an

auction on July 18, 2005 (the "July Auction"). In response to the July Sale Motion, CNLR filed a limited objection in which it objected to the potential assumption and assignment of its leases due to a lack of adequate assurance of future performance, and also asserted accurate cure claims in connection with the Leases (as defined hereinbelow), which cure claims were understated in the July Sale Motion.

2. The August Sale Motion seeks approval to sell certain of the Debtors' assets pursuant to an auction that was held on August 9, 2005 (the "August Auction"), and in connection therewith, to assume and assign certain commercial leases between the Debtors and various landlords. In the event the leases are not sold, the Debtors are requesting authority to reject said leases effective ten (10) days after the provision of a termination notice to an affected landlord.

3. CNLR is the landlord with respect to two (2) leases that are the subject of the August Sale Motion. One lease is for store number 2719, located in Dallas, Georgia (the "Dallas Lease"), and the other lease is for store number 2721, located in Woodstock, Georgia (the "Woodstock Lease") (together the "CNLR Leases").

4. Neither the Dallas Lease nor the Woodstock Lease were sold at the July Auction. The Debtors have also informed CNLR that neither the Dallas Lease nor the Woodstock Lease were sold at the August Auction, and that the Debtors are not seeking to assume and assign the Dallas Lease or the Woodstock Lease pursuant to the August Sale Motion.

5. Because the Debtor is no longer seeking to assume and assign the Leases, CNLR is not specifically objecting to the portion of the August Sale Motion that seeks authority to assume and the Leases. However, CNLR does object to that portion of the August Sale Motion

that seeks authority to reject the Leases effective ten (10) days after the provision of a termination notice to CNLR.

6. In essence, the Debtors are requesting unfettered authority to reject the Leases at any time during the administrative phase of these chapter 11 cases. Throughout this time period, the Debtors would have the ability to almost instantly reject the Leases. This is contrary to the scheme of section 365(d) of the Bankruptcy Code, which requires a debtor to file a motion to assume or reject an unexpired lease of nonresidential real property within a given sixty (60) days from the filing of a bankruptcy petition, unless that deadline is enlarged by the bankruptcy court. The Debtors clearly recognize this principle, as they have obtained from this Court an extension of time in which they may assume or reject unexpired leases of nonresidential real property, and have recently sought a further extension of that deadline (*See Debtors' Motion for Order Under 11 U.S.C. § 365(d)(4) Further Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property*, filed August 12, 2005). To grant the Debtors the ability to reject the Leases at any time during this case would render section 365(d) of the Bankruptcy Code meaningless.

7. The rejection mechanism proposed by the Debtors also violates CNLR's procedure due process rights. CNLR has only an illusory right to object to the rejection of its Leases at this point because the August Sale Motion does not seek actual rejection of the Leases, and hence there is no actual business judgment implicated to which CNLR could object. In the event the Debtors decide to reject the Leases, CNLR is entitled to object to the rejection and a hearing on the same. This right must be afforded to CNLR **after** the Debtors have actually exercised their business judgment, given the then-existing circumstances, with specific detail of the mechanics for surrender of the premises.

WHEREFORE, CNLR respectfully requests that the Court denying that portion of the August Sale Motion that seeks authority for the Debtors to reject leases effective ten (10) days after the provision of a termination notice to an affected landlord, and grant such other and further relief it deems appropriate.

_____
Zachary J. Bancroft
Florida Bar No. 0145068
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 S. Orange Avenue, Suite 800 (32801)
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
Attorneys for COMMERCIAL NET LEASE REALTY, INC.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the foregoing Limited Objection of Commercial Net Lease Realty, Inc. to Amended Motion of the Debtors for Order (I) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (II) To Assume and Assign Leases, (III) To Reject Targeted Leases That The Debtors Are Unable To Sell, and (IV) Granting Related Relief has been served via the CM/ECF system, and also via U.S. Mail, and email (if an email address is indicated in connection with a party on the service list), this _19_ day of August, 2005, to those parties listed on the service list below

_/s/ Zachary J. Bancroft_
Zachary J. Bancroft

## SERVICE LIST

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
Email: djbaker@skadden.com

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Smith, Hulsy & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Email: cjackson@smithhulsey.com

Kenneth C. Meeker
Assistant U.S. Trustree
135 West Central Blvd.
Room 620
Orlando, Florida 32801