UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                    Case No. 3:05-bk-03817-3F1
                                                     Chapter 11 (Jointly Administered)

          Debtors.

_____/

**LIMITED OBJECTION OF CATAMOUNT ROCKINGHAM, LLC
TO DEBTORS' MOTION FOR ORDER (I) AUTHORIZING THE SALE OF ASSETS
FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM
TAXES, (II) TO ASSUME AND  ASSIGN LEASES, (III) TO REJECT TARGETED
LEASES THAT THE DEBTORS ARE UNABLE TO SELL
AND (IV) GRANTING RELATED RELIEF**

Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene

Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask

Corporation (collectively, "La Gatta"), as lessor of the premises identified as Store Number 2045

located in Rockingham, North Carolina (the "Premises"), files this limited objection to Amended

Motion of the Debtors for Order (I) Authorizing the Sale of Assets Free and Clear of Liens,

Claims and Interests and Exempt from Taxes, (II) to Assume and Assign Leases, (III) to Reject

Targeted Leases that the Debtors are Unable to Sell and (IV) Granting Related Relief (the

"Amended Sale Motion") filed herein by the debtors and debtors-in-possession, Winn-Dixie

Stores, Inc., *et al*. (collectively, the "Debtor"). In support of its limited objection, La Gatta shows

as follows:

1.      Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as

amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain

January 6, 1994 Lease Modification Agreement (as amended, the "Lease"), by and between

Winn-Dixie Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("Debtor") and La Gatta for that certain

1

realty Debtor refers to as Store # 2045 at 1206 Rockingham Road, Rockingham, North Carolina ("Location 2045"), La Gatta leased Location 2045 to Debtor.

2.      Debtor recently has undertaken efforts to market certain of its supermarket locations that it has determined are unprofitable. To the extent that these locations, referred to in the Amended Sale Motion as the "Targeted Stores," cannot be sold, the stores will be closed and the leases thereon will be rejected.

3.      Auctions occurred in July, 2005, in which eighty-four (84) stores were sold to supermarket bidders. The Debtor apparently is continuing to market to "non-grocers" the other Targeted Stores that were not bought in auctions planned to be held on August 9, 2005, in an effort to sell the remaining Targeted Stores. The Debtor has filed its Amended Sale Motion seeking authorization to sell assets free and clear of liens and to allow it to assume and assign unexpired leases, including that for Location 2045.

4.      Debtor proposes in its Amended Sale Motion that bids for Targeted Stores that were not sold in the July 2005 auction may be submitted through August 22, 2005, and that a hearing will be scheduled on August 26, 2005 to approve sales to successful bidders.

5.      Debtor acknowledges in its Amended Sale Motion that it must comply with the provisions of 11 U.S.C. §365, which require that as conditions precedent to the assignment of a lease, Debtor must cure all defaults under the lease and demonstrate adequate assurance of future performance of any new proposed tenant.

6.      La Gatta understands that no party bid upon Location 2045 at the August 9, 2005 auction. However, inasmuch as the Amended Sale Motion permits bids for Location 2045 to be accepted by Debtor through August 22, 2005, La Gatta files this Limited Objection to preserve its rights to object to any proposed assignee Debtor may deem a successful bidder for Location

2045 on or before the bidding deadline set in the Amended Sale Motion. Should such a bidder come forth, La Gatta submits that the Amended Sale Motion fails to make adequate provision for La Gatta's ability to perform any meaningful due diligence to evaluate Debtor's evidence that the proposed tenant that may assume the Lease will have the financial capability to meet the obligations under the Lease.

7.      La Gatta needs sufficient time to review financial information and to perform an independent credit investigation to satisfy itself of any proposed tenant's ability to comply with the Lease obligations, but the Amended Sale Motion does not make provision for any procedure by which landlords can accomplish this. Instead, the Amended Sale Motion merely proposes to supply financial information to landlords for the first time at the hearing for approval of these proposed tenants. This gives La Gatta no opportunity whatsoever to evaluate the new proposed tenant in any meaningful way, or to be prepared to object to the proposed assignee if the circumstances warrant it.

8.      The lack of any procedure whereby the landlords have an ample opportunity to evaluate the proposed tenant including its financial information and to perform at least some due diligence concerning a new tenant severely prejudices La Gatta and denies it a meaningful opportunity to be heard if an objection to such assignment if warranted.

9.      Moreover, and as set forth in La Gatta's previously-filed Limited Objection of Catamount Rockingham, LLC and John H.O. La Gatta to Proposed Cure Amounts in Debtors' Motion for Order (A) Authorizing Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Cure Objection"), which Cure Objection La Gatta incorporates herein by reference, Debtor has asserted in Exhibit F to its earlier-filed (July 1,

2005) Sale Motion that the cure amount necessary to remedy all defaults under the Lease for Location 2045 is $0.00. However, for the reasons set forth in the Cure Objection, this amount is inaccurate and fails to take into account the amounts owed under the Lease detailed in the Cure Objection.

10.     Finally, while the Amended Sale Motion seeks the authority to permit Debtor, in consultation with the Creditors' Committee and the DIP Lender Agent Representatives (as those terms are defined in the Amended Sale Motion), to reject the Lease effective ten days after Debtor delivers a termination notice to La Gatta, the proposed form of order approving the Amended Sale Motion (attached as an exhibit thereto) apparently makes no such provision for this rejection mechanism.

11.     Accordingly, in the event the Lease is purchased on or before the bidding deadline set in the Amended Sale Motion, La Gatta respectfully requests that a procedure be implemented whereby it be given additional time after it is provided with financial and other relevant information concerning the successful bidder to perform its due diligence and file any objection should concerns arise regarding the tenant's ability to perform under the Lease. La Gatta proposes that it be granted fourteen (14) days from the date the Debtor supplies evidence of adequate assurance of future performance to evaluate this information and perform its due diligence. Any objections should be filed within seven (7) days of the expiration of this due diligence period. Thereafter, a hearing should be scheduled to entertain the Amended Sale Motion as it pertains to the Lease and Location 2045, as well as to address the proper cure amounts due thereunder. In the event the Lease is not purchased on or before the bidding deadline set in the Amended Sale Motion, La Gatta respectfully requests that any order

4

approving the Amended Sale Motion (attached as an exhibit thereto) include provision for the

rejection mechanism set forth in the Amended Sale Motion.

WHEREFORE, La Gatta respectfully requests that the Court deny the Amended Sale

Motion on the limited grounds as set forth above, and grant such other relief as is just and proper

in the premises.

Dated: August 22, 2005                                Respectfully submitted,

                                                      __/s/ C. Daniel Motsinger_____
                                                      C. Daniel Motsinger
                                                      Florida Bar No.: 0362875
                                                      KRIEG DeVAULT LLP
                                                      One Indiana Square, Suite 2800
                                                      Indianapolis, IN 46204-2079
                                                      Telephone: 317/636-4341; Fax: 317/636-1507
                                                      E-mail: cmotsinger@kdlegal.com

                                                      Attorneys for Catamount Rockingham, LLC, a
                                                      Nevada limited liability company, as assignee of
                                                      Helene Funk and Peter W. Merner, as nominee for
                                                      John H. O. La Gatta, as successor to Flask
                                                      Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on August 22, 2005, as indicated below:

/s/ C. Daniel Motsinger
C. Daniel Motsinger

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Dennis F. Dunne
Milbank Tweed & Hadley
1 Chase Manhattan Plaza
New York, NY 10005

Elana L. Escamilla
Office of United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

KD_IM-636157_1.DOC