UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                              CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                    Chapter 11

    Debtors.[1]
_____/

LIMITED OBJECTION OF GREENWOOD PLAZA, LTD. TO
AMENDED MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE
DEBTORS (I) TO SELL LEASEHOLD INTERESTS IN TARGETED STORES FREE
AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(II) TO ASSUME AND ASSIGN LEASES, (III) TO REJECT TARGETED LEASES THE
DEBTORS ARE UNABLE TO SELL, AND (IV) GRANTING RELATED RELIEF

    Greenwood Plaza, Ltd. ("Landlord"), by and through counsel, files this limited objection to the *Amended Motion of the Debtor for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief* (the "Motion"), as follows:

    1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Landlord is the landlord and Winn-Dixie Montgomery, Inc. is the tenant ("Tenant"), pursuant to a lease dated February 11, 1982, as amended (the "Lease"),[2] for the premises known as Greenwood Plaza, located in Meridian, Lauderdale County, Mississippi, Debtor Store #583 (the "Premises"). A true and correct copy of the Fifth Agreement Amending Lease is annexed hereto as Exhibit A.[3] Pursuant to the Lease, Tenant operates a grocery store and gas station[4] (the "Gas Center") on the Premises. Winn-Dixie Stores, Inc. is a guarantor of the Tenant's obligations under the Lease.

3. On or about August 1, 2005, the Debtors filed the Sale Motion, requesting authority to sell certain Targeted Stores[5] for the highest and best offer, and assume and assign the relevant lease to the purchaser. Alternatively, the Debtors requested authority of the Court to reject any lease for a Targeted Store that does not sell at the scheduled auction.

4. Store #583 is one of the Targeted Stores.

5. The Lease for Store #583 did not sell at the scheduled auction. Upon information and belief, the Debtors intend to reject the Lease.

6. Section 34 of the Lease requires the Tenant to comply with all environmental laws, rules and regulations upon the closing of the Gas Center. Specifically, the Tenant is required to remove all improvements, trade fixtures, equipment, signs and accessions

---

[2] Tenant is the assignee of the original tenant, Jitney Jungle Stores of America, Inc. Landlord is the successor in interest to Larry B. Tiffee, the original landlord.

[3] A complete copy of the Lease and all amendments thereto was attached as Exhibit A to Landlord's prior Response, docket number 2131.

[4] The Lease permits the original tenant to sublease a portion of the Premises for gas center operations to Pump and Save, Inc., a company affiliated with the original tenant. Upon information and belief, Tenant is also the assignee of Pump and Save, Inc. and is operating the gas station. Tenant has not provided Landlord with a copy of any sublease which may exist. Landlord reserves its right to enforce and make cure claims for obligations contained in or associated with the sublease.

[5] Targeted Stores is defined in the Sale Motion as stores which are located in core market areas but remain unprofitable, which the Debtors seek to sell or close.

related to the Gas Center and to repair any damage caused by such removal and restore the land to the condition it was in prior to the erection of the Gas Center.

7. Landlord does not dispute Debtors' right to reject executory contracts and leases. Landlord submits, however, that any rejection of the Lease should be conditioned upon the Debtors' fulfillment of all of its environmental obligations under section 34 of the Lease with respect to the Gas Center.

WHEREFORE, Landlord respectfully requests that this Court condition Debtors' rejection of the Lease upon Debtors' compliance and fulfillment of their environmental obligations under section 34 of the Lease, and grant such other and further relief as the Court deems just and proper.

Sherri Tucker Freeman, Esq.
**BRADLEY ARANT ROSE & WHITE LLP**
Alabama Bar No. ASB-6349-N70S
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 488-6602
sfreeman@bradleyarant.com

-and-

**STUTSMAN & THAMES, P.A.**

By:_____
    Nina M. LaFleur

Florida Bar Number 0107451
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 358-4000
Facsimile: (904) 358-4001

Attorneys for Greenwood Plaza, Ltd.

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 22nd day of August, 2005.

