UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.,

Debtors.[1]

_____/

CASE NO.: 05-03817-3F1

Chapter 11

**LIMITED OBJECTION TO THE DEBTORS' AMENDED MOTION
FOR ORDER AUTHORIZING THE DEBTORS
(I) TO SELL LEASEHOLD INTERESTS IN TARGETED STORES FREE AND CLEAR
OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES,
(II) TO ASSUME AND ASSIGN LEASES
(III) TO REJECT TARGETED LEASES THE DEBTORS ARE UNABLE TO SELL,
AND (IV) GRANTING RELATED RELIEF
AND MOTION TO COMPEL DEBTORS TO ASSUME OR REJECT
<u>LEASE OF PERSONAL PROPERTY</u>**

Computer Leasing Company of Michigan, Inc., ("CLC"), through undersigned counsel, present this limited objection to the Debtors' above-described amended motion (the "Sale Motion") for the reasons that follows:

1. On April 22, 1982, CLC and Winn-Dixie Stores, Inc. ("W-D") entered into a Master Lease (ML) whereby W-D agreed to lease personal property from CLC subject to terms stated in the ML and in individual schedules to be added from time to time as W-D desired to lease additional goods. The relationship between the parties continued uninterrupted for 23 years.

2. CLC has no objection to the Debtors' desire to obtain the Court's authority to sell their stores or to assume and assign or to reject the leases of the stores.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

3. CLC does, however, object to the Debtors' silence and ambiguity relative to its intentions about the Leased Equipment owned by CLC. The Sale Motion makes no mention whatsoever about what will happen to the Leased Equipment that is located in the stores whose leases are being assumed and assigned to purchasers. Nor does the Sale Motion state what will happen to the Leased Equipment located in stores that will not be sold and will be abandoned via lease rejection by the Debtors.

4. By way of example, the proposed asset purchase agreement with Baker Foods of the Debtors' Store #452, excludes the assignment of "(iii) all leased point-of-sale equipment and leased photo lab equipment; (iv) all other leased equipment as described on Exhibit D to this Agreement with respect to the Store; (v) all owned computer and related equipment that contains software subject to a license that restricts its transfer or imbedded data files that in either case is/are not easily and effectively deleted or removed." The situation is likewise with respect to the proposed asset purchase agreements with Food Lion regarding multiple stores, Tom-Tom Foods with respect to Store #126, etc. In other cases, e.g., the asset purchase agreement with Wal-Mart for Store #739, the asset purchase agreement does not expressly exclude personal property but computer and point-of-sale equipment are simply not included in the definition of what is being sold.

5. Given the above, CLC is justly insecure as to the safety and whereabouts of its property. Compounding CLC's insecurity, and in violation of 11 U.S.C. § 365(a)(1), whereas the Debtors had been paying the monthly lease payments pursuant to the terms of the ML and the schedules thereto, reliably post-petition through July, 2005, the Debtors failed to pay CLC the amount due in August, 2005.

6. The Debtors have had almost six months to decide whether to assume or reject the CLC lease. Until now, CLC had no reason to object to the Debtors' failure to timely elect. However under

294143-1
8/18/05

BERGER SINGERMAN
attorneys at law

2   Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

the current circumstances, continuance of the Debtors' otherwise unlimited time to elect whether to assume or reject CLC's lease is unfair and prejudicial to CLC.

7. The Bankruptcy Code, in section 365(d)(2), provides a remedy for companies like CLC in circumstances such as these. The relevant portion of this section states: "the court, on the request of any party to such contract or lease, may order the trustee [or DIP] to determine within a specified period of time whether to assume or reject such ... lease." The trustee or debtor in possession is allowed a reasonable time to decide whether to assume or reject. *In re H & S Mfg., Inc.*, 13 B.R. 692, 695 (Bankr. E.D.N.Y. 1981). What constitutes a reasonable time is left to the bankruptcy court's discretion in the light of the circumstances of each case. *Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2nd Cir. 1982). As the court noted in *In re Enron Corp.*, 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002), "the breathing space afforded to the debtor for the assumption or rejection of executory contracts is not without limits."

