UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                CASE NO.: 3:05-bk-03817-JAF

                                      CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

       Debtors.                       Jointly Administered

LIMITED OBJECTION
TO DEBTORS' AMENDED
MOTION FOR ORDER AUTHORIZING
THE DEBTORS TO SELL LEASEHOLD INTERESTS
IN TARGETED STORES FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, TO
ASSUME AND ASSIGN LEASES, TO REJECT TARGETED LEASES
THE DEBTORS ARE UNABLE TO SELL AND GRANTING RELATED RELIEF

Landlords, Linpro Investments, Inc.; Chapin Development Company; Ivey Electric Company; E & A Financing II, LP; E & A Southeast, LP; Indian Creek Crossing, LLC; Shields Plaza, Inc.; Villa Rica Retail Properties, LLC; Bank of America, N.A.; Telfair-Perlis LLP, successor in interest to A.L.S&G INC.; Perlis-Ellin LLC, successor in interest to Glenn Bryant; Wolfchase Associates, LLC; William J. Wade and Wilmington Trust Co. as Co-Trustees of Southland-Jonesboro W.D. Delaware Business Trust; William J. Wade and Wilmington Trust Co. as Co-Trustees of Southland-Conyers W.D. Delaware Business Trust; William J. Wade and Wilmington Trust Co. as Co-Trustees of Southland-Powder Springs W.D. Delaware Business Trust; MCW-RC FL-Highlands, LLC; MCW-RC-GA-Howell Mill Village, LLC; FW NC-Shoppes of Kildaire,

1

LLC; Winn-Dixie Tampa Trust; Alvin and Lois Lapidus, LLC; SFP, LLC; Valrico Partners, LP; River Oaks Partnership; Westside City, Inc.; GRE Properties, LLC; Lehmberg Crossing, LLC; Windsor Station, LLC; Langston Place; Southmark Properties, LLC; The Market at Byram, LLC; and Bennett V. York, through their undersigned counsel, object to Debtors' Amended Motion for Order Authorizing the Debtors to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, to Assume and Assign Leases, to Reject Targeted Leases the Debtors are Unable to Sell and Granting Related Relief ("Amended Motion"), and states as follows:

1. This Objection is limited to the Debtors' request set forth in paragraph 10 of the Amended Motion for the entry of an order for authority to reject any Targeted Leases the Debtors are unable to sell prior to the August hearing with such rejection to be effective ten days after the Debtors deliver a termination notice to the affected landlord.

2. The rejection of a targeted lease, which the Debtors have not sold at the August auction, should not be deemed effective before the Debtors have vacated the premises and are ready, willing and able to surrender the premises to the affected landlord.

3.   Said Landlords reserve the right to amend, supplement or modify this Objection as deemed necessary.

Dated: August __22__, 2005

>Respectfully submitted,
>
>HELD & ISRAEL
>
>By: _[signature]_
>Edwin W. Held, Jr., Esquire
>Florida Bar #162574
>Adam N. Frisch, Esquire
>Florida Bar #635308
>1301 Riverplace Blvd., Suite 1916
>Jacksonville, Florida 32207
>(904) 398-7038 Telephone
>(904) 398-4283 Facsimile