IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| WINN DIXIE STORES, INC., et al., , | ) | Case No. 05-03817-F1C |
| | ) | Chapter 11 |
| Debtors. | ) | (JOINTLY ADMINISTERED) |

**LIMITED OBJECTION OF C. & A. LTD., L.C. TO
AMENDED MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE
DEBTORS (I) TO SELL LEASEHOLD INTERESTS IN TARGETED STORES FREE
AND CLEAR OF LIENS, CLAIMS, AND INTERESTS AND EXEMPT FROM TAXES,
(II) TO ASSUME OR ASSIGN LEASES, (III) TO REJECT TARGETED LEASES
THE DEBTORS ARE UNABLE TO SELL, AND (IV) GRANTING RELATED RELIEF**

C. & A. Ltd., L.C. ("C&A"), by its undersigned counsel, submits this Limited Objection to the Amended Motion of the Debtors for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief (the "Amended Sale Motion") as to one (1) unexpired lease of non-residential real property under which the Debtors are the tenant.  In support of this Objection, C&A respectfully states:

1.   On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.   C&A is the owner of the shopping center known as Melbourne Village Plaza (Store No. 2663) located in Melbourne, Florida (the "Leased Premises") in which the Debtors lease retail space from C&A pursuant to a written lease (the "Lease").

3. On or about August 1, 2005, the Debtors filed the Amended Sale Motion seeking, among other things, authorization from this Court to potentially assume and assign the Lease to an unknown bidder or such higher bidder at an auction to be held by the Debtors. Upon information and belief, the Debtors have not secured a stalking horse bidder for the Lease.

4. C&A objects to any assumption and/or assignment of the Lease absent adequate assurance of future performance in accordance with Section 365 of the Bankruptcy Code. Because the successful bidder for the Lease is not yet known, the Debtors can not provide evidence of adequate assurance of future performance at this time and therefore can not satisfy Section 365 of the Bankruptcy Code at this time. The proposed assignee must provide C&A with sufficient information to demonstrate that the proposed assignee is capable of satisfying all Lease obligations (monetary and non-monetary) when required under the Lease.

5. Adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance: (A) of the sources of rent and other consideration due under the Lease, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Lease with C&A; (B) that any percentage rent due under the Lease will not decline substantially; (C) that assumption and assignment of the Lease is subject to all provisions of the Lease, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (D) that assumption or assignment of the Lease will not disrupt any tenant mix in the Leased Premises. See 11 U.S.C. § 365(b)(3). The Debtors must comply with Section 365 of the Bankruptcy Code in any assumption and assignment of the Lease.

WHEREFORE, C&A respectfully requests that this Court: (a) require that prior to any proposed order authorizing the assumption and/or assignment of the Lease affirmatively require the Debtors and/or any assignee to provide adequate assurance of future performance to C&A and (b) grant C&A such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:  August 22, 2005            Respectfully submitted,

POLSINELLI SHALTON WELTE SUELTHAUS PC

By: */s/ James E. Bird*
    JAMES E. BIRD  (#28833)
    700 West 47th Street, Suite 1000
    Kansas City, Missouri  64112
    (816) 753-1000
    Fax No. (816) 753-1536

ATTORNEYS FOR C. & A. Ltd., L.C.

### CERTIFICATE OF SERVICE

I certify that service of the foregoing was made on this 22nd day of August, 2005, via ECF Noticing and first class mail (and email if indicated) upon the parties listed below.

| | |
|---|---|
| D.J. Baker<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com | Cynthia C. Jackson<br>Smith Hulsey and Busey<br>225 Water Street, Suite 1800<br>Jacksonville FL  32202<br>cjackson@smithhulsey.com |
| Jonathon N. Helfat<br>Otterbourg Steindler Houston & Rosen, P.C.<br>230 Park Avenue, 29th Floor<br>New York, NY 10169 | Matthew S. Barr<br>Milbank, Tweed, Hadly & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005-1413 |
| Elena L. Escamilla<br>United States Trustee<br>135 West Central Blvd., Rm 620<br>Orlando FL  32801 | |

*/s/ James E. Bird*

025188 / 101455
JEBIR   1226609

3