UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC.,** *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**LIMITED OBJECTION OF HERITAGE SPE, LLC TO THE AMENDED MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE DEBTORS (I) TO SELL LEASEHOLD INTERESTS IN TARGETED STORES FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (II) TO ASSUME AND ASSIGN LEASES (III) TO REJECT TARGETED LEASES THE DEBTORS ARE UNABLE TO SELL, AND (IV) GRANTING RELATED RELIEF**

Heritage SPE, LLC ("Heritage"), a lessor of nonresidential real property in the above-captioned bankruptcy, by its undersigned counsel, hereby objects (the "Limited Objection") to the Amended Motion of the Debtors for Order Authorizing the Debtors (I) To Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) To Assume and Assign Leases (III) To Reject Targeted Leases the Debtors Are Unable to Sell, and (IV) Granting Related Relief (the "August Sale Motion"). Specifically, Heritage objects to the August Sale Motion to the extent that the Debtors are seeking to assume and assign Targeted Lease[1] number 2106 (the "McMullen Creek Lease"), as listed on Exhibit A attached to the August Sale Motion, without providing Heritage with the required adequate assurances of future performance or a sufficient cure[2] as required by section 365 of the Bankruptcy Code.

---

[1] Unless otherwise stated herein, all capitalized terms shall have the meaning ascribed to them in the August Sale Motion.

[2] Heritage has already objected to the amount of the cure claim for the McMullen Creek Lease (the "McMullen Creek Cure Claim") as listed by the Debtors in a prior motion. Because it is Heritage's understanding that any disputes related to the amount of the McMullen Creek Cure Claim will be resolved

\\FIN\227701.1


Additionally, Heritage objects to the August Sale Motion to the extent that the Debtors seek authority to reject the McMullen Creek Lease without surrendering the premises and all keys to Heritage, without affording the lessor the right to re-let the premises immediately, and without preserving Heritage's right to a claim for rejection damages. In support of this Limited Objection, Heritage respectfully states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157, and venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

2. On February 21, 2005, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. By Order dated April 13, 2005, these jointly administered bankruptcy cases were transferred to this Court.

3. Heritage, as lessor, leases certain nonresidential real property located in shopping centers to the Debtors, as lessees. The McMullen Creek Lease is one of the leases between Heritage and the Debtors, pursuant to which the Debtors lease certain real property located in the McMullen Creek Shopping Center in Charlotte, North Carolina. The Debtors have identified the McMullen Creek Lease as lease number 2106.

4. Through the August Sale Motion, the Debtors seek, amongst other things, authority to assume and assign various of the Targeted Leases following the August

---

at a separate hearing at a later date, Heritage does not object to the August Sale Motion with respect to the amount of the McMullen Creek Cure Claim. However, Heritage reserves all of its rights to continue to object to the amount of the McMullen Creek Cure Claim and to include any amounts that are not paid when due under the McMullen Creek Lease. To the extent that the Debtors are attempting to limit the amount of the McMullen Creek Cure Claim in the August Sale Motion, Heritage continues to assert its previously-filed cure claim objection and reserves all of its rights to object to the August Sale Motion on this basis.

\\FIN\227701.1

Auction or to reject certain of the Targeted Leases that the Debtors are not able to sell prior to the August Hearing.  Importantly, the Debtors appear to reserve the right to continue to market any of the Targeted Leases that are not sold prior to the hearing on the August Sale Motion, while seeking authority to reject any of the Targeted Leases by merely sending, at some unspecified future date, a "termination notice" to the relevant lessor, with "such rejection to be effective ten days after" delivery of such notice.

5.    Heritage has not been notified as to whether the Debtors intend to assume or assign the McMullen Creek Lease pursuant to the August Sale Motion and has not received any information from the Debtors or any proposed assignee of the McMullen Creek Lease in an attempt to satisfy the adequate assurance requirements for assignments of unexpired leases of real property located in shopping centers of section 365(b)(3) of the Bankruptcy Code.

6.    Therefore, to the extent that the Debtors are seeking to assume and assign the McMullen Creek Lease, Heritage objects to the August Sale Motion as Heritage has not received adequate notice of any such assumption and assignment or any information related to adequate assurance of future performance.  Moreover, Heritage will not have adequate time to review any such information that it may receive following the filing of this Limited Objection prior to the hearing on the August Sale Motion and, therefore, objects to the August Sale Motion and requests adequate time to review such information prior to any assumption and assignment.

7.    Additionally, Heritage objects to Debtors' proposed rejection procedure stated in the August Sale Motion.  Such a procedure would arguably permit the Debtors to effectively reject the McMullen Creek Lease prior to surrendering all keys and the

premises to Heritage, clean and free of all of the Debtors' property, inventory and equipment and surrendering any and all of the Debtors' rights to possession of the premises. Therefore, the Debtors could arguably obtain the benefits of a rejection, while prohibiting Heritage from immediately seeking to re-let the premises. Heritage objects to any rejection of the McMullen Creek Lease that may become effective prior to the Debtors' surrender of all keys and the premises to Heritage, clean and free of all of the Debtors' property, inventory and equipment, and the Debtors' surrender of any and all of the Debtors' rights to possession of the premises (such that Heritage may immediately re-let the premises).

8. Finally, the August Sale Motion is silent with respect to claims for rejection damages. Heritage objects to any rejection procedure that does not provide a reasonable time and opportunity for Heritage to calculate and assert a claim for rejection damages.

(Remainder of page intentionally left blank.)

\\FIN\227701.1

WHEREFORE, Heritage requests this Court enter an Order denying the August Sale Motion for the reasons stated above, preserving all of Heritage's rights under the Bankruptcy Code, and granting any further relief the Court deems just and appropriate.

Dated: August 22, 2005                                    Respectfully submitted,

/s/ Michael M. Schmahl
One of the attorneys for
Heritage SPE, LLC

Charles Gibbs (0736651)
McGuireWoods LLP
50 N. Laura St.
Suite 3300
Jacksonville, FL 32202
(904) 798-3200

and

Richard J. Mason, P.C.
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 558-1000

\\FIN\227701.1

## **CERTIFICATE OF SERVICE**

I, an attorney, hereby certify that a true and correct copy of the foregoing has been served upon the parties listed below via either the Court's electronic filing system or via electronic mail on this 22nd day of August, 2005.

/s/ Michael M. Schmahl
Michael M. Schmahl


D.J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
4 Times Square,
New York, NY 10036
djbaker@skadden.com

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water St.
Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

Jonathan N. Helfat
Otterberg, Steindler, Houston & Rosen, P.C.
230 Park Ave.
29th Floor
New York, NY 10169
Jhelfat@oshr.com

Matthew S. Barr
Milbank, Tweed, Hadly & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
Mbarr@milbank.com

\\FIN\227701.1