UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## WAH HONG GO'S OBJECTION TO "DEBTOR'S MOTION FOR ORDER ESTABLISHING A CLAIMS RESOLUTION PROCEDURE AND AUTHORIZING DEBTOR TO SETTLE OR LIQUIDATE CERTAIN PRE-PETITION CLAIMS"

Wah Hong Go, a former store manager of Winn-Dixie Stores, Inc. (the "Debtor"), files and serves the following Objection to "Debtor's Motion for Order Establishing Claims Resolution Procedure…" (hereinafter, the Claims Procedure Motion). (D.E. 1524):

### PROCEDURAL BACKGROUND

1.      Wah Hong Go ("Mr. Go") is a former store manager of Winn-Dixie Store Number 0318 located in Key Biscayne, Miami-Dade County, Florida.   He was involuntarily terminated from employment on January 3, 2003 after almost ten years of employment.[1] A-1.

2.      On April 1, 2003, Go filed a Charge of Discrimination against the Debtor jointly with the United States Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in

---

[1] /      Attached to this objection is a list of Exhibits previously admitted into evidence on August 8, 2005 in connection with the Final Evidentiary Hearing on Mr. Go's Motion for Relief from Stay (D.E. 1524). Reference to items admitted into evidence will refer to the same and the specifically numbered exhibit admitted into evidence.   For example, a reference to a document admitted as Mr. Go's Exhibit 1 will be A-1 here.   The actual exhibits admitted into evidence are part of the record in this case and are not attached.

Employment Act ("ADEA").  A-1.  Under applicable law, Go was precluded from filing a lawsuit on these claims until the EEOC completed an investigation of the claim and issued a Right to Sue letter.

3.      Mr. Go charges that Winn-Dixie terminated his unlawfully on the basis of his race, national origin and age in violation of Title VII, the ADEA and the Florida Civil Rights Act.  A-1.[2]  He is of Asian race and Chinese national origin.  *Id.*

4.      On September 27, 2004, following their investigation of Mr. Go's Charge of Discrimination, the EEOC issued a Determination that "the evidence obtained during the investigation establishes that there is reasonable cause to believe that a violation of Title VII has occurred."  A-7.  The Determination Letter was delivered to both Mr. Go and Winn-Dixie Stores, Inc.  *Id.*  Included in the same Determination Letter was an invitation that the parties resolve the issues raised in the Charge of Discrimination by voluntarily agreeing to conciliate.  A-7.

5.      The parties agreed to conciliation.  However, On March 3, 2005, Winn-Dixie Stores, Inc. delivered a letter to the EEOC in which they took the position that further enforcement action or litigation regarding the Charge of Discrimination was time barred[3] and that "[a]s such, we consider this matter to be closed…".  A-8.

6.      One week later, on March 10, 2005, the EEOC wrote Mr. Go to inform him that "further conciliation efforts would be futile or non-productive" and that accordingly a "Conciliation Failure Notice of Right to Sue is being issued."  A-4.  The very same day, March 10, 2005, the **EEOC issued a Notice of Right to Sue**

---

[2] /      While the Charge of Discrimination is filed jointly with both the EEOC and the Florida Commission on Human Relations (FCHR), it is initially investigated only by the EEOC pursuant to the work sharing agreement between them.  See A-1.

[3] /      In fact this is a patently frivolous position as established by the Notice of Right to Sue issued by the EEOC on March 10, 2005.  A-3.

**(Conciliation Failure) reiterating the finding of "reasonable cause to believe that violations of the statute(s) occurred"** and notifying Go that he had 90 days from the receipt of the EEOC Notice to file a lawsuit against the Debtor or the right to sue would be lost.  A-3.

7.    On February 21, 2005 Winn-Dixie filed a Chapter 11 Bankruptcy Petition under Title 11 U.S. Code.   The Debtor has since continued in operation under the protection of Chapter 11.

8.     After an over two year investigation of his charge and a failed effort to conciliate the same, Wah Go's ability to seek enforcement of his charge of discrimination is again delayed by operation of the automatic stay provisions of the Bankruptcy Code. 11 U.S.C. §362.  Accordingly, on June 1, 2005, Mr. Go filed "Wah Hong Go's Motion for Relief from Stay and for Leave to File a Proof of Claim After the Entry of Judgment on State and Federal Civil Rights Claims."  (D.E. 1524).

