**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 05-03817-F1 |
| ) | |
| WINN-DIXIE STORES, INC., *et al*, ) | CHAPTER 11 |
| ) | (JOINTLY ADMINISTERED) |
| DEBTORS. ) | |
| ) | |

**LIMITED OBJECTION OF WD HILLARD, LLC AND DANIEL G. KAMIN TO AMENDED MOTION OF THE DEBTORS FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**

WD Hillard, LLC and Daniel G. Kamin (collectively, "Landlords"), by their undersigned counsel, submit this Limited Objection to the Amended Motion of Debtors for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief. In support of this limited objection, the Landlords respectfully states:

1.      On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code").

2.      Debtor Winn Dixie Atlanta, Inc. and WD Hillard, LLC are parties to that certain lease, dated March 4, 1998, for nonresidential real property located in Lawrenceville, Georgia, which property has been designated as Store No. 2715.

3.      Debtor Winn Dixie Raleigh, Inc. and Daniel G. Kamin are parties to that certain lease, dated March 16, 1993, for nonresidential real property located in Zebulon, North Carolina, which property has been designated as Store No. 808.

4.      On or about July 1, 2005, Debtors filed their Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "First Sale Motion"), requesting authority to sell certain "Targeted Stores" for the highest and best offer, and assume and assign the relevant lease to the purchaser.

5.      On July 14, 2005, Landlords filed a Reservation of Rights in response to Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Reservation of Rights"), which is incorporated herein.  Although the Landlords did not dispute the cure amounts set forth in Debtors' First Sale Motion, they reserved their right to amend or modify their cure amounts in the event any defaults under the leases for Store Nos. 808 and 2715 (collectively, the "Leases") either became known or due prior to any assumption of the Leases.

6.      The Leases were not sold pursuant to the First Sale Motion.

7.      On August 1, 2005, the Debtors filed the Amended Motion of Debtors for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief (the "Second Sale Motion") seeking, among other things, authorization to assume and assign the Leases to an unknown bidder or such higher bidder at an auction to be held by the Debtors.  Upon information and belief, the Debtors have not secured a stalking horse bidder for the Leases.

8.      Since the filing of the Reservation of Rights, real estate taxes in the amount of $15,130.56 have become due and owing on Store No. 808, payment for which is Debtors'

obligation under the Lease. Thus, the cure amount for Store No. 808 is $15,407.26 (the "Cure Amount"), which includes real estate taxes and CAM charges. The Cure Amount represents the amounts currently due and owing under the Lease for Store No. 808. This amount may change prior to the actual date of assumption and assignment of the Lease.

9. In addition, Landlords expressly reserve the right to amend the Cure Amounts for the Leases from time to time and at any time, and requests that the Debtors remain liable for: (a) postpetition rent and other charges under the Leases, (b) certain amounts due and owing under the Leases, but which may be unbilled as of the date hereof, including but not limited to year end adjustments for common area maintenance, taxes, insurance and similar charges, (c) any regular or periodic adjustment of charges under the Leases which were not due or had not been determined as of the date hereof, (d) any percentage rent that may be due under the Leases, (e) any indemnification liability the Debtors may have under the Leases but is currently unknown to Landlords, and/or (f) any claim Landlords may have under an indemnification provision in the Leases for events which may have occurred prior to the assumption of the Leases. Debtors should also specify whether the proposed assignee will be responsible for accrued but unbilled year end adjustments.

10. In addition, Landlords object to the assumption of the Leases absent adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. Because the successful bidder for the Lease is not yet known, the Debtors cannot provide evidence of adequate assurance of future performance at this time and therefore can not satisfy section 365 of the Bankruptcy Code at this time. At minimum, any proposed assignee must provide the Landlords with sufficient information to demonstrate that the proposed assignee is

CH1 10944346.1

capable of satisfying all lease obligations (monetary and non-monetary) when required under the Leases.

11. Adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance: (s) of the source of rent and other consideration due under the Lease, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Leases; (b) that any percentage rent due under the Leases will not decline substantially; (c) that assumption and assignment of the Leases are subject to all provisions of the Leases, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (d) that assumption or assignment of the Leases will not disrupt any tenant mix in the leased premises. *See* 11 U.S.C. § 365(b)(3).

12. Landlords are also entitled to attorneys' fees as part of the cure amount for the Leases. *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986)(payment of attorney's fees required as condition to lease assumption).

WHEREFORE, the Landlords respectfully request that this Court: (a) require that an order authorizing the assumption of the Leases affirmatively require the Debtors to pay all amounts owing to the Landlords under the Leases through the effective date of any assignment of the Leases, subject to the Landlords' express reservation of rights, and to provide adequate

assurance of future performance and the payment of attorneys' fees and (b) grant Landlords such other and further relief as this Court deems just and appropriate under the circumstances.

                                                          Respectfully submitted,

                                                          **WD HILLARD, LLC and DANIEL G. KAMIN**

                                                          By:   /s/   Sara E. Lorber

                                                              One of Their Attorneys

Richard S. Lauter
Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois  60603
Tel. (312) 346-8000
Fax: (312) 269-8869
rlauter@seyfarth.com
slorber@seyfarth.com

CH1 10944346.1

**CERTIFICATE OF SERVICE**

    I, Sara E. Lorber, an attorney, do hereby certify that on August 22, 2005, I electronically filed a true and correct copy of the foregoing LIMITED OBJECTION OF WD HILLARD, LLC AND DANIEL G. KAMIN TO AMENDED MOTION OF THE DEBTORS FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF, and caused same to be served via electronic mail and/or U.S. Mail to those parties listed on the June 8, 2005 Master Service List (Docket No. 1631)

                                          /s/ Sara E. Lorber