-20-                               BOOK 27V PAGE 024

2.17 <u>Grantee May File Proofs of Claim</u>. In the case of any receivership, insolvency, bankruptcy, reorganization, arrangement, adjustment, composition, or other proceedings affecting Grantor, its creditors, or its property, Grantee to the extent permitted by law, shall be entitled to file such proofs of claim and other documents as may be necessary or advisable in order to have the claims of Grantee allowed in such proceedings for the entire amount due and payable by Grantor under this Deed at the date of the institution of such proceedings and for any additional amount which may become due and payable by Grantor hereunder after such date.

2.18 <u>WAIVER OF GRANTOR'S RIGHTS</u>. BY EXECUTION OF THIS DEED AND BY INITIALING THIS PARAGRAPH 2.18, GRANTOR EXPRESSLY: (A) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE INDEBTEDNESS EVIDENCED BY THE NOTE AND THE POWER OF ATTORNEY GIVEN HEREIN TO GRANTEE TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE (IF ANY) AS IS SPECIFICALLY REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF THIS DEED; (B) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE CONSTITUTION OF THE UNITED STATES (INCLUDING THE FIFTH AND FOURTEENTH AMENDMENTS THEREOF), THE VARIOUS PROVISIONS OF THE CONSTITUTIONS FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW, TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY GRANTEE OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO GRANTEE, EXCEPT SUCH NOTICE (IF ANY) AS IS SPECIFICALLY REQUIRED TO BE PROVIDED IN THIS DEED; (C) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND ANY AND ALL ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR, AND GRANTOR HAS CONSULTED WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED: AND (D) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY, AND WILLINGLY BY THE GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION:

Initialed by Grantor: _KAP JHD_

### ARTICLE III

3.01 <u>Successors and Assigns</u>. This Deed shall inure to the benefit of and be binding upon Grantor and Grantee and their respective heirs, executors, legal representatives, successors, and assigns. Whenever a reference is made in this Deed to Grantor or Grantee, such reference shall be deemed to include a reference to the heirs, executors, legal representatives, successors, and assigns of Grantor or Grantee.

3.02 <u>Terminology</u>. All personal pronouns used in this Deed whether used in the masculine, feminine, or neuter gender, shall include all other genders; the singular shall

DEED TO SECURE DEBT AND SECURITY AGREEMENT                         06720/40153
                                                                   LP I.D. No. 8

Exhibit C

include the plural, and vice versa. Titles and Articles are for convenience only and neither limit nor amplify the provisions of this Deed itself, and all references herein to Articles, Paragraphs, or Subparagraphs thereof, shall refer to the corresponding Articles, Paragraphs, or Subparagraphs thereof of this Deed, unless specific reference is made to such Articles, Paragraphs, or Subparagraphs thereof of another document or instrument.

3.03 Severability. If any provision of this Deed or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of this Deed and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

3.04 Applicable Law. This Deed shall be interpreted, construed, and enforced according to the laws of the state wherein the Premises is situated.

3.05 Notices, Demands and Requests. All notices, demands, or requests provided for or permitted to be given pursuant to this Deed shall be deemed to be an adequate and sufficient notice if given in writing and service is made by registered or certified mail or nationally recognized overnight air courier, next day delivery addressed to the addresses set forth on the first page hereof. All notices, demands, and requests shall be effective upon being deposited in the United States Mail or sent by nationally recognized overnight air courier. However, the time period in which a response to any notice, demand, or request must be given, if any, shall commence to and run three (3) business days following deposit in the United States mail or one (1) business day following delivery to a nationally recognized overnight air carrier. Rejection or other refusal to accept or the inability to deliver because of changed address of which no notice was given shall be deemed to be receipt of the notice, demand, or request sent. By giving at least thirty (30) days written notice hereof, Grantor or Grantee shall have the right from time to time and at any time during the term of this Deed to change their respective addresses, and each shall have the right to specify as its address any other address within the United States of America.

