Hearing Date: September 1, 2005, 1:00 p.m.
Objection Deadline: August 25, 2005, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,                Case No. 3:05-bk-03817-JAF
                                                Chapter 11 (Jointly Administered)
            Debtor.
_____/

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER
AUTHORIZING (I) RETROACTIVE REJECTION OF REAL PROPERTY
LEASES AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY**

Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation (collectively, "La Gatta") and as parties-in-interest in the above-captioned jointly-administered cases of Winn-Dixie Stores, Inc., et al. (collectively, "Debtor"), hereby file this limited objection to the Debtors' Motion for Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property (the "Motion"). In support of the limited objection, La Gatta says:

1. Debtor filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Code") on or about February 21, 2005 (the "Petition Date").

2. Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Louisville Lease"), by and between Winn-Dixie Louisville, Inc. aka Winn-Dixie Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("WD Raleigh") and La Gatta for that certain realty Debtor and WD Raleigh refer

-2-

to as Store # 1676 at 1148 South 4th Street (4th & Oak), Louisville, Kentucky (the "Louisville Premises"), La Gatta leased the Louisville Premises to WD Raleigh. Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, WD Raleigh assigned its interest in the Louisville Lease (the "Louisville Assignment") to Buehler of Kentucky LLC ("Buehler").

3.    Pursuant to ¶¶ 6 and 19 of the Louisville Lease, Debtor retained liability as a principal under the Louisville Lease for all obligations thereunder, notwithstanding the Louisville Assignment. Moreover, pursuant to the Louisville Assignment, Debtor expressly remained responsible for all of its liabilities and obligations under the Louisville Lease.

4.    Buehler filed its own petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division, on May 4, 2005, which case remains pending as Case No. 05-70961-BHL-11 (Jointly Administered) (the "Buehler Bankruptcy").

5.    La Gatta does not contest Debtor's ability to reject the Louisville Lease. However, La Gatta objects to Debtor's request, in its Motion, that the rejection be deemed effective as of the *earlier* of (a) the date upon which Debtor provided notice of the termination to La Gatta and tendered possession of the Louisville Premises to La Gatta, *or* (b) the date of the entry of an order approving the Louisville Lease's rejection. Inasmuch as Debtor apparently has not sent notice of its intention to reject the Louisville Lease to La Gatta, La Gatta is unclear as to what "earlier" termination date Debtor is seeking. Regardless of whatever such "earlier" date may be, however, and for the reasons set forth below, Debtor's request for retroactive relief is not consistent with the dictates of the Code or with prior decisions of this Court, and should be denied as to the Louisville Lease.

6. Section 365(d)(3) of the Code provides that:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(10) of this title.

11 U.S.C. §365(d)(3).

7. This Court previously has interpreted §365(d)(3) to require that a lessor of nonresidential real property have an administrative claim for rent due during the period between the petition date and the rejection of the lease. *In re Kirsch*, 242 B.R. 77, 79 (Bankr. M.D. Fla. 1999). *Accord*, *In re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897, 901 (Bankr. M.D. Fla. 1997).

8. In both *Kirsch* and *Florida Lifestyle*, this Court determined that the clear and unambiguous language of §365(d)(3) dictated a result which Congress intended: "Congress drafted Section 365(d)(3) to protect commercial landlords, not Debtor. This Court is not in a position to rewrite Section 365(d)(3) or invoke Section 105(a) in an effort to obtain a more equitable result when Section 365(d)(3) clearly mandates this decision." *Florida Lifestyle*, 221 B.R. at 901.

9. The Court's rulings in this regard mirror decisions elsewhere. *See In re Paul Harris Stores, Inc.*, 148 B.R. 307, 314 (S.D. Ind. 1992) (§365(d)(3) requires that a lessor of nonresidential real property be accorded an administrative claim for rent due during the period between the petition date and the rejection of the lease).

10. Here, Debtor seeks an order which rejects the Louisville Lease *retroactively* to an indeterminate "earlier" date than the date upon which this Court ultimately may enter an order granting Debtor's request to reject the Louisville Lease. While courts generally give great latitude to a debtor's business judgments under §365, a debtor is not the ultimate arbiter of

whether (or when) any lease will be rejected. Unless a debtor is waiting for the automatic rejection of an unexpired lease under §365(d)(4), the Code clearly requires notice to other parties in interest, a hearing, and court approval. Until a court unequivocally approves the rejection of a lease, both the debtor and the landlord are bound to perform.

11. If Debtor unilaterally can reject the Louisville Lease *retroactively* to an indeterminate date "earlier" than the date upon which this Court ultimately may enter an order granting Debtor's request to reject the Louisville Lease, then this Court's approval of the rejection of the Louisville Lease is nothing more than a ministerial act. The Code says otherwise:

> The court order authorizing rejection of a lease would be meaningless if the effective date of rejection was the date the debtor gave unequivocal notice to reject the lease…In addition, the requirement of a court order or the passage of time insures the finality which a landlord would need prior to releasing the leased space…If the debtor is aggrieved by the delay resulting in obtaining a court order approving the rejection of a lease, the debtor should seek an expedited hearing to consider the lease rejection.

*Florida Lifestyle*, 221 B.R. at 900, *citations omitted. Accord*, *In re Worths Stores Corp.*, 130 B.R. 531, 533-34 (Bankr. E.D. Mo. 1991) and *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr. D.C. 1990).

12. There are decisions which have approved the retroactive rejection of leases to a date preceding the date of the court order; however, those courts have required that a debtor provide evidence of compelling circumstances in order to obtain this form of extraordinary relief. *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) ("in most cases a lease will be considered rejected as of the date of entry of the order approving the rejection, and only in exceptional circumstances such as those presented here will the court adopt a retroactive date.")

-5-

13. Here, however, Debtor has shown no compelling circumstances for the retroactive rejection of the Louisville Lease. Debtor has not requested expedited relief from this Court in order to minimize the estates' exposure to La Gatta's administrative claim. La Gatta has not engaged in any inequitable conduct that seeks to delay the entry of an order rejecting the Louisville Lease. Debtor's only justification for this extraordinary relief is the implication that retroactive rejection will save the estates money. If that were the standard, then every rejection motion would include a request for retroactive application, and court approval would be essentially meaningless.

14. In addition and as noted above, by virtue of the Louisville Assignment and the Buehler Bankruptcy, Debtor has known since at least May 4, 2005, that it may be called upon to honor its obligations under the Louisville Lease; yet despite this, Debtor waited nearly four (4) months into this bankruptcy case to request authority to reject the Louisville Lease. Debtor is responsible for the delay in seeking rejection of the Louisville Lease, not La Gatta, and La Gatta should not suffer the consequences of this delay.

15. As Debtor has shown no extraordinary circumstances that merit extraordinary relief, Debtor's request for retroactive rejection of the Louisville Lease should be denied.

-6-

WHEREFORE, La Gatta respectfully requests that the Court (1) determine that the rejection of the Louisville Lease should be effective, if at all, upon the date of the entry of an order authorizing such rejection, and (2) grant La Gatta all other relief just and proper.

Dated: August 23, 2005                Respectfully submitted,

                                                /s/ C. Daniel Motsinger
C. Daniel Motsinger
Florida Bar No. 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on August 23, 2005, as indicated below:

                                                  /s/ C. Daniel Motsinger
                                                  C. Daniel Motsinger

| | |
|---|---|
| Adam Ravin<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Dennis F. Dunne<br>Milbank Tweed & Hadley<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| Elana L. Escamilla<br>Office of United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL 32806 | John B. McDonald<br>Akerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 |
| Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 | |

KD_IM-636748_1.DOC