UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                         CASE NO.: 05-03817-JAF

WINN-DIXIE STORES, INC., et al.,                Chapter 11
    Debtors.
_____/

RESPONSE BY LEC PROPERTIES, INC., and PC PROPERTIES, LLC, OBJECTING TO AMENDED MOTION OF THE DEBTORS (I) TO SELL LEASEHOLD INTEREST IN TARGETED STORES FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (II) TO ASSUME AND ASSIGN LEASES (III) TO REJECT TARGETED LEASES THE DEBTORS ARE UNABLE TO SELL, AND (IV) GRANTING RELATED RELIEF

    LEC PROPERTIES, INC., and PC PROPERTIES, LLC, ("LEC and PC") by and through counsel, files this response to the Debtors' Motion for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) to Assume and Assign Leases; (III) to Reject Targeted Leases that Debtors are Unable to Sell, and (IV) Granting Related Relief, as follows:

    1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

    2.    LEC and PC are the landlord and Winn-Dixie Stores (as successor of Delchamp's Inc.), is the tenant, pursuant to a lease dated April 26, 1994, for the premises located at 420 W. Beach Road in Pass Christian, Mississippi ("Store #1358"). The initial term of the Lease is for a period of 20 years, and provides for an extension term of four successive five year periods.

3. Pursuant to the Lease, Winn-Dixie Stores, Inc. is required to pay LEC and PC basic rent, additional rent, common area maintenance expenses ("CAM"), real estate taxes and shopping center insurance. Winn-Dixie Stores, Inc. guaranteed these payments by guaranty dated January 11, 2001. In addition attorneys' fees, interest, and costs are due under the Lease.

4. As of the Petition Date, LEC and PC is owed $24,398.81 in CAM charges and $47,611.89 for 2004 real estate taxes for a total of $72,010.70 (the "Cure Amount"). This does not include 2005 real estate taxes, attorneys' fees, interest, and cost, which are owed.

5. On or about August 1, 2005, the Debtors filed the Debtors' Motion for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) to Assume and Assign Leases; (III) to Reject Targeted Leases that Debtors are Unable to Sell, and (IV) Granting Related Relief, ("Sale Motion"), requesting authority to sell certain Targeted Stores for the highest and best offer, and assume and assign the relevant lease to the purchaser.

6. LEC and PC previously objected to virtually identical Motion filed by Debtor (Docket No.: 1961). LEC and PC's objection is Docket #2187 pleading.

7. Store #1358 is one of the Targeted Stores.

8. The Debtors previously asserted that the cure amount owed to LEC and PC for the lease of Store #1358 is $62,782.34 in Docket #1961 pleading. The Cure Amount owed to LEC and PC is $72,010.70, representing $47,611.89 for 2004 real estate taxes, and $24,398.81 for 2004 CAM charges, plus additional sums.

9. Debtor has defaulted under the Lease.

10. 11 U.S.C. § 365(b)(1) requires that if there has been a default in a unexpired lease, it may not be assumed unless the debtor:

(A) cures or provides adequate assurance of prompt cure;

(B) compensates or provides adequate assurance of prompt compensation for actual pecuniary loss; and

(C) provides adequate assurance of future performance of the lease.

11. Debtor's lease is in default and the requirements of 11 U.S.C. § 365(b)(1) have not been complied with. No adequate assurance as required under 11 U.S.C. §365 (b) (3) has been provided to LEC and PC.

12. 11 U.S.C. § 365(c) provides that assumption or assignment of an unexpired lease may not occur if lessor does not consent to such assumption. Here LEC and PC do not consent to such assumption and assignment.

13. 11 U.S.C § 365(d)(3) requires that until a lease is assumed or rejected, the lease obligations of Debtor should be timely performed. Here, Debtor has failed to timely perform.

14. The Lease contains provisions for the recovery of attorneys' fees, costs, and interest in the event the Landlord is required to take legal action to protect its interest. The Debtors are obligated to cure all defaults under the Lease, and compensate the Landlord for its actual pecuniary losses as a result of defaults under the Lease.

15. Interest on pre-petition lease charges continues to run from the filing of the Debtors' petition and must be paid as a condition to assumption of the Lease.

16. Attorneys' fees and costs are also proper components of a cure claim. Attorneys' fees and costs included in enforcement of the covenants, obligations, and condition of a lease must be paid as a condition of assumption of the lease.

17. At this time, Landlord cannot accurately determine the total attorneys' fees that will be involved with each lease because these amounts will continue to accrue at least through

the Plain confirmation hearing. Landlord will provide Debtors the most accurate information on attorneys' fees as soon as it is available.

WHEREFORE, LEC Properties, Inc., and PC Properties, L.L.C., respectfully requests that this Court to deny the relief sought by Debtor, and for such other and further relief as the Court deems just and proper.

*Sally Fox*
SALLY BUSSELL FOX, ESQUIRE
Florida Bar #379360
Emmanuel, Sheppard & Condon, P.A.
30 South Spring Street
Pensacola, FL  32502
(850) 433-6581
Attorney for LEC and PC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by either electronic mail or first class, U.S. Mail on this 24th day of August, 2005 to all parties listed below:

Adam Ravin
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL 32201

Elana L. Escamilla
135 W. Central Blvd., Ste. 620
Orlando, FL 32806

Dennis F. Dunne
Milbank, Tweed, Hadley
1 Chase Manhattan Plaza
New York, NY 10005

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Ste 2500
Jacksonville, FL 32202

_____
SALLY BUSSELL FOX, ESQUIRE
Florida Bar #379360
Emmanuel, Sheppard & Condon, P.A.
30 South Spring Street
Pensacola, FL 32502
(850) 433-6581
Attorney for LEC and PC