Hearing Date: September 1, 2005, 1:00 p.m.
Objection Deadline: August 25, 2005, 4:00 p.m.

F I L E D
JACKSONVILLE, FLORIDA

AUG 2 5 2005

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

------------------------------------------------------------x
                    :

In re                    :     **Case No. 05-03817-3F1**

                    :

**WINN-DIXIE STORES, INC., et al.,**    :     **Chapter 11**

                    :

        **Debtors.**         :     **Jointly Administered**

                    :

------------------------------------------------------------x

## LIMITED OBJECTION OF DEUTSCHE BANK TRUST COMPANY AMERICAS (FORMERLY KNOWN AS BANKERS TRUST COMPANY) ("DEUTSCHE") TO DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(d)(4) FURTHER EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Deutsche, as Pass Through Trustee and Indenture Trustee, as more fully described below, files this limited objection to Debtors'[1] motion for entry of an order under 11 U.S.C. § 365(d)(4) further extending the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property (the "Motion").

### Background Concerning Pass-Through Certificate Transaction

1.      Deutsche Bank Trust Company Americas (formerly known as Bankers Trust

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc, Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

N248821.1

Company, hereinafter, "Pass-Through Trustee"), is (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as of February 1, 2001, among Bankers Trust Company, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Bankers Trust Company, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under each Indenture (as that term is defined in the Pass-Through Trust Agreement).

2.    In the transaction contemplated by the Pass-Through Trust Agreement, certain of the Debtors in this proceeding sponsored the issuance of over $402 million in securities denominated "Winn-Dixie Pass-Through Certificates, Series 1999-1" (the "Certificates") of which $378.8 million remains outstanding. The Certificates represent undivided interests in a pool of notes which are secured, *inter alia*, by (a) mortgages on fifteen manufacturing, warehouse and office properties each owned by a special purpose entity and leased, under fifteen separate leases (the "Leases"), to Winn-Dixie Stores, Inc. or a wholly-owned subsidiary thereof and fully guaranteed by the parent corporation, and (b) assignments of such leases. The Offering Memorandum for the Certificates, dated August 16, 1999, states that the leased facilities then had an aggregate appraised value of over $421 million.

3.    To date, the Debtors have rejected three of the Leases but have not communicated substantively with the Pass-Through Trustee concerning their intentions as to the twelve un-rejected Leases.

N248821.1

## Background of Debtors

4.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended ("Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

5.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

6.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors represented that they were the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.

7.      Post petition, the Debtors, in their business judgment, determined that all stores and distribution and manufacturing facilities in the areas they deemed noncore should be sold or closed. Accordingly, as of the date of the Motion the Debtors have rejected approximately 180 unexpired leases, including approximately 150 effective as of the Petition Date. The Debtors and their advisors have also identified 326 additional stores which they expect to be sold or closed leaving more than 500 stores and distribution and manufacturing facilities in a state of judicial

limbo pending a final decision by the Debtors as to their status which Debtors have stated in the Motion to be no later than September 30, 2005.

8.     On March 17, 2005, the Debtors filed their Motion for Order Under 11 U.S.C. § 365(d)(4) Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property pursuant to which they sought to extend the 60-day initial period during which the Debtors must assume or reject unexpired nonresidential real property leases and extended the deadline by which the Debtors must assume or reject such unexpired leases. The Court granted such motion and extended the assumption/rejection deadline though September 19, 2005. By the instant Motion the Debtors request a further extension of such deadline to December 19, 2005, some 300 days after the Petition Date.

### Pass Through Trustee's Position on the Motion

9.     The Pass-Through Trustee does not object to the present Motion but wishes to inform the Court and the Debtors that it believes that any additional extension of the time to assume or reject the Leases beyond December 19th will materially harm the interests of the holders of the Certificates, as the beneficiaries of the Leases. Accordingly, the Pass-Through Trustee currently intends to object to any further extension of the time to assume or reject the Leases beyond December 19, 2005.

10.     As we have stated that while we reluctantly consent to the present request for an extension we are troubled by the Debtors' reservation of rights to seek further extensions. Such further delay in finalizing the status of the unrejected Leases greatly prejudices the beneficial holders of the Leases.

N248821.1

- 5 -

11.    It should be understood that the majority of the leaseholds securing the

Certificates are large warehouse and distribution centers and manufacturing facilities that must

be carefully and painstakingly marketed to a limited universe of possible lessees or buyers in

order to maximize value to the interest holders and minimize damage claims against the

Debtors' estates.  In addition, many such properties are in locations where obvious substitute

tenants require time and professional help to locate.  Obviously no such marketing can take

place until the Debtors indicate their intentions with regard to the underlying properties.  Until

the Debtors decide, or are compelled to decide, the landlord is effectively handcuffed.

12.    The fee applications already submitted to this Court indicate that the Debtors'

advisors, charged with advising on strategic decisions, have already been paid millions of

dollars.  Surely these highly compensated professionals should be able to decide on what

facilities to keep by the end of 9 months after the filing.

13.    We note that it is not uncommon in cases of this sort for Debtors to seek to

delay making decisions as to its leasehold interests for extended indefinite periods holding out

the prospect to the court that such delays are necessary.  Congress was mindful of this abuse of

the system in enacting amended 11 U.S.C. § 365(d)(4) setting a bright line limit of 210 days

after filing for Debtors to stop vacillating and come to a final decision.  In enacting this

provision, the legislative history makes clear that Congress was attempting to balance the

needs of the Debtor against the hardships that landlords are forced to endure.  While this

provision is not binding on this Court, we respectfully submit that its intent and purpose

should be persuasive evidence of the limits of Debtors' discretion and it is an appropriate

benchmark to guide this Court in this case.

14.    Thus, while we do not object to the new December 19, 2005 deadline, we do intend to object to any further extension and request that this Court require the Debtors and their advisors to come to final decisions as to the Leases by that time.

Dated:  New York, New York
        August 25, 2005

                                NIXON PEABODY, LLP
                                *Attorneys for Deutsche Bank*

                        By: */s/ Richard J. Bernard*
                            Dennis J. Drebsky
                            Richard J. Bernard
                            437 Madison Avenue
                            New York, New York  10022
                            Telephone: (212) 940-3000
                            Facsimile: (212) 940-3111

F I L E D
JACKSONVILLE, FLORIDA

AUG 2 5 2005

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| | ) | |
| **WINN-DIXIE STORES, INC., et al.,** | ) | **Case No 05-03817-3F1** |
| | ) | |
| Debtors. | ) | **Jointly Administered** |

## CERTIFICATE OF SERVICE

I, Dennis J. Drebsky, affirm that a true and correct copy of the Limited Objection of Deutsche Bank was served upon Debtors' counsel, and counsel for the Official Committee of Unsecured Creditors by Fax and First Class Mail on 24 August 2005.

Date: August 24, 2005

Dennis J. Drebsky
Nixon Peabody, LLP
437 Madison Avenue
New York, NY 10022
(212) 940-3091

N248990.1