UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.: 3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

          Debtors.      Jointly Administered

---

LIMITED OBJECTION TO DEBTORS' MOTION FOR
ORDER AUTHORIZING (I) RETROACTIVE REJECTION OF
REAL PROPERTY LEASES AND (II) ABANDONMENT OF
RELATED PERSONAL PROPERTY

Woodbury (E&A), LLC ("Woodbury"), by and through its undersigned counsel, objects to the Debtors' Motion for Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property ("Motion") and states as follows:

1. Woodbury is the landlord under the lease for Winn-Dixie Store No. 1233 (the "Lease").

2. Woodbury objects to the Debtors' request in the Motion, that the rejection be deemed effective as of the earlier of (a) the date upon which Debtors provide notice of the termination to Woodbury and tender possession of the premises to Woodbury, and (b) the date of the entry of an order approving the rejection of the Lease.

3. A lease is not rejected, and its rejection is not effective, until an order approving the rejection of the

lease is entered. In re Florida Lifestyle Apparel, Inc., 221 B.R. 897 (Bankr. M.D. Fla. 1997).

4. Before the Debtors can reject the Lease, the Bankruptcy Code clearly requires notice to parties in interest, a hearing, and court approval. Thus, the earliest possible time the rejection of the Lease can be effective is the date the order approving the rejection is entered, since that is the earliest time in which the requirements for rejecting the Lease under the Bankruptcy Code would be satisfied.

5. Moreover, if Debtors can unilaterally reject the Lease as of such earlier date, then this Court's approval of the rejection of the Lease is merely a ministerial act and basically meaningless. Id. at 900; In re Worths Store Corp., 130 B.R. 531, 534 (Bankr. E.D. Mo. 1991).

6. Retroactive rejection of leases is a form of extraordinary relief that should only be granted if the debtor can provide evidence of exceptional circumstances that warrant such relief. In re O'Neil Theatres, Inc., 257 B.R. 806, 808 (Bankr. E.D. La. 2000). Debtors have shown no exceptional circumstances that merit such extraordinary relief.

7. Until this Court approves the rejection of the Lease, under §365(d)(3) of the Bankruptcy Code, the Debtors

are bound to perform all the obligations under the terms of the Lease.

8. As a result, Debtors must pay rent to Woodbury for the entire month in which the rejection of the Lease is approved by this Court. <u>Trizechahn 1065 Avenue of the Americas, LLC v. Thomaston Mills, Inc.</u> (<u>In re Thomaston Mills, Inc.</u>), No. 02-11045 (11th Cir. 2002) attached hereto as Exhibit "A".

9. Said Landlord reserves the right to amend, supplement or modify this Objection as deemed necessary.

WHEREFORE, Woodbury respectfully requests that the Court (1) determine that the rejection of the Lease should be effective upon the date of the entry of an order approving such rejection, (2) require the Debtors to pay Woodbury rent for the entire month in which the rejection of the Lease is approved by the Court, and (3) grant Woodbury all other relief just and proper.

DATED this 25 day of August, 2005.

HELD & ISRAEL

By: /s/ *signature*
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

KITCHENS, KELLEY, GAYNES, P.C.

Mark A. Kelley, Esquire
11 Piedmont Center, Suite 900
Atlanta, Georgia  30305
(404) 467-7718 Telephone
(843) 364-0126 Facsimile