UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**ORDER (I) AUTHORIZING THE DEBTORS (A) TO RETAIN
LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENTS,
AND (B) TO SELL EQUIPMENT
LOCATED AT THE FITZGERALD AND ASTOR FACILITIES FREE
AND CLEAR OF LIENS AND EXEMPT FROM STAMP
OR SIMILAR TAXES AND (II) GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for an Order (I) Authorizing the Debtors (A) to Retain Liquidation Agent and Approving Agency Agreements, Subject to Higher and Better Offers, and (B) to Sell Furniture, Fixtures and Equipment Free and Clear of Liens, Claims and Interests and Exempt from Stamp or Similar Taxes, and (II) Granting Related Relief (the "Motion")[2]. The Court has reviewed the Motion, considered the evidence and heard argument of counsel. After due deliberation, the Court finds that (i) the Court has jurisdiction over this Motion pursuant

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are Debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Agency Agreements or, if not defined in the Agency Agreements, as defined in the Motion.

to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Motion and the hearing on the Motion was adequate under the circumstances, (iv) the sales of the Equipment are based upon the sound business judgment of the Debtors and the Debtors' means of carrying out the sales as set forth in the Motion are reasonable, necessary and in the best interests of the Debtors' estates, (v) the Debtors and a joint venture composed of The Gordon Company, Inc., NREL, Inc., Bradford Industrial Group, LLC, Vision Equipment and Auction Company, Inc. and Rabin Worldwide, Inc. (collectively, the "Gordon Group") entered into the Agency Agreements dated as of August 24, 2005, attached to the Motion as Exhibit A and Exhibit B, respectively, and incorporated by reference (the "Agency Agreements") in good faith within the meaning of section 363(m) of the Bankruptcy Code 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and the Debtors' sales of the Equipment under the Agency Agreements will be good faith sales within the meaning of section 363(m) of the Bankruptcy Code, (vi) the Agency Agreements have been negotiated in good faith and at arm's-length between the Debtors and the Gordon Group, and (vii) just cause exists for the relief granted.  Accordingly, it is

    ORDERED AND ADJUDGED THAT:

    1.    The Motion is granted on the terms and conditions provided by this Order.

    2.    In accordance with sections 363(b) and 105(a) of the Bankruptcy Code, the Debtors are authorized and empowered to sell the Equipment through the Gordon Group on the terms and conditions set forth in each of the Agency Agreements and in accordance with the terms of this Order.

00506104.2

3. The Debtors are authorized and empowered to enter into each of the Agency Agreements and to employ and retain the Gordon Group as their liquidation agent in accordance with the terms and conditions of each of the Agency Agreements, including, without limitation, the payment by Winn-Dixie Stores, Inc. ("Winn-Dixie") to the Gordon Group of the Residual Proceeds free and clear of all liens, claims encumbrances and interests, and without the need for further Court approval or fee application or similar procedure. The terms of the Agency Agreements are approved and this Order and the Agency Agreements are binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtor.

4. To the extent that any Remaining Equipment is sold by the Gordon Group subsequent to the date of the Final Reconciliation, the Gordon Group shall, within five (5) days after such sale, pay the Additional Return related to such sale to Winn-Dixie. This Court retains jurisdiction to resolve any disputes arising from or related to the payment of such amounts.

5. Pursuant to section 363(f) of the Bankruptcy Code, all Equipment to be sold by the Debtors and/or the Gordon Group under each of the Agency Agreements are sold free and clear of any and all liens, claims, encumbrances and interests, with any liens, claims and interests to attach to that portion of the Proceeds which are the Guaranteed Amount, the Additional Return and any other amounts payable to the Debtors pursuant to the Agency Agreements in the order of priority provided by the Final Financing Order and the Loan Documents. Each member of the Gordon Group is entitled

to the protection of section 363(m) of the Bankruptcy Code in connection with the sale of the Equipment.

6. The Debtors shall cause that portion of the amounts which are the Guaranteed Amount, the Additional Return and any other amounts payable to the Debtors pursuant to the Agency Agreements to be paid to the DIP Lender to the extent required in accordance with the terms and conditions of the Final Financing Order and the Loan Documents.

7. Subject to the restrictions set forth in this Order, the Debtors and each member of the Gordon Group are authorized to take any and all actions as may be necessary to implement each of the Agency Agreements in accordance with and subject to the terms of this Order and each of the transactions contemplated by each of the Agency Agreements, and any actions taken by the Debtors and the Gordon Group necessary to implement each of the Agency Agreements prior to the date of this Order are approved and ratified in accordance with this Order.

