# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### ORDER APPROVING DEBTORS' (A) SALE OF FURNITURE, FIXTURES, AND EQUIPMENT FREE AND CLEAR OF LIENS, AND EXEMPT FROM STAMP OR SIMILAR TAXES, AND (B) GRANTING RELATED RELIEF

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an or an Order (I) Authorizing the Debtors (A) to Retain Liquidation Agent and Approving Agency Agreements, Subject to Higher and Better Offers, and (B) to Sell Furniture, Fixtures and Equipment Free and Clear of Liens, Claims and Interests and Exempt from Stamp or Similar Taxes, and (II) Granting Related Relief (the "Motion"). The Court has reviewed the Motion and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested party, the Court makes the following findings of fact:

      A.    This Court has jurisdiction over the Motion[1] and the transactions contemplated by the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).

---

[1] All capitalized terms not otherwise defined in this Order have the same meaning provided to them in the Motion.

**EXHIBIT D**

00505033

B. The Debtors solicited the highest or otherwise best offer for the furniture, fixtures and equipment described in the attached bill of sale (the "Equipment"), in accordance with bidding procedures approved by the Court by order (Docket No. 1825) dated June 21, 2005 (the "Bidding Procedures"). The Debtors conducted an auction for the Equipment on September 20, 2005 (the "Auction"). At the Auction, the Purchaser submitted the final bid of $_____, representing the highest or otherwise best offer received for the Equipment.

C. The Debtors have provided interested parties (including all parties asserting claims or interests in the Equipment, if any) with proper notice of the Motion, the sale hearing, the Auction, in accordance with 11 U.S.C. §§ 102(1), 105(a) and 363, Fed. R. Bankr. P. 2002(a) and 6004(a) and Local Rule 2002-1, the Notice Procedures Order and the Bidding Procedures Order.

D. The Debtors marketed the Equipment and conducted the sale process in compliance with the Order approving the Bidding Procedures, the Bidding Procedures, the Bankruptcy Code and all other Orders entered in these cases. The bidding on the Equipment and the Auction was conducted in a non-collusive, fair and good faith manner. The Debtors have given all interested parties a reasonable opportunity to make the highest or otherwise best offer for the Equipment. In their sound business judgment, the Debtors determined that the bid submitted by the Purchaser at the Auction represented the highest or otherwise best offer for the Equipment.

E. The Debtors (i) have full corporate power and authority to execute and consummate the Bill of Sale attached as Exhibit A, and all related documents, and the sale of the Equipment has been duly and validly authorized by all necessary corporate

action of the applicable Debtors; and (ii) no other consents or approvals are required to consummate the sale.

F.   The Debtors have good business reasons to sell the Equipment prior to filing a plan of reorganization pursuant to 11 U.S.C. § 363(b).

G.   Neither the Purchaser nor any of its affiliates is an "insider" of any of the Debtors, as that term is defined in 11 U.S.C. § 101.

H.   The Purchaser is a good faith purchaser within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to the protections afforded by that section.

I.   The consideration the Purchaser is providing to the Debtors for the Equipment (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Equipment; and (iii) constitutes reasonably equivalent value.

J.   The Debtors' sale of the Equipment will facilitate the formulation and confirmation of a plan of reorganization.  For this reason, the Debtors' sale of the Equipment constitutes transfers to which 11 U.S.C. § 1146(c) applies.

K.   The Debtors' transfer of the Equipment to the Purchaser under the Bill of Sale will be a legal, valid, and effective transfer of the Equipment.  The Debtors' transfer of the Equipment to the Purchaser vests the Purchaser with good and valid title in and to the Equipment, free and clear of any liens, claims, encumbrances, pledges, mortgages, security interests, charges, options or other interests of any kind or nature (collectively, the "Claims and/or Interests").

L.   The only claim or interest in the Equipment (other than the Debtors) is that of Wachovia Bank, National Association, as Administrative Agent and Collateral Agent for itself ("Agent") and the other financial institutions from time to time

parties to the Credit Agreement dated as of February 23, 2005, as may be amended or modified (collectively, "Lenders" and together with Agent, collectively, the "DIP Lender") and all other interested parties with respect to such Claims and/or Interests.

  M. The DIP Lender is adequately protected because the Debtors will cause the proceeds from the sale to be paid in accordance with the terms of the Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Superpriority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing Debtors to use Pre-Petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in full of all Claims of Debtors' Prepetition Secured Lenders, dated March 23, 2005 (the "Final Financing Order") (Docket No. 501), and the Loan Documents (as defined in the Final Financing Order).

