Hearing Date: September 1, 2005, 1:00 p.m.
Objection Deadline: August 25, 2005, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.

Debtor.

-----------------------------------------------------------------x

Case No. 05-03817-3F1
(Jointly Administered)

Chapter 11

### OBJECTION BY LANDLORD OF CHARLESTON SQUARE STORE TO DEBTOR'S SECOND EXTENSION OF TIME TO ELECT TO ASSUME OR REJECT LEASE, PURSUANT TO CODE § 365 (d)(4)

PMG Ocean Associates, LP, the landlord of the Debtor's store at the Charleston Square shopping center, by its attorneys, Wander & Associates, P.C, files the following objection to the Debtor's motion for a second extension of time to elect to assume or reject the lease, pursuant to Code § 365(d)(4), and respectfully states, as follows:

1.  Upon information and belief, the Debtor has already decided to assume its lease dated February 27, 1996 for the Charleston Square store (the "Lease"). Upon information and belief, the store, which is located in Palm Beach, Florida, is in the Debtors core market and the rent under the Lease is dramatically below market. Also, upon information and belief, the Charleston Square store is one of the Debtor's most profitable stores. If the Debtor reorganizes, there should be no issue that it will assume the Lease. Additionally, if the Debtor for some reason does not reorganize and, instead, liquidates its assets, then there should be no issue that the Lease will be assumed and assigned in connection with a sale of the Lease, since the Lease is a valuable asset of this estate.

Upon information and belief, there is absolutely no scenario under which the Debtor will reject the Lease.

2.      If there is no reasonable scenario under which the Debtor will reject the lease, then the Debtor cannot meet its burden of establishing the requisite "cause" for a further extension of time under Code §365(d)(4) to make a <u>decision</u> whether to assume or reject the lease.

3.      The sole purpose of the present motion, as it pertains to the Lease, can only be to delay payment of the lease arrears to the landlord.  The Debtor owes almost $300,000 in unpaid rent and additional rent, consisting of real estate taxes and common area charges, and these arrears must be timely paid when the Lease is assumed, pursuant to Code §365(b).[1]  Delaying payment of Lease arrears, however, does not constitute "cause" for a further extension of time under Code 365(d)(4).

4.      As the Court is well aware, the Debtor has hired very experienced real estate advisors who have already been paid a lot of money to analyze all of the Debtor's leases.  Presumably, a complete analysis of the Lease has been made.  Therefore, if the Debtor disputes the factual assertions set forth above -- (i) that the Lease is one of the Debtor's most profitable stores, (ii) the store is located in the Debtor's core market, (iii) the rent under the Lease is well below market, (iv) the Lease is a valuable asset of the estate, (iv) if the Debtor does not reorganize then it will sell the Lease, and (v) the Debtor has already decided to assume the Lease, either as part of a reorganization or liquidation -- then the landlord requests the opportunity to conduct limited discovery on these disputed factual issues, as provided for in Bankruptcy Rule 9014 and the Part VII Rules made applicable to contested matters by Bankruptcy Rule 9014(c).

---

[1] This is without prejudice to the landlord's claim that a portion of the lease arrears represent post-petition lease obligations, pursuant to Code §365(d)(3).

5. Accordingly, it is respectfully submitted that the motion should be denied as it pertains to the Lease, since the Debtor cannot establish the requisite cause for a further extension of time, pursuant to Code §365(d)(4). Alternatively, the hearing on the motion should be adjourned so that the landlord can conduct limited discovery. If the hearing is adjourned for discovery purposes, and considering that the present deadline for an election to assume or reject the Lease is September 19th, the landlord would agree to a short extension of time so that the Debtor's rights will not be prejudiced.

Dated: New York, New York
August 25, 2005

WANDER & ASSOCIATES, P.C.
Attorneys for PMG Ocean Associates, LP

By: s/ David Wander
David H. Wander (DW#0145)
641 Lexington Avenue
New York, New York  10022
(212) 751-9700

3