### IN THE BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al,

      Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

### LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING NOTICE PROCEDURES REGARDING OMNIBUS CLAIM OBJECTIONS AND SCHEDULE AMENDMENT MOTIONS

Victory Real Estate Investments, LLC, and Victory Investments, Inc., objects to Debtors' Motion for Order under 11 U.S.C. §105 Approving Notice Procedures Regarding Omnibus Claim Objections and Schedule Amendment Motions to the extent the Motion and proposed Order would permit the Debtors to file multiple objections to the same claim, provide for service upon any claimant of less than all documents pertinent to its claim and to the extent that service of objections and responses are governed by different standards with respect to the Debtors and claimants. In further support of this objection, the following is respectfully submitted:

1.      Debtors have moved that the Court establish special notice procedures and authorize the Debtors to follow procedures with regard to objections to claims and amendments to Schedules that depart from the procedures established by the Bankruptcy Rules.

2.      Among other things, those procedures would allow the Debtors to file multiple and serial objections to claims and would allow the Debtors to pursue both

objections to claims and motions to amend its schedules with regard to the same claims and claimants, concurrently, consecutively, alternatively and repetitively.

3.     No claimant should be required to respond in this Court to consecutive, concurrent, alternative and repetitive objections, but should be able to respond, if necessary, to a single objection, the disposition of which would establish that claimant's rights in this proceeding.

4.     The Motion and the proposed Order would permit the Debtors to serve only a brief notice that would not fully inform a claimant of the Debtors' objection and the grounds upon which it is based. A claimant would be authorized to request a full copy of an objection but there is no deadline for the Debtor to comply and no extension of time for the claimant to respond. The Debtors should be required to serve a claimant with a fully pleaded objection to its claim. Documents or objections pertinent to any other claim should not be included .

5.     The proposed Motion and Order impose service requirements for responses that are different and substantially more stringent than service requirements for objections. Debtors are permitted to file an objection and serve it by putting it in the list of pleadings filed daily in this case among dozens of other docket entries. It is necessary for a claimant and a claimant's attorney to select a pertinent pleading or objection out of long lists of pleadings. The Debtors reserve to themselves the benefit of claimants being required to serve a response specially upon both of the Debtors' attorneys as well as the attorneys for the Committee of Unsecured Creditors. In addition, claimants are responsible for assuring that their response is "actually received" by those attorneys but

there is no requirement that objections or notices of hearing on objections are "actually received" by any claimant. Service obligations and burdens should be imposed equally upon the parties.

6. Procedures for objecting to claims established by the Bankruptcy Rules and the Bankruptcy Code are sufficient without amplification and any procedure established by the Court should apply equally to the Debtors and claimants.

Dated: Jacksonville, Florida, August 25, 2005.

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036 and on James H. Post at jpost@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, this 25th day of August, 2005, by email and facsimile.

> Slott, Barker & Nussbaum
> 334 East Duval Street
> Jacksonville, Florida 32202
> (904) 353-0033 (Telephone)
> (904) 355-4148 (Telecopy)
> embarker@bellsouth.net (Email)


> /s/ Earl M. Barker, Jr.
> Earl M. Barker, Jr.
> Florida Bar No. 110140
>
> Attorneys for Victory Real Estate
> Investments, LLC, et al