**IN THE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al,

Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

**OBJECTION TO DEBTORS' MOTION UNDER 11 U.S.C. § 365 (d)(4) FOR ORDER FURTHER EXTENDING TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT  UNEXPIRED LEASES  OF NONRESIDENTIAL REAL PROPERTY**

Victory Real Estate Investments, LLC, Victory Investments, Inc., and Eagle Harbor Investors, LLC, ("Landlords") respectfully object to Debtors' Motion For Order Under 11 U.S.C. § 365(d)(4) Further Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Extension Motion"), and say:

1. Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code on February 21, 2005.

2. Prior to the filing of the bankruptcy petitions, Debtors and their financial advisors counseled on and developed a strategic plan of reorganization, noting which stores were unprofitable and needed to be sold or closed and formulated a complex marketing scheme to sell property that could be sold and to liquidate the fixtures in stores that remained unsold.

3. Under the provisions of 11 U.S.C. § 365, Debtors were to assume or reject non-residential real property leases within 60 days of filing or more specifically by April 22, 2005. On March 17, 2005, Debtors filed a motion seeking an extension of that deadline. The Court granted Debtors' motion and the deadline for assuming or rejecting non-residential real property leases was extended to September 19, 2005.

4. Debtors now have filed the instant Extension Motion requesting that the Court grant them another extension, such extension to expire on December 19, 2005. Additionally, Debtors have requested that the Court reserve their right to seek additional extensions and the right of any landlord to seek a shortened period for just cause.

5. Eagle Harbor Investors, LLC, owns a store identified in Debtors' Strategic Plan as one of the stores to be retained. It is identified by Debtors as Store #103.

6. Debtors lease the Eagle Harbor Investors, LLC, property pursuant to a Lease dated July 16, 1998, and Supplemental Lease Agreement dated August 1, 1999, (collectively the "Lease").

7. Eagle Harbor Investors, LLC, ("Eagle Harbor") has sought refinancing in connection with the property. As part of the refinancing transaction and in compliance with its Lease, Eagle Harbor has requested that Debtor execute a Subordination, Nondisturbance and Attornment Agreement ("SNDA") and an Estoppel Certificate.

8. The Debtors refuse to sign an SNDA because of alleged uncertainty attributable to these Cases and refuses to give an estoppel certificate unless Eagle Harbor agrees to waive its right to object to the Debtors' positions taken in connection with its Lease in this case.

9. Debtors' failure to sign the requested documents interferes with Eagle Harbors' refinancing, impedes Landlord from conducting its business in the normal course, and has resulted in imposition upon Eagle Harbor of stringent post-closing duties. Furthermore, Debtors' failure to assume or reject the Eagle Harbor Lease prevents Eagle Harbor from enforcing its Lease in the normal course of its business.

10. The Debtors have been allowed almost 7 months since this case was filed to decide which of its stores are to be sold. Additionally, by their own admission, investigation into that decision began prior to the filing of the bankruptcy petitions. Landlords should not be kept in suspense while Debtors reflect upon decisions they allegedly have already made and while Debtors refuse commercially reasonable requests because of uncertainties based upon indecision for which Debtors are responsible.

**WHEREFORE**, the above named Landlords object to the Debtors' Motion to extend the time within which Debtors may assume or reject unexpired leases of nonresidential property and respectfully request that the Motion be denied or, in the alternative, that the Court shorten the time for assumption or rejection of leases as it specifically relates to Eagle Harbor Investors, LLC, and for such other and further relief as the Court deems just and proper.

Dated: Jacksonville, Florida, August 25, 2005.

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036 and on cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, this 25th day of August, 2005, by email and facsimile.

                                              Slott, Barker & Nussbaum
                                              334 East Duval Street
                                              Jacksonville, Florida 32202
                                              (904) 353-0033 (Telephone)
                                              (904) 355-4148 (Telecopy)
                                              embarker@bellsouth.net (Email)


                                              /s/ Earl M. Barker, Jr.
                                              Earl M. Barker, Jr.
                                              Florida Bar No. 110140

                                              Attorneys for Victory Real Estate
                                              Investments, LLC, et al