UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

**LIMITED OBJECTION OF DELFORD L. DREW, AMANDA ENGLISH, CHRISTINA GAGNON, AND THE ESTATE OF MATTHEW PERRETT TO DEBTORS' MOTION FOR AN ORDER ESTABLISHING A CLAIMS RESOLUTION PROCEDURE AND AUTHORIZING DEBTOR TO SETTLE OR LIQUIDATE CERTAIN PRE-PETITION LITIGATION CLAIMS**

COMES NOW Delford L. Drew, Amanda English, Christina Gagnon, and the Estate of Matthew Perrett (collectively, "Objectors"), by and through their undersigned counsel, and hereby submit this Limited Objection to the Debtors' Motion for an Order Establishing a Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Pre-Petition Litigation Claims ("Motion"), and respectfully state as follows:

1. Debtors have proposed a Claims Resolution Procedure ("Procedure") attached to Debtors' Motion as Exhibit B. The Objectors do not oppose Debtors' efforts to settle these claims or to establish appropriate procedures for doing so; however, the Procedure contains certain inaccuracies and/or omissions, and specific provisions that are potentially procedurally and substantively objectionable. The Objectors believe that rectifying these issues is paramount to establishing a clear and equitable procedure, and will inure to the benefit of all parties by reducing potential misunderstandings and misinterpretations and the costs associated therewith.

2. The Procedure states in Section 11 (Waiver of Claims Resolution Procedure) that "Debtors, in their sole discretion, may... exclude any person from participation in the Claims Resolution Procedure at any time (except a Claimant who has entered into a binding arbitration with the Debtors.)" Pursuant to this provision, participants in the Procedure could foreseeably expend significant time and resources in good faith only to be excluded without cause from the Procedure (with the exception of binding arbitration), to their detriment, at any time, according to Debtors' discretion. Therefore, Debtors' unilateral right to exclude persons from the Procedure should be precluded.

3. The Procedure states in Section 1 (Definitions) that "Mediation/Arbitration Organization" means "all mediation/arbitration organizations meeting the requirements of paragraph 6B herein and employed by Debtors." However Paragraph 6B (Appointment of Arbitrator) of the Procedure makes no reference to requirements for, nor in any way defines "Mediation/Arbitration Organization." Therefore, a more sufficient definition of "Mediation/Arbitration Organization" and the requirements appertaining thereto is warranted.

4. The Procedure states in Sections 5 (Mediation Procedure) and 6 (Arbitration procedure) that "[a] Litigation Claim may be referred to [Mediation/Arbitration, respectively] as provided for in Sections 3 and 4 of these Claims Resolution Procedures." However, Section 3 of the Procedures (Offer-Exchange Process) makes no reference to Mediation/Arbitration or the procedure for referral thereto. Therefore, these procedural deficiencies should be rectified.

5. Debtors' proposed Procedure states in Section 13 (Insurers) that "[n]othing in this Claims Resolution Procedure shall be construed to authorize the Debtors to act on behalf of or as an agent for any Insurer of the Debtors." The section further states that "the Mediation/Arbitration Organization shall have the authority, without further order of the

Bankruptcy Court, to direct the attendance, at any Mediation or Arbitration, of a representative of the applicable Third Party Indemnitor or Insurer, if any, with authority to settle and pay any settlement reached or award entered." Debtors, by representation, are self-insured up to two-million dollars ($2,000,000) per occurrence, with third party indemnitors providing indemnification for liability claims in excess of that amount. Because Debtors' Third Party Indemnitors are potentially liability for any litigation claims exceeding two-million dollars ($2,000,000), such parties' attendance at, and participation in mediation/arbitration, in those instances where the amount in controversy exceeds two-million dollars ($2,000,000) should be mandatory. Therefore, the aforementioned section should be amended to require Debtors' applicable Third Party Indemnitors to attend any and all Mediations/Arbitrations wherein the amount in controversy exceeds two-million dollars ($2,000,000).

6. The Objectors reserve the right to amend, supplement or modify this Objection as deemed necessary.

WHEREFORE, the Objectors respectfully submit that any order on the Motion should address the issues raised herein, including but not limited to: (i) Debtors unilateral right to exclude any person from participation in the Claims Resolution Procedure (ii) the sufficiency of the definition of "Mediation/Arbitration Organization"; (iii) procedural deficiencies regarding the referral of Claims to mediation and/or arbitration; and (iv) the required attendance by

3

Debtors' Third Party Indemnitors at Mediations/Arbitrations for those claims exceeding the stated dollar amount

**HELD & ISRAEL**

/s/ Kimberly Held Israel
Kimberly Held Israel
Florida Bar #47287
David L. Gay
Florida Bar #839221
1301 Riverplace Blvd. Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

Attorneys for Objectors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to D.J. Baker, Esquire, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 via e-mail; and Cynthia C. Jackson, Esquire, Smith, Hulsey & Busey, 1800 Wachovia Tower, 225 Water Street, Post Office Box 53315, Jacksonville, Florida 32202 via e-mail, this 25 day of August, 2005.

/s/ Kimberly Held Israel
Attorney