UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    Case No.: 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,          Chapter 11

          Debtors.                        Jointly Administered

_____/

## LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION FOR ORDER ESTABLISHING CLAIMS RESOLUTION PROCEDURE AND AUTHORIZING DEBTORS TO SETTLE OR LIQUIDATE CERTAIN PREPETITION LITIGATION CLAIMS

          The official committee of unsecured creditors (the
"Committee") appointed in the above-captioned chapter 11 cases
of Winn-Dixie Stores, Inc. and its affiliated debtors and
debtors in possession (collectively, the "Debtors") hereby
submits this limited objection to the Debtors' motion (the
"Motion"), dated August 12, 2005, for an order establishing
streamlined procedures to resolve certain prepetition litigation
claims (the "Litigation Claims") and authorizing the Debtors to
settle and/or liquidate the Litigation Claims, and respectfully
represents as follows:

### PRELIMINARY STATEMENT

          1.   The Debtors seek authority to institute
streamlined procedures to resolve Litigation Claims through
negotiation, mediation and/or arbitration (the "Proposed
Procedures").  The Proposed Procedures are aimed at conserving
estate resources while at the same time providing an equitable
and efficient process to resolve Litigation Claims.  The
Committee does not oppose establishment of streamlined procedures

{JA247985;1}

and, indeed, consulted with and provided comments to the Debtors prior to the filing of the Motion.  The Committee -- like the Debtors -- is hopeful that the Proposed Procedures conserve estate resources, as well as this Court's time, which would ultimately benefit the Debtors' estates and their creditors.

2.    **There is one aspect of the Proposed Procedures, however, that the Committee submits is inappropriate under the circumstances and should not be approved.  The Debtors propose to improperly pay prepetition claims outside of a confirmed chapter 11 plan.**  Specifically, with respect to claims settled for less than $5,000, the Debtors seek authority from this Court to, in their sole discretion, either (a) pay the prepetition general unsecured settled claim <u>in cash</u> immediately or (b) grant the claimant an allowed prepetition general unsecured claim against the applicable Debtor.

3.    The Committee respectfully submits that the Debtors can not and should not be authorized to make cash payments on account of these settled prepetition general unsecured claims outside of a confirmed chapter 11 plan.  The proper remedy -- as the Debtors have partially acknowledged and which was implemented in each of the procedures cited by the Debtors in the Motion as precedent -- is to grant allowed prepetition general unsecured claims that will receive distributions in accordance with a confirmed chapter 11 plan.  It is inappropriate and entirely premature to make cash payments on account of any Litigation Claim.

{JA247985;1}

2

## LIMITED OBJECTION

Inappropriate Payments Outside Confirmed Plan

4.    As described above, the Proposed Procedures provide that the Debtors, in their sole discretion, can settle a Litigation Claim for less than $5,000 by making an immediate cash payment equal to the settlement amount (the "Cash Payments").  See Motion ¶ 23.

5.    The Committee understands the Debtors' proposed rationale for wishing to make the Cash Payments -- the incentive of Cash Payments may induce quicker settlements.  However, in the absence of a confirmed chapter 11 plan, there is no legal basis for such payments.  In addition, the Debtors propose to treat some general unsecured creditors (those with Litigation Claims that can be settled for amounts under $5,000) differently from all other general unsecured creditors, effectively discriminating against the vast majority of the Debtors' unsecured creditors and violating the fundamental principle of equality of distribution to similarly situated creditors.

A.    Bankruptcy Code Does Not Support
      Proposed Payments

6.    It is self-evident, and this Court has previously acknowledged, that equality of treatment of similarly situated claimants is a central policy of the Bankruptcy Code.  See, e.g., In re Sneakers Sports Grill, Inc., 228 B.R. 795, 798 (Bankr. M.D. Fla. 1999) ("Equality of distribution among creditors is a central policy of the Bankruptcy Code.") (citing

{JA247985;1}

3

Begier v. Internal Revenue Service, 496 U.S. 53 (1990)); In re
McElroy, 228 B.R. 791, 793 (Bankr. M.D. Fla. 1999) (same).  A
necessary corollary of this fundamental principle is that a
debtor, absent truly extraordinary circumstances, is prohibited
from paying any unsecured claim in full outside of a confirmed
plan of reorganization.  See, e.g., In re Hollytex Carpet Mills,
Inc., 73 F.3d 1516 (10th Cir. 1996) ("To assure fair and orderly
payment of creditors' claims, the provisions of the Bankruptcy
Code prevent a chapter 11 debtor from paying [a] pre-petition .
. . claim until after the date of confirmation of the debtor's
plan"); Official Committee of Equity Security Holders v. Mabey,
832 F.2d 299, 302 (4th Cir. 1987) ("The Bankruptcy Code does not
permit a distribution to unsecured creditors in a Chapter 11
proceeding except under and pursuant to a plan of reorganization
that has previously been properly presented and approved . . . .
The clear language of [the Bankruptcy Code], as well as the
Bankruptcy Rules . . . does not authorize the payment in part or
in full, or the advance of monies to or for the benefit of
unsecured claimants prior to the approval of the plan of
reorganization . . . . [P]iecemeal, pre-confirmation payments to
certain unsecured creditors . . . has no authority to support it
in the Bankruptcy Code and violates the clear policy of Chapter
11 reorganizations.").

     7.   While it appears that there is no controlling
precedent with respect to this issue in this Circuit, "[e]very
circuit that has considered the question has held that [the

{JA247985;1}

4

Bankruptcy Code] does not allow a bankruptcy judge to authorize full payment of any unsecured debt, unless all unsecured creditors in the class are paid in full." Kmart Corp., 359 F.3d at 871. See also In re Hollytex Carpet Mills, Inc., 73 F.3d 1516 (10th Cir. 1996); In re Oxford Management Inc., 4 F.3d 1329 (5th Cir. 1993); Goldberg v. New Jersey Lawyers' Fund, 932 F.2d 273 (3rd Cir. 1992); Mabey, 832 F.2d 299 (4th Cir. 1987); In re B&W Enterprises, Inc., 713 F.2d 534 (9th Cir. 1983).

8.    Further, there is absolutely no evidence that (i) a chapter 11 plan will be proposed that pays all unsecured creditors in full or (ii) that any proposed plan would contain a convenience class providing payment in cash to all allowed unsecured claims under $5,000. Additionally, the Debtors do not -- for obvious reasons -- propose to offer the "cash-out" option to all general unsecured creditors but rather merely to a subset of claimants -- holders of certain Litigation Claims -- which is improper at best.

B.    Section 105(a) Does Not
Provide Support For Relief Requested

9.    The Debtors cite section 105(a) of the Bankruptcy Code in support of and as the only basis for authority to make the Cash Payments. See Motion ¶ 29. The Motion is devoid of any citation to a provision of the Bankruptcy Code that would allow, in connection with section 105(a) of the Bankruptcy Code, this Court to authorize the Cash Payments -- because none

exists.[1]  <u>See</u>, <u>e.g.</u>,  <u>In re Kmart Corp.</u>, 359 F.3d 866, 871 (7th
Cir. 2004) (stating that Bankruptcy Code section 105(a), without
more, does not give bankruptcy court "discretion to set aside
the [Bankruptcy] Code's rules about priority of distribution;
the power conferred by § 105(a) is one to implement rather than
override."); <u>accord</u> <u>In re Oxford Management Inc.</u>, 4 F.3d 1329,
1333-34 (5th Cir. 1993) (holding that bankruptcy court abused
its discretion in authorizing, under section 105(a), pre-plan
payment of a general unsecured claim because "the powers granted
by [section 105(a) of the Bankruptcy Code] must be exercised in
a manner that is consistent with the Bankruptcy Code . . . .
[It] does not authorize bankruptcy courts to create substantive
rights that are otherwise unavailable under applicable law, or
constitute a roving commission to do equity"); <u>Mabey</u>, 832 F.2d
at 302 (4th Cir. 1987) ("[E]quitable powers [conferred by
Bankruptcy Code section 105(a)] are not a license for a court to
disregard the clear language and meaning of the bankruptcy

---

[1]     Previous orders entered in these cases allowing payments on
        account of certain prepetition claims are distinguishable.  As
        noted in the applicable motions and on the record of the
        applicable hearings, those payments were either generally
        entitled to priority under Bankruptcy Code section 507 (and thus
        only timing was at issue) and/or were claims paid under the
        "necessity of payment" doctrine.  <u>E.g.</u>, Motion for Authority to
        Pay (A) Pre-Petition Compensation, Payroll Taxes, Employee
        Benefits, and Related Expenses, (B) Expenses Related to
        Independent Contractors, and (C) Certain Retiree Benefits (Docket
        No. 14).  The Cash Payments are certainly not entitled to
        priority of payment under the Bankruptcy Code, and the Debtors
        properly do not even attempt to apply the equitable "necessity of
        payment" doctrine to these facts (<u>i.e.</u>, making Cash Payments is
        not essential to the Debtors' continuing operations).

{JA247985;1}

statutes and rules . . . . [T]he fact that a proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness") (citations omitted). Accordingly, this Court should deny the Debtors' request for authority to make the Cash Payments.

10.   Moreover, the Debtors' cite in the Motion to three bankruptcy cases that implemented similar procedures in support of the Proposed Procedures -- the Service Merchandise, Harnischfeger and FPA cases. Motion ¶ 31. The Debtors fail to mention, however, that not one of these precedents went so far as to allow *prepetition unsecured claims to be paid in cash as part of the settlement process.*[2] Indeed, the Harnischfeger Bankruptcy Court order expressly prohibited cash payments.

---

[2]   See In re Service Merchandise Co., Inc., et al., Case no. 399-02649 (Bankr. M.D. Tenn. Sept. 5, 2001) (order approving personal injury claims resolution procedures) (stating that if debtors and personal injury claimant agree on a settlement amount, each claimant, subject to court approval, shall hold an allowed prepetition general unsecured nonpriority claim against applicable debtor); In re Harnischfeger Indus., Inc., et al., Case No. 99-2171 (Bankr. Del. August 25, 1999) (order authorizing claims settlement procedures) ("In no event will the settlement provide for any monetary payment to be made by the Debtors from property of their estates to or on behalf of the Settling Parties on account of any claims arising prior to the Petition Date."); In re FPA Medical Mgmt. Inc., et. al., Case No. 98-1596 (Bankr. Del. March 25, 1999) (order approving procedures for liquidating and settling prepetition medical malpractice claims) (stating that the "Debtors, at their discretion, are authorized to settle Medical Malpractice Claims at an agreed amount of not more than $500,000 . . . such that a Claimant will hold an allowed, prepetition general unsecured nonpriority claim"). A copy of each of these orders is attached hereto as Exhibit A.

## CONCLUSION

WHEREFORE, based on all of the foregoing, the Committee respectfully requests that the Court (a) sustain the limited objection, (b) approve the Proposed Procedures **without** the provisions relating to the authority to make Cash Payments, and (c) grant the Committee such other and further relief as is just and proper.

Dated:    August 25, 2005

AKERMAN SENTERFITT

By: */s/ Patrick P. Patangan*
John B. Macdonald
Florida Bar No. 230340
Email: john.macdonald@akerman.com
Patrick P. Patangan
Florida Bar No. 348340
Email: patrick.patangan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, Florida  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Co-Counsel for the Official
Committee of Unsecured Creditors of
Winn-Dixie Stores, Inc. et al.

and

MILBANK, TWEED, HADLEY & M\ :sup:`C`CLOY LLP
Dennis F. Dunne (DD 7543)
Matthew S. Barr (MB 9170)
Lena Mandel (LM 3769)
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

Co-Counsel for the Official
Committee of Unsecured Creditors of
Winn-Dixie Stores, Inc., et al.

{JA247985;1}

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification or U.S. Mail, postage prepaid and properly addressed, this 25th day of August, 2005, to Kenneth C. Meeker, Esq., Assistant United States Trustee, 135 West Central Blvd., Room 620, Orlando, FL 32801; the Debtor, c/o Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, and the parties listed on the attached Local Rule 1007-2 Parties in Interest List.

*/s/ Patrick P. Patangan* _____

{JA247985;1}

Label Matrix for USBC
Middle District of Florida
Case 3:05-bk-03817-JAF
Thu Aug 25 11:14:42 EDT 2005

Ashely M. Chan, Esquire
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA  19103

Brian J. Grieco
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York 10022

Stephen D. Busey
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Christian A. Petersen, Esquire
Gunster, Yoakley & Stewart, P.A.
500 E. Broward Blvd. Suite 1400
Fort Lauderdale, Florida 33394

Concord-Fund IV Retail, L.P.
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Dena Copulsky Kaufman
Hogan & Hartson L.L.P.
875 Third Avenue
New York, NY 10022

Flagler Retail Associates, Ltd.
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Gustafson's, LLC
c/o R. Scott Shuker
Gronek & Latham, LLP
P.O. Box 3353
Orlando, FL 32802-3353,  32802-3353

Ira S. Greene
Hogan & Hartson L.L.P.
875 Third Avenue
New York, NY 10022

Appraisers Associated Ltd.
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

Buffalo Rock Co.
c/o R. Scott Shuker
Gronek & Latham, LLP
P.O. Box 3353
Orlando, FL  32802-3353,  32802-3353

C Daniel Motsinger
Krieg DeVault LLP
One Indiana Square, Suite 2800
Indianapolis
IN, 46204-2079 46204-2079

Citrus World, Inc., d/b/a Florida's Natu
c/o R. Scott Shuker
Gronek & Latham, LLP
P.O. Box 3353
Orlando, FL  32802-3353,  32802-3353

Conecuh Sausage Co., Inc.
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Earl M. Barker, Jr.
Slott, Barker & Nussbaum
334 East Duval Street
Jacksonville, Florida 32202

Gehr Florida Development, LLC
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Hillandale Farms, Inc.
Post Office Box 2109
Lake City, Florida 32056-2109

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Arthur J. Spector
Berger Singerman, P.A.
350 E. Las Olas Boulevard
Suite 1000
Fort Lauderdale, FL 33301,  33301

Bi-Lo, LLC
Kilpatrick Stockton LLP
C/o Paul M. Rosenblatt
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309,  30309

Burlington Associates LP
c/o Mitchell S. Rosen, Esq.
Rosen Law Group, LLC
950 E. Paces Ferry Road, Suite 3250
Atlanta, Georgia 30326,  30326

Catherine A Harrison
Miller & Martin PLLC
1170 Peachtree Street NE, Suite 800
Atlanta GA 30309

Cole Fine Foods
c/o Roy S. Kobert, Esquire
Broad and Cassel
P.O. Box 4961
Orlando, Florida 32802,  32802

Day Properties, Inc.
c/o Robert Laney, Esquire
906 Main Street
North Wilkesboro, NC  28659

Elston/Leetsdale, LLC
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Gene B Tarr Esq
Attorney for Domino Foods, Inc. and
Florida Crystals Food Corporation
PO Drawer 25008
Winston-Salem NC  27114-5008,  27114-500

Inland Retail Real Estate Trust, Inc.
c/o R. Scott Shuker
Gronek & Latham, LLP
P.O. Box 3353
Orlando, FL  32802,  32802

Jimmy R. Summerlin, Jr.
Young, Morphis, Bach & Taylor, LLP
P.O. Drawer 2428
Hickory, NC 28603

John J. Cruciani
Blackwell Sanders Peper Martin, LP
4801 Main Street, Ste. 1000
Kansas City, MO  64112

John J. Wiles, Esq.
Wiles & Wiles
800 Kennesaw Avenue
Suite 400
Marietta, Georgia, 30060-7946 30060-7946

Joseph C. Weinstein
Squire Sanders & Dempsey L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304,  44114-1304

Kenneth C Baker Esq
Eastman & Smith Ltd
One SeaGate 24th Floor
Toledo OH 43604

Kilpatrick Stockton LLP
C/o Paul M. Rosenblatt
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Kite Realty Group Trust
c/o Roy S. Kobert, Esquire
Broad and Cassel
P.O. Box 4961
Orlando, Florida  32802,  32802

Lassiter Properties, Inc.
c/o R. Scott Shuker
Gronek & Latham, LLP
PO Box 3353
Orlando, FL 32802,  32802

Lenoir Partners LLC
c/o Mitchell S. Rosen, Esq.
Rosen Law Group, LLC
950 E. Paces Ferry Road, Suite 3250
Atlanta, Georgia 30326,  30326

Liberty Mutual Insurance Company
C/O Jeffrey C. Regan
Hedrick Dewberry Regan & Durant, P.A.
50 N. Laura Street
Suite 1600, Jacksonville, FL 32202 32202

Long Wholesale, Inc. d/b/a CCC Beauty Su
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Maples Gas Company
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Matt E. Beal, Esq.
Lowndes Law Firm
P.O. Box 2809
Orlando FL 32802

Meridian Coca-Cola Bottling Company
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Mosby's Packing Company, Inc.
c/o Held & Israel
1301 Riverplace Blvd. #1916
Jacksonville, FL 32207

Northeast MS Coca-Cola Bottling Co., Inc
c/o Held & Israel
1301 Riverplace Blvd., #1916
Jacksonville, FL 32207

Oakwood Village Associates
c/o Mitchell S. Rosen, Esq.
Rosen Law Group, LLC
950 E. Paces Ferry Road
Atlanta, Georgia 30326,  30326

James H. Post
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202

Potter Square Associates
c/o Mitchell S. Rosen, Esq.
Rosen Law Group, LLC
950 E. Paces Ferry Road, Suite 3250
Atlanta, Georgia 30326,  30326

Rachel E. Adams, Esq.
200 S. Orange Avenue
Suite 1220
Orlando, Florida 32801

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Robert D. Wilcox
Wilcox Law Firm
10201 Centurion Parkway N., Suite 600
Jacksonville, FL 32256

Southeast Milk, Inc.
c/o R. Scott Shuker
Gronek & Latham, LLP
P.O. Box 3353
Orlando, FL 32802-3353,  32802-3353

Southeast-Atlantic Beverage Corporation
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Floor (29201)
PO Box 11070
Columbia, SC 29211,  29211

Southern Family Markets Acquisition LLC
Kilpatrick Stockton LLP
C/o Paul M. Rosenblatt
1100 Peachtree Street, Suite 2800
Atlanta, GA. 30309,  30309

TA Cresthaven, LLC
c/o Held & Israel
1301 Riverplace Blvd #1916
Jacksonville, FL 32207

TA/Western, LLC
c/o Held & Israel
1301 Riverplace Blvd #1916
Jacksonville, FL 32207

The Coca-Cola Company
c/o Alan M. Weiss
Holland & Knight LLP
50 North Laura Street
Suite 3900, Jacksonville, FL 32202 32202

United States Trustee - JAX
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Wanda Borges
Borges & Associates, LLC
575 Underhill Blvd., Suite 110
Syosset, NY 11791

Winn-Dixie Stores, Inc
5050 Edgewood Court
Jacksonville, FL 32254-3699