UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,                    Case No.**:** 3-05-bk-03817-JAF
                                                     Chapter 11
               Debtors. [1]/
_____/                       Jointly Administered


**OBJECTION TO MOTION FOR AN ORDER ESTABLISHING A CLAIMS RESOLUTIONS PROCEDURE AND AUTHORIZING DEBTORS TO SETTLE OR LIQUIDATE CERTAIN PRE-PETITION LITIGATION CLAIMS**

COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through undersigned counsel, and objects to the Debtors' Motion for an Order Establishing a Claims Resolutions Procedure and Authorizing Debtors to Settle or Liquidate Certain Pre-petition Litigation Claims Application (the "Motion"), and states:

    1.  Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

    2.  Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard in the matter of this Court's consideration of the Motion.

    3.  Debtors have proposed a Claims Resolution Procedure for pre-petition litigation claims. Litigation Claim is defined in Footnote 2 to the Motion. The litigation claimants include those with

---

[1]/ In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixies Supermarkets, Inc.

an unliquidated, contingent, disputed claim as well as judgment claims that were subject to a pending appeal as of the petition date (collectively the "Claimants").

    4. The United States Trustee objects to the Motion based on the following grounds:

    a. The Motion was not served on the Claimants. The Motion, if granted, affects the procedural rights of the Claimants without providing them any notice or opportunity to object. In the event this Court should grant the Motion, the United States Trustee requests that it should be granted on a preliminary basis providing Claimants with a reasonable time frame to file an objection after receipt of the order and questionnaire.

    b. The Motion requests that the receipt of an order granting the Motion (a proposed order is attached to the Motion as Exhibit A) and a questionnaire (attached to the Motion as Exhibit 3 to the Claims Resolution Procedures) shall serve as an objection to the Claimants' proof of claim, however, the proposed order and questionnaire fail to state any grounds for an objection to claim. Claimants should be provided with the basis for the Debtors' objection to their proof of claim in the event this Court allows this claims resolution procedure.

    c. The Motion provides that the Litigation Claimants excluding Judgment Claim Claimants must serve the Debtors with a copy of a onerous questionnaire by November 1, 2005, or the Debtors have the right to seek the disallowance and expungement of the Claimants original proof of claim. The completed questionnaires are not required to be filed with the Court nor are they served on counsel for the Debtors. Some mechanism must be set in place where Litigation Claimants excluding Judgment Claim Claimants are able to determine if their questionnaire has been received by the Debtors and an opportunity to challenge the non-receipt.

    d. The proposed order (attached to the Motion as Exhibit A) states in paragraph 5

that until a litigation claimants' claims is resolved they shall have not have an allowed claim for purposes of voting on a plan of reorganization. The Motion does not request this relief nor does the Code provide for this result. Any such language should be stricken from any proposed order.

    e. The Motion seeks authority to settle Litigation Claims and provides different mechanisms regarding court approval based on the settled amount. In regards to any notice provided to the Creditors Committee, the United States Trustee requests that the newly formed equity committee also be provided such notice. Additionally, the Motion seeks to allow the Debtors, in its sole discretion to pay Litigation Claimants that are settled for $5,000.00 or less to receive either an allowed general unsecured claim or payment in cash equal to the settled amount up to an aggregate cap of $5,000,000.00. Allowing such payment would elevate the status of these Claimants above other general unsecured non-priority creditors which is inconsistent with the distribution provided for in the Bankruptcy Code.

    f. The Motion obligates Claimants to spend substantial time and effort in the claims resolution process but requires the Claimants to file a motion for relief from stay if no resolution is reached. Claimants should either be provided with an opt-out provision of the process or be provided automatic stay lifting upon unsuccessful resolution through the claims resolutions procedure.

  WHEREFORE, the United States Trustee objects to the granting of this Motion and seeks the denial of the Motion and for such other relief as this Court deems just and proper.

DATED: August 25, 2005

                Felicia S. Turner
                United States Trustee
                Region 21

/s/ Elena L. Escamilla
Elena L. Escamilla
Trial Attorney
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.: 407-648-6465
Facsimile No.:   407-648-6323
Florida Bar No. 898414

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail or by first class postage prepaid or electronically to the individuals listed on the August 18, 2005 master service list on this the 25th day of August 2005.

/s/   Elena L. Escamilla
Elena L. Escamilla, Trial Attorney