| | |
|---|---|
| **MORITT HOCK HAMROFF & HOROWITZ LLP** | Hearing Date: September 8, 2005 |
| Counsel for General Electric Capital Corporation | Hearing Time: 1:00 p.m. |
| 400 Garden City Plaza | |
| Garden City, NY  11530 | |
| (516) 873-2000 | |
| Marc L. Hamroff (MH-9283) | |
| Leslie A. Berkoff (LB-4584) | |
| mhamroff@moritthock.com | |
| lberkoff@moritthock.com | |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

----------------------------------------------------------X

In re:                                                    Chapter 11
                                                          Case No.  05-03817-3F1

**Winn-Dixie Stores, Inc., et al,**
                                                          (Jointly Administered)
                Debtors.

----------------------------------------------------------X

**LIMITED OBJECTION OF GENERAL ELECTRIC
CAPITAL CORPORATION TO AMENDED MOTION FOR AN ORDER
AUTHORIZING THE DEBTORS (A) TO RETAIN LIQUIDATING AGENT AND
APPROVING AGENCY AGREEMENT, (B) TO SELL FURNITURE, FIXTURES,
EQUIPMENT AND RELATED ASSETS FREE AND CLEAR OF LIENS AND EXEMPT
FROM STAMP OR SIMILAR TAXES AND (C) GRANTING RELATED RELIEF**

General Electric Capital Corporation ("GE"), by its attorneys, Moritt Hock Hamroff & Horowitz LLP, as and for its Objection ("Objection") to the Motion by Winn Dixie Stores, Inc. et al. ("Debtors" and the "Debtors in Possession", collectively the "Debtors") for an Order Authorizing the Debtors (A) to Retain Liquidating Agent and Approving Agency Agreement, (B) to Sell Furniture, Fixtures, Equipment and Related Assets Free and Clear of Liens and Exempt from Stamp or Similar Taxes and (C) Granting Related Relief (the "Motion"),

F:\GECC\Winn Dixie\docs\Objection to Motion to Retain Liquidating Agent.doc

respectfully represents as follows:

## BACKGROUND

1. On or about February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of the U.S.C. Section 101 *et seq.* (the "Bankruptcy Code").

2. Prior to the Petition Date, the Debtors entered into a variety of agreements with GE, in particular to this Objection, Master Lease No. 4126213 dated October 31, 2001 ("Lease No. 4126213") which provided for the rental of certain equipment (the "Equipment") more specifically defined in separate schedules number 001 through 005 (collectively, the "Schedule(s)"). (Lease No. 4126213 and the Schedules are collectively referred to herein as the "Master Lease"; a copy of the Master Lease is available upon written request).

3. GE's Objection to the Motion is with respect to both its interest in the Master Lease and the Equipment covered thereunder. In the Motion the Debtors seek to sell significant assets free and clear of all liens, claims and encumbrances, however, the Motion fails to identify with specificity the exact assets being offered for sale and as such GE can not ascertain whether the Debtors are attempting inadvertently or otherwise to include any of its Equipment in the sale.

## LIMITED OBJECTION

4. The Debtors indicate in their Motion that they will be facilitating sales and closing certain of their Distribution Centers. Pursuant to the Master Lease, GE, upon information and belief, believes that a significant amount of its Equipment is located at the Closing Distribution Centers (as more defined in the Motion). In addition, the Debtors intend to replace certain outdated equipment in their remaining Operating Distribution Centers (as also

defined in the Motion). Upon information and belief GE also has equipment at the Operating Distributions Centers.

5. Since the Equipment covered by the Master Lease is leased, the Debtors are not entitled to sell that equipment at all and are only able to transfer whatever interest they have in it pursuant to an assumption and assignment of the underlying Master Lease. Rather to the extent the Debtors wish to include the Equipment as part of the items being transferred to a purchaser, the Debtors would first have to assume the Master Lease under Section 365(a) of the Bankruptcy Code and then assign the Master Lease to the purchaser consistent with Section 365 of the Bankruptcy Code. It is important to note that in order assume the Master Lease the Debtors or a purchaser would have to cure any arrearages under the Master Lease under Section 365 (b)(1) of the Bankruptcy Code. Since the Motion makes no reference to the assumption or assignment of any leases the Debtors intention in this regard are quite frankly, unclear.

6. In fact the Debtors may not be attempting to include the Equipment under the Master Lease in the sale at all, however, no information is provided. The Motion is devoid of any clarification as to what assets the Debtors truly intend to include in the sale.[1] The Debtors' Motion merely states the Debtors are including all furniture, fixtures and equipment located at the Closing Distribution Centers and excess equipment at the Operating Distribution Centers. Thus GE is fearful that the Debtors have mistakenly included its equipment in the sale. Furthermore, the manner of the sale does not afford GE an opportunity or other creditors for that matter, an independent opportunity to review the items that are proposed for sale in order to confirm that the Equipment is indeed not affected by the same. This as a protective measure,

---

[1] Although the Agency Agreement annexed to the Motion refers to a website where information can be secured as to what is being sold, the web address is not correct. An independent search to locate the website, and a search of the

GE is filing the instant Limited Objection to ensure that the record is clear that none of the Equipment covered by the Master Lease can be or should be included in the Sale.

7. To the extent that the Debtors do not seek to include any of the Equipment in the sale, at minimum, the mere fact that the Debtors are dismantling the Closing Distribution Centers requires some clarification as to what the Debtors intend to do with respect to the Equipment that is located there. Pursuant to the terms of the Master Lease the Debtors are unable to move the Equipment from one location to another without the prior written consent of GE. Obviously, if the Debtors simply advise GE of their intention and the new location of the affected Equipment, GE is more than prepared to work with the Debtors in this regard. However, GE cannot be in the position where the Equipment is moved and it is unable to ascertain its current location.

8. To the extent that the Debtors seek to reject some of the Schedules in order to facilitate the return to GE of the Equipment located at any or all of the Closing Distribution Centers, it should be pointed out that each of the Schedules provided for Equipment to be located at a variety of locations and not all of these locations are one of the Closing Distribution Centers. It is well settled that the Debtors can not "cherry pick" the Master Lease and Schedules, and therefore the Debtors need to make a decision with respect to each independent Schedule under the Master Lease as relates to the Equipment covered thereby. To date although GE has repeatedly request that the Debtors give advice on this issue, none has been forth coming.

9. Therefore, GE respectfully requests that the Debtors immediately confirm that they are not attempting to transfer or sell any of the Equipment and to the extent they wish to

---

website did not allow us to access the requisite information either. Requests directly to the Merill Group were also without avail.

render a determination on a rejection of the respective Schedules this be accomplished by a separate stipulation between the parties prior to the sale in question.  At minimum if the Debtors seek to continue to retain use of the Equipment, then the Debtors must make arrangements to advise GE of their intention as to which location they will be moving the Equipment, to so GE can continue to maintain and control of its equipment.


Dated:  August 26, 2005
        Garden City, New York


                        **MORITT HOCK HAMROFF &**
                        **HOROWITZ LLP**
                        Counsel for General Electric Capital Corporation


                By:  __/s/  Leslie A. Berkoff_____
                     Leslie A. Berkoff (LB-4584)
                     400 Garden City Plaza
                     Garden City, NY  11530
                     lberkoff@moritthock.com
                     (516) 873-2000
                     (516) 873-2010


To:

D.J. Baker, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

GABRIELLE OTLIN, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at Massapequa, New York.

On the 26th day of August 2005, I served a true copy of the within Limited Objection of General Electric Capital Corporation to Amended Motion for an Order Authorizing the Debtors (A) to Retain Liquidating Agent and Approving Agency Agreement, (B) to Sell Furniture, Fixtures, Equipment and Related Assets Free and Clear of Liens and Exempt from Stamp or Similar Taxes and (C) Granting Related Relief via first class mail, in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TO:

D.J. Baker, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

    /s/ Gabrielle Otlin
GABRIELLE OTLIN

Sworn to before me this
26th day of August 2005

    /s/ Doreen C. Keil
Doreen C. Keil
Notary Public
State of New York
No. 5000920
Qualified in Suffolk County
Commission Expires 8/24/06