## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| WINN-DIXIE PROCUREMENT, INC., | ) Case No. 05-03817 |
| | ) |
| Debtor. | ) Schedule No. |

### NOTICE OF TRANSFER OF CLAIM
### PURSUANT TO BANKRUPTCY RULE 3001(e) (1)

To:   Transferor:   FPL Foods, LLC D/B/A Shapiro Packing Company, Inc.
2240 Butler Pike
Plymouth Meeting, PA 19462
Attention: Jerry Sheehan

**Your total reclamation claim against the Debtor, known as Schedule Number --- in the amount of $295,592.30 has been transferred to:**

Transferee:   SPCP GROUP, L.L.C.
2 Greenwich Plaza
Greenwich, CT  06830
Attention: Brian Jarmain

No action is required if you do not object to the transfer of your claim. However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:

- **FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
  Clerk of the Court
  United States Bankruptcy Court for the
  Middle District of Florida
  300 N Hogan Street, 3-350
  Jacksonville, FL 32202

- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE:**
  Refer to INTERNAL CONTROL No. _____ in your objection.
  If you file an objection, a hearing will be scheduled.

**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

_____
Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid, on _____, 2004.
INTERNAL CONTROL NO. _____
Copy: (check) Claims Agent_____   Transferee _____   Debtor's Attorney _____

_____
Deputy Clerk

EXHIBIT A TO
ASSIGNMENT OF CLAIM

EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **FPL FOODS LLC D/B/A SHAPIRO PACKING COMPANY, INC.** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims in the aggregate amount of $295,592.30 (the "Assigned Claim"), against Winn-Dixie Procurement, Inc, ("Debtor"), the debtor-in-possession in Case No. 05-11082 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on [Aug. 2,          ], 2005.

FPL FOODS LLC D/B/A SHAPIRO PACKING COMPANY, INC

By: _____
Name: Jerome F. Sheehan
Title: CFO

9

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: **WINN-DIXIE PROCUREMENT, INC.**　　　　　　　　　Case No.: **05-11082 (RDD)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| Creditor's Name and Mailing Address Including Zip Code | Date Claim Was Incurred and Consideration for Claim. If Claim Is Subject to Setoff, So State. | Contingent | Unliquidated | Disputed | Co-Debtor | Amount of Claim |
|---|---|---|---|---|---|---|
| **Sub Schedule: ACCOUNTS PAYABLE** | | | | | | |
| SHANKS EXTRACTS INC<br>350 RICHARDSON DRIVE<br>LANCASTER, PA 17603<br>Creditor: 260806 - 12<br>Vendor: 0000780436 | 02/21/2005 | | | | | $33,901.54 |
| SHAPIRO PACKING CO INC<br>PO BOX 930212<br>ATLANTA, GA 31193-0212<br>Creditor: 260815 - 12<br>Vendor: 0000784579 | 02/21/2005 | | | | | $295,592.30 |
| SHERWOOD BRANDS INC<br>PO BOX 85080<br>RICHMOND, VA 23285-4136<br>Creditor: 260964 - 12<br>Vendor: 0000197256 | 02/21/2005 | | | | | $837.97 |
| SHULTZ FOODS<br>PO BOX 993<br>W CHESTNUT ST & BLETTNER AVE<br>HANOVER, PA 17331-0993<br>Creditor: 261023 - 12<br>Vendor: 0000190638 | 02/21/2005 | | | | | $10,448.92 |
| SIEGE CHEMICAL COMPANY<br>6340 VIA TIERRA<br>BOCA RATON, FL 33433<br>Creditor: 261036 - 12<br>Vendor: 0000198208 | 02/21/2005 | | | | | $4,784.64 |
| SIF CANADA LTD<br>PO BOX 163<br>TUSKET, NS B0W 3M0 CANADA<br>Creditor: 261044 - 12<br>Vendor: 0000830485 | 02/21/2005 | | | | | $20,477.85 |
| SIGNATURE BRANDS LLC<br>PO BOX 198391<br>ATLANTA, GA 30384-8391<br>Creditor: 261056 - 12<br>Vendor: 0000197346 | 02/21/2005 | | | | | $169,103.39 |
| SILVER SPRINGS BOTTLED WATER<br>PO BOX 926<br>SILVER SPRINGS, FL 34489<br>Creditor: 261082 - 12<br>Vendor: 0000196193 | 02/21/2005 | | | | | $404,857.10 |



PAGE TOTAL:　　　　**$940,003.71**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

|  |  |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
|  | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
|  | ) |
| Debtors. [1] | ) Jointly Administered |
|  | ) |

## STATEMENT OF RECLAMATION

Pursuant to the Final Order (A) Establishing Procedures For Treatment of Reclamation Claims, and (B) Prohibiting Third Parties From Interfering With Delivery of Goods entered April 5, 2005, in the above-captioned Chapter 11 Cases (the "Reclamation Order"), this Statement of Reclamation[2] sets forth the extent and basis, if any, upon which the Debtors believe the Reclamation Claim of FPL Foods LLC d/b/a Shapiro Packing Company, Inc. (the "Vendor"), is not factually or legally valid and/or the amount that shall be considered valid (the "Reconciled Reclamation Claim"). In addition, the Statement of Reclamation identifies with specificity any defenses that the Debtors choose to reserve, notwithstanding any payment of the Reconciled Reclamation Claim.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Terms not otherwise defined herein shall have the meanings ascribed to them in the Reclamation Order.

<u>Numerical Reclamation Statement</u>

# Summary for FPL Foods, LLC dba Shapiro Packing Company, Inc

| | |
|---|---|
| Date of Claim: | 3/1/05 |
| Period of Claim: | 2/12/05 - 2/21/05 |

| | |
|---|---:|
| **Vendors Reclamation Claim** | **$295,592.30** |
| Deduct: | |
| Ineligible Amounts | 0.00 |
| Invoices before window | 0.00 |
| Invoices after window | 0.00 |
| Already Paid | 0.00 |
| Others (i.e., cancelled PO, missing invoice, invoice discrepancy, etc) | 0.00 |

| | |
|---|---:|
| **Analyzed and Proposed Gross Reclamation Claim** | **$295,592.30** |
| Deduct: | |
| Usage (Consumption): Some or all of the Goods were sold or used by the Debtors before the receipt of the vendor's reclamation demand. The amount of such consumption shall be determined by the parties or at trial. | |
| Pre-petition AP credits | 0.00 |
| Pre-petition AR - Promotional Allowances | 0.00 |

**<u>Footnotes:</u>**
None

2

## Legal Defenses[3]

The Debtors reserve the following defenses with respect to the Vendor's claim:

1.    The Goods are or were subject to a prior perfected security interest, and the proceeds from the disposition of the Goods have been used.

The Debtors also reserve the following defenses with respect to the Vendor's claim to the extent set forth on the preceding page entitled Numerical Reclamation Statement:

1.    The Debtors were not in possession or in control of the Goods when the Reclamation Demand was received.

---

[3]    Note that, under to the Reclamation Order, the Debtors do not in any way waive any claims they may have against any Vendor relating to preferential or fraudulent transfers or other potential claims, counterclaims, or offsets with respect to such Vendors. The Debtors' rights to pursue such claims, and any and all other claims they may seek to advance against any Vendor in the future other than those arising specifically in connection with the allowed Reclamation Claim, are reserved, including the right to object on any grounds to any claim filed by the Vendors.

3

If you agree with this Statement of Reclamation, indicate such agreement in the appropriate place below and return this Statement of Reclamation on or before September 13, 2005 (the "Reconciliation Deadline") to the following persons:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254
Attn: Ellen Knight Gordon


With a copy to:

Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York, 10036
Attn: Sally McDonald Henry, Esq.

If you disagree with this Statement of Reclamation, you must sign and return the Statement of Reclamation by the Reconciliation Deadline to the persons identified above. **The returned Statement of Reclamation must be accompanied by the Detailed Back-Up required by Section (b)(iv) of the Reclamation Order.**

Nothing contained in this Statement of Reclamation is intended, nor shall be construed, as a waiver of any of the Debtors' rights with respect to any reclamation claim or demand. In addition, nothing herein shall preclude or otherwise prejudice any of the Debtors' rights to contest or raise any defense or counterclaim to any Detailed Back-Up provided by any Dissenting Vendor.

4

## AGREEMENT

In accordance with paragraph (b)(iii) of the Reclamation Order, FPL Foods LLC d/b/a
Shapiro Packing Company, Inc. agrees with this Statement of Reclamation.

By: _~Jerome F. Sheehan~_                    Dated: _August 2, 2005_
(Signature)

_Jerome F. Sheehan, CFO of FPL Food LLC_
(Print or type name)

## DISAGREEMENT

In accordance with paragraph (b)(iv) of the Reclamation Order, FPL Foods LLC d/b/a
Shapiro Packing Company, Inc. disagrees with this Statement of Reclamation and encloses the
Detailed Back-Up required by paragraph (b)(iv) of the Reclamation Order.

By: _____                 Dated: _____
(Signature)

_____
(Print or type name)

5