UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**WAH HONG GO'S MOTION TO HAVE EVIDENCE AND ARGUMENTS SUPPORTING HIS MOTION FOR RELIEF FROM STAY STAND OVER AS FURTHER OBJECTION TO "DEBTOR'S MOTION FOR ORDER ESTABLISHING A CLAIMS RESOLUTION PROCEDURE AND AUTHORIZING DEBTOR TO SETTLE OR LIQUIDATE CERTAIN PRE-PETITION CLAIMS"**

Wah Hong Go, a former store manager of Winn-Dixie Stores, Inc. (the "Debtor"), files and serves the above captioned motion and states as follows:

1.  Wah Hong Go ("Mr. Go") is a former store manager of Winn-Dixie Store Number 0318 located in Key Biscayne, Miami-Dade County, Florida. He was involuntarily terminated from employment on January 3, 2003 after almost ten years of employment.

2.  On April 1, 2003, Go filed a Charge of Discrimination against the Debtor jointly with the United States Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Under applicable law, Go was precluded from filing a lawsuit on these claims until the EEOC completed an investigation of the claim and issued a Right to Sue letter.

3. Mr. Go charges that Winn-Dixie terminated his unlawfully on the basis of his race, national origin and age in violation of Title VII, the ADEA and the Florida Civil Rights Act. He is of Asian race and Chinese national origin. The EEOC has issued a reasonable cause finding that the debtor violated anti-discrimination statutes in respect of Mr. Go.

4. On February 21, 2005 Winn-Dixie filed a Chapter 11 Bankruptcy Petition under Title 11 U.S. Code. The Debtor has since continued in operation under the protection of Chapter 11.

5. On June 1, 2005, Mr. Go filed "Wah Hong Go's Motion for Relief from Stay and for Leave to File a Proof of Claim After the Entry of Judgment on State and Federal Civil Rights Claims." (D.E. 1524).

6. By said motion, Mr. Go seeks relief from the automatic stay to permit him to file, serve and litigate a lawsuit against the Debtor in a federal or state court of competent jurisdiction in Miami-Dade County, Florida where the unlawful conduct of the Debtor took place and where the witnesses and evidence reside. Mr. Go seeks only to liquidate the claim, not execute or levy against assets of the Debtor.

7. On August 8, 2005, the Court conducted a Final Evidentiary hearing on Mr. Go's Motion for Relief from Stay, during which Mr. Go and the Debtor Winn-Dixie each presented evidence. The Court took the matter under advisement. As of the time of serving this writing, the Court has not ruled on Mr. Go's Motion for Stay Relief.

8. Shortly after the evidentiary hearing, the Debtor filed the "Motion for an Order Establishing a Claims Resolution Procedure and Authorizing Debtors to Settle or

Liquidate Certain Pre-Petition Litigation Claims." (hereinafter the "Litigation Claims Resolution Motion").

9. A hearing on the "Litigation Claims Resolution Motion" is currently scheduled for September 1, 2005. However, undersigned counsel for Mr. Go is unavailable for said hearing since he has been called for trial in Miami-Dade County Circuit Court in the case of *Dr. Luis Sanchez v. Joseph Mondy*, et al., Case No. 04-09150 before the Honorable Lawrence Schwartz.

10. Mr. Go filed a written Objection to the "Litigation Claims Resolution Motion" on August 22, 2005 which fully articulates his opposition. The arguments made in the objection are identical to those made in support of the Motion for Stay Relief which has already been fully litigated. Similarly, the evidence admitted during the August 8 hearing is equally applicable to Mr. Go's Objection to the "Litigation Claims Resolution Motion."

WHEREFORE As Mr. Go has already undertaken the expense of presenting evidence in support of his motion for stay relief which evidence is likewise applicable to his Objection to the "Litigation Claims Resolution Motion," he requests that said evidence and supporting arguments presented in support of the motion for stay relief stand over as evidence and argument in opposition to the "Litigation Claims Resolution Motion." Alternatively, Mr. Go requests that counsel be permitted to argue Mr. Go's objection to the "Litigation Claims Resolution Motion" at another time and date when undersigned counsel is able to attend and reiterate the arguments presented by Mr. Go.

Respectfully submitted,

ANTHONY F. SANCHEZ, P.A.
Attorneys for Wah Hong Go
Alfred I. DUPont Building
169 E. Flagler Street, Suite 1500
Miami, Florida 33131
Tel: (305) 577-9903
Fax: (305) 577-6121

By: /s/ Anthony F. Sanchez
    ANTHONY F. SANCHEZ
    Florida Bar No. 0789925

Certificate of Service

I hereby certify that as of August 29, 2005 a copy of the foregoing has been served on the debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville, Florida 32254-3699 by U.S. Mail and served on debtor's attorneys, Adam Ravin, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 and Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32201, U.S. Trustee, Creditors Committee, and parties in interest electronically, David E. Otero, Esq., Akerman, Senterfitt, et al., 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202.

By: /s/ Anthony F. Sanchez
    ANTHONY F. SANCHEZ
    Florida Bar No. 0789925