**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**MOTION OF
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR PERMISSION TO FILE MOTION SEEKING
DISBANDMENT OF EQUITY COMMITTEE UNDER SEAL**

The official committee of unsecured creditors (the "Creditors Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors") respectfully submits this administrative motion (the "Motion") for leave to file under seal its motion to disband the Official Equity Security Holders Committee appointed in these Cases (the "Equity Committee"). Bankruptcy Rule 9018 provides in relevant part that, "[o]n motion, or on its own initiative, **with or without notice**, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." As explained more fully below, the Creditors Committee's motion does contain confidential financial and commercial information, which should be protected. In

{JA248526;2}

support of this Motion, the Creditors Committee respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested are section 107(b) of title 11 the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Rule 9018"), and Rule 5005-4 of the Local Rules of the Bankruptcy Court for the Middle District of Florida.

### Background

3. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors' cases are being jointly administered for procedural purposes only.

4. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee")

appointed the Creditors Committee to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.

5.   On August 17, 2005, the U.S. Trustee filed a notice with the Court indicating its decision to appoint an Equity Committee and appointing members to serve on such committee.  <u>See</u> United State's Trustee's Appointment and Notice of Appointment of Equity Security Holders Committee, Aug. 17, 2005 (Docket No. 3027).  The Creditors Committee has prepared a motion seeking an order of this Court directing the U.S. Trustee to disband the Equity Committee (the "<u>Disbandment Motion</u>").

6.   The Disbandment Motion is based on and cites extensively financial and commercial information relating to the Debtors' businesses and reorganization strategy that may be deemed confidential (the "<u>Confidential Information</u>").  The Debtors have requested that the Creditors Committee file the Disbandment Motion under seal in order to protect the Confidential Information.[1]

## Relief Requested

7.   By this Motion, the Creditors Committee requests that, in order to protect the Confidential Information, the Court (a) authorize it to file the Disbandment Motion under seal and (b) order that the Disbandment Motion shall remain under seal and confidential and shall not be made available to anyone other than

---

[1]   The Creditors Committee understands that the Debtors also intend to seek an order directing that responsive pleadings to the Disbandment Motion be filed under seal.

(i) the Court and (ii) on the condition that they agree to maintain the confidentiality of the Confidential Information, (A) the Debtors and their professionals, (B) the Creditors Committee and its professionals, (C) the U.S. Trustee and its counsel, (D) the Debtors' postpetition secured lenders and their counsel (the "Lenders"), and (E) the Equity Committee and its proposed professionals (collectively, the "Limited Recipients").

## Grounds for Relief

8.  It is settled law that this Court has authority to grant this Motion. Bankruptcy Code section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> >
> > (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). By its plain language, section 107(b) requires a court, upon the request of a party in interest, to protect trade secrets, confidential research, development, or commercial information. See, e.g., Video Software Dealers Ass'n. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24,

27 (2d Cir. 1994) ("[I]f the information fits any of the specified categories, the court is <u>required</u> to protect a requesting interested party and has no discretion to deny the application."); <u>In re The Frontier Group, LLC</u>. 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) ("The mandatory language of § 107(b) requires a court to protect confidential commercial information.")

    9. Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code section 107(b), and provides that, "[o]n motion, or on its own initiative, **with or without notice**, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018 (emphasis added).

    10. Given the nature of the Confidential Information that is contained in the Disbandment Motion and the concerns expressed to the Creditors Committee by the Debtors, good cause exists to grant the relief requested. The Confidential Information consists of non-public financial and commercial information relating to the Debtors' businesses and reorganization strategy, including: discussion of the Debtors' business strategy with respect to their new footprint, confidential business plan

material, and valuations of the Debtors' assets and businesses. Such information is precisely the kind of information entitled to protection under Bankruptcy Code section 107(b). Disclosure of the Confidential Information could provide competitors with a competitive advantage over the Debtors and may impair the Debtors' reorganization efforts. Preserving the confidentiality of the Confidential Information is, therefore, in the best interests of the Debtors, their estates, and all parties in interest.

11. Accordingly, under the circumstances, the requirements for granting the requested relief pursuant to Bankruptcy Code section 107 and Rule 9018 are satisfied and the Court should grant the relief. See In re Orion, 21 F.3d at 27-28 (finding that because disclosure of terms of license agreement would impair debtor's ability to negotiate favorable promotional agreements, the license agreement constituted commercial information and was properly sealed by bankruptcy court); In re Northstar Energy, Inc., 315 B.R. 425, 429 (E.D. Tex. 2004) (sealing confidential list of debtor's investors); In re Farmland Indus., Inc., 290 B.R. 364, 368-369 (Bankr. W.D. Mo. 2003) (sealing portion of amendment to credit agreement that contained timeline for debtor to sell assets and closing to all but certain necessary parties portion of hearing that related to timeline); In re The Frontier Group, LLC. 256 B.R. at 773 (sealing list of creditors containing the names of doctors who contracted with the

debtor for placement services); <u>In re Lomas Fin. Corp.</u>, 1991 WL 21231, *2 (S.D.N.Y Feb. 11, 1991) (sealing portion of pleading filed by creditors committee that contained figures and proposed percentage allocations that had been disclosed to committee for negotiating purposes in proposed plan of reorganization).

## **Notice**

12.  Pursuant to Bankruptcy Rule 9018, notice of this Motion need not be provided.


[REMAINDER OF PAGE INTENTIONALLY BLANK]

{JA248526;2}

WHEREFORE, the Creditors Committee respectfully requests that the Court grant the relief requested herein and grant such other relief as is just and proper.

Dated:  August 31, 2005

**AKERMAN SENTERFITT**

By: */s/ Patrick P. Patangan*
John B. Macdonald
Florida Bar No. 230340
Email: john.macdonald@akerman.com
Patrick P. Patangan
Florida Bar No. 348340
Email: patrick.patangan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, Florida  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Co-Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al.

- and -

**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
Luc A. Despins (LD 5141)
Dennis F. Dunne (DD 7543)
Robert E. Winter (RW 9937)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Co-counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

{JA248526;2}

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification or U.S. Mail, postage prepaid and properly addressed, this 31st day of August, 2005, to Kenneth C. Meeker, Esq., Assistant United States Trustee, 135 West Central Blvd., Room 620, Orlando, FL 32801; the Debtor, c/o Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, and the parties listed on the attached Local Rule 1007-2 Parties in Interest List.

/s/ Patrick P. Patangan
Attorney

{JA248526;2}