UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**DEBTORS' NOTICE OF INTENT TO
ABANDON FURNITURE, FIXTURES AND EQUIPMENT**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your response with the Clerk of the Bankruptcy Court at Post Office Box 559, Jacksonville, Florida 32201, and serve a copy on Cynthia C. Jackson, Esq., Counsel for the Debtors, 1800 Wachovia Bank Tower, 225 Water Street, Jacksonville, Florida 32202.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), give notice of their intent to abandon to the applicable landlord, the furniture, fixtures, equipment and related assets the Debtors are unable to sell from stores the Debtors are closing (collectively, the "FF&E").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2.  The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Bankruptcy Code Sections 1102 and 1103. On August 17, 2005, the U.S. Trustee appointed an official equity committee.

3.  The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. At the Petition Date, the Debtors operated more than 900 stores in the United States. Most of these stores are leased rather than owned. The Debtors also lease or own ten distribution centers throughout the Southeast to service these stores.

4.  Prior to the Petition Date, the Debtors and their financial advisors began a comprehensive analysis of the Debtors' businesses to determine how best to maximize their value and to compete in today's marketplace. In connection with this analysis, the Debtors announced a series of actions designed to improve their competitive position, which the Debtors refer to as their Strategic Plan.

5. In connection with the Strategic Plan, the Debtors and their financial advisors analyzed the various markets and determined that the Debtors should exit entirely from 14 of their 37 market areas and close a number of unprofitable stores within their remaining 23 market areas. Prior to the Petition Date, the Debtors closed or sold 156 stores.

6. Since the Petition Date, the Debtors have rejected 180 store leases. The Debtors and their financial advisors have also identified another 326 stores that are either in markets from which the Debtors are exiting or are, nevertheless, unprofitable (collectively, the "Targeted Stores"). To date, the Debtors have sold (or are in the process of selling) their leasehold interests in 100 of these Targeted Stores. The Debtors continue to market the Targeted Stores and will reject the lease for each Targeted Store the Debtors are unable to sell. Once the Targeted Stores are sold or closed, the Debtors will be left with 587 stores located in Florida, Alabama, Louisiana, Mississippi, Georgia and the Bahamas.

7. By Order of this Court dated July 27, 2005, the Debtors retained Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively, the "Agent") to assist the Debtors in liquidating the inventory and FF&E located at the Targeted Stores (Docket No. 2537) (the "Order"). Pursuant to the Order, the Agent is presently conducting going out of business sales at the Targeted Stores and selling inventory and FF&E to the general public.

8. In the event the Debtors are unable to sell the FF&E, it would cost the Debtors more money to remove the FF&E from the Targeted Stores than the Debtors would receive from a subsequent sale of the FF&E. In addition, absent abandonment, the Debtors are at risk of incurring additional administrative obligations in the form of rent and other overhead until the FF&E is removed, without providing any corresponding benefit to the

detriment of all creditors. For these reasons, the remaining FF&E will be burdensome to the estates and of inconsequential (or negative) value. It is therefore in the best interest of the estates and creditors to permit the Debtors to abandon the FF&E to the applicable landlords pursuant to 11 U.S.C. § 554(a). Bankruptcy Code § 554(a) provides: "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

Dated: August 31, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  */s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie W. Gray<br>     Eric M. Davis | By  */s/ Cynthia C. Jackson*<br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson  (F.B.N. 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

00505789.DOC