Hearing Date: September 8, 2005, 1:00 p.m.
Objection Deadline: September 5, 2005, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION REGARDING FILING UNDER SEAL OF PLEADINGS
## RELATED TO APPOINTMENT OF EQUITY COMMITTEE

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and

debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §

107(b), Fed. R. Bankr. P. 9018, and Local Rule 5005-4 (i) requiring the filing under seal of (a) the

motion by the Official Committee of Unsecured Creditors appointed in these cases (the "Creditors

Committee") that seeks dissolution of the Official Equity Security Holders Committee in these

cases (the "Equity Committee") and contains confidential information about the Debtors'

businesses and (b) responses to such motion, (ii) restricting the availability of such pleadings to

limited recipients who will maintain the confidentiality of such information, and (iii) providing that

attendance at any hearing on such pleadings be limited to such recipients.   In support of this

Motion, the Debtors respectfully represent as follows:

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").  The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors Committee to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.  On August 17, 2005, the U.S. Trustee appointed the Equity Committee pursuant to Bankruptcy Code sections 1002 and 1103.

3.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.    The statutory predicates for the relief requested are Bankruptcy Code section 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure ("Rule 9018") , and Rule 5005-4 of the Local Rules of the Bankruptcy Court for the Middle District of Florida ("Local Rule 5005-4").

**Relief Requested**

5.    On August 17, 2005, the U.S. Trustee filed a notice with the Court indicating its decision to appoint an Equity Committee and appointing members to serve on such committee. See United State's Trustee's Appointment and Notice of Appointment of Equity Security Holders

Committee, Aug. 17, 2005 (Docket No. 3027).  The Creditors Committee has indicated that it intends to file a motion seeking dissolution of the Equity Committee (the "Disbandment Motion"). The Debtors intend to file a response opposing the Disbandment Motion, and the Equity Committee, U.S. Trustee, and/or the Debtors' postpetition secured lenders (the "Lenders") may also file a response (collectively the Disbandment and such responsive pleadings, the "Pleadings"). The Pleadings will, of necessity, contain material confidential financial and commercial information relating to the Debtors' businesses and reorganization strategy, which, if selectively disclosed in hearings on the Pleadings, would result in the recipient having received insider information material to publicly traded securities (the "Confidential Information").

6.      The Creditors Committee has filed a pleading requesting permission to file the Disbandment Motion under seal in order to protect the Confidential Information contained therein (the "Committee Seal Pleading").  The Debtors support the relief requested in the Committee Seal Pleading but believe that further measures applicable to all of the Pleadings and associated proceedings are required in order to protect the confidentiality of the Confidential Information. By this Motion, the Debtors request that, in order to protect the confidentiality of the Confidential Information, the Court (a) order that the parties in interest file the Pleadings under seal, (b) order that the Pleadings shall remain under seal and confidential and shall not be made available to anyone other than (i) the Court and (ii) on the condition that they maintain the confidentiality of the Confidential Information, (A) the Debtors and their professionals, (B) the Creditors Committee and its professionals, (C) the U.S. Trustee and its counsel, (D) the Lenders and their counsel, and (E) the Equity Committee and its professionals (collectively, the "Limited Recipients"), and (c) order that access to any hearing to consider the Pleadings be limited to the Limited Recipients.

**Basis for Relief**

7.　　Pursuant to Bankruptcy Code section 107(b), bankruptcy courts are vested with the authority to take measures to protect entities from the disclosure of confidential information. Specifically, Bankruptcy Code section 107(b) provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information …." 11 U.S.C. § 107(b).  As explained by the court in Video Software Dealers Ass'n. v. Orion Pictures Corp. (In re Orion Pictures Corp.), Bankruptcy Code section 107(b) "requires the court, on the request of a party in interest, to protect trade secrets, confidential research, development, or commercial information." 21 F.3d 24, 27 (2d Cir. 1994) (internal quotation marks omitted) (citation omitted); see also, In re Northstar Energy, Inc., 315 B.R. 425, 428 (E.D. Tex. 2004) (noting that Bankruptcy Code section 107(b) "mandates the protection of certain types of information, including 'confidential commercial information'") (emphasis in original); In re The Frontier Group, LLC. 256 B.R. 771, 773 (Bankr. E.D. Tenn. 2000) (noting that "[t]he mandatory language of § 107(b) requires a court to protect confidential commercial information.").

8.　　Rule 9018 implements Bankruptcy Code section 107(b), providing that, "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018.

9.      Given the circumstances of these cases, the relief requested by this Motion should be granted to protect the Confidential Information.  The Confidential Information consists of material non-public financial and commercial information relating to the Debtors' businesses and reorganization strategy.  Included among the Confidential Information is proprietary non-public information relating to the Debtors' new footprint strategy, business plan, and valuations of the Debtors' assets and businesses.  Such information is subject to the protections of Bankruptcy Code section 107(b) and Rule 9018.  Disclosure of the Confidential Information will provide competitors with a competitive advantage over the Debtors and will impair the Debtors' reorganization efforts.  Furthermore, selective disclosure of the Confidential Information in the Pleadings and in hearings to consider the Pleadings will also result in the recipents of such disclosure having received insider information material to publicly traded securities.  Preserving the confidentiality of the Confidential Information is, therefore, in the best interests of the Debtors, their estates, and all parties in interest.

10.      Moreover, the Confidential Information will permeate the positions developed by the Debtors and the Creditors Committee in the Pleadings and, by extension, the evidence and testimony relating to the Pleadings.  Limiting access to the Pleadings, and to any hearing on the Pleadings, to the Limited Recipients is, therefore, necessary to preserve the confidentiality of the Confidential Information.

11.      Accordingly, the requirements for granting the requested relief pursuant to Bankruptcy Code section 107 and Rule 9018 are satisfied and the Court should grant the relief. See In re Orion, 21 F.3d at 27-28 (affirming bankruptcy court's decision to seal license agreement where disclosure of terms of agreement would impair debtor's ability to negotiate favorable promotional agreements); In re Northstar Energy, Inc., 315 B.R. at 429 (E.D. Tex. 2004) (sealing

confidential list of debtor's investors where disclosure would impair debtor's business); In re Farmland Indus., Inc., 290 B.R. 364, 368-369 (Bankr. W.D. Mo. 2003) (sealing portion of amendment to credit agreement that contained timeline for debtor to sell assets and closing portion of hearing related to timeline to all but certain necessary parties); In re The Frontier Group, LLC. 256 B.R. at 773 (sealing list of creditors that contained the names of doctors who contracted with the debtor for placement services); In re Lomas Fin.Corp., 1991 WL 21231, *2 (S.D.N.Y Feb. 11, 1991) (affirming the bankruptcy court's decision to seal portion of pleading filed by creditors committee that contained figures and proposed percentage allocations under a draft plan of reorganization that had been provided by the debtor for negotiating purposes).

## Notice

12.     Notice of this Motion has been provided to (a) counsel to the U.S. Trustee, (b) counsel for the Lenders, (c) counsel to the Creditors Committee, (d) the proposed counsel to the Equity Committee, and (e) the other parties in interest named on the Master Service List maintained in these cases.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request (a) that the Court enter an order in the form of Exhibit A pursuant to Bankruptcy Code section 107(b), Rule 9018, and Local Rule 5005-4 (i) requiring that the Pleadings be filed under seal, (ii) providing that the Pleadings shall remain under seal and confidential and shall not be made available to anyone other than (A) the Court and (B) on the condition that they maintain the confidentiality of the Confidential Information, the Limited Recipients, and (iii) providing that access to any hearing to

consider the Pleadings shall be limited to the Limited Recipients and (b) that the Court grant such

other and further relief as the Court deems just and proper.

Dated: August 31, 2005

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By      *s/ D. J. Baker*                        By      *s/ Cynthia C. Jackson*
        D. J. Baker                                     Stephen D. Busey
        Sally McDonald Henry                            James H. Post
        Rosalie Walker Gray                             Cynthia C. Jackson,
        David M. Turetsky                                Florida Bar Number 498882
Four Times Square                           225 Water Street, Suite 1800
New York, New York 10036                    Jacksonville, Florida  32202
(212) 735-3000                              (904) 359-7700
(212) 735-2000 (facsimile)                  (904) 359-7708 (facsimile)

Co-Attorneys for Debtors                    Co-Attorneys for Debtors

**<u>Exhibit A</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                      )    Case No. 05-03817-3F1
                                                            )
WINN-DIXIE STORES, INC., et al.,                            )    Chapter 11
                                                            )
Debtors.                                                    )    Jointly Administered
                                                            )

**ORDER REQUIRING FILING UNDER SEAL OF PLEADINGS RELATED TO**
**APPOINTMENT OF EQUITY COMMITTEE**

These cases came before the Court for hearing on September 8, 2005, upon the motion of

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-

possession (collectively, the "Debtors"), for entry of an order pursuant to 11 U.S.C. § 107(b),

Fed. R. Bankr. P. 9018, and Local Rule 5005-4 (i) requiring the filing under seal of (a) the

motion by the Official Committee of Unsecured Creditors appointed in these cases (the

"Creditors Committee") that seeks dissolution of the Official Equity Security Holders Committee

in these cases (the "Equity Committee") and contains confidential information about the

Debtors' businesses (the "Disbandment Motion") and (b) responses to the Disbandment Motion

by the Debtors, the Equity Committee, the Office of the United States Trustee (the "U.S.

Trustee"), and/or Debtors' postpetition secured lenders (the "Lenders") (collectively the

Creditors Committee's motion and such responsive pleadings, the "Pleadings"), (ii) providing

that the Pleadings shall remain under seal and confidential and shall not be made available to

anyone other than (a) the Court and (b) on the condition that they maintain the confidentiality of

the Confidential Information, (1) the Debtors and their professionals, (2) the Creditors

Committee and its professionals, (3) the U.S. Trustee and its counsel, (4) the Lenders and their

counsel, and (5) the Equity Committee and its professionals (collectively, the "Limited

Recipients"), and (iii) providing that access to any hearing to consider the Pleadings shall be

limited to the Limited Recipients (the "Motion").[1]  The Court has reviewed the Motion as well as the separate motion filed by the Creditors Committee seeking permission to file the Disbandment Motion under seal and has considered the representations of counsel.   Based upon the representations of counsel, after due deliberation and finding proper notice has been given, the Court determines that the requirements for granting the relief requested pursuant to 11 U.S.C. 107 and Fed. R. Bankr. P. 9018 have been satisfied, that good cause exists to grant the relief requested in the Motion, and that granting such relief is in the best interest of these estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018, the Pleadings shall be filed under seal in accordance with Local Rule 5005-4.

3.      The Clerk shall accept and seal the Pleadings.

4.      The Pleadings shall remain under seal and confidential and shall not be made available to anyone other than (a) the Court and (b) on the condition that they maintain the confidentiality of the Confidential Information, the Limited Recipients.

5.      The Limited Recipients shall maintain the confidentiality of the Pleadings.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2

6.      Access to any hearing to consider the Pleadings shall be limited to the Limited

Recipients.

Dated September ____, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

3