THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: WINN-DIXIE STORES, INC.    :
                                  :    No. 05-03817-3F1

## MOTION FOR RELIEF FROM STAY

COMES NOW, Eugene Mitchell and Rhonda Miller d/b/a Lumper Tech Industries, by and through the undersigned counsel of record, and hereby files this Motion for Relief from Stay, stating in support as follows:

Eugene Mitchell and Rhonda Miller are the Plaintiffs in the case of Eugene Mitchell, et al. v. Winn Dixie Distribution, et al., Civil Action No. 2005 CV 97419, Superior Court of Fulton County, Atlanta Judicial Circuit, State of Georgia. This is an action involving the intentionally tortious actions of Winn Dixie which caused damage to the Plaintiffs.

On February 18, 2005, the Plaintiffs attempted but for reasons unknown were not allowed by the Superior Court clerk's office to re-file their complaint against Winn Dixie Distribution Center, however Plaintiffs were allowed to re-file their Complaint on February 21, 2005. Coincidently, Winn Dixie Distribution Center filed a Bankruptcy petition on the same date, February 21, 2005, which, purportedly subjected Plaintiffs to a stay. The bankruptcy filing, in effect, protects Winn Dixie from it's creditors during the pendency of the bankruptcy due to the implementation of an automatic stay.

On March 23, 2005, the Defendants published a notice (See Exhibit "A") reflecting that it is exempt from the complaint cited in the above-caption, attempting use of Chapter 11 of the Bankruptcy Code as its shield.

The Plaintiff's complaint is not so significant that to allow it to proceed would harm the ability of the Debtor to satisfy its obligations before the Bankruptcy Court. Defendant has a significant income stream and, as a result, the Debtor will face no loss that would prevent meeting the obligations of its creditors.

Further, since this matter has not been adjudicated or settled, Eugene Mitchell and Rhonda Miller are without a remedy and cannot, therefore, be subjected to a stay in bankruptcy.  As part of Plaintiffs' complaint, a Motion for Injunctive Relief was proffered to the Superior Court.  By allowing this matter to go forward in Superior Court, it affords Eugene Mitchell and Rhonda Miller their rightful cause of action and, in no way jeopardizes the rights or potential remedies of any of the parties submitting proofs of claim as creditors.

The Legislative History of 11 USC § 362 of the Bankruptcy Code under Subsections (d) through (g) is where the termination of the stay by the court on the request of a party in interest is discussed.  The framers of the legislation state therein that '[T]here are some actions, enumerated in the exceptions, that generally <u>should not</u> be stayed automatically upon the commencement of the case, for reasons of either policy or practicality."  Plaintiffs submit that their action should not have been subjected to stay.

The Legislative History of 11 USC § 362 further states that "…the court will lift the stay for proceedings before specialized or non-governmental tribunals <u>to allow those proceedings to come to a conclusion</u>.  Any party desiring to enforce an order in such a proceeding would thereafter have to come before bankruptcy court to collect assets.  <u>Nevertheless, it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum</u>

and to relieve the bankruptcy court from many duties that may be handled elsewhere." (H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340-344.)(Emphasis added)

The bankruptcy laws were specifically designed to give relief from financial over-extension and were not intended to be a safe haven for persons or entities to commit offenses against others and use the automatic stay to avoid civil or criminal suits. The Plaintiffs submit that they have legitimate cause for this Court to have ignored Defendant Winn-Dixie's request for Stay. There are numerous reasons which would allow courts to terminate, annul, modify or condition a stay, for cause. "The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case." (Emphasis added.)

Under such an analysis many cases need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from its creditors. Clearly the facts of each case should determine whether imposition of the stay is the appropriate relief under the circumstances. (H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 334-344.).

The Plaintiffs' suit against Winn-Dixie has absolutely no connection to the function or operation of Winn-Dixie's financial status. Plaintiffs are not creditors, vendors or merchants who have business connections to Winn-Dixie. Plaintiffs are individuals who suffered significant losses by virtue of the deliberate and purposeful actions of Winn-Dixie which were designed to put them out of business and render them to financial and psychological ruin. These actions do not fall under the purview of bankruptcy protection. Plaintiffs' submit that Winn

Dixie's efforts to deliberately characterize them as creditors and thereby diminish the impact of their complaint is an action serves as a fraud upon the courts (both the Superior Court of Fulton County and the United States Bankruptcy Court for the Middle District of Florida) and should be severely sanctioned by both. The Plaintiffs' complaint against Winn Dixie demands to be heard.

Therefore, Eugene Mitchell and Rhonda Miller respectfully request that the Court grant immediate relief and waive the requirement of Bankruptcy Rule 4001(a)(3) and allow this case to proceed in the Superior Court of Fulton County, Atlanta Judicial Circuit, and that the Court enter an Order to enforce that decision.

This 31st day of August, 2005.

Respectfully submitted,

\_\_\_\_/s/ Alvin R. Lenoir
Alvin R. Lenoir (Of Counsel)
Georgia Bar No. 446532

526 Preston Woods Trail
Dunwoody, Georgia 30338      Attorney for Eugene Mitchell and
(404) 768 1990               Rhonda Miller

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re: WINN-DIXIE STORES, INC.    :
                                  :    No. 05-03817-3F1

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and accurate copy of the within and foregoing **Motion for Relief from Stay** by placing a true and correct copy thereof, proper postage affixed, into the United States mail, addressed as follows:

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Ct.<br>Jacksonville, FL  32254 | United States Trustee<br>135 West Central Blvd.<br>Suite 620<br>Orlando, FL  32806 |
| Cynthia Jackson, Esq.<br>225 Water St., Ste. 1800<br>Jacksonville, FL  32201 | John B. McDonald, Esq.<br>Attorney for Unsecured Creditors Committee<br>50 N. Laura St., Ste. 2500<br>Jacksonville, FL  32202 |

This 31st day of August, 2005.

Respectfully submitted,

  /s/Alvin R. Lenoir_____
Georgia Bar No. 446532

526 Preston Woods Trail
Dunwoody, Georgia 30338         Attorney for Eugene Mitchell and
(404) 768 1990                  Rhonda Miller