UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |
| ) | |

ORDER UNDER 11 U.S.C. § 105 APPROVING NOTICE PROCEDURES
REGARDING OMNIBUS CLAIM OBJECTIONS AND SCHEDULE
AMENDMENT MOTIONS

These cases came before the Court for hearing on September 1, 2005, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 105 approving procedures regarding noticing of omnibus claim objections (the "Claim Objection Procedures") and omnibus motions for deemed schedule amendments (the "Schedule Amendment Procedures") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. Service of complete copies of omnibus claim objections shall be limited to the Office of the United States Trustee, counsel for the creditors' committee, and counsel for the Debtors' postpetition lender.

3. The Debtors may use a claim objection notice, in a form substantially similar to Exhibit A attached to the Motion (as modified to account for the nature of each omnibus claim objection), to provide notice, by United States mail, to the claimants whose claims are the subject of the applicable omnibus claim objection and their counsel (if known) in lieu of sending the claimants and their counsel a complete copy of the applicable omnibus claim objection document covering all claims that may be subject to objection thereby; provided however that, upon request, the Debtors must provide to the claimants and their counsel complete copies of the applicable omnibus claim objection document, at the Debtors' expense.

4. Unless otherwise requested by the Debtors and approved by the Court with respect to a particular claim objection, any responses to the Debtors' claim objections (whether such objections are omnibus objections or objections to specific claims) shall be due by actual receipt ten (10) days prior to the hearing date, unless such date falls on a Saturday, Sunday or a federal holiday, in which case responses shall be due on the subsequent business day and such date shall be set forth in the Claim Objection Notice; provided however, unless otherwise ordered,

that responses shall not be due less than twenty (20) days from the date notice of the claim objection is served.

5. The Debtors may file summary exhibits with the omnibus claim objections in lieu of copies of the proofs of claim that are the subject of the objection; provided however that, upon request, the Debtors must provide to the claimants and their counsel copies of the applicable proof of claim, at the Debtors' expense. The exhibits to the omnibus claim objections shall specify the name and address of the claimant, the claim number, the amount of the claim and the basis of the objection. Each exhibit shall include only those claims as to which there is a common basis for objection.

6. Service of complete copies of omnibus motions to deem the Schedules (as that term is defined in the Motion) amended shall be limited to the Office of the United States Trustee, counsel for the creditors' committee, and counsel for the Debtors' postpetition lender.

7. The Debtors may use a schedule amendment notice, in a form substantially similar to Exhibit B attached to the Motion, to provide notice, by United States Mail, to the creditors whose claims are the subject of the applicable omnibus motion to deem the Schedules amended and their counsel (if known) in lieu of sending the creditors and their counsel a copy of the applicable motion and exhibits; provided however that, upon request, the Debtors must provide to the claimants and their counsel complete copies of the applicable motion, at the Debtors' expense.

8. Unless otherwise requested by the Debtors and approved by the Court with respect to a particular motion, any responses to the Debtors' motions to deem the Schedules amended shall be due by actual receipt ten (10) days prior to the hearing day, unless such date falls on a Saturday, Sunday or a federal holiday, in which case responses shall be due on the subsequent business day and such date shall be set forth in the Schedule Amendment Notice, provided however, unless otherwise ordered, that responses will not be due less than twenty (20) days from the date notice of the motion to deem the Schedules amended is served.

Dated this ___1___ day of ___Sept___, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**EXHIBIT A**

Case 3:05-bk-03817-JAF   Doc 3325   Filed 09/01/05   Page 5 of 10

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] OMNIBUS
OBJECTION TO PROOFS OF CLAIMS [insert basis for objection]**

| **CLAIM(S) TO BE [DISALLOWED & EXPUNGED]** |
|---|
| [insert information tailored to each individual creditor] |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on _____, 2005 their [insert ordinal] Omnibus Objection to Proofs of Claim [(insert basis for objection)] (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). The Objection requests that the Bankruptcy Court [expunge and disallow] one or more of your claims listed above under CLAIMS(S) TO BE [DISALLOWED & EXPUNGED] on the ground that the Debtors' books and records show [insert basis for objection]. **[Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not receive any distribution in these cases or the opportunity to vote on a chapter 11 plan.]**

2. If you do NOT oppose the [disallowance and expungement] of your claim(s) listed above under CLAIM(S) TO BE [DISALLOWED & EXPUNGED], then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

3. If you DO oppose the [disallowance and expungement] of your claim (s) listed above under CLAIM(S) TO BE [DISALLOWED & EXPUNGED], then you MUST file and serve a written response to the Objection that is received on or before 4:00 p.m. Eastern Time on _____, 2005 (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

4. Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

       5. In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150 [or (ii) Smith, Hulsey & Busey, Attn: James Post, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, via email at jpost@smithhulsey.com, or via facsimile sent to (904) 359-7708.]

       6. A hearing will be held on _____, 2005 to consider the Objection. The hearing will be held at _____.m. Eastern Time in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

       7. If the Bankruptcy Court does not [disallow and expunge] your claim(s) listed above under CLAIM(S) TO BE [DISALLOWED & EXPUNGED], the Debtors may seek to object to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

       8. The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code. To the extent the Debtors seek to allow any claims pursuant hereto, such allowances will be subject to any preference or avoidance actions asserted against you.

       9. If you have any questions regarding the Objection or your claim(s), you may call Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179. A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: _____, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   */s/ D.J. Baker*<br>D.J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | By   */s/ James H. Post*<br>Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |

**EXHIBIT B**

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors.[1] ) | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] MOTION FOR ENTRY OF AN ORDER DEEMING DEBTORS' SCHEDULES AMENDED TO REDUCE CERTAIN SCHEDULED CLAIMS [AND ALLOWING SUCH CLAIMS IN THE REDUCED AMOUNT]**

| CLAIM(S) TO BE REDUCED | | |
|---|---|---|
| [insert information tailored to each individual creditor] | | |
| Creditor Number | Original Scheduled Amount | Reduced Amount |

1. PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors") filed on _____, 2005 their [insert ordinal] Motion for Entry of an Order Deeming the Debtors' Schedules Amended to Reduce Certain Scheduled Claims [and Allowing Such Claims in the Reduced Amount] (the "Motion") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"). The Motion requests that the Bankruptcy Court reduce your originally scheduled and noticed claim amount(s) (listed above under "Original Scheduled Amount") to the lower amount(s) listed above under "Reduced Amount." [Moreover, the Motion requests that the Bankruptcy Court allow your claim(s) in the amount(s) listed under "Reduced Amount."]

2. If you do NOT oppose the reduction [and allowance] of your claim(s) in the amount(s) listed above under "Reduced Amount," then you do NOT need to file a written response to the Motion and you do NOT need to appear at the hearing.

3. If you DO oppose the reduction [and allowance] of your claim(s) in the amount(s) listed above under "Reduced Amount," then you MUST file and serve a written response to the Motion that is received on or before 4:00 p.m. Eastern Time on _____, 2005 (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

4. Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

       5. In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150 [or (ii) Smith, Hulsey & Busey, Attn: James Post, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, via email at jpost@smithhulsey.com, or via facsimile sent to (904) 359-7708.]

       6. A hearing will be held on _____, 2005 to consider the Motion. The hearing will be held at _____ .m. Eastern Time in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Motion, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Motion with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Motion will be conducted on the above date.

       7. The relief sought by the Debtors' Motion will not affect any proof of claim that you filed in this case; however, the Debtors may object on any grounds to any proofs of claim that you have filed. You will receive separate notice of any such objection(s).

       8. The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code. To the extent the Debtors seek to allow any claims pursuant hereto, such allowances will be subject to any preference or avoidance actions asserted against you.

       9. If you have any questions regarding the Motion or your claim(s), you may call Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179. In addition, a copy of the Motion can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: _____, 2005

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| By  */s/ D.J. Baker*<br>     D.J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray<br>     Jane M. Leamy<br>     Four Times Square<br>     New York, New York 10036<br>     (212) 735-3000<br>     (917) 777-2150 (facsimile)<br>     djbaker@skadden.com | By  */s/ James H. Post*<br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson<br>     Florida Bar Number 175460<br>     225 Water Street, Suite 1800<br>     Jacksonville, Florida 32202<br>     (904) 359-7700<br>     (904) 359-7708 (facsimile)<br>     jpost@smithhulsey.com |