Hearing Date: September 22, 2005, 1:00 p.m.
Obj. Deadline: September 15, 2005, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.¹ | ) Jointly Administered |

### DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(a) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF SEPTEMBER 22, 2005

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject the executory contracts and unexpired leases set forth on the attached Exhibit A (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.


New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, as of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors operated more than 900 stores in the United States with nearly 79,000 employees. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores. Substantially all of the Debtors' store locations are leased rather than owned.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

**Relief Requested**

6.      By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of each of the executory contracts and unexpired leases identified on Exhibit A (collectively, the "Contracts") [2] as of September 22, 2005.  The Contracts consist of (i) equipment lease agreements pursuant to which the Debtors lease pharmacy computer servers, sealing machine equipment and a digital copier and (ii) several software license and/or maintenance agreements.

7.      The Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contracts.  By rejecting the Contracts, the Debtors will avoid unnecessary expense and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors.

8.      The Contracts are no longer necessary to the Debtors' ongoing business operations.  In particular, because the Debtors are discontinuing their condiment manufacturing operations, they no longer have any use for the sealing machine equipment.  Likewise, the computer servers and digital copier, for which the Debtors' monthly lease payments approximate $35,000, are located in store and plant locations that are closing or have been sold.  With respect to the software license and/or maintenance agreements, the Debtors have determined that the benefits do not justify the ongoing costs.

**Basis for Relief**

9.      Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and

3

unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

10.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Surfside Resort and Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

11.    The Debtors have satisfied the "business judgment" standard for rejecting the Contracts in the present case. The Debtors' obligations under the Contracts pose continuing monetary obligations and/or other risks to the Debtors' estates. Moreover, the Contracts are unnecessary to the Debtors' ongoing operations, are not a source of potential value for the

---

[2]    The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

4

Debtors' estates and creditors, and constitute an unnecessary drain on the Debtors' resources. Accordingly, the Debtors' determination that the Contracts should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

12.     To the extent that the parties to the Contracts assert rejection damages as a result of the rejections proposed by this Motion, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order entered pursuant to this Motion.

### Notice

13.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the parties to the Contracts. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the rejection of the Contracts, effective as of September 22, 2005 and (ii) grant such other and further relief as the Court deems just and proper.

Dated: September 2, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY[3] |
|---|---|
| By  *s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Walker Gray <br>    Jane M. Leamy <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson, <br>     Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

---

[3] Skadden, Arps, Slate, Meagher & Flom LLP currently represents or has represented the following contract parties, or affiliates of the following contract parties, in matters unrelated to the Debtors, their reorganization cases or such entities' claims against or interest in the Debtors. To avoid any appearance of impropriety, Smith Hulsey & Busey will prosecute the rejection of the Contracts involving the following contract parties: GlobalNetXChange, LLC and IBM Credit LLC.

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.  The rejections apply only to the leases identified in this Exhibit A and do not apply to any other equipment leased pursuant to separate schedules or any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract/Lease |
|---|---|---|
| Armstrong Laing, Inc.<br>Tower Place, Suite 1100<br>3340 Peachtree Rd NE<br>Atlanta, GA  30326-1043 | Winn-Dixie Stores, Inc. | Metify Software License and Services Agreement dated as of April 19, 2002 |
| Dolphin Capital Corp.<br>P.O. Box 605<br>1720-A Crete St.<br>Moberly, MO  65270 | Winn-Dixie Montgomery, Inc., f/k/a Winn-Dixie Atlanta, Inc. | Lease No. 44248 for Savin Digital Copier, dated February 28, 2003 |
| GlobalNetXchange, LLC<br>333 Bush Street<br>18th Floor<br>San Francisco, CA  94104 | Winn-Dixie Stores, Inc. | Master Agreement dated December 29, 2004 |
| Hocking Valley Leasing Company<br>312 Elm Street, Suite 2500<br>Cincinnati, OH  45202-2739 | Deep South Products, Inc. | Master Lease Agreement for Sealing Equipment dated as of February 18, 1996, and Schedule A thereto |
| Hocking Valley Leasing Company<br>AHP Machine & Tool Co.<br>Dept. CH10640<br>Palatine, IL  60055-0640 | Deep South Products, Inc. | Master Lease Agreement for Sealing Equipment dated as of March 5, 1997, and Schedule A thereto |
| IBM Credit LLC<br>North Castle Drive<br>Armonk, NY 10504<br>Attn: Wendell A. Lewis | Winn-Dixie Stores, Inc. | Term Lease Supplement Numbers for PSERIES 615:<br><br>D00C07487<br>D00B90530<br>D00B90534<br>D00B90532<br>D00B90554<br>D00B90549<br>D00B90536<br>D00B90538<br>D00B90721<br>D00B90551<br>D00B90553<br>D00B90552<br>D00B90590<br>D00B90588<br>D00B90525<br>D00B90559<br>D00B90564 |

|  |  | 2 |
|---|---|---|
|  |  | D00B90563<br>D00B90570<br>D00B91047<br>D00B90568<br>D00B90560<br>D00B90550<br>D00B90595<br>D00B90672<br>D00B90683<br>D00B90715<br>D00B90693<br>D00B90942<br>D00B90768<br>D00B90533<br>D00B90739<br>D00B90706<br>D00B90788<br>D00B90809<br>D00B90853<br>D00B90904<br>D00B90922<br>D00B90676<br>D00B90953<br>D00B90964<br>D00B91055<br>D00B91114<br>D00B91060<br>D00B91101<br>D00B90556<br>D00B91073<br>D00B91126<br>D00B91095<br>D00B91122<br>D00B91113 |
| Questionmark Corporation<br>5 Hillandale Avenue<br>Stamford, CT  06902 | Winn-Dixie Stores, Inc. | Questionmark Software Support Agreement Number 0404 00005537, dated May 25, 2004 |

**EXHIBIT B**

Case 3:05-bk-03817-JAF    Doc 3350    Filed 09/02/05    Page 9 of 13

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF SEPTEMBER 22, 2005

These cases came before the Court for hearing on September 22, 2005, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the rejection of certain executory contracts and unexpired leases listed on Exhibit A (collectively, the "Contracts") by the Debtors effective as of September 22, 2005 (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. § 365(a), and each Contract is deemed rejected, effective as of September 22, 2005.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Contracts, whether or not related to the Contracts.

      4.      Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

      5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order. Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

      6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of September, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

# EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the leases identified in this Exhibit A and do not apply to any other equipment leased pursuant to separate schedules or any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract/Lease |
| --- | --- | --- |
| Armstrong Laing, Inc.<br>Tower Place, Suite 1100<br>3340 Peachtree Rd NE<br>Atlanta, GA  30326-1043 | Winn-Dixie Stores, Inc. | Metify Software License and Services Agreement dated as of April 19, 2002 |
| Dolphin Capital Corp.<br>P.O. Box 605<br>1720-A Crete St.<br>Moberly, MO  65270 | Winn-Dixie Montgomery, Inc., f/k/a Winn-Dixie Atlanta, Inc. | Lease No. 44248 for Savin Digital Copier, dated February 28, 2003 |
| GlobalNetXchange, LLC<br>333 Bush Street<br>18th Floor<br>San Francisco, CA  94104 | Winn-Dixie Stores, Inc. | Master Agreement dated December 29, 2004 |
| Hocking Valley Leasing Company<br>312 Elm Street, Suite 2500<br>Cincinnati, OH  45202-2739 | Deep South Products, Inc. | Master Lease Agreement for Sealing Equipment dated as of February 18, 1996, and Schedule A thereto |
| Hocking Valley Leasing Company<br>AHP Machine & Tool Co.<br>Dept. CH10640<br>Palatine, IL  60055-0640 | Deep South Products, Inc. | Master Lease Agreement for Sealing Equipment dated as of March 5, 1997, and Schedule A thereto |
| IBM Credit LLC<br>North Castle Drive<br>Armonk, NY 10504<br>Attn: Wendell A. Lewis | Winn-Dixie Stores, Inc. | Term Lease Supplement Numbers for PSERIES 615:<br><br>D00C07487<br>D00B90530<br>D00B90534<br>D00B90532<br>D00B90554<br>D00B90549<br>D00B90536<br>D00B90538<br>D00B90721<br>D00B90551<br>D00B90553<br>D00B90552<br>D00B90590<br>D00B90588<br>D00B90525<br>D00B90559<br>D00B90564 |

|  |  | D00B90563 |
|---|---|---|
|  |  | D00B90570 |
|  |  | D00B91047 |
|  |  | D00B90568 |
|  |  | D00B90560 |
|  |  | D00B90550 |
|  |  | D00B90595 |
|  |  | D00B90672 |
|  |  | D00B90683 |
|  |  | D00B90715 |
|  |  | D00B90693 |
|  |  | D00B90942 |
|  |  | D00B90768 |
|  |  | D00B90533 |
|  |  | D00B90739 |
|  |  | D00B90706 |
|  |  | D00B90788 |
|  |  | D00B90809 |
|  |  | D00B90853 |
|  |  | D00B90904 |
|  |  | D00B90922 |
|  |  | D00B90676 |
|  |  | D00B90953 |
|  |  | D00B90964 |
|  |  | D00B91055 |
|  |  | D00B91114 |
|  |  | D00B91060 |
|  |  | D00B91101 |
|  |  | D00B90556 |
|  |  | D00B91073 |
|  |  | D00B91126 |
|  |  | D00B91095 |
|  |  | D00B91122 |
|  |  | D00B91113 |
| Questionmark Corporation<br>5 Hillandale Avenue<br>Stamford, CT  06902 | Winn-Dixie Stores, Inc. | Questionmark Software Support Agreement Number 0404 00005537, dated May 25, 2004 |