**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                          CASE NO.: 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,                   Chapter 11

          Debtors.
_____/

**LIMITED OBJECTION BY AD HOC COMMITTEE OF WINN-DIXIE RETIREES TO DEBTORS' MOTION REGARDING FILING UNDER SEAL OF PLEADINGS RELATED TO APPOINTMENT OF EQUITY COMMITTEE**

       THE AD HOC COMMITTEE OF WINN-DIXIE RETIREES, through its undersigned attorney, hereby files its Limited Objection to Debtors' Motion Regarding Filing Under Seal of Pleadings Related to Appointment of Equity Committee, and as grounds therefore would state as follows:

**Background**

       1.       On February 21, 2005, the Debtors filed voluntary petitions for reorganization under Chapter 11 of the United States Bankruptcy Code.

       2.       On May 3, 2005, a group of Winn-Dixie retirees ("retirees") petitioned the United States Trustee to appoint a second creditors committee to represent the interests of Winn-Dixie retirees. In addition, the retirees filed a motion with this Court requesting the Court to direct the United States Trustee to appoint a second creditors committee.

       3.       On or about July 6, 2005, the Court entered an order denying the above-referenced motion filed by the retirees. In the order, the Court recommended the United States Trustee add the retirees to the existing creditors committee. The Court also recommended that should the United States Trustee decline to add the retirees to the existing creditors committee, the retirees form an ad hoc committee to represent their interests in the bankruptcy proceedings.

       4.       Since the entry of the Court's order denying the motion of the retirees, the United States Trustee has refused to add any retirees to the Official Committee of Unsecured Creditors ("Creditors Committee").

       5.       In response, the retirees have formed the Ad Hoc Committee of Winn-Dixie Retirees ("Retirees Committee") and have retained the undersigned counsel to represent their interests in the bankruptcy cases of Winn-Dixie Stores, Inc. and its affiliates.

6. On August 17, 2005, the U.S. Trustee filed a notice with the Court of the decision to appoint the Official Equity Security Holders Committee ("Equity Committee") and of the appointment of members to serve on such committee.

7. On August 31, 2005, the Creditors Committee filed its Motion for Permission to File Motion Seeking Disbandment of Equity Committee Under Seal pursuant to Bankruptcy Rule 9018. In its motion, the Creditors Committee disclosed its intention to file a motion to have the Court direct the U.S. Trustee disband the Equity Committee, but the Debtors had requested the Creditors Committee file said motion under seal in order to protect certain confidential business information.

8. On August 31, 2005, the Debtors filed their Motion Regarding Filing Under Seal of Pleadings Related to Appointment of Equity Committee pursuant to Bankruptcy Rule 9018. In its motion, the Debtors disclosed their intention to file responses in opposition to the Creditors Committee's motion to have the Court direct the U.S. Trustee disband the Equity Committee and requested the Court direct all pleadings be filed under seal and all hearings closed to all but a limited number of participants. The participants listed in the Debtors' motion included a) the Court, b) the Debtors and their professionals, c) the Creditors Committee and its professionals, d) the U.S. Trustee and its counsel, e) the Debtors' post-petition secured creditors and their counsel, and f) the Equity Committee and its professionals ("Limited Participants"). The list of Limited Participants does not include the Retirees Committee.

## Limited Objection to Relief Requested

9. The Retirees Committee objects to the entry of any order that requires any pleadings or hearings regarding the disbandment of the Equity Committee be filed under seal to the extent that such an order would exclude the Retirees Committee from access to such pleadings or from participation in such hearings. Based on information it recently received, the Retirees Committee intends to file its own Motion Seeking Disbandment of Equity Committee, and the interests of justice would best be served by giving the Retirees Committee access to the same information as those who might oppose such a motion, namely the Debtors, the Equity Committee and the U.S. Trustee.

10. The Retirees Committee understands the Debtors' concern about revealing confidential information relating to the Debtors' "new footprint strategy, business plan, and valuations of Debtors' assets and businesses." The Retirees Committee would abide by any condition to participation in the proceedings that would require the maintaining of the confidentiality of the "Confidential Information" referenced in the Debtors' motion. In fact, accordingly to the Bylaws of the Retirees Committee, participation in the Retirees Committee is conditioned upon the member agreeing to keep such information confidential. In addition, the Retirees Committee has a vested interest in seeing the Debtors successfully reorganize and emerge from bankruptcy and, therefore, would not reveal any information that might jeopardize that success.

WHEREFORE, the Retirees Committee would respectfully request that the Court deny the Debtors' Motion Regarding Filing Under Seal of Pleadings Related to Appointment of Equity Committee to the extent such motion would exclude the Retirees from the Limited Participants and for such other relief as the Court deem just and proper.

I HEREBY CERTIFY that a copy of the foregoing has been furnished electronically to D.J. Baker at djbaker@skadden.com and to Cynthia C. Jackson at cjackson@smithhulsey.com this 2nd day of September, 2005.

**FRIEDLINE & McCONNELL, P.A.**

/s/ Jerrett M. McConnell
_____
RODGER J. FRIEDLINE
Florida Bar #0813788
JERRETT M. McCONNELL
Florida Bar #0244960
1756 University Boulevard S.
Jacksonville, FL  32216
(904) 727-7850
Attorneys for Ad Hoc Committee of Winn-Dixie Retirees

3