**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| **In re:** | ) Case No. 05-03817-3F1 |
| **WINN-DIXIE STORES, INC., et al,** | ) Chapter 11 |
| | ) |
| **Debtors.** | ) Jointly Administered |
| | ) |

## ORDER SUSTAINING OBJECTION OF OLD DIXIE PRODUCE & PACKAGING, INC. TO DEBTORS' REPORT REGARDING ITS CLAIM UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

This case is before the Court on the Debtors' Motion for Determination of the claim of Old Dixie Produce & Packaging, Inc. ("Old Dixie") under the Perishable Agricultural Commodities Act ("PACA"). Relying on C.F.R. §46.46(e)(2), the Debtors determined that approximately $166,000 of Old Dixie's claim is not PACA eligible because Old Dixie's invoices state "payment due in 45 days" or otherwise provide for 45 day payment terms. According to the Debtors' Report Regarding Claims Under The Perishable Agricultural Commodities Act ("Debtors' Report"), this exceeds the 30 days allowed by the PACA regulations, and such credit terms extinguish Old Dixie's PACA trust rights.

A hearing to consider the motion was held on August 18, 2005. Upon consideration of the pleadings and documentary evidence filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Old Dixie is a PACA licensee which supplied fresh produce to the Debtors as set forth in the unpaid pre-petition invoices supporting Old Dixie's claim in the total amount of $172,016.33.

2. Each invoice submitted by Old Dixie to the Debtors includes the PACA notice and the statutory language requirements set forth in 7 U.S.C. § 499e(c) and 7 C.F.R. § 46.46(f). Each invoice states the last sentence of section 7 U.S.C. § 499e(c)(3) and contains on the face of the statement the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

3. There is no written agreement between Old Dixie and the Debtors to extend the payment terms for the produce supplied to the Debtors, either before or after entering into the transactions.

4. The parties stipulated at the hearing that the unpaid invoices supporting Old Dixie's claim were previously filed herein, and that no further documentary evidence or testimony was necessary in order to determine the issue raised by the Debtors' Report with regard to Old Dixie's PACA trust claims.

## CONCLUSIONS OF LAW

The primary issue before the Court is whether Old Dixie preserved its PACA trust claims, even though some of its invoices state "payment due in 45 days" or otherwise provide for 45 day payment terms. For the reasons described below, the court concludes that Old Dixie is entitled to the statutory trust protection under PACA.

The Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.*, is a remedial statute which should be given a liberal construction to effectuate its statutory purpose. Hull & Co. v. Hauser's Foods, Inc., 924 F.2d 777, 782 (8th Cir. 1991). "The principal justifications Congress has given for granting such generous protection for sellers of produce are (1) the need to protect small dealers who require prompt payment to survive and (2) the importance of insuring the financial stability of the entire produce industry." Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc., 307 F.3d 666, 669 (7th Cir. 2002) (citing In re Magic Rests., Inc., 205 F.3d 108, 111 (3d Cir. 2000)); In re Richmond Produce Co.,Inc., 112 B.R. 364, 370 (Bankr. N.D. Cal. 1990) (liberally construing timing requirements for filing PACA notices). PACA impresses a "non-segregated floating trust" on perishable agricultural commodities and their derivatives and permits the commingling of trust assets without defeating the trust. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(c). Produce sellers maintain a right to recover against the purchasers through this trust, superior to all creditors. 7 U.S.C. § 499e(c)(1).

Under PACA, buyers of produce must make "full payment promptly." 7 U.S.C. § 499(b)(4). "Prompt payment" is defined in the regulations promulgated by the Secretary of the United States Department of Agriculture, which prescribe a ten day payment period from the date of receipt of the goods for buyers such as the Debtors. 7 C.F.R. §46.2(aa)(5). "Parties who elect to use different times for payment must reduce their agreement to writing before entering into the transaction and maintain a copy of their agreement in their records, and the times of payment must be disclosed on invoices, accountings, and other documents relating to the transaction." 7 C.F.R. § 46.46(e)(1).[1] "The maximum time for payment to which a seller,

---

[1] The requirement for a pre-transaction written agreement is also found in 7 C.F.R. §46.2(aa)(11), which provides, " ... parties who elect to use different times of payment than those set forth in paragraphs (aa)(1) through (10) of this section must reduce their agreement to writing before entering into the transaction and maintain a copy of the agreement in their record...the party claiming the existence of such an agreement for time of payment shall have the burden of proving it."

3

supplier or agent can agree and still qualify for coverage under the trust is 30 days after receipt and acceptance of the commodities..." 7 C.F.R. § 46.46(e)(2). Thus, a buyer must pay the seller within ten days after produce has been accepted unless the parties enter a written agreement prior to the transaction for other payment terms that do not exceed the 30 day limit.

To recover through the PACA trust, a produce supplier must preserve the protections of the statutory trust by giving notice of its intent to preserve trust benefits "within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in the regulations issued by the Secretary [ten days as stated], (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction..." 7 U.S.C. § 499e(c)(3). That section further provides that "[w]hen the parties expressly agree to a payment time period different from that established by the Secretary, a copy of any such agreement shall be filed in the records of each party to the transaction and the terms of payment shall be disclosed in invoices, accountings and other documents relating to the transaction." Id.

Alternatively, a PACA licensee such as Old Dixie may also preserve trust benefits via ordinary and usual billing or invoice statements which include the information required by the last sentence of section 7 U.S.C. § 499e(c)(3). Old Dixie preserved its PACA trust rights by including the statutory language of 7 U.S.C. § 499e(c)(3) on each of its invoices. The only issue is whether the invoice payment terms calling for payment in 45 days forfeited Old Dixie's PACA trust rights, even though there was no pre-transaction written agreement as required by the statute.

Under the clear language of PACA, invoice payment terms beyond the ten day period established by the regulations have no legal effect without a prior written agreement extending

payment terms. 7 C.F.R. § 46.46(e)(1); <u>Idahoan Fresh v. Advantage Produce</u>, 157 F.3d 197 (3d Cir. 1998).

In this case, because the parties did not agree in writing prior to the transaction to extend payment terms, the payment terms listed on their invoices had no legal effect, and the payment terms of ten days supplied by the Secretary of Agriculture were applicable. Plainly, the term "agree" in 7 C.F.R. § 46.46(e)(2) refers to the written agreement referenced in subsection (e)(1), and the 30 day time limit in (e)(2) applies only in situations where there is a prior written agreement. Moreover, the language employed in the statute and regulations import a clear distinction between a prior written agreement and an invoice, to wit, the terms of the prior written agreement must be disclosed in the invoices.

Since Old Dixie complied with the PACA notice requirements set forth in 7 U.S.C. § 499e(c)(4) and 7 C.F.R. § 46.46(f) by including the required statutory language on each of its invoices, Old Dixie properly preserved its benefits under the trust. The invoices alone cannot and did not effectuate a valid extension of the applicable ten day payment period. Absent a pre-transaction written agreement, the payment terms automatically default to the ten day period established by the federal regulations, as a matter of law. Accordingly, Old Dixie is entitled to payment in full of these invoices because it properly preserved its PACA trust benefits in its invoices. Based upon the foregoing, it is

**ORDERED:**

1. The court sustains Old Dixie's objection to the Debtor's Report as to its claim.

2. The entire disputed sum of Old Dixie's pre-petition unpaid invoices, in the amount of $172,016.33, shall be deemed an Allowed PACA Claim pursuant to the PACA Order and payable thereunder immediately.

3. The Debtors are authorized and directed to pay to Old Dixie (to the extent not previously paid), immediately upon entry of this Order, the sum of $172,016.33.

**DATED** this 30 day of August, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Nicholas V. Pulignano, Jr. is directed to serve
a copy of this Order on all parties who
received copies of the Debtor's Motion.

6

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
**11487 Sunset Hills Road**
**Reston, Virginia 20190-5234**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes              Page 1 of 1              Date Rcvd: Aug 31, 2005
Case: 05-03817                Form ID: pdfdoc           Total Served: 1

The following entities were served by first class mail on Sep 02, 2005.
aty         +Nicholas V. Pulignano, Jr.,   Marks Gray, P.A.,   1200 Riverplace Blvd Suite 800,
             Jacksonville, FL 32207-1834
The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Sep 02, 2005**                    **Signature:** *Joseph Speetjens*