UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,             Case No.**:** 3-05-bk-03817-JAF
                                                                           Chapter 11
                    Debtors. [1]/
_____/     Jointly Administered


**OBJECTION TO DEBTORS' MOTION REGARDING FILING UNDER SEAL
OF PLEADINGS RELATED TO APPOINTMENT OF EQUITY COMMITTEE**

       COMES NOW, Felicia S. Turner, United States Trustee for Region 21, by and through her undersigned counsel, and objects to the Debtors' Motion Regarding Filing under Seal of Pleadings Related to Appointment of Equity Committee (the Motion), and states:

       1. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11, United States Code.

       2. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard in the matter of this Court's consideration of the Motion.

       3. The Debtors have requested that the Court order parties in interest to file the motion seeking dissolution of the Equity Committee and any responses filed thereto under seal.

---

[1]/ In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montogomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixies Supermarkets, Inc.

4. On September 1, 2005, this Court entered an Administrative Order Pursuant to Bankruptcy Code Section 107(a) and Bankruptcy Rule 9018 granting Leave to file Motion seeking Disbandment of Equity Committee under seal. The Order provides that the Disbandment Motion shall remain under seal and confidential and shall not be made available to anyone other the (i) the Court and (ii) on the condition that they agree to maintain the confidentiality of the Confidential Information, the Limited Recipients. At the hearing on the Creditor's Committee's Motion, on September 1, 2005, the Court stated that it would make a determination whether or not to maintain the Disbandment Motion under Seal at a hearing on September 8, 2005.

5. The Debtors filed this Motion requesting (i) the filing under seal of (a) the Creditors Committee Motion, responses to such motion, (ii) restricting the availability of such pleadings to limited recipients and (b) responses to such motion, (ii) restricting the availability of such pleadings to limited recipients who will maintain the confidentiality of such information, and (iii) providing that attendance at any hearing on such pleadings be limited to such recipients.

6. The Motion requests the relief pursuant to 11 U.S.C. § 107(b) as the Creditor Committee's Motion and subsequent pleadings and the hearings on these matters will contain confidential information (the "Confidential Information."). The Confidential Information according to the Debtors consists of material non-public financial and commercial information relating to the Debtors' businesses and reorganization strategy.

7. 11 U.S.C. § 107(a) provides that, "[e]xcept as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." This provision of the Bankruptcy Code codifies the public's right of access to information which is the basis of judicial determinations. The public's interest in and ability to monitor the judicial system is "fundamental to

a democratic state." 2 Collier on Bankruptcy ¶107.02 (15th ed. rev'd), citing *In re Inslaw, Inc.*, 51 B.R. 298 (Bankr. D.D.C. 1985 (citing numerous cases). The exceptions to 11 U.S.C. §107(a), set forth in §107(b), are specific and should only be applied where the facts directly warrant it.

8. While sealing is the exception rather than the rule, the decision whether to seal bankruptcy court records lies within the discretion of the bankruptcy court. *In re Fibermark, Inc.,* 2005 WL 1971278 (Bankr. D. Vt. 2005); *In re Analytical Systems, Inc.*, 83 B.R. at 835; *In re Nunn*, 49 B.R. 963, 964 (Bankr.E.D. Va.1985); *In re Sherman-Noyes & Prairie Apts. Real Estate Inv. P'ship*, 59 B.R. 905, 909 (Bankr.N.D. Ill.1986); *Hope ex rel. Clark v. Pearson* (*In re Hope*), 38 B.R. 423, 424 (Bankr.M.D. Ga.1984). The courts have zealously upheld the public's right to access and narrowly construed the exceptions. *In re Lawlor*, 2003 WL 21288634, *1 (Bankr. D. Vt.2003) (citing *In re Analytical Sys., Inc.*, 83 B.R. at 835; *In Epic Assocs. V*, 54 B.R. 445, 448 (Bankr. E.D. Va.1985)). That information might "conceivably" or "possibly" fall within a protected category is not sufficient to seal documents. *In re Gitto/Global Corp.*, 321 B.R. 367, 374 (Bankr. D. Mass. 2005).

9. The Debtors' request this Court to grant the protections provided under § 107(b) under the exception provided for commercial information. "Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *Ad Hoc Protective Comm. for 10 1/2% Debenture Holders v. Itel Corp.,* 17 B.R. 942, 944 (9th Cir. BAP 1982). The relief sought by the Creditors' Committee in the Motion should not be granted without a clear showing that the information sought to be protected falls within the specific exception set forth in 11 U.S.C. §107(b), and that it is in fact commercial information of a nature which would provide the debtors' competitors with an unfair advantage.

WHEREFORE, the United States Trustee objects to the granting of this Motion and seeks the denial of the Motion and for such other relief as this Court deems just and proper.

DATED: September 6, 2005

        Felicia S. Turner
        United States Trustee
        Region 21

        /s/ Kenneth C. Meeker
        Kenneth C. Meeker
        Assistant United States Trustee
        135 W. Central Blvd., Suite 620
        Orlando, FL 32801
        Telephone No.: 407-648-6301
        Facsimile No.:  407-648-6323

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically to the individuals listed on the August 18, 2005 master service list on this the 6th of September 2005.

        /s/ Kenneth C. Meeker
        Kenneth C. Meeker