UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | ) Case No. 05-03817 |
|  | ) (Jointly Administered) |
| WINN-DIXIE STORES, INC., et al. | ) |
|  | ) Chapter 11 |
|  | ) |
| Debtors. | ) |

VERIFIED STATEMENT PURSUANT TO RULE 2019
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure, Duane Morris LLP, hereby submits this Verified Statement and represents as follows:

1. On or about February 21, 2005 ("Petition Date"), Winn-Dixie Stores, Inc. and certain of its subsidiaries (collectively, the "Debtors") commenced cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On or about April 13, 2005, an order was signed granting the Motion for Transfer of Venue of The Debtors' Cases to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

3. Duane Morris LLP currently represents the following individual clients (the "Clients") in the above-captioned bankruptcy cases:

    a.    CapMark Services, Inc., as authorized agent of Swiss Re Asset Management (Americas) Inc. f/k/a Swiss Re Investors, Inc., as agent of Reassure America Life Insurance Company, successor-in-interest to Royal Maccabees Life Insurance Company c/o GMAC Commercial Mortgage Corporation ("CapMark")
Three Ravinia Drive, Suite 200
Atlanta, GA 30346
Attention: Susan C. Tarnower, Esquire

    b.    ACE Insurance Company ("ACE")

PH1\1485437.1

      c/o ACE USA, TL35M
      1601 Chestnut Street
      P.O. Box 41484
      Philadelphia, PA 19101-1484
      Attention: Robert Turrin, Esquire

  c. Principal Mutual Life Insurance Company f/k/a ("Principal")
      c/o The Principal Financial Group
      711 High Street
      Des Moines, IA 50392-0001
      Attention: Stephen G. Skrivanek, Esquire

  4. CapMark is a servicer for certain lenders who pursuant to certain loan documents and assignment of leases were assigned the rights of their borrowers as lessors under certain leases to which the Debtors are the lessees.

  5. The claims of ACE arise out of certain insurance policies issued by ACE, as insurer, to the Debtors, as insureds.

  6. The claims of Principal arise out of certain loan documents and assignment of leases pursuant to which the Principal, as lender, was assigned the rights of its borrowers as lessors under certain leases to which the Debtors are the lessees.

  7. All of the Clients have requested that Duane Morris LLP represent them in this case.

  8. Duane Morris LLP does not hold any claim against, or own any interest in, the Debtors, nor has it at any time held any such claim or owned any such interest.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

I, Wendy M. Simkulak, declare under penalty of perjury that I am an attorney at Duane Morris LLP and that I have read the foregoing statement and that it is true and correct to the best of my knowledge, information and belief.

Dated: September 7, 2005

By: /s/ Wendy M. Simkulak
Paul L. Orshan, Esquire
Florida Bar No. 776203
plorshan@duanemorris.com
DUANE, MORRIS, LLP
200 S. Biscayne Boulevard
Suite 3400
Miami, FL 33131
Tel: 305.960.2200
Fax: 305.960.2201

and

DUANE MORRIS LLP
Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
mnreed@duanemorris.com
wmsimkulak@duanemorris.com