## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 3-05-bk-03817-JAF |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### APPLICATION FOR AN ORDER PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE NUNC PRO TUNC EMPLOYMENT AND RETENTION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP AS LEGAL COUNSEL FOR THE EQUITY SECURITY HOLDERS COMMITTEE

The Equity Security Holders Committee (the "**Equity Committee**") respectfully represents:

### SUMMARY OF RELIEF REQUESTED

1.      By this application (the "**Application**"), the Equity Committee requests that this Court enter an order pursuant to 11 U.S.C. § 1103(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure authorizing the Equity Committee's *nunc pro tunc* employment and retention of Paul, Hastings, Janofsky & Walker LLP ("**Paul Hastings**" or the "**Firm**") as its legal counsel in these chapter 11 proceedings effective as of August 18, 2005.

### JURISDICTION

2.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.     On February 21, 2005 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11, title 11, of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"). Each Debtor is continuing to operate its business and manage its properties as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

4.     The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the names "Winn-Dixie" and "Winn-Dixie Marketplace." According to published reports, the Debtors are the eighth largest food retailer in the United States and one of the largest in the Southeast. The Debtors' business was founded in 1925 with a single story and has grown through acquisitions and internal expansions to encompass over 1,000 stores.

5.     On August 17, 2005, pursuant to Section 1102 of the Bankruptcy Code, the United States Trustee appointed the Equity Committee and designated the following five members to serve: (a) Brandes Investment Partners, L.P., (b) Houston N. Maddox, (c) Poul Madsen, (d) Michael Nakonechny, and (e) Kenneth M. Thomas. At the organizational meeting, the Equity Committee duly selected Paul Hastings as counsel to represent it during these chapter 11 cases.

6.     The Equity Committee's primary duty is to assure adequate representation of equity security holders in these chapter 11 cases. Pursuant to Section 1102 of the Bankruptcy Code, the Equity Committee may:

(a) consult with the trustee or debtor-in-possession concerning the administration of the case;

(b) investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operations of the debtor and the desirability of the continuance of such business and any other matter relevant to the case or to the formulation of a plan;

(c) participate in the formulation of a plan, advise those represented by such committee of the committee's determination as to any plan formulated, and collect and file with the court acceptances or rejections of a plan; and

(d) perform such other services as are in the interest of those represented.

In sum, the Equity Committee has the power to engage in any of the above-listed acts in furtherance of representing the equity security holders in these chapter 11 cases.

## RETENTION OF PAUL, HASTINGS, JANOFSKY & WALKER, LLP

7.      The Equity Committee requests that the Court approve the employment of Paul Hastings in accordance with the terms and conditions set forth in (a) this Application, and (b) the Affidavit of Karol K. Denniston submitted concurrently herewith (the "**Denniston Affidavit**").

8.      The Equity Committee seeks to retain Paul Hastings as legal counsel pursuant to Bankruptcy Code section 1103(a) to perform the following services (collectively, the "**Legal Counsel Matters**"), subject to the control and further order of this Court:

(a)     advise the Equity Committee with respect to its rights, powers, and duties in these cases,

(b)     assist the Equity Committee in analyzing its claims and interests and in negotiating with creditors and the Debtors,

(c)     assist the Equity Committee in its analysis of, and negotiations with, the Debtors or any third parties concerning matters related to, among other things, the terms of any chapter 11 plan of reorganization or liquidation,

(d)     assist and advise the Equity Committee with respect to its communications with the general equity body regarding significant matters in these cases,

    (e)    review, analyze, and advise the Equity Committee with respect to documents filed with the Court, and make appearances with respect thereto, as necessary,

    (f)    assist the Equity Committee in preparing pleadings and applications as may be necessary in furtherance of the Equity Committee's interests and objectives, and make appearances with respect to, as necessary, and

    (g)    perform such other legal services as may be required and are deemed to be in the interests of the Equity Committee in accordance with the Equity Committee's powers and duties.

The services described in the above nonexclusive listing are essential to the Equity Committee's successful representation in these cases. The Equity Committee may, from time to time, request that the Firm undertake specific matters beyond the scope of its typical duties as Legal Counsel. Should the Firm agree in its discretion to undertake any such specific matters, the Equity Committee seeks authority herein to employ the Firm for such matters, in addition to those set forth above without further order of this Court.

    9.    Paul Hastings' proposed representation of the Equity Committee does not extend to the representation of any equity security holder on an individual basis or to the representation of any Equity Committee member on an individual basis. Nor will Paul Hastings be responsible for the provision of legal advice within, among others, the tax, tort, employment, or criminal law fields.

    10.    Paul Hastings was one of several firms interviewed by the Equity Committee. Paul Hastings' selection was based on the established experience in representing secured and unsecured creditors, acquirers and other parties in interest in contentious and

consensual Chapter 11 cases, workouts and restructurings, and other matters relating to financially distressed companies.

11.     Of particular note to the members of the Equity Committee was Paul Hastings' representation of NorthWestern Corporation ("**NorthWestern**") in its chapter 11 case, Case No. 03-12872, pending before the United States Bankruptcy Court for the District of Delaware (the "**NorthWestern Case**"). The NorthWestern Case involved active participation by equity holders and subordinated debt holders, including, but not limited to, the equity holders' contested request for the appointment of an official committee of equity holders and a contested confirmation hearing. During NorthWestern's bankruptcy proceeding both the subordinated debt holders and the equity holders contested the valuation of NorthWestern's business. As a result, Paul Hastings' assisted in responding to discovery requests, retaining and preparing expert witnesses and analyzing the valuations presented by other parties. Paul Hastings' experience representing a debtor in connection with contested valuation analyses and confirmation hearing provides the Equity Committee with a unique perspective on these proceedings.

12.     To the best of the Equity Committees' knowledge, Paul Hastings is qualified to serve as legal counsel to the Equity Committee pursuant to section 1103(a) of the Bankruptcy Code.

13.     The Paul Hastings attorneys in charge of this engagement are James D. Wareham, Thomas R. Pollock and Karol K. Denniston

14.     James D. Wareham is Global Chairman of Paul Hastings' Litigation Department. Mr. Wareham has served as lead counsel in the defense of numerous securities class action suits, government investigations and complex civil cases, such as those initiated by the Securities Exchange Commission. While at his prior law firm Mr. Wareham served as lead counsel for Laidlaw, Inc., during its two (2) year Chapter 11 reorganization. Laidlaw, Inc. filed

in Buffalo, New York and emerged from bankruptcy in July 2003. As lead counsel, Mr. Wareham had an integral role in negotiating the plan of reorganization.

15.    Thomas R. Pollock is a Partner in Paul Hastings' National Corporate Finance Practice Group and is co-chair of the Capital Markets Practice Group. He has extensive experience in public and private securities offerings, merger and acquisition transactions, the formation of venture and leveraged buyout interests, leveraged and non-leveraged acquisitions, spin-offs and dispositions, and workout situations.

16.    Karol K. Denniston is a Partner in Paul Hastings' Finance and Restructuring Group. Ms. Denniston's practice focuses on chapter 11 cases both from a debtor and creditor perspective and on international distressed debt, insolvencies and restructuring. Ms. Denniston routinely provides bankruptcy analysis and advice in connection with international and domestic restructurings both in and out of court. Ms. Denniston was one of the lead bankruptcy lawyers in the NorthWestern Case and is experienced in representing committees and in dealing with contested valuations in chapter 11 reorganizations. Ms. Denniston has over 20 years of experience as a bankruptcy lawyer.

17.    All attorneys comprising or associated with the Firm who will render services in these cases are duly admitted to practice law in at least one of the United States or the District of Columbia. Additionally, the Paul Hastings attorneys who will render services in these chapter 11 cases are admitted to practice before this Court or shall seek Special Admission to Practice in accordance with Local Rule 2090-1(c) of the United States Bankruptcy Court for the Middle District of Florida.

18.    The Firm commenced services for the Equity Committee on or about August 18, 2005.

19.     Accordingly, the Equity Committee believes that Paul Hastings is both well qualified and uniquely able to represent the Equity Committee in these chapter 11 cases in an efficient and timely manner, and such representation will be in the best interests of the equity security holders, these estates, their creditors and other parties in interest.

### NO ADVERSE INTEREST

20.     To the best of the Equity Committee's knowledge, except as set forth in the Denniston Affidavit, Paul Hastings does not: (a) represent or hold any interest adverse to the Equity Committee with respect to the matters on which Paul Hastings seeks to be employed; or (b) have any connection with the Equity Committee, the Debtors, any creditors or other parties in interest, their respective attorneys and accountants, or the United States Trustee or any of its employees.

21.     As discussed in the Denniston Affidavit, Paul Hastings in the past has rendered legal services to Brandes Investment Partners, LP ("**Brandes**"), which is an equity security holder in the Winn-Dixie Stores, Inc.  Greg Rippel, a member of the Equity Committee, is affiliated with Brandes.  In the past, Paul Hastings represented Brandes and/or its affiliates with respect to general partnership matters, including, real property lease negotiations, labor issues and the creation and sale of investment entities.  However, Paul Hastings has not represented Brandes with respect to such general partnership matters for several years.  Paul Hastings currently represents the Brandes Investment Trust, a separate legal entity with its own board of trustees and wholly independent of Brandes, in connection with various contract matters unrelated to the Legal Counsel Matters.  The representation of Brandes Investment Trust generated less than $100,000 in revenue during the fiscal year ending January 31, 2005.  In addition, Paul Hastings represents Charles H. Brandes, principal with Brandes, in connection with various real estate transactions wholly unrelated to the Legal Counsel Matters.  The

representation of Charles H. Brandes accounted for approximately $55,000 of Paul Hastings' revenues for the fiscal year ending January 31, 2005.  No aspect of this prior representation is related to these chapter 11 cases.

## COMPENSATION AND REIMBURSEMENT

22.    Pursuant to the fee motion process and the Court's approval, Paul Hastings will charge the Equity Committee for legal services rendered on an hourly basis in accordance with the Firm's ordinary and customary hourly rates in effect on the date the services are rendered.  The Paul Hastings attorneys expected to be most active in the Debtors' chapter 11 cases and their current respective hourly rates include:

| | |
|---|---|
| James D. Wareham, Litigation, Partner, Washington, D.C. | $675 per hour |
| Thomas R. Pollock, Corporate, Partner, San Francisco | $675 per hour |
| Jesse H. Austin III, Corporate, Partner, Atlanta | $680 per hour |
| Karol K. Denniston, Corporate, Partner, Atlanta | $505 per hour |
| Ann M. Miller, Corporate, Associate, San Francisco | $400 per hour |
| Carolyn C. Chayavadhanangkur, Corporate, Associate, Atlanta | $340 per hour |
| Toronda M. Silas, Corporate, Associate, Atlanta | $260 per hour |

23.    Additional attorneys and legal assistants will be staffed to work on this representation as necessary.

24.    The hourly rate of each professional working on these cases will be clearly reflected in monthly, interim and final fee motions.  Usual and necessary expenses as are charged to all Paul Hastings clients will be set forth in detail as part of the fee motions process.

25.    The hourly rates set forth above are Paul Hastings' national hourly rates for work of this nature.  These hourly rates are subject to periodic review and change, generally annually, to reflect changes in the economy, experience, and other factors.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval,

photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Paul Hastings to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as secretarial, overtime, and other ordinary overhead expenses. Paul Hastings will charge the Equity Committee for these expenses in a manner and at rates consistent with charges made generally to Paul Hastings' other clients. Paul Hastings believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## NOTICE

26.     Notice of this Application has been provided to (i) counsel for the Debtors, (ii) counsel to the Official Committee of Unsecured Creditors, (iii) counsel to the United States Trustee, (iv) counsel for the Debtors' postpetition secured lenders, and (v) the other parties in interest named on the Master Service List maintained in these cases. In light of the nature of the relief requested, the Equity Committee submits that no further notice need be given.

## NO PRIOR MOTION

27.     No previous motion for the relief sought herein has been made to this or to any other court.

[CONCLUDED ON NEXT PAGE]

WHEREFORE, the Equity Committee requests entry of the attached order granting the relief requested herein and such other and further relief as is just.

Dated: _Sphh 7_____, 2005.

PAUL, HASTINGS, JANOFSKY & WALKER, LLP

By: _____
James D. Wareham,
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1728
Facsimile: (202) 551-0528

*Proposed Counsel for the Equity Committee*

**JENNIS & BOWEN, P.L.**


By:     /s/David Jennis
          David Jennis
          Fla. Bar No. 775940
          400 North Ashley Drive
          Suite 2540
          Tampa, FL 33602
          Telephone: (813) 229-1700
          Facsimile: (813) 229-1707
          djennis@jennisbowen.com


*Proposed Co-Counsel for the Equity Committee*