UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

### AFFIDAVIT OF KAROL K. DENNISTON

Karol K. Denniston, being duly sworn, deposes and says:

1. I am a partner in the Atlanta, Georgia office of the law firm of Paul, Hastings, Janofsky & Walker LLP ("**Paul Hastings**" or the "**Firm**"), which is located at 600 Peachtree Street, 24th Floor, Atlanta, Georgia 30308. I have been duly admitted to practice law in Texas and West Virginia since 1985, in California since 1988 and in Georgia since 2003. I am also admitted in England and Wales This Affidavit is submitted in support of the *Application for an Order Pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Nunc Pro Tunc Employment and Retention of Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Equity Security Holders Committee* (the "**Application**"), filed by the Equity Security Holders Committee (the "**Equity Committee**").

2. The facts set forth below are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the Firm's client/matter records reviewed by me or other Paul Hastings attorneys acting under my supervision and direction. To the extent any information disclosed herein requires amendment or modification upon Paul Hastings' completion of further review or as additional

ATL/1131430.4

information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

3. The Equity Committee has filed the Application to retain Paul Hastings (subject to this Court's approval) as legal counsel to provide the following services (collectively, the "**Legal Counsel Matters**"), to the extent necessary and as requested by the Equity Committee:

    (a)    advise the Equity Committee with respect to its rights, powers, and duties in these cases,

    (b)    assist the Equity Committee in analyzing its claims and interests and in negotiating with creditors and the Debtors,

    (c)    assist the Equity Committee in its analysis of, and negotiations with, the Debtors or any third parties concerning matters related to, among other things, the terms of any chapter 11 plan of reorganization or liquidation,

    (d)    assist and advise the Equity Committee with respect to its communications with the general equity body regarding significant matters in these cases,

    (e)    review, analyze, and advise the Equity Committee with respect to, documents filed with the Court, and make appearances with respect thereto, as necessary,

    (f)    assist the Equity Committee in preparing pleadings and applications as may be necessary in furtherance of the Equity

>
> Committee's interests and objectives, and make appearances with respect thereto, as necessary, and
>
> (g) perform such other legal services as may be required and are deemed to be in the interests of the Equity Committee in accordance with the Equity Committee's powers and duties.

4. Paul Hastings' proposed representation of the Equity Committee does not extend to the representation of any equity security holder on an individual basis or to the representation of any Equity Committee member on an individual basis. Nor will Paul Hastings be responsible for the provision of legal advice within the, among others, tax, tort, employment, or criminal law fields.

5. The Firm commenced services for the Equity Committee on August 18, 2005.

## Paul Hastings' Disclosure Procedures

6. Paul Hastings has in the past represented, currently represents, and may in the future represent entities that are competitors of one or more of the members of the Equity Committee, vendors to one or more of the members of the Equity Committee, claimants or interest holders of the Equity Committee or otherwise have an interest in these cases. Paul Hastings has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.

7. In preparing this affidavit, I used a set of procedures developed by Paul Hastings to ensure compliance with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") regarding the

ATL/1131430.4                            -3-

retention of professionals by a debtor under the Bankruptcy Code (the "**Firm Disclosure Procedures**"). Pursuant to the Firm Disclosure Procedures, I performed, or caused to be performed, the actions described below to identify the parties relevant to this affidavit and to ascertain Paul Hastings' connection to such parties.

8. Paul Hastings' conflicts check system is designed to include the identity of related and adverse parties. Paul Hastings regularly updates this system. In preparing this affidavit, I submitted, or caused to be submitted, for review pursuant to our conflicts check system the names of all known parties in interest (collectively, the "**Parties in Interest**") in these cases, which the Equity Committee categorized as follows:

> **50 Largest Unsecured Claims**
>
> **Debtors and Affiliated Debtors**
>
> **Official Committee of Unsecured Creditors**
>
> **Equity Security Holders Committee**
>
> **DIP Lender Administrative Agent and Lenders**

The list of Parties in Interest was taken from the Debtors' bankruptcy schedules and the Court's record in these cases. The results of our conflict check were compiled and analyzed by Paul Hastings' attorneys acting under my supervision.

### Paul Hastings' Connections with Parties in Interest

9. To the best of my knowledge, based on the review procedures described above, Paul Hastings does not have any "connection" to the Parties in Interest except as described in this affidavit. Neither the term "connection," as used in Fed. R.

Bankr. P. 2014, nor the proper scope of a professional's search for "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure. Out of an abundance of caution, I am disclosing many representations, which are not, to my understanding, disqualifying or problematic under either section 1103(a) of the Bankruptcy Code or applicable standards of professional ethics.

          10. Neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any connection with the Equity Committee, the Debtors, the United States Trustee, or any Party in Interest, except as set forth below or otherwise in this affidavit:

    a. Paul Hastings has rendered legal services to Brandes Investment Partners, LP ("**Brandes**"), which is an equity security holder in Winn-Dixie Stores, Inc. Greg Rippel, a member of the Equity Committee, is affiliated with Brandes. In the past, Paul Hastings represented Brandes and/or its affiliates with respect to general partnership matters, including, real property lease negotiations, labor issues and the creation and sale of investment entities. However, Paul Hastings has not represented Brandes in connection with such general partnership matters for several years. Paul Hastings currently represents Brandes Investment Trust, a separate legal entity with its own board of trustee and wholly independent of Brandes, in connection with various contract matters unrelated to the Legal Counsel Matters. The representation of Brandes Investment Trust generated less than $100,000 in revenue during the fiscal year ending January 31, 2005. In addition, Paul Hastings represents Charles H. Brandes, principal with Brandes, in connection various real estate transactions wholly unrelated to the Legal Counsel Matters. The representation of Charles H. Brandes accounted for approximately $55,000 of Paul Hastings' revenues for the fiscal year ending January 31, 2005. To my knowledge, no aspect of either the prior representation or the current representations is in any way related to the Legal Counsel Matters. Paul Hastings may

continue to represent Brandes, specifically Brandes Investment Trust and Charles H. Brandes, in matters unrelated to the Legal Counsel Matters. Representation of Brandes in its totality accounted for less than 1% of Paul Hastings' revenues for the Firm's fiscal year ending January 31, 2005.

b. Wachovia Bank, N.A. is a syndicate member and administrative agent for the debtor-in-possession financing. Paul Hastings has in the past represented, and may continue to represent, Wachovia Bank, N.A. and/or its affiliates in matters unrelated to the Legal Counsel Matters. Wachovia Bank, N.A. accounted for less than 1% of Paul Hastings' revenues for the Firm's fiscal year ending January 31, 2005.

c. Paul Hastings represented GE Capital Corporation as a syndicate member in the Debtors' debtor-in-possession financing in these cases. Also, Paul Hastings has in the past represented, and may continue to represent, the General Electric Company and/or its affiliates (collectively, "**GE**") in matters unrelated to the Legal Counsel Matters. GE accounted for approximately 4.69% of Paul Hastings' revenues for the Firm's fiscal year ending January 31, 2005.

d. Paul Hastings recently represented an affiliate of Midland National Life Insurance Company (the "Midland Affiliate") in the sale of three loans, each of which is secured by a separate single tenant property leased to a Winn-Dixie subsidiary. Paul Hastings filed a proof of claim in the Winn-Dixie chapter 11 cases for an undetermined amount on behalf of the Midland Affiliate as a creditor of the landlord for Winn-Dixie. The loans are scheduled to be sold in September 2005, at which time any rights of the Midland Affiliate with respect to the proof of claim as filed will be assigned and Paul Hastings will cease to represent any interest of the Midland Affiliate in the Winn-Dixie chapter 11 cases. The Midland Affiliate accounted for less than 1% of Paul Hastings' revenues for the Firm's fiscal year ending January 31, 2005.

e. Annexed hereto as Exhibit A is a list of Parties in Interest (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters unrelated to the Legal Counsel Matters. Although Paul Hastings has represented, currently represents, and may continue to represent certain entities and individuals listed on Exhibit A hereto, Paul Hastings will not represent any such entity or individual in the Debtors' chapter 11 cases without the Equity Committee's

written consent, the United States Trustee's approval, and the Court's authorization. Each of the entities and individuals (and their affiliates) identified on Exhibit A for whom Paul Hastings has performed services accounted for less than 1% of Paul Hastings' revenues for the Firm's fiscal year ending January 31, 2005.

f. Paul Hastings has no knowledge of any facts or information derived from services provided to any of the entities identified on Exhibit A or in subparagraphs a through d above that would adversely affect Paul Hastings' representation of the Equity Committee in the Legal Counsel Matters.

g. I am informed that the Debtors have retained various professionals during the pendency of these cases. Over the past years, attorneys at the Firm may have worked with these professionals on various matters, representing either the same parties, parties with similar interests, or parties with adverse interests.

h. Given the number of attorneys in our offices, several attorneys at Paul Hastings have professional, working, or social relationships with firms or professionals at firms that may be adverse to the Equity Committee. In addition, several attorneys at Paul Hastings have spouses, parents, children, siblings, fiancés or fiancées who are attorneys at other law firms or companies. Also, certain attorneys at Paul Hastings may have spouses, parents, children, siblings, fiancés or fiancées who are employees of one or more of the Debtors. Paul Hastings has strict policies against disclosing confidential information to anyone outside of Paul Hastings, including spouses, parents, children, siblings, fiancés and fiancées.

i. Paul Hastings has approximately 950 attorneys and 2000 other employees. The Firm has U.S. offices in Washington, D.C., Atlanta, New York, Stamford, Los Angeles, Orange County, San Diego, San Francisco, and Palo Alto, and foreign offices in London, Paris, Brussels, Milan, Tokyo, Hong Kong, Shanghai, and Beijing. It is possible that certain Paul Hastings attorneys or employees hold interests in mutual funds or other investment vehicles that may own the Debtors' securities. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in these cases, because Paul Hastings is an international firm with hundreds of attorneys in seventeen offices, and because the Debtors are a multinational enterprise with thousands of

creditors and other relationships, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed.

11. I am not related to and, to the best of my knowledge, no other attorney at Paul Hastings is related to: (a) any United States Bankruptcy Judge for the Middle District of Florida, or any of the District Judges for the Middle District of Florida who handle bankruptcy cases, or (b) the United States Trustee for the Middle District of Florida or any person employed by the Office of such United States Trustee.

12. Based on the foregoing and except as provided herein, to the best of my knowledge, information and belief formed after reasonable inquiry, Paul Hastings does not: (a) represent or hold any interest adverse to the Equity Committee with respect to the matters on which Paul Hastings seeks to be employed; or (b) have any connection with the Equity Committee, any Debtors, any creditors or other parties in interest, their respective attorneys and accountants, or the United States Trustee for the Middle District of Florida or any person employed by the Office of such United States Trustee.

### Paul Hastings' Rates and Billing Practices

13. Paul Hastings has not received any promises as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Middle District of Florida, and the Guidelines established by the Office of the United States Trustee (the "**U.S. Trustee Guidelines**"), and as disclosed herein.

14. It is Paul Hastings' policy to charge its clients in all areas of practice for expenses incurred in connection with a client's case. The expenses charged

to clients include, among other things, photocopying charges, witness fees, document retrieval charges, travel and lodging expenses, charges for mailing supplies (including, without limitation, envelopes and labels), transcription costs, certain secretarial, overtime, and other overhead expenses, filing and recording fees, long distance and other telephone charges, postage, vendor charges, mail and express mail charges, special or hand delivery charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. Paul Hastings will charge the Equity Committee for these expenses in a manner and at rates consistent with charges made generally to its other clients, subject to this Court's approval of such expenses pursuant to Sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may from time to time be applicable, such procedures as may be fixed by Order of this Court, the U.S. Trustee Guidelines, and any Orders of this Court. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. The Firm will apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

16. Paul Hastings' hourly rates are set at a level designed to compensate it fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience, seniority, and location of the individuals assigned. Paul Hastings' current hourly rates, subject to change from time to time, range from $425 to $740 for partners, from $395 to $725 for

counsel, from $210 to $525 for associates, and from $105 to $305 for paraprofessionals and staff. Paul Hastings may, during the pendency of these cases, change these rates in the ordinary course of business. I believe that these rates are commensurate with the hourly rates of other firms of similar size and expertise.

17. The Paul Hastings attorneys expected to be most active in the Debtors' chapter 11 cases and their current standard hourly rates are:

| | |
|---|---|
| Karol K. Denniston, Litigation, Partner, Washington, D.C. | $675 per hour |
| Thomas R. Pollock, Corporate, Partner, San Francisco | $675 per hour |
| Jesse H. Austin III, Corporate, Partner, Atlanta | $680 per hour |
| Karol K. Denniston, Corporate, Partner, Atlanta | $505 per hour |
| Ann M. Miller, Corporate, Associate, San Francisco | $400 per hour |
| Carolyn C. Chayavadhanangkur, Corporate, Associate, Atlanta | $340 per hour |
| Toronda M. Silas, Corporate, Associate, Atlanta | $260 per hour |

18. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Equity Committee in connection with the Legal Counsel Matters.

19. Paul Hastings has not agreed to share any of its compensation from the Equity Committee with any other person, other than a partner, counsel, associate, or staff person employed by Paul Hastings as permitted by section 504 of the Bankruptcy Code. To my knowledge, the proposed retention of Paul Hastings is not prohibited by Federal Rule of Bankruptcy Procedure 5002.

[signature on next page]

Dated:    September 7, 2005

*Karol K. Denniston*
Karol K. Denniston
PAUL, HASTINGS, JANOFSKY &
WALKER LLP

SWORN TO AND SUBSCRIBED before
me this 7th day of September, 2005,

_____
Notary Public in and for DeKalb County, Georgia

My Commission Expires: January 27, 2007

## Exhibit A

**Interested Parties or Their Affiliates or Subsidiaries Whom Paul Hastings Represents or Has Represented in the Past in Matters Unrelated to the Matters on Which Paul Hastings Seeks to Be Retained**

**50 Largest Unsecured Claims**
Wachovia, N.A.
Kraft/Kraft Foods/Kraft Pizza/Nabisco - affiliated with Altria Group Inc.
Pepsico & Subsidiaries – affiliated with PepsiCo Inc.
Proctor & Gamble
Nestle/Nestle USA/Nestle Purina/Nestle Water – affiliated with Nestle SA
General Mills Inc.
Unilever/HPC USA/Best Foods - affiliated with Unilever NV PLC and George Weston Limited
Florida Coca-Cola (and all Coca Cola entities listed) - affiliated with The Coca Cola Company
ConAgra Grocery Products - affiliated with ConAgra Inc.
Kimberly Clark - affiliated with Kimberly Clark Corporation
US Bank Corp. - affiliated with US Bancorp.
Gourmet Award Foods Mid Atlantic - affiliated with Tree of Life Inc.
Good Humor Breyers Ice Cream - affiliated with Unilever NV PLC
Keebler Company - affiliated with Kellogg Company
Del Monte Foods USA - affiliated with The Andalex Group
Fin Tech - affiliated with FinTech Inc.
Gillette Company
Campbell Soup Co.
Georgia Pacific Corp.
Ross Laboratories - affiliated with Abbott Laboratories
Clorox Sales Co. KPD - affiliated with Clorox Company and Dial Corporation
Kellogg Sales Company - affiliated with Kellogg Company
Johnson & Johnson
Anderson News LLC - affiliated with Anco Management Services Inc.
Edy's Grand Ice Cream - affiliated with Nestle SA
Wyeth Consumer Healthcare - affiliated with Wyeth
Warner Lambert Consumer Group - affiliated with Pfizer Inc.
Gerber Products Company - affiliated with Novartis AG
Schering Plough Health Care - affiliated with Schering Plough Corporation
Wilmington Trust Corp.
Capital Research and Managment Company - affiliated with Capital Group Companies Inc.
Vanguard Group Inc.
Fortis Benefits Insurance Co. - affiliated with Fortis
Wellington Management Co. - affiliated with Wellington Management Company LLP

ATL/1131430.4

Securities Management & Research Inc. - affiliated with American National Insurance Company

**Official Committee of Unsecured Creditors**

Deutsche Bank Trust Company Americas - affiliated with Deutsche Bank AG
New Plan Excel Realty Trust Inc.
Kraft Foods Global Inc. - affiliated with Altria Group Inc.
Pepsico & Subsidiaries - affiliated with PepsiCo Inc.
OCM Opportunities Fund V LP - affiliated with Oaktree Capital Management LLC
Capital Research & Management Company - affiliated with Capital Group Companies Inc.

**Equity Security Holders**

Brandes Investment Partners, LP