IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                 :

                                       :      Case No.: 3-05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,           :      Chapter 11

                                         :      JOINTLY ADMINISTERED

         Debtor(s).                     :

                                         :

**LIMITED OBJECTION BY THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS TO THE DEBTORS' MOTION
FOR ORDER FURTHER EXTENDING EXCLUSIVE PERIODS
FOR FILING CHAPTER 11 PLANS AND OBTAINING
ACCEPTANCES OF SUCH PLANS**

COMES NOW that the Official Committee of Equity Security Holders appointed in the above-referenced bankruptcy proceedings (the "Equity Holders Committee") and files its objection (the "Objection") to the Motion for Order Further Extending Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 2981] (the "Motion") filed by the above-referenced debtors (the "Debtors"), and in support thereof respectfully shows as follows:

## BACKGROUND

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

ATL/1129778.2

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.

4.      On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

5.      On August 17, 2005, the Office of the United States Trustee appointed the Equity Holders Committee pursuant to section 1102(a) of the Bankruptcy Code. The Equity Holders Committee consist of the following members: (i) Brandes Investment Partners, L.P. Profit Sharing Plan; (ii) Houston N. Maddox; (iii) Poul Madsen; (iv) Michael Nakonechny; and (v) Kenneth M. Thomas. On August 24, 2005, the Equity Holders Committee selected Paul, Hastings, Janofsky & Walker LLP as proposed counsel.

## EXTENSIONS OF EXCLUSIVE PERIODS

6.      On or about June 16, 2005, the Court entered an Order Extending Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 1747]. Pursuant to the order, the exclusive period for the Debtors to propose plans of reorganization was extended to September 19, 2005 and the exclusive solicitation period was extended to November 21, 2005.

7.      On or about August 12, 2005, the Debtors filed the present Motion seeking entry of an order further extending the exclusive period to propose plans of reorganization (the "Exclusive Proposal Period") to and including December 19, 2005 and extending the exclusive period to solicit votes on such plans of reorganization (the "Exclusive Solicitation Period," together with the Exclusive Proposal Period, the "Exclusive Periods") to and including February 20, 2006.

## ARGUMENT

8.      The recently appointed Equity Holders Committee does not object to the granting of a 90-day extension of the Exclusive Periods provided that during such extended period the Debtors provide the Equity Holders Committee with information regarding any proposed plan of reorganization.  During the 90-day extension of the Exclusive Periods, the Equity Holders Committee request access to information regarding the Debtors, including, but not limited to, the following:

      a.      all valuations or appraisals of the Debtors, any of their affiliates or subsidiaries or any of their assets.

      b.      all documents related to the market area reduction program and its implementation.

      c.      all documents presented to the Debtors by the Debtors' investment bankers, accountants or other advisors in connection with, but not limited to, the market area reduction program, sale of assets, debtor-in-possession financing, including valuations relating to cash flows and/or asset values.

      d.      all documents concerning any actual, potential or contemplated financing of the Debtors.

      e.      all documents concerning the Debtors' net operating losses.

      f.      all documents concerning any offers for sale of the Debtors, in whole or in part.

      g.      all documents concerning any business plans or proposed plan of reorganization.

9.      As set forth above, the Equity Holders Committee does not object to the present

Motion, provided, that the Equity Holders Committee is granted access to requested information

during the extended period.  However, the Equity Holders Committee does intend to object to

any further requests for extensions of the Exclusive Periods to the extent the Debtors (i) fail to

provide access to information including, but not limited to, any plan of reorganization, valuation

of operations and the implementation of the market area reduction program; (ii) fail to present

any new evidence as to the substantial progress toward the filing of a consensual plan of

reorganization negotiated among the Debtors, creditors and interest holders; and (iii) continue to

sell significant assets and implement the market area reduction program without providing any

information regarding the structure and status of a proposed plan of reorganization.[1]

---

[1] See In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("[i]n establishing cause, the debtor bears the burden of proof. Extensions are not to be granted neither routinely or cavalierly").

Respectfully submitted this 7th day of September, 2005

PAUL, HASTINGS, JANOFSKY & WALKER LLP

Karol K. Denniston
Ga. Bar Number 218333
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
karolkdenniston@paulhastings.com

- and -

JENNIS & BOWEN, P.L.

     /s/David Jennis
David Jennis
Fla. Bar No. 775940
400 North Ashley Drive
Suite 2540
Tampa, FL 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707
djennis@jennisbowen.com

- and -

DOUGLAS D. CHUNN, P.A.
Douglas D. Chunn
Fla. Bar No. 172586
One Independent Drive, Suite 3201
Jacksonville, FL 32202
Telephone: (904) 355-8800
dchunn@chunnlaw.com