UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

ORDER SUSTAINING IN PART AND OVERRULING IN PART
OBJECTION BY COMPUTER LEASING COMPANY OF MICHIGAN, INC. TO
DEBTORS' AMENDED MOTION FOR ORDER AUTHORIZING THE DEBTORS
(I) TO SELL LEASEHOLD INTERESTS IN TARGETED STORES FREE AND
CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (II) TO
ASSUME AND ASSIGN LEASES (III) TO REJECT TARGETED LEASES THE
DEBTORS ARE UNABLE TO SELL, AND (IV) GRANING RELATED RELIEF

These cases came before the Court for hearing on August 26, 2005, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to sell leasehold interests in Targeted Stores free and clear of liens, claims and interests, to assume and assign leases, and to reject Targeted Leases the Debtors are unable to sell (the "Motion").[1] . Computer Leasing Company of Michigan, Inc., ("CLC") filed an objection (Docket No. 3114) requesting that the Court deny the Motion unless the Debtors first assume or reject CLC's unexpired personal property lease (the "Lease") or provide CLC with adequate protection of CLC's interest in their leased equipment (the "Objection"). Counsel for the Debtors represented to the Court that the Debtors had no intention of selling or disposing any of the Leased Equipment and instead, would return the Leased Equipment to CLC when the Targeted Stores were sold or vacated. The Court has read the Motion and the Objection

---

[1] All capitalized terms not otherwise defined in this order will have the meaning ascribed to them in the Motion.

and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that the Objection should be sustained in part and denied in part. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Objection is sustained to the extent CLC seeks adequate protection of its interest in the Leased Equipment and overruled to the extent CLC seeks an order requiring the Debtors to assume or reject the Lease before the Motion is granted.

2. As adequate protection of CLC's interest in the Leased Equipment, the Debtors' will notify CLC at least 48 hours before the Debtors vacate any stores which contain CLC's Leased Equipment and make arrangements with CLC to return the Leased Equipment in accordance with the terms of the Lease, unless the Debtors and CLC agree to different procedures.

3. The Objection is overruled in all other respects.

4. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ___7___ day of September, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge