UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3FI |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

**PETITIONER'S MOTION FOR EQUITABLE RELIEF IN PERMITTING THE COURT TO CONSIDER, OUT OF TIME, PETITIONER'S OBJECTION TO DEBTOR'S CURE AMOUNT AS TO WINN DIXIE STORE #1547 AS WELL AS GRANTING RELATED RELIEF**

In support of the Motion, **Petitioner**, **La Sala Pinebrook Associates, L.P.** respectfully represents:

1. The undersigned, Anthony J. La Sala is the General Partner of the Petitioner, La Sala Pinebrook Associates, L.P., the Landlord of Winn Dixie Store #1547.

## JULY 1, 2005 MOTION

2. On or about July 1, 2005, Debtors filed a **Motion** with the Court entitled "**DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT FROM TAXES, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF LEASES AND CONTRACTS AND (C) GRANTING RELATED RELIEF**" ("**Motion**")

## BACK GROUND

3. The **July 1, 2005 Motion** stated, *inter alia*:

   (a) the Landlord was to be served with a copy of the Motion.

    (b)    the Debtor set forth in Exhibit "F" of the Motion, a Schedule of Cure Amounts as to the Winn Dixie Stores being sold, including the Cure Amount for Store #1547. (Debtors claim that the Cure Amount for Store # 1547 was $22,542.81.)

    (c)    any Landlord who disputes the Cure Amount was required to file an Objection to the Motion on or before July 14, 2005.

    (d)    at some date in the future, all objections to the proposed cure amounts "were to be adjudicated by the Court at a hearing to be separately noticed by the Debtors (the 'Cure Hearing')"

    (e)    "If a Landlord fails to timely file and serve an objection to the Motion contesting its scheduled cure, the Landlord will be deemed to have consented to the cure for its respective lease as scheduled on Exhibit "F" and will be barred from asserting a larger claim for such cure."

## CHAPTER 11 FILINGS

4.    During the course of these proceedings, the parties, including Petitioner, have been inundated with reams of filed papers, amendments, motions, orders, notices and other filings.  Many of the filings were sent to the Petitioner by regular mail, several of the envelopes were miss labeled as to the addresses, some of the filings were hundreds of pages in length and were not clipped, stapled together, nor were the papers collated and divided in proper order and were not properly paginated and labeled.

5. The undersigned Anthony J. La Sala represents to the Court that the Landlord was never aware of the Motion and the requirement of the Landlord to file an objection of the Cure Amount until after July 15, 2005. Apparently, the Motion papers were mailed by regular mail to the Landlord and "buried" into the filings made by the parties to this Action. It was not until after August 1, 2005 that the Petitioner actually obtained and read the requirement that Landlord had fifteen (15) days (i.e. until July 15, 2005) from the original filing. At best case, assuming the Motion was mailed to Petitioner on July 1, 2005 (which I do not concede) Petitioner would have an approximately 10 to 13 days to research, prepare and file its objection.

6. It must be emphasized that the Court has not yet set down this matter for a Cure Hearing. Therefore, no harm can result from Petitioner's instant application for the Court to consider this petitioner's objections to the Cure Amount.

7. For the reasons set forth below, the Landlord, La Sala Pinebrook Associates, L.P., respectfully requests equitable relief of the Court in permitting the Landlord to file and state its cure objections when the Court sets the Cure Hearings down for hearing.

8. The undersigned represents to the Court that the Landlord did not have the month of July to read the Motion outlined above, including Exhibit "F" entitled "Schedule of Cure Amounts". In particular, the motion papers reflected an amount of $22,541.81. In fact, the correct cure amount due La Sala Pinebrook Associates, L.P. is $41,577.73. See attached Exhibit "A". <u>THIS CURE AMOUNT HAS NEVER BEEN DISPUTED BY WINN DIXIE</u> nor has Debtor explained why its cure amount differs from Petitioner's amount. Petitioner wrongfully was under the impression that its filing of the Proof Of

Claim, satisfied its requirement to timely object to the Cure Amounts prepared and filed by Debtors. The Proof of Claim was timely filed by Petitioner on July 27, 2005.

9. Numerous calls were made to the Debtor's Attorneys and representatives during July, 2005 explaining Petitioner's position (without the Petitioner's knowledge of the existence of the Motion). Petitioner assumed that the Proof of Claim, which was timely filed by it, satisfied its transmittal of its objection to the Cure Amount Claim.

## **CURE AMOUNT**

10. Under the terms of the Lease Agreement, Winn Dixie was billed for 2004 (i) Common Area Maintenance in the amount of $20,250.00, (ii) Real Estate Taxes in the amount of $29,925.84, and (iii) Insurance in the amount of $8,690.38 on February 2, 2005, all on the same invoice, for a total reimbursement due to Landlord in the amount of $58,866.22. The Pre-Petition Claim for the period January 1, 2005 to February 21, 2005 is estimated to be $8,588.33 (estimated Real Estate Taxes $4,263.41, estimated CAM $2,884.93 and Insurance $1,439.99). A copy of the Proof of Claim was filed with Logan and Company, Inc. as Agent for U.S. Bankruptcy Court Middle District of Florida on July 27, 2005.

The motion papers reflected a Cure Amount due to Landlord in the amount of $22,541.81. In fact, the correct cure amount, at that time due LaSala Pinebrook Associates LP was $58,866.22 as reflected in the February 2, 2005 invoice previously submitted to Winn Dixie for 2004 Common Area Maintenance, Real Estate Taxes, and Insurance due.

On July 26, 2005, Landlord submitted a Proof of Claim indicating the $58,866.22 due for 2004, plus an estimated $8,588.33 due for the period of January 1, 2005 through February 21, 2005, the "pre-petition" period, for a total claim of $67,454.55.

On or about August 1st, Winn Dixie sold its lease to Associated Groceries. At the closing, Winn Dixie acknowledged to Landlord, without explanation, rational or reasoning, that the real estate tax amount of $29,925.84 was not included in its computation of the amount due, nor was $6,398.61 of the common area maintenance charges included in Debtor's computations.

Winn Dixie ultimately remitted to Landlord the 2004 real estate tax in full, the 2004 insurance in full, and $13,851.39 of common area charges, for a total payment received by the Landlord in the amount of $52,467.61.

The 2004 balance due of $6,398.61 remains unpaid, as well as $8,588.33 of the 2005 "pre-petition" estimates due, as well as the "post-petition" amount due from February 22, 2005 through August 1, 2004 (closing date) in the amount of $26,590.80, making a total due of $41,577.74 as the Cure Amount due.

11.    There was subsequent correspondence by Landlord with Winn Dixie representative Jay Archambault, regarding specific back up requested. All questions of Winn Dixie were responded to and additional back up documentation sent. To my knowledge, there was no dispute on the reimbursements due the Landlord.

**PROOF OF CLAIM**

12.     Winn Dixie filed for bankruptcy protection under Chapter 11 on February 21, 2005.

13.     Sometime in June 2005, the Landlord received two "Proof of Claim" forms addressed as follows:

>   La Sala Pinebrook Associates, LP
>   c/o AFI Management
>   1410 Valley Road
>   Wayne, NJ  07470

14.     The "Proof of Claim" forms had two different Creditor ID numbers.

15.     The first "Proof of Claim" form had Creditor ID #WDX-1539-B1-07 - #19947892.  In the right hand box it listed the Unsecured Non-Priority Claim Scheduled Amount is $0.00.

16.     The second "Proof of Claim" form had Creditor ID# WDX-254451-B1-12-#19951487.  In the right hand box it listed the Unsecured Non-Priority Claim Scheduled Amount if $22,541.81.

17.     The "Proof of Claim" form stated the "Deadline For Filing Proofs Of Claim Is: August 1, 2005 at 5:00 Eastern Time.

18.     The Landlord filed a "Proof of Claim" on July 26, 2005 via Federal Express to the location indicated on the claim form.

19.     Some time in early July, a package was sent to the landlord, with information regarding all rejected leases. These leases were to be put up for auction on August 2, 2005. In that document there was a schedule indicating the claim amount. The claim was listed as on $22,541.81.

20.     The Landlord was instructed to file a "cure claim" by July 14, 2005 if they disputed the amount.

21.     The Landlord was not aware of this notice and proceeded to file a "Proof of Claim" prior to the August 1st deadline. Included in the proof of claim was the entire 2004 balance, plus an estimate of 2005 reimbursements due for the pre-petition period of January 1, 2005 – February 21, 2005.

22.     I call to the Court's attention that in a Court Order relating to the sale of Winn Dixie stores to Associated Wholesale Grocers, Inc. and Alex Lee, Inc., the Court stated that there were only three Objections filed by Landlords. It is clear that the other Landlords other than Petitioner were equally confused as to the Motion. Exhibit "F" of the Motion on its face has clear errors and mistakes relating to the amount of Cure Claims due the various Landlords, including Petitioner. In fact, Debtor itself has amended its Cure Claim for the instant Store #1547 from $22,541.81 to $41,577.73 without any collaboration, explanation or discussion with Petitioner.

23.     In this matter, the disposition of a Cure Claim relating to Pre-Petition rents amounts to a simple computation of the following unpaid rents of Winn Dixie Store #1547:

    (a)     Basic Rent

      (b)      reimbursement of real estate taxes paid

      (c)      reimbursement of insurance paid

      (d)      reimbursement of CAM paid

(See attached Exhibit "A".)

Under the Lease in question, Winn Dixie is responsible for payment of base rent and 56.7813% of real estate taxes, CAM and insurances. None of these amounts are in dispute between Landlord and Winn Dixie and the amounts are easily computed arithmetically.

24.      Petitioner requests that in lieu of a Pre-Petition "Cure Hearing" requiring attendance in Florida, Petitioner respectfully requests that the Court order the Landlord and a representative of Debtor resolve the correct claim amount by correspondence and good faith discussion. If the parties are unable to resolve the Cure Claim Amount, the matter can be set down for hearing and/or disposition by the Court. Petitioner respectfully submits that the costly necessity of attendance at a hearing can be easily avoided and the issue resolved quickly and efficiently and without the necessity of a court Hearing requiring a New Jersey Creditor (i.e. Landlord) to appear in court at a Hearing in Florida.

## CONCLUSION

For the foregoing reasons, Petitioner La Sala Pinebrook Associates, L.P. respectfully requests that on the basis of equity, fairness and due process, Petitioner be permitted to enter its Objection to the Cure Claim Amounts offered by Debtor.

Dated: September 2, 2005

## Notice

Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) Co-Attorneys for Debtors as follows:

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| D. J. Baker | Stephen D. Busey |
| Rosalie W. Gray | James H. Post |
| Eric M. Davis | Cynthia C. Jackson |
| Four Times Square | Eric N. McKay |
| New York, NY 10036 | 225 Water Street, Suite 1800 |
| (212) 735-3000 | Jacksonville Florida 32202 |
| (212) 735-2000 (facsimile) | (904) 359-7700 |
| Co-Attorneys for Debtors | (904) 359-7708 (facsimile) |
| | Co-Attorneys for Debtors |

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit "B" directing the Debtor and Landlord to resolve the issues stated in good faith discussion and /or granting Landlord's application to be heard at a Cure Claim Hearing as to the issues raised herein; and (ii) grant such other and further relief as is just and proper.

Dated:                                                                                    **PETITIONER:**

LA SALA PINEBROOK ASSOCIATES, LP

By: _____
    Anthony J. La Sala
    1410 Valley Road
    Wayne, New Jersey 07470
    (973) 696-7499
    (973) 696-1428 (facsimile)

By: _____
    Maria J. La Sala, Esq.
    1410 Valley Road
    Wayne, New Jersey  07470
    (973) 696-7499
    (973) 696-1428 (facsimile)
    Attorney for Petitioner

| | | | |
|---|---|---|---|
| Landlord: | LASALA PINEBROOK ASSOCIATES | | |
| | 1410 VALLEY ROAD | | |
| | WAYNE NJ 07470 | | |
| | (973) 696-7499 | | |
| Re: | WINN DIXIE #1547 | | |
| Location: | PINEVILLE LA | | |

**I   PRE PETITION CLAIM:**

**(a)   2004 CALENDAR YEAR**

| | | | | |
|---|---|---|---|---|
| | (i) | REAL ESTATE TAX | 29,925.84 | |
| | (ii) | COMMON AREA MAINTENANCE | 20,250.00 | |
| | (iii) | INSURANCE | 8,690.38 | |
| | | TOTAL | | **58,866.22** |

**(b)   PERIOD 1/1/05 - 2/21/05  (52 DAYS)**

| | | | | |
|---|---|---|---|---|
| | (i) | REAL ESTATE TAX   (2004) * | 4,263.41 | |
| | (ii) | COMMON AREA MAINTENANCE (2004) * | 2,884.93 | |
| | (iii) | INSURANCE  (2005) | 1,439.99 | |
| | | TOTAL ESTIMATE DUE THROUGH 8/1/05 | | **8,588.33** |

**TOTAL PRE PETITION CLAIM:**                                                                                                   **$67,454.55**

**II   POST PETITION CLAIM:**

**(a)   2/22/05 - 8/1/05  (161 DAYS)**

| | | | | |
|---|---|---|---|---|
| | (i) | REAL ESTATE TAX  * | 13,200.17 | |
| | (ii) | COMMON AREA MAINTENANCE * | 8,932.19 | |
| | (iii) | INSURANCE | 4,458.44 | |
| | | TOTAL | 26,590.80 | **$26,590.80** |

**GROSS TOTAL AMOUNT DUE:**                                                                                               **$94,045.34**

**LESS AMOUNT PAID:**                                                                                                             **($52,467.61)**

| | |
|---|---|
| **BALANCE DUE:** | **$41,577.73** |

*   ESTIMATED BASED ON 2004 ACTUAL AMOUNTS

**EXHIBIT A**

Case 3:05-bk-03817-JAF    Doc 3397    Filed 09/08/05    Page 12 of 12