UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING AMENDED MOTION OF THE DEBTORS
FOR ORDER AUTHORIZING THE DEBTORS (I) TO SELL
LEASEHOLD INTERESTS IN TARGETED STORES FREE AND
CLEAR OF LIENS, CLAIMS AND INTERESTS AND EXEMPT
FROM TAXES, (II) TO ASSUME AND ASSIGN LEASES,
(III) TO REJECT TARGETED LEASES THE DEBTORS ARE
UNABLE TO SELL, AND (IV) GRANTING RELATED RELIEF**

These cases came before the Court on the Amended Motion of the Debtors for an order authorizing the Debtors (I) to sell leasehold interests in Targeted Stores free and clear of liens, claims and interests and exempt from taxes, (ii) to assume and assign leases, (iii) to reject Targeted Leases the Debtors are unable to sell (the "Leases"), and (iv) granting related relief (Docket No. 2070) (the "Motion"). The Court has reviewed the Motion and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested party except Heritage SPE LLC ("Heritage") whose objection is preserved in part and resolved in part by this Order, the Court determines that the relief requested by the Motion is in the best interests of the estates and creditors of the Debtors and that sufficient cause exists to grant the Motion. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as it relates to the Debtors' rejection of Leases.

2. The Debtors are authorized, but not obligated, to reject any of the Leases by providing not less than ten days' advance written notice in the form attached as Exhibit A to the applicable landlord and counsel to the landlord (where known) (the "Rejection Notice").

3. Rejection of the Leases is effective, without further order of the Court, on the later of (i) the tenth calendar day following the service of the Rejection Notice; and (ii) the date on which Debtor has (a) vacated and surrendered possession of the premises; and (b) delivered all keys in the possession of the tenant to the leased premises to the affected landlord or, if at a shopping center, to the mall management office where the leased premises are located (the "Rejection Date").

4. On or before the Rejection Date, the Debtors must vacate any such Targeted Store[1] in the condition required by the applicable lease (the "Closed Store"), provided, however, that the failure to leave the Store in the condition required by the applicable lease shall not give rise to contempt of court and provided further that this Order is without prejudice to any party's right to dispute the validity and priority of any claim allegedly arising from any such failure.

5. The Debtors will electronically file a copy of each Rejection Notice and provide a copy of such notice to any party with a known interest in property to be abandoned in the Closed Store, notifying such party that it must retrieve the property prior to the Rejection Date or any such inventory or other property (collectively, the "FF&E") of the Debtors remaining in the Closed Store after the applicable Rejection Date is deemed abandoned. In that event, the applicable landlord has the right to dispose of the FF&E in its sole and absolute discretion, without further order of this Court, and without liability to any person or party whatsoever.

6. Until such time as a Lease is assumed or rejected, the Debtors are required to comply with the lease provisions in accordance with Section 365(d)(3). For the month in which

---

[1] All capitalized terms not defined in this Order have the same meaning provided to them in the Motion.

any Lease is rejected, the Debtors shall pay all amounts due under each Lease for such month on a pro-rated basis for each day from the first day of the month through the applicable Rejection Date.

7. Notwithstanding anything to the contrary in this Order, the priority and amount of all claims of Heritage for any amounts due under the Lease of Store No. 2106 will be determined by the Court at a later date unless agreed to by the Debtors and Heritage. Heritage may specifically argue that the amount of Heritage's claims should be calculated using a method other than pro-rating amounts due under its Lease through the Rejection Date and the Debtors may contest any such argument.

8. The landlord of any Lease rejected pursuant to this Order must file a proof of claim for damages arising from the rejection of the applicable lease within thirty (30) days following the applicable Rejection Date or be forever barred from asserting any such claim.

Dated: September 8, 2005

Jerry A. Funk
United States Bankruptcy Judge

Cynthia Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**NOTICE OF REJECTION OF UNEXPIRED LEASE**

TO:   [Name and address of affected landlord]

Re:   [Store Number, Lease Date, Store Location] (the "Lease").

PLEASE TAKE NOTICE that on September 8, 2005 the United States Bankruptcy Court for the Middle District of Florida, Jacksonville (the "Bankruptcy Court") entered an order (Docket No. _____) (the "Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, the Debtors provide notice of their intent to reject the Lease. Pursuant to the terms of the Order, the Lease is deemed rejected effective on the later of (i) the tenth (10th) calendar day following the service of the Rejection Notice; and (ii) the date on which Debtor has (a) vacated and surrendered possession of the premises; and (b) delivered the keys to the leased premises to the affected landlord at the mall management office where the leased premises are located (the "Rejection Date").

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Order, if you hold a claim or claims against the Debtors arising from the rejection of the Lease, you must submit a proof of claim for rejection damages, if at all, to Logan and Company, Inc. at 546 Valley Road,

00506035.6

Upper Montclair, New Jersey 07043 within thirty (30) days following the applicable Rejection Date, or be forever barred from asserting a claim for rejection damages.

                                        WINN DIXIE STORES, INC, and its
                                        Subsidiaries and affiliates as
                                        Debtors and Debtors-In-Possession,

                                        By its attorneys,

                                        _____

                                        Stephen D. Busey
                                        James H. Post
                                        Cynthia C. Jackson (FBN 498882)

                                        225 Water Street, Suite 1800
                                        Jacksonville, Florida  32202
                                        (904) 359-7700
                                        (904) 359-7708 (facsimile)
                                        cjackson@smithhulsey.com

                                        Co-Counsel for Debtors

Dated: September _____, 2005

00506035.6