UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors.[1] ) | Jointly Administered |
| ) | |

**ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN
LIQUIDATING AGENT AND APPROVING AGENCY
AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL
FURNITURE, FIXTURES, EQUIPMENT AND RELATED
ASSETS FREE AND CLEAR OF LIENS AND EXEMPT FROM
STAMP OR SIMILAR TAXES AND (C) GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for an Order (A) Authorizing the Debtors to Retain Liquidating Agent and Approving Agency Agreement, (B) Authorizing the Debtors to Sell Furniture, Fixtures, Equipment and Related Assets Free and Clear of Liens and Exempt From Stamp or Similar Taxes and (C) Granting Related Relief (Docket No. 3028) (the "Motion")[2]. The Court has reviewed the Motion, considered the evidence and heard argument of counsel. After due deliberation, the Court finds that (i) the Court has jurisdiction over this Motion pursuant

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are Debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] Capitalized terms used but not defined in this Order have the meanings ascribed to such terms in the Agency Agreement or, if not defined in the agreement, as defined in the Motion.

00504996.DOC

to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Motion and the hearing on the Motion was adequate under the circumstances, (iv) the Assets sales set forth in the Motion are based upon the sound business judgment of the Debtors and the Debtors' means of carrying them out as set forth in the Motion are reasonable, necessary and in the best interests of the Debtors' estates, (v) the Debtors and The Pride Capital Group, LLC, doing business as Great American Group (the "Agent") entered into the Agency Agreement dated as of August 16, 2005 attached to the Motion as Exhibit A and incorporated by reference, as amended, (the "Agency Agreement") in good faith within the meaning of section 363(m) of the Bankruptcy Code 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and the Debtors' sales of Assets under the Agency Agreement will be good faith sales within the meaning of section 363(m) of the Bankruptcy Code, (vi) the Agency Agreement has been negotiated in good faith and at arm's-length between the Debtors and the Agent, and (vii) just cause exists for the relief granted. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted on the terms and conditions provided by this Order.

2. In accordance with section 363 of the Bankruptcy Code, the Debtors are authorized and empowered to cease operations at the Closing Distribution Centers.

3. In accordance with sections 363(b) and 105(a) of the Bankruptcy Code, the Debtors are authorized and empowered to conduct the Assets sales at the Closing Distribution Centers and the Operating Distribution Centers through the Agent on the terms and conditions set forth in the Agency Agreement and in accordance with the terms of this Order.

4. The terms of the Agency Agreement are approved and this Order and the Agency Agreement are binding upon the Debtors, all creditors of the Debtors, and any trustees appointed in these proceedings or any trustees appointed in any subsequent proceedings under chapter 7 or chapter 11 of the Bankruptcy Code relating to the Debtor.

5. Pursuant to section 363(f) of the Bankruptcy Code, all Assets to be sold by the Debtors are sold free and clear of any and all liens, claims and interests, with any liens, claims and interests to attach to the net proceeds after payment of the Agent's Fee in the order of priority provided by the Final Financing Order and the Loan Documents. The Agent is entitled to the protection of section 363(m) of the Bankruptcy Code in connection with the sale of the Assets.

6. The Agent Fee is payable by the Debtors pursuant to the terms and conditions of the Agency Agreement and without further order of the Court. After payment of the Agent Fee, the Debtors shall cause the net proceeds from the Assets sales to be paid to the DIP Lender to the extent required in accordance with the terms and conditions of the Final Financing Order and the Loan Documents.

7. Subject to the restrictions set forth in this Order, the Debtors and the Agent are authorized to take any and all actions as may be necessary to implement the Agency Agreement in accordance with and subject to the terms of this Order and each of the transactions contemplated by the Agency Agreement. Any actions taken by the Debtors and the Agent necessary to implement the Agency Agreement prior to the date of this Order are approved and ratified in accordance with this Order.

8. The Debtors and their officers, employees, and agents (subject to the Debtors' internal policies and procedures) are authorized to execute such documents as

necessary to carry out the Assets sales and related actions including, without limitation, the Agency Agreement.

9. All landlords of the Distribution Centers and all those acting for or on their behalf, are jointly and severally restrained and enjoined from interfering with or otherwise impeding the Debtors' and the Agent's sales of the Assets or the Agent's right to use the Distribution Centers and all services, furniture, fixtures, equipment and other assets of the Debtors which the Agent is granted the right to use in the Agency Agreement.

10. The Agent is authorized and empowered to conduct the sales in accordance with the Agency Agreement and this Order, including, without limitation, transferring Assets between the Distribution Centers, without obtaining licenses or permits otherwise required by any federal, state or local law, rule, statute, regulation or ordinance. Notwithstanding the foregoing, the Agent shall comply with any Safety Laws.

11. The Agent is authorized and empowered to conduct the sale of the Assets in accordance with the Agency Agreement and this Order and to take all actions necessary to implement the terms and conditions set forth in the Agency Agreement.

12. The Agency Agreement and attached Exhibits may be modified, amended or supplemented by the parties without further order of the Court; provided, however, that the parties will obtain the prior written consent of the DIP Lender and the Creditors' Committee, which consent shall not be unreasonably withheld; and provided further, that any such modification, amendment or supplement shall neither be materially adverse nor materially adversely change the economic substance of the transactions contemplated by the Agency Agreement and this Order. The Debtors shall provide the U.S. Trustee with a

copy of any amendment or modification that requires the consent of the DIP Lender and the Creditors' Committee.

13. Except as expressly set forth in the Agency Agreement, the Agent is not liable for any claims against the Debtors, and the Agent will have no successor liabilities whatsoever.

14. No bulk sales law or any similar law of any state or other jurisdiction will apply in any way to the transactions authorized by this Order.

15. Pursuant to section 1146(c) Bankruptcy Code, no transfer, stamp or similar tax will apply to the transactions authorized by this Order.

16. The transfer of Assets between and among the Distribution Centers is authorized in accordance with and subject to the terms contained in the Agency Agreement and this Order.

17. To the extent of any conflict between this Order, the Agency Agreement, the Motion, or any other order entered in these cases, the terms of this Order shall govern.

18. This Court retains exclusive jurisdiction to resolve any dispute arising from or relating to the sale of the Assets, the Agency Agreement or this Order.

19. Notwithstanding Rule 6004(g) of the Federal Rules of Bankruptcy Procedure, this Order will take effect immediately upon signature.

20. This Order is the "Approval Order" described in the Agency Agreement.

Dated this _____ day of September, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

5