**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER REQUIRING FILING UNDER SEAL OF PLEADINGS
## RELATED TO APPOINTMENT OF EQUITY COMMITTEE

These cases came before the Court for hearing on September 8, 2005, upon the motion of

Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, as debtors and debtors-in-

possession (collectively, the "Debtors"), for entry of an order pursuant to 11 U.S.C. § 107(b),

Fed. R. Bankr. P. 9018, and Local Rule 5005-4 (i) requiring the filing under seal of (a) the

motion by the Official Committee of Unsecured Creditors appointed in these cases (the

"Creditors Committee") that seeks dissolution of the Official Equity Security Holders Committee

in these cases (the "Equity Committee") and contains Confidential Information about the

Debtors' businesses (the "Disbandment Motion") and (b) responses to the Disbandment Motion

(the Disbandment Motion and such responsive pleadings collectively, the "Pleadings"), (ii)

providing that the Pleadings shall remain under seal and confidential and shall not be made

available to anyone other than (a) the Court and (b) on the condition that they maintain the

confidentiality of the Confidential Information, to a limited group of recipients (the "Limited

Recipients") and (iii) providing that access to any hearing to consider the Pleadings shall be

limited to the Limited Recipients (the "Motion").[1]  The Court has reviewed the Motion as well as

the separate motion filed by the Creditors Committee seeking permission to file the Disbandment

---

[1]     All capitalized terms not otherwise defined or modified in this Order shall have the meaning
ascribed to them in the Application.

Motion under seal (the "Committee Seal Motion") and has considered the evidence and heard the

argument of counsel at the hearing on the Motion held September 8, 2005 (the "Hearing").  The

Court has also reviewed and considered the objections to the Motion filed, and the arguments

raised at the Hearing by the Office of the United States Trustee (the "U.S. Trustee") and counsel

for that certain Ad Hoc Committee of Winn-Dixie Retirees (the "Ad Hoc Retiree Committee"),

as well as the U.S. Trustee's objection to the Committee Seal Motion.  Based upon the evidence

and the representations and arguments of counsel, after due deliberation and finding proper

notice has been given, the Court determines that the requirements for granting the relief

requested pursuant to 11 U.S.C. § 107 and Fed. R. Bankr. P. 9018 have been satisfied, that good

cause exists to grant the relief requested in the Motion, and that granting such relief is in the best

interest of these estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      To the extent that this Court's administrative order granting the Committee Seal

Motion and entered at Docket No. 3342 (the "Committee Seal Order") is inconsistent with this

Order, the Committee Seal Order is superseded.

3.      Notwithstanding anything to the contrary in the Motion, the Pleadings shall

include the Disbandment Motion and any responsive or related pleadings filed by parties

possessing Confidential Information about the Debtors and their businesses, including pleadings

filed by the Limited Recipients.

4.      Notwithstanding anything to the contrary in the Motion, the Limited Recipients

shall include, in addition to the parties identified as Limited Recipients in the Motion, the staff of

the Securities and Exchange Commission and its counsel as well counsel for the Ad Hoc Retiree

Committee but shall not include the individual members of the Ad Hoc Retiree Committee.

5.      Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018, the Pleadings shall be

filed under seal in accordance with Local Rule 5005-4.

6.      The Pleadings shall not be filed electronically.  The Pleadings must be hand

delivered in a sealed envelope within a sealed envelope to the Deputy-in-Charge of the Clerk's

office, Mike Shadburn.  Any party filing Pleadings must accompany the Pleadings with a cover

letter stating that the Pleadings are being filed under seal pursuant to this Order.  The Pleadings

shall be served in the same manner to each of the Limited Recipients.

7.      The Pleadings shall remain under seal and confidential and shall not be made

available to anyone other than (a) the Court and (b) on the condition that they maintain the

confidentiality of the Confidential Information, the Limited Recipients.

8.      The Limited Recipients shall maintain the confidentiality of the Pleadings.

9.      Access to any hearing to consider the Pleadings shall be limited to the Limited

Recipients.

Dated September 12, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

3

Order re filing under seal (00507695).DOC
1030045-New York Server 7A - MSW