**Hearing Date: September 22, 2005, 1:00 p.m.**

**Objection Deadline: September 16, 2005 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT REAL PROPERTY LEASE AND TO ABANDON RELATED PERSONAL PROPERTY AND (II) TO ESTABLISH BAR DATE FOR ANY REJECTION DAMAGE CLAIM

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order (i) under 11 U.S.C. §§ 365(a) and 554(a), authorizing the Debtors to reject a non-residential real property lease and to abandon related personal property and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for this lease (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., WinnDixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.  On August 17, 2005 an equity committee was appointed.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores and related facilities (the "Targeted Stores").  To date, the Debtors have sold more than 100 Targeted Stores and sent rejection notices for another 200 Targeted Stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 365(a) and 554(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

**Relief Requested**

6.      By this Motion, the Debtors seek an order of the Court, (i) pursuant to sections 365(a) and 554(a) of the Bankruptcy Code, authorizing the Debtors to reject the non-residential real property lease of a Targeted Store located in Meridian, Mississippi (Store Number 583) between Jack Fiorella, III (the "Landlord") and Winn-Dixie Stores, Inc. (the "Lease"), effective as of the date of entry of an order approving the rejection (the "Effective Date"), and to abandon personal property located at the leased premises and (ii) establishing a bar date for the Landlord to file any rejection damage claim arising in connection with the Lease.

**The Lease**

7.      The Debtors have been unable to sell the Lease and do not need the Lease because it is not within the Debtors continuing footprint and provides no continuing benefit to the Debtors' estates.

8.      In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Lease in the amount of approximately $26,000 a month.  The Debtors have concluded that the Lease constitutes a burden on the Debtors and their estates, and is not necessary for an effective reorganization.  Accordingly, the Debtors seek to reject the Lease as of the Effective Date.

9.      To the extent any personal property remains on the leased premises, it is of little or no value and is burdensome to the Debtors' estates. Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to section 554(a) of the Bankruptcy Code, as of the Effective Date.

**Basis for Relief**

10.     Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pubelo Chem, Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

12.     The Debtors' business judgment supports rejection of the Lease. The Lease is not within the continuing footprint of the Debtors and results in the Debtors continuing liability for administrative rental expenses.

13.     Pursuant to sections 554(a) and 1107(a) of the Bankruptcy Code, after notice and a hearing, a debtor may abandon estate property that is burdensome, or of inconsequential value or benefit to the estate.

14.     To the extent any personal property remains on the leased premises, it is because the Debtors are unable to sell such property and it will cost the Debtors more to remove the property than the property is worth.  As such, the property is of little or no value, is burdensome to the Debtors' estate and the Debtors are entitled to abandon the property.

## Rejection Damages

15.     Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedures, the Court may fix a deadline for filing any rejection damage claim.  The Debtors request that the Court establish the deadline for the Landlord to file a proof of claim for any rejection damages at 30 days after the Effective Date.

## Notice

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlord.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) authorizing the Debtors to reject the Lease and abandon the Debtors' personal property remaining on the leased premises, both as of the Effective Date; (ii) establishing a deadline for the Landlord to file any rejection damages claim in connection with the Lease; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 14, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By  _/s/ D. J. Baker_
    D. J. Baker
    Sally McDonald Henry
    Rosalie Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By  _/s/ Cynthia C. Jackson_
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson. F.B.N. 498882

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

005078671

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                          Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                *Chapter 11*

Debtors.                                        Jointly Administered

**ORDER AUTHORIZING DEBTORS' TO REJECT REAL PROPERTY**
**LEASE AND ABANDON RELATED PERSONAL PROPERTY AND**
**ESTABLISHING REJECTION DAMAGE BAR DATE**

These cases came before the Court for hearing on September 22, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 365 and 554(a) authorizing the Debtors to reject the Lease attached as Exhibit A to the motion and to abandon related personal property located at the leased premises and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the Landlord must file any claim for rejection damages (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. §365(a), and the Lease is deemed rejected as of the date of entry of this Order.

---

[1]      All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3.      Any interest of any of the Debtors in any personal property remaining in the leased premises is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order. If the Landlord seeks to dispose of any such abandoned property, the Landlord must provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period (or within a longer period that is established by written agreement among the parties), the Landlord is entitled to dispose of the abandoned property as it deems fit.

4.      The Landlord must file any claims for rejection damages resulting from the rejection of the Lease no later than thirty (30) days after the date of entry of this Order.

5.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not related to the Lease.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


005078671