UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| WINN-DIXIE STORES, INC. et al., | Case No. 05-03817-3F1 |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' MOTION FOR ORDER
AUTHORIZING (I) RETROACTIVE REJECTION OF REAL PROPERTY
LEASES AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY AND
TO DEBTORS' NOTICE TO ABANDON FURNITURE, FIXTURES AND EQUIPMENT**

COMES NOW, COMMERCIAL NET LEASE REALTY, INC. ("CNLR"), by and through its undersigned attorneys, and files this Limited Objection to Debtor's Motion for Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property ("Motion") and to Debtors' Notice to Abandon Furniture, Fixtures and Equipment (the "Abandonment Notice"), and states as follows:

1. CNLR is the landlord with respect to the both of the leases that are the subject of the Motion. One lease is for store number 2719, located in Dallas, Georgia (the "Dallas Lease"), and the other lease is for store number 2721, located in Woodstock, Georgia (the "Woodstock Lease") (together the "CNLR Leases").

2. CNLR objects to the Motion and Abandonment Notice on a limited basis. Specifically CNLR objections to the portion of the Motion that requests that the rejection be deemed effective as of the earlier of (a) the date upon which Debtors provide notice of the termination to CNLR and tender possession of the premises to CNLR, and (b) the date of the entry of an order approving the rejection of the CNLR Leases. CNLR objects to the Motion and

the Abandonment Notice to the extent that the relief requested would violated the CNLR Leases, both of which require the Debtor/tenant to remove its trade fixtures at the conclusion of the CNLR Leases.

### The Lease Should Not be Deemed Rejected Until Such Time as an Order is Entered

3. A lease is not rejected, and its rejection is not effective, until an order approving the rejection of the lease is entered. In re Florida Lifestyle Apparel, Inc., 221 B.R. 897 (Bankr. M.D. Fla. 1997).

4. Therefore, before the Debtors can reject the CNLR Leases, the Bankruptcy Code clearly requires notice to parties in interest, a hearing, and court approval. Thus, the earliest possible time the rejection of the Lease can be effective is the date the order approving the rejection is entered, since that is the earliest time in which the requirements for rejecting the CNLR Leases under the Bankruptcy Code would be satisfied.

5. Moreover, if Debtors can unilaterally reject the Lease as of such earlier date, then this Court's approval of the rejection of the Lease is merely a ministerial act and basically meaningless. Id. at 900; In re Worths Store Corp., 130 B.R. 531 (Bankr. E.D. Mo. 1991).

6. Retroactive rejection of leases is form of extraordinary relief that should only be granted if the debtor can provide evidence of exceptional circumstances that warrant such relief. In re O'Neill Theatres, Inc., 257 B.R. 806, 808 (Bankr. E.D. La. 2000). Debtors have shown no exceptional circumstances that merit such extraordinary relief.

7. Moreover, as of the date of this Limited Objection, the Debtors have not surrendered the premises that are the subject of the CNLR Leases to CNLR. Until this Court approves the rejection of the CNLR Leases, under §365(d)(3) of the Bankruptcy Code, the Debtors are bound to perform all the obligations under the terms of the Lease. In essence, the

Debtors are requesting unfettered authority to reject the Leases at any time during the administrative phase of these chapter 11 cases. Throughout this time period, the Debtors would have the ability to almost instantly reject the Leases. This is contrary to the scheme of section 365(d) of the Bankruptcy Code, which requires a debtor to file a motion to assume or reject an unexpired lease of nonresidential real property within a given sixty (60) days from the filing of a bankruptcy petition, unless that deadline is enlarged by the bankruptcy court. The Debtors clearly recognize this principle, as they have obtained from this Court an extension of time in which they may assume or reject unexpired leases of nonresidential real property, and have recently sought and obtained a further extension of that deadline until December 19, 2005. To grant the Debtors the ability to reject the Leases at any time during this case would render section 365(d) of the Bankruptcy Code meaningless.

### The CNLR Leases Require the Removal of Personal Property from the Premises

8. CNLR also rejects to the portion of the Motion and the Abandonment Notice to the extent they request relief that is contrary to the requirements of the CNLR Leases with respect to removal of personal property at the conclusion of the CNLR Leases.

9. Specifically, the CNLR Leases require the Debtors to remove its trade fixtures at its sole cost and expense, and to return the respective premises to CNLR in broom clean condition. (CNLR Leases, ¶ 2.(c)). The relief requested in both the Motion and the Abandonment Notice would allow the Debtor to violate the CNLR Leases by allowing personal property to remain the respective premises upon the rejection and termination of the CNLR Leases. Therefore, the Court should not allow personal property of little or no value to be abandoned to CNLR, as CNLR will incur substantial expense in removing or disposing of said personal property. Alternatively, if such an abandonment is allowed, CNLR should be allowed

an administrative priority claim in the amount required to remove any personal property not removed in accordance with the CNLR Lease.

WHEREFORE, CNLR respectfully requests that the Court: (1) enter an Order that indicates that the rejection of the CNLR Leases be effective no earlier than the date said Order is entered; (2) order the Debtors to pay CNLR rent for the pro-rated portion of the month in which the rejection of the Lease is approved by the Court; (3) require the Debtors to comply with the CNLR Leases by removing all of there personal property from the premises that are the subject of the CNLR Leases; and (4) grant such other relief it deems appropriate.

Dated this 15th day of September 2005.

_____
Zachary J. Bancroft
Florida Bar No. 0145068
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 S. Orange Avenue, Suite 800 (32801)
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-4444
Attorneys for COMMERCIAL NET LEASE REALTY, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Limited Objection to Debtors' Motion for Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal and to Debtors' Notice to Abandon Furniture, Fixtures and Equipment has been served via the CM/ECF system, and also via U.S. Mail, and email (if an email address is indicated in connection with a party on the service list), this 15th day of September, 2005, to those parties listed on the service list below

_____
Zachary J. Bancroft

## SERVICE LIST

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036
Email: djbaker@skadden.com

Stephen D. Busey
James H. Post
Cynthia C. Jackson
Smith, Hulsy & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
Email: cjackson@smithhulsey.com

Kenneth C. Meeker
Assistant U.S. Trustee
135 West Central Blvd.
Room 620
Orlando, Florida 32801