UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' OBJECTION TO MOTION OF COMPUTER LEASING COMPANY TO
COMPEL DEBTORS TO ASSUME OR REJECT LEASE OF PERSONAL PROPERTY**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and

debtors-in-possession (collectively, the "Debtors"), object to the Motion to Compel Debtors to

Assume or Reject Lease of Personal Property filed by Computer Leasing Company (Docket No.

3168) (the "Motion"). In support of this objection, the Debtors respectfully represent as follows:

**Background**

1.       On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly

administered for procedural purposes only.

2.       Prior to the Petition Date, Computer Leasing Company ("CLC") and the Debtors

entered into a master lease agreement, dated as of April 22, 1982, for the lease of information

technology equipment and related peripheral equipment. On or about November 1, 2003, the

parties executed an amendment to the original lease (the April 22, 1982 lease and the November

---

[1]       In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor
Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling
Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy
Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc.,
Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks,
Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie
Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

1, 2003 amendment are collectively referred to as the "Master Lease").  The Debtors lease

equipment under the Master Lease from CLC pursuant to separate equipment schedules.

      3.      The Debtors currently lease over 38,000 individual items from CLC pursuant to

approximately 6,000 equipment schedules, which date back to 1996 (the "Equipment").  The

Equipment includes printers, servers, desktop PC's, monitors, laptops, cash registers and other

point of sale equipment.  Each month, the Debtors pay approximately $1.25 million in lease

payments to CLC, with $250,000 paid directly to CLC's lenders and the remainder paid to CLC.

      4.      On August 24, 2005, CLC filed its Motion, which is currently set for hearing on

September 22, 2005.  Contemporaneous with the Motion, CLC filed its Request for Payment of

Administrative Expense (the "Request") (Docket No. 3169).  The Debtors have filed an objection

and counterclaim to the Request.  The Debtors incorporate by reference herein the facts and

allegations set forth in that objection and counterclaim.

## Objection

      5.      By its Motion, CLC seeks to shorten the Debtors' time to assume or reject the

Master Lease under section 365(d)(2) of the Bankruptcy Code.  CLC's Motion should be denied

because: (i) CLC has not established a sufficient reason which would justify compelling the

Debtors to assume or reject the Master Lease at this time and (ii) requiring the Debtors to assume

or reject the Master Lease - - or the 6,000 separate equipment schedules executed thereunder - -

is premature and is not in the best interests of the Debtors' estates and creditors.[2]

      6.      Bankruptcy Code section 365(d)(2) provides that "the trustee may assume or

reject an executory contract . . . at any time before the confirmation of a plan." 11 U.S.C §

---

[2]      The Debtors maintain that they have the right to separately assume or reject the equipment schedules and potentially the individual equipment leases created under the equipment schedules and therefore should not be required to assume or reject the Master Lease in its entirety or any particular equipment schedule in its entirety.

365(d)(2) (emphasis added).  However, "the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." Id.

7.      "The debtor must be given a reasonable time in which to make the decision to assume or reject an executory contract." Braniff, Inc. v. GPA Group PLC, 118 B.R. 819, 845 (Bankr. M.D. Fla. 1990).  What constitutes a reasonable time "is left to the sound discretion of the bankruptcy court in light of the circumstances of the case." Id.  Indeed, it has been noted that "'[p]ermitting the debtor to make its decision as late as the plan confirmation date enables the debtor to carefully evaluate the possible benefits and burdens of an [executory contract].  It is vitally important to all interested parties that the debtor make a prudent assumption or rejection decision….'" In re Physician Health Corp., 262 B.R. 290, 292 (Bankr. D. Del. 2001) (alterations in original) (quoting In re Wheeling-Pittsburgh Steel Corp., 54 B.R. 385, 388 (Bankr. W.D. Pa. 1985)).

8.      In evaluating a motion to compel early assumption or rejection, "the court must balance the interests of the contracting party against the interests of the debtor and its estate." Physician Health Corp., 262 B.R. at 292.  A creditor must have a compelling reason for the court to shorten the time for the debtor to decide whether to assume or reject an executory contract. In re Physician Health Corp., 262 B.R. at 295 (holding that other party to executory management agreement failed to establish any compelling reason for requiring debtors, only five months into attempted reorganization, to decide on expedited basis whether to assume or reject, where debtors were performing under the agreement, and there was no evidence that debtors were being dilatory or that other party was being prejudiced by debtors' delay).

3

9.      Here, CLC has not provided a compelling reason why the time for the Debtors to decide whether to assume or reject should be shortened.  CLC alleges, among other things, that immediate assumption or rejection of the Master Lease is necessary because (i) CLC "is insecure as to the safety and whereabouts of its property" (Motion ¶ 6), (ii) the Debtors did not make the August 2005 payment under the Master Lease (Motion ¶ 6) and (iii) the Debtors' cases have been pending for six months (Motion  ¶ 7).

10.      CLC's alleged uncertainty about the location of its property is not a sufficient reason to compel premature assumption or rejection of the Master Lease.  In any event, the Debtors believe that they have provided CLC with adequate assurances with respect to this issue by virtue of this Court's Order dated September 7, 2005, which provides in pertinent part that "as adequate protection of CLC's interest in the Leased Equipment, the Debtors will notify CLC at least 48 hours before the Debtors vacate any stores which contain CLC's Leased Equipment and make arrangements with CLC to return the Leased Equipment in accordance with the terms of the Lease, unless the Debtors and CLC agree to different procedures."[3]

11.      The Debtors have made all post-petition monthly rental payments billed by CLC through July 2005.  While it is correct that the Debtors did not make the payment due to CLC for August 2005, the Debtors have recently learned that their $1.25 million monthly payment to CLC has for some time now included payments for equipment that the Debtors have returned to CLC.

12.      In addition, although the monthly lease charges are approximately $1.2 million, the monthly rental value of the Equipment, most of which is well beyond its original lease term,

---

[3]      Order Sustaining in Part and Overruling in Part Objection by Computer Leasing Company of Michigan, Inc. to Debtors' Amended Motion for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell and (IV) Granting Related Relief.

is approximately $100,000.  For that reason, in response to the Request, the Debtors have

contemporaneously filed a counterclaim seeking to recover post-petition payments made to CLC

on fraudulent conveyance grounds.  Pending resolution of such issues, there is ample cause for the

Debtors not to have to assume or reject the Master Lease and to excuse any obligations of the

Debtors to continue monthly payments to CLC.

13.    The fact that the Debtors' cases have been pending for over six months is not a

compelling reason to require the Debtors to prematurely assume or reject the Master Lease.  In

addition to a minimum of 6,000 equipment schedules and potentially 38,000 individual equipment

leases executed under the terms of the Master Lease, the Debtors have thousands of other

contracts with their many vendors, and are currently in the process of evaluating and analyzing

their businesses, and are making progress in deciding which contracts to keep and which to reject.

Furthermore, because the Debtors believe that the equipment schedules and potentially the

individual equipment leases are capable of separate assumption or rejection, the Debtors should

not be required to assume or reject the Master Lease in its entirely without having had the

opportunity to evaluate the benefits of assuming or rejecting the schedules and the individual

equipment leases thereunder.  See In re Aneco Electrical Construction, Inc., 326 B.R. 197, 201

(Bankr. M.D. Fla. 2005) (stating that where a contract is divisible or severable, its parts may be

separately assumed or rejected.)

14.    The denial of the Motion will not prejudice CLC since CLC has been provided

with adequate assurances as to the location of its equipment through this Court's Order dated

September 7, 2005 and the Debtors have indicated their intention to pay for the *reasonable value*

of equipment actually leased from CLC.  Furthermore, if the individual equipment leases,

schedules and/or the Master Lease are assumed, CLC will be entitled to cure of any defaults as a

5

condition of assumption. <u>See</u> Bankruptcy Code § 365(b)(1). If the individual equipment leases, schedules and/or the Master Lease are rejected, CLC will be entitled to an administrative expense to the extent that the equipment has constituted an actual and necessary cost of preserving the estate, as well as a rejection damage claim, if appropriate. <u>See</u> Bankruptcy Code §§ 365 (g) and 503(b)(1).

15.     CLC has failed to set forth reasons to compel assumption or rejection at this stage of the case that outweigh the interests of the Debtors in taking the necessary time to make a reasoned decision with respect to assumption or rejection of the Master Lease. Requiring the Debtors to assume or reject the Master Lease at this time would be premature, and not in the best interests of the Debtors' estates and creditors.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) deny CLC's Motion and (ii) grant such other and further relief as the Court deems just and proper.

Dated: September 15, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By    *s/ D. J. Baker* | By    *s/ Cynthia C. Jackson* |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson, |
| Jane M. Leamy | Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |