**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:  CASE NO.: 3:05-bk-03817-JAF
  Chapter 11
WINN-DIXIE STORES, INC.,

     Debtor.
_____/

## TED GLASRUD ASSOCIATES OF DELAND, FL, INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

     Creditor, TED GLASRUD ASSOCIATES OF DELAND, FL, INC., a Florida corporation, (hereinafter referred to as "TED GLASRUD"), moves the Court, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014 to lift the automatic stay imposed by 11 U.S.C. Section 362(a) for cause under 11 U.S.C. Section 362(d) and pursuant to 11 U.S.C. Section 1301 and in support of its motion states:

     1.     The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

     2.     The Debtor and TED GLASRUD are parties to a long term Lease Agreement dated October 25, 1971 for real property in Jensen Beach, Florida. TED GLASRUD is the Debtor's landlord and one of two named Defendants in a State Court lawsuit pending in the Circuit Court of Martin County, State of Florida. The Debtor has filed a lawsuit for specific performance, declaratory judgment, and injunctive relief to stop another retailer in the same shopping center from selling similar items pursuant to a claimed grocery exclusive covenant.

     3.     A true and correct copy of a the State Circuit Court Complaint is attached

1

hereto and incorporated herein by reference and made a part hereof as Exhibit "A".

4. TED GLASRUD seeks stay relief to defend the pending litigation brought by the Debtor against the TED GLASRUD, as well as the ability to raise any affirmative defenses, set-offs, counterclaims and/or claims for attorneys' fees and costs, as necessary against the Debtor, pursuant to the terms of the Lease that forms the basis of the Debtor's lawsuit.

5. The issues involved in the litigation are intricate and rely on Florida state law, as well as interpretation of restrictive covenants within the Lease Agreement. In light of the state law issues and remedies involved, and the related co-Defendant, it would be a more economical use of judicial resources for the State Circuit Court to make the necessary interpretations of the Lease language, as well as determination of liability and ascertain damages upon such a finding.

6. It would create an undue hardship on TED GLASRUD and various witnesses to have the Plaintiff's claims liquidated in both the State Court and this Bankruptcy Court.

7. TED GLASRUD includes in its request for stay relief the ability to conduct discovery through and against the Debtor, hearings on contested motions, and a trial on the merits in the State Court.

8. However, TED GLASRUD acknowledges and agrees that no collection activity will take place against the Debtor or the assets of the estate pursuant to the relief sought herein. Once a determination of the relative rights of the parties in the State Court litigation is made, and if damages are established against the Debtor, then an estimated Proof of Claim of TED GLASRUD will be filed accordingly, and damages will initially be sought from

collateral sources, and/or third parties. TED GLASRUD will respect the provisions of the bankruptcy code regarding the payment of any such claim, to the extent that there are assets of this bankruptcy estate. No *in personam* relief will be sought from the Debtor without further order of this court.

9.      The foregoing represents cause for the stay relief sought to defend and proceed as necessary regarding the subject Lease Agreement and the pending State Court proceedings brought by the Debtor against TED GLASRUD and the co-Defendant therein.

10.     TED GLASRUD will suffer irreparable damage and will be prejudiced in its ability to properly defend and seek affirmative relief in the pending Florida State Court lawsuit and pursuant to the Lease Agreement if this Court does not grant relief from the automatic stay for the reasons.

WHEREFORE, Creditor, TED GLASRUD ASSOCIATES OF DELAND, FL, INC, respectfully request that the automatic stay imposed by 11 U.S.C. Section 362(a) be lifted to permit TED GLASRUD to continue the defense of the pending State Court litigation and to raise any affirmative defenses, set-offs, counterclaims and/or claims for attorneys' fees and costs, as necessary and proper against the Debtor, pursuant to the terms of the Lease Agreement that forms the basis of the Debtor's lawsuit, or such other and further relief as is just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail or regular U. S. Mail to the parties on the attached Local Rule 1007-2 Parties In Interest List this 16th day of September, 2005.

                    KELLEY & FULTON, P.A.
                    Attorney for Ted Glasrud Associates
                    of Deland, FL, Inc.
                    1665 Palm Beach Lakes Blvd.
                    The Forum - Suite 1000
                    West Palm Beach, Florida 33401
                    Telephone No.:  (561) 491-1200
                    Facsimile No.:  (561) 684-3773


                    By:/s/ Craig I. Kelley
                        Craig I. Kelley, Esquire
                        Florida Bar No.: 782203

F:\CLIENTS\Rutland, Leonard\MO'STAY.Litigation.wpd