

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 05-466 CA

WINN-DIXIE STORES, INC., a Florida Corporation,

    Plaintiff,

v.

JUDGE ROBERT R. MAKEMSON

TED GLASRUD ASSOCIATES OF DELAND, FL, INC., a Florida Corporation; and, DOLGENCORP, INC., a Kentucky Corporation,

    Defendants.
_____/



## COMPLAINT

Plaintiff, Winn-Dixie Stores, Inc. ("Winn-Dixie), sues Defendants, Ted Glasrud Associates of Deland, FL, Inc. ("Ted Glasrud") and Dolgencorp, Inc. ("Dollar General"), and states:

### Parties, Jurisdiction, and Venue

1. Winn-Dixie is a Florida Corporation.

2. Defendant, Ted Glasrud, is a Florida Corporation. Ted Glasrud owns certain property in Martin County, Florida located at 11105 N.E. Jensen Beach Boulevard, Jensen Beach, Florida commonly referred to as the Jensen Beach Shopping Center (the "Shopping Center").

CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1


EXHIBIT A

3. Defendant, Dolgencorp, is a Kentucky corporation registered to do business in the State of Florida. Dolgencorp is engaged in the business of selling discount merchandise through "Dollar General Stores" in shopping centers throughout the country, including a Dollar General Store in the Shopping Center.

4. This is an action within the jurisdiction of this Court.

5. Venue is proper in Martin County, Florida in that the subject matter of this action directly involves rights in real property located within said county and Winn-Dixie's causes of action accrued exclusively therein.

### General Allegations Common to All Counts

**A.    Winn-Dixie's Grocery Exclusive.**

6. On October 25, 1971, Ted Glasrud's predecessor, as Landlord, and Winn-Dixie, as Tenant, entered into a long term written lease agreement for premises located at the Shopping Center ("the Winn-Dixie Lease"). A copy of the Winn-Dixie Lease, as amended, is attached hereto as Exhibit "A."

7. A short form version of the Winn-Dixie Lease was recorded in the Official Records of Martin County at O.R. book 332, page 386. A copy of the Winn-Dixie Short Form Lease is attached hereto as Exhibit "B."

8. Paragraph 28 of the Winn-Dixie Lease states:

> Landlord covenants and agrees that Tenant shall have the exclusive right to operate a supermarket in the shopping center and any enlargement thereof. Landlord further

2

covenants and agrees that it will not directly or indirectly lease or rent any property located within the shopping center, or within 1000 feet of any exterior boundary thereof, for occupancy as a supermarket, grocery store, meat, fish or vegetable market, nor will the Landlord permit any tenant or occupant of any such property to sublet in any manner, directly or indirectly, any part thereof to any person, firm or corporation engage in any such business without written permission of the Tenant; and **Landlord further covenants and agrees not to permit or suffer any property located within the shopping center to be used for or occupied by any business dealing in or which shall keep in stock or sell for off-premises consumption any staple or fancy groceries, meats, fish, vegetables, fruits, bakery goods, dairy products or frozen foods without written permission of the Tenant; except the sale of such items in not to exceed the lesser of 500 square feet of sales area or 10% of the square foot area of any storeroom within the shopping center, as an incidental only to the conduct or another business**, and except the sale by a restaurant operation of prepared, ready-to-eat food items, either for consumption on or off the premises, shall not be deemed a violation hereof

(hereinafter, "the Grocery Exclusive").

9.  The Grocery Exclusive constitutes a real property covenant burdening and running with the Shopping Center property.

10. The Grocery Exclusive was a material inducement to Winn-Dixie in its decision to enter into the Winn-Dixie Lease. Specifically, Winn-Dixie would not have made the substantial capital contribution necessary to open and operate the Jensen Beach Shopping Plaza Winn-Dixie without the direct economic benefit of the Grocery Exclusive.

3
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1

11. After the effective date of the Winn-Dixie Lease, Defendant, Ted Glasrud, acquired ownership of the Shopping Center and leased premises located therein to Defendant, Dollar General, pursuant to a written lease agreement.

### B. Dolgencorp's Violation of the Grocery Exclusive.

12. By virtue of the recordation of the Winn-Dixie Short Form Lease, Dollar General executed the Jensen Beach Dollar General Lease and took possession of its leased premises with actual and/or constructive notice of the existence of the Grocery Exclusive.

13. Dollar General is violating the Grocery Exclusive by offering for sale at the Shopping Center groceries in a sales area greater than 500 square feet.

14. Winn-Dixie made demand upon Ted Glasrud, as Landlord, to enforce the Grocery Exclusive.

15. Notwithstanding, Dollar General continues to violate the Grocery Exclusive.

16. All conditions precedent to the bringing and maintenance of this action have either occurred, been excused, or otherwise waived by Defendants.

4
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1

## Count I- Specific Performance

Winn-Dixie sues Defendant Ted Glasrud and states:

17. Winn-Dixie re-alleges and reincorporates paragraph 1 through 16 as though fully set forth herein.

18. This is an action for specific performance of the Winn-Dixie Lease.

19. The Winn-Dixie Lease requires Ted Glasrud, as Landlord, "not to permit or suffer any property located within the [Shopping Center] . ." from violating the Grocery Exclusive. Ted Glasrud has breached the Winn-Dixie Lease by permitting Dollar General to violate the Grocery Exclusive.

20. Winn-Dixie is entitled as a matter of law to the benefit of the Grocery Exclusive, without interference from Dollar General.

WHEREFORE, Winn-Dixie demands judgment directing Ted Glasrud to comply with the Grocery Exclusive, thereby compelling it to obtain compliance by Dollar General with the Grocery Exclusive or, alternatively, terminating its lease with Dollar General, together with an award of costs.

## Count II- Action for Declaratory Judgment

Winn-Dixie sues Defendants Ted Glasrud and Dollar General and states:

21. Winn-Dixie re-alleges and reincorporates paragraphs 1 through 16 as though fully set forth herein.

5
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1

22. This is an action for a declaratory judgment brought pursuant to Chapter 86, Florida Statutes.

23. Winn-Dixie seeks a declaration of its rights and status under the Winn-Dixie Lease, including a declaration of its exclusive right to sell groceries and other merchandise at the Shopping Center.

24. A bona-fide, actual, present, practical need for the above declaration is present on the part of Winn-Dixie.

WHEREFORE, Winn-Dixie requests that this Court enter judgment declaring Winn-Dixie's rights and status under the Winn-Dixie Lease, its exclusive right to sell groceries and other merchandise in the Shopping Center and in accordance with the Grocery Exclusive, together with an award of costs and any supplemental relief this Court deems just and proper.

## Count III- Injunctive Relief

Winn-Dixie sues Defendant Dollar General and states:

25. Winn-Dixie re-alleges and reincorporates paragraphs 1 through 16, as though fully set forth herein.

26. This is an action for an injunction, both temporary and permanent, compelling Dollar General Stores to comply with the Grocery Exclusive.

6
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1

27. An injunction is the appropriate remedy to cure the continuing violation of the Grocery Exclusive in that:

   a. the Grocery Exclusive constitutes a real property covenant burdening the Shopping Center property;

   b. the Grocery Exclusive grants a clear legal right to Winn-Dixie for which Dollar General is violating; and,

   c. Winn-Dixie's right to specific performance against Ted Glasrud comprehends an injunction against Dollar General.

28. Additionally, an injunction is appropriate as Winn-Dixie lacks an adequate remedy at law and will suffer irreparable injury if Dollar General continues to violate the Grocery Exclusive.

WHEREFORE, Winn-Dixie requests that this Court enter an injunction, both temporary and permanent, ordering Dollar General to remove all merchandize necessary to comply with the Grocery Exclusive and prohibiting Dollar General from violating the Grocery Exclusive.

### Count IV- Breach of Lease

29. Winn-Dixie re-alleges and reincorporates paragraphs 1 through 16, as though fully set forth herein.

7
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1

30. The Winn-Dixie Lease requires Ted Glasrud, as Landlord, "not to permit or suffer any property located within the [Shopping Center] . . ." from violating the Grocery Exclusive.

31. Ted Glasrud has materially breached the Winn-Dixie Lease by permitting Dollar General to violate the Grocery Exclusive.

32. As a direct and proximate result of the aforesaid breach, Winn-Dixie has been damaged. Winn-Dixie's damages include, but are not limited to, the following:

    a. The diminution in value of its leasehold interest in the Shopping Center premises; and,

    b. Attorneys fees incurred in connection with enforcing the Grocery Exclusive directly against Dollar General, pursuant to the wrongful act doctrine.

WHEREFORE, Winn-Dixie demands judgment against Ted Glasrud, together with interest, and costs.

### Count V- Unjust Enrichment

Winn-Dixie sues Defendant Dollar General and states:

33. Winn-Dixie re-alleges and reincorporates paragraphs 1 through 16, as though fully set forth herein.

8
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1

34. Winn-Dixie has conferred a benefit upon Dollar General by acting as "anchor tenant" for the Shopping Center, a vital requisite for the economic success of the Shopping Center and its tenants, including Dollar General.

35. Dollar General leases premises in the Shopping Center with actual knowledge that Winn-Dixie is the anchor tenant, thereby accepting the benefit conferred on tenants of the Shopping Center by Winn-Dixie. Upon information and belief, Dollar General chose to lease space in the Shopping Center in part because Winn-Dixie was the Shopping Center's "anchor tenant."

36. Winn-Dixie is entitled to restitution from Dollar General by way of disgorgement of Dollar General's profits resulting from the sale of groceries in a sales area exceeding 500 square feet.

WHEREFORE, Winn-Dixie demands judgment against Dollar General for restitution, and any other relief this Court deems just and proper.

CARLTON FIELDS, P.A.
Counsel for Winn-Dixie Stores, Inc.
4000 International Place
100 SE 2nd Street
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By: _____
JASON R. ALDERMAN, ESQ.
Fla. Bar No.: 0172375

Dated: 6/10/05

9
CARLTON FIELDS, P.A.
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

MIA#2362506.1