UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                          CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                                Chapter 11

    Debtors.[1]
_____/

LIMITED OBJECTION OF GREENWOOD PLAZA, LTD. TO
DEBTORS' AMENDED MOTION (I) FOR AUTHORITY TO REJECT REAL
PROPERTY LEASE AND TO ABANDON RELATED PERSONAL PROPERTY AND
(II) TO ESTABLISH BAR DATE FOR ANY REJECTION DAMAGES CLAIM

Greenwood Plaza, Ltd. ("Landlord"), by and through counsel, files this limited objection to the *Amended Motion (I) for Authority to Reject Real Property Lease and to Abandon Related Personal Property and (II) to Establish Bar Date For Any Rejection Damages Claim* (the "Rejection Motion"), as follows:

**FACTUAL BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Landlord is the landlord and Winn-Dixie Montgomery, Inc. is the tenant ("Tenant"), pursuant to a lease dated February 11, 1982, as amended (the "Lease"),[2] for the premises known as Greenwood Plaza, located in Meridian, Lauderdale County, Mississippi, Debtor Store #583 (the "Premises"). A true and correct copy of the Lease is annexed hereto as Exhibit A.[3] Pursuant to the Lease, Tenant operates a grocery store and gas station[4] (the "Gas Center") on the Premises. Winn-Dixie Stores, Inc. is a guarantor of the Tenant's obligations under the Lease.

3. On or about August 1, 2005, the Debtors filed the Sale Motion, requesting authority to sell certain Targeted Stores[5] for the highest and best offer, and assume and assign the relevant lease to the purchaser. Alternatively, the Debtors requested authority of the Court to reject any lease for a Targeted Store that does not sell at the scheduled auction.

4. Store #583 is one of the Targeted Stores.

5. The Lease for Store #583 did not sell at the scheduled auction.

6. On or about August 22, 2005, Landlord filed it Limited Objection to the Amended Motion of the Debtors for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief (docket numbers 3110 and 3112) (the "Rejection

---

[2] Tenant is the assignee of the original tenant, Jitney Jungle Stores of America, Inc. Landlord is the successor in interest to Larry B. Tiffee, the original landlord.

[3] A complete copy of the Lease and all amendments thereto was attached as Exhibit A to Landlord's prior Response, docket number 2131.

[4] The Lease permits the original tenant to sublease a portion of the Premises for gas center operations to Pump and Save, Inc., a company affiliated with the original tenant. Upon information and belief, Tenant is also the assignee of Pump and Save, Inc. and is operating the gas station. Tenant has not provided Landlord with a copy of any sublease which may exist. Landlord reserves its right to enforce and make cure claims for obligations contained in or associated with the sublease.

[5] Targeted Stores is defined in the Sale Motion as stores which are located in core market areas but remain unprofitable, which the Debtors seek to sell or close.

Procedures Objection"). Landlord adopts and reincorporates its Rejection Procedures Objection as if fully set forth herein.[6]

7. On or about September 14, 2005, the Debtors filed the Rejection Motion, seeking to reject the Lease and abandon related personal property.[7]

## LIMITED OBJECTION

8. Section 34 of the Lease (Fifth Agreement Amending Lease) requires the Tenant to comply with all environmental laws, rules and regulations upon the closing of the Gas Center. Specifically, the Tenant is required to remove all improvements, trade fixtures, equipment, signs and accessions related to the Gas Center and to repair any damage caused by such removal and restore the land to the condition it was in prior to the erection of the Gas Center.

9. Landlord does not dispute Debtors' right to reject executory contracts and leases. Landlord submits, however, that any rejection of the Lease should be conditioned upon the Debtors' fulfillment of all of its environmental obligations under section 34 of the Lease with respect to the Gas Center.

---

[6] On September 8, 2005, the Bankruptcy Court entered its Order Granting Amended Motion of the Debtors For Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt From Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief (the "Sale/Rejection Procedures Order"). The Sale/Rejection Procedures Order inadvertently failed to reference Landlord's Rejection Procedures Objection and debtors' counsel agreement that the Rejection Procedures Objection would be adjudicated between the parties at a later date.

[7] On August 31, 2005, the Debtors filed their Notice of Intent to Abandon Furniture, Fixtures and Equipment (docket number 3303) (the Abandonment Motion"), seeking to globally abandon personal property at the Targeted Store locations that were being rejected. The Abandonment Motion was filed under negative notice and required objections thereto to be filed within twenty days of service thereof. Counsel for Landlord and the Debtors have agreed that the abandonment issue with respect to the Lease will be adjudicated in connection with the Rejection Motion. Moreover, on September 12, 2005, the Bankruptcy Court entered its Order Under 11 U.S.C. Section 365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Non-Residential Real Property (docket number 3434) (the "Section 365(d)(4) Order"). Paragraph 10 of the Section 365(d)(4) Order provided generically that all leases for Targeted Stores would be deemed rejected on September 30, 2005. Counsel for Landlord and the Debtors have agreed that the rejection issue with respect to the Lease will be adjudicated in connection with the Rejection Motion.

10. Landlord further objects to the Debtors abandonment of personal property on the premises subject to the Lease to the extent that such abandonment would violate the Debtors environmental obligations under the Lease.

11. The premises subject to the Lease suffered damage during Hurricane Katrina. Under the Lease, the Debtors are obligated to promptly repair the damage and restore the Premises to the substantially the same condition the Premises were in prior to the damage. See Fourth Agreement Amending Lease, paragraph 2. Any rejection of the Lease should be conditioned upon the debtors' immediate repair of the damage or the payment to Landlord of sufficient funds to repair such damage.

WHEREFORE, Landlord respectfully requests that this Court condition Debtors' rejection of the Lease and abandonment of personal property upon Debtors' compliance and fulfillment of their environmental obligations under section 34 of the Lease and repair obligations under the Lease, and grant such other and further relief as the Court deems just and proper.

Sherri Tucker Freeman, Esq.
**BRADLEY ARANT ROSE & WHITE LLP**
Alabama Bar No. ASB-6349-N70S
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 488-6602
sfreeman@bradleyarant.com

-and-

**STUTSMAN & THAMES, P.A.**

By: _____
Nina M. LaFleur

Florida Bar Number 0107451
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 358-4000
Facsimile: (904) 358-4001

Attorneys for Greenwood Plaza, Ltd.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 16th day of September, 2005.

_____
Attorney