IN THE UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | |
|---|---|
| In re | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* | Case No. 05-03817-3F1 |
| Debtor. | Jointly Administered |
| _____/ | |

**APPLICATION OF F.R.O., LLC VII FOR
ALLOWANCE OF ADMINISTRATIVE CLAIM**

F.R.O., LLC VII ("F.R.O."), by its undersigned counsel, files this application for allowance of an administrative claim pursuant to 11 U.S.C. § 503(b) (the "Application"), and states as follows:

**BACKGROUND**

1. State Properties, LLC ("State") and Winn-Dixie Raleigh, Inc. (the "Debtor") entered into a lease agreement dated September 4, 1997 (the "Lease") for the lease of, *inter alia*, (i) certain real property (the "Land") more particularly described on Exhibit B to the Lease, (ii) a store building approximately 222 feet in width by 231 feet in depth and all attached rooms and receiving pads, (iii) all other structures and improvements located on the Land and (iv) all machinery, equipment and fixtures described on Exhibit C to the Lease (collectively, the "Leased Premises"). The Lease is attached hereto as **Exhibit 1**.

2. Winn-Dixie, Inc. (the "Parent Debtor") guaranteed the Debtor's obligations under the Lease pursuant to Corporate Guaranty of Lease Obligation dated September 4, 1997 (the "Guaranty").

3. On May 26, 2000, F.R.O. took an assignment of the Lease from State pursuant to an Assignment and Assumption of Lease (the "Assignment"). The Assignment is attached hereto as **Exhibit 2**.

4. On February 21, 2005 (the "Petition Date"), the Debtor and its affiliated co-debtors[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5. Since the Petition Date, the Debtor has sought and received several extensions of the deadline by which it must assume or reject unexpired leases of non-residential real property pursuant to section 365 of the Bankruptcy Code. On September 12, 2005, this Court entered an Order under 11 U.S.C. § 365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Extension Order") that extends the deadline to assume or reject all unexpired leases to December 19, 2005.

6. In addition, the Extension Order provides that the leases identified on the exhibit attached thereto shall be deemed rejected on September 30, 2005. Extension Order ¶ 10. The Lease is listed on that exhibit.

7. Furthermore, the Extension Order provides that a landlord shall be permitted to file a motion seeking to compel the Debtor to honor all Postpetition Rental Obligations that the Debtor has failed to honor. Extension Order ¶ 6. This Application constitutes such a motion.

8. Since the Petition Date, the Debtor has continued to occupy the Leased Premises and has been receiving the benefits of the use of the Leased Premises. The Debtor has failed to

---

[1] In addition to Winn-Dixie Raleigh, Inc., the following entities are debtors in these related cases: Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., WinnDixie Procurement, Inc., and Winn-Dixie Supermarkets, Inc.

remit payment in the amount of $37,337.25 for the September 2005 rent and has not paid real property taxes for the Leased Premises, due as of July 1, 2005, in the amount of $52,910.36. A copy of the real property tax invoice is attached hereto as **Exhibit 3**. Thus, pursuant to the Lease, the Debtor is obligated to pay F.R.O. a total of $90,247.61.

9. Accordingly, F.R.O. seeks payment of an administrative claim pursuant to section 503(b) of the Bankruptcy Code in the amount of $90,247.61 from the Debtor and the Parent Debtor pursuant to the Guaranty.

Dated: September 16, 2005   Respectfully submitted,

ARENT FOX PLLC

 */s/ Mary Joanne Dowd*
Mary Joanne Dowd (Florida Bar No. 368970)
Jeffrey N. Rothleder
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202/857-6059
Fax: 202/857-6395
Email: dowd.mary@arentfox.com

Counsel for F.R.O., LLC VII

**IN THE UNITED STATE BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division**

| | |
|---|---|
| In re | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* | Case No. 05-03817-3F1 |
| Debtor. | Jointly Administered |
| _____/ | |

Upon consideration of the Application of F.R.O., LLC VII for Allowance of Administrative Claim (the "Application") dated September 16, 2005, filed by in the above-captioned case, this Court finds that due and proper notice of the Application having been given; and just cause appearing for the relief granted herein; it is hereby

ORDERED, that the Motion is **GRANTED**; and it is further

ORDERED, that the Debtors are to pay F.R.O., LLC VII the sum of $90,247.61 as an administrative expense pursuant to 11 U.S.C. § 503(b).

Dated: Jacksonville, FL
_____, 2005

_____
Jerry A. Funk
United States Bankruptcy Judge

LDR/156618.1

4