Hearing Date:  October 7, 2005, 10:30 a.m.
Objection Deadline: September 30, 2005 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING
## (I) RETROACTIVE REJECTION OF REAL PROPERTY LEASES AND SUBLEASES
## AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a), and 554(a) approving and authorizing the Debtors to reject four non-residential real property leases and the related subleases effective retroactively and to abandon personal property on the leased premises (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.  The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a), 554(a) of the Bankruptcy Code.

## Relief Requested

6.      By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a),  365(a), and 554(a) of the Bankruptcy Code approving and authorizing the rejection of each of the unexpired leases of non-residential real property set forth on Exhibit A to this Motion (collectively, the "Leases") and the related subleases set forth on Exhibit B (collectively, the "Subleases")[2] effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the landlords under the leases (collectively, the "Landlords") and to the subtenants under the Subleases (collectively, the "Subtenants") and (b) the date of entry of an order approving the rejection (such earlier date, the "Effective Date").

## The Leases and Subleases

7.      As part of their restructuring plans, the Debtors sought to sell, sublet, negotiate buyouts with landlords, or otherwise reduce or eliminate their liability under many leases including the Leases.  The Debtors were unable to sell the Leases and do not need the Leases because they provide no continuing benefit to the estates.

8.      In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Leases.  The Debtors have concluded that the Leases constitute a burden on the Debtors and their estates, are not necessary for an effective reorganization, and should be rejected as of the Effective Date.  In addition, all the Leases relate to stores which are subject to the Subleases.  Since the Leases constitute a burden on the Debtors and their estates, the Debtors have concluded that the Subleases should also be rejected as of the Effective Date.  Accordingly, the Debtors are seeking to reject the Leases and Subleases as of the Effective Date.

---

[2]      The Leases subject to this Motion relate to stores where the Debtors have entered into Subleases with subtenants.  As a result, the Debtors seek to reject both the Leases and Subleases for the same stores.

9.      The rejection of the Leases and Subleases will save the Debtors' estates costs incurred with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Leases.

10.     To the extent any personal property remains in the properties subject to the Leases, it is of little or no value to the Debtors' estates.  Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the Effective Date.

**Basis for Relief**

11.     Under Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245.  Courts universally regard the

4

business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pueblo Chem. Inc. v. II Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13.    Here, the Debtors' business judgment supports rejection of the Leases and Subleases.  Because of administrative expenses arising from the continuation of the Leases and Subleases, the Debtors have determined that the Leases and Subleases are not necessary for a successful reorganization but instead constitute a burden to the Debtors' estates.  Indeed, rejection of the Leases and Subleases benefits the Debtors' estates by alleviating monthly costs, including taxes, insurance premiums, and other charges due under the Leases.  Consequently, the Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Leases and Subleases.

14.    The relief requested by this Motion is consistent with the type of relief granted by courts.  See, e.g., In re Hale-Halsell Co., No. 04-11677 (Bankr. N.D. Okla. Apr. 23, 2004); In re Git-N-Go, Inc., No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp. (In re Bethleheem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code).  Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

**Rejection Damages**

15.     To the extent that any of the Landlords and Subtenants intend to claim rejection damages as a result of the proposed rejections, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order corresponding to this Motion.

**Notice**

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlords and Subtenants.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit C (a) authorizing and approving the rejection of the Leases and Subleases, effective as of the Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the properties subject to the Leases; (c) establishing a deadline for the Landlords and Subtenants to file a rejection damage claim; and (e) granting such other and further relief as the Court deems just and proper.

Dated: September 16, 2005

SKADDEN, ARPS, SLATE, MEAGHER  
& FLOM LLP

By ___ *s/ D. J. Baker* ___  
    D. J. Baker  
    Sally McDonald Henry  
    Rosalie Walker Gray  
    Adam S. Ravin  
Four Times Square  
New York, New York 10036  
(212) 735-3000  
(212) 735-2000 (facsimile)  
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By ___ *s/ Cynthia C. Jackson* ___  
    Stephen D. Busey  
    James H. Post  
    Cynthia C. Jackson,  
    Florida Bar Number 498882  
225 Water Street, Suite 1800  
Jacksonville, Florida  32202  
(904) 359-7700  
(904) 359-7708 (facsimile)  
cjackson@smithhulsey.com

Co-Attorneys for Debtors

**Exhibit A**

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 763 | 1755 BOYSCOUT DRIVE<br>FT. MYERS, FL 33907 | LAGS VENTURES, INC. |
| 837 | 609 GREENVILLE BLVD.<br>GREENVILLE, NC 27858 | GREENVILLE ASSOCIATES |
| 1024 | 667 SE MAIN ST<br>SIMPSONVILLE, SC 29681 | HILLCREST GDS, LLC |
| 1701 | 6920 SR 18<br>FLORENCE, KY 41042 | CHESTER DIX FLORENCE CORP. |

**Exhibit B**

## SCHEDULE OF SUBLEASES

| Store Number | Leased Property Location | Subtenant |
|---|---|---|
| 763 | 1755 BOYSCOUT DRIVE<br>FT. MYERS, FL 33907 | PRO FIT MANAGEMENT, INC. |
| 837 | 609 GREENVILLE BLVD.<br>GREENVILLE, NC 27858 | BIG LOTS STORES, INC. |
| 1024 | 667 SE MAIN ST<br>SIMPSONVILLE, SC 29681 | INVENIO PARTNERS, INC. |
| 1701 | 6920 SR 18<br>FLORENCE, KY 41042 | REMKE MARKETS, INC. |

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING AND APPROVING (I) RETROACTIVE REJECTION
OF REAL PROPERTY LEASES AND SUBLEASES AND (II) ABANDONMENT OF
RELATED PERSONAL PROPERTY**

These cases came before the Court for hearing on October 7, 2005 upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors

and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§

105(a) and 365 authorizing the rejection by the Debtors effective retroactively of the unexpired

non-residential real property leases listed on Exhibit A (collectively, the "Leases") and the

related subleases listed on Exhibit B (collectively, the "Subleases") (the "Motion"). The Court

has read the Motion and considered the representations of counsel. Based upon the

representations of counsel and without objection by the United States Trustee or any other

interested parties, it is

ORDERED AND ADJUDGED THAT:

1.     The Motion is granted.

2.     The Debtors are authorized to reject the Leases and Subleases pursuant to

11 U.S.C. § 365(a), and each Lease and Sublease is deemed rejected, effective as of the earlier of

(a) the date upon which the Debtors provide notice of termination to the Landlord under the

---

[1]     All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

respective Lease and to the Subtenant under the respective Sublease and (b) upon the date of entry of an order approving the rejection.

3.    Claims for any rejection damages resulting from the rejection of the Leases shall be filed no later than thirty (30) days after the date of entry of this Order.

4.    Any interest of any of the Debtors in any personal property remaining in the stores that are the subject of the Leases is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order.  Any Landlord who seeks to dispose of any such abandoned property shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property.  Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Landlord shall be entitled to dispose of the abandoned property as it deems fit.

5.    Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Leases or Subleases, whether or not related to the Leases or Subleases.

6.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.      The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**Exhibit A**

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 763 | 1755 BOYSCOUT DRIVE<br>FT. MYERS, FL 33907 | LAGS VENTURES, INC. |
| 837 | 609 GREENVILLE BLVD.<br>GREENVILLE, NC 27858 | GREENVILLE ASSOCIATES |
| 1024 | 667 SE MAIN ST<br>SIMPSONVILLE, SC 29681 | HILLCREST GDS, LLC |
| 1701 | 6920 SR 18<br>FLORENCE, KY 41042 | CHESTER DIX FLORENCE CORP. |

**Exhibit B**

## SCHEDULE OF SUBLEASES

| Store Number | Leased Property Location | Subtenant |
|---|---|---|
| 763 | 1755 BOYSCOUT DRIVE<br>FT. MYERS, FL 33907 | PRO FIT MANAGEMENT, INC. |
| 837 | 609 GREENVILLE BLVD.<br>GREENVILLE, NC 27858 | BIG LOTS STORES, INC. |
| 1024 | 667 SE MAIN ST<br>SIMPSONVILLE, SC 29681 | INVENIO PARTNERS, INC. |
| 1701 | 6920 SR 18<br>FLORENCE, KY 41042 | REMKE MARKETS, INC. |

2