**Hearing Date:  October 7, 2005, 10:30 a.m.**
**Objection Deadline: September 30, 2005 4:00 p.m.**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING (I) REJECTION OF REAL PROPERTY LEASES AND SUBLEASES (II) ABANDONMENT OF RELATED PERSONAL PROPERTY AND (III) THE SETTLEMENT AGREEMENT WITH E.W. JAMES

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a), and 554(a) and Federal Rule of Bankruptcy Procedure 9019 approving and authorizing the Debtors to reject seven non-residential real property leases and the related subleases effective upon the applicable Termination Date as defined in the Settlement Agreement (defined below), to abandon personal property on the leased premises, and in connection with these rejections, approving a Settlement Agreement (defined below) with the subtenant ("E.W. James") of these affected properties (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.  The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a), 554(a) of the Bankruptcy Code.

**Relief Requested**

6.       By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 (I) approving and authorizing the rejection of each of the unexpired leases of non-residential real property set forth on Exhibit A to this Motion (collectively, the "Leases") and the related subleases set forth on Exhibit B (collectively, the "Subleases")[2] effective as of the applicable Termination Date set forth in the Settlement Agreement with E.W. James relating to the rejection of the Subleases (the "Settlement Agreement") and (II) approving the Settlement Agreement with E.W. James.  In the event such applicable Termination Date is earlier than the entry of an order by this Court approving the Settlement Agreement and rejection of the Leases and Subleases, the Debtors request such rejection be approved *nunc pro tunc* to the applicable Termination Date.

**The Leases and Subleases**

7.       As part of their restructuring plans, the Debtors sought to sell, sublet, negotiate buyouts with landlords, or otherwise reduce or eliminate their liability under many leases including the Leases.  The Debtors were unable to sell the Leases and do not need the Leases because they provide no continuing benefit to the estates.

8.       In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Leases.  The Debtors have concluded that the Leases constitute a burden on the Debtors and their estates, are not necessary for an effective reorganization, and should be rejected as of the applicable Termination Date.  In addition, all the Leases relate to stores which are subject to the Subleases.  Since the Leases constitute a burden on the Debtors and their estates, the Debtors have concluded that the Subleases should also be rejected as of the applicable

Termination Date listed on Exhibit C.  Accordingly, the Debtors are seeking to reject the Leases and Subleases as of the applicable Termination Date.

9.      The rejection of the Leases and Subleases will save the Debtors' estates costs incurred with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Leases.

10.      To the extent any personal property remains in the properties subject to the Leases, it is of little or no value to the Debtors' estates.  Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the applicable Termination Date.

11.      The Subleases to be rejected are the seven Subleases pursuant to which E.W. James pays rent to the Debtors that is substantially less than the rent the Debtors must pay to the Landlords under the related Leases.  To date, the Debtors have subsidized the difference and consequently, have been losing approximately $1,506,252 annually.  To minimize the potential claims that E.W. James may assert against the estate and to terminate the Debtors' monthly economic loss, the Debtors and E.W. James have entered into an agreement (subject to court approval) that provides that (among other things) the Debtors will reject the Subleases on the applicable Termination Date, the parties will enter into mutual releases, and E.W. James will release to the Debtors $722,777.14 that is now in rent subsidy escrow.[3]  The releases and payment of the escrow will be effective upon the date of the last rejection of the Leases and Subleases.

---

[2]      The Leases subject to this Motion relate to stores where the Debtors have entered into Subleases with subtenants.  As a result, the Debtors seek to reject both the Leases and Subleases for the same stores.

4

**Basis for Relief**

12.      Under Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

13.      The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D.

---

3        The Debtors deposited $722,777.14 in escrow as a reserve for the difference in amounts collected by the Debtors under the Subleases and amounts owed by the Debtors under the related Leases.

Pa. 1994), aff'd sub nom. Pueblo Chem. Inc. v. II Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994);

In re Hardie, 100 B.R. at 287.

14.     Here, the Debtors' business judgment supports rejection of the Leases and

Subleases.  Because of administrative expenses arising from the continuation of the Leases and

Subleases, the Debtors have determined that the Leases and Subleases are not necessary for a

successful reorganization but instead constitute a burden to the Debtors' estates.  Indeed,

rejection of the Leases and Subleases benefits the Debtors' estates by alleviating monthly costs,

including taxes, insurance premiums, and other charges due under the Leases.  Consequently, the

Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Leases and

Subleases.

15.     The relief requested by this Motion is consistent with the type of relief granted by

courts.  See, e.g., In re Hale-Halsell Co., No. 04-11677 (Bankr. N.D. Okla. Apr. 23, 2004); In re

Git-N-Go, Inc., No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., No.

03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp.

(In re Bethleheem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15,

2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date

under section 365(a) of the Bankruptcy Code).  Accordingly, the present circumstances warrant

similar relief in their Chapter 11 cases.

16.     With respect to the Settlement Agreement with E.W. James, Federal Rule of

Bankruptcy Procedure 9019 sets forth the standard for bankruptcy court approval of

compromises of controversies, providing that "[o]n motion by the trustee and after notice and a

hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

17.     To approve a settlement under Federal Rule of Bankruptcy Procedure 9019, a bankruptcy court must determine that the settlement is supported by adequate assurance and that it is fair, equitable, and in the best interests of the debtor's estate.  In doing so, bankruptcy courts consider a variety of factors including (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation and the attendant expense, inconvenience and delay; and (d) the paramount interests of, and deference to the views of, the creditors.  See In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990).

18.     The Settlement Agreement between the Debtors and E.W. James should be approved upon consideration of such factors.  The Settlement Agreement resolves all issues and claims that E.W. James may have against the Debtors as a result of the rejection of the Leases and Subleases.  E.W. James' release of claims against the Debtors results in savings to the estate of approximately $1,506,252 annually and the estate receives $722,777.14.  As a result, the amount of moneys available for distribution to the creditors is increased.

## Rejection Damages

19.     To the extent that any of the Landlords and Subtenants intend to claim rejection damages as a result of the proposed rejections, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order corresponding to this Motion.

## Notice

20.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List

7

maintained in these cases, and (e) the Landlords and Subtenants.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit D (a) authorizing and approving the rejection of the Leases and Subleases, effective as of the applicable Termination Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the properties subject to the Leases; (c) establishing a deadline for the Landlords and Subtenants to file a rejection damage claim; (d) approving the Settlement Agreement with E.W. James; and (e) granting such other and further relief as the Court deems just and proper.

Dated: September 16, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By     *s/ D. J. Baker*    
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Adam S. Ravin
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By     *s/ Cynthia C. Jackson*    
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Attorneys for Debtors

## Exhibit A

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 1617 | 1002 MILL STREET<br>LEITCHFIELD, KY 42754 | KENTUCKY TEACHERS RETIREMENT SYSTEM |
| 1630 | 2626 FT. CAMPBELL BLVD<br>HOPKINSVILLE, KY 42240 | WIGGS REALTY COMPANY OF KENTUCKY, INC. |
| 1632 | 1030 SOUTH BROADWAY<br>LEXINGTON, KY 40504 | KENTUCKY TEACHERS RETIREMENT SYSTEM |
| 1652 | 3725 HARRODSBURG ROAD<br>LEXINGTON, KY 40503 | WEBB/LEXINGTON VENTURES - NO 108, LTD |
| 1657 | 376 NL ROGERS WELL<br>GLASGOW, KY 42141 | RP BARREN RIVER, LLC |
| 1665 | 550 US HIGHWAY 62 W.<br>PRINCETON, KY 42445 | BENNETT M. LIFTER, TRUSTEE |
| 1698 | 1640 SCOTTSVILLE ROAD<br>BOWLING GREEN, KY 42104 | PAJ |

**Exhibit B**

**SCHEDULE OF SUBLEASES**

| Store Number | Leased Property Location | Subtenant |
|---|---|---|
| 1617 | 1002 MILL STREET<br>LEITCHFIELD, KY 42754 | E.W. JAMES, INC. |
| 1630 | 2626 FT. CAMPBELL BLVD<br>HOPKINSVILLE, KY 42240 | E.W. JAMES, INC. |
| 1632 | 1030 SOUTH BROADWAY<br>LEXINGTON, KY 40504 | E.W. JAMES, INC. |
| 1652 | 3725 HARRODSBURG ROAD<br>LEXINGTON, KY 40503 | E.W. JAMES, INC. |
| 1657 | 376 NL ROGERS WELL<br>GLASGOW, KY 42141 | E.W. JAMES, INC. |
| 1665 | 550 US HIGHWAY 62 W.<br>PRINCETON, KY 42445 | E.W. JAMES, INC. |
| 1698 | 1640 SCOTTSVILLE ROAD<br>BOWLING GREEN, KY 42104 | E.W. JAMES, INC. |

## **Exhibit C**

<u>Termination Dates</u>

**September 30, 2005:**

Store #1630 (2626 Ft. Campbell Boulevard, Hopkinsville, KY)

Store #1657 (376 NL Rogers Well, Glasgow, KY)


**October 15, 2005:**

Store #1617 (1002 Mill Street, Leitchfield, KY)


**October 22, 2005:**

Store #1665 (550 U. S. Highway 62 West, Princeton, KY)


**October 31, 2005:**

Store #1698 (1640 Scottsville Road, Bowling Green, KY)

Store #1632 (1030 S. Broadway, Lexington, Kentucky)

Store #1652 (3725 Harrodsburg Road, Lexington, KY)

## Exhibit D

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING AND APPROVING (I) REJECTION
OF REAL PROPERTY LEASES AND SUBLEASES (II) ABANDONMENT OF
RELATED PERSONAL PROPERTY AND (III) THE SETTLEMENT
AGREEMENT WITH E.W. JAMES**

These cases came before the Court for hearing on October 7, 2005 upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors

and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§

105(a) and 365 and Federal Rule of Bankruptcy Procedure 9019 authorizing the rejection by the

Debtors of the unexpired non-residential real property leases listed on Exhibit A (collectively,

the "Leases"), the related subleases listed on Exhibit B (collectively, the "Subleases"), and

approving the Settlement Agreement between E.W. James and the Debtors (the "Motion").  The

Court has read the Motion and considered the representations of counsel.  Based upon the

representations of counsel and without objection by the United States Trustee or any other

interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Leases and Subleases pursuant to

11 U.S.C. § 365(a), and each Lease and Sublease is deemed rejected, effective as of the

---

[1]      All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

applicable Termination Date set forth in the Settlement Agreement with E.W. James relating to the rejection of the Subleases. In the event such applicable Termination Date, as attached in Exhibit C, is earlier than the entry of this Order by this Court approving the Settlement Agreement and rejection of the Leases and Subleases, the rejection is approved *nunc pro tunc* to the applicable Termination Date.

3.     Claims for any rejection damages resulting from the rejection of the Leases and Subleases shall be filed no later than thirty (30) days after the date of entry of this Order.

4.     The Settlement Agreement is approved.

5.     Any interest of any of the Debtors in any personal property remaining in the stores that are the subject of the Leases is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order. Any Landlord who seeks to dispose of any such abandoned property shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Landlord shall be entitled to dispose of the abandoned property as it deems fit.

6.     Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Leases or Subleases, whether or not related to the Leases or Subleases.

7.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order and to implement the Settlement Agreement.

8.    The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**Exhibit A**

## SCHEDULE OF LEASES

| Store Number | Leased Property Location | Landlord |
|---|---|---|
| 1617 | 1002 MILL STREET<br>LEITCHFIELD, KY 42754 | KENTUCKY TEACHERS RETIREMENT SYSTEM |
| 1630 | 2626 FT. CAMPBELL BLVD<br>HOPKINSVILLE, KY 42240 | WIGGS REALTY COMPANY OF KENTUCKY, INC. |
| 1632 | 1030 SOUTH BROADWAY<br>LEXINGTON, KY 40504 | KENTUCKY TEACHERS RETIREMENT SYSTEM |
| 1652 | 3725 HARRODSBURG ROAD<br>LEXINGTON, KY 40503 | WEBB/LEXINGTON VENTURES - NO 108, LTD |
| 1657 | 376 NL ROGERS WELL<br>GLASGOW, KY 42141 | RP BARREN RIVER, LLC |
| 1665 | 550 US HIGHWAY 62 W.<br>PRINCETON, KY 42445 | BENNETT M. LIFTER, TRUSTEE |
| 1698 | 1640 SCOTTSVILLE ROAD<br>BOWLING GREEN, KY 42104 | PAJ |

**Exhibit B**

## SCHEDULE OF SUBLEASES

| Store Number | Leased Property Location | Subtenant |
|---|---|---|
| 1617 | 1002 MILL STREET<br>LEITCHFIELD, KY 42754 | E.W. JAMES, INC. |
| 1630 | 2626 FT. CAMPBELL BLVD<br>HOPKINSVILLE, KY 42240 | E.W. JAMES, INC. |
| 1632 | 1030 SOUTH BROADWAY<br>LEXINGTON, KY 40504 | E.W. JAMES, INC. |
| 1652 | 3725 HARRODSBURG ROAD<br>LEXINGTON, KY 40503 | E.W. JAMES, INC. |
| 1657 | 376 NL ROGERS WELL<br>GLASGOW, KY 42141 | E.W. JAMES, INC. |
| 1665 | 550 US HIGHWAY 62 W.<br>PRINCETON, KY 42445 | E.W. JAMES, INC. |
| 1698 | 1640 SCOTTSVILLE ROAD<br>BOWLING GREEN, KY 42104 | E.W. JAMES, INC. |

# EXHIBIT C

Termination Dates

**September 30, 2005:**

Store #1630 (2626 Ft. Campbell Boulevard, Hopkinsville, KY)

Store #1657 (376 NL Rogers Well, Glasgow, KY)

**October 15, 2005:**

Store #1617 (1002 Mill Street, Leitchfield, KY)

**October 22, 2005:**

Store #1665 (550 U. S. Highway 62 West, Princeton, KY)

**October 31, 2005:**

Store #1698 (1640 Scottsville Road, Bowling Green, KY)

Store #1632 (1030 S. Broadway, Lexington, Kentucky)

Store #1652 (3725 Harrodsburg Road, Lexington, KY)