**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.1 | ) | Jointly Administered |
| _____ | | |

**APPELLANT'S DESIGNATION OF ITEMS TO BE**
**INCLUDED IN THE RECORD ON APPEAL AND**
**STATEMENT OF THE ISSUES TO BE PRESENTED**

Appellant, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), designate the following items for inclusion in the record of the Debtors' appeal from the Court's Order dated August 30, 2005 (Docket No. 3295) (the "Appeal"):

1. Motion for Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act (Doc. No. 20);

2. Interim Order signed on 2/23/2005 Granting the Debtors Authority to Pay Pre-Petition Claims Arising Under the Perishable Agricultural Commodities Act. (Doc. No. 77);

3. Order Granting Motion to Authorize Debtors to pay pre-petition claims arising under the Perishable Agricultural Commodities Act (Doc. No. 485);

4. Report Regarding Claims Under The Perishable Agricultural Commodities Act (Doc. No. 1079);

---

1 In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

5. Objection to Debtors' Report Regarding Claims Under the Perishable Agricultural Commodities Act Filed by Mark G. Duncan on behalf of Creditor Old Dixie Produce & Packaging, Inc. (Doc. No. 1197);

6. Memorandum of Law in Support of Objection of Old Dixie Produce & Packaging, Inc. to Debtors' Report Regarding Claims Under the Perishable Agricultural Commodities Act (Doc. No. 1199);

7. Memorandum of Law in Support of Objection to Debtors' Report Regarding Claims Under the Perishable Agricultural Commodities Act (corrected) (Doc. No. 1277);

8. Objection to Debtors' Report Regarding Claims Under the Perishable Agricultural Commodities Act Re-Filed by Mark G Duncan on behalf of Creditor Old Dixie Produce & Packaging, Inc. (Doc. No. 1345);

9. Motion for Determination of Old Dixie Produce and Packaging, Inc.'s Claim Under the Perishable Agricultural Commodities Act (Doc. No. 2046);

10. Memorandum of Law in Response to Debtors' Motion for Determination of Claim Under The Perishable Agricultural Commodities Act (Doc. No. 2919);

11. Hearing Proceeding Memo: Hearing Held, Ruling: Motion for Determination of Old Dixie Produce and Packaging, Inc.'s Claim Under the Perishable Agricultural Commodities Act (Doc. No. 3072);

12. Order Sustaining Objection of Old Dixie Produce & Packaging, Inc. to Debtors' Report Regarding its Claim under the Perishable Agricultural Commodities Act (Doc. No. 3295);

13. Notice of Appeal Re: Order Sustaining Objection of Old Dixie Produce & Packaging, Inc. to Debtors' Report Regarding its Claim under the Perishable Agricultural Commodities Act (Doc. No. 3409);

14. Transcript of Proceedings Held August 18, 2005 re: Motion for Determination of Old Dixie Produce and Packaging, Inc.'s Claim Under the Perishable Agricultural Commodities Act.

**Statement of Issues To Be Presented Upon Appeal**

1. Whether the Bankruptcy Court erred in holding that amounts due by the Debtors to Old Dixie Produce & Packaging, Inc. under invoices which provide payment

terms in excess of thirty days are eligible as trust claims under the Perishable Agricultural Commodities Act ("PACA") and thus, payable by the Debtors immediately.

2. Whether the Bankruptcy Court erred in holding that "under the clear language of PACA, invoice payment terms beyond the ten day period established by the regulations have no legal affect without a prior written agreement extending payment terms."

3. Whether the Bankruptcy Court erred in holding that "invoices alone" do not extend the applicable ten day period.

4. Whether the Bankruptcy Court erred in concluding that absent a "pre-transaction written agreement," the payment terms automatically default to the ten day period established by the federal regulations "as a matter of law," and the amounts due under such invoices are thus eligible as allowed PACA administrative claims.

Dated: September 19, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  */s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Gray | By  */s/ Cynthia C. Jackson*  <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson. F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00508454