UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,   Case No. 3:05-bk-03817-3F1
                                    Chapter 11 (Jointly Administered)
        Debtors.

_____/

**LIMITED OBJECTION OF CATAMOUNT ROCKINGHAM, LLC TO DEBTORS'
NOTICE OF INTENT TO ABANDON FURNITURE, FIXTURES, AND EQUIPMENT**
[Docket No. 3303]

      Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation, and Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation, and Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation (collectively, "La Gatta"), as lessor of the premises identified as Store Number 2045 located in Rockingham, North Carolina, Store No. 1676 located in Louisville, Kentucky and Store No. 2712 located in Atlanta, Georgia, files this limited objection to the Debtors' Notice of Intent to Abandon Furniture, Fixtures, and Equipment (the "Notice") (Dkt. No. 3303), and states as follows:

      1.    Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 6, 1994 Lease Modification Agreement (as amended, the "Rockingham Lease"), by and between Winn-Dixie Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("Debtor") and La Gatta for

1

that certain realty Debtor refers to as Store # 2045 at 1206 Rockingham Road, Rockingham, North Carolina ("Location 2045"), La Gatta leased Location 2045 to Debtor. Debtor has since (September 15, 2005) filed notice of its rejection of the Rockingham Lease.

2. Further, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Louisville Lease"), by and between Winn-Dixie Louisville, Inc. aka Winn-Dixie Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("Debtor") and La Gatta for that certain realty Debtor refers to as Store # 1676 at 1148 South 4th Street (4th & Oak), Louisville, Kentucky ("Location 1676"), La Gatta leased Location 1676 to Debtor. Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Louisville Lease (the "Louisville Assignment") to Buehler of Kentucky LLC ("Buehler"). Pursuant to ¶¶ 6 and 19 of the Louisville Lease, Debtor retained liability as a principal under the Louisville Lease for all obligations thereunder, notwithstanding the Louisville Assignment. Moreover, pursuant to the Louisville Assignment, Debtor expressly remained responsible for all of its liabilities and obligations under the Louisville Lease. Buehler filed its own petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division, on May 4, 2005, which case remains pending as Case No. 05-70961-BHL-11 (Jointly Administered) (the "Buehler Bankruptcy"). Pursuant to the Court's September 1, 2005 Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property, the Court authorized Debtor to reject the Louisville Lease effective September 1, 2005.

3. Further, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 31, 1994 Lease Modification Agreement (as amended, the "Atlanta Lease"), by and between Winn-Dixie Montgomery, Inc. aka Winn-Dixie Atlanta, Inc. ("Debtor") and La Gatta for that certain realty Debtor refers to as Store #2712 at Monroe Drive and Virginia Avenue, Midtown Shopping Center, Atlanta, Georgia ("Location 2712"), La Gatta leased Location 2712 to Debtor. Pursuant to its August 11, 2005 Order Authorizing (I) Retroactive Rejection of Real Property Leases and (II) Abandonment of Related Personal Property (the "Rejection Order"), this Court authorized the rejection of the Atlanta Lease effective August 11, 2005.

4. Debtor does not state in the Notice when the deadline is for selling the furniture, fixtures, and equipment (the "FF&E") before the Debtor will abandon the FF&E to the applicable landlords. Moreover, La Gatta previously has notified Debtor that certain of the FF&E located in Location 2045 (that affixed to a wall or the floor) constitutes La Gatta's property, and that La Gatta objects to the sale of any such FF&E that constitute La Gatta's property. La Gatta hereby repeats this same objection with respect to the FF&E located at Location 1676 and Location 2712.

5. La Gatta objects to the Notice to the extent that the relief requested would violate the terms of the Rockingham Lease and the Louisville Lease, which require that Debtor remove all property not owned by La Gatta at the conclusion of such leases. Specifically, La Gatta requests that the Court require Debtor to honor the Rockingham Lease for Location 2045, the Louisville Lease for Location 1676 and the Atlanta Lease for Location 2712, in accordance with

paragraph 27 of each of the Rockingham Lease, the Louisville Lease and the Atlanta Lease, respectively, as follows:

> 27. <u>Surrender</u>. Upon the termination of this Lease, Lessee shall peaceably surrender the Leased Premises to Lessor in the same condition in which they were received from Lessor at the commencement of this Lease, except as altered as permitted or required by this Lease and except for ordinary wear and tear. Lessee shall remove from the Leased Premises on or prior to such termination all property not owned by Lessor, and, at its expense, shall, prior to such termination, repair any damage caused by such removal. Property not so removed shall become the property of Lessor. Lessor may thereafter cause such property to be removed form the Leased Premises and disposed of. The cost of any such removal and disposition and the cost of repairing any damage caused by such removal shall be borne by Lessee.

6.	The Court should not allow FF&E of allegedly little or no value to be abandoned by Debtor to La Gatta, as La Gatta will have to incur substantial expense in removing or disposing of such FF&E. Alternatively, if such abandonment is allowed, La Gatta requests that it be allowed an administrative priority claim in the amount required to remove any such FF&E not removed in accordance with the Rockingham Lease and the Louisville Lease.

WHEREFORE, La Gatta respectfully requests the Court to (a) direct the Debtor or its liquidating agent to respond to La Gatta's request regarding the deadline for the sale of the FF&E in Location 2045, Location 1676 and Location 2712 and the purported abandonment of the FF&E in said locations to La Gatta, (b) to require Debtor not to sell or otherwise dispose of FF&E constituting La Gatta's property, (c) to require Debtor to comply with paragraph 27 of the Rockingham Lease, the Louisville Lease and the Atlanta Lease by removing all of the FF&E belonging to Debtor, (d) alternatively, for allowance, as an administrative priority claim, in the amount required by La Gatta to remove an dispose of any such FF&E not removed in accordance with the Rockingham Lease, the Louisville Lease and the Atlanta Lease, and (e) for such other and further relief as may be just and proper in the premises.

Dated: September 19, 2005         Respectfully submitted,

　　/s/ C. Daniel Motsinger_____
C. Daniel Motsinger
Florida Bar No.: 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation; Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation; and Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on September 19, 2005, as indicated below:

                                                                      /s/ C. Daniel Motsinger
                                                                   C. Daniel Motsinger

| | |
|---|---|
| Adam Ravin<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Dennis F. Dunne<br>Milbank Tweed & Hadley<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| Elana L. Escamilla<br>Office of United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL 32806 | John B. McDonald<br>Akerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 |
| Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 | |

KD_IM-643253_1.DOC