UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 05-03817 |
| ) | (Jointly Administered) |
| WINN-DIXIE STORES, INC., et al. ) | |
| ) | Chapter 11 |
| ) | |
| Debtors. ) | |

**LIMITED OBJECTION OF PRINCIPAL LIFE INSURANCE COMPANY
TO DEBTORS' NOTICE OF INTENT TO ABANDON FURNITURE,
FIXTURES AND EQUIPMENT**

Principal Life Insurance Company ("Principal"), formerly known as Principal Mutual Life Insurance Company, by its undersigned counsel, hereby submits this limited objection (the "Objection") to the Debtors' Notice of Intent to Abandon Furniture, Fixtures and Equipment (the "Notice"), and in support hereof, Principal respectfully states as follows:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

2. On or about April 13, 2005, the New York Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida.

3. The Debtors' cases are being jointly administered.

4. Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. Pursuant to the Notice, the Debtors seek authority from the court to abandon to the applicable landlord, the furniture, fixtures, equipment and related assets (collectively, the

"FF&E") that the Debtors are unable to sell from leased stores which the Debtors are closing (the "Targeted Stores")[1].

6. Principal holds, among other things, mortgages, deeds of trust and security agreements, and assignments of leases and rents (collectively, the "Assignments") with respect to leases (collectively, the "Leases") of numerous Targeted Stores including, *inter alia*, Store #2706 located at 4331 Brownsville Road, Powder Springs, GA 30127.

7. The Leases provide that upon termination of the lease, the lessee must remove the FF&E before returning the leased property to the lessor. Specifically, the Lease for Store #2706 provides that, *inter alia*:

> (a) "Upon expiration or earlier termination of this Lease, Tenant shall peaceably leave and surrender the Leased Premises . . . to Landlord in the same condition in which the Leased Premises were originally received from Landlord on the Commencement Date . . . except for ordinary wear and tear. Tenant shall remove from the Land and Improvements on or prior to such expiration or earlier termination all property situation thereon which is owned by Tenant or third parties other than Landlord, and Tenant at its expense shall, on or prior to such expiration or earlier termination, repair any damage caused by such removal. Property not so removed at the end of the Term or within 30 days after the earlier termination of the Term for any reason whatsoever shall become the property of Landlord, and Landlord may thereafter cause such property to be removed from the Leased Premises. The cost of removing and disposing of such property and repairing any damage to the Leased Premises caused by such removal shall be borne by Tenant." *See* Lease for Store #2706, ¶ 25.

8. Pursuant to the Assignments, the lessors have granted, transferred and assigned to Principal all of their interest under the Leases. *See* Assignment of Lease for Store #2706, page 1.

9. On September 14, 2005, the Debtors served a Notice of Rejection of Unexpired Lease on the landlord for Store #2706 (the "Rejection Notice").

---

[1] Principal notes that in the Notice, the Debtors stated that they are giving "notice of their intent to abandon to the applicable landlord, the furniture, fixtures, equipment and related assets the Debtors are unable to sell from stores the Debtors are closing (collectively, the 'FF&E')". Throughout the Notice, the Debtors refer to "Targeted Stores" (as defined in the Notice) but the relief sought by the Notice is not clearly limited to the Targeted Stores. Accordingly, in addition to the limited objection contained herein, Principal reserves the right to object to any attempt of the Debtors to abandon FF&E at stores that are not Targeted Stores but in which Principal has an interest.

10.     Pursuant to the Rejection Notice, the Lease for Store #2706 is deemed rejected on the later of: (i) the 10th calendar day following the service (or September 24, 2005); and (ii) the date on which the Debtors have (a) vacated and surrendered possession of the premises; and (b) delivered the keys to the leased premises to the affected landlord at the mall management office where the lease premises are located (the "Rejection Date").

11.     Accordingly, as of this date, the Lease for Store #2706 has not yet been rejected.

## LEGAL ARGUMENT

12.     Pursuant to § 365(d)(3) of the Bankruptcy Code, a debtor/tenant must perform "*all* the obligations of the debtor" under an unexpired nonresidential real property lease in a timely manner during the period between the date of the order for relief and the date the debtor assumes or rejects the lease.  11 U.S.C. § 365(d)(3) (emphasis added).

13.     Courts have consistently held that § 365(d)(3) requires a debtor to perform **all** of its obligations under a lease. *See, e.g., Full House Foods, Inc. v. 33rd Street Enters. (In re Full House Foods, Inc.*, 279 B.R. 71, 79 (Bankr. S.D.N.Y. 2002) (stating "(t)he statute does not distinguish between rent and other lease obligations"); *Cukierman v. Uecker (In re Cukierman)*, 265 F.3d 846, 851 (9th Cir. 2001) (stating § 365(d)(3) encompasses "all obligations contained in a bargained-for agreement").

14.     Accordingly, Principal objects to the Notice to the extent that the Debtors intend to abandon FF&E at Store #2706 as the abandonment would violate 11 U.S.C. § 365(d)(3).

15.     Further, in addition to filing claim(s) for rejection damages, Principal reserves and preserves its right to seek payment of its administrative expense claims as a result of damages relating to any abandoned FF&E at Store #2706 .

16.     Principal also objects to the Notice because: (a) it seeks relief which should only be granted upon notice, motion and a hearing pursuant to the Federal Rules of Bankruptcy

Procedure (the "Rules"); and (b) the Debtors did not properly serve Principal with the Notice pursuant to the Rules.

WHEREFORE, for the foregoing reasons, Principal respectfully requests that this Court (a) as a condition for any order providing the Debtors with the relief they seek in the Notice, require the Debtors pursuant to the Lease for Store #2706, to remove all FF&E from Store #2706; and (b) grant such further and additional relief as is just and proper.

Dated: September 20, 2005

By: */s/ Wendy M. Simkulak*
DUANE MORRIS LLP
Paul L. Orshan, Esquire
Florida Bar No. 776203
plorshan@duanemorris.com
200 S. Biscayne Boulevard
Suite 3400
Miami, FL  33131
Tel: 305.960.2200
Fax: 305.960.2201
and
Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
mnreed@duanemorris.com
wmsimkulak@duanemorris.com

Counsel to Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company