UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,           Case No. 3:05-bk-03817-3F1
                                                            Chapter 11 (Jointly Administered)

              Debtors.

_____/

**SUPPLEMENT TO**
**LIMITED OBJECTION OF CATAMOUNT ROCKINGHAM, LLC, CATAMOUNT LS-**
**KY, LLC AND CATAMOUNT ATLANTA, LLC TO DEBTORS' NOTICE OF INTENT**
**TO ABANDON FURNITURE, FIXTURES, AND EQUIPMENT**
**[Docket No. 3303]**

       Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation, and Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation, and Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation (collectively, "La Gatta"), as lessor of the premises identified as Store Number 2045 located in Rockingham, North Carolina, Store No. 1676 located in Louisville, Kentucky and Store No. 2712 located in Atlanta, Georgia, file this supplement to their September 19, 2005 limited objection to the Debtors' Notice of Intent to Abandon Furniture, Fixtures, and Equipment (the "Notice") (Dkt. No. 3303), and in support state as follows:

       1.      In addition to the reasons advanced in La Gatta's September 19, 2005 Limited Objection filed with respect to the Notice, La Gatta notes further that in the Notice, the Debtors stated that they are giving "notice of their intent to abandon to the applicable landlord, the

1

furniture, fixtures, equipment and related assets the Debtors are unable to sell from stores the Debtors are closing (collectively, the 'FF&E')". Throughout the Notice, the Debtors refer to "Targeted Stores" (as defined in the Notice) but the relief sought by the Notice is not clearly limited to the Targeted Stores. Accordingly, in addition to the limited objection contained herein and previously (September 19, 2005) asserted, La Gatta reserves the right to object to any attempt of the Debtors to abandon FF&E at stores that are not Targeted Stores but in which La Gatta has an interest.

2.      La Gatta also notes that with respect to the Rejection Notice issued September 14, 2005, by Debtors with respect to the Rockingham Lease, pursuant to the terms of which the Lease for Location 2045 is deemed rejected on the later of: (i) the 10th calendar day following its service (or September 24, 2005), and (ii) the date on which the Debtors have (a) vacated and surrendered possession of the premises, and (b) delivered the keys to the leased premises to the affected landlord at the mall management office where the lease premises are located, as of the date hereof the Rockingham Lease has not been rejected.

3.      As additional support for the arguments advanced in its September 19, 2005 Limited Objection, La Gatta notes further that pursuant to §365(d)(3) of the Bankruptcy Code, a debtor/tenant must perform "*all* the obligations of the debtor" under an unexpired nonresidential real property lease in a timely manner during the period between the date of the order for relief and the date the debtor assumes or rejects the lease, 11 U.S.C. § 365(d)(3) (emphasis added), and that courts consistently have held that §365(d)(3) requires a debtor to perform all of its obligations under a lease. *See, e.g., Full House Foods, Inc. v. 33rd Street Enters. (In re Full House Foods, Inc.)*, 279 B.R. 71, 79 (Bankr. S.D.N.Y. 2002) (stating "(t)he statute does not distinguish between rent and other lease obligations"); *Cukierman v. Uecker (In re Cukierman)*,

265 F.3d 846, 851 (9th Cir. 2001) (stating §365(d)(3) encompasses "all obligations contained in a bargained-for agreement").

4. Accordingly, La Gatta further objects to the Notice to the extent that the Debtors intend to abandon FF&E at Location 2045, Location 1676 and Location 2712 as the abandonment would violate 11 U.S.C. § 365(d)(3).

5. And, in addition to filing claim(s) for rejection damages, La Gatta reserves and preserves its right to seek payment of its administrative expense claims as a result of damages relating to any abandoned FF&E at Location 2045, Location 1676 and Location 2712.

WHEREFORE, La Gatta respectfully requests the Court to (a) direct the Debtor or its liquidating agent to respond to La Gatta's request regarding the deadline for the sale of the FF&E in Location 2045, Location 1676 and Location 2712 and the purported abandonment of the FF&E in said locations to La Gatta, (b) to require Debtor not to sell or otherwise dispose of FF&E constituting La Gatta's property, (c) to require Debtor to comply with paragraph 27 of the Rockingham Lease, the Louisville Lease and the Atlanta Lease by removing all of the FF&E belonging to Debtor, (d) alternatively, for allowance, as an administrative priority claim, in the amount required by La Gatta to remove an dispose of any such FF&E not removed in accordance with the Rockingham Lease, the Louisville Lease and the Atlanta Lease, and (e) for such other

and further relief as may be just and proper in the premises.

Dated: September 20, 2005        Respectfully submitted,

  __/s/ C. Daniel Motsinger_____
C. Daniel Motsinger
Florida Bar No.: 0362875
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: 317/636-4341; Fax: 317/636-1507
E-mail: cmotsinger@kdlegal.com

Attorneys for Catamount Rockingham, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation; Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation; and Catamount Atlanta, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served upon the parties by operation of the Court's electronic filing system on September 20, 2005, as indicated below:

                                                /s/ C. Daniel Motsinger
                                                C. Daniel Motsinger

| | |
|---|---|
| Adam Ravin<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Dennis F. Dunne<br>Milbank Tweed & Hadley<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| Elana L. Escamilla<br>Office of United States Trustee<br>135 W. Central Boulevard, Suite 620<br>Orlando, FL 32806 | John B. McDonald<br>Akerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 |
| Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 | |

KD_IM-643506_1.DOC