IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | CASE NO. 05-03817-JAF |
| ) | CHAPTER 11 |
| Debtor. ) | JOINTLY ADMINISTERED |
| ) | |

**LIMITED OBJECTION TO DEBTORS' NOTICES OF REJECTION OF UNEXPIRED LEASES AND DEBTORS' NOTICE TO ABANDON FURNITURE, FIXTURES AND EQUIPMENT**

Russell Crossing Partners, Ltd. (Store No. 404), Pascagoula Properties, Ltd. (Store No. 573), 59 West Partners, Ltd. (Store No. 594)(collectively, "Landlords"), by and through their undersigned attorneys, file this Objection to the Debtor's Notices of Rejection of Unexpired Leases ("Rejection Notices") and to Debtors' Notice to Abandon Furniture, Fixtures and Equipment (the "Abandonment Notice"), and state as follows:

1.   Russell Crossing Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 2010 US Highway 280, Phenix City, Alabama, identified by the Debtors as Store Number 404 ("Phenix City Lease"); Pascagoula Properties, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 3501 Denny Avenue, Pascagoula, Mississippi, identified by the Debtors as Store Number 573 ("Pascagoula Lease"); 59 West Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 710 Academy Drive, Bessemer, Alabama, identified by the Debtors as Store Number 594 ("Bessemer Lease")(together referred to as the "Leases").

355588-1

2. On August 31, 2005, the Debtors filed their Notice to Abandon Furniture, Fixtures and Equipment. On September 15, 2005, the Debtors filed a Notice of Rejection of each of the Leases.

3. The Landlords object to the Rejection Notices and Abandonment Notice on a limited basis. The Landlords do not dispute the Debtors' rights to reject executory contracts and unexpired leases. However, the Landlords submit that the rejection should be conditioned on the Debtors' fulfillment of its contractual obligations concerning the removal and cleaning of the demised premises.

4. Debtors do not state in the Abandonment Notice when the deadline is for selling the furniture, fixtures, and equipment (the "FF & E") before the Debtors will abandon the FF & E to the applicable landlords. The Landlords submit that the Debtors cannot effectively reject these Leases without removing the FF & E. Without removing the FF & E, the Debtors have rejected the Leases in name only.

5. The Landlords object to the portions of the Rejection Notices and the Abandonment Notice to the extent they request relief that is contrary to the requirements of the Leases with respect to removal of personal property at, or prior to, the conclusion of the Leases.

6. Specifically, the Pascaguola and Bessemer Leases require the Debtors to surrender the Leased Premises "to Landlord in the same condition in which the Leased Premises were originally received from the Landlord at the commencement of the Lease." (Section 23 of Leases). These Leases further provide that "Tenant shall remove from the Land and Improvements on or prior to such expiration or earlier termination all property situated thereon which is owned by Tenant third parties other than Landlord, and Tenant at its expense shall, on or prior to such expiration or earlier termination, repair any damage by such removal." (Section

23 of Leases). The Phenix City Lease has similar language in that the Debtor is required to return the premises "at the termination of the tenancy in as good and tenantable condition as the same are at the beginning of Tenant's occupancy," reasonable wear and tear excepted. (Section 25 of the Phenix City Lease).

7. The relief requested in both the Rejection Notices and the Abandonment Notice would allow the Debtor to violate the Leases by allowing personal property to remain the respective premises upon the rejection and termination of the Leases. Therefore, the Court should not allow personal property of little or no value to be abandoned to the Landlords, as the Landlords will incur substantial expense in removing or disposing of said personal property. Alternatively, if such abandonment were allowed, the Landlords should be allowed an administrative priority claim in the amount required to remove any personal property not removed in accordance with the Leases.

WHEREFORE, the Landlords respectfully request that the Court enter an Order that (a) requires the Debtors to establish a deadline for the sale of the FF & E and establishes that the rejection is effective as of the date of removal of the FF & E; (b) requires the Debtors to dispose of the FF & E in accordance with the Leases; (c) provides alternatively, for allowance, as an administrative priority claim, the amount incurred by the Landlords required to remove the FF & E not removed by the Debtors in accordance with the Leases; and (d) grants such other relief it deems appropriate.

Dated this 20th day of September 2005.

Respectfully submitted,

**HARWELL HOWARD HYNE GABBERT & MANNER, P.C.**

By: s/ David P. Cañas
David P. Cañas
315 Deaderick Street, Suite 1800
Nashville, TN 37238-1800
Telephone: (615) 256-0500
Facsimile: (615) 251-1058
Email: dpc@h3gm.com

*Attorneys for 59 West Partners, LTD/Bessemer, Russell Crossing Partners, LTD, and Pascagoula Properties, LTD*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served, by electronic mail transmission and/or first class mail, postage prepaid, as reflected on the parties listed below on September 20, 2005.

| | |
|---|---|
| Adam Ravin<br>D. J. Baker<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Cynthia C. Jackson<br>Smith, Hulsey & Busey<br>1800 Wachovia Tower<br>225 Water Street<br>Jacksonville, FL 32202 |
| United States Trustee – JAX<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801 | |

s/ David P. Cañas
David P. Cañas

355588-1                               4