**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

**LIMITED OBJECTION OF HERITAGE SPE, LLC TO DEBTORS' NOTICE OF INTENT TO ABANDON FURNITURE, FIXTURES AND EQUIPMENT**

Heritage SPE, LLC ("Heritage"), a lessor of certain nonresidential real property in the above-captioned bankruptcy, by its undersigned counsel, hereby objects (the "Limited Objection") to the Debtors' Notice (the "Notice") of Intent to Abandon Furniture, Fixtures and Equipment ("FF&E"), and, in support thereof, respectfully states as follows:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157, and venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

2. On February 21, 2005, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. By Order dated April 13, 2005, these jointly administered bankruptcy cases were transferred to this Court.

3. Heritage, as lessor, leases certain nonresidential real property located in shopping centers to the Debtors, as lessees. One of the leases between Heritage and the Debtors is for certain nonresidential real property located in the McMullen Creek

\\FIN\227701.1

Shopping Center in Charlotte, North Carolina, which the Debtors have identified as Targeted Store No. 2106 (the "McMullen Creek Lease").[1]

4. Through the Notice, the Debtors seek, amongst other things, to abandon any FF&E located on the premises leased pursuant to the McMullen Creek Lease that the Debtors are not able to sell through certain going out of business sales.

5. Pursuant to the McMullen Creek Lease, the Debtors are obligated to leave the leased premises in a "broom clean" or otherwise clean and orderly fashion free of the Debtors property.[2]

6. Pursuant to 11 U.S.C. § 365(d)(3), the Debtors are required to timely perform **all** obligations under the McMullen Creek Lease from and after the order for relief until the McMullen Creek Lease has been assumed or rejected.

7. Courts have consistently held that section 365(d)(3) requires debtors to perform all lease obligations. *See Cukierman v. Uecker (In re Cukierman)*, 265 F.3d 846, 851 (9th Cir. 2001) (stating that section 365(d)(3) includes "all obligations contained in a bargained-for agreement"); *Full House Foods, Inc. v. 33rd Street Enters. (In re Full House Foods, Inc.)*, 279 B.R. 71, 79 (Bankr. S.D.N.Y. 2002) ("The statute does not distinguish between rent and other lease obligations.").

8. Furthermore, paragraph 4 of the Rejection Procedure Order states:

---

[1] The Debtors have issued a notice that the McMullen Creek Lease will be rejected. Heritage believes that the Debtors issued the rejection notice on or about September 14 or September 15, 2005. Pursuant to the Court's Order entered on September 8, 2005 [**Docket No. 3405**] (the "Rejection Procedure Order"), such rejection will become effective on the later of: (a) the tenth calendar day following service of the rejection notice; and (b) the date that the Debtors (i) vacate and surrender possession of the premises and delivered possession of all keys in the Debtors' possession to the relevant landlord. As such, the McMullen Creek Lease has not been rejected as of the filing of this Limited Objection.

[2] As of the time of the filing of this Limited Objection, the precise language of the McMullen Creek Lease was not available. Heritage will make a copy of the McMullen Creek Lease available and reserves the right to supplement this Limited Objection in order to include specific references to relevant provisions of the McMullen Creek Lease.

\\FIN\227701.1

>On or before the Rejection Date, the Debtors must vacate any such Targeted Store in the condition required by the applicable lease (the "Closed Store"), provided, however, that the failure to leave the Store in the condition required by the applicable lease shall not give rise to contempt of court and provided further that this Order is without prejudice to any party's right to dispute the validity and priority of any claim allegedly arising from any such failure. (footnote omitted)

9. Therefore, Heritage objects to the Notice to the extent that the Debtors intend to abandon any FF&E at the premises leased pursuant to the McMullen Creek Lease.

10. Heritage reserves all of its rights to seek payment of any damages resulting from the abandonment of any FF&E or other property as administrative expenses pursuant to sections 365 and/or 503 of the Bankruptcy Code.

11. Heritage further objects to the Notice to the extent that it creates any potential obligation requiring Heritage to remove, store, maintain or otherwise safe-keep any FF&E or other property, including but not limited to all property in which third parties may have an interest, which the Debtors abandon in or on the real property subject to the McMullen Creek Lease.

(Remainder of the page intentionally left blank.)

WHEREFORE, Heritage respectfully requests that this Court enter an order (a) requiring the Debtors to meet all of their obligations under the McMullen Creek Lease; (b) stating that Heritage has no obligation to remove, store, maintain or otherwise safe-keep any FF&E or other property left on the property subject to the McMullen Creek Lease; (c) preserving any claims Heritage may have; and (d) granting such other and further relief as this Court deems just.

Dated: September 20, 2005                              Respectfully submitted,

/s/ Michael M. Schmahl
One of the attorneys for
Heritage SPE, LLC

Charles Gibbs (0736651)
McGuireWoods LLP
50 N. Laura St.
Suite 3300
Jacksonville, FL 32202
(904) 798-3200

and

Richard J. Mason, P.C.
Michael M. Schmahl
McGuireWoods LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
(312) 558-1000

\\FIN\227701.1

**CERTIFICATE OF SERVICE**

    I, an attorney, hereby certify that a true and correct copy of the foregoing has been served upon Cynthia C. Jackson, Esq., Counsel for the Debtors, via facsimile at (904) 359-7708 on this 20th day of September, 2005.

                                        /s/ Michael M. Schmahl
                                        Michael M. Schmahl

\\FIN\227701.1