**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF SHAUN KEVIN JOHNSON, MICHELLE SUE JOHNSON AND MICAH NICOLE JOHNSON FOR DETERMINATION OF SCOPE OF AUTOMATIC STAY AND FOR RELIEF FROM AUTOMATIC STAY**

**Come Now**, Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson (the "Johnsons"), by and through their undersigned counsel, and pursuant to 11 U.S.C. Section 362 and Fed. R. Bankr. P. 4001, hereby move this Court for a determination of the scope of, and to the extent it is applicable relief from, the automatic stay regarding certain non-debtor parties, and Debtors Winn-Dixie Stores, Inc. , Winn-Dixie Montgomery, Inc.,  and that entity doing business as "Winn-Dixie Marketplace" in Orange Beach, Alabama (the "Debtors").

**BACKGROUND**

1. On September 21, 2003, Shaun Kevin Johnson ("Mr. Johnson") and Micah Nicole Johnson, the Johnsons' minor daughter, were involved in a devastating motor vehicle accident in Escambia County, Florida, caused by Herman Milton Myers, Jr. ("Myers"). While driving his vehicle, Myers fell asleep, passed out or lost consciousness from a drunken stupor and drove his vehicle directly into the Johnsons' vehicle's path.  Myers' vehicle struck the Johnson's vehicle, in which Mr. Johnson was the driver and Micah Nicole Johnson was a passenger, and caused severe personal

1

injuries to Micah Nicole Johnson and catastrophic and permanent injuries to her father.

2.  Myers worked at the Winn-Dixie store in Orange Beach, Alabama, and, on the date of the accident appeared at work in a semi-comatose, drug-induced stupor and was unable to perform his duties. Notwithstanding his obvious intoxication and a known history of drug abuse, Myers was directed by his managers to leave the Winn-Dixie store in the middle of his shift. Despite his inability to operate a motor vehicle properly, Myers was directed to leave the premises and entrusted with the operation of a motor vehicle by Winn-Dixie personnel and other persons in a position of responsibility. After leaving the Orange Beach store and crossing into Florida, Myers, lost consciousness and control of his vehicle and caused the devastating injuries to the Johnsons.  In addition to Myers and the operators of the Winn-Dixie store in Orange Beach, certain parties who are proximately and legally responsible for the Johnsons' injuries remain unidentified.

3.  The Johnsons filed a civil action in Escambia County, Florida on or about January 7, 2004 naming Myers as defendant in order to recover their damages (the "Florida Action")[1]. Myers was named as the only defendant in the Florida Action.  (A true and correct copy of the *Complaint* in the Florida Action is attached hereto as Exhibit A). In the course of prosecuting the Florida Action, the Johnsons discovered information regarding the roles and legal responsibility of other parties (the "Additional Responsible Parties"), some of whom are yet unknown but which include the owners and operators of the Winn-Dixie Orange Beach store. That information and subsequent investigation showed that the Additional Responsible Parties had committed tortuous acts in Alabama

---

[1] In addition to Mr. Johnson and his daughter, who suffered physical injuries, Michelle Sue Johnson sued in her parental and spousal capacities.

that were the legal cause of the Johnsons' injuries and damages, and that Alabama would be the proper venue of any action involving those parties.

4. Under applicable and governing Alabama law, the limitations period to bring an action asserting joint and several liability against the Additional Responsible Parties expires on September 21, 2005. Alabama permits the filing of an action against unidentified parties and businesses identified only through their trade names. (A true and correct copy of Alabama Rule of Civil Procedure 9(h), with drafting committee comments, is attached as Exhibit B.) In an additional quirk of Alabama law, an action that is filed without the intention to serve the defendant or defendants is not sufficient to satisfy the requirement for filing suit prior to the expiration of the applicable limitations period.

5. As a result of the Johnsons' investigation of the actions of the Additional Responsible Parties, and in order to preserve their rights against those Additional Responsible Parties who are not debtors in these cases, the Johnsons have filed concurrently with this motion an action in the Circuit Court of Baldwin County, Alabama (the "Alabama Action") naming both non-debtor parties and the Debtors as defendants. A copy of the Complaint in the Alabama Action, the Suggestion of Bankruptcy that the Johnsons filed therein, and related documents are attached as Exhibit C.

6. In the Suggestion of Bankruptcy they filed, the Johnsons recited their intention to bring this Motion and stated:

> Plaintiffs file this action subject to the automatic stay to assure that the action is not barred by the statute of limitations which runs September 21, 2005, and to prosecute said action against Defendants who are not debtors in bankruptcy, including fictitious

3

parties named in accordance with ARCP Rule 9(h) who may be jointly and severally liable with Defendants who are debtors in bankruptcy. .. Plaintiffs recommend transfer of this case to the court's administrative docket pending further orders of the said bankruptcy court.

Suggestion of Bankruptcy, paragraphs 4 and 5.

## RELIEF REQUESTED

7.      Through this Motion, the Johnsons request the following: (a) a determination of the scope of the automatic stay provisions of 11 U.S.C. Section 362 as they relate to (i) unidentified non-debtor parties named as defendants in the Alabama Action and (ii) "Winn-Dixie Marketplace", and (b) a modification of the stay to allow the Alabama Action to go forward, at least with regard to the non-debtor defendants[2].

### The Applicability of the Stay to Non-debtor Defendants

8.      In most instances, the automatic stay applies only to the debtor, and does not apply to third parties, even if the third parties are codefendants with the debtor in a lawsuit. *See, Sav-A-Trip v. Belfort*, 164 F.3d 1137, 1139 (8th Cir. 1999); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983). While the language of Section 362 does not extend the stay to non-debtor parties, courts have under exceptional circumstance extended its protections to non-debtors in certain circumstances. *See*, *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) (District Court's extension of stay to cover non-debtor defendants upheld).

9.      An extension of the stay to protect non-debtor defendants in the Alabama Action is not appropriate here. Firstly, those parties have yet to be identified in a final manner. Secondly, if as suspected, some or all of those defendants are employees of the

---

[2] Debtor Winn-Dixie Stores, Inc. and certain affiliated entities including Winn-Dixie Montgomery, Inc., filed Chapter 11 bankruptcy cases on February 21, 2005. The cases are being jointly administered.

Debtors, its does not follow that any or all of them have rights vis-à-vis the Debtors stemming from that employment. Finally, under the balancing tests set forth above, the prejudice to the Johnsons will far outweigh the prejudice to the Debtors should the stay be so extended.

### The Stay as Applied to "Winn-Dixie Marketplace"

10. As Exhibit B reflects, the Johnsons named the fictitious party "Winn-Dixie Marketplace" as a defendant in the Alabama Action, as allowed under Alabama law. To the extent that the Debtors assert that an action against "Winn-Dixie Marketplace" is an actuality an action against a bankruptcy debtor, the Johnsons seek to have the automatic stay modified as set forth below.

### To the Extent it Applies, the Stay should be Modified

11. The automatic stay invoked by 11 U.S.C. Section 362 is a fundamental protection granted to a debtor under the Bankruptcy Code. *Midlantic National Bank v. New Jersey Department of Environmental Protection,* 474 U.S. 494, 503 (1986). However, the stay is not meant to be indefinite or absolute, and relief may be granted in appropriate circumstances. *Wedgewood Inv. Fund. Ltd. v. Wedgewood Realty Group, Ltd (In re Wedgewood),* 878 F.2d 693, 697 (3d Cir. 1989).

Section 362(d) provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.
>
> 11 U.S.C. § 362(d)(1).

12. Because the statute does not define "cause", courts have determined whether cause exists on a case-by-case basis. *In re Rexene Products Company,* 141 B.R. 574, (Bankr. D. Del. 1992), citing *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

13. In *Rexene,* the court noted that the automatic stay should often be terminated to allow non-bankruptcy litigation to proceed in a non-bankruptcy forum. The *Rexene* court based that opinion in part upon the clear legislative history of Section 362:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

*Rexene*, 141 B.R. at 576, citing H.R. REP. NO. 595, 95th Cong., 1st Sess., 341, 343-244 (1977). *See also Fernstrom,* 938 F.2d 731, 735 (7th Cir. 1991); *In re Murray Indus., Inc.,* 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990).

14. Many courts have employed a balancing test under Section 362, whereby the interests of the estate are weighed against the hardships that will be incurred by the movant. *In re Bock Laundry Machine Co.,* 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984). *See, Rexene, supra.* Under that balancing test, three factors are of primary importance:

> (1) whether any great prejudice will result to the debtor from continuation of the civil suit; (2) whether the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; and (3) whether the movant has a probability of prevailing on the merits of his case.
>
> *Id.*

**The Stay may be Modified without Substantial Prejudice to the Debtors**

15. The Johnsons do not intend to enforce any judgment they obtain in the Alabama Action against the Debtors, except through the claims process. Instead, they will enforce any such judgment against (a) those defendants that are not subject to the automatic stay but whom may be jointly and severally liable with the Debtors, (b) against proceeds under the Debtors' insurance policies to the extent such proceeds exist, and (c) through the claims process.

16. As set forth above, there is no current basis to extend the stay to cover non-debtor defendants.

17. Secondly, the Debtors would not suffer any prejudice to the extent that the Johnsons seek to recover only against the Debtors' insurance proceeds. Unless payable to a debtor or otherwise usable to reduce a debtor's liability, the proceeds from the liability policies at issue are not property of a Debtor's estate. *See, In re Scott Wetzel Services, Inc.,* 243 B.R. 802, 804 (Bankr. M.D. Fla. 1999) (a debtor has no cognizable interest in the proceeds of the typical liability policy because the proceeds will normally be payable only for the benefit of those harmed by the debtor under the terms of the insurance). *See also, Matter of Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

18. Finally, the Johnsons will take no action to collect directly against the Debtors. To the extent the Johnson's claim against the Debtors is not covered by insurance due to any "self insured retention", the Johnsons agree to treatment of their claims under the priorities of the Bankruptcy Code. The Johnson's recourse against property of the Debtors will be in accordance with procedures authorized by this Court under the Bankruptcy Code.

### The Johnsons will be Severely Prejudiced by a Maintenance of the Stay

19. It is beyond question that the Johnsons will be severely prejudiced should the stay remain in place. As one court has put it:

> A number of Courts have attributed a considerable weight to the fact that a plaintiff, by having to wait, may effectively be denied an opportunity to litigate. The aging of evidence, loss of witnesses, and crowded court dockets are factors which contribute to these hardships. The opinions reflect that the courts have regarded the opportunity to litigate the issue of liability as a significant right which cannot be easily set aside, despite the existence of a bankruptcy proceeding.

*Bock Laundry Machine*, supra at 566.

Mr. Johnson is currently disabled and unable to work. Absent the relief requested in this Motion, the Johnsons may be left without recourse for the injuries they suffered. Unless the Johnsons are permitted to pursue the Alabama Action, they may have no means to recover.

### The Johnsons are likely to prevail on the merits

20. The showing a creditor must make under the third prong of the balancing test is very slight.

> Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from stay in cases where, as here, we believe the decision-making process should be relegated to bodies other than this court.

*Rexene,* 141 B.R. at 578 (quoting *Fonseca v. Philadelphia Housing Authority (In re Fonseca),* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)). *See also, Bock Laundry Machine, supra at 567,* ("The Movants have each set forth a cause of action which offers a chance of some recovery.")

22. Under the third prong, all that is required is that the movant make more

than a "vague initial showing" that he or she can establish a prima facie case. *In re Peterson,* 116 B.R. 247, 249 D. Colo. 1990). In this case, there is a strong possibility that the Debtors will succeed on the merits.

23.    Moreover, the litigation that the Johnsons wish to resume involves matters of state law that are best decided by state courts, a factor considered by most Bankruptcy Courts. *See, Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10`h Cir. 1987). *See also, In re Barnes,* 148 B.R. 818, 820 (E.D. Va. 1992); and *IRS v. Robinson (In re Robinson),* 169 B.R. 356, 359 (E.D. Va. 1994).

## CONCLUSION

The Johnsons seek relief from the stay solely for the purposes of (a) pursuing their claims against non-debtor parties, (b) liquidating their claims against the Debtors in the Alabama Action, and (c) enforcing any judgment against the Debtors against applicable insurance proceeds. Such relief will result in no prejudice to the Debtor, will serve to protect the Johnsons' claim, and is consistent with the interests of justice.

(Intentionally left blank)

**Wherefore,** the requests that the Court enter an order as follows:

(i) Determining that the automatic stay provisions of 11 U.S.C. 362 are not applicable to the Johnsons' claim against non-debtor parties;

(ii) Granting them relief from the automatic stay to continue the Alabama Action and collect any judgment therein against any non-

9

debtor party and against the proceeds of the Debtors' insurance policies, and;

(iii) Granting them such other and further relief to which they may be entitled.

Dated: September 21, 2005                    **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

And

Charles R. Godwin, Esquire
Alabama Bar ID GOD004
10388 Highway 31
Atmore, Alabama 36502
(251) 368-1417

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2005 I caused a copy of the foregoing to be served on the lead debtor, Winn-Dixie Stores, Inc., at 5050 Edgewood Court, Jacksonville, Florida 32254-3699 by U.S. Mail and served on debtor's attorneys, Adam Ravin, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 and Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32201, the U.S. Trustee, Counsel for the Official Committee of Unsecured Creditors, Counsel for the Official Committee of Equity Interest Holders, and parties in interest electronically.

/s/ **Robert Wilcox**
Robert D. Wilcox