# EXHIBIT B

(h) **Fictitious Parties.** When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

(dc) **District Court Rule.** Rule 9 applies in the district courts.

[Amended effective October 1, 1995.]

### Committee Comments on 1973 Adoption

Subdivision (a). The rule is the same as most state rules on the matter. E.g., Colo.R.C.P. 9(a), Del.R.Super.Ct. 9(a), Ky.R.C.P. 9.01, Minn.R.C.P. 9.01, Nev.R.C.P. 9(a), Tenn. R.C.P. 9. The first sentence of Federal Rule 9(a) differs; it provides that capacity need not be pleaded "except to the extent required to show the jurisdiction of the court." The exception is not needed in state courts, where jurisdiction is not dependent on the citizenship of the parties.

Rule 9(a) is based on the premise that capacity is not in issue in most cases, and that it should be raised by specific averment in the few cases where it is in issue rather than pleaded as a matter of course in all cases. Existing Alabama law had required the complaint to show affirmatively that the plaintiff was a legal entity capable of suing or being sued, if that was the fact. *Buchman v. Grimes*, 261 Ala. 383, 74 So.2d 443 (1954); *Shepherd v. Birmingham Trust & Savings Co.*, 233 Ala. 320, 171 So. 906 (1937). The rule abolishes this requirement, and makes it unnecessary, for example, to set out the words "a corporation" or "an unincorporated association" following the name in the caption. *Bauers v. Watkins*, 7 F.R.D. 150 (N.D.Ohio 1945); 2A Moore's *Federal Practice*, ¶ 9.02, at p. 1912 (2d ed. 1968). This will be true also as to suits against a partnership, since a statute allows such suits against the partnership in its common name. Code of Ala., Tit. 7, § 141. But the statute only applies to partnerships as defendants; where the partnership is a plaintiff, it will still be necessary to describe the partnership as such, following its common name, and also to include the names of the partners in the complaint. *Illinois R.R. Co. v. Avery & Son*, 190 Ala. 241, 67 So. 414 (1914). As to representatives, an allegation of capacity may be an essential ingredient of the claim for relief. However, a conclusory allegation is adequate until challenged by a pleading in compliance with Rule 9(a). See, e.g., *Montellier v. United States*, 202 F.Supp. 384, 390 (E.D.N.Y.1962), affirmed on other grounds, 315 F.2d 180 (2d Cir.1963). Better practice would include descriptions of all non-individual parties although, as noted, such defects are generally not fatal. See Wright & Miller, *Federal Practice and Procedure*, Civil § 1292 (1969).

Objections to lack of capacity will be made under Rule 9(a) much as under the present practice, although they now are to be presented by the answer rather than by demurrer or special plea. It has long been held in Alabama that lack of capacity cannot be raised under a general denial, *Espalla v. Richard & Sons*, 94 Ala. 159, 10 So. 137 (1891), *Hicks v. Biddle*, 218 Ala. 2, 117 So. 688 (1928), and this will continue to be true under the rule, which requires a "specific negative averment." *Langwood Products v. De Luxe Game Corp.*, 9 F.R.D. 418 (E.D.N.Y.1949). An allegation that defendant lacks knowledge or information sufficient to form a belief as to capacity raises no issue, *Tractortechnic Gebrueder Kulenkempft & Co. v. Bousman*, 301 F.Supp. 153 (D.C.Wis.

1969); *Kucharski v. Pope & Talbot*, 4 F.R.D. 208 (S.D.N.Y. 1944). Although Rule 9(a) does not so provide, it has been held that a lack of capacity appearing affirmatively on the face of the complaint can be raised by motion to dismiss. *Klebanow v. New York Produce Exchange*, 344 F.2d 294 (2d Cir.1965); *Coburn v. Coleman*, 75 F.Supp. 107 (W.D.S.C. 1947); cf. *Brush v. Harkins*, 9 F.R.D. 604 (W.D.Mo.1949). See Wright & Miller, *Federal Practice and Procedure*, Civil § 1294 (1969). Existing Alabama practice is similar, *City Loan and Banking C. v. Poole*, 149 Ala. 164, 43 So. 18 (1907); *Liddell & Co. v. Carson*, 122 Ala. 518, 26 So. 133 (1898). It will no longer be necessary to verify a plea challenging the legal existence of a corporation or partnership; the statute so providing, Code of Ala., Tit. 7, § 377, is superseded by Rule 11.

Subdivision (b). This subdivision is identical with Federal Rule 9(b) and similar state rules. It is a qualification of the generalized pleading permitted by Rule 8(a). But this special requirement as to fraud and mistake does not require every element in such actions to be stated with particularity. It simply commands the pleader to use more than generalized or conclusory statements to set out the fraud complained of. The pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained. *Trussell v. United Underwriters, Ltd.*, 228 F.Supp. 757, 774 (D.C.Col.1964); *United States v. Hartmann*, 2 F.R.D. 477 (E.D.Penn.1942); *Rubens v. Ellis*, 202 F.2d 415 (5th Cir. 1953). But knowledge by the defendant of the falsity of the representation and reliance on the representation by the plaintiff can still be generally alleged. *Consumers Time Credit, Inc. v. Remark Corp.*, 227 F.Supp. 263 (D.C.Pa.1964); *C.I.T. Financial Corp. v. Sachs*, 10 F.R.D. 397 (S.D.N.Y. 1950). See Wright & Miller, *Federal Practice and Procedure*, Civil § 1297 (1969). While the requisites of good pleading in an action for fraud and mistake are thus practically the same as under present Alabama decisions, the present rule of construction against the pleader does not apply under these rules. See Rule 8. Thus it should be expected that the courts will strive to find the details necessary for the sufficiency of such a complaint, if the pleading gives fair notice to the opposing party whereas heretofore the same pleading would have been held insufficient. Compare *Kohler v. Jacobs*, 138 F.2d 440 (5th Cir.1943), with *Pinkston v. Boykin*, 130 Ala. 483, 30 So. 398 (1900).

Rule 9(b) also provides that conditions of the mind, such as malice, intent or knowledge, may be averred generally since further specification in such cases is possible only by pleading the evidence. *Belli v. Orlando Daily Newspapers, Inc.*, 389 F.2d 579 (5th Cir.1967), cert. denied 393 U.S. 825, 89 S.Ct. 88, 21 L.Ed.2d 96; *Stearn v. MacLean–Hunter, Ltd.*, 46 F.R.D. 76 (D.C.N.Y.1969); *Love v. Commercial Cas. Ins. Co.*, 26 F.Supp. 481 (S.D.Miss.1939). Though there are no decisions expressly in point, this is probably already the rule in Alabama. See the use of the word "maliciously" without further specification in the code forms for malicious prosecution, libel and slander. Code of Ala., Tit. 7, § 223. See also *Greathouse v. Credit Bureau, Inc.*, 279 Ala. 524, 187 So.2d 565 (1966).

Subdivision (c). This subdivision is identical with Federal Rule 9(c) and similar state rules. The rule is similar to present practice in permitting a general allegation of performance of all conditions precedent. *Southern Indemnity Assn. v. Ridgeway*, 190 Ala. 334, 67 So. 446 (1914); *Fitzpatrick v. Commonwealth Oil Co.*, 285 F.2d 726 (5th Cir. 1960); *Topping v. Fry*, 147 F.2d 715 (7th Cir.1945); *Chicago,

*B. & Q.R. Co. v. Friedberg*, 8 F.R.D. 577 (W.D.Mo.1948); Wright & Miller, *Federal Practice and Procedure, Civil* § 1303. But a general denial will not put the performance or occurrence of any condition in issue, because the rule provides that a denial of performance must be made specifically and with particularity. *Lumbermen's Mutual Ins. Co. v. Bowman*, 313 F.2d 381, 387 (10th Cir.1963); *Weir v. U.S.*, 310 F.2d 149, 155-156 (8th Cir.1962); *Coral Gables v. Skehan*, 47 F.Supp. 1 (D.N.J.1942). This apparently changes existing practice. See *Fike v. Stratton*, 174 Ala. 541, 56 So. 929 (1911). Of course the rule deals only with the manner of pleading, and does not purport to affect the burden of proof as to conditions precedent, which will remain with the plaintiff. 2A Moore's *Federal Practice*, ¶ 9.04 (2d ed. 1968).

Subdivision (d). This subdivision is similar to Minn.R.C.P. 9.04, and differs from that rule only in providing that judicial notice shall be taken of ordinances and of special statutes. This additional provision incorporates the similar provision of Code of Ala., Tit. 7, § 217, which will be superseded by the rule. Federal Rule 9(d) contains only what is here the first sentence of the rule. State reformers have frequently expanded on that to cover ordinances and special statutes. In addition to the Minnesota rule cited, see Utah R.C.P. 9(i), and N.Dak.R.C.P. 9(d). The first sentence of the rule, providing that it is sufficient to aver that an official document was issued, or an official act done, in compliance with law, without setting out the facts showing due compliance, probably represents a change in Alabama practice. Compare Wright and Miller, *Federal Practice and Procedure, Civil* § 1306, with *Ingram v. Howard*, 221 Ala. 328, 128 So. 893 (1930), and *Woodson v. Wilson*, 25 Ala.App. 241, 144 So. 122 (1932).

Subdivision (e). This subdivision is identical with Federal Rule 9(e) and similar state rules. It makes it unnecessary to allege matter showing the jurisdiction of the court which rendered the judgment, whether it be a domestic or foreign court, a court of limited or of general jurisdiction, and whether the judgment was against a resident or nonresident of the state. Wright & Miller, *Federal Practice and Procedure, Civil* § 1306 (1969). Alabama has heretofore required the jurisdictional facts to be pleaded if the court was of limited or inferior jurisdiction, or if the judgment debtor was a nonresident of the state where the judgment was rendered. E.g., *Stoer v. Ocklawaha River Farms Co.*, 223 Ala. 690, 138 So. 270 (1913); *Helton v. Turner*, 228 Ala. 403, 153 So. 866 (1934). This subdivision, like Rule 9(a), is intended to discourage unnecessary pleading and to provide for simplicity in allegations. Good pleading will still require that the court rendering the judgment be identified, the date of the judgment given, the parties thereto named, and the character of the judgment specified. 2A Moore's *Federal Practice*, ¶ 9.06 (2d ed. 1968). The rule authorizes similar simple pleading where the judgment is by a quasi-judicial tribunal or an administrative body, as well as where it is by a court.

Subdivision (f). Subdivision (f) is identical to Rule 9(f), F.R.C.P. At common law and under the code practice, allegations of time and place were generally immaterial and an inaccurate allegation was not prejudicial on a motion testing sufficiency of the pleadings or upon variance at trial. In existing Alabama practice, a videlicet is used in order to prevent prejudice from inaccuracies. For example, see *Nelson v. Cutter Boat & Motor Co.*, 260 Ala. 648, 72 So.2d 86 (1954). It has been assumed that the reason for the deviation from common law, making such allegations material, was a belief that accuracy in pleading time and place would facilitate the identification and isolation of the transaction or event in issue and would provide a mechanism for early adjudication or testing of certain claims and defenses, particularly, the statute of limitations. See Wright & Miller, *Federal Practice and Procedure, Civil* § 1308 (1969). The inclusion of subdivision (f) without some illuminating commentary or even additional provisions has given rise to a fear that the subdivision would be misunderstood. First, Rule 9(f) does not require specificity in pleading time and place, but provides only that when specific allegations are made, they are material. 2A Moore's *Federal Practice*, ¶ 9.07 at page 1961 (2d ed. 1969); *Supreme Wine Co. v. Distributors of New England, Inc.*, 198 F.Supp. 318 (D.Mass.1961). An interpretation that averments of time and place are required in every pleading runs counter to the entire concept of notice pleading. In applying Rule 9(f), the standards of Rules 8(a) and 12(e) clearly govern. Another area of apprehension stems from the need for a videlicet under present practice. Earlier proposals suggest specific reference to abolition of the necessity of a videlicet. This has not been done on the theory that such reference would be unnecessary since Rule 15, Amendments, is applicable to any evidence relating to time and place. The right to amend will be governed by Rule 15, not the presence or absence of the "magic words," "to-wit." Therefore, the failure to make specific reference to the abolition of the need for videlicet is no justification for any assumption of its continued necessity under these rules.

Subdivision (g). This subdivision is identical with F.R.C.P. 9(g) and similar state rules. Decisions under such rules indicate that it has been interpreted to require no greater particularity than is already required in Alabama. Compare *Getzy v. Miller*, 9 F.R.D. 564 (N.D.Ohio 1949), and *Trotta v. City of Cleveland City Transit System*, 9 F.R.D. 315 (N.D.Ohio 1949) with *City Delivery Co. v. Henry*, 139 Ala. 161, 34 So. 389 (1903), and *Atlantic Coast Line R. Co. v. Watson*, 215 Ala. 254, 110 So. 316 (1926). However, the maximum degree of detail of which plaintiff might be capable is not necessary. *Continental Nut Co. v. Robert L. Berner Co.*, 345 F.2d 395 (7th Cir.1965), cert. denied 393 U.S. 923, 89 S.Ct. 254, 21 L.Ed.2d 259. See Wright & Miller, *Federal Practice and Procedure, Civil* § 1311 (1969).

Greater particularity may be required in pleading special damage where such damage is an essential ingredient of the claim than where such special damage is not necessary to make out a prima facie case. *Fowler v. Curtis Publishing Co.*, 182 F.2d 377 (D.C.Cir.1950); 2A Moore's *Federal Practice*, ¶ 9.08 (2d ed. 1968).

Subdivision (h). Rule 9(h) of F.R.C.P. deals with admiralty and is therefore irrelevant. Earlier proposals in Alabama included at subdivision (h), an incorporation of the provisions of Tit. 7, § 222, Code of Ala. This statute simplified the pleading requirements in defamation actions. The inclusion of such specific reference is really surplusage because of the applicability of Rule 8(a) to all claims for relief. The omission of specific reference to allegations sufficient to sustain an action for defamation is, therefore, no justification for any resort to the pleading niceties required in earlier decisions. See *Olan Mills, Inc. v. Enterprise Publishing Co.*, 210 F.2d 895 (5th Cir.1954) for treatment of pleading defamation under the Federal Rules. Subdivision (h) now contains a recompilation of Tit. 7, § 136, dealing with fictitious parties. The Rule carries forward the spirit of Tit. 7, § 136 and is closely drawn from that statute. The case-law construction of Tit. 7, § 136 should be consulted in the application of Rule 9(h). There are no express provisions similar to Alabama's fictitious party statutes in the Federal Rules. Certain federal cases have concluded that fictitious party practice is

29