EXHIBIT C

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| SHAUN KEVIN JOHNSON; | § | |
| MICHELLE SUE JOHNSON; and | | |
| MICAH NICOLE JOHNSON, a minor | § | CIVIL ACTION NUMBER |
| suing by and through her natural parents, | | |
| custodial parents and next friends, Shaun | § | CV-2005- |
| Kevin Johnson and Michelle Sue Johnson | | |
| | § | |
| Plaintiffs | | |
| | § | |
| vs. | | |
| | § | |
| WINN-DIXIE STORES, INC.; | | |
| WINN-DIXIE MONTGOMERY, INC.; | § | |
| WINN-DIXIE MARKET PLACE, A, B, | | |
| C, X, Y and Z whose names are otherwise | § | |
| unknown, being an individual, firm, | | |
| partnership or corporation who was the | § | |
| employer, principal or master of Herman | | |
| Milton Myers, Jr. and/or who had the right | § | |
| to instruct, supervise, direct and control | | |
| Herman Milton Myers, Jr. and the | § | |
| entrustment of his automobile and the | | |
| physical possession and control of said | § | |
| automobile; the true name or names | | |
| being otherwise unknown but such identity | § | |
| will be supplied by amendment to this | | |
| complaint when ascertained. | § | |
| | | |
| Defendants | § | |

## COMPLAINT

COME NOW the Plaintiffs in the above styled cause by and through their undersigned attorneys of record and bring this their civil action against the above referenced Defendants for personal injuries and property damages and would set forth and show unto the Court as follows:

## PREAMBLE

1.     The negligent/wanton entrustment and/or negligent/wanton supervision and other negligence/wantonness of Defendants described herein occurred in, on and about the premises of

1

the Winn-Dixie store situated in the Gulf View Shopping Center, 25405 Perdido Boulevard, also known as Perdido Beach Boulevard, Orange Beach, Baldwin County, Alabama 36561.

2.      All of Defendants according to the best information, knowledge and belief of Plaintiffs are Florida corporations headquartered in Jacksonville, Florida and are doing business in Florida and Alabama, and were in fact doing business in Orange Beach, Alabama and in Pensacola, Florida at all times material and relevant to this cause of action.

3.      Plaintiffs were and still are all bona fide resident citizens of the State of Florida. Their address at all times material and relevant to this cause of action is 5576 Ponte Verde Court, Pensacola, Escambia County, Florida 32507.

4.      The said Micah Nicole Johnson, whose date of birth is August 5, 1990, is the minor child of Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson. At all times material and relevant to this cause of action, Plaintiffs had custody of the said minor child and bring this cause of action pursuant to *Ala. Code* (1975) § 6-5-390 *et seq.*

5.      Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson were married to each other at all times material and relevant to this cause of action and living together as husband and wife in the marital dwelling with their minor children, including Plaintiff Micah Nicole Johnson.

6.      The automobile collision which was proximately caused by the negligent/wanton entrustment and/or negligent/wanton supervision of Defendants, occurred in Escambia County, Florida as the entrustee, Herman Milton Myers, Jr. was at the time of the collision in route from his place of employment on the premises of Defendants to his home in Pensacola, Florida.

7.      The accident occurred in Pensacola, Escambia County, Florida.

8.      The collision made the basis of this cause occurred on the public highways of Escambia County, Florida.

2

9.     All parties, with the exception of the aforementioned minor Micah Nicole Johnson, are believed to be over the age of nineteen (19) years old.

## COUNT I

## COMPLAINT OF SHAUN KEVIN JOHNSON AGAINST DEFENDANTS FOR NEGLIGENCE

1.     - Plaintiff realleges all allegations of the Preamble.

2.     Plaintiff claims of Defendants a sum exceeding the minimum jurisdictional limits of this Court on to wit, September 21, 2003 while driving his motor vehicle on Florida State Road 292 (Perdido Key Drive), in Escambia County Florida. Plaintiff suffered severe personal injuries and substantial property damages as a direct result of a motor vehicle collision proximately caused by the entrustment by Defendants of a motor vehicle to a known incompetent, Herman Milton Myers, Jr. ("**MYERS**").

3.     Said collision occurred as the said Myers, the entrustee of the said motor vehicle, crashed his vehicle into Plaintiff's vehicle, when Myers fell asleep, passed out or lost consciousness from a drunken stupor induced by mind altering drugs. Plaintiff consequently suffered serious personal injuries and property damages.

4.     The said injuries and damages to Plaintiff were the direct and proximate result of Defendants' negligence in one or more of the following respects, separately and severally:

A.     Defendants negligently supervised the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

3

B.    Defendants negligently failed to supervise the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

C.    Defendants negligently hired Myers and retained him in their employment when Defendants knew or should have known that he was a drug abuser and would be dangerous in commuting back and forth to work and would present a danger in and about the premises of Defendants' meat market in their grocery store.

·  D.    Defendants negligently failed to train Myers to perform at the work place and to commute to and from his job in a drug free and reasonably safe and prudent manner.

E.    Defendants negligently failed to provide a drug free work place. Defendants negligently failed to provide drug screening notwithstanding the consent of Myers to perform such drug screening. Defendants negligently failed to enforce their own drug policies. Defendants negligently failed to adopt and implement reasonable and prudent drug policies.

F.    Defendants negligently entrusted Myers with his motor vehicle over which Defendants had control while it was parked in their parking lot on the premises controlled by them in the aforesaid location. The said Myers was incompetent in that he was present at the time on his job and during his working hours in a drug induced stupor, exhausted, semi-comatose and sick and received instructions from Defendants' management to leave the store during his normal workday and during his normal shift and take control of his vehicle and drive it on the public highways of Alabama and Florida ostensibly toward his residence in Pensacola, Florida. Defendants knew or had reason to know or should have known of Myers' condition and proclivities toward drug use and notwithstanding such knowledge, entrusted Myers with his vehicle instead of designating a driver for him or instead of taking him to a medical facility or

4

instead of directing him to remain on the premises until he had slept off the fatigue and other influence of his narcotic drugs which he had consumed. The aforesaid negligent entrustment created an appreciable risk of harm to Plaintiff and an interrelated duty on the part of the said Defendants. At the time of the aforesaid entrustment, Defendants had control of Myers and had control of his motor vehicle parked in their parking lot and on their premises. At the time of the aforesaid entrustment, Myers was a habitual user of narcotic drugs and was addicted to the use of narcotic drugs and was then and there under the influence of narcotic drugs and was in no condition to safely operate a motor vehicle on the public highways and was therefore a known incompetent. As a direct and proximate result of the negligent entrustment, Myers proximately caused the aforesaid automobile crash and the crash was caused by the incompetence of the driver Myers. Defendants had the custody and control of the motor vehicle of Myers and did negligently entrust the motor vehicle to Myers. Myers was incompetent to operate the vehicle. Defendants knew, or by the exercise of reasonable care, should have known that Myers was incompetent to operate the said motor vehicle on the occasion giving rise to this cause.

Before the said motor vehicle collision occurred, Myers was working at the place of his employment on Defendants' premises in Orange Beach, Alabama and had ingested drugs earlier in the day that caused him to become sick and reported the sickness to his supervisor in charge of his employment at Defendants' store. Because Myers was unable to continue working as result of his sickness and as a result of being under the effects and influence of the said drugs and upon the advice, instruction, and recommendation of his supervisor at Defendants' store, Myers left his employment and entered his motor vehicle and began to drive home. Defendants' supervisor knew or should have known that Myers left his place of employment alone and operated his motor vehicle while sick and under the effects and influence of drugs which prevented him from

5

safely operating a motor vehicle and that his presence behind the wheel of a motor vehicle on the public highway rendered the said motor vehicle a dangerous instrumentality under the laws of Alabama and Florida and constituted an unreasonable and foreseeable risk of harm to the general public, using the public highways in Alabama and Florida, including Plaintiff.

Plaintiff was severely injured as a proximate result of the incompetency of the driver, Myers.

5. As a direct and proximate result of the aforesaid negligence, Plaintiff suffered compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, consisting of permanent impairment, medical expense, past, present and future, physical pain and suffering, emotional distress, fright, mental anguish, permanent disfigurement, lost earnings and loss of earnings capacity, aggravation of preexisting conditions and property damages to Plaintiff's vehicle.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, and costs in this behalf expended.

## COUNT II

## COMPLAINT OF SHAUN KEVIN JOHNSON AGAINST DEFENDANTS FOR WANTONNESS

1. Plaintiff realleges all allegations of the Preamble and Count I.

2. Plaintiff claims of Defendants a sum exceeding the minimum jurisdictional limits of this Court on to wit, September 21, 2003 while driving his motor vehicle on Florida State Road 292 (Perdido Key Drive), in Escambia County Florida, Plaintiff suffered severe personal injuries and substantial property damages as a direct result of a motor vehicle collision

6

proximately caused by the entrustment by Defendants of a motor vehicle to a known incompetent, Myers.

3.     Said collision occurred as the said Myers, the entrustee of the said motor vehicle, crashed his vehicle into Plaintiff's vehicle, when Myers fell asleep, passed out or lost consciousness from a drunken stupor induced by mind altering drugs. Plaintiff consequently suffered serious personal injuries and property damages.

4.     The said injuries and damages to Plaintiff were the direct and proximate result of Defendants' wantonness in one or more of the following respects, separately and severally:

A.     Defendants wantonly supervised the said employee, Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

B.     Defendants wantonly failed to supervise the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

C.     Defendants wantonly hired Myers and retained him in their employment when Defendants knew or should have known that he was a drug abuser and would be dangerous in commuting back and forth to work and would present a danger in and about the premises of Defendants' meat market in their grocery store.

D.     Defendants wantonly failed to train Myers to perform at the work place and to commute to and from his job in a drug free and reasonably safe and prudent manner.

E.     Defendants wantonly failed to provide a drug free work place. Defendants negligently failed to provide drug screening notwithstanding the consent of Myers to perform

7

such drug screening. Defendants negligently failed to enforce their own drug policies. Defendants negligently failed to adopt and implement reasonable and prudent drug policies.

F.     Defendants wantonly entrusted Myers with his motor vehicle over which Defendants had control while it was parked in their parking lot on the premises controlled by them in the aforesaid location. The said Myers was incompetent in that he was present at the time on his job and during his working hours in a drug induced stupor, exhausted, semi-comatose and sick and received instructions from Defendants' management to leave the store during his normal workday and during his normal shift and take control of his vehicle and drive it on the public highways of Alabama and Florida ostensibly toward his residence in Pensacola, Florida. Defendants knew or had reason to know or should have known of Myers' condition and proclivities toward drug use and notwithstanding such knowledge, entrusted Myers with his vehicle instead of designating a driver for him or instead of taking him to a medical facility or instead of directing him to remain on the premises until he had slept off the fatigue and other influence of his narcotic drugs which he had consumed. The aforesaid wanton entrustment created an appreciable risk of harm to Plaintiff and an interrelated duty on the part of the said Defendants. At the time of the aforesaid entrustment, Defendants had control of Myers and had control of his motor vehicle parked in their parking lot and on their premises. At the time of the aforesaid entrustment, Myers was a habitual user of narcotic drugs and was addicted to the use of narcotic drugs and was then and there under the influence of narcotic drugs and was in no condition to safely operate a motor vehicle on the public highways and was therefore a known incompetent. As a direct and proximate result of the wanton entrustment, Myers proximately caused the aforesaid automobile crash and the crash was caused by the incompetence of the driver Myers. Defendants had the custody and control of the motor vehicle of Myers and did

8

wantonly entrust the motor vehicle to Myers. Myers was incompetent to operate the vehicle. Defendants knew, or by the exercise of reasonable care, should have known that Myers was incompetent to operate the said motor vehicle on the occasion giving rise to this cause.

Before the said motor vehicle collision occurred, Myers was working at the place of his employment on Defendants' premises in Orange Beach, Alabama and had ingested drugs earlier in the day that caused him to become sick and reported the sickness to his supervisor in charge of his employment at Defendants' store. Because Myers was unable to continue working as result of his sickness and as a result of being under the effects and influence of the said drugs and upon the advice, instruction, and recommendation of his supervisor at Defendants' store, Myers left his employment and entered his motor vehicle and began to drive home. Defendants' supervisor knew or should have know that Myers left his place of employment alone and operated his motor vehicle while sick and under the effects and influence of drugs which prevented him from safely operating a motor vehicle and that his presence behind the wheel of a motor vehicle on the public highway rendered the said motor vehicle a dangerous instrumentality under the laws of Alabama and Florida and constituted an unreasonable and foreseeable risk of harm to the general public, using the public highways in Alabama and Florida, including Plaintiff.

Plaintiff was injured as a proximate result of the incompetency of the driver, Myers.

5. As a direct and proximate result of the aforesaid wantonness, Plaintiff suffered compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, consistent of permanent impairment, medical expense, past, present and future, physical pain and suffering, emotional distress, fright, mental anguish, permanent disfigurement, lost earnings and loss of earnings capacity, aggravation of preexisting conditions and property damages to Plaintiff's vehicle.

9

6.     Plaintiff also claims punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount exceeding the minimum jurisdictional limits of this Court, and costs in this behalf expended.

## COUNT III

## COMPLAINT OF SHAUN KEVIN JOHNSON AND MICHELLE SUE JOHNSON, AS NATURAL CUSTODIAL PARENTS OF MICAH NICOLE JOHNSON, AGAINST DEFENDANTS FOR NEGLIGENCE

1.     Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson reallege all allegations of the Preamble and Counts I and II.

2.     Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson claim of Defendants a sum exceeding the minimum jurisdictional limits of this Court on to wit, September 21, 2003 while riding as a passenger with Plaintiff Shaun Kevin Johnson on Florida State Road 292 (Perdido Key Drive), in Escambia County Florida, Plaintiff Micah Nicole Johnson suffered severe personal injuries as a direct result of a motor vehicle collision proximately caused by the entrustment by Defendants of a motor vehicle to a known incompetent, Myers

3.     Said collision occurred as the said Myers, the entrustee of the said motor vehicle, crashed his vehicle into the vehicle in which Plaintiff Micah Nicole Johnson was a passenger, when Myers fell asleep, passed out or lost consciousness from a drunken stupor induced by mind altering drugs. Plaintiff Micah Nicole Johnson consequently suffered serious personal injuries.

4.     The said injuries and damages to Plaintiffs were the direct and proximate result of Defendants' negligence in one or more of the following respects, separately and severally:

10

A.    Defendants negligently supervised the said employee, Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

B.    Defendants negligently failed to supervise the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

C.    Defendants negligently hired Myers and retained him in their employment when Defendants knew or should have known that he was a drug abuser and would be dangerous in commuting back and forth to work and would present a danger in and about the premises of Defendants' meat market in their grocery store.

D.    Defendants negligently failed to train Myers to perform at the work place and to commute to and from his job in a drug free and reasonably safe and prudent manner.

E.    Defendants negligently failed to provide a drug free work place. Defendants negligently failed to provide drug screening notwithstanding the consent of Myers to perform such drug screening. Defendants negligently failed to enforce their own drug policies. Defendants negligently failed to adopt and implement reasonable and prudent drug policies.

F.    Defendants negligently entrusted Myers with his motor vehicle over which Defendants had control while it was parked in their parking lot on the premises controlled by them in the aforesaid location. The said Myers was incompetent in that he was present at the time on his job and during his working hours in a drug induced stupor, exhausted, semi-comatose and sick and received instructions from Defendants' management to leave the store during his normal workday and during his normal shift and take control of his vehicle and drive it on the public highways of Alabama and Florida ostensibly toward his residence in Pensacola, Florida.

11

Defendants knew or had reason to know or should have known of Myers' condition and proclivities toward drug use and notwithstanding such knowledge, entrusted Myers with his vehicle instead of designating a driver for him or instead of taking him to a medical facility or instead of directing him to remain on the premises until he had slept off the fatigue and other influence of his narcotic drugs which he had consumed. The aforesaid negligent entrustment created an appreciable risk of harm to Plaintiff and an interrelated duty on the part of the said Defendants. At the time of the aforesaid entrustment, Defendants had control of Myers and had control of his motor vehicle parked in their parking lot and on their premises. At the time of the aforesaid entrustment, Myers was a habitual user of narcotic drugs and was addicted to the use of narcotic drugs and was then and there under the influence of narcotic drugs and was in no condition to safely operate a motor vehicle on the public highways and was therefore a known incompetent. As a direct and proximate result of the negligent entrustment, Myers proximately caused the aforesaid automobile crash and the crash was caused by the incompetence of the driver Myers. Defendants had the custody and control of the motor vehicle of Myers and did negligently entrust the motor vehicle to Myers. Myers was incompetent to operate the vehicle. Defendants knew, or by the exercise of reasonable care, should have known that Myers was incompetent to operate the said motor vehicle on the occasion giving rise to this cause.

Before the said motor vehicle collision occurred, Myers was working at the place of his employment on Defendants' premises in Orange Beach, Alabama and had ingested drugs earlier in the day that caused him to become sick and reported the sickness to his supervisor in charge of his employment at Defendants' store. Because Myers was unable to continue working as result of his sickness and as a result of being under the effects and influence of the said drugs and upon the advice, instruction, and recommendation of his supervisor at Defendants' store, Myers left

12

his employment and entered his motor vehicle and began to drive home. Defendants' supervisor knew or should have know that Myers left his place of employment alone and operated his motor vehicle while sick and under the effects and influence of drugs which prevented him from safely operating a motor vehicle and that his presence behind the wheel of a motor vehicle on the public highway rendered the said motor vehicle a dangerous instrumentality under the laws of Alabama and Florida and constituted an unreasonable and foreseeable risk of harm to the general public, using the public highways in Alabama and Florida, including Plaintiff.

Plaintiff was injured as a proximate result of the incompetency of the driver, Myers.

5.     As a direct and proximate result of the aforesaid negligence, Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson suffered compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, consisting of nursing and convalescent care, medical expenses past, present and future and loss of services of said child.

WHEREFORE, Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson demand judgment against Defendants for compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, and costs in this behalf expended.

## COUNT IV

### COMPLAINT OF SHAUN KEVIN JOHNSON AND MICHELLE SUE JOHNSON, AS NATURAL CUSTODIAL PARENTS OF MICAH NICOLE JOHNSON, AGAINST DEFENDANTS FOR WANTONNESS

1.     Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson reallege all allegations of the Preamble and Counts I, II and III.

2.     Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson claim of Defendants a sum exceeding the minimum jurisdictional limits of this Court on to wit, September 21, 2003 while riding as a passenger with Plaintiff Shaun Kevin Johnson on Florida State Road 292

13

(Perdido Key Drive), in Escambia County, Florida, Plaintiff Micah Nicole Johnson suffered severe personal injuries as a direct result of a motor vehicle collision proximately caused by the entrustment by Defendants of a motor vehicle to a known incompetent, Myers

3.      Said collision occurred as the said Myers, the entrustee of the said motor vehicle, crashed his vehicle into the vehicle in which Plaintiff Micah Nicole Johnson was a passenger, when Myers fell asleep, passed out or lost consciousness from a drunken stupor induced by mind altering drugs. Plaintiff Micah Nicole Johnson consequently suffered serious personal injuries.

·   4.      The said injuries and damages to Plaintiffs were the direct and proximate result of Defendants' wantonness in one or more of the following respects, separately and severally:

A.      Defendants wantonly supervised the said employee, Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

B.      Defendants wantonly failed to supervise the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

C.      Defendants wantonly hired Myers and retained him in their employment when Defendants knew or should have known that he was a drug abuser and would be dangerous in commuting back and forth to work and would present a danger in and about the premises of Defendants' meat market in their grocery store.

D.      Defendants wantonly failed to train Myers to perform at the work place and to commute to and from his job in a drug free and reasonably safe and prudent manner.

E.      Defendants wantonly failed to provide a drug free work place. Defendants negligently failed to provide drug screening notwithstanding the consent of Myers to perform

14

›

such drug screening. Defendants negligently failed to enforce their own drug policies. Defendants negligently failed to adopt and implement reasonable and prudent drug policies.

F.      Defendants wantonly entrusted Myers with his motor vehicle over which Defendants had control while it was parked in their parking lot on the premises controlled by them in the aforesaid location. The said Myers was incompetent in that he was present at the time on his job and during his working hours in a drug induced stupor, exhausted, semi-comatose and sick and received instructions from Defendants' management to leave the store during his normal workday and during his normal shift and take control of his vehicle and drive it on the public highways of Alabama and Florida ostensibly toward his residence in Pensacola, Florida. Defendants knew or had reason to know or should have known of Myers' condition and proclivities toward drug use and notwithstanding such knowledge, entrusted Myers with his vehicle instead of designating a driver for him or instead of taking him to a medical facility or instead of directing him to remain on the premises until he had slept off the fatigue and other influence of his narcotic drugs which he had consumed. The aforesaid wanton entrustment created an appreciable risk of harm to Plaintiff and an interrelated duty on the part of the said Defendants. At the time of the aforesaid entrustment, Defendants had control of Myers and had control of his motor vehicle parked in their parking lot and on their premises. At the time of the aforesaid entrustment, Myers was a habitual user of narcotic drugs and was addicted to the use of narcotic drugs and was then and there under the influence of narcotic drugs and was in no condition to safely operate a motor vehicle on the public highways and was therefore a known incompetent. As a direct and proximate result of the wanton entrustment, Myers proximately caused the aforesaid automobile crash and the crash was caused by the incompetence of the driver Myers. Defendants had the custody and control of the motor vehicle of Myers and did

wantonly entrust the motor vehicle to Myers. Myers was incompetent to operate the vehicle. Defendants knew, or by the exercise of reasonable care, should have known that Myers was incompetent to operate the said motor vehicle on the occasion giving rise to this cause.

Before the said motor vehicle collision occurred, Myers was working at the place of his employment on Defendants' premises in Orange Beach, Alabama and had ingested drugs earlier in the day that caused him to become sick and reported the sickness to his supervisor in charge of his employment at Defendants' store. Because Myers was unable to continue working as result of his sickness and as a result of being under the effects and influence of the said drugs and upon the advice, instruction, and recommendation of his supervisor at Defendants' store, Myers left his employment and entered his motor vehicle and began to drive home. Defendants' supervisor knew or should have know that Myers left his place of employment alone and operated his motor vehicle while sick and under the effects and influence of drugs which prevented him from safely operating a motor vehicle and that his presence behind the wheel of a motor vehicle on the public highway rendered the said motor vehicle a dangerous instrumentality under the laws of Alabama and Florida and constituted an unreasonable and foreseeable risk of harm to the general public, using the public highways in Alabama and Florida, including Plaintiff.

Plaintiff was injured as a proximate result of the incompetency of the driver, Myers.

5.    As a direct and proximate result of the aforesaid wantonness, Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson suffered compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, consisting of nursing and convalescent care, medical expenses past, present and future and loss of services of said child.

6.    Plaintiffs also claim punitive damages.

16

WHEREFORE, Plaintiffs Shaun Kevin Johnson and Michelle Sue Johnson demand judgment against Defendants for compensatory and punitive damages in an amount exceeding the minimum jurisdictional limits of this Court, and costs in this behalf expended.

## COUNT V

## COMPLAINT OF MICAH NICOLE JOHNSON, SUING BY AND THROUGH HER NATURAL PARENTS, CUSTODIAL PARENTS AND NEXT FRIENDS, SHAUN KEVIN JOHNSON AND MICHELLE SUE JOHNSON, AGAINST DEFENDANTS FOR NEGLIGENCE

1.    Plaintiff realleges all allegations of the Preamble.

2.    Plaintiff claims of Defendants as sum exceeding the minimum jurisdictional limits of this Court on to wit, September 21, 2003 while riding as a passenger with Plaintiff Shaun Kevin Johnson on Florida State Road 292 (Perdido Key Drive), in Escambia County, Florida, Plaintiff suffered severe personal injuries as a direct result of a motor vehicle collision proximately caused by the entrustment by Defendants of a motor vehicle to a known incompetent, Myers.

3.    Said collision occurred as the said Myers, the entrustee of the said motor vehicle, crashed his vehicle into the vehicle in which Plaintiff was a passenger, when Myers fell asleep, passed out or lost consciousness from a drunken stupor induced by mind altering drugs. Plaintiff consequently suffered serious personal injuries.

4.    The said injuries and damages to Plaintiff were the direct and proximate result of Defendants' negligence in one or more of the following respects, separately and severally:

A.    Defendants negligently supervised the said employee, Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

17

B.     Defendants negligently failed to supervise the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

C.     Defendants negligently hired Myers and retained him in their employment when Defendants knew or should have known that he was a drug abuser and would be dangerous in commuting back and forth to work and would present a danger in and about the premises of Defendants' meat market in their grocery store.

D.     Defendants negligently failed to train Myers to perform at the work place and to commute to and from his job in a drug free and reasonably safe and prudent manner.

E.     Defendants negligently failed to provide a drug free work place. Defendants negligently failed to provide drug screening notwithstanding the consent of Myers to perform such drug screening. Defendants negligently failed to enforce their own drug policies. Defendants negligently failed to adopt and implement reasonable and prudent drug policies.

F.     Defendants negligently entrusted Myers with his motor vehicle over which Defendants had control while it was parked in their parking lot on the premises controlled by them in the aforesaid location. The said Myers was incompetent in that he was present at the time on his job and during his working hours in a drug induced stupor, exhausted, semi-comatose and sick and received instructions from Defendants' management to leave the store during his normal workday and during his normal shift and take control of his vehicle and drive it on the public highways of Alabama and Florida ostensibly toward his residence in Pensacola, Florida. Defendants knew or had reason to know or should have known of Myers' condition and proclivities toward drug use and notwithstanding such knowledge, entrusted Myers with his vehicle instead of designating a driver for him or instead of taking him to a medical facility or

18

instead of directing him to remain on the premises until he had slept off the fatigue and other influence of his narcotic drugs which he had consumed. The aforesaid negligent entrustment created an appreciable risk of harm to Plaintiff and an interrelated duty on the part of the said Defendants. At the time of the aforesaid entrustment, Defendants had control of Myers and had control of his motor vehicle parked in their parking lot and on their premises. At the time of the aforesaid entrustment, Myers was a habitual user of narcotic drugs and was addicted to the use of narcotic drugs and was then and there under the influence of narcotic drugs and was in no condition to safely operate a motor vehicle on the public highways and was therefore a known incompetent. As a direct and proximate result of the negligent entrustment, Myers proximately caused the aforesaid automobile crash and the crash was caused by the incompetence of the driver Myers. Defendants had the custody and control of the motor vehicle of Myers and did negligently entrust the motor vehicle to Myers. Myers was incompetent to operate the vehicle. Defendants knew, or by the exercise of reasonable care, should have known that Myers was incompetent to operate the said motor vehicle on the occasion giving rise to this cause.

Before the said motor vehicle collision occurred, Myers was working at the place of his employment on Defendants' premises in Orange Beach, Alabama and had ingested drugs earlier in the day that caused him to become sick and reported the sickness to his supervisor in charge of his employment at Defendants' store. Because Myers was unable to continue working as result of his sickness and as a result of being under the effects and influence of the said drugs and upon the advice, instruction, and recommendation of his supervisor at Defendants' store, Myers left his employment and entered his motor vehicle and began to drive home. Defendants' supervisor knew or should have know that Myers left his place of employment alone and operated his motor vehicle while sick and under the effects and influence of drugs which prevented him from safely

19

operating a motor vehicle and that his presence behind the wheel of a motor vehicle on the public highway rendered the said motor vehicle a dangerous instrumentality under the laws of Alabama and Florida and constituted an unreasonable and foreseeable risk of harm to the general public, using the public highways in Alabama and Florida, including Plaintiff.

Plaintiff was injured as a proximate result of the incompetency of the driver, Myers.

5.      As a direct and proximate result of the aforesaid negligence, Plaintiff suffered compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, consistent of permanent impairment, future medical expenses, physical pain and suffering, emotional distress, fright, mental anguish, permanent disfigurement, lost future wages and wage earnings capacity and aggravation of preexisting conditions.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, and costs in this behalf expended.

## COUNT VI

## COMPLAINT OF MICAH NICOLE JOHNSON, SUING BY AND THROUGH HER NATURAL PARENTS, CUSTODIAL PARENTS AND NEXT FRIENDS, SHAUN KEVIN JOHNSON AND MICHELLE SUE JOHNSON, AGAINST DEFENDANTS FOR WANTONNESS

1.      Plaintiff realleges all allegations of the Preamble and Count V.

2.      Plaintiff claims of Defendants as sum exceeding the minimum jurisdictional limits of this Court on to wit, September 21, 2003 while riding as a passenger with Plaintiff Shaun Kevin Johnson on Florida State Road 292 (Perdido Key Drive), in Escambia County, Plaintiff suffered severe personal injuries as a direct result of a motor vehicle collision proximately caused by the entrustment by Defendants, of a motor vehicle, to a known incompetent, Myers.

20

3. Said collision occurred as the said Myers, the entrustee of the said motor vehicle, crashed his vehicle into the vehicle in which Plaintiff was a passenger, when Myers fell asleep, passed out or lost consciousness from a drunken stupor induced by mind altering drugs. Plaintiff consequently suffered serious personal injuries.

4. The said injuries and damages to Plaintiff were the direct and proximate result of Defendants' wantonness in one or more of the following respects, separately and severally:

A. Defendants wantonly supervised the said employee, Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

B. Defendants wantonly failed to supervise the said employee Myers in and about the performance of his duties in a drug free manner which would allow him to be cognizant of reasonable and prudent conduct.

C. Defendants wantonly hired Myers and retained him in their employment when Defendants knew or should have known that he was a drug abuser and would be dangerous in commuting back and forth to work and would present a danger in and about the premises of Defendants' meat market in their grocery store.

D. Defendants wantonly failed to train Myers to perform at the work place and to commute to and from his job in a drug free and reasonably safe and prudent manner.

E. Defendants negligently failed to provide a drug free work place. Defendants negligently failed to provide drug screening notwithstanding the consent of Myers to perform such drug screening. Defendants negligently failed to enforce their own drug policies. Defendants negligently failed to adopt and implement reasonable and prudent drug policies.

21

F.     Defendants wantonly entrusted Myers with his motor vehicle over which Defendants had control while it was parked in their parking lot on the premises controlled by them in the aforesaid location. The said Myers was incompetent in that he was present at the time on his job and during his working hours in a drug induced stupor, exhausted, semi-comatose and sick and received instructions from Defendants' management to leave the store during his normal workday and during his normal shift and take control of his vehicle and drive it on the public highways of Alabama and Florida ostensibly toward his residence in Pensacola Florida. Defendants knew or had reason to know or should have known of Myers' condition and proclivities toward drug use and notwithstanding such knowledge, entrusted Myers with his vehicle instead of designating a driver for him or instead of taking him to a medical facility or instead of directing him to remain on the premises until he had slept off the fatigue and other influence of his narcotic drugs which he had consumed. The aforesaid wanton entrustment created an appreciable risk of harm to Plaintiff and an interrelated duty on the part of the said Defendants. At the time of the aforesaid entrustment, Defendants had control of Myers and had control of his motor vehicle parked in there parking lot and on their premises. At the time of the aforesaid entrustment, Myers was a habitual user of narcotic drugs and was addicted to the use of narcotic drugs and was then and there under the influence of narcotic drugs and was no condition to safely operate a motor vehicle on the public highways, and was therefore a known incompetent. As a direct and proximate result of the wanton entrustment, Myers proximately caused the aforesaid automobile crash and the crash was caused by the incompetence of the driver Myers. Defendants had the custody and control of the motor vehicle of Myers and did wantonly entrust the motor vehicle to Myers. Myers was incompetent to operate the vehicle.

22

Defendant knew, or by the exercise of reasonable care, should have known that Myers was incompetent to operate the said motor vehicle on the occasion giving rise to this cause.

Before the said motor vehicle collision occurred, Myers was working at the place of his employment on Defendants' premises in Orange Beach, Alabama and had ingested drugs earlier in the day that caused him to become sick and reported the sickness to his supervisor in charge of his employment at Defendants' store. Because Myers was unable to continue working as result of his sickness and as a result of being under the effects and influence of the said drugs and upon the advice, instruction, and recommendation of his supervisor at Defendants' store, Myers left his employment and entered his motor vehicle and began to drive home. Defendants' supervisor knew or should have know that Myers left his place of employment alone and operated his motor vehicle while sick and under the effects and influence of drugs which prevented him from safely operating a motor vehicle and that his presence behind the wheel of a motor vehicle on the public highway rendered the said motor vehicle a dangerous instrumentality under the laws of Alabama and Florida and constituted an unreasonable and foreseeable risk of harm to the general public, using the public highways in Alabama and Florida, including Plaintiff.

Plaintiff was injured as a proximate result of the incompetency of the driver, Myers.

5.      As a direct and proximate result of the aforesaid wantonness, Plaintiff suffered compensatory damages in an amount exceeding the minimum jurisdictional limits of this Court, consistent of permanent impairment, future medical expenses, physical pain and suffering, emotional distress, fright, mental anguish, permanent disfigurement, lost future wages and wage earnings capacity and aggravation of preexisting conditions.

6.      Plaintiff also claims punitive damages.

23

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount exceeding the minimum jurisdictional limits of this Court, and costs in this behalf expended.

## COUNT VII

## MICHELLE SUE JOHNSON'S COMPLAINT AGAINST DEFENDANTS FOR LOSS OF CONSORTIUM

1.   ·   Plaintiff, Michelle Sue Johnson, was at all times material and relevant to this cause of action the wife of Plaintiff, Shaun Kevin Johnson, and residing with him in Pensacola, Florida.

2.   Plaintiff Michelle Sue Johnson realleges all allegations of the Complaint.

3.   As a direct and proximate result of the said damages and injuries suffered by Plaintiff Shaun Kevin Johnson, Plaintiff Michelle Sue Johnson was caused to suffer loss of consortium of her said husband.

4.   The damages suffered by Plaintiff Michelle Sue Johnson in connection with her loss of consortium including loss of companionship, intimacy, the loss of services and assistance from him within the marital relationship, amount to a sum exceeding the minimum jurisdictional limits of this Court.

WHEREFORE, Plaintiff Michelle Sue Johnson demands judgment against Defendants jointly and severally in a sum exceeding the minimum jurisdictional limits of this Court and costs in this behalf expended.

24

CHARLES R. GODWIN    GOD004
TIMOTHY J. GODWIN    GOD010
GORDON B. GODWIN    GOD013
Attorneys for Plaintiff
10388 Highway 31
Atmore, Alabama 36502
(251) 368-1417


## **JURY DEMAND**

Plaintiffs demand trial by jury of all issues in this cause.

CHARLES R. GODWIN    GOD004
TIMOTHY J. GODWIN    GOD010
GORDON B. GODWIN    GOD013
Attorneys for Plaintiff


PLAINTIFFS' ADDRESSES:

SHAUN KEVIN JOHNSON
5576 Ponte Verde Court
Pensacola, Florida 32507

MICHELLE SUE JOHNSON
5576 Ponte Verde Court
Pensacola, Florida 32507

MICAH NICOLE JOHNSON
5576 Ponte Verde Court
Pensacola, Florida 32507

PLAINTIFFS REQUEST SERVICE BY CERTIFIED MAIL ON DEFENDANTS AT THE FOLLOWING ADDRESS:

WINN-DIXIE STORES, INC.
c/o James H. Post, Esquire
Smith, Hulsey & Busey
225 Water Street
Suite 1801
Jacksonville, Florida 32202

WINN-DIXIE MONTGOMERY, INC.
c/o James H. Post, Esquire
Smith, Hulsey & Busey
225 Water Street
Suite 1801
Jacksonville, Florida 32202

WINN-DIXIE MARKET PLACE
c/o James H. Post, Esquire
Smith, Hulsey & Busey
225 Water Street
Suite 1801
Jacksonville, Florida 32202

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| SHAUN KEVIN JOHNSON; | § | |
| MICHELLE SUE JOHNSON; and | | |
| MICAH NICOLE JOHNSON, a minor | § | CIVIL ACTION NUMBER |
| suing by and through her natural parents, | | |
| custodial parents and next friends, Shaun | § | CV-2005- |
| Kevin Johnson and Michelle Sue Johnson | | |
| | § | |
|     Plaintiffs | | |
| | § | |
| vs.      . | | |
| | § | |
| WINN-DIXIE STORES, INC.; | | |
| WINN-DIXIE MONTGOMERY, INC.; | § | |
|   WINN-DIXIE MARKET PLACE, A, B, | | |
| C, X, Y and Z whose names are otherwise | § | |
| unknown, being an individual, firm, | | |
|  partnership or corporation who was the | § | |
| employer, principal or master of Herman | | |
| Milton Myers, Jr. and/or who had the right | § | |
| to instruct, supervise, direct and control | | |
| Herman Milton Myers, Jr. and the | § | |
| entrustment of his automobile and the | | |
| physical possession and control of said | § | |
| automobile; the true name or names | | |
| being otherwise unknown but such identity | § | |
| will be supplied by amendment to this | | |
| complaint when ascertained. | § | |
| | | |
|     Defendants | § | |

## SUGGESTION OF BANKRUPTCY

COME NOW the Plaintiffs in the above styled cause by and through their undersigned attorneys of record and file and serve this their Suggestion of Bankruptcy and would set forth and show unto the Court as follows:

1.      According to Plaintiffs' best information, knowledge and belief, three (3) of the Defendants in the above styled cause are debtors in a Chapter 11 bankruptcy proceeding jointly administered in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, Case Number: 05-03817-3F1.

2.      Contemporaneously with the filing of this Complaint, Plaintiffs are filing their petition for relief from the stay in the said bankruptcy proceeding.

3.      Plaintiffs will advise this Court as to relief from the automatic stay so that upon obtaining relief from the stay, this case may then proceed.

4.      Plaintiffs file this action subject to the automatic stay to assure that the action is not barred by the statute of limitations which runs September 21, 2005, and to prosecute said action against Defendants who are not debtors in bankruptcy, including fictitious parties named in accordance with ARCP Rule 9(h) who may be jointly and severally liable with Defendants who are debtors in bankruptcy.

5.      In the meantime, Plaintiffs recommend transfer of this case to the court's administrative docket pending further orders of the said bankruptcy court.

CHARLES R. GODWIN    GOD004
TIMOTHY J. GODWIN    GOD010
GORDON B. GODWIN    GOD013
Attorneys for Plaintiff
10388 Highway 31
Atmore, Alabama 36502
(251) 368-1417

## CERTIFICATE OF SERVICE

I hereby certificate that I have this **2 0** day of **September**, 2005, served a copy of the above and foregoing Suggestion of Bankruptcy on James H. Post, Esquire of Smith, Hulsey & Busey, 225 Water Street, Suite 1801, Jacksonville, Florida 32202, by placing a copy of the same in the United States mail, postage prepaid.

CHARLES R. GODWIN    GOD004
TIMOTHY J. GODWIN    GOD010
GORDON B. GODWIN    GOD013
Attorneys for Plaintiff

CHARLES R. GODWIN

ATTORNEY AT LAW

10388 HIGHWAY 31

ATMORE, ALABAMA 36502

(251) 368-1417

FAX (251) 368-0839

*Via Hand Delivery*

September 19, 2005

TIMOTHY J. GODWIN
ASSOCIATE

GORDON B. GODWIN
ASSOCIATE

Jody Wise Campbell, Clerk
Circuit Court of Baldwin County
312 Courthouse Square, Suite 10
Bay Minette, Alabama 36507

## RE:   SHAUN KEVIN JOHNSON
## vs. WINN-DIXIE STORES, INC., et al.
## CIVIL ACTION NUMBER CV-2005-

Dear Ms. Campbell:

Enclosed herewith are the following to be filed in connection with the above styled cause:

1. Complaint (original and three copies);
2. Civil Cover Sheet;
3. Summonses (original and one copy);
4. Pre-addressed stamped envelops for service by certified mail on Defendants which is hereby requested;
5. Check on my firm account in the amount of $628.50 as advanced court costs; and,
6. Extra copy of complaint with self-addressed stamped envelope for return to us after being stamped "filed."
7. Suggestion of Bankruptcy

Very truly yours,

Charles R. Godwin

CRG/wml

Enclosures

cc:   Mr. and Mrs. Shaun K. Johnson
      Stephen H. Echsner, Esquire
      James H. Post, Esquire

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number |
|---|---|---|
| Form ARCivP-93    Rev. 5/99 | | C V ☐☐☐☐ ☐☐☐☐ . ☐<br>Date of Filing:        Judge Code:<br>☐☐ ☐☐ ☐☐ ☐☐☐☐<br>Month   Day   Year |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ **BALDWIN COUNTY** _____, **ALABAMA**

*(Name of County)*

**SHAUN KEVIN JOHNSON, et al.** _____ v. **WINN-DIXIE STORES, INC., et al.**
        Plaintiff                                                    Defendant

| First Plaintiff | ☐ Business | ☒ Individual | First Defendant | ☒ Business | ☐ Individual |
|---|---|---|---|---|---|
| | ☐ Government | ☐ Other | | ☐ Government | ☐ Other |

**NATURE OF SUIT:**  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☒ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>  Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>  Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*    F ☒ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER:

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☒ YES  ☐ NO    Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

G O D O 0 4    Date  9/19/05    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☒ UNDECIDED

| State of Alabama<br>Unified Judicial System | SUMMONS | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | - CIVIL - | CV-2005 |

IN THE _____**CIRCUIT**_____ COURT OF ___**BALDWIN**___ COUNTY

**Plaintiff** SHAUN KEVIN JOHNSON, et al.    **v. Defendant** WINN-DIXIE STORES, INC., et al.

NOTICE TO __WINN-DIXIE MARKET PLACE, c/o James H. Post, Esquire, Smith, Hulsey & Busey,__
225 Water Street, Suite 1801, Jacksonville, Florida 32202
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEYS__CHARLES R. GODWIN, TIMOTHY J. GODWIN and GORDON B. GODWIN__ WHOSE ADDRESS IS __10388 Highway 31, Atmore, Alabama 36502    (251) 368-1417__

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ____30____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____                                      By: _____
_____
Clerk/Register

☒ Certified Mail is hereby requested.

_____
**Plaintiff's/Attorney's Signature**

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                                    (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County,
Alabama on _____
                          (Date)

_____
**Date**

_____
**Address of Server**

_____
**Server's Signature**

_____
**Type of Process Server**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number<br><br>CV-2005 |
|---|---|---|

IN THE _____ **CIRCUIT** _____ COURT OF _____ **BALDWIN** _____ COUNTY

**Plaintiff** SHAUN KEVIN JOHNSON, et al.     **v. Defendant** WINN-DIXIE STORES, INC., et al.

**NOTICE TO** WINN-DIXIE MONTGOMERY, INC., c/o James H. Post, Esquire, Smith, Hulsey & Busey,
225 Water Street, Suite 1801, Jacksonville, Florida 32202
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION
TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.  A
COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR
PLAINTIFF'S ATTORNEYS  **CHARLES R. GODWIN, TIMOTHY J. GODWIN and GORDON B. GODWIN**  WHOSE

ADDRESS IS  10388 Highway 31, Atmore, Alabama 36502    (251) 368-1417

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN    **30**    DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER
THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action
upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of
_____ pursuant to the Alabama Rules of Civil Procedure.

Date _____                                             By: _____
                                          Clerk/Register

---

☒ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                          (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County,
Alabama on _____
          (Date)

| Date<br>_____<br><br>Address of Server<br>_____<br>_____ | Server's Signature<br>_____<br><br>Type of Process Server<br>_____ |
|---|---|

| State of Alabama Unified Judicial System | SUMMONS | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | - CIVIL - | CV-2005 |

IN THE _____ **CIRCUIT** _____ COURT OF **BALDWIN** _____ COUNTY

**Plaintiff** SHAUN KEVIN JOHNSON, et al.        **v. Defendant** WINN-DIXIE STORES, INC., et al.

NOTICE TO __WINN-DIXIE STORES, INC., c/o James H. Post, Esquire, Smith, Hulsey & Busey,__
__225 Water Street, Suite 1801, Jacksonville, Florida 32202__
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEYS __CHARLES R. GODWIN, TIMOTHY J. GODWIN and GORDON B. GODWIN__ WHOSE

ADDRESS IS __10388 Highway 31, Atmore, Alabama 36502    (251) 368-1417__ .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date _____        _____ By: _____
                                              Clerk/Register

☒ Certified Mail is hereby requested.        _____
                                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____.

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
                                                                        (Date)
_____ in _____ County,
Alabama on _____
                    (Date)

Date _____        _____

Address of Server        Server's Signature

_____        _____

                              Type of Process Server