## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

### NOTICE OF FILING

Pursuant to Rule 6004(f), Federal Rules of Bankruptcy Procedure, Winn-Dixie Stores, Inc. and its subsidiaries and affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), provide notice of the closing and consummation of the assignment and assumption of lease with Maywood Foods, Inc. for store number 1314 located in Jackson, Mississippi. A copy of the closing statement is attached.

Dated: September 22, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By     _s/ D. J. Baker_
       D. J. Baker
       Sally McDonald Henry
       Rosalie Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By     _s/ Cynthia C. Jackson_
       Stephen D. Busey
       James H. Post
       Cynthia C. Jackson (FBN 498882)

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

## INDIVIDUAL STORE CLOSING STATEMENT

**BUYER:**              Maywood Foods, Inc., a Mississippi corporation

**SELLER:**             Winn-Dixie Montgomery, Inc., a Florida corporation

**ESCROW AGENT and**
**SETTLEMENT AGENT:**   Near North National Title LLC

**PROPERTY:**           Store No. 1314, 902 1/2 E. Fortification, Jackson, Mississippi

**CLOSING DATE:**       August 13, 2005

## SELLER'S STATEMENT

**BASE PURCHASE PRICE:**

| | | |
|---|---|---|
| Leasehold: | | $            - |
| FF&E: | | $            - |
| BASE PURCHASE PRICE: | | **$17,500.00** |
| SUPPLIES PRICE: | | **$2,500.00** |
| TOTAL BASE PURCHASE PRICE AND SUPPLIES PRICE: | | **$20,000.00** |

**Less Adjustments (Debit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Taxes and Other Charges Payable Under Lease (1) | ($52,241.12) | |
| Buyer's Prorated Share of Rents Paid in Advance Under Sublease (2) | $0.00 | |
| **Total Debits to Seller:** | **($52,241.12)** | |

**Plus Adjustments (Credit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Rents and Other Charges Paid in Advance Under Lease (3) | | $0.00 |
| Buyer's Share of Environmental Assessment Costs | | $1,500.00 |
| **Total Credits to Seller:** | | **$1,500.00** |
| **NET DEBIT/CREDIT TO SELLER** | | **($50,741.12)** |

**Less Closing Costs  Payable by Seller:**

| | |
|---|---|
| Seller's Attorneys' Fees and Costs | $0.00 |
| Seller's Brokerage Fees | $0.00 |
| Cure Costs (See 7-12, Schedule of Disbursements) | ($30,046.31) |
| Seller's Share of Closing Escrow Fees | ($550.00) |
| Seller's Share of Inventory Service Fees (estimated) | ($800.00) |
| Seller's Share of Title Examination Fees | ($1,250.00) |
| **Total Seller's Closing Costs:** | **($32,646.31)** |

**AMOUNT DUE TO SELLER**                                         **($63,387.43)**

## BUYER'S STATEMENT

| | | |
|---|---|---|
| **ALLOCATED BASE PURCHASE PRICE:** | $17,500.00 | |
| **SUPPLIES PRICE:** | $ 2,500.00 | |
| **TOTAL BASE PURCHASE PRICE AND SUPPLIES PRICE:** | | $20,000.00 |
| **Less Adjustments (Credit):** | | |
| Allocated Amount of Base Deposit | ($1,750.00) | |
| Seller's Prorated Share of Rents and Other Charges Payable Under Lease (1) | ($52,241.12) | |
| Buyer's Prorated Share of Rents Paid in Advance under Sublease (2) | $0.00 | |
| **Total Credits to Buyer:** | ($53,991.12) | |
| **Plus Adjustments (Debit):** | | |
| Seller's Prorated Share of Rents and Other Charges Paid in Advance Under Lease (3) | | $0.00 |
| Buyer's Share of Environmental Assessment Costs | | $1,500.00 |
| **Total Debits to Buyer:** | | $1,500.00 |
| **NET DEBIT/CREDIT TO BUYER** | | ($52,491.12) |

1314 (Maywood)

**Plus Closing Costs Payable by Buyer:**

| | |
|---|---|
| Buyer's Attorneys' Fees & Costs | P.O.C. |
| Title Insurance Premiums(4) | $0.00 |
| Title Insurance Cancellation Fees (4) | $0.00 |
| Buyer's Share of Title Examination Fees | $500.00 |
| Transfer/Documentary Taxes | $0.00 |
| Buyer's Brokerage Fees | $0.00 |
| Buyer's Share of Closing Escrow Fees | $550.00 |
| Buyer's Share of Inventory Service Fees(8) (estimated) | $800.00 |
| Recording Fees (estimated) | $300.00 |
| **Total Buyer's Closings Costs:** | **$2,150.00** |
| **AMOUNT DUE FROM BUYER AT CLOSING** | **($30,341.12)** |
| **ALLOCATED AMOUNT OF BASE DEPOSIT** | **$1,750.00** |
| **TOTAL AMOUNT DUE FROM BUYER FROM ALL SOURCES** | **($28,591.12)** |

## SCHEDULE OF DISBURSEMENTS

| | | |
|---|---|---|
| 1. Allocated Amount of Base Deposit from Escrow Agent | | $1,750.00 |
| 2. Amount Due From Buyer | | ($30,341.12) |
| 3. Amount Due From Seller | | $63,387.43 |
| **TOTAL RECEIPTS:** | | $34,796.31 |
| 1. The Blackstone Group L.P. (Seller's Brokers Fees) | P.O.C. | |
| 2. The Food Partners, LLC (Seller's Brokers Fees) | $0.00 | |
| 3. DJM Asset Management, LLC (Seller's Brokers Fees) | $0.00 | |
| 4. First American Title Insurance Company (Title Premiums, Title Examinations Fees and and Costs) | ($1,750.00) | |

1314 (Maywood)



5. Near North National Title LLC
   Transfer Taxes, Recording and Escrow Fees         ($1,400.00)

6. MSI Inventory Service Corporation
   (Inventory Service Fees)         ($1,600.00)

7. English Village, LLC
   (Rent Cure Costs, if any)         $0.00

8. English Village, LLC
   (Real Estate Cure Costs, if any)         ($30,046.31)

9. English Village, LLC
   (Personal Property Cure Costs, if any)         $0.00

10. English Village, LLC
    (Insurance Cure Costs, if any)         $0.00

11. English Village, LLC
    (CAM Cure Costs, if any)         $0.00

12. N/A
    (Sublease Cure Costs, if any)         $0.00

13. Seller
    (Seller's Proceeds)         $0.00

**TOTAL DISBURSEMENTS**         **($34,796.31)**

**BALANCE AFTER DISBURSEMENTS**         $0.00

**Notes:**

1. <u>2005 Prorations - Amounts Not Yet Paid and Payable</u>. Tax and insurance prorations are based on (i) an estimate of 2005 real estate taxes derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease; and (ii) an estimate of 2005 insurance charges derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease. Buyer will be responsible for the payment of such charges for 2005 and subsequent years. Rent and CAM prorations are based on amounts due under the Lease for August 2005. Buyer will be responsbile for the payment of such charges that become due and payable for August 13, 2005 and thereafter. Prorations are as follows:

**Real Estate Taxes**

| Store No. 1314 | | |
|---|---|---|
| 2005 Real Estate Taxes | $30,046.31 | |
| Per Diem Tax Amount | $82.32 | |
| Seller's Share of 2005 Taxes | | |
| (1/1/05 - 8/12/05)(224 days) | $18,439.68 | |
| **TOTAL REAL ESTATE TAXES** | | $18,439.68 |

1314 (Maywood)

**Personal Property Taxes**

**Store No. 1314**
2005 Personal Property Taxes          $35,957.60
Per Diem Tax Amount                    $98.51
Seller's Share of 2005 Taxes
(1/1/05 - 8/12/05)(224 days)          $22,066.24
**TOTAL PERSONAL PROPERTY TAXES**                        $22,066.24

**Insurance**

**Store No. 1314**
2005 Insurance                         $4,419.00
Per Diem Insurance Amount              $12.11
Seller's Share of 2005 Insurance
(1/1/05 - 8/12/05)(224 days)           $2,712.64
**TOTAL INSURANCE**                                      $2,712.64

**RENT (Building Lease)**

**Store No. 1314**
Total August 2005 Rent                 $21,416.67
Per Diem Rent                          $690.86
Seller's Prorated Share
(8/01/05 - 8/12/05) (12 days)          $8,290.32                $8,290.32

**RENT (Pharmacy Lease)**

**Store No. 1314**
Total August 2005 Rent                 $2,666.67
Per Diem Rent                          $86.02
Seller's Prorated Share
(8/01/05 - 8/12/05) (12 days)          $1,032.24                $1,032.24

**CAM**

**Store No. 1314**
Total August 2005 CAM                  $0.00
Per Diem CAM                           $0.00
Seller's Prorated Share
(8/01/05 - 8/12/05) (12 days)          $0.00                    $0.00

**Total Amount of Seller's Prorated
Share of 2005 Prorations:**                              $52,541.12

**1314 (Maywood)**



2.   August 2005 Sublease Prorations - Amounts Previously Received by Seller. Prorations are based on August 2005 rents previously paid to Seller in accordance with the applicable Sublease. Buyer will be responsible for the collection of such charges that become due and payable for September 2005 and thereafter. Prorations are as follows:

**Store No. 1314**

| | |
|---|---|
| Total August 2005 Rent Paid | $0.00 |
| Per Diem Rent | $0.00 |
| Buyer's Prorated Share | |
| (8/13/05 - 8/31/05) (19 days) | $0.00 |

**Total Amount of Buyer's Prorated Share of August Prorations:**     $0.00

3.   2005 Prorations - Amounts Previously Paid by Seller. Prorations are based on amounts paid by Seller in arrears in accordance with the the Lease. Buyer will be responsible for the payment of such charges that become due and payable for August 13, 2005 and thereafter. Prorations are as follows:

None

**Total Amount of Buyer's Prorated Share of Prorations**     $0.00

4.   Title Premiums and Expenses. Title insurance fees and costs, including title examination fees and title insurance premiums, are as follows:

**Store No. 1314**

| | |
|---|---|
| Title Search Fees and Costs | $1,750.00 |
| Title Premium | $0.00 |
| **Total Amount of Title Fees and Expenses** | **$1,750.00** |

5. Utility Deposits and Charges. All utility deposits will be returned to Seller directly by the respective utility companies. Seller will be responsible for payment of any portion of any utility charges attributable to utility service (including telephone service) provided through and including the date hereof. Buyer will be responsible for payment of any new utility deposits which may be assessed by the respective utility companies and for payment of any portion of such utility charges attributable to utility service provided subsequent to the date hereof. The party responsible for each share of such utility charges will pay such charges promptly and without demand therefor. Each party agrees to indemnify and hold harmless the other party from and against liability for payment of the first party's share of such utility charges.

6. Adjustments. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in the Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

1314 (Maywood)

7. <u>Inventory Purchase Price and Adjustments</u>. To the extent Buyer has acquired inventory pursuant to the Purchase Agreement, the Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in the Purchase Agreement and is set forth in a separate Inventory Closing Statement between Seller and Buyer dated as of even date herewith. Seller and Buyer acknowledge and agree that if any dispute should arise as to the Inventory Price with respect to any item or items of Inventory, Seller and Buyer will resolve the dispute in accordance with the terms and provisions of the Purchase Agreement.

8. <u>Inventory Service Fees</u>. Seller and Buyer acknowledge and agree that Buyer will be responsible for payment of one-half (1/2) of the fees and costs of the inventory services company that conducts the Inventory Count, as such term is defined in the Purchase Agreement, and Seller will be responsible for one-half (1/2) of such fees and costs, upon receipt of the final invoices. Seller may pay the inventory service fee outside of closing, and Buyer will reimburse Seller for such costs. In the event the final invoices for such inventory charges are not available at the time of closing, the inventory service fee will be estimated at $1600 per store. Upon receipt of final invoices for such services, if the inventory service cost differs by more than 10% from the estimated amount, then Buyer and Seller will reconcile such difference by payment to, or reimbursement from, Seller to account for the difference.

9. <u>Capitalized Terms</u>. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

The undersigned parties acknowledge and agree to this Closing Statement as of this ____ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

**Winn-Dixie Montgomery, Inc.,**
a Florida Corporation

By:_____
Name:_____
Title_____
     LAURENCE B. APPEL
     VICE PRESIDENT

**BUYER:**

**Maywood Foods, Inc.,**
a Mississippi corporation

By:_____
Name:_____
Title:_____

**Reviewed By**
_____
XRoads
Date: _____

LEGAL APPROVED
ATTY: _CBL_
DATE: _8/15/05_

7

1314 (Maywood)

7.  Inventory Purchase Price and Adjustments. To the extent Buyer has acquired inventory pursuant to the Purchase Agreement, the Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in the Purchase Agreement and is set forth in a separate Inventory Closing Statement between Seller and Buyer dated as of even date herewith.  Seller and Buyer acknowledge and agree that if any dispute should arise as to the Inventory Price with respect to any item or items of Inventory, Seller and Buyer will resolve the dispute in accordance with the terms and provisions of the Purchase Agreement.

8.  Inventory Service Fees. Seller and Buyer acknowledge and agree that Buyer will be responsible for payment of one-half (1/2) of the fees and costs of the inventory services company that conducts the Inventory Count, as such term is defined in the Purchase Agreement, and Seller will be responsible for one-half (1/2) of such fees and costs, upon receipt of the final invoices.  Seller may pay the inventory service fee outside of closing, and Buyer will reimburse Seller for such costs.  In the event the final invoices for such inventory charges are not available at the time of closing, the inventory service fee will be estimated at $1600 per store.  Upon receipt of final invoices for such services, if the inventory service cost differs by more than 10% from the estimated amount, then Buyer and Seller will reconcile such difference by payment to, or reimbursement from, Seller to account for the difference.

9.  Capitalized Terms. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

The undersigned parties acknowledge and agree to this Closing Statement as of this ___ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

**Winn-Dixie Montgomery, Inc.,**
a Florida Corporation

By:_____
Name:_____
Title_____

**BUYER:**

**Maywood Foods, Inc.,**
a Mississippi corporation

By: _Maywood Foods Inc._
Name: _James M. Ball_
Title: _President_

7                                        1314 (Maywood)

## INVENTORY CLOSING STATEMENT

**SELLER:**              Winn-Dixie Montgomery, Inc., a Florida corporation

**BUYER:**               Maywood Foods, Inc., a Mississippi corporation

**TRANSACTION:**         Acquisition of Leasehold Interest in
                         Store 1314, 902 1/2 - 912 E. Fortification, Jackson, Mississippi

**BASE PURCHASE PRICE:** Under Separate Closing Statement

**INVENTORY PRICE (2):**     $364,633.67

**CLOSING DATE:**        August 13, 2005

---

### SELLER'S STATEMENT

Inventory Price                                                          $364,633.67

**TOTAL AMOUNT DUE TO/FROM SELLER:**                                    **$ 364,633.67**

### BUYER'S STATEMENT

Inventory Price                                                          $364,633.67

Less:
    Inventory Deposit Applied
    to Inventory Price              ($483,118.00)

Plus Closing Costs to be Paid by Buyer:

    Total Buyer's Inventory
    Closing Costs:                                                      $0.00

**AMOUNT DUE TO/FROM BUYER AT CLOSING**                                 **($118,484.33)**

**INVENTORY DEPOSIT AMOUNT**                                            **$483,118.00**



The undersigned parties acknowledge and agree to the foregoing Inventory Closing Statement as of this _____ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**                                                    **BUYER:**

**Winn-Dixie Montgomery, Inc.,**                              **Maywood Foods, Inc.,**
a Florida corporation                                          a Mississippi corporation

By:_____                              By: _MAYwood Foods Inc_
Name:_____                               Name: _C Mᶜ Dade_
Title_____                               Title: _President_

**Notes:**

1. **Adjustments.** Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Inventory Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in this Inventory Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

2. **Inventory Price Adjustments.** The Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in that certain Asset Purchase Agreement among Seller and Buyer, dated effective as of July 15, 2005 (as amended, the "Purchase Agreement"), and shall be payable in accordance with the Purchase Agreement. Seller and Buyer agree that any disputes shall be resolved as set forth in the Purchase Agreement. In the event of any such dispute, upon the resolution thereof, the balance of the Inventory Price, if any, shall be paid by Escrow Agent to Seller within five (5) Business Days of such resolution as set forth in the Purchase Agreement, and any excess payment held by Escrow Agent shall be refunded to Buyer within such five (5) Business Day period. To the extent that the Inventory Price is in excess of the amount stated herein, Buyer shall pay over to Seller the amount of such excess within such five (5) Business Day period.

3. **Capitalized Terms.** Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

The undersigned parties acknowledge and agree to the foregoing Inventory Closing Statement as of this _____ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

**Winn-Dixie Montgomery, Inc.,**
a Florida corporation

By:_____
Name:____LAURENCE B. APPEL____
Title____VICE PRESIDENT____

**BUYER:**

**Maywood Foods, Inc.,**
a Mississippi corporation

By:_____
Name:_____
Title:_____

**Notes:**

1. <u>Adjustments</u>. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Inventory Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in this Inventory Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

2. <u>Inventory Price Adjustments</u>. The Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in that certain Asset Purchase Agreement among Seller and Buyer, dated effective as of July 15, 2005 (as amended, the "Purchase Agreement"), and shall be payable in accordance with the Purchase Agreement. Seller and Buyer agree that any disputes shall be resolved as set forth in the Purchase Agreement. In the event of any such dispute, upon the resolution thereof, the balance of the Inventory Price, if any, shall be paid by Escrow Agent to Seller within five (5) Business Days of such resolution as set forth in the Purchase Agreement, and any excess payment held by Escrow Agent shall be refunded to Buyer within such five (5) Business Day period. To the extent that the Inventory Price is in excess of the amount stated herein, Buyer shall pay over to Seller the amount of such excess within such five (5) Business Day period.

3. <u>Capitalized Terms</u>. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

Reviewed By
XRoads
Date:_____

LEGAL APPROVED
ATTY:_____
DATE: 8/16/05

## DISBURSEMENT SCHEDULE

DISBURSEMENTS:

| | |
|---|---|
| Winn-Dixie Montgomery, Inc. (Seller's Proceeds) | $364,633.67 |
| Maywood Foods, Inc. (Buyer's Proceeds) | $118,484.33 |
| **TOTAL DISBURSEMENTS** | $483,118.00 |
| **BALANCE OF INVENTORY PRICE HELD IN ESCROW BY TITLE AGENT PENDING DISPUTE RESOLUTION:** | $0.00 |