UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER GRANTING FURTHER EXTENSION OF TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors a further extension of the time period to assume or reject unexpired nonresidential real property leases (the "Motion"). The hearing on the Motion was held on September 1, 2005. At the time of such hearing, the objections to the Motion that remained outstanding were (a) the objection filed by PMG Ocean Associates, LP (Docket No. 3192) (the "PMG Objection") and (b) the objection filed by Victory Real Estate Investments, LLC, Victory Investments, Inc. and Eagle Harbor Investors LLC (Docket No. 3197) (the "Victory Objection," and together with the PMG Objection, the "Objections"). On September 12, 2005, the Court entered its Order Under 11 U.S.C. § 365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (the "365(d)(4) Order"). The 365(d)(4) Order continued the hearing on the Objections until the omnibus hearing scheduled for September 22, 2005 at 1:00 p.m., at which time the Court indicated it would consider the issues

---

[1] All capitalized terms not otherwise defined will have the meaning ascribed to them in the Motion.

raised in the Objections. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED with respect to Victory Real Estate Investments, LLC et al.

2. The Victory Objection is withdrawn.

3. The period within which the Debtors must move to assume or reject the leases that are the subject of the Victory Objection (the "Victory Leases") is extended through December 19, 2005.

4. To the extent the Debtors intend to reject a Victory Lease, the Debtors will provide the lessor under such lease with at least ten days notice of such intent. A rejection of the Victory Leases will be effective, without further order of the Court, on the later of (i) the tenth calendar day following the service of the Rejection Notice; and (ii) the date on which Debtor has (a) vacated and surrendered possession of the premises; and (b) delivered all keys in the possession of the tenant to the leased premises to the affected landlord or, if at a shopping center, to the mall management office where the leased premises are located. Upon a rejection of a Victory Lease pursuant to this paragraph, the landlord must file a proof of claim for damages arising from the rejection of the Victory Leases within thirty (30) days following the applicable rejection date or be forever barred from asserting any such claim.

5. The Debtors will electronically file a copy of any notice of intent to reject and provide a copy of such notice to any party with a known interest in property to be abandoned at the applicable store, notifying such party that it must retrieve the property prior to the rejection date or that any such inventory or other property (collectively, the "FF&E") of the Debtors

remaining in such store after the applicable rejection date is deemed abandoned. In that event, the applicable landlord has the right to dispose of the FF&E in its sole and absolute discretion, without further order of this Court, and without liability to any person or party whatsoever.

6. The Debtors will comply with the mandates of section 365 of the Bankruptcy Code as such Code section is interpreted by this Court, and will perform all the obligations of the Debtors, except those specified in section 365(b)(2), arising from and after the order for relief (the "Postpetition Rental Obligations"). The Debtors agree that the lessor will be permitted to file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion will set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. The Debtors have agreed that they will not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

7. The entry of this Order is without prejudice to the right of Victory Real Estate Investments, LLC, Victory Investments, Inc. and Eagle Harbor Investors LLC to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject the Victory Leases by an earlier date, or the Debtors' right to oppose any such request.

8. The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Victory Leases, and the Victory Leases will not be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Victory Leases on or before December 19, 2005.

9.  This Court's hearing on the PMG Objection is continued until the omnibus hearing scheduled for October 7, 2005 at 10:30 a.m., at which time the Court will consider the issues raised in such Objection; provided however, that the consideration of such Objection and any relief granted to PMG Ocean Associates, LP will be limited to such party and will in no way be deemed to alter the relief granted pursuant to this Order or the 365(d)(4) Order. The time within which the Debtors must move to assume or reject the unexpired lease of nonresidential real property that is the subject of the PMG Objection is extended until and through such time as an order adjudicating the PMG Objection is entered by the Bankruptcy Court or the PMG Objection is withdrawn or otherwise resolved.

Dated this 22 day of September, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

00508877

4