```
              UNITED STATES BANKRUPTCY COURT
             FOR THE MIDDLE DISTRICT OF FLORDIA
                    JACKSONVILLE DIVISION
```

| | |
|---|---|
| WAYNE BOYD, | * |
| | * |
| Plaintiff | * Bankruptcy Action   No. |
| | * 05-03817-3-F1 |
| v. | * |
| | * |
| WINN-DIXIE STORES, INC. | * |
| | * Civil Action No. |
| Defendant | * 1:05-CV-155-C |

MOTION TO THE BANKRUPTCY COURT TO START OVER WITH
PLAINTIFF'S SUIT--ASKING TO REMOVE THE AUTOMATIC STAY

**TO THE HONORABLE JUDGE OF SAID COURT:**

Wayne Boyd, for his affidavit, being first duly sworn, deposes states:

Plaintiff realizes that Plaintiff will have to satisfy the Federal Bankruptcy statutes and not be heard in court at this time, but is asking this Bankruptcy Court to allow Plaintiff **to start over with this suit** against WINN-DIXIE STORES, INC. after the bankruptcy, thereby **removing the automatic stay.**

The following is the reasons for this:

A). Plaintiff began legal proceedings against Winn Dixie Stores, Inc. MAY 20, 2002(case #6859-D, Taylor County District Court), and it went to the 42th Judicial District Court in Callahan County next(case #17,947) to satisfy a TWC Texas statute, and then in appeals in the Eastland, Texas, and finally in appeals in the Supreme Court of Texas, denied 6/24/05. Winn Dixie Stores, Inc. and the Texas Workforce Commission were co-

**MOTION TO THE BANKRUPTCY COURT TO START OVER WITH PLAINTIFF'S SUIT--PAGE 1**

defendants up until 6/24/05

B). Plaintiff filed the civil action within the time frame that the Texas Workforce Commission wanted, but was given incorrect advice over the telephone from TWC Representatives on how to file the suit, and after the TWC was added as a co-defendant with Winn Dixie Stores, Inc. the Assistant Attorney General's office asked for a dismissal based on Texas Labor Code 212.201, and more specifically 212.204[FILING OF ACTION: MUST BE FILED IN THE COUNTY OF THE CLAIMANT RESIDENCE]

C). Within a 30 day period , on July 11, 2005 another suit was individually filed against WINN DIXIE STORES, INC.(Case No. 18,479), but with a different cause of action. namely: BREACH OF CONTRACT Based on a LABOR EMPLOYMENT AGREEMENT. When Plaintiff filed this July 11, 2005, Plaintiff had no knowledge beforehand that Winn Dixie Stores, Inc. was planning, or had filed Bankruptcy.

D. The Winn Dixie Bankruptcy Attorneys have stated recently that Winn Dixie Stores, Inc. filed a Chapter 11 Bankruptcy February 21st, 2005. However, during the time Plaintiff submitted a PETITION FOR REVIEW on 2-01-05 and finally had a MOTION FOR REHEARING May 19, 2005 with the Supreme Court of Texas(Case #05-0103),...then was denied the MOTION FOR REHEARING 6/24/05 Plaintiff was never informed by Winn Dixie Stores, Inc. of a pending Bankruptcy--the entire time.

E. Plaintiff has had to spend alot of time in the preparation of this case, including 1). having to prepare Plaintiff's 56 page Appellate's Brief two times, and 2). then having to prepare a PETITION FOR REVIEW, all of which took alot of legal research...plus the fact that Plaintiff was out of expense that goes with filing a law suit, and just recently had to spend money hiring private investigators to find witnesses that had left the area because the state and Winn Dixie Stores, Inc. claimed the state had sovereign immunity because the suit was filed incorrectly in the beginning(even though the TWC Representatives had given Plaintiff incorrect advice on how to file the case over the phone). Plaintiff was out money hiring private investigators to interview the Winn Dixie supermarket Assistant Managers when the case first was in TWC appeals. The Manager of the store would not co-operate, and none of the Assistant Managers wanted to be interviewed. After Winn Dixie Stores, Inc. closed down in Abilene, Texas...Plaintiff talked or saw them personally, and each was more than co-operative...knowing Plaintiff was unjustly terminated from Winn Dixie Stores, Inc. That's the reason the last suit filed is being based on a BREACH OF CONTRACT. Plaintiff is only trying to be heard in this case, and has been trying to be heard since the 12-18-01 TWC Tribunal Telephone Hearing, and the initial suit filed in Taylor County 350th District Court of Abilene, Texas May 20, 2002.

F. Another reason Plaintiff believes Plaintiff needs to be heard in court is because of a HEALTH ISSUE. The three Assistant Managers that worked in the month of 10-01, the month of Plaintiff's termination, did not encourage Plaintiff to remain after closing hours because of the new Winn Dixie Stores, Inc. supermarket DEFOGGER INSECTICIDE SPRAYER policy in which the Bakery, Deli, and Produce department would be sprayed nightly for a one hour period. The spray concentrate enveloped the front end area with deadly carcinogen fumes, making it too risky health wise to remain after closing and have to complete any cleaning or straightening assignments. However, on the night of 10-24-01, the night of termination, an Office Person was upset with Plaintiff, and wanted Plaintiff to wait too late to start cleaning and straightening(including "put-backs"), which would have required Plaintiff to have to remain after closing and breathe the carcinogen insecticide fumes. Plaintiff now has a witness that was an employee that can testify that the carcinogen insecticide fumes were causing that employee "breathing problems". Plaintiff witnessed and will testify that the bakery, deli, and produce items were left uncovered, and that the fine insecticide spray mist saturated these items...expecially the bakery items. EXHIBIT ONE is the subpoena that was recently served on the Winn Dixie Stores, Inc. attorneys. If the Bankruptcy court will allow this case

to start over, thereby **removing the automatic stay**, and not be heard at this time(Plaintiff would not have filed the case at this time if Plaintiff had not known about the impending Bankruptcy filing) Plaintiff can issue a new subpoena directly to a non-Bankruptcy attorney to obtain the information needed on the **General Contractor**, in order to obtain that **General Contractor's** testimony. Plaintiff will prove that the spraying was done incorrectly, and entirely too much insecticide was administered putting employees and customers at risk. Plaintiff contacted both the City of Abilene and the Structural Pest Control Board only to find out that neither had any authority to prevent improper insecticide spraying that was very evidently being a serious health hazard. Only if this case can proceed on after the Bankruptcy period has ended will Plaintiff be able to prove this health hazard, and hopefully prevent not only Winn Dixie Stores, Inc., but other companies who may have for some reason put employees and customers alike in a dangerous health situation in a supermarket environment.

FURTHER YOUR AFFIANT SAYETH NOT

*Wayne Boyd*

Wayne Boyd-332 Girard Street-Baird, Texas 79504
appearing Pro Se

On the 19 day of Sept ,2005, before me, a Notary Public, within and for said County, personally appeared Wayne Boyd, to me known to be the person described in and who executed the foregoing affidavit and acknowledges that he executed the same as his free and and deed

*Cami Robinson*

Notary Public
My commission expires: 10-24-06

CAMI ROBINSON
Notary Public, State of Texas
My Commission Exp 10-24-06

MOTION TO THE BANKRUPTCY COURT TO START OVER WITH PLAINTIFF'S SUIT-PAGE 5

EXHIBIT ONE

NO. 18,479

| Wayne Boyd | |
|---|---|
| Plaintiff | IN THE __DISTRICT__ COURT OF |
| vs. Winn Dixie Stores, Inc. | __CALLAHAN__ County, Texas. |
| Defendant | __42ND JUDICIAL DISTRICT__ Term, XX 2005 |

To the ___CLERK___ ¹of said court:

I hereby request you issue a subpoena for each of the following witnesses:

| NAMES OF WITNESSES | ADDRESS | County of Residence | For Clerk's Use Only Date of Subpoena |
|---|---|---|---|
| GENERAL CONTRACTOR (Individual, company name, address, city, and telephone of the **General Contractor** that sprayed the Winn Dixie Supermarket, 4457 So. 1st Street, Abilene, Texas(Plaintiff's place of employment) during the month of October, 2001, and weeks before) **sprayed**=sprayed the DELI, BAKERY, and PRODUCE department with an DEFOGGER INSECTICIDE SPRAYER unit. (Plaintiff will need the General Contractor to appear at trial) (Plaintiff can issue SUBPOENA on this contractor at a later date) | (needed) | (needed) | |

The above witness(es) listed below is requested to bring the following books, papers, documents or tangible things as follows:
PLAINTIFF requests attorney **Matthew E. Coveler**, Pilsbury, Winthrop, Shaw, and Pittman to produce the ABOVE INFORMATION for Plaintiff from:
  WINN-DIXIE STORES, INC. (note: Carl Zilgett or Ron Peterson are in the legal department
  5050 Edgewood Ct.           at that location...or Bill Galoogie)
  Jacksonville, Flordia 32254-3699
   Phone (904) 783-5000

Applicant prays that the said subpoena _____ be made returnable on the __September 6th__ day of __SEPTEMBER__ A. D. XX 2005 at __ASAP__ o'clock.

_____Wayne Boyd_____
Attorney for Plaintiff / Defendant

1. Insert Justice of Peace or Clerk

Reproduction of this form by any person or party is prohibited.

EXHIBIT ONE

FILED

CLERK, U.S. BANKRUPTCY COURT

AFFIDAVIT(to a, or in place of a CERTIFICATE OF SERVICE)

Wayne Boyd, plaintiff, Appellant, for his affidavit, being first duly sworn, deposes and states:

I hereby certify that on September 19th, 2005, a true and correct copy of the MOTION TO THE BANKRUPTCY COURT TO START OVER WITH PLAINTIFF'S SUIT---------- by Wayne Boyd, plaintiff and Appellant, has been mailed to all parties of record.

PARTIES OF RECORD:
**Leanne McKnight Prendergast**    FAX: 904.359.7708
    LAW OFFICES                    PHONE 877.491.9917
SMITH, HULSEY, & BUSEY
1800 Wachovia Bank Tower
225 Water Street-Jacksonville, Flordia 32201-3315

FURTHER YOUR AFFIANT SAYETH NOT

_Wayne Boyd_
Wayne Boyd
Appearing Plaintiff(Appellant) Pro Se
332 Girard Street
Baird, Texas 79504

On this 19 day of September, 2005, before me, a Notary Public, within and for said County, personally appeared Wayne Boyd, to me known to be the person described in and who executed the foregoing affidavit, and acknowledged that he executed the same as his act and deed.

_Cami Robinson_
Notary Public
My commission expires on: 10-24-06

MOTION MAILED TO:
United States Bankruptcy Court
MIddle District of Flordia
Jacksonville Division
300 North Hogan
Jacksonville, Flordia 32202

CAMI ROBINSON
Notary Public, State of Texas
My Commission Exp 10-24-06

\* \* \*  Transmission Result Report(MemoryTX) ( Sep.19. 2005  3:06PM )  \* \* \*

1)
2)

Date/Time: Sep.19. 2005  3:00PM

```
File                                                                                      Page
No. Mode              Destination                      Pg(s)         Result          Not Sent
-----------------------------------------------------------------------------------------------
3607 Memory TX        19043597708                      P. 21         OK
```

-----------------------------------------------------------------------------------------------

Reason for error
  E.1) Hang up or line fail              E.2) Busy
  E.3) No answer                         E.4) No facsimile connection



### FAX TRANSMITTAL COVER SHEET

DATE: 9-19-05

PLEASE DELIVER TO:

PERSON Leanne Prendergast

COMPANY/FIRM Smith, Hulsey, Busey

CITY/STATE _____

TELECOPIER NO. 904-359-7708

FROM:

SENDER Wayne Byrd

TRANSMITTED BY _____

COMMENTS: _____

IF YOU DO NOT RECEIVE 6 PAGES, INCLUDING COVER SHEET, PLEASE TELEPHONE 325-854-1155

The document accompanying this facsimile transmission contains information belonging to the sender that is confidential and/or legally privileged. The information is intended only for the use of the individual or entity above. If you are not the intended recipient, you are hereby notified that any disclosures, copying, distribution, or the taking of any action in reliance on the contents of the telecopied information is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone to arrange for return of this document.