Hearing Date: October 14, 2005, 1:00 p.m.
Objection Deadline: October 4, 2005 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT REAL PROPERTY LEASES AND TO ABANDON RELATED PERSONAL PROPERTY AND (II) TO ESTABLISH BAR DATE FOR ANY REJECTION DAMAGE CLAIMS (LEASED FACILITIES)

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. §§ 365(a) and 554(a), authorizing the Debtors to reject non-residential real property leases and to abandon related personal property and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for these leases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., WinnDixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code. On August 17, 2005 an equity committee was appointed.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. To supply these stores, the Debtors operate ten distribution centers and six dairy facilities (collectively, the "Dairies") throughout the southeastern United States and a pizza plant in Montgomery, Alabama (the "Pizza Plant").

4. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores and related facilities (the "Targeted Stores"). To date, the Debtors have sold more than 100 Targeted Stores and sent rejection notices for another 200 Targeted Stores.

5. Because of the Debtors' footprint reduction, the Debtors no longer need and have decided to close three of their distribution centers located in marketing areas the Debtors are exiting – Atlanta, Georgia, Charlotte, North Carolina and Greenville, South Carolina (collectively, the "Distribution Centers"). The Debtors have also decided to close the Pizza Plant and two of the Dairies, one of which is connected to the Distribution Center in Greenville, the other separate Dairy facility is located in Highpoint, North Carolina (the "Highpoint Dairy"). The Distribution Centers located in Atlanta, Charlotte and Greenville (and the connected Dairy),

the Highpoint Dairy, and the Pizza Plant, are all leased by the Debtors for a combined monthly rent in excess of $700,000 (collectively, the "Leased Facilities"). A schedule identifying each of the Leased Facilities and their respective leases (the "Facility Leases") is attached as Exhibit A.

6. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7. The statutory predicates for the relief requested in the Motion are sections 365(a) and 554(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

**Relief Requested**

8. By this Motion, the Debtors seek an order of the Court, (i) pursuant to sections 365(a) and 554(a) of the Bankruptcy Code, authorizing the Debtors to reject the leases for the Atlanta, Charlotte and Greenville Facilities effective as of October 31, 2005, and the lease for the Highpoint Dairy and the Pizza Plant effective as of November 30, 2005 (collectively, the "Leased Facilities"), and to abandon personal property located at the Leased Facilities and (ii) establishing a bar date for any of the applicable landlords to file any rejection damage claim arising in connection with the Facility Leases.

**The Leases**

9. In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Facility Leases in the amount of approximately $700,000 a month. The Debtors have concluded that the Facility Leases constitute a burden on the Debtors and their estates, and are not necessary for an effective reorganization. Accordingly, the Debtors seek to reject the Facility Leases.

10.     To the extent any personal property remains at the Leased Facilities, it is of little or no value and is burdensome to the Debtors' estates. Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to section 554(a) of the Bankruptcy Code, as of the respective effective dates.

### Basis for Relief

11.     Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith,

will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pubelo Chem, Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13. The Debtors' business judgment supports rejection of the Facility Leases. The Leased Facilities are not within the continuing footprint of the Debtors and are of no further use. Any continued use of the Leased Facilities will result in the Debtors continuing liability for administrative rental expenses.

14. Pursuant to sections 554(a) and 1107(a) of the Bankruptcy Code, after notice and a hearing, a debtor may abandon estate property that is burdensome, or of inconsequential value or benefit to the estate.

15. To the extent any personal property remains at the Leased Facilities on the respective effective dates, it is because the Debtors are unable to sell such property and it will cost the Debtors more to remove the property than the property is worth. As such, the property is of little or no value, is burdensome to the Debtors' estates and the Debtors are entitled to abandon the property.

**Rejection Damages**

16. Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedures, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the landlord for any of the Leased Facilities to file a proof of claim for any rejection damages at 30 days after the respective effective dates.

**Notice**

17.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the affected landlords.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit B (i) authorizing the Debtors to reject the Facility Leases and abandon the Debtors' personal property remaining at the Leased Facilities, as of the respective effective dates; (ii) establishing a deadline for any applicable landlord to file a rejection damage claim in connection with the Facility Leases; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 23, 2005

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  */s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Gray | By  */s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson. F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00507867.2

# EXHIBIT A

| Facility | Location | Lessor | Lease Inception Date | Lease Expiration Date | Monthly Rent | Desired Lease Termination Date |
|---|---|---|---|---|---|---|
| Atlanta Distribution Center | 5400 Fulton Industrial Blvd. Atlanta, GA  30336 | FU/WD Atlanta, LLC | Lease dated 8/10/99 (actual commencement date 9/1/99) | 8/31/2024 | $157,375 | 10/31/2005 |
| Charlotte Distribution Center | 2401 Nevada Blvd. Charlotte, NC  28273-6423 | ZSF/WD Charlotte, LLC | Lease dated 8/10/99 (actual commencement date 9/1/99) | 8/31/2024 | $291,099 | 10/31/2005 |
| Greenville Distribution Center/Greenville Dairy | 2819 Wade Hampton Blvd.,#8 Taylors, SC  29687-2711 | ZSF/WD Greenville, LLC | Lease dated 8/10/99 (actual commencement date 9/1/99) | 8/31/2024 | $150,544 | 10/31/2005 |
| Highpoint Dairy & Culture Plant | 1350 W Fairfield Road High Point, NC  27263 | ZSF/WD High Point, LLC | Lease dated 8/10/99 (actual commencement date 9/1/99) | 8/31/2024 | $40,871 | 11/30/2005 |
| Montgomery Pizza Plant | 2740 Gunter Industrial Park Montgomery, AL  36109 | ZSF/WD Montgomery-Gunter, LLC | Lease dated 8/10/99 (actual commencement date 9/1/99) | 8/31/2024 | $11,771 | 11/30/2005 |

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' TO REJECT REAL PROPERTY**
**LEASES AND ABANDON RELATED PERSONAL PROPERTY AND**
**ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 365 and 554(a) authorizing the Debtors to reject the Facility Leases and to abandon related personal property located at the leased premises and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the applicable landlords must file any claims for rejection damages (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Facility Leases pursuant to 11 U.S.C. §365(a). The Leases for the Atlanta, Charlotte and Greenville Facilities are rejected

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

effective October 31, 2005. The Leases for the Highpoint Dairy and the Pizza Plant are rejected effective November 30, 2005.

       3.       The applicable landlords must file any claims resulting from the rejection of the Facility Leases no later than thirty (30) days after the respective effective dates of rejection.

       4.       Nothing in this Order constitutes a waiver of any claims the Debtors may have against the applicable landlords, whether or not related to the Facility Leases.

       5.       The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

       6.       The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

                                                                                     Jerry A. Funk
                                                                                     United States Bankruptcy Judge

00507867.2