**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Pursuant to Rule 6004(f), Federal Rules of Bankruptcy Procedure, Winn-Dixie Stores, Inc. and its subsidiaries and affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), provide notice of the closing and consummation of the assignment and assumption of lease with Wayfield Foods, Inc. for store number 2733 located in Red Oak, Georgia. A copy of the closing statement is attached.

Dated: September 23, 2005

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By   *s/ D. J. Baker*
     D. J. Baker
     Sally McDonald Henry
     Rosalie Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By   *s/ Cynthia C. Jackson*
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson (FBN 498882)

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

00509253.DOC

## INDIVIDUAL STORE CLOSING STATEMENT

| | |
|---|---|
| **BUYER:** | Wayfield Foods, Inc., a Georgia corporation |
| **SELLER:** | Winn-Dixie Raleigh, Inc., a Florida corporation |
| **ESCROW AGENT and SETTLEMENT AGENT:** | Near North National Title LLC |
| **PROPERTY:** | Store No. 2733, 3435 Roosevelt Highway, Red Oak, Georgia |
| **CLOSING DATE:** | August 26, 2005 |

### SELLER'S STATEMENT

**BASE PURCHASE PRICE:**

| | | |
|---|---|---|
| Leasehold: | | $ - |
| FF&E: | | $ - |
| BASE PURCHASE PRICE: | | $150,000.00 |
| SUPPLIES PRICE: | | $2,500.00 |
| TOTAL BASE PURCHASE PRICE AND SUPPLIES PRICE: | | **$152,500.00** |

**Less Adjustments (Debit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Taxes and Other Charges Payable Under Lease (1) | ($34,250.96) | |
| Buyer's Prorated Share of Rents Paid in Advance Under Sublease (2) | $0.00 | |
| **Total Debits to Seller:** | **($34,250.96)** | |

**Plus Adjustments (Credit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Rents and Other Charges Paid in Advance Under Lease (3) | | $0.00 |
| Buyer's Share of Environmental Assessment Costs | | $2,900.00 |
| **Total Credits to Seller:** | | **$2,900.00** |
| **NET DEBIT/CREDIT TO SELLER** | | **($31,350.96)** |

**Less Closing Costs Payable by Seller:**

| | | |
|---|---|---|
| Seller's Attorneys' Fees and Costs | P.O.C. | |
| Seller's Brokerage Fees | P.O.C. | |
| Undisputed Cure Costs (See 7-12, Schedule of Disbursements) | ($23,126.07) | |
| Transfer Taxes | $0.00 | |
| Seller's Share of Closing Escrow Fees | ($800.00) | |
| Seller's Share of Inventory Service Fees (8) (estimated) | ($1,000.00) | |
| **Total Seller's Closing Costs:** | ($24,926.07) | |
| **AMOUNT DUE TO SELLER** | | $96,222.97 |

## BUYER'S STATEMENT

| | | |
|---|---|---|
| **ALLOCATED BASE PURCHASE PRICE:** | $150,000.00 | |
| **SUPPLIES PRICE:** | $2,500.00 | |
| **TOTAL BASE PURCHASE PRICE AND SUPPLIES PRICE:** | | $152,500.00 |

**Less Adjustments (Credit):**

| | | |
|---|---|---|
| Allocated Amount of Base Deposit | ($15,000.00) | |
| Seller's Prorated Share of Rents and Other Charges Payable Under Lease (1) | ($34,250.96) | |
| Buyer's Prorated Share of Rents Paid in Advance under Sublease (2) | $0.00 | |
| **Total Credits to Buyer:** | ($49,250.96) | |

**Plus Adjustments (Debit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Rents and Other Charges Paid in Advance Under Lease (3) | | $0.00 |
| Buyer's Share of Environmental Assessment Costs | | $2,900.00 |
| **Total Debits to Buyer:** | | $2,900.00 |
| **NET DEBIT/CREDIT TO BUYER** | | ($46,350.96) |



**Plus Closing Costs Payable by Buyer:**

| | |
|---|---|
| Buyer's Attorneys' Fees & Costs | P.O.C. |
| Title Insurance Premiums (4) | $0.00 |
| Title Insurance Cancellation Fees (4) | $0.00 |
| Title Examination Fees | $1,750.00 |
| Buyer's Brokerage Fees | $0.00 |
| Buyer's Share of Closing Escrow Fees | $800.00 |
| Buyer's Share of Inventory Service Fees (8) (estimated) | $1,000.00 |
| Recording Fees (estimated) | $750.00 |
| **Total Buyer's Closings Costs:** | **$4,300.00** |
| **AMOUNT DUE FROM BUYER AT CLOSING** | **$110,449.04** |
| **ALLOCATED AMOUNT OF BASE DEPOSIT** | **$15,000.00** |
| **TOTAL AMOUNT DUE FROM ALL SOURCES AT CLOSING** | **$125,449.04** |

## SCHEDULE OF DISBURSEMENTS

| | |
|---|---|
| 1. Allocated Amount of Base Deposit from Escrow Agent | $15,000.00 |
| 2. Amount Due From Buyer | $110,449.04 |
| **TOTAL RECEIPTS:** | **$125,449.04** |

| | | |
|---|---|---|
| 1. The Blackstone Group L.P.<br>(Seller's Brokers Fees) | P.O.C. | |
| 2. The Food Partners, LLC<br>(Seller's Brokers Fees) | $0.00 | |
| 3. DJM Asset Management, LLC<br>(Seller's Brokers Fees) | $0.00 | |
| 4. First American Title Insurance Company<br>(Title Premiums, Title Examinations Fees and<br>and Costs) | ($1,750.00) | |
| 5. Near North National Title LLC<br>(Transfer Taxes, Recording and Escrow Fees) | ($2,350.00) | |
| 6. Accurate Inventory and Calculating Service<br>(Inventory Service Fees) | ($2,000.00) | |



| | | |
|---|---|---|
| 7. Red Oak Shopping Center, LLC<br>(Rent Cure Costs, if any) | $0.00 | |
| 8. Red Oak Shopping Center, LLC<br>(Real Estate Tax Cure Costs, if any) | ($2,680.98) | |
| 9. Red Oak Shopping Center, LLC<br>(Personal Property Tax Cure Costs, if any) | $0.00 | |
| 10. Red Oak Shopping Center, LLC<br>(Insurance Cure Costs, if any) | ($3,618.43) | |
| 11. Red Oak Shopping Center, LLC<br>(CAM Cure Costs, if any) | ($16,826.66) | |
| 12. N/A<br>(Sublease Cure Costs, if any) | $0.00 | |
| 13. Seller<br>(Seller's Proceeds) | ($74,361.84) | |
| **TOTAL DISBURSEMENTS** | ($103,587.91) | |
| **BALANCE AFTER DISBURSEMENTS (See Note 10):** | | $21,861.13 |

Notes:

1. <u>2005 Prorations - Amounts Not Yet Paid and Payable</u>. Tax, insurance and CAM prorations are based on (i) an estimate of 2005 real estate taxes derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease; (ii) an estimate of 2005 insurance charges derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease; and (iii) an estimate of 2005 CAM charges derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease. Buyer will be responsible for the payment of such charges for 2005 and subsequent years. Rent prorations are based on amounts due under the Lease for August 2005. Buyer will be responsible for August 26, 2005 and thereafter. Prorations are as follows:

<u>Real Estate Taxes</u>

<u>Store No. 2733</u>
| | | |
|---|---|---|
| 2005 Real Estate Taxes | $2,680.98 | |
| Per Diem Tax Amount | $7.35 | |
| Seller's Share of 2005 Taxes<br>(1/1/05 - 8/25/05) (237 days) | $1,741.95 | |
| **TOTAL REAL ESTATE TAXES** | | $1,741.95 |

<u>Personal Property Taxes</u>

<u>Store No. 2733</u>
| | | |
|---|---|---|
| 2005 Personal Property Taxes | $12,033.26 | |
| Per Diem Tax Amount | $32.97 | |
| Seller's Share of 2005 Taxes<br>(1/1/05 - 8/25/05) (237 days) | $7,813.89 | |
| **TOTAL PERSONAL PROPERTY TAXES** | | $7,813.89 |



**Insurance**

**Store No. 2733**
| | | |
|---|---|---|
| 2005 Insurance | $3,618.43 | |
| Per Diem Tax Amount | $9.91 | |
| Seller's Share of 2005 Insurance | | |
| (1/1/05 - 8/25/05) (237 days) | $2,348.67 | |
| **TOTAL INSURANCE** | | $2,348.67 |

**RENT**

**Store No. 2733**
| | | |
|---|---|---|
| Total August 2005 Rent | $14,161.83 | |
| Per Diem Rent | $456.83 | |
| Seller's Prorated Share | | |
| (8/1/05-8/25/05) (25 days) | $11,420.75 | $11,420.75 |

**CAM**

**Store No. 2733**
| | | |
|---|---|---|
| Total August 2005 CAM | $16,826.66 | |
| Per Diem CAM | $46.10 | |
| Seller's Prorated Share | | |
| (1/1/05-8/25/05) (237 days) | $10,925.70 | $10,925.70 |

**Total Amount of Seller's Prorated Share of 2005 Prorations:** $34,250.96

2. <u>August 2005 Sublease Prorations - Amounts Previously Received by Seller</u>. Prorations are based on August 2005 rents previously paid to Seller in accordance with the applicable Sublease. Buyer will be responsible for the collection of such charges that become due and payable for September 2005 and thereafter. Prorations are as follows:

**Store No. 2733**
| | | |
|---|---|---|
| Total August 2005 Rent Paid | $0.00 | |
| Per Diem Rent | $0.00 | |
| Buyer's Prorated Share | | |
| (8/26/05-8/31/05) (6 days) | $0.00 | |

**Total Amount of Buyer's Prorated Share of August Prorations:** $0.00

3. <u>August 2005 Prorations - Amounts Previously Paid by Seller</u>. Prorations are based on August 2005 rents, common area maintenance assessments and other charges previously paid by Seller in accordance with the applicable Lease. Buyer will be responsible for the payment of such charges that become due and payable for August 26, 2005 and thereafter. Prorations are as follows:

None

**Total Amount of Buyer's Prorated Share of August Prorations** $0.00



4. **Title Premiums and Expenses**. Title insurance fees and costs, including title examination fees and title insurance premiums, are as follows:

**Store No. 2733**
| | |
|---|---|
| Title Search Fees and Costs | $1,750.00 |
| Title Premium | $0.00 |
| Title Insurance Cancellation Fees | $0.00 |
| **Total Amount of Title Fees and Expenses** | **$1,750.00** |

5. **Utility Deposits and Charges**. All utility deposits will be returned to Seller directly by the respective utility companies. Seller will be responsible for payment of any portion of any utility charges attributable to utility service (including telephone service) provided through and including the date hereof. Buyer will be responsible for payment of any new utility deposits which may be assessed by the respective utility companies and for payment of any portion of such utility charges attributable to utility service provided subsequent to the date hereof. The party responsible for each share of such utility charges will pay such charges promptly and without demand therefor. Each party agrees to indemnify and hold harmless the other party from and against liability for payment of the first party's share of such utility charges.

6. **Adjustments**. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in the Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

7. **Inventory Purchase Price and Adjustments**. To the extent Buyer has acquired inventory pursuant to the Purchase Agreement, the Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in the Purchase Agreement and is set forth in a separate Inventory Closing Statement between Seller and Buyer dated as of even date herewith. Seller and Buyer acknowledge and agree that if any dispute should arise as to the Inventory Price with respect to any item or items of Inventory, Seller and Buyer will resolve the dispute in accordance with the terms and provisions of the Purchase Agreement.

8. **Inventory Service Fees**. Seller and Buyer acknowledge and agree that Buyer will be responsible for payment of the fees and costs of the inventory services company that conducts the Inventory Count, as such term is defined in the Purchase Agreement, upon receipt of the final invoices. Seller may pay the inventory service fee outside of closing, and Buyer will reimburse Seller for such costs. In the event the final invoices for such inventory charges are not available at the time of closing, the inventory service fee will be estimated at $2000 per store. Upon receipt of final invoices for such services, if the inventory service cost differs by more than 10% from the estimated amount, then Buyer and Seller will reconcile such difference by payment to, or reimbursement from, Seller to account for the difference.

9. **Capitalized Terms**. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.



10. <u>Cure Costs</u>. Seller has agreed to disburse to the landlord of the Property the amount of $23,126.07, which constitutes undisputed cure costs payable to the landlord. The amount of $21,861.13 (the "Cure Costs Escrow") shall be held in escrow by Escrow Agent until such time as the amount of disputed cure costs payable to the landlord has finally been resolved either by written agreement by Seller, Buyer and the landlord or by order of the Bankruptcy Court. Cure Costs are subject to final court approval. At such time as the dispute cure costs have been so resolved, the parties agree that Escrow Agent shall promptly disburse to the landlord from the Cure Cost Escrow the amount of such cure costs as so finally determined and shall disburse to the landlord from the Cure Cost Escrow the amount of such cure costs as so finally determined and shall disburse to Seller any remaining portions of Cure Cost Escrow.

The undersigned parties acknowledge and agree to this Closing Statement as of this ___ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

Winn-Dixie Raleigh, Inc.,
a Florida corporation

**BUYER:**

Wayfield Foods, Inc.,
a Georgia corporation

By:_____
Name: Bennett L. Nussbaum
Title: VICE PRESIDENT

By:_____
Name:_____
Title:_____

Reviewed By
XRoads
Date:_____

LEGAL APPROVED
ATTY: CBZ
DATE: 8/24/05



10. <u>Cure Costs</u>. Seller has agreed to disburse to the landlord of the Property the amount of $23,126.07, which constitutes undisputed cure costs payable to the landlord. The amount of $21,861.13 (the "Cure Costs Escrow") shall be held in escrow by Escrow Agent until such time as the amount of disputed cure costs payable to the landlord has finally been resolved either by written agreement by Seller, Buyer and the landlord or by order of the Bankruptcy Court. Cure Costs are subject to final court approval. At such time as the dispute cure costs have been so resolved, the parties agree that Escrow Agent shall promptly disburse to the landlord from the Cure Cost Escrow the amount of such cure costs as so finally determined and shall disburse to the landlord from the Cure Cost Escrow the amount of such cure costs as so finally determined and shall disburse to Seller any remaining portions of Cure Cost Escrow.

The undersigned parties acknowledge and agree to this Closing Statement as of this ___ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

**Winn-Dixie Raleigh, Inc.,**
a Florida corporation

By:_____
Name:_____
Title_____

**BUYER:**

**Wayfield Foods, Inc.,**
a Georgia corporation

By: _[signature]_
Name: RONALD B EDENFIELD
Title: PRESIDENT

## INVENTORY CLOSING STATEMENT

**SELLER:** Winn-Dixie Raleigh, Inc., a Florida corporation

**BUYER:** Wayfield Foods, Inc., a Georgia corporation

**TRANSACTION:** Acquisition of Leasehold Interest in Store 2733, 3435 Roosevelt Highway, Red Oak, Georgia

**BASE PURCHASE PRICE:** Under Separate Closing Statement

**INVENTORY PRICE (2):** $180,035.88

**CLOSING DATE:** August 26, 2005

---

### SELLER'S STATEMENT

| | |
|---|---:|
| Inventory Price | $180,035.88 |
| **TOTAL AMOUNT DUE TO/FROM SELLER:** | **$180,035.88** |

### BUYER'S STATEMENT

| | | |
|---|---:|---:|
| Inventory Price | | $180,035.88 |
| Less: | | |
|     Inventory Deposit Applied to Inventory Price | ($230,733.00) | |
| Plus Closing Costs to be Paid by Buyer: | | |
|     Total Buyer's Inventory Closing Costs: | | $0.00 |
| **AMOUNT DUE TO/FROM BUYER** | | **($50,697.12)** |
| **INVENTORY DEPOSIT AMOUNT** | | **$230,733.00** |


## INVENTORY CLOSING STATEMENT

**SELLER:** Winn-Dixie Raleigh, Inc., a Florida corporation

**BUYER:** Wayfield Foods, Inc., a Georgia corporation

**TRANSACTION:** Acquisition of Leasehold Interest in Store 2733, 3435 Roosevelt Highway, Red Oak, Georgia

**BASE PURCHASE PRICE:** Under Separate Closing Statement

**INVENTORY PRICE (2):** $180,035.88

**CLOSING DATE:** August 26, 2005

---

### SELLER'S STATEMENT

| | |
|---|---:|
| Inventory Price | $180,035.88 |
| **TOTAL AMOUNT DUE TO/FROM SELLER:** | **$180,035.88** |

### BUYER'S STATEMENT

| | | |
|---|---:|---:|
| Inventory Price | | $180,035.88 |
| Less: | | |
|    Inventory Deposit Applied to Inventory Price | ($230,733.00) | |
| Plus Closing Costs to be Paid by Buyer: | | |
|    Total Buyer's Inventory Closing Costs: | | $0.00 |
| **AMOUNT DUE TO/FROM BUYER** | | **($50,697.12)** |
| **INVENTORY DEPOSIT AMOUNT** | | **$230,733.00** |



The undersigned parties acknowledge and agree to the foregoing Inventory Closing Statement as of this _____ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

| SELLER: | BUYER: |
|---|---|
| **Winn-Dixie Raleigh, Inc.,** a Florida corporation | **Wayfield Foods, Inc.,** a Georgia corporation |

By: /s/ Bennett L. Nussbaum
Name: Bennett L. Nussbaum
Title: VICE PRESIDENT

By: _____
Name: _____
Title: _____

**Notes:**

1. <u>Adjustments</u>. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Inventory Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in this Inventory Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

2. <u>Inventory Price Adjustments</u>. The Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in that certain Asset Purchase Agreement among Seller and Buyer, dated effective as of June 30, 2005 (as amended, the "Purchase Agreement"), and shall be payable in accordance with the Purchase Agreement. Seller and Buyer agree that any disputes shall be resolved as set forth in the Purchase Agreement. In the event of any such dispute, upon the resolution thereof, the balance of the Inventory Price, if any, shall be paid by Escrow Agent to Seller within five (5) Business Days of such resolution as set forth in the Purchase Agreement, and any excess payment held by Escrow Agent shall be refunded to Buyer within such five (5) Business Day period. To the extent that the Inventory Price is in excess of the amount stated herein, Buyer shall pay over to Seller the amount of such excess within such five (5) Business Day period.

3. <u>Capitalized Terms</u>. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

Reviewed By
/s/
XRoads
Date: _____

LEGAL APPROVED
ATTY: /s/
DATE: _____

The undersigned parties acknowledge and agree to the foregoing Inventory Closing Statement as of this _____ day of August, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

**Winn-Dixie Raleigh, Inc.,**
a Florida corporation

By:_____
Name:_____
Title:_____

**BUYER:**

**Wayfield Foods, Inc.,**
a Georgia corporation

By: *[signature]*
Name: RONALD B EDENFIELD
Title: PRESIDENT

**Notes:**

1. <u>Adjustments</u>. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Inventory Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in this Inventory Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

2. <u>Inventory Price Adjustments</u>. The Inventory Price has been determined in good faith by the parties in accordance with the provisions set forth in that certain Asset Purchase Agreement among Seller and Buyer, dated effective as of June 30, 2005 (as amended, the "Purchase Agreement"), and shall be payable in accordance with the Purchase Agreement. Seller and Buyer agree that any disputes shall be resolved as set forth in the Purchase Agreement. In the event of any such dispute, upon the resolution thereof, the balance of the Inventory Price, if any, shall be paid by Escrow Agent to Seller within five (5) Business Days of such resolution as set forth in the Purchase Agreement, and any excess payment held by Escrow Agent shall be refunded to Buyer within such five (5) Business Day period. To the extent that the Inventory Price is in excess of the amount stated herein, Buyer shall pay over to Seller the amount of such excess within such five (5) Business Day period.

3. <u>Capitalized Terms</u>. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

## DISBURSEMENT SCHEDULE

DISBURSEMENTS:

| | |
|---|---:|
| Winn-Dixie Raleigh, Inc. (Seller's Proceeds) | $180,035.88 |
| Wayfield Foods, Inc. (Buyer's Proceeds) | $50,697.12 |
| **TOTAL DISBURSEMENTS** | **$230,733.00** |
| **BALANCE OF INVENTORY PRICE HELD IN ESCROW BY TITLE AGENT PENDING DISPUTE RESOLUTION:** | **$0.00** |

