UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**LIMITED OBJECTION OF THC, LLC TO DEBTORS'
NOTICE OF INTENT TO ABANDON FURNITURE,
FIXTURES AND EQUIPMENT**

THC, LLC ("THC"), a lessor of certain nonresidential real property in the above-captioned bankruptcy case, by its undersigned counsel, hereby objects (the "Limited Objection") to the Debtors' Notice (the "Notice") of Intent to Abandon Furniture, Fixtures and Equipment ("FF&E"), and in support thereof, respectfully states as follows:

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157, and venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

2.  On February 21, 2005, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. By Order dated April 13, 2005, these jointly administered bankruptcy cases were transferred to this Court.

3.  THC, as lessor, leases certain nonresidential real property located in Greenville, Alabama to the Debtors, as lessees, which the Debtors have identified as Targeted Store No. 519 (the "Greenville Lease").[1]

---

[1] The Debtors have issued a notice that the Greenville Lease will be rejected. Heritage believes that the Debtors issued the rejection notice on or about September 14 or September 15, 2005. Pursuant to the Court's Order entered on September 8, 2005 [Docket No. 3405] (the "Rejection Procedure Order"), such rejection will become

792707.1

4. Through the Notice, the Debtors seek, amongst other things, to abandon any FF&E located on the premises leased pursuant to the Greenville Lease that the Debtors are not able to sell through certain going out of business sales.

5. Pursuant to the Greenville Lease, the Debtors are obligated, among other things, to leave the leased premises in as good and tenantable condition as when the Debtors took possession and the Debtors are responsible for the cost of repair for installing or removing fixtures.

6. Pursuant to 11 U.S.C. § 365(d)(3), the Debtors are required to timely perform **all** obligations under the Greenville Lease from and after the order for relief until the Greenville Lease has been assumed or rejected.

7. Courts have consistently held that section 365(d)(3) requires debtors to perform all lease obligations. *See Cukierman v. Uecker (in re Cukierman)*, 265 F.3d 846, 851 (9th Cir. 2001) (stating that section 365(d)(3) includes "all obligations contained in a bargained-for agreement"); *Full House Foods, Inc. v. 33rd Street Enters. (In re Full House Foods, Inc.)*, 279 B.R. 71, 79 (Bankr. S.D.N.Y. 2002) ("The statute does not distinguish between rent and other lease obligations.").

8. Furthermore, paragraph 4 of the Rejection Procedure Order states:

> On or before the Rejection Date, the Debtors must vacate any such Targeted Store in the condition required by the applicable lease (the "Closed Store"), provided, however, that the failure to leave the Store in the condition required by the applicable lease shall not give rise to contempt of court and provided further that this Order is without prejudice to any party's right to dispute the validity and priority of any claim allegedly arising from any such failure. (footnote omitted)

---

effective on the later of: (a) the tenth calendar day following service of the rejection notice; and (b) the date that the Debtors (i) vacate and surrender possession of the premises and delivered possession of all keys in the Debtors' possession to the relevant landlord.  As such, the Greenville Lease has not been rejected as of the filing of this Limited Objection.

792707.1                                                                                        2

9. Therefore, THC objects to the Notice to the extent that the Debtors intend to abandon any FF&E at the premises leased pursuant to the Greenville Lease and to the extent of any damage caused by the installation or removal of any FF&E or otherwise.

10. THC reserves all of its rights to seek payment of any damages resulting from the abandonment of any FF&E or other property damage caused by installation or removal of any FF&E as administrative expenses pursuant to section 365 and/or 503 of the Bankruptcy Code.

11. THC further objects to the Notice to the extent that it creates any potential obligation requiring THC to remove, store, maintain or otherwise safe-keep any FF&E or other property, including but not limited to all property in which third parties may have an interest, which the Debtors' abandon in or on the real property subject to the Greenville Lease.

WHEREFORE, THC respectfully requests that this Court enter an order (a) requiring the Debtors to meet all of their obligations under the Greenville Lease; (b) stating that THC has no obligation to remove, store, maintain or otherwise safe-keep any FF&E or other property left on the property subject to the Greenville Lease; (c) preserving any claims THC may have; and (d) granting such other and further relief as this Court deems just.

Dated: September 23, 2005

/s/ Christie Lyman Dowling
Christie Lyman Dowling
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Ste. 2600
Birmingham, AL 35203
Tel: (205) 251-8100
Fax: (205) 226-8799
cdowling@balch.com

*Attorney for THC, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served upon Cynthia C. Jackson, Esq., counsel for the Debtors, via facsimile at (904) 359-7708 on the 23rd day of September, 2005.

                                                        /s/ Christie Lyman Dowling