**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 05-03817-3Fl |
| | § | |
| **WINN-DIXIE STORES, INC.,** *et al.*, | § | |
| | § | |
| | § | **CHAPTER 11** |
| DEBTORS. | § | |

**XEROX CAPITAL SERVICES, L.L.C.' S MOTION FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES**

Xerox Capital Services, L.L.C. ("Xerox") moves, pursuant to 11 U.S.C. § 365(d)(10) and 503(b), for allowance and payment of administrative expenses, and respectfully states as follows:

**I.**

**JURISDICTION**

Under 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over Xerox's Motion For Allowance and Payment of Administrative Expenses (the "Motion") and the relief requested herein. Pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), this motion presents a core proceeding. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.**

**BACKGROUND**

1. On February 21, 2005, (the "Petition Date"), Winn-Dixie Stores, Inc., et. al. (collectively the "Debtors"), filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code to commence this case. Since then, the Debtors have continued to operate their businesses as Debtors-In-Possession pursuant to 11 U.S.C. § 1107. No Trustee or Examiner has been appointed in this case.

2.       Xerox is a lessor of Xerox copiers, printers, and related equipment and services. Prior to the Petition Date, the Debtor entered into certain lease agreements with Xerox (the "Xerox Lease Agreements").[1]

3.       Under the Xerox Lease Agreements, Xerox was the Lessor of certain personal property, consisting of copiers, printers, and related items (with associated maintenance agreements), all of which were held and used by the Debtors both pre-petition and post-petition (collectively the "Products"). Xerox seeks an administrative expense claim for the Debtors' post-petition use of the Products under the Xerox Lease Agreements and for related services provided by Xerox in connection with the Products.

4.       From the inception of the Xerox Lease Agreements through the Petition Date, the Debtors possessed and used the Products in the operation of their businesses. As of the date of this Motion, the Debtor has not paid Xerox all amounts due and owing under the Xerox Lease Agreements for the Debtors' post-petition possession and use of the Products.

5.       The Debtors have incurred unpaid post-petition lease obligations of $307,913.15. As a result, Xerox is entitled to an administrative expense claim in the amount of $307,913.15. A true and correct copy of a spreadsheet reflecting the post-petition amounts due and owing to Xerox and the specific invoices corresponding to such amounts are attached hereto as Exhibit "A."

---

[1] Because of the volume of documentation, Xerox has not attached the specific leases to the Motion. Any party-in-interest may request copies of the Xerox Lease Agreements by contacting the undersigned counsel for Xerox.

### III.

### RELIEF REQUESTED

7. By this request, Xerox respectfully requests that the Court enter an Order that allows and requires immediate payment of its claim for post-petition amounts due and owing to Xerox (the "Administrative Claim") in the amount of $307,913.15 as an administrative expense claim pursuant to U.S.C. §§ 507(a)(1), 503(b)(1)(A), and 365(d)(10).

### IV.

### BASIS FOR RELIEF

8. Section 503(b) of the Bankruptcy Code requires the payment of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1). The Debtors' post-petition use of the Products (and related services) under the Xerox Lease Agreements inured to the bankruptcy estate's benefit by allowing the Debtors to continue operating their businesses and generating revenue from the operation thereof. Accordingly, 11 U.S.C. § 503(b)(1) provides an independent basis for the relief sought herein by Xerox. *See e.g*. *In re Thompson*, 788 Fed.2d 560, 562 (9th Cir. 1986) (where Trustee uses leased property, the rent incurred clearly is an allowable administrative expense). This administrative expense claim is entitled to first priority. 11 U.S.C. § 507(a)(1).

9. Further, the Debtors are required to timely perform all their obligations under the Xerox Lease Agreements from and after the sixtieth (60th) day from the petition date until the leases have been rejected. 11 U.S.C.§ 365(d)(10); *In re Raymond Cossette Trucking,* 231 B.R. 890, 84 (Bankr. D. N.D. 1999) (§ 365(d)(10) creates an automatic right for lessors of personal property to rents); *In re Tel-Central Communications, Inc.*, 212 B.R. 342, 346 (Bankr. W.D. Mo. 1997) (same); *In re Elder-Beerman Stores Corp.,* 201 B.R. 759, 763 (Bankr. S.D. Ohio 1996)

(same); *In re Leisure Times Sports, Inc.,* 189 B.R. 511, 513 (Bankr. S.D. Cal. 195) (§ 365(d)(10) is a "clear Congressional mandate that commercial lessors be given special protection"). This includes the obligation to make the payments due under the Xerox Lease Agreements. Accordingly, § 365(d)(10) provides an additional basis for allowance of Xerox's administrative expense claim

10. Under 11 U.S.C. §§ 503(b)(1) and 365(d)(10), Xerox is entitled to the allowance and immediate payment (as an administrative expense) of the $307,913.15 in unpaid obligations that accrued in connection with the Xerox Lease Agreements from the petition date to the date of this Motion.

## V.

## CONCLUSION

WHEREFORE, Xerox Capital Services, L.L.C. requests that the Court allow Xerox's administrative expense claim in the amount of $307,913.15, order the Debtors to pay Xerox the $307,913.15 administrative claim within ten (10) days of the entry of the Court's Order, and grant Xerox such other and further relief to which it may be justly entitled.

Dated: September 26, 2005.

Respectfully submitted,

**HUGHES & LUCE, L.L.P.**

By: /s/ Sabrina L. Streusand
Sabrina L. Streusand
Texas State Bar No. 11701700
111 Congress Avenue, Suite 900
Austin, Texas 78701
(512) 482-6842 (Direct Telephone)
(512) 482-6859 (Telecopier)
sabrina.streusand@hughesluce.com

-and-

**FOLEY & LARDNER**

/s/ Lori V. Vaughan
Lori V. Vaughan
Florida State Bar No. 154921
100 North Tampa Street, Suite 2700
Tampa, Florida 33602
(813) 229-2300 (Telephone)
(813) 221-4210 (Telecopier)
lvaughan@foley.com

ATTORNEYS FOR XEROX CAPITAL
SERVICES, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing instrument was served on the 27th day of Sept 2005 via electronic means where permitted or by U.S. Mail, postage prepaid, on the following:

| | |
|---|---|
| D. J. Baker<br>Sally McDonald Henry<br>Rosalie Walker Gray<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036-6522<br>(212) 735-3000 | Attorneys for Debtor |
| Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>(904) 359-7700 | |
| United States Trustee – JAX<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801<br>(407) 648-6301 | U.S. Trustee |
| Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>(212) 530-5000<br>(212) 530- 5219 Facsimile | Unsecured Creditors Committee |

**John B. Macdonald**
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202
(904) 798-3700
(904) 798-3730 Facsimile

and to the parties on the attached matrix.

/s/ *Lori V. Vaughan*
Lori V. Vaughan