# ALTERNATIVE
## ELECTRICAL SERVICES INC.

September 21, 2005

RECEIVED
CLERK, U.S. BANKRUPTCY COURT
SEP 2 6 2005
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

United States Bankruptcy Court
Middle District of Florida-Jacksonville Division
300 N Hogan Street, Suite 3-350
Jacksonville Florida 32202

RE:     Winn-Dixie Stores, Inc
         Case No.: 05-03817-3F1

We are in receipt of the attached notice of transfer and would like to dispute the transfer due to the following. On April 14, 2005 Alternative Electrical returned the completed assignment of claim form to Liquidity Solutions, Inc. On May 10, 2005 Liquidity Solutions returned to information to us stating they had rescinded their indication of interest in purchasing our claim. Copies of all backup information is attached, please review and advise of the status of this claim and transfer notice.

If additional information is required please contact our office at 502/962-2448.

Sincerely,

Alternative Electrical Services, Inc

_____
Thomas R Roberts
President

enclosures

Michell [handwritten annotation]

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA - JACKSONVILLE DIVISION

In re: WINN-DIXIE STORES, INC., ET AL.

Case No.: 05-03817-3F1
Docket No.: 3287

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

ALTERNATIVE ELECTRICAL SERVICES INC
Name of Transferor

LIQUIDITY SOLUTIONS, INC
Name of Transferee

ALTERNATIVE ELECTRICAL SERVICES INC
ATTN THOMAS ROBERTS, PRES
PO BOX 58479
LOUISVILLE, KY 40268-0479

LIQUIDITY SOLUTIONS, INC
DBA REVENUE MANAGEMENT
ATTN JEFFREY CARESS
ONE UNIVERSITY PLAZA STE 312
HACKENSACK NJ 07601

Phone: 502 962 2448
Account No.: 242082

Phone: 2019680001
Account No.: 399393

Claim No.: 1839
Date Claim Filed: 05/17/2005

Full Transfer: (X)    Partial Transfer:
Transfer Amount: $1,354.90

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

*Penalty for making a false statement:* fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**DEADLINE TO OBJECT TO TRANSFER**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: 09/02/2005

/s/ Logan & Company, Inc.
Logan & Company, Inc., as Agent

If you have any questions regarding this notice, you may contact Logan & Company, Inc., Claims and Noticing Agent for the debtors at telephone: (973) 509-3190, fax number (973) 509-3191.

FOR CLAIMS AGENT USE ONLY:

This notice was mailed to the above named parties via first class mail, postage prepaid, on September 2, 2005.

# LIQUIDITY SOLUTIONS, INC.
One University Plaza, Suite 312
Hackensack, NJ 07601

Telephone: (201) 968-0001                                      Fax: (201) 968-0010

May 10, 2005

Re: Winn Dixie Stores, Inc.

Dear Creditor:

Please be advised that Liquidity Solutions, Inc. hereby rescinds its indication of interest in purchasing your claim. For your convenience enclosed are your original documents. If you have any questions, please contact the undersigned.

Sincerely,

Robert K. Minkoff

## ASSIGNMENT OF CLAIM

ALTERNATIVE ELECTRICAL SERVICES INC, having offices at **PO BOX 58479, LOUISVILLE, KY 40268** in consideration of the sum $ 338.73 (25% of your claim amount) ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc., as agent ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601 all of the Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against WINN DIXIE STORES, INC., et al., Debtors in the bankruptcy case (the "Proceedings"), in the United States Bankruptcy Court for the Southern Distict of New York (the "Court"), Case No. 05-11063 (the "Debtor") in the currently outstanding amount of not less than $ 1354.90 (your claim amount) and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below and the Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that [check one of the following]:
[   ] A Proof of claim has not been filed
[ ✓ ] A Proof of claim in the amount of $ 1354.90 has been duly and timely filed in the Proceedings (a true copy of such Proof of Claim is attached to this Assignment).

Assignor further represents and warrants that the amount of the Claim is not less than $ 1354.90 (your claim amount) that the amount is a valid claim and that no objection to the Claim exists. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor represents that it is solvent and has no other relationship to the Debtor or its principals other than a creditor. Assignor is not an insider within the meaning of 11 U.S.C. Section 101 (31) and is not, and has not been, a member of any creditors' committee appointed in the Proceedings. All terms of this agreement will be kept confidential.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, in whole or in part, together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of this assignment through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such disallowance or Assignor's objection to the transfer of this Claim. IN THE EVENT ASSIGNOR HAS ASSIGNED OR ASSIGNS OR PLEDGES THIS CLAIM TO ANY THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN.

In the event the Claim is ultimately allowed in amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, at Assignee's option only, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any objection, claim, cause of action or offset by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim assigned herein to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this assignment of the Claim shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.


647198

Assignor hereby acknowledges that Assignee may at any time reassign, the Claim together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations and warranties made herein shall survive the execution and delivery of this Assignment of the Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim must be brought in Federal court located in the State of New York or New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of the Claim, and in any action hereunder, Assignor waives any right to demand a trial by jury.

**CONSENT AND WAIVER**

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment of Claim Agreement, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assignee, at its sole option, may subsequently transfer the claim back to the Assignor if due diligence is not satisfactory, in Assignees sole and absolute discretion pursuant Rule 3001 (e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, at such time both Assignor and Assignee release each other of all and any obligation or liability regarding this Assignment. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim Agreement and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this __14th__ day of __April__, 2005

ALTERNATIVE ELECTRICAL SERVICES INC

By: __Rebecca Royal__                    __Rebecca Royal / office Mgr__
    Signature                             Print Name/Title

__5039623448__
Telephone #

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2005

Robert Minkoff
Liquidity Solutions, Inc.
201-968-0001 ext. 115

------------------------------(CUT HERE)------------------------------

**TRANSFER NOTICE**

ALTERNATIVE ELECTRICAL SERVICES INC ("Assignor"), transfers and assigns unto REVENUE MANAGEMENT with an address at One University Plaza, Suite 312, Hackensack, New Jersey 07601, its successors and assigns ("Assignee"), pursuant to the terms of the ASSIGMENT OF CLAIM AGREEMENT Re: WINN DIXIE STORES, INC., et al. (the "Debtor"), between Assignor and Assignee, all of its right, title and interest in and to the Claim of Assignor in the aggregate amount of $_____ (your claim amount) representing all claims against: WINN DIXIE STORES, INC., et al. in the United States Bankruptcy Court, Southern Distict of New York, administered as Case No. 05-11063, subject to the terms of the Assignment Agreement.

IN WITNESS WHEREOF, Assignor has signed below as of the _____ day of _____, 2005

ALTERNATIVE ELECTRICAL SERVICES INC

__Rebecca Royal__
(Signature)

__Rebecca Royal / office Mgr__
(Print Name and Title)

REVENUE MANAGEMENT

_____
(Signature)

_____
(Print Name of Witness)

WINN DIXIE STORES, INC., et al.
ALTERNATIVE ELECTRICAL SERVICES INC

647198

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: _____ Case No. _____
(See List of Names and Case Numbers on Reverse Side)

Your claim is scheduled as follows:

Debtor
Winn-Dixie Logistics, Inc.
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$1,354.90

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

19948677
Creditor Id: WDX-242082-B1-12
ALTERNATIVE ELECTRICAL SERVICES INC
PO BOX 58479
LOUISVILLE, KY 40268-0479

Telephone No. of Creditor: 5029622448
Fax No. of Creditor: 5029622454

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  ☐ additional address

Name: _____
Company/Firm: _____
Address: _____

☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim   ☐ replaces   ☐ amends   a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold to debtor(s)
- ☒ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☐ Personal injury/property damage
- ☐ Other _____
- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☐ Real property lease
- ☐ Personal property lease
- ☐ Other contract _____
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN:_____
  Unpaid compensation for services performed from
  _____ to _____
  (date)     (date)

**2. Date debt was incurred:** 3/11/05

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**
$_____ (unsecured)  $_____ (secured)  $_____ (priority)  $1354.90 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim $_____**
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notices |
|---|---|
| 5/10/05 | Print: Thomas Roberts   Title: President<br>Signature: _____ |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# ALTERNATIVE

## ELECTRICAL SERVICES INC.

Page 1 of 1

Attn: Rick Gelhausen  
Winn Dixie  
720 Locust Lane  
Louisville, KY 40217

Invoice#: 10989  
Invoice Date: 2/11/2005

Job: Warehouse compressor  
Job#: 05-0064

**Work Performed:**  
Labor and material necessary replace breaker feeding compressor in warehouse.

| Item | Description | Qty | Price | | Total |
|---|---|---|---|---|---|
| T100 | 250A breaker 480V JD3250F | 1.00 | 950.00 | E | 950.00 |
| 7585 | Misc nuts, bolts, scrws, wshrs, etc | 1.00 | 19.00 | E | 19.00 |
| | Material Subtotal : | | | | 969.00 |
| | Material Markup @ 10.00%: | | | | 96.90 |
| | Material : | | | | 1,065.90 |
| L100 | Electrician | 8.50 | 34.00 | H | 289.00 |
| | Labor : | | | | 289.00 |
| | Total Due | | | | $1,354.90 |

Terms: 30 Days Net

P.O. Box 58479 • Louisville, KY 40268-0479    Phone (502) 937-3400 • Fax (502) 937-0111