B210
12/04

**FILED**
JACKSONVILLE, FLORIDA
SEP 27 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

# United States Bankruptcy Court
## Middle District of Florida

In re: WINN-DIXIE PROCUREMENT, INC.    Case No. 05-3817

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $271,087.83. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee:<br>SPCP Group, LLC | Name of Transferor:<br>Renaissance Group International, Inc. |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor<br>(Court Use Only) |
| Attn: Brian Jarmain<br>SPCP Group, LLC<br>2 Greenwich Plaza<br>Greenwich, CT 06830<br><br>Phone: 203-542-4032<br>Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above)<br><br><br><br>Last Four Digits of Acct #:_____ | Name and Current Address of Transferor:<br>Attn: Steven Sico<br>Renaissance Group International, Inc.<br>1545 Route 37 W, Suite 9<br>Toms River, NJ 08755<br>Phone: 732-636-2660<br>Last Four Digits of Acct #:_____ |

Court Claim # (if known): 442
Date Claim Filed: 4/4/2005

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/ Brian Jarmain_____    Date:___September 26, 2005_____s
         Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. § § 152 & 371.

### ~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____    _____
                                                                                  CLERK OF THE COURT

EXHIBIT A TO
ASSIGNMENT OF CLAIM

## EVIDENCE OF TRANSFER OF CLAIM

**TO: THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Renaissance Group International, Inc. ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims listed on Debtor's Schedule F in the aggregate amount of $402,093.53 (the "Assigned Claim"), against Winn-Dixie Procurement, Inc, ("Debtor"), the debtor-in-possession in Case No. 05-03838 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim, particularly Proof of Claim No. 442.            ].

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on September 2̲7̲, 2005.

RENNAISSANCE GROUP INTERNATIONAL, INC.

By: /s/ Richard Bergstrom
Name: RICHARD BERGSTROM
Title: PRESIDENT

8

| Form B10 (Official Form 10) (12/03) | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Chapter 11<br>**PROOF OF CLAIM** | DEADLINE FOR FILING PROOFS OF CLAIM HAS NOT YET BEEN SET |
| Name of Debtor Against Which You Assert Your Claim<br>**Winn-Dixie Stores, Inc.**<br>(See List of Names on Reverse Side) | Case Number<br>**05-11063**<br>(See List on Reverse Side) | DEBTOR WINN - DIXIE STORES, INC<br>US BANKRUPTCY COURT SDNY<br>CASE 05-11063 (RDD)<br>CHAPTER 11<br>**CLAIM NO.: 442** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U S C §503

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property)

399292

Renaissance Group International Inc.
1545 Route 37 W, Suite 9
Toms River, NJ  08755

Telephone No of Creditor: 732-914-2212
Fax No of Creditor: 732-783-0235

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details
☐ Check this box if you have never received any notices in this case

Schedules of Assets and Liabilities not yet filed

B. Name and address of person to whom notices must be served, if different from above
(Check box if) ☐ replaces address above  ☐ additional address

Name _____
Company/Firm _____
Address _____

Account or Other Number by Which Creditor Identifies Debtor
**Vendor #0000827382**

Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated _____

1. Basis for Claim
☒ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS# _____
Unpaid compensation for services performed from _____ to _____
(date)        (date)

2. Date debt was incurred  **November 27, 2004**
3. If claim is based on a Court Judgment, date obtained _____

4. Total Amount of Claim at Time Case Filed
$ **271,087.83** (unsecured)   $ _____ (secured)   $ _____ (priority)   $ **271,087.83** (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

5. Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. Unsecured Nonpriority Claim $ **271,087.83**
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof claim
9. Supporting Documents Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10. Date-Stamped Copy To receive an acknowledgment of the filing of your claim, enclose a stamped, self-address return envelope and copy of this proof of claim

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and receive notice
Print **Richard Bergstrom**  Title **President**
Signature _____

This Space Is For Court Use Only

RECEIVED
APR 4 2005
US BANKRUPTCY COURT
SO DIST OF NEW YORK

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571