**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## NOTICE OF FILING

Pursuant to Rule 6004(f), Federal Rules of Bankruptcy Procedure, Winn-Dixie Stores, Inc. and its subsidiaries and affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), provide notice of the closing and consummation of the assignment and assumption of lease with MD Investment of NC LLC for store number 2002 located in Charlotte, North Carolina. A copy of the closing statement is attached.

Dated: September 29, 2005

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*<br>       D. J. Baker<br>       Sally McDonald Henry<br>       Rosalie Gray | By   *s/ Cynthia C. Jackson*<br>       Stephen D. Busey<br>       James H. Post<br>       Cynthia C. Jackson (FBN 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00509944.DOC

## INDIVIDUAL STORE CLOSING STATEMENT

| | |
|---|---|
| **BUYER:** | MD Investment of NC LLC, a North Carolina limited liability company |
| **SELLER:** | Winn-Dixie Raleigh, Inc., a Florida corporation |
| **ESCROW AGENT and SETTLEMENT AGENT:** | Near North National Title LLC |
| **PROPERTY:** | Store No. 2002, 3122 Eastway Drive, Charlotte, North Carolina |
| **CLOSING DATE:** | September 20, 2005 |

### SELLER'S STATEMENT

**BASE PURCHASE PRICE:**

| | | |
|---|---|---|
| Leasehold: | | $ - |
| FF&E: | | $ - |
| BASE PURCHASE PRICE: | | $250,000.00 |
| SUPPLIES PRICE: | | $0.00 |
| TOTAL BASE PURCHASE PRICE AND SUPPLIES PRICE: | | **$250,000.00** |

**Less Adjustments (Debit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Taxes and Other Charges Payable Under Lease (1) | ($37,360.60) | |
| Buyer's Prorated Share of Rents Paid in Advance Under Sublease (2) | $0.00 | |
| Total Debits to Seller: | ($37,360.60) | |

**Plus Adjustments (Credit):**

| | | |
|---|---|---|
| Seller's Prorated Share of Rents and Other Charges Paid in Advance Under Lease (3) | | $0.00 |
| Buyer's Share of Environmental Assessment Costs | | $2,500.00 |
| Total Credits to Seller: | | $2,500.00 |
| **NET DEBIT/CREDIT TO SELLER** | | ($34,860.60) |

**Less Closing Costs Payable by Seller:**

| | |
|---|---|
| Seller's Attorneys' Fees and Costs | P.O.C. |
| Seller's Brokerage Fees | P.O.C. |
| Cure Costs (See 6-11, Schedule of Disbursements) | $0.00 |
| Transfer Taxes | $0.00 |
| **Total Seller's Closing Costs:** | $0.00 |
| **AMOUNT DUE TO SELLER** | **$215,139.40** |

## BUYER'S STATEMENT

| | | |
|---|---|---|
| **ALLOCATED BASE PURCHASE PRICE:** | $250,000.00 | |
| **SUPPLIES PRICE:** | $0.00 | |
| **TOTAL BASE PURCHASE PRICE AND SUPPLIES PRICE:** | | $250,000.00 |

**Less Adjustments (Credit):**

| | | |
|---|---|---|
| Allocated Amount of Base Deposit | ($50,000.00) | |
| Seller's Prorated Share of Rents and Other Charges Payable Under Lease (1) | ($37,360.60) | |
| Buyer's Prorated Share of Rents Paid in Advance under Sublease (2) | $0.00 | |
| **Total Credits to Buyer:** | ($87,360.60) | |

**Plus Adjustments (Debit):**

| | |
|---|---|
| Seller's Prorated Share of Rents and Other Charges Paid in Advance Under Lease (3) | $0.00 |
| Buyer's Share of Environmental Assessment Costs | $2,500.00 |
| **Total Debits to Buyer:** | $2,500.00 |
| **NET DEBIT/CREDIT TO BUYER** | ($84,860.60) |

**Plus Closing Costs Payable by Buyer:**

| | |
|---|---|
| Buyer's Attorneys' Fees & Costs | P.O.C. |
| Title Insurance Premiums (4) | $0.00 |
| Title Insurance Cancellation Fees (4) | $200.00 |
| Title Examination Fees | $1,825.00 |
| Buyer's Brokerage Fees | $0.00 |
| Closing Escrow Fees | $1,600.00 |
| Recording Fees (estimated) | $750.00 |
| **Total Buyer's Closings Costs:** | **$4,375.00** |
| **AMOUNT DUE FROM BUYER AT CLOSING** | **$169,514.40** |
| **ALLOCATED AMOUNT OF BASE DEPOSIT** | **$50,000.00** |
| **TOTAL AMOUNT DUE FROM ALL SOURCES AT CLOSING** | **$219,514.40** |

## SCHEDULE OF DISBURSEMENTS

| | | |
|---|---|---|
| 1. Allocated Amount of Base Deposit from Escrow Agent | | $50,000.00 |
| 2. Amount Due From Buyer | | $169,514.40 |
| **TOTAL RECEIPTS:** | | **$219,514.40** |
| 1. The Blackstone Group L.P.<br>(Seller's Brokers Fees) | $0.00 | |
| 2. The Food Partners, LLC<br>(Seller's Brokers Fees) | $0.00 | |
| 3. DJM Asset Management, LLC<br>(Seller's Brokers Fees) | P.O.C. | |
| 4. First American Title Insurance Company<br>(Title Premiums, Title Examinations Fees and<br>and Costs) | ($2,025.00) | |
| 5. Near North National Title LLC<br>(Transfer Taxes, Recording and Escrow Fees) | ($2,350.00) | |
| 6. Blaine Lake, LLC<br>(Rent Cure Costs, if any) | $0.00 | |
| 7. Blaine Lake, LLC<br>(Real Estate Tax Cure Costs, if any) | $0.00 | |
| 8. Blaine Lake, LLC<br>(Personal Property Tax Cure Costs, if any) | $0.00 | |



9. Blaine Lake, LLC
   (Insurance Cure Costs, if any)                    $0.00

10. Blaine Lake, LLC
    (CAM Cure Costs, if any)                         $0.00

11. N/A
    (Sublease Cure Costs, if any)                    $0.00

12. Seller
    (Seller's Proceeds)                              ($215,139.40)

**TOTAL DISBURSEMENTS**                              ($219,514.40)

**BALANCE AFTER DISBURSEMENTS:**                                         $0.00

Notes:

1. **2005 Prorations - Amounts Not Yet Paid and Payable.** Tax and Insurance prorations are based on (i) an estimate of 2005 real estate taxes derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease; and (ii) an estimate of 2005 insurance charges derived from actual 2004 amounts paid by Seller in arrears in accordance with the Lease. Buyer will be responsible for the payment of such charges for 2005 and subsequent years. Rent and CAM prorations are based on amounts due under the Lease for September 2005. Buyer will be responsible for September 2005 and thereafter. Prorations are as follows:

**Real Estate Taxes**

Store No. 2002
2005 Real Estate Taxes              $20,915.15
Per Diem Tax Amount                     $57.30
Seller's Share of 2005 Taxes
(1/1/05 - 9/20/05) (262 days)       $15,012.60
**TOTAL REAL ESTATE TAXES**                                 $15,012.60

**Personal Property Taxes**

Store No. 2002
2005 Personal Property Taxes         $4,579.14
Per Diem Tax Amount                     $12.55
Seller's Share of 2005 Taxes
(1/1/05 - 9/20/05) (262 days)        $3,288.10
**TOTAL PERSONAL PROPERTY TAXES**                           $3,288.10

**Insurance**

Store No. 2002
2005 Insurance                       $7,390.00
Per Diem Insurance Amount               $20.25
Seller's Share of 2005 Insurance
(1/1/05 - 9/20/05) (262 days)        $5,305.50
**TOTAL INSURANCE**                                         $5,305.50

**RENT**

Store No. 2002



| | | |
|---|---|---|
| Total September 2005 Rent | $17,683.58 | |
| Per Diem Rent | $589.45 | |
| Seller's Prorated Share | | |
| (9/1/05-9/20/05) (20 days) | $11,789.00 | $11,789.00 |

**CAM**

**Store No. 2002**
| | | |
|---|---|---|
| Total September 2005 CAM | $2,948.00 | |
| Per Diem CAM | $98.27 | |
| Seller's Prorated Share | | |
| (9/1/05-9/20/05) (20 days) | $1,965.40 | $1,965.40 |

**Total Amount of Seller's Prorated Share of 2005 Prorations:** $37,360.60

2. <u>September 2005 Sublease Prorations - Amounts Previously Received by Seller</u>. Prorations are based on September 2005 rents previously paid to Seller in accordance with the applicable Sublease. Buyer will be responsible for the collection of such charges that become due and payable for October 2005 and thereafter. Prorations are as follows:

**Store No. 2002**
| | |
|---|---|
| Total September 2005 Rent Paid | $0.00 |
| Per Diem Rent | $0.00 |
| Buyer's Prorated Share | |
| (9/20/05-9/30/05) (10 days) | $0.00 |

**Total Amount of Buyer's Prorated Share of Sublease Prorations:** $0.00

3. <u>September 2005 Prorations - Amounts Previously Paid by Seller</u>. Prorations are based on September 2005 rents, common area maintenance assessments and other charges previously paid by Seller in accordance with the applicable Lease. Buyer will be responsible for the payment of such charges that become due and payable for September 20, 2005 and thereafter. Prorations are as follows:

None

**Total Amount of Buyer's Prorated Share of September Prorations** $0.00

4. <u>Title Premiums and Expenses</u>. Title insurance fees and costs, including title examination fees and title insurance premiums, are as follows:

**Store No. 2002**
| | |
|---|---|
| Title Search Fees and Costs | $1,825.00 |
| Title Premium | $0.00 |
| Title Insurance Cancellation Fees | $200.00 |
| **Total Amount of Title Fees and Expenses** | **$2,025.00** |



5. **Utility Deposits and Charges**. All utility deposits will be returned to Seller directly by the respective utility companies. Seller will be responsible for payment of any portion of any utility charges attributable to utility service (including telephone service) provided through and including the date hereof. Buyer will be responsible for payment of any new utility deposits which may be assessed by the respective utility companies and for payment of any portion of such utility charges attributable to utility service provided subsequent to the date hereof. The party responsible for each share of such utility charges will pay such charges promptly and without demand therefor. Each party agrees to indemnify and hold harmless the other party from and against liability for payment of the first party's share of such utility charges.

6. **Adjustments**. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in the Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

7. **Capitalized Terms**. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

The undersigned parties acknowledge and agree to this Closing Statement as of this 20th day of September, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

Winn-Dixie Raleigh, Inc.,
a Florida corporation

By: _(signed)_
Name: LAURENCE B. APPEL
Title: VICE PRESIDENT

**BUYER:**

MD Investment of NC LLC,
a North Carolina limited liability company

By: _____
Name: _____
Title: _____

Reviewed By
_SA_
XRoads
Date: 9/20/05

LEGAL APPROVED
ATTY: _CB_
DATE: 9/20/05



6

2002 (MD Investment)

5. <u>Utility Deposits and Charges</u>. All utility deposits will be returned to Seller directly by the respective utility companies. Seller will be responsible for payment of any portion of any utility charges attributable to utility service (including telephone service) provided through and including the date hereof. Buyer will be responsible for payment of any new utility deposits which may be assessed by the respective utility companies and for payment of any portion of such utility charges attributable to utility service provided subsequent to the date hereof. The party responsible for each share of such utility charges will pay such charges promptly and without demand therefor. Each party agrees to indemnify and hold harmless the other party from and against liability for payment of the first party's share of such utility charges.

6. <u>Adjustments</u>. Seller and Buyer acknowledge and agree that any amounts not determinable as of the Closing Date or reflected on this Closing Statement will be taken into account at the Closing based on good faith estimates with the actual amount to be calculated by Seller and Buyer as soon as practicable after the actual amounts are determinable with an appropriate adjustment to be paid by the appropriate party promptly after determination. Seller and Buyer also acknowledge and agree to execute any documents necessary to correct any errors or omissions in the Closing Statement with an appropriate adjustment to be paid by the appropriate party promptly after determination. Buyer agrees that it will timely make all required notifications to appropriate taxing authorities to effect the change in party responsible for taxes.

7. <u>Capitalized Terms</u>. Capitalized terms used herein will have the meanings ascribed to them in the Purchase Agreement.

The undersigned parties acknowledge and agree to this Closing Statement as of this 20th day of September, 2005, and hereby authorize Near North National Title LLC, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER:**

**Winn-Dixie Raleigh, Inc.,**
a Florida corporation

By:_____
Name:_____
Title_____

**BUYER:**

**MD Investment of NC LLC,**
a North Carolina limited liability company

By: _/s/_____
Name: Vinh Ley
Title: President