UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | * |
| | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., * | |
| | Chapter 11 |
| Debtors * | |
| | Jointly Administered |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### OBJECTION OF ALLIED CAPITAL CORPORATION, CWCAPITAL ASSET MANAGEMENT LLC, CRIIMI MAE SERVICES LIMITED PARTNERSHIP AND ORIX CAPITAL MARKETS, LLC[1] TO THE DEBTORS' NOTICE OF INTENT TO ABANDON FURNITURE, FIXTURES AND EQUIPMENT

Allied Capital Corporation ("Allied"), in its capacity as the holder of the mortgages on five properties leased to the Debtors, and CWCapital Asset Management LLC ("CWCapital"), CRIIMI MAE Services Limited Partnership ("CMSLP") and ORIX Capital Markets, LLC ("ORIX"), in their capacities as servicers, special servicers and/or landlords of over one hundred (100) properties leased to the Debtors (collectively, the "Winn-Dixie Stores"), by and through their undersigned counsel, file this objection to the Debtors' Notice of Intent to Abandon Furniture, Fixtures and Equipment (the "Notice") filed by Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), and in support thereof state as follows:

---

[1] CWCapital Asset Management LLC, CRIIMI MAE Services Limited Partnership and ORIX Capital Markets, LLC are not acting in their individual capacities, but rather they are acting solely in their capacity as loan servicers.

## BACKGROUND

On or about February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their affairs as debtors-in-possession. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors operated more than 900 stores in the United States, with virtually all of the Debtors' store locations being leased rather than owned.

With respect to the Winn-Dixie Stores, a substantial percentage of landlords (the "Landlords") financed their shopping centers through secured loans (the "Loans") that were pooled into trusts, the beneficial ownership of which is evidenced by various classes of commercial mortgage pass-through certificates (the "Trusts"). Allied, CWCaptial, CMSLP and ORIX (collectively, the "Servicers") are the servicers for the various Loans.

In connection with obtaining the Loans, the Landlords executed a form of mortgage or deed of trust, promissory note, and assignment of leases and rents (collectively, the "Loan Documents"). Pursuant to the terms of the Loan Documents, the Trusts hold liens on all rights, title and interest in and to the Winn-Dixie Stores, including but not limited to all buildings, structures, improvements and tenements thereon, all easements, rights-of-way, appurtenances, leases, rents, issues, proceeds, profits, and all fixtures, machinery, motors, elevators, radiators,

and all plumbing, heating, lighting ventilating, refrigerating, air conditioning and sprinkler equipment, and other interests as set forth in the mortgage (collectively, the "Collateral Property").

## THE PROPOSED ABANDONMENT

In June of 2005, the Debtors announced that they would be closing over three hundred stores as part of a Strategic Plan. In furtherance of that plan, the Debtors filed a motion seeking authority to sell existing inventory, equipment and supplies (collectively, the "Merchandise") and the furniture, fixtures and equipment (collectively, the "FF&E") from as many as 326 stores located in eight different states (collectively, the "Target Stores"). Of the remaining Target Stores, at least eighteen (18) are leased (the "Leases")[2] from Landlords who have granted the Trusts liens and security interests on the stores.[3]

The Debtors have filed the instant Notice seeking Court approval to abandon to the Landlords an unidentified amount of "furniture, fixtures, equipment and related assets the Debtors are unable to sell" from the Target Stores pursuant to 11 U.S.C. § 554(a). In addition, upon information and belief, the Debtors and/or their agents have sent the Landlords a notice of their intention to vacate the stores and abandon the FF&E. A copy of one such notice is attached hereto as Exhibit C. As part of that notice procedure, the Debtors have asked the landlords to execute a Vacate Notice & Agreement which states, "all unsold fixtures, furniture and

---

[2] A representative copy of one of the Leases for the Winn-Dixie Stores is attached hereto as Exhibit A.

[3] A list of the eighteen Target Stores that are included in the Trusts is attached hereto as Exhibit B.

equipment shall remain in the store or affixed to the building . . . [and] landlord acknowledges and agrees that Hilco/GB Joint Venture and Winn-Dixie Stores, Inc. shall not be liable for removal of store fixtures that remain at the store location after the sale has concluded." Exhibit C, Vacate Notice & Agreement.

## THE LANDLORDS SHOULD NOT BEAR THE COSTS OF DISPOSING OF THE DEBTORS' PROPERTY

The Servicers object to the Debtors' proposed abandonment of FF&E or other items at the Target Stores because the Landlords should not be made to bear the costs of removing and disposing of the Debtors' property. The Leases provide, in relevant part, that upon termination of the lease:

> Tenant shall remove from the Land and Improvements on or prior to such expiration or earlier termination all property situated thereon which is owned by Tenant or third parties other than Landlord, and Tenant at its expense shall, on or prior to such expiration or earlier termination, repair any damage caused by such removal. Property not so removed at the end of the Term or within 30 days after the earlier termination of the term for any reason whatsoever shall become the property of Landlord, and Landlord may thereafter cause such property to be removed from the Leased Premises. The cost of removing and disposing of such property and repairing any damage to the Leased Premises caused by such removal shall be borne by Tenant.

Exhibit A, Lease at ¶ 25. Thus, upon the termination of the Leases, the Debtors are contractually obligated to remove all items owned by the Debtors or third parties from the stores or, alternatively, compensate the Landlords for the costs of removing and disposing of such property on behalf of the Debtors unless the Landlords agree otherwise. Because the relief requested by the Debtors in the Notice would violate the terms of the Leases by shifting the burden and costs

4

associated with the removal and disposition of the FF&E and other items to the Landlords, the Court should deny the relief sought by the Debtors.

Moreover, it is impossible to tell from the Notice just how much property the Debtors are proposing to leave in each store. Where a debtor abandons a significant amount of property, the landlord should not be responsible for bearing the costs associated with disposing of those items. See In re Furniture-in-the-Raw, Inc., No. 77 B 257, 1977 U.S. Dist. Lexis 13993, at *5 (S.D.N.Y. Sept. 15, 1977) (holding the debtor-in-possession responsible for the clean-up of the premises where the debtor-in-possession abandoned a substantial amount of personal property and debris). In the event that the Court allows the Debtors to abandon the FF&E or other items to the Landlords, the Landlords should be allowed an administrative claim for the reasonable costs incurred in removing and disposing of the Debtors' property remaining in each store.

WHEREFORE, Allied Capital Corporation, CWCapital Asset Management LLC, CRIIMI MAE Services Limited Partnership and ORIX Capital Markets, LLC respectfully request that this Court enter an Order (i) directing that absent consent from the Landlords, the Debtors comply with the terms of the Leases that provide for the removal of all property including FF&E or, alternatively, granting the landlord an administrative priority claim for the reasonable costs incurred in removing and disposing of such remaining property;

BA3DOCS/307081v3

and (ii) granting the Trusts such other and further relief as is just and proper.

Dated: September 22, 2005.  /s/ Richard R. Thames
Richard R. Thames
Nina M. LaFleur
Stutsman & Thames, P.A.
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000 (Phone)
(904) 358-4001 (Facsimile)
e-mail: rrthames@stutsman-thames.com

-and-

Gregory A. Cross, Esq.
Heather Deans Foley, Esq.
Venable LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400 (Phone)
(410) 244-7742 (Facsimile)
e-mail: gacross@venable.com

*Attorneys for Allied Capital Corporation,*
*CWCapital Asset Management LLC,*
*CRIIMI MAE Services Limited Partnership*
*and ORIX Capital Markets, LLC,*
*as Servicers, Special Servicers and/or Landlords*

BA3DOCS/307081v3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2005, a copy of the foregoing Objection of Allied Capital Corporation, CWCapital Asset Management LLC, CRIIMI MAE Services Limited Partnership and ORIX Capital Markets, LLC to the Debtors' Notice of Intent to Abandon Furniture, Fixtures and Equipment was served electronically and via first class mail, postage prepaid, on each of the following:

>David J. Baker
>Skadden Arps Slate Meagher & Flom, LLP
>Four Times Square
>New York, New York 10036
>djbaker@skadden.com
>
>Cynthia C. Jackson
>Smith Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, Florida 32202
>cjackson@smithhulsey.com


                                      /s/ Heather Deans Foley
                                      Heather Deans Foley