UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et. al.,

    Debtor
_____/

CASE NO: 05-03817-3FQ
(Jointly Administered)
CHAPTER 11

**BENNETT M. LIFTER, TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR ORDER AUTHORIZING AND APPROVING (I) REJECTION OF REAL PROPERTY LEASES AND SUBLEASES, (II) ABANDONMENT OF RELATED PERSONAL PROPERTY, AND (III) THE SETTLEMENT AGREEMENT WITH E.W. JAMES**

## Introduction

Debtors, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates filed on Friday, September 16, 2005, their Notice of Hearing and Motion for Order Authorizing and Approving (I) Rejection of Real Property Leases and Subleases, (II) Abandonment of Related Personal Property, and (III) the Settlement Agreement with E.W. James (the "Debtors' Motion"). Bennett M. Lifter, Trustee ("Lifter"), is the Landlord under one of the leases Debtors propose to reject. This memorandum objecting to the Debtors' Motion is filed on his behalf.

On October 21, 1993, the Debtors and Lifter entered into a 20-year lease agreement (the "Prime Lease") pursuant to which the Debtors would build and then lease from Lifter a supermarket building on property owned by Lifter. Subsequently, the Debtors sublet the building to another Supermarket chain, E.W. James, Inc. ("E.W. James"). Apparently, the Debtors sublet several buildings to E.W. James and six of those subleases appear to be additional subjects of the Debtors' instant motion. Under the Lifter sublease, as well as the others, the rental amount was substantially lower than the rental amount of the Prime Lease. The Prime Lease (Paragraphs 3, 7, and 19) and the Lifter sublease (Paragraphs 4, 14(c), and

1

26) require the Debtors and E.W. James to remove personal property and restore the premises prior to surrender.

The Debtors now intend to reject the Prime Lease from Lifter as well as other leases, and have entered into a Settlement Agreement with E.W. James (the "Settlement Agreement"), for which the Debtors now seek Court approval. The Settlement Agreement provides, among other things, that the Debtors will keep the $722,777.14 escrowed funds that were intended to guaranty the payment of the rent, and potentially other obligations, to Lifter and the other landlords.

Finally, the Debtors request an order allowing them to abandon certain personal property remaining on Lifter's premises and those of the other landlords. The Debtors motion purports to provide the other parties with the opportunity to object to the abandonment of the property if they so chose. However Debtors do not identify the nature of the personal property they seek to abandon. Lifter has no idea whether they want to abandon gold bars or spent nuclear rods. More likely, the personal property could include other kinds of toxic waste or industrial equipment, the removal of which will impose significant financial burdens upon the landlords and/or severely damage the structure of the buildings. The Debtors have failed to provide any information that could enable the landlords or the Court to evaluate the merits of the motion to abandon personal property.

And, the nature of the personal property is not all the Debtors have failed to disclose. Debtors have not filed with the Court a copy of the proposed Settlement Agreement with E.W. James (the "Settlement Agreement"). On September 27, 2005, just three days before the deadline for filing objections, the Debtors finally provided the undersigned with a redacted copy of the Settlement Agreement. The Debtors' Motion does not indicate how the Court is to approve a Settlement Agreement it has not seen. Neither do the Debtors offer any

2

justification for denying the landlords requisite notice with sufficient time to formulate a response.

Additionally, the Debtors have not filed with the Court a copy of the Escrow Agreement pursuant to which they demand release of in excess of $700,000. On September 28, just two days before the deadline for filing objections, the Debtors provided the undersigned with a copy of the Escrow Agreement. The Escrow Agreement, standing alone, is incomplete. Most importantly, it does not describe the obligations that the escrowed funds secure nor the events of default that would require a disbursement of the escrowed funds. Presumably, the Asset Purchase Agreement described in the Escrow Agreement, and/or other unidentified documents, provide the missing information. The same procedural objections that we raise with respect to the Settlement Agreement apply to the Escrow Agreement.

In sum, the Debtors seek approval of a Settlement Agreement without timely disclosing its terms; they propose a Settlement Agreement that releases E.W. James from liability to remove property and restore the premises; they seek release of more than $700,000 pursuant to an Escrow Agreement that very likely entitles the landlords to some or all of that sum; and they seek to abandon undisclosed personal property without identifying the nature of the property or consequences of its abandonment to those who are likely to be burdened with disposal of that property. The Debtors' failure to disclose necessary information impairs the landlords' ability to formulate substantive objections to the Motion.

The Debtors' failure to provide adequate notice warrants denial of Debtors' Motion. On this basis, Lifter requests that the Court either deny the Debtors' Motion or, at a minimum, grant a continuance while ordering Debtors to file with the Court and serve on all interested parties copies of (a) the Settlement Agreement and all other agreements referred to therein; (b) the Escrow Agreement; (c) the Asset Purchase Agreement and all other documents that contain terms and conditions relevant to the Escrow Agreement; (d) a list

3

identifying the specific items of personal property the Debtors seek to abandon and all items of personal property owned by E.W. James and located on the Premises; and (e) any other materials reasonably necessary for the Court and the landlords to assess the merits of Debtors' Motion.

But there is more. The Debtors would have the Court reject the Prime Lease with Lifter, while allowing the Debtors to continue to occupy the Lifter property for up to 15 days, rent-free. The Debtors should be obligated to pay all rent when due, including the month of the termination date to be specified in the Court order or until they vacate the premises, whichever is later.

### Discussion

**A.     Debtors failed Provide Adequate Notice of the Settlement Agreement.**

Debtors seek approval of the Settlement Agreement pursuant to Bankruptcy Rule § 9019(a). By its terms, that Rule requires notice and a hearing before the Court may approve a settlement. Surely, the notice required under the Rule is not only that the Debtors have entered into a settlement agreement. Rather, the Rule contemplates that interested parties will receive notice of the contents of the settlement agreement. And, while it may be that under certain limited circumstances, every minute detail of a settlement agreement need not be disclosed, the general rule is that,

> notice is adequate so long as it is reasonably calculated to apprise the parties of the terms of a proposed settlement and the options available in connection with the judicial proceeding.

*In re: The Drexel Burnham Lambert Group, Inc*, 995 F.2d 1138, 1144 (2d Cir. 1993). In the instant case, the Debtors did not attach their Settlement Agreement to the Motion. Neither did they disclose essential terms of the Settlement Agreement. Nor was the failure to disclose the exact terms of the Settlement Agreement justified by "11[th] hour negotiations" or other unusual circumstances. *See id.*

4

When counsel for Lifter called this omission to the attention of Debtors' counsel, rather than agreeing to reschedule the hearing on their Motion, Debtors' counsel emailed a *redacted* copy of the Settlement Agreement to Lifter's counsel. This copy was received a mere three days before the deadline to file objections to the Debtors' Motion. Bankruptcy Rule 2002(a) requires 20 days notice for a hearing regarding a settlement or compromise. By sending the copy of the Settlement Agreement a mere three days before the objections deadline, Debtors failed to comply with the notice requirements of Bankruptcy Rule 2002.

**B.     Debtors have Still not Filed or Served Copies of the Escrow Agreement.**

One of the more significant elements of the Settlement Agreement is E.W. James' agreement to release the $722,777.14 held in escrow to the Debtors. The Debtors provided the Escrow Agreement to Lifter only two days before the deadline to file objections to their Motion. The Debtors' have not disclosed the Asset Purchase Agreement or whatever additional documents are necessary to understand the Escrow Agreement. This delay constitutes an additional violation of both Bankruptcy Rules 9019 and 2002. These terms are essential to Lifter's formulating substantive objections to the Debtors' Motion and the excessively delayed disclosure of the contents of the Escrow Agreement have rendered notice of the Debtors' Motion meaningless and prejudiced Lifter.

**C.     Debtors Failed to Identify or Describe the Personal Property they Seek to Abandon.**

Plaintiffs move pursuant to 11 U.S.C. § 554(a) to abandon certain personal property remaining on Lifter's property. Section 554(a) provides:

> (a) After *notice* and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(emphasis added). Again, Debtors have failed to provide adequate notice. While the statute appears to allow, without restriction, a debtor to abandon any property that is burdensome, the case law indicates that that is not the case. For example, where the property to be

5

abandoned contains or includes hazardous material, or would violate state or federal laws, courts will not allow abandonment merely because the personal property is burdensome on the estate. *Midlantic Nat'l Bank v. New Jersey Dep't of Environmental Protection*, 474 U.S. 494; 106 S. Ct. 755; 88 L. Ed. 2d 859 (1986). Furthermore, it is likely that the Debtors' subtenant, E.W. James, has personal property located on the premises. The Debtors should be required to identify this property as well.

**D.    Specific Objections to the Proposed Order.**

If court is inclined to grant the Debtors' Motion notwithstanding Lifter's objections, without forfeiting or waiving any objections or other rights, Lifter would request the following amendments:

1.    Paragraph 2 of the Proposed Order says that the leases are to be deemed rejected as of the applicable Termination Dates set forth in the Settlement Agreement. Because Debtors have failed to make the Settlement Agreement part of the court file, the Order should refer to some other document to which the Court and other parties have access, for example Exhibit C to the Proposed Order.

2.    Between paragraphs 2 and 3, an additional paragraph should be inserted saying the following:

> The Debtors are required to comply with all lease provisions in accordance with 11 U.S.C. § 365(d)(3) until the applicable Termination Date set forth in Exhibit C, including payment of rent when due.

3.    Paragraph 3 of the Proposed order should be amended to read:

> The landlord of any rejected lease pursuant to this order must file a proof of claim for damages arising from the rejection of the applicable lease within 30 days following the latter of the applicable Termination Date or the date of this order.

4.    Paragraph 4 of the Proposed Order should be amended to require that: (i) the Debtors shall identify all personal property of its subtenant located on the Premises and (ii)

6

the Settlement Agreement shall make specific provision for the removal of all such property and restoration of the Premises.

5.   Additionally, Lifter objects to Paragraph 5 of the Proposed Order. Pursuant to the Prime Lease with Lifter, Debtors undertook a duty of removal and restoration. Pursuant to 11 U.S.C. §365(d)(3), this duty continues until the rejection date. Because the Prime Lease has not yet been rejected, Debtors should be bound to fulfill their duties under the Prime Lease *prior to* rejection. Additionally, pursuant to the duties of the Prime Lease and Section 365(d)(3), the Debtors should be required to resolve all issues regarding personal property they seek to abandon *prior to* being allowed to reject the Prime Lease.

Lifter hereby reserves the right to supplement or amend this objection upon, among other things: further investigation; discovery of additional facts; discovery of persons with knowledge of relevant information or developments in this action.

I HEREBY CERTIFY that on September 30th, 2005, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants listed on attached Mailing List.

    Ben-Ezra & Katz, P.A.
    951 NE 167th Street, Suite 102
    N. Miami Beach, FL 33162
    Telephone: (305) 770-4100
    Fax:    (305) 653-2329

By: /S/ *Marisol Morales*
    MARISOL MORALES
    Fla. Bar No. 147478

## MAILING LIST

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
djbaker@skadden.com

Stephen D. Busey
James H. Post
Cynthia C. Jackson
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

Daniel D. Ganter, Jr.
BARNA, GUZY & STEFFEN, LTD
Co-counsel for Lifter
400 Northtown Financial Plaza
200 Coon Rapids Blvd NW
Minneapolis, MN 55433
dganter@bgslaw.com

United States Trustee
135 W. Central Blvd, Suite 620
Orlando, FL 32801

8