UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                    CASE NO: 05-03817-3FQ
                                                          (Jointly Administered)
WINN-DIXIE STORES, INC., et. al.,                         CHAPTER 11

    Debtor
_____/

**EMERGENCY MOTION TO CANCEL OR
CONTINUE HEARING**

1.     Debtors, Winn-Dixie Stores, Inc. and twenty three of its subsidiaries and affiliates ("Debtors") filed their Notice of Hearing and Motion for order Authorizing and Approving (I) Rejection of Real Property Leases and Subleases, (II) Abandonment of Related Personal Property, and (III) the Settlement Agreement with E.W. James (The Debtors' Motion) on Friday Afternoon, September 16, 2005.

2.     The Notice of Hearing scheduled the hearing on the motion before the Court for Friday October 7, 2005.

3.     Among the relief sought in the Debtors' Motion is rejection of the lease Debtors entered into with Bennett M. Lifter, Trustee ("Lifter"); abandonment of personal property remaining on the Lifter property; approval of a settlement agreement ("Settlement Agreement") with E.W. James, Inc. ("E.W. James") regarding a sublease of the Lifter property; and release of over $700,000 held in escrow pursuant to the sublease entered into between Debtors and EW James.

4.     Debtors failed to serve Lifter's undersigned counsel a copy of the Notice of Hearing and Debtors' Motion.

5.     Debtors failed to attach a copy of the Settlement Agreement to their motion or to fully disclose the terms of the Settlement Agreement.

1

6. Debtors failed to attach a copy of the Escrow Agreement to their motion or to fully disclose the terms and context of the Escrow Agreement.

7. Debtors failed to identify the nature of the personal property they seek to abandon.

8. The undersigned notified the Debtors of these deficiencies in the Debtors' Motion. But rather than agree to a continuance, at the eleventh hour (2 and 3 days before the deadline for filing objections), Debtors released a trickle of information that only partially addressed the objections.

9. Because of the Debtors' refusal to agree to the continuation, counsel for Lifter have been forced to compose objections to the Debtors' motion in an exceedingly short time period, without knowledge of the terms of various agreements, and without disclosure of the nature of the personal property Debtors seek to abandon.

10. Under these circumstances created by the Debtors, there is no way for Lifter or any of the other landlords to assess and decide whether and how to object on substantive grounds to the proposed Settlement Agreement; rejection of the leases; release of the escrowed funds; and abandonment of personal property.

11. Similarly, the Court cannot approve a Settlement Agreement that has not been disclosed; it cannot allow the release of escrowed funds without evaluating the agreement under which the funds were escrowed; and it cannot approve the abandonment of unspecified personal property, potentially imposing undue burdens on the landlords.

WHEREFORE, Lifter respectfully requests that the Court cancel the hearing scheduled for October 7, 2005, or alternatively, reschedule the hearing for a later date, allowing the parties time to prepare responses. Additionally, Lifter requests an order compelling Debtors to file with the Court and serve on all interested parties copies of (a) the Settlement Agreement and all other agreements referred to therein; (b) the Escrow

Agreement; (c) the Asset Purchase Agreement and any other documents necessary to understand the Escrow Agreement; (d) a list identifying the specific items of personal property the Debtors seek to abandon; and (e) any other materials reasonably necessary for the Court and the landlords to assess the merits of Debtors' Motion.

I HEREBY CERTIFY that on September 30th, 2005, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants listed on attached Mailing List.

Ben-Ezra & Katz, P.A.
951 NE 167th Street, Suite 102
N. Miami Beach, FL  33162
Telephone: (305) 770-4100
Fax:          (305) 653-2329

By: /S/ Marisol Morales
    MARISOL MORALES
    Fla. Bar No. 147478

3

## MAILING LIST

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
djbaker@skadden.com

Stephen D. Busey
James H. Post
Cynthia C. Jackson
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202
cjackson@smithhulsey.com

Daniel D. Ganter, Jr.
BARNA, GUZY & STEFFEN, LTD
Co-counsel for Lifter
400 Northtown Financial Plaza
200 Coon Rapids Blvd NW
Minneapolis, MN 55433
dganter@bgslaw.com

United States Trustee
135 W. Central Blvd, Suite 620
Orlando, FL 32801