## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR DETERMINATION
## OF UNRESOLVED RECLAMATION CLAIMS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), submit this motion (the "Motion") to determine unresolved reclamation claims. In support of the Motion, the Debtors respectfully represent as follows:

### PRELIMINARY STATEMENT

1.     Since the inception of this case, the Debtors have reviewed and analyzed approximately 480 reclamation claims. Over 160 of these claims are fully reconciled with the vendors having opted into the Reclamation/Trade Lien Stipulation (defined below). In addition to those vendors, 184 vendors have agreed with the Debtors' proposed

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

gross amount of their reclamation claim, but have not yet completed the reconciliation of any offsets to their claim. Moreover, 79 vendors did not return their Statement of Reclamation, and thus did not disagree with the Debtors' reconciliation. Only 48 vendors (out of 480) disagreed with their Statement of Reclamation.

2.      With respect to those reclamation vendors that have responded to their Statement of Reclamation, the Debtors are actively working with many of these vendors in an effort to resolve their reclamation claims, and intend to continue to work with their vendors to seek a consensual resolution of each vendor's unresolved reclamation claim. The Debtors are filing this Motion to preserve their rights with respect to the yet unresolved reclamation claims.

## BACKGROUND

A.      The Debtors' Chapter 11 Cases

3.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). The Debtors' cases are being jointly administered for procedural purposes only.

4.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed the Creditors Committee to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103. On August 17, 2005, the U.S. Trustee appointed the Equity Committee pursuant to Bankruptcy Code sections 1102 and 1103.

5.      The Debtors are grocery and drug retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered to be the eighth largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.

6.      The statutory predicates for the relief requested by this Motion are sections 105(a) and 502(b) of the Bankruptcy Code, and such relief is subject to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      History of the Resolution of Reclamation Issues

7.      On April 4, 2005, the New York Court entered the Final Order (A) Establishing Procedures for Treatment of Reclamation Claims, and (B) Prohibiting Third Parties from Interfering with Delivery of Goods (the "Final Reclamation Order").

8.      Under the Final Reclamation Order, the Debtors were required to serve upon the reclamation vendors a copy of the Final Reclamation Order and a Statement of Reclamation,[2] which included each vendor's Reconciled Reclamation Claim and the Debtors' defenses to the vendors' reclamation claim.

9.      Vendors who agreed with the Reconciled Reclamation Claim were to indicate their assent on the Statement of Reclamation and return it within 75 days after the date of the Statement of Reclamation (the "Reconciliation Deadline"). For substantially all of the vendors, the Reconciliation Deadline was September 13, 2005. For the few remaining vendors with a Reconciliation Deadline after September 13, 2005, the Debtors

---

[2]      Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Final Reclamation Order.

reserve the right to file a subsequent motion to determine any unresolved reclamation claims.

10.     Vendors who disagreed with the Reconciled Reclamation Claim (the "Dissenting Vendors") were required to indicate their dissent on the Statement of Reclamation and return it along with the requisite Detailed Back Up supporting the Dissenting Vendor's position by the Reconciliation Deadline, September 13, 2005.

11.     By order dated August 5, 2005, this Court approved the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program (the "Reclamation/Trade Lien Stipulation"), which established, among other things, procedures for the calculation and treatment of the trade vendors' reclamation claims for those trade vendors that participate in the trade vendor lien program.

## RELIEF REQUESTED

12.     By this Motion, the Debtors seek entry of an order pursuant to Bankruptcy Code sections 105(a) and 502(b), Bankruptcy Rule 3007 and the Final Reclamation Order to determine the amount of the reclamation claims that have not been fully reconciled and agreed to by the Vendors.

## BASIS FOR RELIEF

13.     The Final Reclamation Order provides, among other things, that (i) the Reclamation Claim of any vendor who fails to return the Statement of Reclamation or returns it without indicating an assent or dissent "shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim" and (ii) in the event that a consensual resolution of the Dissenting Vendor's Reclamation Demand is not reached,

4

"the Debtors or a Dissenting Vendor may file a motion for determination of the Dissent-
ing Vendor's Reclamation Claim." (Final Reclamation Order at 8).

14.    By this Motion, the Debtors seek to put into process a framework to liqui-
date unresolved reclamation claims. These reclamation claims are segregated into three
categories: (i) those vendors that agree with the Debtors' proposed reclamation analysis,
but have not yet resolved setoff or consumption issues ("Exhibit No. 1 Vendors"), (ii)
those vendors that failed to agree or disagree with their Statement of Reclamation ("Ex-
hibit No. 2 Vendors"), and (iii) the Dissenting Vendors ("Exhibit No. 3 Vendors").[3]

Exhibit No. 1 Vendors

15.    At the time the Final Reclamation Order was entered, there was no Rec-
lamation/Trade Lien Stipulation. After this Court approved the Reclamation/Trade Lien
Stipulation, the Debtors established a two step process for the vendors to opt in. First,
vendors would need to assent to the Statement of Reclamation and send it to the Debtors.
Second, after the Statement of Reclamation was received, the Debtors would contact the
vendor to determine if it was interested in participating in the trade lien program. In
many cases, notwithstanding the assent to the Statement of Reclamation, until the vendor
opted into the Reclamation/Trade Lien Stipulation, a vendor and the Debtors never
agreed on the consumption rate, and may not have reached an agreement with respect to
the prepetition accounts payable credits and accounts receivables set forth in each ven-
dor's Statement of Reclamation.

16.    Exhibit No. 1 lists 184 vendors that have either (i) indicated their assent to
their Statement of Reclamation or (ii) subsequently worked with the Debtors to resolve

---

[3]    The exhibits listing the vendors are attached to the proposed order.

any disputes regarding their gross reclamation claim amount and have reached agreement with the Debtors resolving these disputes. These vendors, however, have not yet opted into the Reclamation/Trade Lien Stipulation. As a result, the Debtors and these vendors have agreed on the vendor's gross reclamation claim, without necessarily reaching an agreement with respect to consumption and the other offsets, such as prepetition accounts payable credits and prepetition accounts receivable.

17.    Exhibit No. 1 sets forth the amount of the agreed upon gross reclamation claim (column 1) and the unresolved prepetition offsets (columns 2 and 3) that reduce the vendor's gross reclamation claim based on the Debtor's books and records and information provided to the Debtors. The Debtors seek to set up a process to have the court determine (i) that the appropriate amount of unresolved prepetition offsets are the amounts set forth in Exhibit No. 1, and (ii) the rate of consumption at trial. The process is simple - - unless the Debtors and an Exhibit No. 1 Vendor agree on the vendor's allowed amount of its reclamation claim, each Exhibit No. 1 Vendor will be obligated to contact Debtors' counsel by December 15, 2005 to schedule an evidentiary hearing with respect to the outstanding issues.

<u>Exhibit No. 2 Vendors</u>

18.    Exhibit No. 2 sets forth (i) those vendors who chose not to (a) return the Statement of Reclamation or (b) indicate their assent or dissent to their Statement of Reclamation and (ii) the vendors' proposed gross reclamation amount (column 2), and the offsets to that amount (columns 3 and 4). The Final Reclamation Order provides for the treatment for the reclamation claims of these vendors as follows:

> The Reclamation Claim of . . . any Vendor who fails to return the Statement of Reclamation by the Reconciliation Deadline and . . . any Vendor

6

> who returns the Statement of Reclamation by the Reconciliation Deadline but who fails to indicate either assent or dissent, shall be deemed an Allowed Reclamation Claim in the amount of the Reconciled Reclamation Claim . . . .

(Final Reclamation Order at 8). Thus, the Debtors seek a determination that, (i) under the Final Reclamation Order, each vendor's reclamation claim set forth in Exhibit No. 2 shall be deemed allowed in the amount of their Reconciled Reclamation Claim set forth in Exhibit No. 2, and (ii) the amount of the setoffs (in columns 3 and 4) will be deducted from the Reconciled Reclamation Claim (column 2), thereby resulting in an allowed reclamation claim, subject to a determination of the consumption rate (column 5). Unless the Debtors and an Exhibit No. 2 Vendor agree on the consumption rate, the Exhibit No. 2 Vendor will be obligated to contact Debtors' counsel by December 15, 2005 to schedule an evidentiary hearing with respect to the rate of consumption.

<u>Exhibit No. 3 Vendors</u>

19.     Finally, 48 vendors disagreed with the Reconciled Reclamation Claim contained in their Statement of Reclamation. Based on the Debtors' books and records and the documents provided by the vendors, the Debtors seek to set up a process to have the Court determine that the vendors' reclamation claims should be allowed in the amount set forth in each vendor's Statement of Reclamation, which amounts are set forth in columns 2, 3 and 4 of Exhibit No. 3. Unless the Debtors and an Exhibit No. 3 Vendor resolve their dispute with respect to the amount of the vendor's reclamation claim, the Exhibit No. 3 Vendor is obligated to contact Debtors' counsel by December 15, 2005 to schedule an evidentiary hearing with respect to all outstanding issues.

7

<u>Notice</u>

Notice of this Motion has been provided to (a) counsel to the United States Trustee, (b) counsel for the Debtors' post-petition secured lenders, (c) counsel for the Creditors Committee, (d) counsel for the Equity Committee, (e) the other parties in interest named on the Master Service List maintained in these cases, and (f) each vendor (or their counsel) listed on Exhibit Nos. 1, 2 and 3.  No other or further notice need be given.

<u>Consensual Resolution</u>

Questions about (i) resolution of a vendor's reclamation claim should be directed to XRoads Solutions Group LLC, 9 Executive Circle, Suite 190, Irvine, CA 92614 (Attn: Ellen Gordon, (949) 567-1625, egordon@xroadsllc.com or Aphay Liu, (949) 567-1689, aliu@xroadsllc.com) and (ii) the Motion or to schedule an evidentiary hearing should be directed to the Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn:  Steven B. Eichel, Esq.), or by telephone at (212) 735-4113.

WHEREFORE, based upon the foregoing, the Debtors respectfully request

that the Court enter an order (a) substantially in the form annexed hereto and (b) granting

such other and further relief as the Court deems just and proper.

Dated:  September 30, 2005

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By    _s/ D. J. Baker_____               By    _s/ James H. Post_____
       D. J. Baker                                 Stephen D. Busey
       Sally McDonald Henry                        James H. Post
       Rosalie Walker Gray                         Cynthia C. Jackson,
                                                   Florida Bar Number 498882
Four Times Square                          225 Water Street, Suite 1800
New York, New York 10036                   Jacksonville, Florida  32202
(212) 735-3000                             (904) 359-7700
(212) 735-2000 (facsimile)                 (904) 359-7708 (facsimile)
djbaker@skadden.com                        cjackson@smithhulsey.com

Co-Attorneys for Debtors                    Co-Attorneys for Debtors

549971.07-New York Server 6A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | )    Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | )    *Chapter 11* |
| | ) |
| Debtors. | )    Jointly Administered |
| | ) |

## ORDER APPROVING DEBTORS' MOTION FOR
## DETERMINATION OF UNRESOLVED RECLAMATION CLAIMS

These cases came before the Court for hearing on November 4, 2005, on the motion of

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the

"Debtors"), for an order to determine unresolved reclamation claims (the "Motion") (Docket No.

____). Upon consideration, it is

ORDERED AND ADJUDGED:

       1.    The Motion is granted.

       2.    As to the reclamation vendors identified in Exhibit 1 attached, the agreed

upon gross reclamation amounts set forth in Exhibit 1 are deemed to be established material facts

and law of the case in these proceedings.  All other issues relating to claims of the reclamation

vendors identified in Exhibit 1 (except those previously waived by the Debtors) shall be

adjudicated by this Court pursuant to an evidentiary hearing.  Such hearing will be scheduled by

this Court upon the filing of a joint request by the Debtors and the reclamation vendor, which

will include the estimated total time for such hearing.

       3.    As to the reclamation vendors identified in Exhibit 2 attached, the gross

reclamation amounts, the pre-petition accounts payable credits and the pre-petition account

receivable amounts as set forth in Exhibit 2 attached are deemed to be established material facts

and law of the case in these proceedings and the amount of the setoffs (in columns 3 and 4) shall be deducted from the Reconciled Reclamation Claim (column 2) resulting in an allowed reclamation claim, subject to a determination of the consumption rate (column 5).  All other issues relating to claims of the reclamation vendors identified in Exhibit 2 (except those previously waived by the Debtors) shall be adjudicated by this Court pursuant to an evidentiary hearing.  Such hearing shall be scheduled by this Court upon the filing of a joint request by the Debtors and the reclamation vendor, which will include the estimated total time for such hearing.

4.    As to the reclamation vendors identified in Exhibit 3 attached, all unresolved issues relating to those claims (except those previously waived by the Debtors) shall be adjudicated by this Court pursuant to an evidentiary hearing.  Such hearing will be scheduled by this Court upon the filing of a joint request by the Debtors and the reclamation vendor, which will include the estimated total time for such hearing.

5.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

**<u>EXHIBIT 1</u>**

**Exhibit 1:  Reclamation Claimants That Agree with the Debtors' Proposed and Analyzed Gross Reclamation Amount but not yet Opted-in to the Trade Lien Stipulation**

| No. | Reclamation Claimant | (1)<br>Agreed Gross<br>Reclamation Claim | (2)<br>Deduct for AP<br>Credits (a) | (3)<br>Deduct for AR -<br>Promotional<br>Allowances (a) | |
|---|---|---|---|---|---|
| 1 | A Duda & Sons, Inc | 25,476.18 | (60.08) | 0.00 | |
| 2 | Acadiana Bottling Co, Inc | 86,689.40 | 0.00 | 0.00 | |
| 3 | ACCO Brands, Inc | 6,680.78 | 0.00 | (1,256.73) | |
| 4 | ACH Food Companies | 31,101.52 | (759.14) | (12,126.99) | |
| 5 | Acme McCrary Corporation | 12,103.20 | 0.00 | 0.00 | |
| 6 | Admiralty Island Fisheries dba Aqua Star | 34,278.00 | (62.10) | (4,413.20) | |
| 7 | AEP Industries, Inc | 0.00 | (28.65) | 0.00 | |
| 8 | Alberto Culver USA, Inc | 115,755.90 | (16,346.33) | (246,375.01) | |
| 9 | Albertville Quality Foods, Inc | 7,795.20 | 0.00 | 0.00 | |
| 10 | Alcoa Consumer Products | 168,931.03 | (54.00) | 0.00 | |
| 11 | Allegro Mfg Inc | 873.80 | 0.00 | (278.59) | |
| 12 | Allen Flavors Inc-Hornell Brewing Company | 273,956.56 | 0.00 | 0.00 | |
| 13 | American Food Distributors Inc. | 134,737.65 | (1,435.00) | 0.00 | |
| 14 | American Italian Pasta Company | 102,020.86 | (3,677.30) | (135.63) | |
| 15 | Amstar Foods, LLC | 11,310.00 | 0.00 | 0.00 | |
| 16 | Arizona Beverage Co, LLP | 34,376.00 | (2,263.32) | (1,927.80) | |
| 17 | Austin (James Austin Company) | 57,724.61 | (976.15) | 0.00 | |
| 18 | Azalea Gumbo | 9,912.00 | 0.00 | 0.00 | |
| 19 | Ballard Petroleum, Inc | 40,638.30 | 0.00 | 0.00 | |
| 20 | Bar-S Foods Co | 83,907.78 | 0.00 | 0.00 | |
| 21 | Beechnut Nutrition Corporation | 64,259.22 | (224.30) | (8,701.17) | |
| 22 | Beiersdorf Inc | 54,914.76 | (2,922.08) | (10,116.18) | |
| 23 | Belco Distributors | 48,676.77 | (60.00) | (111,170.93) | |
| 24 | Ben-Arnold Sunbelt Beverage Company | 12,475.33 | 0.00 | 0.00 | |
| 25 | Benson's Inc. | 22,968.00 | (52.20) | 0.00 | |
| 26 | BIC USA Inc. | 27,795.36 | (894.24) | (905.01) | |
| 27 | Birds Eye Foods | 8,632.64 | 0.00 | (9,993.12) | |
| 28 | Bottling Group, LLC d/b/a The Pepsi Bottling Group | 1,753,056.61 | (90,237.50) | (1,659,004.28) | |
| 29 | Bristol Meyers Consumer Products | 15,834.00 | (21,086.34) | (17,721.22) | |
| 30 | Brown Bottling Group, Inc. | 66,789.85 | 0.00 | 0.00 | |
| 31 | Bunge North America, Inc | 147,011.82 | 0.00 | 0.00 | |
| 32 | C.F. Sauer Co | 109,445.37 | (13,405.01) | (247.56) | |
| 33 | Cal-Maine Foods, Inc | 132,362.10 | 0.00 | 0.00 | |
| 34 | Camerican International, Inc | 20,174.00 | 0.00 | 0.00 | |
| 35 | Cargill Inc.'s Salt | 10,009.44 | (3,595.70) | 0.00 | (b) |
| 36 | Cargill Inc.'s Sweetners | 117,850.07 | 0.00 | 0.00 | (b) |
| 37 | Carthage Cup | 44,782.16 | (2,408.94) | 0.00 | |
| 38 | Cascades Tissue Group | 43,943.74 | (1,276.50) | 0.00 | |
| 39 | Chambers Bottling Company, LLC | 10,017.34 | 0.00 | 0.00 | |
| 40 | Chattem, Inc | 71,896.44 | (18,187.17) | (3,910.90) | |
| 41 | Checkpoint Systems, Inc | 22,787.00 | 0.00 | 0.00 | |
| 42 | Chloe Foods | 149,436.81 | (383.89) | 0.00 | |
| 43 | CITGO Petroleum Corp | 41,910.54 | 0.00 | 0.00 | |
| 44 | Coastal Beverage, Ltd | 25,217.95 | 0.00 | 0.00 | |
| 45 | Coca-cola Bottling Company United Inc | 273,596.74 | 0.00 | 0.00 | |
| 46 | Coca-cola Enterprises, Inc (Northeast Mississippi) | 16,178.55 | 0.00 | 0.00 | |
| 47 | Colorado Boxed Beef Company | 0.00 | (62.89) | 0.00 | |
| 48 | Community Coffee Company LLC | 75,876.95 | (1,896.25) | (52.63) | |
| 49 | Conecuh Sausage Company | 28,870.08 | (764.16) | 0.00 | |
| 50 | Consolidated Biscuit Company | 405,569.88 | (9,112.24) | 0.00 | |
| 51 | Conwood Sales Company, LP | 32,623.20 | (357.36) | 0.00 | |
| 52 | Crowley Foods, LLC | 2,721.94 | 0.00 | (290.41) | |
| 53 | Dart Container Corporation | 27,297.47 | 0.00 | 0.00 | |
| 54 | Degussa Flavors & Fruit Systems, LLC | 43,265.00 | 0.00 | 0.00 | |
| 55 | Del Laboratories, Inc | 5,810.40 | (21,879.68) | (244,042.82) | |

**Exhibit 1:  Reclamation Claimants That Agree with the Debtors' Proposed and Analyzed Gross Reclamation Amount but not yet Opted-in to the Trade Lien Stipulation**

| No. | Reclamation Claimant | (1) Agreed Gross Reclamation Claim | (2) Deduct for AP Credits (a) | (3) Deduct for AR - Promotional Allowances (a) | |
|---|---|---|---|---|---|
| 56 | Del Pharmaceuticals, Inc | 19,080.00 | 0.00 | 0.00 | |
| 57 | Dell Marketing, LP | 6,705.51 | 0.00 | 0.00 | |
| 58 | Dolco Packaging | 75,543.70 | 0.00 | 0.00 | |
| 59 | Dole Packaged Foods Company | 118,841.99 | (22,025.67) | (6,933.44) | |
| 60 | Eastman Kodak Company | 8,476.72 | (201.60) | (201.28) | |
| 61 | Fabri-Kal | 3,305.60 | 0.00 | 0.00 | |
| 62 | Fastener For Retail, Inc | 13,747.17 | 0.00 | 0.00 | |
| 63 | First Coast Pallet, Inc | 2,080.08 | 0.00 | 0.00 | |
| 64 | First Quality Hygienic, Inc. | 20,521.20 | (621.65) | (1,298.22) | |
| 65 | Fiskars Brands | 1,368.00 | 0.00 | (78.91) | |
| 66 | Florida Crystals Food Corp | 25,879.32 | (7,013.79) | (731.27) | |
| 67 | Flowers Foods Specialty Group LLC | 0.00 | 0.00 | 0.00 | |
| 68 | Flowers, Inc. Balloons | 68,614.37 | 0.00 | 0.00 | |
| 69 | Foster Poultry Farms | 5,080.32 | (19.52) | 0.00 | |
| 70 | Friendship Dairies, Inc. | 10,662.30 | (2,140.62) | 0.00 | |
| 71 | Frito-Lay, Inc | 2,252,551.52 | (6,817.65) | (391,453.56) | |
| 72 | Frozen Specialties, Inc. | 40,185.00 | (275.50) | 0.00 | |
| 73 | General Electric Company | 96,495.45 | (95,166.77) | (326.41) | |
| 74 | Gerber Products Company | 85,588.66 | (63,113.07) | (3,004.58) | |
| 75 | Gonnella Frozen Products | 38,112.70 | 0.00 | 0.00 | |
| 76 | Goya Foods, Inc. | 287,254.26 | (58.41) | 0.00 | |
| 77 | Gwaltney of Smithfield, Ltd | 1,063,957.01 | (26,389.91) | (15.44) | |
| 78 | Heluva Good LLC | 96,525.00 | (11,684.40) | 0.00 | |
| 79 | Henkel Consumer Adhesives | 3,734.04 | 0.00 | 0.00 | |
| 80 | Hormel Foods Corporation | 421,685.73 | (25,726.08) | (2,820.16) | |
| 81 | Irving Tissue | 4,646.40 | 0.00 | 0.00 | |
| 82 | Jarden Home Brands (fka Alltrista Consumer Products) | 0.00 | 0.00 | (79,807.82) | |
| 83 | Jennie-O Turkey Store | 0.00 | 0.00 | 0.00 | |
| 84 | JJ Keller & Associates, Inc | 2,484.00 | 0.00 | 0.00 | |
| 85 | Johnsonville Sausage LLC | 179,449.40 | (2,503.20) | (25.59) | |
| 86 | Just Born, Inc. | 6,986.16 | (10,039.12) | (1,935.04) | |
| 87 | Kao Brands Company | 51,879.60 | (21,829.66) | (8,135.25) | |
| 88 | Kemps LLC | 30,225.42 | 0.00 | 0.00 | |
| 89 | King's Food Products | 10,567.68 | 0.00 | 0.00 | |
| 90 | Klement Sausage Company, Inc | 23,562.00 | (159.43) | 0.00 | |
| 91 | Knouse Foods, Inc | 0.00 | (2,864.36) | (266.40) | |
| 92 | Krispy Kreme Doughnut Corp | 393,180.57 | (94,001.26) | 0.00 | (c) |
| 93 | L&R Farms, Inc. | 266,399.10 | (3,057.50) | 0.00 | |
| 94 | Land O'Lakes, Inc | 296,264.70 | (177.60) | (67.32) | |
| 95 | Laura's Lean Beef | 4,617.00 | 0.00 | 0.00 | |
| 96 | Lea & Perrins, Inc | 23,274.33 | (605.75) | (1,572.15) | |
| 97 | Libbey | 3,512.76 | (10,699.96) | (282,384.80) | |
| 98 | Lorillard Tobacco Company | 0.00 | 0.00 | (21,643.42) | |
| 99 | Luigino's Inc | 106,320.00 | (3,544.76) | (144,530.69) | |
| 100 | Malt-O-Meal Company | 119,883.56 | (9,689.37) | (54.75) | |
| 101 | Marcal Paper Mills, Inc | 71,961.20 | (1,552.35) | (275.91) | |
| 102 | Maritime Products International, Inc | 8,200.00 | 0.00 | 0.00 | |
| 103 | Maybelline-Garnier | 65,942.58 | (7,363.36) | (155,888.24) | |
| 104 | McCormick & Company, Inc | 100,307.28 | (530.16) | (2,407.89) | |
| 105 | McKee Foods Corp | 508,239.11 | (1,037.27) | 0.00 | |
| 106 | Mead Johnson & Company | 896,983.98 | 0.00 | 0.00 | |
| 107 | Menu Foods, Inc | 71,832.64 | 0.00 | 0.00 | |
| 108 | Michael Foods, Inc | 10,425.60 | 0.00 | (124.12) | |
| 109 | Mid-Gulf Bakery LLC | 41,922.90 | 0.00 | 0.00 | |
| 110 | Miss Becky Seafood dba Safe Harbor | 165,375.73 | (5,142.00) | 0.00 | |

**Exhibit 1: Reclamation Claimants That Agree with the Debtors' Proposed and Analyzed Gross Reclamation Amount but not yet Opted-in to the Trade Lien Stipulation**

| | | (1) | (2) | (3) |
|---|---|---|---|---|
| No. | Reclamation Claimant | Agreed Gross Reclamation Claim | Deduct for AP Credits (a) | Deduct for AR - Promotional Allowances (a) |
| 111 | Mosby's Packing Company, Inc | 21,798.09 | 0.00 | 0.00 |
| 112 | Mrs Stratton's Salads, Inc | 11,202.42 | (94.71) | 0.00 |
| 113 | Multifoods | 38,585.73 | 0.00 | 0.00 |
| 114 | National Distribution Company, Inc | 520,760.57 | 0.00 | 0.00 |
| 115 | NCR Corp | 11,016.90 | 0.00 | 0.00 |
| 116 | New Era Canning Company | 0.00 | (2,581.85) | 0.00 |
| 117 | New York Frozen Foods, a division of T Marzetti | 61,380.00 | (55.80) | 0.00 |
| 118 | Newell Rubbermaid, Inc. | 47,557.66 | (1,259.50) | (17,521.78) |
| 119 | North Coast Processing, Inc (and/or ED Smith USA, Inc) | 35,399.52 | 0.00 | 0.00 |
| 120 | Novartis Consumer Health, Inc | 105,303.72 | (315.36) | (28,143.94) |
| 121 | On-Cor Frozen Foods, LLC | 9,625.44 | (762.90) | (897.51) |
| 122 | Pacific Coast Producers | 13,279.19 | (3,419.22) | 0.00 |
| 123 | Peace River Citrus Products, Inc | 227,281.63 | (27,543.31) | 0.00 |
| 124 | Pennington Seed, Inc (Penn Pak) | 22,684.40 | (3,961.79) | (28,627.12) |
| 125 | Pepperidge Farm | 409,678.32 | (96,862.99) | (38.49) |
| 126 | Perfetti Van Melle USA Inc | 129,693.24 | (2,068.00) | (41,442.32) |
| 127 | Perrigo | 14,454.84 | (2,241.13) | 0.00 |
| 128 | Peter Pan Seafoods, Inc | 70,523.44 | (15,742.60) | (89.68) |
| 129 | Pharmacare Health Services, Inc | 20,558.98 | 0.00 | 0.00 |
| 130 | Phoenix Brands, Inc | 24,801.24 | (248.05) | 0.00 |
| 131 | Pom Wonderful LLC | 3,670.80 | (92.55) | 0.00 |
| 132 | Premier Beverage | 619,779.40 | 0.00 | 0.00 |
| 133 | Promotions Unlimited Corporation | 19,321.74 | 0.00 | 0.00 |
| 134 | Quaker Sales & Distribution | 1,556,224.44 | (28,298.00) | (326,157.92) |
| 135 | RC2 Brands, Inc | 8,372.34 | (470.88) | (969.04) |
| 136 | Red Gold, LLC | 36,546.30 | (183.82) | (1,314.45) |
| 137 | Refreshment Services, Inc | 27,391.88 | (2,318.48) | 0.00 |
| 138 | Refron, Inc | 44,981.63 | (17,999.29) | 0.00 |
| 139 | Republic Plastics, LTD | 17,229.40 | (26.00) | 0.00 |
| 140 | Republic Tobacco LP | 2,917.68 | (24.54) | (319.01) |
| 141 | River City Traders, Inc | 14,160.00 | 0.00 | 0.00 |
| 142 | Riviana Foods, Inc | 87,207.77 | (38,708.64) | (2.06) |
| 143 | RL Ziegler | 32,335.12 | 0.00 | 0.00 |
| 144 | Rockline Industries | 85,525.64 | 0.00 | (80.99) |
| 145 | Russell Oil Company | 84,805.61 | 0.00 | 0.00 |
| 146 | Saf-T-Gard International | 3,719.10 | (141.60) | 0.00 |
| 147 | Sanford LP (Newell Rubbermaid) | 670.08 | 0.00 | 0.00 |
| 148 | Schick Wilkinson Sword, division of Energizer | 35,798.40 | (1,550.52) | (10,604.64) |
| 149 | Schuster Marketing Corp | 6,393.60 | 0.00 | (797.47) |
| 150 | Schwan's Bakery, Inc | 262,170.65 | (6,936.00) | (72,795.71) |
| 151 | Schwan's Consumer Brands, North America, Inc. | 104,329.81 | (8,318.46) | 0.00 |
| 152 | Schwarzkopf & Henkel | 17,898.00 | (4,326.48) | (93,045.02) |
| 153 | Seneca Foods Corp | 95,697.07 | (280.57) | (20.32) |
| 154 | Sergeant's Pet Care Products | 6,461.04 | (341.87) | (73,031.59) |
| 155 | Signature Brands, LLC | 25,408.05 | (8.46) | (15,282.91) |
| 156 | Simmons Allied Pet Foods, Inc | 5,616.00 | (847.68) | (230.52) |
| 157 | Smithfield Packing Company, Inc | 849,840.77 | (10,602.70) | 0.00 |
| 158 | Specialty Brands LP | 11,150.10 | (908.55) | (2,521.43) |
| 159 | St Johns Beverage Company, Inc | 201,408.44 | (1,330.73) | 0.00 |
| 160 | Swedish Match North America, Inc. | 32,622.52 | (520.68) | (11.24) |
| 161 | Swisher International, Inc | 32,405.80 | (2,725.08) | (379.27) |
| 162 | Sysco Food Svc South of Florida | 4,615.90 | 0.00 | 0.00 |
| 163 | T Marzetti Company | 53,679.66 | (1,347.88) | (346.66) |
| 164 | Tai Foong USA, Inc | 9,900.00 | 0.00 | 0.00 |
| 165 | Tate & Lyle Sucralose, Inc | 9,144.23 | 0.00 | 0.00 |

**Exhibit 1:  Reclamation Claimants That Agree with the Debtors' Proposed and Analyzed Gross Reclamation Amount but not yet Opted-in to the Trade Lien Stipulation**

| No. | Reclamation Claimant | (1) Agreed Gross Reclamation Claim | (2) Deduct for AP Credits (a) | (3) Deduct for AR - Promotional Allowances (a) |
|---|---|---|---|---|
| 166 | The Father's Table Company | 13,086.00 | 0.00 | 0.00 |
| 167 | The Jel Sert Company | 5,041.20 | (36.00) | (2,575.54) |
| 168 | The Minute Maid Company | 259,194.16 | (43,007.90) | (94,597.82) |
| 169 | The Scotts Company & Subsidiaries | 0.00 | 0.00 | 0.00 |
| 170 | Tree of Life Inc (Gourmet Awards) | 459,497.99 | (1,034.87) | 0.00 |
| 171 | U.S. Smokeless Tobacco Brands, Inc | 22,228.20 | (18.86) | (1,640.61) |
| 172 | United Sugars Corporation | 116,945.46 | (11.95) | 0.00 |
| 173 | US Foodservice (Alabama) | 3,461.04 | 0.00 | 0.00 |
| 174 | Vanguard Plastics, Inc | 39,591.90 | 0.00 | 0.00 |
| 175 | Welch Foods, Inc | 320,216.96 | (23,924.78) | 0.00 |
| 176 | Wenner Bread Products, Inc | 0.00 | 0.00 | 118,495.10 |
| 177 | Westin Foods, Inc | 20,413.82 | 0.00 | 0.00 |
| 178 | Whink Products Company | 4,330.38 | 0.00 | 0.00 |
| 179 | Willert Home Products, Inc | 3,547.74 | 0.00 | (7.50) |
| 180 | Wise Foods | 83,038.21 | (10,764.40) | 0.00 |
| 181 | Worlds Kitchen | 16,114.15 | (160.20) | (28.89) |
| 182 | WOW Dinnerware | 197,341.68 | (496.80) | 0.00 |
| 183 | Wyeth Consumer Healthcare | 404,853.96 | (9,027.98) | (240,267.72) |
| 184 | Zatarain's Partnership, LP | 49,168.20 | (20,264.52) | 0.00 |

Footnotes

(a)  If vendor opts-in to Trade Lien Program, these amounts might be reduced under paragraph 7 of the Reclamation/Trade Lien Stipulation.

(b)  Cargill submitted three separate reclamation claims.  The parties agreed to the gross reclamation amount of two of these claims.  These are listed on Exhibit 1.  Cargill disagreed with Debtors' reconciliation of their third claim, which is listed on Exhibit 3.

(c)  Krispy Kreme Doughnut Corporation filed its reclamation claim along with 18 of its affiliates.  In a letter dated August 9, 2005, Krispy Kreme Doughnut Corporation and its affiliates agreed to the net reclamation amount of $299,179.31 after the AP offsets.  Since then, Kripsy Kreme Doughnut Corporation has opted-in with the agreed gross reclamation claim of $142,337.43 for just their portion of the net reclamation claim.  The 18 affiliates have not opted-in to the Trade Lien Program yet, but have agreed that the remaining gross reclamation amount is $156,841.88.

**EXHIBIT 2**

**Exhibit 2:  Reclamation Claimants That Did Not Respond to the Statement of Reclamation and Whose Claim is Therefore Allowed as Set Forth Below**

| No. | Reclamation Claimant | (1) Reclamation Demand Submitted by Claimant | (2) Debtors' Reconciled Reclamation Claim to Which Creditor Did Not Object, Which is Therefore the Allowed Gross Reclamation Claim | (3) Deduct for AP Credits (a) | (4) Deduct for AR - Promotional Allowances (a) | (5) Allowed Reclamation Claim Subject to Consumption |
|---|---|---|---|---|---|---|
| 1 | Altadis USA Inc | 10,694.30 | 5,195.50 | (218.40) | 0.00 | 4,977.10 |
| 2 | American Foods Group | 117,176.69 | 0.00 | 0.00 | 0.00 | 0.00 |
| 3 | American Rice, Inc | 5,218.08 | 3,178.26 | (80.64) | 0.00 | 3,097.62 |
| 4 | Associated Brands | 8,996.33 | 2,060.66 | (74.88) | 0.00 | 1,985.78 |
| 5 | Baker & Taylor | 132,188.61 | 35,311.32 | (187,848.59) | 0.00 | (152,537.27) |
| 6 | Barilla America, Inc | 220,517.85 | 92,377.28 | (72,749.33) | (5.28) | 19,622.67 |
| 7 | Bay City Produce | 84,181.65 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8 | Bissell Homecare, Inc | 5,312.52 | 1,512.09 | (1,213.69) | (378.18) | (79.78) |
| 9 | Blue Diamond Growers | 23,183.60 | 10,538.00 | 0.00 | 0.00 | 10,538.00 |
| 10 | Borden Dairy (Milk Products, LP) | 16,342.87 | 15,781.52 | (7.18) | 0.00 | 15,774.34 |
| 11 | Burkhardt Sales and Service | 1,548.05 | 287.35 | 0.00 | 0.00 | 287.35 |
| 12 | Busch Transou dba Tri-Eagle Sales | 892.75 | 226.05 | 0.00 | 0.00 | 226.05 |
| 13 | Cadbury Adams USA, LLC | 345,970.97 | 48,942.76 | (34,022.70) | (3,406.57) | 11,513.49 |
| 14 | Castleberry's Food Company | 72,077.21 | 0.00 | (5,505.71) | 0.00 | (5,505.71) |
| 15 | Chiquita Brands International | 116,456.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 16 | Coca-Cola Bottling Company - Durham | 4,825.31 | 2,714.31 | 0.00 | 0.00 | 2,714.31 |
| 17 | Coca-Cola Bottling Company - Meridian | 8,469.72 | 1,733.56 | 0.00 | 0.00 | 1,733.56 |
| 18 | Cole's Quality Foods, Inc | 125,785.20 | 49,289.80 | (5,484.40) | (1,443.53) | 42,361.87 |
| 19 | Continental Mills, Inc | 92,495.04 | 73,791.84 | (5,067.60) | (433.80) | 68,290.44 |
| 20 | Coty LLC | 115,445.56 | 33,466.95 | (8,418.42) | (7,956.17) | 17,092.36 |
| 21 | Country Garden Silks | 1,557.00 | 1,497.00 | 0.00 | 0.00 | 1,497.00 |
| 22 | Cumberland Swan Holdings, Inc | 8,206.44 | 0.00 | (1,647.85) | (310.00) | (1,957.85) |
| 23 | Dale's Sauces. Inc | 53,438.40 | 37,156.80 | (29.36) | 0.00 | 37,127.44 |
| 24 | Delizza, Inc | 7,444.08 | 0.00 | 0.00 | (2,000.00) | (2,000.00) |
| 25 | Doane Pet Care Company | 70,701.01 | 62,485.01 | (352.69) | (65.49) | 62,066.83 |
| 26 | DSC Sales, Inc | 638,884.14 | 0.00 | 0.00 | 0.00 | 0.00 |
| 27 | Dynamic Scan | 0.00 | 3,661.55 | 0.00 | 0.00 | 3,661.55 |
| 28 | Empress International Ltd | 320,862.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 29 | Excalibur Seasoning Co, Ltd | 22,079.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| 30 | ExxonMobil Chemical Company | 125,758.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 31 | ExxonMobil Lubricants & Petroleum Specialties | 2,151.89 | 1,451.19 | 0.00 | 0.00 | 1,451.19 |
| 32 | Fieldale Farm Corporation | 161,807.90 | 74,740.59 | 0.00 | 0.00 | 74,740.59 |
| 33 | Fresh Express Inc | 576,273.19 | 0.00 | 0.00 | 0.00 | 0.00 |
| 34 | Frieda's Inc | 27,090.20 | 1,077.50 | 0.00 | 0.00 | 1,077.50 |
| 35 | GFA Brands, Inc. | 107,286.70 | 10,183.26 | (18,836.36) | (1,869.77) | (10,522.87) |
| 36 | Gold Coast Eagle Distributing (Budweiser) | 2,589.35 | 776.50 | 0.00 | 0.00 | 776.50 |
| 37 | Gold Kist, Inc. | 84,578.27 | 84,578.27 | (515.20) | 0.00 | 84,063.07 |
| 38 | Hamilton Beach/Proctor-Silex, Inc. | 7,066.70 | 1,585.60 | (46,600.00) | (3,723.73) | (48,738.13) |
| 39 | Hanover Foods Corporation | 22,747.36 | 12,507.53 | (896.76) | (12,986.20) | (1,375.43) |
| 40 | Heinemann's Inc | 79,803.00 | 69,273.00 | (2,464.20) | 0.00 | 66,808.80 |
| 41 | Hershey Foods | 894,100.19 | 208,183.56 | 0.00 | 0.00 | 208,183.56 |
| 42 | Iberia World Foods Corp | 160,083.68 | 66,980.75 | 0.00 | 0.00 | 66,980.75 |
| 43 | Interstate Brands Corporation | 1,097,037.11 | 483,702.11 | (937.20) | 0.00 | 482,764.91 |
| 44 | John B. Stanfilippo & Son, Inc. | 42,651.44 | 0.00 | (350.90) | 0.00 | (350.90) |
| 45 | Jones Dairy Farm | 19,492.98 | 9,187.26 | (41.73) | (68.60) | 9,076.93 |
| 46 | Kennesaw Fruit & Juice | 16,915.62 | 6,617.22 | 0.00 | 0.00 | 6,617.22 |
| 47 | Kozy Shack Enterprises, Inc | 48,013.92 | 30,290.76 | (2,162.16) | (13,006.63) | 15,121.97 |
| 48 | Lake Placid Groves, LLC ("Lake Placid") | 90,310.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 49 | Lance, Inc. | 160,343.08 | 125,104.35 | (3,442.93) | 0.00 | 121,661.42 |
| 50 | Maxell Corp of America | 2,110.50 | 135.00 | 0.00 | 0.00 | 135.00 |
| 51 | Meyer's Bakeries, Inc | 64,897.90 | 61,161.10 | (2,532.44) | 0.00 | 58,628.66 |
| 52 | Mott's, LLP | 237,044.24 | 108,416.22 | 0.00 | 0.00 | 108,416.22 |
| 53 | National Tobacco | 5,207.55 | 718.89 | 0.00 | 0.00 | 718.89 |
| 54 | Otis Spunkmeyer Inc | 23,232.35 | 8,685.62 | 0.00 | 0.00 | 8,685.62 |
| 55 | Paskert Distributing, Inc | 88,520.68 | 90,925.63 | (9,891.07) | 0.00 | 81,034.56 |
| 56 | Paul Mueller Company | 2,036.15 | 0.00 | 0.00 | 0.00 | 0.00 |
| 57 | Pilgrim's Pride Corp | 97,014.73 | 93,302.43 | (1,846.48) | (208.52) | 91,247.43 |
| 58 | Pro's Choice Beauty Care, Inc | 24,545.50 | 9,454.00 | (1,937.05) | 0.00 | 7,516.95 |
| 59 | Provimi Veal Corp | 8,242.25 | 6,882.50 | (239.40) | 0.00 | 6,643.10 |
| 60 | Purcell International, Inc | 287,706.95 | 0.00 | 0.00 | 0.00 | 0.00 |
| 61 | Reily Foods Company | 113,373.86 | 69,578.34 | 0.00 | (13,621.62) | 55,956.72 |
| 62 | Rexam Beverage Can Company | 444,686.18 | 389,712.75 | 0.00 | (9,116.67) | 380,596.08 |
| 63 | Schering-Plough HealthCare Products | 617,007.18 | 614,566.08 | (23,797.56) | (486.36) | 590,282.16 |

Exhibit 2:  Reclamation Claimants That Did Not Respond to the Statement of Reclamation and Whose Claim is Therefore Allowed as Set Forth Below

| No. | Reclamation Claimant | (1) Reclamation Demand Submitted by Claimant | (2) Debtors' Reconciled Reclamation Claim to Which Creditor Did Not Object, Which is Therefore the Allowed Gross Reclamation Claim | (3) Deduct for AP Credits (a) | (4) Deduct for AR - Promotional Allowances (a) | (5) Allowed Reclamation Claim Subject to Consumption |
|---|---|---|---|---|---|---|
| 64 | Scunci International, Inc | 48,495.60 | 22,215.72 | (585.12) | (342,639.25) | (321,008.65) |
| 65 | Silver Eagle Distributors, Ltd | 2,832.53 | 673.30 | 0.00 | 0.00 | 673.30 |
| 66 | Southeast Provisions, LLC | 167,452.37 | 74,618.04 | (983.10) | 0.00 | 73,634.94 |
| 67 | Southern Eagle Distributing | 2,246.65 | 645.15 | 0.00 | 0.00 | 645.15 |
| 68 | Sun and Fun Sales | 0.00 | 3,661.55 | 0.00 | 0.00 | 3,661.55 |
| 69 | SW (Red) Smith, Inc | 7,767.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 70 | Sysco Food Svcs of Central Alabama | 783.96 | 368.21 | 0.00 | 0.00 | 368.21 |
| 71 | Sysco, Jacksonville | 658.58 | 0.00 | 0.00 | 0.00 | 0.00 |
| 72 | Temple-Inland | 19,006.61 | 7,258.56 | 0.00 | 0.00 | 7,258.56 |
| 73 | The Great Fish Company, LLC | 53,620.00 | 26,208.00 | (83.40) | 0.00 | 26,124.60 |
| 74 | The Hartz Mountain Corporation | 108,960.53 | 55,841.26 | (1,766.52) | (17,714.19) | 36,360.55 |
| 75 | The WE Bassett Company, Inc | 2,030.76 | 968.40 | 0.00 | (242.00) | 726.40 |
| 76 | Upper Crust, Ltd | 37,260.24 | 0.00 | (7,052.61) | 0.00 | (7,052.61) |
| 77 | Vestcom New Century LLC | 67,595.69 | 28,961.61 | 0.00 | 0.00 | 28,961.61 |
| 78 | Wayne, a division of Dresser, Inc | 23,149.12 | 12,109.00 | 0.00 | 0.00 | 12,109.00 |
| 79 | Worldwide Merchandise Resources Corp | 86,000.00 | 0.00 | 0.00 | 0.00 | 0.00 |

**Footnotes**
(a)   If vendor opts-in to Trade Lien Program, these amounts might be reduced under paragraph 7 of the Reclamation/Trade Lien Stipulation.

**<u>EXHIBIT 3</u>**

**Exhibit 3:  Reclamation Claimants that Disagreed with Statement of Reclamation**

| No. | Reclamation Claimant | (1) Reclamation Demand Submitted by Claimant | (2) Debtors' Reconciled Amount | (3) Deduct for AP Credits (a) | (4) Deduct for AR - Promotional Allowances (a) | |
|---|---|---|---|---|---|---|
| 1 | Allen Beverages, Inc dba Pepsi Cola Bottling Co of Gulfport | 44,472.17 | 0.00 | 0.00 | 0.00 | |
| 2 | Anderson News Company | 3,803,744.99 | 2,287,571.08 | (22,403.25) | (17,411,461.00) | |
| 3 | Bayer Corporate & Business Services, LLC | 253,920.66 | 154,414.74 | (20,863.00) | (160,285.70) | |
| 4 | Cardinal Health | 3,823,267.50 | 3,823,267.50 | (3,989,827.10) | 0.00 | |
| 5 | Cargill Meat Solutions Corporation | 730,839.30 | 214,864.14 | (12,656.63) | 0.00 | |
| 6 | CNS, Inc | 25,204.32 | 17,504.16 | (1,248.07) | 0.00 | |
| 7 | Coca-cola Bottling Company Consolidated | 338,018.91 | (1,143,379.05) | (33,497.70) | (33.03) | |
| 8 | Colgate-Palmolive Co | 262,519.88 | 160,016.92 | (2,024.19) | (253,007.48) | |
| 9 | Commonwealth Brands, Inc | 28,684.80 | 5,826.60 | 0.00 | (14,659.82) | |
| 10 | Corr-Williams Company | 21,399.55 | 13,757.06 | 0.00 | 0.00 | |
| 11 | D.L. Lee & Sons, Inc | 26,095.98 | 25,646.57 | 0.00 | 0.00 | |
| 12 | Dannon Company, Inc | 337,778.31 | 262,061.27 | (18,084.14) | (374,939.95) | |
| 13 | Dawn Food Products | 404,180.97 | 267,393.63 | (9,343.90) | 0.00 | |
| 14 | Domino Foods, Inc | 129,190.91 | 105,940.21 | (208.08) | (66.72) | |
| 15 | EAS | 12,682.08 | 4,691.52 | 0.00 | (69,479.94) | |
| 16 | Falcon Farms | 389,543.64 | 200,722.54 | (234.00) | 0.00 | |
| 17 | Front-End Services Corporation | 631,220.00 | 148,000.00 | 0.00 | 0.00 | |
| 18 | Hallmark Cards | 0.00 | 0.00 | 0.00 | 0.00 | (b) |
| 19 | Hasbro, Inc. | 8,593.03 | 561.56 | 0.00 | (150.00) | |
| 20 | Henschel-Steinau | 91,129.85 | 0.00 | 0.00 | 0.00 | |
| 21 | Hobart Corporation | 195,410.19 | 52,704.93 | 0.00 | 0.00 | |
| 22 | HP Hood LLC | 320,147.88 | 112,954.20 | (14,699.80) | (2,381.51) | |
| 23 | Krispy Kreme of South Florida, LLC | 67,135.61 | 39,392.59 | 0.00 | 0.00 | |
| 24 | Metro Wholesale Grocers of New York | 61,939.99 | 45,303.75 | (68.16) | 0.00 | |
| 25 | Metro-Goldwyn-Mayer Home Entertainment LLC | 159,428.46 | 33,732.23 | (352,845.11) | (28,862.06) | |
| 26 | Paramount Farms, Inc | 23,783.87 | 8,960.06 | (360.00) | 0.00 | |
| 27 | Peace River Distributing, Inc | 1,690.90 | 578.10 | 0.00 | 0.00 | |
| 28 | Pepsi Cola Bottling of Greenville, SC (Beverage South, Inc) | 13,325.87 | 0.00 | 0.00 | 0.00 | |
| 29 | PepsiAmericas, Inc | 441,421.75 | 315,723.30 | 0.00 | 0.00 | |
| 30 | Pepsi-Cola Bottling Company of Charlotte, Inc | 55,575.38 | 51,449.70 | 0.00 | 0.00 | |
| 31 | Pepsi-Cola Bottling Company of Hickory, NC | 51,062.37 | 3,183.96 | 0.00 | 0.00 | |
| 32 | Pepsi-Cola Winfield Alabama | 6,807.55 | 0.00 | 0.00 | 0.00 | |
| 33 | Personal Optics | 48,177.48 | 12,265.16 | (16,873.02) | 0.00 | |
| 34 | Pioneer Paper & Plastics, Inc | 288,430.23 | 91,033.22 | 0.00 | 0.00 | |
| 35 | Processor's Choice Inc | 4,411.20 | 0.00 | 0.00 | 0.00 | |
| 36 | Ranir Corporation | 16,387.20 | 10,707.84 | 0.00 | 0.00 | |
| 37 | Reser's Fine Foods. Inc | 409,442.29 | 85,553.66 | (1,126.85) | (8.88) | |
| 38 | Riverdale Farms, Inc | 140,902.95 | 102,736.18 | (7,903.56) | 0.00 | |
| 39 | Ross Products Division, Abbott Laboratories, Inc | 1,097,017.22 | 270,579.64 | 0.00 | 0.00 | |
| 40 | Schreiber Foods, Inc. | 2,092,369.56 | 1,000,021.05 | (6,773.05) | (16,034.93) | |
| 41 | Southern Wine & Spirits Florida (South Carolina) | 31,330.10 | 23,697.30 | 0.00 | 0.00 | |
| 42 | Southern Wine & Spirits of Florida (Central Florida) | 293,775.00 | 252,630.79 | (2,106.00) | 0.00 | |
| 43 | Southern Wine & Spirits of Florida (North Florida) | 434,855.00 | 378,520.98 | 0.00 | 0.00 | |
| 44 | Southern Wine & Spirits of Florida (South Florida) | 452,718.50 | 393,564.61 | 0.00 | 0.00 | |
| 45 | Swift & Company | 195,571.65 | 97,033.35 | 0.00 | 0.00 | |
| 46 | Sylvania Lighting Services | 105,000.00 | 0.00 | 0.00 | 0.00 | |
| 47 | Turtle Wax, Inc | 25,809.79 | 20,971.98 | (798.45) | (390.75) | |
| 48 | Tyson Foods, Inc | 1,312,838.86 | 792,514.42 | (14,845.66) | (20.12) | |

**Footnotes**

(a)  If vendor opts-in to Trade Lien Program, these amounts might be reduced under paragraph 7 of the Reclamation/Trade Lien Stipulation.

(b)  Hallmark's original demand dated 2/18/05 included no claim amount or supporting documentation.  Subsequently, the claim was verbally withdrawn.  Hallmark is a SBT (scanned based trade vendor).  Pursuant to a motion filed with the court, docket #538, the debtor is permitted to pay for consignment goods (scan based inventory) delivered pre-petition in the normal course of business.  Hallmark's accounts payable balance is current.  Hallmark submitted a second claim on June 15, 2005, which was late.