**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                            Chapter 11

WINN-DIXIE STORES, INC., et. al.,                 Case No: 3-05-bk-03817-JAF

Debtors.                                                          Jointly Administered

_____/

**RESPONSE OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPLICATION PURSUANT TO SECTION 1103(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING *NUNC PRO TUNC* EMPLOYMENT AND RETENTION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP AS LEGAL <u>COUNSEL FOR THE OFFICIAL EQUITY SECURITY HOLDERS COMMITTEE</u>**

The Official Committee of Equity Security Holders appointed in the above-referenced bankruptcy proceedings (the "Equity Committee") files its response (the "Response") to the *Limited Objection of Official Committee of Unsecured Creditors to Application Pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing Nunc Pro Tunc Employment and Retention of Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Official Equity Security Holders Committee* (the "Objection"), dated September 14, 2005 [Docket No. 3443], and in support thereof respectfully represents as follows:

<u>BACKGROUND</u>

1.      On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc., *et al*. (the "Debtors") filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeast United States, primarily under the names "Winn-Dixie" and "Winn-Dixie Marketplace".  The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisition and internal expansion.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 1,000 stores in the United States.

4.      On March 1, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Creditors' Committee") to serve in the Debtors' cases pursuant to section 1103 of the Bankruptcy Code.

5.      On August 17, 2005, the Office of the United States Trustee appointed the Equity Holders Committee pursuant to section 1102(a) of the Bankruptcy Code.  The Equity Holders Committee consists of the following members: (i) Brandes Investment Partners, L.P. Profit Sharing Plan; (ii) Houston N. Maddox; (iii) Paul Madsen;[1] (iv) Michael Nakonechny; and (v) Kenneth M. Thomas.  On August 24, 2005, the Equity Committee selected Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") as its proposed counsel.

6.      On September 7, 2005, the Equity Committee filed its *Application for an Order Pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Nunc Pro Tunc Retention of Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Official Committee of Equity Security Holders* (the "Retention Application") [Docket No. 3386]

---

[1] Paul Madsen has since resigned.

and the Affidavit of Karol K. Denniston in support thereof [Docket No. 3387]. Subsequently, an

additional Affidavit of Karol K. Denniston was filed on September 14, 2005 [Docket No. 3455]

to correct a scrivener's error in the Affidavit of Karol K. Denniston filed on September 7, 2005.

**The Retention Application Should Be Granted**

7.      On or about September 2, 2005, the Creditors' Committee filed under seal its

*Motion for Entry of Order Under 11 U.S.C. §§ 105 and 1102 Disbanding the Official Committee*

*of Equity Holders* [Docket No. 3363] (the "Motion to Disband").

8.      The Creditors' Committee bases the Objection to the Retention Application on the

Motion to Disband and argues that "[t]he approval of employment of any professional for the

Equity Committee is premature at this point in time."  Objection, ¶ 6.

9.      The Equity Committee has filed a dispositive motion in response to the Motion to

Disband under seal and strongly believes that the Motion to Disband is without legal merit and

devoid of factual support.  The Debtors support the existence of the Equity Committee in the

Debtors' chapter 11 case.  On June 3, 2005, the Debtors, through their counsel, sent a letter to the

United States Trustee indicating their support for the appointment of an official committee of

equity holders.  A copy of such letter is attached hereto as Exhibit A.  In addition, the Debtors

have represented to this Court that they will file a response opposing the Motion to Disband,[2]

and have now filed a dispositive motion in response to the Motion to Disband continuing its

support of the U.S. Trustee's appointment of the Equity Committee.

10.     The Bankruptcy Code provides that appointment of a committee of equity

security holders in within the discretionary purview of the United States Trustee:

---

[2] *See* Debtors' Motion Regarding Filing Under Seal of Pleadings Related to Appointment of Equity Committee, ¶ 5 at page 3, filed August 31, 2005.

LEGAL_US_E # 70019826.5

> [T]he United State trustee . . . may appoint additional committees
> of creditors or of equity security holders as the United States
> trustee deems appropriate.

11 U.S.C. § 1102(a).

11.     The Bankruptcy Code further provides that a committee of equity security holders

appointed by the United States Trustee is authorized to employ attorneys, accountants and other

professionals:

> At a scheduled meeting of a committee appointed under section
> 1102 of this title, at which a majority of the members of such
> committee are present, and with the court's approval, such
> committee may select and authorize the employment by such
> committee of one or more attorneys, accountants, or other agents to
> represent or perform services for such committee.

11 U.S.C. § 1103(a).

12.     Section 348 of the Bankruptcy Code specifies that the Bankruptcy Court may

approve any reasonable terms and conditions of employment of a professional employed by a

committee under section 1102 of the Bankruptcy Code:

> [A] committee appointed under section 1102 of this title, with the
> court's approval, may employ or authorize the employment of a
> professional person under section 327 or 1103 of this title, as the
> case may be, on any reasonable terms and conditions of
> employment . . . .

11 U.S.C. § 328(a).

13.     The Creditors' Committee has not raised a substantive objection to the Retention

Application, but rather has raised an issue regarding whether the appointment of the Equity

Committee in this case is proper.  Here, the Equity Committee in the Debtors' cases has already

been duly appointed by the United States Trustee and has held its organizational meeting,

selected counsel and engaged financial advisors. As authorized to do under the Bankruptcy

Code, the Equity Committee has sought Bankruptcy Court approval of its employment of

counsel pursuant to the Retention Application.  It is readily apparently that a duly constituted

{00041745.DOC;1}4

equity committee will need to employ competent legal counsel to represent the interests of the

equity committee and its constituents.  *See In re Evans Products Co.*, 48 B.R. 572, 576 (S.D. Fla.

1985) ("Stockholders are no less entitled than creditors to independent, zealous representation by

professionals free of any compromising influences or loyalties."); *see also*, *Looking Out for

Shareholders: The Role of the Equity Committee in Chapter 11 Reorganization Cases of Large,

Publicly Held Companies*, 68 Am. Bank. L.J. 295, 306 (1994) ("It is axiomatic that an equity

committee needs to employ attorneys to provide it with legal representation in the case.").

14.    The Creditors' Committee vacuously asserts, despite its filing of the Motion to

Disband, that "neither Paul Hastings nor any other party in interest will suffer undue prejudice if

consideration of the . . . [Retention Application] is delayed." Objection, ¶ 6.  The very existence

of the Equity Committee is under the direct attack of the Creditors Committee and, as such, the

Equity Committee should not be forced to defend its existence without the benefit of counsel of

its choice.    Furthermore, counsel for the Equity Committee that has properly sought to be

retained in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure

should not be forced to provide necessary and clearly appropriate services under a threat that it

will not be paid.

15.    In this regard, counsel for the Creditors' Committee has communicated its

expectations that Paul Hastings will timely respond to discovery requests that it has propounded

on the Equity Committee as well as respond to the Motion to Disband and scheduling orders

related thereto.  It is disingenuous to suggest that counsel to the Equity Committee's retention

should not be approved and formalized as legal services are not only necessary but critical to

LEGAL_US_E # 70019826.5

ensure the continued existence of the Equity Committee – an existence the Debtors have asserted is in the best interest of the bankruptcy estates.[3]

16.    The retention of Paul Hastings should not be delayed.  In the event the Motion to Disband is ultimately successful, the allowability of any fees and costs of counsel incurred by the Equity Committee subsequent to the entry of an order approving the Motion to Disband can be determined by the Bankruptcy Court in connection with the consideration of Paul Hastings' fee applications.  *See*, *e.g.*,  *In re Standard Steel Sections, Inc*., 200 B.R. 511, 514 (S.D.N.Y. 1996) (concerns regarding preservation of estate assets do not justify rejection of appointment of counsel under § 1103(a), appropriate time to address such concerns is when request for reimbursement of fees is before the court); *accord*, *In re Lion Capital Group*, 44 B.R. 684, 686 (Bankr. S.D.N.Y. 1984).

17.    The Equity Committee has been duly appointed by the United States Trustee in accordance with the Bankruptcy Code and seeks to exercise rights granted to it by Congress under the Bankruptcy Code.  *See In re Heck's Inc*., 83 B.R. 410, 417 (S.D. W.Va. 1988) ("The only statutory limit on an official committee's fundamental right to select counsel of its choice is contained in Section 1103(b) of the Bankruptcy Code. . . . The purpose of this section is to prevent conflicts of interest.").  The Bankruptcy Code does not provide that after the United States Trustee has appointed an official committee of equity security holders such committee is not entitled to hire attorneys and other professionals in the event that any party in interest in the case seeks to challenge the United States Trustee's decision.  While the Creditors' Committee may seek to challenge, to the extent allowed by this Court, the United States Trustee's decision, it should not be able to prevent the Equity Committee from retaining the very professionals

---

[3] *See* Letter from D.J. Baker, Counsel to the Winn-Dixie Stores, Inc., *et al*., to Kenneth C. Meeker, Assistant United States Trustee (June 3, 2005) (a copy of which is attached hereto as Exhibit A).

necessary to defend the Creditors' Committee's Motion to Disband.  Moreover, as this Court

well knows, the Debtors are presently preparing their business plan necessary to determine the

foundation for the Debtors' proposed plan of reorganization.  Debtors' counsel recently advised

this Court:

> The company has, having accomplished all of that, promised the
> Creditors' Committee that we will deliver to the Creditors'
> Committee, by the end of October, a business plan which will
> incorporate the results of operations as a result of the new footprint
> and include numbers for August and September.
>
> * * *
>
> And based upon that business plan, once there's a consensus about
> it, propose to the Creditors' Committee a plan of reorganization,
> negotiate that plan of reorganization, and then hopefully, with the
> consent of the Creditors' Committee and other interested parties,
> bring that plan to this Court.

Transcript of Hearing held on September 9, 2005, page 6, lines 6-12 and 17-23.

18.     It is absolutely imperative that the Equity Committee be represented in connection

with discussions of the Debtors' anticipated business plan and negotiations regarding the

Debtors' proposed plan of reorganization.  *See In re Standard Steel Sections, Inc.*, 200 B.R. 511,

513 (S.D.N.Y. 1996) ("[A]s the legislative history of § 1103(a) indicates, Congress believed that

separate legal representation of disparate and adversarial interests in a bankruptcy was necessary

to the fair and efficient distribution of the assets of the estate and therefore ought to be eligible

for reimbursement as an estate expense."); *see also*, *In re Finley, Kumble, Wagner, Heine,*

*Underberg, Manley, Myerson & Casey*, 85 B.R. 13, 16 (Bankr. S.D.N.Y. 1988) ("Being an

effective and unified voice in a Chapter 11 case is an important aspect of the functioning of a

creditors' or equity security holders' committee.").  The Equity Committee has been previously

appointed by the United States Trustee under Bankruptcy Code section 1102(a).  Unless and

until disbanded by Court order, the Equity Committee has an absolute right under section

1103(a) to employ professional advisors subject to compliance with the requirements of the

Bankruptcy Code and Federal Rules of Bankruptcy Procedure regarding retention of professionals.

## **CONCLUSION**

Based on the foregoing, the Equity Committee respectfully requests that this Court overrule the Objection and grant the Retention Application and such further and other relief as the Court deems just and appropriate.

Respectfully submitted this 4th day of October 2005.

PAUL, HASTINGS, JANOFSKY & WALKER LLP
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Karol K. Denniston
TX Bar No. 141667
Carolyn C. Chayavadhanangkur
GA Bar No. 122152
Telephone: (404) 815-2400

PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street
Washington, DC 20005
James D. Wareham
DC Bar No. 411799
Telephone: (202) 551-1700

- and -

JENNIS & BOWEN, P.L.
/s/ Chad S. Bowen
Chad S. Bowen
FL Bar No. 0138290
400 North Ashley Drive
Suite 2540
Tampa, FL  33602
Telephone: (813) 229-1700
cbowen@jennisbowen.com

***Proposed Co-Counsel for the Official
Committee of Equity Security Holders***

LEGAL_US_E # 70019826.5

EXHIBIT A

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE

NEW YORK 10036-6522
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-2150
DIRECT FAX
(917) 777-2150
EMAIL ADDRESS
DJBAKER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 3, 2005

## BY FACSIMILE AND ELECTRONIC MAIL

Kenneth C. Meeker, Esq.
Assistant United States Trustee
Office of the United States Trustee
135 West Central Boulevard, Suite 620
Orlando, Florida 32801

> RE:    Winn-Dixie Stores, Inc., et al.
> Case No. 05-03817-3F1

Dear Mr. Meeker:

At your request, I am writing on behalf of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its debtor subsidiaries (collectively, the "Debtors") in response to the request of D.D.I., Inc. for appointment of an official committee of equity holders (an "Equity Committee") in the Debtors' chapter 11 cases. While mindful that the appointment of an Equity Committee is not appropriate in every chapter 11 case, the Debtors believe that, given the facts as they are currently known, the appointment of an Equity Committee in these cases and at this time is appropriate and in the best interests of their estates; provided, however, that the Debtors reserve the right to challenge the continued existence of such an Equity Committee if, and to the extent, it were to appear that the Debtors were hopelessly insolvent.

In determining that the appointment of an Equity Committee at this time is appropriate, the Debtors are guided by several factors. To begin, the Debtors do not appear to be hopelessly insolvent. Unlike many of the chapter 11 cases that have been filed in recent years, the Debtors' decision to file these cases was driven by the need for an operational restructuring and not by an overwhelming debt

06/03/2005   12:43   SKADDEN ARPS → 9191777121307091030

June 3, 2005
Page 2

burden. The most recent monthly operating statement filed in these chapter 11 cases lists shareholder equity at $298,434,000 (unaudited)[1] and the most recent Form 10-Q filed for Winn-Dixie Stores, Inc. lists shareholder equity at $343,157,000 (unaudited).[2] Whether equity holders receive a meaningful distribution under an eventual plan of reorganization will depend upon the success of the restructuring strategy that is developed and pursued in the coming months. While admittedly uncertain, given the facts as they are currently known, the Debtors believe that there is a significant possibility that the restructuring strategy will prove successful and that shareholders will receive a meaningful distribution under an eventual plan of reorganization. Accordingly, the Debtors do not appear to be hopelessly insolvent at the present time.

Moreover, because any distribution to equity holders will depend, in large measure, upon the success of the restructuring strategy that is implemented and the eventual plan of reorganization that is pursued, it is important that the interests of such holders be represented in the development of that strategy and plan. The Debtors believe that it is appropriate that an Equity Committee be appointed to represent such interests. The Debtors' cases are large and complex and there are more than 36,000 record holders of Winn-Dixie stock, virtually all of whom may be presumed to be unfamiliar with the restructuring process. The appointment of an Equity Committee with fiduciary duties running to all equity holders will help to assure that the interests of such holders are adequately represented. Further, because it is still relatively early in the Debtors' cases, appointing an Equity Committee at this time will allow equity holders to have a meaningful voice in the development and implementation of the Debtors' restructuring strategy and in the negotiation of a plan of reorganization.

In determining that the appointment of an Equity Committee at the present time is appropriate, the Debtors have also considered the costs of such an appointment to the Debtors' estates. If appointed, an Equity Committee will be entitled to retain professionals pursuant to section 1103 of the Bankruptcy Code. The resulting costs to the Debtors' estates will not be trivial. However, the Debtors believe that given the facts as they are currently known, the benefits of having a committee representing the interests of equity holders are likely to outweigh the resulting costs.

---

[1]   See Winn-Dixie Stores, Inc. et al., Monthly Operating Statement for the Period from April 7, 2005 to May 4, 2005, at 1 (May 24, 2005).

[2]   See Winn-Dixie Stores, Inc., Form 10-Q for the Quarterly Period Ended April 6, 2005, at 3 (May 16, 2005).

03/2005    12:43    SKADDEN ARPS → 9191777721504697830

June 3, 2005
Page 3

      Notwithstanding the foregoing, the continued existence of an Equity Committee (if appointed) would be inappropriate if it were to ever appear that the Debtors had become hopelessly insolvent. When a debtor is hopelessly insolvent, an Equity Committee is inappropriate because any distribution to equity holders is, in essence, a gift and "neither the debtor nor the creditors should have to bear the expense of negotiating over the terms of what is in essence a gift."[3]  Accordingly, while the Debtors believe that the appointment of an Equity Committee is appropriate given the facts as they are presently known, the Debtors reserve the right to challenge the continued existence of such a committee if it were to appear at some point in the future that the Debtors had become hopelessly insolvent.

      Thank you for your time and consideration of the Debtors' position on this matter. Steve Busey or I are available at your convenience should you desire to discuss this matter further.

Respectfully,

D. J. Baker

cc:    Felicia S. Turner, Esq., United States Trustee, Region 21
       Elena L. Escamillia, Esq.
       Dennis F. Dunne, Esq.
       Laurence B. Appel, Esq.
       Stephen D. Busey, Esq.
       Cynthia C. Jackson, Esq.
       Sally McDonald Henry, Esq.
       Rosalie W. Gray, Esq.

---

[3]  In re Emons Industries, Inc., 50 B.R. 692, 694 (Bankr. S.D.N.Y. 1985)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                Chapter 11

WINN-DIXIE STORES, INC., <u>et</u>. <u>al.</u>,                  Case No: 3-05-bk-03817-JAF

Debtors.                                                          Jointly Administered

_____/


**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the **Response of Official**

**Committee of Equity Security Holders to Limited Objection of Official Committee of**

**Unsecured Creditors to Application Pursuant to Section 1103(a) of the Bankruptcy Code**

**and Bankruptcy Rule 2014 Authorizing Nunc Pro Tunc Employment and Retention of**

**Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Official Equity Security**

**Holders Committee** has been furnished via electronic mail and/or via U.S. Mail to the to the

following parties on this 4th day of October, 2005:

<u>Counsel for the Debtors</u>                    <u>United States Trustee</u>
Adam Ravin                                      Elena L. Escamilla
Skadden Arps Slate Meagher & Flom, LLP          Kenneth C. Meeker
Four Time Square                                135 W. Central Blvd., Suite 620
New York, NY 10036                              Orlando, FL 32806

And

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

<u>Counsel for the Creditors' Committee</u>
Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

And

John B. Macdonald
Akermann Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202

                                                 /s/ Chad S. Bowen
                                        David S. Jennis, Esquire
                                        Florida Bar No. 775940
                                        Chad S. Bowen, Esquire
                                        Florida Bar No. 0138290
                                        **Jennis & Bowen, P.L.**
                                        400 N. Ashley Dr., Ste. 2540
                                        Tampa, FL 33602
                                        Telephone: (813) 229-1700
                                        Facsimile: (813) 229-1707
                                        cbowen@jennisbowen.com