**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**ORDER AUTHORIZING DEBTORS TO SETTLE OR LIQUIDATE**
**CERTAIN LITIGATION CLAIMS WITH CASH PAYMENTS**

These cases came before the Court on October 7, 2005 on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an order approving a claims resolution procedure and authorizing the Debtors to settle or liquidate certain pre-petition litigation claims (the "Motion") (Docket No. 2976). Pursuant to the order entered by this Court on September 1, 2005, the Motion was approved in all respects, provided, however, that the Debtors were not authorized to negotiate or make cash settlement payments without further order of the Court (Docket No. 3326). Hearing on this issue, which was the subject of objections (the "Objections") filed by the United States Trustee (the "U.S. Trustee") and the official committee of unsecured creditors (the "Creditors Committee"), was deferred to October 7, 2005. Upon consideration, and it appearing to the Court that the parties have resolved the Objections, it is

ORDERED AND ADJUDGED:

1. The Debtors, in their discretion, are authorized to make cash payments in full satisfaction of certain prepetition automobile, general liability and employee related claims equal to the lesser of either (a) 50% of any reserve established by the Debtors for the claims prior to September 1, 2005 or (b) $5,000. The aggregate amount of such cash payments shall

not exceed $1,500,000 unless consented to in writing by the Debtors and the Creditors Committee. The Debtors shall file with the Bankruptcy Court and serve upon the Creditors Committee a quarterly report of all such payments.

2. The Debtors do not, by this Order or the Claims Resolution Procedure[1], acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

3. All provisions of the order entered by this Court on September 1, 2005 (Docket No. 3326) shall remain in full force and effect except as specifically provided herein.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ‎1 day of Oct, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

510559

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.