UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER GRANTING FURTHER EXTENSION OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors a further extension of the time period to assume or reject unexpired nonresidential real property leases (the "Motion"). The hearing on the Motion was held on September 1, 2005. At the time of such hearing, the objections to the Motion that remained outstanding were (a) the objection filed by PMG Ocean Associates, LP ("PMG") (Docket No. 3192) (the "PMG Objection") and (b) the objection filed by Victory Real Estate Investments, LLC et al. ("Victory") (Docket No. 3197) (the "Victory Objection," and together with the PMG Objection, the "Objections"). On September 12, 2005, the Court entered its Order Under 11 U.S.C. § 365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (the "365(d)(4) Order"). The 365(d)(4) Order continued the hearing on the Objections until the omnibus hearing scheduled for September 22,

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

2005. On September 22, 2005, the Court entered a subsequent Order (Docket No. 3601) (a) granting the Motion with respect to Victory and providing that the Victory Objection was withdrawn and (b) continuing the hearing on the PMG Objection to the omnibus hearing scheduled for October 7, 2005. Counsel has represented that discussions thereafter ensued between the Debtors and PMG. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is GRANTED with respect to PMG.

2. The PMG Objection is withdrawn.

3. The period within which the Debtors must move to assume or reject the lease that is the subject of the PMG Objection (the "PMG Lease") is extended through December 19, 2005.

4. The provisions of the 365(d)(4) Order shall apply to PMG and the PMG Lease to the same extent that such provisions were applied to the Unexpired Leases and the parties to such leases.

Dated this 7 day of October, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: pcathy           Page 1 of 1              Date Rcvd: Oct 07, 2005
Case: 05-03817              Form ID: pdfdoc        Total Served: 1

The following entities were served by first class mail on Oct 09, 2005.
aty          +Cynthia C. Jackson,    Smith Hulsey & Busey,   225 Water Street, Suite 1800,
              Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                  TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 09, 2005**                            **Signature:** _Joseph Speetjens_