# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                    )         Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,          )         Chapter 11

        Debtors.                          )         Jointly Administered

_____         )

## ORDER AUTHORIZING DEBTORS TO SETTLE OR LIQUIDATE CERTAIN LITIGATION CLAIMS WITH CASH PAYMENTS

These cases came before the Court on October 7, 2005 on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an order approving a claims resolution procedure and authorizing the Debtors to settle or liquidate certain pre-petition litigation claims (the "Motion") (Docket No. 2976). Pursuant to the order entered by this Court on September 1, 2005, the Motion was approved in all respects, provided, however, that the Debtors were not authorized to negotiate or make cash settlement payments without further order of the Court (Docket No. 3326). Hearing on this issue, which was the subject of objections (the "Objections") filed by the United States Trustee (the "U.S. Trustee") and the official committee of unsecured creditors (the "Creditors Committee"), was deferred to October 7, 2005. Upon consideration, and it appearing to the Court that the parties have resolved the Objections, it is

ORDERED AND ADJUDGED:

1.      The Debtors, in their discretion, are authorized to make cash payments in full satisfaction of certain prepetition automobile, general liability and employee related claims equal to the lesser of either (a) 50% of any reserve established by the Debtors for the claims prior to September 1, 2005 or (b) $5,000. The aggregate amount of such cash payments shall

not exceed $1,500,000 unless consented to in writing by the Debtors and the Creditors Committee. The Debtors shall file with the Bankruptcy Court and serve upon the Creditors Committee a quarterly report of all such payments.

2.    The Debtors do not, by this Order or the Claims Resolution Procedure[1], acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

3.    All provisions of the order entered by this Court on September 1, 2005 (Docket No. 3326) shall remain in full force and effect except as specifically provided herein.

4.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ___ day of __Oct__, 2005, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

510559

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: pcathy         Page 1 of 1              Date Rcvd: Oct 07, 2005
Case: 05-03817             Form ID: pdfdoc      Total Served: 1
```

```
The following entities were served by first class mail on Oct 09, 2005.
aty       +Cynthia C. Jackson,  Smith Hulsey & Busey,   225 Water Street, Suite 1800,
            Jacksonville, FL 32202-4494
```

```
The following entities were served by electronic transmission.
NONE.                                                                 TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                 TOTAL: 0
```

```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Oct 09, 2005**                **Signature:**    *Joseph Speetjens*