**IN THE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al,

Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

**MOTION OF ALLIED PRINTING, INC. TO REQUIRE**
**PAYMENT OF POST PETITION OBLIGATIONS**

Allied Printing, Inc., ("Allied") by and through its undersigned attorney moves pursuant to 11 U.S.C. §503(b)(1)(A) of the Bankruptcy Code for payment of post petition obligations/administrative expenses incurred by Winn-Dixie Stores, Inc., ("Debtor") and in support thereof states as follows:

1. Debtor and its affiliates filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the United States Bankruptcy Code on February 21, 2005.

2. Allied Printing, Inc., ("Allied") a Florida corporation, is a commercial, financial and publication printer specializing in high quality color lithography.

3. Allied is itself both a Debtor and Debtor in Possession under Chapter 11 of Title 11 of the United States Bankruptcy Code, under Case Number 03:04-bk-06812-jaf, filed on July 2, 2004.

4. Debtors utilize Allied for their printing needs. A proof of claim was filed in connection with pre-petition debt owed by Debtor. Additionally however, Debtor has not timely paid its post petition invoices which as of September 30, 2005, aggregate in the amount of $12,772.74. A copy of the Accounts Receivable Detail Summary and individual invoices are attached to this Motion as Exhibit "A".

5. Many of the invoices which have been paid post petition have not been paid in full. The terms of the agreement between Debtors and Allied state that Debtors are to receive a 2% discount if an invoice is paid within 14 days or the net is due in 30 days. Debtors have underpaid invoices by taking the 2% discount after the 14 day post invoice period.

6. Debtors' failure to pay its post petition obligations has impeded Allied Printing, Inc., from conducting business in the normal course and has hindered the paying of its reorganization obligations.

7. Section 503(b)(1)(A) of the Bankruptcy Code requires the payment of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. §503(b)(1). The Debtors' post petition charges were for services for the benefit of the bankruptcy estate by allowing Debtors to continue business and to generate revenue in the normal course; thereby making this an administrative expense claim entitled to first priority. 11 U.S.C. § 507(a)(1)

**WHEREFORE**, Allied respectfully requests that Debtor be required to pay forthwith its post petition obligations to Movant in the amount of $12,772.74, as an administrative expense claim pursuant to U.S.C. §§ 503(b)(1)(A) and 507(a)(1).

Dated: Jacksonville, Florida, October 10, 2005.

    Slott, Barker & Nussbaum
    334 East Duval Street
    Jacksonville, Florida 32202
    (904) 353-0033 (Telephone)
    (904) 355-4148 (Telecopy)
    embarker@bellsouth.net (Email)

    /s/ Earl M. Barker, Jr.
    Earl M. Barker, Jr.
    Florida Bar No. 110140

    Attorneys for Allied Printing, Inc.