**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., <u>et. al.</u>, | Case No: 3-05-bk-03817-JAF |
| Debtors. | Jointly Administered |
| _____/ | |

**DECLARATION IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN COUNSEL FOR THE EQUITY SECURITY HOLDERS COMMITTEE AND <u>DISCLOSURE UNDER RULES 2014 AND 2016</u>**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

    David S. Jennis, of the law firm of Jennis & Bowen, P.L., declares under penalty of perjury pursuant to the provisions of 28 U.S.C. §1746, that the following statements are true and correct:

    1.    I am David S. Jennis. I am a member of the Florida Bar and the bars of the United States Court for the Middle, Northern and Southern Districts of Florida.

    2.    I am duly authorized to practice law in the State of Florida and I am competent to provide this affidavit as required by Federal Rule of Evidence 601.

    3.    Unless I have otherwise stated, I have personal knowledge of the facts contained in this affidavit as required by Federal Rules of Evidence 602.

    4.    I am a managing member at the law firm of Jennis & Bowen, P.L. (the "Firm") which is located at 400 N. Ashley Dr., Ste. 2540, Tampa, Florida 33602. The Firm and I have been asked to serve as counsel for the Equity Security Holders Committee ("Equity Committee") in this Chapter 11 case.

    5.    This Affidavit is submitted in order to comply with 11 U.S.C. §§327(a) and 1103(b) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedures 2014 and 2016.

6. The Firm maintains computerized indexes of all clients it is presently representing. For each prospective client, the Firm cross checks or otherwise refers to the conflict check index to ensure there is no conflict of interest. In addition, memoranda are circulated to all attorneys and para-professionals of the Firm once the Firm is contemplating representation of a client (the "Conflict Check System"). The Firm's attorneys and para-professionals are required to disclose any actual or potential conflict, in writing, through the Conflict Check System. Included in that disclosure would be any interest any attorney in the firm may have with respect to any prospective client (such as an interest as a stockholder, officer, director, employee, partner) or other relationship with the prospective client.

7. The Firm's Conflict Check System and related records are comprised of records regularly maintained in the regular course of the Firm's business and it is the firm's regular practice to make and maintain these records. The Conflict Check System and related records reflect documents and entries that are inputted into the system at the time information becomes available by or at the direction of persons with personal knowledge of the matters contained therein. I am one of the persons who supplies information to the Conflict Check System and I regularly use and rely upon the information contained in the Conflict Check System in my practice of law.

8. I have personally compared the lists of creditors and interested parties of the Debtors, Winn-Dixie Stores, Inc. ("Debtors") with those persons or entities listed in the Conflict Check System.

9. The facts stated in this Affidavit as to the relationship between me and the other lawyer in the Firm, the Equity Committee, the Debtors, the Debtors' creditors, other parties in

interest, the U.S. Trustee and the attorneys representing the U.S. Trustee are based on my review of the Conflict Check System and my personal knowledge.

10. Based on my personal review of the Firm's Conflict Check System, I have ascertained the following information:

    a. No attorney in the Firm has represented the Debtors or any affiliate of the Debtors.

    b. No attorney in the Firm is or has served as an employee of the Debtors or an officer, director or employee of an affiliate of the Debtors or at any time.

    c. No attorney in the Firm is a relative to the Debtors or any director, officer, employee, or any person in control any affiliate of the Debtors.

    d. No attorney in the Firm is or has served as an officer, director, or employee of a financial advisor which has been engaged by the Debtors in connection with the offer, sale or issuance of a security of the Debtors at any time.

    e. No attorney in the Firm has represented a financial advisor of the Debtors in connection with the offer, sale or issuance of a security of the Debtors within three years before the Petition Date.

    f. No attorney in the Firm presently represents a creditor, general partner, lessor, lessee, party to an executory contract of the Debtors, or person otherwise adverse or potentially adverse to the Debtors or estate, on any matter, whether such representation is related or unrelated to the Debtors or the estate.

    g. The Firm is not a creditor of the Debtors and has no pre-petition claim against the Debtors.

    h. The Firm has not represented any member of any creditors committee or

Equity Committee.

11. Except as otherwise described herein, no attorney in the Firm has previously represented a creditor, general partner, lessor, lessee, party to an executory contract, or person who is otherwise adverse or potentially adverse to the Debtors, Equity Committee, or the estate, on any matter substantially related to the bankruptcy case. However, in the interests of full disclosure, the Firm has represented the following creditors in the Winn-Dixie case before this Court: (a) Cameron Sanford Company LLC ("Cameron Sanford"); and (b) Lake Placid Groves LLC[1] ("Lake Placid Groves"). These representations are concluded and the matters have been closed. Additionally, Chad S. Bowen and David S. Jennis were previously employed as attorneys by the law firm of Williams Schifino Mangione & Steady, P.A. ("WSMS"). It appears that WSMS formerly represented the Debtors in certain civil litigation. It appears that this litigation post-dated the departure of Messrs. Jennis and Bowen. Messrs. Jennis and Bowen terminated their employment relationship with WSMS in or about May, 2002. In any event, Messrs. Jennis and Bowen were never directly involved in any litigation concerning the Debtors.

12. No attorney in the Firm has been paid fees pre-petition or holds a security interest, guarantee or other assurance of compensation for services performed and to be performed in the case. The Firm has agreed to represent the Equity Committee at its standard hourly rates charged to other clients and seek reimbursement of costs and expenses incurred in connection with this representation consistent with the guidelines established by this Court and the Office of the United States Trustee. The Firm has not received a retainer or any compensation in connection with this representation of the Equity Committee to date.

---

[1] Lake Placid Groves was a PACA creditor whose claim was paid in full pursuant to earlier orders of this Court. Cameron Sanford Company was one of the Debtor's Landlords of a location in North Carolina. Jennis & Bowen entered a limited appearance for Cameron Sanford to file an objection to a proposed cure amount and withdrew almost immediately thereafter.

5

13. No attorney in the Firm has any other connection with the Debtors, persons involved in the Equity Committee, creditors, or any other parties in interest, except as stated above.

14. This concludes my declaration.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this <u>13th</u> day of October, 2005.

Jennis & Bowen, P.L.

<u>/S/ David S. Jennis</u>
Davis S. Jennis