Hearing Date: November 4, 2005, 1:00 p.m.
Objection Deadline: October 28, 2005 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.¹ | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING (I) RETROACTIVE REJECTION OF JACKSONVILLE WAREHOUSE LEASE AND SUBLEASE AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a), and 554(a) approving and authorizing the Debtors to reject, retroactively, a non-residential real property lease and the related sublease and to abandon related personal property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie

2.      The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. Subsequently, on August 17, 2005, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code.

---

Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Relief Requested**

6. By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code approving and authorizing the retroactive rejection of the unexpired lease of non-residential real property set forth on Exhibit A to this Motion (the "Lease") and the related sublease set forth on Exhibit B to this Motion (the "Sublease") effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the landlord under the Lease (the "Landlord") and the subtenant under the Sublease and (b) the date of entry of an order approving the rejection (such earlier date, the "Effective Date").

**The Lease and Sublease**

7. As part of their restructuring plans, the Debtors sought to reduce or eliminate their liability under many leases. The Lease the Debtors seek to reject by this Motion is for approximately 573,884 square feet of warehouse property located in Jacksonville, Florida. The Debtors' current annual rental obligation under the Lease is approximately $1,463,690. The Lease expires by its terms in June 2011. Because of the Debtors' closure of certain of its facilities, the Debtors no longer utilize the warehouse at the same level as they had previously. Additionally, through previous restructuring activities the Debtors now have other available facilities in close proximity to the warehouse that will allow them to economically relocate and maintain any items or operations that are currently located at the warehouse.

8. Through previous marketing activities, the Debtors entered into a sublease with Jefferson Smurfit Corporation (the "Subtenant") on January 23, 2004. Under the Sublease, the Subtenant subleases approximately 174,000 square feet of the warehouse premises. The Debtors' annual rental income under the terms of the Sublease is approximately $354,149. The rent paid

by the Subtenant to the Debtors is substantially less than the rent the Debtors must pay to the Landlord under the related Lease.  To date, the Debtors have needed the space and this arrangement was both operationally and financially acceptable.  The continuing subsidy costs the Debtors over $1 million annually.

   9. The Debtors have determined that they do not need the Lease because it provides no continuing benefit to the estates.  In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Lease.  The Debtors have concluded that the Lease constitutes a burden on the Debtors and their estates, is not necessary for an effective reorganization, and should be rejected.  This determination regarding the Lease drove the Debtors' decision that the Sublease should also be rejected.  Accordingly, the Debtors are seeking to reject the Lease and Sublease.  The rejection of the Lease and Sublease will save the Debtors' estates costs incurred with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Lease.

   10. To the extent any of the Debtors' personal property remains in the property that is the subject of the Lease, it is of little or no value to the Debtors' estates.  Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the applicable Termination Date.

## Basis for Relief

   11. Under Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor

with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pueblo Chem. Inc. v. II Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13.     Here, the Debtors' business judgment supports rejection of the Lease and the Sublease.  Because of administrative expenses arising from the continuation of the Lease and the Sublease, the Debtors have determined that the Lease and Sublease are not necessary for a successful reorganization but instead constitute a burden to the Debtors' estates.  Indeed, rejection of the Lease and Sublease benefits the Debtors' estates by alleviating monthly costs, including taxes, insurance premiums, and other charges due under the Lease.  Consequently, the

Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Lease and Sublease.

14.     The relief requested by this Motion is consistent with the type of relief granted by courts.  See, e.g., In re Hale-Halsell Co., No. 04-11677 (Bankr. N.D. Okla. Apr. 23, 2004); In re Git-N-Go, Inc., No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp. (In re Bethleheem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code).  Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

## Rejection Damages

15.     To the extent that the Landlord or Subtenant intends to claim rejection damages as a result of the proposed rejections, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order corresponding to this Motion.

## Notice

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) counsel for the Equity Committee, (e) the other parties in interest named on the Master Service List maintained in these cases, and (f) the Landlord and Subtenant. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit C (a) authorizing and approving the rejection of the Lease and Sublease, effective as of the Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the property subject to the Lease; (c) establishing a deadline for the Landlord and Subtenant to file a rejection damage claim; and (d) granting such other and further relief as the Court deems just and proper.

Dated: October 14, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*  <br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray<br>     Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ Cynthia C. Jackson*  <br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson,<br>     Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **Exhibit A**

## **SCHEDULE OF LEASE**

| **Leased Property Location** | **Landlord** |
|---|---|
| 5233 Commonwealth Avenue, Jacksonville, Florida | FT-WD Property LLC c/o First Union Real Estate Equity and Mortgage Investments |

## Exhibit B

## SCHEDULE OF SUBLEASE

| Leased Property Location | Subtenant |
|---|---|
| 5223 Commonwealth Avenue, Jacksonville, Florida | Jefferson Smurfit Corporation |

**Exhibit C**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING (I) RETROACTIVE REJECTION
OF JACKSONVILLE WAREHOUSE LEASE AND SUBLEASE AND
(II) ABANDONMENT OF RELATED PERSONAL PROPERTY**

These cases came before the Court for hearing on November 4, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection by the Debtors, effective retroactively, of the unexpired non-residential real property warehouse lease listed on Exhibit A (the "Lease") and the unexpired non-residential real property sublease listed on Exhibit B (the "Sublease") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Lease and Sublease pursuant to 11 U.S.C. § 365(a), and the Lease and Sublease are deemed rejected, effective as of the earlier of (a) the date upon which the Debtors provide notice of termination to the Landlord and the Subtenant and (b) the date of entry of an order approving the rejection.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3. For the month in which the Lease is rejected, the Debtors shall pay all amounts due under the Lease for such month on a prorated basis for each day from the first day of the month through the Effective Date of rejection.

4. Claims for any rejection damages resulting from the rejection of the Lease and Sublease shall be filed no later than thirty (30) days after the date of entry of this Order.

5. Any interest of any of the Debtors in any personal property remaining in the premises that are the subject of the Lease is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order. To the extent the Landlord seeks to dispose of any such abandoned property, the Landlord shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Landlord shall be entitled to dispose of the abandoned property as it deems fit.

6. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Lease or Sublease, whether or not related to the Lease or Sublease.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

                    Jerry A. Funk
                    United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

## Exhibit A

## **SCHEDULE OF LEASE**

| Leased Property Location | Landlord |
|---|---|
| 5233 Commonwealth Avenue, Jacksonville, Florida | FT-WD Property LLC<br>c/o First Union Real Estate Equity and Mortgage Investments |

2

**Exhibit B**

**SCHEDULE OF SUBLEASE**

| Leased Property Location | Subtenant |
|---|---|
| 5223 Commonwealth Avenue, Jacksonville, Florida | Jefferson Smurfit Corporation |

2