UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

ORDER AUTHORIZING DEBTORS' TO REJECT REAL PROPERTY
LEASES AND ABANDON RELATED PERSONAL PROPERTY AND
ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 365 and 554(a) authorizing the Debtors to reject the Facility Leases and to abandon related personal property located at the leased premises and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the applicable landlords must file any claims for rejection damages (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Facility Leases pursuant to 11 U.S.C. §365(a). The Facility Leases for the Atlanta, Charlotte and Greenville Facilities are

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

rejected effective October 31, 2005. The Facility Leases for the Highpoint Dairy and the Pizza Plant are rejected effective November 30, 2005.

3. The applicable landlords and lessees must file any claims resulting from the rejection of the Facility Leases, if any, no later than thirty (30) days after the respective effective dates of rejection.

4. Any interest of the Debtors in any personal property remaining in the Leased Facilities after the effective date of rejection is deemed abandoned, pursuant to 11 U.S.C. §554(a). In the event the applicable landlord seeks to dispose of any such abandoned property, the landlord will provide fifteen days written notice of such intent to the Debtors who will forward such notice to any party likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period, or within a larger period that is established by written agreement among the parties, the applicable landlord will be entitled to dispose of the abandoned property as it deems fit.

5. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the applicable landlords or lessees, whether or not related to the Facility Leases.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.  The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _October 14_, 2005, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge