IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                               CASE NO.: 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,                     Chapter 11

　　　　　Debtors.                                   Jointly Administered
_____/

**OBJECTION BY AD HOC COMMITTEE OF WINN-DIXIE RETIREES
TO APPLICATION FOR ORDER PURSUANT TO SECTION 1103(A) OF
BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING
*NUNC PRO TUNC* EMPLOYMENT AND RETENTION OF PAUL,
HASTINGS, JANOFSKY & WALKER LLP AS LEGAL COUNSEL FOR
EQUITY SECURITY HOLDERS COMMITTEE**

The Ad Hoc Committee of Winn-Dixie Retirees ("Retirees Committee"), through its undersigned attorney, hereby files its objection to the Application ("Paul Hastings Application") For Order Pursuant To Section 1103(A) Of Bankruptcy Code And Bankruptcy Rule 2014 Authorizing *Nunc Pro Tunc* Employment And Retention Of Paul, Hastings, Janofsky & Walker LLP As Legal Counsel For Equity Security Holders Committee ("Equity Committee") on the grounds that the Paul Hastings Application (1) is premature in light of the pending motions regarding the formation of the Equity Committee, and (2) the costs of hiring the proposed counsel are excessive and are an unreasonable and unnecessary depletion of estate resources. In support thereof, the Retirees Committee respectfully represents as follows:

**Factual Background**

1.　　　On February 21, 2005, the Winn-Dixie Stores, Inc., *et al.* ("Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The Debtors cases are being jointly administered for procedural purposes only.

2. By an order dated April 13, 2005, the venue for these cases was transferred from the Southern District of New York to this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

3. On May 3, 2005, a group of Winn-Dixie retirees ("retirees") petitioned the United States Trustee to appoint a second creditors committee to represent the interests of Winn-Dixie retirees. In addition, the retirees filed a motion with this Court requesting the Court to direct the United States Trustee to appoint a second creditors committee.

4. On or about July 6, 2005, the Court entered an order denying the above-referenced motion filed by the retirees. In the order, the Court recommended the United States Trustee add the retirees to the existing creditors committee. The Court also recommended that should the United States Trustee decline to add the retirees to the existing creditors committee, the retirees form an ad hoc committee to represent their interests in the bankruptcy proceedings.

5. Since the entry of the Court's order denying the motion of the retirees, the United States Trustee has refused to add any retirees to the Official Committee of Unsecured Creditors ("Creditors Committee").

6. In response, the retirees have formed the Ad Hoc Committee of Winn-Dixie Retirees ("Retirees Committee") and have retained the undersigned counsel to represent their interests in the bankruptcy cases of Winn-Dixie Stores, Inc. and its affiliates.

7. On August 17, 2005, the U.S. Trustee filed an official notice appointing the Equity Committee and of the appointment of members to serve on such committee.

8. On September 2, 2005, the Creditors Committee filed under seal its Motion of Official Committee of Unsecured Creditors for Entry of Order, Under 11 U.S.C. §§ 105 and 1102, Disbanding Official Committee of Equity Security Holders ("Disbandment Motion").

9. On September 7, 2005, the Equity Committee filed the Paul Hastings Application seeking Court approval of the employment and retention Of Paul, Hastings, Janofsky & Walker LLP as legal counsel for Equity Committee, along with the Affidavit of Karol K. Denniston in support thereof.

**Paul Hastings Application is Premature and, at a Minimum, Should Be Postponed**

10. The Retirees Committee objects to the approval of the Paul Hastings Application because it is premature in light of the outstanding motions regarding the disbandment of the Equity Committee. The Retirees Committee agrees with the assertion of the Creditors Committee that any selection of professionals would be rendered moot should their Disbandment Motion be granted. As the Disbandment Motion and the related pleadings are scheduled for hearing on November 16, 2005, the Retirees Committee sees no prejudice to the Equity Committee or its counsel to postponing any review of the Paul Hastings Application until the disbandment issue is resolved.

11. In its response to the Limited Objection of the Creditors Committee ("Response"), the Equity Committee, through its proposed counsel, asserts that the counsel "should not be forced to provide necessary and clearly appropriate services under a threat that it should not be paid. (Response to Limited Objection, Paragraph 14). The Retirees Committee fails to see how

3

such a threat exists. If the Court denies the Disbandment Motion, then the Paul Hastings Application would be ripe for review by the Court. Since the application requests approval *nunc pro tunc*, it should not matter whether the Paul Hastings Application is heard now or a month from now. Conversely, should the Disbandment Motion be granted, the Retirees Committee fails to see why the Debtors' bankruptcy estate should be taxed for the legal fees of a committee improperly appointed by the United States Trustee.

12. In addition, despite the assertions of the Equity Committee, no one is forcing the Equity Committee to "defend its very existence" without the aid of counsel of its choice. What is at issue is who should pay for that counsel. After the Court denied the Winn-Dixie Retirees' request for the appointment of another official committee, they followed the suggestion of the Court and formed an ad hoc committee and retained counsel at their own expense. If the retirees can afford to form their own committee and hire counsel of their choice, certainly the five members of the Equity Committee, each of whom holds tens of thousands shares of Winn-Dixie stock, can afford to hire an attorney. In fact, the Paul Hastings Application itself supports this assertion, for it discloses that the proposed counsel has represented Brandes Investment Partners, L.P. (one of the members of the Equity Committee) in the past. For the proposed counsel for the Equity Committee to claim that they fear they may not get paid is laughable at best.

### The Costs of Hiring the Proposed Counsel(s) Are Excessive and Are an Unreasonable and Unnecessary Depletion of Estate Resources

13. Should the Court find that the United States Trustee's appointment of the Equity Committee was proper, the Retirees Committee would object to the Court approving the retention of the proposed counsel. While the Retirees Committee agrees with the assertion that a

4

properly appointed equity or creditors committee is entitled to counsel, it does not agree with the position of the Equity Committee in this case that it has the absolute right to hire the counsel of its choice, with the only restriction being that of Section 1103(b) of the Bankruptcy Code. Nor does the Retiree Committee agree with Equity Committee's position that the proper time to review the fees and costs of proposed counsel is at the time a fee application is filed. The proposed counsel for the Equity Committee has provided the Court with a listing of the various attorneys and paraprofessionals it anticipates will be working on this case, as well as hourly rates the parties will charge. The proper time to review the reasonableness of the proposed hourly rates is now—before any fees and costs are accrued. The Retirees Committee believes that such a review would show the proposed fee structure is unreasonable and an unnecessary depletion of estate resources.

14.     Accordingly, the Retirees Committee requests that the Court, at a minimum, postpone the approval of the Paul Hastings Application until a decision on the pending Disbandment Motion is rendered. In the alternative, it requests that the Court schedule an evidentiary hearing on reasonableness of the proposed fees before approving the Paul Hastings Application.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## Conclusion

For the reasons set forth above, the Retirees Committee respectfully requests this Court (1) to postpone any consideration of the Paul Hastings Application until such time as the Disbandment Motion is resolved, (2) to withhold any approval of the retention application until evidence regarding the reasonableness of the proposed hourly rates can be presented, and (3) for such other relief as is just and proper.

Respectfully submitted this 17th day of October, 2005.

**FRIEDLINE & McCONNELL, P.A.**

/s/ Jerrett M. McConnell
_____
JERRETT M. McCONNELL
Florida Bar #0244960
1756 University Boulevard S.
Jacksonville, FL 32216
(904) 727-7850
Attorneys for Ad Hoc Committee of Winn-Dixie Retirees

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished electronically or by U.S. mail this 17th day of October, 2005, to Kenneth Meeker, Asst. U.S. Trustee, 135 West Central Blvd., Room 620, Orlando, FL 32801; Cynthia Jackson, counsel for Debtors, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Adam Ravin, Four Times Square, New York, NY 10036, and the parties listed on the attached Local Rule 1007-2 Parties in Interest List (list not furnished to all parties).

/s/ Jerrett M. McConnell
_____
Attorney