UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,           Case No.: 03:05-bk-03817-JAF

        Debtors.                              Chapter 11
_____/           Jointly Administered

**OBJECTION BY RICHARD EHSTER
AND BRAD KELLER TO APPLICATION OF
EQUITY COMMITTEE FOR "THE NUNC PRO TUNC EMPLOYMENT
AND RETENTION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP"**

Richard Ehster and Brad Keller object to application (Document no. 3386) by Equity Committee for order "authorizing the nunc pro tunc employment and retention of Paul, Hastings, Janofsky & Walker LLP as legal counsel for the Equity Security Holders Committee."

A.    Background.

    1.    Chapter 11 case. The Debtors filed the above referenced Chapter 11 case on February 21, 2005 ("Petition Date"). The Debtors have continued to operate their businesses as debtors and possession.

    2.    Business of Debtors. According to the Debtors: (a) the Debtors are grocery and pharmaceutical retailers operating in the Southeastern United States; and (b) as of the Petition Date, the Debtors were the eighth largest food retailers in the United States. Since the Petition Date, the Debtors have substantially reduced operations through closing stores and store sales.

    3.    Debtor Professionals. In addition to "ordinary course" professionals, Debtors

have retained the following professionals:

| Professional Retained | Position | Document no. |
|---|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP | Lead Restructuring & Bankruptcy Counsel | 425 |
| King & Spalding LLP | Bankruptcy Co-Counsel and General Corporate Counsel | 427 |
| Logan & Company, Inc. | Claims, Noticing and Balloting Agent | 255 |
| The Blackstone Group, L.P. | Financial Advisors | 1560 |
| Xroads Solutions Group LLC | Financial and Operations Restructuring Consultants | 1555 |
| Kirschner & Legler, P.A. | Special Corporate Finance Counsel | 428 |
| Smith, Gambrell & Russell, LLP | Special Real Estate Counsel | 436 |
| PricewaterhouseCoopers LLP | Provide Certain Sarbanes-Oxley Compliance | 1317 |
| KPMG LLP | Auditors, Accountants, and Tax Advisors | 1076 |
| Carlton Fields, P.A. | Special Real Estate Litigation Counsel | 1341 |
| Bain & Company, Inc. | Finance Group Support Services | 1419 |
| Togut, Segal & Segal, LLP | Conflicts Counsel | 1339 |
| Smith, Hulsey & Busey | Co-Counsel | 787 |
| DJM Asset Management LLC and The Food Partners, LLC | Special Real Estate Consultants | 1641 |
| Deloitte Consulting LLP | In-Store Operational Consultants | |

4. <u>Committee of Unsecured Creditors</u>. On March 2, 2005, the Office of the United States Trustee appointed a committee of unsecured creditors (Document no. 176). The Unsecured Committee has since retained the following professionals:

| Professional retained | Position | Document No. |
|---|---|---|
| Milbank, Tweed, Hadley & McCloy LLP | Counsel | 702 |
| Houlihan Lokey Howard & Zukin Capital | Financial Advisor | 1556 |
| Akerman Senterfitt | Co-Counsel | 1684 |
| Alvarez & Marsal, LLC | Operations and Real Estate Advisors | 1557 |

5. <u>Equity Committee</u>. On August 17, 2005, the Office of the United States Trustee appointed the Equity Committee (Document no. 3027). Since the appointment, the Equity Committee has applied to retain the following professionals:

    a. Jefferies & Company, Inc. (Document no. 3719)

        i. Financial Advisor

        ii. Compensation: $125,000/month plus "success fee" based on minimum recovery to Equity Committee

    b. Jennis & Bowen, PL (Document no. 3872)

        i. Local Counsel

        ii. Hourly rates $225-$285 per hour

    c. Paul, Hastings, Janofksy & Walker LLP (Document no. 3386)

        i. Lead Counsel

        ii. Hourly rates: $260 - $675 per hour

6. <u>Motion to Disband Equity Committee</u>. The Unsecured Committee filed a

motion to disband the Equity Committee (Document no. 3297). Except for the Debtor, the Equity Committee, the Unsecured Committee, and counsel for Ad Hoc Committee (but not client), parties in interest were not permitted to review pleadings or evidence for or against the motion to disband the Equity Committee (Document no. 3342).

B.  Discussion

Bankruptcy Code § 1103 provides in relevant part:

(a) At a scheduled meeting of a committee appointed under section 1102 of this title, . . ., and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such a committee.

Bankruptcy Code § 328 provides in relevant part:

(a) . . . a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103 of this title, . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

F.R.B.P. 2014 (a) provides in relevant part:

(a) An order approving the employment of attorneys . . . or other professionals pursuant to section 1103 . . . of the code shall be made only on application of the . . . committee. The application shall state the specific facts showing the necessity for the employment . . . any proposed arrangement for compensation . . . .

According to the Equity Committee, "the Equity Committee's primary duty is to assure adequate representation of Equity Security Holders in these Chapter 11 cases." See Equity Committee application at paragraph 6. The Committee does not; however, allege or

even suggest the solvency of the Debtor that could provide the necessity for representation of the Equity Committee. Moreover, the Equity Committee did not allege or suggest any relationship between the anticipated cost of assuring "adequate representation of Equity Security Holders" and the value of the interests that are to be represented.

Absent a showing of solvency, there can be no necessity for employment. In any event, if solvency cannot be presently determined or if evidence related to solvency is not made available to parties in interest, then under Bankruptcy Code § 328, the terms of compensation must be subject to revision should it be determined that the debtor is insolvent and there was no necessity of employment.

## Certificate of Service

I certify that a copy of the foregoing has been furnished by electronic notification or first class U.S. mail on October 21, 2005 to Cynthia C. Jackson, Esquire, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Adam Ravan, Esquire, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 and the Master Service List attached to the original of this document filed with the court.

/s/ David R. McFarlin
David R. McFarlin
Florida Bar no.: 328855
Kenneth D. Herron, Jr.
Florida Bar No.: 699403
1851 W. Colonial Drive
Orlando, FL 32804
Telephone: (407) 648-0058
Facsimile: (407) 648-0681

Attorneys for Richard Ehster and Brad Keller