# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

_____

## NOTICE AND MOTION TO APPROVE COMPROMISE

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper.  If you object to the relief requested in this paper, you must file your response with the Clerk of the Bankruptcy Court at Post Office Box 559, Jacksonville, Florida 32201, and serve copies on Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800,  Jacksonville, Florida 32202; Arthur J. Spector, Esq., Berger Singerman, P.A., 350 E. Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida 33301 and Earle Erman, Esq., Erman, Teicher, Miller, Zucker & Freedman, P.A., 400 Galleria Officentre, Suite 444, Southfield, MI  48034

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

_____

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"),  move the Court for an order pursuant to Bankruptcy Rule 9019, approving the settlement of (i) the Motion of Computer Leasing Corporation of Michigan, Inc. ("CLC") to Compel Debtors to Assume or Reject Lease of Personal Property (Docket No. 3168), (ii) Debtors' objection to that motion (Docket No. 3467), (iii) CLC's Request for Payment of Administrative Expense (Docket No. 3169) and (iv) Debtors' objection to that request and Debtors' Counterclaim (Docket No. 3466), and in support state:

1.      On April 22, 1982, CLC and the Debtors entered into a master lease agreement pursuant to which the Debtors leased information technology equipment and related peripheral equipment under separate equipment schedules (the "Master Lease").  On November 1, 2003, the parties executed an amendment to the original lease.

2.      Pursuant to the Master Lease, as amended, the Debtors currently lease over 38,000 individual pieces of equipment from CLC under approximately 6,000 separate equipment schedules (the "Equipment").  The Equipment includes printers, servers, desktop PC's, monitors, laptops, cash registers and other point of sale equipment.

3.      As of the date of the Debtors' bankruptcy petitions, the Debtors were current on all monthly rental payments due to CLC.

4.      The Debtors continued to make post-petition monthly rental payments billed by CLC through July, 2005.  The amount of post-petition monthly rental payments made by the Debtors to CLC through July is $6,712,846.41.

5.      The Debtors have not paid CLC's August invoice of $1,227,787, or CLC's September and October invoices, each in the amount of $1,317,854.52.

6.      By its Request (Docket No. 3169), CLC seeks entry of an order requiring the Debtors to pay, as an administrative expense, the unpaid post-petition invoices.

7.      On September 15, 2005, Winn-Dixie filed its Objection (Docket No. 3466) to CLC's Request, alleging that the payments due under the Lease are excessive and asserting a counterclaim against CLC seeking refund of the Debtors' post-petition lease payments.  The Counterclaim alleges CLC's lease is inequitable and unenforceable because it does not provide the Debtors the right to purchase all of the leased equipment at fair market value at the end of the scheduled lease term.  The Debtors also filed an objection to CLC's Motion to Compel (Docket No. 3467).

8.      The total payments CLC claims to be due under the Leases in August, September and October for the Equipment Debtors continued to use during that period is $3,867,141.52.

9.      The Debtors estimate the remaining total obligations under the existing schedules, including buyout prices agreed to in the November 1, 2003 amendment, are approximately $4,900,000.  In addition to the Debtors' liability under existing schedules, the Debtors estimate the administrative expense to continue to use the equipment which is off schedule and for which no negotiated purchase option exists is approximately $700,000 per month.

10.     The Debtors estimate that the cost to replace the Equipment currently under lease is approximately $3,600,000.

11.     To settle these matters, the Debtors and CLC have agreed that the Debtors will pay CLC $2,750,000 in full satisfaction of all of the Debtors' obligations under the leases, and CLC will withdraw its claims in these proceedings.  The leases will be terminated, the Debtors will retain all Equipment currently under lease and in their possession free and clear of any claims or interest (other than any interests of the Debtors' lenders, if applicable), and the parties will exchange general releases.

12.     Debtors believe this compromise is reasonable and in the best interest of the estate and creditors.

WHEREFORE, the Debtors request that the Court enter an order approving the

parties' settlement, and for such further relief as the Court deems is just and proper.


Dated:   October 24, 2005

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By   _/s/ D. J. Baker_____          By   _/s/ Cynthia C. Jackson_____
       D. J. Baker                               Stephen D. Busey
       Rosalie Gray                              Cynthia C. Jackson. F.B.N. 498882
       Jane Leamy                                Beau Bowin

Four Times Square                         225 Water Street, Suite 1800
New York, New York 10036                  Jacksonville, Florida  32202
(212) 735-3000                            (904) 359-7700
(212) 735-2000 (facsimile)                (904) 359-7708 (facsimile)
djbaker@skadden.com                       cjackson@smithhulsey.com

Co-Counsel for Debtors                    Co-Counsel for Debtors


00510017

5