UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

MOTON FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES
AND FOR EXPEDITED HEARING
(WINN-DIXIE STORE #529),
ALABASTER MARKET CENTER,
(ALABASTER, ALABAMA)
FILED BY RANDY ROARK

The creditor, **Randy Roark** (the "Creditor"), by its undersigned attorneys, moves for an order allowing and directing the immediate payment of administrative expenses, as more fully appears below:

1. The Creditor owns the property (the "Leased Premises") that the debtors operated as Winn-Dixie Store #529, at Alabaster Market Center, in Alabaster, Alabama. Winn-Dixie Montgomery, Inc. (as successor to Winn-Dixie Atlanta, Inc.) ("Tenant") is the tenant and Creditor is the landlord under the Lease dated August 3, 1993 ("Lease"). Winn-Dixie Stores, Inc., is the guarantor of the obligations of the tenant under the Lease pursuant to the terms of the Guaranty dated August 3, 1993 ("Guaranty"). Both Tenant and Winn-Dixie Stores, Inc. are debtors in these jointly administered cases and this Motion is made as to both Debtors, jointly and severally.

2. Debtors filed these cases under Chapter 11 of the Bankruptcy Code on February 21, 2005, in the United States Bankruptcy Court for Southern District of New York. On April 13, 2005, that court transferred the venue of the cases to this Court.

S:\010103\00001\Documents\Adm. Expense Application.doc

3. In the Order Under 11 U.S.C. § 365(d)(4) Granting Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property entered on May 6, 2005 (Docket No. 1070) this Court directed the Debtors to honor all Postpetition Rental Obligations arising under the Lease. In the Order Under 11 U.S.C. § 365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property entered on September 12, 2005 (Docket No. 3434), this Court directed the Debtors to honor all Postpetition Rental Obligations arising under the Lease, and set out the Debtors' agreement that lessors may file a motion seeking to compel the Debtors to honor Postpetition Rental Obligations and that Debtors shall not oppose a lessor's request for an expedited hearing on such a motion.

4. Pursuant to Notice of Rejection of Unexpired Lease dated September 14, 2005, Tenant rejected the Lease. The rejection date is October 12, 2005.

5. Under §§ 17, 31, and 37 of the Lease, Tenant is obligated to pay for common area maintenance expenses, real estate taxes, and casualty insurance (collectively, "Additional Rent"). Through 2004, Tenant paid part of the Additional Rent in periodic installments, and after the end of each year, Creditor billed Tenant for the balance of Additional Rent owed by Tenant for such year. During 2005, Creditor billed Tenant for common area maintenance monthly and insurance quarterly.

6. Tenant owes the following amounts for unpaid Additional Rent.

(a) The total common area maintenance expense owed by Debtors for the calendar year 2004 was $36,154.14. The amount paid monthly totaled $28,784.68, so Debtors owe $7,369.44 for unpaid Additional Rent for the year. On March 29, 2005, Creditor submitted its itemized invoice, a copy of which is attached hereto as Exhibit A, in the amount of $7,369.44, which amount then became due and payable.

(b) As shown on the September 14, 2005 invoices attached hereto as <u>Exhibit B</u>, the total Additional Rent for insurance premiums from January 1, 2005 through September 30, 2005 (the Rejection Date of the Lease) equal $3,246.11.

(c) Under § 40-11-4 Ala. Code (1975), a copy of which is attached, Real Estate Taxes "become due and payable on October 1 in each year . . . except in cases when parties are closing out or going out of business . . . and except in cases where goods, wares, and merchandise are advertised for sale at auction, bankrupt, insolvent, assignment, or fire sales, or where said goods, wares, and merchandise are advertised for sale . . . as closing out or going out of business sales . . . in which cases, such taxes shall become due and payable at once." Tenant advertised and conducted a going out of business sale in the Leased Premises prior to the Rejection Date. Debtors' prorata share of 2005 Real Estate Taxes became due and payable when Tenant conducted its going out of business sale prior to the Rejection Date. As shown on <u>Exhibit C</u> hereto, Tenant's prorata share of real estate taxes for the entire 2005 tax year is $32,325.30 ($46,638.72 x 69.31%). Debtors' prorata share of 2005 real estate taxes that accrued postpetition through the Rejection Date is $19,572.03

7. Pursuant to TransAmerica Life Insurance Company's Application for Payment of Administrative Expenses (Winn-Dixie Store #1908, the Village on Whitesburg, Huntsville, Alabama), this Court has under submission the issue of whether a creditor's claim, a portion of which accrues pre-petition and a portion of which accrues post-petition, but the entire amount of which first comes due post-petition, is an administrative expense claim for the entire amount of the claim or only that portion that accrued post-petition. The issue has been ably briefed and argued. Instead of taking the Court's time with additional argument, Creditor requests relief

alternatively in an amount determined according to the "due date" method and in an amount determined according to the "accrual" method.

WHEREFORE, Landlord prays

1. (a) that the Court will grant its Application and allow the Landlord an Administrative Expense Claim in the amount of $42,940.85, the total amount of Additional Rent that came due post-petition; or

(b) in the alternative, if the Court holds that only the portion of a claim that accrues post-petition is an administrative expense claim, that the Court will grant its application and allow the Landlord an administrative expense claim in the amount of $22,818.14, the amount of Additional Rent that accrued post-petition.

2. that the Court will set a hearing on this Motion on an expedited basis; and

3. that the Court will order Debtors, jointly and severally, to pay immediately the amount of Creditor's administrative expense claim as determined by the Court pursuant to this Motion.

Respectively Submitted,

s/ C. Ellis Brazeal, III
C. Ellis Brazeal, III

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5400

## CERTIFICATE OF SERVICE

       I do hereby certify that I have served a copy of Motion for Allowance and Payment of Administrative Expenses and for Expedited Hearing by Randy Roark, by placing same either in first class postage prepaid envelopes, and/or by electronic filing purposes to the following:

D.J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

This the \24th\ day of October, 2005

                              \s\ C. Ellis Brazeal III
                              OF COUNSEL