**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |

**MOTION OF THC, LLC FOR ALLOWANCE AND**
**PAYMENT OF ADMINISTRATIVE CLAIM**

THC, LLC, ("THC") a creditor and party in interest in the above-styled bankruptcy case, by and through its undersigned attorneys, hereby moves this Court for an order allowing the administrative claim of THC described herein and requiring the payment thereof by Winn Dixie Stores, Inc. and/or Winn Dixie Montgomery, Inc. (collectively, "Winn Dixie" or the "Debtor"). As grounds for this motion, THC states the following:

1. This Court has subject matter jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. § 503(b)(1)(A).

2. F & M Developments, Ltd. ("F&M") and Winn Dixie Montgomery, Inc. are party to a Lease dated May 14, 1990, as amended (the "Lease").

3. On May 14, 1990, Winn Dixie Stores, Inc. executed a Guaranty of all obligations under the Lease in favor of F&M (the "Guaranty").

4. On September 30, 2004, F&M assigned all of its rights and interests in the Lease and Guaranty to THC.

798274.1

5. On February 21, 2005, Winn Dixie filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

6. On September 14, 2005, Winn Dixie gave notice to THC that it was rejecting the Lease and that rejection was effective September 30, 2005 when Winn Dixie surrendered the premises (the "Rejection Date").

7. Pursuant to the Lease, (Second Amendment at paragraph 8) Winn Dixie is obligated to pay rent consisting of basic rent, and its pro rata share of CAM fees, Shopping Center Insurance and real estate taxes.

8. Pursuant to this Court's order approving rejection dated September 8, 2005, Winn Dixie is obligated to comply with all Lease terms from the Petition Date until the Rejection Date (the "Administrative Period," equal to 7.3 months).

9. Winn Dixie paid basic rent and CAM fees for the Administrative Period but has not yet paid its pro rata share of the real estate taxes and Shopping Center Insurance which total $13,534.20 for the Administrative Period.

10. Furthermore, pursuant to the Lease, Winn Dixie was responsible for repairs to the premises and it has not paid the $2,500 deductible associated with expenses incurred by THC for repairing hurricane damage to the plaza consisting prior to the Rejection Date.

11. 11 U.S.C. § 503(b)(1) entitles entities that incur expenses or provide credit to preserve the bankruptcy estate to an administrative claim status. The statute provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the

estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

12.   Winn Dixie benefited from the use and occupancy of the leased premises up to and including September 30, 2005.

WHEREFORE, THC prays that the Court will promptly schedule this motion for hearing, and upon the conclusion thereof, will enter an order providing as follows:

A.   THC is entitled to an administrative claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and in the amount of $16,034.20 that should be paid upon entry of an order of this Court; and

B.   Granting to THC such other, further and different relief as is appropriate.

Respectfully submitted this 25th day of October, 2005.

> By: /s/ Christie Lyman Dowling
> Christie Lyman Dowling
> BALCH & BINGHAM, LLP
> Alabama Bar No. ASB-9508-R72D
> 1901 Sixth Avenue North, Suite 2600
> Birmingham, Alabama 35203
> Tel: 205-251-8100
> Fax: 205-226-8799
>
> *Counsel for THC, LLC*

## CERTIFICATE OF SERVICE

     I hereby certify that true and correct copies of the foregoing were served, by electronic mail transmission and/or first class mail, postage prepaid, as reflected on the parties listed below on October 25th, 2005.

Adam Ravin
D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
aravin@skadden.com
djbaker@skadden.com

United States Trustee – JAX
135 w. Central Blvd., Suite 620
Orlando, FL 32801

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Cynthia C. Jackson
Smith, Hulsey & Busey
1800 Wachovia Tower
225 Water Street
Jacksonville, FL 32202

                                          /s/ Christie L. Dowling
                                          Of Counsel