UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al. | ) | CASE NO.  05-03817-JAF |
| | ) | |
| Debtors | ) | CHAPTER 11 |
| | ) | |
| | ) | JOINTLY ADMINISTERED |
| ———————————— | ) | |
| | ) | |
| WINN-DIXIE MONTGOMERY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 05-00257 |
| VERSUS | ) | |
| | ) | |
| CENTRAL PROGRESSIVE BANK | ) | |
| AND BY-PASS PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendant, By-Pass Partnership (the "Partnership") responds to the Complaint (the "Complaint") filed by Winn-Dixie Montgomery, Inc. (the "Debtor") as follows:

GENERAL ALLEGATIONS

I.

The Partnership admits this adversary proceeding arises from the Debtor's Chapter 11 case and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334(b).

NO.99561775.2

II.

The Partnership admits this is a core proceeding pursuant to 28 U.S.C. § 151(b).

III.

The Partnership admits the allegations of paragraph 3.

IV.

The Partnership admits the allegations contained in paragraph 4 of the Complaint.

V.

The Partnership admits that in connection with the Mortgage, the Debtor and United of Omaha Life Insurance Company ("United") entered into a Subordination, Non-Disturbance and Atonement Agreement dated August 18, 1994 (the "Subordination Agreement"). The Partnership admits that pursuant to the Subordination Agreement, the Lease is subordinate to the Mortgage and that United's foreclosure of the Mortgage will not terminate the Lease provided that the Debtor is not in default under the terms of the Lease.

VI.

The Partnership admits the allegations contained in paragraph 6 of the Complaint.

VII.

The Partnership admits the allegations contained in paragraph 7 of the Complaint.

VIII.

The Partnership admits the allegations contained in paragraph 8 of the Complaint.

NO.99561775.2

IX.

The Partnership admits the allegations contained in paragraph 9 of the Complaint.

X.

The Partnership admits the allegations contained in paragraph 10 of the Complaint.

XI.

The Partnership admits the allegations contained in paragraph 11 of the Complaint.

XII.

The Partnership admits the allegations contained in paragraph 12 of the Complaint.

XIII.

The Partnership admits the allegations contained in paragraph 13 of the Complaint.

XIV.

The Partnership admits the allegations contained in paragraph 14 of the Complaint.

XV.

The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. The Partnership admits that the Bank has continued to prosecute the Execution Proceeding.

3

XVI.

The Partnership admits the allegations contained in paragraph 16 of the Complaint.

XVII.

The Partnership admits the allegations contained in paragraph 17 of the Complaint.

COUNT ONE

XVIII.

The Partnership admits the allegations contained in paragraph 18 of the Complaint.

XIX.

In response to paragraph 19 of the Complaint, the Partnership repeats and reurges each and every response contained in paragraphs 1 through 18 above as if fully set forth herein.

XX.

The Partnership admits the allegations contained in paragraph 20 of the Complaint.

XXI.

The Partnership admits the allegations contained in paragraph 21 of the Complaint.

4

XXII.

The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

COUNT TWO

XXIII.

The Partnership admits the allegations contained in paragraph 23 of the Complaint.

XXIV.

In response to paragraph 24 of the Complaint, the Partnership repeats and reurges each and every response contained in paragraphs 1 through 23 above as if fully set forth herein.

XXV.

The allegations set forth in paragraph 25 call for a legal conclusion, and as such, do not require a response from the Partnership.

WHEREFORE, By-Pass Partnership prays for judgment as follows:

1.    That Debtor take nothing by reason of the Complaint against By-Pass Partnership and that judgment be entered against Central Progressive Bank.

2.    That the Partnership be awarded its attorneys fees and costs of suit incurred in the defense of this action.

3.    That the Court grant such other and further relief as it may deem just and proper.

NO.99561775.2

OCT-26-2005 18:13 FROM:PHELPS ALPHA          2252180653          TO:12253819197          P.2/2

Respectfully submitted,

PHELPS DUNBAR LLP

By: _____

Brent B. Barriere (La. Bar No. 2818)
Susie Morgan (La. Bar No. 9715)
Katherine M. Determan (La. Bar No. 25381)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (225) 234-7377
Telecopy: (225) 218-0653

And

PHELPS DUNBAR LLP

By: _____

Timothy P. Shusta (Fl. Bar No. 442305)
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
Telephone: (813) 472-7550
Telecopy: (813) 472-7570

**ATTORNEYS          FOR          BY-PASS
PARTNERSHIP**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served on the following

parties by electronic mail and First Class Mail this 26th day of October, 2005.

D.J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

6

NO.99561775.2

James H. Post
Leanne Pendergast
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Robin Cheatham
Adams & Reese
339 Florida Street, Second Floor
Baton Rouge, LA 70801

Katherine M. Determan
PC

7