UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

ORDER AUTHORIZING DEBTORS' TO REJECT REAL PROPERTY
LEASE AND ABANDON RELATED PERSONAL PROPERTY AND
ESTABLISHING REJECTION DAMAGE BAR DATE

These cases came before the Court for hearing on September 22, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 365 and 554(a) authorizing the Debtors to reject the Lease attached as Exhibit A to the motion and to abandon related personal property located at the leased premises (the "Property") and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the Landlord must file any claim for rejection damages (the "Motion"). On September 16, 2005, Greenwood Plaza, Ltd. ("Landlord") filed its Limited Objection (the "Objection"). Counsel for the Debtors has represented to the Court and informed Landlord that the underground petroleum storage tanks located at the leased premises have been temporarily closed in accordance with Mississippi law. The Court has read the Motion and the Objection and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

W-D Order re Greenwood Plaza (00512537).DOC

ORDERED AND ADJUDGED THAT:

1. The Motion is granted. Except to the extent provided in this Order, the Objection is overruled as moot.

2. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. §365, effective as of September 30, 2005. On or before October 26, 2005, the Debtors shall vacate the premises subject to the Lease and return the keys to the Landlord.

3. The Debtors are authorized to abandon any Property pursuant to 11 U.S.C. §554(a) effective as of September 30, 2005.

4. The Landlord must file any unsecured claims resulting from the rejection of the Lease or the abandonment of Property no later than thirty (30) days after the date of entry of this Order. Absent an agreement between the Landlord and the Debtors, the Court will determine the validity and priority of any such claims at a later date.

5. Nothing in this Order constitutes a waiver of, or is with prejudice to, any claims the Debtors may have against the Landlord or the Landlord may have against the Debtor, whether or not related to the Lease. Specifically, this Order is without prejudice to Landlord's right to assert claims, including administrative claims, for the Debtors' pre-petition or post-petition breach of their environmental or insurance obligations under the Lease.

6. The Debtors agree that, without the necessity of Landlord filing an application for an administrative expense, the Debtors will pay to Landlord the prorated (based upon the time period commencing from the bankruptcy filing date to September 30, 2005) real property ad valorem taxes at least thirty days before such taxes are due to be paid by Landlord.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated October 27, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge