UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

## MOTION OF SALEM CROSSING SHOPPING CENTER, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

SALEM CROSSING SHOPPING CENTER, LLC, ("Salem") a creditor and party in interest in the above-styled bankruptcy case, by and through its undersigned attorneys, hereby moves this Court for an order allowing the administrative claim of Salem described herein and requiring the payment thereof by Winn Dixie Stores, Inc. and/or Winn Dixie Montgomery, Inc. a/k/a Winn-Dixie Atlanta, Inc. (collectively, "Winn Dixie" or the "Debtor"). As grounds for this motion, Salem states the following:

1. This Court has subject matter jurisdiction of this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is 11 U.S.C. § 503(b)(1)(A).

2. RENL Ltd. ("RENL") and Winn Dixie Montgomery, Inc. are party to a Lease dated August 18, 1988 (the "Lease").

3. On August 25, 1988, Winn Dixie Stores, Inc. executed a Guaranty of all obligations under the Lease in favor of RENL (the "Guaranty").

57467.1

4. RENL subsequently assigned all of its rights and interests in the Lease and Guaranty to Salem.

5. On February 21, 2005, Winn Dixie filed a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

6. On September 14, 2005, Winn Dixie gave notice to Salem that it was rejecting the Lease and that rejection was effective September 30, 2005 when Winn Dixie surrendered the premises (the "Rejection Date").

7. Pursuant to ¶¶ 1, 31, and 37 of the Lease, Winn Dixie is obligated to pay rent consisting of minimum guaranteed rental plus a percentage of sales under certain conditions, its pro rata share of CAM fees, and real estate taxes.

8. Pursuant to this Court's order approving rejection dated September 8, 2005, Winn Dixie is obligated to comply with all Lease terms from the Petition Date until the Rejection Date (the "Administrative Period", equal to 7.3 months).

9. Winn Dixie paid basic rent, pro rata share of insurance and real estate taxes, and CAM fees, except for the months of May and June 2005 for the Administrative Period, which total $590.00 for the Administrative Period.

10. 11 U.S.C. § 503(b)(1) entitles entities that incur expenses or provide credit to preserve the bankruptcy estate to an administrative claim status. The statute provides, in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses ... including – (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

57467.1

2

11. Winn Dixie benefited from the use and occupancy of the leased premises up to and including September 30, 2005.

WHEREFORE, Salem prays that the Court will promptly schedule this motion for hearing, and upon the conclusion thereof, will enter an order providing as follows:

A. Salem is entitled to an administrative claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and in the amount of $590.00 that should be paid upon entry of an order of this Court; and

B. Granting to Salem such other, further and different relief as is appropriate.

Respectfully submitted this 31st day of October, 2005.

By: /s/ Beth T. Baer
Beth T. Baer
BALCH & BINGHAM, LLP
Georgia Bar No. 030845
14 Piedmont Center, Suite 1100
3535 Piedmont Road
Atlanta, Georgia 30305
Tel: 404-261-6020
Fax: 404-261-3656

*Counsel for SALEM CROSSING SHOPPING CENTER, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served, by electronic mail transmission and/or first class mail, postage prepaid, as reflected on the parties listed below on October 31st, 2005.

Adam Ravin
D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036
aravin@skadden.com
djbaker@skadden.com

United States Trustee – JAX
135 w. Central Blvd., Suite 620
Orlando, FL 32801

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Cynthia C. Jackson
Smith, Hulsey & Busey
1800 Wachovia Tower
225 Water Street
Jacksonville, FL 32202

/s/ Beth T. Baer
Beth T. Baer
Georgia Bar No. 030845