**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF
UNSECURED CREDITORS TO APPLICATION TO EMPLOY
JENNIS & BOWEN, P.L. AS LOCAL COUNSEL NUNC PRO TUNC
FOR THE EQUITY SECURITY HOLDERS COMMITTEE**

The official committee of unsecured creditors (the "Committee") appointed in the chapter 11 cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors") files this limited objection (the "Objection") to the Application (the "Jennis & Bowen Application") To Employ Jennis & Bowen, P.L. ("Jennis & Bowen") as Local Counsel Nunc Pro Tunc For The Equity Security Holders Committee (the "Equity Committee") on the grounds that the Jennis & Bowen Application is premature and should be postponed pending resolution of issues regarding the formation of the Equity Committee itself. In support thereof, the Committee respectfully represents as follows:

**FACTUAL BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under the

{JA254532;1}

Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

2. On March 1, 2005, the United States Trustee duly appointed the Committee.

3. By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. On August 17, 2005, the United States Trustee filed an official notice appointing the Equity Committee.

5. On September 2, 2005, the Committee filed the Motion Of Official Committee Of Unsecured Creditors For Entry Of Order, Under 11 U.S.C. §§ 105 And 1102, Disbanding Official Committee Of Equity Security Holders (the "Disbandment Motion"). A hearing on the Disbandment Motion is presently scheduled for November 16, 2005.

6. The Committee has filed limited objections to the Equity Committee's proposed retentions of other professionals.

**LIMITED OBJECTION**

**Consideration of Jennis & Bowen Application Should Be Postponed.**

7.  The approval of employment of any professional[1] for the Equity Committee is premature at this point in time. The Disbandment Motion seeks an order of this Court disbanding the Equity Committee.  Accordingly, if the Disbandment Motion is granted, the selection of professionals by the Equity Committee would logically be rendered moot.  The Disbandment Motion is presently scheduled for hearing on November 16, 2005.  Although certain parties in interest previously sought to dispose of the Disbandment Motion, the Court has overruled such attempts and directed the parties to proceed toward the scheduled hearing date.  Thus, neither Jennis & Bowen nor any other party in interest will suffer undue prejudice if consideration of the Jennis & Bowen Application is delayed.

8.  Accordingly, in order to prevent unnecessary depletion of estate resources, the Committee requests that consideration of the Jennis & Bowen Application (and any other application filed by the Equity Committee to employ professionals) be postponed pending resolution of the Disbandment Motion.

---

[1]  The Committee has previously objected to the retention the Equity Committee's other proposed professionals on the same basis, and notes that the arguments contained in this Objection also apply to any additional applications by the Equity Committee to retain other professionals.

{JA254532;1}

3

9. <u>Reservation of Rights</u>.  This Objection is limited to the grounds stated herein and is without prejudice to the right of the Committee to object to the Jennis & Bowen Application (or the application of the Equity Committee to employ any other professional) on any ground whatsoever.  The Committee expressly reserves all further objections it may have to the retention, employment, and compensation of any professional for the Equity Committee.


[REMAINDER OF PAGE INTENTIONALLY BLANK]

**CONCLUSION**

For the reasons set forth above, the Committee respectfully requests that this Court (i) postpone consideration of the Jennis & Bowen Application until the Disbandment Motion is resolved, and (ii) grant the Committee such other relief as is just and proper.

Dated: October 31, 2005

**AKERMAN SENTERFITT**

By: */s/John B. Macdonald*
　　John B. Macdonald
　　Florida Bar No. 230340
　　Email: john.macdonald@akerman.com
　　Patrick P. Patangan
　　Florida Bar No. 348340
　　Email: patrick.patangan@akerman.com
　　50 North Laura Street, Suite 2500
　　Jacksonville, Florida  32202
　　Telephone: (904) 798-3700
　　Facsimile: (904) 798-3730

Co-Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

- and -

**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
Luc A. Despins (LD 5141)
Dennis F. Dunne (DD 7543)
Robert E. Winter (RW 9937)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Co-Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.