## SHORT FORM LEASE

THIS SHORT FORM LEASE, made this 24th day of November, 1992, between HIDDEN HILLS PARTNERSHIP, a South Carolina partnership by MPR CONSULTANTS, INC., an Illinois Corporation

(hereinafter called "Landlord") and WINN-DIXIE GREENVILLE, INC., a Florida corporation, qualified to transact business in South Carolina, (hereinafter called "Tenant"); which terms "Landlord" and "Tenant" shall include, wherever the context admits or requires, singular or plural, and the heirs, legal representatives, successors and assigns of the respective parties;

WITNESSETH:

That the Landlord, in consideration of the covenants of the Tenant, does hereby lease and demise unto said Tenant and the Tenant hereby agrees to take and lease from the Landlord, for the term hereinafter specified, the following described premises:

That certain store building, approximately 220 feet in width by 200 feet in depth, together with vestibule across the front measuring approximately 71 feet in width by 12 feet in depth with loading docks and pads for coolers, freezers and compactor at the rear and the land on which the same shall stand (hereinafter collectively called "demised premises") which store building and related improvements are to be constructed by Landlord according to plans and specifications to be approved by the parties hereto as shall be in the location and of the dimensions as outlined in red on the plot plan dated July 10, 1992 prepared by Gray Engineering Consultants, Inc., attached as Exhibit "A" to certain collateral lease agreement executed by the parties hereto and of even date herewith.

The demised premises are located in a shopping center development known as Winn-Dixie Shopping Center (hereinafter called "shopping center"), located at the southeastern corner of the intersection of Reidville Road and Hidden Hills Road in the City of Spartanburg, Spartanburg County, South Carolina, the legal description of the shopping center being attached hereto as Exhibit "B" and by this reference made a part hereof.

FOR THE TENANT TO HAVE AND TO HOLD from the date of Tenant opens said premises for the transaction of its business for an initial term of twenty (20) years.

It is further agreed that Tenant, at its option, shall be entitled to the privilege of five (5) successive extensions of this lease, each extension to be for a period of five (5) years



APPROVED
AS TO FORM

Landlord covenants     agrees that the Tenant shall have   the exclusive right to operate a supermarket in the shopping center and any enlargement thereof.  Landlord further covenants and agrees that it will not directly or indirectly lease or rent any property located within the shopping center, or within 1000 feet of any  exterior boundary thereof, for occupancy as a supermarket, grocery store, meat, fish or vegetable market, pharmacy or drug store nor will the Landlord permit any tenant or occupant of any such property to sublet in  any manner, directly or  indirectly,  any  part  thereof  to  any  person,  firm  or corporation  engaged  in  any  such  business  without  written permission  of  the  Tenant;  and Landlord  further  covenants  and agrees not to permit or suffer any property located within the shopping center to be used for or occupied by any business dealing in or which shall keep in stock or sell for off-premises consumption  any  staple  or  fancy  groceries,  meats,  fish, vegetables, fruits, bakery goods, dairy products or frozen foods without written permission of the Tenant.  Only the Tenant may operate a bakery, delicatessen or similar department in the shopping center.  With the exception of bars, the convenience store of not more than 1200 square feet of retail space on Outparcel "A" as shown on said site plan and a package store, only Tenant herein may sell beer and wine in the shopping center for  off-premises  consumption;  provided,  however,  that  the provisions  of  this  paragraph  are  expressly  subject  to  and conditioned upon certain modifications thereof as particularly set forth in the collateral lease agreement of even date herewith below mentioned.  Provided, however, the operation of a yogurt or ice cream shop shall be permitted in the shopping center.  Tenant shall  have  the  exclusive  right  to  operate  a  pharmacy  or prescription  drug  department  or  equivalent  department  or concession in the shopping center.

Without the prior written consent of Tenant herein only retail and/or service stores shall be allowed to operate in the shopping center, or any enlargement thereof, it being the intent of the parties hereto that no spa, bowling alley, skating rink,  bingo  parlor,  theatre  (either  motion  picture  o

-2-

legitimate), business or professional offices, sales of automobiles, or health, recreational or entertainment-type activities, or non-retail or non-service type activities, shall be permitted; provided, however, that the provisions of this paragraph are expressly subject to and conditioned upon certain modifications thereof as particularly set forth in the collateral lease agreement of even date herewith below mentioned.

IT IS UNDERSTOOD AND AGREED that this is a Short Form Lease which is for the rents and upon the terms, covenants and conditions contained in the aforesaid collateral lease agreement executed by the parties hereto and bearing even date herewith, which collateral lease agreement is and shall be a part of this instrument as fully and completely as if the same were set forth herein.

IN WITNESS WHEREOF, the Landlord and Tenant have executed this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

HIDDEN HILLS PARTNERSHIP, a South Carolina Partnership

BY: MPR CONSULTANTS, INC.

By: _____ President
Its

By: _____ Secretary
Its

[CORPORATE SEAL]

LANDLORD

By: _____ Vice President
Its

Attest: _____ Secretary
Its

[CORPORATE SEAL]
[TENANT]

STATE OF _Georgia_ )
COUNTY OF _Richmond_ )

Personally appeared before me _Allison Sullivan_,
who being duly sworn says that he saw _Victor J. Mills_ and
_Pamela B. Mills_, as Authorized Signatory General Partners
for MPR CONSULTANTS, INC., an Illinois Corporation, sign, seal,
and as their act and deed, deliver the foregoing instrument and
that _Ralph Kitchens_ with _Sharon Sullivan_
witnessed the execution and delivery thereof as the act and deed
of the said HIDDEN HILLS PARTNERSHIP, a South Carolina Partner-
ship.

_Allison Sullivan_

Sworn to and subscribed before me
this _6_ day of _Nov._, 1992

_Judy Lord_
Notary Public for _____
My commission expires _____

(NOTARIAL SEAL)

STATE OF FLORIDA    )
                    )
COUNTY OF DUVAL     )

Personally appeared before me ___Laura F Baughman___ ,
who being duly sworn says that he saw the corporate seal of WINN-
DIXIE GREENVILLE, INC., a Florida corporation, affixed to the
foregoing instrument, and that he saw ___James Kufeldt___ , Vice
President, and ___Wayne E. Ripley, Jr.___ , _____ Secretary of WINN-
DIXIE GREENVILLE, INC., both personally known to deponent to be
such officers of such corporation, respectively sign and attest
this instrument and deliver same for and on behalf of such
corporation, and the deponent, with ___Barbara A. Smucvgz___
witnessed the execution and delivery thereof as the act and deed
of WINN-DIXIE GREENVILLE, INC.

_Laura F Baughman_

Sworn to and subscribed before me
this 25th day of November, 1992.

_Barbara Ann Smucgz_
Notary Public for Florida
My commission expires: 1/9/96

(NOTARIAL SEAL)

Notary Public, State of Florida
BARBARA ANN SMUCVGZ
My Comm. Exp. Jan 9, 1996
Comm. No. CC 176607

EXHIBIT "B"
LEGAL DESCRIPTION
OF
SHOPPING CENTER

ALL THAT LOT OR PARCEL OF LAND LOCATED IN SPARTANBURG COUNTY, SOUTH CAROLINA ON THE SOUTHERN SIDE OF THE REIDVILLE ROAD AND KNOWN AS PARCEL C ON A PARCEL LAYOUT PLAN FOR WINN-DIXIE SHOPPING CENTER BY GRAY ENGINEERING CONSULTANTS, INC. FROM WHICH THE FOLLOWING DESCRIPTION WAS TAKEN:

BEGINNING AT AN IRON PIN FOUND LOCATED ON THE SOUTHERN RIGHT OF WAY OF THE REIDVILLE ROAD (S.C.296) WHICH POINT IS THE COMMON FRONT CORNER WITH SPARTANBURG ENTERPRISES AND IS 440 FT. EAST OF THE CENTERLINE OF HIDDEN HILLS ROAD THENCE WITH THE ROAD RIGHT OF WAY N 85°46'00" E 268.17 FT. TO AN IRON PIN FOUND; THENCE WITH THE LINE OF CAROLINA COUNTRY BARBECUE S 4°13'47" E 314.48 FT. TO AN IRON PIN FOUND; THENCE WITH THE LINE OF PARCEL D WINN-DIXIE SHOPPING CENTER S 85°46'00" W 25.35 FT. TO A POINT; THENCE CONTINUING WITH THE LINE OF PARCEL D S 4°15'01" E 385.24 FT. TO A POINT; THENCE WITH THE LINE OF BROWN FLOURNOY EQUITY INCOME S 85°44'59" W 280.0 FT. TO A POINT; THENCE WITH THE LINE OF PARCEL B OF WINN-DIXIE SHOPPING CENTER N 4°15'01" W 334.45 FT. TO A POINT; THENCE WITH THE LINE OF PARCEL B N 85°46'00" E 36.62 FT. TO A POINT; THENCE WITH THE LINE OF PARCEL B N 4°02'52" W 51.11 FT. TO A POINT; THENCE WITH THE LINE OF SPARTANBURG ENTERPRISES S 4°02'52" W 314.1 FT. TO THE BEGINNING CORNER AND CONTAINING 4.370 ACRES.

EXHIBIT "B"
Page One of Two

## FIRST AMENDMENT TO LEASE

This First Amendment to Lease (the "Amendment") is made and entered into as of the _13th_ day of ___May___, 1993, by and between Hidden Hills Limited Partnership, a South Carolina limited partnership ("Landlord"), and Winn-Dixie Greenville, Inc., a Florida corporation ("Tenant").

### WITNESSETH:

WHEREAS, Landlord and Tenant have made and entered into that certain Lease dated November 24, 1992, as modified by a letter from Tenant to Landlord dated December 18, 1992, acknowledged and agreed to by Landlord (the "Lease"), whereby Tenant has agreed to lease from Landlord certain premises (as more particularly described in the Lease); and

WHEREAS, Landlord and Tenant now desire to further amend the Lease in certain respects, as more particularly set forth herein below.

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto amend the Lease as follows:

1.     Throughout the Lease, references to "Hidden Hills Partnership" or "Hidden Hills Partnership, a South Carolina partnership" shall hereby be deemed to be references to "Hidden Hills Limited Partnership" or "Hidden Hills Limited Partnership, a South Carolina limited partnership," as applicable.

2.     Throughout the Lease, references to "MPR Consultants, an Illinois corporation" shall hereby be deemed to be references to "MPR Consultants, Inc., a Georgia corporation."

3.     Article 4 of the Lease is hereby amended as follows:

(a)  The date "November 15, 1992," as changed to "January 15, 1993" by the December 18, 1992 letter referenced above, which appears in the second line of Article 4, is deleted and the date "May 31, 1993" is substituted in lieu thereof.

(b)  The date "June 1, 1993," which appears in the third line of Article 4, is deleted and the date "October 31, 1993" is substituted in lieu thereof.

(c)  The date "August 1, 1993," which appears in the tenth line of Article 4, is deleted and the date "December 31, 1993" is substituted in lieu thereof.



APPROVED
AS TO FORM

Division Mgr.

Legal Dept.
Winn-Dixie Stores,
Inc.

4.   Article 8 of the Lease is hereby amended as follows:

(a)  Subsection (a) of Article 8 is deleted in its entirety and the following is substituted in lieu thereof:

> (a)  A minimum ratio of at least 5.49 automobile parking spaces for each 1,000 sq. ft. of gross building area (including additional floor levels) in the shopping center; provided, however, said ratio may be less by reason of the enlargement of Tenant's store building pursuant to Article 38 hereof; and

(b)  The number "336," which appears in the first line of subsection (b) of Article 8, is deleted and the number "328" is substituted in lieu thereof.

5.   Article 17 of the Lease is hereby amended by deleting the last sentence of the first paragraph thereof and by substituting the following in lieu thereof:

> If at any time during the term of this lease or any extensions thereof any of the buildings in the shopping center, exclusive of Tenant's demised premises, are damaged by fire or by the elements or otherwise, Landlord shall use its reasonable best efforts, at no additional cost to Landlord, to cause the owners of such buildings to immediately commence and diligently prosecute to completion repair of all such damage and restore said improvements to their condition prior to such damage.

6.   Article 20 of the Lease is hereby amended as follows:

(a)  The second sentence of the first paragraph of Article 20 is deleted in its entirety and the following is substituted in lieu thereof:

> In the event the Tenant does not elect to terminate this Lease, the Landlord shall immediately commence and diligently prosecute to completion the repair and restoration of the improvements with respect to the demised premises, including Tenant's store building, and shall use its reasonable best efforts, at no cost to Landlord, to cause the owners of the buildings, exclusive of Tenant's

building, within the shopping center, to immediately commence and diligently prosecute to completion the repair and restoration of the improvements with respect to such buildings, in each case to a condition comparable to their condition at the time of taking and the Lease shall continue, but, with respect to the demised premises, including Tenant's store building, Tenant shall be entitled to such division of proceeds and abatement of rent and other adjustments as shall be just and equitable under all circumstances.

(b)  The number "303," which appears in the sixth line of the second paragraph of Article 20, is deleted and the number "295" is substituted in lieu thereof.

7.  The legal description of the shopping center set forth on Exhibit "B" to the Lease is hereby deleted in its entirety and the correct legal description of the shopping center set forth on Exhibit "A" attached hereto is substituted in lieu thereof; it being the intention of the parties that all references contained in the Lease to the legal description of the shopping center shall be deemed to be references to the text of Exhibit "A" attached hereto.

8.  The parties acknowledge and agree that except as herein expressly modified, the Lease is and shall remain in full force and effect in accordance with its terms, and the parties hereby ratify and confirm same.  Any capitalized terms contained in this Amendment but not defined herein shall have the meaning set forth in the Lease.

IN  WITNESS  WHEREOF,  Landlord  and  Tenant  have respectively signed this Amendment as of the day and year first above written.

[Signatures Appear on Next Page]

Signed, Sealed and Delivered )
in the presence of:          )
                             )
_____      )
                             )
_____      )
                             )
                             )
                             )
                             )
                             )

TENANT

WINN-DIXIE GREENVILLE, INC., a
Florida corporation

BY: _____
ITS: _Vice President_____

ATTEST: _____
ITS: _Secretary_____

[SEAL]


Signed, Sealed and Delivered )
in the presence of:          )
                             )
_____      )
                             )
_____      )
                             )
                             )
                             )
                             )
                             )
                             )
                             )
                             )

LANDLORD

HIDDEN HILLS LIMITED
PARTNERSHIP, a South Carolina
Limited Partnership

BY:  MPR CONSULTANTS, INC., a
     Georgia corporation,
ITS: Managing Partner

     BY: _____
     ITS: _____

     ATTEST: _Pamela B. Mills_
     ITS: _Secretary_____

     [SEAL]

STATE OF FLORIDA    )
                    )
COUNTY OF DUVAL     )

       Personally appeared before me  **Laura E. Baughman** ,
who being duly sworn says that she saw the corporate seal of WINN-
DIXIE GREENVILLE, INC., a Florida corporation, affixed to the
foregoing instrument, and that she saw **A. Dane Davis** , Vice
President, and **Wayne E. Ripley Jr.** , _____ Secretary of WINN-
DIXIE GREENVILLE, INC., both personally known to deponent to be
such officers of such corporation, respectively sign and attest
this instrument and deliver same for and on behalf of such
corporation, and the deponent, with **Barbara Ann Smucgz**
witnessed the execution and delivery thereof as the act and deed
of WINN-DIXIE GREENVILLE, INC.

                                     *Laura E. Baughman*

Sworn to and subscribed before me
this _13th_ day of _May_ , 1993.

*Barbara Ann Smucgz*
Notary Public for Florida
My commission expires: _1/9/96_

Notary Public, State of Florida
BARBARA AN... S...CYGZ
My Comm. Exp Jan. 9, 1996
Comm. No. CC 178607

  (NOTARIAL SEAL)


STATE OF _____    )
                     )
COUNTY OF _____   )

       Personally appeared before me _____ ,
who being duly sworn says that  he saw the corporate seal of FIRST
UNION NATIONAL BANK OF GEORGIA, a national banking association,
affixed to the foregoing instrument, and that  he saw
_____ , _____ President, and _____ ,
_____ Secretary of FIRST UNION NATIONAL BANK OF GEORGIA, both
personally known to deponent to be such officers of such
association, respectively sign and attest this instrument and
deliver same for and on behalf of such corporation, and the
deponent, with _____ witnessed the execution
and delivery thereof as the act and deed of FIRST UNION NATIONAL
BANK OF GEORGIA.


_____

Sworn to and subscribed before me
this ____ day of _____ , 1993.


_____
Notary Public for Florida
My commission expires: _____

  (NOTARIAL SEAL)

EXHIBIT "A"
LEGAL DESCRIPTION OF SHOPPING CENTER

All that lot, tract, or parcel of land, located in the County and
State aforesaid, being shown and designated as Tract C, containing
3.995 acres, more or less, on plat of survey made for Winn Dixie
Shopping Center by Neil R. Phillips, PLS dated November 5, 1992 and
recorded in Plat Book 119 at Page 72 in the RMC Office for
Spartanburg County and being more particularly described by metes
and bounds as follows:

BEGINNING at an iron pin on the southern edge of the right of way
for Reidville Road at the northeast corner of the Spartanburg
Enterprises (Charleston's Restaurant) lot, thence with the southern
edge of the right of way for Reidville Road, N. 85-46-00 E. 218.97
feet to an iron pin; thence S. 4-13-47 E. 357.58 feet to an iron
pin; thence N. 85-46-00 E. 24.67 feet to an iron pin; thence with
the eastern boundary line of Tract B as shown on the above
referenced plat the following three calls: S. 4-15-01 E. 342.14
feet to an iron pin, thence S. 85-44-59 W. 280.47 feet to an iron
pin, thence N. 4-15-01 W. 334.60 feet to an iron pin; thence N. 85-
46-00 E. 36.58 feet to an iron pin; thence with the eastern
boundary line of the Spartanburg Enterprises (Charleston's
Restaurant) lot, N. 4-11-27 W. 365.21 feet to an iron pin, being
the point of beginning.



## Florida Profit

### WINN-DIXIE GREENVILLE, INC.

PRINCIPAL ADDRESS
2819 WADE HAMPTON BLVD
TAYLORS SC 29687 US
Changed 04/27/1995

MAILING ADDRESS
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US
Changed 04/13/1994

| Document Number | FEI Number | Date Filed |
|---|---|---|
| 212631 | 570378442 | 05/31/1958 |
| **State** | **Status** | **Effective Date** |
| FL | INACTIVE | NONE |
| **Last Event** | **Event Date Filed** | **Event Effective Date** |
| MERGED | 12/06/1995 | 12/13/1995 |

## Registered Agent

| Name & Address |
|---|
| E ELLIS ZAHRA, JR<br>5050 EDGEWOOD CT<br>JACKSONVILLE FL 32254 |
| Name Changed: 04/27/1995 |
| Address Changed: 04/27/1995 |

## Officer/Director Detail

| Name & Address | Title |
|---|---|
| MCDONALD, T.E.<br>2401 NEVADA BLVD.<br><br>CHARLOTTE, NC 00000 | D |
| BRAGIN, D. H.<br>5050 EDGEWOOD CT | TD |

| | |
|---|---|
| JACKSONVILLE, FL 00000 | |
| DIXON, J W<br>5050 EDGEWOOD COURT<br><br>JACKSONVILLE, FL 00000 | S |
| MCCOOK, R. P<br>5050 EDGEWOOD CT<br><br>JACKSONVILLE, FL 00000 | V |
| KUFELDT, JAMES<br>5050 EDGEWOOD COURT<br><br>JACKSONVILLE, FL 00000 | VD |
| WHITFORD, D L<br>2819 WADE HAMPTON BLVD<br><br>TAYLORS SC | P |

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 1993 | 03/08/1993 |
| 1994 | 04/13/1994 |
| 1995 | 04/27/1995 |

Previous Filing          Return to List          Next Filing

View Events
No Name History Information

## Document Images

Listed below are the images available for this filing.

No images are available for this filing.

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry                    Corporations Help



Florida Department of State, Division of Corporations

Corporations Online

www.sunbiz.org

Public Inquiry

---

## WINN-DIXIE GREENVILLE, INC.

| Document Number | Date Filed | Effective Date | Status |
|---|---|---|---|
| 212631 | 05/31/1958 | None | Inactive |

| EVENT TYPE | FILED DATE | EFFECTIVE DATE | DESCRIPTION |
|---|---|---|---|
| CORPORATE MERGER | 12/06/1995 | 12/13/1995 | MERGING : 212631 MERGED INTO : 4224 22 |

### THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT

Corporations Inquiry                    Corporations Help



## Florida Profit

### WINN-DIXIE CHARLOTTE, INC.

PRINCIPAL ADDRESS
2401 NEVADA BLVD.
CHARLOTTE NC 28273 US
Changed 04/24/1995

MAILING ADDRESS
5050 EDGEWOOD COURT
JACKSONVILLE FL 32254 US
Changed 04/13/1994

| Document Number | FEI Number | Date Filed |
|---|---|---|
| 422422 | 561041775 | 03/30/1973 |
| **State** | **Status** | **Effective Date** |
| FL | INACTIVE | NONE |
| **Last Event** | **Event Date Filed** | **Event Effective Date** |
| MERGED | 06/29/2000 | NONE |

## Registered Agent

| Name & Address |
|---|
| E. ELLIS ZAHRA, JR.<br>5050 EDGEWOOD COURT<br>JACKSONVILLE FL 32254 |
| Name Changed: 04/24/1995 |
| Address Changed: 04/24/1995 |

## Officer/Director Detail

| Name & Address | Title |
|---|---|
| ROWLAND, A R<br>5050 EDGEWOOD CT<br><br>JACKSONVILLE FL 32254 | VD |
| BRAGIN, D H<br>5050 EDGEWOOD CT | TD |

| | | |
|---|---|---|
| JACKSONVILLE FL | | |
| WINGE, C E<br>5333 COMMONWEALTH<br><br>JACKSONVILLE FL 32231 | VD | |
| J.W. DIXON<br>5050 EDGEWOOD COURT<br><br>JACKSONVILLE FL | S | |
| MCCOOK, R. P.<br>5050 EDGEWOOD CT.<br><br>JACKSONVILLE FL | V | |
| FITZGERALD, J D<br>2401 NEVADA BLVD<br><br>CHARLOTTE NC 29273 | P | |

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 1998 | 05/13/1998 |
| 1999 | 04/20/1999 |
| 2000 | 04/21/2000 |

Previous Filing          Return to List          Next Filing

View Events
No Name History Information

## Document Images

Listed below are the images available for this filing.

06/29/2000 -- Merger Sheet
04/21/2000 -- ANN REP/UNIFORM BUS REP
04/20/1999 -- ANNUAL REPORT
05/13/1998 -- ANNUAL REPORT
04/25/1997 -- ANNUAL REPORT
04/25/1996 -- 1996 ANNUAL REPORT

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry          Corporations Help



# WINN-DIXIE CHARLOTTE, INC.

| Document Number | Date Filed | Effective Date | Status |
|---|---|---|---|
| 422422 | 03/30/1973 | None | Inactive |

| EVENT TYPE | FILED DATE | EFFECTIVE DATE | DESCRIPTION |
|---|---|---|---|
| MERGER | 06/29/2000 | | MERGING : 422422 MERGED INTO : P940 00048547 |
| CORPORATE MERGER | 12/06/1995 | 12/13/1995 | MERGING : 212631 MERGED INTO : 4224 22 |

**THIS IS NOT OFFICIAL RECORD; SEE DOCUMENTS IF QUESTION OR CONFLICT**

Corporations Inquiry        Corporations Help

422422

## ARTICLES OF MERGER
Merger Sheet

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MERGING:

000003340900--4

WINN-DIXIE CHARLOTTE, INC., a Florida corporation  422422

INTO

WINN-DIXIE MIDWEST, INC. which changed its name to

**WINN-DIXIE CHARLOTTE, INC.,** a Florida entity, P94000048547

File date: June 29, 2000

Corporate Specialist: Annette Ramsey

Account number: 072100000032            Account charged: 78.75

Division of Corporations - P.O. BOX 6327 -Tallahassee, Florida 32314

# 2004 FOR PROFIT CORPORATION ANNUAL REPORT

**FILED**
**Apr 14, 2004**
**Secretary of State**

DOCUMENT# P94000048547

**Entity Name:** WINN-DIXIE CHARLOTTE, INC.

**Current Principal Place of Business:**

2401 NEVADA BLVD.
CHARLOTTE, NC  28273    US

**New Principal Place of Business:**

**Current Mailing Address:**

5050 EDGEWOOD CT
JACKSONVILLE, FL  32254    US

**New Mailing Address:**

FEI Number: 59-3264623      FEI Number Applied For ( )      FEI Number Not Applicable ( )      Certificate of Status Desired ( )

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL  32301    US

**Name and Address of New Registered Agent:**

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

Electronic Signature of Registered Agent                                                     Date

**Election Campaign Financing Trust Fund Contribution ( ).**

**OFFICERS AND DIRECTORS:**

| | |
|---|---|
| Title: | TD        ( ) Delete |
| Name: | ROSS, K D |
| Address: | 5050 EDGEWOOD CT. |
| City-St-Zip: | JACKSONVILLE, FL |

| | |
|---|---|
| Title: | VD        ( ) Delete |
| Name: | ROWLAND, A R |
| Address: | 5050 EDGEWOOD CT. |
| City-St-Zip: | JACKSONVILLE, FL  32254 |

| | |
|---|---|
| Title: | S        ( ) Delete |
| Name: | DIXON, J.W. |
| Address: | 5050 EDGEWOOD COURT |
| City-St-Zip: | JACKSONVILLE, FL |

| | |
|---|---|
| Title: | P        ( ) Delete |
| Name: | BARTON, J B |
| Address: | 2401 NEVADA BLVD. |
| City-St-Zip: | CHARLOTTE, NC  28273 |

| | |
|---|---|
| Title: | D        ( ) Delete |
| Name: | BYRUM, D.M. |
| Address: | 5050 EDGEWOOD CT |
| City-St-Zip: | JACKSONVILLE, FL  32254 |

| | |
|---|---|
| Title: | ( ) Delete |
| Name: | |
| Address: | |
| City-St-Zip: | |

**ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS:**

| | |
|---|---|
| Title: | P        (X) Change ( ) Addition |
| Name: | FOREHAND, C A |
| Address: | 2401 NEVADA BLVD |
| City-St-Zip: | CHARLOTTE, NC  28273 US |

| | |
|---|---|
| Title: | VD        (X) Change ( ) Addition |
| Name: | LAZARAN, FRANK |
| Address: | 5050 EDGEWOOD COURT |
| City-St-Zip: | JACKSONVILLE, FL  32254 US |

| | |
|---|---|
| Title: | DVT        (X) Change ( ) Addition |
| Name: | HARDEE, K D |
| Address: | 5050 EDGEWOOD COURT |
| City-St-Zip: | JACKSONVILLE, FL  32254 US |

| | |
|---|---|
| Title: | VD        (X) Change ( ) Addition |
| Name: | SHEEHAN, J R |
| Address: | 5050 EDGEWOOD COURT |
| City-St-Zip: | JACKSONVILLE, FL  32254 US |

| | |
|---|---|
| Title: | DVAS        (X) Change ( ) Addition |
| Name: | BYRUM, D M |
| Address: | 5050 EDGEWOOD COURT |
| City-St-Zip: | JACKSONVILLE, FL  32254 US |

| | |
|---|---|
| Title: | VS        ( ) Change (X) Addition |
| Name: | APPEL, L B |
| Address: | 5050 EDGEWOOD COURT |
| City-St-Zip: | JACKSONVILLE, FL  32254 US |

I hereby certify that the information supplied with this filing does not qualify for the for the exemption stated in Section 119.07(3)(i), Florida Statutes.  I further certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with an address, with all other like empowered.

SIGNATURE:  D. M. BYRUM                                             DVAS                    04/14/2004

Electronic Signature of Signing Officer or Director                                          Date

D. M. YOUNG / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

H. S. WADFORD / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

D. A. MOORE, JR. / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

J. J. ROY / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

J. J. JAMES / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

J. R. BROGAN / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

C. S. RUBIO / ASAT
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

K. E. SALEM / VP
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

E. L. RAINWATER / VP
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

M. W. MATTA / VP
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

R. C. JUDD / VP
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

D. F. HENRY / VP
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

K. B. CHERRY / VP
5050 EDGEWOOD COURT
JACKSONVILLE, FL  32254

*212638*

---

_____
(Requestor's Name)

_____
(Address)

_____
(Address)

_____
(City/State/Zip/Phone #)

☐ PICK-UP ☐ WAIT ☐ MAIL

_____
(Business Entity Name)

_____
(Document Number)

Certified Copies _____ Certificates of Status _____

┌─────────────────────────────────────┐
│ Special Instructions to Filing Officer: │
│                                         │
│                                         │
│                                         │
│                                         │
│                                         │
└─────────────────────────────────────┘

Office Use Only



800043642308



DEC 2 9 2004



CORPORATION SERVICE COMPANY'

```
           ACCOUNT NO.  :  072100000032

             REFERENCE  :  109134     4724082

         AUTHORIZATION  :

            COST LIMIT  :  $ 148.75
```
--------------------------------------------------------

ORDER DATE :  December 28, 2004

ORDER TIME :   2:30 PM

ORDER NO.  :  109134-015

CUSTOMER NO:   4724082

CUSTOMER:  Cynthia Rubio
           Winn-dixie Stores Inc
           5050 Edgewood Court

           Jacksonville, FL  32254
--------------------------------------------------------

### ARTICLES OF MERGER


WINN-DIXIE CHARLOTTE, INC.


INTO

WINN-DIXIE RALEIGH, INC.



PLEASE RETURN THE FOLLOWING AS PROOF OF FILING:

XX _____  CERTIFIED COPY
_____  PLAIN STAMPED COPY


CONTACT PERSON:  Troy Todd
                          EXAMINER'S INITIALS:  _____

**ARTICLES OF MERGER**

**OF**

**WINN-DIXIE CHARLOTTE, INC,
A FLORIDA CORPORATION,**

**TRANSITORY SUB D, INC.,
A FLORIDA CORPORATION,**

**SAVE RITE GROCERY WAREHOUSE, INC.,
A FLORIDA CORPORATION**

**WITH AND INTO**

**WINN-DIXIE RALEIGH, INC.,
A FLORIDA CORPORATION**



To the Secretary of State
State of Florida

The following articles of merger are submitted in accordance with the Florida Business Corporation Act, pursuant to section 607.1105, F.S.

**FIRST**:   Annexed hereto and made a part hereof is the Plan of Merger for merging Winn-Dixie Charlotte, Inc., ("Winn-Dixie Charlotte"), Transitory Sub D, Inc. ("Transitory Sub D"), and Save Rite Grocery Warehouse, Inc. ("Save Rite") with and into Winn-Dixie Raleigh, Inc. ("Winn-Dixie Raleigh"), all Florida corporations, pursuant to Section 607.1101 of the Florida Business Corporation Act ("FBCA").

**SECOND**:   The Plan of Merger was adopted by the sole shareholder of Winn-Dixie Raleigh on December 23, 2004.

**THIRD**:   The Plan of Merger was adopted by the sole shareholder of each of Winn-Dixie Charlotte, Transitory Sub B and Save Rite on December 23, 2004.

**FOURTH**:   Winn-Dixie Raleigh, Inc. will continue its existence as the surviving corporation under its present name pursuant to the provisions of the Florida Business Corporation Act.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties hereto have caused their duly authorized representatives to execute these Articles of Merger as of the date first above written.

Winn-Dixie Raleigh, Inc.,
a Florida corporation

By: _____
    Name: Larry B. Appel
    Title: Vice President

Winn-Dixie Charlotte, Inc.,
a Florida corporation

By: _____
    Name: Larry B. Appel
    Title: Vice President

Transitory Sub D, Inc.,
a Florida corporation

By: _____
    Name: K.D. Hardee
    Title: President

Save Rite Grocery Warehouse, Inc.,
a Florida corporation

By: _____
    Name: Larry B. Appel
    Title: Vice President

## PLAN OF MERGER

## OF

## WINN-DIXIE CHARLOTTE, INC, A FLORIDA CORPORATION,

## TRANSITORY SUB D, INC., A FLORIDA CORPORATION,

## SAVE RITE GROCERY WAREHOUSE, INC., A FLORIDA CORPORATION

## WITH AND INTO

## WINN-DIXIE RALEIGH, INC., A FLORIDA CORPORATION

This Plan of Merger, dated as of this *23* day of *DECEMBER*, 2004, is made by and between Winn-Dixie Charlotte, Inc., ("Winn-Dixie Charlotte"), Transitory Sub D, Inc. ("Transitory Sub D"), Save Rite Grocery Warehouse, Inc. ("Save Rite") and Winn-Dixie Raleigh, Inc. ("Winn-Dixie Raleigh"), all Florida corporations, pursuant to Section 607.1101 of the Florida Business Corporation Act ("FBCA").

**WHEREAS,** Winn-Dixie Charlotte, Transitory Sub D, Save Rite and Winn-Dixie Raleigh are all wholly owned subsidiaries of Winn-Dixie Stores, Inc., a Florida corporation.

**WHEREAS,** Winn-Dixie Charlotte, Transitory Sub D, Save Rite and Winn-Dixie Raleigh have each determined that it is in their best interests and in the best interests of their mutual sole shareholder for Winn-Dixie Charlotte, Transitory Sub D and Save Rite to merge with and into Winn-Dixie Raleigh (the "Merger"), so that Winn-Dixie Raleigh will continue as the surviving entity of the Merger;

**NOW, THEREFORE,** in consideration of the foregoing premises and the agreements contained herein, the parties hereto hereby agree as follows:

### I.

### CONSTITUENT ENTITIES

The name of each constituent entity is as follows: Winn-Dixie Charlotte, Inc., Transitory Sub D, Inc., Save Rite Grocery Warehouse, Inc. and Winn-Dixie Raleigh, Inc. The constituent entities are all Florida corporations.

### II.

**SURVIVING ENTITY**

The name of the surviving entity is Winn-Dixie Raleigh, Inc., a Florida corporation.

### III.

### MERGER

Pursuant to Section 607.1101 of the FBCA, Winn-Dixie Charlotte, Transitory Sub D and Save Rite shall be merged with and into Winn-Dixie Raleigh.

### IV.

### ARTICLES OF INCORPORATION

At the Effective Time (as defined in Article VI below), the Articles of Incorporation of Winn-Dixie Raleigh in effect immediately prior to the time the Merger becomes effective shall continue to be the Articles of Incorporation of the surviving entity.

### V.

### MANNER AND BASIS OF CONVERTING INTEREST

At the Effective Time, all issued and outstanding shares of common stock of Winn-Dixie Charlotte, having a par value of One-Hundred ($100) Dollars per share, Transitory Sub D, having no par value, and Save Rite, having a par value of Ten ($10) Dollars per share, ("Terminating Entities Common Stock"), will each be exchanged for one share of common stock of Winn-Dixie Raleigh, having a par value of Ten ($10) Dollars per share ("Winn-Dixie Raleigh Common Stock"). All shares of Terminating Entities Common Stock will, upon conversion thereof into such one share of Winn-Dixie Raleigh Common Stock, cease to be outstanding and will automatically be cancelled and retired.

### VI.

### EFFECTIVE DATE

The Merger shall become effective as of the date of filing by the Secretary of State of the State of Florida of a certificate of merger for the Merger (the "Effective Time").

# VIII.

## AUTHORIZATION AND APPROVAL

This Agreement and Plan of Merger has been authorized and approved in accordance with Section 607.1101 of the FBCA.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the parties hereto have caused their duly authorized representatives to execute this Plan of Merger as of the date first above written.

Winn-Dixie Stores, Inc.,
a Florida corporation

By:

Name: Larry B. Appel
Title: Senior Vice President – General Counsel

4