F I L E D
JACKSONVILLE, FLORIDA

OCT 17 2005

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

AFFIDAVIT(to a, or in place of a CERTIFICATE OF SERVICE)
    Wayne Boyd, plaintiff, Appellant, for his affidavit, being first duly
sworn, deposes and states:
    I hereby certify that on ___October 13_____ ,2005, a true
and correct copy of the __MOTION TO HAVE VENUE IN THIS CASE TRANSFERRED FROM THE U. S.
BANKRUPTCY COURT *_____ by Wayne Boyd, plaintiff and Appellant, has been mailed
    to all parties of record.*FOR THE MIDDLE DISTRICT OF FLORDIA BACK TO THE UNITED STATES
BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS
                                    MAILED TO:
                            **David K. Oliveria, Clerk of Court**
                            U. S. Bankruptcy Court
                            300 North Hogan Street
                            Suite 3-350
FURTHER YOUR AFFIANT SAYETH NOT  Jacksonville, FL. 32202

*Wayne Boyd*

Wayne Boyd
Appearing Plaintiff(Appellant) Pro Se
332 Girard Street
Baird, Texas 79504

    On this _13_ day of _October_____ , 2005, before me, a
Notary Public, within and for said County, personally appeared Wayne
Boyd, to me known to be the person described in and who executed the
foregoing affidavit, and acknowledged that he executed the same as his
act and deed.

*Cami Robinson*
    Notary Public
    My commission expires on: ___1C.24.06____

**PARTIES OF RECORD:**(mailed)                    **PARTIES OF RECORD:**
                                                  (FAXED)

Winn-Dixie Stores, Inc. Debtor
5050 Edgewood Court                    Leanne McKnight Prendergast
Jacksonville, FL 32254-3699            LAW OFFICES
                                       SMITH, HULSEY, & BUSEY FAX #904.359.7708
Adam Ravin, Attorney for Debtor        1800 Wachovia Bank Tower
Skadden Arps Slate Meagher & Flom, LLP 225 Water Street-Jacksonville, Flordia 32201-3315
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201



CAMI ROBINSON
Notary Public, State of Texas
My Commission Exp 10-24-06

United States Trustee
135 W. Central Blvd.,Suite 620
Orlando, Fl. 32801

Dennis F. Dunne, Counsel for Unsecured Creditors Committee
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

John B. Macdonald, Counsel for Unsecured Creditors Committee
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202

332 Girard Street                    Baird,   Texas   79504

October 12, 2005

**David K. Oliveria, Clerk of Court**
U. S. Bankruptcy Court
300 North Hogan Street
Suite 3-350
Jacksonville, FL. 32202

Dear Mr. Oliveria:

Enclosed is one original and three copies of the enclosed motion.
A stamped self-enclosed return envelope is also enclosed.

Please file copy all, and return one copy to the Plaintiff Pro
Se.

I want to point out to the court about another thing. After
discussing this motion Plaintiff is making today with a friend
who is an Attorney(one of three, including a Bankruptcy
attorney) he suggested that even on appearing at a hearing, if
the venue of the case could be transferred now back to the
Northern District of Texas...because of the number of Attorneys
involved in this case, it would be wise for Plaintiff Pro Se
to have an Attorney to speak for me in the courtroom.

This may be a possibility now. The Attorney that initially tried
to help me when the case began, and had to serve overseas in
the military with his reserve unit, and recently returned back
to the Abilene area isn't in the Employment Law field,* but being
a college teacher, and still trying to help people who can't
afford an Attorney--I think if the hearing could be scheduled
in Abilene, Texas...if my motion was approved, he would appear
with me as a counselor for the hearing.

Plaintiff evidently needs to combine a hearing 1). whether there
was a HEALTH HAZARD(and this can be proved), and 2). whether
Plaintiff could START OVER WITH THE SUIT after the Bankruptcy
has concluded.

If Plaintiff could START OVER WITH THE SUIT, Plaintiff would
need to have the case tried in the Northern District of Texas
in order for Plaintiff's witnesses to appear.

Cordially,  *Wayne Boyd*        *previously had been.*

Wayne Boyd, Plaintiff Pro Se

\* \* \* Transmission Result Report(MemoryTX) ( Oct.13. 2005  1:46PM ) \* \* \*

```
                                                                    1)
                                                                    2)
```

Date/Time: Oct.13. 2005  1:41PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3916 Memory TX | 19043597708 | P. 16 | OK | |

```
Reason for error
    E.1) Hang up or line fail        E.2) Busy
    E.3) No answer                   E.4) No facsimile connection
```

  

## FAX TRANSMITTAL COVER SHEET

DATE: 10-13-05

PLEASE DELIVER TO:

PERSON  Leanne Prendergast

COMPANY/FIRM  Smith, Hulsey, & Busey

CITY/STATE

TELECOPIER NO.  904-359-7708

FROM:

SENDER  Wayne Boyd

TRANSMITTED BY

COMMENTS:

IF YOU DO NOT RECEIVE 16 PAGES, INCLUDING COVER SHEET, PLEASE
TELEPHONE 854-1155           .
(325)

The document accompanying this facsimile transmission contains information belonging to the sender
that is confidential and/or legally privileged.  The information is intended only for the use of the
individual or entity above.  If you are not the intended recipient, you are hereby notified that any
disclosures, copying, distribution, or the taking of any action in reliance on the contents of the
telecopied information is strictly prohibited.  If you have received the facsimile in error, please notify
us immediately by telephone to arrange for return of this document.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,                       *
            Plaintiff            *     Bankruptcy Action No.
                                 *     05-03817-3-F1
v.                               *
                                 *
WINN-DIXIE STORES, INC.          *     Civil Action No.
            Defendant            *     1:05-CV-155-C

MOTION TO HAVE VENUE IN THIS CASE TRANSFERRED FROM
THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE
DISTRICT OF FLORDIA BACK TO THE UNITED STATES
BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Wayne Boyd, Plaintiff, for his affidavit, being first duly sworn, deposes and states:

REFERRING to the court EXHIBIT A--letter from **Leanne Prendergast,** August 24, 2005, of SMITH, HULSEY, & BUSEY, concerning transferring this case to the Middle District of Flordia, Plaintiff was opposed to the motion, and has filed motions in the beginning of the case in the Northern District of Texas Federal court in Abilene, Texas, and evidently the reason Plaintiff didn't hear from these motions was because the Bankruptcy and Federal court in Texas believed at that time the Bankruptcy Court in the Middle District of Flordia had venue in this case. When we look at the EXHIBIT A letter, it has the case number of the Middle District of Flordia.

The reason Plaintiff is opposed to this motion, and would like the case transferred to the Northern District of Texas is twofold:

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF TEXAS-PAGE 1

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,                      *
          Plaintiff             *    Bankruptcy Action No.
                                *    05-03817-3-F1
v.                              *
                                *
WINN-DIXIE STORES, INC.         *    Civil Action No.
          Defendant             *    1:05-CV-155-C

1. Plaintiff has no financial means to appear in court in the Jacksonville, Flordia Bankruptcy court. The court has Plaintiff's Forma Pauperis and "Declaration in Support of" the Forma Pauperis, and couldn't borrow money to travel to be there for that SET HEARING the last of this month to determine if Plaintiff could START OVER WITH THE SUIT. This is one reason Plaintiff needs venue transferred back to the Northern District of Texas. The hearing could be held in Abilene, Texas that way, which is close to where Plaintiff resides.

2. In the beginning, and after hearing from the attorney **Matthew E. Coveler,** Plaintiff requested the DISTRICT COURT OF CALLAHAN COUNTY, TEXAS to issue a subpoena to this law firm requesting the individual, company name, address, city, and telephone of the **General Contractor** that sprayed the Winn Dixie Supermarket during the month of October, 2001, and weeks before. After the subpoena was issued, **Leanne Prendergast** told Plaintiff by telephone that **Matthew Coveler** had discussed with her about "squashing" this subpoena. It is very evident that Plaintiff needs venue transferred back to the Northern District

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF TEXAS-PAGE 2

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,
       Plaintiff
v.

WINN-DIXIE STORES, INC.
       Defendant

\*   Bankruptcy Action No.
\*   05-03817-3-F1
\*
\*   Civil Action No.
\*   1:05-CV-155-C

(CON'D #2)of Texas in order to have a HEARING so that Plaintiff can establish that a HEALTH HAZARD was created during the month of October, 2001, during Plaintiff's employment, from the DEFOGGER INSECTICIDE SPRAYING that was administered one hour nightly each night. Plaintiff can establish that a). entirely too much was administered, and 2). it was administered incorrectly. (See EXHIBIT B-**Matthew Coveler**, Atty)

Not only was a HEALTH HAZARD created for employees having to breathe the carcinogen insecticide spray potent fumes, but former customers who unknowingly purchased the uncovered BAKERY, DELI, and PRODUCE items in the Winn Dixie Supermarket at that location in Abilene, Texas could have the possibility of future health problems ahead. Plaintiff personally witnessed the insecticide spray fine mist that saturated especially cakes, pies, and other bakery items making them completely unfit for consumption from a health standpoint. On the date of termination Plaintiff was asked to remain after closing hours, which mean't Plaintiff would have had to breathe the carcinogen fumes for up to one hour.

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF
TEXAS-PAGE 3

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,
   Plaintiff     * Bankruptcy Action No.
            * 05-03817-3-F1
v.           *
            *
WINN-DIXIE STORES, INC.  * Civil Action No.
     Defendant   * 1:05-CV-155-C

(CON'D #2)

Because so many witnesses(especially in management) had relocated, Plaintiff had to employ the a private investigator firm(this can be confirmed by phone: (325)676-1999), and has successfully located two Assistant Managers who can appear at a trial or hearing. EXHIBIT C is the green card signed by one Assistant Manager who Plaintiff talked with personally a year previous to the date on the card, and said that witness would co-operate in appearing to testify in a trial or hearing.   The

**EXHIBIT D**

other Assistant Manager has a permanent address in Abilene where that witness can be reached. Since the third Assistant Manager moved out-of-the-city, and the case got transferred out of the District Court in Callahan County--then the SUBPOENA served on WalMart Corporation for this Assistant Manager's whereabouts wouldn't be answered. Plaintiff also talked by telephone with this Assistant Manager(the one that presently can't be located), and that Assistant Manager said he would testify if and when needed. (see:  **EXHIBIT E** )-Wal-Mart Corp.) With one positive I. D., this witness could also be located.

One of these Assistant Managers explained to Plaintiff on

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF TEXAS-PAGE 4

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,                        *
            Plaintiff            *    Bankruptcy Action No.
                                  *    05-03817-3-F1
v.                                *
                                  *
WINN-DIXIE STORES, INC.          *    Civil Action No.
            Defendant            *    1:05-CV-155-C

(CON'D-#2) two different occasions late at night when this particular Assistant Manager worked that it was indeed creating some real health and breathing problems for that individual. Because all three Assistant Managers were encouraging earlier completion of the cleaning and straighting duties, Plaintiff was usually able to avoid most of the insecticide fumes, but would still have to remain there for awhile after closing, and the insecticide spraying would begin immediately at midnight(except Sundays at 11 P:M).

   Plaintiff, then, would establish with the General Contractor's testimony at this HEARING in the Northern District of Texas in Abilene exactly how the spraying was administered, and have the testimony of two Assistant Managers, and the Head Stockman(who's address was confirmed by the Private Investigator), and other night witnesses to the spraying that a HEALTH HAZARD existed. Again, one Assistant Manager can tell the court about the health hazard the spraying was causing that particular individual. That person was really having a time with it because of having to remain

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF TEXAS- PAGE 5

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,                    *
          Plaintiff           *    Bankruptcy Action No.
                              *    05-03817-3-F1
v.                            *
                              *
WINN-DIXIE STORES, INC.       *    Civil Action No.
          Defendant           *    1:05-CV-155-C

(CON'D-#2) somewhere close to where the spraying was administered(it was administered in the Bakery, Deli, and Produce areas). The Assistant Managers had to do alot of stocking, and it could have been that particular person was having to stock close to where the spraying was done. Plaintiff will have testimony from the Head Stockman and another stockman to confirm that there was definely, without a doubt, a HEALTH HAZARD being created as a result of the DEFOGGER INSECTICIDE SPRAYING.

So, the two reasons Plaintiff needs to have this case transferred to the Northern District of Texas(Abilene, Texas)(Lubbock, Texas) is 1). Plaintiff would not have the financial means to appear at a hearing in Jacksonville, Flordia, and 2). the need for a HEARING to prove a HEALTH HAZARD. The other employees were still employed at Winn Dixie Stores, Inc., and were afraid, evidently, to step forward and report the carcinogen insecticide spraying probably for thinking the manager may not think as well of them, or even jeopardizing their employment there.

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT
OF TEXAS-PAGE 6

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| WAYNE BOYD, | * | |
| Plaintiff | * | Bankruptcy Action No. |
| | * | 05-03817-3-F1 |
| v. | * | |
| | * | |
| WINN-DIXIE STORES, INC. | * | Civil Action No. |
| Defendant | * | 1:05-CV-155-C |

   If Plaintiff can prove that a serious health hazard did exist

at the Winn Dixie supermarket owned by Winn Dixie Stores, Inc.,

then that would be another good reason that Plaintiff should

be able to **start over with this suit**, thereby **removing the**

**automatic stay.** The fact remains that the individual(not an

Assistant Manager) who complained about Plaintiff 10-24-01 did

so because that person was unhappy that Plaintiff wouldn't wait

until later to begin cleaning and straightening, which would

have caused Plaintiff to have had to remain after closing and

breathe the insecticide spray. This other Assistant Manager

who can appear will testify that that closing Assistant Manager

asked Plaintiff to do straightening earlier(one thing was "put-

backs"), and the individual complaining about Plaintiff would

have required Plaintiff to have to wait until after closing

to do the straightening, also. If a HEALTH HAZARD did exist,

and it did, and could cause serious health problems, then a

HEARING is needed in Abilene, Texas so that Winn Dixie Stores,

Inc. will refrain from future DEFOGGER INSECTICIDE SPRAYING,

also.

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF
TEXAS-PAGE 7.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,                    *
        Plaintiff             *    Bankruptcy Action No.
                              *    05-03817-3-F1
v.                            *
                              *
WINN-DIXIE STORES, INC.       *    Civil Action No.
        Defendant             *    1:05-CV-155-C

FURTHER YOUR AFFIANT SAYETH NOT

*Wayne Boyd*

Wayne Boyd
appeariing Pro Se
332 Girard Street
Baird, Texas 79504

On the 13 day of Oct ,2005, before me, a Notary Public,
within and for said County, personally appeared Wayne Boyd,
to me known to the person described in, and who executed the
foregoing affidavit, and acknowledged that he executed the same
as his free act and deed.

*Cami Robinson*

Notary Public
My commission expires:  10-24 C6



CAMI ROBINSON
Notary Public, State of Texas
My Commission Exp 10-24-06

MOTION TO HAVE VENUE TRANSFERRED BACK TO NORTHERN DISTRICT OF
TEXAS-PAGE 8.

LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER
225 WATER STREET
POST OFFICE BOX 53315
JACKSONVILLE, FLORIDA 32201-3315

CHARLES A. BEARD
JAMES A. BOLLING
STEPHEN D. BUSEY
CHARMAINE T. M. CHIU
C. LeANN DAVIS
ERIC W. ENSMINGER
EARL E. GOOGE, JR.
MICHAEL H. HARMON
JEANNE E. HELTON
DAVID J. HULL
CYNTHIA C. JACKSON
SCOTT B. KALIL
CHARLES H. KELLER
G. PRESTON KEYES
RICHARD E. KLEIN
WILLIAM E. KUNTZ
LAUREN PARSONS LANGHAM
M. RICHARD LEWIS, JR.
JOHN F. MacLENNAN

RAYMOND R. MAGLEY
E. OWEN McCULLER, JR.
MATTHEW P. McLAUCHLIN
BERT J. MILLIS
STEPHEN D. MOORE, JR.
RAYMOND M. O'STEEN, JR.
JAMES H. POST
LEANNE McKNIGHT PRENDERGAST
BRYAN L. PUTNAL
E. LANNY RUSSELL
KATHERINE GIBBS SCHMIDT
JOEL SETTEMBRINI, JR.
TIM E. SLEETH
JOHN R. SMITH, JR.
R. TROY SMITH
LEE D. WEDEKIND, III
HARRY M. WILSON, III
ALLAN E. WULBERN

LLOYD SMITH
(1915-1987)

MARK HULSEY
JOHN E. THRASHER
OF COUNSEL

TELEPHONE
904-359-7700

FACSIMILE
904-359-7708
904-353-9908

August 24, 2005

Mr. Wayne Boyd
332 Girard Street
Baird, Texas  79504

Re:   In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy
      Court, Middle District of Florida, Jacksonville Division; Case No. 05-
      03817-3F1, Chapter 11, Jointly Administered

      Wayne Boyd v. Winn-Dixie Stores, Inc.; United States Bankruptcy
      Court, Northern District of Texas, Abilene Division; Case. No. 05-155

Dear Mr. Boyd:

      This firm represents Winn-Dixie Stores, Inc. and its affiliates in the referenced
cases.  We will be filing a motion to have venue in your case against Winn-Dixie
Stores, Inc., which is currently pending in the United States Bankruptcy Court for the
Northern District of Texas, transferred to the United States Bankruptcy Court for the
Middle District of Florida, where the bankruptcy cases of Winn-Dixie Stores, Inc. and
its affiliates are pending.  Please contact us regarding whether you will consent to
such a motion.

                                        Very truly yours,

                                        Leanne McKnight Prendergast

**EXHIBIT A**

506043

HART FORMS & SERVICES, INC., AUSTIN

⟨HART⟩

NO. 18,479

| | |
|---|---|
| Wayne Boyd | |
| Plaintiff | IN THE DISTRICT COURT OF |
| vs. | CALLAHAN County, Texas. |
| Winn Dixie Stores, Inc. | |
| Defendant | 42ND JUDICIAL DISTRICT Term, XX 2005 |

To the _____ CLERK _____ ¹of said court:

I hereby request you issue a subpoena for each of the following witnesses:

| NAMES OF WITNESSES | ADDRESS | County of Residence | For Clerk's Use Only Date of Subpoena |
|---|---|---|---|
| GENERAL CONTRACTOR (Individual, company name, address, city, and telephone of the **General Contractor** that sprayed the Winn Dixie Supermarket, 4457 So. 1st Street, Abilene, Texas(Plaintiff's place of employment) during the month of October, 2001, and weeks before) **\*sprayed**=sprayed the DELI, BAKERY, and PRODUCE department with an DEFOGGER INSECTICIDE SPRAYER unit. (Plaintiff will need the General Contractor to appear at trial) (Plaintiff can issue SUBPOENA on this contractor at a later date) | (needed) | (needed) | |

The above witness(es) listed below is requested to bring the following books, papers, documents or tangible things as follows:
PLAINTIFF requests attorney **Matthew E. Coveler**, Pilsbury, Winthrop, Shaw, and Pittman to produce the ABOVE INFORMATION for Plaintiff from:
WINN-DIXIE STORES, INC. (note: Carl Zilgett or Ron Peterson are in the legal department
5050 Edgewood Ct.        at that location...or Bill Galoogie)
Jacksonville, Flordia 32254-3699
 Phone (904) 783-5000

Applicant prays that the said subpoena _____ be made returnable on the September 6th day

of SEPTEMBER _____ A. D. XX 2005 at _____ ASAP _____ o'clock.

1. Insert Justice of Peace or Clerk

_Wayne Boyd_ Wayne Boyd

Attorney for Plaintiff / Defendant

Reproduction of this form by any person or party is prohibited.
EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORDIA
JACKSONVILLE DIVISION

WAYNE BOYD,                    *
      Plaintiff        *      Bankruptcy Action No.
                *      05-03817-3-F1
v.                             *
                *
WINN-DIXIE STORES, INC.        *      Civil Action No.
      Defendant        *      1:05-CV-155-C

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ANTON BARNETT
1539 BEECHWOOD
ABiLene, Texas
79603

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name)  _Anton Barnett_    C. Date of Delivery  _8-18-05_

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Numbe
(Transfer from service label)    7004 2890 0002 9487 1021

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**EXHIBIT C**

NO. 18,479

| Wayne Boyd | |
| --- | --- |
| Plaintiff | IN THE __DISTRICT__ |
| Winn Dixie Stores, Inc. vs. | CALLAHAN __COURT OF__ |
| Defendant | __42ND JUDICIAL DISTRICT__ County, Texas. |
| | Term, 19 XX2005 |

To the __CLERK__ _____ [1]of said court:

I hereby request you issue a subpoena for each of the following witnesses:

| NAMES OF WITNESSES | ADDRESS | County of Residence | For Clerk's Use Only Date of Subpoena |
| --- | --- | --- | --- |
| GARY McCLINTOCK (employee of HEB, with the subpoena being required for their records) | former address-3149 Elm Street, Abilene, Texas 79602 | was: Taylor County | |

The above witness(es) listed below is requested to bring the following books, papers, documents or tangible things as follows:

EMPLOYEE RECORDS INCLUDING NEW ADDRESS
(for testimony in the case above)

Applicant prays that the said subpoena _____ be made returnable on the __29th__ day

of __AUGUST__ _____ A. D. XX 2005 _____ at __ASAP__ _____ o'clock.

1. Insert Justice of Peace or Clerk
b

Reproduction of this form by any person or party is prohibited.

EXHIBIT D

_Wayne Boyd_      Wayne Boyd
Attorney for Plaintiff Defendant

SUBPOENA - CIVIL, AND/OR DUCES TECUM

# THE STATE OF TEXAS
# SUBPOENA

NO. 18,479

WAYNE BOYD  Vs.  WINN DIXIE STORES, INC.

TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER AUTHORIZED PERSON -

GREETING:

      YOU ARE HEREBY COMMANDED TO SUMMON **PERSONNEL, WALMART CORPORATE OFFICE** to

be and personally appear INSTANTER ; before the Honorable 42nd District Court of Callahan County, Texas, to

be held within and for said County at the Court House thereof, in Baird, Texas, then and there to testify and the truth

to speak on behalf of the **PLAINTIFF** in the above styled and numbered cause, now pending in said Court, and

there to remain from day to day, and from term to term, until discharged by said Court.** Said above named

witness(s) is further commanded to produce at said time and place above set forth the following books, documents

or other tangible things, to wit:

      EMPLOYEE RECORDS INCLUDING NEW ADDRESS ON CORY DAVIS

      HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same.

      Issued and given under my hand and seal of said Court at office, this the **12TH** day of **AUGUST**,

**2005**.

                  _Sharon Owens_
                  Sharon Owens
                  District Clerk, Callahan County, Texas

By: _____
         Deputy

---

## OFFICER'S RETURN

      Came to hand the _____ day of _____, _____, at _____ o'clock _____.M., and executed the _____ day of _____, _____, at _____ o'clock _____.M., by delivering to the within named _____ at _____ in _____ County, Texas, in person, a true copy of this Subpoena, and tendering said witness the sum of $_____.

Fees:   $_____

                _____
                      Officer or Authorized Person

By:_____      _____County, Texas

**EXHIBIT E**



COPY