# KAYE SCHOLER LLP

Arthur Steinberg
212 836-8564
Fax 212 836-6157/7157
asteinberg@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

October 19, 2005

John B. Macdonald, Esq.
Ackerman Senterfitt
505 North Laura Street, Suite 2500
Jacksonville, FL 32202-3646

      Re:    <u>DDI, Inc. Subpoena</u>

Dear John:

      I am in receipt of your October 18 letter which references your earlier September 12 Subpoena. As you know, I responded to the Subpoena by telling you that, I had learned from other sources, discovery on your so-called Disbandment Motion was stayed, and that no response would be forthcoming. I also indicated that the Subpoena was entirely inappropriate in that my client, DDI, Inc., had no relevant information relating to the Creditors Committee's Disbandment Motion. In particular, you already had copies of the letters written by DDI to the US Trustee, the information contained therein was based on public information, and your Committee timely responded to those letters. The decision to appoint an Equity Committee was made by the US Trustee -- not DDI. To the extent you believe the Company is hopelessly insolvent and that the cost of an Equity Committee is somehow not beneficial to the case, your burden is premised on an objective test, and DDI's subjective view as to the Company's prospects and the industry's projected outlook are irrelevant to the subject matter of your Disbandment Motion. I note that DDI is not on the Equity Committee. Further, I note that you never told me that discovery was stayed and I had to find that out on my own. I consider that to be "unusual" practice. Moreover, there is a bit of irony that the essence of your Disbandment Motion is that an Equity Committee provides no benefit to the Estate, and the expenses related thereto are wasteful. From the information I have, it appears that the Subpoena and your discovery of DDI is wasteful and provides no benefit to the Estate.

      Now, in connection with your new letter, it references a Dispositive Motion (filed under seal) which has not been shared with us. It mentions that the Dispositive Motion was denied in part. Your letter fails to tell me what part of the Dispositive Motion was granted. Your letter also fails to include a copy of the Court's ruling.

## KAYE SCHOLER LLP

John B. Macdonald, Esq.                     2                          October 19, 2005

      I subsequently received a copy of the Court's ruling. It provides that the summary judgment motions of the Debtor and Equity Committee were granted. Please provide me with a copy of these motions. If they are what I expect them to be, I cannot conceive what is left to any discovery of DDI. Further, please let me know whether any other party has taken the position that, based on the Judge's ruling, you are not entitled to discovery from them. Also, if the Judge enters any further orders, please send them to me at once.

      I look forward to the receipt of the documents and your response to my inquiries. As of now, you should assume we will be objecting to the Subpoena and will not be responding in accordance with the deadlines set forth in your letter.

      Sincerely,

      Arthur Steinberg

AS:jc
cc:    D. J. Baker, Esq.
      Karol K. Denniston, Esq.
      Stephen D. Busey, Esq.
      Luc A. Despins, Esq.