IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 3:05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF DOANE PET CARE COMPANY TO DEBTORS' MOTION
FOR DETERMINATION OF UNRESOLVED RECLAMATION CLAIMS**

Comes now Doane Pet Care Company ("Doane") and respectfully objects to the Debtors' Motion for Determination of Unresolved Reclamation Claims (the "Motion"). In support of this Objection, Doane would respectfully state:

1.  On February 28, 2005, Doane served the Debtors with a reclamation demand (the "Demand"). A copy of the Demand is attached hereto as Exhibit 1. In the Demand, Doane asserted that the Debtors had received goods valued at $70,701.01 during the reclamation period.

2.  Thereafter, the Debtors served Doane with a Statement of Reclamation (the "Statement"). A copy of the Statement is attached hereto as Exhibit 2. In the Statement, the Debtors asserted that $8,216 of the goods identified in the Demand were received before the reclamation period. Accordingly, the Statement asserts that Doane's gross reclamation claim is $62,485.01.

3.  The $8,216 in goods that are in dispute (the "Disputed Goods") are identified on Doane invoices 159565 and 159566. Bills of lading for the Disputed Goods show that the

Disputed Goods were delivered to the Debtors on February 11, 2005. A copy of the invoices and bills of lading for the Disputed Goods is attached hereto as <u>Exhibit 3</u>.

4. The Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on February 21, 2005.

5. Section 546(c) of the Bankruptcy Code provides in pertinent part that a seller may reclaim goods if the seller demands reclamation in writing (A) before ten (10) days after receipt of such goods by the debtor; or (B) if such ten (10) day period expires after the commencement of the case, before twenty (20) days after receipt of such goods by the debtor. Section 546(c) also provides that the Court may deny reclamation to a seller with such a right that has made such a demand only if the Court (A) grants the claim of such seller priority as an administrative expense claim or (B) secures such claim by a lien.

6. Here, Doane made a reclamation demand on February 28, 2005, which was within twenty (20) days of the receipt by the Debtors of the Disputed Goods, and the Debtors received the Disputed Goods February 11, 2005, which was within ten (10) days of the commencement of the case. Accordingly, pursuant to Section 546(c), Doane may rightfully demand reclamation, and the Court may deny the reclamation claim only by granting Doane an administrative expense priority claim in the amount of $70,701.01 or securing Doane's reclamation claim of $70,701.01 by a lien.

7. Rule 9006 of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any

> applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

8. Pursuant to this Rule, February 11, 2005, the day on which the Debtors received the Disputed Goods, would not be included in the calculation of the ten (10) days. Counting forward from February 11, the first day would be February 12, the second day would be February 13, and so on such that the tenth day would be February 21, 2005, the day on which the Debtors filed their Chapter 11 petition. Accordingly, the Debtors' claim that the Disputed Goods were received outside the reclamation window is without merit.

9. If Rule 9006 does not itself resolve the question, the case of <u>Montello Oil Corp. v. Marin Motor Oil, Inc.</u> (<u>In re Marin Motor Oil, Inc.</u>), 740 F.2d 220 (3d Cir. 1984), certainly does. There, the question was whether a reclamation demand was received within ten (10) days of receipt of goods by the debtor. The debtor had filed a Chapter 11 petition on April 21, 1981, <u>id.</u> at 222, and the court found that the debtor received the subject goods on April 11, 1981, <u>id.</u> at 226. The court also found that the reclamation claimant had sent a reclamation demand on April 21, 1981, <u>id.</u> at 228-29, which was within the ten-day period beginning on April 11, 1981. Accordingly, the court concluded that a timely reclamation demand was made. <u>Id.</u> at 229.

10. The instant case is remarkably similar to <u>Marin Motor Oil</u> because it involves the exact same days of the month. There, the goods were received on the 11th, and here the

Disputed Goods were received on the 11th. There, the Court determined that the 21st was within ten (10) days of the 11th, and here the Court should make the same finding.

11. Here, the Debtors seek by the Motion to have the Court exclude the Disputed Goods from Doane's reclamation claim. Yet the undisputed evidence establishes that the Debtors received the Disputed Goods within the applicable reclamation period. Accordingly, the Court should deny the Motion to the extent it excludes $8,216 in Disputed Goods from Doane's reclamation claim.

WHEREFORE, Doane Pet Care Company respectfully requests:

1. That the Court deny the Motion to the extent it excludes $8,216 in Disputed Goods from Doane's reclamation claim,

2. That the Court direct Doane and the Debtors to work together in good faith to resolve any disputes as to Doane's reclamation claim and, if the parties are not able to resolve the claim, that Doane be directed to contact counsel for the Debtors by December 15, 2005, to schedule an evidentiary hearing, and

3. That the Court grant Doane such other relief as it is entitled to.

Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen
BOULT, CUMMINGS, CONNERS & BERRY, PLC
1600 Division Street, Suite 700
P. O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 252-2307
Fax: (615) 252-6307

*Attorneys for Doane Pet Care Company*

/s/ James E. Sorenson
James E. Sorenson
Williams, Gautier, Gwynn, DeLoach & Sorenson, P.A.
P.O. Box 4128
Tallahassee, Florida 32315-4128
Phone: (850) 386-3300
Facsimile: (850) 386-3663
Email: jsorenson@wggdlaw.com
Fl. Bar. #0086525

Co-Counsel/Local Counsel for Doane Pet Care Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was forwarded electronically or by first class mail postage prepaid to:

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Office of the U.S. Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

*U.S. Trustee*

-and-

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

*Counsel for Debtors*

on this the 2nd day of November, 2005.

/s/ James E. Sorenson

James E. Sorenson