**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                    Chapter 11

WINN-DIXIE STORES, INC                                Case No.  3:05-bk-03817-JAF

      Debtor.
_____/

**MAUREEN FITZGERALD-MARHOLD'S**
**VERIFIED MOTION FOR RELIEF FROM STAY**

      Pursuant to Bankruptcy Code § 362 and Federal Rule of Bankruptcy Procedure 4001, Maureen Fitzgerald-Marhold (the "EEOC Creditor"), by and through her undersigned counsel, hereby moves on the following grounds for an order of this Court terminating or modifying the automatic stay to allow her to pursue claims as against Winn-Dixie Stores, Inc. and/or certain of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), involving in particular certain anticipated EEOC Litigation (the "EEOC Litigation") involving claims asserted against the Debtors pursuant to Title VII of the Civil Rights Act, and a related charge of discrimination initiated with the U.S. Equal Employment Opportunity Commission (the "EEOC").

      **A.**      **Background Allegations**

      1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered pursuant to order of this Court.

      2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in the Debtors' cases pursuant to Bankruptcy Code § 1103.

3. The Debtors are grocery and drug retailers operating in the Southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. According to published reports, the Debtors are the eighth-largest food retailer in the United States. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. The Debtors currently operate more than 900 stores in the United States with nearly 79,000 employees.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested herein is Bankruptcy Code § 362(d).

6. On April 13, 2005, the United States Bankruptcy Court for the Southern District of New York entered its "Order Transferring Venue of the Debtors' Bankruptcy Cases to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division" (the "Transfer Order"). This case has remained pending before this Court since the entry of the Transfer Order.

### B. Factual Basis for Relief Requested

7. The EEOC Creditor was formerly employed by one or more of the Debtors.

8. The EEOC Creditor lodged a complaint with the EEOC regarding her treatment as an employee of the Debtors, pre-petition. A copy of the same is attached hereto as Exhibit "A."

9. On June 8, 2005, the EEOC issued a "Letter of Determination" relating to the claims asserted by the EEOC Creditor. A copy of the same is attached hereto as Exhibit "B."

10. The EEOC has now effectively concluded all administrative action regarding the EEOC Creditor, finding a basis exists for establishing a Title VII violation; however, all administrative remedies have been exhausted by the EEOC Creditor.

11. On June 10, 2005, counsel for the EEOC Creditor wrote counsel for the Debtors to address questions pertaining to the scope and extent of the automatic stay as it would pertain to the initiation of certain EEOC litigation (the "EEOC Litigation"). In such litigation, the EEOC Creditor would seek to liquidate her claim against the Debtors for all purposes, including participation in this

reorganization and recovery against any insurer for the Debtors, covering claims of the kind asserted by the EEOC Creditor. The Debtors have not responded to this correspondence.

12. A copy of the complaint (the "EEOC Complaint") that the EEOC Creditor would propose to file against the Debtors, if the relief requested herein is granted, is attached hereto as Exhibit "C." Specifically, the EEOC Creditor does not request the opportunity to prosecute the EEOC Litigation past the point of the entry of a final and non-appealable judgment addressing all of the merits set forth in the EEOC Complaint.

### C.     Applicable Authority

13. Pursuant to Bankruptcy Code § 362(a), the filing of a petition in bankruptcy "operates as a stay, applicable to all entities" of "the commencement or continuation, of a judicial, administrative, or other action against the debtor that was or could have been commenced before the commencement of the case under this title…" as well as a stay of "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(1), (4). Thus, in order for the EEOC Litigation to be initiated, the EEOC Creditor must seek relief from the automatic stay.

14. The statutory basis for such relief is set forth in Bankruptcy Code § 362(d) which, in pertinent part, provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d)(1).

15. The EEOC Creditor submits that, under the unique circumstances presented here, "cause" exists to grant relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1). Because the term "cause" is not defined in the Bankruptcy Code, the courts must determine whether this standard has been satisfied. See In re MJ & K Co., Inc., 161 B.R. 586, 590-91 (Bankr. S.D.N.Y. 1993) (cause is viewed as an intentionally broad and flexible concept which must be determined on a case-by-case basis). "Thus, the

'facts of each request will determine whether relief is appropriate under the circumstances.'" In re Mazzeo, 167 F.3d 139, 142-143 (2d Cir. 1999) (citations omitted) (citing In re Sonnax Indus., Inc., 907 F.2d 1280, 1285-86 (2d Cir. 1990).

16. In attempting to prosecute and liquidate the EEOC Creditor's claims against the Debtors based upon a unique area of federal non-bankruptcy law, it is clear that the contemplated initiation of the EEOC Litigation differs from other creditor litigation within the bankruptcy court in that (a) the estates are not being exposed to any risk, (b) necessary estate resources and manpower will not be distracted from more important estate needs, (c) continued prosecution of the EEOC Litigation will result in efficient liquidation of the EEOC Creditor's claim, whatever it may be, and (d) prosecution of such actions in the appropriate non-bankruptcy forum will free this Court for consideration of matters essential to the successful reorganization of the Debtors. The lifting of the automatic stay is therefore appropriate to the extent requested herein.

17. The EEOC Creditor has undertaken a careful analysis of all of the factors militating in favor of stay relief in reaching the conclusion set forth above. Based upon the foregoing, the EEOC Creditor submits that "cause" clearly exists for granting the relief requested herein.

### D.    Notice

18. Notice of this motion is being provided to (a) the U.S. Trustee, (b) counsel for the Debtors' post-petition secured lenders, (c) counsel for the Debtors and to the Debtors, (d) counsel for the Creditors Committee, and (e) the other parties in interest named on the Master Service List maintained in the Debtors' cases. The EEOC Creditor submits that no other or further notice need be given.

WHEREFORE, based upon the foregoing, the EEOC Creditor respectfully requests the order of this Court as follows: (a) granting "Maureen Fitzgerald-Marhold's Verified Motion for Relief From Stay", (b) granting her relief from the automatic stay to permit the EEOC Litigation to be commenced and to proceed through the point of judgment, only, (c) permitting the EEOC Creditor to recover against any insurer maintaining coverage for the Debtors for the sort of conduct that the EEOC Creditor has alleged to

give rise to liability as described in the EEOC Complaint, and (d) providing for such other and further relief as this Court determines to be just and proper.

/s/ Stephenie M. Biernacki
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
**STEPHENIE M. BIERNACKI, ESQUIRE**
Florida Bar Number: 0127299
GRAY ROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Post Office Box 3324
Tampa, Florida 33601-3324
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Attorneys for Maureen Fitzgerald-Marhold

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means on this 2nd day of November, 2005, and/or via U.S. Mail on the 3rd day of November, 2005, to the following:

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699 | Cynthia C. Jackson, Esquire<br>James H. Post, Esquire<br>Stephen D. Busey, Esquire<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 |
| Elena L. Escamilla, Esquire<br>Office of the United States Trustee<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32806 | Adam Ravin, Esquire<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 |
| John B. MacDonald, Esquire<br>Patrick P. Patangan, Esquire<br>Ackerman Senterfitt<br>50 N. Laura Street, Suite 2500<br>Jacksonville, FL 32202 | Dennis Dunne, Esquire<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |

/s/ Stephenie M. Biernacki
**ATTORNEY**

708485/aw