## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## OBJECTION TO NOTICE OF TRANSFER
## OF CLAIM OTHER THAN FOR SECURITY
## AND RESERVATION OF RIGHTS WITH RESPECT TO CLAIMS

**Deerfoot Marketplace, LLC** ("Deerfoot"), through its undersigned attorneys, hereby objects to the Notice of Transfer of Claim Other Than for Security (the "Logan Notice") filed by Logan and Company, Inc. ("Logan") and reserves its rights with respect to the claims it has heretofore filed in these cases and in support of its objection and reservation would show the Court the following.

1.      Deerfoot has filed the following claims (the "Deerfoot Claims") in these cases:

| Date Filed | Claim No | Amount of Claim | Debtor Against Whom Claim Filed |
|---|---|---|---|
| August 1, 2005 | 11036 | $   23,109.12 | Winn-Dixie Stores, Inc. |
| August 1, 2005 | 11037 | $   23,109.12 | Winn-Dixie Montgomery, Inc. |
| October 7, 2005 | 11889 | $1,644,921.94 | Winn-Dixie-Stores, Inc. |
| October 7, 2005 | 11890 | $1,644,921.94 | Winn-Dixie Montgomery, Inc. |

2.      On October 18, 2005, First Commercial Bank ("First Commercial") filed its Notice of Transfer of Claims for Security (Claims No. 11036, 11037, 11889 and 11890) (the "First Commercial Notice"). The First Commercial Notice gives notice of the *assignment* of the lease (and rents and proceeds derived therefrom) that is the basis of the Deerfoot Claims *to secure* the obligations of Deerfoot to First Commercial. Paragraph 8 of the First Commercial

Notice provides, in part, that the Deerfoot Claims "were transferred by Deerfoot to [First Commercial] prior to the filing of the [Deerfoot Claims] *as security for its outstanding obligations* to [First Commercial]." [emphasis furnished]. The First Commercial Notice correctly states that no agreement has been reached between First Commercial and Deerfoot regarding their respective rights with respect to the Deerfoot Claims.

3.      The Logan Notices purport to give notice of the transfer of the Deerfoot Claims *other than for security*. The Logan Notices stated that if no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

4.      The Logan Notices' characterization of the First Commercial Notice as being notice of a transfer other than for security is incorrect. The First Commercial Notice is notice of the opposite:  a notice of transfer for security.

WHEREFORE, premises considered:

A.      Deerfoot objects to the Logan Notices insofar as they purport to be notice of a transfer of the Deerfoot Claims other than for security;

B.      Deerfoot objects to First Commercial's being substituted as the original claimant under the Deerfoot Claims.

C.      Inasmuch as no agreement has been reached between First Commercial and Deerfoot regarding the parties' respective rights with respect to the Deerfoot Claims, including voting of the Deerfoot Claims, payment of dividends thereon, or participation in the administration of the Debtors' estates, Deerfoot reserves all of its rights with respect to the Deerfoot Claims, including its right to deny that First Commercial is entitled to exercise any rights with respect to the Deerfoot Claims.

D.    Deerfoot and its attorneys request that they be furnished with all notices and pleadings to which the holder and owner of the Deerfoot Claims are entitled.

D.    Deerfoot prays for such relief as the Court may determine upon hearing or other consideration of the matters referred to herein.

Respectfully Submitted,

/s/ C. Ellis Brazeal, III

C. Ellis Brazeal, III

OF COUNSEL
Walston, Wells & Birchall, LLP
1819 5th Avenue North, Suite 1100
Birmingham, Alabama 35203
Telephone: (205) 244-5200
Telecopier:  (205) 244-5400

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of Motion for Allowance and Payment of Administrative Expenses and for Expedited Hearing by Deerfoot Marketplace, L.L.C., by placing same either in first class postage prepaid envelopes, and/or by electronic filing purposes to the following:

D.J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

Jay R. Bender
Bradley, Arant, Rose & White
One Federal Place
1819 5th Avenue North

Birmingham, Alabama 35203

This the \4th\ day of November, 2005

\s\ C. Ellis Brazeal III
OF COUNSEL

S:\009446\00016\Pleadings\Objection to Transfer of Claims.doc