**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

Chapter 11

IN RE:                                                                                                  CASE NO.: 05-03817-3F1

WINN DIXIE STORES, INC., et. al.

      Debtors.

_____/

**EMERGENCY VERIFIED MOTION FOR EXTENSION OF TIME TO FILE**
**QUESTIONNAIRE FOR LITIGATION CLAIMANTS**

COMES NOW the Creditor, Martha S. Cornick, by and through her undersigned attorney and files this her Emergency Verified Motion for Extension of Time to File Questionnaire for Litigation Claimants pursuant to Bankruptcy Rule 9006(b)(1) and as grounds therefore states as follows:

**I.**
**STATEMENT OF FACTS**

1. On or about 6/21/2005 Creditor Martha Cornick timely filed a Proof of Claim for personal injuries suffered in slip/fall type accident at a Winn Dixie Store in Gainesville, FL on 8/20/2003.

2. The undersigned counsel's wife has been hospitalized seven times since October 2004, most recently on October 28th and 29th, 2005 for severe anemia requiring blood transfusions. As a result, Cornick's questionnaire was not delivered to the claims administrator by Novermber 1st, 2005. The failure to deliver the Questionnaire by the deadline was a result of excusable neglect on the part of counsel. Counsel was out of the office on both days and the deadline had not been

properly calendared.   It was discovered on November 3rd, 2005 by counsel that the deadline had been missed.

3. Immediately upon discovery of the error, counsel completed the questionnaire and brought it to his Martha Cornick for signature.  Contemporaneously with the filing of this Motion, the completed Questionnaire has been sent by UPS Overnight Delivery to the Claims Administrator.

4. The actual delay in filing is minimal, at most six days if the intervening weekend is not counted. No prejudice to the Debtor will result, nor will there be any delay or impact on the judicial proceedings.  In fact, the claim was under negotiation at the time of the bankruptcy filing and should be concluded without delay.

5. The delay in filing was in part caused by reasons beyond the control of movant, to wit: the illness and hospitalization of counsel's wife.

II.

ARGUMENT AND MEMORANDUM OF LAW

6. The Supreme Court of the United States set forth the standard for excusable neglect regarding untimely filed *claims* in **Pioneer Investor Services v. Brunswick Associates Ltd. Partnership**, 507 U.S. 380, 113 S.Ct. 1489, U.S. Tenn, 1993.  In summary the Court held as follows:

1. An attorney's inadvertent failure to file a proof of claim by the bar date can constitute "excusable neglect" within the meaning of **Rule 9006(b)(1)**. Pp. 1494-1499.  Contrary to petitioner's suggestion, Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control. This flexible understanding comports with the ordinary meaning of "neglect." It also accords with the underlying policies of Chapter 11 and the bankruptcy rules, which entrust broad equitable powers to the courts in order to ensure the success of a debtor's reorganization. In addition, this view is confirmed by the history of the present bankruptcy rules and is strongly supported by the fact that the phrase "excusable neglect," as used in several of the Federal Rules of Civil Procedure, is understood to be a somewhat "elastic

concept." Pp. 1494-1498.  (b) The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances. These include the first four factors applied in the instant case. However, the Court of Appeals erred in not attributing to respondents the fault of their counsel. Clients may be held accountable for their attorney's acts and omissions. See, *e.g.*, **Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734.** Thus, in determining whether respondents' failure to timely file was excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable. Pp. 1498-1499.
2. The neglect of respondents' counsel was, under all the circumstances, excusable. As the Court of Appeals found, the lack of any prejudice to the debtor or to the interest of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim. As for the culpability of respondents' counsel, it is significant that the notice of the bar date in this case was outside the ordinary course in bankruptcy cases. Normally, such a notice would be prominently announced and accompanied by an explanation of its significance, not inconspicuously placed in a notice regarding a creditors' meeting.

7.  All of the requirements of *Pioneer* are present in this instance.  Lack of prejudice to debtors, short period of delay, and excusable neglect.  Further, this is not an extension sought of the claim itself, which was timely filed, but the claim questionnaire.  Given that this matter had already been in negotiations prior to the bankruptcy filing, Debtor is aware of the circumstances of Cornick's claim, which can be negotiated without delay.

8.  This court recognized that a Bankruptcy Court should exercise its equitable powers to bring cases to fair and reasonable conclusions.  *See In Re: The Charter Company,* 116 B.R. 829, MD Florida, Jacksonville Division 1990.

9. In setting aside a default, which is already an order of the court, it was held in *Welch v. Self*, 155 B.R. 598 (S.D. Fla. 1993) that a creditor's attorney's failure to appear at a hearing on a non-dischargeablity complaint due to a scheduling error constituted excusable neglect.  The court set aside the default and explained:

> In *Schwab v. Bullock's, Inc.* 508 F.2d. 353 (9th Cir. 1974) the court pointed out on page 355 that while the district judge has discretion to grant or deny a 60(b) motion to vacate a default judgment, that discretion is limited by three considerations.  First, Rule 60(b) is remedial in nature and therefore must be liberally applied.  Second,

default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits. Third, and as a consequence of he first two considerations, what timely relief is sought from a default judgment and the Movant has a meritorious defense, doubt, if any should be resolved in favor of he motion to set aside the judgment so that cases may be decided on the merits. (Rule 60(b) is made applicable to bankruptcy proceedings). See Federal Bankruptcy Rule 9024

The court further noted that under Rule 60(b) of the Federal Rules of Civil Procedure excusable neglect is liberally construed, especially in those instances where the order or judgment forecloses trial on the merits of the claim. citing *Schwab v. Bullock's Inc.* supra; *Patapoff v. Vollsted's, Inc.* 267 F.2d 863, 865 (9th Cir. 1959).

### III.

### CONCLUSION

10. Based upon the foregoing, Movant has demonstrated that she is entitled to an enlargement of time to file the Claims Questionnaire under Rule 9006.

WHEREFORE, Movant, Martha S. Cornick respectfully requests that this Court enter its Order granting the relief requested.

### IV.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that all statements of fact set forth above are true and correct.

Dated this November 4, 2005.

                                      /s/Lawrence J. Marraffino
                                      Lawrence J. Marraffino

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that the foregoing document was electronically filed with the U.S. Bankruptcy Court on this 4th day of November, 2005, and that the Bankruptcy Notification Center will furnish a copy of this document via electronic notification or U.S. Mail within two business days of filing. *Note: For verification of the date of service by Bankruptcy Noticing Center, please check the docket entry for the BNC Certificate of Mailing related to this document.*

          /s/ Lawrence J. Marraffino_____
          LAWRENCE J. MARRAFFINO, P.A.
          Lawrence J. Marraffino, Esq.
          Florida Bar No.: 438390
          Attorney for Creditor Martha S. Cornick
          3312 W. University Ave, Suite 2
          Gainesville, FL 32607
          Ph: (352) 376-0102