IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WINN-DIXIE STORES, INC., et al., | : | Case No. 05-03817-3F1 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

**OBJECTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO DEBTORS' MOTION FOR ORDER (I) AUTHORIZING AND APPROVING POST-PETITION PREMIUM FINANCE AGREEMENT BETWEEN DEBTORS AND AFCO PREMIUM CREDIT LLC AND (II) GRANTING RELATED RELIEF**

The Official Committee of Equity Security Holders (the "Equity Committee"), by and through its proposed undersigned counsel, hereby submits its *Objection to Debtors' Motion for Order (I) Authorizing and Approving Post-Petition Premium Finance Agreement Between Debtors and AFCO Premium Credit LLC and (II) Granting Related Relief* (the "Objection") and respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc., *et al*. (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.  On February 22, 2005, the Debtors filed their *Emergency Motion to Approve Debtor in Possession Financing Pursuant to 11 U.S.C. Sections 105, 361, 362, 363 and 364 for Interim and Final Financing Orders (I) Authorizing Debtors to Obtain Post-Petition Financing and Utilize Cash Collateral, (II) Granting Adequate Protection to Pre-Petition Lenders, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c)* (the "DIP Motion") [Docket No. 12].

4.  Following entry of an interim order, this Court, on March 23, 2005, entered its *Final Order Pursuant to Sections 105, 362, 362, 363, 364(c) and 364 (d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedures (I) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Super-priority Priming Lien Basis and Modifying the Automatic Stay, (II) Authorizing the Debtors to Use Pre-petition Secured Lenders' Cash Collateral and Granting Adequate Protection, and (III) Authorizing the Repayment in Full of all Claims of Debtors' Pre-Petition Secured Lenders* (the "Final DIP Order") [Docket No. 501], approving an $800 million dollar credit facility (the "DIP Financing Facility").

5.  On April 29, 2005, the Debtors filed their *Motion for Order Under 11 U.S.C. Sections 105, 363 and 364 (I) Authorizing and Approving Post-Petition Premium Finance Agreement Between Debtors and AFCO Premium Credit LLC and (II) Granting Related Relief* (the "Initial AFCO Motion") [Docket No. 939]. This Court, by its *Order Granting Motion for Order Authorizing and Approving Post-Petition Premium Finance Agreement Between Debtors and AFCO Premium Credit LLC and (II) Granting Related Relief* (the "Initial AFCO Order") [Docket No. 1320] (a) approved the Debtors' entry into a premium finance agreement with AFCO Premium Credit LLC ("AFCO") for property insurance and (b) authorized the Debtors' entry into future "substantially similar" premium finance agreements with AFCO without obtaining separate Court approval, provided that the Debtors comply with certain notice

procedures designed to afford the Debtors' key creditor constituents and the United States Trustee with an opportunity to object.[1]

6.   In accordance with the Initial AFCO Order, on or about October 28, 2005, the Debtors provided the Equity Committee[2] with notice of *Debtors' Motion for Order (I) Authorizing and Approving Post-Petition Premium Finance Agreement Between Debtors and AFCO Premium Credit LLC and (II) Granting Related Relief* (the "Second AFCO Motion") [Docket No. 3961], wherein the Debtors are seeking to enter into a second premium finance agreement (the "Finance Agreement") with AFCO, financing approximately $2.3 million in premiums (the "Premiums") for fiduciary liability insurance, fidelity coverage insurance and employment practices liability insurance policies (the "Policies").

7.   AFCO, as consideration for the Finance Agreement, requires a **first and only** priority security interest in (i) any and all unearned premiums and dividends (the "Unearned Premiums") which may become payable under those policies covered under the Finance Agreement and (ii) loss payments which reduce the Unearned Premiums, subject to any beneficiary, mortgagee, landlord or loss payee interests and subject and subordinate to the senior rights of the Debtors' post-petition secured lender.

### Relief Requested

8.   Notwithstanding the availability of adequate financial means, as provided by the DIP Financing Facility, with which to satisfy the Premiums, the Debtors seek to enter into the Finance Agreement, further encumbering assets of the Debtors' estates. However, the Debtors

---

[1] Notwithstanding the omission of the Equity Committee from the listing of those parties to which the Debtors are required to give notice and an opportunity to object to any subsequent premium finance agreements with AFCO, the Equity Committee is an appropriate party to raise the Objection.

[2] On August 17, 2005, pursuant to 11 U.S.C. § 1102(a)(1) of the Bankruptcy Code, the United States Trustee appointed the following equity security holders to serve on the Equity Committee: (i) Mr. Houston Maddox; (ii) Mr. Greg Rippel on behalf of Brandes Investment Partners, L.P. Profit Sharing Plan; (iii) Mr. Paul Madsen; (iv) Mr.

have failed to assert any factual support for their contention that entry into the Finance Agreement is supported by Section 364(c)(2). Nor have the Debtors raised sufficient factual support for not drawing against the DIP Financing Facility to satisfy the Premiums. Accordingly, the Equity Committee requests entry of an order denying the Second AFCO Motion.

## Basis for Relief

**A.**   *The Debtors Have Failed to Assert Sufficient Factual Support for Approval of Its Entry into the Finance Agreement Under Section 364(c)(2) of the Bankruptcy Code*

9.   The Debtors, in the Second AFCO Motion, assert that entry into the Finance Agreement is an ordinary course business transaction subject to the limitations imposed by 11 U.S.C. § 364(c)(2) of the Bankruptcy Code. See Second AFCO Motion at p. 6 ¶ 11. Section 364(c)(2) of the Bankruptcy Code governs secured post-petition financing and provides that a debtor unable to obtain post-petition financing on an unsecured basis may obtain financing secured by a lien on property not otherwise secured in favor of any party. 11 U.S.C. § 364(c)(2).

10.   The Debtors assert that "Section 364(c)(2) is satisfied in these cases because the Debtors are not able to obtain unsecured credit to finance the insurance premiums." Second AFCO Motion at p. 6, ¶ 11. Notwithstanding making such a broad and sweeping assertion, the Debtors, however, have failed to allege any factual support, by affidavit or otherwise, for such an assertion.

**B.**   *The Debtors Have Adequate Means to Pay the Premiums by Drawing on the DIP Financing Facility*

11.   Additionally, notwithstanding this Court's approval of the DIP Financing Facility, the Debtors, by the Second AFCO Motion, have decided to further burden property of their

---

Michael Nakonechny; and (v) Mr. Kenneth Thomas. On or about about September 23, 2005, Paul Madsen resigned from the Equity Committee and has not been replaced.

{00043006.DOC;1}- 4 -

LEGAL_US_E # 70192633.3

estates with additional liens as opposed to drawing on the DIP Financing Facility.  In support of this decision, the Debtors assert "that the financing offered under the Finance Agreement is more favorable to the Debtors' estates than would be a draw under the Debtors' post-petition financing facility."  Id.  Again, the Debtors have failed to allege any factual support, by affidavit or otherwise, for such an assertion.

12. Further, the Premiums are precisely the type of expenses necessary to "operate their businesses" and "preserve and enhance the value of their assets and enterprise" the Debtors sought approval of the DIP Financing Facility to pay.

13. To date, the most recent operating report filed with this Court by the Debtors covers the period of July 28, 2005 through August 24, 2005 (the "August Monthly Operating Report") [Docket No. 3673].  The Debtors, in the August Monthly Operating Report, assert that $96,475,000 has been drawn against the DIP Financing Facility.  As such, there is sufficient availability under the DIP Financing Facility to support a draw to satisfy payment of the Premiums.  To that end, the priority liens on Unearned Premiums extended to AFCO under the Premium Finance Agreement would amount to nothing more than an unnecessary encumbrance of assets of the Debtors' estates.

**[Concluded on the Next Page]**

### **Conclusion**

WHEREFORE, the Equity Committee requests that the Court enter an order (i) denying the Second AFCO Motion and (ii) granting such other and further relief as is just.

Respectfully submitted this 10th day of November, 2005.

| | |
|---|---|
| PAUL, HASTINGS, JANOFSKY & WALKER LLP | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| | 875 15th Street |
| /s/ Karol K. Denniston | Washington, DC 20005 |
| Karol K. Denniston | James D. Wareham |
| GA Bar No. 218333 | DC Bar No. 411799 |
| Carolyn C. Chayavadhanangkur | Telephone: (202) 551-1700 |
| GA Bar No. 122152 | |
| 600 Peachtree Street | |
| Suite 2400 | |
| Atlanta, GA 30308 | |
| Telephone: (404) 815-2400 | |

- and -

/s/ David S. Jennis
JENNIS & BOWEN, P.L.
David Jennis
FL Bar No. 775940
400 North Ashley Drive
Suite 2540
Tampa, FL  33602
Telephone: (813) 229-1700
djennis@jennisbowen.com

*Proposed Co-Counsel for the Official*
*Committee of Equity Security Holders*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by electronic service and/or U.S. Mail, postage prepaid to the United States Trustee, Elena Escamilla and Kenneth C. Meeker, 135 W. Central Blvd., Suite 620, Orlando, FL 32806; Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; and D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 on this 10th day of November.


                                                  /s/ Karol K. Denniston