IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WINN-DIXIE STORES, INC., et al., | : | Case No. 05-03817-3F1 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | |

**OBJECTION OF OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO DEBTORS' MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS WITH DEBTORS' PROPERTY INSURERS**

The Official Committee of Equity Security Holders (the "Equity Committee"), by and through its proposed undersigned counsel, hereby submits its *Objection to Debtors' Motion for Order Approving Settlement Agreement and Release of Claims with Debtors' Property Insurers* (the "Objection") and respectfully represents as follows:

**Jurisdiction and Venue**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.    On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc., *et al*. (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.    On August 17, 2005, pursuant to Section 1102(a)(1) of the Bankruptcy Code, the United States Trustee (the "U.S. Trustee") appointed the following five (5) equity security holders to serve as members of the Equity Committee in these cases: (i) Mr. Houston Maddox;

(ii) Mr. Greg Rippel on behalf of the Brandes Investment Partners, L.P. Profit Sharing Plan; (iii) Mr. Paul Madsen[1]; (iv) Mr. Michael Nakonechny; and (v) Mr. Kenneth Thomas.

4. On or about October 28, 2005, the Debtors filed their *Motion for Order Approving Settlement Agreement and Release of Claims with Debtors' Property Insurers* (the "Settlement Motion") [Docket No. 3959]. The Debtors, by the Settlement Motion, seek court approval of a settlement and release agreement (the "Settlement and Release Agreement") by and between Winn Dixie Stores, Inc., on behalf of itself and its affiliates, in favor of Zurich American Insurance Company; ACE American Insurance Company; and Underwriters at Lloyds London, FR White Syndicate Number 0190 and Wellington Syndicate Number 2020 c/o Marsh Limited (collectively, the "Settling Insurers").

5. The various policies with the Settling Insurers have a $200 million limit for losses from named windstorms, with a deductible of $10.3 million. Pursuant to the Settlement and Release Agreement, the Debtors propose to accept a total payment of $81 million (the "Settlement") from the Settling Insurers with respect to losses resulting from hurricanes from October 2004 through September 2004 (the "2004 Hurricane Season").

6. The Settlement includes claims for loss inventory, extra expenses, payroll, water contamination, mold, real property damage, reconstruction costs, business interruption, and accounting costs. Prior to submission of the Settlement Motion, the Settling Insurers made interim payments to the Debtors totaling $50 million with respect to claims associated with the 2004 Hurricane Season. Thus, the Settlement will be reduced by $50 million.

7. Further, XL Insurance America, Inc. ("XL Insurance"), an insurer of the Debtors' property, has disclaimed liability for the claims associated with the 2004 Hurricane

---

[1] On or about September 23, 2005, Paul Madsen resigned from the Equity Committee.

Season. The amount associated with the claims for which XL Insurance has disclaimed liability is $6.21 million. Thus, the Settlement will also be reduced by $6.21 million.

8. After deducting from the Settlement (i) the $10.3 million deductible; (ii) the $50 million interim payments; and (iii) XL Insurance's disputed share of $6.21 million, the Settling Insurers, upon approval of the Settlement and Release Agreement, will pay the Debtors a final and net payment of $14.49 million (the "Final Payment").

9. The Settling Insurers require that Winn Dixie Stores, Inc., on behalf of itself and its affiliates, enter into the Settlement and Release Agreement, prior to making the Final Payment. Consequently, the Debtors, by the Settlement Motion, are seeking approval of the Settlement and Release Agreement.

## Relief Requested

10. In light of the Debtors' failure to provide adequate factual support to assess the fairness and adequacy of the Settlement, the Equity Committee seeks entry of an order denying the Settlement Motion on the grounds set forth below.

## Legal Basis for Relief

11. Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") expressly grants this Court the authority to approve a settlement after notice and a hearing. See Fed. R. Bankr. P. 9019. The Eleventh Circuit has adopted the following factors when assessing a settlement under Bankruptcy Rule 9019: (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation and the attendant expense, inconvenience and delay; and (d) the paramount interests of, and deference to the views of, the creditors. See In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990).

12. The Equity Committee does not dispute that settling the Debtors' claims with the Settling Insurers is in the best interest of the Debtors' estates, however, the Debtors have provided no factual support that this Settlement is appropriate under the circumstances.

13. The Debtors assert that terms of the Settlement and Release Agreement satisfy the factors set forth in <u>In re Justice Oaks II, Ltd</u>. <u>See</u> <u>Settlement Motion</u> at p. 6 ¶ 17. The Debtors further assert that they "believe that the terms of the Settlement and Release Agreement are fair and equitable and in the best interests of the Debtors' estates." <u>See</u> <u>Settlement Motion</u> at p. 6 ¶. However, the Debtors have failed to allege any factual information to support these broad and general assertions.

14. The Debtors have also failed to assert any factual detail, by affidavit or otherwise, as to the amount of the total losses they sustained during the 2004 Hurricane Season. As such, the Equity Committee and other parties in interest have no way of determining the percentage of recovery under the Settlement in comparison with the Debtors' total losses.

15. Absent detail as to the value of the losses sustained by the Debtors during the 2004 Hurricane Season, the total amount of claims asserted against the Settling Insurers, and why the Settlement is appropriate under the circumstances, neither the Equity Committee, nor any other party in interest will be able to determine whether the Settlement, which is less than half of the $200 million loss limit under the policies, is appropriate. This information would appear to be essential in assessing the adequacy and fairness of the Settlement and Release Agreement.

[Concluded on the next page]

**Conclusion**

WHEREFORE, the Equity Committee requests that the Court enter an order (i) denying the Settlement Motion and (ii) granting such other and further relief as is just.

Respectfully submitted this 10th day of November, 2005.

| | |
|---|---|
| PAUL, HASTINGS, JANOFSKY & WALKER LLP<br><br>  /s/ Karol K. Denniston<br>Karol K. Denniston<br>GA Bar No. 218333<br>Carolyn C. Chayavadhanangkur<br>GA Bar No. 122152<br>600 Peachtree Street<br>Suite 2400<br>Atlanta, GA 30308<br>Telephone: (404) 815-2400 | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>875 15th Street<br>Washington, DC 20005<br>James D. Wareham<br>DC Bar No. 411799<br>Telephone: (202) 551-1700 |

            - and -
/S/ David S. Jennis
JENNIS & BOWEN, P.L.
David Jennis
FL Bar No. 775940
400 North Ashley Drive
Suite 2540
Tampa, FL  33602
Telephone: (813) 229-1700
djennis@jennisbowen.com

*Proposed Co-Counsel for the Official*
*Committee of Equity Security Holders*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by electronic service and/or U.S. Mail, postage prepaid to the United States Trustee, Elena Escamilla and Kenneth C. Meeker, 135 W. Central Blvd., Suite 620, Orlando, FL 32806; Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; and D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036 on this 10th day of November.

                                                                        /s/ Karol K. Denniston