IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **In re:**<br><br>**WINN-DIXIE STORES, INC., et al.,**<br><br>Debtors[1] | Chapter 11<br>Case No. 05-03817-3F1 |

**SECOND INTERIM FEE APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES OF DELOITTE CONSULTING LLP AS CONSULTANTS TO THE DEBTORS FOR THE PERIOD FROM JUNE 1, 2005 THROUGH SEPTEMBER 30, 2005**

TO:  THE HONORABLE JERRY A. FUNK
     UNITED STATES BANKRUPTCY JUDGE

Deloitte Consulting LLP ("Deloitte Consulting") hereby applies to this Court for Allowance of Fees and Expenses of Deloitte Consulting as Consultants to the Winn-Dixie Stores, Inc., et al. (the "Debtor"), for the period from June 1, 2005 through September 30, 2005, pursuant to §§11 U.S.C. 330 and 331, Fed.R.Bankr Pro 2016 and MBLR 2016-1. In support of this Application, Deloitte Consulting states:

**Background**

1. On February 21, 2005, the Debtor filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code 11 U.S.C. §§101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By Order dated April 13, 2005, the New

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

York Court transferred venue of these cases to this Court. Any orders entered by the New York Court remain in full force and effect before this Court, unless otherwise ordered by this Court. These cases are jointly administered for procedural purposes only.

2. The Debtor continues to manage and operate their business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee) was appointed to serve in these cases pursuant to Bankruptcy Code section 1103.

4. On May 27, 2005, Debtor counsel filed an application for authority to employ Deloitte Consulting as Consultants to the Debtor.

5. On June 16, 2005, the Court authorized the employment of Deloitte Consulting as Consultants to the Debtor nunc pro tunc to May 16, 2005.

6. Under §§ 330 and 331 of the Bankruptcy Code, Deloitte Consulting is entitled to "reasonable compensation for actual, necessary services" and reimbursement for actual and necessary expenses.

7. Deloitte Consulting has provided professional services to the Debtor from June 1, 2005 through September 30, 2005.

8. Pursuant to the *Final Order Approving Interim Compensation Procedures For Professionals*, Deloitte Consulting filed four (4) monthly statements for the period from June 1, 2005 through September 30, 2005 requesting a total of $1,861,795.10 in professional fees and $225,828.00 in expenses.

9. Of the $1,861,795.10 in professional fees for this second interim period, $1,075,674.56, representing 80% of the fees for the months of June, July, and August, has

been approved for payment via the monthly review process; and $413,761.52, representing 80% of the fees for the month of September, remains within the 20 day mandated period of review for the monthly fees and expenses of case professionals. Of the $1,861,795.10 in professional fees for this second interim period, Deloitte Consulting has received payments of $367,410.56 for professional services rendered.[2] All payments and allowances noted above are subject to final determination and settlement by this Court;

10. Of the $225,828.00 in expenses for this second interim period, $162,700 has been approved for payment via the monthly review process, subject to final determination of this Court, and $63,128.00 in expenses remain within the 20 day mandated period of review for the monthly fees and expenses of case professionals. Of the $225,828.00 in expenses for this second interim period, Deloitte Consulting has received payments of $51,740.00 for expenses incurred.

11. Deloitte Consulting incurred $225,828.00 in expenses for the period between June 1, 2005 through September 30, 2005. Due to ordinary course processing delays, and as stated in Deloitte Consulting's First Interim Fee Application, a portion of these June to September 2005 expenses were incurred during May 2005 but were not included in the First Interim Fee Application. These expenses, which total approximately $3,752.00, were subsequently identified and noticed to the required parties in the June monthly statement, and are now included in the Second Interim Fee Application.

12. Attached hereto as **Exhibit A** is a summary of time by individual.

---

[2] Deloitte Consulting LLP received a payment of $170,226.84 from the Debtors, in error. This payment represented a duplicate settlement of Deloitte Consulting LLP's May 2005 invoice. Note that the additional $170,226.84 is not included in the payments noted above for professional services rendered. By mutual agreement between Deloitte Consulting LLP and the debtor, this erroneous payment will be applied to the outstanding invoice for duly noticed and allowed services provided in the month of July 2005. The monthly invoice for July, at 80% of fees and 100% of expenses, is $304,558.40. This payment represents a partial

13. Attached hereto as **Exhibit B** is a narrative description of the services rendered in the period covered by this application.

14. Attached hereto as **Exhibit C** is a summary of the time by matter category incurred during the period covered by this application.

15. Attached hereto as **Exhibit D** and **D1-D12** are the time details indicating the date, responsible individual, matter category and time charged for the period covered by the application.

16. Attached hereto as **Exhibit E** are the expenses incurred by Deloitte Consulting for the period covered by the application.

17. All professional services for which compensation is being sought in this application were performed solely for and on behalf of the Debtor.

18. Some services incidental to the tasks to be performed by Deloitte Consulting in these Chapter 11 cases may be performed by personnel employed by or associated with affiliates of Deloitte Consulting, including Deloitte Financial Advisory Services LLP. The fees and expenses with respect to such services, if any, will be included in the fee applications of Deloitte Consulting. Deloitte Consulting has no agreement to share its revenues from the services for which it has been retained with any nonaffiliated entity.

19. WHEREFORE, Deloitte Consulting requests that this Court (i) enter an Order awarding Deloitte Consulting fees in the amount of $1,861,795.10 and expenses of $225,828.00 for a total amount of $2,087,623.10 in connection with services rendered to the Debtor for the period from June 1, 2005 through September 30, 2005, and (ii) grant such other relief as is just and necessary.

---

collection of Deloitte Consulting LLP's July invoice, and in no way should be construed a full and final settlement of the July 2005 invoice, the balance of which will remain due and owing.

Respectfully submitted,

Deloitte Consulting LLP

BY /s/ Anthony D. Forcum

Anthony D. Forcum
Principal

Sworn to and subscribed before me, this __7__ day of November, 2005.

/s/ Meshel Lynn Petty

MESHEL LYNN PETTY
My Commission Expires
March 17, 2009