UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---

In re:

WINN-DIXIE STORES, INC., *et al.*,

Debtors.

---

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

## CERTIFICATION

Neil Berger, on behalf of Togut, Segal & Segal LLP ("TS&S"), bankruptcy conflicts counsel for Winn-Dixie Stores, Inc., *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"), hereby certifies that:

1. I am a member of TS&S.

2. I am the professional designated by TS&S with the responsibility in the Debtors cases for compliance with the guidelines that pertain to applications for compensation and expense reimbursement.

3. I have read TS&S' application for compensation for services rendered, and for reimbursement of expenses incurred in connection with the First Interim Fee Application[1] pursuant to the May 19 Order (the "Application").

4. The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by TS&S and accepted by TS&S clients.

5. Copies of the Application have been served upon the parties designated in the March 4, 2005 Order of the New York Bankruptcy Court establishing procedures for interim compensation and reimbursement of expenses.

---

[1] Capitalized terms not defined herein shall have the meanings set forth in the Application.

6. To the best of my knowledge, information and belief, with respect to the services and disbursements for which reimbursement is sought: (i) TS&S does not make a profit on such services or disbursements; (ii) TS&S does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital outlay; and (iii) TS&S requests reimbursements only for the amount billed to TS&S by the third-party vendor and paid by it to such vendor.

7. With respect to photocopying and facsimile transmission expenses, TS&S' charges do not exceed the maximum rate set by the Guidelines promulgated by the United States Trustee (there is no charge for incoming and local facsimile transmissions). These charges are intended to cover TS&S' direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into the TS&S hourly billing rates. Only clients who actually use photocopying, facsimile, and other such office services are separately charged for the same. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services.

8. The time constraints frequently imposed by the circumstances of these cases has required TS&S' attorneys and other employees at times to devote substantial amounts of time during the evenings and on weekends to the performance of legal services. Consistent with firm policy, attorneys and other employees of TS&S who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home. TS&S' regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of

the rendition of services. The reimbursement of these requested disbursements is consistent with the provisions set forth in the Guidelines.

9. In addition, same day and overnight delivery of documents and other materials was often required as a result of deadlines necessitating the use of such express services. These disbursements are not included in TS&S' overhead for the purpose of setting billing rates. TS&S has made every effort to minimize its disbursements in this case. The actual expenses incurred in providing professional services were absolutely necessary, reasonable and justified under the circumstances to serve the needs of the case.

10. Mass transit has been used whenever practicable.

Dated:   New York, New York
        November 10, 2005

                                  WINN-DIXIE, *et al.*
                                  Debtors and Debtors in Possession,
                                  By their Conflicts Counsel,
                                  TOGUT, SEGAL & SEGAL LLP
                                  By:

                                  /s/Neil Berger
                                  NEIL BERGER (NB-3599)
                                  Member of the Firm
                                  One Penn Plaza, Suite 3335
                                  New York, New York  10119
                                  (212) 594-5000