Hearing Date:  December 1, 2005, 1:00 p.m.
Objection Deadline: November 22, 2005 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. [1] | ) Jointly Administered |
| | ) |

### DEBTORS' MOTION FOR ORDER AUTHORIZING
### (I) REJECTION OF LEASES AND SUBLEASES AND
### (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a), and 554(a) approving and authorizing the Debtors to reject thirteen non-residential real property leases and several related subleases and to abandon related personal property (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. Subsequently, on August 17, 2005, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores. To date, the Debtors have sold or closed over 300 stores.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code.

**Relief Requested**

6. Except as to the Buehler Leases (defined below), by this Motion the Debtors seek an order of the Court, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code approving and authorizing the rejection of the unexpired leases of non-residential real property

set forth on Exhibit A to this Motion (collectively, the "Leases") and several related subleases set forth on Exhibit B to this Motion (collectively, the "Subleases") effective as of the date of entry of an order approving the rejection (the "Primary Effective Date").  Further, by this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, approving and authorizing the rejection of the Buehler Leases effective as of the later of (a) December 1, 2005 and (b) the date as of which the applicable Buehler Lease is rejected by the debtor in a bankruptcy case pending in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division, bearing the caption In re Buehler Foods, Inc. (Case No. 05-70961) (the "Buehler Bankruptcy Case") (such later date, the "Buehler Effective Date", and together with the Primary Effective Date, the "Applicable Effective Date").

### The Leases and Subleases

7.     The Leases and Subleases sought to be rejected by this Motion fall into two categories: (a) those that are impacted by the Buehler Bankruptcy Case and (b) those that are not impacted by the Buehler Bankruptcy Case.  The Leases and Subleases that are related to the Buehler Bankruptcy Case include: (a) the Leases for Store Nos. 1607, 1659, 1673, 1696 and 1697 (collectively, the "Assigned Buehler Leases"), which were each assigned to Buehler Foods, Inc.or one of its subsidiaries ("Buehler") but for which the Debtors continue to guarantee the assigned lease, (b) the Sublease for Store No. 1618, under which one of the Debtors is sublessor and Buehler is sublessee (the "Store 1618 Sublease"), and (c) the corresponding Lease for Store No. 1618 (the "Store 1618 Lease," and together with the Store 1618 Sublease and the Assigned Buehler Leases, the "Buehler Leases").[2]  The remaining Leases and Subleases set forth on Exhibits A and B are not in any way connected to the Buehler Bankruptcy Case.

---

[2]     Upon information and belief, Buehler has already commenced the process of conducting liquidation sales at Store No. 1618 and at the stores that are the subject of the Assigned Buehler Leases.  The Debtors have

8.       As part of their restructuring, the Debtors have sought to reduce or eliminate their liability under many leases.  Although the Debtors have subleases in place with respect to all of the underlying Leases (other than the Assigned Buehler Leases), the subtenants pay the Debtors substantially less under the Subleases than the amount the Debtors are obligated to pay the landlords under the Leases.  The rejection of the Leases and Subleases (including the Buehler Leases) will save the Debtors estates costs incurred with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Leases in an amount of approximately $90,000 per month.

9.       To the extent any of the Debtors' personal property remains in one of the properties that is the subject of the Leases, it is of little or no value to the Debtors' estates. Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the Applicable Effective Date.

## Basis for Relief

10.       Under Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553,

---

been informed by Buehler's counsel that Buehler will soon seek authority in the Buehler Bankruptcy Case to reject the Store 1618 Sublease and the Assigned Buehler Leases, effective on or about December 1, 2005. Although the Debtors recognize that, as a result of these rejections by Buehler, the Debtors may not have any remaining interests in the Store 1618 Sublease, they seek to reject such Sublease out of an abundance of caution and seek to reject the Assigned Buehler Leases to address any continuing guarantee obligations.

564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet and, therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pueblo Chem. Inc. v. II Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

12. Here, the Debtors' business judgment supports rejection of the Leases and the Subleases. Because of administrative expenses arising from the continuation of the Leases and the Subleases, the Debtors have determined that the Leases and Subleases are not necessary for a successful reorganization but instead constitute a burden to the Debtors' estates. Indeed, rejection of the Leases and Subleases benefits the Debtors' estates by alleviating monthly costs, including taxes, insurance premiums, and other charges due under the Leases. Consequently, the

Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Leases and Subleases.

13. The relief requested by this Motion is consistent with the type of relief granted by courts. See, e.g., In re Hale-Halsell Co., No. 04-11677 (Bankr. N.D. Okla. Apr. 23, 2004); In re Git-N-Go, Inc., No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp. (In re Bethleheem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code). Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

## Rejection Damages

14. To the extent that the landlords under the Leases (the "Landlords") or the subtenants under the Subleases (the "Subtenants") intend to claim rejection damages as a result of the proposed rejections, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the Applicable Effective Date.

## Notice

15. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) counsel for the Equity Committee, (e) the other parties in interest named on the Master Service List maintained in these cases, (f) counsel to Buehler, and (g) the Landlords and Subtenants. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit C (a) authorizing and approving the rejection of the Leases and Subleases, effective as of the Applicable Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the properties that are subject to the Leases; (c) establishing a deadline for the Landlords and Subtenants to file rejection damage claims; and (d) granting such other and further relief as the Court deems just and proper.

Dated: November 11, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker* <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Walker Gray <br>    Adam S. Ravin <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ Cynthia C. Jackson* <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson, <br>    Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## Exhibit A

## SCHEDULE OF LEASES

| Store No. | Leased Property Location | Landlord |
|---|---|---|
| 2197 | 2517 Knob Creek Road<br>Johnson City, Tennessee | James & Carolyn Sell |
| 1602 | 181 South Highway 27<br>Somerset, Kentucky | Teacher's Retirement System of the State of Kentucky<br>c/o Mortgage Co. of Kentucky |
| 1896 | 4200 Wade Green Road<br>Kennesaw, Georgia | HPC Wade Green LLC<br>c/o Steven Shellenberger |
| 1618 | 201 Blankenbaker Parkway<br>Louisville, Kentucky | Hogan Development Co. |
| 2111 | 710 Hwy 17 South<br>N. Myrtle Beach, South Carolina | NMB Partners LP<br>c/o Etling L. Chapman III |
| 2117 | 2712 Highway 17 S.<br>Garden City, South Carolina | Zimmer Development Co. of S.C., L.P.<br>c/o Herbert Zimmer |
| 1857 | 2518 East Walnut Avenue<br>Dalton, Georgia | The Grossman Companies, Inc. |
| 2172 | 5033 Dick Pond Road<br>Socastee, South Carolina | Acron USA Fonds Winn Dixie, L.P.<br>c/o Acron Kapital, Dallas Branch |
| 1696 | 5733 Preston Highway,<br>Louisville, KY | Indian Trail Square |
| 1697 | 3220 Crums Ln.,<br>Louisville, KY | Baumgardner - Hogan, Inc. |
| 1673 | 120 Midland Blvd<br>Shelbyville, KY | John O. La Gatta |
| 1607 | 10968 Dixie Hwy,<br>Valley Station KY | Sunset Hill Development Co. |
| 1659 | 968 Breckenridge Lane<br>St. Matthews, KY | Teacher's Retirement System of State of Kentucky |

## **Exhibit B**

## **SCHEDULE OF SUBLEASES**

| Store No. | Leased Property Location | Subtenant |
|---|---|---|
| 2197 | 2517 Knob Creek Road<br>Johnson City, Tennessee | Don F. Bradford and Wendy L. Bradford |
| 1602 | 181 South Highway 27<br>Somerset, Kentucky | J&J Supermarkets - KY, LLC |
| 1896 | 4200 Wade Green Road<br>Kennesaw, Georgia | Consolidated Stores Corporation |
| 1618 | 201 Blankenbaker Parkway<br>Louisville, Kentucky | Buehler of Kentucky LLC<br>c/o Associated Wholesale Grocers, Inc. |
| 2111 | 710 Hwy 17 South<br>N. Myrtle Beach, South Carolina | Jeffrey & Elizabeth Hayslett |
| 2117 | 2712 Highway 17 S.<br>Garden City, South Carolina | Factory Home Décor, Inc.<br>c/o Custom Tree Inc. |
| 1857 | 2518 East Walnut Avenue<br>Dalton, Georgia | Colonial Bank,<br>formerly Dalton/Whitfield Bank & Trust |
| 2172 | 5033 Dick Pond Road<br>Socastee, South Carolina | Savemore Superstores, Inc. |

**Exhibit C**

616859-New York Server 1A - MSW

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING (I) REJECTION**
**OF LEASES AND SUBLEASES AND**
**(II) ABANDONMENT OF RELATED PERSONAL PROPERTY**

These cases came before the Court for hearing on December 1, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection by the Debtors of the unexpired non-residential real property leases listed on Exhibit A (the "Leases") and the unexpired non-residential real property subleases listed on Exhibit B (the "Subleases") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. Except as provided in numbered paragraph 3 of this Order with respect to the Buehler Leases, the Debtors are authorized to reject the Leases and Subleases pursuant to 11 U.S.C. § 365(a), and the Leases and Subleases are deemed rejected, effective as of the date of entry of this Order.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3. The Debtors are authorized to reject the Buehler Leases pursuant to 11 U.S.C. § 365(a), and the Buehler Leases are deemed rejected effective as of the later of (a) December 1, 2005, and (b) the date as of which Buehler rejects the Store 1618 Sublease and each of the Assigned Buehler Leases, respectively, in the Buehler Bankruptcy Case.

4. For the month in which the Leases are rejected, the Debtors shall pay all amounts due under each Lease for such month on a prorated basis for each day from the first day of the month through the Applicable Effective Date.

5. Claims for any rejection damages resulting from the rejection of the Leases and Subleases shall be filed no later than thirty (30) days after the Applicable Effective Date.

6. Any interest of any of the Debtors in any personal property remaining in the premises that are the subject of the Leases is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order. To the extent any Landlord seeks to dispose of any such abandoned property, the Landlord shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Landlord shall be entitled to dispose of the abandoned property as it deems fit.

7. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Leases or Subleases, whether or not related to the Lease or Sublease.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

                                                           Jerry A. Funk
                                                           United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

**Exhibit A**

**SCHEDULE OF LEASES**

| Store No. | Leased Property Location | Landlord |
|---|---|---|
| 2197 | 2517 Knob Creek Road<br>Johnson City, Tennessee | James & Carolyn Sell |
| 1602 | 181 South Highway 27<br>Somerset, Kentucky | Teacher's Retirement System of the State of Kentucky<br>c/o Mortgage Co. of Kentucky, Inc. |
| 1896 | 4200 Wade Green Road<br>Kennesaw, Georgia | HPC Wade Green LLC<br>c/o Steven Shellenberger |
| 1618 | 201 Blankenbaker Parkway<br>Louisville, Kentucky | Hogan Development Co. |
| 2111 | 710 Hwy 17 South<br>N. Myrtle Beach, South Carolina | NMB Partners LP<br>c/o Etling L. Chapman III |
| 2117 | 2712 Highway 17 S.<br>Garden City, South Carolina | Zimmer Development Co. of S.C., L.P.<br>c/o Herbert Zimmer |
| 1857 | 2518 East Walnut Avenue<br>Dalton, Georgia | The Grossman Companies, Inc. |
| 2172 | 5033 Dick Pond Road<br>Socastee, South Carolina | Acron USA Fonds Winn Dixie, L.P.<br>c/o Acron Kapital, Dallas Branch |
| 1696 | 5733 Preston Highway,<br>Louisville, KY | Indian Trail Square |
| 1697 | 3220 Crums Ln.,<br>Louisville, KY | Baumgardner - Hogan, Inc. |
| 1673 | 120 Midland Blvd<br>Shelbyville, KY | John O. La Gatta |
| 1607 | 10968 Dixie Hwy,<br>Valley Station KY | Sunset Hill Development Co. |
| 1659 | 968 Breckenridge Lane<br>St. Matthews, KY | Teacher's Retirement System of State of Kentucky |

## Exhibit B

## SCHEDULE OF SUBLEASES

| Store No. | Leased Property Location | Subtenant |
|---|---|---|
| 2197 | 2517 Knob Creek Road<br>Johnson City, Tennessee | Don F. Bradford and Wendy L. Bradford |
| 1602 | 181 South Highway 27<br>Somerset, Kentucky | J&J Supermarkets - KY, LLC |
| 1896 | 4200 Wade Green Road<br>Kennesaw, Georgia | Consolidated Stores Corporation |
| 1618 | 201 Blankenbaker Parkway<br>Louisville, Kentucky | Buehler of Kentucky LLC<br>c/o Associated Wholesale Grocers, Inc. |
| 2111 | 710 Hwy 17 South<br>N. Myrtle Beach, South Carolina | Jeffrey & Elizabeth Hayslett |
| 2117 | 2712 Highway 17 S.<br>Garden City, South Carolina | Factory Home Décor, Inc.<br>c/o Custom Tree Inc. |
| 1857 | 2518 East Walnut Avenue<br>Dalton, Georgia | Colonial Bank,<br>formerly Dalton Whitfield Bank & Trust |
| 2172 | 5033 Dick Pond Road<br>Socastee, South Carolina | Savemore Superstores, Inc. |