## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

           Debtors.

_____/

Case No.:  3:05-bk-03817-JAF

Chapter 11

Jointly Administered

### NOTICE OF FILING

The Official Committee of Unsecured Creditors appointed in the above-captioned cases

of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession hereby gives

notice of the filing of the attached Second Interim Application of Alvarez & Marsal, LLC,

Operations and Real Estate Advisor to Official Committee of Unsecured Creditors, for

Allowance of Compensation for Services Rendered and for Reimbursement of Expenses

Incurred During Period from June 1, 2005, through and including September 30, 2005.

Dated: November 11, 2005.

AKERMAN SENTERFITT

By: /s/ John B. Macdonald
    John B. Macdonald
    Florida Bar No.: 230340
    E-mail: john.macdonald@akerman.com
    Patrick P. Patangan
    Florida Bar No.: 348340
    E-mail: patrick.patangan@akerman.com
    50 N. Laura St., Suite 2500
    Jacksonville, FL 32202
    Telephone: (904) 798-3700
    Facsimile: (904) 798-3730

Co-Counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing was furnished by Email and Federal Express overnight delivery, this 11th day of November, 2005 to:

Elena L. Escamilla
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
Email: Elena.L.Escamilla@usdoj.gov

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
Email: ken.meeker@usdoj.gov

Winn-Dixie Stores, Inc.
Attn: Laurence B. Appel
5050 Edgewood Court
Jacksonville, FL 32254-3699
Email: LarryAppel@winn-dixie.com

King & Spalding LLP
Attn: Sarah Robinson Borders
191 Peachtree Street
Atlanta, GA 30303
Email: sborders@kslaw.com

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: D. J. Baker
Four Times Square
New York, New York 10036
Email: djbaker@skadden.com

Otterbourg, Steindler, Houston & Rosen, P.C.
Attn: Jonathan N. Helfat
230 Park Avenue, 29th Floor
New York, NY 10169
Email: Jhelfat@oshr.com

Milbank, Tweed, Hadley & McCloy LLP
Attn: Matthew Barr
1 Chase Manhattan Plaza
New York, NY 10005
Email: Mbarr@milbank.com

*/s/ John B. Macdonald*
Attorney

{JA255474;1}

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| Debtors. | ) | Jointly Administered |

**SECOND INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC, OPERATIONS AND REAL ESTATE ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM JUNE 1, 2005 THROUGH AND INCLUDING SEPTEMBER 30, 2005**

| | |
|---|---|
| Name of Applicant | Alvarez & Marsal, LLC |
| Authorized to Provide Services to: | The Official Committee of Unsecured Creditors of Winn-Dixie Stores, LLC, et al. |
| Date of Retention | Order entered on June 3, 2005 nunc pro tunc to March 4, 2005 |
| Period for which Interim Compensation and Reimbursement is sought | June 1, 2005 though and including September 30, 2005 |
| Amount of Interim Compensation sought as actual, reasonable and necessary | $400,000.00 |
| Amount of Interim Reimbursement sought as actual, reasonable and necessary | $7,637.09 |

This is an interim application

## Summary of Professional's Hours

| Professional | Title | 6/1/05 - 6/30/05 | 7/1/05 - 7/31/05 | 8/1/05 - 8/31/05 | 9/1/05 - 9/30/05 | Total |
|---|---|---|---|---|---|---|
| Martha Kopacz | Managing Director | 57.5 | 40.5 | 35.5 | 16.0 | 149.5 |
| William McGuire | Managing Director | 5.8 | 3.6 | 7.4 | 18.5 | 35.3 |
| Andrew Hede | Senior Director | 96.0 | 56.0 | 30.0 | 47.0 | 229.0 |
| Maxim Frangulov | Director | - | 8.6 | - | - | 8.6 |
| Gregory Ford | Director | 8.0 | 2.0 | 2.0 | 9.0 | 21.0 |
| Erin Scanlan | Senior Associate | - | - | 27.0 | 56.0 | 83.0 |
| Matthew Gavejian | Associate | 123.0 | 70.5 | 110.5 | - | 304.0 |
| **Total Hours** | | **290.3** | **181.2** | **212.4** | **146.5** | **830.4** |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| In re:                             | ) | Chapter 11                   |
| WINN-DIXIE STORES, INC., et al.,   | ) | Case No. 05-03817-3F1        |
| Debtors.                           | ) | Jointly Administered         |

**SECOND INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC, OPERATIONS AND REAL ESTATE ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM JUNE 1, 2005 THROUGH AND INCLUDING SEPTEMBER 30, 2005**

Alvarez & Marsal, LLC ("A&M"), operations and real estate advisor to the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors-in-possession appointed in the above-captioned cases (collectively, "Winn-Dixie" or the "Debtors"), hereby submits its application (the "Application"), pursuant to sections 328 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 328 effective January 30, 1996 (the "U.S. Trustee Guidelines"), and the Final Order Approving Interim Compensation Procedures for Professionals, dated March 15, 2005 (Docket No. 434) (the "Interim Compensation Order"), for the allowance of

interim compensation for professional services rendered from June 1, 2005 through and including September 30, 2005 (the "Second Interim Compensation Period"), and for reimbursement of expenses incurred in connection with such services, and in support thereof respectfully represents as follows:

## I. INTRODUCTION

### A. Background

1.    On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

2.    On March 1, 2005, the United States Trustee duly appointed the Committee.

3.    By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

4.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of the

Debtors' chapter 11 cases and this Application is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief sought herein are sections 328 and 331 of the Bankruptcy Code.

**B.    Retention of A&M and Billing History**

5.    On June 3, 2005, pursuant to the Order Under 11 U.S.C. § 1103 And Fed. R. Bankr. P. 2014 And 5002, Authorizing Retention And Employment Of Alvarez & Marsal, LLC As Committee's Operations and Real Estate Advisors (Docket No. 1557) (the "Retention Order"), the Committee's retention of A&M in these cases was authorized effective as of March 4, 2005.

6.    This Application is A&M's second interim application for approval and allowance of compensation and reimbursement of expenses.  A&M makes this interim application pursuant to sections 328 and 331 of the Bankruptcy Code.  A&M's first interim application for allowance of compensation and reimbursement of expense for the period March 4, 2005 through May 31, 2005 was submitted on July 15, 2005.

7.    In accordance with the engagement letter between the Committee and A&M (dated March 4, 2005), A&M seeks reimbursement for its fixed fee of $100,000.00 per month.

8.    In accordance with the Interim Compensation Order, A&M submitted a monthly fee statement to, among others, the Debtors seeking interim compensation and reimbursement of

3

expenses.   During the Second Interim Compensation Period, A&M

submitted the following fee statement:

(a)   On July 22, 2005, pursuant to the Interim Compensation
Order and the Notice of Approval of Retention Terms,
A&M served its second fee statement for the period
from June 1, 2005 through and including July 31, 2005
(the "Second Fee Statement").   The Second Fee
Statement sought an allowance of $200,000.00
(representing two months of services at a fixed fee of
$100,000.00 per month) as compensation for services
rendered and the reimbursement of $6,502.53 in
expenses.

(b)   On August 23, 2005, pursuant to the Interim
Compensation Order and the Notice of Approval of
Retention Terms, A&M served its third fee statement
for the period from August 1, 2005 through and
including August 31, 2005 (the "Third Fee Statement").
The Third Fee Statement sought an allowance of
$100,000.00 (representing one month of services at a
fixed fee of $100,000.00 per month) as compensation
for services rendered and the reimbursement of $162.62
in expenses.

(c)   On September 19, 2005, pursuant to the Interim
Compensation Order and the Notice of Approval of
Retention Terms, A&M served its fourth fee statement
for the period from September 1, 2005 through and
including September 30, 2005 (the "Fourth Fee
Statement").   The Fourth Fee Statement sought an
allowance of $100,000.00 (representing one month of
services at a fixed fee of $100,000.00 per month) as
compensation for services rendered and the
reimbursement of $971.94 in expenses.


9.   As of the filing of this Application, A&M has

received payment in the amount of 80% of fees and 100% of

expenses with respect to the Second, Third and Fourth Interim

Fee Statements.

4

10.  A&M has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in these cases.

11.  No promises have been received by A&M or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

## II.   CASE STATUS

12.  The Debtors have not filed a disclosure statement or a plan of reorganization in these cases.

## III. APPLICATION

13.  By this Application, A&M is seeking full allowance of (a) compensation for professional services rendered by A&M, as operation and real estate advisor to the Committee, during the Second Interim Compensation Period and (b) reimbursement of expenses incurred by A&M in connection with such services during the Second Interim Compensation Period.

14.  In this Application, A&M seeks approval of the amount of $400,000.00 for advisory services rendered on behalf of the Committee during the First Interim Compensation Period and the amount of $7,637.09 for reimbursement of expenses incurred in connection with the rendition of such services, for a total award of $407,637.09.

5

15.  Pursuant to the Interim Compensation Order, A&M, together with all other retained professionals, is entitled to eighty percent (80%) of its fees sought in A&M's Second Interim Fee Statement and reimbursement of one hundred percent (100%) of A&M's expenses.  As noted above, A&M has received to date 80% of fees and 100% of expenses for the Second, Third and Fourth Fee Statements (totaling $327,637.09).  A&M is, therefore, seeking a total payment of $80,000.00 pursuant to this Application, representing the unpaid balance of 100% of fees and 100% of expenses for the Second, Third and Fourth Fee Statement.

16.  The fees sought by this Application reflect an aggregate of 830.4 hours of professional time spent and recorded in performing services for the Committee during the First Interim Compensation Period.

17.  A&M rendered to the Committee all services for which compensation is sought solely in connection with these cases in furtherance of the duties and functions of the Committee.

18.  A&M maintains electronic records of the time expended in the rendering of the professional services required by the Committee.  These records are maintained in the ordinary course of A&M's business.  For the convenience of the Court and parties in interest, a billing summary for the First Interim Compensation Period is attached as part of the cover sheet,

6

setting forth the name of each professional for whose work on these cases compensation is sought, each professional's title and the amount of time expended by each such professional.

19.   Attached hereto as <u>Exhibit A</u> are time entry records broken down in halves of an hour by professional, based on guidelines from the Retention Order, setting forth a description of services performed by each professional on behalf of the Committee for the Second Interim Compensation Period.

20.   A&M also maintains electronic records of all expenses incurred in connection with the performance of professional services.  A summary of the amounts and categories of expenses for which reimbursement is sought for the First Interim Compensation Period is attached hereto as <u>Exhibit B</u>.

### IV.   <u>SUMMARY OF PROFESSIONAL SERVICES RENDERED</u>

21.   The following summary is intended to highlight the services rendered by A&M and segregate those services into categories where A&M has expended a number of hours on behalf of the Committee.  It is not meant to be a detailed description of all of the work performed; detailed descriptions of the day-to-day services provided by A&M during the Second Interim Compensation Period and the time expended performing such services are fully set forth in <u>Exhibit A</u> hereto.  Such detailed descriptions show that A&M was heavily involved in the performance of services for the Committee on a daily basis,

including night and weekend work, often under time constraints to meet the needs of the Committee in these cases. Furthermore, sixty-seven percent (67%) of the time incurred by A&M professionals, from March 4, 2005 through September 20, 2005, was incurred by Managing Directors and Directors, the most experienced professionals in the firm.

## A.    Retention/Fee Matters

22.    A&M participated in discussions with the Committee counsel, Debtors' professionals and representatives of the Office of the US Trustee in New York and Jacksonville prior to the Retention Order being entered on June 3, 2005. A&M filed its First Interim Fee Application for the period March 4, 2005 through May 31, 2005 and subsequent monthly fee statements.

## B.    Business Plan / Store Analysis

23.    A&M performed an operational review of the Debtor's preliminary fiscal 2006 business plan and footprint rationalization.  A&M has participated in discussions with the Debtors' operations management regarding operating initiatives to improve store performance, industry benchmarking and historical operating practices.  A&M respectfully asserts that its operating experience is vital to the proceedings as the Debtor's operating performance will help maximize the distributions to the Debtors' unsecured creditors.

C.    **Case Management**

24.    A&M discussed case issues, case timeline and next steps and has coordinated work product and work flow with other advisors and Committee counsel.

D.    **Reclamation / Trade Program / Preferences**

25.    A&M participated in several discussions with Winn-Dixie trade vendors in order to get vendors involved in trade program.    A&M reviewed and discussed potential preference payments and appropriate waivers of these claims with the Debtors' professionals.

E.    **Real Estate**

26.    A&M reviewed proposed lease rejections, specific-store lease agreements, real estate impacts of proposed store closures and leasing impacts of the revised footprint.    A&M real estate professionals participated in discussions with landlords, Debtor's representatives and advisors as well as the Committee.

F.    **Executory Contracts**

27.    A&M reviewed proposed rejections of executory contracts, and discussed same with Debtors' advisors, to better understand the business purposes for rejection, potential damages and, as an alternative to rejection and in an effort to maximize creditor recovery, potential realizable value from assignment of contracts.    A&M prepared schedules detailing

contracts to be rejected and presented its findings to the Committee.

**G.    Insurance**

28.    A&M reviewed proposed insurance premium financings, collateral requirements, premium pricing levels, factors behind pricing increases, insurance coverage and factors behind the selection of insurance providers with Winn-Dixie's advisors and the Committee.    A&M discussed coverage policies and the factors behind pricing and coverage changes.

**H.    Teleconference / Meetings**

29.    A&M Team members participated in numerous in-person meetings and teleconferences with the Debtors, the Debtors' advisors and legal counsel, as well as the Committee members and their counsel, on a variety of issues.

**I.    Employee Retention / Severance**

30.    A&M reviewed the Company's proposed retention and severance plan, analyzed historical payroll and other compensation data, benchmarked Winn-Dixie's compensation program to other companies and participated in negotiations with Winn-Dixie and its advisors.

**J.    Store / Company Financials**

31.    A&M updated its database of detailed store-by-store financials including several revenue, operating and profitability analyses for the purposes of understanding the

Company's proposed footprint rationalization.  A&M team members prepared informational memoranda for the Committee, detailing store performance results and analyzing such items as shrink, operating expenses and revenue.

**K.    Purchasing Card Program**

32.  A&M team members reviewed the Debtor's proposal for a purchasing card program through American Express.  A&M conducted research of similar programs, participated in discussions with the Debtor, discussed issues of claims and priority status created by the program and prepared informational documents for the Committee.

**L.    Distribution Center, Store Inventory and Equipment Liquidation**

33.  A&M reviewed the proposals of various liquidating agents to understand the Companies selection for a Distribution Center Liquidating Agent.  A&M reviewed and discussed details of the liquidation process, periodic results of the liquidation, including gross sales, inventory sold, remaining inventory and recovery on a cost basis.  A&M prepared informational memoranda for the Committee.

### VI.  ALLOWANCE OF COMPENSATION

34.  The professional services rendered by A&M, particularly in light of A&M's specialized role as operations and real estate advisor, have required a high degree of

11

professional competence and expertise to address the numerous issues requiring evaluation and action by the Committee.  A&M respectfully submits that the services rendered to the Committee were performed efficiently, effectively and economically, and that the results obtained to date have benefited not only the members of the Committee, but also the unsecured creditors as a whole and the Debtors' estates.

35.  The allowance of interim compensation for services rendered and reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

36.  With respect to the allowance of compensation, section 328(a) of the Bankruptcy Code provides that with Court approval:

> A committee . . . may employ or authorize the employment of a professional person . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, compensation for actual, necessary services rendered.

11 U.S.C. § 328(a).

37.  The total time spent by A&M professionals during the Second Interim Compensation Period was 830.4 hours.  As shown by this Application and supporting exhibits, A&M's services were rendered economically, primarily by the most experienced  members of the team, and without unnecessary duplication of efforts.  In addition, the work involved, and thus the time expended, was carefully assigned in consideration of the experience and expertise required for each particular task.

## VII. EXPENSES

38.  A&M has incurred a total of $7,637.09 in expenses in connection with representing the Committee during the Second Interim Compensation Period.  A&M records all expenses incurred in connection with the performance of professional services.  A summary and a detailed listing of these expenses is annexed hereto as Exhibit B.

39.  In connection with the reimbursement of expenses, A&M's policy is to charge its clients in all areas of practice for expenses, other than fixed and routine overhead expenses, incurred in connection with representing its clients.  The expenses charged to A&M's clients include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, out-of-town travel expenses, local transportation

expenses, expenses for working meals and computerized research costs.

40.    A&M charges the Committee for these expenses at rates consistent with those charged to A&M's other bankruptcy clients, which rates are equal to or less than the rates charged by A&M's to its non-bankruptcy clients.

41.    Professionals at A&M have not incurred expenses for luxury accommodations or deluxe meals.  The Application does not seek reimbursement of any air travel expenses in excess of coach fares, unless coach airfares were unavailable and travel could not be rescheduled.  Throughout the Second Interim Compensation Period, A&M has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VIII. NOTICE

42.    Notice of this Motion has been given to counsel to the Debtors, counsel to the agent for the Debtor's DIP lender, the United States Trustee, the chair of the Committee, all other parties on the Debtors' Master Service List and all other parties not otherwise listed that have requested receipt of notices in these cases.  In light of the nature of the relief requested herein, the Committee requests that such notice be deemed adequate and sufficient.

## IX.   CONCLUSION

WHEREFORE, A&M respectfully requests the Court to enter an order, substantially in the form attached hereto as Exhibit C, (a) allowing A&M (i) interim compensation for professional services rendered as advisor to the Committee during the Second Interim Compensation Period in the amount of $400,000.00 and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $7,637.09, for a total award of $407,637.09; (b) authorizing and directing the Debtors to pay to A&M $80,000.00, which is the amount outstanding for services rendered and expenses incurred during the Second Interim Compensation Period; and (c) granting such further relief as is just.

Dated: November 8, 2005


ALVAREZ & MARSAL, LLC

By: /s/ Martha E. M. Kopacz
    Martha E. M. Kopacz
    600 Lexington Avenue
    Sixth Floor
    New York, New York 10022
    (212) 759-4433

    Operation and Real Estate
    Advisor to Official Committee
    of Unsecured Creditors of Winn-
    Dixie Stores, Inc., et al.

15

**EXHIBIT A**

EXHIBIT A

**Winn-Dixie Stores, Inc., et al.**

Time Reporting Summary: June 1, 2005 through September 30, 2005

| Professional | Title | 6/1/05 - 6/30/05 | 7/1/05 - 7/31/05 | 8/1/05 - 8/31/05 | 9/1/05 - 9/30/05 | Total |
|---|---|---|---|---|---|---|
| Martha Kopacz | Managing Director | 57.5 | 40.5 | 35.5 | 16.0 | 149.5 |
| William McGuire | Managing Director | 5.8 | 3.6 | 7.4 | 18.5 | 35.3 |
| Andrew Hede | Senior Director | 96.0 | 56.0 | 30.0 | 47.0 | 229.0 |
| Maxim Frangulov | Director | - | 8.6 | - | - | 8.6 |
| Gregory Ford | Director | 8.0 | 2.0 | 2.0 | 9.0 | 21.0 |
| Erin Scanlan | Senior Associate | - | - | 27.0 | 56.0 | 83.0 |
| Matthew Gavejian | Associate | 123.0 | 70.5 | 110.5 | - | 304.0 |
| **Total Hours** | | **290.3** | **181.2** | **212.4** | **146.5** | **830.4** |

Summary

Winn-Dixie Stores, Inc.

**EXHIBIT A**

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Martha Kopacz | 6/1/05 | 2.5 | Review KERP and severance motion against Debtor presentation; review Business Plan; Update with A.Hede; DJM retention |
| Martha Kopacz | 6/2/05 | 3.5 | Committee Conference Call; Business plan review |
| Martha Kopacz | 6/3/05 | 2.0 | Catch up on email review and responses; scheduling and logistics for committee meeting in Jacksonville |
| Martha Kopacz | 6/6/05 | 4.0 | Conference call with Milbank regarding substantive consolidation; conference call with Company and HLHZ regarding business plan; KERP negotiations |
| Martha Kopacz | 6/7/05 | 3.0 | Conference call with XRoads regarding Deloitte Consulting project; committee dinner meeting; KERP negotiations |
| Martha Kopacz | 6/8/05 | 12.0 | Committee and Company meeting; KERP negotiations - follow-up teleconference with Committee members; send memo to Committee on latest Company KERP proposal |
| Martha Kopacz | 6/9/05 | 1.5 | Committee conference call |
| Martha Kopacz | 6/13/05 | 2.0 | Call with XRoads regarding liquidation process, sales process vs. Going-Out-of-Business; review operating results |
| Martha Kopacz | 6/14/05 | 1.0 | Catch up on email review and responses; |
| Martha Kopacz | 6/15/05 | 2.0 | Review liquidation documents - discuss with Milbank; review summary financials to send to Committee |
| Martha Kopacz | 6/16/05 | 2.0 | Committee conference call; review financial statements |
| Martha Kopacz | 6/17/05 | 1.0 | Email and reply; review latest reclamation/trade credit proposals and analysis |
| Martha Kopacz | 6/21/05 | 2.0 | First interim billing - review all detail time |
| Martha Kopacz | 6/22/05 | 4.0 | First interim billing - review all detail time; review Committee memo regarding 57 negative EBITDA stores; broker inquiry on Winn-Dixie |
| Martha Kopacz | 6/23/05 | 2.0 | Committee conference call; email catch up and returns; substantive consolidation meeting logistics |
| Martha Kopacz | 6/24/05 | 3.0 | Teleconference with M.Gavejian regarding billing; review operating results for past two weeks; review financial results last period |
| Martha Kopacz | 6/27/05 | 2.0 | Review operating results; borrowing base status |
| Martha Kopacz | 6/28/05 | 2.0 | Update on asset sales; email review and replies |
| Martha Kopacz | 6/29/05 | 3.0 | Liquidator Selection process; teleconference with H.Etlin (XRoads) regarding same; teleconference with disgruntled bidder |
| Martha Kopacz | 6/30/05 | 3.0 | Committee conference call; teleconference with Mark Gunlicks - follow up with M.Barr; liquidator agency agreement |
| Martha Kopacz | 7/1/05 | 4.0 | Agency agreement; status update with A.Hede |
| Martha Kopacz | 7/5/05 | 2.0 | Agency Agreement Modifications - review; review weekly reports from Debtor |
| Martha Kopacz | 7/6/05 | 2.0 | Teleconference with H.Etlin & A.Hede regarding agency agreement questions; review and respond to emails |
| Martha Kopacz | 7/7/05 | 1.0 | Update with A.Hede; Teleconference with J.MacDonald regarding inquiry from former employee |
| Martha Kopacz | 7/8/05 | 2.0 | Review, print as necessary, responses to info requests for Substantive Consolidation Meeting |
| Martha Kopacz | 7/11/05 | 4.0 | Substantive Consolidation Meeting; Teleconference with A.Hede and M.Gavejian prep before and follow up after meeting |
| Martha Kopacz | 7/13/05 | 2.0 | Committee Call; email review and follow-up |
| Martha Kopacz | 7/14/05 | 2.0 | Weekly reports; follow up with bidder on liquidation process |
| Martha Kopacz | 7/19/05 | 3.0 | Teleconference with losing bidder for liquidation agent; follow up with company; Investigate allegation with company: Enterprise auction - review results |
| Martha Kopacz | 7/20/05 | 4.5 | Review results of asset auctions - enterprise stores and pharmacies; Teleconference with M.Frangulov regarding same; review report to committee on same |
| Martha Kopacz | 7/21/05 | 4.0 | Teleconference with H.Etlin and team regarding GOB budget; review budget details; Committee conference call |
| Martha Kopacz | 7/27/05 | 5.5 | Liquidator budget; borrowing base changes; review email; reply and file; weekly results; pharmacy auction results |
| Martha Kopacz | 7/28/05 | 4.5 | Teleconference with Matt Barr regarding liquidator agency agreement; lease rejections; email responses; operating results |
| Martha Kopacz | 8/1/05 | 2.0 | Conference Call regarding liquidator's documents; prep for Committee meeting tomorrow |
| Martha Kopacz | 8/2/05 | 10.0 | Travel to/from and attend Committee meeting with Company |
| Martha Kopacz | 8/5/05 | 4.0 | Review weekly and period reports from WD - first 4 weeks in FY06 and period 13 - in light of company comments on Tuesday; catch up on email and respond as necessary |
| Martha Kopacz | 8/8/05 | 0.5 | Subs consolidation - review new org chart |
| Martha Kopacz | 8/9/05 | 0.5 | Trouble shoot problem with asset bid from Lapowsky client |

EXHIBIT A

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Martha Kopacz | 8/10/05 | 1.5 | Amex purchasing card program; conf call regarding same; week 5 reports; Second Auction results |
| Martha Kopacz | 8/11/05 | 2.5 | Committee conference call; follow up on AMEX card programs; equipment liquidator bids |
| Martha Kopacz | 8/12/05 | 1.0 | Equipment liquidators bids' analysis; teleconference with XRoads regarding liquidator selection |
| Martha Kopacz | 8/14/05 | 0.5 | Review final analysis on Liquidators bids; review results of Operation Jumpstart |
| Martha Kopacz | 8/16/05 | 1.0 | Email review and responses thereto |
| Martha Kopacz | 8/17/05 | 0.5 | DC liquidator selection process |
| Martha Kopacz | 8/18/05 | 2.0 | Committee Conference call; DC liquidator selection; Astor and Fitzgerald sales |
| Martha Kopacz | 8/19/05 | 1.0 | Liquidator documents - edits, review with counsel |
| Martha Kopacz | 8/23/05 | 2.5 | Liquidator documents; week 6 reports; claims process motion; Wachovia lien report; scheduling regarding reclamation/trade program conf call |
| Martha Kopacz | 8/24/05 | 1.0 | Several teleconferences with XRoads regarding preference waiver procedure; review trade vendors with no preferential payments; teleconference with M.Barr regarding same |
| Martha Kopacz | 8/25/05 | 3.5 | committee conference call; teleconference with XRoads regarding preference waiver protocol; review 4 vendors in detail with potential preferences; review XRoads procedure for preference evaluation |
| Martha Kopacz | 8/30/05 | 1.5 | Review weekly reports; review update memo on GOB inventory sales results; review and reply to email |
| Martha Kopacz | 9/1/05 | 4.0 | Preference waiver requests regarding Pepsi and Nestle Waters; teleconference with SMcCarty regarding same; email with XRoads; teleconference's with E.Gordon |
| Martha Kopacz | 9/8/05 | 1.0 | Committee Call |
| Martha Kopacz | 9/9/05 | 1.0 | Teleconference with H Etlin - update regarding hurricane and preference waivers; Pepsi preference waiver issues |
| Martha Kopacz | 9/14/05 | 2.5 | Trade credit program sign-offs for Dial, Heinz, American Safety Razor, Sanderson Frams, Willert and Ferrero USA |
| Martha Kopacz | 9/15/05 | 3.0 | Company presentation; committee conf call; committee conf call with debtor; preference waiver issues |
| Martha Kopacz | 9/20/05 | 0.5 | Preference Waivers |
| Martha Kopacz | 9/21/05 | 1.5 | Pepsi preference waivers |
| Martha Kopacz | 9/27/05 | 1.0 | Preference Waivers including Pepsi |
| Martha Kopacz | 9/29/05 | 1.5 | Committee Conference call; Pepsi waiver |
| **Total** | | **149.5** | |
| | | | |
| William McGuire | 6/9/05 | 0.6 | Call with Company regarding Store 817 |
| William McGuire | 6/9/05 | 0.8 | Review rejection schedule |
| William McGuire | 6/9/05 | 0.4 | Emails to attorneys related to rejection schedule and store 817 |
| William McGuire | 6/10/05 | 0.6 | Time keeping |
| William McGuire | 6/28/05 | 1.4 | Review rejection schedule |
| William McGuire | 6/28/05 | 0.8 | Conference call with Company and attorneys related to proposed rejection schedule and store 817 |
| William McGuire | 6/29/05 | 0.6 | Review motion to reject leases |
| William McGuire | 6/29/05 | 0.2 | Emails to attorneys regarding proposed rejections |
| William McGuire | 6/30/05 | 0.4 | Emails related to lease rejection of store 817 |
| William McGuire | 7/22/05 | 1.8 | Reconcile leases from pre-petition date to today |
| William McGuire | 7/27/05 | 1.8 | Emails and calls with attorneys regarding rejection motion; preparation of memo to Committee regarding rejection motion |
| William McGuire | 8/3/05 | 1.0 | Conference call with company to discuss potential round 4 rejections; Emails to attorneys regarding round 4 rejections |
| William McGuire | 8/9/05 | 1.8 | Review information provided by Company related to 4th round rejections; Emails to attorneys / company related to 4th round rejections |
| William McGuire | 8/10/05 | 0.6 | Emails to attorneys related to 4th round rejections |
| William McGuire | 8/15/05 | 1.8 | Review Round 4 Rejection claim |
| William McGuire | 8/19/05 | 2.2 | Review Round 4 Rejection claim; Memo to committee regarding Round 4 Rejections |
| William McGuire | 9/6/05 | 1.4 | Review of Motion for 5th Round Rejection |
| William McGuire | 9/7/05 | 3.0 | Review list of unsold stores to be rejected; Correspondence with attorneys; Schedule conference call with company |
| William McGuire | 9/8/05 | 3.5 | Review list of unsold stores; Call with company to discuss unsold stores; Review correspondence on Store 847; Calls with attorney related to motion on unsold stores. |
| William McGuire | 9/12/05 | 2.4 | Prepare memo related to Round 5 Rejections |

**EXHIBIT A**

## Winn-Dixie Stores, Inc., et al.

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| William McGuire | 9/14/05 | 1.6 | Call with company to discuss unsold stores and round 5&6 rejections; Correspondence with attorneys. |
| William McGuire | 9/22/05 | 1.8 | Review round 6 Rejection Materials; Review and revise round 6 Rejection Memo to committee. |
| William McGuire | 9/26/05 | 2.4 | Review rejection motion for distribution facility; correspondence with attorney and company. |
| William McGuire | 9/29/05 | 2.4 | Review information related to distribution facilities and stores damaged by hurricane; correspondence with attorney and company. |
| **Total** | | **35.3** | |
| Andrew Hede | 6/1/05 | 4.5 | Review of business plan; call M.Barr and M.Comerford (Milbank) |
| Andrew Hede | 6/2/05 | 5.0 | Committee Call; Call with Milbank; DJM/Food Partners Objections; KERP Objection and Additional Analysis |
| Andrew Hede | 6/3/05 | 5.0 | KERP Objection; Call with Milbank (KERP); Additional KERP Analysis; Substantive Consolidation Checklist; Review Deloitte Consulting Retention |
| Andrew Hede | 6/6/05 | 7.5 | Analysis of KERP and Comparable Plans; Call with D. O'Donnell (Milbank); Call with M.Kopacz (KERP); Review Substantive Consolidation Checklist; Call with Milbank and Houlihan Lokey; Review of Business Plan; Call with A.Stevenson (XRoads); Review of Comparable KERP Plans; Review Deloitte Consulting Retention; Call with XRoads and Houlihan Lokey (Business Plan) |
| Andrew Hede | 6/7/05 | 5.5 | Draft KERP Objection; Review of Comparable KERP Plans; Call with XRoads (Deloitte Retention); Review Revised KERP Proposal; travel to Jacksonville (billed at 50%) |
| Andrew Hede | 6/8/05 | 9.0 | Committee Meeting; Company/Committee Meeting; Committee Meeting; Committee/Company Advisors Meeting (KERP, Reclamation and Exclusivity) |
| Andrew Hede | 6/9/05 | 8.5 | Meeting with XRoads, Food Partners, DJM, Blackstone (store sales update); Committee Call; Meeting with A.Stevenson (XRoads); Meeting with T.Robbins (Winn-Dixie); travel to New York (billed at 50%) |
| Andrew Hede | 6/10/05 | 3.0 | Review of Deloitte Consulting Reports; Review of Pre-Petition Payment Request; Summary of Period-end Financials; Call with M.Barr and M.Comerford (Milbank); Review revised KERP documents |
| Andrew Hede | 6/12/05 | 2.5 | Review Liquidator RFP and Agency Agreement; Review Revised KERP and Severance Motion and Order; Review Period-end Financials Memo and Exhibits |
| Andrew Hede | 6/13/05 | 2.0 | Review store bid analysis; Period-end Financials Memo and Exhibits |
| Andrew Hede | 6/14/05 | 2.5 | Finalize period-end financials memo; Revised  Liquidator documents; Deloitte Consulting Retention; Revised  KERP order |
| Andrew Hede | 6/15/05 | 2.0 | Call with M.Barr (Milbank); Revised US Trustee KERP Questions; Review Revised KERP Order |
| Andrew Hede | 6/16/05 | 4.0 | Committee Call; Review Reclamation Term Sheet; Call with US Trustee (KERP Questions); Call with M.Barr (Milbank) |
| Andrew Hede | 6/17/05 | 6.0 | Review period-end operating and financial reports; Footprint analysis; Call with XRoads and Houlihan Lokey (CapEx); Call with Milbank and Houlihan Lokey (Reclamation); Committee Call; Call with M.Comerford (Milbank) |
| Andrew Hede | 6/20/05 | 2.0 | Pre-petition payment request; Call with M.Barr (Milbank); Review Hobart service agreement; Footprint analysis |
| Andrew Hede | 6/21/05 | 3.0 | Footprint analysis; Call with M.Comerford (Milbank); Meeting with M.Gavejian (footprint); Review footprint press release |
| Andrew Hede | 6/22/05 | 4.0 | Negative EBITDA store memo; Call with M.Comerford (Milbank); Review footprint changes; Call with A.Stevenson (XRoads) |
| Andrew Hede | 6/23/05 | 5.0 | Committee Call; Footprint analyst; Pre-petition payment settlement; Call with M.Barr (Milbank); Call with A.Stevenson (XRoads) |
| Andrew Hede | 6/24/05 | 3.5 | Pre-petition payment settlements; Review lease/executory contract rejections; Call with P.Wyndham (XRoads); Footprint analysis |
| Andrew Hede | 6/27/05 | 2.0 | Review AFCO insurance financing; Lease rejections |
| Andrew Hede | 6/28/05 | 3.5 | Footprint analysis, AFCO insurance financing; Meeting with M.Gavejian (AFCO) |
| Andrew Hede | 6/29/05 | 2.5 | AFCO insurance financing; Meeting with M.Gavejian (AFCO); Review insurance LC requirements; Review lease rejection motion |
| Andrew Hede | 6/30/05 | 3.5 | Call with M.Gavejian (AFCO); Committee Call; Call with S.McCarty ($R^2$); Liquidation retention; Review asset sale memo |
| Andrew Hede | 7/1/05 | 2.5 | Review Liquidator Agency Agreements; Email: Milbank (Liquidator Agreements); Phone call with M.Kopacz |

EXHIBIT A

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Andrew Hede | 7/5/05 | 1.5 | Review Period 12 financials; Review borrowing base certificate; Set Liquidator Agency Agreement call; Email: Milbank (regarding Committee Call) |
| Andrew Hede | 7/6/05 | 4.5 | Review Period 12 financials; Review Liquidator Motion and Agency Agreement; Call with H.Etlin (XRoads) and M.Kopacz; Phone call with M.Kopacz; Period 12 financials memo; Phone call with A.Stevenson (XRoads); Emails: Milbank |
| Andrew Hede | 7/7/05 | 4.0 | Period 12 financials memo; Review Pharmacy auction memo and exhibits; Review sale proceeds analysis; Phone call with R.Rosenberg (Milbank); Phone call with A.Stevenson (XRoads); Review Period 12 store data |
| Andrew Hede | 7/8/05 | 5.0 | Review substantive consolidation information received; Review inter-company accounts; Phone call with S.McCarty ($R^2$); Phone call with M.Barr (Milbank); Phone call with M.Kopacz |
| Andrew Hede | 7/11/05 | 6.0 | Review sale proceeds analysis; Emails: S.McCarty (R2); Review substantive consolidation information received; Phone call with M.Kopacz; Meeting: XRoads, HLHZ, Blackstone, Skadden, Milbank |
| Andrew Hede | 7/12/05 | 3.0 | Period 12 store analysis; Substantive Consolidation information request; Billings |
| Andrew Hede | 7/13/05 | 3.0 | Fee Application; Review of pharmacy bids |
| Andrew Hede | 7/14/05 | 4.0 | Committee Call; Review of Pharmacy bids; Review going concern bids |
| Andrew Hede | 7/15/05 | 5.5 | Review Pharmacy APAs; Pharmacy bids summaries; Call with R.Damore (XRoads); Phone call with J.MacInnis (Milbank) |
| Andrew Hede | 7/20/05 | 4.0 | Review Pharmacy Auction results; Summary of Pharmacy Auction Process; Phone call with M.Kopacz |
| Andrew Hede | 7/21/05 | 2.5 | Call: XRoads (GOB Expense Budget); Review GOB Expense Budget; Phone call with M.Kopacz |
| Andrew Hede | 7/22/05 | 0.5 | Phone call with A.Stevenson (XRoads) |
| Andrew Hede | 7/25/05 | 1.5 | Review Borrowing Base changes; Emails: Milbank; Phone call with A.Stevenson |
| Andrew Hede | 7/26/05 | 3.5 | Committee / Company Meeting Agenda; Review pre-petition payments report; Review revised liquidator budget; Phone call with L.Mandel and R.Rosenberg (Milbank) |
| Andrew Hede | 7/27/05 | 1.5 | Finalize liquidator budget; Email: Milbank; Email: M.Kopacz; Phone call with M.Kopacz |
| Andrew Hede | 7/28/05 | 2.0 | Phone call with A.Stevenson (XRoads); Phone call with L.Mandel (Milbank); Final Pharmacy Auction results |
| Andrew Hede | 7/29/05 | 1.5 | Email: A.Stevenson (XRoads); Email: L.Mandel (Milbank); Allocation of DIP Borrowings; Review Equipment Liquidation Agreements |
| Andrew Hede | 8/3/05 | 1.0 | Review pre-petition consignment payments; Review week 4 sales reports |
| Andrew Hede | 8/5/05 | 1.0 | Review Committee presentation; Review WD corporate structure for Milbank |
| Andrew Hede | 8/8/05 | 1.5 | Review Period 13 store results; Review AMEX agreement; Review legal entity structure |
| Andrew Hede | 8/9/05 | 1.0 | Review executory contract rejections; Ph: M Gavejian (AMEX); Ph: M Gavejian & L Mandel (AMEX) |
| Andrew Hede | 8/10/05 | 1.0 | Call: Milbank, Skadden; XRoads and WD (AMEX); Ph: M Kopacz |
| Andrew Hede | 8/11/05 | 0.5 | Review AMEX agreement |
| Andrew Hede | 8/15/05 | 1.5 | Billings; Review Period 13 store performance; Meeting: M Gavejian |
| Andrew Hede | 8/19/05 | 2.0 | Review GOB results; Ph: M Gavejian; Emails: Milbank, M Kopacz, A Stevenson (XRoads) |
| Andrew Hede | 8/22/05 | 4.0 | Review GOB sale proceeds; Billings; GOB sale proceeds reconciliation; Review pre-petition lien review |
| Andrew Hede | 8/23/05 | 1.5 | GOB update memo |
| Andrew Hede | 8/24/05 | 1.0 | GOB update memo |
| Andrew Hede | 8/25/05 | 2.0 | Committee Call; Open Items request list |
| Andrew Hede | 8/26/05 | 4.0 | Review store budgets; GOB update call with XRoads |
| Andrew Hede | 8/29/05 | 2.0 | GOB update memo; Review substantive consolidation response; Call: E Scanlan and M Gavejian; Review store budgets |
| Andrew Hede | 8/30/05 | 3.0 | Review store budgets |
| Andrew Hede | 8/31/05 | 3.0 | Review store budgets; Emails: XRoads; Review executory contract rejections |
| Andrew Hede | 9/6/05 | 3.5 | Store Budget Memo; Prepare list of questions on store budgets |
| Andrew Hede | 9/7/05 | 3.0 | Executory Contract Rejections and Memo to Committee; Review Equity Committee Memo; Prepare Hurricane Katrina Update; Store Budget Memo |
| Andrew Hede | 9/8/05 | 5.0 | Prepare for Committee Call; Committee Call; Ph: A Stevenson (XRoads); Ph: E Scanlan; Hurricane Katrina Update; Review Store Budgets; Review 9/30 Lease Rejections |
| Andrew Hede | 9/12/05 | 2.5 | Store Budget Analysis, Memo and follow-up question list; Ph: E Scanlan |
| Andrew Hede | 9/13/05 | 3.0 | Ph: A Stevenson; Store Budget Analysis and Memo; Ph: E Scanlan |
| Andrew Hede | 9/14/05 | 3.0 | Ph: A Stevenson; Ph: M Kopacz; Store Budget Analysis and Memo; Ph: E Scanlan |
| Andrew Hede | 9/15/05 | 5.0 | Committee Call; Committee & Company Call; Committee Call; Call: XRoads; Meeting: M Kopacz |

**EXHIBIT A**

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Andrew Hede | 9/19/05 | 3.5 | Store Budget Memo; Review Period 1 Store Results |
| Andrew Hede | 9/20/05 | 2.0 | Store Budget Memo; Review Period 1 Store Results |
| Andrew Hede | 9/21/05 | 2.5 | Store Budget Memo; Ph: M Barr (Milbank); Review De Minimus Litigation claim analysis |
| Andrew Hede | 9/22/05 | 2.0 | Ph: M Comerford (Milbank); Ph: E Scanlan; Ph: M Kopacz; Finalize Store Budget Memo; Ph: A Stevenson |
| Andrew Hede | 9/26/05 | 1.0 | Period 1 Store Results Memo; Ph: M Comerford |
| Andrew Hede | 9/27/05 | 1.0 | Period 1 Store Results Memo; Review De Minimus Litigation Motion |
| Andrew Hede | 9/28/05 | 4.0 | Review De Minimus Claims Order and Analysis; Call: Winn Dixie and Milbank; Ph: M Comerford (Milbank); Ph: A Stevenson (XRoads) |
| Andrew Hede | 9/29/05 | 3.0 | Prepare for Committee Call; Ph: M Comerford (Milbank); Meeting: M Kopacz; Committee Call |
| Andrew Hede | 9/30/05 | 3.0 | Ph: M Comerford (Milbank); Call: Winn Dixie and Milbank; Period 1 results memo; Review Period 2 results |
| **Total** | | **229.0** | |
| | | | |
| Maxim Frangulov | 7/19/05 | 8.6 | Participated in auction of pharmacy scripts and inventory; tabulated results of pharmacy auction |
| **Total** | | **8.6** | |
| | | | |
| Gregory Ford | 6/20/05 | 1.0 | Reviewed Termination agreements for 3 TN SunTrust Subleases. |
| Gregory Ford | 6/21/05 | 1.0 | Reviewed Termination agreements for 3 TN SunTrust Subleases. |
| Gregory Ford | 6/22/05 | 1.0 | Reviewed Termination agreements for 3 TN SunTrust Subleases. |
| Gregory Ford | 6/23/05 | 1.0 | Review of Termination of Contracts |
| Gregory Ford | 6/24/05 | 1.0 | Review of Termination of Contracts & Conference Call |
| Gregory Ford | 6/27/05 | 1.5 | Review of third round of Lease Rejections |
| Gregory Ford | 6/28/05 | 1.5 | Conference Call to discuss third round Lease Rejections (SunTrust, Buehlers, Contracts) |
| Gregory Ford | 7/4/05 | 1.0 | Reviewing 3rd round lease rejections spreadsheet |
| Gregory Ford | 7/5/05 | 1.0 | Reviewing 3rd round lease rejections spreadsheet |
| Gregory Ford | 8/4/05 | 1.0 | Discussion of the 4th Round of Lease Rejections. |
| Gregory Ford | 8/15/05 | 1.0 | Final discussion of the 4th Round of Lease Rejections. |
| Gregory Ford | 9/6/05 | 0.5 | Conference Call - 4th Round of Lease Rejections. |
| Gregory Ford | 9/8/05 | 1.0 | Conference Call - Hurricane damaged stores |
| Gregory Ford | 9/19/05 | 2.5 | Review of material for the 6th round of lease rejections |
| Gregory Ford | 9/20/05 | 1.0 | Review & analysis of material for the 6th round of lease rejections |
| Gregory Ford | 9/21/05 | 1.0 | Analysis and drafting of the 6th Round of Lease Rejections Memo |
| Gregory Ford | 9/22/05 | 1.0 | Review, and final editing of the 6th Round of Lease Rejections Memo |
| Gregory Ford | 9/26/05 | 1.0 | Review, and final editing of the 6th Round of Lease Rejections Memo - Milbank's comments |
| Gregory Ford | 9/27/05 | 0.5 | Review, and final editing of the 6th Round of Lease Rejections Memo - Milbank's comments |
| Gregory Ford | 9/28/05 | 0.5 | Review, and final editing of the 6th Round of Lease Rejections Memo - Milbank's comments |
| **Total** | | **21.0** | |
| | | | |
| Erin Scanlan | 8/24/05 | 7.0 | Review summary of Winn-Dixie work product and discuss with M. Gavejian for transition purposes; Review GOB store inventory liquidation memo |
| Erin Scanlan | 8/25/05 | 6.0 | Unsecured Creditors Committee Call; review updated weekly report and other various work product; discussions with M. Gavejian for transition purposes |
| Erin Scanlan | 8/26/05 | 3.5 | Review of FY 2006 store-by-store budgets from XRoads; prepare analysis of store-by-store information for FY 2006 Budget vs. FY2005 actual results; review GOB results; Call with R. Damore regarding GOB process update |
| Erin Scanlan | 8/29/05 | 3.5 | Continue to review and prepare analysis on FY06 store budget; various internal discussions regarding the FY06 store budget |
| Erin Scanlan | 8/30/05 | 4.0 | Prepare additional information request for company regarding FY06 store budget; Prepare memo regarding FY06 store budget |
| Erin Scanlan | 8/31/05 | 3.0 | Prepare memo regarding FY06 store budget |
| Erin Scanlan | 9/1/05 | 4.2 | Review lease rejection information; prepare memo and analyses on FY06 Budget |
| Erin Scanlan | 9/2/05 | 0.5 | Call with R. Damore regarding GOB sales process update; review GOB update information from Company |

EXHIBIT A

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Erin Scanlan | 9/6/05 | 7.5 | Update memo on FY06 Budget; Prepare questions for Management and XRoads regarding the FY06 Store Budget; discussions with E. Lane (XRoads) regarding the lease and executory contract rejection motion; Prepare summary of GOB sales |
| Erin Scanlan | 9/7/05 | 3.0 | Finalize summary of GOB sales; prepare analysis on stores impacted by Hurricane; Prepare memo on rejection motion and send to Committee |
| Erin Scanlan | 9/8/05 | 1.0 | Unsecured Creditor Committee conference call; update FY06 store budget memo |
| Erin Scanlan | 9/12/05 | 0.8 | Update FY06 store budget memo |
| Erin Scanlan | 9/15/05 | 7.0 | Review Company's Presentation to UCC; precall with the UCC; conference call with the Company and UCC; Call with A. Stevenson to discuss FY06 store budget; Update budget memo; prepare additional analysis on FY05 actual v. FY06 budget |
| Erin Scanlan | 9/16/05 | 2.5 | Finalize FY06 store budget memo; prepare monthly fee statement; review Period 1 actual information |
| Erin Scanlan | 9/19/05 | 4.5 | Update memo on FY06 Budget for A. Hede's changes; finalize September invoice; review Period 1 financials |
| Erin Scanlan | 9/20/05 | 6.0 | Review Period 1 2005 store financial summary and extract current domestic footprint information; prepare Period 1 financial analyses |
| Erin Scanlan | 9/21/05 | 6.0 | Finalize and send FY06 store budget memo to Milbank; prepare Period 1 financial analyses and summary memo for UCC |
| Erin Scanlan | 9/22/05 | 2.0 | Prepare Period 1 financial analysis |
| Erin Scanlan | 9/26/05 | 1.0 | Updated memo and reviewed Hede's comments. |
| Erin Scanlan | 9/27/05 | 0.5 | Review litigation claims information from WD. |
| Erin Scanlan | 9/28/05 | 1.0 | Call with J. Castle of WD regarding litigation claims |
| Erin Scanlan | 9/29/05 | 5.5 | Unsecured Creditor Committee conference call; review Period 1 data and prepare follow up questions for Company; update summary with corrected Period 1 information from Company. |
| Erin Scanlan | 9/30/05 | 3.0 | Call with Alex; update for memo and analyses for corrected Period 1 data |
| **Total** | | **83.0** | |
| | | | |
| Matthew Gavejian | 6/1/05 | 1.0 | Review of preliminary Winn-Dixie business plan |
| Matthew Gavejian | 6/2/05 | 2.0 | Committee call |
| Matthew Gavejian | 6/3/05 | 1.0 | Analysis of KERP data |
| Matthew Gavejian | 6/6/05 | 2.0 | Compiling of KERP information for industry comparison to proposed Winn-Dixie KERP |
| Matthew Gavejian | 6/7/05 | 2.0 | Review of proposed KERP; summary of comparable KERPs |
| Matthew Gavejian | 6/7/05 | 2.5 | Travel time to Jacksonville at 50% |
| Matthew Gavejian | 6/8/05 | 9.0 | Meetings with Committee members and other committee professionals, meeting with Debtors, Debtors' professionals; KERP negotiations with Debtors, Debtor's professionals |
| Matthew Gavejian | 6/9/05 | 5.0 | Analysis and summary of negotiated KERP - comparison to previous KERP; Committee call; Meeting with XRoads to discuss business plan; Meeting with T.Robbins to discuss store operations |
| Matthew Gavejian | 6/9/05 | 2.0 | Travel time at 50% |
| Matthew Gavejian | 6/10/05 | 5.5 | Compiling financial information from financial statements for Period 7 through Period 11; analysis of financials for format, consistency of information and changes based on adjustments |
| Matthew Gavejian | 6/12/05 | 1.5 | Continued analysis of financials; summary of financials |
| Matthew Gavejian | 6/13/05 | 4.5 | Initial preparation of memo detailing Period-end financials for Period 7 through 11; modified analyses of financials |
| Matthew Gavejian | 6/14/05 | 5.0 | Review, revision and finalization of financials memo; conference call with HLHZ, Debtors, XRoads to discuss shrink |
| Matthew Gavejian | 6/15/05 | 6.0 | Prepared write-up of shrink conference call; prepared memo and e-mail on rejection of executory contract (Tampa Bay Buccaneers sponsorship) |
| Matthew Gavejian | 6/16/05 | 5.5 | Preparation for Committee call; Committee call; initial review of store financial data for analysis |
| Matthew Gavejian | 6/17/05 | 5.0 | Discussed negative EBITDA stores; Conference call with XRoads, HLHZ regarding capital expenditures; Conference call with Milbank, HLHZ regarding reclamation; Committee Call |
| Matthew Gavejian | 6/20/05 | 8.0 | Performance analysis for negative EBITDA stores to be retained in the footprint rationalization; reconciliation of project team's hours (0.5 hours) |
| Matthew Gavejian | 6/21/05 | 8.0 | Review of Winn-Dixie bankruptcy billing procedures; review of team time descriptions (1.75 hours); further analysis of negative EBITDA stores to be retained; preparation of memo on the same; meeting with A. Hede regarding Debtors' revised footprint |

**EXHIBIT A**

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Matthew Gavejian | 6/22/05 | 5.5 | Review, drafting and revision of negative EBITDA store memo; revision of analyses and review / quality check of data |
| Matthew Gavejian | 6/23/05 | 6.5 | Review of store closure list and reconciliation of footprint; prepared summary of performance of newly "closed" stores; preparation for Committee call; Committee call; review, reformatting and analysis of Period 8 financials |
| Matthew Gavejian | 6/24/05 | 6.0 | Billing and reconciliation of hours; preparation of billing documents; review of initial second round insurance premium financing; call with M.Kopacz regarding billing |
| Matthew Gavejian | 6/27/05 | 8.0 | Finalized first billing; review, formatting and analysis of Period 7 through Period 11store financial data |
| Matthew Gavejian | 6/28/05 | 7.0 | Review of worker's compensation data from Debtors; Meeting: A Hede (AFCO); preparation of various stratification analyses for Winn-Dixie stores |
| Matthew Gavejian | 6/29/05 | 6.5 | Meeting: A Hede (AFCO); call with XRoads to discuss premium financing and letter of credit requirements for workers compensation coverage; preparation of schedule detailing insurance coverage, premiums and collateral requirements for 2005 and 2006; follow up discussions with XRoads and debtor regarding insurance |
| Matthew Gavejian | 6/30/05 | 8.0 | Call: A Hede (AFCO); Preparation of material for call; Committee call; continued analysis of store performance with preparation of schedules and initial memo |
| Matthew Gavejian | 7/1/05 | 1.0 | Review of negative EBITDA store list; comparison to original footprint information |
| Matthew Gavejian | 7/5/05 | 6.5 | Review of Period 12 supplemental reporting package; preparation of deliverable for Committee summarizing and analyzing Period 12 results |
| Matthew Gavejian | 7/6/05 | 5.5 | Reported requested first interim fee application information to Skadden; phone call with P.Chidyllo regarding letters of credit; review of sample fee application provided by Skadden; review of Period 12 financial information to understand discontinued operations |
| Matthew Gavejian | 7/7/05 | 5.0 | Review of Period 12 financial memo to the Committee; revisions based on comments from A.Hede and M.Kopacz; distribution of memo to Milbank; |
| Matthew Gavejian | 7/8/05 | 4.5 | Email C.Boucher (XRoads) regarding schedule of letters of credit; review of lease, organization chart, bank account and entity information received from XRoads in connection with substantive consolidation analysis; review of terms of pass-through certificates |
| Matthew Gavejian | 7/11/05 | 8.0 | Substantive consolidation meeting (with XRoads, HLHZ, Milbank, Skadden); review of approved billing procedures for interim fee statements; review of substantive consolidation memos prior to meeting; review of A&M billing data for June 2005 |
| Matthew Gavejian | 7/12/05 | 9.0 | initial drafting of A&M's first interim fee application; emails: A.Stevenson (XRoads) regarding store budgets and confirmation of reorganized footprint stores; complied list of Substantive Consolidation information requests based on prior day's meetings; review of workers' compensation motion and order; review of comments on substantive consolidation information requests from R.Rosenberg (Milbank) |
| Matthew Gavejian | 7/13/05 | 8.5 | Initial review of June 2005 billing documents; review of first interim fee application filing requirements; revision of first interim fee application based on sample application received from Milbank; discussion of fee application with M.Comerford (Milbank); review of A&M's expenses for first interim fee application period |
| Matthew Gavejian | 7/14/05 | 8.0 | Final revisions to fee application; distribution to M.Comerford (Milbank); review of the Committee chair's letter to the Board of Directors of Winn-Dixie; Creditor Committee call; revision and distribution of final list of substantive consolidation information requests; review of requested revisions to fee application; discussion of fee application with M.Comerford (Milbank); review of fee application e-mails from Skadden |
| Matthew Gavejian | 7/15/05 | 4.5 | Review of purchase agreements for pharmacies; Call with R.Damore (XRoads); Email C.Boucher (XRoads) regarding letters of credit; review of A&M team members time descriptions |
| Matthew Gavejian | 7/21/05 | 2.5 | Unsecured Creditor Committee call; Emails: A.Stevenson (XRoads) regarding store budgets and retained stores; preparation of June 2005 billing |
| Matthew Gavejian | 7/25/05 | 3.5 | Finalized June 2005 billing; distributed billing to all billing parties; prepared billing summary; review of in-person meeting agenda distributed by Milbank; review of A&M files/information regarding items from the agenda |
| Matthew Gavejian | 7/26/05 | 1.0 | Phone call to C.Boucher (XRoads) to discuss workers' compensation motion, email to W.McGuire regarding lease rejections |
| Matthew Gavejian | 7/27/05 | 0.5 | Participated in dial-in second pharmacy auction |
| Matthew Gavejian | 7/28/05 | 2.5 | Initial review of contracts to be rejected in July 29 motion; emails to C.Boucher (XRoads) regarding the same; review of schedule detailing pre-petition payments |

EXHIBIT A

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Matthew Gavejian | 8/1/05 | 1.5 | Call to discuss Winn-Dixie equipment liquidation agency agreements; e-mails to W.McGuire and P.Chidyllo (HLHZ) regarding lease rejections; review comments from Milbank regarding equipment liquidation agency agreements; research on healthcare payment consultant solicitation |
| Matthew Gavejian | 8/2/05 | 4.0 | Meeting with UCC and Debtors; review of draft proposal of new fee application language distributed by Skadden |
| Matthew Gavejian | 8/3/05 | 4.5 | Phone call with M.Comerford (Milbank) regarding fee application hearing; e-mails regarding the same; revised first interim fee application order per directions from Skadden; reviewed further changes to fee application order distributed by Skadden; preparation of schedule of expense detail at the request of the U.S. Trustee |
| Matthew Gavejian | 8/4/05 | 1.5 | Distributed expense detail to U.S. Trustee; review of Debtors Period 13 compliance certificate and unaudited financials; review of additional language changes to fee application order distributed by Skadden; e-mail M.Salem (XRoads) regarding weekly sales reports |
| Matthew Gavejian | 8/5/05 | 3.5 | Review of updated Winn-Dixie corporate structure chart provided by Milbank; review of individual store-level Period 13 financials from XRoads; review of rejected executory contracts information (remaining term, potential damages, contract description); initial review of AMEX purchasing card program proposal |
| Matthew Gavejian | 8/8/05 | 4.5 | E-mails with A.Stevenson (XRoads) regarding Period 13 supplemental reporting package; discussed AMEX purchasing card program with A.Stevenson (XRoads); prepared descriptive e-mail to L.Mandel (Milbank) regarding the same |
| Matthew Gavejian | 8/9/05 | 6.0 | Discussed rejected executory contracts with E.Lane (XRoads); additional discussion of AMEX purchasing card program with A.Stevenson; preparation of memo to the Committee summarizing the rejected contracts and details of potential damages |
| Matthew Gavejian | 8/10/05 | 5.5 | Review of liquidity analysis relative to the AMEX purchasing card program from A.Stevenson (XRoads), phone call to discuss liquidity analysis and current situation on AMEX program with A.Stevenson (XRoads); call with Milbank and XRoads to discuss AMEX purchasing card program; preparation of July A&M invoice |
| Matthew Gavejian | 8/11/05 | 4.5 | UCC Call; review of AMEX purchasing card program from other bankruptcy cases (i.e. Interstate Bakeries Corp.); discussed other instances of purchasing card programs through AMEX with A&M personnel; discussed other examples of purchasing card programs with A.Stevenson (XRoads) |
| Matthew Gavejian | 8/12/05 | 4.5 | Discussion with XRoads regarding selection of liquidating agent; review of expected proceeds from sale of distribution center equipment; preparation of comprehensive open items list including substantive consolidation requests; review of current status of information requests |
| Matthew Gavejian | 8/15/05 | 5.5 | Review of black lined proposed agency agreement for distribution center liquidation agent; review of preliminary Project Jumpstart results; review of Letter of Credit schedule from XRoads; review and preparation of summary of A&M team members for July invoice; discussed liquidation agent agreements with M.Kopacz; provided comments to J.MacInnis (Milbank) regarding the same) |
| Matthew Gavejian | 8/16/05 | 6.0 | e-mail to A.Stevenson regarding updates on GOB sales; provided comments to King & Spalding regarding reporting provisions in the agency agreements; review of certain scan-based trading agreements and distribution of the same to Milbank; review of motion to retain liquidating agent |
| Matthew Gavejian | 8/17/05 | 6.0 | Review of GOB Store inventory liquidation reports from the Agent to the Debtors; coordinating with M.Kopacz regarding liquidating agents motions |
| Matthew Gavejian | 8/18/05 | 6.5 | UCC Call; review of lien investigation documents provided by Akerman; coordinating discussion of GOB store inventory liquidation with R.Damore (XRoads); preparation of summary of data for memo on GOB store inventory liquidation |
| Matthew Gavejian | 8/19/05 | 6.0 | Review of revised organization chart from XRoads; review of updated GOB store inventory liquidation flash reports through August 17th; discussion of reports, process and next steps of inventory liquidation with R.Damore (XRoads); discussion of Astor and Fitzgerald liquidation agency documents with M.Kopacz; provided comments to Milbank regarding the same |
| Matthew Gavejian | 8/22/05 | 6.5 | Preparation of invoice for July and August; review and clean-up of A&M team member time entries; drafting of invoice language; discussion of updated Astor and Fitzgerald liquidation agency agreements with J.MacInnis (Milbank); further discussions of GOB store liquidations with R.Damore (XRoads) |
| Matthew Gavejian | 8/23/05 | 6.5 | Preparation of memo and schedules detailing GOB store liquidation process and recovery rates; distribution of July/August invoice; e-mail M.Comerford (Milbank) regarding timing of second interim fee application |

**EXHIBIT A**

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Hours | Work Performed |
|---|---|---|---|
| Matthew Gavejian | 8/24/05 | 6.0 | Discussion of GOB store inventory liquidation memo with team members; distribution of the same; prepared summary of Winn-Dixie work product; discuss aspects of Winn-Dixie work product with E.Scanlan (A&M) for purposes of transitioning work |
| Matthew Gavejian | 8/25/05 | 6.5 | UCC Call; preparation for call and discussion of GOB Store inventory liquidation; prepared reconciliation of A&M billings to be sent to Debtors and XRoads; e-mails regarding upcoming contract rejections and work transition; review of updated weekly reports on the GOB store inventory liquidation from R.Damore (XRoads) |
| Matthew Gavejian | 8/26/05 | 6.5 | Review of FY 2006 store-by-store budgets from XRoads; e-mail to L.Mandel (Milbank) regarding current status of AMEX purchasing card program; analysis and reformatting of 2006 budget data to analyze sales, margins, shrink and EBITDA on a store-by-store and consolidated basis; discussion of updated GOB store inventory liquidation results with R.Damore (XRoads) |
| Matthew Gavejian | 8/29/05 | 3.0 | Discussion of store analyses with E.Scanlan; preparation of updated memo on GOB store inventory liquidation based on discussions with R.Damore (XRoads); discussion of substantive consolidation status with A.Hede; |
| Matthew Gavejian | 8/30/05 | 4.5 | Distribution of updated memo on GOB store inventory liquidations; preparation of ID sales analysis for FY 2004 through FY 2006 on store-by-store basis (new company footprint) |
| Matthew Gavejian | 8/31/05 | 1.0 | Discussion of store analyses and review of current analyses with E.Scanlan |
| **Total** | | **304.0** | |
| **Grand Total** | | **830.4** | |

**EXHIBIT B**

**EXHIBIT B**

**Winn-Dixie Stores, Inc., et al.**

Expense Summary: June 1, 2005 through September 30, 2005

| Professional | Title | Transportation | Business Meals | Lodging | Telecommunications | Misc. | Total |
|---|---|---|---|---|---|---|---|
| Martha Kopacz | Managing Director | $ 2,628.95 | $ 53.84 | $ 200.26 | $ 48.06 | $ - | $ 2,931.11 |
| William McGuire | Managing Director | - | - | - | 19.98 | - | 19.98 |
| Andrew Hede | Senior Director | 1,653.09 | 132.06 | 396.94 | 346.30 | - | 2,528.39 |
| Gregory Ford | Director | - | - | - | 44.32 | - | 44.32 |
| Matthew Gavejian | Associate | 944.85 | 40.06 | 336.74 | 105.32 | - | 1,426.97 |
| David Kirsch | Associate | - | - | - | 2.30 | - | 2.30 |
| Corporate Charges | | - | - | - | 106.52 | 577.50 | 684.02 |
| Total | | $ 5,226.89 | $ 225.96 | $ 933.94 | $ 672.80 | $ 577.50 | $ 7,637.09 |

**Description**

| Category | |
|---|---|
| Transportation | Includes airfare (for business in Jacksonville and Florida store visits), taxi transportation and car rental |
| Business Meals | Includes working meals where Winn-Dixie matters were discussed |
| Lodging | Includes hotel charges for Jacksonville and Florida store visits |
| Telecommunications | Includes fax, phone and connectivity charges |
| Misc. | Includes postal charges, as necessary |

**EXHIBIT B**

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Amount | Type | Description |
|---|---|---|---|---|
| Martha Kopacz | 6/7/05 | 787.60 | Transportation (Airfare) | Flight from BOS to JAX for meeting with Debtors |
| Martha Kopacz | 6/7/05 | 25.00 | Transportation (Airfare) | Travel Agent Fee on $787.60 Ticket |
| Martha Kopacz | 6/7/05 | 25.00 | Transportation (Airfare) | Travel Agent Fee on Ticket change |
| Martha Kopacz | 6/7/05 | 138.50 | Transportation (Car service) | Car from home to BOS for morning flight |
| Martha Kopacz | 6/7/05 | 33.00 | Transportation (Taxi) | Taxi from JAX airport to Omni Jacksonville Hotel |
| Martha Kopacz | 6/7/05 | 18.00 | Business Meals | Working discussion with Committee member |
| Martha Kopacz | 6/7/05 | 26.00 | Business Meals | Lunch |
| Martha Kopacz | 6/8/05 | 172.26 | Lodging | One night stay at Omni Jacksonville Hotel (6/7/05) |
| Martha Kopacz | 6/8/05 | 382.90 | Transportation (Airfare) | Flight from JAX to BOS after meeting with Debtors |
| Martha Kopacz | 6/8/05 | 9.84 | Business Meals | Dinner |
| Martha Kopacz | 6/8/05 | 3.00 | Lodging | Baggage Check fee at Hotel |
| Martha Kopacz | 6/9/05 | 143.50 | Transportation (Car service) | Car from BOS to home after late flight |
| Martha Kopacz | 8/2/05 | 275.40 | Transportation (Airfare) | Roundtrip airfare from BOS to LGA to attend meeting with Debtors and Committee |
| Martha Kopacz | 8/2/05 | 25.00 | Transportation (Airfare) | Travel Agent Fee |
| Martha Kopacz | 8/2/05 | 145.10 | Transportation (Car service) | Car from home to BOS for morning flight |
| Martha Kopacz | 8/2/05 | 150.10 | Transportation (Car service) | Car from BOS to home |
| Martha Kopacz | 8/2/05 | 36.00 | Transportation (Taxi) | Taxi from LGA to Milbank offices for meeting |
| Martha Kopacz | | 13.86 | Telecommunications allocation [1] | 3/23 - 4/22 Wireless Usage Charges |
| Martha Kopacz | | 15.16 | Telecommunications allocation [1] | 4/23 - 5/22 Wireless Usage Charges |
| Martha Kopacz | | 10.62 | Telecommunications allocation [1] | 5/23 - 6/22 Wireless Usage Charges |
| Martha Kopacz | | 8.42 | Telecommunications allocation [1] | 6/23 - 7/22 Wireless Usage Charges |
| Martha Kopacz | | 25.00 | Lodging | Fee for cancelled hotel in Jacksonville, retention hearing postponed |
| Martha Kopacz | | 158.40 | Transportation (Airfare) | Cancelled flight from LGA to JAX, retention hearing postponed |
| Martha Kopacz | | 303.45 | Transportation (Airfare) | Cancelled flight from JAX to BOS, retention hearing postponed |
| **Total** | | **2,931.11** | | |
| | | | | |
| William McGuire | | 3.48 | Telecommunications allocation [1] | 3/23 - 4/22 Wireless Usage Charges |
| William McGuire | | 14.23 | Telecommunications allocation [1] | 4/23 - 5/22 Wireless Usage Charges |
| William McGuire | | 2.27 | Telecommunications allocation [1] | 5/23 - 6/22 Wireless Usage Charges |
| **Total** | | **19.98** | | |
| | | | | |
| Andrew Hede | 6/7/05 | 1,216.90 | Transportation (Airfare) | Roundtrip flight from EWR to JAX for meeting with Debtors |
| Andrew Hede | 6/7/05 | 98.64 | Transportation (Car service) | Car service from home to EWR for morning flight |
| Andrew Hede | 6/7/05 | 24.69 | Business Meals | Working dinner |
| Andrew Hede | 6/7/05 | 49.71 | Business Meals | Dinner with M.Kopacz, M.Gavejian |
| Andrew Hede | 6/8/05 | 52.11 | Business Meals | Dinner with M.Gavejian |
| Andrew Hede | 6/9/05 | 381.94 | Lodging | 2 nights stay at Omni Jacksonville Hotel |
| Andrew Hede | 6/9/05 | 15.00 | Lodging | Parking for rental car at hotel |
| Andrew Hede | 6/9/05 | 238.31 | Transportation (Rental Car) | Rental car for 2 days |
| Andrew Hede | 6/9/05 | 99.24 | Transportation (Car service) | Car service from EWR to home |
| Andrew Hede | 6/9/05 | 5.55 | Business Meals | Lunch |
| Andrew Hede | 6/11/05 | 115.67 | Telecommunications | Mobile phone charges |
| Andrew Hede | 6/14/05 | 4.20 | Telecommunications | Fax services for documents |
| Andrew Hede | 7/12/05 | 44.42 | Telecommunications | Mobile phone charges |
| Andrew Hede | 8/11/05 | 49.48 | Telecommunications | Mobile phone charges |
| Andrew Hede | | 31.84 | Telecommunications allocation [1] | 3/23 - 4/22 Wireless Usage Charges |
| Andrew Hede | | 13.92 | Telecommunications allocation [1] | 4/23 - 5/22 Wireless Usage Charges |
| Andrew Hede | | 44.37 | Telecommunications allocation [1] | 5/23 - 6/22 Wireless Usage Charges |
| Andrew Hede | | 42.40 | Telecommunications allocation [1] | 06/23 - 07/22 Wireless Usage Charges |
| **Total** | | **2,528.39** | | |
| | | | | |
| Gregory Ford | | 38.44 | Telecommunications allocation [1] | 3/23 - 4/22 Wireless Usage Charges |

**EXHIBIT B**

**Winn-Dixie Stores, Inc., et al.**

Time Reporting: June 1, 2005 through September 30, 2005

| Professional | Date | Amount | Type | Description |
|---|---|---|---|---|
| Gregory Ford | | 3.95 | Telecommunications allocation [1] | 4/23 - 5/22 Wireless Usage Charges |
| Gregory Ford | | 1.93 | Telecommunications allocation [1] | 5/23 - 6/22 Wireless Usage Charges |
| **Total** | | **44.32** | | |
| | | | | |
| Matthew Gavejian | 6/2/05 | 820.89 | Transportation | Roundtrip airfare from LaGuardia airport to Jacksonville airport |
| Matthew Gavejian | 6/7/05 | 40.00 | Transportation | Taxi from Jacksonville airport to Hotel |
| Matthew Gavejian | 6/8/05 | 40.06 | Business Meals | Working meal to discuss Winn-Dixie; with M.Kopacz, A.Hede |
| Matthew Gavejian | 6/9/05 | 336.74 | Lodging | Hotel stay for 2 nights (6/7/05 and 6/8/05); Omni Jacksonville Hotel |
| Matthew Gavejian | 6/9/05 | 35.00 | Transportation | Taxi from LaGuardia airport to New York City; shared with G.Lapson (XRoads) |
| Matthew Gavejian | 6/7/05 | 48.96 | Transportation | Car service from NY office to LaGuardia airport |
| Matthew Gavejian | | 7.44 | Telecommunications allocation [1] | 3/23 - 4/22 Wireless Usage Charges |
| Matthew Gavejian | | 12.18 | Telecommunications allocation [1] | 4/23 - 5/22 Wireless Usage Charges |
| Matthew Gavejian | | 43.99 | Telecommunications allocation [1] | 5/23 - 6/22 Wireless Usage Charges |
| Matthew Gavejian | | 41.71 | Telecommunications allocation [1] | 06/23 - 07/22 Wireless Usage Charges |
| **Total** | | **1,426.97** | | |
| | | | | |
| David Kirsch | | 2.30 | Telecommunications allocation [1] | 3/23 - 4/22 Wireless Usage Charges |
| **Total** | | **2.30** | | |
| | | | | |
| Corporate charges | 6/23/05 | 13.19 | Telecommunications | Conference America - usage for dicussion with large groups |
| Corporate charges | 9/7/05 | 93.33 | Telecommunications | Conference America - usage for dicussion with large groups |
| Corporate charges | | 472.50 | Cronin & Vris | Legal fees - April and May |
| Corporate charges | | 105.00 | Cronin & Vris | Legal fees - June |
| **Total** | | **684.02** | | |
| | | | | |
| **Grand Total** | | **7,637.09** | | |

---

[1] It is A&M policy to bill for certain telecommunications charges. These charges are allocated based on total client hours.

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              )    Chapter 11

WINN-DIXIE STORES, INC., et al., )    Case No. 05-03817-3F1

Debtors.                            )    Jointly Administered

**ORDER APPROVING SECOND INTERIM APPLICATION OF ALVAREZ & MARSAL, LLC, OPERATIONS AND REAL ESTATE ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED DURING PERIOD FROM JUNE 1, 2005 THROUGH AND INCLUDING SEPTEMBER 30, 2005**

Upon the second interim application of Alvarez & Marsal, LLC ("A&M") for allowance of compensation for services rendered and reimbursement of expenses as operations and real estate advisor to the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. et al., (the "Application"); and due and proper notice of the Application having been given under the circumstances; and it appearing that no further notice need be given; and after a hearing on December 1, 2005; and after statements provided in support of the Application; and the Court having determined that the factual and legal bases set forth in the Application establish just cause for the approval of compensation and reimbursement requested; and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore it is hereby

1

ORDERED ADJUDGED AND DECREED THAT:

1.  The Application is granted

2.  A&M is allowed (a) interim compensation for professional services rendered as operations and real estate advisor to the Committee during the Second Interim Compensation Period in the amount of $400,000.00 and (b) reimbursement of expenses incurred in connection with rendering such services in the amount of $7,637.09, for a total award of $407,637.09.

3.  The Debtors are authorized and directed to pay to A&M within five days from the date of entry of this Order $80,000.00, which is the total amount outstanding to A&M and unpaid by the Debtors pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the Second Interim Compensation Period.

4.  The relief granted in this Order is without prejudice to the rights of A&M to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the Application Period for which approval has not previously been sought and denied, upon application to this Court.

2

5. All interim fees and expenses are subject to review by
   the fee examiner to be appointed by the Court, parties
   in interest and this Court, and no determination is
   made at this time as to reasonableness.  Interim Fees
   and expenses awarded pursuant to this Order may be
   subject to disgorgement.


Dated this __ day of _____, 2005, in Jacksonville, Florida




                         _____

                         HONORABLE JERRY A. FUNK
                         United States Bankruptcy Judge