IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| PAUL VERNON MACON, JR., an individual, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO: CV-2003-4077-JRL |
| FAIRWAY INVESTMENTS, LLC, a limited liability company; WINN-DIXIE STORES, INC., a Delaware corporation, and SHADES CREEK PARTNERS, an Alabama general partnership, | § § § § § § § | JURY DEMAND REQUESTED |
| Defendants. | § | |

## COMPLAINT

### FIRST CAUSE OF ACTION
### (NEGLIGENCE)

1. Plaintiff Paul Vernon Macon is and was, at all times material hereto, an adult resident of Mobile County, Alabama.

2. Plaintiff avers, upon information and belief, that the Defendant Fairway Investments, LLC, is, upon information and belief, an Alabama corporation and was, at all times material hereto, an owner of the premises located at 6300 Grelot Road, Mobile, Alabama on which a commercial shopping center is located.

3. Plaintiff avers that the Defendant Winn-Dixie Stores, Inc., was at all times material hereto the tenant in possession of the premises and which was operated as Winn-



Dixie Store #0590, a retail establishment selling groceries and other items to members of the public.

4. Plaintiff avers, upon information and belief, that the Defendant Shades Creek Partner is, upon information and belief, an Alabama general partnership and was, at all times material hereto, an owner of the premises located at 6300 Grelot Road, Mobile, Alabama, on which a commercial shopping center is located.

5. On or about August 24, 2002, while on the premises and within the parking area in front of the Winn-Dixie store, the Plaintiff who was a patron of the store and who had purchased groceries therein, and who was returning to his vehicle pushing a store cart with the groceries, lost his footing on a patch of oil which was adjacent to the vehicle and slipped and fell in the parking lot.

6. As a result of the occurrence above described, the Plaintiff suffered sever personal injuries, causing Plaintiff to sustain permanent bodily impairment and loss of earnings. Plaintiff has experienced physical pain and suffering, mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of Plaintiff's injuries. Plaintiff has been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for Plaintiff's injuries.

7. The patch of oil covered approximately three parking spaces, and Plaintiff avers that such condition was dangerous to invitees and unknown to him, but was or should have been known to the Defendants, but the Defendants failed to correct it and provided no warning thereof.

8.  The Plaintiff did not have any knowledge of the condition and could not have reasonably discovered it. Defendants' failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

9.  Plaintiff avers upon information and belief that the Defendants either owned, or by contractual arrangement were in control of, the parking lot area and were responsible for the dangerous condition of the parking lot, and otherwise owned a duty to the public not to permit or allow a dangerous condition to be present.

10. The Defendants breached that duty owned to the public and the Plaintiff, and negligently permitted or allowed the dangerous condition to exist, which placed members of the public and the Plaintiff at risk of serious injury or death.

WHEREFORE, Plaintiff demands judgment and compensatory damages which exceed the minimum jurisdictional requirements of this Court of the Defendant for medical expenses, loss of earnings, pain and suffering, mental anguish, any permanent physical injuries, and any other damages the jury determines are the natural and proximate cause of the Defendants actions or omissions for which the Plaintiff should receive compensation.

## SECOND CAUSE OF ACTION
## (GROSS NEGLIGENCE/WANTONNESS)

11. Plaintiff reavers the allegations of paragraphs 1-10 as though fully set forth.

12. The Plaintiff did not have any knowledge of the condition and could not have reasonably discovered it. The Defendants' failure to correct the condition or to warn Plaintiff

constituted gross negligence and wilful and wanton conduct, and such conduct was a proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

The Defendants breached that duty owed to the public and to the Plaintiff, and wilfully and wantonly permitted or allowed the dangerous condition to exist, which placed members of the public and the Plaintiff at risk of serious injury or death.

WHEREFORE, Plaintiff demands judgment and compensatory damages which exceed the minimum jurisdictional requirements of this Court of the Defendant for medical expenses, loss of earnings, pain and suffering, mental anguish, any permanent physical injuries, and any other damages the jury determines are the natural and proximate cause of the Defendants actions or omissions for which the Plaintiff should receive compensation. Plaintiff demands judgment and punitive damages against the Defendants for their conduct in an amount to be determined by the jury.

PLAINTIFF RESPECTFULLY REQUESTS TRIAL BY JURY.

 

WILLIAM M. LYON, JR. (LYO003)
Attorney for Plaintiff

OF COUNSEL:

McFADDEN, LYON & ROUSE, L.L.C.
718 Downtowner Boulevard
Mobile, Alabama 36609
(251) 342-9172 Telephone
(251) 342-9457 Facsimile
wlyon@mlrlawyers.com

*Defendants to be served as follows:*

Fairway Investments, L.L.C.
2401 Pinson Highway
Birmingham, Alabama 35217

Shades Creek Partners
2401 Pinson Highway
Birmingham, AL  35217

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32203-0297