UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                CASE NO.: 3:05-bk-03817-JAF

                                      CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors         Jointly Administered

---

MOTION OF LINPRO INVESTMENTS, INC. FOR
PAYMENT OF POST-PETITION RENT

Linpro Investments, Inc ("Linpro"), a creditor and party in interest in the above-styled bankruptcy case, by and through its undersigned attorneys, hereby moves this Court for an order requiring Winn-Dixie Stores, Inc. ("Debtor") to pay post-petition rent of Linpro described herein. As grounds therefore, Linpro states the following:

1. This Court has subject matter jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)

2. The legal predicate for the relief requested herein is that certain Order entered on September 8, 2005 Granting Amended Motion of the Debtors for Order Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and

1

Interests and Exempt from Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief (Docket No. 3405) (the "Order"), including the Amended Order Under 11 U.S.C. §365(d)(4) Granting Further Extension of Time To Assume or Reject Unexpired Leases of Nonresidential Real Property entered on September 12, 2005 (Docket No. 3434), and the Order Correcting Order Dated September 12, 2005 Under 11 U.S.C. §365(d)(4) Granting Further Extension of Time To Assume or Reject Unexpired Leases of Nonresidential Real Property Order (Docket No. 3434) To Modify Language of Paragraph 4 and Attach Amended Exhibit A entered on October 3, 2005 (Docket No. 3754), which relate in part to the Order.

3. Linpro and Debtor are parties to a lease dated May 1, 1996 (the "Lease"), a copy of which is attached hereto as Exhibit "A" wherein Debtor as tenant leases Store No. 223 from Linpro. Store No. 223 is a Targeted Store and said Lease is subject to the Order.

4. On September 14, 2005, Debtor filed a Notice of Rejection of Unexpired Lease ("Rejection Notice"), a copy of which is attached hereto as Exhibit "B", which states that Debtor intends to reject the Lease. Pursuant to the Rejection Notice and the Order, the Lease is deemed

rejected effective on the later of (i) the tenth (10th) calendar day following the service of the Rejection Notice; and (ii) the date on which Debtor has (a) vacated and surrendered possession of the premises; and (b) delivered the keys to the leased premises to the affected landlord at the mall management office where the leased premises are located (the "Rejection Date")

5. Pursuant to the Order, Debtor is obligated to comply with all Lease terms from the Petition Date until the Rejection Date.

6. Debtor has not vacated and surrendered possession of the premises nor has it delivered the keys to the leased premises to Linpro, the affected landlord  Thus, the Lease has not been rejected and all of Debtor's obligations pursuant to the Lease continue to accrue, including payment of rent and other monetary obligations.

7. Pursuant to Paragraphs 1, 16, 30 and 32 of the Lease, Debtor is obligated to pay rent, which consists of minimum guaranteed rental plus a percentage of sales under certain conditions, premiums for fire and extended coverage insurance allocable to the demised premises, ad valorem real estate taxes allocable to the demised premises, and Debtor's pro rata share of CAM fees

8. Debtor has not paid the minimum guaranteed rental for the months of September, October, and November, 2005. The amount of minimum guaranteed rental for said months is $32,314.33 per month for a total of $96,942.99, and unpaid minimum guaranteed rental continues to accrue.

9. Debtor has not paid insurance premiums required to be paid commencing on or about July 1, 2005. The yearly premium is $25,428.39 as set forth in Invoice No. 136, a copy of which is attached hereto as Exhibit "C", and the monthly premium is $2,119.03. As of November 1, 2005, the premiums total $10,595.15 and they continue to accrue.

10. Debtor has not paid the ad valorem taxes allocable to the demised premises for the calendar year 2005. The total amount of ad valorem taxes allocable to the demised premises for the calendar year 2005 is $128,268.80. The ad valorem taxes from the Petition Date of February 21, 2005 through November 30, 2005 total $99,100.83, as set forth in Invoice No. 139, a copy of which is attached hereto as Exhibit "D", and they continue to accrue.

11. Debtor has not paid its entire pro rata share of CAM for the time period of April, 2005 through June, 2005. The amount of said pro rata share is $23,077.00 and is documented by Invoice No. 130, a copy of which is attached

hereto as Exhibit "E". Debtor has paid $5,492.66 of said CAM leaving an unpaid balance of $17,584.34 on Invoice No. 130 which Debtor is required to pay.

12. Debtor has not paid their pro rata share of CAM for the time period of July, 2005 through September, 2005. The amount of said pro rata share is $15,332.04 and is documented by Invoice No. 135, a copy of which is attached hereto as Exhibit "F".

13. There is due, owing and unpaid from the Debtor to Linpro the sums set forth in Paragraphs 8-12 which total the sum of $239,555.35, plus additional accruals for rent, CAM, taxes, insurance and other monetary obligations pursuant to the Lease from the date of this Motion until the Rejection Date.

14. Linpro requests an expedited hearing on this Motion agreed to by Debtor in Paragraph 6 of the Amended Order Under 11 U.S.C. §365(d)(4) Granting Furhter Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property entered on September 12, 2005 (Docket No. 3434).

15. Linpro is obligated to pay its attorneys a reasonable fee for the services rendered in this matter.

WHEREFORE, Linpro prays that the Court:

(a) Grant its Motion for Payment of Post-Petition Rent totaling $239,555.35, plus reasonable attorney's fees and other monetary obligations that continue to accrue until the Rejection Date, and order the Debtor to pay said sum forthwith; and

(b) Grant Linpro such other relief as deemed equitable and proper.

Dated this 14 day of November 2005

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile