UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

ORDER AUTHORIZING (I) REJECTION
OF JACKSONVILLE WAREHOUSE LEASE AND SUBLEASE AND
(II) ABANDONMENT OF RELATED PERSONAL PROPERTY

These cases came before the Court for hearing on November 4, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection by the Debtors of the unexpired non-residential real property warehouse lease listed on Exhibit A (the "Lease") and the unexpired non-residential real property sublease listed on Exhibit B (the "Sublease") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Lease and Sublease pursuant to 11 U.S.C. § 365(a), and the Lease and Sublease are deemed rejected, effective as of November 4, 2005 (the "Effective Date").

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3.  For the month in which the Lease is rejected, the Debtors shall pay all amounts due under the Lease for such month on a prorated basis for each day from the first day of the month through the Effective Date, within 20 days of the Effective Date.

4.  Claims for any rejection damages resulting from the rejection of the Lease and Sublease shall be filed no later than thirty (30) days after the Effective Date.

5.  The Landlord, or its assignee of the Lease, U.S. Bank, N.A. (the "Indenture Trustee"), shall be entitled to an allowed administrative claim in the amount of $130,273.01 for amounts owed on account of 2005 real and tangible property taxes associated with the premises that arose from the Petition Date through the Effective Date. Said administrative claim shall be paid in the regular course of business on or before March 14, 2005. The Landlord agrees to cooperate with the Debtors if and as the Debtors seek adjustment of the valuation of the property for property tax purposes for the calendar years 2004 and 2005.

6.  Any interest of any of the Debtors in any personal property remaining in the premises that are the subject of the Lease is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the Effective Date. In the event any such property is not owned by the Debtors or is subject to a security interest of a third party, the Debtors shall so advise Lessor within 10 days from the Effective Date. To the extent the Landlord seeks to dispose of any such abandoned property, the Landlord shall provide ten days written notice of such intent to any party who the Debtors advise has an interest in such property. Unless such interested party removes the property from the premises within such ten-day period, the Landlord shall be entitled to dispose of the abandoned property as it deems fit. Landlord shall have no liability for the disposal of abandoned property to any third parties not identified by the Debtors as having an interest in the property or to any interested party that fails to remove the abandoned property after notice within the time period provided in this paragraph.

7. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Lease or Sublease, whether or not related to the Lease or Sublease. Further, nothing in this Order alters the respective rights between and among Landlord, Sublessee and Indenture Trustee.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated November 15, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## Exhibit A

## SCHEDULE OF LEASE

| Leased Property Location | Landlord |
|---|---|
| 5233 Commonwealth Avenue, Jacksonville, Florida | FT-WD Property LLC c/o First Union Real Estate Equity and Mortgage Investments |

## Exhibit B

## SCHEDULE OF SUBLEASE

| Leased Property Location | Subtenant |
|---|---|
| 5223 Commonwealth Avenue, Jacksonville, Florida | Jefferson Smurfit Corporation |