UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

| | | |
|---|---|---|
| *In re*: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Case No. 05-03817-3F1 |
| | ) | (Jointly Administered) |
| *Debtors.* | ) | |
| | ) | |

### REQUEST OF JNB COMPANY OF VIRGINIA, LLC, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE (POSTPETITION RENT AT STORE # 969, MIDLOTHIAN, VIRGINIA)

JNB Company of Virginia, LLC ("JNB"), by counsel, hereby respectfully requests entry of an order allowing JNB an administrative expense claim under Sections 365(d)(3) and 503 of the Bankruptcy Code and directing the Debtor to remit payment thereon. In support of its Request, JNB states as follows:

1. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 21, 2005 and continue to manage their affairs as debtors in possession. In accordance with an order of this Court, these Chapter 11 cases have been administratively consolidated for further proceedings.

### Factual Bases for JNB's Administrative Expense Claim

2. At the time these Chapter 11 cases were commenced, JNB and one of the Debtors, Winn-Dixie Raleigh, Inc., were parties to a certain "Deed Of Lease," dated November 13, 1998 (the "Lease"), whereunder JNB, as Landlord, leased to Winn-Dixie Raleigh, Inc., as Tenant, certain premises located in the Winterpock Shopping Center in

---

Stanley K. Joynes III
Virginia State Bar No. 20764
JoynesKnight, Ltd.
Post Office Box 1311
Richmond, Virginia 23218-1311
804.225.9100

Counsel for JNB Company of Virginia, LLC

Chesterfield County (Midlothian), Virginia. The Debtors identify this location as Store No. 969. A copy of the Lease is attached hereto and incorporated herein as Exhibit A.

3. In accordance with that certain "Corporate Guaranty Of Lease Obligations," also dated November 13, 1998, the parent company and co-Debtor, Winn-Dixie Stores, Inc., guaranteed the Tenant's obligations under the Lease. A copy of the Guaranty is included in Exhibit A.

4. By Order entered August 11, 2005, the Court granted the Debtors' motion seeking approval of the rejection of the Lease, effective August 11, 2005, and directed that the Landlord file its proof of claim for rejection damages within 30 days thereafter.

5. JNB has separately filed its proof of claim for lease rejection damages; however, the Debtors remain obligated to JNB for items denominated as rent under the Lease for the postpetition/pre-rejection period, February 21, 2005 through August 11, 2005.

6. The postpetition rent items for which the Debtors remain obligated include Common Area Maintenance charges ("CAM's"), real estate taxes, and insurance, each of which is denominated in the Lease as additional rent. *Lease*, Paragraphs 3(c)(1), (c)(2), and (c)(3).

7. As set forth in Exhibit B attached hereto and incorporated herein, the outstanding postpetition items owed by the Debtors include the differential between the amount the Debtors were paying for CAM's for the postpetition period, March through July, 2005 and the actual amount of the CAM obligation; insurance for the same period which is denominated as additional rent under the Lease; and real estate taxes also

denominated as additional rent under the Lease. These items total $45,435.65. The Debtors are entitled to credits totaling $19,788.60 against the postpetition arrearages and, accordingly, <u>the net amount of the administrative rent claim for which the Debtors are obligated to JNB is $25,647.05.</u>

## Authority for the Relief Requested

8. Section 503(a) of the Code provides that an entity may file a request for payment of an administrative expense of the Chapter 11 case. Section 503(b) defines "administrative expense" to include the actual and necessary costs and expenses of preserving the debtor's estate. It is well established that postpetition rental obligations are administrative expenses within the meaning of § 503.

9. Section 365(d)(3) of the Bankruptcy Code requires a debtor in possession to perform timely the obligations of a nonresidential lease of real property until such time as the lease is assumed or rejected. Payment of rent and additional rent are obligations of the Debtors under the Lease.

WHEREFORE, JNB Company of Virginia, LLC, respectfully requests entry of an order:

(i) Allowing JNB an administrative expense claim under Section 503 of the Bankruptcy Code in the amount of $25,647.05;

(ii) Directing the Debtors to remit payment of such allowed amount to JNB within 5 business days of the entry of the Court's order of allowance; and

  (iii)  Granting JNB such other and further relief as the Court deems necessary and appropriate.

                JNB COMPANY OF VIRGINIA, LLC

            By:  <u>  /s/Stanley K. Joynes, III</u>
                Counsel

Stanley K. Joynes, III
Virginia State Bar No. 20764
JoynesKnight, Ltd.
Post Office Box 1311
Richmond, Virginia 23218-1311
Telephone: 804.225.9100
Telecopier: 804.225.9603
Email:   sjoynes@joynesknight.com

  Counsel for JNB Company of Virginia, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November, 2005, a true and correct copy of the foregoing was sent electronically and/or by first-class, postage-prepaid, U.S. mail to:

>D. J. Baker,  Esq.
>Sally McDonald Henry, Esq.
>Rosalie Walker Gray, Esq.
>Adam S. Ravin, Esq.
>Skadden, Arps, Slate,
>  Meagher & Flom LLP
>Four Times Square
>New York, New York  10036;
>
>Stephen D. Busey, Esq.
>James H. Post, Esq.
>Cynthia C. Jackson, Esq.
>Smith, Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, Florida  32202;
>
>Dennis F. Dunne, Esq.
>Milbank, Tweed, Hadley &McCloy, LLP
>1 Chase Manhattan Plaza
>New York, New York  10005, and
>
>Office of the United States Trustee
>135 West Central Boulevard
>Room 620
>Orlando, Florida  32801.

>/s/Stanley K. Joynes, III_____
>Stanley K. Joynes III  (VSB No. 20764)