UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC. et.al., | Case No. 05-03817-3F1 |
| Debtors | (Jointly Administered) |

**MOTION OF CAPITAL CROSSING BANK FOR ENTRY
OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, CAPITAL CROSSING BANK, a Massachusetts trust company ("Capital Crossing"), as servicer and agent for Wells Fargo Bank Northwest, National Association f/k/a First Security Bank, National Association ("Wells Fargo"), as Trustee ("Trustee") under that certain Indenture ("Indenture"), dated as of August 26, 1999 from Orlando 99-FL, LLC, a Florida limited liability company to Trustee and Val T. Orton, as individual trustee (collectively, the "Trustees"), by and through its undersigned counsel, pursuant to 11 U.S.C. §§ 362(d)(1) and (2) of the United States Bankruptcy Code (the "Bankruptcy Code"), and files this Motion of Capital Crossing Bank for Entry of an Order Granting Relief from the Automatic Stay, and states as follows:

1. This is an action for relief from the automatic stay pursuant to § 362(d)(1) and (2) of the Bankruptcy Code. This Court has jurisdiction of this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 362 and 365, and Fed. R. Bankr. Pro. 6006 and 9014.

2. Debtors filed these cases under Chapter 11 of the Bankruptcy Code on February 21, 2005, in the United States Bankruptcy Court of the Southern District of New York. On April 13, 2005, that court transferred the venue of the cases to this Court.

3. The Debtors operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, the Office of the United States Trustee appointed an official committee of unsecured creditors to serve in these cases pursuant to sections 1102 and 1103 of the Bankruptcy Code. On August 17, 2005, an equity committee was appointed.

4. Movant is the agent for the Trustees with respect to the Indenture, and the Trustees are the holders of certain non-recourse notes with respect to a loan made to Orlando-99, LLC ("Orlando 99"). The loan is evidenced by those certain promissory notes dated September 15, 2005 (collectively "Notes"). The Notes are secured by that certain Open-End Mortgage, Security Agreement and Fixture Filing from Orlando 99 to the Trustees dated August 26, 1999 and recorded on September 13, 1999 in Official Records Book 3722, Page 1432, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 331, Public Records of Seminole County, Florida (the "Mortgage"). A copy of the Mortgage is attached hereto as Exhibit "A".

5. The Mortgage encumbers a parcel of real property which is located in Oviedo, Seminole County, Florida and which is owned by Orlando 99 (the "Subject Property").

6. Orlando 99 owns the Subject Property on which Winn-Dixie Store No. 2294 was operated pursuant to a lease agreement between Winn-Dixie and Orlando 99 (the "Orlando 99 Lease", a copy of which is attached hereto as Exhibit "B"). A "Memorandum of Lease" related to the Orlando 99 Lease was recorded on September 13, 1999, in Book 3722, Page 1426, Public Records of Seminole County, Florida (the "Memorandum of Lease", a copy of which is attached hereto as Exhibit "C").

7. Pursuant to the Orlando 99 Lease, Winn-Dixie was required to make quarterly lease payments (in an amount equal to the quarterly principal and interest payments due pursuant to the loan documents).

8. On September 8, 2005, this Court entered that certain Order Granting Amended Motion of the Debtors for Order Authorizing the Debtors (i) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (ii) to Assume and Assign Leases, (iii) to Reject Targeted Leases the Debtors are Unable to Sell, and (iv) Granting Related Relief as to Rejection Procedure, authorizing the rejection of the Orlando 99 Lease. Subsequently, the Orlando 99 Lease was rejected effective on or about September 24, 2005, and the leased premises are now vacant. Obviously, as a result of the rejection of the Orlando 99 Lease, Winn-Dixie will not be making the quarterly loan payment that is due on December 1, 2005.

9. Orlando 99 is in default under the Mortgage due to the rejection of the Lease by Winn-Dixie. Specifically, Section 7.1 of the Mortgage states that it shall be an Event of Default if the Subject Property is not leased to Winn-Dixie at all times. Pursuant to Section 7.8 of the Mortgage, because the occurrence of an event of default of the character referred to in paragraph 22(a)(iv) of the Orlando 99 Lease, Orlando 99 is not entitled to cure said default. In addition, a default has occurred by reason of Orlando 99's failure to maintain insurance in accordance with Section 3.9 of the Mortgage.

10. As a result of said defaults, Capital Crossing provided notice of the acceleration of all sums due under the Notes, demanded the payment of all rents generated by the Subject Property, including, without limitation, all rents received or authorized to be received by Orlando 99 in the this

bankruptcy case, and all claims arising in connection with the rejection of the Orlando 99 Lease by Winn-Dixie in this case. A copy of that demand letter is attached hereto as Exhibit "D".

11. Capital Crossing will be filing a foreclosure action with respect to the Subject Property (the "Foreclosure Action"). Although the Orlando 99 Lease has been rejected, the Orlando 99 Lease has not been terminated, and Winn-Dixie still has an interest in the Orlando 99 Lease. See In re Austin Development, 19 F.3d 1077 (5th Cir. 1995) (holding that the rejection of a lease by virtue of § 365 of the Bankruptcy Code does not equate to a termination of a lease); See also In re The Ground Round, Inc., 326 B.R. 23 (Bankr. D.Mass. 2005); In re Valentin, 309 B.R. 715 (Bankr. E.D.Pa. 2004); In re Malden Mills Industries, Inc., 303 B.R. 688 (1st Cir. BAP (Mass.) 2004). Therefore, since the Orlando 99 Lease has not been terminated, either by operation of law or explicitly, it will be necessary to name Winn-Dixie as a defendant in the Foreclosure Action in order to ensure that clear title is conveyed to any prospective purchaser at a sale held pursuant to a final judgment entered in the Foreclosure Action.

12. Capital Crossing is seeking relief from stay only to seek *in rem* relief as to Winn-Dixie's interest in the Subject Property.

13. Pursuant to § 362(d)(1), relief from stay is appropriate for cause as Winn Dixie has a mere technical interest in the Subject Property as it has vacated the premised and closed its grocery operation. Additionally, pursuant to section 362(d)(2) of the Bankruptcy Code, relief from the automatic stay shall be granted if Winn-Dixie does not have any equity in the Subject Property, and the Subject Property is not necessary to an effective reorganization. Winn-Dixie's interest in the Subject Property is that of a breached leasehold interest and it does not have any equity in the Subject Property. Moreover, because Winn-Dixie has already sought and obtained this Court's approval to reject the Orlando 99 Lease, a determination has been made that the

Subject Property is not necessary to an effective reorganization. Therefore, this Court should grant relief from the automatic stay to name Winn-Dixie in the Foreclosure Action.

WHEREFORE, Capital Crossing Bank respectfully requests that the Court enter an order: (a) granting Capital Crossing relief from the automatic stay in order to pursue *in rem* relief as to Winn-Dixie and the Subject Property by naming Winn-Dixie as a defendant in the Foreclosure Lawsuit; and (b) granting such other and further relief it deems appropriate.

/s/ Matt E. Beal
Matt E. Beal
Florida Bar No. 0865310
Zachary J. Bancroft
Florida Bar No. 0145068
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
450 S. Orange Avenue, Suite 800 (32801)
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 843-4600
Facsimile: (407) 843-444
Attorneys for Capital Crossing Bank

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion of Capital Crossing Bank for Entry of an Order Granting Relief From the Automatic Stay has been served via the CM/ECF system and also vial U.S. Mail, this __18__ day of November, 2005 to those parties listed on the service list below.

_____
Zachary J. Bancroft

## SERVICE LIST

D.J. Baker
Sally McDonald Henry
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Time Square
New York, New York 10036

Stephen D. Busey
James H. Post
Cynthia C. Jackson
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Kenneth C. Meeker
Assistant U.S. Trustee
135 West Central Blvd.
Room 620
Orlando, Florida 32801

Dennis Dunne, Esq.
Millbank, Tweed, Handley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

Karol K. Denniston, Esq.
Carolyn C. Chayavadhanangkur, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, Suite 2400
Atlanta GA 30308

James D. Wareham, Esq.
Paul, Hastings, Janofsky & Walker LLP
875 15th Street
Washington DC 20005

David S. Jennis, Esq.
Jennis & Bowen P.L.
400 North Ashley Drive
Suite 2540
Tampa FL 33602