**EXHIBIT "D"**



# Lowndes
# Drosdick
# Doster
# Kantor &
# Reed, P.A.

A T T O R N E Y S
A T  L A W

ZACHARY J. BANCROFT
DIRECT DIAL:407-418-6214
SOUTH ORANGE AVENUE OFFICE
POST OFFICE BOX 2809
ORLANDO, FLORIDA 32802-2809
zachary.bancroft@lddkr.com

▥ MERITAS LAW FIRMS WORLDWIDE

October 21, 2005

**VIA FEDEX**

Orlando 99 - FL, LLC
Mr. Edward A. Barkett
Atlas Properties
2800 West March Lane, Suite 360
Stockton, CA 95219

Re:   That certain Orlando 99-FL, LLC 7.57% Secured Note Due June 1, 2019, dated September 15, 2005, in the original principal amount of $2,457,285.48 from Orlando 99-FL, LLC ("Orlando 99") to Capital Crossing Bank, a Massachusetts trust company ("Capital Crossing") (the "CCB Note"); that certain Orlando 99-FL, LLC 7.57% Secured Note Due June 1, 2019, dated as of September 15, 2005, in the original principal amount of $2,457,285.48 from Orlando 99 to Merrill Lynch Pierce Fenner & Smith Incorporated, a Delaware corporation ("Merrill Lynch"), (the "ML Note") (the CCB Note and the ML Note collectively the "Notes"), which Notes are serviced by Wells Fargo Bank Northwest, National Association f/k/a First Security Bank, National Association ("Wells Fargo"), as Trustee under the Indenture, dated as of August 26, 1999 from Orlando 99, as grantor, to the Trustee and Val T. Orton, as individual Trustee (collectively, the Trustees);

That certain Open-End Mortgage, Security Agreement and Fixture Filing from Orlando 99 to Trustees dated August 26, 1999 and recorded on September 13, 1999 in Official Records Book 3722, Page 1432, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 331, Public Records of Seminole County, Florida (the "Mortgage"); that certain Assignment of Lease and Agreement from Orlando 99 to Trustees dated August 26, 1999 and recorded on September 13, 1999 in Official Records Book 3722, Page 1481, Public Records of Seminole County, Florida, and re-recorded in Official Records Book 3751, Page 382, Public Records of Seminole County, Florida (the "Assignment of Lease"), and all related loan documents, amendments and modifications thereto (collectively the "Security Documents");

That certain Lease Agreement dated August 26, 1999, by and between Orlando 99 and Winn-Dixie Stores, Inc., and all documents, amendments and modifications thereto (the "Lease")

Orlando 99-FL, LLC
October 21, 2005
Page 2

Dear Mr. Barkett:

This law firm represents Capital Crossing, special servicer for the Trustees and Merrill Lynch (the "Lender"). The Lender has the power and authority to enforce the Security Documents and all and all related loan documents, amendments and modifications thereto.

Orlando 99 is in default of the Security Documents due to the rejection of the Lease by Winn-Dixie Stores, Inc. ("Winn-Dixie") in connection with that certain bankruptcy proceeding styled as "In re: Winn-Dixie Stores, Inc., et al., Case No. 05-3817-3F1" (the "Bankruptcy Case"). Specifically, Section 7.1 of the Mortgage states that it shall be an Event of Default if the property encumbered by the Mortgage (the "Subject Property") is not leased to Winn-Dixie at all times. Pursuant to Section 7.8 of the Mortgage, because the occurrence of an event of default of the character referred to in paragraph 22(a)(iv) of the Lease, Orlando 99 is not entitled to cure said default. In addition, a default has occurred by reason of Orlando-99's failure to maintain insurance in accordance with Section 3.9 of the Mortgage.

As a result of said defaults, Lender hereby provides notice of the acceleration of all sums due under the Notes, and demands immediate payment thereof. Please contact the undersigned in writing if you desire a payoff amount. In addition, pursuant to the terms of the Loan Documents and §697.07, Florida Statutes, Lender hereby demands the payment of all rents generated by the Subject Property, including, without limitation, all rents received or authorized to be received by Orlando 99 in the Bankruptcy Case, and all claims arising in connection with the rejection of the Lease by Winn-Dixie in the Bankruptcy Case (the "Rejection Claim").

Be advised that Lender intends to promptly pursue its rights and remedies provided under the Security Documents and applicable law. Such rights and remedies include, without limitation, the foreclosure of the Subject Property, the appointment of a receiver to take immediate possession of the Subject Property, and the filing of a proof of claim in the Bankruptcy Case asserting Lender's right to ownership and control of the Rejection Claim, including, without limitation, the right to receive any distributions, dividends, or any other consideration in connection therewith.

If you have any questions regarding the matters discussed herein, do not hesitate to contact me.

GOVERN YOURSELF ACCORDINGLY.

Sincerely yours,

Zachary J. Bancroft

ZJB/ram
Enclosures
c: Denis Stratford (via email)
   Matt E. Beal, Esquire
   Gary Soles, Esquire
0095052/115852/888302/1