Hearing Date: December 15, 2005, 1:00 p.m.
Objection Deadline: December 8, 2005 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) *Chapter 11* |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION TO IMPLEMENT ORDER ON**
**PENMAN PLAZA ASSOCIATES, LTD.'S MOTION TO COMPEL**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 365(b) approving and authorizing the Debtors to assume a non-residential real property lease with Penman Plaza Associates, Ltd. ("Penman") and to fix cure amounts (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

¹ In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  Subsequently, on August 17, 2005, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.  Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores.  To date, the Debtors have sold or closed over 300 stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a) and 365(b) of the Bankruptcy Code.

### Relief Requested

6.      On June 20, 2005, Penman filed a Motion to Compel Assumption or Rejection of Unexpired Lease (Docket No. 1790) (the "Motion to Compel").  On September 29, 2005, the

Court entered an order granting in part and denying in part the Motion to Compel. Such order provided that the Debtors must assume or reject the Lease by November 18, 2005.

7. Accordingly, by this Motion the Debtors seek an order of the Court, pursuant to sections 105(a), 365(a) and 365(b) of the Bankruptcy Code, approving the assumption of and fixing the cure amount for a lease dated October 7, 1994, under which Penman is the landlord and Winn Dixie Montgomery, Inc. (as successor in interest to Winn-Dixie Atlanta, Inc.) is the tenant (the "Lease"). The Debtors seek to assume the Lease effective as of November 18, 2005 (the "Effective Date").

8. The Debtors propose to satisfy the requirements of section 365(b) of the Bankruptcy Code by paying Penman, on or as soon as practicable after the entry of an Order approving this Motion, the amount of $103,907.20 (the "Proposed Cure Amount"). The Debtors seek certainty as to the Proposed Cure Amount prior to approval of the proposed assumption. Therefore, to the extent that Penman believes that a different cure amount may be due and owing than the Proposed Cure Amount, the Debtors request that the Court order Penman to file an objection with the Bankruptcy Court on or before the December 8, 2005 objection deadline.

9. The Debtors further request that the Court order that if Penman fails to timely file an objection, it will be deemed to have consented to the assumption and the Proposed Cure Amount and will be deemed to have waived all claims under the Lease against the Debtors other than the Proposed Cure Amount.

**Basis for Relief**

10. As part of their restructuring, the Debtors have analyzed, and are continuing to analyze, their hundreds of real property leases. The Debtors have undertaken a comprehensive

review of the Lease and have determined that the assumption of the Lease at this time is in the Debtors' best interests.

11. The Debtors' decision is based upon their understanding of the costs of assumption including, in particular, the Proposed Cure Amount. If the Proposed Cure Amount is less than may be asserted by Penman, the Debtors reserve the right not to proceed with the assumption.

12. To the extent that there has been any default under the Lease, the Debtors represent that the requirements of section 365(b)(1) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate Penman for any actual pecuniary loss resulting from such default, and (b) through continuing business operations which will provide adequate assurance of future performance under the Lease.

## APPLICABLE AUTHORITY

13. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired Lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

14. A debtor's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. See In re Gardiner, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99. Upon finding that the Debtors have exercised their sound business judgment in determining that assumption of a particular executory

contract is in the best interests of their estates, the Court should approve assumption under section 365(a) of the Bankruptcy Code.  In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under section 365(a)).  In the case of assumption, "[t]he § 365 election permits a trustee to . . . continue performance on a contract which will benefit the estate." In re Diamond Mfg., Co., 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-94 (11th Cir. 1983)).  The Debtors respectfully submit that they have satisfied the "business judgment" standard for assuming the Lease.

15.     The Debtors recognize that to the extent a default exists under the Lease, section 365(b) of the Bankruptcy Code imposes an obligation upon the Debtors to (a) cure or provide adequate assurance to Penman that the Debtors will cure such default, (b) compensate or provide adequate assurance that the Debtors will promptly compensate Penman for any actual pecuniary loss to such party resulting from such default, and (c) provide adequate assurance of future performance under the Lease.  As set forth above, these obligations are satisfied.

## Notice

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) counsel for the Equity Committee, (e) the other parties in interest named on the Master Service List maintained in these cases, and (f) counsel to Penman.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (a) approving assumption of the Lease, effective as of the Effective Date; (b) fixing the cost of assumption at the Proposed Cure Amount; and (c) granting such other and further relief as the Court deems just and proper.

Dated: November 18, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Walker Gray <br>     Adam S. Ravin <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ Cynthia C. Jackson*  <br>     Stephen D. Busey <br>     James H. Post <br>     Cynthia C. Jackson, <br>     Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**Exhibit A**

1055786-New York Server 7A - MSW

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER IMPLEMENTING ORDER ON**
**PENMAN PLAZA ASSOCIATES, LTD.'S MOTION TO COMPEL**

These cases came before the Court for hearing on December 15, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 365(b) approving the assumption by the Debtors of an unexpired non-residential real property Lease with Penman Plaza Associates, Ltd. (the "Lease") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. Pursuant to 11 U.S.C. § 365(a), the Debtors are authorized to assume the Lease effective as of November 18, 2005.

3. For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors is $103,907.20 (the "Proposed Cure Amount").

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

2

       4.       Penman is deemed to have waived any and all claims it may have against the Debtors for cure or compensation under the Lease, except for the Proposed Cure Amount.

       5.       The Proposed Cure Amount shall be paid by the Debtors on or as soon as practicable after the date of entry of this Order.

       6.       The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to the Lease.

       7.       The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

                                                      Jerry A. Funk
                                                      United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2