UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* ) | (Jointly Administered) |
| ) | Judge Jerry A. Funk |
| Debtors. ) | |
| _____ ) | |

**FLORIDA TAX COLLECTORS' MOTION**
**FOR ADEQUATE PROTECTION**

COMES NOW the Tax Collectors for Alachua County, Baker County, Bay County, Bradford County, Brevard County, Broward County, Charlotte County, Citrus County, Clay County, Collier County, Columbia County, DeSoto County, Duval County, Escambia County, Flagler County, Gadsden County, Hardee County, Hendry County, Hernando County, Highlands County, Hillsborough County, Indian River County, Jackson County, Jefferson County, Lake County, Lee County, Leon County, Levy County, Madison County, Manatee County, Marion County, Martin County, Miami-Dade County, Monroe County, Nassau County, Okaloosa County, Okeechobee County, Orange County, Osceola County, Palm Beach County, Pasco County, Pinellas County, Polk County, Putnam County, Santa Rosa County, Sarasota County, Seminole County, St. Johns County, St. Lucie County, Sumter County, Suwannee County, Taylor County, Volusia County, Wakulla County, Walton County and Washington County (collectively known as "Florida Tax Collectors"), by and through their undersigned counsel, and file this Motion for Adequate Protection, based on the following:

1

## BACKGROUND

1. Florida Tax Collectors are charged with the duty to collect property taxes before they become delinquent. See Fla. Stat. ch. 197.332. The Debtors maintain store locations throughout the state of Florida which have been assessed for both tangible personal property and real estate taxes. Taxes are assessed on January 1 of each year and are collected in arrears commencing on November 1 of the same year. (It is estimated that the tangible property taxes for 2005 are approximately $6.5 million dollars and the real estate taxes are approximately $63 million dollars. However, some of these taxes may in fact be paid by lessors of various real estate and tangible property, rather than by Debtors, and updated figures will be provided to the Court as they become available). These property taxes are used to pay local government services including fire, police, road maintenance and many other services utilized by the Debtors. Since the filing of this case, the Debtors have filed operating reports reflecting tens of millions of dollars in losses on a monthly basis. Hurricanes during the past fourteen months have increased costs and expenditures to both the Debtors and to all local taxing authorities within the state of Florida.

2. Debtors sought and obtained Court approval to pay ad valorem real estate and tangible personal property taxes on a current basis. (Docket Nos. 18 and 435). Despite repeated requests by Florida Tax Collectors to work together informally with the Debtors to allow the Debtors to pay the appropriate taxes with the maximum discount, the Debtors refused to do so. Now, Florida Tax Collectors, upon information and belief, believe Debtors intend to contest virtually all of Debtors' tangible personal property and real estate taxes in the state of Florida.

## BASIS FOR RELIEF REQUESTED

### A. CITIZENS OF THE STATE OF FLORIDA SHOULD NOT BEAR THE RISK OF THE DEBTORS' POTENTIAL REORGANIZATION

3. The citizens of the state of Florida are ultimately responsible for paying their respective property taxes. Florida ad valorem tax determination is a process that includes a determination of value, a determination of millage rate, and public hearings relative to budget determinations, all which is overseen by the Florida Department of Revenue. Collection of the taxes is left to the office of the Tax Collector in each county. Florida law provides for prompt collection procedures in order that taxes for each fiscal year are collected promptly and forwarded to the respective taxing authorities. The current financial condition of the Debtors is poor. Millions of dollars in professional fees are being requested and paid as a result of the continued use of the Florida Tax Collectors' collateral in the operation of the Debtors' stores.

4. The Debtors should not be allowed to further delay the payment of these taxes or to use any "contest" of these taxes in any manner other than that provided for by Florida law. The citizens of the state of Florida should not be forced to continue paying for the services provided to Debtors without the being provided adequate protection to ensure that the taxes used to pay for these services are in fact going to be paid.

### B. THE DEBTORS HAD AND STILL HAVE A PLAIN, SPEEDY, EFFICIENT REMEDY IN THE FLORIDA STATE COURTS

5. The Debtors, like all other Florida taxpayers, can and should avail themselves of Florida's property tax contest procedures, which include informal discussions, participation in the Value Adjustment Board process at a minimal cost, and if still unsatisfied, the seeking of relief in the Florida circuit courts. The Florida process

is speedy, efficient and ensures prompt resolution on behalf of both the taxpayer and the taxing authorities. The tax contest process includes notification to the taxing authorities and is designed to ensure prompt resolution of contested taxes and payment of uncontested taxes. The contest of taxes also involves the affected county's Property Appraiser and the Florida Department of Revenue. Upon information and belief, the letter attached hereto as Exhibit "A" was sent by Assessment Technologies to the various Clerks of Court and Property Appraisers throughout the state of Florida. (The Clerk of Court is responsible for administering the Value Adjustment Board process). Assessment Technologies is a company not known by Florida Tax Collectors to have been authorized by this Court to be employed by the Debtors. It appears either the Debtors or Assessment Technologies may be planning some new procedural format to contest Florida ad valorem property taxes. Any such attempt by the Debtors to contest these taxes in any manner other than pursuant to Florida state law will be contested. In order to be adequately protected from any delay, and any non-payment caused by litigation initiated by the Debtors or their representatives, Florida Tax Collectors request payment in full of all contested taxes in November, 2005. Such payment will benefit both the estate, in that it will ensure payment of the taxes at the lowest possible discount amount, and will ensure a potential refund to the Debtors in the event they are successful in this protracted litigation.

**RELIEF REQUESTED**

6.   Florida Tax Collectors request that the Debtors be ordered to consult with Florida Tax Collectors for the purpose of determining the actual tax accounts and amounts which the Debtors are responsible for paying, and that the full amount of the

taxes either be paid and contested pursuant to Florida law in the Florida judicial system or, alternatively, that the full amount of Debtors' ad valorem property taxes, plus a monthly deposit of interest at the statutory rate on 2005 taxes commencing April 1, 2006, plus attorney's fees pursuant to Fla.Stat. ch 197.332, be paid into a separate segregated escrow account for the exclusive use for payment of Florida Tax Collectors' taxes, interest, costs and fees.

WHEREFORE, premises considered, Florida Tax Collectors request this Court to order the payment by Debtors of the 2005 ad valorem taxes; or, alternatively, to order adequate protection in form of payment into a separate segregated account sufficient to provide for all ad valorem taxes, interest, attorney's fees and costs for taxes due the Florida Tax Collectors; and for such other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ Brian T. FitzGerald
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org
Attorney for the Florida Tax Collectors

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by *Notice of Electronic Filing* this 21st day of November, 2005 to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street,


Suite 1800, Jacksonville, FL 32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com); and to all other participants using the CM/ECF system who have appeared in this matter.

/s/ Brian T. FitzGerald

Brian T. FitzGerald, Esq.

Pmti\Winn-Dixie TC\Fl TC's Motion for Adequate Protection\05-1638



Reducing Taxes On Large Commercial & Industrial Property

September 7, 2005

Value Adjustment Board
601 E. Kennedy, 12th Floor
Tampa, FL 33602

    Re: Any and all real or business personal properties owned or occupied by Winn-Dixie Stores, Inc. in Hillsborough County, Florida, including but not limited to the tax account numbers shown on the attached list.

Dear Sir or Madam:

    In connection with the Truth in Millage notice recently delivered to Winn Dixie by the office of the Hillsborough County Appraiser concerning the referenced property, please be advised of the following:

    Winn Dixie and its valuation consultants have conducted a preliminary review of the values set forth in the subject Trim notice(s), and have determined that those value(s), from our analysis and in our opinion, exceed the correct taxable value of the subject asset(s) as required under substantive Florida law. In some instances, the Trim notice value may have been based upon, or derived from, form-driven value opinions set forth in Winn Dixie's original return filings.

    Those filings were completed on an expedited basis to comply with Florida return filing deadlines, shortly after Winn Dixie's filing for bankruptcy reorganization (see further information below) and before further analysis of the company's assets and operational details permitted formation of more accurate conclusions as to the indicated just valuation of the assets in question. Those amounts should not, therefore, be relied upon as the actual market value or just valuation of those assets.

    Further, as referenced above, Winn Dixie Stores filed for protection under Chapter 11 of the U.S. Bankruptcy Code on February 21, 2005. That proceeding is currently pending in the U.S. Bankruptcy Court for the Middle District of Florida, under case number 05-3817. Pursuant to that filing, 11 U.S.C. 108 provides for an extension of up to two years from the date of that February bankruptcy of non-bankruptcy law deadlines for commencing an action, including a petition to the Value Adjustment Board concerning the referenced assets. Therefore, Winn Dixie would have up until February 21, 2007, to submit a Petition to the Value Adjustment Board concerning the subject assets.

    Although we do not anticipate a delay of anywhere near that length in pursuing these matters with the VAB, this letter is intended, given what would otherwise have been the imminent statutory deadline for filing of such a Petition, that Winn Dixie does

EXHIBIT A

intend to file a Petition to the Value Adjustment Board on the valuation of the assets in question, and that the company invokes the above-referenced provisions of 11 U.S.C. 108 to extend that deadline. In addition, we welcome the opportunity for an informal conference with the property appraiser at the appropriate time, but for the present, pending filing of the Petition, would request that the appraiser **take no further action to finalize the subject values**.

Feel free to contact Kristen Goree at Assessment Technologies, Ltd., 1-800-914-2732 with any questions concerning the above.

Sincerely,

Cheri M. Gilbert,
In-House Counsel


cc.   Hillsborough County Appraiser



Assessor: Hillsborough County Taxing Authorities          County & State: HILLSBOROUGH, FL

| Tax Account Number | Winn Dixie Store Number | Winn Dixie Location ID | Property Type (Real or Personal) | Taxing Authoity's Market Value | Taxing Authority's Assessed Value | Taxing Authoity's Estimated 2005 Tax |
|---|---|---|---|---|---|---|
| 0166260001 | 0637 | 637 | PERSONAL | $433,980 | $433,980 | $9,896.47 |
| 2032710000 | TPA MF DA 1 OF 3 | 0 | REAL | $5,500,388 | $5,500,388 | $116,133.53 |
| 2032480720 | TPA MF DA 2 OF 3 | 0 | REAL | $161,172 | $161,172 | $3,402.93 |
| 0166250000 | 0611 | 611 | PERSONAL | $391,610 | $391,610 | $8,930.28 |
| 0166310000 | 0619 | 619 | PERSONAL | $591,840 | $591,840 | $13,469.70 |
| 0166310010 | 0627 | 627 | PERSONAL | $551,480 | $551,480 | $12,575.93 |
| 0166263000 | 0697 | 697 | PERSONAL | $391,500 | $391,500 | $8,921.10 |
| 0594030982 | 0636R | 636 | REAL | $3,965,210 | $3,965,210 | $95,740.00 |
| 0145610000 | TPA MF DA | 0 | PERSONAL | $8,025,660 | $8,025,660 | $169,451.37 |
| 0420044481 | 2662 | 2662 | PERSONAL | $22,100 | $22,100 | $533.62 |
| 0420031733 | 2661 | 2661 | PERSONAL | $699,190 | $699,190 | $16,881.94 |
| 0166310004 | 0679 | 679 | PERSONAL | $519,380 | $519,380 | $12,540.44 |
| 0203020000 | 0777 | 777 | PERSONAL | $472,310 | $472,310 | $10,762.54 |
| 0474600000 | 0634 | 634 | PERSONAL | $430,250 | $430,250 | $9,804.12 |
| 0166310009 | 0716 | 716 | PERSONAL | $424,570 | $424,570 | $9,662.79 |
| 0419962828 | 0636 | 636 | PERSONAL | $470,410 | $470,410 | $11,358.05 |
| 0166262000 | 0678 | 678 | PERSONAL | $665,370 | $665,370 | $15,143.18 |
| 0376610000 | 0676 | 676 | PERSONAL | $501,970 | $501,970 | $11,424.34 |
| 0419990383 | 0673 | 673 | PERSONAL | $825,590 | $825,590 | $18,789.62 |
| 0166310007 | 0647 | 647 | PERSONAL | $432,940 | $432,940 | $9,872.75 |

| Assessor: Hillsborough County Taxing Authorities | | County & State: | HILLSBOROUGH, FL | | |
|---|---|---|---|---|---|
| Tax Account Number | Winn Dixie Store Number | Winn Dixie Location ID | Property Type (Real or Personal) | Taxing Authoity's Market Value | Taxing Authority's Assessed Value | Taxing Authoity's Estimated 2005 Tax |
| 0419970104 | 0643 | 643 | PERSONAL | $702,840 | $702,840 | $16,958.14 |
| 0166300000 | 0639 | 639 | PERSONAL | $660,370 | $660,370 | $15,047.86 |
| 2032680100 | TPA MF DA 3 OF 3 | 0 | REAL | $52,978 | $52,978 | $1,118.57 |
| 0166310012 | 0734 | 734 | PERSONAL | $527,850 | $527,850 | $12,013.34 |
| 0420012242 | 0615 | 615 | PERSONAL | $796,970 | $796,970 | $18,138.25 |