**Hearing Date: December 15, 2005, 1:00 p.m.**
**Objection Deadline: December 8, 2005, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(d)(4) GRANTING THIRD EXTENSION OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(d)(4) further extending the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  Subsequently, on August 17, 2005, the U.S. Trustee appointed an official committee of equity security holders (the "Equity Committee").

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.

4.      Prior to the Petition Date, the Debtors and their financial advisors began a comprehensive analysis of the Debtors' businesses to determine how best to maximize their value.  In connection with this analysis, the Debtors announced a series of actions to improve their competitive position, which the Debtors refer to as their Strategic Plan.

5.      In connection with the Strategic Plan, the Debtors and their financial advisors analyzed the Debtors' market areas and determined that some of these markets are noncore, with limited opportunities for the Debtors and unprofitable operations in the aggregate.  Prepetition, the Debtors sold or closed 111 stores in these noncore areas and another 45 unprofitable stores located in core market areas.  Postpetition, the Debtors determined that all stores in the noncore areas should be sold or closed.

6.      Shortly after the Petition Date, the Debtors obtained authority to reject approximately 150 unexpired leases effective as of the Petition Date.  Thereafter, the Debtors, in consultation with their major creditor constituencies, formulated and implemented a market area reduction program (the "Footprint Process") pursuant to which the Debtors undertook to close or sell 326 additional stores (the "Targeted Stores").  The purpose of the Footprint Process was to enable the Debtors to focus on their strongest markets where they have a significant market share position, significantly reducing the number of stores and other facilities in which they operated as of the Petition Date.

7.      On July 1, 2005, the Debtors filed the Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief, pursuant to which they sought, among other things, authority to sell their leasehold interests in several stores.  An auction was held on July 18, 2005 at which bids were accepted on 102 stores. Following the closing of contingency periods, on July 27, 28 and 29, 2005, the Debtors obtained Court approval for the sale of 84 stores.  The Debtors held a second auction in August, 2005.  As a result of the second auction, the Debtors sold and/or terminated leases for 27 stores.

8.      To date, the Debtors have completed the sale of 81 stores.  Proceeds from completed sales exceeded $40 million, exclusive of consideration received for inventory.  The Targeted Stores that were not sold have now been rejected under a Court-approved rejection procedure.  Additionally, the Debtors have obtained Court approval to reject 60 other unexpired leases (and subleases) of non-residential real property, separate and apart from rejections of the Targeted Stores.  The Debtors filed a motion seeking to reject another 21 leases (including subleases) on November 11, 2005, which is scheduled for hearing on December 1, 2005.

9.    In order to provide time for this process, the Debtors have previously requested and obtained two prior extensions of the 365(d)(4) period.  On May 6, 2005, the Court entered an Order extending to September 19, 2005 the Debtors' 60-day initial period to assume or reject unexpired nonresidential real property leases.  Thereafter on September 12, 2005, the Court entered an order extending the Debtors' period for an additional 90 days.  That deadline will expire on December 19, 2005, if not extended.

10.    Although the Footprint Process is now largely complete, for the reasons discussed below, the Debtors require additional time to decide whether to assume or reject their remaining 630 (approximately) unexpired real property leases.

11.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

12.    The statutory predicate for the relief requested in the Motion is section 365(d)(4) of the Bankruptcy Code.

## Relief Requested

13.    By this Motion, the Debtors seek entry of an order further extending the period within which they must move to assume or reject unexpired nonresidential real property leases, through and including March 20, 2006 (the "Extension Period").

## Basis for Relief

14.    As of the date of this Motion, the Debtors are lessees under more than 630 unexpired leases of nonresidential real property (collectively, the "Unexpired Leases").  As noted above, since the Petition Date the Debtors have exited approximately 326 stores--some through

assumption and assignment of the subject leases and the others through lease rejection. Additionally, the Debtors have rejected leases for over 200 non-operating stores and facilities.

15.     Given the large number of Unexpired Leases that still exist in these proceedings, the Debtors require an extension of the section 365(d)(4) deadline in order to determine, in the context of a going forward business plan, whether to assume or reject each of the remaining Unexpired Leases.  The Debtors, with the assistance of their advisors, are analyzing the remaining Unexpired Leases to determine which will be critical to their reorganization.

16.     If the Debtors' time to assume or reject is not extended beyond December 19, 2005, the Debtors will be compelled, prematurely and without regard to their business plan, to either assume substantial, long-term liabilities under the Unexpired Leases or forfeit benefits associated with the Unexpired Leases.  Either course would be detrimental to the Debtors' ability to operate and preserve the going-concern value of their business for the benefit of all creditors and other parties in interest.  Deciding whether and when to assume, assign or reject the Unexpired Leases requires the Debtors to determine whether particular leased premises are necessary to their business plan and whether assigning certain Unexpired Leases will benefit the Debtors' estates more than rejecting them.

17.     Until the Debtors have an opportunity to refine their business plan and negotiate and propose a plan of reorganization, they must maintain the flexibility to assume or reject their remaining Unexpired Leases.  To compel a premature decision would limit the Debtors' ability to establish the most appropriate composite of stores to serve as the foundation for such plan. Allowing the Debtors to have the additional time to make such decision will benefit all creditors by ensuring that the plan of reorganization reflects the most profitable store composition.

**Applicable Authority**

18.     Section 365(d)(4) of the Bankruptcy Code provides that:

> [n]otwithstanding paragraphs (1) and (2), in a case under any chapter of
> this title, if the trustee does not assume or reject an unexpired lease of
> nonresidential real property under which the debtor is the lessee within 60 days
> after the date of the order for relief, <u>or within such additional time as the court, for
> cause, within such 60-day period, fixes</u>, then such lease is deemed rejected, and
> the trustee shall immediately surrender such nonresidential real property to the
> lessor.

11 U.S.C. § 365(d)(4) (emphasis added). Thus, the Court can, for cause, order an extension of

the period during which a debtor-in-possession must assume or reject nonresidential real

property leases upon the filing of a motion for such relief within the 60-day period or extensions

thereof.  <u>In re Burger Boys</u>, 94 F.3d 755, 760-61 (2d Cir. 1996); <u>In re Wedtech Corp.</u>, 72 B.R.

464, 468-70 (Bankr. S.D.N.Y. 1987).

19.     Courts considering the issue have set forth the following nonexhaustive list of

factors relevant to the determination of whether cause exists to extend the period during which a

debtor-in-possession must assume or reject nonresidential real property leases:  "(1) whether the

debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation . . .

could damage the lessor beyond [] the compensation available under the Bankruptcy Code'; (3)

whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time

to formulate a plan of reorganization."  <u>Burger Boys</u>,  94 F.3d at 761 (<u>quoting</u> <u>Theatre Holding

Corp. v. Mauro</u>, 681 F.2d 102, 105-06 (2d Cir. 1982)); <u>In re Beautyco, Inc.</u>, 307 B.R. 225, 231

(Bankr. N.D. Okla. 2004) (<u>citing</u> <u>Burger Boys</u> factors); <u>see also</u> <u>Legacy, Ltd. v. Channel Home

Centers (In re Channel Home Centers)</u>, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for

a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases

in light of the plan it is formulating.") (citing <u>Wedtech</u>, 72 B.R. at 471-72)).

6

20.    In this case, all of these factors are satisfied.  First, the Debtors are paying for use of the property at the applicable lease rates and are continuing to perform their other obligations under the Unexpired Leases in a timely fashion.

21.    Second, there is no reason why the Debtors' proposed extension of the time to assume or reject could or would damage the landlords party to the Unexpired Leases (the "Lessors") beyond the compensation that is available to the Lessors under the Bankruptcy Code. Indeed, pursuant to section 365(d)(3) of the Bankruptcy Code, the Lessors enjoy a preferred and relatively low-risk position.[2]  There would, thus, be no harm to the Lessors should the Court extend the period within which the Debtors must assume or reject the Unexpired Leases. Further, the Debtors propose that each Lessor be permitted to seek to shorten the Extension Period for cause with respect to a particular Unexpired Lease.  This ability to request relief from the Extension Period ensures that no Lessor will be prejudiced by the requested extension of time.

22.    Third, the Unexpired Leases are important assets of the Debtors.  Indeed, the Unexpired Leases are an integral component of the Debtors' business operations.  If the Debtors were forced to decide prematurely to assume or reject the Unexpired Leases, the impact on their business would be significant.  Rejection of the Unexpired Leases at this stage might disrupt the core of the Debtors' businesses and impair the Debtors' ability to administer and reorganize the business.  The Debtors believe that such disruption is likely to cause material, irreparable harm to the Debtors' estates.  On the other hand, assumption at this stage would give rise to significant

---

[2]    Under section 365(d)(3), a debtor-in-possession must timely perform its postpetition leasehold obligations that are allocable to periods preceding the debtor's rejection of the lease.  See, e.g., In re Handy Andy Home Improvement Ctrs., Inc., 144 F.3d 1125, 1126-27 (7th Cir. 1998); Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc.), 175 B.R. 769, 770 (S.D. Fla. 1994); In re Ames Dep't Stores, Inc., 306 B.R. 43, 80 (Bankr. S.D.N.Y. 2004) ("[T]he Landlords are entitled to unpaid rent under section 365(d)(3) to the extent … it is allocable to the post-petition, prerejection, period").

cure costs as well as administrative claim liability if, as a result of the Debtors' testing of their business plan, the Debtors determine that they need to later reject an Unexpired Lease that was prematurely assumed.

23.     Fourth, the development of a plan of reorganization is necessarily tied to the outcome of the lease assumption/rejection analysis, and the Debtors have not yet had the opportunity to negotiate and propose a reorganization plan.  Rather, the Debtors have been focusing their efforts upon stabilizing their businesses and developing -- and now monitoring, testing and refining -- a business plan that reflects the smaller "footprint".  As the Third Circuit observed in Channel Home Centers, 989 F.2d at 689, "nothing prevents a bankruptcy court from granting an extension because a debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."  Once the business plan is tested and refined, a workable plan of reorganization can be negotiated and proposed.

24.     Additional extensions of the time period for assuming or rejecting nonresidential real property leases are routinely granted by the courts.  See, e.g., In re Safety-Kleen Corp., Case No. 00-2303 (Bankr. D. Del. Feb. 11, 2002) (granting extension until effective date of plan); In re Solutia Inc., Case No. 03-17949 (Bankr. S.D.N.Y. November 4, 2005) (granting eighth extension of period in which to assume or reject unexpired nonresidential real property leases, bringing aggregate extensions to almost two years); In re Spiegel, Inc., Case No. 03-11540 (Bankr. S.D.N.Y. August 3, 2005) (granting fourth extension of period in which to assume or reject unexpired nonresidential real property leases, bringing aggregate extensions to approximately 20 months); In re Adelphia Communications Corp., Case No. 02-41729 (Bankr.

S.D.N.Y. September 7, 2005) (granting eleventh extension (through confirmation of plan) in which to assume or reject unexpired nonresidential real property leases).

25.     The Debtors hope to make considerable progress during the Extension Period in finalizing their reorganization strategy, refining and monitoring their business plan, and making final decisions with respect to the disposition of the Unexpired Leases.  Given the importance of the Unexpired Leases to the Debtors' business operations and reorganization efforts, however, the Debtors reserve the right to seek further extensions if circumstances warrant.

### Notice

26.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) counsel to the Equity Committee, (e) the other parties in interest named on the Master Service List maintained in these cases, and (f) the Lessors.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A extending through and including March 20, 2006 the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property, and (ii) grant such other and further relief as is just and proper.

Dated: November 23, 2005

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By     *s/ D. J. Baker*
   D. J. Baker
   Sally McDonald Henry
   Rosalie Walker Gray
   Adam S. Ravin
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By     *s/ Cynthia C. Jackson*
   Stephen D. Busey
   James H. Post
   Cynthia C. Jackson,
   Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

## **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING THIRD EXTENSION OF TIME TO ASSUME OR REJECT**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

These cases came before the Court for hearing on December 15, 2005

upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting

the Debtors a further extension of time to assume or reject unexpired nonresidential real

property leases (the "Motion").  Based upon the representations of counsel and without

objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The period within which the Debtors must move to assume or

reject the Unexpired Leases is extended through March 20, 2006.

3.      The Debtors will comply with the mandates of section 365 of the

Bankruptcy Code as such Code section is interpreted by this Court, and will perform all

the obligations of the Debtors, except those specified in section 365(b)(2), arising from

---

[1]      All capitalized terms not otherwise defined shall have the meaning ascribed to
them in the Motion.

and after the order for relief (the "Postpetition Rental Obligations").  The Debtors agree that any lessor shall be permitted to file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion shall set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor.  The Debtors have agreed that they shall not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

        4.       The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

5.      The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease shall be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases on or before March 20, 2006.

Dated this _____ day of December, 2005, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

3