UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

WINN-DIXIE STORES, INC.,
et al.,

Debtors.

_____/

Chapter 11

Case No. 05-03817-3F1
Jointly Administered

### NATIONAL IN STORE MARKETING, LLC'S MOTION TO ALLOW CLAIM AS AMENDED CLAIM OR TO ALLOW LATE FILED CLAIM

National In Store Marketing, LLC ("NISM"), by and through undersigned counsel, hereby files this Motion to Allow Claim as Amended Claim or to Allow Late Filed Claim (the "Motion"), and in support thereof states as follows:

### BACKGROUND

1. On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. NISM is in the business of providing retailers with a one-stop service resource for all merchandising, marketing, sales training, retail intelligence and fulfillment. One of NISM's clients has been the Debtor.

4. On or about April 7, 2005, the Debtor filed its schedules, which did not list NISM as a general, unsecured creditor. Instead, Winn-Dixie Procurement, Inc. ("WDP"), an affiliated debtor-in-possession, listed NISM as a general, unsecured creditor on Schedule F in the amount of $135,721.00.[1] WDP has never engaged the services of NISM, let alone entered to any agreement

---

[1] The claim is not listed as disputed, contingent or unliquidated.

with NISM.[2]

5.  In May 2005, the Notice of Deadline Requiring Filing of Proofs of Claim (the "Bar Date Notice") was served upon all creditors, setting forth a bar date of August 1, 2005 (the "Bar Date").

6.  In June 2005, NISM received the Bar Date Notice. Upon its receipt, NISM delivered a copy of the Bar Date Notice via U.S. mail to its general outside counsel, the law firm of David & Gilbert LLP located in New York, New York, in order to handle the filing a proof of claim, if necessary.

7.  Approximately one week after the Bar Date, a representative of NISM was having a conversation with one of the attorneys at Davis & Gilbert, at which time NISM first learned that the law firm had never received the Bar Date Notice. Soon thereafter, upon reviewing the Bar Date Notice and bankruptcy schedules, NISM's counsel contacted Debtor's counsel in an attempt to obtain the Debtor's consent in allowing NISM to file a proof of claim after the Bar Date. Moreover, NISM had direct settlement discussions with representatives of the Debtor. During said discussions, the Debtor at all times acknowledged the validity and amount of the debt owed to NISM.

8.  In late October 2005, settlement discussions broke down when the Debtor informed NISM that it could not consent to the filing of a late filed claim. Soon thereafter, NISM delivered a proof of claim to the Clerk of Court on or about November 2, 2005, wherein NISM asserts an unsecured claim in the amount of $557,243.01 (the "NISM Claim")[3]. A copy of the NISM Claim is attached hereto as Exhibit "A."

---

[2] Based on discussion with representatives of the Debtor, it is the belief of NISM that its claim was inadvertently listed on the schedules of WDP.

[3] Recently, NISM discovered its error in delivering the proof of claim to the Clerk of Court instead of the claims administrator as listed on the Bar Date Notice. Out of abundance of caution, NISM sent another proof of claim to the correct mailing address via overnight express mail.

2

9. To date, the Debtor has not filed a disclosure statement or plan of reorganization.

**RELIEF REQUESTED**

10. By way of this Motion, NISM seeks the entry of an Order allowing the NISM Claim as an amended claim in the Debtor's bankruptcy case. In the alternative, NISM requests this Court to allow the NISM Claim as timely filed in the Debtor's bankruptcy case.

A. **Allowance as Amended Claim**

11. It is the contention of NISM that the NISM Claim simply serves as an amended claim to correct the claim that was incorrectly listed on the schedules of WDP.

12. Pursuant to 11 U.S.C. § 1111(a), a "proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated."

13. The decision to allow a creditor to file an amended claim is within the sound discretion of this Court. See In re Lanman, 24 B.R. 741, 743 (Bankr. N.D. Ill. 1982). This Court should be guided by principles of equity to ensure that substance will not give way to form and that technical considerations will not prevent substantial justice from being done. See In re Candy Braz, Inc., 98 B.R. 375, 381 (Bankr. N.D. Ill. 1988).

14. Generally, an amended claim may be filed after the bar date if it amends a timely claim and does not introduce a distinctly new and different claim. "Amendments to proofs of claim are permitted to cure the defects in a claim already filed, to describe a claim with greater particularity or to plead a new theory of recovery on the facts of the original claim. Id. at 380; see also In re International Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985).

15. Applying the foregoing standard to the matter at hand, this Court should take note that the NISM Claim is simply an amended claim to correct the claim scheduled by WDP. As noted

3

above, the Debtor committed an error by not listing the debt owed to NISM in its schedules, a fact acknowledged by the Debtor. NISM believes that the Debtor simply committed a scrivener's error. As set forth in the invoices attached to the NISM Claim, NISM neither performed any services for WDP nor billed its services to WDP. NISM's invoices clearly name the payor as the Debtor, not WDP.

16.     In addition to correcting the proper entity, the NISM Claim serves to correct the amount of the debt owed by the Debtor. NISM is uncertain how the Debtor or WDP came up with the figure of $135,721.00 when the prepetition services of NISM exceed $500,000.00. WDP's Schedule F does not make specific reference to account numbers or invoices.

17.     The NISM Claim is not a distinctly new or different claim. NISM is not seeking to be paid for services unrelated to marketing. The marketing services performed by NISM is nothing new to the Debtor, which has acknowledged and received such services for the past year. Furthermore, the NISM Claim is based on prepetition services leading up to the petition date, not on aging debt that was outstanding, for instance, for over ninety (90) days.

18.     In sum, the NISM Claim involves the same type of debt listed on WDP's schedules. This Court should allow the NISM as an amended claim.

**B.     Late Filed Claim**

19.     Bankruptcy Rule 3003 (c) provides that this Court "for cause shown may extend the time within which proofs of claim or interest may be filed."

20.     In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims. See Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership, 113 S.Ct. 1489, 507 U.S. 380, 123 L.Ed.2d 74 (1993) (creditors' failure to timely file proof of claim was result of excusable neglect, warranting allowance of late claim); see also In re Pappalardo, 210 B.R. 634 (Bankr. S.D. Fla. 1997). The determination of what

KATZ, BARRON, SQUITERO, FAUST, TERZO, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (I) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." In re Harrell, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005).

21.     Looking to the circumstances at hand, NISM contends that the delay in filing the NISM Claim falls within the purview of excusable neglect. First, NISM had legitimate reasons for the delay in filing the NISM Claim. As noted above, NISM believed that its outside attorney had received the Bar Date Note via U.S. mail. NISM had no control over the United States Postal Service's failure to deliver the correspondence, and thus should not be held responsible. A further reason for the delay was due to settlement discussions NISM had with the Debtor. Based on the initial discussions with the Debtor, NISM believed that the matter would be resolved via settlement without the necessity of commencing litigation.

22.     Another factor to be considered is the length of NISM's delay in asserting and filing the NISM Claim. As noted above, NISM contacted the Debtor and its counsel upon learning that it had failed to file a proof of claim, which contact occurred within approximately two (2) weeks after the Bar Date. NISM immediately took action upon learning of its error instead of sitting on its rights. Furthermore, NISM sent its proof of claim to the Clerk of Court within days of discovering that the Debtor would not consent to the treatment of NISM's claim as a timely filed claim. NISM does not believe that a delay of approximately ninety (90) days is significant considering that NISM asserted its claim informally against the Debtor within days of discovering its error. Given the foregoing circumstances, the length of NISM's delay in filing the NISM Claim and accompanying motion was reasonable.

KATZ, BARRON, SQUITERO, FAUST, TERZO, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

23. This Court should also consider that the allowance of the NISM Claim will not materially prejudice the Debtor nor impact this bankruptcy case. There is no doubt that the Debtor has been aware of the debt owed to NISM, nor has the Debtor questioned its validity. While it is unclear why NISM's claim was mistakenly listed on WDP's schedules, the Debtor cannot claim ignorance or surprise as to the correct amount of the NISM Claim. Moreover, this Court should weigh the fact that the Debtor has not filed a disclosure and plan of reorganization to date. Given the size of the Debtor and the multitude of creditors, the NISM Claim represents a small fraction of the amount of claims scheduled and filed in this bankruptcy case. It is unlikely that the Debtor's reorganization strategy will be significantly affected if the NISM Claim is allowed. This bankruptcy case is still in its early stages.

24. Finally, equity tilts in favor of NISM in that its actions demonstrate good faith. NISM acted quickly and affirmatively in asserting its rights. NISM did not wait until the eleventh hour to file the NISM Claim and appropriate motion.

25. In conclusion, this Court should find that circumstances surrounding the filing of the NISM Claim constitute excusable neglect. The NISM Claim should be allowed as timely filed.

WHEREFORE, NISM respectfully requests that this Court enter an Order: I) allowing the NISM Claim as an amended claim in the bankruptcy case of the Debtor; ii) alternatively, allowing the NISM Claim as a late filed claim; and iii) granting such other and further relief as this Court deems appropriate under the circumstances.

## CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Middle District of Florida.

KATZ, BARRON, SQUITERO, FAUST, TERZO, FRIEDBERG, GRADY, ENGLISH & ALLEN, P.A.
2699 S. BAYSHORE DRIVE, SEVENTH FLOOR, MIAMI, FLORIDA 33133-5408 • 305-856-2444 • 305-285-9227 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been furnished this ____ day of November, 2005, to all parties in interest.

Respectfully submitted,

KATZ BARRON SQUITERO FAUST
Attorney for National In Store Marketing, LLC
2699 S. Bayshore Drive, Seventh Floor
Miami, Florida 33133
Tel: 305-856-2444
Fax: 305-285-9227

By: _____
Leyza F. Blanco, Esq.
Florida Bar No. 104639
