# EXHIBIT A

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br><br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF<br>CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M.<br>EASTERN TIME |
|---|---|---|

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: **WINN-DIXIE MONTGOMERY, INC.** Case No. _05-03837-3F1_
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property): | |
|---|---|
| | **(212) 250-2921**<br>Telephone No. of Creditor |
| **Deutsche Bank Trust Company Americas,**<br>**as Pass-Through Trustee and as Indenture Trustee**<br>**60 Wall Street**<br>**MS NYC60-2720**<br>**New York, NY 10005-2858**<br><br>**See Annex, Item A** | **(732) 460-6838**<br>Fax No. of Creditor<br><br>(If your address has changed or is incorrect as it appears in Item A, please provide corrections) |

| B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☒additional address<br><br>Name: **John M. Rosenthal, Esq.**<br><br>Company/Firm: **Nixon Peabody, LLP**<br><br>Address: **2 Embarcadero Center, Suite 2700**<br>**San Francisco, CA 94117** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.<br>☐ Check box if you have never received any notices in this case. | If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim. |

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐replaces ☐amends a previously filed claim, dated:_____

| 1. Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s)<br>☒ Services performed for debtor(s)<br>☐ Goods purchased from debtor(s)<br>☐ Money loaned<br>☒ Personal injury/property damage<br>☐ Other_____ | ☐ Taxes<br>☐ Severance agreement<br>☐ Refund<br>☒ Real property lease<br>☒ Personal property lease<br>☒ Other contract **See Annex, Item 1** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SSN:_____<br>Unpaid compensation for services performed from<br>_____ to _____<br>(date)          (date) |

2. Date debt was incurred: **See Annex, Item 2**    3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $**See Annex Item 4** $_____ $_____ $_____
                                                   (unsecured)        (secured)          (priority)          (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief description of Collateral:     **See Annex, Item 5**<br>☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____<br><br>Value of Collateral: $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 7. Unsecured Priority Claim.<br>☒ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ **See Annex, Item 7**<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ). |
|---|---|
| 6. Unsecured Nonpriority Claim $_____<br>☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.<br><br>     **See Annex, Item 6** | *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **See Annex Item 8**
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space is For Court Use Only

| Date<br><br>**July 26, 2005** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:<br><br>Print: **Brendan Meyer**    Title: **Vice President**<br><br>Signature: _[signature]_ | |
|---|---|---|

RECEIVED
2005 JUL 29 PM 3:42
LOGAN & COMPANY, INC.
AS AGENT
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ANNEX TO PROOF OF CLAIM OF

DEUTSCHE BANK TRUST COMPANY AMERICAS

WINN-DIXIE MONTGOMERY, INC. A/K/A WINN-DIXIE ATLANTA, INC.

Item A.

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company, hereinafter, "Claimant"), is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as of February 1, 2001, among Claimant, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Claimant, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under each Indenture ("Indenture" as that term is defined in the Pass-Through Trust Agreement).

This Proof of Claim asserts claims by Claimant in its capacity as Pass-Through Trustee, as Indenture Trustee and in any other capacity provided for in the Pass-Through Trust Agreement, the Indentures or the Loan Documents listed on the attached Schedule A (each as amended, modified or supplemented from time to time, collectively the "Operative Documents").

Capitalized terms used but not defined herein shall have the respective meanings set forth in the Pass-Through Trust Agreement.

Item 1.

Under the Operative Documents, Claimant is the assignee of all of the Lessor's right, title and interest in that certain Lease Agreement dated as of August 10, 1999 between WINN-DIXIE MONTGOMERY, INC. A/K/A WINN-DIXIE ATLANTA, INC. ("Debtor"), as Lessee and FU/WD ATLANTA, LLC, a Delaware limited liability company, as Lessor, and related documents (collectively, the "Lease") with respect to that certain real property located at 5400 Fulton Industrial Boulevard, Atlanta, Georgia (the "Property"). Claimant is filing this Proof of Claim in respect of the claims under the Operative Documents, including without limitation the Lease. In addition, Claimant is filing this Proof of Claim in respect of property damages to the Property subject to the Lease, as further described in Item 4 below, if any.

(Note: Claimant is filing separate proofs of claim against Debtor and its affiliates with respect to a group of leases which have been pooled in a single securitization transaction. The Lease is among that group of leases and the claims asserted hereunder relate to that Lease and are non-duplicative of the claims asserted in such other proofs of claim filed by Claimant.)

Item 2.

The Debtor's debts in respect of the Claimant's claims arose on the original dates of the Operative Documents.

Item 4.

The Lease has not been assumed or rejected by Debtor. Debtor has continued to make payments under the Lease. Pursuant to the Bar Date Order, Claimant will have the opportunity to supplement this Proof of Claim if the Lease is rejected by Debtor. As of February 21, 2005 (the "Petition Date"), the Base Rent for the remaining term of the Lease was not less than $37,022,274.67. The total amount of Base Rent received from the Petition Date through July 1, 2005 is $786,870.88. (See Schedule B, attached hereto). The Lease is also subject to a guarantee by debtor Winn-Dixie Stores, Inc.

At the time of the filing of the voluntary petition initiating these cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the Petition Date, the Debtor was and still is indebted to the Claimant for claims arising under the Operative Documents, including without limitation:

(i)     all obligations of the Debtor to indemnify Claimant under the Indenture or other Operative Documents;

(ii)    all payments and other amounts owing to Claimant pursuant to the Operative Documents;

(iii)   any liability arising directly or indirectly under or in connection with any of the certificates issued to certificate holders under the Pass-Through Trust Agreement plus accrued interest and all other amounts owing in respect of such certificates;

(iv)    any and all Base and Supplemental Rents, and any other payments, reimbursements, indemnifications, fees, expenses and other amounts owing under the Operative Documents, including without limitation, any and all claims for termination damages and late payment charges or interest, or breaches of representations or warranties;

(v)     all amounts payable by the Debtor to Claimant, whether compensatory or restitutional, in respect of the Debtor's acts or omissions in connection with the affairs of the Claimant or the trusts created under the Operative Documents;

(vi)    any and all other claims (including, without limitation, contingent and/or unliquidated claims) arising under or relating to any of the Operative Documents.

In addition, Debtor was and still is liable to the Claimant for tort and contract claims arising from property damages to the premises described in the Lease, including, but not limited to, environmental damages, if any.

Item 5 and Item 6.

This claim is a secured claim to the extent of any security provided to the Lessor or Claimant under the Operative Documents or under applicable law.

Item 7.

Claimant is entitled to administrative priority under 11 U.S.C. §§ 503(b)(7) and 507(a)(2) with respect to monetary obligations of the Debtor that are accruing or otherwise may arise from the Petition Date through the date of actual turnover of the premises.

Item 8.

The writings on which this claim is founded are voluminous and, therefore, will be made available to parties in interest for inspection and copying (at the requesting party's expense) at the offices of Nixon Peabody LLP, 2 Embarcadero Center, Suite 2700, San Francisco, CA 94111, upon reasonable notice during normal business hours.

*  *  *  *  *

The amount of all payments on these claims has been credited and deducted for the purpose of making this Proof of Claim. These claims are not subject to setoff or counterclaim. Claimant claims the security interests and liens under the agreements and documents referred to herein.

This Proof of Claim is filed under compulsion of the Bar Date Order entered in these Cases on April 28, 2005. In executing and filing this Proof of Claim, Claimant does not submit itself or the Trust to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Claimant's rights and remedies against any other person, entity or property, (ii) any obligation owed to the Claimant, or any right to any security that may be determined to be held by Claimant, or for the benefit of Claimant, or (iii) any past, present or future defaults or events of default, and (iv) the right to trial by jury, to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant. The filing of this Proof of Claim is not an election of remedies.

Claimant expressly reserves the right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to the claims covered by this Proof of Claim or any other claims. This Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim with respect to any other liability or indebtedness of the Debtor. Claimant specifically preserves all procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor (as debtors or debtors in possession), any trustee for the Debtors' estate, any other party in interest in this bankruptcy case, or any other person or entity whatsoever.

## Schedule A

## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

| Property | Operative Documents | Lessor |
|---|---|---|
| 3300 NW 123rd St<br>Opa Locka, FL<br>(Dade County) FL | Indenture<br>Mortgage, Assignment of Leases and Rents<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 5400 Fulton Industrial Blvd<br>Atlanta, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination. Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | a Winn-Dixie Atlanta, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |
| US Highway 31<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 2740 Gunter Industrial Park<br>Drive,<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 5050 Edgewood Ct.<br>Jacksonville, FL<br>(Duval County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |

| | | |
|---|---|---|
| 3000 NW 123rd St<br>Opa Locka, FL<br>(Dade County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 3015 Coast Line Dr<br>Orlando, FL<br>(Orlando County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 6100 Macintosh Rd<br>Sarasota, FL<br>(Sarasota County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 210 Century Blvd<br>Bartow, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 255 Jacksonville Hwy<br>Fitzgerald, GA<br>(Ben Hill County) | Indenture<br>Leasehold Deed to Secure Debt, Assignment of Leases<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Option Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 3925 Highway 190 W<br>Hammond, LA<br>(Tangipahoa County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement | Winn-Dixie Louisiana, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |

S502268.1

5

Lease Assignment and Agreement
Subordination, Non-disturbance and Attornment Agreement
Consent Agreement
Guaranty Agreement

| | | |
|---|---|---|
| 2401 Nevada Blvd<br>Charlotte, NC<br>(Mecklenberg County) | Indenture<br>Deed of Trust, Leasehold Deed of Trust, Assignment of<br>   Leases and Rents, Security Agreement and Financing<br>   Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement<br>Subordination Agreement of Winlotte Properties Corp.<br>Subordination Agreement of Winn-Dixie Stores, Inc. or<br>   affiliates | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 833 Shotwell Road<br>Clayton, NC<br>(Johnson County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Raleigh, Inc. |
| 1350 W Fairfield Rd<br>High Point, NC<br>(Guildford County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 2819 Wade Hampton Blvd<br>Greenville, SC<br>(Greenville County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |

## Schedule B
## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

Winn-Dixie Pass-Through Certificates 1999-1
Proof of Claim Detail

| | Annual Rent | Per Diem Rent | Original Lease Payment (Monthly) | Rent Due Prior to Petition Date (2/21/05) | Rent Due Prior to Assumed Lease Rejection Date (2/24/05) | Rent Due - Petition Date (2/21/05) thru Lease Expiration | Rent Due - Lease Rejection Date (2/24/05) thru Assumed Lease Expiration | Rents Rec'd (Petition Date thru July 1, 2005) | Expenses incurred by Trust |
|---|---|---|---|---|---|---|---|---|---|
| Portfolio Total | $35,778,046.03 | $106,482.28 | $2,981,503.84 | $2,236,127.88 | $2,555,574.72 | $701,398,777.38 | $701,079,330.54 | $12,070,077.79 | $1,330,630.27 |
| Atlanta | $1,888,490.10 | $5,620.51 | $157,374.18 | $118,030.63 | $134,892.15 | 37,022,274.67 | 37,005,413.15 | 786,870.88 | |
| Opa Locka - I (3300 123rd St) | $3,269,863.89 | $9,731.74 | $272,488.66 | $204,366.49 | $233,561.71 | 64,102,956.68 | 64,073,761.46 | 1,362,443.29 | |
| Bartow | $111,487.75 | $331.81 | $9,290.65 | $6,967.98 | $7,963.41 | 2,185,624.43 | 2,184,629.01 | 27,871.94 | |
| Charlotte | $3,493,185.60 | $10,396.39 | $291,098.80 | $218,324.10 | $249,513.26 | 68,480,992.70 | 68,449,803.54 | 1,455,494.00 | |
| Clayton | $5,172,920.88 | $15,395.60 | $431,076.74 | $323,307.56 | $369,494.35 | 101,410,803.09 | 101,364,616.29 | 514,713.00 | 1,005,230.65 |
| Fitzgerald | $1,160,448.48 | $3,453.72 | $96,704.04 | $72,528.03 | $82,889.18 | 22,749,625.41 | 22,739,264.26 | 483,520.20 | |
| Greenville | $1,806,521.03 | $5,376.55 | $150,543.42 | $112,907.56 | $129,037.22 | 35,415,339.36 | 35,399,209.71 | 752,717.10 | |
| Hammond | $4,103,326.28 | $12,212.28 | $341,943.86 | $256,457.89 | $293,094.73 | 80,442,292.28 | 80,405,655.44 | 1,709,719.28 | |
| High Point | $490,450.68 | $1,459.67 | $40,870.89 | $30,653.17 | $35,032.19 | 9,614,876.87 | 9,610,497.85 | 204,354.45 | |
| Jacksonville | $3,732,475.20 | $11,108.56 | $311,039.60 | $233,279.70 | $266,605.37 | 73,172,065.90 | 73,138,740.23 | 1,555,198.00 | |
| Montgomery - I (6740 Gunter) | $141,251.16 | $420.39 | $11,770.93 | $8,828.20 | $10,089.37 | 2,769,111.28 | 2,767,850.11 | 58,854.65 | |
| Montgomery - II (US Hwy 31) | $3,401,020.78 | $10,122.09 | $283,418.40 | $212,563.80 | $242,930.06 | 66,674,178.21 | 66,643,811.95 | 1,417,091.99 | |
| Opa Locka - II (3000 123rd St) | $396,025.05 | $1,178.65 | $33,002.09 | $24,751.57 | $28,287.50 | 7,763,741.08 | 7,760,205.15 | 165,010.44 | |
| Orlando | $3,782,924.70 | $11,258.70 | $315,243.72 | $236,432.79 | $270,208.90 | 74,161,084.15 | 74,127,308.04 | 1,576,218.58 | |
| Sarasota | $2,827,654.56 | $8,415.64 | $235,637.88 | $176,728.41 | $201,975.33 | 55,433,811.27 | 55,408,564.35 | | 325,399.62 |

Wachovia: Lease rejected 5/24/05; 6/1 rent not paid

Wachovia: Represents Smithfield rent rec'd May thru July

Wachovia: Includes $337,500 Binswanger fee & Smithfield TIs l/a/o $142,835

## Assumptions Used in Calculations

| | | Days from last pmt date before b/k |
|---|---|---|
| Last Payment Date Before b/k | 1/31/05 | |
| First Payment Date after b/k | 2/28/05 | 28 |
| Petition Date | 2/21/05 | 21 |
| Assumed Sarasota & Clayton Rejection Date | 2/24/05 | 24 |
| Lease Expiration Date | 8/31/24 | |
| Remaining Sched. Lease Payments after b/k | 235 | |

EXHIBIT B

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br><br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
| --- | --- | --- |

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **WINN-DIXIE RALEIGH, INC.**   Case No. _05-03839-3F1_
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):<br><br>**Deutsche Bank Trust Company Americas,**<br>**as Pass-Through Trustee and as Indenture Trustee**<br>**60 Wall Street**<br>**MS NYC60-2720**<br>**New York, NY 10005-2858**<br><br>**See Annex, Item A** | **(212) 250-2921**<br>Telephone No. of Creditor<br><br>**(732) 460-6838**<br>Fax No. of Creditor<br><br>(If your address has changed or is incorrect as it appears in Item A, please provide corrections) |
| --- | --- |

| B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☑ additional address<br>Name: **John M. Rosenthal, Esq.**<br>Company/Firm: **Nixon Peabody, LLP**<br>Address: **2 Embarcadero Center, Suite 2700**<br>**San Francisco, CA 94117** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.<br>☐ Check box if you have never received any notices in this case. | If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim. |
| --- | --- | --- |

| Account or Other Number by Which Creditor Identifies Debtor: | Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated: |
| --- | --- |

| 1. Basis for Claim<br>☐ Goods sold to debtor(s)<br>☑ Services performed for debtor(s)<br>☐ Goods purchased for debtor(s)<br>☑ Money loaned<br>☑ Personal injury/property damage<br>☐ Other | ☐ Taxes<br>☐ Severance agreement<br>☐ Refund<br>☑ Real property lease<br>☑ Personal property lease<br>☑ Other contract **See Annex, Item 1** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SSN: _____<br>Unpaid compensation for services performed from<br>_____ to _____<br>(date)        (date) |
| --- | --- | --- |

| 2. Date debt was incurred:   **See Annex, Item 2** | 3. If claim is based on a Court Judgment, date obtained: |
| --- | --- |

4. Total Amount of Claim at Time Case Filed: $ **See Annex Item 4**  $_____  $_____  $_____
    (unsecured)           (secured)            (priority)            (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief description of Collateral:     **See Annex, Item 5**<br>☐ Real Estate ☐ Motor Vehicle ☐ Other _____<br><br>Value of Collateral: $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 7. Unsecured Priority Claim.<br>☑ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ **See Annex, Item 7**<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,925,) * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
| --- | --- |

6. Unsecured Nonpriority Claim $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.    **See Annex, Item 6**

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **See Annex Item 8**<br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space Is For Court Use Only<br><br>RECEIVED<br>2005 JUL 29 PM 3:42<br>J P MORGAN & COMPANY, INC.<br>AS AGENT<br>U.S. BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA |
| --- | --- |

| Date<br><br>**July 26, 2005** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:<br>Print: **Brendan Meyer**   Title: **Vice President**<br>Signature: _[signature]_ |
| --- | --- |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ANNEX TO PROOF OF CLAIM OF

## DEUTSCHE BANK TRUST COMPANY AMERICAS

## WINN-DIXIE RALEIGH, INC. A/K/A WINN-DIXIE CHARLOTTE, INC.

Item A.

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company, hereinafter, "Claimant"), is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as of February 1, 2001, among Claimant, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Claimant, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under each Indenture ("Indenture" as that term is defined in the Pass-Through Trust Agreement).

This Proof of Claim asserts claims by Claimant in its capacity as Pass-Through Trustee, as Indenture Trustee and in any other capacity provided for in the Pass-Through Trust Agreement, the Indentures or the Loan Documents listed on the attached Schedule A (each as amended, modified or supplemented from time to time, collectively the "Operative Documents").

Capitalized terms used but not defined herein shall have the respective meanings set forth in the Pass-Through Trust Agreement.

Item 1.

Under the Operative Documents, Claimant is the assignee of all of the Lessor's right, title and interest in that certain Lease Agreement dated as of August 10, 1999 between WINN-DIXIE RALEIGH, INC. A/K/A WINN-DIXIE CHARLOTTE, INC. ("Debtor"), as Lessee and ZSF/WD CHARLOTTE, LLC, a Delaware limited liability company, as Lessor, and related documents (collectively, the "Lease") with respect to that certain real property located at 11700 General Drive and 2401 Nevada Boulevard, Charlotte, North Carolina 28273 (the "Property"). Claimant is filing this Proof of Claim in respect of the claims under the Operative Documents, including without limitation the Lease. In addition, Claimant is filing this Proof of Claim in respect of property damages to the Property subject to the Lease, as further described in Item 4 below, if any.

(Note: Claimant is filing separate proofs of claim against Debtor and its affiliates with respect to a group of leases which have been pooled in a single securitization transaction. The Lease is among that group of leases and the claims asserted hereunder relate to that Lease and are non-duplicative of the claims asserted in such other proofs of claim filed by Claimant.)

Item 2.

The Debtor's debts in respect of the Claimant's claims arose on the original dates of the Operative Documents.

SS02277.1

Item 4.

The Lease has not been assumed or rejected by Debtor. Debtor has continued to make payments under the Lease. Pursuant to the Bar Date Order, Claimant will have the opportunity to supplement this Proof of Claim if the Lease is rejected by Debtor. As of February 21, 2005 (the "Petition Date"), the Base Rent for the remaining term of the Lease was not less than $68,480,992.70. The total amount of Base Rent received from the Petition Date through July 1, 2005 is $1,455,494.00. (See Schedule B, attached hereto). The Lease is also subject to a guarantee by debtor Winn-Dixie Stores, Inc.

At the time of the filing of the voluntary petition initiating these cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the Petition Date, the Debtor was and still is indebted to the Claimant for claims arising under the Operative Documents, including without limitation:

(i)     all obligations of the Debtor to indemnify Claimant under the Indenture or other Operative Documents;

(ii)    all payments and other amounts owing to Claimant pursuant to the Operative Documents;

(iii)   any liability arising directly or indirectly under or in connection with any of the certificates issued to certificate holders under the Pass-Through Trust Agreement plus accrued interest and all other amounts owing in respect of such certificates;

(iv)   any and all Base and Supplemental Rents or other payments, reimbursements, indemnifications, fees, expenses and other amounts owing under the Operative Documents, including without limitation, any and all claims for termination damages and late payment charges or interest, or breaches of representations or warranties;

(v)    all amounts payable by the Debtor to Claimant, whether compensatory or restitutional, in respect of the Debtor's acts or omissions in connection with the affairs of the Claimant or the trusts created under the Operative Documents;

(vi)   any and all other claims (including, without limitation, contingent and/or unliquidated claims) arising under or relating to any of the Operative Documents.

In addition, Debtor was and still is liable to the Claimant for tort and contract claims arising from property damages to the premises described in the Lease, including, but not limited to, environmental damages, if any.

Item 5 and Item 6.

This claim is a secured claim to the extent of any security provided to the Lessor or Claimant under the Operative Documents or under applicable law.

S502277.1                                    2

Item 7.

Claimant is entitled to administrative priority under 11 U.S.C. §§ 503(b)(7) and 507(a)(2) with respect to monetary obligations of the Debtor that are accruing or otherwise may arise from the Petition Date through the date of actual turnover of the premises.

Item 8.

The writings on which this claim is founded are voluminous and, therefore, will be made available to parties in interest for inspection and copying (at the requesting party's expense) at the offices of Nixon Peabody LLP, 2 Embarcadero Center, Suite 2700, San Francisco, CA 94111, upon reasonable notice during normal business hours.

* * * * *

The amount of all payments on these claims has been credited and deducted for the purpose of making this Proof of Claim. These claims are not subject to setoff or counterclaim. Claimant claims the security interests and liens under the agreements and documents referred to herein.

This Proof of Claim is filed under compulsion of the Bar Date Order entered in these Cases on April 28, 2005. In executing and filing this Proof of Claim, Claimant does not submit itself or the Trust to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Claimant's rights and remedies against any other person, entity or property, (ii) any obligation owed to the Claimant, or any right to any security that may be determined to be held by Claimant, or for the benefit of Claimant, or (iii) any past, present or future defaults or events of default, and (iv) the right to trial by jury, to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant. The filing of this Proof of Claim is not an election of remedies.

Claimant expressly reserves the right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to the claims covered by this Proof of Claim or any other claims. This Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim with respect to any other liability or indebtedness of the Debtor. Claimant specifically preserves all procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor (as debtors or debtors in possession), any trustee for the Debtors' estate, any other party in interest in this bankruptcy case, or any other person or entity whatsoever.

## Schedule A

## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

| Property | Operative Documents | Lessor |
|---|---|---|
| 3300 NW 123rd St<br>Opa Locka, FL<br>(Dade County) FL | Indenture<br>Mortgage, Assignment of Leases and Rents<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 5400 Fulton Industrial Blvd<br>Atlanta, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination. Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | a Winn-Dixie Atlanta, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |
| US Highway 31<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 2740 Gunter Industrial Park<br>Drive,<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 5050 Edgewood Ct.<br>Jacksonville, FL<br>(Duval County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |

| | | |
|---|---|---|
| 3000 NW 123rd St<br>Opa Locka, FL<br>(Dade County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 3015 Coast Line Dr<br>Orlando, FL<br>(Orlando County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 6100 Macintosh Rd<br>Sarasota, FL<br>(Sarasota County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 210 Century Blvd<br>Bartow, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 255 Jacksonville Hwy<br>Fitzgerald, GA<br>(Ben Hill County) | Indenture<br>Leasehold Deed to Secure Debt, Assignment of Leases<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Option Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 3925 Highway 190 W<br>Hammond, LA<br>(Tangipahoa County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement | Winn-Dixie Louisiana, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |

|  |  |  |
|---|---|---|
|  | Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement |  |
| 2401 Nevada Blvd<br>Charlotte, NC<br>(Mecklenberg County) | Indenture<br>Deed of Trust, Leasehold Deed of Trust, Assignment of<br>    Leases and Rents, Security Agreement and Financing<br>    Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement<br>Subordination Agreement of Winlotte Properties Corp.<br>Subordination Agreement of Winn-Dixie Stores, Inc. or<br>    affiliates | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 833 Shotwell Road<br>Clayton, NC<br>(Johnson County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Raleigh, Inc. |
| 1350 W Fairfield Rd<br>High Point, NC<br>(Guildford County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 2819 Wade Hampton Blvd<br>Greenville, SC<br>(Greenville County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |

## Schedule B
## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

Winn-Dixie Pass-Through Certificates 1999-1
Proof of Claim Detail

| | Annual Rent | Per Diem Rent | Original Lease Payment (Monthly) | Rent Due Prior to Petition Date (2/21/05) | Rent Due Prior to Assumed Lease Rejection Date (2/24/05) | Rent Due - Petition Date (2/21/05) thru Lease Expiration | Rent Due - Lease Rejection Date (2/24/05) thru Assumed Lease Expiration | Rents Rec'd (Petition Date thru July 1, 2005) | Expenses incurred by Trust |
|---|---|---|---|---|---|---|---|---|---|
| Portfolio Total | $35,778,046.03 | $106,482.28 | $2,981,503.84 | $2,236,127.88 | $2,555,574.72 | $701,398,777.38 | $701,079,330.54 | $12,070,077.79 | $1,330,630.27 |
| Atlanta | $1,888,490.10 | $5,620.51 | $157,374.18 | $118,030.63 | $134,892.15 | 37,022,274.67 | 37,005,413.15 | 786,870.88 | |
| Opa Locka - I (3300 123rd St) | $3,269,863.89 | $9,731.74 | $272,488.66 | $204,366.49 | $233,561.71 | 64,102,956.68 | 64,073,761.46 | 1,362,443.29 | |
| Bartow | $111,487.75 | $331.81 | $9,290.65 | $6,967.98 | $7,963.41 | 2,185,624.43 | 2,184,629.01 | 27,871.94 | |
| Charlotte | $3,491,185.60 | $10,396.39 | $291,098.80 | $218,324.10 | $249,513.26 | 68,480,992.70 | 68,449,803.54 | 1,455,494.00 | |
| Clayton | $5,172,920.88 | $15,395.60 | $431,076.74 | $323,307.56 | $369,494.35 | 101,410,803.09 | 101,364,616.29 | 514,713.00 | 1,005,230.65 |
| Fitzgerald | $1,160,448.48 | $3,453.72 | $96,704.04 | $72,528.03 | $82,889.18 | 22,749,625.41 | 22,739,264.26 | 483,520.20 | |
| Greenville | $1,806,521.03 | $5,376.55 | $150,543.42 | $112,907.56 | $129,037.22 | 35,415,339.36 | 35,399,209.71 | 752,717.10 | |
| Hammond | $4,103,326.28 | $12,212.28 | $341,943.86 | $256,457.89 | $293,094.73 | 80,442,292.28 | 80,405,655.44 | 1,709,719.28 | |
| High Point | $490,450.68 | $1,459.67 | $40,870.89 | $30,653.17 | $35,032.19 | 9,614,876.87 | 9,610,497.85 | 204,354.45 | |
| Jacksonville | $3,732,475.20 | $11,108.56 | $311,039.60 | $233,279.70 | $266,605.37 | 73,172,065.90 | 73,138,740.23 | 1,555,198.00 | |
| Montgomery - I (6740 Gunter) | $141,251.16 | $420.39 | $11,770.93 | $8,828.20 | $10,089.37 | 2,769,111.28 | 2,767,850.11 | 58,854.65 | |
| Montgomery - II (US Hwy 31) | $3,401,020.78 | $10,122.09 | $283,418.40 | $212,563.80 | $242,930.06 | 66,674,178.21 | 66,643,811.95 | 1,417,091.99 | |
| Opa Locka - II (3000 123rd St) | $396,025.05 | $1,178.65 | $33,002.09 | $24,751.57 | $28,287.50 | 7,763,741.08 | 7,760,205.15 | 165,010.44 | |
| Orlando | $3,782,924.59 | $11,258.70 | $315,243.72 | $236,432.79 | $270,208.90 | 74,161,084.15 | 74,127,308.04 | 1,576,218.58 | |
| Sarasota | $2,827,654.56 | $8,415.64 | $235,637.88 | $176,728.41 | $201,975.33 | 55,433,811.27 | 55,408,564.35 | | 325,399.62 |

Side annotations:

Wachovia: Lease rejected 5/24/05; 6/1 rent not paid

Wachovia: Represents Smithfield rent rec'd May thru July

Wachovia: Includes $337,500 Binswanger fee & Smithfield TIs I/a/o $142,835

## Assumptions Used in Calculations

| | | Days from last pmt date before b/k |
|---|---|---|
| Last Payment Date Before b/k | 1/31/05 | |
| First Payment Date after b/k | 2/28/05 | 28 |
| Petition Date | 2/21/05 | 21 |
| Assumed Sarasota & Clayton Rejection Date | 2/24/05 | 24 |
| Lease Expiration Date | 8/31/24 | |
| Remaining Sched. Lease Payments after b/k | 235 | |

# EXHIBIT *C*

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

**Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered**

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **WINN-DIXIE RALEIGH, INC.**    Case No. *05-03839-3F1*

(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property?)

**Deutsche Bank Trust Company Americas,**
**as Pass-Through Trustee and as Indenture Trustee**
**60 Wall Street**
**MS NYC60-2720**
**New York, NY 10005-2858**

**See Annex, Item A**

**(212) 250-2921**
Telephone No. of Creditor

**(732) 460-6838**
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☒ additional address

Name: **John M. Rosenthal, Esq.**

Company/Firm: **Nixon Peabody, LLP**

Address: **2 Embarcadero Center, Suite 2700**

**San Francisco, CA 94117**

Account or Other Number by Which Creditor Identifies Debtor:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**1. Basis for Claim**
- ☐ Goods sold to debtor(s)
- ☒ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☒ Personal injury/property damage
- ☐ Other _____

- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☐ Real property lease
- ☒ Personal property lease
- ☑ Other contract **See Annex, Item 1**

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN: _____
  Unpaid compensation for services performed from
  _____ to _____
  (date)    (date)

**2. Date debt was incurred: See Annex, Item 2**

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $**See Annex Item 4** $_____ (unsecured) $_____ (secured) $_____ (priority) $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:    **See Annex, Item 5**
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.    **See Annex, Item 6**

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim

Amount entitled to priority $**See Annex, Item 7**

Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (  ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **See Annex Item 8**

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| **July 26, 2005** | Print: **Brendan Meyer**    Title: **Vice President**<br>Signature: |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ANNEX TO PROOF OF CLAIM OF

## DEUTSCHE BANK TRUST COMPANY AMERICAS

## WINN-DIXIE RALEIGH, INC. A/K/A WINN-DIXIE CHARLOTTE, INC.

<u>Item A.</u>

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company, hereinafter, "Claimant"), is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as of February 1, 2001, among Claimant, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Claimant, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under each Indenture ("Indenture" as that term is defined in the Pass-Through Trust Agreement).

This Proof of Claim asserts claims by Claimant in its capacity as Pass-Through Trustee, as Indenture Trustee and in any other capacity provided for in the Pass-Through Trust Agreement, the Indentures or the Loan Documents listed on the attached Schedule A (each as amended, modified or supplemented from time to time, collectively the "Operative Documents").

Capitalized terms used but not defined herein shall have the respective meanings set forth in the Pass-Through Trust Agreement.

<u>Item 1.</u>

Under the Operative Documents, Claimant is the assignee of all of the Lessor's right, title and interest in that certain Lease Agreement dated as of August 10, 1999 between WINN-DIXIE RALEIGH, INC. A/K/A WINN-DIXIE CHARLOTTE, INC. ("Debtor"), as Lessee and ZSF/WD GREENVILLE, LLC, a Delaware limited liability company, as Lessor, and related documents (collectively, the "Lease") with respect to that certain real property located at 2819 Wade Hampton Boulevard, Greenville, South Carolina 29609 (the "Property"). Claimant is filing this Proof of Claim in respect of the claims under the Operative Documents, including without limitation the Lease. In addition, Claimant is filing this Proof of Claim in respect of property damages to the Property subject to the Lease, as further described in Item 4 below, if any.

(Note: Claimant is filing separate proofs of claim against Debtor and its affiliates with respect to a group of leases which have been pooled in a single securitization transaction. The Lease is among that group of leases and the claims asserted hereunder relate to that Lease and are non-duplicative of the claims asserted in such other proofs of claim filed by Claimant.)

<u>Item 2.</u>

The Debtor's debts in respect of the Claimant's claims arose on the original dates of the Operative Documents.

S502283.1

Item 4.

The Lease has not been assumed or rejected by Debtor. Debtor has continued to make payments under the Lease. Pursuant to the Bar Date Order, Claimant will have the opportunity to supplement this Proof of Claim if the Lease is rejected by Debtor. As of February 21, 2005 (the "Petition Date"), the Base Rent for the remaining term of the Lease was not less than $35,415,339.36. The total amount of Base Rent received from the Petition Date through July 1, 2005 is $752,717.10. (See Schedule B, attached hereto). The Lease is also subject to a guarantee by debtor Winn-Dixie Stores, Inc.

At the time of the filing of the voluntary petition initiating these cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the Petition Date, the Debtor was and still is indebted to the Claimant for claims arising under the Operative Documents, including without limitation:

(i)     all obligations of the Debtor to indemnify Claimant under the Indenture or other Operative Documents;

(ii)    all payments and other amounts owing to Claimant pursuant to the Operative Documents;

(iii)   any liability arising directly or indirectly under or in connection with any of the certificates issued to certificate holders under the Pass-Through Trust Agreement plus accrued interest and all other amounts owing in respect of such certificates;

(iv)    any and all Base and Supplemental Rents, and any other payments, reimbursements, indemnifications, fees, expenses and other amounts owing under the Operative Documents, including without limitation, any and all claims for termination damages and late payment charges or interest, or breaches of representations or warranties;

(v)     all amounts payable by the Debtor to Claimant, whether compensatory or restitutional, in respect of the Debtor's acts or omissions in connection with the affairs of the Claimant or the trusts created under the Operative Documents;

(vi)    any and all other claims (including, without limitation, contingent and/or unliquidated claims) arising under or relating to any of the Operative Documents.

In addition, Debtor was and still is liable to the Claimant for tort and contract claims arising from property damages to the premises described in the Lease, including, but not limited to, environmental damages, if any.

Item 5 and Item 6.

This claim is a secured claim to the extent of any security provided to the Lessor or Claimant under the Operative Documents or under applicable law.

Item 7.

Claimant is entitled to administrative priority under 11 U.S.C. §§ 503(b)(7) and 507(a)(2) with respect to monetary obligations of the Debtor that are accruing or otherwise may arise from the Petition Date through the date of actual turnover of the premises.

Item 8.

The writings on which this claim is founded are voluminous and, therefore, will be made available to parties in interest for inspection and copying (at the requesting party's expense) at the offices of Nixon Peabody LLP, 2 Embarcadero Center, Suite 2700, San Francisco, CA 94111, upon reasonable notice during normal business hours.

\* \* \* \* \*

The amount of all payments on these claims has been credited and deducted for the purpose of making this Proof of Claim. These claims are not subject to setoff or counterclaim. Claimant claims the security interests and liens under the agreements and documents referred to herein.

This Proof of Claim is filed under compulsion of the Bar Date Order entered in these Cases on April 28, 2005. In executing and filing this Proof of Claim, Claimant does not submit itself or the Trust to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Claimant's rights and remedies against any other person, entity or property, (ii) any obligation owed to the Claimant, or any right to any security that may be determined to be held by Claimant, or for the benefit of Claimant, or (iii) any past, present or future defaults or events of default, and (iv) the right to trial by jury, to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant. The filing of this Proof of Claim is not an election of remedies.

Claimant expressly reserves the right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to the claims covered by this Proof of Claim or any other claims. This Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim with respect to any other liability or indebtedness of the Debtor. Claimant specifically preserves all procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor (as debtors or debtors in possession), any trustee for the Debtors' estate, any other party in interest in this bankruptcy case, or any other person or entity whatsoever.

## Schedule A

## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

| Property | Operative Documents | Lessor |
|---|---|---|
| 3300 NW 123rd St<br>Opa Locka, FL<br>(Dade County) FL | Indenture<br>Mortgage, Assignment of Leases and Rents<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 5400 Fulton Industrial Blvd<br>Atlanta, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination. Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | a Winn-Dixie Atlanta, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |
| US Highway 31<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 2740 Gunter Industrial Park<br>Drive,<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 5050 Edgewood Ct.<br>Jacksonville, FL<br>(Duval County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |

| | | |
|---|---|---|
| 3000 NW 123rd St<br>Opa Locka, FL<br>(Dade County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 3015 Coast Line Dr<br>Orlando, FL<br>(Orlando County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 6100 Macintosh Rd<br>Sarasota, FL<br>(Sarasota County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 210 Century Blvd<br>Bartow, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 255 Jacksonville Hwy<br>Fitzgerald, GA<br>(Ben Hill County) | Indenture<br>Leasehold Deed to Secure Debt, Assignment of Leases<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Option Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 3925 Highway 190 W<br>Hammond, LA<br>(Tangipahoa County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement | Winn-Dixie Louisiana, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |

|  | Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement |  |
|---|---|---|
| 2401 Nevada Blvd<br>Charlotte, NC<br>(Mecklenberg County) | Indenture<br>Deed of Trust, Leasehold Deed of Trust, Assignment of<br>    Leases and Rents, Security Agreement and Financing<br>    Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement<br>Subordination Agreement of Winlotte Properties Corp.<br>Subordination Agreement of Winn-Dixie Stores, Inc. or<br>    affiliates | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 833 Shotwell Road<br>Clayton, NC<br>(Johnson County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Raleigh, Inc. |
| 1350 W Fairfield Rd<br>High Point, NC<br>(Guildford County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 2819 Wade Hampton Blvd<br>Greenville, SC<br>(Greenville County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |

## Schedule B
## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

Winn-Dixie Pass-Through Certificates 1999-1
Proof of Claim Detail

| | Annual Rent | Per Diem Rent | Original Lease Payment (Monthly) | Rent Due Prior to Petition Date (2/21/05) | Rent Due Prior to Assumed Lease Rejection Date (2/24/05) | Rent Due – Petition Date (2/21/05) thru Lease Expiration | Rent Due – Lease Rejection Date (2/24/05) thru Assumed Lease Expiration | Rents Rec'd (Petition Date thru July 1, 2005) | Expenses Incurred by Trust |
|---|---|---|---|---|---|---|---|---|---|
| Portfolio Total | $35,778,046.03 | $106,482.28 | $2,981,503.84 | $2,236,127.88 | $2,555,574.72 | $701,398,777.38 | $701,079,330.54 | $12,070,077.79 | $1,330,630.27 |
| Atlanta | $1,888,490.10 | $5,620.51 | $157,374.18 | $118,030.63 | $134,892.15 | 37,022,274.67 | 37,005,413.15 | 786,870.88 | |
| Opa Locka - I (3300 123rd St) | $1,269,863.89 | $9,731.74 | $272,488.66 | $204,366.49 | $233,561.71 | 64,102,956.68 | 64,073,761.46 | 1,362,443.29 | |
| Bartow | $111,487.75 | $331.81 | $9,290.65 | $6,967.98 | $7,963.41 | 2,185,624.43 | 2,184,629.01 | 27,871.94 | |
| Charlotte | $3,493,185.60 | $10,396.39 | $291,098.80 | $218,324.10 | $249,513.26 | 68,480,992.70 | 68,449,803.54 | 1,455,494.00 | |
| Clayton | $5,172,920.88 | $15,395.60 | $431,076.74 | $323,307.56 | $369,494.35 | 101,410,803.09 | 101,364,616.29 | 514,713.00 | 1,005,230.65 |
| Fitzgerald | $1,160,448.48 | $3,453.72 | $96,704.04 | $72,528.03 | $82,889.18 | 22,749,625.41 | 22,739,264.26 | 483,520.20 | |
| Greenville | $1,806,521.03 | $5,376.55 | $150,543.42 | $112,907.56 | $129,037.22 | 35,415,339.36 | 35,399,209.71 | 752,717.10 | |
| Hammond | $4,103,326.28 | $12,212.28 | $341,943.86 | $256,457.89 | $293,094.73 | 80,442,292.28 | 80,405,655.44 | 1,709,719.28 | |
| High Point | $490,450.68 | $1,459.67 | $40,870.89 | $30,653.17 | $35,032.19 | 9,614,876.87 | 9,610,497.85 | 204,354.45 | |
| Jacksonville | $3,732,475.20 | $11,108.56 | $311,039.60 | $233,279.70 | $266,605.37 | 73,172,065.90 | 73,138,740.23 | 1,555,198.00 | |
| Montgomery - I (6740 Gunter) | $141,225.16 | $420.39 | $11,770.93 | $8,828.20 | $10,089.37 | 2,769,111.28 | 2,767,850.11 | 58,854.65 | |
| Montgomery - II (US Hwy 31) | $3,401,020.78 | $10,122.09 | $283,418.40 | $212,563.80 | $242,930.06 | 66,674,178.21 | 66,643,811.95 | 1,417,091.99 | |
| Opa Locka - II (3000 123rd St) | $396,005.05 | $1,178.65 | $33,000.09 | $24,751.57 | $28,287.50 | 7,765,741.08 | 7,760,205.15 | 165,010.44 | |
| Orlando | $3,782,924.59 | $11,258.70 | $315,243.72 | $236,432.79 | $270,208.90 | 74,161,084.15 | 74,127,308.04 | 1,576,218.58 | |
| Sarasota | $2,827,654.56 | $8,415.64 | $235,637.88 | $176,728.41 | $201,975.33 | 55,433,811.27 | 55,408,564.35 | - | 325,399.62 |

**Wachovia:** Lease rejected 5/24/05; 6/1 rent not paid

**Wachovia:** Represents Smithfield rent rec'd May thru July

**Wachovia:** Includes $337,500 Binswanger fee & Smithfield TIs t/a/o $142,835

### Assumptions Used in Calculations

| | | Days from last pmt date before b/k |
|---|---|---|
| Last Payment Date Before b/k | 1/31/05 | |
| First Payment Date after b/k | 2/28/05 | 28 |
| Petition Date | 2/21/05 | 21 |
| Assumed Sarasota & Clayton Rejection Date | 2/24/05 | 24 |
| Lease Expiration Date | 8/31/24 | |
| Remaining Sched. Lease Payments after b/k | 235 | |

EXHIBIT D

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

**Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered**

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **WINN-DIXIE RALEIGH, INC.**    Case No. _05-03839-3F1_

(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property): | |
|---|---|
| **Deutsche Bank Trust Company Americas,**<br>**as Pass-Through Trustee and as Indenture Trustee**<br>**60 Wall Street**<br>**MS NYC60-2720**<br>**New York, NY 10005-2858**<br><br>**See Annex, Item A** | **(212) 250-2921**<br>Telephone No. of Creditor<br>**(732) 460-6838**<br>Fax No. of Creditor<br><br>(If your address has changed or is incorrect as it appears in Item A, please provide corrections) |

| B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☑ additional address | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.<br>☐ Check box if you have never received any notices in this case. | If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim. |
|---|---|---|
| Name: **John M. Rosenthal, Esq.** | | |
| Company/Firm: **Nixon Peabody, LLP** | | |
| Address: **2 Embarcadero Center, Suite 2700** | | |
| **San Francisco, CA 94117** | | |
| Account or Other Number by Which Creditor Identifies Debtor: | Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: | |

| 1. Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s)<br>☑ Services performed for debtor(s)<br>☐ Goods purchased from debtor(s)<br>☐ Money loaned<br>☑ Personal injury/property damage<br>☐ Other _____ | ☐ Taxes<br>☐ Severance agreement<br>☐ Refund<br>☐ Real property lease<br>☑ Personal property lease<br>☑ Other contract **See Annex, Item 1** | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SSN: _____<br>Unpaid compensation for services performed from<br>_____ to _____<br>(date)    (date) |

| 2. Date debt was incurred: **See Annex, Item 2** | 3. If claim is based on a Court Judgment, date obtained: |
|---|---|

4. Total Amount of Claim at Time Case Filed: $ **See Annex Item 4** $ _____ $ _____ $ _____

(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br><br>Brief description of Collateral: **See Annex, Item 5**<br>☐ Real Estate ☐ Motor Vehicle ☐ Other _____<br><br>Value of Collateral: $ _____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____<br><br>6. Unsecured Nonpriority Claim $ _____<br>☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. **See Annex, Item 6** | 7. Unsecured Priority Claim.<br>☑ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $ **See Annex, Item 7**<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).<br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. **See Annex Item 8**<br>10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This Space Is For Court Use Only<br><br>RECEIVED<br>LOGAN & COMPANY, INC.<br>AS AGENT<br>BANKRUPTCY COURT<br>MIDDLE DISTRICT<br>OF FLORIDA<br><br>2005 JUL 29 PM 3: 42 |
|---|---|

| Date<br><br>**July 26, 2005** | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:<br>Print: **Brendan Meyer**    Title: **Vice President**<br>Signature: _[signature]_ |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ANNEX TO PROOF OF CLAIM OF

## DEUTSCHE BANK TRUST COMPANY AMERICAS

## WINN-DIXIE RALEIGH, INC. A/K/A WINN-DIXIE CHARLOTTE, INC.

Item A.

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company, hereinafter, "Claimant"), is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as of February 1, 2001, among Claimant, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Claimant, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under each Indenture ("Indenture" as that term is defined in the Pass-Through Trust Agreement).

This Proof of Claim asserts claims by Claimant in its capacity as Pass-Through Trustee, as Indenture Trustee and in any other capacity provided for in the Pass-Through Trust Agreement, the Indentures or the Loan Documents listed on the attached Schedule A (each as amended, modified or supplemented from time to time, collectively the "Operative Documents").

Capitalized terms used but not defined herein shall have the respective meanings set forth in the Pass-Through Trust Agreement.

Item 1.

Under the Operative Documents, Claimant is the assignee of all of the Lessor's right, title and interest in that certain Lease Agreement dated as of August 10, 1999 between WINN-DIXIE RALEIGH, INC. A/K/A WINN-DIXIE CHARLOTTE, INC. ("Debtor"), as Lessee and ZSF/WD HIGH POINT, LLC, a Delaware limited liability company, as Lessor, and related documents (collectively, the "Lease") with respect to that certain real property located at 1350 West Fairfield Road, High Point, North Carolina 27263 (the "Property"). Claimant is filing this Proof of Claim in respect of the claims under the Operative Documents, including without limitation the Lease. In addition, Claimant is filing this Proof of Claim in respect of property damages to the Property subject to the Lease, as further described in Item 4 below, if any.

(Note: Claimant is filing separate proofs of claim against Debtor and its affiliates with respect to a group of leases which have been pooled in a single securitization transaction. The Lease is among that group of leases and the claims asserted hereunder relate to that Lease and are non-duplicative of the claims asserted in such other proofs of claim filed by Claimant.)

Item 2.

The Debtor's debts in respect of the Claimant's claims arose on the original dates of the Operative Documents.

S502286.1

Item 4.

The Lease has not been assumed or rejected by Debtor. Debtor has continued to make payments under the Lease. Pursuant to the Bar Date Order, Claimant will have the opportunity to supplement this Proof of Claim if the Lease is rejected by Debtor. As of February 21, 2005 (the "Petition Date"), the Base Rent for the remaining term of the Lease was not less than $9,614,876.87. The total amount of Base Rent received from the Petition Date through July 1, 2005 is $204,354.45. (See Schedule B, attached hereto). The Lease is also subject to a guarantee by debtor Winn-Dixie Stores, Inc.

At the time of the filing of the voluntary petition initiating these cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the Petition Date, the Debtor was and still is indebted to the Claimant for claims arising under the Operative Documents, including without limitation:

    (i)     all obligations of the Debtor to indemnify Claimant under the Indenture or other Operative Documents;

    (ii)    all payments and other amounts owing to Claimant pursuant to the Operative Documents;

    (iii)   any liability arising directly or indirectly under or in connection with any of the certificates issued to certificate holders under the Pass-Through Trust Agreement plus accrued interest and all other amounts owing in respect of such certificates;

    (iv)    any and all Base and Supplemental Rents, and any other payments, reimbursements, indemnifications, fees, expenses and other amounts owing under the Operative Documents, including without limitation, any and all claims for termination damages and late payment charges or interest, or breaches of representations or warranties;

    (v)     all amounts payable by the Debtor to Claimant, whether compensatory or restitutional, in respect of the Debtor's acts or omissions in connection with the affairs of the Claimant or the trusts created under the Operative Documents;

    (vi)    any and all other claims (including, without limitation, contingent and/or unliquidated claims) arising under or relating to any of the Operative Documents.

In addition, Debtor was and still is liable to the Claimant for tort and contract claims arising from property damages to the premises described in the Lease, including, but not limited to, environmental damages, if any.

Item 5 and Item 6.

This claim is a secured claim to the extent of any security provided to the Lessor or Claimant under the Operative Documents or under applicable law.

S502286.1                                        2

Item 7.

Claimant is entitled to administrative priority under 11 U.S.C. §§ 503(b)(7) and 507(a)(2) with respect to monetary obligations of the Debtor that are accruing or otherwise may arise from the Petition Date through the date of actual turnover of the premises.

Item 8.

The writings on which this claim is founded are voluminous and, therefore, will be made available to parties in interest for inspection and copying (at the requesting party's expense) at the offices of Nixon Peabody LLP, 2 Embarcadero Center, Suite 2700, San Francisco, CA 94111, upon reasonable notice during normal business hours.

* * * * *

The amount of all payments on these claims has been credited and deducted for the purpose of making this Proof of Claim. These claims are not subject to setoff or counterclaim. Claimant claims the security interests and liens under the agreements and documents referred to herein.

This Proof of Claim is filed under compulsion of the Bar Date Order entered in these Cases on April 28, 2005. In executing and filing this Proof of Claim, Claimant does not submit itself or the Trust to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Claimant's rights and remedies against any other person, entity or property, (ii) any obligation owed to the Claimant, or any right to any security that may be determined to be held by Claimant, or for the benefit of Claimant, or (iii) any past, present or future defaults or events of default, and (iv) the right to trial by jury, to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant. The filing of this Proof of Claim is not an election of remedies.

Claimant expressly reserves the right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to the claims covered by this Proof of Claim or any other claims. This Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim with respect to any other liability or indebtedness of the Debtor. Claimant specifically preserves all procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor (as debtors or debtors in possession), any trustee for the Debtors' estate, any other party in interest in this bankruptcy case, or any other person or entity whatsoever.

## Schedule A

## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

| Property | Operative Documents | Lessor |
|---|---|---|
| 3300 NW 123rd St<br>Opa Locka, FL<br>(Dade County) FL | Indenture<br>Mortgage, Assignment of Leases and Rents<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 5400 Fulton Industrial Blvd<br>Atlanta, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination. Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | a Winn-Dixie Atlanta, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |
| US Highway 31<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 2740 Gunter Industrial Park<br>Drive,<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 5050 Edgewood Ct.<br>Jacksonville, FL<br>(Duval County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>    Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |

| | | |
|---|---|---|
| 3000 NW 123rd St<br>Opa Locka, FL<br>(Dade County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 3015 Coast Line Dr<br>Orlando, FL<br>(Orlando County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 6100 Macintosh Rd<br>Sarasota, FL<br>(Sarasota County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 210 Century Blvd<br>Bartow, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 255 Jacksonville Hwy<br>Fitzgerald, GA<br>(Ben Hill County) | Indenture<br>Leasehold Deed to Secure Debt, Assignment of Leases<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Option Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 3925 Highway 190 W<br>Hammond, LA<br>(Tangipahoa County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement | Winn-Dixie Louisiana, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |

Lease Assignment and Agreement
Subordination, Non-disturbance and Attornment Agreement
Consent Agreement
Guaranty Agreement

| | | |
|---|---|---|
| 2401 Nevada Blvd<br>Charlotte, NC<br>(Mecklenberg County) | Indenture<br>Deed of Trust, Leasehold Deed of Trust, Assignment of<br>    Leases and Rents, Security Agreement and Financing<br>    Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement<br>Subordination Agreement of Winlotte Properties Corp.<br>Subordination Agreement of Winn-Dixie Stores, Inc. or<br>    affiliates | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 833 Shotwell Road<br>Clayton, NC<br>(Johnson County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Raleigh, Inc. |
| 1350 W Fairfield Rd<br>High Point, NC<br>(Guildford County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 2819 Wade Hampton Blvd<br>Greenville, SC<br>(Greenville County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>    Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |

Schedule B
To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

Winn-Dixie Pass-Through Certificates 1999-1
Proof of Claim Detail

| | Annual Rent | Per Diem Rent | Original Lease Payment (Monthly) | Rent Due Prior to Petition Date (2/21/05) | Rent Due Prior to Assumed Lease Rejection Date (2/24/05) | Rent Due - Petition Date (2/21/05) thru Lease Expiration | Rent Due - Lease Rejection Date (2/24/05) thru Assumed Lease Expiration | Rents Rec'd (Petition Date thru July 1, 2005) | Expenses incurred by Trust |
|---|---|---|---|---|---|---|---|---|---|
| Portfolio Total | $35,778,046.03 | $106,482.28 | $2,981,503.84 | $2,236,127.88 | $2,555,574.72 | $701,398,777.38 | $701,079,330.54 | $12,070,077.79 | $1,330,630.27 |
| Atlanta | $1,888,490.10 | $5,620.51 | $157,374.18 | $118,030.63 | $134,892.15 | 37,022,274.67 | 37,005,413.15 | 786,870.88 | |
| Opa Locka - I (3300 123rd St) | $3,269,863.89 | $9,731.74 | $272,488.66 | $204,366.49 | $233,561.71 | 64,102,956.68 | 64,073,761.46 | 1,362,443.29 | |
| Bartow | $111,487.75 | $331.81 | $9,290.65 | $6,967.98 | $7,963.41 | 2,185,624.43 | 2,184,629.01 | 27,871.94 | |
| Charlotte | $3,493,185.60 | $10,396.39 | $291,098.80 | $218,324.10 | $249,513.26 | 68,480,992.70 | 68,449,803.54 | 1,455,494.00 | |
| Clayton | $5,172,920.88 | $15,395.60 | $431,076.74 | $323,307.56 | $369,494.35 | 101,410,803.09 | 101,364,616.29 | 514,713.00 | 1,005,230.65 |
| Fitzgerald | $1,160,448.48 | $3,453.72 | $96,704.04 | $72,528.03 | $82,889.18 | 22,749,625.41 | 22,739,264.26 | 483,520.20 | |
| Greenville | $1,806,521.03 | $5,376.55 | $150,543.42 | $112,907.56 | $129,037.22 | 35,415,339.36 | 35,399,209.71 | 752,717.10 | |
| Hammond | $4,103,326.28 | $12,212.28 | $341,943.86 | $256,457.89 | $293,094.73 | 80,442,292.28 | 80,405,655.44 | 1,709,719.28 | |
| High Point | $490,450.68 | $1,459.67 | $40,870.89 | $30,653.17 | $35,032.19 | 9,614,876.87 | 9,610,497.85 | 204,354.45 | |
| Jacksonville | $3,732,475.20 | $11,108.56 | $311,039.60 | $233,279.70 | $266,605.37 | 73,172,065.90 | 73,138,740.23 | 1,555,198.00 | |
| Montgomery - I (6740 Gunter) | $141,251.16 | $420.39 | $11,770.93 | $8,828.20 | $10,089.37 | 2,769,111.28 | 2,767,850.11 | 58,854.65 | |
| Montgomery - II (US Hwy 31) | $3,401,020.78 | $10,122.09 | $283,418.40 | $212,563.80 | $242,930.06 | 66,674,178.21 | 66,643,811.95 | 1,417,091.99 | |
| Opa Locka - II (3000 123rd St) | $396,025.05 | $1,178.65 | $33,002.09 | $24,751.57 | $28,287.50 | 7,763,741.08 | 7,760,205.15 | 165,010.44 | |
| Orlando | $3,782,924.59 | $11,258.70 | $315,243.72 | $236,432.79 | $270,208.90 | 74,161,084.15 | 74,127,308.04 | 1,576,218.58 | |
| Sarasota | $2,827,654.56 | $8,415.64 | $235,637.88 | $176,728.41 | $201,975.33 | 55,433,811.27 | 55,408,564.35 | | 325,399.62 |

Wachovia:
Lease rejected 5/24/05. 6/1 rent not paid

Wachovia:
Represents Smithfield rent rec'd May thru July

Wachovia:
Includes $337,500 Briswanger fee & Smithfield TIs l/a/o $142,835

Assumptions Used in Calculations

| | | Days from last pmt date before b/k |
|---|---|---|
| Last Payment Date Before b/k | 1/31/05 | |
| First Payment Date after b/k | 2/28/05 | 28 |
| Petition Date | 2/21/05 | 21 |
| Assumed Sarasota & Clayton Rejection Date | 2/24/05 | 24 |
| Lease Expiration Date | 8/31/24 | |
| Remaining Sched. Lease Payments after b/k | 235 | |

# EXHIBIT E

Form B10 (Official Form 10) (04/04)

| **UNITED STATES BANKRUPTCY COURT**<br>**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>**PROOF OF CLAIM** | **DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME** |
|---|---|---|

**Name of Debtor Against Which You Assert Your Claim:**
Debtor Name: **WINN-DIXIE MONTGOMERY, INC.**   Case No. _05-03837-3F1_
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

**Deutsche Bank Trust Company Americas,**
**as Pass-Through Trustee and as Indenture Trustee**
**60 Wall Street**
**MS NYC60-2720**
**New York, NY 10005-2858**

**See Annex, Item A**

**(212) 250-2921**
Telephone No. of Creditor

**(732) 460-6838**
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, or CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if:** ☐ replaces address above ☒ Additional address
Name: **John M. Rosenthal, Esq.**
Company/Firm: **Nixon Peabody, LLP**
Address: **2 Embarcadero Center, Suite 2700**
**San Francisco, CA 94117**

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

**1. Basis for Claim**
- ☐ Goods sold to debtor(s)
- ☒ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☒ Personal injury/property damage
- ☐ Other
- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☒ Real property lease
- ☒ Other contract **See Annex, Item 1**
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SSN: _____
  Unpaid compensation for services performed from _____ to _____
  (date)   (date)

**2. Date debt was incurred:   See Annex, Item 2**

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**
$ **See Annex Item 4**   $ _____   $ _____   $ _____
(unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:   **See Annex, Item 5**
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Nonpriority Claim** $ _____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.   **See Annex, Item 6**

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim

Amount entitled to priority $ **See Annex, Item 7**
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.   **See Annex Item 8**
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| **July 26, 2005** | Print: **Brendan Meyer**   Title: **Vice President**<br>Signature: _[signature]_ |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ANNEX TO PROOF OF CLAIM OF

DEUTSCHE BANK TRUST COMPANY AMERICAS

WINN-DIXIE MONTGOMERY, INC.

<u>Item A.</u>

Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company, hereinafter, "Claimant"), is acting as (i) Pass-Through Trustee under the Amended and Restated Pass-Through Trust Agreement (Winn-Dixie Pass-Through Certificates, Series 1999-1), dated as of February 1, 2001, among Claimant, as Indenture Trustee, First Union National Bank (now known as Wachovia Bank, N.A.), as Servicer, and Claimant, as Pass-Through Trustee (the "Pass-Through Trust Agreement") and (ii) Indenture Trustee under each Indenture ("Indenture" as that term is defined in the Pass-Through Trust Agreement).

This Proof of Claim asserts claims by Claimant in its capacity as Pass-Through Trustee, as Indenture Trustee and in any other capacity provided for in the Pass-Through Trust Agreement, the Indentures or the Loan Documents listed on the attached Schedule A (each as amended, modified or supplemented from time to time, collectively the "Operative Documents").

Capitalized terms used but not defined herein shall have the respective meanings set forth in the Pass-Through Trust Agreement.

<u>Item 1.</u>

Under the Operative Documents, Claimant is the assignee of all of the Lessor's right, title and interest in that certain Lease Agreement dated as of August 10, 1999 between WINN-DIXIE MONTGOMERY, INC. ("Debtor"), as Lessee and ZSF/WD MONTGOMERY-GUNTER, LLC, a Delaware limited liability company, as Lessor, and related documents (collectively, the "Lease") with respect to that certain real property located at 2740 Gunter Industrial Park Drive, Montgomery, Alabama 36109 (the "Property"). Claimant is filing this Proof of Claim in respect of the claims under the Operative Documents, including without limitation the Lease. In addition, Claimant is filing this Proof of Claim in respect of property damages to the Property subject to the Lease, as further described in Item 4 below, if any.

(Note: Claimant is filing separate proofs of claim against Debtor and its affiliates with respect to a group of leases which have been pooled in a single securitization transaction. The Lease is among that group of leases and the claims asserted hereunder relate to that Lease and are non-duplicative of the claims asserted in such other proofs of claim filed by Claimant.)

<u>Item 2.</u>

The Debtor's debts in respect of the Claimant's claims arose on the original dates of the Operative Documents.

Item 4.

The Lease has not been assumed or rejected by Debtor. Debtor has continued to make payments under the Lease. Pursuant to the Bar Date Order, Claimant will have the opportunity to supplement this Proof of Claim if the Lease is rejected by Debtor. As of February 21, 2005 (the "Petition Date"), the Base Rent for the remaining term of the Lease was not less than $2,769,111.28. The total amount of Base Rent received from the Petition Date through July 1, 2005 is $58,854.65. (See Schedule B, attached hereto). The Lease is also subject to a guarantee by debtor Winn-Dixie Stores, Inc.

At the time of the filing of the voluntary petition initiating these cases (the "Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on the Petition Date, the Debtor was and still is indebted to the Claimant for claims arising under the Operative Documents, including without limitation:

(i)    all obligations of the Debtor to indemnify Claimant under the Indenture or other Operative Documents;

(ii)    all payments and other amounts owing to Claimant pursuant to the Operative Documents;

(iii)    any liability arising directly or indirectly under or in connection with any of the certificates issued to certificate holders under the Pass-Through Trust Agreement plus accrued interest and all other amounts owing in respect of such certificates;

(iv)    any and all Base and Supplemental Rents, and any other payments, reimbursements, indemnifications, fees, expenses and other amounts owing under the Operative Documents, including without limitation, any and all claims for termination damages and late payment charges or interest, or breaches of representations or warranties;

(v)    all amounts payable by the Debtor to Claimant, whether compensatory or restitutional, in respect of the Debtor's acts or omissions in connection with the affairs of the Claimant or the trusts created under the Operative Documents;

(vi)    any and all other claims (including, without limitation, contingent and/or unliquidated claims) arising under or relating to any of the Operative Documents.

In addition, Debtor was and still is liable to the Claimant for tort and contract claims arising from property damages to the premises described in the Lease, including, but not limited to, environmental damages, if any.

Item 5 and Item 6.

This claim is a secured claim to the extent of any security provided to the Lessor or Claimant under the Operative Documents or under applicable law.

Item 7.

Claimant is entitled to administrative priority under 11 U.S.C. §§ 503(b)(7) and 507(a)(2) with respect to monetary obligations of the Debtor that are accruing or otherwise may arise from the Petition Date through the date of actual turnover of the.

Item 8.

The writings on which this claim is founded are voluminous and, therefore, will be made available to parties in interest for inspection and copying (at the requesting party's expense) at the offices of Nixon Peabody LLP, 2 Embarcadero Center, Suite 2700, San Francisco, CA 94111, upon reasonable notice during normal business hours.

* * * * *

The amount of all payments on these claims has been credited and deducted for the purpose of making this Proof of Claim. These claims are not subject to setoff or counterclaim. Claimant claims the security interests and liens under the agreements and documents referred to herein.

This Proof of Claim is filed under compulsion of the Bar Date Order entered in these Cases on April 28, 2005. In executing and filing this Proof of Claim, Claimant does not submit itself or the Trust to the jurisdiction of this Court for any purpose other than with respect to this claim and does not waive (i) any of Claimant's rights and remedies against any other person, entity or property, (ii) any obligation owed to the Claimant, or any right to any security that may be determined to be held by Claimant, or for the benefit of Claimant, or (iii) any past, present or future defaults or events of default, and (iv) the right to trial by jury, to move to withdraw the reference, or otherwise to challenge the jurisdiction of this Court, with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant, or to assert that the reference has already been withdrawn with respect to the subject matter of this claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving the Claimant. The filing of this Proof of Claim is not an election of remedies.

Claimant expressly reserves the right to (i) amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time, (ii) file additional proofs of claim for additional claims which may be based on the same or additional documents, and/or (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to the claims covered by this Proof of Claim or any other claims. This Proof of Claim is filed without prejudice to the filing by Claimant of additional proofs of claim with respect to any other liability or indebtedness of the Debtor. Claimant specifically preserves all procedural and substantive defenses and rights with respect to any claim that may be asserted against Claimant by the Debtor (as debtors or debtors in possession), any trustee for the Debtors' estate, any other party in interest in this bankruptcy case, or any other person or entity whatsoever.

## Schedule A

## To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

| Property | Operative Documents | Lessor |
|---|---|---|
| 3300 NW 123rd St<br>Opa Locka, FL<br>(Dade County) FL | Indenture<br>Mortgage, Assignment of Leases and Rents<br>  Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 5400 Fulton Industrial Blvd<br>Atlanta, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents<br>  Security  Agreement and  Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination. Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | a Winn-Dixie Atlanta, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |
| US Highway 31<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>  Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 2740 Gunter Industrial Park<br>Drive,<br>Montgomery, AL<br>(Montgomery County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>  Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Montgomery,<br>Inc. |
| 5050 Edgewood Ct.<br>Jacksonville, FL<br>(Duval County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>  Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |

| | | |
|---|---|---|
| 3000 NW 123rd St<br>Opa Locka, FL<br>(Dade County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 3015 Coast Line Dr<br>Orlando, FL<br>(Orlando County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-Disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 6100 Macintosh Rd<br>Sarasota, FL<br>(Sarasota County) | Indenture<br>Mortgage, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Stores, Inc. |
| 210 Century Blvd<br>Bartow, GA<br>(Fulton County) | Indenture<br>Deed to Secure Debt, Assignment of Leases and Rents,<br>   Security Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 255 Jacksonville Hwy<br>Fitzgerald, GA<br>(Ben Hill County) | Indenture<br>Leasehold Deed to Secure Debt, Assignment of Leases<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Option Agreement<br>Guaranty Agreement | Deep South Products, Inc. |
| 3925 Highway 190 W<br>Hammond, LA<br>(Tangipahoa County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement | Winn-Dixie Louisiana, Inc.<br>a/k/a Winn-Dixie<br>Montgomery, Inc. |

|  | Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement |  |
|---|---|---|
| 2401 Nevada Blvd<br>Charlotte, NC<br>(Mecklenberg County) | Indenture<br>Deed of Trust, Leasehold Deed of Trust, Assignment of<br>   Leases and Rents, Security Agreement and Financing<br>   Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement<br>Subordination Agreement of Winlotte Properties Corp.<br>Subordination Agreement of Winn-Dixie Stores, Inc. or<br>   affiliates | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 833 Shotwell Road<br>Clayton, NC<br>(Johnson County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Raleigh, Inc. |
| 1350 W Fairfield Rd<br>High Point, NC<br>(Guildford County) | Indenture<br>Deed of Trust, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |
| 2819 Wade Hampton Blvd<br>Greenville, SC<br>(Greenville County) | Indenture<br>Mortgage, Assignment of Leases and Rents, Security<br>   Agreement and Financing Statement<br>Series A Secured Note<br>Series B Secured Note<br>Series C Secured Note<br>Lease Agreement<br>Lease Assignment and Agreement<br>Subordination, Non-disturbance and Attornment Agreement<br>Consent Agreement<br>Guaranty Agreement | Winn-Dixie Charlotte, Inc.<br>a/k/a Winn-Dixie Raleigh,<br>Inc. |

## Schedule B
### To Annex To Proof of Claim of Deutsche Bank Trust Company Americas

Winn-Dixie Pass-Through Certificates 1999-1
Proof of Claim Detail

| | Annual Rent | Per Diem Rent | Original Lease Payment (Monthly) | Rent Due Prior to Petition Date (2/21/05) | Rent Due Prior to Assumed Lease Rejection Date (2/24/05) | Rent Due - Petition Date (2/21/05) thru Lease Expiration | Rent Due - Lease Rejection Date (2/24/05) thru Assumed Lease Expiration | Rents Rec'd (Petition Date thru July 1, 2005) | Expenses Incurred by Trust |
|---|---|---|---|---|---|---|---|---|---|
| Portfolio Total | $35,778,046.03 | $106,482.28 | $2,981,503.84 | $2,236,127.88 | $2,555,574.72 | $701,398,777.38 | $701,079,330.54 | $12,070,077.79 | $1,330,630.27 |
| Atlanta | $1,888,490.10 | $5,620.51 | $157,374.18 | $118,030.63 | $134,892.15 | 37,022,274.67 | 37,005,413.15 | 786,870.88 | |
| Opa Locka - I (3300 123rd St) | $3,269,863.89 | $9,731.74 | $272,488.66 | $204,366.49 | $233,561.71 | 64,102,956.68 | 64,073,761.46 | 1,362,443.29 | |
| Bartow | $111,487.75 | $331.81 | $9,290.65 | $6,967.98 | $7,963.41 | 2,185,624.43 | 2,184,629.01 | 27,871.94 | |
| Charlotte | $3,493,185.60 | $10,396.39 | $291,098.80 | $218,324.10 | $249,513.26 | 68,480,992.70 | 68,449,803.54 | 1,455,494.00 | |
| Clayton | $5,172,920.88 | $15,395.60 | $431,076.74 | $323,307.56 | $369,494.35 | 101,410,803.09 | 101,364,616.29 | 514,713.00 | 1,005,230.65 |
| Fitzgerald | $1,160,448.48 | $3,453.72 | $96,704.04 | $72,528.03 | $82,889.18 | 22,749,625.41 | 22,739,264.26 | 483,520.20 | |
| Greenville | $1,806,521.03 | $5,376.55 | $150,543.42 | $112,907.56 | $129,037.22 | 35,415,339.36 | 35,399,209.71 | 752,717.10 | |
| Hammond | $4,103,326.28 | $12,212.28 | $341,943.86 | $256,457.89 | $293,094.73 | 80,442,292.28 | 80,405,655.44 | 1,709,719.28 | |
| High Point | $490,450.68 | $1,459.67 | $40,870.89 | $30,653.17 | $35,032.19 | 9,614,876.87 | 9,610,497.85 | 204,354.45 | |
| Jacksonville | $3,732,475.20 | $11,108.56 | $311,039.60 | $233,279.70 | $266,605.37 | 73,172,065.90 | 73,138,740.23 | 1,555,198.00 | |
| Montgomery - I (6740 Gunter) | $141,251.16 | $420.39 | $11,770.93 | $8,828.20 | $10,089.37 | 2,769,111.28 | 2,767,850.11 | 58,854.65 | |
| Montgomery - II (US Hwy 31) | $3,401,020.78 | $10,122.09 | $283,418.40 | $212,563.80 | $242,930.06 | 66,674,178.21 | 66,643,811.95 | 1,417,091.99 | |
| Opa Locka - II (3000 123rd St) | $396,025.05 | $1,178.65 | $33,002.09 | $24,751.57 | $28,287.50 | 7,763,741.08 | 7,760,205.15 | 165,010.44 | |
| Orlando | $3,782,924.59 | $11,258.70 | $315,243.72 | $236,432.79 | $270,208.50 | 74,161,084.15 | 74,127,308.04 | 1,576,218.58 | |
| Sarasota | $2,827,654.56 | $8,415.64 | $235,637.88 | $176,728.41 | $201,975.33 | 55,433,811.27 | 55,408,564.35 | | 325,399.62 |

**Assumptions Used in Calculations**

| | | Days from last pmt date before b/k |
|---|---|---|
| Last Payment Date Before b/k | 1/31/05 | |
| First Payment Date after b/k | 2/28/05 | 28 |
| Petition Date | 2/21/05 | 21 |
| Assumed Sarasota & Clayton Rejection Date | 2/24/05 | 24 |
| Lease Expiration Date | 8/31/24 | |
| Remaining Sched. Lease Payments after b/k | 235 | |

Wachovia: Lease rejected 5/24/05; 6/1 rent not paid

Wachovia: Represents Smithfield rent rec'd May thru July

Wachovia: Includes $337,500 Biroswanger fee & Smithfield TIs t/a/o $142,835