UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER AUTHORIZING AND APPROVING REJECTION
### OF REAL PROPERTY LEASE

These cases came before the Court for hearing upon the motion (the "Motion") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 and Federal Rule of Bankruptcy Procedure 9019 authorizing the rejection by the Debtors of the unexpired non-residential real property leases listed on Exhibit A to the Motion (collectively, the "Leases"), the subleases listed on Exhibit B to the Motion (collectively, the "Subleases"), and approving the Sublease Settlement Agreement between E.W. James and the Debtors (as modified by the First Amendment to Sublease Settlement Agreement, the "Settlement Agreement"). An objection to the Motion was filed by the landlord for Store No. 1665, Bennett M. Lifter, Trustee ("Lifter") (the "Objection"). Following a hearing on October 7, 2005, the Court entered an Order granting the Motion, but continued (to the omnibus hearing scheduled for November 4, 2005) the Court's consideration of the Objection and all aspects of the Motion that seek to reject the lease governing Store No. 1665 (the "Store 1665 Lease"). The hearing on the Objection was thereafter continued to the omnibus hearing scheduled for December 1, 2005. Prior to the hearing, based

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

upon negotiations that took place between the parties, Lifter withdrew its Objection. The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as to Lifter and the Store 1665 Lease.

2. The Debtors are authorized to reject the Store 1665 Lease pursuant to 11 U.S.C. § 365(a), and the Store 1665 Lease is deemed rejected, effective as of December 5, 2005.

3. For the month in which the Store 1665 Lease is rejected, the Debtors shall pay all amounts due under the Lease for such month on a prorated basis for each day from the first day of the month through the effective date of rejection.

4. Claims for any rejection damages resulting from the rejection of the Store 1665 Lease shall be filed no later than the earlier of thirty (30) days after (a) the date upon which E.W. James surrenders possession of the premises to Lifter (b) the date upon which E.W. James and Lifter enter into a new lease for the premises, or (c) the date upon which E.W. James is evicted from the premises.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.