UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER ALLOWING COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

This case came on for hearing on December 1, 2005 upon the applications of professionals for the allowance of interim compensation for services rendered and reimbursement of expenses (collectively, the "Applications"). The Court has reviewed the Applications and heard the representations of counsel. Without objection by the United States Trustee or any other interested party, it is

ORDERED AND ADJUDGED:

1. The Applications are approved.

2. The Debtors are authorized and directed to pay each professional the fees and expenses allowed by this Order within five business days of the entry of this Order, to the extent not previously paid.

3. All interim and final fees and expenses allowed by this Order are subject to review by the fee examiner, Stuart, Maue, Mitchell & James, Ltd., parties in interest and this Court, and no determination is made at this time as to reasonableness of the fees. Fees and expenses awarded pursuant to this Order may be subject to disgorgement.

4. Akerman Senterfitt is allowed interim compensation of $156,171.50 for professional services and $19,547.28 for the reimbursement of expenses incurred during the period from April 22, 2005 through September 30, 2005.

5. Alvarez & Marsal, LLC is allowed interim compensation of $ 400,000.00 for professional services and $7,637.09 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

6. The Blackstone Group, L.P. is allowed interim compensation of $668,000.00 for professional services and $49,021.08 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

7. Carlton Fields, P.A. is allowed interim compensation of $240,325.00 for professional services and $9,678.63 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

8. Deloitte Consulting LLP is allowed interim compensation of $1,861,795.10 for professional services and $225,828.00 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

9. Houlihan Lokey Howard & Zukin Capital is allowed interim compensation of $400,000.00 for professional services and $21,346.40 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

10. King & Spalding LLP is allowed interim compensation of $2,007,915.70 for professional services and $43,162.13 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

11. Kirschner & Leger, P.A. is allowed interim compensation of $145,710.00 for professional services and $121.57 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

12. KPMG LLP is allowed interim compensation of $2,524,319.00 for professional services and $90,341.00 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

13. Milbank, Tweed, Hadley & McCloy LLP is allowed interim compensation of $1,283,088.00 for professional services and $101,383.95 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

14. PricewaterhouseCoopers LLP is allowed interim compensation of $193,312.00 for professional services and $19,609.03 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

15. Skadden, Arps, Slate, Meagher & Flom LLP is allowed interim compensation of $4,158,012.50 for professional services and $145,055.82 for the reimbursement of expenses incurred during the period from May 1, 2005 through September 30, 2005.

16. Smith, Gambrell & Russell LLP is allowed interim compensation of $753,100.00 for professional services and $18,786.66 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

17. Smith Hulsey & Busey is allowed interim compensation of $1,428,768.50 for professional services and $59,029.21 for the reimbursement of expenses incurred during the period from May 1, 2005 through September 30, 2005.

18. Togut, Segal & Segal is allowed interim compensation of $15,190.00 for professional services and $1,037.54 for the reimbursement of expenses incurred during the period from June 1, 2005 through September 30, 2005.

19. XRoads Solutions Group, LLC is allowed interim compensation of $5,984,350.00 for professional services and $374,713.55 for the reimbursement of expenses incurred during the period from May 29, 2005 through October 1, 2005.

20. This Order is without prejudice to the rights of these professionals upon application to this Court, to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the second interim compensation period for which approval has not previously been sought and deemed.

Dated in Jacksonville, Florida, this ___1___ day of December, 2005.

Jerry A. Funk
United States Bankruptcy Judge

00515277