UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 )  |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 ) |
| Debtors. | ) Jointly Administered ) |

ORDER AUTHORIZING DEBTORS TO RETAIN DELOITTE & TOUCHE LLP
TO PROVIDE RISK ASSESSMENT, QUALITY ASSESSMENT, AND
JOURNAL ENTRY TESTING SERVICES TO THE DEBTORS

These cases came before the Court for hearing on December 1, 2005, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain Deloitte & Touche LLP ("Deloitte & Touche"), effective as of November 14, 2005, to provide risk assessment, quality assessment, journal entry testing, and, as necessary, other internal audit support services to the Debtors during these cases (the "Application").[1] The Court has reviewed the Application and the supporting affidavit of Richard Serafini (the "Serafini Affidavit") and considered the representations of counsel. Based upon the representations of counsel, after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application as provided in this Order and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted as provided in this Order.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2. The Debtors are authorized to retain Deloitte & Touche, effective as of November 14, 2005, pursuant to section 327(a) of the Bankruptcy Code, to provide risk assessment, quality assessment, and journal entry testing to the Debtors during these cases on the terms set forth in the Application, the Serafini Affidavit, and the letter agreement between the Debtors and Deloitte & Touche dated September 28, 2005 and attached as Exhibit A to the Application (the "Engagement Letter").

3. Notwithstanding anything to the contrary in the Application, Serafini Affidavit, or Engagement Letter, the Debtors shall seek the Court's authorization to the extent that the Debtors wish to retain Deloitte & Touche to provide any additional services that are not encompassed by the Engagement Letter prior to the effective date of a confirmed plan of reorganization in the Debtors' chapter 11 cases.

4. If any supplemental affidavits are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental affidavits, Deloitte & Touche's employment shall continue as authorized pursuant to this Order.

5. Deloitte & Touche shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

6. With respect to indemnification claims based on acts occurring after the Petition Date but prior to the effective date of a confirmed plan of reorganization in the Debtors' chapter 11 cases, all requests for indemnity under the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is

reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Deloitte & Touche be indemnified in the case of its own gross negligence, bad faith, willful misconduct, or self-dealing.

7. No work performed by Deloitte & Touche shall be duplicative of work performed by any other professional retained by the Debtors in these cases.

8. The Debtors' retention of Deloitte & Touche pursuant to this Order shall not be deemed to constitute an assumption of any prepetition agreement between the Debtors and Deloitte & Touche or any of its affiliates and shall in no way impact upon the rights of the Debtors, Deloitte & Touche, or Deloitte & Touche's affiliates with respect to the assumption or rejection of any such agreement pursuant to section 365 of the Bankruptcy Code.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated December __, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

**BAE SYSTEMS**
**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3           User: cartes              Page 1 of 1              Date Rcvd: Dec 01, 2005
Case: 05-03817                 Form ID: pdfdoc           Total Served: 1

The following entities were served by first class mail on Dec 03, 2005.
aty         +Cynthia C. Jackson,   Smith Hulsey & Busey,   225 Water Street, Suite 1800,
              Jacksonville, FL 32202-4494
The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 03, 2005**                    **Signature:** *Joseph Speetjens*