UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                              Chapter 11
                                                                    Case No. 3-05-bk-3817-JAF
WINN-DIXIE STORES, INC., et al.,

     Debtors.
_____/

**WEBBER COMMERCIAL PROPERTIES, LLC**
**MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM AND**
**TO COMPEL PAYMENT OF THE ADMINISTRATIVE CLAIM**

     WEBBER COMMERCIAL PROPERTIES, LLC. ("Webber") moves the Court to enter an Order granting Webber an administrative expense claim and compelling payment of the administrative expense claim pursuant to 11 U.S.C. § 503(B)(1)(A) and §507(a), and states the following in support thereof:

**PROCEDURAL AND FACTUAL BACKGROUND**

     1.     On or about September 20, 1996, pre-petition, WINN-DIXIE STORES, INC ("Winn-Dixie") entered into a Lease (the "Lease") with Southwest Florida Building Group, Inc. ("Southwest") with respect to leasing 220 feet x 200 feet of retail space in the San Carlos Center (the "Property") located at 1801 South Tamiami Trail, Fort Myers, Florida. A true and correct copy of the Lease is attached hereto as **Exhibit "A."**

     2.     On or about June 14, 2002, Southwest sold the Property to Webber. A true and correct copy of the Deed is attached hereto as **Exhibit "B."**

3. On February 21, 2005 (the "Petition Date"), the Debtors filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code and an Order for Relief was entered on that date.

4. In or about September 2005, Winn Dixie vacated the Property. Webber incurred $1,780.00 in out-of-pocket expenses for replacing and/or repairing the Property. A true and correct copy of the repair damages is attached as **Exhibit "C."**

## ARGUMENT AND LEGAL ANALYSIS

5. Section 507 of the U.S. Bankruptcy Code provides that:

   (a) The following expenses and claims have priority in the following order:

       (1) The following expenses and claims have priority in the following order:

       (2) Section 503(b) of the U.S. Bankruptcy Code states that:

   (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including-

       (1) (A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

In In re United Trucking Service Inc., 851 F.2d 159, 162 (6th Cir., 1988), the court held that the lessor's post-petition damage claim for leased equipment, some of which had been stripped, was properly treated as administrative expense entitled to priority for the debtor's post-petition continued use of lease equipment, that was not in accordance with the terms of the pre-petition lease agreement.

Similarly, in this case Webber is entitled to an administrative expense claim in an amount equal to the cost of replacing/repairing the damages to the Property, which occurred post-petition.

**WHEREFORE,** Webber respectfully requests that the Court enter an order granting Webber an administrative expense claim in the amount of $1,780.00, and compelling the Debtor to pay the administrative expense claim immediately, along with such further relief as the Court deems appropriate.

    Respectfully submitted,

/s/ William Knight Zewadski
WILLIAM KNIGHT ZEWADSKI
Florida Bar No. 121746
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS
Professional Association
2700 Bank of America Plaza
Post Office Box 1102
Tampa, Florida 33601
Telephone: (813) 223-7474
Telefax: (813) 229-6553
Attorneys for Movant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy o f the foregoing Motion for Allowance of Administrative Claim and to Compel Payment of the Administrative Claim has been served electronically or by regular U.S. Mail on December 5, 2005, to:

**Adam Ravin** , Esquire
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

**Cynthia C. Jackson**
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

**Elena L Escamilla**, Assistant U.S. Trustee
135 W Central Blvd., Ste 620
Orlando, FL 32806

**Dennis F. Dunne, attorney to Unsecured Creditor's Committee**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

**John B. Macdonald**, attorney to Unsecured Creditor's Committee
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202

        /s/ William Knight Zewadski
        Attorney

1358306v1