Hearing Date: December 15, 2005
Objection Deadline: December 14, 2005

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT
GROUND LEASES AND AIRPORT HANGAR LEASE RETROACTIVELY
AND (II) TO ESTABLISH BAR DATE FOR ANY REJECTION DAMAGE CLAIMS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. §§ 365(a), authorizing the Debtors to reject non-residential real property leases and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for these leases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., WinnDixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.   The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner. On March 1, 2005, an official committee of unsecured creditors was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code. On August 17, 2005 an equity committee was appointed.

3.   The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. 4.   The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores and related facilities (the "Targeted Stores"). To date, the Debtors have sold more than 100 Targeted Stores and sent rejection notices for another 200 Targeted Stores.

5.   Because of the Debtors' footprint reduction, the Debtors no longer need and have decided to reject the leases for Stores 1402, 2099, 2177, 2382 and 2629 (collectively, the "Store Leases"). In addition, because the Debtors have sold their corporate aircraft, the Debtors no longer need to rent an airport hangar at the Jacksonville International Airport and have decided to reject this lease (the "Airport Hangar Lease"). The Store Lease and Airport Hanger Lease are referred to below collectively, as the "Leases." The Debtors pay a combined annual rent in excess of $200,000 under the Leases. A schedule identifying each of the Leases and the respective landlords is attached as Exhibit A.

6.   This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the

00514626.DOC.2

2

meaning of 28 U.S.C. § 157(b)(2).

7.     The statutory predicates for the relief requested in the Motion are sections 365(a) and 554(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

**Relief Requested**

8.     By this Motion, the Debtors seek an order of the Court, (i) pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Leases effective as of December 1, 2005, and (ii) establishing a bar date for any of the applicable landlords to file any rejection damage claim arising in connection with the Leases.

**The Leases**

9.     In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Leases in the amount of approximately $200,000 annually. The Debtors have concluded that the Leases constitute a burden on the Debtors and their estates, and are not necessary for an effective reorganization. Accordingly, the Debtors seek to reject the Leases.

**Basis for Relief**

10.    Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the

00514626.DOC.2

3

"business judgment" rule. See <u>In re Gardinier, Inc.</u>, 831 F.2d 974, 976 n.2 (11th Cir. 1987); <u>In re Cent. Fla. Fuels, Inc.</u>, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); <u>Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.</u>, 872 F.2d 36, 40 (3d Cir. 1989); <u>Sundial Asphalt Co. v. V.P.C. Investors Corp.</u> (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See <u>Sharon Steel Corp.</u>, 872 F.2d at 39-40; <u>In re Kong,</u> 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); <u>In re Cent. Fla. Fuels, Inc.</u>, 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See <u>In re III Enters., Inc. V,</u> 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), <u>aff'd sub nom.</u> <u>Pubelo Chem, Inc. v. III Enters. Inc. V,</u> 169 B.R. 551 (E.D. Pa. 1994); <u>In re Hardie,</u> 100 B.R. at 287.

12. The Debtors' business judgment supports rejection of the Leases. The Store Leases are for stores are no longer within the continuing footprint of the Debtors and the Debtors have no further use for the Airport Hangar because the Debtors no longer own any airplanes. Failure to reject the Leases will result in the Debtors continuing liability for administrative rental expenses.

### Rejection Damages

13. Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedures, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the landlord for any of the Leases to file a proof of claim for any rejection damages at 30 days after entry of an order approving the motion.

00514626.DOC.2

**Notice**

14.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the affected landlords of the Leases.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit B (i) authorizing the Debtors to reject the Leases as of the effective date; (ii) establishing a deadline for any applicable landlord to file a rejection damage claim in connection with the Leases; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  December 8, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*<br>       D. J. Baker<br>       Sally McDonald Henry<br>       Rosalie Walker Gray | By   *s/ Cynthia C. Jackson*<br>       Stephen D. Busey<br>       James H. Post<br>       Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00514626.DOC.2

5

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' TO REJECT GROUND**
**LEASES AND AIRPORT HANGAR LEASE AND**
**ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §365 authorizing the Debtors to reject Leases and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the applicable landlords must file any claims for rejection damages (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Leases pursuant to 11 U.S.C. §365(a). The leases for Stores 1402, 2099, 2177, 2382 and 2629 and the Airport Hangar are rejected effective December 1, 2005.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

2

        3.        The applicable landlords must file any claims resulting from the rejection of the Leases, if any, no later than thirty (30) days after entry of this Order.

        4.        Nothing in this Order constitutes a waiver of any claims the Debtors may have against the applicable landlords, whether or not related to the Leases.

        5.        The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

        6.        The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2005, in Jacksonville, Florida.

 

_____
Jerry A. Funk
United States Bankruptcy Judge

00514626.DOC.2

2

# Exhibit A

1. **Store No. 1402**

    (a)  Ground Lease dated August 31, 2004 between CA New Plan Venture Fund, LLC, as Landlord and Winn-Dixie Montgomery, Inc., as Tenant.

    (b)  Lease dated October 31, 2003 between CA New Plan Venture Fund, LLC, as Landlord and Winn-Dixie Montgomery, Inc., as Tenant, as supplemented on March 10, 2005.

2. **Store No. 2099**

    (a)  Lease dated March 22, 1988 between Saddle Fund I Limited Partnership, as Landlord, and Winn-Dixie Charlotte, Inc., as Tenant, as amended on October 30, 1989 and on December 1, 1989

    (b)  Lease dated March 14, 1989 between Saddle Fund I Limited Partnership, as Landlord, and Winn-Dixie Raleigh, Inc., as Tenant, as amended on October 30, 1989.

3. **Store No. 2177**

    (a)  Lease dated March 23, 1987 between Palmer Development Company, Inc., as Landlord, and Winn-Dixie Charlotte, Inc. as Tenant, as amended on April 9, 1987.

    (b)  Land Lease dated May 6, 1986 between Palmer Development Co., Inc., as Landlord, and Winn-Dixie Charlotte, Inc., as Tenant, as supplemented on March 5, 1987 and as amended on April 9, 1987.

4. **Store No. 2382**

    (a)  Lease dated February 28, 1966 between Ruth S. Smith, Elma Jean Olden, Jo Ann Snodgrass Bentti, collectively, as Landlord, and Winn-Dixie Stores, Inc., as Tenant, as amended on February 28, 1986 and on October 31, 1995. **(Expansion Space)**

(b) Lease dated April 25, 1964 between Carl Dauksch, as Landlord, and Winn-Dixie Stores, Inc., at Tenant, as amended on October 20, 1967 and April 29, 1985. **(Building and Parking Lot)**

(c) Lease dated December 15, 1987 between Samuel C. Roper, Jr., as Landlord, and Winn-Dixie Stores, Inc., as Tenant, as amended on October 29, 1988. **(Parking Lot)**

5. **Store No. 2629**

   (a) Lease dated March 29, 1993 between Southern Farm Bureau Life Insurance Company, as Landlord, and Winn-Dixie Montgomery, Inc., as Tenant, as supplemented and amended on December 29, 1993 and June 30, 2000

   (b) Land Lease Agreement dated April 21, 1977 between Laura T. Nassar, as Trustee for Elizabeth M. Nassar, James P. Nassar and John A. Nassar, as Landlord, and, Winn-Dixie Montgomery, Inc., as Tenant, as supplemented and amended.

   **(Billboard Lease)**  Lease dated October 23, 2001 between the Lamar Companies, as Lesee and Winn-Dixie Louisiana, Inc.

6. **Airport Hangar**

   Sublease dated May 5, 1969 between Airkaman of Jacksonville, Inc. and Winn-Dixie Stores, Inc., as amended on April 15, 1987.

00515232.DOC