IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtor(s). | Case No.: 3-05-bk-03817-JAF<br>Chapter 11<br>JOINTLY ADMINISTERED |

## LIMITED OBJECTION BY THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO THE DEBTORS' MOTION FOR ORDER GRANTING THIRD EXTENSION OF EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS AND OBTAINING ACCEPTANCES OF SUCH PLANS

COMES NOW that the Official Committee of Equity Security Holders appointed in the above-referenced bankruptcy proceedings (the "Equity Committee") and files its objection (the "Objection") to the Motion for Order Granting Third Extension of Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 4312] (the "Motion") filed by the above-referenced debtors (the "Debtors"), and in support thereof respectfully shows as follows:

### BACKGROUND

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner.

LEGAL_US_E # 70282035.2

3.  The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 326 stores.

4.  On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.

5.  On August 17, 2005, the Office of the United States Trustee appointed the Equity Committee pursuant to section 1102(a) of the Bankruptcy Code. The Equity Committee consist of the following members: (i) Mr. Greg Rippel on behalf of Brandes Investment Partners, L.P. Profit Sharing Plan; (ii) Houston N. Maddox; (iii) Paul Madsen;[1] (iv) Michael Nakonechny; and (v) Kenneth M. Thomas.

## EXTENSIONS OF EXCLUSIVE PERIODS

6.  On or about June 16, 2005, the Court entered an Order Extending Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 1747]. Pursuant to the order, the exclusive period for the Debtors to propose plans of reorganization was extended to September 19, 2005 and the exclusive solicitation period was extended to November 21, 2005.

---

[1] On or about September 23, 2005, Mr. Madsen resigned from the Equity Committee.

7.  On or about August 12, 2005, the Debtors filed a Motion for Order Further Extending Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 2981] (the "Second Exclusivity Motion"). The Equity Committee filed its Limited Objection to the Debtors' Motion for Order Further Extending Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 3389] requesting that the Debtors provide the Equity Committee with information regarding any proposed plan of reorganization during the extended period. To date, the Equity Committee has not received any draft plan of reorganization from the Debtors.

8.  On or about September 8, 2005, the Court entered its Order Further Extending Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans [Docket No. 3401]. Pursuant to the order, the exclusive period for the Debtors to propose plans of reorganization was further extended to December 19, 2005 and the exclusive solicitation period was extended to February 20, 2006.

9.  On or about November 23, 2005, the Debtors filed the present Motion seeking entry of an order further extending the exclusive period to propose plans of reorganization (the "Exclusive Proposal Period") to and including March 20, 2006 and extending the exclusive period to solicit votes on such plans of reorganization (the "Exclusive Solicitation Period," together with the Exclusive Proposal Period, the "Exclusive Periods") to and including May 22, 2006.

## ARGUMENT

10. The Equity Committee does not object to the granting of a 90-day extension of the Exclusive Periods provided that during such extended period the Debtors move forward toward negotiating a plan of reorganization in an efficient and cost-effective manner. The Equity

Committee is very concerned at what appear to be excessive professional fees and expenses incurred to date by the Debtors and Creditors Committee. As of September 30, 3005, the Debtors have incurred over $34 million in fees and expenses and the Creditors Committee has incurred over $4 million in fees and expenses. Extending exclusivity extends the burn rate and the Equity Committee requests that the Debtors focus on steps necessary to file proposed plan of reorganization sooner rather than later as well as focusing on an appropriate level of professional services. Otherwise, third parties, including the Equity Committee, should be permitted to present and file proposed plans of reorganization. If anything the ability for third parties to propose a plan of reorganization could expedite the Debtors' exit from Chapter 11.

11.     As set forth above, the Equity Committee does not object to the present Motion, provided, that the Equity Committee is granted continued access to requested information during the extended period.

**Debtors Must Disclose Information Regarding Progress Towards Plan of Reorganization**

12.     While the Equity Committee does not object to the present Motion based on (i) information available to the Equity Committee under its confidentiality agreement with the Debtors and (ii) documents provided under the Court's Order Requiring Filing Under Seal of Pleadings Related to Appointment of Equity Committee [Docket No. 3426] (the "Seal Order"), the Debtors have failed to present in their Motion any information as to their progress toward proposing a plan of reorganization. The Debtors have not presented any outline, draft or proposal regarding any plan of reorganization.

13.     Moreover, the Debtors need to provide updated and current substantive information regarding the implementation of the market area reduction program (the "Footprint Process") and the status of the Debtors' ongoing operations thereunder.

14. Paragraph 22 of the Motion identifies a variety of operational initiatives designed to cut costs and improve performance, including, but not limited to, the following (collectively, the "Operational Initiatives"): (a) the implementation of a sustainable strategic sourcing program; (b) a significant reduction in corporate overhead costs; (c) the reorganization of the Debtors' "field team" by reducing the number of district managers from 96 to 30; (d) the establishment of several merchandising and marketing programs designed to improve product offerings; (e) the rolling out of several customer service initiatives; (f) the investment in capital to refresh the appearance of many stores; and (g) the realignment of the overhead structure to reflect the new footprint. The Operational Initiatives were implemented to cut costs and improve performance. In their Motion, the Debtors have not provided any information on how these initiatives have impacted the bankruptcy estates.

15. In their Motion, the Debtors state that "Hurricanes Katrina and Wilma placed additional operational challenges upon the Company" but fail to provide information regarding any actual negative impact such hurricanes had on the Debtors' operations, financial projections and projected emergence from Chapter 11 in May 2006.

16. The Equity Committee does not object to the Motion but believes that it is necessary for the Debtors to provide this Court and parties-in-interest with substantive information regarding their progress towards reorganization, the results of their various initiatives and programs and any improvements in operations.

**The Debtors Must Minimize the Ongoing Costs of the Bankruptcy Case**

17. The Debtors have provided no information regarding the minimization of the costs of these bankruptcy cases during the extended periods. As of September 30, 2005, the Debtors have incurred in the aggregate over $38 million in fees and expenses since the Petition

Date with respect to the retained professionals. Since the Petition Date, the Debtors have incurred the following fees and costs in connection with their professionals:

| Retained Professionals | Fees and Costs Incurred through September 30, 2005 |
|---|---|
| Bain & Company, Inc. | $1,264,396.71 |
| Blackstone Group L.P. | $1,305,230.31 |
| Carlton Fields | $363,499.69 |
| Deloitte Consulting LLP | $2,295,023.40 |
| King & Spalding | $2,822,815.92 |
| Kirschner & Legler | $239,225.83 |
| KPMG LLP | $3,267,980.00 |
| PricewaterhouseCoopers | $1,148,690.91 |
| Skadden Arps Slate Meagher & Flom | $7,460,180.51 |
| Smith Gambrell & Russell | $1,351,433.13 |
| Smith Hulsey & Busey | $1,616.060.23 |
| Togut Segal & Segal | $122,860.88 |
| XRoads | $11,220,181.55 |
| TOTAL | $34,477,579.07 |

18. The Creditors Committee has incurred the following fees and costs in connection with its professionals:

| Retained Professionals | Fees and Costs Incurred through September 30, 2005 |
|---|---|
| Akerman Senterfitt | $175,718.78 |
| Alvarez & Marsal | $716,375.83 |
| Houlihan Lokey | $734,571.47 |
| Milbank Tweed | $2,687,743.96 |
| TOTAL | $4,314,410.04 |

19. There are seventeen (17) retained professionals in this case. As set forth in the charts above, the fees and expenses incurred in this case are a significant burden on these bankruptcy estates and the extension of the Exclusive Periods should be carefully assessed in light of these costs.

20. The Equity Committee requests that any order granting the extension provide that the extension of the Exclusive Proposal Period to and including March 20, 2006 and the Exclusive Solicitation Period to and including May 22, 2006 be the last such extension.

[signature on next page]

Respectfully submitted this 8th day of December, 2005

PAUL, HASTINGS, JANOFSKY & WALKER LLP

/s/ Karol K. Denniston
Karol K. Denniston
Ga. Bar No. 218333
Carolyn (Keri) Chayavadhanangkur
Ga. Bar No. 122152
600 Peachtree Street
Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400
karolkdenniston@paulhastings.com
carolynchayavadhanangkur@paulhastings.com

And

PAUL, HASTINGS, JANOFSKY & WALKER LLP
James D. Wareham
DC Bar No. 411799
875 15th Street
Washington, DC 20005
Telephone: (202) 551-17000
jameswareham@paulhastings.com

And

JENNIS & BOWEN, P.L.

/s/David Jennis
David Jennis
Fla. Bar No. 775940
Chad S. Bowen
Fla. Bar No. 0138290
400 North Ashley Drive
Suite 2540
Tampa, FL 33602
Telephone: (813) 229-1700
djennis@jennisbowen.com
cbowen@jennisbowen.com

*Co-Counsel for the Official Committee of Equity Holders*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| In re: | : | |
| --- | --- | --- |
| | : | Case No.: 3-05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | : | Chapter 11 |
| | : | JOINTLY ADMINISTERED |
| Debtor(s). | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Carolyn Chayavadhanangkur, hereby certify that a true and accurate copy of the **Limited Objection by the Official Committee of Equity Security Holders to the Debtors' Motion for Order Granting Third Extension of Exclusive Period for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans** was served on December 8, 2005, via ECF or overnight courier, upon the following parties:

| Counsel for the Debtors | United States Trustee |
| --- | --- |
| D.J. Baker | Elena L. Escamilla |
| Skadden Arps Slate Meagher & Flom, LLP | Kenneth C. Meeker |
| Four Time Square | 135 W. Central Blvd., Suite 620 |
| New York, NY 10036 | Orlando, FL 32806 |
| | |
| And | |
| | |
| Cynthia C. Jackson | |
| Smith Hulsey & Busey | |
| 225 Water Street, Suite 1800 | |
| Jacksonville, FL 32201 | |

1

LEGAL_US_E # 70290655.1

| | |
|---|---|
| <u>Counsel for the Creditors' Committee</u><br>Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br><br>And<br><br>John B. Macdonald<br>Akermann Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202 | |

December 8, 2005.

*[signature]*

2