**UNITED STATES BANKRUTPCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CASE NUMBER: 05-03817-JAF
Jointly Administered

IN RE:    CHAPTER 11

WINN DIXIE STORES, INC., et al

    Debtor,

**OBJECTION TO DEBTOR'S MOTION FOR ORDER
UNDER 11 U.S.C. §365(d)(4) GRANTING THIRD EXTENSION OF
TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT
UNEXPIRED LEASES ON NONRESIDENTIAL REAL PROPERTY**

**NOW COMES SARRIA ENTERPRISES, INC. ("SARRIA")**, by and through the undersigned counsel, and submits this Objection to Debtor's Motion for Order Under 11 U.S.C. §365(d)(4) Granting Third Extension of Time within which Debtors May Assume or Reject Unexpired Leases on Nonresidential Real Property (the "Third Extension") and states the following:

**BACKGROUND**

1. **SARRIA** is the Landlord and Winn Dixie is the Tenant pursuant to a Lease dated December 18, 1980 of the store located at the S.W. corner of 8th Street and 122nd Avenue in Miami-Dade County, Florida.

2. The store is known to Winn Dixie as Store 237.

3. On or about June 3, 2005, **SARRIA** filed a Motion for Relief from Stay (the "Motion").

4. On numerous occasions this Motion has been continued by Winn Dixie and **SARRIA** in an effort to resolve the dispute which **SARRIA** asserts in the Motion.

5. A final hearing on the Motion is currently set for January 23, 2006 at 2:00 p.m., with the parties agreeing to continue to attempt resolution prior to the hearing.

6. Debtor's Third Extension requests a date through and including March 20, 2006, by which Debtor's May Assume or Reject unexpired Leases on Nonresidential Real Property, including Store 237.

7. **SARRIA** will be prejudiced if Winn Dixie's proposed Order is entered granting Debtor's Third Extension as it relates to Store 237 prior to the hearing on Sarria's Motion for Relief from Stay.

8. **SARRIA** is suffering substantial economic damage on an ongoing basis as a result of the continued extensions that the Debtor is requesting.

9. **SARRIA** thereby requests the Court to exclude Store 237 from Debtor's Third Extension.

10. **SARRIA** would like to have the ability to make a motion to compel Debtor to assume or reject the Lease for Store 237 after January 23, 2006 but prior to March 20, 2006.

11. Thus far **SARRIA** has not filed a Motion to Compel Debtor to Assume or Reject the Lease for Store 237 because the parties have sought an agreed resolution of **SARRIA's** Motion.

12. However, depending on the outcome of the hearing on January 23, 2006, **SARRIA** will immediately thereafter (or possibly simultaneously therewith) seek to require the Debtor to assume or reject the Lease.

13. Debtor and **SARRIA** agreed they would in "good faith" seek resolution prior to the hearing on the Motion. However, if the parties are unsuccessful in resolving this matter and if **SARRIA** is unsuccessful on the merits of its Motion, **SARRIA** would like the ability to file a motion to compel Debtor to assume or reject the Lease with respect to Store 237, prior to the March 20, 2006.

14. Debtor owes **SARRIA** rent, as defined in the Lease in the amount of $124,035.70 plus interest and costs.

15. 11 U.S.C. §365(d)(4) was added to assist landlords in bankruptcy, not to financially harm them, such as in this case. In a Middle District of Florida bankruptcy case it states "[t]here

is no question, as noted earlier, that the amendment of § 365 by BAFJA were enacted for the sole benefit for owners of nonresidential properties primarily for the benefit of owners of shopping centers." *See* <u>In the Matter of J. Woodson Hays, Inc., d/b/a Olde World Cheese Shop</u>, 69 B.R. 303, 308 (1987).

16. The Debtor has had over nine (9) months to decide if they will assume or reject the Lease, and **SARRIA** believes there is not good cause to approve the Debtor's Third Extension under 11 U.S.C. §365(d)(4) in regards to Store 237.

17. **SARRIA** has been patient but continues to be financially harmed and therefore, **SARRIA** seeks Relief from the Stay.

**WHEREFORE**, **SARRIA** respectfully requests this Court exclude Store 237, from Debtor's Third Extension Order, prohibit rejection of the Lease until after final hearing on the Motion and such other relief as this court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via electronic notice if registered in the Electronic Case Filing System on this 8th day of December, 2005.

BURGER, FARMER & COHEN, P.L.
1601 Forum Place, Suite 404
West Palm Beach, FL 33401
Telephone Number: (561) 689-1663
Facsimile Number: (561) 689-1707

/s/ Alan M. Burger
Alan M. Burger, Esq.
Florida Bar Number: 833290

MICHAEL A. KAUFMAN, P.A.
 1601 Forum Place, Suite 404
West Palm Beach, FL 33401
(561) 478-2878 - Telephone
(561) 689-1707 - Fax

/s/ Michael A. Kaufman
Michael A. Kaufman, Esq.
Florida Bar No.: 0628042