## EXHIBIT C

# Paul Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(404) 815-2347.
karolkdenniston@paulhastings.com

November 2, 2005                                                    59559.00013

VIA E-MAIL

David J. Baker, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036

Re:    In re Winn-Dixie Stores, Inc., et al.

Dear Jan:

We have reviewed the company's 2005 Proxy Statement in connection with the annual meeting, the proposed election of the Class III directors, the proposed ratification of KPMG LLP as the independent auditors, and such other action as may properly come before the meeting.

In light of the United States Trustee's recent statements regarding the need to conduct further due diligence of the Debtors and her possible reconsideration of the appointment of the Equity Committee, the Equity Committee deems it necessary to gather information relating to assets of the estate and to be in a fully informed position with respect to the matters to be voted upon at the December 8, 2005 annual meeting. The Equity Committee hereby requests that the company disclose to the Equity Committee any investigation, evaluation, or other action undertaken by the Board, including any self-evaluation undertaken by the Board or Committee thereof, relating to the performance of, or claims the company may have against, (A) the Class III directors and/or any other directors; and (B) KPMG LLP.

The Equity Committee also requests that the company provide to the Equity Committee an analysis of the company's D&O insurance policies and whether any actions or failures to act by the Board and/or management during the past five years in overseeing the management and operation of the company would constitute covered claims under such policies.   To the extent the Board or the company has placed any D&O carrier on notice of any potential claim, the Equity Committee requests information regarding each such notice.

The Equity Committee notes that there is no requirement under securities law or otherwise to ratify the appointment of the independent auditors and is concerned that the proposed ratification could be construed to waive claims or potential claims the estate

Paul*Hastings*
ATTORNEYS

David J. Baker, Esq.
November 2, 2005
Page 2

may have against the auditors for malfeasance or malpractice. The same is true for the
proposed election of the Class III directors. If no such investigation, evaluation or other
performance review exists, the Equity Committee hereby requests that the Board form an
independent committee with independent counsel to make such investigation prior to the
annual meeting and prior to any ratification of the independent auditors and election of
the Class III directors. The Equity Committee has further noted that such claims, to the
extent any such claims exist, are property of the company's bankruptcy estate and as such
investigation is necessary to preserve and protect estate assets from possible unintentional
waiver.

We appreciate the sensitive nature of this request. To the extent the company would
prefer this discovery to be formally conducted in the bankruptcy proceeding, please let me
know and we will serve appropriate formal requests.

Best regards,

*Karol K. Denniston*

Karol K. Denniston
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

KKD:sm

Paul*Hastings*
ATTORNEYS

David J. Baker, Esq.
November 2, 2005
Page 3


bcc:    Ian Rose
        Greg Rippel
        Jonathan K. Menor
        Houston N. Maddox
        Kenneth M. Thomas
        Michael Nakonechny
        Adam Keil
        Ben Backowski
        Thomas C. Carlson
        William Q. Derrough
        Carolyn (Keri) Chayavadhanangkur
        Thomas R. Pollock
        James D. Wareham
        Devora Nealy