**EXHIBIT F**

**Paul**Hastings
ATTORNEYS

Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.E. • Twenty-Fourth Floor • Atlanta, GA 30308
telephone 404 815 2400 • facsimile 404 815 2424 • www.paulhastings.com

Atlanta
Beijing
Brussels
Hong Kong
London
Los Angeles
Milan
New York
Orange County
Palo Alto
Paris
San Diego
San Francisco
Shanghai
Stamford
Tokyo
Washington, DC

(404) 815-2347
karolkdenniston@paulhastings.com

December 5, 2005

VIA E-MAIL AND MAIL

Kenneth C. Meeker
U.S. Department of Justice
Office of the United States Trustee
135 W. Central Boulevard
Suite 620
Orlando, FL 32801

Re: Winn-Dixie Stores, Inc., et al., Case No. 3-05-bk-03817-JAF (the "Bankruptcy Case")

Dear Mr. Meeker:

Since the appointment of the Official Committee of Equity Security Holders in this Bankruptcy Case (the "Equity Committee") on August 17, 2005, the Equity Committee, and its professionals have focused on a number of important matters where it has been clear that equity security holders of Winn-Dixie Stores, Inc. ("Winn-Dixie") are not adequately represented. We write this letter to provide an overview of our activities and to note the importance of making sure that equity holders continue to be fairly and adequately represented in this Bankruptcy Case.

We note that as of the appointment of the Equity Committee neither the Debtors nor the Creditors Committee have explored, much less investigated, a number of significant matters that impact potential recoveries to the bankruptcy estates. A review of the Debtors' director and officer insurance policies has established the existence of significant coverage. To date, until the involvement of the Equity Committee, no one has explored whether and how these insurance assets can be utilized to the benefit of the bankruptcy estates. Moreover, no one has considered whether there are potential claims and/or causes of action the bankruptcy estates should be pursuing against those responsible for the circumstances that led to the bankruptcy filings.

To that end the Equity Committee and its professional advisors have reviewed Winn-Dixie's filings with the Securities and Exchange Commission for the preceding five (5) years. This review has included, among other things, 10-Ks, 10-Qs, and 8-Ks. Most recently the Equity Committee and its professional advisors have analyzed Winn-Dixie's public filings, including the Form 10-K for the fiscal year ending June 29, 2005 (the

LEGAL_US_E # 70263510.4

Paul Hastings
ATTORNEYS

Kenneth C. Meeker
December 5, 2005
Page 2

"Winn-Dixie 10-K") and Winn-Dixie's Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 dated October 27, 2005 (the "Proxy Statement").

Following this review and analysis on behalf of the Equity Committee, Paul Hastings prepared a number of pleadings, including:

- Motion for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code;

- Complaint for (A) Declaratory Relief; (B) Injunctive Relief; and (C) Appointment of an Examiner;

- Motion for Temporary Restraining Order and Preliminary Injunction Enjoining the Debtors from Proceeding with the (I) Election of Class III Directors; and (II) Ratification of KPMG LLP's Appointment as Independent Registered Public Accounting Firm at its Annual Meeting; and

- Memorandum of Law in Support of its Motion for Temporary Restraining Order and Preliminary Injunction Enjoining the Debtors from Proceeding with the (I) Election of Class III Directors; and (II) Ratification of KPMG LLP's Appointment as Independent Registered Public Accounting Firm at its Annual Meeting.

Once the pleadings were prepared and approved by the Equity Committee, Paul Hastings advised the Debtors' counsel of the Equity Committee's intention to seek an injunction of the annual meeting and the appointment of an examiner because the Winn-Dixie 10-K and Proxy Statement wholly failed to disclose the basis for Winn-Dixie's recommendations that the Class III Directors be re-elected and the appointment of KPMG LLP ratified.

Debtors' counsel has responded by agreeing to the continuation of the annual meeting until the independent investigation described below can be conducted and completed. In fact, on December 1, 2005, Winn-Dixie issued a press release stating, "Winn-Dixie Stores, Inc. announced today that the Company's annual meeting of shareholders has been postponed at the request of the Equity Committee in Winn-Dixie's Chapter 11 proceedings." A copy of the press release is attached hereto as Exhibit A. Counsel for the Equity Committee and the Debtors are now exploring whether an agreement can be reached regarding how the independent investigation should be conducted, the scope of the investigation, and whether the appointment of an examiner is appropriate under the circumstances.

So as to ensure that the U.S. Trustee is fully advised of the continued and ongoing need for an Equity Committee and the progress the Equity Committee has made thus far in representing a constituency that was not adequately represented prior to the appointment

LEGAL_US_E # 70263510.4

PaulHastings
ATTORNEYS

Kenneth C. Meeker
December 5, 2005
Page 3

of the Equity Committee, we are hereby providing you with an overview of the matters discussed with the Debtors regarding deficiencies in the FYE 2005 10-K and Proxy Statement requiring independent investigation.

The Winn-Dixie 10-K

Upon review of the Winn-Dixie 10-K, it is clear to the Equity Committee that there are material matters which require further investigation because Winn-Dixie has failed to disclose information regarding whether any claims or causes of action may exist against pre-petition directors, officers, senior management or third party professionals, including, among other items:

- the decline of Winn-Dixie's financial condition and events leading up to the Chapter 11 filings;

- the Internal Revenue Service (the "IRS") audit of fiscal years 2000 through 2002, including, but not limited to, Winn-Dixie's appeal of the IRS' decision;

- the issuance of dividends from 2000 through 2004;

- Winn-Dixie's company-owned life insurance policies and any IRS investigation of such policies;

- class action lawsuits filed in the United States District Court for the Middle District of Florida against Winn-Dixie and certain present and former executive officers alleging claims under federal securities laws;

- class action lawsuits filed in the United States District Court for the Middle District of Florida against Winn-Dixie and certain present and former executive officers alleging claims under ERISA relating to Winn-Dixie's Profit Sharing/401(k) plan;

- shareholder demand requesting that a derivative proceeding be commenced against the Board of Directors and officers and directors who served from May 6, 2002 through July 23, 2004 asserting that such parties violated their fiduciary duties to Winn-Dixie; and

- federal grand jury investigation of possible violations of federal criminal law arising out of activities related to illegal importation, possession, transportation and sale of undersized lobsters.

LEGAL_US_E # 70263510.4

PaulHastings
ATTORNEYS

Kenneth C. Meeker
December 5, 2005
Page 4


The Proxy Statement

As set forth in the Proxy Statement, Winn-Dixie scheduled its annual shareholder meeting for December 8, 2005 (the "Annual Meeting"). The Proxy Statement identified the following matters for consideration at the Annual Meeting: (i) election of three Class III directors for terms expiring in 2008 (the "Class III Directors"); and (ii) ratification of the appointment of KPMG LLP ("KPMG") as independent registered public accounting firm for fiscal year 2006.

Despite recommending that shareholders vote to re-elect the Class III Directors and ratify KPMG's appointment, Winn-Dixie failed to disclose in its Proxy Statement the basis for its recommendation and whether any independent investigation had been undertaken to determine whether Winn-Dixie has any claims or causes of action against the Class III Directors and/or KPMG and whether such claims are being waived by the re-election of the Class III Directors or the shareholders' ratification of KPMG's appointment as independent registered public accounting firm for Winn-Dixie.

Following from this, it is unclear how the Board of Directors could have in good faith informed themselves on these matters in order to satisfy their fiduciary obligations to the shareholders and to avail themselves of the business judgment rule.

It is well established under Florida law that a board of directors of a corporation owes a fiduciary duty to the corporation and its shareholders. Rehabilitation Advisors, Inc. v. Floyd, 601 So.2d 1286 (Fla. Dist. Ct. App. 1992). Under Florida law, directors shall discharge their duties as a director or a member of a committee (1) in good faith; (2) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) in a manner he or she reasonable believes to be in the best interest of the corporation. FLA. STAT. ANN. §607.0830 (1997).

Winn-Dixie's Board of Directors failed to take those steps necessary to ensure that the shareholders had the necessary facts to make a fully informed decision on those issues for which their vote was sought, including, ensuring that the Proxy Statement contained such information that a reasonable investor or shareholder would want to know when evaluating the merits of a specific matter up for shareholder vote.

Given the failure of Winn-Dixie to disclose material information in the Proxy Statement and the important fact that the Board of Directors failed to undertake any independent investigation regarding what role, if any, that any Class III Director and/or KPMG played in Winn-Dixie's downfall, it appears unlikely that the directors fully informed themselves on the matters involving the Class III Directors and/or KPMG. Accordingly, the Board of Directors may have breached their fiduciary duties owed to the shareholders.

LEGAL_US_E # 70263510.4

Paul*Hastings*
ATTORNEYS

Kenneth C. Meeker
December 5, 2005
Page 5

<u>Postponement of the Annual Meeting Until the Independent Investigation is Conducted and Concluded</u>

As a result of the Equity Committee's discussions with the Debtors, Winn-Dixie has agreed to postpone its Annual Meeting with respect to the re-election of the Class III Directors and ratification of KPMG's appointment as independent accountants. The Equity Committee's research and actions have resulted in the Debtors' acknowledgement of the need for an independent investigation. The Equity Committee's actions have also prevented the possible waiver, intentional or otherwise, of potential claims held by these bankruptcy estates. But for the actions of the Equity Committee, significant claims would not have been timely investigated and indeed, could have been waived. The efforts of the Equity Committee have preserved possibly significant claims against pre-petition directors, officers, senior management and third party professionals for the benefit of Winn-Dixie's estate, creditors and other parties-in-interest. Moreover, the much needed investigation that will take place will be independent whether conducted through an agreed upon appointment of an examiner or otherwise.

Absent the appointment of the Equity Committee, these matters would not have been timely addressed or possibly addressed at all. As such, because the interest of the Equity Committee is vastly different from the other constituencies in these proceedings, it is critical that the Equity Committee remain in place so it can continue to provide the check and balance necessary to ensure that estate assets are properly managed and the return to creditors, equity and interest holders maximized.

Moreover, upon review of the Debtors' publicly available information, it is clear that valuation fluctuates and cannot be the sole factor in determining whether there is value for equity holders upon Winn-Dixie's emergence from bankruptcy. Indeed, not only have the Debtors supported the appointment of the Equity Committee but the Debtors' business plan dated November 2005, which was provided to the U.S. Trustee, clearly projects value for equity holders.

As set forth above, the Equity Committee represents a constituency that would not otherwise be adequately represented in these bankruptcy cases. We urge that the U.S. Trustee affirm the initial appointment decision and note that as the Equity Committee has been properly constituted under the Bankruptcy Code that it will continue to pursue all rights and remedies appropriate to the goal of maximizing the return to the bankruptcy estates and all equity and interest holders.

Please feel free to contact me if you have any questions or wish to discuss the foregoing.
LEGAL_US_E # 70263510.4

Paul*Hastings*
ATTORNEYS

Kenneth C. Meeker
December 5, 2005
Page 6

Best regards,

*Karol K. Denniston/ccc*

Karol K. Denniston
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

Enclosures

cc:   Elena Escamilla
      D.J. Baker
      Stephen D. Busey
      Jarrett M. McConnell
      Betsy C. Cox
      Jonathan N. Helfat
      Luc A. Despins
      John B. MacDonald
      Susan Sherrill-Beard
      James Wareham
      Thomas Pollock

## EXHIBIT A

Locate a Store | C



## Special Features

Weekly Ad
Pharmacy
Coupons
Gift Cards
Reward Card
Reward Clubs
Promotions & Sweepstakes
FTD Flowers
Winn-Dixie Brands

## Entertainment & Food

Recipes
Party Online Party Platters
Party Ideas
Cooking & Kitchen Tips
Food Safety & Nutrition
Gift Ideas



## In the Neighborhood

Local Events
School Rewards
Upromise
Community Involvement

# Winn-Dixie 2005 News Releases

**Pink Sheets:** WNDXQ

**Investors:**
(212) 521-4835

**Media:**
Kekst and Company
Michael Freitag (212) 521-4896

**Website:**
www.winn-dixie.com

200
Reo
Rele
New
Arch
o
o
o
o
o
o
o

### WINN-DIXIE POSTPONES ANNUAL MEETING AT REQUEST OF EQUITY COMMITTEE

JACKSONVILLE, FL (December 1, 2005) – Winn-Dixie Stores, Inc. announced today that the Company's annual meeting of shareholders has been postponed at the request of the Equity Committee in Winn-Dixie's Chapter 11 proceedings. The annual meeting had been scheduled to be held on Thursday, December 8, 2005, in Jacksonville, Florida. A new date for the annual meeting has not yet been determined.

The Equity Committee was appointed earlier this year by the U.S. Trustee to represent the interests of Winn Dixie's shareholders in the Company's Chapter 11 proceedings. The Equity Committee requested the postponement of the annual meeting to allow time for there to be an independent review of the events and circumstances that led up to the filing of the Company's Chapter 11 cases, as well as other related matters.

Winn-Dixie Stores, Inc. is one of the nation's largest food retailers. Founded in 1925, the company is headquartered in Jacksonville, FL. For more information, please visit www.winn-dixie.com.

# # #

News Release #6011

About Winn-Dixie | News | Careers | Investors | Reorganization Information | Corporate Governance | Vendor

Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254
Copyright © 2005, Winn-Dixie Stores, Inc. All rights reserved.

## Marsh, Sandra M.

**From:** Marsh, Sandra M. on behalf of Denniston, Karol K.
**Sent:** Monday, December 05, 2005 3:52 PM
**To:** 'Kenneth C. Meeker (ken.meeker@usdoj.gov)'
**Cc:** Elena L. Escamilla (elena.l.escamilla@usdoj.gov); D. J. Baker (djbaker@skadden.com); Stephen D. Busey (busey@smithhulsey.com); 'Jerrett M. McConnell (jmcconnell@fandmlaw.com)'; 'Betsy C. Cox (bcox@rtlaw.com)'; Jonathan N. Helfat (jhelfat@oshr.com); Luc A. Despins (ldespins@milbank.com); John B. MacDonald (John.macdonald@akerman.com); 'Susan R. Sherrill-Beard (sherrill-beards@sec.gov)'; Wareham, James D.; Pollock, Thomas R.; Denniston, Karol K.
**Subject:** Winn-Dixie--Letter to the US Trustee

See attached

---

Karol K. Denniston, Attorney at Law | Paul, Hastings, Janofsky & Walker LLP | 600 Peachtree Street, N.E., Suite 2400, Atlanta, GA 30308 | direct: 404 815 2347| main: 404 815 2400 | direct fax: 404 685 5347 |karolkdenniston@paulhastings.com | www.paulhastings.com |

12/5/2005