UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                      CASE NO: 05-03817-3F1
                                            Chapter 11
    WINN-DIXIE STORES, INC.                 Jointly Administered

    Debtor.

_____

### RESPONSE TO DEBTORS' MOTION TO IMPLEMENT ORDER
### ON PENMAN PLAZA ASSOCIATES, LTD.'S MOTION TO COMPEL

Penman Plaza Associates, Ltd., by and through their undersigned attorneys, makes the following response to the Debtors' Motion and says:

1.    Attached hereto is a summary of the sums currently owed by the Debtor, to be paid in order to "cure" the lease and afford the Debtors the right to assume it.    That summary is attached hereto marked Exhibit "A".

2.    The shareholders' equity has dropped below $100,000,000.00 and pursuant to the terms of the lease, the Debtor is required to provide proof of insurance on the improvements, the stock and trade of the Debtor at the leased premises and for premises liability.    The Debtor has failed to proof of insurance for these matters and can not "cure" that default under a lease until that proof has been supplied.

3.    The Debtor's assumption of the lease will require them to provide adequate assurance that they will make the payment for the adjustments to the CAM charges of 2005, pursuant to the terms of the lease, once those calculations have been done and the invoice submitted to the Debtor in January of 2006.    The Debtor's prior refusal to pay the CAM charges due for the year 2004 has brought extreme hardship on the landlord. Winn-Dixie is the tenant of the largest space in the shopping center and their refusal to make timely payments of these sums increases the costs to the landlord, risks to the landlord and risks to the other tenants that essential

services, provided by payment of the CAM charges, can not be provided by the landlord.

4.    The landlord does not intend to waive any claims it has against the Debtors for cure and compensation of the lease and specifically denies that for the purposes of 11 U.S.C. §365 et. seq. the only cure/compensation amounts owed by the Debtors is $103,907.20 and demands that the Debtor pay, within thirty days of the entry of this Court's order, $220,851.12 and provide proof of sufficient insurance on the leased premises, its contents and improvements and to protect the landlord from liability arising out of the use of the premises by the tenant, its customers, employees and invitees.

I **CERTIFY** that on this _8th_ day of December, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that I have sent via U.S. Mail today a copy of the foregoing to all persons listed below who will not receive from the clerk a notice of electronic filling:

WINN-DIXIE STORES, INC.
5050 Edgewood Court
Jacksonville, FL 32254-3699

Adam Ravin, Esquire
SKADDEN, ARPS, SLATE, MEAHER & FLOM, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson, Esquire
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202

James H. Post, Esquire
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202

Dennis F. Dune, Esquire
MILBANK, TWEED, HADLEY & MCCLOY, LLP
1 Chase Manhattan Plaza
New York, NY 10005

John B. MacDonald, Esquire
AKERMAN, SENTERFITT & EIDSON, P.A.
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Patrick P. Patangan, Esquire
AKERMAN, SENTERFITT, EIDSON, P.A.
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

Elena L. Escamilla, Esquire
OFFICE OF THE US TRUSTEE
135 West Central Blvd., Suite 620
Orlando, FL 32806

VOW, LLC
c/o Edward J. Ashton, Esquire
WALSTON, WELLS, ANDERSON & BAINS, LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

And those parties appearing on the local Rule 1007-2
Parties in Interest List, a copy of which is attached hereto

DATED this _8th_ day of December, 2005.

                              FORD, BOWLUS, DUSS, MORGAN, KENNEY,
                              SAFER & HAMPTON, P.A.

                         By: _Michael Bowlus_____
                              Michael Bowlus
                              Florida Bar No. 592862
                              Jonathan M. Smith
                              Florida Bar No. 514608
                              10110 San Jose Blvd.
                              Jacksonville, Florida 32257
                              (904) 268-7227
                              (904) 262-3337 (facsimile)
                              Attorneys for Creditor

## Winn Dixie Charge Summary

December 2, 2005

| Billed Item: | Date Billed | Date Due | Pre/Post Petition | Amount | Comments |
|---|---|---|---|---|---|
| Billing for 2004 CAM Reconciliation | 2/19/2005 | 3/21/2005 | Pre | 12,866.72 | Compiled by Landlord w/in 90 days after year-end and billed; due in 30 days |
| Billing for 2004 Shopping Center Insurance | 2/19/2005 | 3/21/2005 | Pre | 49,734.71 | Due after final payment by Landlord with misc. proof of payment and coverages. |
| Billing for 2004 Property Taxes | 2/19/2005 | 3/21/2005 | Pre | 41,736.04 | Due after final payment by Landlord with misc. proof of payment and coverages. |

****The above items were billed at the same time in 2005 for convenience and total:   104,337.47

| Billed Item: | Date Billed | Date Due | Pre/Post Petition | Amount | Comments |
|---|---|---|---|---|---|
| Billing for 2005 Shopping Center Insurance | 9/21/2005 | 10/21/2005 | Post | 59,522.16 | Final payment on the 2005 policy was made in September, 2005 |
| Billing for 2005 Property Taxes | 11/4/2005 | 12/4/2005 | Post | 56,991.49 | Taxes due to Duval County in November, 2005 |

Total Due:          220,851.12

Pre-Petition:       104,337.47
Post-Petition:     116,513.65



EXHIBIT _A_