**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                          Case No.: 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,    Chapter 11

         Debtors.                       Jointly Administered

_____/

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS TO DEBTORS' MOTION FOR ENTRY OF ORDER, UNDER**
**11 U.S.C. § 1121, GRANTING THIRD EXTENSION OF EXCLUSIVE**
**PERIODS FOR FILING CHAPTER 11 PLANS AND OBTAINING**
**ACCEPTANCES OF SUCH PLANS**

        The official committee of unsecured creditors

(the "Committee") appointed in the above-captioned chapter

11 cases of Winn-Dixie Stores, Inc. and its affiliated

debtors and debtors in possession (collectively, "Winn-

Dixie" or the "Debtors") hereby objects, on a limited basis

(the "Objection"), to the Debtors' motion (the "Third

Extension Motion"), dated November 23, 2005, for the entry

of an order, under 11 U.S.C. § 1121, granting a third

extension of the exclusive periods for filing chapter 11

plan(s) and obtaining acceptances of such plan(s), and

represents as follows:

               **I.**   **PRELIMINARY STATEMENT**

        1.   **Need for Prompt Emergence**.  Since the filing

of these cases, the Debtors have focused their efforts on

tasks that must be completed prior to the formulation of a

plan.  To their credit, these tasks (e.g., formulation of a

{JA258628;1}

business plan and implementation of strategic and
operational initiatives) are now complete.  The Debtors
stand poised to file a plan immediately and to move as
quickly as possible towards confirmation and emergence from
chapter 11.  This opportunity should not be squandered with
an unduly lengthy extension of the exclusive periods.  A
prolonged stay in chapter 11 is not only unnecessary, but
it may erode value and undercut restructuring efforts.
There is no reason to delay the formulation and filing of a
plan.  A 90-day extension provides the Debtors more time
than is either necessary or prudent.  Experience from other
cases shows that debtors-in-possession often file plans
toward the end of their exclusive period.  Similarly, plan
negotiations often expand to fill the allotted time.  The
Committee believes that a 30-day extension is therefore
more appropriate.  It provides sufficient time for the
Debtors to craft and file a plan and avoids the unintended
consequences of a lengthier extension.

      2.      **<u>Predicates for Plan Preparation are
Satisfied</u>**.  As discussed, the Debtors have completed the
core components of their business and operational
reorganization, including the Footprint Process (defined
below), the Operational Initiatives (defined below) and the
development of a Business Plan (defined below).  The
Debtors are now able to craft a plan of reorganization with

the Committee's input, file it and focus on the goal of emerging from bankruptcy in the near term.

3.    **Business Plan Dictates Various Elements of Reorganization Plan**.  Now that the Debtors have finalized their Business Plan, the formulation of a plan of reorganization premised on that Business Plan is a relatively easy task.  The key distributive elements of the reorganization plan will be dictated by and flow logically from the Business Plan.  The Committee believes that any reorganization plan should distribute all of the common stock of the reorganized company to unsecured creditors. Given this and other realities, the Debtors should be able to formulate a reorganization plan with the Committee in a matter of a few days.  Furthermore, formulating a plan of reorganization is not dependent upon further assessment of the Operational Initiatives.

4.    **90 Day Extension Provides Opportunity for Unnecessary Delay**.  A 90-day extension -- as requested by the Debtors -- is unnecessary and will only provide an opportunity for all parties in interest to delay (whether intentionally or not) completing the steps necessary to draft and file a plan.  A 30-day extension will keep all parties' efforts firmly focused on the goal; namely, the Debtors' timely emergence from bankruptcy sooner rather than later, which is in the best interest of all parties

{JA258628;1}

involved in these cases.  The Committee did not easily or quickly arrive at its current position.  These case have been pending for over 300 days.  The Committee has watched with increasing concern as the cases have become periodically sidetracked with various disputes, the most recent example being the current litigation surrounding the propriety of an equity committee.  A prompt emergence moots the issue and minimizes the costs associated with this litigation as well as other disputes that may arise in the future.

## II.  CASE BACKGROUND

5.      **Petition Date**.  On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

6.      **Committee Appointed**.  On March 1, 2005, the United States Trustee duly appointed the Committee, which appointment was amended on August 29, 2005.[1]

7.      **Venue Transferred**.  By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of

---

[1]     On August 17, 2005, the United States Trustee filed an official notice appointing the official committee of equity security holders.

these cases to this Court.  The Debtors' cases are being
jointly administered for procedural purposes only.  The
Debtors continue to operate their businesses and manage
their properties as debtors in possession pursuant to
sections 1107(a) and 1108 of the Bankruptcy Code.  No
trustee or examiner has been appointed in these cases.

8.    **First Exclusivity Extension**.  By Order dated
June 16, 2005, the Debtors obtained an initial extension of
their exclusive periods by approximately 90 days to
September 19, 2005 (or approximately 210 days from the
Petition Date) and November 21, 2005 (or approximately 273
days from the Petition Date) (Docket No. 1747).

9.    **Second Exclusivity Extension**.  By Order
dated September 8, 2005, the Debtors obtained a second
extension of their exclusive periods by approximately 90
days to December 19, 2005 (or approximately 301 days from
the Petition Date) and February 20, 2006 (or approximately
364 days from the Petition Date) (Docket No. 3401).[2]

10.    **Request for Third Exclusivity Extension**.
The Debtors now file the Third Extension Motion (Docket No.
4312) seeking to extend the Debtors' exclusive period to

---

[2]    The Committee filed a Statement on August 25, 2005,
asserting, among other things, that given the current stage
of the cases and anticipated timeline the Committee did not
foresee the need for any further extensions of the Debtors'
exclusive period to file a chapter 11 plan as the
completion of a business plan would allow for the rapid
development of a plan of reorganization.

file a plan of reorganization to March 20, 2006 (or
approximately 392 days from the Petition Date) and to
solicit acceptances to May 22, 2006 (or approximately 455
days from the Petition Date).

     11.    The Debtors extended the Committee's
deadline to file an objection to the Third Extension Motion
to 5:00 p.m. (NYT) Monday -- December 12, 2005.

### III. <u>REORGANIZATION PROGRESS TO DATE</u>

     12.    Since the Petition Date, the Debtors and
their new management team have, among other things, with
the assistance of the Committee and other parties in
interest:

- implemented a market area reduction program closing or selling 326 stores (the "<u>Footprint Process</u>"), to allow the Debtors to focus on their strongest markets (substantially completed in September 2005);

- implemented various operational initiatives to reduce costs and improve performance (the "<u>Operational Initiatives</u>") (substantially completed in October 2005);

- obtained final approval and implemented the closing of an $800 million debtor-in-possession financing facility with Wachovia Bank, National Association as agent (completed in February 2005);

- reached a consensual resolution on reclamation procedures and negotiated a reclamation/trade lien program (substantially completed in August 2005);

- resolved substantially all "PACA" claims (substantially completed in July 2005);

- obtained final approval on a key employee retention plan and severance program (completed in June 2005);

- prepared and filed statements of financial affairs and schedules of assets, liabilities and contracts (including certain amendments) (substantially completed in April 2005); and

- rejected hundreds of unexpired executory contracts and unexpired leases relating to non-residential real property, personal property and services (substantially completed in November 2005).

13.    After substantially completing the above reorganization items including the Footprint Process and implementation of the Operational Initiatives, the Debtors provided the Committee with a comprehensive business plan (the "Business Plan") during the first week of November 2005.  The Debtors and the Committee are now equipped with the underlying valuation fundamentals to craft and file a plan of reorganization within the next 30 days.  The Committee is ready, willing and able to expend all necessary efforts to assist in drafting a consensual plan of reorganization that can be filed on or before January 19, 2006.  An extension longer than 30 days will only divert the parties attention from the key remaining issue in these cases that will allow the Debtors to emerge from bankruptcy -- drafting a consensual plan and filing it as soon as practicable.  Accordingly, under the circumstances, a 30 day extension to allow the Debtors and the Committee to prepare and file a consensual plan of reorganization --

which based on the information available to the Committee -
- should not be complicated and can easily be drafted and
filed over the next 30 days.

### IV.    RESERVATION OF RIGHTS

14.    The Committee expressly reserves the right
to amend or supplement the Objection, to seek discovery in
aid of the prosecution of the Objection, to introduce
evidence supporting the Objection at any hearing to
consider the same, and to seek any alternative or
incremental relief.

### V.    CONCLUSION

15.    For the foregoing reasons, the Committee
requests that the Court enter an order pursuant to section
1121(d) of the Bankruptcy Code, sustaining the Objection,
extending the Debtors' exclusive right to propose a plan of
reorganization until January 19, 2006 and extending the
Debtors' exclusive right to solicit acceptances of such

[REMAINDER OF PAGE INTENTIONALLY BLANK]

plan to March 20, 2006, and granting such other relief as
it deems just and proper.

Dated:  December 12, 2005

                         AKERMAN SENTERFITT

                         By: /s/ *John B. Macdonald*
                         John Macdonald
                         Florida Bar No. 230340
                         E-mail:john.macdonald@akerman.com
                         Patrick P. Patangan
                         Florida Bar No. 348340
                         E-mail: patrick.patangan@akerman.com
                         50 North Laura Street, Suite 2500
                         Jacksonville, Florida  32202
                         Telephone: (904) 798-3700
                         Facsimile: (904) 798-3730

                         Co-counsel for the Official
                         Committee of Unsecured Creditors of
                         Winn-Dixie Stores, Inc., et al.

                         And

                         MILBANK, TWEED, HADLEY & McCLOY LLP
                         Dennis F. Dunne (DD 7543)
                         Matthew S. Barr (MB 9170)
                         Michael E. Comerford (MC 7049)
                         1 Chase Manhattan Plaza
                         New York, NY 10005
                         (212) 530-5000

                         Co-counsel for the Official
                         Committee of Unsecured Creditors of
                         Winn-Dixie Stores, Inc., et al.

{JA258628;1}