Hearing Date: December 15, 2005, 1:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### DEBTORS' OBJECTION TO BY-PASS PARTNERSHIP'S MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT LEASE

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), submit this objection (the "Objection") in response to the Motion to Compel Debtor to Assume or Reject Lease filed by By-Pass Partnership (the "Motion to Compel") (Docket No. 4214). In opposition to the Motion to Compel, the Debtors respectfully represent as follows:

### Background

1. Winn Dixie Montgomery, Inc. (as successor in interest to Winn-Dixie Louisiana, Inc.) ("Winn-Dixie") is the lessee under a lease dated June 8, 1993 of a store located in Abbeville, Louisiana (as amended, the "Lease"). By-Pass Partnership, a Louisiana general partnership ("By-Pass") is the lessor under the Lease.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. On May 6, 2005, the Court entered an order extending, to September 19, 2005, the Debtors' time to assume or reject unexpired leases of non-residential real property. Thereafter, on September 12, 2005, the Court entered an order further extending such period for an additional 90 days to December 19, 2005 (the "Current 365(d)(4) Deadline"). On November 23, 2005, the Debtors filed a motion seeking to further extend such period for an additional 90 days (the "Pending 365(d)(4) Motion").[2] The Pending 365(d)(4) Motion is scheduled to be heard at the December 15, 2005 omnibus hearing.

3. As noted in the Motion to Compel, on June 16, 2005, By-Pass's mortgagor, Central Progressive Bank ("Central Progressive"), filed a Petition for Executory Process in the Fifteenth Judicial District for Parish of Vermillion, State of Louisiana, Case No. 83524 (the "State Court Action") in which it alleged that Winn-Dixie's bankruptcy filing constituted an event of default under the mortgage that By-Pass gave as security for a certain mortgage note. By-Pass thereafter remanded the State Court Action to the United States Bankruptcy Court of the Western District of Louisiana (the "Louisiana Bankruptcy Court") and requested that such court transfer the State Court Action to this Court. Central Progressive filed a motion to remand the State Court Action back to state court and also opposed the requested transfer of venue (such remand motion, together with the motion to transfer venue, collectively, the "Louisiana Bankruptcy Court Action").

---

[2] Notably, By-Pass filed an objection to the Pending 365(d)(4) Motion essentially asserting the same arguments that it has asserted in the Motion to Compel. As such, the Debtors request that this Objection be deemed to constitute a reply to By-Pass's objection to the Pending 365(d)(4) Motion.

4. The Debtors intervened in the Louisiana Bankruptcy Court Action (a) opposing Central Progressive's request for remand, and (b) endorsing the transfer of venue motion filed by By-Pass. The Debtors also filed an adversary proceeding in this Court, naming Central Progressive and By-Pass as defendants, and asserting that Central Progressive's pursuit of the State Court Action constituted a violation of the automatic stay afforded by the Bankruptcy Code and seeking other injunctive relief (the "Adversary Proceeding"). Central Progressive filed a motion to dismiss the Adversary Proceeding and moved for summary judgment. These motions were briefed but have not yet been scheduled for hearing. A status conference in the Adversary Proceeding is scheduled for January 10, 2006.

5. Significantly, the Louisiana Bankruptcy Court has ordered that the motions that were the subject of the Louisiana Bankruptcy Court Action be held over until December 20, 2005 -- one day after the Current 365(d)(4) Deadline will expire, if not extended. The Louisiana Bankruptcy Court scheduled a status conference to be held on December 20, 2005 (the "Louisiana Status Conference").

6. Contemporaneous with the filing of this Objection, Winn-Dixie filed a Motion for Preliminary Injunction and Request for Emergency Hearing (the "Emergency Injunction Motion"). The Emergency Injunction Motion seeks, among other things, to enjoin Central Progressive from pursuing the State Court Action.

7. By the Motion to Compel, By-Pass asks the Court to compel the Debtors to assume or reject the Lease by December 19, 2005, alleging (a) that the Debtors have had sufficient time to make a decision with respect to the assumption or rejection of the Lease, and (b) that the Debtors' further delay in making such a decision is prejudicial to

By-Pass because of the possibility that its interests will be foreclosed through Central Progressive's further prosecution of the State Court Action.

### Argument

8. Preliminarily, it is important to stress that courts generally do not compel debtors to assume or reject a contract early:

> . . . [C]ourts rarely force a debtor into assuming or rejecting a contract. *See Id.* at 1216 (to rush the debtor into what may be an improvident decision "to assume or reject an executory contract does not further the purposes of the reorganization provisions."). The reason for the reluctance is that the "interests of the creditors collectively and the bankruptcy estate as a whole will not yield easily to the convenience or advantage of one creditor out of many." *See In re Public Service Co. of New Hampshire,* 884 F.2d 11, 14-15 (1st Cir. 1989), *Wheeling-Pittsburgh,* 54 B.R. at 388, *see also In re Physician Health Corporation,* 262 B.R. 290 (Bankr. D.Del. 2001) (denying motion compelling assumption or rejection of executory contract when bankruptcy case was only five months old) and *In re St. Mary Hosp.,* 89 B.R. 503, 513-14 (Bankr. E.D.Pa. 1988) ("the interests of the Debtor here in denying a precipitous assumption or rejection appear to us much greater than the interests of HHS in forcing a prompt resolution.").

In re Kmart Corp., 290 B.R. 614, 620 (Bankr. N.D. Ill. 2003). Courts recognize a debtor's need to analyze its leases and to "intelligently decide whether assumption or rejection is in the best interest of the estate." *See, e.*g., In re Service Merchandise Co., 256 B.R. 744, 749 (Bankr. M.D. Tenn. 2000).

9. A landlord may move to shorten this period "for cause." Id.. Although "cause" has not been well defined, courts look to whether debtors continue to timely meet all post-petition obligations under a lease pursuant to 11 U.S.C. § 365(d)(3). Id.; but see, In re Burger Boys, Inc. 94 F.3d 755, 761 (2d Cir. 1996) (holding that debtor's current payment status is a relevant consideration but not the only consideration in deciding whether or not to grant an extension).

10. Since the commencement of the bankruptcy cases, the Debtors have exited approximately 326 stores -- some through assumption and assignment of the subject leases and the others through lease rejection. Additionally, the Debtors have rejected leases for over 200 non-operating stores and facilities. The Debtors are continuing to analyze their remaining unexpired leases to determine, based upon the Debtors' current business plan, which will be critical to their reorganization. As to such remaining unexpired leases, including the By-Pass Lease, the Debtors have continued to meet their postpetition obligations.

11. Despite good-faith efforts, the Debtors have not yet been able to determine whether to assume or reject the By-Pass Lease. The By-Pass store is presently not operating up to the Debtors' standards. Accordingly, the Debtors need to continue to analyze the store's performance under the Debtors' business plan to decide whether the Debtors should keep the store open or close it. This is the precise type of circumstance in which a debtor ought to be afforded additional time to make the assumption/rejection decision. If the Debtors were forced to decide prematurely to assume or reject the Lease, the impact on their business would be significant. Premature rejection of the Lease at this stage might force the Debtors to give up a store that would otherwise add value to the overall business plan. On the other hand, assumption at this stage may give rise to cure costs as well as administrative claim liability if, as a result of the Debtors' testing of their business plan, the Debtors determine that they need to later reject the Lease.

12. Notwithstanding the foregoing, the Debtors recognize that Central Progressive's commencement and prosecution of the State Court Action has placed By-Pass in a difficult position. Equally clear, however, is the fact that the issues surrounding

the Motion to Compel -- which are intertwined with the issues surrounding the Louisiana Bankruptcy Court Action and the Adversary Proceeding -- would become far less pressing -- or rendered moot entirely -- if either (a) the Louisiana Bankruptcy Court ordered that the State Court Action should be transferred to this Court (and denied Central Progressive's motion for remand), or (b) this Court decided the Adversary Proceeding favorably to the Debtors and By-Pass by determining that Central Progressive's conduct violated the automatic stay, thus warranting the issuance of a permanent injunction precluding Central Progressive from continuing to prosecute the State Court Action.  Under either scenario, there would be no imminent possibility of foreclosure and any prejudice to By-Pass would be dramatically reduced.  Moreover, to the extent this Court agrees to grant the relief sought in the Emergency Injunction Motion, By-Pass' rights cannot reasonably said to be negatively impacted by a denial at this time of the relief sought in its Motion to Compel.

13.     Accordingly, the Debtors respectfully request that this Court deny the Motion to Compel without prejudice to the right of By-Pass to renew its motion if there is a material change in its circumstances.

**Conclusion**

The Debtors believe that the foregoing proposal appropriately balances the Debtors' interest in not being forced to make a premature decision with respect to the Lease against By-Pass' interest in ensuring that its rights are not prejudiced by the continued prosecution of the Louisiana Bankruptcy Court Action. Accordingly, the Motion to Compel should be denied and the proposed form of Order attached as Exhibit A entered.

Dated: December 13, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  /s/ D. J. Baker | By  /s/ Cynthia C. Jackson |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Adam S. Ravin | Cynthia C. Jackson, |
| Four Times Square | Florida Bar Number 498882 |
| New York, New York 10036 | 225 Water Street, Suite 1800 |
| (212) 735-3000 | Jacksonville, Florida 32202 |
| (212) 735-2000 (facsimile) | (904) 359-7700 |
| djbaker@skadden.com | (904) 359-7708 (facsimile) |
| | cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER DENYING BY-PASS PARTNERSHIP'S**
**MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT LEASE**

These cases came before the Court for hearing on December 15, 2005, upon the motion (the "Motion to Compel") of By-Pass Partnership ("By-Pass") to compel Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned cases, as debtors and debtors-in-possession (the "Debtors") to assume or reject a lease under which By-Pass is the lessor and Winn-Dixie Montgomery, Inc., one of the Debtors, is the lessee (the "Lease"). The Debtors filed an objection to the Motion prior to the hearing (the "Objection"). The Court has read the Motion and the Objection and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion to Compel is denied.

2

2. This denial of the Motion to Compel is without prejudice to the right of By-Pass to renew its motion if there is a material change in its circumstances.

Dated December ___, 2005 in Jacksonville, Florida.

                                                    Jerry A. Funk
                                                    United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2