# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN
## STUART, MAUE, MITCHELL & JAMES LTD. AS FEE EXAMINER

These cases came before the Court for hearing on December 1, 2005, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) authorizing the employment and retention of Stuart, Maue, Mitchell & James Ltd. ("Stuart Maue") as a fee examiner in these cases (the "Application").[1]  The Court has reviewed the Application and the supporting affidavit of James P. Quinn (the "Quinn Affidavit") and considered the representations of counsel.  Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application as provided in this Order and that granting such relief is in the best interest of these estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Application is granted as provided in this Order.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2.     The Debtors are authorized to employ and retain Stuart Maue to serve as fee examiner in these cases, effective as of December 1, 2005.  Stuart Maue is authorized and directed to review all fee applications filed in these cases and statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other post-petition lenders (the "Agent") in accordance with the Application (and its exhibits) and this Order.

3.     The Order applies to all professionals in these cases who are currently employed or to be employed by court order pursuant to sections 327 or 328 of the Bankruptcy Code, and who are retained by the Agent, except (i) professionals retained by the Debtors as ordinary course professionals, or (ii) professionals who are not required to file fee applications (the "Professionals").

4.     Notwithstanding anything to the contrary in this order, the terms of the Final Order Approving Interim Compensation Procedures for Professionals entered on March 15, 2005 (the "Interim Compensation Order"), including the provisions for interim monthly payment of Professionals' fees and expenses, shall remain in effect.

5.     Except as set forth in this Order, Stuart Maue's duties and related review procedures shall be those set forth in the Engagement Letter and the Appendix A and B (collectively, the "Engagement Letter") attached as Exhibit A.

6.     Stuart Maue shall review in detail all interim (past and present) and final fee applications, except as otherwise set forth in this Order, filed by Professionals in these cases pursuant to sections 330 and 331 of the Bankruptcy Code in accordance with procedures set forth in the Engagement Letter.

7.    Stuart Maue shall review the statements submitted by the Professionals retained by the Agent under the standard of reasonableness in accordance with procedures set forth in the Engagement Letter.

8.    Stuart Maue shall prepare reports in a format agreed to by the Debtors, the Agent, the Creditors Committee and the Equity Committee designed to quantify and present factual data potentially relevant to a determination of whether the requested fees and expenses of the Professionals (except for the Agent's Professionals) meet the applicable standards of section 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), the United States Trustee Guidelines for Reviewing Applications for the Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "Guidelines") and the applicable requirements set forth therein.  With respect to the Agent's Professionals, Stuart Maue shall prepare reports in a format agreed to by the Debtors, the Agent, the Creditors Committee and the Equity Committee to quantify and present factual data potentially relevant to a determination of whether the requested fees and expenses meet the standard of reasonableness as allowed by the final order approving the Debtors' post-petition financing, dated March 23, 2005, and any applicable provision of the Bankruptcy Code and Bankruptcy Rules.  Unless requested otherwise by the Court, Stuart Maue's only role shall be to provide such factual data to the Court in the agreed format in accordance with the terms of this Order.  Stuart Maue shall not make any determinations or recommendations as to either (i) the reasonableness or necessity of the requested fees and expenses or (ii) the amount of any fees or expenses to be allowed or disallowed.

9.    Stuart Maue shall prepare an initial report and a final report in accordance with the guidelines set forth in the Engagement Letter.  Notwithstanding the guidelines set forth in the Engagement Letter, a Professional and Stuart Maue may file any additional or supplemental papers necessary or appropriate to memorialize or implement the resolution of issues relating to a Professional's underlying fee application.  Additionally, other parties in interest may supplement any timely objections to a fee application within fifteen (15) days after the filing of a final report by Stuart Maue.

10.    Stuart Maue shall be compensated on the terms described in the Application (and its exhibit) upon appropriate application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Interim Compensation Order, the Guidelines, any other applicable orders issued by the Court, and shall be subject to the same procedures, requirements and standards for the allowance and payment of its fees and expenses as the Professionals.

11.    This Order does not limit the statutory rights and obligations of interested parties.

12.    Stuart Maue shall be added to the master service list in these cases and accordingly, shall be served with all papers filed in these cases.

13.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

14.    All Professionals retained in these cases must comply with the procedures set forth in the Engagement Letter.

Dated December 14, 2005 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

5

# STUART MAUE
LEGAL COST ∨ MANAGEMENT    3840 McKELVEY ROAD, ST. LOUIS, MO 63044    **VOICE** 314.291.3030    **FAX** 314.291.6546

www.stuartmaue.com

Via E-Mail and Federal Express

December 7, 2005

Jay Frank Castle, Esq.
Group Leader - Litigation
Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Re:   Amended Engagement Proposal for Fee Examiner
        in Winn-Dixie Stores, Inc. Chapter 11 Bankruptcy
        Case No. 05-03817-JAF

Dear Mr. Castle:

Thank you for engaging Stuart, Maue, Mitchell & James, Ltd. (Stuart Maue) as fee examiner in the Winn-Dixie Stores, Inc. Chapter 11 filed in the United States Bankruptcy Court for the Middle District of Florida (Jacksonville).  As you requested, we are submitting the following engagement proposal.

As directed by the Court's order appointing the fee examiner, Stuart Maue will review and analyze the fee applications of the case professionals using its standard methodology which includes the following related activities:

- Reconciliation of the hours/fees and expenses set forth in the fee applications (i.e., recalculation of the billing statements and expenses).

- Review and analysis of the professional fee activities set forth in the fee applications for compliance with rules and guidelines of the Court and the billing guidelines of the Office of the United States Trustee.

- Review and analysis of the expenses requested in the fee applications for compliance with rules and guidelines of the Court, and the billing guidelines of the Office of the United States Trustee. If receipts are provided, Stuart Maue will reconcile the outside charges with the vendor receipts.

- Review of the complete fee applications, including the narrative portion and all attachments, and review of pleadings and other documents to the extent necessary to review and analyze the professional fees and expenses.

Jay Frank Castle, Esq.
Page Two
December 6, 2005

- Schedule, convene, and moderate periodic meetings with the case professionals to discuss preliminary results of the review and analysis and to the extent necessary, provide the case professionals with an opportunity to explain or correct any noted deficiencies.
- Preparation of written reports of the review and analysis of the fee applications.

As directed by the Court's order appointing the fee examiner, Stuart Maue will also review and analyze the statements of fees and expenses provided by the professionals representing Wachovia Bank, N.A., in its capacity as agent for itself and certain other post-petition lenders (the "Agent"), by using its standard methodology, to the extent that the above-described methodology applies to these professionals.

**A.    Reconciliation of Hours/Fees and Expenses**

For each fee application submitted for review, Stuart Maue will create a computer database of all time entries and expense charges shown in the fee application. Stuart Maue will ascertain the arithmetic accuracy of the hours and fees through manual and computerized recomputation using the hourly rates provided by the firms. Discrepancies between the amount billed and the amount computed, if any, will be reconciled whenever possible. The discrepancies that cannot be reconciled will be itemized and included in the written report. Similarly, the expenses submitted on the fee applications will be recomputed and the discrepancies, if any, itemized and displayed in the written report. The same procedure will apply to the fee and expense statements of the Agent's professionals submitted for review.

**B.    Analysis of Professional Fee Activities**

Stuart Maue will review the fee applications for fee activities that conflict with the rules and guidelines of the Court and the billing guidelines of the Office of the United States Trustee. Stuart Maue will also identify fees that the Court may wish to examine for necessity, relevance, and reasonableness.

The methodology used by Stuart Maue for analysis of fee applications involves several integrated steps. Initially, the fee applications are reviewed for any apparent irregularities such as billings to the wrong case, missing task descriptions, and double billings. The billing entries are scrutinized from several perspectives including chronologically, by individual, and by professional activity. Chronological review of the fee applications permits an overview of case activity. Examination of each individual's billing entries provides information about the participation of various staff in the proceeding. It also highlights any irregular patterns (e.g., repetitive entries, excessive daily hours). Examination of the billing statements by professional activity supplements the chronological review and the review by individual. For certain categories of activity engaged in by the professional firm,

Jay Frank Castle, Esq.
Page Three
December 6, 2005

Stuart Maue identifies the billed hours, the number of persons involved in the activity, and the specific tasks performed by each person.

Professional activities often fall into more than one category. For example, efforts by attorneys to prosecute an adversary proceeding for recovery of a preferential payment may require research, drafting motions, taking depositions, and appearance at hearings or trial. To the extent possible, Stuart Maue may segregate and organize the professional activities and the time charged into various categories and subcategories, depending on the circumstances of the proceedings and the billing entries. Pursuant to Paragraph 7 and 8 of the Order Authorizing Debtors to Employ and Retain Stuart, Maue, Mitchell & James as Fee Examiner ("Fee Examiner Order") and to the extent otherwise applicable, Stuart Maue will use the same process to analyze the fee activities set forth in the statements of the Agent's professionals.

**C.**     **Analysis of Expenses**

Stuart Maue will review the requests for expense reimbursement for charges that appear to conflict with the rules and guidelines the Court, and the billing guidelines of the Office of the United States Trustee. Stuart Maue will also identify expense charges, if any, that the Court may wish to examine for necessity, relevance, and reasonableness. When provided with underlying documentation, such as expense receipts, Stuart Maue will reconcile this documentation to the requested charges in the fee applications. Pursuant to Paragraph 7 and 8 of the Fee Examiner Order and to the extent otherwise applicable, Stuart Maue will use the same process to review the expenses set forth in the statements of the Agent's professionals.

**D.**     **Meetings With Case Professionals and Professionals Representing the Agent**

The purpose of meeting periodically with the case professionals and the professionals representing the Agent is to manage case expenses proactively. The initial results of the review and analysis of the interim and final fee applications will be shared with the case professionals and the United States Trustee. Questioned entries, as well as review of the professional's cost containment measures and possible improvements in efficiencies, may be discussed. The professionals will be provided an opportunity to explain or correct any noted deficiencies before preparation of the final written report for the interim and final fee applications, and the statements of the Agent's professionals.

**E.**     **Written Reports**

Upon completion of the review and analysis of the interim and final fee applications, and the statements of the Agent's professionals, Stuart Maue shall prepare written reports. The reports are

Jay Frank Castle, Esq.
Page Four
December 6, 2005

designed to quantify and present factual data and will include exhibits that display the findings of Stuart Maue. The scope of the review performed by Stuart Maue, the frequency of the written reports, the billing periods for which they are prepared, and to whom the reports are submitted shall be as directed by the Court. The purpose of the written report is to provide information regarding the fee and expense entries but is not intended to make any determinations or recommendations as to (i) the reasonableness or necessity of the requested fees and expenses or (ii) the amount of any fees or expenses to be allowed or disallowed.

Stuart Maue requests that the fee applications and the statements of the Agent's professionals subject to review be submitted to Stuart Maue in both a hard copy with the attached exhibits, and the fee and expense entries in an electronic copy in the LEDES 1998B format or any other delimited ASCII electronic format acceptable to Stuart Maue.

## Costs

Stuart Maue proposes to be paid for its services as fee examiner in this matter on an hourly basis according to its current hourly rate structure as follows:

| | |
|---|---|
| Legal Auditors | $275.00 |
| Assistant Legal Auditors | $150.00 |
| Computer Programmers/Consultants | $175.00 |
| Data Entry Personnel | $65.00 |

Stuart Maue will also charge for the following expenses on a direct-cost basis:

A. Express delivery service (on a direct-cost basis).

B. Photocopying ($0.15 per page).

C. Out-of-town travel costs (e.g., air fare, meals, lodging) on a direct-cost basis.

The fee structure described above is consistent with the normal billing practices of Stuart Maue, and these fees are consistent with fees charged in comparable engagements in other chapter 11 cases.

Attached and marked as "Appendix A" to this engagement proposal are the proposed procedures for the submission of the interim and final fee applications to Stuart Maue, the review and analysis of the fee applications, and the preparation and filing of the written reports.

Jay Frank Castle, Esq.
Page Five
December 6, 2005


Attached and marked as "Appendix B" are the proposed procedures for the submission of statements of the professionals representing the Agent, the review and analysis of those statements, and the preparation of the written reports.

If you have any questions regarding our engagement proposal, the appendix, or wish to discuss its terms, please do not hesitate to call me, John L. Decker, or Linda K. Cooper.  We look forward to this engagement and working with you, other counsel representing the parties in interest, and the Court.

Sincerely yours,

STUART MAUE


James P. Quinn
Executive Vice President, Chief Operating Officer
j.quinn@smmj.com

JPQ/bam

Enclosure

## <u>Appendix A</u>

All case professionals, except (i) the ordinary course professionals, and (ii) the professionals not required to file interim or final fee applications shall provide to the Fee Examiner within seven (7) days of the entry of the Order appointing the Fee Examiner, a copy of their retention order and copies of the interim and final fee applications for the periods from February 2005 through September 2005, in the following format:

    a.  A complete hard copy, including all attachments and fee and expense detail.

    b.  An electronic copy of the fee and expense detail in the LEDES 1998B format or any other delimited ASCII electronic format. In the event a case professional is not familiar with the LEDES 1998B format, the Fee Examiner will work with the case professional to find an appropriate electronic format.

Commencing the date the Bankruptcy Court enters an order approving the appointment of Stuart Maue as Fee Examiner, the following procedures shall be followed for submitting monthly statements, and interim and final fee applications, to the Fee Examiner:

    a.  A professional who seeks monthly compensation shall serve a monthly statement (the "Monthly Statement") by overnight delivery to Linda K. Cooper, Stuart Maue, 3840 McKelvey Road, St. Louis, Missouri 63044 or electronically at l.cooper@smmj.com on or about the twentieth (20th) day after the end of a month for which compensation is sought. Such service shall be in addition to, and not in lieu of, service upon those persons named in paragraph (a) of the Order Approving Interim Compensation Procedures for Professionals.

    b.  Each Monthly Statement submitted to the Debtors by a case professional shall also be submitted to the Fee Examiner in a hard copy, and in an electronic copy in the LEDES 1998B format or any other delimited ASCII electronic format. In the event a case professional is not familiar with the LEDES 1998B format, the Fee Examiner will work with the case professional to find an appropriate electronic format.

    c.  The interim and final fee applications for allowance of compensation and reimbursement of expenses, including compensation previously paid by the Debtors on the basis of a Monthly Statement, shall be served on the Fee Examiner by delivery to Linda K. Cooper, Stuart Maue, 3840 McKelvey

**APPENDIX A**
(Continued)

Road, St. Louis, Missouri 63044 or l.cooper@smmj.com. To the extent that a professional has not previously served on the Fee Examiner the fee and expense detail in an electronic format, an electronic copy in the LEDES 1998B format or any other delimited ASCII electronic format shall also be served on the Fee Examiner.

d. The Fee Examiner shall review the interim and final fee applications submitted by each case professional for the period from February 2005, through September 2005, and within seventy-five (75) days of receipt of both the hard copy and electronic copy of the fee and expense detail, provide an initial report regarding such review to the case professional and the United States Trustee. This period may be extended by mutual consent of the Fee Examiner, the case professional, and the United States Trustee. The initial report will not be filed with the Court.

e. The Fee Examiner shall review the subsequent interim and final fee applications submitted by each case professional and, within thirty (30) days of receipt of both the hard copy of the interim and final fee application and the electronic copy of the fee and expense detail (if not previously submitted), the Fee Examiner shall provide an initial report regarding such review to the case professional and the United States Trustee. This period may be extended by mutual consent of the Fee Examiner, the case professional, and the United States Trustee. The initial report will not be filed with the Court.

f. If the case professional so elects, the case professional shall thereafter have thirty (30) days to respond to the initial report and to provide additional information or comments in response to that report. The response to the initial report shall be in writing and forwarded to the Fee Examiner and United States Trustee by e-mail or overnight delivery.

g. Periodic meetings between the case professional and the Fee Examiner may also be scheduled to discuss the initial reports and any responses thereto. Such meetings may be held in person or telephonically as agreed between the case professional and the Fee Examiner.

h. Within sixty (60) days after the date of the initial report, the Fee Examiner shall file with the Court a final report with respect to each Fee Application. This period may be extended by mutual consent of the Fee Examiner, the case professional, and the United States Trustee.

i. Within thirty (30) days after the date of the Final Report for each interim and final fee application, the case professional may file with the Court a response to such Final Report.

-2-

**APPENDIX A**
(Continued)

The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002. Accordingly, the Fee Examiner shall be served with all such papers.

Communications with the Fee Examiner may be directed to the following:

> Linda K. Cooper
> 3840 McKelvey Road
> St. Louis, MO 63044
> Telephone:    314-291-3030
> Facsimile:    314-291-6546
> E-Mail:        l.cooper@smmj.com

## Appendix B

Professionals who represent Wachovia Bank, N.A., in its capacity as agent for itself and certain other post-petition lenders ("the Agent") shall provide to the Fee Examiner within sixty (60) days of the entry of the Order appointing the Fee Examiner, copies of the monthly statements submitted to the Debtors for the period from February 2005 through December 2005, in the following format:

    a.    A complete hard copy, including fee and expense detail and attachments.

    b.    An electronic copy of the fee and expense detail in the LEDES 1998B format or any other delimited ASCII electronic format. In the event the professionals are not familiar with the LEDES 1998B format, the Fee Examiner and professionals representing the Agent will work together to find an appropriate electronic format.

Commencing the date the Bankruptcy Court enters an order approving the appointment of Stuart Maue as Fee Examiner, the following procedures shall be followed for submitting monthly statements to the Fee Examiner, and for the preparation of interim and final reports of the fee review:

    a.    Professionals representing the Agent who seek monthly compensation shall serve a monthly statement (the "Monthly Statement") by overnight delivery to Linda K. Cooper, Stuart Maue, 3840 McKelvey Road, St. Louis, Missouri 63044 or electronically at l.cooper@smmj.com on or about the twentieth (20th) day after the end of a month for which compensation is sought.

    b.    Each Monthly Statement submitted to the Debtors by professionals representing the Agent shall also be submitted to the Fee Examiner in a hard copy, and in an electronic copy in the LEDES 1998B format or any other delimited ASCII electronic format.

    c.    The Fee Examiner shall review the monthly statements submitted by the professionals representing the Agent for the period from February 2005, through December 2005, and within seventy-five (75) days of receipt of both the hard copy and electronic copy of the monthly statement and fee and expense detail, provide an initial report regarding such review to the

**APPENDIX B**
(Continued)

professionals and the United States Trustee. This period may be extended by mutual consent of the Fee Examiner, the professionals representing the Agent, and the United States Trustee. The initial report will not be filed with the Court.

d.  The Fee Examiner shall review the subsequent monthly statements of the professionals representing the Agent and on a quarterly basis that corresponds to the interim and final fee application periods of the case professionals, prepare an initial report. The initial report shall be prepared within thirty (30) days of receipt of both the hard copy and electronic copy of the monthly statement for the last month in the quarterly period. The Fee Examiner shall provide an initial report regarding such review to the professionals representing the Agent and the United States Trustee. This period may be extended by mutual consent of the Fee Examiner, the professionals representing the Agent, and the United States Trustee. The initial report will not be filed with the Court.

e.  If the professionals representing the Agent so elect, the professionals representing the Agent shall have thirty (30) days to respond to the initial report and to provide additional information or comments in response to that report. The response to the initial report shall be in writing and forwarded to the Fee Examiner and United States Trustee by e-mail or overnight delivery.

f.  Periodic meetings between the professionals representing the Agent and Fee Examiner may also be scheduled to discuss the initial reports and the final reports and any responses. Such meetings may be held in person or telephonically as agreed between the Fee Examiner and the professionals representing the Agent.

g.  Within sixty (60) days after the date of the initial report, the Fee Examiner shall file with the Court a Final Report. This period may be extended by mutual consent of the Fee Examiner, the professionals representing the Agent, and the United States Trustee.

h.  Within thirty (30) days after the date of the Final Report, the professionals representing the Agent may file with the Court a response to such Final Report.

**APPENDIX B**
**(Continued)**


Communications with the Fee Examiner may be directed to the following:

        Linda K. Cooper
        3840 McKelvey Road
        St. Louis, MO 63044
        Telephone:   314-291-3030
        Facsimile:   314-291-6546
        E-Mail:      l.cooper@smmj.com