# United States Bankruptcy Court
## Middle District of Florida

In re Winn-Dixie Stores, Inc., et al.,   Case No. 05-03817-3F1
(Jointly Administered)
Court ID (court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **Contrarian Funds, LLC** | **Georgia Pacific Corporation** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Contrarian Funds, LLC**<br>**411 West Putnam Ave., Ste. 225**<br>**Greenwich, CT 06830**<br>**Attn: Alpa Jimenez**<br>**Phone 203-862-8236** | |
| | Name and Current Address of Transferor |
| Name and Address where transferee payments should be sent (if different from above) | **Georgia Pacific Corporation**<br>**133 Peachtree Street N.E., 7th Floor**<br>**Atlanta, GA  30303**<br>**Attn: Larry Feind**<br>**Phone 404-652-4401** |
| **Court Claim # (if known):  Allowed Reclamation**<br>**Claim Amount  $1,163,315.52**<br>**Date Claim Filed:** | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____/s/ *Alpa Jimenez*_____   Date: _____December 19, 2005_____
       Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                                  _____
                                                                   **CLERK OF THE COURT**

### EVIDENCE OF TRANSFER OF RECLAMATION CLAIM

GEORGIA-PACIFIC CORPORATION, a Georgia corporation, its successors and assigns (collectively, "Assignor"), pursuant to that certain Transfer of Claim Agreement dated November 4, 2005, has hereby absolutely and unconditionally sold, transferred and assigned to Contrarian Funds, LLC its successors and assigns (collectively, "Assignee") the allowed reclamation claim (the "Claim"), in the principal amount of $1,163,315.52 against Winn-Dixie Procurement, Inc., (the "Debtor") in the bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Middle District of Florida, case no. 05-03817-3F1, or any other court with jurisdiction over such proceedings.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing the assignment of this Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Evidence of Transfer of Claim by its duly authorized representative this 4th day of December 2005.

(Assignor)
GEORGIA PACIFIC CORPORATION

By: _____
Name: James J. Prior
Title: Sr. Credit Manager

(Assignee)
CONTRARIAN FUNDS, LLC
By: Contrarian Capital Management, LLC,
as manager

By: _____
Name: Janice Stanton
Title: Member

(Assignor)
WITNESS:
By: _____
Name: Richard Lawless
Title: Credit Manager