UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, ) | Chapter 11 |
| et al., ) | |
| ) | |
| Debtors. ) | |
| _____) | |

## VERIFIED MOTION FOR ENLARGEMENT OF
## TIME TO FILE PROOF OF CLAIM

The Creditor, JANICE SWAIN ("SWAIN"), by and through her undersigned counsel, pursuant to Fed. R. Bankr. Proc. 3003(c) and 9006(b)(1), request an enlargement of time to file a Proof of Claim and as grounds therefore alleges:

1. On March 18, 2002, SWAIN slipped on an unidentified liquid and fell in the aisle of a WINN-DIXIE STORE. As a result, she incurred serious bodily injury.

2. SWAIN retained the law offices of James Richard Hooper in an effort to receive compensation for her injuries.

3. Ultimately, SWAIN instituted suit against WINN-DIXIE STORES, INC., in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, Case No. 2004-CA-5885-NC.

4. On July 1, 2005, James Richard Hooper was killed in a single engine plane crash. As would be expected, Mr. Hooper's death caused numerous problems within the practice. Ultimately, the personal representatives of Mr. Hooper's estate were authorized to take over management of the practice. Through a process that took many months, all of the practices' files

were inventoried. Unfortunately, the file relating to SWAIN'S claims did not come to anyone's attention until after the deadline established by the Court for filing of Proofs of Claim.

5. The failure of SWAIN to file her claim in a timely manner was the result of excusable neglect. Obviously, the Law Offices of James Richard Hooper had actual knowledge of the bankruptcy filing. However, it would have been impossible to avoid the problems which occurred subsequent to the death of Mr. Hooper. Further, the amount of time that it took to inventory all of the offices files and to discover the need to file the Proof of Claim on behalf of SWAIN was reasonable under the circumstances.

6. There is no danger of any prejudice to the Debtor, should the Court enlarge the time for the filing of SWAIN's claim. Her claim represents only a tiny fraction of the other claims which have already been filed. Further, the delay which occurred in the filing of the claim was less then four (4) months and this Motion was filed within approximately 30 days of the discovery of Ms. SWAIN's file. Finally, SWAIN files this Motion in good faith and her only intention is to recover her rightful percentage share of any distribution which will be made to unsecured creditors.

**WHEREFORE,** the Creditor, JANICE SWAIN, requests that the Court enlarge the time for the filing of her Proof of Claim.

_____
Philip D. Storey, Esquire
Florida Bar No. 701157
Stump, Storey, Callahan, Dietrich & Spears, P.A.
P.O. Box 3388
Orlando, FL 32802-3388
(407) 425-2571 Telephone
(407) 425-0827 Facsimile

## VERIFICATION

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

    **BEFORE ME** the undersigned authority personally appeared EDUARDO RODRIGUEZ, ESQUIRE, who after being first duly sworn, deposes and says:

1. I am over the age of 18 years of age and make this Verification of my own personal knowledge of the facts involved.

2. That I am the attorney for the Creditor, JANICE SWAIN, and that the allegations contained in this Verified Motion for Enlargement of Time to File Proof of Claim are true and correct.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
EDUARDO RODRIGUEZ, ESQUIRE

    The foregoing Verification was acknowledged before me this 15th day of December, 2005, by EDUARDO RODRIGUEZ, Esquire, as attorney for Creditor, JANICE SWAIN, who is personally known to me and who did take an oath.

_____
NOTARY PUBLIC

LINDA E. HOWARD
Notary Public - State of Florida
My Commission Expires Mar 4, 2008
Commission # DD287823
Bonded by National Notary Assn.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by either by electronic notification or U.S. Mail, this 15th day of December, 2005 to: Kenneth C. Meeker, Esq., Assistant United States Trustee, 135 West Central Blvd., Room 620, Orlando, FL 32801; the Debtor, c/o Cynthia C. Jackson, Esq., Smith Hylsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, and the parties listed on the attached Local Rule 1007-2 Parties in Interest List.

_____
Philip D. Storey, Esquire

U:\BS\WINN-DIXIE\SWAIN\SWAINMTNFORENLARGEMENTFILEPROOFOFCLAIM.wpd