## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, | ) | Chapter 11 |
| et al., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

### VERIFIED MOTION FOR ENLARGEMENT OF
### TIME TO FILE PROOF OF CLAIM

The Creditor, Jennifer Powers ("POWERS"), by and through her undersigned counsel, pursuant to Fed. R. Bankr. Proc. 3003(c) and 9006(b)(1), request an enlargement of time to file a Proof of Claim and as grounds therefore alleges:

1.      On November 12, 2001, POWERS slipped and fell in the restroom of a WINN-DIXIE STORE as a result of a chemical spill.  As a result, she incurred serious bodily injury.

2.      POWERS retained the law offices of James Richard Hooper in an effort to receive compensation for her injuries.

3.      Ultimately, POWERS instituted suit against WINN-DIXIE STORES, INC., in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 48-2004-CA-567-0.

4.      On February 15, 2005, the Court set the case for a jury trial on a three (3) week trial docket beginning August 2, 2005.

5.      On July 1, 2005, James Richard Hooper was killed in a single engine plane crash. As would be expected, Mr. Hooper's death caused numerous problems within the practice.

Ultimately, the personal representatives of Mr. Hooper's estate were authorized to take over management of the practice. Through a process that took many months, all of the practices' files were inventoried. Unfortunately, the file relating to POWERS' claims did not come to anyone's attention until after the deadline established by the Court for filing of Proofs of Claim.

6.      The Court should note that despite the fact that WINN-DIXIE had full knowledge of POWERS' claims, that she was not listed as a creditor in Schedule F.

7.      The failure of POWERS to file her claim in a timely manner was the result of excusable neglect. Specifically, POWERS received no direct Notice of the filing or of the Deadline for filing Proofs of Claim. Obviously, the Law Offices of James Richard Hooper had actual knowledge of the bankruptcy filing. However, it does not appear that the office ever received any direct notice of the Order Establishing the Deadline for Filing Proofs of Claim. Further, it would have been impossible to avoid the difficulties encountered subsequent to the death of Mr. Hooper. Finally, the amount of time that it took to inventory all of the offices files and to discover the need to file the Proof of Claim on behalf of POWERS was reasonable under the circumstances.

8.      There is no danger of any prejudice to the Debtor, should the Court enlarge the time for the filing of POWERS' claim. Her claim represents only a tiny fraction of the other claims which have already been filed. Further, the delay which occurred in the filing of the claim was less then four (4) months and this Motion was filed within approximately 30 days of the discovery of Ms. Powers' file. In addition, as POWERS had no knowledge of the bankruptcy filing or of the need to file a Proof of Claim, the filing of the claim was not within her reasonable control. Finally, POWERS files this Motion in good faith and her only intention is to recover her rightful percentage share of any distribution which will be made to unsecured creditors.

Page -2-

**WHEREFORE,** the Creditor, JENNIFER POWERS, requests that the Court enlarge the time

for the filing of her Proof of Claim.

Philip D. Storey, Esquire
Florida Bar No. 701157
Stump, Storey, Callahan, Dietrich & Spears, P.A.
P.O. Box 3388
Orlando, FL 32802-3388
(407) 425-2571 Telephone
(407) 425-0827 Facsimile

**VERIFICATION**

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

**BEFORE ME** the undersigned authority personally appeared EDUARDO RODRIGUEZ, ESQUIRE,  who after being first duly sworn, deposes and says:

1.      I am over the age of 18 years of age and make this Verification of my own personal knowledge of the facts involved.

2.      That I am the attorney for the Creditor, JENNIFER POWERS, and that the allegations contained in this Verified Motion for Enlargement of Time to File Proof of Claim are true and correct.

**FURTHER AFFIANT SAYETH NAUGHT.**

EDUARDO RODRIGUEZ, ESQUIRE

The foregoing Verification was acknowledged before me this /5th day of December, 2005, by EduArdo Rodriguez Esquire, as attorney for Creditor, JENNIFER POWERS, who is personally known to me and who did take an oath.

NOTARY PUBLIC

LINDA S. HOWARD
Notary Public - State of Florida
My Commission Expires Mar 4, 2008
Commission # DD287523
Bonded by National Notary Assn.

Page -3-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by either by electronic notification or U.S. Mail, this __19__ day of December, 2005 to: Kenneth C. Meeker, Esq., Assistant United States Trustee, 135 West Central Blvd., Room 620, Orlando, FL 32801; the Debtor, c/o Cynthia C. Jackson, Esq., Smith Hylsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202; Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036, and the parties listed on the attached Local Rule 1007-2 Parties in Interest List.

_____
Philip D. Storey, Esquire

U:\BS\WINN-DIXIESWAIN\SWAINMTNFORENLARGEMENTFILEPROOFOFCLAIM.wpd