UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER GRANTING THIRD EXTENSION OF TIME TO ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

These cases came before the Court for hearing on December 15, 2005 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors a further extension of time to assume or reject unexpired nonresidential real property leases (the "Motion"). Objections to the motion were filed by (i) By-Pass Partnership (Docket No. 4467), (ii) Pines-Carter of Florida, Inc. (Docket No. 4518), and (iii) Sarria Enterprises, Inc. (Docket No. 4527) (collectively, the "Objections"). The Debtors have advised the Court that the Objections have been withdrawn. An objection to the Motion was also filed by Anthony and Dorothy Balzebre (Docket No. 4515) (the "Balzebre Objection"). Additionally, at the hearing on the Motion, the Debtors and the landlord party to the lease for a store located in Morrisville, North Carolina (the "Store 802 Lease") advised the Court that they had agreed to enter into an agreement terminating such lease. The Court has reviewed the Motion, considered the evidence,

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

and heard argument of counsel. After due deliberation and good and sufficient cause existing, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Balzebre Objection is overruled.

3. Except as to the Store 802 Lease, the period within which the Debtors must move to assume or reject the Unexpired Leases is extended through March 20, 2006.

4. The Debtors will comply with the mandates of section 365 of the Bankruptcy Code as such Code section is interpreted by this Court, and will perform all the obligations of the Debtors, except those specified in section 365(b)(2), arising from and after the order for relief (the "Postpetition Rental Obligations"). The Debtors agree that any lessor may file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion shall set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. The Debtors agree that they will not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

5. The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

6. The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease will be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases on or before March 20, 2006.

Dated this 19 day of December, 2005, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.