UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              :
                                                    :    Case No.: 3-05-bk-03817-JAF
WINN-DIXIE STORES, INC., et al.,                    :    Chapter 11
                                                    :    JOINTLY ADMINISTERED
                Debtor(s).                          :
                                                    :

**REQUEST FOR SCHEDULING CONFERENCE WITH RESPECT TO THE MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR ORDER APPOINTING AN EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE**

The Official Committee of Equity Security Holders (the "Equity Committee") appointed in the above-referenced proceedings by the United States Trustee, by and through its undersigned counsel, hereby files this *Request for Scheduling Conference with Respect to the Motion of the Official Committee of Equity Security Holders for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code* (the "Request"). In support of this Request, the Equity Committee shows as follows:

**Background**

**A.    The Bankruptcy Case**

1.    On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc., et al. (the "Debtors") filed their petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    On March 1, 2005, the United States Trustee appointed an official committee of unsecured creditors (the "Creditors Committee").

3.    On August 17, 2005, pursuant to Section 1102(a)(1) of the Bankruptcy Code, the United States Trustee appointed the following five (5) equity security holders to serve as

1

LEGAL_US_E # 70316263.1

members of the Equity Committee in these cases: (i) Mr. Houston Maddox; (ii) Mr. Greg Rippel on behalf of the Brandes Investment Partners, L.P. Profit Sharing Plan; (iii) Mr. Paul Madsen;[1] (iv) Mr. Michael Nakonechny; and (v) Mr. Kenneth Thomas.

B. **The Motion for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code**

4. On or about December 8, 2005, the Equity Committee filed the *Motion for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code* [Docket No. 4536] (the "Motion")[2] seeking the appointment of an examiner to independently investigate whether, and what, claims or causes of action Winn-Dixie Stores, Inc. ("Winn-Dixie") may assert against its pre-petition directors, officers, senior management and third party professionals for actions or inactions that caused or contributed to the bankruptcy filing, including, but not limited to:

- The decline of Winn-Dixie's financial condition and events leading up to the Chapter 11 filings.

- The Internal Revenue Service (the "IRS") audit of fiscal years 2000 through 2002, including, but not limited to, Winn-Dixie's appeal of the IRS' decisions.

- The issuance of dividends from 2000 through 2004 and whether Winn-Dixie complied with corporate governance requirements in issuing the dividends.

- Winn-Dixie's company-owned life insurance policies and any IRS investigation of such policies.

- Class action lawsuits filed in the United States District Court for the Middle District of Florida against Winn-Dixie and certain present and former executive officers alleging claims under ERISA relating to Winn-Dixie's Profit Sharing/401(k) plan.

- Shareholder demand requesting that a derivative proceeding be commenced against the Board of Directors and officers and directors who

---

[1] On or about September 23, 2005, Mr. Madsen resigned from the Equity Committee.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

> served from May 6, 2002 through July 23, 2004 asserting that such parties violated their fiduciary duties to Winn-Dixie.

- Federal grand jury investigation of possible violations of federal criminal law arising out of activities related to illegal importation, possession, transportation and sale of undersized lobsters.

- Any and all matters identified in any filing made by Winn-Dixie in the bankruptcy case or with the SEC.

- Such other matters as the examiner deems appropriate.

5. Upon information and belief, the Debtors and the Creditors Committee intend to contest the Motion.

## Request for a Status Conference
## Pursuant to Rule 9014 of the Federal Rules Bankruptcy Procedure

6. The Motion seeks the appointment of an examiner to independently investigate potentially significant claims against Winn-Dixie's pre-petition directors, officers, senior management and third party professionals for actions or inactions that caused or contributed to the bankruptcy filings. In light of the Debtors' anticipated proposal of a term sheet for a plan of reorganization in January 2006 and the filing of a plan of reorganization in March 2006, a hearing on the Motion must proceed in a timely and efficient manner. Since it is expected that both the Debtors and the Creditors Committee will object to the Motion, it will be necessary for interested parties to participate in discovery in advance of a contested hearing. Accordingly, the Equity Committee respectfully requests that a scheduling conference be held on January 12, 2006, during the Debtors' next regularly scheduled omnibus hearing.

Discovery Matters

7. The Equity Committee believes that discovery will need to be conducted in preparation for a contested hearing on the Motion. In particular, the Equity Committee anticipates serving document requests in connection with each of the matters identified in the

3

Motion for which an independent investigation is necessary. The documents requests are necessary to determine whether, and to what extent, the Debtors are conducting, or have conducted, investigations into the matters subject to the Motion and the results of any such investigation.

8. In addition to document requests, the Equity Committee believes that depositions are necessary in connection with the disputed Motion in order to determine whether the Debtors, or any of their professionals, are conducting, or have conducted, investigations with respect to the actions or inactions of Winn-Dixie's pre-petition directors, officers, senior management and third party professionals that caused or contributed to the bankruptcy filings. Moreover, depositions are necessary to determine any fact or expert witnesses which may be presented at a contested hearing on the Motion.

9. The Equity Committee requests the scheduling conference in order to establish an initial discovery schedule, including discovery cut-off dates and any other discovery scheduling matter in connection with the Motion that the Court deems appropriate.

Briefing and Scheduling an Evidentiary Hearing

10. Determination of the Motion and the appointment of an independent examiner is necessary before the Debtors can proceed to confirmation of any plan of reorganization. As set forth in the Motion, an independent examiner is necessary to ensure that Winn-Dixie does not waive potential claims against its pre-petition directors, officers, senior management and third party professionals in connection with any plan of reorganization. As such the Equity Committee requests the scheduling conference to establish a briefing schedule and to set the Motion for an evidentiary hearing in a timely manner.

## **Conclusion**

11.     Accordingly, the Equity Committee respectfully requests entry of an order setting a scheduling conference for January 12, 2006 and granting such other and further relief as the Court deems necessary and proper.

[signature on next page]

Respectfully submitted this 21st day of December, 2005

> PAUL, HASTINGS, JANOFSKY & WALKER LLP
>
> /s/ Karol K. Denniston
> Karol K. Denniston
> Ga. Bar No. 218333
> Carolyn (Keri) Chayavadhanangkur
> Ga. Bar No. 122152
> 600 Peachtree Street
> Suite 2400
> Atlanta, GA 30308
> Telephone: (404) 815-2400
> karolkdenniston@paulhastings.com
> carolynchayavadhanangkur@paulhastings.com
>
> And
>
> PAUL, HASTINGS, JANOFSKY & WALKER LLP
> James D. Wareham
> DC Bar No. 411799
> 875 15th Street
> Washington, DC  20005
> Telephone: (202) 551-17000
> jameswareham@paulhastings.com
>
> And
>
> JENNIS & BOWEN, P.L.
>
> /s/David Jennis
> David Jennis
> Fla. Bar No. 775940
> Chad S. Bowen
> Fla. Bar No. 0138290
> 400 North Ashley Drive
> Suite 2540
> Tampa, FL 33602
> Telephone: (813) 229-1700
> djennis@jennisbowen.com
> cbowen@jennisbowen.com
>
> ***Co-Counsel for the Official Committee of Equity Holders***

6

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                           :
                                                 :  Case No.: 3-05-bk-03817-JAF
WINN-DIXIE STORES, INC., et al.,                 :  Chapter 11
                                                 :  JOINTLY ADMINISTERED
        Debtor(s).                               :
                                                 :

**[PROPOSED] ORDER SETTING A SCHEDULING CONFERENCE**

UPON the *Request for Scheduling Conference with Respect to the Motion of the Official Committee of Equity Security Holders for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code* (the "Request");[1] and the Court having reviewed the Request and any and all objections; and the Court having reviewed all of the pleadings filed in connection with the Request and the Motion; and the Court having found that it has jurisdiction over this matter; and due notice of the Request having been given under the circumstances; and it appearing that no other or further notice of the Request is necessary or required; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Request is GRANTED and a scheduling conference in connection with the Motion shall be held on January 12, 2006; and it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

This ___ day off _____, 2005.

                                                  _____
                                                  HONORABLE JERRY A. FUNK
                                                  United States Bankruptcy Judge

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Request.