B210
12/04

# United States Bankruptcy Court
## Middle District of Florida

In re: WINN DIXIE PROCUREMENT, INC.   Case No. 05-3817

Court ID (Court use only)

**FILED**
JACKSONVILLE, FLORIDA
DEC 2 2 2005
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $284,602.06. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee:<br>SPCP Group, LLC | Name of Transferor:<br>The Hartz Mountain Corporation |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor<br>(Court Use Only) |
| Attn: Brian Jarmain<br>SPCP Group, LLC<br>2 Greenwich Plaza<br>Greenwich, CT 06830 | |
| Phone: 203-542-4032<br>Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor:<br>Attn: Max Marx<br>The Hartz Mountain Corporation<br>400 Plaza Drive<br>Secaucus, NJ 07094 |
| Phone:_____<br>Last Four Digits of Acct #:_____ | Phone: 201-271-4800 x 7630<br>Last Four Digits of Acct #:_____ |

Court Claim # (if known): 3484
Date Claim Filed: 6/3/2005

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___/s/ Brian Jarmain_____    Date:__December 21, 2005_____ s
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. § § 152 & 371.

---**DEADLINE TO OBJECT TO TRANSFER**---

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____    _____
                                                              CLERK OF THE COURT

**EXHIBIT A TO**
**ASSIGNMENT OF CLAIM**

**EVIDENCE OF TRANSFER OF CLAIM**

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, THE HARTZ MOUNTAIN CORPORATION ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **SPCP GROUP, L.L.C.**, as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims listed on Debtor's Schedule F in the aggregate amount of $214,754.07 (the "Assigned Claim"), against Winn-Dixie Procurement, Inc, ("Debtor"), the debtor-in-possession in Case No. 05-03838 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim, particularly Proof of Claim No: 3484 in the amount of $284,602.06.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on November __, 2005.

**THE HARTZ MOUNTAIN CORPORATION**

By: _____
Name:  John Russak
Title:  Manager, Credit & Collections

9

¶ 103 ⸺Proof of claim Official Form 10 power of attorney Official Form 11A 2-92

JULIUS BLUMBERG, INC
PUBLISHER, NYC 10013

FORM B10 (6-90)

# FORM 10. PROOF OF CLAIM

| United States Bankruptcy Court | PROOF OF CLAIM | DEBTOR WINN - DIXIE STORES, INC |
|---|---|---|
| _Middle_ District of _Florida_ | | U.S. BANKRUPTCY COURT M.D.-FLORIDA JOINTLY ADMINISTERED UNDER |
| In re (Name of Debtor) _Winn-Dixie Stores, Inc._ | Case Number 05-03817-3F1 | CASE 05-03817 (3F1) CHAPTER 11 |

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. §503

**CLAIM NO.: 3484**

| Name of Creditor (The person or entity to whom the debtor owes money or property) 279370 The Hartz Mountain Corporation | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars |
|---|---|
| Name and Addresses Where Notices Should be Sent The Hartz Mountain Corporation 400 Plaza Drive Secaucus, NJ 07094-3688 Attn: John Russak | ☐ Check box if you have never received any notices from the bankruptcy court in this case ☐ Check box if the address differs from the address on the envelope sent to you by the court |
| Telephone No 201-271-4800 Ext-7552 | THIS SPACE IS FOR COURT USE ONLY |

| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR 0601000 | Check here if this claim ☒ replaces ☐ amends a previously filed claim, dated 2/28/05 |
|---|---|

**1 BASIS FOR CLAIM**
- ☒ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensations (Fill out below)
- Your social security number _____
- Unpaid compensations for services performed from (date) _____ to _____ (date)

**2 DATE DEBT WAS INCURRED**
Various

**3 IF COURT JUDGMENT, DATE OBTAINED**

**4 CLASSIFICATION OF CLAIM** Under the Bankruptcy Code all claims are classified as one or more of the following (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM

☐ SECURED CLAIM $ _____
Attach evidence of perfection of security interest
Brief Description of Collateral
☐ Real Estate ☐ Motor Vehicle ☐ Other (Describe briefly)

Amount of arrearage and other charges included in secured claim above, if any $ _____

☒ UNSECURED NONPRIORITY CLAIM $ $284,602.06
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim

☐ UNSECURED PRIORITY CLAIM $ _____
Specify the priority of the claim
- ☐ Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(3)
- ☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4)
- ☐ Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(6)
- ☐ Taxes or penalties of governmental units - 11 U.S.C. §507(a)(7)
- ☐ Other - 11 U.S.C. §§507 (a)(2), (a)(5) - (Describe briefly)

**5 TOTAL AMOUNT OF CLAIM AT TIME CASE FILED**
$284,602.06 (Unsecured) | $ _____ (Secured) | $ _____ (Priority) | $284,602.06 (Total)

☐ Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges

**6 CREDITS AND SETOFFS** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor

**7 SUPPORTING DOCUMENTS** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary

**8 TIME-STAMPED COPY** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
LOGAN & COMPANY
AS AGENT
2005 JUN -3 PM 3:09
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

| Date 5/31/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) John Russak, Credit Manager /s/ John Russak |
|---|---|

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.