**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE OF PROPOSED AGREED ORDER REGARDING**
**MOTION TO LIFT STAY FILED BY DANNON CO.,INC.**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Time Square, New York, New York 10036, djbaker@skadden.com, and (iii) Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, ElenaL.Escamilla@usdoj.gov.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Pursuant to Rule 4001(d), Federal Rules of Bankruptcy Procedure, and Local Rule 2002, notice is given of the proposed Agreed Order Regarding Motion to Lift Stay

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Filed by Dannon Company, Inc. pursuant to the attached Stipulation. If no objection to the proposed Agreed Order is filed and served within the time as set forth above, the Court will be requested to enter the Order without further notice or hearing.

Dated: December 27, 2005

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>   D. J. Baker <br>   Sally McDonald Henry <br>   Rosalie Gray | By  *s/ James H. Post*  <br>   Stephen D. Busey <br>   James H. Post (FBN 175460) <br>   Cynthia C. Jackson |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document has been furnished electronically and/or by mail to the following parties, this 27th day of December, 2005:

| | |
|---|---|
| Kenneth C. Meeker<br>Assistant U.S. Trustee<br>Office of the United States Trustee<br>135 West Central Boulevard, Room 620<br>Orlando, Florida 32801<br>Phone: 407-648-6301<br>Fax: 407-648-6323<br>ken.meeker@usdoj.gov | Otterbourg, Steindler, Houston &<br>   Rosen, P.C.<br>Attn: Jonathan N. Helfat<br>230 Park Avenue, 29th Floor<br>New York, NY 10169<br>Phone: 212-661-9100<br>Fax: 212-682-6104<br>Jhelfat@oshr.com |
| Elena L. Escamilla<br>Office of the United States Trustee<br>135 West Central Boulevard, Room 620<br>Orlando, Florida 32801<br>Phone: 407-648-6465<br>Fax: 407-648-6323<br>Elena.L.Escamilla@usdoj.gov | Milbank, Tweed, Hadley & McCloy LLP<br>Attn: Dennis Dunne<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Phone: 212-530-5000<br>Fax: 212-530-5219<br>Ddunne@milbank.com |
| Irby Law Firm<br>Attn: Albert Adams<br>PO Box 910<br>Eufaula, AL 36072<br>Phone: 334-687-6672<br>Fax: 334-687-6671<br>irbylawfirm@bellsouth.net | Akerman Senterfitt<br>Attn: John B. Macdonald<br>50 North Laura Street, Suite 2500<br>Jacksonville, Florida 32202<br>Phone: 904-798-3700<br>Fax: 904-398-3730<br>john.macdonald@akerman.com |

                                                             *s/ James H. Post*
                                                               Attorney

509217

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |

**STIPULATION REGARDING
DANNON'S MOTION FOR RELIEF FROM STAY**

This stipulation is entered into between (i) Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), and (ii) The Dannon Company, Inc. ("Dannon") as to the Motion of The Dannon Company, Inc. for Relief from the Automatic Stay to Allow Setoff of Pre-Petition Debts (Docket No. 2564) (the "Motion").

**Recitals**

1.  Dannon asserts that as of February 21, 2005, Dannon owed the Debtors $770,140.14, comprised of $404,140.14 for Unsaleable Goods[2] and $366,000 for Slotting Fees (collectively, the "Setoff Amount").

2.  Dannon has filed three proofs of claim in the case of Winn-Dixie Stores, Inc., Case. No. 05-03817: (i) Claim No. 1294, in the amount of $973,006.06, (ii) Claim

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

No. 5426, which amends Claim No. 1294 to the amount of $987,591.62 and (iii) Claim No. 5427, a claim classified by Dannon as a reclamation claim, in the amount of $337,778.31. Subsequently, Dannon has determined that all of its pre-petition claims against the Debtors total $911,874.38, and are represented by the invoices identified in Exhibit 1 attached.

    3.    By this Stipulation, the parties desire to resolve all claims and disputes arising from the Motion and their respective pre-petition claims as follows:

**Agreement**

    4.    On or about December 29, 2005, the Debtors shall serve a notice of proposed agreed order in the form attached as Exhibit 2 (the "Order") upon parties in interest pursuant to Local Rule 2002. The Debtors and Dannon (collectively, the "Parties") agree to use their best efforts to obtain Bankruptcy Court approval of this Order (the "Agreed Order") on or before May 28, 2006. Within ten business days after the Agreed Order becomes a final order from which no timely appeal has been taken, all provisions of this Stipulation, including all releases and other agreements provided therein, will become binding and enforceable between the Parties (the "Effective Date").

    5.    On the Effective Date, Dannon will be deemed to have taken a setoff in the Setoff Amount of $770,140.14 against Dannon's pre-petition claims against Winn-Dixie Stores, Inc. in the manner set forth in Exhibit A attached to the Order.

    6.    On the Effective Date (i) Claim No. 1294, filed by Dannon in Case No. 05-03817, and Claim No. 5426, filed by Dannon in Case No. 05-03817, will be disallowed in their entirety and (ii) Dannon's only remaining claim against the Debtors as of the date of this stipulation will be Claim No. 5427 against Winn-Dixie Stores, Inc. in the reduced

amount of $141,734.24 as represented by the invoices identified in Exhibit B to the Order.

7. On the Effective Date, Claim No. 5427 of $141,734.24 will become an allowed claim as follows:

    1. $114,294.49 of Claim No. 5427 shall be deemed to be an allowed reclamation claim payable in full as an administrative claim under Section 503 of the Bankruptcy Code. Dannon shall not seek payment on such claim prior to confirmation of a reorganization plan or conversion of these cases; and

    2. $27,439.75 of Claim No. 5427 shall be deemed to be an allowed unsecured claim payable pursuant to a confirmed reorganization plan or conversion of these cases.

8. Dannon agrees that it will not file or assert any other claims against the Debtors (including contingent claims) which arose or were in existence prior to the commencement of these cases.

9. Except as specifically provided in this Stipulation, all other rights, claims, defenses and liabilities the parties may have regarding any other matter, including but not limited to potential preference claims and defenses (if any) which may be asserted by either party, shall remain in full force and effect.

10. In the event that the Bankruptcy Court has not entered the Agreed Order on or before May 28, 2006, or the Agreed Order does not become a final order by such date due to a pending appeal, this Stipulation will be terminated unless otherwise mutually agreed by the parties.

11. In the event this Stipulation is terminated pursuant to paragraph 10, the parties agree that (i) this Stipulation will be null and void and the Parties will proceed as if this Stipulation had not been entered into and (ii) nothing in this Stipulation shall be admissible for any purpose in any litigation between the Parties or involving any of the Parties, nor will this Stipulation give rise to any admission by, or estoppel of, any party hereto.

12. This Stipulation shall not be filed with the Court unless necessary to enforce the terms of this Stipulation.

Dated: December 27, 2005

| HELD & ISRAEL | SMITH HULSEY & BUSEY |
|---|---|
| By: *s/ Edwin W. Held, Jr.*<br>    Edwin W. Held, Jr.<br>    Florida Bar Number 162574<br>    Adam N. Frisch, Esquire | By *s/ James H. Post*<br>   Stephen D. Busey<br>   James H. Post<br>   Florida Bar Number 0175460<br>   Leanne McKnight Prendergast |
| 1301 Riverplace Boulevard, Suite 1916<br>Jacksonville, Florida 322047<br>(904) 398-7038<br>(904) 398-4283 (facsimile) | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| -and- | -and- |
| KELLEY DRYE & WARREN, LLP<br>James S. Carr (JC 1603)<br>Debra SuDock (DS 5605)<br>101 Park Avenue<br>New York, New York 10178<br>(212) 808-7800 | SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM LLP<br>D. J. Baker<br>Sally McDonald Henry<br>Steve Eichel<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>seichel@skadden.com |
| Attorneys for the Dannon Company, Inc. | Co-Counsel for Debtors |

WD - Stipulation - Dannon MFR (00509228-2).2

4

## Dannon - Winn-Dixie
## Unpaid Invoices

| Invoice Date | Invoice Number | Amount | Running Total |
|---|---|---|---|
| 11/19/04 | 8100084071 | $4,409.14 | |
| 11/19/04 | 0000000000 | $20,687.60 | $25,096.74 |
| 03/15/05 | 8100106777 | $203.86 | $25,300.60 |
| 03/16/05 | 8100106994 | $1,496.88 | $26,797.48 |
| 03/18/05 | 8100107494 | $990.79 | $27,788.27 |
| 01/25/05 | 8100096278 | $11,808.88 | $39,597.15 |
| 02/01/05 | 8100097873 | $38,791.21 | $78,388.36 |
| 02/01/05 | 8100097874 | $24,821.22 | $103,209.58 |
| 02/01/05 | 8100098148 | $16,304.80 | $119,514.38 |
| 02/02/05 | 8100098147 | $11,313.30 | $130,827.68 |
| 02/04/05 | 8100098825 | $17,270.71 | $148,098.39 |
| 02/05/05 | 8100098708 | $27,132.74 | $175,231.13 |
| 02/07/05 | 8100098990 | $36,814.71 | $212,045.84 |
| 02/07/05 | 8100098991 | $24,450.64 | $236,496.48 |
| 02/07/05 | 8100098992 | $34,987.76 | $271,484.24 |
| 02/07/05 | 8100099072 | $17,087.61 | $288,571.85 |
| 02/07/05 | 8100099073 | $43,753.78 | $332,325.63 |
| 02/08/05 | 8100099258 | $27,500.78 | $359,826.41 |
| 02/08/05 | 8100099259 | $11,877.91 | $371,704.32 |
| 02/08/05 | 8100099260 | $33,272.49 | $404,976.81 |
| 02/08/05 | 8100099261 | $32,179.15 | $437,155.96 |
| 02/08/05 | 8100099262 | $39,503.21 | $476,659.17 |
| 02/08/05 | 8100099263 | $20,851.15 | $497,510.32 |
| 02/08/05 | 8100099264 | $33,553.25 | $531,063.57 |
| 02/08/05 | 8100099371 | $39,819.31 | $570,882.88 |
| 02/09/05 | 8100099579 | $11,199.87 | $582,082.75 |
| 02/09/05 | 8100099580 | $17,325.82 | $599,408.57 |
| 02/09/05 | 8100099581 | $13,883.12 | $613,291.69 |
| 02/09/05 | 8100099582 | $17,791.78 | $631,083.47 |
| 02/09/05 | 8100099583 | $6,298.78 | $637,382.25 |
| 02/09/05 | 8100099902 | $12,431.06 | $649,813.31 |
| 02/11/05 | 8100100330 | $2,434.39 | $652,247.70 |
| 02/11/05 | 8100100467 | $13,388.42 | $665,636.12 |
| 02/12/05 | 8100100329 | $14,493.35 | $680,129.47 |
| 02/14/05 | 8100100969 | $26,086.21 | $706,215.68 |
| 02/14/05 | 8100100971 | $30,819.40 | $737,035.08 |
| 02/15/05 | 8100100871 | $10,608.68 | $747,643.76 |
| 02/15/05 | 8100100872 | $37,593.31 | $785,237.07 |
| 02/15/05 | 8100100970 | $28,523.15 | $813,760.22 |
| 02/15/05 | 8100100972 | $22,209.56 | $835,969.78 |
| 02/16/05 | 8100101168 | $15,718.53 | $851,688.31 |
| 02/18/05 | 8100101630 | $33,623.52 | $885,311.83 |
| 02/18/05 | 8100101780 | $26,562.55 | $911,874.38 |

Exhibit 1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**AGREED ORDER REGARDING THE DANNON
COMPANY, INC.'S MOTION TO LIFT STAY**

This case is before the Court upon the Motion of The Dannon Company, Inc. for Relief from the Automatic Stay to Allow Setoff of Pre-Petition Debts (Docket No. 2564) (the "Motion"). The Court finds that (i) notice of the proposed Agreed Order and Stipulation was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. The Motion is granted to the extent provided herein.

2. The automatic stay is modified for the purpose of allowing The Dannon Company, Inc. ("Dannon") to setoff debts totaling $770,140.14 which it owes the Debtors for Unsaleable Goods[1] and Slotting Fees against Dannon's claims against Winn-Dixie Stores, Inc. Accordingly, the invoices identified in the attached Exhibit 1 to

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

Exhibit 2

the Stipulation are deemed to be set off against Dannon's claims against Winn-Dixie Stores.

3. Claim No. 1294, filed by Dannon in Case No. 05-03817, and Claim No. 5426, filed by Dannon in Case No. 05-03817, are disallowed and expunged in their entirety.

4. Claim No. 5427 filed by Dannon against Winn-Dixie Stores, Inc. in Case No. 05-03817 is reduced to the amount of $141,734.24 as set forth in the attached Exhibit 2 and deemed to be an allowed claim as follows:

    1. $114,294.49 of Claim No. 5427 shall be deemed to be an allowed reclamation claim payable in full as an administrative claim under Section 503 of the Bankruptcy Code. Dannon shall not seek payment on such claim prior to confirmation of a reorganization plan or conversion of these cases; and

    2. $27,439.75 of Claim No. 5427 shall be deemed to be an allowed unsecured claim payable pursuant to a confirmed reorganization plan or conversion of these cases.

5. Except as expressly provided herein and subject to the terms of the Stipulation, this Agreed Order resolves all liabilities and obligations Dannon has or may have against the Debtors related to Claim Nos. 1294, 5426 and 5427.

6. Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect.

7.  Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases is directed to make such revisions to the claims register as is necessary to reflect the terms of the Agreed Order.

8.  The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.

                                               Jerry A. Funk
                                               United States Bankruptcy Judge

Copies furnished to:

Edwin W. Held, Esq.
John Macdonald, Esq.
James H. Post, Esq.
United States Trustee

509204

**Dannon - Winn-Dixie**
**Unpaid Invoices**

| Invoice Date | Invoice Number | Amount | Running Total | |
|---|---|---|---|---|
| 11/19/04 | 8100084071 | **$4,409.14** | | |
| 11/19/04 | 0000000000 | **$20,687.60** | $25,096.74 | |
| 03/15/05 | 8100106777 | **$203.86** | $25,300.60 | |
| 03/16/05 | 8100106994 | **$1,496.88** | $26,797.48 | |
| 03/18/05 | 8100107494 | **$990.79** | $27,788.27 | |
| 01/25/05 | 8100096278 | **$11,808.88** | $39,597.15 | |
| 02/01/05 | 8100097873 | **$38,791.21** | $78,388.36 | |
| 02/01/05 | 8100097874 | **$24,821.22** | $103,209.58 | |
| 02/01/05 | 8100098148 | **$16,304.80** | $119,514.38 | |
| 02/02/05 | 8100098147 | **$11,313.30** | $130,827.68 | |
| 02/04/05 | 8100098825 | **$17,270.71** | $148,098.39 | |
| 02/05/05 | 8100098708 | **$27,132.74** | $175,231.13 | |
| 02/07/05 | 8100098990 | **$36,814.71** | $212,045.84 | |
| 02/07/05 | 8100098991 | **$24,450.64** | $236,496.48 | |
| 02/07/05 | 8100098992 | **$34,987.76** | $271,484.24 | |
| 02/07/05 | 8100099072 | **$17,087.61** | $288,571.85 | |
| 02/07/05 | 8100099073 | **$43,753.78** | $332,325.63 | |
| 02/08/05 | 8100099258 | **$27,500.78** | $359,826.41 | |
| 02/08/05 | 8100099259 | **$11,877.91** | $371,704.32 | |
| 02/08/05 | 8100099260 | **$33,272.49** | $404,976.81 | |
| 02/08/05 | 8100099261 | **$32,179.15** | $437,155.96 | |
| 02/08/05 | 8100099262 | **$39,503.21** | $476,659.17 | |
| 02/08/05 | 8100099263 | **$20,851.15** | $497,510.32 | |
| 02/08/05 | 8100099264 | **$33,553.25** | $531,063.57 | |
| 02/08/05 | 8100099371 | **$39,819.31** | $570,882.88 | |
| 02/09/05 | 8100099579 | **$11,199.87** | $582,082.75 | |
| 02/09/05 | 8100099580 | **$17,325.82** | $599,408.57 | |
| 02/09/05 | 8100099581 | **$13,883.12** | $613,291.69 | |
| 02/09/05 | 8100099582 | **$17,791.78** | $631,083.47 | |
| 02/09/05 | 8100099583 | **$6,298.78** | $637,382.25 | |
| 02/09/05 | 8100099902 | **$12,431.06** | <u>$649,813.31</u> | |
| | | | | **$649,813.31** |
| 02/15/05 | 8100100970* | **$22,212.67** | $813,760.22 | |
| 02/15/05 | 8100100972 | **$22,209.56** | $835,969.78 | |
| 02/16/05 | 8100101168 | **$15,718.53** | $851,688.31 | |
| 02/18/05 | 8100101630 | **$33,623.52** | $885,311.83 | |
| 02/18/05 | 8100101780 | **$26,562.55** | <u>$911,874.38</u> | |
| | | | | **<u>$120,326.83</u>** |
| | | | | **<u>$770,140.14</u>** |

*This $28,523.15 invoice was split so that $22,212.67 was paid by the set-off and $6,310.48 remains unpaid.

**EXHIBIT A**

**Dannon - Winn-Dixie**
**Unpaid Invoices**

| Invoice Date | Invoice Number | Amount | Running Total |
|---|---|---|---|
| 02/11/05 | 8100100330 | $2,434.39 | $652,247.70 |
| 02/11/05 | 8100100467 | $13,388.42 | $665,636.12 |
| 02/12/05 | 8100100329 | $14,493.35 | $680,129.47 |
| 02/14/05 | 8100100969 | $26,086.21 | $706,215.68 |
| 02/14/05 | 8100100971 | $30,819.40 | $737,035.08 |
| 02/15/05 | 8100100871 | $10,608.68 | $747,643.76 |
| 02/15/05 | 8100100872 | $37,593.31 | $785,237.07 |
| 02/15/05 | 8100100970* | $6,310.48 | _____ |
|  |  |  | $141,734.24 |

*This $28,523.15 invoice was split so that $22,212.67 was paid by the set-off and $6,310.48 remains unpaid.

**EXHIBIT B**