

# CAMPBELL
## REAL ESTATE, INC.

2608 Sablewood Drive
Valrico, Florida 33594
(813) 661-0500
Fax (813) 661-0504

VIA FEDERAL EXPRESS

December 26, 2005

FILED
~~RECEIVED~~
CLERK, U.S. BANKRUPTCY COURT

DEC 2 8 2005

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Clerk of the Court
United States Courthouse
300 North Hogan St.
Suite 3-350
Jacksonville, Florida 32202

Re: Winn-Dixie Stores, Inc. 05-03817-3FI
    Creditor Id: WD-384033-B1-47
    WRITTEN RESPONSE TO THE OBJECTION

For The Indulgence of the Court:

Whereas, the above referenced creditor submitted a Proof of Claim with supporting documentation dated March 15, 2005 in the amount of Seven Thousand Seventy dollars and Forty Seven cents ($7,070.47) and,

Whereas, the reference claim was scheduled for the amount of Four Thousand Three Hundred Sixty Six Dollars and Forty Eight Cents ($4,366.48).

Whereas, the Creditor re-submitted the Proof of Claim with supporting documents in the correct amount of Seven Thousand Seventy dollars and Forty-Seven cents ($7,070.47) on July 25, 2005.

Therefore, the Creditor does hereby submit a Written Response to Creditor's objection titled **DEBTORS' SECOND OMNIBUS OBJECTION TO DUPLICATE CLAIMS AND AMENDED AND SUPERSEDED CLAIMS** with supporting documents in the correct amount of Seven Thousand Seventy dollars and Forty-Seven cents ($7,070.47).

Respectfully submitted,

Colin Campbell, Jr.
President
Campbell Real Estate, Inc

c: D. J. Baker, Esq.

ALL INFORMATION FURNISHED IS FROM SOURCES DEEMED RELIABLE AND IS SUBMITTED SUBJECT TO ERRORS, OMISSIONS, CHANGES OF OTHER TERMS AND CONDITIONS, PRIOR SALE, LEASE OR FINANCING OR WITHDRAWAL WITHOUT NOTICE.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

**Chapter 11**

**PROOF OF CLAIM**

**Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered**

**DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 PM. EASTERN TIME**

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: __WINN-DIXIE STORES, INC.__   Case No. __05-03817-3F1__
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Your claim is scheduled as follows:

**Debtor**
Winn-Dixie Stores, Inc.
**Classification**
Unsecured Non-Priority Claim
**Scheduled Amount**
$4,366.48

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

|||||| 19955632

Creditor Id: WDX-384033-B1-47
CAMPBELL REAL ESTATE INC
2608 SABLEWOOD DR
VALRICO, FL 33594

813-661-0500
Telephone No. of Creditor

813-661-0504
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**COPY**

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address

Name: _____

Company/Firm: _____

Address: _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.

☐ Check box if you have never received any notices in this case.

Account or Other Number by Which Creditor Identifies Debtor: _____

Check here if this claim
☒ replaces ☐ amends   a previously filed claim, dated: __3/15/05__

1. Basis for Claim
   - ☐ Goods sold to debtor(s)
   - ☒ Services performed for debtor(s)
   - ☐ Goods purchased for debtor(s)
   - ☐ Money loaned
   - ☐ Personal injury/property damage
   - ☐ Other
   - ☐ Taxes
   - ☐ Severance agreement
   - ☐ Refund
   - ☐ Real property lease
   - ☐ Personal property lease
   - ☒ Other contract __MANAGEMENT CONTRACT__ (date) _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SSN: _____
     Unpaid compensation for services performed from _____ to _____
     (date)          (date)

2. Date debt was incurred: __12/31/04 & 1/4/05__

3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed:
   $ __7,070.47__    $ _____    $ _____    $ __7,070.47__
   (unsecured)      (secured)      (priority)      (Total)

   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).

   Brief description of Collateral:
   ☐ Real Estate ☐ Motor Vehicle ☐ Other _____

   Value of Collateral: $ _____

   Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. Unsecured Nonpriority Claim $ __7070.47__
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
   ☐ Check this box if you have an unsecured priority claim
   Amount entitled to priority $ _____
   Specify the priority of the claim:
   - ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
   - ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
   - ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
   - ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
   - ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
   - ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date: __7/25/05__

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: __Colin Campbell, Jr.__   Title: __President__

Signature: __[signature]__

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| UNITED STATES BANKRUPTCY COURT | Chapter 11 | DEADLINE FOR FILING PROOFS OF CLAIM |
|---|---|---|
| SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM | HAS NOT YET BEEN SET |

Name of Debtor Against Which You Assert Your Claim:

**WINN-DIXIE STORES, Inc.**
(See List of Names on Reverse Side)

Case Number:

**05-11063**
(See List on Reverse Side)

**COPY**

NOTE: This form should not be made to assert a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

**Campbell Real Estate, Inc.**
**2608 Sablewood Dr.**
**Valrico, FL 33594**

Telephone No. of Creditor
**813.661.0500**
Fax No. of Creditor
**813.661.0504**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Schedules of Assets and Liabilities not yet filed.

B. Name and address of person to whom notices must be served, if different from above.
(Check box if): ☐ replaces address above ☐ additional address

Name: **Colin Campbell, Jr.**
Company/Firm: **Campbell Real Estate, Inc.**
Address: **2608 Sablewood Dr.**
**Valrico, FL 33594**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☒ Check this box if you have never received any notices in this case.

Account or Other Number by Which Creditor Identifies Debtor:
**Winn Dixie # 634**

Check here if this claim
☐ replaces ☐ amends a previously filed claim, dated: _____

1. Basis for Claim
- ☐ Goods sold to debtor(s)
- ☒ Services performed for debtor(s)
- ☐ Goods purchased from debtor(s)
- ☐ Money loaned
- ☐ Personal injury/property damage
- ☐ Other _____
- ☐ Taxes
- ☐ Severance agreement
- ☐ Refund
- ☐ Real property lease
- ☐ Personal property lease
- ☒ Other contract **MANAGEMENT continued**
- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS#: _____
  Unpaid compensation for services performed from _____ to _____
  (date)    (date)

2. Date debt was incurred: **12/31/04, 1/4/05**

3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed:
$ **7,070.47** _____ _____ $ **7,070.47**
(unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

6. Unsecured Nonpriority Claim $ **7070.47**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925,* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-address return envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date
**3/15/05**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and receive notice:

Print: **Colin Campbell, Jr.**   Title: **PRESIDENT**
Signature: *[signature]*

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Campbell Real Estate, Inc.

2608 Sablewood Dr.
Valrico, FL 33594



# Invoice

| Date | Invoice # |
|------|-----------|
| 1/4/2005 | 209 |

---

**Bill To**

Ms. Chrissy Norris
Winn Dixie Stores, Inc.
1141 SW 12th Ave.
Pompano Beach, FL  33069-4671

---

| Description | Amount |
|-------------|--------|
| Parking Lot striping - 75% of Dana Enterprises Invoice #13657 | 2,328.99 |

| | **Total** | $2,328.99 |
|--|-----------|-----------|

Campbell Real Estate, Inc.

# Invoice

2608 Sablewood Dr.
Valrico, FL 33594

| Date | Invoice # |
| --- | --- |
| 1/15/2005 | 213 |

| Bill To |
| --- |
| Ms. Chrissy Norris<br>Winn Dixie Stores, Inc.<br>1141 SW 12th Ave.<br>Pompano Beach, FL  33069-4671 |



| Description | Amount |
| --- | --- |
| 2004  Common Area Cost Contribution reconciliation | 4,366.48 |
| **Total** | **$4,366.48** |

Campbell Real Estate. Inc.

2608 Sablewood Dr.
Valrico, FL 33594



# Invoice

| Date | Invoice # |
|------|-----------|
| 2/2/2005 | 227 |

| Bill To |
|---------|
| Ms. Chrissy Norris<br>Winn Dixie Stores, Inc.<br>1141 SW 12th Ave.<br>Pompano Beach, FL. 33069-4671 |

| Description | Amount |
|-------------|--------|
| Repaint bollards & sign posts | 375.00 |
| Total Reimbursable Expenses | 375.00 |
| | |
| **Total** | $375.00 |

# CONTRACT FOR MANAGEMENT OF RETAIL PROPERTY COMMON AREAS

July 10, 2001

This Agreement dated ~~May 31, 2001~~ is made by and between:

Winn Dixie Stores, Inc., whose address is Post Office B, Jacksonville, FL 32203-0297; ("Owner"), and Campbell Real Estate, Inc., whose address is 2608 Sablewood Drive, Valrico, FL 33594, ("Manager").

Owner is one of several owners or tenants located at the shopping center known as Northwest Plaza (the "Shopping Center")

Manager is willing to manage the common areas of the Shopping Center provided each owner or tenant, as applicable, retains manager, so that manager is handling the majority of the common areas of the Shopping Center.

The Owner hereby employs the Manager to maintain the Owner's retail property common areas ("Property") located at Northwest Plaza and described in the attached Exhibit "A" containing Winn Dixie store #634.

1.  Duties of Manager:    Manager shall have the following duties and responsibilities:

    A.  Duties of Manager.  The Manager shall perform all other necessary tasks as required for the proper maintenance, upkeep and operation of the Property as customarily be performed by a Manager of this type of property which shall include, but not be limited to, the following: contracting the gardening, landscaping, fertilizing, mulching, cutting and caring for lawns (minimum one time monthly, and as needed during growing season); retention ponds including monthly wetland monitoring, streams, sprinkler system, wells, pumps, fountains, filtration; lighting, cleaning, painting, striping, policing security, removing garbage and other refuse and trash from the common areas only; sweeping the sidewalks and parking areas a minimum of five (5) nights per week; paving, repairing and maintaining the parking area and walkways; cleaning ditches and adjacent areas.

    B.  Repairs and Maintenance. The Manager shall contract for or undertake, on the behalf of, and at the cost of the Owner, the making of all necessary repairs and the maintenance of the Property.

    C.  Collect the necessary funds from the Owner to pay for the necessary maintenance expenses required to maintain the Property, including the management fees as provided herein.

    D.  Provide the Owner with quarterly accounting of all expenses incurred by Owner for such maintenance of the Property, with copies of all invoices (if required by Owner).

    E.  Manager shall have no responsibility whatsoever for the maintenance or repair of any building of the Owner.

F. Thirty (30) days prior to the end of the year Manager shall provide Owner with a budget for the year following. Within 10 days of receipt of the budget, Owner shall notify Manager of its approval of the budget or its requested changes.

2.    Common Area Maintenance Charge: Owner shall pay for the cost of such maintenance by advancing to Manager a common area maintenance amount (CAM charge) which is based on Owner's pro rata share of the total annual cost of operating and maintaining the common areas of the Shopping Center. The amount of OWNER'S CAM charge shall be computed by using the percentage of the area of the Owner's building to the sum of the area of all buildings of the Shopping Center. Owner's pro rata share of such CAM charges is set forth in Exhibit "B". Initially, the OWNER shall pay the MANAGER an estimated minimum CAM charge, on the first day of each month in advance, as reasonably estimated by the MANAGER to be the approximate cost of such charges. OWNER shall pay to MANAGER to pay one-twelfth (1/12) of the estimated CAM charge monthly, in advance, subject to adjustment by MANAGER of the actual CAM, periodically, but in no event less than annually. The initial estimated CAM charge is set forth in Exhibit "B".

Manager shall be under no obligation to advance its own funds to pay for any of such charges which is the sole obligation of Owner to pay. If any funds are advanced by Manager, upon demand Owner shall reimburse Manager for such amount advanced.

In the event of any required extra-ordinary expenses incurred for the maintenance or repair of the common areas of the Property, Owner shall advance such sums to Manager for the payment thereof. Any expenditure in excess of $2,000.00 per occurrence shall require the prior written consent of the Owner.

3.    Compensation of Manager.    The Owner shall pay the Manager as compensation for the services of the Manager the sum ~~the equivalent to the greater~~ of ~~ten (10%) of the monthly estimated CAM charge or~~ $160.00 monthly.

In the event any extra ordinary repairs are required for the Property Manager shall be entitled to an additional fee as may be agreed upon in writing, by the parties, but no such work shall be commenced without consent of Owner.

Time and Place of Payment: OWNER shall promptly pay sums due hereunder without set off or deduction to Campbell Real Estate, Inc. at 2608 Sablewood Drive, Valrico, FL or at such other place as may be designated from time to time by MANAGER in writing.

4.    Duties of the Owner.    The Owner & Manager shall provide all necessary documents and records and fully cooperate with the other in all matters with respect to this contract. The Owner and Manager shall maintain insurance covering the Property and naming the other as additional insured and will provide the other party with evidence of such insurance. (See Exhibit "C" for a description of the insurance.)

5.    Indemnity.  The Owner and Manager shall mutually indemnify, defend and hold the other completely harmless with respect to any liability, and damages, costs and expenses, including attorneys fees, in connection with any act or omission of themselves, their employees, agents, contractors, and sub-contractors resulting in:

(a)    Any damage or injury or death to persons or property arising out of the use, management, operation, occupation, ownership, maintenance or control of the Property;

(b)    Any matter or thing with respect to which it is elsewhere provided in this contract provided or agreed that the Owner and Manager shall not be under any responsibility;

(c)    Any claims for payment or injury, death or loss of any person, contractor or sub-contractor performing work on the Property.

The Owner and Manager, however, shall not indemnify the other against the willful misconduct or gross negligence of its counterpart.

6.    Term and Termination of Contract.  This contract shall continue for a period of one year from the date hereof, and shall be automatically renewed from year to year unless terminated at any time by either party upon written notice sent to the other party not less than thirty (30) days.

7.    Dispute.  In the event of a dispute among the parties resulting in any litigation, the prevailing party shall be entitled to its reasonable attorney's fees and costs from the non-prevailing party.

8.    Notices.  All written notices to the Owner or to the Manager may be addressed and mailed, by United States registered mail, to the address above written. Copies of all written notices shall be sent to M.S. Overstreet, Winn Dixie Stores, Inc., 710 Oakfield Dr., Suite 221, Brandon, FL 33511.

9.    Modification.  This contract may not be modified, altered, or amended in any manner except by an agreement in writing executed by the parties hereto.

10.   Counterparts.  This Contract may be signed in one or more counterparts by the parties, in which event such counterparts together shall constitute the Contract.

This contract is binding upon the parties hereto, their representatives, successors and lawful assigns.

OWNERS: Winn Dixie Stores, Inc.

By: _____

_____
DENNIS M. SHEEHAN
(Name typed or printed)

Its: _____ Senior Vice-President _____


Campbell Real Estate, Inc.

By: _____
Colin Campbell, Jr.
Its: President

## EXHIBIT "A"



| | |
|---|---|
| FOLIO: | 0190110800 |
| PIN NUMBER: | U-07-28-18-ZZZ-000000-81270.0 |
| OWNER 1: | WATKINS INVESTMENTS LTD PARTNERSHIP |
| LOCATION ADDRESS: | 5715 GUNN HY |
| CITY: | Unincorporated |
| LEGAL DESC: | FR SE COR OF NE 1/4 OF NW 1/4 N 89 DEG 21 MIN 11 SEC W 40 FT TO WLY R/W OF LYNN RD THN S 00 DEG 28 MIN 31 SEC W 978.56 FT N 58 DEG |
| DOR CODE: | 1400 |

## EXHIBIT "B"
## COMMON AREA MAINTENANCE (CAM)

|  | ANNUAL ESTIMATE | MONTHLY CONTRIBUTION |
|---|---|---|
| Common Area Maint. | $ 19,000.00 | $ 1,583.33 |
| Insurance | (Paid directly) | (Paid directly) |
| Real Estate Tax | (Paid directly) | (Paid directly) |
| Management Fee | $ 1,900.00 | $ 158.33 |
| Total | $ 20,900.00 | $ 1,741.67 |

# EXHIBIT "C"
## INSURANCE

During the entire term hereof, OWNER shall self insure and MANAGER shall keep in full force and effect a policy of liability insurance which shall include personal injury, property damage, and personal injury liability insurance with respect to the retail property common areas in which the limits of liability shall not be less than that which is provided by a $1,000,000 combined single limit policy, on a per occurrence basis for damages resulting from bodily injury or death, personal injury and property damage with the employee exclusion deleted. Each insurance company must agree to give notice to the respective parties, at least thirty (30) days notice in advance of any cancellation or any change in coverage. Each party shall be provided with a copy of insurance certificate. At least fifteen (15) days prior to the expiration or termination date of any policy, the respective shall deliver a renewal or replacement policy with proof of payment of the premium therefor. It is expressly understood and agreed that each party shall be responsible, at its own cost and expense, to insure its own personal property, equipment, fixtures and building contents, it being understood that its counterpart shall have no liability with respect thereto