Hearing Date: **February 23, 2006**

Objection Deadline: **February 13, 2006**
**at 4:00 p.m. (E.T.)**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DEBTORS' MOTION TO ASSUME LEASE (STORE NO. 658)

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a) and 365 approving and authorizing the Debtors to assume a non-residential real property lease of the Debtors' store number 658 located in Madeira Beach, Florida and to fix cure amounts (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") to serve in these

cases pursuant to Bankruptcy Code Sections 1102 and 1103.  On August 17, 2005, an equity committee was appointed.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  At the Petition Date, the Debtors operated more than 900 stores in the United States.  Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores. To date, the Debtors have sold or closed over 300 stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a) and 365(b) of the Bankruptcy Code.

## Relief Requested

6.      By this Motion the Debtors seek an order of the Court, pursuant to sections 105(a) and 365 of the Bankruptcy Code, approving the assumption of and fixing the cure amount for a lease of Store No. 658 dated March 25, 1974, under which Pines-Carter of Florida, Inc. is the landlord and Winn-Dixie Stores, Inc. is the tenant (the "Lease").  The Lease has an initial term through the year 2015, with five separate five-year renewal options.  Accordingly, at the Debtors' option, the Lease will not expire until the year 2040.

00517130

2

7.      The Debtors will satisfy section 365(b) of the Bankruptcy Code by paying Pines-Carter, on or as soon as practicable after the entry of an Order approving this Motion, the amount of $9,386.00 representing prepetition common area maintenance charges due under the Lease (the "Proposed Cure Amount").

8.      The Debtors seek certainty as to the Proposed Cure Amount prior to approval of the proposed assumption.   The Debtors further request that the Court order that if Pines-Carter fails to timely file an objection, it will be deemed to have consented to the assumption and the Proposed Cure Amount and will be deemed to have waived all claims under the Lease against the Debtors other than the Proposed Cure Amount.

## Basis for Relief

9.      As part of their restructuring, the Debtors have analyzed, and are continuing to analyze, their hundreds of real property leases. The Debtors have reviewed this Lease in particular, have inspected the store and analyzed the historical performance under the Lease and the market area.   Based upon this analysis, the Debtors have determined that the assumption of the Lease at this time will benefit the Debtors and their estates.

10.     The Debtors' decision is based in part upon their understanding of the costs of assumption including, in particular, the Proposed Cure Amount.

11.     The Debtors represent that the requirements of section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate Pines-Carter for any actual pecuniary loss

00517130

3

resulting from such default, and (b) through the Debtors' continuing business operations which will provide adequate assurance of future performance under the Lease.


### Applicable Authority

12.    Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired Lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

13.    A debtor's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098-99. Under this rule, the Debtors' assumption of a lease is appropriate if it will benefit the estate.  *Westshire, Inc. v. Trident Shipworks, Inc.*, 247 B.R. 856 (M.D. Fla. 2000).  Upon finding that the Debtors have exercised their sound business judgment in determining that assumption of a particular executory contract is in the best interests of their estates, the Court should approve assumption under section 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); *Blue Cross Blue Shield of Conn. v. Gurski* (*In re Gurski*), Nos. 94-51202 &

00517130

4

3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co.*, 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc.*, 702 F.2d 890, 893-94 (11th Cir. 1983)). The Debtors respectfully submit that they have satisfied the "business judgment" standard for assuming the Lease.

14.     The Debtors recognize that section 365(b) of the Bankruptcy Code imposes an obligation upon the Debtors to (a) cure or provide adequate assurance to Pines-Carter that the Debtors will cure any default, (b) compensate or provide adequate assurance that the Debtors will promptly compensate Pines-Carter for any actual pecuniary loss to such party resulting from such default, and (c) provide adequate assurance of future performance under the Lease. As set forth above, these obligations are satisfied.

## Notice

15.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) counsel for the Equity Committee, (e) the other parties in interest named on the Master Service List maintained in these cases, and (f) counsel to Pines-Carter. No other or further notice need be given.

00517130

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (a) approving assumption of the Lease; (b) fixing the cost of assumption at the Proposed Cure Amount; and (c) granting such other and further relief as the Court deems just and proper.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By     */s/ D. J. Baker*
     D. J. Baker
     Sally McDonald Henry
     Rosalie W. Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By     */s/ Cynthia C. Jackson*
     Stephen D. Busey
     James H. Post
     Cynthia C. Jackson  (F.B.N. 498882)

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

00517130

6

**EXHIBIT A**

00517130

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
)
)
WINN-DIXIE STORES, INC., et al.,
)
)
Debtors.
)
)

Case No. 05-03817-3F1

*Chapter 11*

Jointly Administered

## ORDER AUTHORIZING AND APPROVING DEBTORS'
## ASSUMPTION OF LEASE (STORE NO. 658)

These cases came before the Court for hearing on January 19, 2006 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 365(b) approving the assumption by the Debtors of an unexpired nonresidential real property lease for store number 658 (the "Lease") with Pines-Carter of Florida, Inc. (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Pursuant to 11 U.S.C. § 365(a), the Debtors are authorized to assume the Lease effective as of _____.

3.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors is $9,386.00 (the "Proposed Cure Amount").

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

00517130

4.      Pines-Carter is deemed to have waived any and all claims it may have against the Debtors for cure or compensation under the Lease, except for the Proposed Cure Amount.

5.      The Proposed Cure Amount will be paid by the Debtors within 10 business days after the date of entry of this Order.

6.      The requirements of 11 U.S.C. § 365(b)(1) are satisfied with respect to the Lease.

7.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated December _____, 2005 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

00517130

2