IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

------------------------------------------------------------------------x
                                                                                                )

In re:                                                                     )   Chapter 11

WINN-DIXIE STORES, INC ET AL.              )   Case No. 05-03817

                                                                     )   Jointly Administered

        Debtors.                                          )
------------------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:              Conopco, Inc., ("Transferor")
                           c/o Unilever United States, Inc.
                           700 Sylvan Avenue, B3035
                           Englewood Cliffs, NJ 07632-3100
                           Attention: Brian S. Chevlin,
                           Telephone: (201) 894-2752

2.     Please take notice of the transfer of 100% of your reclamation claim in the amount of $2,377,257.10 (the "Transferred Claim") against WINN-DIXIE STORES, INC ET AL., as evidenced by the Proofs of Claim attached hereto as Exhibit A has been transferred to:

                           DK Acquisition Partners, L.P. ("Transferee")
                           c/o MH Davidson & Co.
                           885 Third Avenue, Suite 3300
                           New York, New York 10022
                           Attention:    Michael J. Leffell
                           Telephone:    (212) 446-4090
                           Fax:               (212) 371-4318

     The Evidence of Transfer of Claim is attached as Exhibit B hereto. The Transferee's payment and delivery instructions are attached as Exhibit C hereto.

3.     No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--           **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

             United States Bankruptcy Court
             Middle District of Florida
             Attn: Clerk of Court

NY333813.1/445-00319

        United States Courthouse
        300 North Hogan Street
        Jacksonville, Florida 32202

--     **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

--     Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.     If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                    CLERK

------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2005.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtor's Attorney ___

                                                  Deputy Clerk

## EXHIBIT A

## [PROOF OF CLAIM]

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **WINN-DIXIE STORES, INC**   Case No **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

WDX-377597-B2-44    20257887
UNILEVER
1 JOHN STREET
CLINTON, CT 06413

Telephone No of Creditor: 203-381-3952
Fax No of Creditor: 203-381-3250

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

DEBTOR: WINN - DIXIE STORES, INC.
U S BANKRUPTCY COURT M D.-FLORIDA
JOINTLY ADMINISTERED UNDER
CASE.: 05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 10342**

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if) ☐ replaces address above ☑ additional address
Name: **KRISTIN HOLLAND**
Company/Firm: **UNILEVER HOME & PERSONAL CARE**
Address: **75 MERRITT BLVD, TRUMBULL CT 06611**

Account or Other Number by Which Creditor Identifies Debtor:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

1. Basis for Claim
☑ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN:
Unpaid compensation for services performed from _____ to _____
(date)   (date)

2. Date debt was incurred: **02/01/05 - 02/21/05**
3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:
$ **737,853.10** (unsecured)   $ _____ (secured)   $ **849,699.35** (priority)   $ **1,587,552.45** (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges.

5. Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____
Value of Collateral $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. Unsecured Nonpriority Claim $ _____
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $ **849,699.35**
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☑ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.
**SUBJECT TO RIGHT TO OFFSET**

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date: **7/28/05**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **KRISTIN HOLLAND**   Title: **REVENUE TEAM LEADER**
Signature: *Kristin Holland*

This Space Is For Court Use Only
2005 AUG -1 PM 3:12
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
RECEIVED LOGAN & COMPANY, INC. AS AGENT

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim
Debtor Name **WINN DIXIE STORES INC.** Case No **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

1. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

19952909
Creditor Id WDX-261161-B1-12
SLIM FAST FOODS
PO BOX 533027
ATLANTA, GA 30353-3027

Telephone No of Creditor: **630 955-5503**
Fax No of Creditor: **630-955-2720**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Your claim is scheduled as follows

Debtor
Winn-Dixie Procurement, Inc
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$6,414 91

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 10019**

If an amount is identified above, you have a claim scheduled by the Debtor as shown If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

A. Name and address of signatory or other person to whom notices must be served, if different from above (Check box if) ☒ replaces address above ☐ additional address
Name **RICHARD BELLIS**
Company/Firm **UNILEVER - SLIM FAST**
Address **2200 CABOT DR SUITE 200**
**LISLE, IL 60532**

Account or Other Number by Which Creditor Identifies Debtor **B333835**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case
Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated ____

4. Basis for Claim
☒ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other ____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract ____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN ____
Unpaid compensation for services performed from ____ to ____ (date) (date)

2. Date debt was incurred **2004-2005**
3. If claim is based on a Court Judgment, date obtained: ____

4. Total Amount of Claim at Time Case Filed. $**12,579.35** $____ $**497,338.20** $**509,917.55**
(unsecured) (secured) (priority) (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate ☐ Motor Vehicle ☐ Other ____
Value of Collateral $____
Amount of arrearage and other charges at time case filed included in secured claim, if any $____

6. Unsecured Nonpriority Claim $**12,579.35**
☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $**497,338.20**
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☒ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**WE RESERVE THE RIGHT TO OFFSET**

8. Credits. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10. Date-Stamped Copy To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date **7-26-05**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice
Print **RICHARD S BELLIS** Title **GROUP MGR. FIN. SERVICES**
Signature **Richard S Bellis**

This Space Is For Court Use Only
2005 JUL 28 PM 1:56
U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA
RECEIVED LOGAN & COMPANY, INC. AS AGENT

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al, Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim

Debtor Name _Winn-Dixie Stores, Inc., et al_ Case No _05-03817-3F1_
(See List of Names and Case Numbers on Reverse Side)

NOTE. This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property)

19950764
Creditor Id WDX-250724-B1-12
GOOD HUMOR BREYERS ICE CREAM
PO BOX 75604
CHARLOTTE, NC 28275-5604

Telephone No. of Creditor: 920-497-6310
Fax No. of Creditor: 920-497-6583

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Your claim is scheduled as follows

Debtor
Winn-Dixie Procurement, Inc
Classification
Unsecured Non-Priority Claim
Scheduled Amount
$1,756,196.74

DEBTOR: WINN-DIXIE STORES, INC
US BANKRUPTCY COURT M D-FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 10861**

B. Name and address of signatory or other person to whom notices must be served, if different from above (Check box if) ☑ replaces address above ☐ additional address

Name _Craig Stargardt_
Company/Firm _Good Humor Breyers Ice Cream_
Address _909 Packerland Drive_
_Green Bay, WI 54303_

Account or Other Number by Which Creditor Identifies Debtor
_Numerous; See Attached List_

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

1. Basis for Claim
☑ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN _____
Unpaid compensation for services performed from _____ to _____
(date) (date)

2. Date debt was incurred _11/30/04 - 02/18/05_

3. If claim is based on a Court Judgment, date obtained _____

4. Total Amount of Claim at Time Case Filed

$1,369,728.03 (unsecured)    $_____ (secured)    $424,643.40 (priority)    $1,794,371.43 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges

5. Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

6. Unsecured Nonpriority Claim $_____
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim
☑ Check this box if you have an unsecured priority claim
Amount entitled to priority $_424,643.40_ reclamation
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8)
☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment _Subject to right ___

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

9. Supporting Documents Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date _7-27-05_

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice

Print _Craig Stargardt_ Title _Credit Manager_
Signature _Craig Stargardt_

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

[Stamps: RECEIVED JUL 28 PH 12:38 LOGAN & COMPANY, INC. AS AGENT; BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA]

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:
Debtor Name **WINN DIXIE STORES INC.** Case No **05-0317-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

**A. Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

19953550
Creditor Id WDX-263754-B1-12
UNILEVER BEST FOODS
PO BOX 533027
ATLANTA, GA 30353-3027

Telephone No of Creditor: **630 955 5503**
Fax No of Creditor: **630-955-2720**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Your claim is scheduled as follows

**Debtor**
Winn-Dixie Procurement, Inc
**Classification**
Unsecured Non-Priority Claim
**Scheduled Amount**
$1,618,845 78

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 10023**

3 Name and address of signatory or other person to whom notices must be served, if different from above (Check box if) ☒ replaces address above ☐ additional address
Name **RICHARD BELLIS**
Company/Firm **UNILEVER - FOODS NA**
Address **2200 CABOT DR SUITE 200**
**LISLE IL 60532**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which Creditor Identifies Debtor **64206538**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

**1. Basis for Claim**
☒ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN _____
Unpaid compensation for services performed from _____ to _____
                          (date)         (date)

**2. Date debt was incurred.** **2005 AND PRIOR**

**3. If claim is based on a Court Judgment, date obtained.**

**4. Total Amount of Claim at Time Case Filed.** $ **295,915.75** $_____ $ **1,364,348.36** $ **1,660,264.11**
                                              (unsecured)    (secured)         (priority)         (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

**5 Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6 Unsecured Nonpriority Claim** $ **295,915.75**
☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

**7. Unsecured Priority Claim.**
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ **1,364,348.36**
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☒ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**WE RESERVE THE RIGHT TO OFFSET**

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10 Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| **7-26-05** | Print **RICHARD S. BELLIS** Title **GROUP MGR. FIN. SERVICES**<br>Signature _(signed)_ |

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

This Space Is For Court Use Only

RECEIVED
2005 JUL 28 PM 1:56
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA
LOGAN & COMPANY, INC.
AS AGENT

# EXHIBIT B

**[EVIDENCE OF TRANSFER OF CLAIM]**

NY333813.1/445-00319

Exhibit C

## EVIDENCE OF TRANSFER OF RECLAMATION CLAIMS

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, [Conopco, Inc. d/b/a Unilever Best Foods, Unilever HPC, Good Humor-Breyers Ice Cream and Slim Fast Foods] ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to DK Acquisition Partners, L.P. (the "Assignee") 100% (or $2,377,257.10) of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, that portion of its claims constituting its reclamation claims (collectively, the "Reclamation Claims"), against Winn-Dixie Stores, Inc., et al. (collectively, the "Debtor"), the debtors in jointly administered Case No. 05-03817 ("Case") pending in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim as listed on Schedule A hereto that have been filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim. The parties agree that the Reclamation Claims transferred hereby do not include Assignor's general unsecured non-priority claims against the Debtor.

Assignor hereby waives any objection to the transfer of the Reclamation Claims to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing Reclamation Claims, recognizing Assignee as the sole owner and holder of the Reclamation Claims, and directing that all payments or distributions of money or property in respect of the Reclamation Claims be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF RECLAMATION CLAIM is executed this ___ day of December, 2005

CONOPCO, INC. d/b/a Unilever Foods, Unilever HPC, Good Humor-Breyers Ice Cream and Unilever Slim Fast Foods

By: _____
Name:
Title:

DK ACQUISITION PARTNERS, L.P.

By: M.H. Davidson & Co.,
Its General Partner

By: _____
Name:
Title:

ANTHONY A. YOSELOFF
GENERAL PARTNER

NY329989.6/445-00319              -13-

Exhibit C

## EVIDENCE OF TRANSFER OF RECLAMATION CLAIMS

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, [Conopco, Inc. d/b/a Unilever Best Foods, Unilever HPC, Good Humor-Breyers Ice Cream and Slim Fast Foods] ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to DK Acquisition Partners, L.P. (the "Assignee") 100% (or $2,377,257.10) of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, that portion of its claims constituting its reclamation claims (collectively, the "Reclamation Claims"), against Winn-Dixie Stores, Inc., et al. (collectively, the "Debtor"), the debtors in jointly administered Case No. 05-03817 ("Case") pending in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim as listed on Schedule A hereto that have been filed by Assignor or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim. The parties agree that the Reclamation Claims transferred hereby do not include Assignor's general unsecured non-priority claims against the Debtor.

Assignor hereby waives any objection to the transfer of the Reclamation Claims to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing Reclamation Claims, recognizing Assignee as the sole owner and holder of the Reclamation Claims, and directing that all payments or distributions of money or property in respect of the Reclamation Claims be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF RECLAMATION CLAIM is executed this 20th day of December, 2005

CONOPCO, INC d/b/a Unilever Foods, Unilever HPC, Good Humor-Breyers Ice Cream and Unilever Slim Fast Foods

By: *Craig Stargardt*
Name: Craig Stargardt
Title: Credit Manager

DK ACQUISITION PARTNERS, L.P

By: M.H. Davidson & Co.,
Its General Partner

By: _____
Name:
Title:

## EXHIBIT C

## [NOTICE AND PAYMENT INSTRUCTIONS]

**Transferee**

Notices and Deliveries:

DK Acquisition Partners, L.P.
c/o MH Davidson & Co.
885 Third Avenue, Suite 3300
New York, New York 10022
Attention:     Michael J. Leffell
Telephone:    (212) 446-4090
Fax:          (212) 371-4318

Wire Transfers:
Citibank
ABA No.:      021-0000-89
F/C:    Bear Stearns
Acct. No.:    09253186
F/B/O: DK Acquisition Partners, L.P.
Acct. No.:    102-28500-26

NY333813.1/445-00319