UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**NOTICE OF TAKING DEPOSITION *DUCES TECUM* OF**
**WINN-DIXIE STORES, INC.**

**PLEASE TAKE NOTICE** that Pines-Carter of Florida, Inc. ("Pines-Carter"), by and through its undersigned attorneys, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030(b)(6) of the Federal Rules of Bankruptcy Procedure, will take the deposition upon oral examination of a representative of Debtor, Winn-Dixie Stores, Inc. (the "Debtor").

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030(b)(6) of the Federal Rules of Bankruptcy Procedure, the Debtor is requested to designate one or more officers, directors, or managing agents, or other persons who consent to testify on the Debtor's behalf as to information known or reasonably available to the Debtor as to each of the matters set forth on the attached Rider.

Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure and Rule 7030(b)(2) of the Federal Rules of Bankruptcy Procedure made applicable to this contested matter by Rule 9014 of the Federal Rules of Bankruptcy Procedure, the deposition will be commenced at **9:30 a.m. (EST) on Thursday, January 26, 2006 at Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202** and will continue from day to day until completed. Pines-Carter intends

Case No. 05-03817-3FI

to cause this deposition to be recorded stenographically by a licensed court reporter who shall be available at the time and place scheduled herein.

The Debtor is further requested to bring to the examination all of the documents described on the attached Schedule A. These items will be inspected and may be copied at that time. The Debtor will not be required to surrender the original items. The Debtor may comply with this Notice by providing legible copies of the items to be produced to the attorney whose name appears on this Notice on or before the scheduled date of production. The Debtor may condition the preparation of copies upon payment in advance of reasonable cost of preparation.

Dated: December 30, 2005

    /s/ Jonathan R. Williams
Jonathan R. Williams
Florida Bar No. 0178810
MELAND RUSSIN HELLINGER
 & BUDWICK, P.A.
3000 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

ATTORNEYS FOR PINES-CARTER
OF FLORIDA, INC.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

## RIDER TO NOTICE OF TAKING DEPOSITION OF
## DEBTOR, WINN-DIXIE STORES, INC.

Topics for Deposition[1]:

1. The Debtors' Strategic Plan, and how such Plan impacted the Debtor's decision to assume the Lease for Store #658.
2. Whether the market area in which Store #658 is located is "core" or "noncore" and the manner in which the Debtor reached that conclusion.
3. The Debtors' Footprint Process, and how such Process impacted the Debtor's decision to assume the Lease for Store #658.
4. Why assumption of the Lease for Store #658 is necessary or beneficial for the Debtor's effective reorganization.
5. The financial performance of Store #658 from January 1, 2000 to the present. For purposes of this matter description, "financial performance" shall include, but not be limited to all items included on an income statement according to generally accepted accounting principles, such as: sales, cost of goods sold, returns, expenses, and net income.
6. All matters considered by the Debtor regarding whether to assume or reject the Debtor's Lease with Pines-Carter for Store #658.
7. How the Debtor will prove adequate assurance that the Debtor will be able to comply with the terms of the Lease for Store #658 in the future.
8. The financial performance that is projected for Store #658 for the years 2006 through 2010.
9. All matters considered by the Debtor regarding whether to accept any offer it has received to terminate the Lease for Store #658.
10. The whereabouts of all Winn-Dixie Stores within a 60 mile radius of Store #658 (collectively, the "60 Mile Radius Stores").
11. The financial performance of The 60 Mile Radius Stores from January 1, 2000 to the present. For purposes of this matter description, "financial performance" shall include, but not be limited to all items included on an income statement according to generally accepted accounting principles, such as: sales, cost of goods sold, returns, expenses, and net income.
12. The financial performance that is projected for the 60 Mile Radius Stores for the years 2006 through 2010.

---

[1]Capitalized terms not defined herein shall have the meanings ascribed to them in Debtors' Motion for Order Under 11 U.S.C. § 365(d)(4) Granting Third Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property.

3
LAW OFFICES OF MELAND RUSSIN HELLINGER & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

J:\DOCS\CLIENTS\5047\5047-1\00119073.WPD.

Case No. 05-03817-3F1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via email as indicated on the 30th day of December, 2005 upon all parties on the attached service list:

| | |
|---|---|
| Cynthia C. Jackson, Esq. | David J. Baker, Esq. and Sally Gray, Esq. |
| Smith Hulsey & Busey | Skadden Arps Slate Meagher & Flom, LLP |
| 225 Water Street, Suite 1800 | Four Times Square |
| Jacksonville, FL 32201 | New York, NY 10036 |
| **Via E-Mail:** cjackson@smithhulsey.com | **Via E-Mail:** djbaker@skadden.com |

 /s/ Jonathan R. Williams
 Jonathan R. Williams

4
LAW OFFICES OF MELAND RUSSIN HELLINGER & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

J:\DOCS\CLIENTS\5047\5047-1\00119073.WPD.

Case No. 05-03817-3FI

## **DEFINITIONS AND INSTRUCTIONS**

All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her control.

"You", "Your" means the Debtor, including its employees, agents, servants, subsidiaries, parent company, affiliated company, and other persons acting or purporting to act on your behalf, including your Representative (as defined below).

"Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same.

"Document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, <u>including the originals and all non-identical copies</u>, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, e-mails, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (<u>and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing</u>), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

"Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

"Debtor" shall mean Winn-Dixie Stores, Inc.

"Agreement" means all agreements, contracts, undertakings or other arrangements, whether oral, written, nonfinal, enforceable, superseded or modified by subsequent agreements.

"Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

"Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

"Evidencing" means having a tendency to show, prove or disprove.

The term "related to" or "relate to" or "relating to" means in any way directly or indirectly, concerning,

Case No. 05-03817-3FI

supporting or evidencing.

Capitalized terms not defined herein shall have the meanings ascribed to them in Debtors' Motion for Order Under 11 U.S.C. § 365(d)(4) Granting Third Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property.

### INSTRUCTIONS

(1) All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

(2) Each draft, final document, original, reproduction, and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear on the original or on the copy of the one document produced shall be deemed and considered to constitute a separate document.

(3) Unless another time period is specified, all document requests shall pertain to the period of January 1, 2000 through and including the present..

(4) If any of the documents encompassed by a document request(s) is/are deemed by you to be privileged, furnish all non-privileged documents and provide a log outlining all documents claimed as privileged which includes: (a) the type of privilege claimed for each document; (b) a brief description of the document; (c) the author of the document sufficient to identify it; (d) the recipient (if any); (e) the date of the document.

(5) When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

(6) When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

(7) When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

(8) In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

(9) If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

6
LAW OFFICES OF MELAND RUSSIN HELLINGER & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131  •  TELEPHONE (305) 358-6363

J:\DOCS\CLIENTS\5047\5047-1\00119073.WPD

Case No. 05-03817-3FI

**SCHEDULE A**

1. Any and all documents evidencing, relating to, or otherwise concerning how the Debtor's Strategic Plan impacted the Debtor's decision to assume the Lease for Store #658.
2. Any and all documents evidencing, relating to, or otherwise concerning the Debtor's determination as to whether the market area in which Store #658 is located is "core" or "noncore" and the manner in which the Debtor reached that conclusion.
3. Any and all documents evidencing, relating to, or otherwise concerning the role or "part" that Store #658 takes in the Debtors' Strategic Plan.
4. Any and all documents evidencing, relating to, or otherwise concerning whether assumption of the Lease for Store #658 is necessary and/or beneficial for the Debtor's effective reorganization.
5. Any and all documents evidencing, relating to, or otherwise concerning the financial performance of Store #658 from January 1, 2000 to the present. For purposes of this document request, "financial performance" shall include, but not be limited to all items included on an income statement according to generally accepted accounting principles, such as: sales, cost of goods sold, returns, expenses, and net income.
6. Any and all documents evidencing, relating to, or otherwise concerning the matters considered by the Debtor regarding whether to assume or reject the Debtor's Lease with Pines-Carter for Store #658.
7. Any and all documents evidencing, relating to, or otherwise concerning how the Debtor will prove adequate assurance that the Debtor will be able to comply with the terms of the Lease for Store #658 in the future.
8. Any and all documents evidencing, relating to, or otherwise concerning the financial performance that is projected for Store #658 for the years 2006 through 2010, including but not limited to pro forma financial statements, spreadsheet projections, market forecasts, etc.
9. Any and all documents evidencing, relating to, or otherwise concerning any offer the Debtor has received to terminate the Lease for Store #658.
10. Any and all documents evidencing, relating to, or otherwise concerning the whereabouts of all Winn-Dixie Stores within a 60 mile radius of Store #658 (collectively, the "60 Mile Radius Stores").
11. Any and all documents evidencing, relating to, or otherwise concerning the financial performance of the 60 Mile Radius Stores from January 1, 2000 to the present. For purposes of this matter description, "financial performance" shall include, but not be limited to all items included on an income statement according to generally accepted accounting principles, such as: sales, cost of goods sold, returns, expenses, and net income.
12. Any and all documents evidencing, relating to, or otherwise concerning the financial performance that is projected for the 60 Mile Radius Stores for the years 2006 through 2010.

7
LAW OFFICES OF MELAND RUSSIN HELLINGER & BUDWICK, P.A.
3000 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

J:\DOCS\CLIENTS\5047\5047-1\00119073.WPD.