IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN DIXIE STORES, INC., et al.,          Consolidated Case No.: 3-05-bk-3817

Debtor(s),

**MOTION OF WILLIE M. RIVERS, CREDITOR, FOR RELIEF FROM THE STAY**

**EMERGENCY HEARING REQUESTED**

**COMES NOW** the Movant, Willie M. Rivers, and respectfully moves this Honorable Court to grant emergency relief from the automatic stay to permit Movant to proceed in her action against Winn Dixie Montgomery, Inc., for Worker's Compensation benefits and shows as follows:

1. Movant was involved in an on-the-job injury on January 14, 2004 while an employee of Winn Dixie Montgomery, Inc., Store # 519, Greenville, Alabama.

2. Proper and timely notice was given to her employer and she was subsequently sent to the company doctor.

3. Employer has paid some benefits to date but denies other of the Movant's injuries suffered as a result of this accident and has denied worker's compensation benefits for the same.

4. Plaintiff is seeking and is entitled to Workers' Compensation benefits under the Workers' Compensation Act of the State of Alabama, 1975, as amended, as well as unpaid compensation and medical expenses. Movant is in need of this relief.

5. No lawsuit has been filed and no formal discovery has been performed. Attempts to reach a resolution of the issues in her claim for benefits have thus far been unsuccessful.

6. In October, 2005, Movant was informed that this attorney would no longer be able to represent her under the circumstances she imposed. Upon her request, this attorney agreed to assist her in locating another attorney. These efforts proved unsuccessful. No longer imposing such circumstances, she requested that I continue to represent her. I have agreed, as she is in great need of these benefits.

7. A new workers' compensation case manager has been assigned to the case and negotiations will, for all practical purposes, have to begin anew in the face of a statute of limitations that will run on January 14, 2006.

8. The Movant seeks emergency relief from the automatic stay to file suit in the Circuit Court of Butler County, Greenville, AL, in pursuit of all claims against Winn Dixie Montgomery, Inc., to the limits of any applicable insurance or self-insured coverage.

9. Movant requests this Honorable Court to hear this motion on January 9, 2006 and added to the Court's docket for hearing Relief From The Stay motions for that date, as the Statute of Limitation on Movant's workers' compensation claim will run January 14th, 2006.

10. Alternatively, if Section 108 (c) of the Bankruptcy Code is applicable to the statute of limitation in this workers' compensation context and tolls the statute of limitation for the period of the stay making this emergency basis unnecessary, Movant requests the hearing for this motion be scheduled according to the Court's prescribed procedure.

11. Estimated total time required for hearing: ten (10) to fifteen (15) minutes.

**WHEREFORE,** the above premises considered, Movant moves this Honorable Court to hear this motion on January 9, 2006 and make and enter in an Order permitting it to proceed with all claims against Winn Dixie Montgomery, Inc., pursuant to the Workers' Compensation Act of the

State of Alabama, 1975, as amended, within the limits of any insurance or self-insured coverage applicable to said claims and Movant moves for any further and different relief to which she might be entitled to pursue said claims.

                                                                 Paul C. Bartley (AL BAR 127)
                                                                 Attorney for Movant

OF COUNSEL:

**PAUL C. BARTLEY, L.L.C.**
608 South Hull Street
Montgomery, Alabama 36104
     (334) 262-2404
FAX:  (334) 262-8897
bartleylaw@knology.net

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 30th day of December, 2005, served via United States Postal Service, postage prepaid, and by electronic transmission, a copy of the foregoing Motion for Relief From The Stay upon the following:

Winn Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699

Adam Ravin, Esquire
Skadden, Arps, Slate, Meagher & Slom, LLP
Four Times Square
New York, New York 10036

Cynthia C. Jackson, Esquire
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32201

James H. Post, Esquire
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32201

LeAnn M. Prendergrast, Esquire
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32201

Stephen Busey, Esquire
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32201

Elena L. Escamilla, Esquire
United States Trustee
135 W. Central Blvd., Suite 620
Orland, Florida 32806

Kenneth C. Meeker, Esquire
United States Trustee
135 W. Central Blvd., Suite 620
Orland, Florida 32806

1007(d) Parties in Interest

_____
OF COUNSEL

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
__JACKSONVILLE__ DIVISION

IN RE:                                              CHAPTER __11__ CASE

WINN DIXIE STORES, INC., et al.,                    CASE NO.: __3-05-bk-3817__

Debtor(s)
_____/

CERTIFICATION OF NECESSITY OF REQUEST FOR EMERGENCY HEARING

I HEREBY CERTIFY, as a member of the Bar of the Court, that I have carefully examined the matter under consideration and to the best of my knowledge, information and belief formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the matter on an emergency basis.

I CERTIFY FURTHER that there is a true necessity for an emergency hearing, specifically, because the Statute of Limitations on Ms. Willie Mae Rivers' workers' compensation claim will run January 14, 2006.

I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by a lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client. I further certify that this motion is filed with full understanding of F.R.B.P. 9001 and the consequences of noncompliance with same.

DATED this __28__ day of __December__, __2005__.

_____
(Signature)

Paul C. Bartley (AL BAR 127)
(Typed Name)

334-262-2404
(Telephone Number)