UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**RESPONSE OF THE OHIO CASUALTY COMPANY TO DEBTORS' SECOND OMNIBUS OBJECTION TO DUPLICATE CLAIMS AND AMENDED AND SUPERSEDED CLAIMS**

COMES NOW, the Ohio Casualty Group ("Ohio Casualty") by and through its undersigned counsel, and in response to Debtors' Second Omnibus Objection to Duplicate Claims and Amended and Superseded Claims (the "Objection" docket entry no. 4716) and would respectfully show unto this Court as follows:

1. Subsequent to the commencement of these cases, but prior to the bar date for filing proofs of claim set by this Honorable Court, Ohio filed proofs of claim numbered 3395 and 3396 against Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc., respectively (collectively, the "Initial Proofs of Claim"). Subsequent to filing the Initial Proofs of Claim, but prior to the applicable claims bar date set by this Honorable Court, Ohio Casualty filed amended proofs of claim numbered 9572 and 9573 against Winn-Dixie Montgomery, Inc. and Winn-Dixie Stores, Inc., respectively (collectively, the "Amended Proofs of Claim"). Further, subsequent to filing the Initial Proofs of Claim and the Amended Proofs of Claim, but prior to the applicable claims bar date set by this Honorable Court, Ohio Casualty filed amended proofs of claim numbered 9993 and 9994 against Winn-Dixie Montgomery, Inc.

367977

and Winn-Dixie Stores, Inc., respectively (collectively, the "Second Amended Proofs of Claim").

2. Ohio Casualty's claims, as represented in the Initial Proofs of Claim, the Amended Proofs of Claim and the Second Amended Proofs of Claim, are based on its execution and delivery of certain surety bonds on behalf of and at the behest of the Debtors (a description of said bonds is attached as Exhibit A to each Proof of Claim, Amended Proof of Claim, and Second Amended Proof of Claim), and arising pursuant to its common law and contractual rights of indemnification, the latter represented by that certain General Agreement of Indemnity dated May 1, 2002 (the "Indemnity Agreement"), and arising pursuant to certain other rights and remedies as set forth more specifically and reserved in the Initial Proofs of Claim, the Amended Proofs of Claim and the Second Amended Proofs of Claim. A copy of the Indemnity Agreement is attached as Exhibit B to each Proof of Claim, Amended Proof of Claim, and Second Amended Proof of claim.

3. In the Objection, Debtors object to Ohio Casualty's proofs of claim numbered 3395 and 3396 (the "Subject Proofs of Claim"). The basis for Debtors' Objection to the Subject Proofs of Claim is that the Subject Proofs of Claim are amended by or superseded by other claims filed by Ohio Casualty against the Debtors. The Objection identifies the Amended Proofs of Claim as amending or superseding the Subject Proofs of Claim.

4. Ohio Casualty has no objection to the relief sought by the Objection to the extent that the Subject Proofs of Claim are in fact amended and superseded by the Amended Proofs of Claim; provided that any order entered in connection with the Objection provides that the Amended Proofs of Claim, and the Second Amended Proofs of Claim, and specifically, claims numbered 9572 and 9993 filed against Winn-Dixie Montgomery, Inc.,

and claims numbered 9573 and 9994 filed against Winn-Dixie Stores, Inc. respectively, (the "Ohio Casualty Claims") are preserved on the Claims Register of this Honorable Court as filed before the claims bar date, and that by disallowing the Subject Proofs of Claim, Ohio Casualty shall not be prejudiced with respect to any recovery against the Debtors pursuant to the claims to be preserved.

WHEREFORE, premises considered, Ohio Casualty respectfully requests that this Honorable Court overrule the Debtors' Second Omnibus Objection to Duplicate Claims and Amended and Superseded Claims to the extent that the relief requested by the Debtors' seeks to disallow and expunge any non-duplicative portions of the Subject Proofs of Claim or to the extent that any relief requested by the Debtors may prejudice Ohio Casualty's recovery against the Debtors pursuant to the Ohio Casualty Claims.

Dated January 6, 2006.

Respectfully submitted,

 /s/ Jeffrey C. Regan
Jeffrey C. Regan
HEDRICK DEWBERRY REGAN & DURANT P.A.
Bank of America Tower
50 North Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 356-1300
(904) 356-8050
jregan@hdrd-law.com

and

MANIER & HEROD
J. Michael Franks (BPR #2641)
Thomas T. Pennington (BPR #9605)
150 Fourth Avenue North, Suite 2200
Nashville, TN 37219
(615) 244-0030 (telephone)
(615) 242-4203 (telecopy)

367977

mfranks@manierherod.com
tpennington@manierherod.com

Attorneys for The Ohio Casualty Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by filing with the United States Bankruptcy Court for the Middle District of Florida via the CM/ECF system and served on the following party by facsimile and U.S. Mail on January 6, 2006:

D.J. Baker, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-2000 (telephone)
(212) 735-2000 (telecopy)
djbaker@skadden.com

/s/ Jeffrey C. Regan
Attorney

367977