UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.: 3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.        Jointly Administered

_____

RESPONSE OF SOUTHMARK PROPERTIES, LLC TO
DEBTORS' SECOND OMNIBUS OBJECTION TO
DUPLICATE CLAIMS AND AMENDED AND SUPERSEDED CLAIMS

Southmark Properties, LLC, ("Claimant"), by and through its undersigned counsel, responds to the Debtors' Second Omnibus Objection to Duplicate Claims and Amended and Superseded Claims ("Objection") and states as follows:

1. On February 21, 2005, the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-130 as amended. The Debtors' cases are being jointly administered for procedural purposes only.

2. Claimant has timely filed its proofs of claim (Claim Nos. 10025 and 10026) which the Debtors seek to disallow and expunge. Said proofs of claim are subject to the Objection as a result of being identified in Exhibit "B" of the Objection. Claimant has also timely filed its amended proofs of claim, Claim Nos. 10829 and 10830.

3. Paragraph 12 of the Objection defines "Amended Claims" as being the "proofs of claim that appear to amend and supersede other claims filed against the Debtors." The same paragraph defines "Remaining Claim" as being the "related claim that will remain if the Court grants this Objection."

4. Paragraph 13 of the Objection states "Debtors believe that the claimants holding Amended Claims will not be prejudiced by having their Amended Claims disallowed and expunged because their Remaining Claim will remain on the claims registry after the Amended Claim is expunged."

5. The Debtors are seeking to disallow and expunge the Amended Claims. Thus, using the definition of Amended Claims as described above, the Debtors are seeking to disallow and expunge the proofs of claim that amend and supersede other claims filed against the Debtors. The proofs of claim that amend and supersede other claims filed against the Debtors should not be the proofs of claim that are disallowed and expunged if the Objection is sustained by this Court. Rather, the initial proofs of claim that have been amended and superseded should be the proofs of claim to be disallowed and expunged if the Objection is sustained.

2

6. Exhibit "B" of the Objection contains the same issue under the column titled "Amended Claim to be Disallowed." As stated above, the Amended Claim as defined in Paragraph 12 of the Objection should not be the proof of claim disallowed and expunged if the Objection is sustained.

7. Paragraphs 12 through 14 of the Objection, along with Exhibit "B" of the Objection, make it unclear as to which proofs of claim the Debtors seek to disallow and expunge. According to the definitions described above, the Amended Claims should be the Remaining Claims, and neither should be disallowed and expunged. If the Objection is sustained by this Court, the Order should clarify the ambiguities in the Objection and Exhibit "B" so as to clearly set forth that the Amended Claims will be the Remaining Claims and they will not be disallowed and expunged.

8. Debtors seek to expunge various proofs of claim if this Objection is sustained by this Court. The proofs of claim subject to this Objection should not be expunged from the record due to the potential for Claimant to be prejudiced by having these proofs expunged. For example, there are certain instances where the Amended/Remaining Claims relate back to the initially filed proof of claim,

and if the initially filed proof of claim has been expunged and is no longer on record, there is the potential for the Amended/Remaining Claim's validity to be challenged. In addition, there are instances where the Amended/Remaining Claims were filed after the bar date for filing proofs of claim but the initial proof of claim was filed timely. Without the initially filed proof of claim being on record as having been filed timely, there is the potential for the Debtors to argue that the Amended/Remaining Claim was not filed timely and thus should be disallowed.

9. Debtors have further reserved the right to object to the Remaining Claims under footnote 4 on page 5 of the Objection. As a result of the potential additional objections the Remaining Claims could face by the Debtors, the proofs of claim subject to the Objection should not be expunged from the record, or the Order should include language to the effect that the Debtors will waive all objections to the Amended/Remaining Claims that are based on the initially filed claim that is to be expunged.

10. Claimant reserves the right to amend, supplement or modify this Response as deemed necessary.

DATED this 9 day of January, 2006.

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile