# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| _____ | ) | |

## NOTICE OF DEPOSITION ACCOMPANIED
## BY REQUEST FOR PRODUCTION OF DOCUMENTS

Please take notice that on **Tuesday, December 20, 2005** beginning at **10:00 a.m.**, or at such other time and place as the parties may agree, plaintiff will take the deposition of Winn-Dixie Store, Inc. ("Winn-Dixie") at the offices of Stutsman & Thames, P.A., 121 West Forsyth Street, Suite 600, Jacksonville, Florida 32202, before an officer authorized by law to administer oaths or take depositions.

Pursuant to Rules 7030(b)(6) and 9014, Federal Rules of Bankruptcy Procedure, Winn-Dixie is required to designate one or more persons to testify on its behalf concerning the following matters:

1. Winn-Dixie's financial performance since the Petition Date;

2. The amount of available credit under Winn-Dixie's DIP financing facility;

3. Winn-Dixie's postpetition utility consumption and utility payment obligations;

4. Winn-Dixie's ability to post a postpetition security deposit for utility services in Northeast Florida;

# EXHIBIT A

5. Winn-Dixie's anticipated income and expenditures through June 2006;

6. Winn-Dixie's business plan; and

7. The accuracy of Winn-Dixie's SEC filings.

This deposition is being taken for discovery purposes, for use as evidence at trial or hearing, or both, and shall continue from day to day until completed. In addition, the representative designated by Winn-Dixie to appear at said deposition is directed to bring with him to said deposition all of the documents described in the Request for Production of Documents set for below.

## Request for Production of Documents

JEA, requests pursuant to Rules 7026, 7034 and 9014, Federal Rules of Bankruptcy Procedure, that Winn-Dixie produce for inspection and copying at the aforesaid time and place the documents specified below.

## Definitions

A. As used herein, the term "document" means originals, drafts, or exact copies thereof, of any kind of written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different in any way from the original, including without limitation any paper, correspondence, e-mail, telegram, telex, facsimile, contract, note, memorandum, report, receipt, technical study or report, test result, diary, voice processing card or disk, video recording tape, calendar, book, ledger, list, graph, chart, book

account, survey, computer printout, invoice, record, tape, transcripts, letter, agreement or inventory, which you have or have had access to, or of which you have had knowledge.

B.     As used herein, the terms "you", "your" and "Winn-Dixie" refer to Winn-Dixie Stores, Inc., or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

C.     As used herein, "Petition Date" means February 21, 2005.

### Instructions

A.     If you are unable to locate any document(s) called for in this request to produce after conducting a reasonable investigation, so state and (i) identify the specific document(s) which you could not obtain, (ii) your efforts to obtain such document(s), and (iii) the person or persons who are likely to possess or have custody over such document(s).

B.     In the event that any document called for in this request to produce is withheld on the basis of any claim of privilege, (i) identify the document by date, author, and type of document (i.e. letter, memorandum, report, etc.); (ii) provide the names and current addresses of all persons to who the document was distributed; and (iii) state the nature of the priviledg asserted.

## **Documents Requested**

1.  All documents reflecting the amount borrowed and presently available under Winn-Dixie's DIP credit facility with Wachovia Bank.

2.  All financial statements of Winn-Dixie since the Petition Date.

3.  Winn-Dixie's business plan or the most recent draft thereof.

4.  Winn-Dixie's budgets, pro-forma income statements and financial forecasts for the balance of 2005 and for all of 2006 (and for any shorter period within said time periods).


STUTSMAN & THAMES, P.A.

By _____
Richard R. Thames

Florida Bar Number 0718459
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for JEA

## Certificate of Service

I certify that, on November __17__, 2005, a copy of the foregoing was furnished by mail to the following persons:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive
Suite 2540
Tampa, Florida 33602

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard
Room 620
Orlando, Florida 32801

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia 30308

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036

57905

_____
Attorney