**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                           )       Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                 )       *Chapter 11*

Debtors.                                         )       Jointly Administered
                                                 )

**WACHOVIA BANK, NATIONAL ASSOCIATION'S**
**RESPONSE TO MOTION OF THE EQUITY COMMITTEE**
**FOR THE APPOINTMENT OF AN EXAMINER**

Wachovia Bank, National Association, in its capacity as agent for itself and

certain other post-petition lenders (the "Agent") of Winn-Dixie Stores, Inc., and certain

of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the

"Debtors") responds to the Motion of the Official Committee of Equity Security Holders

for Order Appointing an Examiner Pursuant to Section 105(a) of the Bankruptcy Code

dated December 8, 2005 (Docket Nos. 4536, 4537) (the "Examiner Motion") as follows:

**BACKGROUND**

1.      On February 21, 2005 (the "Petition Date") the Debtors filed voluntary

petitions for reorganization pursuant to chapter 11 of title 11 of the United States

Bankruptcy Code, 11 U.S.C. §§101-1330 as amended (the "Bankruptcy Code").  The

Debtors' cases are jointly administered for procedural purposes only.  The Debtors are

operating their businesses and managing their property as debtors-in-possession pursuant

to Bankruptcy Code sections 1107(a) and 1108.

2.    In accordance with that certain Final Order Pursuant to Sections 105, 361, 362, 363, 364(c) and 364(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (i) Authorizing Debtors to Obtain Secured Post-Petition Financing on a Super Priority Priming Lien Basis and Modifying the Automatic Stay, (ii) Authorizing Debtors to Use Pre-Petition Secured Lenders Cash Collateral and Granting Adequate Protection, and (iii) Authorizing the Repayment in Full of All Claims of Debtors Pre-Petition Secured Lenders dated March 23, 2005 (the "DIP Financing Order"), the Agent was authorized to provide and the Debtors were authorized to obtain post-petition financing necessary to permit the Debtors to continue to operate their businesses and reorganize under Chapter 11 of the Bankruptcy Code.  In accordance with the provisions of the DIP Financing Order, the Agent was granted liens and security interests in substantially all of the Debtors' assets.

3.    In furtherance of the Debtors' reorganization objectives, the Debtors have obtained several extensions of their exclusive period to file a plan of reorganization and obtain acceptances thereto.  Pursuant to the Order Granting Third Extension of Exclusive Period for Filing Chapter 11 Plans and Obtaining Acceptances to Such Plan dated December 19, 2005, the Debtors' exclusive period to file a plan of reorganization has been extended to March 20, 2006.  The Debtors have stated their intent to file a plan of reorganization by that date, with the goal of obtaining confirmation of such plan by June, 2006.  The Agent supports the Debtors' stated time frame for plan confirmation.  In order to achieve this goal, it will be necessary for the Debtors' senior management to engage in

extensive efforts to (i) finalize and implement a reorganization of the Debtors' operations, (ii) negotiate the terms of a plan of reorganization with its creditor and equity constituencies, (iii) participate in the plan documentation and confirmation process, and (iv) finalize and document the terms of satisfactory exit financing.  Performance of these tasks, during this critical stage of the Debtors' reorganization, will require substantial time commitments and attention from Debtors' senior management.

4.    The Official Committee of Equity Security Holders (the "Equity Committee") has filed the Examiner Motion.  The Debtors have filed their Response to Motion of the Equity Committee for the Appointment of an Examiner dated January 5, 2006 (the "Debtors' Response").  The Agent joins in the Debtors' Response and incorporates the analysis and case law set forth therein as if fully set forth in this Response.

## ANALYSIS

5.    As is set forth in the Examiner Motion and the Debtors' Response, section 1104(c)(2) of the Bankruptcy Code compels the Court to grant the Equity Committee's request for an Examiner.  However, as is set forth in the Debtors' Response and the case law cited therein, the Court retains broad discretion in designing and structuring the Examiner's role, manner of investigation and compensation.  The Agent submits that such oversight and restrictions are particularly relevant and necessary to protect the integrity of the Debtors' reorganization efforts, given the present critical juncture of these reorganization cases and the fact that the Examiner Motion is devoid of any specific

allegations of fraud or wrongful conduct on behalf of the Debtors' senior management or directors.  The Equity Committee's desire to perform a general investigation regarding certain topics previously disclosed by the Debtors in public filings must be tempered by the legitimate interests of the Debtors and their creditor constituencies to preserve estate assets and proceed expeditiously with the plan confirmation process.

6.       In establishing appropriate guidelines for the conduct of the Examiner's investigation and payment of his fees and expenses, the Agent is particularly concerned about not (i) delaying the plan filing and confirmation timetable, (ii) distracting and hindering Debtors' senior management's ability  to timely proceed with the business and legal aspects of the Debtors' reorganization and (iii) wasting and diminishing valuable estate assets, all of which are subject to the Agent's liens, or working capital which is critical to the Debtors' viability.

7.       Accordingly, in order to accomplish these objectives, the Agent requests that any Order approving the Examiner Motion direct that:

(i)       the Examiner, upon his appointment, meet with representatives of the Debtors to establish a mutually acceptable written task timeline (the "Timeline") for performing the Examiner's investigation of the agreed upon Investigation Topics (as defined in the Debtors' Response) in a manner that will coordinate the schedules and responsibilities of Debtors' senior management so as to not interfere with the Debtors' business operations and reorganization efforts;

(ii)    the Examiner complete and file his report by no later than the expiration of the Debtors' Plan exclusivity period, March 20, 2006;

(iii)    the Examiner provide a written status report to the Debtors, the Agent, the Official Committee of Unsecured Creditors and the Equity Committee thirty days after the Examiner's appointment, to apprise the parties of the Examiner's progress and compliance with the Timeline, which report shall set forth remaining tasks to be undertaken by the Examiner or additional documents for which the Examiner seeks production from the Debtors; and

(iv)    compensation and expenses available to the Examiner not exceed $250,000.

8.    The Agent submits that the foregoing guidelines will minimize the disruption to the Debtors' business operations and reorganization efforts and preserve valuable estate assets.

WHEREFORE, based upon the foregoing, the Agent does not object to the entry

of an Order granting the Examiner Motion, as prescribed in the manner set forth in this

Response.

Dated: January 10, 2006

ROGERS TOWERS, P.A.

By:  /s/ Betsy C. Cox
Florida Bar No. 307033
1301 Riverplace Boulevard, Suite 1500
Jacksonville, FL 32207
904-398-3911 (telephone)
904-396-0663 (facsimile)
bcox@rtlaw.com (email)

– and –

OTTERBOURG, STEINDLER HOUSTON
& ROSEN, P.C.
Jonathan N. Helfat (JNH 9484)
230 Park Avenue
New York, NY 10169
(212) 661-9100 (telephone)
(212) 682-6104 (facsimile)
jhelfat@oshr.com (email)

ATTORNEYS FOR WACHOVIA BANK,
NATIONAL ASSOCIATION, IN ITS
CAPACITY AS AGENT FOR ITSELF
AND CERTAIN OTHER POST-PETITION
LENDERS