B210
12/04

# United States Bankruptcy Court
## Middle District of Florida

In re: WINN DIXIE STORES, INC.        Case No. 05-3817

Court ID (Court use only)

**FILED** JACKSONVILLE, FLORIDA JAN 11 2006 CLERK, U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $42,912.51. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee:<br>SPCP Group, LLC | Name of Transferor:<br>Just Born, Inc. |
| Name and Address where notices to transferee should be sent: | Court Record Address of Transferor<br>(Court Use Only) |
| Attn: Brian Jarmain<br>SPCP Group, LLC<br>2 Greenwich Plaza<br>Greenwich, CT 06830 | |
| Phone: 203-542-4032<br>Last Four Digits of Acct #:_____ | Last Four Digits of Acct #:_____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor:<br>Attn: Ronald Izewski<br>Just Born, Inc.<br>1300 Stefko Blvd.<br>Bethlehem, PA 18017 |
| Phone:_____<br>Last Four Digits of Acct #:_____ | Phone: 610-867-7568<br>Last Four Digits of Acct #:_____ |

Court Claim # (if known): 9562
Date Claim Filed: 7/28/2005

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/ Brian Jarmain_____        Date:___January 10, 2006_____ s
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. §§ 152 & 371.

**~~DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____    _____
                                      CLERK OF THE COURT

## ASSIGNMENT OF CLAIM

1. JUST BORN, INC., its successors and assigns ("Assignor"), for good and valuable consideration the sufficiency of which is hereby acknowledged, hereby absolutely and unconditionally sells, transfers and assigns unto SPCP GROUP, L.L.C., as Agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., its successors and assigns ("Assignee"), as of the date of this Agreement, all right, title and interest in and to all those certain receivables set forth in Exhibit 1 owed to the Assignor by Winn-Dixie Stores, Inc. ("Debtor"), which is subject to a bankruptcy proceeding (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), in the amount of $46,520.88 (the "Claim Amount"), including without limitation, all of Assignor's right, title and interest in said receivables, all agreements, instruments, invoices, purchase orders and other documents evidencing, or relating or referred to therein (the "Documents"), all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing receivables, and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing receivables, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (collectively, the "Claim").

2. This Assignment of Claim is entered into pursuant to a Claims Put Agreement dated as of January 21, 2005 by and between Assignor and Assignee (the "Put Agreement"), and a Notice of Exercise received by Assignee on February 28, 2005 (the "Notice of Exercise"). Capitalized terms used herein, which are not otherwise defined herein, shall have the meaning set forth in the Put Agreement.

3. In consideration of the assignment of the Claim by Assignor to Assignee, Assignor, and Assignee shall make payments to one another in the amounts and manner, at the times specified and subject to the conditions provided in the Put Agreement.

4. Each of Assignor and Assignee repeats and reaffirms the representations, warranties, indemnities and other acknowledgments and undertakings made in the Put Agreement as of the date of the Assignment of Claim. Except for the express representations and warranties set forth herein and in the Put Agreement, this Assignment is made as is, without recourse, and without representations and warranties.

5. Assignor is aware that the consideration being paid by Assignee hereunder and under the Put Agreement may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant the Bankruptcy Code or otherwise. Assignor represents that it has adequate information concerning the financial condition of the Debtor and the Case to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate, made its own decision to enter into this Agreement. Assignor and Assignee may each have access to or possess confidential material information regarding the Debtor not known to the other, including, without limitation, information received from the Debtor on a confidential basis or information received on a privileged basis from legal counsel and financial advisors representing the Debtor. Each party hereby waives any claim against the other party deriving from or relating to any assertion that they did not have access to the same confidential information. Assignor acknowledges that Assignee may receive on a current basis material non-public information about Debtor, which is not known by Assignor. Notwithstanding Assignee not disclosing such confidential information to Assignor, Assignor desires to enter into this Agreement and Assignee shall

have no liability whatsoever to Assignor based on Assignee's use, knowledge, possession or non-disclosure of such information and Assignor releases Assignee from liability therefrom.

6. Assignor agrees that in the event Assignor shall receive payments or distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within five (5) Business Days, which are in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate.

7. Each party agrees to indemnify the other party from all losses, damages and liabilities, including attorney's fees and expenses, which result from such party's breach of any representations, warranties or covenants set forth herein. Assignee does not assume and shall not be responsible for any obligations or liabilities of Assignor related to or in connection with the Claim or the Case.

8. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Claim and the Assignor's rights thereunder or related thereto pursuant to this Agreement. Assignor agrees that the powers granted by this paragraph are discretionary in nature and exercisable at the sole option of Assignee. Assignee shall have no obligation to take any action to prove, defend, demand or take any action with respect to the Claim or otherwise in the Proceeding. In the event of a Disallowance, Assignor shall take reasonable actions to assist (at Assignor's expense) Assignee in the defense of the Disallowed Claim. Assignor agrees at Assignor's expense to execute, acknowledge and deliver all such further certificates, instruments and other documents, and if requested by Assignee prepare a proof of claim, and to take all such further action as may be reasonably necessary or appropriate to effect assignment of the Claim and all interests therein to Assignee.

9. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Claim and the payment of the purchase price and shall inure to the benefit of, be binding upon and enforceable by the parties hereto and their respective successors and assigns. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

10. EACH PARTY TO THIS AGREEMENT HEREBY IRREVOCABLY CONSENTS TO THE JURISDICTION OF THE STATE AND FEDERAL COURTS LOCATED IN THE STATE OF NEW YORK, COUNTY OF NEW YORK AND OF THE BANKRUPTCY COURT IN ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER AGREEMENT OR DOCUMENT DELIVERED IN CONNECTION WITH THIS AGREEMENT, AND ALSO HEREBY IRREVOCABLY WAIVES ANY DEFENSE OF IMPROPER VENUE, FORUM NON CONVENIENS OR LACK OF PERSONAL JURISDICTION TO ANY SUCH ACTION BROUGHT IN SUCH COURTS. EACH PARTY FURTHER IRREVOCABLY AGREES THAT ANY ACTION TO ENFORCE, INTERPRET OR CONSTRUE ANY PROVISIONS OF THIS AGREEMENT WILL BE BROUGHT ONLY IN SUCH COURTS AND EACH PARTY WAIVES ITS RIGHT TO TRIAL BY JURY.

11. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code relating to the assignment of Claim hereunder (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.

12. This Agreement, the Notice of Exercise and the Put Agreement shall constitute the complete agreement of the parties hereto with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by both parties hereto.

13. This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment of Claim Agreement by its duly authorized representative dated as of March 31, 2005.

ASSIGNOR:
JUST BORN, INC.

By: _____
Name: Ronald J. Izeuski
Title: Chief Financial Officer

ASSIGNEE:
SPCP GROUP, L.L.C., as Agent for
Silver Point Capital Fund, L.P. and
Silver Point Capital Offshore Fund, Ltd.

By: _____
Name:
Title:  Michael A. Gatto
        Authorized Signatory

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **Winn Dixie Stores**    Case No **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

**Just Born Inc**
**1300 Stefko Blvd**
**Bethlehem PA 18017**

279026

Telephone No of Creditor: **610-867-7568**
Fax No of Creditor: **610-867-9931**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

DEBTOR WINN - DIXIE STORES, INC
US BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 9562**

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address

Name _____
Company/Firm _____
Address _____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor: **63900**

Check here if this claim
☐ replaces   ☐ amends   a previously filed claim, dated _____

1. Basis for Claim
☒ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____ (date) (date)

2. Date debt was incurred: **1/31/05**

3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed:
$ **35,926.35** (unsecured)   $ **0** (secured)   $ **6,986.16** (priority)   $ **42,912.51** (Total)
Creclamation amended 7/26/05

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of Collateral $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6. Unsecured Nonpriority Claim $ **35,926.35**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☒ Check this box if you have an unsecured priority claim
Amount entitled to priority $ **6,986.16**
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8).
☒ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( ) **reclam clm**
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. **6,986.16**

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary

10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date: **7/26/05**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:

Print: **Susan Szilagyi**    Title: **Sr Financial Analyst**
Signature: **Susan S. Szilagyi**

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U S C §§ 152 and 3571.

RECEIVED JUL 28 2005 PM 2:09 U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA — LOGAN & COMPANY, INC. AS AGENT