## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## (JACKSONVILLE DIVISION)

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 Case |
| WINN DIXIE STORES, INC. et al., | ) |
| | ) Case No. 05-03817-3F1 (JAF) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| | ) |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. 3001(e)(2) REGARDING PROOF OF CLAIM NO. 12330 FROM WELLS FARGO BANK NORTHWEST N.A. TO MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED

To:    Wells Fargo Bank Northwest N.A., Indenture Trustee
       299 South Main Street, 12th Floor
       Salt Lake City, Utah  84111
       Attn: Val T. Orton, Individual Trustee

("Transferor")

**PLEASE TAKE NOTICE** of the transfer of all of your right, title and interest in Claim No. 12330 against Winn Dixie Stores, Inc. in the unsecured nonpriority claim amount of $1,535,287.00 attached hereto as Exhibit A, pursuant to the Evidence of Transfer of Claim, by and between Transferor and Transferee (as defined below), dated December 30, 2005 and attached hereto as Exhibit B to:

Merrill Lynch, Pierce, Fenner & Smith Incorporated
4 World Financial Center
250 Vesey Street- 7th Floor
New York, NY  10080
Attn: Gabriel Calvetti and Nick Griffiths

("Transferee")

dc-437667

No Action is required if you do not object to the transfer of your claim.  However, IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE YOU MUST FILE A WRITTEN OBJECTION WITH:

UNITED STATES BANKRUPTCY COURTS
MIDDLE DISTRICT OF FLORIDA
UNITED STATES COURTHOUSE
300 NORTH HOGAN STREET
JACKSONVILLE, FL 32202

--SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE

Refer to Internal Control No._____ in your objection.
If you file an objection, a hearing will be scheduled.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.


_____

CLERK

FOR CLERK USE ONLY: THIS NOTICE WAS MAILED TO THE FIRST NAMED PARTY BY FIRST CLASS MAIL, POSTAGE PAID ON _____, 2006.


INTERNAL CONTROL NO._____
Claims Agent Noticed: (Name of Outside Agent) _____
Copy to Transferee: _____
Deputy Clerk

dc-437667

# Exhibit A

**FORM B10** (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT ___Middle___ | DISTRICT OF ___Florida___ | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor Winn Dixie Stores, Inc. | Case Number 05-03817-3F1 | |
|---|---|---|

NOTE This form should not be used to make a claim for an administrative expense arising after the commencement of the case   A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Wells Fargo Bank Northwest, N.A. (f/k/a First Security Bank, N.A.)**

Name and address where notices should be sent:
Christie L. Dowling, Esq.
Balch & Bingham LLP          **416847**
P.O. Box 306
Birmingham, AL 35201
Telephone number:  (205) 251-8100

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case
☐ Check box if the address differs from the address on the envelope sent to you by the court.

DEBTOR  WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D - FLORIDA
JOINTLY ADMINISTERED UNDER
CASE  05-03817 (3F1)
CHAPTER 11
**CLAIM NO.: 12330**
THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
Store 593

Check here ☐ replaces
if this claim ☐ amends     a previously filed claim, dated _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☑ Other  Guaranty* See attached calculations

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS # _____
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2. Date debt was incurred:** 9/28/99

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 1535287.00 _____ _____ 1535287.00
(unsecured)   (secured)   (priority)   (Total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other _____
Value of Collateral  $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any  $_____

**6. Unsecured Nonpriority Claim** $ 1535287.00
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority  $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U S C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien  DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

| Date 10/28/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) Val T. Orton, Trustee |
|---|---|

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C §§ 152 and 3571.

FORM B10 (Official Form 10) (04/04)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules*

## ——— DEFINITIONS ———

### Debtor
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

### Creditor
A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed

### Proof of Claim
A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim) This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

### Secured Claim
A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim (See also *Unsecured Claim*.)

### Unsecured Claim
If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

### Unsecured Priority Claim
Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims*.

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number If you received a notice of the case from the court, all of this information is near the top of the notice

**Information about Creditor:**
Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form

**1. Basis for Claim:**
Check the type of debt for which the proof of claim is being filed If the type of debt is not listed, check "Other" and briefly describe the type of debt If you were an employee of the debtor, fill in the last four digits of your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**
Fill in the date when the debt first was owed by the debtor

**3. Court Judgments:**
If you have a court judgment for this debt, state the date the court entered the judgment

**4. Total Amount of Claim at Time Case Filed:**
Fill in the applicable amounts, including the total amount of the entire claim If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges

**5. Secured Claim:**
Check the appropriate place if the claim is a secured claim You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the amount past due on the claim as of the date the bankruptcy case was filed A claim may be partly secured and partly unsecured (See DEFINITIONS, above)

**6. Unsecured Nonpriority Claim:**
Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim" (See DEFINITIONS, above ) If your claim is partly secured and partly unsecured, state here the amount that is unsecured If part of your claim is entitled to priority, state here the amount not entitled to priority

**7. Unsecured Priority Claim:**
Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law Check the appropriate place to specify the type of priority claim

**8. Credits:**
By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor

**9. Supporting Documents:**
You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents If documents are not available, you must attach an explanation of why they are not available

Winn Dixie Stores, Inc.
Lease Guaranty Damages for
Store Number 593
Adamsville, AL

Liquidated Damages Per Lease Paragraph 22(e):

| | |
|---|---|
| Present Value of Lease for Remainder of Term *($357,790 72 x 11.25 years discounted 5% per annum)* | $ 3,029,446 |
| Less Current Market Rental Rate *($5/sf discounted at 5%)* | -$ 1,898,618 |
| | $1,130,828 |
| Plus Make Whole Amount | +$ 404,459 |
| **Liquidated Damage Calculation:** | **$1,535,287** |
| **\*\*Plus Attorneys Fees and Costs** | **TBD** |

Attached Exhibits:

1.   Lease dated September 28, 1999 between Winn Dixie Montgomery, Inc. and Adam-Dix Properties, Corp. ("Lease").

2.   Guaranty by Winn Dixie Stores, Inc. Dated September 28, 1999.

Guaranty States:

> **"Guarantor agrees that, in case of bankruptcy or insolvency of Tenant, the claims of Landlord and its assigns against Guarantor under this Guaranty will not be limited by any provision of the Federal Bankruptcy Code or any similar or corresponding provision of any state or federal law, which, by reason of such bankruptcy or insolvency of Tenant, would limit the claims of Landlord or its assigns against Tenant."**

3.   Assignment of Lease and Agreement between Adam-Dixe Propertie, Corp. and Wells Fargo Bank Northwest, NA (f/k/a First Security Bank, NA) and Val T. Orton as Trustees.

4.   Indenture dated September 28, 1999.

796581 1

# Exhibit B

## EVIDENCE OF TRANSFER OF CLAIM

**TO:**   **THE DEBTORS AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Bank Northwest N.A.(f/k/a/ First Security Bank, N.A.)** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the Assignee"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with unsecured nonpriority claim relating to Proofs of Claim Numbers 12330 and 12332 for Store 593 in Adamsville, Alabama (collectively, the **"Claims"**) timely filed by Assignor in the respective amounts of $1,535,287.00 and $844,260.99 against Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. (collectively, the **"Debtors"**) as debtors-in-possession in the chapter 11 case, Case No. 05-03817-3F1 (Jointly Administered), pending in the United States Bankruptcy Court for the Middle District of Florida (the **"Bankruptcy Court"**).

Assignor hereby waives any objection to the transfer of the Claims to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owners and holders of the Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 30th day of December, 2005.

**Wells Fargo Bank Northwest N.A., as Assignor**

By: _____

Name:   Val T. Orton
Title:   Vice President
_____

Val T. Orton, Individual Trustee

**Merrill Lynch, Pierce, Fenner & Smith Incorporated, as Assignee**

By: _____
Name:
Title:

dc-437008

## EVIDENCE OF TRANSFER OF CLAIM

**TO:   THE DEBTORS AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Bank Northwest N.A.(f/k/a/ First Security Bank, N.A.)** (**"Assignor"**) hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch, Pierce, Fenner & Smith Incorporated** (the **Assignee**"), all right, title, interest, claims and causes of action in and to, or arising under or in connection with unsecured nonpriority claim relating to Proofs of Claim Numbers 12330 and 12332 for Store 593 in Adamsville, Alabama (collectively, the **"Claims"**) timely filed by Assignor in the respective amounts of $1,535,287.00 and $844,260.99 against Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. (collectively, the **"Debtors"**) as debtors-in-possession in the chapter 11 case, Case No. 05-03817-3F1 (Jointly Administered), pending in the United States Bankruptcy Court for the Middle District of Florida (the **"Bankruptcy Court"**).

Assignor hereby waives any objection to the transfer of the Claims to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Claim and recognizing the Assignee as the sole owners and holders of the Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Claim, and all payments or distributions of money or property in respect of the Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 30th day of December, 2005.

**Wells Fargo Bank Northwest N.A., as Assignor**

By: _____
    Name:
    Title:

_____
Val T. Orton, Individual Trustee

**Merrill Lynch, Pierce, Fenner & Smith Incorporated, as Assignee**

By: _____
    Name:  MICHAEL LEE
    Title:  DIRECTOR

dc-437008