**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                              Chapter 11

WINN-DIXIE STORES, INC                                Case No.  3:05-bk-03817-JAF

      Debtor.
_____/

**MAUREEN FITZGERALD-MARHOLD'S**
**MOTION TO ALLOW LATE FILED CLAIM**

      Maureen Fitzgerald-Marhold ("Fitzgerald"), by and through her undersigned counsel, hereby files this Motion to Allow Late Filed Claim (this "Motion"), and in support thereof states as follows:

**BACKGROUND**

      1.     On February 21, 2005, Winn-Dixie Stores, Inc.  (the "Debtor"), together with its affiliates, filed a voluntary Petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

      2.     By Order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

      3.     Fitzgerald is a former employee of the Debtor.

      4.     On or about April 7, 2005, the Debtor filed its schedules.

      5.     On or about May 2, 2005, the Notice of Deadline Requiring Filing of Proofs of Claim (the "Bar Date Notice") setting forth a bar date of August 1, 2005 (the "Bar Date") was served upon Fitzgerald at 3024 Wilderness Blvd. E., Parrish, Florida 34219-9333.

      6.     At such time, Richard F. Meyers, Esquire, ("EEOC Counsel") was representing Fitzgerald in connection with her EEOC litigation with the Debtor.  Fitzgerald therefore assumed that her claim was being handled, and did not discuss the Bar Date Notice with EEOC Counsel.

      7.     EEOC Counsel did not enter an appearance in the Debtor's bankruptcy case and therefore was not served with the Bar Date Notice.

8.      EEOC Counsel retained undersigned counsel (the "Bankruptcy Counsel") in June 2005 to file a motion for relief from the automatic stay so that the EEOC claim could be liquidated.

9.      On or about June 10, 2005, Bankruptcy Counsel sent a letter to counsel for the Debtor regarding the EEOC claim (the "Informal Proof of Claim").

10.      Bankruptcy Counsel was not served with the Bar Date Notice.

11.      On November 2, 2005, Bankruptcy Counsel filed Maureen Fitzgerald-Marhold's Verified Motion for Relief From Stay (the "Stay Motion").

12.      Shortly after the filing of the Stay Motion, counsel for the Debtor contacted Bankruptcy Counsel regarding the same.  During said conversation, counsel for the Debtor advised Bankruptcy Counsel that the Debtor did not have insurance to cover the EEOC claim and that the Bar Date had passed.

13.      Bankruptcy Counsel then investigated the matter, found that the Bar Date had in fact passed, and that no formal claim had been filed in the bankruptcy case on behalf of Fitzgerald.

14.      Therefore, on or about November 30, 2005, Bankruptcy Counsel filed a proof of claim on behalf of Fitzgerald in the bankruptcy case (the "Fitzgerald Claim").  A copy of the Fitzgerald Claim is attached hereto as Exhibit "A."

15.      To date, the Debtor has not filed a disclosure statement or plan or reorganization.

## RELIEF REQUESTED

16.      By way of this Motion, Fitzgerald seeks the entry of an order allowing the Fitzgerald Claim as timely filed in the Debtor's bankruptcy case.

## LATE FILED CLAIM

17.      Bankruptcy Rule 3003(c) provides that this Court "for cause shown may extend the time within which proofs of claim or interest may be filed."

18.      In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims.  See Pioneer Inv. Services Co. v. Brunswick

2

Assoc. Ltd. Partnership, 113 S.Ct. 1489, 507 U.S. 380, 123 L.Ed.2d 74 (1993) (creditor's failure to timely file proof of claim was result of excusable neglect, warranting allowance of late claim); see also In re Pappalardo, 210 B.R. 634 (Bankr. S.D. Fla. 1997).  The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including (1) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith."  In re Harrell, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005).

19.     Looking to the circumstances at hand, Fitzgerald contends that the delay in filing the Fitzgerald Claim falls within the purview of excusable neglect.  First, Fitzgerald had legitimate reasons for the delay in filing the Fitzgerald Claim.  Specifically, Fitzgerald had retained two law firms in connection with her EEOC claim yet failed to realize that she was the only one served with the Bar Date Notice.  Further reason for the delay was due to the settlement discussions between Fitzgerald and the Debtor i.e. the Informal Proof of Claim.

20.     Another factor to be considered is the length of Fitzgerald's delay in asserting and filing the Fitzgerald Claim.  As noted above, upon learning that a proof of claim had not been filed, Fitzgerald immediately took action to correct the error, instead of sitting on her rights.  Fitzgerald does not believe the delay is significant considering that Fitzgerald asserted its claim informally against the Debtor prior to the Bar Date.  Given the foregoing circumstances, the length of Fitzgerald's delay in filing the Fitzgerald Claim was reasonable.

21.     This Court should also consider that the allowance of the Fitzgerald Claim will not materially prejudice the Debtor nor impact its bankruptcy case.  There is no doubt that the Debtor has been aware of the debt owed to Fitzgerald, as the same is reflected on its schedules.  Nor can the Debtor question its validity, as the EEOC has issued its finding that a basis exists for establishing a Title VII violation.  The Debtor cannot claim ignorance or surprise as to the amount of the Fitzgerald Claim, as the same was set forth in the Informal Proof of Claim.  Moreover, this Court should weigh in the fact that the

Debtor has not filed a disclosure statement and plan of reorganization to date.  Given the size of the Debtor and the multitude of creditors, the Fitzgerald Claim represents a small fraction of the amount of claims scheduled and filed in this bankruptcy case.  It is unlikely that the Debtor's reorganization strategy will be significantly affected if the Fitzgerald Claim is allowed.  This bankruptcy case is still in its early stages.

22.    Finally, equity tilts in favor of Fitzgerald in that her actions demonstrate good faith.  Fitzgerald acted quickly and affirmatively in asserting her rights.  Fitzgerald did not wait until the eleventh hour to file the Fitzgerald Claim.

23.    In conclusion, this Court should find that circumstances surrounding the filing of the Fitzgerald Claim constitute excusable neglect.  The Fitzgerald Claim should be allowed as timely filed.

WHEREFORE, Fitzgerald respectfully requests that this Court enter an order:  (i) granting this Motion; (ii) allowing the Fitzgerald Claim as a timely filed claim; and (iii) providing for such other and further relief as this Court deems appropriate under the circumstances.

/s/ Stephenie M. Biernacki
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number:  0731013
**STEPHENIE M. BIERNACKI, ESQUIRE**
Florida Bar Number:  0127299
GRAY ROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Post Office Box 3324
Tampa, Florida 33601-3324
Telephone:  (813) 273-5000
Facsimile:  (813) 273-5145

Attorneys for Maureen Fitzgerald-Marhold

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means on the 13th day of January, 2006, and/or via U.S. Mail on the 17th day of January, 2006, to the following:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL  32254-3699

Cynthia C. Jackson, Esquire
James H. Post, Esquire
Stephen D. Busey, Esquire
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL  32201

Elena L. Escamilla, Esquire
Office of the United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL  32806

Adam Ravin, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY  10036

John B. MacDonald, Esquire
Patrick P. Patangan, Esquire
Ackerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL  32202

Dennis Dunne, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY  10005

The Rule 1007(d) parties in interest.

/s/ Stephenie M. Biernacki
**ATTORNEY**

5

# 723156 v1