UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                               CASE NO.: 3:05-bk-03817-JAF

                                     CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

       Debtors.      Jointly Administered

_____

AMENDED MOTION OF LINPRO INVESTMENTS, INC.
FOR PAYMENT OF POST-PETITION RENT

Linpro Investments, Inc. ("Linpro"), a creditor and party in interest in the above-styled bankruptcy case, by and through its undersigned attorneys, hereby amends its Motion for an order requiring Winn-Dixie Stores, Inc. ("Debtor") to pay post-petition rent of Linpro described herein. As grounds therefore, Linpro states the following:

1. This Court has subject matter jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The legal predicate for the relief requested herein is that certain Order entered on September 8, 2005 Granting Amended Motion of the Debtors for Order

1

Authorizing the Debtors (I) to Sell Leasehold Interests in Targeted Stores Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (II) to Assume and Assign Leases, (III) to Reject Targeted Leases the Debtors are Unable to Sell, and (IV) Granting Related Relief (Docket No. 3405) (the "Order"), including the Amended Order Under 11 U.S.C. §365(d)(4) Granting Further Extension of Time To Assume or Reject Unexpired Leases of Nonresidential Real Property entered on September 12, 2005 (Docket No. 3434), and the Order Correcting Order Dated September 12, 2005 Under 11 U.S.C. §365(d)(4) Granting Further Extension of Time To Assume or Reject Unexpired Leases of Nonresidential Real Property Order (Docket No. 3434) To Modify Language of Paragraph 4 and Attach Amended Exhibit A entered on October 3, 2005 (Docket No. 3754), which relate in part to the Order.

3. Linpro and Debtor are parties to a lease dated May 1, 1996 (the "Lease"), a copy of which is attached to the original Motion filed on or about November 14, 2005 (Docket No. 4160), and is incorporated herein by reference. Store No. 223 is a Targeted Store and said Lease is subject to the Order.

4. On September 14, 2005, Debtor filed a Notice of Rejection of Unexpired Lease ("Rejection Notice"), a copy of which is attached hereto as Exhibit "A", which states that Debtor intends to reject the Lease. Pursuant to the Rejection Notice and the Order, the Lease is deemed rejected effective on the later of (i) the tenth (10th) calendar day following the service of the Rejection Notice; and (ii) the date on which Debtor has (a) vacated and surrendered possession of the premises; and (b) delivered the keys to the leased premises to the affected landlord at the mall management office where the leased premises are located (the "Rejection Date").

5. Pursuant to the Order, Debtor is obligated to comply with all Lease terms from the Petition Date until the Rejection Date.

6. Debtor delivered the keys to the leased premises on December 12, 2005 to Linpro's attorneys. As a result, December 12, 2005 is the Rejection Date. Debtor is required to comply with all of its obligations pursuant to the Lease, including payment of rent and other monetary obligations, through said date.

7. Pursuant to Paragraphs 1, 16, 30 and 32 of the Lease, Debtor is obligated to pay rent, which consists of

minimum guaranteed rental plus a percentage of sales under certain conditions, premiums for fire and extended coverage insurance allocable to the demised premises, ad valorem real estate taxes allocable to the demised premises, and Debtor's pro rata share of CAM fees.

8. Debtor has not paid the minimum guaranteed rental for the months of September, October, and November, 2005, along with the minimum guaranteed rental for December 1, 2005 through December 12, 2005. The amount of minimum guaranteed rental for September, October, and November, 2005 is $32,314.33 per month for a total of $96,942.99, and the minimum guaranteed rental for December 1, 2005 through December 12, 2005, the Rejection Date, is $12,508.77, for a grand total of $109,451.76 of unpaid minimum guaranteed rental.

9. Debtor has not paid insurance premiums required to be paid commencing on or about July 1, 2005. The yearly premium is $25,428.39 as set forth in Invoice No. 136, a copy of which is attached hereto as Exhibit "B", and the monthly premium is $2,119.03. From July 1, 2005 through December 12, 2005, the Rejection Date, the premiums total $11,415.42.

10. Debtor has not paid the ad valorem taxes allocable to the demised premises for the calendar year 2005. The total amount of ad valorem taxes allocable to the demised premises for the calendar year 2005 is $128,268.80. The ad valorem taxes from the Petition Date of February 21, 2005 through November 30, 2005 total $99,100.83, as set forth in Invoice No. 139, a copy of which is attached hereto as Exhibit "C", and the ad valorem taxes from December 1, 2005 through December 12, 2005, the Rejection Date, total $4,217.05, as set forth in Invoice No. 144, a copy of which is attached hereto as Exhibit "D". The total amount of ad valorem taxes due and owing from the Petition Date to the Rejection Date is $103,317.88.

11. Debtor has not paid its entire pro rata share of CAM for the time period of April, 2005 through June, 2005. The amount of said pro rata share is $23,077.00 and is documented by Invoice No. 130, a copy of which is attached hereto as Exhibit "E". Debtor has paid $5,492.66 of said CAM leaving an unpaid balance of $17,584.34 on Invoice No. 130 which Debtor is required to pay.

12. Debtor has not paid its pro rata share of CAM for the time period of July, 2005 through September, 2005. The amount of said pro rata share is $15,332.04 and is

documented by Invoice No. 135, a copy of which is attached hereto as Exhibit "F".

13. Debtor has not paid its pro rata share of CAM for the time period of October, 2005 through December 12, 2005. The amount of said pro rata share is $13,849.64 and is documented by Invoice No. 143, a copy of which is attached hereto as Exhibit "G".

14. There is due, owing and unpaid from the Debtor to Linpro the sums set forth in Paragraphs 8-13 which total the sum of $270,951.08.

15. Linpro requests an expedited hearing on this Motion agreed to by Debtor in Paragraph 6 of the Amended Order Under 11 U.S.C. §365(d)(4) Granting Further Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property entered on September 12, 2005 (Docket No. 3434).

16. Linpro is obligated to pay its attorneys a reasonable fee for the services rendered in this matter.

WHEREFORE, Linpro prays that the Court:

(a) Grant its Amended Motion for Payment of Post-Petition Rent totaling $270,951.08, plus reasonable attorney's fees, and order the Debtor to pay said sum forthwith; and

(b) Grant Linpro such other relief as deemed equitable and proper.

Dated this 17 day of January, 2006.

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile