**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE: : : | |
| **WINN-DIXIE STORES, INC., <u>et al.</u>,** : : | **CASE NO. 3:05-BK-03817-JAF** **Chapter 11** |
| Debtor. : : | JOINTLY ADMINISTERED |

**CERTIFICATION OF NECESSITY OF REQUEST FOR EMERGENCY HEARING IN CONNECTION WITH**
**OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS' (I) OBJECTION AND MOTION TO SET ASIDE THE UNITED STATES TRUSTEE'S NOTICE OF DISBANDMENT OF EQUITY SECURITY HOLDERS COMMITTEE AND (II) MOTION FOR APPOINTMENT OF EQUITY SECURITY HOLDERS COMMITTEE *NUNC PRO TUNC* TO JANUARY 11, 2006**

**<u>(EMERGENCY HEARING REQUESTED FOR WEEK OF JANUARY 23, 2006)</u>**

I HEREBY CERTIFY, as a member of the Bar of this Court, that I have carefully examined the *Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee and Motion for Appointment of Equity Security Holders Committee Nunc Pro Tunc to January 11, 2006* (the "Objection") and the corresponding matters under consideration. To the best of my knowledge, information and belief, formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the matter on an emergency basis.

I CERTIFY FURTHER that there is a true necessity for an emergency hearing, on the Objection, because, among other things:

- Direct, immediate and substantial harm will occur to the interests of equity security holders in this case if the matters set forth in the Objection are not considered by this Court through an emergency hearing. This bankruptcy case is at a critical juncture. The Debtors are not hopelessly insolvent, and are instead in negotiations with the Official Committee of Unsecured Creditors to formulate a chapter 11 plan of reorganization and corresponding disclosure statement. In the midst of this delicate and crucial process, the Untied States Trustee has taken the procedurally improper step of disbanding the Official Committee of Equity Security Holders (the "Equity Committee") by fiat through her January 11, 2006 *Notice of Disbandment of Equity Security Holders Committee* [Docket No. 5098] (the "Notice of Disbandment"). Not only has the U.S. Trustee's action unilaterally disenfranchised a validly constituted Committee representing the interests of approximately 36,000 equity holders of Winn-Dixie, but it has done so by abridging fundamental procedural due process and without any opportunity for notice, hearing, or other procedural safeguards.

- <u>Every day</u> that passes without an official Equity Committee invalidates the plan negotiation process, harms the equity holders as a group, and the bankruptcy estate as a whole. Without the Equity Committee, equity interest holders will have no meaningful or unified voice in the Debtors' ongoing reorganization process. The Debtors and the Creditors Committee cannot (or will not) adequately protect the interests of equity holders where the Creditors Committee and its constituency have economic interests that are clearly adverse to the Debtors' existing shareholders.

- The integrity of the confirmation process, the investigation of claims against those responsible for the bankruptcy filings, and this case's progression are all jeopardized (and could be delayed) because of the effects of the Notice of Disbandment. Each day these issues remain unresolved, the Debtor's equity holders are further prejudiced and suffer the impending threat of irreparable harm since their rights and interests are on the precipice of being extinguished by the bankruptcy process without adequate representation by the Committee.

- No doubt many of the equity security holders in this case have reasonably relied on the fact that the Committee was appointed in this case in electing to take (or abstain from taking) certain actions in the case. The Notice of Disbandment threatens to prejudice those equity security holders who have now relied on the fact that a duly constituted Committee was protecting their interests. Moreover, the procedural "limbo" caused by the Notice of Disbandment threatens the ability of the Committee as a party-in-interest to retain the services of its professionals.

I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client.  I further certify that the Objection and this Certification are filed with full understanding of F.R.B.P. 9011 and the consequences of noncompliance with same.

DATED this 17th day of January, 2006.

/s/ Chad S. Bowen_____
David S. Jennis.
Florida Bar No. 775940
Chad S. Bowen
Florida Bar No. 0138290
**Jennis & Bowen, P.L.**
400 N. Ashley Dr., Ste. 2540
Tampa, Florida 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707
*Co-Counsel for the*
*Official Committee of Equity Holders*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished electronically to all parties listed on the master service list dated January 6, 2006 (Docket no. 5070) on this 17th day of January 2006.

/s/ Chad S. Bowen
Chad S. Bowen