**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **WINN-DIXIE STORES, INC., <u>et al.</u>,** | : | **CASE NO. 3:05-BK-03817-JAF** |
| | : | **Chapter 11** |
| Debtor. | : | **JOINTLY ADMINISTERED** |
| | : | |

**CERTIFICATION OF NECESSITY OF REQUEST FOR EMERGENCY HEARING
IN CONNECTION WITH
MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY
HOLDERS FOR ORDER UNSEALING PLEADINGS AND PROCEEDINGS
RELATED TO THE MOTION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR ENTRY OF ORDER, UNDER 11 U.S.C. §§ 105 AND 1102,
DISBANDING OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

**(EMERGENCY HEARING REQUESTED FOR WEEK OF JANUARY 23, 2006)**

I HEREBY CERTIFY, as a member of the Bar of this Court, that I have carefully examined the *Motion of the Official Committee of Equity Security Holders for Order Unsealing Pleadings and Proceedings Related to the Motion of Official Committee of Unsecured Creditors for Entry of Order, Under 11 U.S.C. §§ 105 and 1102, Disbanding Official Committee of Equity Security Holders* (the "Motion") and the corresponding matters under consideration. To the best of my knowledge, information and belief, formed after reasonable inquiry, all allegations are well grounded in fact and all contentions are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law can be made, that the matter under consideration is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation, and there is just cause to request a consideration of the matter on an emergency basis.

I CERTIFY FURTHER that there is a true necessity for an emergency hearing, on the Motion, because, among other things:

On or about September 2, 2005, the Official Committee of Unsecured Creditors (the "Creditors Committee") filed its *Motion of Official Committee of Unsecured Creditors for Entry of Order, Under 11 U.S.C. §§ 105 and 1102 Disbanding Official Committee of Equity Security Holders* (the "Disbandment Motion"). The Disbandment Motion and a number of other documents and pleadings relating to the formation, constitution, and disbandment of the Official Committee of Equity Security Holders (the "Equity Committee") have been filed under seal in accordance with this Court's order (the "Seal Order"). Most recently, on January 11, 2006, the United States Trustee (the "UST") has attempted to unilaterally disband the Committee (in violation of procedural due process) by filing its *Notice of Disbandment of Equity Security Holders Committee*. In opposition to that Notice, the Equity Committee has filed (on an emergency basis) its *Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee and Motion for Appointment of Equity Security Holders Committee Nunc Pro Tunc to January 11, 2006* (the "Objection"), with several substantive portions of that Objection redacted due to the Seal Order. The Seal Order is having the improper effect of functioning as a shield that prevents the Debtor's creditors and approximately 36,000 equity security holders from scrutinizing the decisions and motivations of the Creditor's Committee and of the UST, or from accurately assessing the impacts a disbandment of the Equity Committee may have on their respective rights in this bankruptcy case. In order for creditors, equity holders, and other parties-in-interest to meaningfully consider and take a position on these

issues, the relevant documents and pleadings must be immediately unsealed in conjunction with this Court's consideration of the Objection.

I CERTIFY FURTHER that the necessity of this emergency hearing has not been caused by any lack of due diligence on my part, but has been brought about only by circumstances beyond my control or that of my client. I further certify that the Motion and this Certification are filed with full understanding of F.R.B.P. 9011 and the consequences of noncompliance with same.

DATED this 17th day of January, 2006.

/s/ Chad S. Bowen
David S. Jennis.
Florida Bar No. 775940
Chad S. Bowen
Florida Bar No. 0138290
**Jennis & Bowen, P.L.**
400 N. Ashley Dr., Ste. 2540
Tampa, Florida 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707
*Co-Counsel for the*
*Official Committee of Equity Holders*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished electronically to all parties listed on the master service list dated January 6, 2006 (Docket no. 5070) on this 17th day of January 2006.

/s/ Chad S. Bowen
Chad S. Bowen