UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**AGREED ORDER REGARDING THE DANNON
COMPANY, INC.'S MOTION TO LIFT STAY**

This case is before the Court upon the Motion of The Dannon Company, Inc. for Relief from the Automatic Stay to Allow Setoff of Pre-Petition Debts (Docket No. 2564) (the "Motion"). The Court finds that (i) notice of the proposed Agreed Order and Stipulation was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.  The Motion is granted to the extent provided herein.

2.  The automatic stay is modified for the purpose of allowing The Dannon Company, Inc. ("Dannon") to setoff debts totaling $770,140.14 which it owes the Debtors for Unsaleable Goods[1] and Slotting Fees against Dannon's claims against Winn-Dixie Stores, Inc. Accordingly, the invoices identified in the attached Exhibit A are deemed to be set off against Dannon's claims against Winn-Dixie Stores.

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

3. Claim No. 1294, filed by Dannon in Case No. 05-03817, and Claim No. 5426, filed by Dannon in Case No. 05-03817, are disallowed and expunged in their entirety.

4. Claim No. 5427 filed by Dannon against Winn-Dixie Stores, Inc. in Case No. 05-03817 is reduced to the amount of $141,734.24 as set forth in the attached Exhibit B and deemed to be an allowed claim as follows:

    1. $114,294.49 of Claim No. 5427 shall be deemed to be an allowed reclamation claim payable in full as an administrative claim under Section 503 of the Bankruptcy Code. Dannon shall not seek payment on such claim prior to confirmation of a reorganization plan or conversion of these cases; and

    2. $27,439.75 of Claim No. 5427 shall be deemed to be an allowed unsecured claim payable pursuant to a confirmed reorganization plan or conversion of these cases.

5. Except as expressly provided herein and subject to the terms of the Stipulation, this Agreed Order resolves all liabilities and obligations Dannon has or may have against the Debtors related to Claim Nos. 1294, 5426 and 5427.

6. Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect.

7. Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases is directed to make such revisions to the claims register as is necessary to reflect the terms of the Agreed Order.

8. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 17 day of January, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

Edwin W. Held, Esq.
John Macdonald, Esq.
James H. Post, Esq.
United States Trustee

509204

## Dannon - Winn-Dixie
## Unpaid Invoices

| Invoice Date | Invoice Number | Amount | Running Total |
|---|---|---|---|
| 11/19/04 | 8100084071 | **$4,409.14** | |
| 11/19/04 | 0000000000 | **$20,687.60** | $25,096.74 |
| 03/15/05 | 8100106777 | **$203.86** | $25,300.60 |
| 03/16/05 | 8100106994 | **$1,496.88** | $26,797.48 |
| 03/18/05 | 8100107494 | **$990.79** | $27,788.27 |
| 01/25/05 | 8100096278 | **$11,808.88** | $39,597.15 |
| 02/01/05 | 8100097873 | **$38,791.21** | $78,388.36 |
| 02/01/05 | 8100097874 | **$24,821.22** | $103,209.58 |
| 02/01/05 | 8100098148 | **$16,304.80** | $119,514.38 |
| 02/02/05 | 8100098147 | **$11,313.30** | $130,827.68 |
| 02/04/05 | 8100098825 | **$17,270.71** | $148,098.39 |
| 02/05/05 | 8100098708 | **$27,132.74** | $175,231.13 |
| 02/07/05 | 8100098990 | **$36,814.71** | $212,045.84 |
| 02/07/05 | 8100098991 | **$24,450.64** | $236,496.48 |
| 02/07/05 | 8100098992 | **$34,987.76** | $271,484.24 |
| 02/07/05 | 8100099072 | **$17,087.61** | $288,571.85 |
| 02/07/05 | 8100099073 | **$43,753.78** | $332,325.63 |
| 02/08/05 | 8100099258 | **$27,500.78** | $359,826.41 |
| 02/08/05 | 8100099259 | **$11,877.91** | $371,704.32 |
| 02/08/05 | 8100099260 | **$33,272.49** | $404,976.81 |
| 02/08/05 | 8100099261 | **$32,179.15** | $437,155.96 |
| 02/08/05 | 8100099262 | **$39,503.21** | $476,659.17 |
| 02/08/05 | 8100099263 | **$20,851.15** | $497,510.32 |
| 02/08/05 | 8100099264 | **$33,553.25** | $531,063.57 |
| 02/08/05 | 8100099371 | **$39,819.31** | $570,882.88 |
| 02/09/05 | 8100099579 | **$11,199.87** | $582,082.75 |
| 02/09/05 | 8100099580 | **$17,325.82** | $599,408.57 |
| 02/09/05 | 8100099581 | **$13,883.12** | $613,291.69 |
| 02/09/05 | 8100099582 | **$17,791.78** | $631,083.47 |
| 02/09/05 | 8100099583 | **$6,298.78** | $637,382.25 |
| 02/09/05 | 8100099902 | **$12,431.06** | <u>$649,813.31</u> |
| | | | $649,813.31 |
| 02/15/05 | 8100100970* | **$22,212.67** | $813,760.22 |
| 02/15/05 | 8100100972 | **$22,209.56** | $835,969.78 |
| 02/16/05 | 8100101168 | **$15,718.53** | $851,688.31 |
| 02/18/05 | 8100101630 | **$33,623.52** | $885,311.83 |
| 02/18/05 | 8100101780 | **$26,562.55** | <u>$911,874.38</u> |
| | | | <u>$120,326.83</u> |
| | | | <u>**$770,140.14**</u> |

*This $28,523.15 invoice was split so that $22,212.67 was paid by the set-off and $6,310.48 remains unpaid.

**EXHIBIT A**

**Dannon - Winn-Dixie**
**Unpaid Invoices**

| Invoice Date | Invoice Number | Amount | Running Total |
|---|---|---|---|
| 02/11/05 | 8100100330 | $2,434.39 | $652,247.70 |
| 02/11/05 | 8100100467 | $13,388.42 | $665,636.12 |
| 02/12/05 | 8100100329 | $14,493.35 | $680,129.47 |
| 02/14/05 | 8100100969 | $26,086.21 | $706,215.68 |
| 02/14/05 | 8100100971 | $30,819.40 | $737,035.08 |
| 02/15/05 | 8100100871 | $10,608.68 | $747,643.76 |
| 02/15/05 | 8100100872 | $37,593.31 | $785,237.07 |
| 02/15/05 | 8100100970* | $6,310.48 | |
| | | | $141,734.24 |

*This $28,523.15 invoice was split so that $22,212.67 was paid by the set-off and $6,310.48 remains unpaid.

**EXHIBIT B**