UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et al.,

Debtors.

CASE NO. 05-03817-3F1
CHAPTER 11

(Jointly Administered)

WOOLBRIGHT'S APPLICATION FOR ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE CLAIM

Creditor, WOOLBRIGHT/SSR MARKETPLACE, LLC, a Delaware limited liability company ('WOOLBRIGHT") hereby files this application seeking allowance and payment of an administrative claim. In support of the relief requested, WOOLBRIGHT states:

1. WOOLBRIGHT, as successor in interest to Southern Centers Associates, Inc., a Florida General Partnership (sic) ["Southern Centers Associates"), is the landlord and owner of the shopping center located southerly of N.E. 41st Street, between A1A and Galt Ocean Drive in Ft. Lauderdale, Florida (the "Shopping Center").

2. WINN-DIXIE STORES, INC. ("DEBTOR") is a tenant of the Shopping Center and occupies a 41,485 square foot site located in the Shopping Center (the "Leased Premises").

3. The DEBTOR operates a Winn-Dixie grocery store upon the Leased Premises ("Gault Ocean Mile Winn-Dixie").

4. The terms upon which DEBTOR occupied the Leased Premises are more fully set forth in the following documents which are collectively hereinafter referred to as the "Lease" and are attached hereto as Composite Exhibit "A":

STP:604505:1

1

(a) Lease entered into on May 1, 1990 between Southern Centers Associates and DEBTOR.

(b) Short Form Lease entered into on May 1, 1990 between Southern Centers Associates and DEBTOR.

(c) First Amendment to Lease entered into on May 6, 1991 between Southern Centers Associates and DEBTOR.

(d) Supplemental Lease Agreement entered in to September 29, 1992 between Southern Centers Associates and DEBTOR.

5. WOOLBRIGHT, as successor in interest to Southern Centers Associates is the owner and holder of all rights, title and interest as Landlord under the Lease.

6. On February 21, 2005, the DEBTOR filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Case").

7. On the Petition Date, there were no outstanding amounts then due from DEBTOR to WOOLBRIGHT under and in conjunction with the Lease

8. Pursuant to the terms of the Lease, DEBTOR was obligated to make base rent payments to WOOLBRIGHT in the amount of $26,792.39 per month during calendar year 2005 and $29,384.63 per month during calendar year 2006, together with reimbursing WOOLBRIGHT for a pro rata portion of the real property ad valorem taxes assessed against the Shopping Center allocable to the Leased Premises which for 2005 was $158,567.84.

9. Notwithstanding DEBTOR'S continued occupancy of the Leased Premises and its continued operation thereon of the Gault Ocean Mile Winn-Dixie, DEBTOR failed to

timely pay to WOOLBRIGHT the monthly base rent due for November 2005 through January 2006 in the aggregate amount of $85,561.65 (the "Base Rent Arrearage"). Additionally, DEBTOR failed to timely reimburse WOOLBRIGHT for the allocated portion of the 2005 real property ad valorem taxes more fully described above (the "RE Tax Proration Arrearage") [both the Base Rent Arrearage and the RE Tax Proration Arrearage referred to together herein as the "Default"].

10. As a result of the Default, DEBTOR currently owes WOOLBRIGHT the total amount of $241,537.25.

11. Further, pursuant to the terms of the Lease, DEBTOR is obligated to reimburse WOOLBRIGHT for its attorneys' fees and costs incurred by virtue of the Default.

12. The Lease is a lease of non-residential real property as that term is used in 11 U.S.C. § 365(d)(4).

13. The current outstanding balance due from DEBTOR to WOOLBRIGHT under the Lease in the amount of $241,537.25, together with reimbursement of attorneys' fees and costs, represents an administrative expense arising under 11 U.S.C. § 365(d9)(3) and 11 U.S.C. § 503(b)(4) [the "Administrative Expense"].

14. 11 U.S.C. § 365(d)(3) requires the DEBTOR to timely perform its obligations under the Lease until the Lease has been rejected which to date DEBTOR has not done. Because the DEBTOR has failed to comply with that provision, WOOLBRIGHT is entitled to allowance and current payment of the Administrative Expense under 11 U.S.C. § 503(b)(1)(A).

15. Under 11 U.S.C.. § 503(b)(1)(A(), WOOLBRIGHT'S Administrative Expense is entitled to priority treatment in the Chapter 11 Case and any subsequent liquidation.

16. A Chapter 11 debtor is responsible for payment of post-petition rent at the lease rate as an administrative priority <u>until the lease is rejected.</u> *See in re Florida Lifestyle Apparel, Inc.*, 221 B.R. 897 (Bankr. M.D. Fla 1997); *In re Cardian Mortgage Corp.* 127 B.R. 14, 15 (Bankr. E.D. Va 1991).

17. WOOLBRIGHT believes it is entitled to allowance and immediate payment of the Administrative Expense under 11 U.S.C. . § 503(b)(1)(A). *See* In re Telesphere Communications, Inc. 148 B.R. 525 (Bankr. N.D. Ill. 1992); *In re Rare Coin Galleries of American, Inc.,* 72 B.R. 415, 416 (Bankr. D. Mass 1987).

18. WOOLBRIGHT reserves the right to amend or supplement this Application, should the DEBTOR also fail to timely perform its obligations under the Lease arising in the future.

WHEREFORE, pursuant to 11 U.S.C. § 365(d)(3) and 503(b)(1)(A), WOOLBRIGHT respectfully requests this court to enter an order allowing as a priority administrative claim its Administrative Expense, together with any additional amounts incurred that are associated with the DEBTOR'S continued use and occupation of the Leased Premises and further:

    (a)    grant WOOLBRIGHT'S Application for allowance and payment of Administrative Expense;

    (b)    order the DEBTOR to pay the current Administrative Expense within 10 days from the entry of an order granting WOOLBRIGHT'S Application.

(c) reserve jurisdiction to enter future orders directing the payment of additional administrative expenses for future unpaid rents and related expenses to WOOLBRIGHT until such time as the Lease is assumed or rejected by DEBTOR, and

(d) grant WOOLBRIGHT such further relief as this Court shall deem just and equitable.

/s/ Richard H. Malchon, Jr.
RICHARD H. MALCHON, JR., ESQUIRE
Florida Bar Number: 0188232
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
401 East Jackson Street, Suite 2700
Tampa, FL 33602
Telephone: 813/222-6637
Facsimile: (727) 502-8937
E-Mail Address: Richard.Malchon@Ruden.Com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2006, a true and correct copy of the foregoing Application and Allowance of Administrative Claim was served (i) by United States first class mail, postage prepaid, on the parties listed below; and (ii) by e-mail on the parties who receive electronic notice in this case pursuant to the Court's ECF filing system.

/s/ Richard H. Malchon, Jr.
RICHARD H. MALCHON, JR., ESQUIRE

D. J. Baker. Lance. Esq. Adam Ravin
Skadden Arps Slate Meagher & Florn, LLP
Four Times Square
New York, NY 10036

Dennis f. Dunne
Milbank Tweed Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

STP:604505:1

Cynthia C. Jackson
James H. Post
Smith Hulsey& Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

John B. Macdonald
Patrick P. Patangan
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, FL 32202

United States Trustee's Office
Elena L. Escamilla
135 W. Central Blvd., Suite 620
Orlando, FL 32806

STP:604505:1