**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO**
**SETTLE OR LIQUIDATE ADDITIONAL CLAIMS**
**PURSUANT TO THE CLAIMS RESOLUTION PROCEDURE**

These cases came before the Court on January 19, 2006 on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an order authorizing the Debtors to settle or liquidate additional claims pursuant to the Claims Resolution Procedure (Docket No. 4869)(the "Motion"). Upon consideration, it is

ORDERED AND ADJUDGED:

1.   The Motion is granted.

2.   The Debtors are authorized to liquidate or settle Additional Litigation Claims[1] through direct negotiation or alternative dispute resolution pursuant to the terms of this Order, the Claims Resolution Procedure as approved by this Court's September 1, 2005 Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326) (the "Claims Resolution Procedure Order"), and this Court's October 7, 2005 Order Authorizing Debtors to Settle or Liquidate

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

Certain Litigation Claims with Cash Payments (Docket No. 3838) (the "Cash Payment Order").

3. The Debtors are authorized to initiate the Claims Resolution Procedure with respect to the holder of any Additional Litigation Claim by serving such claimant with copies of (i) this Order, (ii) the Claims Resolution Procedure and (iii) the Questionnaire. The Debtors are permitted to modify the date references in the Claims Resolution Procedure and the Questionnaire without further order of the Court as necessary to make the application of the Claims Resolution Procedure practicable as to each Additional Litigation Claim during the pendency of these Chapter 11 cases, provided that such date references are substantially the same as the time requirements established under the Claim Resolution Procedure approved by the Claims Resolution Procedure Order.

4. Upon service of this Order, the Claims Resolution Procedure and the Questionnaire upon a Claimant, the Claims Resolution procedure shall be binding on such Claimant.

5. If a Claimant fails to return the fully completed Questionnaire by such date set forth in the Claims Resolution Procedure and Questionnaire as modified by the Debtors pursuant to this Order, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge such Claimant's proof of claim with respect to the applicable Litigation Claim.

6. No Claimant shall be entitled to relief from the automatic stay to establish, liquidate or otherwise engage in any collection of a Litigation Claim from the Debtors or any Third Party Indemnitor until such Claimant has exhausted the Claims Resolution Procedure.

7. Nothing in this Order is intended to, nor will this Order be deemed to, alter any requirements under any insurance policies (the "Insurance Policies") or to limit or otherwise prejudice any Third Party Indemnitor's rights or defenses, all of which are expressly reserved, and the Debtors shall continue to comply with the Insurance Policies. Moreover, the implementation of the Claims Resolution Procedure by the Debtors shall not be deemed a breach of any Insurance Policy or agreement with any Third Party Indemnitor. In accordance with the terms of the applicable Insurance Policy or the agreement with a Third Party Indemnitor, and if required with respect to any aspect of the Claims Resolution Procedure, the Debtors shall not liquidate or settle any claim that involves a Third Party Indemnitor, without notice to the Third Party Indemnitor, without providing an opportunity for such Third Party Indemnitor to be involved in the settlement discussions or alternative dispute resolution procedure and providing the Third Party Indemnitor an opportunity to approve such settlement or to consent to such settlement.

8. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.

9. Nothing in this Order is intended to, nor will this Order be deemed to, obviate the need for any Claimant to file a proof of claim in compliance with the applicable bar date order.

10. Except as expressly modified by this Order, the provisions of the Claims Resolution Procedure Order and Cash Payment Order remain in full force and effect.

11.   The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 19 day of January, 2006, in Jacksonville, Florida.

/s/ Jerry A. Funk
Jerry A. Funk
United States Bankruptcy Judge

516707

4