**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WINN-DIXIE STORES, INC., et al., | : | Case No. 05-03817-3F1 |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | Chapter 11 |

**MOTION OF KONICA MINOLTA PHOTO**
**IMAGING U.S.A., INC. TO SET SPECIFIC DATE FOR**
**THE DEBTORS TO ASSUME OR REJECT EXECUTORY**
**CONTRACT PURSUANT TO §365(d)(2) OF THE BANKRUPTCY CODE**

Konica Minolta Photo Imaging U.S.A., Inc. ("Konica"), by and through its undersigned counsel, hereby submits its Motion to Set Specific Date for the Debtors to Assume or Reject Executory Contract Pursuant to §365(d)(2) of the Bankruptcy Code (the "Motion"). In support of the Motion, Konica represents and asserts as follows:

**JURISDICTION**

1.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

2.     Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.     The statutory predicate for the relief sought herein is 11 U.S.C. §365 and Rule 6006 of the Federal Rule of Bankruptcy Procedure (the "Rules").

## BACKGROUND

4.      On February 21, 2005 (the "Petition Date"), each of the Debtors[1] filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 *et seq.* (as amended, the "Bankruptcy Code").  On February 22, 2005, the Court granted Debtors' request that the cases be jointly administered for procedural purposes only [Docket No. 36].

5.      The Debtors are currently operating their respective businesses and managing their respective properties as Debtors in Possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

6.      On February 23, 2005, an Official Committee of Unsecured Creditors was duly appointed by the United States Trustee, pursuant to §1102 of the Bankruptcy Code, to represent creditors holding unsecured claims in these cases.

7.      On August 17, 2005, an Official Committee Equity Security Holders was duly appointed by the United States Trustee, pursuant to §1102 of the Bankruptcy Code to represent equity holders in these cases.

8.      As set forth in pleadings previously filed by the Debtors in these cases, the Debtors are grocery and drug retailers operating in the Southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are one of the

---

[1] In addition to Winn-Dixie Stores, Inc., the Debtors include: Astor Products, Inc.; Crackin' Good, Inc.; Deep South Distributors, Inc.; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Spirits, Inc.; Dixie Stores, Inc.; Economy Wholesale Distributors, Inc.; Foodway Stores, Inc.; Kwik Check Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Company; Table Supply Food Stores Co., Inc.; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics, Inc.; Winn-Dixie Montgomery, Inc.; Winn-Dixie Procurement, Inc.; Winn-Dixie Raleigh, Inc.; and Sinn-Dixie Supermarkets, Inc.

largest food retailers in the United States and operated more than 900 stores in the United States on the Petition Date.[2]

9.      Konica and Winn-Dixie Stores, Inc. ("Winn-Dixie") are parties to a Photofinishing System Supply and Support Agreement, dated February 25, 2003 (the "2003 Agreement").  A true and correct copy of the 2003 Agreement is attached hereto and incorporated herein by this reference as Exhibit A.  Pursuant to the terms of the 2003 Agreement, Winn-Dixie leases from Konica on-site photofinishing equipment.  Konica, in turn, provides training, technical and service support, parts and accessories for the equipment leased, and color photographic paper and processing chemicals.

10.     The 2003 Agreement was executed to amend and restate the parties' agreement as set forth in that certain Master Lease Agreement, dated as of July 1994 (the "1994 Agreement"). The term of the 2003 Agreement commenced on February 25, 2003 and was to continue to be in effect until such time as every Lease Term (as defined in the 2003 Agreement) of all equipment leased by Konica to Winn-Dixie had expired.  However, the term of the 2003 Agreement would, in no event, be shorter than five years from the date of execution of the 2003 Agreement.

11.     Under the terms of the 2003 Agreement, certain payment defaults existing under the 1994 Agreement, totaling approximately $3.6 million (the "1994 Payment Defaults"), were to be forgiven, provided Winn-Dixie performed under and in accordance with the terms of the 2003 Agreement.  In the event that Winn-Dixie defaulted under the 2003 Agreement, Winn-Dixie would be required to repay a pro-rated portion of the 1994 Payment Defaults.

---

[2] *See,* Motion for Authority (A) to Prepare a Consolidated List of Creditors and a List of Equity Security Holders in Lieu of a Matrix, (b) to File a Consolidated List of the Fifty Larges General Unsecured Creditors, and (C) to Mail Initial Notices.

3

12.     On the Petition Date, Winn-Dixie was in default under the terms of the 2003 Agreement by, among other reasons, failing to make timely payments under the 2003 Agreement.  As of the Petition Date, Winn-Dixie owed Konica approximately $1.2 million in connection with open invoices for paper and consumables purchased from Konica.

13.     As a result of these defaults, Konica estimates that the pro-rated portion of the 1994 Payment Defaults owing to Konica is approximately $2.3 million.  This amount is in addition to the $1.2 million payment default which existed on the Petition Date, as noted above.

14.     After the Petition Date, the Debtors were having difficulty performing under the terms of the 2003 Agreement.  As a result of their inability to perform, and in derogation of their obligations under the 2003 Agreement, the Debtors began purchasing color photographic paper and processing chemicals from another supplier.  During discussions between the parties regarding this default, Winn-Dixie requested that Konica consider modifying the terms of the parties' relationship relative to Winn-Dixie's photo processing business.  In essence, Winn-Dixie acknowledged that the terms of the 2003 Agreement no longer made business or financial sense for the Debtors.

15.     In response to this request, the parties executed that the Non-Binding Letter of Intent between Winn Dixie Stores, Inc. and Konica Minolta Photo Imaging U.S.A., Inc., executed September 1, 2005 (the "LOI").  A true and correct copy of the LOI is attached hereto and incorporated herein by this reference as Exhibit B.

16.     Pursuant to the LOI, Konica agreed to modify the pricing terms of the 2003 Agreement effective August 1, 2005.  The LOI represented a significant reduction in paper and product costs for the Debtors.  The parties also agreed they would, for a period of 120 days from

the date of the LOI's execution, attempt to formalize a new agreement. The 120 days expired as of December 31, 2005. Despite the parties' best efforts, they were unable to reach a mutually agreeable replacement contract.

17. As of January 1, 2006, the pricing terms reverted to the terms set forth in the 2003 Agreement. Since that time, the Debtors purchase volumes per store have continued to erode from pre-petition levels. Under the terms of the 2003 Agreement, purchase volumes at these levels require the Debtors to purchase paper at the cost of $.49/square foot, yielding a product cost in excess of their selling price at retail. Moreover, quarterly lease and service billings of $1,018,093.14 were invoiced on January 3, 2006, which, according to the 2003 Agreement, are due upon receipt, remain unpaid. Inquiries to the Debtors as to the status of paying these invoices remain unanswered.

18. In light of the (i) admissions by Winn-Dixie of its inability to perform under the 2003 Agreement, (ii) the millions of dollars due and owing under 2003 Agreement; and (iii) the continuing defaults of Winn-Dixie both under the terms of not only the 2003 Agreement and the LOI, Konica respectfully asserts that it is appropriate to compel the Debtors to assume or reject the 2003 Agreement within ten (10) business days.

## RELIEF REQUESTED

19. By this Motion Konica respectfully requests that the Court enter an Order pursuant to §365(d)(2) of the Bankruptcy Code and Rules 6006 and 9014, substantially in the form attached hereto as Exhibit C, requiring the Debtors to move to assume or assign the 2003 Agreement by a specified date, and specifically requests that the Court require such determination to be made within ten (10) business days of the entry of the Court's Order.

**BASIS FOR RELIEF**

20.    Pursuant to §365(a) of the Bankruptcy Code, a debtor has the right to assume or reject any executory contract.  In the context of a chapter 11 case, the debtor may move to assume or reject an executory contract at any time before the confirmation of a plan or reorganization.  11 U.S.C. §365(d)(2).

21.    This grant of authority is not, however, unfettered.  Pursuant to that same section, "the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." *Id*.

22.    The Bankruptcy Code does not provide any guidance as to how the Court is to determine such a period of time.  Accordingly, bankruptcy courts considering the issue have found that "[w]hat constitutes a reasonable time is left to the bankruptcy court's discretion in light of the circumstances of the case."  In the Matter of Dunes Casino Hotel, 63 B.R. 939, 949 (D.N.J. 1986); *see also*, In re Rebel Rents, Inc., 291 B.R. 520 (Bankr.C.D.Ca. 2003); In the Matter of Travelot Co., 286 B.R. 462 (Bankr.S.D.Ga. 2002); Braniff, Inc. v. GPA Group PLC (In re Braniff, Inc.), 118 B.R. 819, 845 (Bankr.M.D.Fl. 1990).

23.    In the absence of guidelines, the courts have developed certain factors considered in determining what constitutes a reasonable amount of time.

> In determining what constitutes a reasonable time within which a debtor should assume or reject a contract, the court should consider a number of factors, including: "The nature of the interests at stake, the balance of the hurt to the litigants, the good to be achieved, the safeguards afforded those litigants, and whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary."  In re GHR Energy Corp., 41 B.R. 668, 676 (Bankr.D.Mass. 1984), *quoting* In re Midtown

6

> Skating Corp., 3 B.R. 194, 198 (Banrk.S.D.N.Y. 1980).  Above all,
> the court should interpret reasonable time consistent with the broad
> purpose of Chapter 11, which is "it permit successful rehabilitation
> of debtors." NLRB v. Bildisco & Bildisco, 465 U.S. 513, 104 S.Ct.
> 1188, 1194, 79 L.Ed.2d 482 (1984).

Dunes Casino Hotel, 63 B.R. at 949.

24.     As noted above, shortly after the Petition Date, the Debtors approached Konica

requesting that it consider, yet again, an amendment and restatement of the parties' business

relationship.  Thus, it is clear that the Debtors have already analyzed the 2003 Agreement and

determined that the terms are no longer workable for the Debtors.

25.     Konica has acted in good faith in its attempts to accommodate the Debtors'

financial situation.  Notwithstanding, the Debtors found it difficult to abide by the financial terms

of the LOI.  Clearly, an ability to cure a several million dollar arrearage and perform under the

terms of the 2003 Agreement is beyond the Debtors' reach.

26.     As noted above, Konica has continuing obligations under the terms of the 2003

Agreement.  Allowing the Debtors to demand performance from Konica, including service and

technical support and the supply of materials, is extremely prejudicial to Konica, especially

where the Debtors owe millions of dollars under the 2003 Agreement, including post-petition

defaults.  In contrast, the photo finishing business is clearly not the mainstay of the Debtors'

business.  The Debtors should not be allowed to continue to accrue liabilities under the 2003

Agreement in light of the apparent acknowledgement that this business and the business

relationship with Konica no longer makes financial sense for the Debtors.

27.     It has been eleven months since the Petition Date and four months since the

parties' execution of the LOI, which should have been sufficient time for the Debtors to appraise

their financial situation and the value of the Konica relationship.  *See*, <u>Rebel Rents</u>, 291 B.R. at

530 (six months was sufficient time for debtor to assess financial situation and value of lease);

and <u>Travelot</u>, 286 B.R. at 468 (six months sufficient time to determine necessity of major

contract, especially in light of exclusivity expiration).

## CONCLUSION

28.     In light of the foregoing, Konica respectfully asserts that cause exists under

§365(d) of the Bankruptcy Code to compel the Debtors to make the determination as to

assumption or rejection of the 2003 Agreement within ten (10) business days of the Court's

order.

## NOTICE

Notice of this Motion has been provided to: (a) the Office of the United States Trustee,

(b) counsel for the Debtors' post-petition secured lenders, (c) counsel for the Creditors'

Committee, (d) counsel for the Equity Committee, and (e) the parties listed in the Local Rule

1007-2 Parties in Interest List maintained in these cases.  Konica respectfully represents that no

other or further notice need be given.

WHEREFORE, Konica Minolta Photo Imaging U.S.A., Inc. respectfully requests that

this Court enter an Order, substantially in the form submitted herewith, (i) granting this Motion,

(ii) requiring the Debtors to file a motion to assume or reject the 2003 Agreement within ten (10)

business days of the entry of the Order, and (iii) granting such other and further relief as is just

and appropriate.

DATED:  January 19, 2006

/s/ Harley E. Riedel
Harley E. Riedel
Florida Bar No. 183628
Scott A. Stichter
Florida Bar No. 0710679
STICHTER, RIEDEL, BLAIN
  & PROSSER, P.A.
110 Madison Street - Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX
hriedel@srbp.com
sstichter@srbp.com
and
Allison M. Berger
FOX ROTHSCHILD LLP
Princeton Pike Corporate Center
997 Lenox Drive – Building 3
Lawrenceville, New Jersey 08648
(609) 896-3600
(609) 896-1469 FAX
aberger@foxrothschild.com
CO-COUNSEL FOR KONICA MINOLTA
  PHOTO IMAGING U.S.A., INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION OF

KONICA MINOLTA PHOTO IMAGING U.S.A., INC. TO SET SPECIFIC DATE FOR THE

DEBTORS TO ASSUME OR REJECT EXECUTORY CONTRACT PURSUANT TO

§365(d)(2) OF THE BANKRUPTCY CODE has been furnished by the Court's CM/ECF system

or U.S. MAIL on the **19th** day of **January, 2006** to:

Local 1007-2 Parties in Interest Matrix

/s/ Scott A. Stichter
Scott A. Stichter
Florida Bar No. 0710679

H:\User\Winn Dixie - Konica Minolta\Miscellaneous\set specific date assume reject executory contract motion.DOC 1/19/2006 12:26 PM