Hearing Date: January 23, 2006, 2:00 p.m.

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |
| ) | |

**DEBTORS' RESPONSE IN OPPOSITION
TO SARRIA ENTERPRISES, INC.'S
MOTION FOR RELIEF FROM STAY**

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), file this response in opposition to the Motion for Relief from Stay filed by Sarria Enterprises, Inc. ("Sarria") and say:

**Background**

1.    Winn-Dixie is a party to a lease dated December 18, 1980 (the "Lease"), governing store number 237 located in Fort Lauderdale, Florida (the "Premises").  At all times relevant to this matter, Sarria was the landlord and Winn-Dixie was the tenant under the Lease.

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Pursuant to this Court's Order Granting Third Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 4682), Winn-Dixie has until March 20, 2006 to assume or reject the Lease.

3. On June 3, 2005, Sarria filed its Motion for Relief from Stay (the "Motion") (Docket No. 1542) by which it seeks relief from the automatic stay to pursue a state court cause of action against the Debtors for the Debtors' alleged default under the Lease. A hearing on the Motion is scheduled for January 23, 2006.

4. Sarria alleges in its Motion that, pursuant to paragraph 37 of the Lease, Winn-Dixie owes the amount of $124,035.70 as Winn-Dixie's pro rata portion of tax liabilities relating to the Premises for the tax years 1999 through 2004 (the "Property Taxes"). Although Sarria alleges that it made its demand for payment of these taxes on January 26, 2005 (26 days prior to the petition date of February 21, 2005), it apparently contends that Winn-Dixie's refusal to pay these taxes constitutes a post-petition default which is cause for this Court to grant Sarria relief from stay and to allow Sarria to pursue its remedies in State Court, including "suit for damages and/or recover possession of the Premises."

**Argument**

5. Sarria's Motion should be denied because (i) Sarria's claims is a pre-petition general unsecured claim, and (ii) Sarria's Motion fails to establish cause sufficient to permit lifting the automatic stay to allow Sarria to pursue an unsecured claim in a non-bankruptcy forum.

6. As stated above, Sarria apparently contends that Winn-Dixie's refusal to pay the Property Taxes constitutes a post-petition default. However, in order for a

debtor-lessee's refusal to pay the property taxes owed under the terms of a lease to constitute a post-petition default of that lease, the property taxes must have 'accrued' post-petition. Otherwise, the landlord's claim for the property taxes is a pre-petition general unsecured claim. *See* Order Denying Application for Payment of Administrative Expenses Filed by Transamerica Life Insurance Company (Docket No. 4182), and accompanying Findings of Fact and Conclusions of Law (Docket No. 4181) (determining that, regardless of when the landlord invoices a lessee's tax liability, the tax liability is pre-petition if it "accrued" pre-petition.). *Accord Handy Andy Home Improvement Ctrs., Inc.*, 144 F.3d 1125, 1126-28 (7th Cir. 1998); *El Paso Props. Corp. v. Gonzales (In re Furr's Supermarkets, Inc.)*, 283 B.R. 60, 68-70 (B.A.P. 10th Cir. 2002); *Newman v. McCrory Corp. (In re McCrory Corp.)*, 210 B.R. 934, 936-40 (S.D.N.Y. 1997); *Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc.)*, 175 B.R. 769, 771-73 (S.D. Fla. 1994).

7. In this case, there is no doubt that the Property Taxes allegedly due to Sarria accrued pre-petition. This fact is conclusively established by the following three factors: (i) the Motion itself states that the Property Taxes Sarria seeks to collect are for the years 1999-2004; (ii) the Motion itself states that Sarria noticed Winn-Dixie of its outstanding tax obligations on January 26, 2005 (almost one month before the Debtors filed their Chapter 11 petition) and; (iii) paragraph 37 of the Lease states that the taxes are payable on demand, which demand was made on January 26, 2005.

8. Because the Property Taxes allegedly owed by Winn-Dixie to Sarria accrued pre-petition, they are unsecured pre-petition obligations, and with regard to the Property Taxes, Sarria is a general unsecured creditor.

9. As an unsecured creditor, Sarria must show extraordinary circumstances to be entitled to relief from the automatic stay. See In re Tristar Automotive Group, Inc., 141 B.R. 41 (Bankr. S.D.N.Y. 1992) (stating that, absent extraordinary circumstances, unsecured creditors are not entitled to relief from the automatic stay).

10. Sarria's Motion fails to allege any grounds for relief from stay other than the Debtors' failure to pay the pre-petition Property Taxes. The Debtors' failure to pay the pre-petition Property Taxes hardly establishes an 'extraordinary circumstance' that would justify lifting the automatic stay.

11. Accordingly, the Debtors respectfully request the Court to enter an order (i) denying the Motion, and (ii) granting such other and further relief as it deems just and proper.

Dated: January 20, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  /s/ D. J. Baker  <br>   D. J. Baker<br>   Sally McDonald Henry<br>   Rosalie W. Gray | By  /s/ James H. Post  <br>   Stephen D. Busey<br>   James H. Post (F.B.N. 175460)<br>   Beau Bowin |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

**Certificate of Service**

I certify that a copy of the foregoing has been furnished electronically and/or by mail to Alan M. Burger, Esq., Burger, Trailor & Farmer, P.A., 1601 Forum Place, Suite 404, West Palm Beach, FL 33401; Michael A. Kaufman, Esq., Law Offices of Michael A. Kaufman, 1601 Forum Place, Suite 404, West Palm Beach, FL 33401; Matthew Barr, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. MacDonald, Esq., Akerman Senterfitt, 50 N. Laura Street, Jacksonville, Florida 32202; and Elena L. Escamilla, Esq., 135 W. Central Boulevard, Suite 620, Orlando, Florida 32806, this 20th day of January, 2006.



*s/James H. Post*
Attorney

00518730