**Hearing Date:  February 9, 2006, 1:00 p.m.**
**Objection Deadline: February 2, 2006, 4:00 p.m.**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING (I) RETROACTIVE REJECTION OF LEASE WITH INGHAM ASSOCIATES, LP AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (together with Winn-Dixie collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a), and 554(a) approving and authorizing the Debtors to reject a non-residential real property lease effective retroactively and to abandon related personal property (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.    The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner.  On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.  Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores.  To date, the Debtors have sold or closed over 300 stores.

4.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.    The statutory predicates for the relief requested in the Motion are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code.

**The Lease**

6.    Winn- Dixie, as tenant, and Lincoln Trust Company as Trustee for the John C. Strougo Keough Retirement Plan ("Lincoln Trust"), as landlord, are party to an unexpired lease

of non-residential real property dated January 1, 1987 (the "Lease").  By assignment dated

September 29, 1995, Lincoln Trust assigned all of its right, title and interest in the Lease to

Ingham Associates, LP (the "Landlord").  The Lease relates to property located at U.S. 1 Henry

Smith Road in Hilliard, Florida (the "Premises")[2].

7.      The Debtors operated a grocery store at the Premises for several years before

closing it in May, 1997.  The Debtors then marketed the Premises for approximately three years

before securing a subtenant.   In addition to the excessive length of time it took the Debtors to

secure the subtenant, these marketing efforts were only partially successful in that the income

paid to the Debtors by the subtenant under the sublease equaled only approximately fifty percent

of Winn-Dixie's occupancy cost obligations to the Landlord under the Lease.  The subtenant

occupied the Premises for approximately five years, but has since surrendered possession of the

Premises and the store at the Premises is now "dark."

8.      In approximately July, 2005 Winn-Dixie notified the Landlord that it wished to

terminate the Lease.  Thus, the Landlord has been on notice since that time of the Debtors' intent

to surrender the Premises.  The Landlord urged the Debtors to delay termination and to pay rent

through November, 2005, at which time the Landlord indicated it would execute a termination of

the Lease (effective as of November 30, 2005) and forego the assertion of any rejection damage

claim (the "Proposed Lease Termination Agreement").  Winn-Dixie relied upon the Landlord's

indication that it would execute the Proposed Lease Termination Agreement as of November 30,

2005.  Indeed, but for the Landlord's agreement to do so, the Debtors would have rejected the

Lease in September, 2005.  Notwithstanding the Landlord's expressed assurance that it would

agree to terminate the Lease as of November 30, 2005, the Landlord has been unresponsive to

the Debtors' repeated requests over the least several months to execute the Proposed Lease

---

[2]        The Debtors refer to the Premises, internally, as Store Number 62.

3

Termination Agreement.   For this reason, and in light of the fact that the Debtors' previous marketing efforts with respect to the property demonstrate that future marketing efforts would fail to produce an opportunity to assume and assign the Lease on beneficial economic terms, the Debtors believe that rejection of the Lease represents the optimal course of action for the Debtors' estates and its creditors.

### Relief Requested

9.      By this Motion the Debtors seek an order of the Court, pursuant to sections 105(a), 365(a), and 554(a) of the Bankruptcy Code approving and authorizing the rejection of the Lease effective as of November 30, 2005 (the "Effective Date").

10.      To the extent any of the Debtors' personal property remains in the Premises, it is of little or no value to the Debtors' estates.  Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the Effective Date.

### Basis for Relief

11.      Under Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

12.      The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the

"business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to meet and, therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pueblo Chem. Inc. v. II Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13.     Here, the Debtors' business judgment supports rejection of the Lease.  Because of administrative expenses arising from the continuation of the Lease, the Debtors have determined that the Lease is not necessary for a successful reorganization but instead constitutes a burden to the Debtors' estates.  Specifically, the rejection of the Lease will save the Debtors' estates costs with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Lease of approximately $8,600 per month.  Consequently, the Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Lease.

14.     Moreover, because of the Landlord's failure to promptly execute the Proposed Lease Termination Agreement, the Debtors believe the rejection of the Lease should be deemed to be effective on the date (November 30, 2005) the parties had previously agreed would be the

effective date for termination of the Lease.  The Debtors therefore ask that this Court authorize the rejection of the Lease retroactive to the Effective Date.

15.    The relief requested by this Motion is consistent with the type of relief granted by courts.  See, e.g., In re Hale-Halsell Co., No. 04-11677 (Bankr. N.D. Okla. Apr. 23, 2004); In re Git-N-Go, Inc., No. 04-10509 (Bankr. N.D. Okla. March 2, 2004); In re Penn Traffic Co., No. 03-22495 (Bankr. S.D.N.Y. June 18, 2003); see also BP Energy Co. v. Bethlehem Steel Corp. (In re Bethleheem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code).  Accordingly, the present circumstances warrant similar relief in their Chapter 11 cases.

## Rejection Damages

16.    To the extent that the Landlord intends to claim rejection damages as a result of the proposed rejection, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the Order approving this Motion.

## Notice

17.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlord.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A (a) authorizing and approving the rejection of the Lease, effective as of the Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the Premises; (c) establishing a deadline for the Landlord to file a rejection damage claim; and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  January 20, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP

By  ___s/ D. J. Baker_____          By  ___s/ Cynthia C. Jackson_____
      D. J. Baker                              Stephen D. Busey
      Sally McDonald Henry                     James H. Post
      Rosalie Walker Gray                      Cynthia C. Jackson,
      Adam S. Ravin                            Florida Bar Number 498882
Four Times Square                        225 Water Street, Suite 1800
New York, New York 10036                 Jacksonville, Florida  32202
(212) 735-3000                           (904) 359-7700
(212) 735-2000 (facsimile)               (904) 359-7708 (facsimile)
djbaker@skadden.com                      cjackson@smithhulsey.com

Co-Counsel for Debtors                   Co-Counsel for Debtors

**Exhibit A**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING (I) RETROACTIVE
## REJECTION OF LEASE WITH INGHAM ASSOCIATES, LP
## AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

These cases came before the Court for hearing on February 9, 2006 upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (together with Winn-Dixie collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a) and 365 authorizing the rejection by the Debtors of an unexpired non-residential real property lease (the "Lease") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a), and the Lease is deemed rejected, effective as of the Effective Date.

3.      The Debtors shall pay all amounts due under the Lease through the Effective Date.

---

[1]      All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

4.      Claims for any rejection damages resulting from the rejection of the Lease shall be filed no later than thirty (30) days after the date of entry of this Order.

5.      Any interest of any of the Debtors in any personal property remaining in the Premises is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the date of entry of this Order.  To the extent the Landlord seeks to dispose of any such abandoned property, the Landlord shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property.  Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Landlord shall be entitled to dispose of the abandoned property as it deems fit.

6.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Lease, whether or not related to the Lease.

7.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.