Hearing Date: February 9, 2006, 1:00 p.m.
Objection Deadline: February 2, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING
### REJECTION OF EXECUTORY CONTRACTS AND
### UNEXPIRED LEASES, EFFECTIVE AS OF FEBRUARY 9, 2006

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject the executory contracts and unexpired leases set forth on the attached Exhibit A (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast with more than 900 stores in the United States. Since the Petition Date, the Debtors have been engaged in a footprint reduction program and have sold or closed over 300 of their stores.

4. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

**Relief Requested**

6.  By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of the executory contracts and unexpired leases identified on Exhibit A (collectively, the "Contracts")[2] as of February 9, 2006. The Contracts consist of (i) several copier/fax machine lease agreements with General Electric Capital Corporation and/or Berney Office Solutions and two digital copier lease agreements with Lanier Worldwide, Inc. (collectively, the "Equipment Leases"), (ii) an electric service agreement with the Public Works Commission of the City of Fayetteville, North Carolina (the "PWC Agreement"), (iii) an unexpired lease of non-residential real property for store number 1643 that was previously assigned to Buehler Foods Inc. (the "Buehler Lease") and (iv) a real property lease termination agreement with respect to store number 2386 (the "Lease Termination Agreement").

7.  The Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contracts. By rejecting the Contracts, the Debtors will avoid unnecessary expense and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors.

8.  <u>The Equipment Leases</u>. The Debtors' monthly lease payments for the Equipment Leases with Lanier Worldwide, Inc. approximate $350.00. Charges under the remaining Equipment Leases are incurred on a per copy basis. The Equipment Leases are no longer being used or are located in a facility that has been targeted for closing. Due to

---

[2] The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

3

the age of the equipment, the Equipment Leases are not a source of potential value to the Debtors' estates.

9. <u>PWC Agreement</u>.  As part of the Debtors' footprint reduction program, the Debtors have sold or closed all of their stores located in North Carolina.  As a result, electric utility services for such stores have been terminated, and the PWC Agreement, which governed the use of electric service with the City of Fayetteville, is no longer needed by the Debtors.

10. <u>The Buehler Lease and the Lease Termination Agreement</u>.  The Buehler Lease was assigned to Buehler Foods, Inc. ("Buehler") in October 2004.  Winn-Dixie Stores, Inc. remained obligated under the Buehler Lease as a guarantor.  Buehler filed for bankruptcy relief in the United States Bankruptcy Court, Southern District of Indiana, Evansville Division (Case No. 05-70961), and on June 9, 2005 filed a motion to reject its assigned interest in the Buehler Lease.  The rejection, effective as of November 30, 2005, was approved by order dated December 20, 2005.  By rejection, the Debtors seek to relieve the Debtors' estates of any continuing obligations under the Buehler Lease.  Likewise, the rejection of the Lease Termination Agreement, to the extent it is enforceable, will save the Debtors' estates approximately $55,000 per month.  Accordingly, the Debtors are seeking to reject the Buehler Lease and the Lease Termination Agreement, as of February 9, 2006.

**Basis for Relief**

11. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject

executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

12. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Surfside Resort and Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13. The Debtors have satisfied the "business judgment" standard for rejecting the Contracts in the present case. The Debtors' obligations under the Contracts pose continuing monetary obligations to the Debtors' estates. Moreover, the Contracts are unnecessary to the Debtors' ongoing operations, are not a source of potential value for the

Debtors' estates and creditors, and constitute an unnecessary drain on the Debtors' resources. Accordingly, the Debtors' determination that the Contracts should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

14. To the extent that the parties to the Contracts assert rejection damages as a result of the rejection proposed by this Motion, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order entered pursuant to this Motion.

### Notice

15. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the parties to the Contracts. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the rejection of the Contracts, effective as of February 9, 2006 and (ii) grant such other and further relief as the Court deems just and proper.

Dated: January 20, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*  <br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray<br>     Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ Cynthia C. Jackson*  <br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson,<br>     Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

# EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| **Non-Debtor Party** | **Debtor Party** | **Contract** |
|---|---|---|
| General Electric Capital Corporation<br>1961 Hirst Drive<br>Moberly, MO  65270<br><br>and/or<br><br>Berney Office Solutions<br>P.O. Box 210699<br>Montgomery, AL  36121-0699 | Winn-Dixie Stores, Inc. | Agreement No. 6510651-012:<br>-Sharp AR207, serial no. 16501528<br>-Fax unit ARFX2, serial no. 3331918<br>-ARPA1 331154141, serial no. A162D01030953<br><br>Agreement No. 6510651-009:<br>-Savin 9945, serial no. H530710041B<br><br>Agreement No. 6510651-018:<br>-Sharp ARM350, serial no. 16500977<br><br>Agreement No. 6510651-009:<br>-Sharp ARM350, serial no. 16500977<br>-Sharp ARM 450, serial no. 16505727<br>-Sharp AR207, serial no. 16501498<br>-Muratec MFX 1300, serial no. 90006141<br>-Muratec MFX 1300, serial no. 90006143<br><br>No Agreement number available:<br>-Sharp AR152 copier/fax, serial no. 16500545<br>-Sharp AR 275, serial no. 16501878<br>-Sharp AR 275, serial no. 16501818<br>-Sharp AR 207, serial no. 16501548 |
| Lanier Worldwide, Inc.<br>2300 Parklake Drive, NE<br>Atlanta, GA  30345-2979 | Winn-Dixie Stores, Inc. | Lease Agreement for 5613F Digital Copier, dated December 15, 2003<br><br>Lease Agreement for 5645AG Digital Copier dated December 15, 2003 |
| Marshall Planning Mill, Inc.<br>P.O. Box 7066<br>Louisville, KY  40257-0066<br><br>and<br><br>4053 Shelbyville Rd.<br>Louisville, KY  40207 | Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte, Inc. | Lease dated February 15, 1995 for Store No. 1643 located at:<br>Jeffersonville Plaza Shopping Center<br>1710 E. 10th Street, Highway 62<br>Jeffersonville, IN |

9

| | | |
|---|---|---|
| Public Works Commission of the City of Fayetteville<br>955 Old Wilmington Rd.<br>P.O. Box 1089<br>Fayetteville, NC 28302-1089 | Winn-Dixie Raleigh, Inc. and/or<br>Winn-Dixie Stores, Inc. | Contract Large General Service and Service Agreement for Contract Large General Service (Electric Service Agreement) |
| Woolbright/SSR Marketplace LLC<br>3200 North Military Trail<br>4th Floor<br>Boca Raton, FL 33431 | Winn-Dixie Stores, Inc. | Lease Buyout Agreement, effective as of September 20, 2004 |

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF FEBRUARY 9, 2006

These cases came before the Court for hearing on February 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of the executory contracts and unexpired leases listed on Exhibit A (collectively, the "Contracts") effective as of February 9, 2006 (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. § 365(a), and the Contracts, to the extent executory, are deemed rejected, effective as of February 9, 2006.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Contracts, whether or not related to the Contracts.

4. Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order. Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

6. The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of February, 2006 in Jacksonville, Florida.

                                                      Jerry A. Funk
                                                      United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

# EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| General Electric Capital Corporation<br>1961 Hirst Drive<br>Moberly, MO 65270<br><br>and/or<br><br>Berney Office Solutions<br>P.O. Box 210699<br>Montgomery, AL 36121-0699 | Winn-Dixie Stores, Inc. | Agreement No. 6510651-012:<br>-Sharp AR207, serial no. 16501528<br>-Fax unit ARFX2, serial no. 3331918<br>-ARPA1 331154141, serial no. A162D01030953<br><br>Agreement No. 6510651-009:<br>-Savin 9945, serial no. H530710041B<br><br>Agreement No. 6510651-018:<br>-Sharp ARM350, serial no. 16500977<br><br>Agreement No. 6510651-009:<br>-Sharp ARM350, serial no. 16500977<br>-Sharp ARM 450, serial no. 16505727<br>-Sharp AR207, serial no. 16501498<br>-Muratec MFX 1300, serial no. 90006141<br>-Muratec MFX 1300, serial no. 90006143<br><br>No Agreement number available:<br>-Sharp AR152 copier/fax, serial no. 16500545<br>-Sharp AR 275, serial no. 16501878<br>-Sharp AR 275, serial no. 16501818<br>-Sharp AR 207, serial no. 16501548 |
| Lanier Worldwide, Inc.<br>2300 Parklake Drive, NE<br>Atlanta, GA 30345-2979 | Winn-Dixie Stores, Inc. | Lease Agreement for 5613F Digital Copier, dated December 15, 2003<br><br>Lease Agreement for 5645AG Digital Copier dated December 15, 2003 |
| Marshall Planning Mill, Inc.<br>P.O. Box 7066<br>Louisville, KY 40257-0066<br><br>and<br><br>4053 Shelbyville Rd.<br>Louisville, KY 40207 | Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte, Inc. | Lease for Store No. 1643 located at:<br>Jeffersonville Plaza Shopping Center<br>1710 E. 10th Street, Highway 62<br>Jeffersonville, IN |

3

4

| | | |
|---|---|---|
| Public Works Commission of the City of Fayetteville<br>955 Old Wilmington Rd.<br>P.O. Box 1089<br>Fayetteville, NC 28302-1089 | Winn-Dixie Raleigh, Inc. and/or<br>Winn-Dixie Stores, Inc. | Contract Large General Service and Service Agreement for Contract Large General Service (Electric Service Agreement) |
| Woolbright/SSR Marketplace LLC<br>3200 North Military Trail<br>4th Floor<br>Boca Raton, FL 33431 | Winn-Dixie Stores, Inc. | Lease Buyout Agreement, effective as of September 20, 2004 |