UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**AGREED ORDER REGARDING THE DANNON
COMPANY, INC.'S MOTION TO LIFT STAY**

This case is before the Court upon the Motion of The Dannon Company, Inc. for

Relief from the Automatic Stay to Allow Setoff of Pre-Petition Debts (Docket No. 2564)

(the "Motion"). The Court finds that (i) notice of the proposed Agreed Order and

Stipulation was served on all interested parties pursuant to Local Rule 2002-4

informing the parties of the opportunity to object to the entry of this order within 15

days of the date of service, and (ii) no party filed an objection. The Court therefore

considers the entry of this order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.    The Motion is granted to the extent provided herein.

2.    The automatic stay is modified for the purpose of allowing The Dannon

Company, Inc. ("Dannon") to setoff debts totaling $770,140.14 which it owes the

Debtors for Unsaleable Goods[1] and Slotting Fees against Dannon's claims against

Winn-Dixie Stores, Inc. Accordingly, the invoices identified in the attached Exhibit A

are deemed to be set off against Dannon's claims against Winn-Dixie Stores.

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in
the Motion.

3.     Claim No. 1294, filed by Dannon in Case No. 05-03817, and Claim No. 5426, filed by Dannon in Case No. 05-03817, are disallowed and expunged in their entirety.

4.     Claim No. 5427 filed by Dannon against Winn-Dixie Stores, Inc. in Case No. 05-03817 is reduced to the amount of $141,734.24 as set forth in the attached Exhibit B and deemed to be an allowed claim as follows:

   1.     $114,294.49 of Claim No. 5427 shall be deemed to be an allowed reclamation claim payable in full as an administrative claim under Section 503 of the Bankruptcy Code.  Dannon shall not seek payment on such claim prior to confirmation of a reorganization plan or conversion of these cases; and

   2.     $27,439.75 of Claim No. 5427 shall be deemed to be an allowed unsecured claim payable pursuant to a confirmed reorganization plan or conversion of these cases.

5.     Except as expressly provided herein and subject to the terms of the Stipulation, this Agreed Order resolves all liabilities and obligations Dannon has or may have against the Debtors related to Claim Nos. 1294, 5426 and 5427.

6.     Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect.

7.     Logan & Company, Inc., the claims agent appointed in the Debtors' Chapter 11 cases is directed to make such revisions to the claims register as is necessary to reflect the terms of the Agreed Order.

2

8.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ___17___ day of __January__, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

Edwin W. Held, Esq.
John Macdonald, Esq.
James H. Post, Esq.
United States Trustee

509204

3

**Dannon - Winn-Dixie**
**Unpaid Invoices**

| Invoice Date | Invoice Number | Amount | Running Total | |
|---|---|---|---|---|
| 11/19/04 | 8100084071 | $4,409.14 | | |
| 11/19/04 | 0000000000 | $20,687.60 | $25,096.74 | |
| 03/15/05 | 8100106777 | $203.86 | $25,300.60 | |
| 03/16/05 | 8100106994 | $1,496.88 | $26,797.48 | |
| 03/18/05 | 8100107494 | $990.79 | $27,788.27 | |
| 01/25/05 | 8100096278 | $11,808.88 | $39,597.15 | |
| 02/01/05 | 8100097873 | $38,791.21 | $78,388.36 | |
| 02/01/05 | 8100097874 | $24,821.22 | $103,209.58 | |
| 02/01/05 | 8100098148 | $16,304.80 | $119,514.38 | |
| 02/02/05 | 8100098147 | $11,313.30 | $130,827.68 | |
| 02/04/05 | 8100098825 | $17,270.71 | $148,098.39 | |
| 02/05/05 | 8100098708 | $27,132.74 | $175,231.13 | |
| 02/05/05 | 8100098990 | $36,814.71 | $212,045.84 | |
| 02/07/05 | 8100098991 | $24,450.64 | $236,496.48 | |
| 02/07/05 | 8100098992 | $34,987.76 | $271,484.24 | |
| 02/07/05 | 8100099072 | $17,087.61 | $288,571.85 | |
| 02/07/05 | 8100099073 | $43,753.78 | $332,325.63 | |
| 02/08/05 | 8100099258 | $27,500.78 | $359,826.41 | |
| 02/08/05 | 8100099259 | $11,877.91 | $371,704.32 | |
| 02/08/05 | 8100099260 | $33,272.49 | $404,976.81 | |
| 02/08/05 | 8100099261 | $32,179.15 | $437,155.96 | |
| 02/08/05 | 8100099262 | $39,503.21 | $476,659.17 | |
| 02/08/05 | 8100099263 | $20,851.15 | $497,510.32 | |
| 02/08/05 | 8100099264 | $33,553.25 | $531,063.57 | |
| 02/08/05 | 8100099371 | $39,819.31 | $570,882.88 | |
| 02/09/05 | 8100099579 | $11,199.87 | $582,082.75 | |
| 02/09/05 | 8100099580 | $17,325.82 | $599,408.57 | |
| 02/09/05 | 8100099581 | $13,883.12 | $613,291.69 | |
| 02/09/05 | 8100099582 | $17,791.78 | $631,083.47 | |
| 02/09/05 | 8100099583 | $6,298.78 | $637,382.25 | |
| 02/09/05 | 8100099902 | $12,431.06 | $649,813.31 | |
| | | | | $649,813.31 |
| 02/15/05 | 8100100970* | $22,212.67 | $813,760.22 | |
| 02/15/05 | 8100100972 | $22,209.56 | $835,969.78 | |
| 02/16/05 | 8100101168 | $15,718.53 | $851,688.31 | |
| 02/18/05 | 8100101630 | $33,623.52 | $885,311.83 | |
| 02/18/05 | 8100101780 | $26,562.55 | $911,874.38 | |
| | | | | $120,326.83 |
| | | | | $770,140.14 |

*This $28,523.15 invoice was split so that $22,212.67 was paid by the set-off and $6,310.48 remains unpaid.

**EXHIBIT A**

**Dannon - Winn-Dixie**
**Unpaid Invoices**

| Invoice Date | Invoice Number | Amount | Running Total |
|---|---|---|---|
| 02/11/05 | 8100100330 | $2,434.39 | $652,247.70 |
| 02/11/05 | 8100100467 | $13,388.42 | $665,636.12 |
| 02/12/05 | 8100100329 | $14,493.35 | $680,129.47 |
| 02/14/05 | 8100100969 | $26,086.21 | $706,215.68 |
| 02/14/05 | 8100100971 | $30,819.40 | $737,035.08 |
| 02/15/05 | 8100100871 | $10,608.68 | $747,643.76 |
| 02/15/05 | 8100100872 | $37,593.31 | $785,237.07 |
| 02/15/05 | 8100100970* | $6,310.48 | |
| | | | $141,734.24 |

*This $28,523.15 invoice was split so that $22,212.67 was paid by the set-off and $6,310.48 remains unpaid.

**EXHIBIT B**

**BAE SYSTEMS**

Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: cartes           Page 1 of 1              Date Rcvd: Jan 18, 2006
Case: 05-03817              Form ID: pdfdoc         Total Served: 4

The following entities were served by first class mail on Jan 20, 2006.
aty         +Edwin W. Held, Jr.,   1301 Riverplace Blvd., Ste. 1916,   Jacksonville, FL 32207-9024
aty         +James H. Post,   Smith Hulsey & Busey,   225 Water St., Suite 1800,   Jacksonville, FL 32202-4494
aty         +John B. Macdonald,   Akerman Senterfitt,   50 North Laura Street,   Suite 2500,
             Jacksonville, FL 32202-3646
ust         +United States Trustee - JAX,   135 W. Central Blvd., Suite 620,   Orlando, FL 32801-2476

The following entities were served by electronic transmission.
NONE.                                                                           TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jan 20, 2006**          **Signature:**    _Joseph Speetjens_