UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re | Chapter 11 |
| | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., | (Jointly Administered) |
| *et al.*, | Claim Amount: $625,888.35 |
| | Claim No.: 8160 |
| Debtors | |

NOTICE OF PARTIAL TRANSFER OF CLAIM PURSUANT TO FRBP RULE 300 l(e)

TRANSFEROR:	Wells Fargo Bank Northwest, National Association, as Trustee
MAC U1228-120
299 South Main Street, 12th Floor
Salt Lake City, UT 84111

**PLEASE TAKE NOTICE** of the transfer of all right, title and interest in an undivided $150,213.20 portion of Claim 8160 held by Wells Fargo Bank Northwest, National Association, as Trustee ("Transferor") against Winn-Dixie Stores, Inc., arising from the rejections of leases with regard to Winn-Dixie store no. 2457 (the "Transferred Interest") as evidenced by the attached Exhibit A to:

TRANSFEREE:	The Paul Revere Life Insurance Company
c/o UnumProvident
2211 Congress Street, C244
Portland, ME 04122
Attention: Shelley Stuart Carvel

No action is required if you do not object to the transfer of the Transferred Interest as described above.

**IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED INTEREST, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

**FILE A WRITTEN OBJECTION TO THE TRANSFER with:**
Clerk of the Court, United States Bankruptcy Court
Middle District of Florida, Jacksonville Division
300 N. Hogan Street
Suite 3-350
Jacksonville, Florida 32202

**SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

Refer to INTERNAL CONTROL NO._____ in your objection.

If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

_____
Clerk of the Court

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 200_.
INTERNAL CONTROL NO. _____, Copy (check): Claims Agent:_____
Transferee: _____ Debtor's Attorney _____ Deputy Clerk _____

## Exhibit A

## Evidence of Transfer of Claim

## ASSIGNMENT AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

December 30, 2005

TO:   THE DEBTORS AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Bank Northwest, National Association, as Trustee** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to the Assignee set forth on Schedule A hereto (in the amounts set forth thereon) (the "Assignee") (i) all rights, titles, interests, collateral security, claims and causes of action in and to, or arising under or in connection with the Transferred Claim (as defined below) against **Winn-Dixie Stores, Inc., et al.** (collectively, the "Debtors"), as applicable and as indicated in the definition of Transferred Claim below, each a debtor-in-possession in the chapter 11 reorganization case entitled, *In re: Winn-Dixie Stores, Inc., et al.* Chapter 11 Case No. 05-03817-3F1 *(Jointly Administered)*, pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), and (ii) 24% of all rights, titles, interests, collateral security, claims and causes of action in and to, or arising under or in connection with that certain Lease Agreement dated as of March 4, 1998 (the "Lease Agreement") between Winn-Dixie Texas, Inc. as tenant and DBT Porcupine WD2 (as successor to Principal Mutual Life Insurance Company) in respect of Winn-Dixie Store Number 2457 (Halthom City, TX) and the related Guaranty of Lease Obligations dated as of March 9, 1998 by Winn Dixie Stores, Inc.

For purposes of this Evidence of Transfer of Claim (this "Agreement"), the "Transferred Claim" shall be the as follows:

> An undivided **USD $150,213.20** portion of the bankruptcy claim designated as "Claim 8160" ("Claim 8160"), which is an amount representing 24% of the face amount of Claim 8160, against Debtors arising from the rejection of the Lease Agreement.

Assignor hereby waives any objection to the transfer of the Transferred Claim to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claim and recognizing the Assignee as the sole owner and holder of the Transferred Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed as of the date first written above.

**WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, AS TRUSTEE**

By:_____
Name:
Title:


**THE PAUL REVERE LIFE INSURANCE COMPANY**

By: _/s/ John J. Iwanicki_____
Name: John J. Iwanicki
Title: Vice President and Treasurer

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed as of the date first written above.

**WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, AS TRUSTEE**

By: _____
Name:
Title:

**THE PAUL REVERE LIFE INSURANCE COMPANY**

By: _____
Name: John J. Iwanicki
Title: Vice President and Treasurer

**Schedule A to Evidence of Transfer of Claim**

**Assignee**

The Paul Revere Life Insurance Company

**Address**

The Paul Revere Life Insurance Company
c/o UnumProvident
2211 Congress Street, C244
Portland, ME 04122
Attention: Shelley Stuart Carvel