UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

In re: WINN DIXIE STORES, INC., et al.        Case No. 05-03817-3F1

COURT ID (Court use only)

**NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

CLAIM 6665 HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a), in the amount of $1,832,411.24.  Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the all right title and interest in an undivided $1,392,632.54 portion of Claim 6665 as evidenced by the attached <u>Exhibit A</u>.  **This represent a partial transfer of Claim 6665.**

| | |
|---|---|
| Name of Transferee:<br>SOF Investments, LP | Name of Transferor:<br>WCJ Davis, Ltd., pre-petition assignee of DBT Porcupine WD2 and DBT Porcupine WD3 |
| Name and Address where notices to transferee should be sent:<br>SOF Investments, LP<br>c/o MSD Capital, L.P.<br>645 Fifth Avenue, 21st Floor<br>New York, NY 10022-5910<br>Attn:  Marc R. Lisker, Esq.<br><br>Phone:<br>Last Four Digits of Acct #:_____<br><br>Name and Address where transferee payments should be sent (if different from above) | Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct #:_____<br><br>Name and Current Address of Transferor<br>WCJ Davis, Ltd., pre-petition assignee of DBT Porcupine WD2 and DBT Porcupine WD3<br>c/o Theodore Mack<br>Bracket & Ellis, P.C.<br>100 Main Street<br>Fort Worth, TX 76102-3090 |

Court Claim #:  6665
Date Claim Filed:  7/15/05

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ Steven M. Abramowitz            Date:  January 25, 2006
        Transferee's Agent

**-- DEADLINE TO OBJECT TO TRANSFER --**

The transferor of claim named above is advised that this Notice of Partial Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer.  Objections must be filed with the court within twenty (20) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____        _____
                                                                                                                        CLERK OF THE COURT

# Exhibit A

# Evidence of Partial Transfer of Claim

Case 3:05-bk-03817-JAF    Doc 5310    Filed 01/25/06    Page 2 of 8

## ASSIGNMENT AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

December 30, 2005

TO:   THE DEBTORS AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **WCJ Davis 99, Ltd.** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to the Assignee set forth on Schedule A hereto (in the amounts set forth thereon) (the "Assignee") (i) all rights, titles, interests, collateral security, claims and causes of action in and to, or arising under or in connection with the Transferred Claim (as defined below) against **Winn-Dixie Stores, Inc., et al.** (collectively, the "Debtors"), as applicable and as indicated in the definition of Transferred Claim below, each a debtor-in-possession in the chapter 11 reorganization case entitled, *In re: Winn-Dixie Stores, Inc., et al. Chapter 11 Case No.* 05-03817-3F1 *(Jointly Administered)*, pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), and (ii) 76% of all rights, titles, interests, collateral security, claims and causes of action in and to, or arising under or in connection with (a) that certain Lease Agreement dated as of March 4, 1998 between Winn-Dixie Texas, Inc. as tenant and DBT Porcupine WD2 (as successor to Principal Mutual Life Insurance Company) in respect of Winn-Dixie Store Number 2457 (Halthom City, TX) and the related Guaranty of Lease Obligations dated as of March 9, 1998 by Winn Dixie Stores, Inc. and (b) that certain Lease Agreement dated as of March 4, 1998 between Winn-Dixie Texas, Inc. as tenant and DBT Porcupine WD3 (as successor to Principal Mutual Life Insurance Company) in respect of Winn-Dixie Store Number 2443 (North Richland Hills, TX) and the related Guaranty of Lease Obligations dated as of March 9, 1998 by Winn Dixie Stores, Inc.

For purposes of this Evidence of Transfer of Claim (this "Agreement"), the "Transferred Claim" shall be the as follows:

An undivided **USD $1,392,632.54** portion of the bankruptcy claim designated as "Claim 6665" ("Claim 6665") (the proof of claim of which contains a misspelling of the Creditor's name as "WCJ Davis, Ltd.", rather than "WCJ Davis 99, Ltd."), which is an amount representing 76% of the face amount of Claim 6665, against Debtors arising from the rejections of leases with regard to Winn-Dixie Store No. 2443 and Winn-Dixie Store No. 2457.

Assignor hereby waives any objection to the transfer of the Transferred Claim to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claim and recognizing the Assignee as the sole owner and holder of the Transferred Claim.

Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Assignee.

The Transferred Claim is based on amounts owed to Assignor by Debtor and this assignment shall be deemed an absolute and unconditional assignment of the Transferred Claim for the purposes of collection and shall not be deemed to create a security interest.

Assignor represents and warrants that no objection by the Debtors or any other person or entity to Claim 6665 has been filed as of the date hereof that no payment or other distribution has been received by Assignor, by any affiliate of Assignor or any third party claiming through Assignor, from any person or entity in full or partial satisfaction of, or in connection with, Claim 6665, and that Assignor has not previously assigned, sold or pledged any interest with respect to Claim 6665 or any portion thereof to any third party (except as described on Schedule B).

Assignor further represents and warrants that: (i) the face amount of Claim 6665 is not less than $1,832,411.24, (ii) to its knowledge there is no basis for any objection to Claim 6665 or any portion thereof by the Debtors or any other person or entity, (iii) to its knowledge, Claim 6665 is a valid, enforceable claim against the Debtors; (iv) no consent, approval, filing or corporate partnership or other action is required as a condition to or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor; (v) this Agreement has been duly authorized, executed and delivered by Assignor, and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; (vi) this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; (vii) Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of Claim 6665 proportionately less payments or distributions or less favorable treatment than other general unsecured creditors of the Debtors; (ix) the Claim is not subject to any factoring agreement; and (x) Assignor owns and has title to Claim 6665 free from any and all liens, security interests or encumbrances of any kind or nature whatsoever; and there are no offsets or defenses that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of Claim 6665 or to impair its value.

Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed as of the date first written above.

ASSIGNOR:

WCJ DAVIS 99, LTD.

By: WCJ Development, LC, its general partner

Name: W. Douglas Jennings
Title: Manager

ASSIGNEE:

SOF INVESTMENTS, L.P.

By: _____
Name: Marc R. Lisker
Title: General Counsel and Manager

**Schedule A to Evidence of Transfer of Claim**

**Assignee**

SOF Investments, LP

**Address**

SOF Investments, LP
c/o MSD Capital, L.P.
645 Fifth Avenue, 21st Floor
New York, NY 10022-5910
Attn: Marc R. Lisker, Esq.

**Schedule B to Evidence of Transfer of Claim**

**Other Assignment of Claim 6665**

Assignment of an undivided $439,778.70 portion of Claim 6665 to The Paul Revere Life Insurance Company, effected simultaneously to the assignment effected pursuant to this Agreement.