**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al.,) | | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR**
**CONTINUANCE OF EVIDENTIARY HEARING**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for an order continuing the hearing on the Motion for Adequate Protection filed by the Florida Tax Collectors (Docket No. 4284), presently scheduled for March 1, 2006, and in support thereof say:

**Background**

1.    On November 21, 2005, the Florida Tax Collectors[2] filed a Motion for Adequate Protection (the "Motion") by which they requested this Court to enter an order directing the Debtors to pay into escrow the full amount of the Debtors' 2005 ad valorem property taxes as assessed by various county property appraisers--approximately seventy-

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] The term "Florida Tax Collectors" refers to all the county tax collectors named in the Florida Tax Collectors' Motion for Adequate Protection.

million dollars ($70 million)--at approximately 395 store locations located throughout Florida.

2.      The Florida Tax Collectors seek to compel the Debtors to put monies into escrow for taxes which, as a matter of law, are not required to be paid prior to April 1, 2006 (the "April 1 Due Date").  See Florida Statutes, § 197.333 (2005).

3.      Although the Motion was initially scheduled for hearing with other lift stay motions on January 9, 2006, counsel for the Debtors and the Florida Tax Collectors agreed that the Motion raised legal and factual issues which warranted a specially set evidentiary hearing.

4.      The Debtors requested that the evidentiary hearing be scheduled for some time after the April 1 Due Date.  Moreover, prior to April 1, 2006, the Debtors intend to pay a substantial amount of the 2005 ad valorem taxes and to contest the remaining taxes pursuant to Section 505 of the Bankruptcy Code.  The Debtors advised the Florida Tax Collectors that conducting an evidentiary hearing prior to the expiration of the April 1 deadline would likely result in a significant waste of time and resources because the parties will not know for a certainty until after April 1, 2006 what portion of the ad valorem taxes at the approximately 395 stores will be in dispute.

5.      In spite of the Debtors' request for a post-April 1 hearing, the Florida Tax Collectors nevertheless unilaterally scheduled a three-hour evidentiary hearing before this Court on its Motion for March 1, 2006 at 9:00 a.m.

## Argument

6.      The March 1 hearing on the Motion should be continued until after April 1, 2006 because (i) prior to the April 1 Due Date, the Motion presents no case or controversy required for federal jurisdiction, and (ii) the just, speedy and inexpensive determination of this contested matter requires the adjudication of the issues raised by the Motion only after the April 1 Due Date has passed and the parties are able to identify what portion of the $70 million of tax liabilities and which of the approximately 395 stores will be at issue.  In short, an evidentiary hearing on the Motion would be premature and a significant waste of time and resources for the Court and the parties.

### The Motion presently presents no case or controversy.

7.      In their Motion, the Florida Tax Collectors request immediate payment by the Debtors of all 2005 ad valorem taxes allegedly owed.  Because such taxes are not required to be paid prior to the April 1 Due Date, the Motion does not presently present a case or controversy required for federal jurisdiction.

8.      As noted by the Eleventh Circuit, to satisfy the "case or controversy" requirement, "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11th 1999)(citations omitted).   See also, O'Halloran v. First Union Bank of Florida, 350 F.3d 1197, 1202 (11th Cir. 2003)(stating that, to present a case or controversy, "a Plaintiff must, generally speaking, demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.") (quoting Bennett v. Spear,

520 U.S. 154, 162 (1997)) (internal quotation marks and citations omitted).  Since the taxes that the Florida Tax Collectors seek to collect are not required to be paid until the April 1 Due Date, the withholding of payment by the Debtors' until the April 1 deadline does not result in any present injury in fact to the Florida Tax Collectors.

9.      In addition, the Florida Tax Collectors have failed to allege any real, immediate, and definitive threat of future injury.  See Malowney, 193 F.3d at 1347.  The closest the Florida Tax Collectors come to describing any possible future injury is their speculation that, "[i]t *appears*…the Debtors…*may* be planning some new procedural format to contest Florida ad valorem property taxes." (Motion; par. 5, page 4).  Such speculation is not only inaccurate, (as the Debtors plan to seek relief consistent with pertinent Bankruptcy Code provisions and applicable substantive Florida law), but also fails to meet the Eleventh Circuit standard for establishing a case or controversy with regard to the Debtors' 2005 ad valorem tax liability.   See Malowney, 193 F.3d at 1347 (stating that the possibility that a future injury may happen is not sufficient to satisfy the 'case or controversy' requirement for federal jurisdiction.).[3]

**The just, speedy and inexpensive determination of this contested matter requires the continuance of the evidentiary hearing until April 1, 2006.**

10.      The parties will not know until after the April 1 deadline which portion of the Debtors' 2005 ad valorem property taxes on which of its 395 stores will be in dispute. Proceeding with any hearing on the Florida Tax Collectors' Motion for Adequate

---

[3] Ironically, although the Florida Tax Collectors allege that they want to preserve Florida state procedures in the assessment and collection of the Property Taxes, their Motion seeks inappropriate relief which they would not be entitled to under Florida law -- the compulsory payment of the Property Taxes prior to April 1, 2006.

Protection before that deadline therefore will result in a significant waste of time and resources of both parties and this Court.

11.      Congress expressly intended that bankruptcy cases be administered to provide for the "just, speedy and inexpensive determination of every case and proceeding." Rule 1001, Federal Rules of Bankruptcy Procedure. This purpose can only be served by continuing the March 1 hearing until sometime after April 1, 2006, when the parties will know for a certainty which taxes and stores are in dispute.[4]

12.      Because under Florida law the Florida Tax Collectors are not entitled to payment of any taxes until April 1, 2006, they will not be prejudiced by a continuance of this matter.

13.      Accordingly, in the interest of judicial economy, and to promote the just, speedy and inexpensive determination of this matter, the March 1 evidentiary hearing on the Motion should be continued until or after April 1, 2006.

---

[4] If an evidentiary hearing is held on the Motion for Adequate Protection before the parties have ascertained which property taxes are in dispute, both parties will be required to take discovery and present evidence at trial regarding the fair market value of, and the Debtors' equity in, the real and business personal property at each of the approximately 395 stores. The cost of such discovery and adjudication of these issues will be substantial.

## <u>Conclusion</u>

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) continuing the hearing presently scheduled for March 1, 2006 to a date sometime after April 1, 2006, and (ii) granting such further relief as is just and proper.

Dated: January 25, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By    */s/ D. J. Baker*
       D. J. Baker
       Sally McDonald Henry
       Rosalie W. Gray

Four Times Square
New York, New York  10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By    */s/ James H. Post*
       Stephen D. Busey
       James H. Post (F.B.N. 175460)
       Beau Bowin

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

## **Certificate of Service**

I certify that a copy of the foregoing has been furnished electronically and/or by mail to Brian T. Fitzgerald, Esq., Hillsborough County Attorney's Office, P.O. Box 484067, Tampa, Florida 33601-1110; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. MacDonald, Esq., Akerman Senterfitt, 50 N. Laura Street, Jacksonville, Florida 32202; and Elena L. Escamilla, Esq., 135 W. Central Boulevard, Suite 620, Orlando, Florida 32806, and; all other participants using the CM/ECF system who have appeared in this matter, this 25th day of January, 2006



_____*s/James H. Post*_____
Attorney

00519049