UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

In re: WINN DIXIE STORES, INC., et al.        Case No. 05-03817-3F1

COURT ID (Court use only)

**AMENDED NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY**[1]

CLAIM 8160 HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a), in the amount of $625,888.35. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the all right title and interest in an undivided $150,213.20 portion of Claim 8160 as evidenced by the attached Exhibit A. **This represent a partial transfer of Claim 8160.**

| | |
|---|---|
| Name of Transferee:<br>The Paul Revere Life Insurance Company | Name of Transferor:<br>Wells Fargo Bank Northwest, National Association, as Trustee |
| Name and Address where notices to transferee should be sent:<br>The Paul Revere Life Insurance Company<br>c/o UnumProvident<br>2211 Congress Street, C244<br>Portland, ME  04122<br>Attention:  Shelley Stuart Carvel<br><br>Phone:<br>Last Four Digits of Acct #:_____<br><br>Name and Address where transferee payments should be sent (if different from above) | Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct #:_____<br><br>Name and Current Address of Transferor<br>Wells Fargo Bank Northwest, National Association, as Trustee<br>MAC U1228-120<br>299 South Main Street, 12th Floor<br>Salt Lake City, UT 84111 |

Court Claim #:  8160
Date Claim Filed:  7/26/05

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Steven M. Abramowitz        Date:  January 25, 2006
     Transferee's Agent

**-- DEADLINE TO OBJECT TO TRANSFER --**

The transferor of claim named above is advised that this Notice of Partial Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer.  Objections must be filed with the court within twenty (20) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____        _____
                                                                                    CLERK OF THE COURT

---

[1] Amends Partial Transfer of Claim filed January 23, 2006 to provide form more acceptable to clerk's office.

# Exhibit A

# Evidence of Partial Transfer of Claim

## ASSIGNMENT AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

December 30, 2005

**TO:  THE DEBTORS AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo Bank Northwest, National Association, as Trustee** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to the Assignee set forth on Schedule A hereto (in the amounts set forth thereon) (the "Assignee") (i) all rights, titles, interests, collateral security, claims and causes of action in and to, or arising under or in connection with the Transferred Claim (as defined below) against **Winn-Dixie Stores, Inc., et al.** (collectively, the "Debtors"), as applicable and as indicated in the definition of Transferred Claim below, each a debtor-in-possession in the chapter 11 reorganization case entitled, *In re: Winn-Dixie Stores, Inc., et al. Chapter 11 Case No.* 05-03817-3F1 *(Jointly Administered)*, pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), and (ii) 24% of all rights, titles, interests, collateral security, claims and causes of action in and to, or arising under or in connection with that certain Lease Agreement dated as of March 4, 1998 (the "Lease Agreement") between Winn-Dixie Texas, Inc. as tenant and DBT Porcupine WD2 (as successor to Principal Mutual Life Insurance Company) in respect of Winn-Dixie Store Number 2457 (Halthom City, TX) and the related Guaranty of Lease Obligations dated as of March 9, 1998 by Winn Dixie Stores, Inc.

For purposes of this Evidence of Transfer of Claim (this "Agreement"), the "Transferred Claim" shall be the as follows:

> An undivided **USD $150,213.20** portion of the bankruptcy claim designated as "Claim 8160" ("Claim 8160"), which is an amount representing 24% of the face amount of Claim 8160, against Debtors arising from the rejection of the Lease Agreement.

Assignor hereby waives any objection to the transfer of the Transferred Claim to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be prescribed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claim and recognizing the Assignee as the sole owner and holder of the Transferred Claim. Assignor further directs each Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed as of the date first written above.

WELLS FARGO BANK NORTHWEST,
NATIONAL ASSOCIATION, AS TRUSTEE

By: _____
Name:
Title:

THE PAUL REVERE LIFE INSURANCE COMPANY

By: _____
Name: John J. Iwanicki
Title: Vice President and Treasurer

**Schedule A to Evidence of Transfer of Claim**

**Assignee**

The Paul Revere Life Insurance Company

**Address**

The Paul Revere Life Insurance Company
c/o UnumProvident
2211 Congress Street, C244
Portland, ME  04122
Attention:  Shelley Stuart Carvel