UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

BAUMGARDNER-HOGAN, LLC'S
MOTION TO ALLOW LATE FILED CLAIM

Baumgardner-Hogan, LLC (hereafter "Movant"), hereby moves the Court pursuant to Bankruptcy Rule 9006(b)(1) to allow the late filing of the attached Proofs of Claim, and in support thereof states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Movant is in the business of leasing and managing commercial real property.

4. On or about June 19, 1989 Winn-Dixie Raleigh, Inc., a Co-Debtor in this jointly administered action, as successor in interest to Winn-Dixie Charlotte, Inc., (which was successor in interest to Winn-Dixie Midwest, Inc., which was in turn successor in interest to Winn-Dixie Louisville, Inc.) leased from Movant certain real property in Jefferson

<p>

</p>
County, Kentucky, said property being identified by the Debtor as store #1697 / Crums Lane. A copy of the lease is attached as Exhibit A.

5. Concurrent with execution of the aforesaid lease Winn-Dixie Stores, Inc., a Co-Debtor in this jointly administered action, executed a guaranty in favor of Movant of all obligations owed to Movant under the aforesaid lease by Winn-Dixie Louisville, Inc. By an amendment to said lease dated July 26, 1993 Winn-Dixie Stores, Inc. extended that guaranty to include the obligations of successors to and assigns of Winn-Dixie Louisville, Inc. A copy of the guaranty is attached as Exhibit B.

6. On or about October 25, 2004 Winn-Dixie Raleigh, Inc. assigned its interest in the aforesaid lease to Buehler of Kentucky, LLC.

7. On May 4, 2005, Buehler of Kentucky, LLC, together with its affiliates, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana.

8. The United States Bankruptcy Court for the Southern District of Indiana authorized Buehler of Kentucky, LLC, as assignee of Winn-Dixie Raleigh, Inc. to reject the lease for store #1697 effective November 30, 2005.

9. On or about December 15, 2005 this Court authorized the Debtor to reject its guaranty of the aforesaid lease.

10. The order authorizing the aforesaid lease rejection required, pursuant to Bankruptcy Rule 3003, that claims for rejection damages be filed no later than 30 days after the date of entry of the order.

11. Movant failed to file a lease rejection claim against Winn-Dixie Stores, Inc. as guarantor of the said store lease or Winn-Dixie Raleigh, Inc. as assignee of the lease and

County, Kentucky, said property being identified by the Debtor as store #1697 / Crums Lane. A copy of the lease is attached as Exhibit A.

5. Concurrent with execution of the aforesaid lease Winn-Dixie Stores, Inc., a Co-Debtor in this jointly administered action, executed a guaranty in favor of Movant of all obligations owed to Movant under the aforesaid lease by Winn-Dixie Louisville, Inc. By an amendment to said lease dated July 26, 1993 Winn-Dixie Stores, Inc. extended that guaranty to include the obligations of successors to and assigns of Winn-Dixie Louisville, Inc. A copy of the guaranty is attached as Exhibit B.

6. On or about October 25, 2004 Winn-Dixie Raleigh, Inc. assigned its interest in the aforesaid lease to Buehler of Kentucky, LLC.

7. On May 4, 2005, Buehler of Kentucky, LLC, together with its affiliates, filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana.

8. The United States Bankruptcy Court for the Southern District of Indiana authorized Buehler of Kentucky, LLC, as assignee of Winn-Dixie Raleigh, Inc. to reject the lease for store #1697 effective November 30, 2005.

9. On or about December 15, 2005 this Court authorized the Debtor to reject its guaranty of the aforesaid lease.

10. The order authorizing the aforesaid lease rejection required, pursuant to Bankruptcy Rule 3003, that claims for rejection damages be filed no later than 30 days after the date of entry of the order.

11. Movant failed to file a lease rejection claim against Winn-Dixie Stores, Inc. as guarantor of the said store lease or Winn-Dixie Raleigh, Inc. as assignee of the lease and

failed to move the Court for an extension of time within such time due to uncertainty on the part of Movant's Kentucky counsel as to the continuing liability of the Debtors herein, given the myriad conveyances of the leasehold interest in said store.

12. Movant now moves the Court to allow the late filing of a lease rejection claim against guarantor Winn-Dixie Stores, Inc. and assignee Winn-Dixie Raleigh, Inc.

13. The decision to allow a creditor to file an amended claim is within the sound discretion of this Court. See *In re Lanman*, 24 B.R. 741, 743 (Bankr. N.D. Ill. 1982). ("Bankruptcy courts may and should use discretion in allowing proofs of claim to be amended after the time for filing the claims has elapsed"). This Court should be guided by principles of equity to ensure that substance will not give way to form and that technical considerations will not prevent substantial justice from being done. See *In re Candv Braz. Inc.*, 98 B.R. 375, 381 (Bankr. N.D. Ill. 1988).

14. Bankruptcy Rule 3003(c) provides that this Court "for cause shown may extend the time within which proofs of claim or interest may be filed."

15. In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims caused by inadvertence, mistake or carelessness. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*. 507 U.S. 380 (1993). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). Extension of time under the "excusable neglect" standard

is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer.

16. The Debtor herein will not be prejudiced by the delay in the filing of the proposed claim.

17. The length of the delay between the bar date and this Motion is less than twenty days and any delay to or potential negative impact on this proceeding is minimal.

17. Movant has acted in good faith at all times and the benefit to Movant of allowing it to file a late claim greatly outweighs any inconvenience or detriment to the Debtor.

18. A copy of the proposed proofs of claim are attached hereto as Exhibit "C".

WHEREFORE, Movant respectfully moves that this Court enter an order allowing Movant to file the attached proofs of claim, and for such other relief as this Court deems appropriate under the circumstances.

/s/ John W. Harrison, Jr.
John W. Harrison, Jr.
Attorney At Law
2100 Gardiner Lane, Suite 103-B
Louisville, Ky. 40205
(502) 459-8486
johnwharrison@bellsouth.net

- and -

**STUTSMAN & THAMES, P.A.**

By _____
Richard R. Thames
Bradley R. Markey

Florida Bar Number 0718459
Florida Bar Number 0984213
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Counsel for Baumgardner-Hogan, LLC

## Certificate of Service

I certify that on January 27ᵗʰ, 2006, a copy of the foregoing was furnished by mail to the following persons:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard
Room 620
Orlando, Florida 32801

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive
Suite 2540
Tampa, Florida 33602

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia 30308

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036

_____
Attorney

58502