# Exhibit "C"

FORM B10 (Official Form 10) (04/04)

**United States Bankruptcy Court** **Western District of Kentucky**

# PROOF OF CLAIM

Name of Debtor
**Winn-Dixie Raleigh, Inc.**

Case Number
**05-03839-3F1**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Baumgardner-Hogan, LLC

[ ]Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
**Baumgardner-Hogan LLC**
**c/o John W. Harrison, Jr.**
**Attorney at Law**
**2100 Gardiner Lane, Suite 103-B**
**Louisville, Ky. 40205**

Telephone number: (502) 459-8486

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court.

This space is for Court Use Only

Account or other number by which creditor identifies debtor:

Check here if this claim [ ] replaces [ ] amends a previously filed claim, dated: ___________

**1. Basis for Claim**
- [ ] Goods sold
- [ ] Services performed
- [ ] Money loaned
- [ ] Personal injury/wrongful death
- [ ] Taxes
- [X] Other Lease rejection Claim

[ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
[ ] Wages, salaries, and compensation (Fill out below)
Last four digits of SS #: ___________
Unpaid compensation for services performed
from ___________ (date) to ___________ (date)

**2. Date debt was incurred:** 12/15/05

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 470,237.10
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
[ ] Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
[ ] Real Estate [ ] Motor Vehicle
[ ] Other___________

Value of Collateral: $___________

Amount of arrearage and other charges at time case filed included in secured claim, if any $ ___________

**6. Unsecured Nonpriority Claim $ 388,024.03 .**
[X] Check this box if: 1) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
[X] Check this box if you have an unsecured priority claim
Amount entitled to priority $ 82,213.07
Specify the priority of the claim:
- [ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- [ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- [ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- [ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- [ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- [X] Other - Specify applicable paragraph of 11 U.S.C. § 507(a- 1 ).

**Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.*

7. **CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

Date
1/23/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

John W. Harrison, Jr., Counsel for Creditor

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official Form 10) (04/04)

**United States Bankruptcy Court** **Western District of Kentucky**

# PROOF OF CLAIM

Name of Debtor
**Winn-Dixie Stores, Inc.**

Case Number
**05-03817-3F1**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

Baumgardner-Hogan, LLC

[ ]Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
**Baumgardner-Hogan LLC**
**c/o John W. Harrison, Jr.**
**Attorney at Law**
**2100 Gardiner Lane, Suite 103-B**
**Louisville, Ky. 40205**

Telephone number: (502) 459-8486

[ ] Check box if you have never received any notices from the bankruptcy court in this case.

[ ] Check box if the address differs from the address on the envelope sent to you by the court.

This space is for Court Use Only

Account or other number by which creditor identifies debtor:

Check here if this claim [ ] replaces [ ] amends a previously filed claim, dated: ___________

**1. Basis for Claim**
[ ] Goods sold
[ ] Services performed
[ ] Money loaned
[ ] Personal injury/wrongful death
[ ] Taxes
[X] Other Lease rejection Claim

[ ] Retiree benefits as defined in 11 U.S.C. § 1114(a)
[ ] Wages, salaries, and compensation (Fill out below)
Last four digits of SS #: ___________
Unpaid compensation for services performed
from ___________ (date) to ___________ (date)

**2. Date debt was incurred:** 12/15/05

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 470,237.10
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
[ ] Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
[ ] Real Estate [ ] Motor Vehicle
[ ] Other___________

Value of Collateral: $___________

Amount of arrearage and other charges at time case filed included in secured claim, if any $ ___________

**6. Unsecured Nonpriority Claim $ 388,024.03.**
[X] Check this box if: 1) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
[X] Check this box if you have an unsecured priority claim
Amount entitled to priority $ 82,213.07
Specify the priority of the claim:
[ ] Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
[ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
[ ] Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
[ ] Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
[ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
[X] Other - Specify applicable paragraph of 11 U.S.C. § 507(a- 1 ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. $10,000 and 180-day limits apply to cases filed on or after 4/20/05. Pub. L. 109-8.*

7. **CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

Date
1/23/06

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):

John W. Harrison, Jr., Counsel for Creditor

**Winn-Dixie Stores, Inc., Case No. 05-03817-3F1**
**Winn-Dixie Raleigh, Inc., Case No. 05-03839-3F1**

Attachment to Baumgardner-Hogan, LLC
Proof of Claim for Lease Rejection Damages

1. Baumgardner-Hogan (hereafter "Claimant") and Winn-Dixie Louisville, Inc. entered into a lease of real property at 3220 Crums Lane, in Louisville, Jefferson County, Kentucky (a copy of which lease is attached hereto as Exhibit "A").

2. Winn-Dixie Stores, Inc. executed in favor of Claimant a corporate guaranty of the obligations owed to claimant by Winn-Dixie Louisville, Inc.(a copy of which guaranty is attached hereto as Exhibit "B").

3. In 1993 Winn-Dixie Stores Inc. and Winn-Dixie Midwest Inc., as successor in interest to Winn-Dixie Louisville, Inc., executed an amendment of the aforesaid lease, which amendment extended the guaranty of Winn-Dixie Stores, Inc. to incliude successors and assigns of Winn-Dixie Midwest, Inc. (a copy of which amendment is attached hereto as Exhibit "C").

4. In 2004 Winn-Dixie Charlotte, Inc., as successor in interest to Winn-Dixie Midwest, Inc., assigned the leasehold interest to Buehler of Kentucky, LLC.(a copy of which assignment is attached hereto as Exhibit "D").

5. In May 2005 Buehler of Kentucky filed for bankruptcy protection in the Southern district of Indiana (Case Number 05-70964), and pursuant to 11 U.S.C. 365 rejected the subject lease effective November 30th, 2005 (a copy of which rejection is attached hereto as Exhibit "E").

6. Claimant asserts a lease rejection claim in the total amount of $439,541.29 as follows:

| | |
|---|---|
| Section 502(b)(6) damages | $374, 921.94 |
| Section 502 damages not subject to the cap in subsection (b)(6) | $ 13,102.09 |
| Section 503 damages for Administrative claims entitled to priority | $ 82,213.07 |
| Total | $ 470,237.10 |

Administrative Expenses

| Item | Amount |
| --- | --- |
| Mechanics Lien dated 8/29/05 Copy attached | $15,002.74 |
| Mechanics Lien dated 8/18/05 Copy attached | $ 1,224.31 |
| 1st Quarter 2005 CAM charges Itemized statement attached | $ 7,409.49 |
| 2nd Quarter 2005 CAM charges Itemized statement attached | $ 3,657.95 |
| May 2005 rent | $25,162.00 |
| 4th Quarter 2005 CAM and insurance charges (prorated through 11/30/05) Itemized statement attached | $ 4,579.64 |
| 2005 Real Property taxes (due 11/1/05) Tax bill attached | $25,176.94 |
| Total | $82,213.07 |

**AMENDMENT TO LEASE**

**THIS AMENDMENT TO LEASE,** made this 26th day of July, 1993, between **BAUMGARDNER-HOGAN, INC.,** a Kentucky corporation (hereinafter called "Landlord") and **WINN-DIXIE LOUISVILLE, INC.,** a Kentucky corporation (hereinafter called "Tenant"); which terms "Landlord" and "Tenant" shall include, wherever the context admits or requires, singular or plural, and the heirs, legal representatives, successors and assigns of the respective parties;

**W I T N E S S E T H:**

**WHEREAS,** by Lease dated June 19, 1989, Landlord did lease and demise unto Tenant those certain premises, therein more particularly described, located at the southerly corner of the intersection of Cane Run Road and Crums Lane, in the County of Jefferson, and State of Kentucky, for an initial term of twenty (20) years commencing upon a date dependent upon the completion of certain construction, and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of which lease is recorded in Deed Book 6114, Page 683 in the Office of the Clerk of the County Court of Jefferson County, Kentucky; and

**WHEREAS,** a revised plot plan of the demised premises and improvements located thereon has been prepared, and Landlord desires that same shall be substituted for the plot plan of the demised premises presently incorporated into said lease,

**NOW THEREFORE,** it consideration of the sum of Ten and 00/100 Dollars ($10.00) and other good and valuable considerations paid by Landlord to Tenant, the receipt and sufficiency whereof are hereby acknowledged, Landlord and Tenant do hereby agree, each with the other, that said lease dated June 19, 1989, shall be and the same is hereby amended to delete in its entirety reference to "Plot Plan dated April 18, 1989 by Daugherty & Trautwein, Incorporated, Louisville, Kentucky". In lieu thereof is

APPROVED AS TO FORM
Division Mgr.
Legal Dept.
Winn-Dixie Stores, Inc.

hereby substituted in all respects that certain plot plan last revised June 26, 1993, prepared by Birch, Trautwein & Mims, Incorporated, Louisville, Kentucky, entitled "Winn-Dixie 'Marketplace'", attached hereto and marked Exhibit "A". Henceforth, whenever in said lease reference is made to the plot plan, same shall be construed to apply to said plot plan last revised June 26, 1993, marked Exhibit "A", attached hereto and by this reference made a part hereof.

It is mutually understood and agreed that said lease dated June 19, 1989, shall be and remain in full force and effect and unmodified, except as the same is specifically modified and amended hereby. All covenants, terms, obligations and conditions of said lease, not modified or amended by this Amendment of Lease, are hereby ratified and confirmed.

**WINN-DIXIE STORES, INC.**, a Florida corporation, hereinafter called "Guarantor", joins in the execution hereof for the purpose of evidencing its consent to the execution of the within Amendment of Lease by Tenant, its wholly-owned subsidiary corporation, and to further evidence unto Landlord, and Landlord's successors and assigns, the continuing guaranty by Guarantor, and Guarantor's successors and assigns, of the due performance by Tenant, and Tenant's successors and assigns, of Tenant's obligations under said lease dated June 19, 1989, and

the within Amendment of Lease including, without limitation, the payment of rentals.

**IN WITNESS WHEREOF**, the parties hereto have caused this instrument to be executed the day and year first above written.

Signed, sealed and delivered in the presence of:

BAUMGARDNER-HOGAN, INC.

By ______________ PRES.
Its President

Attest ______________ SEC.
Its Secretary

LANDLORD

______________
______________
As to Landlord

WINN-DIXIE LOUISVILLE, INC.

By ______________
Its Vice President

Attest ______________
Its Secretary
(Corporate Seal)

TENANT

______________
______________
As to Tenant

WINN-DIXIE STORES, INC.

By ______________
Its President

Attest ______________
Its Secretary
(Corporate Seal)

GUARANTOR

______________
______________
As to Guarantor

This instrument was prepared by William O. Scaife, Jr., Attorney-at-Law, whose address is 5050 Edgewood Court, Jacksonville, Florida.

______________ Jr.
William O. Scaife, Jr.

STATE OF KENTUCKY )
COUNTY OF STATE AT LARGE )

I, JENNIFER L. BAKKER, a Notary Public in and for the State and County aforesaid, do certify that on this day the foregoing instrument of writing from **BAUMGARDNER-HOGAN, INC.** was produced to me in my County by the parties and acknowledged and delivered before me by LARRY K. BAUMGARDNER, ______ President of **BAUMGARDNER-HOGAN, INC.**, a Kentucky corporation, party thereto, to be the act and deed of said corporation by him as its ______ President, thereunto duly authorized, and the seal of said corporation as affixed to said instrument was attested and proven before me by LARRY K. BAUMGARDNER as its ______ Secretary.

GIVEN under my hand and seal of office this 26th day of JULY, 1993.

My commission expires:
Notary Public, State at Large, KY.
My commission expires Apr. 4, 1994

Notary Public
(NOTARIAL SEAL)

STATE OF FLORIDA )
)
COUNTY OF DUVAL )

I, Laura E. Baughman, a Notary Public in and for the State and County aforesaid, do certify that on this day the foregoing instrument of writing from **WINN-DIXIE LOUISVILLE, INC.** was produced to me in my County by the parties and acknowledged and delivered before me by James Kufeldt, Vice President of **WINN-DIXIE LOUISVILLE, INC.**, a Kentucky corporation, party thereto, to be the act and deed of said corporation by him as its Vice President, thereunto duly authorized, and the seal of said corporation as affixed to said instrument was attested and proven before me by Wayne E. Ripley, Jr. as its — Secretary.

GIVEN under my hand and seal of office this 6th day of August, 1993.

My commission expires:

NOTARY PUBLIC STATE OF FLORIDA

Laura E. Baughman
Notary Public
(NOTARIAL SEAL)

LAURA E. BAUGHMAN
My Comm. Exp. July 17, 1994
Comm. No. CC 021236

STATE OF FLORIDA )
)
COUNTY OF DUVAL )

I, Laura E. Baughman, a Notary Public in and for the State and County aforesaid, do certify that on this day the foregoing instrument of writing from **WINN-DIXIE STORES, INC.** was produced to me in my County by the parties and acknowledged and delivered before me by James Kufeldt, — President of **WINN-DIXIE STORES, INC.**, a Florida corporation, party thereto, to be the act and deed of said corporation by him as its — President, thereunto duly authorized, and the seal of said corporation as affixed to said instrument was attested and proven before me by Wayne E. Ripley, Jr. as its — Secretary.

GIVEN under my hand and seal of office this 6th day of August, 1993.

My commission expires:

NOTARY PUBLIC STATE OF FLORIDA

Laura E. Baughman
Notary Public
(NOTARIAL SEAL)

LAURA E. BAUGHMAN
My Comm. Exp. July 17, 1994
Comm. No. CC 021236

**ASSIGNMENT AND ASSUMPTION OF LEASE**
[Store #1697, 3220 Crums Lane, Louisville, KY]

**THIS ASSIGNMENT AND ASSUMPTION OF LEASE** (this "Assignment") is made as of October 25, 2004 (the "Effective Date"), by and between **WINN-DIXIE CHARLOTTE, INC.** a Florida corporation (hereinafter referred to as "Assignor"), and **BUEHLER OF KENTUCKY LLC**, an Indiana limited liability company, (hereinafter referred to as "Assignee");

**RECITALS:**

A. Assignor has agreed to convey to Assignee certain assets in connection with Assignor's retail supermarket store location described on attached Exhibit A (the "Premises") as more particularly described in the Asset Purchase Agreement dated effective September 29, 2004 by and among Assignor and certain affiliates of Assignor, as seller, Associated Wholesale Grocers, Inc., a Kansas corporation, as buyer ("AWG"), and Winn-Dixie Stores, Inc., in its corporate capacity and as Owner/Trustee of The Dixon Realty Trust 1999-1, a Utah trust, as amended from time to time (the "Agreement").

B. AWG has designated Assignee to assume certain rights and obligations of AWG, as buyer, under the Agreement, and Assignor has agreed to recognize Assignee as the proper transferee of certain assets as described in the Agreement.

C. As part of the purchase and sale of Assignor's assets referenced above, Assignor has agreed to assign to Assignee all of Assignor's right, title and interest, as tenant or lessee, in and to the lease, together with any and all amendments thereto, as described on attached Exhibit A (the "Lease"), and Assignee has agreed to assume and perform certain of Assignor's liabilities and obligations arising under the Lease, all subject to and in accordance with the terms of the Lease, the Agreement and this Assignment;

**NOW, THEREFORE**, in consideration of the premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

1. **RECITALS; DEFINITIONS; EFFECTIVE DATE**. The foregoing Recitals are true and correct and are a material part of this Assignment. Capitalized terms not otherwise defined in this Assignment will have the meanings assigned to such terms in the Agreement. This Assignment will be effective as of the Effective Date.

2. **ASSIGNMENT**. Assignor hereby assigns, transfers, and conveys unto Assignee all of Assignor's right, title, interest and obligation as tenant or lessee in and to the Lease and all of the rights, benefits and privileges of the tenant or lessee thereunder, subject only to certain reserved rights and obligations as otherwise set forth in this Assignment. Assignor hereby agrees that it will remain, and will be, responsible

for all liabilities and obligations of the tenant or lessee that have accrued under the Lease prior to the Effective Date, and Assignor hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignee from and against all liabilities and obligations of the tenant or lessee that have accrued under the Lease prior to the Effective Date.

3. **ASSUMPTION**. Assignee hereby accepts the aforesaid assignment and assumes and agrees to pay and perform all liabilities and obligations of the tenant or lessee that accrue under the Lease from and after the Effective Date, and Assignee hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignor from and against all liabilities and obligations of the tenant or lessee that accrue under the Lease on or after the Effective Date.

4. **ASSIGNOR'S WARRANTY OF TITLE**. Assignor represents and warrants to Assignee that Assignor has good and lawful right, title and interest in the Premises under the Lease, as tenant or lessee thereunder, and has not assigned or subleased its interest, as tenant or lessee under the Lease, other than as provided in this Assignment or the Agreement, that the Lease as described on the attached Exhibit A constitutes the entire lease agreement between Assignor, as tenant or lessee, and the landlord thereunder, and remains in full force and effect, and that Assignor will defend Assignee's interest as tenant or lessee thereunder from and against the lawful claims of all persons claiming by, through or under Assignor, but against none other.

5. **RESERVED RIGHTS; SPECIAL PROVISIONS**.

(a) Enlargement of Assignor's Obligations under Lease. Assignee will not modify or amend the Lease in any manner that would enlarge or expand Assignor's obligations as the primary tenant under the Lease, without the prior written consent of Assignor, which consent shall not be unreasonably withheld. For purposes of illustration and not of limitation, modifications or amendments to the Lease that would require Assignor's consent would include any extension of the Lease term beyond the existing term and any renewal terms presently available under the Lease, or any increase in the rent amounts from those set forth in the existing Lease to the extent that Assignor would be bound therefor as primary tenant under the Lease or as a matter of law.

(b) Insurance Requirements. On or before the Effective Date, Assignee will, to the extent reasonably attainable, furnish to Assignor certificates of insurance (Form ACORD-27 or equivalent) evidencing the insurance coverage required under the Lease, showing Assignor and Landlord as additional insureds, containing waivers of subrogation, and providing for at least 30 days prior notice to Assignor and Landlord of cancellation, material reduction in policy limits, or any other change adverse to Assignor's or Landlord's interests.

(c) Hazardous Materials. Notwithstanding any provision of the Lease to the contrary, Assignee will not be entitled to use the Premises for any activity that is an environmental hazard, meaning the storage, use, processing or disposal of materials considered "hazardous waste" or "hazardous material" under applicable laws relating to protection of the environment, without either (i) providing upon request by Assignor, evidence of compliance with all applicable laws or (ii) obtaining the prior written consent of Assignor, which consent will not be unreasonably withheld. Notwithstanding that Assignor may provide its consent or approval to a particular proposed action by Assignee as contemplated in this paragraph, any such consent or approval will not be controlling over any requirement to obtain consent to such proposed action from Landlord or Lessor under the Lease or from third parties under applicable covenants, easements or restrictions affecting the Premises.

6. RELEASE OF ASSIGNOR. At any time during the term (as the same may be extended under the Lease pursuant to existing options), upon Landlord's execution and delivery to both Assignor and Assignee of an instrument releasing Assignor and its guarantor(s) from their respective obligations under the Lease and under any guaranties of the Lease, accruing from and after the effective date of such release, the provisions of paragraph 5 above will be deemed null and void and of no further force or effect, and thereupon, Assignor will have no further right or interest in the Lease or the Premises.

7. NOTICES. All notices, requests, demands, and other communications required or permitted to be given under this Assignment will be in writing and sent to the address(es) set forth below. Each communication will be deemed duly given and received: (a) as of the date and time the same is personally delivered with a receipted copy; (b) if delivered by U.S. Mail, three (3) days after depositing with the United States Postal Service, postage prepaid by certified mail, return receipt requested; (c) if given by nationally recognized or reputable overnight delivery service, on the next day after receipted deposit with same; or (d) if given by telefax, when the telefax is transmitted to the recipient's telefax number and confirmation of complete receipt is received by the transmitting party during normal business hours for the recipient, or the next business day after confirmation is received by the transmitting party if not during normal business hours for the recipient.

If to Assignor: Winn-Dixie Charlotte, Inc.
Attn: Chief Development Officer
5050 Edgewood Court
P.O. Box B
Jacksonville, FL 32203-0297
Telefax No.: 904 370 6748

With a copy to: Winn-Dixie Stores, Inc.
Attn: General Counsel
5050 Edgewood Court
P.O. Box B
Jacksonville, FL 32203-0297
Telefax No.: 904 783 5138

or to such other address or telefax number as Assignor may direct from time to time.

If to Assignee: Buehler of Kentucky, LLC
Attn: Kris Buehler Massat
P.O. Box 82
1100 West 12th Avenue
Jasper, Indiana 47547-0082
Telefax No.: 812-482-9806

With a copy to: Bingham McHale, LLP
Attn: William J. Kaiser, Jr.
212 West Sixth Street
Jasper, Indiana 47546
Telefax No.: 812-482-2017

or to such other address or telefax number as Assignee may direct from time to time.

8. NOTICE OF ASSIGNMENT. On the Effective Date, Assignor and Assignee will execute and deliver a Notice of Assignment of Lease (in a mutually agreeably form) and record the same in the recording office of the county in which the Premises is located, for the purpose of placing third parties on notice of Assignor's assignment to Assignee of Assignor's right, title and interest as tenant or lessee in and to the Lease, and of the existence of certain limitations on Assignee's rights under the Lease as set forth in this Assignment.

9. BINDING EFFECT. This Assignment will be binding upon and inure to the benefit of Assignor and Assignee, and their respective successors and assigns.

10. FURTHER ASSURANCES. Assignor and Assignee each covenant and agree to execute or procure any additional documents as may be reasonably necessary to establish the rights of the other hereunder.

11. COUNTERPARTS. This Assignment may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

**IN WITNESS WHEREOF,** Assignor and Assignee have executed this Assignment as of the Effective Date.

**Witnesses:**

Print Name: Lucy W. McCook

Print Name: LAURA L. ANDREWS

**ASSIGNOR:**

**WINN-DIXIE CHARLOTTE, INC.**, a Florida corporation

By: ____________________

Name: PAUL NOVAK

Title: Vice President

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this 20th day of October, 2004, by PAUL NOVAK, the Vice President of **WINN-DIXIE CHARLOTTE, INC.**, a Florida corporation, on behalf of the corporation. He is personally known to me.

L. CHERIE BENNETT
MY COMMISSION # DD 065959
EXPIRES: November 6, 2005
Bonded Thru Notary Public Underwriters

Notary Public Signature

____________________
(Name typed, printed or stamped)
Notary Public, State of Florida
Commission No.: ____________________
My Commission Expires: ____________________

[NOTARIAL SEAL]

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

Witnesses:

Kathy L. Danford
Print Name: Kathy L. Danford

Sandra L. Kaye
Print Name: Sandra L. Kaye

**ASSIGNEE:**

**BUEHLER OF KENTUCKY, LLC,** an Indiana limited liability company

By: Kris Buehler Massat
Name: Kris Buehler Massat
Title: Sole Member

STATE OF INDIANA )
COUNTY OF DUBOIS )

The foregoing instrument was acknowledged before me this 25 day of October, 2004, by Kris Buehler Massat, the Sole Member of **BUEHLER OF KENTUCKY, LLC,** an Indiana limited liability company, on behalf of the limited liability company. She either [✓] is personally known to me or [ ] has produced ______________________ as identification.

Kathy L. Danford
Notary Public Signature

Kathy L. Danford
(Name typed, printed or stamped)
Notary Public, State of Indiana
Commission No.: ____________
My Commission Expires: 4-5-08

[NOTARIAL SEAL]

EXHIBIT A
to Assignment and Assumption of Lease

Description of Premises and Lease

STORE #: 1697

STREET ADDRESS: 3220 Crums Lane, Louisville, KY

LEASE: Lease dated as of June 19, 1989, between Baumgardner-Hogan, Inc., as landlord and Winn-Dixie Louisville, Inc., as tenant;

As evidenced by Short Form Lease dated June 19, 1989, recorded in Book 6114, page 663, of the public records of Jefferson County, Kentucky.

Amendment to Lease dated July 26, 1993.

Second Amendment to Lease dated May 27, 1998.

Notice of Merger and Name Change dated as of June 29, 2000, by Winn-Dixie Charlotte, Inc., as successor tenant, recorded in Book 7492, page 771, of the public records of Jefferson County, Kentucky.

DB 08540PG0791

# NOTICE OF ASSIGNMENT OF LEASE

**[Store #1697]**

**THIS NOTICE OF ASSIGNMENT OF LEASE** (this "Notice") is made effective as of October 25, 2004, by and between **WINN-DIXIE CHARLOTTE, INC.**, a Florida corporation ("Tenant"), whose address is 5050 Edgewood Court, Jacksonville, Florida 32254-3699, and **BUEHLER OF KENTUCKY, LLC**, an Indiana limited liability company ("Successor Tenant"), whose address is P.O. Box 82, 1100 West 12th Avenue, Jasper, Indiana 47547-0082.

**RECITALS:**

A. Tenant is the owner and holder of a leasehold interest in certain real property located in Jefferson County, Kentucky, pursuant to that certain lease more particularly described on Exhibit A attached hereto (the "Lease"), a memorandum or short form of which is recorded in Book 6114, page 683, relating to the property more particularly described therein and in Exhibit B attached hereto.

B. Tenant has assigned its interest as tenant under the Lease to Successor Tenant pursuant to Lease Assignment dated effective as of the date hereof (the "Lease Assignment").

C. Tenant and Successor Tenant desire to place third parties on notice of such assignment of Tenant's interest under the Lease to Successor Tenant.

**NOW, THEREFORE**, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Tenant and Successor Tenant state the following:

1. Assignment and Assumption. Notice is hereby given that, pursuant to the Lease Assignment, the entire leasehold estate under the Lease has been assigned to and assumed by Successor Tenant, effective from and after the date of this Notice.

2. Record Notice. This instrument is intended to place third parties on notice of the assignment of the leasehold estate under the Lease to Successor Tenant, its successors and assigns.

3. Counterparts. This Notice may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

**[SIGNATURES ON FOLLOWING PAGES]**

NCS-1100946G

**IN WITNESS WHEREOF,** the parties hereto have signed and sealed these presents the day and year first above written.

**Witnesses:**

Print Name: Lucy W. McCook

Print Name: LAURA L. ANDREWS

**TENANT:**

WINN-DIXIE CHARLOTTE, INC., a Florida corporation

By: ______________________
Name: PAUL NOVAK
Title: Vice President

STATE OF FLORIDA
COUNTY OF DUVAL

This instrument was acknowledged before me on this 20th day of October, 2004, by PAUL NOVAK, the Vice President of **WINN-DIXIE CHARLOTTE, INC.**, a Florida corporation, on behalf of the corporation. He is personally known to me.

L. CHEREE BENNETT
MY COMMISSION # DD 068868
EXPIRES: November 6, 2005
Bonded Thru Notary Public Underwriters

Print Name: ______________________
Notary Public, State of Florida
My Commission No.: ______________________
My Commission Expires: ______________________

[NOTARIAL SEAL]

THIS INSTRUMENT PREPARED BY:

Douglas G. Stanford, Esq.
Smith, Gambrell & Russell, LLP
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
(904) 598-6126

[SIGNATURES CONTINUED ON FOLLOWING PAGE]

BK08540PG0793

**Witnesses:**

[signature]
Print Name: Kathy L. Danford

[signature]
Print Name: Sandra L. Kays

**SUCCESSOR TENANT:**

**BUEHLER OF KENTUCKY, LLC**, an Indiana limited liability company

By: [signature]
Name: Kris Buehler Massat
Title: Sole Member

**STATE OF INDIANA )**
**COUNTY OF DUBOIS )**

The foregoing instrument was acknowledged before me this 25 day of October, 2004, by Kris Buehler Massat, the Sole Member of **BUEHLER OF KENTUCKY, LLC**, an Indiana limited liability company, on behalf of the limited liability company. She has produced an Indiana driver's license as identification.

[signature]
Print Name: Kathy L. Danford
Notary Public, State of Indiana
My Commission No.:
My Commission Expires: 4-5-08

[NOTARIAL SEAL]

DB 0854 PG 0794

# EXHIBIT A

**WINN-DIXIE STORE #1697**
**Louisville, Kentucky**

**Lease:** Lease dated as of June 19, 1989, between Baumgardner-Hogan, Inc., as landlord and Winn-Dixie Louisville, Inc., as tenant;

As evidenced by Short Form Lease dated June 19, 1989.

**Amendments:** Amendment to Lease dated July 26, 1993.

Second Amendment to Lease dated May 27, 1998.

Notice of Merger and Name Change dated as of June 29, 2000, by Winn-Dixie Charlotte, Inc., as successor tenant, recorded in Misc. Book 81, page 263, of the public records of Grayson County, Kentucky.

Letter Agreement dated December, 2003.

**Premises:** That certain store building and related improvements located at Wal-Mart Shopping Center, Louisville, Kentucky.

DB08540PG0795

**EXHIBIT B**

WINN-DIXIE STORE #1697
Louisville, Kentucky

Legal Description: The real property as more particularly described as follows:

The LEASED PREMISES set forth and described in Short Form of Lease between Baumgardner-Hogan, Inc., as Lessor, and Winn-Dixie Louisville, Inc., as Lessee, dated June 19, 1989; and legally described as follows:

All that certain piece, parcel or tract of land, lying and being situated in the County of Jefferson, State of Kentucky together with all improvements thereon or to be constructed thereon and all appurtenances thereto belonging or in anywise appertaining, more particularly described as follows, to wit:

Beginning at the northeast corner of a tract of land conveyed to Winn-Dixie Louisville, Inc., by deed recorded in Deed Book 5860, Page 330 in the Office of the County Clerk of Jefferson County, Kentucky; thence S 30° 20' 25" W, 282.00 feet to a point; thence N 59° 39' 35" W, 150.00 feet to a point; thence S 30° 20' 25" W, 103.00 feet to a point; thence S 59° 39' 35" E, 146.39 feet to a point; thence S 60° 12' 25" W, 210.57 feet to a point; thence N 59° 39' 35" W, 350.00 feet to a point; thence N 08° 14' 54" E, 245.15 feet to a point; thence N 0° 38' 48" E, 70.24 feet to a point; thence N 59° 39' 35" W, 95.06 feet to a point in the east right-of-way line of Cane Run Road; thence with said east right-of-way line, N 45° 35' 55" E, 62.73 feet to a point; thence S 44° 24' 05" E, 3.81 feet to a point; thence leaving said right-of-way, S 59° 39' 35" E, 167.04 feet to a point; thence N 30° 20' 25" E, 235.35 feet to a point in the south right-of-way line of Crums Lane; thence with said south right-of-way line of Crums Lane S 59° 39' 35" E, 460.00 feet to the point of beginning, containing 5.7713 acres.

The acreage show above does not include Tracts #3B and #3C as shown on a minor plat recorded in Deed Book 5860, Page 302 in the above mentioned county clerk's office.

Document No.: DN2004215458
Lodged By: first american title
Recorded On: 12/16/2004 06:23:05
Total Fees: 13.00
Transfer Tax: .00
County Clerk: BOBBIE HOLSCLAW-JEFF CO KY
Deputy Clerk: YOLLOG2

END OF DOCUMENT

#ORLJAX/5999?.1

SOMMER BARNARD
ATTORNEYS, PC

Jeffrey J. Graham
317-713-3570
jgraham@sommerbarnard.com

June 10, 2005

**Via Overnight (Monday) Delivery**

Baumgardner-Hogan LLC
420 W. Liberty Street
Louisville, KY 40202

RE: *In re Buehler Foods, Inc., et al.*, Bankruptcy No. 05-70961-BHL-11
Request for lease documents

Dear Sir or Madam:

Sommer Barnard Attorneys, PC (the "Firm") is bankruptcy counsel for Buehler Foods, Inc., et al. (collectively, the "Debtors") in their jointly administered chapter 11 bankruptcy proceedings. The Debtors are currently in the process of evaluating their leasehold interests; however, it has come to my attention that neither the Debtors nor the Firm has a complete set of lease documents for the Debtors' lease with your company. Accordingly, the Debtors respectfully request that you send a complete copy of the lease documents between the Debtors and your company to my attention either via U.S. Mail, facsimile or electronic transmittal.

Thank you in advance for your assistance in this matter. Please let me know if you have any questions or concerns.

Very truly yours,

Jeffrey J. Graham

227102

# Exhibit "E"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | |
| BUEHLER FOODS, INC., et al., | ) | CASE NO. 05-70961-BHL-11 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEBTORS' REJECTION OF**
**NONRESIDENTIAL REAL PROPERTY LEASES**

TO: U.S. Trustee, counsel for the Official Unsecured Creditors' Committee (the "Committee"), counsel for Harris Trust and Savings Bank, counsel for Associated Wholesale Grocers, Inc., affected lessors (the "Affected Parties"), and the Service List.

YOU ARE HEREBY NOTIFIED that pursuant to the Order authorizing and approving the "Debtors' Motion For An Order Authorizing And Approving A Procedure For The Rejection Of Nonresidential Real Property Leases pursuant to 11 U.S.C. § 365" (the "Motion") entered on June 23, 2005, Docket #375, (the "Order"), Buehler of Kentucky, LLC (the "Debtor"), hereby gives notice to the Affected Parties listed on Schedule 1 that effective as of the date specified on Schedule 1, the Debtor shall have rejected the lease as of the date set forth on **Schedule 1**, attached hereto and incorporated herein, which date will be the earlier of the date the Debtor surrendered the leasehold to the Affected Parties or the date ordered by the Court, assuming the Court approves the rejection.

The rejection of the nonresidential real property lease hereunder shall be effective as of the date specified on Schedule 1; **provided, however,** that if the U.S. Trustee, the Committee, Harris Trust and Savings Bank, Associated Wholesale Grocers, Inc., or any Affected Party wishes to object to a rejection hereunder, such objecting party must file its

objection, and serve: (1) counsel for the Debtors, Paul T. Deignan, Sommer Barnard, PC, One Indiana Square, Suite 3500, Indianapolis, IN 46204; (2) counsel for the Committee, Enid Stuart, Otterbourg, Steindler, Houston & Rosen, P.C 230 Park Avenue New York, NY 10169 and Ted King, Frost Brown Todd, LLC, 400 West Market Street, 32nd Floor, Louisville, KY 40202-3363; (3) counsel for Harris Trust and Savings Bank, James Spiotto, Chapman and Cutler, LLP, 111 West Monroe Street, Chicago, Illinois 60603, and James Carr, Baker & Daniels, LLP, 300 North Meridian Street, Suite 2700, Indianapolis, IN 46204; (4) counsel for Associated Wholesale Grocers, Inc., Mark Benedict, Husch and Eppenberger, LLC, 1200 Main, Suite 1700, Kansas City, Missouri 64105; and (5) the U.S. Trustee, 101 West Ohio Street, Suite 1000, Indianapolis, IN 46204 within **five (5) business days of the date of this notice.** Any objection filed in connection with this notice shall be heard by the Honorable Basil H. Lorch III, Chief Judge of the United States Bankruptcy Court for the Southern District of Indiana on the next omnibus hearing date: December 6, 2005, in Room 310 of the U.S. Courthouse, 46 East Ohio Street, Indianapolis, IN 46204 at 1:30 p.m. (EST).

DATED: November 29, 2005

BUEHLER OF KENTUCKY, LLC
as debtor and debtor-in-possession,

By: /s/ Paul T. Deignan
Counsel for the Debtor-in-Possession

Sommer Barnard Attorneys, PC
One Indiana Square, Suite 3500
Indianapolis, IN 46204
Telephone: (317) 713-3500
Facsimile: (317) 713-3699

**Schedule 1**

| Store No. | Landlord/Property Manager | Assignor/Sub-Lessor | Store Address | City | State | ZIP | Effective Date of Rejection |
|---|---|---|---|---|---|---|---|
| 607 | Sunset Hill Development Company LLC | Winn-Dixie Charlotte, Inc. (Assignor) | 10968 Dixie Hwy South | Louisville | KY | 40272 | November 30, 2005 |
| 618 | Kevin Schreiber - Baumgardner-Hogan | Winn-Dixie Charlotte, Inc. (Sub-Lessor) | 201 Blankenbaker Pkwy | Louisville | KY | 40242 | November 30, 2005 |
| 643 | Marshall Planing Mill, Inc. | Winn-Dixie Charlotte, Inc. (Assignor) | 1710 East 10th Street - Hwy 62 | Jeffersonville | IN | 40211 | November 30, 2005 |
| 659 | Teacher's Retirement System Of Kentucky<br><br>Kevin Schreiber - Baumgardner-Hogan | Winn-Dixie Charlotte, Inc. (Assignor) | 968 Breckinridge Lane | St. Matthews | KY | 47130 | November 30, 2005 |
| 697 | Kevin Schreiber - BAUMGARDNER-HOGAN | Winn-Dixie Charlotte, Inc. (Assignor) | 3220 Crums Lane | Louisville | KY | 40215 | November 30, 2005 |

**DATE:** December 16, 2005

**TO:** Buehler of KY, LLC
Attn: Kris Buehler
P.O. Box 82
Jasper, IN 47547-0082

**FROM:** Hogan Development Co.
As Agent for Baumgardner-Hogan, LLC
420 W. Liberty Street
Louisville, KY 40202

---

# INVOICE

BUEHLER'S - 3220 CRUMS LANE
LOUISVILLE, KY 40216

| DESCRIPTION | AMOUNT |
|---|---|
| 12 Months Rent ($25,262 x 12) | $301,944.00 |
| 12 Months CAM (based on 2006 budget) | $ 47,801.00 |
| 12 Months Real Estate Taxes (based on 2005 taxes) | $ 25,176.94 |
| **TOTAL AMOUNT DUE** | **$374,921.94** |

---

**MAKE CHECK PAYABLE TO:** HOGAN DEVELOPMENT CO.
AS AGENT FOR BAUMGARDNER-HOGAN, LLC
420 W. LIBERTY STREET
LOUISVILLE, KY 40202

Please contact our office at (502) 426-1050 with questions regarding this invoice.

Thank you.

# Jefferson County Kentucky
## 2005    Property Tax Notice

Date Issued: **11/01/05**



Col. John Aubrey
Sheriff
Jefferson County

| Bill Number | Property ID Number | Type of Property |
|---|---|---|
| 2050500 | 25-1013-0491-0000 | REAL ESTATE |

**Owner of record**

IF YOU HAVE QUESTIONS ABOUT YOUR PROPERTY TAXES
PLEASE CALL THE APPROPRIATE OFFICE:
ASSESSMENTS:         PVA OFFICE    574-6380
2005 TAX BILL        SHERIFF       574-5479
URBAN SERV. DIST.    LOUISVILLE    574-5479
YOU CAN CHECK YOUR TAX INFO AT OUR WEBSITE WWW.JCSOKY.ORG

BAUMGARDNER HOGAN INC
C/O NATIONAL TAX SEARCH LLC
PO BOX 7606
LOUISVILLE KY 40257

| If Paid By | Balance Due |
|---|---|
| 11/01/05-12/01/05 | 25,176.94 (2%Discount) |
| 12/02/05-12/31/05 | 25,690.76 (Gross Tax) |
| 01/01/06-01/31/06 | 26,975.29 (5%Penalty) |
| 02/01/06-04/10/06 | 31,085.82 (10%+10%) |
| 04/11/06-04/30/06 | 31,106.82 (10%+10%+$21) |

Taxes not paid by the last date shown are considered
delinquent and may be subject to legal action.

**Here's how we figured your gross tax:**    CUST # 969862

| Schedule/Description of Property | Taxable Assessment | Taxing Jurisdiction | Tax Rate/$100 | Gross Tax |
|---|---|---|---|---|
| 3220 CRUMS LN | LAND 746250 | STATE OF KY | .1310 | 3,420.21 |
| Dist 25  Block 1013  Lot 0491  Sublot 0000 | BUILDING(S) 1864600 | METRO RE TAXES | .1280 | 3,341.89 |
| | Total 2610850 | JEFF CO SCHOOLS | .6250 | 16,317.81 |
| | | LK DRMLAND FIRE | .1000 | 2,610.85 |

Payments Applied          $.00

↓Detach and mail **THIS STUB** with your check or money order for proper credit. Retain top section for your records. ↓

## Jefferson County Property Tax Payment Stub

Amount You Are Paying:    Tax Year: 2005

| Bill Number | Property ID Number | Type of Property |
|---|---|---|
| 2050500 | 25-1013-0491-0000 | REAL ESTATE |

CUST # 969862

**Property Owner:**

BAUMGARDNER HOGAN INC
C/O NATIONAL TAX SEARCH LLC
PO BOX 7606
LOUISVILLE KY 40257

**Bill Is For:**

3220 CRUMS LN

| If Paid By | Balance Due |
|---|---|
| 11/01/05-12/01/05 | 25,176.94 (2%Discount) |
| 12/02/05-12/31/05 | 25,690.76 (Gross Tax) |
| 01/01/06-01/31/06 | 26,975.29 (5%Penalty) |
| 02/01/06-04/10/06 | 31,085.82 (10%+10%) |
| 04/11/06-04/30/06 | 31,106.82 (10%+10%+$21) |

Make your check or money order payable to:

Jefferson County Sheriff's Office
P.O. Box 70300
Louisville, KY 40270-0300

25101304910000205050041002517694200256907690026975291

# CANE RUN PLACE

## 2006 BUDGET

### BUDGETED OPERATING CASH FLOW

| A/C # | | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OPERATING EXPENSE | | | | | | | | | | | | | | |
| | Recoverable Expenses: | | | | | | | | | | | | | |
| 5005 | Electric | 550 | 550 | 550 | 550 | 550 | 550 | 550 | 550 | 550 | 550 | 550 | 550 | 6,600 |
| 5010 | Water / Sewer | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | - | 1,000 | 6,000 |
| 5015 | Water - Fire Service | 65 | - | 65 | - | 65 | - | 65 | - | 65 | - | 65 | - | 390 |
| 5115 | Plumbing R&M | - | - | - | - | 125 | - | - | - | - | - | 125 | - | 250 |
| 5120 | Electrical R&M | - | 250 | - | - | - | - | - | 250 | - | - | - | - | 500 |
| 5125 | Exterior Lighting R&M | - | 750 | 300 | - | - | 1,050 | - | - | 300 | 750 | - | - | 3,150 |
| 5140 | Fire Service R&M | - | - | - | - | - | - | - | 350 | - | - | - | - | 350 |
| 5145 | Exterior Building R&M | - | - | - | 1,000 | - | - | 500 | 500 | - | 500 | 500 | - | 3,000 |
| 5150 | Parking Lot R&M | 560 | 560 | 1,060 | 560 | 4,780 | 560 | 560 | 1,030 | 560 | 2,310 | 560 | 560 | 13,670 |
| 5155 | Trash Removal | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 375 | 4,500 |
| 5160 | Cleaning | - | - | - | 400 | 250 | - | - | - | - | 400 | - | - | 1,050 |
| 5165 | Snow Removal | 1,500 | 1,500 | - | - | - | - | - | - | - | - | - | 1,500 | 4,500 |
| 5170 | Lawncare | - | - | 1,975 | 850 | 675 | 675 | 675 | 675 | 850 | 675 | 175 | - | 7,225 |
| 5175 | General R&M | - | - | 100 | - | - | 100 | - | - | 100 | - | - | 100 | 400 |
| | Total Recoverable Expenses | 3,050 | 4,985 | 4,425 | 4,735 | 6,800 | 4,310 | 2,725 | 4,760 | 2,800 | 6,560 | 2,350 | 4,085 | 51,585 |
| 5350 | Insurance | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 1,043 | 12,511 |
| | TOTAL CAM EXPENSE | 4,093 | 6,028 | 5,468 | 5,778 | 7,843 | 5,353 | 3,768 | 5,803 | 3,843 | 7,603 | 3,393 | 5,128 | 64,096 |
| | BUEHLER'S PRORATA SHARE = 44,000 sq ft / 59000 sq ft | | | | | | | | | | | | | 0.74576 |
| | 12 MONTHS CAM | | | | | | | | | | | | | $47,801 |

# Exhibit "G"

**DATE:** December 16, 2005

**TO:** Buehler of KY, LLC
Attn: Kris Buehler
P.O. Box 82
Jasper, IN 47547-0082

**FROM:** Hogan Development Co.
As Agent for Baumgardner-Hogan, LLC
420 W. Liberty Street
Louisville, KY 40202

---

# INVOICE

BUEHLER'S - 3220 CRUMS LANE
LOUISVILLE, KY 40216

| DESCRIPTION | AMOUNT |
|---|---|
| Commonwealth Signs - removal of signs | $ 2,415.00 |
| David Simon Electric - separate parking lots from store | $ 6,995.11 |
| Strohbeck Const. - repair sign banner | $ 3,691.98 |
| **TOTAL AMOUNT DUE** | **$ 13,102.09** |

---

**MAKE CHECK PAYABLE TO:** HOGAN DEVELOPMENT CO.
AS AGENT FOR BAUMGARDNER-HOGAN, LLC
420 W. LIBERTY STREET
LOUISVILLE, KY 40202

Please contact our office at (502) 426-1050 with questions regarding this invoice.

Thank you.

Commonwealth Sign Co.
1824 Berry Blvd.
Louisville, KY 40215

# Estimate

| Date | Estimate # |
|---|---|
| 12/15/2005 | 5011 |

| Name / Address |
|---|
| Hogan Development Co.<br>Mike Wiseman<br>7400 New Lagrange Rd<br>Suite 404<br>Louisville, KY 40222 |

| Install Location |
|---|
| |

| P.O. No. | Rep | Project |
|---|---|---|
| | | buehler cane run tak... |

| Description |
|---|
| We will take down the wall signs; Food letters, Pharmacy letters and Buehlers logo sign; roll faces of 2 pylon sign faces with white paint and disconnect the electric so the art will not show thru upon illumination.<br>Wall signs will be discarded. |

Terms: 50% down and remainder upon receipt

Estimate good for 30 days from date received

| | |
|---|---|
| Subtotal | $2,415.00 |
| Sales Tax (6.0%) | $0.00 |
| Total | $2,415.00 |

All specifications per drawing.
120V electric to be brought to site by customer
Permits, if any, are extra and will be billed at cost.



December 16, 2005

Carmelita Goldsmith
Hogan Real Estate
420 W Liberty St.
Louisville, KY 40202

Re: Façade Paint
Cane Run Shopping Center
3220 Crums Lane
Louisville, KY 40216

Strohbeck Construction proposes to furnish labor, material, and equipment for the above-mentioned project in the amount of $3,691.98. Price is based on information provided to Strohbeck Construction, LLC and bid request on 12/15/05.

This proposal includes the following:

- Project Supervision.
- General Conditions.
- Patch holes in EIFS.
- Paint EIFS façade sign band.

This proposal does not include the following:

- Unforeseen structural conditions
- Hazardous waste removal and disposal.

**ADDITIONAL NOTES:** Color to match existing as close as possible. Due to the age and fading of the existing finish, we cannot guarantee an exact color match.

Above reference prices are based on the description listed. Unforeseen conditions will be addressed on a time and material basis. Any alterations or deviation from the above involving extra cost will be executed only upon written orders, and will become an extra charge over and above the estimate.

This proposal may be withdrawn if not accepted within (30) thirty days.

Payment is to be made, to Strohbeck Construction, within ten (10) days of completion.

Thank you for the opportunity to quote this proposal. Please call if you have any questions.

Sincerely,

Frank Clements Jr, Project Manager

Acceptance of proposal - The above price, specification, and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

Signature____________________ Date__________

Cc: Proposal File

**DAVID SIMON ELECTRIC Inc.**

870 Amanda Ct.
Shepherdsville Ky.
40165

Phone : 502 - 543 - 7571
Fax : 502 - 543 - 5421
Email : DSEINC1@ Aol.Com

**Quote**
**12 - 16 - 2005**

To: Carmelita Goldsmith
Hogan Real Estate
420 W. Liberty St.
Louisville, KY 40202

Re : 3220 Crums Lane - Cane Run Place
Install 120/208 200A. 3 Phase Service
For Parking Lot Lighting .
Photo Cell ( Controlled )

Total Materials ------------------------ $ 4,459.19

Total Labor ------------------------ $ 1,900.00

Profit & Overhead ------------------------ $ 635.92

Total Quote All Material , Taxes and Labor

( $ 6,995.11 )

DAVID SIMON ELECTRIC Inc.

David A. Simon
President

* Seperate parking lot lights from W/D store put on Seperate Meter.

# Exhibit "H"

# NOTICE OF LIEN

Claimant, Amstar Inc, 958 Logan Street, Louisville Kentucky 40204, claims a mechanics' lien on the real property and improvement in the City of Louisville, County of Jefferson, Kentucky located at Buehlers Market, 3220 Crums Lane, Louisville, KY 40216. The following person(s) has/have or are reputed to have a property interest in said Property: Baumgardner-Hogan Inc, c/o Glenn Hogan, 420 West Liberty Street, Louisville, KY 40202.

Said claim is for the sum of $15,002.74, plus interest at the contract rate or the legal rate, whichever is higher from 05/01/05, which is due and unpaid to claimant (after deducting any just credits and offsets, if any) for labor, services, equipment and/or materials furnished by claimant and consisting of dryvit, painting, metal installation, accompanying small materials and labor.

Claimant was employed to furnish the same by David Buehler and furnished the same to David Buehler/ Buehler Foods Inc.

Unless settlement of this account is received by noon September 9th, 2005, a lien will be filed in the Jefferson County Clerk's office.

Dated: August 29, 2005

Gary J. Ottman, President
Amstar Inc.

I have read the foregoing CLAIM OF LIEN and know the contents thereof; the same is true of my own knowledge. I declare under penalty of perjury under the laws of the Commonwealth of Kentucky that the foregoing is true and correct and that this declaration was executed the 29th day of August, 2005 at Louisville, Kentucky.

Gary J. Ottman, President
Amstar Inc.

Subscribed and sworn to before me this 29th day of August, 2005 by Gary J. Ottman, as President of Amstar Inc., who acknowledged the foregoing to be his true act and deed.

My Commission Expires: 8/06/09

SEAL

Notary Public, Commonwealth of Ky
Linda Ellington
County of Residence: Oldham

Recorded at the request of
and to be returned to:

Michael B. Bach
DeHaan & Bach Co.
P.O. Box 429321
Cincinnati, Ohio 45212
215-4124

---

LIEN STATEMENT
(Ky. Rev. Stat. § 376.080)

STATE OF OHIO )
) SS.
COUNTY OF HAMILTON )

The undersigned Affiant, Michael B. Bach, as authorized agent for Sherwin-Williams Company, 915 Murray Drive, Suite 338, Lexington, Kentucky 40505, makes the following statement of a materialmen's lien against the property hereinafter described, which is owned of record by Baumgardner-Hogan, Inc., P.O. Box 7068, Louisville, Kentucky 40257-0606, and leased of record by Buehler of Kentucky, LLC, P.O. Box 82, Jasper, Indiana 47546.

1. Sherwin-Williams Company furnished materials for the improvement of real estate hereinafter described under a contract with Highview Painting & Striping, P.O. Box 19917, Louisville, Kentucky 40259, General Contractor to Buehler Foods of Kentucky, LLC, P.O. Box 82, Jasper, Indiana 47546, Lessee to the Owner, Baumgardner-Hogan, Inc., P.O. Box 7068, Louisville, Kentucky 40257-0606.

2. The materials furnished for the improvement of the real estate hereinafter described consisted of paint and other related materials.

3. The agreed purchase price for the aforementioned materials was $1,224.31. A copy of the account summary statement is attached hereto and identified as Exhibit "A". Affiant knows has received no credits and/or setoffs and the amount now owing Sherwin-Williams Company is the sum of One Thousand Two Hundred Twenty Four Dollars and Thirty-one Cents ($1,224.31) representing

the balance owed on the account and the basis of this lien.

4. Sherwin-Williams Company commenced furnishing materials on February 2, 2005, and last furnished the aforesaid materials on or about April 15, 2005.

5. All of the aforesaid materials were incorporated into that certain property owned of record by Baumgardner-Hogan, Inc., by virtue of original deed recorded in 6114, Page 678, in the records in the Office of the Clerk of Jefferson County, Kentucky, leased to Buehler of Kentucky, LLC by virtue of a lease recorded in Book 8540, Page 701, that property being located at 3220 Crums Lane, Louisville, Jefferson County, Kentucky, leased to Buehler of Kentucky, LLC, and being more particularly described in Exhibit "B" attached hereto.

6. Sherwin-Williams Company asserts a lien against all of the right, title, and interest of Buehler of Kentucky, LLC, the Lessee of record of the above-described property. Such lien is claim in the amount set out above, viz., One Thousand Two Hundred Twenty Four Dollars and Thirty-one Cents ($1,224.31).

FURTHER AFFIANT SAYETH NAUGHT.

SHERWIN-WILLIAMS COMPANY

By: [signature]

Michael B. Bach, Its Authorized Agent
DeHaan & Bach Co., L.P.A.
11256 Cornell Park Drive, Ste 500
P.O. Box 429321
Cincinnati, Ohio 45242

STATE OF OHIO )
) SS.
COUNTY OF HAMILTON )

Subscribed and sworn to before me by Michael B. Bach on behalf of Sherwin-Williams Company this 18th day of August 2005.

[signature]
NOTARY PUBLIC, STATE AT LARGE

NOTARIAL SEAL STATE OF OHIO

JANET D. STADERMAN
Notary Public, State of Ohio
My Commission Expires Oct. 12, 2008

CERTIFICATE OF MAILING

I certify that, pursuant to KRS 376.080, a copy of the above lien statement was sent by certified mail, return receipt requested to the owner of the above described property to their last known address on this the 18 day of August 2005.

Michael B. Bach

This instrument was prepared by:

Michael B. Bach
DeHaan & Bach Co., L.P.A.
P. O. Box 429321
Cincinnati, Ohio 45242
215-4124

BUEHLERS OF KENTUCKY, LLC
CANE RUN SHOPPING CENTER - LOUISVILLE, KY
QUARTERLY BILLING - JANUARY 2005 - MARCH 2005

| Property | Date | Period | Description | Reference | Amount | Remarks | Pre Petition |
|---|---|---|---|---|---|---|---|
| | | | **Exterior Lighting** | | | | |
| canrun | 1/31/2005 | 02/05 | ALLEN ELECTRICAL CONTRACTORS INC | 1731 | $ 430.99 | Replaced lights on 2 parking lot poles | $ 430.99 |
| | | | TOTAL | | $ 430.99 | | |
| | | | **Parking Lot R&M** | | | | |
| canrun | 1/31/2005 | 01/05 | SWEEP ALL INC | 105208 | $ 760.00 | Parking Lot Sweep - January | $ 760.00 |
| canrun | 2/27/2005 | 02/05 | HOGAN DEVELOPMENT CO. | 20050227 | $ 45.00 | Maintenance Labor (1/1/05 - 1/31/05) | $ 45.00 |
| canrun | 2/28/2005 | 02/05 | HOGAN DEVELOPMENT CO. | 20050228d | $ 112.50 | Maintenance Labor and Materials (Q4-2004) | $ 112.50 |
| canrun | 2/28/2005 | 02/05 | SWEEP ALL INC | 205138 | $ 760.00 | Parking Lot Sweep - February | $ 760.00 |
| canrun | 3/10/2005 | 03/05 | HOGAN DEVELOPMENT CO. | 20050228 | $ 67.50 | Maintenance Labor (February) | $ 67.50 |
| canrun | 3/31/2005 | 03/05 | SWEEP ALL INC. | 305038 | $ 760.00 | Parking Lot Sweep - March | $ 760.00 |
| canrun | 3/31/2005 | 04/05 | G&M MAINTENANCE | 6268 | $ 375.00 | Replace section of concrete | $ 375.00 |
| canrun | 4/27/2005 | 04/05 | HOGAN DEVELOPMENT CO. | 20050427 | $ 90.00 | Maintenance Labor (March) | $ 90.00 |
| | | | TOTAL | | $ 2,970.00 | | |
| | | | **Trash Removal** | | | | |
| canrun | 1/12/2005 | 01/05 | COMMONWEALTH SECURITY, INC. | 01-12-05cleanup | $ 110.00 | Trash Pick up (12/30/04 - 1/12/05) | $ 110.00 |
| canrun | 1/26/2005 | 01/05 | COMMONWEALTH SECURITY, INC. | 01-26-05cleanup | $ 110.00 | Trash Pick up - (1/13/05 - 1/26/05) | $ 110.00 |
| canrun | 2/9/2005 | 02/05 | COMMONWEALTH SECURITY, INC. | 02-09-05cleanup | $ 110.00 | Trash Removal (1/27/05 - 2/9/05) | $ 110.00 |
| canrun | 2/23/2005 | 02/05 | COMMONWEALTH SECURITY, INC. | 02-23-05cleanup | $ 110.00 | Trash Removal (2/10/05 - 2/23/05) | $ 110.00 |
| canrun | 2/27/2005 | 02/05 | HOGAN DEVELOPMENT CO. | 20050227 | $ 90.00 | Maintenance Labor (1/1/05 - 1/31/05) | $ 90.00 |
| canrun | 2/28/2005 | 02/05 | HOGAN DEVELOPMENT CO. | 20050228d | $ 450.00 | Maintenance Labor and Materials (Q4-2004) | $ 450.00 |
| canrun | 3/10/2005 | 03/05 | HOGAN DEVELOPMENT CO. | 20050228 | $ 22.50 | Maintenance Labor (2/24/05) | $ 22.50 |
| canrun | 3/9/2005 | 04/05 | COMMONWEALTH SECURITY, INC. | 030905cleanup | $ 110.00 | Trash Removal (2/24/05 - 3/9/05) | $ 110.00 |
| canrun | 3/23/2005 | 04/05 | COMMONWEALTH SECURITY, INC. | 032305cleanup | $ 110.00 | Trash Removal (3/10/05 - 3/23/05) | $ 110.00 |
| canrun | 3/31/2005 | 04/05 | SWEEP ALL INC | 305212 | $ 142.00 | Trash Removal (3/25/05) | $ 142.00 |
| canrun | 4/6/2005 | 04/05 | COMMONWEALTH SECURITY, INC. | 040605cleanup | $ 110.00 | Trash Removal (3/24/05 - 4/06/05) | $ 110.00 |
| | | | TOTAL | | $ 1,474.50 | | |
| | | | **Landscaping & Lawncare** | | | | |
| canrun | 4/4/2005 | 04/05 | B&S LANDSCAPING | 20050404 | $ 2,335.00 | Mowing Wk #13, Mulching & Weeding (3/7 - 4/01) | $ 2,335.00 |
| | | | TOTAL | | $ 2,335.00 | | |
| | | | **Snow Removal / Ice Melt** | | | | |
| canrun | 1/31/2005 | 01/05 | B&S LANDSCAPING | 2380 | $ 500.00 | Snow/Ice Removal (1/16/05) | $ 500.00 |
| canrun | 2/1/2005 | 01/05 | B&S LANDSCAPING | 2407 | $ 535.00 | Snow/Ice Removal (1/22/05) | $ 535.00 |
| canrun | 2/1/2005 | 01/05 | B&S LANDSCAPING | 2421 | $ 655.00 | Snow/Ice Removal (1/29/05) | $ 655.00 |
| canrun | 3/2/2005 | 03/05 | B&S LANDSCAPING | 2438 | $ 655.00 | Salt/Ice Removal (3/1/05) | $ 655.00 |
| canrun | 4/4/2005 | 04/05 | B&S LANDSCAPING | 2457 | $ 380.00 | Salt/Ice Removal (3/14/05) | $ 380.00 |
| | | | TOTAL | | $ 2,725.00 | | |
| | | | Total CAM Expenses | | $ 9,935.49 | | $ 9,935.49 |
| | | | Prorata Share 44,000sf / 59,000 GLA | | 0.74576 | | 0.74576 |
| | | | TOTAL AMOUNT DUE: | | $ 7,409.49 | | $ 7,409.49 |

BUEHLERS OF KENTUCKY, LLC
CANE RUN SHOPPING CENTER
QUARTERLY BILLING 4/1/05 - 6/30/05

| Date | Period | Description | Reference | Amount | Remarks |
|---|---|---|---|---|---|
| | | **Parking Lot R&M** | | | |
| 4/30/2005 | 04/05 | SWEEP ALL INC | 405067 | $ 760.00 | Parking Lot Sweep - April |
| 5/27/2005 | 05/05 | HOGAN DEVELOPMENT CO. | 20050527 | $ 45.00 | Maintenance Billing - April |
| 5/31/2005 | 05/05 | SWEEP ALL INC | 505048 | $ 760.00 | Parking Lot Sweep - May |
| 6/30/2005 | 06/05 | SWEEP ALL INC | 605027 | $ 760.00 | Parking Lot Sweep - June |
| | | | | $ 2,325.00 | |
| | | **Trash Removal** | | | |
| 4/20/2005 | 04/05 | COMMONWEALTH SECURITY, INC. | 042005cleanup | $ 110.00 | Trash Removal (4/7/05 - 4/20/05) |
| 4/27/2005 | 04/05 | HOGAN DEVELOPMENT CO. | 20050427 | $ 45.00 | Maintenance Labor (March 2005) |
| 5/4/2005 | 05/05 | COMMONWEALTH SECURITY, INC. | 050405cleanup | $ 110.00 | Trash (4/21/05 - 5/4/05) |
| 5/18/2005 | 06/05 | COMMONWEALTH SECURITY, INC. | 051805cleanup | $ 110.00 | Trash Removal (5/5-5/18) |
| 6/1/2005 | 06/05 | COMMONWEALTH SECURITY, INC. | 060105cleanup | $ 110.00 | Trash Removal (5/19-6/1/05) |
| 6/15/2005 | 06/05 | COMMONWEALTH SECURITY, INC. | 061505cleanup | $ 110.00 | Trash Removal (6/2/05 - 6/15/05) |
| 6/29/2005 | 06/05 | COMMONWEALTH SECURITY, INC. | 062905cleanup | $ 110.00 | Trash Removal (6/16/05 - 6/29/05) |
| | | | | $ 705.00 | |
| | | **Landscaping & Lawncare** | | | |
| 5/2/2005 | 05/05 | B&S LANDSCAPING | 20050502 | $ 780.00 | Mow wk#14-17; weed control |
| 6/6/2005 | 06/05 | B&S LANDSCAPING | 20050608 | $ 175.00 | Early Summer |
| 6/6/2005 | 06/05 | B&S LANDSCAPING | 20050606 | $ 920.00 | Mow Wk#18-22; Weed Control |
| | | | | $ 1,875.00 | |
| | | Total CAM Expenses | | $ 4,905.00 | |
| | | Prorata Share 44,000sf / 59,000 GLA | | 0.74576 | |
| | | **TOTAL AMOUNT DUE:** | | $ 3,657.95 | |

**BUEHLERS OF KENTUCKY, LLC**
**CANE RUN SHOPPING CENTER - LOUISVILLE, KY**
**CAM BILLING - OCTOBER 1 - NOVEMBER 30, 2005**

| Date | Period | Description | Refer | Amount | Remarks |
|---|---|---|---|---|---|
| | | **Exterior Lighting R&M** | | | |
| 10/27/05 | 10/05 | (hdc-v) HOGAN DEVELOPMENT CO | canrun | 90.00 | Maintenance Billing - September |
| 11/30/05 | 11/05 | (hdc-v) HOGAN DEVELOPMENT CO | canrun | 45.00 | Maintenance Billing - October |
| 12/15/05 | 12/05 | (hdc-v) HOGAN DEVELOPMENT CO | canrun | 135.00 | Maintenance Billing - November |
| 12/04/05 | 12/05 | (davsim) DAVID SIMON ELECTRIC | 2388 | 236.50 | Install Time Clock for Parking Lot Lighting |
| | | **Total Exterior Lighting R&M** | | **506.50** | |
| | | **Exterior Building R&M** | | | |
| 10/27/05 | 10/05 | (hdc-v) HOGAN DEVELOPMENT CO | canrun | 90.00 | Maintenance Billing - September |
| | | **Total for Exterior Building R&M** | | **90.00** | |
| | | **Parking Lot R&M** | | | |
| 10/27/05 | 10/05 | (hdc-v) HOGAN DEVELOPMENT CO. | canrun | 45.00 | Maintenance Labor - September |
| 10/31/05 | 10/05 | (sweal) SWEEP ALL INC | 1005013 | 760.00 | Power Vacuum/Sweeping Service |
| 11/03/05 | 11/05 | (subtow) SUBURBAN TOWING INC. | 898079 | 75.00 | Tow- Mercury Sable to Impoun |
| 11/30/05 | 11/05 | (sweal) SWEEP ALL INC | 1105006 | 760.00 | Power Vacuum Sweeping Service |
| 11/30/05 | 11/05 | (hdc-v) HOGAN DEVELOPMENT CO. | canrun.0511 | 90.00 | Maintenance Labor (10/05) |
| 12/15/05 | 12/05 | (hdc-v) HOGAN DEVELOPMENT CO. | canrun.0512 | 135.00 | Maintenance Billing - November |
| | | **Total for Parking Lot R&M** | | **1,865.00** | |
| | | **Trash Removal** | | | |
| 10/01/05 | 10/05 | (comsec-v) COMMONWEALTH SECURITY, INC. | 9212005 | 110.00 | 9/8/05 - 9/21/05 cleanup |
| 10/05/05 | 10/05 | (comsec-v) COMMONWEALTH SECURITY, INC. | 10052005 | 110.00 | 9/22-10/5 clean up |
| 10/19/05 | 10/05 | (comsec-v) COMMONWEALTH SECURITY, INC. | 10192005 | 110.00 | 10/6-10/19 clean up |
| 11/02/05 | 11/05 | (comsec-v) COMMONWEALTH SECURITY, INC. | 1122005clean | 110.00 | Clean-up Services 10/20/05-11/2/05 |
| 11/30/05 | 11/05 | (comsec-v) COMMONWEALTH SECURITY, INC. | 11302005 | 110.00 | 11/17/05 - 11/30/05 Clean up |
| 12/15/05 | 12/05 | (hdc-v) HOGAN DEVELOPMENT CO. | canrun | 90.00 | Maintenance Billing - November |
| | | **Total Trash Removal** | | **640.00** | |
| | | **Cleaning** | | | |
| 10/27/05 | 10/05 | (hdc-v) HOGAN DEVELOPMENT CO. | canrun | 45.00 | Maintenance Labor - September |
| | | **Total Cleaning** | | **45.00** | |
| | | **Landscaping & Lawncare** | | | |
| 10/04/05 | 10/05 | (bslan) B&S LANDSCAPING | 7172 | 513.00 | 000-7172 mow & weed for Sept |
| 11/01/05 | 11/05 | (bslan) B&S LANDSCAPING | 20051101 | 293.00 | A/C# 000-7172 Mow Week 40 & 42 |
| 12/02/05 | 12/05 | (bslan) B&S LANDSCAPING | 20051202 | 293.00 | Mow Wk#44,46 |
| | | **Total Landscaping & Lawncare** | | **1,099.00** | |
| | | Total CAM Expenses | | $ 4,245.50 | |
| | | Prorata Share 44,000sf / 59,000 GLA | | 0.74576 | |
| | | TOTAL CAM DUE: | | $ 3,166.12 | |
| | | Total Insurance Expense (10/1/05 - 11/30/05) | | $1,895.68 | |
| | | Prorata Share 44,000 sf / 59,000 GLA | | 0.74576 | |
| | | TOTAL INSURANCE: | | $1,413.71 | |
| | | **TOTAL AMOUNT DUE:** | | **4,579.84** | |

# Jefferson County Kentucky

## 2005 Property Tax Notice

**Date Issued:** 11/01/05

Col. John Aubrey
Sheriff
Jefferson County

| Bill Number | Property ID Number | Type of Property |
|---|---|---|
| 2050500 | 25-1013-0491-0000 | REAL ESTATE |

**Owner of record**

IF YOU HAVE QUESTIONS ABOUT YOUR PROPERTY TAXES
PLEASE CALL THE APPROPRIATE OFFICE:
ASSESSMENTS: PVA OFFICE 574-6380
2005 TAX BILL SHERIFF 574-5479
URBAN SERV. DIST. LOUISVILLE 574-5479
YOU CAN CHECK YOUR TAX INFO AT OUR WEBSITE WWW.JCSOKY.ORG

BAUMGARDNER HOGAN INC
C/O NATIONAL TAX SEARCH LLC
PO BOX 7606
LOUISVILLE KY 40257

| If Paid By | Balance Due | |
|---|---|---|
| 11/01/05-12/01/05 | 25,176.94 | (2%Discount) |
| 12/02/05-12/31/05 | 25,690.76 | (Gross Tax) |
| 01/01/06-01/31/06 | 26,975.29 | (5%Penalty) |
| 02/01/06-04/10/06 | 31,085.82 | (10%+10%) |
| 04/11/06-04/30/06 | 31,106.82 | (10%+10%+$21) |

Taxes not paid by the last date shown are considered delinquent and may be subject to legal action.

Here's how we figured your gross tax: CUST.# 969862

| Schedule/Description of Property | Taxable Assessment | | Taxing Jurisdiction | Tax Rate/$100 | Gross Tax |
|---|---|---|---|---|---|
| 3220 CRUMS LN | LAND | 746250 | STATE OF KY | .1310 | 3,420.21 |
| Dist 25 Block 1013 Lot 0491 Sublot 0000 | BUILDING(S) | 1864600 | METRO RE TAXES | .1280 | 3,341.89 |
| | Total | 2610850 | JEFF CO SCHOOLS | .6250 | 16,317.81 |
| | | | LK DRMLAND FIRE | .1000 | 2,610.85 |

Payments Applied $.00
Disc/Late... $.00

↓Detach and mail THIS STUB with your check or money order for proper credit. Retain top section for your records.↓

**Jefferson County Property Tax Payment Stub**

Tax Year: 2005

| Bill Number | Property ID Number | Type of Property |
|---|---|---|
| 2050500 | 25-1013-0491-0000 | REAL ESTATE |

**Amount You Are Paying:** ______

CUST # 969862

**Property Owner:**

BAUMGARDNER HOGAN INC
C/O NATIONAL TAX SEARCH LLC
PO BOX 7606
LOUISVILLE KY 40257

| If Paid By | Balance Due | |
|---|---|---|
| 11/01/05-12/01/05 | 25,176.94 | (2%Discount) |
| 12/02/05-12/31/05 | 25,690.76 | (Gross Tax) |
| 01/01/06-01/31/06 | 26,975.29 | (5%Penalty) |
| 02/01/06-04/10/06 | 31,085.82 | (10%+10%) |
| 04/11/06-04/30/06 | 31,106.82 | (10%+10%+$21) |

Make your check or money order payable to:

Jefferson County Sheriff's Office
P.O. Box 70300
Louisville, KY 40270-0300

**Bill Is For:**

3220 CRUMS LN

2510130491000020505004100251769420025690769002697529 1