UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

BLANKENBAKER PLAZA I, LLC'S
MOTION TO ALLOW LATE FILED CLAIM

Blankenbaker Plaza I, LLC (hereafter "Movant"), moves the Court pursuant to Bankruptcy Rule 9006(b)(1) to allow the late filing of the attached proof of claim or, in the alternative, to deem a previously filed proof of claim to include an additional Debtor, and in support thereof states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc. (the "Debtor"), together with its affiliates, filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

2. By order dated April 13, 2005, venue was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3. Movant is in the business of leasing and managing commercial real property.

4. On or about June 26, 2001 Winn-Dixie Raleigh, Inc., a Co-Debtor in this jointly administered action, as successor in interest to Winn-Dixie Charlotte, Inc., leased from Movant certain real property in Jefferson County, Kentucky, said property being

identified by the Debtor as store #1618 / Blankenbaker Plaza. A copy of the lease is attached as Exhibit A.

5. On or about December 15th, 2005 this Court authorized the Debtor to reject the aforesaid lease.

6. The order authorizing the aforesaid lease rejection required, pursuant to Bankruptcy Rule 3003, that claims for rejection damages be filed no later than 30 days after the date of entry of the order.

7. Pursuant to 11 U.S.C. § 502 Movant timely filed with this Court a lease rejection claim against Co-Debtor Winn-Dixie Raleigh, Inc., as tenant under the lease, said claim being claim #12830 in this action.

8. Movant failed to file a lease rejection claim against Winn-Dixie Stores, Inc. as guarantor of the said store lease and failed to move the Court for an extension of time within such time due to miscommunication between Movant and its Kentucky counsel as to the existence of a guaranty agreement applicable to the subject lease. A copy of the Corporate Guaranty of Obligations is attached as Exhibit B.

9. Movant now moves the Court to allow the late filing of a lease rejection claim against guarantor, Winn-Dixie Stores, Inc. or, in the alternative, to deem the previously filed rejection claim amended to include a claim against Co-Debtor Winn-Dixie Stores, Inc. The claim, if allowed or amended, would be identical in nature and amount to that already timely filed against Co-Debtor, Winn-Dixie Raleigh, Inc. The Debtors in this jointly administered action already have full knowledge of the existence, amount and nature of the claim which would be asserted. The only effect of this Motion, if allowed, would be to assert the claim against two of the Debtors in this action rather than one.

10. The decision to allow a creditor to file an amended claim is within the sound discretion of this Court. See *In re Lanman*, 24 B.R. 741, 743 (Bankr. N.D. Ill. 1982). ("Bankruptcy courts may and should use discretion in allowing proofs of claim to be amended after the time for filing the claims has elapsed"). This Court should be guided by principles of equity to ensure that substance will not give way to form and that technical considerations will not prevent substantial justice from being done. See *In re Candv Braz. Inc.*, 98 B.R. 375, 381 (Bankr. N.D. 111. 1988).

11. Generally, an amended claim may be filed after the bar date if it amends a timely claim and does not introduce a distinctly new and different claim. "Amendments to proofs of claim are permitted to cure the defects in a claim already filed, to describe a claim with greater particularity or to plead a new theory of recovery on the facts of the original claim. *Id.* at 380; see also, *In re International Horizons. Inc.*, 751 F.2d 1213,1216 (11th Cir. 1985).

12. Bankruptcy Rule 3003(c) provides that this Court "for cause shown may extend the time within which proofs of claim or interest may be filed."

13. In Chapter 11 cases, the doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims caused by inadvertence, mistake or carelessness. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control

of the movant, and (iv) whether the movant acted in good faith." *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005).

14. The Debtor herein will not be prejudiced in any way by the filing of the proposed claim as Debtor already has actual knowledge of the amount and nature of the claim due to the timely filing of claim #12830 against Co-Debtor Winn-Dixie Raleigh, Inc..

15. The length of the delay between the bar date and this Motion is less than twenty days and any delay to or potential negative impact on this proceeding is minimal.

16. Movant has acted in good faith at all times and the benefit to Movant of allowing it to file a late claim greatly outweighs any inconvenience or detriment to the Debtor.

17. A copy of the proposed proof of claim is attached hereto as Exhibit "C".

WHEREFORE, Movant respectfully moves that this Court enter an order amending claim #12830 to include Winn-Dixie Stores, Inc. as a debtor subject to such claim, or in the alternative, that Movant be allowed to file the attached proof of claim; and for such other relief as this Court deems appropriate under the circumstances.

/s/ John W. Harrison, Jr.
John W. Harrison, Jr.
Attorney At Law
Counsel for Blankenbaker Plaza I, LLC
2100 Gardiner Lane, Suite 103-B
Louisville, Ky. 40205
(502) 459-8486
johnwharrison@bellsouth.net

- and -

**STUTSMAN & THAMES, P.A.**

By _____
Richard R. Thames
Bradley R. Markey

Florida Bar Number 0718459
Florida Bar Number 0984213
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Counsel for Blankenbaker Plaza I, LLC

## Certificate of Service

I certify that on January 27th, 2006, a copy of the foregoing was furnished by mail to the following persons:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard
Room 620
Orlando, Florida 32801

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive
Suite 2540
Tampa, Florida 33602

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia 30308

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036

_____
Attorney

58503