**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:                                                                                    CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                                        Chapter 11

    Debtors.[1]
_____/

**MOTION BY STILES WEST ASSOCIATES, LTD. TO ENFORCE**
**LEASE TERMINATION AGREEMENT**
**AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE**

Stiles West Associates, Ltd., ("Stiles") by and through counsel, files this motion (the "Motion") to: (i) enforce that certain Lease Termination Agreement by and between Stiles and Winn-Dixie Stores, Inc. ("Winn-Dixie") to terminate the lease regarding Store #229 (as designated by Winn-Dixie); and (ii) compel the payment of administrative expense related thereto. In support of this Motion Stiles states:

1. On February 21, 2005, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

2. Stiles was the landlord and Winn-Dixie was the tenant, pursuant to a lease dated December 23, 1996 (the "Lease"), for premises located at 4650 University Drive, Coral Springs, Florida ("Store #229").

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.
134616-4

3. On June 16, 2005, the Court approved the Debtors' motion seeking the establishment of bidding procedures for the sale of assets, including leasehold interests, and an auction was scheduled for August 9, 2005.

4. In connection with the proposed sale of assets, on July 1, 2005, the Debtors filed the *Debtors' Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interests and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief* (D.E. 1661), which was amended on August 1, 2005 (D.E. 2707) (collectively, the "Motion to Assume/Assign"). The Lease regarding Store #229 was included in the Motion to Assume/Assign.

5. Stiles filed a response (See D.E. 2068 and 2142) to the Motion to Assume/Assign, disputing the cure amount, and the matter was scheduled for hearing on July 27, 2005.

6. Stiles participated in the August 9, 2005 auction, and was the successful bidder for the Lease. The parties thereafter entered into that certain *Lease Termination Agreement* (the "Agreement") which was approved by the Court on September 8, 2005 (See D.E. 3411).

7. Pursuant to the Agreement, the Lease was to be terminated with Winn-Dixie to vacate the premises no later than September 30, 2005. In addition, Winn-Dixie was obligated to "continue to pay and remain liable for all rent and additional rent, if any, due and owing under the Lease accruing after February 21, 2005, up to and including the Termination Date."

8. While Winn-Dixie paid $36,833.33 rent and $5,570.00 additional rent monthly for the period of February 21, 2005 through September 30, 2005, it did not vacate the premises on or before September 30, 2005, nor did it provide Stiles notice of its intent to vacate nor its actual vacation of the premises (despite numerous and repeated inquiries by Stiles regarding same) until

November 8, 2005. In fact, Winn-Dixie has yet to turn over the keys to the premises despite the requirement under the Agreement to do so no later than September 30, 2005.

9. Accordingly, pursuant to the Agreement and 11 U.S.C. § 503, Winn-Dixie is obligated for unpaid rent and additional rent for the period of October 1, 2005 through November 8, 2005 plus attorney fees since November 8, 2005. The amount due and owing for this period is $161,555.21, calculated as follows:

| | |
|---|---|
| Rent (Oct. 1 – Nov. 8) | $47,227.40 |
| 2005 Real Estate Taxes | $95,623.63 |
| Insurance | $34,658.15 |
| CAM (less pmts. rec'd) | $5,969.67 |
| Attorneys' fees since 11/8/05 | $4,334.36 |
| Termination Fee | ($26,258.00) |
| **Total:** | **$161,555.21** |

WHEREFORE, Stiles respectfully requests the Court to enforce the Agreement, to compel Winn-Dixie to deliver the keys to the premises subject of the Lease, to compel the Debtors to pay $161,555.21, as an administrative expense pursuant to 11 U.S.C. § 503, in addition to further attorneys' fees necessary to litigate this motion, and grant Stiles such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by first class, U.S. Mail on this 27th day of January, 2006 to the parties on the attached Service List.

    BERGER SINGERMAN, P.A.
    Attorneys for Stiles
    350 E. Las Olas Blvd., Suite 1000
    Fort Lauderdale, FL 33301
    Telephone: (954) 525-9900
    Facsimile: (954) 523-2872

    By:    /s/ *Arthur J. Spector*
        Arthur J. Spector (Fla. Bar No. 620777)
        aspector@bergersingerman.com

**SERVICE LIST**

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher
& Flom LLP
Four Times Square
New York, NY 10036

Stephen D. Busey, Esq.
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

Office of the U.S. Trustee - JAX
135 W. Central Boulevard
Suite 620
Orlando, FL 32801