UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*,) | (Jointly Administered) |
| ) | Judge Jerry A. Funk |
| Debtors. ) | |
| ) | |
| _____) | |

### RESPONSE OF SEMINOLE COUNTY TAX COLLECTOR TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO SELL OVIEDO PROPERTY AND RELATED ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS, AND (B) GRANTING RELATED RELIEF

The Seminole County Tax Collector, one of the Florida Tax Collectors,[1] through his undersigned counsel, files this response to the Debtors' Motion for an Order (A) Authorizing the Debtors to Sell Oviedo Property and Related Assets Free and Clear of Liens, Claims, and Interests, and (B) Granting Related Relief (Dkt. No. 5239) (the "Motion"), and states:

1. Paragraph 21 of the Motion states that Debtors believe that with the exception of the Permitted Encumbrances, there are no interests in or claims against the Oviedo Property. The Seminole County Tax Collector's lien for ad valorem taxes for the year 2006 and subsequent years is included as a Permitted Encumbrance.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

2. Although not stated in paragraph 21 of the Motion, the 2005 ad valorem taxes for the Oviedo Property are due and have not yet been paid, and the Seminole County Tax Collector's lien for the 2005 taxes constitutes a claim and interest in the Oviedo Property. A copy of the 2005 tax bill for the Oviedo Property is attached hereto as Exhibit "A".

3. Upon the closing of the Sale contemplated by the Motion, the Seminole County Tax Collector's lien for the 2005 ad valorem taxes will attach to the proceeds of the Sale in accordance with the first lien priority afforded by Section 197.122, Florida Statutes.

Respectfully submitted,

Brian T. FitzGerald
Hillsborough County Attorney's Office
Attorney for Florida Tax Collectors
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Response of Seminole County Tax Collector to Motion for an Order (A) Authorizing the Debtors to Sell Oviedo Property and Related Assets Free and Clear of Liens, Claims, and Interests, and (B) Granting Related Relief* has been furnished by *Notice of Electronic Filing* this 31 day of January, 2006 to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201

(cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com); and to all other parties using the CM/ECF system who have appeared in this matter.

/s/ Brian T. FitzGerald

Brian T. FitzGerald, Esq.