## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,             CASE NO. 05-03817-BKC-JAF

                                       Chapter 11 Voluntary Petition

    Debtors.

                                       (Jointly Administered)

_____/

### CREDITOR SUSAN HOUSEHOLDER'S MOTION TO ALLOW LATE FILED
### PROOF OF CLAIM AND MEMORANDUM OF LAW IN SUPPORT THEREOF

      Unsecured creditor, Susan Householder ("Householder"), by and through her undersigned counsel, submits Creditor Susan Householder's Motion to Allow Late Filed Proof of Claim and Memorandum of Law in Support Thereof ("Motion"), pursuant to Bankruptcy Rule 9006(b)(1), and in support states the following facts:

### Factual Background Supporting Allowed Claim

    1.      On November 25, 2005, Creditor's counsel, Glenn Goldman, filed Creditor's proof of claim asserting an unsecured claim on behalf of Creditor against Winn-Dixie Stores, Inc. ("Debtor") in the amount of $125,000.00 (the "Claim").

    2.      Creditor's Claim arises from a prepetition personal injury claim against the Debtor.

    3.      Specifically, the Claim arises from a case of liability against Debtor stemming from an injury sustained by Householder while an invitee to Debtor's premises and proximately caused by Debtor's negligence. The accident occurred on November 3, 2004.

    4.      On November 17, 2004, Householder's counsel provided Debtor with written notice of Householder's claim against it. A true copy of the correspondence is Exhibit A to the attached Affidavit of Glenn Goldman, Esquire in Support of Householder's Motion to Allow Late Filed Proof of Claim .[1]

---

[1] All references to the Affidavit of Glenn Goldman, Esquire in Support of Householder's Motion to Allow Late Filed Proof of Claim shall be referred to as, "Affidavit," followed by reference to the Exhibit attached to the Affidavit. For ease of reference, a copy of the Affidavit with corresponding exhibits is attached to this Motion. The original Affidavit shall be filed separately.

-2-

5.      On December 21, 2004, having received no response from Debtor, Householder

followed up her initial November 17, 2004 correspondence to Debtor with a subsequent written notice to

Debtor of Householder's claim against it.  See Affidavit, Exhibit B.

6.      On February 15, 2005, having still received no response from Debtor, Householder

followed up her previous correspondence to Debtor with another written notice to Debtor of her claim against

it.  See Affidavit, Exhibit C.

7.      In response to Householder's prior written notices to Debtor, Mr. Richard Law of

Sedgwick Claims Management Services, Inc. ("Sedgwick"), contacted Householder on behalf of Debtor,

acknowledged Householder's claim against Debtor, and provided a claim number.  It is Householder's

understanding that Sedgwick is the claims adjuster for Debtor.  On March 1, 2005, Mr. Law forwarded

correspondence to Householder requesting dates of availability for Housholder to provide a statement to him.

See Affidavit, Exhibit D.

8.      On March 16, 2005, Householder responded to Mr. Law's request for her statement

and provided dates of availability for same.  See Affidavit, Exhibit E.

9.      On March 24, 2005, Householder forwarded copies of her medical bills to Mr. Law

supporting her claim against Debtor.  See Affidavit, Exhibit F.

10.      On March 30, 2005, Mr. Law took Householder's statement, concerning the facts

surrounding her November 3, 2004, accident and resulting damages.  See Affidavit, paragraph 9.

11.      On  April 15, 2005, Householder forwarded additional medical bills to Mr. Law

regarding her claim against Debtor.  See Affidavit, Exhibit G.

12.      On July 1, 2005, Householder forwarded her most recent medical bills to Mr. Law

regarding her claim against Debtor.  See Affidavit, Exhibit H.

13.      On July 13, 2005, Householder forwarded a formal demand letter to Mr. Law

outlining the damages sustained by her and demanding settlement.  See Affidavit, Exhibit I.

-3-

14.    Householder's counsel had a telephone conversation with Mr. Law on August 3,

2005, wherein he advised that the bankruptcy stay was lifted on August 1, 2005 but that he could not settle

the Householder claim until the bankruptcy court provided him with authorization to do so. He stated that

he did not know when that would occur.

15.    On August 31, 2005, Householder's counsel again spoke with Mr. Law and he

advised that the bankruptcy court had not yet provided guidance on what he was permitted to do with regard

to settling claims.

16.    Thereafter, Householder's claim was transferred to Stephanie Knight of Sedgwick.

It was not until Householder's counsel's initial conversation with Ms. Knight on November 15, 2005 that he

was advised that Householder must file a proof of claim in the bankruptcy case. Unfortunately, Householder

was not advised of the existence of a claims bar date until months after the claims bar date had passed. See

Affidavit, Exhibit J.

17.    Prior to Householder's counsel's conversation with Ms. Knight, neither Householder

nor her counsel ever received written notice of Debtor's bankruptcy filing. Neither ever received any notice

whatsoever of any claims bar date. In fact, based upon Householder's counsel's conversations and

correspondence with Mr. Law, Householder was misled to believe that Mr. Law had the authority to address

Householder's claim against Debtor and was only awaiting direction from this Court as to the parameters of

settlement.

18.    Immediately upon being advised that there was a claims bar date, on November 16,

2005, Householder contacted the Winn-Dixie Claims Docketing Center c/o Logan & Company, Inc., in

writing, and Householder's proof of claim was docketed as filed on November 25, 2005.

19.    On January 12, 2006, Householder's counsel spoke with Ms. Knight, advised her that

Householder had filed a proof of claim and detailed the history of communications with Sedgwick regarding

Debtor's failure to provide Householder or her counsel notice of the claims bar date. Ms. Knight advised that

she would review Householder's file despite the late filed proof of claim. See Affidavit, Exhibit K.

-4-

20.    Based upon the factual history of Householder's Claim and the legal authority

discussed below, it is appropriate for this Court to enter an Order deeming Householder's Claim timely filed

and allowing Householder a distribution on her Claim.

### Memorandum of Law in Support of Allowed Claim

Initially, fundamental notions of due process mandate that Householder's Claim be allowed

and deemed a timely Claim. A review of the Debtor's sworn Bankruptcy Schedules and amendments thereto

reveals that neither Householder nor her attorney were listed as unsecured creditors of this bankruptcy estate.

Furthermore, the Master Service List of March 21, 2005 [Court Paper #479] also reveals the absence of

Householder and her counsel as parties to receive notice.  Accordingly, it cannot be disputed that

Householder's claim that neither she nor her counsel were ever served with any notice of claims bar date that

would have prompted the timely filing of her Claim.

This lack of notice coupled with the Debtor's agent's misleading statements and acknowledgment

of the Claim further militate in favor of Householder's position.  Since the Debtor failed to provide

Householder with notice of the claims bar date, her due process rights would be abrogated absent this Court

entering an order deeming the Claim timely filed and allowing Householder to receive a distribution on the

Claim in the ordinary course of administration of this estate.

However, even had the Debtor provided proper notice to Householder, her Claim would still

be entitled to treatment as a timely filed Claim subject to distribution.  Bankruptcy Rule 9006(b)(1) allows

a court to permit late filings where the movant's failure to comply with the deadline "was the result of

excusable neglect." Congress plainly contemplated that the courts would be permitted to accept late filings

caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond

the party's control. Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S.

380, 381 (1993). Since Congress provided no other guideposts for determining what sorts of neglect will be

considered "excusable," the United States Supreme Court concluded that the determination at bottom is an

equitable one, taking account of all relevant circumstances surrounding the party's omission. Id. at 394. The

BEHAR, GUTT & GLAZER, P.A.   2999 N.E. 191ST STREET, FIFTH FLOOR, AVENTURA, FLORIDA 33180
DADE: 305-931-2771  •  BROWARD: 954-733-7030  •  PALM BEACH: 561-347-7160  •  DADE FAX: 305-931-3774  •  PALM BEACH FAX: 561-347-7164

-5-

Supreme Court outlined the factors to be considered to include the danger of prejudice to the debtor, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

In applying the foregoing factors to the case at bar this Court must conclude that there is ample basis to support an order allowing Householder's Claim. This bankruptcy case is still pending and claims review has been ongoing and continues. No distributions have been made to any unsecured creditors as of the date of filing this Motion. Furthermore, Householder's stated Claim amount of $125,000.00 will have little impact on the amounts received by other allowed claimants and will certainly have no effect on the Debtor's ability to effectively reorganize. Accordingly, no prejudice can be claimed by the Debtor as a result of Householder's Claim being deemed timely filed.

Furthermore, the length of delay to these proceedings by the late filing of the Claim is negligible if at all. The claims bar date was August 1, 2005. Householder filed her Claim on November 25, 2005, immediately upon being put on notice by Sedgwick that a bar date existed. Accordingly, as stated herein, there is little if any impact on these proceedings caused by this minor delay.

However, even if the Debtor could show that this delay caused a substantial impact on these proceedings, it cannot escape the fact that the Debtor and its agents are the parties primarily responsible for the delayed filing; first, for failing to provide notice of the claims bar date to Householder and, second, for acknowledging Householder's Claim both pre and postpetition and communicating with Householder as if her Claim was acknowledged by the Debtor. These facts weigh heavily in favor of allowing the Claim as timely filed since it is apparent that Householder has acted in good faith and diligently at all times. Whereas, the Debtor's actions or lack thereof are the proximate caus of the late filing of the Claim. Certainly Debtor cannot benefit from its wrongdoing and/or negligence in this regard.

Therefore, in accordance with <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380 (1993), this Court should find that Householder acted in good faith, Debtor has not been prejudiced by the late filed Claim, and that notice of the bar date was deficient and nonexistent. This

-6-

Court should further order that these findings warrant entry of an order deeming the Claim timely filed and allowing Householder to share in distribution on her claim in the ordinary course of administration of this case.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order deeming Householder's Claim timely filed, allowing Householder to receive distribution on the Claim in the ordinary course of administration of this bankruptcy estate, and for such other and further relief as this Court may deem just and proper under the circumstances.

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed to the **Office of the U.S. Trustee**, 135 W. Central Blvd., Suite 620, Orlando, FL 32801, and to all interested parties listed on the attached Service List, this _31st_ day of January, 2006.

BEHAR, GUTT & GLAZER, P.A
Attorneys for Creditor Susan Householder
2999 N.E. 191st Street, Fifth Floor
Aventura, Florida 33180
Telephone: (305) 931-3771
Fax: (305) 931-33774

By: _____

BRIAN S. BEHAR
FBN: 727131
ROBERT J. EDWARDS
FBN: 007544

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,              CASE NO. 05-03817-BKC-JAF

                                              Chapter 11 Voluntary Petition

      Debtors.                              (Jointly Administered)

_____/

STATE OF FLORIDA          )
                          )    SS.
COUNTY OF BROWARD         )

### AFFIDAVIT OF GLENN GOLDMAN, ESQUIRE, IN SUPPORT OF HOUSEHOLDER'S MOTION TO ALLOW LATE FILED PROOF OF CLAIM

1.      My name is Glenn Goldman, I am competent to testify and I have first-hand knowledge of the facts stated herein.  I am the counsel representing Susan Householder ("Householder") concerning her personal injury claim against Winn-Dixie, Inc. ("Winn-Dixie"). Householder is a creditor of Winn-Dixie as detailed herein.

2.      Householder's claim against Winn-Dixie, Inc. arises from a case of liability against Winn-Dixie stemming from an injury sustained by Householder while an invitee to Winn-Dixie's premises and proximately caused by Winn-Dixie's negligence. The accident occurred on November 3, 2004.

3.      On November 17, 2004, I provided Winn-Dixie with written notice of Householder's claim against it.  A true copy of the correspondence that I drafted and forwarded to Winn-Dixie is attached hereto as Exhibit A.

4.      On December 21, 2004, having received no response from Winn-Dixie, I followed up my initial November 17, 2004 correspondence to Winn-Dixie with a subsequent written notice to Winn-Dixie of Householder's claim against it.  A true copy of the correspondence that I drafted and forwarded to Winn-Dixie is attached hereto as Exhibit B.

5.      On February 15, 2005, having still received no response from Winn-Dixie, I followed up my previous correspondence to Winn-Dixie with another written notice to Winn-Dixie of Householder's claim against it.  A true copy of the correspondence that I drafted and forwarded to Winn-Dixie is attached hereto as Exhibit C.

6.      In response to my prior written notices to Winn-Dixie, Mr. Richard Law of Sedgwick Claims Management Services, Inc. ("Sedgwick"), contacted me on behalf of Winn-Dixie and acknowledged Householder's claim against Winn-Dixie and provided a claim number.  It is my understanding that Sedgwick is the claims adjuster for Winn-Dixie. On March 1, 2005, Mr. Law forwarded correspondence to me requesting dates of availability for Housholder to provide a statement to him. A true copy of the correspondence that I received from Mr. Law is attached hereto as Exhibit D.

-2-

7.    On March 16, 2005, I responded to Mr. Law's request for Householder's statement and provided dates of availability for same. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit E.

8.    On March 24, 2005, I forwarded copies of Householder's medical bills to Mr. Law regarding Householder's claim against Winn-Dixie. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit F.

9.    On March 30, 2005, Richard Law took Susan Householder's statement, concerning the facts surrounding her November 3, 2004, accident, and resulting damages.

10.    On April 15, 2005, I forwarded additional medical bills of Householder to Mr. Law regarding Householder's claim against Winn-Dixie. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit G.

11.    On July 1, 2005, I forwarded additional medical bills of Householder to Mr. Law regarding Householder's claim against Winn-Dixie. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit H.

12.    On July 13, 2005, I forwarded a formal demand letter to Mr. Law outlining the damages sustained by Householder and demanding settlement. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit I.

12.    I had a telephone conversation with Mr. Law on August 3, 2005, wherein he advised me that the bankruptcy stay was lifted on August 1, 2005 but that he could not settle the Householder claim until the bankruptcy court provided him with authorization to do so. He stated that he did not know when that would occur.

13.    On August 31, 2005, I again spoke with Mr. Law and he advised that the bankruptcy court had not yet provided guidance on what he was permitted to do with regard to settling claims.

14.    Thereafter, Householder's claim was transferred to Stephanie Knight of Sedgwick. It was not until my initial conversation with Ms. Knight on November 15, 2005 that I was advised that Householder must file a proof of claim in the bankruptcy case. Unfortunately, I was not advised of the existence of a claims bar date until months after the claims bar date had passed. A true copy of the correspondence that I drafted and forwarded to Ms. Knight on November 16, 2005, is attached hereto as Exhibit J.

15.    Prior to my conversation with Ms. Knight, I never received written notice of Winn-Dixie's bankruptcy filing. I never received any notice whatsoever of any claims bar date. In fact, based upon my conversations and correspondence with Mr. Law, I was misled to believe that Mr. Law had the authority to address Householder's claim against Winn-Dixie and was only awaiting direction from the court as to the parameters of settlement. Householder has also advised me that she has never received any notice of a claims bar date in this matter.

16.    Immediately upon being advised that there was a claims bar date, on November 16, 2005, I contacted the Winn-Dixie Claims Docketing Center c/o Logan & Company, Inc., in writing, and Householder's proof of claim was docketed as filed on November 25, 2005.

-3-

17.    On January 12, 2006, I spoke with Ms. Knight, advised her that I had filed a proof of claim and detailed the history of communications with her firm regarding Winn-Dixie's failure to provide me or Householder notice of the claims bar date. Ms. Knight advised that she would review Householder's file despite the late filed proof of claim. A true copy of the correspondence that I drafted and forwarded to Ms. Knight confirming this conversation is attached hereto as Exhibit K.

FURTHER AFFIANT SAYETH NAUGHT.

GLENN GOLDMAN

**SWORN TO AND SUBSCRIBED** before me, this 31 day of January , 2006, by GLENN GOLDMAN who is personally known to me, or produced _____ as identification, and who did (did not) take an oath.

My Commission Expires:

NOTARY PUBLIC

Denise E. Morrison
My Commission DD287376
Expires March 03, 2008



### GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
*Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

November 17, 2004

Winn Dixie
1199 South Federal Highway
Pompano Beach, Florida 33062

RE:   **OUR CLIENT:**        **SUSAN HOUSEHOLDER**
      **DATE OF ACCIDENT:**  **11/03/04**

Dear Sir/Madam:

This is to advise that we have been retained to represent the above named client with respect to personal injuries which were sustained as a result of an accident that occurred on the above date.

Please contact the undersigned immediately upon receipt of this letter and advise us of the name of your insurance carrier and the policy number so that we may contact them directly concerning this matter.   We are enclosing a self-addressed stamped envelope for your use in returning this information to us.

If we do not receive a response from you, we will do whatever is necessary to protect our client's interests.   We trust this will not be necessary and that you will govern yourselves accordingly.

We look forward to hearing from you.

Sincerely,


GLENN GOLDMAN, ESQUIRE
GG:dem
Enclosures
cc:Client

Re:Susan Householder
November 17, 2004
Page Two

We had insurance at the time of the within accident.   The name of the insurance carrier
is:_____

The name and address of the agent is:_____

_____

The policy number is:_____

Dated:_____     Signed:_____



GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
*Attorneys at Law*

EX DASZKAL
ENN GOLDMAN
NNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

December 21, 2004

**SECOND REQUEST**

Winn Dixie
1199 South Federal Highway
Pompano Beach, Florida 33062

RE:   OUR CLIENT:         **SUSAN HOUSEHOLDER**
      DATE OF ACCIDENT:   **11/03/04**

Dear Sir/Madam:

This is to advise that we have been retained to represent the above named client with respect to personal injuries which were sustained as a result of an accident that occurred on the above date.

Please contact the undersigned immediately upon receipt of this letter and advise us of the name of your insurance carrier and the policy number so that we may contact them directly concerning this matter.   We are enclosing a self-addressed stamped envelope for your use in returning this information to us.

If we do not receive a response from you, we will do whatever is necessary to protect our client's interests.  We trust this will not be necessary and that you will govern yourselves accordingly.

We look forward to hearing from you.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:dem
Enclosures
cc:Client

Re:Susan Householder
December 21, 2004
Page Two

We had insurance at the time of the within accident.    The name of the insurance carrier
is:_____

The name and address of the agent is:_____

_____

The policy number is:_____

Dated:_____    Signed:_____



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### *Attorneys at Law*

*ALEX DASZKAL*
*GLENN GOLDMAN*
*KENNETH A. CUTLER*

*BRIAN BOLTON*
*JEFFREY D. KIRBY*

February 15, 2005

**THIRD REQUEST**

Winn Dixie
1199 South Federal Highway
Pompano Beach, Florida 33062

RE:   OUR CLIENT:          **SUSAN HOUSEHOLDER**
      DATE OF ACCIDENT:    11/03/04

Dear Sir/Madam:

This is to advise that we have been retained to represent the above named client with respect to personal injuries which were sustained as a result of an accident that occurred on the above date.

Please contact the undersigned immediately upon receipt of this letter and advise us of the name of your insurance carrier and the policy number so that we may contact them directly concerning this matter. We are enclosing a self-addressed stamped envelope for your use in returning this information to us.

If we do not receive a response from you, we will do whatever is necessary to protect our client's interests. We trust this will not be necessary and that you will govern yourselves accordingly.

We look forward to hearing from you.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:dem
Enclosures
cc:Client

Re:Susan Householder
February 15, 2005
Page Two


We had insurance at the time of the within accident.  The name of the insurance carrier
is:_____


The name and address of the agent is:_____

_____


The policy number is:_____


Dated:_____        Signed:_____



## Sedgwick

**Sedgwick Claims Management Services, Inc.**
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5345  Facsimile 904-419-5365

March 1, 2005

**COPY SENT BY FAX TO: 954-428-9338**

Goldman & Daszkael, Attorney's at Law
Attn:  Glenn Goldman, Esquire
1630 West Hillsboro Boulevard
Deerfield Beach, Florida 33442

Re:     Date of Incident  : 11/3/2004
        Your Client       : Susan Householder
        Claim #           : A411215952
        Location          : Winn Dixie Store # 217      Pompano Beach, Florida 33062

Dear  Mr. Goldman:

You advised me your secretary would be setting up a date and time for us to obtain a statement on this case when we discussed this case on November 9, 2004.

I still need to complete the investigation on this case and would like to proceed with obtaining your client's statement as soon as possible. Would you please have your secretary arange a date and time that works for all parties.

Thank you for your assistance and cooperation.

Sincerely,

*Richard J. Law*

Richard J. Law
General Liability Claims Representative
Encl.

Obtaining the medical & wage information is for the purpose of evaluating your claim and does not assume liability on Winn-Dixie or Sedgwick Claims Management Services, Inc. to pay or reimburse an expenses incurred as a result of this incident.



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### Attorneys at Law

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

March 16, 2005

Sedgwick Claims Management Services, Inc.
Attention: Richard Law
Post Office Box 24787
Jacksonville, Florida 32241

RE:  **INSURED:**          **WINN DIXIE**
     **DATE OF LOSS:**      11/03/04
     **CLAIM NUMBER:**      A411215952
     **OUR CLIENT:**        **SUSAN HOUSEHOLDER**

Dear Mr. Law:

Pursuant to your request, please be advised that I have arranged for my client, Susan Householder, to be available on March, 30, 2005 at 10:00 a.m., so that you may take a recorded statement at that time.

If this date is inconvenient for you, please contact my secretary, Denise, immediately so that arrangements may be made to reschedule this appointment.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:dem
cc: Client



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### *Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

March 24, 2005

Sedgwick Claims Management Services, Inc.
Attention: Richard Law
Post Office Box 24787
Jacksonville, Florida 32241

RE:   INSURED:                 **WINN DIXIE**
      DATE OF LOSS:            11/03/04
      CLAIM NUMBER:            A411215952
      OUR CLIENT:              SUSAN HOUSEHOLDER

Dear Mr. Law:

Enclosed herewith please find the following with respect to the above named client:

1.   *Satish Shah, M.D.:* Medical bill(s) for services rendered 11/11/04 to 01/10/05 in the amount of $3,240.00, and medical records dated same.
2.   *Stand-Up MRI:* Medical bill(s) for services rendered 11/15/04 and 11/22/04 in the amount of $4,985.00.
3.   *Imperial Point Medical Center:* Medical bill(s) for services rendered 11/04/04 in the amount of $1,174.00, and medical records dated same.

**Medical bills to date total approximately $9,399.00.**

We will continue to forward copies of all bills and reports as they are received in this office.

Thank you for your cooperation with respect to this matter.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:dem
cc:Client
Enclosures

1630 West Hillsboro Boulevard • Deerfield Beach, Florida 33442 • Phone (954) 428-9333 • Fax (954) 428-9339



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### Attorneys at Law

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

April 15, 2005

Sedgwick Claims Management Services, Inc.
Attention: Richard Law
Post Office Box 24787
Jacksonville, Florida 32241

RE:    INSURED:              WINN DIXIE
       DATE OF LOSS:         11/03/04
       CLAIM NUMBER:         A411215952
       OUR CLIENT:           SUSAN HOUSEHOLDER

Dear Mr. Law:

Enclosed herewith please find the following with respect to the above named client:

1.    *Richard Bailyn, M.D.:* Medical bill(s) for services rendered 03/24/05 in the amount of $425.00, and medical records dated 03/11/05.
2.    *Prescriptions:* Receipts dated 11/04/04 to 03/18/05, totaling $197.58

**Medical bills to date total approximately $9,824.00.**

We will continue to forward copies of all bills and reports as they are received in this office.

Thank you for your cooperation with respect to this matter.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:dem
cc:Client
Enclosures

## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
*Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

July 1, 2005

Sedgwick Claims Management Services, Inc.
Attention: Richard Law
Post Office Box 24787
Jacksonville, Florida 32241

RE:   **INSURED:**            **WINN DIXIE**
      **DATE OF LOSS:**       **11/03/04**
      **CLAIM NUMBER:**       **A411215952**
      **OUR CLIENT:**         **SUSAN HOUSEHOLDER**

Dear Mr. Law:

Enclosed herewith please find the following with respect to the above named client:

1.    *__Satish Shah, M.D.:__* Medical bill(s) for services rendered 01/15/05 to 06/30/05 in the amount of $644.00.

**Medical bills to date total approximately $10,468.00.**

We will continue to forward copies of all bills and reports as they are received in this office.

Thank you for your cooperation with respect to this matter.

Sincerely,


GLENN GOLDMAN, ESQUIRE
GG:dem
cc:Client
Enclosures



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### *Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

July 13, 2005

Sedgwick Claims Management Services, Inc.
Attention: Richard Law
Post Office Box 24787
Jacksonville, Florida 32241

RE:   **INSURED:**           **WINN DIXIE**
      **DATE OF LOSS:**       11/03/04
      **CLAIM NUMBER:**       A411215952
      **OUR CLIENT:**         **SUSAN HOUSEHOLDER**

Dear Mr. Law:

Enclosed please find the following with respect to my client, Susan Householder:

1.   Final report from Dr. Satish J. Shah dated June 30, 2005 indicating a 13% permanent impairment to the body as a whole, from an orthopedic standpoint. Please note complaints of left hip, left knee, neck and back pain. Dr. Shah's assessment was herniated disc at C6-7 and bulging discs at C5-6 and L5-S1. Dr. Shah notes positive objective findings of tenderness and muscle spasm in Susan's cervical and lumbar spines. It is Dr. Shah's opinion that Susan sustained all of the above mentioned injuries, as a direct result of her accident of November 03, 2004.

2.   Medical records from Dr. Richard Bailyn dated March 11, 2004.

3.   Lumbar and right knee MRI reports dated November 19, 2004. Please note Dr. Satish J. Shah's opinion of a posterior left lateral C6-7 disc herniation resulting in indentation of the left anterior thecal sac and mild spinal canal narrowing and left lateral neural foramen, left C7 nerve root impingement cannot be excluded.

4.   Medical records from Imperial Point Medical Center dated November 04, 2004.

Sedgwick Claims Management Services Inc
Re: Susan Householder
July 14, 2005
Page Two

Susan Householder's medical bills to date total approximately $10,468.00. The following is a summary of her medical bills incurred to date:

| MEDICAL PROVIDERS | AMOUNT BILLED |
|---|---|
| Satish Shah, M.D. | $ 3,884.00 |
| Stand-Up MRI | $ 4,985.00 |
| Imperial Point Medical Center | $ 1,174.00 |
| Richard Bailyn M.D. | $   425.00 |
| *Total Amount Billed* | *$10,468.00* |

I am sure you will agree this is a case of liability against your insured, Winn Dixie, Inc. On November 03, 2004, at approximately 2:00p.m., my client, Susan Householder, slipped and fell at the Winn Dixie, located on Federal Highway and McNab Road, Pompano Beach, Broward County, Florida. As mentioned in Susan's recorded statement, she slipped and fell backwards over water, mostly onto her right side. There were no warning signs, or wet floor signs in the area, and after Susan's fall, the manager helped Susan get off the ground and mopped up the spill. As a business invitee Winn Dixie owed Susan the highest degree of care.

Prior to the accident, Susan was a healthy, single, forty-seven (47) year old, with no prior neck or knee injuries. This accident has seriously interfered with her normal day to day life, as well as her ability to bend, lift, walk long distances, stand for long periods of time, or any overhead reaching. Since the accident Susan now suffers from insomnia since she remains in constant pain.

Taking into consideration the absolute clear liability against your insured, Winn Dixie, Susan's past and future medical and hospital expenses, loss of earning capacity, future loss of earning capacity, her pain and suffering, permanent injuries and all other damages duly recoverable under the laws of the State of Florida, we hereby demand to settle this case for $125,000.00 prior to litigation.

Based on the foregoing, we hereby demand your settlement check in the amount of $125,000.00. This offer will remain open for twenty (20) days from the date you receive this letter. Should your check made payable to "Susan Householder, and the Law Offices of Goldman, Daszkal, Cutler, Bolton & Kirby, her attorneys" in the amount of $125,000.00 not be tendered in my office within twenty (20) days of your receipt of this letter, we will withdraw our offer to settle and seek substantially more from the jury.

We would request that within ten (10) days of your receipt of this demand package, you contact our

Sedgwick Claims Management Services
Re: Susan Householder
July 14, 2005
Page Three

office with any request for additional records. If we do not hear from you within ten (10) days, we will not grant any extensions on this time limit demand on the basis of a request for additional records.

We look forward to settling this case as soon as possible. If you have any questions or wish to discuss this matter in more detail, please do not hesitate to contact my office.

Thank you for your cooperation with respect to this matter.

Sincerely,


GLENN GOLDMAN, ESQUIRE
GG:jc
cc:Client
Enclosures



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### *Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

November 16, 2005

Sedgwick Claims Management Services, Inc.
Attention: Stephanie Knight
Post Office Box 24787
Jacksonville, Florida 32241

RE:     **INSURED:**          **WINN DIXIE**
        **DATE OF LOSS:**     **11/03/04**
        **CLAIM NUMBER:**     **A411215952**
        **OUR CLIENT:**       **SUSAN HOUSEHOLDER**

Dear Ms. Knight:

This will confirm our conversation of November 15, 2005, wherein I questioned the status of my demand for settlement dated July 13, 2005. You questioned whether we ever received a proof of claim form, and I indicated that I had not. Further, I subsequently contacted my client, Susan Householder, and she also indicated that she had not received the proof of claim form.

Pursuant to your instructions, I went on the Logan & Company website, printed a proof of claim form, and submitted it, notwithstanding the fact that it is past the deadline for filing. Further, pursuant to your request, I have requested a questionnaire, as well.

Based upon the fact that I originally notified Winn-Dixie of our clients claim on November 17, 2004, and have had several letters sent to Richard Law, at Sedgwick Claims Management, as well as our demand for settlement dated July 13, 2005, I am requesting that you obtain settlement authority from Winn-Dixie, and/or the bankruptcy court, and respond to our demand.

I look forward to your response.

Very Truly Yours,

GLENN GOLDMAN, ESQUIRE
GG:dem
cc: Client



GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
*Attorneys at Law*

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

November 16, 2005

*VIA CERTIFIED MAIL# 7003 2260 0007 4245 4215*
*RETURN RECEIPT REQUESTED*

Winn-Dixie Claims Docketing Center
c/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

RE:    INSURED:            WINN DIXIE
       DATE OF LOSS:       11/03/04
       CLAIM NUMBER:       A411215952
       OUR CLIENT:         SUSAN HOUSEHOLDER

To Whom It May Concern:

Please be advised that nor my office, nor my client, Susan Householder, was ever given a proof of claim form to file with the United States Bankruptcy Court in this matter. As such, enclosed please find our original proof of claim, as well as a photocopy, and a self-addressed stamped envelope. Please accept our proof of claim form, notwithstanding the fact that it is passed the deadline, and provide my office with a questionnaire to fill out and return.

I will look forward to receipt of the questionnaire, and a stamped copy of the proof of claim form.

Very Truly Yours,


GLENN GOLDMAN, ESQUIRE
GG:dem
cc: Client
Enclosures

1630 West Hillsboro Boulevard • Deerfield Beach, Florida 33442 • Phone (954) 428-9333 • Fax (954) 428-9339
Boynton Beach (561) 737-7000



## GOLDMAN, DASZKAL, CUTLER, BOLTON & KIRBY
### Attorneys at Law

ALEX DASZKAL
GLENN GOLDMAN
KENNETH A. CUTLER

BRIAN BOLTON
JEFFREY D. KIRBY

January 13, 2006

Sedgwick Claims Management Services, Inc.
Attention: Stephanie Knight
Post Office Box 24787
Jacksonville, Florida 32241

RE:    INSURED:         WINN DIXIE
         DATE OF LOSS:    11/03/04
         CLAIM NUMBER:    A411215952
         OUR CLIENT:      SUSAN HOUSEHOLDER

Dear Ms. Knight:

This will confirm our conversation of January 12, 2006, wherein I indicated that you should disregard the letter that I sent you, December 9, 2005, indicating that I no longer represented Susan Householder, as I still do currently represent her. Further, I indicated that pursuant to your request, I filed a proof of claim form with the bankruptcy court, which was received by Logan & Company on November 25, 2005. I indicated that I had been in correspondence with Winn Dixie since November 17, 2004, and that the previous adjuster, Richard Law, of your company, never mentioned the requirement of a proof of claim form, despite several telephone conversations, and letters, that were sent to him. Even as of August 3, 2005, I spoke with Richard Law, and he indicated that the bankruptcy stay was lifted on August 1, 2005, but that he was waiting to hear on when he could respond to demand letters. On August 31, 2005, Richard Law indicated that the bankruptcy court had not yet told him what he was allowed to do, and he did not know when he was going to find out. Additionally, neither my client, Susan Householder, nor my office, ever received any correspondence from the bankruptcy court, regarding your client, Winn Dixie.

I know you are in receipt of my demand letter dated July 13, 2005. As discussed in our conversation of January 12, 2006, you indicated you would review my client, Susan Householder's, file, and see if you could push it through and obtain settlement authority, even though the proof of claim form was filed late.

If you haven't already done so, kindly call my office with a response, and counter-offer, to our demand dated July 13, 2005. I will look forward to hearing from you.

Sincerely,

GLENN GOLDMAN, ESQUIRE
GG:dem
cc:Client