UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### DEBTORS' AMENDED MOTION FOR ORDER AUTHORIZING PAYMENT OF CEO RETENTION INCENTIVE

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above captioned cases, as debtors and debtors-in-possession (collectively, the "Debtors"), file this Amended Motion for Order Authorizing Payment of CEO Retention Incentive. In support of this Amended Motion, the Debtors state as follows:

### Background and Amendment to Motion

1. On January 18, 2006, the Debtors filed a motion (the "Motion") seeking an order authorizing the Debtors to pay a retention incentive (the "CEO Retention Incentive") to their President and Chief Executive Officer, Peter L. Lynch ("Lynch"). Except as otherwise stated, the Motion is incorporated by reference to this Amended Motion.

2. Following the filing of the Motion, the Debtors engaged in discussions with the Official Committee of Unsecured Creditors (the "Creditors Committee") regarding

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

concerns raised by the Creditors Committee with respect to the CEO Retention Incentive as originally described in the Motion. In an effort to resolve those concerns, and as a result of the Debtors' negotiations with the Creditors Committee, the Debtors have agreed to the amendments to the proposed CEO Retention Incentive described below.

3. As originally filed in the Motion, the Debtors sought to pay Lynch a CEO Retention Incentive of $2 million in consideration for Lynch remaining in the Debtors' employ through and including December 31, 2006. As amended, the Debtors propose to pay Lynch a CEO Retention Incentive of $1.15 million in exchange for Lynch remaining in the Debtors' employ through and including August 31, 2006.

4. The CEO Retention Incentive, as amended, will be paid as soon as is practicable (but in any event within five days) following the date upon which the Court enters an order approving payment of the CEO Retention Incentive on the terms described in this Amendment.

5. The CEO Retention Incentive, as amended, will be subject to forfeiture under either of the following circumstances: (a) the Debtors terminate Lynch for cause on or before August 31, 2006 or (b) Lynch terminates his employment with the Debtors without good reason and other than for disability on or before August 31, 2006. As soon as is practicable (but in any event within five days) following Lynch's termination under either of the circumstances described in (a) or (b) of the preceding sentence, Lynch will be required to repay the $1.15 million CEO Retention Incentive, as amended and without interest, to the Debtors.

6.      The Creditors Committee has informed the Debtors that it supports the relief requested in this Amended Motion and the payment of the CEO Retention Incentive to Lynch.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form of Exhibit A, authorizing the Debtors to pay the $1.15 million CEO Retention Incentive as amended by this Amended Motion and (ii) grant the Debtors such other and further relief as the Court deems just and proper.

Dated:  February 1, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   */s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Walker Gray <br> David M. Turetsky <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) | By   */s/ Cynthia C. Jackson*  <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson <br> Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) |

## Exhibit A

1083265-New York Server 7A - MSW

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER AUTHORIZING PAYMENT OF
## CEO RETENTION INCENTIVE

These cases came before the Court for hearing on February 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to pay a retention incentive (the "CEO Retention Incentive") to Peter L. Lynch ("Lynch"), the Debtors' President and Chief-Executive Officer (the "Motion"),[1] as amended by the amended motion filed by the Debtors (the "Amended Motion"). The Court has reviewed the Motion and the Amended Motion and has considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given and that a sound business reason exists for paying the CEO Retention Incentive, as described in the Amended Motion, the Court determines that good cause exists to grant the relief requested in the Motion as amended by the Amended Motion and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion as amended by the Amended Motion is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2

2. The Debtors are authorized to pay Lynch a CEO Retention Incentive of $1.15 million (net of any taxes that must be withheld pursuant to applicable law) in consideration for Lynch's remaining in the Debtors' employ through August 31, 2006.

3. Notwithstanding the foregoing, the CEO Retention Incentive shall be subject to forfeiture under either of the following circumstances: (a) the Debtors terminate Lynch for cause on or before August 31, 2006 or (b) Lynch terminates his employment with the Debtors without good reason and other than for disability on or before August 31, 2006. As soon as is practicable (but in any event within five days) following Lynch's termination under either of the circumstances described in (a) or (b) of the preceding sentence, Lynch shall repay the $1.15 million CEO Retention Incentive, without interest, to the Debtors.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated February ___, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.