UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.   CASE NO. 05-03817-BKC-JAF

    Debtor   Chapter 11 Voluntary Petition

_____/   (Jointly Administered)


### NOTICE OF FILING AFFIDAVIT OF GLENN GOLDMAN, ESQUIRE

**GLENN GOLDMAN**, by and through his undersigned counsel, hereby files with this Court, the original Affidavit of Glenn Goldman, Esquire, in Support of Householder's Motion to Allow Late Filed Proof of Claim.

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed to the **Office of the U.S. Trustee**, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801, this ____ day of February, 2006.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

                                            **BEHAR, GUTT & GLAZER, P.A.**
                                            Attorneys for Glenn Goldman, Esquire
                                            2999 N.E. 191st Street, Fifth Floor
                                            Aventura, Florida 33130
                                            Telephone: (305) 931-3771
                                            Fax: (305) 931-3774

                                  By: _____
                                       ROBERT J. EDWARDS
                                       FBN: 007544

S:\109233.01\Pleadings\Notice.Filing.Affidavit.wpd

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE STORES, INC., et al.,         CASE NO. 05-03817-BKC-JAF

Chapter 11 Voluntary Petition

Debtors.

(Jointly Administered)

_____/

STATE OF FLORIDA    )
                              ) SS.
COUNTY OF BROWARD  )

### AFFIDAVIT OF GLENN GOLDMAN, ESQUIRE, IN SUPPORT OF HOUSEHOLDER'S MOTION TO ALLOW LATE FILED PROOF OF CLAIM

1. My name is Glenn Goldman, I am competent to testify and I have first-hand knowledge of the facts stated herein. I am the counsel representing Susan Householder ("Householder") concerning her personal injury claim against Winn-Dixie, Inc. ("Winn-Dixie"). Householder is a creditor of Winn-Dixie as detailed herein.

2. Householder's claim against Winn-Dixie, Inc. arises from a case of liability against Winn-Dixie stemming from an injury sustained by Householder while an invitee to Winn-Dixie's premises and proximately caused by Winn-Dixie's negligence. The accident occurred on November 3, 2004.

3. On November 17, 2004, I provided Winn-Dixie with written notice of Householder's claim against it. A true copy of the correspondence that I drafted and forwarded to Winn-Dixie is attached hereto as Exhibit A.

4. On December 21, 2004, having received no response from Winn-Dixie, I followed up my initial November 17, 2004 correspondence to Winn-Dixie with a subsequent written notice to Winn-Dixie of Householder's claim against it. A true copy of the correspondence that I drafted and forwarded to Winn-Dixie is attached hereto as Exhibit B.

5. On February 15, 2005, having still received no response from Winn-Dixie, I followed up my previous correspondence to Winn-Dixie with another written notice to Winn-Dixie of Householder's claim against it. A true copy of the correspondence that I drafted and forwarded to Winn-Dixie is attached hereto as Exhibit C.

6. In response to my prior written notices to Winn-Dixie, Mr. Richard Law of Sedgwick Claims Management Services, Inc. ("Sedgwick"), contacted me on behalf of Winn-Dixie and acknowledged Householder's claim against Winn-Dixie and provided a claim number. It is my understanding that Sedgwick is the claims adjuster for Winn-Dixie. On March 1, 2005, Mr. Law forwarded correspondence to me requesting dates of availability for Housholder to provide a statement to him. A true copy of the correspondence that I received from Mr. Law is attached hereto as Exhibit D.

-2-

7.     On March 16, 2005, I responded to Mr. Law's request for Householder's statement and provided dates of availability for same. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit E.

8.     On March 24, 2005, I forwarded copies of Householder's medical bills to Mr. Law regarding Householder's claim against Winn-Dixie. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit F.

9.     On March 30, 2005, Richard Law took Susan Householder's statement, concerning the facts surrounding her November 3, 2004, accident, and resulting damages.

10.    On April 15, 2005, I forwarded additional medical bills of Householder to Mr. Law regarding Householder's claim against Winn-Dixie. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit G.

11.    On July 1, 2005, I forwarded additional medical bills of Householder to Mr. Law regarding Householder's claim against Winn-Dixie. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit H.

12.    On July 13, 2005, I forwarded a formal demand letter to Mr. Law outlining the damages sustained by Householder and demanding settlement. A true copy of the correspondence that I drafted and forwarded to Mr. Law is attached hereto as Exhibit I.

12.    I had a telephone conversation with Mr. Law on August 3, 2005, wherein he advised me that the bankruptcy stay was lifted on August 1, 2005 but that he could not settle the Householder claim until the bankruptcy court provided him with authorization to do so. He stated that he did not know when that would occur.

13.    On August 31, 2005, I again spoke with Mr. Law and he advised that the bankruptcy court had not yet provided guidance on what he was permitted to do with regard to settling claims.

14.    Thereafter, Householder's claim was transferred to Stephanie Knight of Sedgwick. It was not until my initial conversation with Ms. Knight on November 15, 2005 that I was advised that Householder must file a proof of claim in the bankruptcy case. Unfortunately, I was not advised of the existence of a claims bar date until months after the claims bar date had passed. A true copy of the correspondence that I drafted and forwarded to Ms. Knight on November 16, 2005, is attached hereto as Exhibit J.

15.    Prior to my conversation with Ms. Knight, I never received written notice of Winn-Dixie's bankruptcy filing. I never received any notice whatsoever of any claims bar date. In fact, based upon my conversations and correspondence with Mr. Law, I was misled to believe that Mr. Law had the authority to address Householder's claim against Winn-Dixie and was only awaiting direction from the court as to the parameters of settlement. Householder has also advised me that she has never received any notice of a claims bar date in this matter.

16.    Immediately upon being advised that there was a claims bar date, on November 16, 2005, I contacted the Winn-Dixie Claims Docketing Center c/o Logan & Company, Inc., in writing, and Householder's proof of claim was docketed as filed on November 25, 2005.

-3-

17.    On January 12, 2006, I spoke with Ms. Knight, advised her that I had filed a proof of claim and detailed the history of communications with her firm regarding Winn-Dixie's failure to provide me or Householder notice of the claims bar date. Ms. Knight advised that she would review Householder's file despite the late filed proof of claim. A true copy of the correspondence that I drafted and forwarded to Ms. Knight confirming this conversation is attached hereto as Exhibit K.

FURTHER AFFIANT SAYETH NAUGHT.

_____
GLENN GOLDMAN

**SWORN TO AND SUBSCRIBED** before me, this  31  day of  January , 2006, by GLENN GOLDMAN who is personally known to me, or produced _____ as identification, and who did (did not) take an oath.

My Commission Expires:

_____
NOTARY PUBLIC

Denise E. Morrison
My Commission DD287376
Expires March 03, 2008