IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                          CASE NO.: 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., et al.,                 Chapter 11

        Debtors.
_____/

**OBJECTION BY AD HOC COMMITTEE OF WINN-DIXIE
RETIREES TO DEBTORS' AMENDED MOTION FOR ORDER
AUTHORIZING PAYMENT OF CEO RETENTION INCENTIVE**

      THE AD HOC COMMITTEE OF WINN-DIXIE RETIREES ("Retirees"), through its undersigned attorney, hereby files its Objection to Debtors' Amended Motion for Order Authorizing Payment of CEO Retention Incentive, and as grounds therefore would state as follows:

**Factual Background**

      1.    On January 18, 2006, the Debtors filed a motion (the "Motion") seeking an order authorizing the Debtors to pay a retention incentive to Peter L. Lynch, President and Chief Executive Officer of the Debtors ("Mr. Lynch"). The motion sought to pay Lynch a $2 million retention bonus in exchange for Mr. Lynch agreeing to remain with the Debtors through December 31, 2006.

      2.    On February 1, 2006, the Debtors filed their Amended Motion for Order Authorizing Payment of CEO Retention Incentive ("Amended Motion"). The Amended Motion reduced the retention bonus to $1.15 million and the retention period to August 31, 2006. In the Amended Motion, the Debtors failed to state with specificity both the concerns raised by the Official Committee of Unsecured Creditors ("Creditors Committee") and the reasons for the reduction of the applicable retention period to August 31, 2006.

      3.    The Notice of Hearing circulated by counsel for the Debtors, dated January 18, 2006, stated that any objections to the Motion had to be received by both the local and lead counsels for the Debtors no later than February 2, 2006, in order to receive consideration by the Court. However, the undersigned Counsel for the Retirees did not receive electronic notification of the filing of the Amended Motion until after the original response deadline passed.

**Objection to the Relief Requested**

      4.    While the Retirees are pleased with the progress the Debtors have made in recent months under the leadership of Mr. Lynch, they are still concerned with the terms of retention (or lack thereof) outlined in the Amended Motion. In particular, the Retirees are concerned with

the shortening of the retention period to the end of August. Even if the Debtors are able to emerge from bankruptcy on the timetable they currently projecting, it is imperative that they have a continuity of leadership to guide them through those first vital months post-confirmation. While the Retirees support the reduction in the retention bonus to $1.15 million, they do not support the reduction of the applicable period to August 31, 2006. In light of the reductions in pay many of Winn-Dixie's employees have faced, the substantial likelihood that Winn-Dixie's shareholders will receive no distribution under any proposed plan, and the unwillingness of Winn-Dixie to commit to fully honoring its promises to its retired employees, the Retirees see no harm in asking Lynch to sacrifice for the good of Winn-Dixie and agree to stay on through the end of the year for a mere $1.15 million.

WHEREFORE, the Retirees would respectfully request that the Court deny the Debtors' Amended Motion for Order Authorizing Payment of CEO Retention Incentive to the extent such motion would pay Mr. Lynch $1.15 million in consideration for his commitment to the Debtors for a time period less than that set forth in the original Motion and for such other relief as the Court deem just and proper.

I HEREBY CERTIFY that a copy of the foregoing has been furnished electronically to D.J. Baker at djbaker@skadden.com and to Cynthia C. Jackson at cjackson@smithhulsey.com this 6th day of February, 2006.

**FRIEDLINE & McCONNELL, P.A.**

/s/ Jerrett M. McConnell

_____
JERRETT M. McCONNELL
Florida Bar #0244960
1756 University Boulevard S.
Jacksonville, FL 32216
(904) 727-7850
Attorney for Ad Hoc Committee of Winn-Dixie Retirees