UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*,) | (Jointly Administered) |
| ) | Judge Jerry A. Funk |
| Debtors. ) | |
| ) | |
| ) | |

**FLORIDA TAX COLLECTORS' RESPONSE TO DEBTORS' MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING**

The Florida Tax Collectors[1], through their undersigned counsel, file this response to Debtors' Motion for Continuance of Evidentiary Hearing (Dkt. No. 5328) (the "Motion"), and state:

1. The Debtors have requested a continuance of the hearing on the Florida Tax Collectors' Motion for Adequate Protection (Dkt. No. 4284) currently set for March 1, 2006, until a date after April 1, 2006. The Debtors allege that there is no case or controversy between the Debtors and the Florida Tax Collectors prior to the "April 1 Due Date", and that the scheduled hearing is premature. Although the Motion refers to an "April 1 Due Date" for payment of the 2005 ad valorem taxes, these taxes are in fact currently due and payable (and have been since November 1, 2005) pursuant to Section 197.333, Florida Statutes. April 1, 2006 is not a "due date" for payment of these taxes, but rather the date upon which such taxes become delinquent and the date on which statutory interest begins to accrue.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

2. There is in fact a current controversy due to the nature of Florida property tax law, which provides for the collection of taxes in arrears. The 2005 ad valorem taxes now due and payable are to fund the 2005 budgets of the various Florida counties and numerous local taxing districts, and these funds are necessary for expenses already incurred and checks which have been written pursuant to these 2005 budgets. The financial impact of the failure to timely pay these taxes, especially upon smaller counties and local taxing authorities, should not be underestimated. These property taxes fund the basic services provided by local governments, including without limitation all county services, police, fire, road maintenance, and schools, all of which the Debtors have enjoyed the benefit of throughout the pending bankruptcy.

3. The Motion states in paragraph 10 that: "The parties will not know until after the April 1 deadline which portion of the Debtors' 2005 ad valorem property taxes on which of its 395 stores will be in dispute." The Debtors employ personnel sophisticated in ad valorem tax matters, and in addition the Debtors have filed their Application to Employ Assessment Technologies, Ltd. as Property Tax Consultants for the Debtors Nunc Pro Tunc (Dkt. No. 5608). The Florida Tax Collectors submit that the Debtors will not be waiting until March 31, 2006 to suddenly determine which of their 2005 ad valorem taxes will be paid in full and which of them Debtors intend to contest.

4. In any event, the Florida Tax Collectors have not requested that the Court order Debtors to pay into escrow the full amounts of all of the 2005 ad valorem taxes prior to April 1, 2006. Rather, the Florida Tax Collectors have requested that the Court enter an order requiring Debtors to deposit into a segregated account those 2005 taxes which have not been paid as of the April 1, 2006 date of delinquency. Any and all 2005 taxes which Debtors have paid or will pay through March 31, 2006 would not be subject to the requested adequate protection order.

5. The Florida Tax Collectors have requested the cooperation of the Debtors in a continuing effort to reflect the ad valorem tax amounts still outstanding by accounting for stores sold or closed, taxes which have been paid, etc. All 2005 ad valorem taxes which have been paid as of March 31, 2006 will be reflected by way of amendment and/or modification to Florida Tax Collectors' Proof of Claim and will not be subject to an adequate protection order.

6. As the Florida Tax Collectors are seeking only the entry of an order providing for adequate protection only as to those taxes which are not paid by the Debtors as of March 31, 2006, it is not necessary to continue the March 1, 2006 hearing. The fact that the Debtors have stated their intent to challenge tax assessments does not necessarily mean they will be successful in doing so. The Florida Tax Collectors are simply requesting the Court to maintain the status quo by requiring the Debtors to put the funds for any unpaid taxes as of April 1, 2006 into a separate account and continue to deposit interest at the statutory rate, while the Debtors pursue whatever remedies they think they may have in regard to the tax assessments.

Wherefore, the Florida Tax Collectors respectfully request that the Motion be denied, and that the hearing on the Florida Tax Collectors' Motion for Adequate Protection occur on March 1, 2006 as scheduled.

Respectfully submitted,

Florida Tax Collectors

By: _____
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Florida Tax Collectors' Response to Debtors' Motion for Continuance of Evidentiary Hearing* has been furnished by *Notice of Electronic Filing* this 8 day of February, 2006 to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com); and to all other parties using the CM/ECF system who have appeared in this matter.

_____
Brian T. FitzGerald, Esq.