**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                Chapter 11

WINN DIXIE STORES, INC., et al                   Case No.: 05-03817-JAF

Debtors.
_____/

## ORDER REGARDING CONCORD-FUND IV RETAIL, L.P. STAY RELIEF

**THIS CAUSE** came before the Court at a February 8, 2006 9:30 a.m. hearing on the motion by Concord-Fund IV Retail, L.P., through its property manager and agent, Terranova Corporation (collectively, the "Landlord"), for relief from the automatic stay to allow for remediation of alleged electrical code violations at Winn Dixie Store Number 254 located at 11241 S.W. 40th Street, Miami-Dade County, Florida ("Store #254"). Debtor, Winn Dixie Stores, Inc. ("Debtor") is the tenant at Store #254. Upon the representations by counsel at the hearing and there being no objection by the Debtor or any other party in interest, it is

**ORDERED:**

1. The bankruptcy automatic stay, 11 U.S.C.§ 362, is modified for the sole purpose of allowing the Landlord to bring an action against the Debtor in state court in Miami-Dade County, Florida to enforce its remedies under its lease with the Debtor. Such remedies may include, but are not limited to, requesting the state court to allow the Landlord to enter onto the Debtor's property to correct electrical problems, including entry into Store #254 to change the breakers and repull the conductors going to the parking lot and rewire the standards.

2. Notwithstanding anything contained in this Order, this Order is entered without prejudice to: (1) the Landlord asserting claims, the right to payment of administrative expenses, and any other rights under the parties' lease or the Bankruptcy Code in this Court, including but not limited to, claims and expenses arising from or in connection with the electrical problems alleged in

the Landlord's stay relief motion; and (2) the Debtor asserting any rights it has under the parties' lease or the Bankruptcy Code and opposing any claims or administrative expense requests of the Landlord.

3. Except as modified, the automatic stay pursuant to 11 U.S.C. § 362 will remain in full force and effect.

**DONE AND ORDERED** this 9th day of February, 2006 in Jacksonville, Florida.

JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:
Thomas R. Lehman, P.A.
Cynthia Jackson, Esq. (for service on all parties in interest.)

@PFDesktop\::ODMA/MHODMA/DMS_NT;MIAMI;454958;3