# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER AUTHORIZING PAYMENT OF CEO RETENTION INCENTIVE

These cases came before the Court for hearing on February 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to pay a retention incentive (the "CEO Retention Incentive") to Peter L. Lynch ("Lynch"), the Debtors' President and Chief-Executive Officer (the "Motion"),[1] as amended by the amended motion filed by the Debtors (the "Amended Motion"). The Court has reviewed the Motion and the Amended Motion and has considered the evidence and heard the argument of counsel. After due deliberation and finding proper notice has been given and that a sound business reason exists for paying the CEO Retention Incentive, as described in the Amended Motion, the Court determines that good cause exists to grant the relief requested in the Motion as amended by the Amended Motion and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion as amended by the Amended Motion is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

2. The Debtors are authorized to pay Lynch a CEO Retention Incentive of $1.15 million (net of any taxes that must be withheld pursuant to applicable law) in consideration for Lynch's remaining in the Debtors' employ through August 31, 2006.

3. Notwithstanding the foregoing, the CEO Retention Incentive shall be subject to forfeiture under either of the following circumstances: (a) the Debtors terminate Lynch for cause on or before August 31, 2006 or (b) Lynch terminates his employment with the Debtors without good reason and other than for disability on or before August 31, 2006. As soon as is practicable (but in any event within five days) following Lynch's termination under either of the circumstances described in (a) or (b) of the preceding sentence, Lynch shall repay the $1.15 million CEO Retention Incentive, without interest, to the Debtors.

4. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated February 9, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

1076619-New York Server 7A - MSW

2