UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| | ) | Chapter 11 |
| Debtors, | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes now, your Petitioner, LARRY GREEN (Debtor No. 390497, Claim No. 6991), by and through counsel, and respectfully represents unto the Court as follows:

1. By Order of this Court dated September 1, 2005, a "Claims Resolution Procedure" was adopted for potential resolution of 'Litigation Claims".

---

**NOTICE OF OPPORTUNITY TO OBJECT TO HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your Objection with the Clerk of the Court at 300 N. Hogan Street, Suite 3-350, Jacksonville, FL 32202-4267, and serve a copy on the movant's attorney at Edward P. Jackson, P.A., 255 N. Liberty Street, 1st Floor, Jacksonville, FL 32202.

If you file and serve an objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the paper without further notice or hearing if you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice of hearing, and may grant the relief requested.

---

2 .

Prior to the filing of the Debtors Petition in Bankruptcy, your movants Larry Green and his wife, Diane Green, had instituted litigation against the Debtor (as defined by the Claims

Resolution Procedure) for personal injury and loss of consortium arising from an automobile accident that occurred on September 3, 2002. That action, filed in the Circuit Court of Montgomery County, Alabama, is styled <u>Larry Green and Diane Green v. Alvin James Pugh and Winn Dixie Montgomery, Inc.</u>, and bears Case No. CV-04-543.

3. A proper Proof of Claim was filed in this Court, on this claim on July 13, 2005. A copy of which is attached as Exhibit "A".

4. On or about October 26, 2005, Mr. Green filed the requisite "Questionnaire" with supporting documents pursuant to the Claims Resolution Procedure.

5. The Debtor responded to the Questionnaire by an offer of $15,000.00 on November 16, 2005.

6. By letter dated January 11, 2006, Mr. Green replied to that offer and rejected the same.

7. Pursuant to paragraph 7 of the Claims Resolution Procedure, Mr. Green is an "Eligible Claimant", has complied in good faith with, and has exhausted the Claims Resolution Procedure. He is therefore eligible to, and does hereby request relief from the Automatic Stay.

8. Mr. Green's claim exceeds the $2,000,000.00 for which Winn-Dixie Stores, Inc. is self-insured.

9. Movant believes that Winn-Dixie Stores, Inc. has liability insurance coverage for amounts in excess of $2,000,000.00.

10. The action in the Circuit Court of Montgomery County, Alabama is necessary to liquidate the claim of Mr. Green for purposes of this bankruptcy and also to proceed against Winn-Dixie Stores, Inc. liability insurance policy.

11. Upon lifting of the Automatic Stay, Mr. Green wishes to proceed with the litigation of his claim in the Circuit Court of Montgomery County, Alabama, in CV-04-543 in accordance with the Claims Resolution Procedure.

WHEREFORE, Larry Green, moves this Court for entry of the attached "Order to Lift Automatic Stay" if neither the Debtor nor anyone else entitled to do so, objects to this Motion within 15 days of its service.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via regular U.S. Mail to: Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254 and electronically to: James H. Post, Esq., Attorney for Debtor, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, D.J. Baker, Esq., Attorney for Debtor, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036-6522, Elena Escamilla, Esq., Attorney for United States Trustee, United States Bankruptcy Court Middle District of Florida, 135 West Central Blvd., Suite 620, Orlando, FL 32801, John McDonald, Esq., Counsel for Unsecured Creditors Committee, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202 and Rule 1007D Parties in Interest List this 10th day of February, 2006.

/s/ Edward P. Jackson
EDWARD P. JACKSON
Attorney for Debtor
255 N. Liberty Street, First Floor
Jacksonville, FL 32202
(904) 358-1952 VOICE
(904) 358-1288 FAX
Florida Bar #286648