UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 05-03817-3F1
Chapter 11

In re:

Winn-Dixie Stores, Inc.,

    Debtor.
_____/

**ORDER GRANTING WINN DIXIE'S MOTION FOR CONTINUANCE OF EVIDENTIARY HEARING ON FLORIDA TAX COLLECTORS' ADEQUATE PROTECTION MOTION**

This case came before the Court upon Winn-Dixie Stores, Inc.'s ("Debtor") Motion for Continuance of Evidentiary Hearing on Florida Tax Collectors' Adequate Protection Motion ("Motion") and Florida Tax Collectors' Response to Debtor's Motion for Continuance of Evidentiary Hearing ("Response"). Upon representations by counsel at the hearing and a review of the Motion and the Response, the Court finds it appropriate to grant Debtor's Motion.

Debtor filed the Motion seeking to continue the evidentiary hearing originally scheduled for the Florida Tax Collectors' Motion for Adequate Protection for various *ad valorem* property taxes owed by Debtor. Debtor asserts in the Motion that the current evidentiary hearing, scheduled for March 1, 2006, presents no case or controversy required for federal jurisdiction as the taxes are not yet untimely. Florida Statute §197.333 (2005) provides in pertinent part:

> All taxes shall become due and payable on November 1 of each year or as soon thereafter as the certified tax roll is received by the tax collector. Taxes shall become delinquent on April 1 following the year

in which they are assessed or immediately after 60 days have expired from the mailing of the original tax notice, whichever is later.

As a result, taxes paid at any point before April 1 of the following year are considered timely. Id.; see also Collier County v. State, 733 So. 2d 1012, 1015 (Fla. 1999)("[S]ection 197.333 provides that all taxes are due and payable on November 1, but those taxes do not become delinquent until April 1 the following year in which they are assessed."). While the Court notes the Florida Tax Collectors' desire for these taxes to be paid so as to fund smaller counties and benefits provided by the government, according to Florida law the *ad valorem* taxes owed by Debtor are not considered untimely until April 1, 2006.

At the hearing, counsel for the Florida Tax Collectors admitted that Debtors have been cooperative thus far. In addition, the Florida Tax Collectors stipulated in the Response that they are only seeking adequate protection for those "taxes which have not been paid as of the April 1, 2006 date of delinquency." (Resp. at 2.) Therefore, Debtor has until April 1, 2006 to timely pay the *ad valorem* taxes. Given Debtor's cooperation, and since the Florida Tax Collectors will be seeking adequate protection only for those taxes unpaid on April 1, the Court finds that continuing the evidentiary hearing until after such time would be an appropriate resolution to this matter. Having found that there is still time for Debtor to timely pay its *ad valorem* taxes and more accurately discover which taxes it plans on contesting, the Court need not address Debtor's case or controversy argument. Based upon the foregoing, it is:

**ORDERED:**

1. Debtor's Motion for Continuance of Evidentiary Hearing on Florida Tax Collectors' Adequate Protection Motion is granted.

2. The hearing on Florida Tax Collectors' Adequate Protection Motion scheduled for March 1, 2006 at 9:00 a.m. is continued until after April 1 and to be scheduled on the omnibus calendar by the Debtor after consultation with the Movant.

**DATED** this 10 day of February 2006, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

**Copies furnished to:**

James H. Post, Esq. (for service on all parties in interest)
Brian T. Fitzgerald, Esq., Hillsborough County Attorney's Office

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1            Date Rcvd: Feb 10, 2006
Case: 05-03817                Form ID: pdfdoc        Total Served: 2
```

The following entities were served by first class mail on Feb 12, 2006.
aty         +Brian T FitzGerald,    Hillsborough County Attorney,    Senior Assistant County Attorney,
             601 E Kennedy Boulevard, 14th Floor,    Tampa, FL 33602-4932
aty         +James H. Post,    Smith Hulsey & Busey,    225 Water St., Suite 1800,    Jacksonville, FL 32202-4494

The following entities were served by electronic transmission.
NONE.                                                                                        TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Feb 12, 2006**                          **Signature:**     _Joseph Speetjens_