KD_IM_667484_1.pdf

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM<br>[AMENDED] |
|---|---|

**Name of Debtor Against Which You Assert Your Claim:**

Debtor Name: **Winn-Dixie Raleigh, Inc.**                    Case No. **3:05-bk-03839-3F1**

(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property): | |
|---|---|
| Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation<br>c/o C. Daniel Motsinger, Esq.<br>Krieg DeVault LLP<br>One Indiana Square, Suite 2800<br>Indianapolis, IN 46204-2079 | **(317) 238-6237**<br>Telephone No. of Creditor<br><br>**(317) 636-1507**<br>Fax No. of Creditor<br><br>(If your address has changed or is incorrect as it appears in Item A, please provide corrections) |

| B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☒ additional address | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.<br>☐ Check box if you have never received any notices in this case. |
|---|---|
| Name: **Craig E. Etem, Esq.**<br><br>Company/Firm: **Lionel Sawyer & Collins**<br><br>Address: **Bank of America Plaza, 50 West Liberty Street, Suite 1100**<br><br>**Reno, NV 89501** | This Space Is For Court Use Only |

Account or Other Number by Which Creditor Identifies Debtor: _____

Check here if this claim ☐ replaces ☒ amends    a previously filed claim, dated: _____

| 1. Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s) | ☐ Taxes | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed for debtor(s) | ☐ Severance agreement | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Goods purchased from debtor(s) | ☐ Refund | Last four digits of SSN: _____ |
| ☐ Money loaned | ☒ Real property lease | Unpaid compensation for services performed from |
| ☐ Personal injury/property damage | ☐ Personal property lease | _____ to _____ |
| ☐ Other _____ | ☐ Other contract _____ | (date)          (date) |

**2. Date debt was incurred:** February 10, 1984

**3. If claim is based on a Court Judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $*594,892.21* +(see att.)  $_____  $_____  $*594,892.21*
                                                                          (unsecured)          (secured)          (priority)          (Total) *(see attachment)*

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

| 5. Secured Claim. | 7. Unsecured Priority Claim. |
|---|---|
| ☒ Check this box if your claim is secured by collateral (including a right of setoff). | ☐ Check this box if you have an unsecured priority claim |
| Brief description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle  ☒ Other **Set-off (see Exhibit 1)**<br><br>Value of Collateral: $ **Undetermined**<br><br>Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____ | Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).<br>☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7). |
| **6. Unsecured Nonpriority Claim** $ *594,892.21* + (see Exhibit 1)<br>☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority. | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).<br>☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice: |
|---|---|
| December 30, 2005 | Print: **John H.O. La Gatta**       Title: **Trustee, as Managing Member**<br><br>Signature: |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
2006 JAN 13 AM 9:35
RECEIVED
LOGAN & COMPANY, INC.
AS CLAIMS AGENT

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:

WINN-DIXIE RALEIGH, INC.,

          Debtor.

Case No. 3:05-bk-03839-3F1
Chapter 11 (Jointly Administered)

_____/

## EXHIBIT "1" TO AMENDED PROOF OF CLAIM

The debtor, Winn-Dixie Louisville, Inc. aka Winn-Dixie Charlotte, Inc. aka Winn-Dixie Raleigh, Inc. ("Debtor"), is indebted to Catamount LS-KY, LLC, a Nevada limited liability company, as assignee of Helene Funk and Peter W. Merner, as nominee for John H. O. La Gatta, as successor to Flask Corporation ("La Gatta") for an as-yet undetermined amount in excess of Five Hundred Ninety-four Thousand Eight Hundred Ninety-two Dollars and Twenty-one Cents ($594,892.21), calculated as follows:

1.     On February 21, 2005 (the "Petition Date"), the Debtor filed its voluntary Petition for Relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Southern District of New York ("New York Court"). By order dated April 13, 2005, the New York Court transferred venue of this case to this Court.

2.     Pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Louisville Lease"), by and between Debtor and La Gatta for that certain realty Debtor refers to as Store # 1676 at 1148 South 4th Street (4th & Oak), Louisville, Kentucky (the "Louisville Premises"), La Gatta leased the Louisville Premises to Debtor. Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Louisville

Lease (the "Louisville Assignment") to Buehler of Kentucky LLC ("Buehler"). As permitted by ¶4.d. of the Court's April 28, 2005 Order (A) Establishing Deadline for Filing Proofs of Claim, (B) Approving Proof of Claim Form, (C) Approving Proof of Claim Filing Deadline Notices, (D) Approving Mailing Procedures, (E) Conditionally Approving Publication Procedures and (F) Conditionally Providing Certain Supplemental Relief (the "Proof of Claim Order"), copies of the Lease and Sublease Agreement, the First Lease Modification Agreement, the Second Lease Modification Agreement, the Notice of Change of Nominee (related thereto) and the Louisville Assignment are not attached hereto solely because of their voluminousness; rather, the foregoing description of them shall serve as their summary description as permitted by the Proof of Claim Order, and copies of them will be provided upon request.

3.      Further, pursuant to that certain February 10, 1984 Lease and Sublease Agreement, as amended by that certain October 10, 1986 First Lease Modification Agreement, and that certain January 30, 1992 Second Lease Modification Agreement (as amended, the "Louisville Lease"), by and between Debtor and La Gatta for that certain realty Debtor refers to as Store No. 1673 at 120 Midland Boulevard, Shelbyville, Kentucky (the "Shelbyville Premises"), La Gatta leased the Shelbyville Premises to Debtor. Moreover, pursuant to that certain October 18, 2004 Assignment and Assumption of Lease Agreement, Debtor assigned its interest in the Shelbyville Lease (the "Shelbyville Assignment") to Buehler. As permitted by the Proof of Claim Order, copies of the Lease and Sublease Agreement, the First Lease Modification Agreement, the Second Lease Modification Agreement, the Notice of Change of Nominee (related thereto) and the Shelbyville Lease Assignment are not attached hereto solely because of their voluminousness; rather, the foregoing description of them shall serve as their summary description as permitted by the Proof of Claim Order, and copies of them will be provided upon request.

4.    Pursuant to ¶¶ 6 and 19 of the Louisville Lease and the Shelbyville Lease, respectively, and as Debtor has acknowledged, *see, e.g.*, Debtors' November 11, 2005 Motion for Order Authorizing (I) Rejection of Leases and Subleases and (II) Abandonment of Related Personal Property, Debtor retained liability as a principal under each of these leases for all obligations thereunder, notwithstanding the Louisville Assignment and the Shelbyville Assignment. Moreover, pursuant to the Louisville Assignment and the Shelbyville Assignment, Debtor expressly remained responsible for all of its liabilities and obligations under each of the Louisville Lease and the Shelbyville Lease, respectively.

5.    Buehler filed its own petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division, on May 4, 2005, which case remains pending as Case No. 05-70961-BHL-11 (Jointly Administered) (the "Buehler Bankruptcy").

6.    As a result of Debtor's filing its Chapter 11 petition herein and of the Buehler Bankruptcy, La Gatta has the following claims, among others, against Debtor under the Louisville Lease:

a.    <u>Rent</u>. Buehler failed to pay the Basic Rent (as defined in the Louisville Lease) due July 5, 2005, August 5, 2005 and September 5, 2005, in the amount of $19,842.33 for each such month, for which Debtor is liable under the Lease. La Gatta reserves the right to file claims herein and in the Buehler Bankruptcy pursuant to 11 U.S.C. §§ 365 and 503, or otherwise, for all amounts due and unpaid under the Louisville Lease during the post-petition period through and including July 31, 2005, including Basic Rent and additional rent (as defined in the Louisville Lease), allocable to Debtors' post-petition use and occupancy of, and claimed physical damage to, the Louisville Premises. Pursuant to its September 1, 2005 Order Authorizing (I) Retroactive Rejection

- 3 -

of Real Property Leases and (II) Abandonment of Related Personal Property, this Court authorized the rejection of the Louisville Lease (the "Louisville Rejection Order") effective September 1, 2005. As a result of the entry of the Louisville Rejection Order and pursuant to (and as limited by) 11 U.S.C. §502(b)(6), La Gatta also asserts La Gatta's claims for damages resulting from Debtor's September 1, 2005 rejection of the Louisville Lease as provided by 11 U.S.C. §502(b)(6), which amount shall include, among the other items noted below, the Basic Rent and additional rent (as defined in the Louisville Lease) reserved under the Louisville Lease for the remaining term of the Louisville Lease (as limited by 11 U.S.C. §502(b)(6)), in an amount not less than $238,107.96.

b.  Percentage Rent. Debtor is obligated to pay La Gatta, as an addition to the Basic Rent, amounts for Debtor's gross sales in the Louisville Premises (as defined in the Lease, "Percentage Rent"). Specifically, Debtor is obligated to pay La Gatta as Percentage Rent an amount equal to the amount, if any, by which 1% of all gross sales made by Debtor (now, Buehler or its assignee) at the Louisville Premises during Buehler's fiscal year exceeds the Basic Rent reserved under the Louisville Lease. La Gatta does not know and has not been provided with information as to what Buehler's fiscal year 2004 or fiscal year 2005 gross sales were at the Premises, therefore La Gatta is unable to quantify this amount at this time. However, these amounts also are due and owing by the Debtor under the Louisville Lease, and La Gatta hereby reserves the right to amend this Proof of Claim to assert claims therefor.

c.  Additional Rent. Debtor is obligated to pay La Gatta as additional rent all other claims La Gatta has against Debtor for Debtor's breach of its representations, warranties and covenants under the Louisville Lease, which amount La Gatta is unable to quantify at this time, and hereby reserves the right to amend this Proof of Claim to assert.

- 4 -

d.    <u>Maintenance and Repair</u>. Debtor is responsible for keeping the Louisville Premises in good condition, repair and appearance. La Gatta hereby reserves the right to amend this Proof of Claim to assert claims for Debtor's breach of its covenants in this regard.

e.    <u>Insurance</u>. Debtor also is required by the Louisville Lease to maintain policies of insurance pursuant to which La Gatta is named an additional insured, and to not cancel such insurance without prior written notice to La Gatta. La Gatta hereby reserves the right to amend this Proof of Claim to assert claims for Debtor's breach of its covenants in this regard.

f.    <u>Unpaid Taxes</u>. Under the Louisville Lease, which is an absolutely net lease, Debtor has the obligation to pay all Impositions, including any taxes wherever or however assessed against the Louisville Premises, whether real estate, ad valorem or otherwise. La Gatta has paid the 2005 Jefferson County real estate taxes in the amount of $20,695.16, which were due in December, 2005, as well as a Jefferson County "weed control" tax in the amount of $248.00, for which La Gatta hereby makes claim. La Gatta further reserves the right to amend this Proof of Claim to assert claims for any additional taxes which may be claimed, once they are determined.

g.    <u>Attorney's Fees and Costs</u>. By virtue of Debtor's and Buehler's default under the Louisville Lease, Debtor is liable to La Gatta for La Gatta's enforcement of his rights under the Louisville Lease, including but not limited to his attorneys' fees and costs, which amount La Gatta is unable to quantify at this time, and hereby reserves the right to amend this Proof of Claim to assert.

7.    As a result of Debtor's filing its Chapter 11 petition herein and of the Buehler Bankruptcy, La Gatta has the following claims, among others, against Debtor under the Shelbyville Lease:

a.    <u>Rent</u>. Buehler failed to pay the Basic Rent (as defined in the Shelbyville Lease) due December 5, 2005, in the amount of $25,479.67, for which Debtor is liable under the Lease. La Gatta reserves the right to file claims herein and in the Buehler Bankruptcy pursuant to 11 U.S.C. §§ 365 and 503, or otherwise, for all amounts due and unpaid under the Shelbyville Lease during the post-petition period through and including December 16, 2005, including Basic Rent and additional rent (as defined in the Shelbyville Lease), allocable to Debtors' post-petition use and occupancy of, and claimed physical damage to, the Shelbyville Premises. Pursuant to its December 15, 2005 Order Authorizing (I) Rejection of Real Property Leases and (II) Abandonment of Related Personal Property, this Court authorized the rejection of the Shelbyville Lease (the "Shelbyville Rejection Order") effective December 16, 2005 (the date of entry of the Shelbyville Rejection Order). As a result of the entry of the Shelbyville Rejection Order and pursuant to (and as limited by) 11 U.S.C. §502(b)(6), La Gatta also asserts La Gatta's claims for damages resulting from Debtor's December 16, 2005 rejection of the Shelbyville Lease as provided by 11 U.S.C. §502(b)(6), which amount shall include, among the other items noted below, the Basic Rent and additional rent (as defined in the Shelbyville Lease) reserved under the Shelbyville Lease for the remaining term of the Shelbyville Lease (as limited by 11 U.S.C. §502(b)(6)), in an amount not less than $305,756.04.

b.    <u>Percentage Rent</u>. Debtor is obligated to pay La Gatta, as an addition to the Basic Rent, amounts for Debtor's gross sales in the Shelbyville Premises (as defined in

the Lease, "Percentage Rent"). Specifically, Debtor is obligated to pay La Gatta as Percentage Rent an amount equal to the amount, if any, by which 1% of all gross sales made by Debtor (now, Buehler) at the Shelbyville Premises during Buehler's fiscal year exceeds the Basic Rent reserved under the Shelbyville Lease. La Gatta does not know and has not been provided with information as to what Buehler's fiscal year 2004 or fiscal year 2005 gross sales were at the Premises, therefore La Gatta is unable to quantify this amount at this time. However, these amounts also are due and owing by the Debtor under the Shelbyville Lease, and La Gatta hereby reserves the right to amend this Proof of Claim to assert claims therefor.

c.    <u>Additional Rent</u>. Debtor is obligated to pay La Gatta as additional rent all other claims La Gatta has against Debtor for Debtor's breach of its representations, warranties and covenants under the Shelbyville Lease, which amount La Gatta is unable to quantify at this time, and hereby reserves the right to amend this Proof of Claim to assert.

d.    <u>Maintenance and Repair</u>. Debtor is responsible for keeping the Shelbyville Premises in good condition, repair and appearance. La Gatta hereby reserves the right to amend this Proof of Claim to assert claims for Debtor's breach of its covenants in this regard.

e.    <u>Insurance</u>. Debtor also is required by the Shelbyville Lease to maintain policies of insurance pursuant to which La Gatta is named an additional insured, and to not cancel such insurance without prior written notice to La Gatta. La Gatta hereby reserves the right to amend this Proof of Claim to assert claims for Debtor's breach of its covenants in this regard.

   f. <u>Unpaid Taxes</u>. Under the Shelbyville Lease, which is an absolutely net lease, Debtor has the obligation to pay all Impositions, including any taxes wherever or however assessed against the Shelbyville Premises, whether real estate, ad valorem or otherwise. La Gatta has paid the 2005 Shelby County, Kentucky, real estate taxes in the amount of $30,085.05, which were due in October, 2005, and for which La Gatta hereby makes claim. La Gatta further reserves the right to amend this Proof of Claim to assert claims for any additional taxes which may be claimed, once they are determined.

   8. <u>Attorney's Fees and Costs</u>. By virtue of Debtor's and Buehler's default under the Shelbyville Lease, Debtor is liable to La Gatta for La Gatta's enforcement of his rights under the Louisville Lease, including but not limited to his attorneys' fees and costs, which amount La Gatta is unable to quantify at this time, and hereby reserves the right to amend this Proof of Claim to assert.

   9. <u>Secured Claim</u>. La Gatta files this claim as a secured claim pursuant to 11 U.S.C. §§ 506(a) & 553 to the extent of any sum owing from the Debtor to La Gatta that La Gatta may be entitled to setoff against any indebtedness of La Gatta to the Debtor.

   10. <u>Reservation of Right to file Administrative Claims</u>. As noted above, in filing this claim La Gatta reserves the right to file claims herein pursuant to 11 U.S.C. §§ 365 and 503, or otherwise, for all amounts due under the Louisville Lease and the Shelbyville Lease for Debtor's post-petition use and occupancy of the Louisville Premises and Shelbyville Premises, respectively.

   11. <u>Reservation of Right to Further Amend Claim</u>. La Gatta reserves the right to amend and supplement this claim (including filing additional evidence in support of this claim) or to file additional claims, including without limitation all other claims at law or in equity arising on or after the Petition Date, as well as any claims that may arise upon any future

rejection by Debtor of any other executory contracts or leases between Debtor and La Gatta. La Gatta also reserves all rights accruing to it, and the filing of this Proof of Claim is not intended to be and shall not be construed as:

(1)     an election of a remedy;

(2)     a waiver of any past, present or future defaults or events of default; or

(3)     a waiver or limitation of any rights of La Gatta.

Dated: December 30, 2005

Respectfully submitted,

Catamount LS-KY, LLC a Nevada limited liability company

By: _____
    John H. O. La Gatta, Trustee of the La Gatta 1990 Trust, as Managing Member

IM-667479_1.DOC

- 10 -