UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | CASE NO.: 3:05-bk-03817-JAF<br>CHAPTER 11 |
| WINN-DIXIE STORES, INC., et al., | |
| Debtors. | Jointly Administered |

## RESPONSE OF CAPSTONE ADVISORS, INC. TO DEBTORS' THIRD OMNIBUS OBJECTION TO AMENDED AND SUPERSEDED CLAIMS

Capstone Advisors, Inc. (the "Landlord") hereby responds to the Debtors' Third Omnibus Objection To Amended And Superseded Claims (the "Claim Objection"), and respectfully represents as follows:

### I.   BACKGROUND FACTS

1.   Winn-Dixie Stores, Inc. and certain affiliated parties (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on February 21, 2005. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.   Landlord is the owner or managing agent of the following shopping center wherein Debtors operated one of their stores (the "Premises") pursuant to an unexpired lease of nonresidential real property (the "Lease") until the Lease was rejected on September 24, 2005.

| Capstone Advisors, Inc. | |
|---|---|
| Knightdale Crossing | Knightdale, NC |

3. The Lease is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4. On or about January 24, 2006, Debtors filed the Claim Objection, requesting authority to disallow certain claims in favor of later filed remaining claims.

## II. ARGUMENT

5. Landlord timely filed Claim Nos. 7399 and 10238, and the Claim Objection does not dispute this issue. Instead, the Claim Objection seeks to disallow Claim No. 7399 in favor of Claim No. 11963. The Claim Objection also seeks to disallow Claim No. 10238 in favor of Claim No. 11964. The Landlord does not oppose the entry of an order that disallows the originally filed claims as long as all rights under the original claims are preserved.

6. Any disallowance of Claim Nos. 7399 and 10238 must preserve all of Landlord's rights with respect to the timeliness and amounts asserted in such claim. Specifically, for purposes of the timeliness of the filing of Claim Nos. 11963 and 11964, the filing date of Claim Nos. 7399 and 10238 must be preserved, and all other rights with respect to Claim Nos. 7399 and 10238 must remain available to the Landlords. The proposed order preserves all of the Debtors' rights with respect to the

Remaining Claims.[1] The Landlord is entitled to the same protections.

## III. CONCLUSION

In order to protect the interests of the Landlord, Landlord requests that any order disallowing Claim No. 7399 and 10238 in favor of Remaining Claim Nos. 11963 and 11964 preserve all of Landlord's rights under the originally filed claims, including but not limited to, the timeliness of the filing of such claims.

DATED this 13 day of February, 2006

**HELD & ISRAEL**

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

**KATTEN MUCHIN ROSENMAN LLP**
Attorneys for Capstone Advisors, Inc.
Thomas J. Leanse (TL-8802)
Dustin P. Branch (DB-3553)
2029 Century Park East, Suite 2600
Los Angeles, California  9006
Phone: (310) 788-4400
FAX: (310) 788-4471

Ewh\winndixie\capstoneobjectionfinal npg

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Claim Objection.

3