UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESPONSE BY CREDIT SUISSE FIRST BOSTON, LLC TO DEBTORS' THIRD OMNIBUS OBJECTION TO AMENDED AND SUPERSEDED CLAIMS**

Creditor, Credit Suisse First Boston, LLC ("CSFB"), by and through its undersigned counsel, hereby responds to the Debtors' third Omnibus Objection to Amended and Superseded Claims with respect to Claim Nos. 11415 and 12212, each of which was filed by CSFB against Winn-Dixie Montgomery, Inc. in the amount of $2,795,892.25, and in support thereof states as follows:

1.  Movant, CSFB is an unsecured non-priority creditor of Debtor Winn-Dixie Montgomery, Inc. having filed proofs of claims against such Debtor entity in the amount of $2,795,892.25 plus interest thereon, as follows (collectively, the "Claims"):

    a.  Claim No. 11415 is a claim filed against Debtor Winn-Dixie Montgomery, Inc., in respect of that certain Lease dated April 10, 1981 (for Winn-Dixie Store #1468), and CSFB's interest in the rents from such Lease which serve as collateral for a Note held by CSFB. The Proof of Claim itself further sets forth the nature, basis and support for the claim.

    b.  Claim No. 12212 is an amended claim (the "Amended Claim") filed against Debtor Winn-Dixie Montgomery, Inc., in respect of that certain Lease dated April 10, 1981 (for Winn-Dixie Store #1468), and CSFB's interest in the rents from such

Lease which serve as collateral for a Note held by CSFB. The Amended Claim itself further sets forth the nature, basis and support for the claim.

2. On April 28, 2005, this Court entered an Order (the "Bar Date Order") establishing August 1, 2005, at 5:00 p.m. Eastern Time, as the General Bar Date. The Bar Date Order also provided that rejection damages claims must be filed by the later of the General Bar Date, or thirty days after the effective date of rejection.

3. Claim No. 11415 was received by Logan and Company ("Logan"), the claims agent designated by the Court, approximately 23 hours after the General Bar Date, on Tuesday, August 2, 2005, at 3:50 p.m.

4. The Lease for Winn-Dixie Store # 1468 (which forms the basis for Claim Nos. 11415 and 12212) was rejected pursuant to a Rejection Notice dated September 14, 2005. According to the Rejection Notice, the Rejection Date was September 24, 2005. The Rejection Notice also provided that claims for rejection damages were due within 30 days following the Rejection Date, which was October 24, 2005. Accordingly, CSFB believes that Claim No. 11415 was timely under the terms of the Rejection Notice, but sought relief by way of a Motion to Deem Claim of Credit Suisse First Boston, LLC as Timely Filed (the "Motion"), in an abundance of caution.

5. In addition to seeking relief by way of the Motion, CSFB also filed on October 24, 2005, Claim No. 12212 in order to make clear that the claim relates to a lease for Winn-Dixie Store #1468, which lease was rejected pursuant to the Rejection Notice dated September 14, 2005.

6. Subsequent to filing the Amended Claim, the Court entered the Order Granting Motion to Deem Claims of Credit Suisse First Boston, LLC as Timely Filed,

dated December 20, 2005 (the "Claim Order"). By way of the Claim Order, CSFB's Claim No. 11415 against Winn-Dixie Montgomery, Inc. was deemed timely filed.

7. CSFB does not seek to assert two duplicative claims against the Debtor Winn-Dixie Montgomery, Inc., but requests that Claim No. 11415 (which is the claim addressed by the Claim Order) be deemed the remaining claim, and that Claim No. 12212 be treated as the claim that is disallowed. Alternatively, CSFB would request that Claim No. 12212, if it is to be treated as the remaining claim, be treated and recognized as a timely filed claim. In short, CSFB procured the Claim Order deeming Claim No. 11415 timely filed, and simply wants to assure that any relief granted in respect to the Debtor's Third Omnibus Objection does not impair the status of the CSFB's claim against Winn-Dixie Montgomery, Inc. as timely filed.

WHEREFORE, CSFB respectfully requests that Claim No. 11415 be treated as the remaining claim, or alternatively, that Claim No. 12212 be treated as the remaining claim on the condition that it be treated as a timely filed claim, and that the Court grant such other further relief as this Court deems just and proper.

Dated this 13th day of February, 2006.

GREENBERG TRAURIG, P.A.
Attorneys for Credit Suisse First Boston, LLC
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

BY: ___/s/ John B. Hutton___
JOHN B. HUTTON
Florida Bar. No. 902160

MIA-FS1\HUTTONJ\822564v01\P39401_.DOC\2/13/06

3
Greenberg Traurig, P.A. I Attorneys at Law I 1221 Brickell Avenue I Miami, FL 33131 I Tel 305.579.0500 I Fax 305.579.0717 I www.gtlaw.com