UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    )        Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,          )        Chapter 11

                        Debtors.          )        Jointly Administered

_____ )

AMENDED[1] AGREED ORDER OF RESOLUTION OF
THE LITIGATION CLAIM OF BRENDA REYNOLDS (CLAIM NO. 6675)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Brenda Reynolds (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. 6675 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $1,500.00 against Winn-Dixie Stores, Inc. in Case No. 05-03817 which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure.

2.      This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 6675 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or

_____

[1] This Order is amended to correct paragraph 1 of the Agreed Order of Resolution of the Litigation Claim of Brenda Reynolds dated January 30, 2006 (Docket No. 5484) to state that "Claim No. 6675 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $1,500.00 ... which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure" instead of "in the amount of $3,000.00 ... to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases."

assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

4.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00519436.DOC

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
    James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

By _____
    Brenda Reynolds

3220 N. Orange Blossom Trail Lot 5
Orlando, FL 32804

By _____
    Jeremy Reynolds

3220 N. Orange Blossom Trail Lot 5
Orlando, FL 32804

00519436.DOC