UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

        Debtors.

CASE NO.: 3:05-bk-03817-JAF
CHAPTER 11

Jointly Administered

_____

**RESPONSE OF BUTLER INVESTMENT I, LC TO DEBTORS' THIRD OMNIBUS OBJECTION TO AMENDED AND SUPERSEDED CLAIMS**

Butler Investment I, LC (the "Landlord") hereby responds to the Debtors' Third Omnibus Objection To Amended And Superseded Claims (the "Claim Objection"), and respectfully represents as follows:

**I.    BACKGROUND FACTS**

1.    Winn-Dixie Stores, Inc. and certain affiliated parties (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on February 21, 2005.  The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.    Landlord is the owner of property in a shopping center known as the Shoppes of Gloucester located on U.S. 17 in Gloucester County, Virginia, wherein Debtors operated one of their stores, Store Number 940, (the "Premises") pursuant to an unexpired lease of nonresidential real property (the "Lease") until the Lease was rejected effective February 28, 2005.

3.    The Lease is a "lease of real property in a shopping center" as that term is used in 11 U.S.C. § 365(b)(3).  *See* *In*

re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4. On or about January 24, 2006, Debtors filed the Claim Objection, requesting authority to disallow certain claims and allow later filed remaining claims, including specifically to disallow Landlord's Claim No. 8912 and allow Landlord's Claim No. 12385.

## II. ARGUMENT

5. Landlord timely filed Claim No. 8912, and the Claim Objection does not dispute this issue. Instead, the Claim Objection seeks to disallow Claim No. 8912 in favor of Claim No. 12385. The Landlord does not oppose the entry of an order that disallows the originally filed claims as long as all rights under the original claims are preserved.

6. Any disallowance of Claim No. 8912 must preserve all of Landlord's rights with respect to the timeliness and amounts asserted in such claim. Specifically, for purposes of the timeliness of the filing of Claim No. 12385, the filing date of Claim No. 8912 must be preserved, and all other rights with respect to Claim No. 8912 must remain available to the Landlord. The proposed order preserves all of the Debtors' rights with respect to the Remaining Claims.[1] The Landlord is entitled to the same protections.

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Claim Objection.

### III. <u>CONCLUSION</u>

In order to protect the interests of the Landlord, Landlord requests that any order disallowing Claim No. 8912 in favor of Remaining Claim No. 12385 preserve all of Landlord's rights under the originally filed claims, including but not limited to, the timeliness of the filing of such claims.

DATED this 16th day of February, 2006

**HELD & ISRAEL**

By: /s/ *David L. Gay*
Edwin W. Held, Jr., Esquire
Florida Bar #162574
David L. Gay, Esquire
Florida Bar #839221
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

**KAUFMAN & CANOLES**
Attorneys for Butler Investment I, LC
Dennis T. Lewandowski, Esquire
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
(757) 624-3252 Telephone
(757) 624-3169 Facsimile