Hearing Scheduled for February 23, 2006

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' OBJECTION TO THE FLORIDA TAX COLLECTORS'**
**MOTION FOR LEAVE TO FILE PROOFS OF CLAIM WITHOUT PREJUDICE**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), file this objection to the Motion For Leave To File Proofs of Claim Without Prejudice filed by the Florida Tax Collectors (Docket No. 4283), and in support thereof say:

**Background**

1.  On November 21, 2005, county tax collectors from 56 separate Florida counties (the "Florida Tax Collectors")[2] filed an amended proof of claim for Debtors' 2005 ad valorem real and personal property taxes, which consolidated 56 individual proofs of claim previously filed by each of the tax collectors into one proof of claim (the "Amended Proof of Claim") (Claim No. 12566).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] The term "Florida Tax Collectors" refers to all of the county tax collectors named in the Florida Tax Collectors' Motion for Leave to File Proofs of Claim Without Prejudice.

2. On the same day the Florida Tax Collectors filed their Amended Proof of Claim, they filed their Motion For Leave To File Proofs of Claim Without Prejudice (the "Motion") by which they requested this Court to enter an order (i) allowing Florida Tax Collectors' Amended Proof of Claim "to be filed without prejudice to any and all further amendments, modifications, and/or adjustments of any type relative to the amounts due," and (ii) declaring that the filing of the Florida Tax Collectors' proof of claim is "without prejudice…[to] any defenses whatsoever…, including…abstention, sovereign immunity, and lack of jurisdiction."

3. The Motion is scheduled for hearing on the February 23, 2006 Omnibus Hearing calendar.

## **Argument**

4. The Motion should be denied because:

(i) the issue raised in the Motion is moot – the Amended Proof of Claim has already been filed and the legal consequences of the filing are fixed;

(ii) the issues raised in the Motion present no case or controversy necessary for federal jurisdiction – there is no action presently pending in which any "defenses" can be asserted by the Florida Tax Collectors; and

(iii) the Motion improperly seeks this Court's blanket authorization to amend the Florida Tax Collectors' proof of claim at any time in the future and in any manner, without regard to established Eleventh Circuit precedent for the filing of amended proofs of claim.

A. **The issues raised in the Motion are moot.**

5. In their Motion, the Florida Tax Collectors request an order deeming their *previously filed* proofs of claim to be without prejudice to any defense, including, abstention, sovereign immunity, and lack of jurisdiction. However, because the Florida Tax Collectors have already filed their proof of claim, the legal positions of all parties as a result of that filing are fixed. The issues raised in the Motion are therefore moot.

6. "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions…." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotes and citations omitted). Accordingly, a moot case must be dismissed because it does not present a case or controversy required for federal jurisdiction. *See Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).

7. Whatever effect the filing of the Florida Tax Collectors' proofs of claim may have had on their legal defenses, such effect has already occurred. The Florida Tax Collectors' attempt to "unring the bell" is not supported by any case law. Because the legal positions of the parties have already been established by the filing of the subject proof of claim, the issues presented and relief requested in the Motion are moot.

B. **The Motion currently presents no case or controversy.**

8. Whatever "defenses" the Florida Tax Collectors may assert in the future against some yet to be filed action, and whether those unspecified defenses were waived upon the filing of their proof of claim, will not be at issue unless and until some party in interest commences an action against the Florida Tax Collectors. Because no such action

is pending at this time, the Motion does not present a case or controversy necessary for federal jurisdiction.

9. To satisfy the "case or controversy" requirement necessary for federal court jurisdiction, "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1347 (11th 1999)(citations omitted). The possibility that a future injury may happen is not sufficient to satisfy the 'case or controversy' requirement for federal jurisdiction. *See Id.*

10. The Motion does not make any reference to any pending action which could give rise to any of the defenses the Florida Tax Collectors seek to protect. Any future action against the Florida Tax Collectors that would give rise is to such defenses is, at best, speculative. Such speculation fails to meet the Eleventh Circuit standard for establishing a case or controversy with regard to relief sought in the Motion. *See Id.*

    **C.** **The Motion seeks relief which is contrary to the law established by the Eleventh Circuit for amending proofs of claim.**

12. The Motion requests that this Court enter an order declaring that the Amended Proof of Claim was filed without prejudice to file ***any and all*** further amendments, modifications, and/or adjustments ***of any type*** relative to the amounts due. Such a broad grant of authority would be contrary to accepted Eleventh Circuit standards for amending proofs of claim.

13. In the Eleventh Circuit, courts considering amendments to proofs of claim "must subject post-bar date amendments to careful scrutiny to assure that there [is] no

attempt to file a new claim under the guise of amendment." *In re Norris Grain Co.*, 81 B.R. 103, 106 (Bankr.M.D.Fla. 1987) (quoting *In re International Horizons*, 751 F.2d 1213 (11th Cir. 1985)). "Under the traditional analysis, the factors considered include (i) whether the 'amended' claim arose out of the same transaction or occurrence set forth in the original timely filed claim" and (ii) the amounts asserted in the original and amended claims. *Norris Grain*, 81 B.R. at 106 (citations omitted).

14. The Motion seeks authority to amend the Amended Proof of Claim in a manner contrary to the standards established by the Eleventh Circuit for amending proofs of claims. This Court cannot, legally or logically, authorize the Florida Tax Collectors to file unspecified amended claims at any time in the future. The authority requested by the Florida Tax Collectors is not only contrary to established law, it defies common sense and reasonableness.

15. Any proposed amendment to the Amended Proof of Claim offered by the Florida Tax Collectors must be subjected to the same scrutiny to which any other creditor seeking to amend its proof of claim would be subject.[3] Because the Motion seeks relief beyond that which this Court can or should provide to any creditor, the Motion must be denied.

---

[3] The Florida Tax Collectors are seeking special treatment not available to other creditors -- immunity from the well-established legal consequences of filing a proof of claim in a Chapter 11 case.

### **Conclusion**

WHEREFORE, the Debtors respectfully request that this Court enter an order denying the Motion.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  */s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie W. Gray | By  */s/ James H. Post*  <br>    Stephen D. Busey <br>    James H. Post (F.B.N. 175460) <br>    Beau Bowin |
| Four Times Square <br> New York, New York  10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **Certificate of Service**

I certify that a copy of the foregoing has been furnished electronically and/or by mail to Brian T. Fitzgerald, Esq., Hillsborough County Attorney's Office, P.O. Box 484067, Tampa, Florida 33601-1110; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. MacDonald, Esq., Akerman Senterfitt, 50 N. Laura Street, Jacksonville, Florida 32202; and Elena L. Escamilla, Esq., 135 W. Central Boulevard, Suite 620, Orlando, Florida 32806, and; all other participants using the CM/ECF system who have appeared in this matter, this 16th day of February, 2006



*s/James H. Post*
Attorney

00522702