UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.:  3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.        Jointly Administered

---

### LANDLORD'S LIMITED OBJECTION TO THE DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT RELATING TO SUMMERVILLE, SOUTH CAROLINA PROPERTY

Wilmington Trust Company, as Trustee for Southland-Summerville W.D. Delaware Business Trust (the "Summerville Landlord"), by its attorneys, respectfully submits this Limited Objection to the "Debtors' Motion for Entry of Order Approving Settlement Relating to Summerville, South Carolina Property." In support thereof, the Summerville Landlord states as follows:

1. Winn-Dixie Raleigh, Inc. (the "Debtor/Tenant") and the Summerville Landlord are parties to that certain Lease Agreement dated as of August 25, 1994 (the "Summerville Lease") originally entered into between Peregrine Properties Limited Partnership and Winn-Dixie Greenville, Inc. pertaining to the Debtors' Store No. 1261 located in Summerville, South Carolina. Peregrine

Properties Limited Partnership and Winn-Dixie Greenville, Inc. subsequently assigned their interests therein to the Summerville Landlord and the Debtor/Tenant, respectively.

2. Except as provided below, the Summerville Landlord does not object to the Debtors' assignment of the Summerville Lease to Pivotal Fitness-Charleston-Summerville, LLC ("Pivotal"). Section 365(f)(2)(A) of the Bankruptcy Code provides, however, that a debtor may assign an unexpired lease only if it "assumes such . . . lease in accordance with the provisions of this section." 11 U.S.C. §365(f)(2)(A).

3. Of course, Section 365(b) sets forth the requirements for assumption, including that (where the debtor has previously defaulted under the lease) the debtor must "[cure], or provides adequate assurance that the [debtor] will promptly cure, such default."

4. In this case, the Debtor/Tenant has defaulted under the Summerville Lease by, inter alia, failing to pay real estate taxes for which the Debtor is responsible under Section 8(a) of the Summerville Lease. A copy of the Proof of Claim (without exhibits) filed with respect to those taxes is attached hereto as Exhibit A. At the time that claim was filed, the Summerville Landlord estimated in good faith that the pre-petition portion of the taxes due was

2

$8,207.41. In fact, the actual pre-petition claim of the Summerville Landlord with respect to such taxes is $11,557.30.

5. In addition, the Summerville Landlord and the Debtor/Tenant have previously been named as defendants in certain litigation brought by an adjoining property owner, Midland Parkway Associates, LLC ("MPA"), against the Summerville Landlord and the Debtor/Tenant in a case styled as <u>Midland Parkway Associates, LLC v. Wilmington Trust Company, as Trustee for Southland-SummervilleW.D. Delaware Business Trust, Winn-Dixie Greenville, Inc. and Principle Mutual Life Insurance Company</u>, Case No. 2003-CP-18-278, presently pending in South Carolina state court. In that case, MPA alleged that the Debtor/Tenant had conducted certain activities that resulted in damage to MPA's property. Pursuant to Section 10(i) of the Summerville Lease, the Debtor/Tenant is required to indemnify the Summerville Landlord for any costs and expenses (including reasonable attorneys' fees and expenses) arising from the use, condition or occupancy of the premises. In connection therewith, the Summerville Landlord incurred reasonable attorneys' fees in the amount of $36,350.84 prior to July 1, 2004 when the Debtor/Tenant settled with MPA and was dismissed from the litigation. By letter dated December 9,

2004, the Summerville Landlord demanded that the Debtor/Tenant reimburse the Summerville Landlord for those fees and expenses. Despite that demand, the Debtor/Tenant has not paid any such fees, and therefore is defaulted under the Summerville Lease in this additional respect. A copy of the proof of claim (without exhibits) that the Summerville Landlord filed with respect to these fees is attached hereto as Exhibit B.

6. Thus, the Debtor/Tenant's monetary defaults under the Summerville Lease now total not less than $47,908.14, which is the sum of the Summerville Landlord's fees from the MPA litigation and $11,557.30 of unpaid real estate taxes. Pursuant to Section 365(b), the Debtor/Tenant must cure these defaults "promptly." Summerville/Landlord submits that such amount should be paid within ten (10) business days of entry of the order authorizing assignment of the Summerville Lease to Pivotal. See, e.g., In re Uniq Shoes Corporation, 316 B.R. 748, 750 (Bankr. S.D.Fla. 2004) ("Some courts have held that a 'prompt cure' of a monetary default is one made at or about the time of a contract's or lease's assumption.").

4

WHEREFORE, Summerville Landlord respectfully requests that this Court enter an order:

A. Conditioning the effectiveness of the assignment of the Summerville Lease to Pivotal upon the payment by the Debtor/Tenant to the Summerville Landlord of $47,908.14, plus all other amounts necessary to cover Summerville Landlord for all other accruals, within ten (10) business days after entry of such order; and

B. Granting the Summerville Landlord such further relief as this Court deems just and proper.

Dated this 16 day of February, 2006.

**HELD & ISRAEL**

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

NEAL, GERBER & EISENBERG LLP

Thomas C. Wolford, Esquire
2 North LaSalle Street, Suite 2200
(312) 269-5675 Telephone
(312) 269-1747 Facsimile

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT __Middle__ DISTRICT OF __Florida__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor: WINN DIXIE RALEIGH, INC. | Case Number: 05-03839-3F1 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Wilmington Trust Company, not individually, but solely as Trustee of Southland-Anderson W.D. Delaware Business Trust

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Thomas C. Wolford
Neal, Gerber & Eisenberg
2 N. LaSalle Street, Suite 2300
Chicago, IL 60602

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number: (312) 269-8000

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
Creditor is Landlord - premises known as Store 1261  1645 Old Trolley Road, Summerville, South Carolina

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes  Accrued real estate taxes relating to presently unassumed
☑ Other  commercial property lease

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS #: _____
Unpaid compensation for services performed
from _____ to _____
(date)    (date)

**2. Date debt was incurred:** August 25, 1994 (Date of Lease)

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 8,207.41 (unsecured)  (secured)  (priority)  **$8,207.41*** (Total)

*Claimant expressly reserves its right to amend this claim in the event other or additional claims under the lease arise or are discovered.*

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ 8,207.41
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA
2005 JUL 30 AM 9:19
RECEIVED
LOGAN & COMPANY, INC.
AS AGENT

Date 7/27, 2005

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
[signature]
By: Thomas C. Wolford, Attorney for Claimant

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT "A"

FORM B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT ___Middle___ DISTRICT OF ___Florida___ | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor<br>WINN-DIXIE RALEIGH, INC. | Case Number<br>05-03839-3F1 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Southland-Summerville W.D., successor-in-interest to Peregrine Properties Limited Partnership | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and address where notices should be sent:<br>Thomas C Wolford<br>Neal, Gerber & Eisenberg<br>2 N. LaSalle Street, Suite 2300<br>Chicago, IL 60602<br>Telephone number: (312) 269-8000 | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☑ Check box if the address differs from the address on the envelope sent to you by the court. |

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor:<br>Creditor is Landlord - premises located at: 1645 Old Trolley Road, Summerville, SC | Check here ☐ replaces<br>if this claim ☐ amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☑ Other  Claim for attorneys' fees arising under lease

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
        (date)          (date)

**2. Date debt was incurred:**
March, 2003 through June, 2004

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 36,350.84*  _____  _____  $ 36,350.84
    (unsecured)        (secured)        (priority)        (Total)

· *Claimant expressly reserves its right to amend this claim in the event other or additional claims arise under the lease.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____
Value of Collateral:    $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $ 36,350.84
☑ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain. If the documents are voluminous, attach a summary

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

THIS SPACE IS FOR COURT USE ONLY

U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA
2005 MAY 23 PM 12:42
RECEIVED LOGAN & COMPANY, INC. AS AGENT

| Date<br>May 19, 2005 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>*[signature]* Thomas C Wolford |
|---|---|

By: Thomas C. Wolford, Attorney for Southland-Summerville W.D.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

EXHIBIT "B"