**Hearing Date: March 9, 2006, 1:00 p.m.**
**Objection Deadline: March 2, 2006, 4:00 p.m.**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. [1] | ) Jointly Administered |
| | ) |

## DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(d)(4) further extending the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.

4.      Prior to the Petition Date, the Debtors and their financial advisors began a comprehensive analysis of the Debtors' businesses to determine how best to maximize their value.  In connection with this analysis, the Debtors announced a series of actions to improve their competitive position, which the Debtors refer to as their Strategic Plan.

5.      In connection with the Strategic Plan, the Debtors and their financial advisors analyzed the Debtors' market areas and determined that some of these markets are noncore, with limited opportunities for the Debtors and unprofitable operations in the aggregate.  Prior to the Petition Date, the Debtors sold or closed 111 stores in these noncore areas and another 45 unprofitable stores located in core market areas.  After the Petition Date, the Debtors determined that all stores in the noncore areas should be sold or closed.

6.      As an early initiative in the chapter 11 cases, the Debtors obtained authority to reject approximately 150 unexpired leases effective as of the Petition Date.  Thereafter, the Debtors, in consultation with their major creditor constituencies, formulated and implemented a market area reduction program (the "Footprint Process") pursuant to which the Debtors undertook to close or sell 326 additional stores (the "Targeted Stores").  The purpose of the Footprint Process was to enable the Debtors to focus on their strongest markets where they have a significant market share position, significantly reducing the number of stores and other facilities in which they operated as of the Petition Date.

7.      On July 1, 2005, the Debtors filed the Motion for Order (A) Authorizing the Sale of Assets Free and Clear of Liens, Claims and Interest and Exempt from Taxes, (B) Authorizing the Assumption and Assignment of Leases and Contracts and (C) Granting Related Relief, pursuant to which they sought, among other things, authority to sell their leasehold interests in several stores.  An auction was held on July 18, 2005 at which bids were accepted on 102 stores. Following the closing of contingency periods, on July 27, 28 and 29, 2005, the Debtors obtained Court approval for the sale of 84 stores.  The Debtors held a second auction in August 2005.  As a result of the second auction, the Debtors sold and/or terminated leases for 27 stores.

8.      To date, the Debtors have completed the sale of 111 stores.  Proceeds from completed sales exceeded $40 million, exclusive of consideration received for inventory. Approximately 213 Targeted Stores that were not sold have now been rejected under a Court-approved rejection procedure.  Additionally, the Debtors have obtained Court approval to reject over 80 other unexpired leases (and subleases) of non-residential real property, separate and apart from (a) the rejections of the Targeted Stores, and (b) the rejections that were effective as of the Petition Date.

9.      To implement the Footprint Process described above, and to have time to analyze leases and to make decisions on the going-forward business plan, the Debtors have previously requested and obtained three extensions of the period prescribed by section 365(d)(4) of the Bankruptcy Code for assuming or rejecting their unexpired nonresidential real property leases. On May 6, 2005, the Court entered an Order extending to September 19, 2005 the Debtors' 60-day initial 365(d)(4) period.  On September 12, 2005, the Court entered an order extending the Debtors' period for an additional 90 days to December 19, 2005.  On December 19, 2005, the Court entered an order extending the period for an additional 90 days.  That deadline will expire on March 20, 2006 (the "Existing 365(d)(4) Deadline"), if not extended.

10.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

11.     The statutory predicate for the relief requested in the Motion is section 365(d)(4) of the Bankruptcy Code.

### Relief Requested

12.     As of the date of this Motion, the Debtors are lessees under more than 500 remaining unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") including, without limitation, Unexpired Leases for retail stores, distribution facilities and administrative offices.  By this Motion, the Debtors seek entry of an order further extending the period within which they must move to assume or reject the Unexpired Leases through and including the date upon which their confirmed plan of reorganization becomes effective (the "Extension Period").

**Basis for Relief**

13.     Over the last several months, the Debtors have continued to analyze whether particular leased premises are necessary to the business plan upon which their plan of reorganization (the "Plan") will be based and, if any such leases are not necessary, whether the Debtors should assume and assign or reject the leases.

14.     Although the Debtors have made substantial progress with respect to both (a) the analysis of the remaining Unexpired Leases, and (b) the formulation of their Plan, at this juncture of these chapter 11 cases, the Debtors are not in a position to make final determinations as to which of the leased premises will be necessary to their business plan or which Unexpired Leases should be assumed, assigned or rejected to maximize the value of their estates. The Debtors anticipate making final determinations as to assumption or rejection of their Unexpired Leases in the context of the Plan and solidifying those decisions as they proceed through the confirmation process.

15.     The extension of the Debtors' 365(d)(4) period is necessary to allow the Debtors to maintain the flexibility, throughout the plan process, to assume or reject the Unexpired Leases. If the Debtors' time to assume or reject is not extended beyond the Existing 365(d)(4) Deadline, the Debtors will be compelled, prematurely and without final resolution of their chapter 11 cases and, thus, without regard to the best interests of their estates, to either assume substantial, long-term liabilities under the Unexpired Leases or to reject and forfeit benefits associated with the Unexpired Leases. Either course would be detrimental to the Debtors' ability to operate and preserve the going-concern value of their business for the benefit of all creditors and other parties in interest. Accordingly, as discussed in more detail below, the Debtors seek to extend the Existing 365(d)(4) Deadline through the effective date of the Debtors' Plan.

**Applicable Authority**

16.     Section 365(d)(4) of the Bankruptcy Code provides that:

> [n]otwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, <u>or within such additional time as the court, for cause, within such 60-day period, fixes</u>, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (emphasis added). Thus, the Court can, for cause, order an extension of the period during which a debtor-in-possession must assume or reject nonresidential real property leases upon the filing of a motion for such relief within the 60-day period or extensions thereof.  <u>In re Burger Boys</u>, 94 F.3d 755, 760-61 (2d Cir. 1996); <u>In re Wedtech Corp.</u>, 72 B.R. 464, 468-70 (Bankr. S.D.N.Y. 1987).

17.     Courts considering the issue have set forth the following nonexhaustive list of factors relevant to the determination of whether cause exists to extend the period during which a debtor-in-possession must assume or reject nonresidential real property leases:  "(1) whether the debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation . . . could damage the lessor beyond [] the compensation available under the Bankruptcy Code'; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization." <u>Burger Boys</u>,  94 F.3d at 761 (<u>quoting</u> <u>Theatre Holding Corp. v. Mauro</u>, 681 F.2d 102, 105-06 (2d Cir. 1982)); <u>In re Beautyco, Inc.</u>, 307 B.R. 225, 231 (Bankr. N.D. Okla. 2004) (<u>citing</u> <u>Burger Boys</u> factors); <u>see also</u> <u>Legacy, Ltd. v. Channel Home Centers (In re Channel Home Centers)</u>, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing <u>Wedtech</u>, 72 B.R. at 471-72)).

6

18.     In this case, all of these factors are satisfied.  First, the Debtors are paying for use of the property at the applicable lease rates and are continuing to perform their other obligations under the Unexpired Leases in a timely fashion.

19.     Second, there is no reason why the Debtors' proposed extension of the time to assume or reject could or would damage the landlords party to the Unexpired Leases (the "Lessors") beyond the compensation that is available to the Lessors under the Bankruptcy Code. Indeed, pursuant to section 365(d)(3) of the Bankruptcy Code, the Lessors enjoy a preferred and relatively low-risk position.[2]  There would, thus, be no harm to the Lessors should the Court extend the Existing 365(d)(4) Deadline.  Further, the Debtors propose that each Lessor be permitted to seek to shorten the Extension Period for cause with respect to a particular Unexpired Lease.  This ability to request relief from the Extension Period ensures that no Lessor will be prejudiced by the requested extension of time.

20.     Third, the Unexpired Leases are important assets of the Debtors.  Indeed, the Unexpired Leases are an integral component of the Debtors' business operations.  If the Debtors were forced to assume or reject the Unexpired Leases now, the Debtors may assume the Unexpired Leases prematurely, thereby elevating substantial long-term liabilities to administrative claim status; alternatively, the Debtors may reject the Unexpired Leases prematurely, which may impair the value of the Debtors' estates and may limit options available to the Debtors.  Indeed, this limiting of strategic options would extend not only to those of the

---

[2]     Under section 365(d)(3), a debtor-in-possession must timely perform its postpetition leasehold obligations that are allocable to periods preceding the debtor's rejection of the lease.  See, e.g., In re Handy Andy Home Improvement Ctrs., Inc., 144 F.3d 1125, 1126-27 (7th Cir. 1998); Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc.), 175 B.R. 769, 770 (S.D. Fla. 1994); In re Ames Dep't Stores, Inc., 306 B.R. 43, 80 (Bankr. S.D.N.Y. 2004) ("[T]he Landlords are entitled to unpaid rent under section 365(d)(3) to the extent … it is allocable to the post-petition, prerejection, period").

Unexpired Leases relating to retail stores, but also those relating to other properties, including distribution facilities and administrative offices.

21.    As the Third Circuit observed in <u>Channel Home Centers</u>, 989 F.2d at 689, "nothing prevents a bankruptcy court from granting an extension because a debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop."  Only once the Plan is confirmed and consummated will the Debtors have the certainty needed to be able to definitively assume or reject the Unexpired Leases.

22.    Additional extensions of the time period for assuming or rejecting nonresidential real property leases are routinely granted by the courts.  <u>See</u>, <u>e.g.</u>, <u>In re Safety-Kleen Corp.</u>, Case No. 00-2303 (Bankr. D. Del. Feb. 11, 2002) (granting extension until effective date of plan); <u>In re Solutia Inc.</u>, Case No. 03-17949 (Bankr. S.D.N.Y. November 4, 2005) (granting eighth extension of period in which to assume or reject unexpired nonresidential real property leases, bringing aggregate extensions to almost two years); <u>In re Spiegel, Inc.</u>, Case No. 03-11540 (Bankr. S.D.N.Y. August 3, 2005) (granting fourth extension of period in which to assume or reject unexpired nonresidential real property leases, bringing aggregate extensions to approximately 20 months); <u>In re Adelphia Communications Corp.</u>, Case No. 02-41729 (Bankr. S.D.N.Y. September 7, 2005) (granting eleventh extension (through confirmation of plan) in which to assume or reject unexpired nonresidential real property leases).  <u>In re Casual Male Corp.</u>, No. 01-41404 (REG) (Bankr. S.D.N.Y. Apr. 4, 2002) (Docket No. 647) (granting an additional extension of period to assume or reject unexpired nonresidential real property leases to the earlier of five months or the date of confirmation of a chapter 11 plan).

23.     The requested Extension Period will allow the Debtors to finalize their

reorganization strategy, solidify their future business plans, and make final decisions with

respect to the disposition of the Unexpired Leases in conjunction with the confirmation of the

Plan.

### Notice

24.     Notice of the Motion has been provided to (a) counsel to the Office of the United

States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the

Creditors Committee, (d) the other parties in interest named on the Master Service List

maintained in these cases, and (e) the Lessors.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court

(i) enter an order substantially in the form attached as Exhibit A extending through the effective

date of the Debtors' Plan the time within which the Debtors must move to assume or reject their

Unexpired Leases, and (ii) grant such other and further relief as is just and proper.

Dated: February 17, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By ___*s/ D. J. Baker*___ | By ___*s/ Cynthia C. Jackson*___ |
|     D. J. Baker |     Stephen D. Busey |
|     Sally McDonald Henry |     James H. Post |
|     Rosalie Walker Gray |     Cynthia C. Jackson, |
|     Adam S. Ravin |     Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

**ORDER GRANTING FOURTH EXTENSION OF TIME TO ASSUME OR**
**REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

These cases came before the Court for hearing on March 9, 2006 upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors an

extension of time to assume or reject unexpired nonresidential real property leases

through the effective date of the Debtors' plan of reorganization (the "Plan") (the

"Motion").  The Court has read the Motion and considered the representations of

counsel.  Based upon the representations of counsel and without objection by the United

States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The period within which the Debtors must move to assume or

reject the Unexpired Leases is extended through the date upon which the Debtors' Plan

becomes effective.

---

[1]      All capitalized terms not otherwise defined shall have the meaning ascribed to
them in the Motion.

3.      The Debtors will comply with the mandates of section 365 of the Bankruptcy Code, and will perform all the obligations of the Debtors, except those specified in section 365(b)(2), arising from and after the order for relief (the "Postpetition Rental Obligations").  Any lessor may file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion must set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. The Debtors agree that they will not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days.

4.      The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

5.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ___ day of _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

631624-New York Server 1A - MSW