Hearing Date: March 9, 2006, 1:00 p.m.
Objection Deadline: March 2, 2006, 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |
| ) | |

**DEBTORS' MOTION FOR ORDER AUTHORIZING**
**REJECTION OF EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES EFFECTIVE AS OF MARCH 9, 2006**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject the executory contracts and unexpired leases set forth on the attached Exhibit A (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors' business was founded in 1925 with a single grocery store and has grown through acquisitions and internal expansion. As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast with more than 900 stores in the United States. Since the Petition Date, the Debtors have been engaged in a footprint reduction program and have sold or closed over 300 of their stores.

4. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

**Relief Requested**

6. By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of the executory contracts and

unexpired leases identified on Exhibit A (collectively, the "Contracts")[2] as of March 9, 2006. The Contracts consist of, among other things, supply agreements, equipment leases, natural gas sales agreements and several information technology services agreements.

7. The Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contracts. By rejecting the Contracts, the Debtors will avoid unnecessary expense and burdensome obligations that provide no tangible benefit to the Debtors' estates or creditors. The Contracts are no longer necessary to the Debtors' businesses.

8. Certain of the Contracts are no longer needed by the Debtors because they relate to facilities that have been sold or closed by the Debtors, including the former Astor Products production facility in Jacksonville, Florida, and the dairy facility in High Point, North Carolina. These Contracts consist of (i) a co-pack/product supply agreement with Barbco, Inc., (ii) an equipment lease with MeadWestvaco Packaging System, LLC, (iii) a cylinder lease agreement with National Welders Supply Company and (iv) several natural gas sales agreements with Scanna Energy Marketing, Inc.

9. The remainder of the Contracts consist of (i) information technology services agreements with Bayforce Staffing Solutions, Infosys Technologies Limited, Modis Consulting, SAM Group, Inc. and Wipro Limited, (ii) a supply agreement with Futuristic Foods, Inc. and (iii) an equipment lease agreement with CIT Technologies Corporation. The Debtors have determined that they either no longer need these agreements or that they are able to obtain similar services from alternative sources at a lower cost. As part of the Debtors' strategy to eliminate

---

[2] The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

inefficiencies and reduce overhead, the Debtors have determined that it is in their best interest to reject these Contracts.

## Basis for Relief

10.    Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

11.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Surfside Resort and Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

4

12.     The Debtors have satisfied the "business judgment" standard for rejecting the Contracts in the present case. The Contracts are unnecessary to the Debtors' ongoing operations, are not a source of potential value for the Debtors' estates and creditors, and constitute an unnecessary drain on the Debtors' resources. Accordingly, the Debtors' determination that the Contracts should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

13.     To the extent that the parties to the Contracts assert rejection damages as a result of the rejection proposed by this Motion, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection is 30 days after the date of entry of the order entered pursuant to this Motion.

### Notice

14.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the parties to the Contracts. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the rejection of the Contracts, effective as of March 9, 2006 and (ii) grant such other and further relief as the Court deems just and proper.

Dated: February 17, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*   <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Walker Gray <br> Jane M. Leamy <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By   *s/ Cynthia C. Jackson*   <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson, <br>   Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

6

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Barbco, Inc.<br>Attn: Charles Carpenter<br>15003 Benfer Road<br>Houston, TX  70069 | Astor Products, Inc. | Co-Pack/Product Supply Agreement dated as of October 28, 2004 |
| Bayforce Staffing Solutions<br>Attn: Michael Nagy<br>146 2nd St. N., Suite 107<br>St. Petersburg, FL  33701 | Winn-Dixie Stores, Inc. | Master Information Technology Services Agreement, dated as of January 8, 2004 |
| CIT Technologies Corporation, assignee of GATX Technology Services<br>2285 Franklin Road<br>P.O. Box 2017<br>Bloomfield Hills, MI  48303-2017 | Winn-Dixie Stores, Inc. | Computer Equipment Schedule No. 1 to Master Lease Agreement, dated as of July 15, 2003, for lease of NCR Worldmark 5300, Serial No. 33177335 |
| Futuristic Foods, Inc.<br>Attn: Michael Scarpulla, President<br>100 Benjamin Street<br>Toms River, NJ  08755 | Winn-Dixie Stores, Inc. | Entrée and Side Dish Supply Agreement dated as of July 20, 2003 |
| Infosys Technologies Limited<br>Electronics City, Hosur Road<br>Bangalore 560 100 India<br><br>-and-<br><br>Infosys Technologies Limited<br>Attn: Legal Department<br>34760 Campus Drive<br>Fremont, CA  94555 | Winn-Dixie Stores, Inc. | Services Agreement dated as of March 31, 2004 |
| MeadWestvaco Packaging Systems, LLC<br>1040 West Marietta St., NW<br>Atlanta, GA  30318 | Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte, Inc. | Equipment Lease dated as of February 20, 2003 for Specification Model:  18000, Serial Number: 56, Types of Packages: YOGOPAK *2x3 |
| Modis Consulting<br>Attn: Guy Cudihee<br>Modis Tower<br>1 Independent Drive<br>Jacksonville, FL  32202 | Winn-Dixie Stores, Inc. | Master Information Technology Services Agreement, dated as of January 7, 2004 |
| National Welders Supply Company, Inc.<br>1402 West Green St. | Winn-Dixie Stores, Inc. | Cylinder Lease Agreement dated as of January 25, 2004 |

| | | |
|---|---|---|
| High Point, NC  27260 | | |
| Scanna Energy Marketing, Inc.<br>Contract Administration<br>P.O. Box 23606<br>Columbia, SC 29224 | Winn-Dixie Stores, Inc. | Natural Gas Sales Agreement Contract No. NCS01838, dated November 1, 2002, for Taylors, SC facility<br><br>Natural Gas Sales Agreement Contract No. GS001027, dated October 1, 2000, for Atlanta, GA facility<br><br>Natural Gas Sales Agreement Contract No. NCS01845, dated November 1, 2002, for High Point, NC facility |
| SAM Group, Inc.<br>11 Smith Hines Rod.<br>Greenville, SC  29607 | Winn-Dixie Stores, Inc. | Statement of Work #5 dated February 1, 2005 |
| Wipro Limited<br>Attn: Legal Dept., Wipro Technologies<br>Dodda Kannelli, Sarjapur Road<br>Bangalore 560-035<br>India | Winn-Dixie Stores, Inc. | Master Business Agreement dated as of July 1, 2004 |

8

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES EFFECTIVE AS OF MARCH 9, 2006**

These cases came before the Court for hearing on March 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of the executory contracts and unexpired leases listed on Exhibit A (collectively, the "Contracts") effective as of March 9, 2006 (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.  The Motion is granted.

2.  The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. § 365(a), and the Contracts are deemed rejected, effective as of March 9, 2006.

3.  Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Contracts, whether or not related to the Contracts.

      4.      Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

      5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order. Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

      6.      The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of March 2006 in Jacksonville, Florida.

 

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

# EXHIBIT A

# CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.  The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
| --- | --- | --- |
| Barbco, Inc.<br>Attn: Charles Carpenter<br>15003 Benfer Road<br>Houston, TX  70069 | Astor Products, Inc. | Co-Pack/Product Supply Agreement dated as of October 28, 2004 |
| Bayforce Staffing Solutions<br>Attn: Michael Nagy<br>146 2nd St. N., Suite 107<br>St. Petersburg, FL  33701 | Winn-Dixie Stores, Inc. | Master Information Technology Services Agreement, dated as of January 8, 2004 |
| CIT Technologies Corporation, assignee of GATX Technology Services<br>2285 Franklin Road<br>P.O. Box 2017<br>Bloomfield Hills, MI  48303-2017 | Winn-Dixie Stores, Inc. | Computer Equipment Schedule No. 1 to Master Lease Agreement, dated as of July 15, 2003, for lease of NCR Worldmark 5300, Serial No. 33177335 |
| Futuristic Foods, Inc.<br>Attn: Michael Scarpulla, President<br>100 Benjamin Street<br>Toms River, NJ  08755 | Winn-Dixie Stores, Inc. | Entrée and Side Dish Supply Agreement dated as of July 20, 2003 |
| Infosys Technologies Limited<br>Electronics City, Hosur Road<br>Bangalore 560 100 India<br><br>-and-<br><br>Infosys Technologies Limited<br>Attn: Legal Department<br>34760 Campus Drive<br>Fremont, CA  94555 | Winn-Dixie Stores, Inc. | Services Agreement dated as of March 31, 2004 |
| Mead Westvaco Package System, LLC<br>1040 West Marietta St., NW<br>Atlanta, GA  30318 | Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte, Inc. | Equipment Lease dated as of February 20, 2003 for Specification Model: 18000, Serial Number: 56, Types of Packages: YOGOPAK *2x3 |
| Modis Consulting<br>Attn: Guy Cudihee<br>Modis Tower<br>1 Independent Drive<br>Jacksonville, FL  32202 | Winn-Dixie Stores, Inc. | Master Information Technology Services Agreement, dated as of January 7, 2004 |
| National Welders Supply Company, Inc.<br>1402 West Green St.<br>High Point, NC  27260 | Winn-Dixie Stores, Inc. | Cylinder Lease Agreement dated as of January 25, 2004 |

| | | |
|---|---|---|
| Scanna Energy Marketing, Inc.<br>Contract Administration<br>P.O. Box 23606<br>Columbia, SC 29224 | Winn-Dixie Stores, Inc. | Natural Gas Sales Agreement Contract No. NCS01838, dated November 1, 2002, for Taylors, SC facility<br><br>Natural Gas Sales Agreement Contract No. GS001027, dated October 1, 2000, for Atlanta, GA facility<br><br>Natural Gas Sales Agreement Contract No. NCS01845, dated November 1, 2002, for High Point, NC facility |
| SAM Group, Inc.<br>11 Smith Hines Rod.<br>Greenville, SC  29607 | Winn-Dixie Stores, Inc. | Statement of Work #5 dated February 1, 2005 |
| Wipro Limited<br>Attn: Legal Dept., Wipro Technologies<br>Dodda Kannelli, Sarjapur Road<br>Bangalore 560-035<br>India | Winn-Dixie Stores, Inc. | Master Business Agreement dated as of July 1, 2004 |

4