## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## LANDLORD'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO EVICT DEBTOR WINN-DIXIE STORES, INC. FROM STORE #278 OR, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION

Westfork Tower, LLC (the "Landlord") files this Motion pursuant to Section 362 of the Bankruptcy Code for relief from the automatic stay to commence proceedings to evict the Debtor from Store #278 pursuant to Section 362 because the Landlord lacks adequate protection of its interest in the leased property; or in the alternative for adequate protection in the form of payment of past due rent and other charges and a date certain by which the Debtor must assume or reject the Lease as an executory contract, and alleges:

### BACKGROUND

1.      On February 21, 2005 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its businesses and managing its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Prior to the Petition Date, the Debtor entered into the lease agreement dated March 19, 1998, as amended April 15, 1999 (the "Lease")[1], attached as **Exhibit 1**,

---

[1]  All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Lease.

with West Fork Plaza Associates, L.P. f/k/a West Fork Associates I, L.P. for use and occupancy of Store #278 located at Westfork Plaza, Broward County, Florida.

3.      On September 9, 2005, Westfork Plaza was sold to the Landlord.  As a result, the Landlord files this Motion as a successor in interest to West Fork Plaza Associates, L.P.  On the same date, the Landlord sent the Debtor notice of the sale of the Westfork Plaza to the Landlord together with new rent payment instructions.  See Notice and certified return receipt, attached as **Exhibit 2**.

4.      Pursuant to the Lease, the Debtor is to pay the Landlord a Basic Rent of $36,610.83 per month.  In addition, the Debtor pays the Landlord Percentage Rent equal to the amount, if any, by which 1% of Gross Sales exceeds the Basic Rent.  Further, the Debtor pays Additional Rent which is comprised of the Debtor's pro-rata share of the Common Area Maintenance Expenses, Real Estate Taxes and Shopping Center Insurance.

5.      After the Petition Date, on October 1, 2005, the Debtor ceased making all requisite rent payments.  As of January 31, 2006, the Debtor owes the Landlord $195,772.96 in unpaid, past due rent and other charges, including an $8,721.00 past due balance due October 1, 2005.  In addition, $36,610.83 in rent is due and unpaid for February 2006 rent and the same amount of rent is due March 1 and on the first day of each month thereafter.  The Debtor must also pay the Landlord estimated CAM payments of $5,983.00 per month for February and March 2006, and successive months.

6.      On January 25, 2006, the Landlord sent notice to the Debtor's in house and bankruptcy counsel demanding payment of the past due rent from October 1, 2005 through January 31, 2006 and informing the Debtor of the Landlord's intent to seek to

2

compel the Debtor to comply with its obligations pursuant to Section 365(d)(3).  See Email from Thomas Lehman to Catherine Ibold, attached as **Exhibit 3**.[2]  Despite receipt of this notice and in clear violation of the obligations prescribed by Section 365(d)(3), the Debtors still have not paid any portion of the past due rent.

## JURISDICTION

7.    The Court has jurisdiction over this matter under 28 U.S.C. '' 157 and 1334.  Venue is proper under 28 U.S.C. '' 1408 and 1409.

## ARGUMENT

8.    Section 362(d)(3) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> > (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;
> > . . . .

9.    Section 365(d)(3) of the Bankruptcy Code provides:

> The trustee shall timely perform all obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease Is assumed or rejected, notwithstanding section 503(b)(1) of this title.

10.    The Debtor's failure to immediately comply with the Landlord's demand for rent entitles the Landlord to relief from the automatic stay to pursue state court

---

[2]  Prior to sending this email demand, Landlord's counsel had established a prior course of communication with both counsel for Winn-Dixie Stores, Inc. with respect to another store whereby communications and transmittals were by email.

remedies such as eviction.  See In re C.A.F. Bindery, Inc., 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996) (holding that debtor must pay the full amount of postpetition rent due within 30 days or stay relief to pursue state court eviction proceedings is automatically granted).  Such relief is consistent with paragraph 26 of the Lease, which provides that failure to pay rent for 10 days after receipt of notice from the Landlord permits the Landlord to, at its option, (1) terminate the Lease or (2) re-enter the premises by summary proceedings or otherwise expel the Debtor and remove all property from the store and relet the premises.  Further, the Debtor remains liable for the deficiency, if any, between the Basic Rent due and the total rent obtained by the Landlord on reletting the premises.  Accordingly, the Landlord seeks relief from the automatic stay to prosecute eviction proceedings in state court and remove the Debtor from Store # 278, in the event that the Debtor fails to make the past due rent payments.

11.    Case law provides that the Landlord is entitled to seek payment of late fees, interest, and attorneys' fees and costs for the expenses incurred in seeking payment of past due rent if provided for in the Lease.  See Three Sisters Partners LLC v. Harden (In re Shangra-La, Inc.), 167 F.3d 843 (4th Cir.1999) (reversing bankruptcy and district courts= holdings that claim for attorneys= fees must satisfy requirements of Section 503 and remanding to bankruptcy court to apply §365(d)(3) standard  for reimbursement of attorneys= fees to landlord for having to enforce its right to payment of rent); see also, In re Geonex Corp., 258 B.R. 336  (Bankr. Md. 2001) (on remand, awarding the landlord counsel fees, late charges and interest on the unpaid rent provided for in the lease).  Paragraph 47 of the Lease provides for payment of attorneys' fees and court costs.

Accordingly, the Landlord seeks payment in full of past due rent as well as the attorneys' fees and costs expended in efforts to collect rent.

12.     Under the Code and applicable case law, the Landlord is entitled to entry of an order granting it relief from the stay, for cause:  on the basis that the Debtor has failed to pay administrative rent since September of 2005; on the basis that the Debtor has failed to provide, and the Landlord does not have, adequate protection for its claim and its interest in the property; and on the basis that the Debtor has not filed any motion to assume or reject this Lease as an executory contract.

13.     In the alternative, the Landlord is entitled to adequate protection in the form of payment by the Debtor of the past due and ongoing rent and other charges and obligations as set forth in this Motion, including the Landlord's attorneys' fees and costs, and entry of an order requiring the Debtor to assume or reject this Lease as an executory contract within a time certain to be set by the Court prior to confirmation of the Debtor's Chapter 11 Plan.

**WHEREFORE,** for the foregoing reasons, the Landlord requests that the Court grant this Motion and (i) enter an order granting the Landlord relief from the automatic stay to permit it to file and complete an eviction action against the Debtor to remove the Debtor from store #278, or (ii) enter an order granting the Landlord adequate protection in the form of (a) requiring the Debtor to make immediate payment of past due rent and other charges in the amount of $195,772.96 through January 31, 2006, $42,593.83 in rent and CAM for February and the same amount for March 2006, plus attorneys fees and costs and all amounts due thereafter under the Lease, and (b) requiring the Debtor to assume or reject the Lease by a date certain which is prior to confirmation of the Debtor's

Plan, and requests such other and further relief as this Court deems just and proper under the circumstances.

February 22, 2006.

Respectfully submitted,

SCRUGGS & CARMICHAEL, P.A.

/s/ Karen K. Specie, Esquire
KAREN K. SPECIE, ESQUIRE
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Fascimile: 352-375-0690
Florida Bar No. 260746
Attorney for Terranova Corp.

TEW CARDENAS LLP

/s/ Thomas R. Lehman, P.A.
THOMAS R. LEHMAN, P.A.
CASANDRA PEREZ, ESQUIRE
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone:  305-536-1112
Facsimile:  305-536-1116
Florida Bar No. 351318

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was electronically filed with the U. S. Bankruptcy Court on this 22nd day of February, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to:

**Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036;

**Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201;

Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; and

**Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL  32801.

/s/ Terri L. Darden