UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

### LANDLORD'S MOTION TO COMPEL DEBTOR TO PAY PAST DUE (OCTOBER 2005 THROUGH FEBRUARY 2006) AND ONGOING RENT PAYMENTS FOR STORE #278, AND TO ASSUME OR REJECT LEASE AS EXECUTORY CONTRACT

Westfork Tower, LLC (the "Landlord") files this Motion pursuant to Sections 365(d)(2) and 365(d)(3) of the Bankruptcy Code to compel Winn-Dixie Stores, Inc., a debtor and debtor-in-possession in the above-captioned cases (the "Debtor") to make past due rent payments for the period October 2005 through February 2006, to pay ongoing rent payments and obligations, and to compel the Debtor to assume or reject the lease on Store #278 within a time certain prior to confirmation of its Chapter 11 Plan, and alleges:

### BACKGROUND

1.      On February 21, 2005 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor is operating its businesses and managing its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Prior to the Petition Date, the Debtor entered into the lease agreement dated March 19, 1998, as amended April 15, 1999 (the "Lease")[1], attached as **Exhibit 1**,

---

[1]  All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Lease.

with West Fork Plaza Associates, L.P. f/k/a West Fork Associates I, L.P. for use and occupancy of Store #278 located at Westfork Plaza, Broward County, Florida.

3.      On September 9, 2005, Westfork Plaza was sold to the Landlord.  As a result, the Landlord files this Motion as a successor in interest to West Fork Plaza Associates, L.P.  On the same date, the Landlord sent the Debtor notice of the sale of the Westfork Plaza to the Landlord together with new rent payment instructions.  See Notice and certified return receipt, attached as **Exhibit 2**.

4.      Pursuant to the Lease, the Debtor is to pay the Landlord a Basic Rent of $36,610.83 per month.  In addition, the Debtor owes the Landlord Percentage Rent equal to the amount, if any, by which 1% of Gross Sales exceeds the Basic Rent.  Further, the Debtor owes Additional Rent which is comprised of the Debtor's pro-rata share of the Common Area Maintenance Expenses, Real Estate Taxes and Shopping Center Insurance.

5.      After the Petition Date, on October 1, 2005, the Debtor ceased making all requisite rent payments.  As of January 31, 2006, the Debtor owes the Landlord $195,772.96 in unpaid, past due rent and other charges, including an $8,721.00 past due balance due October 1, 2005.  In addition, $36,610.83 in rent is due and unpaid for February 2006 and the same amount of rent is due March 1, 2006.  Finally, the Debtor must pay the Landlord estimated CAM payments of $5,983.00 per month for February and March 2006, and all additional months under the Lease.

6.      On January 25, 2006, the Landlord sent notice to the Debtor's in house and bankruptcy counsel demanding payment of the past due rent from October 1, 2005 through January 31, 2006 and informing the Debtor of the Landlord's intent to seek to

2

compel the Debtor to comply with its obligations pursuant to Section 365(d)(3).  See Email from Thomas Lehman to Catherine Ibold, attached as **Exhibit 3**.[2]  Despite receipt of this notice and in clear violation of the obligations prescribed by Section 365(d)(3), the Debtors still have not paid any portion of the past due rent.

### JURISDICTION

7.    The Court has jurisdiction over this matter under 28 U.S.C. '' 157 and 1334.  Venue is proper under 28 U.S.C. '' 1408 and 1409.

### ARGUMENT

8.    Section 365(d)(3) of the Bankruptcy Code provides:

> The trustee shall timely perform all obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease Is assumed or rejected, notwithstanding section 503(b)(1) of this title.

9.    This Court has held that pursuant to the language of Section 365(d)(3), until debtors reject leases for nonresidential real property, whether by their own action or by law, lessors are entitled to administrative expenses for unpaid rent accruing postpetition.  In re Kirsch, 242 B.R. 77 (Bankr. M.D. Fla. 1999).  In addition, the majority of courts interpreting Section 365(d)(3) have held that a landlord is entitled to payment at the full lease rate and that the "benefit test" required under Section 503 is not applicable. Id.

10.    According to Section 365(d)(3) a lessor of nonresidential real property is entitled to demand immediate payment of postpetition rent due under the lease from the

---

[2]  Prior to sending this email demand, Landlord's counsel had established a prior course of communication with both counsel for Winn-Dixie Stores, Inc. with respect to another store whereby communications and transmittals were by email.

debtor as an administrative expense without the need for an application and allowance of payment of rent due under Section 503(b).  See In re Pacific-Atlantic Trading Co., 27 F.3d  401 (9th Cir. 1994).  The holding in the Kirsch case and the majority view interpreting Section 365(d)(3) support the Landlord's demand for immediate payment of rent accrued since October 1, 2005.

11.    The Debtor's failure to immediately comply with the demand for rent entitles the Landlord to relief from the automatic stay to pursue state court remedies such as eviction.  See In re C.A.F. Bindery, Inc., 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996) (holding that debtor must pay the full amount of postpetition rent due within 30 days or stay relief to pursue state court eviction proceedings is automatically granted).  Such relief is consistent with paragraph 26 of the Lease, which provides that failure to pay rent for 10 days after receipt of notice from the Landlord permits the Landlord to, at its option, (1) terminate the Lease or (2) re-enter the premises by summary proceedings or otherwise expel the Debtor and remove all property from the store and relet the premises. Further, the Debtor remains liable for the deficiency, if any, between the Basic Rent due and the total rent obtained by the Landlord on reletting the premises.  Accordingly, the Landlord is filing, simultaneously with this Motion, a motion seeking relief from the automatic stay to prosecute eviction proceedings in state court and remove the Debtor from Store # 278, in the event that the Debtor fails to make the past due rent payments.

12.    Case law provides that the Landlord is entitled to seek payment of late fees, interest, and attorneys' fees and costs for the expenses incurred in seeking payment of past due rent if provided for in the Lease.  See Three Sisters Partners LLC v. Harden (In re Shangra-La, Inc.), 167 F.3d 843 (4th Cir.1999) (reversing bankruptcy and district

courts= holdings that claim for attorneys= fees must satisfy requirements of Section 503 and remanding to bankruptcy court to apply §365(d)(3) standard  for reimbursement of attorneys= fees to landlord for having to enforce its right to payment of rent); see also, In re Geonex Corp., 258 B.R. 336  (Bankr. Md. 2001) (on remand, awarding the landlord counsel fees, late charges and interest on the unpaid rent provided for in the lease). Paragraph 47 of the Lease provides for payment of attorneys' fees and court costs. Accordingly, the Landlord seeks payment in full of past due rent as well as the attorneys' fees and costs expended in efforts to collect rent.

13.    Section 365(d)(2) of the Bankruptcy Code provides:

In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

14.    The Landlord requests this Court, pursuant to 11 U.S.C. §365(d)(2) to order the Debtor to determine within a specified time prior to confirmation of a plan whether to assume or reject the lease on store #278.

15.    The Debtor has filed a motion, scheduled for hearing on March 9, 2006, requesting a fourth extension of time within which to decide whether to assume or reject non-residential leases, and is requesting an extension through the effective date of a confirmed plan.

16.    The Landlord submits that the Debtor can, at this point in time if it has not already done so, determine whether store #278 is within its "footprint" stores, and decide

whether to assume or reject this lease well in advance of confirmation and the effective date of its plan.

17.    To permit the Debtor to delay a decision on whether to assume or reject this lease as an executory contract until confirmation of its plan puts the Landlord at a distinct and potentially prejudicial disadvantage in this case; especially where, as here, the Debtor is not paying its administrative rent.    This Estate could end up administratively insolvent, in which case any administrative claim awarded to the Landlord would be worthless, leaving the Landlord with no effective remedy against the Debtor while giving the Debtor the ability to continue to occupy and utilize the Landlord's property during the continued pendency of this Case.  Further, postponing any decision on whether to assume or reject this executory contract until confirmation or the effective date of a Plan could erode or completely negate any ability of the Landlord to make an educated decision on whether to vote in favor of or against a Plan; or alternatively could negate any right of the Landlord to vote either way, since no claim for breach damages would accrue in favor of the Landlord until after confirmation.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, the Landlord requests that the Court grant this Motion and (i) compel the Debtor to make immediate payment of past due rent and other charges in the amount of $195,772.96 through January 31, 2006, $42,595.83 in rent and CAM for February 2006, and any and all amounts due thereafter under the Lease; and (ii) order the Debtor to file a motion to assume or reject the lease on store #278 within a time certain and prior to confirmation; and award Landlord its attorneys'

fees and expenses incurred in bringing this motion as an administrative expense, and reserve jurisdiction to determine the amount.

      Dated:  February 22, 2006

                    Respectfully submitted,

                    **SCRUGGS & CARMICHAEL, P.A.**

                    /s/ Karen K. Specie, Esquire
                    KAREN K. SPECIE, ESQUIRE
                    Post Office Box 23109
                    Gainesville, FL 32602
                    Telephone: 352-376-5242
                    Fascimile: 352-375-0690
                    Florida Bar No. 260746
                    Attorney for Terranova Corp.

                    **TEW CARDENAS LLP**

                    /s/ Thomas R. Lehman, P.A.
                    THOMAS R. LEHMAN, P.A.
                    CASANDRA PEREZ, ESQUIRE
                    Four Seasons Tower, 15th Floor
                    1441 Brickell Avenue
                    Miami, Florida 33131
                    Telephone:  305-536-1112
                    Facsimile:  305-536-1116
                    Florida Bar No. 351318
                    Attorneys for Terranova Corp.

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that the foregoing document was electronically filed with the U. S. Bankruptcy Court on this 22nd day of February, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to:

**Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036;

**Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201;

Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank,

Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY  10005; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL  32801.

/s/ Terri L. Darden