Hearing Date: March 9, 2006, 1:00 p.m.
Objection Deadline: March 3, 2006, 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. [1] | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF**
**EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS AND**
**OBTAINING ACCEPTANCES OF SUCH PLANS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 1121(d) granting an additional extension of their exclusive periods for proposing and obtaining acceptances of one or more plans of reorganization (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested in the Motion are sections 105(a) and 1121(d) of the Bankruptcy Code.

**Exclusive Periods**

5. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose a plan of reorganization (the "Exclusive Proposal Period"). In addition, section 1121(c)(3) of the Bankruptcy Code provides that if a debtor proposes a plan within the Exclusive Proposal Period, it has the balance of 180 days after the commencement of the chapter 11 case to solicit acceptances of such plan (the "Exclusive Solicitation Period"). During the Exclusive Proposal Period and the Exclusive Solicitation Period (together, the "Exclusive Periods"), plans may not be proposed by any party in interest other than the debtor.

6. Under section 1121(d) of the Bankruptcy Code, the Exclusive Periods may be extended for cause. Pursuant to the Order Granting Third Extension of Exclusive Periods for

Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans dated December 20, 2005, this Court most recently extended the Debtors' Exclusive Periods, for the third time, to March 20, 2006 for the Exclusive Proposal Period and to May 22, 2006 for the Exclusive Solicitation Period.

7.   For the past six weeks, the Debtors have been in close discussions with the Creditors Committee regarding the appropriate structure of and terms for a plan of reorganization (the "Plan"). The Debtors are continuing to work with the Creditors Committee and have made progress with respect to a number of issues.  A significant open issue is the respective treatment of unsecured claims against each of the individual affiliated Debtors, or in the alternative, consideration of the substantive consolidation of the Debtors' estates (the "Substantive Consolidation Issue").  The Debtors and the Creditors Committee are working together to resolve open issues in order to permit the Debtors to timely file a plan of reorganization that will be consensual among the various creditor constituencies and avoid protracted litigation.  The Debtors now recognize that they will not be able to accomplish this objective by March 20, 2006, and that a 30 day extension of the Exclusive Periods will facilitate the chances of the Debtors and the Creditors Committee reaching a consensual resolution.

8.   If at the end of such 30 day extension, the Debtors and the Creditors Committee are not able to agree on a Plan treatment of the Substantive Consolidation Issue and any other open issues, the Debtors intend[2] to file and solicit creditor acceptances of a joint plan of reorganization which will include resolutions that will be fair to all creditor constituencies and preferable to the risk, expense and delay otherwise attendant to extended litigation of those issues.

---

[2]  (barring unforeseen circumstances)

**Relief Requested**

9. By this Motion, the Debtors request entry of an order further extending their Exclusive Proposal Period for approximately 30 days, to and including April 19, 2006, and extending their Exclusive Solicitation Period also for approximately 30 days, to and including May 21, 2006.

**Applicable Authority**

10. Section 1121(d) of the Bankruptcy Code provides that this Court may extend the Exclusive Periods for cause:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d).

11. The factors which Bankruptcy Courts examine in determining whether or not cause exists to extend the Exclusive Periods include: (a) the size and complexity of the case; (b) the debtor's progress in resolving issues facing the estate; and (c) whether an extension of time will harm the debtor's creditors. See, e.g., In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); In re Truck Extrusion Corp., 844 F.2d 1142, 1161 (5th Cir. 1988); In re Homestead Partners, Ltd., 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (among other factors, "sufficient 'cause' may exist when … the presence of complex legal issues has occupied much of the debtor's plan-making opportunity") (citations omitted).

12. In evaluating these factors, the courts are given maximum flexibility to review the particular facts and circumstances presented in the cases before them. See In re Public Serv. Co. of N.H., 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent ... [is] to promote

maximum flexibility . . . ."); First Am. Bank of N.Y. v. SW. Gloves & Safety Equip., Inc., 64 B.R. 963, 965 (D. Del. 1986) (acknowledging flexibility that section 1121(d) provides); H.R. Rep. No. 95-595, at 232 (1978) ("[T]he bill allows the flexibility for individual cases that is unavailable today.") as reprinted in 1978 U.S.C.C.A.N. 5963, 6191; In re Hoffinger Indus., Inc., 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) (stating that not all factors "are relevant in every case" and court has discretion to "decide which factors are relevant and give the appropriate weight to each").

13. In the Debtors' cases, the 30-day extensions of each of the Exclusive Periods are fully justified for the reasons set forth below:

   (a) The Debtors' cases are large and complex;

   (b) The Debtors have made good-faith progress toward proposing a plan; and

   (c) This requested extension will not prejudice the rights of creditors.

A.   The Debtors' cases are complex.

14. Courts frequently grant an extension of the exclusive periods based upon the size and complexity of a chapter 11 case. See In re Texaco, Inc., 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987); McLean, 87 B.R. at 834; Homestead 197 B.R. at 720 (recognizing the presence of complex legal issues as one of the bases for cause pursuant to 11 U.S.C. § 1121(d)) ; see also Gaines v. Perkins (In re Perkins), 71 B.R. 294, 296-97 (W.D. Tenn. 1987) (in case involving 100 creditors holding approximately 225 claims aggregating $10 million against estate valued at $13 million, district court affirmed bankruptcy court's enlargement of the exclusivity period and held that cause may exist if the case is unusually large).

15. The Debtors' chapter 11 cases are large and complex. Their financial structure consists of (a) an $800 million debtor-in-possession secured financing facility, (b) other

5

prepetition secured obligations, (c) publicly-traded senior unsecured notes, with a remaining principal amount of approximately $300 million (due 2008), (d) trade, litigation and other general unsecured liabilities and (e) publicly-held equity securities at the parent level.  There are thousands of creditors and other parties in interest in these cases -- claim bar date notices were sent to in excess of 290,000 parties in interest.

16.     Winn-Dixie, a publicly-owned Florida corporation, is the ultimate parent of a group of companies that includes the twenty-four Debtors in these cases.  The Debtors conduct business through their corporate headquarters in Jacksonville, Florida and operate grocery stores and other facilities throughout the Southeast United States.  The Debtors also have affiliates in the Bahamas, which are not involved in these cases.

17.     In sum, the sheer size and complexity of the Debtors' businesses and chapter 11 cases constitute cause to extend the Exclusive Periods.  Although the Debtors have previously been granted three extensions of the Exclusive Periods, the Debtors submit that the further extension now being sought is reasonable and appropriate given the complexity and size of these cases, and is not larger than extensions granted by many other courts in cases of similar, and even lesser, size.

B.     <u>The Debtors have made good faith progress toward proposing a plan.</u>

18.     Since the Petition Date, the Debtors have, as noted in the three prior motions to extend the Exclusive Periods that were filed in these cases (the "Prior Exclusivity Motions"), made significant progress in their chapter 11 cases.[3]

19.     Most significantly, the Debtors have now implemented a market area reduction program (the "Footprint Process") pursuant to which the Debtors have closed or sold 326 stores (the "Targeted Stores").  The purpose of the Footprint Process is to enable the Debtors to focus

6

on their strongest markets where they have a significant market share position, significantly reducing the number of stores and other facilities in which they operated as of the Petition Date.

20. To date, the Debtors have completed the sale of 111 stores. Gross proceeds from completed sales exceed $40 million, exclusive of consideration paid for inventory. With one exception, the Targeted Stores that were not sold have now been rejected pursuant to a streamlined rejection procedure approved by the Court by Order dated September 8, 2005. Liquidations have been conducted at approximately 245 stores, producing net proceeds to the estates of approximately $136 million.

21. Additionally, since the Petition Date, the Debtors have implemented and refined operational initiatives designed to cut costs and improve performance (collectively, the "Operational Initiatives"). These Operational Initiatives have included as (a) the implementation of a sustainable strategic sourcing program, (b) a significant reduction in corporate overhead costs, (c) the reorganization of the Debtors' "field team" by reducing the number of district managers from 96 to 30, (d) the establishment of several merchandising and marketing programs designed to improve product offerings, (e) customer service initiatives, (f) the investment in capital to refresh the appearance of many stores, and (g) the realignment of the overhead structure to reflect the new footprint.

22. Based upon the foundation provided by the Footprint Process and the Operational Initiatives, the Debtors developed a comprehensive business plan (the "Business Plan") which the Debtors presented to the Creditors Committee during the week of November 7, 2005. The Business Plan has been the basis for the current discussions proceeding between the Debtors and the Creditors Committee.

---

[3] The progress described in the Prior Exclusivity Motions is incorporated by reference.

23. The Debtors believe that no party in interest would benefit from the premature filing of a plan of reorganization. Moreover, under the circumstances, a premature termination of the Exclusive Periods would deny the Debtors a meaningful opportunity to finalize and propose a confirmable plan. A termination of the Debtors' Exclusive Periods at this time would encourage the development of competing multiple plans that could lead to unwarranted confrontations, litigation and increased administrative costs.

C. <u>Creditors will not be prejudiced by an extension.</u>

24. The requested extension of the Exclusive Periods will not prejudice the legitimate interests of any creditor or other party in interest. To the contrary, the proposed extension will advance the Debtors' efforts to preserve value and avoid unnecessary and wasteful litigation practice.

25. Moreover, given the current posture of these cases, it would be premature and counter-productive for any non-Debtor party in interest to initiate the plan proposal process. Instead, the requested extension will increase the likelihood of a consensual resolution of these cases that preserves reorganization value much more than any plan that the Debtors might file at this time simply to preserve their exclusive rights—or any creditor initiated plan process that lacks necessary foundation and support.

D. <u>Conclusion.</u>

26. In short, the Debtors deserve and should be afforded a full and fair opportunity to negotiate and propose a chapter 11 plan that builds on the significant reorganization progress made to date and benefits from the continued negotiations between the Creditors Committee and the Debtors. Accordingly, the requested extension is warranted under the circumstances.

27.    Courts in various jurisdictions have been willing to grant subsequent extensions of exclusivity periods that result in a total extension of exclusivity that is of a similar or greater length than the sum of the number of days that exclusivity in these cases will have been extended if the relief requested by this Motion is granted.   See, e.g., In re TL Administration Corp., Case No. 03-15564 (Bankr. S.D.N.Y. Mar. 23, 2005) (five extensions granted, cumulatively extending the exclusive periods by approximately 16 months); In re Global Crossing Ltd., Case No. 02-40188 (Bankr. S.D.N.Y. Dec. 4, 2003) (multiple extensions granted, cumulatively extending the exclusive periods by approximately 18 months); In re Enron Corp., Case No. 01-16034 (Bankr. S.D.N.Y. June 30, 2003) (multiple extensions granted, cumulatively extending the exclusive periods by approximately 15 months); In re Casual Male Corp., Case No. 01-41404 (Bankr. S.D.N.Y. May 12, 2003) (multiple extensions granted, cumulatively extending the exclusive periods by almost two years); In re UAL Corporation, Case No. 02-48191 (Bankr. N.D. Ill. 2002) (aggregate exclusivity extended for approximately 32 months); In re Kaiser Aluminum Corp., Case No. 02-10429 (Bankr. D. Del. 2002) (aggregate exclusivity extended for more than 42 months); In re Bethlehem Steel Corp., Case No. 01-15288 (Bankr. S.D.N.Y. 2002) (aggregate exclusivity extension of more than 17 months); In re Safety-Kleen, Corp., Case No. 00-02303 (Bankr. D. Del. 2000) (aggregate exclusivity extended for more than 30 months); In re Service Merchandise Company, Case. No. 99-02649 (Bankr. M.D. Tenn. 1999) (aggregate exclusivity granted for more than 47 months); Gaines v. Perkins, 71 B.R. 294, 296 (W.D. Tenn. 1987) (exclusivity extended for over two years). Consistent with these cases, sufficient cause exists for the Court to extend the Exclusive Periods as requested by the Debtors in this Motion.

**Notice**

28.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, and (d) the other parties in interest named on the Master Service List maintained in these cases.  No other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A, extending their Exclusive Proposal Period to April 19, 2006, and extending their Exclusive Solicitation Period to and including May 21, 2006, without prejudice to the Debtors' rights to seek further extensions, and (ii) grant the Debtors such other and further relief as is just and proper.

Dated: February 22, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*           <br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    Adam S. Ravin<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By   *s/ Stephen D. Busey*           <br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson,<br>    Florida Bar Number 117790<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00523312

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ORDER GRANTING FOURTH EXTENSION OF
### EXCLUSIVE PERIODS FOR FILING CHAPTER 11
### PLANS AND OBTAINING ACCEPTANCES OF SUCH PLANS

These cases came before the Court for hearing on March 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned cases, as debtors and debtors-in-possession (the "Debtors"), for entry of an order under 11 U.S.C. § 1121(d) further extending their exclusive periods for proposing and obtaining acceptances of one or more plans of reorganization for an additional 30 days (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.  The Motion is granted.

2.  The Debtors' Exclusive Proposal Period is extended to and including April 19, 2006.

3.  The Debtors' Exclusive Solicitation Period is extended to and including May 21, 2006.

4. Entry of this Order is without prejudice to (a) the Debtors' right to seek from this Court other or further extensions of the Exclusive Periods or (b) any party in interest's right to seek to reduce the Exclusive Periods for cause.

Dated March ___, 2006 in Jacksonville, Florida.

                                                                                                                                             Jerry A. Funk
                                                                                                                                              United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.