**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Case No. 05-03817-3F1 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**MOTION FOR ORDER APPROVING STIPULATION BETWEEN DEBTORS AND
TRADE VENDOR REGARDING RECONCILIATION AND
TREATMENT OF TRADE VENDOR'S RECLAMATION CLAIM**

Winn Dixie Store, Inc. and its affiliated debtors and debtors in possession (the

"Debtors") request that this Court enter an order approving the stipulation (the "Stipulation")

between the Debtors and trade vendor HP Hood LLC ("the Vendor") and in support thereof say:

1.      On February 21, 2005, the Debtors each filed a voluntary petition for

relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended,

in the United States Bankruptcy Court for the Southern District of New York (the "New York

Court").

2.      On April 4, 2005, the New York Court entered the Final Order (A)

Establishing Procedures for Treatment of Reclamation Claims and (B) Prohibiting Third Parties

from Interfering with Delivery of Goods (Dkt. No. 626, the "Reclamation Order").

3.      On April 13, 2005, the New York Court entered an order (Dkt. No. 731)

transferring venue of the Debtors' chapter 11 cases to the United States Bankruptcy Court for the

Middle District of Florida (the "Bankruptcy Court").

4.      By order dated May 19, 2005 (Dkt. No. 1329), the Bankruptcy Court

extended to June 30, 2005 the Debtors' time to file, as required by the Reclamation Order, among

other things, a statement of reclamation for each trade vendor asserting a reclamation claim.

1

5.      By order dated August 5, 2005 (Dkt. No. 2840), this Court amended prior orders (Dkt. Nos. 2680 and 2725) approving a stipulation (the "Reclamation/Trade Lien Stipulation") that established (i) a trade vendor lien program and (ii) procedures for the calculation and treatment of trade vendor's reclamation claims for those trade vendors that participate in the trade vendor lien program.

6.      On February 13, 2006 the Debtors and the Vendor entered into the Stipulation (a copy of which is attached as Exhibit A) to (i) resolve the Vendor's reclamation claim and (ii) clarify certain provisions of the Reclamation/Trade Lien Stipulation.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order approving the Stipulation, retaining jurisdiction to enforce the terms thereof, and for other such relief as is just and proper.

Dated: February 23, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

SMITH HULSEY & BUSEY

By      *s/ D. J. Baker*
         D. J. Baker
         Sally McDonald Henry
         Stephen B. Eichel

By      *s/ James H. Post*
         Stephen D. Busey
         James H. Post (FBN 175460)
         Cynthia C. Jackson

Four Times Square
New York, New York 10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Counsel for Debtors

Co-Counsel for Debtors

A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

STIPULATION BETWEEN DEBTORS AND TRADE
VENDOR REGARDING RECONCILIATION AND TREATMENT
OF TRADE VENDOR'S RECLAMATION CLAIM

This Stipulation (the "Stipulation")[1] is entered into by and among (i) Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned case ("Winn-Dixie" or the "Debtors"), and HP Hood LLC (the "Vendor" and, together with Winn-Dixie or the Debtors, the "Parties").

RECITALS

WHEREAS, on February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

WHEREAS, on the Petition Date, the Debtors filed a Motion for Order (A) Authorizing Return of Goods Pursuant to 11 U.S.C. § 546 (g), (B) Establishing Procedures for Treatment of Reclamation Clams, And (C) Prohibiting Third Parties From Interfering with Delivery of Goods (Dkt. No. 21).

---

[1]     All terms not defined herein shall have the meaning ascribed to such terms in the Reclamation/Trade Lien Stipulation (as defined herein).

**WHEREAS**, on March 1, 2005, the United States Trustee for the Southern District of New York duly appointed the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al. (the "Creditors' Committee").

**WHEREAS**, on April 4, 2005, the New York Court entered the Final Order (A) Establishing Procedures for Treatment of Reclamation Claims and (B) Prohibiting Third Parties from Interfering with Delivery of Goods (Dkt. No. 626, the "Reclamation Order").

**WHEREAS**, on April 13, 2005, the New York Court entered an order (Dkt. No. 731) transferring venue of the Debtors' chapter 11 cases to the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

**WHEREAS**, by order dated May 19, 2005 (Dkt. No. 1329), the Bankruptcy Court extended to June 30, 2005 the Debtors' time to file, as required by the Reclamation Order, among other things, a statement of reclamation for each trade vendor asserting a reclamation claim.

**WHEREAS**, the Parties have contemplated, inter alia, that an agreement regarding the reconciliation and treatment of the Vendor's reclamation claim will reduce the likelihood of potential litigation.

**WHEREAS**, reclamation claims of the Vendor involve three divisions: HP Hood, Heluva Good and Crowley.

**WHEREAS**, this Stipulation addresses the reclamation claim of the HP Hood division.

**WHEREAS**, by order dated August 5, 2005 (Dkt. No. 2840), this Court amended prior orders (Dkt. Nos. 2680 and 2725) approving a stipulation (the "Reclamation/Trade Lien Stipulation") that established (i) a trade vendor lien program and

2

(ii) procedures for the calculation and treatment of trade vendors' reclamation claims for those trade vendors that participate in the trade vendor lien program.

**WHEREAS**, the Parties intend that this Stipulation (i) resolve the Vendor's reclamation claim with respect to its HP Hood division and (ii) will clarify certain provisions of the Reclamation/Trade Lien Stipulation.

**WHEREAS**, the Parties entered into discussions which have resulted in the reconciliation of the Vendor's reclamation claim with respect to its HP Hood division.

**WHEREAS**, the Debtors have agreed to seek Bankruptcy Court approval of this Stipulation.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements set forth in this Stipulation, in an effort to avoid unnecessary expenses and litigation, consistent with the Debtors' overall efforts to operate more efficiently, and with the intent to be legally bound, it is agreed among the Parties as follows:

## AGREEMENT

1.    **Calculation of Reclamation Claims**.  The  Reclamation/Trade Lien Stipulation is clarified as follows:

    (a)    Paragraph 1(bb) has the effect of allowing non-duplicative Reclamation Claims from different divisions, subsidiaries and/or affiliates of a legal entity and accordingly the Reclamation Claim of the Vendor is comprised of the reclamation claims of its divisions, HP Hood, Heluva Good and Crowley Foods.

3

(b)    The Vendor's reclamation window for its Reclamation Demand shall be the 10-day period beginning February 9, 2005 through and including February 18, 2005.

2.    **Reconciliation of Vendor's Reclamation Claim**.  The Vendor's Allowed Reclamation Claim (less the Attributable Setoff) with respect to the HP Hood division shall be $290,260.56 (whether or not it opts into the Reclamation/Trade Lien Program).  The Allowed Reclamation Claims (less the Attributable Setoffs) of the Vendor's Crowley division and Heluva Good division have already been determined, and the Vendor, with respect to such divisions, has already opted into the Reclamation/Trade Lien Program.

3.    **Construction of this Stipulation**.  The Parties additionally represent and agree that the terms and provisions of this Stipulation are the product of arm's length negotiation and equal input by the Parties such that they shall not be construed against any party as the drafter of this Stipulation.

4.    **Bankruptcy Court Approval**.  This entire Stipulation is expressly subject to and contingent upon approval by the Bankruptcy Court.  If this Stipulation, or any portion of this Stipulation, is not approved by the Bankruptcy Court, or if such approval is granted but is subsequently overturned or modified on appeal, this Stipulation shall be of no further force and effect and, in such event, neither this Stipulation nor any nego- tiations and writings in connection with this Stipulation shall in any way be construed as or deemed to be evidence of or an admission on behalf of the Parties regarding any claim or right that such party may have against any other party to this Stipulation.

4

5.    **Effective Date**.  This Stipulation may be executed in one or more counterparts and

  delivered by facsimile, all of which shall be considered one and the same agreement,

  and shall become effective when one or more such counterparts have been signed by

  each of the Parties and delivered to all Parties, and upon entry of an order in form and

  substance acceptable to the Parties hereto, approving this Stipulation and such order

  becoming a Final Order.

6.    **Non-Severability**.  The provisions of this Stipulation are mutually interdependent,

  indivisible, and non-severable.

7.    **Binding Effect**.  This Stipulation (i) shall inure to the benefit of and be enforceable

  by the Parties and their respective successors and permitted assigns and (ii) shall be

  binding upon and enforceable against the Parties and their respective successors and

  assigns upon the Bankruptcy Court's approval of this Stipulation.

8.    **Costs**.  Each of the Parties shall bear its own expenses incurred in connection with the

  negotiation, execution, and Bankruptcy Court approval of this Stipulation.

9.    **Governing Law**.  This Stipulation shall be governed by and construed in accordance

  with, the Bankruptcy Code and the laws of the State of Florida, without regard to any

  principles of choice of law thereof, which would require the application of the law of

  any other jurisdiction.

10.    **Jurisdiction**.  Each of the Parties hereby consents to the exclusive jurisdiction of the

  Bankruptcy Court to interpret, implement and enforce the provisions of this Stipula-

  tion.

11.    **<u>Headings</u>**.  Section headings used in this Stipulation are for convenience only and are not to affect the construction of, or be taken into consideration in interpreting, this Stipulation.

IN WITNESS WHEREOF, each of the Parties below has caused a counter-part of this Stipulation to be executed and delivered by its duly authorized signatory as of the date written below.

Dated: February 3, 2006

WINN-DIXIE STORES, INC. AND ITS
DEBTOR AFFILIATES

By: _____

Tom Robbins
Sr. VP, Merchandising

LEGAL APPROVED
ATTY _____
DATE: 2/16/06

HP HOOD LLC

By: _____

Name: Paul C. Nightingale
Title:  Vice President & General Counsel

504782 [4-New York Server 6A]