UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER AUTHORIZING RETENTION OF ASSESSMENT
TECHNOLOGIES, LTD. AS PROPERTY TAX
CONSULTANTS FOR THE DEBTORS NUNC PRO TUNC**

These cases came before the Court for hearing on February 23, 2006, upon the application of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 327(a) authorizing the employment and retention of Assessment Technologies, Ltd. ("ATL") as property tax consultants, nunc pro tunc to December 1, 2005 (the "Application"). The Court has reviewed the Application and the supporting affidavit of James Hausman (the "Hausman Affidavit") and considered the representations of counsel.

Based upon the representations of counsel and without objection from the United States Trustee or any other interested parties, the Court determines that good cause exists to grant the relief requested in the Application as provided in this Order and that granting such relief is in the best interest of these estates and its creditors. Accordingly, it is:

ORDERED AND ADJUDGED THAT:

1.  The Application is granted.

00523148.DOC.3

2. The Debtors are authorized to employ and retain Assessment Technologies, Ltd. under Section 327(a) of the Bankruptcy Code to serve as property tax consultants for the Debtors nunc pro tunc to December 1, 2005.

3. ATL will not be required to comply with the monthly or interim fee application requirements of the Fee Order (as defined in the Application) and instead, shall submit detailed invoices for payment to the Debtors and provide copies of such invoices to counsel for the Official Committee of Unsecured Creditors. All fees paid and expenses reimbursed to ATL by the Debtors are subject to the requirements of 11 U.S.C. §330 upon final fee application.

4. Notwithstanding anything to the contrary in the Service Agreement, ATL is not entitled to payment of a late charge or interest with respect to payments made by the Debtors within the time frames contemplated by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, or orders of this Court, as applicable.

5. All requests of ATL for payment of indemnity pursuant to the terms of the Service Agreement will be made by means of an application and be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Service Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which the indemnity is sought; provided, however, that in no event will ATL be indemnified in the case of its own bad faith, self-dealing, gross negligence or willful misconduct.

6. In no event will ATL be indemnified if a Debtor or a representative of the estate asserts a claim, and the Court determines by final order that such claim arose out of

ATL's own bad faith, self-dealing, gross negligence or willful misconduct.

7. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 23 of February, 2006, in Jacksonville, Florida

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a
copy of this order on all persons served
with the Motion.

00523148.DOC.2