**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING AND APPROVING DEBTORS'**
**ASSUMPTION OF LEASE FOR STORE NO. 658**

These cases came before the Court for hearing on February 23, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 365(b) approving the assumption (the "Motion") by the Debtors of an unexpired nonresidential real property lease for store number 658 (the "Lease") with Pines-Carter of Florida, Inc. ("Pines-Carter"). Pines-Carter filed an objection to the Motion disputing the Debtors' proposed cure amount (Docket No. 5769) (the "Objection"). The Debtors and Pines-Carter have reached an agreement as to the amount of proposed cure. The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Objection is overruled as moot.

3.  Pursuant to 11 U.S.C. § 365(a), the Debtors are authorized to assume the Lease and the Lease is assumed as of the date of entry of this Order (the "Assumption Date").

4.  For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors to Pines-Carter is $30,113.30 (the " Cure Amount").

5.  Pines-Carter is deemed to have waived any and all claims it may have against the Debtors for cure or compensation under the Lease arising prior to the Assumption Date, except for the Cure Amount and any amounts accruing but not yet due under the Lease.

6.  The Cure Amount will be paid by the Debtors within 10 business days after the date of entry of this Order. Upon payment, the Debtors have cured any defaults under the Lease in full and owe Pines-Carter no other amount or obligation under the Lease prior to the Assumption Date except for any amounts accruing but not yet due under the Lease as of the Assumption Date.

7.  The requirements of 11 U.S.C. § 365(b)(1) are satisfied with respect to the Lease.

8.  The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated February 23, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.