UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 )  |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 ) |
| Debtors. | ) Jointly Administered ) |

## ORDER APPROVING SETTLEMENT RELATING TO SUMMERVILLE, SOUTH CAROLINA PROPERTY

These cases came before the Court for hearing on February 23, 2006, upon the motion of Winn-Dixie Stores, Inc. and its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order approving a settlement involving (i) the assumption and assignment of a non-residential real property lease (the "Lease") under which Wilmington Trust Company, as Trustee for Southland-Summerville W.D. Delaware Business Trust (the "Landlord") is the landlord and Winn-Dixie Raleigh, Inc. ("Winn-Dixie Raleigh") is the tenant (both as successors in interest) (ii) the termination of a related sublease under which Winn-Dixie Raleigh is the sublessor and Pivotal Fitness-Charleston-Summerville, LLC ("Pivotal") is the subtenant and (iii) the compromise of past due rent amounts that Pivotal owes Winn-Dixie Raleigh under the Sublease (the "Motion").[1] After the Debtors filed the Motion, the Landlord filed a limited objection (Docket No. 5875) (the "Objection") in which the Landlord requested that this Order specifically address the Debtors' cure obligations under the Lease. The parties subsequently resolved the issues raised in the Objection and the Landlord agreed to withdraw the Objection immediately following the entry of this Order. The Court has read the Motion and considered the representations of counsel. Based

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Settlement is approved.

3. The Debtors are authorized to take any and all actions that may be required to implement the Settlement described in the Settlement Documents.

4. The Debtors are authorized to assume and assign the Lease to Pivotal in accordance with the terms of the Assignment and Assumption of Lease.

5. From and after the date of this Order, Pivotal shall be responsible for all amounts due from Tenant under the Lease, including without limitation the full amount of the Base Rent payment due March 1, 2006 and all accrued but unpaid real estate taxes.

6. The Debtors are authorized to terminate the Sublease in accordance with the terms of the Sublease Termination Agreement.

7. Within two business days of the date of this Order, the $120,000 that Pivotal has placed in escrow shall be released to Winn-Dixie Raleigh in full satisfaction of all amounts owed to Winn-Dixie Raleigh under the Sublease.

8. Pivotal shall be deemed to have waived any claims it may have under the Sublease.

9. The Debtors' cure obligations under the Lease are monetary only, in the amount of $43,557.30. Within ten business days of entry of this Order, the Debtors shall pay the Landlord $43,557.30, in complete satisfaction of (a) the Debtors' cure obligations under the Lease, and (b) the claims alleged in proof of claim no. 2587 and proof of claim no. 10873. Upon

providing proof of such payment to the claims agent, the claims agent shall mark proof of claim no. 2587 and proof of claim no. 10873 as paid and satisfied in full.

10. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 23 day of February, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

3

632971-New York Server 1A - MSW