## UNITED STATES BANKRTUPCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NUMBER: 05-03817-3F1 Jointly Administered

IN RE:   CHAPTER 11

WINN DIXIE STORES, INC., et al

    Debtor,

---

### REQUEST TO PRODUCE AT HEARING

NOW COMES, SARRIA ENTERPRISES, INC., ("Sarria") by and through theie undersigned counsels serve this Request to Debtor to Produce at Hearing. Sarria requests that the following documents be brought to the hearing scheduled for November 21, 2005 at 1:00 p.m.

1. Copies of all documents or correspondence with any landlord relating to Winn Dixie Store No.: 237, Inter Plaza Shopping Center, Miami Dade County, (the "Store").

2. Copies of all leases and amendments thereto relating the Store.

3. Calculation of all sales made from the Store from 1998 to present.

4. Copies of any documents substantiating any rent paid relating to the Store from 1998 to the present.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via electronic notice if registered in the Electronic Case Filing System, otherwise by U.S. Mail on this ____ day of November, 2005 to: D.J. Baker. Sally McDonald, Henry and Rosalie W. Gray, Skadden, Arpts, Slate, Meagher & Flom, LLP. Four Times Square. New York, NY 10036-6522 and Stephen D. Busey, James H. Post, Cynthia C. Jackson, Smith, Hulsey & Busey, 225 Water



EXHIBIT 1

Street, Suite 1800, Jacksonville, FL 32202, Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254.

>BURGER, TRAILOR & FARMER, PA
>1601 Forum Place, Suite 404
>West Palm Beach, FL 33401
>Telephone Number: (561) 689-1663
>Facsimile Number: (561) 689-1707
>
>/s/ Alan M. Burger
>Alan M. Burger, Esq.
>Florida Bar Number: 833290
>
>
>MICHAEL A. KAUFMAN, P.A.
>1601 Forum Place, Suite 404
>West Palm Beach, FL 33401
>(561) 478-2878 - Telephone
>(561) 689-1707 - Fax
>
>/s/ Michael A. Kaufman
>Michael A. Kaufman, Esq.
>Florida Bar No.: 0628042

## Alan M. Burger

**From:** James H. Post [jpost@smithhulsey.com]
**Sent:** Friday, November 18, 2005 2:05 PM
**To:** Alan Burger
**Subject:** RE: ***POSSIBLE SPAM*** Winn Dixie

Alan, Is there a legal basis for this Notice? Jim

> -----Original Message-----
> **From:** Alan Burger [mailto:alan@burgertrailor.com]
> **Sent:** Friday, November 18, 2005 1:51 PM
> **To:** James H. Post
> **Subject:** FW: ***POSSIBLE SPAM*** Winn Dixie
>
> Jim, a heads up – will be serving via fax as well. AMB
>
> Burger, Trailor, Farmer & Cohen, P.L.
> Alan M. Burger, Esq.
> 1601 Forum Place, Suite 404
> West Palm Beach, Florida 33401
> 561-689-1663 Ext. 301
> 561-689-1707- Fax
> alan@burgertrailor.com - email
>
> The information contained in this email message is intended for review and use of the senders intended recipient and no other. Any recipient or reader of this email that is not an intended recipient or reader is hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited; any wrongful dissemination or receipt shall not constitute a waiver of any privilege held by the sender or any intended recipient or client of the sender. If you have received this communication in error, please immediately notify us via email directed to alan@burgertrailor.com and by telephone to 561-689.1663, and destroy the original message and all copies thereof and related communications thereto. Thank you.

The information contained in this communication may be confidential, is intended only for the use of the recipient(s) named above, and may be legally privileged. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please return it to the sender immediately.

EXHIBIT 2

2/10/2006

# UNITED STATES BANKRUTPCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NUMBER: 05-03817-3F1 Jointly Administered

IN RE:

CHAPTER 11

WINN DIXIE STORES, INC., et al

**SUBPOENA IN A CIVIL CASE**

Debtor,

---

To: **WINN DIXIE STORES, INC.**
c/o Corporation Services Company
1201 Hays Street
Tallahassee, Florida 32301

\*\* Record Custodian of Documents identified on Schedule "A" and Person(s) with the most knowledge of the following facts with regard to Winn Dixie Store 237, Inter Plaza Shopping Center, Miami Dade County (the "Store"): (a) drafting, negotiation and execution of the Lease and any amendment or addenda relating to the Store; (b) payments made to any Landlord under the Lease with respect to the Store or payment to any lease relating to the Store; and, (c) any sums which may be or are due to any landlord in relation to the use and or occupancy with regard to the Store.

[X]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 9016, at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| United States Bankruptcy Court<br>Middle District of Florida, Jacksonville<br>300 North Hogan Street<br>Jacksonville, Florida 32202<br>Room 4-D<br><br>You are to have with you at said date and time the documents listed on Schedule "A" attached hereto. | January 23, 2005 at 2:00 p.m. |

[  ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specifed below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

LF-84 (rev. 02/13/03)

EXHIBIT 3

| ISSUING OFFICER SIGNATURE | TITLE |
|---|---|
| | Attorney |

| ISSUING OFFICER'S NAME (PRINT) | PHONE |
|---|---|
| Alan M. Burger, Esq.<br>Burger, Farmer & Cohen, P.L. | (561) 689-1663 |

| ADDRESS | DATE |
|---|---|
| 1601 Forum Place, Suite 404<br>West Palm Beach, Florida 33401 | 1-13-06 |

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rule 2004-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a

LF-84 (rev. 02/13/03)

commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person
resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LF-84 (rev. 02/13/03)

## SCHEDULE "A"

1. Copies of all documents or correspondence with any landlord relating to Winn Dixie Store No.: 237, Inter Plaza Shopping Center, Miami Dade County, (the "Store").

2. Copies of all leases and any amendments or modifications thereto which relate to the Store.

3. Calculation of all sales made from the Store from 1998 to present.

4. Copies of any documents substantiating any or other sum paid relating to the Store from 1998 to the present.

5. Copies of any documents relating to the calculation of any item.

LF-84 (rev. 02/13/03)

# VERIFIED RETURN OF SERVICE

STATE OF FLORIDA    MIDDLE DISTRICT OF FLORIDA    U.S. BANKRUPTCY COURT

Case Number: 05-03817-3F1    1/23/06 2:00 pm

Plaintiff: IN RE: WINN DIXIE STORES, INC.
   vs.
Defendant: N/A

For: ALAN M. BURGER    BURGER, FARMER, COHEN

Received by CAPLAN, CAPLAN & KAYE on 1/17/06 at 8:00 am,
to be served on: WINN DIXIE STORES, INC. at REG. AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS ST., TALLAHASSEE, FL 32301.

I, ERIC LARSON, who, being duly sworn, depose and say that
   on 1/17/06 at 1:00 pm,

I executed service by delivering a true copy of the
   SUBPOENA IN A CIVIL CASE,
      in accordance with state statutes in the manner stated below:

   REGISTERED AGENT SERVICE: By serving pursuant to F.S. 48.091
   Served: SOMER WILKINSON, Clerk, authorized to accept for R.A.

COMMENTS:

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare, under penalties of perjury pursuant to f.s. 92.525, that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

ERIC LARSON
PROCESS SERVER # 063
2ND JUDICIAL CIRCUIT
Appointed in accordance
with State Statutes

CAPLAN, CAPLAN & KAYE
172 W. FLAGLER STREET
SUITE 320
MIAMI   FL 33130
(800)368-7762
JOB SERIAL NUMBER:2906

EXHIBIT 4

## UNITED STATES BANKRUTPCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NUMBER: 05-03817-3F1 Jointly Administered

IN RE:

CHAPTER 11

WINN DIXIE STORES, INC., et al

**SUBPOENA IN A CIVIL CASE**

Debtor,

---

To: **WINN DIXIE STORES, INC.**
c/o Corporation Services Company
1201 Hays Street
Tallahassee, Florida 32301

\*\* Record Custodian of Documents identified on Schedule "A" and Person(s) with the most knowledge of the following facts with regard to Winn Dixie Store 237, Inter Plaza Shopping Center, Miami Dade County (the "Store"): (a) drafting, negotiation and execution of the Lease and any amendment or addenda relating to the Store; (b) payments made to any Landlord under the Lease with respect to the Store or payment to any lease relating to the Store; and, (c) any sums which may be or are due to any landlord in relation to the use and or occupancy with regard to the Store.

[X]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 9016, at the place, date, and time specified below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| United States Bankruptcy Court<br>Middle District of Florida, Jacksonville<br>300 North Hogan Street<br>Jacksonville, Florida 32202<br>Room 4-D<br><br>You are to have with you at said date and time the documents listed on Schedule "A" attached hereto. | January 23, 2005 at 2:00 p.m. |

[ ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

LF-84 (rev. 02/13/03)

EXHIBIT 5

| ISSUING OFFICER SIGNATURE | TITLE |
| --- | --- |
| [signature] Duncan Farmer | Attorney |
| ISSUING OFFICER'S NAME (PRINT) Duncan Farmer Alan M. Burger, Esq. Burger, Farmer & Cohen, P.L. | PHONE (561) 689-1663 |
| ADDRESS 1601 Forum Place, Suite 404 West Palm Beach, Florida 33401 | DATE 1/17/06 |

## PROOF OF SERVICE

| DATE | PLACE |
| --- | --- |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE     SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rule 2004-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a

LF-84 (rev. 02/13/03)

commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LF-84 (rev. 02/13/03)

## SCHEDULE "A"

1. Copies of all leases and any amendments or modifications thereto which relate to Winn Dixie Store Nos: 225, 230, 231, 330, 2317, 2334 and 2338.

LF-84 (rev. 02/13/03)

VERIFIED RETURN OF SERVICE

STATE OF FLORIDA    MIDDLE DISTRICT OF FLORIDA    U.S. BANKRUPTCY COURT

Case Number: 05-03817-3F1    1/23/06 2:00 pm

Plaintiff: IN RE:WINN-DIXIE STORES, INC.
  vs.
Defendant: N/A

For: ALAN M. BURGER    BURGER, FARMER, COHEN

Received by CAPLAN, CAPLAN & KAYE on 1/17/06 at 3:00 pm, to be served on: WINN-DIXIE STORES, INC. at REG. AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS ST., TALLAHASSEE, FL 32301.

I, ERIC LARSON, who, being duly sworn, depose and say that on 1/17/06 at 3:10 pm,

I executed service by delivering a true copy of the
  SUBPOENA IN A CIVIL CASE,
    in accordance with state statutes in the manner stated below:

REGISTERED AGENT SERVICE: By serving pursuant to F.S. 48.091
Served: BRANDON GROOM, Clerk, authorized to accept for R.A.

COMMENTS:

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare, under penalties of perjury pursuant to f.s. 92.525, that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

ERIC LARSON
PROCESS SERVER # 063
2ND JUDICIAL CIRCUIT
Appointed in accordance
with State Statutes

CAPLAN, CAPLAN & KAYE
172 W. FLAGLER STREET
SUITE 320
MIAMI   FL 33130
(800)368-7762
JOB SERIAL NUMBER:3368



EXHIBIT 6

# UNITED STATES BANKRUTPCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CASE NUMBER: 05-03817-3F1 Jointly Administered

IN RE:

CHAPTER 11

WINN DIXIE STORES, INC., et al

**SUBPOENA IN A CIVIL CASE**

Debtor,

---

To:  WINN DIXIE STORES, INC.
c/o Corporation Services Company
1201 Hays Street
Tallahassee, Florida 32301

\*\* Record Custodian of Documents identified on Schedule "A" and/or Person(s) with the most knowledge of: (a) the leasehold relating to Winn Dixie Store 237, Inter Plaza Shopping Center, Miami Dade County (the "Store"); (b) drafting, negotiation and execution of the Lease and any amendment or addenda relating to the Store; (c) payments made to any Landlord with respect to the Store; (d) any sums which may be or are due to any Landlord in relation to the use and or occupancy of to the Store; and (e) the documents produced in response to Exhibit "A".

[X]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 9016, at the place, date, and time specifed below.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| United States Bankruptcy Court<br>Middle District of Florida, Jacksonville<br>300 North Hogan Street<br>Jacksonville, Florida 32202<br>Room 4-D<br><br>You are to have with you at said date and time the documents listed on Schedule "A" attached hereto. | February 13, 2006 at 2:00 p.m. |

[  ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

LF-84 (rev. 02/13/03)

EXHIBIT 8

| ISSUING OFFICER SIGNATURE | TITLE Attorney |
|---|---|
| ISSUING OFFICER'S NAME (PRINT) Alan M. Burger, Esq. Burger, Farmer & Cohen, P.L. | PHONE (561) 689-1663 |
| ADDRESS 1601 Forum Place, Suite 404 West Palm Beach, Florida 33401 | DATE 1/31/06 |

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Fed. R. Civ. P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Bankruptcy Rule 9016. See also Local Rule 2004-1.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a

LF-84 (rev. 02/13/03)

commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person
resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule,

party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

LF-84 (rev. 02/13/03)

## SCHEDULE "A"

1. Documents or correspondence with any landlord relating to Winn Dixie Store No.: 237, Inter Plaza Shopping Center, Miami Dade County, (the "Store").

2. All leases and any amendments or modifications thereto which relate to the Store.

3. Any calculation(s) of sales made from the Store from 1992 to the present.

4. Any documents substantiating any or other sum paid to any Landlord relating to the Store from 1998 to the present.

5. Any Document(s) received from any Landlord, their agents, and/or attorneys with respect to the Store from 1992 to the present.

6. Copies of all leases and any amendments or modifications thereto which relate to Winn Dixie Store Nos: 225, 230, 231, 237, 330, 2317, 2334 and 2338.

LF-84 (rev. 02/13/03)

## VERIFIED RETURN OF SERVICE

STATE OF FLORIDA    MIDDLE DISTRICT OF FLORIDA    U.S. BANKRUPTCY COURT

Case Number: 05-03817-3FI    2/13/06 2:00 pm

Plaintiff: IN RE: WINN-DIXIE STORES, INC., ET AL.
     vs.
Defendant: N/A

For: ALAN M. BURGER    BURGER, FARMER, COHEN

Received by CAPLAN, CAPLAN & KAYE on 1/31/06 at 1:00 pm,
to be served on: WINN DIXIE STORES, INC. at REG. AGENT: CORPORATION SERVICE COMPANY, 1201 HAYS ST., TALLAHASSEE, FL 32301.

I, ERIC LARSON, who, being duly sworn, depose and say that
        on 1/31/06 at 2:00 pm,

I executed service by delivering a true copy of the
    SUBPOENA IN A CIVIL CASE, SCHEDULE A,
        in accordance with state statutes in the manner stated below:

    REGISTERED AGENT SERVICE: By serving pursuant to F.S. 48.091
    Served: BRANDON GROOM, Clerk, authorized to accept for R.A.

COMMENTS:

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare, under penalties of perjury pursuant to f.s. 92.525, that I have read the foregoing document and that the facts stated in it are true to the best of my knowledge and belief.

ERIC LARSON
PROCESS SERVER # 063
2ND JUDICIAL CIRCUIT
Appointed in accordance
with State Statutes

CAPLAN, CAPLAN & KAYE
172 W. FLAGLER STREET
SUITE 320
MIAMI   FL 33130
(800)368-7762
JOB SERIAL NUMBER: 67118

EXHIBIT 9

LAW OFFICES
# SMITH HULSEY & BUSEY

1800 WACHOVIA BANK TOWER

225 WATER STREET

POST OFFICE BOX 53315

JACKSONVILLE, FLORIDA 32201-3315

JAMES H. POST

TELEPHONE   904 / 359-7700
DIRECT LINE   904 / 359-7783
FACSIMILE   904 / 359-7708
jpost@smithhulsey.com

February 8, 2006

Alan M. Burger, Esq.
Burger, Farmer and Cohen, P.L.
1601 Forum Place, Suite 404
West Palm Beach, Florida 33401

Re: Winn-Dixie Stores, Inc; Bankruptcy Court for the Middle District of Florida; Case No. 05-3817 – Sarria's Motion for Relief from Stay

Dear Mr. Burger:

This is in response to the subpoena you served on Winn-Dixie Stores, Inc. on January 31, 2006.

Pursuant to Rule 45, Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 9016, we object to the subpoena because it (i) seeks discovery of documents and related information not relevant to the contested matter before the Bankruptcy Court; (ii) is overly broad; and (iii) burdensome in that it requires the production of voluminous documents, which to assemble and serve, would require a considerable expenditure of time, effort and expense by the Debtors.

Subject to these objections, Smith Hulsey & Busey will produce copies of the following documents pursuant to the subpoena at the trial presently scheduled for February 13, 2006: (i) the Lease dated December 18, 1980, (ii) the Short Form Lease dated December 18, 1980, and (iii) the First Amendment to Lease dated May 21, 1993.

Sincerely,

James H. Post

00521862.DOC


EXHIBIT 10