IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtor(s).

Case No.: 3-05-bk-03817-JAF
Chapter 11
JOINTLY ADMINISTERED

## JENNIS & BOWEN P.L.'S MOTION FOR WITHDRAWAL AS COUNSEL OF RECORD FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

The law firm of Jennis, Bowen & Brundage, P.L. f/k/a Jennis & Bowen, P.L. ("Jennis & Bowen"), as co-counsel for the Official Committee of Equity Security Holders appointed in the above-referenced cases (the "Equity Committee"), and pursuant to Rule 2091-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules"), move for the entry of an order permitting its withdrawal as counsel of record for the Equity Committee in this proceeding; provided that Jennis & Bowen shall be allowed to pursue payment of their fees and expenses as counsel for the Equity Committee.

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. Upon consideration of requests and information submitted to the U.S. Trustee, on or about June 28, 2005, the U.S. Trustee concluded that the appointment of an equity committee was necessary in these Bankruptcy Cases.

3. On August 17, 2005, pursuant to Section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Equity Committee and designated the following five (5) equity security holders to serve as members of the Equity Committee in these cases: (i) Mr. Houston Maddox; (ii) Mr. Greg Rippel on behalf of the Brandes Investment Partners, L.P. Profit Sharing Plan; (iii) Mr. Paul Madsen;[1] (iv) Mr. Michael Nakonechny; and (v) Mr. Kenneth Thomas.

4. After its formation, the Equity Committee selected Paul, Hastings, Janofsky & Walker LLP as its counsel and Jennis & Bowen PL as its co-counsel. The Equity Committee also selected Jefferies & Company, Inc. as its financial advisors. On or about December 1, 2005, the Court entered its Order Granting Application to Employ Jennis & Bowen, P.L. as Local Counsel Nunc Pro Tunc for the Equity Security Holders Committee [Docket No. 4393].

5. On January 11, 2006, the U.S. Trustee filed its Notice of Disbandment of Equity Security Holders Committee [Docket No. 5098] (the "Notice of Disbandment"). On or about January 17, 2006, the Equity Committee filed its (I) Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee and (II) Motion for Appointment of Equity Security Holders Committee Nunc Pro Tunc to January 11, 2006 (the "Motion for Appointment") [Docket No. 5170].

6. On January 30, 2006, the Court held a hearing on the Motion for Appointment and took the matter under advisement. On February 6, 2006, the Court entered its Order Denying Motion for Appointment of Equity Security Holders Committee [filed under seal at Docket No. 5627].

7. As a result of the U.S. Trustee's Notice of Disbandment and the Court's Order Denying Motion for Appointment of an Equity Security Holders Committee, the members of the

---

[1] On or about September 23, 2005, Mr. Madsen resigned from the Equity Committee.

Equity Committee determined not to proceed as an ad hoc committee but to participate in the bankruptcy proceedings as individual equity holders. Accordingly, counsel for the Equity Committee is no longer needed.

### Relief Requested

8. Pursuant to Local Rule 2091-1, upon expiration of the ten (10) days' notice period, Jennis & Bowen respectfully requests that the Court enter an order granting its withdrawal as counsel for the Equity Committee and providing that Jennis & Bowen be allowed to pursue payment of its fees and expenses incurred as counsel for the Equity Committee.

9. Pursuant to Local Rule 2091-1, notice of this motion has been provided to the following parties: (i) each member of the Equity Committee; (ii) counsel for the United States Trustee; (iii) counsel for the Debtors; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' Lenders; (vi) counsel for the Securities and Exchange Commission; and (vii) counsel for the Ad Hoc Committee of Retirees.

WHEREFORE, Jennis & Bowen respectfully requests entry of an order (i) granting withdrawal as counsel for the Equity Committee; (ii) allowing Jennis & Bowen to continue pursuing payment of the fees and costs incurred in connection with their representation of the official Equity Committee; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted this 23rd day of February, 2006.

JENNIS BOWEN & BRUNDAGE, P.L.

/s/David Jennis
David Jennis
Fla. Bar No. 775940
Chad S. Bowen
Fla. Bar No. 0138290
400 North Ashley Drive, Suite 2540
Tampa, FL 33602
Telephone: (813) 229-1700
djennis@jennisbowen.com
cbowen@jennisbowen.com