IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: :<br><br>WINN-DIXIE STORES, INC., et al., :<br><br>Debtor(s). : | Case No.: 3-05-bk-03817-JAF<br>Chapter 11<br>JOINTLY ADMINISTERED |

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP'S MOTION FOR WITHDRAWAL AS COUNSEL OF RECORD FOR THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS**

Comes now the firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"), attorneys for the Official Committee of Equity Security Holders appointed in the above-referenced cases (the "Equity Committee"), pursuant to Rule 2091-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules"), and moves for an order permitting its withdrawal as counsel of record for the Equity Committee in this proceeding; provided that Paul Hastings shall be allowed to pursue payment of its fees and expenses as counsel for the Equity Committee.

## Background

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.  Upon consideration of requests and information submitted to the U.S. Trustee, on or about June 28, 2005, the U.S. Trustee concluded that the appointment of an equity committee was necessary in these Bankruptcy Cases.

3.  On August 17, 2005, pursuant to Section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Equity Committee and designated the following five (5) equity security

holders to serve as members of the Equity Committee in these cases: (i) Mr. Houston Maddox; (ii) Mr. Greg Rippel on behalf of the Brandes Investment Partners, L.P. Profit Sharing Plan; (iii) Mr. Paul Madsen;[1] (iv) Mr. Michael Nakonechny; and (v) Mr. Kenneth Thomas.

4.  After its formation, the Equity Committee selected Paul, Hastings, Janofsky & Walker LLP as its counsel and Jennis & Bowen PL as its co-counsel. The Equity Committee also selected Jefferies & Company, Inc. as its financial advisors. On or about December 1, 2005, the Court entered its Order Pursuant to Section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Nunc Pro Tunc Employment and Retention of Paul, Hastings, Janofsky & Walker LLP as Legal Counsel for the Equity Security Holders Committee [Docket No. 4417].

5.  On January 11, 2006, the U.S. Trustee filed its Notice of Disbandment of Equity Security Holders Committee [Docket No. 5098] (the "Notice of Disbandment"). On or about January 17, 2006, the Equity Committee filed its (I) Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee and (II) Motion for Appointment of Equity Security Holders Committee Nunc Pro Tunc to January 11, 2006 (the "Motion for Appointment") [Docket No. 5170].

6.  On January 30, 2006, the Court held a hearing on the Motion for Appointment and took the matter under advisement. On February 6, 2006, the Court entered its Order Denying Motion for Appointment of Equity Security Holders Committee [filed under seal at Docket No. 5627].

7.  As a result of the U.S. Trustee's Notice of Disbandment and the Court's Order Denying Motion for Appointment of an Equity Security Holders Committee, the members of the Equity Committee determined not to proceed as an ad hoc committee but to participate in the

---

[1] On or about September 23, 2005, Mr. Madsen resigned from the Equity Committee.

bankruptcy proceedings as individual equity holders. Accordingly, counsel for the Equity Committee is no longer needed.

### Relief Requested

8.  Pursuant to Local Rule 2091-1, upon expiration of the ten (10) days' notice period, Paul Hastings respectfully requests that the Court enter an order granting its withdrawal as counsel for the Equity Committee and providing that Paul Hastings be allowed to pursue payment of its fees and expenses incurred as counsel for the Equity Committee.

9.  Pursuant to Local Rule 2091-1, notice of this motion has been provided to the following parties: (i) each member of the Equity Committee; (ii) counsel for the United States Trustee; (iii) counsel for the Debtors; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel for the Debtors' Lenders; (vi) counsel for the Securities and Exchange Commission; and (vii) counsel for the Ad Hoc Committee of Retirees.

WHEREFORE, Paul Hastings respectfully requests entry of an order (i) granting withdrawal as counsel for the Equity Committee; (ii) allowing Paul Hastings to continue pursuing payment of the fees and costs incurred in connection with their representation of the official Equity Committee; and (iii) granting such other and further relief as is just and proper.

Respectfully submitted this 24th day of February, 2006.

>PAUL, HASTINGS, JANOFSKY & WALKER LLP
>
>_/s/_____
>Karol K. Denniston
>Ga. Bar No. 218333
>Carolyn (Keri) Chayavadhanangkur
>Ga. Bar No. 122152
>600 Peachtree Street, Suite 2400
>Atlanta, GA 30308
>Telephone: (404) 815-2400
>karolkdenniston@paulhastings.com
>carolynchayavadhanangkur@paulhastings.com
>
>And
>
>PAUL, HASTINGS, JANOFSKY & WALKER LLP
>James D. Wareham
>DC Bar No. 411799
>875 15th Street
>Washington, DC 20005
>Telephone: (202) 551-1700
>jameswareham@paulhastings.com
>
>JENNIS & BOWEN, P.L.
>
>/s/David Jennis
>David Jennis
>Fla. Bar No. 775940
>Chad S. Bowen
>Fla. Bar No. 0138290
>400 North Ashley Drive, Suite 2540
>Tampa, FL 33602
>Telephone: (813) 229-1700
>djennis@jennisbowen.com
>cbowen@jennisbowen.com