## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

CASE NUMBER: 05-03817-3F1
Jointly Administered

IN RE:                                        CHAPTER 11

WINN DIXIE STORES, INC., et al

    Debtor,

---

## MEMORANDA IN SUPPORT OF SARRIA ENTERPRISES, INC.S' MOTION FOR RELIEF FROM STAY

NOW COMES, SARRIA ENTERPRISES, INC., ("SARRIA"), by and through the undersigned counsel hereby submits this Memoranda of Law/Argument as directed by this Court after Oral Argument of February 13, 2006 and states as follows:

### I

### PROCEDURAL BACKGROUND

On or about February 21, 2005 ("Petition Date") Winn Dixie Stores, Inc., (herein reference as "Debtor" or "Winn Dixie") filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.  On or about June 3, 2005 Sarria Enterprises, Inc., ("Sarria") requested relief from the automatic stay, regarding a non-residential written lease for the premises located at the S.W. corner of 8th Street and 122nd Avenue in Miami-Dade County, Florida (known as Store No. 237) to proceed to enforce its remedies under the lease due to the Debtor's failure to pay rent. Debtor and Sarria,



BURGER FARMER
COHEN P.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

through counsel, attempted to resolve the dispute but were unsuccessful; this matter was heard on February 13, 2006 (the "Hearing").

## II

### ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

#### A.    RENT IS DUE EVERY MONTH

It is undisputed that under the lease (Sarria's Hearing, Exhibit 1) drafted by Winn Dixie (T24) [1] [2], rent is due on the first day of every month; it is further undisputed that the past due sum is considered rent under the lease.

> Q.    When is that sum that – in your opinion, when is that sum due under the lease?
>
> A.    It's due every day.  It's part of the rent.  It's due every first of the month, every day.  It's due today.

(T 22)

At T6-9:

> Q.    Mr. Sarria I direct you to Page 2 of the lease.  Can you tell me what day of the month rent payments are due under the lease?
>
> A.    Lease states the rent payment is due on the first of the month.
>
> Q.    And I direct you to Paragraph 37 of the lease, which is on page 15.  Are you there yet?
>
> A.    Yes:

---

[1] T followed by a number refers to a page of the transcript of the February 13, 2006 hearing on Sarria's Motion for Relief From Stay.
[2] Frank Sarria, Vice President of Sarria Enterprises, Inc. testified for Sarria.

2

BURGER FARMER
COHEN P.L.
ATTORNEYS    COUNSELORS    LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

Q.    Okay. Could you explain to the court if there is any additional rent due on the lease other than the standard monthly rent?

A.    Yes, there is a provision in the lease that calls for a payment of real estate taxes and a formula devising the lease according to the square footage. And the way that works is as the landlord gets his bill he prorates this amount, and it becomes part of the rent that Winn-Dixie owes the shopping center owner.

Q:    Okay. Now, has Winn-Dixie paid – is it current under its lease?

A.    No.

Q.    When did Winn Dixie fail to pay rent as is defined in the lease?

A.    From the moment that they stopped paying the real estate tax portion of the rent.

Q:    When did that occur?

A:    About five years.

Q:    Can you tell the court then, have your required Winn-Dixie to pay that tax amount each month?

A:    Well, when – according to the lease, Winn-Dixie's supposed to pay that as part of their rent. They have – they have not done so and so we've made claim to it, and until this day they have not made that payment.

Q:    How is the payment of monies that were due for real estate taxes treated under the lease?

A:    It's treated as a rent payment.

Q:    Okay. And rent is due on the first, correct?

A:    That's correct.

Q:    As you sit here today, can you advise the court approximately how much Sarria Enterprises is due for rent under the lease?

3

BURGER FARMER
COHEN P.L.
ATTORNEYS    COUNSELORS    LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

A:      Approximately 125,000.

Post petition rent is not being paid on the first of the month (T9) and the Debtor

failed to pay rent relating to 2005 real property taxes as called for under the lease (T21).

Sarria, through its attorneys, first put Winn-Dixie on Notice of its failure to pay

rent on September 14, 2004 (T 9-10).  Thereafter, Sarria again put Winn-Dixie on notice

of default on January 31, 2005 [T21-22 SARRIA'S Hearing Ex 10], 21 days before the

bankruptcy filing.  Winn Dixie never cured the default. (T22-23).  The Debtor's failure to

pay rent as required under the lease has severely and detrimentally impacted Sarria.

Q.    Can you tell me sort of - - describe for the court how Winn-Dixie's actions
      are impacting or handicapping you with respect to the operation of the
      center?

A.    Well, obviously, in the operation of a center, the main source of income
      are your leases, are these tenants who are support to pay you.  I can tell
      you my particular case, we have a mortgage on this property, we have
      insurance, we have maintenance issues, which are on an ongoing basis.
      We have obligations that we have to meet according to the lease.

      Obviously in a situation like this, and being the market in particular where
      this center is, we've gotten a 37 percent hike on our real estate taxes, our
      insurance premiums have gone through the roof, needless to say, we have
      huge amounts of deductibles, so in a position like this as a landlord, that's
      why I'm here in this court seeking relief.

Q.    Could you describe for the court what impact the, if Winn-Dixie's failure
      to pay these sums may have with respect to your other tenants, your other
      lease holder obligations?

A.    I have to pay - - Winn-Dixie not paying is - - is - - I still have to pay my
      mortgage, I have to pay my real estate tax.  If I default in any of the
      insurance premiums and any of my real estate tax payments, I'm in default
      with the entire center, that's the obligation that I have under the lease.

4

BURGER FARMER
COHEN P.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

Whether it's Winn-Dixie or any other tenant I have to pay these fixed costs rain or shine.

Q.     I direct you – well, let me ask you this:  Has Winn-Dixie given you any insurances that it's going to bring its lease current, its rent current?

A.     Not as of this date.


(T 24 – 25)

**B.     RELIEF MUST BE GRANTED**

Relief from Stay will be granted under title 11 U.S.C. §362(d), if:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of the section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
(2) with respect to a stay of an act against property under subsection (a) of this section, if –

(A) the debtor does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization; …

*See* 11 U.S.C. §362(d)

It is Sarria's position that the Debtor does not have equity in the property as this space is not marketable.  Mr. Sarria testified that it would be practically impossible to lease Store No. 237 and to require a new tenant to pay the landlord approximately $124,000.00 in "key money" to bring current, the unpaid rent arrearage:

5

BURGER FARMER
COHEN P.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

Q. Can you describe for the court the difficulty that would exist if you said to the perspective anchor, by the way, you have to pay us an additional $100,000 key money to come into the space?

A. There is -- there's -- any time you ask anybody for money there is an -- there's always something there to protrude a problem. If it's free, everything for free is good, but when there's money involved, however amount it is, whether it's a hundred or a million its' always going to be obstacles.

Q. So, if someone had to pay that money in order to take over the lease, what would be the prospects of leasing $100,000 --- the $124,000.

A. In this particular situation for that type of tenancy, people look at the landlord as someone who's bleeding, and for lack of words, and they're going to step inside and say, look, I'll just take the space, take it or leave it, but I'm not going to pay you the money...

T 34:

MR. BURGER: I would call the person from Winn Dixie with the most knowledge of the lease hold.

THE COURT: Other than relevance –

MR. BURGER: This is to prove the person -- about the equity in the property, if there is any equity at all. Winn Dixie claims if there's any value or equity in this property.

THE COURT: I think that's appropriate.

MR. POST: Your Honor, we didn't bring anybody to speak to equity on the property.

THE COURT: Okay. So they can't prove otherwise. They can't prove there is equity in the property if they're not here.

6

BURGER FARMER
COHEN R.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

Sarria asserts it is clear that Winn Dixie is "underwater" in its lease with Sarria. Furthermore, if there is any doubt in this Court's mind that Sarria failed to prove its case, such doubt should be resolved in favor of Sarria and against the Debtor. Debtor hindered Sarria's ability to establish its case, as a result of Debtor's lack of compliance with Sarria's subpoenas. (See Docket Number 6066, Exhibits 1 through 10 [excluding 7].[3] Evans v. Robbins, 897 F.2d 966 (8th Cir. 1990); Brown v. Cedar Rapids and Iowa City Roy Co., 159 F.2d 159 (C.A. Iowa. 1981).

The Debtor presented no evidence to contradict Sarria's position that Debtor has no equity in the leasehold. Accordingly, Mr. Sarria has proven that Winn Dixie lacks equity in Store No. 237, as required by 11 U.S.C. §362(g).

## III

## DEBTOR FAILED TO MEET ITS BURDEN

As Sarria proved lack of equity in Store No. 237, the burden then shifted to the Debtor to prove: (a) a reasonable probability of sufficient reorganization within a reasonable time; i.e. . . . that its proposed plan of reorganization is feasible and therefore, likely confirmable.   In re Bowman, 253 B.R. 233, 238 (2000), citing from Timbers of Inwood Forest Associates, LTD, 484 U.S. 365, 375-376, 108 S.Ct. 626, 632-33, 98 L.Ed.

---

[3]     Debtor counsel's letter, objecting to the subpoena to Sarria's counsel, is insufficient to relieve the Debtor of its duty to comply with the subpoena *duces tecum*. The Debtor must move for protective order. *See* In re Honda, 106 B.R. 209 (1989).

7

BURGER FARMER
COHEN R.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE - SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

740 (1998); and that (b) Store No. 237 is necessary for an effective reorganization of the Debtor. In Re George, 315 BR 624 (S.D. GA 2004), citing Timbers, supra.

The Debtor presented no evidence that a plan of re-organization has been formulated (T49). The Debtor has been in bankruptcy for over 365 days, and has requested several extensions to file plan and thus far has not filed a plan of reorganization or filed a disclosure statement with the Court. (T48-49)  The Debtor's failure to prove this element further supported by its February 22, 2006 filing of a Motion for Order Granting Fourth Extension of Exclusive Period for Filing Chapter 11 Plan.  (Docket Number 6010).

As for proof of its second element, the integral need of Store 237, the Debtor called Jay Frank Castle, Senior Director for litigation.  Mr. Castle's testimony actually supported Sarria, when on cross examination he testified:

> Q. Has Winn Dixie formed any opinion that this lease [Store 237] is critical to its reorganization?
>
> A. I'm not aware of a determination.  The period by which we have to assume or reject our leases has not yet expired.

(T49-50)

## IV

## OTHER CONSIDERATIONS

### A.    DEBTOR RELIED ON OLD OR INAPPLICABLE LAW

During the Hearing, the Debtor asserted the Court could not entertain the Motion, relying upon East Hampton Sand & Gravel Co., Inc. 25 B.R. 193 (1982). Debtor's

8

BURGER FARMER
COHEN P.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE – SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

reliance is misguided.  First, In re Thom, 95 BR 261,262-63 (1989), infra holds that the automatic stay does not toll any period and Mr. Sarria could terminate the lease; Sarria is currently prevented from so acting by the automatic stay.  Furthermore, a careful reading of East Hampton, supra, reveals the following: (a) the case was ruled upon prior to the 1984 amendment to the code and does not take into consideration 11 U.S.C. §365(d)(3) which requires lessees of nonresidential real property to comply with all lease terms until a decision to reject the lease has been made.  In re Borbidge 66 B.R 998, 1002 (1986); (b) the East Hampton Court is very careful to state that its holding is limited to the statutorily granted time frame for acceptance and rejection, a period which has long passed in the instant case; (c) the Court recognized its authority in the interest of justice, to ignore any procedural irregularities and will invoke its inherent equitable powers [in fact the Court treated the pending motion as a motion for rejection of an executory contract pursuant to 11 U.S.C. §365(d). In re East Hampton Sand & Gravel Co. Inc., 25 BR 193, 198 (1982).

**B.     THIS COURT'S PRIOR ORDER IS NOT DISPOSITIVE**

The case at bar differs and is clearly distinguishable from the matter before the Court and subject to this Court's Order of November 15, 2005.  That matter dealt with a "rejected" lease, and the movant was attempting to collect "administrative claim" for taxes which had not yet accrued.  The Court framed the issue as whether the "obligation" under the lease could arise before the Debtor was contractually obligated to reimburse the landlord for taxes Landlord had paid.  The lease in question was promptly rejected by the

BURGER FARMER
COHEN P.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE - SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

Debtor, and the issue was not whether stay relief was proper but whether some portion of taxes were an administrative claim.

In the case at bar, the lease has never been accepted or rejected. Sarria long ago advanced the rent, which rent is due on the first day of every month without demand.[4] As the rent is not being paid, the lease is in default. Sarria is entitled to its leasehold remedies as §362 does not stay the running of any time period but only prevents Sarria from exercising a power, such as enforcing its rights. Simon, II v. Navon, 116 F.3d 1, 4 (1st Cir. 1997) citing from In re Thom, 95 B.R. 261, 262-63 (1989).   The cure period has long elapsed.    As the default can either no longer be cured or the Debtor failed to advance evidence of adequate assurance that upon acceptance the default would be cured, the Sarria's motion must be granted.   In Re Goodson, 12 B.R. 883 (S.D. 1921).

## VI

## CONCLUSION

It is the responsibility of the Debtor to pay rent as due under the lease and 11 U.S.C. 365(d)(3) clearly states that Debtor must continue this obligation post-petition; it has been proven that the Debtor is in default and that there is no equity in the lease and that the lease is not integral to re-organization. Accordingly, the Court should grant Sarria's Motion and allow Sarria to avail itself to the lease remedies.

---

[4]    Sarria requested, via its subpoenas, that Winn Dixie bring copies of other leases. Sarria asserts that some of these requested said leases do not define taxes as rent.  Winn Dixie refused to comply with the subpoenas.

10

BURGER FARMER
COHEN P.L.
ATTORNEYS   COUNSELORS   LITIGATORS

TELEPHONE (561) 689-1663 • (800) 396-0135 • FAX (561) 689-1707 • WWW.BFCLEGAL.COM
1601 FORUM PLACE - SUITE 404 • WEST PALM BEACH, FLORIDA 33401
A PROFESSIONAL LIMITED LIABILITY COMPANY OF PROFESSIONAL ASSOCIATIONS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via electronic notice if registered in the Electronic Case Filing System on this 28th day of February, 2006.

BURGER, FARMER & COHEN, P.L.
1601 Forum Place, Suite 404
West Palm Beach, FL 33401
Telephone Number: (561) 689-1663
Facsimile Number: (561) 689-1707

/s/ Alan M. Burger
Alan M. Burger, Esq.
Florida Bar Number: 833290

MICHAEL A. KAUFMAN, P.A.
1601 Forum Place, Suite 404
West Palm Beach, FL 33401
Telephone Number: (561) 478-2878
Facsimile Number: (561) 689-1707

/s/ Michael A. Kaufman
Michael A. Kaufman, Esq.
Florida Bar No.: 0628042

J:\NtFrs_PreExisting___See_EventLog\Sarria\Winn Dixie\Bankruptcy\Argument 2.27.06.doc

11

BURGER FARMER
COHEN P.L.
ATTORNEYS  COUNSELORS  LITIGATORS