**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**AFFIDAVIT OF D. MICHAEL BYRUM IN**
**SUPPORT OF MONTHLY OPERATING REPORT**
**FOR THE PERIOD JANUARY 12, 2006 TO FEBRUARY 8, 2006**

Under penalty of perjury I declare the following to be true and accurate:

1. I am the Chief Accounting Officer of Winn-Dixie Stores, Inc., a Florida company, and its subsidiaries and affiliates (collectively, the "Debtors"). I am familiar with the day-to-day operations and business affairs of the Debtors, including their financial reporting activities, compliance with tax reporting obligations, cash management activities and maintenance of insurance. I am authorized to file this affidavit on behalf of the Debtors and in support of the Debtors' monthly operating report for the period January 12, 2006 through February 8, 2006 with the Bankruptcy Court and submit a copy of the affidavit to the Office of the United States Trustee for the Middle District of Florida, Jacksonville Division (the "Office of the U. S. Trustee").

2. Except as otherwise indicated, all statements in this affidavit are based on my personal knowledge, my review of relevant documents or my opinion based upon my experience and knowledge of the Debtors' operations and financial condition.

**The Monthly Operating Report Requirements**

3. Under the Operating Guidelines and Reporting Requirements for Chapter 11 Cases issued by the Office of the U.S. Trustee (the "Operating Guidelines"), a chapter 11 debtor is required to provide monthly operating reports to the Office of the U. S. Trustee, the Bankruptcy Court and any official committee appointed in the Debtors' chapter 11 cases. These monthly operating reports include, among other things, certain financial reports as well as (a) a schedule detailing the status of postpetition taxes, (b) a schedule summarizing all unpaid postpetition debts, (c) bank reconciliations, including copies of bank statements, (d) a schedule summarizing the status of insurance policies, including types of insurance, payments and expiration dates, and (e) a listing of the sale of all assets outside the ordinary course of business. In accordance with an agreement with the Office of the U.S. Trustee, this affidavit is

being submitted in lieu of those schedules.

**Tax Reporting Compliance**

4. Because the Debtors have employees and conduct business in many locations throughout the southeastern United States, the Debtors are required to file state payroll tax returns and state income tax returns in numerous states. Winn-Dixie or its designee completes and files state and federal payroll tax returns on behalf of all the Debtors unless otherwise noted.

5. To the best of my knowledge and belief, for the period covered by this request, each of the Debtors has timely paid all state income, sales, use and other taxes owed to any taxing authority that have become due and owing for the period after the Petition Date. Moreover, to the best of my knowledge and belief, Winn-Dixie has timely submitted all of the Debtors' state and federal payroll tax returns that have become due since the Petition Date and has timely paid or remitted all taxes in those returns. Winn Dixie also has timely filed its most recent consolidated Federal income tax return, which was filed on February 1, 2005.

**Bank Reconciliations**

6. For the period covered by this report, Winn-Dixie has reconciled all bank statements. Copies of bank account statements and reconciliations are available for inspection upon request by the Office of the United States Trustee.

7. All bank accounts in non-authorized depositories maintain balances less than $100,000 and are swept daily into concentration accounts at Wachovia Bank. All non-authorized depositories had balances less than $100,000 as of February 8, 2006.

**Maintenance of Insurance**

8. The Debtors have the same or similar coverage as shown in the documentation provided to the U.S. Trustee on March 3, 2005 (the "Insurance Schedule"). This insurance coverage includes comprehensive general liability, property loss from fire, theft, water or other extended coverage, workers compensation, vehicle liability, products liability, fidelity bonds for employees, and such other coverage as is customary in the Debtors' businesses, all of which are subject to various deductibles. To the best of my knowledge and belief, all of the insurance coverage maintained by the Debtors, as itemized in the Insurance Schedule, is in full force and effect and all required premium payments have been timely paid. There have been no changes to coverage made during this period though renewals throughout the year may change the specific carriers and premium amounts listed in the Insurance Schedule.

**Financial Reporting and Payment of Postpetition Obligations**

9. Other than with respect of ordinary grace periods and disputed items, the Debtors are current on all of their post-petition obligations.

10. The Debtors have sold no assets valued at more than $150,000 per transaction outside of the ordinary course of business other than pursuant to an order of the Bankruptcy Court.

11. The Debtors have not engaged in any intercompany activity with any non-filing entities outside the ordinary course of business other than as authorized by the Bankruptcy Court.

Dated: February 28, 2006

/s/ D. Michael Byrum

D. Michael Byrum
Vice President, Corporate Controller and
Chief Accounting Officer
Winn-Dixie Stores, Inc.