UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

NOTICE OF DEPOSITION ACCOMPANIED
BY REQUEST FOR PRODUCTION OF DOCUMENTS

Please take notice that on **Tuesday, April 4, 2006** beginning at **10:00 a.m.**, or at such other time and place as the parties may agree, SES Group Miami Springs, Ltd., will take the deposition of Winn-Dixie Store, Inc. ("Winn-Dixie") at the offices of Stutsman & Thames, P.A., 121 West Forsyth Street, Suite 600, Jacksonville, Florida 32202, before an officer authorized by law to administer oaths or take depositions.

Pursuant to Rules 7030(b)(6) and 9014, Federal Rules of Bankruptcy Procedure, Winn-Dixie is required to designate one or more persons to testify on its behalf concerning the following matters:

1.  The financial performance of Winn-Dixie Store No. 726 from June 2004 to the present, including but not limited to monthly sales since the Petition Date;

2.  Communications between Winn-Dixie and SES Group Miami Springs, Ltd relating to Store No. 726 since September 2004;

3.  Winn-Dixie's postpetition rent abatement for any other leased premises;

4. All customer complaints received by Winn-Dixie relative to the condition of Store No. 726 since September 1, 2004;

5. All out-of-pocket expenses incurred by Winn-Dixie in connection with any damage to Store No. 726; and

6. Winn-Dixie's business plan.

This deposition is being taken for discovery purposes, for use as evidence at trial or hearing, or both, and shall continue from day to day until completed. In addition, the representative designated by Winn-Dixie to appear at said deposition is directed to bring with him to said deposition all of the documents described in the Request for Production of Documents set for below.

## Request for Production of Documents

SES Group Miami Springs, Ltd., requests pursuant to Rules 7026, 7034 and 9014, Federal Rules of Bankruptcy Procedure, that Winn-Dixie produce for inspection and copying at the aforesaid time and place the documents specified below.

## Definitions

A. As used herein, the term "document" means originals, drafts, or exact copies thereof, of any kind of written or graphic matter, however produced or reproduced, of any kind or description, and all copies thereof which are different in any way from the original, including without limitation any paper, correspondence, e-mail, telegram, telex, facsimile, contract, note, memorandum, report, receipt, technical study or report, test result, diary, voice processing card or disk, video recording tape, calendar, book, ledger, list, graph, chart, book

account, survey, computer printout, invoice, record, tape, transcripts, letter, agreement or inventory, which you have or have had access to, or of which you have had knowledge.

   B.   As used herein, the terms "you", "your" and "Winn-Dixie" refer to Winn-Dixie Stores, Inc., or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

   C.   As used herein, the term "Store No. 726" refers to the Winn-Dixie Store located in the Pine Island Shopping Center in Lee County, Florida.

   D.   As used herein, the term "SES" refer to SES Group Miami Spring, Ltd. or any of its present or former affiliates, subsidiaries, officers, directors, agents, lawyers, employees or other representatives.

   E.   As used herein, "Petition Date" means February 21, 2005.

## Instructions

   A.   If you are unable to locate any document(s) called for in this request to produce after conducting a reasonable investigation, so state and (i) identify the specific document(s) which you could not obtain, (ii) your efforts to obtain such document(s), and (iii) the person or persons who are likely to possess or have custody over such document(s).

   B.   In the event that any document called for in this request to produce is withheld on the basis of any claim of privilege, (i) identify the document by date, author, and type of document (i.e. letter, memorandum, report, etc.); (ii) provide the names and current addresses of all persons to who the document was distributed; and (iii) state the nature of the privilege asserted.

## Documents Requested

1.  All financial statements and monthly sales records for Store No. 726 from January 1, 2000 to the present.

2.  Copies of all documents, including correspondence, emails and notes, evidencing, reflecting or relating to communications between Winn-Dixie and SES since September 1, 2004.

3.  Copies of all written or reported customer complaints relating to damage or repairs to Store No. 726 since September 1, 2004.

4.  All documents evidencing, reflecting or relating to any alleged loss in the use of space or impact on operations at Store No. 726 caused by hurricane damage or associated repair work.

5.  All photographs of Store No. 726 or the Pine Island Shopping Center taken by or on behalf of Winn-Dixie since September 2004.

6.  All documents identifying any other Winn-Dixie store locations damaged by the hurricanes of 2004 where Winn-Dixie has sought to abate rent or has in fact abated rental payments.

STUTSMAN & THAMES, P.A.

By /s/ Bradley R. Markey
    Richard R. Thames
    Bradley R. Markey

Florida Bar Number 0718459
Florida Bar Number 0984213
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for SES Group Miami Springs Ltd.

## Certificate of Service

I certify that, on March 1, 2006, a copy of the foregoing was furnished by mail to the following persons:

Stephen D. Busey, Esq.  
Smith Hulsey & Busey  
225 Water Street  
Suite 1800  
Jacksonville, Florida 32202

John B. Macdonald, Esq.  
Akerman, Senterfitt & Eidson, P.A.  
50 North Laura Street  
Suite 2500  
Jacksonville, Florida 32202

Elana L. Escamilla, Esq.  
Assistant United States Trustee  
135 West Central Boulevard  
Room 620  
Orlando, Florida 32801

Cynthia C. Jackson, Esq.  
Smith Hulsey & Busey  
225 Water Street  
Suite 1800  
Jacksonville, Florida 32202

Adam Ravin, Esq.  
Skadden, Arps, Slate, Meagher & Flom LLP  
Four Times Square  
New York, New York 10036

Winn-Dixie Stores, Inc.  
5050 Edgewood Court  
Jacksonville, Florida 32254

David Jennis, Esq.  
Jennis & Bowen, P.L.  
400 North Ashley Drive  
Suite 2540  
Tampa, Florida 33602

Patrick P. Patangan, Esq.  
Akerman, Senterfitt & Eidson, P.A.  
50 North Laura Street  
Suite 2500  
Jacksonville, Florida 32202

Karol K. Denniston, Esq.  
Paul, Hastings, Janofsky & Waler, LLP  
600 Peachtree Street  
Suite 2400  
Atlanta, Georgia 30308

Dennis F. Dunne, Esq.  
Milbank, Tweed, Hadley & McCloy, LLP  
1 Chase Plaza  
New York, New York 10005

D.J. Baker, Esq.  
Skadden, Arps, Slat, Meagher, & Flom, LLP  
Four Times Square  
New York, New York 10036

/s/ Bradley R. Markey  
_____  
Attorney

58830