UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| _____ | ) | |

**SES GROUP MIAMI SPRINGS, LTD.'S MOTION TO COMPEL
DEBTOR TO PAY PAST DUE RENT (OCTOBER 2005 THROUGH
FEBRUARY 2006) AND ONGOING RENT PAYMENT FOR STORE NO.
726 AND TO ASSUME OR REJECT LEASE AS EXECUTORY CONTRACT**

SES Group Miami Springs, Ltd. ("SES") moves the Court pursuant to 11 U.S.C. § 365(d) of the Bankruptcy Code to compel Winn-Dixie Stores, Inc. (the "Debtor") to make past rent payment for the period October 2005 through February 2006, to pay its ongoing rent payments and obligations, and to compel the Debtor to assume or reject the lease on Store No. 726 within a time certain prior to confirmation of its Chapter 11 Plan, and in support of the motion states:

1. On February 21, 2005 (the "Petition Date"), the Debtor and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On May 28, 1978, the Debtor entered a Lease Agreement (the "Lease") with Jamerson Construction Corporation for use and occupancy of Store No. 726 located at the

Pine Island Shopping Center in Lee County, Florida. A copy of the Lease is attached as **Exhibit A**.

3. The Lease was amended on September 15, 1978 ("First Amendment") and November 13, 1992 ("Second Amendment"). Copies of the First Amendment and Second Amendment are attached as **Exhibits B** and **C**.

4. Since the Lease was executed, the Pine Island Shopping Center was sold to SES who is now the owner and holder of the Lease.

5. Under the terms of the Lease, the Debtor is required to pay SES base rent in the amount of $25,312.50 per month. The lease also requires the Debtor to pay additional rent comprised of the Debtor's pro-rata share of the common area maintenance expenses, real estate taxes and shopping center insurance which amounts to $937.50 per month, for a total monthly rent obligation of $26,350.

6. Since October 1, 2005, the Debtor has not made any rent payments. As of March 1, 2006, the Debtor owes SES $157,600 in unpaid, past due rent and other charges.

7. Section 365(d)(3) of the Bankruptcy Code provides:

> The trustee shall timely perform all obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

> 11 U.S.C. § 365(d)(3)

8. On January 27, 2006, SES sent a notice to the Debtor demanding payment of the past due rent from October 1, 2005 through January 31, 2006 and informing the Debtor of SES's intent to seek to compel the Debtor to comply with its obligations pursuant to § 365(d)(3). A copy of SES's letter is attached as **Exhibit D**.

9. Despite receipt of this notice and in clear violation of the obligations described in § 365(d)(3), the Debtor still has not paid any portion of the past due rent.

10. Pursuant to § 365(d)(3) and this Court's decision in *In re Kirsch*, 242 B.R. 77 (Bankr. M.D. Fla. 1999), lessors are entitled to administrative expenses for unpaid rent accruing postpetition.

11. According to § 365(d)(3), a lessor of nonresidential real property is entitled to demand immediate payment of postpetition rent due under the lease from the debtor as an administrative expense without the need for an application and allowance of payment of rent due under § 503(b). *See In re Pacific-Atlantic Trading Co.*, 27 F.3d 401 (9th Cir. 1994).

12. This Court's orders extending the time under 11 U.S.C. § 365 for Debtor to assume or reject executory leases emphasize Debtor's responsibility to keep postpetition obligations current.

13. The Debtor's failure to immediately comply with the demand for rent entitles SES to relief from the automatic stay to pursue state court remedies such as eviction. *See In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996). Such relief is also consistent with paragraph 20 of the Lease, which provides that failure to pay rent for 10 days after receipt of notice from SES permits SES to, at its option, (1) terminate the Lease or (2) re-enter the premises by summary proceedings or otherwise expel the Debtor and remove all property from the store and relet the premises. Accordingly, SES is filing, simultaneously

with this motion, a motion for relief from the automatic stay to prosecute eviction proceedings in state court and remove the Debtor from Store No. 726 in the event that the Debtor fails to make the past due rent payments.

14. Debtor's continued use and occupancy of Store No. 726 subjects the property to continuing depreciation and wear. SES is also in need of the rental income to service its ongoing mortgage obligations.

15. SES submits that the Debtor can, at this point in time if it has not already done so, determine whether Store No. 726 is within its "footprint" stores, and decide whether to assume or reject this lease well in advance of confirmation and the effective date on its plan.

16. To permit the Debtor to delay a decision on whether to assume or reject this lease as an unexpired lease until confirmation of its plan puts SES at a distinct and potentially prejudicial disadvantage in this case; especially where, as here, the Debtor is not paying its rent. This Estate could end up administratively insolvent, in which case any administrative claim awarded to SES would be worthless. Further, postponing any decision on whether to assume or reject this executory contract until confirmation or the effective date of a Plan could erode or completely negate any ability of SES to make an educated decision on whether to vote in favor of or against a Plan; or alternatively could negate any right of SES to vote either way, since no claim for breach damages would accrue in favor of SES until after confirmation.

WHEREFORE, for the foregoing reasons, SES requests that the Court grant this motion and (i) compel the Debtor to make immediate payment of past due rent and other

charges in the amount of $131,250 through February 28, 2006, and any and all amounts due thereafter under the Lease; and (ii) order the Debtor to assume or reject the lease on Store No. 726 within a time certain and prior to confirmation; and award such other relief as the Court deems just and appropriate.

**STUTSMAN & THAMES, P.A.**

By  */s/ Bradley R. Markey*
Richard R. Thames
Bradley R. Markey

Florida Bar Number 0718459
Florida Bar Number 0984213
121 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)

Attorneys for SES Group Miami Springs Ltd.

**Certificate of Service**

I certify that, on March 1, 2006, a copy of the foregoing was furnished by mail to the Local Rule 1007-2 parties in interest listed on the mailing matrix attached to the original of this document and the following persons:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard
Room 620
Orlando, Florida 32801

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, Florida 32202

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive
Suite 2540
Tampa, Florida 33602

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street
Suite 2500
Jacksonville, Florida 32202

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street
Suite 2400
Atlanta, Georgia 30308

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036

/s/ Bradley R. Markey
_____
Attorney

58834

| | | |
|---|---|---|
| Label Matrix for USBC<br>Middle District of Florida<br>Case 3:05-bk-03817-JAF<br>Tue Feb 28 08:49:09 EST 2006 | ACE American Insurance Company<br>c/o Duane Morris LLP<br>Attention: Margery N. Reed, Esquire<br>Wendy M. Simkulak, Esquire<br>30 South 17th Street, Philadelphia, PA 1 | Ad Hoc Committee of Winn-Dixie Retirees<br>c/o Friedline & McConnell, P.A.<br>1756 University Blvd. S.<br>Jacksonville, FL 32216 |
| Appraisers Associated Ltd.<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Arthur J. Spector<br>Berger Singerman, P.A.<br>350 E. Las Olas Boulevard<br>Suite 1000<br>Fort Lauderdale, FL 33301,   33301 | Ashely M. Chan, Esquire<br>Hangley Aronchick Segal & Pudlin<br>One Logan Square, 27th Floor<br>Philadelphia, PA  19103 |
| Baker Botts L.L.P.<br>2001 Ross Avenue<br>Dallas, Texas 75201 | Bi-Lo, LLC<br>Kilpatrick Stockton LLP<br>C/o Paul M. Rosenblatt<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309,   30309 | Brian J. Grieco<br>Hogan & Hartson L.L.P.<br>875 Third Avenue<br>New York, New York 10022 |
| Buffalo Rock Co.<br>c/o R. Scott Shuker<br>Gronek & Latham, LLP<br>P.O. Box 3353<br>Orlando, FL  32802-3353,   32802-3353 | Burlington Associates LP<br>c/o Mitchell S. Rosen, Esq.<br>Rosen Law Group, LLC<br>950 E. Paces Ferry Road, Suite 3250<br>Atlanta, Georgia 30326,   30326 | C Daniel Motsinger<br>Krieg DeVault LLP<br>One Indiana Square, Suite 2800<br>Indianapolis<br>IN, 46204-2079 46204-2079 |
| CapMark Services, Inc., as servicer<br>c/o Duane Morris LLP<br>Attention: Margery N. Reed, Esquire<br>Wendy M. Simkulak, Esquire<br>30 South 17th Street, Philadelphia, PA 1 | Cardinal Entities Company, LLC<br>c/o Bradley R. Markey, Esq.<br>121 W. Forsyth Street<br>Suite 600<br>Jacksonville, FL 32202,   32202 | Catherine A Harrison<br>Miller & Martin PLLC<br>1170 Peachtree Street NE, Suite 800<br>Atlanta GA 30309 |
| Christian A. Petersen, Esquire<br>Gunster, Yoakley & Stewart, P.A.<br>500 E. Broward Blvd. Suite 1400<br>Fort Lauderdale, Florida 33394 | Citrus World, Inc., d/b/a Florida's Natu<br>c/o R. Scott Shuker<br>Gronek & Latham, LLP<br>P.O. Box 3353<br>Orlando, FL  32802-3353,   32802-3353 | Cole Fine Foods<br>c/o Roy S. Kobert, Esquire<br>Broad and Cassel<br>P.O. Box 4961<br>Orlando, Florida 32802,   32802 |
| Concord-Fund IV Retail, L.P.<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Conecuh Sausage Co., Inc.<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Day Properties, Inc.<br>c/o Robert Laney, Esquire<br>906 Main Street<br>North Wilkesboro, NC  28659 |
| Dena Copulsky Kaufman<br>Hogan & Hartson L.L.P.<br>875 Third Avenue<br>New York, NY 10022 | Earl M. Barker, Jr.<br>Slott, Barker & Nussbaum<br>334 East Duval Street<br>Jacksonville, Florida 32202 | Elston/Leetsdale, LLC<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 |
| Flagler Retail Associates, Ltd.<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Gehr Florida Development, LLC<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Gene B Tarr Esq<br>Attorney for Domino Foods, Inc. and<br>Florida Crystals Food Corporation<br>PO Drawer 25008<br>Winston-Salem NC  27114-5008,   27114-500 |
| Gustafson's, LLC<br>c/o R. Scott Shuker<br>Gronek & Latham, LLP<br>P.O. Box 3353<br>Orlando, FL  32802-3353,   32802-3353 | Hillandale Farms, Inc.<br>Post Office Box 2109<br>Lake City, Florida 32056-2109 | Inland Retail Real Estate Trust, Inc.<br>c/o R. Scott Shuker<br>Gronek & Latham, LLP<br>P.O. Box 3353<br>Orlando, FL  32802,   32802 |

| | | |
|---|---|---|
| International Business Machines Corp.<br>%Ronald J. Marlowe<br>ARNSTEIN & LEHR LLP<br>1110 N. Florida Ave.<br>Tampa, FL 33602, 33602 | Ira S. Greene<br>Hogan & Hartson L.L.P.<br>875 Third Avenue<br>New York, NY 10022 | Jerrett M. McConnell<br>1756 University Blvd. S.<br>Jacksonville, FL 32216 |
| Jimmy R. Summerlin, Jr.<br>Young, Morphis, Bach & Taylor, LLP<br>P.O. Drawer 2428<br>Hickory, NC 28603 | John J. Cruciani<br>Blackwell Sanders Peper Martin, LP<br>4801 Main Street, Ste. 1000<br>Kansas City, MO 64112 | John J. Wiles, Esq.<br>Wiles & Wiles<br>800 Kennesaw Avenue<br>Suite 400<br>Marietta, Georgia, 30060-7946 30060-7946 |
| Joseph C. Weinstein<br>Squire Sanders & Dempsey L.L.P.<br>4900 Key Tower<br>127 Public Square<br>Cleveland, OH 44114-1304, 44114-1304 | Kenneth C Baker Esq<br>Eastman & Smith Ltd<br>One SeaGate 24th Floor<br>Toledo OH 43604 | Kilpatrick Stockton LLP<br>C/o Paul M. Rosenblatt<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA 30309 |
| Kite Realty Group Trust<br>c/o Roy S. Kobert, Esquire<br>Broad and Cassel<br>P.O. Box 4961<br>Orlando, Florida 32802, 32802 | Lassiter Properties, Inc.<br>c/o R. Scott Shuker<br>Gronek & Latham, LLP<br>PO Box 3353<br>Orlando, FL 32802, 32802 | Lenoir Partners LLC<br>c/o Mitchell S. Rosen, Esq.<br>Rosen Law Group, LLC<br>950 E. Paces Ferry Road, Suite 3250<br>Atlanta, Georgia 30326, 30326 |
| Liberty Mutual Insurance Company<br>C/O Jeffrey C. Regan<br>Hedrick Dewberry Regan & Durant, P.A.<br>50 N. Laura Street<br>Suite 1600, Jacksonville, FL 32202 32202 | Long Wholesale, Inc. d/b/a CCC Beauty Su<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Maples Gas Company<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 |
| Matt E. Beal, Esq.<br>Lowndes Law Firm<br>P.O. Box 2809<br>Orlando FL 32802 | Meridian Coca-Cola Bottling Company<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 | Mosby's Packing Company, Inc.<br>c/o Held & Israel<br>1301 Riverplace Blvd. #1916<br>Jacksonville, FL 32207 |
| Northeast MS Coca-Cola Bottling Co., Inc<br>c/o Held & Israel<br>1301 Riverplace Blvd., #1916<br>Jacksonville, FL 32207 | Oakwood Village Associates<br>c/o Mitchell S. Rosen, Esq.<br>Rosen Law Group, LLC<br>950 E. Paces Ferry Road<br>Atlanta, Georgia 30326, 30326 | Potter Square Associates<br>c/o Mitchell S. Rosen, Esq.<br>Rosen Law Group, LLC<br>950 E. Paces Ferry Road, Suite 3250<br>Atlanta, Georgia 30326, 30326 |
| Principal Life Insurance Company<br>c/o Duane Morris LLP<br>Attention: Margery N. Reed, Esquire<br>Wendy M. Simkulak, Esquire<br>30 South 17th Street, Philadelphia, PA 1 | Rachel E. Adams, Esq.<br>200 S. Orange Avenue<br>Suite 1220<br>Orlando, Florida 32801 | Robert D. Wilcox<br>Wilcox Law Firm<br>10201 Centurion Parkway N., Suite 600<br>Jacksonville, FL 32256 |
| Southeast Milk, Inc.<br>c/o R. Scott Shuker<br>Gronek & Latham, LLP<br>P.O. Box 3353<br>Orlando, FL 32802-3353, 32802-3353 | Southeast-Atlantic Beverage Corporation<br>Nelson Mullins Riley & Scarborough LLP<br>1320 Main St., 17th Floor (29201)<br>PO Box 11070<br>Columbia, SC 29211, 29211 | Southern Family Markets Acquisition LLC<br>Kilpatrick Stockton LLP<br>C/o Paul M. Rosenblatt<br>1100 Peachtree Street, Suite 2800<br>Atlanta, GA. 30309, 30309 |
| TA Cresthaven, LLC<br>c/o Held & Israel<br>1301 Riverplace Blvd #1916<br>Jacksonville, FL 32207 | TA/Western, LLC<br>c/o Held & Israel<br>1301 Riverplace Blvd #1916<br>Jacksonville, FL 32207 | The Coca-Cola Company<br>c/o Alan M. Weiss<br>Holland & Knight LLP<br>50 North Laura Street<br>Suite 3900, Jacksonville, FL 32202 32202 |

| | | |
|---|---|---|
| Thomas R. Lehman, P.A.<br>1441 Brickell Avenue<br>15th Floor<br>Miami<br>FL, 33131 33131 | Thomas R. Lehman, P.A.<br>Tew Cardenas LLP<br>1441 Brickell Avenue<br>15th Floor<br>Miami, FL  33131, 33131 | Wanda Borges<br>Borges & Associates, LLC<br>575 Underhill Blvd., Suite 110<br>Syosset, NY 11791 |

Thomas R. Lehman, P.A.
1441 Brickell Avenue
15th Floor
Miami
FL, 33131 33131

Thomas R. Lehman, P.A.
Tew Cardenas LLP
1441 Brickell Avenue
15th Floor
Miami, FL  33131, 33131

Wanda Borges
Borges & Associates, LLC
575 Underhill Blvd., Suite 110
Syosset, NY 11791