# EXHIBIT "D"

LAW OFFICES

# STUTSMAN & THAMES

PROFESSIONAL ASSOCIATION

121 WEST FORSYTH STREET, SUITE 600

JACKSONVILLE, FLORIDA 32202

RICHARD R. THAMES
BRUCE E. STUTSMAN
BRADLEY R. MARKEY
THOMAS M. BROWDER III
LORETTA A. TALBERT
CYNTHIA D. NORGART

TELEPHONE
904-358-4000

FACSIMILE
904-358-4001

January 27, 2006

Mr. Richard M. Tansi
Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32203

Re:    Winn-Dixie Stores, Inc., et al., debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 3-05-bk-03817-JAF

Dear Mr. Tansi:

We represent SES Group - Miami Springs, Ltd., the landlord for Winn-Dixie Store #726 in the Pine Island Shopping Center in Pine Island, Florida ("Pine Island"). SES Group is the successor landlord under the lease between Jamerson Construction Corporation and Winn-Dixie Stores, Inc. dated May 23, 1978, a copy of which is attached (the "Lease").

Although the Pine Island Winn-Dixie has continued operating post-petition, the debtor has not formerly assumed the Lease. Under paragraph four of the Court's most recent order extending the time to assume or reject nonresidential leases, the debtor is obligated to keep post-petition lease obligations current:

> The Debtors will comply with the mandates of section 365 of the Bankruptcy Code as such Code is interpreted by this Court, and will perform all the obligations of the Debtors, except those specified in section 365(b)(2), arising from and after the order for relief (the "Postpetition Rental Obligations"). The Debtors agree that any lessor may file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion shall set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. The Debtors agree that they will not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this Paragraph are followed, and

Mr. Richard M. Tansi
Winn-Dixie Stores, Inc.
January 27, 2006
Page 2

> (b) the proposed shortened notice period is not less than fifteen (15) days.

Despite its obligations, Winn-Dixie has failed to pay rent and common area maintenance charges due under the Lease since October 2005. Currently, there is $105,000.00 past due. Winn-Dixie is not entitled to any rent offsets or abatement. Unless the $105,000.00 as detailed on the attached schedule is paid or other suitable arrangements are agreed upon by February 10, 2006, our client has directed us to bring the post-petition defaults to the Court's attention and to seek appropriate relief. We hope that will not be necessary and look forward to discussing a workable solution.

Very truly yours,

Bradley R. Markey

BRM/smr
Enclosure
c: Bob Jones
   Cynthia C. Jackson, Esq.
   D.J. Baker, Esq.
58479

| MONTH UNPAID | RENT | CAM | TOTAL |
|---|---|---|---|
| October 2005 | $ 25,312.50 | $ 937.50 | $ 26,250.00 |
| November 2005 | $ 25,312.50 | $ 937.50 | $ 26,250.00 |
| December 2005 | $ 25,312.50 | $ 937.50 | $ 26,250.00 |
| January 2006 | $ 25,312.50 | $ 937.50 | $ 26,250.00 |
| | | | $ 105,000.00 |