## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AMENDED[1] AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF TAKISHA NELSON (CLAIM NO. 6869)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Takisha Nelson (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. 6869 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $2,500.00 against Winn-Dixie Montgomery, Inc. in Case No. 05-03837 which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure.

2.      This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 6869 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or

---

[1] This Order is amended to correct paragraph 1 of the Order Dated February 3, 2006 (Docket No. 5597) to state that "Claim No. 6869 filed by Claimant is allowed as an unsecured non-priority claim ... which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure" instead of "to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases."

assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

4.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of ~~February~~ March , 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00519330.DOC

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____          By _____
    James H. Post                         Gary M. Gaudin

Florida Bar Number 175460              712 North Burnside Ave.
1800 Wachovia Bank Tower,              Gonzales, LA  70737
225 Water Street
Jacksonville, Florida  32202           Attorney for the Claimant
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

00519330.DOC