Hearing Date: March 9, 2006, 1:00 p.m.
Objections Due: March 2, 2006, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC.,** *et al.*, | ) | Chapter 11 |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |

### OBJECTION OF COMMODORE REALTY, INC. AND ISRAM REALTY & MANAGEMENT, INC. TO DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Commodore Realty, Inc. ("Commodore") and Isram Realty & Management, Inc. ("Isram"), managing agents for various Florida lessors (the "Lessors" or the "Objectors"), by their undersigned attorneys and pursuant to Section 365(d)(4) of the United States Bankruptcy Code (the "Bankruptcy Code"), hereby object to Debtors' Motion for Order Granting Fourth Extension of Time within which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property [Docket No. 5888] (the "Fourth Extension Motion"), on the following grounds:

### Jurisdiction And Venue

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue in this District is appropriate under 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (together, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered in this case.

4. The Court has previously granted the Debtors three extensions of the 60-day deadline to assume or reject their non-residential real property leases under Section 365(d)(4) (the "Section 365(d)(4) Extensions") and three prior requests to extend the Debtors' exclusive periods to propose and solicit a Chapter 11 plan under Section 1121(d) (the "Exclusivity Extensions").

5. The first three Section 365(d)(4) Extensions were coterminous with the first three Exclusivity Extensions.[1] Most recently, the Section 365(d)(4) period and the Exclusive Period were extended through March 20, 2006 and the Exclusive Solicitation Period was extended through May 22, 2006. See Orders dated December 19, 2005 [Docket Nos. 4682 and 4683]. However, without explanation, the Debtors' pending Fourth Extension Motion asks for substantially different relief.

6. In the Fourth Exclusivity Motion, the Debtors have requested a 30-day extension of the exclusive periods so that the Debtors can finalize discussions over a proposed joint plan with the Official Committee of Unsecured Creditors (the "Committee"). Fourth Exclusivity Motion, at ¶¶ 7-8. According to the Debtors, if they cannot come to terms with the

---

[1] The time to assume or reject non-residential real property leases was previously extended to September 19, 2005, December 19, 2005 and March 20, 2006. See Order dated May 6, 2005 [Docket No. 1070]; Order dated September 12, 2005 [Docket No. 3434]; and Order dated December 19, 2005 [Docket No. 4682]. Likewise, the exclusive proposal period was previously extended to September 19, 2005, December 19, 2005 and March 20, 2006. See Order dated June 16, 2005 [Docket No. 1747]; Order dated September 8, 2005 [Docket No. 3401]; and Order dated December 19, 2005 [Docket No. 4683].

Committee during this 30-day period, the Debtors intend to file and solicit a plan of reorganization, presumably without Committee support.  See id. at ¶ 8.

7.     Instead of requesting an identical 30-day extension of the Section 365(d)(4) period, however, the Debtors now seek an unprecedented Section 365(d)(4) extension through the "effective date" of their yet-to-be filed reorganization plan, without any legal support for such a deadline.  Fourth Extension Motion, at ¶ 4.

8.     The Debtors merely claim that the lessors are not harmed by the extension because the Debtors are paying their post-petition, pre-rejection obligations when they come due in accordance with Section 365(d)(3) of the Bankruptcy Code, id. at ¶ 19, and the proposed Order allows lessors to move to shorten the time to assume or reject with respect to a particular lease, id. at ¶ 20.  Neither assertion is factually accurate with respect to the Objectors.  Furthermore, there is no statutory authority for this Court to extend the Section 365(d)(4) period beyond, at the latest, the date of confirmation and, then, only for "cause" not shown here.

## Legal Standard

9.     Section 365(d)(4) provides that:

> [I]f the trustee does not assume or reject an unexpired lease or nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, *for cause*, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (emphasis added).

10.     In determining whether "cause" exists to extend the time to assume or reject a non-residential real property lease, courts have considered the following factors: "(1) whether the debtor was paying for the use of the property; (2) whether the debtor's continued occupation . . . could damage the lessor beyond the compensation available under the

Bankruptcy Code; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization." See South Street Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996) (citation and internal quotations omitted).

### Objection to Fourth Extension Motion

11. The Fourth Extension Motion should be denied because the Debtors have failed to establish "cause" for the relief requested.

12. First, although the Debtors are paying the base rent due under the leases to the Lessors, the Debtors continue to be in default of common area maintenance obligations under the lease for Debtors' Store No. 662 in North Port, Sarasota County, Florida in the amount of $1,980.78, and Debtors' counsel has been so advised.

13. Moreover, the Debtors have taken the position that Section 365(d)(3) only requires them to pay post-petition pre-rejection obligations that *accrued* post-petition, regardless of whether the Debtors were actually *billed* for other pre-petition obligations post-petition. It is unsettled in this Circuit whether the billing date or accrual approach applies to a debtor's obligation to perform timely all post-petition pre-rejection obligations under Section 365(d)(3). Compare CenterPoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 210 (3d Cir. 2001); In re DeCicco of Montvale, Inc., 239 B.R. 475, 483 (Bankr. D. N.J. 1999); In re R.H. Macy & Co., 152 B.R. 869, 873-74 (Bankr.S.D.N.Y.1993) (adopting the billing date approach), with In re Handy Andy Home Improvement Centers, Inc., 144 F.3d 1125, 1126-28 (7th Cir.1998); El Paso Props. Corp. v. Gonzales (In re Furr's Supermarkets, Inc.), 283 B.R. 60, 68-70 (10th Cir. B.A.P. 2002); Schneider & Reiff v. William Schneider, Inc. (In re William Schneider, Inc.), 175 B.R. 769, 771-73 (S.D. Fla. 1994) (adopting the accrual date approach). Lessors are aware of this Court's

decision in In re Winn-Dixie Stores, Inc., 333 B.R. 870 (Bankr. S.D. Fla. 2005) (following the accrual approach); however, there is no controlling Eleventh Circuit authority. To date, billed and unpaid real estate taxes are due for 2004 and 2005 in the aggregate amount of $62,365.44 to Commodore and in the aggregate amount of $68,148l.81 to Isram. These are significant sums which the Debtors are attempting to defer paying to an indefinite date, to Lessors' detriment.

14. Second, the Debtors' request to extend the deadline through the effective date is in no way tied to the formulation of a plan of reorganization and is unprecedented. Court have, under appropriate circumstances, extended the Section 365(d)(4) period through confirmation of a plan, but no longer. See, e.g., In re Ames Department Stores, Inc., No. 01-42217 (Bankr. S.D.N.Y. December 5, 2001) (granting the debtors through confirmation of a plan to assume or reject their non-residential real property leases under Section 365(d)(4)); see also Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.), 78 F.3d 18, 29 (2d Cir. 1996) (noting that it is permissible to extend Section 365(d)(4) period *through confirmation*) (emphasis added); Legacy Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.), 989 F.2d 682, 689 (3d Cir. 1993) (holding that it is permissible to extend the Section 365(d)(4) period to give the debtor more time to analyze leases in connection with the formulation of a plan) (citing In re Wedtech Corp., 72 B.R. 464-471-72 (Bankr. S.D.N.Y. 1987)).

15. Lessors are not aware of any reported case in which a court has extended the Section 365(d)(4) period through the effective date of a plan, or any time beyond confirmation of a plan, over landlord objection, nor that there is any statutory predicate for doing so. In fact, it is contrary to the case law and the statutory construction of Section 365(d). Since Section 365(d)(4) provides for an initial extension of sixty days only for nonresidential real property leases, with extensions thereafter only for "cause" shown, it is anomalous to allow for

Section 365(d)(4) extensions beyond confirmation when Section 365(d)(2), which deals with all other types of leases, caps any and all extensions at the confirmation date.

16.     Moreover, the recent changes to Section 365 under the Bankruptcy Abuse Prevention and Consumer Protection Act confirm Congress' intent to establish the confirmation date as the absolute deadline for assumption or rejection of nonresidential real property leases, since the new statute now provides for an ultimate deadline which is the earlier of the date that is 120 days after the date of the order for relief or the date of entry of an order confirming a plan, which 120-day period may then only be extended for ninety days on motion of a trustee or lessor for cause, and then only further extended with prior written consent of lessor.  See 11 U.S.C. § 365 (2005).  As Senator Orrin Hatch clarified in his floor statement to the legislative change, the confirmation date has always been the outside limit on Section 365(d)(4) extensions:

> Presently, Section 365(d)(4) provides a retail debtor 60 days to decide whether to assume or reject its lease.  A bankruptcy judge may extend this deadline for cause-and therein is the problem. Some experts believe that too many bankruptcy judges have allowed this exception essentially to eliminate any notion of a reasonable and firm deadline on a retail debtor's decision to assume or reject a lease.  Some bankruptcy judges have been extending this deadline for months and years, *often to the date of confirmation of a plan.*
>
> This situation can be troublesome.  For example, a shopping center operator is a compelled creditor.  It has little if any choice but to continue to provide space and services to the debtor in bankruptcy. Yet, the current Code permits a retail debtor as long as years to decide what it will do with its leases.  Coupled with the increased use of bankruptcy by retail chains, the Bankruptcy Code is seen by some to be tipped unfairly against the shopping center operator.

151 Cong. Rec. S.2461-01 (March 10, 2005) (emphasis added).

17.     Furthermore, an extension through the "effective date" is inequitable since neither the Debtors' lessors nor the Court can determine the date a plan will become effective or, even more troubling, whether a plan is likely to become effective, as there is no plan of record, at

this time. The Court should not permit the Debtors to obtain such an open and illusory extension wholly unsupported by the Bankruptcy Code.

18. The Debtors' argument that lessors can later seek to shorten the Section 365(d)(4) period with respect to their particular leases is likewise meritless and an impermissible attempt to shift the burden (both substantively and administratively) to lessors when the Debtors have not even demonstrated cause or statutory support for their request.

19. The Debtors have stated their intention to file a plan in April, apparently with our without Committee consent. Consistent with Debtors' prior extension requests, the relevant statutory authority, and the circumstances, the most appropriate extension in these cases would be the earlier of April 20, 2006 or the confirmation date of a plan.

WHEREFORE, the Objectors hereby request that the Court enter an Order:
(a) denying the Debtors' Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property; and
(b) granting such further relief as this Court deems just and appropriate under the circumstances, consistent with this Objection.

Dated: March 2, 2006

/s/ Joyce A. Kuhns
Joyce A. Kuhns MD Bar No. 03979
G. David Dean MD Bar No. 26987
SAUL EWING LLP
Lockwood Place
500 E. Pratt Street
Baltimore, Maryland  21202
Telephone:  (410) 332-8695
Facsimile:  (410) 332-8694
E-mail:  jkuhns@saul.com
             gdean@saul.com

Attorneys for Commodore Realty, Inc. and
Isram Realty & Management, Inc.

879981.14 3/2/06

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of March, 2006, a copy of the foregoing electronically filed **Objection of Commodore Realty, Inc. and Isram Realty & Management, Inc. to Debtors' Motion For Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property** was served by first-class mail, postage prepaid on the parties below, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party, and otherwise electronically filed on all parties registered as CM/ECF participants in these cases.

| | |
|---|---|
| D. J. Baker, Esquire<br>Sally McDonald Henry, Esquire<br>Adam Ravin, Esquire<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 | Cynthia C. Jackson, Esquire<br>Smith Hulsey & Busey<br>225 Water St., Suite 1800<br>Jacksonville, FL 32201 |
| U.S. Trustee – JAX<br>Elena L. Escamilla, Esquire<br>Kenneth C. Meeker, Esquire<br>135 W. Central Blvd. Suite 620<br>Orlando, FL  32801 | Dennis F. Dunne, Esquire<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY  1005 |
| John B. Macdonald, Esquire<br>Patrick P. Patangan, Esquire<br>Akerman Senterfitt<br>50 North Laura St.<br>Suite 2500<br>Jacksonville, FL  32202 | David S. Jennis, Esquire<br>Chad S. Bowen, Esquire<br>Jennis & Bowen, P.L.<br>400 N. Ashley Drive, Suite 2540<br>Tampa, FL 33602 |
| Carolyn Chayavadhanangkur, Esquire<br>Karol K. Denniston, Esquire<br>Paul, Hastings, Janofsky & Walker, LLP<br>600 Peachtree Street, NE<br>Atlanta, GA 30308 | James D. Wareham, Esquire<br>Paul, Hastings, Janofsky & Walker, LLP<br>875 15th Street, N.W.<br>Washington, D.C. 20005 |

                                                         /s/ Joyce A. Kuhns<br>
                                                         Joyce A. Kuhns, MD Bar No. 03979