UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                               CASE NO.: 3:05-bk-03817-JAF

                                     CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

         Debtors.    Jointly Administered

---

OBJECTION OF E&A FINANCING II, L.P., E&A ACQUISITION, L.P,
PROMENADE MALL(E&A) LLC, E&A SOUTHEAST, L.P., AND GLA, LLC
TO DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION
OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

E&A Financing II, L.P. (d/b/a Amelia Plaza, Marketplace Shopping Center - Palm Bay, Fl and Palm Bay West Shopping Center), E&A Acquisition, L.P (d/b/a Marketplace at Ocala), Promenade Mall (E&A) LLC (d/b/a Promenade Mall), E&A Southeast L.P. (d/b/a Baldwin Square), and GLA, LLC (d/b/a Alpharetta Crossing Shopping Center) (collectively referred to as "Landlords"), by and through their undersigned counsel, hereby submit this Objection to the Debtors' Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (the "Motion"), and state as follows:

1.  On February 21, 2005, Winn-Dixie Stores, Inc. and certain affiliated parties (collectively, "Debtors") filed

1

voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-130 as amended. Debtors' cases are being jointly administered for procedural purposes only.

2. Landlords are the owners of property wherein Debtors remain tenants operating their store locations pursuant to unexpired leases of nonresidential real property (the "Leases").

3. On or about February 17, 2006, Debtors filed this Motion wherein they seek to extend the time to assume or reject their leases of nonresidential real property "through and including the date upon which their confirmed plan of reorganization becomes effective" (the "Effective Date"). To date, Debtors have not filed a plan or plans of reorganization, thus it is impossible to currently ascertain the Effective Date of such plan or plans.

4. When a plan of reorganization is confirmed "the bankruptcy estate ceases to exist, and the debtor in possession disappears." In re Rickel & Associates, Inc. 272 B.R. 74, 97-98 (Bkrtcy.S.D.N.Y.,2002).

5. If the Debtors' plan provides that the Effective Date will occur after the confirmation (as is usually the case), granting an extension through the Effective Date

would give the reorganized Debtors, as opposed to the Trustee or Debtor-in-possession, the power to assume or reject leases pursuant to Section 365 of the Bankruptcy Code.

6. Section 365(a) of the Bankruptcy Code provides that the "trustee," subject to court approval, may assume or reject any executory contract or lease. Section 1107(a) provides that, with certain exceptions, a debtor-in-possession shall have all of the powers and perform all the functions and duties of a trustee. Section 365(d)(4) provides, in relevant part, that:

> in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4).

7. The authority to assume or reject a lease under Section 365 of the Bankruptcy Code lies only with a trustee or a debtor-in-possession, not with a reorganized debtor. See Hartford Underwriters Insurance Company v. Union Planters Bank NA., 530 U.S. 1 (2000).

3

8. Under the Bankruptcy Act, post-confirmation assumption or rejection of contracts was prohibited. <u>Consolidated Gas Elec. Light & Power Co. v. United Rys. & Elec. Co.</u>, 85 F.2d 799 (4th Cir. 1936), <u>cert denied</u>, 300 U.S. 663 (1937). With the original enactment of the Bankruptcy Code in 1978, Congress drew from the predecessor Bankruptcy Act in crafting Sections 365(d)(1) and (2):

> (d)(1) In a case under Chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period fixes, then such contract or lease is deemed rejected.
>
> (2) In a case under Chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of the debtor **at any time *before* the confirmation of a plan** but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

S.R. 95-989, 95th Cong., 2d Sess. (1978) (Emphasis added).

9. The Bankruptcy Code expressly provides that the trustee may assume a contract or lease "**before** confirmation of the plan." (Emphasis added) 11 U.S.C. § 365(d)(2). <u>See e.g.</u>, <u>In the Matter of Whitcomb v. Keller Mortgage Co.</u>, 715 F.2d 375, 378-79 (7th Cir. 1983).

10. Section 365(d)(4) of the Bankruptcy Code, which Congress added to Section 365 pursuant to the Bankruptcy

4

Amendments and Federal Judgeship Act of 1984 (the "1984 Amendments"), provides that a lease of non-residential real property is deemed rejected if a debtor does not assume or reject the lease within sixty days after the order for relief has been entered, or within such additional time as the court fixes, upon a showing of cause. 11 U.S.C. § 365(d)(4). In enacting the 1984 Amendments, Congress specifically sought to limit debtors' lengthy delays of the decision to assume or reject non-residential real property leases. Prior to the 1984 Amendments, Section 365(d)(2) of the Bankruptcy Code permitted the assumption or rejection of non-residential real property leases "at any time before the confirmation of a plan."

11. Subsequent court decisions have recognized that Section 365(d)(4) was intended to shorten the time within which a debtor must make its election to assume or reject non-residential real property leases to a date prior to confirmation. See <u>Legacy, Ltd. v. Channel Home Centers, Inc. (In re Channel Home Centers, Inc.)</u>, 989 F.2d 682 (3d Cir. 1993); <u>Chapman Investment Assocs. v. American Healthcare Management, Inc. (In re American Healthcare Management, Inc.)</u>, 900 F.2d 827, 830 (5th Cir. 1990); <u>In re Wedtech Corp.</u>, 72 B.R. 464, 470 (Banks. S.D.N.Y. 1987). As Congress noted in the legislative history of Section 365(d)(4):

5

section 365(d)(4) reduces the severity of these problems [of a trustee taking an extended time to assume or reject an unexpired lease] by imposing a sixty-day limit on the trustee's decision to assume or reject a nonresidential lease in cases under any chapter of the code unless the court for cause extends the time. In all but the most complicated reorganization cases, sixty days should be a sufficient time to make this determination. Even in large reorganization cases, the debtor presumably knows his own business and understands the value of his assets well enough to make such decisions in sixty (60) days. Also, the debtor is generally well aware in advance that a bankruptcy may be necessary and can plan ahead to decide which leases should be retained. The debtor should consequently be able to make this determination shortly after the petition is filed and certainly within sixty (60) days in all but the most complicated cases.

130 Cong. Rec. S. 8891, S. 8894-95, (daily ed. June 29, 1984).

12. The legislative history of Section 365(d)(4) clearly reveals the intent of Congress to limit the deadline for the assumption or rejection of unexpired leases for the protection of nonresidential real property lessors in order to prevent unnecessary harm or lengthy delays. Consistent with the Congressional intent of Section 365(d)(4), the Court should not authorize the Debtors to extend the time to assume or reject the Leases up to or beyond the proposed date of the confirmation of the Plan. Instead, the time to assume or reject should only be extended to a reasonable time "before the confirmation of the plan."

13. To the extent the Debtors seek to extend the time to assume or reject leases until or after the confirmation date, such request should be denied.

14. Debtors have been in their Chapter 11 proceeding long enough to gather whatever data they need to make a decision on which leases they will assume and which they will reject. The Court should deny the motion and require the Debtors to assume or reject all of its leases within 30 days of the Court's order denying the Motion.

15. If the Court is inclined to grant an additional extension of time for the Debtors to assume or reject their leases, the extension should not go beyond the 10th day before the deadline for creditors to submit ballots on the confirmation of the Debtors' plan of reorganization.

16. The Landlords incorporate all other objections filed by other parties to the Motion and request that any relief granted to any other objecting party be offered to the Landlords.

WHEREFORE, the Landlords request that the Debtors' Motion be denied and that any relief granted to any other objecting party be offered to the Landlords.

DATED this 2 day of March, 2006.

HELD & ISRAEL

By: /s/ Edwin W. Held, Jr.
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

KITCHENS, KELLEY, GAYNES, P.C.

Mark A. Kelley, Esquire
11 Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 467-7718 Telephone
(843) 364-0126 Facsimile