UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.:  3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.      Jointly Administered
_____

LIMITED OBJECTION OF REGENCY CENTERS, L.P., MCW-RC FL-SHOPPES AT 104, LLC, GEHR FLORIDA DEVELOPMENT, LLC, SOUTHLAND-CRYSTAL RIVER W.D. DELAWARE BUSINESS TRUST, SOUTHLAND-WACO W.D. DELAWARE BUSINESS TRUST, SOUTHLAND-ARLINGTON W.D. DELAWARE BUSINESS TRUST, SOUTHLAND-RIVER RIDGE W.D. DELAWARE BUSINESS TRUST, SOUTHLAND-BIRMINGHAM W.D. DELAWARE BUSINESS TRUST, SOUTHLAND-AMITE W.D. DELAWARE BUSINESS TRUST, AND SOUTHLAND-POINCIANA W.D. DELAWARE BUSINESS TRUST TO DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

Regency Centers, L.P., MCW-RC FL-Shoppes at 104, LLC, Gehr Florida Development, LLC, Southland-Crystal River W.D. Delaware Business Trust, Southland-Waco W.D. Delaware Business Trust, Southland-Arlington W.D. Delaware Business Trust, Southland-River Ridge W.D. Delaware Business Trust, Southland-Birmingham W.D. Delaware Business Trust, Southland-Amite W.D. Delaware Business Trust, and Southland-Poinciana W.D. Delaware Business Trust (collectively referred to as "Landlords"), by and through their undersigned counsel, hereby submit this Limited Objection to the Debtors' Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject

1

Unexpired Leases of Nonresidential Real Property (the "Motion"), and state as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc. and certain affiliated parties (collectively, "Debtors") filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-130 as amended. Debtors' cases are being jointly administered for procedural purposes only.

2. Landlords are the owners of property wherein Debtors remain tenants operating their store locations pursuant to unexpired leases of nonresidential real property (the "Leases").

3. On or about February 17, 2006, Debtors filed this Motion wherein they seek to extend the time to assume or reject their leases of nonresidential real property "through and including the date upon which their confirmed plan of reorganization becomes effective" (the "Effective Date"). To date, Debtors have not filed a plan or plans of reorganization, thus it is impossible to currently ascertain the Effective Date of such plan or plans.

4. Having already had more than one year to determine which leases to assume or reject, Debtors should not receive what is essentially an open-ended extension within which to make that determination. At this stage of

the proceedings, an open-ended extension is excessive.[1] Debtors' request for an extension through the Effective Date of their plan or plans of reorganization is contrary to both the letter and spirit of the Bankruptcy Code.

5. The authority to assume or reject leases is limited by the express terms of Section 365(a) to a trustee, which includes a debtor-in-possession by virtue of Section 1107(a), but does not extend to reorganized debtors. When a plan of reorganization is confirmed, the bankruptcy estate ceases to exist, and the debtor-in-possession disappears. There is no debtor-in-possession status of a debtor post-confirmation.

6. As stated above, until a plan or plans of reorganization are filed and confirmed, the Effective Date cannot be ascertained. It is probable that Debtors' plan or plans of reorganization will provide that the Effective Date will occur after an order confirming the plan or plans is entered and becomes final. Nowhere in the Bankruptcy Code is a debtor given the right to assume or reject leases post-confirmation. Allowing Debtors to extend the time to

---

[1] This is particularly true where, as in the cases of many of the Landlords, the Debtors have refused to pay any real estate taxes (for which they were liable under their leases) that accrued pre-petition but came due post-petition. In those instances, Landlords have been forced to advance funds to pay such taxes while the Debtors retain an option to reject their lease. As more 2005 tax bills come due, more funds will need to be advanced by Landlords. This is patently unfair.

assume or reject a non-residential real property lease beyond the confirmation date could potentially give the reorganized Debtors, as opposed to the debtor-in-possession, the power to assume or reject leases pursuant to Section 365 of the Bankruptcy Code.

7. Debtors' proposal removes the role of the Court in approving any assumption or rejection of a lease. Section 365(a) requires that the decision to assume or reject leases be "subject to Court approval." If Debtors are free to make a decision on assumption or rejection after the Court confirms their plan or plans of reorganization, in addition to attempting to deprive the Court of jurisdiction, Landlords will be deprived of the benefit of the Court's review of Debtors' actions.

8. Postponing the decision to assume or reject a non-residential lease until after confirmation may also allow Debtors to hold Landlords hostage with respect to their cure claims. It could permit a situation where Debtors use the threat of a rejection of the Leases to seek a reduction in Landlords' legitimate cure claims under the Leases.

9. In addition, Debtors' rejection of any of the Leases creates the likelihood that sizable unsecured rejection claims will be created, which will result in substantial additional claims against the estate. Allowing Debtors to assume or reject the Leases after confirmation effectively disenfranchises Landlords by blocking them from

the voting process with respect to the plan or plans of reorganization. Thus, Debtors' extension request negates a potentially large voting class if rejection is delayed until the post-confirmation period.

10. As opposed to an open-ended extension as Debtors request, a series of limited extensions provides this Court with the ability to fairly consider, on a regular basis, both Debtors' progress and Landlords' rights under Section 365(d)(4). With limited extensions, Debtors are not prejudiced, and Landlords do not suffer undue and unnecessary hardship.

11. In this case, Debtors are also seeking an extension of their exclusivity period to file a plan through April 19, 2006 and to solicit acceptances for the plan through May 21, 2006. Debtors' representations to date have been that the extensions of time previously requested and granted within which Debtors will assume or reject unexpired leases of non-residential real property will be consistent with, or on a parallel track with their exclusivity period to file a plan. A thirty (30) day extension is consistent with, and on a parallel track with Debtors' Motion for Order Granting Fourth Extension of Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans.

12. Pursuant to Section 365(d)(3), Debtors must pay all post-petition accruals and sums due and owing under the Leases. Thus, Debtors must timely perform all post-petition obligations due under the Leases pending assumption or rejection.

13. This Court should condition any extension of time to assume or reject the Leases upon Debtors' timely performance of all outstanding post-petition obligations, and all future obligations as they become due under the Leases, until such time as they are assumed or rejected.

14. To the extent not inconsistent with the relief sought herein, Landlords incorporate all other objections to the Motion filed by other parties.

15. Landlords reserve the right to amend, supplement or modify this limited objection as deemed necessary.

WHEREFORE, Landlords respectfully request that the Court enter an Order:

(a) Limiting Debtors' extension of time to assume or reject unexpired leases of non-residential real property to thirty (30) days, or to the same extension of time Debtors are granted with respect to the exclusivity period to file a plan;

(b) Denying any request to an extension of time to assume, assume and assign, or reject the Leases beyond the confirmation date of a plan or plans of reorganization;

(c)  Requiring timely payment of all post-petition administrative expenses associated with the Leases pursuant to 11 U.S.C. § 365(d)(3) during any period of extension; and

(d)  Granting such other relief as the Court deems just and proper.

DATED this 2 day of March, 2006.

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile