UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | CASE NO: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## OBJECTION OF CERTAIN LANDLORDS TO DEBTOR'S MOTION FOR ORDER GRANTING FOURTH EXTENSION OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY

COME NOW Westfork Tower LLC, TA/Western LLC, Concord-Fund IV Retail, LP, TA Cresthaven, LLC, Flagler Retail Associates Ltd., and Elston/Leetsdale, LLC, by and through their property manager, TERRANOVA CORPORATION (collectively the "Landlords") and file this *Objection to Debtor's Motion for Order Granting Fourth Extension of Time Within Which Debtors may Assume or Reject Unexpired Leases of Nonresidential Real Property*, and allege:

## BACKGROUND

1.      The Debtors (collectively all of the Debtors before this Court in this administratively consolidated case) through Debtor, Winn Dixie Stores, Inc. ("Debtor"), operate a grocery store in each Landlord's shopping plaza. On February 28, 2006, the Debtors announced in a press release that they had completed formulation of their plan to create a new, smaller "footprint" of stores in the Southeastern United States.  In that announcement, the Debtors identified the stores and leases they intended to keep (assume) and by implication, those they intended to close (reject or assign).  The Debtors' new footprint includes all of the Landlords' properties except the store lease from

TA/Western LLC ("Western"), located in the Pompano Marketplace, Pompano Beach, Florida (Winn Dixie Store #217).

**Westfork Store**

2.      Debtor is in default of its obligations under Bankruptcy Code Section 365(d)(3) on the lease of its store from Westfork Tower, LLC ("Westfork"), located in Pembroke Pines, Florida (Store #278).  On February 22, 2006, Terranova Corp., on behalf of Westfork, filed the following motions in this case to remedy the Debtor being five months arrears in post-petition rent: (a) Landlord's Motion for Relief from Automatic Stay to Evict Debtor Winn-Dixie Stores, Inc. from Store #278 or, in the Alternative, for Adequate Protection; and (b) Landlord's Motion to Compel Debtor to Pay Past Due (October 2005 Through February 2006) and Ongoing Rent Payment for Store #278, and to Assume or Reject Lease as Executory Contract.  In response, on March 1, 2006, Debtor delivered to Terranova Corp. five months past due base rent but not $29,915 in CAM and taxes and has refused to pay Westfork's attorney's fees and expenses in connection with the enforcement of the lease pursuant to Section 47 of the lease and Section 365(d)(3).  See Three Sisters Partners LLC v. Harden (In re Shangra-La, Inc.), 167 F.3d 843 (4th Cir. 1999); and In re Geonex Corp., 258 B.R. 336. (Bankr. Md. 2001).  Therefore, the Debtor is still in default of its Section 365(d)(3) obligations to Westfork.

**Concord Store**

3.      The Debtor's lease with Concord-Fund IV Retail, LP ("Concord"), located in Pompano Marketplace, Pompano Beach, Florida (Store #217) has been terminated for Debtor's failure to cure defaults under its lease with Concord - - dangerous electrical conditions in the grocery store parking lot - -  and its failure to proceed with all

reasonable diligence to prosecute the curing of such events of default within the 30 day period following the Debtor being notified of its default.  Attached is a copy of Concord's Notice of Termination of Lease served on the Debtor.  Concord has been granted stay relief by this court to pursue its remedies in state court and Concord will do so to evict the Debtor from the Concord property.

## ARGUMENT

4.      The Debtor has the burden of establishing that cause exists to give it a fourth extension of time to decide whether to assume or reject the Landlords' leases.  In re Perfectlite Co., 111 B.R. 84 (Bankr. N.D. OH. 1990).  Factors to be considered in determining whether to extend the time for a debtor to assume or reject leases include (a) whether the debtor has complied with its post- petition obligations under a lease pursuant to Section 365 (d) (3); (b) whether a lease is a primary asset central to its reorganization; (c) whether the debtor needs additional time to make an informed decision to assume or reject; and (d) whether continued delay will have an adverse effect on the lessor. Id at 86; accord, Theater Holding Corp. v. Mauro, 681 2d. 102 (2nd Cir. 1982).

5.      The Debtor is unable to show cause to warrant another extension of the deadline to assume or reject leases.  Earlier this week, the Debtor issued a press release inter alia stating that it had already decided which leases it would assume and which leases it would reject to establish its new "footprint" of stores in the southeastern United States.  Therefore, the Debtor does not need additional time to make an informed decision on which leases to assume and which leases to reject.  Moreover, as explained above, the Debtor has not complied with its post-petition obligations to Westfork under Section 365 (d)(3) of the Bankruptcy Code and has so failed to fulfilled its post-petition obligations to

Concord that its lease of the Concord store has been terminated.

6.      The Landlords would be prejudice by another delay in the deadline for the Debtor to either reject the Landlords' leases or assume the leases and cure the defaults. As the Debtors point out in their Motion, they filed their Chapter 11 Petitions on February 21, 2005, little more than one year ago today.  They have requested, and received, three prior extensions of time within which to move to assume or reject their remaining leases of non-residential real property.  The current extension of time expires, unless it is extended by this Court, on March 20, 2006.

7.      In the event that this Court finds, at the conclusion of a hearing on the Debtors' motion, that the Debtors have shown sufficient cause to justify a short additional extension of time within which to move to assume or reject their remaining unexpired leases the Court should still deny the Debtors' unreasonable request for an "order further extending the period within which they must move to assume or reject the Unexpired Leases *through and including the date upon which their confirmed plan of reorganization becomes effective*." (emphasis added.)

8.      The Debtors have not cited, and the Landlords have not discovered, any statutory, case law or factual basis upon which this Court can grant such a request for an extension under Section 365 of the Code.

9.      Section 365(d)(2) of the Code provides, in pertinent part:

(2)      In a case under chapter 9, 11, 12 or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time *before the confirmation of a plan* but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. §365(d)(2) (2004).

10.     The plain language of Section 365(d)(2) makes it clear that the drafters of the Code intended to limit any extensions of time for debtors to move to assume or reject leases of non-residential real property to some time prior to confirmation of a plan.

11.     The Code does not provide for, and the Courts in the reported opinions do not appear to permit, extensions of time under 365(d)(2) that go beyond confirmation of a plan.   The courts most certainly do not routinely approve what these Debtors are requesting, which is an extension of time through the **effective date** of their Plan  These Debtors do not allege any facts, other than the standard one of needing more time to assess their business strategy, in support of this extraordinary request for an additional extension.

12.     The Debtors cite only two cases in which bankruptcy courts have supposedly extended a debtor's time, under 365(d)(2), through confirmation or the effective date of a plan.[1]  Neither of these is a reported opinion and neither is binding on this Court.

13.     Only one of the unreported orders that the Debtors cite in support of their position, that of _In re Safety-Kleen Corp.,_ Case No. 00-2303 (Bankr. D. Del. Feb 11, 2002) involved an extension of time until an _effective date of a plan._  In their motion the Debtors do not explain the facts of that case or why that order is applicable to the case before this Court.  One must review the Docket and pleadings to discern what happened in _Safety-Kleen._

14.     In _Safety-Kleen_, although the debtor sought a further extension of time through the effective date of its Chapter 11 Plan within which to move to assume or reject

---

[1] See cases cited in paragraph 22 of the Debtors' Motion for Fourth Extension of Time.

leases, (Docket #3523), the Docket reflects that only one landlord served an *informal* objection to the Debtor's motion. That *informal* objection was later resolved when the debtor moved to assume that landlord's lease. No creditor or party in interest in *Safety-Kleen* filed any formal objection to the Debtor's request. The order entered in *Safety-Kleen* is not authority, binding or otherwise, for the Debtors' request for an extension of time through the effective date of its plan; it was simply uncontested.

15.    As this Court is well aware, if a Debtor rejects a lease of non-residential real property the non-debtor landlord has a claim for rejection damages under Section 502 of the Code. 11 U.S.C. §502. This claim is "the same as if such claim had arisen before the date of the filing of the petition." 11 U.S.C. §502(g).

16.    Because a rejection triggers a claim for rejection damages that, in effect, is a general unsecured claim against the Debtor's estate; and if the Court grants an extension of time for the Debtor to decide whether to assume or reject through the effective date of the Plan; then it necessarily follows that any landlord whose lease is rejected post-effective date loses any ability to vote for or against the Debtor's Plan because it does not even know it may have a claim until all of the voting is completed, the plan is confirmed and all appeal times have expired.

17.    The Landlords do not dispute that these cases involve numerous lease locations throughout the Southeast and throughout the country and do not question that the Debtors should analyze each leasehold and make an informed business decision on which to assume and which to reject. In the instant case, in view of the recent press release, it appears that the Debtors have already done so.

18.    If the Debtors were requesting a reasonable additional extension of time

within which to move to assume or reject leases of non-residential real property, or an extension of time that fits within the parameters of the Bankruptcy Code, then the Landlords would not be objecting so strenuously. The Debtors are not, however, requesting an extension of time that is reasonable under the circumstances or permitted under the Code. In fact, the extension they are requesting (through the "effective date" of their plan) could be so prejudicial to the rights of the Landlords that such an extension is precisely what the drafters of the Code sought to avoid by writing Section 365 in the manner that they did.

19.     In paragraph 19 of their Motion, the Debtors attempt to throw the Landlords a proverbial "bone," where they state: "Further, the Debtors propose that each Lessor be permitted to seek to shorten the Extension Period *for cause* with respect to a particular Unexpired Lease." (Emphasis added.) By throwing in the phrase "for cause," the Debtors are attempting to improperly shift the burden from themselves to the Landlords with respect to time within to assume or reject executory contracts.

20.     Section 365 of the Code permits the Debtors to assume or reject the unexpired leases "before the confirmation of a plan but the court, on request of any party to such contract or lease" may order the Debtors to determine within a specified period of time whether to assume or reject. In the absence of any Code or case law authority for an extension of time through the *effective date* of a Chapter 11 Plan, this Court must deny the Debtors' motion.

21.     The Court should deny the Debtors' motion for a fourth extension of time within which to move to assume or reject the remaining non-residential leases. In the alternative, if the Court finds that the Debtors have shown sufficient "cause" for any

further extension of time the Court should grant the Debtors a *short* additional extension of time (the shorter of 60 days or the deadline by which this Court orders the Debtors to file their Chapter 11 Plan) within which to move to assume or reject its Unexpired Leases.

    **WHEREFORE,** the Landlords urge this court to deny the Debtor's request for a fourth extension of the deadline to assume or reject leases; or alternatively and upon good "cause" shown grant a short extension of time as set forth in this Objection, and request such other and further relief as this Court deems just and proper under the circumstances.

    Dated:  March 2, 2006

                    Respectfully submitted,

                    **SCRUGGS & CARMICHAEL, P.A.**


                    /s/ Karen K. Specie, Esquire
                    KAREN K. SPECIE, ESQUIRE
                    Post Office Box 23109
                    Gainesville, FL 32602
                    Telephone: 352-376-5242
                    Fascimile: 352-375-0690
                    Florida Bar No. 260746
                    Attorney for Terranova Corp.

                    **TEW CARDENAS LLP**


                    /s/ Thomas R. Lehman, P.A.
                    THOMAS R. LEHMAN, P.A.
                    CASANDRA PEREZ, ESQUIRE
                    Four Seasons Tower, 15th Floor
                    1441 Brickell Avenue
                    Miami, Florida 33131
                    Telephone:  305-536-1112
                    Facsimile:  305-536-1116
                    Florida Bar No. 351318
                    Attorneys for Terranova Corp.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was electronically filed with the U. S. Bankruptcy Court on this 2nd day of March, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; and to the Rule 1007-2, Parties in Interest.

/s/ Terri L. Darden