**UNITED STATES BANKRUTPCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION OF LASSITER PROPERTIES, INC. (CALHOUN, GEORGIA LEASE) TO DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

Lassiter Properties, Inc. (hereinafter "Lassiter") hereby files its Limited Objection to Debtors' Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (hereinafter the "Motion"), and states as follows:

**I.     Factual and Procedural Background.**

1.     On February 21, 2005 (hereinafter the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates (hereinafter collectively the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.     On or about February 17, 2006, the Debtors filed the Motion seeking, among other relief, an order extending the period within which the Debtors' must move to assume or reject the "Unexpired Leases", as such term is defined in the Motion, (hereinafter the

"Assumption/Rejection Period"), through and including the date upon which the Debtors' confirmed plan of reorganization becomes effective (hereinafter the "Plan Effective Date").

3.  Lassiter, as assignee of Peregrine Properties Limited Partnership (hereinafter "Peregrine"), is the Landlord under that certain Lease Agreement (hereinafter the "Calhoun Lease") dated as of August 25, 1994 between Peregrine and Winn-Dixie Atlanta, Inc. (hereinafter "Tenant Winn-Dixie") as Tenant.

4.  Pursuant to the Calhoun Lease, Tenant Winn-Dixie agreed to lease from Lassiter certain non-residential real property located in Calhoun, Georgia (hereinafter the "Premises").

5.  Pursuant to the Calhoun Lease, Tenant Winn-Dixie agreed to undertake certain obligations, including without limitation obligations to pay Basic Rent and Additional Rent; maintain and repair the Premises; maintain insurance against loss or damage to the Premises and to Lassiter's equipment located on the Premises; maintain general public liability insurance against claims for bodily injury, death or property damage occurring on, in or about the Premises; maintain workers compensation insurance; and pay certain "Impositions", including without limitation all taxes, assessments, levies, fees, water and sewer rents and charges, utilities and communications, taxes and charges and all other governmental charges, imposed upon or assessed against the Premises. [Calhoun Lease, Sections 6(a) and (b), 7(a), (b), (c) and (d), 8(a) and (b), 11(a), (b), (c), (d) and (e), 14(a), (b), (c), (d), (e), (f), and (g)].

6.  To date, the Debtors have not assumed or rejected the Calhoun Lease.

## II.  LIMITED OBJECTION TO DEBTORS' MOTION

7. Lassiter does not object to the Court's granting Debtors some reasonable extension of the Assumption/Rejection Period as to the Calhoun Lease.

8. Lassiter objects, however, to the Debtors' request for an extension of the Assumption/Rejection Period *through and including the Plan Effective Date*.

9. In support of the Motion, Debtors assert as follows:

> [T]he Debtors are not in a position to make final determinations as to which of the leased premises will be necessary to their business plan or which Unexpired Leases should be assumed, assigned or rejected to maximize the value of their estates. The Debtors anticipate making final determinations as to assumption or rejection of their Unexpired Leases in the context of the Plan and solidifying those decisions as they proceed through the confirmation process.

[Motion, Page 5, Paragraph 14].

10. The Debtors have not filed a Plan or Disclosure Statement and no Plan has been confirmed. There is no assurance, therefore, that a Plan Effective Period will ever come to pass. Consequently, an order extending the Assumption/Rejection Date through and including the Plan Effective date would result in unreasonable uncertainty, and would inappropriately shift to Lassiter the burden of seeking assumption or rejection of the Calhoun Lease.

11. Furthermore, the Debtors have not made any showing to support their contention that "Only once the Plan is confirmed and consummated will the Debtors have the certainty needed to be able to definitively assume or reject the Unexpired Leases". [*See* Motion, Page 8, Paragraph 21]. The Debtors should be able to determine whether to assume or reject the Calhoun Lease in the context of formulating their Plan and Disclosure Statement and, in any event, well in advance of confirmation of the Plan and well in advance of the Plan Effective Date. Lassiter should not be required to participate in the Plan approval process without knowing how it is to be treated vis-à-vis the Calhoun Lease.

12. Moreover, Lassiter asserts that Debtors will have to make assumption/rejection decisions to appropriately distribute a disclosure statement and solicit votes in favor of confirmation

13. Pursuant to 11 U.S.C. §1125, Debtors must disclose sufficient information to allow creditors to make an informed judgment about the plan. Creditors cannot make an informed judgment if the scope of the unsecured class or size of the reorganized debtor may be radically impacted by to-be-determined assumptions or rejections.

14. In addition to disclosure problems, Lassiter asserts that a delay until after confirmation will cause Debtor to violate several aspects of 11 U.S.C. §1129. Certainly it will be almost impossible to ascertain feasibility under 11 U.S.C. §1129(a)(11) unless the Debtors' projections can be verified based on the number of open stores. Such verification could not take place without knowledge of assumed and rejected leases.

15. The Debtors concede that, through the course of this Chapter 11 proceeding, they have been able to obtain several reasonable extensions, each of ninety (90) days, of the Assumption/Rejection Period. The Debtors have not shown why a similarly limited extension at this juncture would cause the Debtors undue prejudice or would otherwise be inappropriate, and Lassiter believes several compelling reasons exist to limit such period.

16. Accordingly, Lassiter requests that any extension of the Assumption/Rejection Period be limited appropriately to the earlier of: (a) ninety (90) days; or (b) approval of a disclosure statement, with further extensions of the Assumption/Rejection Period being subject to further notice, hearing and Order of the Court.

- 5 -

**WHEREFORE**, Lassiter respectfully requests that the Court sustain the objections raised herein and grant Lassiter such other relief as is just and proper under the circumstances.

Dated this 2nd day of March, 2006.

                      Respectfully submitted,

By: /s/ R. Scott Shuker
     R. Scott Shuker, Esq.
     Florida State Bar No. 984469
     **GRONEK & LATHAM, LLP**
     390 North Orange Avenue, Ste 600
     P.O. Box 3353 (32802-3353)
     Orlando, Florida 32801
     Telephone: (407) 481-5800
     Facsimile: (407) 481-5801
     Co-Counsel for Creditor Lassiter Properties, LP

JAMES L. PAUL
Georgia State Bar No. 567600
JOHN K. REZAC
Georgia State Bar No. 601935
Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)
Co-counsel for Creditor Lassiter Properties, LP

## **CERTIFICATE OF SERVICE**

      This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing Limited Objection to Debtors Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property on the following parties, by either electronic transmission and/or U.S. First Class mail, in a properly addressed envelope, with adequate postage affixed thereof, as necessary:

      D.J. Baker
      Skadden Arps Slate Meagher & Flom, LLP
      Four Times Square
      New York, New York 10036

      Cynthia C. Jackson
      Smith Hulsey & Busey
      225 Water Street, Suite 1800
      Jacksonville, Florida  32202

      Office of United States Trustee
      135 W. Central Blvd.
      Orlando, FL  32801

Dated this 2nd day of March 2006.

                                                By:   /s/ R. Scott Shuker
                                                          R. Scott Shuker, Esq.