**UNITED STATES BANKRUTPCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Case No. 05-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC., et al.,** | ) | *Chapter 11* |
| | ) | |
| **Debtors.** | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION OF LONDON ASSOCIATES, LTD. TO
DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF
TIME WITHIN WHICH DEBTORS MAY ASSUME OR REJECT
UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

London Associates, Ltd. (hereinafter "London Associates") hereby files its Limited Objection to Debtors' Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (hereinafter the "Motion"), and states as follows:

**I.      Factual and Procedural Background.**

1.      On February 21, 2005 (hereinafter the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates (hereinafter collectively the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      On or about February 17, 2006, the Debtors filed the Motion seeking, among other relief, an order extending the period within which the Debtors' must move to assume or reject the "Unexpired Leases", as such term is defined in the Motion, (hereinafter the "Assumption/Rejection Period"), through and including the date upon which the Debtors' confirmed plan of reorganization becomes effective (hereinafter the "Plan Effective Date").

3. London Associates lease to certain Debtors Store 290, a full service store in the West Palm designated market area and Store 279, a liquor store contiguous to 290 (collectively, the "Leases").

4. To date, the Debtors have not assumed or rejected the Leases.

## II. LIMITED OBJECTION TO DEBTORS' MOTION

5. London Associates does not object to the Court's granting Debtors some reasonable extension of the Assumption/Rejection Period as to the Leases.

6. London Associates objects, however, to the Debtors' request for an extension of the Assumption/Rejection Period *through and including the Plan Effective Date*.

7. In support of the Motion, Debtors assert as follows:

[T]he Debtors are not in a position to make final determinations as to which of the leased premises will be necessary to their business plan or which Unexpired Leases should be assumed, assigned or rejected to maximize the value of their estates. The Debtors anticipate making final determinations as to assumption or rejection of their Unexpired Leases in the context of the Plan and solidifying those decisions as they proceed through the confirmation process.

[Motion, Page 5, Paragraph 14].

8. The Debtors have not filed a Plan or Disclosure Statement and no Plan has been confirmed. There is no assurance, therefore, that a Plan Effective Period will ever come to pass. Consequently, an order extending the Assumption/Rejection Date through and including the Plan Effective date would result in unreasonable uncertainty, and would inappropriately shift to London Associates the burden of seeking assumption or rejection of the Leases.

9. Furthermore, the Debtors have not made any showing to support their contention that "Only once the Plan is confirmed and consummated will the Debtors have the certainty needed to be able to definitively assume or reject the Unexpired Leases". [*See* Motion, Page 8, Paragraph 21]. The Debtors should be able to determine whether to assume or reject the Leases

in the context of formulating their Plan and Disclosure Statement and, in any event, well in advance of confirmation of the Plan and well in advance of the Plan Effective Date. London Associates should not be required to participate in the Plan approval process without knowing how it is to be treated vis-à-vis the Leases.

10. Moreover, London Associates asserts that Debtors will have to make assumption/rejection decisions to appropriately distribute a disclosure statement and solicit votes in favor of confirmation

11. Pursuant to 11 U.S.C. §1125, Debtors must disclose sufficient information to allow creditors to make an informed judgment about the plan. Creditors cannot make an informed judgment if the scope of the unsecured class or size of the reorganized debtor may be radically impacted by to-be-determined assumptions or rejections.

12. In addition to disclosure problems, London Associates asserts that a delay until after confirmation will cause Debtor to violate several aspects of 11 U.S.C. §1129. Certainly it will be almost impossible to ascertain feasibility under 11 U.S.C. §1129(a)(11) unless the Debtors' projections can be verified based on the number of open stores. Such verification could not take place without knowledge of assumed and rejected leases.

13. The Debtors concede that, through the course of this Chapter 11 proceeding, they have been able to obtain several reasonable extensions, each of ninety (90) days, of the Assumption/Rejection Period. The Debtors have not shown why a similarly limited extension at this juncture would cause the Debtors undue prejudice or would otherwise be inappropriate, and London Associates believes several compelling reasons exist to limit such period.

14. Accordingly, London Associates requests that any extension of the Assumption/Rejection Period be limited appropriately to the earlier of: (a) ninety (90) days; or

(b) approval of a disclosure statement, with further extensions of the Assumption/Rejection Period being subject to further notice, hearing and Order of the Court.

**WHEREFORE**, London Associates respectfully requests that the Court sustain the objections raised herein and grant London Associates such other relief as is just and proper under the circumstances.

Dated this 2nd day of March, 2006.

                      Respectfully submitted,

By:   /s/ R. Scott Shuker
      R. Scott Shuker, Esq.
      Florida State Bar No. 984469
      **GRONEK & LATHAM, LLP**
      390 North Orange Avenue, Ste 600
      P.O. Box 3353 (32802-3353)
      Orlando, Florida  32801
      Telephone:  (407) 481-5800
      Facsimile:  (407) 481-5801
      Counsel for Creditor London Associates, Ltd.

- 5 -

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing Limited Objection to Debtors Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property on the following parties, by either electronic transmission and/or U.S. First Class mail, in a properly addressed envelope, with adequate postage affixed thereof, as necessary:

>D.J. Baker
>Skadden Arps Slate Meagher & Flom, LLP
>Four Times Square
>New York, New York 10036
>
>Cynthia C. Jackson
>Smith Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, Florida  32202
>
>Office of United States Trustee
>135 W. Central Blvd.
>Orlando, FL  32801

Dated this 2nd day of March 2006.

>By: /s/ R. Scott Shuker
>R. Scott Shuker, Esq.

U:\Bkry\Winn-Dixie\Barron RE\pldg\Ltd Obj to Mtn  to Ext time to Assume or Reject.DOC