# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### LIMITED OPPOSITION TO DEBTORS' MOTION FOR ORDER GRANTING FOURTH EXTENSION OF TIME WITHIN WITH DEBTORS MAY ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY

Lessors (1) Michael Oschin, Daniel Oschin and Richard H. O'Hara, Trustees of the Michael Oschin Trust under Will of Helen Oschin; (2) Michael Oschin, Daniel Oschin and Richard H. O'Hara, Trustees of the Barbara Oschin Primicerio Trust under Will of Helen Oschin; (3) Lynda Oschin, Trustee of the Lynda Oschin Trust dated December 11, 1997; and (4) Michael Oschin, as an individual (collectively, the "Lessors"); hereby oppose the *Debtor's Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property* (the "Motion"), but only to the extent that the Motion applies to a particular unexpired lease between the Lessors and debtor Winn Dixie Montgomery, Inc.

I.

## BACKGROUND

A.    The Unexpired Lease

The Lessors are the owners of certain nonresidential real property located in a shopping center in New Orleans, Louisiana, known as Winn-Dixie Marketplace (the "Property").  The Lessors are currently leasing the Property to one of the debtors, Winn

Dixie Montgomery, Inc. ("WD Montgomery"), pursuant to a lease agreement dated April 13, 1987, originally between the Lessors' predecessor in interest, Biencar Investments #3, and WD Montgomery's successor in interest, Winn-Dixie Louisiana, Inc. (the "Unexpired Lease"). See **Exhibit 1**. One of WD Montgomery's affiliates, debtor Winn-Dixie Stores, Inc., guaranteed WD Montgomery's obligations under the Unexpired Lease. See **Exhibit 2**. The lease was subsequently supplemented on June 8, 1988, see **Exhibit 3**, and amended on April 25, 1994, see **Exhibit 4**.

The Unexpired Lease provides that WD Montgomery's predecessor would lease the Property for an initial term of twenty (20) years, which by supplement, commenced on March 31, 1988. The Unexpired Lease is currently scheduled to expire on June 20, 2015, unless renewed or terminated in accordance with the terms of the Unexpired Lease. The lease, as amended, requires WD Montgomery to make monthly payments in the amount of $59,433.33, due and payable on the first day of each month. See **Exhibit 4**. The lease also requires WD Montgomery to pay Lessors any amount by which 1% of its gross sales made from the Property in each fiscal year ending approximately June 30th exceeds $713,200.00. Id. In addition, the Unexpired Lease requires WD Montgomery to reimburse Lessors for certain property taxes and insurance costs. See **Exhibits 1 & 4**. WD Montgomery is required to make such reimbursement within thirty (30) days after Lessors tender to WD Montgomery statements that the taxes and insurance have been paid by Lessors. See **Exhibit 1**.

## B.    The Bankruptcy Cases

On February 21, 2005 (the "Petition Date"), WD Montgomery, Winn-Dixie Stores, Inc. (guarantor), and twenty-two of their affiliates (collectively, the "Debtors") each filed a voluntary Chapter 11 petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors remain in possession of their assets and continue to operate their businesses as debtors in possession pursuant to 11 U.S.C. §§

1101(1), 1107(a) and 1108. The Debtors' cases are being jointly administered for
procedural purposes only, under lead bankruptcy case no. 05-03817.

As of the date of this Limited Opposition, WD Montgomery has neither assumed nor rejected the Unexpired Lease. WD Montgomery, along with the other debtors, sought and obtained three (3) prior extensions to assume or reject the Unexpired Lease.

## C.    **Post-Petition Payment Defaults**

Although WD Montgomery has made certain payments under the lease after the Petition Date, WD Montgomery is currently in default. Specifically, WD Montgomery (1) has paid only 30% of the rent for January 2006, (2) has not paid any portion of the rent for February 2006, which became due on February 1, 2006, and (3) has failed to reimburse Lessors for a portion ($23,970.01) of insurance costs, which reimbursement became due in January 2006.[1] Such defaults will soon hinder and/or prevent the Lessors from making their mortgage payments on the Property, which total $41,883.40 per month. WD Montgomery has also refused to allow the Lessors and/or their insurance adjusters access to the Property for the purpose of assessing and/or possibly repairing any damage that may have been sustained to the Property.

By its Motion, WD Montgomery seeks to extend, for the fourth time, the time to assume or reject its unexpired leases, including the Unexpired Lease described herein. Furthermore, WD Montgomery seeks to extend the time to assume or reject its unexpired leases through the effective date of its anticipated plan of reorganization. Such date is uncertain since a plan has not yet been filed or confirmed.

////

---

[1] An additional rent payment of $59,433.33 will become due on March 1, 2006, and an additional insurance reimbursement of $56,070.00 will become due on or about March 6, 2006, before the instant Motion is heard.

## II.

## ARGUMENT

**A.   WD Montgomery Has Failed to Comply with the Bankruptcy Code Requirement that it Perform its Post-Petition Obligations Under the Unexpired Lease**

As a preliminary note, Bankruptcy Code § 365(d)(3) provides that "[t]he trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3) (2005). Thus, WD Montgomery (or Winn-Dixie Stores, Inc. as guarantor) is required to perform all of its obligations under the Unexpired Lease, including but not limited to its obligations to pay rent and reimburse the Lessors for certain property taxes and insurance costs. See 11 U.S.C. § 365(d)(3). However, WD Montgomery and Winn-Dixie Stores, Inc. are in default of such obligations, in violation of § 365(d)(3), as detailed in part I.C above.

**B.   The Court Should Deny WD Montgomery's Request for an Extension of Time to Assume or Reject the Unexpired Lease Because (i) WD Montgomery Has Failed to Perform All of its Post-Petition Obligations, and (ii) Such Extension Would Cause Significant Damage to Lessors**

Pursuant to § 365(d)(4), WD Montgomery seeks to further extend the time by which it may assume or reject the Unexpired Lease. A court may extend such time only when the debtor establishes that "cause" exists to do so. See 11 U.S.C. § 365(d)(4). Among the factors that should be considered in determining whether cause exists is whether the debtor is complying with its postpetition obligations under the lease pursuant to section 365(d)(3), including its obligation to pay rent. See In re Perfectlite Co., 116 B.R. 84, 86 (Bankr. N.D. Ohio 1990); South Street Seaport Limited Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d Cir. 1996); Willamette Water

1  Front, Ltd. v. Victoria Station Inc. (In re Victoria Station Inc.), 88 B.R. 231, 236 n.7 (9th

2  Cir. B.A.P. 1988), aff'd, 875 F.2d 1380 (9th Cir. 1988); In re Wedtech Corp., 72 B.R. 464,

3  472 (Bankr. S.D.N.Y. 1987).  Where a debtor is not performing its postpetition obligations

4  under a lease, a court may deny an extension of time for the debtor to assume or reject

5  the lease.  See In re Perfectlite Co., 116 B.R. 84, 86 (Bankr. N.D. Ohio 1990) (finding that

6  cause did not exist to extend time where the debtor "made no real effort to comply with

7  the requirement of section 365(d)(3) or (4) but is intent only on occupying the leased

8  premises as long as possible without paying rent"); In re Wedtech Corp., 72 B.R. 464,

9  472 (Bankr. S.D.N.Y. 1987).

10          Related to the above-mentioned factor is how the debtor's continued possession

11  of the premises will affect the lessor, In re Perfectlite Co., 116 B.R. 84, 86 (Bankr. N.D.

12  Ohio 1990), and more specifically, whether such possession could damage the lessor

13  beyond the compensation available under the Bankruptcy Code, South Street Seaport

14  Limited Partnership v. Burger Boys, Inc. (In re Burger Boys, Inc.), 94 F.3d 755, 761 (2d

15  Cir. 1996); In re Wedtech Corp., 72 B.R. 464, 472 (Bankr. S.D.N.Y. 1987).  Where a

16  debtor's continued possession of leased property causes damage to the lessor, a court

17  may deny an extension of time for the debtor to assume or reject the lease.  See In re

18  Wedtech Corp., 72 B.R. 464, 472 (Bankr. S.D.N.Y. 1987) (stating that such factor weighs

19  against granting an extension of time).

20          The aforementioned factors weigh in favor of denying WD Montgomery an

21  extension to assume or reject the Unexpired Lease in the present case.  First, as

22  indicated above, WD Montgomery has ceased performing its obligations under the

23  Unexpired Lease to pay rent and make certain reimbursements to Lessors.  Secondly,

24  such failure has caused, and is continuing to cause, damage to Lessors that is both

25  substantial and quantifiable.  Specifically, the failure of WD Montgomery and Winn-Dixie

26  Stores, Inc. to pay rent has caused damages to Lessors totaling approximately $101,037

27  as of February 27, 2006, and will cause additional damages of $59,433.33 before the

28  instant Motion is heard, and $59,433.33 each month thereafter in which the default

1    continues.[2]  In addition, these debtors' failure to reimburse Lessors for insurance costs

2    have caused damages of $23,970.01 as of February 27, 2006.[3]

3        In addition to denying the Lessors compensation for their Property, the failure of

4    WD Montgomery and Winn-Dixie Stores, Inc. to pay rent to Lessors will soon hinder

5    and/or prevent Lessors from servicing their mortgage payments on the Property (which

6    requires payments of $41,883.40 per month), thereby putting the Property at risk.  The

7    failure of these debtors to pay rent has also jeopardized the Lessors' ability to make

8    insurance, tax, and other payments required by the Lessors in connection with the

9    Property.  Furthermore, WD Montgomery's refusal to grant the Lessors and their

10    insurance adjusters access to the Property precludes the Lessors from assessing the

11    status of the Property and taking any remedial actions that may be required.

12        For the aforementioned reasons, WD Montgomery's request for an extension of

13    time to assume or reject the particular Unexpired Lease described herein should be

14    denied.

15

16    **C.**      **If the Court Grants an Extension, the Extension Should be Limited to Prevent**

17          **and/or Minimize Damages to the Lessors**

18        Where a court finds cause to extend the time by which a debtor may assume or

19    reject an unexpired lease, the court may limit such extension in its discretion.  For

20    example, a court may make any extension conditional on the debtor's performance of its

21    postpetition obligations under the lease.  See In re Garrett Road Supermarket, Inc., 89

22    B.R. 514, 519-20 (Bankr. E.D. Penn. 1988), aff'd, 95 B.R. 902 (E.D. Pa. 1989); In re

23    Tandem Group, Inc., 60 B.R. 125, 127-28 (Bankr. C.D. Cal. 1986); see also In re

24

25        [2] The debtors failed to pay an approximate $41,603.33 portion of rent due for
January 2006, and the entire $59,433.33 of rent for February 2006.  An additional

26    $59,433.33 will become due on March 1, 2006, before the instant Motion is heard, and on
the first day of each month thereafter.

27        [3] An additional insurance reimbursement of $56,070.00 will become due on or

28    about March 6, 2006, before the instant Motion is heard.

1   Wedtech Corp., 72 B.R. 464, 476 (Bankr. S.D.N.Y. 1987).  A court may also limit the
2   length of the extension to what is appropriate under the circumstances.  See In re Garrett
3   Road Supermarket, Inc., 89 B.R. at 520.  At least one court has recognized that an open-
4   ended extension, such as the extension currently sought by WD Montgomery, "is likely to
5   result in the type of delay and uncertainty Congress sought to eliminate in enacting
6   section 365(d)(4)."  See Chapman Investment Associates v. American Healthcare
7   Management, (In the Matter of Chapman Investment Associates, Inc.), 900 F.2d 827, 830
8   (5th Cir. 1990); see also Chapman Investment Associates v. American Healthcare
9   Management (In re American Healthcare Management, Inc.), 900 F.2d 827 (5th Cir. 1990)
10  ("It is now well-established that the primary purpose of section 365(d)(4) is 'to protect
11  lessors ... from delay and uncertainty by forcing a trustee or a debtor in possession to
12  decide quickly whether to assume unexired leases."); In re Garrett Road Supermarket,
13  Inc., 89 B.R. at 516 ("[T]he purpose of [section 365(d)(4)] was to prevent Debtor tenants
14  from not paying rent and stringing along landlords for free rent by delaying in assuming or
15  rejecting leases.").  Shorter, multiple extensions, on the other hand, which require a
16  debtor to demonstrate "cause" more often, "gives bankruptcy courts greater control over
17  bankrupt lessees' actions and allows the courts to more closely monitor lessees' activities
18  to ensure that they resolve the status of their leases in a diligent manner."  Chapman,
19  900 F.2d at 830.

20      Garrett is an example of a case in which a court limited an extension that, as
21  requested, would have been indefinite in length.  In that case, the debtor requested an
22  extension of approximately ninety (90) days, or until after the court rendered a judgment
23  in a pending adversary proceeding that had not yet gone to trial, whichever occurred
24  later.  In re Garrett Road Supermarket, Inc., 89 B.R. at 515.  The court granted the
25  extension, but only for approximately ninety (90) days, on the ground that the extension
26  requested by the debtor was longer than may be necessary.  Id. at 20.

27      In the present case, in addition to the significant damages already suffered by the
28  Lessors, the Lessors continue to suffer damages in the amount of at least $59,433.33 per

1  | month as a result of WD Montgomery and Winn-Dixie, Inc.'s failure to pay rent and/or
2  | allow the Lessors access to the Property. A further extension of the time for WD
3  | Montgomery to assume or reject the Unexpired Lease would allow such damages to
4  | continue to accrue, especially since WD Montgomery seeks an extension for an open-
5  | ended and lengthy period of time (i.e. through the effective date of its anticipated plan of
6  | reorganization, which has yet to be filed or confirmed).

7  | In light of WD Montgomery's failure to pay rent and make reimbursements to the
8  | Lessors, the Lessors submit that the open-ended extension requested by the Debtors is
9  | unreasonable long, and would also serve to prolong the type of delay and uncertainty that
10 | § 365(d)(4) was designed to prevent. To minimize and/or stop the damages to the
11 | Lessors from continuing to accrue, the Lessors request that any further extension be
12 | limited in length and/or conditioned upon WD Montgomery's continued performance of its
13 | obligations under the Unexpired Lease, most notably its obligation to pay rent and
14 | reimburse Lessors for insurance and tax payments.

15 | ////
16 | ////
17 | ////
18 | ////
19 | ////
20 | ////
21 | ////
22 | ////
23 | ////
24 |
25 |
26 |
27 |
28 |

**III.**

**CONCLUSION**

For the reasons set forth above, the Lessors respectfully request that the Court enter an order denying WD Montgomery's request to extend the time to assume or reject the Unexpired Lease described herein. Alternatively, if the Court decides to extend such time, the Lessors request that it do so only on the condition that WD Montgomery, or Winn-Dixie Stores, Inc. as guarantor, perform their obligations under the Unexpired Lease in accordance with § 365(d)(3).

DATED: March 1, 2006                    Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation


By: /s/ Marcus A. Tompkins
     David S. Kupetz (CA Bar No. 125062)
     Marcus A. Tompkins (CA Bar. No. 190922)
     333 S. Hope St., 35th Floor
     Los Angeles, CA  90071
     Tel.:  (213) 626-2311
     Fax:  (213) 629-4520
     mtompkins@sulmeyerlaw.com

and

**STUTSMAN & THAMES, P.A.**


By: /s/ Richard R. Thames
     Richard R. Thames
     Florida Bar 0718459
     121 W. Forsyth Street, Suite 600
     Jacksonville, Florida 32202
     Tel.:  (904) 358-4000
     Fax:  (904) 358-4001
     RRThames@Stutsman-Thames.com

Attorneys for Lessors Michael Oschin, et al.

**Certificate of Service**

I hereby certify on March 2, 2006, the foregoing motion was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to:

| | |
|---|---|
| Stephen D. Busey, Esq.<br>Smith Hulsey & Busey<br>225 Water Street<br>Suite 1800<br>Jacksonville, Florida 32202<br>**busey@smithhulsey.com** | David Jennis, Esq.<br>Jennis & Bowen, P.L.<br>400 North Ashley Drive<br>Suite 2540<br>Tampa, Florida 33602<br>ecf@jennisbowen.com |
| John B. Macdonald, Esq.<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, Florida 32202<br>**john.macdonald@akerman.com** | Patrick P. Patangan, Esq.<br>Akerman, Senterfitt & Eidson, P.A.<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, Florida 32202<br>patrick.pantangan@akerman.com |
| Elana L. Escamilla, Esq.<br>Assistant United States Trustee<br>135 West Central Boulevard<br>Room 620<br>Orlando, Florida 32801<br>**elana.l.escamilla@usdoj.gov** | Karol K. Denniston, Esq.<br>Paul, Hastings, Janofsky & Waler, LLP<br>600 Peachtree Street<br>Suite 2400<br>Atlanta, Georgia 30308 |
| Cynthia C. Jackson, Esq.<br>Smith Hulsey & Busey<br>225 Water Street<br>Suite 1800<br>Jacksonville, Florida 32202<br>**cjackson@smithhulsey.com** | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy, LLP<br>1 Chase Plaza<br>New York, New York 10005<br>**ddunne@milbank.com** |
| Adam Ravin, Esq.<br>Skadden Arps Slat Meagher & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden Arps Slat Meagher & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>dbaker@skadden.com |

/s/ Richard R. Thames
_____
Attorney