IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                                                Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.                     Chapter 11
                                                                      Jointly Administered
　　　　Debtors.

## AFFIDAVIT

STATE OF FLORIDA    )
                                         ) SS:
COUNTY OF LEE        )

BEFORE ME, the undersigned authority, personally appeared BRIAN D. ZINN, who after being duly cautioned and sworn, deposed and said:

1. He is an attorney licensed to practice law in the State of Florida, and has personal knowledge of the matters stated herein.

2. His law firm, Goldstein, Buckley, Cechman, Rice & Purtz, P.A., has been retained to represent Dortha Mohundro in State Court proceedings. Once your Affiant became aware of the automatic stay imposed by the filing of the within bankruptcy proceeding pursuant to 11 U.S.C. §362, his firm has done nothing to pursue the State Court case but instead is seeking to obtain relief from the automatic stay in this bankruptcy case.

3. From an investigation conducted by Affiant's firm, it appears that Ms. Mohundro, while in one of Debtor's stores, was struck by a shopping cart pushed by one of Debtor's employees, on February 13, 2002.

4. As demonstrated in Exhibits B-F annexed hereto, and as set forth in Movant's Motion for Relief from Automatic Stay to which this Affidavit is attached, Movant has complied with all claim procedures set forth in the Bankruptcy Court's Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims, entered on or about September 1, 2005. Pursuant to that Order, it is thus respectfully requested that the Court grant Movant relief from the automatic stay to proceed against Debtor in State Court to obtain a judgment and fix the amount of her claim, since as indicated in the annexed



EXHIBIT A

correspondence, Debtor has disputed Movant's claim and refuses to participate in mediation or arbitration.

FURTHER AFFIANT SAITH NAUGHT

_____
Affiant

BEFORE ME, the undersigned authority, personally appeared Brian D. Zinn, who is personally known to me/not personally known to me but produced the following identification:_____ and who, upon being first duly sworn according to law, deposes and says that he executed the foregoing Affidavit and that the statements made herein are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this 2nd day of March, 2006.

_____
Notary Public, State of Florida

My Commission Expires:



Karen A. Kirby
My Commission DD308208
Expires May 4, 2007