IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:  
　　　　　　　　　　　　　　　　　　　　　Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.　　　　　　Chapter 11  
　　　　　　　　　　　　　　　　　　　　　Jointly Administered

　　　Debtors.

## AGREED ORDER TO LIFT AUTOMATIC STAY

This cause is before the Court upon Dortha Mohundro's (the "Movant") Motion for Relief from Automatic Stay filed on March 3, 2006 (the "Motion"). The Court finds that (i) notice of the Motion and proposed Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, (ii) the Movant has complied in good faith with, and exhausted, the Claims Resolution Procedure, and (iii) no party filed an objection to the Motion. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1.　　The motion is granted to the extent provided herein.

2.　　The automatic stay is modified for the sole purpose of allowing Movant to commence a civil action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (the "Civil Court"), seeking damages against Debtor Winn-Dixie Stores, Inc. The Movant may pursue its Litigation Claim against the Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted. The Movant shall not, however, be able to enforce or

execute against the Debtors any judgment obtained as a result of such litigation without further order of this Court. Any such judgment shall be a claim in these Chapter 11 proceedings and shall be treated pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

3. The Movant shall notify the Civil Court of the Debtors' pending Chapter 11 proceedings and that the Movant's action is subject to the automatic stay of 11 U.S.C. §362.

4. Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 shall remain in full force and effect.

Dated this _____ day of March, 2006, in Jacksonville, Florida.


                                        Jerry A. Funk
                                        United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties
who received copies of the Motion.