## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., et al.,**

Debtors.[1]

**Chapter 11**

**Case No. 05-03817-3F1**

**(Jointly Administered)**

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1.   I am of legal age and I am not a party to this action.

2.   I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3.   On or about March 1, 2006, I caused copies of:

- the **Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure**
- the **Claims Resolution Procedure**
- the **Questionnaire**

to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A.  A copy of the served documents as listed above is attached hereto as Exhibit B.

Dated: March 3, 2006

Kathleen M. Logan

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

SERVICE LIST
Order Authorizing Debtors to Settle or Liquidate
Additional Claims Pursuant to the Claims
Resolution Procedure

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                    **CASE:  05-03817-3F1**

CREDITOR ID: 416974-15
ALEXANDER, LORETHIA
C/O MARIE A MATTOX, PA
ATTN MARIE A MATTOX, ESQ
310 EAST BRADFORD ROAD
TALLAHASSEE FL 32303

CREDITOR ID: 416974-15
ALEXANDER, LORETHIA
RT 1, BOX 3130
MONTICELLO FL 32344

CREDITOR ID: 417044-15
ALLEN, ERNEST S
4515 STONY BROOK DRIVE
LOUISVILLE KY 40299

CREDITOR ID: 417044-15
ALLEN, ERNEST S
C/O LAW OFFICE OF MARTIN KAZDAN JR
ATTN MARTIN Z KASDAN, JR., ESQ.
STARKS BUILDING, SUITE 995
455 S FOURTH AVENUE
LOUISVILLE KY 40202

CREDITOR ID: 416923-15
ALLEN, YOLANDA
9840 SW 159 ST
MIAMI FL 33157

CREDITOR ID: 416923-15
ALLEN, YOLANDA
C/O WOLFSON & GROSSMAN, PA
ATTN RICHARD A GROSSMAN, ESQ.
11900 BISCAYNE BLVD, SUITE 760
MIAMI FL 33181

CREDITOR ID: 415980-15
ALVAREZ, JACINTA JOSEFINA
C/O EDWARD DEVERONA, PA
ATTN FAISAL TAYYAB, ESQ
2150 CORAL WAY, 4TH FL
MIAMI FL 33145

CREDITOR ID: 415980-15
ALVAREZ, JACINTA JOSEFINA
3054 NW 15TH  STREET
MIAMI FL 33125

CREDITOR ID: 415982-L1
ASHLEY, CANDI
2113 TERRY LANE
AUBURNDALE FL 33823

CREDITOR ID: 417092-15
BALBOA, OFELIA
C/O ARTURO DOPAZO III LAW OFFICES
ATTN ARTURO DOPAZO III, ESQ
9000 SW 152ND STREET, SUITE 106
MIAMI FL 33157

CREDITOR ID: 385953-54
BALL, GERALDINE
424 BOOKER ST
ALEXANDER CITY AL 35010

CREDITOR ID: 385953-54
BALL, GERALDINE
C/O ALABAMA ATTORNEYS, PC
ATTN LYDIA A WATERS
PO BOX 1028
ALEXANDER CITY AL 35011-1028

CREDITOR ID: 387224-54
BARASH, PHYLLIS
5906 LAS CALINAS CIR
LAKE WORTH, FL 33463

CREDITOR ID: 387224-54
BARASH, PHYLLIS
C/O SHELLEY B MAURICE, PA
ATTN SHELLEY B MAURICE, ESQ
11076 S MILITARY TRAIL
BOYNTON BEACH FL 33436

CREDITOR ID: 417033-15
BARKER, ROBERT M
C/O SCAFIDI CHIROPRACTIC
ATTN DR S J SCAFIDI
1451 SUITE B HWY 17 S
NORTH MYRTLE BEACH SC 29582

CREDITOR ID: 415986-L1
BARKER, ROBERT M
PO BOX 945
CHATHAM VA 24531

CREDITOR ID: 417097-15
BAYNARD, TANYA WILLIAMS
C/O CORNEL D WILLIAMS, ESQ
1506 NE 162ND STREET
NORTH MIAMI FL 33162

CREDITOR ID: 415988-L1
BEAUDRIE, KEN
765 BELLSHIRE BLVD
ORANGE PARK FL 32065

CREDITOR ID: 415988-L1
BEAUDRIE, KEN
C/O RONALD J DAVIS II, PA
ATTN RONALD J DAVIS, ESQ
4800 BEACH BLVD, SUITE 5
JACKSONVILLE FL 32207

CREDITOR ID: 415989-L1
BECERRA, ALEYDA
5607 OASIS POINT
OVIEDO FL 32765

CREDITOR ID: 416789-L1
BISHOP, MARGARET
C/O DANIEL J LEEPER & SILVIA JIMENEZ LEEPER
ATTN DANIEL J LEEPER, ESQ
5450 FIRST AVENUE NORTH, SUITE B
ST PETERSBURG FL 33710

CREDITOR ID: 415999-L1
BOYLE, DANIEL
C/O TANNEY ENO ET AL
ATTN TONY GRIFFITH, ESQ.
29605 US 19 NORTH, SUITE 210
CLEARWATER FL 33761

CREDITOR ID: 393463-55
BROWN, LEAH
C/O HARBSMEIER, DEZAYAS, ET AL
ATTN THOMAS J DEBARI, ESQ
PO BOX 6455
LAKELAND FL 33807

CREDITOR ID: 415954-15
BROWN, LOUISE
C/O VICTOR HAWK, PC
ATTN VICTOR HAWK, ESQ
338 TELFAIR STREET
AUGUSTA GA 30901

CREDITOR ID: 415954-15
BROWN, LOUISE
5976 HWY 15 NORTH
WARTHEN GA 31094

CREDITOR ID: 416008-L1
BUIGAS, MARIA ELENA
8701 SW 12TH STREET, APT 31
MIAMI FL 33174

CREDITOR ID: 411393-15
CARRASQUILLO, LUZ
624 POLYNESIAN CT
KISSIMMEE FL 34758

**Order Authorizing Debtors to Settle or Liquidate
Additional Claims Pursuant to the Claims
Resolution Procedure**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                     **CASE:   05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 416563-L1<br>CEDOTAL, ELROY L<br>C/O MCGLYNN GLISSON & KOCH<br>ATTN CHRISTOPHER GLISSON, ESQ<br>340 FLORIDA STREET<br>PO BOX 1909<br>BATON ROUGE LA 70821 | CREDITOR ID: 416563-L1<br>CEDOTAL, ELROY L<br>11007 CHERYLL DRIVE<br>DENHAM SPRINGS LA 70706 | CREDITOR ID: 416784-L1<br>CHAHBOUDAGIANTZ, LENA<br>C/O ROME ARATA & BAXLEY, LLC<br>ATTN W CHAD STELLY, ESQ<br>650 POYDRAS STREET, SUITE 2107<br>NEW ORLEANS LA 70130 |
| CREDITOR ID: 416791-L1<br>CLARK, MARGARET<br>C/O LAW OFFICE OF GREGORY WETHERALL<br>ATTN GREGORY M WETHERALL, ESQ<br>4030 MT CARMEL-TOBACCO RD, STE 122<br>CINCINNATI OH 45255 | CREDITOR ID: 389237-54<br>COBB, SRIVERA E<br>260 TURNER RD<br>WETUMPKA AL 36092 | CREDITOR ID: 394787-57<br>COOK, CHRISTY<br>C/O LOUIS C CHRISTOPHER, PA<br>ATTN LOUIS C CHRISTOPHER, ESQ<br>4865 48TH AVENUE NORTH<br>ST PETERSBURG FL 33714 |
| CREDITOR ID: 389231-54<br>COOK, EDWARD<br>40 HENRY COOK LANE<br>WETUMPKA AL 36092 | CREDITOR ID: 416924-15<br>CRAMER, COREY<br>C/O BRENDA J CRAMER, GUARDIAN<br>1150 GOFF AVENUE<br>ORANGEBURG SC 29115 | CREDITOR ID: 417087-15<br>CRAMER, COREY L<br>1150 GOFF AVENUE<br>ORANGEBURG SC 29115 |
| CREDITOR ID: 269437-18<br>CUYLER, REBECCA<br>960 LEMON STREET<br>MONTICELLO FL 32344 | CREDITOR ID: 269437-18<br>CUYLER, REBECCA<br>C/O MARIE A MATTOX, PA<br>ATTN MARIE A MATTOX, ESQ<br>310 EAST BRADFORD ROAD<br>TALLAHASSEE FL 32303 | CREDITOR ID: 416029-L1<br>DANIEL, PAMELA<br>C/O JOSEPH M TODD, PC<br>ATTN JOSEPH M TODD, ESQ<br>104 SOUTH MAIN STREET<br>JONESBORO GA 30236 |
| CREDITOR ID: 390755-55<br>DAVIS, GLORIA<br>C/O OFFICE OF JOHN A KOVARIK, PA<br>ATTN JOHN A KOVARIK, ESQ<br>224 DATURA STREET, SUITE 1013<br>WEST PALM BEACH FL 33401 | CREDITOR ID: 387305-54<br>DAYE, BARBARA<br>C/O LEE D ANDREWS LAW OFFICES<br>ATTN LEE D ANDREWS, ESQ<br>PO BOX 21472<br>GREENSBORO NC 27420 | CREDITOR ID: 387305-54<br>DAYE, BARBARA<br>605 LOWDERMILK STREET<br>GREENSBORO, NC 27401 |
| CREDITOR ID: 416973-15<br>DESSALINES, HUBERT<br>2807 TARTARY DRIVE<br>TALLAHASSEE FL 32301 | CREDITOR ID: 416973-15<br>DESSALINES, HUBERT<br>C/O MARIE A MATTOX, PA<br>ATTN MARIE A MATTOX, ESQ<br>310 EAST BRADFORD ROAD<br>TALLAHASSEE FL 32303 | CREDITOR ID: 389064-54<br>DIAZ, LISETTE<br>C/O RICHARD TROUTMAN PA<br>ATTN STEPHEN H MCNEILL, ESQ<br>1101 N KENTUCKY AVENUE<br>WINTER PARK FL 32789 |
| CREDITOR ID: 389064-54<br>DIAZ, LISETTE<br>45 SMYRNA DRIVE<br>DEBARY FL 32713 | CREDITOR ID: 416812-L1<br>DORSEY, PEGGY<br>C/O GOLDFARB GOLD GONZALEZ & WALD, PA<br>ATTN JUSTIN C LETO, ESQ<br>100 SE 2ND STREET<br>MIAMI FL 33131 | CREDITOR ID: 416663-L1<br>DOWELL, RICKEY<br>C/O LAW OFFICE OF J ZACH HIGGS<br>ATTN J ZACH HIGGS, ESQ.<br>405 FRANKLIN ST<br>HUNTSVILLE AL 35801 |
| CREDITOR ID: 416663-L1<br>DOWELL, RICKEY<br>12613 HIGHWAY 231- 431 NORTH<br>MERIDIANVILLE AL 35759 | CREDITOR ID: 390685-55<br>ELLIS, DAZZNEE M<br>C/O DORAN SHELBY PETHEL & HUDSON PA<br>ATTN KATHRYN C SETZER, ESQ.<br>122 NORTH LEE STREET<br>PO BOX 4479<br>SALISBURY NC 28145-4479 | CREDITOR ID: 416045-L1<br>EVANS, NEDRA<br>8461 NW 6TH AVENUE<br>MIAMI FL 33150 |
| CREDITOR ID: 385659-15<br>FAIR, DAMEION (MINOR)<br>47 HILLARD STREET, APT 328<br>ATLANTA, GA 30312 | CREDITOR ID: 385659-15<br>FAIR, DAMEION (MINOR)<br>C/O ANTONIO L THOMAS ASSOCIATED<br>ATTN ANTONIO L THOMAS, ESQ<br>PO BOX 54867<br>ATLANTA GA 54867 | CREDITOR ID: 392157-55<br>FERNANDEZ, YRMA<br>C/O SIMON SCHINDLER & SANDBERG, LLP<br>ATTN ANTHONY V FALZON, ESQ<br>2650 BISCAYNE BLVD<br>MIAMI FL 33137 |

SERVICE LIST
Order Authorizing Debtors to Settle or Liquidate
Additional Claims Pursuant to the Claims
Resolution Procedure

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**

**CASE:   05-03817-3F1**

CREDITOR ID: 416776-L1
FIGUEROA, JUAN
C/O BERMUDEZ HARALSON & TOME
ATTN JUAN CARLOS BERMUDEZ, ESQ
8300 NW 53RD STREET, SUITE 300
MIAMI FL 33166

CREDITOR ID: 403477-93
GO, WAH HONG
C/O LAW OFFICES ANTHONY F SANCHEZ
ATTN ANTHONY F SANCHEZ, ESQ.
ALFRED I DUPONT BLDG
169 E FLAGLER STREET, SUITE 1500
MIAMI FL 33131

CREDITOR ID: 416821-L1
GORNEY, RONALD JR
C/O LAW OFFICES OF ERIC S BLOCK, PA
ATTN ERIC S BLOCK, ESQ
6817 SOUTHPOINT PKWY, SUITE 2502
JACKSONVILLE FL 32216

CREDITOR ID: 416971-15
GREEN, WILLIE JEAN
416 SHARON ROAD
CANTON MS 39046

CREDITOR ID: 411288-15
GREGORY, BERTHA
1741 ST MATHHEWS ROAD
ORANGEBURG SC 29115

CREDITOR ID: 391191-55
HARPER, UTOPIA
C/O D HELFAND PA
ATTN DAVID A HELFAND, ESQ
ONE SE 3RD AVE, STE 2920
MIAMI FL 33131

CREDITOR ID: 416788-L1
HAYNES, LYDIA
C/O ALEX & ASSOCIATES, INC
ATTN JOSLYN R ALEX, ESQ
PO BOX 126
BREAUX BRIDGE LA 70517

CREDITOR ID: 416972-15
HOUSEHOLDER, SUSAN
C/O GOLDMAN & DASZWAL, PA
ATTN GLENN GOLDMAN, ESQ
1630 W HILLSBORO BLVD
DEERFIELD BEACH FL 33442

CREDITOR ID: 416542-L1
JIMENEZ, CONSUELO
C/O DARRIGO & DIAZ LAW OFFICES
ATTN EDUARDO JIMENEZ, ESQ
4503 N ARMENIA AVENUE, SUITE 101
TAMPA FL 33603

CREDITOR ID: 416996-15
FITZGERALD-MARHOLD, MAUREEN
C/O GRAYROBINSON, PA
ATTN J ANTHONY / S BIERNACKI, ESQS
201 N FRANKLIN STREET, SUITE 2200
TAMPA FL 33602

CREDITOR ID: 416057-L1
GOMEZ, MARINA
C/O PEDRO J FUENTES-CID LAW OFFICES
ATTN PEDRO J FUENTES-CID, ESQ
2650 BISCAYNE BLVD
MIAMI FL 33137

CREDITOR ID: 386182-54
GREEN, TOMEKIA
C/O JORGENSEN, ROMANELLO, ET AL
ATTN DANIEL J. ROMANELLO, ESQ
4455 CENTRAL AVENUE
ST PETERSBURG FL 33713

CREDITOR ID: 416971-15
GREEN, WILLIE JEAN
C/O CHARLES W WITT LAW OFFICES
ATTN CHARLES W WITT, ESQ
PO BOX 12343
JACKSON MS 39236-2343

CREDITOR ID: 416062-L1
HAAS, MARILYN J
C/O MORGAN & MORGAN, PA
ATTN BRIAN C VIGNESS, ESQ.
12800 INIVERSITY DRIVE, SUITE 600
PO BOX 9504
FT MYERS FL 33906-9504

CREDITOR ID: 386132-54
HARTSFIELD, CARLA
4206 W GREEN STREET
TAMPA, FL 33607

CREDITOR ID: 416709-L1
HENDRICKS, ALFREDA
C/O LAW OFFICES OF BURNETTI, PA
ATTN LINA M LOPEZ, ESQ
4899 BELFORT ROAD, SUITE 160
JACKSONVILLE FL 32256

CREDITOR ID: 417056-15
HUGHES, TERRI
C/O J CHRISTOPHER DEEM, PA
ATTN J CHRISTOPHER DEEM, ESQ
PO BOX 24248
TAMPA FL 33623

CREDITOR ID: 416542-L1
JIMENEZ, CONSUELO
415-1/2 NORTH CHICAGO STREET
LOS ANGELES CA 90033

CREDITOR ID: 416717-L1
FLOWERS, BARBARA
C/O NELSON LAW LLC
ATTN SANDRA LONG
25 S COURT STREET
MONTGOMERY AL 36104-3506

CREDITOR ID: 417073-15
GOODRICH, ALMA VICK
C/O DENNIS LEVINE & ASSOCIATES PA
ATTN DENNIS J LEVINE, ESQ
103 S BLVD
PO BOX 707
TAMPA FL 33601

CREDITOR ID: 386182-54
GREEN, TOMEKIA
3754 18TH TERRACE SOUTH
SAINT PETERSBURG, FL 33711

CREDITOR ID: 411288-15
GREGORY, BERTHA
C/O TOWNSEND LAW FIRM
ATTN: ZACK E TOWNSEND, ESQ
1351 AMELIA STREET NE
ORANGEBURG SC 29115

CREDITOR ID: 415963-15
HALL, SMITH, PRIM & FREEMAN, PA
ATTN BENJAMIN J FREEMAN, ESQ
360 NORTH OATES STREET
DOTHAN AL 36303

CREDITOR ID: 386132-54
HARTSFIELD, CARLA
C/O GEORGE R BREZINA, JR, PA
ATTN GEORGE R BREZINA, JR, ESQ
1915 N DALE MABRY, SUITE 300
TAMPA FL 33607

CREDITOR ID: 416988-15
HILL, CARLETHA T
2950 3RD AVENUE SOUTH
ST PETERSBURG FL 33712

CREDITOR ID: 416087-L1
JEAN, MELIA
C/O LEVINE BUSCH SCHNEPPER ET AL
ATTN SANFORD M REINSTEIN, ESQ.
9100 S DADELAND BLVD, STE 1010
MIAMI FL 33156

CREDITOR ID: 416833-L1
JOHNSON, TERESA
C/O BRENT ADAMS & ASSOCIATES
ATTN BRENT ADAMS, ESQ
4208 SIX FORKS ROAD, SUITE 360
RALEIGH NC 27609

**SERVICE LIST**
**Order Authorizing Debtors to Settle or Liquidate**
**Additional Claims Pursuant to the Claims**
**Resolution Procedure**

**DEBTOR:   WINN-DIXIE STORES, INC., ET AL.**                           **CASE:  05-03817-3F1**

CREDITOR ID: 416833-L1
JOHNSON, TERESA
C/O BRENT ADAMS & ASSOCIATES
ATTN BRENTON D ADAMS, ESQ.
119 LUCKNOW SQUARE
PO BOX 1389
DUNN NC 28335

CREDITOR ID: 416995-15
JONES, BETTY
C/O JOSEPH PACK, ESQ
135 SE 5TH AVENUE, SUITE 200
DELRAY BEACH FL 33483-4258

CREDITOR ID: 416093-L1
JONES, ELIZABETH
C/O LAW OFFICE OF WOODBURN S WESLEY
ATTN WOODBURN S WESLEY, ESQ
88 NE EGLIN PARKWAY
FORT WALTON BEACH FL 32548

CREDITOR ID: 156316-09
JONES, MARIA F
168 SUMERLIN RD
HIGHLAND HOME AL 36041-3908

CREDITOR ID: 156316-09
JONES, MARIA F
C/O DONOHOE & STAPLETON, LLC
ATTN CATHY B DONOHOE, ESQ
2781 ZELDA ROAD
MONTGOMERY AL 36106

CREDITOR ID: 416097-L1
KIDD, NORMA
C/O LEHRMAN & LEHRMAN, PA
ATTN SETH LEHRMAN, ESQ
1801 NORTH PINE ISLAND RD, STE 103
PLANTATION FL 33322

CREDITOR ID: 416934-15
KINLEY, LUPE
C/O RUE & ZIFFRA, PA
ATTN ALLAN ZIFFIA, ESQ
632 DUNLAWTON AVENUE
PORT ORANGE FL 32127

CREDITOR ID: 411422-15
LACROIX, BRIGITTE
C/O GEFEN & D'AMBROSIO
ATTN JOSEPH P D'AMBROSIO, ESQ
2255 GLADES ROAD, SUITE 236W
BOCA RATON FL 33431

CREDITOR ID: 417066-15
LENHART, HILTRUD
C/O ZHUKOVA LAW, LLC
ATTN DANA ZHUKOVA, ESQ
PO BOX 5310
NAVARRE FL 32566

CREDITOR ID: 416752-L1
LEWIS, ESSIE MAE
C/O MCPHILLIPS SHINBAUM,  LLP
ATTN KAREN S RODGERS, ESQ
516 SOUTH PERRY STREET
MONTGOMERY AL 36104

CREDITOR ID: 391218-55
LEWIS, TIFFANY
C/O OFFICE OF HAROLD L EHRENBERG
ATTN HAROLD L EHRENBERG, ESQ
2113 VETERANS BLVD
METAIRIE LA 70002

CREDITOR ID: 416109-L1
LODTZ, ALICE (SUBROGEE)
406 DOUGLAS AVENUE
CRYSTAL LAKE IL 60014

CREDITOR ID: 416109-L1
LODTZ, ALICE (SUBROGEE)
C/O COGHLAN KUKANKOS COOK LLC
ATTN FRANK STEPNOWSKI, ESQ
55 W WACKER, SUITE 1210
CHICAGO IL 60601-1612

CREDITOR ID: 388548-54
LOPICCOLO, ANNA
7218 WEST JUDGE PEREZ DRIVE
ARABI, LA 70032

CREDITOR ID: 388548-54
LOPICCOLO, ANNA
C/O DYSART & TABARY LLC
ATTN JOHN J. FINCKBEINER, ESQ
327 EXCHANGE PLACE
NEW ORLEANS LA 70130

CREDITOR ID: 416507-L1
MAGEE, ANGELA
C/O PITTMAN GERMANY ROBERTS & WELSH
ATTN JOSEPH E ROBERTS, JR, ESQ.
PO BOX 22985
JACKSON MS 39225

CREDITOR ID: 416507-L1
MAGEE, ANGELA
C/O EUGENE C TULLOS LAW OFFICE
ATTN EUGENE C TULLOS, ESQ
PO BOX 74
RALEIGH MS 39153

CREDITOR ID: 416121-L1
MARSHALL, TRACEY
1122 69TH STREET
TAMPA FL 33619

CREDITOR ID: 416121-L1
MARSHALL, TRACEY
C/O STEPAKOFF LAWFIRM, P.A.
ATTN MICHAEL G STEPAKOFF, ESQ
8370 W HILLSBOROUGH AVE, SUITE 208
TAMPA FL 33615

CREDITOR ID: 416736-L1
MARTIN, CLINTON
C/O CHRISTMAS Y GREEN, PA
ATTN CHRISTMAS Y GREEN, ESQ
404 SELMA AVENUE
SELMA AL 36701

CREDITOR ID: 394307-56
MCCANN, PEARLIE
HUDGINS LAW FIRM
ATTN DREW BEN HUDGINS, ESQ
38453 FIFTH AVENUE
ZEPHYRHILLS FL 33542

CREDITOR ID: 400107-84
MCCANN, PEARLIE
32305 BLANTON RD
DADE CITY FL 33525

CREDITOR ID: 400107-84
MCCANN, PEARLIE
HUDGINS LAW FIRM
ATTN DREW BEN HUDGINS, ESQ
38453 FIFTH AVENUE
ZEPHYRHILLS FL 33542

CREDITOR ID: 394307-56
MCCANN, PEARLIE
32305 BLANTON RD
DADE CITY FL 33525

CREDITOR ID: 387111-54
MCKINNEY, CAROLYN
STAR ROUTE BOX 25
BELEFONTAINE, MS 39737

CREDITOR ID: 416818-L1
MCMILLAN, ROBBIE
C/O LAW OFFICE OF RONALD TANET
ATTN RONALD TANET, ESQ
1615 POYDRAS STREET, SUITE 850
NEW ORLEANS LA 70112

CREDITOR ID: 416664-L1
MCMILLAN, ROBBIE
44506 BRAUD ST
SORRENTO LA 70778

SERVICE LIST
Order Authorizing Debtors to Settle or Liquidate
Additional Claims Pursuant to the Claims
Resolution Procedure

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**　　　　　　　　　　　　　　**CASE:  05-03817-3F1**

CREDITOR ID: 417098-15
MENDOZA, MIRNA
C/O CORNEL D WILLIAMS, ESQ
1506 NE 162ND STREET
NORTH MIAMI BEACH FL 33162

CREDITOR ID: 416136-L1
MIRTH, GAIL
2928 NW 64TH STREET
MIAMI FL 33147

CREDITOR ID: 416568-L1
MONROE, EVERGREEN
C/O THE CANNON LAW FIRM
ATTN CRAIG J CANNON, ESQ
PO BOX 1986
OCALA FL 34478-1986

CREDITOR ID: 416568-L1
MONROE, EVERGREEN
603 SE 15 DRIVE
GAINESVILLE FL 32641

CREDITOR ID: 405956-15
MORALES, MIGUELINA
C/O FINDER & FINDER PA
ATTN R MICHAEL O'DONNELL, ESQ
3 HARVARD CIRCLE, SUITE 100
WEST PALM BEACH FL 33409

CREDITOR ID: 417064-93
MORMAN, KENYETTA C
C/O COKER MYERS SCHICKEL ET AL
ATTN R ALEXANDER, ESQ/S POHLHAMMER
BAYWATER SQUARE BLVD
136 E BAY STREET
JACKSONVILLE FL 32202

CREDITOR ID: 416140-L1
MORRIS, CHANDA D
C/O BERNARD & ANGELLE
ATTN MICKEY MASON, ESQ
234 ST LANDRY STREET, SUITE 2-F
LAFAYETTE LA 70506

CREDITOR ID: 394728-57
MORRIS, SUSAN
8045 SW 107 AVENUE #306
MIAMI FL 33173

CREDITOR ID: 417068-15
MOSS, ADRIAN
24990 SW 126 COURT
PRINCETON FL 33032

CREDITOR ID: 417069-15
MOSS, NICAYA
6296 NW 170TH LANE
MIAMI FL 33015

CREDITOR ID: 394265-56
MOYER, JO ANN
12625 SW 28TH ST
MIAMI, FL 33175

CREDITOR ID: 256762-12
MSL NORTH INC
C/O CMC, INC
ATTN BILL CRONA, PRES
1415 TIMERLANE RD, STE 217
TALLAHASSEE FL 32312

CREDITOR ID: 416764-L1
MUNIZ-SILVA, ILDA
1906 SE 7TH STREET
CAPE CORAL FL 33990

CREDITOR ID: 416785-L1
O'NEIL, LOU E
C/O DONALD L MAYEUX, PA
ATTN DONALD L MAYEUX, ESQ
211 N SECOND STREET
PO BOX 1460
EUNICE LA 70535

CREDITOR ID: 393036-55
PARKER, JOSEPH R
C/O PAMELA JO HATLEY PA
ATTN PAMELA JO HATLEY, ESQ
PO BOX 47477
TAMPA FL 33647

CREDITOR ID: 392898-55
PARSONS, JUDY
C/O MICHAEL LARRINAGA LAW OFFICE
ATTN MICHAEL LARRINAGA, ESQ
5025 EAST FOWLER AVE STE 14
TAMPA FL 33617

CREDITOR ID: 417045-15
PHELAN, WENDY
C/O ALABAMA ATTORNEYS, PC
ATTN LYDIA A WATERS
PO BOX 1028
ALEXANDER CITY AL 35011-1028

CREDITOR ID: 417045-15
PHELAN, WENDY
588 CENTER STREET
ALEXANDER CITY AL 35010

CREDITOR ID: 416958-15
PHILLIPS, LINDA
C/O LEVINE BUSCH ET AL
ATTN SANFORD M REINSTEIN, ESQ
9100 SOUTH DADELINE BLVD, STE 1010
MIAMI FL 33156

CREDITOR ID: 392850-55
POWERS, JENNIFER
C/O OFFICES OF JAMES RICHARD HOOPER
ATTN EDUARDO RODRIGUEZ, ESQ
PO BOX 540509
ORLANDO FL 32854-0509

CREDITOR ID: 416948-15
RABAGO, ANA MARIA
484 E 48TH STREET
HIALEAH FL 33013

CREDITOR ID: 416948-15
RABAGO, ANA MARIA
C/O MARIO SERRALTA & ASSOCIATES
ATTN MARIO SERRALTA, ESQ
150 W FLAGER STREET, SUITE 2020
MIAMI FL 33130

CREDITOR ID: 388422-54
RAINES, BETTY
2341 BEULAH AVE SW
BIRMINGHAM, AL 35211

CREDITOR ID: 388422-54
RAINES, BETTY
C/O LAW OFFICE OF MICHAEL A HENSLEY
ATTN MICHAEL A HENSLEY, ESQ.
205 N 20TH STREET, SUITE 508
BIRMINGHAM AL 35203

CREDITOR ID: 416787-L1
RAMOS, LUZ
C/O CARLOS A VELASQUEZ, PA
ATTN CARLOS A VELASQUEZ, ESQ
101 N PINE ISLAND ROAD, SUITE 201
PLANTATION FL 33324

CREDITOR ID: 416598-L1
RISSIOTIS, JULIE
C/O ALLDREDGE & JONES
ATTN DONALD R JONES, ESQ
4914 SW 72ND AVENUE
MIAMI FL 33155

CREDITOR ID: 392642-55
ROCKWEILER, ANTHONY
C/O SILVESTRI & MASSICOT
ATTN ANTHONY MARINARO, ESQ
3914 CANAL STREET
NEW ORLEANS LA 70119

SERVICE LIST
**Order Authorizing Debtors to Settle or Liquidate**
**Additional Claims Pursuant to the Claims**
**Resolution Procedure**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                                   **CASE:   05-03817-3F1**

CREDITOR ID: 417060-15
RUSHTON, ANDREA
C/O LAWRENCE J MARRAFFINO, PA
ATTN LAWRENCE J MARRAFFINO, ESQ
3312 W UNIVERSITY AVENUE
GAINESVILLE FL 32607

CREDITOR ID: 416743-L1
SANCHEZ, DAVID
C/O ZAPPITELL & KAPRAL, PA
ATTN STEPHEN M KAPRAL, JR, ESQ
5355 TOWN CENTER ROAD, SUITE 1105
BOCA RATON FL 33486

CREDITOR ID: 387901-54
SANCHEZ, PEDRO (MINOR)
C/O PEDRO &  WANDA SANCHEZ
18103 SW 149TH PLACE
MIAMI, FL 33187

CREDITOR ID: 387901-54
SANCHEZ, PEDRO (MINOR)
C/O ORLANDO R RUIZ LAW OFFICES
ATTN ORLANDO R RUIZ, ESQ
7695 SW 104TH STREET, SUITE 200
MIAMI FL 33156

CREDITOR ID: 417089-15
SANCHEZ, ROSA
C/O V CAVE, CPA
ATTN VIRGINIA CAVE
13350 SW 128 STREET
MIAMI FL 33186

CREDITOR ID: 416716-L1
SCOTT, AUDRA
C/O GAUDIN AND GAUDIN
ATTN PIERRE F GAUDIN, ESQ
1088 FOURTH STREET
PO BOX 156
GRETNA LA 70053

CREDITOR ID: 416799-L1
SERAILLE, MELISSA
C/O LAW OFFICE OF DONALD L MAYEUX
ATTN DONALD MAYEUX, ESQ
211 N SECOND STREET
PO BOX 1460
EUNICE LA 70535

CREDITOR ID: 416564-L1
SHELTON, ERNESTINE H
3618 BARRINGTON PLACE
DECATUR GA 30032

CREDITOR ID: 416170-L1
SILVA, DELIA &/OR PEREZ, EDUARDO
151 CRANDON BLVD, APT 1020
KEY BISCAYNE FL 33149

CREDITOR ID: 411418-15
SIMMONS, MAXINE
PO BOX 1356
CALLAHAN FL 32011

CREDITOR ID: 411418-15
SIMMONS, MAXINE
C/O EDWARD P JACKSON, PA
ATTN EDWARD P JACKSON, ESQ
255 N LIBERTY STREET
JACKSONVILLE FL 32202

CREDITOR ID: 393052-55
SIMPSON, DEBRA
1912 PHILLIPS AVE, APT L
GREENSBORO NC 27405

CREDITOR ID: 393052-55
SIMPSON, DEBRA
C/O LEE D ANDREWS LAW OFFICES
ATTN LEE D ANDREWS, ESQ
PO BOX 21472
GREENSBORO NC 27420

CREDITOR ID: 386038-54
SINCLAIR, YOLANDA
3570 WILLOW TREE TRACE
DECATUR GA 30034

CREDITOR ID: 416662-L1
SIZEMORE, RAY S
6537 SUTHERLAND AVENUE
NEW PORT RICHEY FL 34652

CREDITOR ID: 416180-L1
SMITH, ODESSA
3921 NC HWY 65
REIDSVILLE NC 27320

CREDITOR ID: 416826-L1
SMITH, SHARING
C/O LAW OFFICES OF WILLIAM F SOUZA
ATTN CHAD C HASTINGS, ESQ
155 NW 167TH STREET, PH
NORTH MIAMI BEACH FL 33169

CREDITOR ID: 392338-55
SMITH, TARA
BLDG 38, APT 525
2135 GODBY ROAD
COLLEGE PARK GA 30349

CREDITOR ID: 416182-L1
SPARKS, CINDY
C/O DELLECKER, WILSON & KING,  PA
ATTN KENNETH S MCKENNA, ESQ
719 VASSAR STREET
ORLANDO FL 32804

CREDITOR ID: 416184-L1
SPARKS, KHARI
C/O DELLECKER, WILSON & KING,  PA
ATTN KENNETH S MCKENNA, ESQ
719 VASSAR STREET
ORLANDO FL 32804

CREDITOR ID: 416185-L1
SPRUILL, CALVIN JR
C/O JOSEPH PACK LAW OFFICE
ATTN JOSEPH PACK, ESQ
135 SE 5TH AVENUE
DELRAY BEACH FL 33484

CREDITOR ID: 416185-L1
SPRUILL, CALVIN JR
225 NW SEVENTH AVE
DELRAY BEACH FL 33444

CREDITOR ID: 416967-15
ST PAUL TRAVELERS
ATTN RICHARD J MEASE, CLAIM REP
PO BOX 12647
READING PA 19612-2647

CREDITOR ID: 416945-15
STAMPER, REVA JO
C/O RICHARD H NASH, III, ESQ
235 SOUTH FIFTH STREET
LOUISVILLE KY 40202

CREDITOR ID: 416530-L1
STANLEY, CARRIE
C/O CLARK HALL LAW OFFICE
ATTN CLARK HALL, ESQ
924 3RD AVENUE
GADSDEN AL 35901

CREDITOR ID: 416530-L1
STANLEY, CARRIE
15 COMNOCK AVENUE
GADSDEN AL 35902

CREDITOR ID: 417057-15
STEWART, CINDY REED
C/O EUBANKS & BARRETT
ATTN JAMES FASIG, ESQ.
259 E 7TH AVENUE
TALLAHASSEE FL 32303

SERVICE LIST
Order Authorizing Debtors to Settle or Liquidate
Additional Claims Pursuant to the Claims
Resolution Procedure

**DEBTOR: WINN-DIXIE STORES, INC., ET AL.**                          **CASE: 05-03817-3F1**

CREDITOR ID: 417057-15
STEWART, CINDY REED
3029 BANKS ROAD
TALLAHASSEE FL 32308

CREDITOR ID: 417104-15
STRICKLAND, LORRAINE C
1417 INDEPENDENCE WAY
MARIETTA GA 30062

CREDITOR ID: 390642-55
SWAIN, JANICE
C/O JAMES RICHARD HOOPER LAW OFFICE
ATTN EDUARDO RODRIGUEZ, ESQ
PO BOX 540509
ORLANDO FL 32854-0509

CREDITOR ID: 416200-L1
THOMAS, RONALD
C/O JOSEPH M WILLIAMS, PA
ATTN JOSEPH M WILLIAMS, ESQ
1701 JAMES L REDMAN PKWY
PLANT CITY FL 33567

CREDITOR ID: 416203-L1
TUCKER, KIA
601 WILBURN AVENUE, APT D
LAGRANGE GA 30240

CREDITOR ID: 416683-L1
UDOINYION, SUNDAY N
PO BOX 80903
CHAMBLEE GA 30366

CREDITOR ID: 417101-15
URBANO, ANNA
C/O OFFICES OF RALPH L MCGRATH, PA
ATTN RALPH L MCGRATH JR, ESQ
600 S ANDREWS AVENUE, SUITE 600
FT LAUDERDALE FL 33301

CREDITOR ID: 417101-15
URBANO, ANNA
8970 WEST FLAGER STREET, SUITE 203
MIAMI FL 33174

CREDITOR ID: 417100-15
URBANO, JOSE & ANNA
C/O OFFICES OF RALPH L MCGRATH, PA
ATTN RALPH L MCGRATH JR, ESQ
600 S ANDREWS AVENUE, SUITE 600
FT LAUDERDALE FL 33301

CREDITOR ID: 417100-15
URBANO, JOSE & ANNA
300 SW 79TH AVENUE
MIAMI FL 33144

CREDITOR ID: 416206-L1
USSA, RUBY
C/O DENNIS PHILLIPS. PA
ATTN DENNIS M PHILLIPS, ESQ
600 N PINE ISLAND RD, STE 450
PLANTATION FL 33324

CREDITOR ID: 416208-L1
VANBUREN, BETTY J
C/O JOHNSON & ASSOCIATES
ATTN GRETA R JOHNSON, ESQ
PO BOX 356
JACKSON MS 39205

CREDITOR ID: 411412-15
VELASQUEZ, BLANCA
C/O SIMON SCHINDLER & SANDBERG, LLP
ATTN ANTHONY V FALZON, ESQ
2650 BISCAYNE BLVD
MIAMI FL 33137

CREDITOR ID: 415953-15
VELAZQUEZ , CRISTINA
C/O THE PENDAS LAW FIRM
ATTN LOU PENDAS, ESQ
4700 MILLENIA BLVD, STE 150
ORLANDO FL 32839

CREDITOR ID: 416962-15
VITARELLI, JAMES
C/O HARDESTY TYDE & GREEN PA
ATTN W MARC HARDESTY, ESQ
4004 ATLANTIC BLVD
JACKSONVILLE FL 32207

CREDITOR ID: 416214-L1
VITARELLI, PEGGY
C/O HARDESTY & TYDE PA
ATTN W MARC HARDESTY, ESQ
4004 ATLANTIC BLVD
JACKSONVILLE FL 32207

CREDITOR ID: 416835-L1
VOLCE, THIAS
C/O CELESTE & ASSOCIATES, PA
ATTN MICHAEL J CELESTE, JR, ESQ
580 VILLAGE BLVD
BRANDYWINE CENTRE, SUITE 315
WEST PALM BCH FL 33409

CREDITOR ID: 416535-L1
VOLCY, CHRISLENE
57 BOXTON LANE
BOYNTON BEACH FL 33426

CREDITOR ID: 404038-15
VOLOVECKY, VERA
C/O WILKINS BANKESTER BILES & WYNNE
ATTN BRIAN BRITT/MARION WYNNE, ESQS
PO BOX 1367
FAIRHOPE AL 36533

CREDITOR ID: 391907-55
WALKER, GLORIA
C/O CHARLES H COHEN, PA
ATTN CHARLES COHEN, ESQ
2856 E OAKLAND PARK BLVD
FT LAUDERDALE FL 33306

CREDITOR ID: 416219-L1
WALLACE, CASSIE AARON
C/O HOFFMAN LARIN & AGNETTI, PA
ATTN RICHARD LARIN, ESQ.
909 N MIAMI BEACH BLVD, STE 201
MIAMI FL 33162

CREDITOR ID: 416770-L1
WALTER, JANIS E
C/O LOGAN THOMPSON MILLER ET AL
ATTN JIMMY W BILBO, ESQ
30 SECOND STREET
PO BOX 191
CLEVELAND TN 37364-0191

CREDITOR ID: 417077-15
WALTERS, RUTH
C/O MCPHILLIPS SHINBAUM, LLP
ATTN JULIAN MCPHILLIPS, JR, ESQ
PO BOX 64
MONTGOMEY AL 36101

CREDITOR ID: 417062-15
WATSON, MARY
C/O BURNETTI, PA
ATTN DAVID C DISMUKE, ESQ
211 SOUTH FLORIDA AVENUE
LAKELAND FL 33801-4621

CREDITOR ID: 416935-15
WAUSAU BENEFITS INC, SUBROGEE
OF PAULINE BRAZIEL
C/O J W HUTTON, INC
ATTN JUDY WILLIAMSON
700 W MAIN STREET, PO BOX 146
ST CHARLES IA 50240-0146

CREDITOR ID: 416981-15
WHIBBS & WHIBBS, PA & VERKON, S
C/O WHIBBS & WHIBBS, PA
ATTN MICHAEL C RAYBOUN, ESQ
105 E GREGORY SQUARE
PENSACOLA FL 32502

CREDITOR ID: 416652-L1
WHITFIELD, PATSY
PO BOX 962419
RIVERDALE GA 30296

**SERVICE LIST**

**Order Authorizing Debtors to Settle or Liquidate**
**Additional Claims Pursuant to the Claims**
**Resolution Procedure**

**DEBTOR:    WINN-DIXIE STORES, INC., ET AL.**                        **CASE:   05-03817-3F1**

CREDITOR ID: 416985-15
WIGGINS, RALPH
C/O BLAKE R MAISLIN, LLC
ATTN RANDY BYRD, ESQ
214 E 9TH STREET, 5TH FLOOR
CINCINNATI OH 45202

CREDITOR ID: 416735-L1
WILLIAMS, CLEAVON (MINOR)
C/O DYSART & TABARY, LLP
ATTN JOHN J FINCKBEINER, JR
THREE COURTHOUSE SQUARE
CHALMETTE LA 70043

CREDITOR ID: 416735-L1
WILLIAMS, CLEAVON (MINOR)
C/O DYSART & TABARY LLC
ATTN JOHN J. FINCKBEINER, ESQ
327 EXCHANGE PLACE
NEW ORLEANS LA 70130

CREDITOR ID: 416796-L1
WILLIAMS, MARY LOUISE
C/O CLEMENS & CLEMENS, PC
ATTN J CHRISTOPHER CLEMENS, ESQ
231 BOULEVARD
SALEM VA 24153

CREDITOR ID: 416794-L1
YOUNG, MARSHAINA (MINOR)
C/O SEBRING LAW
ATTN HAROLD L SEBRING III, ESQ
2529 W BUSCH BLVD, SUITE 100
TAMPA FL 33618

CREDITOR ID: 416761-L1
ZAPATA, GLORIA
C/O KARMIN ADLER & PADOWITZ
ATTN MICHAEL A FEINER, ESQ
300 SE 2ND STREET, SUITE 860
FORT LAUDERDALE FL 33301

**Total:   195**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**ORDER AUTHORIZING DEBTORS TO**
**SETTLE OR LIQUIDATE ADDITIONAL CLAIMS**
**PURSUANT TO THE CLAIMS RESOLUTION PROCEDURE**

These cases came before the Court on January 19, 2006 on the motion of Winn-Dixie

Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for

an order authorizing the Debtors to settle or liquidate additional claims pursuant to the

Claims Resolution Procedure (Docket No. 4869)(the "Motion").  Upon consideration, it is

ORDERED AND ADJUDGED:

1.     The Motion is granted.

2.     The Debtors are authorized to liquidate or settle Additional Litigation Claims[1]

through direct negotiation or alternative dispute resolution pursuant to the terms of this

Order, the Claims Resolution Procedure as approved by this Court's September 1, 2005

Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or

Liquidate Certain Litigation Claims (Docket No. 3326) (the "Claims Resolution Procedure

Order"), and this Court's October 7, 2005 Order Authorizing Debtors to Settle or Liquidate

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

Certain Litigation Claims with Cash Payments (Docket No. 3838) (the "Cash Payment Order").

3.     The Debtors are authorized to initiate the Claims Resolution Procedure with respect to the holder of any Additional Litigation Claim by serving such claimant with copies of (i) this Order, (ii) the Claims Resolution Procedure and (iii) the Questionnaire.  The Debtors are permitted to modify the date references in the Claims Resolution Procedure and the Questionnaire without further order of the Court as necessary to make the application of the Claims Resolution Procedure practicable as to each Additional Litigation Claim during the pendency of these Chapter 11 cases, provided that such date references are substantially the same as the time requirements established under the Claim Resolution Procedure approved by the Claims Resolution Procedure Order.

4.     Upon service of this Order, the Claims Resolution Procedure and the Questionnaire upon a Claimant, the Claims Resolution procedure shall be binding on such Claimant.

5.     If a Claimant fails to return the fully completed Questionnaire by such date set forth in the Claims Resolution Procedure and Questionnaire as modified by the Debtors pursuant to this Order, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge such Claimant's proof of claim with respect to the applicable Litigation Claim.

6.     No Claimant shall be entitled to relief from the automatic stay to establish, liquidate or otherwise engage in any collection of a Litigation Claim from the Debtors or any Third Party Indemnitor until such Claimant has exhausted the Claims Resolution Procedure.

7.      Nothing in this Order is intended to, nor will this Order be deemed to, alter any requirements under any insurance policies (the "Insurance Policies") or to limit or otherwise prejudice any Third Party Indemnitor's rights or defenses, all of which are expressly reserved, and the Debtors shall continue to comply with the Insurance Policies. Moreover, the implementation of the Claims Resolution Procedure by the Debtors shall not be deemed a breach of any Insurance Policy or agreement with any Third Party Indemnitor. In accordance with the terms of the applicable Insurance Policy or the agreement with a Third Party Indemnitor, and if required with respect to any aspect of the Claims Resolution Procedure, the Debtors shall not liquidate or settle any claim that involves a Third Party Indemnitor, without notice to the Third Party Indemnitor, without providing an opportunity for such Third Party Indemnitor to be involved in the settlement discussions or alternative dispute resolution procedure and providing the Third Party Indemnitor an opportunity to approve such settlement or to consent to such settlement.

8.      The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.

9.      Nothing in this Order is intended to, nor will this Order be deemed to, obviate the need for any Claimant to file a proof of claim in compliance with the applicable bar date order.

10.     Except as expressly modified by this Order, the provisions of the Claims Resolution Procedure Order and Cash Payment Order remain in full force and effect.

11.     The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.


Jerry A. Funk
United States Bankruptcy Judge

516707

4

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

## CLAIMS RESOLUTION PROCEDURE

Only Eligible Claimants (as hereinafter defined) are entitled to participate in this Claims Resolution Procedure. The Debtors reserve the right, however, to exclude any person from participation in this Claims Resolution Procedure at any time in their sole and absolute discretion. If you have a Litigation Claim against one or more of the Debtors or any Related Non-Debtor Party, it is important that you read and comply with the procedures set forth below; your failure to do so may result in disallowance of your Litigation Claim. **If you have a lawyer, you should consult with your lawyer.**

    1.    **Definitions.**

"Agreed Order of Resolution" means the form of Agreed Order attached as <u>Exhibit 2</u> which will set forth an agreed resolution or settlement of the disputes between the Debtors and the Claimant concerning a Litigation Claim.

"Arbitration" means an arbitration conducted pursuant to the procedures described in Section 6 herein.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

"Authorized Payment" means direct payment, in cash, by the Debtors for any Litigation Claim settled in the amount equal to or less than $5,000, up to an aggregate cap of $5,000,000.

"Automatic Stay" means the automatic stay imposed by Section 362(a) of the Bankruptcy Code.

"Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended from time to time.

"Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida.  The address of the Bankruptcy Court is 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202.

"Bar Date" means August 1, 2005, the last date by which Proofs of Claim evidencing Litigation Claims may be timely filed, or such other special bar date as may be applicable to a particular Claimant.

"Claimant" means the person asserting a Litigation Claim.

"Claims Resolution Procedure" means this Claims Resolution Procedure for Litigation Claims set forth herein as approved by the Bankruptcy Court.

"Committees" means the Official Unsecured Creditors' Committee, and any other committees appointed by the U.S. Trustee or the Bankruptcy Court in this case, collectively.

"Cost of Mediation" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the mediator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Cost of Arbitration" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the arbitrator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Counsel for the Debtors" means Smith Hulsey & Busey.

"Creditors' Committee" means the Official Unsecured Creditors' Committee.

"Debtor" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates identified in footnote 1, as debtors and debtors-in-possession, whose Chapter 11 bankruptcies are jointly administered by the Bankruptcy Court as Case No. 05-03817-3F1.

"Defenses" means all legal or equitable defenses to a Litigation Claim that the Debtors or a Related Non-Debtor Party are entitled to raise under applicable law and all defenses to coverage that a Third Party Indemnitor is entitled to raise under an Insurance Policy, an agreement or applicable law.

"Eligible Claimant" means a Claimant who has timely filed a Proof of Claim evidencing a Litigation Claim, but does not include an insider of the Debtors as such term is defined in Section 101(31)(B) of the Bankruptcy Code.

"Federal Rules of Bankruptcy Procedure" means the Federal Rules of Bankruptcy Procedure and official forms, and the Local Rules of Bankruptcy Procedure for the Middle District of Florida, including amendments in effect from time to time.

"Final Order" means an order of the Bankruptcy Court or other court as to which the time to appeal has expired and as to which no appeal is pending or, if an appeal has been timely taken, the order has been affirmed and is no longer subject to appeal.

"Insurance Policy" means any and all insurance policies between an Insurer and a Debtor which provides coverage for Litigation Claims.

"Insurer" means the liable party under an Insurance Policy.

"Judgment Claim Claimant" means any Claimant that held a judgment against the Debtors on account of a Litigation Claim as of February 21, 2005 and as to which an appeal was pending as of the Petition Date.

"Litigation Claim" means every claim against any of the Debtors or their agents which arose on or before the Petition Date for (i) personal injury or property damage, including, but not limited to, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws).

"Mediation" means the mediation conducted pursuant to the procedures described in Section 5 herein.

"Mediation/Arbitration Organization," means, in its singular or plural form, all mediation/arbitration organizations employed by the Debtors in accordance with Section 5 herein.

"Notice of Agreed Order of Resolution" means the form of Notice attached as Exhibit 1, which the Debtors will serve in conjunction with the filing of each Agreed Order of Resolution concerning the settlement of any Litigation Claim in excess of $50,000.

"Notice Parties" means the Creditors' Committees, the Debtors' post-petition lenders, the United States Trustee and all other parties which are entitled to notices in these cases.

"Petition Date" means February 21, 2005, the date these Chapter 11 cases were commenced.

"Proof of Claim" means a written document filed in compliance with the Bankruptcy Court order dated April 28, 2005 and special bar dates established by the Debtors, and in the form required by such Court order.

"Questionnaire" means the document, in the form attached as <u>Exhibit 3</u>, to be served by a Claimant upon the Debtors that is used, <u>inter</u> <u>alia</u>, to collect certain information about the Claimant's Litigation Claim.

"Referral Notice" means the form of notice that is to be filed and served by the Debtors in order to refer a particular Litigation Claim to Mediation.

"Related Non-Debtor Party" means any current or former agent, representative or employee of a Debtor to the extent required to be indemnified by a Debtor or any other party required to be indemnified by a Debtor.

"Reply" means the document to be served by the Claimant in reply to the Response Statement.  The Reply may accept the settlement proposal, if any, made by the Debtors.

"Response Statement" means the statement to be served by the Debtors, in response to a Claimant's Questionnaire, which Response Statement may include a settlement proposal to the Claimant.

"Small Claims Claimant" means any Claimant with a Litigation Claim that the Debtors have identified as being equal to $5,000 or less.

"Settlement Agreement" means the agreement that must be executed by the Claimant with respect to any settlement of that person's Litigation Claim.

"Third Party Indemnitor" means a person or entity that is liable under applicable non-bankruptcy law to indemnify the Debtors for a Litigation Claim, including an Insurer under an Insurance Policy.

## 2.      Summary of Claims Resolution Procedure.

The Claims Resolution Procedure is intended to accelerate the settlement or liquidation of Litigation Claims against the Debtors.  In general, the Debtors are self insured for an initial $2 million per occurrence.  If you have a Litigation Claim, you <u>must</u> follow these Procedures as a prerequisite for any stay relief you might seek.  The Debtors, the Third Party Indemnitors (if applicable), and the Eligible Claimants each shall communicate with

the other parties and negotiate in good faith in an attempt to reach an agreement for the release, payment or compromise of Litigation Claims.

No Eligible Claimant will have any right to compel the Debtors to undertake Mediation or Arbitration of such Claimant's Claim and, similarly, the Debtors shall have no right to compel any Eligible Claimant to undertake Mediation or Arbitration of any Claimant's Claim, provided however, once a non-requesting party consents to binding arbitration neither party may unilaterally terminate such proceedings.

### 3.    Offer-Exchange Process

#### A.    The Questionnaire

The Debtors will serve each Eligible Claimant, except Judgment Claim Claimants, with copies of (i) the Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure, (ii) the Claims Resolution Procedure and (iii) the Questionnaire, thereby initiating the offer-exchange process.  Except as otherwise provided for herein with respect to Judgment Claim Claimants, each Claimant shall serve a completed Questionnaire upon the Debtors within 30 days of the postmark date on the envelope in which the questionnaire was mailed to the Claimant (the "Questionnaire Due Date").  In the event that an Eligible Claimant does not serve the Questionnaire upon the Debtors by the Questionnaire Due Date, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge such Claimant's proof of claim with respect to the applicable Litigation Claim.

#### B.    The Response Statement

As soon as practicable after the Debtors receive the Questionnaire, the Debtors, after appropriate consultation and consent by the Third Party Indemnitor, if applicable, shall determine what response to the Litigation Claim is appropriate.  The Debtors shall serve each Eligible Claimant that has timely returned a Questionnaire (or Claimant's counsel, if one has been identified), with a Response Statement, within 45 days of the Debtors' receipt of the Questionnaire, which shall state whether:

          (1)     the amount demanded in the Questionnaire is accepted; or

          (2)     the Litigation Claim is disputed; or

          (3)     the Litigation Claim is disputed but stating the terms and conditions of a settlement that would be acceptable to the Debtors and any Third Party Indemnitor, if applicable, including a description of key Defenses and any third-party claims.

If the Debtors accept the amount demanded in the Questionnaire or make a counter-offer in the Response Statement, then the Debtors may provide the Eligible Claimant with a form of Settlement Agreement.

5

C.      The Reply

Within 30 days of the postmark date on the envelope in which the Response Statement was mailed to the Claimant, each Eligible Claimant shall either (i) serve a written Reply to the Response Statement on the Debtors, and any Third Party Indemnitor identified in the Response Statement, or (ii) request Mediation or Arbitration.  An Eligible Claimant's Reply, if any, shall either accept or reject any settlement proposal in the Response Statement. If the Debtors consent to Mediation or Arbitration such proceeding shall be conducted as provided for in Sections 5 and 6 below.  If the Debtors do not consent to Mediation or Arbitration, then an Eligible Claimant who has otherwise complied with the offer-exchange process shall be entitled to seek relief from the automatic stay as provided in Section 7 below.

If an Eligible Claimant accepts the terms of a settlement proposal contained in a Response Statement, the Eligible Claimant shall indicate his or her acceptance of the settlement proposal in writing by executing and returning the Settlement Agreement served by the Debtors with the Response Statement.  If the agreed settlement amount (the "Settlement Amount") is greater than $5,000 the Eligible Claimant shall be deemed to hold an allowed, pre-petition general unsecured claim against the Debtor identified in the Proof of Claim in such Settlement Amount.  For each Settlement Amount of $5,000 or less, the Eligible Claimant shall receive, in the Debtors' sole discretion, either (a) an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount or (b) an Authorized Payment.  If any applicable Third Party Indemnitor has consented to the settlement proposal, the Third Party Indemnitor shall pay to the Eligible Claimant a sum equal to the lesser of the Settlement Amount or the available coverage.

D.      Exhaustion of Claim Resolution Procedure

An Eligible Claimant's service of a fully completed Questionnaire and Reply on the Debtors will constitute prima-facie evidence of good faith compliance with, and exhaustion of, the Claims Resolution Procedure by such Claimant.  If an Eligible Claimant fails to timely serve on the Debtors (i) a fully completed Questionnaire and (ii) a Reply or a request for Mediation or Arbitration, or otherwise does not participate in the Claims Resolution Procedure in good faith, the Debtors will have the right to seek disallowance and expungement of such Claimant's proof of claim with respect to the applicable Litigation Claim.

**4.      Judgment Claim Claimants**

For Claims of the Judgment Claim Claimants that the Debtors elect to submit to Mediation, on or after September 1, 2005, the Debtors will begin to contact each Judgment Claim Claimant by telephone to arrange for Mediation of such Claimant's Litigation Claim pursuant to Section 5 of this Claims Resolution Procedure.  The Mediation process for all Litigation Claims held by Judgment Claim Claimants shall be concluded by November 30, 2005, unless the parties with respect to particular matters otherwise agree.  If a settlement is not reached after exhaustion of the Mediation, then (a) the Judgment Claim Claimant and the

Debtors may agree to binding Arbitration pursuant to Section 6 of this Claims Resolution Procedure or (b) the Judgment Claim Claimant may request modification of the Automatic Stay as provided for in Section 7 of this Claims Resolution Procedure.

**5.      Mediation Procedure.**

A.      Referral to Mediation

A Litigation Claim may be referred to Mediation as provided for in Sections 3 and 4 of this Claims Resolution Procedure.  Any such Claim shall be referred by the Debtors to the Mediation/Arbitration Organization, by submission of a Referral Notice, (i) on or before September 30, 2005, in the case of Judgment Claim Claimants, and (ii) within 15 days after receipt of an appropriate request by an Eligible Claimant in accordance with Section 3 of this Claims Resolution Procedure.  The Debtors shall serve a copy of the Referral Notice on the Mediation/Arbitration Organization, the Eligible Claimant, and any Third Party Indemnitor to the extent notice of such an action is required under any applicable Insurance Policy.  The Debtors shall make arrangements with the mediator for the payment of the Cost of Mediation and shall pay the Cost of Mediation as a post-petition administrative expense as allowed by order of the Bankruptcy Court, up to an aggregate cap of $1,400,000, which may be increased from time to time by agreement with the Creditors' Committee or order of the Bankruptcy Court.

B.      Appointment of Mediator

Upon referral of a Litigation Claim to mediation, the Mediation/Arbitration Organization shall, within 30 days after the receipt of the Referral Notice, (i) appoint a mediator who is familiar with the laws which govern the Claim, and (ii) provide written notice to the Debtors and the Eligible Claimant of such appointment.  Individual mediators shall provide written acknowledgment of their agreement to serve with the disclosure set forth in this paragraph.  In particular, a person may serve as a mediator only if (i) the person has the requisite experience or knowledge to act as a mediator of legal disputes; (ii) the person is an impartial and neutral person; (iii) the person has no financial or personal interest in the proceedings, or except where otherwise agreed by the parties, in any related matter; and (iv) the person, upon appointment, discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties.  If a party, within 15 days after the disclosures required in this paragraph are sent, in good faith, does not believe the mediator meets the requirements of this paragraph, such party may file a motion with the Court for the appointment of a new mediator, if the parties cannot otherwise agree on the appointment of a new mediator.

C.      Conduct of Mediation

The mediator shall handle all Litigation Claims in the order received by him or her or as directed by mutual agreement of the parties.  In all cases, the procedures used by the mediators shall be reasonable and practical under the existing circumstances.  Any party may

be represented by legal counsel, although the participation of legal counsel shall not be required for the conduct of the mediation. The mediator shall meet with the parties or their representatives, individually and jointly, for a conference or series of conferences as determined by the mediator. The Eligible Claimant and the Debtors or their respective representatives must be present at the conference, unless the disputed portion of the Litigation Claim is $100,000 or less, in which case the parties may appear by telephone. Such conference shall be in the nature of a settlement conference and shall be conducted in Jacksonville, Florida, or such other place mutually agreeable to the Debtors and the Eligible Claimant or as designated by the mediator.

The mediator may review the Litigation Claim and the positions of the parties, the prior negotiations between the parties, all correspondence between the parties during the Offer-Exchange Process, if any, and such additional information as the parties may, in their discretion, wish to submit. The Eligible Claimant and Debtor shall each submit to the mediator a concise confidential statement outlining each party's position on settlement value. This confidential statement shall be deemed to be privileged as a compromise and settlement negotiation and shall not be disclosed to the other party.

The mediator shall work with both sides to reach a settlement of the Litigation Claim mutually acceptable to the Debtors and the Eligible Claimant. The mediator shall not have the authority to impose a settlement upon the parties. For all settlements reached pursuant to Mediation, the Debtors shall file with the Bankruptcy Court an Agreed Order of Resolution. If a Litigation Claim is settled for an amount exceeding $5,000, the Eligible Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount, to be paid in accordance with the confirmed plan(s) of reorganization in these Chapter 11 cases. For Litigation Claims that are settled for $5,000 or less, the Eligible Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

      **6.**     **Arbitration Procedure.**

          A.    <u>Referral to Arbitration</u>

A Litigation Claim may be referred to Arbitration as provided for in Sections 3 and 4 of this Claims Resolution Procedure. Either party may request that the other party consent to binding arbitration proceedings, which request shall also serve as a consent by the requesting party. The non-requesting party must send notice to the requesting party within 15 days of the mailing date of the request for arbitration that the non-requesting party consents to binding arbitration. The Debtors shall send notice of such Arbitration to any Third Party Indemnitor to the extent notice of such an action is required under the applicable Insurance Policy. The Litigation Claim shall be submitted for arbitration within 60 days of the mailing date of the request for arbitration if the non-requesting party consents to binding arbitration. At the time the non-requesting party consents in writing to binding arbitration, neither party can thereafter unilaterally terminate such proceedings.

B.      Appointment of Arbitrator

Upon a submission for binding arbitration, the Mediation/Arbitration Organization shall, within 30 days after receipt of the referral to binding arbitration, (i) appoint an arbitrator to conduct arbitration proceedings as hereinafter set forth and (ii) provide notice to the Debtors and the Eligible Claimant of such appointment. Individual arbitrators shall provide written acknowledgment of their agreement to serve to the Debtors and the Eligible Claimant. Such proceedings shall be commenced, to the extent practicable, not later than 30 days after the date the arbitrator provides written acknowledgment to all parties.

C.      Conduct of Arbitration

All binding arbitration proceedings shall be administered by the Mediation/Arbitration Organization. The same Mediation/Arbitration Organization may be used for both Mediation and Arbitration proceedings. Arbitrators who are not otherwise selected shall be appointed to particular matters by the Mediation/Arbitration Organization pursuant to its rules and procedures; provided, however, that a person may serve as an arbitrator only if the person is (i) impartial and neutral; (ii) has no financial or personal interest in the proceedings or, except as otherwise agreed by the parties, in any related matter; (iii) the person shall not have served as the mediator of the Litigation Claim subject to the binding arbitration proceedings; and (iv) upon accepting an appointment, the person discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties.

The arbitration shall be conducted in accordance with applicable law and shall be governed by the Federal Arbitration Act, Title 9, United States Code. Except as otherwise provided by the Claims Resolution Procedure, and unless otherwise agreed by the parties, the arbitration shall be conducted pursuant to the dispute resolution procedures for commercial, insurance or employment claims of the American Arbitration Association, as currently in effect and appropriate.

D.      Cost of Arbitration

The Cost of Arbitration will be shared equally by the Debtors and the Eligible Claimant, provided however, that the arbitrator may in his or her sole discretion assess the entire Cost of Arbitration against any party delaying or abusing the arbitration proceedings. The Debtors and the Eligible Claimant shall each make arrangements with the arbitrator for (i) the payment of one half of their portion of the Cost of Arbitration; and (ii) the payment of the balance within 30 days of the date of determination of the binding arbitration proceedings.

E.      Arbitration Award

The amount of the award set by the arbitrator shall be binding and shall be within the discretion of the arbitrator, but in no event shall the amount of the award (i) exceed the lower of (x) the claimed amount of the Litigation Claim as shown on the Claimant's Questionnaire

or (y) as shown on the Claimant's Proof of Claim, or (ii) be less than the undisputed portion of the Claim.  Neither party shall have the right to appeal the award except on the grounds set forth in the Federal Arbitration Act.  There will be no right to a trial de novo.

**7.     Stay Relief.**

A.     Lift Stay Motion

If an Eligible Claimant has otherwise complied in good faith with, and exhausted the Claims Resolution Procedure, it may apply for relief from the Automatic Stay to pursue litigation of its Litigation Claim in an appropriate forum.

B.     Exhaustion of Claim Resolution Procedure

No motion seeking relief from the Automatic Stay with respect to a Litigation Claim will be granted unless the Eligible Claimant has timely served on the Debtors (i) a fully completed Questionnaire and (ii) a Reply or requested Mediation or Arbitration, and participated in the Claims Resolution Procedure in good faith.  To the extent an Eligible Claimant files a lift stay motion without complying with the foregoing conditions, the Bankruptcy Court shall deny the motion, without prejudice to its renewal after the Claims Resolution Procedures are exhausted.

C.     Objection by the Debtors

The Debtors shall have the right to object to any lift stay motion on the grounds that the Eligible Claimant has failed to comply with the foregoing conditions of the Claims Resolution Procedure.  Any other party in interest with standing, including the Creditors' Committee and any Third-Party Indemnitor, shall have the right to object; provided that nothing in the Claims Resolution Procedure shall be deemed to grant them standing.

**8.     Civil Litigation.**

If the Eligible Claimant has complied in good faith with this Claims Resolution Procedure, then any Eligible Claimant may pursue his or her Litigation Claim against the Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted.  In any proceeding before any court, the Debtors shall have and may assert any or all of their legal and equitable rights to object to or otherwise contest the Litigation Claim.  An Eligible Claimant shall not, however, be able to enforce or execute against the Debtors any judgment obtained as a result of such litigation.  Nothing contained herein shall be construed to relieve an Eligible Claimant of any obligation imposed by applicable non-bankruptcy law to exhaust administrative, alternative dispute resolution or other procedures applicable to such Claimants' Litigation Claims.

9.      **Settlement and Court Approval.**

At any time during the administration of this Claims Resolution Procedure, even during litigation, the Debtors (and the Third Party Indemnitor, if applicable) shall have the authority to agree to a settlement with the Eligible Claimant, subject to the approval of the Bankruptcy Court as provided below.

A.      Claims of $50,001 or more.

All settlements for $50,001 or more, but less than $250,000, shall be subject to Bankruptcy Court approval pursuant to an Agreed Order of Resolution entered upon 20 days' notice to all Notice Parties of a Notice of Agreed Order of Resolution, without motion. If a written objection to any such settlement is not interposed during the 20-day notice period, the Bankruptcy Court may approve the settlement and enter the Agreed Order of Resolution without further notice or hearing.

Additionally, for any settlement equal to or greater than $250,000, the Debtors shall provide notice to the Creditors' Committee 5 business days prior to the filing of a motion seeking approval of such settlement, which motion shall be served upon all Notice Parties at least 20 days prior to the hearing on such motion.  Upon approval of the motion, the Bankruptcy Court shall enter an Agreed Order of Resolution.

B.      Claims of $50,000 or less.

The Debtors (and the Third Party Indemnitor, if applicable) may settle claims of $50,000 or less without prior notice to any party or approval by the Bankrputcy Court, provided that the Debtors shall file with the Bankruptcy Court and serve upon the Creditors' Committee a quarterly report of all such settlements.  The Debtors may submit, without motion or notice, an Agreed Order of Resolution to the Bankruptcy Court to evidence any such pre-authorized settlements.

C.      Payment and Allowance of Claims

For all Litigation Claims settled for $5,001 or more the Eligible Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount.  All such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

For Litigation Claims that are settled for $5,000 or less, the Eligible Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

10.     **Application of Automatic Stay.**

The Insurance Policies issued by the Insurers are for the purposes of this Claims Resolution Procedure deemed to be property of the estate of the Debtors.  No person or

entity shall be allowed to assert any Litigation Claim against such Insurance Policies or against the Debtors or any of their assets unless they have first complied with this Claims Resolution Procedure.

### 11.   Waiver of Claims Resolution Procedure.

The Debtors, in their sole discretion, may (i) agree to waive and/or extend the deadlines set forth herein for the filing of the Questionnaire and/or Reply or (ii) exclude any person from participation in the Claims Resolution Procedure at any time (except a Claimant who has entered into a binding arbitration with the Debtors).  In addition, nothing herein shall preclude the Debtors from submitting a stipulation agreeing to lift, modify or annul the Automatic Stay, upon such notice as required under the Bankruptcy Code and Bankruptcy Rules.

### 12.   Notice.

Whenever notice is required to be given under this Claims Resolution Procedure, it shall be given in the manner provided in the relevant section, by first class mail, postage prepaid, as follows:

| | |
|---|---|
| If to the Debtors: | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, Florida  32254<br>Attn:  Jay F. Castle, Esq. |
| If to Counsel for the<br>Debtors: | Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>Attn:  James H. Post, Esq. |

### 13.   Insurers.

Nothing in this Claims Resolution Procedure shall be construed to alter the rights or obligations of any Insurer of the Debtors.  In all instances where an Insurer has a right to receive notice, participate in the resolution of a Litigation Claim, or decide upon or approve the resolution of a Litigation Claim, that right is preserved.  Nothing in this Claims Resolution Procedure shall be construed to authorize the Debtors to act on behalf of or as an agent for any Insurer of the Debtors.  However, the Mediation/Arbitration Organization shall have the authority, without further order of the Bankruptcy Court, to direct the attendance, at any Mediation or Arbitration, of a representative of the applicable Third Party Indemnitor or Insurer, if any, with authority to settle and pay any settlement reached or award entered.

[End of Claim Resolution Procedure]

523564

12

Exhibit 1

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## NOTICE OF AGREED ORDER OF RESOLUTION OF
## LITIGATION CLAIM OF _____ (CLAIM NO. _____)

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Pursuant to Rule 4001(d), Federal Rules of Bankruptcy Procedure, and Local Rule 2002, notice is given of the proposed Agreed Order of Resolution of Litigation Claim of

_____ (Claim No. _____).

If no objection to the proposed Agreed Order is filed and served within the time set forth above, the Court will be requested to enter the Order without further notice or hearing.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks,

Dated: _____, 200__

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP


By ___*s/ D.J. Baker*_____          By ___*s/ James H. Post*_____
        D. J. Baker                                            Stephen D. Busey
        Sally McDonald Henry                      James H. Post (FBN 175460)
        Rosalie Walker Gray                          Cynthia C. Jackson

Four Times Square                                    225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida  32202
(212) 735-3000                                         (904) 359-7700
(917) 777-2150 (facsimile)                       (904) 359-7708 (facsimile)
djbaker@skadden.com                              jpost@smithhulsey.com

Co-Counsel for Debtors                            Co-Counsel for Debtors

                                                                          501017.2

---

**Exhibit 2**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

### AGREED ORDER OF RESOLUTION OF THE LITIGATION
### CLAIM OF _____ (CLAIM NO.   )

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, _____ (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. _____).  **[**The Court finds that notice of the proposed Agreed Order was served on all interested parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party filed an objection.  The Court therefore considers the entry of the Order unopposed**]** or **[**The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure**]**. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. _____ filed by Claimant is allowed as a unsecured non-priority claim in the amount of $_____ against **[Relevant Debtor]** in Case No. _____ to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

**[**1.    Claim No. _____ filed by Claimant is allowed as a unsecured non-priority claim in the amount of $_____ against **[Relevant Debtor]** in Case No. _____ which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure**]**.

2.    This Agreed Order resolves (i) all liabilities and obligations related to Claim No. **[____]** and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released, including, but not limited to, the following proofs of claim filed by Claimant **[** Claim No.____**]**.

3.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.

4.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 200__, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

502539.4

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.


SMITH HULSEY & BUSEY


By                                                                                              By 
      James H. Post

Florida Bar Number 175460
1800 Wachovia Bank Tower,
225 Water Street
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors                        Attorneys for Claimant

EXHIBIT 3

THIS PAGE INTENTIONALLY LEFT BLANK

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA – JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 |
| Debtors. | (Jointly Administered) |

**QUESTIONNAIRE FOR LITIGATION CLAIMANTS**

**WARNING:**

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED WITHIN 30 DAYS OF THE POSTMARK DATE ON THE ENVELOPE IN WHICH THIS QUESTIONNAIRE WAS MAILED TO YOU (THE "QUESTIONNAIRE DUE DATE"), THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

**PART A - NOTICE**

**Purpose of this Notice**

According to court records, you filed a proof of claim in the referenced cases. As an initial step in resolving your claim, you must complete this Questionnaire and mail it, with proper postage, to **Logan & Company, Inc., Claims Agent, 546 Valley Road, Upper Montclair, New Jersey 07043.** A Questionnaire will not be deemed to have been timely returned unless it is received by the Questionnaire Due Date.

**Action Required by You**

1. If you do not complete and return the Questionnaire on time, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge your proof of claim with respect to the applicable Litigation Claim.

2. If you do *not* wish to pursue any claim you may have, disregard this notice and do not return it.

3. If you wish to pursue a claim you have against the Debtors arising from or relating to (i) personal injury or property damage, including, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws), you must:

(a) fully complete this Questionnaire (if a particular question is not applicable to you, you must indicate such by the designation "N/A" or similar statement), and

(b) return the completed Questionnaire in the enclosed reply envelope. (Note: you must affix proper postage). The reply must be received no later than the Questionnaire Due Date, or it will not be processed and you may not be allowed to vote on any proposed reorganization plan, nor receive any distribution from any confirmed reorganization plan.

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

Creditor Name.:

Claim No.(s):

# PART B - CLAIM INFORMATION

1.    Give your date of birth (MM/DD/YY)_____

2.    Date of injury or claim: (MM/DD/YY)_____

3.    What is the basis of your claim?_____
   _____
   _____
   _____

4.    What is the total amount of your claim?  (Please estimate if necessary)._____
   _____

5.    Attach copies of all documents supporting or evidencing your claim.  Do not send original documents.
   If the documents are not available, please explain.
   _____
   _____
   _____

6.    Identify all payments or other sums which have been credited and deducted for the purpose of
   quantifying your claim amount._____
   _____
   _____
   _____

7.    Are you pursuing this claim against any other party?   Yes ☐      No ☐
   If so, against whom (list the name, the addresses and counsel for each party, if known)?_____
   _____
   _____
   _____

   (Attach additional sheets if necessary)

8.    Did you notify the Debtor in writing of the injury or claim?  (If yes, attach a copy of such writing.)
          Yes ☐       No ☐

9.    Is there a pending lawsuit regarding your claim?  If so, identify the court where the
   lawsuit is pending, the case number and the judge, if known._____
   _____
   _____
   _____
   _____

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

10.    What type of injuries or damages do you have?  If applicable, please provide a medical description of your injuries. (Please state if the claim is based, in whole or in part, on an injury to someone else.)

_____

_____

_____

_____

11.    Where did the injury or damage occur?_____

_____

_____

_____

_____

Please specify the location and address.

12.    How did the injury or damage occur?_____

_____

_____

_____

_____

13.    Did you miss any work as a result of your injury or damage? If so, how many days?

_____

14.    Give the name and address of your employer and your salary at the time of your injury or damage.

_____

_____

_____

15.    Was anyone else injured at the time of your injury or damage? (If yes, list the names and addresses.)

_____

_____

_____

16.    List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your injury or damages (including, but not limited to, any representatives or agents of the Debtors).

_____

_____

_____

_____

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

17.   If applicable, are treatments still being given for the injury or damages? Yes ☐  No ☐
      (If yes, provide the name and address of the doctor that is currently treating you
      and the nature of the treatment.)_____
      _____
      _____

18.   If applicable, please provide the following Physician Data:

      a.   Give the name and address of any physician, clinic or hospitals that has treated this injury.
           Include treatment dates. (Attach additional sheets if necessary)
           _____
           _____
           _____
           _____

      b.   Itemize all damages you claim, including any damages for emotional distress,
           loss of consortium or pain and suffering._____
           _____
           _____
           _____
           _____

      c.   Give the total amount of the medical bills you incurred as a result of your claim. _____
           _____
           _____

      d.   Attach medical and hospital records which relate to your claim.

      e.   Itemize any other expenses you incurred as a result of the incident for which you are making a
           claim._____
           _____
           _____
           _____
           _____

      f.   Give a list of medical expenses and amounts paid by your insurance company as a result of your
           injury._____
           _____
           _____
           _____

                                                          Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

g.    Give the name, address and policy number of your insurance company. _____

_____

_____

_____

19.    To the extent not already furnished in your response to questions 1 through 18 above, please provide the following information:

a.    Itemize the damages you claim. _____

_____

_____

_____

_____

b.    Give the total amount of each item of damage. _____

_____

_____

20.    **IN WHAT AMOUNT WOULD YOU AGREE TO SETTLE YOUR CLAIM? (This is not the amount that you will receive on account of your claim.  The amount you will receive depends upon the plan or plans of reorganization that may be approved.)** _____

_____

_____

_____

_____

_____

Please make corrections to your personal information below and include phone and email address information:

| Creditor No.: | Corrections (if any)<br><br>Name:  _____<br>Address: _____<br>_____<br>City/State/Zip: _____<br><br>Phone: _____<br>Fax   _____<br>Email<br>Address: _____ |
|---|---|

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

## PART C - SIGNATURE

**NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.**

I declare under penalty of perjury that the foregoing statements are correct.

DATE:_____    _____
                                    Claimant's Signature

Please recheck each of your answers to be sure that you have completed this form fully and accurately.

### NAME AND ADDRESS OF ATTORNEY OR OTHER AUTHORIZED AGENT

Complete this box if you have an attorney or other agent who represents you in this matter.  If completed, all future notices will go to your attorney or agent rather than to you personally.

Name (First/Middle/Last)_____

Address_____

City/State/Zip_____

Relationship to Claimant_____

Phone Number_____

Fax Number_____

Email Address _____

## PART D - RETURN OF QUESTIONNAIRE

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED BY THE QUESTIONNAIRE DUE DATE, THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

A Questionnaire will not be deemed to have been timely returned unless received by the Questionnaire Due Date at the following address:

**Logan & Company, Inc.
Claims Agent
546 Valley Road
Upper Montclair
New Jersey 07043**

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)
if you have any questions about this form*