Hearing Date: March 9, 2006, 1:00 p.m.
Objection Deadline: March 3, 2006, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |

**JOINDER OF WILMINGTON TRUST COMPANY IN DEBTORS'
MOTION FOR ORDER GRANTING FOURTH EXTENSION OF
EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS AND
OBTAINING ACCEPTANCES OF SUCH PLANS**

Wilmington Trust Company ("Wilmington") hereby joins (the "Joinder") Winn-Dixie Stores, Inc. and 23 of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), in their motion for entry of an order pursuant to 11 U.S.C. § 1121(d) granting an additional extension of their exclusive periods for proposing and obtaining acceptances of one or more plans of reorganization (the "Motion").[2] In support of its Joinder to the Motion, Wilmington respectfully represent as follows:

**Background**

1.   Wilmington serves as successor indenture trustee under that certain Indenture dated as of December 26, 2000, by Winn-Dixie Stores, Inc. ("Winn-Dixie") and the named Guarantors,[3] as has been amended and supplemented by the First Supplemental Indenture, dated as of March 29, 2001, and the Second Supplemental Indenture, dated as of January 10, 2002

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not defined herein shall have their meaning as set forth in the Motion.

[3] Winn-Dixie Stores, Inc.'s obligations under the Senior Notes are guaranteed by the following entities: Astor Products, Inc., Crackin' Good, Inc., Deep South Products, Inc., Dixie Packers, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

2739371v3

(collectively, the "Indenture").  Pursuant to the Indenture, Winn-Dixie issued US$300,000,000 of those certain eight and seven-eighths ($8^7/_8$%) Senior Notes due 2008 (the "Notes").

2. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee", collectively, with Wilmington and the Debtors, the "Parties") which consisted of seven unsecured creditors.  Wilmington was not initially selected to serve on the Creditors' Committee.  However, subsequent to the initial appointment of the Creditors' Committee, one member resigned.  On August 29, 2005, the U.S. Trustee appointed Wilmington to the Creditors' Committee to replace the resigning member.  This Joinder is submitted by Wilmington as indenture trustee for the Notes and not in its capacity as a member of the Creditors' Committee.

## Cause Exists To Extend The Exclusive Periods

3. An issue of great significance that has yet to be resolved in the Debtors' reorganization efforts is whether the Debtors' plan (or plans) of reorganization in these Chapter 11 cases should treat unsecured claims as filed against each of the individual affiliated Debtors, or in the alternative, propose a "deemed" substantive consolidation of the Debtors' estates (the "Substantive Consolidation Issue") whereby all assets and liabilities of the Debtors will be consolidated, and the corporate distinctions and structure will be "deemed" eliminated for purposes of recovery to creditors.  A 30-day extension of the Exclusive Periods is necessary in order to continue to do the requisite legal, factual and financial analysis to determine if a "deemed" substantive consolidation is appropriate in the Debtors' cases.[4]  The Debtors have been in close discussions with the Creditors' Committee regarding the Substantive Consolidation Issue and the appropriate structure of, and terms for, a plan of reorganization.

---

[4] A further extension of the Exclusive Periods may be necessary but that is beyond the scope of the relief requested in the Debtors' Motion.

4.      In addition, Wilmington is independently examining the Substantive Consolidation Issue.  The Parties hope to resolve the Substantive Consolidation Issue consensually and without the need for formal motion practice.  An extension of the Exclusive Periods will provide the Parties with additional time to address the Substantive Consolidation Issue to avoid litigation.  Should the Debtors propose a plan where the Substantive Consolidation Issue is not resolved to Wilmington's satisfaction, Wilmington intents to seek formal discovery and reserves the right to seek the Court's legal and factual determination on this central and fundamental issue. As such, it is important that the extension be granted without prejudice to the Debtors' rights to seek a further extension.

## Conclusion

5.      By this Joinder, Wilmington supports the Debtors' request for entry of an order further extending the Exclusive Periods for 30 days without prejudice to the Debtors' rights for further extension on cause shown.

## Notice

6.      A copy of this Joinder has been served upon (a) counsel to the Debtors, (b) counsel to the Office of the United States Trustee, (c) counsel for the Debtors' postpetition secured lenders, (d) counsel for the Creditors' Committee, and (e) the other parties in interest named on the Master Service List maintained in the Debtors' cases.  No other or further notice need be given.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, Wilmington respectfully requests that the Court enter an order substantially in the form attached as Exhibit A to the Motion extending the Debtors' Exclusive Periods for 30 days, and provide that such relief is without prejudice to the Debtors' rights to seek further extensions.

Dated: March 3, 2006

Respectfully submitted by counsel:

By: ___/s/ Arthur J. Spector_____
Arthur J. Spector  620777
BERGER SINGERMAN, PA
350 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL 33301
Tel:  (954) 713-7511
Fax:  (954) 523-2872
E-Mail:  aspector@bergersingerman.com

-and-

Paul Steven Singerman  378860
BERGER SINGERMAN, PA
200 South Biscayne Blvd., Suite 1000
Miami, Florida 33131
Tel:  (305) 755-9500
Fax:  (305) 714-4340
E-Mail:  singerman@bergersingerman.com

-and-

Steven J. Reisman
CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Tel:  (212) 696-6000
Fax:  (212) 697-1559
E-Mail:  sreisman@cm-p.com

-4-

2739371v3