**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN CONNECTION WITH MOTIONS TO WITHDRAW**
**AS COUNSEL OF RECORD FOR OFFICIAL COMMITTEE OF**
**EQUITY SECURITY HOLDERS**

The official committee of unsecured creditors (the "Committee") appointed in the above-captioned cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors") hereby files this statement (the "Statement") to the motions of (i) Jennis & Bowen P.L. ("Jennis & Bowen") and (ii) Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings") to withdraw as counsel of record for the official committee of equity security holders (Docket Nos. 6104 and 6114, the "Motions"), and represents as follows:

**BACKGROUND**

1.  On February 21, 2005 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") in the United States

{JA266632;1}

Bankruptcy Court for the Southern District of New York (the "<u>New York Bankruptcy Court</u>").

2. On March 1, 2005, the United States Trustee duly appointed the Committee.

3. By order dated April 13, 2005, the New York Bankruptcy Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered solely for procedural purposes only. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

4. On or about August 17, 2005, the United States Trustee appointed an official committee of equity security holders (the "<u>Equity Committee</u>").

5. On or about September 2, 2005, the Committee filed a motion seeking, among other things, entry of an order disbanding the Equity Committee (the "<u>Disbandment Motion</u>").

6. On September 7, 2005, the Equity Committee filed its application (the "<u>Paul Hastings Retention Application</u>") to retain and employ Paul Hastings as its co-counsel.

7. On September 14, 2005, the Committee filed a limited objection (the "<u>Paul Hastings Retention Objection</u>") to the Paul Hastings Retention Application (i) asserting that the Equity Committee's retention of counsel was premature given the

pending Disbandment Motion, and (ii) reserving its rights, among other things, to object to any requests for compensation by Paul Hastings.

8.  On October 13, 2005, the Equity Committee filed its application (the "Jennis & Bowen Retention Application") to retain and employ Jennis & Bowen as its co-counsel.

9.  On October 31, 2006, the Committee filed a limited objection (the "Jennis & Bowen Retention Objection") to the Jennis & Bowen Retention Application (i) asserting that the Equity Committee's retention of counsel was premature given the pending Disbandment Motion, and (ii) reserving its rights, among other things, to object to any requests for compensation by Jennis & Bowen.

10.  The United States Trustee requested that the Committee agree to an abatement of the Disbandment Motion in order to allow her time to conduct a review of whether, based on changed facts and circumstances, the continued existence of the Equity Committee remained appropriate.  On November 4, 2005, the Court entered an order suspending proceedings on the Disbandment Motion.

11.  On December 2, 2005, the Court entered orders approving the retention and employment of Paul Hastings and Jennis & Bowen by the Equity Committee.

12.  On or about January 11, 2006, the United States Trustee announced her decision to disband the Equity Committee.

**STATEMENT**

13.  The Motions seek authority for Jennis & Bowen and Paul Hastings to withdraw as counsel for the now disbanded Equity Committee, and to "continue pursuing payment of the fees and costs incurred in connection with their representation of the . . . Equity Committee."

14.  The Committee does not oppose entry of orders approving the requested withdrawals.  As previously asserted, the Committee expressly reserves any and all rights under the Bankruptcy Code or other applicable law to object to

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

compensation and reimbursement of expenses sought by Jennis & Bowen and Paul Hastings including, without limitation, pursuant to interim and final fee applications.

Dated:  March 3, 2006

**AKERMAN SENTERFITT**

By: /s/*John B. Macdonald*
John B. Macdonald
Florida Bar No. 230340
Email: john.macdonald@akerman.com
Patrick P. Patangan
Florida Bar No. 348340
Email: patrick.patangan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, Florida  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Co-Counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al.

- and -

**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
Matthew S. Barr (MB 9170)
Michael E. Comerford (MC 7049)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Co-counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.