**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,             Case No.: 3:05-bk-03817-JAF

       Debtors.                               Chapter 11

                                        Jointly Administered

_____/

**ORDER DENYING AS MOOT OFFICIAL COMMITEE OF UNSECURED CREDITORS' MOTION FOR ENTRY OF ORDER, UNDER 11 U.S.C. § § 105 AND 1102, DISBANDING COMMITTEE OF EQUITY SECURITY HOLDERS, DENYING AS MOOT OBJECTION AND MOTION TO SET ASIDE THE UNITED STATES TRUSTEE'S NOTICE OF DISBANDMENT OF EQUITY SECURITY HOLDERS COMMITTEE, AND DENYING MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR ORDER APPOINTING AN EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE**

This case came before the Court upon the Court's own motion.

**BACKGROUND**

On February 21, 2005 the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On August 17, 2005 the United States Trustee (the "U.S. Trustee") pursuant to 11 U.S.C. § 1102(a)(1) appointed an equity committee (the "Equity Committee") in these cases.

On September 2, 2005 the Official Committee of Unsecured Creditors (the "Creditors Committee") filed under seal Motion for Entry of Order, under 11 U.S.C. § § 105 and 1102, Disbanding Committee of Equity Security Holders (the "Disbandment Motion"). An evidentiary hearing on the Disbandment Motion was scheduled for November 16, 2005. On November 2, 2005 the Creditors Committee filed a motion for an order abating all proceedings relating to the Disbandment Motion and adjourning the

evidentiary hearing scheduled for November 16, 2005 (the "Abatement Motion"). On November 4, 2005 the Court entered an order granting the Abatement Motion.

On December 8, 2005 the Equity Committee filed Motion for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code (the "Motion to Appoint an Examiner"). The Court scheduled a scheduling conference on the Motion to Appoint an Examiner for January 12, 2006. On January 11, 2006 the U.S. Trustee filed a notice disbanding the Equity Committee (the "Disbandment Notice"). In light of the Disbandment Notice, the Court indicated at the January 12, 2006 scheduling conference that it would take no action on the Motion to Appoint an Examiner at that time.

On January 17, 2006 the former Equity Committee filed (I) Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee (the "Motion to Set Aside") and (II) Motion for Appointment of Equity Security Holders Committee Nunc Pro Tunc to January 11, 2006 (the "Motion to Appoint an Equity Committee") (collectively the "Motion to Reconsider") The Court scheduled a hearing on the Motion to Reconsider for January 30, 2006.

On January 23, 2006 the Court conducted a telephonic status conference at which the former Equity Committee indicated that the only matter it intended to raise at the January 30, 2006 hearing was legal argument on whether the Court should order the appointment of an equity committee pursuant to 11 U.S.C. § 1102(a)(2). Accordingly, the only matter considered at the January 30, 2006 hearing was the Motion to Appoint an Equity Committee.

On February 6, 2006 the Court entered an order denying the Motion to Appoint an Equity Committee. The Court indicated therein that the Motion to Set Aside would be

heard at an evidentiary hearing to be scheduled in due course. On February 24, 2006 Paul, Hastings, Janofsky & Walker, LLP and Jennis, Bowen & Brundage, P.L. filed Motions for Withdrawal as Counsel of Record for the Official Committee of Equity Security Holders (the "Motions to Withdraw"). The Motions to Withdraw indicate the members of the Equity Committee have determined not to proceed as an ad hoc committee but to participate in the bankruptcy proceedings as individual equity holders. Based upon that representation, it is

**ORDERED:**

1.   Motion for Entry of Order, under 11 U.S.C. § § 105 and 1102, Disbanding Committee of Equity Security Holders filed by the Official Committee of Unsecured Creditors is denied as moot.

2.   Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee is denied as moot.

3.   Motion of the Official Committee of Equity Security Holders for Order Appointing an Examiner Pursuant to Section 1104 of the Bankruptcy Code is denied without prejudice.

**DATED** this 6 day of March, 2006 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge