**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF ORDER, UNDER 11 U.S.C. § 1121, GRANTING FOURTH EXTENSION OF EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS AND OBTAINING ACCEPTANCES OF SUCH PLANS**

The official committee of unsecured creditors (the "Committee") appointed in the above-captioned chapter 11 cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors") hereby files this statement (the "Statement"), in support of the Debtors' motion (the "Motion"), dated February 22, 2006, for the entry of an order, under 11 U.S.C. § 1121, granting a fourth extension of the exclusive periods for filing chapter 11 plan(s) and obtaining acceptances of such plan(s), and represents as follows:

**STATEMENT**

1. Pursuant to the Motion, the Debtors seek a fourth extension of the period during which they have the exclusive right to file a chapter 11 plan of reorganization

{JA266840;1}

to April 19, 2006 and to solicit acceptances to May 21, 2006.

      2.    As the Committee has previously asserted, the most important issue remaining in these cases is the prompt formulation of a consensual plan of reorganization. The Debtors and the Committee have been in close discussions regarding the terms of a consensual plan of reorganization. See Motion, at 3. There are still, however, a number of issues that must be resolved before a plan can be proposed. For example, the Committee and the Debtors are still analyzing whether all or any of the Debtors' estates should be substantively consolidated, and the Committee is conducting an investigation into various allegations in order to determine whether releases of certain officers and directors are appropriate under the plan.

      3.    The Committee supports the limited 30 day extension sought in the Motion in order to allow time necessary to attempt to consensually resolve these and other issues prior to formulating a consensual plan of reorganization.

## **CONCLUSION**

      4.    For the foregoing reasons, the Committee requests that the Court enter an order pursuant to section

1121(d) of the Bankruptcy Code approving the Motion, and granting such other relief as it deems just and proper.

Dated: March 7, 2006

          AKERMAN SENTERFITT

          By: */s/John B. Macdonald*
          John Macdonald
          Florida Bar No. 230340
          E-mail: john.macdonald@akerman.com
          Patrick P. Patangan
          Florida Bar No. 348340
          E-mail: patrick.patangan@akerman.com
          50 North Laura Street, Suite 2500
          Jacksonville, Florida 32202
          Telephone: (904) 798-3700
          Facsimile: (904) 798-3730

          Co-counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

          and

          MILBANK, TWEED, HADLEY & McCLOY LLP
          Matthew S. Barr (MB 9170)
          Michael E. Comerford (MC 7049)
          1 Chase Manhattan Plaza
          New York, NY 10005
          (212) 530-5000

          Co-counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.