# IN THE BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al,

        Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## OF JAMES BOSWELL

James Boswell ("Movant") moves for Relief from the Automatic Stay provided by Bankruptcy Code §362(a), 11 U.S.C. §362(a), to permit him to file an action for personal injury damages that he sustained in a motor vehicle crash on or about June 30, 2004, and to liquidate the claim and the amount due to him from Winn-Dixie Montgomery, Inc. This Motion is filed pursuant to Bankruptcy Code §362(d) (1) for cause and in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims dated September 1, 2005, and the Claims Resolution Procedure attached thereto. In support of his motion, Movant says:

    1.    Movant was injured on or about June 30, 2004, as a result of a motor vehicle crash that was caused in whole or in part by the negligent operation and maintenance of a tractor trailer truck which was operated by an employee of and owned by Winn-Dixie Montgomery, Inc.

2. Movant filed a claim in this case for his damages as well as a "Questionnaire for Litigation Claimants" dated October 17, 2005. Movant's claim appears to have been assigned Claim No. 1237.

3. On or about October 28, 2005, Sedgwick Claims Management Services, Inc., purporting to act on behalf of Winn-Dixie Montgomery, Inc., filed a Response Statement as provided in the Claims Resolution Procedure..

4. On January 19, 2006, Movant submitted his Reply to Sedgwick. Sedgwick has not responded.

5. Movant has participated in the Claims Resolution Procedure in good faith and has provided all information available to him with respect to his claim in accordance with the Procedure; however, the claim has not been resolved.

6. Movant desires to liquidate his claim of it in the State Courts of the State of Alabama.

8. Liquidation of Movant's claim will require a trial following appropriate discovery and impaneling of a jury. The amount of a Judgment awarded to Plaintiff at trial will be subject to further proceedings in this Bankruptcy case.

WHEREFORE, Movant respectfully requests that the automatic stay of Bankruptcy Code §362 be modified to allow him to file, serve and/or prosecute his claim for damages in the State Courts of Alabama through entry of Judgment, the recovery of which would be subject to the further order of this Court and the proceedings in this

Case. Movant does not seek authority to levy or authorize enforce judgment against the property of the Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U. S. First Class Mail to the Debtor at 5050 Edgewood Court, Jacksonville, FL 32254-3699 and to D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036 and James H. Post, Smith, Hulsey & Busey, 25 Water Street, #1800, Jacksonville, FL 32202 Attorneys for Debtor and all participants using the CM/ECF system who have appeared in this matter this 9th day of March, 2006.

Slott, Barker & Nussbaum
334 East Duval Street
Jacksonville, Florida 32202
(904) 353-0033 (Telephone)
(904) 355-4148 (Telecopy)
embarker@bellsouth.net (Email)


/s/ Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No. 110140