IN THE BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al,

Debtors.

Case No.: 3:05-bk-3817-JAF
*Chapter 11*
Jointly Administered

MOTION FOR RELIEF FROM AUTOMATIC STAY
OF PATRICE GREEN

Patrice Green ("Movant") moves for Relief from the Automatic Stay provided by Bankruptcy Code §362(a), 11 U.S.C. §362(a), to permit her to file an action for personal injury damages that she sustained in a motor vehicle crash on or about June 30, 2004, and to liquidate the claim and the amount due to her from Winn-Dixie Montgomery, Inc. This Motion is filed pursuant to Bankruptcy Code §362(d) (1) for cause and in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims dated September 1, 2005, and the Claims Resolution Procedure attached thereto. In support of her motion, Movant says:

1.  Movant was injured on or about June 30, 2004, as a result of a motor vehicle crash that was caused in whole or in part by the negligent operation and maintenance of a tractor trailer truck which was operated by an employee of and owned by Winn-Dixie Montgomery, Inc.

2.    Movant filed a claim in this case for her damages as well as a "Questionnaire for Litigation Claimants" dated October 17, 2005. Movant's claim appears to have been assigned Claim No. 11525.

3.    On or about December 13, 2005, Sedgwick Claims Management Services, Inc., purporting to act on behalf of Winn-Dixie Montgomery, Inc., filed a Response Statement as provided in the Claims Resolution Procedure.

4.    Movant has participated in the Claims Resolution Procedure in good faith and has provided all information available to her with respect to her claim in accordance with the Procedure.

5.    Sedgwick denied her claim except for a small offer that Movant has rejected.

6.    Movant desires to liquidate her claim in the State Courts of the State of Alabama.

8.    Liquidation of Movant's claim will require a trial following appropriate discovery and impaneling of a jury. The amount of a Judgment awarded to Plaintiff at trial will be subject to further proceedings in this Bankruptcy case.

WHEREFORE, Movant respectfully requests that the automatic stay of Bankruptcy Code §362 be modified to allow her to file, serve and/or prosecute her claim for damages in the State Courts of Alabama and to prosecute that claim through entry of Judgment, the recovery of which would be subject to the further order of this Court and

the proceedings in this Case. Movant does not seek authority to levy or authorize enforce judgment against the property of the Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished by U. S. First Class Mail to the Debtor at 5050 Edgewood Court, Jacksonville, FL 32254-3699 and to D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, New York 10036 and James H. Post, Smith, Hulsey & Busey, 25 Water Street, #1800, Jacksonville, FL 32202 Attorneys for Debtor and all participants using the CM/ECF system who have appeared in this matter this 9th day of March, 2006.

Slott, Barker & Nussbaum
334 East Duval Street
Jacksonville, Florida 32202
(904) 353-0033 (Telephone)
(904) 355-4148 (Telecopy)
embarker@bellsouth.net (Email)


/s/ Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No. 110140