United States Bankruptcy Court
Middle District of Florida,
Jacksonville

2006 February 22nd

FILED
JACKSONVILLE, FLORIDA
MAR 0 6 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

TO
THE Clerk of the United State Bankruptcy Court Middle District of Jacksonville Flordia

RE: IN RE WINN DIXIE STORES, INC. Et Al. / Debtors: United States Bankruptcy Court Middle District of Florida Jacksonville Division CASE NO. 05-03817-3F1, Chapter 11 Jointly Administered

JOE Louis AMERSON, JR. VS. JEFF ANDERSON Hospital, AND WINN DIXIE STORES, INC.
IN the Circuit Court of Lauderdale County Mississippi CASE NO: 05CV-124(R)

Please Take Notice that on February 21st, 2005 Defendant(s) Winn Dixie Stores, Inc. Et Al Filed A Voluntary Petition under Chapter 11 Title 11 of the United States Code, Commencing Bankruptcy Case being Jointly Administered under the style in RE Winn Dixie Stores, Inc. No. 0511063, in United States Bankruptcy Court for the Southern District of New York.

Plaintiff Seeks A Claim Against defendant(s) to be Move From the Circuit Court to Recover his liability Against the debtor(s) whom are under the protection of the U.S.C. § 362(A)(1) Chapter-11 - U.S.C. §363 Also protects the small creditor (Plaintiff) from the debtor(s) whom are not in Good Faith of A Stay Commencing Bankruptcy.

JOE LOUIS AMERSON JR
M.D.O.C. NUMBER. 36217
P.O. BOX 88550
C.M.C.F. 3-B-1, Bd# 20
PEARL, MS 39288

Sworn and Subscribed Before Me this day 1st of March 2006
Notary Public Laura Quarles

LAURA QUARLES NOTARY PUBLIC HINDS COUNTY, MS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Florida Middle District Court
OF BANKRUPTCY

TO: THE CLERK OF the Florida Midddle district Court OF BANKRUPTCY

COME NOW PRO'SE JOE LOUIS AMERSON JR This Said OF day JANUARY 09, 2006 ASKING this Midddle District OF Florida, do this Court hold PROOF OF the plaintiff JOE LOUIS AMERSON JR Alleged Claims against JEFF ANDERSON HOSPITAL AND WINN DIXIE, INC?

Plaintiff have forward documents following Rules (301) (302) Federal of Evidence

Defendant Winn Dixie, Inc Filed A Voluntary Petition under Chapter (11) of Title (11) Civil Action No. 0511063 Not in Good Faith.

Wilkins, Stepens and Tipton, P.A. Signed by Mr. Leland S. Smith A letter by copy out of Good Faith demanding the plaintiff.

Sworn and Subscribed to me before this day 11 of JANUARY 2006
NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS
Commission Expire
Notary Public [signature]

CHRISTIE E. SCOTT
NOTARY PUBLIC
RANKIN COUNTY, MS

FEDERAL RULES AND PROCEDURE

I the Plaintiff Joe Louis Amerson Jr inmate #36217 At Mississippi Department of Correction housed in Cential Mississippi Correctional Facility P.O. Box 88550 Pearl, Ms. 39288-8550

Due the facts on the behalf of the defendant the Said Winn Dixie, Inc Plaintiff bring Rule 71A. By Rule 77(A) this District Court Always open, And Rule 77(B).

The plaintiff Are asking this Florida, Middle Bakkruptcy District Court to bring proof of his law Sue against Jeff Anderson Hospital And Winn Dixie, Co

That was Filed in the Circuit Court of Lauderdale County the City of Meridian, the State of Mississippi. Case No. 05CV-124(R)

Rule 79(A). Documents of Civil procedure are kept by the Clerk.

Submitted Respectfully

[signature]

Joe L Amerson Jr
MDOC # 36217
P. O. Box 88550
Pearl, Ms. 39288

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY MISSISSIPPI

FEBRUARY 13, 2006

MS. DONNA JILL JOHNSON
CIRCUIT CLERK OF
LAUDERDALE COUNTY
P.O. BOX 1005
MERIDIAN, MS. 39302-1005

RE: JOE LOUIS AMERSON, JR. V. JEFF ANDERSON HOSPITAL AND WINN DIXIE, INC.
LAUDERDALE COUNTY CASE NUMBER 05-CV-124(R)

DEAR MS. JOHNSON:

YOUR OFFICE IS IN RECEIPT OF THE PLAINTIFF JOE LOUIS AMERSON JR. FORESAID MOTION AND SUMMONS TO BRING DEFAULT JUDGMENT AND ON THE DEFENDANTS. THY MOST RECENT MOTION FILED BY THE PLAINTIFF JOE LOUIS AMERSON JR. UNDER RULE (37). SAID OF FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY.

DEFENDANT JEFF ANDERSON HOSPITAL FAILS TO ANWSER OR TO TRULY COMPLY OF THE ORDERS OF THIS HONORABLE CIRCUIT COURT SERVED OUT OF THIS OFFICE.

PLAINTIFF JOE LOUIS AMERSON JR SEEK DEFAULT JUDGMENT AND ALL THAT OF AWARDED THAT MAKE MENTION TO BE GRANT AND AUTHORIZED THE FEES AND ATTORNEY EXPENSES THAT SAID OF THIS MOTION.

SWORN TO AND SUBSCRIBED BEFORE ME THIS 22 OF February 2006

Christie E. Scott
NOTARY PUBLIC

[Signature]
JOE LOUIS AMERSON JR
MDOC NUMBER # 36214
C.M.C.F 3-B-1 B LONE
P.O. BOX 88550
PEARL, MS. 39288

CHRISTIE E. SCOTT
NOTARY PUBLIC
RANKIN COUNTY, MS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

IN THE Circuit Court OF Lauderdale County Mississippi:

JOE LOUIS AMERSON JR
VS
JEFF ANDERSON HOSPITAL
AND WINN DIXIE, INC.

Plaintiff
CAUSE# 05-CV-124(R)
DEFENDANTS

# Subpoena

COMES NOW PRO'SE the Plaintiff Joe Louis Amerson JR Set Forth the FORM: ISSURANCE. THE. HE. the PLAINTIFF COMMAND EACH PERSON TO WHOM IT IS DIRECTED TO ATTEND AND GIVE TESTIMONY OR TO PRODUCE AND PERMIT INSPECTION AND COPYING OF DESIGNATED books, documents OR TANGIBLE things IN the POSSESSION, CUSTODY OR CONTROL OF that PERSON OR TO PERMIT INSPECTION OF PREMISES, AT A time AND place therein SPECIFIED.

Plaintiff ASK of this Circuit Court to SERVE A Subpoena upon the MERIDIAN City Police department whom hold proof AND the police whom was dispatched to the property of the said defendant Jeff Anderson Hospital.

MAY the Clerk of the Circuit Court SERVE the Subpoena upon the City of Meridian Police Department that the said of MAY Witness to the Called on the Said date of August 03, 2004. To bring forward the Calling Officer of Meridian City Police Department.

To Witness of the Plaintiff was removed from the property of the deffendant Jeff Anderson Hospital to be placed under arrest for truspassing.

[signature]
JOE LOUIS AMERSON JR

Sworn And Subcribed Before Me
This 22 day of February 2006
Christie E. Scott
NORTARY PUBLIC

CHRISTIE E. SCOTT
NOTARY PUBLIC
RANKIN COUNTY, MS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

بسم الله الرحمن الرحيم

IN the NAME OF GOD, Most GRACIOUS,
Most MERCiful.

ALLAH (GOD) LAW OF JUSTICE FROM HOLY QUR'AN

TRULY those Who believe, And do deeds of Rightiousness And PERFORM AS-SALAT (PRAYOR) IQAMAT AS-SALAT (THE CALLER OF PRAYER) AND GIVE ZAKAT (CHARITY), they will have their REWARD with their lord. On them Shall be No FEAR, NOR Shall they GRIEVE.

O You Who believe Be AFRAID OF ALLAH (GOD) AND Give up what REMAINS (due to You) FROM Riba (USURY) (FROM NOW ONWARD), iF You ARE (REALLY) believers.

And iF You do Not do it, then take A Notice of WAR FROM ALLAH (GOD) AND HIS MESSENGER but iF YOU REPENT, You SHALL HAVE YOUR CAPITAL SUMS. DEAL NOT UNJustly (by ASKING MORE than You CApital SUMS), AND You Shall Not be dealt with UNJustly (by RECEIVING less than YOUR Capital SUMS).

And iF the debtor is in A hard time (has NO MONEY), then GRANT him time till it is EASY FOR him to PAY, but iF You REMIT it by WAY OF CHARITY, that is better FOR You iF You ONLY did but KNOW.

And be AFRAID of the DAY when You Shall be brought back to ALLAH (GOD). THEN EVERY PERSON Shall be Paid what he EARNd, And they Shall Not be dealt With UN-Justly.

O' You Who believe when You ContRACT A debt FOR A Fixed PERIOD, WRITE it down. Let A SCRibe writ it down in Justice between You. Let Not the SCRibe REFUSE to WRite AS ALLAH (GOD) has taught him, So let him write. Let him (the debtor) Who incurs the liability dictate, And He Must, FEAR ALLAH (GOD), his lord, And deminish Not Anything of What he OWES. But if the debtor is OF poor understanding, or WEAK, or is unable to dictate FOR himself, then let his Guardian dictate in Justice. And Get two Witness out of YOUR OWN MEN. And if there ARE Not two MEN (AVAilabe), then A MAN And two WOMEN such as You AGREE FOR Witness, So that if one of them (two WOMEN) ERRS, the other CAN REMIND her.

And the witness shall not refuse when they are called for (evidence). You should not become weary to write it (your contract), whether it be small or big, for its fixed terms. that is more just with Allah (God); more solid as evidence, and more convenient to prevent doubts among yourselves, save when it is a present trade which you may carry out on the spot among yourselves, then there is no sin on you if you do not write it down.

But take witness whenever you make a commercial contract. Let neither scribe nor witness suffer any harm but if you do (such harm), it would be wickedness in you. So be afraid of Allah (God); and Allah (God) teaches you, and Allah (God) is the All-Knower of each and everything.

These words are consisting to man law, God have given us to live and provided by; the same law of Justic in courts!

[signature]

Joe L Amerson Jr
M.D.O.C # 36217
C.M.C.F. 3B1. B zone
P.O. Box 88550
Pearl, Ms. 39288

Sworn and subrcibed before me this 22 of February 2006

commission expire

Notary Public [signature]

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

[Seal: CHRISTIE E. SCOTT NOTARY PUBLIC RANKIN COUNTY, MS]

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY MISSISSIPPI

JOE LOUIS AMERSON JR
VS.
JEFF ANDERSON HOSPITAL
AND WINN DIXIE, INC.

PLAINTIFF
CASE NUMBER 05-CV-124(R)
DEFENDANTS

MOTION
THE COMMENCEMENT OF ACTION
PLEADING, MOTION AND SERVICE

COMES NOW PRO'SE PLAINTIFF JOE LOUIS AMERSON JR A CIVIL ACTION AND STATE ACTION IS COMMENCED BY FILLING A COMPLAINT WITH THE COURT.

PLEASE TAKE NOTICE THAT ON FEBRUARY 21, 2005 DEFENDANT(S) WINN DIXIE STORES, INC, ET AL. FILED A VOLUNTARY PETITION UNDER CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE, COMMENCING BANKRUPTCY.

BEING JOINTLY ADMINISTERED UNDER THE STYLE IN RE WINN-DIXIE STORES, INC NO-05-11063 OPERATES AS A STAY 11 U.S.C § 362 (A)(1).

STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT RULE 62. AUTOMATIC STAY EXCEPTIONAL-INJUNCTION RECEIVERSHIP AND PATENT ACCOUNTINGS. EXCEPT AS STATED HEREIN, NO EXECUTION SHALL ISSUE UPON A JUDGMENT NOR SHALL PROCEEDING BE TAKEN FOR ITS ENFORCEMENT UNTIL THE EXPIRATION OF (10) DAYS AFTER IT'S ENTRY. UNLESS OTHERWISE ORDERED BY THE COURT, AN INTERLOCUTORY OR FINAL JUDGMENT IN AN ACTION FOR AN INJUNCTION OR IN A RECEIVERSHIP ACTION FOR INFRINGEMENT OF LETTERS PATENT, SHALL NOT BE STAYED DURING THE PERIOD AFTER ITS ENTRY AND UNTIL AN APPEAL IS TAKEN OR DURING THE PENDING PENDENCY OF AN APPEAL.

STAY OF JUDGMENT AS TO MULTIPLE CLAIMS OR MULTIPLE PARTIES. WHEN A COURT HAS ORDERED A FINAL JUDGMENT UNDER THE CONDITIONS STATED IN RULE 54 (B), THE COURT MAY, STAY ENFORCEMENT OF THAT JUDGMENT UNTIL THE ENTERING OF A SUBSEQUENT JUDGMENT OR JUDGMENTS AND MAY PRESCRIBE SUCH CONDITIONS AS ARE NECCESSARY TO SECURE THE BENEFIT THEREOF TO THE PLAINTIFF (PARTIES) IN WHOSE FAVOR THE JUDGMENT IS ENTER.

(AS AMENDED DEC 27, 1946 EFF. MAR 19. 1948, DEC 29, 1948, EFF. OCT. 20 1949; APR. 17. 1961. EFF. JULY 19. 1961, MAR 2, 1987. EFF. AUG 1, 1987.)

SEIZURE OF PERSON OR PROPERTY RULE 64. THE PLAINTIFF BRING THIS MOTION AT THE COMMENCEMENT OF AND DURING THE COURSE OF AN ACTION, ALL REMEDIES PROVIDING FOR THE PURPOSE OF SECURING SATISFACTION OF THE JUDGMENT ULTIMATELY TO BE ENTER IN THE ACTION ARE AVAILABLE UNDER THE CIRCUMSTANCES AND IN THE MANNER PROVIDED BY THE LAW OF THE STATE IN WHICH THE DISTRICT COURT IS HELD. EXISTING AT THE TIME THE REMEDY IS SOUGHT, SUBJECT TO THE FOLLOWING QUALIFICATIONS; (1) ANY EXISTING STATUE OF THE UNITED STATES GOVERNS TO THE EXTENT TO WHICH IT IS APPLICABLE; (2) THE ACTION IN WHICH ANY OF THE FOREGOING REMEDIES IS USED SHALL BE COMMENCED AND PROSECUTED OR, IF REMOVED FROM A STATE COURT, SHALL BE PROSECUTED AFTER REMOVAL, PURSUANT TO THESE RULES. THE REMEDIES THUS AVAILABLE INCLUDE ARREST, ATTACHMENT, GARNISHMENT, REPLEVIN, SEQUESTRATION, AND OTHER CORRESPONDING OR EQUIVALENT REMEDIES, HOWEVER DESIGNATED AND REGARDLESS OF WHETHER BY STATE PROCEDURE THE REMEDY IS ANCILLARY TO AN ACTION OR MUST BE OBTAINED BY AN INDEPENDENT ACTION.

PLAINTIFF BRINGS THIS OFFICE OF THE CIRCUIT COURT CLERK OF THIS HONABLE COURT THE PROTECTION OF HIS RIGHTS BY TITLE 11 BANKRUPTCY CHAPTER 3. CASE ADMINISTRATION SUBCHAPTER IV ADMINISTRATIVE POWER 11 U.S.C. § 363 TO BE FILED AND COPIES FORWARD TO DEFENDANT'S JEFF ANDERSON HOSPITAL AND WINN DIXIE STORES, INC. ATTORNEY'S.

State OF Mississippi

County OF Lauderdale

AFFiDAVit

I PRO'SE PERSONALLY APPEARED bEFORE the UNDERSIGN AuthORity iN the FORSAID County AND StAtE, the Within JOE Louis AMERSON, JR. the NAMED SAid OF PEtitiONER, WhOM ACKNOWLEDGES that the MAttERS AND things that hE ALLEGED iN his FOREGOING MOtiON AND thE thEREOF CONtAiNED the truth AND tRUE CORRECt AS StAtED.

I JOE LOuis AMERSON JR. SWEAR that hE the SubPOENA OF the City OF MERidiAN POLiCE DEPARtMENt hold to All OF thE SAid AllEGAtiON that ARE AGAiNSt JEFF ANdERSON HOSPitAl FOR thE CAll OF MERidiAN, City POliCE dEPARtMENt dAtEd AuGust 03, 2004.

PERtAiNiNG to the MAttER OF MEdicAl tREAtMENt thE dEFENdANt JEFF ANdERSON HOSPitAl CAUSiNG the PlAiNtiFF MEdicAl delibE-RAtEd iNdiFFERENCE bY FORCE OF CAlliNG the City OF MERidiAN, Polic DEPARtMENt to REMOVE thE Sick AND hURtEd PlAiNtiFF OFF the PROPERtY OF dEFENdANt JEFF ANdERSON HOSPitAl tRUE AND CORRECt AS StAtEd.

[signature]

SWORN AND SubSCRibEd bEFORE ME This 22 OF Febrary 2006

[signature] NOtARY Public

CHRISTIE E. SCOTT NOTARY PUBLIC RANKIN COUNTY, MS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

# Certificate of Service

This is to certify that I, Joe Louis Amerson Jr did cause to be Mailed the Foregoing Civil Right tort action and State tort action with this said of motion via United States. The Complaint be of via to the Circuit Court Clerk office P.O. Box 1065 Meridian, Ms. 39302-1005 this day 22 of Febuary 2006.

Respectfully Submitted

Joe Louis Amerson Jr
M.D.O.C Number 36219
P O Box 88550
C.M.C.F. 3B.1 B-Zone Bd #80
Pearl Ms. 39288.

Sworn and Subscribed Before me this 22 of Febuary 2006

My Commission Expires NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE MY COMMISSION EXPIRES: June 21, 2008 BONDED THRU NOTARY PUBLIC UNDERWRITERS

Notary Public Christie E Scott

CHRISTIE E. SCOTT NOTARY PUBLIC RANKIN COUNTY, MS

UNITED STATES CODE SERVICE
Copyright © 2005 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH P.L. 109-127, APPROVED 12/7/05 ***

TITLE 11. BANKRUPTCY
CHAPTER 3. CASE ADMINISTRATION
SUBCHAPTER IV. ADMINISTRATIVE POWERS

**GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

*11 USCS § 363* (2005)

§ 363. Use, sale, or lease of property

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this *title [11 USCS § 552(b)]*, whether existing before or after the commencement of a case under this title.

(b) (1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless--

(A) such sale or such lease is consistent with such policy; or

(B) after appointment of a consumer privacy ombudsman in accordance with section 332 [*11 USCS § 332*], and after notice and a hearing, the court approves such sale or such lease--

(i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

(2) If notification is required under subsection (a) of section 7A of the Clayton Act [*15 USCS § 18a(a)*] in the case of a transaction under this subsection, then--

(A) notwithstanding subsection (a) of such section [*15 USCS § 18a(a)*], the notification required by such subsection to be given by the debtor shall be given by the trustee; and

(B) notwithstanding subsection (b) of such section [*15 USCS § 18a(b)*], the required waiting period shall end on the 15th day after the date of the receipt, by the Federal Trade Commission and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, of the notification required under such subsection (a) [*15 USCS § 18a(a)*], unless such waiting period is extended--

(i) pursuant to subsection (e)(2) of such section [*15 USCS § 18a(e)(2)*], in the same manner as such subsection (e)(2) applies to a cash tender offer;

(ii) pursuant to subsection (g)(2) of such section [*15 USCS § 18a(g)(2)*]; or

(iii) by the court after notice and a hearing.

(c)

(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this *title [11 USCS § 721, 1108, 1203, 1204*, or *1304*] and unless the court orders otherwise, the trustee may enter into transac-

tions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.
(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless--
(A) each entity that has an interest in such cash collateral consents; or
(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.
(3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.
(4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only--
(1) in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust; and
(2) to the extent not inconsistent with any relief granted under subsection (c), (d), (e), or (f) of section 362 [*11 USCS § 362*].

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362 [*11 USCS § 362*]).

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--
(1) partition in kind of such property among the estate and such co-owners is impracticable;
(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(i) Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

(j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

(k) At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

(l) Subject to the provisions of section 365 [*11 USCS § 365*], the trustee may use, sell, or lease property under subsection (b) or (c) of this section, or a plan under chapter 11, 12, or 13 of this *title [11 USCS §§ 1101* et seq., *1201* et seq., or *1301* et seq.] may provide for the use, sale, or lease of property, notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property.

(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

(n) The trustee may avoid a sale under this section if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection.

(o) Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in *section 433.1 of title 16 of the Code of Federal R*egulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

(p) In any hearing under this section--

(1) the trustee has the burden of proof on the issue of adequate protection; and

(2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest.

**HISTORY:**

(Nov. 6, 1978, P.L. 95-598, Title I, § 101, 92 Stat. 2572; July 10, 1984, P.L. 98-353, Title III, Subtitle H, § 442, 98 Stat. 371; Oct. 27, 1986, P.L. 99-554, Title II, Subtitle B, § 257(k), 100 Stat. 3115; Oct. 22, 1994, P.L. 103-394, Title I, § 109, Title II, §§ 214(b), 219(c), Title V, § 501(d)(8), 108 Stat. 4113, 4126, 4129, 4144.)

(As amended April 20, 2005, P.L. 109-8, Title II, Subtitle A, § 204, Subtitle C, § 231(a), Title XII, § 1221(a), 119 Stat. 49, 72, 195.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:

*House Judiciary Report*

This section defines the rights and powers of the trustee with respect to the use, sale, or lease of property and the rights of other parties that have interests in the property involved. It applies in both liquidation and reorganization cases.

Subsection (a) defines "soft collateral" as inventory, accounts, contract rights, general intangibles, cash, negotiable instruments, documents of title, securities, or chattel paper in which the estate and an entity other than the estate have an interest, such as a lien or a co-ownership interest. The definition is not restricted to property of the estate that is soft collateral on the date of the filing of the petition. Thus, if "hard" collateral is sold, and the proceeds come within the definition of this subsection, then the proceeds would be soft collateral if they remained subject to the original lien on the "hard" collateral under proposed *11 U.S.C. 552(b)*.

Subsection (b) permits the trustee to use, sell, or lease, other than in the ordinary course of business, property of the estate. The trustee must give notice of any use, sale, or lease under this subsection, and provide an opportunity for objections and a hearing if there are any objections.

Subsection (c) governs ordinary course of business use, sale, or lease. If the business of the debtor is authorized to be operated under section 721, 1108, or 1304 of the bankruptcy code, then the trustee may use, sell, or lease property in the ordinary course of business without need for a notice and a hearing, and may enter into ordinary course transactions without notice or a hearing. This power is subject to several limitations. First, the court may restrict the trustee's powers in the order authorizing operation of the business. Second, with respect to soft collateral, the trustee may use, sell, or lease soft collateral only for a period of five days after he notifies the secured party of his intention to use, sell, or lease the collateral. After that period, he may not use, sell, or lease soft collateral without notice and a hearing. The same preliminary hearing procedure in the automatic stay section applies to this hearing.

The trustee is also limited in his use, sale or lease of property by the concept of adequate protection. He may use, sell, or lease property in which an entity other than the estate has an interest only to the extent not inconsistent with any relief from the stay granted to that interest's holder. Further, the court may prohibit or condition the use, sale, or lease as is necessary to provide adequate protection of that interest. Again, the trustee has the burden of proof on the issue of adequate protection.

Subsection (f) permits sale of property free and clear of any interest in the property of an entity other than the estate. The trustee may sell free and clear if applicable nonbankruptcy law permits it, if the other entity consents, if the interest is a lien and the sale price of the property is greater than the amount secured by the lien, if the interest is in bona fide dispute, or if the other entity could be compelled to accept a money satisfaction of the interest in a legal or equitable proceeding. Sale under this subsection is subject to the adequate protection requirement. Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale.

At a sale free and clear of other interests, any holder of any interest in the property being sold will be permitted to bid. If that holder is the high bidder, he will be permitted to offset the value of his interest against the purchase price of the property. Thus, in the most common situation, a holder of a lien on property being sold may bid at the sale, and if successful, may offset the amount owed to him that is secured by the lien on the property (but may not offset other amounts owed to him) against the purchase price, and be liable to the trustee for the balance of the sale price, if any.

Subsection (g) permits the trustee to sell free and clear of any vested or contingent right in the nature of dower or curtesy.

Subsection (h) permits sale of a co-owner's interest in property in which the debtor had an undivided ownership interest such as a joint tenancy, a tenancy in common, or a tenancy by the entirety. Such a sale is permissible only if partition is impracticable, if sale of the estate's interest would realize significantly less for the estate than sale of the property free of the interests of the co-owners, and if the benefit to the estate of such a sale outweighs any detriment to the co-owners.

Subsection (i) provides protections for co-owners and spouses with dower, curtesy, or community property rights. It gives a right of first refusal to the co-owner or spouse at the price at which the sale is to be consummated. Subsection (j) requires the trustee to distribute to the spouse or co-owner the appropriate portion of the proceeds of the sale, less certain administrative expenses.

Subsection (k)[(l)] permits the trustee to use, sell, or lease property notwithstanding certain bankruptcy or ipso facto clauses that terminate the debtor's interest in the property or that work a forfeiture or modification of that interest. This subsection is not as broad as the anti-ipso facto provision in proposed *11 U.S.C. 541(c)(1)*.

Subsection (l)[(m)]protects good faith purchasers of property sold under this section from a reversal on appeal of the sale authorization, unless the authorization for the sale and the sale itself were stayed pending appeal. The purchaser's knowledge of the appeal is irrelevant to the issue of good faith.

Subsection (m)[(n)] is directed at collusive bidding on property sold under this section It permits the trustee to void a sale if the price of the sale was controlled by an agreement among potential bidders. The trustee may also recover the excess of the value of the property over the purchase price, and may recover any costs, attorney's fees, or expenses incurred in voiding the sale or recovering the difference. In addition, the court is authorized to grant judgment in favor of the estate and against the collusive bidder if the agreement controlling the sale price was entered into in willful disre-

gard of this subsection. The subsection does not specify the precise measure of damages, but simply provides for punitive damages, to be fixed in light of the circumstances.
(H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 344-346.)
*Senate Judiciary Report*

. . .

Subsection (a) defines "cash collateral" as cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest, such as a lien or a co-ownership interest. The definition is not restricted to property of the estate that is cash collateral on the date of the filing of the petition. Thus, if "non-cash" collateral is disposed of and the proceeds come within the definition of "cash collateral" as set forth in this subsection, the proceeds would be cash collateral as long as they remain subject to the original lien on the "non-cash" collateral under section 552(b). To illustrate, rents received from real property before or after the commencement of the case would be cash collateral to the extent that they are subject to a lien.

Subsection (b) permits the trustees to use, sell, or lease, other than in the ordinary course of business, property of the estate upon notice and opportunity for objections and hearing thereon.

Subsection (c) governs use, sale, or lease in the ordinary course of business. If the business of the debtor is authorized to be operated under § 721, 1108, or 1304 of the bankruptcy code, then the trustee may use, sell, or lease property in the ordinary course of business or enter into ordinary course transactions without need for notice and hearing. This power is subject to several limitations. First, the court may restrict the trustee's powers in the order authorizing operation of the business. Second, with respect to cash collateral, the trustee may not use, sell, or lease cash collateral except upon court authorization after notice and a hearing, or with the consent of each entity that has an interest in such cash collateral. The same preliminary hearing procedure in the automatic stay section applies to a hearing under this subsection. In addition, the trustee is required to segregate and account for any cash collateral in the trustee's possession, custody, or control.

Under subsections (d) and (e), the use, sale, or lease of property is further limited by the concept of adequate protection. Sale, use, or lease of property in which an entity other than the estate has an interest may be effected only to the extent not inconsistent with any relief from the stay granted to that interest's holder. Moreover, the court may prohibit or condition the use, sale, or lease as is necessary to provide adequate protection of that interest. Again, the trustee has the burden of proof on the issue of adequate protection. Subsection (e) also provides that where a sale of the property is proposed, an entity that has an interest in such property may bid at the sale thereof and set off against the purchase price up to the amount of such entity's claim. No prior valuation under section 506(a) would limit this bidding right, since the bid at the sale would be determinative of value.

. . .

Subsection (h) permits sale of a co-owner's interest in property in which the debtor had an undivided ownership interest such as a joint tenancy, a tenancy in common, or a tenancy by the entirety. Such a sale is permissible only if partition is impracticable, if sale of the estate's interest would realize significantly less for the estate that [than] sale of the property free of the interests of the co-owners, and if the benefit to the estate of such a sale outweighs any detriment to the co-owners. This subsection does not apply to a co-owner's interest in a public utility when a disruption of the utilities services could result.

. . .

Subsection (h) [of § 365] protects real property lessees of the debtor if the trustee rejects an unexpired lease under which the debtor is the lessor (or sublessor). The subsection permits the lessee to remain in possession of the leased property or to treat the lease as terminated by the rejection. The balance of the term of the lease referred to in paragraph (1) will include any renewal terms that are enforceable by the tenant, but not renewal terms if the landlord had an option to terminate. Thus, the tenant will not be deprived of his estate for the term for which he bargained. If the lessee remains in possession, he may offset the rent reserved under the lease against damages caused by the rejection, but does not have any affirmative rights against the estate for any damages after the rejection that result from the rejection.

. . .

(S. Rept. No. 95-989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) pp. 55, 56, 60.)
*Congressional Record*
Section 363(a) of the House amendment defines "cash collateral" as defined in the Senate amendment. The broader definition of "soft collateral" contained in H.R. 8200 as passed by the House is deleted to remove limitations that were

placed on the use, lease, or sale of inventory, accounts, contract rights, general intangibles, and chattel paper by the trustee or debtor in possession.

Section 363(c)(2) of the House amendment is derived from the Senate amendment. Similarly, sections 363(c)(3) and (4) are derived from comparable provisions in the Senate amendment in lieu of the contrary procedure contained in section 363(c) as passed by the House. The policy of the House amendment will generally require the court to schedule a preliminary hearing in accordance with the needs of the debtor to authorize the trustee or debtor in possession to use, sell, or lease cash collateral. The trustee or debtor in possession may use, sell, or lease cash collateral in the ordinary course of business only "after notice and a hearing."

Section 363(f) of the House amendment adopts an identical provision contained in the House bill, as opposed to an alternative provision contained in the Senate amendment.

Section 363(h) of the House amendment adopts a new paragraph (4) representing a compromise between the House bill and Senate amendment. The provision adds a limitation indicating that a trustee or debtor in possession sell jointly owned property only if the property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power. This limitation is intended to protect public utilities from being deprived of power sources because of the bankruptcy of a joint owner.

Section 363(k) of the House amendment is derived from the third sentence of section 363(e) of the Senate amendment. The provision indicates that a secured creditor may bid in the full amount of the creditor's allowed claim, including the secured portion and any unsecured portion thereof in the event the creditor is undersecured, with respect to property that is subject to a lien that secures the allowed claim of the sale of the property.

(124 Cong. Rec. H 11093 (Sept. 28, 1978).)

Effective date of section:

This section became effective on October 1, 1979, pursuant to § 402(a) of Act Nov. 6, 1978, P.L. 95-598, which appears as *11 USCS prec § 101* note.

Amendments:

1984. Act July 10, 1984, in subsec. (a), inserted "whenever acquired" and "and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title"; in subsec. (b), designated the existing provisions as para. (1), and added para. (2); in subsec. (e), inserted ", with or without a hearing,", and deleted "In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection." following "interest."; in subsec. (f)(3), substituted "all liens on such property" for "such interest"; in subsec. (h), in the introductory matter, substituted "at the time of" for "immediately before"; in subsec. (j), substituted "compensation" for "compenation"; in subsec. (k), substituted "unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder" for "if the holder"; in subsec. (l), substituted "Subject to the provisions of section 365, the trustee" for "The trustee", substituted "condition" for "conditions", substituted "or the taking" for "a taking", and substituted "interest" for "interests"; in subsec. (n), substituted "avoid" for "void", substituted "avoiding" for "voiding", and substituted the sentence beginning "In addition to any recovery . . . ." for "The court may grant judgment in favor of the estate and against any such party that entered into such agreement in willful disregard of this subsection for punitive damages in addition to any recovery under the preceding sentence."; and added subsec. (o).

1986. Act Oct. 27, 1986 (effective 30 days after enactment on 10/27/86, and applicable as provided by § 302 of such Act, which appears as *28 USCS § 581* note), in subsec. (c)(1), substituted "1304, 1203, or 1204" for "or 1304"; and in subsec. (l), substituted ", 12, or 13" for "or 13".

1994. Act Oct. 22, 1994 (effective on enactment and inapplicable with respect to cases commenced prior to enactment, as provided by § 702 of such Act, which appears as *11 USCS § 101* note), in subsec. (a), inserted "and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties"; in subsec. (b)(2), in the introductory matter, deleted "(*15 U.S.C. 18a*)" following "Clayton Act", and substituted subparas. (A) and (B) for ones which read:

"(A) notwithstanding subsection (a) of such section, such notification shall be given by the trustee; and

"(B) notwithstanding subsection (b) of such section, the required waiting period shall end on the tenth day after the date of the receipt of such notification, unless the court, after notice and hearing, orders otherwise.";

in subsec. (c)(1), substituted "1203, 1204, or 1304" for "1304, 1203, or 1204"; and in subsec. (e), added the sentence beginning "This subsection also applies to property that is subject to any. . . ".

2005. Act April 20, 2005 (applicable as provided by § 1221(d) of such Act, which appears as a note to this section), in subsec. (d), substituted "only--" and paras. (1) and (2) for "only to the extent not inconsistent with any relief granted under section 362(c), 362(d), 362(e), or 362(f) of this title.".

Such Act further (effective 180 days after enactment and inapplicable to cases commenced before the effective date, as provided by § 1501 of such Act, which appears as *11 USCS § 101* note), in subsec. (b)(1), substituted ", except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless--" and subparas. (A) and (B) for a concluding period; redesignated subsec. (o) as subsec. (p); and inserted new subsec. (o);

Other provisions:

**Application of July 10, 1984 amendments.** Act July 10, 1984, P.L. 98-353, Title III, Subtitle K, § 552(a) [553(a)], 98 Stat. 392; Oct. 19, 1984, P.L. 98-531, § 1, 98 Stat. 2704, provided that the amendments made to this section by such Act are applicable to cases filed 90 days after enactment on July 10, 1984.

**Application of amendments made by § 1221 of Act April 20, 2005.** Act April 20, 2005, P.L. 109-8, Title XII, § 1221(d), 119 Stat. 196, provides: "The amendments made by this section [amending *11 USCS § § 363(d), 541(f), 1129(a)*] shall apply to a case pending under title 11, United States Code, on the date of enactment of this Act, or filed under that title on or after that date of enactment, except that the court shall not confirm a plan under chapter 11 of *title 11, United States Code [11* USCS § § 1101 et seq.], without considering whether this section would substantially affect the rights of a party in interest who first acquired rights with respect to the debtor after the date of the filing of the petition. The parties who may appear and be heard in a proceeding under this section include the attorney general of the State in which the debtor is incorporated, was formed, or does business.".

**Amendments made by § 1221 of Act April 20, 2005; rule of construction.** Act April 20, 2005, P.L. 109-8, Title XII, § 1221(e), 119 Stat. 196, provides: "Nothing in this section [amending *11 USCS § § 363(d), 541(f), 1129(a)*] shall be construed to require the court in which a case under chapter 11 of *title 11, United States Code [11* USCS § § 1101 et seq.], is pending to remand or refer any proceeding, issue, or controversy to any other court or to require the approval of any other court for the transfer of property.".

**NOTES:**

Related Statutes & Rules:

Adequate protection, *11 USCS § 361.*

Relief from automatic stay of actions against debtor or property of debtor, *11 USCS § 362(c)*-(f).

Property of estate, *11 USCS § 541.*

Authorization to operate business in liquidation, *11 USCS § 721.*

Disposition of certain property subject to liens in liquidation, *11 USCS § 725.*

Reduction of securities to money in stockbroker liquidation, *11 USCS § 748.*

Authorization to operate business in reorganization, *11 USCS § 1108.*

Authorization for trustee to operate business of debtor seeking adjustment of debts of individual with regular income, *11 USCS § 1304.*

Notice to creditors, equity security holders, and United States, *Rule 2002, Federal Rules of Bankruptcy Procedure*, USCS Court Rules.

Use, sale, or lease of property, *Rule 6004, Federal Rules of Bankruptcy Procedure*, USCS Court Rules.

This section is referred to in *11 USCS § § 303, 361, 507, 541, 542, 552, 553, 557, 1110, 1111, 1129, 1168, 1205, 1206, 1303, 1304.*

Research Guide:

Federal Procedure:

18 Moore's Federal Practice (Matthew Bender 3d ed.), ch 131, Claim Preclusion and Res Judicata § 131.23.

29 Moore's Federal Practice (Matthew Bender 3d ed.), ch 705, Admiralty Arrest and Attachment § 705.07.

29 Moore's Federal Practice (Matthew Bender 3d ed.), ch 706, Admiralty Sales § 706.03.

5 Fed Proc L Ed, Bankruptcy § § 9:301, 329, 388, 389.

5A Fed Proc L Ed, Bankruptcy § § 9:931, 951, 957, 959, 980, 991, 1001, 1011-1017, 1019, 1022-1038, 1040, 1041, 1043-1055, 1117, 1138, 1186, 1187, 1344, 1352, 1415, 1473, 1481.

5B Fed Proc L Ed, Bankruptcy § § 9:1669, 1699, 1702, 1820, 1858, 1871.

Am Jur:

*9 Am Jur 2d, Bankruptcy § § 20, 141, 288, 301, 325, 329, 338, 465, 478, 487, 545, 658, 659, 729.*

*9A Am Jur 2d, Bankruptcy § § 1149, 1151, 1441.*

*9B Am Jur 2d, Bankruptcy § § 1501, 1507, 1517-1521, 1524, 1528-1531, 1533, 1534, 1536, 1537, 1541-1558, 1701, 1723, 1748, 1797, 1849.*

*9C Am Jur 2d, Bankruptcy § § 2292, 2313, 2349, 2354, 2421, 2445, 2446, 2505.*

*9D Am Jur 2d, Bankruptcy § § 2554, 2572, 573, 2579, 2592, 2666, 2718, 2730, 2946.*

*9E Am Jur 2d, Bankruptcy § § 2974, 2977, 2983, 3039, 3504, 3509, 3541, 3545.*

*25 Am Jur 2d, Dower and Curtesy § 23.*

Am Jur Proof of Facts:

64 Am Jur Proof of Facts 3d, Topic: Proof of Objections to Discharge of Individual Debtor Under *11 U.S.C.A. § 727(A)* [*11 USCS § 727(A)*] and *Fed. R. Bankr. P. 7001* in a Liquidation Bankruptcy Case Under Chapter 7 of the Bankruptcy Code [*11 USCS § § 701* et seq.], p. 113.

Forms:

14 Bender's Federal Practice Forms, Forms ADMB:4509, ADMB:4555, ADMB:4556, ADMB:4582, ADMB:4583, ADMB:4584, ADMB:4585, ADMB:4587, ADMB:4588, Admiralty--Bankruptcy Forms.

4A Fed Procedural Forms L Ed, Bankruptcy (2004) § § 9:947-952, 956-992, 1006, 1056.

4A Am Jur Pl & Pr Forms (2004), Bankruptcy, § § 345, 347-353, 355-359, 468, 478, 496.

7C Am Jur Pl & Pr Forms (2002), Cotenancy and Joint Ownership, § 46.

Bankruptcy:

1 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1, Overview of Bankruptcy Law P 1.03.

1 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 7, Bankruptcy Crimes PP 7.02, 7.09.

3 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 345, Money of Estates P 345.02.

3 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 361, Adequate Protection P 361.01.

3 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 362, Automatic Stay PP 362.07-362.09.

3 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 363, Use, Sale or Lease of Property PP 363.01, 363.02, 363.05-363.08, 363.10.

4 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 506, Determination of Secured Status PP 506.02, 506.03.

4 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 522, Exemptions P 522.10.

5 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 541, Property of the Estate PP 541.03, 541.13, 541.24.

5 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 552, Postpetition Effect of Security Interest PP 552.01, 552.03, 552.LH.

5 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 553, Setoff PP 553.01, 663.06, 553.10.

5 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 554, Abandonment of Property of the Estate PP 554.02.

6 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 721, Authorization to Operate Business P 721.02.

6 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 901, Applicability of Other Sections of This Title P 901.04.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1100, General Analysis of Chapter 11 (*Bankruptcy Code § § 1101-1174*) PP 1100.01, 1100.03, 1100.07.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1107, Rights, Powers and Duties of Debtor in Possession P 1107.03.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1108, Authorization to Operate Business P 1108.02.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1109, Right to Be Heard P 1109.06.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1110, Aircraft Equipment and Vessels P 1110.05.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1111, Claims and Interests P 1111.03.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1112, Conversion or Dismissal P 1112.04.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1113, Rejection of Collective Bargaining Agreements P 1113.03.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1114, Payment of Insurance Benefits to Retired Employees P 1114.03.

7 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1129, Confirmation of Plan PP 1129.01, 1129.05.

8 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1203, Rights and Powers of Debtor P 1203.02.
8 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1300, General Analysis of Chapter 13 (*Bankruptcy Code § § 1301-1330*) PP 1300.52, 1300.95.
8 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1303, Rights and Powers of Debtors PP 1303.01-1303.03.
8 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1304, Debtor Engaged in Business P 1304.03.
8 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 1325, Confirmation of Plan PP 1325.02, 1325.06.
9 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 3012, Valuation of Security P 3012.01.
9 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 3017, Court Consideration of Disclosure Statement in a Chapter 9 Municipality or Chapter 11 Reorganization Case P 3017.04.
9 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 4001, Relief from Automatic Stay; Prohibiting or Conditioning the Use, Sale or Lease of Property; Use of Cash Collateral; Obtaining Credit; Agreements PP 4001.02, 4001.04, 4001.05, 4001.07, 4001.RH.
10 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 6004, Use, Sale or Lease of Property PP 6004.09, 6004.RH.
10 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 9013, Motions: Form and Service P 9013.01.
10 Collier on Bankruptcy (Matthew Bender 15th ed. rev), ch 9018, Secret, Confidential, Scandalous, or Defamatory Matter P 9018.02.
1 Collier Bankruptcy Practice Guide, ch 1, Initial Client Contact P 1.06.
1 Collier Bankruptcy Practice Guide, ch 2, Gathering Information P 2.02.
1 Collier Bankruptcy Practice Guide, ch 3, Non-Bankruptcy Alternatives P 3.08.
1 Collier Bankruptcy Practice Guide, ch 14, Involuntary Proceedings PP 14.02, 14.67.
2 Collier Bankruptcy Practice Guide, ch 18, Consolidation and Joint Administration PP 18.04, 18.05.
2 Collier Bankruptcy Practice Guide, ch 39, Injunctions PP 39.03, 39.58.
3 Collier Bankruptcy Practice Guide, ch 40, Contempt P 40.05.
3 Collier Bankruptcy Practice Guide, ch 43, Use, Sale and Lease of Property PP 43.02, 43.03, 43.08, 43.51, 43.53, 43.64.
3 Collier Bankruptcy Practice Guide, ch 52, Determination of Secured Status PP 52.09, 52.13.
3 Collier Bankruptcy Practice Guide, ch 53, Validity of Liens P 53.03.
3 Collier Bankruptcy Practice Guide, ch 62, Turnover of Property PP 62.54, 62.55.
4 Collier Bankruptcy Practice Guide, ch 66, Setoffs P 66.10.
4 Collier Bankruptcy Practice Guide, ch 68, Executory Contracts P 68.08.
4 Collier Bankruptcy Practice Guide, ch 74, Exemptions P 74.13.
5 Collier Bankruptcy Practice Guide, ch 89, Financing the Operation of a Debtor's Business PP 89.03, 89.58A.
6 Collier Bankruptcy Practice Guide, ch 91, Cram Down PP 91.05, 91.06.
6 Collier Bankruptcy Practice Guide, ch 92, Distribution Under the Plan P 92.12.
6 Collier Bankruptcy Practice Guide, ch 94, Trading Claims in *Chapter 11 P 94*.09.
6 Collier Bankruptcy Practice Guide, ch 100, Adjustment of Debts of a Family Farmer with Regular Annual Income P 100.11.
6 Collier Bankruptcy Practice Guide, ch 101, Administration of the Chapter 13 Case and the Chapter 13 Plan (Appointment and Qualification of Chapter 13 Trustee; Duties of Chapter 13 Trustee; Proposal of Plan; Objections to Plan; Confirmation of Plan; Payout Under Plan; Discharge and Objections To Discharge) P 101.06.
6 Collier Bankruptcy Practice Guide, ch 117, Appeals in Bankruptcy Cases P 117.11.
1 Collier Bankruptcy Manual, ch 1, Overview of Bankruptcy Law P 1.03.
1 Collier Bankruptcy Manual, ch 7, Bankruptcy Crimes P 7.02.
1 Collier Bankruptcy Manual, ch 345, Money of Estates P 345.02.
1 Collier Bankruptcy Manual, ch 362, Automatic Stay PP 362.07, 362.08.
1 Collier Bankruptcy Manual, ch 363, Use, Sale, or Lease of Property PP 363.02, 363.05-363.08, 363.10.
2 Collier Bankruptcy Manual, ch 506, Determination of Secured Status PP 506.02, 506.03.
2 Collier Bankruptcy Manual, ch 522, Exemptions P 522.10.
2 Collier Bankruptcy Manual, ch 552, Postpetition Effect of Security Interest PP 552.01, 552.03.
2 Collier Bankruptcy Manual, ch 554, Abandonment of Property of the Estate P 554.02.
2 Collier Bankruptcy Manual, ch 721, Authorization to Operate Business P 721.02.
3 Collier Bankruptcy Manual, ch 1100, *General Analysis of Chapter 11 P 1100*.01.
3 Collier Bankruptcy Manual, ch 1107, Debtor in Possession P 1107.03.
3 Collier Bankruptcy Manual, ch 1108, Authorization to Operate Business P 1108.02.

3 Collier Bankruptcy Manual, ch 1110, Aircraft Equipment and Vessels P 1110.05.
3 Collier Bankruptcy Manual, ch 1111, Claims and Interests P 1111.03.
3 Collier Bankruptcy Manual, ch 1112, Conversion or Dismissal P 1112.04.
3 Collier Bankruptcy Manual, ch 1203, Rights and Powers of Debtor P 1203.02.
3 Collier Bankruptcy Manual, ch 1303, Rights and Powers of Debtors PP 1303.01-1303.03.
3 Collier Bankruptcy Manual, ch 1304, Debtor Engaged in Business P 1304.03.
3 Collier Bankruptcy Manual, ch 1325, Confirmation of Plan PP 1325.02, 1325.06.

Annotations:

Authority of Congress under bankruptcy clause of *Federal Constitution (Art I, sec. 8, cl 4)* to legislate on the subject of bankruptcies--Federal cases. *71 L Ed 2d 905.*

Validity of Legal Claim Predicated on Nonmarital Same-Sex Relationship. *8 ALR6th 339.*

Judicial Estoppel of Subsequent Action Based on Statements, Positions, or Omissions as to Claim or Interest in Bankruptcy Proceeding. *85 ALR5th 353.*

Texts:

3B Benedict on Admiralty, Property of the Estate and Protection of Creditors' Interests § § 17, 19.
3B Benedict on Admiralty, Maritime in Rem Proceedings in Bankruptcy § 42.
3B Benedict on Admiralty, Proceedings in the United States Involving Foreign Bankruptcies § 79.

Law Review Articles:

Hurley, Chapter 11 Alternative: Section 363, Sale of all of the Debtor's Assets Outside a Plan of Reorganization. *58 Am Bankr L J 233,* Summer, 1984.

Levit, Use and Disposition of Property Under Chapter 11 of the Bankruptcy Code: Some Practical Concerns. *53 Amer Bank L J 275,* Summer, 1979.

Hughes, "Wavering Between the Profit and the Loss": Operating a Business During Reorganization Under Chapter 11 Of the New Bankruptcy Code. *54 Amer Bankr LJ 45,* Winter, 1980.

Furth and Sprouls and Mitchell, Secured creditors playing to win in a single asset real estate Chapter 11 case: using *11 USC § § 363, 506,* and *1129* to control a case by restricting payment of the debtor's professional fees from collateral. 4 J Bankr L & Prac 177, January/February, 1995.

Collen. What do the subsections of Section 363(f) really mean? A primer on selling free and clear of interests, 6 J Bankr L & Prac 563, September/October 1997.

O'Connell, The ability of a bankruptcy trustee to sell property held by a debtor and a non-debtor spouse as tenants by the entirety under New York law. *64 NY St BJ 10,* December, 1992.

Dewitt, Application of the New Bankruptcy Code to Real Estate Financing. 14 Real Property Probate and Trust Journal 410, Summer, 1979.

Landers; Coleman. Selling an operating business in bankruptcy. *33 UCC LJ 387,* Spring 2001.

Interpretive Notes and Decisions:

**I. IN GENERAL**

**A. General Considerations** 1. Generally 2. Purpose 3. Jurisdiction 4. Application

**B. Relation to Other Laws** 5. Generally 6. *11 USCS § 362* 7. *11 USCS § 364* 8. *11 USCS § 365* 9. *11 USCS § 554*

**C. Practice and Procedure** 10. Generally 11. Burden of proof 12. Res judicata 13. Jury trial

**II. USE, SALE OR LEASE OF PROPERTY, GENERALLY**

**A. In General** 14. Property available for use, sale or lease 15. Persons having authority to use, sell or lease 16. Use, sale or lease notwithstanding ipso facto clauses 17. Division of sale proceeds 18. Sales tax 19. Effect of use, sale or lease 20. Remedies

**B. Determination of Character of Transaction** 21. Generally 22. Transactions outside ordinary course of business 23. Transactions within ordinary course of business

**III. USE, SALE, OR LEASE NOT IN ORDINARY COURSE OF BUSINESS**

**A. In General** 24. Generally 25. Manner, conduct or terms of sale 26. Relation to reorganization or plan 27. Restrictions 28. Offset upon sale to creditor 29. Miscellaneous

**B. Court Approval of Use, Sale or Lease** 30. Generally 31. Necessity of court approval 32. Factors considered by court 33. Justification for use, sale, or lease 34. Miscellaneous

**C. Notice and Hearing** 35. Generally 36. Sufficiency of notice 37. Failure to comply

**D. Objections to Use, Sale or Lease** 38. Generally 39. Standing to object 40. Timeliness of objection

**IV. USE, SALE, OR LEASE IN ORDINARY COURSE OF BUSINESS**

**A. In General** 41. Generally

**B. Use, Sale, or Lease of Cash Collateral** 42. Generally 43. What constitutes cash collateral 44. --Rents 45. --Milk proceeds 46. Prerequisites to use, sale, or lease 47. --Consent 48. --Court approval notice and hearing 49. ----Failure to obtain approval 50. ----Particular uses 51. Unauthorized use, sale or lease 52. --Use of rents 53. --Use for attorney fees 54. --Sanctions 55. Duty to segregate and account for cash collateral 56. Miscellaneous

**V. PROHIBITION OR CONDITIONING USE, SALE, OR LEASE TO PROVIDE ADEQUATE PROTECTION**

**A. In General** 57. Generally 58. Interest in property 59. Procedural matters 60. --Burden of proof 61. Entitlement to adequate protection 62. --Necessity of request 63. --Unsecured creditors 64. Determination of adequate protection 65. --Valuation 66. Miscellaneous

**B. Methods of Providing Adequate Protection** 67. Equity in property 68. Payments 69. Additional or replacement lien 70. Guaranty 71. Miscellaneous

**C. Adequate Protection of Particular Interests in Property** 72. Livestock or crop proceeds 73. Milk proceeds 74. Rents 75. Insurance proceeds 76. Accounts receivable 77. Vehicles 78. Miscellaneous

**VI. SALE FREE AND CLEAR OF CERTAIN INTERESTS**

**A. In General**

**1. General Considerations** 79. Generally 80. Sale motions and orders 81. Successor liability 82. Miscellaneous

**2. Requirement for Sale** 83. Generally 84. Consent of interest holder 85. Existence and validity of liens 86. Proceeds in excess of liens 87. Arrangement of liens to proceeds 88. Miscellaneous

**3. Sale of Particular Property** 89. Real property 90. --Life estates and remainder interests 91. Liquor licenses 92. Partnership interests 93. Miscellaneous

**B. Sale of Co-owner's Interest**

**1. In General** 94. Generally 95. Procedural matters 96. Tenancies subject to sale 97. Determination and allocation of co-owner's interest 98. Prerequisites to sale 99. --Realization of higher amount for estate 100. --Benefit exceeding detriment to co-owner 101. Sale of tenancies by the entirety 102. --Constitutionality 103. Right of first refusal 104. Costs and expenses of sale 105. Miscellaneous

**2. Particular Sales** 106. Interest of debtor's spouse 107. Interest of other co-owners

**VII. SETTING ASIDE SALES** 108. Generally 109. Collusion 110. Inadequate price 111. Mistake or fraud 112. Miscellaneous

**VIII. APPEALS**

**A. In General** 113. Generally 114. Standing to appeal 115. Finality of order 116. Standard of review

**B. Effect of Appeal on Validity of Sale** 117. Generally 118. Good faith 119. Good faith purchaser 120. Miscellaneous

## I. IN GENERAL

### A. General Considerations 1. Generally

*11 USCS § 363* defines rights and powers of trustee regarding use, sale or lease of estate property and rights of third parties with interest in subject property, but it does not create property interest, but instead protects parties with interest in cash collateral. *In re Village Properties, Ltd. (1984, CA5 Tex) 723 F2d 441, 12 BCD 370, 10 CBC2d 224,* CCH Bankr L Rptr P 69583, cert den *(1984) 466 US 974, 80 L Ed 2d 823, 104 S Ct 2350.*

Proceeding under *11 USCS § 363* is in rem proceeding transferring property rights; such rights are rights good against world and not just against parties to judgment or persons with notice of proceeding. *In re Met-L-Wood Corp. (1988, CA7 Ill) 861 F2d 1012, 18 BCD 1045, CCH Bankr L Rptr P 72511, 12 FR Serv 3d 832,* cert den *(1989) 490 US 1006, 104 L Ed 2d 157, 109 S Ct 1642.*

Where plaintiff based his complaint on trustee's accounting for and sale of property, filing of tax returns, and payment of taxes (trustee's statutory responsibilities and powers as Chapter 11 trustee), and not on tortious acts committed in furtherance of plaintiff's business, *28 USCS § 959(a)* did not apply. *Muratore v Darr (2004, CA1 RI) 375 F3d 140, 43 BCD 78,* CCH Bankr L Rptr P 80131.

Chapter 7 trustee may sell personal property of debtor under *11 USCS § 363* where items are difficult to value. *In re Rester (1984, SD Ala) 46 BR 194.*

Properly recorded rent assignment is "cash collateral" within meaning of *11 USCS § 363(c)(2)* regardless of whether holder has obtained possession of rents. *In re Foxcroft Square Co. (1995, ED Pa) 178 BR 659, 34 CBC2d 10.*

Statute of frauds does not apply to sales conducted by Chapter 7 trustee under authority of *11 USCS § 363*. *In re Laughinghouse (1985, BC ED NC) 51 BR 869,* CCH Bankr L Rptr P 70690.

Doctrine of caveat emptor applies to bankruptcy sales held pursuant to *11 USCS § 363*, but doctrine does not apply if there has been fraud or misrepresentation; misrepresentation which will vitiate contract of sale is that (1) which relates to material matter constituting inducement to contract; (2) respecting which matter complaining party did not have at hand the means of knowledge; and (3) upon which complaining party actually relied to his injury. *In re Laughinghouse (1985, BC ED NC) 51 BR 869,* CCH Bankr L Rptr P 70690.

Bankruptcy judge may sustain debtor in its refusal to sell property despite insistence of important creditor that sale should be held, where debtor shows valid business justification for its course of conduct; to succeed on application to have debtor sell property, creditor has burden of proving that debtor is acting without valid business justification. *In re Highway Equipment Co. (1986, BC SD Ohio) 61 BR 58.*

Debtor's amended license agreement which provides for 50-year license of certain technology owned by debtor constitutes "sale" of said technology under *11 USCS § 363* where agreement along with sale of hard assets amounts to liquidation of debtor's business, agreement does not explicitly provide for technology to revert to debtor after 50 years, agreement gives purchaser right to sell that which it is purportedly only licensing, and debtor retains no rights to use or license technology. *In re Embrace Sys. Corp. (1995, BC WD Mich) 178 BR 112.*

Bankruptcy trustee may not, pursuant to *11 USCS § 363*, assign legal malpractice claim against attorney or former attorney of estate in order to allow estate to share in benefit of claim's prosecution while simultaneously avoiding costs to estate of pursuing such claims, since cost to legal system of such assignment outweighs benefits in that trafficking in such claims would place increased burden on judicial system and ultimately reduce availability of competent legal services, embarrass attorney-client relationship and imperil sanctity of that relationship; these policy considerations, in addition to considerations of Texas state law under which legal malpractice claims are nonassignable, must be extrapolated into federal bankruptcy context when determining prudence of assigning legal malpractice claims. *In re J.E. Marion, Inc. (1996, BC SD Tex) 199 BR 635, 29 BCD 863.*

Because use of food and beverage inventory that represented secured lender's pre-petition collateral made up part of debtor restaurant's post-petition income, such income was secured lender's cash collateral and, therefore, use of such cash collateral was approved upon entry of order providing adequate protection to secured lender. *In re Cafeteria Operators, L.P. (2003, BC ND Tex) 299 BR 400.*

*11 USCS § 363* provides means by which trustee can sell real property owned by debtor and non-debtor without resorting to state court partition suits while protecting rights of third parties; detriment to third party must be considered and third party may be granted right to purchase property. *In re Rice (2004, BC ED Va) 309 BR 875, 93 AFTR 2d 1393.*

Fundamentally, *11 USCS § 363* provides basis for balancing interests of secured creditor and debtor. *Metropolitan Life Ins. Co. v Sunnymead Shopping Ctr. Co. (In re Sunnymead Shopping Ctr. Co.) (1995, BAP9 Ariz) 178 BR 809, 95*

*CDOS 2951, 95* Daily Journal DAR 9627 (criticized in *Bank of Sun Prairie v Marshall Dev. Co. (2001, App) 2001 WI App 64, 242 Wis 2d 355, 626 NW2d 319).*

**2. Purpose**

Purpose behind *11 USCS § 363* is to allow businesses to continue daily operations without incurring burden of obtaining court approval or notifying creditors for minor transactions, while protecting secured creditors and others from dissipation of estate's assets. *In re Dant & Russell, Inc. (1986, DC Or) 67 BR 360, 15 BCD 678, 25 Envt Rep Cas 1255,* affd in part and revd in part (1988, CA9 Or) *853 F2d 700, 18 BCD 301, 20 CBC2d 369, 28 Envt Rep Cas 1049, CCH Bankr L Rptr P 72406, 18 ELR 21312* (criticized in *In re Palace Quality Servs. Indus. (2002, BC ED Mich) 283 BR 868)* and (superseded by statute as stated in *In re Nat'l Refractories & Minerals Corp. (2003, BC ND Cal) 297 BR 614, 51 CBC2d 305).*

Rationale for *11 USCS § 363(m)* is to afford finality to judgments and orders of Bankruptcy Court such that good faith purchasers can rely on court orders in purchasing assets of Chapter 11 debtor. *International Union, United Auto., etc. & its Local 982 v Morse Tool, Inc. (1988, DC Mass) 85 BR 666.*

Purpose of notice of *11 USCS § 363* sale, as provided in Bankruptcy Rules 2002 and 6004, is to provide opportunity for objections and hearing before court; notice is sufficient if it: (1) includes terms and conditions of sale; (2) states time for filing objections; and (3) if estate is selling real estate, generally describes property. *In re Karpe (1988, BC MD Pa) 84 BR 926, 18 CBC2d 1313.*

Because recorded interest is best evidence of ownership of property, debtor's recorded interest on date of his bankruptcy filing must be respected and this interest became property of bankruptcy estate on date of filing and subject to trustee's sale provisions of *11 USCS § 363. Sosne v Gant (In re Gant) (1995, BC ED Mo) 178 BR 169.*

Bankruptcy Court had authority, after debtor filed for relief under Chapter 11 of Bankruptcy Code, to limit or direct aspects of conduct of debtor's business. *In re Mirant Corp. (2004, BC ND Tex) 44 BCD 29.*

**3. Jurisdiction**

Under *28 USCS § 158(d)*, Court of Appeals has jurisdiction to hear Chapter 11 debtor's appeal of District Court decision reversing Bankruptcy Court decision under *11 USCS § 363* allowing debtor to use cash collateral to drill new oil wells, because if Bankruptcy Court order was final for purposes of appeal to District Court, District Court order is final for purposes of appeal to Court of Appeals, unless District Court reverses and remands for further significant proceedings in Bankruptcy Court. *In re O'Connor (1987, CA10 Okla) 808 F2d 1393, 15 BCD 735,* CCH Bankr L Rptr P 71571.

Neither *28 USCS § 1471*(a) nor (b) grant subject-matter jurisdiction over indemnification order to attorney who argued creditor's motion for public sale of Chapter 7 debtor's asset, requiring attorney to reimburse trustee for any difference between offer of private bidder and amount realized from public sale; thus, Bankruptcy Court had no power to hold creditor's attorney personally liable under *11 USCS § § 363, 105*, or any other section of Code; nor do Bankruptcy Court's equitable powers allow it to impose indemnity on creditor's attorney because those equitable powers may only be exercised within confines of Code--Bankruptcy Court does not have unfettered equity power and cannot extend its jurisdiction under guise of acting "equitably"; because Congress did not grant Bankruptcy Court subject-matter jurisdiction, equitable powers cannot be used to impose indemnification either; even if Bankruptcy Court had such power, it would be inequitable to impose indemnification of attorney, requiring him to act in his best estate to avoid potential liability of personal indemnification or to act in his client's best interest by actually incurring that liability. *In re Granger Garage, Inc. (1990, CA6 Ohio) 921 F2d 74, 21 BCD 174, 24 CBC2d 305,* CCH Bankr L Rptr P 73738.

Bankruptcy Court was not without jurisdiction to enter order authorizing sale of Chapter 11 debtor's grain elevator free and clear of liens under *11 USCS § 363*, even though order approving settlement of lien claims against grain elevator was pending because pendency of appeal of bankruptcy decision does not deprive Bankruptcy Court of jurisdiction over issues not involved in appeal; settlement appeal contested Bankruptcy Court's findings that mechanic's lienholder settled its lien claim and that this settlement was in lienholder's best interest, sale order did not address these issues, but merely authorized sale of elevator during appeal process, and sale order contained express provision for accommodating pending settlement agreement by permitting return to status quo if settlement order appeal was successful; furthermore, settlement approval order which incorporated and approved settlement determination order was not final order, but rather was interlocutory order which was certified as final to permit immediate appeal. *In re Schultz Mfg. & Fabricating Co. (1992, CA7 Ind) 956 F2d 686, CCH Bankr L Rptr P 74475, reh den (1992, CA7) 1992 US App LEXIS 5778.*

Second mortgagee's complaint seeking determination that its second mortgage had priority over other liens against debtor's property which had been sold pursuant to *11 USCS § 363* could not invoke Bankruptcy Court jurisdiction because second mortgagee was seeking determination of its right to property that had passed outside court's control when property was sold free and clear of liens, and since property was no longer part of bankruptcy estate and since determination of rights to it would not affect any dispute by creditors over property which is part of estate, Bankruptcy Court had no jurisdiction; although former liens against property, including second mortgagee's, attached to proceeds of sale, proceeds also had been disbursed, all but $ 7,000 which trustee, by offering to second mortgagee, had in effect abandoned. *In re Edwards (1992, CA7 Ill) 962 F2d 641, 22 BCD 1515, CCH Bankr L Rptr P 74611, 23 FR Serv 3d 246.*

Court has jurisdiction to rule on trustee's motion for order to effectuate sale and debtors' objection to confirmation of sale under *11 USCS § 363* even though previous order permitting sale is on appeal, based on case law of Sixth Circuit, Bankruptcy Rule 8005, *11 USCS § 105(a)*, and District Court's decision that debtor's objection to sale as well as motion to confirm sale be heard by Bankruptcy Court. *In re Cossett (1985, BC SD Ohio) 51 BR 166.*

Debtor retains valuable interest in property which is included in property of estate and protected by automatic stay even though debtor's right to redemption may have been extinguished when property was exposed to prepetition public upset sale, because debtor still retains right to excess proceeds remaining after satisfaction of tax claims, municipal liens and other lien obligations. Schuylkill County Tax Claim Bureau v East W. Enters.(In re East W. Enters.) (1993, BC MD Pa) *178 BR 64.*

In Chapter 11 debtor's action for approval of pre-confirmation sale of nursing home, debtor's request for injunctive relief against state agency permanently enjoining state agency from exercising its right of recapture against prospective buyer in sale is granted under *11 USCS 105(a)*, where court finds Virginia law to be in conflict with *11 USCS § 363(f)*, and further concludes bankruptcy statute preempts Virginia law in this respect. *WBQ Ptnr. v Virginia Dep't of Medical Assistance Servs. (In re WBQ Ptnr.) (1995, BC ED Va) 189 BR 97, 27 BCD 1200, 34 CBC2d 674* (criticized in *WDH Howell, LLC v Criimi Mae Servs. L.P. (In re WDH Howell, LLC) (2003, DC NJ) 298 BR 527).*

Order permitting debtor health care group and affiliates to borrow funds and pledge collateral pursuant to *11 USCS § § 363* and *364* was binding on twelve state Medicaid agencies, where final order was not money judgment against states or otherwise suit against states barred by *Eleventh Amendment. In re Sun Healthcare Group, Inc. (2000, BC DC Del) 245 BR 779, 35 BCD 212,* affd (2002, DC Del) *2002 US Dist LEXIS 18128* and (criticized in *Carematrix Corp. v Div. of Med. Assistance (2003, Super Ct) 16 Mass L Rep 468, 2003 Mass Super LEXIS 202).*

Although bankruptcy court had jurisdiction under *11 USCS § 363* to enforce its assets sale order, it should have abstained from exercising that jurisdiction in favor of state courts since dispute at issue between buyer of debtor's assets and state taxing authority triggered Tax Injunction Act, *28 USCS § 1341*, and bankruptcy court incorrectly held that state tax appeals procedures were not plain, speedy, and efficient. *United Taconite, L.L.C. v Minn. Dep't of Revenue, L.L.C. (In re Eveleth Mines, L.L.C.) (2004, BAP8) 318 BR 682.*

**4. Application**

Court did not need to decide whether *11 USCS § 363(b)(1)* could support payment of some pre-petition debts, because bankruptcy court's critical-vendors order was unsound no matter how one read § 363(b)(1); bankruptcy court did not find that any firm would have ceased doing business with debtor if not paid for pre-petition deliveries (and scant record would not have supported such finding had one been made), bankruptcy court did not find that discrimination among unsecured creditors was only way to facilitate reorganization, and it did not find that disfavored creditors were at least as well off as they would have been had critical-vendors order not been entered. *In re Kmart Corp. (2004, CA7 Ill) 359 F3d 866, 42 BCD 166, CCH Bankr L Rptr P 80054, reh den (2004, CA7 Ill) 2004 US App LEXIS 9050.*

Debtor can sell its assets in Chapter 11 without disclosure statement and plan of reorganization; *11 USCS § 363* specifically authorizes such sales. *Bartel v Bar Harbor Airways (1996, SD NY) 196 BR 268.*

Provisions of *11 USCS § 363* relating to use, sale, or lease of property are not germane to proceeding by debtor seeking return of automobile held by creditor subject to garageman's lien where such property is merely being held by creditor, and is not subject to use, sale, or lease. *In re Burke (1980, BC ED Pa) 5 BR 368, 2 CBC2d 973,* CCH Bankr L Rptr P 67624.

*11 USCS § 363* does not apply to either auction or private sale of dairy herd of Chapter 11 debtor in possession because Chapter 11 plan was confirmed prior to transactions. *In re Wood (1985, BC WD Wis) 47 BR 774, 12 BCD 1196, 40 UCCRS 1038.*

Chapter 11 corporate debtor's proposed transfer of all of its assets to wholly owned subsidiary does not involve "use, sale or lease, other than in ordinary course of business" and therefore court will not authorize such transaction pursuant to *11 USCS § 363(b)*; § 363 does not apply to capitalization of subsidiary by debtor. *In re American Dev. Corp. (1989, BC CD Cal) 95 BR 735, 19 BCD 62, 20 CBC2d 1508.*

Under *11 USCS § 505*, bankruptcy court could determine taxes even though debtor had not followed state law procedures for contesting taxes, and debtor taxpayer could depart from depreciation schedule in *S.C. Code Ann. § 12-37-930* (1976 & Supp. 2001), and could argue that amount received from sale of personal property under *11 USCS § 363* was true value of property, but record did not indicate equipment's age, cost, or any special circumstances as to obsolescence to allow bankruptcy court to adjust taxes, which had been assessed by creditor counties, on cross motions for summary judgment under *Fed. R. Civ. P. 56*. *Mayfair Mills, Inc. v Spartanburg County (In re Mayfair Mills, Inc.) (2002, BC DC SC) 295 BR 827.*

Despite another court's finding that various provisions of Bankruptcy Code, such as *11 USCS § § 363(b), 541(a)(3), 701(1), 704(8), 1302(b)(1), 1303, 1306(b), 1321, 1322(b)(8), 1325(a)(4)*, could be interpreted as implying that Chapter 13 debtor should have standing to assert avoidance powers under fraudulent transfer provisions of *11 USCS § 548(a)*, Bankruptcy Court for District of New Jersey held that Chapter 13 debtor had no such standing; *11 USCS § 1303* only gave Chapter 13 debtors rights and powers of trustee under specified subsections of *11 USCS § 363*. *Ryker v Current (In re Ryker) (2004, BC DC NJ) 315 BR 664.*

Mootness policy of *11 USCS § 363(m)* is not applicable where assignment of lease was expressly conditioned upon appeal of order upholding extensions of time in which Chapter 11 debtor could assume leases and determining assignee's financial ability to assume lease. *In re Victoria Station, Inc. (1988, BAP9 Cal) 88 BR 231, 18 BCD 41, 20 CBC2d 70,* CCH Bankr L Rptr P 72415, affd (1989, CA9 Cal) *875 F2d 1380, 19 BCD 1090, 21 CBC2d 483,* CCH Bankr L Rptr P 72908.

**B. Relation to Other Laws 5. Generally**

Small business concern exemption in Negotiated Rates Act [*49 USCS § 10701(f)(9)*] does not violate Bankruptcy Code's anti-forfeiture provisions contained in *11 USCS § § 363(l)* and *541(c)(1)*(B )since exemption is not contingent on financial condition of carrier/debtor bringing undercharge claim. *In re Lifschultz Fast Freight Corp. (1995, CA7 Ill) 63 F3d 621,* CCH Bankr L Rptr P 76601.

Although *11 USCS § 363* allows debtor in possession to make payments from cash collateral in ordinary course of business and *11 USCS § 503(b)(1)(A)* allows wages to be paid as administrative expense, both sections contemplate that those payments will be made in good faith and debtor cannot use those sections to avoid accountability for representations made in disclosure statement. *In re Sweetwater (1985, DC Utah) 57 BR 354.*

Debtor who sells homestead and purchases new home during pendency of Chapter 11 case before conversion of case to Chapter 7 is not entitled to claim homestead exemption under state law pursuant to *11 USCS § 522(b)* for new home where (1) none of proceeds from sale of original homestead are used to pay antecedent debt and there is no other property available from which such debts can be paid and (2) debtor violated *11 USCS § 363(b)* by purchasing new home without Bankruptcy Court authorization, thus making such purchase avoidable by trustee under *11 USCS § 549(a)*. *In re Wooten (1986, ND Iowa) 82 BR 84.*

Debtor broker's transfers of Euro CDs to customers from safekeeping account with bank are not authorized under *11 USCS § 363(c)* where debtor in business of trading securities cannot, under *11 USCS § 109(d)*, be debtor under Chapter 11. *Hill v Spencer S&L Ass'n (In re Bevill, Bresler & Schulman, Inc.) (1989, DC NJ) 94 BR 817,* subsequent app (1989, CA3 NJ) *878 F2d 742, 19 BCD 962, 21 CBC2d 298,* CCH Bankr L Rptr P 73008.

Antiforfeiture provisions of *11 USCS § § 541(c)(1)* and *363(l)* preclude application of § 2(a)-(c) and (e)-(g) of Negotiated Rates Act (NRA) to trustee of bankrupt carrier attempting to recover freight undercharges. *Cooper v E.I. Du Pont de Nemours (In re Bulldog Trucking) (1994, WD NC) 173 BR 517,* adversary proceeding, vacated, in part, remanded (1995, CA4 NC) *66 F3d 1390,* CCH Bankr L Rptr P 76718.

Subsections 2(a)-(c) and (e)-(g) of Negotiated Rates Act (NRA) are ineffective and unenforceable against trustee of debtor carrier asserting freight undercharge claim against shipper. *E.I. Du Pont de Nemours & Co. v Cooper (1994, WD NC) 173 BR 550, 7* Fourth Cir & Dist Col Bankr Ct Rep 265.

Negotiated Rates Act (NRA) (*49 USCS § 10701*) is applicable to bankruptcy trustee's claims for freight undercharges; § 9 of Act, which provides that Act should not be construed as limiting or otherwise affecting application of Title 11, should not be construed to preclude NRA's applicability in bankruptcy cases; in cases involving freight undercharges to which NRA applies, NRA displaces Bankruptcy Code to extent of any conflict; NRA, which is more recent and more specific statute, controls over antiforfeiture provisions of Code, i.e., *11 USCS § § 541(c)(1)(B)* and *363(l)*; retroactive application of NRA does not represent unconstitutional taking since claim for freight undercharges does not involve assertion of any vested right, and Congress had rational legislative purpose in enacting it. *Rushton v Saratoga Forest Prods., Inc. (In re Americana Expressways) (1995, DC Utah) 177 BR 960.*

Negotiated Rates Act (*49 USCS § 10701*) does not work forfeiture of carriers' undercharge claims so as to violate Bankruptcy Code's anti-forfeiture provisions (*11 USCS § 363*) since undercharge defenses created by Rates Act are not conditioned on debtor insolvency by virtue of fact that they can be asserted by carriers no longer transporting property; carrier need not be bankrupt to be "no longer transporting property," and carrier that is bankrupt can still be transporting property if it is in chapter 11. *St. Johnsbury Trucking Co. v Morrison-Knudsen Co. (In re St. Johnsbury Trucking Co.) (1996, SD NY) 191 BR 22.*

New Jersey Environmental Cleanup and Responsibility Act does not conflict with Bankruptcy Code and is not therefore preempted by Code and thus sale of Chapter 11 debtor's real estate under *11 USCS § 363(b)* may be conditioned upon compliance with regulatory requirements; physical impossibility standard of preemption does not apply because impossibility arises from court order--which precludes debtor from spending funds to comply with Act--not Code itself and state act poses obstacle to sale only in instances where estate does not have funds with which to comply. *In re Borne Chemical Co. (1984, BC DC NJ) 54 BR 126.*

Trustee may sell debtor's liquor license free and clear of liens, even though debtor has unpaid taxes, despite state tax administrator's contention that state law prohibits transfer of liquor license without certificate of good standing stating that all taxes have been paid, because: (1) state statute conflicts with *11 USCS § 363* and, under Supremacy Clause, Bankruptcy Code prevails; liquor license is not state-created property right which state may regulate and control without regard to bankruptcy laws; and (2) tax administrator is creditor and state law prohibits creditor from successfully objecting to transfer of license by trustee. *In re Hoffman (1985, BC DC RI) 53 BR 874, 13 CBC2d 777,* CCH Bankr L Rptr P 70813, affd (1986, DC RI) *65 BR 985, 16 CBC2d 895,* CCH Bankr L Rptr P 71532.

Chapter 11 debtors without equity in property, and thus no interest, have no standing to have Bankruptcy Court determine value of property to effect sale of property free and clear of liens under *11 USCS § 363*, even though *11 USCS § 506(a)* contemplates such valuation for lien avoidance purposes; such holding is buttressed here by fact that debtor's proposed price is below value of liens in property, thus violating central purpose of such sale. *In re Rouse (1985, BC WD Mo) 54 BR 31* (criticized in *In re Feinstein Family Pshp. (2000, BC MD Fla) 247 BR 502, 13 FLW Fed B 169).*

Debtor's application to sell condominium project as timeshare resort pursuant to *11 USCS § 363* is improper attempt to enforce cramdown provisions of *11 USCS § 1129* without plan of reorganization since mortgagee originally loaned proceeds on basis of condominium project rather than timeshare resort and debtor may not use application to sell as attempt to cramdown timeshare plan upon mortgagee. *In re Sedona San Carlos Dev. Co. (1986, BC DC Ariz) 59 BR 113, 14 BCD 686, 14 CBC2d 1227.*

Under *11 USCS § 542*, Chapter 7 trustee may require any entity that is in possession of property of estate that may be used by trustee under *11 USCS § 363* to relinquish possession of that property to trustee, whether or not entity in possession has security interest in property. *In re Taco Ed's, Inc. (1986, BC ND Ohio) 63 BR 913, 2 UCCRS2d 209.*

Where Bankruptcy Court order gave creditor super-priority claim, any *11 USCS § 363* cash collateral order allowing use of assets to pay ordinary administrative expenses under *11 USCS § 503(b)(1)* would be improper where claim with higher priority was outstanding, unless payment of superior claim was absolutely assured. *In re Fry Rd. Associates, Ltd. (1986, BC WD Tex) 64 BR 808.*

Filing of bankruptcy petition does not sever joint tenancy with right of survivorship under *11 USCS § 363*, unless trustee actually executes against such property by attempting to sever or to sell whole in order to liquidate such property; where trustee has not executed and does not intend to do so, joint tenancy has not been severed by trustee or by any other creditor, and, thus, debtor may avoid liens in her interest in property pursuant to *11 USCS § 541(a)(7)*. *In re Anthony (1987, BC WD Pa) 82 BR 386.*

Proceeding under *11 USCS § 1112(b)* to convert or dismiss Chapter 11 case should be utilized by creditor concerned with debtor's delay in producing plan to call Bankruptcy Court's attention to problems with case rather than insti-

tuting proceeding under *11 USCS § 363* to restrict debtor's use of rents derived from secured real property, where creditor is more concerned with debtor's dilatory tactics than use of one item of cash collateral since focus on collateral and its use interferes with analysis of case. *In re Triplett (1988, BC WD Tex) 87 BR 25.*

Where primary issue for consideration is whether creditor has valid, perfected and enforceable security interest in certain collateral, proper procedural mechanism is motion to avoid lien under *11 USCS § 522* rather than motion to approve use of cash collateral under *11 USCS § 363*. *In re Pocono Airlines, Inc. (1988, BC MD Pa) 87 BR 325, 8 UCCRS2d 244.*

Apart from violations of *11 USCS § 363(b)*, debtor in possession's transfer of customer base or customer list to newly created related entity was unauthorized postpetition transfer of estate assets and constitutes grounds for appointment of trustee under *11 USCS § 1104(a)*. *In re V. Savino Oil & Heating Co. (1989, BC ED NY) 99 BR 518, 19 BCD 466.*

Section 2 of Negotiated Rates Act (NRA) and *11 USCS § 363(l)* conflict because § 2 would effect partial forfeiture, modification, or termination of trustee's undercharge claims; debtor's nonoperational status results directly from its financial condition, and NRA would, at least partially, forfeit, modify, or terminate some of trustee's undercharge claims; § 9 of NRA does not purport to insulate undercharge claims of bankruptcy trustees from NRA; since Congress intended NRA to be available to shippers and § 2 of NRA conflicts with § 363(l), one statute must give way, and because NRA is more recent and more specific statute, it controls; appropriate level of analysis is by statute, NRA v Code, and NRA is much more specific than Code because Code applies to vast bulk of national economy while NRA applies, for limited time period, to portion of controversies in particular limited industry; NRA does not purport to amend Code but, to extent of any conflict, NRA displaces Code in those limited situations in which it pertains; shippers asserting in trustee's undercharge action that they are exempt from liability as small business concern, charitable organization, or because cargoes were recyclable materials will not be stayed from bringing summary judgment motions on such bases. *Beyer v Bend Millworks (In re Parker Refrigerated Serv.) (1994, BC WD Wash) 173 BR 704.*

Under *11 USCS § 363, 546(b)*, filing of bankruptcy petition did not affect requirement that notice of lien be filed within 180 days after last day of performance of service or labor as required by state law to preserve lien. *DeBaillon v Wilson (In re Jack/Wade Drilling) (1997, BC WD La) 213 BR 493, 139 OGR 505,* subsequent app sub nom *Total Minatome Corp. v Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.) (2001, CA5 La) 258 F3d 385, 38 BCD 33,* CCH Bankr L Rptr P 78478.

Relief from automatic stay sought to seek state-court vacation of judgment and reformation of stipulation would be denied since, inter alia, (1) Bankruptcy Court had already examined in depth issues that would be involved in vacation of judgment so that Bankruptcy Court resolution of that question would avoid duplication of effort and delay and (2) only Bankruptcy Court could resolve all overlapping issues. *In re Schick (1999, BC SD NY) 232 BR 589, 24 BCD 311.*

Congress did not intend *11 USCS § 542(a)* to be interpreted in fashion that would eviscerate statutory protections of *11 USCS § § 363(e)* and *507(b)*. *In re Bernstein (2000, BC DC Dist Col) 252 BR 846, 36 BCD 211, 45 CBC2d 297.*

*11 USCS § 105*(a) can be used, under appropriate circumstances, to assess sanctions against corporate officers when their failure to ensure compliance with cash collateral requirements (*11 USCS § 363*) causes damage to secured creditor. *In re Four Seasons Marine & Cycle, Inc. (2001, BC ED Tex) 263 BR 764.*

Issues whether health care provider's pre-petition payments withheld from debtor and its health care affiliates fell within scope of debtor's property interest under *11 USCS § 547*, were used in ordinary course of business under *11 USCS § 363* and, hence, not subject to turnover under *11 USCS § 542*, or were debt owed debtor under *11 USCS § 553* were not susceptible of determination on Rule 12(b)(6) motion; however, plaintiff pled sufficiently colorable claims of prepetition setoff under *11 USCS § 553(b)* and avoidance of preference transfer under *11 USCS § 547* to withstand dismissal. *Pardo v NYLCare Health Plans, Inc. (In re APF Co.) (2001, BC DC Del) 274 BR 408.*

Use of future rent cap under *11 USCS § 502(b)(6)* and increased ability to sell business under protection of *11 USCS § 363(f)* are not sufficient reasons to justify filing for bankruptcy; therefore, solvent debtor's Chapter 11 case was dismissed for lack of good faith. *In re Liberate Techs. (2004, BC ND Cal) 314 BR 206.*

*11 USCS § 507*(b) neither limits nor enlarges protection required before cash collateral may be used but merely establishes statutory fail-safe system in recognition of reality that protection previously determined "indubitable equivalent" of interest in cash collateral may later prove inadequate; *11 USCS § 507(b)* superimposes no futile requirement

that court contemporaneously provide more than adequate protection required by *11 USCS § 363(e)*. *In re Marine Optical, Inc. (1981, BAP1 Mass) 10 BR 893, 7 BCD 742, 4 CBC2d 837,* CCH Bankr L Rptr P 67991.

Debtor in Chapter 11 case can reject collective bargaining agreement (*11 USCS § 1113*) even after it has sold virtually all of its assets under *11 USCS § 363*. *UFCW, Local 211 v Family Snacks, Inc. (In re Family Snacks, Inc.) (2001, BAP8 Mo) 257 BR 884, 166 BNA LRRM 2400,* CCH Bankr L Rptr P 78359.

**6. *11 USCS § 362***

Debtor taxpayers' appeal of efficacy and scope of Bankruptcy Court order lifting stay as to Tax Court proceeding is not rendered moot by taxpayers' failure to have sought emergency stay of order pending appeal, because mootness rule applies only when appellant has failed to obtain stay from order permitting sale of debtor's assets under *11 USCS § 363*. *Noli v Commissioner (1988, CA9) 860 F2d 1521, CCH Bankr L Rptr P 72546, 88-2 USTC P 9595, 63 AFTR 2d 375.*

Agreement between trustee and mortgage creditor by which mortgagee consents to Bankruptcy Court approval of lease of mortgaged property in return for payment out of lease proceeds as adequate protection to mortgagee requires approval of Bankruptcy Court after notice and hearing under *11 USCS § § 362*, *363*, or *364*, and absent such approval agreement cannot be enforced by mortgagee. *In re Blehm Land & Cattle Co. (1987, DC Colo) 71 BR 818, 17 CBC2d 283,* revd (1988, CA10 Colo) *859 F2d 137, 19 CBC2d 933.*

Provision of *11 USCS § 363* that bankruptcy court shall prohibit or condition use, sale, or lease of collateral as is necessary to provide adequate protection of creditor's interest, is duplicative of rights afforded to creditors under relief from stay provisions of *11 USCS § 362*, and, in applying either of these sections, bankruptcy court is to determine measure of relief necessary to provide creditor with adequate protection under *11 USCS § 361*. *In re Anchorage Boat Sales, Inc. (1980, BC ED NY) 4 BR 635, 6 BCD 495, 2 CBC2d 348,* CCH Bankr L Rptr P 68099.

Where debtor states that it cannot and will not make any offer of adequate protection to lessor pursuant to *11 USCS § 363*, nor is it likely to cure defaults or make assurances of future payment, bankruptcy court may grant lessor's request for relief from automatic stay pursuant to *11 USCS § 362*. *In re Keydata Corp. (1981, BC DC Mass) 8 BR 684,* CCH Bankr L Rptr P 67869.

Creditors are entitled to relief from stay where debtor who had leased computer system from them stated he had no intention of assuming lease, curing defaults or making future payments and merely sought to sell lease to avoid forfeiture; potential for such sale which would benefit only debtor could not give rise to level of adequate protection for creditor required under *11 USCS § 363(e)*. *In re Keydata Corp. (1981, BC DC Mass) 8 BR 684,* CCH Bankr L Rptr P 67869.

Debtor's motion for authorization to use portion of creditor's cash collateral pursuant to *11 USCS § 363(d)* is moot because creditor has previously been granted relief from stay. *In re Lilyerd (1985, BC DC Minn) 49 BR 109.*

In order for Chapter 11 farmer debtor to use cash collateral under *11 USCS § 363(a)*, debtor need not provide protection for undersecured portion of claim because protection of this claim would prefer it over other unsecured creditors; while standard of adequate protection under *11 USCS § 363* is identical to that required under *11 USCS § 362*, since cash collateral is consumed under *11 USCS § 363*, as opposed to creditor's use merely being delayed under *11 USCS § 362*, adequate protection standard is strictly applied; burden is on debtor to demonstrate that secured party is adequately protected. *In re Polzin (1985, BC DC Minn) 49 BR 370, 13 BCD 54.*

Lessors are included within category of parties entitled to adequate protection under *11 USCS § 363(e)*; thus lessors may request relief from stay under *11 USCS § 362(d)(1)* and are not limited to provisions of *11 USCS § 365*. *In re Borbridge (1986, BC ED Pa) 66 BR 998, 15 BCD 229.*

Automatic stay will be lifted to permit creditor with security interest in machinery, materials, inventory, accounts receivable, and proceeds to seize collateral where in response to order to segregate and account for cash collateral and provide for adequate protection under *11 USCS § 363(c)* and (e), debtor has failed to provide adequate statement of collateral as of petition date, failed to provide evidence of value of collateral from which Bankruptcy Court might determine whether equity cushion exists, and failed to propose plan of protection that provides assurance to creditor against future depreciation or dissipation of collateral. *In re O.P. Held, Inc. (1987, BC ND NY) 74 BR 777.*

Phrase "interest in property" in *11 USCS § 363(e)* means value of collateral, and if that value is likely to diminish during time of use, adequate protection must be provided by Chapter 11 debtor; adequate protection under *11 USCS §*

*363* should be treated same as adequate protection under *11 USCS § 362* and equity cushion may serve as adequate protection under either statute. *In re McCombs Properties VI, Ltd. (1988, BC CD Cal) 88 BR 261, 17 BCD 1147.*

Phrase "interest in property" in *11 USCS § 363(e)* means value of collateral, and if that value is likely to diminish during time of use, adequate protection must be provided by Chapter 11 debtor; adequate protection under *11 USCS § 363* should be treated same as adequate protection under *11 USCS § 362* and equity cushion may serve as adequate protection under either statute. *In re McCombs Properties VI, Ltd. (1988, BC CD Cal) 88 BR 261, 17 BCD 1147.*

Higher standard of proof is not required under *11 USCS § 363* than under *11 USCS § 362* or any other section in Bankruptcy Code dealing with adequate protection; adequate protection is not meant to guarantee that secured creditor will receive value of its interest in collateral. *In re McCombs Properties VI, Ltd. (1988, BC CD Cal) 88 BR 261, 17 BCD 1147.*

Provision in private pre-bankruptcy agreement between Chapter 11 debtor and creditor that purports to waive automatic stay provisions of *11 USCS § 362* is invalid pursuant to *11 USCS § 363(l)*, since enforcement of such waiver deprives debtor in possession of ability to use, sell, or lease collateral. *In re Pease (1996, BC DC Neb) 195 BR 431, 35 CBC2d 1408.*

Although bankruptcy court had jurisdiction under *11 USCS § 363* to enforce its assets sale order, it should have abstained from exercising that jurisdiction in favor of state courts since dispute at issue between buyer of debtor's assets and state taxing authority triggered Tax Injunction Act, *28 USCS § 1341*, and bankruptcy court incorrectly held that state tax appeals procedures were not plain, speedy, and efficient. *United Taconite, L.L.C. v Minn. Dep't of Revenue, L.L.C. (In re Eveleth Mines, L.L.C.) (2004, BAP8) 318 BR 682.*

### 7. *11 USCS § 364*

Agreement between trustee and mortgage creditor by which mortgagee consents to Bankruptcy Court approval of lease of mortgaged property in return for payment out of lease proceeds as adequate protection to mortgagee requires approval of Bankruptcy Court after notice and hearing under *11 USCS § § 362, 363*, or *364*, and absent such approval agreement cannot be enforced by mortgagee. *In re Blehm Land & Cattle Co. (1987, DC Colo) 71 BR 818, 17 CBC2d 283*, revd (1988, CA10 Colo) *859 F2d 137, 19 CBC2d 933.*

Rationale for permitting retroactive validation orders for secured borrowing under *11 USCS § 364* and attachment of liens to postpetition transactions no longer exists in light of *11 USCS § 363*, which provides for immediate relief. *In re J.L. Graphics, Inc. (1986, BC DC NH) 62 BR 750* (criticized in *In re Lehigh Valley Prof'l Sports Clubs, Inc. (2001, BC ED Pa) 260 BR 745)* and (criticized in *Blessing Indus. (2001, BC ND Iowa) 263 BR 268).*

Retroactive authorization of debtor in possession's postpetition borrowing from secured bank is not justified where debtor and bank knew that court approval was required under *11 USCS § 363*, with regard both to authority for continued borrowing by debtor in possession and also to authorization to permit bank's floating lien to reach postpetition receivables; *11 USCS § § 363* and *364* provide quick and flexible device for obtaining preliminary orders for interim financing arrangements in matter of hours or days following filing of Chapter 11 petition and because bank has failed to take advantage of these procedures to protect its interest court will not exercise its equitable power to approve transaction. *In re J.L. Graphics, Inc. (1986, BC DC NH) 62 BR 750* (criticized in *In re Lehigh Valley Prof'l Sports Clubs, Inc. (2001, BC ED Pa) 260 BR 745)* and (criticized in *Blessing Indus. (2001, BC ND Iowa) 263 BR 268).*

### 8. *11 USCS § 365*

*11 USCS § 363* allows debtor to sell estate assets, but executory contract does not become asset of estate until it is assumed, under *11 USCS § 365*, and therefore sale of debtor's assets will not include any contract that is executory unless debtor first assumes contract. *In re Qintex Entertainment, Inc. (1991, CA9 Cal) 950 F2d 1492, 91 CDOS 9906, 91 Daily Journal DAR 15722, 26 CBC2d 143, 21 USPQ2d 1775,* CCH Bankr L Rptr P 74396.

Chapter 7 trustee may not assume and assign debtor country club member's golfing memberships under *11 USCS § 365* as contrary to *11 USCS § 363(e)* where trustee is attempting not only to sell debtor's right to play golf but also rights of those on waiting list, who paid substantial sums to placed on list, to fill next vacancy, without competitive bidding. *In re Magness (1992, CA6 Ohio) 972 F2d 689, 27 CBC2d 862,* CCH Bankr L Rptr P 74808 (criticized in Everex Sys. v Cadtrak Corp. (In re CFLC, Inc). (1996, CA9 Cal) *89 F3d 673, 96 CDOS 5234, 96 Daily Journal DAR 8488, 96 Daily Journal DAR 8523, 29 BCD 520, 36 CBC2d 297, 39 USPQ2d 1518)* and (criticized in *Worthington v GMC (In re Claremont Acquisition Corp.) (1997, CA9 Cal) 113 F3d 1029, 97 CDOS 3531, 97 Daily Journal DAR 6061, 30 BCD*

*1045*, CCH Bankr L Rptr P 77469) and (criticized in *Murray v Franke-Misal Techs. Group, L.L.C. (In re Supernatural Foods, L.L.C.) (2001, BC MD La) 268 BR 759)*.

*11 USCS § 363*(f) and *11 USCS § 365(h)* can be reconciled because where estate property under lease is to be sold, *11 USCS § 363* permits sale to occur free and clear of lessee's possessory interest, provided that lessee (upon request) is granted adequate protection for its interest; where property is not sold, and debtor remains in possession thereof but chooses to reject lease, *11 USCS § 365(h)* comes into play and lessee retains right to possess property. *Precision Indus. v Qualitech Steel SBQ, LLC (2003, CA7 Ind) 327 F3d 537, 41 BCD 65, 49 CBC2d 1765, CCH Bankr L Rptr P 78836, reh den (2003, CA7 Ind) 2003 US App LEXIS 10626* and (criticized in *In re Haskell L.P. (2005, BC DC Mass) 321 BR 1, 44 BCD 104)*.

District court's reversal of bankruptcy court's order was reversed because terms of *11 USCS § 365(h)* did not supersede those of *11 USCS § 363(f)*; where estate property under lease was to be sold, *11 USCS § 363* permitted sale to occur free and clear of lessee's possessory interest, provided that lessee (upon request) was granted adequate protection for its interest, and where property was not sold, and debtor remained in possession thereof but chose to reject lease, *11 USCS § 365(h)* came into play and lessee retained right to possess property. *Precision Indus. v Qualitech Steel SBQ, LLC (2003, CA7 Ind) 327 F3d 537, 41 BCD 65, 49 CBC2d 1765, CCH Bankr L Rptr P 78836, reh den (2003, CA7 Ind) 2003 US App LEXIS 10626* and (criticized in *In re Haskell L.P. (2005, BC DC Mass) 321 BR 1, 44 BCD 104)*.

Even though sale and assignment of shopping center lease by Chapter 11 debtor to assignee was complex, it satisfied requirements of sale under *11 USCS § 363*; therefore, § 363(m) applied--even though provision did not explicitly extend to assignments under *11 USCS § 365*--and shopping center's landlord's failure to obtain stay required dismissal of its appeals as moot. *Weingarten Nostat, Inc. v Serv. Merch. Co. (2005, CA6 Tenn) 396 F3d 737, 44 BCD 45*, CCH Bankr L Rptr P 80227.

Where proposed sale of mobile home by debtor in possession in ordinary course of business is based upon prepetition contract of sale, contract is executory and within scope of *11 USCS § 365*; thus, sale under *11 USCS § 363* cannot be made until prospective purchaser has been given notice of bankruptcy filing or of debtor's request to conclude sale postpetition. *In re County Line Homes, Inc. (1984, ED Mo) 43 BR 440.*

Where Chapter 11 debtor refiner has not sought to use, sell, or lease refinery equipment subject to lease with creditor equipment supplier, equipment supplier is not entitled to adequate protection under *11 USCS § 363(e)* because equipment is adequately protected, particularly where debtor is subject to motion to assume or reject lease of equipment under *11 USCS § 365. In re Mesa Refining, Inc. (1986, DC Colo) 65 BR 724, 16 CBC2d 744.*

HHS is not entitled to retain Chapter 11 debtor Medicare provider's $ 15,000 postpetition payment on prepetition overpayments, which it required as condition of releasing reimbursement for debtor's postpetition services, on ground that transaction was authorized by *11 USCS § 363(c)* because debtor could not agree to long-term repayment agreement without in effect assuming provider agreement, which required court approval under *11 USCS § 365*; furthermore, even assuming § 363(c) controlled, agreement between parties cannot be upheld because HHS had no authority to withhold interim payments. *University Medical Center v Sullivan (1990, ED Pa) 122 BR 919*, CCH Bankr L Rptr P 73832, affd (1992, CA3 Pa) *973 F2d 1065, 38 Soc Sec Rep Serv 482, 23 BCD 628, 27 CBC2d 800*, CCH Bankr L Rptr P 74791, reh, en banc, den (1992, CA3) *1992 US App LEXIS 27506* and (criticized in *United States v Consumer Health Servs. of Am. (1997, App DC) 323 US App DC 336, 108 F3d 390, 9 Fourth Cir & Dist Col Bankr Ct Rep 158, 30 BCD 696*, CCH Bankr L Rptr P 77403) and (criticized in *Sims v United States Dep't. of Health & Human Serv. (In re TLC Hospitals, Inc.) (2000, CA9 Cal) 224 F3d 1008, 2000 CDOS 7593, 2000 Daily Journal DAR 10093, 36 BCD 197, 44 CBC2d 1533*, CCH Bankr L Rptr P 78264) and (criticized in *United States,HHS v James (2000, WD Ky) 256 BR 479)* and (criticized in *Aetna U.S. Healthcare, Inc. v Madigan (In re Madigan) (2001, BAP9) 270 BR 749, 2001 CDOS 10563, 2002 Daily Journal DAR 23, 38 BCD 227, 27 EBC 1753)* and (criticized in *Holyoke Nursing Home, Inc. v Health Care Fin. Admin. (In re Holyoke Nursing Home, Inc.) (2002, BC DC Mass) 273 BR 305, 38 BCD 250*, CCH Bankr L Rptr P 78578) and (criticized in *In re Dist. Mem'l Hosp. of Southwestern N.C., Inc. (2002, BC WD NC) 297 BR 451)* and (criticized in *Holyoke Nursing Home, Inc. v Health Care Fin. Admin. (In re Holyoke Nursing Home, Inc.) (2003, DC Mass) 2003 US Dist LEXIS 24838)* and (criticized in *Slater Health Ctr., Inc. v United States (In re Slater Health Ctr., Inc.) (2003, BC DC RI) 294 BR 423, 41 BCD 146)* and (criticized in *Holyoke Nursing Home, Inc. v Health Care Financing Admin. (In re Holyoke Nursing Home, Inc.) (2004, CA1 Mass) 372 F3d 1, 43 BCD 34*, CCH Bankr L Rptr P 80110).

Although *11 USCS § 363* permits trustee to sublease property of debtor, it gives him no authority to ignore existing contractual rights, nor does *11 USCS § 365* give trustee right to modify or ignore provisions in existing leases, other than power to abrogate antiassignment and ipso facto clauses; thus, trustee cannot abrogate subleasing restriction of

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY MISSISSIPPI

JOE LOUIS ANDERSON JR
Plaintiff

VS
CASE NUMBER 05CV-129(R)

JEFF ANDERSON HOSPITAL
AND WINN DIXIE INC
DEFENDANTS

TO: THE CIRCUIT COURT CLERK OF LAUDERDALE COUNTY

DEAR MS. DONNA JILL JOHNSON: IN RECEIPT OF THE LETTER I RECIEVED FROM THE LAW FIRM WILKINS, STEPHEN-N-TIPTON, P.A. LELAND S. SMITH ATTORNEYS AT LAW.

HAVE FOLLOWED THE DEFENDANT WINN DIXIE THE VIOLATION BY A UNFILED COUNTERCLAIM BY SEEKING SAID OF DAMAGES AGAINST THE PLAINTIFF FORE HIS ALLEGING DAMAGE.

THIS FIRM WILKIN, STEPHEN-N-TIPTON, P.A. LELAND S. SMITH ATTORNEYS DEMAND THAT PLAINTIFF DISMISS HIS COMPLAINT AS TO WINN DIXIE CO. IN THE REFERENCED STATE COURT ACTION OR A COMPLAINT WILL FILED AGAINST PLAINTIFF, AND BRING SANCTIONS AND COSTS UNDER APPLICABLE LAW DEFENDANTS USING THE LAW TO HIDE FROM THE LIABILITY OF THE PLAINTIFF.

Thank You!

[signature]

Sworn to and subscribed before me this 30th day of [illegible] 2005

CHRISTIE E. SCOTT
NOTARY PUBLIC
RANKIN COUNTY, MS

[signature] E. Scott

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

**WILKINS, STEPHENS & TIPTON, P. A.**
ATTORNEYS AT LAW

4735 Old Canton Road
Jackson, Mississippi 39211

Post Office Box 13429
Jackson, Mississippi 39236-3429

Telephone: (601) 366-4343
Facsimile: (601) 981-7608

Joseph T. Stephens
(1939 - 2003)
Robert M. Carpenter
(1945 - 2000)
Craig D. Bluntson
(1967 - 2000)

1417 Trailwood Drive, Suite C
Greenville, Mississippi 38701

Post Office Box 4537
Greenville, Mississippi 38704-4537

Telephone: (662) 335-5555
Facsimile: (662) 335-5700

**Leland S. Smith**
**lsmith@wilkins-law.com**

**Reply to Jackson Office**
**Our File No. 695.050566**

October 27, 2005

Joe Louis Amerson, Jr., Esquire
CMCF #3-B1, B-Zone
P. O. Box 8850
Pearl, MS 39288

Re: In re Winn-Dixie Stores, Inc., et al., Debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No. 05-03817-3F1, Chapter 11, Jointly Administered

Joe Louis Amerson, Jr. v. Jeff Anderson Hospital and Winn-Dixie Co.
In the Circuit Court of Lauderdale County, Mississippi
Cause No.: 05CV-124-R

Dear Mr. Amerson:

This firm represents Winn-Dixie Co. We are in receipt of the Complaint you filed on behalf of your client in the referenced state court action.

On February 21, 2005, Winn-Dixie Co. and its affiliates (the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to Section 362 of the Bankruptcy Code, all persons are automatically enjoined from instituting or continuing any action or employing any process against the Debtors to collect or recover any debt. Persons who willfully violate these Bankruptcy Code provisions are (i) subject to contempt proceedings and (ii) liable for damages and costs, including punitive damages.

The complaint you filed against the Debtors was in violation of the automatic stay and is void. Your actions have subjected you and your client to sanctions and costs under applicable law.

We demand that you dismiss your complaint as to Winn-Dixie Co. in the referenced state court action on or before November 5, 2005 and fax and mail to me a copy of such notice of dismissal. If we do not receive such notice of dismissal by November 5, 2005, bankruptcy counsel for the Company will file a complaint against you and your client in the Bankruptcy Court in Jacksonville, Florida, and take such other actions as allowed by law.

Please call me if you have any questions regarding this matter.

Very truly yours,

WILKINS, STEPHENS & TIPTON, P.A.

Leland S. Smith

Leland S. Smith

LSS:lp
cc: James H. Post, Esq.
Smith, Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

**JOE LOUIS AMERSON, JR.**

v.

**JEFF ANDERSON HOSPITAL AND WINN-DIXIE STORES, INC.**

**Civil Action No. 05CV124-R**

**NOTICE OF COMMENCEMENT OF BANKRUPTCY CASE[S]**

PLEASE TAKE NOTICE that on February 21, 2005, Defendant[s] Winn-Dixie Stores, Inc., et al. filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, commencing bankruptcy cases being jointly administered under the style In re Winn-Dixie Stores, Inc., No. 05-11063, in the United States Bankruptcy Court for the Southern District of New York.

11 U.S.C. § 362(a)(1) provides that the filing of a voluntary petition operates as a stay, applicable to all entities, of the continuation, including the issuance or employment of process, of a judicial action or proceeding against the debtor that was or could have been commenced before the filing of the petition, or to recover a claim against the debtor that arose before the filing of the petition.

This 15th day of September, 2005.

Respectfully submitted,

WINN-DIXIE STORES, INC.

BY: WILKINS, STEPHENS & TIPTON

BY: Leland S. Smith
LELAND S. SMITH (MSB 7562)

# WILKINS, STEPHENS & TIPTON, P. A.

ATTORNEYS AT LAW

4735 Old Canton Road
Jackson, Mississippi 39211

Post Office Box 13429
Jackson, Mississippi 39236-3429

Telephone: (601) 366-4343
Facsimile: (601) 981-7608

Joseph T. Stephens
(1939 - 2003)
Robert M. Carpenter
(1945 - 2000)
Craig D. Bluntson
(1967 - 2000)

1417 Trailwood Drive, Suite C
Greenville, Mississippi 38701

Post Office Box 4537
Greenville, Mississippi 38704-4537

Telephone: (662) 335-5555
Facsimile: (662) 335-5700

**Leland S. Smith**
**lsmith@wilkins-law.com**

September 15, 2005

**Reply to Jackson Office**
**Our File No.** 695.050566

Ms. Donna Jill Johnson
Lauderdale County Circuit Clerk
P. O. Box 1005
Meridian, MS 39302-1005

Re: Joe Louis Amerson, Jr. v. Jeff Anderson Hospital and Winn-Dixie Co.
In the Circuit Court of Lauderdale County, Mississippi
Cause No.: 05CV-124-R

Dear Ms. Johnson:

Enclosed is an original and one copy of **Notice of Commencement of Bankruptcy Case[s]** which I would appreciate your filing in the captioned matter. Please stamp the copy "filed" and return it to me in the enclosed, self-addressed, stamped envelope.

By copy of this letter, I am forwarding a copy to Joe Louis Amerson, Jr. and the Administrator of Jeff Anderson Regional Medical Center.

Thank you for your assistance in this matter.

Very truly yours,

WILKINS, STEPHENS & TIPTON, P.A.

Leland S. Smith

Leland S. Smith

LSS:lp
Enclosure
cc: Joe Louis Amerson, Jr.
Administrator, Jeff Anderson Regional Medical Center

WILKINS, STEPHENS & TIPTON, P.A.
P. O. Box 13429
Jackson, MS 39236-3429
Telephone:(601)366-4343
Facsimile: (601) 981-7608

*Attorneys for Winn-Dixie Stores, Inc.*

CERTIFICATE OF SERVICE

I, LELAND S. SMITH, attorney for Defendant, Winn-Dixie Stores, Inc., do hereby certify that I have this day mailed, by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to:

Joe Louis Amerson, Jr., #36219
CMCF #3 B-1 B-Zone
P. O. Box 88550
Pearl, MS 39288

Administrator
Jeff Anderson Regional Medical Center
2124 14th Street
Meridian, MS 39301-4040

This the 15th day of September, 2005.

Leland S. Smith
LELAND S. SMITH

WILKINS, STEPHEN-N-TIPTON P.A.
ATTORNEYS AT LAW

JAMES H. POST, ESQ.
SMITH, HULSEY-N-BUSEY
225 WATER STREET SUITE 1800
JACKSONVILLE, FL 32202

RE: RESPONDING IN RE PLAINTIFF JOE LOUIS AMERSON JR to DEFENDANT DEBTORS: WINN DIXIE INC CASE NO.05038-3FL.

JOE LOUIS AMERSON, JR. V JEFF ANDERSON HOSPITAL AND WINN-DIXIE INC.

IN the CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI
CASE NO.: 05CV-124R

DEAR MR. LELAND S. SMITH:

YOUR FIRM REPRESENT WINN-DIXIE INC WHOM ARE this FIRM EMPLOYED BY AND AFFILIATED WITH, PLAINTIFF ASK this FIRM to SEND INFORMATION OF DEFENDANT WINN DIXIE INC INSURE (INSURANCE CO) WHOM INSURED WINN DIXIE INC.

THE PLAINTIFF FILED A COMPLAINT AGAINST THE DEBTOR IN THE STATE COURT ACTION ARE NOT IN VIOLATION, IT IS THE SAID DEBTOR WINN DIXIE INC. WHOM ARE IN VIOLATION AND HAVE VIOLATED PLAINTIFF RIGHTS.

REFERENCE to the STATE COURT PLAINTIFF REQUESTED OF ALL DOCUMENTS FROM WINN DIXIE INC FROM AUGUST 03, 2004 to the SAID DATE IN COMPLAINT OF REQUEST FOR THESE SAID WILL HOLD TRUE FACTS to the CIVIL ACTION TORT AND the STATE TORT ACTION that ARE FILED IN STATE COURT.

PlAintiff Joe Louis AMERSON JR, dEMANd that in the Complaint Filed in the Circuit Court of Lauderdale County, Mississippi. That your Firm whom represent Winn Dixie INC Will Come Forwarded All of the Said Matters of All documentation And the Name of the Insurance Co.

WINN DIXIE INC willfully Filed A Voluntary Petition under Chapter 11 of Title 11, Plaintiff Seeks liability for the liable damages. And Costs including punitive damages And While All that of Enjoined by WINN DIXIE INC or Affiliated.

Plaintiff Joe Louis AMERSON, Are proceeding to collect A debt From the Insurance Co of the Winn Dixie Inc. Whom Rejected of Paying by Reorganizing with Reorganization.

In Regarding this Matter lets Settled this in A Required Capital.

Joe L AMERSON JR #36217
C.M.C.F. B-1. B-zone. Bd#80
P O Box 88550
Pearl, MS. 39288

State of Mississippi
County of Lauderdale

# Affidavit

Personally appear before me the undersign authority in and the forsaid County and State, the within named Joe Louis Amerson Jr., Petitioner, who acknowledges that the matters and things alleged and contained in the foregoing Petition are true and correct as stated.

I Joe Louis Amerson Jr swear under penalty of perjury that the matters pertaining to the Slipp and Fall and medical deliberated indifference contained in the foregoing petition are true and correct as stated.

[signature]

Sworn to and subscribed before me this day 30 of November 2005

My Commission Expires NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE MY COMMISSION EXPIRES: June 21, 2008 BONDED THRU NOTARY PUBLIC UNDERWRITERS

[signature]
Notary Public

CHRISTIE E. SCOTT NOTARY PUBLIC RANKIN COUNTY, MS

# Certificate of Service

This is to Certify that I, Joe Louis Amerson Jr did Caused to be Mailed the foregoing Civil Rights Complaint via United States. To the Circuit Court Clerk of Lauderdale County PO Box 1005 Meridian, Ms. 39302-1005 this day 30 of November 2005.

Respectfully Submitted

Joe L Amerson Jr
C-M-C-F. B-1. B-Zone. Bd# 80
M.D.O.C. No-36217
P.O. Box 88550
Pearl, MS. 39288

Sworn and Subscribed to before me, this day 30 of, November 2005

My Commission Expires NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE MY COMMISSION EXPIRES: June 21, 2008 BONDED THRU NOTARY PUBLIC UNDERWRITERS

Notary Public Christie E. Scott

CHRISTIE E. SCOTT
NOTARY
PUBLIC
RANKIN COUNTY, MS

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Office of the Clerk**
**300 N. Hogan St., Suite 9-150**
**Jacksonville, Florida 32202-4271**
**(904) 549-1900**
**www.flmd.uscourts.gov**

Sheryl L. Loesch
Clerk

Eric Hogue
Jacksonville Division Manager

February 3, 2006

Mr. Joe L. Amerson
36217
C.M.C.F.
P.O. Box 88550
Pearl, MS 39288-8550

RE: Enclosed documents captioned for the Mississippi Courts

Dear Mr. Amerson:

The intent of the enclosed letter is unclear. The letter appears to refer to Winn-Dixie's bankruptcy proceedings, but you have mailed it to the U.S. District Court. Additionally, the documents you have enclosed are captioned for a circuit court in Mississippi. Since it does not appear the items you have enclosed relate to this Court, they are returned herewith. If you are somehow under the impression that this Court will hold documents for you or otherwise act on your behalf in matters pending in other courts, this is not the case.

Sincerely,

SHERYL L. LOESCH, CLERK

By: ______________________
Deputy Clerk



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
**CHRISTOPHER B. EPPS**
**COMMISSIONER**

**Margarett Bingham, Superintendent**
**Central Mississippi Correctional Facility**

**Post Office Box 88550**
**Pearl, Mississippi 39288-8550**
**(601) 932-2880**

**TO:** **Inmate Joe Amerson #36217**
**CMCF III, B-Building, B-Zone, Bed 80**

**FROM:** **Margarett Bingham, Superintendent**

**DATE:** **February 16, 2006**

**RE:** **Medical Complaint**

I received your letter dated February 8, 2006 stating that you haven't received any medication since the year of 2004, September 23rd and you request for relief. Because this is a medical complaint, I am forwarding your letter to Dr. Kentrell Liddell for review and disposition.

MB:rlg

C: Dr. Kentrell Liddell
File

**723 NORTH PRESIDENT STREET•JACKSON, MISSISSIPPI 39202**
**PHONE: (601) 359-5600•FAX: (601) 359-5624**