UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

ORDER APPROVING SETTLEMENT
RELATING TO DALTON GEORGIA PROPERTY

These cases came before the Court for hearing on March 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order approving a settlement involving (i) the rejection and termination of a non-residential real property lease under which Grossman-Dickson Dalton Georgia, LLC ("Grossman") is the landlord and Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery") is the tenant (ii) the assumption and assignment (to Grossman) of a related sublease under which Winn-Dixie Montgomery is the sublessor and Delray Farms of Georgia, L.L.C. ("Delray") is the subtenant and (iii) the fixing of unliquidated proofs of claim filed by Grossman (the "Motion").[1] The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Settlement is approved.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

3. The Debtors are authorized to take any and all actions that may be required to implement the Settlement substantially on the terms described in the Settlement Documents.

4. The Debtors are authorized to reject the Lease and the Guarantee and such rejections shall be deemed effective as of March 1, 2006.

5. The Debtors are authorized to assume and assign the Sublease to Grossman on the terms set forth in the Sublease Amendment and the Sublease Assignment.

6. Grossman's Original Proofs of Claim will be deemed amended and superseded by the Amended Proofs of Claim.

7. The claims that Grossman has asserted in the Amended Proofs of Claim shall be deemed allowed as non-priority, unsecured claims fixed in the amount of $350,000, provided, however, that (i) its recovery on the Amended Proofs of Claim shall not exceed $350,000 in the aggregate, and (ii) if the estates of Winn-Dixie Montgomery and Winn-Dixie are substantively consolidated, Claim No. 12855 shall be deemed expunged.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 9 day of March, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.