UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

F I L E D
JACKSONVILLE, FLORIDA

MAR 10 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                         )   Case No. 05-03817-3F1
                                               )
WINN-DIXIE STORES, INC., et al.,               )   Chapter 11
                                               )
Debtors.[1]                                    )   Jointly Administered
                                               )

## NOTICE OF DEBTORS' FIFTH OMNIBUS OBJECTION TO
## (A) WORKERS' COMPENSATION CLAIMS AND (B) MISCLASSIFIED CLAIMS

Creditor-WDX-389292-5A-54
OCHOA, GENEVIEVE
215 FAIRCREST DRIVE
ARLINGTON TX 76018

| CLAIM(S) TO BE DISALLOWED ||
|---|---|
| Claim No.: 10718<br>Claim Amount: $150,000.00<br>Claim Priority Status: PRIORITY | **Modified Priority Status:** UNSECURED NON-PRIORITY<br>**Reason For Disallowance/Reclassification:**<br>Debtor is paying its ongoing self-insured workers' compensation obligations pursuant to order authorizing continuation of insurance and workers' compensation programs (DKT No. 432) and/or claim will be paid by debtor's insurance carrier. Also, misclassified claim. |

1.  PLEASE TAKE NOTICE that Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed on February 21, 2006 their Fifth Omnibus Objection to (A) Workers' Compensation Claims and (B) Misclassified Claims (the "Objection") with the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

2.  The Objection requests that the Bankruptcy Court disallow one or more of your claims listed above under CLAIM(S) TO BE DISALLOWED for the reason set forth above, without prejudice to payment under the Debtors' workers' compensation programs, as authorized by the Order Granting Authority to Continue Pre-Petition Insurance and Workers' Compensation Programs (Docket No. 432). In addition, because the Debtors dispute the classification asserted in your proof of claim(s), to the extent that the Bankruptcy Court does not disallow your claim in its entirety, the Objection requests that the Bankruptcy Court reclassify one or more of your claims listed above from the classification listed above to an unsecured non-priority claim.

3.  If you do NOT oppose the disallowance or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4.  If you DO oppose the disallowance or reclassification of your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, then you MUST file and serve a written response to the Objection that is received on or before **4:00 p.m. Eastern Time on March 13, 2006** (the "Response Deadline"). The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.

5.  Responses will be deemed timely filed only if the original response is actually received on or before the Response Deadline by the Bankruptcy Court via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202.

6.  In addition, a copy of the response must be served on or before the Response Deadline on the Debtors' attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, Attn: D.J. Baker, Four Times Square, New York, New York 10036, via email at djbaker@skadden.com, or via facsimile sent to (917) 777-2150.

7.  A hearing will be held on **March 23, 2006** to consider the Objection. The hearing will be held at **1:00 p.m. Eastern Time** in the United States Bankruptcy Court for the Middle District of Florida at the United States Courthouse, 300 North Hogan St., 4th Floor, Jacksonville, Florida 32202. If you file a written response to the Objection, then you should plan to appear at the hearing. The Debtors, however, may agree to continue the Objection with respect to your claim(s). If the Debtors do agree to a continuance with respect to your claim(s), the hearing will be held at a later date. If the Debtors do not agree to a continuance with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

8.  If the Bankruptcy Court does not disallow your claim(s) listed above under CLAIM(S) TO BE DISALLOWED, in addition to seeking reclassification of your claim as set forth above, the Debtors may seek to object to your claim(s) on other grounds (or to any other claims that you have filed) at a later date. In addition, to the extent determinable, the Debtors may seek to modify the Debtor against which your claim was filed in order to reflect that the claim is filed against the Debtor believed to be liable for the amounts asserted in the claim. You will receive a separate notice of any additional objections the Debtors seek to assert and you will be given an opportunity to respond to those objections.

9.  The Debtors reserve their rights with respect to any potential preference and avoidance actions under chapter 5 of the Bankruptcy Code.

10. **If you have any questions regarding the Objection or your claim(s), you may call Jane Leamy of Skadden, Arps, Slate, Meagher & Flom LLP at (302) 651-3179.** A copy of the Objection and/or your proof of claim can be obtained, without charge, from the Debtors' claim agent's website: www.loganandco.com, or if you do not have access to a computer, from Skadden, Arps, Slate, Meagher & Flom LLP, at the Debtors' expense, by calling the number listed above.

Dated: February 21, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
|---|---|
| By /s/ D.J. Baker<br>    D.J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | By /s/ James H. Post<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson<br>    Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **Winn - Dixie**       Case No. **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

1. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

**Genevieve Ochoa
215 Faircrest Drive
Arlington, TX 76018**

Telephone No. of Creditor: **817-419-8428**

Fax No. of Creditor:

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☐ additional address
Name:_____
Company/Firm:_____
Address:_____

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: I the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST b filed in order for you to receive any distribution on account of you claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:

1. **Basis for Claim**
   - ☐ Goods sold to debtor(s)
   - ☐ Services performed for debtor(s)
   - ☐ Goods purchased from debtor(s)
   - ☐ Money loaned
   - ☒ Personal injury/property damage
   - ☐ Other _____
   - ☐ Taxes
   - ☐ Severance agreement
   - ☐ Refund
   - ☐ Real property lease
   - ☐ Personal property lease
   - ☐ Other contract _____
   - ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   - ☐ Wages, salaries, and compensation (fill out below)
     Last four digits of SSN:_____
     Unpaid compensation for services performed from _____ to _____ (date) (date)

2. Date debt was incurred:

3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:
$_____ (unsecured)  $**150,000** (secured)  $_____ (priority)  $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☒ Real Estate  ☐ Motor Vehicle  ☒ Other _____
Value of Collateral: $ **150,000**

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. **Unsecured Nonpriority Claim** $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. **Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Genevieve Ochoa**  Title:_____
Signature: **Genevieve Ochoa**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# MATRIX REHABILITATION
*A MEDTRAK MEDICAL COMPANY*

## EVALUATION SUMMARY & PLAN OF CARE
☒ PT    ☐ OT

**Facility:** The Parks PT and Work Hardening Center
**Date:** 01/04/06    **Acct #:**
**Patient:** Genevieve Ochoa
**Age:** 44    **Sex:** ☐ M ☒ F
**Date of Injury / Onset:** 4/19/02    **Start Of Care:** 01/04/06    **Therapist:** L. Urso, PT
**Medical Diagnosis:** ⓁCTR
**Physician:** Dr. Sazy
**Treatment Diagnosis:**

**HISTORY / SUBJECTIVE REPORT / CHIEF COMPLAINT:** Continues c̄ pain, ↓ ROM and strength in hand. Pain up into arm to shld. Index finger sensitive, tingles and throbs, occasional tingling thumb. Long history of prior surgery and therapy. Ⓡ Dominant

**Current and/or Prior Treatment:** None - no splint since 12/1/05

**Precautions / Contraindications:**

**PRIOR LEVEL OF FUNCTION** (explain any limitations) Patient was independent in the following areas:
☐ Self care ☐ ADL ☐ Care giving ☐ Leisure ☒ Mobility — Occasional help for dressing. Showering using Ⓡ hand only. Has for daughter.

**Current Pain Level** (0-no pain, 10 - severe pain) 7-8/10 max    6/10 now

**PRESENT FUNCTIONAL DEFICITS** (explain any limitations):   Working: ☐ Yes ☒ No   Type of Work:
☒ Reaching ☒ Pushing ☒ Pulling ☒ Lifting ☒ Carrying ☐ Sitting ☐ Standing ☐ Bending ☐ Squatting ☐ Ambulation/Mobility ☒ Self-care
Driving only short distances. Can't wear glove, long sleeves

**OBJECTIVE DATA / TESTS** specific to this diagnosis: Sensation: Ⓛ thumb, index sensitive to touch, numb & tingling. Worse independent position.
Palp: Poor scar mobility at wrist. Palpation very painful.
ROM: Ⓛ Wrist flex 40° R dev. 4° 2nd PIP 35° MP 50°  3rd PIP 80° MP 65°  4th PIP 35° MP 60°  5th PIP 90° MP 90°
ext 20° U dev. 18°  DIP 20°   DIP 60°   DIP 40°   DIP 60°
General palmar atrophy   Strength: 2-2+ throughout

**PROBLEM LIST** impairments causing functional limitations
1. ↓ ROM
2. Sensitivity to touch
3. ↓ Strength

**TREATMENT PLAN** skilled intervention required for each problem
ther ex
desensitization, modalities
ther ex

**SHORT TERM FUNCTIONAL GOALS:** objective/measurable goals to be achieved during this 30 day period
1. ↑ ROM 20° PIP, MP flexion — **Time Frame** 2 weeks
2. ↓ pain/sensitivity to touch to allow manual stretching — 2 weeks

**LONG TERM FUNCTIONAL GOALS:** functional status achieved at end of course of care
1. Pt able to wear glove Ⓛ hand — 4 weeks
2. Grip 3+ Ⓛ hand — 6 weeks

**Patient's Personal Goals for Treatment:** ☒ Same as above ☐ Other:
**Initial Treatment on this date:** Evaluation, NMES for flexors/extensors alternating
**ASSESSMENT:** Pt S/P Ⓛ CTR. Pt c̄ significant atrophy of Ⓛ hand and sensitivity to touch. Showing signs of RSD. Pt c̄ ↓ ROM, strength. Treatment options may be limited by sensitivity.

**Patient's Awareness of Diagnosis / Prognosis:** ☒ Yes ☐ No
**Patient's Rehabilitation Potential is:** ☐ Excellent ☐ Good ☒ Fair ☐ Poor (explain)
**Verbal Informed Consent Obtained for Treatment Plan:** ☒ Yes ☐ No
**Treatment Frequency:** 3 times per week for 6 weeks.

**Physician:** As part of our Certified Rehabilitation Program, our facility offers social and/or vocational adjustment services. Do you believe your patient may be in need of these services? ☐ No ☐ Yes

**Therapist Signature:** L. Urso, PT    **License #:** #1046332    **Date:** 01/04/06
**Physician Signature:**

3-8-06

To whom it may concern,

As for as the Insurance company paying as they should. I have not been paid in the last eight months. When I should have. Therefore I think I should be paid. My Dr. tells me that I will never be the same.

Thank You,
Jenieve Cahea



## METROPLEX HOSPITAL
## OPERATIVE REPORT

**PATIENT NAME:** OCHOA, GENEVIEVE          **DATE OF PROCEDURE:** 03/10/04
**MEDICAL RECORD#:** 878
**SURGEON:** JOHN SAZY, M.D.

**PREOPERATIVE DIAGNOSES:**
1. Lunatotriquetral arthritis.
2. Degenerative joint disease of the left wrist.

**POSTOPERATIVE DIAGNOSES:**
1. Lunatotriquetral arthritis.
2. Degenerative joint disease of the left wrist.

**PROCEDURE PERFORMED:**
1. Intercarpal lunotriquetral arthrodesis with distal radial bone graft, long-arm splint, and Marcaine injection.

**INDICATION:** This is a 43-year-old female who has an active bone scan at the area of the lunatotriquetral articulation of the left wrist. The patient has degenerative changes of that articulation, and she has provocative testing with relief of pain with injection at that joint. The patient has had the risks and benefits of operation explained including possible nerve damage, limitation in range of motion and she has accepted the limitations and signed the consent form for the procedures described.

**PROCEDURE IN DETAIL:** The patient was brought to the operating room and placed supine for surgery, following administration adequate anesthesia, the patient was induced with general endotracheal anesthesia. The left arm was prepped and draped in usual fashion. The tourniquet was placed on the left proximal arm and after the patient received intravenous antibiotics, the left arm was exsanguinated with an Esmarch, and the tourniquet was inflated to 250 mmHg. The patient did have an incision made over the ulnar portion of the dorsal wrist through skin and subcutaneous tissues. Extensor digiti minimi was retracted radially. The wrist capsule was identified and incised sharply with a scalpel. With periosteal dissection, the patient had the exposure of the triquetrum and the lunate, which was confirmed with fluoroscopy. After the articulation was denuded off cartilage and the patient did had the dissection carried over the distal radius dorsally where a small window was made with an osteotome and cancellous bone harvested from the distal radius. The patient had Gelfoam placed in the harvest site. The patient then had a K wire placed across the lunotriquetral articulation and stabilized this joint in fusion.

1100 New York Avenue □ Arlington, Texas 76018
Phone: (817) 395-5100 □ Fax (817) 395-5199 □ www.LelandMedical.com

RE: OCHOA, GENEVIEVE                                                    PAGE 2
OPERATIVE REPORT

The patient had range of motion performed after this K wire was placed and it was found to have approximately 85 degrees of flexion and approximately 70-80 degrees of extension. The patient then had a 2.5 drill placed across the lunotriquetral articulation and a 16-mm cancellous lag screw was then placed across the drill hole compressing the lunotriquetral articulation. The patient had otogenous distal radial shaft graft placed over the articulation at the arthrodesis site. After this was done, the patient had tourniquet released. All bleeding was controlled with Bovie electrocautery. The wrist capsule was closed with 2-0 Vicryl suture. The subcutaneus tissues were closed with 2-0 Vicryl suture, and the skin was closed with a running 4-0 subcuticular stitch and Steri-Strip. Marcaine was injected into the incision. Xeroform and sterile dressings were placed over the incision site. The patient then had a long-arm splint placed into position of function, and she was returned to the recovery room alert and oriented with vital signs within normal limits.

_____
JOHN SAZY, M.D.
JS/SAV/KUT/1236/ss
D: 03/10/2004
T: 03/11/2004

4400 New York Avenue □ Arlington, Texas 76018
Phone: (817) 395-5100 □ Fax (817) 395-5199 □ www.LelandMedical.com

ALL SAINTS HEALTH SYSTEM

DATE OF OPERATION: 11/18/2005

SURGEON: John A. Sazy, MD

PREOPERATIVE DIAGNOSIS: Carpal tunnel syndrome.

POSTOPERATIVE DIAGNOSIS: Carpal tunnel syndrome.

OPERATIVE PROCEDURES:
1. Left carpal tunnel release with tenosynovectomy of flexor digitorum superficialis tendons and flexor digitorum profundus tendons.
2. Short arm splint.
3. Marcaine injection.

INDICATIONS FOR PROCEDURE: This is a 44-year-old female with history of carpal tunnel syndrome with numbness and tingling in her left hand which was verified by EMG. This demonstrated delayed conduction across the wrist at the median nerve. The patient has had nonoperative forms of treatment and is coming to the hospital for release of carpal tunnel and tenosynovectomy of the flexor tendons.

OPERATIVE REPORT: The patient was brought to the operating room and peripheral IV was placed by the anesthesia team. The patient had the left arm prepped and draped in the usual fashion with tourniquet applied to the left proximal arm. The patient then had exsanguination of the left arm after intravenous antibiotics were infiltrated, and the patient had prepping and draping in the usual fashion. The tourniquet was inflated to of 250 mm water. The patient then had an incision in the volar surface of the wrist and palm, extending across the wrist crease, curving ulnarly into the mid palm through skin and subcutaneous tissues. Blunt dissection was then performed. The palmaris longus tendon was identified. The median nerve was identified. The patient had synovial tissue and deep connective tissue excised that was surrounding the median nerve performing compression of the nerve. The palmar fascia was identified. Hemostat was placed inferior to the palmar fascia, and the palmar fascia was sharply divided to the mid palm including the carpal ligament. The space was then opened with a retractor. The median nerve was then dissected freely from the surrounding tenosynovium of the flexor tendons which decompressed and freed the nerve. The tenosynovium of the flexor tendons individually were then dissected and removed and sent for specimen. The patient then had the tourniquet released. The bleeding was controlled with bipolar. The patient then had closure of the wound with horizontal mattress technique of 3-0 nylon suture. Sterile dressings were placed and the patient was then placed in a short-arm splint in position of function. The patient was returned to recovery room alert

---

PATIENT NAME: OCHOA, GENEVIEVE G
REPORT NAME: OPERATIVE REPORT
DICTATING DR: SAZY, JOHN A MD

ACCOUNT #: M00856604954
UNIT #: M001086172
DICTATE DATE/TIME: 11/18/05 095447

ALL SAINTS HEALTH SYSTEM

and oriented and vital signs within normal limits.

JOHN A. GARY, MD

JAG/MEDQ
D: 11/18/2005 09:64:47   T: 11/18/2005 15:08:59   Job#: 421053  /
Doc#: 166141202

PATIENT NAME: OCHOA, GENEVIEVE G
REPORT NAME: OPERATIVE REPORT
DICTATING DR: SARY, JOHN A MD
ACCOUNT #: M00856604954
UNIT #: M001086172
DICTATE DATE/TIME: 11/18/05 09:44:47

Baylor All Saints Health Sys PCI *LIVE* (PCI: ON Database ALS)
Run: 12/08/05-13:56 by CROWNUMC A

Received Time Dec. 8. 2:55PM
Page 2 of 2

**WELLS FARGO HOME MORTGAGE**
Return to Operations
PO Box 14411
Des Moines IA 50306-3411

# Monthly Mortgage Statement

| | |
|---|---|
| Statement Date | 02/24/06 |
| **Loan Number** | **0191692037** |

## Customer Service

🖥️ **Online**
yourwellsfargomortgage.com

☎️ **Telephone**    **TTY Deaf/Hard of Hearing**
(866) 234-8271    (800) 934-9998

📠 **Fax**
(866) 278-1179

✉️ **Payments**    **Correspondence**
P.O. Box 650769    PO Box 10335
Dallas, TX 75265    Des Moines IA 50306-0335

**Purchase or Refinance** (800) 443-3429

#BWNGKLH
#708HXVWVPJJFP023#                    034837

TIODORO GOMEZ
GENEVIEVE S OCHOA
215 FAIRCREST DRIVE
ARLINGTON   TX   76018-4027

### Important Messages

Because you're a valued customer, we're continually looking for new ways to help you reach your homeownership and financial goals. Should you ever need assistance, please don't hesitate to call on us. We appreciate your business!

## Summary

| | |
|---|---:|
| Payment (Principal and/or Interest, Escrow) | $748.26 |
| Optional Product(s)* | $9.82 |
| **Current Monthly Payment** | **$758.08** |
| Overdue Payments | $ .00 |
| Unpaid Late Charge(s) | $59.86 |
| Other Charges | $ .00 |
| **TOTAL PAYMENT DUE 03/01/06** | **$817.94** |

**Property Address**
215 FAIRCREST DRIVE
ARLINGTON TX 76018

| | |
|---|---:|
| Unpaid Principal Balance | $73,928.68 |
| *(Contact Customer Service for your payoff balance)* | |
| Interest Rate | 5.500% |
| Interest Paid Year-to-Date | $678.97 |
| Taxes Paid Year-to-Date | $ .00 |
| Escrow Balance | $1,348.01 |

## Activity Since Your Last Statement

| Date | Description | Total | Principal | Interest | Escrow | Late Charge | | Other |
|---|---|---:|---:|---:|---:|---:|---|---:|
| 02/24 | PAYMENT | $758.08 | $93.63 | $339.27 | $315.36 | | OPTPRODUCT | $9.82 |

*Your mortgage account has Unpaid Late Charges totaling $59.86, which are included in the Total Amount Due below. Please pay the Total Amount Due in full. If you have any questions, please contact a Loan Counselor at 866-234-8271.*

*Interest Paid in the amount of $4,168.99 and Taxes Paid in the amount of $2,337.83 is included on your IRS Form 1098 for Tax Year 2005.*

07455MBMK                    07455MBMK8

---

*Please detach and return with your payment.*

**WELLS FARGO HOME MORTGAGE**

| | |
|---|---:|
| Loan Number 708 | 0191692037 |
| Current Monthly Payment Due | $758.08 |
| Total Payment Due 03/01/06 | $817.94 |
| After 03/16/06 Add Late Fee | $29.93 |
| Total Amount Due After 03/16/06 | $847.87 |

*Check here and see reverse for address correction.*

TIODORO GOMEZ
GENEVIEVE S OCHOA

WELLS FARGO HOME MORTGAGE
PO BOX 650769
DALLAS TX   75265-0769

708 0191692037 0 10 00 00075808 00078801 00081794 00075808 4