### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### ORDER GRANTING FOURTH EXTENSION OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

These cases came before the Court for hearing on March 9, 2006 upon the

motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors")[1] for entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors an

extension of time to assume or reject unexpired nonresidential real property leases (the

"Unexpired Leases") through the effective date of the Debtors' plan of reorganization

(the "Plan") (the "Motion"). Several formal and informal objections to the Motion were

raised or filed, including objections on behalf of the landlords for the stores identified on

Exhibit A (the "Exhibit A Leases"), and (b) objections on behalf of the landlords for the

stores identified on Exhibit B (the "Exhibit B Leases") (the objections filed or raised

with respect to the Exhibit A Leases and the Exhibit B Leases being hereafter referred to

as the "Objections"). The Objections that related to the Exhibit A Leases and the Exhibit

B Leases were settled through the Debtors' willingness to reduce the length of their

requested extension as to such leases. Four objections remained unresolved at the time

---

[1]    All capitalized terms not otherwise defined shall have the meaning ascribed to
them in the Motion.

of the hearing including: (i) the objection filed by Commodore Realty, Inc. and Isram

Realty & Management, Inc. (Docket No. 6237) (the "Commodore/Isram Objection"), (ii)

the objection filed by Westfork Tower, LLC, T/A Western LLC, Concord-Fund IV

Retail, LP, TA Cresthaven, LLC, Flagler Retail Associates, Ltd., and Elston/Leetsdale,

LLC, by and through their property manager Terranova Corporation (Docket No. 6243)

(the "Terranova Objection"), (iii) the objection filed by Lassiter Properties, Inc. (Docket

No. 6245) (the "Lassiter Objection"), and (iv) the objection filed by London Associates,

Ltd. (Docket No. 6249) (the "London Objection", and together with the

Commodore/Isram Objection, the Terranova Objection, and the Lassiter Objection, the

"Unresolved Objections"), and the objecting parties have agreed to continue the hearing

with respect to the Unresolved Objections to the next omnibus hearing.  The Court has

read the Motion and considered the representations of counsel.  Based upon the

representations of counsel and without objection by the United States Trustee or any

other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted as modified by this Order.

2.      Except as set forth in Paragraph 3 of this Order, provided that a
motion to assume or reject the Unexpired Leases has been filed prior to the hearing to
consider confirmation of the Plan, the period within which the Debtors must assume or
reject the Unexpired Leases is extended through the date upon which the Debtors' Plan
becomes effective.

3.      The period within which the Debtors must move to assume or
reject the Exhibit A Leases is extended through the earlier of (i) the date upon which the

2

Debtors begin soliciting votes on the Plan, and (ii) May 19, 2006. The period within which the Debtors must move to assume or reject the Exhibit B Leases is extended through April 20, 2006.

4.    The hearing to consider the Unresolved Objections is continued until the omnibus hearing set for March 23, 2006 at 1:00 p.m. and the period within which the Debtors may assume or reject the Unexpired Leases that are the subject of the Unresolved Objections (which Unexpired Leases are identified on Exhibit C) is extended through the date of entry of an order pursuant to such hearing, and such later date as may be provided by such order.

5.    Other than the Unresolved Objections, those Objections that have not yet been withdrawn are overruled.

6.    The Debtors will comply with the mandates of section 365 of the Bankruptcy Code, and will perform all the obligations of the Debtors, except those specified in section 365(b)(2), arising from and after the order for relief (the "Postpetition Rental Obligations"). Any lessor may file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion must set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. The Debtors agree that they will not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days. This Order shall not affect pending motions to compel compliance with Postpetition Rental Obligations.

3

7.    The entry of this Order is without prejudice to the right of any lessor under an Unexpired Lease, other than those set forth on Exhibits A and B, to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

8.    The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease shall be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases prior to the expiration of the time periods prescribed by this Order.

9.    The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 10 day of March, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

4

## **EXHIBIT A**

"Exhibit A Leases"

**Store Nos:**

1.  167
2.  409
3.  631
4.  1766
5.  2289
6.  656
7.  737
8.  637
9.  651
10.  660
11.  777
12.  243
13.  2267
14.  359
15.  375
16.  2211
17.  222
18.  218
19.  1537
20.  556
21.  460
22.  454
23.  426
24.  2411
25.  2258
26.  1095
27.  281
28.  1403
29.  231
30.  1613
31.  153
32.  335
33.  2311
34.  698
35.  2348
36.  2301
37.  1402
38.  452
39.  2602
40.  1551

41. 144
42. 80
43. 463
44. 30
45. 607
46. 176
47. 138
48. 672
49. 1402
50. 1095
51. 459
52. 231
53. 81
54. 250
55. 002
56. 006
57. 348
58. 256
59. 265
60. 287
61. 517
62. 1404
63. 1449
64. 2217
65. 2491
66. 2459
67. 2265
68. 84
69. 2333
70. 2230
71. 599
72. 2213
73. 736
74. 1852
75. St. Johns Commons, Jacksonville, FL
76. Park View Square- Miramar, FL
77. Lake City Shopping Center- Lake City, FL

A-2

## **EXHIBIT B**

"Exhibit B Leases"

**Store Nos:**
1.  1335
2.  2298
3.  488
4.  1419

**EXHIBIT C**

As to the following stores, the hearing on the Motion has been continued
to the omnibus hearing for March 23, 2006.

**Store Nos:**
1.  328
2.  356
3.  611
4.  662
5.  2323
6.  2330
7.  188
8.  254
9.  278
10. 221
11. 353
12. 217
13. 279
14. 290
15. Palm Johnston Plaza (Pembroke Park)