# Exhibit "C"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

ORDER, UNDER 11 U.S.C. §§ 330 AND 331, GRANTING SECOND
APPLICATION OF AKERMAN SENTERFITT, CO-COUNSEL
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR INTERIM ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND FOR REIMBURSEMENT
OF EXPENSES INCURRED DURING PERIOD FROM
OCTOBER 1, 2005, THROUGH AND INCLUDING JANUARY 31, 2006

THIS CASE is before the Court on the Second Application (the "Application") of Akerman Senterfitt ("Akerman"), co-counsel for the official committee of unsecured creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above captioned cases (collectively, "Winn-Dixie" or the "Debtors"), for entry of an order, pursuant to 11 U.S.C. §§ 330(a) and 331, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "U.S. Trustee Guidelines"), the Final Order Approving Interim Compensation Procedures for Professionals, dated March 15, 2005 (Docket No. 434) (the "Interim Compensation Order"), and the Order Authorizing Debtors to Employ and Retain Stuart, Maue, Mitchell & James, LTD. as Fee Examiner, dated December 14, 2005 (Docket No. 4599)(the "Fee Examiner Order"), (a) allowing (i) interim compensation for professional services

{JA266047;1}

rendered from October 1, 2005, through and including January 31, 2006 (the "Second Interim Compensation Period"), in the aggregate amount of $63,288.00, and (ii) reimbursement of expenses incurred in connection with rendering such services in the aggregate amount of $3,733.79, for a total award of $67,021.79 and (b) authorizing and directing the Debtors to pay to Akerman $39,191.17, which is the total amount outstanding and unpaid by the Debtors to Akerman pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the Second Interim Compensation Period; the Court having reviewed the Application and having heard the statements of counsel in support of the relief requested therein; and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and after notice and a hearing on April 6, 2006 to consider the Application; and upon the record and the evidence presented and after due deliberation thereon; and due and proper notice of the Application having been given; and sufficient cause appearing therefor, it is

**ORDERED**

1. The Application is granted.

2. Akerman is allowed (a) interim compensation for professional services rendered as counsel to the Committee during the Second Interim Compensation Period in the amount of $63,288.00 and (b) reimbursement of expenses incurred in connection with rendering such services in the amount of $3,733.79, for a total award of $67,021.79.

3. The Debtors are authorized and directed to pay to Akerman within five days from the date of entry of this Order $39,191.17, which is the total amount outstanding to Akerman and unpaid by the Debtors pursuant to the Interim Compensation Order for professional services rendered and expenses incurred during the Second Interim Compensation Period.

4.  The relief granted in this Order is without prejudice to the rights of Akerman to seek further allowance and payment of additional compensation and reimbursement of expenses, including any such amounts incurred during the Second Interim Compensation Period for which approval has not previously been sought and denied, upon application to this Court.

5.  All interim fees and expenses are subject to review by the Fee Examiner, parties in interest and this Court, and no determination is made at this time as to reasonableness. Interim fees and expenses awarded pursuant to this Order may be subject to disgorgement.

DATED this ____ day of April, 2006, in Jacksonville, Florida.

_____
JERRY A. FUNK
United States Bankruptcy Judge