UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.* | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |

**FLORIDA TAX COLLECTORS' RESPONSE TO DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTORS TO RETAIN LIQUIDATING AGENT AND APPROVING AGENCY AGREEMENT, (B) AUTHORIZING THE DEBTORS TO SELL MERCHANDISE FREE AND CLEAR OF LIENS THROUGH STORE CLOSING SALES IN ACCORDANCE WITH ATTACHED GUIDELINES, (C) AUTHORIZING THE DEBTORS TO SELL PHARMACEUTICAL ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (D) AUTHORIZING THE DEBTORS TO ABANDON PROPERTY AND (E) GRANTING RELATED RELIEF (DOCKET NO. 6467) ("THE MOTION"), AND REQUEST FOR ADEQUATE PROTECTION**

COMES NOW the Tax Collectors for Alachua County, Baker County, Bay County, Bradford County, Brevard County, Broward County, Charlotte County, Citrus County, Clay County, Collier County, Columbia County, DeSoto County, Duval County, Escambia County, Flagler County, Gadsden County, Hardee County, Hendry County, Hernando County, Highlands County, Hillsborough County, Indian River County, Jackson County, Jefferson County, Lake County, Lee County, Leon County, Levy County, Madison County, Manatee County, Marion County, Martin County, Miami-Dade County, Monroe County, Nassau County, Okaloosa County, Okeechobee County, Orange County, Osceola County, Palm Beach County, Pasco County, Pinellas County, Polk County, Putnam County, Santa Rosa County, Sarasota County, Seminole County, St. Johns County, St. Lucie County, Sumter County, Suwannee County, Taylor County, Volusia County, Wakulla County, Walton County and Washington County (collectively known as "Florida Tax Collectors"), by and through their undersigned counsel, and file this Response to Debtor's Motion based on the following:

1

## FACTS

1. The Motion includes 28 Florida stores located in the following counties; Brevard (3), Broward (6), Collier (2), Miami-Dade (3), Duval (1), Hillsborough (1), Indian River (1), Lee (2), Manatee (1), Orange (2), Osceola (1), Palm Beach (1), Pinellas (1), Polk (1), Sarasota (1), and Seminole (1). The total 2005 tangible taxes for these stores collectively is in the amount of $392,718.04, and these 2005 tangible taxes on each of these stores remain unpaid. The 2005 real estate taxes on some of these stores have been paid, but there are unpaid 2005 real estate taxes for fifteen (15) of these stores in the total amount of $2,140,924.07. The 2006 ad valorem taxes were assessed and a statutory first lien imposed on the property on January 1, 2006, pursuant to Fla. Stat. §197.122. The Debtors seek to either liquidate, abandon or otherwise transfer the tangible personal property ("FF&E") at all locations in a manner that best enhances value for creditors. The manner in which these alternative liquidation procedures are employed is left to the total discretion of the Debtors and Liquidating Agent. In summary, the FF&E may be disposed of in a piecemeal fashion (see paragraph 5.3a on page 10 of the Agency Agreement attached as Exhibit "A" to the Debtors' Motion).

## DISPUTED ALLEGATIONS OF FACT AND LAW

2. This piecemeal liquidation of the Florida Tax Collector's collateral, as described in paragraph 16 on page 8 of the Debtors' Motion, may be in the best interest of the Debtors, however, it is not in the best interest of Florida Tax Collectors, who have a first lien on the collateral to be liquidated.

3. Florida Tax Collectors have the ability under state law to seize and sell tangible property, and they are not entitled to a commission as the Debtor wants to pay to the Liquidating Agent.

4.  A sale "free and clear of liens" is improper without providing adequate protection to Florida Tax Collectors as a statutory first lien holder.

5.  A sale "free and clear of liens" is also improper without providing adequate protection or assurance that the 2006 post-petition taxes incurred by the Debtor are paid in compliance with 28 U.S.C. §§959 and 960.

6.  The Tax Injunction Act, 28 U.S.C. §1341, as well as 11 U.S.C.§ 362(b)(18) preclude interference with the assessment of ad valorem taxes and lien creation relative to ad valorem property taxes. All broad shotgun relief requested by the Debtors to curtail or affect in any way the authority of Florida Tax Collectors as constitutional officers, or the State of Florida's statutory ad valorem tax assessment and lien creation process, should be denied.

7.  Abandonment of assets within a bankruptcy requires a description of the property to be abandoned and notice of the intent to abandon be sent to all parties with an interest the subject property. The Debtor seeks to avoid these responsibilities in the interest of exigency. This is all the more reason that adequate protection in the form of a separate segregated cash account, sufficient to pay all ad valorem property taxes and accrual of monthly interest, be established by the Court to ensure all local taxing authorities are paid in full in accordance with Florida law.

8.  Florida Tax Collectors refer to paragraph 25 on page 12 of the Motion, wherein the Debtors represent that there are no interests or claims in the FF&E which will attach to the net proceeds of sale other than the senior liens and superpriority administrative claims of the DIP lender. This statement is incorrect in that it fails to advise the Court of the statutory first liens of the respective Florida Tax Collectors.

**WHEREFORE,** premises considered, Florida Tax Collectors request that the relief relative to Florida Tax Collectors' collateral and the relief sought against Florida Tax Collectors individually as constitutional officers and arms of the State of Florida be denied, and further that the Debtors be ordered to establish a separate segregated escrow account with sufficient funds to pay all 2005 and 2006 ad valorem property taxes for the subject stores, and that the escrow account be funded on a monthly basis with additional interest due Florida Tax Collectors as fully secured creditors until such time as the taxes, interest and attorney's fees are paid in full, and for such other relief the Court deems proper.

By: _____
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, FL 33601-1110
(813) 272-5670
Fax: (813) 272-5231
fitzgeraldb@hillboroughcounty.org
Attorney for the Florida Tax Collectors

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Florida Tax Collectors' Response has been furnished by *Notice of Electronic Filing* this 17th day of March, 2006 to D.J. Baker, Skadden Arps Slate Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W. Central Blvd., Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); and John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202

(john.macdonald@akerman.com); and to all other parties using the CM/ECF System who have appeared on this matter.

 

_____
Brian T. FitzGerald
Senior Assistant County Attorney