**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| WINN-DIXIE STORES, INC., et al., | * | Case No. 05-03817-3F1 |
| | * | |
| Debtors. | * | (Jointly Administered) |
| | * | |

**GEORGIA DEPARTMENT OF REVENUE'S RESPONSE TO**
**DEBTORS' SIXTH OMNIBUS OBJECTION TO NO LIABILITY CLAIMS**

COMES NOW the Georgia Department of Revenue, by and through counsel, Thurbert E. Baker, Attorney General for the State of Georgia, and responds to the Debtors' Sixth Omnibus Objection to No Liability Claims filed in the above case as follows:

The Debtors seek to disallow claim numbers 4434, 4436, 10626, and 11090 filed by the Georgia Department of Revenue. The Department opposes the disallowance of these claims. Debtors also seek to disallow claim number 10991 filed by the Georgia Department of Revenue. The Department does not oppose the disallowance of claim number 10991

The Department has filed claim number 10626 against Astor Products, Inc. ("Astor") for unpaid withholding taxes in the total amount of $1,800.00. The Department's claim is estimated for 2000, 2001, and fourth quarter of 2003 withholding taxes as the records of the Department indicate the withholding tax returns for these periods were not filed. Although the Debtors' Objection indicates that Astor has never conducted business in Georgia, the records of the Department indicate that Astor has filed

withholding tax returns and paid withholding taxes in Georgia in the past.  Until the above returns are provided, the Department is unable to determine the actual tax liability of Astor for these periods.  Therefore, until the applicable returns are provided, the Department contends that its claim against Astor should be allowed as filed.

Pursuant to O.C.G.A. § 48-7-103(b), employers are required to file withholding tax returns and remit withholding tax payments on or before the fifteenth day of the following month.  If a dealer fails to file and pay its withholding tax liability in a timely fashion "there shall be assessed a penalty of $25.00 against any employer for each such failure plus 5 percent of the amount of the tax if the failure is for not more than one month and an additional 5 percent for each additional month."  O.C.G.A. § 48-7-126(c).  Further O.C.G.A. § 48-2-40 provides that "taxes owed the state … shall bear interest at 1 percent per month from the date the tax is due until the date the tax is paid."  See O.C.G.A. §48-7-126(e).

The Department has filed claim number 11090 against Dixie Packers, Inc. ("Dixie") for unpaid withholding taxes in the total amount of $9,400.00.  The Department's claim is estimated for May of 2003, November of 2004, January of 2005, and February of 2005 withholding taxes as the records of the Department indicate the withholding tax returns for these periods were not filed.  Although the Debtors' Objection indicates that Dixie has never conducted business in Georgia, the records of the Department indicate that Dixie has filed withholding tax returns and paid withholding taxes in Georgia in the past.  Until the above returns are provided, the Department is unable to determine the actual tax liability of Dixie for these periods.  Therefore, until the

applicable returns are provided, the Department contends that its claim against Dixie should be allowed as filed.

Pursuant to O.C.G.A. § 48-7-103(b), employers are required to file withholding tax returns and remit withholding tax payments on or before the fifteenth day of the following month.  If a dealer fails to file and pay its withholding tax liability in a timely fashion "there shall be assessed a penalty of $25.00 against any employer for each such failure plus 5 percent of the amount of the tax if the failure is for not more than one month and an additional 5 percent for each additional month."  O.C.G.A. § 48-7-126(c).  Further O.C.G.A. § 48-2-40 provides that "taxes owed the state … shall bear interest at 1 percent per month from the date the tax is due until the date the tax is paid."  See O.C.G.A. §48-7-126(e).

The Department has filed claim number 4434 against Winn Dixie Logistics, Inc. ("Logistics") for unpaid sales and use taxes in the total amount of $84,630.00.  The Department's claim is estimated for June of 2000 through April of 2001, November of 2001, April of 2002, May of 2002, October of 2002 and February of 2005 as the records of the Department indicate the sales and use tax returns for these periods were not filed.  Although the Debtors' Objection indicates obtained a sales and use tax number in Georgia in 2000 but did not operate in Georgia until 2001, the records of the Department indicate that Logistics has not filed sales and use tax returns for numerous months in 2001 and 2002.  Until the above returns are provided, the Department is unable to determine the actual tax liability of Logistics for these periods.  Therefore, until the applicable returns are provided, the Department contends that its claim against Logistics should be allowed as filed.

Pursuant to O.C.G.A. § 48-8-49(a), dealers are required to file sales and use tax returns and remit sales and use tax payments on or before the twentieth day of the following month. If a dealer fails to timely pay its outstanding sales and use tax liability, the dealer's vendor's compensation deduction shall be disallowed. O.C.G.A. § 48-8-50(b). In addition, if a dealer fails to file and pay its sales and use tax liability in a timely fashion "a penalty to be added to the tax in the amount of 5 percent or $5.00, whichever is greater, if the failure is for not more than 30 days and an additional 5 percent or $5.00, whichever is greater, for each additional 30 days or fraction of 30 days during which the failure continues." O.C.G.A. § 48-8-66. Further O.C.G.A. § 48-2-40 provides that "taxes owed the state … shall bear interest at 1 percent per month from the date the tax is due until the date the tax is paid."

The Department has filed claim number 4436 against Winn Dixie Montgomery, Inc. ("Montgomery") for unpaid sales and use taxes in the total amount of $424,870.00. The Department's remaining claim is based upon Montgomery's filed April of 2004 sales and use tax return. Montgomery's April of 2004 sales and use tax return indicates a total sales and use tax liability of $870,746.85.[1] However, the Department's records indicate that Montgomery remitted an electronic payment of only $494,074.55. Therefore, Montgomery underpaid its April of 2004 sales and use tax liability by $379,348.40. Thus, the Department's claim against Montgomery should be allowed as filed.

WHEREFORE, the Georgia Department of Revenue respectfully requests that its claims be allowed as filed and that it be granted such other and further relief as this Court deems just and proper.

---

[1] The Department of Revenue reviewed the April of 2004 and determined that the actual tax liability for April of 2004 sales and use taxes was $874,059.95

This  23rd   day of March, 2006.

                        Respectfully submitted,

                        THURBERT E. BAKER    033887
                        Attorney General


                        DANIEL M. FORMBY    269350
                        Deputy Attorney General


                         /s/ John B. Ballard, Jr.
                        JOHN B. BALLARD, JR.    035550
                        Senior Assistant Attorney General


                         /s/ Oscar B. Fears, III
                        OSCAR B. FEARS, III    257020
                        Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:


Oscar B. Fears, III
40 Capitol Square, SW
Atlanta, Georgia 30334
Ga. Bar No. 25020
Telephone:  (404) 656-3303
Facsimile:  (404) 657-3239
Counsel for the Georgia Department of Revenue

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the foregoing GEORGIA DEPARTMENT OF REVENUE'S RESPONSE TO DEBTORS' SIXTH OMNIBUS OBJECTION TO NO LIABILITY CLAIMS upon:

> D.J. Baker, Esq.
> Skadden, Arps, Slate, Meagher & Flom
> Four Times Square
> New York, New York 10036
>
> James H. Post, Esq.
> Smith Hulsey & Busey
> 225 Water Street, Suite 1800
> Jacksonville, Florida 32202

by placing the same into the United States mail with adequate, first-class postage placed thereon.

This __23rd__ day of March, 2006.

/s/ Oscar B. Fears, III
OSCAR B. FEARS, III
Assistant Attorney General