## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | |
| | ) | *Chapter 11* |
| Debtors. | ) | |
| | ) | Jointly Administered |
| _____ | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon the Debtors' objection to Claim No. 8003 filed by Louise Clark. The Court conducted a hearing on the objection on March 9, 2006. Upon the evidence presented and applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Louise Clark ("Claimant") is a citizen and resident of Durham County, North Carolina. Winn-Dixie Stores, Inc. is a Florida corporation headquartered at 5050 Edgewood Court, Jacksonville, Florida 32254-3699.

On June 16, 2004, Claimant filed a complaint (the "First Complaint") against Winn-Dixie Stores, Inc., Winn & Lowett Grocery Company, and Kwik Check Supermarkets, Inc., in the Superior Court of Justice, Durham County, North Carolina (Case No. 4-CV-03263) seeking damages for a personal injury she allegedly sustained on June 16, 2001 while shopping at a Winn-Dixie store located at 401 E. Lakewood Avenue, Durham, North Carolina. (Debtor's Ex. 4.)

On September 27, 2004, the Superior Court for Durham County entered an order dismissing the First Complaint with prejudice. (Debtors' Ex. 7.)

On June 16, 2005, Claimant filed a second complaint (the "Second Complaint") against Winn-Dixie Raleigh, Inc. in the Superior Court of Justice, Durham County, North Carolina (Case No. 5-CV-02998) seeking damages for the same personal injury alleged in the First Complaint. (Debtors' Ex. 8.)

On August 18, 2005, Winn-Dixie Raleigh, Inc. filed a motion to dismiss the Second Complaint on the grounds that the claim was barred by *res judicata* and by the applicable statute of limitations. (Debtors' Ex. 10.) On that same day, Claimant voluntarily dismissed the Second Complaint with prejudice. (Debtors' Ex. 11.)

On July 27, 2005, despite the two prior dismissals of her claim with prejudice, Claimant filed Claim No. 8003 against Winn-Dixie Stores, Inc. in the amount of $3 billion ($3,000,000,000) based upon the same personal injury. (Debtors' Ex. 1.) Claimant's proof of claim for personal injury damages is based upon the same personal injury damages alleged in the prior state court actions. (Debtors' Ex. 1, 3, 4 and 8.)[1]

On February 3, 2006, the Debtors filed an objection to Claim No. 8003 on the grounds that it is barred by *res judicata* and by the statute of limitations. (Docket No. 5567; Debtors' Ex. 2.)

---

[1] The Claimant, appearing *pro se*, did not dispute that the personal injury upon which the Claimant's proof of claim is based is the same personal injury alleged in the two state court complaints.

## CONCLUSIONS OF LAW

### Claimant's claim is barred by res judicata

Claimant's claim for personal injury damages was twice asserted and twice

dismissed, with prejudice, in the North Carolina state courts.  The issue presented is

whether *res judicata* bars Claimant from reasserting that personal injury claim in this

Court.  For the following reasons, the Court finds that it does.

The starting point for the Court's determination is the Full Faith and Credit clause

of the United States Constitution, which states that:

> Full Faith and Credit shall be given in each State to the
> public Acts, Records, and judicial Proceedings of every
> other State.  And the Congress may by general Laws
> prescribe the Manner in which such Acts, Records and
> Proceedings shall be proved, and the Effect thereof.

U.S. CONST. Art. IV, § 1.  To implement the Full Faith and Credit clause, Congress

enacted 28 U.S.C. § 1738, which requires Federal Courts to give full faith and credit to

state court acts and judicial proceedings:

> [The] Acts, records and judicial proceedings [of any state]
> . . . shall have the same full faith and credit in *every court*
> *within the United States* and its Territories and Possessions
> *as they have by law or usage in the courts of such State,*
> Territory or Possession from which they are taken.

28 U.S.C. § 1738 (emphasis added).  This Section requires federal courts, when

determining the preclusive effect of a state court judgment, to look to the law of the state

in which the judgment was entered:

> The preclusive effect of a state court judgment in a
> subsequent federal lawsuit generally is determined by the
> full faith and credit statute, which provides that state
> judicial proceedings "shall have the same full faith and
> credit in every court within the United States . . . as they

3

> have by law or usage in the courts of such State . . . from
> which they are taken." 28 U.S.C. § 1738. This statute
> directs a federal court to refer to the preclusion law of the
> State in which judgment was rendered.

*Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see also*

*Aquatherm Indus., Inc. v. Florida Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir.

1996)("*Marrese* directs a court 'to look first to state preclusion law in determining the

preclusive effects of a state court judgment.'")(quoting *Marrese*, 470 U.S. at 381);

*Ob/Gyn Solutions, L.C. v. Six (In re Six)*, 80 F.3d 452, 456 (11th Cir.1996)("When *res*

*judicata* is invoked to give preclusive effect to a state court judgment, a bankruptcy judge

must apply state law.")(citations omitted); *Kelleran v. Andrijevic*,  825 F.2d 692, 694 (2d

Cir. 1987)(a bankruptcy court is bound to give preclusive effect to a state court judgment

to the same extent as would the courts of that state).

  In this case, because the prior dismissals occurred in North Carolina state courts,

the Court must look to North Carolina law to determine the preclusive effect of those

prior dismissals on Claimant's claim.  Under North Carolina law, preclusive effect is

given under the doctrine of *res judicata*, to judicial acts which meet the following three

requirements: "(1) a final judgment on the merits in an earlier suit; (2) an identity of the

causes of action in both the earlier and the later suit; and (3) an identity of the parties or

their privies in the two suits."  *Caswell Realty Assoc. I, L.P. v. Andrews Co.*, 496 S.E.2d

607, 610 (N.C. Ct. App. 1998)(citation omitted).

  In this case, all three of these requirements have been established:

   1. Under North Carolina law, the order dismissing Claimant's First

Complaint with prejudice constituted a final judgment on the merits of her claim.

*See Hogan v. Cone Mills Corp.,* 337 S.E.2d 477, 482 (N.C. Ct. App. 1985)("An order of dismissal granted at the instance of a party's opponent . . . was a final dismissal of [the plaintiff's] claim on the merits."). Similarly, Claimant's voluntary dismissal of her Second Complaint with prejudice also constitutes a final judgment on the merits of her claim. *See Stafford v. County of Bladen*, 592 S.E.2d 711, 714 (N.C. Ct. App. 2004)("'[A] voluntary dismissal with prejudice is a final judgment on the merits,' implicating *res judicata*.")(quoting *Riviere v. Riviere*, 517 S.E.2d 673, 676 (N.C. Ct. App. 1999); *accord Riviere*, 517 S.E.2d at 676 (N.C. Ct. App. 1999)("A dismissal taken with prejudice indicates a disposition on the merits which precludes subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication")(citations omitted).

2.      Claim No. 8003 is based upon the same personal injury upon which the First Complaint and Second Complaint were based. This identifies the same cause of action of the earlier and later suits.

3.      The identity of the parties or their privies in the objection to Claimant's proof of claim is the same as those in the state court actions. Claimant was the plaintiff in the First Complaint and the Second Complaint. The First Complaint was asserted against Winn-Dixie Stores, Inc., as was Claim No. 8003. The Second Complaint was asserted against Winn-Dixie Raleigh, Inc., an affiliate and privy of Winn-Dixie Stores, Inc.

Accordingly, because Claimant is barred by *res judicata* from relitigating her claim under North Carolina law, the Court is precluded by 28 U.S.C. § 1738 from retrying her claim in these Chapter 11 proceedings. Because the Court finds that Claimant's claim

is barred by *res judicata*, it need not decide whether the Claimant's claim is also barred by the applicable statute of limitations.

## CONCLUSION

Based upon the foregoing, the Court concludes that Claim No. 8003 is barred by the doctrine of *res judicata*. The Court will enter an order consistent with these findings of facts and conclusions of law.

DATED this _23_ day of March, 2006 in Jacksonville, Florida.

_____
**JERRY A. FUNK**
United States Bankruptcy Judge

James H. Post is directed to serve a
copy of these Findings of Fact and
Conclusions of Law on all parties
who received copies of the Objection.

00525372