UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER ON MOTION FOR
RELIEF FROM STAY FILED BY GLASRUD**

This case is before the Court upon the motion for relief from the automatic stay (Docket No. 3472) (the "Motion") filed by Ted Glasrud Associates of Deland, FL, Inc. (the "Movant"). The Court finds that (i) notice of the proposed Agreed Order was served on all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of the opportunity to object within 15 days of the date of service and (ii) no party filed an objection. The Court therefore considers the entry of this Order unopposed. Accordingly, it is

ORDERED:

1. The Motion is granted to the extent provided herein.

2. The automatic stay is modified to permit Movant to prosecute a counterclaim against Winn-Dixie Stores, Inc. (in the form attached as Exhibit A) in the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida, pending as Case No. 05-466 CA through final judgment, if any, but shall make no effort to collect or execute on such judgment without further order of this Court.

3. Except as modified herein, the automatic stay pursuant to 11 U.S.C. § 362 shall remain in full force and effect.

Dated this 23 day of March, 2006, in Jacksonville, Florida.
24

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

James H. Post
[James H. Post is directed to mail a copy of this Order to all parties served with the Motion.]

515850

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

KELLEY & FULTON, P.A.

By: *(signature)*
Craig I. Kelley, Esquire

Florida Bar #782203
1665 Palm Beach Lakes Blvd.
The Forum – Suite 1000
West Palm Beach, Florida 33401
(561) 491-1200
(561) 684-3773 (facsimile)
craig@kelleylawoffice.com

-and-

Leonard Rutland, Jr., Esq.
759 South Federal Highway, Ste. 903
Stuart, Florida 34994
(772) 286-6341
(772) 286-6442 (facsimile)
rutland8@bellsouth.net

Attorneys for Ted Glasrud Associates of
Deland, FL, Inc.

SMITH HULSEY & BUSEY

By *(signature)*
Stephen D. Busey
James H. Post
Leanne McKnight Prendergast

Florida Bar Number 0175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

-and-

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
D. J. Baker
Sally McDonald Henry
Steve Eichel
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
seichel@skadden.com

Co-Counsel for Debtors

IN THE CIRCUIT COURT FOR THE
NINETEENTH JUDICIAL CIRCUIT IN
AND FOR MARTIN COUNTY, FLORIDA

WINN-DIXIE STORES, INC.,

CASE NO.: 05-466 CA
JUDGE: MAKEMSON

Plaintiff,

v.

TED GLASRUD ASSOCIATES OF
DELAND, FL, INC., and
DOLGENCORP, INC.,

Defendants.
_____/

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANT TED GLASRUD ASSOCIATES OF DELAND, FL, INC.

COMES NOW Defendant Ted Glasrud Associates of Deland, Fl, Inc. ("Ted Glasrud") and files this Answer to the Complaint of Winn-Dixie Stores, Inc. ("Plaintiff") as follows:

### ANSWER

Ted Glasrud responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Ted Glasrud admits the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Ted Glasrud admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3. Ted Glasrud admits the allegations in the first sentence of Paragraph 3 of Plaintiff's Complaint. Ted Glasrud is without knowledge as to the allegations in the second sentence of Paragraph 3 and accordingly denies same and demands strict proof thereof. Ted Glasrud admits that Dollar General operates a Dollar General Store in the Jensen Beach Shopping Center.

4. Ted Glasrud admits the allegations in Paragraph 4 of Plaintiff's Complaint for jurisdictional purposes only.

5. Ted Glasrud admits the allegations in Paragraph 5 of Plaintiff's Complaint solely to establish that venue is proper in this court and for no other purpose.

6. Ted Glasrud admits the allegations in Paragraph 6 of Plaintiff's Complaint.

### EXHIBIT A

7. Ted Glasrud admits the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Ted Glasrud admits the existence of a Paragraph 28 in the lease between Ted Glasrud and Plaintiff and further states that the lease is a writing which speaks for itself. Ted Glasrud denies the allegations in Paragraph 8 to the extent that they are inconsistent with that writing.

9. Ted Glasrud denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Ted Glasrud is without knowledge as to the allegations in Paragraph 10 of Plaintiff's Complaint and accordingly denies same and demands strict proof thereof.

11. Ted Glasrud admits acquiring ownership of the Shopping Center after the effective date of Plaintiff's lease. Ted Glasrud admits that the lease of Dollar General was assigned to Ted Glasrud when the property was acquired and further admits to renewing the said lease.

12. Ted Glasrud denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Ted Glasrud denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Ted Glasrud admits receiving a letter from Plaintiff on or about August 6, 2003, but was under the impression that the matter had been resolved when Plaintiff failed to respond to Ted Glasrud's letter of August 18, 2003.

15. Ted Glasrud denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Ted Glasrud denies the allegations in Paragraph 16 of Plaintiff's Complaint.

### Count I: Specific Performance

17. Ted Glasrud incorporates by reference its responses to Paragraphs 1 to 16 of Plaintiff's Complaint as if fully set forth herein.

18. Ted Glasrud admits that Plaintiff purports to bring an action for specific performance of its lease with Landlord in Paragraph 18 of Plaintiff's Complaint.

19. Ted Glasrud admits the existence of a Paragraph 28 in the lease between Ted Glasrud and Plaintiff and further states that the lease is a writing which speaks for itself. Ted Glasrud denies the allegations in Paragraph 19 to the extent that they are inconsistent with that writing. Ted Glasrud denies the remainder of the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Ted Glasrud denies the allegations in Paragraph 20 of Plaintiff's Complaint. Ted Glasrud further denies that Plaintiff is entitled to the relief requested in the paragraph beginning with "WHEREFORE."

### Count II: Action For Declaratory Judgment

21. Ted Glasrud incorporates by reference its responses to Paragraphs 1 to 20 of Plaintiff's Complaint as if fully set forth herein.

22. Ted Glasrud admits that Plaintiff purports to bring an action for declaratory judgment in Paragraph 22 of Plaintiff's Complaint.

23. Ted Glasrud denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Ted Glasrud denies the allegations in Paragraph 24 of Plaintiff's Complaint. Ted Glasrud further denies that Plaintiff is entitled to the relief requested in the paragraph beginning with "WHEREFORE."

### Count III: Injunctive Relief

25. Ted Glasrud incorporates by reference its responses to Paragraphs 1 to 24 of Plaintiff's Complaint as if fully set forth herein.

26. Ted Glasrud admits that Plaintiff purports to seek both a temporary and permanent injunction in Paragraph 26 of Plaintiff's Complaint but denies Plaintiff's entitlement to same.

27. Ted Glasrud denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Ted Glasrud denies the allegations in Paragraph 28 of Plaintiff's Complaint. Ted Glasrud further denies that Plaintiff is entitled to the relief requested in the paragraph beginning with "WHEREFORE."

### Count IV: Breach of Lease

29. Ted Glasrud incorporates by reference its responses to Paragraphs 1 to 28 of Plaintiff's Complaint as if fully set forth herein.

30. Ted Glasrud admits the existence of a Paragraph 28 in the lease between Ted Glasrud and Plaintiff and further states that the lease is a writing which speaks for itself. Ted Glasrud denies the allegations in Paragraph 30 to the extent that they are inconsistent with that writing. Ted Glasrud denies the remainder of the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Ted Glasrud denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Ted Glasrud denies the allegations in Paragraph 32 of Plaintiff's Complaint. Ted Glasrud further denies that Plaintiff is entitled to the relief requested in the paragraph beginning with "WHEREFORE."

### Count V: Unjust Enrichment

33. Ted Glasrud incorporates by reference its responses to Paragraphs 1 to 32 of Plaintiff's Complaint as if fully set forth herein.

34. Ted Glasrud denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Ted Glasrud denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Ted Glasrud denies the allegations in Paragraph 36 of Plaintiff's Complaint. Ted Glasrud further denies that Plaintiff is entitled to the relief requested in the paragraph beginning with "WHEREFORE."

### As To All Allegations Pled

37. Any allegations to which Ted Glasrud has not expressly responded herein are hereby denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

38. The lease date on Plaintiff's lease is October 25, 1971. Plaintiff's lease included the following condition precedent:

"The stores to be operated by each of the following tenants shall have been completed and opened for business or been readied for opening for business simultaneously with Tenant:

> Drug Store
> Eagle Family Discount Store"

The Eagle Family Discount Store lease date is August 1, 1971 - nearly three months earlier than the Winn-Dixie lease.

In 1985, Dollar General acquired the 203-store Eagle Family Discount chain. The lease of Eagle Family Discount store in the subject shopping center was assigned to Dollar General in conjunction with the acquisition. Hence, the Dollar General/Eagle Family Discount (hereinafter "Dollar General") store began its operation prior to that of Winn-Dixie at the subject location.

Plaintiff's lease constitutes written permission for Dollar General to continue its business operations in the shopping center.

## SECOND DEFENSE

39. Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver and/or estoppel because Plaintiff failed to object to Dollar General's alleged violation of Plaintiff's purported exclusive use provision for over thirty-four years that Dollar General has been a tenant in the shopping center, during which time Dollar General has consistently sold the merchandise which Plaintiff now contends is a violation of the use provision.

## THIRD DEFENSE

40. Plaintiff's claims are barred, in whole or in part, under the doctrine of laches because Plaintiff delayed for almost thirty-four years in bringing a lawsuit based on Dollar General's alleged violation of Plaintiff's purported exclusive use provision, during which time Ted Glasrud and Dollar General relied to their detriment on Plaintiff's inaction.

## FOURTH DEFENSE

41. Ted Glasrud reserves the right to assert any additional affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Ted Glasrud prays that the Court:

(1) enter judgment in favor of Ted Glasrud and against Plaintiff on each and every count in Plaintiff's Complaint, and dismiss Plaintiff's Complaint;

(2) award costs and attorneys' fees incurred in this action in favor of Ted Glasrud; and

(3) grant Ted Glasrud such further relief as it deems necessary and proper.

## COUNTERCLAIM

## TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP

Defendant, TED GLASRUD ASSOCIATES OF DELAND, FL, INC., a Florida corporation, ("Ted Glasrud"), counterclaims Plaintiff, WINN-DIXIE STORES, INC., a Florida corporation, ("Winn-Dixie"), and states:

42. Ted Glasrud is a Florida corporation.

43. Winn-Dixie is a Florida corporation.

44. Dolgencorp, Inc., is a Kentucky corporation.

45. The lease date on Winn-Dixie's lease is October 25, 1971. Winn-Dixie's lease included the following condition precedent:

"The stores to be operated by each of the following tenants shall have been completed and opened for business or been readied for opening for business simultaneously with Tenant:

> Drug Store
> Eagle Family Discount Store"

46. The Eagle Family Discount Store lease date is August 1, 1971 – nearly three months earlier than the Winn-Dixie lease.

47. In 1985, Dollar General acquired the 203-store Eagle Family Discount chain. The lease of Eagle Family Discount store in the subject shopping center was assigned to Dollar General in conjunction with the acquisition. Hence, the Dollar General/Eagle Family Discount (hereinafter "Dollar General") store began its operation prior to that of Winn-Dixie at the subject location.

48. Plaintiff's lease not only constitutes written permission for Dollar General to continue its business operations in the shopping center, exempt from the "Exclusive Supermarket" provision in Winn-Dixie's lease, the lease actually required Dollar General to be a tenant of the shopping center at the inception of Winn-Dixie's lease.

49. Dollar General has operated at the same location in the shopping center for more than thirty-four years.

50. It is inconceivable that Winn-Dixie's personnel were unaware of the presence of Dollar General's business operations at the shopping center for the last thirty-four years.

51. Winn-Dixie's actions in this matter constitute an intentional and unjustified interference with Ted Glasrud's contractual relationship with Dollar General.

52. Winn-Dixie's actions in this matter employ wrongful means in that Winn-Dixie has wrongfully instituted this civil suit with the intent to damage the contractual relationship between Ted Glasrud and Dollar General.

53. Ted Glasrud has been damaged by the actions of Winn-Dixie.

54. This is an action within the jurisdiction of this Court.

WHEREFORE, Ted Glasrud prays that the Court:

(1) enter judgment for damages in favor of Ted Glasrud and against Plaintiff;

(2) award costs and attorneys' fees incurred in this action in favor of Ted Glasrud;

(3)   grant Ted Glasrud such further relief as it deems necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this _____ day of October, 2005 to Jason R. Alderman, Esquire, CARLTON FIELDS, P.A., 4000 International Place, 100 S.E. 2nd Street, Miami, Florida 33131, and to Tod Aronovitz, Esquire, ARONOVITZ TRIAL LAWYERS, 150 West Flagler Street, Suite 2700, Miami, Florida 33130.

_____

Leonard Rutland, Jr., Esquire
759 South Federal Highway
Suite 303
Stuart, Florida 34994
FLA. BAR NO. 261157
Telephone 772.286.6341
Facsimile 772.286.6442
Email rutland8@bellsouth.net

C:\Documents and Settings\Administrator\My Documents\My Files\LR\GLASRUD\WINN DIXIE\DOLLAR GENERAL SUIT\Answer of Defendant TGA.DOC

7