UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 05-03817-3F1
Chapter 11

In re:

Winn-Dixie Stores, Inc.,

    Debtor.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon Sarria Enterprises, Inc.'s ("Sarria") Motion for Relief from Stay ("Motion") to commence eviction procedures with respect to Winn-Dixie Stores, Inc.'s ("Winn-Dixie") Store Number 237, Interplaza Shopping Center, Fort Lauderdale, Florida (the "Property"), and Winn-Dixie and twenty-three of its subsidiaries and affiliates' (collectively, the "Debtors")[1] Response in Opposition to Sarria Enterprises, Inc.'s Motion for Relief from Stay ("Response"). The Court conducted a hearing on February 13, 2006 (the "Hearing"). Sarria and the Debtors presented testimony of witnesses and offered exhibits into evidence. In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions; Sarria submitted a Memorandum in Support of Sarria Enterprises, Inc.'s Motion for Relief from Stay (the "Memorandum"), and Debtors submitted Debtors' Post-Trial Brief (the "Brief"). The Official Committee of Unsecured Creditors ("Committee") filed a Joinder to Debtors' Post-Trial Brief (the "Joinder"). Upon representations by counsel at the Hearing and a

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc.,

review of the Motion, Response, Memorandum, Brief and the Joinder, the Court finds it appropriate to deny Sarria's Motion.

## FINDINGS OF FACT

Sarria filed the Motion seeking to commence eviction procedures as to the Property for Winn-Dixie's failure to pay rent as defined under a lease dated December 18, 1980 (the "Lease"), which consisted of Winn-Dixie's failure to pay its pro rata share of real estate taxes for the tax years 1999 to 2004 (the "Disputed Tax Liability"). Under the Lease, Sarria was the landlord and Winn-Dixie was the tenant. (Mot. ¶ 1; Resp. ¶ 1.) Sarria asserts in the Motion that pursuant to Paragraph 37 of the Lease, Winn-Dixie owes Sarria $124,035.70 for the Disputed Tax Liability. (Mot. ¶¶ 3, 4; see also Resp. ¶ 4; Br. ¶¶ 4, 9D.) Paragraph 37 of the Lease provides in pertinent part:

> Upon request of Tenant, Landlord agrees to exhibit to Tenant the paid tax statements as evidence of the basis upon which any increase in taxes is chargeable to Tenant, and such additional rental shall be payable by Tenant on demand after payment by Landlord.

(Br. ¶ 9D; Tr. at 7-8.) Sarria further asserts in the Motion that it notified Winn-Dixie of the Disputed Tax Liability on January 26, 2005 (Mot. ¶ 4; see also Br. ¶ 8), which is 26 days prior to Winn-Dixie's petition date of February 21, 2005 (the "Petition Date") (Br. ¶ 8).

Sarria seeks to have the Court grant relief from the automatic stay pursuant to 11 U.S.C. §362(d), which states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> 1)     for cause, including the lack of adequate

---

Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2)     protection of an interest in property of such party in interest;
2)     with respect to a stay of an act against property under subsection (a) of this section, if –
    a)     the debtor does not have an equity in such property; and
    b)     such property is not necessary to an effective reorganization; . . .

11 U.S.C. § 362(d). In reliance upon this section of the Bankruptcy Code, Sarria avers in the Memorandum that it has proven, as required by 11 U.S.C. § 362(g), that Winn-Dixie lacks equity in the Property. (Mem. at 5-7.) Sarria states that the Property "is not marketable" (Mem. at 5) because Sarria would be required to find a new tenant who would have to pay an additional $124,035.70 in order to move into the Property. (Mem. at 6; Tr. at 36.) Debtors countered with a multiple of arguments, many of which are peripheral and will not be addressed by the Court. The Committee addressed a single issue, namely that Sarria does not have a basis for seeking relief, as its "sole remedy is to file a motion to compel payment or compel assumption or rejection of its lease." (Joinder at 2.)

## CONCLUSIONS OF LAW

This case deals with an unexpired lease, which is covered by 11 U.S.C. § 365. This section permits a debtor in possession to assume or reject an unexpired lease of nonresidential real property within 60 days after the date of the order for relief, or within such additional time as the court grants for cause. 11 U.S.C. § 365(2)(4). "This hiatus gives the chapter 11 debtor a reasonable time to decide whether or not to assume or reject the unexpired lease." Harris Int'l Telecomm., Inc. v. Three Star Telecast, Inc. (In re Three Star Telecast, Inc.), 73 B.R. 270, 273 (Bankr. P.R. 1987)(citations omitted). This period is consistent with the "basic policy behind a chapter 11 petition[, which] is to

3

permit the debtor to successfully rehabilitate itself." Id. Therefore, § 365 offers protection under its umbrella, "operat[ing] primarily to facilitate the debtor's rehabilitation while still affording the non-debtor party the ability to protect its interests . . . ." In re El Paso Refinery, L.P., 220 B.R. 37, 44 (Bankr. W.D. Tex. 1998)(citations omitted).

With respect to an unexpired lease, the customary course for relief for a non-debtor party is through § 365. Id. at 40. Thus, a motion for relief from stay filed pursuant to § 362(d) is a procedurally "improper statutory vehicle for determining the rights of parties involved in a non-terminated leasing arrangement." Bistrian v. Easthampton Sand & Gravel Co., Inc. (In re Easthampton Sand & Gravel Co., Inc.), 25 B.R. 193, 197-98 (Bankr. E.D.N.Y. 1982)(citation omitted). In the case at hand, the Lease had not been terminated prior to the Petition Date. As a result, until Winn-Dixie chooses to assume or reject the Lease, "the exercise of [Sarria's] rights under § 362 (d) are [sic] preempted." Id. at 198. This is because the "rights of a party are not stayed under 11 U.S.C. 362, they are just unenforceable under section 365 until the debtor opts to assume or reject the contract or unexpired lease." Harris Int'l Telecomm., 73 B.R. at 274.

In the present case, Winn-Dixie defaulted on the Lease pre-petition by failing to provide for but one element of the rental amount, to wit, its pro rata share of the real estate taxes, the Disputed Tax Liability. Overall, Winn-Dixie has been in substantial compliance with the Lease by continuing to pay rent month-to-month. (Tr. at 28-29.) Thus, Winn-Dixie has not fallen so far behind in its payments that it would be impossible for Winn-Dixie to assume the Lease and cure the default pursuant to § 365(d)(3), thereby

terminating the lease. Cf. Buffkin v. Goodson (In re Goodson), 12 B.R. 883 (Bankr. S.D. Fla. 1981)(debtor's failure to cure pre-petition default, as well as failure to offer to cure or provide adequate assurance of future performance prevented debtor from assuming lease, and court terminated lease by default); In re Rocchio, 125 B.R. 345 (Bankr. R.I. 1991)(finding debtors' failure to pay post-petition rent and an absence of evidence of debtors' attempt to cure the default, provide adequate protection or offer adequate assurance of future performance as "cause" per § 362(d)(1) to lift the automatic stay). In addition, Sarria did not prove at the Hearing that such default resulted in irreparable injury.

If Debtors choose to reject the Lease, then Winn-Dixie must turn over the Property to Sarria, who would then have an unsecured claim pursuant to § 365(g)(1) for the unpaid balance of the Disputed Tax Liability. Harris Int'l Telecomm., 73 B.R. at 274; In re Sweetwater, 40 B.R. 733, 743 (Bankr. C.D. Utah 1984). If Debtors choose to assume the Lease, Winn-Dixie must assume it in its entirety, cure the default of the Disputed Tax Liability (and any other defaults), and provide adequate assurance of future compliance. 11 U.S.C. § 365(b)(1); Harris Int'l Telecomm., 73 B.R. at 274; Sweetwater, 40 B.R. at 743 n.23. Due to the fact that the Lease is still assumable by Debtors, the Court finds that Sarria's sole recourse is within the confines of § 365, namely, to file a motion to compel assumption or rejection pursuant to 11 U.S.C. § 365.[2] Based on these findings, the Court finds it appropriate to deny Sarria's Motion.

---

[2] It is based on this conclusion that the Court also finds that Sarria did not establish "cause" for the Court to grant relief from stay. See Rocchia, 125 B.R. at 347 (failure of debtor to cure default, provide adequate protection, or give adequate assurance of future performance constituted "cause" under § 362(d)(1) for relief from stay).

Furthermore, even if the Court could be persuaded to use § 362(d)(2) in this case, the Court finds that Sarria failed to prove that Debtors lack equity in the Property. Section 362(d)(2) provides for a court to grant relief from the automatic stay to a party in interest if the debtor lacks equity in the property and if

## CONCLUSION

Because the Court finds that it would be possible for Winn-Dixie to assume the Lease, the Court holds that Sarria is limited to relief under 11 U.S.C. § 365. For this reason, the Court finds it appropriate to deny Sarria's Motion for Relief from Stay. A judgment in accordance with these findings of fact and conclusions of law will be separately entered.

**DATED** this 22 day of March 2006, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies furnished to:

James H. Post, Esq. (for service on all parties in interest)
Alan M. Burger, Esq., Attorney for Sarria Enterprises
Michael A. Kaufman, Esq., Attorney for Sarria Enterprises
Patrick P. Patangan, Esq., Attorney for Committee

---

such property is not necessary for a successful reorganization. 11 U.S.C. § 362(d)(2)(A) and (B). According to § 362(g), the party moving for relief from stay must prove that the debtor lacks equity in the property. 11 U.S.C. § 362(g)(1). To overcome this burden, the movant must prove the lack of equity by a preponderance of evidence. In re Foxcroft Square Co., 184 B.R. 671, 678 (E.D. Pa. 1995)(citations omitted). The Court finds that Sarria failed to prove by a preponderance of the evidence that Debtors lacked equity in the Property. Thus, even if Sarria could use §362(d)(2), the Court finds it appropriate to deny Sarria's Motion.

Lastly, since Sarria did not carry its burden in proving that Debtors lacked equity in the Property or the Lease, the Court finds it unnecessary to reach Sarria's argument that the Property was not necessary for an effective reorganization.

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 113A-3          User: cartes           Page 1 of 1              Date Rcvd: Mar 22, 2006
Case: 05-03817                Form ID: pdfdoc        Total Served: 2

The following entities were served by first class mail on Mar 24, 2006.
aty         +Michael A Kaufman,   Michael A Kaufman PA,   1601 Forum Place,   Suite 404,
              West Palm Beach, FL 33401-8103
            +Alan M. Burger,   1601 Forum Place, Suite 404,   West Palm Beach, FL 33401-8103
The following entities were served by electronic transmission.
NONE.                                                                                  TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 24, 2006**                    **Signature:**    *Joseph Speetjens*