UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05 3817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**HEALTHCARE CONSULTANTS OF CENTRAL FLORIDA, INC., D/B/A HEALTHCARE CONSULTANTS PHARMACY STAFFING'S RESPONSE TO DEBTORS' SEVENTH OMNIBUS OBJECTION TO OVERSTATED CLAIMS (DOC. 6620)**

Healthcare Consultants of Central Florida, Inc., d/b/a Healthcare Consultants Pharmacy Staffing, by and through undersigned counsel, hereby responds to Debtors' Seventh Omnibus Objection to Overstated Claims and states as follows:

1. Healthcare Consultants of Central Florida, Inc., d/b/a Healthcare Consultants Pharmacy Staffing ("Healthcare Consultants"), timely filed its Proof of Claim (Unsecured) in the amount of $440,986.25 on July 18, 2005.

2. On March 21, 2006, the Debtors Seventh Omnibus Objection to Overstated Claims was filed.

3. As to the Proof of Claim filed by Healthcare Consultants (Claim No.: 4242) the Debtor states the Claim should be reduced from $440,986.25 to $437,486.25 alleging "reduced amount reflects removal of $3,500.00 for chargeback on previously paid and disputed invoice number 82719".

4. Invoice Number 82719 in the amount of $7,000.00 dated February 6, 2005, a copy of which is attached hereto as Exhibit "A", represents a fee for placement of Mattie Jackson ("Jackson") as a full-time pharmacist for Winn-Dixie Stores, Inc. in the State of Georgia. This placement was authorized by Donna Avant, the District Manager of the Winn-Dixie Stores, Inc.

in said region. On information and belief, Jackson remains an employee of Winn-Dixie Stores, Inc. following the placement.

5. At the time of the placement there was in full force and effect that certain Services Agreement dated November 11, 2002 between Winn-Dixie Stores, Inc. and Healthcare Consultants providing for a $7,000.00 commission for each pharmacist placed by Healthcare Consultants for Winn-Dixie Stores, Inc. A copy of the Services Agreement is attached hereto as Exhibit "B".

6. At no time did anyone from Winn-Dixie object to Invoice Number 82719 until the filing of the Seventh Omnibus Objection by Debtor.

WHEREFORE, Healthcare Consultants request that the Debtors' Seventh Omnibus Objection to Overstated Claims, insofar as the objection to Invoice No. 82719, be denied and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 29th day of March, 2004, a true and correct copy of the foregoing was furnished by first class United States Mail, to the following parties, prepaid postage, to the addresses indicated below:

D.J. Baker, Esq.
Skadden, Arps, Slate, Meagher & Flomm LLP
Four time Square
New York, New York 10036

/s/ David M. Landis
DAVID M. LANDIS
Florida Bar Number 193094
Mateer & Harbert, P.A.
225 East Robinson Street, Suite 600
Orlando, Florida 32802-2854
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
Attorneys for Plaintiff

82719    1

02/06/05

Net 30 Days

WINN DIXIE - CORPORATE SC
P. O. BOX 9

000002186

LODGE                          SC   29082
ATTN:   DONNA AVANT

1.00 Placement Service for:              ******              7,000.00
      Mattie Jackson
      Full-Time Floater
      Start Date: 2/1/05

7,000.00
.00

7,000.00

EXHIBIT

A

000193

# Services Agreement

THIS AGREEMENT, made and effective as of this November 11, 2002, between Winn-Dixie Stores, Inc. located at 5050 Edgewood Court, Jacksonville, FL 32254-3699, hereinafter referred to as the "Client" and HealthCare Consultants located at 181 Sable Palm Drive, Suite 101, Longwood, FL 32779, hereinafter referred to as "Company".

## WITNESSETH:

WHEREAS, Company is a management recruiting firm involved in various areas of manpower recruiting for positions such as director of pharmacy, pharmacy manager, chief pharmacist, and staff pharmacist; and

WHEREAS, Company has facility and personnel to provide recruiting services to clients needing pharmacy personnel immediately; and

WHEREAS, Client intends to hire personnel for positions such as director of pharmacy, pharmacy manager, chief pharmacist, and staff pharmacist Client desires to use Company's recruiting services;

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      **Services.** Company shall provide Client with recruiting services to identify qualified candidates for specific positions designated by Client. Client will provide Company with the minimum qualifications including job-related skills, experience, education, and other job-related requirements prior to recruitment activity. Company will notify Client when a potential candidate has been identified and provide Client with the name and profile for the candidate containing the candidate's skills, background and experience. Robert Miller will be assigned as a recruiter for Client who will work with qualified associates of Company to search for and find qualified candidates. If a candidate already has been presented to Client by another recruiting firm and this is disclosed to Company, Company will not proceed in the presentation of that candidate to Client. The Company acknowledges that it is not the only recruiting firm locating personnel for Client.

2.      **Fees and Expenses.** Client shall pay the Company a commission of $7,000 for each pharmacy manager, chief pharmacist and staff pharmacist. The commission shall be paid to the Company by Client only for candidates presented to Client by the Company who accept an offer of employment by Client (or an affiliate of Client) and commence employment with Client. This commission will be payable within 30 days of the start date of the candidate's employment with Client (or an affiliate of Client). There is no charge for the Company's services with respect to any candidate unless such candidate is employed by Client.

Company understands and acknowledges that Client may reject any candidate presented to Client by Company for any reason in Client's sole discretion. Client may reimburse Company for certain ordinary and necessary out-of-pocket travel expenses, provided that Client agrees to reimburse the Company for these expenses

- 0 -


EXHIBIT

B

in advance and provided that such reimbursement shall not exceed a maximum amount established by Client for a particular trip or time frame.

3.          **Guaranty.**   In the event that Client terminates employment of a candidate for cause, which shall be in the Client's reasonable discretion, or such candidate voluntarily terminates employment within 90 days of employment with Client, Company shall replace such candidate at no cost to Client.   If no replacement of such terminated candidate acceptable to Client has been found by Company within 30 days of such candidate's termination of employment with Client, Company will immediately refund the fee for such candidate to Client.   In the event that employment of a candidate with the Client is terminated for cause, which shall be in the Client's reasonable discretion, or such candidate voluntarily terminates employment within 91 or 180 days of employment with Client, Company will provide an acceptable replacement candidate within 30 days for a reduced fee of 75% of fee. Any replacement hired by Client pursuant to this guaranty also will be subject to a new 90-day guaranty as provided herein.

4.          **Independent Contractor Relationship.**   Company is an independent contractor and neither Company nor any of its employees shall be entitled to any welfare, pension or other benefits provided by Client to its employees.   Company acknowledges that it is not an agent, employee, joint venturer, partner or legal representative of Client and neither Client nor any of its employees, officers or agents shall hold themselves as such.

5.          **Confidentiality.**   Company shall maintain in strict confidentiality any information provided by the Client.

6.          **Termination.**   Either Company or Client may terminate this Agreement upon giving thirty (30) days prior written notice to the other party.   Either party may terminate this Agreement immediately for cause by providing the other party with a written notification of termination.

7.          **Binding.**   This Agreement shall be binding upon both parties hereto, their respective heirs, personal representative, successors and assigns, and without limitation, provision of this Agreement is held to be invalid or unenforceable, all other provision shall nevertheless continue in full force and effect.

8.          **Diversity Goals.**   In its recruitment, advertising and identification of any qualified candidates for the Client, as outlined above, Company will exercise its best efforts to attain the Client's aggressive diversity goals.

9.          **Assignment.**   This Agreement may not be assigned by either party hereto without written consent of the other party.

10.          **Governing Law.**   This Agreement shall be governed by, construed, and interpreted in accordance with the laws of the state of Florida.

- 1 -

IN WITNESS WHEREOF, the parties hereto by their respective duly authorized officers or representatives, have each executed this Agreement, effective as of the day and year first above written.

**Agreed to:**

Healthcare Consultants
Pharmacy Staffing

_Robert Miller_
Signature

_Robert S. Miller_
Printed Name

_President_
Title

_11/11/02_
Date

**Agreed to:**

Winn-Dixie Stores, Inc.

_Adrian Barrow_
Signature

_ADRIAN BARROW_
Printed Name

_Director of Human Resource ...._
Title

_11/05/02_
Date

-2-