UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., et al | ) | CASE NO.: 05-03817-3F1 |
| | ) | |
| | ) | Chapter 11 |
| Debtors, | ) | |
| | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Movant, LILA WINEBARGER, moves the Court to lift the Automatic Stay and states:

1. By Order of this Court dated September 1, 2005, a Claims Resolution Procedure was adopted for potential resolution of litigation claims.

2. Prior to the filing of the Debtor's Petition of bankruptcy, Movant was involved in an accident

---

**NOTICE OF OPPORTUNITY TO OBJECT TO HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your Objection with the Clerk of the Court at 300 N. Hogan Street, Suite 3-350, Jacksonville, FL 32202-4267, and serve a copy on the movant's attorney at Edward P. Jackson, P.A., 255 N. Liberty Street, 1st Floor, Jacksonville, FL 32202.

If you file and serve an objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court will schedule a hearing and you will be notified. Otherwise, the Court will consider the motion and the responses on the paper without further notice or hearing if you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice of hearing, and may grant the relief requested.

---

on

May 23, 2003 at Winn-Dixie Store #0199 located at 703 Chaffee Road, Jacksonville, Florida.

3. A proper Proof of Claim was filed in this Court, a copy of which is attached as Exhibit A.

4. Movant has filed the required Questionnaire as required by the Claims Resolution Procedure, a copy of which is attached as Exhibit B.

5. The Debtor responded to the Questionnaire, but later withdrew this offer because there is insurance coverage for this accident, as shown by a January 7th, 2005 letter attached hereto as Exhibit C.

6. Pursuant to Paragraph 7 of the Claims Resolution Procedure, Movant is an eligible claimant, has complied in good faith with and has exhausted the Claims Resolution Procedure. She is therefore eligible for and does request relief from the Automatic Stay.

7. Winn-Dixie has insurance to cover this claim, and Movant is seeking relief from the Stay to proceed against the insurance proceeds. Winn-Dixie will be required to be named as a Defendant in any litigation, but Movant will only seek to recover on any judgment obtained against the insurance proceeds, and not in personam against the Debtor.

WHEREFORE, the Movant moves this Court for the entry of an Order lifting the Automatic Stay.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via regular U.S. Mail to: Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254 and electronically to: James H. Post, Esq., Attorney for Debtor, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, D.J. Baker, Esq., Attorney for Debtor, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036-6522, Elena Escamilla, Esq., Attorney for United States Trustee, United States Bankruptcy Court Middle District of Florida, 135 West Central Blvd., Suite 620, Orlando, FL 32801, John McDonald, Esq., Counsel for Unsecured Creditors Committee, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202 and Rule 1007D Parties in Interest List this 30th day of March, 2006.

/s/ Edward P. Jackson
EDWARD P. JACKSON
Attorney for Debtor
255 N. Liberty Street, First Floor
Jacksonville, FL 32202
(904) 358-1952 VOICE
(904) 358-1288 FAX

Florida Bar #286648