## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

### DEBTORS' MOTION FOR AN ORDER MODIFYING THE CLAIMS RESOLUTION PROCEDURE TO (i) INCREASE THE AGGREGATE AMOUNT OF CASH PAYMENTS THE DEBTORS CAN MAKE TO SETTLE *DE MINIMIS* LITIGATION CLAIMS AND (ii) REQUIRE MEDIATION AS A PREREQUISITE TO STAY RELIEF FOR LIQUIDATION OF LITIGATION CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), move the Court for an order modifying the Claims Resolution Procedure previously approved by this Court to (i) increase by $1,000,000 the aggregate amount of cash payments the Debtors can make to settle *de minimis* Litigation Claims under the Claims Resolution Procedure and (ii) require mediation as a prerequisite to stay relief for liquidation of Litigation Claims (the "Motion"). In support of this Motion, the Debtors say:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee appointed an official committee of unsecured creditors to serve in these cases.

3.      This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      The statutory predicates for the relief sought herein are Bankruptcy Code sections 102(1), 105(a), 327(a) and 502(b), 28 U.S.C. § 157(b)(5) and Rules 2014, 3007, 7016, 9014, 9019 and 9029 of the Federal Rules of Bankruptcy Procedure.

## The Claims Resolution Procedure

5.      To date, over 12,900 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases. Approximately 3,200 of these Proofs of Claim were unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition.

6.      On August 12, 2005, to facilitate the consensual liquidation of these litigation claims in a manner most efficient for both the Debtors and the claimants, the Debtors filed a Motion for an Order Establishing a Claims Resolution Procedure and Authorizing Debtors to

Settle or Liquidate Certain Pre-petition Litigation Claims (Docket No. 2976) (the "Claims Resolution Procedure Motion").

7.      On September 1, 2005, this Court entered an Order approving the Claims Resolution Procedure Motion (Docket No. 3326) (the "Claims Resolution Procedure Order"). The Claims Resolution Procedure[2] approved by this Court was attached to the Claims Resolution Procedure Order.

8.      On October 7, 2005, the Court entered an Order Authorizing Debtors to Settle or Liquidate Certain Litigation Claims with Cash Payments (Docket No. 3838) (the "Cash Payment Order"). Pursuant to the Cash Payment Order, the Debtors were authorized to make cash payments to settle *de minimis* Litigation Claims under the Claims Resolution Procedure, up to an aggregate limit of $1,500,000.

9.      On January 19, 2006, the Court entered an Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure (Docket No. 5218)(the "Additional Claims Order").

10.      The Claims Resolution Procedure has been a success. As of March 27, 2006, the Debtors have settled or have agreed to settle approximately 1,010 Litigation Claims asserted in the amount of $100,711,436.19 for a total settlement amount of $11,181,893.79 (consisting of $1,082,071.30 in cash payments and the balance in allowed claims). The resolution of these claims in this cost-effective manner has significantly enhanced the value of the Debtors' estates.

---

[2] Capitalized terms not defined herein shall have the same meaning as in the Claims Resolution Procedure Motion (Docket No. 2976) and Claims Resolution Procedure Order (Docket No. 3326).

11.     As of the date of this Motion, the Debtors have utilized more than two thirds ($1,082,071.31) of the total amount allocated ($1,500,000) for *de minimis* settlements. These *de minimis* cash payment settlements have been particularly beneficial to the estate because these claims have been settled at an average rate of 3.5% of the amount demanded in the corresponding Proofs of Claim. The Debtors anticipate that they can resolve approximately 300 of the remaining 1,400 Litigation Claims through *de minimis* cash payments if the limit established by the Cash Payment Order is increased by $1 million. Such *de minimis* settlements would materially benefit the estate by further (i) reduction of disputed claims on beneficial terms and (ii) savings on litigation fees and expenses.

12.     Although approximately 50 of the remaining 1,400 Litigation Claimants have requested mediation of their claims pursuant to the Claims Resolution Procedure, the remainder have not yet committed to mediation. A handful of these claimants have already filed motions seeking relief from the automatic stay to liquidate their claims in other forums.

13.     The Debtors estimate that the liquidation of remaining Litigation Claims through litigation in the various state courts would cost the Debtors an average of approximately $11,500 per claim in litigation fees and other costs, resulting in a total potential cost to the Debtors' estates of approximately $16 million in litigation fees and expenses.

14.     The Debtors estimate that the cost of liquidating Litigation Claims through mediation under the Claims Resolution Procedure would be approximately $2,400 per claim, resulting in a potential cost to the Debtors' estates of approximately $3.4 million.

15.     Based on these estimates, the mediation of the unresolved Litigation Claims through the Claims Resolution Procedure could potentially save the Debtors' estates up to $12.6 million in litigation fees and expenses.

16.     The Claims Resolution Procedure, however, does not presently require that Litigation Claimants participate in mediation prior to seeking relief from the automatic stay in order to liquidate their claims in other forums.  The mediation of such claims would promote the cost effective and timely liquidation and settlement of the Litigation Claims and is in the best interest of the claimants and the Debtors' estates.

## Relief Requested

By this Motion, the Debtors seek an order (the "Supplemental Procedures Order"), in the form attached:  (i) amending the Cash Payment Order to increase by $1,000,000 the aggregate amount of cash payments the Debtors can make to settle *de minimis*  Litigation Claims under the Claims Resolution Procedure and (ii) modifying the Claims Resolution to require that Litigation Claimants participate in mediation pursuant to the Claims Resolution Procedure prior to being granted relief from the automatic stay to liquidate Litigation Claims in other forums.  All other provisions of the Claims Resolution Procedure Order, the Cash Payment Order and the Additional Claims Order will remain the same under the Supplemental Procedures Order.

## Basis for Relief

### A.     The Litigation Claims

17.     The 1,400 unresolved Litigation Claims assert an aggregate claim amount in excess of $149 million.

18.    Although approximately 700 of these claims were in some stage of litigation prior to the petition date, no litigation had been commenced as to the other 700 Litigation Claims.

19.    It is in the best interests of the Debtors to determine the claims against them as efficiently as possible to reduce costs and maximize the value of their estates. It would be time consuming, unduly burdensome and expensive for the Debtors to have to defend against and liquidate hundreds of Litigation Claims in forums other than this Court.

20.    The legal fees and expenses of litigating hundreds of Litigation Claims in multiple forums would be substantial for the Debtors and their estates. Likewise, the expense of litigation may prohibit many Claimants from fully litigating their claims, particularly in light of the uncertainty of the percentage recovery that will ultimately be available on allowed unsecured claims in these Chapter 11 cases.[3]

21.    Mediation under the auspices of this Court will more effectively facilitate the resolution of Litigation Claims than litigation in other forums because the panel of experienced mediators who have agreed to mediate Litigation Claims pursuant to the Claims Resolution Procedure are well-versed in both the general law and Chapter 11 issues.

22.    Utilizing the Claims Resolution Procedure to settle or liquidate the Litigation Claims will facilitate the resolution of such Claims in a manner that is most efficient for both the Debtors and the Claimants.

---

[3] The Debtors have not yet filed a proposed plan of reorganization or disclosure statement and therefore no percentage distribution for unsecured creditors has been established.

**B.    Mediation Pursuant to the Claims Resolution Procedure is Fair to Claimants**

23.     Mediation pursuant to the Claims Resolution Procedure will result in the liquidation of Litigation Claims more quickly than through trial in state, federal or bankruptcy court.  During the suspension of litigation there is a limited delay, but the Claimants' substantive rights are not abridged in any way.

24.     Further, there is no requirement that the Claimant settle Litigation Claims pursuant to the Claims Resolution Procedure.  Rather, the Debtors propose only that Claimants be required to participate, in good faith, in mediation pursuant to the Claims Resolution Procedure before being entitled to seek relief from the automatic stay to litigate Litigation Claims in other forums.

25.     If this Motion is granted, and in the event that the automatic stay is modified to permit liquidation of a Litigation Claim in another forum, the Debtors will not assert that the Claimant is subject to the pre-trial mediation requirements of the other forum if the Claimant has participated in mediation under the auspices of this Court pursuant to the Claims Resolution Procedure.  The Claimants will therefore benefit because the Debtors are obligated to pay the cost of the mediations conducted pursuant to the Claims Resolution Procedure.

**Applicable Authority**

**A.    The Court has authority to increase the Aggregate Cash
          Payment Limit.**

26.     This Court has the discretion to modify the Claims Resolution Procedure based upon the same legal authority which authorized this Court to initially implement the procedure.  *See* paragraphs 15-18 of the Claims Resolution Procedure Motion, which is incorporated herein by reference.

### B.    The Court has the authority to order the mediation of Litigation Claims.

27.    This Court has the authority to require the mediation of any matter, proceeding or case before it:

> [I]t is quite apparent the bankruptcy court has the authority and power to promulgate rules associated with court-annexed mediation and, where necessary, to require the parties to participate in same.
>
> *Matter of Sargeant Farms, Inc.*, 224 B.R. 842, 847 (Bankr. M.D. Fla. 1998).

In so holding, the Court in *Sargeant Farms* relied upon Local Rule 9019-2 (which sets forth mediation procedures)[4], the 1993 Amendments to Rule 16 (which "facilitate court-annexed mediations") [5] and the "trend" of cases which have mandated Alternative Dispute Resolution in bankruptcy proceedings. *Id.* at 846. *See also* Ralph R. Mabey et al., *Expanding the Reach of Alternative Dispute Resolution in Bankruptcy: The Legal and*

---

[4] Local Rule 9019-2 provides in part that: "The Court may order the assignment of a matter or proceeding to mediation at a pretrial conference or other hearing .... *any civil action*, adversary proceeding, or *contested matter* may be referred by the Court to mediation providing the matter, proceeding, or case has not previously been a subject of mediation in this Court."(emphasis added).

[5] Rule 16, Federal Rules of Civil Procedure provides in part that: the Court may direct parties and their attorneys to appear at conferences to expedite disposition of the action and to facilitate settlement, may issue a "scheduling order," which may include other matters appropriate in the circumstances of the case, and may use special procedures "for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems". Such "special procedures" include mediation. *See* advisory committee notes to 1993 amendments.

Rule 16(a) is incorporated by reference in Rule 7016, Federal Rules of Bankruptcy Procedure, applicable to this Motion pursuant to Rule 9014, Federal Rules of Bankruptcy Procedure, which states "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."

*Practical Bases for the Use of Mediation and Other Forms of ADR*, 46 S.C.L.Rev. 1259

(1995).

28.     Although the Litigation Claims include personal injury claims, which may not

be liquidated through trial in this Court pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(5),

such claims may be administered by this Court – including mandated mediations – up to the

time of trial. *See In re New York Medical Group, P.C.,* 265 B.R. 408, 414 (Bankr. S.D.

N.Y. 2001)( "A bankruptcy court…may deny stay relief in favor of mediation where the time

and expense of litigating a substantial number of personal injury claims would seriously

threaten the reorganization"). [6]

---

[6] *See also Nichols & Associates Tryon Properties, Inc. v. United Capitol Ins. Co. (In re
Nichols & Associates Tryon Properties, Inc.*), 36 F.3d 1093, No.93-1753, 1994 WL 502026
\*\*4 (4th Cir.1994)( "a valid jury demand does not strip a bankruptcy court of its jurisdiction
to supervise discovery, conduct pre-trial conferences, and rule on pending motions…. Thus,
until a proceeding is ready for trial, a bankruptcy court may continue to oversee pre-trial
matters."). *See also In re Schepps Food Stores, Inc.,* 169 B.R. 374, 378 n.5 (Bankr. S.D.
Tex. 1994)( "the absence of bankruptcy court intervention and implementation of mediation,
permissive abstention, or remand…would saddle our district judges with hundreds, if not
thousands, of additional civil jury trials"); *Business Communications, Inc. v. Freeman,* 129
B.R. 165, 166 (N.D. Ill. 1991)( The appropriateness of transfer of the case to a district court
for trial by jury would become ripe for determination if and when the case became trial-
ready; until then, the bankruptcy court, ensuring the uniform, efficient administration of the
bankruptcy estate, could properly resolve and supervise pre-trial matters); *In re Dreis &
Krump Mfg. Co.,* No. 94-C4281, 1995 WL 41416, \*3 (N.D. Ill. 1995)( withdrawal of the
reference for a personal injury claim would be postponed until the matter was ready to go to
trial; in the meantime, the bankruptcy court would handle all pretrial matters, allowing the
proceedings to continue in the most efficient manner possible); *In re UAL Corp.,* 310 B.R.
373, 381 (Bankr. N.D. Ill. 2004)( "[Section 157(b)(5)] . . . allows for *pretrial* consideration
of personal injury tort claims by the bankruptcy court…") (emphasis in original).

29.     Accordingly, claims resolution procedures requiring mandatory mediation of personal injury claims have been approved in other large, complex chapter 11 cases. *See, e.g., In re Grossman's Inc.,* No. 97-00695(PJW), 1997 WL 33446688, *3-4 (Bankr. D. Del. 1997); *Ranger Ins. Co. v. Wolcott (In re TLI Inc.),* 214 F.3d 1349 (5th Cir. 2000); *Schwinn Cycling & Fitness, Inc. v. Benonis,* 217 B.R. 790, 793 (N.D. Ill. 1997); *Mabey, supra* p.8-9, at n. 41.

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached and grant such other and further relief as is just and proper.

Dated: March 31, 2006

SKADDEN, ARPS, SLATE,                SMITH HULSEY & BUSEY
MEAGHER & FLOM LLP


By    *s/ D. J. Baker*                By    *s/ Leanne McKnight Prendergast*
    D. J. Baker                           Stephen D. Busey
    Sally McDonald Henry                  James H. Post
    Rosalie Walker Gray                   Leanne McKnight Prendergast

Four Times Square                    Florida Bar Number 59544
New York, New York 10036             225 Water Street, Suite 1800
(212) 735-3000                       Jacksonville, Florida 32202
(212) 735-2000 (facsimile)           (904) 359-7700
                                     (904) 359-7708 (facsimile)
Co-counsel for the Debtors           lprendergast@smithhulsey.com

                                     Co-counsel for the Debtors

00526529

10

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## <u>ORDER MODIFYING THE CLAIMS RESOLUTION PROCEDURE</u>

These cases came before the Court on April 20, 2006 on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), for an order modifying the Claims Resolution Procedure (Docket No. ____)(the "Motion"). Upon consideration, it is

ORDERED AND ADJUDGED:

1.     The Motion is granted.

2.     This Court's October 7, 2005 Order Authorizing Debtors to Settle or Liquidate Certain Litigation Claims with Cash Payments (Docket No. 3838) (the "Cash Payment Order") is modified so that the second sentence of paragraph one now provides in its entirety: "The aggregate amount of such cash payments shall not exceed $2.5 million unless consented to in writing by the Debtors and the Creditors Committee."

3.     The Claims Resolution Procedure as approved by this Court's September 1, 2005 Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326) (the "Claims Resolution Procedure Order"), is modified to require mediation as a prerequisite to the filing of motions for relief

from the automatic stay in order to liquidate Litigation Claims in other forums.  A copy of

the revised Claims Resolution Procedure as approved by this Order is attached as Exhibit A.

      4.      Nothing in this Order is intended to, nor will this Order be deemed to, obviate

the need for any Claimant to file a proof of claim in compliance with the applicable bar date

order.

      5.      Except as expressly modified by this Order, the provisions of the Claims

Resolution Procedure Order and Cash Payment Order remain in full force and effect.

      6.      The Court shall retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

      Dated this _____ day of _____, 2006, in Jacksonville, Florida.



                                _____

                                  Jerry A. Funk

                                  United States Bankruptcy Judge

Copies furnished to:

James H. Post, Esq.

[James H. Post is directed to mail
a copy of this Order to all parties
served with the Motion.]
527041

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

**AMENDED CLAIMS RESOLUTION PROCEDURE**

Only Eligible Claimants (as hereinafter defined) are entitled to participate in this Claims Resolution Procedure. The Debtors reserve the right, however, to exclude any person from participation in this Claims Resolution Procedure at any time in their sole and absolute discretion. If you have a Litigation Claim against one or more of the Debtors or any Related Non-Debtor Party, it is important that you read and comply with the procedures set forth below; your failure to do so may result in disallowance of your Litigation Claim. **If you have a lawyer, you should consult with your lawyer.**

**1.    Definitions.**

"Agreed Order of Resolution" means the form of Agreed Order attached as Exhibit 2 which will set forth an agreed resolution or settlement of the disputes between the Debtors and the Claimant concerning a Litigation Claim.

"Arbitration" means an arbitration conducted pursuant to the procedures described in Section 6 herein.

_____

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

"Authorized Payment" means direct payment, in cash, by the Debtors for any Litigation Claim settled in the amount equal to or less than $5,000, up to an aggregate cap of $5,000,000.$_____.

"Automatic Stay" means the automatic stay imposed by Section 362(a) of the Bankruptcy Code.

"Bankruptcy Code" means the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended from time to time.

"Bankruptcy Court" means the United States Bankruptcy Court for the Middle District of Florida. The address of the Bankruptcy Court is 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202.

"Bar Date" means August 1, 2005, the last date by which Proofs of Claim evidencing Litigation Claims may be timely filed, or such other special bar date as may be applicable to a particular Claimant.

"Claimant" means the person asserting a Litigation Claim.

"Claims Resolution Procedure" means this Claims Resolution Procedure for Litigation Claims set forth herein as approved by the Bankruptcy Court.

"Committees" means the Official Unsecured Creditors' Committee, and any other committees appointed by the U.S. Trustee or the Bankruptcy Court in this case, collectively.

"Cost of Mediation" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the mediator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Cost of Arbitration" includes the administrative charges imposed by the Mediation/Arbitration Organization assigned to resolve a Litigation Claim and the fee for the arbitrator's services and shall not include any other fee or expense, such as travel costs or attorneys' fees.

"Counsel for the Debtors" means Smith Hulsey & Busey.

"Creditors' Committee" means the Official Unsecured Creditors' Committee.

"Debtor" or "Debtors" means Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates identified in footnote 1, as debtors and debtors-in-possession, whose Chapter 11 bankruptcies are jointly administered by the Bankruptcy Court as Case No. 05-03817-3F1.

2

"Defenses" means all legal or equitable defenses to a Litigation Claim that the Debtors or a Related Non-Debtor Party are entitled to raise under applicable law and all defenses to coverage that a Third Party Indemnitor is entitled to raise under an Insurance Policy, an agreement or applicable law.

"Eligible Claimant" means a Claimant who has timely filed a Proof of Claim evidencing a Litigation Claim, but does not include an insider of the Debtors as such term is defined in Section 101(31)(B) of the Bankruptcy Code.

"Federal Rules of Bankruptcy Procedure" means the Federal Rules of Bankruptcy Procedure and official forms, and the Local Rules of Bankruptcy Procedure for the Middle District of Florida, including amendments in effect from time to time.

"Final Order" means an order of the Bankruptcy Court or other court as to which the time to appeal has expired and as to which no appeal is pending or, if an appeal has been timely taken, the order has been affirmed and is no longer subject to appeal.

"Insurance Policy" means any and all insurance policies between an Insurer and a Debtor which provides coverage for Litigation Claims.

"Insurer" means the liable party under an Insurance Policy.

"Judgment Claim Claimant" means any Claimant that held a judgment against the Debtors on account of a Litigation Claim as of February 21, 2005 and as to which an appeal was pending as of the Petition Date.

"Litigation Claim" means every claim against any of the Debtors or their agents which arose on or before the Petition Date for (i) personal injury or property damage, including, but not limited to, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws).

"Mediation" means the mediation conducted pursuant to the procedures described in Section 5 herein.

"Mediation/Arbitration Organization," means, in its singular or plural form, all mediation/arbitration attorneys or organizations employed by the Debtors in accordance with Section 5 and 6 herein.

"Notice of Agreed Order of Resolution" means the form of Notice attached as Exhibit 1, which the Debtors will serve in conjunction with the filing of each Agreed Order of Resolution concerning the settlement of any Litigation Claim in excess of $50,000.

3

"Notice Parties" means the Creditors' Committees, the Debtors' post-petition lenders, the United States Trustee and all other parties which are entitled to notices in these cases.

"Petition Date" means February 21, 2005, the date these Chapter 11 cases were commenced.

"Proof of Claim" means a written document filed in compliance with the Bankruptcy Court order dated April 28, 2005 and special bar dates established by the Debtors, and in the form required by such Court order.

"Questionnaire" means the document, in the form attached as Exhibit 3, to be served by a Claimant upon the Debtors that is used, inter alia, to collect certain information about the Claimant's Litigation Claim.

"Referral Notice" means the form of notice that is to be filed and served by the Debtors in order to refer a particular Litigation Claim to Mediation.

"Related Non-Debtor Party" means any current or former agent, representative or employee of a Debtor to the extent required to be indemnified by a Debtor or any other party required to be indemnified by a Debtor.

"Reply" means the document to be served by the Claimant in reply to the Response Statement. The Reply may accept the settlement proposal, if any, made by the Debtors.

"Response Statement" means the statement to be served by the Debtors, in response to a Claimant's Questionnaire, which Response Statement may include a settlement proposal to the Claimant.

"Small Claims Claimant" means any Claimant with a Litigation Claim that the Debtors have identified as being equal to $5,000 or less.

"Settlement Agreement" means the agreement that must be executed by the Claimant with respect to any settlement of that person's Litigation Claim.

"Third Party Indemnitor" means a person or entity that is liable under applicable non-bankruptcy law to indemnify the Debtors for a Litigation Claim, including an Insurer under an Insurance Policy.

## 2.    Summary of Claims Resolution Procedure.

The Claims Resolution Procedure is intended to accelerate the settlement or liquidation of Litigation Claims against the Debtors. In general, the Debtors are self insured for an initial $2 million per occurrence. If you have a Litigation Claim, you must follow these Procedures as a prerequisite for any stay relief you might seek. The Debtors, the Third Party Indemnitors (if applicable), and the Eligible Claimants each shall communicate with

the other parties and negotiate in good faith in an attempt to reach an agreement for the release, payment or compromise of Litigation Claims.

No Eligible Claimant will have any right to compel the Debtors to undertake ~~Mediation or~~ Arbitration of such Claimant's Claim and, similarly, the Debtors shall have no right to compel any Eligible Claimant to undertake ~~Mediation or~~ Arbitration of any Claimant's Claim, provided however, once a non-requesting party consents to binding arbitration neither party may unilaterally terminate such proceedings.

### 3.    Offer-Exchange Process

#### A.    The Questionnaire

The Debtors will serve each Eligible Claimant, except Judgment Claim Claimants, with copies of (i) the Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure, (ii) the Amended Claims Resolution Procedure and (iii) the Questionnaire, thereby initiating the offer-exchange process. Except as otherwise provided for herein with respect to Judgment Claim Claimants, each Claimant shall serve a completed Questionnaire upon the Debtors within 30 days of the postmark date on the envelope in which the questionnaire was mailed to the Claimant (the "Questionnaire Due Date"). In the event that an Eligible Claimant does not serve the Questionnaire upon the Debtors by the Questionnaire Due Date, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge such Claimant's proof of claim with respect to the applicable Litigation Claim.

#### B.    The Response Statement

As soon as practicable after the Debtors receive the Questionnaire, the Debtors, after appropriate consultation and consent by the Third Party Indemnitor, if applicable, shall determine what response to the Litigation Claim is appropriate. The Debtors shall serve each Eligible Claimant that has timely returned a Questionnaire (or Claimant's counsel, if one has been identified), with a Response Statement, within 45 days of the Debtors' receipt of the Questionnaire, which shall state whether:

(1)     the amount demanded in the Questionnaire is accepted; or

(2)     the Litigation Claim is disputed; or

(3)     the Litigation Claim is disputed but stating the terms and conditions of a settlement that would be acceptable to the Debtors and any Third Party Indemnitor, if applicable, including a description of key Defenses and any third-party claims.

If the Debtors accept the amount demanded in the Questionnaire or make a counter-offer in the Response Statement, then the Debtors may provide the Eligible Claimant with a form of Settlement Agreement.

C.      The Reply

Within 30 days of the postmark date on the envelope in which the Response Statement was mailed to the Claimant, each Eligible Claimant shall either (i) serve a written Reply to the Response Statement on the Debtors, and any Third Party Indemnitor identified in the Response Statement, or (ii) request Mediation or Arbitration. An Eligible Claimant's Reply, if any, shall either accept or reject any settlement proposal in the Response Statement. If the Debtors consent to Mediation or Arbitration such proceeding shall be conducted as provided for in Sections 5 and 6 below. If the Debtors do not consent to Mediation or Arbitration, then an Eligible Claimant who has otherwise complied with the offer-exchange process shall be entitled to seek relief from the automatic stay as provided in Section 7 below.

If an Eligible Claimant accepts the terms of a settlement proposal contained in a Response Statement, the Eligible Claimant shall indicate his or her acceptance of the settlement proposal in writing by executing and returning the Settlement Agreement served by the Debtors with the Response Statement.  If the agreed settlement amount (the "Settlement Amount") is greater than $5,000 the Eligible Claimant shall be deemed to hold an allowed, pre-petition general unsecured claim against the Debtor identified in the Proof of Claim in such Settlement Amount.  For each Settlement Amount of $5,000 or less, the Eligible Claimant shall receive, in the Debtors' sole discretion, either (a) an allowed general unsecured non-priority claim against the applicable Debtor in the Settlement Amount or (b) an Authorized Payment.  If any applicable Third Party Indemnitor has consented to the settlement proposal, the Third Party Indemnitor shall pay to the Eligible Claimant a sum equal to the lesser of the Settlement Amount or the available coverage.

D.      Exhaustion of Claim Resolution Procedure

An Eligible Claimant's service of a fully completed Questionnaire and Reply on the Debtors and participation in Mediation or Arbitration will constitute prima-facie evidence of good faith compliance with, and exhaustion of, the Claims Resolution Procedure by such Claimant.  If an Eligible Claimant fails to (i) timely serve on the Debtors (i) a fully completed Questionnaire and (ii) a Reply or a request for Mediation or Arbitration, or (ii) or otherwise does not participate in the Claims Resolution Procedure, including Mediation or Arbitration, in good faith, the Debtors will have the right to seek disallowance and expungement of such Claimant's proof of claim with respect to the applicable Litigation Claim.

**4.      Judgment Claim Claimants**

For Claims of the Judgment Claim Claimants that the Debtors elect to submit to Mediation, on or after September 1, 2005, the Debtors will begin to contact each Judgment Claim Claimant by telephone to arrange for Mediation of such Claimant's Litigation Claim pursuant to Section 5 of this Claims Resolution Procedure. The Mediation process for all Litigation Claims held by Judgment Claim Claimants shall be concluded by November 30,

2005, unless the parties with respect to particular matters otherwise agree. If a settlement is not reached after exhaustion of the Mediation, then (a) the Judgment Claim Claimant and the Debtors may agree to binding Arbitration pursuant to Section 6 of this Claims Resolution Procedure or (b) the Judgment Claim Claimant may request modification of the Automatic Stay as provided for in Section 7 of this Claims Resolution Procedure.

## 5.      Mediation Procedure.

### A.      Referral to Mediation

A Litigation Claim may be referred to Mediation as provided for in Sections 3 ~~and~~ or 4 of this Claims Resolution Procedure. Any such Claim shall be referred by the Debtors to the Mediation/Arbitration Organization, by submission of a Referral Notice, (i) on or before September 30, 2005, in the case of Judgment Claim Claimants, and (ii) ~~within 15 days~~ after receipt of an appropriate request by an Eligible Claimant in accordance with Section 3 of this Claims Resolution Procedure. The Debtors shall serve a copy of the Referral Notice on the Mediation/Arbitration Organization, the Eligible Claimant, and any Third Party Indemnitor to the extent notice of such an action is required under any applicable Insurance Policy. The Debtors shall make arrangements with the mediator for the payment of the Cost of Mediation and shall pay the Cost of Mediation as a post-petition administrative expense as allowed by order of the Bankruptcy Court, up to an aggregate cap of $1,400,000, which may be increased from time to time by agreement with the Creditors' Committee or order of the Bankruptcy Court.

### B.      Appointment of Mediator

Upon referral of a Litigation Claim to mediation, the ~~Mediation/Arbitration Organization shall, within 30 days after the receipt of the Referral Notice, (i) appoint a mediator who is familiar with the laws which govern the Claim, and (ii) provide written notice to the Debtors and the Eligible Claimant of such appointment. Individual mediators shall provide written acknowledgment of their agreement to serve with the disclosure set forth in this paragraph. In particular, a~~ Debtors will provide written notice to the Eligible Claimant of the appointment of a mediator who is an attorney in good standing of the United States District Court for the Middle District of Florida and familiar with the laws which govern the Claim. A person may serve as a mediator only if (i) the person has the requisite experience or knowledge to act as a mediator of legal disputes; (ii) the person is an impartial and neutral person; (iii) the person has no financial or personal interest in the proceedings, or except where otherwise agreed by the parties, in any related matter; and (iv) the person, upon appointment, discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties. If a party, ~~within 15 days after the disclosures required in this paragraph are sent,~~ in good faith, does not believe the mediator meets the requirements of this paragraph, such party may file a motion with the Court for the appointment of a new mediator, if the parties cannot otherwise agree on the appointment of a new mediator.

C.     Conduct of Mediation

The mediator shall handle all Litigation Claims in the order received by him or her or as directed by mutual agreement of the parties. In all cases, the procedures used by the mediators shall be reasonable and practical under the existing circumstances. Any party may be represented by legal counsel, although the participation of legal counsel shall not be required for the conduct of the mediation. The mediator shall meet with the parties or their representatives, individually and jointly, for a conference or series of conferences as determined by the mediator. The Eligible Claimant and the Debtors or their respective representatives must be present at the conference, unless the disputed portion of the Litigation Claim is $100,000 or less, in which case the parties may appear by telephone. Such conference shall be in the nature of a settlement conference and shall be conducted in Jacksonville, Florida, or such other place mutually agreeable to the Debtors and the Eligible Claimant or as designated by the mediator.

The mediator may review the Litigation Claim and the positions of the parties, the prior negotiations between the parties, all correspondence between the parties during the Offer-Exchange Process, if any, and such additional information as the parties may, in their discretion, wish to submit. The Eligible Claimant and Debtor shall each submit to the mediator a concise confidential statement outlining each party's position on settlement value. This confidential statement shall be deemed to be privileged as a compromise and settlement negotiation and shall not be disclosed to the other party.

The mediator shall work with both sides to reach a settlement of the Litigation Claim mutually acceptable to the Debtors and the Eligible Claimant. The mediator shall not have the authority to impose a settlement upon the parties. For all settlements reached pursuant to Mediation, the Debtors shall file with the Bankruptcy Court an Agreed Order of Resolution. If a Litigation Claim is settled for an amount exceeding $5,000, the Eligible Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount, to be paid in accordance with the confirmed plan(s) of reorganization in these Chapter 11 cases. For Litigation Claims that are settled for $5,000 or less, the Eligible Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

6.     **Arbitration Procedure.**

A.     Referral to Arbitration

A Litigation Claim may be referred to Arbitration as provided for in Sections 3 and 4 of this Claims Resolution Procedure. Either party may request that the other party consent to binding arbitration proceedings, which request shall also serve as a consent by the requesting party. The non-requesting party must send notice to the requesting party within 15 days of the mailing date of the request for arbitration that the non-requesting party consents to binding arbitration. The Debtors shall send notice of such Arbitration to any Third Party Indemnitor to the extent notice of such an action is required under the applicable Insurance

Policy. The Litigation Claim shall be submitted for arbitration within 60 days of the mailing date of the request for arbitration if the non-requesting party consents to binding arbitration. At the time the non-requesting party consents in writing to binding arbitration, neither party can thereafter unilaterally terminate such proceedings.

### B. Appointment of Arbitrator

Upon a submission for binding arbitration, the ~~Mediation/Arbitration Organization~~ Debtors and the Eligible Claimant shall by agreement, within 30 days after receipt of the referral to binding arbitration, ~~(i)~~ appoint an arbitrator to conduct arbitration proceedings as hereinafter set forth ~~and (ii) provide notice to the Debtors and the Eligible Claimant of such appointment~~. Absent an agreement, the Bankruptcy Court will appoint an arbitrator upon motion of any party in interest. Individual arbitrators shall provide written acknowledgment of their agreement to serve to the Debtors and the Eligible Claimant. Such proceedings shall be commenced, to the extent practicable, not later than 30 days after the date the arbitrator provides written acknowledgment to all parties.

### C. Conduct of Arbitration

~~All binding arbitration proceedings shall be administered by the Mediation/Arbitration Organization. The same Mediation/Arbitration Organization may be used for both Mediation and Arbitration proceedings. Arbitrators who are not otherwise selected shall be appointed to particular matters by the Mediation/Arbitration Organization pursuant to its rules and procedures; provided, however, that a~~ A person may serve as an arbitrator only if the person is (i) impartial and neutral; (ii) has no financial or personal interest in the proceedings or, except as otherwise agreed by the parties, in any related matter; (iii) the person shall not have served as the mediator of the Litigation Claim subject to the binding arbitration proceedings; and (iv) upon accepting an appointment, the person discloses any circumstances likely to create a reasonable inference of bias or prevent a prompt hearing or conference with the parties.

The arbitration shall be conducted in accordance with applicable law and shall be governed by the Federal Arbitration Act, Title 9, United States Code. Except as otherwise provided by the Claims Resolution Procedure, and unless otherwise agreed by the parties, the arbitration shall be conducted pursuant to the dispute resolution procedures for commercial, insurance or employment claims of the American Arbitration Association, as currently in effect and appropriate.

### D. Cost of Arbitration

The Cost of Arbitration will be shared equally by the Debtors and the Eligible Claimant, provided however, that the arbitrator may in his or her sole discretion assess the entire Cost of Arbitration against any party delaying or abusing the arbitration proceedings. The Debtors and the Eligible Claimant shall each make arrangements with the arbitrator for (i) the payment of one half of their portion of the Cost of Arbitration; and (ii) the payment of

9

the balance within 30 days of the date of determination of the binding arbitration proceedings.

### E. Arbitration Award

The amount of the award set by the arbitrator shall be binding and shall be within the discretion of the arbitrator, but in no event shall the amount of the award (i) exceed the lower of (x) the claimed amount of the Litigation Claim as shown on the Claimant's Questionnaire or (y) as shown on the Claimant's Proof of Claim, or (ii) be less than the undisputed portion of the Claim. Neither party shall have the right to appeal the award except on the grounds set forth in the Federal Arbitration Act. There will be no right to a trial de novo.

### 7. Stay Relief.

#### A. Lift Stay Motion

If an Eligible Claimant has otherwise complied in good faith with, and exhausted the Claims Resolution Procedure, it may apply for relief from the Automatic Stay to pursue litigation of its Litigation Claim in an appropriate forum.

#### B. Exhaustion of Claim Resolution Procedure

No motion seeking relief from the Automatic Stay with respect to a Litigation Claim will be granted unless the Eligible Claimant has (i) timely timely served on the Debtors (i) a fully completed Questionnaire and (ii) a Reply or requested for Mediation or Arbitration, and (ii) participated in the Claims Resolution Procedure, including Mediation or Arbitration, in good faith. To the extent an Eligible Claimant files a lift stay motion without complying with the foregoing conditions, the Bankruptcy Court shall deny the motion, without prejudice to its renewal after the Claims Resolution Procedures are exhausted.

#### C. Objection by the Debtors

The Debtors shall have the right to object to any lift stay motion on the grounds that the Eligible Claimant has failed to comply with the foregoing conditions of the Claims Resolution Procedure. Any other party in interest with standing, including the Creditors' Committee and any Third-Party Indemnitor, shall have the right to object; provided that nothing in the Claims Resolution Procedure shall be deemed to grant them standing.

### 8. Civil Litigation.

If the Eligible Claimant has complied in good faith with this Claims Resolution Procedure, then any Eligible Claimant may pursue his or her Litigation Claim against the Debtors in accordance with normal litigation rules and procedures after the Automatic Stay is lifted. In any proceeding before any court, the Debtors shall have and may assert any or all of their legal and equitable rights to object to or otherwise contest the Litigation Claim. An Eligible Claimant shall not, however, be able to enforce or execute against the Debtors any

judgment obtained as a result of such litigation. Nothing contained herein shall be construed to relieve an Eligible Claimant of any obligation imposed by applicable non-bankruptcy law to exhaust administrative, alternative dispute resolution or other procedures applicable to such Claimants' Litigation Claims.

### 9.   Settlement and Court Approval.

At any time during the administration of this Claims Resolution Procedure, even during litigation, the Debtors (and the Third Party Indemnitor, if applicable) shall have the authority to agree to a settlement with the Eligible Claimant, subject to the approval of the Bankruptcy Court as provided below.

#### A.   Claims of $50,001 or more.

All settlements for $50,001 or more, but less than $250,000, shall be subject to Bankruptcy Court approval pursuant to an Agreed Order of Resolution entered upon 20 days' notice to all Notice Parties of a Notice of Agreed Order of Resolution, without motion. If a written objection to any such settlement is not interposed during the 20-day notice period, the Bankruptcy Court may approve the settlement and enter the Agreed Order of Resolution without further notice or hearing.

Additionally, for any settlement equal to or greater than $250,000, the Debtors shall provide notice to the Creditors' Committee 5 business days prior to the filing of a motion seeking approval of such settlement, which motion shall be served upon all Notice Parties at least 20 days prior to the hearing on such motion. Upon approval of the motion, the Bankruptcy Court shall enter an Agreed Order of Resolution.

#### B.   Claims of $50,000 or less.

The Debtors (and the Third Party Indemnitor, if applicable) may settle claims of $50,000 or less without prior notice to any party or approval by the Bankruptcy Court, provided that the Debtors shall file with the Bankruptcy Court and serve upon the Creditors' Committee a quarterly report of all such settlements. The Debtors may submit, without motion or notice, an Agreed Order of Resolution to the Bankruptcy Court to evidence any such pre-authorized settlements.

#### C.   Payment and Allowance of Claims

For all Litigation Claims settled for $5,001 or more the Eligible Claimant will receive an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount. All such settlements shall be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

For Litigation Claims that are settled for $5,000 or less, the Eligible Claimant will receive, in the Debtors' sole discretion, either (i) an allowed general unsecured non-priority claim against the applicable Debtor in the settled amount or (ii) an Authorized Payment.

### 10.    Application of Automatic Stay.

The Insurance Policies issued by the Insurers are for the purposes of this Claims Resolution Procedure deemed to be property of the estate of the Debtors. No person or entity shall be allowed to assert any Litigation Claim against such Insurance Policies or against the Debtors or any of their assets unless they have first complied with this Claims Resolution Procedure.

### 11.    Waiver of Claims Resolution Procedure.

The Debtors, in their sole discretion, may (i) agree to waive and/or extend the deadlines set forth herein for the filing of the Questionnaire and/or Reply or (ii) exclude any person from participation in the Claims Resolution Procedure at any time (except a Claimant who has entered into a binding arbitration with the Debtors). In addition, nothing herein shall preclude the Debtors from submitting a stipulation agreeing to lift, modify or annul the Automatic Stay, upon such notice as required under the Bankruptcy Code and Bankruptcy Rules.

### 12.    Notice.

Whenever notice is required to be given under this Claims Resolution Procedure, it shall be given in the manner provided in the relevant section, by first class mail, postage prepaid, as follows:

If to the Debtors:          Winn-Dixie Stores, Inc.
                            5050 Edgewood Court
                            Jacksonville, Florida 32254
                            Attn: Jay F. Castle, Esq.

If to Counsel for the
Debtors:                    Smith Hulsey & Busey
                            225 Water Street, Suite 1800
                            Jacksonville, Florida 32202
                            Attn: James H. Post, Esq.

### 13.    Insurers.

Nothing in this Claims Resolution Procedure shall be construed to alter the rights or obligations of any Insurer of the Debtors. In all instances where an Insurer has a right to receive notice, participate in the resolution of a Litigation Claim, or decide upon or approve the resolution of a Litigation Claim, that right is preserved. Nothing in this Claims Resolution Procedure shall be construed to authorize the Debtors to act on behalf of or as an

12

agent for any Insurer of the Debtors. However, the Mediation/Arbitration Organization shall have the authority, without further order of the Bankruptcy Court, to direct the attendance, at any Mediation or Arbitration, of a representative of the applicable Third Party Indemnitor or Insurer, if any, with authority to settle and pay any settlement reached or award entered.

[End of Claim Resolution Procedure]

527073

**Exhibit 1**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

## NOTICE OF AGREED ORDER OF RESOLUTION OF
## LITIGATION CLAIM OF _____ (CLAIM NO. ____)

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), pursuant to

Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, give

notice of the proposed entry of the attached Agreed Order of Resolution of Litigation Claim

of _____ (Claim No. _____).

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

If no objection to the proposed Agreed Order is filed and served within the time set

forth above, the Court will be requested to enter the Order without further notice or hearing.

Dated:  _____, 200__

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP


By ___*s/ D.J. Baker*_____          By ___*s/ James H. Post*_____
     D. J. Baker                                                    Stephen D. Busey
     Sally McDonald Henry                              James H. Post (FBN 175460)
     Rosalie Walker Gray                                  Cynthia C. Jackson

Four Times Square                                      225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida  32202
(212) 735-3000                                           (904) 359-7700
(917) 777-2150 (facsimile)                        (904) 359-7708 (facsimile)
djbaker@skadden.com                              jpost@smithhulsey.com

Co-Counsel for Debtors                            Co-Counsel for Debtors

501017.2

**Exhibit 2**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION
## CLAIM OF _____ (CLAIM NO.  )

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, _____ (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. _____). [The Court finds that notice of the proposed Agreed Order was served on all interested parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party filed an objection. The Court therefore considers the entry of the Order unopposed] or [The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure]. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. _____ filed by Claimant is allowed as an unsecured non-priority claim in the amount of $_____ against **[Relevant Debtor]** in Case No. _____ to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

[1.    Claim No. _____ filed by Claimant is allowed as an unsecured non-priority claim in the amount of $_____ against **[Relevant Debtor]** in Case No. _____ which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure].

2.    This Agreed Order resolves (i) all liabilities and obligations related to Claim No. [_____] and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

4.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 200__, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By_____      By_____
      James H. Post

Florida Bar Number 175460
1800 Wachovia Bank Tower,
225 Water Street
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors          Attorneys for Claimant

502539.4

Exhibit 3

Page 1

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA – JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 05-03817-3F1 |
| Debtors. | (Jointly Administered) |

**QUESTIONNAIRE FOR LITIGATION CLAIMANTS**

**WARNING:**

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED WITHIN 30 DAYS OF THE POSTMARK DATE ON THE ENVELOPE IN WHICH THIS QUESTIONNAIRE WAS MAILED TO YOU (THE "QUESTIONNAIRE DUE DATE"), THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

**PART A - NOTICE**

**Purpose of this Notice**

According to court records, you filed a proof of claim in the referenced cases. As an initial step in resolving your claim, you must complete this Questionnaire and mail it, with proper postage, to **Logan & Company, Inc., Claims Agent, 546 Valley Road, Upper Montclair, New Jersey 07043.** A Questionnaire will not be deemed to have been timely returned unless it is received by the Questionnaire Due Date.

**Action Required by You**

1. If you do not complete and return the Questionnaire on time, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge your proof of claim with respect to the applicable Litigation Claim.

2. If you do *not* wish to pursue any claim you may have, disregard this notice and do not return it.

3. If you wish to pursue a claim you have against the Debtors arising from or relating to (i) personal injury or property damage, including, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws), you must:

(a)     fully complete this Questionnaire (if a particular question is not applicable to you, you must indicate such by the designation "N/A" or similar statement), and

(b)     return the completed Questionnaire in the enclosed reply envelope. (Note: you must affix proper postage). The reply must be received no later than the Questionnaire Due Date, or it will not be processed and you may not be allowed to vote on any proposed reorganization plan, nor receive any distribution from any confirmed reorganization plan.

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)
if you have any questions about this form*

*6438997*

Creditor Name.:                                           Claim No.(s):

## PART B - CLAIM INFORMATION

1.  Give your date of birth (MM/DD/YY)_____

2.  Date of injury or claim: (MM/DD/YY)_____

3.  What is the basis of your claim?_____
    _____
    _____
    _____

4.  What is the total amount of your claim?  (Please estimate if necessary)._____
    _____

5.  Attach copies of all documents supporting or evidencing your claim.  Do not send original documents.
    If the documents are not available, please explain.
    _____
    _____
    _____

6.  Identify all payments or other sums which have been credited and deducted for the purpose of
    quantifying your claim amount._____
    _____
    _____
    _____

7.  Are you pursuing this claim against any other party?  Yes ☐     No ☐
    If so, against whom (list the name, the addresses and counsel for each party, if known)?_____
    _____
    _____
    _____

    (Attach additional sheets if necessary)

8.  Did you notify the Debtor in writing of the injury or claim?  (If yes, attach a copy of such writing.)
        Yes ☐     No ☐

9.  Is there a pending lawsuit regarding your claim?  If so, identify the court where the
    lawsuit is pending, the case number and the judge, if known._____
    _____
    _____
    _____
    _____

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

10. What type of injuries or damages do you have?  If applicable, please provide a medical description of your injuries. (Please state if the claim is based, in whole or in part, on an injury to someone else.)

_____
_____
_____
_____
_____

11. Where did the injury or damage occur?_____

_____
_____
_____
_____

Please specify the location and address.

12. How did the injury or damage occur?_____

_____
_____
_____

13. Did you miss any work as a result of your injury or damage? If so, how many days?

_____
_____

14. Give the name and address of your employer and your salary at the time of your injury or damage.

_____
_____
_____

15. Was anyone else injured at the time of your injury or damage? (If yes, list the names and addresses.)

_____
_____
_____
_____

16. List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your injury or damages (including, but not limited to, any representatives or agents of the Debtors).

_____
_____
_____
_____

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*

17.  If applicable, are treatments still being given for the injury or damages? Yes ☐  No ☐
     (If yes, provide the name and address of the doctor that is currently treating you
     and the nature of the treatment.)_____
     _____
     _____

18.  If applicable, please provide the following Physician Data:

     a.   Give the name and address of any physician, clinic or hospitals that has treated this injury.
          Include treatment dates. (Attach additional sheets if necessary)
          _____
          _____
          _____
          _____
          _____

     b.   Itemize all damages you claim, including any damages for emotional distress,
          loss of consortium or pain and suffering._____
          _____
          _____
          _____
          _____

     c.   Give the total amount of the medical bills you incurred as a result of your claim. _____
          _____
          _____
          _____

     d.   Attach medical and hospital records which relate to your claim.

     e.   Itemize any other expenses you incurred as a result of the incident for which you are making a
          claim._____
          _____
          _____
          _____
          _____

     f.   Give a list of medical expenses and amounts paid by your insurance company as a result of your
          injury._____
          _____
          _____
          _____

                                                    Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

g.  Give the name, address and policy number of your insurance company._____
    _____
    _____
    _____

19. To the extent not already furnished in your response to questions 1 through 18 above, please provide the following information:

a.  Itemize the damages you claim._____
    _____
    _____
    _____
    _____

b.  Give the total amount of each item of damage._____
    _____
    _____

20. **IN WHAT AMOUNT WOULD YOU AGREE TO SETTLE YOUR CLAIM? (This is not the amount that you will receive on account of your claim.  The amount you will receive depends upon the plan or plans of reorganization that may be approved.)**_____
    _____
    _____
    _____
    _____
    _____

Please make corrections to your personal information below and include phone and email address information:

| | Corrections (if any) |
|---|---|
| Creditor No.: | Name: _____<br>Address: _____<br>_____<br>City/State/Zip: _____<br><br>Phone: _____<br>Fax _____<br>Email<br>Address: _____ |

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. EasternTime)*
*if you have any questions about this form*

## PART C - SIGNATURE

**NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.**

I declare under penalty of perjury that the foregoing statements are correct.

DATE:_____        _____
                                     Claimant's Signature

Please recheck each of your answers to be sure that you have completed this form fully and accurately.

### NAME AND ADDRESS OF ATTORNEY OR OTHER AUTHORIZED AGENT

Complete this box if you have an attorney or other agent who represents you in this matter. If completed, all future notices will go to your attorney or agent rather than to you personally.

Name (First/Middle/Last)_____

Address_____

City/State/Zip_____

Relationship to Claimant_____

Phone Number_____

Fax Number_____

Email Address _____

### PART D - RETURN OF QUESTIONNAIRE

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED BY THE QUESTIONNAIRE DUE DATE, THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

A Questionnaire will not be deemed to have been timely returned unless received by the Questionnaire Due Date at the following address:

**Logan & Company, Inc.**
**Claims Agent**
**546 Valley Road**
**Upper Montclair**
**New Jersey 07043**

Creditor Number/Creditor Name/Claim Number

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*
