Hearing Date: April 20, 2006, 1:00 p.m.
Objection Deadline: April 13, 2006, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |

## APPLICATION FOR ORDER APPROVING SUPPLEMENT TO DEBTORS' RETENTION OF THE BLACKSTONE GROUP, L.P. AS FINANCIAL ADVISORS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order supplementing the terms of the Debtors' previously approved retention under 11 U.S.C. §§ 327(a) and 328 of The Blackstone Group, L.P. ("Blackstone") to include the provision by Blackstone of financial advisory services to the Debtors in connection with the disposition of their interests in supermarket operations in the Bahamas (the "Bahamas Operations") (the "Supplemental Application").  In support of the Supplemental Application, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On February 22, 2005, the Debtors filed an application seeking authorization to employ Blackstone as their financial advisors under sections 327(a) and 328 of the Bankruptcy Code.  See Application for Authority to Retain The Blackstone Group, L.P. as Financial Advisors (Feb. 21, 2005) (Docket No. 25) (the "Blackstone Application").  On June 3, 2005, the Court entered a final order approving the retention of Blackstone to provide financial advisory services to the Debtors during these cases.  See Final Order Authorizing Debtors to Employ The Blackstone Group, L.P. as Financial Advisors, at 2 (Jun. 3, 2005) (Docket No. 1560).

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

<u>**Relief Requested**</u>

6.      By this Supplemental Application, the Debtors seek entry of an order supplementing the terms of the Debtors' previously approved retention of Blackstone to include the provision by Blackstone of financial advisory services to the Debtors in connection with a proposed sale of the Bahamas Operations.  The Debtors request that Blackstone be authorized to provide and

2

be compensated for such services on the terms provided in the amended letter agreement between the Debtors and Blackstone dated March 16, 2006 (the "Amended Engagement Letter"). A copy of the Amended Engagement Letter is attached as Exhibit A to this Supplemental Application.

## Basis for Relief

7.     As more fully described in the Debtors' Motion for Order Authorizing Winn-Dixie Stores, Inc. to (I) Exercise its Consent to Sale of Stock by Non-Debtor Subsidiary, Subject to Higher or Otherwise Better Offers, (II) Enter Into a Related Transition Services Agreement, and (III) Enter Into a Related Non-Competition Agreement (the "Sale Motion"), filed contemporaneously with this Supplemental Application, the Debtors have undertaken a process that they anticipate will culminate in the sale of the Bahamas Operations (the "Sale Process").

8.     The Debtors began to consider the possibility of selling the Bahamas Operations in the Fall of 2005. To this end, the Debtors asked Blackstone to identify and investigate potential purchasers and transaction structures for such a sale. In November 2005, Blackstone began a marketing process targeting selected potential purchasers. After significant analysis and based upon Blackstone's assistance, the Debtors determined that the best structure for a sale of the Bahamas Operations would be a sale by W-D (Bahamas) Ltd. ("W-D Bahamas"), a non-Debtor subsidiary of Winn-Dixie, of shares (the "Shares") in Bahamas Supermarkets Limited, a non-Debtor subsidiary of Winn-Dixie that operates the Bahamas Operations.

9.     Following the marketing process conducted by Blackstone, the Debtors determined that BK Foods, Ltd. ("BK Foods") had presented the most attractive offer for the Shares. Accordingly, on March 29, 2006, W-D Bahamas and BK Foods entered into a share purchase agreement for sale of the Shares to BK Foods (the "SPA"), subject to certain contingencies, including the approval sought in the Sale Motion. The SPA also contemplates the

opportunity for the submission of higher and better offers from other potential purchasers through an auction process.

10.    Blackstone's involvement in the Sale Process is essential to ensure that the Debtors' estates obtain maximum value from any sale of the Bahamas Operations.  Although the current terms of Blackstone's retention contemplate that Blackstone will provide a variety of services in connection with potential transactions, they do not specifically encompass the provision of services by Blackstone related to the Sale Process, nor do they provide for payment to Blackstone in consideration for such services.

11.    Therefore, by this Supplemental Application, the Debtors seek to supplement the terms of Blackstone's retention to include services provided by Blackstone in connection with the Sale Process.  Such services include:

(a) Assisting the Debtors in the preparation of marketing materials with respect to the Sale Process;

(b) Assisting the Debtors in identifying and contacting potential buyers of the Bahamas Operations and parties in interest to the Sale Process;

(c) Assisting the Debtors with respect to the due diligence efforts of third parties in connection with the Sale Process;

(d) Assisting and advising the Debtors concerning the terms, conditions and impact of the proposed sale of the Bahamas Operations;

(e) Evaluating competing offers for the sale of the Bahamas Operations, including valuations, contingencies, and financing requirements;

(f) Assisting the Debtors in the negotiation of definitive documentation regarding a potential sale of the Bahamas Operations; and

(g) Providing the Debtors such other advisory services as are customarily provided in connection with the sale of the Bahamas Operations.

12.    In addition, the Debtors seek authority to pay Blackstone for such services. As set forth in the Amended Engagement Letter, the Debtors propose to pay Blackstone a fee of $1.125 million (the "Bahamas Transaction Fee").  The Bahamas Transaction Fee will be earned by Blackstone only upon consummation of a sale of the Bahamas Operations.  If the Bahamas Operations are not sold, no Bahamas Transaction Fee will be payable to Blackstone.

13.    The proposed supplement to the terms of Blackstone's retention as contemplated by this Supplemental Application is critical to ensure that the Debtors and their estates realize maximum value from the sale of the Bahamas Operations.  Blackstone has extensive experience in providing financial advisory services in the chapter 11 context.  Moreover, given Blackstone's role in providing financial advisory services to the Debtors during these cases, Blackstone has acquired significant institutional knowledge of the Debtors' businesses and assets and is uniquely positioned to provide the financial advisory services that the Debtors require in connection with the Sale Process.  Accordingly, the proposed supplement to the terms of Blackstone's engagement is in the best interests of the Debtors, their estates, and all parties in interest.

14.    To the best of the Debtors' knowledge, except as described in (a) the Blackstone Application, (b) this Supplemental Application, (c) the Declaration of Paul P. Huffard and Disclosure of Compensation dated February 21, 2005 and attached as Exhibit B to the Blackstone Application, and (d) the Supplemental Declaration of Paul P. Huffard in Support of the Application for Order Approving Supplement to Debtors' Retention of The Blackstone Group L.P. dated March 30, 2006 and attached as Exhibit B to this Supplemental Application: (i) Blackstone has had no affiliation with any identified parties in interest with respect to the sale of the Bahamas Operations, or their respective attorneys and accountants and (ii) Blackstone is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code.

15.     Except as supplemented by the terms described in this Supplemental Application, the Debtors propose, and the parties have agreed, that the terms of Blackstone's retention in these cases will otherwise remain the same.

16.     The Creditors Committee has informed the Debtors that it supports the relief sought in this Supplemental Application.

**Notice**

17.     Notice of this Supplemental Application has been provided to (a) counsel to the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) Blackstone.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (a) enter an order in the form of Exhibit C supplementing the terms of the Debtors' previously approved retention of Blackstone to include the provision by Blackstone of financial advisory services to the Debtors in connection with a sale of the Bahamas Operations and (b) grant such other and further relief as the Court deems just and proper.

Dated:  March 31, 2006.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By ___*s/ D. J. Baker*_____ | By ___*s/ Cynthia C. Jackson*_____ |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson |
| David M. Turetsky | Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| | |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

**Exhibit A**



The Blackstone Group®

March 16, 2006

Mr. Bennett Nussbaum
Senior Vice President and Chief Financial Officer
Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254

Dear Bennett:

This letter (the "Amendment") amends the understanding and agreement dated June 2005 (the "Agreement") between The Blackstone Group L.P. ("Blackstone") and Winn-Dixie Stores, Inc. (collectively with its affiliates and subsidiaries, "Winn-Dixie" or the "Company") regarding the retention of Blackstone by Winn-Dixie. Under this Amendment, Blackstone will expand its role as described in the Agreement to include providing financial advisory services in connection with a sale of the Company's interest in Bahamas Supermarkets Limited (the "Bahamas Transaction").

In connection with the Bahamas Transaction, Blackstone will, working together with the Company and its respective legal and other advisors, provide the following services (in addition to those described in the Agreement):

1. Assist in the preparation of marketing materials with respect to the Bahamas Transaction;
2. Assist in identifying and contacting potential buyers or parties in interest to the Bahamas Transaction;
3. Assist in the due diligence efforts of third parties with respect to the Bahamas Transaction;
4. Assist and advise the Company concerning the terms, conditions and impact of the proposed Bahamas Transaction;
5. Evaluate competing offers for a Bahamas Transaction, including valuations, contingencies and financing requirements;
6. Assist in the negotiation of definitive documentation regarding a potential Bahamas Transaction; and
7. Provide such other advisory services as are customarily provided in connection with the Bahamas Transaction.

Subject to approval by the United States Bankruptcy Court for the Middle District of Florida, the Company agrees to pay in cash a transaction fee (the "Bahamas Transaction Fee") equal to $1.125 million. The Bahamas Transaction Fee shall be payable upon the consummation of the Bahamas Transaction.

Except as explicitly stated herein, nothing in this Amendment shall modify the terms and conditions of the Agreement.

Very truly yours,

THE BLACKSTONE GROUP L.P.

Paul P. Huffard
Senior Managing Director

Accepted and Agreed to as
of the date first written above:

WINN-DIXIE STORES, INC.

By:_____

Name:    Bennett Nussbaum
Title:     Senior Vice President
           and Chief Financial Officer

**Exhibit B**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:                                    )   **Case No. 05-03817-3F1**
                                          )
WINN-DIXIE STORES, INC., <u>et al.</u>,   )   *Chapter 11*
                                          )
Debtors.[1]                               )   **Jointly Administered**
                                          )

### SUPPLEMENTAL DECLARATION OF PAUL P. HUFFARD IN SUPPORT OF THE APPLICATION FOR ORDER APPROVING SUPPLEMENT TO DEBTORS' RETENTION OF THE BLACKSTONE GROUP L.P.

I, Paul P. Huffard, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1.  I am a Senior Managing Director of The Blackstone Group L.P. ("Blackstone"), a private financial advisory and investment banking firm that maintains offices at 345 Park Avenue, New York, New York 10154.

2.  I submit this declaration on behalf of Blackstone ("the Supplemental Declaration") in support of the supplemental application (the "Supplemental Application") of Winn-Dixie Stores, Inc., *et al.*, the Debtors and Debtors-in-Possession (the "Debtors") in the above-captioned Chapter 11 cases for an order supplementing the terms of the Debtors' previously approved retention under 11 U.S.C. §§ 327(a) and 328 of Blackstone to include the provision that Blackstone will provide financial advisory services to the Debtors in connection with the disposition of their interests in supermarket operations in

---

(1)  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

the Bahamas (the "Bahamas Transaction").  Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3.  As disclosed in my initial declaration dated February 21, 2005 (the "Initial Declaration"), to the best of my knowledge, Blackstone is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code

4.  Also, as disclosed in my Initial Declaration, Blackstone maintains, for purposes of monitoring and avoiding conflicts of interest, a list (the "Restricted List") of companies with which Blackstone or one of its investment vehicles is doing business, either as an advisor or an investor or with respect to which Blackstone is in possession of material, nonpublic information or has entered into a confidentiality agreement.

5.  Blackstone's Compliance Department has compared the list of parties-in-interest against the Restricted List and determined there are no possible conflicts in the potential Bahamas Transaction.

6.  Additional parties-in-interest may be identified during the course of the Bahamas Transaction.  Blackstone's Compliance Department will compare any such parties to the Restricted List and, to the extent there is a potential conflict, Blackstone will file an additional declaration to disclose any such conflict.

7.  I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge, information and belief.

Executed at New York, New York on March 30, 2006.

_____
Paul P. Huffard
Senior Managing Director

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING SUPPLEMENT TO DEBTORS' RETENTION OF
THE BLACKSTONE GROUP, L.P. AS FINANCIAL ADVISORS**

These cases came before the Court for hearing on April 20, 2006, upon the application of

Winn-Dixie Stores, Inc. and its twenty-three subsidiaries and affiliates in the above-captioned

jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for

entry of an order supplementing the terms of the Debtors' previously approved retention under

11 U.S.C. §§ 327(a) and 328 of The Blackstone Group, L.P. ("Blackstone") to include the

provision by Blackstone of financial advisory services to the Debtors in connection with the

disposition of their interests in supermarket operations in the Bahamas (the "Bahamas

Operations") (the "Supplemental Application").[1]  The Court has reviewed the Supplemental

Application, the amended letter agreement between the Debtors and Blackstone dated March 16,

2006 and attached as Exhibit A to the Supplemental Application (the "Amended Engagement

Letter"), the supporting supplemental declaration of Paul P. Huffard dated March 30, 2006 and

attached as Exhibit B to the Supplemental Application, and the Court's Final Order Authorizing

Debtors to Employ The Blackstone Group, L.P. as Financial Advisors dated June 3, 2005 and

filed at Docket No. 1560 (the "Final Blackstone Order").  The Court has also considered the

representations of counsel.  Based upon the representations of counsel, after due deliberation and

---

[1]     All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them
in the Supplemental Application.

finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Supplemental Application and that granting such relief is in the best interest of these estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Supplemental Application is granted.

2.      The terms of the Debtors' previously approved retention of Blackstone are supplemented to include the provision by Blackstone of financial advisory services to the Debtors in connection with the disposition of their interests in the Bahamas Operations on the terms set forth in the Amended Engagement Letter.

3.      Except as supplemented by this Order, the terms of the Debtors' retention of Blackstone shall remain unchanged and shall be governed by the Final Blackstone Order.

4.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order and the Final Blackstone Order.

Dated _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

2