**Hearing Date: April 20, 2006, 1:00 p.m.**
**Objection Deadline: April 13, 2006, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |

## DEBTORS' MOTION FOR ORDER AUTHORIZING REJECTION
## OF LEASE TERMINATION AGREEMENTS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as

debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order

under 11 U.S.C. § 365(a) authorizing the Debtors to reject, effective as of the Petition

Date, several lease termination agreements identified on the attached Exhibit A (the

"Motion").  In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code,

11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are

being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases:
Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie
Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc.,
Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt
Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD
Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie
Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie
Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

### Relief Requested

6.      By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection, effective as of the Petition Date, of several lease termination agreements identified on Exhibit A (collectively, the "Termination Agreements")[2].  Each of the Termination Agreements provides for, among other things, (a) the termination of the underlying lease of non-

---

[2]      The Debtors reserve the right to challenge the executory or unexpired nature of any of the Termination Agreements.

2

residential real property (collectively, the "Leases"), and (b) the Debtors' payment to the landlord under each such Lease of a specific amount in monthly installments over periods ranging from 6 months to 84 months.  The payments remaining under the Lease Termination Agreements as of the Petition Date exceeded $5 million in the aggregate.

7.    Although the Debtors recognize that the Termination Agreements may not be executory (and although the Debtors have stopped making payments under such agreements as of the Petition Date), the Debtors have determined that it is in their best interests, as well as in the best interests of their estates and creditors, to reject the Termination Agreements out of an abundance of caution.  By rejecting the Termination Agreements, the Debtors will ensure that any continuing obligations arising under the Termination Agreements -- agreements that have provided no tangible benefit to the Debtors' estates or creditors since the Petition Date -- will be cut off and treated as prepetition obligations.  Accordingly, the Debtors are seeking to reject the Termination Agreements effective as of the Petition Date.

## Basis for Relief

8.    Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

3

9.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp., 147 B.R. 72 (E.D.N.Y. 1992).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See Sharon Steel Corp., 872 F.2d at 39-40; In re Surfside Resort and Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245.  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287; see also BP Energy Co. v. Bethlehem Steel Corp.  (In re Bethlehem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code).

10.    The Debtors have satisfied the "business judgment" standard for rejecting the Termination Agreements in the present case.  Any continuing obligations under the Termination Agreements pose continuing monetary obligations to the Debtors' estates.  Moreover, the Termination Agreements are unnecessary to the Debtors' ongoing operations, are not a source of potential value for the Debtors' estates and creditors, and

constitute an unnecessary drain on the Debtors' resources.  Accordingly, the Debtors'

determination that the Termination Agreements should be rejected reflects their exercise

of sound business judgment.

### Rejection Damages Deadline

11.　　To the extent that any party to a Termination Agreement has not already

filed a proof of claim for amounts arising under such Termination Agreement, the Debtors

request that the Court order that the deadline for filing a proof of claim for rejection

damages as a result of the rejection proposed by this Motion, is 10 days after the date of

entry of the order entered pursuant to this Motion.

### Notice

12.　　Notice of the Motion has been provided to (a) counsel to the Office of the

United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c)

counsel for the Creditors' Committee, (d) the other parties in interest named on the Master

Service List maintained in these cases, and (e) the counter parties to each of the

Termination Agreements.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the rejection of the Termination Agreements effective as of the Petition Date and (ii) grant such other and further relief as the Court deems just and proper.

Dated: March 31, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By      s/ D. J. Baker
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        Adam S. Ravin
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By      s/ Cynthia C. Jackson
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
        Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

## EXHIBIT A

## TERMINATION AGREEMENTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Termination Agreements.  The rejections sought pursuant to this Motion apply only to the Termination Agreements identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Store No. | Non-Debtor Party | Debtor Party | Lease Termination Agreements |
|---|---|---|---|
| 264 | E&A Acquisition II LP | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 11/30/2004 |
| 714 | Bay Landing I, Inc. | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 12/28/2004 |
| 376 | Lantana Square Shopping Center, LTD | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 12/1/2004 |
| 1270 | Invesco, LP | Winn-Dixie Raleigh, Inc. | Lease Termination Agreement effective as of 12/15/2004 |
| 1341 | 1997 Properties, LLC | Winn-Dixie Louisiana, Inc. | Lease Termination Agreement effective as of 11/30/2004 |
| 2462 | 440 Group, LTD | Winn-Dixie Montgomery, Inc. | Lease Termination Agreement effective as of 1/24/2005 |
| 2491 | Vineyard Marketplace LP | Winn-Dixie Louisiana, Inc. | Lease Termination Agreement effective as of 8/31/2004 |

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING REJECTION OF LEASE
## TERMINATION AGREEMENTS

These cases came before the Court for hearing on April 20, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection, effective as of the Petition Date, of the lease termination agreements listed on Exhibit A (collectively, the "Termination Agreements") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Termination Agreements pursuant to 11 U.S.C. § 365(a), and the Termination Agreements are deemed rejected effective as of the Petition Date.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Termination Agreements, whether or not related to the Termination Agreements.

4.      For any non-Debtor party to a Termination Agreement who has not already filed a proof of claim for amounts owed under such Termination Agreements, claims for any rejection damages resulting from the rejection of such Termination Agreement must be filed within 10 days after the date of entry of this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____, day of April, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

## EXHIBIT A

## TERMINATION AGREEMENTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Termination Agreements.  The rejections pursuant to this Order apply only to the Termination Agreements identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Store No. | Non-Debtor Party | Debtor Party | Lease Termination Agreements |
|---|---|---|---|
| 264 | E&A Acquisition II LP | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 11/30/2004 |
| 714 | Bay Landing I, Inc. | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 12/28/2004 |
| 376 | Lantana Square Shopping Center, LTD | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 12/1/2004 |
| 1270 | Invesco, LP | Winn-Dixie Raleigh, Inc. | Lease Termination Agreement effective as of 12/15/2004 |
| 1341 | 1997 Properties, LLC | Winn-Dixie Louisiana, Inc. | Lease Termination Agreement effective as of 11/30/2004 |
| 2462 | 440 Group, LTD | Winn-Dixie Montgomery, Inc. | Lease Termination Agreement effective as of 1/24/2005 |
| 2491 | Vineyard Marketplace LP | Winn-Dixie Louisiana, Inc. | Lease Termination Agreement effective as of 8/31/2004 |