Hearing Date: April 6, 2006, 1:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

### DEBTORS' MOTION FOR BRIDGE ORDER EXTENDING
### EXCLUSIVE PLAN PROPOSAL PERIOD PENDING RULING
### ON MOTION FOR FURTHER EXTENSION

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 1121(d) granting a one-day bridge extension of their exclusive period for proposing a plan of reorganization pending further order of the Court (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested in the Motion are sections 105(a) and 1121(d) of the Bankruptcy Code.

**Request for Relief**

6. The Debtors have contemporaneously filed their Motion for Order Granting Fifth Extension of Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans (the "Extension Motion").

7. Under the Extension Motion, the Debtors are seeking a 70 day extension of their exclusive plan proposal and solicitation periods. The current exclusive plan proposal period terminates on April 19, 2006 and the current exclusive plan solicitation period terminates on June 21, 2006.

8.      The next omnibus hearing that is closest to April 19, 2006 (the current date on which the exclusive proposal period terminates) is the omnibus hearing scheduled for April 20, 2006.  Thus, by this Motion, the Debtors are seeking a one-day extension that will preserve the exclusive proposal period until the Extension Motion can be heard and determined at the April 20, 2006 omnibus hearing.

9.      In the absence of a bridge order that extends the exclusive proposal period to the date on which the Extension Motion is ruled on, the Debtors will be forced to (a) preserve their exclusive rights by filing a plan of reorganization on April 19, 2006, (b) surrender their exclusive rights by taking no action prior to April 19, 2006, or (c) file an emergency motion seeking to have the Extension Motion heard prior to April 19, 2006.

10.     Exclusive rights provide valuable protections to the entire chapter 11 estate, not simply to the debtor, by insuring (a) that no creditor group obtains unfair leverage over other creditor groups by prematurely commencing the plan process and (b) that the resources of the estate are not wasted in the pursuit of plan strategies that are not ultimately confirmable.

11.     Exclusive rights should not be won or lost by timing issues that operate to deprive a debtor of the benefit of a full and fair hearing on the issues.  Thus, the Debtors request that the Court enter a bridge order that extends their exclusive proposal period until the later of April 20, 2006 or the date upon which a final ruling is entered with respect to the Extension Motion.

12.     The interim relief requested will not prejudice the rights of any parties in interest.

### Notice

13.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the

Creditors' Committee, and (d) the other parties in interest named on the Master Service List maintained in these cases. No other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter a bridge order substantially in the form attached as Exhibit A, extending their exclusive proposal period until the later of April 20, 2006 or the date upon which a final ruling is entered with respect to the Extension Motion, and (ii) grant the Debtors such other and further relief as is just and proper.

Dated: March 31, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  *s/ D. J. Baker* | By  *s/ Cynthia C. Jackson* |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson, |
| Adam S. Ravin | Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

4

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## BRIDGE ORDER EXTENDING EXCLUSIVE PLAN PROPOSAL PERIOD PENDING RULING ON MOTION FOR FURTHER EXTENSION

These cases came before the Court for hearing on April 6, 2006, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned cases, as debtors and debtors-in-possession (the "Debtors")[1], for entry of an order under 11 U.S.C. § 1121(d) extending their Exclusive Proposal Period for one day (the "Motion") so that a hearing can be held and a ruling made on their contemporaneously filed Motion for Order Granting Fifth Extension of Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans (the "Extension Motion"), which Extension Motion has already been noticed for a hearing to be held before this Court at 1:00 p.m. Eastern Time, on April 20, 2006. The Court has reviewed the Motion, considered the evidence, and heard argument of counsel. After due deliberation and good and sufficient cause existing, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

2

        2.       The Debtors' exclusive plan proposal period is extended to and including the later of April 20, 2006 or the date upon which a final ruling is entered with respect to the Extension Motion, without prejudice to a further extension of such proposal period by subsequent order of this Court.

        3.       The Debtors' exclusive plan solicitation period continues to and including June 21, 2006, without prejudice to a further extension of such solicitation period by subsequent order of this Court.

Dated April ___, 2006 in Jacksonville, Florida.

                                                               Jerry A. Funk
                                                               United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2