UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION

*Filed*
RECEIVED
CLERK, U.S. BANKRUPTCY COURT
APR - 4 2006
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

    WINN-DIXIE STORES, INC., et al.,

        Debtors.

                                   /

CASE NO. 05-3817-3F1


TRANSCRIPT OF PROCEEDINGS


    Various Motions before the Honorable Jerry A. Funk, United States Bankruptcy Judge, Courtroom 4D, 300 North Hogan Street, Jacksonville, Florida, Friday, November 4, 2005, to commence at 1:00 p.m., as reported by Loretta D. McDonald, a Notary Public in and for the State of Florida at Large.


- - -


**STATEWIDE REPORTING SERVICE**
606 BLACKSTONE BUILDING
JACKSONVILLE, FLORIDA 32202
(904) 353-7706      249-9952
EXPERTS IN MEDICAL, TECHNICAL & EXPEDITED TRANSCRIPTS

ORIGINAL

1                    A P P E A R A N C E S

2

3

4

5         CYNTHIA JACKSON, Attorney at Law,
          JAMES POST, Esquire,
6
                  Jacksonville, Florida  32202
7
                  Attorney for the Debtors.
8

9         JOHN B. MACDONALD, Esquire

10                 Jacksonville, Florida  32202

11                 Attorney for Unsecured
                   Creditors.
12

13        KAROL K. DENNISTON, Attorney at Law

14                 Attorney for Equity Committee.

15

          EDDIE HELD, Esquire
16
                  Attorney for Landlords.
17

18        BRIAN FITZGERALD, Esquire

19                 Attorney for Florida
                   Tax Collectors.
20

21
                          -  -  -
22

23

24

25

1              P R O C E E D I N G S

2    November 4, 2005                        1:00 p.m.

3                      - - -

4         THE COURT:  We're here on the case of Winn-Dixie

5    Stores.

6         The Court has several matters.  We'll follow the

7    order in the final agenda that's been filed with the

8    Court.

9         The first matter is the Motion of Order Authorizing

10   Retroactive Rejection of the Jacksonville Warehouse

11   Lease.

12        MS. JACKSON:  Good afternoon, Your Honor.  This is

13   the debtor's motion to reject a warehouse lease.

14   There's actually two warehouse leases in Jacksonville.

15   The one that most people think about is the one out on

16   I-10, Baldwin.  That's not the lease we're trying to

17   reject here.  This is one that's located on Commonwealth

18   Avenue.  The debtors haven't been using it for a while.

19        And prepetition they were able to sublease it, some

20   portion of it.  But not for the length that they were

21   required to pay the landlord, which is over $1.4 million

22   a year.  So the debtors are asking the Court for

23   authority to reject both the lease and the sublease.

24        There were formal objections filed.  The landlord

25   did have some request to revise the order, which we're

1        working on, one of which is that it's not going to be

2        retroactive.  They'll be rejected effective as the date

3        of entry order, and we'd like to submit the order in due

4        course.

5             THE COURT:  So the motion is modified to reject it

6        as of the date of the order?

7             MS. JACKSON:  As of the -- correct, Your Honor.

8        And there are a couple of other provisions that we're

9        revising in the order, and it will be an agreed order

10       when submitted.

11            THE COURT:  Any other comments or objections?

12            (No response.)

13            THE COURT:  There being none the Court will grant

14       the motion and look to you for the consent order.

15            MS. JACKSON:  Thank you, Your Honor.

16            THE COURT:  The next item is a Motion for

17       Determination of Unresolved Reclamation Claim.

18            MS. JACKSON:  Your Honor, Mr. Post is going to

19       handle this matter.

20            THE COURT:  Yes.

21            MR. POST:  Sir, by this motion the debtors are

22       seeking to omit the next stage and a process established

23       by the final order establishing procedures for the

24       treatment of reclamation claims entered by the New York

25       Bankruptcy Court April 4th, 2005, which I will refer to

1        as the final reclamation order.

2              As set forth in the motion, the New York Court's

3        final reclamation order established procedures and

4        deadlines intended expeditiously and cost effectively

5        reconciled 480 reclamation claims that were asserted in

6        the beginning of this case.  This procedure is proceeded

7        to the point where the debtor has been able to fully

8        resolve and settle approximately 240 of these vendors'

9        claims, the majority of which have opted into the

10       reclamation and trade lien stipulation, which was

11       approved by this Court by an order, dated August 5th,

12       2005.

13             The remaining reclamation claims were divided into

14       three groups, Group 1, 128 vendors, as listed in

15       Exhibit 1 to the proposed order.  With the Court's

16       permission, I'd like to hand up the proposed order so

17       you could see what I'm talking about.

18             THE COURT:  Very well.

19             MR. POST:  This is the same Exhibit 1 that was

20       attached to the motion, Your Honor.  The 128 vendors,

21       as listed on Exhibit 1 of the proposed order, have

22       agreed to the gross reclamation and deductible amounts

23       set forth in that exhibit.  And pursuant to the proposed

24       order, those amounts will be deemed to be established

25       as law of the case in these proceedings.

1    And the debtors will make further attempts to

2    settle the remaining reclamation issues.  And if

3    unsuccessful, those issues will be subject to future

4    evidentiary hearings.

5    Group 2 are the 55 vendors listed on Exhibit 2 of

6    the proposed order who will have, by operation of the

7    final reclamation order, the gross reclamation and

8    deductible amounts deemed to be established as law of

9    the case.  These amounts set forth in Exhibit 2 are the

10   gross reclamation amounts, the amounts deductible for

11   prepetition account payable credits and the deductible

12   amount for prepetition account receivable, promotional

13   allowances.

14   The debtors will make further attempts to settle

15   the remaining reclamation issues relating to these

16   claims as well.  And if unsuccessful, those remaining

17   issues will be the subject to future evidentiary

18   hearings.

19   Of those vendors originally listed in Exhibit 2

20   which disagreed with the amounts in Exhibit 2 were moved

21   by the debtors to Exhibit 3 in the proposed order.

22   Group 3 are the 57 vendors who disagreed with our

23   statements of reclamation; and, therefore, there is no

24   resolution of those issues either by agreement or

25   pursuant to the final reclamation order.  Again, the

1    debtors will make further attempts to resolve these

2    claims.  And if unsuccessful, these claims also will be

3    the subject of future evidentiary hearings.

4         Only one written objection was filed in response of

5    this motion by Doane Pet Care Company.  That was

6    resolved by transferring that reclamation creditor's

7    claim from Exhibit 2 to Exhibit 3.  Again, that's the

8    group of reclamation creditors whose issues -- all

9    issues will be subject to future litigation if

10   necessary.

11        No other objections were received to this motion,

12   and we therefore request that the proposed order be

13   entered at this time.

14        THE COURT:  Any other objections or comments?

15        (No response.)

16        THE COURT:  Order is signed.  This hearing is

17   concluded.

18        MR. POST:  Thank you, sir.

19        THE COURT:  The next matter is an Amended Motion

20   for Order Authorizing Debtor to Sell Leasehold Interests

21   of Targeted Stores, et cetera.

22        Mr. Post.

23        MR. POST:  With the Court's permission, Ms. Jackson

24   will be handling this motion, Your Honor.

25        THE COURT:  Okay.  Ms. Jackson.

1    MS. JACKSON:  Thank you, Your Honor.  These are

2    both lease termination agreements.  The Store 716

3    Valrico, we've agreed with the landlord to continue that

4    hearing to November 17th.

5        THE COURT:  Okay.

6        MS. JACKSON:  The Store 803, which is located in

7    Cary, North Carolina, we're going to ask the Court to

8    approve that termination agreement today, although we

9    are still working on the form of the order.  We would

10   like to submit it next week.  It would be for a waiver

11   of we estimate over $180,000 on potential rejection

12   damage claims and the payment of a dollar for

13   termination of the lease.

14       THE COURT:  And, Mr. Held, do you represent one or

15   both of these people?

16       MR. HELD:  I represent both, Your Honor.  And the

17   statements on the record by Ms. Jackson are correct.

18       THE COURT:  Very well.  The Court will continue the

19   hearing on Store Number 716 until November 17th.  The

20   announcement is made in open court.  No further notice

21   need be given.

22       As to the Store 803, the Court will grant the

23   motion and be looking for a consent order to be coming

24   in or a consented-to order on this issue.

25       MS. JACKSON:  Yes, Your Honor.  Thank you.

1          MR. HELD:  Yes, Your Honor.

2          THE COURT:  Thank you very much.  Hearing is

3     concluded.

4          THE COURT:  The next item is a Motion for Order

5     Authorizing and Approving Rejection of Real Property

6     Leases and Subleases and Abandment of Related Personal

7     Property.

8          Ms. Jackson.

9          MS. JACKSON:  Your Honor, the counsel for Mr.

10    Lifter is located in Miami and having trouble getting

11    their offices back up.  And they've asked us to agree to

12    a continuance of this motion and their objection to

13    December 1st.  The agenda actually says November 17 and

14    it should be December 1st.

15         THE COURT:  Very well.  Anybody have any objection

16    or comment about that?

17         (No response.)

18         THE COURT:  There being none, this matter is

19    continued to December 1st, 2005.  Announcement made in

20    open court.  No further notice need be given.

21         MS. JACKSON:  Thank you, Your Honor.

22         THE COURT:  And the final matter, I believe, is

23    the Florida Tax Collectors Second Motion to Extend the

24    Claims Bar Date.

25         MR. FITZGERALD:  Good afternoon, Your Honor.  Brian

1    Fitzgerald, representing the Florida Tax Collectors.

2        This motion was necessitated by Hurricane Wilma.

3    We currently have a bar date with tax collectors this

4    coming Monday, November 7th because of the damage

5    and after effects of the hurricane.  Some of the largest

6    counties in South Florida are unable to get their

7    claims to us in time or their bills rather that we can

8    meet the claims bar date.  So we've requested a brief

9    extension until November 23rd so we can get them all in.

10       THE COURT:  Your office is affected or the tax

11   collectors --

12       MR. FITZGERALD:  The tax collectors' offices.  They

13   have to get the bills to us.  I represent all the tax

14   collectors in the state collectively that have

15   Winn-Dixie property in their counties.

16       THE COURT:  But not all of those tax collectors

17   were affected by Wilma.

18       MR. FITZGERALD:  Not all of them were, but the way

19   our office is set up, it's a lot easier if we can

20   do it all at once.  And so for that reason we've

21   requested the extension just to apply to all of them so

22   we can submit them at one time.  I spoke with counsel

23   for the debtors who have not objected to it as well as

24   counsel for the U.S. trustee and counsel for the

25   creditors committee.

1      THE COURT:  Mr. Post, did you agree to that?

2      MR. POST:  We have advised counsel we don't oppose

3  the relief requested by this motion.  We understand your

4  point that not all of the particular tax collectors

5  might have been affected by the hurricane, but we don't

6  see there's any prejudice to the debtors' estates to let

7  it all be done in one swoop for a short period of

8  time that he's requested.

9      THE COURT:  Mr. MacDonald, anything from the

10  committee?

11      MR. MACDONALD:  No, Your Honor.  We concur that a

12  short enlargement is in order.

13      THE COURT:  Motion is granted.  Do you have a

14  proposed order?

15      MR. FITZGERALD:  I have a proposed order.

16      THE COURT:  Order signed.  Hearing is concluded.

17  Thank you very much.

18      (Whereupon, at 1:12 p.m., on Friday, November 4,

19  2005, the hearing in the above-entitled matter was

20  concluded.)

21                          - - -

22

23

24

25

1                           C E R T I F I C A T E

2

3      STATE OF FLORIDA  )

4      COUNTY OF DUVAL   )

5          I, Loretta D. McDonald, Professional Court Reporter, do

6      hereby certify that the attached material represents the

7      original records of proceedings before the United States

8      Bankruptcy Court, Middle District of Florida, Jacksonville

9      Division, before the Honorable Jerry A. Funk, United States

10     Bankruptcy Judge, in the matter of WINN-DIXIE STORES, INC.;

11     such Record is an accurate and complete recordation of the

12     proceedings which took place.  A transcript of this Record

13     has been produced on March 27, 2006, the original of which

14     was delivered to the Transcript Copy Custodian, Jacksonville,

15     Florida.

16

17                            STATEWIDE REPORTING SERVICE

18

19                            *Loretta D. McDonald*

20                            LORETTA D. MCDONALD

21

22

23

24

25