**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No.: 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF ORDER,**
**UNDER 11 U.S.C. § 1121, GRANTING FURTHER EXTENSION**
**OF EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS**
**AND OBTAINING ACCEPTANCES OF SUCH PLANS**

The official committee of unsecured creditors (the "Committee") appointed in the above-captioned chapter 11 cases of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession (collectively, "Winn-Dixie" or the "Debtors") hereby files this statement (the "Statement"), in support of the Debtors' motion (the "Motion"), dated March 31, 2006, for the entry of an order, under 11 U.S.C. § 1121, granting a further extension of the exclusive periods for filing chapter 11 plan(s) and obtaining acceptances of such plan(s), and represents as follows:

**STATEMENT**

1.    Pursuant to the Motion, the Debtors seek a further extension of the period during which they have the exclusive right to file a chapter 11 plan of reorganization

{JA270545;1}

for approximately 70 days (i.e., from April 19, 2006 to June 29, 2006) and to extend their exclusive period to solicit acceptances of a plan for approximately 70 days (i.e., June 21, 2006 to August 29, 2006).

2.   The Committee supports the Debtors' requested extension in order to allow additional time to attempt to consensually resolve certain issues prior to formulating a consensual plan of reorganization.[1]  The most important item remaining in these cases is the prompt formulation of a consensual plan of reorganization.  However, one significant remaining issue that must be addressed prior to formulating a consensual plan is whether all or any of the Debtors' estates should be substantively consolidated.  The Committee is continuing its efforts to reach a consensual resolution that will be acceptable to all creditor constituents affected by the substantive consolidation issue.

## CONCLUSION

3.   For the foregoing reasons, the Committee requests that the Court enter an order pursuant to section

---

[1] The Committee also supports the Debtors' motion for a bridge order extending the exclusive period to file a plan of reorganization by one day, to April 20, 2006, to enable the Debtors to preserve their exclusive period to file a plan until the Motion can be heard.

{JA270545;1}2

1121(d) of the Bankruptcy Code approving the Motion, and granting such other relief as it deems just and proper.

Dated: April 5, 2006

        AKERMAN SENTERFITT

        By: /s/*John B. Macdonald*
        John B. Macdonald
        Florida Bar No. 230340
        E-mail:john.macdonald@akerman.com
        Patrick P. Patangan
        Florida Bar No. 348340
        E-mail: patrick.patangan@akerman.com
        50 North Laura Street, Suite 2500
        Jacksonville, Florida  32202
        Telephone: (904) 798-3700
        Facsimile: (904) 798-3730

        Co-counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

        and

        MILBANK, TWEED, HADLEY & M$^C$CLOY LLP
        Matthew S. Barr (MB 9170)
        Michael E. Comerford (MC 7049)
        1 Chase Manhattan Plaza
        New York, NY 10005
        (212) 530-5000

        Co-counsel for the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.