**Hearing Date:  April 20, 2006 at 1:00 p.m.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re   WINN-DIXIE STORES, INC., *et al.* | * | Case No. 05-03817-3F1 |
| | * | Chapter 11 |
| Debtor(s), | * | Jointly Administered |
| _____ | * * * | |

**MOTION FOR EXAMINATION OF DEBTOR UNDER BANKR. R. 2004**

Rita Ferguson and Lydia Greenall, general unsecured creditors in this case, respectfully move the Court for an order directing the Debtors to submit to examination pursuant to Bankr. R. 2004 for all purposes which are permitted by Rule 2004 relating to the property, liabilities and financial condition of the Debtors and the operation of their businesses, as more specifically described below, and to produce all documents relating to such matters for inspection and copying:

    1.    Rita Ferguson holds claim no. 5158, which the Debtors' claims administrator has designated as an allowed claim pursuant to the Court's September 1, 2005 order.

    2.    Ms. Ferguson expects that Winn-Dixie Stores, Inc. and its affiliates will eventually propose a plan of reorganization which seeks to pay unsecured claims such as hers at some fraction of their total amount.

    3.    Lydia Greenall holds claim no. 5157, which the Debtors' claims administrator has designated as an disputed or disallowed claim pursuant to the Court's September 1, 2005 order.

    4.    Ms. Greenall expects that Winn-Dixie Stores, Inc. and its affiliates will deny her claim entirely, or else eventually propose a plan of reorganization which seeks to pay unsecured claims such as hers at some fraction of their total amount.

5. Ms. Ferguson and Ms. Greenall request this examination on the following matters which are permitted by Rule 2004 relating to the property, liabilities and financial condition of the Debtors and the operation of the businesses:

*Self-insurance deductions and reserves*

a. The amount of self-insurance reserves accrued, accumulated, deducted and/or otherwise set aside by the Debtor in the 2-year period immediately prior to the filing of this case. (See excerpt from Winn Dixie balance sheets in SEC Form 10-Q dated April 6, 2005 as Exhibit A, showing approx. $212 million in such reserves).

b. The basis and methods by which the amount of such reserves was calculated, including but not limited to the basis and reasons for the decrease in such reserves between June 30, 2004 and April 6, 2005; and how such decrease in reserves was made, whether by cash transfers or otherwise.

c. Whether such reserves were taken in whole or in part as deductions for state or federal income tax purposes, and if so, whether applicable tax regulations required separate segregation of reserves deducted.

d. Whether any part of such reserves consisted of cash or other assets, and if so, whether such part was segregated, set aside, deposited, paid, transferred or otherwise placed in any separate account with any other entity, related to the Debtor or otherwise, and if so, the details of each such transaction.

e. Whether any part of such reserves consisted of payments or transfers of cash or other assets to any insurer.

f. The present amount and location of all such reserves, including where all such funds are deposited or held, and the name, address and capacity of all persons or entities holding same.

g. The number of liability claims made against the Debtor and all its subsidiaries in the two years immediately preceding the filing of this case (or such other similar period as reasonably available), the average amount of such claims, the average amount for which such claims were settled, and the number and amount of claims during the same period which i) exceeded $2 million at face value and ii) which were settled for more than $2 million.

*WIN General Insurance, Inc. (a wholly-owned subsidiary of the Debtor)*

h. The Debtor's grounds, if any, for failing to include Win General Insurance, Inc. (Hereafter "WIN General") in this case either as a debtor subsidiary or as an asset of the Debtor.

i. The formation and operation of WIN General, including but not limited to:

  i. the degree and manner of the Debtor's control over WIN General;

  ii. the terms of all agreements between WIN General and the Debtor or any other subsidiary of the Debtor (including but not limited to insuring agreements), and whether any of such agreements are primary insuring agreements or indemnity/reimbursement agreements;

  iii. whether any interest of any sort in WIN General has been pledged, promised, transferred or otherwise hypothecated to any pre-petition or post-petition lender to the Debtor or any subsidiary of the Debtor, and if so the details of each such transaction;

    iv.    the amount and nature of all payments or other transfers of cash or other assets of any kind to WIN General from the Debtor or any subsidiary of the Debtor at any time since the formation of WIN General, whether such payments or transfers were designated as premiums or not;

    v.    the actuarial basis, if any, and the methods by which all payments from the Debtor or any subsidiary of the Debtor to WIN General were calculated; and

    vi.    the right of the Debtor or any subsidiary of the Debtor to recover any money or other assets from WIN General, whether by causing WIN General to declare a dividend, collapsing WIN General into the Debtor or another entity, dissolving or liquidating WIN General, or otherwise; and

    vii.    whether the Debtor or any affiliate of the Debtor has any reversionary rights, directly or indirectly, to any assets, premiums and/or other payments to WIN General?

*Communications between Debtor or its counsel and other persons*

6. All notes, emails, correspondence, electronic recordings, notes of telephone calls and other communications and records of communications of any sort between a) any lawyer or other person acting for the Debtor, and b) any lawyer or other person acting on behalf of any other person or entity interested in this case (including any committee appointed by the Court herein), which communications concern, reflect or in any way relate to any of the topics listed above at any time since the commencement of this case.

*Related topics of inquiry*

7. Any other topic or issue reasonably included within, related to or arising from any of the foregoing matters.

*Document request*

8. The Court is also requested to direct the Debtor to produce at its examination all documents which in any way refer to, reflect, or relate to any fact within the scope of the above topics of inquiry.

Respectfully submitted,

**/s/ Jerrett M. McConnell**
_____
Jerrett M. McConnell
Friedline & McConnell, P.A.
1756 University Blvd South
Jacksonville, FL 32216
904-727-7850
bankruptcy@fandmlaw.com
Local Counsel for Rita Ferguson and
Lydia Greenall

OF COUNSEL:

George C. Douglas, Jr.
700 Century Park South, Suite 223
Birmingham, Alabama 35226
(205) 824-4620  phone
(866) 383-7009  fax
E-mail:  gcd@hiwaay.net

Robert L. Shields, III
Tucker & Shields
2025 Third Avenue N., Suite 301
Birmingham, Alabama 35203
(205) 323-0010  phone
(205) 322-8385  fax
E-mail: robertshields@mindspring.com

Attorneys for Rita Ferguson and Lydia Greenall

- 6 -

## **CERTIFICATE OF SERVICE**

      I Hereby certify that a true and correct copy of the foregoing has been furnished electronically or by U.S. mail to the individuals listed on the March 27, 2006, Master Service List this 5th day of April, 2006.

                                        **/s/ Jerrett M. McConnell**
                                        _____
                                        Jerrett M. McConnell
                                        Friedline & McConnell, P.A.
                                        1756 University Blvd South
                                        Jacksonville, FL 32216
                                        904-727-7850
                                        bankruptcy@fandmlaw.com
                                        Local Counsel for Rita Ferguson and Lydia Greenall