Hearing Date: April 20, 2006 at 1:00 p.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re   WINN-DIXIE STORES, INC., *et al.* | * | Case No. 05-03817-3F1 |
| | * | Chapter 11 |
| Debtor(s), | * | |
| | * | Jointly Administered |
| _____ | * | |
| | * | |

**MOTION FOR EXAMINATION OF DEBTOR UNDER BANKR. R. 2004**

Richard Ehster, Gary Osborne, Scott Hunt, Stan Timbrook, and John Gardner, who are former Winn-Dixie employees and retirees with claims in this case, respectfully move the Court for an order directing the Debtor to submit to examination pursuant to Bankr. R. 2004 for all purposes which are permitted by Rule 2004 relating to the property, liabilities and financial condition of the Debtors and the operation of their businesses, as more specifically described below, and to produce all documents relating to such matters for inspection and copying:

1.    Richard Ehster holds claim nos. 934, 4490, and 11919; Gary Osborne holds claim nos. 9309 and 12270; Scott Hunt holds claim nos. 5709 and 12041; Stan Timbrook holds claim no. 6842; and John Gardner holds claim nos. 9306, 9315, 11923 and 11924. All such claims are based on the Movants' interests in the Debtor's "MSP" retirement plan.

2.    Movants anticipate that Winn-Dixie may eventually propose a plan of reorganization which seeks to pay their claims, as well as those of all other former Winn-Dixie management retirees with MSP claims similar to theirs, at some fraction of their total amount, or not at all.

3.    Movants request this examination on the following matters which are permitted by Rule 2004 relating to the property, liabilities and financial condition of the Debtors and the operation of their businesses:

*Dividends paid and other transfers to shareholders of the Debtor*

a. The Debtor's annual reports for the years 2001 – 2005;

b. The identity of all persons or entities owning (directly or beneficially) more than 1% (one percent) of each class of stock in the Debtor or any parent of Debtor as of February 21, 2005; and the identity of all such persons or entities buying, selling or transferring (directly or beneficially) more than 1% (one percent) of each class of stock in the Debtor or any parent of Debtor between January 1, 2001 and the date of this examination.

c. The total amount of dividends (cash, property or otherwise) declared and paid by the Debtor between January 1, 2001 and February 21, 2005, by calendar or other fiscal accounting period.

d. The basis and methods by which the amount of all such dividends was determined.

e. The sources of funds for all such dividend payments.

f. The identity of all persons, firms or other entities who received more than $100,000.00 (One Hundred Thousand Dollars) in dividends from the Debtor between January 1, 2001 and February 21, 2005, and the amount of all such dividends.

g. The total dividends paid to each member of the Debtor's Board of Directors between January 1, 2001 and February 21, 2005.

h. The meeting agendas, pre-meeting mail-outs or information packages (if any), and minutes of all meetings of the Debtor's Board of Directors between January 1, 2001 and February 21, 2005 during which any discussion of dividend payments (proposed or actual) was discussed or considered.

i. All studies, memos, analyses, projections, pro formas, and other documents and communications whatsoever which concern, reflect or relate to the effect of any

dividends proposed or paid by the Debtor between January 1, 2001 and February 21, 2005, on the continued ability of the Debtor to continue its daily, ongoing business operations.

j.  All records of communications (verbal, written, or electronic, and including those electronically stored) between any person on behalf of the Debtor and any accountant, lawyer, investment adviser or other professional who was paid any fee by the Debtor for or concerning any advice and/or communications concerning any dividends proposed or paid by the Debtor between January 1, 2001 and February 21, 2005.

k.  All correspondence, memoranda, billing records, studies, analyses and other records of communications and advice from or between any employee of the Debtor or any affiliate of the Debtor, <u>or</u> from or between any accountant, lawyer, investment adviser or other legal or financial professional who was paid any fee by the Debtor, for or concerning any advice and/or communications concerning any impact on the Debtor's business operations as a result of any dividends proposed or paid by the Debtor between January 1, 2001 and February 21, 2005.  This includes but is not limited to

    i.  any potential need for increased debt as a result of any such dividends;

    ii.  any potential effect on the Debtor's capital strength and/or structure;

    iii.  any potential effect on the ability of the Debtor to meet its existing financial commitments, including but not limited to MSP plan funding and/or continuity;

    iv.  any potential effect on the ability of the Debtor to withstand ordinary and/or extraordinary fluctuations in market or economic conditions affecting the Debtor's business;

    v.  any potential need by the Debtor to discontinue or curtail the MSP retirement plan, or any other potential effect on the MSP plan,

resulting from any change in the Debtor's financial strength attributable to any such dividends proposed or paid.

l.  The identity of all persons, firms or other entities who received more than $100,000.00 (One Hundred Thousand Dollars) in loans from the Debtor between January 1, 2001 and February 21, 2005, and for each such person, firm or entity, the amount of such loans, whether such loans were secured or unsecured and the nature of collateral pledged, if any, and whether such loan(s) have been repaid and if so, the date full repayment was made.

### Debtor's "MSP" retirement plan

With respect to the Debtor's "MSP" retirement plan, the following information:

m.  Whether the terms of the MSP plan were ever communicated to the Movants as participants in such plan, and if so, the form and date of all such communications, and a copy of all written materials allegedly given to Movants as participants in the MSP retirement plan;

n.  Whether individual account statements were provided to the Movants as participants in such plan, and if so, the form and date of all such statements, and a copy of all accompanying written materials allegedly given to Movants as participants in the MSP retirement plan; and

o.  all agreements and communications concerning the terms of the MSP plan between the Debtor and any trustee, administrator, insurer, or other entity providing any benefit or administration of the MSP plan to Debtor or MSP participants.

### Surrenders of life insurance policies owned by Debtor

p.  With respect to any life insurance owned by the Debtor or the MSP plan or any trustee or administrator of the MSP plan on the lives of its participants at any time

between January 1, 2001 and the date of this examination, the following information:

      i.      The total face amount of all such life insurance;

      ii.     the insurer(s) which issued all such life insurance;

      iii.    the total of all premiums paid by the Debtor and any other entities for all such insurance as of February 21, 2005;

      iv.    the average age of MSP plan participants as of February 21, 2005; and

      v.     the amount of such life insurance surrendered by the Debtor at any time after January 1, 2001 to each insurer; the dates of all such surrenders; and the amounts paid to the Debtor by each insurer for each such surrender.

      q.     All studies, memos, analyses, projections, pro formas, and other documents and communications whatsoever which concern, reflect or relate to the potential liability of the insurer which was avoided by any surrender referred to above;

      r.     All correspondence, memoranda, billing records, and other records of communications and advice from any accountant, lawyer, investment adviser or other professional who was paid any fee by the Debtor for or concerning any of the advice and communications referred to in the preceding topic.

*Communications between Debtor or its counsel and other persons*

      s.     All notes, emails, correspondence, electronic recordings, notes of telephone calls and other communications and records of communications of any sort between a) any lawyer or other person acting for the Debtor, and b) any lawyer or other person acting on behalf of any other person or entity interested in this case (including any committee appointed by the Court herein), which communications concern, reflect or in any way relate to any of the topics listed above at any time since the commencement of this case.

- 6 -

*Related topics of inquiry*

t. Any other topic or issue reasonably included within, related to or arising from any of the foregoing matters.

*Document request*

u. The Court is also requested to direct the Debtor to produce at its examination all documents which in any way refer to, reflect, or relate to any fact within the scope of the above topics of inquiry.

        Respectfully submitted,

        **/s/ Jerrett M. McConnell**
        _____
        Jerrett M. McConnell
        Friedline & McConnell, P.A.
        1756 University Blvd South
        Jacksonville, FL 32216
        904-727-7850
        bankruptcy@fandmlaw.com
        Attorney for Movants

OF COUNSEL:

George C. Douglas, Jr.
700 Century Park South, Suite 223
Birmingham, Alabama 35226
(205) 824-4620  phone
(866) 383-7009  fax
E-mail:  gcd@hiwaay.net

Robert L. Shields, III
Tucker & Shields
2025 Third Avenue N., Suite 301
Birmingham, Alabama 35203
(205) 323-0010  phone
(205) 322-8385  fax
E-mail: robertshields@mindspring.com

Attorneys for Movants

- 7 -

## **CERTIFICATE OF SERVICE**

    I Hereby certify that a true and correct copy of the foregoing has been furnished electronically or by U.S. mail to the individuals listed on the March 27, 2006, Master Service List this 5th day of April, 2006.

                        **/s/ Jerrett M. McConnell**
                        _____
                        Jerrett M. McConnell
                        Friedline & McConnell, P.A.
                        1756 University Blvd South
                        Jacksonville, FL 32216
                        904-727-7850
                        bankruptcy@fandmlaw.com
                        Attorney for Movants