UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, DIVISION


In re:

   WINN-DIXIE STORES, INC., et al.,

       Debtors.                         CASE NO. 05-3817-3F1
   _____/


TRANSCRIPT OF PROCEEDINGS


   Various Motions before the Honorable Jerry A. Funk,

United States Bankruptcy Judge, Courtroom 4D, 300 North

Hogan Street, Jacksonville, Florida, Friday, November 4,

2005, to commence at 10:00 a.m., as reported by Loretta D.

McDonald, a Notary Public in and for the State of Florida

at Large.



- - -

**STATEWIDE REPORTING SERVICE**
606 BLACKSTONE BUILDING
JACKSONVILLE, FLORIDA 32202
(904) 353-7706                     249-9952
EXPERTS IN MEDICAL, TECHNICAL & EXPEDITED TRANSCRIPTS

ORIGINAL

2

1                  A P P E A R A N C E S

2

3

4

5       JAMES POST, Esquire,

6           Attorney for the Debtors.

7

8       JOHN B. MACDONALD, Esquire

9           Attorney for Unsecured
          Creditors.
10

11

      KAROL K. DENNISTON, Attorney at Law
12

          Attorney for Equity Committee.
13

14

      STEVE WIRTH, Esquire
15

          Attorney for DDI.
16

17

18

19                  - - -

20

21

22

23

24

25

1                          P R O C E E D I N G S

2    November 4, 2006                                    10:30 a.m.

3                                  - - -

4            THE COURT:  Good morning.  We're here on the case

5    of Winn-Dixie Stores.

6            The Court has several matters before it, one being

7    an official creditors committee of unsecured creditors

8    motion to abate the proceedings on disbandment.  I think

9    we should take that first.

10           MR. MACDONALD:  Thank you, Your Honor.

11           Thank you, Your Honor.  We appreciate the Court

12   accommodating us on such short notice.

13           Your Honor, this Court has already considered

14   numerous matters involving a disbandment motion and we

15   also have other discovery motions already pending.  And

16   so in the context of those already substantial

17   proceedings, the United States trustee has requested the

18   committee -- excuse me -- the creditors committee to

19   abate all proceedings on the existing disbandment motion

20   upon which the U.S. trustee, it plans to conduct a

21   review of whether the equity committee should be

22   disbanded at this time.

23           So in deference to that request and mindful of the

24   continuing drain upon estate resources, we are asking

25   that all proceedings on the motion to disband the equity

1                              P R O C E E D I N G S

2    November 4, 2005                                    10:30 a.m.

3                                    - - -

4              THE COURT:  Good morning.  We're here on the case

5    of Winn-Dixie Stores.

6              The Court has several matters before it, one being

7    an official creditors committee of unsecured creditors

8    motion to abate the proceedings on disbandment.  I think

9    we should take that first.

10             MR. MACDONALD:  Thank you, Your Honor.

11             Thank you, Your Honor.  We appreciate the Court

12   accommodating us on such short notice.

13             Your Honor, this Court has already considered

14   numerous matters involving a disbandment motion and we

15   also have other discovery motions already pending.  And

16   so in the context of those already substantial

17   proceedings, the United States trustee has requested the

18   committee -- excuse me -- the creditors committee to

19   abate all proceedings on the existing disbandment motion

20   upon which the U.S. trustee, it plans to conduct a

21   review of whether the equity committee should be

22   disbanded at this time.

23             So in deference to that request and mindful of the

24   continuing drain upon estate resources, we are asking

25   that all proceedings on the motion to disband the equity

4

1    committee be abated at this time, in essence, freezing

2    everyone where they are with no prejudice to anyone's

3    procedural or substantive rights and that should the

4    disbandment motion appear -- that if it needs to go

5    forward, that it be done -- replaced back on the

6    calendar upon appropriate motion and order by the Court.

7         We have circulated a proposed order that if the

8    Court is mind -- is of the mind to grant the abatement,

9    would provide for the mechanism to place it back on the

10   calendar and to reestablish a discovery schedule by

11   agreement of the limited recipients were in the absence

12   of which by order of the Court.

13        I think everyone has pretty much represented -- I'm

14   not sure that the SEC is represented in person or by

15   telephone today, but we understand that there's no

16   objection to the request for abatement.  And I do have a

17   confirmation from the SEC counsel that they have no

18   objection to the form of order that has been circulated.

19        THE COURT:  Mr. Post.

20        MR. POST:  May it please the Court, Jim Post, law

21   firm of Smith Hulsey & Busey and on behalf the debtors.

22   Your Honor, the debtors have no objection to the entry

23   of the proposed order.

24        THE COURT:  Thank you.

25        Mr. Wirth, are you out there?

1    MR. WIRTH:  Good morning, Your Honor.  Steve Wirth,

2    from Kaye Scholer on behalf of DDI.  I we have no

3    objection, and we deem that the abatement motion applies

4    as well with DDI.  And that will take our Motion to

5    Quash off the calendar.

6    THE COURT:  Creditors committee, that's the

7    secured -- I'm sorry -- I mean the equity committee.

8    Sorry about that.

9    MS. DENNISTON:  That's all right, Your Honor.  Good

10   morning, Carol Denniston and Paul Hastings of Janofsky

11   & Walker, on behalf the equity committee.  We have no

12   opposition to the abatement, but I wanted to make clear

13   on the record before the Court this morning that as the

14   equity committee is fully constituted, it will be taking

15   an active role until the U.S trustees take such other

16   steps.  So we don't view that the agreement to abate or

17   the order being entered in this case any way hampers the

18   equity committee that is duly constituted at the present

19   time from taking whatever steps it believes are

20   appropriate or necessary in the context of this debtor's

21   Chapter 11 cases.

22   THE COURT:  I would expect no less.

23   MS. DENNISTON:  Thank you, Your Honor.

24   THE COURT:  Anyone else need to be heard?

25   (No response.)

6

1            THE COURT:  Very well.  The Court will grant the

2     motion to abate.  The Court will be looking for one

3     order and only one order on this.  If there's any

4     dispute in the form of the order, y'all resolve that

5     before you send me any order so we don't have any

6     clarification problems or communication problems.  Can

7     we do that?

8            MR. MACDONALD:  Yes, Your Honor, we can.  And --

9            THE COURT:  You already have it here.

10           MR. MACDONALD:  We have circulated a proposed

11    order, and it has been approved by all the limited

12    recipients.  I apologize Mr. Wirth was not included,

13    because he was outside of the scope of the limited

14    recipients.  But it will provide that his procedural and

15    substantive rights are preserved.

16           THE COURT:  Anybody object to the Court signing the

17    order?

18           (No response.)

19           THE COURT:  Very well.  Pass up the order.

20    (Reviews order.)

21           Order is signed, and this matter is concluded.

22    Thank you very much.

23           MR. MACDONALD:  Thank you, Your Honor.

24           MR. POST:  Thank you, Your Honor.

25           (Whereupon, at 10:35 p.m., on Friday, November 1,

7

1       2005, the hearing in the above-entitled matter was

2       concluded.)

3                                  - - -

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

8

1                     C E R T I F I C A T E

2

3     STATE OF FLORIDA )

4     COUNTY OF DUVAL  )

5          I, Loretta D. McDonald, Professional Court Reporter, do

6     hereby certify that the attached material represents the

7     original records of proceedings before the United States

8     Bankruptcy Court, Middle District of Florida, Jacksonville

9     Division, before the Honorable Jerry A. Funk, United States

10    Bankruptcy Judge, in the matter of WINN-DIXIE STORES, INC.;

11    such Record is an accurate and complete recordation of the

12    proceedings which took place.  A transcript of this Record

13    has been produced on March 27, 2006, the original of which

14    was delivered to the Transcript Copy Custodian, Jacksonville,

15    Florida.

16

17                              STATEWIDE REPORTING SERVICE

18

19                              _____
                                     LORETTA  D.  MCDONALD
20

21

22

23

24

25