UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

ORDER APPROVING
ASSUMPTION OF MODIFIED AGREEMENTS WITH AT&T CORP.

These cases came before the Court for hearing on April 6, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 approving the assumption of modified agreements with AT&T Corp. ("AT&T") and granting related relief (the "Motion").[1] The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Prepetition Agreements as modified by the Postpetition Amendments substantially in the form attached to the Motion (the "Modified Agreements") are assumed under 11 U.S.C. § 365(a).

3. By agreement with AT&T, all applicable requirements of 11 U.S.C. § 365(b) are waived.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

4. AT&T's prepetition claim in the amount of $1,129,757.90, evidenced by proof of claim no. 833, is allowed in full as a prepetition unsecured non-priority claim (the "Prepetition Claim").

5. By agreement with AT&T, the Debtors shall not be required to pay the Prepetition Claim as cure under 11 U.S.C. § 365(b). Notwithstanding the assumption of the Modified Agreements, the Prepetition Claim shall retain the status of a prepetition unsecured non-priority claim and shall be treated as such under the Debtors' plan of reorganization.

6. Notwithstanding any provisions to the contrary in Fed. R. Bankr. P. 6006, this Order shall take effect immediately upon entry.

Dated ___6___, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

1097237.01-New York Server 7A - MSW