**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER GRANTING EXTENSION OF TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY OF WESTFORK TOWER, LLC, T/A WESTERN LLC, CONCORD-FUND IV RETAIL, LP, TA CRESTHAVEN, LLC, FLAGLER RETAIL ASSOCIATES, LTD., AND ELSTON/LEETSDALE, LLC, AND COMMODORE REALTY, INC. AND ISRAM REALTY & MANAGEMENT, INC.**

By motion dated February 17, 2006, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1] sought entry of an order under 11 U.S.C. § 365(d)(4) granting the Debtors an extension of time to assume or reject unexpired nonresidential real property leases (the "Unexpired Leases") through the effective date of the Debtors' plan of reorganization (the "Plan") (the "Motion"). A hearing on the Motion was held on March 9, 2006. At the time of such hearing several objections remained unresolved including: (i) the objection filed by Commodore Realty, Inc. and Isram Realty & Management, Inc. (Docket No. 6237) (the "Commodore/Isram Objection"), and (ii) the objection filed by Westfork Tower, LLC, T/A Western LLC, Concord-Fund IV Retail, LP, TA Cresthaven, LLC, Flagler Retail Associates, Ltd., and Elston/Leetsdale, LLC, by and through their property manager Terranova Corporation

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

(Docket No. 6243) (the "Terranova Objection", and together with the Commodore/Isram Objection, the "Unresolved Objections"). Following the hearing, the Court entered an Order (Docket No. 6472) which, among other things, (a) extended (subject to certain limitations) the period within which the Debtors must assume or reject the Unexpired Leases through the date upon which the Debtors' Plan becomes effective, and (b) continued the hearing with respect to several objections including the Unresolved Objections, to the omnibus hearing scheduled for March 23, 2006. Following the March 23, 2006 hearing, the Court entered an order (Docket No. 6760) which, among other things, further continued the hearing with respect to the Unresolved Objections to the omnibus hearing scheduled for April 6, 2006. The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted as modified by this Order.

2. Except as set forth in Paragraph 3 of this Order, provided that a motion to assume or reject the Unexpired Leases has been filed prior to the hearing to consider confirmation of the Plan, the period within which the Debtors must assume or reject the Unexpired Leases is extended through the date upon which the Debtors' Plan becomes effective.

3. The period within which the Debtors must move to assume or reject the Unexpired Leases set forth on Exhibit A of this Order is extended through the earlier of (i) the date upon which the Debtors begin soliciting votes on the Plan, or (ii) May 19, 2006.

2

4. Those Unresolved Objections that have not yet been withdrawn are overruled.

5. The Debtors will comply with the mandates of section 365 of the Bankruptcy Code, and will perform all the obligations of the Debtors, except those specified in section 365(b)(2), arising from and after the order for relief (the "Postpetition Rental Obligations"). Any lessor may file a motion seeking to compel the Debtors to honor such Postpetition Rental Obligations, which motion must set forth the specific Postpetition Rental Obligation(s) that the Debtors have allegedly failed to honor. The Debtors agree that they will not oppose a lessor's request that the Bankruptcy Court hear such a motion on an expedited basis, provided that (a) the procedures outlined in this paragraph are followed, and (b) the proposed shortened notice period is not less than fifteen (15) days. This Order shall not affect pending motions to compel compliance with Postpetition Rental Obligations.

6. The entry of this Order is without prejudice to the right of the lessors under the Unexpired Leases set forth on Exhibit A to request from this Court, upon reasonable notice to the Debtors and all other necessary parties-in-interest, an order compelling the Debtors to assume or reject any Unexpired Lease by an earlier date, or the Debtors' right to oppose any such request.

7. The entry of this Order is without prejudice to the Debtors' right to seek additional extensions of the period within which to assume or reject the Unexpired Leases, and no Unexpired Lease shall be deemed rejected under 11 U.S.C. § 365(d)(4) if the Debtors file a motion seeking a further extension of the time to assume or reject the Unexpired Leases prior to the expiration of the time periods prescribed by this Order,

provided, however, that, as to the Unexpired Leases on Exhibit A, the Debtors (a) shall not be entitled to seek to further extend their time to file the motions referred to in Paragraph 3 of this Order, and (b) shall not be entitled to seek to further extend their time to assume or reject such Unexpired Leases beyond the date of confirmation of the Plan.

8. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 6 day of April, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

4

## EXHIBIT A

**Store Nos:**
1. 328
2. 356
3. 611
4. 662
5. 2323
6. 2330
7. 254
8. 278
9. 217
10. 353
11. 221
12. 209 Palm Johnston Plaza (Pembroke Park)