UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
JACKSONVILLE, FLORIDA
APR 10 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re: ) Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al., ) Chapter 11

Debtors. ) Jointly Administered

CLAIMANT'S OBJECTION IN PART TO MOTION FOR AN
ORDER MODIFYING CLAIMS RESOLUTION PROCEDURE AND
CLAIMANT'S MOTION FOR RELIEF FROM CLAIMS RESOLUTION PROCEDURE

COMES NOW, ESTELLE INELL MARTIN, Claimant, by and through her undersigned attorney, and herein files Claimant's Objection In Part To Motion For An Order Modifying Claims Resolution Procedure and Claimant's Motion For Relief From Claims Resolution Procedure, and states as follows:

1. ESTELLE INELL MARTIN is a claimant pursuant to Claim# A311204357-0001-01, Proof of Claim No.: 8102, Incident Date: 4/18/03 Entity: WINN-DIXIE STORES, INC., Location: Belle Glade, Palm Beach County, Florida.

2. Claimant was seriously injured in a fall down accident in Palm Beach County; and, at the time of WINN-DIXIE STORES, INC.'s bankruptcy petition, the case was scheduled for trial in the 15th Judicial Circuit in Palm Beach County, Florida.

3. On February 13, 2006, Smith Hulsey & Busey, Attorneys for Debtors, filed a Mediation Referral Notice.

4. Claims Resolution Procedure, paragraph 5(c) provides that if the amount of the litigation claim exceeds $100,000.00, the conference shall take place in Jacksonville, Florida, or another place if mutually agreed upon or as designated by the mediator.

5. The undersigned has contacted the Mediation Claims Coordinator and was advised that the Mediation must take place in Jacksonville and no other arrangements would be made.

6. Claimant is a person of very modest means and a trip to Jacksonville would impose a serious financial burden on her.

7. Claimant is able to travel to a Mediation Conference in Palm Beach County; in the alternative, she would like to attend by phone if the Mediation must take place in Jacksonville.

8. Claimant seeks to comply in good faith with this Honorable Court's Orders so Claimant can seek relief from the Automatic Stay.

9. The Mediation Claims Coordinator has taken the position that since the Debtors pay the mediator, Debtors can unilaterally dictate where the Mediation will take place regardless of the burden it imposes upon a poor claimant.

10. Claimant's objection to Debtors' Motion is that the Mediation procedure set forth in the Claims Resolution Procedure imposes too great a burden on this Claimant, especially in the manner that Debtors' counsel arbitrarily dictates the Mediation location.

WHEREFORE, Claimant (1) objects to the Debtors' Motion, particularly since the Claims Resolution Procedure is being used to impose a heavy financial burden on this Claimant and (2) seeks relief from the Claims Resolution Procedure.

Dated: April 5, 2006

LAW OFFICES OF LAWRENCE S. ALLEN
2121 Ponce De Leon Blvd., Suite 721
Coral Gables, Florida 33134
Tel: (305) 443-1530
Fax: (305) 443-9918

_____
LAWRENCE S. ALLEN, ESQ.
Attorney for Claimant, ESTELLE INELL MARTIN
Florida Bar No. 0117125

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to: D.J. BAKER, SKADDEN, ARPS, SLATE, MEAGHER, & FLOM, LLP, Four Times Square, New York, New York 10036 and to LEANNE MCKNIGHT PENDERGAST, SMITH HULSEY & BUSEY, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this 6th day of April, 2006.

LAW OFFICES OF LAWRENCE S. ALLEN
2121 Ponce De Leon Blvd., Suite 721
Coral Gables, Florida 33134
Tel: (305) 443-1530
Fax: (305) 443-9918

LAWRENCE S. ALLEN, ESQ.
Attorney for Plaintiff
Florida Bar No. 0117125