UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

ORDER ON MOTION FOR RELIEF
FROM STAY FILED BY JAMES BOSWELL

This case is before the Court upon the motion for relief from the automatic stay filed by James Boswell on March 9, 2006 (Docket No. 6379) (the "Motion"). Upon the hearing held on April 10, 2006, the Court finds that (i) the Motion is based upon a personal injury claim, (ii) the Movant has complied with, and exhausted, the Claims Resolution Procedure,[1] and (iii) no party filed an objection to the Motion. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1. The Motion is granted to the extent provided herein.

2. The automatic stay imposed by 11 U.S.C. § 362 is modified for the sole purpose of allowing Movant to commence and prosecute through judgment a civil action in Alabama (the "Alabama Court") against Debtor Winn-Dixie Montgomery, Inc. to liquidate his Litigation Claim. The Movant shall not enforce or execute against the Debtors any judgment obtained as a result of such litigation without further order of this Court. Any such judgment shall be a claim in these Chapter 11 proceedings and shall be treated

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

3. The Movant shall notify the Alabama Court of the Debtors' pending Chapter 11 proceedings and that the Movant's action is subject to the automatic stay of 11 U.S.C. §362 as provided herein.

4. Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 shall remain in full force and effect.

Dated this __10__ day of April, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

527560

2