```
                    UNITED STATES BANKRUPTCY COURT
                      MIDDLE DISTRICT OF FLORIDA
                         JACKSONVILLE DIVISION
```

In re:                                  ) Case No. 05-03817-3F1
                                        )
WINN-DIXIE STORES, INC., et al.,        ) Chapter 11
                                        )
        Debtors.                        ) Jointly Administered
                                        )
_____)

**OBJECTION TO DEBTORS' MOTION FOR AN ORDER
MODIFYING THE CLAIMS RESOLUTION PROCEDURE TO
REQUIRE MEDIATION AS A PREREQUISITE TO
<u>STAY RELIEF FOR LIQUIDATION OF LITIGATION CLAIMS</u>**

JAMES GRADY and KYLE TODD, creditors and parties in interest, by their undersigned counsel, hereby object to the Debtors' Motion for an Order Modifying the Claims Resolution Procedure to Require Mediation as a Prerequisite to Stay Relief for Liquidation of Litigation Claims, and state:

1.  James Grady (Claim No. 7046) and Kyle Todd (Claim No. 6670) have filed claims based on personal injuries. It is well established that such claims cannot be liquidated in this Court.

2.  This Court has previously established a Claims Resolution Procedure for Litigation Claims, including personal injury claims. These personal injury claimants have complied with the Claims Resolution Procedure. To date, the subject claims remain unresolved.

3. The Debtors are seeking a modification to the Claims Resolution Procedure to require mediation as a prerequisite to stay relief.

4. These personal injury claimants do not object to mediating their disputes in good faith. However, given their inability to conduct traditional discovery due to the automatic stay and the lack of any proposed plan or distribution in these cases, mandatory mediation may be premature at this time.

5. The primary objection to the Debtors' motion is that the proposed modification effectively mandates mediation in Jacksonville, Florida. *See* Amended Claims Resolution Procedure ¶5.C.

6. It is unfair to require these injured claimants and their counsel to travel to Jacksonville, Florida, for a mandatory mediation conference. If this Court is going to mandate mediation, it would be more fair to (a) permit the injured parties and their counsel to appear by telephone (as contemplated in the Claims Resolution Procedure), or (b) conduct the mediation in Pinellas County, Florida, where the injured parties reside.

**WHEREFORE**, JAMES GRADY and KYLE TODD object to the proposed modification to the Claims Resolution Procedure requiring mediation.

        /s Michael C. Markham_____
        Michael C. Markham
        FBN: 0768560; SPN:
        Johnson, Pope, Bokor,
        Ruppel & Burns, LLP
        P.O. Box 1368
        Clearwater, FL 33757
        (727) 461-1818
        (727) 443-6548 fax
        Attorneys for Grady and Todd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished electronically or by regular U.S. Mail upon D.J. Baker, Esq., Skadden, Arps, et al., Four Times Square, New York, NY 10036; and to Leanne McKnight Prendergast, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, this 11th day of April, 2006.

        /s Michael C. Markham____
        Michael C. Markham

111894(#372239 v1)