Hearing Date: April 20, 2006, 1:00 p.m.
Objection Deadline: April 13, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

### RESPONSE OF THE AD HOC TRADE COMMITTEE TO THE DEBTORS' MOTION FOR AN ORDER GRANTING A FIFTH EXTENSION OF EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS AND OBTAINING ACCEPTANCES OF SUCH PLANS

The Ad Hoc Trade Committee (the "Trade Committee")[1], by and through its attorneys DLA Piper Rudnick Gray Cary US LLP ("DLA Piper"), hereby responds in support of the motion filed by Winn-Dixie Stores Inc., et al., debtors and debtors in possession herein (the "Debtors"), for an order granting it a fifth extension of the relevant exclusive periods for it to file a chapter 11 plan and or obtain acceptance of a plan (the "Motion"). In support thereof, the Trade Committee respectfully represents as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[1] The current members of the Ad Hoc Trade Committee are as follows: ASM Capital, Amroc Investments, LLC, Avenue Capital Group, LCH Opportunities, LLC, DellaCamera Capital Management, LLC, Contrarian Capital Management, LLC, Longacre Fund Management, LLC, ConAgra Foods, Inc., Kraft Foods Global, Inc., The Procter & Gamble Distributing Co., S.C. Johnson & Son, Inc., and Conopco, Inc. The total claims held by the members exceed approximately $45 million and are growing.

Code"). The Debtors' cases are currently being jointly administered for procedural purposes only.

2. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Official Committee") to serve in these cases. The Official Committee currently consists of seven (7) members. Of these members only two (2) are the holders of prepetition trade claims.

3. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

## The Trade Committee

4. On or about March 22, 2006, the Trade Committee was reformed and reactivated to investigate substantive consolidation issues from the perspective of the Debtors' trade creditors.

## The Motion

5. The Debtors' exclusive period to propose a plan of reorganization (the "Exclusive Proposal Period") has been extended by order of the Court to April 19, 2006. The Debtors' exclusive period to solicit acceptances thereof (the "Exclusive Solicitation Period", and together with the Exclusive Proposal Period, the "Exclusive Periods") has been extended by order of the Court to June 21, 2006.

6. On March 31, 2006, the Debtors filed the Motion which seeks to extend the Exclusive Proposal Period and the Exclusive Solicitation Period to June 29, 2006 and August 29, 2006 respectively. In the Motion, the Debtors note that they have been negotiating with the

Official Committee regarding the structure of a plan of reorganization. Additionally, the Debtors note that the "most significant open issue remains the respective treatment of unsecured claims against each of the individual affiliated Debtors, or in the alternative, consideration of the substantive consolidation of the Debtors' estates (the "<u>Substantive Consolidation Issue</u>")." Motion at ¶ 8. The Debtors have expressed a desire to reach a consensus on the Substantive Consolidation Issue prior to proposing and filing a plan of reorganization. Thus, the Debtors seek an extension of the Exclusive Periods to allow the various creditor constituencies to pursue a consensus on the Substantive Consolidation Issue.

<b><u>Statement of the Trade Committee</u></b>

7. The Trade Committee was reformed and reactivated specifically to represent the interests of non-noteholder unsecured creditors to assure their adequate treatment under any reorganization plan with respect to the Substantive Consolidation Issue. Although the Trade Committee has only recently been reactivated, its counsel and financial advisors (FTI Consulting, Inc.) have already begun the process of gathering information relevant to the Substantive Consolidation Issue. To date, it is the evaluation of the Trade Committee that only a plan which provides for substantive consolidation of the Debtors' estates (or at least to the extent of equivalent treatment of all unsecured claims of the Debtors) is warranted and equitable based on the operating history of the Debtors. Granting the relief requested by the Motion will allow for further consideration of the Substantive Consolidation Issue among the relevant parties. The Trade Committee firmly believes that the Substantive Consolidation Issue should be resolved prior to the proposal and filing of a reorganization plan (whether consensually or through litigation) in order to avoid a disruptive, disorderly and delayed reorganization process.

**WHEREFORE**, the Trade Committee respectfully requests this Court (i) grant the Motion and (ii) grant any and all other and further relief the Court deems just and proper.

Dated: April 12, 2006
New York, New York

DLA PIPER RUDNICK GRAY CARY US LLP

By:/s/     Mark J. Friedman_____
    Mark J. Friedman
    Daniel Carrigan
    Janice L. Duban
6225 Smith Avenue
Baltimore, MD 21209
Telephone:  (410) 580-4153
Facsimile:  (410) 580-3001

- and -

By:/s/     Thomas R. Califano_____
    Thomas R. Califano
1251 Avenue of the Americas
New York, NY 10020-1104
Telephone:  (212) 835-6190
Facsimile:  (212) 835-6001

- and -

By:/s/     Philip V. Martino_____
    Philip V. Martino
Florida Bar Number 079189
101 East Kennedy Boulevard, Suite 2000
Tampa, FL 33602-5149
Telephone:  (813) 229-2111
Facsimile:  (813) 229-1447

Attorneys for:  ASM Capital, Amroc Investments, LLC, Avenue Capital Group, LCH Opportunities, LLC, DellaCamera Capital Management, LLC, Contrarian Capital Management, LLC, Longacre Fund Management, LLC, ConAgra Foods, Inc., Kraft Foods Global, Inc., The Procter & Gamble Distributing Co., S.C. Johnson & Son, Inc., and Conopco, Inc.