Hearing Date: April 20, 2006, 1:00 p.m.
Objection Deadline: April 13, 2006, 4:00 p.m.

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

### JOINDER OF WILMINGTON TRUST COMPANY IN DEBTORS' MOTION FOR ORDER GRANTING FIFTH EXTENSION OF EXCLUSIVE PERIODS FOR FILING CHAPTER 11 PLANS AND OBTAINING ACCEPTANCES OF SUCH PLANS

Wilmington Trust Company ("Wilmington") hereby joins (the "Joinder") Winn-Dixie Stores, Inc. and 23 of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), in their motion for entry of an order pursuant to 11 U.S.C. § 1121(d) granting a fifth extension of their exclusive periods for proposing and obtaining acceptances of one or more plans of reorganization (the "Motion").[2]  In support of its Joinder to the Motion, Wilmington respectfully represent as follows:

### Background

1.    Wilmington serves as successor indenture trustee under that certain Indenture dated as of December 26, 2000, by Winn-Dixie Stores, Inc. ("Winn-Dixie") and the named Guarantors,[3] as has been amended and supplemented by the First Supplemental Indenture, dated

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not defined herein shall have their meaning as set forth in the Motion.

[3] Winn-Dixie Stores, Inc.'s obligations under the Senior Notes are guaranteed by the following entities:  Astor Products, Inc., Crackin' Good, Inc., Deep South Products, Inc., Dixie Packers, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

as of March 29, 2001, and the Second Supplemental Indenture, dated as of January 10, 2002 (collectively, the "Indenture"). Pursuant to the Indenture, Winn-Dixie issued US$300,000,000 of those certain eight and seventh-eighths ($8^7/_8\%$) Senior Notes due 2008 (the "Notes"). As of the Petition Date, not less than $310,500,000 remains due and owing on the Notes.

2.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee", collectively, with Wilmington and the Debtors, the "Parties") which consisted of seven unsecured creditors. Wilmington was not initially selected to serve on the Creditors' Committee. However, after a committee member resigned, the U.S. Trustee appointed Wilmington to the Creditors' Committee on August 29, 2005. This Joinder is submitted by Wilmington as indenture trustee for the Notes and not in its capacity as a member of the Creditors' Committee.

### Cause Exists To Extend The Exclusive Periods

3.      As we noted in our Joinder to the Debtors' Motion for an order granting their fourth extension of Exclusive Periods for filing Chapter 11 plans and obtaining acceptance of such plans, an issue of great significance that has yet to be resolved in the Debtors' reorganization efforts is whether the Debtors' plan (or plans) of reorganization in these Chapter 11 cases should treat unsecured claims as filed against each of the individual affiliated Debtors, or in the alternative, propose a "deemed" substantive consolidation of the Debtors' estates (the "Substantive Consolidation Issue") whereby all assets and liabilities of the Debtors will be consolidated, and the corporate distinctions and structure will be "deemed" eliminated, solely for purposes of determining creditor recoveries and for voting on a plan of reorganization. As stated in the Motion, the Debtors have shared documents and analyses regarding the Substantive Consolidation Issue (the "Documents and Analysis") with Wilmington. Wilmington continues to (i) review the Documents and Analysis provided by the Debtors, (ii) request additional

documents and information, and (iii) do the requisite legal and financial analysis, in order to determine whether the extraordinary remedy of substantive consolidation is appropriate in these Chapter 11 cases. In addition, discussions with respect to resolving the Substantive Consolidation Issue to the satisfaction of the Parties are continuing. To that end, a 70-day extension of the Exclusive Periods is necessary in order to (a) continue discussions among the Parties regarding the Substantive Consolidation Issue (b) allow the Parties additional time to reach consensual resolution of the Substantive Consolidation Issue, and (c) allow the Debtors to continue to refine their business plan.

4.     The Parties hope to resolve the Substantive Consolidation Issue consensually and without the need for formal motion practice. An extension of the Exclusive Periods will provide the Parties with additional time to work to resolve the Substantive Consolidation Issue and avoid litigation. Should the Debtors propose a plan where the Substantive Consolidation Issue is not resolved to Wilmington's satisfaction, Wilmington intends to seek formal discovery and reserves the right to seek the Court's legal and factual determination on this central and fundamental issue. In addition, absent our consent, Wilmington reserves its right to oppose a plan of reorganization "that proposes to compromise the Substantive Consolidation Issue on terms that will be fair to all creditor constituencies" (Motion, ¶ 9) – apparently based on the Debtors' unilateral interpretation of what is "fair". Therefore, it is important that the extension be granted without prejudice to the Debtors' rights to seek a further extension.

## Conclusion

5.     By this Joinder, Wilmington supports the Debtors' request for entry of an order further extending the Exclusive Periods for 70 days without prejudice to the Debtors' rights for further extension on cause shown.

2824024v1

## Notice

6.       A copy of this Joinder has been served upon (a) counsel to the Debtors, (b) counsel to the Office of the United States Trustee, (c) counsel for the Debtors' postpetition secured lenders, (d) counsel for the Creditors' Committee, and (e) the other parties in interest named on the Master Service List maintained in the Debtors' cases.  No other or further notice need be given.

**[Remainder of Page Intentionally Blank]**

2824024v1

WHEREFORE, Wilmington respectfully requests that the Court enter an order substantially in the form attached as Exhibit A to the Motion extending the Debtors' Exclusive Periods for 70 days, and provide that such relief is without prejudice to the Debtors' rights to seek further extensions.

Dated: April 13, 2006                 Respectfully submitted by counsel:


                                      By:   /s/ Arthur J. Spector
                                      Arthur J. Spector  620777
                                      BERGER SINGERMAN, PA
                                      350 E. Las Olas Blvd., Suite 1000
                                      Fort Lauderdale, FL  33301
                                      Tel:  (954) 713-7511
                                      Fax:  (954) 523-2872
                                      E-Mail:  aspector@bergersingerman.com

                                          -and-

                                      Paul Steven Singerman  378860
                                      BERGER SINGERMAN, PA
                                      200 South Biscayne Blvd., Suite 1000
                                      Miami, Florida  33131
                                      Tel:  (305) 755-9500
                                      Fax:  (305) 714-4340
                                      E-Mail:  singerman@bergersingerman.com

                                          -and-

                                      Steven J. Reisman
                                      CURTIS, MALLET-PREVOST,
                                       COLT & MOSLE LLP
                                      101 Park Avenue
                                      New York, New York  10178-0061
                                      Tel:  (212) 696-6000
                                      Fax:  (212) 697-1559
                                      E-Mail:  sreisman@cm-p.com

2824024v1