Hearing Date: May 4, 2006, 1:00 p.m.
Objection Deadline: April 27, 2006, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF MAY 4, 2006

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject the executory contracts and unexpired leases set forth on the attached Exhibit A (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

### Relief Requested

6.      By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of the executory contracts and unexpired leases identified on Exhibit A (collectively, the "Contracts")[2] as of May 4, 2006.

7.      The Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contracts.  By rejecting the Contracts, the Debtors will avoid unnecessary expense and burdensome obligations that provide no tangible

---

[2]      The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

benefit to the Debtors' estates or creditors.  The Contracts are no longer necessary to the Debtors' businesses.

8.      Certain of the Contracts are no longer needed by the Debtors because they relate to facilities that have been sold or closed by the Debtors, including the dairy facilities in High Point, North Carolina and Greenville, South Carolina.  These Contracts consist of (i) a copier equipment lease with Triad Business Solutions and (ii) a parts washer equipment lease and washer fluid supply agreement with Mantek.

9.      The remainder of the Contracts consist of (i) an advertising contract with the Florence Times in Florence, Alabama, (ii) a marketing agreement with Six Flags, Inc. for the sale of certain Six Flags tickets in Winn-Dixie stores, (iii) a business service agreement with Predixis, Inc. for, among other things, recipe search services on Winn-Dixie's website, and (iv) a consulting service agreement with RCG Information Technology.  The Debtors have determined that they either no longer need these agreements or that they are able to obtain similar services from alternative sources at a lower cost.  As part of the Debtors' strategy to eliminate inefficiencies and reduce overhead, the Debtors have determined that it is in their best interest to reject these Contracts.

## Basis for Relief

10.      Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564

(Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel

Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

      11.    The decision to reject an executory contract or unexpired lease is primarily

administrative and should be given great deference by a court, subject only to review under the

"business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re

Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central

Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel

Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp.,

147 B.R. 72 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that

rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-

40; In re Surfside Resort and Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89

B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and

therefore, absent a finding of bad faith, will not disturb the decision to reject an executory

contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III

Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

      12.    The Debtors have satisfied the "business judgment" standard for rejecting the

Contracts in the present case. The Contracts are unnecessary to the Debtors' ongoing operations,

are not a source of potential value for the Debtors' estates and creditors, and constitute an

unnecessary drain on the Debtors' resources. Accordingly, the Debtors' determination that the

Contracts should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

      13.    To the extent that the parties to the Contracts assert rejection damages as a result

of the rejection proposed by this Motion, the Debtors request that the Court order that the

deadline for filing a proof of claim for such rejection damages is 30 days after the date of entry of

the order entered pursuant to this Motion.

## Notice

14.    Notice of the Motion has been provided to (a) counsel to the Office of the United

States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the

Creditors' Committee, (d) the other parties in interest named on the Master Service List

maintained in these cases, and (e) the parties to the Contracts. No other or further notice need be

given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court

(i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the

rejection of the Contracts, effective as of May 4, 2006 and (ii) grant such other and further relief

as the Court deems just and proper.

Dated: April 13, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By ___*s/ D. J. Baker*_____ | By ___*s/ Cynthia C. Jackson*_____ |
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson, |
| Jane M. Leamy | Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| | |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Triad Business Solutions<br>1040 East Wendover Ave.<br>Greensboro, NC 27405 | Winn-Dixie Stores, Inc. | All Inclusive Lease Agreement dated January 29, 2004 for Sharp Copier, serial no. 35017849 |
| Mantek<br>P.O. Box 660196<br>Dallas, TX 75266<br>and<br>P.O. Box 971330<br>Dallas, TX 75397 | Winn-Dixie Stores, Inc. | PartsWasher Payment Plan dated November 9, 2004 |
| Florence Times<br>P.O. Box 797<br>Florence, AL 35631 | Winn-Dixie Stores, Inc. | Retail/Classified Advertising Contract dated October 12, 2004 |
| Six Flags, Inc. (Atlanta Properties)<br>275 Riverside Parkway SW<br>Austell, GA 30168 | Winn-Dixie Stores, Inc. | Marketing Agreement dated January 25, 2005 |
| Predixis, Inc.<br>101 E. Huntington Drive<br>2nd Floor<br>Monrovia, CA 91016 | Winn-Dixie Stores, Inc. | Business Service Agreement dated as of August 18, 2003 |
| RCG Information Technology<br>4700 Millenia Blvd., Suite 370<br>Orlando, FL 32839 | Winn-Dixie Stores, Inc. | Service Agreement dated October 19, 1999 |

452017-Wilmington Server 1A - MSW

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES EFFECTIVE AS OF MAY 4, 2006**

These cases came before the Court for hearing on May 4 2006, upon the motion

of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order

under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of the executory

contracts and unexpired leases listed on Exhibit A (collectively, the "Contracts") effective as of

May 4, 2006 (the "Motion"). The Court has read the Motion and considered the representations

of counsel. Upon the representations of counsel and without objection from the United States

Trustee or any other interested party, the Court determines that good cause exists to grant the

relief requested by the Motion and granting the relief is in the best interest of these estates and

creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. §

365(a), and the Contracts are deemed rejected, effective as of May 4, 2006.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may

have against any counterparty to the Contracts, whether or not related to the Contracts.

4.      Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.  Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

6.      The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of May, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts. The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Triad Business Solutions<br>1040 East Wendover Ave.<br>Greensboro, NC 27405 | Winn-Dixie Stores, Inc. | All Inclusive Lease Agreement dated January 29, 2004 for Sharp Copier, serial no. 35017849 |
| Mantek<br>P.O. Box 660196<br>Dallas, TX 75266<br>and<br>P.O. Box 971330<br>Dallas, TX 75397 | Winn-Dixie Stores, Inc. | PartsWasher Payment Plan dated November 9, 2004 |
| Florence Times<br>P.O. Box 797<br>Florence, AL 35631 | Winn-Dixie Stores, Inc. | Retail/Classified Advertising Contract dated October 12, 2004 |
| Six Flags, Inc. (Atlanta Properties)<br>275 Riverside Parkway SW<br>Austell, GA 30168 | Winn-Dixie Stores, Inc. | Marketing Agreement dated January 25, 2005 |
| Predixis, Inc.<br>101 E. Huntington Drive<br>2nd Floor<br>Monrovia, CA 91016 | Winn-Dixie Stores, Inc. | Business Service Agreement dated as of August 18, 2003 |
| RCG Information Technology<br>4700 Millenia Blvd., Suite 370<br>Orlando, FL 32839 | Winn-Dixie Stores, Inc. | Service Agreement dated October 19, 1999 |

3