UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

     **WINN-DIXIE STORES, INC., et al**          **CASE NO. 3:05-3817-JAF**

     **Debtors**                        **Chapter 11**
                                       **Jointly Administered**

## OPPOSITION TO MOTION FOR ORDER MODIFYING THE CLAIMS PROCEDURE TO REQUIRE MEDIATION AS A PREREQUISITE TO STAY RELIEF FOR LIQUIDATION OF LITIGATION CLAIMS

Jeffrey Lesemann ("Lesemann") presents the following opposition to the Motion for an Order Modifying the Claims Resolution Procedure to (I) Increase the Aggregate Amount of Cash Payments the Debtors Can Make to Settle De Minimis Litigation Claims and (II) Require Mediation as a Prerequisite to Stay Relief for Liquidation of Litigation Claims (the "Motion") filed by the Debtors:

1.     Lesemann is a personal injury claimant who has filed an unsecured claim in the amount of $2,500,000.00. Mr. Lesemann was injured in a trip and fall accident, which occurred at a Winn-Dixie Store in Lafayette, Louisiana on March 14, 2002. A lawsuit was filed in the 15th Judicial Court in and for the Parish of Lafayette, Louisiana (the "Louisiana District Court") on March 6, 2003, Docket No. 20031194. This lawsuit is currently stayed as a result of this pending Chapter 11 proceeding.

2.     Mr. Lesemann completed the Claims Resolution Procedure, but the Debtor continues to deny his claim and also refuses to stipulate to the relief from the automatic stay to pursue his claim in Louisiana District Court. See, Exhibits A and B.

3.     The Debtor has now filed the Motion, which requires claimants in litigation not only to comply with the prior Claims Resolution Procedure, but also to attempt mediation of their claims

in Florida before a Florida mediator.[1]  At this point in time, it appears that the mediation will only involve the claimant and the Debtor and not third party defendants in existing litigation.

4.      Mr. Lesemann desires first and foremost that the stay be lifted and that he be allowed to liquidate his claim in the Louisiana District Court.  The lawsuit was filed several years ago and discovery has been ongoing.  The filing of this Chapter 11 has delayed the trial process substantially.  Any further delay may hamper the judicial process because witnesses' memories tend to fade over time.  The mediation procedure contemplated by the Debtors will take a year or more and will delay the trial of Mr. Lesemann's case by at least that period of time.  The lawsuit has been pending for over three years, so relief from stay should be granted to expedite the trial of this matter.

5.      Mr. Lesemann also objects to the Motion on the basis that it requires mediation in Florida before Florida mediators who presumably are not familiar with Louisiana law.[2]  Louisiana law regarding the compulsory obligations that arise out of injuries occurring on immovable property is somewhat different from the common law that applies to similar incidents.  Moreover, the Debtor has defense counsel in Louisiana who is familiar with the law and facts of this case.  Accordingly, if mediation is to be required, it would be most practical to require that the mediation be held in Louisiana before a mediator qualified to practice law in Louisiana.

6.      If the Court requires that all personal injury claimants in Louisiana mediate their claim and desires that this process be accomplished in a cost-effective manner, then a mediator in a central Louisiana location (Baton Rouge or Lafayette, for instance) should be appointed to mediate all Louisiana litigation claims.

7.      Moreover, other parties are involved in Mr. Lesemann's lawsuit who are not being invited to attend the mediation.  Specifically, the Lafayette Consolidated Government (the

---

[1] Note that Mr. Lesemann has no objection to the portion of the Motion that requests an increase the amount of cash payments the Debtors can make to settle small claims.

[2] Paragraph 21 of the Motion states only that the mediators are "well-versed in both the general law and Chapter 11 issues."

municipality) and Sawicki Realty (the property owner) are named defendants in the lawsuit who may bring money to the table to assist in the settlement of Mr. Lesemann's claim. These third parties could offer real money as opposed to merely an unsecured claim. However, third parties are currently barred from the Debtors' mediation process, thus limiting the effectiveness of the proposed mediations in settling these claims.

WHEREFORE, Jeffrey Lesemann respectfully requests that the Debtors' Motion for an Order Modifying the Claims Resolution Procedure to Require Mediation as a Prerequisite to Stay Relief for Liquidation of Litigation Claims be denied and that the Court grant Mr. Lesemann such further relief as is just.

Date:    April 13, 2006

Respectfully submitted,

JOHN HAAS WEINSTEIN, APLC

By:   /s/ Tom St. Germain
        TOM ST. GERMAIN (#24887)
        407 S. Union Street
        Opelousas, LA 70570
        (337) 948-4700 (telephone)
        (337) 948-4172 (facsimile)
        tom@weinlaw.com

ATTORNEY FOR JEFFREY LESEMANN

H:\DATA\WPDOCS\24-408.jhw\Pleadings\Require mediation - opp_041306.wpd

## IN THE BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

      **WINN-DIXIE STORES, INC., et al**        **CASE NO. 3:05-3817-JAF**

      **Debtors**                        **Chapter 11**
                                             **Jointly Administered**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **OPPOSITION TO MOTION FOR ORDER MODIFYING THE CLAIMS PROCEDURE TO REQUIRE MEDIATION AS A PREREQUISITE TO STAY RELIEF FOR LIQUIDATION OF LITIGATION CLAIMS** has been furnished by U.S. First Class Mail to the Debtor at 5050 Edgewood Court, Jacksonville, FL 32254-3699 and to D.J. Baker, Skadden, Arps, Slate, Meagher, & Flom, LLP, Four Times Square, New York, New York 10036, and James H. Post and Leanne McKnight Prendergast, Smith, Hulsey, & Busey, 25 Water Street, #1800, Jacksonville, FL 32202, Attorneys for Debtor, and all participants using the CM/ECF system who have appeared in this matter this 13th day of April, 2006.

                    /s/ Christie P. Noel
                    CHRISTIE P. NOEL

# DOMENGEAUX WRIGHT ROY & EDWARDS

A Limited Liability Company

Bob F. Wright
James Parkerson Roy
Thomas R. Edwards*
James H. Domengeaux
Victor J. Versaggi
Jamie D. Parker**
Donald R. Cravins, Jr.
Brian C. Colomb*

*Special Counsel*
Terry E. Theriot*

* A Professional Law Corporation
** A Limited Liability Company

556 Jefferson Street
Jefferson Towers, Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502-3668
Fax  (337) 232-8213
Telephone  (337) 233-3033

*www.WrightRoy.com*

James Domengeaux (1907-1988)
Judge Jerome E. Domengeaux (1919-1999)

New Orleans Office:
1515 Poydras Street
The Equitable Center
Suite 2350A
New Orleans, LA 70112
Telephone (504) 299-0070
(By Appointment)

*Of Counsel*
Thomas A. Budetti *(Worker's Compensation)*
William J. Ziegler, Jr. *(Social Security Disability)*

October 21, 2005

Logan & Company, Inc.
Attn: Winn-Dixie Claims Department
546 Valley Road
Upper Montclair, NJ 07043

**Certified: Return Receipt Requested
# 7004 2510 0002 7695 5722**

RE:    Jeffrey Lesemann v. WD Lafayette, LLC, et al
Docket No: 2003-1194
Our File No: 11834

Dear Sir:

Please find enclosed the completed *Questionnaire for Litigation Claimants* pertaining to Jeffrey Lesemann.

With warmest regards, I remain

Sincerely,
DOMENGEAUX WRIGHT ROY & EDWARDS

JAMES H. DOMENGEAUX

JHD/vca
Enclosure
cc:    Mr. Jeffrey Lesemann
        Mr. Tom St. Germain

EXHIBIT

*A*

OCT 2 6 2005

UNITED STATES BANKRUPTCY COURT
**MIDDLE DISTRICT OF FLORIDA – JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-03817-3F1<br><br>(Jointly Administered) |

## QUESTIONNAIRE FOR LITIGATION CLAIMANTS

### WARNING:
**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED BY NOVEMBER 1, 2005, THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

### PART A - NOTICE

**Purpose of this Notice**

According to court records, you filed a proof of claim in the referenced cases. As an initial step in resolving your claim, you must complete this Questionnaire and mail it, with proper postage, to Logan & Company, Inc., Claims Agent, 546 Valley Road, Upper Montclair, New Jersey 07043. A Questionnaire will not be deemed to have been timely returned unless it is received on or before November 1, 2005.

**Action Required by You**

1.  If you do not complete and return the Questionnaire on time, the Debtors shall have the right, for that reason alone, to seek to disallow and expunge your proof of claim with respect to the applicable Litigation Claim.

2.  If you do *not* wish to pursue any claim you may have, disregard this notice and do not return it.

3.  If you wish to pursue a claim you have against the Debtors arising from or relating to (i) personal injury or property damage, including, claims alleging bodily injury, false arrest, false imprisonment, slip and fall, libel, slander, mental suffering, emotional distress, loss of consortium, pain and suffering and any tort relating to the operation of a motor vehicle, (ii) wrongful death, (iii) products liability, (iv) consumer complaints, or (v) employment law disputes (but excluding claims arising under workers' compensation laws), you must:

(a)     fully complete this Questionnaire (if a particular question is not applicable to you, you must indicate such by the designation "N/A" or similar statement), and

(b)     return the completed Questionnaire in the enclosed reply envelope. (Note: you must affix proper postage). The reply must be received no later than November 1, 2005, or it will not be processed and you may not be allowed to vote on any proposed reorganization plan, nor receive any distribution from any confirmed reorganization plan.

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*



Creditor No.: 385334
LESEMANN, JEFFREY
C/O JOHN HAAS WEINSTEIN, APLC
ATTN TOM ST GERMAIN, ESQ
407 S UNION STREET
OPELOUSAS LA 70570

Claim No.(s): 2958

## PART B - CLAIM INFORMATION

1.  Give your date of birth (MM/DD/YY)_____  02/04/46 _____

2.  Date of injury or claim: (MM/DD/YY) _____ 03/14/02 _____

3.  What is the basis of your claim?  Bodily injury claim, including claims for medical expenses, lost wages/earning capacity, and general damages - Pain and sufferin as the result of Winn Dixie failing to maintain its premises in a reasonably safe condition directly leading to claimant's injury and damages._____

4.  What is the total amount of your claim?  (Please estimate if necessary). $2,500,000.00
    _____

5.  Attach copies of all documents supporting or evidencing your claim.  Do not send original documents.  If the documents are not available, please explain.
    1. Petition for Damages (enclosed as Tab #1): 2.  Select surgical records (enclosed as Tab #2) and Summary of bills (enclosed as Tab #3 _____
    _____

6.  Identify all payments or other sums which have been credited and deducted for the purpose of qualifying your claim amount: N/A _____
    _____
    _____
    _____

7.  Are you pursuing this claim against any other party?  Yes ☐  No ☑
    If so, against whom (list the name, the addresses and counsel for each party, if known)? _____
    _____
    _____
    _____

    (Attach additional sheets if necessary)

8.  Did you notify the Debtor in writing of the injury or claim?  (If yes, attach a copy of such writing.)
    Yes ☑  No ☐        See Petition for Damages (Tab #1)

9.  Is there a pending lawsuit regarding your claim?  If so, identify the court where the lawsuit is pending, the case number and the judge, if known.  See Petition for Damages attached hereto (Tab #1): 15th Judicial District Court, Parish of Lafayette, Docket Number 20031194 (L); Judge Marilyn Castle _____
    _____
    _____

385334-LESEMANN, JEFFREY-Claim No.(s): 2958

**Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)**
**if you have any questions about this form.**

10. What type of injuries or damages do you have?  If applicable, please provide a medical description of your injuries.  (Please state if the claim is based, in whole or in part, on an injury to someone else.) Injuries to spine at L3-4; L4-5; L5-S1; Injuries to left knee involving medial meniscus; various bruises and contusions.

11. Where did the injury or damage occur? Winn Dixie Store/parking lot located at 2723 W. Pinhook Road, Lafayette, Louisiana.

    Please specify the location and address.

12. How did the injury or damage occur? Mr. Lesemann, claimant, fell over a ledge bordering the parking lot into a coulee bordering these premises while he was performing work-related activities on the property.

13. Did you miss any work as a result of your injury or damage?  If so, how many days? Yes, unable to work since occurrence of the injury.

14. Give the name and address of your employer and your salary at the time of your injury or damage. Breau Bear, 601 Broussard Road, Lafayette, Louisiana; $250.00 gross per week

15. Was anyone else injured at the time of your injury or damage?  (If yes, list the names and addresses.) No

16. List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your injury or damages (including, but not limited to, any representatives or agents of the Debtors). Connie Leleux; Acadian Ambulance personnel and Fire rescue personnel who arrived at the scene and rendered aid.

385334-LESEMANN, JEFFREY-Claim No.(s): 2958

**Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)
if you have any questions about this form.**

17.  If applicable, are treatments still being given for the injury or damages? Yes ☐   No ☐
(If yes, provide the name and address of the doctor that is currently treating you
and the nature of the treatment.)  _Dr. David Muldowny, 1211 Coolidge Blvd., Lafayette, LA. Dr._
_Muldowny performed a discecotomy , compression and fusion at L5-S1, arthroscopic surgery of_
_left knee, repair of meniscus and cartlidge and recommended an anterior and posterior fusion of_
_L3-4 and L4-5._

18.  If applicable, please provide the following Physician Data:

a.  Give the name and address of any physician, clinic or hospitals that has treated this injury.
Include treatment dates.  (Attach additional sheets if necessary)
Our Lady of Lourdes Hospital, 611 St. Landry Street, Lafayette, LA 70502 - 3/14/02; Thomas J. L andry &
Associates, 600 Rue De Brille, New Iberia, LA 70560 - 4/5/02 thru 9/17/02; Acadian Ambulance Service, P. O.
Box 92970, Lafayette, LA - 3/14/02; Dr. Gregory Gidman, 134 Hospital Drive., Ste. 23, Lafayette, LA 70503 -
9/3/02, 5/21/03; Park Place Surgery Ctr., Dr. Mitchell Matthew, 901 Wilson St., Lafayette, LA - 3/18/03;
Dr. David Muldowny, 1211 Coolidge Blvd., Lafayette, LA 70503, 3/28/02 to May 24, 2005.

b.  Itemize all damages you claim, including any damages for emotional distress,
loss of consortium or pain and suffering.  As a result of these injuries, claimant's life has
changed adversely.  Can no longer do work or work related activities; Pain on a scale of 8-10
every day, every minute.  Has affected personal life, including relationships and hobbies.

c.  Give the total amount of the medical bills you incurred as result of your claim. _____
___See Tab #3_____

d.  Attach medical and hospital records which relate to your claim.  (See Tab #2)

e.  Itemize any other expenses you incurred as a result of the incident for which you are
making a claim. _____

f.  Give a list of medical expenses and amounts paid by your insurance company as result of
your injury. ___See Tab # 3_____

385334-LESEMANN, JEFFREY-Claim No.(s): 2958

**Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)
if you have any questions about this form.**

g.  Give the name, address and policy number of your insurance company.  _Mr. Jim Calcote,_ _Summit Claims Center, Post Office Box 80793, Baton Rouge, LA 70898-0793._ _Claim # 540578_

19.  To the extent not already furnished in your response to questions 1 through 18 above, please provide the following information:

a.  Itemize the damage you claim.  _N/A_

b.  Give the total amount of each item of damage.  _N/A_

20.  **IN WHAT AMOUNT WOULD YOU AGREE TO SETTLE YOUR CLAIM?  (This is not the amount that you will receive on account of your claim.  The amount you will receive depends upon the plan or plans of reorganization that may be approved.)  _$2,500,000.00_**

Please make corrections to your personal information below and include phone and email address information:

| | Corrections (if any) |
|---|---|
| Creditor No.: 385334<br>LESEMANN, JEFFREY<br>C/O JOHN HAAS WEINSTEIN, APLC<br>ATTN TOM ST GERMAIN, ESQ<br>407 S UNION STREET<br>OPELOUSAS LA 70570 | Name: _____<br>Address: _____<br>_____<br>City/State/Zip: _____<br>Phone: _____<br>Fax _____<br>Email<br>Address: _____ |

85334-LESEMANN, JEFFREY-Claim No.(s): 2958

**Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)**
**if you have any questions about this form.**

## PART C - SIGNATURE

**NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.**

I declare under penalty of perjury that the foregoing statements are correct.

DATE: _12 Oct, '05_                    _____

Claimant's Signature

Please recheck each of your answers to be sure that you have completed this form fully and accurately.

### NAME AND ADDRESS OF ATTORNEY OR OTHER AUTHORIZED AGENT

Complete this box if you have an attorney or other agent who represents you in this matter. If completed, all future notices will go to your attorney or agent rather than to you personally.

Name (First/Middle/Last)_____ **JAMES H. DOMENGEAUX**

Address **Post Office Box 3668**

City/State/Zip **Lafayette, LA 70502**

Relationship to Claimant **Attorney**

Phone Number **(337)233-3033**

Fax Number **(337)232-8213**

Email Address r **jimmyd@wrightroy.com    (also cc to: vickia@wrightroy.com)**

### PART D - RETURN OF QUESTIONNAIRE

**IF YOU DO NOT FULLY COMPLETE AND RETURN THIS QUESTIONNAIRE SO THAT IT IS RECEIVED BY NOVEMBER 1, 2005, THE DEBTORS SHALL HAVE THE RIGHT, FOR THAT REASON ALONE, TO SEEK TO DISALLOW AND EXPUNGE YOUR PROOF OF CLAIM WITH RESPECT TO THE APPLICABLE LITIGATION CLAIM.**

A Questionnaire will not be deemed to have been timely returned unless received on or before November 1, 2005 at the following address:

Logan & Company, Inc.
Claims Agent
546 Valley Road
Upper Montclair
New Jersey 07043

385334-LESEMANN, JEFFREY-Claim No.(s): 2958

*Please call 1-888-946-3494 (Monday through Friday, 8:00 a.m. to 5:00 p.m. Eastern Time)*
*if you have any questions about this form*

| | | |
|---|---|---|
| **JEFFREY LESEMANN** | * | **15TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | * | **DOCKET NO.** 2003194    L |
| **WD LAFAYETTE, LLC.,** | | |
| **ABC INSURANCE COMPANY,** | * | **PARISH OF LAFAYETTE** |
| **SAWAICKI REALTY COMPANY,** | | |
| **DEF INSURANCE COMPANY, and** | * | **STATE OF LOUISIANA** |
| **LAFAYETTE CONSOLIDATED** | | |
| **GOVERNMENT** | | |

**********************************************************************

<u>PETITION FOR DAMAGES</u>

NOW INTO COURT, through undersigned counsel, comes and appears JEFFREY

LESEMANN, an individual of the full age of majority of the Parish of Lafayette, State of

Louisiana, who with respect represents:

I.

Made defendants herein are:

A. WD LAFAYETTE, LLC, believed to be a foreign corporation
licensed to do and doing business within the State of Louisiana at
all times pertinent herein; and

B. ABC INSURANCE COMPANY, a foreign insurance company
authorized to do and doing business in the State of Louisiana who
at all pertinent times herein provided a policy of insurance
coverage to defendant, WINN DIXIE LAFAYETTE, LLC, for
damages claimed herein; and

C. SAWICKI REALTY COMPANY, believed to be a foreign corporation
licensed to do and doing business within the State of Louisiana at all
times pertinent herein; and

D. DEF INSURANCE COMPANY, a foreign insurance company
authorized to do and doing business in the State of Louisiana who
at all pertinent times herein provided a policy of insurance coverage
to defendant, SAWICKI REALTY COMPANY, for damages
claimed herein.

E. LAFAYETTE CONSOLIDATED GOVERNMENT, a body politic
organized under the laws of the State of Louisiana;

II.

On or about March 14, 2002, while cleaning the parking lot owned and/or managed by

defendant, SAWICKI REALTY COMPANY and/or WD LAFAYETTE, LLC, premises located

at 2723 W. Pinhook Rd., Lafayette, LA, Mr. Lesemann fell over a ledge bordering the parking lot

into a coulee bordering the defendant's premises.

III.

The accident described above was caused by the sole and proximate negligence, impordence, and want of care of WD LAFAYETTE. LLC, SAWICKI REALTY COMPANY, and/or LAFAYETTE CONSOLIDATED GOVERNMENT consisting of the non-exclusive following particulars:

A.    Failing to maintain its' premises in a reasonably safe condition;

B.    Failing to provide a fence, rails, or other safety devices to prevent persons from falling into the coulce in direct violation of numerous safety standards and Louisiana law;

C.    Allowing an unreasonably dangerous condition to exist on its premises;

D.    Failing to take all reasonable measures to ensure that this type of accident would not occur;

E.    Any and all other acts or omissions which may be revealed during discovery or proven at the trial of this matter.

IV.

Directly and solely as a result of the accident in question, the plaintiff, JEFFREY LESEMANN, has sustained injuries, including, but not limited to:

A.    Injuries to his back;

B.    Injuries to his neck;

C.    Injuries to his knees;

D.    Injuries to his shoulders;

E.    Injuries to his psychological well being;

F.    Injuries to his muscles, tendons, ligaments, and her body as a whole;

G.    Any and all other injuries which will be established at the time of trial.

VI.

The plaintiff, JEFFREY LESEMANN, is entitled to recover damages, as a result of the personal injuries he sustained in the accident of March 14, 2002, including, but not limited to;

A.    Past and future physical pain and suffering;

B.    Past and future mental anguish/emotional distress;

C.    Past and future disability/impairment;

D.    Past and future lost wages and loss of earning capacity;

E.    Past and future medical expenses;

F.    Any and all other damages which will be established at the time of trial.

VII.

JEFFREY LESEMANN is entitled to an award of damages which will reasonably recompense him for the damages and injuries he has sustained as a result of the negligence of defendants, WD LAFAYETTE, LLC, SAWICKI REALTY COMPANY, and/or LAFAYETTE CONSOLIDATED GOVERNMENT.

WHEREFORE, plaintiff, JEFFREY LESEMANN, prays that this petition for damages be served according to law and that after due proceedings are had that there be judgment in his favor and against the defendants, WD LAFAYETTE, LLC , and its' insurer, ABC INSURANCE COMPANY, and SAWICKI REALTY COMPANY and its' insurer, DEF INSURANCE COPMANY, and LAFAYETTE CONSOLIDATED GOVERNMENT in an amount which will reasonably recompense him for the damages he has sustained together with legal interest from the date of judicial demand on all elements of damages and costs of these proceedings together with any other just, general, and equitable relief to which he may be justly entitled.

Lafayette, Louisiana, the _____ day of _____, 2003.

RESPECTFULLY SUBMITTED:

DOMENGEAUX WRIGHT ROY & EDWARDS

BY: _____
     BRIAN C. COLOMB - 25625
     JAMES H. DOMENGEAUX - 17555
     556 Jefferson St., Suite 500
     Post Office Box 3668
     Lafayette, Louisiana 70502
     Telephone:  (337) 233-3033

ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**WD LAFAYETTE, LLC**
PRINCIPAL LIFE INSURANCE CO.
ATTN: DONNA AUXIER
711 HIGH ST.
DES MOINES, IA 50392

**SAWICKI REALTY COMPANY**
C T CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

**LAFAYETTE CONSOLIDATED GOVERNMENT**
through its President, Mr. Walter Comeaux
705 W. University Avenue
Lafayette, LA 70501

| | | |
|---|---|---|
| JEFFREY LESEMANN | * | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | * | DOCKET NO. 20031194 L |
| WD LAFAYETTE, LLC.,<br>ABC INSURANCE COMPANY,<br>SAWAICKI REALTY COMPANY,<br>DEF INSURANCE COMPANY, and<br>LAFAYETTE CONSOLIDATED<br>GOVERNMENT | *<br><br>* | PARISH OF LAFAYETTE<br><br>STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, JEFFREY

LESEMANN, who desires to amend his original complaint as follows:

1.

Plaintiff wishes to amend paragraph I to add the following:

"I.

F.    WINN-DIXIE LOUISIANA, INC., believed to be a foreign corporation
      licensed to do and doing business within the State of Louisiana at all times
      pertinent herein; and

G.    WINN-DIXIE STORES, INC., believed to be a foreign corporation licensed to
      do and doing business within the State of Louisiana at all times pertinent
      herein."

2.

Plaintiff wishes to amend paragraph II to read as follows:

"II.

On or about March 14, 2002, while cleaning the parking lot owned and/or managed by

defendant, SAWICKI REALTY COMPANY and/or WD LAFAYETTE, L.L.C. and/or WINN-

DIXIE LOUISIANA, INC. and/or WINN-DIXIE STORES, INC., premises located at 2723 W.

Pinhook Rd., Lafayette, LA, Mr. Lesemann fell over a ledge bordering the parking lot into a

coulee bordering the defendant's premises."

3.

Plaintiff wishes to amend paragraph III to read as follows:

"III.

The accident described above was caused by the sole and proximate negligence, imprudence, and want of care of WD LAFAYETTE, L.L.C., SAWICKI REALTY COMPANY, or LAFAYETTE CONSOLIDATED GOVERNMENT, WINN-DIXIE LOUISIANA, INC. and/or WINN-DIXIE STORES, INC. consisting of the non-exclusive following particulars:

A.    Failing to maintain its' premises in a reasonably safe condition;

B.    Failing to provide a fence, rails, or other safety devices to prevent persons from falling into the coulee in direct violation of numerous safety standards and Louisiana law;

C.    Allowing an unreasonably dangerous condition to exist on its premises;

D.    Failing to take all reasonable measures to ensure that this type of accident would not occur;

E.    Any and all other acts or omissions which may be revealed during discovery or proven at the trial of this matter."


4.

Plaintiff wishes to amend paragraph VII to read as follows:

"VII.

JEFFREY LESEMANN is entitled to an award of damages which will reasonably recompense him for the damages and injuries he has sustained as a result of the negligence of defendants, WD LAFAYETTE, L.L.C., SAWICKI REALTY COMPANY, LAFAYETTE CONSOLIDATED GOVERNMENT, WINN-DIXIE LOUISIANA, INC. and/or WINN-DIXIE STORES, INC."

5.

Plaintiff re-avers and re-alleges all remaining allegations contained in his original Petition for Damages as if copied herein in extenso.

6.

By amending the prayer to read as follows:

"WHEREFORE, plaintiff, JEFFREY LESEMANN, prays that this petition for damages be served according to law and that after due proceedings are had that there be judgment in his favor and against the defendants, WD LAFAYETTE, L.L.C. , and its' insurer, ABC INSURANCE COMPANY, SAWICKI REALTY COMPANY and its' insurer, DEF INSURANCE COMPANY, LAFAYETTE CONSOLIDATED GOVERNMENT, WINN-DIXIE LOUISIANA, INC. and WINN-DIXIE STORES, INC., in an amount which will reasonably recompense him for the damages he has sustained together with legal interest from the date of judicial demand on all elements of damages and costs of these proceedings, together with any other just, general, and equitable relief to which he may be justly entitled."

WHEREFORE, petitioner prays that after due proceedings had there be judgment in favor of petitioner and against defendants as prayed for in the amended prayer.

Respectfully submitted,

DOMENGEAUX WRIGHT ROY & EDWARDS

BY:

BRIAN C. COLOMB - 25625
JAMES H. DOMENGEAUX - 17555
556 Jefferson St., Suite 500
Post Office Box 3668
Lafayette, Louisiana 70502
(337) 233-3033

ATTORNEYS FOR PLAINTIFF

**PLEASE SERVE:**

**WD LAFAYETTE, L.L.C.**
through its agent for service of process:
PRINCIPAL LIFE INSURANCE CO.
ATTN: DONNA AUXIER
711 HIGH ST.
DES MOINES, IA 50392

**SAWICKI REALTY COMPANY**
through its agent for service of process:
C T CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

**LAFAYETTE CONSOLIDATED GOVERNMENT**
through its President,
Mr. Walter Comeaux
705 W. University Avenue
Lafayette, LA 70501

**WINN-DIXIE LOUISIANA, INC.**
through its agent for service of process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

**WINN-DIXIE STORES, INC.**
through its agent for service of process:
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

LAFAYETTE BONE & JOINT CLINIC
1211 Coolidge Street, Suite 100
Lafayette, LA 70503
(337) 234-5234

PAGE 1

PATIENT: LESEMANN, JEFF O.
DATE OF BIRTH: 02/04/46
PATIENT'S AGE: 56  M

ACCT#: 76015.6

3/28/2002        DAVID S. MULDOWNY MD
OV-NEW VISIT

DATE OF INJURY/ONSET:  03/14/02

CHIEF COMPLAINT:  Multiple pain.

### HISTORY

This is a 56 year old male who was working at his usual occupation as a Parking Lot Sweeper and Truck Driver when he was using a leaf blower at the Winn Dixie parking lot at Verot School and Pinhook.  Something flew into his eye.  He staggered backwards and fell over a low wall, tumbled and fell vertically about 8 ft. into a gulley and then tumbled over and over on an incline 20 to 30 ft. into a gulley.  He has pain in multiple areas including his neck, left shoulder, back, arms and wrists, hips, knees, calves, and feet.  The pain is staying about the same. It is worsening somewhat.  He currently rates it a 7 to 8.  The pain is constant.  It wakes him up.  He describes it as an aching, throbbing, burning, tingling, stabbing pain.  It is worse with coughing, sneezing, walking, bending, or stooping.  Any level of activity also makes it worse.  He feels a loss of strength and fatigue from the slightest activities.  Nothing is giving him any sustained relief. The pain wakes him up.  He has not had any specific treatment up until now other than x-ray and CT scan of his brain.

### PAST MEDICAL HISTORY

MEDICAL PROBLEMS:       He denies any major medical problems.

SURGERIES:              He had pins placed in his right tibia and in his ankle
                        in 1993.

MEDICATIONS:            Tylenol 500 mg, Ibuprofen 200 mg four times per day.

ALLERGIES:              No known drug allergies.

SOCIAL HISTORY:         He is single and currently employed by Breau Bear,
                        Inc. as a Parking Lot Sweeper and Truck Driver.  He is
                        currently not working.  He does have a college
                        education.  He denies significant tobacco, alcohol, or
                        drug use.

FAMILY HISTORY:         Positive for cancer.  His father had non-Hodgkins
                        lymphoma, otherwise negative.

### REVIEW OF SYSTEMS

GENERAL:                Positive for weakness, tiredness, chills, difficulty

printed 4/11/02  by bdp

LAFAYETTE BONE & JOINT CLINIC
1211 Coolidge Street, Suite 100
Lafayette, LA 70503
(337) 234-5234

PAGE 2

PATIENT: LESEMANN, JEFF O.
DATE OF BIRTH: 02/04/46                    ACCT#: 76015.6
PATIENT'S AGE: 56   M

---

3/28/2002                DAVID S. MULDOWNY MD
OV-NEW VISIT

|  |  |
|---|---|
|  | in sleeping, otherwise negative. |
| ENT: | Negative. |
| CARDIOVASCULAR: | Positive for leg pain at rest, leg pain with exertion, otherwise negative. |
| GASTROINTESTINAL: | Negative. |
| URINARY: | Negative. |
| MUSCULOSKELETAL: | As above in the history of present illness. |
| NEUROLOGIC/ PSYCHIATRIC: | Positive for paralysis or weakness of limbs, loss of sensation, occasional loss of balance, otherwise negative. |
| RESPIRATORY: | Negative. |

Pain drawing shows wide space areas of pain, but the drawing itself is otherwise focused.

MUSCULOSKELETAL EXAMINATION

CONSTITUTIONAL:  On examination, this is a well developed, well nourished male in no obvious distress.  He is 6'2" tall and weighs 275 pounds.

CARDIOVASCULAR:  There is no distal edema.  Distal pulses are 2/2.

MUSCULOSKELETAL:

Gait & Station:  His pelvis is level.  Spine is straight. Gait is somewhat antalgic.

Head & Neck:  There is mild tenderness to palpation in the cervical spine and both trapezius.  He has limited range of motion secondary to pain.  There are no palpable muscle spasms.

Spine, Ribs, & Pelvis:  There is mild tenderness in the midline lumbar spine. Range of motion is restricted.  There are no palpable spasms.

Right Upper Extremity:  No tenderness to palpation.  Range of motion is full, but does have pain.  Muscle strength seems 5/5.  He does have some giveway weakness secondary to pain.

Left Upper Extremity:  No tenderness to palpation.  Range of motion is full,

LAFAYETTE BONE & JOINT CLINIC
1211 Coolidge Street, Suite 100
Lafayette, LA 70503
(337) 234-5234

PAGE: 4

PATIENT: LESEMANN, JEFF O.
DATE OF BIRTH: 02/04/46
PATIENT'S AGE: 56   M

ACCT#: 76015.6

3/28/2002        DAVID S. MULDOWNY MD

**OV-NEW VISIT**
need to do additional workup on areas that do not seem to get any better.  I
will see him back in four weeks.  He is currently restricted from duty.  He
is off work pending further treatment.

DAVID S. MULDOWNY, M.D.

DSM/RN:bdp
dd: March 28, 2002
dt: April 11, 2002
CC: AUBREY WILLIAM
CC: COMP
ACCT#: 76015.6

OUR LADY OF LOURDES HOSPITAL
Lafayette, Louisiana

_____

OPERATIVE REPORT
David S Muldowny , MD

LESEMANN , JEFF
Patient Number: L0325400405
History Number: 0000401061
Room Number:
Date: 08-26-2003

and using the Flonaire software, images were obtained in AP and lateral plane
at L5-S1.  Using the navigational feature, pedicle screw was placed on the
left side initially at L5.  The Jam CD needle was placed first followed by
the guide wire.  Tissue dilators were then used and then the pedicle was
tapped and then a 45 mm screw was placed.  This was repeated at S1 on the
left using the instruments to make the submuscular tunnel toward the rod.
This was done through a separate incision.  The rod was measured to a 50.
This was passed without complications and secured under compression.  On the
right side, pedicle screws were then placed at L5 and S1 percutaneously
through separate stab incisions using the Flonaire software by placing the
Jam CD initially followed by the guide wire, tissue dilators and then the tap
and then the screw.  Again, the rod was placed.  This was a 45 mm rod through
a separate stab incision by using the Sexton arm to create the submuscular
tunnel, then passing the rod.  Accepted positioning of the implants was
verified under AP and lateral x-rays.  This side was then tightened under
compression.  All the instruments were withdrawn.  Final x-rays were obtained
which showed acceptable positioning of the construct.  The wound was
irrigated with normal saline.  The fascia and the main wound was closed with
#1 Vicryl.  I should mention that the reference arc was of course attached to
the patient prior to acquiring the images.  It was placed over the spinous
process of the sacrum.  The wound was closed with #1 on the fascia, 2-0
Vicryl on the subcutaneous tissue and skin staples and the main wound skin
staples and all stab incisions.  All sponge and needle counts were correct.
There were no complications.  He was awake and taken to recovery in a stable
condition.

_____

David S Muldowny, MD

DSM / cj
DD: 8/26/2003 12:29 PM
DT: 9/13/2003 10:05 AM



**OUR LADY OF LOURDES**
REGIONAL MEDICAL CENTER
Franciscan Missionaries of Our Lady Health System

OPERATIVE REPORT

Copy for David Muldowny, MD

OUR LADY OF LOURDES HOSPITAL
Lafayette, Louisiana

LESEMANN , JEFF
Patient Number: L0325400405

OPERATIVE REPORT
David S Muldowny , MD

LESEMANN , JEFF
Patient Number: L0325400405
History Number: 0000401061
Room Number:
Date: 08-26-2003
Surgeon: David S Muldowny, MD
Assistant: RICHARD NAQUIN, PA
Age: 57

Preoperative Diagnosis:       1.    HERNIATED DISC L5-S1.
                              2.    DEGENERATIVE DISC DISEASE WITH INTERNAL
DISC DISRUPTION L5-S1.

Postoperative Diagnosis:       SAME.

OPERATION:  1.    BILATERAL LAMINECTOMY, FACETECTOMY, FORAMINOTOMY,
DISKECTOMY UTILIZING THE OPERATING MICROSCOPE FOR DECOMPRESSION OF THE SPINAL
NERVES.
            2.    POSTERIOR LUMBAR INTERBODY FUSION L5-S1.
            3.    APPLICATION OF HYDROSORB CAGE BILATERALLY L5-S1.
            4.    APPLICATION OF INFUSED BONE MORPHOGENIC PROTEIN.
            5.    POSTERIOR NONSEGMENTAL TRANSPEDICULAR INSTRUMENTATION.
PERCUTANEOUS L5-S1.

FINDINGS: (including the condition of all organs examined) AND PROCEDURES
(including incision, ligatures, sutures, drainings, and closure)

ANESTHESIA:  General endotracheal.

PROCEDURE IN DETAIL:  The patient was placed supine.  General endotracheal
anesthesia was administered without complications.  Approximately 3 ½ cm
incision was made over the L5 spinous process, was carried down sharply
subcutaneous tissue to the fascia.  This was divided in line with the skin
incision, was subperiosteally elevated off the L5 lamina to the L5-S1 facet
joint.  Taylor retractors were placed over the L5-S1 facet joint bilaterally
for exposure.  The patient was extremely large.  He had about 4 inches of
subcutaneous fat prior to getting to the muscle, so it was a very deep hole
in which to work.  After adequate exposure was obtained at the L5-S1 level,
first on the left side a Woodson was used to free the ligamentum off the
leading edge of the lamina.  A 3 mm Kerrison rongeur was used to perform a
laminotomy.  An adequate laminotomy was performed to see the free edge of the
ligamentum flavum.  This was then removed with a Kerrison taking care to
protect the underlying dura.  Decompression was carried lateral.  After
enough exposure laterally was obtained, the dura was retracted.  The L5
neural foramen was extremely tight.  There was a big osteophyte off the
inferior margin of the L5-S1 disc space basically on the superior end plate



OPERATIVE REPORT

OUR LADY OF LOURDES
REGIONAL MEDICAL CENTER
Franciscan Missionaries of Our Lady Health System

SEP 1 6 2003

OUR LADY OF LOURDES HOSPITAL
Lafayette, Louisiana

OPERATIVE REPORT
David S Muldowny , MD

LESEMANN , JEFF
Patient Number: L0325400405
History Number: 0000401061
Room Number:
Date: 08-26-2003

of the sacrum which had to be removed with an Anspach bur. The dura was carefully protected while this was done. The disc was incised and was removed with a combination of pituitary rongeurs and curet. All of this was done under the operating microscope. The decompression was carried lateral by removing the facet joint partially at this level adequate enough to provide exposure to perform the PLIF. Bipolar was used for electrocautery. The disc was removed. Once this was done, it did open up the neural foramina a little bit more, allowed us to develop a plane between the disc and the facet joint and this was removed. The L5 neural foramen was completely free at this point. The S1 nerve root could be traced around the S1 pedicle and it was free as well. Attention was then directed to the right side. The ligamentum was again reflected from the leading edge of the lamina. Laminotomy was performed with a Kerrison rongeur. The ligamentum was removed. The decompression was carried lateral enough to expose the lateral edge of the dura. This was then retracted. Again, the disc was bulging. It was incised with a #11 blade knife and then removed. After adequate exposure was obtained by doing a foraminotomy and partial facetectomy to allow implantation of the cage, this disc was then incised and removed with a combination of curets and rongeurs. Using the Danek instrumentation, the disc space was then prepared for the cage by first using the small spinner on the right side. Once this was removed, a spacer was placed up to the 10 mm size. This was tight. I did not feel anything bigger would be possible. Going back on to the left side, the small spinner was used followed by the rotating cutters. The disc material was removed. The end plate scraper was used to further prepare the end plate. After the end plate was down the subchondral bone, the chisel was used under fluoroscopy to remove the first layer of subchondral bone to provide a flat end plate for the cage. A 22 X 10 mm cage was then filled with an infused sponge which had previously been allowed to absorb the BMP to it and was impacted into position without complications. The distractor was then removed from the left. The medium rotator cutter was used followed by the end plate scraper and then the chisel under fluoroscopy. A cage was placed in similar fashion without complications with the infused sponge after placing two additional infused sponges into the anterior aspect of the disc space. The anterior anus was still intact so I felt this would be satisfactory. Acceptable positioning of the cages was verified clinically and under x-ray, there was no evidence of any injury to the dura or the nerve roots. The nerve roots on both sides were freely movable. The L5 foramen was free. The S1 nerve root was free as it exited around the S1 pedicle. The C-arm was then brought into the field

OPERATIVE REPORT



OUR LADY OF LOURDES
REGIONAL MEDICAL CENTER
Franciscan Missionaries of Our Lady Health System

2



# LAFAYETTE SURGICAL SPECIALTY HOSPITAL

PATIENT NAME:       Jeff Lesemann
HOSPITAL NUMBER:    111
DATE OF BIRTH:       February 4, 1946
PHYSICIAN:          David S. Muldowny, M.D.
DATE OF OPERATION:   March 31, 2004

## OPERATIVE REPORT

PREOPERATIVE DIAGNOSIS:
Medial meniscus tear, left knee.

POSTOPERATIVE DIAGNOSIS:
1. Medial meniscus tear, left knee.
2. Degenerative arthritis.

OPERATIVE PROCEDURES:
Left knee arthroscopy, partial medial meniscectomy and partial synovectomy.

SURGEON:
David S. Muldowny, M.D.

ANESTHESIA:
General endotracheal.

PROCEDURE IN DETAIL:
The patient was placed supine. General endotracheal anesthesia administered without complication. The left leg was placed in a leg holder with the tourniquet around the upper thigh. The leg was exsanguinated after prepping and draping in normal sterile fashion. The tourniquet was inflated to 350 mm of mercury. The inflow portal and scope portal was established anterolaterally. Initial inspection of the suprapatellar pouch showed some hypertrophic synovium but the undersurface of the patella and the intertrochlear groove were normal. The lateral gutter and lateral compartment were normal. The ACL appeared to be intact. The medial compartment showed pretty significant degenerative changes off the mediofemoral condyle and also some mild changes off the medial tibial plateau. There was a complex tear of the medial meniscus. Under direct arthroscopic visualization, a working portal was established medially. A

Page Two

PATIENT NAME:          Jeff Lesemann
HOSPITAL NUMBER:       111
DATE OF BIRTH:         February 4, 1946
PHYSICIAN:             David S. Muldowny, M.D.
DATE OF OPERATION:     March 31, 2004

combination of baskets and 4.2 gator meniscal shaver was used to trim the meniscus back to a stable rim. There was no loose pieces of cartilage so there really wasn't much to do as far as the cartilage surface of the knee. I did use the shaver to debride some of the synovium in the suprapatellar pouch and along the medial parapatellar area. The joint was copiously irrigated with irrigant. The instruments were withdrawn, Steri-Strips were applied and 0.25% Marcaine was instilled into the joint through a separate needle stick. Soft sterile dressing was applied. Sponge counts were correct. There were no complications. Estimated tourniquet time was about 30 minutes. The tourniquet was deflated after the dressing had been applied. He is taken to the recovery room in stable condition after extubation.

PLAN:
He was discharged home after suitable recovery in the recovery room with instructions to return to see me in 12 days.

_____
David S. Muldowny, M.D.

DSM/jks/jks

D: 4/7/04 at 1:16 p.m.
T: 4/8/04 at 7:39 a.m.

```
RUN DATE: 10/20/05
RUN TIME: 10:36:54    USER: SHASTA                    PAYMENT  HISTORY              WSID: SHAST      PAGE: 1
                                                                                                    PROG: SCI090

CLAIM NUMBER...: A 0999 02 03754 0000 540579 00    PAYMENT TYPES: 11 31 32 33 39 41 EXCLUDED

CLIENT: Breau Beart, Lehmann, Jeff
EMPLOYEE:
INJ. DESC. /DATE STRN LBACK MISC    3/14/02       DATE CLOSED:
                                                  DATE REOPENED:
```

| DATE/NUMBER/CLRD /CODE/AMOUNT | | | | SERVICE FROM DTE / TO DTE | | BILL DTE | PAYEE NAME | PMT TYP | PMT CD | CMP TYP | WEEKS/DAYS | REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/11/02 | 167071 | < | 0 | 28.89 | 3/14/02 | 3/14/02 | 4/10/02 | LESEMANN | MED | 27 | MO | REIMB CLMT.RX | KP |
| 4/25/02 | 167536 | < | 0 | 21.07 | 3/25/02 | 3/25/02 | 4/16/02 | LESEMANN | MED | 27 | MO | REIMB FOR MEDICIN | KP |
| 4/30/02 | 167731 | < | 0 | 28.01 | 4/25/02 | 4/25/02 | 4/29/02 | SOURCECORP | MED | 22 | | 7867300017 KKC | KKC |
| 5/14/02 | 169179 | < | 0 | 1,941.33 | 3/14/02 | 3/14/02 | 4/29/02 | OUR LADY OF LOURD | MED | 22 | | 7007300017 KKC | KKC |
| 5/14/02 | 169024 | < | 0 | 173.44 | 3/28/02 | 3/28/02 | 5/15/02 | MCS 30199 | MED | 22 | | NTWK DISC FEE | KKC |
| 5/11/02 | 169415 | < | 0 | 126.30 | 5/11/02 | 5/15/02 | 5/15/02 | LESEMANN | MED | 27 | | REIMB FOR MILEAG | KP |
| 5/23/02 | 165989 | < | 0 | 150.00 | 4/26/02 | 4/26/02 | 5/21/02 | LESEMANN | MED | 27 | CT | REIMB FOR MILEAG | KP |
| 5/23/02 | 167929 | < | 0 | 229.00 | 4/05/02 | 4/05/02 | 5/23/02 | MCS 30199 | MED | 22 | | 383803-1675 KKC | KKC |
| 5/30/02 | 167906 | < | 0 | 90.00 | 4/10/02 | 4/10/02 | 5/21/02 | THOMAS J LANDRY A | MED | 27 | CT | 10352.4C.03 | C |
| 5/28/02 | 167806 | < | 0 | 45.00 | 4/05/02 | 4/05/02 | 5/23/02 | NETWORK SYNERGY I | MED | 22 | | 10356.4C.09 | CT |
| 5/30/02 | 167706 | < | 0 | 45.00 | 4/22/02 | 4/22/02 | 5/31/02 | THOMAS J LANDRY A | MED | 27 | CT | 10356.4C.03 | CT |
| 5/31/02 | 167772 | < | 0 | 124.10 | 4/18/02 | 4/18/02 | 5/31/02 | THOMAS J LANDRY A | MED | 27 | | 10352.4C.12 | CT |
| 5/31/02 | 167700 | < | 0 | 4.38 | 4/12/02 | 4/12/02 | 5/31/02 | THOMAS J LANDRY A | MED | 27 | | 10356.4C.03 | CT |
| 5/31/02 | 167777 | < | 0 | 36.45 | 4/22/02 | 4/22/02 | 5/31/02 | THOMAS J LANDRY A | MED | 27 | | 10356.4C.09 | CT |
| 5/20/02 | 167729 | < | 0 | 48.38 | 3/28/02 | 3/28/02 | 5/31/02 | DAVID S. MULDOWNY | MED | 27 | | 15580DISC FEE | KI |
| 5/31/02 | 169867 | < | 0 | 50.04 | 4/17/02 | 4/17/02 | 5/31/02 | MCS 30199 | MED | 22 | | 1550562C.03 | KI |
| 5/31/02 | 167953 | < | 0 | 150.00 | 4/30/02 | 4/30/02 | 5/31/02 | MCS 30199 | MED | 22 | | NTWK DISC FEE | KI |
| 5/31/02 | 169772 | < | 0 | 115.00 | 4/18/02 | 4/18/02 | 5/31/02 | MCS 30199 | MED | 22 | | NTWK DISC FEE | KI |
| 5/05/02 | 170250 | < | 0 | 50.00 | 3/14/02 | 3/14/02 | 5/03/02 | ACADIAN AMBULANCE | MED | 23 | | 10356.4C.09 KKC | KKC |
| 5/31/02 | 170275 | < | 0 | 45.00 | 4/19/02 | 4/19/02 | 5/03/02 | THOMAS J LANDRY A | MED | 27 | | NTWK DISC FEE | KI |
| 5/31/02 | 170325 | < | 0 | 113.95 | 5/10/02 | 5/10/02 | 5/06/02 | MCS 30199 | MED | 22 | | 10352.4C.07 | KKC |
| 5/31/02 | 170325 | < | 0 | 45.00 | 5/24/02 | 5/24/02 | 5/11/02 | APOLLO ENTERPRISE | MED | 26 | | 10356DISC FEE | KI |
| 5/31/02 | 170325 | < | 0 | 45.00 | 5/24/02 | 5/24/02 | 5/17/02 | MCS 30199 | MED | 22 | | NTWK DISC FEE | KI |
| 5/19/02 | 170695 | < | 0 | 9.31 | 4/26/02 | 4/26/02 | 5/17/02 | THOMAS J LANDRY A | MED | 27 | | 10356.4C.03 | KI |
| 5/31/02 | 170726 | < | 0 | 57.73 | 5/03/02 | 5/03/02 | 5/19/02 | THOMAS J LANDRY A | MED | 27 | | NTWK DISC FEE | KI |
| 5/31/02 | 170695 | < | 0 | 45.00 | 5/16/02 | 5/16/02 | 5/16/02 | MCS 30199 | MED | 22 | | 1567491 KKC | KI |
| 5/17/02 | 170695 | < | 0 | 64.00 | 5/31/02 | 5/31/02 | 5/31/02 | APOLLO ENTERPRISE | MED | 26 | | 10356.4C.09 KKC | KI |
| 5/20/02 | 170766 | < | 0 | 451.15 | 5/09/02 | 5/09/02 | 5/19/02 | MCS 30199 | MED | 22 | | 15580DISC FEE | KI |
| 6/20/02 | 171528 | < | 0 | 15.93 | 5/03/02 | 5/03/02 | 6/11/02 | THOMAS J LANDRY A | MED | 27 | | NTWK DISC FEE | KI |
| 6/20/02 | 171247 | < | 0 | 272.00 | 5/23/02 | 5/23/02 | 6/17/02 | DAVID S. MULDOWNY | MED | 27 | | 10352.4C.07 KKC | KI |
| 6/20/02 | 171242 | < | 0 | 45.31 | 5/17/02 | 5/17/02 | 5/29/02 | MCNABB REHABILITA | MED | 23 | | NTWK DISC FEE | KI |
| 6/20/02 | 171280 | < | 0 | 45.31 | 5/24/02 | 5/24/02 | 6/05/02 | THOMAS J LANDRY A | MED | 27 | | 10352.4C.03 KKC | KI |
| 6/20/02 | 171247 | < | 0 | 150.00 | 5/20/02 | 5/20/02 | 6/04/02 | MCS 30199 | MED | 22 | | 10352.4C.07 KKC | KI |
| 6/05/02 | 171457 | < | 0 | 150.31 | 5/22/02 | 5/22/02 | 5/22/02 | THOMAS J LANDRY A | MED | 27 | | 10352.4C.12 KKC | KI |
| 6/20/02 | 171446 | < | 0 | 150.00 | 5/23/02 | 5/23/02 | 5/29/02 | MCS 30199 | MED | 22 | | NTWK DISC FEE | KI |
| 6/20/02 | 171476 | < | 0 | 45.00 | 5/30/02 | 5/30/02 | 6/05/02 | THOMAS J LANDRY A | MED | 27 | | NTWK DISC FEE | KI |
| 6/17/02 | 171496 | < | 0 | 27.00 | 5/31/02 | 5/31/02 | 6/17/02 | MCS 30199 | MED | 22 | | NTWK DISC FEE | KP |
| 6/17/02 | 171723 | < | 0 | 68.00 | 5/16/02 | 5/16/02 | 6/10/02 | DAVID S. MULDOWNY | MED | 27 | | 15958A1 KKC | KP |

```
RUN DATE: 10/20/05   USER: SHASTA                          PAYMENT HISTORY                          WSID: SHAST      PAGE:    6
RUN TIME: 10:36:54                                                                                                   PROG: SCI090

CLAIM NUMBER...: A 0999 02 03754 0000 540578 00      PAYMENT TYPES: 11 31 32 33 39 41 EXCLUDED

CLIENT: Breau Bear, Inc
EMPLOYEE: LEEMANN, JEFF
INJ DESC./DATE STRN LBACK MISC        3/14/02        DATE CLOSED:        DATE REOPENED:
```

| DATE/NUMBER/CLRD /CODE/AMOUNT | SERVICE FROM DTE / TO DTE | BILL DTE | PAYEE NAME | PMT TYP | PMT CD | CMP TYP | WEEKS/DAYS | REMARKS |
|---|---|---|---|---|---|---|---|---|
| 12/17/04 205398 V 80.00 | 11/03/04 | 11/10/04 | RS MEDICAL REHABILITA | MED | 11 | T | | 000042521 KKC |
| 12/30/04 207301 V 174.40 | 11/08/04 | 11/28/04 | MCNABB REHABILITA, | MED | 21 | T | | INVOICE #7598 |
| 1/17/05 206253 V 332.45 | 12/03/04 | 12/28/04 | RS MEDICAL SCRIPTS, | MED | 21 | T | | 000042521 KKC |
| 1/31/05 206483 V 365.57 | 12/06/04 | 1/06/05 | RS MEDICAL SCRIPTS, | MED | 21 | T | | 2716891 KKC |
| 2/15/05 207226 V 367.29 | 12/02/04 | 12/20/04 | EXPRESS SCRIPTS, | MED | 21 | T | | INVOICE #110485 |
| 2/15/05 207292 V 367.20 | 12/02/04 | 1/02/05 | DAVID S. MULDOWNY | MED | 23 | T | | 430851 KKC |
| 2/21/05 207654 V 360.00 | 1/01/05 | 1/31/05 | EXPRESS SCRIPTS, | MED | 21 | T | | 000042521 KKC |
| 2/21/05 207621 V 360.00 | 2/02/05 | 2/02/05 | DOMINGUEZ, M.D. | MED | 23 | T | | 000000042521 |
| 3/07/05 208002 V 360.00 | 2/01/05 | 2/01/05 | RS MEDICAL | MED | 21 | T | | 278141 KKC |
| 3/07/05 208017 V 367.20 | 1/03/05 | 1/03/05 | EXPRESS SCRIPTS, | MED | 21 | T | | 000000042521 |
| 3/28/05 208760 V 360.08 | 3/04/05 | 3/04/05 | RS MEDICAL | MED | 21 | T | | |
| 3/25/05 208817 V 367.00 | 2/03/05 | 2/03/05 | EXPRESS SCRIPTS, | MED | 21 | T | | C' |
| 3/31/05 209021 V 404.00 | 2/14/05 | 2/14/05 | DAVID S. MULDOWNY | MED | 23 | T | | |
| 4/04/05 209221 V 80.00 | 3/04/05 | 3/04/05 | EXPRESS SCRIPTS, | MED | 21 | T | | |
| 4/20/05 210421 V 80.00 | 4/01/05 | 4/05/05 | RS MEDICAL | MED | 21 | T | | 425621 RSM |
| 4/25/05 211310 V 404.60 | 4/05/05 | 4/09/05 | RS MEDICAL REHABILITA | MED | 21 | T | | PREPAY FOR SMD |
| 4/25/05 211271 V 80.00 | 3/05/05 | 3/05/05 | EXPRESS SCRIPTS, | MED | 21 | T | | 111MC NR |
| 5/09/05 211610 V 62.33 | 4/18/05 | 5/18/05 | STARRES REHABILITA | MED | 23 | T | | 425621 RSM |
| 5/09/05 212265 V 404.60 | 5/04/05 | 5/04/05 | EXPRESS SCRIPTS, | MED | 21 | T | | INVOICE #8043 |
| 6/07/05 212935 V 263.45 | 5/24/05 | 5/24/05 | EXPRESS SCRIPTS, | MED | 21 | T | | 2348 RSM |
| 6/22/05 213365 V 80.00 | 5/03/05 | 5/03/05 | EXPRESS SCRIPTS, | MED | 21 | T | | |
| 6/07/05 213327 V 80.00 | 4/03/05 | 4/03/05 | RS MEDICAL | MED | 21 | T | | |
| 6/07/05 213922 V 404.00 | 5/10/05 | 5/10/05 | GIDMAN, M.D. | MED | 23 | T | | 8199 |
| 7/05/05 214264 V 130.45 | 7/06/05 | 7/06/05 | MEDICAL IMAGING A | MED | 23 | T | | 2348 KKC |
| 7/18/05 214423 V 80.00 | 5/07/05 | 5/07/05 | EXPRESS SCRIPTS, | MED | 21 | T | | 8332 |
| 7/18/05 214144 V 80.90 | 7/22/05 | 7/22/05 | EXPRESS SCRIPTS, | MED | 23 | T | | 004101306101 KKC |
| 7/25/05 214449 V 80.00 | 7/05/05 | 7/05/05 | STARRES REHABILITA | MED | 23 | T | | |
| 8/01/05 215383 V 1,262.50 | 7/22/05 | 7/22/05 | LAFAYETTE SURGICA | MED | 23 | T | | OVERPAYMENT |
| 8/16/05 215381 V 2,265.50 | 8/15/05 | 8/15/05 | LAFAYETTE REHABILITA | MED | 23 | T | | |
| 8/18/05 215972 N 2,659.29- | 8/02/05 | 8/02/05 | EXPRESS SCRIPTS, | MED | 21 | T | | INV #1250 |
| 9/06/05 216985 N 2,659.15 | 9/07/05 | 9/08/05 | EXPRESS SCRIPTS, | MED | 26 | T | | 0205460006 KKC |
| 10/20/05 217639 N 1,400.00 | 9/19/05 | 9/19/05 | JUS MARI LTD | MED | 21 | T | | 0205460005 KKC |
| 10/20/05 217639 N .00 | 10/25/05 | 10/13/05 | ACADIANA CTR FOR | MED | 26 | T | | |
| 10/20/05 217639 N .00 | 8/16/05 | 10/13/05 | ACADIANA CTR FOR | MED | 21 | T | | |

```
TOTAL FOR PERIOD:          $95,352.69              NUMBER OF CHECKS SHOWN:    282              95,352.69      TOTAL WEEKS/DAYS:  0    0
```

```
PHYSICIAN MEDICAL FEES:
HOSPITAL:           59,585.50                                            TOTAL COMP PAID:         .00
MEDICAL:               337.31                                            TOTAL MEDL PAID:   95,352.69
DRUGS:              17,242.75                                            TOTAL LEGL PAID:         .00
MEDL TRANSPOR.:      7,467.84                                            TOTAL MISC PAID:         .00
MISCELLANEOUS:      10,714.89
MEDICAL REFUNDS:          .00
SUBROGATION:              .00
```

RUN DATE: 10/20/05
RUN TIME: 10:22:34

Premium Calculation
ERROR LISTING

| ACCOUNT | | MESSAGE |
|---|---|---|
| 00 | 00000 0000 | CAL710 |

Invalid account number

************COMM. JOURNAL************ DATE JAN-13-2006 **** TIME 18:03 ********

MODE = MEMORY TRANSMISSION          START=JAN-13 18:03    END=JAN-13 18:03

FILE NO.=150

STN NO.   COMM.   KEY NAME    STATION NAME/TEL NO.    PAGES    DURATION

001      OK      ā          13372328213         001/001  00:00:15

                                        -JOHN HAAS WEINSTEIN, APLC-

*********************************** -      - ***** -    3379484172- ********

# JOHN HAAS WEINSTEIN, APLC

407 S. Union Street
Opelousas, LA 70570
Telephone: (337) 948-4700
Fax: (337) 948-4172
Tom St. Germain

John Haas Weinstein

Rodd C. Richoux

January 13, 2006

**Via Facsimile 904-419-5365 and First Class U.S. Mail**
Angela Williams
Sedgwick Claims Management Services, Inc.
P.O. Box 24787
Jacksonville, FL 32241-4787

Winn-Dixie Claims Center
c/o Logan & Company, Inc.
546 Valley Road
Upper Montclair, NJ 07043

RE:   Winn-Dixie Montgomery, Inc. / Winn Dixie Raleigh, Inc.
Case No. 05-03837
Our File No. 24-408
Our Client: Jeffrey Lesemann
Proof of Claim No. 2958

Dear Ms. Williams:

As you know, this firm represents Jeffrey Lesemann in its claim against Winn Dixie. I am in receipt of your letter dated November 18, 2005.

The letter contains no factual basis for denial of the claim. We request relief from stay to liquidate the claim in state court in order to pursue insurance proceeds and to participate in any distributions to unsecured creditors. Please let me know if Winn Dixie will consent to relief from stay.

Please also let me know if you have any questions.

Sincerely,

JOHN HAAS WEINSTEIN, APLC

By:
TOM ST. GERMAIN

:cpn
H:\DATA\WP-DOCS\24-408.jhn\Sedgwick 01.1306.wpd
cc:   James Domengeaux


EXHIBIT
B



# Sedgwick

Sedgwick Claims Management Services, Inc.
P. O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904-419-5300 Facsimile 904-419-5365

November 18, 2005

Thomas St Germain, Esquire
John Haas Weinstein APLC
407 S. Union Street
Opelousas, La  70570

Re:        Claimant:        Jeffrey Lesemann
             Claim #:        A211203183-0001-01
             Proof of Claim No.:  2958
             Incident Date:    03/14/2002
             Entity:         Winn Dixie Raleigh, Inc.
             Location:      Winn-Dixie #1551
                            2723 WEST PINHOOK  LAFAYETTE, LA

Dear Attorney Germain:

The following constitutes Winn-Dixie' response to the Proof of Claim and to the questionnaire you submitted on your client's behalf.

The demand has not been accepted and is being denied at this time. Beau Brear, the plaintiff's employer accepted the defense of Winn-Dixie.

You have the right to submit a reply by January 15, 2006.

Sincerely,

Angela Williams

Angela Williams
Claims Examiner III