Hearing Date: May 4, 2006, 1:00 p.m.
Objection Deadline: April 27, 2006, 4:00 p.m.

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## APPLICATION FOR AUTHORITY TO RETAIN JENNER & BLOCK LLP AS SPECIAL INSURANCE LITIGATION COUNSEL TO THE DEBTORS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for

entry of an order under 11 U.S.C. § 327(e) approving the retention of Jenner & Block LLP

("Jenner") as special insurance litigation counsel (the "Application"). In support of the Application,

the Debtors state as follows:

### Background

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly

administered for procedural purposes only.

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor
Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers,
Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale
Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc.,
Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie
Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-
Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested by this Application is section 327(e) of the Bankruptcy Code, and such relief is subject to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Relief Requested

6.      By this Application, the Debtors are requesting an order pursuant to section 327(e) of the Bankruptcy Code approving the retention of Jenner as special insurance litigation counsel to the Debtors.  The Debtors request that Jenner be retained to provide the services described in this Application on the terms provided in this Application and in the letter agreement between Winn-Dixie and Jenner dated July 13, 2004 (the "Engagement Letter").  A copy of the Engagement Letter is attached as Exhibit A to this Application.

### Basis for Relief

7.      Prior to the filing, and throughout the course of these cases, Jenner has,

pursuant to the Engagement Letter, advised the Debtors with respect to a variety of insurance-

related matters.  Most recently, Jenner has served as the Debtors' counsel in a breach of contract

lawsuit seeking payment of over $8.9 million (plus attorney's fees and costs) owed by XL Insurance

America, Inc. or, in the alternative, Marsh USA Inc. in connection with hurricane damage incurred

by the Debtors in 2004 (the "Litigation").[2]  Jenner's services are in the nature of ordinary course

professional services and have to date been provided pursuant to the Order Authorizing Debtors to

Retain and Compensate Professionals Used in the Ordinary Course of Business (the "OCP Order")

dated March 4, 2005.[3]  As a result of increased activity in the Litigation, however, and the likelihood

that the Litigation will proceed to trial, the Debtors anticipate that the cost of services they will

require from Jenner going forward will exceed the monthly and case caps provided in the OCP

Order.  To ensure that the Debtors continue to receive the benefit of Jenner's counsel with respect to

the Litigation and, to the extent needed, other insurance-related matters, the Debtors seek

authorization to retain Jenner as special counsel under section 327(e) of the Bankruptcy Code.

8.      The proposed retention of Jenner as special insurance litigation counsel on the

terms described in this Application is in the best interests of the Debtors and their estates.  Jenner has

served as the Debtors' counsel in the Litigation since its inception and has acquired extensive

knowledge of the issues that have been raised.  As a result, Jenner is uniquely positioned to represent

---

[2]      See Winn-Dixie Stores, Inc. v. XL Insurance America, Inc. and Marsh USA Inc., No. 05-CV-2100 (N.D. Ga. 2005).

[3]      See Third Submission of Completed Retention Questionnaire of Ordinary Course Professional Included in the Seventh Supplement to Exhibit A Pursuant to the Order Authorizing Debtors to Retain and Compensate Professionals Used in the Ordinary Course of Business (Dec. 9, 2005) (Docket No. 4570) (submitting completed ordinary course professional retention questionnaire for Jenner); Seventh Supplement to Exhibit A of the Motion for Approval of Retention and Compensation of Professionals Used in the Ordinary Course of Business (Aug. 15, 2005) (Docket No. 3006) (adding Jenner as an ordinary course professional)

the Debtors' interests in the Litigation.  Moreover, Jenner has provided insurance-related services to the Debtors since 2004 and has, in the process, acquired significant institutional knowledge regarding the Debtors and their insurance arrangements.  Accordingly, Jenner is well-suited to provide additional insurance-related advice to the extent required by the Debtors.

9.      The services for which the Debtors seek to retain Jenner are not duplicative of the services provided to the Debtors by any other attorneys or professionals.  Moreover, Jenner will consult with the Debtors and, to the extent appropriate, with the Debtors' other counsel throughout the pendency of these cases to ensure that there will be no duplication of legal services provided to the Debtors.

10.      Jenner has indicated its desire and willingness to be retained as special insurance litigation counsel and to provide the services described in this Application to the Debtors as necessary.

11.      To the best of the Debtors' knowledge: (a) Jenner neither holds nor represents any interest adverse to the Debtors' estates with respect to the services for which it will be employed and (b) Jenner has had no affiliation with the Debtors, their creditors or any party in interest, or their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or the Bankruptcy Judge presiding over these cases, except as disclosed more fully in the Declaration of John H. Mathias, Jr. (the "Mathias Declaration"), attached as Exhibit B to this Application.[4]

12.      The Debtors have been advised that Jenner will not, while employed by the Debtors, represent or hold any interest adverse to the Debtors or their estates with respect to the

---

[4]      Jenner has indicated that, as of the Petition Date, it was owed approximately $1,700.00 (the "Pre-Petition Claim") for unpaid fees and costs in connection with legal services provided.  Jenner has agreed to waive the Pre-Petition Claim.  However, even without such waiver, the existence of the Pre-Petition Claim is not an impediment to Jenner's retention under section  327(e) of the Bankruptcy Code.

matters on which Jenner is to be employed.  Accordingly, Jenner satisfies the standard for employment of special counsel as set forth in Section 327(e) of the Bankruptcy Code.

13.    The Debtors have agreed to pay Jenner reasonable sums at its normal hourly rates for services and to reimburse Jenner for reasonable expenses, with all payments being subject to final review and allowance by the Court.  The hourly rates currently in effect and charged by Jenner for the attorneys and other professionals who will be providing the majority of services to the Debtors are as follows: (a) John H. Mathias, Jr.(Partner) – $670; (b) Christopher C. Dickinson (Partner) – $ 485; (c) John P. Wolfsmith (Partner) – $420; (d) Joseph F. Arias (Associate) – $325; (e) Rebecca L. Miller (Paralegal) – $160; and (f) Project Assistants – $120.  The Debtors have been advised that Jenner's individual attorney billing rates are adjusted by firm management each January 1 and that, subject to the future agreement of the Debtors, Jenner requests that the rates listed above be revised to the hourly rates in effect at the times services are rendered.

14.    Jenner will file fee applications with this Court in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and orders of this Court.

## Notice

15.    Notice of this Motion has been provided to (a) counsel to the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) Jenner.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the

Court (a) enter an order in the form of Exhibit C to this Application authorizing the Debtors to retain

Jenner as special insurance litigation counsel to the Debtors and (b) grant such other and further

relief as the Court deems just and proper.

Dated:  April 14, 2006.

SKADDEN, ARPS, SLATE, MEAGHER                   SMITH HULSEY & BUSEY
& FLOM LLP

By ___*s/ D. J. Baker*_____                    By ___*s/ Cynthia C. Jackson*_____
   D. J. Baker                                      Stephen D. Busey
   Sally McDonald Henry                             James H. Post
   Rosalie Walker Gray                              Cynthia C. Jackson,
   David M. Turetsky                                  Florida Bar Number 498882
Four Times Square                               225 Water Street, Suite 1800
New York, New York 10036                        Jacksonville, Florida  32202
(212) 735-3000                                  (904) 359-7700
(212) 735-2000 (facsimile)                      (904) 359-7708 (facsimile)
djbaker@skadden.com                             cjackson@smithhulsey.com

Co-Counsel for the Debtors                      Co-Counsel for the Debtors

**<u>Exhibit A</u>**

JUL 1 9 2004          **JENNER&BLOCK**

July 13, 2004

Jenner & Block LLP          Chicago
One IBM Plaza          Dallas
Chicago, IL 60611-7603          Washington, DC
Tel 312 222-9350
www.jenner.com

John H. Mathias Jr.
Tel 312 923-2917
Fax  312 840-7317
jmathias@jenner.com

Rachel Lamberth, Esq.
Claims Manager - Risk Management
WINN-DIXIE STORES, INC.
5050 Edgewood Court
Jacksonville, FL   32254

**Re:    Insurance Coverage Advice re Upchurch (Mathis) and Forbes Claims**

Dear Rachel:

This is my firm's standard engagement letter.  It will confirm the engagement of Jenner & Block, LLP by Winn-Dixie Stores, Inc. ("Winn-Dixie"), and the basis of our representation.

Our client will be Winn-Dixie.  The scope of our engagement and duties to Winn-Dixie shall relate solely to legal advice concerning insurance coverage issues pertaining to the Upchurch (Mathis) and Forbes claims ("Engagement").  Winn-Dixie may limit or expand the scope of our Engagement from time to time, provided that any substantial expansion must be agreed to by us.

We will represent Winn-Dixie by using lawyers, paralegals and other professional staff who are best suited to handle this matter.  We will do everything we can to staff and handle this matter efficiently so that all charges incurred are reasonable.

For your information, illustrative hourly billing rates as of January 1, 2004 of attorneys who may offer service in this Engagement are set forth below:

| | |
|---|---|
| John H. Mathias, Jr. | $585.00 |
| Christopher C. Dickinson | $425.00 |
| Associates | $195.00-$365.00 |
| Paralegals | $140.00-$200.00 |
| Project Assistants | $100.00 |

By listing the names and rates above, I do not mean to say that all will actually be involved in this matter, but rather only to illustrate the ranges of rates of our firm's attorneys and paralegals.

Our charges will be based substantially upon the rates for our lawyers and staff in effect at the time the services are rendered.  Our billing rates are subject to adjustment on January 1 of each

Rachel Lamberth, Esq.
July 13, 2004
Page 2

**JENNER&BLOCK**

succeeding year. We will also charge for the out-of-pocket expenses and internal charges we incur in connection with our representation. We will indicate the rates charged and the hours performed by each attorney, law clerk, paralegal and staff on this matter as well as the details and rates of the expenses incurred and the internal charges.

You will receive monthly invoices on this matter from us for fees and the internal charges and expenses incurred and posted during the month, unless the amount is not significant. For each invoice, we will review our work records to insure that our charges are appropriate. We expect that all invoices will be paid within 30 days of receipt if work is to continue. If you have any questions or comments concerning our services or charges during the course of our representation, we encourage you to bring them to our attention immediately so that any problems can be resolved.

Either of us may terminate the Engagement at any time for any reason by providing written notice, subject on our part to the requirements of applicable rules of professional conduct. Unless previously terminated, our representation will terminate upon our sending you our final statement for attorney services rendered in this matter.

Jenner & Block represents many other companies and individuals. It is possible that during the time that we are representing Winn-Dixie, some of our present or future clients will have disputes with Winn-Dixie. Winn-Dixie agrees that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for Winn-Dixie even if the interests of such clients in those other matters are directly adverse. We agree, however, that Winn-Dixie's prospective consent to conflicting representation contained in the preceding sentence shall not apply in any instance where, as a result of our representation of Winn-Dixie, we have obtained proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used in any such other matter by such client to Winn-Dixie's material disadvantage.

After completion of this Engagement, changes may occur in the applicable laws or regulations that could have an impact upon your future rights and liabilities. Unless Winn-Dixie engages us after completion of the matter to provide additional advice on issues arising from the matter, we will have no continuing obligation to advise Winn-Dixie with respect to future legal developments.

Because our representation is limited to a specific matter, our acceptance of this Engagement does not involve an undertaking to represent Winn-Dixie or its interests in any other matter unless specifically requested by Winn-Dixie and agreed upon by us.

Rachel Lamberth, Esq.                                   **JENNER & BLOCK**
July 13, 2004
Page 3

Please signify your agreement to the arrangement for legal services described in this letter by returning a signed copy of this letter to us within 10 days.  We look forward to working with you on this matter.

Sincerely,

John H. Mathias Jr.

JHM/cs

AGREED:

By: _Rachel E. Lamberth_

Its: _Claims Manager - Winn-Dixie Stores, Inc._

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DECLARATION OF JOHN H. MATHIAS, JR.

John H. Mathias, Jr., declares as follows:

1.      I am a partner in the law firm Jenner & Block LLP ("Jenner & Block"), which maintains its principal office at One IBM Plaza, Chicago, Illinois 60611.  I am duly authorized to make this Declaration on behalf of Jenner & Block.  I make this Declaration in support of the Application of Winn-Dixie Stores, Inc. and its affiliated debtor entities in the above-referenced bankruptcy cases (collectively, the "Debtors") for the approval of their application for retention of Jenner & Block as special counsel (the "Application").  I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, I could and would testify to those facts.

2.      To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor Jenner & Block represents any entity other than the Debtors in, or in connection with, these cases.

3.      During the 90 days before Winn-Dixie Stores, Inc. filed its Chapter 11 petition, it made the following payments to Jenner & Block in the ordinary course for payment of pre-petition legal fees and expenses:

| Date of Payment | Amount |
|:---:|:---:|
| 11/29/04 | $1,919.65 |
| 01/17/05 | $1,125.00 |
| 01/26/05 | $1,541.38 |
| 02/18/05 | $12,559.94 |

There remain unpaid pre-petition fees and expenses totaling approximately $1,700.00, to which Jenner & Block waives any claim.

    4.    Jenner & Block has conducted a search of its own client, adverse, and related party database to ascertain whether relationships exist with interested parties in the following categories:

- the Debtors;
- the Debtors' non-debtor affiliates;
- the Debtors' former subsidiaries;
- the Debtors' current directors;
- the Debtors' current officers;
- the Debtors' former officers and directors;
- Agents and Lenders to 2004 Credit Agreement;
- Other Secured Parties;
- Indenture Parties;
- Top 50 Unsecured Trade Creditors;
- Institutional Bond Holders;
- Institutional/Significant Shareholders;

2

- Parties with filed UCC Financing Statements;

- Other Known Creditors as of Filing Date;

- Insurance Providers;

- Proposed DIP Facility Lenders;

- Debtors' Professionals;

- Litigation/Investigation Parties;

- Middle District of Florida / Orlando U.S. Trustee's Office;

- Middle District of Florida / Jacksonville Bankruptcy Judges;

- Middle District of Florida / Jacksonville District Court Judges;

- Creditors Committee (Current and Former Members);

- Creditors Committee Professionals;

- Other Party Professionals;

- Equity Committee Members (Now Disbanded);

- Equity Committee Professionals;

- Publicly Disclosed Potential Bidders for Bahamas Assets / Operations.

The identities of parties in interest in these categories, as provided to Jenner & Block, are listed on Exhibit A hereto. Jenner & Block has not conducted a search of entities related to or affiliated with the parties listed on Exhibit A, nor has it conducted a search of other entities in the following categories:

- banks at which deposits are maintained;

- lessors of real property;

- competitors;

- closed store subtenants;

- transfer agents;

- contract parties;

3

- software providers;

- utilities;

- parties filing appearances;

- contract rejection parties;

- other related parties.

5.      A review of the results of the search of our database with regard to the searched categories indicates that Jenner & Block has in the past and/or may currently represent the following persons and entities (and/or related or affiliated persons or entities) in connection with matters unrelated to the matters for which Jenner & Block is proposed to be employed:

- Bank One;

- Congress Financial Corporation;

- General Electric Company;

- General Electric Capital Corporation;

- Merrill Lynch Capital;

- Anderson News LLC;

- Blue Cross Blue Shield of South Carolina;

- Coca-Cola Bottling Co.;

- General Mills Inc.;

- Georgia-Pacific Corp.;

- Robert L. Johnson;

- Deutsche Bank Trust Americas;

- Kraft Foods Global Inc.;

- Pepsico, Inc.;

- $R^2$ Investments, LDC;

- Alvarez & Marsal, LLC;

- Houlihan Lokey Howard & Zukin Capital;

- Pepper Hamilton LLP;

- Shearman & Sterling LLP;

- Jefferies & Company, Inc.;

- Wilmington Trust Company;

- Keebler Company;

- Kimberly-Clark Corp.;

- Quaker Oats Company;

- Sara Lee Corp.;

- Regence Blue Shield;

- Bank of America;

- Cargill, Inc.;

- Cisco Systems Capital Corp.;

- EMC Corp.;

- First Union National Bank;

- NCR Corporation;

- Bain & Co., Inc.;

- The Blackstone Group;

- Holland & Knight LLP;

- King & Spalding LLP;

- KPMG;

- PricewaterhouseCoopers LLP.

6.      To the best of my knowledge, information, and belief formed after reasonable inquiry, other than in connection with these cases, neither I nor any other partner or employee of Jenner & Block has any affiliation with the Debtors, their creditors, the United States Trustee, any person employed in the Office of the United States Trustee, the Bankruptcy Judge presiding over these cases, or any other party with an actual or potential interest in these cases, or their respective attorneys or accountants, accountants, except that (a) Jenner & Block may have appeared from time to time in the past, and may appear in the future, in other cases or matters where one or more of such parties may have been or may be involved and (b) Jenner & Block may have been retained by certain creditors and other parties in interest or their attorneys, accountants, or professionals in other cases or matters unrelated to the matters for which Jenner & Block is proposed to be employed.

7.      As part of its practice, Jenner & Block appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants and investment bankers, including other professionals representing the Debtors. In certain instances, such professionals may be the client of Jenner & Block. All of the other cases, proceedings, and transactions in which Jenner & Block is involved and in which other professionals representing the Debtors or other parties in interest are also involved are unrelated to the matters for which Jenner & Block is proposed to be employed.

8.      There are thousands of creditors and parties in interest in the Debtors' chapter 11 bankruptcy cases. I anticipate that a review of Jenner & Block's  client database with regard to all of the Debtors' creditors and parties in interest would disclose that Jenner & Block previously represented and/or currently represents one or more creditors or parties in interest (or one or more of their respective parent companies, subsidiaries, and affiliates) in addition to those

6

interested parties who are specifically identified in paragraph 5 of this Declaration. My review of the results of the search of our client database indicates, however, that any and all such other representation(s) of a creditor or party in interest would have been or would be in connection with matters that are unrelated to the Debtors or these chapter 11 cases.

9.    To the best of my knowledge, information, and belief formed after reasonable inquiry, neither I nor Jenner & Block holds or represents any interest adverse to the Debtors' estates with respect to the services for which Jenner & Block will be employed.

10.    The Debtors have consented to the continued and future representation by Jenner & Block of persons and entities who are creditors or parties in interest in these chapter 11 cases on matters unrelated to the matters for which Jenner & Block is proposed to be employed, and have waived any conflict that might otherwise exist as a result of such other unrelated representations.

11.    Subject to the Court's approval of the Application, Jenner & Block will earn and receive only those fees and other payments authorized by this Court in relation to services rendered on behalf of the Debtors during the pendency of these cases.

12.    The Debtors have agreed to pay Jenner & Block reasonable sums at its regular rates for services and to reimburse Jenner & Block for reasonable expenses, with all payments being subject to final review and allowance by the Court.  Below is a list of the attorneys and other professionals, with the agreed hourly rates, who will be providing the majority of services for the Debtors:

| Name | Position | Current Hourly Rate |
|------|----------|---------------------|
| John H. Mathias, Jr. | Partner | $670 |
| Christopher C. Dickinson | Partner | $485 |
| John P. Wolfsmith | Partner | $420 |

| Joseph F. Arias | Associate | $325 |
| Rebecca L. Miller | Paralegal | $160 |
| | Project Assistants | $120 |

13.    In the normal course of its business, Jenner & Block's individual attorney billing

rates are adjusted by firm management each January 1 to reflect (a) its assessment of the current

market value of the services offered in light of the experience and skill level of the professionals

involved; and (b) inflationary pressures impacting the overhead required to provide these legal

services.  Accordingly, Jenner & Block requests that the rates listed above be revised to the

hourly rates in effect at the time services are rendered, subject to agreement with the Debtors.

14.    No agreement or understanding in any form or guise exists between Jenner &

Block and any other person for a division of compensation for services rendered in or in

connection with these cases, and no such division of compensation prohibited by Section 504 of

the Bankruptcy Code will be made, except between other Jenner & Block partners and me.

Jenner & Block has not shared or agreed to share any compensation received in these cases with

any entity other than its partners, associates and employees.

15.    Accordingly, I believe the proposed employment of Jenner & Block is appropriate

under Section 327(e) of the Bankruptcy Code and is not prohibited by or improper under Federal

Rule of Bankruptcy Procedure 5002.  Jenner & Block and the professionals it employs are

qualified to represent the Debtors in the matters for which Jenner & Block is proposed to be

employed.

16.    To the extent any information disclosed herein requires amendment or

modification upon Jenner & Block's completion of further review or as additional party-in-

interest information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on April 14, 2006 in Chicago, Illinois.

John H. Mathias, Jr.
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

1390288

**Exhibit A to Declaration John H. Mathias, Jr.**

1.      Debtors

| |
|---|
| Astor Products, Inc. |
| Crackin' Good, Inc. |
| Deep South Distributors, Inc. |
| Deep South Products, Inc. |
| Dixie Darling Bakers, Inc. |
| Dixie Home Stores, Inc. |
| Dixie Packers, Inc. |
| Dixie Spirits, Inc. |
| Economy Wholesale Distributors, Inc. |
| Foodway Stores, Inc. |
| Kwik Chek Supermarkets, Inc. |
| Sunbelt Products, Inc. |
| Superior Food Company |
| Table Supply Food Stores Co., Inc. |
| WD Brand Prestige Steaks, Inc. |
| Winn-Dixie Handyman, Inc. |
| Winn-Dixie Logistics, Inc. |
| Winn-Dixie Montgomery, Inc. |
| Winn-Dixie Procurement, Inc. |
| Winn-Dixie Raleigh, Inc. |
| Winn-Dixie Stores, Inc. (Parent) |
| Winn-Dixie Supermarkets, Inc. |

2.      Non-Debtor Affiliates

| |
|---|
| Bahamas Supermarkets Limited |
| SaveRite Grocery Warehouse, Inc. |
| The City Meat Markets Limited |
| W-D (Bahamas) Limited |
| WIN General Insurance, Inc. |

3.    Former Subsidiaries

| |
|---|
| Monterey Canning Co. |
| Sundown Sales, Inc. |
| Winn-Dixie Charlotte, Inc. |
| Winn-Dixie Louisiana, Inc. |

4.    Current Directors

| |
|---|
| John E. Anderson |
| Laurence B. Appel |
| Keva M. Bethel |
| Dale H. Bitter |
| D. Michael Byrum |
| John H. Dasburg |
| A. Dano Davis |
| T. Wayne Davis |
| Judith W. Dixon |
| Tillie K. Fowler |
| Kellie D. Hardee |
| Micheal J. Istre |
| L.B. Johnson |
| Robert L. Johnson |
| Richard C. Judd |
| Peter L. Lynch |
| Richard P. McCook |
| Edward W. Mehrer, Jr. |
| Charles R. Newsom |
| Julia B. North |
| Bennett L. Nussbaum |
| Barry J. Rassin |
| Carleton T. Rider |

| |
|---|
| Hugh G. Sands |
| John R. Sheehan |
| H. Jay Skelton |
| Bruce R. Souder |
| John R. Souder |
| N/A Charles P. Stephens |
| Ronald Townsend |

5.      Officers

| |
|---|
| Laurence B. Appel |
| Dale H. Bitter |
| James R. Brogan |
| D. Michael Byrum |
| Keith B. Cherry |
| Dedra Dogan |
| C.W. Doolitle, Jr. |
| Gari L. Estill |
| W. Fisher |
| C.A. Forehand |
| Nancy H. Gaddy |
| J.R. Gage |
| Kellie D. Hardee |
| David F. Henry |
| Hal I. Hopkins, Jr. |
| Randall L. Hutton |
| Michael J. Istre |
| John James |
| G.B. Jones |
| Richard C. Judd |
| Paul J. Kennedy |
| Bryan C.S. Knowles |

| |
|---|
| Dan G. Lafever |
| Peter L. Lynch |
| Dewey J. Maroney |
| D.K. Martin |
| Mark W. Matta |
| Joseph P. Medina |
| David A. Moore, Jr. |
| Paul Novak |
| Bennett L. Nussbaum |
| Evan L. Rainwater |
| Randall L. Rambo |
| Kim A. Romeo |
| Allen R. Rowland |
| Jayson J. Roy |
| Cynthia S. Rubio |
| Karen E. Salem |
| C.L. Scott |
| Mark A. Sellers |
| Dennis M. Sheehan |
| John R. Sheehan |
| Bruce R. Souder |
| Blake S. Spooner |
| Paul L. Tiberio |
| H. Stanley Wadford |
| Charles M. Weston |
| David M. Young |

6.      Former Directors/Executive Officers

| |
|---|
| Dean Dell Antonia |
| Joel B. Barton |
| Stephen T. Deriesthal |

| |
|---|
| Curt M. Gore |
| George T. Gue Jr. |
| Dennis H. Hanley |
| Frank Lazaran |
| Paul Novak |
| Fred Ottolino |
| James H. Thatcher |

7.      Agents and Lenders to 2004 Credit Agreement

| |
|---|
| Amsouth Bank |
| Bank One |
| The CIT Group/Business Credit, Inc. |
| Congress Financial Corporation (Florida) |
| Fleet Retail Group, Inc. |
| General Electric Capital Corporation |
| GMAC Commercial Finance LLC |
| Israel Discount Bank |
| Merrill Lynch Capital |
| National City Business Credit, Inc. |
| PNC Business Credit |
| RZB Finance LLC |
| Siemens Financial Services, Inc. |
| Suntrust Bank |
| UBS AG, Stamford Branch |
| Wachovia Bank, National Association |
| Wachovia Capital Markets, LLC |
| Webster Business Credit Corp. |
| Wells Fargo Foothill, LLC |

8.      Other Secured Parties

| |
|---|
| Lutheran Brotherhood |

9.    Indenture Parties

| Wilmington Trust Company |
|---|

10.    Top 50 Unsecured Trade Creditors

| Alberto Culver USA |
|---|
| Anderson News LLC |
| Bayer Corp. |
| Blue Cross Blue Shield of South Carolina |
| Campbell Soup Co |
| CH Robinson Worldwide Inc |
| Clorox Sales Co - KPD |
| Coca-Cola Bottling Co. |
| Coca-Cola Bottling Works |
| Conagra Grocery Products Co. |
| Del Monte Foods USA |
| DLJ Produce Inc |
| Edy's Grand Ice Cream |
| Fin Tech |
| Florida Coca-Cola Bottling |
| Florida Power & Light Co. |
| Frito Lay Inc. |
| Front End Services Corp. |
| General Electric Company |
| General Mills Inc. |
| Georgia-Pacific Corp. |
| Gerber Products Company |
| Gillette Company |
| Good Humor Breyers Ice Cream |
| Gourmet Award Foods Mid Atlantic |
| Gulf Coast Coca-Cola Bottling Company |

| |
|---|
| Hershey Chocolate USA |
| JJSLC |
| Keebler Company |
| Kellogg Sales Company |
| Kimberly Clark |
| Konica Photo Imaging |
| Kraft General Foods Inc. |
| Kraft Pizza Company |
| Louisiana Coca-Cola |
| Mansfield Oil Company |
| McKee Foods Corporation |
| Nabisco Brands Inc. |
| Nestle Purina Petcare Company |
| Nestle USA |
| Pepperidge Farm Inc. – Cookies |
| Pepsico, Inc. |
| Powerhouse Produce LLC |
| Procter & Gamble Dist Co. |
| Quaker Oats Company |
| Riverdale Farms |
| Ross Laboratories |
| Safe Harbor Seafood |
| Sanderson Farms |
| Sara Lee Foods |
| Schering-Plough Health Care |
| Schreiber Foods Inc |
| Smith Kline Beecham |
| Unilever Best Foods |
| Unilever HPC USA |
| US Bank Corporation |
| Warner Lambert Consumer Group |

| Wyeth Consumer Healthcare |
| --- |

11.    Institutional Bond Holders

| American Bond Fund of America |
| --- |
| American Capital World Bond Fund |
| American Funds |
| American Funds High Income Trust |
| American Funds Insurance – Asset Allocation |
| American Funds Insurance |
| American Funds Smallcap World Fund |
| American Memorial Life Insurance Co. |
| Amerihealth Insurance Company of New Jersey |
| Ameriprime Funds |
| ANIA High Yield Bond Portfolio |
| Arnhold & S Bleichroeder Advisers, LLC |
| Assurant Inc. |
| Austin Investment Management Co. |
| Aviva Life Insurance Company |
| Capital Research and Management Company |
| CGU Insurance Group |
| Clariden US High Yield Bond Fund |
| Colonial Intermarket Income Trust |
| Columbia Management Advisors |
| Credit Suisse Asset Management Ltd. |
| Credit Suisse FS High Yield Bond |
| Credit Suisse High Yield Bond Fund |
| Delphi Financial Group |
| Denver Investment Advisors Inc. |
| DLJ Investment Management Corp. |
| Dynamic American Value |
| Dynamic American Value Fund |

| |
|---|
| First Eagle Funds |
| First Eagle US Value Fund |
| First Fortis Life Insurance Company |
| Fortis Benefits Insurance Company |
| Fortis Group |
| Fortis Insurance Company |
| Fringe Benefit Life Insurance Company |
| Goodman & Co. Investment Counsel |
| High Yield Plus Fund |
| IMS Capital Management |
| IMS Strategic Income Fund |
| Independence Blue Cross |
| John Alden Life Insurance Company |
| Julius Meinl Investment Gmbh |
| Liberty Funds Distributor, Inc. |
| Meinl Capitol |
| PHUP Training |
| Prudential Investments Fund Management LLC |
| QCC Insurance Company |
| Regence Blue Shield |
| Regence BlueCross BlueShield of Oregon |
| Regence BlueCross BlueShield of Utah |
| Reliance Standard Life Insurance Company |
| Securities Management and Research, Inc. |
| The Vanguard Group |
| Vanguard Group Incorporated |
| Vanguard High-Yield Corporate Bond Portfolio |
| Vanguard VVIF HighYield Bond Fund |
| Wellington Management Co. LLP |
| Westcore Flexible Income Fund |
| Westcore Funds |

12.    Institutional/Significant Shareholders

| |
|---|
| Charles H. Brandes |
| Brandes Investment Partners, Inc. |
| Brandes Investment Partners, L.P. |
| Brandes Worldwide Holdings, L.P. |
| Davis Family Irrevocable Term Trust |
| Jeffrey A. Busby |
| Glenn R. Carlson |
| D.D.I., Inc. formerly Vadis Investments, Inc. |

13.    Parties with filed UCC Financing Statements

| |
|---|
| American Bank Note Company, As Agent For The United States Postal Service |
| Amsouth Bank |
| Bank of America, N.A. |
| Bennett's Leasing Incorporated |
| Cargill, Incorporated |
| Cisco Systems Capital Corporation |
| Computer Leasing Company of Michigan, Inc. |
| Cryovac, Inc. |
| EMC Corporation |
| Fidelity Leasing, Inc. |
| First Union National Bank |
| Fleet Business Credit, LLC |
| Fleet Capital Leasing - Technology Finance |
| Fleet Leasing Corporation |
| GATX Technology Services Corporation |
| GE Capital |
| General Electric Capital |
| General Electric Capital Corporation |
| Healthguard Finance Corporation |

| |
|---|
| Healthguard International, Inc. |
| IBM Credit Corporation (Lessor) |
| IBM Credit LLC |
| Ikon Office Solutions Inc. |
| Konica Photo Imaging |
| Konica USA Inc. |
| National City Bank of Michigan/Illinois |
| NCR Corporation |
| Norse Dairy Systems |
| State of Alabama, Dept. of Revenue |
| Storagetek Financial Services Corporation |
| US Bancorp |
| Wachovia Bank, National Association, As Administrative Agent |
| Wells Fargo Bank, N.A. |
| Xpedex - Division of International Paper |

14.    Other Known Creditors as of Filing Date

| |
|---|
| Canadian Imperial Bank of Commerce |

15.    Insurance Providers

| |
|---|
| ACE American Insurance Co. |
| ACE Bermuda Insurance, Ltd. |
| ACE (Illinois Union) |
| ACE USA |
| AIG Aviation, Inc. |
| American Guarantee Liability Insurance Company (Zurich) |
| Arch Insurance Co. |
| AWAC (Bermuda) |
| Axis Surplus Insurance Co. |

| |
|---|
| Chubb & Son |
| Commonwealth Insurance Company |
| Employer's Insurance Company of Wausau |
| Federal Insurance Co. |
| Great American Assurance |
| Gulf Insurance Company Inc. |
| Hanseatic Ins. Co. (Bermuda) Ltd. |
| The Hartford |
| Illinois Union Insurance Co. |
| Lexington Insurance Co. |
| Liberty Insurance Underwriters, Inc. (Bermuda) |
| Liberty Mutual Insurance Company |
| Liberty Mutual Insurance Europe Ltd. |
| Lloyd's of London |
| Magna Carta Insurance Ltd. |
| Marsh Inc. |
| Marsh USA Inc. |
| Max Re (Bermuda) |
| National Union Fire Insurance Co. |
| RLI Corp. |
| SR International Business Insurance Co. Ltd. |
| St. Paul (Bermuda) Ltd. |
| St. Paul Fire & Marine Ins. Co. |
| St. Paul Mercury |
| Starr Excess Liability Ins. Int'l Ltd. (Bermuda) |
| Travelers Indemnity Co. of Illinois |
| XL Insurance America, Inc. |
| Zurich American Insurance Co. |

16.     Proposed DIP Facility Lenders

| |
|---|
| General Electric Capital Corporation |

| Wachovia Bank, National Association |
| --- |

17.    Debtors' Professionals

| AlixPartners LLC |
| --- |
| Assessment Technologies, Ltd. |
| Bain & Company, Inc. |
| The Blackstone Group, L.P. |
| Carlton Fields, P.A. |
| Citigate Sard Verbinnen |
| Credit Suisse First Boston LLC |
| DJM Asset Management, LLC |
| Gordon Brothers Retail Partners, LLC |
| Holland & Knight LLP |
| King & Spalding LLP |
| Kekst and Company |
| Kirschner & Legler, P.A. |
| KPMG |
| Logan & Company, Inc. |
| PricewaterhouseCoopers LLP |
| Smith, Gambrell & Russell, LLP |
| Smith Hulsey & Busey |
| Stuart, Maue, Mitchell & James Ltd. |
| The Food Partners, LLC |
| Togut, Segal & Segal LLP |
| Watson Wyatt & Co. |
| XRoads Solutions Group (previously Crossroads, LLC) |

18.    Litigation/Investigation Parties

| Bruckmann, Rosser, Sherrill & Co., L.P. |
| --- |
| Barbara M. Dorminey |
| Federal Trade Commission |

| |
|---|
| Jitney-Jungle Stores of America, Inc. |
| Louis Rubinstein |

19.    Middle District of Florida U.S. Trustee's Office (Orlando)

| |
|---|
| APPEL, KATHLEEN M. |
| CLARK, LINDA |
| ESCAMILLA, ELENA L. |
| GENTRY, GARY E. |
| GIMENEZ, MAUREEN E. |
| HARPER, ALISA |
| MANGI, PATSY S. |
| MEEKER, KENNETH C. |
| MURREY, DONNA |
| PORTER, BILL |
| SHAFTER, CAROL D. |
| SINCLAIR, PATRICIA A. |
| SINGH, J. LEILA |
| SUAREZ, MIRIAM G. |
| TURNER, FELICIA S. |

20.    Middle District of Florida / Jacksonville Bankruptcy Judges

| |
|---|
| Jerry A. Funk |
| George L. Proctor |

21.    Middle District of Florida / Jacksonville District Court Judges

| |
|---|
| Lee Adams, Jr. |
| Timothy J. Corrigan |
| Howell W. Melton |
| John H. Moore II |
| Marcia Morales Howard |

| Thomas E. Morris |
| Monte C. Richardson |
| Harvey E. Schlesinger |
| Howard T. Snyder |

22.    Creditors Committee (Current and Former Members)

| Deutsche Bank Trust Company Americas |
| Capital Research and Management Company |
| Kraft Foods Global, Inc. |
| New Plan Excel Realty Trust, Inc. |
| OCM Opportunities Fund V, L.P. |
| Pepsico & Subsidiaries |
| $R^2$ Investments, LDC (c/o Amalgamated Gadget, LP) |

23.    Creditors Committee Professionals

| Akerman Senterfitt |
| Alvarez & Marsal, LLC |
| Houlihan Lokey Howard & Zukin Capital |
| Milbank, Tweed, Hadley & McCloy LLP |

24.    Other Party Professionals

| Morgan, Lewis & Bockius LLP |
| Otterbourg, Steindler, Houston & Rosen, P.C. |
| Pepper Hamilton LLP |
| Shearman & Sterling LLP |

25.    Equity Committee Members (Now Disbanded)

| Brandes Investment Partners, L.P. |
|---|
| Houston N. Maddox |
| Poul Madsen / Paul Madsen |
| Michael Nakonechny |
| Kenneth M. Thomas |

26.    Equity Committee Professionals (Equity Committee Now Disbanded)

| Jefferies & Company, Inc. |
|---|
| Jennis & Bowen, P.L. |
| Paul, Hastings, Janofsky & Walker LLP |

27.    Publicly Disclosed Potential Bidders for Bahamas Assets/Operations (BK Foods Limited)

| BK Foods Limited |
|---|
| BK Partners (parent) |
| Colina Financial Advisors (Financial Advisor) |
| Mark Anthony Garet Finlayson (Director) |
| Jerome Fitzgerald (Director) |
| Goodmas Bay Corporate Centre (affiliate?) |
| Higgs & Johnson (Legal Counsel) |
| Philip Kemp (Director) |

**<u>Exhibit C</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING DEBTORS TO RETAIN JENNER & BLOCK LLP AS**
**SPECIAL INSURANCE LITIGATION COUNSEL**

These cases came before the Court for hearing on May 4, 2006, upon the application of

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-

administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry

of an order authorizing the Debtors to retain Jenner & Block LLP ("Jenner") as special insurance

litigation counsel (the "Application").[1]    The Court has reviewed the Application, the letter

agreement dated July 13, 2004 and attached as Exhibit A to the Application (the "Engagement

Letter"), and the supporting declaration of John H. Mathias, Jr. attached as Exhibit B to the

Application (the "Mathias Declaration"), and has considered the representations of counsel.

Based upon the representations of counsel, after due deliberation and finding proper notice has

been given, the Court determines that good cause exists to grant the relief requested in the

Application and that granting such relief is in the best interest of these estates and creditors.

Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Application is granted.

---

[1]        All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2.      The Debtors are authorized to retain Jenner as special insurance litigation counsel pursuant to section 327(e) of the Bankruptcy Code on the terms set forth in the Application, the Engagement Letter, and the Mathias Declaration.

3.      If any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Jenner's employment shall continue as authorized pursuant to this Order.

4.      Jenner shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

5.      No work performed by Jenner shall be duplicative of work performed by any other professional retained by the Debtors in these cases.

6.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated May ___, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

2