# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:                                          CASE NO.: 3:05-bk-03817-JAF
                                                Chapter 11
WINN-DIXIE STORES, INC.,

    Debtor.
_____/

## MARY KNOWLES ANDERSON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Creditor, MARY KNOWLES ANDERSON, (hereinafter referred to as "ANDERSON"), moves the Court, pursuant to Federal Rules of Bankruptcy Procedure 4001 and 9014 to lift the automatic stay imposed by 11 U.S.C. Section 362(a) for cause under 11 U.S.C. Section 362(d) and pursuant to 11 U.S.C. Section 1301 and in support of its motion states:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on February 21, 2005.

2. ANDERSON is the Plaintiff in a State Court lawsuit pending in the Circuit Court of St. Lucie County, State of Florida, in which the Debtor is but one of several named Defendants. Overall damages of approximately $200,000.00 are being sought under theories of negligence for which the claim occurred on or about July 1, 2002.

3. Attached hereto and made a part hereof as Exhibit "A" is a true and correct copy of a the State Circuit Court Complaint that is attached hereto and incorporated herein by reference.

4. ANDERSON seeks stay relief to continue the pursuit of the pending litigation against the co-Defendants, as well as the Debtor, to liquidate the claim against each of the

Defendants individually, and jointly and severally.

5. The issues involved in the litigation are complex and rely on Florida state law, as well as rules and regulations of State regulatory and administrative governmental agencies. In light of the state law issues and remedies involved, and the related co-Defendants, it would be a more economical use of judicial resources for the State Circuit Court to make the determination of liability and ascertain damages upon such a finding.

6. It would create an undue hardship on the Plaintiff and various witnesses to have the Plaintiff's claim liquidated in both the State Court and this Bankruptcy Court.

7. ANDERSON includes in her request for stay relief the ability to conduct discovery through and against the Debtor, hearings on contested motions, and a trial on the merits in the State Court. Additionally, to the extent that the Debtor maintains any form of insurance coverage, then the relief sought herein would include the ability to pursue all such available coverage.

8. However, ANDERSON acknowledges and agrees that no collection activity will take place against the Debtor or the assets of the estate pursuant to the relief sought herein. Once a determination of liability is made and if damages are established against the Debtor, then the estimated Proof of Claim of ANDERSON will filed accordingly, and damages will be sought from collateral sources, and/or third parties. ANDERSON will respect the provisions of the bankruptcy code regarding the payment of any such claim, to the extent that there are assets of this bankruptcy estate. No *in personam* relief will be sought from the Debtor.

9. The foregoing represents cause for the stay relief sought to continue the

pursuit the pending State Court proceedings against the Debtor and various co-Defendants by ANDERSON.

10. ANDERSON will suffer irreparable damage and will be prejudiced in her ability to properly litigate the pending Florida State Court lawsuit if this Court does not grant relief from the automatic stay for the reasons.

WHEREFORE, Creditor, ANDERSON, respectfully request that the automatic stay imposed by 11 U.S.C. Section 362(a) be lifted to permit ANDERSON to continue the pursuit of the pending State Court litigation to obtain an determination of liability and liquidation of damages that may be due to ANDERSON by the Debtor and/or co-Defendants, and to pursue any available insurance coverage, or such other and further relief as is just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via electronic mail or regular U. S. Mail to the parties on the attached Local Rule 1007-2 Parties In Interest List this 17th day of April, 2006.

> KELLEY & FULTON, P.A.
> Attorney for Mary Knowles Anderson
> 1665 Palm Beach Lakes Blvd.
> The Forum - Suite 1000
> West Palm Beach, Florida 33401
> Telephone No.:  (561) 491-1200
> Facsimile No.:  (561) 684-3773
>
> By:/s/ Craig I. Kelley
>     Craig I. Kelley, Esquire
>     Florida Bar No.: 782203

F:\CLIENTS\Goldstein, Lauri\Anderson, Mary vs Winn Dixie\MO'STAY.Litigation.wpd