## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

### AMENDED[1] AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF MYRA HISE (CLAIM NOS. 3168 and 7503)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Myra Hise (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 7503 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $3,500.00 against Winn-Dixie Stores, Inc. in Case No. 05-3817 which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 7503 and (ii) all other claims, including but not limited to Claim No. 3168, the

---

[1] This Order is amended to correct paragraph 1 of the Order dated January 3, 2006 (Docket No. 4949) to state that "Claim No. 7503 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $3,500.00 ... which the Debtors are authorized to pay in full in accordance with the Claims Resolution Procedure" ... instead of the $10,000.00 that was to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

00526121.DOC

Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 14 day of April, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00526121.DOC

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By _____
   James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

GREGORY E. MONALDI, P.A.

By _____
   Jose A. Negroni
   200 SE 9th ST
   Ft. Lauderdale, FL 33316

Attorney for the Claimant

00526121.DOC