IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: :<br><br>WINN-DIXIE STORES, INC., et al.,<br><br>Debtor(s). | Case No.: 3-05-bk-03817-JAF<br>Chapter 11<br>JOINTLY ADMINISTERED |

**APPLICATION ON BEHALF OF THE MEMBERS OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED THROUGH JANUARY 30, 2006**

Pursuant to Section 503 of the Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Equity Security Holders (the "Equity Committee") appointed in the above-captioned chapter 11 cases (the "Bankruptcy Cases") of Winn-Dixie Stores, Inc., et al. (collectively, the "Debtors") hereby requests reimbursement on a final basis of actual and necessary expenses incurred in these Bankruptcy Cases by members of the Equity Committee (the "Equity Committee Members") as set forth herein for the period from August 17, 2005 to January 30, 2006 (the "Application Period").

**Background**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed their petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.  Upon consideration of requests and information submitted to the U.S. Trustee, on or about June 28, 2005, the U.S. Trustee concluded that the appointment of an equity committee was necessary in these Bankruptcy Cases.

3. On August 17, 2005, pursuant to Section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Equity Committee and designated the following five (5) equity security holders to serve as members of the Equity Committee in these cases: (i) Mr. Houston Maddox; (ii) Mr. Greg Rippel on behalf of the Brandes Investment Partners, L.P. Profit Sharing Plan; (iii) Mr. Paul Madsen;[1] (iv) Mr. Michael Nakonechny; and (v) Mr. Kenneth Thomas.

4. After its formation, the Equity Committee selected Paul, Hastings, Janofsky & Walker LLP as its counsel and Jennis & Bowen PL as its co-counsel. The Equity Committee also selected Jefferies & Company, Inc. as its financial advisors. All three firms were retained by separate orders of the Court.

5. On January 11, 2006, the U.S. Trustee filed its Notice of Disbandment of Equity Security Holders Committee. On or about January 17, 2006, the Equity Committee filed its (I) Objection and Motion to Set Aside the United States Trustee's Notice of Disbandment of Equity Security Holders Committee and (II) Motion for Appointment of Equity Security Holders Committee Nunc Pro Tunc to January 11, 2006 (the "Motion for Appointment").

6. On January 30, 2006, the Court held a hearing on the Motion for Appointment and took the matter under advisement. On February 6, 2006, the Court entered its Order Denying Motion for Appointment of Equity Security Holders Committee.

**Relief Requested**

7. Pursuant to Section 503(b)(3)(F) of the Bankruptcy Code and Bankruptcy Rule 2016, the Equity Committee requests reimbursements representing the actual and necessary expenses of the following Equity Committee Members incurred through January 30, 2006: (i) Houston Maddox in the amount of $327.63; (ii) Paul Madsen in the amount of $75.50; and (iii) Kenneth Thomas in

---

[1] On or about September 23, 2005, Mr. Madsen resigned from the Equity Committee.

the amount of $342.75.  The aggregate expenses incurred by the individual Equity Committee Members through January 30, 2006 is $745.88.  A summary of the expenses is attached hereto as <u>Exhibit A.</u>  Receipts documenting the expenses of each of the Equity Committee Members are attached hereto as <u>Exhibits B</u>, <u>C</u> and <u>D</u>, respectively.

8. Section 503(b)(3)(F) provides in relevant part as follows:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under 502(f) of this title, including –
>
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
> (F) a member of a committee appointed under section 1102 of this title, if such expenses are incurred in the performance of the duties of such committee.

9. Courts have held that "[i]f an expense would not have been incurred but for an individual's service on a section 1102 committee, it may be reimbursable under section 503(b)(3)(F)."  <u>McDow v. Official Committee of Equity Security Holders of Criimi Mae Inc.</u>, 247 B.R. 146 (D. Md. 1999).  In this case, each of the Equity Committee Members was duly appointed by the U.S. Trustee pursuant to Section 1102 of the Bankruptcy Code on August 17, 2005.  The expenses requested are actual and necessary expenses incurred in the performance of the duties each Equity Committee Member as detailed on <u>Exhibits B</u>, <u>C</u>, and <u>D</u>.  <u>See</u> <u>In re Fibrex, Inc.</u>, 270 B.R. 714, 716 (Bankr. S.D. Ind. 2001) ("[t]he expenses falling within the scope of § 503(b)(3)(F) will most often consist of travel expenses for committee members to attend meetings.  Reimbursement for telephone charges, postage, messenger services and the like can also be sought") (citations omitted).

WHEREFORE, the Equity Committee respectfully requests reimbursement to (i) Houston Maddox in the amount of $327.63; (ii) Paul Madsen in the amount of $75.50; and (iii) Kenneth

Thomas in the amount of $342.75 as reimbursement for their actual and necessary expenses incurred during the Application Period and such other and further relief as is just and proper.

Respectfully submitted this 17th day of April, 2006.

                        JENNIS BOWEN & BRUNDAGE, P.L.

                        /s/David S. Jennis
                        David S. Jennis
                        Fla. Bar No. 775940
                        Chad S. Bowen
                        Fla. Bar No. 0138290
                        400 North Ashley Drive, Suite 2540
                        Tampa, FL 33602
                        Telephone: (813) 229-1700
                        djennis@jennisbowen.com
                        cbowen@jennisbowen.com

                        - and -

                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                        Karol K. Denniston
                        Ga. Bar No. 218333
                        600 Peachtree Street, Suite 2400
                        Atlanta, GA 30308
                        Telephone: (404) 815-2400
                        karolkdenniston@paulhastings.com

                        - and -

                        PAUL, HASTINGS, JANOFSKY & WALKER LLP
                        James D. Wareham
                        DC Bar No. 411799
                        875 15th Street
                        Washington, DC  20005
                        Telephone: (202) 551-1700
                        jameswareham@paulhastings.com

                        ***Co-Counsel for the Official Committee of Equity Holders***