IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 3:05-bk-3817-JAF |
| Debtors. | (Jointly Administered) |

## NOTICE OF TRANSFER OF CLAIM (AFTER PROOF FILED) OTHER THAN FOR SECURITY PURSUANT TO FED.R.BANKR.P. 3001(e)(2)

TO TRANSFEROR:
Bunkie Investments Company, LLC
Attn: Christopher A. Sarpy
3621 Ridgelake Drive, Suite 203
Metairie, LA 70002

**PLEASE TAKE NOTICE** that the filed claim of **BUNKIE INVESTMENT COMPANY, L.L.C.** ("Transferor") against the Debtor, Winn-Dixie Montgomery, Inc., in the amount of **$761,545.21** (Claim No. 12375), as listed within the Claims Register, and the claim of Transferor has been transferred and assigned other than for security to **CSFB 1998-C1 SHIRLEY ROAD, L.L.C.**, the Transferee. As evidence thereto, please see attached **Exhibit "A"**.

If you do not object to the transfer of your claim, no action is required. If you do object to such transfer, you must within 20 days of the date of this Notice file a written objection with the United States Bankruptcy Court for the Middle District of Florida, with a copy to Transferee at the address listed below:

TRANSFEREE:
CSFB 1998-C1 Shirley Road, L.L.C.
c/o LNR Partners, Inc.
1601 Washington Avenue, Suite 700
Miami Beach, FL 33139
Attn: Mr. Arne Shulkin

Dated: April 18, 2006

                Respectfully submitted,

                KOZYAK TROPIN & THROCKMORTON, P.A.
                Counsel for Transferee
                2525 Ponce De Leon, 9th Floor
                Coral Gables, Florida 33134
                Telephone:   (305) 372-1800
                Facsimile:    (305) 372-3508
                Email:        jwk@kttlaw.com

                By:   */s/ John W. Kozyak*

                  John W. Kozyak, Esq.
                  Fla. Bar No. 200395

## NOTICE AND ASSIGNMENT OF CLAIM

**BUNKIE INVESTMENT COMPANY, L.L.C.**, a Louisiana limited liability company (the "**Assignor**"), whose address is 3621 Ridgelake Drive, Suite 203, Metairie, Louisiana 70002 3621 Ridgelake Drive, Suite 203, Metairie, Louisiana 70002, for good and valuable consideration, the receipt and sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **CSFB 1998-C1 SHIRLEY ROAD, LLC**, a Louisiana limited liability company, its successors and assigns (collectively the "**Assignee**"), all of the Assignor's rights to that certain proof of claim, including any amendment thereto, in the Chapter 11 bankruptcy proceedings of Winn Dixie Montgomery, Inc., successor by merger to Winn-Dixie Louisiana, Inc. (the "**Debtor**"), Case No. 05-03837-3FL, which bankruptcy case is currently pending in the United States Bankruptcy Court for the Middle District of Florida, in the principal amount of at least $761,545.21 (collectively, the "**Claim**"). The Claim, which was filed by the Assignor, is docketed by Bankruptcy Management Corporation as claim number 12375 whether or not such claim or claims are specifically referenced by this Notice and Assignment of Claim (this "**Assignment**").

This Assignment shall apply to all claims arising under, or in connection with, that certain Lease dated April 10, 1996, with Original Borrower, as landlord, and Winn-Dixie Louisiana, Inc., a Florida corporation, predecessor by merger to Winn Dixie Montgomery, Inc. ("**Winn-Dixie**"), as tenant, as evidenced by that certain Short Form Lease dated April 10, 1996, with Original Borrower, as landlord, and Winn-Dixie, as tenant, recorded in the Records in Mortgage Book 66, Page 595, under Registry Number 96-4088, for that certain Winn-Dixie store located at the easterly corner of U.S. Highway 71 and Shirley Road, in the City of Bunkie, Parish of Avoyelles, State of Louisiana (as subsequently amended, altered, or modified, the "**Lease**"), whether a Proof of Claim was previously filed by Assignor or not. This Assignment shall be deemed an absolute and unconditional assignment of the Claim and all deposits, accounts, rent, and claims against the Debtors for the purposes of collection.

Assignor represents, warrants and covenants that:

(a) Assignor shall provide all information reasonably necessary to amend the Claim amount, if necessary. Assignee shall be deemed to be the owner of the entire Claim pursuant to the terms of this Assignment. This Assignment may be attached to any such Proof of Claim.

(b) No payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim.

(c) Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part.

(d) Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests, encumbrances or restrictions on transfer of any kind or nature whatsoever, except the lien of Assignee, and there are no offsets or defenses to the best of Assignor's knowledge that have been or may be asserted by or on behalf of Debtors or any other party to reduce the amount of the Claim or to impair its value.

MIAMI 964761.1 7249628028
12/21/05 3:27 PM



EXHIBIT "A"

(e) The Assignor is not an "insider" with respect to the Debtors or any affiliate of the Debtors, as that term is defined in § 101(31) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* or a member of any official or unofficial committee in respect of the Proceedings.

(f) To the actual knowledge of Assignor, without inquiry, the Claim is not subject to any claim or right of set-off, reduction, recoupment, impairment, avoidance, disallowance or subordination.

(g) In the event that a distribution payment on account of the Claim is mailed to the Assignor, the Assignor acknowledges that such distribution is the property of the Assignee and that the Assignor shall immediately remit the payment to the Assignee.

(h) In the event that the distribution payment is made payable to the Assignor, the Assignor designates the Assignee as its attorney in fact and authorizes the Assignee to indorse the check or draft in the name of the Assignor and to deposit such check or draft in the Assignee's bank account.

In the event of an objection to the Claim, Assignor shall provide whatever information is reasonably requested by Assignee, and which is in the possession of the Assignor, and shall reasonably assist Assignee in the defense of the Claim against such objections. Assignor shall reasonably assist Assignee in seeking allowance of the Claim. This shall include, among other things, providing any testimony before the Court in order to establish allowance of the Claim or the Claim's amount. Assignee shall reimburse Assignor for any reasonable costs incurred in connection with providing such information and testimony.

Assignee may compromise or settle the claim in its sole discretion.

Assignor covenants that from time to time and at Assignee's request, but without further consideration, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered all and every such further reasonable acts, transfers, conveyances, assignments, powers of attorney and assurances as reasonably may be required for the better transferring and assigning the Claim to the Assignee. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this assignment of the Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Notice and Assignment of Claim by its duly authorized representative as of the ____ day of December, 2005.

**ASSIGNOR:**

**BUNKIE INVESTMENT COMPANY, L.L.C.,**
**a Louisiana limited liability company**

Witnesses:

Signature: _____   By: _____
Print Name: SYLVIA A. DAIGLE          Christopher A. Sarpy,
                                      Manager

Signature: _____
Print Name: HELEN L. GUICHARD

_____
NOTARY PUBLIC