IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 3:05-bk-3817-JAF |
| Debtors. | (Jointly Administered) |

_____/

## NOTICE OF TRANSFER OF CLAIM (AFTER PROOF FILED) OTHER THAN FOR SECURITY PURSUANT TO FED.R.BANKR.P. 3001(e)(2)

TO TRANSFEROR:
Perimeter Place Associates, L.P.
Attn: Francis Lott, President
1201 North Peterson Avenue
Douglas, GA 31533-0269

**PLEASE TAKE NOTICE** that the filed claim of **PERIMETER PLACE ASSOCIATES, L.P.** ("Transferor") against the Debtor, Winn-Dixie Stores, Inc., in the amount of **$681,387.51** (Claim No. 12066), as listed within the Claims Register, and the claim of Transferor has been transferred and assigned other than for security to **SASCO 1996-CFL DOUGLAS CENTER LIMITED PARTNERSHIP**, the Transferee. As evidence thereto, please see attached **Exhibit "A"**.

If you do not object to the transfer of your claim, no action is required. If you do object to such transfer, you must within 20 days of the date of this Notice file a written objection with the United States Bankruptcy Court for the Middle District of Florida, with a copy to Transferee at the address listed below:

TRANSFEREE:
SASCO 1996-CFL Douglas Center Limited Partnership
c/o LNR Partners, Inc.
1601 Washington Avenue, Suite 700
Miami Beach, FL 33139
Attn: Mr. Arne Shulkin

Dated:  April 18, 2006

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Transferee
2525 Ponce De Leon, 9th Floor
Coral Gables, Florida 33134
Telephone:    (305) 372-1800
Facsimile:    (305) 372-3508
Email:        jwk@kttlaw.com

By:    /s/ John W. Kozyak

John W. Kozyak, Esq.
Fla. Bar No. 200395

## NOTICE AND ASSIGNMENT OF CLAIM

**PERIMETER PLACE ASSOCIATES L.P.**, a Georgia limited partnership ("**Assignor**"), having an address at 1201 North Peterson Avenue, Douglas, Georgia 31533, for good and valuable consideration, the receipt and sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **SASCO 1996-CFL DOUGLAS CENTER LIMITED PARTNERSHIP**, a Georgia limited partnership, its successors and assigns (collectively the "**Assignee**"), whose address is c/o LNR Partners, Inc., 1601 Washington Avenue, Suite 700, Miami Beach, Florida 33139, all of the Assignor's rights to those certain proofs of claim, including any amendment thereto, in the Chapter 11 bankruptcy proceedings of Winn-Dixie Stores, Inc. ("**Debtor**"), Case No. 05-03817-3F1, which bankruptcy case is pending in the United States Bankruptcy Court for the Middle District of Florida, in the principal amount of $681,387.51, (the "**Claim**"). The Claim was filed by the Assignor as claim number 12066, whether or not such claim or claims are specifically referenced by this Notice and Assignment of Claim (this "**Assignment**").

This Assignment shall apply to all claims under that certain Lease Agreement dated August 15, 1990 by and between Assignor and Debtor, as subsequently amended, altered, or modified, for that certain Winn Dixie store #178 located at Perimeter Place Shopping Center, US Highway 441 and State Road 135, Douglas, Coffee County, Georgia (the "**Lease**"), whether a Proof of Claim was previously filed by Assignor or not. This Assignment shall be deemed an absolute and unconditional assignment of the Claim and all deposits, accounts, rent, and claims against the Debtors for the purposes of collection.

Assignor represents, warrants and covenants that:

(a)     Assignee may file a proof or proofs of claim in the Case to enforce and recover the Claim. Assignor shall provide all information necessary to amend the Claim amount, if necessary. Assignee shall be deemed to be the owner of the entire Claim pursuant to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. This Assignment may be attached to any such Proof of Claim.

(b)     No payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim.

(c)     Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part.

(d)     To the best of Assignor's knowledge, Assignee will not receive in respect of the Claim proportionally less payment or distributions or less favorable treatment than any other general pre-petition unsecured creditor of the Debtors.

(e)     Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests, encumbrances or restrictions on transfer of any kind or



nature whatsoever, except the lien of Assignee, and there are no offsets or defenses to the best of Assignor's knowledge that have been or may be asserted by or on behalf of Debtors or any other party to reduce the amount of the Claim or to impair its value.

(f)     This Assignment constitutes the legal, valid and binding obligation of Assignor, enforceable against Assignor in accordance with its terms.

(g)     The Assignor is not an "insider" with respect to the Debtors or any affiliate of the Debtors, as that term is defined in § 101(31) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* or a member of any official or unofficial committee in respect of the Proceedings.

(h)     To the best of Assignor's knowledge, the Claim is not subject to any claim or right of set-off, reduction, recoupment, impairment, avoidance, disallowance or subordination.

(i)     To the best of Assignor's knowledge, there are no legal or equitable defenses, counterclaims, or offsets that have been or may be asserted to reduce the amount of the Claim or affect its validity or enforceability.

(j)     In the event that a distribution payment on account of the Claim is mailed to the Assignor, the Assignor acknowledges that such distribution is the property of the Assignee and that the Assignor shall immediately remit the payment to the Assignee.

(k)     In the event that the distribution payment is made payable to the Assignor, the Assignor designates the Assignee as its attorney in fact and authorizes the Assignee to endorse the check or draft in the name of the Assignor and to deposit such check or draft in the Assignee's bank account.

In the event of an objection to the Claim, Assignor shall provide whatever information is requested by Assignee, and which is in the possession of the Assignor, and shall reasonably assist Assignee in the defense of the Claim against such objections. Assignor shall reasonably assist Assignee in seeking allowance of the Claim. This shall include, among other things, providing any testimony before the Court in order to establish allowance of the Claim or the Claim's amount. Assignee shall reimburse Assignor for any reasonable costs approved in writing by Assignee incurred in connection with providing such information and testimony.

Assignee may compromise or settle the claim in its sole discretion.

Assignor covenants that from time to time and at Assignee's request, but without further consideration, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered all and every such further reasonable acts, transfers, conveyances, assignments, powers of attorney and assurances as reasonably may be required for the better transferring and assigning the Claim to the Assignee. Assignor hereby waives any notice or hearing requirements imposed by Rule

3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this assignment of the Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Notice and Assignment of Claim by its duly authorized representative this _13th_ day of _March_, 2006.

**ASSIGNOR:**

**PERIMETER PLACE ASSOCIATES L.P.**, a
Georgia limited partnership

By: Perimeter Place Center, LLC, a Georgia
limited liability company, its General Partner

By: _____
    Francis Lott, President and Chairman of
    the Board

Witnesses:

Signature: _____
Print Name: _SHERWOOD Nance_

Signature: _MarSheMiller_
Print Name: _MarSheMiller_
Notary Public, State of Georgia

My commission expires:
    Notary Public, Coffee County, Georgia
    My Commission Expires April 1, 2008

[AFFIX SEAL]

(or complete attached notarial acknowledgment)