IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 3:05-bk-3817-JAF |
| Debtors. _____/ | (Jointly Administered) |

### NOTICE OF TRANSFER OF CLAIMS (AFTER PROOF FILED) OTHER THAN FOR SECURITY PURSUANT TO FED.R.BANKR.P. 3001(e)(2)

TO TRANSFEROR:
Greenwood Plaza, Ltd.
Attn: Jack Fiorella, III, President
3800 Corporate Woods Drive
Birmingham, AL 35242

**PLEASE TAKE NOTICE** that the filed claims of **GREENWOOD PLAZA, LTD.** ("Transferor") against the Debtor, Winn-Dixie Stores, Inc. (Claim No. 12578) and Winn-Dixie Montgomery, Inc. (Claim No. 12579), both in the amount of **$439,611.75**, as listed within the Claims Register, and the claims of Transferor have been transferred and assigned other than for security to **FUCMS 1999-C1 MERIDIAN GROCERY, LLC**, the Transferee. As evidence thereto, please see attached **Exhibit "A"**.

If you do not object to the transfer of your claims, no action is required. If you do object to such transfer, you must within 20 days of the date of this Notice file a written objection with the United States Bankruptcy Court for the Middle District of Florida, with a copy to Transferee at the address listed below:

TRANSFEREE:
FUCMS 1999-C1 Meridian Grocery, LLC
c/o LNR Partners, Inc.
1601 Washington Avenue, Suite 700
Miami Beach, FL 33139
Attn: Mr. Arne Shulkin

Dated: April 18, 2006

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for Transferee
2525 Ponce De Leon, 9th Floor
Coral Gables, Florida 33134
Telephone:   (305) 372-1800
Facsimile:   (305) 372-3508
Email:        jwk@kttlaw.com

By:   */s/ John W. Kozyak*

   John W. Kozyak, Esq.
   Fla. Bar No. 200395

## NOTICE AND ASSIGNMENT OF CLAIM

**GREENWOOD PLAZA, LTD.**, an Alabama limited partnership registered to do business in Mississippi as Greenwood Plaza Limited Partnership, (the "**Assignor**"), whose address is 3800 Corporate Woods Drive, Birmingham, Alabama 35242, for good and valuable consideration, the receipt and sufficiency of which is acknowledged, hereby absolutely and unconditionally sells, transfers and assigns to **FUCMS 1999-C1 MERIDIAN GROCERY, LLC**, a Mississippi limited liability company, its successors and assigns (collectively the "**Assignee**"), all of the Assignor's rights to those certain proofs of claim, including any amendment thereto, in the Chapter 11 bankruptcy proceedings of Winn-Dixie Montgomery, Inc. ("**Tenant**") and Winn-Dixie Stores, Inc. ("**W-D**", and collectively with Tenant, "**Debtor**"), Cases Nos. 05-03837-3F1 (with respect to Tenant) and 05-03817-3F1 (with respect to W-D, and under which number the cases are jointly administered), which bankruptcy cases are pending in the United States Bankruptcy Court for the Middle District of Florida, in the principal amount of $439,611.75, (collectively, the "**Claims**"). The Claims were filed by the Assignor, as claim number 12579 (with respect to Tenant) and claim number 12578 (with respect to W-D), whether or not such claim or claims are specifically referenced by this Notice and Assignment of Claim (this "**Assignment**").

This Assignment shall apply to all claims under that certain Lease Agreement dated February 11, 1982 by and between Larry B. Tiffee and Winn Dixie Montgomery, Inc., successor by assignment from Jitney Jungle Stores of America, Inc., as subsequently amended, altered, or modified, for that certain Winn Dixie store #583 located at 915 S.R. 19 North, Meridian, Mississippi (the "**Lease**"), whether a Proof of Claim was previously filed by Assignor or not. This Assignment shall be deemed an absolute and unconditional assignment of the Claim and all deposits, accounts, rent, and claims against the Debtors for the purposes of collection.

Assignor represents, warrants and covenants that:

(a) Assignee may file a proof or proofs of claim in the Case to enforce and recover the Claim. Assignor shall provide all information necessary to amend the Claim amount, if necessary. Assignee shall be deemed to be the owner of the entire Claim pursuant to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. This Assignment may be attached to any such Proof of Claim.

(b) No payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim.

(c) Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part.

(d) To the best of Assignor's knowledge, Assignee will not receive in respect of the Claim proportionally less payment or distributions or less favorable treatment than any other general pre-petition unsecured creditor of the Debtors.

(e) Assignor owns and has title to the Claim free and clear of any and all liens, claims, security interests, encumbrances or restrictions on transfer of any kind or nature


EXHIBIT "A"

whatsoever, except the lien of Assignee, and there are no offsets or defenses to Assignor's knowledge that have been or may be asserted by or on behalf of Debtors or any other party to reduce the amount of the Claim or to impair its value.

(f) This Assignment constitutes the legal, valid and binding obligation of Assignor, enforceable against Assignor in accordance with its terms.

(g) The Assignor is not an "insider" with respect to the Debtors or any affiliate of the Debtors, as that term is defined in § 101(31) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* or a member of any official or unofficial committee in respect of the Proceedings.

(h) To Assignor's knowledge, the Claim is not subject to any claim or right of set-off, reduction, recoupment, impairment, avoidance, disallowance or subordination.

(i) To Assignor's knowledge, there are no legal or equitable defenses, counterclaims, or offsets that have been or may be asserted to reduce the amount of the Claim or affect its validity or enforceability.

(j) In the event that a distribution payment on account of the Claim is mailed to the Assignor, the Assignor acknowledges that such distribution is the property of the Assignee and that the Assignor shall immediately remit the payment to the Assignee.

(k) In the event that the distribution payment is made payable to the Assignor, the Assignor designates the Assignee as its attorney in fact and authorizes the Assignee to endorse the check or draft in the name of the Assignor and to deposit such check or draft in the Assignee's bank account.

In the event of an objection to the Claim, Assignor shall provide whatever information is reasonably requested by Assignee, and which is in the possession of the Assignor, and shall reasonably assist Assignee in the defense of the Claim against such objections. Assignor shall reasonably assist Assignee in seeking allowance of the Claim. This shall include, among other things, providing any testimony before the Court in order to establish allowance of the Claim or the Claim's amount. Assignee shall reimburse Assignor for any reasonable costs approved in writing by Assignee incurred in connection with providing such information and testimony.

Assignee may compromise or settle the Claim in its sole discretion.

Assignor covenants that from time to time and at Assignee's request, but without further consideration, Assignor will do, execute, acknowledge and deliver or will cause to be done, executed, acknowledged and delivered all and every such further reasonable acts, transfers, conveyances, assignments, powers of attorney and assurances as reasonably may be required for the better transferring and assigning the Claim to the Assignee. Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this assignment of the Claim as an unconditional assignment and Assignee as the valid owner of the Claim.

IN WITNESS WHEREOF, Assignor has duly executed this Notice and Assignment of Claim by its duly authorized representative this 10th day of April, 2006.

ASSIGNOR:

**GREENWOOD PLAZA, LTD.,**
an Alabama limited partnership

Witnesses:

By: Greenwood Plaza, Inc., an Alabama corporation, its General Partner

Signature: *Becky Woodman*
Print Name: Becky Woodman

By: *[signature]*
Jack Fiorella III
President

Signature: *Peggy McDaniel*
Print Name: Peggy McDaniel


STATE OF ALABAMA    )
                    )
COUNTY OF JEFFERSON )

**PERSONALLY APPEARED BEFORE ME**, the undersigned in and for the jurisdiction aforesaid, the within named Jack Fiorella III, who acknowledges that he is President of Greenwood Plaza, Inc., an Alabama corporation, which is the General Partner of **GREENWOOD PLAZA, LTD.**, an Alabama limited partnership registered to do business in Mississippi as Greenwood Plaza Limited Partnership, and that as President of the said Corporation acting in its representative capacity as General Partner of said Limited Partnership, he executed the above and foregoing instrument on the day and year therein mentioned, after first having been duly authorized to do so by said Corporation and by said Limited Partnership.

**GIVEN UNDER MY HAND AND OFFICIAL SEAL** on this _____ day of April, 2006.

_____
NOTARY PUBLIC

My Commission Expires: _____
Notary Public, Alabama, State at Large
My Commission Expires June 3, 2008