**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |
| _____) | | |

**NOTICE OF WITHDRAWAL**
**OF LANDLORD'S MOTION TO COMPEL DEBTOR TO PAY PAST DUE (OCTOBER 2005 THROUGH FEBRUARY 2006) AND ONGOING RENT PAYMENTS FOR STORE #278, AND TO ASSUME OR REJECT LEASE AS EXECUTORY CONTRACT (Docket No. 6008), WITHOUT PREJUDICE**

Westfork Tower, LLC (the "Landlord"), hereby gives notice that it withdraws its Motion to Compel Debtor to Pay Past Due (October 2005 through February 2006) and Ongoing Rent Payments for Store #278, and to Assume or Reject Lease as Executory Contract (Docket No. 6008) (the "Motion to Compel"), without prejudice, and alleges:

1. The Landlord filed its Motion to Compel on February 22, 2006. After the Landlord filed its Motion to Compel, the Debtor tendered sufficient money to the Landlord to pay a portion of the past due rents and other charges.

2. Upon receipt of the first tender, the Landlord advised counsel for the Debtor that the tender was insufficient to pay all amounts in full, whereupon the Debtor tendered another sum to the Landlord.

3. To date, the Debtor has tendered to the Landlord amounts sufficient to bring current the base rent, taxes and CAM due under the lease between the parties, but has not tendered any amount as payment for the attorneys' fees or costs that Landlord claims are due under the terms of the lease.

4. The Debtor and the Landlord agree that the Landlord's withdrawal of its Motion to Compel is without prejudice to (1) the Landlord's claim to attorneys' fees and costs allegedly incurred in these cases, including without limitation, those fees and costs allegedly incurred in connection with and as a result of the Debtor's post-petition rent defaults and (ii) the Debtor's defenses to any such claims. The Landlord's claims are preserved, to be presented to this Court at another date in connection with a claim

for administrative rent or as part of a possible assumption and assignment of the lease at issue; and the Debtor's objections to any such claims of the Landlord are similarly preserved.

Dated: April 18, 2006

Respectfully submitted,

SCRUGGS & CARMICHAEL, P.A.

/s/ Karen K. Specie, Esquire
KAREN K. SPECIE, ESQUIRE
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Fascimile: 352-375-0690
Florida Bar No. 260746
Attorney for Terranova Corp.

TEW CARDENAS LLP

/s/ Thomas R. Lehman, P.A.
THOMAS R. LEHMAN, P.A.
CASANDRA PEREZ, ESQUIRE
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone: 305-536-1112
Facsimile: 305-536-1116
Florida Bar No. 351318

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing Notice of Withdrawal of Landlord's Motion to Compel (Docket 6008) was electronically filed with the U. S. Bankruptcy Court on this 18th day of April, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005 and **John MacDonald, Esq., Akerman Senterfitt,** 50 North Laura Street, Suite 2500, Jacksonville, FL 32202-3646; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801; and by United States first class mail postage prepaid to the Rule 1007-2, Parties in Interest.

/s/ Terri L. Darden