**Hearing Date: May 4, 2006, 1:00 p.m.**
**Objection Deadline: April 27, 2006, 4:00 p.m.**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. [1] | ) Jointly Administered |

## MOTION FOR ORDER APPROVING THE DEBTORS' ASSUMPTION OF MODIFIED ELECTRIC SERVICE AGREEMENTS WITH THE JACKSONVILLE ELECTRIC AUTHORITY

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a), approving Winn-Dixie's assumption of two modified electric service agreements with the Jacksonville Electric Authority ("JEA") and granting related relief (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105 and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure.

### Background

6.      As of the Petition Date, the Debtors operated approximately 900 stores. As part of the Debtors restructuring efforts, the Debtors have closed or sold (or are in the process of selling) over 350 stores, including one store located in the Northeast Florida area. Upon emergence from the bankruptcy proceedings, the Debtors intend to operate 528 stores, including 34 stores in the Northeast Florida market.

7.      JEA provides the Debtors with both electrical and water services for its operations in Northeast Florida. JEA provides Winn-Dixie with electrical services under a General Service Large Demand Rider Electric Service Agreement and a Multiple Accounts Load Improvement

00528067

Rider Service Agreement, both dated as of July 28, 1998 (collectively, the "Prepetition Agreements"). Under the Prepetition Agreements, JEA provides Winn-Dixie with price discounts on electrical services because of the large volume of electrical services used by the company. Winn-Dixie realizes savings of approximately $50,000-$60,000 a month under the Prepetition Agreements.

8. On February 22, 2005, the Debtors filed a motion under 11 U.S.C. §366 for an order deeming that all of its utility providers are adequately assured of payment (the "Adequate Assurance Motion"). On April 15, 2005, JEA filed an objection (Docket No. 229) to the Adequate Assurance Motion seeking adequate assurance of payment for utility services in the form of a deposit from Winn-Dixie of $1.3 million (the "JEA Objection"). By order dated June 2, 2005, (Docket No. 1546), the Court overruled the JEA Objection, "without prejudice to JEA renewing its request for a security deposit should circumstance warrant." On November 14, 2005, JEA filed a renewed adequate assurance motion (Docket No. 4161), but later withdrew the motion.

9. The Prepetition Agreements include services for a store that the Debtors have closed and contain errors on the addresses of a number of store locations. To correct the errors and delete the closed store, JEA has agreed to modify each of the Prepetition Agreements by the letter amendments attached as Composite Exhibit A (the "Amendments").

10. By this Motion, the Debtors ask for authority to assume the Prepetition Agreements as modified by the Amendments, pursuant to Section 365(a) of the Bankruptcy Code. The Debtors submit that the only default existing under the Prepetition Agreements is a monetary amount of $583,897.72.

3

**Relief Requested**

11.     Pursuant to section 365 of the Bankruptcy Code, the Debtors seek entry of an order approving Winn-Dixie's assumption of the Modified Agreements.

**Support for Relief Requested**

12.     Winn-Dixie needs electric service to operate its headquarters at stores and distribution center throughout North Florida and business.  JEA is the only provider of such services in North Florida.  Winn-Dixie's assumption of the Prepetition Agreements as modified by the Amendments will benefit the Debtors by continuing the volume discounts and removing the early termination penalties.

13.     Under section 365(a), a debtor "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "[T]he purpose behind allowing assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

14.     Under Section 365(b)(i), a debtor may assume a contract only if it promptly cures any existing default.  The Debtors submit that the only existing default is monetary in the amount of $583,897.72 (the "Cure Amount").  The Debtors will satisfy Section 365(b) by paying the Cure Amount within ten business days of the Court's entry of an order approving the Motion.

15.     A debtor's decision to assume or reject an unexpired lease is subject to review under the business judgment standard.  *See In re Gardiner, Inc.,* 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098-99.  Upon finding that the Debtors have exercised their sound business judgment in determining that assumption of a particular executory

4

contract is in the best interests of their estates, the Court should approve assumption under Section 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); *Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski)*, Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at 2 (D. Conn. Jan. 25, 1996 (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under Section 365(a)). Winn-Dixie's assumption of the Prepetition Agreements as modified is in the best interest of the Debtors' estate and creditors because Winn-Dixie must have electric service to operate its stores in Jacksonville and the agreements provide Winn-Dixie with volume price discounts resulting in savings of between $50,000 - $60,000 a month.

## Notice

16.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d)  the other parties in interest named on the Master Service List maintained in these cases, and (e) JEA. No other or further notice need be given.

5

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (a) enter an order authorizing and approving the assumption of the Prepetition Agreements as modified by the Amendments, and (b) grant such other and further relief as the Court deems just and proper.

Dated: April 18, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By    *s/ D. J. Baker*
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

SMITH HULSEY & BUSEY

By    *s/ Cynthia C. Jackson*
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

6

# EXHIBIT A

7

00528067



**Benita Kichler**
Business Law Attorney

April 3, 2006

**JACKSONVILLE ELECTRIC AUTHORITY**
21 West Church St. T-7
Jacksonville, FL 32202-3139
Attn: Bruce Warner, JEA, Ste T-7
      Vice President, Customer Services

              Re:   First Amendment to the General Service Large Demand Rider Electric Service
                       Agreement between Jacksonville Electric Authority ("JEA") and Winn-Dixie
                       Stores, Inc. (JEA Acn# 4564)

Dear Bruce:

      This letter amendment refers to the General Service Large Demand Rider Electric Service
Agreement between Winn-Dixie Stores, Inc., and JEA, which was effective from the 28th day of July 1998
(hereinafter the "Agreement"). All definitions contained in the Agreement is incorporated by reference into
this First Amendment.

**MODIFICATIONS TO THE AGREEMENT**

      As consideration for the rights and obligations set forth, and the mutual promises and covenants
contained in the Agreement, this First Amendment amends the Agreement as set forth below:

1.   The Winn-Dixie Account List attached and incorporated into the Agreement is hereby
amended to delete Lines 9, 10, 13, 14, 21, 24, 26, and 34 and 38.

2.   The parties agree that no early termination fees or penalties will apply as to the deleted Winn-
Dixie accounts listed in No. 1 above.

3.   The Winn-Dixie Account List attached and incorporated into the Agreement is amended as
follows:

              1) At Lines 6 and 7, the street address is deleted in its entirety and replaced with
                 "7534 Beach Blvd.";

              2) At Line 29, the street address is deleted in its entirety and replaced with
                 "19001 Park Avenue";



4. The Winn-Dixie Account List attached and incorporated into the Agreement is amended to add the following accounts shown here by street address:

        1) 9866 Baymeadows Rd.
        2) 7596 Centurion Parkway (added temporarily until July 31, 2006)
        3) 14286 Beach Blvd
        4) 5207 Normandy Blvd
        5) 703 Chaffee Road
        6) 1012 Edgewood Avenue N
        7) 22 Lofton Square, Fernandina Beach, FL

5. The parties agree that no early termination fees or penalties will apply as to the deleted Winn-Dixie accounts.

6. All other terms and conditions of the Agreement remain in full force and effect.

Please indicate your acceptance of the foregoing terms and conditions by having an authorized representative of your company sign this letter in duplicate in the space provided below, immediately fax a copy of the signature page and return the two originals to my attention for execution by Winn-Dixie. We will return a fully executed counterpart of this amendment to you for your files.

Sincerely,

Benita Kichler

cc: Tal Booth

Agreed to and accepted by:

| JACKSONVILLE ELECTRIC AUTHORITY (JEA) | WINN-DIXIE STORES, INC. |
|---|---|
| By: _Brian J. Roe_ | By: _____ |
| Printed Name and Title: _Dir, Metro Billy & Collection_ | BENNETT NUSSBAUM<br>SVP and CFO |
| Date of Signing: _4/18/06_ | Date of Signing: April 18, 2006 |

LEGAL APPROVED
ATT: _BVK_
DATE: 4/18/06



**Benita Kichler**
Business Law Attorney

April 3, 2006

**JACKSONVILLE ELECTRIC AUTHORITY**
21 West Church St. T-7
Jacksonville, FL 32202-3139
Attn: Bruce Warner, JEA, Ste T-7
    VICE-PRESIDENT, CUSTOMER SERVICES

Re:    First Amendment to the Multiple Accounts Load Improvement Rider Service
Agreement (JEA Agr #4565) between Jacksonville Electric Authority ("JEA")
and Winn-Dixie Stores, Inc.

Dear Bruce:

This letter amendment refers to the Multiple Accounts Load Improvement Rider Service Agreement between Winn-Dixie Stores, Inc., and JEA, which was effective from the 28th day of July 1998 (hereinafter the "Agreement"). All definitions contained in the Agreement are incorporated by reference into this First Amendment.

## MODIFICATIONS TO THE AGREEMENT

As consideration for the rights and obligations set forth, and the mutual promises and covenants contained in the Agreement, this First Amendment amends the Agreement as set forth below:

1. The Winn-Dixie Account List attached to the Agreement and incorporated at Paragraph 14.0, is hereby amended to delete Lines 7, 9, 12, 13, 20, 23, and 30 and 34.

2. The parties agree that no early termination fees or penalties will apply as to the deleted Winn-Dixie accounts listed in No. 1 above.

3. The Winn-Dixie Account List attached to the Agreement and incorporated at Paragraph 14.0 is amended as follows:

1) At Line 6, the street address is deleted in its entirety and replaced with "7534 Beach Blvd.";

2) At Line 27, the street address is deleted in its entirety and replaced with "19001 Park Avenue";

4. All other terms and conditions of the Agreement remain in full force and effect.



Please indicate your acceptance of the foregoing terms and conditions by having an authorized representative of your company sign this letter in duplicate in the space provided below, immediately fax a copy of the signature page and return the two originals to my attention for execution by Winn- Dixie. We will return a fully executed counterpart of this amendment to you for your files.

Sincerely,

Benita Kichler

cc: Tal Booth
    Bruce Warner, JEA, Ste T-7

Agreed to and accepted by:

| JACKSONVILLE ELECTRIC AUTHORITY (JEA) | WINN-DIXIE STORES, INC. |
|---|---|
| By: _Brian J Roche_ | By: _____ |
| Printed Name and Title: _Dir, Meter Billy & Collecti_ | BENNETT NUSSBAUM SVP and CFO |
| Date of Signing: _4/18/06_ | Date of Signing: April 18, 2006 |

LEGAL APPROVED
ATTY:_____
DATE: 4/18/06