**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                  CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                        Chapter 11

                Debtors.                                           Jointly Administered
_____/

**CONVERGINT TECHNOLOGIES LLC'S MOTION FOR RELIEF FROM STAY TO**
**INITIATE STATE COURT GARNISHMENT PROCEEDINGS UPON THE DEBTORS**
**IN AN EFFORT TO OBTAIN EXECUTION OF A JUDGMENT**
**AGAINST A NON-DEBTOR THIRD PARTY**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on the movant's attorney, Robert D. Wilcox, Esq., Wilcox Law Firm, 6817 Southpoint Parkway, Suite 1302, Jacksonville, FL 32216.

If you file and serve an objection within the time permitted, and the objection reveals factual or legal issues requiring a hearing, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

        CONVERGINT TECHNOLOGIES LLC ("CONVERGINT"), pursuant to 11 U.S.C. 362(d),

moves for relief from the automatic stay to initiate garnishment proceedings upon the Debtors[1], in

an effort to execute on a judgment entered against a third party who provides services for the

Debtors, and in support thereof states:

---

[1] "Debtors" refers collectively to Winn-Dixie Stores, Inc., and each of the affiliated debtors in these cases.

1

1. On, April 19, 2004, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida ("State Court") entered a Summary Final Judgment ("Judgment") in favor of CONVERGINT and against GROUP 1 SYSTEMS, INC. ("Judgment Defendant") in the principal sum of $69,675.05 plus interest at the rate of 7% per annum accruing from the date of the Judgment, a copy of which is attached hereto as Exhibit 1. The Judgment has not been satisfied in whole or in part.

2. Since 2002, the Judgment Defendant has done business using the trade name "SERVIDIAN" (see Fictitious Name Registration attached hereto as Exhibit 2).

3. The Judgment Defendant is a provider of security system services for the Debtors.

4. Upon information and belief, the Debtors continue to do business with the Judgment Defendant and continue to make payments to the Judgment Defendant for services rendered on an ongoing basis. It is believed that the Debtors collectively are the Judgment Defendant's largest customer and primary source of income.

5. Accordingly, CONVERGINT seeks leave to initiate garnishment proceedings upon the Debtors in an effort to execute on the Judgment against the Judgment Defendant, and attach the amounts which would otherwise be paid by the Debtors to the Judgment Defendant.

6. In pursuing garnishment proceedings upon the Debtors, CONVERGINT would not seek payment from the Debtors in a manner that varies from the Debtor's usual course of business

in paying the Judgment Defendant. In other words, CONVERGINT understands and agrees that if the State Court enters relief in favor of CONVERGINT in the garnishment proceedings, it would merely step into the shoes of the Judgment Defendant, and would receive payments from the Debtors for amounts which would otherwise have been paid to the Judgment Defendant, until the Judgment Defendant's obligations to CONVERGINT have been satisfied.

7. The Debtors will not be adversely affected by the garnishment proceedings, as from their perspective the garnishment will be revenue-neutral. The Debtors have no equity in the amounts which would be paid by the Debtors to the Judgment Defendant in the usual course of business in any event, and their efforts to reorganize will not be adversely affected by the garnishment proceedings. Therefore, it is appropriate for the Court to grant this Motion pursuant to 11 U.S.C. § 362(d).

8. Accordingly, CONVERGINT respectfully requests relief from stay to initiate garnishment proceedings upon the Debtor, under the terms and conditions set forth above.

[The Remainder of this page is intentionally left blank]

WHEREFORE, CONVERGINT TECHNOLOGIES LLC respectfully requests that the Court enter an Order granting relief from stay to allow garnishment proceedings upon the Debtors under the terms and conditions set forth above, together with such other and further relief as the Court deems just and proper.

Respectfully submitted April 19, 2006.    WILCOX LAW FIRM

 /s/ **Robert Wilcox**
Florida Bar No. 755168
6817 Southpoint Parkway
Suite 1302
Jacksonville, FL 32216
(904) 281-0770
(904) 513-9201 Fax
rwilcox@wilcoxlawfirm.com

And

MOORE & GOODMAN, P.A.
Attorneys for Convergint Technologies LLC
2900 East Oakland Park Boulevard
Third Floor
Fort Lauderdale, Florida 33306
Tel: (954) 564-8446; Fax: (954) 564-8666
bruce@mooregoodman.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a the foregoin was filed on April 19, 2006 through the CM/ECF System whcih will provide a true and correct copy of the foregoing via electronic notice to all parties registered in the CM/ECF System including James H. Post, Esq, counsel for Debtors, and Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee, and by U.S. Mail to the Debtors and Winn-Dixie Stores, Inc.,5050 Edgewood Court, Jacksonville, FL 32254; D.J. Baker, Esq., Sally McDonald Henry, Esq. and Rosalie Gray, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 this 19th day of April, 2006.

 /s/ **Robert Wilcox**

# EXHIBIT 1

CFN # 103915425 OR BK 37268 Page 178, Page 1 of 1, Recorded 04/21/2006 at 01:49 PM, Broward County Commission, Deputy Clerk 2140

Case 3:05-bk-03817-JAF    Doc 7308    Filed 04/19/06    Page 6 of 8

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

CONVERGINT TECHNOLOGIES LLC, a
Delaware limited liability company,

CASE NO. CACE 04-001004 (21)

Plaintiff,

vs.

GROUP 1 SYSTEMS, INC., a Florida
corporation,

Defendant.

FINAL

## SUMMARY FINAL JUDGMENT AGAINST DEFENDANT GROUP 1 SYSTEMS, INC.

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment against Defendant GROUP 1 SYSTEMS, INC., and the Court being fully advised in the premises, it is hereby

ORDERED and ADJUDGED that the aforementioned Motion is hereby granted. Plaintiff CONVERGINT TECHNOLOGIES LLC, shall recover from Defendant GROUP 1 SYSTEMS, INC., the sum of $65,245.72 as principal, plus $4,204.33 as interest, and $225.00 as costs, for the total sum of $69,675.05, which shall bear interest at the legal rate of 7% per annum, for which let execution issue forthwith.

DONE and ORDERED in Broward County, Florida this 19 day of April, 2004.

_____
CIRCUIT JUDGE

Judgment Creditor:
CONVERGINT TECHNOLOGIES LLC
1094 Johnson Drive
Buffalo Grove, IL 60089

Judgment Debtor:
GROUP 1 SYSTEMS, INC.
3307 NW 55th St.
Ft. Lauderdale, FL 33309

Copies Furnished To:
Bruce A. Goodman, Esq., 2900 E. Oakland Park Blvd., Third Floor, Ft. Lauderdale, FL 33306
Philip E. Ward, Esq., One East Broward Blvd., Suite 1300, Ft. Lauderdale, FL 33301

F:\DOCSNEW\Convergint\Final Judgment.wpd

**EXHIBIT 1**

# EXHIBIT 2

## APPLICATION FOR REGISTRATION OF FICTITIOUS NAME

DOCUMENT# G02260900416

**Fictitious Name to be Registered:** SERVIDIAN

**Mailing Address of Business:**     3307 NW 55TH STREET
                                     FT. LAUDERDALE, FL  33309

**Florida County of principal place of business:** BROWARD

**FEI Number:** 65-0582706

**Owner(s) of Fictitious Name:**

   GROUP 1 SYSTEMS, INC.
   3307 NW 55TH STREET
   FT. LAUDERDALE, FL  33309    US
   Florida Registration Number: P95000040379
   FEI Number: 65-0582706

**FILED
Sep 17, 2002
Secretary of State**

I (we) the undersigned, being the sole (all the) party(ies) owning interest in the above fictitious name, certify that the information indicated on this form is true and accurate. I (we) understand that the electronic signature(s) below shall have the same legal effect as if made under oath.

DONALD R. WALLACE                                         09/17/2002
_____                                   _____
  Electronic Signature(s)                                    Date

**Certificate of Status Requested ( )**       **Certified Copy Requested (X)**

EXHIBIT 2