UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.: 3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.         Jointly Administered
_____

RESPONSE OF PC WOO, INC. D/B/A MEGATOYS TO
DEBTORS' EIGHTH OMNIBUS OBJECTION TO OVERSTATED CLAIMS

PC Woo, Inc. d/b/a Megatoys ("PC Woo"), by and through its undersigned counsel, responds to the Debtors' Eighth Omnibus Objection to Overstated Claims ("Objection") and states as follows:

1. On June 30, 2005, PC Woo timely filed a proof of claim in the amount of $150,917.12, a copy of which is attached hereto as Exhibit "A". The proof of claim is identified as claim no. 4938.

2. On or about April 4, 2006, the Debtors filed the Objection. PC Woo's proof of claim is subject to the Objection as a result of being identified in Exhibit "A" of the Objection.

3. In Exhibit "A" of the Objection, the Debtors allege that the pre-petition amount owed to PC Woo is $132,738.72, rather than the $150,917.12 listed on PC Woo's proof of claim. The Debtors allege that the reduced amount

is a result of a pre-petition accounts payable credit of $14,798.23 and a pre-petition accounts receivable balance of $3,380.17, for a total reduction of $18,178.40.

4. PC Woo's current books and records do not reflect the $18,178.40 of accounts payable credit and accounts receivable balance the Debtors claim they are entitled to in the Objection, nor does PC Woo have any knowledge of how these amounts were calculated. PC Woo disputes such accounts payable credit and accounts receivable balance.

5. PC Woo does acknowledge the existence of $17,189.00 worth of pre-petition credits and chargebacks. However, as described below, the Debtors have already used the $17,189.00 worth of pre-petition credits and chargebacks to reduce the post-petition amount owed to PC Woo.

6. PC Woo has continued to sell merchandise to the Debtors post-petition. Specifically, on October 6, 2005, PC Woo sold various items to the Debtors and issued invoices 6792 and 6793, copies of which are attached hereto as Exhibit "B". The amount of each invoice was $14,475.84, creating a post-petition balance due of $28,951.68.

7. On or about October 18, 2005, the Debtors issued a check, a copy of which is attached hereto as Exhibit "C", in the amount of $7,381.49 to PC Woo as an alleged

2

satisfaction and payment of the post-petition balance of $28,951.68.

8. The Debtors arrived at the $7,381.49 figure by deducting various amounts from the post-petition balance of $28,951.68. The Debtors deducted the following three items from the post-petition balance due: 1) an early payment discount of $579.04, 2) approximately $3,800.00 in credits and chargebacks which were erroneously deducted from the post-petition balance due to an alleged error made by the Debtors, and 3) the $17,189.00 worth of pre-petition credits and chargebacks acknowledged by PC Woo in Paragraph 5 above.

9. The Debtors should not have used the $17,189.00 worth of pre-petition credits and chargebacks to reduce the post-petition balance due of $28,951.68. Pre-petition credits can not be used to reduce post-petition balances. The $17,189.00 worth of pre-petition credits and chargebacks are attributable to the pre-petition invoices that comprise the $150,917.12 listed on PC Woo's proof of claim. As such, the $17,189.00 worth of pre-petition credits and chargebacks should only have been used to reduce the pre-petition balance due. Nevertheless, the Debtors erroneously used the $17,189.00 worth of pre-

petition credits and chargebacks to reduce the post-petition balance due to PC Woo.

10. Upon realizing that the Debtors had erroneously used the $17,189.00 worth of pre-petition credits and chargebacks to reduce the post-petition balance due, PC Woo sent a facsimile to the Debtors, a copy of which is attached hereto as Exhibit "D", demanding payment of, among other things, the $17,189.00 that the Debtors erroneously deducted from the post-petition balance due.

11. The Debtors denied the payment of $17,189.00 to PC Woo. Per the handwritten notation on Exhibit "D", the Debtors stated that the $17,189.00 was a pre-petition claim and could only be repaid through the bankruptcy procedures.

12. Since the Debtors erroneously used the $17,189.00 worth of pre-petition credits and chargebacks to reduce the post-petition balance due to PC Woo, the Debtors should be required to pay PC Woo the $17,189.00 they owe for post-petition merchandise. If the Debtors are not required to pay the $17,189.00 to PC Woo, and PC Woo is forced to seek that money through the bankruptcy procedures, the Debtors will have received a windfall. They will have received the benefit of the full $17,189.00 by having reduced the post-petition balance due by that amount, while at the same time they will only be required to pay PC Woo back a portion of

that money, since it is highly probable that unsecured creditors such as PC Woo will not receive a full distribution, and may receive stock in lieu of cash.

13. Upon payment of the $17,189.00 owed by the Debtors to PC Woo for post-petition merchandise, PC Woo agrees that the Debtors are entitled to pre-petition credits and chargebacks in the amount of $17,189.00, and thus PC Woo's proof of claim amount should be reduced from $150,917.12 to $133,728.12.

14. PC Woo reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this 20 day of April, 2006.

HELD & ISRAEL

By: _____
Edwin W. Held, Jr., Esquire
Florida Bar #162574
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile