Hearing Date: May 18, 2006, 1:00 p.m.<br>
Objection Deadline: May 11, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING
### (I) REJECTION OF LEASE FOR STORE NUMBER 1419
### AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 554(a) approving and authorizing the Debtors to reject a non-residential real property lease and to abandon related personal property (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are Sections 105(a), 365(a) and 554(a) of the Bankruptcy Code.

### The Lease

6.      Winn-Dixie Montgomery, Inc., as tenant, and (a) Michael Oschin, Daniel Oschin and Richard H. O'Hara, Trustees of the Michael Oschin Trust under Will of Helen Oschin; (b) Michael Oschin, Daniel Oschin and Richard H. O'Hara, Trustees of the Barbara Oschin Primicerio Trust under Will of Helen Oschin; (c) Lynda Oschin, Trustee of the Lynda Oschin Trust dated December 11, 1997; and (d) Michael Oschin, as an individual, as landlords (collectively the "Lessors"), are successors in interest to an unexpired lease of non-residential real property dated April 13, 1987 (as amended, the "Lease"). The Lease relates to property located in a shopping

center in New Orleans, Louisiana, known as the Winn-Dixie Marketplace (the "Premises"). The Debtors refer to the Premises, internally, as Store Number 1419.

7. The Debtors have operated a grocery store at the Premises for several years. On or about August 29, 2005, the Premises were severely damaged by Hurricane Katrina and the store has been closed since such time. The Debtors believe that rejection of the Lease represents the optimal course of action for the Debtors' estates and its creditors.

**Relief Requested**

8. By this Motion, the Debtors seek an order of the Court, pursuant to Sections 105(a), 365(a), and 554(a) of the Bankruptcy Code, approving and authorizing the rejection of the Lease effective as of the date of this Motion (the "Effective Date"). To the extent any of the Debtors' personal property remains in the Premises, it is of little or no value to the Debtors' estates. Accordingly, the Debtors request that the Court enter an order deeming any interest of any of the Debtors in any such personal property to be abandoned pursuant to Section 554(a) of the Bankruptcy Code, as of the Effective Date.

**Basis for Relief**

9. Under Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

10. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See In re Gardinier, Inc., 831 F.2d 974, 976 n.2 (11th Cir. 1987); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp., 872 F.2d 36, 40 (3d Cir. 1989); Sundial Asphalt Co. v. V.P.C. Investors Corp. (In re Sundial Asphalt Co.), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See Sharon Steel Corp., 872 F.2d at 39-40; In re Kong, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet and, therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. Pueblo Chem. Inc. v. II Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

11. Here, the Debtors' business judgment supports rejection of the Lease. Because of the condition of the Premises as well as administrative expenses arising from the continuation of the Lease, the Debtors have determined that the Lease is not necessary for a successful reorganization but instead constitutes a burden to the Debtors' estates. Specifically, the rejection of the Lease will save the Debtors' estates administrative expenses, including rent, taxes, insurance premiums, and other charges under the Lease of approximately $77,772 per month. Consequently, the Debtors seek authority under Section 365 of the Bankruptcy Code to reject the Lease effective as of the Effective Date.

**Rejection Damages**

12. To the extent that the Lessors intend to claim rejection damages as a result of the proposed rejection, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection damages is 30 days after the date of entry of the Order approving this Motion.

**Notice**

13. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Lessors. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A (a) authorizing and approving the rejection of the Lease, effective as of the Effective Date; (b) authorizing the abandonment of all of the Debtors' personal property remaining on the Premises; (c) establishing a deadline for the Lessors to file a rejection damage claim; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: April 20, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>     D. J. Baker <br>     Sally McDonald Henry <br>     Rosalie Walker Gray <br>     Adam S. Ravin <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ Cynthia C. Jackson*  <br>     Stephen D. Busey <br>     James H. Post <br>     Cynthia C. Jackson, <br>     Florida Bar Number 498882 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER AUTHORIZING (I) REJECTION
## OF LEASE FOR STORE NUMBER 1419
## AND (II) ABANDONMENT OF RELATED PERSONAL PROPERTY

These cases came before the Court for hearing on May 18, 2006 upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. §§ 105(a), 365(a) and 554(a) authorizing the rejection by the Debtors of an unexpired non-residential real property lease dated April 13, 1987 for a grocery store located in a shopping center in New Orleans, Louisiana, known as the Winn-Dixie Marketplace (the "Lease") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a), and the Lease is deemed rejected, effective as of the Effective Date.

3. The Debtors shall pay all amounts due under the Lease through the Effective Date.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

   4. Claims for any rejection damages resulting from the rejection of the Lease shall be filed no later than thirty (30) days after the date of entry of this Order.

   5. Any interest of any of the Debtors in any personal property remaining in the Premises is deemed abandoned, pursuant to 11 U.S.C. § 554(a), effective as of the Effective Date. To the extent the Lessors seeks to dispose of any such abandoned property, the Lessors shall provide fifteen days written notice of such intent to any party who the Debtors advise is likely to have an interest in such property. Unless such interested party removes the property from the premises within such fifteen-day period, or within a longer period that is established by written agreement among the parties, the Lessors shall be entitled to dispose of the abandoned property as it deems fit.

   6. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the non-debtor parties to the Lease, whether or not related to the Lease.

   7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2006 in Jacksonville, Florida.

                _____
                Jerry A. Funk
                United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2