**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**DEBTORS' MOTION FOR ORDER (I) AUTHORIZING
ASSUMPTION OF LEASE FOR STORE NUMBER 488,
(II) DETERMINING THAT NO CURE IS DUE UNDER
THE LEASE AND (III) AUTHORIZING RELATED RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a) and 365(a), 365(b) and 365(d)(4), (i) approving and authorizing the Debtors to assume a non-residential real property lease effective as of the effective date of the Debtors' plan of reorganization; (ii) determining that the Debtors owe no cure amount for such lease; and (iii) for related relief (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On

March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") to serve in these cases pursuant to Bankruptcy Code Sections 1102 and 1103.

3. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested in the Motion are Sections 105(a), 365(a), 365(b) and 365(d)(4) of the Bankruptcy Code.

**Relief Requested**

5. By this Motion, the Debtors seek entry of an order approving the assumption of a lease dated as of August 25, 1994, between Winn-Dixie Montgomery, Inc. ("WD Montgomery") and Peregrine Properties, LP (the "Landlord") for Store No. 488, located in Panama City, Florida (the "Lease"), contingent on the occurrence of the effective date of the Debtors' plan of reorganization (the "Effective Date"). This contingency is necessary because although the Debtors believe assumption of the Lease is at this time in the Debtors best interests, the Debtors also recognize that unforeseen circumstances may arise prior to the Effective Date that may compel an alternate conclusion. The Debtors are also aware that circumstances may arise that might compel the Landlord to request its own relief with respect to the Lease. Accordingly, prior to the Effective Date, the Debtors propose that either party may seek reconsideration of the order approving this Motion. To preserve this flexibility, the Debtors also seek an extension of their time under Section 365(d)(4) of the Bankruptcy Code to assume or reject the Lease through the Effective Date.

6. As of the date of this Motion, no amounts remain outstanding under the Lease. To the extent the Landlord disagrees (or otherwise objects to the Motion), the Landlord must file an objection with the Bankruptcy Court on or before May 31, 2006. If the Landlord files a timely objection, and the Debtors are unable to resolve such objection, the Debtors will set the objection for a hearing before the Bankruptcy Court. If the Landlord fails to timely object to the Motion, the Debtors ask that the Court enter an order finding that no amounts are due from the Debtors for assumption of the Lease under Section 365(b) of the Bankruptcy Code.

### Basis for Relief

7. As part of their restructuring, the Debtors have analyzed their hundreds of real property leases. The Debtors have reviewed this Lease in particular, have inspected this store and analyzed the historical performance under the Lease and the market area. Based upon this analysis, the Debtors have determined that the assumption of the Lease at this time will benefit the Debtors and their estates.

8. The Debtors represent that the requirements of section 365(b) of the Bankruptcy Code are satisfied because there are no defaults under the Lease. If the Court determines otherwise, Section 365(b) will be satisfied because any such default will be cured as of the Effective Date, and the Debtors' continuing business operations will provide the Landlord with adequate assurance of future performance under the Lease.

### Applicable Authority

9. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired Lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or

rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

    10.    A debtor's decision to assume an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098-99. Under this rule, the Debtors' assumption of a lease is appropriate if it will benefit the estate. *Westshire, Inc. v. Trident Shipworks, Inc.*, 247 B.R. 856 (M.D. Fla. 2000). Upon finding that the Debtors have exercised their sound business judgment in determining that assumption of a particular executory contract is in the best interests of their estates, the Court should approve assumption under section 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); *Blue Cross Blue Shield of Conn. v. Gurski* (*In re Gurski*), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co.*, 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc.*, 702 F.2d 890, 893-94 (11th Cir. 1983)). The Debtors respectfully submit that they have satisfied the "business judgment" standard for assuming the Lease.

**Notice**

11. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) counsel to the Landlord. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (a) approving assumption of the Lease; (b) determining that no cure is required under 365(b) of the Bankruptcy Code; (c) extending the Debtors time under Section 365(d)(4) of the Bankruptcy Code through the Effective Date; and (d) granting such other and further relief as the Court deems just and proper.

Dated:  April 20, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  */s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie W. Gray | By  */s/ Cynthia C. Jackson*<br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson  (F.B.N. 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |

**ORDER (I) AUTHORIZING ASSUMPTION OF LEASE**
**FOR STORE NUMBER 488, (II) FIXING CURE AMOUNTS**
**AND (III) AUTHORIZING RELATED RELIEF**

These cases came before the Court for hearing, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105, 365(a), 365(b)(1) and 365(d)(4), (i) approving and authorizing the Debtors to assume a non-residential real property lease, effective as of the effective date of the Debtors' plan of reorganization, (ii) determining that the Debtors owe no cure amount for such lease, and (iii) authorizing related relief (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

WD- Order on Motion to Assume Store No 488 (00529351).DOC

2. The Debtors are authorized to assume the Lease pursuant to 11 U.S.C. § 365(a), effective as of the effective date of the Debtors' plan of reorganization (the "Effective Date").

3. For purposes of 11 U.S.C. § 365(b)(1), no cure amounts are owed by the Debtors under the Lease.

4. The Debtors' time under 11 U.S.C. § 365(d)(4) to assume or reject the Lease is extended through the Effective Date.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. Prior to the Effective Date, the Debtors and/or the Landlord may seek reconsideration of this Order.

8. In the event the Debtors' plan of reorganization does not become effective, this Order shall be null and void.

Dated this _____ day of May, 2006 in Jacksonville, Florida.

                                                                     _____
                                                                     Jerry A. Funk
                                                                       United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion

WD- Order on Motion to Assume Store No 488 (00529351).DOC