**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

### ORDER AUTHORIZING REJECTION OF LEASE TERMINATION AGREEMENTS

These cases came before the Court for hearing on April 20, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection, effective as of the Petition Date, of the lease termination agreements listed on Exhibit A (collectively, the "Termination Agreements") (the "Motion). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Termination Agreements pursuant to 11 U.S.C. § 365(a), and the Termination Agreements are deemed rejected effective as of the Petition Date.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Termination Agreements, whether or not related to the Termination Agreements.

4. For any non-Debtor party to a Termination Agreement who has not already filed a proof of claim for amounts owed under such Termination Agreements, claims for any rejection damages resulting from the rejection of such Termination Agreement must be filed within 10 days after the date of entry of this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 20, day of April, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

# EXHIBIT A

## TERMINATION AGREEMENTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Termination Agreements. The rejections pursuant to this Order apply only to the Termination Agreements identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Store No. | Non-Debtor Party | Debtor Party | Lease Termination Agreements |
|---|---|---|---|
| 264 | E&A Acquisition II LP | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 11/30/2004 |
| 714 | Bay Landing I, Inc. | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 12/28/2004 |
| 376 | Lantana Square Shopping Center, LTD | Winn-Dixie Stores, Inc. | Lease Termination Agreement effective as of 12/1/2004 |
| 1270 | Invesco, LP | Winn-Dixie Raleigh, Inc. | Lease Termination Agreement effective as of 12/15/2004 |
| 1341 | 1997 Properties, LLC | Winn-Dixie Louisiana, Inc. | Lease Termination Agreement effective as of 11/30/2004 |
| 2462 | 440 Group, LTD | Winn-Dixie Montgomery, Inc. | Lease Termination Agreement effective as of 1/24/2005 |
| 2491 | Vineyard Marketplace LP | Winn-Dixie Louisiana, Inc. | Lease Termination Agreement effective as of 8/31/2004 |