UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | |
| WINN DIXIE STORES, INC., et al., | ) | Case No. 3:05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | |
| | ) | |

**OBJECTION BY SKS PROPERTIES, L.C. TO
PROPOSED CURE AMOUNT FOR STORE NO. 659**

SKS Properties, L.C. ("Landlord") hereby files its objection to the proposed cure amount set forth in Exhibit E to the Debtors' Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, The Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief [Docket No. 7092] (the "Sale Motion") with respect to Store No. 659 and states as follows:

1. Pursuant to the Amended and Restated Lease dated March 18, 1999 (the "Lease"), SKS Properties, L.C. ("Landlord") is the owner and landlord of the shopping center located in Sarasota, Florida wherein Debtors remains a tenant operating Store No. 659.

2. In Exhibit E to the Sale Motion, the Debtors set forth a proposed cure amount for Store No. 659 of $2,971.45. Landlord objects to this proposed cure amount. As evidenced by the summary attached hereto as Exhibit A, the correct cure amount for this lease of non-residential real property, as of the date of the filing of the instant Objection is $47,597.22. To the extent that rent, utilities, attorney's fees or other charges continue to

accrue, and/or the Landlord suffers other pecuniary losses with respect to the lease of Store No. 659 pending any ultimate assignment of such lease, Landlord hereby reserves its right to amend its cure amount to reflect such additional amounts or to account for year-end adjustments (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the Lease. As such, the Debtors and/or assignee of the Lease must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.

3. In addition, Landlord requests that the Debtor and/or the assignee of the Lease be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which may have occurred pre-assumption but which were not known to either the Landlord or the Debtors as of the date of the assumption, including, but not limited to claims for personal injury which occurred at the leased premises, damage and destruction to the leased premises or property by the Debtors or its agents, and environment damage or environmental clean-up.

4. Until Landlord can identify the proposed assignee under the Lease, Landlord cannot make an informed decision on whether to object to any eventual sale. Therefore, Landlord reserves the right to supplement this Objection upon learning of the identity of the proposed assignee of the Lease in order to review evidence of adequate assurance of future performance as required by Sections 365(b) and 365(f)(2) of the Bankruptcy Code.

WHEREFORE, Landlord respectfully requests that this Court: (i) sustain its objection to the Debtors' proposed cure amount; (ii) enter an Order setting the cure amount at $47,597.22, plus any additional amounts due under the Lease; (iii) require that the Debtors and/or assignee of the Lease continue to comply with the obligations under the Lease to pay

indemnification obligations accrued but not yet billed and year-end adjustments in the regular course of business; and (iv) for such other and further relief as is appropriate.

**LaFLEUR LAW FIRM**

By /s/ *Nina M. LaFleur*
　　Nina M. LaFleur

Florida Bar Number 0107451
Post Office Box 861128
St. Augustine, Florida 32086
(904) 797-7995
(904) 797-7996 (Facsimile)

Attorneys for SKS Properties, L.C.

**Certificate of Service**

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202;  David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida  32202, and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 21st day of April, 2006.

/s/ *Nina M. LaFleur*
　　Attorney

Winn Dixie Stores, Inc., et al., debtors; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Case No.: 3-05-bk-03817-JAF

**SKS Properties, L.C., Store No. 659**
**Summary of Cure Amount**

**Prepetition**
| | |
|---|---:|
| 2005 Ad Valorem Taxes - pro rated | $8,652.59 |
| Electric (1.15.04 - 12.14.04) | $11,878.00 |
| Water & Sewer (7.20.04 - 12.16.04) | $2,971.45 |
| Electric (1.18.05 - 2.20.05) | $1,311.53 |
| Water & Sewer (1.20.05 - 2.20.05) | $888.42 |

**Postpetition**
| | |
|---|---:|
| Property Insurance | $19,916.26 |
| Water & Sewer (10.18.05 - 12.16.05) | $1,978.97 |
| **TOTAL** | **$47,597.22** |