**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors.[1] ) | |
| _____) | |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**RESPONSE OF CSX TRANSPORTATION, INC. TO DEBTORS' EIGHTH**
**OMNIBUS OBJECTION TO OVERSTATED CLAIMS**

Comes now CSX Transportation, Inc. ("CSX"), by counsel, for its Response to the Debtors' Eighth Omnibus Objection to Overstated Claims, and respectfully states as follows:

**STATEMENT OF FACTS**

1. On February 21, 2005, Winn-Dixie Stores, Inc. and numerous of its subsidiaries and affiliates (the "Debtors") filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

---

[1] The debtors are Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. On April 19, 2005, the Debtors' bankruptcy cases were transferred from the New York Court to this Court. The Debtors' bankruptcy cases are being jointly administered under Case No. 05-03871 (Jointly Administered).

3. On or about March 28, 2005, CSX timely filed a proof of claim asserting a general unsecured in the amount of $70,407.09 ("Claim No. 366") for services rendered to the Debtors.

4. On or about April 28, 2005, this Court entered its Order (A) Establishing Deadline for Filing Proofs of Claim, (B) Approving Proof of Claim Form, (C) Approving Proof of Claim Filing Deadline Notices, (D) Approving Mailing Procedures, (E) Conditionally Approving Publication Procedures and (F) Conditionally Providing Certain Supplemental Relief (the "Bar Date Order") setting August 1, 2005 as the bar date for general unsecured creditors to timely file a proof of claim.

5. On or about April 4, 2006, the Debtors filed their Eighth Omnibus Objection to Overstated Claims which, *inter alia*, alleges that Claim No. 366 includes amounts relating to pricing discrepancies and chargebacks on previously paid and disputed invoices.

## ARGUMENT

6. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); see also In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003). A party objecting to a validly filed proof of claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim. 9 COLLIER ON BANKRUPTCY at ¶ 3001.09 (15th ed. 1996).

7. Pursuant to ¶ 7.a. of the Bar Date Order, parties who had properly filed a proof of claim against the Debtors utilizing a proof of claim form substantially conforming to the form attached as Exhibit A to the Bar Date Order did not have to file a second proof of claim.

8. Claim No. 366 was timely filed on March 28, 2005 with the Clerk of Court for the United States Bankruptcy Court for the Southern District of New York. Claim No. 366 was supported by copies of the freight and incidental bills issued by CSX which comprise Claim No. 366. Those bills remain outstanding.

9. In this case, Claim No. 366 constitutes prima facie evidence of the validity and amount of CSX's claim against the Debtors' estates. The Debtors have not presented any evidence to overcome the presumptive validity of Claim No. 366, therefore, Claim No. 366 must be allowed in the amount of $70,407.09.

## CONCLUSION

WHEREFORE, CSX requests that this Court overrule the Debtors' Objection, allow Claim N. 366 in the amount $70,407.09 and grant such other and further relief as this Court deems appropriate.

Respectfully Submitted,

 /s/ Michael T. Fackler
Michael T. Fackler (Fla. Bar No. 0612421)
John H. Maddock, III
Elizabeth L. Gunn
McGUIREWOODS LLP
Bank of America Tower
50 North Laura Street
Suite 3300
Jacksonville, FL 32202-3661
904.798.2684

Active\3651474.4

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2006, a true and correct copy of the foregoing Response was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and sent via e-mail and overnight delivery to D.J. Baker Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

                           /s/ Elizabeth L. Gunn