## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                                                    Chapter 11

WINN-DIXIE STORES, INC., et al,                                     Case No.  3:05-bk-03817-JAF

Debtor.
_____/

## SCHNEIDER NATIONAL, INC.'S RESPONSE TO DEBTOR'S
## EIGHTH OMNIBUS OBJECTION TO OVERSTATED CLAIMS

Schneider National, Inc. ("Schneider"), by and through its undersigned counsel, hereby responds on the following grounds to the "Eighth Omnibus Objection to Overstated Claims" (the "Omnibus Objection"), filed by the debtor, Winn-Dixie Stores, Inc.'s (the "Debtor"), on April 4, 2006:

## BACKGROUND FACTS

1.     Schneider is a Wisconsin corporation with its principal place of business in Green Bay, Wisconsin.[1]  Schneider, through one or more of its subsidiaries, is the leading provider of premium truckload and intermodal services.

2.     Prior to the Debtor's petition date of February 21, 2005 (the "Petition Date"), Schneider provided shipping and truckload services to the Debtor.

3.     As of the Petition Date, the Debtor owed Schneider $48,914.18, for unpaid invoices (the "Pre-Petition Invoices"), each as described in Schneider's timely filed proof of claim (the "Claim"), a copy of which is attached as Exhibit "1" to the Affidavit and incorporated by reference herein.

4.     By the Omnibus Objection, the Debtor seeks to reduce and allow Schneider's Proof of Claim in the amount of $10,477.12, because the amount set forth in the Claim is inconsistent with the Debtor's books and records.  See Omnibus Objection at ¶ 8.

---

[1]     The facts set forth herein are detailed in the Affidavit of Karen Loritz in Support of Schneider National, Inc.'s Response to the Omnibus Objection to Allowance of Claims and Request to Reduce and Allow or Disallow and Expunge Certain Claims (the "Affidavit"), attached hereto as Exhibit "A" and incorporated by reference herein.

**APPLICABLE LAW**

5.      The filing of a proof of claim under 11 U.S.C. § 501 constitutes prima facie evidence of the validity and amount of the claim, and such claim is deemed allowed unless a party in interest files an objection. 11 U.S.C. § 502(a); Federal Rule of Bankruptcy Procedure 3001(f). Because the Bankruptcy Code affords prima facie validity to filed proofs of claim, to controvert such validity, an objecting party has the burden of bringing forth evidence equal in probative force to that underlying the proof of claim. 11 U.S.C. § 502. Sherman v. Novak (In re Reilly), 245 B.R. 768 ($2^d$ Cir. BAP 2002), aff'd, 242 F.3d 367 ($2^d$ Cir. 2000).

6.      Proofs of claim have been analogous to complaints initiating civil actions; therefore, a claim objection must meet the standards of an answer. Collier on Bankruptcy (15th Ed., ¶ 3007.01[3], citing In re Simmons, 765 F.2d 547 (5th Cir. 1985) and Nortex Treating Corp. v. Newfield, 311 F.2d 163 ($2^d$ Cir. 1962).

7.      Accordingly, at a minimum, a claim objection must describe the theories upon which it is based and allege facts necessary to support disallowance.

**APPLICATION OF LAW TO FACTS**

8.      In the instant case, Debtor filed an omnibus objection to claims and listed Schneider's Claim on Exhibit "A" to the Objection. To support its objection to the claims listed on Exhibit "A," including Schneider's Claim, Debtor only generally and conclusorily states that "the Debtor's books and records indicate the Claimant is entitled to payment in an amount less than the amount sought in the proof of claim." See Omnibus Objection at ¶ 8. Other than this general conclusory statement, Debtor has not identified any specific factual or legal basis to refute the unpaid pre-petition invoices set forth in the Affidavit as Exhibit "B." Such a general conclusory statement without stating any facts or legal theories to support it does not satisfy the requirements of 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3001(f). Accordingly, Debtor has failed to satisfy its burden to controvert the prima facie validity of the Schneider's Claim, as reduced by the Critical Vendor Payments.

9. Assuming, <u>arguendo</u> that the basis of the Debtor's "books and records" objection was to reduce the Claim by the Critical Vendor Payments, the Omnibus Objection is incorrect. As detailed in the Affidavit, Schneider's pre-Petition Date claim is $48,914.18.

## WAIVER OF MEMORANDUM OF LAW

10. Because this Response does not present any novel issues of law, Schneider requests that this Court waive the requirement set forth in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of this Response.

## CONCLUSION

WHEREFORE, based on the foregoing, Schneider requests that this Court overrule the Omnibus Objection and enter an order allowing the Schneider Claim in the full amount of $48,914.18, plus statutory interest at ten (10%) from date of the bankruptcy petition and after.

/s/ Stephenie M. Biernacki
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
**STEPHENIE M. BIERNACKI, ESQUIRE**
Florida Bar Number: 0127299
GRAY ROBINSON, P.A.
201 N. Franklin Street, Suite 2200
Post Office Box 3324
Tampa, Florida 33601-3324
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
Attorneys for Schneider National, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means and/or via U.S. Mail on the 24th day of April, 2006, to the following:

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699 | Cynthia C. Jackson, Esquire<br>James H. Post, Esquire<br>Stephen D. Busey, Esquire<br>Smith, Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201 |
| Elena L. Escamilla, Esquire<br>Office of the United States Trustee<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32806 | Adam Ravin, Esquire<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036 |
| Dennis F. Dunne, Esquire<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005 | John B. Macdonald, Esquire<br>Patrick P. Patangan, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202 |

/s/ Stephenie M. Biernacki
**ATTORNEY**

# 746329 v1