**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | | |

**OBJECTION OF VOGEL AND VOGEL,**
**AN ARKANSAS GENERAL PARTNERSHIP, TO**
**DEBTORS' PROPOSED CURE AMOUNT FOR STORE NO. 1571**

Comes now Vogel and Vogel, an Arkansas general partnership, by and through its undersigned attorneys, and files its Objection to Debtor's Proposed Cure Amount for Store No. 1571, and alleges:

1. Vogel and Vogel, an Arkansas general partnership ("Vogel"), is the owner and landlord of Store No. 1571 located in Ville Platte, Louisiana.

2. The debtors have filed their Motion for Authority to Sell or Reject Vogel's Lease, and have asserted in that Motion that the amount necessary to cure any defaults is $0.00.

3. That assertion is incorrect. While the rent has been paid through the month of April, 2006, some of the 2005 real estate taxes due under the Lease are in arrears, in the amount of Three Thousand, Six Hundred Fifty-Five Dollars and Eighty-Five Cents ($3,655.85). In addition, a portion of the 2006 real estate taxes, in the pro rated amount of Eight Thousand, Five Hundred Fifty-Three Dollars and Seventy-Six Cents ($8,553.76) is owed through April 30, 2006, and Seventy Dollars and Thirty Cents ($70.30) per day thereafter.

4. As an additional cure amount, Vogel is entitled to rent, pro-rated taxes and other rent-related charges through and including May 18, 2006, or such other date that any assumption and assignment becomes effective, plus reasonable attorneys fees and costs that it incurs in filing and pursuing this Objection and in collecting rent and other charges that may be due under the terms of its lease..

5. In addition, the debtor lessee is obligated under the terms of the Lease to return possession of the premises in as good a condition as originally received. Since Vogel has not been able to inspect the premises, it is now unknown what repair or reconditioning expenses will have to be incurred, and therefore also included in the "Cure Amount".

6. Vogel reserves the right to amend this Objection to include any additional cure amounts as may be legally due or payable or enforceable under the lease and the Code.

**WHEREFORE**, Vogel and Vogel, an Arkansas general partnership, requests that its Objection to the Cure Amount for the Lease on Store No. 1571 be sustained and requests such other proper relief to which it may be entitled.

Respectfully submitted,

SCRUGGS & CARMICHAEL, P.A.

/s/ Karen K. Specie, Esquire
KAREN K. SPECIE, ESQUIRE
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Fascimile: 352-375-0690
Florida Bar No. 260746
Attorneys for Vogel and Vogel

AND

J. Maurice Rogers
Hilburn, Calhoon, Harper,
Pruniski & Calhoun, Ltd.
P. O. Box 5551
North Little Rock, Arkansas  72119
Telephone:  (501) 372-0110
Attorneys for Vogel and Vogel,
an Arkansas General Partnership

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing Objection to Debtor's Proposed Cure Amount for Store 1571 was electronically filed with the U. S. Bankruptcy Court on this 25th day of April, 2006, and

that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY  10036; **Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL  32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY  10005; **John B. Macdonald, Esq.,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL  32202; and  **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL  32801.

/s/ Terri L. Darden