UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-F1 |
| | ) | |
| WINN-DIXIE STORES, INC., ET AL., | ) | CHAPTER 11 |
| | ) | (JOINTLY ADMINISTERED) |
| DEBTORS. | ) | |
| | ) | |

**OBJECTION OF GATOR JACARANDA, LTD. AND GATOR CARRIAGE PARTNERS, LTD. TO DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF**

Gator Jacaranda, Ltd. ("Jacaranda") and Gator Carriage Partners, Ltd. ("Carriage" and together with Jacaranda, "Gator"), by their undersigned counsel, submit this Objection to the Debtors' Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief (the "Sale Motion") as to two (2) unexpired leases of non-residential real property under which the Debtors are the tenants. In support of this Objection, Gator respectfully states:

1. On February 21, 2005 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code").

2. Jacaranda is the owner of the shopping center known as Jacaranda Square (Store No. 211) located in Plantation, Florida and Carriage is the owner of the shopping center known as

Carriage Hills Plaza (Store No. 339) located in Davie, Florida (collectively, the "Leased Premises") in which the Debtors lease retail space from Gator pursuant to written leases (the "Leases").

3. On April 11, 2006, the Debtors filed the Sale Motion seeking, among other things, authorization from this Court to assume and assign the Leases to an unknown bidder(s) or such higher bidder at an auction to be held by the Debtors. Upon information and belief, the Debtors have not secured a stalking horse bidder for the Carriage Lease. The Debtors have identified an entity known only as "Diaz" as the stalking horse bidder for the Jacaranda Lease. As of the date hereof, the Debtors have not provided Gator with the asset purchase agreement between the Debtors and Diaz nor have the Debtors provided any evidence of adequate assurance of future performance.

4. Exhibit E to the Sale Motion incorrectly lists the cure amounts under the leases as $0.00 for Jacaranda and $6,058.88 for Carriage. The total amount owing by the Debtors under the (i) Jacaranda Lease as of the date hereof is $9,047.47, and (ii) Carriage Lease as of the date hereof is $6,065.58 (collectively, the "Cure Amounts"). Attached hereto as Exhibit A is a breakdown of the Cure Amounts. The Cure Amounts represent the amounts <u>currently due and owing</u> to Gator under the Leases. This amount may change prior to the actual date of assumption and assignment of the Leases.

5. In addition, Gator expressly reserves the right to amend the Cure Amounts and/or assert additional amounts that may come due under the Leases from time to time and at any time, and requests that the Debtors remain liable for: (a) postpetition rent and other charges under the Leases, (b) certain amounts due and owing under the Lease, but which may be unbilled as of the date hereof, including but not limited to year end adjustments for common area maintenance, taxes and similar charges, (c) any regular or periodic adjustment of charges under the Leases which were

not due or had not been determined as of the date hereof, (d) any percentage rent that may be due under the Leases, (e) any indemnification liability the Debtors may have under the Leases but is currently unknown to Gator, (f) any claim Gator may have under an indemnification provision in the Leases for events which may have occurred prior to the assumption of the Leases, and/or any claim for uncured non-monetary defaults. The Debtors should also specify whether the proposed assignee will be responsible for accrued but unbilled year end adjustments.

6.  In addition, Gator objects to the assumption of the Leases absent adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. Because the successful bidder for the Lease is not yet known, the Debtors can not provide evidence of adequate assurance of future performance at this time and therefore can not satisfy section 365 of the Bankruptcy Code at this time. At minimum, the proposed assignee must provide Gator with sufficient information to demonstrate that the proposed assignee is capable of satisfying all Lease obligations (monetary and non-monetary) when required under the Lease.

7.  Adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance: (A) of the source of rent and other consideration due under the Lease, and that the financial condition and operating performance of the proposed assignee and any guarantor shall be similar to the financial condition and operating performance of the Debtors and any guarantor of the Debtors at the time the Debtors entered into the Lease with the Gator; (B) that any percentage rent due under the Lease will not decline substantially; (C) that assumption and assignment of the Lease is subject to all provisions of the Lease, including but not limited to radius, location, use or exclusivity provisions, and will not breach any such provision contained in another lease; and (D) that assumption or assignment of the Lease will not disrupt any tenant mix in the

Leased Premises. See 11 U.S.C. § 365(b)(3). The Debtors must comply with section 365 of the Bankruptcy Code in the assumption and assignment of the Leases.

8. Gator is also entitled to attorneys' fees as part of the cure amount for the Leases. In re Westview 74th Street Drug Corp., 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986)(payment of attorney's fees required as condition to lease assumption).

WHEREFORE, Gator respectfully requests that this Court: (a) require that an order authorizing the assumption of the Leases affirmatively require the Debtors to pay all amounts owing to Gator under the Leases through the effective date of any assignment of the Leases, subject to Gator's express reservation of rights, and to provide adequate assurance of future performance and the payment of attorneys' fees and (b) grant Gator such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:   April 25, 2006

                                      **HOLLAND & KNIGHT LLP**

By: _/s/ Alan M. Weiss_
Alan M. Weiss
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 Telephone
(904) 358-1872 Facsimile

- and -

Kyle R. Grubbs
Ohio Bar No. 0073947
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio  45202
(513) 651-6800 Telephone
(513) 651-6981 Facsimile
kgrubbs@fbtlaw.com

**ATTORNEYS FOR GATOR JACARANDA, LTD. AND GATOR CARRIAGE PARTNERS, LTD.**

## CERTIFICATE OF SERVICE

I certify that that service of the foregoing was made on April 25, 2006 via ECF Noticing and first class mail upon the parties listed below.

| D.J. Baker<br>Skadden, Arps, Slate, Meagher, & Flom LLP<br>Four Times Square<br>New York, NY 10036 | Cynthia C. Jackson<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202 |
|---|---|

CINLibrary 0101031.0540818 1627492v.1