**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No: 05-03817-JAF |
| WINN-DIXIE STORES, INC., et al. ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Jointly Administered |
| _____/ | |

**JEM INVESTMENTS, LTD.'S OBJECTION TO THE**
**DEBTORS' PROPOSED CURE AMOUNT FOR STORE NO. 602**

JEM Investments, Ltd. ("JEM"), by and through its undersigned counsel and pursuant to 11 USC § 365, hereby files this Objection to the Debtors' Proposed Cure Amount for Store No. 602 and states the following:

1. Pursuant to a Lease dated February 7, 1996, (the "Lease"), JEM is leasing certain non-residential real property (the "Leased Premises") to the Debtors. The Debtors operate Store No. 602 in the Leased Premises.

2. The Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code on February 21, 2005 (the "Petition Date").

3. Since the Petition Date, the Debtors have continued operating their businesses and managing their properties as Debtors In Possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

4. On or about April 11, 2006 the Debtors filed a Motion which requested various forms of relief, including entry of an Order authorizing the assumption and assignment or alternatively, the rejection of leases, establishing a claims bar date and granting related relief (the "Motion"). The Motion was assigned docket number 7092.

5. The Debtors have listed the cure amount for Store No. 602 in Exhibit "E" to the Motion as $0.00.

6. JEM hereby objects to the proposed cure amount set forth in Exhibit "E" of the Motion.

7. The cure amount set forth in the Motion does not accurately reflect all monetary defaults the Debtors must cure prior to assumption and assignment, pursuant to 11 USC § 365(b)(1)(A).

8. Specifically, the cure amount does not include pre-petition Real Estate taxes for 2005 or certain deferred maintenance expenses for which the Debtors are responsible.

9. The accurate cure amount with respect to the Debtors' Lease related to Store No. 602 is itemized as follows:

| | |
|---|---|
| 2005 Real Estate Taxes (Jan. 1 – Feb. 21, 2005) | $ 9, 268.71 |
| Deferred Maintenance Expenses | $113, 613.00 |
| **Total** | **$122,881.71** [1] |

10. In addition, JEM requests that the Debtors and/or the assignee of the Lease be required to comply with all contractual obligations to indemnify and hold JEM harmless with regard to events which may have occurred pre-assumption, including, but not limited to claims for personal injury which occurred at the Leased Premises, damage and destruction to the Leased Premises or property by the Debtors or its agents, and environment damage or environmental clean-up.

---

[1] JEM reserves the right to amend this cure amount to the extent that obligations continue to accrue. Quotations for deferred maintenance expenses and real estate tax bills are available upon request.

11. Until JEM can identify the proposed assignee under the Lease, JEM is not able to make an informed decision on whether to object to any eventual sale or assignment of the Lease. Therefore, JEM reserves the right to supplement this Objection upon learning of the identity of the proposed assignee of the Lease in order to review evidence of adequate assurance of future performance as required by Sections 365(b) and 365(f)(2) of the Bankruptcy Code.

**WHEREFORE,** JEM Investments, LTD. requests this Court to enter an Order (a) sustaining its objection to the Cure Amount with respect to Store No. 602, (b) setting the Cure Amount as $122,881.71, plus any additional amounts that come due under the Lease prior to assumption and assignment, (c) requiring the Debtors and/or assignee of the Lease to continue to comply with the obligations under the Lease to pay indemnification obligations which may have accrued but which have not been billed, together with any year end adjustments in the regular course of business and (d) granting such further relief as this Court deems just and proper.

Dated: April 25, 2006

/s/ Paige A. Greenlee
Paige A. Greenlee
Florida Bar No: 635928
Hill, Ward & Henderson, P.A.
P.O. Box 2231
Tampa, FL 33601
(813) 221-3900 Telephone
(813) 221-2900 Facsimile
Attorneys for JEM Investments, Ltd.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and copy of the foregoing Objection to the Debtors' Proposed Cure Amount for Store No. 602 has been provided by ☒ First Class U.S. Mail Postage Prepaid; ☐ Facsimile; ☐ Hand Delivery and/or ☒ Electronic filing this 25th day of April, 2006 to:

| | |
|---|---|
| David Baker<br>Skadden Arps Slate Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036<br>Attorney for Debtor | Cynthia C. Jackson<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201<br>Attorney for Debtor |
| James H. Post<br>Smith Hulsey & Busey<br>225 Water St., Suite 1800<br>Jacksonville, FL 32202<br>Attorney for Debtor | Stephen D. Busey<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>Attorney for Debtor |
| Winn Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699 | Elena L Escamilla<br>135 W Central Blvd., Ste 620<br>Orlando, FL 32806<br>Attorney for U.S. Trustee |
| Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorney for Unsecured Creditors Committee | John B. Macdonald<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>Attorney for Unsecured Creditors Committee |
| Office of the United States Trustee<br>135 W. Central Blvd., Suite 620<br>Orlando, FL  32801 | |

/s/ Paige A. Greenlee