UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| WINN-DIXIE STORES, INC. et al., | Case No. 05-03817 |
| Debtors. | (Jointly Administered) |

### GOODING'S SUPERMARKETS, INC. OBJECTION TO CURE AMOUNT

COMES NOW GOODING'S SUPERMARKETS, INC. ("Gooding's") by and through its undersigned counsel, and hereby objects to the Debtor's Motion for Order (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claim Bar Date, and (c) Granting Related Relief (Docket #7092) (the "Motion") In support of its objection, Gooding's states as follows:

### BACKGROUND

1.      On or about February 21, 2005, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). The Debtors continue to operate as debtors-in-possession under §§1107 and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

2.      Gooding's is the Sub-Landlord under that certain sublease dated October 12, 2000, between the Debtor and Gooding's regarding Winn-Dixie Store number 2387, located at 1024 E. Highway 436, Casselberry, Florida 32707, (the "Sublease") which is subject to the Motion. Gooding's is also a Chapter 11 Debtor-in-possession in connection with a case pending in the Orlando Division of this Court styled as *In Re: Gooding's Supermarkets, Inc., U.S. Bankruptcy Court, Middle District of Florida, Case No.: 6:05-BK-17769-ABB.*

3. The Motion defines thirty-five additional leases which the Debtors intend to sell or reject (the "Additional Leases").

4. The Sublease is included among the Additional Leases described in the Motion and set forth on Exhibit A to the Motion.

5. Exhibit E to the Motion sets forth the Debtors' proposed cure amounts for the Additional Leases, including the Sublease.

6. Paragraph 11 of the Motion states that landlords who dispute the proposed cure amounts must file an objection to the Motion on or before April 25, 2006, or such landlord shall be deemed to have consented to the proposed cure amount.

## OBJECTION

7. Gooding's hereby objects to the Debtor's Proposed Cure Amount for the Sublease set forth in the Exhibit E to the Motion. Gooding's Statement of Cure Amount Due Under the Sublease (the "Gooding's Statement") is attached hereto as *Exhibit "A"*.

8. The total Cure Amount due under the Sublease as set forth in the Gooding's Statement is $11,180.11.

9. In addition, to the extent that any proposed new lessee does not assume all accrued but unpaid rent, taxes and common area maintenance expenses as a part of a lease assignment, all such accrued and unpaid amounts will have to be paid by the Debtor as a condition of assumption.

10. Gooding's further requests that the Debtor or any assignee of the Sublease be required to comply with all terms and conditions set forth in the Sublease, to indemnify Gooding's for any and all events which occur, known or unknown, prior to the assumption and assignment of the Sublease, including but not limited to personal injury claims, damage or destruction to property, environmental damage and environmental clean-up, and that the Debtor or any assignee of the Sublease hold Gooding's harmless with respect to all such events.

11. Gooding's reserves all other rights with respect to the Motion, including the right to object to adequate assurance of future performance as required by Section 365(b)(1) of the Bankruptcy Code in the event that the Debtor proposes to assume and assign the Sublease.

12. Gooding's reserves the right to amend, supplement, or alter the cure amount set forth herein and on the Gooding's Statement.

WHEREFORE, for the foregoing reasons, Gooding's respectfully requests that the Court require, as a condition of any assumption or assignment of the Sublease that the amounts set forth in the Gooding's Statement be promptly paid and that any Assignee expressly assumes all of the obligations of the Sublease (including any accrued and unpaid amounts required to be paid under the Sublease) and, such other and further relief as the Court may deem just and appropriate.

_____
Matt E. Beal, Esquire
Florida Bar No. 0865310
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
Post Office Box 2809
Orlando, Florida 32802-2809
Telephone: (407) 418-6259
Facsimile: (407) 843-4444
Electronic Mail: matt.beal@lowndes-law.com
Attorneys for GOODING'S SUPERMARKETS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this ___25___ day of ___April___, 2006, to the extent that the foregoing GOODING'S SUPERMARKETS, INC. OBJECTION TO CURE AMOUNT was not served electronically via the CM/ECF System, I caused a copy of same to be served via first class mail postage prepaid, to the persons on the attached Service List.

_____
Matt E. Beal, Esq.

## SERVICE LIST

Winn-Dixie Stores, Inc. et al.
5050 Edgewood Court
Jacksonville, Florida 32254-3699

D.J. Baker, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

Sarah Robinson Borders
Brian C. Walsh
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303

United States Trustee
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Elena L Escamilla
Office of the U.S. Trustee
135 W Central Blvd., Ste 620
Orlando, FL 32806

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

John B. Macdonald
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202

*EXHIBIT "A"*

**Gooding's Supermarkets, Inc.
Winn Dixie Bankruptcy Cure Claim
For Expenses Through May 2006**

CAM:
Monthly Shortfall $542.87
| | |
|---|---:|
| 2005 Shortfall  Jan-Feb | $1,085.74 |
| 2005 Shortfall  Mar-Dec | $5,428.70 |
| 2006 Catch Up | $2,714.35 |

R/E Taxes:
Monthly Shortfall $291.00
| | |
|---|---:|
| 2005 Shortfall Jan-Feb | $496.32 |
| 2006 Catch Up | $1,455.00 |

**CURE AMOUNT**          $11,180.11