**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

| | |
|---|---|
| **WINN DIXIE STORES, INC., et al,** | **Chapter 11** |
| **Debtors.** | **Case No: 05-03817-3F1** |
| _____/ | (Jointly Administered) |

## OBJECTION BY LANDLORD, WESTON ROAD SHOPPING CENTER, LLC TO DEBTORS' PROPOSED CURE AMOUNT FOR STORE NO. 310

Creditor, WESTON ROAD SHOPPING CENTER, LLC, the Landlord of Store 310 (the "Landlord"), files its objection to Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates' (collectively, the "Debtors") proposed cure amount as provided in Exhibit "E" to the Debtors' Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief [Docket No. 7092] (the "Sale Motion") and states in support as follows:

The Landlord is entitled to the cure amount, which includes:

(a)     unpaid rent and common area maintenance expenses for the period from May 1, 2006 through May 18, 2006, (the date of the hearing on assignment and assumption) in the amount of $22,132.62.

(b)     the Debtor's share of estimated prorated real estate taxes for the period January 1, 2006 through May 18, 2006, (based on the actual 2005 real estate taxes) in the amount of $60,728.28.

(c)     the Debtors' share of prorated real estate taxes for the periods from January 1, 2005 to the Petition Date in the amount of $21,793.31.

(d)     attorney's fees and costs incurred by the Landlord in the enforcement of its rights under the Lease through March 31, 2006 in the amount of $1,000.00.

1

The Landlord hereby reserves its right to amend or supplement the cure amount. The Landlord also reserves the right to request additional attorneys' fees and costs incurred after March 31, 2006 or by predecessor counsel.

## ARGUMENT

The Landlord objects to the Debtors' proposed cure amount provided in Exhibit "E" of the Sale Motion which is significantly less than the actual cure costs totaling $105,654.21. The insufficient cure amount provided by the Debtors does not satisfy the requirements for assumption of a lease as codified in Section 365(b)(1). Section 365(b)(1) provides in pertinent part:

> If there has been a default in an exectory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
> (A)     cures or provides adequate assurance that the trustee will promptly cure, such default;
> (B)     compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> (C)     provides adequate assurance of future performance under such contract or lease.

Thus, in accordance with Section 365 and applicable case law, the Landlord is unquestionably entitled to payment of the cure costs requested arising from unpaid rent for May 1, 2006 through May 18, 2006, prorated real estate taxes for the periods from January 1, 2005 through the Petition Date and January 1, 2006 through May 18, 2006, and pre and post-petition water bills.

In addition, the Landlord asserts its entitlement to attorneys' fees and costs incurred in enforcing its contractual rights under the Lease as provided for in the lease.

In addition, the Debtors are obligated under the terms of the Lease to return possession of the premises in as good a condition as originally received. Since the Landlord has not been able to inspect the premises, it is now unknown what repair or reconditioning expenses will have to be incurred, and therefore also included in the cure amount. Thus, the Landlord reserves the right to amend this Objection

to include in the cure amount any expenses incurred to remove any furniture, fixtures or equipment that the Debtors may leave on site, or to render the premises in the condition specified in the Lease upon the Debtors' tender of the premises to the Landlord.

## CONCLUSION

For the foregoing reasons, the Landlord, WESTON ROAD SHOPPING CENTER, LLC. respectfully requests, that this Court (i) sustain its objection to the Debtors' proposed cure amount; (ii) enter an Order setting the cure amount at $105,654.21, plus any additional attorneys' fees and costs incurred by the Landlord in the enforcement of the Lease and any additional amounts due under the Lease, and including in any cure amount a provision confirming the obligations of the Debtors and/or their assignee to comply with any/all indemnification obligations under the Lease; and (iii) grant such other and further relief as is appropriate.

DATED:   April 25, 2006

Respectfully submitted,

SCRUGGS & CARMICHAEL, P.A.

/s/ Karen K. Specie, Esquire
KAREN K. SPECIE, ESQUIRE
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Fascimile: 352-375-0690
Florida Bar No. 260746
Attorneys for Vogel and Vogel

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing Objection to Debtor's Proposed Cure Amount for Store 310 was electronically filed with the U. S. Bankruptcy Court on this 25th day of April, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY  10036; **Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL  32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY  10005; **John B. Macdonald, Esq.,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; and  **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd.,

Suite 620, Orlando, FL  32801.

/s/ Terri L. Darden


a