**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**APPLICATION FOR AN ORDER**
**AUTHORIZING RULE 2004 EXAMINATIONS**
**AND COMPELLING THE PRODUCTION OF**
**DOCUMENTS RELATING TO DEBTORS' NOTE ISSUANCE**

The Ad-Hoc Trade Committee (the "Trade Committee") of Winn-Dixie Stores, Inc. ("Stores"), et al., debtors and debtors in possession (collectively, the "Debtors")[1], by and through its counsel, DLA Piper Rudnick Gray Cary US LLP ("DLA Piper"), as and for its application (the "Application") pursuant to rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing examinations and compelling the production of documents relating to the Debtors' note issuance, respectfully represents:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

2. The Debtors operate their businesses and manage their properties as debtors-in-

---

[1] In addition to Stores, the following entities are Debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Official Committee") to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103. The members of the Official Committee are: Deutsche Bank Trust Company Americas, New Plan Excel Realty Trust, Inc., Kraft Foods Global, Inc., Pepsico & Subsidiaries, Capital Research & Management Co., Wilmington Trust Co., as indenture trustee ("the "Indenture Trustee"), and Lonestar Partners LLP.

## REFORMATION OF TRADE COMMITTEE

4. On or about March 22, 2006, the Trade Committee was reformed and reactivated specifically to represent the interests of non-noteholder unsecured creditors with respect to the issue of substantive consolidation. The members of the Trade Committee are ASM Capital, Amroc Investments, LLC, Avenue Capital Group, LCH Opportunities, LLC, DellaCamera Capital Management, LLC, Contrarian Capital Management, LLC, Longacre Fund Management, LLC, Conagra Foods, Inc., Kraft Foods Global, Inc., The Procter & Gamble Distributing Co., S.C. Johnson & Son, Inc., Conopco Inc., General Mills, Inc., Madison Capital Management, and VR Capital Group, Ltd. The members of the Trade Committee in the aggregate hold trade claims against the Debtors in excess of $54.9 million.

## FACTS

5. Certain of the Debtors are parties to an indenture with First Union Nat'l Bank as trustee dated December 26, 2000 (collectively with all supplemental indentures thereto, the "Indenture"). Pursuant to the Indenture, Stores issued $300 million in principal amount of senior notes (the "Notes") bearing interest at 8.875% per annum (the "Note Issuance").

6. The Debtors' exclusivity period pursuant to section 1121 of the Bankruptcy Code

2

ends on June 21, 2006. The Debtors have begun negotiations with certain creditor groups regarding the framework for a plan of reorganization. The primary remaining issue is whether the Debtors' estates should be substantively consolidated.

7. Based on documents that are publicly available and documents that have been produced by the Debtors, the Trade Committee believes that the Debtors' cases should be substantively consolidated. Thus, the Trade Committee believes that any plan of reorganization in these cases must provide for the consolidation of the Debtors' estates. Indeed, no plan should be filed without substantive consolidation of the Debtor, or the Court determines whether substantive consolidation is appropriate. Thus, the Trade Committee files the instant Application so that it may further investigate the facts and determining factors which would be considered in determining the appropriateness of substantive consolidation in these cases.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and this Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicate for the relief sought herein is Bankruptcy Rule 2004.

## RELIEF REQUESTED

9. The Trade Committee requests entry of an order, pursuant to Bankruptcy Rule 2004, authorizing the Trade Committee conduct Rule 2004 examinations of the parties listed as Exhibit A (the "Examinees"), and compelling attendance at examinations and the production of documents. The parties on Exhibit A are the underwriters to the Notes. They are the recipients of information provided to the noteholders at the time the Note Issuance, and thus have information relevant to a substantive consolidation analysis. The Trade Committee anticipates that further discovery may reveal additional entities who have information relevant to this

3

inquiry. Thus, the Trade Committee requests authority to supplement Exhibit A with additional parties to be examined for the purposes set forth herein.

10. A list of the documents that the Trade Committee will request to be produced is attached hereto as Exhibit "B." The Trade Committee seeks an order compelling the production of documents listed in Exhibit "B" within the Examinees' possession or otherwise obtainable by them, at least two days prior to each scheduled examination or at a mutually convenient time and place to be arranged between counsel to the Trade Committee and the Examinees' or their respective counsel.

## BASIS FOR RELIEF

11. Under Bankruptcy Rule 2004(a), the Court, in its discretion, may order the examination of any entity. A motion or request under Bankruptcy Rule 2004 may be made by any party in interest. See Fed. R. Bankr. P. 2004(a). A Rule 2004 examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b).

12. In the present case, the Trade Committee respectfully submits that an examination of the Examinees under Bankruptcy Rule 2004 is warranted. As the Debtors have indicated, it is important that the substantive consolidation issue be resolved as soon as is feasible. Towards that end, the Trade Committee is working diligently to promote an expeditious resolution. The Trade Committee is simultaneously seeking information from various parties through informal discovery, where practicable.

13. One subject that will be very relevant to a substantive consolidation analysis will be the facts surrounding the Note Issuance. The Examinees are underwriters of the Notes. The Trade Committee seeks to determine what information the Examinees relied upon in

underwriting the Note Issuance. The relief requested will promote the Debtors' reorganization by furthering the analysis of substantive consolidation.

## NO PRIOR APPLICATION

14. No previous application for the relief sought herein has been made to this or any court.

**WHEREFORE**, for the foregoing reasons, the Trade Committee respectfully requests this Court enter an order in the form attached hereto as Exhibit C: (i) that the examination of the Examinees be authorized pursuant to Bankruptcy Rule 2004; (ii) that the Examinees produce for examination and copying all documents listed in Exhibit B herein, as is appropriate, either in their possession or obtainable by them, at least two days prior to the examination dates or at a mutually convenient time and place arranged between counsel for the Trade Committee and the Examinee and/or the Examinee's counsel; (iii) that the examinations be held on at least five days notice at the time and place indicated on a notice of deposition, or a subpoena, or a mutually convenient time and place arranged between counsel for the Trustee and the Examinee and/or the Examinee's counsel; and (iv) that such other and further relief be granted as the Court deems just and proper.

Dated:   New York, New York
        April 26, 2006

        DLA PIPER RUDNICK GRAY CARY US LLP

        By: /s/        Mark J. Friedman
            Mark J. Friedman
            Daniel Carrigan
            Janice L. Duban
        6225 Smith Avenue
        Baltimore, MD 21209
        Telephone:  (410) 580-4153
        Facsimile:  (410) 580-3001

- and -

By: /s/      Thomas R. Califano
    Thomas R. Califano
    Vincent J. Roldan
    1251 Avenue of the Americas
    New York, NY 10020-1104
    Telephone: (212) 835-6190
    Facsimile: (212) 835-6001

- and -

By:      /s/   Philip V. Martino
    Philip V. Martino
    Florida Bar Number 079189
    101 East Kennedy Boulevard, Suite 2000
    Tampa, FL 33602-5149
    Telephone: (813) 229-2111
    Facsimile: (813) 229-1447

Attorneys for the Ad Hoc Trade Committee of Winn-Dixie Stores, Inc., et al.