## EXHIBIT B – <u>BANKRUPTCY RULE 2004 REQUESTS</u>

### <u>Definitions</u>

1.      The term "you" or "your" means the parties to which these requests are directed and all agents, advisors, and representatives acting on behalf of such party.

2.      The term "Stores" means Winn-Dixie Stores, Inc., its agents, consultants, financial advisors, accountants, and lawyers, and all other persons who are acting or who have acted on behalf of such party.

3.      The term "Debtor Subsidiaries" means, collectively: Astor Products, Inc.; Crackin' Good, Inc; Deep South Products, Inc.; Dixie Darling Bakers, Inc.; Dixie-Home Stores, Inc.; Dixie Packers, Inc.; Dixie Stores, Inc.; Economy Wholesale Dist, Inc.; Kwik Chek Supermarkets, Inc.; Sunbelt Products, Inc.; Sundown Sales, Inc.; Superior Food Co.; Table Supply Food Stores Co.; WD Brand Prestige Steaks, Inc.; Winn-Dixie Handyman, Inc.; Winn-Dixie Logistics., Inc.; Winn Dixie Montgomery, Inc., Winn-Dixie Procurement Inc.; Winn-Dixie Raleigh, Inc.; Winn-Dixie Supermarket, Inc., Deep South Distributors, Inc.,. Foodway Stores, Inc.; Dixie Spirits, Inc., and their agents, consultants, accountants, financial advisors, and lawyers, and all other persons who are acting or who have acted on their behalf.

4.      The term "Non-Debtor Subsidiaries" means, collectively: Save Rite Grocery Warehouse, Inc.; W-D (Bahamas) Ltd., Winn Dixie Charlotte Inc.; Winn-Dixie Louisiana, Inc., The City Meat Markets Ltd., Bahamas Supermarket Ltd, WIN General Insurance, Inc., any subsidiary of Stores that is not a Debtor Subsidiary, and their agents, consultants, accountants, financial advisors, and lawyers, and all other persons who are acting or who have acted on their behalf.

5.      The term "Debtors" means, collectively, Stores and the Debtor Subsidiaries.

6.    The term "Winn-Dixie Entities" means, collectively, Stores, the Debtor Subsidiaries, and the Non-Debtor Subsidiaries.

7.    The term "Indenture" means that certain indenture between Stores, guarantors named therein, and First Union National Bank dated December 26, 2000 and all supplemental indentures thereto.

8.    "Noteholders" means noteholders under the Indenture and their agents, consultants, financial advisors, accountants, and lawyers, and all other persons who are acting or who have acted on behalf of such party.

9.    The term "Pre-Petition Credit Agreement" means that certain Second Amended and Restated Credit Agreement dated June 29, 2004 with Wachovia Bank, N.A. as administrative agent, GMAC Commercial Finance LLC as syndication agent, Wells Fargo Foothill, LLC, General Electric Capital Corporation, and the CIT Group/Business Credit, Inc., as co-documentation agents, Wachovia Bank, N.A. as successor by merger to Congress Financial Corporation (Florida), as collateral monitoring agent and the lenders from time to time partly thereto.

10.    The term "Official Committee" means the Official Committee of Unsecured Creditors appointed in these cases pursuant to sections 1102 and 1103 of title 11 of the United States Code, and its agents, consultants, financial advisors, accountants, and lawyers, and all other persons who are acting or who have acted on behalf of such party.

11.    "All" shall mean "any" and vice-versa.

12.    "And" shall mean "or" and vice-versa.

13.    The singular shall mean the plural and vice-versa.

~NEWY1:7989547.v2

14.    "Document" means all written, printed, typed, recorded, photographic, electronically transmitted or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including, but not limited to, books, papers, letters, correspondence, memoranda, emails, telegrams, cablegrams, diaries, records, minutes, notes, schedules, tabulations, vouchers, accounts, contracts, agreements, change orders, purchase orders, invoices, progress reports, intra- and inter-office communications, calendars, drafts, drawings, microfilm, abstracts, summaries, messages, statements, affidavits, instructions, bulletins, circulars, pamphlets, slides, photographs, sketches, labels, advertisements, charts, graphs, computer data compilations, statistics, speeches, tapes, tape recordings, press releases, public statements, public announcements, public and governmental filings, and other writings and other magnetic, photographic, electronic and sound recordings.  The definition of "document" shall include all written or printed matter within the scope of Rule 34 of the Federal Rules of Civil Procedure and all "writings and recordings" as defined in Rule 1001(1) of the Federal Rules of Evidence.

15.    "Communication" means any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include both written communication and oral communication.

16.    "Relating to" or "related" or "relate" means constituting, reflecting, respecting, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating and/or relevant to.

17.    Unless otherwise indicated, these requests request the production of documents from January 1, 2000 to the date of production.

## <u>General Provisions and Instructions</u>

18.     The party to whom this request is directed shall produce all documents in its possession, as well as all documents in the possession of the party's present and former agents and representatives, including attorneys, accountants, financial advisors, consultants and investigators.

19.     If any part of this request is deemed to call for the production of any privileged documents or materials and such privilege is asserted, a list is to be furnished identifying each document so withheld together with the following information:

        (a)     the reason for withholding;

        (b)     a statement of facts constituting the basis for any claim of privilege, work product or other ground of non-disclosure; and

        (c)     a brief description of the document, including:

            (i)     the date of the document;

            (ii)     the name of its author, authors, or preparers and an identification by employment and title of each such person;

            (iii)     the name of each person who was sent or has had access to, or custody of the document, together with an identification of each such person;

            (iv)     the paragraph of this request to which the document relates; and

            (v)     in the case of any document relating in any way to a meeting or conversation, identification of such meeting or conversation.

20.     If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.  In addition, the date of disposal, the manner of disposal, the reason for disposal, the person authorizing disposal and the person disposing of the document shall also be identified.

21.     This request shall be deemed continuing so as to require further and supplemental production should the party to whom this request is directed obtain additional documents falling within its scope after the time of initial production.

22.     All documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond to the paragraph of this request to which they are primarily responsive.

23.     All documents produced in response to this request shall be produced *in toto*, notwithstanding the fact that portions thereof may contain information not requested, shall include drafts and interim editions, as well as final editions, of a document, and shall include all editions or copies of a document which are not identical (whether due to handwritten notations, revisions or otherwise) to the original or other produced copy of a document.

24.     Electronic records and information should be produced in an intelligible format such that they can be readily accessed.  The production of any electronic records and information should include a description of the system or database from which the records and information were obtained as well as a description of the system or database on which the records and information are being stored.

25.     With respect to each request herein, the party to whom this request is directed shall identify and produce all documents (as defined above without limitation) which are known or which can be located or discovered by reasonably diligent effort, regardless of location, including, without limitation, all such documents requested to be produced which are in the files (whether personal, business or any other files), possession, custody or control of the attorneys, accountants, agents, representatives or employees of the party to whom this request is directed.

## **Requests**

1.      All communications between you and the Debtors relating to:

      (d)      the business operations of the individual Debtors;

      (e)      the respective assets and liabilities of the individual Debtors;

      (f)      the Debtors' financial statements;

      (g)      guarantees provided under the Indenture;

      (h)      the Debtors' cash management;

      (i)      the Indenture.

2.      All communications between you and any entity relating to:

      (j)      the business operations of the individual Debtors;

      (k)      the respective assets and liabilities of the individual Debtors;

      (l)      the Debtors' financial statements;

      (m)      guarantees provided under the Indenture;

      (n)      the Debtors cash management;

      (o)      the Indenture.

3.      A list of all documents you requested from the Debtors relating to the Indenture.

4.      All documents prepared by you relating to the Indenture.

5.      All internal communications relating to the Indenture.

6.      All documents that relate to the Noteholders' knowledge of the individual assets and liabilities of the Winn-Dixie Entities at the issuance of the Indenture.

7.      All documents that relate to the Noteholders' knowledge of the individual business operations of the Winn-Dixie Entities at the issuance of the Indenture.

8.      All legal opinions relating to the Indenture.

9.      All of your due diligence documents relating to the Indenture.

6

10.	A list that identifies, by name, address, and contact person, each Noteholder, as of the date of the issuance of the notes under the Indenture.