United States Bankrupcy Court
Middle District of Florida

FILED
JACKSONVILLE, FLORIDA
APR 24 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

Civil Action Number 05CV124-R

Joe Louis Amerson
    Plaintiff
        vs
Winn Dixie Stores, Inc    Case Number 05-BK-3817-3F1
    Defendant

## Notic Requesting Removal

The said Plaintiff Joe Louis Amerson Jr. Comes Now Pro 'Se Pleading to the Middle District Bankrupcy Court of Jacksonville, Florida. The Stat of Florida where the Plaintiff Joe Louis Amerson, Resident West Palm Beach, Fla.

Plaintiff Joe Louis Amerson, Jr. are proceeding to bring this Motion before the Bankrupcy Court in Middle District of Jacksonville, Florida. His home, Tax payer, and citizen whom are proceeding with 28 U.S.C §1452 Removal of claims related to Bankrupcy cases from State Court

Pursuant to Bankrupcy Rule 9027(a)(2) rather than 28 U.S.C.§ 1446 (b) Removal under 1452 (a) Related Proceeding, Textron Inv. Management Co. vs Struthers Thermo Flood Corp (1994, DCKzN) 169 BR 206.

Rule 62. Stay of Proceeding To Enforce a Judgement to secure the benefit to the party in whose favor the Judgment is enter. Rule 54(b), the Court may stay enforement prescrible such conditions as are necessary.



demnification claim asserted by underwriters against company under terms of indemnification agreement had not yet accrued and would have required another lawsuit before it could have had impact on company's bankruptcy. *Steel Workers Pension Trust v Citigroup, Inc.* (2003, ED Pa) 295 BR 747, 50 CBC2d 817, CCH Fed Secur L Rep P 92609.

Removal of state court securities fraud and breach of contract action to Bankruptcy Court pursuant to *28 USCS § 1452* was not such abuse of bankruptcy process as to warrant imposition of sanctions against removing party where it cannot be said that there was absolutely no merit in, or grounds for, removal of case from state court. *In re Newman* (1986, BC DC NM) 61 BR 27, 14 BCD 584.

After dismissal of involuntary bankruptcy petitions against alleged debtors husband and wife, state tort actions against defendant petitioning creditors and their attorneys filed by plaintiffs, former alleged debtor wife, in her capacity as alleged debtor husband's wife, and her children, were properly removed under *28 USCS § 1452(a)*, were properly refused remand under *28 USCS § 1452(b)*, and were properly dismissed because remedies of *11 USCS § 303(i)* for improperly filed involuntary petitions preempted claims under *U.S. Const. arts. I, § 8, cl. 4, VI*. *Miles v Okun (In re Miles)* (2003, BAP9) 294 BR 756, 2003 CDOS 4248, 2003 Daily Journal DAR 5421, 41 BCD 92, 50 CBC2d 235.

### 8. Removal jurisdiction

Bankruptcy Amendments and Federal Judgeship Act of 1984, which vests bankruptcy jurisdiction in District Courts on effective date of Act, enables District Court to exercise jurisdiction over removed action even though case was technically removed to bankruptcy court, not District Court, as long as removal was otherwise proper. *Creasy v Coleman Furniture Corp.* (1985, CA4 Va) 763 F2d 656, 12 CBC2d 1238 (criticized in *Ret. Sys. of Ala. v Merrill Lynch & Co.* (2002, MD Ala) 209 F Supp 2d 1257, 28 EBC 1589) and (criticized in *Ret. Sys. of Ala. v J. P. Morgan Chase & Co.* (2002, MD Ala) 285 BR 519, 29 EBC 2061).

*28 USCS § 157* provides no basis for removal of state court eminent domain proceeding against debtor hotel because such action particularly based on state law and only peripherally related to bankruptcy; even assuming that creditors, who are not parties to eminent domain proceeding, have standing to petition for removal and have made timely requests, they cannot surmount jurisdictional hurdle of either *28 USCS § 1441(a)* or *§ 1452* because diversity of citizenship, which is not asserted, is not available as basis for jurisdiction and asserted relatedness of local action to bankruptcy case is not alone sufficient to invoke mantle of federal jurisdiction. *In re Interamericas Turnkey Dev. Co.* (1988, DC Puerto Rico) 94 BR 9.

After action was filed in state court, removed to federal District Court, referred to Bankruptcy Court, dismissed by Bankruptcy Court as sanction for delinquent behavior of plaintiff's attorney, and plaintiff appealed, challenging adequacy of removal petition which alleged diversity of jurisdiction when, in fact, parties were not diverse, District Court could have found alternative basis for removal by finding subject-matter jurisdiction in facts alleged in complaint, where bankruptcy judge did not dismiss action until 3 years after action was filed and only after discovery was completed and case was readied for trial. *Bond St. Assocs. v Ames Dep't Stores* (1995, SD NY) 177 BR 8.

Removal of case from state court to Bankruptcy Court under *28 USCS § 1452* is inappropriate, and remand necessary, where claimant's causes of action for personal injury against several solvent defendants do not relate to, and would have no impact on, Bankruptcy Court's administration of debtor defendant's bankruptcy estate; even if removal were appropriate, remand would be within equitable power of court where claims arise exclusively under state law, keeping all similar cases (in particular, these involved silicone gel breast implants) in state court would lessen possibility of inconsistent results, expertise of particular state court involved is recognized, extensive discovery and litigation of issues and pretrial matters in state court have rendered cases ready for trial, comity considerations also favor remand, and debtor will continue to be protected by automatic stay without halting proceedings against co-tortfeasors. *McCratic v Bristol-Myers Squibb & Co.* (1995, ND Tex) 183 BR 113, 27 BCD 506.

Even if attorney disciplinary proceeding is core proceeding under *28 USCS § 157*, removal of proceeding to Bankruptcy Court is improper since removal statute (*28 USCS § 1452*) specifically excludes actions involving government licensing agencies from removal; since specific, narrowly drawn statute takes precedence over more generally applicable statute, any categorization of disciplinary action as core cannot establish jurisdiction where court has been specifically and purposefully deprived of jurisdiction by another statute. *Departmental Disciplinary Comm. for the First Judicial Dep't v Shapiro (In re Friedman & Shapiro, P.C.)* (1995, SD NY) 185 BR 143.

★ Notice of removal from district court to bankruptcy court was stricken because *Fed. R. Bankr. P. 9027*, and *28 USCS §§ 1452, 157* did not authorize litigant to remove case from district court to bankruptcy court. *Doyle v Mellon Bank, N.A.* (2004, ED Pa) 307 BR 462, 52 CBC2d 435.