UNITED STATE BANKRUPCY COURT
Middle District of Florida

FILED
JACKSONVILLE, FLORIDA
APR 24 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

Civil action Number 05V124(R)

JOE L AMERSON JR
Plaintiff
VS.
WINN DIXIE STORES INC case Number 05-BK-3817-31F
DEFENDANT'(S)

Motion FOR ORDER COMPELLING DISCLOSURE OR
Failure to comply with order of court

Plaintiff Joe Louis Amerson JR, PRO SE COMES NOW IN this BANKRUPCY Middle District Court of Jacksonville, FL with his complaint to be heard under Rule 26(c) The Plaintiff has followed Rules of both Courts Federal procedures and State circuit court proceeding Defendants failure of this Federal Rule of Civil Procedure Rule 37.(a)(B) If a deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(B)(6) or 31(a), or a party fails to answer an interrogatory sumitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fail to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering designation, or an order compelling inspection in according with the request. Motion grant for evasive or incomplete disclosure, Grant Plaintiff Joe Louis Amerson JR all the forsaid mention in his complaint as well now expenses and sanction

Action filed by EEOC against Chapter 7 debtor was not subject to automatic stay under *11 USCS § 362*, and could not be removed to bankruptcy court under *28 USCS § 1452*; therefore, bankruptcy court did not have jurisdiction under *28 USCS § 1412* to transfer case to bankruptcy court in Texas where debtor's bankruptcy was pending. EEOC . v *Shelbyville Mixing Ctr., Inc. (In re Shelbyville Mixing Ctr., Inc.) (2002, BC ED Ky) 288 BR 765, 49 CBC2d 1107, 90 BNA FEP Cas 1373.*

Based upon review of pleadings and, in particular, response of Chapter 11 debtor, bankruptcy court determined that remand of lawsuit pursuant to *28 USCS § 1452(b)* and exercise of court's discretionary abstention power were appropriate remedies. *Armstrong v Trans-Service Logistics, Inc. (In re Trans-Service Logistics, Inc.) (2004, BC SD Ohio) 304 BR 809, 42 BCD 153, 51 CBC2d 1290,* motion gr, remanded (2004, BC SD Ohio) *2004 Bankr LEXIS 182.*

Standards used to determine whether equitable remand is warranted under *28 USCS § 1452(b)* are virtually identical to those used to determine whether discretionary abstention is merited under *28 USCS § 1334(c)(1). Oakwood Acceptance Corp. v Tsinigini (In re Oakwood Acceptance Corp.) (2004, BC DC NM) 308 BR 81.*

Where case was removed from state court to bankruptcy court because some defendants were debtors in case pending there, as bankruptcy cases at issue were confirmed liquidating cases, plaintiff was not seeking recovery from debtors, and outcome of plaintiff's case, therefore, would not affect assets available for distribution to creditors; plaintiff met its burden of establishing "timely adjudication," and all other elements necessary for mandatory abstention existed. *H.T. Hackney Co. v REWJB Gas Invs. (United Petroleum Group, Inc.) (2004, BC SD Fla) 311 BR 307, 43 BCD 66, 17 FLW Fed B 191.*

Most logical reading of "appropriate jurisdiction" as used in *28 USCS § 1334(c)(2)* was that abstention was proper only if state court that was in question had jurisdiction to hear matter; term "appropriate jurisdiction" did not create broader concept than had Congress simply used term jurisdiction as such construction would have created more problems than it solved, e.g., such construction necessarily required that term "appropriate jurisdiction" be interpreted to mean "jurisdiction and venue." *Alexander v Cintas Corp. (In re Terry Mfg. Co.) (2005, BC MD Ala) 324 BR 147, 44 BCD 187.*

Although bankruptcy court determined that all of elements for mandatory abstention had been shown, court also noted that remand on basis of permissive abstention pursuant to *28 USCS § 1334(c)(1)* would also have been proper where (1) remand to state court would have had no effect on efficient administration of bankruptcy estate; (2) proceeding involved exclusively state law issues; (3) sole source of jurisdiction was *28 USCS § 1334*; (4) matter was not core proceeding but was "related to" proceeding; (5) case was large and would have burdened bankruptcy court; (6) there did not appear to be any improper forum shopping; and (7) existence of right to jury trial favored remand. *Alexander v Cintas Corp. (In re Terry Mfg. Co.) (2005, BC MD Ala) 324 BR 147, 44 BCD 187.*

**7. Sanctions**

Fraud and malpractice action commenced by Chapter 7 Trustee in state court was properly remanded back to state court by bankruptcy court under *28 USCS § 1452(b)* as § 1452 provides claim may be remanded "on any equitable ground" but does not require that remand decision be justifiable under abstention law. *Ernst & Young, LLP v Devan (In re Merry-Go-Round Enters.) (1998, DC Md) 222 BR 254.*

Because court determined that it had jurisdiction under *28 USCS § 1334(b)*, consent for removal under *28 USCS § 1452* by all defendants was not required. *Conn. Res. Recovery Auth. v Lay (2003, DC Conn) 292 BR 464.*

Because plaintiff pension systems' state-court contribution claims could alter distribution to creditors, effect of such claims on bankruptcy estate was at least "conceivable" and because bankruptcy jurisdiction existed, action did not fall within two limited exceptions to removal; moreover, statute did not require all defendants' unanimous consent to removal. *N.Y. City Employees' Retirement Sys. v Ebbers (In re WorldCom Sec. Litig.) (2003, SD NY) 293 BR 308, 30 EBC 2076* (criticized in *Steel Workers Pension Trust v Citigroup, Inc. (2003, ED Pa) 295 BR 747, 50 CBC2d 817, CCH Fed Secur L Rep P 92609)* and affd (2004, CA2 NY) *368 F3d 86, 43 BCD 15, 32 EBC 2860, CCH Bankr L Rptr P 80094, CCH Fed Secur L Rep P 92814* (criticized in *Zia v Medical Staffing Network, Inc. (2004, SD Fla) 336 F Supp 2d 1306, CCH Fed Secur L Rep P 93016, 18 FLW Fed D 33)* and cert den (2005, US) *160 L Ed 2d 824, 125 S Ct 862.*

Pursuant to *28 USCS § § 1334(b)* and *1452(b)*, district court lacked "related to" jurisdiction to consider union pension trust's claims against certain underwriters seeking money damages for devaluation of company's bonds they had underwritten where trust was not suing company, resolution of pending lawsuit would not have increased or decreased size of company's bankruptcy estate, and action did not effect administration of company's bankruptcy. Thus, any in-

# AFFidavit

I HEREbY PERSONAllY APPEARED before the UNDER SIGNED authority IN the FORSaid COUNTY and State of Mississippi. THE Within NAME Joe Louis AMERSON JR with this INFORMATION of his Pleading to the defendant'(s) as to the cause of case number 05CV124(R) Filed in the Court of Mississippi. City of Meridian, County of Lauderdale Circuit Court I Joe Louis AMERSON have brought forward And Followed State Circuit Court Procedure upon Number 05CV124(R) defendant(s) Jeff Anderson Hospital and Winn Dixie Stores, Inc April 27, 2005 plaintiff Filed Notic to the Circuit Court Clerk after defendant'(s) Winn Dixie Stores, Inc. Failure of due Process of his the claim of Plaintiff Joe Louis AMERSON JR Now comes PRO'SE Plaintiff Forward His documentation of complaint Requesting for Removal of this suit against Winn Dixie Stores. Inc. # of case 05-bk-3817-3F1 Pursuant 28 U.S.C. § 1452 Federal Rule of Bankruptcy Procedure 7001(10) 9027.

In the Presence of A Subrcibing Witness for the State of Mississippi wherefore I Hereby Set my hand and affixed my and official Seal in the State of Mississippi, and Forsaid County this 20th day of April 2006

Notary Public Laura Quarles

Joe A Amerson JR

LAURA QUARLES
NOTARY
PUBLIC
HINDS COUNTY, MS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

*1334(b)* because no diversity of citizenship existed and petition contained exclusively state-law claim; (3) plaintiffs' claim was non-core proceeding, as it neither arose in bankruptcy nor involved right created by federal bankruptcy law, but rather was only related to bankruptcy; (4) case was originally commenced in state court; and (5) there was no indication case could not be timely adjudicated in state court following remand. *Arnold v First Greensboro Home Equity, Inc. (2004, ED Mo) 327 F Supp 2d 1022.*

Issue of whether court had "related to" jurisdiction over plaintiffs' action alleging fraud and other wrongdoing in lending transactions was largely immaterial, given that discretionary abstention, *28 USCS § 1334(c)(1)*, and/or equitable remand, *28 USCS § 1452(b)*, were appropriate; lawsuit was clearly not "core proceeding" within meaning of *28 USCS § 157(b)* and state law issues predominated heavily over any federal issues in case, and although plaintiffs' bankruptcy creditors did have legitimate interests in disposition of case, assuming that lawsuit is deemed to be asset of bankruptcy estate, intervention of court was not required to protect those interests. *Walton v Tower Loan (2004, ND Miss) 338 F Supp 2d 691, 59 FR Serv 3d 1072.*

Plaintiff's motion to remand his action to state court was denied because text of Bankruptcy Code unambiguously stated that proceeding under *11 USCS § 304* was "case," and there was no reason why plaintiff's state law action that sought to recover some assets of foreign estate (action that could have been brought in plaintiff's § 304 proceeding), and thus increase size of estate involved in § 304 case, was not "related to" § 304 proceeding within meaning of *28 USCS § 1334. Bondi v Grant Thornton Int'l (2005, SD NY) 322 BR 44.*

Factor to be considered in regard to motion to remand issue to state court pursuant to *28 USCS § 1452(b)* is effect of remand upon efficient and economic administration of estate; remand is thus inappropriate where there are no unsettled issues of state law and impact of remand of subsidiary issue in large and complex bankruptcy estate would unduly hamper efforts of trustee by forcing him to travel to litigate. *In re Butcher (1985, BC ND Ga) 46 BR 109, 12 BCD 748.*

Remand of state attachment proceeding which has been removed to Bankruptcy Court is improper under *28 USCS § 1452(b)* where duplication of judicial resources would be probable because Bankruptcy Court would have to determine rights in and disposition of attached funds and would also have to address whether facts warranted lifting of automatic stay to allow state court action to proceed; further, (1) remanding case would force debtor in possession to litigate major source of estate funds in jurisdiction far from where main case is pending, (2) removed proceeding does not contain questions of state law which would be better addressed by state court, and (3) plaintiffs would not be demonstrably prejudiced by allowing matter to be heard where main bankruptcy case is pending. *In re Finley (1986, BC ND Ga) 15 CBC2d 327, CCH Bankr L Rptr P 71214.*

Equitable grounds for remand of case under *28 USCS § 1452(b)* include: (1) forum non conveniens; (2) holding that, if civil action has been bifurcated by removal, entire action should be tried in same court; (3) holding that state court is better able to respond to questions involving state law; (4) expertise of particular court; (5) duplicative and uneconomic effort of judicial resources in 2 forums; (6) prejudice to involuntarily removed parties; (7) comity considerations; and (8) lessened possibility of inconsistent results. *Thomasson v AmSouth Bank, N.A. (1986, BC ND Ala) 59 BR 997,* affd (1986, ND Ala) *59 BR 997, 14 CBC2d 1238.*

Since no mandatory command to abstain from hearing state law damages action brought by corporations against petitioners in involuntary bankruptcy of principal of corporations is appended to *28 USCS § 1452(b)*, while reference is made in § 1452(a) to *28 USCS § 1334*, Bankruptcy Court is only required to consider abstention and remand of removed state action on equitable grounds; where state suit is brought simply to interfere with orderly disposition of debtor's estate, no equitable grounds for abstention exist. *In re Ross (1986, BC SD NY) 64 BR 829, 14 BCD 1231, 15 CBC2d 698* (criticized in *Mt. McKinley Ins. Co. v Corning Inc. (2005, CA2 NY) 399 F3d 436, 44 BCD 67).*

If adversary proceeding commenced in Bankruptcy Court would be subject to mandatory abstention under *28 USCS § 1334*, then identical proceeding removed from state court should be remanded under *28 USCS § 1452(b). In re Pacor, Inc. (1987, BC ED Pa) 72 BR 927, 15 BCD 1287,* affd (1988, ED Pa) *86 BR 808.*

Involuntary debtor's motion for remand pursuant to *28 USCS § 1452(b)* is granted by Bankruptcy Court where it is questionable if creditor's claims are core proceedings and where one or more parties may be entitled to jury trial. *In re Hanson Industries, Inc. (1988, BC DC Minn) 83 BR 659, 17 BCD 250, 18 CBC2d 444* (superseded by statute as stated in *In re Fulda Independent Co-Op (1991, BC DC Minn) 130 BR 967, 25 CBC2d 889).*

Presence of factors suggesting discretionary abstention pursuant to *28 USCS § 1334(c)(1)* and factors requiring mandatory abstention under § 1334(c)(2) provides ample equitable grounds for remand of lawsuit to state court since considerations underlying discretionary abstention and remand are same and provisions for mandatory abstention are

JOE LOUIS AMERSON JR
M.D.O.C # 36217
C.M.C.F
P O Box 88550
PEARL, MS 39288

Plaintiff JOE LOUIS AMERSON JR

## Certificate of Service

I JOE LOUIS AMERSON JR Plaintiff FOR Suit against defendant(s) WINN DIXIE STORES, INC and Jeff Anderson Hospital CERTIFY HEREBY that I have Mailed, BY UNITED States Mail, Postage Prepaid, and true and correct copys of the Said documents to:

United States Bankruptcy Court
Middle District of Jacksonville, Fla
300 North Hogan Street Suite 3-350
Jacksonville, Florida 32202
Phone (904) 301-6490

JOE L AMERSON JR

Sworn and Subcribed befor ME
This 20th of April 2006
Notar Public Laura Quarles

LAURA QUARLES NOTARY PUBLIC HINDS COUNTY, MS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
...SION EXPIRES: Aug 25, 2006
...TARY PUBLIC UNDERWRITERS