United States Bankrupcy Court
Middle District of Florida

Civil action file Number 05v124-R

FILED
JACKSONVILLE, FLORIDA
APR 24 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

Joe Louis Amerson
    Plaintiff
        vs.
Jeff Anderson Hospital
And Winn Dixie Stores, Inc.   Case # 05-BK-3817-3F1
    Defendants

## Notice Motion of Abstention

Pro'se Joe Louis Amerson, Jr comes now under 28 U.S.C.£ 1452 (d), 28 USCS § 1334 (c)(2) Plaintiff filed his claim in the State Court in Stationary State action by proof of Plaintiff claim the State Court of the Circuit Court of Lauderdale County Meridian, Mississippi. Failed to bring defendants to Just after Summon was served and Requested of an answer in the time fame. No action was taken on the defendants Southmark Corp. vs. Coopers and Lybrand (IN RE Southmark Corp) (1999, C&5 TEX) 163 F3d 925, 33 BCD 948, CC Bankr L. RDZR P 79874. Plaintiff seeks the removal of this case to move forward seeking all that liable by this Bankrupcy Court

Plaintiff's motion for remand was denied because plaintiff's state court claims and companies' counterclaims were core bankruptcy proceeding under *28 USCS § 157* and claims were subject to automatic stay provision under *28 USCS § 362*, which made their removal timely under *28 USCS § 1452* and *Fed. R. Bankr. P. 9027*; moreover, 30-day time limit under *28 USCS § 1446* did not apply and neither permissive abstention, *28 USCS § 1334(c)(1)*, nor equitable remand was appropriate because plaintiff had voluntarily subjected itself to equitable jurisdiction of bankruptcy court by filing its proof of claim. *Shared Network Users Group, Inc. v WorldCom Techs., Inc. (2004, ED Pa) 309 BR 446.*

Mandatory time limit set forth in *28 USCS § 1446*, governing removal of diversity cases to District Court, applies to *28 USCS § 1452*, governing removal of bankruptcy matters to District Court. *In re Watson-Mahaney, Inc. (1987, BC ND Ill) 70 BR 578, 15 BCD 857.*

State action removed to Bankruptcy Court beyond 30-day limit of *28 USCS § 1446(b)*, although within 90-day limit of Bankruptcy Rule 9027(a)(2), was proper since 1984 Bankruptcy Amendments did not affect validity of Bankruptcy Rule 9027 because (1) congressional intent in enacting *28 USCS § 1452* was simply to alter statutory reference from Bankruptcy Court to District Court; (2) no desire was expressed by Congress to alter procedure or time periods set out in Bankruptcy Rule 9027; (3) since § 1446 makes no provision for removal by a plaintiff, but § 1452 does, it is difficult to see how Bankruptcy Rule 9027 could be supplanted by § 1446 without § 1441 supplanting § 1452 also; and (4) § 1452's reference to "district court" should be construed to include Bankruptcy Court since Bankruptcy Court is division of District Court. *In re Pacor, Inc. (1987, BC ED Pa) 72 BR 927, 15 BCD 1287*, affd *(1988, ED Pa) 86 BR 808.*

Chapter 11 debtor's petition for removal under *28 USCS § 1452* of state court action to Bankruptcy Court was timely filed where debtor complied with requirements under Bankruptcy Rule 9027(a)(2), since Rule 9027(a) governs procedure for removal; Rule 9027 was not so tied to former removal statute, *28 USCS § 1478*, that repeal of § 1478 and subsequent enactment of *28 USCS § 1452* caused implicit repeal of Rule 9027. *In re Aztec Industries, Inc. (1987, BC ND Ohio) 84 BR 464* (criticized in *Ret. Sys. of Ala. v Merrill Lynch & Co. (2002, MD Ala) 209 F Supp 2d 1257, 28 EBC 1589).*

Motion to remand to state court was timely, even though it was made more than 30 days after removal under *28 USCS § 1452*, since general remand statute, § 1447(c), did not preempt bankruptcy remand statute, *11 USCS § 1452(b)*, which permitted remand on any equitable ground without mention of time limit; § 1447(c) governed remand of action for lack of federal subject matter jurisdiction, where initial removal was accomplished under *28 USCS § 1452*. *Billington v Winograde (In re Hotel Mt. Lassen) (1997, BC ED Cal) 207 BR 935, 30 BCD 874, 37 CBC2d 1472, CCH Bankr L Rptr P 77431.*

### 6. Abstention

Mandatory abstention applies to cases removed to federal court on basis of bankruptcy jurisdiction; there is no textual support in statute for contrary view, only handful of bankruptcy opinions support it, and vast majority of courts hold otherwise. *Southmark Corp. v Coopers & Lybrand (In re Southmark Corp.) (1999, CA5 Tex) 163 F3d 925, 33 BCD 948, CCH Bankr L Rptr P 77874*, cert den *(1999) 527 US 1004, 144 L Ed 2d 236, 119 S Ct 2339* and (criticized in *ML Media Partners, LP v Century/ML Cable Venture (In re Adelphia Communs. Corp.) (2002, BC SD NY) 285 BR 127, 40 BCD 112)* and (criticized in *Blackacre Bridge Capitol LLC v Korff (In re River Ctr. Holdings, LLC) (2003, BC SD NY) 288 BR 59, 49 CBC2d 1949)* and (criticized in *Certain Underwriters at Lloyd's v ABB Lummus Global, Inc. (2004, SD NY) 2004 US Dist LEXIS 1486).*

Although statutory abstention does apply to cases removed to federal court on basis of bankruptcy jurisdiction, bankruptcy court did not abuse its discretion in declining to abstain from jurisdiction over state-law malpractice action against court-appointed accounting firm, where professional malpractice claims were inseparable from bankruptcy context. *Southmark Corp. v Coopers & Lybrand (In re Southmark Corp.) (1999, CA5 Tex) 163 F3d 925, 33 BCD 948, CCH Bankr L Rptr P 77874*, cert den *(1999) 527 US 1004, 144 L Ed 2d 236, 119 S Ct 2339* and (criticized in *ML Media Partners, LP v Century/ML Cable Venture (In re Adelphia Communs. Corp.) (2002, BC SD NY) 285 BR 127, 40 BCD 112)* and (criticized in *Blackacre Bridge Capitol LLC v Korff (In re River Ctr. Holdings, LLC) (2003, BC SD NY) 288 BR 59, 49 CBC2d 1949)* and (criticized in *Certain Underwriters at Lloyd's v ABB Lummus Global, Inc. (2004, SD NY) 2004 US Dist LEXIS 1486).*

When case is removed under *28 USCS § 1452(a)*, *28 USCS § 1334(c)(2)* does not require parallel state court proceeding but merely that case be commenced in state court. *Official Plan Comm. of Omniplex Communcations Group, LLC v Lucent Techs., Inc. (2004, ED Mo) 344 F Supp 2d 1194.*