## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| WINN-DIXIE STORES, <u>et. al</u>, | ) | Case No. 05-03817 |
| | ) | Chapter 11 |
| Debtors[1] | ) | Jointly Administered |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

### CSX TRANSPORTATION, INC.'S REQUEST FOR
### PAYMENT OF ADMINISTRATIVE EXPENSE

CSX Transportation, Inc. ("CSX"), by counsel, in support of its Request for

Payment of Administrative Expense (the "Request"), states the following:

### Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and1334.

2.      Venue is proper pursuant to 28 U.S.C. § 1409.

3.      The statutory basis for the relief requested is 11 U.S.C. § 503(b) and

Federal Rule of Bankruptcy Procedure 9014.

### Background

4.      On February 21, 2005, Winn-Dixie Stores, Inc. and numerous of its

subsidiaries and affiliates (the "Debtors") filed voluntary chapter 11 bankruptcy petitions

in the United States Bankruptcy Court for the Southern District of New York (the "New

York Court").

---

[1] The debtors are Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakeries, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc. and Winn-Dixie Supermarkets, Inc.

5.      On April 19, 2005, the Debtors' bankruptcy cases were transferred from the New York Court to this Court.  The Debtors' bankruptcy cases are being jointly administered under Case No. 05-03871 (Jointly Administered).

6.      Both pre and postpetition, CSX provided, and continues to provide, rail transportation services to the Debtors pursuant to CSXT 520 and ATSF 00001. Specifically, postpetition services have been provided to Winn-Dixie Stores, Inc. ("Winn-Dixie").

7.      The Debtors have failed to pay CSX for postpetition services provided by CSX.  The amounts due for these services include not only the line haul freight charges associated with such services, but liquidated damages interest in the amount of twelve (12) percent as authorized by Tariff CSXT 8100.  A listing of the unpaid freight bills and a copy of each freight bill corresponding to postpetition services provided to Winn-Dixie and the amounts due thereunder are attached hereto as <u>Exhibit A</u> (the "Unpaid Freight Bills").  Pursuant to the terms of CSXT 8100 and the Unpaid Freight Bills, the Debtors were required to pay each Unpaid Freight Bill within fifteen days of the date of the freight bill.

8.      As of the date of this Request, the Debtors have not made any payments towards the satisfaction of the Unpaid Freight Bills.  The total amount due and owing under the Unpaid Freight Bills is $90,837.29.

## <u>Relief Requested</u>

9.      Pursuant to 11 U.S.C. § 503(b)(1)(A), claims held by creditors for which the underlying consideration provided was an actual and necessary cost or expense to the debtor to preserve the estate are to be allowed as administrative expenses entitled to

priority under 11 U.S.C. § 507(a)(1).  In chapter 11 cases, in order for a claim to obtain administrative expense status, the claim must arise from: (1) a transaction with the debtor-in possession; and (2) the goods or services supplied must have enhanced the debtor-in-possession's ability to operate as a going concern.  *See In re Colortex Indus., Inc.,* 19 F.3d 1371, 1382-1383 (11th Cir. 1994).

10.    In the instant case, it is clear that the amounts due to CSX under the Unpaid Freight Bills constitute an administrative expense entitled to priority.  First, CSX transacted directly with the Debtors as debtors-in-possession.  Following the Debtors' filing of their Chapter 11 bankruptcy petitions, CSX continued to provide rail transportation services at the Debtors' request and direction.  Absent this transport, the Debtors would not have received raw materials and inventory necessary for production of Debtors' products, and as a result, would have been incapable of delivering or selling its products to its customers.  It goes almost without saying that delivering raw materials and inventory is instrumental to the operation of the Debtors' business.  In fact, in detailing the legislative history of this section, the Third Circuit Court of Appeals noted that "such expenses must be paid first to assure the availability of the services needed to administer a liquidation or reorganization case.  Absent the priority established under § 503, a debtor in possession could not keep its employees, nor obtain services necessary to its operation as it attempts to reorganize, or wind-down pending ultimate liquidation." *Pennsylvania Dept. of Envtl. Resources v. Tri-State Clinical Labs.*, 178 F.3d 685, 690 (3rd Cir. 1999) (quoting Report of the Commission on the Bankruptcy Laws of the United State, H.R. Doc. 93-137, pt. 1 , at 214 (1973)(internal quotations omitted)).  It is difficult to imagine a transaction that would assist a debtor more than transporting raw materials and

inventory to the Debtor from which the Debtor ultimately it derives its profit; thus allowing it to retain its employees and satisfactorily reorganize under chapter 11.  Due to the direct interaction with the Debtors following the filing of their bankruptcy petitions and the direct beneficial nature to the Debtors' estate of these transactions, all amounts due under the Unpaid Freight Bills must be allowed as an administrative expense.

WHEREFORE, CSX respectfully requests that this Court enter an order substantially in the form attached hereto as <u>Exhibit B</u> allowing its claim for $90,837.29 for amounts due under the Unpaid Freight Bills as an administrative expense in accordance with 11 U.S.C. § 503(b)(1)(A) and ordering Debtors to pay such claim and granting any other additional relief the Court finds justified under the circumstances.

Dated: Jacksonville, Florida
       April 27, 2006

CSX TRANSPORTATION, INC.


 /s/ Michael T. Fackler
Michael T. Fackler (Fla. Bar No. 0612421)
John H. Maddock III
Elizabeth L. Gunn
McGuireWoods LLP
Bank of America Tower
50 North Laura Street, Suite 3300
Jacksonville, FL  32202-3661
Tel: (904) 798-2684
Fax: (904) 798-3266
mfackler@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that a true and correct copy of the foregoing Request for Payment of Administrative Expense was served this 27th day of April, 2006 (i) by first class mail, postage prepaid, on the parties listed below; and (ii) by e-mail on the parties who receive electronic notice in this case pursuant to the Court's ECF filing system.

      D.J. Baker, Esq.
      Skadden, Arps, Slate, Meagher & Flom, LLP
      Four Times Square
      New York, NY  10036-6522

      Cynthia C. Jackson, Esq.
      Smith, Hulsey & Busey
      225 Water Street
      Suite 1800
      Jacksonville, FL  32202

      Dennis F. Dunne, Esq.
      Millbank, Tweed, Hadley & McCloy, LLP
      1 Chase Manhattan Plaza
      New York, NY  10005

      John B. Macdonald
      Patrick P. Patangan
      Akerman Senterfitt
      50 North Laura Street, Suite 2500
      Jacksonville, FL  32202

      Office of the United States Trustee
      Attn: Elena L. Escamilla
      135 West Central Blvd.
      Suite 620
      Orlando, FL  32806

      /s/ Elizabeth L. Gunn
      Elizabeth L. Gunn

Active\3631567.4