## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER DENYING MOTION FOR
## BANKRUPTCY RULE 2004 EXAMINATION OF DEBTORS

This matter came before the Court on April 20, 2006, on (i) a motion for a Bankruptcy Rule 2004 examination of Winn-Dixie Stores, Inc. and its affiliated debtors (collectively, the "Debtors") (Doc. No. 6925) (the "Motion"), filed by Richard Ehster, Gary Osborne, Scott Hunt, Stan Timbrook, and John Gardner (collectively, the "Movants"), and (ii) the Debtors' objection to the Motion (the "Objection") (Doc. No. 7234).  At the hearing, the Debtors agreed to provide the Movants with the information requested in paragraphs (m), (n) and (o) of the Motion, as it relates to the Debtors' Management Security Plan.  The Debtors object to the balance of the requested examination on the ground that it is duplicative of an examination of the Debtors being conducted by the Official Committee of Unsecured Creditors (the "Committee").  The Court has reviewed the Motion and the Objection, considered the evidence and heard the arguments of counsel.  During argument, counsel for the Committee offered to consider, as a part of its examination of the Debtors, information provided to the Committee by the Movants.  The Court finds good cause to deny the Motion without prejudice to

the Movants' right to seek additional discovery in the event the Movants determine that they need information not available from the Committee's examination. Accordingly, it is

ORDERED:

1.    The Motion is denied except as provided below.

2.    The Debtors will provide the Movants with the information available to the Debtors as described in paragraphs (m), (n), and (o) of the Motion.

3.    Counsel for the Committee will consider, as part of its examination of the Debtors, any information provided to the Committee by the Movants.

4.    Counsel for the Committee will provide the Movants' counsel with a copy of the report of the Committee's examination when it is publicly filed with the Court.

5.    This Order is without prejudice to (i) the Movants' right to seek additional discovery in the event the Movants determine that they need information not available from the Committee's examination and (ii) any other party's right to object to such additional discovery.

Dated this _24_ day of _April_____, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

Jerrett M. McConnell
Michael Comerford
U.S. Trustee
Stephen D. Busey

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 113A-3        User: cartes          Page 1 of 1          Date Rcvd: Apr 25, 2006
Case: 05-03817             Form ID: pdfdoc        Total Served: 2
```

The following entities were served by first class mail on Apr 27, 2006.
aty        +Jerrett M. McConnell,    Friedline & McConnell, P.A.,   1756 University Blvd South,
              Jacksonville, FL 32216-8929
           +Michael Comerford,   One Chase Manhattan Plaza,   New York, NY 10005-1401

The following entities were served by electronic transmission.
NONE.                                                                              TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 27, 2006**                    **Signature:**  _Joseph Speetjens_