**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors. ¹

Case No. 05-03817-3F1
Chapter 11
Jointly Administered

**CITY OF NORFOLK'S RESPONSE AND OBJECTION**
**TO THE DEBTORS' OMNIBUS OBJECTION TO TAX CLAIMS AND**
**MOTION FOR AN ORDER DETERMINING TAX LIABILITIES**

**COMES NOW,** the City of Norfolk, Virginia [including all its departments, divisions, bureaus and agencies] (hereinafter, the "City"), by and through the undersigned counsel, and responds to Debtor's Omnibus Objection to Tax Claims and Motion for an Order Determining Tax Liabilities (the "Omnibus Objection and Motion") and moves this Honorable Court for an Order dismissing the Debtor's Motion and granting the City's claim in its entirety, and in support thereof, respectfully represents as follows:

**STATEMENT OF FACTS**

1. On February 21, 2005, Winn-Dixie Stores, Inc. and numerous of its subsidiaries and affiliates (the "Debtors") filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

---

[1] The debtors are Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn- Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. On April 19, 2005, the Debtors' bankruptcy cases were transferred from the New York Court to this Court. The Debtors' bankruptcy cases are being jointly administered under Case No. 05-03871 (Jointly Administered).

3. On March 1, 2005, the City received the Debtors' business personal property tax return entitled, "Asset Value Summary," dated March 1, 2005, from Mr. John Taylor, Property Tax Manager. The taxes the subject of the Debtors' current Omnibus Objection and Motion were assessed against the property valuation found on the return submitted by the Debtors' agent.

4. On or about April 28, 2005, this Court entered its Order (A) Establishing Deadline for Filing Proofs of Claim, (B) Approving Proof of Claim Form, (C) Approving Proof of Claim Filing Deadline Notices, (D) Approving Mailing Procedures, (E) Conditionally Approving Publication Procedures and (F) Conditionally Providing Certain Supplemental Relief (the "Bar Date Order").

5. On or about April 18, 2006, the Debtors filed their Omnibus Objection to Tax Claims and Motion for Order Determining Tax Values and Tax liabilities, which, *inter alia*, alleges that the Debtors' business personal property has been overvalued by the taxing authorities, that the correct valuations are those suggested by its appraisers, that the Court should determine the amount of

any such taxes due the taxing authorities and that the Court should adjust the interest rates statutorily set by the various taxing authorities and applied to delinquent tax amounts.

### ARGUMENT

6. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f); see also In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003). A party objecting to a validly filed proof of claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim.

7. Debtors have presented nothing to suggest that the determination by the Court of taxes already determined and presumed to be correct by the taxing authority would in anyway benefit the bankruptcy estate or the unsecured creditors of the estate. Accordingly, in accordance with the majority of the courts considering this issue, this court should abstain from making such a determination. See In re Gossman, 206 B.R. 264 (Bankr. N.D. Ga.1997); also, In re Williams, 190 B.R. 225 (Bankr. W.D. Penn. 1995).

8. Debtors argue that statutory interest rates in excess of Debtors' suggested range of 3.61% and 5.68% should be found to constitute a penalty, not interest. However, Debtors

provide no case or statutory law in support of this argument. No statutory or case law extant supports Debtors' argument that anything above prime plus a certain percentage is by definition a penalty. The City's code provides, at section Sec. 24-200 (a), that "such unpaid [tax] installment shall bear interest at the rate of ten (10) percent per annum during the first year of delinquency, and at the rate of interest established pursuant to §6621 of the Internal Revenue Code, as amended, during the second and subsequent years of delinquency." Thus, the City's statutory scheme, intentionally, is designed to avoid the effects of a penalty.

9. The City relied upon the returns as filed by Debtors in assessing its taxes upon Debtors' property. Debtors have provided nothing to suggest that the City's reliance was misplaced, other than the opinion of an appraiser retained by Debtors'. No explanation is provided as to why, or how, an incorrect return was provided the City.

## **CONCLUSION**

WHEREFORE, the City of Norfolk requests that this Court overrules the Debtors' Objection, dismiss the Debtors" motion and allow the City's claim in its entirety, and grant such other and further relief as this Court deems appropriate.

>Respectfully Submitted,
>
>/s/Charles Stanley Prentace
>Charles Stanley Prentace
>Deputy City Attorney
>900 City Hall Building
>Norfolk, VA 234510
>Telephone: (757) 664-4529
>Facsimile: (757) 664-4201
>E-mail: charles.prentace@norfolk.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2006, a true and correct copy of the foregoing Response was sent by e-mail, fax and overnight delivery to D.J. Baker Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com and Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201, cjackson@smithhulsey.com.

>/s/Charles Stanley Prentace
>Charles Stanley Prentace