# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors.[1] | Jointly Administered |

### DEBTORS' OBJECTION TO CLAIMS FILED BY STATE OF LOUISIANA DEPARTMENT OF REVENUE (CLAIM NOS. 455, 459, 463, 6205, AND 6206)

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), object upon the grounds specified below to the allowance of Claim Nos. 455, 459, 463, 6205, and 6206, each filed by the State of Louisiana Department of Revenue (the "Louisiana DOR") (the "Claims").[2] In making these objections, the Debtors reserve the right to assert further or additional objections to the Claims.

### General Grounds for Objection to Claims

*A.    Claim Nos. 455, 459, and 463*

1.    Claim Nos. 455, 459, and 463 should be disallowed in their entirety because each of these claims has been amended and superseded by later filed claims (the "Later Filed

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    In addition to the Claims, the Louisiana DOR has filed other claims against Debtors in these cases. Although not addressed in this Objection, the Debtors reserve all rights to object to these claims in a separate objection filed with the Court upon notice to the Louisiana DOR. Indeed, the Debtors have already, by separate pleadings, objected to Claim Nos. 456, 457, 458, 460, 461, and 462 filed by the Louisiana DOR. See Debtors' Objection to Claims Filed by State of Louisiana Department of Revenue (Claim Nos. 456 and 457) and Related Claim Filed by Pugh, Pugh & Pugh L.L.P. (Claim No. 7765) (Apr. 24, 2006) (Docket No. 7391); Debtors' Sixth Omnibus Objection to No Liability Claims (Mar. 7, 2006) (Docket No. 6352); Debtors' Second Omnibus Objection to Duplicate Claims and Amended and Superseded Claims (Dec. 20, 2005) (Docket No. 4716).

Claims"). Claim No. 455 has been amended and superseded by Claim No. 12915, Claim No. 459 has been amended and superseded by Claim No. 12914, and Claim No. 463 has been amended and superseded by Claim No. 12925. Accordingly, Claim Nos. 455, 459, and 463 should be disallowed in their entirety.[3]

*B.     Claim No. 6205*

2.      Claim No. 6205 should be disallowed in its entirety. Claim No. 6205 asserts an unsecured priority claim of $473,279.11 against Debtor Winn-Dixie Procurement, Inc. ("WD Procurement") for additional Louisiana corporation income tax (the "Income Tax") for the taxable periods that ended on various dates in June of 2001 through 2003, inclusive.[4] However, WD Procurement has paid all Income Tax due for the taxable periods described in Claim No. 6205 in accordance with Louisiana law. The additional amounts sought by the Louisiana DOR in Claim No. 6205 are based upon computations of WD Procurement's Income Tax liability that is contrary to applicable law.[5]

*C.     Claim No. 6206*

3.      Claim No. 6206 should be reduced and allowed in an amount not exceeding $99,629. Claim No. 6206 asserts against Winn-Dixie Montgomery, Inc. ("WD Montgomery"): (a) an unsecured priority claim of $2,171,240.95 for (i) $1,375,964.45 in Income Tax for the taxable

---

[3]     The Debtors reserve their rights to object to the Later Filed Claims upon notice to the Louisiana DOR.

[4]     Claim No. 6205 amends Claim No. 460. Claim No. 460 has been previously disallowed on the ground that it was amended and superseded by Claim No. 6205. See Order Disallowing and Expunging (a) Duplicate Claims and (b) Amended and Superseded Claims as Set Forth in the Debtors' Second Omnibus Claims Objection, at ¶ 3, Exhibit B (Jan. 19, 2006) (Docket No. 5219).

[5]     Among other things, the amounts claimed are based upon calculations of Income Tax liability using the "combined report method" that is contrary to Louisiana law. Instead, Louisiana law requires the calculation of Income Tax liability (and WD Procurement did calculate its Income Tax liability) using the "separate return method". See La. Rev. Stat. § 47:287.733(A). For further discussion of this point, see Debtors' Objection to Claims Filed by State of Louisiana Department of Revenue (Claim Nos. 456 and 457) and Related Claim Filed by Pugh, Pugh & Pugh L.L.P. (Claim No. 7765) (Apr. 24, 2006) (Docket No. 7391).

periods that ended on various dates in June of 2001 through 2003, inclusive and (ii) $795,276.50 in Louisiana corporate franchise taxes (the "Franchise Tax") for the taxable periods that ended on various dates in June of 2002 through 2004, inclusive <u>and</u> (b) a general unsecured claim of $1,290,531.02 for (i) $990,196.04 in Income Tax for the taxable period that ended in June of 2000 and (ii) $300,334.98 in Franchise Tax for the taxable period that ended in June of 2001.[6] However, WD Montgomery has paid all Income Tax due for the relevant periods and the Income Tax components of Claim No. 6206 represent an attempt by the Louisiana DOR to collect additional sums based upon calculations that are contrary to applicable law.[7] Furthermore, the Franchise Tax components of Claim No. 3206 overstate WD Montgomery's Franchise Tax liability for the applicable periods and are based upon errors and adjustments that are contrary to Louisiana law. Accordingly, Claim No. 6206 should be reduced and allowed in an amount not exceeding $99,629.

### **Notice**

4.   Notice of this Objection has been provided to (a) the Louisiana DOR, (b) counsel to the United States Trustee, (c) counsel for the Debtors' postpetition secured lenders, and (d) counsel for the Creditors Committee. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (a) enter an order (i) disallowing in their entirety Claim Nos. 455, 459, 463, and 6205 and (ii)

---

[6]   Claim No. 6206 amends Claim No. 458. Claim No. 458 has been previously disallowed on the ground that it was amended and superseded by Claim No. 6205. <u>See</u> Order Disallowing and Expunging (a) Duplicate Claims and (b) Amended and Superseded Claims as Set Forth in the Debtors' Second Omnibus Claims Objection, at ¶ 3, Exhibit B (Jan. 19, 2006) (Docket No. 5219).

[7]   Among other things, the Income Tax amounts claimed are based upon calculations of Income Tax liability using the "combined report method" that is contrary to Louisiana law. Instead, Louisiana law <u>requires</u> the calculation of Income Tax liability (and WD Montgomery did calculate its Income Tax liability) using the "separate return method". <u>See</u> La. Rev. Stat. § 47:287.733(A). For further discussion of this point, see Debtors' Objection to Claims Filed by State of Louisiana Department of Revenue (Claim Nos. 456 and 457) and Related Claim Filed by Pugh, Pugh & Pugh L.L.P. (Claim No. 7765) (Apr. 24, 2006) (Docket No. 7391).

reducing and allowing Claim No. 6206 in an amount not exceeding $99,629 and (b) grant such other and further relief as the Court deems just and proper.

Dated: April 28, 2006.

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*<br>    D. J. Baker<br>    Sally McDonald Henry<br>    Rosalie Walker Gray<br>    David M. Turetsky<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By  *s/ James H. Post*<br>    Stephen D. Busey<br>    James H. Post<br>    Cynthia C. Jackson<br>    Florida Bar Number 175460<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |