Hearing Date: May 4, 2006

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' RESPONSE IN OPPOSITION TO THE FLORIDA
### TAX COLLECTORS' MOTION FOR ADEQUATE PROTECTION

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), file this response in opposition to the Florida Tax Collectors' motion for adequate protection (Docket No. 4284) and states:

1.      On November 21, 2005, the Florida Tax Collectors'[2] filed a motion for entry of an order compelling the Debtors to provide them with adequate protection for unpaid taxes (which the Debtors intend to contest in the Bankruptcy Court under 11 U.S.C. §505), by depositing the full amount of such taxes (approximately $69.5 million), plus a monthly deposit of interest, attorneys' fees and costs into a "separate segregated escrow account for the exclusive use for payment of Florida Tax Collectors' taxes, interests, costs and fees" (the "Motion").  Motion, pg. 4-5.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]      The term "Florida Tax Collectors" refers collectively to each of the county tax collectors named in the Motion.

2.      As of the Petition Date, the Debtors leased and operated 441 stores in Florida.  The Debtors own inventory, equipment and trade fixtures in these stores and the Debtors also own some stores and distribution centers in Florida.

3.      The Florida Tax Collectors allege in the Motion that the Debtors owe approximately $63 million for real property taxes and approximately $6.5 million for personal property taxes.

4.      The Debtors dispute that they owe the Florida Tax Collectors--as opposed to the Debtors' landlords--for taxes on properties the Debtors lease rather than own (approximately $60 million, according to the Florida Tax Collectors). Moreover, the Debtors have actually *paid* to their landlords, as required by their leases, all ad valorem taxes accruing post petition--as administrative expenses of these estates[3].

5.      With regard to 2005 ad valorem taxes on real and personal real property *owned* by the Debtors, the amount the Debtors actually owe and have not paid is not more than $ 8.6 million.  These taxes are being contested by the Debtors.

6.      Moreover, any tax claims against property *owned* by the Debtors which are ultimately allowed by the Court are secured under Florida law by first liens against the taxed property.   *See* Florida Statutes, §197.122.

7.      It is undisputed that the Florida Tax Collectors' tax claim against the Debtors is over-secured.  Based upon the taxes the Florida Tax Collectors claim to be due and properly included in their alleged secured claim on property owed by the

---

[3] Because the Debtors are responsible under these leases to reimburse landlords for all taxes owed, the leases allow the Debtors to contest any assessed taxation values or liabilities with the appropriate taxing authorities. The Debtors intend to do so by filing a § 505 motion with the Court.

Debtors ($8.6 million), the Debtors' property is worth in excess of $430,000,000,[4] assuming a tax effective rate of approximately 2%.

8.     The difference between the value of the collateral securing the Florida Tax Collectors' secured tax claim and the amount of the tax claim itself represents an equity cushion in favor of the Florida Tax Collectors of more than 98%.  Moreover, even taking into account the Debtors' assertion that these properties have been overvalued for tax purposes, any decrease in tax value will correspondingly decrease the tax liability, so that there will always be an equity cushion of 98%, assuming an effective tax rate of 2%.

9.     The Motion should be denied because (i) the Florida Tax Collectors are not entitled to adequate protection in connection with taxes owed by the landlords on property *leased* by the Debtors and (ii) the Florida Tax Collectors are adequately protected by an equity cushion of in excess of 98%, on property owned by the Debtors, regardless of the ultimate valuation of these properties.

## <u>Argument</u>

10.     Although the Florida Tax Collectors fail to cite to any legal authority in support of the Motion, the Debtors acknowledge that an entity with a claim secured by estate property may, upon request, be entitled to "adequate protection" for the Debtors' use of that property under Section 363(e) of the Bankruptcy Code.  *See Octagon Gas Systems, Inc. v. Rimmer*, 995 F.2d 948, 957, n.9 (10th Cir.1993) ("Although property subject to a security interest is property of the debtor's

---

[4]     The Debtors dispute the taxing authorities' valuation of these properties and use the value for purposes of this Motion only.

bankruptcy estate, secured creditors of the debtor are provided 'adequate protection' for their interest.") (citing 11 U.S.C. §363(e)).

11.    The Florida Tax Collectors claim they are entitled to adequate protection for taxes owed *by the Debtors' landlords* for properties leased by the Debtors.   The Florida Tax Collectors are not entitled to adequate protection for taxes owed on leased property because those taxes are statutory obligations of the applicable landlords and not the Debtors.

12.    With respect to the Debtors' owned properties, the Florida Tax Collectors are already adequately protected within the meaning of Section 363(e) by the existence of a substantial equity cushion.  *See, e.g.  In re Ralar Distributors, Inc.*, 69 F.3d  1200, 1203 (1st Cir. 1995) ("A sufficient equity cushion is itself a recognized form of adequate protection").   "Equity cushion" is defined by case law as the value in the property above the amount owed to the creditor with a secured claim that will shield that interest from loss due to any decrease in the value of the property during time the automatic stay remains in effect."  *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984).

13.    The Florida Tax Collectors' claim against the Debtors' owned property is protected and, regardless of the ultimate valuation, will be protected by an equity cushion of approximately 98%.   Such a large equity cushion constitutes adequate protection in and of itself.  *See e.g., In re Mellor,* 734 F.2d 1396, 1400-02 (9th Cir.1984) (finding that a 20% equity cushion constitutes adequate protection); *In re Boodrow*, 192 B.R.  57, 60 (Bankr. N.D.N.Y.,1995) (finding that a 10% equity cushion is adequate protection); *see also In re Kost*,  102 B.R. 829, 831-

32 (D.Wyo.1989) (finding that a 20% equity cushion is adequate protection); *In re Helionetics,* 70 B.R. 433 (Bankr.C.D.Ca.1987) (holding that a 20.4% equity cushion is adequate protection); *In re Hawaiian Pacific Industries,* 17 B.R. 670 (Bankr.D.Ha.1982) (finding that a 15% equity cushion is adequate protection); *In re Rogers Development Corp.,* 2 B.R. 679 (Bankr.E.D.Va.1980) (holding that a 17% equity cushion is adequate protection); *In re Pitts,* 2 B.R. 476 (Bankr.C.D.Ca.1979) (finding that a 15% equity cushion is adequate protection); *In re Carson,* 34 B.R. 502 (D.Ka.1983) (holding that an 11% equity cushion is adequate protection)).

14.    Because the Florida Tax Collectors enjoy such a large equity cushion, their claims against the Debtors' owned property are adequately protected and the Florida Tax Collectors are entitled to no further relief.

### Conclusion

WHEREFORE, for the foregoing reasons, the Motion should be denied.

Dated: May 1, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By ___*/s/ D. J. Baker*_____
    D. J. Baker
    Sally McDonald Henry
    Rosalie W. Gray

Four Times Square
New York, New York  10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By ___*/s/ Cynthia C. Jackson*_____
    Stephen D. Busey
    Cynthia C. Jackson (F.B.N. 498882)
    Beau Bowin

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

00528195

## <u>Certificate of Service</u>

I certify that a copy of the foregoing has been furnished electronically and/or by mail to Brian T. Fitzgerald, Esq., Hillsborough County Attorney's Office, P.O. Box 484067, Tampa, Florida 33601-1110; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. MacDonald, Esq., Akerman Senterfitt, 50 N. Laura Street, Jacksonville, Florida 32202; and Elena L. Escamilla, Esq., 135 W. Central Boulevard, Suite 620, Orlando, Florida 32806, and; all other participants using the CM/ECF system who have appeared in this matter, this 1st day of May, 2006



<u>         s/ Cynthia C. Jackson         </u><br>
Attorney

00528195