UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                    Chapter 11

WINN-DIXIE STORES, INC., et al.,                       Case No. 3:05-bk-03817-JAF

              Debtors.                                          Jointly Administered
_____/

**MOTION TO ALLOW LATE FILING OF LIMITED OBJECTION TO
DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF
ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR
OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND
ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF**

      Greater Properties, Inc. ("Greater Properties"), by and through the undersigned counsel, hereby files its Motion to Allow Late Filing of Limited Objection to Debtors' Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief (the "Motion"). In support of its Motion, Greater Properties respectfully states as follows:

**RELIEF REQUESTED**

      1.    On or about April 11, 2006, the Debtors filed their Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief (the "Motion to Assume") (Docket No. 7092). In the Motion to Assume, the Debtors seek authority to assume and/or reject that certain Sublease that Winn-Dixie Stores, Inc. ("Winn-Dixie") entered into with Gooding's Supermarkets, Inc. ("Gooding's") on or about October 12, 2000 (the "Sublease"), pursuant to which Winn-Dixie became obligated to Greater Properties for the

various obligations and covenants under that certain Option and Ground Lease dated October 1, 1981 between Gooding's and Greater Properties.

2.      On April 11, 2006, the Debtors filed a Notice of Hearing (Docket No. 7093) with respect to the Motion to Assume requiring any objections to the proposed cure amounts in such motion to be filed and served on or before April 25, 2006.

3.      Notwithstanding Section 10 of the Sublease, which requires Winn-Dixie to provide any notices regarding the Sublease to Greater Properties, the Debtors did not serve Greater Properties with either the Motion to Assume or the Notice of Hearing.

4.      Greater Properties has only recently retained the undersigned counsel to represent it in the Debtors' bankruptcy case and, after learning of the Motion to Assume, Greater Properties objects to the cure amount as well as the relief requested therein. Accordingly, Greater Properties requests that this Court allow it to file an objection to the Motion to Assume, in substantially the form attached hereto as Exhibit "A," after the April 25, 2006 deadline.

WHERFORE, Greater Properties respectfully requests that this Court enter an order (a) granting the Motion, (b) allowing Greater Properties to file an objection to the Motion to Assume, and (c) granting such other and further relief as this Court deems appropriate.

Dated: Tampa, Florida
      May 2, 2006

BUSH ROSS, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913
(813) 224-9255
(813) 223-9620 (telecopy)
Attorneys for Greater Properties, Inc.

By: /s/ Adam Lawton Alpert
    Jeffrey W. Warren
    Florida Bar No. 150024
    Adam Lawton Alpert
    Florida Bar No. 0490857

381649.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2006, I electronically filed a true and correct copy of the foregoing Motion to Allow Late Filing of Limited Objection to Debtors' Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

/s/ Adam Lawton Alpert
ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Assistant United States Trustee
D. Jan Baker, Esq.
Stephen D. Busey, Esq.
Dennis Dunne, Esq.

**Via first class United States Mail, postage prepaid, to:**

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254

381649.1