UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | Case No. 3:05-bk-03817-JAF |
| Debtors. _____/ | Jointly Administered |

**GREATER PROPERTIES, INC.'S LIMITED OBJECTION TO
DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF
ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR
OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND
ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF**

Greater Properties, Inc. ("Greater Properties"), by and through the undersigned counsel, hereby files its limited objection (the "Objection") to the Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief (the "Motion") filed on April 11, 2006. In support of its Objection, Greater Properties respectfully states as follows:

**BACKGROUND**

1.   On or about October 1, 1981, Greater Properties and Gooding's Supermarkets, Inc. ("Gooding's") entered into that certain Option and Ground Lease (the "Ground Lease") pursuant to which Gooding's leased from Greater Properties certain premises located at 1024 E. Highway 436, Casselberry, Florida 32707 (the "Premises") for the construction and operation of a combination food and drug store.

2.   On or about October 12, 2000, Winn-Dixie Stores, Inc. ("Winn-Dixie") and Gooding's entered into that certain Sublease, pursuant to which Winn-Dixie became obligated

for the various obligations and covenants under the Ground Lease (the "Sublease"). A true and correct copy of the Sublease is attached hereto as Exhibit "A."

3. Pursuant to the terms of the Sublease, Winn-Dixie is obligated to pay to Gooding's, among other amounts, certain taxes and fees on the Premises and the improvements thereon. Inasmuch as Winn-Dixie has failed to pay certain common area maintenance, sales and *ad valorem* taxes on the Premises and the improvements thereon that are due and owing in the aggregate amount of $78,124.48, the Debtors are in default of the Sublease (the "Tax Default"). Attached hereto as Composite Exhibit "B" are documents indicating the amounts due from Winn-Dixie.

4. In addition, the Sublease contains a "Go-Dark Provision," which provides in relevant part as follows:

> During the Term, in accordance with the terms of the [Ground Lease] including but not limited to all of the provisions of Section 3.5 thereof, the [Premises] shall be used for the conduct of any combination food and drug store . . . which shall remain open and operating during normal business hours at least six (6) days a week.

Inasmuch as Winn-Dixie stopped operating a combination food and drug store at the Premises on or about April 19, 2006 at 11:00 a.m., the Debtors are in default of the go-dark provision of the Sublease (the "Going-Dark Default").

## **OBJECTION**

5. Under Section 365 of the Bankruptcy Code, prior to assuming an unexpired lease, the Debtors are required to, among other things, cure or provide adequate assurance that the Debtors will promptly cure, both monetary and non-monetary defaults under an unexpired lease. *See* 11 U.S.C. § 365(b)(1).

6. In the Motion, the Debtors have failed to acknowledge that there are any defaults to be cured prior to an assumption and/or assignment of the Sublease. Accordingly, Greater Properties hereby objects to the Debtors' assumption and/or assignment of the Sublease without first curing the $78,124.48 Tax Default or providing Greater Properties with adequate assurance that the Debtors will promptly cure the Tax Default.

7. In addition, Greater Properties objects to the Debtors' proposed assumption and/or assignment of the Sublease as a result of the Going-Dark Default. Specifically, the Going-Dark Default is default of a material term of the Sublease and constitutes a historical fact which cannot be cured by the Debtors. Because the Debtors cannot cure the Going-Dark Default under the Sublease and the Bankruptcy Code does not excuse the Debtors' obligation to cure this non-monetary default, the Debtors are not permitted to assume or assign the Sublease. *See In re Claremont Acquisition Corp.*, 113 F.3d 1029, 1033-34 (9th Cir. 1997).[1]

8. Accordingly, this Court should deny the Debtors the authority to assume and/or assign the Sublease and, instead, this Court should deem the Sublease rejected, establish a bar date for Greater Properties to file a claim for any damages as a result of such rejection of the Sublease, and permit Greater Properties to take immediate possession of the Premises.

**RELIEF REQUESTED**

WHERFORE, Greater Properties respectfully requests that this Court enter an order (a) sustaining Greater Properties' Objection to the Motion, (b) denying the Debtors authority to assume and/or assign the Sublease, (c) deeming the Sublease rejected and establishing a bar date for Greater Properties to file a claim for any damages as a result of such rejection of the

---

[1] While Greater Properties is cognizant of the recent changes to Section 365 of the Bankruptcy Code made in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), because the Debtor's bankruptcy case was filed prior to the effective date of BAPCPA, Section 365 applies to this case as it was written pre-BAPCPA.

-4-

Sublease, (d) permitting Greater Properties to take immediate possession of the Premises, and (e) granting such other and further relief as this Court deems appropriate.

Dated: Tampa, Florida
      May ___, 2006

                         BUSH ROSS, P.A.
                         Post Office Box 3913
                         Tampa, Florida 33601-3913
                         (813) 224-9255
                         (813) 223-9620 (telecopy)
                         Attorneys for Greater Properties, Inc.

                         By: _____
                              Jeffrey W. Warren
                              Florida Bar No. 150024
                              Adam Lawton Alpert
                              Florida Bar No. 0490857

381496.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May ___, 2006, I electronically filed a true and correct copy of the foregoing Limited Objection to the Debtors' Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

                                      ATTORNEY

**Via the CM/ECF system which will send a Notice of Electronic Filing to:**

Assistant United States Trustee
D. Jan Baker, Esq.
Stephen D. Busey, Esq.
Dennis Dunne, Esq.

**Via first class United States Mail, postage prepaid, to:**

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida  32254

381496.1