# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF LORI MIRACLE (CLAIM NO. 4064)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Lori Miracle (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that notice of the proposed Agreed Order was served on all interest parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party has filed an objection. The Court therefore considers the entry of the Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.      Claim No. 4064 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $75,000.00 against Winn-Dixie Raleigh, Inc. in Case No. 05-03839 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2.      This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 4064 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or

00526332.DOC

assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.    The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.  This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

4.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this ___1___ day of ___May___ , 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00526332.DOC

**Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                    COPELAND AND ROMINES PLLC

By_____               By_____
        James H. Post                           Martha F. Copeland

Florida Bar Number 175460               P.O. Box 1580
225 Water Street, Suite 1800            Corbin, KY  40702
Jacksonville, Florida  32202
(904) 359-7700                          Attorney for the Claimant
(904) 359-7708 (facsimile)

Attorneys for the Debtors

00526332.DOC