**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 3:05-bk-03817-3F1 |
| | : | Chapter 11 |
| WINN-DIXIE STORES, INC., | : | Jointly Administered |
| | : | Judge Jerry A. Funk |
| Debtors. | : | |

**UNOPPOSED MOTION FOR WAIVER OF REQUIREMENT**
**TO DESIGNATE LOCAL COUNSEL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Charles Stanley Prentace, Deputy City Attorney, counsel for the City of Norfolk, including its constitutional officers the City Treasurer and Commissioner of the Revenue, collectively referred to as the "City," a municipal taxing authority and creditor and party in interest in the above-captioned bankruptcy case, files this Motion for Waiver of Requirement to Designate Local Counsel (the "Motion"). In support thereof, stating, respectively, as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc. and numerous of its subsidiaries and affiliates (the "Debtors") filed voluntary chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). On April 19, 2005, the Debtors' bankruptcy cases were transferred from the New York Court to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court"). The Debtors' bankruptcy cases are being jointly administered under Case No. 05-03871 (Jointly Administered).

2. Pursuant to Bankruptcy Local Rule 2090-1(c), a non-resident attorney appearing as a counsel before the Court must file a designation and consent to act that names a member of the bar of the Middle District who is a resident of Florida,

upon whom all notices and papers may be served and who will be responsible for the progress of the case. However, Bankruptcy Local Rule 2090-1(c) provides that the Court may waive such designation for good cause shown.

3. The matters at issue before the bar in these jointly-administered Chapter 11 cases are limited to the amount of taxes owed the City by the Debtors; and, inasmuch as the single store that existed within the City's limits are now closed, retention of local counsel by the City would impose an additional financial burden upon the taxpayers and citizens of the City.

4. The undersigned counsel has conferred with counsel for the Debtors regarding the intentions of counsel and the relief sought by this Motion. Counsel for the Debtors has stated in electronic mail correspondence that the Debtors are unopposed to entry of an Order granting the relief sought in the Motion.

5. Based upon the foregoing, the City respectfully requests that the Court enter an Order authorizing the undersigned counsel to represent the City of Norfolk without designating local counsel and granting the undersigned counsel such other and further relief to which it may be entitled.

Respectfully submitted,

**CITY OF NORFOLK**

By: /s/ Charles Stanley Prentace
Charles Stanley Prentace
900 City Hall Building
Norfolk, VA 23510
Telephone: 757-664-4529
Telefax: 757-664-4201
charles.prentace@norfolk.gov
Counsel for the City of Norfolk

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May 2006, true and correct copies of the foregoing were served, by electronic mail transmission and/or first class mail, postage prepaid, as reflected on the parties listed below:

| | |
|---|---|
| **Adam Ravin** | **Cynthia C. Jackson** |
| **D. J. Baker** | Smith, Hulsey & Busey |
| Skadden Arps Slate Meagher & Flom, LLP | 1800 Wachovia Tower |
| Four Times Square | 225 Water Street |
| New York, NY 10036 | Jacksonville, FL 32202 |

**U. S. Trustee**
135 W. Central Blvd., Suite 620
Orlando, FL 32801

/s/ Charles Stanley Prentace
Charles Stanley Prentace

3