UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817 |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al. | ) | |
| | ) | Obj. Deadline: to Cure Amount: May 3, 2006 |
| | ) | (by agreement of the Debtors) |
| Debtors. | ) | to Motion: May 10, 2006 |
| | ) | Hearing: May 18, 2006 |
| | ) | |

OBJECTION TO CURE AMOUNT AND LIMITED OBJECTION OF CREDITOR
PRINCIPAL LIFE INSURANCE COMPANY TO DEBTORS' MOTION FOR ORDER
(A) AUTHORIZING THE SALE OF ADDITIONAL STORES AND RELATED
EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (B)
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY,
THE REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C)
GRANTING RELATED RELIEF

Principal Life Insurance Company ("Principal"), formerly known as Principal Mutual

Life Insurance Company, by its undersigned counsel, hereby submits this objection to cure

amount and limited objection (collectively, the "Objection")[1] to the Debtors' Motion for Order

(A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens,

Claims and Interests, (B) Authorizing the Assumption and Assignment or Alternatively, the

Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief (the

"Motion"), and in support hereof, Principal respectfully states as follows:

## BACKGROUND

1.    On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-

three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for

---

[1]    The Objection was originally filed and served on April 25, 2006. It was subsequently stricken by the
Court for failure to contain an original signature. Debtors' counsel has agreed to allow Principal to
refile and reserve this Objection on the date hereof. Principal estimates a hearing on its Objection will
take approximately one (1) hour.

relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

2.    On or about April 13, 2005, the New York Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida.

3.    The Debtors' cases are being jointly administered.

4.    Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5.    Pursuant to the Motion, the Debtors seek an order of this Court: (a) authorizing them to sell their leasehold interest in 35 stores (the "Additional Stores") and the equipment located at such stores free and clear of claims, liens and interests; (b) authorizing them to assume and assign the leases in connection with the sales, or if no sale is consummated, the rejection of such lease and to establish a bar date for any rejection damage claims; and (c) determining the requisite cure for leases being assumed and assigned.

6.    The Debtors propose to sell some of the Additional Stores to certain identified "Enterprise Purchasers" (as defined in the Motion) pursuant to certain identified "Stalking Horse Bids" (as defined in the Motion), and all other Additional Stores to unknown potential bidders, if any, all subject to higher and better offers from any bidder (individually, the "Successful Bidder").

7.    The Debtors propose to pay only "undisputed cure amounts," in connection with the sale and assignment of the leases of Additional Stores, and propose to withhold from payment all other cure amounts. The Debtors identify certain alleged cure amounts (collectively, the "Alleged Cure Amounts") on Exhibit E of the Motion.

8.    Principal holds, among other things, a mortgage and security agreement and an assignment of leases and rents with respect to the lease (the "Principal's Lease") of the following "Additional Store":

(a)    Store #643:  4479 Gandy Boulevard, Tampa, FL

9.    The Debtors assert in the motion that they have a Stalking Horse Bid for Store #643 from Publix.

10.    Upon information and belief, Principal's Lease is for an Additional Store located in a shopping center within the meaning of § 365(b)(3) of the Bankruptcy Code.

11.    Upon information and belief, Principal's Lease requires the Debtors to pay as part of the rent amounts which include, but are not limited to, taxes, insurance, maintenance, and utilities (collectively, "Additional Rent").

## SUMMARY OF OBJECTION

12.    Principal objects to the Motion for the following reasons: (i) if Publix is not the Successful Bidder, the Successful Bidder for lease of the Store #643 will not be known until after the conclusion of the auction; and thus, if Publix is not the Successful Bidder and assignee, Principal preserves its right to review and approve the Successful Bidder and to require proof of adequate assurance once the Successful Bidder of Principal's Lease is determined[2]; (ii) Principal asserts that the proper cure amount for Store #643 is $16,023.38; (iii) Principal objects to the Motion to the extent that the Debtors seek authority to sell and assign Principal's Lease without payment of all cure amounts as required by the Bankruptcy Code; and (iv) Store #643 is located in a shopping center; and therefore, Principal preserves its right to seek the additional adequate protection to which it is entitled under the Bankruptcy Code.

---

[2]    See paragraph 19 herein.

## LEGAL ARGUMENT

13.     Section 365 of the Bankruptcy Code generally provides that if there has been a default in an unexpired lease, a debtor, subject to the court's approval, may not assume such a contract or lease unless the debtor cures (or provides adequate assurance of prompt cure of) the default, compensates (or provides adequate assurance of prompt compensation of) the nondebtor party for any actual pecuniary loss resulting from the default, and provides adequate assurance of future performance under the lease. *See* 11 U.S.C. § 365(b)(1); *In re Condominium Administrative Services, Inc.*, 55 B.R. 792 (Bankr. M.D. Fla. 1985).

14.     A debtor must cure all defaults – monetary and nonmonetary – in order to assume an executory contract or unexpired lease pursuant to § 365 of the Bankruptcy Code. *In re Williams*, 299 B.R. 684, 686 (Bankr. S.D. Ga. 2003).

15.     Section 365(f)(2) of the Bankruptcy Code requires that a debtor may assign an unexpired lease *only if* the debtor assumes the lease in accordance with the Bankruptcy Code *and adequate assurance of future performance by the assignee* of such contract or lease is provided, whether or not there has been a default in such contract or lease.  11 U.S.C. § 365(f)(2)(A) and (B).

16.     Accordingly, in order to assign a lease, a debtor must, *inter alia*, cure all defaults (including nonmonetary defaults) and provide adequate assurance of future performance. *In re Travelot Co.*, 286 B.R. 447 (quoting *Worthington v. Gen. Motors Corp. (In re Claremont Acquisition Corp.)*, 113 F.3d 1029, 1033 (9th Cir. 1997)) ("'In general, a debtor must cure all defaults, both monetary and non-monetary, prior to the assumption and assignment of an executory contract'").

17.     Further, section 365(b)(3) of the Bankruptcy Code provides that:

> (f)or purposes of . . . paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance –

(A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that *the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;*

(B) that any percentage rent due under such lease will not decline substantially;

(C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) *provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center;* and

(D) that assumption or assignment of such lease *will not disrupt any tenant mix or balance in such shopping center*

11 U.S.C. § 365(b)(3) (emphasis added). *See also In re Grudoski*, 33 B.R. 154 (Bankr. D. Haw. 1983) (court would not require landlord to consent to assignment of lease where assignee failed to provide adequate financial statement and guarantee by responsible officer).

18.    With respect to Store #643, the Debtors have only disclosed the identity of the Enterprise Purchaser – Publix. However, the Stalking Horse Bid of Publix is subject to higher or better offers. The Debtors have not disclosed the names of other potential bidders at the auction; and at this time could not know the identity of the successful bidders.

19.    If Publix is not the Successful Bidder, Principal preserves its right to evaluate the Successful Bidder and to object, if necessary, to the assignment of Principal's Lease to the Successful Bidder based on a failure to provide adequate assurance of future performance as required by § 365(f)(2) of the Bankruptcy Code[3].

20.    Principal specifically objects to the Alleged Cure Amount for Store #643. Principal asserts that as of the date hereof, the Debtors have not paid to Principal $16,023.38 in

---

[3]    At this time, aside from its objection to the Alleged Cure Amount, Principal does not object to assignment of the Principal Lease to Publix. However, as the date of the assignment is not known, Principal reserves its right to object to the assignment to Publix, if such occurs, at a later date if Publix's fi nancial status changes prior to the assignment.

Additional Rent for real estate taxes that were due and owing by March 31, 2006.  Principal reserves the right to amend this cure amount based on the date of assumption.

      21.    Principal also objects to the Debtors attempt to circumvent the Bankruptcy Code by proposing to pay only "Undisputed Cure Amounts" and not to pay all cure amounts (including any Additional Rent) owing as of the effective date of assignment as a condition precedent for the assumption and assignment of Principal's Leases including. 11 U.S.C. § 365(b)(1)(A).  *See also In re Kennesaw Dairy Queen Brazier*, 28 B.R. 535  (Bankr. N.D. Ga. 1983) (stating that "(s)ection 365 does not allow the assumption of an executory contract or unexpired lease with anything less than full cure of all defaults").

      22.    Principal reserves and preserves its right to require additional adequate protection to which it is entitled under the Bankruptcy Code as a condition precedent to the assignment of Principal's Lease of Store #643 which is located in a shopping centers.

      23.    Without limiting the foregoing objections, Principal objects to the Debtors' proposed unreasonably short time deadlines which do not provide a fair and reasonable opportunity for landlords or their assignees, including Principal, to review information concerning cure amounts, prospective tenants/purchasers or adequate assurance of future performance.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

WHEREFORE, for the foregoing reasons, Principal respectfully requests that this Court (a) as a condition for any order granting the Motion, require the Debtors: (i) if the Successful Bidder is not Publix, to provide Principal with adequate assurance of future performance of Principal's Lease including the name of the Successful Bidder and financial statement of the Successful Bidder demonstrating such adequate assurance to Principal's satisfaction and to the extent applicable, provide the adequate protection required pursuant to 11 U.S.C. § 365(b)(3); and (ii) to pay the cure amount of $16,023.38 plus additional cure amounts owing as of the effective date of assignment for Principal's Lease as a condition precedent to the Debtors' assumption and assignment of such leases; and (b) grant such further and additional relief as is just and proper.

Dated: May 3, 2006

By: _/s/ Wendy M. Simkulak_
    Paul Orshan
    Florida Bar No. 776203
    plorshan@duanemorris.com
    DUANE MORRIS LLP
    200 S. Biscayne Blvd.
    Suite 3400
    Miami, FL  33131
    Telephone: 305.960.2200
    Facsimile: 305.960.2201

    AND

    Margery N. Reed, Esquire
    Wendy M. Simkulak, Esquire
    mreed@duanemorris.com
    wmsimkulak@duanemorris.com
    DUANE MORRIS LLP
    One Liberty Place, Suite 4200
    Philadelphia, PA  19103
    Telephone:  (215) 979-1518/1547
    Facsimile:  (215) 979-1020

    Counsel for Principal Life Insurance
    Company