UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

CITY OF HAMPTON, VIRGINIA'S RESPONSE TO THE
DEBTORS' OMNIBUS OBJECTION TO TAX CLAIMS AND
MOTION FOR AN ORDER DETERMINING TAX LIABILITIES

The City of Hampton, Virginia (the "City") responds to the debtors' omnibus objection to tax claims and motion for and order determining tax liabilities (Docket No. 7267) as follows:

1. Winn-Dixie Stores, Inc. ("Winn-Dixie"), individually and through its various subsidiaries and affiliates, operates a chain of retail grocery stores throughout the Southeast, which at one time included a now closed store located at 2098 Nickerson Blvd., Hampton, Virginia (Store No. 965).

2. The City is responsible for the assessment and collection of various taxes levied by the State of Virginia, including a personal property tax assessed pursuant to § 58.1-3500, *et seq.*, Code of Virginia.

3. To facilitate the collection of the personal property tax, Virginia law requires that every person, firm, corporation or other business entity conducting business in Virginia prepare and file with the local taxing authority a Business Personal Tangible Property Return


setting forth the taxpayer's cost basis in its tangible personal property. Fair Market Value is then determined as a percentage of acquisition cost.

    4.    On February 16, 2004, Winn-Dixie submitted its Business Personal Tangible Property Return for 2004 declaring that the value of the personal property for Store 965 was $580,145. A copy of Winn-Dixie's 2004 return is attached as **Exhibit A**. After applying the statutory formula, the tax resulting from Winn-Dixie's assessment of value was $23,664.01, which was paid in three installments on May 20, 2004, June 3, 2004 and January 6, 2005.[1]

    5.    On February 3, 2005, Winn-Dixie submitted its Business Personal Tangible Property Return for 2005 reporting that the value of its personal property for Store 965 was $497,121. A copy of Winn-Dixie's 2005 return is attached as **Exhibit B.** After applying the statutory formula, the tax resulting from Winn-Dixie's assessment of value was $21,127.68, which remains unpaid. A proof of claim for the unpaid taxes and accrued interest was filed on or about June 1, 2005, and was designated as Claim No. 3753. A copy of Claim No. 3753 is attached as **Exhibit C**.

    6.    On April 18, 2006, Winn-Dixie filed an objection to Claim No. 3753 and coupled that objection with a request that the Court (i) reassess the value of the personal property upon which Winn-Dixie's tax liability is based; and (ii) recalculate Winn-Dixie's personal property taxes for 2004 and 2005 based on that reassessment. Winn-Dixie has also challenged the interest rate accruing on those taxes suggesting that the statutory rate of interest constitutes a penalty and is therefore unenforceable.

---

[1] Winn-Dixie also paid a penalty of $1,127.30 for untimely payment of the installment due December 5, 2004.

7. The relief requested by Winn-Dixie's objection and motion is not permitted under applicable law for the following reasons:

(i) The debtor's tax returns constitute an admission against its own interest; Winn-Dixie is estopped from challenging the assessments based on its own valuations.

(ii) The personal property taxes for 2004 have already been paid, and no request for a refund has ever been submitted. Pursuant to 11 U.S.C. § 505(a)(2)(B), a debtor may not utilize § 505(a) to achieve a tax refund unless and until a request for a refund has first been submitted to the taxing authority. *See e.g. In re Custom Dist. Services*, 224 F.3d 235, 243 (3rd Cir. 2000)("Section 505(a)(2)(B) prohibits the bankruptcy court from adjudicating the right of an estate to a tax refund unless the trustee has first requested a refund from the government authority administering the tax and was refused"); *In re EUA Power Corp. (Great Bay Power Corp. v. Town of Seabrook, NH)*, 184 B.R. 631, 634 (Bankr. N.H. 1995) (Bankruptcy Court "has no jurisdiction to consider and determine the question of a tax refund where a trustee or debtor-in-possession did not request an abatement or refund with the applicable taxing agency within the time required by state law"); and *In re Cumberland Farms, Inc. (Cumberland Farms, Inc. v. Town of Barnstable)*, 175 B.R. 138, 142 (Allowing debtors to utilize § 505(a) to recover "taxes paid many years before raises havoc with the financial stability of a city or town . . ."). Winn-Dixie's motion, which seeks a refund of taxes previously paid or, alternatively, to "offset amounts which were overpaid for prior years against liabilities on other present or future amounts due"

is nothing more than a thinly veiled attempt to circumvent the limitations of § 505(a)(2)(B).

(iii) Winn-Dixie seeks to revalue its personal property for tax purposes based on such factors as "the distressed business environment in which the Debtors operated . . ." and "the value realized by the Debtors upon the sale of their assets both prior to and during the course of the Chapter 11 cases." Liquidation or forced sale value has little relation to actual market value, which is the measure by which the tax assessments at issue are to be determined. *In re Cable & Wireless USA, Inc.*, 331 B.R. 568, 579 (D. Del. 2005) ("'Fair Market Value' means neither panic value, auction value, speculative value, nor a value fixed by depressed or inflated prices. In fact, a market may be established only where there are willing sellers and buyers in substantial numbers"). Winn-Dixie's methodology for revaluing its personal property is therefore flawed.

(iv) The statutory rate of interest for the subject unpaid personal property taxes is 9.6%. § 37-152, Hampton City Code. Statutory interest rates as high as 18% have been found by this Court and other courts throughout this district to be non-punitive in nature. *See e.g. In re Cone Constructors, Inc.*, 304 B.R. 513, 517 (Bankr. M.D. Fla. 2003)(statutory rate of 18% "is not wholly disproportionate or excessive in relation to market risks and conditions"); *In re Liuzzo*, 204 B.R. 235, 240 (Bankr. N.D. Fla. 1996)("I cannot find that the statutory rate of interest in § 197.172 constitutes a penalty with regard to either the pre-petition taxes or the post-petition taxes"); and *In re Haskell*, 252 B.R. 236, 242 (Bankr. M.D. Fla. 2000)("[T]he

statutory rate [of interest] does not constitute a penalty"). Given the market risks associated with Winn-Dixie's current financial condition, the applicable interest rate of 9.6% cannot be shown to be so disproportionate to current interest rates to constitute a penalty.

WHEREFORE, the City of Hampton requests (i) that Winn-Dixie's objection to Claim No. 3753 be overruled, (ii) that Winn-Dixie's motion to determine tax liability be denied, and (iii) that the Court grant such other relief as is appropriate.

                **STUTSMAN THAMES & MARKEY, P.A.**

                */s/ Richard R. Thames*
By_____
                Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stutsman-thames.com

Attorneys for City of Hampton, Virginia

**Certificate of Service**

I hereby certify on May 4, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>aravin@skadden.com | D.J. Baker, Esq.<br>Skadden, Arps, Slat, Meagher, & Flom, LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>dbaker@skadden.com |

/s/ *Richard R. Thames*
_____
Attorney

59336