UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER AUTHORIZING DEBTORS TO RETAIN DELOITTE FINANCIAL ADVISORY SERVICES LLP AND DELOITTE CONSULTING LLP TO PROVIDE FRESH-START ACCOUNTING SERVICES

These cases came before the Court for hearing on May 4, 2006, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain Deloitte Financial Advisory Services LLP ("Deloitte FAS") and Deloitte Consulting LLP ("Deloitte Consulting") to provide fresh-start accounting services in connection with implementation of a plan of reorganization and emergence from chapter 11, in each case nunc pro tunc to March 14, 2006 (the "Application").[1] The Court has reviewed the Application, the engagement letter attached as Exhibit A to the Application (the "Engagement Letter"), the supporting declaration of Anthony Sasso on behalf of Deloitte FAS attached as Exhibit B to the Application (the "Sasso Declaration"), the supporting declaration of Robert W. Pagano on behalf of Deloitte Consulting attached as Exhibit C to the Application (the "Pagano Declaration"), and the affidavit of Anthony D. Forcum on behalf of Deloitte Consulting attached as Exhibit B to the Debtors' Application for Authority to Retain Deloitte Consulting LLP to Provide In-Store Operational Consulting Services to the Debtors (Docket No. 1486). The

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

Court has also considered the representations of counsel. Based upon the representations of counsel, after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted.

2. The Debtors are authorized to retain Deloitte FAS and Deloitte Consulting, nunc pro tunc to March 14, 2006, pursuant to section 327(a) of the Bankruptcy Code, to provide fresh-start accounting services to the Debtors during these cases on the terms set forth in the Application, the Engagement Letter, the Sasso Declaration, and the Pagano Declaration.

3. If any supplemental declarations or affidavits are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations or affidavits, Deloitte FAS's and Deloitte Consulting's employment shall continue as authorized pursuant to this Order.

4. Deloitte FAS and Deloitte Consulting shall be compensated for services provided pursuant to this Order upon appropriate application by Deloitte FAS in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court. Any such application for compensation filed by Deloitte FAS shall include and separately designate amounts due on account of work performed by personnel from Deloitte Consulting pursuant to this Order.

5. The amounts due for services performed by Deloitte Consulting in connection with this Order shall not apply toward the $3,375,000 fee cap described in paragraph 5 of the Court's Order Authorizing Debtors to Retain Deloitte Consulting LLP to Provide In-Store

Operational Consulting Services to the Debtors dated June 16, 2005 and filed at Docket No. 1749.

6. With respect to indemnification claims based on acts occurring after the Petition Date but prior to the effective date of a confirmed plan of reorganization in the Debtors' chapter 11 cases, all requests for indemnity under the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; <u>provided, however</u>, that in no event shall Deloitte FAS or Deloitte Consulting be indemnified in the case of its own gross negligence, bad faith, willful misconduct, or self-dealing.

7. No work performed by Deloitte FAS or Deloitte Consulting shall be duplicative of work performed by any other professional retained by the Debtors in these cases.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated May __, 2006 in Jacksonville, Florida.

                                       Jerry A. Funk
                                       United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.