UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING DEBTORS TO RETAIN JENNER & BLOCK LLP AS SPECIAL INSURANCE LITIGATION COUNSEL

These cases came before the Court for hearing on May 4, 2006, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain Jenner & Block LLP ("Jenner") as special insurance litigation counsel (the "Application").[1] The Court has reviewed the Application, the letter agreement dated July 13, 2004 and attached as Exhibit A to the Application (the "Engagement Letter"), and the supporting declaration of John H. Mathias, Jr. attached as Exhibit B to the Application (the "Mathias Declaration"), and has considered the representations of counsel. Based upon the representations of counsel, after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2. The Debtors are authorized to retain Jenner as special insurance litigation counsel pursuant to section 327(e) of the Bankruptcy Code on the terms set forth in the Application, the Engagement Letter, and the Mathias Declaration.

3. If any supplemental declarations are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations, Jenner's employment shall continue as authorized pursuant to this Order.

4. Jenner shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

5. No work performed by Jenner shall be duplicative of work performed by any other professional retained by the Debtors in these cases.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated May 4, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

2

1108536-New York Server 7A - MSW