**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors | ) | Jointly Administered |

**RESPONSE OF HAMILTON COUNTY, TENNESSEE TO DEBTORS' OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX VALUES AND TAX LIABILITIES (FILED ON OR ABOUT APRIL 18, 2006)**

Comes Hamilton County, Tennessee, by counsel, in response to the debtors' aforesaid Omnibus Objection and Motion, and states the following:

1. Hamilton County, Tennessee ("Claimant") has an unpaid tax claim in this case for tangible business personal property taxes owed by the debtors for the year 2005, secured by first liens on the debtors' tangible personal property. Claimant filed a claim originally on June 20, 2005 for these taxes based on estimated liabilities, and amended that claim on February 27, 2006, to claim the billed amount of said taxes. This is claim number 4206/12950. The base tax amount of Fifteen Thousand Four Hundred Thirty-One and no/100 ($15,431.00) Dollars is past due, and accrues interest at the rate of one percent per month (12 percent per annum) on the base tax from and after the delinquency date of March 1, 2006. This is correctly identified on the debtors' Exhibit A, page 8. These taxes relate to stores identified by the debtors as locations No. 1933, 1935, 1936, and 1940, all of which locations have been closed by the debtors and presumably abandoned after sale of the tangible business personal property.

2. Claimant also had taxes due for the year 2005 on three other store locations of the debtors, identified by the debtors as their locations No. 1938, 1942, and 1944. Claimant believes that these three locations were sold to the Bi-Lo Company sometime in 2005, which company paid the 2005 taxes. The debtors have also challenged Claimant with respect to real property taxes relating to their location No. 1944, as to which the Claimant has no claim and believes that the same have been paid in due course. Claimant is presently unaware of the basis for the debtors' interest in that real property or of the basis for the debtors' objection and motion with respect to any real property taxes at that location No. 1944, and denies that the debtors have any standing to object to real property taxes at that location.

3. It appears to Claimant that by the Omnibus Objection and Motion the debtors seek to reassess all the tangible personal property and the real property to a value low enough so that when the appropriate tax rate is applied to the reassessed value, the debtors' tax liability will be reduced to the point where they no longer owe any taxes to Claimant. (Such would be the result of a reassessment, re-billing, and crediting of taxes allegedly overpaid previously). At present, this appears to be the only relief sought by the debtors, and no refund of allegedly overpaid taxes is sought in the present proceeding.

4. The debtors' objection should be overruled and their motion should be denied on the following grounds:

(a) As a matter of procedure, Claimant challenges the availability of the B.R. 9014 contested matter procedure in lieu of an adversary proceeding, to accomplish the relief sought by the debtors.

(b) The debtors have made no attempt to obtain assessment adjustments by following procedures available to them under Tennessee law, indicating less than good faith.

(c) The tangible business personal property taxes were assessed on the basis of the debtors' own Tangible Personal Property Schedules which they submitted to the local tax assessor. These were submitted by their Property Tax Manager, John P. Taylor, in the ordinary course of the debtors' business. Claimant accepted as true the debtors' representations, which were reasonable and in line with its industry. Claimant included those values into its overall county tax base. The time for amending the property reports for 2004 has expired, there is no apparent error or discrepancy in the reports, and on the merits the Court should overrule the objection and disallow the motion. Attached is a statement from Hamilton County's Assessor and copies of the "Personal Property Record Card" and debtors' "Tangible Personal Property Schedule."

(d) As for the real property, the debtors have not made a showing that the debtors either owned the real property or had any exposure to the taxes thereon, and the objection should be overruled and the motion denied on that basis. In addition, however, the real property appraisal was done by the Office of the Tax Assessor of Hamilton County, Tennessee in accordance with the law and standard appraisal practice, was reasonable and consistent with comparable properties, and was correct. Attached are copies of the real property appraisal cards to the owner, Uhlmann Company, for 2004 and 2005.

(e) Finally, the debtors also object to the delinquency tax rate imposed under *Tennessee Code Annotated* §67-5-2010(a), being 12 percent per annum. The debtors maintain that the same is "punitive" and contend that the Court should reduce the rate to six percent per annum. The genesis of six percent is unclear and obviously arbitrary. Attached hereto is the applicable

Tennessee Code Section, which requires the interest on delinquent taxes as stated, and in addition requires the application of a penalty for late payment at the rate of six percent per annum. Thus, it is obvious under Tennessee law that the statute itself has two parts, interest and penalty, which are distinct. Claimant is not seeking the application of any post-petition accrual of any penalty in this case. The debtors' objection as to the interest rate is not well taken and should be denied.

5. Since the debtors no longer operate within Hamilton County, Tennessee, taxes for the year 2006 are not an obligation of the debtors and Exhibit C would not affect this claimant.

6. Claimant respectfully reserves the right to amend and supplement its response as necessary.

WHEREFORE, Claimant respectfully requests that the Court overrule the debtors' objection to its claims, and that the Court deny the debtors' motion with respect to Hamilton County, Tennessee, and Order the debtors immediately pay the claim of Hamilton County, Tennessee together with interest accrued thereon from and after March 1, 2006 at the rate of 12 percent per annum, and for general relief.

Claimant envisions that if the Court determines the debtors are proceeding correctly procedurally by objection and motion rather than by adversary proceeding, that there will be significant factual information to develop and present to the Court, which cannot reasonably be accomplished on May 18, 2006 and will require some type of discovery and scheduling Order. If the hearing scheduled in this cause for May 18, 2006 is one of substance, Claimant would respectfully request specific notice regarding an attendance requirement, or in lieu thereof, would request to be allowed to participate in the said hearing by telephonic means for reasons of efficiency and saving of costs. If that hearing is procedural only, as Claimant's counsel has experienced in other

large Chapter 11 cases where these types of issues have been presented, Claimant would request that the objection and motion and its response be rescheduled to a later date.

Respectfully submitted,

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

By:________________________________

Scott N. Brown, Jr., Tenn. Bar No. 1212
Attorneys for Hamilton County, Tennessee
801 Broad Street, Sixth Floor
P.O. Box 1749
Chattanooga, TN 37401-1749
Telephone - (423) 756-7000
snb@smrw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of this pleading has been served on counsel for all parties at interest in this cause by e-mail and by depositing a copy of same in the United States Mail with sufficient postage thereon to carry same to its destination, addressed as follows:

D.J. Baker, Esq.
Four Times Square
New York, NY 10036

(also to djbaker@skadden.com)

Cynthia C. Jackson, Esq.
225 Water Street, Ste. 1800
Jacksonville, FL 32202

(also to cjackson@smithhulsey.com)

This 5th day of May, 2006.

SPEARS, MOORE, REBMAN & WILLIAMS, P.C.

BY:________________________