| DIST. | MAP NO. | GROUP | CONT. MAP | PARCEL | P/INTEREST | SPECIAL | NEIGHBORHOOD CODE | CARD | | OWNER NAME | LAND USE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 094 | | 094 | 173.01 | | | E2C7C | 1 of 1 | | UHLMANN COMPANY | 541.00 |

1 IN = 20 FT

| E | BLD | SECT. | TYPE OF AREA | STARTING LEVEL | NUMBER STORIES | HEIGHT | TYPE HEAT | NON DISPLAY | | SKETCH INFORMATION & VECTOR COMMANDS | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 1 | FA | 1 | 1 | 20 | CA | F | FA | 37389 PW | 581 | |
| B | 1 | 1 | FA | 1 | 1 | 20 | CA | F | FA | 11170 PW | 399 | |
| C | 1 | 1 | CNA | 1 | 1 | | NC | A | AREA | 900 | | |
| D | 1 | 1 | CNA | 1 | 1 | | NC | A | AREA | 690 | | |
| E | 1 | 1 | CNA | 1 | 1 | | NC | A | AREA | 564 | | |
| F | 1 | 2 | FA | 1 | 1 | | NO | X | N90 E15 NL F | | | |
| G | 1 | 3 | FA | 1 | 1 | | NO | X | N19 E90 NL F | | | |

Case 3:05-bk-03817-JAF   Doc 7615-9   Filed 05/05/06   Page 1 of 5

541.00



Page 1

T. C. A. § 67-5-2010

▷
West's Tennessee Code Annotated Currentness
  Title 67. Taxes and Licenses (Refs & Annos)
    ▪ Chapter 5. Property Taxes
      ▪ Part 20. Delinquent Taxes

→ **§ 67-5-2010. Penalty and interest rate**

(a)(1) To the amount of tax due and payable, a penalty of one-half of one percent (.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month, except as otherwise provided in regard to municipal taxes. Any county having a population in excess of seven hundred thousand (700,000) according to the 1980 federal census or any subsequent federal census establishing tax due dates other than the first Monday in October in each year, in accordance with § 67-1-701(a), shall have the authority to establish the date that interest and penalty shall begin to accrue as the date of delinquency in lieu of March 1.

(2) The rate of penalty and interest as provided in this section may be reduced to an amount not less than twelve percent (12%) per annum in the aggregate, upon approval by a two-thirds ( 2/3 ) vote of the appropriate local governing body which levied such taxes, in any county having a population of not less than twenty-four thousand six hundred (24,600) nor more than twenty-four thousand seven hundred (24,700) according to the 1980 federal census or any subsequent federal census.

(b) In all instances in which current municipal taxes are collected by the county trustee, the following provisions and rules for the collection of delinquent taxes that may be due to the municipalities and none other shall prevail and obtain, anything in this chapter to the contrary notwithstanding:

(1) The taxes levied and assessed by such municipalities shall become due and delinquent on the date as now provided by existing laws; and

(2) If such municipal taxes are not paid on or before the date fixed for the delinquencies thereof, to the amount of tax due and payable, a penalty of one half of one percent (.5%) and interest of one percent (1%) shall be added on March 1, following the tax due date and on the first day of each succeeding month.

1988 Pub.Acts, c. 526, § 6.

LIBRARY REFERENCES

**Key Numbers**
  Taxation ⬅➡840, 842, 845.
  Westlaw Key Number Searches: 371k840; 371k842; 371k845.

**Corpus Juris Secundum**
  C.J.S. Taxation §§ 1027, 1032, 1035.

NOTES OF DECISIONS

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2

T. C. A. § 67-5-2010

**In general 1**
**Bankruptcy 2**

1. In general

Railroad that unsuccessfully challenged state's imposition of ad valorem taxes under Railroad Revitalization and Regulatory Reform Act was liable for penalties on past due taxes, even though court had enjoined efforts to collect taxes; railroad could have paid tax and then litigated propriety of tax later. 49 U.S.C.A. § 11503; T.C.A. § 67-5-2010. Southern Ry. Co. v. Stair, 1992, 801 F.Supp. 37. Taxation ⚷ 840

Under Tennessee law, county's lien for property taxes also secured its right to payment of penalties and costs. T.C.A. §§ 67-5-2010, 67-5-2101. In re Brentwood Outpatient Ltd., 1991, 134 B.R. 267, affirmed 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Taxation ⚷ 501

2. Bankruptcy

Provision of Bankruptcy Code entitling consensual oversecured creditor to reasonable fees, costs or charges provided for by agreement under which claim arose controlled in determining whether county was entitled to recover postpetition interest, statutory penalties, attorney fees and costs in connection with its oversecured claim for unpaid local property taxes in Chapter 11 case, even though result would favor private creditors over state taxing authorities; Bankruptcy Code provision, when read in historical context, set out only exceptions to general rule disallowing postpetition additions. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⚷ 2853.40

United States Supreme Court Ron Pair decision that United States, as oversecured creditor, was entitled to postpetition interest on claim for unpaid withholding and social security taxes, but not fees and costs applied to county's claim for unpaid local property taxes in Chapter 11 case; Ron Pair 's holding was not limited to federal tax claims. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⚷ 2853.40

County was not entitled to statutory penalties in connection with its oversecured claim for unpaid local property taxes in Chapter 11 case, where penalties had not accrued at date of filing of bankruptcy petition. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⚷ 2853.40

Penalties which accrue postpetition are not allowed on nonconsensual oversecured claim in bankruptcy. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⚷ 2853.40

Like consensual lienholders, nonconsensual oversecured lienholders are entitled to interest, penalties, fees, and costs which accrue prepetition, but only allowable postpetition addition for nonconsensual lienholders is interest, which is compensatory claim. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⚷ 2853.40

Disallowance of county's statutory tax penalties, costs and attorney fees in connection with its oversecured property tax claim in Chapter 11 case did not violate Tenth Amendment by interfering with state's reserved powers to assess, levy, and collect taxes on local property; Tenth Amendment does not forbid relatively minor impact on state's powers of taxation which results from Congress' decision that states as creditors are subject to same bankruptcy regime as all other nonconsensual creditors making claims upon bankruptcy estate. Bankr.Code, 11 U.S.C.A. §§ 506(b), 1141(c); U.S.C.A. Const.Amend. 10. In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 3

T. C. A. § 67-5-2010

denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.40; States ⌬ 4.16(2)

Plain statement rule did not prohibit application of Bankruptcy Code to extinguish statutory penalties, costs and fees in connection with county's oversecured claim in Chapter 11 case for unpaid local property taxes; provision for destruction of tax liens did not represent recent congressional attempt to invade state's reserved powers, and, in fact, provision relaxed traditional presumption as to states by allowing them to collect postpetition interest on tax claims. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1994, 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.40

Tenth Amendment was not violated by provision of Bankruptcy Code, which allows holder of oversecured claim to recover interest and reasonable fees, costs, or charges provided for under agreement under which such claim arose, to extent that that provision destroyed county's power to obtain costs and fees arising from nonconsensual lien based upon unpaid property taxes. U.S.C.A. Const. Art. 1, § 8, cl. 4; Amend. 10; Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1993, 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2017; States ⌬ 4.16(2)

County could not be allowed fees, costs, and charges as part of oversecured claim for real property taxes in property owner's Chapter 11 case when county's claim was based on nonconsensual lien, even though Tennessee's property tax statute provided for penalties, fees and costs to be collected upon filing of suit to enforce tax lien against real property. Bankr.Code, 11 U.S.C.A. § 506(b); T.C.A. §§ 8-21-601, 8-21-701(55), 67-5-2410(a)(1)(A), 67- 5-2421(a). In re Brentwood Outpatient, Ltd., 1993, 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.40

Costs and fees of county with oversecured claim for real property taxes could not be allowed as unsecured claims where such fees and costs were not provided for in consensual agreement, even though Tennessee's property tax statute provided for penalties, fees and costs to be collected upon filing of suit to enforce tax lien against real property. Bankr.Code, 11 U.S.C.A. § 506(a, b); T.C.A. §§ 8-21-601, 8-21-701(55), 67-5-2410(a)(1)(A), 67-5-2421(a). In re Brentwood Outpatient, Ltd., 1993, 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.40

County with oversecured claim in Chapter 11 case for real property taxes was not barred from recovering postpetition, nonconsensual claim for tax penalties under provision of Bankruptcy Code allowing recovery of reasonable "fees, costs, or charges" only pursuant to agreement under which claim arose. Bankr.Code, 11 U.S.C.A. § 506(b). In re Brentwood Outpatient, Ltd., 1993, 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.40

Tax penalties sought by county with oversecured claim for real property taxes accrued only until effective date of Chapter 11 plan. Bankr.Code, 11 U.S.C.A. § 1141. In re Brentwood Outpatient, Ltd., 1993, 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.40

Tennessee county which possessed oversecured claim for real property taxes was not entitled to claim for postpetition fees and costs, where such claim arose by operation of state law and not by agreement. Bankr.Code, 11 U.S.C.A. § 506(b); T.C.A. §§ 67-5-2010, 67-5-2101. In re Brentwood Outpatient Ltd., 1991, 134 B.R. 267, affirmed 152 B.R. 727, affirmed in part, reversed in part 43 F.3d 256, certiorari denied 115 S.Ct. 1824, 514 U.S. 1096, 131 L.Ed.2d 745. Bankruptcy ⌬ 2853.20(3)

T. C. A. § 67-5-2010, TN ST § 67-5-2010

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 4

T. C. A. § 67-5-2010

Current through end of 2005 First Reg. Sess.

© 2006 Thomson/West

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.