**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., *et al.*,                  Case No.: 05-3817-3F1

    Debtors                                                              Chapter 11

**RESPONSE OF THE CITY OF BEDFORD, VIRGINIA OPPOSING DEBTORS' OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR DETERMINING TAX VALUES AND TAX LIABILITIES**

The City of Bedford, Virginia ("Bedford") hereby objects to the Debtors' Omnibus Objection to Tax Claims and Motion for Determining Tax Values and Tax Liabilities ("Debtors' Objection"), and in support thereof, respectfully states as follows:

**Parties**

1. On February 21, 2005, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed a petition ("Petition") for relief under Chapter 11 of the Bankruptcy Code thereby initiating this bankruptcy case ("Case").

2. Bedford is a City of the Commonwealth of Virginia, duly organized and existing under and pursuant to the laws of the Commonwealth of Virginia.

**Facts and Procedural Background**

3. Bedford filed a priority proof of claim ("Claim No. 2030") on May 18, 2005 in the amount of $11,412.30 for personal property taxes for property at a store operated in Bedford and identified as Parcel No. 5421.

4. Debtors include Bedford's Claim in their Omnibus Objection to Tax Claims and assert that Bedford's Claim No. 2030 should be reduced from $11,412.30 to $2,947.34. This reduction calculation is based on their appraiser's opinion that the personal property located at Parcel No. 5421 was worth $196,489.00, rather than $760,820.00.

5. Bedford's valuation of personal property located at Parcel No. 5421 was based upon the commonly used method of applying depreciation factors to the personal property that were agreed to by the County Board of Supervisors. Specifically, personal property is valued at 52% of the original cost of equipment.

6. Debtors have failed to provide a basis for their assessment of the personal property located at Parcel No. 5421.

## Legal Basis for Relief

7. Disallowance or reduction of a claim to which an objection is made in bankruptcy is not automatic. Rather, absent a finding of a reason supported by statute, the claim should be considered allowed. *See,* 11 U.S.C. §502 (b); Rule 3001 (f); In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003).

8. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also, In re Bateman, 331, F.3d 821, 827 (11th Cir. 2003). A party objecting to a validly filed proof of claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim.

9. The Debtors have not presented any evidence to suggest that the determination made by the taxing authority was in any way incorrect to such a point that would in any way benefit the bankruptcy estate or the unsecured creditors of the estate.

10. Therefore, the bankruptcy court is not in a position to determine the merits of the tax assessment or making a determination as to the value of the underlying property. See In re Gossman, 206 B.R. 264 (Bankr. N.D. Ga. 1977); In re Williams, 190 B.R. 225 (Bankr. W.D. Penn. 1995).

11. Since Debtors have not met their burden of producing evidence to rebut the presumption of the validity of Bedford's Claim No. 2030, Bedford is entitled to full payment of the claim, including penalties and interest.

12. Furthermore, no reduction of Bedford's claim nor setoff of further tax payments should be allowed.

**WHEREFORE**, the City of Bedford, Virginia prays that:

1. This Court deny Debtors' Omnibus Objection to Tax Claims of Bedford in its entirety;

2. That Debtors be required to promptly pay Bedford's Claim No. 2030, including penalties and interest; and

3. That Bedford be granted its costs and fees incurred in the defense of Debtors' Objection and grant such further relief as deemed appropriate under the circumstances.

Dated May 7, 2006

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that in accordance with the Order Under 11 U.S.C. §105 Approving Notice Procedures Regarding Omnibus Claim Objections and Schedule Amendment

Motions dated September 1, 2005, a true and correct copy of the foregoing has been furnished to D. J. Baker of SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP at Four Times Square, New York, New York, on May 8, 2006, by U.S. Mail, postage prepaid, Cynthia C. Jackson of SMITH, HULSEY & BUSEY at 225 Water Street, Suite 1800, Jacksonville, FL 32202 on May 8, 2006, by hand delivery, and all interested parties electronically on May 7, 2006.

        SLOTT, BARKER & NUSSBAUM
334 East Duval Street
Jacksonville, FL 32202
(904) 353-0033 (Telephone)
(904) 355-4148 (Telecopy)
embarker@bellsouth.net (Email)

/s/ Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No.: 110140

Attorney for City of Bedford, Virginia

Jeffrey L. Marks, Esq. (VSB No. 40202)
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, VA 23451
Telephone: (757) 491-4045
Facsimile: (757) 491-4020
Counsel for the City of Bedford, Virginia