**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

WINN-DIXIE STORES, INC., *et al.*,　　　　　Case No.: 05-3817-3F1

　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　Debtors.

**RESPONSE OF THE COUNTY OF FRANKLIN, VIRGINIA OPPOSING DEBTORS' OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR DETERMINING TAX VALUES AND TAX LIABILITIES**

The County of Franklin, Virginia ("Franklin") objects to the Debtors' Omnibus Objection to Tax Claims and Motion for Determining Tax Values and Tax Liabilities ("Debtors' Objection"), and in support thereof, respectfully states as follows:

**Parties**

1.　On February 21, 2005, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed a petition ("Petition") for relief under Chapter 11 of the Bankruptcy Code thereby initiating this bankruptcy case ("Case").

2.　Franklin is a County of the Commonwealth of Virginia, duly organized and existing under and pursuant to the laws of the Commonwealth of Virginia.

**Facts and Procedural Background**

3.　For Tax Year 2004, Franklin assessed the value of the personal property and inventory at a store operated in Franklin and identified as Parcel No. 56-0670665, at

$1,060,533.00. This figure includes both Personal Property Tax and Merchants Capital Tax. Franklin asserted a Base Tax amount due of $13,459.93.

4. For Tax Year 2005, Franklin assessed the value of the personal property and inventory at a store operated in Franklin and identified as Parcel No. 56-0670665, at $1,016,079.00. This figure includes both Personal Property Tax and Merchants Capital Tax. Franklin asserted a Base Tax amount due of $12,802.31.

5. Debtors assert that for Tax Year 2004, the assessed value of the personal property should be reduced. This reduction calculation is based on their appraiser's opinion that the personal property located at Parcel No. 56-0670665 was worth $218,172.00, rather than $1,060,533.00. Based on Debtors' reduction calculation, Debtors assert that the Base Tax amount due should be revised to $2,768.97, rather than $13,459.93.

6. Debtors assert that for Tax Year 2005, the assessed value of the personal property should be reduced. This reduction calculation is based on their appraiser's opinion that the personal property located at Parcel No. 56-0670665 was worth $188,933.00, rather than $1,016,079.00. Based on Debtors reduction calculation, Debtors assert that the Base Tax amount due should be revised to $2,380.50, rather than $12,802.31.

7. Franklin's valuation of personal property located at Parcel No. 56-0670665 was based upon the commonly used method of applying depreciation factors to the personal property. Specifically, personal property is valued at 50% of the original cost

in the year of acquisition, and then depreciating at the rate of 5% per year thereafter. From the 7th year and thereafter, the value remains at 20%.

8. Franklin's Merchants Capital Tax at Parcel No. 56-0670665 is based on the value of inventory on hand for resale on December 31 of the tax year, on an at cost basis.

9. Debtors have failed to provide a basis for their assessment of the personal property and inventory located at Parcel No. 56-0670665.

### Legal Basis for Relief

10. Disallowance or reduction of a claim to which an objection is made in bankruptcy is not automatic. Rather, absent a finding of a reason supported by statute, the claim should be considered allowed. *See,* 11 U.S.C. §502 (b); Rule 3001 (f); In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003).

11. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also, In re Bateman, 331, F.3d 821, 827 (11th Cir. 2003). A party objecting to a validly filed proof of claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim.

12. The Debtors have not presented any evidence to suggest that the determination made by the taxing authority was in any way incorrect to such a point that would in anyway benefit the bankruptcy estate or the unsecured creditors of the estate.

13. Therefore, the bankruptcy court is not in a position to determine the merits of the tax assessment or making a determination as to the value of the underlying

property.  See <u>In re Gossman</u>, 206 B.R. 264 (Bankr. N.D. Ga. 1977); <u>In re Williams</u>, 190 B.R. 225 (Bankr. W.D. Penn. 1995).

14. Since the Debtors have not met their burden of producing evidence to rebut the presumption of the validity of Franklin's personal property and inventory assessments for Tax Year 2004 and Tax Year 2005, Franklin is entitled to full payment of each tax year, including penalties and interest.

15. Furthermore, neither reduction of Franklin's assessments nor setoff of further tax payments should be allowed.

**WHEREFORE**, the County of Franklin, Virginia prays that:

1. This Court deny Debtors' Omnibus Objection to Tax Claims and Motion for Determining Tax Values and Tax Liabilities to Assessments of Franklin in its entirety;

2. That Debtors be required to pay Franklin's personal property and inventory assessments for Tax Year 2004 and Tax Year 2005 promptly, including penalties and interest; and

3. That Franklin be granted its costs and fees incurred in the defense of Debtors' Objection and grant such further relief as deemed appropriate under the circumstances.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that in accordance with the Order Under 11 U.S.C. §105 Approving Notice Procedures Regarding Omnibus Claim Objections and Schedule Amendment Motions dated September 1, 2005, a true and correct copy of the foregoing has been furnished to D. J. Baker of SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP at Four Times Square, New York, New York, on May 8, 2006, by U.S. Mail, postage prepaid, Cynthia C. Jackson of

SMITH, HULSEY & BUSEY at 225 Water Street, Suite 1800, Jacksonville, FL 32202 on May 8, 2006, by hand delivery, and all interested parties electronically on May 7, 2006.

SLOTT, BARKER & NUSSBAUM
334 East Duval Street
Jacksonville, FL 32202
(904) 353-0033 (Telephone)
(904) 355-4148 (Telecopy)
embarker@bellsouth.net (Email)

/s/  Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No.: 110140

Attorney for County of Franklin, Virginia

Jeffrey L. Marks, Esq. (VSB No. 40202)
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
Telephone: (757) 491-4045
Facsimile: (757) 491-4020
Counsel for the County of Franklin, Virginia