**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

**In re:**

**WINN-DIXIE STORES, INC.,** *et al.*,           Case No.: 05-3817-3F1

                                       **Chapter 11**
                **Debtors.**

**RESPONSE OF THE COUNTY OF MECKLENBURG, VIRGINIA OPPOSING
DEBTORS' OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR
DETERMINING TAX VALUES AND TAX LIABILITIES**

The County of Mecklenburg, Virginia ("Mecklenburg") objects to the Debtors' Omnibus Objection to Tax Claims and Motion for Determining Tax Values and Tax Liabilities ("Debtors' Objection"), and in support thereof, respectfully states as follows:

**Parties**

1. On February 21, 2005, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed a petition ("Petition") for relief under Chapter 11 of the Bankruptcy Code thereby initiating this bankruptcy case ("Case").

2. Mecklenburg is a County of the Commonwealth of Virginia, duly organized and existing under and pursuant to the laws of the Commonwealth of Virginia.

**Facts and Procedural Background**

3. Mecklenburg filed a priority proof of claim ("Claim No. 1068") on May 9, 2005 in the amount of $15,019.16 for personal property taxes for property at two stores operated in Mecklenburg and identified as Parcel No. 79154 and Parcel No. 79155.

4. Mecklenburg filed a priority proof of claim ("Claim No. 1069") on May 9, 2005 in the amount of $5,263.99 for real property taxes owed by Debtors for real property located in Mecklenburg and identified as Parcel No. PR2241 4.

5. The Claim No. 1069 was based upon a real estate tax assessment value of $2,845,400.00. A true and accurate copy of the assessment is attached hereto as **Exhibit 1**.

6. Debtors assert that Mecklenburg's Claim No. 1068 should be reduced from $15,019.16 to $8,252.83. This reduction calculation from $8,285.23 to $4,465.59 is based on their appraiser's opinion that the personal property located at Parcel No. 79154 was worth $621,283.00, rather than $1,152,697.00, and the reduction calculation from $6,733.93 to $3,787.24 is based on their appraiser's opinion that the personal property located at Parcel No. 79155 was worth $616,352.00, rather than $1,095,936.00.

7. Debtors further assert that Mecklenburg's Claim No. 1069 should be reduced from $5,236.99 to $2,917.38 based on their appraiser's opinion that the real property identified as Parcel No. PR2241 4 was worth $1,576,962.00, rather than $2,845,400.00.

8. Mecklenburg's valuation of personal property located at Parcel No. 79154 and Parcel No. 79155 was based upon the commonly used method of applying depreciation factors to the personal property that were agreed to by the County Board of Supervisors.

9. Mecklenburg's valuation of real property identified as Parcel No. PR2241 4 was based upon square foot values and depreciation tables by measuring and grading the real property and then using comparable land sales.

10. Debtors have failed to provide a basis for their assessment of the personal property located at Parcel No. 79154 and Parcel No. 79155.

11. Debtors have failed to provide a basis for their assessment of the real property identified as Parcel No. PR2241 4.

### Legal Basis for Relief

12. Disallowance or reduction of a claim to which an objection is made in bankruptcy is not automatic. Rather, absent a finding of a reason supported by statute, the claim should be considered allowed. *See,* 11 U.S.C. §502 (b); Rule 3001 (f); In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003).

13. Federal Rule of Bankruptcy Procedure 3001(f) provides that a validly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also, In re Bateman, 331, F.3d 821, 827 (11th Cir. 2003). A party objecting to a validly filed proof of claim must present affirmative evidence to overcome the presumptive validity of a filed proof of claim.

14. The Debtors have not presented any evidence to suggest that the determination made by the taxing authority was in any way incorrect to such a point that would in any way benefit the bankruptcy estate or the unsecured creditors of the estate.

15. Therefore, the bankruptcy court is not in a position to determine the merits of the tax assessment or to make a determination as to the value of the underlying

property. See <u>In re Gossman</u>, 206 B.R. 264 (Bankr. N.D. Ga. 1977); <u>In re Williams</u>, 190 B.R. 225 (Bankr. W.D. Penn. 1995).

16. Since the Debtors have not met their burden of producing evidence to rebut the presumption of the validity of Mecklenburg's Claim No. 1068 and Claim No. 1069, Mecklenburg is entitled to full payment of each claim, including penalties and interest.

17. Furthermore, neither reduction of Mecklenburg's claims nor setoff of further tax payments should be allowed.

**WHEREFORE**, the County of Mecklenburg, Virginia prays that:

1. This Court deny Debtors' Omnibus Objection to Tax Claims of Mecklenburg in its entirety;

2. That Debtors be required to pay Mecklenburg's Claim No. 1068 and Claim No. 1069 promptly, including penalties and interest; and

3. That Mecklenburg be granted its costs and fees incurred in the defense of Debtors' Objection and grant such further relief as deemed appropriate under the circumstances.

Dated May 6, 2006

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that in accordance with the Order Under 11 U.S.C. §105 Approving Notice Procedures Regarding Omnibus Claim Objections and Schedule Amendment Motions dated September 1, 2005, a true and correct copy of the foregoing has been furnished to D. J. Baker of SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP at Four Times Square, New York, New York, on May 8, 2006, by U.S. Mail, postage prepaid, Cynthia C. Jackson of

SMITH, HULSEY & BUSEY at 225 Water Street, Suite 1800, Jacksonville, FL 32202 on May 8, 2006, by hand delivery, and all interested parties electronically on May 7, 2006.

                                            SLOTT, BARKER & NUSSBAUM
                                            334 East Duval Street
                                            Jacksonville, FL 32202
                                            (904) 353-0033 (Telephone)
                                            (904) 355-4148 (Telecopy)
                                            embarker@bellsouth.net (Email)

                                            /s/  Earl M. Barker, Jr.
                                            Earl M. Barker, Jr.
                                            Florida Bar No.: 110140

                                            Attorney for County of
                                            Mecklenburg, Virginia

Jeffrey L. Marks, Esq. (VSB No. 40202)
Kaufman & Canoles, P.C.
2101 Parks Avenue, Suite 700
Virginia Beach, VA  23451
Telephone: (757) 491-4045
Facsimile: (757) 491-4020
Counsel for the County of Mecklenburg, Virginia