# United States Bankruptcy Court

## Middle District Of Florida

In re: **Winn-Dixie Stores, Inc.**                     Case No.: **05-03817**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| **LCH Opportunities, LLC** | **Old 97, Inc** |
|---|---|
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **LCH Opportunities, LLC**<br>**Attn: Joseph M. O'Connor**<br>**315 Park Avenue South, 20th Floor**<br>**New York, NY 10010**<br>**Phone: (212) 460-1966** | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct. #: _____ |
| | |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor<br><br>**Old 97, Inc**<br>**c/o Phillips Edison & Co, Ltd**<br>**11690 Grooms Road**<br>**Cincinnati, OH 45242**<br>Phone: 513-554-1110 |

Court Claim # (if known): 8037
Claim Amount:         $501,697.42
Date Claim Filed:     7/27/05

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Ganna Liberchuk_____        Date: 4/10/06
        Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                             _____
                                                            **CLERK OF THE COURT**

## EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTORS AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Phillips Edison, Ltd.**, as agent and representative for Civic Center Station, Ltd., Milford Station Ltd., Old 97, Inc., Springdale Station, Ltd., Timberlake Station, LLC, Windsor Station, LLC, and C & A Ltd., L.C. (collectively, the "*Lessors*"), and its successors and assigns (collectively, the "Assignors") hereby unconditionally and irrevocably sells, transfers and assigns to LCH Opportunities, LLC ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, their claims (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code), evidenced by Proofs of Claim numbers 8039, 8040, 8031, 8030, 8037, 8036, 8036, 8028, 8029, 8033, 8032, 8034, 8035, 8038, 12096, 12952, 12953 and inclusive of any claims against any party and any guaranty obligations arising in connection with the underlying claims, in the aggregate outstanding principal amount of not less than $2,919,629.33 (the "Claim Amount"), including general unsecured and administrative claims, against Winn-Dixie Raleigh, Inc., and Winn-Dixie Stores, Inc., (together, the "Debtors"), debtors-in-possession in the chapter 11 cases, jointly administered under case number 05-03817 (the "Cases"), in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

Assignors hereby waive any objection to the transfer of the claim to Assignee on the books and records of the Debtors and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignors acknowledge and understand, and hereby stipulate, that an order of the Bankruptcy Court may be entered without further notice to Assignors transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim. Assignors further direct the Debtors, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS ___ day of _____, 2006.

Civic Center Station, Ltd.
c/o Phillips Edison Ltd., as Seller
By: _____
Name: R. Mark Addy
Title: Authorized Agent

LCH Opportunities, LLC
By: _____
Name: Joseph M O'Connor
Title: Vice President

Milford Station, Ltd.
c/o Phillips Edison Ltd., as Seller
By: _____
Name: R. Mark Addy
Title: Authorized Agent

8

Old 97, Inc.
c/o Phillips Edison Ltd., as Seller

By: /s/ R. Mark Addy
Name: R. Mark Addy
Title: Vice President & Secretary

Springdale
Springfield Station, Ltd.
c/o Phillips Edison Ltd., as Seller

By: /s/ R. Mark Addy
Name: R. Mark Addy
Title: Authorized Agent

Timberlake Station, LLC
c/o Phillips Edison Ltd., as Seller

By: /s/ R. Mark Addy
Name: R. Mark Addy
Title: Vice President & Secretary

Windsor Station, LLC
c/o Phillips Edison Ltd., as Seller

By: /s/ R. Mark Addy
Name: R. Mark Addy
Title: Vice President & Secretary

C & A Ltd., L.C.
c/o Phillips Edison Ltd., as Seller

By: /s/ R. Mark Addy
Name: R. Mark Addy
Title: Vice President & Secretary

SCHEDULE B - WINN-DIXIE PROOF OF CLAIM CHART – Phillips Edison Entities

| LANDLORD | CURRENT TENANT | GUARANTOR[1] | FILED | CLAIM # | UNS CLAIM | GUARANTY CAPPED CLAIM AMOUNT | ADM CLAIM | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Civic Center Station, Ltd | Winn-Dixie Raleigh, Inc. | | 7/27/2005 | 8039 | $ 556,803.42 | | $ 19,891.87 | $ 576,695.29 |
| | | Winn-Dixie Stores, Inc. | 7/27/2005 | 8040 | $ 576,695.29 | $ 576,695.29 | | $ 576,695.29 |
| Milford Station, Ltd. | Winn-Dixie Raleigh, Inc. | | 7/27/2005 | 8031 | $ 286,142.56 | | | $ 286,142.56 |
| | | Winn-Dixie Stores, Inc. | 7/27/2005 | 8030 | $1,008,762.93 | $ 286,142.56 | | $1,008,762.93 |
| Old 97, Inc. (Nor-Dan) | Winn-Dixie Raleigh, Inc. | | 7/27/2005 | 8037 | $ 501,697.42 | | | $ 501,697.42 |
| | | Winn-Dixie Stores, Inc. | 7/27/2005 | 8036 | $3,276,103.97 | $ 501,697.42 | | $3,276,103.97 |
| Springdale Station, Ltd. | Winn-Dixie Raleigh, Inc. | | 7/27/2005 | 8028 | $ 324,358.15 | | | $ 324,358.15 |
| | | Winn-Dixie Stores, Inc. | 7/27/2005 | 8029 | $ 559,376.20 | $ 324,358.15 | | $ 559,376.20 |
| Timberlake Station, Limited Liability Co | Winn-Dixie Raleigh, Inc. | | 7/27/2005 | 8033 | $ 586,568.98 | | | $ 586,568.98 |
| | | Winn-Dixie Stores, Inc. | 7/27/2005 | 8032 | $3,878,022.10 | $ 586,568.98 | | $3,878,022.10 |
| Windsor Station Limited Liability Co | Winn-Dixie Raleigh, Inc. | | 7/27/2005 | 8034[3] | $ 38,060.99 | | $ 1,825.37 | $ 39,886.36 |
| | Winn-Dixie Raleigh, Inc. | | | | | | $47,007.04 | $ 47,007.04 |
| | | Winn-Dixie Stores, Inc. | 7/27/2005 | 8035[4] | $ 39,886.36 | $ 39,886.36 | | $ 39,886.36 |
| | | Winn-Dixie Stores, Inc. | | | $ 47,007.04 | $ 47,007.04 | | $ 47,007.04 |
| C. & A., Ltd., L.C. | Winn-Dixie Stores, Inc. | | 7/27/2005 | 8038[2] | $ 67,763.36 | | $ 34,487.42 | $ 102,250.78 |
| C. & A., Ltd., L.C.* | Winn-Dixie Stores, Inc. | | | 12096 | $ 561,162.71 | | $ 35,997.18 | $ 597,159.89 |

[1] Claims against the Guarantor have been filed in an uncapped amount. Claimant believes these guaranty claims would likely be subject to the claims cap under 11 U.S.C. §.502(b)(6) (the "Guaranty Capped Claim Amount") Guaranty Distribution percentages as described in the Bid Proposal shall be based upon the "Guaranty Capped Claim Amounts."
[2] Recently amended Claim #8038 filed 7/27/05 to add lease rejection damages (See #12906)
[3] Recently amended Claim #8034 to reflect that claim amount is now an administrative claim for "cure" amounts due. Amount of "cure" disputed by Debtor
[4] Recently amended Claim #8035 to reflect that guaranteed claim amount is revised due to amendment of claim #8034.

12876354