UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| **In re:** ) | **Case No. 05-03817-3F1** |
| ) | Hearing Date: May 18, 2006 1:00 pm |
| **WINN-DIXIE STORES, INC., et al.,** ) | |
| ) | **Chapter 11** |
| **Debtors**[1] ) | |

_____

### WRITTEN RESPONSE OF THE CITY OF RICHMOND, VIRGINIA
### IN OPPOSITION TO DEBTOR'S OMNIBUS OBJECTION TO
### TAX CLAIMS AND MOTION FOR DETERMINING
### TAX VALUES AND TAX LIABILITIES

COMES NOW the City of Richmond, Virginia ("the City"), by counsel, and opposes the Debtors' Omnibus Objection to Tax Claims and Motion For Determining Tax Values and Tax Liabilities ("Debtor's Objection") as it relates to the City's business personal property tax proof of claim filed in this case based on the following:

1. Debtors filed a voluntary petition on February 21, 2005 seeking relief under Chapter 11 of Title 11 of the United States Code.

2. On July 15, 2005, the City filed a proof of claim in the amount of $11,207.30 for 2005 taxes owed by the Debtors for business personal property located at the store Debtor operated in the City at 3300 Broad Rock Boulevard ("Store No. 977") (Attached as Exhibit A).

3. Debtors assert that this Court should reduce the City's claim to $7,007.28 based on their appraiser's opinion that the property located at Store No. 977 was worth $189,386 rather than $302,900 in 2005. *See* Debtor's Objection, Exhibit A, p. 5.

_____

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwick Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

4. In addition, Debtors request that this Court reduce the valuation of the business personal property at Store No. 977 for the 2004 tax year from $442,300 to $218,696. *Id.* As the Debtor has paid the 2004 taxes, this request, if granted, would result in a refund of $8,257.37 in taxes.

3. The City's valuations for both 2004 and 2005 were based upon the values declared by the debtors' agent, John P. Taylor, Property Tax Manager, in the endorsed 2004 tax return submitted on April 16, 2004 and the 2005 tax return submitted on April 14, 2005. *See* Exhibit B (2004) and Exhibit C (2005) attached.

4. In Debtor's Objection, the Debtors fail to provide any information about how the 2004-2005 assessments were addressed by the appraiser they hired, why this appraisal should supercede the cost information provided under oath by their agent and whether the reduction is proper under Virginia law.

5. Disallowance or reduction of a claim to which an objection is made in bankruptcy is not automatic. Rather, absent a finding of a statutorily enumerated reason, the claim should be considered allowed. *See,* 11 U.S.C. §502 (b); FED. R. BANKR. P. 3001 (f); and In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003). Since the Debtor has not met its burden of producing evidence to rebut the presumption of the validity of the City's claim, the City is clearly entitled to full payment of the 2005 tax year with penalty and interest. In addition, no reduction of the City's claim nor set off of further tax payments should be allowed based on the 2004 tax year which was paid in full and not a part of this bankruptcy proceeding.

6. Pursuant to authority granted in Code of Virginia §58.1-3916, the City Code provides in §98-167(b) that taxes not paid by the due date shall accrue interest at the rate of ten percent per annum until paid.

-3-

WHEREFORE, the City prays that:

1. The Debtor's objection to the City's claim be overruled in its entirety;

2. That the City's claim be allowed in its entirety with the Debtor ordered to promptly pay the City's the $11,207.30 with statutory interest; and,

3. That the Debtor's request to reduce the 2004 taxes already paid to the City, and not part of the City's claim, be denied;

4. That the City be granted its costs incurred in the defense of the Debtor's Objection and for such other future relief as is appropriate.

          Respectfully submitted,

          CITY OF RICHMOND, VIRGINIA

          By __/s/ Alexandra Silva Fannon____
              Alexandra Silva Fannon
              Assistant City Attorney

Alexandra Silva Fannon, (VSB #38972)
Assistant City Attorney
Office of City Attorney
900 East Broad Street, Room 300
Richmond, Virginia 23219
Telephone:   (804) 646-7940
Facsimile:   (804) 646-6653

-4-

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing Written Response of the City of Richmond, Virginia in Opposition to Debtor's Omnibus Objection to Tax Claims and Motion for Determining Tax Values and Tax Liabilities was filed with the Bankruptcy Court for the Middle District of Florida, Jacksonville Division via the Court's electronic filing procedures and a copy was sent via electronic means to D. J. Baker, at **dkbaker@skadden.com**, and Cynthia C. Jackson, at **cjackson@smithhulsey.com** this 8th day of May, 2006.

    */s/ Alexandra Silva Fannon*
    Alexandra Silva Fannon, Esquire