## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | **Case No. O5-03817-3F1** |
| **WINN-DIXIE STORES, INC., et al** | ) | **Chapter 11** |
| **Debtors**[1] | ) | |

## UNOPPOSED MOTION FOR WAIVER OF REQUIREMENT
## TO DESIGNATE LOCAL COUNSEL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Jim H. Guynn, Jr., Guynn, Memmer & Dillon, P.C., counsel for the Town of Vinton, Virginia ("Vinton"), a Virginia local taxing authority and a creditor in the above-captioned bankruptcy case, files this Unopposed Motion for Waiver of Requirement to Designate Local Counsel (the "Motion") and states as follows:

1.      Pursuant to Bankruptcy Local Rule 2090-1(c), a non-resident attorney appearing as counsel before the Court must, within 10 days of filing any paper in any case with the Court, file a designation and consent to act that names a member of the bar of the Middle District who is a resident of Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case. However, paragraph (b) allows a nonresident attorney to

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Product, Inc., Crackin' Good. Inc., Deep South Distributors, Inc., Deep, South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwick Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn--Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

appear and represent a creditor at a hearing that has been noticed to all creditors generally except for contested matters and Bankruptcy Local Rule 2090-1(c) also provides that the Court may waive the designation of local counsel for good cause shown.

2.      Vinton's involvement in this bankruptcy case concerns that part of the Debtors' Omnibus Objection to Tax Claims and Motion For Determining Tax Values and Tax Liabilities ("Debtors' Objection") requesting that Vinton's $1,938.50 claim for 2005 personal property taxes be reduced by $468.50 to reflect a value reduction proposed by the Debtors' appraiser and that the 2004 personal property tax already paid by Debtor to Vinton in the amount of $2,055.65 be reduced by $358.15 to reflect a value reduction proposed by the Debtors' appraiser.

3.      In accordance with the terms of the Debtors' Objection, Vinton by the undersigned counsel on May 8, 2006 filed a timely response to the Debtors' Objection.

4.      Because the Debtors' Objection does not become a contested matter unless the Debtors are unsuccessful in reaching a consensual resolution of this claim before the May 18 hearing date, it is not clear whether the local counsel designation is even required at this juncture pursuant to the exception set forth in Local Rule 2090-1(b).

5.      Even if local counsel designation were required, good cause for the waiver pursuant to the exception set forth in Local Rule 2090-1(c) is warranted because the small sum at issue ($826.65) does not warrant the expenditure of funds for outside counsel and it would not be feasible for the taxpayers and citizens of Vinton to hire local counsel to defend their rights and interests in a matter involving this amount of money.  Good cause is also supported by the fact that the court now electronically sends notices directly to the undersigned counsel.

6.      The undersigned counsel has conferred with counsel for the Debtors regarding the relief sought by this Motion. Counsel for the Debtors has stated in electronic mail

correspondence that the Debtors are unopposed to entry of an Order granting the relief sought in the Motion.

7.      Based upon the foregoing, Vinton respectfully requests that the Court enter an Order authorizing the undersigned counsel to represent Vinton without designating local counsel and granting the undersigned counsel such other and further relief to which it may be entitled.

Respectfully submitted,

TOWN OF VINTON, VIRGINIA

By    /s/ Jim H. Guynn, Jr.

Jim H. Guynn, Jr. (VSB No. 22299)
Elizabeth K. Dillon (VSB No. 25989)
GUYNN, MEMMER & DILLON, P.C.
P. O. Box 20788
Roanoke, Virginia  24018
Telephone:  (540) 387-2320
Facsimile:  (540) 389-2350

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May, 2006 the foregoing Unopposed Motion for Waiver of Requirement to Designate Local Counsel was filed with the Bankruptcy Court for the Middle District of Florida, Jacksonville Division via the Court's electronic filing procedures and a copy was sent via electronic mail to:

D. J. Baker, Esquire                          Cynthia C. Jackson, Esquire
Skadden Arps Slate Meagher & Flom, LLP        Smith, Hulsey & Busey
Four Times Square                             225 Water Street
New York, NY 10036                            Jacksonville, FL 32202
djbaker@skadden.com                           cjackson@smithhulsey.com

   /s/ Jim H. Guynn, Jr.