UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.: 3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

        Debtors.      Jointly Administered
_____

RESPONSE OF DIGITAL 1 STOP TO DEBTORS' NINTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS AND (C) MISCLASSIFIED CLAIMS

Digital 1 Stop ("Digital"), by and through its undersigned counsel, responds to the Debtors' Ninth Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims ("Objection") and states as follows:

1. On July 5, 2005, Digital timely filed a proof of claim in the amount of $66,314.75, a copy of which is attached hereto as Exhibit "A". The proof of claim is identified as claim no. 5499.

2. On or about April 18, 2006, the Debtors filed the Objection. Digital's proof of claim is subject to the Objection as a result of being identified in Exhibit "A" of the Objection.

3. In Exhibit "A" of the Objection, the Debtors allege that the pre-petition amount owed to Digital is $0.00, rather than the $66,314.75 listed on Digital's proof

of claim. The Debtors allege that the disallowance of Digital's claim is a result of Digital seeking to charge back disputed amounts on previously paid invoices.

4. Digital's current books and records do not reflect that it is seeking to charge back disputed amounts on previously paid invoices, and Digital disputes the Debtors' allegation. Digital does not have any knowledge of how the Debtors arrived at said allegation.

5. On October 27, 2004, Digital sold goods to the Debtors documented by four (4) different invoices.

6. Invoice Number 103606, a copy of which is attached hereto as Exhibit "B", sets forth an amount due and owing of $33,936.00. The Debtors paid half of the $33,936.00 due and owing, leaving a remaining balance due and owing for said invoice in the amount of $16,968.00.

7. Invoice Number 103729, a copy of which is attached hereto as Exhibit "C", sets forth an amount due and owing of $36,204.00. The Debtors paid half of the $36,204.00 due and owing, leaving a remaining balance due and owing for said invoice in the amount of $18,102.00.

8. Invoice Number 103858, a copy of which is attached hereto as Exhibit "D", sets forth an amount due and owing of $46,056.00. The Debtors paid half of the

$46,056.00 due and owing, leaving a remaining balance due and owing for said invoice in the amount of $23,028.00.

9. Invoice Number 103968, a copy of which is attached hereto as Exhibit "E", sets forth an amount due and owing of $49,134.00. The Debtors paid half of the $49,134.00 due and owing, leaving a remaining balance due and owing for said invoice in the amount of $24,567.00.

10. On April 18, 2005, Digital issued a credit memo, a copy of which is attached hereto as Exhibit "F", allowing the Debtors a credit of $16,350.25 towards the remaining balance due and owing for the four (4) invoices described above.

11. The amounts described above are reflected on Digital's Statement of Account for the Debtors, a copy of which is attached hereto as Exhibit "G". The remaining balances of the four (4) invoices described above total $82,665.00. As described in Paragraph 10 above, the Debtors were issued a credit of $16,230.25, leaving a remaining balance of $66,314.75 due and owing for the four (4) invoices described above. This is the amount listed on Digital's proof of claim.

12. Digital has not been paid the remaining balance of $66,314.75 which is due and owing for the four (4) invoices described above. Digital maintains that it is

owed a pre-petition amount of $66,314.75 from the Debtors, and that it is not seeking to charge back disputed amounts on previously paid invoices.

13. As a result of the remaining balance due and owing for the invoices described above, the Debtors' Objection to Digital's proof of claim should be overruled, and Digital's proof of claim in the amount of $66,314.75 should be allowed in its entirety.

14. Digital reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this ___ day of May, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

4