**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE AND MOTION FOR ORDER**
**APPROVING SETTLEMENT OF CLAIMS**
**FILED BY JAMES STOKES AND DAVID REDDICK**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, rgray@skadden.com, and (iii) Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, Elena.L.Escamilla@usdoj.gov.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), move the Court pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, for an order approving the settlement agreement by and between David A. Reddick and James A. Stokes (collectively, "Claimants") and the Debtors on the general terms set forth in the attached Exhibit A.  In support of the motion, the Debtors state as follows:

1. On August 19, 2002, Claimants filed a lawsuit against Winn-Dixie Stores, Inc. (the "Lawsuit").

2. Although Winn-Dixie denied all material allegations made by Claimants in the Lawsuit and defended the action, judgments were entered against Winn-Dixie and in favor of Claimants on April 30, 2004 in the combined amount of $700,000 (the "Claimants' Judgments").  On September 10, 2004, an additional judgment was entered against Winn-Dixie in the Lawsuit for attorneys' fees and costs in the amount of $440,170 (the "Fees Judgment").

3. Winn-Dixie took appeals from each of the judgments and obtained a stay of execution pending appeal by posting a supersedeas bond in the amount of $1,299,793.42 on November 12, 2004 (the "Supersedeas Bond").  The Supersedeas Bond is secured by a line of credit agreement between Winn-Dixie and Wachovia Bank, National Association. The line of credit agreement is, in turn, secured by receivables and other collateral which constitutes property of the Debtors' estates.

4. Prosecution of the appeals was stayed upon the filing of the Debtors' Chapter 11 petitions.  The appeals are still pending.

5.      In the Chapter 11 case of Winn-Dixie Stores, Inc., Claimants filed Claim Nos. 9333 and 9335, and their attorneys filed Claim No. 9334, based upon the Claimants' Judgments and the Fees Judgment.

6.      On August 26, 2005, the Debtors and Claimants agreed to participate in a post-petition mediation of their dispute. The mediation resulted in a partial settlement by which the Debtors agreed to pay a compromised amount on Claim Nos. 9333 and 9335 in return for a full satisfaction of the Claimants' Judgments and a dismissal of the related appeal (the "Settlement Agreement"). As a result, secured claims totaling $700,000, plus interest, will be released for cash payments totaling $615,000. The Settlement Agreement does not resolve the Debtors' objection to Claim No. 9334 or the issues on appeal relating to the Fees Judgment, which appeal will continue to be prosecuted. A summary of the general terms of the Settlement Agreement is attached as Exhibit A.

7.      The Settlement Agreement is in the best interests of the Debtors' estates and the creditors because it will (i) compromise a significant secured liability at a discount and without the expense and uncertainty inherent in protracted litigation and (ii) allow the Debtors to reduce the amount of Supersedeas Bond, thereby providing the Debtors access to approximately $700,000 on the line of credit currently securing the Supersedeas Bond.

Wherefore, the Debtors respectfully request that the Court (i) enter an order authorizing the Debtors' Settlement Agreement substantially in the form attached as Exhibit B and (ii) grant such other relief as is just.

Dated: May 10, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Gray | By  *s/ James H. Post*  <br> Stephen D. Busey <br> James H. Post <br> Leanne McKnight Prendergast |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | Florida Bar Number 175460 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished electronically and/or by mail on the Master Service List and on the following parties, this 10th day of May, 2006:

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
Phone: 407-648-6301
Fax: 407-648-6323
ken.meeker@usdoj.gov

Elena L. Escamilla
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
Phone: 407-648-6465
Fax: 407-648-6323
Elena.L.Escamilla@usdoj.gov

LAW OFFICE OF CHARLES W. MCBURNEY, JR.
Charles W. McBurney, Jr.
6550 St. Augustine Road, Suite 105
Jacksonville, Florida 32217
Phone:  904-731-0002
Fax:  904-731-3885
cmcburney@bellsouth.net

DELEGAL LAW OFFICES, P.A.
T.A. "Tad" Delegal,III
424 Eat Monroe Street
Jacksonville, Florida 32202
Phone:  904-633-5000
Fax:  904-358-2850
tad@delegal.net

Otterbourg, Steindler, Houston &
  Rosen, P.C.
Attn: Jonathan N. Helfat
230 Park Avenue, 29th Floor
New York, NY 10169
Phone: 212-661-9100
Fax: 212-682-6104
Jhelfat@oshr.com

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis Dunne
1 Chase Manhattan Plaza
New York, NY 10005
Phone: 212-530-5000
Fax: 212-530-5219
Ddunne@milbank.com

Akerman Senterfitt
Attn:  John B. Macdonald
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Phone:  904-798-3700
Fax:  904-398-3730
john.macdonald@akerman.com


                                              *s/ James H. Post*
                                                 Attorney

00518037.DOC

## General Terms of Settlement[1]

On the Effective Date[2] of the Settlement Agreement,[3] the parties will exchange the following consideration:

1.  Consideration to be provided to Claimants by Winn-Dixie within 14 business days of the Effective Date:

    (a) $16,600.00 to be paid to Claimants and their attorneys, T. A. Delegal, III, and Delegal Law Offices, P.A.;

    (b) $94,200.00, less normal withholding tax and FICA deductions, to David Reddick and Delegal Law Offices, P.A.;

    (c) $94,200.00, less normal withholding tax and FICA deductions, to James Stokes and Delegal Law Offices, P.A.;

    (d) $205,000 will be paid to purchase an annuity providing periodic payments to David Reddick;

    (e) $205,000 will be paid to purchase an annuity providing periodic payments to James Stokes;

    (f) dismissal of the Merits Appeals; and

    (g) a general release of all claims Winn-Dixie may have had against the Claimants save those related to the Fee Appeals with respect to any alleged acts occurring before the Effective Date of the Settlement Agreement.

2.  Consideration to be provided to Winn-Dixie by Claimants:

    (a) dismissal of the Lawsuit and Merit Appeals with prejudice;

    (b) withdrawal of all proofs of claim filed by Claimants in connection with the Lawsuit, Merit Appeals and/or Fee Appeals and waiver of the right to receive any distribution in the Chapter 11 cases;

    (c) partial release of any claims Claimants may have against the Supersedeas Bond, resulting in a $700,000 reduction in the amount of the bond; and

    (d) general releases of all claims the Claimants may have had against Winn-Dixie and its agents other than in connection with the Fees Judgment and Fee Appeals.

518306.2

---

[1] This summary of the settlement terms is being provided for the convenience of the Debtors' creditors. Nothing herein shall be construed to alter, modify or supersede any provision of the Settlement Agreement dated April 9, 2006, between the Debtors, the Claimants and the Claimants' attorneys.

[2] The Effective Date is defined in the Settlement Agreement as ten business days from the date on which the order approving the Settlement Agreement becomes a final order from which no timely appeal can be taken.

[3] Capitalized terms not defined herein shall have the same meaning as in the Motion for Order Approving Settlement of Claims of James Stokes and David Reddick.

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER APPROVING SETTLEMENT OF
CLAIMS OF JAMES STOKES AND DAVID REDDICK**

This case is before the Court upon the Motion for Order Approving Settlement of Claims filed by James Stokes and David Reddick (Doc. No. ____) (the "Motion"). The Court finds that (i) notice of the proposed Agreed Order was served on all interested parties pursuant to Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 20 days of the date of service, and (ii) no party filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1. The Motion is granted.

2. The Settlement Agreement between James Stokes, David Reddick and the Debtors dated April 9, 2006 (the "Settlement Agreement") is approved.

3. Claim Nos. 9333 and 9335 are each allowed as unsecured non-priority claims in the amount of $307,500 against Winn-Dixie Stores, Inc. in Case No. 05-03817 which the Debtors are authorized to pay in accordance with the Settlement

**Exhibit B**

Agreement. No further distribution or payment will be made by the Debtors on these Claims. The balance of Claim Nos. 9333 and 9335 are disallowed.

4. This Order resolves all liabilities and obligations of the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns related to Claim Nos. 9333 and 9335, which are forever waived, discharged and released.

5. This Order does not resolve any of the issues relating to the Debtors' objection to Claim No. 9334, the Fees Judgment or any related legal proceedings.

6. The Debtors do not, by this Order, acknowledge the validity of the claims or the existence of coverage under any Insurance Policy with respect to the claim, or make any admission of liability.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copies furnished to:

James H. Post
[James H. Post is directed to mail a copy of this Order to all parties served with the Motion.]

518954

2