Hearing Date: May 18, 2006
Hearing Time: 1:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | Judge Jerry A. Funk |
| Debtors. | ) | |
| | ) | |

### FLORIDA TAX COLLECTORS' OBJECTION TO DEBTORS' AMENDED MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF (DKT NO. 7517)

The Florida Tax Collectors[1] ("FTC"), through their undersigned counsel, file this objection to *Debtors' Amended Motion for Order (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (c) Granting Related Relief* (Dkt. No. 7517) (the "Amended Motion"), and state:

1.    The recently-filed Amended Motion now seeks Court authority to essentially liquidate, either through sale or lease rejection procedures, the remaining interests of the Debtors in the stores listed on Exhibit A of the Amended Motion. Twenty-eight of the listed stores are located within the state of Florida.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

2.      The Debtors have agreed in previous pleadings that any sale or transfer of assets securing FTC taxes would be subject to FTC liens attaching to the proceeds as a first lien in compliance with Florida law.  Although counsel has agreed in principle, FTC requests a clear and concise statement within any Order approving the relief requested by the Debtors that the 2005 tax liens shall attach to the proceeds.  In addition, the 2006 post-petition tax amounts should be estimated and placed in a separate account with a provision that they be paid with the four percent (4%) statutory discount in accordance with Florida law.

3.      Adequate protection of the administrative tax obligations incurred by the Debtors is appropriate.  FTC have been stayed from collecting their taxes and only recently, the Debtors in their Response in Opposition to FTC's Motion for Adequate Protection (Dkt. No. 7537), indicated their intention to contest FTC's taxes pursuant to Section 505 of the Bankruptcy Code.

4.      Currently, statutory interest is accruing on the outstanding, delinquent 2005 tangible personal property taxes at the rate of approximately $100,000 per month.  The statutory interest on the remaining, unpaid 2005 delinquent real estate taxes is also accruing at the rate of approximately $100,000 per month.

5.      Notwithstanding this non-payment of taxes, taxing authorities throughout the State of Florida must still provide needed services to the Debtors including police, fire, and other emergency services.

WHEREFORE, premises considered, FTC request this Court recognize the continued provision of necessary services to the Debtors and the Debtors' locations and ensure that taxing authorities will be refunded the full amount of the *ad valorem* taxes owed the FTC, by including within any Order granting the relief requested in the Amended Motion a provision that all tangible personal property and real estate taxes shall be paid in full at closing in accordance with

standard commercial sales practices; or, in the alternative that this Court clearly express its intention that all *ad valorem* tax liens shall attach to the proceeds and that 2006 post-petition taxes shall be paid before delinquency in accordance with Florida law, and that sufficient provision be made to separate and escrow into an account identified to the benefit of the FTC for payment of the full amount of taxes plus monthly accrued interest and attorneys' fees as allowed by Section 197.332 Florida Statutes; and for such other relief this Court deems appropriate.

Respectfully submitted,

Florida Tax Collectors

By: _____
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fax: 813-272-5231
fitzgeraldb@hillsboroughcounty.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Florida Tax Collectors' Objection to Debtors' Amended Motion for Order (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (c) Granting Related Relief (Dkt No. 7517)* has been furnished by *Notice of Electronic Filing* this *10* day of May, 2006 to D.J. Baker, Skadden Arps Slat Meagher & Flom, LLP, Four Times Square, New York, NY 10036 (djbaker@skadden.com); Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL

3

32201 (cjackson@smithhulsey.com); Elena L. Escamilla, U.S. Trustee's Office, 135 W Central Boulevard, Suite 620, Orlando, FL 32806 (elena.l.escamilla@usdoj.gov); Dennis F. Dunne, Milbank Tweed Hadley & McCloy, LLP, One Chase Manhattan Plaza, New York, NY 10005 (ddunne@milbank.com); John B. MacDonald, Akerman Senterfitt, 50 N Laura Street, Suite 2500, Jacksonville, FL 32202 (john.macdonald@akerman.com); and to all other parties using the CM/ECF system who have appeared in this matter.

Brian T. FitzGerald, Esq.