**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:  Case No.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,  Chapter 11

    Debtors.
_____/

**LIMITED OBJECTION OF TREASURE COAST PLAZA DEVELOPMENT JOINT VENTURE TO ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE FOR STORE NO. 2357 (VERO BEACH, FLORIDA) PROPOSED IN DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF**

Treasure Coast Plaza Development Joint Venture ("Landlord"), by and through its undersigned counsel, files this Limited Objection to Assumption and Assignment of Unexpired Lease for Store No. 2357 (Vero Beach, Florida) Proposed in Debtors' Motion, dated April 11, 2006 (C.P. 7092), for an Order (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (c) Granting Related Relief (the "Sale Motion"), and states as follows:

1.  Landlord leases the premises located at 415 21st Street, Vero Beach, Florida ("Store No. 2357") to debtor Winn-Dixie Stores, Inc., as tenant (the "Debtor"), pursuant to a lease dated September 23, 1994 (the "Vero Beach Lease").

2. Pursuant to the Sale Motion, an auction for the sale of the Debtor's leasehold interest in Store No. 2357, along with the leasehold interests in thirty-four other stores, was held on May 9, 2006 (the "Auction").

3. At the conclusion of the Auction, the Debtor announced that the Landlord's bid was the successful bid for Store No. 2357. Under the terms of the Landlord's bid, the Vero Beach Lease will be terminated in exchange for $525,000.

4. Pursuant to the Sale Motion, today is the deadline to file an objection to the Debtor's proposed assumption and assignment of the Vero Beach Lease.

5. The Landlord has learned that on at least one other occasion in this bankruptcy case, this Court approved the assumption and assignment of a lease to an entity other than the entity designated by the Debtor as the highest and best bidder at the auction. Accordingly, the Landlord objects to the Debtor's proposed assumption and assignment of the Vero Beach Lease to any entity or person other than the Landlord. Additionally, in the event the Court were to determine that it is appropriate to authorize the assumption and assignment of the Vero Beach Lease to any entity or person other than the Landlord, the Landlord requests that it be given adequate time to conduct discovery to determine the proposed assignee's good faith and if the proposed assignee is able to provide adequate assurance of future performance under the Vero Beach Lease as required by 11 U.S.C. §365(b)(1). Furthermore, Store No. 2357 is located within a "shopping center," as that term is used in 11 U.S.C. §365(b)(3). Therefore, the Landlord also objects to any assumption and assignment of the Vero Beach Lease to the extent the proposed assignee is unable to provide adequate assurance of future performance as required by 11 U.S.C. §365(b)(3).

3

WHEREFORE, Landlord respectfully requests that this Court authorize termination of the Vero Beach Lease in accordance with the Landlord's bid at the Auction, and grant it such other and further relief as the Court deems just and proper.

Dated: May 10, 2006
      Miami, Florida

                                             **GREENBERG TRAURIG, P.A.**
                                             Counsel for Treasure Coast Plaza
                                             Development Joint Venture
                                             1221 Brickell Avenue
                                             Miami, Florida 33131
                                             Telephone: (305) 579-0500
                                             Fax: (305) 579-0717

                                     By:   /s/ James P.S. Leshaw
                                               JAMES P.S. LESHAW
                                               Florida Bar No. 917745
                                               PAUL J. KEENAN, JR.
                                               Florida Bar No. 0594687

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF transmission and/or by first class, U.S. Mail on this 10th day of May, 2006 to all parties on the attached service list.

                                                            /s/ James P.S. Leshaw
                                                         JAMES P.S. LESHAW

## SERVICE LIST

Winn-Dixie Stores, Inc.
Attention:  Laurence B. Appel
5050 Edgewood Court
Jacksonville, Florida  32254-3699
larryappel@winn-dixie.com

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard
Room 620
Orlando, Florida  32801
Ken.meeker@usdoj.gov

Elena L. Escamilla
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard
Room 620
Orlando, Florida  32801
Elenal.escamille@usdoj.gov

Adam Ravin
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, New York  10036
aravin@skadden.com

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida  32201
cjackson@smithhulsey.com

DJ Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, New York  10036
djbaker@skadden.com

Dennis F. Dunne
Milbank Tweed Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York  10005
ddunne@milbank.com

John B. Macdonald
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, Florida  32202
John.macdonald@akerman.com

Patrick P. Patanhan
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, Florida  32202
Patrick.patangan@akerman.com

MIA-FS1\keenanp\828950v01\P9GM01_.DOC\5/4/06\5:4:00PM\20062.015100