1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


In re:

WINN-DIXIE STORES, INC.,        CASE NO.: 05-03817-3F1

        Debtor.
_____/




TRANSCRIPT OF PROCEEDINGS




     Hearing re:  Various motions before the
Honorable Jerry A. Funk, U. S. Bankruptcy Judge,
commencing at 1:00 p.m., on Thursday, April 20,
2006, at the United States Courthouse, Room 4D, 300
North Hogan Street, Jacksonville, Florida, as
reported by Cindy Danese, Notary Public in and for
the State of Florida at Large.



- - -

**STATEWIDE REPORTING SERVICE**
606 BLACKSTONE BUILDING
JACKSONVILLE, FLORIDA 32202
(904) 353-7706        249-9952
EXPERTS IN MEDICAL, TECHNICAL & EXPEDITED TRANSCRIPTS

ORIGINAL

2

1                          A P P E A R A N C E S

2

3

    STEPHEN D. BUSEY, ESQUIRE
4   JAMES H. POST, ESQUIRE

5       Attorneys for the Debtors.

6

    JANICE DUBAN, ATTORNEY-AT-LAW
7
        Attorneys for the Ad Hoc Trade Committee.
8

9   BRIAN RICH, ESQUIRE
    THERESA FOUDY, ATTORNEY-AT-LAW
10
        Attorneys for Wilmington Trust Company.
11

12  MICHAEL COMERFORD, ESQUIRE

13      Attorney for the Official Committee of
        Unsecred Creditors.
14

15  JIM KRAUSE, ESQUIRE

16      Attorney for Liberty Mutual and Ohio Mutual
        Casulty.
17

18  JERRETT MCCONNELL, ESQUIRE

19      Attorney for Richard Ehster, Gary Osborne,
        Scott Hunt, Stan Timbrook and John Gardner.
20

21  WILLIAM PORTER, ESQUIRE

22      Attorney for the U.S. Trustee.

23

24

25

1

T A B L E   O F   C O N T E N T S

2                                                              PAGE

3    Motion to Enter into Surety Agreement
        with RLI Insurance Company                              4
4
     Motion for Authority to Reject Non-
5       Residential Real Property Lease                         5

6    Motion for Order Authorizing Rejection
        of Lease Termination Agreements                         6
7
     Application to Approve Supplement to Debtors'
8       Retention of Blackstone Group                           7

9    Motion for Fifth Extension of Exclusive
        Period for Filing Chapter 11 Plans                      9
10
     Fifth Omnibus Objection to Workers
11      Compensation Claims                                     20

12   Motion for Leave to Allow Late Filing
        of Proof of Claim by Maxine Simmons                     22
13
     Motion to Modify Claims Resolution Procedure               22
14
     Seventh Omnibus Objection to Overstated Claims             26
15
     Motion for Leave to File Proofs of Claim Without
16      Prejudice Filed by Florida Tax Collectors               27

17   Motion for Adequate Protection Filed by
        Florida Tax Collectors                                  28
18
     Amended Motion for an Order Authorizing Debtors
19      to Retain Liquidating Agent and Approving
        Agency Agreement                                        28
20
     Motion for 2004 Examination of Debtors
21      by Rita Ferguson                                        29

22   Motion for 2004 Examination of Debtors
        by Richard Ehster, et al.                               31
23
          Debtors' Exhibit 1                                    32
24

25

4

1                    P R O C E E D I N G S

2     April 20, 2006                                1:00 p.m.

3                          - - -

4          THE COURT:  Good afternoon.  We're here on

5     the case of Winn-Dixie Stores, Inc.

6          The Court has several matters on the

7     agenda.  The Court intends to follow the agenda

8     unless anybody has another suggestion or

9     comment.

10         There being none, the first matter is a

11    motion to enter into surety agreement with RLI

12    Insurance.

13         MR. BUSEY:  Thank you, Your Honor.  Steve

14    Busey on behalf of the debtors.

15         By this motion the debtors ask for authority

16    to enter into an agreement with RLI Insurance

17    Company.

18         The purpose of the agreement is for RLI

19    Insurance Company to provide bonds to the debtors

20    as needed for purposes of compliance with state

21    and federal law, such as the Perishable

22    Agricultural Commodities Act, workman's

23    compensation regulations and utility

24    requirements.

25         RLI has agreed to provide these bonds based

1    upon a two-percent fee and to require merely 100-

2    percent collateral as opposed to most of

3    insurance companies which are asking for 125-

4    percent collateral, with a minimum premium

5    commitment of $120,000.

6         The debtors have shopped this.  I feel these

7    terms are the best they could reach for these

8    bonds, and ask the Court to approve the

9    agreement.  There are no objections.

10        THE COURT:  Any other comments?

11        There being none, the Court will approve the

12   agreement and grant the motion.

13        MR. BUSEY:  I'll hand up an order.

14        THE COURT:  There's no agreement attached to

15   this order.  It says there's supposed to be an

16   Exhibit A.

17        MR. BUSEY:  The order says it's attached to

18   the motion as Exhibit A, Your Honor.

19        THE COURT:  Very well.

20        The order is signed.  This matter is

21   concluded.

22        The next item is a motion for authority to

23   reject nonresidential real property lease.

24        MR. BUSEY:  Your Honor, by this motion the

25   debtors seek to reject the lease for a store in

6

1    Chesapeake, Virginia, Store Number 997.  The

2    lease payments are approximately $503,000 a

3    year.

4         The debtors have exited this market and have

5    no further stores in Virginia.

6         The delay in reaching this rejection was

7    because we had to reach an agreement with a

8    subtenant.  We've done that and we're prepared to

9    reject the lease, and we ask the Court to approve

10   the rejection.

11        THE COURT:  Any objections or comments?

12        There being none, the Court will grant the

13   motion.

14        Do you have an order?

15        MR. BUSEY:  Yes, sir.

16        THE COURT:  The order is signed, and this

17   matter is concluded.

18        The next item, motion for order authorizing

19   rejection of lease termination agreements.

20        MR. BUSEY:  Your Honor, by this motion the

21   debtors seeks Court authority to reject seven

22   lease termination agreements that the debtors --

23   they're identified on Exhibit A to the motion.

24   They are lease termination agreements the debtors

25   entered into prepetition with termed payouts.

7

1          The debtors believe it's in their best

2     interest to reject these lease termination

3     agreements and seek authority to do so by this

4     motion.   There are no objections.

5          THE COURT:  Any other comments?

6          There being none, Court will grant the

7     motion.

8          The order is signed, and this matter is

9     concluded.

10         The next item is application to approve

11    supplement to debtors' retention of the

12    Blackstone Group.

13         MR. BUSEY:  Your Honor, I think the Court is

14    aware that the Blackstone Group serves as

15    financial advisors to the debtors pursuant to a

16    retention that has been previously approved by

17    this Court, or by the court in New York,

18    actually, before this case was transferred.

19         Subsequent to the commencement of the case,

20    the debtors have decided to sell their Bahamian

21    operations, which are conducted through a

22    nonfiled subsidiary.

23         In fact, the debtors have filed a motion

24    which is set for hearing on May 18 to approve the

25    debtor, Winn Dixie Stores, Inc., exercising its

1  consent as a shareholder to the sale of

2  substantially all the assets of a nonfiled

3  subsidiary.

4      Blackstone Group assisted the debtors with

5  this transaction.  The proposed transaction will

6  bring $50 million into the estate.  The contract

7  has been signed and filed with the Court with

8  that motion.  It's subject to higher and better

9  offers.  The bidding requires the offers to be in

10  by May 11th.

11      There will be an auction on May 15th, and

12  the Court will hear that matter on May 18th.

13      By this motion the debtors seek authority to

14  supplement the Blackstone retention to compensate

15  Blackstone for their services in connection with

16  that transaction.

17      The compensation has been negotiated among

18  the debtors, the committee and Blackstone.  It's

19  $1,125,000 upon the consummation of the

20  transaction and only upon the consummation of the

21  transaction.  That represents a fee of

22  approximately two percent.

23      The services provided by Blackstone in

24  connection with the transaction included

25  preparing the marketing materials; contacting

1    potential buyers; assisting the potential buyers

2    with their due diligence efforts; evaluating the

3    competing offers, including valuations,

4    contingencies and financing requirements;

5    negotiation of the definitive documentation; and

6    the conducting of the auction process.

7         As I said, this fee has been negotiated

8    among Blackstone, the committee and the debtors.

9    We believe it's in the debtors' best interest to

10   approve the retention modification and to approve

11   the fee, which is contingent upon the transaction

12   closing.

13        THE COURT:  Any objections or comments?

14   There being none, the Court will approve the

15   supplement.

16        MR. BUSEY:  I have a proposed order.

17        THE COURT:  The order is signed, and this

18   matter is concluded.

19        Next item, motion for fifth extension of

20   exclusive period for filing Chapter 11 plans and

21   obtaining acceptances.

22        MR. BUSEY:  Your Honor, by reason of prior

23   orders of this Court, the period within which the

24   debtors have the exclusive right to propose a

25   plan of reorganization in these cases expires

1   today, April 20th, and the period within which

2   the debtors have the exclusive right to solicit

3   acceptances of that proposed plan expires June

4   1.   These are the periods of exclusivity

5   prescribed by Section 1121 of the Bankruptcy Code

6   and as extended by this Court's prior orders.

7       By this motion the debtors ask the Court to

8   further extend those dates for approximately 70

9   days, an exclusive period to propose the plan

10  through June 29th and an exclusive period within

11  which to solicit acceptances of that plan through

12  August 29th.

13      As the debtors have previously informed the

14  Court, the reason for these last several

15  extensions and this extension is because the

16  debtors have substantially completed the

17  reorganization process of its business operations

18  and are fine-tuning that now.

19      The debtors have provided a business plan to

20  the creditor constituencies and have had

21  negotiations with the creditor constituencies.

22      A material issue within those negotiations

23  has been whether or not -- how creditors should

24  receive distributions based upon which of the

25  affiliated debtors they are creditors and what

11

1    those respective distributions should be, or

2    whether in the alternative these estates should

3    be substantively consolidated and the claims of

4    unsecured creditors be treated uniformly

5    throughout all the debtors.

6        Depending on which way that issue is

7    resolved, some creditors will be advantaged and

8    some creditors will be disadvantaged, and the

9    creditor constituencies are therefore divided on

10   whether or not these cases should be

11   substantively consolidated or not.

12       Whether they should be or may be, based upon

13   the fact of these cases and the applicable juris

14   prudence, is indeed a very litigable question.

15   It's not black or white, it's gray.  And there's

16   enough money involved that it justifies

17   litigation in the eyes of the disadvantaged

18   creditors.

19       We could spend about a year or two

20   litigating that issue in this Court if we

21   litigated it to resolution, and the debtors

22   believe that, because it's a material litigable

23   issue, it justifies and deserves and cries out

24   for compromise.

25       The debtors have provided leadership within

12

1    the creditor constituencies to try to reach a

2    compromise that makes sense to all the creditor

3    constituencies.

4          As you will see from the responses filed to

5    this request by the committee itself, which is

6    divided on this issue, and by constituencies of

7    the committee, for example the ad hoc trade

8    vendor committee on the one hand and Wilmington

9    as the indentured trustee for the bondholders on

10   the other hand, all three of those groups have

11   filed responses supporting the debtors' request

12   for the extension of exclusivity.

13         The reason they are supporting this is

14   because they, too, are -- they're receiving

15   information from us, they're talking among

16   themselves, and they hope to reach a consensual

17   resolution.

18         It is the debtors' present intention, if

19   we're not able to reach a compromise on this

20   issue, to go ahead by June 29th and file a plan

21   proposing a compromise, soliciting acceptance of

22   it and seeking confirmation of it even over the

23   objection of dissenting creditor constituencies.

24         But we hope to propose a plan in that event

25   that is fair and equitable as a compromise of the