26

1      The only two written objections of record to

2    this motion were the subject of discussions

3    between myself and counsel for each of the

4    objectors.  I've been authorized by each of those

5    attorneys to represent to the Court that their

6    objections have been resolved and that their

7    objections are deemed to be withdrawn.

8      We therefore request the Court to enter an

9    order granting our motion at this time.

10     THE COURT:  Anyone here has any objections

11   or comments?

12     There being none, Court will grant the

13   motion.

14     Order is signed, and this matter is

15   concluded.

16     Next item is the seventh omnibus objection

17   to overstated claims filed by the debtors.

18     MR. POST:  Yes, Your Honor.

19     In the debtors' seventh omnibus objection to

20   claims, we were targeting what we call overstated

21   claims.  These objections were, of course,

22   properly served on the parties identified in the

23   objection.

24     We did receive responses from numerous

25   people, formal and informal.  Those responses, to

1    the extent they could not be resolved, have been

2    in effect carved out of the proposed order that

3    we have for the Court today so that the claimants

4    who we could not reach an agreement with, our

5    objection will not affect their safety claim at

6    this time in any way.

7        And with that, with those agreements, there

8    are no remaining objections to the entry of the

9    order sustaining these objections, Your Honor.

10        THE COURT:  Does the order spell out the

11   individuals whose objections are not being dealt

12   with, whose responses are not --

13        MR. POST:  Yes, sir, it does expressly, by

14   name and by docket number or claim number.

15        THE COURT:  Any other comments or

16   objections?

17        There being none, the Court will sustain the

18   objection.

19        The order is signed, and this matter is

20   concluded.

21        The next item is the motion for leave to

22   file proofs of claim without prejudice filed by

23   the Florida Tax Collectors.

24        MR. POST:  Your Honor, the debtors and the

25   movant have agreed to continue the hearing on

28

1    this motion to May 4, 2006.  And we've reached

2    the same agreement with respect to the next item

3    on the agenda as well.

4         THE COURT:  This matter is continued to May

5    4th, 2006.  The announcement is made in open

6    court and no further notice need be given.

7         The motion for adequate protection has also

8    been agreed --

9         MR. POST:  Yes, sir.

10        THE COURT:  The motion for adequate

11    protection filed by Florida Tax Collectors is

12    being continued to May 4 at 1:00 o'clock.  The

13    announcement is made in open court and no further

14    notice need be given.

15        The next item is the amended motion for an

16    order authorizing the debtors to retain

17    liquidating agent and agreement, and authorizing

18    the debtors to sell merchandise.

19        MR. POST:  Mr. Busey will handle that, Your

20    Honor.

21        THE COURT:  Very well.

22        MR. BUSEY:  Your Honor, this matter is on

23    the calendar because of an objection that was

24    filed by Hecht Properties, Limited.  And Hecht

25    Properties, Limited has withdrawn its objection

29

1    that was filed I think just this week.  And for

2    that reason we ask the Court to enter an order

3    upon withdrawal approving the motion.  The docket

4    number for the withdrawal is 7289.

5         THE COURT:  I have a copy of it.  Thank

6    you.

7         Any other objections or comments?

8         There being none, the Court will grant the

9    motion.

10        Do you have an order?

11        MR. BUSEY:  Yes, sir.

12        THE COURT:  This order is signed and the

13   matter is concluded.

14        The next matter is a motion for a 2004

15   Examination of the debtor by Rita Ferguson.

16        Yes, sir.

17        MR. MCCONNELL:  Thank you, Your Honor.  May

18   it please the Court, Jerrett McConnell appearing

19   on behalf of Rita Ferguson.

20        THE COURT:  It's your motion.

21        MR. MCCONNELL:  Yes, Your Honor.

22        At this time, my cocounsel, George Douglas,

23   spoke with Mr. Busey, and we have agreed to table

24   this motion until a pending report by Milbank

25   Tweed is filed, so that there may be some issues

1      in that report that are similar and we feel it

2      would be appropriate to table that motion until

3      that time.

4           THE COURT:  Mr. Busey, is that your

5      agreement?

6           MR. BUSEY:  Yes, Your Honor.  I spoke to Mr.

7      Douglas.  I have not had a conversation with Mr.

8      McConnell about this, but I've spoke to Mr.

9      Douglas, who is his cocounsel.

10          When the debtor received this motion for a

11     2004 Examination, we could tell from the content

12     of the examination that it was regarding matters

13     which were identified in the request for the

14     appointment of an examiner that had been filed by

15     the former official equity committee.

16          And there's approximately 14 items which

17     were the subject of a requested examination of

18     the debtor by the equity committee.

19          When the equity committee was disbanded by

20     agreement among the debtors, the official

21     committee of unsecured creditors and the U.S.

22     Trustee, the committee's counsel, Milbank Tweed,

23     undertook its own examination of the debtors

24     regarding all of those matters, and has completed

25     their investigation and is in the process of

31

1    preparing a report.

2         When I informed Mr. Douglas this was

3    happening and that this very inquiry had already

4    taken place and that Milbank was completing its

5    report, he agreed to stand down and to postpone

6    this matter until further notice by either party

7    in anticipation of receiving and evaluating

8    Milbank Tweed's report, and for that reason we

9    agree that the matter may be continued.

10        THE COURT:  This matter will be continued

11   until further notice by either party.

12        Mr. Readdick, you will note that on the

13   docket.

14        This matter is concluded.

15        The next item is a motion for a 2004

16   Examination by Richard Ehster.

17        Mr. McConnell, I believe that's your

18   motion.

19        MR. MCCONNELL:  Yes, Your Honor, it is.

20   Once again, Jerrett McConnell appearing on behalf

21   of Mr. Ehster, Gary Osborne, Scott Hunt, Stan

22   Timbrook and John Gardner.

23        Your Honor, just to preface the argument, we

24   felt that the issues in this 2004 Examination

25   were significantly different from those in the

1    other 2004 Examination.  That's why we decided to

2    continue to prosecute this motion.

3         In preparing for this motion, it is my

4    thought that there really are no facts in

5    dispute, and so I have prepared this for

6    argument, legal argument basis, and am ready to

7    proceed on that basis.

8         THE COURT:  Any objection to him proceeding

9    with his argument?

10        MR. BUSEY:  We have some evidence, Your

11   Honor.

12        THE COURT:  I'll listen to your evidence,

13   and then I'll listen to your argument.

14        MR. MCCONNELL:  Yes, Your Honor.

15        MR. BUSEY:  We have an exhibit.

16        MR. MCCONNELL:  Your Honor, I have reviewed

17   the exhibit and have no objection.

18        THE COURT:  It's admitted into evidence as

19   previously numbered.

20                    (Whereupon, the document

21                    previously marked as Debtors'

22                    Exhibit 1 for identification was

23                    received in evidence.)

24        THE COURT:  Anything further?

25        MR. BUSEY:  That concludes our evidence,

1    Your Honor.

2         THE COURT:  Pass up the evidence.

3         MR. BUSEY:  Your Honor, for the record, what

4    we've marked as Debtors' Exhibit 1 is a letter

5    from Milbank Tweed, dated January 26, 2006, to

6    the United States Trustee identifying the scope

7    of the investigation that is being undertaken by

8    the unsecured creditors committee and identifying

9    12 subject matters of the inquiry.  These are the

10   same 12 subject matters which had been requested

11   by the official equity committee.

12        Because of the issues we anticipate with the

13   plan, that is, wanting to get releases of

14   officers and directors of the debtor as a part of

15   the confirmation of the plan, we knew that these

16   matters needed to be inquired into and looked

17   into so that we could secure those releases, and

18   that's why the debtors worked constructively with

19   the creditors committee and with the U.S. Trustee

20   Trustee to cause this investigation to take

21   place.

22        Milbank Tweed has completed in large part

23   its investigation.  They have been in

24   Jacksonville interviewing witnesses.  They've

25   gotten thousands of pages of documents.  And

1    we're told they are in the process of writing

2    their report at this point, because it was

3    important that report be done and available to

4    the estate prior to the proposal and confirmation

5    of the plan.

6         We believe that, with a single exception --

7    well, I'm getting into argument.

8         That's what this letter is.  It summarizes

9    what that investigation is.  I'll wait for

10   argument on it.

11        THE COURT:  Mr. McConnell?

12        MR. MCCONNELL:  Thank you, Your Honor.

13        If the Court would indulge me, I'd like to

14   begin with just giving the Court some background

15   information on a retirement benefit that Winn-

16   Dixie provided to certain employees called the

17   Management Security Plan.  After giving the Court

18   the background of that, I'll get into the basis

19   of the motion and why we feel it's important that

20   we be granted a 2004 Examination.

21        The Management Security Plan was an employee

22   benefit that was established by Winn-Dixie in the

23   early '80s.

24        The basis of the plan was this:  In exchange

25   for the employee having a certain percentage of

1    his wages deducted from each paycheck, Winn-Dixie

2    would set up what was basically a life insurance

3    policy.

4         There was a fixed benefit period based on

5    the amount of contribution from age 65 to 75, and

6    then there's also a death benefit component to

7    the benefit.

8         When retirees got involved with this plan,

9    they were very excited about it.  It was a good

10   benefit, and many people have benefited greatly

11   from this plan.

12        But, basically, one of the key components of

13   the plan was that the monies that were deducted

14   from the employees' paychecks were put into

15   reserve, and that money was secured by whole life

16   insurance policies taken out on the employee

17   naming Winn-Dixie as the beneficiary of the death

18   benefit.

19        That's basically the scope of what the plan

20   was and what it was supposed to provide to the

21   retirees.

22        Many of the participants in this plan,

23   because of the nature of the plan, decided to

24   forego getting their own term life insurance

25   policies and have been relying on the solvency of

36

1    this plan to provide their family and their

2    beneficiaries benefits upon their death.

3        That is the MSP plan, and that's what we're

4    talking about here today.  That's why we're

5    filing this motion.  And this is really what the

6    movants are concerned with.

7        Your Honor, we felt that we had to file this

8    motion for a 2004 Exam because, from our point of

9    view, there's a history of withholding

10   information from our constituency.

11       In the beginning of this case, if the Court

12   will remember, Mr. Ehster and others moved this

13   Court to either appoint himself or another

14   retiree to the official committee of unsecured

15   creditors, or, in the alternative, to establish a

16   second creditors committee to give these plan

17   participants a voice in these proceedings, and

18   the Court saw fit to deny that motion at that

19   time.

20       Since that time we've also had hearings

21   regarding the equity committee that were sealed,

22   and though I was allowed to view the documents,

23   the debtors refused to allow any of the retirees

24   or any subcommittees access to the information so

25   that they could converse with me and we could

1    formulate a plan of action.

2        The evidence that Mr. Busey provides to the

3    Court first solidifies the position that we're

4    being kept out of the loop, Your Honor.

5        If you review the letter, you'll see that

6    the parties noticed in the letter, U.S. Trustee's

7    is involved:  We're going to have an

8    investigation.

9        The debtor is involved:  Yes, let's have

10   this investigation.  We think Milbank Tweed can

11   do it.

12       There's no mention of any of our

13   constituency.

14       We have things to contribute to this case.

15   We have information that could be very beneficial

16   to the investigation.

17       This whole case, I've felt like a little kid

18   at the back of the crowd trying to get a view of

19   the parade, and as it comes by I'm jumping up and

20   down just trying to get a view and I'm excluded.

21       That's the way my constituencies feels, Your

22   Honor, so that's why we filed the motion.

23       The debtor references the fact that there's

24   a pending investigation and report that will be

25   coming from Milbank Tweed regarding many issues,

38

1    and most of those issues that were raised by the

2    equity committee.

3         Once again, there's no guarantee that my

4    clients will be granted access to that

5    information.  The letter references it, and I've

6    been told by counsel that there is a possibility

7    that this will be filed under seal, once again

8    excluding my clients.

9         This motion is necessary because Winn-Dixie,

10   we believe, had a fiduciary duty to the plan

11   participants.

12        These men and women are in a unique creditor

13   situation, Your Honor.  They took their wages and

14   turned them over in trust to Winn-Dixie to be

15   used to provide a death benefit and a fixed

16   benefit, and we believe, Your Honor, that that

17   creates a unique relationship that the creditors

18   committee cannot look out for and really doesn't

19   understand; they're not a part of that.

20        We believe that at the very least there's a

21   fiduciary duty, and there may be a higher duty

22   that was violated here.

23        Really, Your Honor, the plan participants

24   want to know what Winn-Dixie is going to do with

25   what they were told the whole time they worked at