## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## AD HOC TRADE COMMITTEE'S MOTION TO FILE DOCUMENTS IN SUPPORT OF ITS MOTION FOR ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE SUBSTANTIVELY CONSOLIDATING DEBTORS' ESTATES UNDER SEAL

The Ad Hoc Trade Committee (the "Trade Committee") for Winn Dixie Stores, Inc., et al., (the "Debtors"), by its attorneys DLA Piper Rudnick Gray Cary US LLP, submits this motion for an order authorizing it to file documents in support of its Motion For Order Pursuant To Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates (the "Sub Con Motion") under seal pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure, and respectfully states as follows:

### Background

1.     On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' cases are currently being jointly administered for procedural purposes only.

2.     On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Official Committee") to serve in these cases.  The Official Committee

currently consists of seven (7) members.  Of these members only two (2) are the holders of prepetition trade claims.

3.      An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

### The Trade Committee

4.      On or about March 22, 2006, the Trade Committee was reformed and reactivated to investigate substantive consolidation issues from the perspective of the Debtors' trade creditors.  The current members of the Ad Hoc Trade Committee are as follows: ASM Capital, Amroc Investments, LLC, Avenue Capital Group, LCH Opportunities, LLC, DellaCamera Capital Management, LLC, Contrarian Capital Management, LLC, Longacre Fund Management, LLC, ConAgra Foods, Inc., The Procter & Gamble Distributing Co., S.C. Johnson & Son, Inc., Conopco, Inc., Madison Capital Management, VR Capital Group, Ltd., and General Mills, Inc.  The Trade Committee members hold approximately $70 million in unsecured claims, relating to goods and sold delivered to the Debtors, services rendered to the Debtors and rejection of leases.

5.      The Trade Committee informally requested that the Debtors provide documentation relating to their business, which documents are relevant to a substantive consolidation analysis.  On March 30, 2006, counsel to the Debtors and the Trade Committee entered into a confidentiality agreement to facilitate the Trade Committee's investigation (the "Confidentiality Agreement").  The Debtors would not have produced documents to the Trade Committee absent the Trade Committee entering into the Confidentiality Agreement.

6.      On May 11, the Trade Committee filed the Sub Con Motion.  In support of the Sub Con Motion, the Trade Committee has prepared a brief in support of the Sub Con Motion (the "Brief") and an affidavit of M. Freddie Reiss (the "Reiss Affidavit").  The Brief and the Reiss Affidavit are in part based upon non-public, confidential and proprietary information about the Debtors that has been voluntarily disclosed to the Trade Committee by the Debtors, but that are subject to the Confidentiality Agreement.

7.      The Trade Committee intends to serve notice of the Sub Con Motion on all creditors of the Debtors, to the extent practicable.

### Cause Exists To File The Brief and Reiss Affidavit Under Seal

8.      The Brief and the Reiss Affidavit are based in part on non-public, confidential and proprietary information about the Debtors that has been information voluntarily disclosed to the Trade Committee by the Debtors, but that is subject to the Confidentiality Agreement with the Debtors.  The relief requested is necessary to preserve the confidentiality of such information.   Thus, the Trustee respectfully requests that the Court enter an order authorizing the Brief and Reiss Affidavit be filed under seal.

9.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that provide for the nondisclosure of confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)      protect an equity with respect to a trade secret or confidential research, development, or commercial information
>  . . . .

11 U.S.C. § 107(b).

10.      Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]

Fed. R. Bankr. P. 9018 (emphasis added).

11.      Based upon these provisions, courts have entered orders limiting access to filed documents where parties have demonstrated good cause. See, e.g., In re Epic Assoc. V., 54 B.R. 445, 450 (Bankr. E.D. Va. 1985); In re Nunn, 49 B.R. 963, 964-65 (Bankr. E.D. Va. 1985). Courts may deny access to judicial documents when open inspection may be used as a vehicle for an improper purpose. In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (citing Nixon v. Warner Comm'n. Inc., 435 U.S. 589, 597 (1978)).  Commercial information need not rise to the level of confidentiality of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Id. at 28.

12.      The Trade Committee submits there is both good cause for, and no prejudice resulting from, the granting of the instant motion.  Most of the information on which the Brief and Reiss Affidavit is based is subject to the Confidentiality Agreement.  Furthermore, there is no prejudice because notice of the Sub Con Motion will be sent to all creditors (to the extent practicable).  Any creditor who seeks to review the Brief or the Reiss Affidavit should contact counsel to the Trade Committee and the Debtors to enter into appropriate confidentiality agreements before reviewing same.

13.      Based upon the foregoing, the Trade Committee submits the relief requested herein is necessary and appropriate, is in the best interests of the Debtors and creditors, and should be granted in all respects.

## <u>REQUEST FOR EXPEDITED TELEPHONIC HEARING</u>

14.     Pursuant to that certain Order (A) Establishing Notice Procedures On A Final Basis And (B) Continuing Hearing With Respect To Scheduling Omnibus Hearings entered in this case on March 3, 2005, motions are to be filed and served at least twenty (20) days prior to the anticipated hearing date on such motions.

15.     The relief herein may be granted without notice pursuant to Bankruptcy Rule 9018.  The Trade Committee requests that the instant motion be considered on an expedited basis, and heard by telephone conference if necessary.  The Court has the power to shorten notice pursuant to Federal Rule of Bankruptcy Procedure 9006(c).

16.     No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the Trade Committee requests that the Court enter an order (a) authorizing the Brief and the Reiss Affidavit to be filed under seal; and (b) granting such other relief as is just.

Dated:   New York, New York
         May 11, 2006

                              DLA PIPER RUDNICK GRAY CARY US LLP

                              By: /s/         Thomas R. Califano
                                    Thomas R. Califano
                                    Vincent J. Roldan
                                    1251 Avenue of the Americas
                                    New York, NY 10020-1104
                                    Telephone:  (212) 835-6190
                                    Facsimile:  (212) 835-6001

                                          - and -

                              By: /s/         Mark J. Friedman

Mark J. Friedman
Daniel Carrigan
Janice L. Duban
6225 Smith Avenue
Baltimore, MD 21209
Telephone:  (410) 580-4153
Facsimile:  (410) 580-3001

- and -

By: _____/s/___Philip V. Martino_____
           Philip V. Martino
      Florida Bar Number 079189
      101 East Kennedy Boulevard, Suite 2000
      Tampa, FL 33602-5149
      Telephone:  (813) 229-2111
      Facsimile:  (813) 229-1447

Attorneys for Ad Hoc Trade Committee of Winn-
Dixie Stores, Inc., et al.