# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| WINN-DIXIE STORES, INC., | : | Case No. 05-03817-3F1 |
| et al., | : | Jointly Administered |
| | : | |
| Debtors. | : | |

## AMENDED
## MOTION TO ALLOW LATE FILED CLAIM

The City of Norfolk (the "City"), by and through the undersigned counsel, hereby files this Motion to Allow Late Filed Claim (the "Motion"), and in support thereof presents unto this Honorable Court as follows:

## BACKGROUND

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (the "Debtors"), filed a voluntary petition for protection under Chapter 11 of the U. S. Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. By Order entered by that Court dated April 13, 2005, venue for all successive actions in the case was transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

3. In May 2005, the Notice of Deadline Requiring Filing of Proofs of Claim, setting a bar date.

4. Debtors closed its operating store in Norfolk, Virginia, in September 2004.

5. Insofar as the City could determine, the Debtors maintained no assets in the City after the September 2004 closure; accordingly, electronically maintained tax accounts were closed.

6. On March 1, 2005, the City received from John Taylor, Property Tax Manager for the Debtors its business personal property tax return for the year 2005, dated March 1, 2005 (the "Return"). Telephone calls from City personnel to John Taylor followed in an attempt to determine if an error had been made in generating the return, or if no error, the location of the property the subject of the return. Through the passage of much time, City personnel were informed that the Debtors had allowed some property to remain on the store premises in a storage condition. The City accepted this explanation, made the statutorily required tax assessment, and the Debtors' tax account was reactivated. On March 2, 2005, personnel from counsel's office accessed the Court's website and determined that Debtors had filed a petition under Chapter 11.

7. The City received no notice of Debtors' Chapter 11 filing. A subsequent review of Debtors' schedules shows that the City is not listed as a Creditor.

8. On April 18, 2006, the Debtors filed its Omnibus Objection to Tax Claims and Motion for Order to determine Tax Value and Tax Liabilities (the "Omnibus Objection"). Subsequently, the City received notice of the Omnibus Objection, which notice was forwarded to the Department of Law, its counsel. This was the first notice of Debtors' bankruptcy filing received by the City. Debtors' Omnibus Objection repeatedly

refers to "Taxing Authorities' Claims" and lists the City on Exhibit A as a Taxing Authority, and as having a claim of $23,944.28.

9. On April 18, 2006, the governmental unit Bar Date had long since expired.

10. The City seeks entry of an Order allowing the City's claim, attached hereto as Exhibit A, as timely filed in the Debtors' bankruptcy case.

11. Rule 3003 (c), Federal Rules of bankruptcy Procedure ("Bankruptcy Rule") provides that this Court "for cause shown may extend the time within which proofs of claim or interest maybe filed."

12. The doctrine of "excusable neglect" under Bankruptcy Rule 9006(b) (1) provides for the allowance of late filed claims, in Chapter 11 filings. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership,* 113 S.Ct. 1489, 507 U.S. 380,123 L.Ed.2d 74 (1993) (creditors' failure to timely file proof of claim was result of excusable neglect, warranting allowance of late claim); see also In re Pappalardo, 210 B.R. 634 (Bankr. S.D. Fla. 1997). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including: (1) the danger of prejudice to the Debtors, (ii) the length of the delay and its potential impact on the judicial proceedings, (iii) the reason for the delay, including whether it was in the reasonable control of the movant, and (iv) whether the movant acted in good faith." *In re Harrell,* 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005).

13. The delay in filing the City's claim falls within the purview of excusable neglect. The City failed to file a proof of claim simply because it had received no notice from the Court of Debtors' Chapter 11 filing. The City was not included in any

of the Debtors' schedules. The first official notice received was in the form of Debtors' Omnibus Objection. On receipt of the Omnibus Objection, the City took every reasonable action to protect its interests. The Debtors closed its stores in the City months before its Chapter 11 petition was filed. Since its 2004 tax bill had been paid, there was no reason to maintain in an open status a paid tax account for a company no longer engaged in business within the City. When it was determined that the governmental bar date had expired, discussions were held with the Debtors' counsel to resolve the issues, but without success.

14. Allowance of the City's claim will not materially prejudice the Debtors nor impact this bankruptcy case. There is no doubt that the Debtors have not been aware of the debt owed to the City, nor has the Debtors questioned its validity, except as to its amount. As the Debtors submitted a business personal property tax return, and have listed the claim in its Omnibus Objection, the Debtors cannot claim ignorance or surprise as to the existence of the City's tax claim. Moreover, this Court should weigh the fact that the Debtors have not filed a disclosure and plan off reorganization to date. Given the size of the Debtors and the multitude of creditors, the City's claim represents a small fraction of the amount of claims scheduled and filed in this bankruptcy case. It is unlikely that the Debtors' reorganization strategy will be significantly affected if the City's claim is allowed.

15. In conclusion, this Court should find that circumstances surrounding the filing of the City's claim constitute excusable neglect. The City's claim should be allowed as timely filed.

**WHEREFORE**, the City of Norfolk respectfully requests that this Court enter an Order:

1.) Allowing the City's claim as a late filed claim in the bankruptcy case of the Debtors; and

2.) Granting such other and further relief as this Court deems appropriate under the circumstances.

Dated:   May 12, 2006

Respectfully submitted,

**CITY OF NORFOLK**

/s/ Charles Stanley Prentace
   Charles Stanley Prentace, Esquire
   Deputy City Attorney
   VSB # 15201
   900 City Hall Building
   Norfolk, Virginia 23510
   Telephone: (757) 664-4529
   Facsimile: (757) 664-4201
   E-mail: charles.prentace@ norfolk.gov

   Counsel for the City of Norfolk

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of May 2006, a true copy of the foregoing Motion was served, on all required parties pursuant to Local Rule 7005-3.

/s/ Charles Stanley Prentace
   Charles Stanley Prentace
   Deputy City Attorney

FORM B10 (Official Form 10) (4/01)

| UNITED STATES BANKRUPTCY COURT __Middle__ DISTRICT OF __Florida__ | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Winn-Dixie Stores, Inc. et al | Case Number: 05-03817-3F1 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Treasurer - City of Norfolk

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Treasurer
P. O. Box 3215
Norfolk, VA 23514-3215
Telephone number:

☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
W01291

Check here if this claim ☐ replaces   ☐ amends   a previously filed claim, dated:_____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☒ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: ___ ___ ___
Unpaid compensation for services performed
from _____ to _____
   (date)              (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 28,532.72
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☒ Other  Business personal property
Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ 28,532.72

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 5/11/06 | Charles Stanley Prentace, Deputy City Attorney |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B U S I N E S S   P R O P E R T Y   I N Q U I R Y
(2005)

DATE RECORDED ---- 08/10/99

```
OUNT # --------- W01291
ER NAME -------- WINN DIXIE RALEIGH INC
DING-AS NAME --- WINN DIXIE STORE #979
PERTY LOCATION - 1720 LITTLE CREEK RD E 23518
LING ADDRESS --- JOHN P TAYLOR, CORP TAX MGR / 5050 EDGEWOOD COURT, PO BOX
  CITY & STATE --- JACKSONVILLE, FL 32203-0297
                                     TAX STATUS ---- TAXABLE
ENTIFICATION # -    -    -
                                             COMMENTS
DERAL ID # ------ 56-0670665
-------------------------------------------------------------------
OPERTY TYPE ---- FURNITURE/FIXTURES | PROPERTY ASSESSED VALUE - 598,607
SESSMENT TYPE -- SIGNED RETURN      | PROPERTY TAX ------------ 23,944.28 -
IC   CODE ------ 445299             | PROPERTY FILING PENALTY -
                                    | PROPERTY TAX PAID -------
SINESS LICENSE - NOTREQ             | PROPERTY TAX REFUNDED ---
------------------------------------| PROPERTY TAX DUE -------- 23,944.28
ANNING DISTRICT- 17                 | DATE PROPERTY TAX PAID --
NSUS TRACT ----- 66.02              | DATE PROPERTY TAX DUE --- 06/06/05
NSUS BLOCK ----- 311.0              |
                                    | ASSESSED BY OPERATOR
ILL PRINTED ----- 04/21/06*         |
```

23944.28
2394.43
2194.01
-----------
$28532.72

**2005 RENDITION OF BUSINESS PERSONAL PROPERTY**

# ASSET VALUE SUMMARY
(as of January 1, 2005)

Account W01291
VA-NORFOLK CTY
WINN-DIXIE RALEIGH, INC.

1720 E. LITTLE CREEK ROAD NORFOLK, VA 23510

W01291
673,944


RECEIVED MAR 0 1 2005 By_____

| Asset Category | Cost | Appraisal/Depreciation Method | Market Value |
|---|---|---|---|
| COMPUTERS | 14,922 | VA-NORFOLK CTY-BPP | 5,969 |
| FURN & FIX | 1,317,442 | VA-NORFOLK CTY-BPP | 526,977 |
| MACH & EQP | 164,154 | VA-NORFOLK CTY-BPP | 65,662 |
| Totals | $1,496,518 | | $598,608 |

I affirm that the information contained in this report is accurate and complete to the best of my knowledge and belief and that complete information necessary to identify the property and to determine its ownership, taxability and situs will be made available for inspection to employees of the appraisal district on request.

_____   03/01/05
                                                                                            Date

Contact JOHN TAYLOR, PROPERTY TAX MANAGER, Phone: 904-783-5220 FAX: 904-783-5646 EMAIL:

**Filed By/On Behalf Of**
WINN-DIXIE RALEIGH, INC.
PROPERTY TAX DEPT
5050 EDGEWOOD COURT
JACKSONVILLE, FL 32254-3699

**Filed With**
NORFOLK CITY
COMM. OF THE REVENUE
PO BOX 2260
NORFOLK, VA 23501
Phone: 757-441-2987   Fax: 757-441-1286

1,496,518
× 40%
_____
598,607

Location (PTS):0979, Property Descr:LITTLE CREEK SQUARE, Legal Entity:2024

SSETSUM                                                1                                                03/01/05

**2005 RENDITION OF BUSINESS PERSONAL PROPERTY**

# ASSET VALUE DETAIL

(as of January 1, 2005)
Summarized by Year of Acquisition

**Account W01291**
VA-NORFOLK CTY
WINN-DIXIE RALEIGH, INC.

1720 E. LITTLE CREEK ROAD NORFOLK, VA 23510

| Acq Year | Cost | Index Factor | PV Factor | Adj | Market Value |
|---|---|---|---|---|---|
| COMPUTERS | | VALUATION METHOD: VA-NORFOLK CTY-BPP | | | |
| 2004 and prior | 14,922 | 1.0000 | 40.0% | 1.00 | 5,969 |
| TOTALS for COMPUTERS | $14,922 | | | | $5,969 |
| FURN & FIX | | VALUATION METHOD: VA-NORFOLK CTY-BPP | | | |
| 2004 and prior | 1,317,442 | 1.0000 | 40.0% | 1.00 | 526,977 |
| TOTALS for FURN & FIX | $1,317,442 | | | | $526,977 |
| MACH & EQP | | VALUATION METHOD: VA-NORFOLK CTY-BPP | | | |
| 2004 and prior | 164,154 | 1.0000 | 40.0% | 1.00 | 65,662 |
| TOTALS for MACH & EQP | $164,154 | | | | $65,662 |
| GRAND TOTALS | $1,496,518 | | | | $598,608 |

Location (PTS):0979, Property Descr:LITTLE CREEK SQUARE, Legal Entity:2024

ASSETDET                                1                                03/01/05