## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## NOTICE OF AGREED ORDER
## MODIFYING AUTOMATIC STAY

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Pursuant to Rule 4001(d), Federal Rules of Bankruptcy Procedure, and Local Rule 2002, notice is given of the attached proposed Agreed Order modifying the automatic stay.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2

If no objection to the proposed Agreed Order is filed and served within the time set forth above, the Court will be requested to enter the Order without further notice or hearing.

Dated:  May 12, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By    *s/ D.J. Baker*  <br>      D. J. Baker <br>      Sally McDonald Henry <br>      Rosalie Walker Gray | By    *s/ James H. Post*  <br>      Stephen D. Busey <br>      James H. Post (FBN 175460) <br>      Cynthia C. Jackson |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER MODIFYING AUTOMATIC STAY**

These cases came before the Court upon the Notice of Proposed Agreed Order Modifying the Automatic Stay (the "Agreed Order") filed by the Debtors (Doc. No. ____). The Court finds that (i) the notice of the proposed Agreed Order was served on all interested parties in accordance with Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, and (ii) that no party in interest has filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1. The automatic stay imposed by 11 U.S.C. § 362 is modified for the sole purpose of allowing Jeffrey Lesemann (the "Claimant") to commence and prosecute a civil action against the Debtors in the 15th Judicial District Court in and for the Parish of Lafayette, State of Louisiana ("Louisiana District Court") to liquidate his claims (Claim No. 2958 and Claim No. 5318).

2. The parties agree to participate in a voluntary mediation of Claim No. 5318 and related issues prior to the trial of this case in the Louisiana District Court. This mediation will take place in Lafayette, Louisiana, unless otherwise agreed.

3. The Claimant shall not enforce or execute against the Debtors any judgment obtained as a result of such litigation without further order of this Court. Any such judgment shall be a claim in these Chapter 11 proceedings and shall be treated pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

4. The Claimant shall notify the Louisiana District Court of the Debtors' pending Chapter 11 proceedings and that the Claimant's action is subject to the automatic stay of 11 U.S.C. § 362 as provided herein.

5. Except as modified herein, the automatic stay pursuant to 11 U.S.C. § 362 will remain in full force and effect.

6. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of May, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve a copy of
this Order on all parties who received copies
of the Notice of Proposed Agreed Order
Modifying the Automatic Stay.

529810

2