**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF HEARING AND FILING**

1. Pursuant to the Amended Motion for Order (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claim Bar Date, and (c) Granting Related Relief filed with the Court on April 26, 2006 (the "Motion") (Docket No. 7517), Winn-Dixie, Inc. and its subsidiaries and affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), provide notice of their intent to enter into a lease termination agreement with SC Westland Promenade, L.P., in substantially the form attached, for the Debtors' lease of store number 240 located in Hialeah, Florida for the waiver of any claims for lease rejection damages (the "Sale"). In addition, the Debtors will pay the landlord $5,000 for the landlord's agreement to place a one-year restrictive use on grocery store operations provision in any lease of the property.

**Notice of Hearing**

2. A hearing to approve the Sale is scheduled for **May 18 at 1:00 p.m. E.T.** before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202.

Dated: May 15, 2006.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  *s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Gray | By  *s/ Cynthia C. Jackson*  <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson (FBN 498882) |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (917) 777-2150 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00531609

## LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT ("Agreement") is made and entered this _____ day of May, 2006, by and between WINN-DIXIE STORES, INC., ("Tenant"), and SC WESTLAND PROMENADE LIMITED PARTNERSHIP, ("Landlord").

### WITNESSETH

WHEREAS, on or about October 21, 1993, Tenant and Landlord entered into a lease agreement (the "Lease"), with respect to certain retail space (the "Premises") in a building located in Hialeah, Florida (a/k/a, Store #240) with the following legal description:

Tracts "A","B", and "C" of HIALEAH PROMENADE according to the Plat thereof as recorded in Plat Book 138, at Page 93, of the Public Records of Dade County, Florida. A resubdivision of a portion of the S.W.1/4 of the S.W.1/4 of Section 2- Township 53 South- Range 40 East, and a portion of Tracts 31 & 32 of "Florida Fruit and Company's Subdivision No. 1", lying in the N.W.1/4 of Section 11 – Township 53 South – Range 40 East, recorded in Plat Book 2, Page 17 Public Records Dade County, Florida, City of Hialeah, Dade County, Florida (the "Building");

WHEREAS, Landlord and Tenant desire to terminate the Lease and any and all other agreements relating to the Premises in their entirety, pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, for and in consideration of the foregoing recitals, the payments and mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, Landlord and Tenant hereby agree as follows:

1. **Recitals.** The foregoing recitals are true and correct and are incorporated herein by reference.

2. **Termination.** Subject to the timely making of the Termination Payment pursuant to paragraph 3 below, effective as of May ___, 2006 (the "Termination Date"), the Lease and the leasehold estate created thereby are hereby terminated and are of no further force or effect thereafter. From and after the Termination Date, neither Landlord, Tenant, nor any of Landlord or Tenant's affiliates, subsidiaries, successors, assigns, officers, directors or employees, nor any of their predecessors or successors in interest, shall have any further rights, obligations, responsibilities or duties to the other under the Lease, or any modifications, extensions or amendments thereto. The Landlord hereby acknowledges and agrees that Tenant has fulfilled all of Tenant's covenants and obligations under the Lease with respect to the Premises applicable to the period prior to and including the Termination Date, including the payment of all rent and other amounts due through and including the Termination Date.

3. **Termination Payment.** Upon Landlord's execution of this Agreement, Tenant shall pay to Landlord an amount equal to _____Dollars ($_____) (the "Termination Payment"). The Termination Payment is a

fee for Landlord's release of Tenant from further liability under the Lease, and is not and shall not be considered to be a payment of Rent or Advance Rent under any circumstances.

4. **Release and Indemnification.** Each party to this Agreement, for and on behalf of its officers, directors, shareholders, personal representatives, employees, agents, insurers, affiliates, parent corporations, subsidiaries, predecessors, successors and assigns (each a "**Releasing Party**"), hereby releases, indemnifies and forever discharges the other party, and its officers, directors, shareholders, personal representatives, employees, agents, insurers, affiliates, parent corporations, subsidiaries, predecessors, successors and assigns (each a "**Released Party**" and collectively, the "**Released Parties**") of and from any and all actions, suits, debts, claims, liabilities, controversies, damages and demands, whether in law or in equity, known and unknown, foreseen and unforeseen, or which any officer, director, beneficiary, personal representative, employee, agent, predecessor, successor or assign of a Releasing Party hereafter can, shall or may have against any Released Party or in any way arising out of or related to the Premises, the Amended Lease or the termination thereof (the "**Claims**"). Each party to this Agreement hereby acknowledges and agrees that it is its specific intention, through this Agreement and with the advice of independent counsel of their selection, to fully, finally and forever settle and release all Claims, and agrees to execute such additional documentation as may reasonably be necessary in order fully and properly to effectuate the intent of the parties as set forth in this Agreement. The terms of this paragraph shall survive the termination of the Amended Lease.

5. **Surrender of Property.** Landlord and Tenant acknowledge that Tenant has surrendered and vacated the Premises in accordance with the Amended Lease and this Agreement. Landlord hereby accepts the Premises, including all structures and improvements located thereon, in "AS IS" and "WHERE IS" condition, it being expressly understood that Tenant has made no representations or warranties with respect to such Premises.

6. **Tenant's Release.** Tenant hereby releases all of its right, title and interest in and to the Premises under and by virtue of the Lease and any amendments, renewals or extensions thereof.

7. **Representation and Warranty.** Each party to this Agreement hereby acknowledges and agrees that it has not relied on any representations, warranties, statements, promises or agreements by the other party, express or implied, in executing this Agreement. The terms of this paragraph shall survive the termination of the Amended Lease.

8. **Authority to Execute.** The individuals executing this Agreement on behalf of the parties hereto represent and warrant that they are duly authorized to execute this Agreement on behalf of such party and that such Agreement is binding and enforceable against such party.

9. **No Admission of Liability.** This Agreement shall not be construed as an admission of liability on the party of any of the parties.

10. **Severability.** Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail, but the provisions of this Agreement which are affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. Notwithstanding the foregoing, upon any finding by a court of competent jurisdiction that this Agreement is illegal, void, unenforceable or invalid, each of the parties hereto hereby agrees to execute a release and waiver of all Claims that is legal, valid and enforceable.

11. **Modifications and Amendments.** No amendment, change or modification of this Agreement shall be valid unless in writing and signed by each of the parties hereto.

12. **Successors and Assigns.** All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the parties hereto and their respective heirs, legal representatives, successors, and assigns.

13. **Entire Agreement.** This Agreement constitutes the entire understanding and agreement of the parties hereto with respect to its subject matter, and any and all prior agreements, understands and representations with respect to its subject matter, whether written or oral, express or implied, are hereby terminated and are of no further force and effect.

14. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall for all purposes be deemed an original and all of which together shall constitute one and the same instrument.

15. **Governing Law.** This Agreement shall be governed under the laws of the State of Florida.

16. **Venue.** Any dispute arising under this Agreement shall be litigated in the Bankruptcy Court of the Middle District of Florida, Jacksonville Division.

17. **Bankruptcy Court Approval.** This Agreement shall only become binding on the parties in the event it is approved by a final non-appealable order entered by the Bankruptcy Court currently presiding over the Tenant's Bankruptcy proceedings.