**Hearing Date: June 1, 2006, 1:00 p.m.**
**Objection Deadline: May 26, 2006, 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT**
**NON-RESIDENTIAL REAL PROPERTY MASTER LEASE AND**
**SUBLEASE (II) TO ESTABLISH BAR DATE FOR ANY REJECTION**
**DAMAGE CLAIMS AND (III) GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. §§ 365(a), authorizing the Debtors to reject non-residential real property leases, and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for these leases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

00525334

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered the eighth-largest food retailer in the United States and one of the largest in the Southeast with more than 900 stores.

4. The Debtors have announced and are engaged in a footprint reduction that will result in the sale or closure of 326 stores and related facilities (the "Targeted Stores"). To date, the Debtors have sold more than 100 Targeted Stores and sent rejection notices for another 200 Targeted Stores.

5. On February 22, 1993, one of the Debtors, Winn-Dixie Greenville, Inc. ("WD Greenville") and N.E. Brownyard, an individual ("Brownyard"), entered into a Lease for Store No. 1096, located in Goose Creek, South Carolina. This Lease, together with the Supplemental Lease Agreement, dated March 29, 1994, is collectively the "Master Lease." Pursuant to the terms of the Master Lease, WD Greenville's rent obligation, to Brownyard, is approximately $30,790 a month, inclusive of real estate taxes on the property.

6. WD Greenville subsequently merged into Winn-Dixie Charlotte, Inc. which was later merged into Winn-Dixie Raleigh, Inc., ("WD Raleigh"). On June 1, 2003, WD Raleigh executed a sublease for the premises with World Fitness, Inc. (the "Sublease"). Pursuant to the terms of the Sublease, World Fitness's current rent obligation to WD Raleigh is $17,090 a month, for a monthly shortfall of approximately $13,700.

7. The Debtors have exited this market and no longer need the store. Even when paid by World Fitness, the rent is not sufficient to cover the payments due under the Master Lease. Rejection of the Master Lease and Sublease will save the Debtors estates costs incurred with respect to administrative expenses, including rent, taxes, insurance premiums, and other charges under the Leases in an amount of approximately $13,700 per month.

8. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

00525334

9. The statutory predicates for the relief requested in the Motion are sections 365(a) and 554(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

## Relief Requested

10. By this Motion, the Debtors seek an order of the Court, (i) pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Leases effective as of May 31, 2006, and (ii) establishing a bar date for any of the applicable landlords to file any rejection damage claim arising in connection with the Leases.

## The Leases

11. In the absence of rejection, the Debtors are obligated to continue to pay rent and other charges under the Leases in the amount of approximately $13,700 monthly. The Debtors have concluded that the Leases constitute a burden on the Debtors and their estates, and are not necessary for an effective reorganization. Accordingly, the Debtors seek to reject the Leases.

## Basis for Relief

12. Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re Hardie*, 100

00525334

B.R. 284, 285 (Bankr. E.D.N.C. 1989); *In re Gunter Hotel Assocs.*, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

13. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *Sundial Asphalt Co. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co.*), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Kong*, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. *See In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. *Pubelo Chem, Inc. v. III Enters. Inc. V*, 169 B.R. 551 (E.D. Pa. 1994); *In re Hardie*, 100 B.R. at 287.

14. The Debtors' business judgment supports rejection of the Leases. The Leases are for a store no longer within the continuing footprint of the Debtors. Failure to reject the Leases will result in the Debtors continuing liability for administrative rental expenses.

## **Rejection Damages**

15. Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedures, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the landlord for any of the Leases to file a proof of claim for any rejection damages at 30 days after entry of an order approving the motion.

## **Notice**

16. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the affected landlords of the Leases. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) authorizing the Debtors to reject the Master Lease and Sublease as of June 1, 2006; (ii) establishing a deadline for the landlord to file a rejection damage claim; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 15, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Walker Gray | By  *s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00525334

**Exhibit A**

00525334

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et | *Chapter 11* |
| al., Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' TO REJECT MASTER
LEASE AND SUBLEASE, ESTABLISHING REJECTION
DAMAGE CLAIM BAR DATE AND GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[2], for entry of an order under 11 U.S.C. § 365 authorizing the Debtors to reject a Master Lease and Sublease and pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the applicable landlords must file any claims for rejection damages (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Master Lease and Sublease pursuant to 11 U.S.C. § 365(a). The leases for Stores 1096 and 997 are rejected effective June 1, 2006.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

00525334

2

3. The applicable landlords must file any claims resulting from the rejection of the Leases, if any, no later than thirty (30) days after entry of this Order.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the applicable landlords, whether or not related to the Leases.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated _____, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00525334