**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Winn-Dixie Stores, Inc., et al. | Case No. 05-03817-3F1 |
| | (Jointly Administered) |

**MONTHLY OPERATING STATEMENT FOR THE**
**PERIOD FROM MARCH 9, 2006 TO APRIL 5, 2006**

| | |
|---|---|
| DEBTORS' ADDRESS: | WINN-DIXIE STORES, INC.<br>5050 EDGEWOOD COURT<br>JACKSONVILLE, FL 32254-3699 |
| DEBTORS' ATTORNEYS: | SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM, LLP<br>ATTN: D.J. BAKER<br>FOUR TIMES SQUARE<br>NEW YORK, NY 10036<br><br>SMITH HULSEY & BUSEY<br>ATTN: STEPHEN D. BUSEY<br>225 WATER STREET<br>SUITE 1800<br>JACKSONVILLE, FL 32202 |
| REPORT PREPARER: | WINN-DIXIE STORES, INC. |

THIS OPERATING STATEMENT MUST BE SIGNED BY A REPRESENTATIVE OF THE DEBTOR

The undersigned, having reviewed the attached report and being familiar with the Debtors' financial affairs, verifies under penalty of perjury, that the information contained therein is complete, accurate and truthful to the best of my knowledge.

Date: May 15, 2006                    /s/ Bennett L. Nussbaum
                                      Bennett L. Nussbaum
                                      Senior Vice President and Chief Financial Officer

Indicate if this is an amended statement by checking here          AMENDED STATEMENT _____

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**INDEX TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS AND SCHEDULES**

|  | **PAGE** |
|---|---|
| Financial Statements as of and for the four weeks ended April 5, 2006: | |
| Condensed Consolidated Balance Sheet (Unaudited) | 1 |
| Condensed Consolidated Statement of Operations (Unaudited) | 2 |
| Condensed Consolidated Statement of Cash Flows (Unaudited) | 3 |
| Notes to Condensed Consolidated Financial Statements (Unaudited) | 4 |
| Schedule: | |
| Schedule 1: Total Disbursements by Filed Legal Entity | 10 |

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**CONDENSED CONSOLIDATED BALANCE SHEET (UNAUDITED)**

| Amounts in thousands | April 5, 2006 |
|---|---:|
| **ASSETS** | |
| Current assets: | |
|   Cash and cash equivalents | $ 131,714 |
|   Marketable securities | 14,191 |
|   Trade and other receivables, less allowance for doubtful accounts of $8,936 | 159,604 |
|   Insurance claims receivable | 52,356 |
|   Income tax receivable | 30,382 |
|   Merchandise inventories, less LIFO reserve of $155,205 | 493,889 |
|   Prepaid expenses and other current assets | 46,646 |
|     Total current assets | 928,782 |
| Property, plant and equipment, net | 530,625 |
| Other assets, net | 116,606 |
|     Total assets | $ 1,576,013 |
| **LIABILITIES AND SHAREHOLDERS' DEFICIT** | |
| Current liabilities: | |
|   Current borrowings under DIP Credit Facility | $ 40,552 |
|   Current portion of long-term debt | 228 |
|   Current obligations under capital leases | 3,834 |
|   Accounts payable | 225,492 |
|   Reserve for self-insurance liabilities | 88,642 |
|   Accrued wages and salaries | 77,871 |
|   Accrued rent | 27,608 |
|   Accrued expenses | 111,978 |
|     Total current liabilities | 576,205 |
| Reserve for self-insurance liabilities | 143,744 |
| Long-term debt | 204 |
| Obligations under capital leases | 4,788 |
| Other liabilities | 16,496 |
|     Total liabilities not subject to compromise | 741,437 |
| Liabilities subject to compromise | 1,119,138 |
|     Total liabilities | 1,860,575 |
| Shareholders' deficit: | |
|   Common stock | 141,872 |
|   Additional paid-in-capital | 33,565 |
|   Accumulated deficit | (425,367) |
|   Accumulated other comprehensive loss | (34,632) |
|     Total shareholders' deficit | (284,562) |
|     Total liabilities and shareholders' deficit | $ 1,576,013 |

*See accompanying notes to condensed consolidated financial statements (unaudited).*

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**CONDENSED CONSOLIDATED STATEMENT OF OPERATIONS (UNAUDITED)**

| Amounts in thousands | Four weeks ended April 5, 2006 |
|---|---:|
| Net sales | $ 581,422 |
| Cost of sales, including warehouse and delivery expenses | 425,856 |
|   Gross profit on sales | 155,566 |
| Other operating and administrative expenses | 158,480 |
| Impairment charges | 2,126 |
| Restructuring charges | 340 |
|   Operating loss | (5,380) |
| Interest expense, net | 552 |
|   Loss before reorganization items and income taxes | (5,932) |
| Reorganization items, net expense | 3,700 |
| Income tax expense | - |
|   Net loss from continuing operations | (9,632) |
| Discontinued operations: | |
|   Loss from discontinued operations | (3,776) |
|   Gain on disposal of discontinued operations | 6,835 |
|   Income tax expense | - |
|     Net earnings from discontinued operations | 3,059 |
| Net loss | $ (6,573) |

*See accompanying notes to condensed consolidated financial statements (unaudited).*

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**CONDENSED CONSOLIDATED STATEMENT OF CASH FLOWS (UNAUDITED)**

| Amounts in thousands | Four weeks ended April 5, 2006 |
|---|---:|
| **Cash flows from operating activities:** | |
| Net loss | $ (6,573) |
| Adjustments to reconcile net loss to net cash provided by operating activities: | |
|   Gain on sales of assets, net | (2,853) |
|   Reorganization items, net expense | 3,700 |
|   Depreciation and amortization | 8,083 |
|   Impairment charges | 5,326 |
|   Stock compensation plans | 1,590 |
|   Change in operating assets and liabilities: | |
|     Trade and other receivables | 30,802 |
|     Merchandise inventories | 10,285 |
|     Prepaid expenses and other current assets | 11,125 |
|     Accounts payable | (12,945) |
|     Reserve for self-insurance liabilities | 1,541 |
|     Lease liability on closed facilities | (7,193) |
|     Income taxes receivable | (62) |
|     Defined benefit plan | (125) |
|     Other accrued expenses | 3,775 |
| Net cash provided by operating activities before reorganization items | 46,476 |
| Cash effect of reorganization items | (7,385) |
|   Net cash provided by operating activities | 39,091 |
| | |
| **Cash flows from investing activities:** | |
| Purchases of property, plant and equipment | (3,225) |
| Increase in investments and other assets | (3,241) |
| Proceeds from sales of assets | 3,199 |
| Purchases of marketable securities | (639) |
| Sales of marketable securities | 515 |
| Other | 538 |
|   Net cash used in investing activities | (2,853) |
| | |
| **Cash flows from financing activities:** | |
| Gross borrowings on DIP Credit Facility | 1,072 |
| Gross payments on DIP Credit Facility | (552) |
| Principal payments on long-term debt | (18) |
| Principal payments on capital lease obligations | (119) |
| Other | 213 |
|   Net cash provided by financing activities | 596 |
| | |
| Increase in cash and cash equivalents | 36,834 |
| Cash and cash equivalents at beginning of period | 94,880 |
| Cash and cash equivalents at end of period | $ 131,714 |

*See accompanying notes to condensed consolidated financial statements (unaudited).*

3

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**
**NOTES TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS (UNAUDITED)**
Dollar amounts in thousands except per share data, unless otherwise stated

1. **Background and Basis of Presentation:** Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries (collectively, the "Company") operate as a major food retailer in five states in the southeastern United States and The Bahamas. On February 21, 2005 (the "Petition Date"), Winn-Dixie and 23 of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for reorganization under Chapter 11 of the federal bankruptcy laws ("Chapter 11" or "Bankruptcy Code") in the United States Bankruptcy Court. The filing did not include the Company's operations in The Bahamas. The cases are being jointly administered by the United States Bankruptcy Court for the Middle District of Florida (the "Court") under the caption "In re: Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1."

   The financial statements of the Debtors were presented on a combined basis, which is consistent with consolidated financial statements. Solely for the purposes of this monthly operating report ("MOR"), the accounts of Winn-Dixie and its subsidiaries are included in the accompanying unaudited condensed consolidated financial statements including the subsidiaries that did not file petitions under Chapter 11 of the Bankruptcy Code, W-D Bahamas Ltd. (and its direct and indirect subsidiaries) and WIN General Insurance, Inc. (the "Non-Filing Entities"). As of and for the four-week period ended April 5, 2006, the Non-Filing Entities were not significant to the consolidated results of operations, financial position or cash flows of the Debtors. All significant intercompany transactions and accounts were eliminated in consolidation. The Company's reporting cycle is on a fiscal period basis, each comprised of four weeks.

   The information in this MOR was prepared on a "going concern" basis, which assumes that the Company will continue in operation for the foreseeable future and will realize its assets and discharge its liabilities in the ordinary course of business. Due to the Chapter 11 filings, such realization of assets and liquidation of liabilities are subject to a significant number of uncertainties. Specifically, the Condensed Consolidated Financial Statements do not include all necessary adjustments to present: (a) the realizable value of assets on a liquidation basis or the availability of such assets to satisfy liabilities, (b) the amount that will ultimately be paid to settle allowed liabilities and contingencies or (c) the effect of any changes that may be made in connection with the Company's capitalization or operations as a result of a plan of reorganization.

   In accordance with Statement of Position 90-7 ("SOP 90-7") "Financial Reporting by Entities in Reorganization under the Bankruptcy Code," pre-petition liabilities subject to compromise are segregated in the unaudited consolidated balance sheet and classified as liabilities subject to compromise, at management's estimate of the amount of allowable claims. Revenues, expenses, realized gains and losses, and provisions for losses that result from the reorganization are reported separately as reorganization items in the unaudited consolidated statement of operations. Net cash used for reorganization items is disclosed separately in the unaudited consolidated statement of cash flows.

   These unaudited condensed consolidated financial statements are not intended to present fairly the financial position of the Company as of April 5, 2006, or the results of its operations or its

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**
**NOTES TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS (UNAUDITED)**
Dollar amounts in thousands except per share data, unless otherwise stated

cash flows for the four weeks then ended in conformity with generally accepted accounting principles ("GAAP"), because they do not include all of the information and footnote disclosures required by GAAP for complete financial statements. In the opinion of management, all disclosures necessary for an informative presentation are included herein. The information contained in this MOR (1) has not been audited or reviewed by independent accountants, (2) is limited to the time period indicated and (3) is not intended to reconcile to the consolidated financial statements filed or to be filed by Winn-Dixie Stores, Inc. with the SEC on Forms 10-K and 10-Q.

Preparation of the MOR requires management to make estimates and assumptions about future events that affect the reported amounts of assets, liabilities, revenues and expenses and disclosure of contingent assets and liabilities. The Company cannot determine future events and their effects with certainty, particularly while the Chapter 11 cases are proceeding. Therefore, the determination of estimates requires the exercise of judgment based on various assumptions, and other factors such as historical experience, current and expected economic conditions, and in some cases, actuarial calculations. The Company constantly reviews these significant factors and makes adjustments when appropriate.

The consolidated statement of operations and cash flows for any interim period are not necessarily indicative of the results that may be expected for a full quarter, full year, or any future interim period. While every effort has been made to assure the accuracy and completeness of this MOR, errors or omissions may have inadvertently occurred and the Debtors reserve the right to amend the MOR as necessary. In particular, the Company is in the process of reconciling its pre-petition and post-petition liabilities, and such amounts are subject to reclassification and/or adjustment in the future.

For the reasons discussed above, the Company cautions readers not to place undue reliance upon information contained in the MOR. For further information, refer to the consolidated financial statements and footnotes thereto included in the Annual Report on Form 10-K for the fiscal year ended June 29, 2005, the Quarterly Reports on Form 10-Q for the fiscal quarters ended September 21, 2005, January 11, 2006 and April 5, 2006 and other filings with the SEC.

2. **Proceedings Under Chapter 11 of the Bankruptcy Code:** The Company currently operates the business as debtors-in-possession pursuant to the Bankruptcy Code. As debtors-in-possession, it is authorized to continue to operate as an ongoing business, but may not engage in transactions outside the ordinary course of business without the approval of the Court, after notice and an opportunity for a hearing. Under the Bankruptcy Code, actions to collect pre-petition indebtedness, as well as most other pending litigation, are stayed and other contractual obligations against the Debtors generally may not be enforced. The ultimate recovery by creditors and shareholders, if any, will not be determined until confirmation and implementation of a plan of reorganization. No assurance can be given as to what recoveries, if any, will be assigned in the bankruptcy proceedings to each of these constituencies. While the Company believes its business plan shows that it will be able to reorganize successfully, it also believes

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**
**NOTES TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS (UNAUDITED)**
Dollar amounts in thousands except per share data, unless otherwise stated

that there is no substantial likelihood of a meaningful recovery for existing shareholders under a plan of reorganization. A plan of reorganization could also result in holders of the Company's unsecured debt receiving less, and potentially substantially less, than payment in full for their claims. Ultimately, the value of the Company's common stock, if any, will be determined upon the confirmation of a plan of reorganization. The Company's objective is to negotiate a plan of reorganization that maximizes recoveries for all constituencies and is confirmable under the Bankruptcy Code. Because of such possibilities, the value of the Company's common stock and unsecured debt is highly speculative.

3. **DIP Credit Facility:** Subsequent to the Petition Date, the Court authorized Winn-Dixie Stores, Inc. and five specified debtor subsidiaries to enter into the DIP Credit Facility for payment of permitted pre-petition claims, working capital needs, letters of credit and other general corporate purposes. The obligations under the DIP Credit Facility are guaranteed by all of the Debtors and are secured by a lien on assets of the Debtors, which lien has senior priority with respect to substantially all such assets and by a super-priority administrative expense claim in each of the Chapter 11 cases. The $800.0 million DIP Credit Facility is a revolving credit facility that includes a $300.0 million letter of credit sub-facility and a $40.0 million term loan. This MOR contains only a general description of the terms of the DIP Credit Facility and is qualified in its entirety by reference to the full DIP Credit Facility (filed as Exhibit 10.2 to the Current Report on Form 8-K filed February 24, 2005), the first amendment to the DIP Credit Facility dated March 31, 2005 (filed as Exhibit 10.4 to the Quarterly Report on Form 10-Q for the quarter ended April 6, 2005), the second amendment to the DIP Credit Facility dated July 29, 2005 (filed as Exhibit 10.1 to the Current Report on Form 8-K filed on August 9, 2005), the third amendment to the DIP Credit Facility dated January 31, 2006 (filed as Exhibit 10.1 to the Current Report on Form 8-K filed on February 6, 2006) and the fourth amendment to the DIP Credit Facility dated March 17, 2006 (filed as Exhibit 10.1 to the Quarterly Report on Form 10-Q for the quarter ended April 5, 2006). The following capitalized terms have specific meanings as defined in the DIP Credit Facility, as amended: Agent, Borrowing Base, Reserves, Excess Availability and EBITDA.

At the Company's option, interest on the revolving and term loans under the DIP Credit Facility is based on LIBOR or the bank's prime rate plus an applicable margin. The applicable margin varies based upon the underlying rate and the amount drawn on the facility in relation to the underlying collateral. In addition, there is an unused line fee of 0.375%, a sub-facility letter of credit fee of 1.0%, a standby letter of credit fee of 1.75%, and a letter of credit fronting fee of 0.25%. The DIP Credit Facility contains various representations, warranties and covenants of the Debtors that are customary for such financings, including among others, reporting requirements and financial covenants. The financial covenants include tests of cash receipts, cash disbursements and inventory levels as compared with the rolling 12-week cash forecast provided to the bank group, and EBITDA and capital expenditures tests as compared to monthly projections. At all times, Excess Availability is not permitted to fall below $100.0 million, effectively reducing borrowing availability. As of April 5, 2006, the Company was in

6

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**
**NOTES TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS (UNAUDITED)**
Dollar amounts in thousands except per share data, unless otherwise stated

compliance with these covenants. Borrowing availability was $153.9 million, as summarized below:

|  | April 5, 2006 |
|---|---|
| Lesser of Borrowing Base or DIP Credit Facility capacity (net of Reserves of $238,309, including $215,923 related to outstanding letters of credit) | $ 294,488 |
| Outstanding borrowings | (40,552) |
| Excess Availability | 253,936 |
| Limitation on Excess Availability | (100,000) |
| Borrowing availability | $ 153,936 |

As shown in the table above, availability under the DIP Credit Facility is determined net of Reserves, which are subject to revision by the Agent under the DIP Credit Facility to reflect events or circumstances that adversely affect the value of the Borrowing Base assets. Accordingly, a determination by the Agent to increase Reserves would reduce availability.

4. **Reclassifications:** Certain operating items originally reported in the MORs for the periods from February 22, 2005 to March 8, 2006 may have been reclassified in the current period.

5. **Significant Accounting Policies:** The significant accounting policies are consistent with those listed in the Company's Annual Report on Form 10-K for the fiscal year ended June 29, 2005 and Quarterly Reports on Forms 10-Q for the fiscal quarters ended September 21, 2005, January 11, 2006 and April 5, 2006.

6. **Cash:** As of April 5, 2006, cash consists of cash in stores and ATMs of $7.9 million, cash held in accounts of Non-Filing Entities of $11.8 million and operating cash of $112.0 million.

7. **Liabilities Subject to Compromise:** Under the Bankruptcy Code, actions to collect pre-petition indebtedness, as well as most other pending litigation, are stayed and other contractual obligations against the Debtors generally may not be enforced. The rights of and ultimate payments by the Company under pre-petition obligations will be addressed in any plan of reorganization and may be substantially altered. Pre-petition liabilities subject to compromise are segregated in the balance sheet and classified as liabilities subject to compromise, at management's estimate of the amount of allowable claims.

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**
**NOTES TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS (UNAUDITED)**
**Dollar amounts in thousands except per share data, unless otherwise stated**

As of April 5, 2006, the components of liabilities subject to compromise consisted of:

|  | April 5, 2006 |
|---|---:|
| Senior notes, including accrued interest | $ 310,540 |
| Accounts payable | 308,530 |
| Lease liability on closed facilities and accrued rent | 28,005 |
| Claims from rejected leases | 264,681 |
| Non-qualified retirement plans | 116,598 |
| General liability claims | 64,639 |
| Other liabilities | 26,145 |
| Liabilities subject to compromise | $ 1,119,138 |

Non-qualified retirement plans consisted of the liability related to the Company's management security plan, a non-qualified defined benefit plan, in the amount of $100.1 million and the liability related to the Company's deferred compensation supplemental retirement plan in the amount of $16.5 million.

Under the Bankruptcy Code, the Debtors generally must assume or reject pre-petition executory contracts, including but not limited to real property leases, subject to the approval of the Court and certain other conditions. In this context, "assumption" means that the Company agrees to perform its obligations and cure all existing defaults under the contract or lease, and "rejection" means that it is relieved from its obligations to perform further under the contract or lease, but is subject to a pre-petition claim for damages for the breach thereof subject to certain limitations. Any damages resulting from rejection of executory contracts that are permitted to be recovered under Chapter 11 will be treated as liabilities subject to compromise unless such claims were secured prior to the Petition Date.

Since the Petition Date, the Company has received Court approval to reject a number of leases and other executory contracts of various types. The Company is reviewing all of its executory contracts and unexpired leases to determine which additional contracts and leases it will reject. The Company's deadline to assume or reject each of its real property leases has been extended for a majority of leases to the effective date of a plan of reorganization.  The Company expects that additional liabilities subject to compromise will arise due to rejection of executory contracts, including leases, and from the determination of the Court (or agreement by parties in interest) of allowed claims for contingencies and other disputed amounts. The Company also expects that the assumption of additional executory contracts and unexpired leases will convert certain of the liabilities shown on the accompanying financial statements as subject to compromise to post-petition liabilities. Due to the uncertain nature of many of the potential claims, the Company cannot project the magnitude of such claims with any degree of certainty.

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**
**NOTES TO CONDENSED CONSOLIDATED FINANCIAL STATEMENTS (UNAUDITED)**
Dollar amounts in thousands except per share data, unless otherwise stated

8. **Reorganization items, net:** Reorganization items, net, represents amounts incurred as a direct result of the Chapter 11 filings and was comprised of the following:

|  | Four weeks ended April 5, 2006 |
|---|---:|
| Professional fees | $ 3,755 |
| Lease rejections | 1,636 |
| Employee costs | 554 |
| Other | (2,245) |
| Reorganization items, net | $ 3,700 |

9. **Income taxes:** The Company has established a valuation allowance for substantially all of its deferred tax assets since, after considering the information available, it was determined that it was more likely than not that the deferred tax assets would not be realized. Earnings or losses will not be tax-effected until such time as the realization of future tax benefits can be reasonably assured. Accordingly, the Company did not record any tax benefit or expense during the four weeks ended April 5, 2006.

9

**WINN-DIXIE STORES, INC., et al.**
**CASE NO. 05-03817-3F1**
**JOINTLY ADMINISTERED**

**Schedule 1: Total Disbursements by Filed Legal Entity for the four weeks ended April 5, 2006 (Unaudited)**
Amounts in thousands

| Legal Entity | Case No. | Disbursements |
|---|---|---:|
| Winn-Dixie Stores, Inc. | 05-03817 | $ 385,849 |
| Dixie Stores, Inc. | 05-03818 | - |
| Table Supply Food Stores Co., Inc. | 05-03819 | - |
| Astor Products, Inc. | 05-03820 | - |
| Crackin' Good, Inc. | 05-03821 | - |
| Deep South Distributors, Inc. | 05-03822 | - |
| Deep South Products, Inc. | 05-03823 | 2,792 |
| Dixie Darling Bakers, Inc. | 05-03824 | - |
| Dixie-Home Stores, Inc. | 05-03825 | - |
| Dixie Packers, Inc. | 05-03826 | - |
| Dixie Spirits, Inc. | 05-03827 | 131 |
| Economy Wholesale Distributors, Inc. | 05-03828 | - |
| Foodway Stores, Inc. | 05-03829 | - |
| Kwik Chek Supermarkets, Inc. | 05-03830 | - |
| Sunbelt Products, Inc. | 05-03831 | - |
| Sundown Sales, Inc. | 05-03832 | - |
| Superior Food Company | 05-03833 | - |
| WD Brand Prestige Steaks, Inc. | 05-03834 | - |
| Winn-Dixie Handyman, Inc. | 05-03835 | - |
| Winn-Dixie Logistics, Inc. | 05-03836 | 11,993 |
| Winn-Dixie Montgomery, Inc. | 05-03837 | 42,445 |
| Winn-Dixie Procurement, Inc. | 05-03838 | 244,780 |
| Winn-Dixie Raleigh, Inc. | 05-03839 | 5,070 |
| Winn-Dixie Supermarkets, Inc. | 05-03840 | 224 |
| **Total Disbursements** | | **$ 693,284** |

The obligations of Winn-Dixie Stores, Inc. and its affiliated debtors are paid by and through Winn-Dixie Stores, Inc. notwithstanding the fact that certain obligations may technically be obligations of one or more of the affiliated debtors. Every effort has been made to accurately represent the disbursements made on behalf of each affiliated debtor.