**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                    Chapter 11

WINN DIXIE STORES, INC., et al                           Case No. 05-03817-JAF

            Debtors.                                     (Jointly Administered)
_____/

**FIRST SUPPLEMENT AND AMENDMENT TO OBJECTION BY LANDLORD, T/A**
**WESTERN, LLC,  TO DEBTORS' PROPOSED CURE AMOUNT FOR STORE NO. 217**
**(DOCKET NO. 7401)**

Creditor TA/WESTERN, LLC, the landlord of Store No. 217 (the "Landlord"), files its First

Supplement and Amendment to Objection to Objection to Debtors' Proposed Cure amount for Store No.

217 (Docket No. 7401), and in support of its Objection, alleges:

**BACKGROUND**

1.      On April 11, 2006, the Debtors (Winn-Dixie Stores, Inc. and twenty-three of its

subsidiaries and affiliates; collectively, the "Debtors") filed a Motion for Order (A) Authorizing the Sale

of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B)

Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a

Claims Bar Date and (C) Granting Related Relief [Docket No. 7092] (the "Sale Motion").

2.      On April 28, 2006, the Debtors filed an Amended Motion for Order (A) Authorizing the

Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B)

Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a

Claims Bar Date and (C) Granting Related Relief [Docket No. 7517] (the "Amended Sale Motion").

3.      On April 25, 2006 the Landlord filed its Objection to Debtors' Proposed Cure Amount

For Store Number 217 (the "Cure Objection") [Docket No. 7401].   The Landlord supplements and

amends its Cure Objection by this pleading.

4.      The Debtors operate Winn-Dixie Store No. 217 on the Landlord's property located in

Pompano Beach, Florida.  The Debtor and the Landlord entered into the lease for Store No. 217 on May

10, 1988, as amended, evidenced by (a) the lease dated May 10, 1988, (b) the letter agreement dated January 17, 1989, (c) the Supplemental Lease Agreement dated November 13, 1989, (d) the First Amendment to Lease dated August 1, 1990, and (e) the Second Amendment to Lease dated November 30, 1997 (collectively, the "Lease"), copies of all of which are collectively attached to the Cure Objection as Exhibit "A".

5.      Pursuant to the Debtors' Amended Sale Motion, on Tuesday, May 11, 2006 the Debtors held an auction of the leasehold interests and other assets for thirty-five (35) Winn Dixie store locations, including the one for Store #217.  After the conclusion of that auction the Debtors notified the Landlord that the successful high bidder for Store #217 was Wal-Mart Stores, Inc. and provided the Landlord  with copies of the notice of filing and hearing for the sale of the Lease on Store #217, the form of Asset Purchase Agreement between the Debtors and Wal-Mart, the Wal-Mart financial declaration and the proposed form of order that Debtors intend to submit to the Court at the hearing to approve the sale of the lease on Store #217 scheduled for May 18, 2006.

6.      The documents that the Debtors have provided to the Landlord regarding the proposed sale to Wal-Mart indicate that the Debtors anticipate that the "Closing Date" for the proposed sale of the leasehold to Wal-Mart will be four business days from the date of the approval hearing, or some later date.  When Landlord filed its Cure Objection, it included as cure damages amounts due through the date of the hearing, and reserved the right to amend its cure amounts at any time.

7.      Landlord supplements and amends its Cure Objection by increasing the cure amounts the Debtor must pay for rent, real estate taxes, common area maintenance and other tenant obligations under the lease, pro rated through the "Closing Date," as defined in the Store #217 Asset Purchase Agreement between Wal-Mart Stores, Inc. and Winn-Dixie Stores, Inc.

8.      Exhibit B to Landlord's Cure Objection contains figures sufficient to permit the Debtors to calculate the amount of the per diem accrual for each of the charges included in the cure amount, other

2

than the Landlord's attorneys fees and possible costs.  The Landlord will further supplement and amend its Cure Objection with the amount of the increased cure, including the attorneys' fees and costs, if any, incurred by Landlord when Landlord is notified of the Closing Date.

9.    The proposed closing statement on the closing of Wal-Mart's purchase of the leasehold on Store #217 does not include a line item for an escrow of any cure amount.  The proposed order approving the sale to Wal-Mart provides that the Debtor and Landlord dispute the cure amount and that dispute will be decided by the Court at a hearing at a date and time after the closing.  The Debtor should not be permitted to close the sale of the leasehold on Store #217 without having to escrow a sum sufficient to pay the maximum claimed cure amount.

10.    Landlord reserves the right to supplement the cure amount by an amount equal to sums, if any, by which other tenants in the shopping center where Store #217 is located may reduce their rent by virtue of the Assignee's "go dark" period.

Dated:  <u>May 15, 2006</u>

Respectfully submitted,

**SCRUGGS & CARMICHAEL, P.A.**

<u>/s/ Karen K. Specie, Esquire</u>
**KAREN K. SPECIE, ESQUIRE**
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Facsimile: 352-375-0690
Florida Bar No. 260746
Attorney for Terranova Corp.

**TEW CARDENAS LLP**
**THOMAS R. LEHMAN, P.A.**
**CASANDRA PEREZ, ESQUIRE**
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone:  305-536-1112
Facsimile:  305-536-1116
Florida Bar No. 351318

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing *First Supplement and Amendment to Objection by T/A Western, LLC, to Debtor's Proposed Cure Amount for Store No. 217* was electronically filed with the U. S. Bankruptcy Court on this 15th day of May, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esq.,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

/s/ Terri L. Darden