## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.*, | Case No. 05-03817-3F1 Jointly Administered |
| WINN-DIXIE STORES, INC. | Case No. 05-03817 |
| ("the Debtors") | |
| | Filed Claim No.: <u>12856</u> |

---

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, GROSSMAN-DICKINSON DALTON GEORGIA, LLC C/O GROSSMAN COMPANIES, INC, THE, IN THE ALLOWED AMOUNT OF $350,000.00, TO DELLACAMERA CAPITAL MASTER FUND, LTD.

**To Transferor:**

> GROSSMAN-DICKINSON DALTON GEORGIA, LLC
> C/O GROSSMAN COMPANIES, INC, THE
> ATTN: LOUIS J. GROSSMAN, MANAGER
> 1266 FURNACE BROOK PARKWAY
> QUINCY, MA 02269-0110

PLEASE TAKE NOTICE that the transfer of $350,000.00 of the above-captioned allowed General Unsecured claim has been transferred to:

**Transferee:**

> DellaCamera Capital Master Fund, Ltd.
> c/o Meridian Corporate Services
> 73 Front Street
> P.O. Box HM 528
> Hamilton HM 12, Bermuda

The evidence of transfer of claim is attached hereto. A copy of the order allowing the claim is attached hereto as Exhibit A. The motion to the order allowing the claim is attached hereto as Exhibit B.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                          Case No. 05-03837-3F1

    Winn-Dixie Stores, Inc.               Chapter 11

           Debtor


## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Grossman Dickinson Dalton Georgia LLC c/o The
Grossman Companies, Inc.  ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or
amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Scheduled Amount | Claim No. |
| --- | --- |
| $350,000.00 | 12856 |

have been transferred and assigned to DellaCamera Capital Master Fund, Ltd.("Assignee").  The
signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and
stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the
Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and
distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.


ASSIGNEE: DellaCamera Capital Master Fund,
           Ltd.

Address:    c/o Meridian Corporate Services
           Limited

           73 Front Street

           P.O. Box HM 528
          Hamilton HM 12, Bermuda

ASSIGNOR:  Grossman-Dickinson Dalton
          Georgia, LLC

          c/o Grossman Companies, Inc.,
          The

Address:    Attn: Louis J Grossman, MGR

          1266 Furnace Brook Parkway

          Quincy MA 02269-0110

Signature:  *Louis J. Grossman*
Name:     Louis J. Grossman
Title:      Manager
Date:      5/3/06

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

ORDER APPROVING SETTLEMENT
RELATING TO DALTON GEORGIA PROPERTY

These cases came before the Court for hearing on March 9, 2006, upon the motion

of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in

the above-captioned cases (collectively, the "Debtors"), for entry of an order approving a

settlement involving (i) the rejection and termination of a non-residential real property lease

under which Grossman-Dickson Dalton Georgia, LLC ("Grossman") is the landlord and Winn-

Dixie Montgomery, Inc. ("Winn-Dixie Montgomery") is the tenant (ii) the assumption and

assignment (to Grossman) of a related sublease under which Winn-Dixie Montgomery is the

sublessor and Delray Farms of Georgia, L.L.C. ("Delray") is the subtenant and (iii) the fixing of

unliquidated proofs of claim filed by Grossman (the "Motion").[1]  The Court has read the Motion

and considered the representations of counsel.  Based upon the representations of counsel and

without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    The Settlement is approved.

---

[1]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed
to them in the Motion.

3.      The Debtors are authorized to take any and all actions that may be required to implement the Settlement substantially on the terms described in the Settlement Documents.

4.      The Debtors are authorized to reject the Lease and the Guarantee and such rejections shall be deemed effective as of March 1, 2006.

5.      The Debtors are authorized to assume and assign the Sublease to Grossman on the terms set forth in the Sublease Amendment and the Sublease Assignment.

6.      Grossman's Original Proofs of Claim will be deemed amended and superseded by the Amended Proofs of Claim.

7.      The claims that Grossman has asserted in the Amended Proofs of Claim shall be deemed allowed as non-priority, unsecured claims fixed in the amount of $350,000, provided, however, that (i) its recovery on the Amended Proofs of Claim shall not exceed $350,000 in the aggregate, and (ii) if the estates of Winn-Dixie Montgomery and Winn-Dixie are substantively consolidated, Claim No. 12855 shall be deemed expunged.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _9_ day of _March_____, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

# EXHIBIT B

**Hearing Date: March 9, 2006, 1:00 p.m.**
**Objection Deadline: March 2, 2006, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING
## SETTLEMENT RELATING TO DALTON GEORGIA PROPERTY

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession (together with Winn-Dixie, the "Debtors"), move

for entry of an order under 11 U.S.C. §§ 105(a), 363(b), 365, and Fed. R. Bankr. P. 9019

approving a settlement providing for (i) the rejection and termination of a non-residential real

property lease under which Grossman-Dickson Dalton Georgia, LLC ("Grossman") is the

landlord and Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery") is the tenant (ii) the

assumption and assignment (to Grossman) of a related sublease under which Winn-Dixie

Montgomery is the sublessor and Delray Farms of Georgia, L.L.C. ("Delray") is the subtenant

and (iii) the fixing of unliquidated proofs of claim filed by Grossman (the "Motion").  In support

of the Motion, the Debtors respectfully represent as follows:

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee.  On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  As of the Petition Date, the Debtors were considered to be the eighth-largest food retailer in the United States and one of the largest in the Southeast, with more than 900 stores in the United States.  Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores.  To date, the Debtors have sold or closed over 300 stores.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.    The statutory predicates for the relief requested in the Motion are sections 105(a), 363(b) and 365 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### The Lease and Sublease

6.    Winn-Dixie Montgomery, as tenant, and Grossman, as landlord, are successors in interest to a lease dated August 25, 1994 (the "Lease") at the Debtors' Store Number 1857 located in Dalton, Georgia (the "Premises").  Winn-Dixie guaranteed Winn-Dixie Montgomery's obligations under the Lease pursuant to a guarantee dated August 25, 1994 (the "Guarantee"). Delray subleases the Premises from Winn-Dixie Montgomery pursuant to a sublease dated October 1, 2002 (the "Sublease").  The rental obligation under the Sublease is $17,806.17 per month.

7.    In connection with the ongoing review of their hundreds of real property leases, the Debtors concluded that it was in their best interests to reject both the Lease and the Sublease. For that reason, the Debtors included the Lease and Sublease among the leases and subleases sought to be rejected by the Debtors' Motion for Order Authorizing (i) Rejection of Leases and Subleases and (ii) Abandonment of Related Personal Property dated November 11, 2005 (Docket No. 4143) (the "Rejection Motion"), which was scheduled for a hearing before the Bankruptcy Court on December 1, 2005.  In anticipation of the rejection damages it believed it would incur as a result of the rejection of the Lease, Grossman filed two contingent, unliquidated proofs of claim in the Debtors' cases: (i) a proof of claim against Winn-Dixie, which has been assigned Claim Number 9184 ("Claim No. 9184"), and (ii) a proof of claim against Winn-Dixie Montgomery, which has been assigned Claim Number 9185 ("Claim No. 9185" and together with Claim No. 9184, the "Original Proofs of Claim").

3

8.      After the Debtors filed the Rejection Motion, the Debtors, Grossman and Delray discussed alternatives to a blanket rejection that might better serve each of the parties' respective interests.  These discussions were ongoing at the time of the hearing on the Rejection Motion and, thus, the Debtors continued (to December 15, 2005) the hearing on the Rejection Motion as the motion related to the Lease and Sublease.  On December 15, 2005, the Court entered an Order authorizing the Debtors to reject several leases including the Lease and Sublease and requiring that claims for rejection damages for the Lease and Sublease be filed within 30 days of the date of entry of the Rejection Order (Docket No. 4662) (the "Rejection Order").

9.      On December 22, 2005, the Debtors filed a Motion to Amend the Rejection Order, because after the Court entered the Rejection Order, the parties reached a compromise providing for a March 1, 2006 effective date for the rejection of the Lease.  By the Motion to Amend, the Debtors advised the Court that they would file a motion to approve the proposed compromise and settlement.  Out of an abundance of caution, Grossman filed two additional proofs of claim asserting claims for rejection damages: (i) a proof of claim against Winn-Dixie, which has been assigned Claim Number 12856 ("Claim No. 12856"), and (ii) a proof of claim against Winn-Dixie Montgomery, which has been assigned Claim Number 12855 ("Claim No. 12855", and together with Claim No. 12856, the "Amended Proofs of Claim").

### The Settlement

10.     The agreement reached by the parties, subject to Court approval, is comprised of the following terms (collectively, the "Settlement"):

- The Debtors will assume and assign the Sublease to Grossman, with such Sublease amended to, among other things, provide for a $3,920.16 increase in Delray's monthly

4

rental owed to Grossman (as increased, the "Subtenant Rent"). Thus, the Subtenant Rent will now equal $21,726.33 per month.

- Winn-Dixie Montgomery will reject and terminate the Lease and the Guarantee effective March 1, 2006.

- Except to the extent modified by the Settlement, Winn-Dixie Montgomery will continue to meet all of its obligations under the Lease through March 1, 2006.

- Winn-Dixie Montgomery and Grossman will modify the Lease, effective as of December 1, 2005, to provide for a temporary increase of the monthly rent to $29,566.64 (the "Modified Rent"). Thus, over the three month period from December though February, Grossman is entitled to receive a total of $88,699.92 ($29,566.65 x 3). Because the amendment to the Sublease requires Delray to make direct payments to Grossman beginning December 1, 2005, Winn-Dixie Montgomery will pay Grossman a monthly amount (for December, 2005 through February, 2006) equal to the difference between the Modified Rent and the Subtenant Rent ($29,566.65 per month — $21,726.33 per month = $7,840.32 per month).

- Grossman's Original Proofs of Claim will be deemed amended and superseded by the Amended Proofs of Claim.

- Grossman's Amended Proofs of Claim will each be deemed allowed as non-priority, unsecured claims in the amount of $350,000, provided, however, that (i) Grossman's total recovery on the Amended Proofs of Claim will not exceed $350,000 in the

aggregate, and (ii) if the estates of Winn-Dixie Montgomery and Winn-Dixie are

substantively consolidated, Claim No. 12855 will be deemed expunged.[2]

● Winn-Dixie Montgomery will transfer to Grossman the security deposit that Delray

had provided to Winn-Dixie Montgomery under the Sublease.

11.     The Settlement is memorialized by four documents: (a) the First Amendment to

Sublease attached as Exhibit A (the "Sublease Amendment"); (b) the Assignment and

Assumption of Sublease attached as Exhibit B (the "Sublease Assignment"); (c) the Modification

and Termination of Lease attached as Exhibit C (the "Lease Termination Agreement,"); and (d)

the Notice of Modification and Termination of Lease and Assignment and Assumption of

Sublease attached as Exhibit D (the "Notice", and together with the Sublease Amendment the

Sublease Assignment, and the Lease Termination Agreement, the "Settlement Documents").[3]

## Relief Requested

12.     By this Motion, the Debtors request that the Court approve the Settlement

substantially on the terms set forth in the Settlement Documents, which Settlement principally

includes (a) the rejection of the Lease effective as of March 1, 2006, (b) the assumption and

assignment of the Sublease on the terms contained in the Sublease Amendment and the Sublease

Assignment, and (c) the fixing of the Proofs of Claim as described in the Lease Termination

Agreement.

---

[2]     The $350,000 fixed claim amount was derived by considering the fact that the Subtenant Rent that Delray
will pay Grossman under the Sublease is significantly less than the rental obligation that Grossman would
have realized from the continuation of the Lease.  Indeed, by agreeing to the Settlement, Grossman will
lose more than $350,000 in rent over the remaining term of the Lease/Sublease.

[3]     The Notice does not contain any additional substantive provisions, but merely serves to place third parties
on notice as to the contents of the other Settlement Documents.

**Basis for Relief**

13.      The Settlement provides the Debtors with the benefit of being able to not only reject the Lease and the Guarantee, but also (a) fix Grossman's rejection damage claim, and (b) ensure, by virtue of the assumption and assignment of the Sublease (rather than the rejection), that Delray will not assert any rejection damage claim -- a claim amount that could have been significant.

**Applicable Authority**

14.      A settlement constitutes a disposition of property of the estate that must be approved by the Bankruptcy Court if outside the ordinary course of business.  See 11 U.S.C. § 363(b).  Bankruptcy Rule 9019 sets forth the standard for bankruptcy court approval of compromises of controversies, providing that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a).

15.      To approve a settlement under Bankruptcy Rule 9019, a bankruptcy court must determine that the settlement is supported by adequate consideration and that it is fair, equitable, and in the best interests of the debtor's estate.  In doing so, bankruptcy courts consider a variety of factors, including (a) the probability of success in the litigation; (b) the difficulties associated with collection; (c) the complexity of the litigation and the attendant expense, inconvenience and delay; and (d) the paramount interests of, and deference to the views of, the creditors.  See  In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990).

16.      The Settlement was the product of extensive arms-length negotiation between the Debtors, Grossman, and Delray.  Rejection of the Lease benefits the Debtors' estates by alleviating monthly costs, including taxes, insurance premiums, and other charges due under the Lease.  Moreover, by providing for the fixing of Grossman's claim, the Settlement

enables the Debtors to limit the potential rejection damage claim that Grossman could otherwise assert.  Additionally, the assumption and assignment of the Sublease benefits the Debtors by eliminating any rejection damage claim that Delray could assert if the Debtors were forced to reject the Sublease.  Accordingly, and for the reasons set forth above, the Settlement should be approved.

### **Notice**

17.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, (e) Grossman, and (f) Delray.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit E approving the Settlement on the terms set forth in the Settlement Documents including (a) the rejection of the Lease and the Guarantee effective as of March 1, 2006; (b) the assumption and assignment of the Sublease on the terms contained in the Sublease Agreement and Sublease Assignment; and (c) the fixing of the Proofs of Claim; and (ii) grant such other and further relief as the Court deems just and proper.

Dated: February 10, 2006

SKADDEN, ARPS, SLATE, MEAGHER        SMITH HULSEY & BUSEY
& FLOM LLP

By     *s/ D. J. Baker*                      By     *s/ Cynthia C. Jackson*
        D. J. Baker                                  Stephen D. Busey
        Sally McDonald Henry                         James H. Post
        Rosalie Walker Gray                          Cynthia C. Jackson,
        Adam S. Ravin                                Florida Bar Number 498882
Four Times Square                            225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida  32202
(212) 735-3000                               (904) 359-7700
(212) 735-2000 (facsimile)                   (904) 359-7708 (facsimile)
djbaker@skadden.com                          cjackson@smithhulsey.com

Co-Counsel for Debtors                       Co-Counsel for Debtors

**<u>Exhibit A</u>**

## FIRST AMENDMENT TO SUBLEASE
[Winn-Dixie Store #1857]

**THIS FIRST AMENDMENT TO SUBLEASE** (the "Agreement") is entered into by and between the following two parties (collectively referred to as the "Parties"):

**WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation, for itself and on behalf of its affiliates, Winn-Dixie Raleigh, Inc. and Winn-Dixie Stores, Inc. ("Sublandlord"), whose address is 5050 Edgewood Court, Jacksonville, Florida 32254 Attn: Legal Department; and,

**DELRAY FARMS OF GEORGIA, L.L.C.**, a Delaware limited liability company ("Subtenant"), whose address is 4201 West 36th Street, Suite 310, Chicago, Illinois 60632-3809.

### RECITALS

A.    Sublandlord is party to that certain lease, together with any and all amendments thereto, as identified in the attached Exhibit A (the "Lease") and relating to the premises described therein (the "Premises").

B.    Subtenant, as lessee, has subleased the Premises from Sublandlord, as lessor, pursuant to that certain sublease dated October 1, 2002, together with any and all amendments thereto (the "Sublease").

C.    The Parties believe it is in their best interests to amend the Sublease to modify the terms as stated herein.

D.    Sublandlord is a debtor-in-possession under voluntary petition for reorganization relief pursuant to Chapter 11 of Title 11 of the United States Code, U.S.C. §101 et seq., as amended (the "Code"), in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), under Case No. 05-03817-3F1.  As a result, Sublandlord maintains the right to reject the Lease and/or Sublease pursuant to the Code.

E.    Subtenant agrees to execute this Agreement contemporaneously with the execution of the following documents by Sublandlord and the landlord to the Lease, Grossman-Dickinson Dalton Georgia, LLC ("Landlord"): (i) the Assignment and Assumption of Sublease, (ii) the Modification and Termination of Lease Agreement, and (iii) the Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease.

F.    This Agreement is contingent and takes effect upon approval by the Court of this Agreement and the documents indicated in paragraph E above, the date of approval of the last of said documents being the effective date of this Agreement (the "Effective Date").  Absent said approval, this Agreement is null and void.

**NOW, THEREFORE**, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree, represent, and/or warrant, as applicable, as follows:

1.    Recitals.  The foregoing recitals are true and correct and incorporated herein by reference.

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

1

2.    Modification of Rent.  In order to increase Subtenant's current rent obligation under the Sublease from $213,674.00 per annum to $260,715.92 per annum as of December 1, 2005, the Sublease is hereby modified to provide that Subtenant will pay monthly rent of $21,726.33 to Landlord, as assignee to Sublandlord under the Sublease, through and including the remaining balance of the sublease term as indicated in the Sublease.

3.    Additional Terms.  Effective from and after the Effective Date of the Assignment and Assumption of Sublease, the following Sections will be added to the Sublease:

**"FINANCIAL STATEMENTS**

26.    Within ten (10) days after Lessor has made a written request, Lessee agrees to deliver to Landlord: (a) the most recent audited statements covering Delray Farms, L.L.C., a Delaware limited liability company ("Guarantor") (on a consolidated basis), (b) the most recent quarterly statements covering Guarantor (on a consolidated basis), and (c) store level statements for Lessee. Lessee and Guarantor each agree to maintain accounting controls and books of account, in form adequate for auditing purposes, in accordance with generally accepted accounting principles consistently applied."

**"IMPOSITIONS TO BE PAID IN INSTALLMENTS**

27.    (a)    Notwithstanding anything in this Sublease or the Underlying Lease to the contrary, provided Lessee shall make the estimated payments required hereunder, Lessor, and not Lessee, shall pay all Impositions (as defined in the Underlying Lease) before interest and penalties are due thereon.

        (b)    Estimated payments by Lessee on account of Impositions shall be made monthly and at the time and in the fashion herein provided for the payment of Basic Rent. The monthly amount so to be paid to Lessor shall be sufficient to provide Lessor by the time Impositions are due a sum equal to Lessee's required payments, as reasonably estimated by Lessor from time to time, on account of Impositions for the then current Tax Year. Promptly after receipt by Lessor of bills for such Impositions, Lessor shall advise Lessee of the amount thereof and the computation of Lessee's payment on account thereof. If requested by Lessee, Lessor shall provide Lessee with copies of the applicable tax bills upon which such adjustments are made. If estimated payments theretofore made by Lessee on account of Impositions exceed the required payments on account thereof for the applicable billing period, Lessor shall credit the amount of overpayment against subsequent obligations of Lessee on account of Impositions (or refund such overpayment if the Term of this Lease has ended and Lessee has no further obligation to Lessor); but if the required payments on account thereof for such Tax Year are greater than estimated payments theretofore made on account thereof for such Tax Year, Lessee shall make payment to Lessor within 30 days after being so advised by Lessor. The payments required hereunder constitute Additional Rent, and Lessor shall have the same rights and remedies for the non-payment by Lessee of any payments due on account of Impositions as Lessor has hereunder for the failure of Lessee to pay Base Rent."

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

2

4.    Binding Agreement.  This Agreement will be binding upon and inure to the benefit of the Parties and their successors and assigns.

5.    Counterparts.  This Agreement may be executed in one or more counterparts, each of which will be deemed an original and all of which, when considered together, will be deemed one instrument.

6.    Further Assurances.  The Parties covenant and agree to execute or procure any additional documents as may be reasonably necessary to establish the rights of either party hereunder.

7.    Ratification of Sublease.  Except as expressly amended by this Agreement, the terms of the Sublease are hereby ratified and confirmed.

**[SIGNATURES AND EXHIBIT TO FOLLOW]**

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

3

**IN WITNESS WHEREOF,** Sublandlord and Subtenant have executed this Agreement as of the Effective Date above.

Signed, sealed and delivered
in the presence of:

**SUBLANDLORD:**

**WINN-DIXIE MONTGOMERY, INC.,**
a Florida corporation

_____
Name: _____

By: _____
Name: _____
Title: _____

_____
Name: _____


STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me under oath on this _____ day of _____, 2006, by _____, the Vice President of Winn-Dixie Montgomery, Inc., a Florida corporation, on behalf of the corporation, who is personally known to me.

_____
Notary Public, State of Florida
Seal:

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

4

Signed, sealed and delivered
in the presence of:

**SUBTENANT:**

**DELRAY FARMS OF GEORGIA, L.L.C.,**
a Delaware limited liability company

By: _____

Name: _____    Name: _____

Name: _____    Title: _____

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me under oath on this _____ day of _____, 2006, by _____, the _____ of Delray Farms of Georgia, L.L.C., a Delaware limited liability company, on behalf of the company, ( ) who is personally known to me or ( ) who produced _____ as identification.

_____
Notary Public, State of _____
Seal:

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

5

## CONSENT OF GUARANTOR

The undersigned, Delray Farms, L.L.C., as Guarantor of Subtenant's obligations pursuant to that certain Guaranty of Lease dated as of October 1, 2002, hereby consents to the foregoing First Amendment to Sublease, and agrees to comply with Section 26 of the Sublease as inserted herein.

Signed, sealed and delivered       **GUARANTOR:**
In the presence of:

                                       **DELRAY FARMS, L.L.C.,**
                                       a Delaware limited liability company

_____    By: _____
Name: _____    Name: _____
                                   Title: _____

_____
Name: _____


STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me under oath on this _____ day of _____, 2006, by _____, the _____ of Delray Farms, L.L.C., a Delaware limited liability company, on behalf of the company, ( ) who is personally known to me or ( ) who produced _____ as identification.

                                        _____
                                        Notary Public, State of _____
                                        Seal:

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

6

## EXHIBIT A
[First Amendment to Sublease]

### Description of Lease and Premises

LEASE:

Lease dated August 25, 1994, between Peregrine Properties Limited Partnership, as landlord, and Winn-Dixie Atlanta, Inc., as tenant;

Short Form Lease dated August 25, 1994, recorded in the Official Records of Whitfield County, Georgia, Deed Book 2545, Page 227; and

Notice of Merger and Name Change dated June 29, 2000, by Winn-Dixie Montgomery, Inc., as successor in interest to Winn-Dixie Atlanta, Inc.

PREMISES:

Tract 1

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 242 of the 12th District, 3rd Section, Whitfield County, Georgia, said tract being more particularly described as follows:

BEGINNING at an iron pin located 810.9 feet north of the intersection of Land Lots 242, 243, 252 and 253 as measured along the land lot line common to Land Lots 242 and 243; thence run north 00 degrees 00 minutes 00 seconds East, a distance of 252.50 feet to an iron pin; thence run North 77 degrees 45 minutes 00 seconds West, a distance of 611.61 feet to an iron pin located on the southeastern right-of-way line of Walnut Avenue (a 110 foot right-of-way); thence run along the southeastern right-of-way line of Walnut Avenue South 38 degrees 13 minutes 25 seconds West, a distance of 183.01 feet to an iron pin; thence leaving said southeastern right-of-way line of Walnut Avenue and run South 20 degrees 40 minutes 00 seconds East, a distance of 518.21 feet to an iron pin; thence run North 64 degrees 59 minutes 14 seconds East, distance of 582.67 feet to an iron pin and the POINT OF BEGINNING. Said tract contains 6.671 acres, more or less, as per Survey prepared for Principal Mutual Life Insurance Company and First American Title Insurance Company, prepared by Whitfield Engineering Company, bearing the certificate of Marcus Eugene Cook, Georgia Registered Land Surveyor No. 1935, dated May 23, 1994.

Tract 2

TOGETHER WITH those appurtenant easements contained in that certain Easement Agreement dated March 25, 1993 and recorded in Deed Book 2381, Page 181, Whitfield County, Georgia records.

First Amendment to Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Delray Farms of Georgia, LLC
December 1, 2005
SGRJAX\77513.5

7

**Exhibit B**

## ASSIGNMENT AND ASSUMPTION OF SUBLEASE
[Winn-Dixie Store #1857]

**THIS ASSIGNMENT AND ASSUMPTION OF SUBLEASE** (this "Assignment") is entered into by and between the following two parties (collectively referred to as the "Parties"):

**WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation, for itself and on behalf of its affiliates, Winn-Dixie Raleigh, Inc. and Winn-Dixie Stores, Inc. ("Assignor"), whose address is 5050 Edgewood Court, Jacksonville, Florida 32254 Attention: Legal Department; and,

**GROSSMAN-DICKINSON DALTON GEORGIA, LLC**, a Georgia limited liability company and successor in interest to Peregrine Properties Limited Partnership ("Assignee"), whose address is 1266 Furnace Brook Parkway, Quincy, Massachusetts 02169.

### RECITALS

A.   Assignor is a debtor-in-possession under voluntary petition for reorganization relief pursuant to Chapter 11 of Title 11 of the United States Code, U.S.C. §101 et seq., as amended, in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), under Case No. 05-03817-3F1 (the "Proceeding").

B.   Assignor is the tenant and Assignee is the landlord under that certain lease, together with any and all amendments thereto, as identified in the attached Exhibit A (the "Lease") and relating to the premises described therein (the "Premises").

C.   Assignor is the lessor under that certain sublease dated October 1, 2002, together with any and all amendments thereto (the "Sublease"), and entered into with Delray Farms of Georgia, L.L.C., a Delaware limited liability company, as lessee ("Subtenant").

D.   Assignor has agreed to assign to Assignee all of Assignor's rights, title, and interests as lessor to the Sublease, and Assignee has agreed to assume and perform all of Assignor's liabilities and obligations arising under the Sublease, as well as release Assignor from all liability and claims arising after December 1, 2005, all subject to and in accordance with the terms of the Sublease and this Assignment.

E.   Assignor and Assignee desire to set forth the terms and conditions of such assignment, assumption, and release and have entered into this Assignment in furtherance of the foregoing.

F.   The Parties have agreed to execute this Assignment contemporaneously with (i) the First Amendment to Sublease, of which Assignor and Subtenant are party thereto, (ii) the Modification and Termination of Lease Agreement (the "Agreement"), and (iii) the Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease, both of which Assignor and Assignee are party thereto.

G.   This Assignment is contingent and takes effect upon approval by the Court of this Assignment and the documents indicated in paragraph F above, the date of approval of the last of said documents being the effective date of this Assignment (the "Effective Date"). Absent said approval, this Agreement is null and void.

Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

1

**NOW, THEREFORE**, in consideration of the premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>.  The foregoing recitals are true and correct and incorporated herein by reference.

2. <u>Assignment</u>.  As of December 1, 2005, Assignor will assign, transfer, and convey to Assignee all of Assignor's rights, title, and interests as the lessor to the Sublease, if any, and all of the rights, benefits, and privileges as the lessor to the Sublease, if any.  Assignor hereby agrees that it will be responsible for all liabilities and obligations that accrued under the Sublease prior to December 1, 2005, the same on or after December 1, 2005 being the responsibility of Assignee.

3. <u>Assumption</u>.  As of December 1, 2005, Assignee will accept the aforesaid assignment and assume and agree to pay and perform all liabilities and obligations of the lessor to the Sublease, if any, that accrue under the Sublease on or after December 1, 2005, and Assignee hereby indemnifies and agrees to save, insure, defend, and hold harmless Assignor from and against all liabilities and obligations of the lessor to the Sublease that accrue on or after December 1, 2005.

4. <u>Assignor's Warranty of Title</u>.  Assignor represents and warrants to Assignee that Assignor has good and lawful right, title, and interest in the Premises under the Sublease, as lessor thereunder, and has not assigned or subleased its interest as lessor under the Sublease, other than as described in this Assignment, that the Sublease as described above, along with the First Amendment to Sublease executed contemporaneously herewith, constitutes the entire sublease agreement between Assignor, as lessor, and Subtenant, as lessee, and remains in full force and effect, and that Assignor will defend Assignee's interest as lessor thereunder from and against the lawful claims of all persons claiming by, through, or under Assignor, but against none other, and, in all cases, subject to the Proceeding.

5. <u>Release of Assignor</u>.  Assignor and Assignee acknowledge and agree that this Assignment will serve as a release of Assignor and any of its affiliated guarantors from their respective obligations under the Sublease and under any guaranties of the Sublease, if any, accruing on or after December 1, 2005, such that Assignor will have no further right, interest, liability, or obligation under the Sublease (the "<u>Release</u>"), and the Sublease thereafter will be deemed a direct agreement between Assignee and Subtenant.

6. <u>Notice of Sublease Assignment</u>.  As soon as practicable, Assignor and Assignee will execute and deliver a notice evidencing this Assignment as a matter of public record, which Assignor will record in the Official Records of Whitfield County, Georgia, where the Premises are located.

7. <u>Closing Costs and Reconciliation</u>.  As indicated in the Statement of Closing Costs and Reconciliation contained in the Agreement, Assignor will remit Subtenant's security deposit of $20,468.00 to Assignee, which Assignee will maintain pursuant to the terms of the Sublease and Georgia law.  If Assignee receives any payment from Subtenant for any rent or other charges that accrued prior to December 1, 2005, then Assignee will transfer said payment to Assignor.  In addition, if Subtenant owes

Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

2

Assignor any payment for rent or other charges that accrued prior to December 1, 2005, Assignee will be responsible for collecting said payment on Assignor's behalf, even if such collection efforts occur after the Effective Date. Assignor will pay any recording cost associated with recording the notice identified in paragraph 6 above as well as any recording cost associated with any curative action of title that is necessary to enable Assignor to deliver the Premises to Assignee free and clear of any matter created by or through Assignor. The Parties will bear their own attorneys' fees and any other costs not identified above.

8.    Notices.  Notices and other communications required or permitted to be given under this Assignment will be in writing and sent to the addresses set forth below. Each communication will be deemed duly given and received: (a) as of the date and time the same is personally delivered with a receipted copy; (b) if delivered by U.S. Mail, three days after depositing with the United States Postal Service, postage prepaid by certified mail, return receipt requested; (c) if given by nationally recognized or reputable overnight delivery service, on the next day after receipted deposit with same; or (d) if given by telefax, when the telefax is transmitted to the recipient's telefax number and confirmation of complete receipt is received by the transmitting party during normal business hours for the recipient, or, if not during normal business hours for the recipient, the next business day after confirmation is received by the transmitting party.

| If to Assignor: | Winn-Dixie Montgomery, Inc. (re: Winn-Dixie Store #1857) |
| | Attn: Catherine Buhaly Ibold, Esquire, Legal Department |
| | 5050 Edgewood Court |
| | Jacksonville, Florida 32254 |
| | Telefax No.: (904) 783-5138 |

| With a copy to: | Smith, Gambrell & Russell, LLP |
| | Attn: Douglass E. Myers, III, Esquire |
| | 50 North Laura Street, Suite 2600 |
| | Jacksonville, Florida 32202 |
| | Telefax No.: (904) 598-6202 |

or to such other address or telefax number as Assignor may direct from time to time.

| If to Assignee: | Grossman-Dickinson Dalton Georgia, LLC |
| | Attn: Louis Grossman |
| | 1266 Furnace Brook Parkway |
| | Quincy, Massachusetts 02169 |
| | Telefax No.: (617) 472-4600 |

| With a copy to: | Posternak Blankstein & Lund LLP |
| | Attn: Robert M. Schlein, Esquire |
| | Prudential Tower |
| | 800 Boylston Street |
| | Boston, Massachusetts 02199 |
| | Telefax No.: (617) 367-2315 |

or to such other address or telefax number as Assignee may direct from time to time.

Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

3

9.      Binding Effect.  This Assignment will be binding upon and inure to the benefit of the Parties and their successors and assigns.

10.     Further Assurances.  The Parties covenant and agree to execute or procure any additional documents as may be reasonably necessary to establish the rights of either party hereunder.

**[SIGNATURES AND EXHIBIT TO FOLLOW]**

Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

4

**IN WITNESS WHEREOF,** Assignor and Assignee have executed this Assignment as of the Effective Date above.

Signed, sealed and delivered                          **ASSIGNOR:**
in the presence of:

   .                                    **WINN-DIXIE MONTGOMERY, INC.,**
                                                       a Florida corporation

_____         By:   _____
Name: _____          Name: _____
                                          Title: _____

_____
Name: _____


STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me under oath on this _____ day of
_____, 2006, by _____, the Vice President of
Winn-Dixie Montgomery, Inc., a Florida corporation, on behalf of the corporation, who is
personally known to me.


                                          _____
                                          Notary Public, State of Florida
                                          Seal:


Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

5

Signed, sealed and delivered
in the presence of:

**ASSIGNEE:**

**GROSSMAN-DICKINSON
DALTON GEORGIA, LLC,**
a Georgia limited liability company

_____

Name: _____

By: _____
Name: _____
Title: _____

_____

Name: _____

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me under oath on this _____ day of
_____, 2006, by _____, the _____ of
Grossman-Dickinson Dalton Georgia, LLC, a Georgia limited liability company, on behalf of
the company, ( ) who is personally known to me or ( ) who produced _____ as
identification.

_____

Notary Public, State of _____
Seal:

Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

6

## EXHIBIT A
[Assignment and Assumption of Sublease]

### Description of Lease and Premises

LEASE:

Lease dated August 25, 1994, between Peregrine Properties Limited Partnership, as landlord, and Winn-Dixie Atlanta, Inc., as tenant;

Short Form Lease dated August 25, 1994, recorded in the Official Records of Whitfield County, Georgia, Deed Book 2545, Page 227; and,

Notice of Merger and Name Change dated June 29, 2000, by Winn-Dixie Montgomery, Inc., as successor in interest to Winn-Dixie Atlanta, Inc.

PREMISES:

Winn-Dixie Store #1857
Dalton, Whitfield County, Georgia

LEGAL DESCRIPTION:

Tract 1

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 242 of the 12th District, 3rd Section, Whitfield County, Georgia, said tract being more particularly described as follows:

BEGINNING at an iron pin located 810.9 feet north of the intersection of Land Lots 242, 243, 252 and 253 as measured along the land lot line common to Land Lots 242 and 243; thence run north 00 degrees 00 minutes 00 seconds East, a distance of 252.50 feet to an iron pin; thence run North 77 degrees 45 minutes 00 seconds West, a distance of 611.61 feet to an iron pin located on the southeastern right-of-way line of Walnut Avenue (a 110 foot right-of-way); thence run along the southeastern right-of-way line of Walnut Avenue South 38 degrees 13 minutes 25 seconds West, a distance of 183.01 feet to an iron pin; thence leaving said southeastern right-of-way line of Walnut Avenue and run South 20 degrees 40 minutes 00 seconds East, a distance of 518.21 feet to an iron pin; thence run North 64 degrees 59 minutes 14 seconds East, distance of 582.67 feet to an iron pin and the POINT OF BEGINNING.  Said tract contains 6.671 acres, more or less, as per Survey prepared for Principal Mutual Life Insurance Company and First American Title Insurance Company, prepared by Whitfield Engineering Company, bearing the certificate of Marcus Eugene Cook, Georgia Registered Land Surveyor No. 1935, dated May 23, 1994.

Tract 2

TOGETHER WITH those appurtenant easements contained in that certain Easement Agreement dated March 25, 1993 and recorded in Deed Book 2381, Page 181, Whitfield County, Georgia records.

Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Winn-Dixie Montgomery, Inc./Grossman-Dickinson Dalton Georgia, LLC
December 1, 2005
SGRJAX\70269.4

7

**Exhibit C**

## MODIFICATION AND TERMINATION OF LEASE AGREEMENT
[Winn-Dixie Store #1857]

**THIS MODIFICATION AND TERMINATION OF LEASE AGREEMENT** (this "Agreement") is entered into by and between the following two parties (collectively referred to as the "Parties"):

**GROSSMAN-DICKINSON DALTON GEORGIA, LLC**, a Georgia limited liability company and successor in interest to Peregrine Properties Limited Partnership ("Landlord"), whose address is 1266 Furnace Brook Parkway, Quincy, Massachusetts 02169; and,

**WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation, for itself and on behalf of its affiliates, Winn-Dixie Raleigh, Inc. and Winn-Dixie Stores, Inc. ("Tenant"), whose address is 5050 Edgewood Court, Jacksonville, Florida 32254 Attention: Legal Department.

### RECITALS

A.    Tenant is a debtor-in-possession under voluntary petition for reorganization relief pursuant to Chapter 11 of Title 11 of the United States Code, U.S.C. §101 et seq., as amended, in the United States Bankruptcy Court for the Middle District of Florida (the "Court"), under Case No. 05-03817-3F1 (the "Proceeding").

B.    Landlord and Tenant are parties under that certain lease, together with any and all amendments thereto, as identified in the attached Exhibit A (the "Lease") and relating to the premises described therein (the "Premises").

C.    Tenant is the lessor under that certain sublease dated October 1, 2002, together with any and all amendments thereto (the "Sublease"), and entered into with Delray Farms of Georgia, L.L.C., a Delaware limited liability company, as lessee ("Subtenant").

D.    Although the term of the Lease is scheduled to expire on August 31, 2014 (the "Scheduled Expiration Date"), the Parties believe that it is in their best interests to terminate the Lease prior to the Scheduled Expiration Date.

E.    The Parties have agreed to (i) modify the Lease as of December 1, 2005 and (ii) terminate the Lease as of March 1, 2006, which is prior to the Scheduled Expiration Date, upon the terms and conditions as stated herein.

F.    The Parties have agreed to execute this Assignment contemporaneously with (i) the First Amendment to Sublease (the "Sublease Amendment"), of which Tenant and Subtenant are party thereto, (ii) the Assignment and Assumption of Sublease (the "Assignment"), and (iii) the Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease, both of which Landlord and Tenant are party thereto.

G.    This Agreement is contingent and takes effect upon approval by the Court of this Agreement and the documents indicated in paragraph F above, the date of approval of the last of said documents being the effective date of this Assignment (the "Effective Date"). Absent said approval, this Agreement is null and void.

Modification and Termination of Lease Agreement
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70266.8

1

**NOW, THEREFORE,** for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree, represent, and/or warrant, as applicable, as follows:

1.    Recitals.  The foregoing recitals are true and correct and incorporated herein by reference.

2.    Tender of Possession.  On or before March 1, 2006, Tenant will tender to Landlord, and Landlord will accept from Tenant, the Premises, free and clear of any liens or encumbrances created by Tenant as of March 1, 2006, except for those associated with the Assignment.

3.    Modification of Rent.  As of December 1, 2005, Tenant's rent will increase by $3,920.16 per month, from $25,646.49 per month to $29,566.65 per month (the "Modified Rent").

4.    Payment of Modified Rent.  As of December 1, 2005, Tenant will pay Landlord $7,840.32 per month (the "Net Rent Payment"), which amount represents the monthly net difference between the Modified Rent and Subtenant's obligation under the Sublease Amendment as of December 1, 2005 to pay monthly rent directly to Landlord totaling $21,726.33 (the "Subtenant's Rent")(i.e., $29,566.65 - $21,726.33 = $7,840.32).  Landlord agrees to accept Tenant's payment of the Net Rent Payment as indicated herein provided that Tenant will pay Subtenant's Rent to Landlord if Subtenant's fails to pay.

5.    Reconciliation of Lease Rent and Charges.  Tenant will not be obligated to pay Landlord any rent or other agreed charges that would have accrued under the Lease on or after March 1, 2006.  Accordingly, (a) Landlord will credit and pay Tenant its pro-rata portion of any payment Tenant has made in advance for rent or other charges attributable to a partial year, partial quarter, or partial month ending after March 1, 2006; (b) Tenant will pay Landlord any unpaid rent or other agreed charges either in arrears or otherwise due and owing on or before March 1, 2006, including a pro-rata portion of any unpaid rent or other charges attributable to a partial year, partial quarter, or partial month beginning before March 1, 2006.  Reconciliation of closing costs, pro-rata credits of partial rental periods, and other financing matters (including Tenant's payment to Landlord under the Assignment of Subtenant's $20,468.00 security deposit) will be set forth in the Statement of Closing Costs and Reconciliation, as updated to reflect amounts then owing, to be executed contemporaneously by Landlord and Tenant and attached hereto as Exhibit B. Tenant will pay any recording cost associated with recording a notice of this agreement, if necessary, and any recording cost associated with any curative action of title that is necessary to enable Tenant to deliver the Premises to Landlord free and clear of any matter created by or through Tenant, except for the Assignment referenced above.  The Parties will bear their own attorneys' fees and any other costs not identified above.

6.    Landlord's Allowed Claims.  Landlord has filed two contingent, unliquidated proofs of claim (the "Original Proofs of Claim") in the Proceeding: (i) a proof of claim against Winn-Dixie Stores, Inc., which has been assigned Claim Number 9184 ("Claim No. 9184"), and (ii) a proof of claim against Winn-Dixie Montgomery, Inc., which has been assigned Claim Number 9185 ("Claim No. 9185").  The Landlord subsequently

Modification and Termination of Lease Agreement
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70266.8

2

filed two additional proofs of claim asserting liquidated claims for rejection damages: (i) a proof of claim against Winn-Dixie Stores, Inc., which has been assigned Claim Number 12856 ("Claim No. 12856"), and (ii) a proof of claim against Winn-Dixie Montgomery, Inc. which has been assigned Claim Number 12855 ("Claim No. 12855", and together with Claim No. 12856, the "Amended Proofs of Claim"). In addition to any other rights or remedies of Landlord contained in this Agreement, or in any of the documents identified in recital Paragraph F above, as of the Effective Date, the claims asserted in the Amended Proofs of Claim shall be deemed allowed as non-priority, unsecured claims fixed in the amount of $350,000.00, provided, however, that (a) Landlord's recovery on the Amended Proofs of Claim shall not exceed $350,000.00 in the aggregate, and (b) if the estates of Winn-Dixie Montgomery, Inc. and Winn-Dixie Stores, Inc. are substantively consolidated, Amended Proof of Claim No. 12855 shall be deemed expunged. Additionally, as of the Effective Date, the Original Proofs of Claim shall be deemed amended and superseded by the Amended Proofs of Claim.

7.   Lease Termination and Limited Release. As of March 1, 2006, the Lease will be terminated with respect to the Parties, such that its provisions will only remain in effect for the purposes of maintaining the rights and obligations of any party to the Sublease, and Landlord and Tenant will thereby release and discharge each other, including their respective subsidiaries, affiliates, officers, directors, agents, and employees, from all obligations and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Tenant's use or occupancy of the Premises, except for those rights and obligations created under this Agreement.

8.   Binding Agreement. This Agreement will be binding upon and inure to the benefit of the Parties and their successors and assigns.

9.   Counterparts. This Agreement may be executed in one or more counterparts, each of which will be deemed an original and all of which, when considered together, will be deemed one instrument.

10.  Further Assurances. The Parties covenant and agree to execute or procure any additional documents as may be reasonably necessary to establish the rights of either party hereunder.

**[SIGNATURES AND EXHIBITS TO FOLLOW]**

Modification and Termination of Lease Agreement
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70266.8

3

**IN WITNESS WHEREOF,** Landlord and Tenant have executed this Agreement as of the Effective Date above.

Signed, sealed and delivered                    **LANDLORD:**
in the presence of:

                                                **GROSSMAN-DICKINSON**
                                                **DALTON GEORGIA, LLC,**
                                                a Georgia limited liability company

_____        By:    _____
Name: _____        Name:  _____
                                        Title: _____

_____
Name: _____


STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me under oath on this _____ day of _____, 2006, by _____, the _____ of Grossman-Dickinson Dalton Georgia, LLC, a Georgia limited liability company, on behalf of the company, ( ) who is personally known to me or ( ) who produced _____ as identification.

                                        _____
                                        Notary Public, State of _____
                                        Seal:

Signed, sealed and delivered
in the presence of:

**TENANT:**

**WINN-DIXIE MONTGOMERY, INC.,**
a Florida corporation

<br>

Name: _____

By: _____
Name: _____
Title: _____

<br>

Name: _____

<br>

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me under oath on this _____ day of
_____, 2006, by _____, the Vice President of Winn-
Dixie Montgomery, Inc., a Florida corporation, on behalf of the corporation, who is
personally known to me.

_____
Notary Public, State of Florida
Seal:

Modification and Termination of Lease Agreement
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70266.8

5

**EXHIBIT A**
[Modification and Termination of Lease Agreement]

Description of Lease and Premises

LEASE:

Lease dated August 25, 1994, between Peregrine Properties Limited Partnership, as landlord, and Winn-Dixie Atlanta, Inc., as tenant;

Short Form Lease dated August 25, 1994, recorded in the Official Records of Whitfield County, Georgia, Deed Book 2545, Page 227; and,

Notice of Merger and Name Change dated June 29, 2000, by Winn-Dixie Montgomery, Inc., as successor in interest to Winn-Dixie Atlanta, Inc.

PREMISES:

Winn-Dixie Store #1857
Dalton, Whitfield County, Georgia

LEGAL DESCRIPTION:

Tract 1

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 242 of the 12th District, 3rd Section, Whitfield County, Georgia, said tract being more particularly described as follows:

BEGINNING at an iron pin located 810.9 feet north of the intersection of Land Lots 242, 243, 252 and 253 as measured along the land lot line common to Land Lots 242 and 243; thence run north 00 degrees 00 minutes 00 seconds East, a distance of 252.50 feet to an iron pin; thence run North 77 degrees 45 minutes 00 seconds West, a distance of 611.61 feet to an iron pin located on the southeastern right-of-way line of Walnut Avenue (a 110 foot right-of-way); thence run along the southeastern right-of-way line of Walnut Avenue South 38 degrees 13 minutes 25 seconds West, a distance of 183.01 feet to an iron pin; thence leaving said southeastern right-of-way line of Walnut Avenue and run South 20 degrees 40 minutes 00 seconds East, a distance of 518.21 feet to an iron pin; thence run North 64 degrees 59 minutes 14 seconds East, distance of 582.67 feet to an iron pin and the POINT OF BEGINNING.  Said tract contains 6.671 acres, more or less, as per Survey prepared for Principal Mutual Life Insurance Company and First American Title Insurance Company, prepared by Whitfield Engineering Company, bearing the certificate of Marcus Eugene Cook, Georgia Registered Land Surveyor No. 1935, dated May 23, 1994.

Tract 2

TOGETHER WITH those appurtenant easements contained in that certain Easement Agreement dated March 25, 1993 and recorded in Deed Book 2381, Page 181, Whitfield County, Georgia records.

Modification and Termination of Lease Agreement
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70266.8

6

**EXHIBIT B**
[Modification and Termination of Lease Agreement]

Statement of Closing Costs and Reconciliation

**LANDLORD:**    Grossman-Dickinson Dalton Georgia, LLC,
a Georgia limited liability company

**TENANT:**    Winn-Dixie Montgomery, Inc., a Florida corporation

**STORE LOCATION:** Winn-Dixie Store #1857, Dalton, Whitfield County, Georgia

**CLOSING DATE:**    March 1, 2006

Amount(s) due from Tenant to Landlord:

| | | |
|---|---|---|
| Rent for December 2005, January 2006, and February 2006 | $ | [P.O.C.*] |
| Subtenant's Security Deposit | $ | 20,468.00 |
| Total amount owed from Tenant to Landlord: | $ | 20,468.00 |
| Amount(s) due from Landlord to Tenant: | | |
| Total amount owed from Landlord to Tenant: | $ | 0.00 |
| **Total Amount Due by Closing from Tenant to Landlord:** | **$** | **20,468.00** |

Reviewed, agreed upon, and accepted by:

**LANDLORD:**                                    **TENANT:**

**GROSSMAN-DICKINSON**                **WINN-DIXIE MONTGOMERY, INC.,**
**DALTON GEORGIA, LLC,**             a Florida corporation
a Georgia limited liability company

By: _____    By: _____
Name: _____    Name: _____
Title: _____    Title: _____

---

* Means "paid outside of closing" monthly as rent accrues.

Modification and Termination of Lease Agreement
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70266.8

**<u>Exhibit D</u>**

THIS INSTRUMENT PREPARED BY,
AND RECORD AND RETURN TO:

Douglass E. Myers, III, Esquire
Smith, Gambrell, & Russell, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202

[THIS SPACE RESERVED FOR OFFICIAL USE]

## NOTICE OF MODIFICATION AND TERMINATION OF LEASE
## AND ASSIGNMENT AND ASSUMPTION OF SUBLEASE
[Winn-Dixie Store #1857]

**THIS NOTICE OF MODIFICATION AND TERMINATION OF LEASE AND ASSIGNMENT AND ASSUMPTION OF SUBLEASE** (this "Notice") is entered into by and between the following two parties (collectively referred to as the "Parties"):

**GROSSMAN-DICKINSON DALTON GEORGIA, LLC,** a Georgia limited liability company and successor in interest to Peregrine Properties Limited Partnership ("Landlord"), whose address is 1266 Furnace Brook Parkway, Quincy, Massachusetts 02169; and,

**WINN-DIXIE MONTGOMERY, INC.,** a Florida corporation, for itself and on behalf of its affiliates, Winn-Dixie Raleigh, Inc. and Winn-Dixie Stores, Inc. ("Tenant"), whose address is 5050 Edgewood Court, Jacksonville, Florida 32254 Attention: Legal Department.

### RECITALS

A.   Tenant is the owner and holder of a leasehold interest pursuant to that certain lease, together with any and all amendments thereto, as identified in the attached Exhibit A (the "Lease") and relating to the premises described therein (the "Premises").

B.   Tenant is also the lessor of the Lease pursuant to that certain sublease, together with any and all amendments thereto, as identified in the attached Exhibit B (the "Sublease") and relating to the Premises.

C.   Tenant has assigned its interest as lessor under the Sublease to Landlord pursuant to the Assignment and Assumption of Sublease to take effect December 1, 2005 (the "Sublease Assignment"). In addition, Landlord and Tenant have agreed to modify the Lease as of December 1, 2005 and terminate the Lease as of March 1, 2006 pursuant to the Modification and Termination of Lease Agreement (the "Lease Termination").

D.   The Parties desire to place third parties on notice of the Sublease Assignment and Lease Termination, both of which have been executed by the Parties contemporaneously herewith.

E.   This Notice, the Sublease Assignment, the Lease Termination, and the First Amendment to Sublease (of which Tenant and the lessee to the Sublease are party thereto), became effective on the _____ day of _____, 2006 (the "Effective Date") upon issuance of the order of the United States Bankruptcy Court for the Middle District of Florida approving said documents under Case No. 05-03817-3F1, a copy of which is contained in the attached Exhibit C.

Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70254.3

1

**NOW, THEREFORE,** for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties state the following:

1.      <u>Assignment and Assumption of Sublease; Termination of Lease</u>.  Notice is hereby given that (i) pursuant to the Sublease Assignment, the entire leasehold estate under the Sublease has been assigned to and assumed by Landlord as of December 1, 2005, Tenant thereby relinquishing its rights and obligations under the Sublease, and (ii) pursuant to the Lease Termination, Landlord has released Tenant and Tenant's guarantors, if any, from any and all liability or obligation under the Lease accruing on or after the March 1, 2006.  As a result of the provisions herein, the Sublease will be deemed an agreement solely between Landlord and the lessee to the Sublease as of December 1, 2005 and the Lease will be deemed terminated as of March 1, 2006, except that the terms and conditions of the Lease will remain in force and effect with respect to maintaining the terms of the Sublease and the rights and obligations of any party to the Sublease.

2.      <u>Record Notice</u>.  This instrument is intended to place third parties on notice of the assignment of the Sublease from Tenant to Landlord and its successors and assigns, and of the release by Landlord of Tenant and Tenant's guarantors, if any, from the Lease, which is terminated as indicated above.

**IN WITNESS WHEREOF,** Landlord and Tenant have executed this Notice as of the Effective Date above.

Signed, sealed and delivered  
in the presence of:

**LANDLORD:**

**GROSSMAN-DICKINSON**  
**DALTON GEORGIA, LLC,**  
a Georgia limited liability company

_____  
Name: _____

By: _____  
Name: _____  
Title: _____

_____  
Name: _____


STATE OF _____  
COUNTY OF _____

The foregoing instrument was acknowledged before me under oath on this _____ day of _____, 200__, by _____, the _____ of Grossman-Dickinson Dalton Georgia, LLC, a Georgia limited liability company, on behalf of the company, ( ) who is personally known to me or ( ) who produced _____ as identification.

_____  
Notary Public, State of _____  
Seal:

Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease  
Winn-Dixie Store #1857  
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.  
December 1, 2005/March 1, 2006  
SGRJAX\70254.3

2

Signed, sealed and delivered
in the presence of:

**TENANT:**

**WINN-DIXIE MONTGOMERY, INC.,**
a Florida corporation

_____
Name: _____

By: _____
Name: _____
Title: _____

_____
Name: _____

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me under oath on this _____ day of
_____, 200__, by _____, the Vice President of Winn-
Dixie Montgomery, Inc., a Florida corporation, on behalf of the corporation, who is
personally known to me.

_____
Notary Public, State of Florida
Seal:

Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70254.3

3

## EXHIBIT A
[Notice of Modification and Termination of Lease
and Assignment and Assumption of Sublease]

### Description of Lease and Premises

LEASE:

Lease dated August 25, 1994, between Peregrine Properties Limited Partnership, as landlord, and Winn-Dixie Atlanta, Inc., as tenant;

Short Form Lease dated August 25, 1994, recorded in the Official Records of Whitfield County, Georgia, Deed Book 2545, Page 227; and,

Notice of Merger and Name Change dated June 29, 2000, by Winn-Dixie Montgomery, Inc., as successor in interest to Winn-Dixie Atlanta, Inc.

PREMISES:

Winn-Dixie Store #1857
Dalton, Whitfield County, Georgia

LEGAL DESCRIPTION:

Tract 1

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 242 of the 12th District, 3rd Section, Whitfield County, Georgia, said tract being more particularly described as follows:

BEGINNING at an iron pin located 810.9 feet north of the intersection of Land Lots 242, 243, 252 and 253 as measured along the land lot line common to Land Lots 242 and 243; thence run north 00 degrees 00 minutes 00 seconds East, a distance of 252.50 feet to an iron pin; thence run North 77 degrees 45 minutes 00 seconds West, a distance of 611.61 feet to an iron pin located on the southeastern right-of-way line of Walnut Avenue (a 110 foot right-of-way); thence run along the southeastern right-of-way line of Walnut Avenue South 38 degrees 13 minutes 25 seconds West, a distance of 183.01 feet to an iron pin; thence leaving said southeastern right-of-way line of Walnut Avenue and run South 20 degrees 40 minutes 00 seconds East, a distance of 518.21 feet to an iron pin; thence run North 64 degrees 59 minutes 14 seconds East, distance of 582.67 feet to an iron pin and the POINT OF BEGINNING.  Said tract contains 6.671 acres, more or less, as per Survey prepared for Principal Mutual Life Insurance Company and First American Title Insurance Company, prepared by Whitfield Engineering Company, bearing the certificate of Marcus Eugene Cook, Georgia Registered Land Surveyor No. 1935, dated May 23, 1994.

Tract 2

TOGETHER WITH those appurtenant easements contained in that certain Easement Agreement dated March 25, 1993 and recorded in Deed Book 2381, Page 181, Whitfield County, Georgia records.

Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70254.3

4

## **EXHIBIT B**
[Notice of Modification and Termination of Lease
and Assignment and Assumption of Sublease]

### Description of Sublease

SUBLEASE:

Sublease dated October 1, 2002, between Winn-Dixie Montgomery, Inc., as lessor, and Delray Farms of Georgia, L.L.C., as lessee; and,

First Amendment to Sublease dated December 1, 2005.

Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70254.3

5

## **EXHIBIT C**
[Notice of Modification and Termination of Lease
and Assignment and Assumption of Sublease]

### Order of Bankruptcy Court Approval

[to be added once the order is issued and received]

Notice of Modification and Termination of Lease and Assignment and Assumption of Sublease
Winn-Dixie Store #1857
Grossman-Dickinson Dalton Georgia, LLC/Winn-Dixie Montgomery, Inc.
December 1, 2005/March 1, 2006
SGRJAX\70254.3

6

## Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER APPROVING SETTLEMENT**
**<u>RELATING TO DALTON GEORGIA PROPERTY</u>**

These cases came before the Court for hearing on March 9, 2006, upon the motion of Winn-Dixie Stores, Inc. and certain of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order approving a settlement involving (i) the rejection and termination of a non-residential real property lease under which Grossman-Dickson Dalton Georgia, LLC ("Grossman") is the landlord and Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery") is the tenant (ii) the assumption and assignment (to Grossman) of a related sublease under which Winn-Dixie Montgomery is the sublessor and Delray Farms of Georgia, L.L.C. ("Delray") is the subtenant and (iii) the fixing of unliquidated proofs of claim filed by Grossman (the "Motion").[1]  The Court has read the Motion and considered the representations of counsel.  Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Settlement is approved.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

3.      The Debtors are authorized to take any and all actions that may be required to implement the Settlement substantially on the terms described in the Settlement Documents.

4.      The Debtors are authorized to reject the Lease and the Guarantee and such rejections shall be deemed effective as of March 1, 2006.

5.      The Debtors are authorized to assume and assign the Sublease to Grossman on the terms set forth in the Sublease Amendment and the Sublease Assignment.

6.      Grossman's Original Proofs of Claim will be deemed amended and superseded by the Amended Proofs of Claim.

7.      The claims that Grossman has asserted in the Amended Proofs of Claim shall be deemed allowed as non-priority, unsecured claims fixed in the amount of $350,000, provided, however, that (i) its recovery on the Amended Proofs of Claim shall not exceed $350,000 in the aggregate, and (ii) if the estates of Winn-Dixie Montgomery and Winn-Dixie are substantively consolidated, Claim No. 12855 shall be deemed expunged.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ___ day of _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.