

## ATTORNEYS

OHIO · KENTUCKY · INDIANA · TENNESSEE

Kyle R. Grubbs
(513) 369-4906
KGRUBBS@FBTLAW.COM

May 10, 2006

**VIA ELECTRONIC MAIL**
Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
1800 Wachovia Bank Tower
225 Water Street
Jacksonville, Florida 32201

Re: In re Winn-Dixie Stores, Inc. et al. (the "Debtors")
Store Nos. 211 and 339 (the "Gator Leases")

Dear Ms. Jackson:

We are in receipt of your letter dated May 10, 2006 in which you advise that Sunrise Properties, Inc. ("Sunrise") was the successful bidder for the Gator Leases at the auction conducted by the Debtors on May 9, 2006. Your letter and its enclosures also indicate that although Sunrise was the successful bidder, entities known only as Summit Holdings, LLC ("Summit")(in the case of Store No. 211) and Legacy Group, LLC ("Legacy")(in the case of Store No. 339) will operate the stores which are the subject of the Gator Leases.

We are writing to inform you that Gator Carriage Partners, Ltd. and Gator Jacaranda, Ltd. (collectively, "Gator") object to the assignment of the Gator Leases to Summit and Legacy because the proposed assignee has not provided Gator with adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. The purported adequate assurance information provided by the Debtors to Gator is wholly inadequate and does not provide Gator with any assurances of Summit's or Legacy's ability to perform the tenant's obligations under the Gator Leases.

The adequate assurance deficiencies include, but are not limited to, the following: (i) no information (financial, corporate structure, or otherwise) is provided regarding Summit or Legacy; (ii) the documents do not make it clear whether Mr. Mobarak will provide a personal guaranty of the tenant's obligations under the Gator Leases; (iii) if Mr. Mobarak will provide a guaranty, Gator requires audited financial statements of Mr. Mobarak which demonstrate sufficient net worth to fulfill all lease obligations as they arise under the Gator Leases; (iv) no information was provided to permit Gator to determine whether the proposed assignees' financial

May 10, 2006
Page 2

condition and operating performance are similar to that of the Debtors at the time of the signing of the Gator Leases; (v) no evidence has been provided which would demonstrate the proposed assignee's ability to (1) pay the purchase price for the Gator Leases, (2) invest sufficient capital to allow the stores to open for business, (3) operate the store in the manner required by the Gator Leases, and (4) satisfy the lease obligations as they come due; (vi) insufficient evidence has been provided regarding the proposed assignee's experience in the industry (including the past operating performance of any affiliated stores); (vii) no financial projections regarding the assignee's operation of the stores was provided; and (viii) there is no indication of whether the proposed assignee intends to provide a security deposit.

The foregoing list is not intended to be exhaustive, but is intended to quickly provide the Debtors with a listing of some of the types of information and assurances necessary to provide Gator with adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. Gator expressly reserves the right to require additional information as may be necessary to satisfy the requirements of section 365 of the Bankruptcy Code.

Please provide the additional information necessary to provide Gator with adequate assurance pursuant to section 365 of the Bankruptcy Code as soon as possible. Given the fast-approaching sale hearing, we intend to file a supplemental objection to the assignment of the Gator Leases to Summit and Legacy this week.

Sincerely,

**FROST BROWN TODD LLC**

By: /s/ Kyle R. Grubbs
      Kyle R. Grubbs

CINLibrary 1633126v.1



# Interactive Business Services



May 1, 2006

Esmail Mobarak
1809 East Broadway Street, Suite 328
Oviedo, FL 32765

Dear Mr. Mobarak:

We submit herewith, your Balance Sheet as of December 31, 2005.

This Financial Statement is prepared primarily for your financial guidance, and as such, our examination did not include confirmation of Assets and Liabilities. Accordingly we do not express an opinion on the accompanying statement.

Yours very truly,

INTERACTIVE BUSINESS SERVICES

Matthew Cundari
Certified Public Accountant

MC/yb
Encs.

# ESMAIL MOBARAK
## BALANCE SHEET
### AS OF DECEMBER 31, 2005

**ASSETS**

| | | |
|---|---|---|
| Personal Residence | $ | 1,900,000 |
| Checking & Savings Accounts | $ | 2,750,000 |
| Cars | $ | 120,000 |
| IRA Accounts: | $ | 52,000 |
| Brokerage Account: | $ | 1,300,000 |
| Real Estate | $ | 275,000 |
| Other Personal Assets: | $ | 540,000 |

**Business Assets:**

| | | |
|---|---|---|
| Vernon Market Place, Inc. (Mt. Vernon, NY) | $ | 2,929,000 |
| Quran Corp. (Bronx, NY) | $ | 2,818,000 |
| Amboy Market Place, Inc. (Staten Island, NY) | $ | 1,743,000 |
| Cooperative Holdings (NSA Risk Retention Group Inc. & Foodtown Cooperative) | $ | 11,356,000 |

**TOTAL ASSETS**  $ 25,783,000

**LIABILITIES AND NET WORTH**

**Liabilities**

| | | |
|---|---|---|
| Mortgage Payable - Personal Residence | $ | 584,000 |
| Secured Loans | $ | 987,000 |
| **Total Liabilities** | $ | 1,571,000 |

**Net Worth**

| | | |
|---|---|---|
| Net Worth | $ | 24,212,000 |
| **TOTAL LIABILITIES AND NET WORTH** | $ | 25,783,000 |

**PREPARED WITHOUT AUDIT**