IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 3:05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al. | ) | Chapter 11 |
| Debtors, | ) | (Jointly Administered) |

**LIMITED OBJECTION BY BENDERSON DEVELOPMENT COMPANY, LLC TO DEBTORS' AMENDED MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF**

Benderson Development Company, LLC, the managing agent for the landlord with respect to Store No. 613 located in Bradenton, Florida ("Landlord"), by and through its undersigned counsel, hereby files its limited objection to the *Debtors' Amended Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date And (C) Granting Related Relief*, (the "Motion") and in support thereof states as follows:

1. On Friday, May 12, undersigned counsel received correspondence from debtors' counsel accompanied by an unexecuted Asset Purchase Agreement (the "APA") between Winn-Dixie Stores, Inc. and Office Depot, Inc., and a proposed order granting the Motion with respect to the lease between Winn Dixie and the Landlord for Store No. 613 (the "Lease"). Landlord has certain limited objections to the APA and proposed order, set forth in greater detail below.

2. *Office Depot Should Not be Able to Assign its Rights Under the APA.*

Landlord is not a party to the APA between Winn Dixie Stores, Inc. and Office Depot, Inc., and, as a result, cannot be bound by its terms. Nevertheless, the APA states that Office Depot's rights or obligations under the APA can be assigned to a third-party, with Winn-Dixie's consent (see paragraph 17.5 of the APA). Pursuant to Section 365(f)(2) of Title 11 of the United States Code (the "Bankruptcy Code"), in order to assign an unexpired lease (i) the lease must be assumed; and (ii) the assignee must demonstrate adequate assurance of future performance under the lease. Furthermore, since Store No. 613 is located in a "shopping center" as such term is used in Section 365(b)(3) of the Bankruptcy Code, the assignee must demonstrate additional adequate assurances. On May 12, Landlord received a declaration from Office Depot, Inc. and certain financial information. Benderson has not been provided notice that Office Depot intends to assign its rights under the APA. Nevertheless, in an abundance of caution, Benderson objects to any assignment of Office Depot's rights or obligations under the APA with respect to the lease of Store 613, as it has not received any adequate assurance information for any such potential assignee. Furthermore, if this Court determines it is appropriate to authorize the assumption and assignment of this lease to an assignee of Office Depot, Landlord requests that it be provided an ample opportunity to: (i) conduct discovery to determine the proposed assignee's good faith and ability to provide adequate assurance as required under Sections 365(b)(1) and (b)(3) of the Bankruptcy Code and (ii) to determine what deposit or security should be required pursuant to Section 365(l) of the Bankruptcy Code.

3.  *The 10-day Stay Provided by Rules 6004(g) and 6006 (d) Should Not be Waived.* The proposed order (paragraph 30), seeks to waive the 10-day stay provided by Rules 6004(g) and 6006(d). A waiver of the 10-day stay provided by Rules 6004(g) and 6006 (d) should only be granted when a debtor has made an "evidentiary showing of a business exigency requiring a closing within 10 days." *See In re PSINet, Inc.,* (Bkrtcy. S.D.N.Y 2001) (cause for a waiver of rules 6004(g) and 6006(d) is not established by a generalized assertion that "an expedited closing" is required). As the advisory committee's notes reflect, a stay pending appeal is crucial to preserve the Landlord's right to contest an order authorizing assumption of the Lease. Without the protections of Bankruptcy Rules 6004(g) and 6006(d), the Landlord's due process right to appeal an order approving the assignment of the Lease would be terminated upon consummation of the sale and assignment. Any appeal, even if leave to appeal were granted, would be rendered moot by the valid assignment of the Lease. *See In re Rickel Home Centers, Inc.,* 209 F.3d 291, 298 (3d Cir. 2000) (if a stay of a sale of a lease is not obtained, any appeal becomes moot). In light of the consequences of failing to obtain a stay, it would be extremely prejudicial and inequitable to deprive the Landlord of the crucial ten-day period provided in Bankruptcy Rules 6004(g) and 6006(d).

**WHEREFORE**, for the reasons set forth herein, Landlord respectfully requests that this Court sustain its limited objection to the Motion, and for such other and further relief as this Court deems just and proper.

Dated: May 17, 2006
      University Park, Florida

                        JOEY E. SCHLOSBERG, ESQ.

                        By: /s/ Joey E. Schlosberg

                        Benderson Development Company, LLC
                        8441 Cooper Creek Boulevard
                        University Park, Florida 34201
                        (941) 359-8303
                        (941) 359-1836 (facsimile)

                                 -and-

                        KELLEY, DRYE & WARREN, LLP
                        James S. Carr
                        Robert L. LeHane
                        101 Park Avenue
                        New York, New York 10178
                        (212) 808-7573
                        (212) 808-7897 (facsimile)
                        rlehane@kelleydrye.com

                        Attorneys for Benderson
                        Development Company, LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this 17th day of May, 2006, served a copy of the foregoing electronically and by facsimile to:

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

-and-

Cynthia C. Jackson
Smith Huley & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

/s/ Joey E. Schlosberg
OF COUNSEL