**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| WINN DIXIE STORES, INC., et al | Case No. 05-03817-JAF |
| Debtors. / | (Jointly Administered) |

**OBJECTION BY LANDLORD, T/A WESTERN, LLC (STORE NO. 217), TO DEBTORS' AMENDED MOTION FOR ORDER (A) AUTHORIZING THE SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF (DOCKET NO. 7517)**

Creditor TA/WESTERN, LLC, the landlord of Store No. 217 (the "Landlord"), files its Objection to Debtor's Amended Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief (Docket No. 7517) and in support of its Objection, alleges:

**BACKGROUND**

1. On April 11, 2006, the Debtors (Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates; collectively, the "Debtors") filed a Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief [Docket No. 7092] (the "Sale Motion").

2. On April 28, 2006, the Debtors filed an Amended Motion for Order (A) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief [Docket No. 7517] (the "Amended Sale Motion").

3. On April 25, 2006 the Landlord filed its Objection to Debtors' Proposed Cure Amount For Store Number 217 (the "Cure Objection") [Docket No. 7401]. The Landlord supplements and

amends its Cure Objection by this pleading.

4. On May 15, 2006, the Landlord filed its Amended and Supplemental Objection to Debtors' Proposed Cure Amount for Store Number 217 [Docket No. 7836].

5. The Debtors operate Winn-Dixie Store No. 217 on the Landlord's property located in Pompano Beach, Florida.  The Debtor and the Landlord entered into the lease for Store No. 217 on May 10, 1988, as amended, evidenced by (a) the lease dated May 10, 1988, (b) the letter agreement dated January 17, 1989, (c) the Supplemental Lease Agreement dated November 13, 1989, (d) the First Amendment to Lease dated August 1, 1990, and (e) the Second Amendment to Lease dated November 30, 1997 (collectively, the "Lease"), copies of all of which are collectively attached as Exhibit "A".

6. Pursuant to the Debtors' Amended Sale Motion, on Tuesday, May 11, 2006 the Debtors held an auction of the leasehold interests and other assets for thirty-five (35) Winn Dixie store locations, including the one for Store #217.  After the conclusion of that auction the Debtors notified the Landlord that the successful high bidder for Store #217 was Wal-Mart Stores, Inc. and provided the Landlord with copies of the notice of filing and hearing for the sale of the Lease on Store #217, the form of Asset Purchase Agreement between the Debtors and Wal-Mart, the Wal-Mart financial declaration and the proposed form of order that Debtors intend to submit to the Court at the hearing to approve the sale of the lease on Store #217 scheduled for May 18, 2006.

**GROUNDS FOR OBJECTION**

7. Landlord, the Debtors and Wal-Mart have been discussing the matters that Landlord raises in this Limited Objection in a sincere effort to resolve the issues prior to the hearing scheduled for May 18, 2006, at 1:00 p.m.  The Debtors and Wal-Mart have addressed some of the matters raised in this Limited Objection.  Because the deadline for filing landlord objections is today, however, Landlord files this objection in order to preserve and not waive its rights.

8. The Asset Purchase Agreement proposed by Debtor provides for a "go dark" period of

eighteen (18) months, which is not commercially reasonable and will cause Landlord to incur additional damages and possibly an increased cure claim.  Four other tenants in the shopping center where Store #217 is located have leases with provisions that give them the right to significantly reduce their rent and/or terminate their leases as a result of lengthy and unreasonable "go dark" periods such as provided for under the Wal-Mart APA.  One of those tenants has already notified the Landlord of its intention to significantly reduce its rent because Winn Dixie has already closed and ceased operating Store #217.

9.   Certain provisions of the proposed order approving the sale of the Store 217 leasehold are contradictory.  For example, paragraph Q of the order states that the cure amount will be determined at a hearing at a later date.  In paragraph 13 of the Order it states that the Debtors will pay the cure amount at closing, thus satisfying the Landlord's claims as they relate to the cure amount.

10.   The proposed closing statement on the closing of Wal-Mart's purchase of the leasehold on Store #217 does not include a line item for an escrow of any cure amount.  The proposed order approving the sale to Wal-Mart provides that the Debtor and Landlord dispute the cure amount and that dispute will be decided by the Court at a hearing at a date and time after the closing.  The Debtor should not be permitted to close the sale of the leasehold on Store #217 without having to pay at closing any non-disputed cure amount and having to escrow a sum sufficient to pay the maximum claimed cure amount.

11.   The proposed order provides:  (a) in paragraph S that no default exists under Code Section 365(b)(2)(D); in paragraph 5, that all "shopping center" related provisions of the Code have been satisfied; (c)   that any rights under the lease that are exclusive to the Debtor are "unenforceable restrictions on assignment;" (d) in paragraphs 13 and 16, that all of landlord's claims and interests will be satisfied at closing by the Debtors' payment of the cure amount, that all defaults under the lease (365(b)(2)) will be paid and satisfied by the Debtors and that no further monetary defaults exist under §365(b)(1) or otherwise, even though in this instance the Debtor is not paying the cure amount at closing; and (e) in paragraph 21, that all non-debtor parties (ie:  Landlord) are forever estopped and enjoined from

contesting the cure amount, even though the cure amount will not be determined until a later hearing date. The allegations in these provisions of the proposed order are in some instances ambiguous, they conflict with other provisions of the order, and/or these allegations are either inaccurate or not yet known. The Landlord objects to these provisions being included in the order or the final form of the Order being signed by the Court at the May 18 hearing.

12. Paragraph 30 of the proposed order states that the Landlord shall sign any documents that Wal-Mart may request in order to continue with the permitting and construction process. The order should say, instead, either that the Landlord shall sign any documents "reasonably" requested by Wal-Mart that would be expected by the parties and common in the industry for the type of work and permitting being undertaken by Wal-Mart.

WHEREFORE, Landlord respectfully requests that the Court sustain this Limited Objection and grant such other and further relief as may be deemed just and proper under the circumstances.

Dated: <u>May 15, 2006</u>

          Respectfully submitted,

          **SCRUGGS & CARMICHAEL, P.A.**

          <u>/s/ Karen K. Specie, Esquire</u>
          **KAREN K. SPECIE, ESQUIRE**
          Post Office Box 23109
          Gainesville, FL 32602
          Telephone: 352-376-5242
          Facsimile: 352-375-0690
          Florida Bar No. 260746
          Attorney for Terranova Corp.

          **TEW CARDENAS LLP**
          **THOMAS R. LEHMAN, P.A.**
          **CASANDRA PEREZ, ESQUIRE**
          Four Seasons Tower, 15th Floor
          1441 Brickell Avenue
          Miami, Florida 33131
          Telephone: 305-536-1112
          Facsimile: 305-536-1116
          Florida Bar No. 351318

**CERTIFICATE OF SERVICE**

     **I HEREBY CERTIFY** that the foregoing *Limited Objection by T/A Western, LLC, to Debtor's Amended Motion for Order (A) Authorizing the Sale of Additional Stores, Etc.* was electronically filed with the US Bankruptcy Court on this 17th day of May, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, **aravin@skadden.com**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **D. J. Baker, djbaker@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, **cjackson@smithhulsey.com**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esq. , john.macdonald@akerman.com,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; **John Longmire, esq.,** Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099 **jlongmire@willkie.com**; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

                                         /s/ Terri L. Darden