Hearing Date & Time: May 18, 2006, 1:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | CHAPTER 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**LIMITED OBJECTION OF LANDLORDS, HECHT PROPERTIES, LTD., VIOLA GAUTIER, JAMES KRAMER, TRUSTEE AND JEFFREY LEFCOURT, TRUSTEE, TO DEBTORS' AMENDED MOTION FOR ORDER (A) AUTHORIZING SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OR ALTERNATIVELY, REJECTION OF LEASES AND ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF**

Hecht Properties, Ltd., a Florida limited partnership, Viola Gautier, James Kramer, trustee, and Jeffrey Lefcourt, trustee (collectively, the "Landlords"), object to the Debtors' Amended Motion for Order (A) Authorizing Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (B) Authorizing Assumption and Assignment or Alternatively, Rejection of Leases and Establishing a Claims Bar Date and (C) Granting Related Relief, dated April 28, 2006 (Docket No. 7517), as it relates to Store No. 215. In opposition to the motion, the Landlords state:

1.	The Landlords own and lease to the debtors the real property and improvements located at 2145 Northeast 164th Street, North Miami Beach, Florida, pursuant to a lease dated July 23, 1958, as amended, renewed and assigned (collectively, the "Lease"). The debtors have, at least until recently, operated one of their grocery stores at this location. In their motion, the debtors refer to the site as Store No. 215.

2.	The Lease is an unexpired lease, as such term is used in section 365 of the Bankruptcy Code. The debtors have neither assumed nor rejected the Lease. Rather, the debtors have sought and obtained four extensions of the time to assume or reject the Lease. The most

recent such extension was by an order, dated March 10, 2006 (Docket No. 6472), extending the deadline to the date on which the debtor's as-yet unfiled plan of reorganization becomes effective.

3. The debtors are in default of their obligations under the Lease by having failed to pay (a) prepetition ad valorem taxes in the amount of $11,023.67; and (b) prepetition "percentage rental" in the amount of $19,970.70. In addition, post-petition percentage rental will have accrued through June 30, 2006 in an unknown amount, payable August 29, 2006.

4. By their motion and as subsequently noticed on May 10, 2006 (Docket No. 7744), the debtors request, inter alia and as related to Store No. 215, authority to assume and assign the Lease to 99 Cent Supercenter LLC ("Supercenter") for the sum of $80,000.[1] As cure of the defaults under the Lease, the debtors propose to pay the Landlords the sum of $11,023.67. As adequate assurance of Supercenter's future performance, the debtors offer the Declaration of 99 Cent Supercenter LLC. The debtors also request the elimination of the 10-day stay provided by rule 6006(d) of the Federal Rules of Bankruptcy Procedure.

5. The Landlords object to the proposed assumption and assignment of the Lease because (a) the cure amount is insufficient; and (b) the assurances of future performance are inadequate. The Landlords also object to the elimination of the 10-day stay period provided by rule 6006(d) of the Federal Rules of bankruptcy Procedure.

6. The cure amount is short by $19,970.70, the amount due for prepetition percentage rental for the fiscal year ended June 30, 2005. The obligation to pay the percentage rental arises pursuant to paragraph 6.(d) of the Second Amendment to Lease, dated May 1, 1973, which provides in pertinent part:

> Lessee agrees to pay to Lessor a percentage rental equal to the amount, if any, by which one percent (1%) of Lessee's gross sales made from the demised premises

---

[1] The purchase price includes certain fixtures, equipment and supplies related to Store No. 215, as described in the motion.

- 2 -

**DAVID C. PROFILET, P.A.**
P.O. Box 402768 ♦ Miami Beach, FL 33140-0768                               Telephone (305) 531♦8741
Email dprofilet@the-beach.net                                              Facsimile (305) 532♦4108

in each fiscal year ending June 30th exceeds Sixty Thousand Nine Hundred Fifty and no/100 Doillars ($60,950.00).

Any excess rent which may become due by reason of the percentage of sales provision shall be payable by Lessee within sixty (60) days after the expiration of each fiscal year.

7. The Landlords calculated the amount due for prepetition percentage rental based on the amount of percentage rental tendered by the debtors for the post-petition portion of the year ended June 30, 2005. To date, the debtors have not explained their opposition to payment of the full amount the Landlords claim is required to cure the defaults.

8. In addition, Supercenter's Declaration is wholly inadequate to assure the Landlords of Supercenter's future performance under the Lease. Attached to the Declaration are what purport to be Supercenter's most recently available balance sheet and income statement, under cover of a letter from accountant Leslie E. Dolin, dated January 5, 2006. The balance sheet is as of December 31, 2004, and the income statement is for the year then ended. They are almost a year and half out-of-date and not even prepared until January of this year.

9. Moreover, the balance sheet and income statement are merely a compilation prepared by the accountant. The accountant acknowledges the omission of substantially all of the disclosures required by generally accepted accounting principles while failing to acknowledge the omission of a statement of cash flows required by generally accepted accounting principles.

10. The accountant neglects to state, as required by the Statements on Standards for Accounting and Review Services, that "if the omitted disclosures were included in the financial statements, they might influence the user's conclusions about the company's financial position, results of operations, and cash flows. Accordingly, these financial statements are not designed for those who are not informed about such matters."

11. Obviously the Landlords are in no position to be informed about the matters not disclosed by Supercenter's financial statements any better than the Court is.

- 3 -

**DAVID C. PROFILET, P.A.**

P.O. Box 402768 ♦ Miami Beach, FL 33140-0768                                                         Telephone (305) 531♦8741
Email dprofilet@the-beach.net                                                                         Facsimile (305) 532♦4108

12. Finally, the Declaration says nothing about the future performance of the obligation to pay percentage rental. Given that it is an amount to be paid based in large part on the debtors' gross sales for the period July 1, 2005 through the date of the assumption and assignment, the Landlords believe the amount should be disclosed up front with a specific commitment from Supercenter to pay it together with any additional percentage rental due for the period from the date of the assumption and assignment through June 30, 2006.

13. Under the circumstances, the Declaration is inadequate to provide adequate assurance of Supercenter's future performance as required by section 365 of the Bankruptcy Code.

14. The debtors should be denied authority to assume and assign the Lease to Supercenter

15. The 10-day stay should not be eliminated.

Dated: May 17, 2006

>DAVID C. PROFILET, P.A.
>Attorneys for Hecht Properties, Ltd., a
>Florida limited partnership, Viola Gautier,
>James Kramer, Trustee, and Jeffrey
>Lefcourt, Trustee
>P.O. Box 402768
>Miami Beach, FL 33140-0768
>(305) 531-8741
>(305) 532-4108 (facsimile)
>dprofilet@the-beach.net
>
>By: /s/ David C. Profilet
>     David C. Profilet
>     (Fla. Bar No. 516650)