# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COME NOW Robert Olea and Samantha Olea (the "Movants"), by and through the undersigned counsel, and pursuant to 11 U.S.C. §362(d), move this Court to grant relief from the automatic stay provisions of 11 U.S.C. §362(d), and in support of his Motion, states as follows:

1. Winn-Dixie Stores, Inc. (the "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, on February 21, 2005.

2. The Movants are currently Plaintiffs in an action pending in the Circuit Court of Montgomery County, Alabama captioned as *Robert Olea and Samantha Olea v. First Coast Pallet, Inc.; Southeast Unloading, LLC; Kerry Myrick; et al.* bearing case number CV 06-122. Neither the Debtor, nor any of its related entities, are defendants in that litigation. However, Defendant, Kerry Myrick, in that litigation filed a Motion to Stay asserting that he is an employee of Winn-Dixie Logistics, Inc. and that, as such, any conduct complained of in the Complaint were for alleged acts committed in the line and scope of his employment with the Debtor and the relief provided pursuant to 11 U.S.C. section 362 should likewise be granted to him.[1] After the

---

[1] Upon information and belief, Defendant Myrick is not an employee of the Debtor. See correspondence from Sedgwick Claims Management Services, Inc. attached to this motion as Exhibit "A" and "B."

Circuit Court denied the motion to stay, the Debtor filed its complaint for injunctive relief before this Court, which is currently pending as *Winn-Dixie Stores, Inc., et al. v. Robert Olea and Samantha Olea*, Adversary Proceeding No. 3:06-ap-00164-JAF.  The Movants have likewise filed a Motion to Dismiss that adversary proceeding.

3. However, if the Court finds that the Debtor does have some liability in the state court case such that property of the Debtor's estate could be affected, upon information and belief, Movants' claim is covered under a policy of liability insurance issued to the Debtor by or through an insurance carrier that has not yet been disclosed by the Debtor and is the subject of ongoing discovery.

4. Movants request relief from the Automatic Stay in order to pursue recovery within the limits of the applicable insurance policy.

5. Debtor has no equity in the insurance coverage and the policy is not necessary to an effective reorganization.

6. Movants' claims against the Debtor are controlled by the applicable statutory and case law of Alabama.  The courts in Alabama provide a more appropriate forum than this Court for the determination of such claims.

7. Movants have a right to a trial by jury and wishes to preserve that right, and wish to have their claims tried before a jury in Alabama.

8. Other defendants, including but not necessarily limited to, First Coast Pallet, Inc. and Southeast Unloading, Inc., must be included in any litigation arising out of the Movants' claims.  Such action, therefore, will necessarily involve other parties over whom the Bankruptcy Court may lack jurisdiction and full relief may not be accorded to the parties to the action

without Debtor's presence in the lawsuit.

9. Because of the available liability insurance coverage, a modification of the Automatic Stay as requested herein will not prejudice the Debtor, the Estate, or other Creditors.

10. Granting relief from the Automatic Stay is in the best interest of judicial economy and the expeditious and economical determination of the litigation.

11. The facts as alleged herein constitute "cause" for granting relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1).

WHEREFORE, PREMISES CONSIDERED, Robert Olea and Samantha Olea request this Honorable Court to enter an Order modifying the Automatic Stay imposed by 11 U.S.C. §362 to permit them to proceed with the prosecution of his claims in any Court having jurisdiction over said claims and over the Debtor in Alabama. Movants request such other, further and different relief to which he may be entitled in the premises.

/s/C. Steven Ball  
C. Steven Ball (Alabama Bar No. 5126-A64C)  
One of the Attorneys for Robert and Samantha Olea

BENTON & CENTENO, LLP  
2019 Third Avenue North  
Birmingham, Alabama 35203  
Phone: 205-278-8000  
Fax: 205-278-8008  
sball@bcattys.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system, which will send notification of such filing to all parties requesting electronic service, and, served a copy of the above and foregoing upon the below-listed persons/entities by depositing a copy of same in the United States mail, properly addressed, first-class postage prepaid, as follows:

G:\wpusers\LRB\Olea 2394\P-motion for relief from stay.wpd

Leanne McKnight Prendergast
225 Water Street, Suite 1800
Jacksonville, FL 32202

D.J. Baker
Four Times Square
New York, New York 10036

                                                  /s/ C. Steven Ball
                                                  C. Steven Ball