Store Nos.
643
659
738

## LIST OF EXHIBITS

Exhibit A-1   –   Schedule of Stores
Exhibit A-2   –   Schedule of Leases; Property Descriptions
Exhibit B   –   Allocation Schedule
Exhibit C   –   Form of Bill of Sale
Exhibit D   –   Form of Closing Statement
Exhibit E   –   Form of Conveyance Instrument
Exhibit F   –   Confidentiality Agreement
Exhibit G   –   Schedule of Excluded Personal Property
Exhibit H   –   Schedule of Permitted Encumbrances
Exhibit I   –   Schedule of Included Personal Property

EXHIBIT A-1
To Asset Purchase Agreement

<u>List of Stores</u>

| Store No. | Street Address | City | County | State |
|-----------|----------------|------|--------|-------|
| 643 | 4479 Gandy Blvd. | Tampa | Hillsborough | Florida |
| 659 | 5400 Clark Road | Sarasota | Sarasota | Florida |
| 738 | 4015 Santa Barbara Blvd. | Naples | Collier | Florida |
| | | | | |

Exhibit A-1

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

**EXHIBIT A-2**
**TO ASSET PURCHASE AGREEMENT**

DESCRIPTION OF LEASES AND RELATED LAND

SEE SEPARATE FOLLOWING PAGES FOR
Store Nos. 643, 659 and 738

Exhibit A-2

EXHIBIT A-2
TO ASSET PURCHASE AGREEMENT

<u>DESCRIPTION OF LEASES AND RELATED LAND</u>

**WINN-DIXIE STORE # 643**
Tampa, Florida

<u>Lease</u>:

> *Lease Agreement* dated September 6, 1996 between R.V. Management Company, as Landlord, and Winn-Dixie Stores, Inc., as Tenant;
>
> As evidenced by *Short Form Lease* dated September 6, 1996, recorded in Book 8275, Page 1836, of the public records of Hillsborough County, Florida.

<u>Amendments</u>:

> NONE

<u>Other Documents Affecting the Lease</u>:

> Letter dated September 8, 1996 from The Principal Financial Group to Winn-Dixie Stores, Inc. (Notice of assignment of rents).

<u>Premises</u>:

> That certain store building and related improvements located at 4479 Gandy Blvd., Tampa, Hillsborough County, Florida.

<u>Legal Description</u>:

> The real property as more particularly described as follows:
>
>> SEE LEGAL DESCRIPTION ATTACHED

<u>Sublease(s)</u>:

> NONE

<u>Amendments to Sublease(s)</u>:

> N/A

Exhibit A-2

EXHIBIT A-2 (Cont'd.)

LEGAL DESCRIPTION – STORE #643

Parcel I:

Parcel A of GANDY COMMERCIAL PLAZA, according to the map or plat thereof recorded in Plat Book 76, Page 70, of the Public Records of Hillsborough County, Florida.

Parcel II:

Parcel "B" of GANDY COMMERCIAL PLAZA, according to the map or plat thereof recorded in Plat Book 76, Page 70, of the Public Records of Hillsborough County, Florida.

Parcel III:

Together with the rights, interests and easements created in that certain Declaration of Covenants, Conditions, Restrictions, Reciprocal Easements and Operation Agreements Relating to Gandy Commercial Plaza executed by Roberds, Inc., an Ohio Corporation, dated November 29, 1995, recorded in Book 7967, Page 147.

Parcel IV:

Together with those certain appurtenant easements created in that certain Easement Agreement by and between Roberds, Inc., an Ohio Corporation and Ames Realty II, Inc., a Delaware Corporation, recorded August 17, 1995 in Book 7493, Page 181, as modified by that certain Easement Modification and Clarification Agreement by and between Roberds, Inc., an Ohio Corporation and Worsley Group L.L.C., a North Carolina Corporation Limited Liability Company, recorded November 29, 1995 in Book 7967, Page 133, as assigned and assumed by that certain Specific Partial Assignment and Assumption Agreement recorded December 19, 1995 in Book 7989, Page 1192, in, over and across the following described property.

A Tract of land in the Southeast 1/4 of the Southeast 1/4 of Section 5 and the Northeast 1/4 of the Northeast 1/4 of Section 8, Township 30 South, Range 18 East, described as follows:

Beginning at the Southwest corner of Lot 3 in Block 15 of BAYBRIDGE REVISED, according to the map or plat thereof in Plat Book 10, Page 30 of the Public Records of Hillsborough County, Florida; run thence North 01°00'00" East along the West boundary of said Lot 3 and along the East boundary of Tracts 2 and 3 of GUERNSEY ESTATES, according to the map or plat thereof recorded in Plat Book 32, Page 15 of the Public Records of Hillsborough County, Florida, a distance of 146.71 feet; thence South 88°19'58" East, a distance of 253.30 feet; thence South 02°23'00" West, a distance of 147.00 feet to the North right-of-way of Gandy Boulevard; thence along said North right-of-way line, North 88°16'00" West, a distance of 249.75 feet to the POINT OF BEGINNING.

Exhibit A-2

EXHIBIT A-2
TO ASSET PURCHASE AGREEMENT

DESCRIPTION OF LEASES AND RELATED LAND

**WINN-DIXIE STORE # 659**
Sarasota, Florida

Lease:

    *Amended and Restated Lease* dated March 18, 1999 between SKS Properties, L.C., as Landlord, and Winn-Dixie Stores, Inc., as Tenant; which lease amends and restates *Lease* dated December 11, 1997 between William A. Saba and Winn-Dixie Stores, Inc., as Tenant, as modified by *First Addendum to Lease* dated July 28, 1998;

    As evidenced by *Amended and Restated Short Form Lease* dated March 18, 1999, recorded as Instrument # 1999041734 of the public records of Sarasota County, Florida.

Amendments:

    *Supplemental Lease Agreement* dated October 14, 1999 between Winn-Dixie Stores, Inc., and SKS Properties, L.C.

Other Documents Affecting the Lease:

    NONE

Premises:

    That certain store building and related improvements located at 5400 Clark Road, Sarasota, Sarasota County, Florida.

Legal Description:

    The real property as more particularly described as follows:

        SEE LEGAL DESCRIPTION ATTACHED

Sublease(s):

    NONE

Amendments to Sublease(s):

    N/A

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

EXHIBIT A-2 (Cont'd.)

LEGAL DESCRIPTION – STORE #659

PARCEL "B":

A PARCEL OF LAND LYING AND BEING IN THE NORTHWEST 1/4 OF SECTION 13, TOWNSHIP 37 SOUTH, RANGE 18 EAST, SARASOTA COUNTY, FLORIDA, AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE NORTHWEST CORNER OF SECTION 13, TOWNSHIP 37 SOUTH, RANGE 18 EAST, SARASOTA COUNTY, FLORIDA; THENCE SOUTH 89°35'24" EAST ALONG THE NORTH LINE OF SAID SECTION 13, A DISTANCE OF 368.75 FEET; THENCE SOUTH 00°24'36" WEST, 59.40 FEET TO INTERSECT THE SOUTHERLY RIGHT-OF-WAY LINE OF STATE ROAD 72 (ALSO KNOWN AS CLARK ROAD) AS SHOWN ON RIGHT-OF WAY MAP FOR STATE PROJECT NO. 17070-2527, DATED 3/20/92; THENCE SOUTH 00°15'28" WEST, 224.81 FEET; THENCE SOUTH 15°18'28" EAST 40.41 FEET FOR A POINT OF BEGINNING; THENCE EAST, A DISTANCE OF 353.77 FEET; THENCE SOUTH, A DISTANCE OF 67.60 FEET; THENCE EAST, A DISTANCE OF 57.75 FEET; THENCE SOUTH, A DISTANCE OF 720.93 FEET; THENCE WEST, A DISTANCE OF 47.78 FEET; THENCE SOUTH, A DISTANCE OF 50.19 FEET; THENCE WEST, A DISTANCE OF 132.54 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE LEFT, HAVING A RADIUS OF 51.50 FEET, A CENTRAL ANGLE OF 50°09'39", A TANGENT LENGTH OF 24.10 FEET, A CHORD BEARING OF SOUTH 64°55'10" WEST, AND A CHORD LENGTH OF 43.66 FEET; THENCE ALONG THE ARC OF SAID CURVE AN ARC LENGTH OF 45.09 FEET TO THE POINT OF REVERSE CURVATURE OF A CURVE TO THE RIGHT, HAVING: A RADIUS OF 56.45 FEET, A CENTRAL ANGLE OF 50°09'39", A TANGENT LENGTH OF 26.42 FEET, A CHORD BEARING OF SOUTH 64°55'10" WEST AND A CHORD LENGTH OF 47.86 FEET; THENCE ALONG THE ARC OF SAID CURVE, AN ARC LENGTH OF 49.42 FEET TO THE POINT OF TANGENCY OF SAID CURVE; THENCE NORTH 90°00'00" WEST, A DISTANCE OF 99.29 FEET; THENCE NORTH, A DISTANCE OF 411.82 FEET TO A POINT ON A CURVE TO THE RIGHT, HAVING: A RADIUS OF 384.51 FEET, A CENTRAL ANGLE OF 11°48'43", A TANGENT LENGTH OF 39.78 FEET, A CHORD BEARING OF NORTH 24°44'03" EAST, AND A CHORD LENGTH OF 79.13 FEET; THENCE ALONG THE ARC OF SAID CURVE, AN ARC LENGTH OF 79.27 FEET TO A POINT ON A CURVE TO THE LEFT, HAVING: A RADIUS OF 136.50 FEET, A CENTRAL ANGLE OF 17°12'47", A TANGENT LENGTH OF 20.66 FEET, A CHORD BEARING OF NORTH 23°39'17" EAST AND A CHORD LENGTH OF 40.85 FEET; THENCE ALONG THE ARC OF SAID CURVE, AN ARC LENGTH OF 41.01 FEET TO THE END OF SAID CURVE; THENCE NORTH, A DISTANCE OF 95.85 FEET TO THE POINT OF CURVATURE OF A CURVE TO THE LEFT, HAVING: A RADIUS OF 87.00 FEET, A CENTRAL ANGLE OF 25°29'07", A TANGENT

[continued]

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

EXHIBIT A-2 (Cont'd.)

LEGAL DESCRIPTION – STORE #659 (Cont'd.)

LENGTH OF 19.67 FEET, A CHORD BEARING OF NORTH 12°44'34" WEST AND A
CHORD LENGTH OF 38.38 FEET; THENCE ALONG THE ARC OF SAID CURVE, AN ARC
LENGTH OF 38.70 FEET TO THE POINT OF TANGENCY OF SAID CURVE; THENCE
NORTH 25°29'07" WEST, A DISTANCE OF 90.87 FEET; THENCE NORTH 25°29'07"
WEST, A DISTANCE OF 18.99 FEET TO THE POINT OF CURVATURE OF A CURVE TO
THE RIGHT, HAVING: A RADIUS OF 24.50 FEET, A CENTRAL ANGLE OF 12°56'56", A
TANGENT LENGTH OF 2.78 FEET, A CHORD BEARING OF NORTH 19°00'40" WEST
AND A CHORD LENGTH OF 5.53 FEET; THENCE ALONG THE ARC OF SAID CURVE, AN
ARC LENGTH OF 5.54 FEET TO THE POINT OF TANGENCY OF SAID CURVE; THENCE
NORTH 12°32'12" WEST, A DISTANCE OF 47.88 FEET TO THE POINT OF CURVATURE
OF A CURVE TO THE LEFT, HAVING: A RADIUS OF 25.50 FEET, A CENTRAL ANGLE
OF 12°56'56", A TANGENT LENGTH OF 2.89 FEET, A CHORD BEARING OF NORTH
19°00'40" WEST AND A CHORD LENGTH OF 5.75 FEET; THENCE ALONG THE ARC OF
SAID CURVE, AN ARC LENGTH OF 5.76 FEET TO THE POINT OF TANGENCY OF SAID
CURVE; THENCE NORTH 25°29'07" WEST, A DISTANCE OF 73.72 FEET TO THE
POINT OF BEGINNING.

LESS PARCEL B-2:

A PARCEL OF LAND LYING AND BEING IN THE NORTHWEST 1/4 OF SECTION 13,
TOWNSHIP 37 SOUTH, RANGE 18 EAST, SARASOTA COUNTY, FLORIDA, AND BEING
MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCE AT THE NORTHWEST CORNER OF SECTION 13, TOWNSHIP 37 SOUTH,
RANGE 18 EAST, SARASOTA COUNTY, FLORIDA; THENCE SOUTH 00°10'59" WEST
ALONG THE WEST LINE OF SAID NORTHWEST 1/4, A DISTANCE OF 879.85 FEET;
THENCE SOUTH 89°49'01" EAST, 435.25 FEET TO THE POINT OF BEGINNING;
THENCE NORTH 90.00 FEET; THENCE EAST 76.00 FEET; THENCE SOUTH 134.67
FEET; THENCE WEST 20.67 FEET; THENCE SOUTH 61.33 FEET; THENCE WEST 55.33
FEET; THENCE NORTH 106.00 FEET TO THE POINT OF BEGINNING.

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

EXHIBIT A-2
TO ASSET PURCHASE AGREEMENT

DESCRIPTION OF LEASES AND RELATED LAND

**WINN-DIXIE STORE # 738**
Naples, Florida

Lease:

> *Lease* dated February 5, 1996 between Gulfside Development Company, Inc., as Landlord, and Winn-Dixie Stores, Inc., as Tenant;

> As evidenced by Short Form Lease dated July 2, 1996 recorded in Book 2209, Page 168, and re-recorded in Book 2302, Page 1573 of the public records of Collier County, Florida.

Amendments:

> *Supplemental Lease Agreement* dated May 1, 1997 between Radio Road Investors Ltd., as successor Landlord, and Winn-Dixie Stores, Inc., as Tenant

Other Documents Affecting the Lease:

> NONE

Premises:

> That certain store building and related improvements located at 4015 Santa Barbara Blvd., Naples, Collier County, Florida

Legal Description:

> The real property as more particularly described as follows:

> > SEE LEGAL DESCRIPTION ATTACHED

Sublease(s):

> NONE

Amendments to Sublease(s):

> NONE

Exhibit A-2

EXHIBIT A-2 (Cont'd.)

LEGAL DESCRIPTION – STORE #738

All of Tract 11 of COUNTRYSIDE AT BERKSHIRE LAKES SECTION THREE according to the plat thereof as recorded in Plat Book 14, Pages 78 through 80, Public Records of Collier County, Florida;

LESS AND EXCEPTING THEREFROM

All that part of Tract 11, COUNTRYSIDE AT BERKSHIRE LAKES SECTION THREE, according to the plat thereof as recorded in Plat Book 14, particularly described as follows:

Commencing at the Northeast corner of Section 5, Township 50 South, Range 26 East, Collier County, Florida; thence along the North line of said Section 5 and the centerline of Radio Road North 89°35'47" West, 100.03 feet; thence leaving said line, South 1°02'39" East, 75.03 feet to the Northeast corner of said Tract 11 and the POINT OF BEGINNING of the parcel herein excepted; thence along the East line of said Tract 11, South 1°02'39" East, 180.00 feet; thence leaving said line, North 89°35'47" West, 160.00 feet; thence North 1°02'39" West, 180.00 feet to the North line of said Tract 11; thence along said North line, South 89°35'47" East, 160.00 feet to the POINT OF BEGINNING of the parcel herein excepted; Bearings are assumed based on the North line of said Section 5;

ALSO LESS AND EXCEPTING

All that part of Tract 11, according to the plat of COUNTRYSIDE AT BERKSHIRE LAKES SECTION THREE, Plat Book 14, Pages 78 through 80 being more particularly described as follows:

Commencing at the Northeast corner of said Tract 11, thence along the East line of said Tract 11 said line also being the West right-of-way line of Santa Barbara Blvd. (200' right-of-way) South 01°02'39" East, 180.00 feet to the POINT OF BEGINNING; thence continue along said East line South 01°02'39" East, 148.11 feet; thence leaving said East line South 88°57'21" West, 20.00 feet; thence Westerly 70.07 feet along the arc of a circular curve concave Northerly having a radius of 146.00 feet through a central angle of 27°29'55" and being subtended by chord which bears North 77°17'41" West, 69.40 feet to a point of reverse curvature; thence Westerly 37.06 feet along the arc of a circular curve concave Southerly having a radius of 204.00 feet through a central angle of 10°24'32" and being subtended by a chord which bears North 68°45'00" West, 37.01 feet to a point of reverse curvature; thence Northwesterly 11.53 feet along the arc of a circular curve concave Northeasterly having a radius of 10.00 feet through a central angle of 66°03'36" and being subtended by a chord which bears North 40°55'28" West, 10.90 feet to a point of reverse curvature; thence Northerly 64.42 feet along the arc of a circular curve
[Continued]

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

EXHIBIT A-2 (Cont'd.)

LEGAL DESCRIPTION – STORE #738 (Cont'd.)

concave Westerly having a radius of 179.00 feet through a central angle of 20°37'07" and being subtended by a chord which bears North 18°12'13" West, 64.07 feet, to a point of reverse curvature; thence Northerly 52.74 feet along the arc of a circular curve concave Easterly having a radius of 110.00 feet through a central angle of 27°28'08" and being subtended by a chord which bears North 14°46'43" West, 52.23 feet; thence North 01°02'39" West, 1.30 feet; thence South 89°35'47" East, 160.00 feet to the POINT OF BEGINNING; Bearings are based on said East line of Tract 11 being South 01°02'39" East;

ALONG WITH

Description of part of Tract 9 according to the plat of COUNTRYSIDE AT BERKSHIRE LAKES, SECTION THREE, Plat Book 14, Pages 78 through 80, Collier County, Florida.

All that part of Tract 9, according to the plat of COUNTRYSIDE AT BERKSHIRE LAKES, SECTION THREE, as recorded in Plat Book 14, Pages 78 through 80, Collier County Public Records, Collier County, Florida and being more particularly described as follows:

Beginning at the Northeast corner of said Tract 9, thence along the Westerly right-of-way line of Santa Barbara Boulevard South 1°02'39" East, 75.00 feet; thence leaving said line South 88°57'21" West, 60.00 feet; thence North 87°35'46" West, 759.04 feet; thence North 0°24'13" East, 50.00 feet to a point on the North line of said Tract 9; thence along said line, South 89°35'47" East, 816.66 feet to the POINT OF BEGINNING; Bearings are based on said Plat Book 14, Pages 78 through 80; Bearings are based on the North line of Tract 11, being North 89°35'47" West.

Exhibit A-2

EXHIBIT B
To Asset Purchase Agreement

Allocation Schedule

| Store No. | Store Location | Purchase Price | Initial Deposit | Second Deposit |
|---|---|---|---|---|
| 643 | 4479 Gandy Blvd. | $2,750,000.00 | $275,000.00 | $550,000.00 |
| 659 | 5400 Clark Road | $287,500.00 | $35,000.00 | $65,000.00 |
| 738 | 4015 Santa Barbara Blvd. | $287,500.00 | $35,000.00 | $65,000.00 |
|  |  |  |  |  |
| TOTAL |  | $3,325,000.00 | $345,000.00 | $680,000.00 |
|  |  |  |  |  |

**The Initial Deposit shall be the greater of (i) $35,000 or (ii) 10% of the Purchase Price.**

**The Second Deposit shall be the greater of (i) $65,000 or (ii) 20% of the Purchase Price.**

Exhibit B

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

EXHIBIT C
To Asset Purchase Agreement

Form of Bill of Sale

## BILL OF SALE

**WINN-DIXIE STORES, INC.**, a Florida corporation ("Seller"), in consideration of the mutual covenants set forth in that certain Asset Purchase Agreement dated effective May 9, 2006, among **KASH N' KARRY FOOD STORES, INC.**, a Delaware corporation ("Buyer") and Seller (the "Agreement"), does hereby grant, bargain, transfer, sell, assign and convey unto Buyer all of Seller's right, title and interest in the Assets described in the Agreement (other than the Leases and any sublease(s) or permit(s), which are subject to separate instruments of conveyance and assignment), relating to Seller's store locations as more particularly described on attached Schedule A.

This Bill of Sale is delivered by Seller to Buyer as required under the Agreement, and is made subject to the terms and conditions of the Agreement. All capitalized terms not expressly defined herein shall have the meanings ascribed to them in the Agreement.

This conveyance is made pursuant to the order of the Bankruptcy Court in *In re Winn-Dixie Stores, Inc., et al.*, Case No. 05-11063 (RDD)(Jointly Administered), United States Bankruptcy Court, Middle District of Florida, Jacksonville Division.

**IN WITNESS WHEREOF,** Seller has caused this Bill of Sale to be executed by the undersigned as of this _____ day of _____, 200____.

"SELLER"

**WINN-DIXIE STORES, INC.**, a Florida corporation

By: _____
Name: _____
Title: _____

Exhibit C

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

EXHIBIT D
To Asset Purchase Agreement

Form of Closing Statement

[See Attached Below]

Exhibit D

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1

## Exhibit D – Form of Closing Statement

## CLOSING STATEMENT

**SELLER/ASSIGNOR:**   Winn-Dixie _____, Inc., a Florida corporation

**BUYER/ASSIGNEE:**

**TRANSACTION:**   Acquisition of Leasehold Interests and Related Assets

**PURCHASE PRICE:**

|  | Store #_____ | $ | - |
|--|--|--|--|
|  | Store #_____ | $ | - |

**TOTAL PURCHASE PRICE:**   $   -

**CLOSING DATE:**   _____, 2006

### SELLER'S STATEMENT

| | | |
|--|--|--|
| **Purchase Price:** | $ | - |
| **Total Purchase Price:** | $ | - |

**Less Adjustments:**

| 1. Seller's Prorated Share of Taxes and Other Charges Payable Under Leases (1) | $ | - | | |
|--|--|--|--|--|
| **Total Adjustments:** | $ | - | $ | - |

**Plus Adjustments:**

| 1. Seller's Prorated Share of _____ 2006 Rents, and Other Charges Paid in Advance Under Leases (2) | $ | - | | |
|--|--|--|--|--|
| **Total Adjustments:** | $ | - | $ | - |

**Less Closing Costs to be Paid by Seller:**

| 1. Seller's Attorneys' Fees & Costs (Smith, Gambrell & Russell, LLP) | P.O.C. | |
|--|--|--|
| 2. Seller's Brokers Fees (The Food Partners) | P.O.C. | |
| 3. Seller's Brokers Fees (DJM Asset Management, LLC) | P.O.C. | |
| **Total Seller's Closing Costs:** | P.O.C. | P.O.C. |

| **TOTAL AMOUNT DUE TO SELLER:** | $ | - |
|--|--|--|

60391
Exhibit I-1
1 of 6

Closing Statement
Winn-Dixie Stores, Inc. S/T_____
5/12/2006

## BUYER'S STATEMENT

| | | | | |
|---|---|---|---|---|
| **Purchase Price:** | | | $ | - |
| **Total Purchase Price:** | | | $ | - |
| **Less Adjustments:** | | | | |
| 1.  Earnest Money Deposit with Escrow Agent | $ | - | | |
| 2.  Seller's Prorated Share of Taxes and | | | | |
|     Other Charges Payable Under Leases (1) | $ | - | | |
|        **Total Adjustments:** | $ | - | $ | - |
| | | | | |
| **Plus Adjustments:** | | | | |
| 1.  Seller's Prorated Share of _____ 2006 | | | | |
|     Rents, and Other Charges Paid in Advance | | | | |
|     Under Leases (3) | $ | - | | |
|        **Total Adjustments:** | $ | - | $ | - |
| | | | | |
| **Plus Closing Costs to be Paid by Buyer:** | | | | |
| 1.  Buyer's Attorney's Fees & Costs | | P.O.C. | | |
| 2.  Title Examination/Commitment Fees (3) | $ | - | | |
|     (First American Title Insurance Company) | | | | |
| 3.  Title Insurance Premiums (Leasehold) (3) | $ | - | | |
|     (First American Title Insurance Company) | | | | |
| 4.  Recording/Filing Fees | $ | - | | |
|     (First American Title Insurance Company) | | | | |
| 6.  Surveyor's Fees (4) | $ | - | | |
|     (_____) | | | | |
| 7.  Environmental Site Assessment Fees | $ | - | | |
|     (_____) | | | | |
| 8.  Documentary/Transfer Taxes | $ | - | | |
|     (First American Title Insurance Company) | | | | |
|        **Total Buyer's Closing Costs:** | $ | - | $ | - |
| **AMOUNT DUE FROM BUYER:** | | | $ | - |
| **DEPOSIT DUE FROM ESCROW AGENT:** | | | $ | - |
| **TOTAL AMOUNT DUE AT CLOSING:** | | | $ | - |

The undersigned parties acknowledge and agree to the foregoing Closing Statement as of this _____ day of _____, 2006, and hereby authorize Smith, Gambrell & Russell, LLP, as closing agent, to disburse the sums set forth herein in accordance herewith.

**SELLER/ASSIGNOR:**                                    **BUYER/ASSIGNEE:**

**WINN-DIXIE _____, INC.**, a Florida          _____

corporation                                            a _____ corporation

By:_____                            By:_____

Name:_____                            Name:_____

Title: _____ President                        Title: _____ President

**Notes:**

(1) <u>2006 Prorations – Amounts Not Yet Paid and Payable</u>.  Prorations are based on (i) estimate of 2006 real estate taxes derived from actual 2005 amounts paid by Seller in arrears in accordance with leases; and (ii) estimate of 2006 common area maintenance charges derived from actual 2005 amounts paid by Seller in arrears in accordance with applicable leases.  <u>All prorated amounts are hereby stipulated as final, and shall not be subject to readjustment after closing, notwithstanding that actual amounts when available may differ from the stipulated amounts herein</u>.  Buyer shall be responsible for the payment of such charges for 2006 and accruing from and after the closing date and subsequent years.  Prorations are as follows:

**Real Estate Taxes**

| Store # _____ | | | | Totals | |
|---|---|---|---|---|---|
| - 2006 Real Estate Taxes (estimate) | $ | - | | | |
| - Per Diem Tax Amount | $ | - | | | |
| - Seller's Share of 2006 Taxes | | | | | |
| (__/__/06 - __/__/06) (_____ days) | $ | - | $ | | - |
| Store # _____ | | | | | |
| - 2006 Real Estate Taxes (estimate) | $ | - | | | |
| - Per Diem Tax Amount | $ | - | | | |
| - Seller's Share of 2006 Taxes | | | | | |
| (__/__/06 - __/__/06) (_____ days) | $ | - | $ | | - |
| **Total Real Estate Taxes:** | | | $ | | - |

**Personal Property Taxes**

| Store # _____ | | | | | |
|---|---|---|---|---|---|
| - 2006 Personal Property Taxes (estimate) | $ | - | | | |
| - Per Diem Tax Amount | $ | - | | | |
| - Seller's Share of 2006 Taxes | | | | | |
| (__/__/06 - __/__/06) (_____ days) | $ | - | $ | | - |
| Store # _____ | | | | | |
| - 2006 Personal Property Taxes (estimate) | $ | - | | | |
| - Per Diem Tax Amount | $ | - | | | |
| - Seller's Share of 2006 Taxes | | | | | |
| (__/__/06 - __/__/06) (_____ days) | $ | - | $ | | - |
| **Total Personal Property Taxes:** | | | $ | | - |

**CAM Charges**

| Store # _____ | | | | | |
|---|---|---|---|---|---|
| - 2006 CAM Charges | $ | - | | | |
| - Per Diem Amount | $ | - | | | |
| - Seller's Share of 2006 CAM Charges | | | | | |
| (__/__/06 - __/__/06) (_____ days) | $ | - | $ | | |
| Store # _____ | | | | | |
| - 2006 CAM Charges | $ | - | | | |
| - Per Diem Amount | $ | - | | | |
| - Seller's Share of 2006 CAM Charges | | | | | |
| (__/__/06 - __/__/06) (_____ days) | $ | - | $ | | - |
| **Total CAM Charges:** | | | $ | | - |
| **Total Amount of Seller's Prorated Share** | | | | | |
| **of 2006 Prorations:** | | | $ | | - |

(2) <u>2006 Prorations - Amounts Previously Paid by Seller</u>. Prorations are based on _____, 2006 rents, insurance and other charges previously paid by Seller in accordance with applicable leases. Buyer shall be responsible for the payment of such charges that become due and payable for _____, 2006 and thereafter. Prorations are as follows:

**Rent**

Store # _____                                                                                           <u>Totals</u>
- Total _____, 2006 rent paid:           $                    -
- Per diem rent:                                            $                    -
- Buyer's prorated share
   (__/__/06 - __/__/06) (_____ days)        $                    -        $                    -

Store # _____
- Total _____, 2006 rent paid:           $                    -
- Per diem rent:                                            $                    -
- Buyer's prorated share
   (__/__/06 - __/__/06) (_____ days)        $                    -        $                    -
   **Total Amount of Buyer's Prorated Share of Prorations:**        $                    -

(3) <u>Title Premiums and Expenses</u>. Title insurance fees and costs, including title examination fees and title insurance premiums, are as follows:

Store # _____                                                                                           <u>Totals</u>
- Title Search Fees and Costs                     $                    -
- Title Premium                                          $                    -        $                    -

Store # _____
- Title Search Fees and Costs                     $                    -
- Title Premium                                          $                    -        $                    -
   **Total Amount of Title Fees and Expenses:**        $                    -

(4) <u>Survey Fees</u>. Survey fees are as follows:
   Store # _____                                        $                    -
   Store # _____                                        $                    -
   **Total Survey Fees:**                                                        $                    -

(5) <u>Utility Deposits and Charges</u>. All utility deposits will be returned to Seller directly by the respective utility companies. Seller will be responsible for payment of any portion of any utility charges attributable to utility service (including telephone service) provided through and including the date hereof. Buyer will be responsible for payment of any new utility deposits which may be assessed by the respective utility companies and for payment of any portion of such utility charges attributable to utility service provided subsequent to the date hereof. The party responsible for each share of such utility charges shall pay such charges promptly and without demand therefor. Each party agrees to indemnify and hold harmless the other party from and against liability for payment of the first party's share of such utility charges.

(6) <u>Capitalized Terms</u>. Capitalized terms used herein shall have the meanings ascribed to them in the Purchase Agreement.

## DISBURSEMENT SCHEDULE

RECEIPTS:

|   | | | | |
|---|---|---|---|---|
| 1. Deposit Due from Escrow Agent | $ | - | | |
| 2. Cash Due from Buyer | $ | - | | |
| TOTAL CASH RECEIVED: | $ | - | $ | - |

DISBURSEMENTS:

|   | | |
|---|---|---|
| 1. _____ | $ | - |
| (Survey Fees) | | |
| 2. _____ | $ | - |
| (Environmental Site Assessment Fees) | | |
| 3. First American Title Insurance Company | $ | - |
| (Title Premium & Costs, Taxes and Recdg.) | | |
| 4. Winn-Dixie Stores, Inc. | $ | - |
| (Seller's Proceeds) | | |
| TOTAL DISBURSEMENTS: | $ | - |

60391

Exhibit I-1
6 of 6

Closing Statement
Winn-Dixie Stores, Inc. S/T_____
5/12/2006

EXHIBIT E
To Asset Purchase Agreement

Form of Conveyance Instrument

**ASSIGNMENT AND ASSUMPTION OF LEASE**
[Store #643, 659, 738]

**THIS ASSIGNMENT AND ASSUMPTION OF LEASE** (this "Assignment") is made as of May 9, 2006 (the "Effective Date"), by and between **WINN-DIXIE STORES, INC.** a Florida corporation ("Assignor"), and **KASH N' KARRY FOOD STORES, INC.**, a Delaware corporation ("Assignee");

**R E C I T A L S :**

A.    Assignor, as Seller, and Assignee, as Buyer, are parties to that certain Asset Purchase Agreement dated effective May 9, 2006, as amended from time to time (the "Agreement"), pursuant to which Assignor has agreed to sell and assign, and Assignee has agreed to purchase and assume, certain assets in connection with Assignor's retail supermarket store location described on attached Schedule A (the "Premises").

B.    Under the Agreement, Assignor has agreed to assign to Assignee (i) all of Assignor's right, title and interest, as tenant or lessee, in and to the Premises pursuant to that certain Lease, together with any and all amendments thereto, as described on the attached Schedule A (the "Lease"), and all of Assignor's right, title and interest, as sublandlord or sublessor, in and to the subleases, together with all amendments thereto, described on Schedule A, (the "Subleases"), if any; and Assignee has agreed to assume and perform Assignor's liabilities and obligations arising under the Lease and the Subleases from and after the Effective Date, all subject to and in accordance with the terms of the Lease, the Subleases, the Agreement and this Assignment;

**NOW, THEREFORE**, in consideration of the premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

1.    **EFFECTIVE DATE.** This Assignment shall be effective as of the Effective Date.

2.    **ASSIGNMENT.**

    (a)    Assignor hereby assigns, transfers, and conveys unto Assignee all of Assignor's right, title, interest and obligation as tenant or lessee in and to the Lease and all of the rights, benefits and privileges of the tenant or lessee thereunder.

    (b)    Assignor hereby assigns, transfers and conveys unto Assignee all of Assignor's right, title, interest and obligation as landlord or lessor in and to the Subleases and all the rights, benefits and privileges of the landlord or

EXHIBIT E

lessor thereunder.

3.    **ASSUMPTION; ACCEPTANCE OF PREMISES.**

(a)    Assignee hereby accepts the aforesaid assignment of the Lease and assumes and agrees to pay and perform all liabilities and obligations of the tenant or lessee that accrue under the Lease from and after the Effective Date, and Assignee hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignor from and against all liabilities and obligations of the tenant or lessee that accrue under the Lease on or after the Effective Date.

(b)    Assignee hereby accepts the aforesaid assignment of the Subleases and assumes and agrees to pay and perform all liabilities and obligations of the landlord or lessor that accrue under the Subleases from and after the Effective Date, and Assignee hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignor from and against all liabilities and obligations of the landlord or lessor that accrue under the Subleases from and on or after the Effective Date.

(c)    Assignee acknowledges that it has had opportunity to make such environmental, physical, zoning, topographical, land use, survey, title and other examinations, inspections and investigations of the Premises as Assignee has determined, in its sole discretion, to be necessary and appropriate. Assignee acknowledges that the Premises is being assigned to Assignee in its "AS-IS" condition, and that possession and use of the Premises is subject to the terms of the Lease and to applicable legal requirements, title matters and rules and regulations. Taking the foregoing into consideration, Assignee has determined that the Premises is satisfactory to Assignee in all respects, and has agreed to accept the Premises in accordance with the terms and conditions of this Assignment. In making such determination, Assignee has and will rely solely on Assignee's own independent examinations, inspections and investigations of the Premises and has not relied and will not rely on any representations of Assignor. Assignee acknowledges and agrees that neither Assignor nor any of Assignor's agents, representatives or employees have made any representations to Assignee with regard to the Premises or the improvements located thereon, including, but not limited to, representations concerning the condition of the Premises or their fitness for Assignee's intended use, except as otherwise set forth in this Assignment.

4.    **NOTICES.** All notices, requests, demands, offers and other communications required or permitted to be given pursuant to this Agreement will conform to the requirements of this paragraph 4 and will be deemed to have been given for all purposes (i) as of the date and time the same is personally delivered; (ii) if given by facsimile transmission, when the facsimile is transmitted to the recipient's telefax number and confirmation of complete receipt is received by the transmitting party during normal business hours for the recipient, or the next Business Day after confirmation is received by the transmitting party if not during normal business hours for the recipient; (iii) if delivered by United States Mail, 3 days after depositing with the United States Postal Service, postage prepaid by certified mail, return receipt requested, or (iv) if given by nationally recognized or reputable overnight

Exhibit E

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Kash n' Karry Food Stores, Inc.
Store Nos. 643, 659 and 738
May 9, 2006
SGRJAX\85600.1