UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

ORDER APPROVING DEBTORS' LEASE
TERMINATION AGREEMENT FOR STORE NO. 240

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for an order under 11 U.S.C. §§ 105(a), 363 and 365 and Fed. R. Bankr. P. 6004 and 6006 (a) Authorizing the Sale of Additional Stores and Related Equipment Free and Clear of Liens, Claims and Interests, (b) Authorizing the Assumption and Assignment or Alternatively, the Rejection of Leases and Establishing a Claim Bar Date, and (c) Granting Related Relief filed with the Court on April 26, 2006 (the "Motion") (Docket No. 7517)[1].  The Court has reviewed the Motion and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested party, the Court makes the following findings of fact:

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

---

[1] All capitalized terms not otherwise defined in this Order have the same meaning provided to them in the Motion.

B. The Debtors solicited the highest or otherwise best offer for the Additional Stores in accordance with bidding procedures approved by the Court by order (Docket No. 1801) dated June 16, 2005 (the "Bidding Procedures"). The Debtors held an auction for the Additional Stores on May 9, 2006 (the "Auction"). SC Westland Promenade, L.P (the "Landlord") submitted the highest or otherwise best offer for the lease of Store 240 (the "Lease"), agreeing to a termination of the Lease, as more particularly described in the Lease Termination Agreement attached to this Order as Exhibit A (the "Termination Agreement"), for the waiver of all claims against the Debtors and their estates. In addition, the Debtors will pay the landlord $5,000 for the landlord's agreement to place a one-year restrictive use on grocery store operations provision in any lease of the property.

C. The Debtors have provided interested parties (including all parties asserting claims or interests in the Lease, if any) with proper notice of the Motion, the sale hearing, the Auction and the termination of the Lease, in accordance with 11 U.S.C. §§ 102(1), 105(a), 363 and 365, Fed. R. Bankr. P. 2002(a), 6004(a) and 6006(c), Local Rule 2002-1, the Notice Procedures Order and the Bidding Procedures Order.

D. The Debtors marketed the Lease and conducted the sale process in compliance with the Order approving the Bidding Procedures, the Bidding Procedures, the Bankruptcy Code and all other Orders entered in these cases. The bidding on the Lease and the Auction were conducted in a non-collusive, fair and good faith manner. The Debtors have given all interested parties a reasonable opportunity to make a highest or otherwise best offer for the Lease. In their sound business judgment, the Debtors determined that the bid submitted by the Landlord represented the highest or otherwise best offer for the Lease.

E. The Debtors (i) have full corporate power and authority to execute and consummate the Termination Agreement and all related documents, and the termination of the Lease has been duly and validly authorized by all necessary corporate action of the applicable Debtors; and (ii) no consents or approvals, other than those expressly provided for in the Termination Agreement, are required to consummate the transactions contemplated by the Termination Agreement.

F. The consideration the Landlord is providing to the Debtors for termination of the Lease (i) is fair and reasonable; (ii) is the highest or otherwise best offer for the Assets; and (iii) constitutes reasonably equivalent value.

G. The Debtors' termination of the Lease pursuant to the Termination Agreement will be a legal, valid, and effective termination of the Lease.

H. Notwithstanding the Termination Agreement or the Lease terms, the Debtors will have the right to remain in the premises up to the Termination Date (as defined in the Termination Agreement) to discontinue its operations and to conduct a store closing sale in accordance with the Court's Order of March 24, 2006 (Docket No. 6783) (the "Store Closing Order").

I. Until the Termination Date, the Debtors will pay all amounts and perform all obligations under the Lease in accordance with 11 U.S.C. §365(d)(3).

J. The Debtors' entry into the Termination Agreement is (i) an exercise of their sound business judgment, and (ii) in the best interests of the Debtors' estates and creditors.

K. The Court's approval of the Termination Agreement is in the best interests of the Debtors, their estates and their creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. All objections to the entry of this order or to the relief granted and requested in the Motion, including, without limitation, the Landlord's objection to the Debtors' proposed Cure Amount (Docket No. 7376), that have not been withdrawn, waived or settled at or before the hearing, are denied and overruled on the merits.

3. The Termination Agreement is approved in all respects. The Lease is terminated effective on the Termination Date.

4. Pursuant to 11 U.S.C. § 363(b), the Debtors are authorized and empowered to consummate and implement fully the Termination Agreement, together with all additional instruments and documents that may be necessary to implement the Termination Agreement. The Debtors are authorized to take all actions necessary for the purpose of assigning, transferring, granting, conveying, and conferring the Assets and the Lease to the Landlord.

5. Notwithstanding the terms of the Lease, the Debtors are authorized to remain on the premises up to the Termination Date, to discontinue operations and to conduct store closing sales on the premises pursuant to the Store Closing Order.

6. Any agreements, documents, or other instruments executed in connection with the Termination Agreement may be modified, amended, or supplemented by the parties in accordance with the terms of the Termination Agreement without further order of the Court, provided that (i) the Debtors first obtain the prior written consent of (a) the DIP Lender and (b) the Creditors' Committee, which consent will not be unreasonably withheld and (ii) any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

7. This Court retains exclusive jurisdiction to (a) enforce and implement the Termination Agreement and any other agreements and instruments executed in connection with the Termination Agreement, and (b) interpret, implement and enforce the provisions of this Order.

8. The terms and provisions of the Termination Agreement and this Order will be binding in all respects upon, and will inure to the benefit of, the Debtors, their estates, the Landlord and its respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise will be binding.

9. Within ten days after Closing, the Debtors will file a statement with the Bankruptcy Court as required by and in accordance with Rule 6004(f), Federal Rules of Bankruptcy Procedure.

Dated this 18 day of May, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to
serve a copy of this Order on all parties
who received copies of the Motion.

00532070

**EXHIBIT A**

# LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT ("Agreement") is made and entered this 25th day of May, 2006, by and between WINN-DIXIE STORES, INC., ("Tenant"), and SC WESTLAND PROMENADE LIMITED PARTNERSHIP, a Florida limited partnership ("Landlord").

## WITNESSETH

WHEREAS, on or about October 21, 1993, Tenant and Landlord entered into a lease agreement (the "Lease"), with respect to certain retail space (the "Premises") in a building located in Hialeah, Florida (a/k/a, Store #240) with the following legal description:

Tracts "A","B", and "C" of HIALEAH PROMENADE according to the Plat thereof as recorded in Plat Book 138, at Page 93, of the Public Records of Dade County, Florida. A resubdivision of a portion of the S.W.1/4 of the S.W.1/4 of Section 2- Township 53 South- Range 40 East, and a portion of Tracts 31 & 32 of "Florida Fruit and Company's Subdivision No. 1", lying in the N.W.1/4 of Section 11 – Township 53 South – Range 40 East, recorded in Plat Book 2, Page 17 Public Records Dade County, Florida, City of Hialeah, Dade County, Florida (the "Building");

WHEREAS, Landlord and Tenant desire to terminate the Lease and any and all other agreements relating to the Premises in their entirety, pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, for and in consideration of the foregoing recitals, the payments and mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which the parties hereby acknowledge, Landlord and Tenant hereby agree as follows:

1. **Recitals.** The foregoing recitals are true and correct and are incorporated herein by reference.

2. **Termination.** Subject to the timely making of the Termination Payment pursuant to paragraph 3 below, effective as of May 31, 2006 (the "**Termination Date**"), the Lease and the leasehold estate created thereby are hereby terminated and are of no further force or effect thereafter. From and after the Termination Date, neither Landlord, Tenant, nor any of Landlord or Tenant's affiliates, subsidiaries, successors, assigns, officers, directors or employees, nor any of their predecessors or successors in interest, shall have any further rights, obligations, responsibilities or duties to the other under the Lease, or any modifications, extensions or amendments thereto. The Landlord hereby acknowledges and agrees that Tenant has fulfilled all of Tenant's covenants and obligations under the Lease with respect to the Premises applicable to the period prior to and including the Termination Date, including the payment of all rent and other amounts due through and including the Termination Date.

{W:\Bankrupt\5766\0001/M0306087 v.1; 5/16/2006 05:26 PM}    1 of 6

Lease Termination Agreement
Store #240
Winn-Dixie Stores, Inc./SC Westland
May 25, 2006
SGRJAX\85913.1

3. **Termination Payment.** Upon Landlord's execution of this Agreement, Tenant shall agree to pay the law firm of Kluger, Peretz, Kaplan and Berlin P.L. $5,000.00 (the "**Termination Payment**") and Landlord agrees to waive any and all pre-petition claims it has or had against Tenant. The Termination Payment is a fee for Landlord's release of Tenant from further liability under the Lease, and is not and shall not be considered to be a payment of Rent or Advance Rent under any circumstances.

4. **Additional Considerations.** In addition to waiving any and all pre-petition claims, Landlord agrees not to operate, or allow a tenant to operate, a supermarket in the Premises until June 30, 2007. Nothing in this provision prohibits Landlord from leasing the Premises to a supermarket and allowing said supermarket from building out its premises or constructing its interior improvements prior to June 30, 2007.

5. **Release and Indemnification.** Each party to this Agreement, for and on behalf of its officers, directors, shareholders, personal representatives, employees, agents, insurers, affiliates, parent corporations, subsidiaries, predecessors, successors and assigns (each a "**Releasing Party**"), hereby releases, indemnifies and forever discharges the other party, and its officers, directors, shareholders, personal representatives, employees, agents, insurers, affiliates, parent corporations, subsidiaries, predecessors, successors and assigns (each a "**Released Party**" and collectively, the "**Released Parties**") of and from any and all actions, suits, debts, claims, liabilities, controversies, damages and demands, whether in law or in equity, known and unknown, foreseen and unforeseen, or which any officer, director, beneficiary, personal representative, employee, agent, predecessor, successor or assign of a Releasing Party hereafter can, shall or may have against any Released Party or in any way arising out of or related to the Premises, the Amended Lease or the termination thereof (the "**Claims**"). Each party to this Agreement hereby acknowledges and agrees that it is its specific intention, through this Agreement and with the advice of independent counsel of their selection, to fully, finally and forever settle and release all Claims, and agrees to execute such additional documentation as may reasonably be necessary in order fully and properly to effectuate the intent of the parties as set forth in this Agreement. The terms of this paragraph shall survive the termination of the Amended Lease.

6. **Surrender of Property.** Landlord and Tenant acknowledge that Tenant has surrendered and vacated the Premises in accordance with the Amended Lease and this Agreement. Landlord hereby accepts the Premises, including all structures and improvements located thereon, in "AS IS" and "WHERE IS" condition, it being expressly understood that Tenant has made no representations or warranties with respect to such Premises.

7. **Tenant's Release.** Tenant hereby releases all of its right, title and interest in and to the Premises under and by virtue of the Lease and any amendments, renewals or extensions thereof.

{W:\Bankrupt\5766\0001\M0306087 v.1; 5/16/2006 05:26 PM}   2 of 6

Lease Termination Agreement
Store #240
Winn-Dixie Stores, Inc./SC Westland
May 25, 2006
SGRJAX\85913.1

8. **Representation and Warranty.** Each party to this Agreement hereby acknowledges and agrees that it has not relied on any representations, warranties, statements, promises or agreements by the other party, express or implied, in executing this Agreement. The terms of this paragraph shall survive the termination of the Amended Lease.

9. **Authority to Execute.** The individuals executing this Agreement on behalf of the parties hereto represent and warrant that they are duly authorized to execute this Agreement on behalf of such party and that such Agreement is binding and enforceable against such party.

10. **No Admission of Liability.** This Agreement shall not be construed as an admission of liability on the party of any of the parties.

11. **Severability.** Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance or regulation, the latter shall prevail, but the provisions of this Agreement which are affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. Notwithstanding the foregoing, upon any finding by a court of competent jurisdiction that this Agreement is illegal, void, unenforceable or invalid, each of the parties hereto hereby agrees to execute a release and waiver of all Claims that is legal, valid and enforceable.

12. **Modifications and Amendments.** No amendment, change or modification of this Agreement shall be valid unless in writing and signed by each of the parties hereto.

13. **Successors and Assigns.** All of the terms and provisions contained herein shall inure to the benefit of and shall be binding upon the parties hereto and their respective heirs, legal representatives, successors, and assigns.

14. **Entire Agreement.** This Agreement constitutes the entire understanding and agreement of the parties hereto with respect to its subject matter, and any and all prior agreements, understands and representations with respect to its subject matter, whether written or oral, express or implied, are hereby terminated and are of no further force and effect.

15. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall for all purposes be deemed an original and all of which together shall constitute one and the same instrument.

16. **Governing Law.** This Agreement shall be governed under the laws of the State of Florida.

17. **Venue.** Any dispute arising under this Agreement shall be litigated in the Bankruptcy Court of the Middle District of Florida, Jacksonville Division.

{W:\Bankrupt\5766\0001/M0306087 v.1; 5/16/2006 05:26 PM}   3 of 6

Lease Termination Agreement
Store #240
Winn-Dixie Stores, Inc./SC Westland
May 25, 2006
SGRJAX\85913.1

18. **Bankruptcy Court Approval.** This Agreement shall only become binding on the parties in the event it is approved by a final non-appealable order entered by the Bankruptcy Court currently presiding over the Tenant's Bankruptcy proceedings.

[SIGNATURES APPEARING ON THE NEXT PAGE]

{W:\Bankrupt\5766\0001/M0306087 v.1; 5/16/2006 05:26 PM}    4 of 6

Lease Termination Agreement
Store #240
Winn-Dixie Stores, Inc./SC Westland
May 25, 2006
SGRJAX\85913.1

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the date first set forth above.

TENANT:

**WINN-DIXIE STORES INC.:**

By: _____

Its: **Bennett L. Nussbaum**  SENIOR VICE PRESIDENT

LEGAL APPROVED
ATTY: CBC
DATE: 5/16/06

Reviewed By
XRoads
Date: 5/16/06

STATE OF FLORIDA
COUNTY OF DUVAL

The foregoing instrument was acknowledged before me this 17th day of May, 2006, by **Bennett L. Nussbaum**, as Senior Vice President of Winn-Dixie Stores, Inc., on behalf of the corporation. He/she is personally known to me or has produced _____ (type of identification) as identification.

_Susan E. Magaddino_
NOTARY PUBLIC

SUSAN E. MAGADDINO
Notary Public, State of Florida
My Comm. Expires Nov. 15, 2009
Comm. No. DD 491248

(Print, Type or Stamp Commissioned Name of Notary Public)

{W:\Bankrupt\5766\0001/M0306087 v.1; 5/16/2006 05:26 PM}   5 of 6

Lease Termination Agreement
Store #240
Winn-Dixie Stores, Inc./SC Westland
May 25, 2006
SGRJAX\85913.1

LANDLORD:

SC WESTLAND PROMENADE LIMITED PARTNERSHIP

**By:** _____

**Its:** _____

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2006, by _____, as _____ of SC Westland Promenade Limited Partnership, on behalf of the partnership. He/she is personally known to me or has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

{W:\Bankrupt\5766\0001/M0306087 v.1; 5/16/2006 05:26 PM}   6 of 6

Lease Termination Agreement
Store #240
Winn-Dixie Stores, Inc./SC Westland
May 25, 2006
SGRJAX\85913.1