21.0 **Consent to Jurisdiction.** THE BANKRUPTCY COURT WILL HAVE JURISDICTION OVER ALL MATTERS, INCLUDING ANY LEGAL ACTION, SUIT OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, ANY RELATED AGREEMENTS, OR THE CONTEMPLATED TRANSACTIONS AND THE INTERPRETATION, IMPLEMENTATION AND ENFORCEMENT OF THIS AGREEMENT, AND THE PARTIES HERETO IRREVOCABLY SUBMIT AND CONSENT TO SUCH JURISDICTION.

Buyer and Seller further agree that service of any process, summons, notice or document by U.S. registered mail to any such party's respective address set forth in paragraph 17.1 of this Agreement will be effective service of process for any action, suit or proceeding with respect to any matters to which it has submitted to jurisdiction as set forth above. Each of Buyer and Seller irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement in the Bankruptcy Court, and irrevocably and unconditionally waives and agrees not to plead or claim in such court that any such action, suit or proceeding brought in such court has been brought in an inconvenient forum. If a court finds that subject-matter jurisdiction is not available in the Bankruptcy Court, Buyer and Seller hereby agree to submit any and all disputes arising out of this Agreement to the jurisdiction and venue of the U.S. District Court for the Middle District of Florida, Jacksonville Division, or if such court will not have jurisdiction, then to the appropriate courts of the State of Florida sitting in Duval County, Florida.

22.0 **HSR Filings.** The parties anticipate that the transactions contemplated herein are exempt from review and filing under the HSR Act. However, if for any reason the transactions contemplated herein are determined to be subject to regulatory review and clearance or approval under the HSR Act, then either Buyer or Seller will have the right, exercisable prior to satisfaction of the Approval Condition by giving notice of such decision to the other within 5 Business Days after receiving written notice of such HSR Act requirements, to terminate this Agreement and thereafter neither of the parties will have any further rights or obligations hereunder; provided, however, that if Buyer is not then in breach of this Agreement, then Buyer will be entitled to the return from the Escrow Agent of the Deposit. This termination right is not exercisable after satisfaction of the Approval Condition. If neither party exercises its right of termination as provided above, or if such right of termination is not longer exercisable, then Seller and Buyer will seek regulatory approval or HSR clearance and prepare and submit, in a timely manner, all necessary filings for Seller and Buyer in connection with this Agreement under the HSR Act and the rules and regulations thereunder, and it will be a condition precedent to the obligations of both Buyer and Seller that all such required HSR Act approvals or clearance are obtained, as provided in paragraphs 11.2 and 12.2 above. In such latter event, Seller and Buyer will request expedited treatment of such HSR Filing by the Federal Trade Commission, will make promptly any appropriate or necessary subsequent or supplemental filings, and will furnish to each other copies of all HSR Filings at the same time as they are filed with the appropriate governmental authority except to the extent such party is legally restricted from providing or believes, based where appropriate on the advice of counsel, that it should not provide such copies, as Buyer's sole remedies, Seller will assign to Buyer any rights it may have, and is entitled to assign, to recover insurance proceeds or to receive condemnation

Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot Inc.
Store Nos. 310, 613 & 695
May 9, 2006
SGRJAX\85339.3

33

compensation and will promptly pay over and deliver to Buyer any such proceeds or compensation received by it.

23.0 **Disclaimers and Waivers.**

    23.1 **NO RELIANCE ON DOCUMENTS.** EXCEPT FOR THE EXPRESS REPRESENTATIONS AND WARRANTIES SET FORTH IN **PARAGRAPHS 6.0 AND 7.0** HEREOF (THE "**CONTRACT WARRANTIES**"), SELLER MAKES NO REPRESENTATION OR WARRANTY AS TO THE TRUTH, ACCURACY OR COMPLETENESS OF ANY MATERIALS, DATA OR INFORMATION DELIVERED BY OR ON BEHALF OF SELLER TO BUYER IN CONNECTION WITH THE TRANSACTION CONTEMPLATED HEREBY. EXCEPT AS PROVIDED IN THIS AGREEMENT, BUYER ACKNOWLEDGES AND AGREES THAT ALL MATERIALS, DATA AND INFORMATION DELIVERED OR MADE AVAILABLE BY SELLER OR ANY AFFILIATE TO BUYER IN CONNECTION WITH THE TRANSACTION CONTEMPLATED HEREBY (WHETHER DELIVERED OR MADE AVAILABLE ORALLY, IN WRITING, IN ELECTRONIC FORMAT OR ON THE MERRILL WEBSITE) ARE PROVIDED TO BUYER AS A CONVENIENCE ONLY AND THAT ANY RELIANCE ON OR USE OF SUCH MATERIALS, DATA OR INFORMATION BY BUYER WILL BE AT THE SOLE RISK OF BUYER. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, EXCEPT AS PROVIDED IN THIS AGREEMENT, BUYER ACKNOWLEDGES AND AGREES THAT (A) ANY TITLE, ENVIRONMENTAL, ENGINEERING, SALES, FINANCIAL OR OTHER REPORT WITH RESPECT TO THE ASSETS WHICH IS DELIVERED OR MADE AVAILABLE BY SELLER OR ANY AFFILIATE TO BUYER WILL BE FOR GENERAL INFORMATIONAL PURPOSES ONLY, (B) BUYER WILL NOT HAVE ANY RIGHT TO RELY ON ANY SUCH REPORT DELIVERED BY SELLER OR ANY AFFILIATE TO BUYER, BUT RATHER WILL RELY ON ITS OWN INVESTIGATIONS AND ANY REPORTS COMMISSIONED BY BUYER WITH RESPECT THERETO, AND (C) NEITHER SELLER, ANY AFFILIATE OF SELLER NOR THE PERSON WHICH PREPARED ANY SUCH REPORT DELIVERED OR MADE AVAILABLE BY SELLER OR ANY AFFILIATE TO BUYER WILL HAVE ANY LIABILITY TO BUYER FOR ANY INACCURACY IN OR OMISSION FROM ANY SUCH REPORT.

    23.2 **Disclaimers.** EXCEPT FOR THE CONTRACT WARRANTIES, BUYER UNDERSTANDS AND AGREES THAT SELLER IS NOT MAKING AND HAS NOT AT ANY TIME MADE ANY WARRANTIES OR REPRESENTATIONS OF ANY KIND OR CHARACTER, EXPRESSED OR IMPLIED, WITH RESPECT TO THE ASSETS, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTIES OR REPRESENTATIONS AS TO HABITABILITY, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, TITLE, ZONING, TAX CONSEQUENCES, LATENT OR PATENT PHYSICAL OR ENVIRONMENTAL CONDITION, UTILITIES, OPERATING HISTORY OR PROJECTIONS, VALUATION, GOVERNMENTAL APPROVALS, THE COMPLIANCE OF THE ASSETS WITH LAWS, THE ABSENCE OR PRESENCE OF HAZARDOUS MATERIALS OR OTHER TOXIC SUBSTANCES (INCLUDING WITHOUT LIMITATION MOLD OR ANY MOLD CONDITION), COMPLIANCE WITH ENVIRONMENTAL LAWS, THE TRUTH, ACCURACY OR COMPLETENESS OF ANY DOCUMENTS,

Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot Inc.
Store Nos. 310, 613 & 695
May 9, 2006
SGRJAX\85339.3

34

MATERIALS, REPORTS OR OTHER INFORMATION PROVIDED OR MADE AVAILABLE BY OR ON BEHALF OF SELLER OR ANY AFFILIATE TO BUYER, OR ANY OTHER MATTER OR THING REGARDING THE ASSETS. EXCEPT AS PROVIDED IN THIS AGREEMENT, BUYER ACKNOWLEDGES AND AGREES THAT UPON CLOSING SELLER WILL SELL AND CONVEY TO BUYER AND BUYER WILL ACCEPT THE ASSETS "<u>AS IS, WHERE IS, WITH ALL FAULTS</u>". EXCEPT AS PROVIDED IN THIS AGREEMENT, BUYER HAS NOT RELIED AND WILL NOT RELY ON, AND NEITHER SELLER NOR ANY AFFILIATE IS LIABLE FOR OR BOUND BY, ANY EXPRESSED OR IMPLIED WARRANTIES, GUARANTIES, STATEMENTS, REPRESENTATIONS OR INFORMATION PERTAINING TO THE ASSETS OR RELATING THERETO PROVIDED OR MADE AVAILABLE BY OR ON BEHALF OF SELLER OR ANY AFFILIATE, OR ANY REAL ESTATE BROKER OR AGENT REPRESENTING OR PURPORTING TO REPRESENT SELLER OR ANY AFFILIATE, TO WHOMEVER MADE OR GIVEN, DIRECTLY OR INDIRECTLY, ORALLY, IN WRITING, IN ELECTRONIC FORMAT OR ON THE MERRILL WEBSITE, OTHER THAN THE CONTRACT WARRANTIES.

BUYER ACKNOWLEDGES THAT BUYER'S ACCESS AND INSPECTION RIGHTS HAVE BEEN LIMITED AS SET FORTH IN THIS AGREEMENT AND THAT BUYER UNDERSTANDS THE RISKS ASSOCIATED WITH PURCHASING THE ASSETS ON THE BASIS OF SUCH LIMITED INVESTIGATIONS. BUYER REPRESENTS TO SELLER THAT NOTWITHSTANDING SUCH LIMITATIONS BUYER HAS CONDUCTED SUCH INVESTIGATIONS AS BUYER DEEMS NECESSARY TO SATISFY ITSELF AS TO THE CONDITION OF THE ASSETS AND THE EXISTENCE OR NONEXISTENCE OR CURATIVE ACTION TO BE TAKEN WITH RESPECT TO ANY HAZARDOUS MATERIALS OR TOXIC SUBSTANCES ON OR DISCHARGED FROM THE ASSETS (INCLUDING WITHOUT LIMITATION ANY MOLD OR MOLD CONDITION), AND WILL RELY SOLELY UPON SAME AND NOT UPON ANY INFORMATION PROVIDED BY OR ON BEHALF OF SELLER OR ITS AFFILIATES, AGENTS OR EMPLOYEES WITH RESPECT THERETO, OTHER THAN THE CONTRACT WARRANTIES. UPON CLOSING, BUYER WILL ASSUME THE RISK THAT ADVERSE MATTERS, INCLUDING BUT NOT LIMITED TO, CONSTRUCTION DEFECTS AND ADVERSE PHYSICAL AND ENVIRONMENTAL CONDITIONS, MAY NOT HAVE BEEN REVEALED BY BUYER'S INVESTIGATIONS, AND BUYER, UPON CLOSING, WILL BE DEEMED TO HAVE WAIVED, RELINQUISHED AND RELEASED SELLER AND SELLER'S AFFILIATES (AND THEIR RESPECTIVE OFFICERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES AND AGENTS) FROM AND AGAINST ANY AND ALL CLAIMS, DEMANDS, CAUSES OF ACTION (INCLUDING CAUSES OF ACTION IN TORT OR UNDER ANY ENVIRONMENTAL LAW), LOSSES, DAMAGES, LIABILITIES (WHETHER BASED ON STRICT LIABILITY OR OTHERWISE), LOSSES, DAMAGES, LIABILITIES, COSTS AND EXPENSES (INCLUDING ATTORNEYS' FEES AND COURT COSTS) OF ANY AND EVERY KIND OR CHARACTER, KNOWN OR UNKNOWN, WHICH BUYER MIGHT HAVE ASSERTED OR ALLEGED AGAINST SELLER AND SELLER'S AFFILIATE'S (AND THEIR RESPECTIVE OFFICERS, DIRECTORS, SHAREHOLDERS, EMPLOYEES AND AGENTS) AT ANY TIME BY REASON OF OR ARISING OUT OF ANY

Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot Inc.
Store Nos. 310, 613 & 695
May 9, 2006
SGRJAX\85339.3

35

**LATENT OR PATENT CONSTRUCTION DEFECTS OR PHYSICAL CONDITIONS, VIOLATIONS OF ANY APPLICABLE LAWS (INCLUDING, WITHOUT LIMITATION, ANY ENVIRONMENTAL LAWS) AND, EXCEPT AS PROVIDED IN THIS AGREEMENT, ANY AND ALL OTHER ACTS, OMISSIONS, EVENTS, CIRCUMSTANCES OR MATTERS REGARDING THE ASSETS.**

**BUYER AGREES THAT SHOULD ANY INVESTIGATION, CLEANUP, REMEDIATION OR REMOVAL OF HAZARDOUS SUBSTANCES OR OTHER ENVIRONMENTAL CONDITIONS (INCLUDING WITHOUT LIMITATION ANY MOLD OR MOLD CONDITION) ON OR RELATED TO THE ASSETS BE REQUIRED AFTER THE DATE OF CLOSING, NEITHER SELLER NOR ANY AFFILIATE WILL HAVE NO LIABILITY TO BUYER TO PERFORM OR PAY FOR SUCH INVESTIGATION, CLEAN-UP, REMOVAL OR REMEDIATION, AND BUYER EXPRESSLY WAIVES AND RELEASES ANY CLAIM TO THE CONTRARY.**

**BUYER FURTHER ACKNOWLEDGES THAT, EXCEPT AS PROVIDED IN THIS AGREEMENT, (1) THE CONTRACT WARRANTIES AS TO ANY STORE WILL NOT SURVIVE THE CLOSING FOR SUCH STORE BUT WILL MERGE INTO THE CONVEYANCE INSTRUMENT FOR SUCH STORE, AND WILL HAVE NO FURTHER FORCE OR EFFECT AFTER THE CLOSING FOR SUCH STORE AND (2) THE LIABILITY OF SELLER UNDER OR WITH RESPECT TO THE CONTRACT WARRANTIES WILL BE LIMITED TO THE EXPRESS REMEDIES OF BUYER SET FORTH IN THIS AGREEMENT.**

**BUYER REPRESENTS AND WARRANTS THAT THE TERMS OF THE DISCLAIMERS, WAIVERS AND RELEASES CONTAINED HEREIN AND THEIR CONSEQUENCES HAVE BEEN COMPLETELY READ AND UNDERSTOOD BY BUYER, AND BUYER HAS HAD THE OPPORTUNITY TO CONSULT WITH, AND HAS CONSULTED WITH, LEGAL COUNSEL OF BUYER'S CHOICE WITH REGARD TO THE TERMS OF SUCH DISCLAIMERS, WAIVERS AND RELEASES. BUYER ACKNOWLEDGES AND WARRANTS THAT BUYER'S EXECUTION OF THESE DISCLAIMERS, WAIVERS AND RELEASES IS FREE AND VOLUNTARY.**

23.3    Effect and Survival of Disclaimers.  Seller and Buyer acknowledge that the provisions of this paragraph 23.0 are an integral part of the transactions contemplated in this Agreement and a material inducement to Seller to enter into this Agreement and that Seller would not enter into this Agreement but for the provisions of this paragraph 23.0.  Seller and Buyer agree that the provisions of this paragraph 23.0 will survive Closing or any earlier termination of this Agreement.

[SIGNATURE PAGE FOLLOWS]

Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot Inc.
Store Nos. 310, 613 & 695
May 9, 2006
SGRJAX\85339.3

36

**IN WITNESS WHEREOF**, Buyer and Seller have executed this Agreement as of the Effective Date.

Signed, sealed and delivered
in the presence of the following
subscribing witnesses:

*Susan Magaddino*
Name: SUSAN MAGADDINO

*Rebecca L. Sawyer*
Name: REBECCA L. SAWYER

Signed, sealed and delivered
in the presence of the following
subscribing witnesses:

Name: _____

Name: _____

**SELLER:**

**WINN-DIXIE STORES, INC.,**
a Florida corporation

By: _____
Name: Bennett L. Nussbaum
Title: SENIOR VICE PRESIDENT

LEGAL APPROVED
ATTY: CBT
**BUYER:**     DATE: 5/15/a   XRoads
                              Date: _____

**OFFICE DEPOT, INC.,**
a Delaware corporation

By: _____
Name: Chuck Rubin
Title: President, North America Retail

By: _____
Name: Patricia McKay
Title: Chief Financial Officer

By: _____
Name: John Robert Koch
Title: Senior Vice President, Real Estate and Construction

[NOTE: WITNESSES AND OTHER FORMALITIES OF EXECUTION
TO BE CONFORMED TO APPLICABLE STATE REQUIREMENTS, IF ANY]

Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot Inc.
Store Nos. 310, 613 & 695
May 9, 2006
SGRJAX\85339.3

37

**IN WITNESS WHEREOF,** Buyer and Seller have executed this Agreement as of the Effective Date.

**SELLER:**
**WINN-DIXIE STORES, INC.,**
a Florida corporation

By: _____
Name: _____
Title: _____

**BUYER:**

**OFFICE DEPOT, INC.,**
a Delaware corporation

By: _____[signature] 5/17/06_____
Name: Chuck Rubin
Title:   President, North America Retail

Witness
[signature]
Linda Feigin

WITNESS:
[signature]
ELIZABETH A. HAMILTON

Reviewed and approved as to form and legality by: Office Depot Legal Department

Attorney / Paralegal: ___EAH___
Date: 5/18/06

Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot Inc.
Store Nos. 211, 310, 372, 613, 695, 719, 735 613 & 695
May 1,9, 2006
SGRJAX/8041

39

Acknowledged and agreed this  /8th  day of  May , 2006 for the limited purposes set forth in paragraph 18.0 of this Agreement:

**ESCROW AGENT:**

**SMITH, GAMBRELL & RUSSELL, LLP**

By: _____
Name: Douglas G. Stanford
Title:  Partner

Schedule of Exhibits

| | | |
|---|---|---|
| Exhibit A-1 | – | Schedule of Stores |
| Exhibit A-2 | – | Schedule of Leases; Property Descriptions |
| Exhibit B | – | Allocation Schedule |
| Exhibit C | – | Form of Bill of Sale |
| Exhibit D | – | Form of Closing Statement |
| Exhibit E | - | Form of Conveyance Instrument |
| Exhibit F | – | Confidentiality Agreement |
| Exhibit G | – | Schedule of Excluded Personal Property |
| Exhibit H | – | Schedule of Permitted Encumbrances |

Store Nos.:
310
613
695

# LIST OF EXHIBITS

| | | |
|---|---|---|
| Exhibit A-1 | – | Schedule of Stores |
| Exhibit A-2 | – | Schedule of Leases; Property Descriptions |
| Exhibit B | – | Allocation Schedule |
| Exhibit C | – | Form of Bill of Sale |
| Exhibit D | – | Form of Closing Statement |
| Exhibit E | – | Form of Conveyance Instrument |
| Exhibit F | – | Confidentiality Agreement |
| Exhibit G | – | Schedule of Excluded Personal Property |
| Exhibit H | – | Schedule of Permitted Encumbrances |

EXHIBIT A-1
To Asset Purchase Agreement

List of Stores

| Store No. | Street Address | City | County | State |
|---|---|---|---|---|
| 310 | 4460 Weston Road | Davie | Broward | FL |
| 613 | 4502 E State Road 64 | Bradenton | Manatee | FL |
| 695 | 33650 US Highway 19 N | Palm Harbor | Pinellas | FL |

Exhibit A-1

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot, Inc.
Store Nos. 310, 613, 695
May 9, 2006
SGRJAX\85453.1

EXHIBIT A-2
TO ASSET PURCHASE AGREEMENT

DESCRIPTION OF LEASES AND RELATED LAND

WINN-DIXIE STORE #310
Davie, Florida

Lease:

    Lease dated July 14, 1997 between REC Development, Inc. as Landlord, and Winn-Dixie Stores, Inc., as Tenant;

    As evidenced by Short Form Lease dated July 14, 1997, recorded in Volume 27792, Page 0683, of the public records of Broward County, Florida.

Amendments:

    First Amendment to Lease dated February 26, 1998 between Martin Square, L.P., as Landlord and Winn-Dixie Stores, Inc., as Tenant;

    As evidenced by First Amendment to Short Form Lease dated February 26, 1998, recorded in Volume 27792, Page 0688, of the public records of Broward County, Florida;

    Second Amendment to Lease dated October 9, 1998 between Martin Square, L.P., as Landlord and Winn-Dixie Stores, Inc., as Tenant;

    As evidenced by Second Amendment to Short Form Lease dated October 9, 1998, recorded in Volume 28947, Page 78, of the public records of Broward County, Florida;

    Supplement Lease Agreement dated March 6, 2000 between Martin Square, L.P., as Landlord and Winn-Dixie Stores, Inc., as Tenant.

Premises:    That certain store building and related improvements located at 4460 Weston Road, Davie, Broward County, Florida.

Legal Description:    The real property as more particularly described as follows:

SEE ATTACHED LEGAL DESCRIPTION

Sublease(s): None.

Amendments to Sublease(s): None.

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot, Inc.
Store Nos. 310, 613, 695
May 9, 2006
SGRJAX\85453.1

EXHIBIT A-2 (Cont'd.)
TO ASSET PURCHASE AGREEMENT

LEGAL DESCRIPTION -STORE #310

Parcel A, of ICW SOUTH, according to the Plat thereof as recorded in Plat Book 163, Page(s) 45, of the Public Records of Broward County, Florida; LESS AND EXCEPT THEREFROM THE FOLLOWING THREE (3) PARCELS:

Outparcel "A":
A portion of Parcel A, of ICW SOUTH, according to the Plat thereof as recorded in Plat Book 163, Page(s) 45, of the Public Records of Broward County, Florida, being more particularly described as follows: Commence at the Northwest corner of said Parcel A; thence along the West line of said Parcel A, South 01°38'32" East (bearing basis) 647.08 feet to the Point of Beginning; thence North 88°21'38" East 215.02 feet; thence South 01°38'22" East 107.42 feet to a point on a 109.54 foot radius non-tangent curve concave to the Northeast whose radius point bears North 88°26'26" East; thence Southeasterly along said curve through a central angle of 74°06'25" an arc distance of 141.68 feet to a point of non-tangency; thence South 01°27'53" East 32.74 feet to the South boundary of said Parcel A; thence along said South boundary South 88°37'04" West 294.31 feet to the Southwest corner of said Parcel A; thence along the West line of said Parcel A, North 01°38'32" West 244.31 feet to the Point of Beginning.

Outparcel "B":
A portion of Parcel A, of ICW SOUTH, according to the Plat thereof as recorded in Plat Book 163, Page(s) 45, of the Public Records of Broward County, Florida, being more particularly described as follows: Commence at the Northwest corner of said Parcel A; thence along the West line of said Parcel A, South 01°38'32" East (bearing basis) 647.08 feet; thence North 88°21'38" East 215.02 feet; thence North 85°27'56" East 327.42 feet to the Point of Beginning; thence North 88°21'37" East 186.98 feet to the Easterly boundary of said Parcel A; thence along said Easterly boundary South 01°38'32" East 229.74 feet to the Southeast corner of said Parcel A; thence along the South boundary of said Parcel A South 83°54'16" West 187.56 feet; thence North 01°38'22" West 244.32 feet to the Point of Beginning.

Outparcel "C":
A portion of Parcel A, of ICW SOUTH, according to the Plat thereof as recorded in Plat Book 163, Page(s) 45, of the Public Records of Broward County, Florida, being more particularly described as follows: Commence at the Northwest corner of said Parcel A; thence along the West line of said Parcel A South 01°38'32" East (plat bearing) 396.70 feet to the Point of Beginning; thence North 88°21'38" East 215.02 feet; thence South 01°38'22" East 198.70 feet to a point of curvature of a 10.00 foot radius curve concave to the Northwest; thence Southwesterly along said curve through a central angle of 90°00'00" an arc distance of 15.71 feet to a point of tangency; thence South 88°21'38" West 116.88 feet to a point of curvature of a 30.00 foot radius curve concave to the North; thence Westerly along said curve through a central angle of 23°33'23" an arc distance of 12.33 feet to a point of reverse curvature of a 30.00 foot radius curve concave to the South; thence Westerly along said curve through a central angle of 23°33'23" an arc distance of 12.33 feet to a point of tangency; thence South 88°21'38" West 64.15 feet to the West line of said Parcel A; thence along said West line North 01°38'32" West 203.70 feet to the Point of Beginning.

Exhibit A-2

EXHIBIT A-2
TO ASSET PURCHASE AGREEMENT

DESCRIPTION OF LEASES AND RELATED LAND

WINN-DIXIE STORE #613
Bradenton, Florida

Lease: Lease dated April 18, 1985 between CCI Development, Inc., as landlord ("Original Landlord"), and Winn-Dixie Stores, Inc., as Tenant;

As evidenced by Short Form Lease dated April 18, 1985, recorded in Volume 1130, Page 0899, of the public records of Manatee County, Florida.

Amendments:

Supplemental Lease Agreement dated March 17, 1986 between CCI Development, Inc., as Original Landlord, and Winn-Dixie Stores, Inc., as Tenant;

Amendment of Lease dated October 16, 1990 between APD Braden, Inc., as successor-in-interest to Original Landlord ("Successor Landlord"), and Winn-Dixie Stores, Inc., as Tenant;

Second Amendment to Lease dated May 1, 1998 between Nathan Benderson, Randall Benderson and David H. Baldauf as Trustees under a Trust Agreement dated December 29, 1995, known as the Ronald Benderson 1995 Trust and Wayne M. Ruben, as successors-in-interest to Successor Landlord ("Landlord") and Winn-Dixie Stores, Inc., as Tenant;

As evidenced by Amendment to Short Form Lease dated May 1, 1998, recorded in Volume 1558, Page 1980, of the public records of Manatee County, Florida;

Second Supplemental Lease Agreement dated February 22, 1999 between Nathan Benderson, Randall Benderson and David H. Baldauf as Trustees under a Trust Agreement dated December 29, 1995, known as the Ronald Benderson 1995 Trust and Wayne M. Ruben, as successors-in-interest to Successor Landlord ("Landlord") and Winn-Dixie Stores, Inc., as Tenant.

Premises: That certain store building and related improvements located at 4502 E. State Road 64, Bradenton, Manatee County, Florida.

Legal Description: The real property as more particularly described as follows:

SEE ATTACHED LEGAL DESCRIPTION

Sublease(s): None.

Amendments to Sublease(s): None.

Exhibit A-2

EXHIBIT A-2 (Cont'd.)
TO ASSET PURCHASE AGREEMENT

LEGAL DESCRIPTION -STORE #613

All that certain piece, parcel or tract of land, lying and being situated in the City of Bradenton, County of Manatee, State of Florida, together with all improvements thereon or to be constructed thereon and all appurtenances thereto belonging or anywise appertaining, more particularly described as follows, to wit:

From the Northwest corner of the Southwest 1/4 of Section 28, Township 34 South, Range 18 East, Run South 00°00'49" East, along the West line of said Southwest 1/4, a distance of 49.70 feet to the South right-of-way line of State Road 64; and South 08°22'00" East, along said South right-of-way line, a distance of 2297.30 feet to the Point of Beginning; thence continue South 89°22'00" East, along said South right-of-way line, a distance of 228.00 feet; thence South 00°38'00" West, a distance of 308.35 feet; thence South 89°22'00" East, a distance of 140.00 feet; thence North 00°38'00" East, a distance of 307.64 feet to a point on the arc of a curve to the right whose radius point bears South 01°54'57" West, at a distance of 2814.79 feet, said point also being on the said South right-of-way line of State Road 64; thence Easterly along said South right-of-way line and the arc of said curve through a central angle of 03°24'16", a distance of 167.25 feet; thence South 00°38'00" West, a distance of 298.93 feet, thence South 03°27'00" East, a distance of 348.00 feet; thence North 08°39'00" East, a distance of 248.36 feet to a point on the arc of a curve to the right whose radius point bears South 17°28'55" West; at a distance of 2814.79 feet; said point also being on the said South right-of-way line of State Road 64; thence Easterly along said South right-of-way line and the arc of said curve through a central angle of 00°36'18", a distance of 28.72 feet, thence South 00°23'18" West, a distance of 341.28 feet to the North line of SPICEWOOD CONDOMINIUM at a point on the arc of a curve to the left whose radius point bears South 15°18'53" West, a distance of 1807.79 feet; thence along said North line the following two courses; Westerly along the arc of said curve through a central angle of 18°40'53", a distance of 622.04 feet to the P.T. of said curve; and North 89°22'00" West, a distance of 465.00 feet to the East line of RIVER ISLES SUBDIVISION; thence North 00°35'00" East, along said East line, a distance of 142.42 feet; thence South 69°22'00" East, a distance of 394.27 feet; thence West 00°38'00" East, a distance of 426.23 feet; thence North 89°22'00" West, a distance of 384.22 feet; thence North 00°38'00" East, a distance of 30.00 feet; thence South 89°22'00" East, a distance of 180.00 feet; thence North 00°39'00" East, a distance of 308.35 feet to the Point of Beginning. Lying and being in Section 28, Township 34 South, Range 18 East, Manatee County, Florida.

(Continued next page)

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot, Inc.
Store Nos. 310, 613, 695
May 9, 2006
SGRJAX\85453.1

EXHIBIT A-2 (Cont'd.)
TO ASSET PURCHASE AGREEMENT

LEGAL DESCRIPTION -STORE #613

TOGETHER WITH:

ACCESS EASEMENT

From the Northwest corner of the Southwest 1/4 of Section 28, Township 34 South, Range 18 East, run South 00°00'49" East, along the West line of said Southwest 1/4, a distance of 49.70 feet to the South right-of-way line of State Road 64; and South 89°22'00" East, along said South right-of-way line, a distance of 2137.30 feet; and South 00°30'00" West, a distance of 309.35 feet to the Point of Beginning; thence continue South 00°36'00" West, a distance of 30.00 feet; thence North 89°22'00" West, a distance of 275.58 feet to the East right-of-way line of 43rd Street East; thence North 00°38'00" East, along said East right-of-way line, a distance of 30.00 feet; thence South 89°22'00" East, a distance of 275.58 feet to the Point of Beginning. Lying and being in Section 28, Township 34 South, Range 18 East, Manatee County, Florida.

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot, Inc.
Store Nos. 310, 613, 695
May 9, 2006
SGRJAX\85453.1

EXHIBIT A-2
TO ASSET PURCHASE AGREEMENT

DESCRIPTION OF LEASES AND RELATED LAND

WINN-DIXIE STORE #695
Palm Harbor, Florida

Lease:

    Lease dated September 18, 1996 between WDPH VENTURE, as Landlord and WINN-DIXIE STORES, INC., as Tenant;

    As evidenced by Short Form Lease dated September 10, 1996, recorded October 30, 1996 in Book 9508, Page 2227, public records of Pinellas County, Florida.

Amendments:

    First Amendment to Short Form Lease dated August 4, 1997 between WDPH VENTURE, as Landlord and WINN-DIXIE STORES, INC., as Tenant;

    Supplemental Lease Agreement dated January 16, 1998 between Robert M. Green and Nancy E. Beach, not individually but as Trustees of the Virgil D. Green Family Trust; Robert M. Green and Nancy E. Beach, not individually, but as Trustees of the Green Land Trust; and R.M. Green Corporation, as Landlord and WINN-DIXIE STORES, INC., as Tenant.

Premises:    That certain piece, parcel or tract located at 33650 U. S. Highway 19 N., Palm Harbor, Pinellas County, Florida.

Legal Description:    The real property as more particularly described as follows:

    SEE ATTACHED LEGAL DESCRIPTION

Sublease(s): None.

Amendments to Sublease(s): None.

Exhibit A-2

EXHIBIT A-2 (Cont'd.)
TO ASSET PURCHASE AGREEMENT

LEGAL DESCRIPTION -STORE #695

Parcel 1

Lot 1, and the North 405.97 feet of Lot 5, PALM HARBOR COMMONS, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Pinellas County, Florida recorded in Plat Book 116, Pages 55 and 56; said lands situate, lying and being in Pinellas County, Florida.

ALSO KNOWN AS

A parcel of land lying in the Northeast 1/4 of the Southwest 1/4 of Section 6, Township 28 South, Range 16 East, Pinellas County, Florida and being more particularly described as follows:

Commence at the Northeast corner of the Southwest 1/4 of Section 6, Township 28 South, Range 16 East; thence North 89°16'43" West, along the North boundary of said Southwest 1/4, a distance of 100.07 feet to a point on the West right of way of U.S. Highway 19; thence South 01°28'36" East, along said right of way line parallel with and 100.00 feet West of the East boundary of said Southwest 1/4, a distance of 50.04 feet to a point on the South right of way line of S.R. 584-A; thence North 89°16'43" West, a distance of 20.01 feet; thence North 01°28'36" West, a distance of 17.01 feet; thence North 89°16'43" West, a distance of 185.55 feet to the POINT OF BEGINNING; thence South 00°43'17" West, a distance of 422.97 feet; thence North 89°16'43" West, a distance of 271.69 feet; thence South 00°43'17" West, a distance of 67.20 feet; thence North 89°16'43" West, a distance of 439.32 feet; thence North 01°12'19" West, a distance of 473.44 feet; thence South 89°16'43" East, a distance of 405.35 feet; thence North 01°12'19" West, a distance of 17.01 feet; thence South 89°16'43" East, a distance of 322.15 feet to the POINT OF BEGINNING.

LESS the North 17.00 feet of the East 322.15 feet thereof which was dedicated as right-of-way per plat of PALM HARBOR COMMONS as recorded in Plat Book 116, Pages 55 and 56, Public Records of Pinellas County, Florida.

Parcel 2

Easement for ingress and egress as granted by Declaration of Easements, Covenants, Conditions and Restrictions recorded October 30, 1996 in Official Records Book 9508, Page 2207, as amended by First Amendment to Declaration of Easements, Covenants, Conditions and Restrictions recorded July 29, 1997 in Official Records Book 9788, Page 191, of the Public Records of Pinellas County, Florida, as further amended by Second Amendment recorded in the Public Records of Pinellas County, Florida in Official Records Book 9896, Page 919.

Parcel 3

Together with an easement for the existing asphalt encroachment as described in the Easement for Existing Encroachment recorded in the Public Records of Pinellas County, Florida in Official Records Book 9896, Page 926.

Exhibit A-2

Exhibits to Asset Purchase Agreement
Winn-Dixie Stores, Inc. s/t Office Depot, Inc.
Store Nos. 310, 613, 695
May 9, 2006
SGRJAX\85453.1