_____
Attorney

# EXHIBIT A

## FIFTH AGREEMENT AMENDING LEASE

THIS IS AN AGREEMENT ("Agreement") dated January 11, 1995, by and between JACK FIORELLA III, an individual ("Landlord"), and JITNEY-JUNGLE STORES OF AMERICA, INC., a Mississippi corporation ("Tenant").

AMENDING the lease and lease agreement dated February 11, 1982, between Larry Tiffee, an individual, Landlord's predecessor, and Tenant, as heretofore supplemented, amended and extended ("Lease"), covering that certain store building and its appurtenances known as Sack and Save #66, 5605 MS Hwy 19 North ("Premises"), which Premises are located in Greenwood Plaza Shopping Center in the City of Meridian, County of Lauderdale, and State of Mississippi ("Shopping Center");

WHEREAS, Tenant desires to secure the right to sublease a portion of the common area of the Shopping Center for the construction and operation of a gas center on the terms, covenants, conditions and agreements hereinafter set forth; and

WHEREAS, Landlord is willing to grant to Tenant the right to sublease a portion of the common area of the Shopping Center for the construction and operation of a gas center on the terms, covenants, conditions and agreements hereinafter set forth.

NOW THEREFORE, for and in consideration of the terms, covenants, conditions and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of all of which is hereby acknowledged, Landlord and Tenant hereby covenant and agree as follows:

1. Effective as of the date hereof:

   A. Paragraph 34 of the Lease shall be deleted and the following substituted in lieu thereof:

   "Tenant shall have the right to sublet that portion of the common area of the Shopping Center outlined in green on EXHIBIT A attached hereto and made a part hereof ("Land") to Pump and Save, Inc., a Mississippi corporation ("Pump and Save"), for the construction of a gas center for the sale of motor vehicle fuels in accordance with the plans attached hereto as EXHIBIT B and made a part hereof ("Gas Center",) and Landlord hereby consents thereto. The Gas Center shall be constructed and maintained by Pump and Save, at its sole cost and expense. All improvements, trade fixtures, equipment, signs and accessories related to the Gas Center, regardless of how same are affixed to the Land, shall remain the property of Pump and Save, may be removed by Pump and Save at any time, and shall never become part of the realty; provided, however, Pump and Save shall repair any damage caused by such removal and restore the Land to substantially the condition in which the same was immediately prior to the erection of the Gas Center. Tenant represents and warrants to Landlord that Pump and Save: (i) shall pay all costs of any kind and description levied against the Gas Center including, but not limited to, all real estate, personal property and other taxes and assessments, utility bills, and other governmental charges; (ii) shall remove all improvements, trade fixtures, equipment, signs and accessories related to the Gas Center upon any termination of this Lease or if the Gas Center is "permanently closed" (as that term is defined in Section 280.71 of the State of Mississippi Underground Storage Tank Regulations adopted March 22, 1989), and shall repair any damage caused by such removal and restore the Land to substantially the condition in which the same was immediately prior to the erection of the Gas Center; (iii) shall comply with all laws, ordinances, orders, rules, regulations, and other governmental requirements relating to the erection, operation and removal of the Gas Center by Pump and Save including those relating to public health and safety and protection of the environment, and all rules, orders, regulations, and requirements of the National Board of Fire Underwriters or any similar body having jurisdiction over such use and occupancy; and (iv) shall indemnify and hold harmless Landlord from and against any and all losses, claims, damages, penalties, and liability, including court costs and reasonable attorney's fees, arising, directly or indirectly, out of the use, generation, storage, release, or disposal of hazardous materials by Pump and Save including, but not limited to, leakage from underground storage tanks and spills of hazardous materials, and from and against the cost of any required repair, cleanup, or detoxification and any closure or other required plans to the full extent that such action is attributable, directly or indirectly, to the presence or use, generation, storage, release, threatened release, or disposal of hazardous materials by Pump and Save. The term "hazardous materials" as used in this paragraph shall include, but is not limited to, substances defined as "hazardous substances", "hazardous materials" or "toxic substances" in the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.; the Hazardous Materials Transportation Act, 49 U.S.C. § 1801, et seq.; the Resource Conservation and Recovery Act, 42 U.S.C. § 6901, et seq.; and those substances defined as hazardous, toxic, hazardous wastes, toxic wastes, or as hazardous or toxic substances by any law or statute now or after this date in effect in the state of Mississippi; and in the regulations adopted and publications promulgated pursuant to these laws. Landlord and Tenant hereby agree that sales made from the Gas Center shall not be included in gross receipts for the purposes of computing the additional percentage payment, if any, payable by Tenant pursuant to the terms of this Lease. It is further understood and agreed that, notwithstanding anything contained hereinabove to the contrary, Tenant shall indemnify and hold Landlord harmless from any and all claims, losses, damages, penalties and liabilities, including court costs and reasonable attorneys' fees arising, directly or indirectly, out of, or in connection with, any failure of Pump and Save to perform any of its obligations hereunder."

   B. The plot plan attached to the Lease, as heretofore amended, shall be deleted and that attached hereto as EXHIBIT A shall be substituted in lieu thereof.

   C. The plans for the Gas Center attached hereto as EXHIBIT B shall be added to the Lease as EXHIBIT B.

2. Effective as of April 1, 1995:

   A. The initial term of the Lease shall be further extended for an additional period of thirteen (13) months, and shall end on March 31, 2110.

1

2. Tenant shall pay to Landlord as rent for the Premises, the sum of Twenty Six Thousand and 00/100 Dollars ($26,000.00) per month in lieu of the rent set forth in Paragraph 8 of the lease agreement, as heretofore amended.

3. Within thirty (30) days after the date hereof, Tenant shall cause Pump and Save to apply for all necessary approvals and permits for the construction and operation of the gas center contemplated herein. In the event Pump and Save is unable to secure all such approvals and permits on or before January 31, 1995, then, in that event, this Agreement shall terminate forthwith and the terms, covenants, conditions and agreements set forth herein shall be null and void and shall have no further force or effect.

4. The Lease, as heretofore supplemented, amended and extended, and hereby amended and extended, is ratified, confirmed and continued.

5. This Agreement shall bind and benefit Landlord, his heirs, executors, administrators, successors and assigns, and Tenant, its successors and assigns.

6. This Agreement, including all Exhibits hereto, merges and supersedes all prior representations and agreements, and constitutes the entire contract between Landlord and Tenant concerning the subleasing of a portion of the common area of the Shopping Center for the construction and operation of a gas center and the consideration therefor.

7. Each party executing this Agreement represents and warrants that they are a party hereto, or an agent of a party hereto, duly authorized to execute this Agreement on behalf of such party and to bind that party to the performance of such party's obligation hereunder.

EXECUTED as of the date first herein specified.

LANDLORD:

_/s/ Jack Fiorella III_
Jack Fiorella III

TENANT:

JITNEY-JUNGLE STORES OF AMERICA, INC.

By: _/s/ W. H. Holman, Jr._
W. H. Holman, Jr., President

Attest: _/s/ Roger P. Friou_
Roger P. Friou, Secretary

### LENDER'S CONSENT AND AGREEMENT

THE UNDERSIGNED, Protective Life Insurance Company ("Lender"), being the owner and holder of a Deed of Trust and Security Agreement which encumbers the Premises and Shopping Center described in the foregoing Agreement, hereby: (1) consents to said Agreement and (2) agrees to be bound by the provisions thereof; all in accordance with the provisions of Paragraph 8(a) of that certain Subordination, Attornment and Nondisturbance Agreement between Lender and Tenant dated February 3, 1994.

IN WITNESS WHEREOF, Lender has executed this Consent and Agreement this 20th day of January, 1995.

LENDER:

PROTECTIVE LIFE INSURANCE COMPANY

By: _/s/ A. S. Williams, III_
A. S. Williams, III, Treasurer

Attest: _/s/ Richard C. Pruschtenicht_
Richard C. Pruschtenicht,
Assistant Secretary

2



EXHIBIT A



EXHIBIT B