7. In *Theatre Holding Corp*, the Second Circuit affirmed the bankruptcy court's order giving the debtor 30 days to assume or reject its ground lease on 18 acres of land. The court's ruling was based on the debtor's failure to pay for use of the property even though it was trying to maintain its freedom to assume or reject the lease. The court said this state of affairs allowed the debtor to "have its cake and eat it too." Although the Second Circuit in *Theatre Holdings* considered what constituted a reasonable time to assume a non-residential real property lease, and the Bankruptcy Code has since been amended to add a separate section that requires assumption or rejection of such leases within 60 days, *see* 11 U.S.C. § 365(d)(4), the *Theatre Holdings* factors, including the debtor's failure to satisfy post-petition obligations, remain relevant to a decision of what is a reasonable time in the context of the assumption or rejection of executory contracts and other types of unexpired leases generally. *See In re Burger Boys*, 94 F.3d 755 (2nd Cir. 1996); *In re Teligent, Inc.*, 268 B.R. 723, 738 (Bankr. S.D.N.Y. 2001).

294143-1
8/18/05

BERGER SINGERMAN
attorneys at law

3

Boca Raton    Fort Lauderdale    Miami    Tallahassee

350 East Las Olas Boulevard   Suite 1000   Fort Lauderdale, Florida 33301   Telephone 954·525·9900   Facsimile 954·523·2872

8. The relevant considerations include the damage that the nondebtor party will suffer, the importance of the lease to the to the debtor, whether the debtor has had sufficient time to evaluate its financial condition and the value of its assets in the formulation of the a plan, and whether the exclusivity period has terminated. *Teligent*, 268 B.R. at 738. These factors, too, favor the granting of CLC's request inasmuch as the personal property lease involved here represents only a small part of the total financial wherewithal of the Debtor; the Debtor has had about six months since the case was filed to evaluate its financial condition and the value of the Leased Equipment in the formulation of a plan; and the exclusivity period would have terminated by now, per 11 U.S.C. § 1121(b) but for the Court's having extended it.

9. The overriding purpose of this part of section 365(d)(2) is to "prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-à-vis the estate." H. Rep. No. 595, 95th Cong., 1st Sess. 348 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978). CLC is entitled to know – before the Debtors part with possession of the Leased Equipment – whether the ML will be assumed (and possibly assigned) or will be rejected.

WEREFORE, CLC requests the Court to deny the Sale Motion unless, in advance of Court approval, the Debtor assumes or rejects the CLC lease or otherwise provides CLC adequate protection of its interest in the Leased Equipment, and such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of this *Limited Objection to the Debtors' Amended Motion for Order Authorizing the Debtors (I) To Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) To Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief*

294143-1
8/18/05

BERGER SINGERMAN
attorneys at law

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872

4

*and Motion to Compel Debtors to Assume or Reject Lease of Personal Property* was served by first class, U.S. Mail on this 22nd day of August, 2005 upon all parties on the attached service list.

> BERGER SINGERMAN, P.A.
> Attorneys for Computer Leasing
> Company of Michigan, Inc.
> 350 E. Las Olas Boulevard
> Suite 1000
> Fort Lauderdale, FL 33301
> Telephone: (954) 525-9900
> Facsimile: (954) 523-2872
>
> By: _____/s/ Arthur J. Spector_____
>    Arthur J. Spector
>    Florida Bar No. 620777
>    aspector@bergersingerman.com

294143-1
8/18/05

BERGER SINGERMAN
attorneys at law

5

Boca Raton   Fort Lauderdale   Miami   Tallahassee

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954.525.9900  Facsimile 954.523.2872

## SERVICE LIST

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
Four Times Square
New York, NY 10036

Stephen D. Busey, Esq.
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Office of the U.S. Trustee - JAX
135 W. Central Boulevard
Suite 620
Orlando, FL 32801

Jonathan N. Helfat, Esq.
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue, 29th Floor
New York, NY 10169

Matthew S. Barr, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

294143-1
8/18/05

BERGER SINGERMAN
attorneys at law

6

Boca Raton    Fort Lauderdale    Miami    Tallahassee

350 East Las Olas Boulevard  Suite 1000  Fort Lauderdale, Florida 33301  Telephone 954·525·9900  Facsimile 954·523·2872