9.    By said motion, Mr. Go seeks relief from the automatic stay to permit him to file, serve and litigate a lawsuit against the Debtor in a federal or state court of competent jurisdiction in Miami-Dade County, Florida where the unlawful conduct of the Debtor took place and where the witnesses and evidence reside.  Mr. Go seeks only to liquidate the claim, not execute or levy against assets of the Debtor.  Mr. Go also seeks to be excused from filing a proof of claim at least until the claim is liquidated upon the entry of Judgment.[4]  Bankruptcy Rule 3002(c)(3).

---

[4] /    Mr. Go has assiduously refrained from filing a proof of claim in this case since to do so could be construed as a waiver of his statutory and constitutional right to a jury trial and could further be construed as a submission to have his case resolved before this equitable Court in Jacksonville, so far from where the cause of action arises.  See, *In re The Leslie Fay Companies, Inc.*, 181 B.R. 156 (Bankr. S.D.N.Y. 1995)(judge found that the claimants submitted themselves to the court's equitable jurisdiction and thereby waived their right to a trial by jury by filing proof of claim. The judge observed that "it must be

10.    On August 2, 2005, the Debtor filed a "Response in Opposition to Wah Hong Go's Motion for Relief from Stay." (D.E. 2731). Shortly after the evidentiary hearing, the Debtor filed the "Motion for an Order Establishing a Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Pre-Petition Litigation Claims." (hereinafter the "Litigation Claims Resolution Motion").

11.    In so far as Mr. Go is concerned, the Debtor's "Litigation Claims Resolution Motion" is objectionable in that it seeks to postpone resolution of his pending stay relief motion indefinitely until such time as the Debtor has completed attempts to resolve any and all claims which fit the Debtor's definition of "Pre-Petition Litigation Claims." It is also objectionable since it effectively makes submission to the "litigation claims resolution procedure" a condition to the granting of stay relief, regardless of whether the "claimant" has filed a proof of claim or submitted to jurisdiction of this Court. See the Litigation Claims Resolution Motion at p. 10, ¶ 14. Such an indefinite postponement of stay relief cannot be condoned particularly in the case of Mr. Go who has not even filed a claim in this case or otherwise consented to have his statutory civil rights cause of action resolved in this honorable bankruptcy court or through the proposed "claims resolution procedure." It is especially unacceptable to Mr. Go since he has already filed and fully litigated his stay relief motion at a final hearing held on August 8, 2005 during which both side presented evidence.[5]    Accordingly, Mr. Go

---

remembered that the claimants were not haled into this court through an adversary proceeding commenced against them. Rather they voluntarily invoked this court's jurisdiction and did so prior to commencing suit.") See also, *In re Jim Walters Resources*, 172 B.R. 380 (Bankr. M.D. Fla. 1994)( submitting a proof of claim waives the plaintiff's right to a jury trial). See also, *Adams v. Cumberland Falls, Inc.*, 86 F.3d 1146 (1st Cir. 1996) (unpublished)(First Circuit concluded that claimant had waived right to jury trial: "filing a proof of claim in a bankruptcy proceeding . . . generally waives any right to a jury trial.").

[5] /    The Bankruptcy Code contemplates prompt resolution of properly filed motions for stay relief. 11 U.S.C. §362(e). While Mr. Go stipulated to an extension of the 30 day period set forth in §362(e) – in

4

objects to the Debtor's "Litigation Claims Resolution Motion" in so far as it asks that the Court postpone ruling on his Motion for Stay Relief and to further condition stay relief upon Go's submission to the "litigation claims resolution procedure."

## ARGUMENT

The Bankruptcy Code provides that the filing of a bankruptcy petition operates as an automatic stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) … for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. §362(d)(1). In any hearing for relief from stay under §362(d), the party requesting such relief has the burden of proof on the issue of the debtor's equity in property. 11 U.S.C. § 362(g)(1). However, "the party opposing such relief has the burden of proof on all other issues." 11 U.S.C. §362 (g)(2).

On August 8, 2005, the Court held a final evidentiary hearing on Mr. Go's motion under §362(d). The only opposition to the motion was filed by the Debtor (D.E. 2731). As set forth below, cause exists for granting Mr. Go the relief he seeks. The same reasons support denying the Debtor's "Litigation Claims Resolution Motion" to the extent that the same seeks to delay or condition stay relief until after the proposed procedure is undertaken.

In determining whether to grant relief to Mr. Go, this Honorable Court should base its decision upon consideration of the following factors: (1) whether the litigation of

---

order to accommodate a personal scheduling matter raised by counsel for the Debtor -- this cannot in good conscience constitute an indefinite postponement on the Court's obligation to rule upon a stay relief motion particularly when a final evidentiary hearing has already taken place.

*Mr. Go's* statutory claims would cause the debtor great prejudice; (2) whether a balancing of the respective hardships tips in favor of the debtor or creditor; and (3) whether public policy supports the type of action Mr. Go would bring against the debtor. *In re America West Airlines*, 148 B.R. 920 (Bankr. D. Ariz. 1993). Bankruptcy Courts applying these factors to statutory civil rights claims such as Mr. Go's have almost uniformly permitted the filing or continuation of said causes in appropriate state or federal courts. See *Id*. *See also*, *In the Matter of Interco Inc.*, 153 B.R. 859 (Bankr. E.D. Mo. 1993)(Relief granted to permit former employee to proceed with handicap discrimination suit which alleged wrongful termination by the debtor.); *In re Santa Clara County Fair Ass'n, Inc.*, 180 B.R. 564 (Bankr. 9th Cir. BAP 1995)(Relief granted to permit former employee to proceed with race discrimination claim in federal district court).

The case of *In re: America West Airlines*, *supra*, is illustrative and analogous to the situation at bar. In that case a bankruptcy court determined that particularly in the context of a statutory employment discrimination case, all three of the factors for consideration should be resolved in favor of granting relief from the Automatic Stay since there is no great prejudice to the debtor and the balance of hardships as well as considerations of public policy favor granting relief to the civil rights claimant under similar circumstances. *Id*. As in the America West Chapter 11 proceeding, the Debtor in this case cannot establish a basis for continued delay of Mr. Go's cause of action.

       **i.**     **The Debtor Cannot Establish that "Great Prejudice" Would Result if Mr. Go is Granted Relief to Litigate this Civil Rights Claim.**

Both the Debtor's Response to Go's Motion for Stay Relief (D.E. 2731) and its evidentiary presentation on August 8, 2005 relied greatly upon the notion that relief

should be denied or postponed indefinitely because the Debtor would file (and has in fact since filed) "a motion with this Court seeking authorization to establish procedures for liquidating and settling litigation claims through negotiation or alternative dispute resolution." Debtors Response D.E. 2731 at p. 2. The Debtors maintained that as of the petition date, "more than 2,800 claimants, including Wah Hong Go, had commenced (or threatened to commence) litigation against *the Debtors*." *Id.* (emphasis added). The Debtors maintain that they would be prejudiced by litigation of Mr. Go's claim because they "have no insurance for employment related claims such as Go's. Thus the cost of defending Go's claim will drain the Debtor's estates of resources to the detriment of other creditors…lifting the automatic stay will be prejudicial to the Debtors because it would impede their ability to implement a comprehensive plan for the resolution of Litigation Claims…[and] would be time consuming, unduly burdensome and expensive to defend against and liquidate Litigation Claims in forums other than this Court." Id at p. 7.[6] The Debtors further posit that if stay relief were granted to Mr. Go "then large numbers of other claimants will likely seek similar relief, which would interfere with the Debtors current reorganization efforts." *Id.*

From a legal standpoint, it is a novel and unsupportable position for the Debtors to suggest that a civil rights claimant (particularly one who already has an EEOC reasonable cause determination of discrimination) should have his right to relief tied to the supposed prejudice caused not by the litigation of his own case, but by the completely speculative potential for other stay litigation which other litigants might initiate if relief is granted to Go. From an evidentiary standpoint, the Debtors presented no evidence to

---

[6] /      Ordinarily, litigation costs to bankruptcy estate do not compel court to deny automatic stay relief. *In re: Santa Clara County Fair Ass'n.*, Inc., 180 B.R. 565 (9th Cir. B.R. 1995).

support the bald assertion that relief to Mr. Go would in any way impede the administration of this case.  Nor was there any competent evidence presented to establish the effect that relief would have on other litigants.  Indeed there could be no evidence to support such a broad, speculative proposition.  In fact the very number of potential litigation claimants which the Debtors would subject to the claims resolution process is completely undefined by evidence and there is no basis upon which to conclude that relief sought by Mr. Go would establish any precedent to motivate their behavior.

It is clear from the testimony of Mr. Williams at the final hearing on Go's motion for stay relief that the Debtors' definition of the "universe of litigation claimants" is established by the list of potential litigants to which the Debtors sent notices of commencement of the Chapter 11 filing.  Mr. Williams conceded that this class of litigation "claimants" included the gamut of *potential* litigants including common law negligence claimants (for whom the same public policy considerations would not apply) and all others real or potential litigants (excluding worker's compensation) to whom notices were mailed.  Moreover, it was likewise clear that the Debtors had not even conducted an analysis to determine how many members of this potential universe of litigant/claimants (those to whom notices were mailed) had even filed proofs of claim by the August 1, 2005 claims filing deadline, or how many have already litigated stay relief motions through final hearing.  Thus, there is a complete dearth of evidence to support the notion that there is even one other potential litigant who is similarly situated to Mr. Go.  Any potential litigant who has filed a claim in the bankruptcy proceeding has already subjected himself to have his claim resolved in Bankruptcy Court.  Any potential claimant who has not filed a claim cannot have the "Litigation Claims Resolution

Process" hoisted upon them involuntarily.  Neither did the Debtors present any evidence as to the specific manner in which litigation of Mr. Go's claim would prejudice the reorganization of this gigantic Debtor's Chapter 11 proceeding.  Indeed, the costs associated with litigation have to be undertaken in any event.

There is no evidentiary basis upon which to distinguish Mr. Go's Motion for Relief from stay from the motion filed by another civil rights claimant in the Chapter 11 proceeding of America West Airlines.  In that case the bankruptcy court reasoned that there would be no "great prejudice" to the debtor in defending a Title VII civil rights cause of action in another state since the fees necessary to defend the action are *de minimis* in comparison to the operating cost and other administrative expenses undertaken by the Chapter 11 Debtor.  Moreover, the issues raised will ultimately have to be defended in any event.  *Id.*

    ii.    **The Debtor Cannot Establish that the "Balance of Hardships" Resulting from Granting Relief to Mr. Go Tips in Favor of the Debtor.**

As previously stated, the Debtor presented no evidence to establish what hardship it would suffer from the litigation of Mr. Go's civil rights claim in a Miami-Dade County court of law.  On the contrary it is Mr. Go who suffers the greater harm resulting from the deprivation of the statutory right to his day in court and Seventh Amendment right to a jury trial.  He also suffers a greater hardship as the passage of time causes the aging of evidence as well as the fading of memories concerning the facts of the dispute.  *In re America West Airlines, supra*, 148 B.R. at 923.  Likewise the Debtors suffers minimal hardship by permitting litigation to go forward in another Court where it need only retain local counsel to proceed with the defense.  *Id.*  Judicial economy also favors litigating the

issues in the place where the Plaintiff resides and where the Debtor is also present and operating and where the witnesses are more likely to reside.  *Id*.

The Debtors' "Litigation Claims Resolution Motion" essentially asks that the Court make Mr. Go wait to litigate his statutory discrimination law suit until after the Debtor has attempted to resolve supposedly thousands of other litigation "claims."  This is unconscionable, particularly since Mr. Go has not filed a claim and is not himself subject to the litigation "claims resolution procedure."  It should be noted that the Debtors' evidentiary presentation during the final hearing on stay relief made clear that even at the end of the anticipated claims resolution procedure[7] the Debtor would reserve all defenses to motions for stay relief which unresolved claimants might file.  Of course, having voluntarily submitted themselves to claims resolution in bankruptcy court, the claimants would have by then already subjected themselves to bankruptcy court jurisdiction and to have their claims resolved therein.  The law does not require that Mr. Go choose between filing a proof of claim in order to preserve his claim against the Debtor Winn-Dixie, and not filing a claim to preserve the right to a jury trial in the most appropriate jurisdiction and forum.  As other bankruptcy courts have noted:

> [t]he mere filing of a petition in bankruptcy cannot, in and of itself, erase a plaintiff's claim, their [sic] opportunity to litigate, or the fact that a debtor may be liable to plaintiff in some amount.

*Id*. quoting *In re: Johnson*, 115 B.R. 634, 636 (Bankr. D. Minn. 1989)(citations omitted.)

The Debtor cannot present competent evidence to establish prejudice from granting Mr. Go stay relief.  The balance of hardships tips strongly in favor of Mr. Go.

---

[7] /    Mr. Go has already submitted to a claims resolution process with the Debtor Winn-Dixie in connection with the EEOC investigation and conciliation process which concluded with the Debtor taking the position that it considered "this matter closed."  A-4; A-7; A-8.

### iii. The "Public Policy" Considerations Weigh Heavily and Expressly in Favor of Granting Relief to Mr. Go.

The public policy considerations presented by Mr. Go's situation weight heavily in favor of granting Mr. Go relief from stay to litigate this case expeditiously in Miami-Dade County where the cause of action arose and against permitting postponement of stay resolution until the conclusion of an indefinite or lengthy litigation claims resolution procedure period.  The Court may certainly consider the legislative intent of the statutes giving rise to the cause of action in determining whether to grant stay relief or otherwise permit the postponement of stay relief proposed by the debtor.  *In re America West Airlines, supra*, 148 B.R. at 924.  As the Court noted in *America West Airlines*, strong, expressly stated public policy considerations support modification of the stay in statutory employment discrimination cases.  *Id*.  Title VII of the Civil Rights Act of 1964 makes "it an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." Likewise, the Florida Civil Rights Act was enacted:

> to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status and thereby to protect their interests in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests and rights and privileges of individuals within the state.

§760.01(2), Fla. Stat. (1992).  Moreover, public policy strongly supports resolving discrimination claims without undue delay for the benefit of all the parties.  *In re America West Airlines, supra*, 148 B.R. at 924, citing *Matter of Chapter 13, Pending and Future Cases*, 19 B.R. 713, 717 (Bankr. W.D. Wash. 1982).

In the case of Mr. Go, the federal government agency charged with the task of investigating and resolving claims of race discrimination has already found reasonable cause to believe that the Debtor discriminated against Mr. Go by terminating him on the basis of his race and national origin.  The public policy interest in preserving his right to an expeditious resolution of his important cause of action arises from both state and federal legislation.  Mr. Go has waited a considerable amount of time to commence this action and he should be permitted to proceed as requested.

WHEREFORE, Mr. Go requests the Court take judicial notice of evidence presented in the August 8, 2005 hearing and deny Debtor's "Claims Resolution Motion" to the extent that it seeks to postpone or condition ruling on Go's fully litigated Motion for Stay Relief.

Respectfully submitted,

ANTHONY F. SANCHEZ, P.A.
Attorneys for Wah Hong Go
Alfred I. DuPont Building
169 E. Flagler Street, Suite 1500
Miami, Florida 33131
Tel:  (305) 577-9903
Fax:  (305) 577-6121

By:   /s/ Anthony F. Sanchez
        ANTHONY F. SANCHEZ
        Florida Bar No. 0789925

<u>Certificate of Service</u>

I hereby certify that as of August 22, 2005 a copy of the foregoing has been served on the debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville, Florida 32254-3699 by U.S. Mail and served on debtor's attorneys, Adam Ravin, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 and Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32201, U.S. Trustee, Creditors Committee, and parties in interest electronically, David E. Otero, Esq., Akerman, Senterfitt, et al., 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202.

By:   <u>/s/ Anthony F. Sanchez</u>
        ANTHONY F. SANCHEZ
        Florida Bar No. 0789925