3.06 Limitation of Liability.

(a) Notwithstanding any provision to the contrary in the Note, this Deed or any other instrument or agreement by which the Note is secured (collectively referred to herein as the "Loan Documents"), and except as otherwise provided in this paragraph, the liability of Grantor under the Loan Documents shall be limited to the interest of Grantor in the Premises and the rents, issues, proceeds and profits thereof. In the event of foreclosure of the liens evidenced by the Loan Documents, no judgment for any deficiency upon the indebtedness evidenced by the Loan Documents shall be sought or obtained by Grantee against Grantor. Nothing contained in this paragraph shall:

(i) prevent the failure of Grantor to make any payment or to perform any obligation under any of the Loan Documents within the time periods provided therein from being an Event of Default thereunder;

(ii)  be construed as limiting the obligations of Grantor to any tenant under any lease of the Premises;

(iii) in any way limit or impair the lien or enforcement of the Loan Documents pursuant to the terms thereof; or

(iv) limit the obligations of any indemnitor or guarantor, if any, of Grantor's obligations under the Loan Documents.

(b)  Notwithstanding subparagraph (a) above, Grantor shall be personally liable to Grantee for:

(i)  Grantor's failure to comply with paragraphs 1.02 (taxes) and 1.03 (insurance) of this Deed;

(ii) any event or circumstance for which Grantor indemnifies Grantee under paragraph 1.06(g) (environmental indemnity);

(iii) Grantor's failure to pay utilities on or before the date such payments are due;

(iv) operation and maintenance of the Premises;

(v)  any sums expended by Grantee in fulfilling the obligations of Grantor as lessor under any lease of the Premises prior to a sale of the Premises pursuant to foreclosure or power of sale, a bona fide sale (permitted by the terms of this Deed or consented to in writing by Grantee) to an unrelated third party or upon conveyance to Grantee of the Premises by a deed acceptable to Grantee in form and content (each of which shall be referred to as a "Sale" for purposes of this paragraph) or expended by Grantee after a Sale of the Premises for obligations of Grantor which arose prior to a Sale of the Premises;

(vi) any rents or other income regardless of type or source of payment (including, but not limited to, CAM charges, lease termination payments, refunds of any type, prepayment of rents, settlements of litigation, or settlements of past due rents) from the Premises, which Grantor has received or has a right to receive after an Event of Default under the Loan Documents or an event which, with the passage of time, the giving of notice, or both, would constitute an Event of Default, either or both of which has occurred and is continuing, and which are not applied to (A) expenses of operation and maintenance of the Premises and the taxes, assessments, charges and insurance of the Premises, taking into account sufficient reserves for the same and for replacements and recurring items, and (B) payment of principal, interest and other charges when due under the Loan Documents; provided that any payments to parties related to Grantor shall be considered expenses of operation only if they are at market rates or fees consistent with market rates or fees for the same or similar services;

BOK 27 / PAGE 027

-23-

(vii) any security deposits of tenants not turned over to Grantee upon conveyance of the Premises to Grantee pursuant to foreclosure or power of sale or by a deed acceptable to Grantee in form and content;

(viii) misapplication or misappropriation of tax reserve accounts, tenant improvement reserve accounts, security deposits, prepaid rents or other similar sums paid to or held by Grantor or any other entity or person in connection with the operation of the Premises;

(ix) any waste committed or allowed by Grantor with respect to the Premises; and

(ix) any insurance or condemnation proceeds or other similar funds or payments applied by Grantor in a manner other than as expressly provided in the Loan Documents.

(c) Notwithstanding anything to the contrary in the Loan Documents, the limitation on liability contained in subparagraph (a) above SHALL BECOME NULL AND VOID and shall be of no further force and effect in the event:

(i) of any breach or violation of paragraph 1.17 (due on sale or encumbrance) of this Deed; or

(ii) of any fraud or willful misrepresentation by Grantor regarding the Premises, the making or delivery of any of the Loan Documents or in any materials or information provided by Grantor in connection with the loan.

3.07 Superior Winn-Dixie Lease. It is intended by Grantor and Grantee that the Winn-Dixie Lease be superior in priority to the priority of this Deed and that any foreclosure under this Deed shall not terminate, extinguish or impair the Winn-Dixie Lease, the tenant's rights or obligations thereunder, or the obligations or liabilities of any guarantor with respect to the Winn-Dixie Lease. Notwithstanding anything in this Deed to the contrary, so long as (i) the Winn-Dixie Lease and any guaranties of the Winn-Dixie Lease remain in full force and effect, and no default has occurred under either, and (ii) no default or Event of Default has occurred under this Deed or any other instrument or agreement evidencing or securing the indebtedness secured by this Deed, any inability of Grantor to comply with the provisions of Section 1.03 or Section 1.05 of this Deed due solely to any inconsistency of any such provisions with the provisions of the Winn-Dixie Lease shall not create an Event of Default under this Deed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

-24-

'OK 27 V PAGE 028

IN WITNESS WHEREOF, Grantor has hereunto set its hand and seal as of the day, month, and year first above written.

        PEREGRINE PROPERTIES LIMITED
        PARTNERSHIP, an Iowa limited partnership
        authorized to transact business in Georgia
        as Peregrine Ownership and Leasing Limited
        Partnership

        By:  Equity FC, Ltd., an Iowa corporation,
              its general partner

              By: _____
              Name:  Karen A. Pearston
              Title:  Counsel

Signed, sealed, and delivered
in the presence of:

              By: _____
              Name:  LEANNE M. SWENSON
              Title:  Counsel

_____
Unofficial Witness

              [CORPORATE SEAL]

_____
Notary Public

My Commission Expires:   KATHLEEN K. KOLKA
                       MY COMMISSION EXPIRES
                       July 8, 1996

[NOTARIAL SEAL]

DEED TO SECURE DEBT AND SECURITY AGREEMENT         06720/40153
                                                                                                                                                                                     LP I.D. No. 8

Exhibit C

BOOK 27 V PAGE 029
06720/40153
L.P. I.D. No. 8

## EXHIBIT "A"

### LEGAL DESCRIPTION

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 204 of the 8th Land District of Ware County, Georgia containing 7.1323 acres and more particularly described as follows:

BEGINNING at a concrete marker on the East Right-of-way line of Palmetto Street, which point is 210.00 feet Southerly from the Southernmost right-of-way of Memorial Drive and is the point or place of beginning; thence proceeding South 32°31'39" West along the East right-of-way line of Palmetto Street a distance of 113.60 feet to a nail and cap set in the asphalt; thence proceeding South 05°37'00" West along said right-of-way a distance of 395.94 feet to a concrete marker; thence proceeding South 84°23'00" East long the Northern right-of-way of Marion Street a distance of 594.47 feet to a concrete marker; thence North 09°30'53" East a distance of 495.19 feet to an "X" cut in concrete on the right-of-way of Memorial Drive; thence along said right-of-way North 64°08'20" West a distance of 82.40 feet to an iron pin marker; thence South 25°51'40" West a distance of 8.00 feet to an "X" cut in the concrete; thence North 64°08'20" West a distance of 10.00 feet to an "X" cut in concrete; thence North 25°51'40" East a distance of 8.00 feet to an iron pin; thence proceeding North 64°08'20" West a distance of 225.42 feet to an iron pin; thence proceeding South 32°37'38" West a distance of 210.00 feet to a concrete marker; thence proceeding North 60°42"19' West a distance of 200.00 feet to a concrete marker, THE POINT OR PLACE OF BEGINNING.

Exhibit C

~0K 27 V PAGE 030

06720/40153
LP I.D. No. 8

## EXHIBIT "B"

The title matters listed as exceptions in the Mortgagee Policy of Title Insurance issued by First American Title Insurance Company and delivered to Grantee in connection with this transaction.

Exhibit B - Page 1

Exhibit C

BOOK 27V PAGE 031

06720/40153
LP I.D. No. 8

## EXHIBIT "C"

### Schedule 1

(Description of "Debtor" and "Secured Party")

A.  Debtor:

1.  Name and Identity: Peregrine Properties Limited Partnership, an Iowa limited partnership authorized to transact business in Georgia as Peregrine Ownership and Leasing Limited Partnership.

2.  The residence of Debtor in the State of Georgia is located at CT Corporation Systems, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

3.  If Debtor has more than one place of business in the State of Georgia, Debtor's chief executive office in the State of Georgia is located at: CT Corporation Systems, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

4.  Debtor has been using or operating under said name and identity without change since commencing business in the State of Georgia.

B.  Secured Party: Principal Mutual Life Insurance Company, an Iowa corporation.

---

### Schedule 2

(Notice of Mailing Address of "Debtor" and "Secured Party")

The mailing address of Debtor is 711 High Street, Des Moines, Iowa 50392-1450, Attention: Commercial Real Estate Loan Administration, Reference No. 750407.

The mailing address of Secured Party is Principal Mutual Life Insurance Company, 711 High Street, Des Moines, Iowa 50392-1450, Attention: Commercial Real Estate Loan Administration, Loan No. 750407.

Exhibit C - Page 1

J:\RE\06720\40153\lp8\DTSDSA3.189      Exhibit C