8. The Debtors and their officers, employees, and agents (subject to the Debtors' internal policies and procedures) are authorized to execute such documents as necessary to carry out the sales of the Equipment and related actions including, without limitation, each of the Agency Agreements.

9. All parties and persons of every nature and description, including but not limited to landlords, utility companies, governmental agencies, sheriffs, marshals or other public officers, creditors, newspapers, other advertising mediums, and all those acting for or on their behalf, are jointly and severally restrained and enjoined from (a) charging advertising rates in excess of the rates charged pursuant to the Debtors' prepetition

advertising agreements or, if no such agreements exist, charging advertising rates in excess of rates regularly charged to non-bankrupt customers in the ordinary course, (b) in any way interfering with or otherwise impeding the sale of the Equipment conducted in accordance with each of the Agency Agreements and this Order, or the Gordon Group's right to use the Facilities, and all services, furniture, fixtures, equipment and other assets of the Debtors which the Gordon Group is granted the right to use in each of the Agency Agreements, or (c) instituting any action or proceeding in any court (other than this Court) or other administrative body having as its objective the obtaining of an order or judgment that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Equipment sales, the operation of the Facilities, or the performance by the Debtors of their obligations under each of the Agency Agreements; provided, however, that notwithstanding the authority granted to the Debtors and the Gordon Group to conduct the sales of the Equipment in accordance with each of the Agency Agreements and this Order, this Order does not exempt the Debtor or the Gordon Group or their assigns from complying with Safety Laws.

10. The Gordon Group is authorized and empowered to conduct the Equipment sales in accordance with each of the Agency Agreements and this Order and take all actions necessary to implement the terms and conditions set forth in each of the Agency Agreements, including, without limitation, refusing to accept the return of Equipment and advertising the sales as "Liquidation Sales," auction or similar themes in media advertisements and on interior and exterior banners and other signage that the Gordon Group deems appropriate, without complying with federal, state or local laws, rules, statutes, ordinances, licensing requirements, regulations and procedures of any kind

or nature, including, without limitation, laws, rules, statutes, ordinances, licensing or consent requirements, regulations and procedures with respect to licenses and permits, state and local waiting periods or time limits and advertising; provided, however, that the Gordon Group shall comply with Safety Laws.

11. The Debtors, the Gordon Group (and its members) and their officers, employees, and agents are not required (a) to obtain the approval of any federal, state, or local government agency, department or other authority, and landlord or any other third parties to conduct the Equipment sales and to take the related actions authorized by the Order or (b) to execute, obtain or file releases, termination statements, assignments, consents, or other instruments to effect, consummate and implement the provisions of this Order.

12. The Debtors and Gordon Group may modify, amend or supplement any provision of the Agency Agreements without further order of the Court, provided that (i) the Debtors first obtain prior written consent with (a) the DIP Lender and (b) the Creditors' Committee, which consent will not be unreasonably withheld, and (ii) any such modification, amendment, or supplement does not have a material adverse affect on the Debtors' estates.

13. The Gordon Group is granted a limited license and right to use, during the Sale Term, the trade names, logos and customer lists of the Debtors relating to and used in connection with the operation of the Facilities, solely for the purpose of conducting the Equipment sales.

00506104.2

6

14. Except as expressly set forth in each of the Agency Agreements, the Gordon Group is not liable for any claims against the Debtors, and the Gordon Group will have no successor liabilities whatsoever.

15. No bulk sales law or any similar law of any state or other jurisdiction will apply in any way to the transactions authorized by this Order.

16. Pursuant to section 1146(c) Bankruptcy Code, no transfer, stamp or similar tax will apply to the transactions authorized by this Order.

17. To the extent that any of the Equipment is owned by a Debtor other than Winn-Dixie, each such Debtor shall be deemed to be included in the definition of the Company as such term is used in each of the Agency Agreements, solely with respect to Equipment owned by such Debtor.

18. To the extent of any conflict between this Order, the Agency Agreements, the Motion, or any other order entered in these cases, the terms of this Order shall govern.

19. This Court retains exclusive jurisdiction to resolve any dispute arising from or relating to the sales of the Equipment, the Agency Agreements and this Order.

20. Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure, this Order will take effect immediately upon signature.

21. This Order is the "Approval Order" described in each of the Agency Agreements.

Dated this _____ day of September, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00506104.2