  N. The Court's approval of the sale is in the best interests of the Debtors, their estates and their creditors. Accordingly, it is

  ORDERED AND ADJUDGED THAT:

  1. The Motion is granted.

  2. The Debtors provided adequate notice of the Motion and the sale hearing.

  3. All objections to the entry of this order or to the relief granted and requested in the Motion, that have not been withdrawn, waived or settled at or before the sale hearing, are denied and overruled on the merits.

4.  The sale under the Bill of Sale is approved in all respects. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized (subject to applicable closing conditions set forth in the Purchase Agreement), to consummate the Sale including transferring and conveying the Equipment to the Purchaser.

5.  Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized and empowered to execute and consummate the Bill of Sale, together with all additional instruments and documents that may be necessary to implement the sale. The Debtors are authorized to take all actions necessary for the purpose of assigning, transferring, granting, conveying, and conferring the Equipment to Purchaser.

6.  Any agreements, documents, or other instruments executed in connection with the Bill of Sale may be modified, amended, or supplemented without further order of the Court, provided that (i) the Debtors first obtain the prior written consent of (a) the DIP Lender and (b) the Creditors' Committee, which consent will not be unreasonably withheld and (ii) any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

7.  The Debtors will transfer the Equipment to the Purchaser free and clear of all Claims and/or Interests pursuant to 11 U.S.C. §§ 105(a) and 363(f). The only Claims and/or Interests are those of the senior liens and superpriority administrative claims of the DIP Lender. The senior liens and superpriority administrative Claims and/or Interests of the DIP Lender will

attach to the proceeds of the Sale in accordance with the Final Financing Order and the Loan Documents (as defined in the Final Financing Order).

8. The Debtors shall cause the net proceeds from the Sale to be paid to the DIP Lender to the extent required in accordance with the terms and conditions of the Final Financing Order and the Loan Documents.

9. The Debtors' transfer of the Equipment pursuant to the terms under the Bill of Sale is a transfer pursuant to 11 U.S.C. § 1146(c). Accordingly, the making, delivery, filing or recording of any deeds, assignments or other transfer documents in connection with the sale (the "Transfer Instruments"), will not be taxed under any law imposing a recording tax, stamp tax, transfer tax or similar tax (including without limitation, any transfer or recordation tax applicable to deeds and/or security interests). All filing and recording officers are directed to accept for filing or recording, and to file or record the Transfer Instruments immediately upon presentation without payment of any such taxes.

10. The Purchaser provided the Debtors with reasonably equivalent value and fair consideration for the Equipment under the Bankruptcy Code and applicable non-bankruptcy law. For that reason, the transfer may not be avoided under 11 U.S.C. § 363(n).

11. Upon Closing of the sale of Equipment, the Purchaser will be deemed to have acted in good faith in purchasing the Equipment as that term is used in 11 U.S.C § 363(m). For that reason, any reversal or modification

of the Order on appeal will not affect the validity of the sale to the Purchaser, unless such authorization is duly stayed pending such appeal.

16. The Debtors' transfer of the Equipment to the Purchaser will not result in the Purchaser having any liability for any Claim and/or Interest against the Debtors.

13. This Order is effective as a determination that upon Closing any and all Claims and/or Interests (except for the Permitted Encumbrances and Assumed Liabilities), if any, will be, and are, without further action by any person or entity, unconditionally released, discharged and terminated with respect to the Equipment.

14. This Order is binding upon all entities who may be required to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title in or to any of the Equipment.

15. This Court retains exclusive jurisdiction to (a) enforce and implement the Bill of Sale, (b) resolve any disputes, controversies or claims arising out of or relating to the sale, and (c) interpret, implement and enforce the provisions of this Order.

16. Upon Closing, all persons who hold Claims and/or Interests against the Debtors are forever estopped and permanently enjoined from asserting or prosecuting any claims or causes of action against the Purchaser, its affiliates, successors or assigns or any of their respective officers, directors, employees, attorneys or advisors, arising out of or in connection with the Sale.

17. To the extent of any inconsistency between the provisions of any agreements, documents, or other instruments executed in connection with the sale and this Order, the provisions contained in this Order will control.

18. Notwithstanding Fed. R. Bankr. P. 6004(g), this Order will take effect immediately upon entry.

Dated this _____ day of September, 2005 in Jacksonville, Florida.

                                                      Jerry A. Funk
                                                    United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion.