**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103
AUTHORIZING AMENDMENT OF PREVIOUSLY APPROVED
EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL, LLC
AS OPERATIONAL AND REAL ESTATE ADVISORS**

The Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby moves (the "Motion") for entry of an order, under sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code"), authorizing the amendment of the previously approved employment and retention of Alzarez & Marsal, LLC ("A&M") as its operational and real estate advisors.

**PRELIMINARY STATEMENT**

1. The Committee files this Motion to ensure that A&M, in connection with providing services to the Committee that are broader in scope and breadth, as well as

{JA276204;1}

longer in duration, than originally contemplated under A&M's Engagement Letter (as defined below), continues to receive reasonable compensation.

2. Specifically, A&M has and continues to provide additional services and analyses to the Committee that are above and beyond the services contemplated at the time A&M and the Committee executed the Engagement Letter. For example, A&M has assisted the Committee in negotiating numerous asset sales, reviewing the Debtors' monthly financial and operating performance, analyzing the Debtors' business plan, and reviewing numerous unexpired leases and executory contracts that the Debtors wished to assume or reject. Each of these tasks involved more time and effort than was originally anticipated.

3. In addition, due to the complexity of the financial, legal and operational issues that were raised in these cases, this engagement will have taken longer than either M&A or the Committee had anticipated.

4. Accordingly, the Committee has agreed with A&M to seek an amendment to A&M's compensation terms, which, if granted, would reduce the amount of Monthly Fees (as defined below) that are set-off against A&M's Restructuring Fee (as defined below).

{JA276204;1}

**BACKGROUND**

5.  <u>Chapter 11 Filings</u>.  On February 21, 2005 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").

6.  <u>Creditors' Committee</u>.  On March 1, 2005, the United States Trustee ("<u>UST</u>") appointed the Committee.  An official committee of equity security holders appointed by the UST on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

7.  <u>Jurisdiction</u>.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter constitutes a core proceeding as that term is defined in 28 U.S.C. § 157.  Venue of the Debtors' chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND TO MOTION**

8.  <u>A&M Initial Retention Application</u>.  On or about March 29, 2005, the Committee filed an application (the "<u>Retention Application</u>") seeking to retain A&M as operational and real estate advisors to the Committee, pursuant to an engagement letter (the "<u>Engagement Letter</u>"), dated as of March 4, 2005.  On June 3, 2005, the Court entered an order approving the employment and retention of

{JA276204;1}

3

A&M pursuant to sections 328(a) and 1103 of the Bankruptcy Code (the "Retention Order"), effective as of March 4, 2005.

    9. Terms of A&M's Compensation.  The Retention Order provides that A&M is to be retained and employed as operational and real estate advisors to the Committee on the terms set forth in the Retention Application, the Engagement Letter and the Kopacz Affidavit (as defined in the Retention Order), except as modified by the Retention Order.  Specifically, A&M's compensation includes, among other components, the following: (i) monthly fees in the amount of $100,000 per month (the "Monthly Fee") and (ii) a Restructuring Fee equal to 0.25% of the aggregate value received by non-priority unsecured creditors of the Company (the "Restructuring Fee").  The Engagement Letter also provides that the Restructuring Fee shall be reduced by one-hundred percent (100%) of all Monthly Fees paid to A&M after the twelfth monthly fee that was timely paid, but in no event shall the Restructuring Fee be reduced to less than zero.[1]

---

[1] Please note that the Retention Order also provides that notwithstanding anything to the contrary contained in such order or the Engagement Letter, in the event a plan of reorganization is confirmed by the Court that provides all unsecured creditors of the Debtors are paid in full in cash, and such plan is consummated, then the maximum "Restructuring Fee" payable to A&M under the Engagement Letter shall be $1,250,000, which shall be

10. This level of compensation reflected the Committee's evaluation, at the time the Engagement Letter was executed, of the amount of work that would be performed by A&M.  However, as these cases have proceeded, the Committee has required additional services and analyses relating to the Debtors' business plans, asset sales, monthly performance and rejection or assumption of unexpired leases and executory contracts. Based upon these additional and continuing services and analyses, the Committee and A&M have agreed upon an amendment to A&M's compensation, which is discussed below.  The amendment will ensure that A&M continues to receive reasonable compensation commensurate with the increased services that these Chapter 11 Cases have required from A&M.[2]

**RELIEF REQUESTED**

11. By this Motion, the Committee requests that the Court enter an order authorizing the amendment to the terms of A&M's retention as described below.

---

paid in cash and otherwise in accordance with the terms of the Engagement Letter; provided, further, that in any such event, the "Restructuring Fee" payable to A&M shall not be subject to any reduction as a result of crediting of monthly fees paid to A&M as provided in the Engagement Letter.

[2] Please note that simultaneously with the filing of this Motion a separate motion is being filed for similar relief that will, if approved, amend the previously approved employment and retention terms of Houlihan Lokey Howard & Zukin Capital, as the Committee's financial advisors.

{JA276204;1}

## **PROPOSED AMENDMENT TO A&M'S RETENTION**

12.  The Committee is seeking an order providing that A&M's Restructuring Fee will not be reduced by one hundred percent (100%) of all Monthly Fees paid to A&M after the twelfth Monthly Fee was timely paid.  Instead, the Committee seeks authorization to reduce A&M's Restructuring Fee by (a) fifty percent (50%) of each Monthly Fee paid during the first six (6) months after the twelfth Monthly Fee is paid (_i.e._, March 2006 through August 2006) and (b) seventy-five percent (75%) of each Monthly Fee paid thereafter (_i.e._, from September 2006 onward).

13.  The Committee submits that the amended compensation terms set forth in paragraph 11 are reasonable and fair compensation for A&M considering that the scope, breadth and projected length of its engagement have exceeded those contemplated at the time the Engagement Letter was execcuted.

14.  Except as amended by the terms described in this Motion, the Committee and A&M have agreed that the terms of A&M's retention in these cases will otherwise remain the same.

## NOTICE

15.  Notice of this Motion has been provided to (i) the United States Trustee, (ii) counsel for the Debtors' postpetition secured lenders, (iii) counsel for the Debtors and (iv) the other parties in interest named on the Master Service List maintained in these cases.  The Committee submits that no other or further notice is required.

WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) amending the terms of A&M's retention as set

forth herein and in the order and (ii) granting the Committee such other and further relief as the Court deems just and proper.

Dated:  May 19, 2006

          **AKERMAN SENTERFITT**

          By: /s/Patrick P. Patangan
          John B. Macdonald
          Florida Bar No. 230340
          Email: john.macdonald@akerman.com
          Patrick P. Patangan
          Florida Bar No. 348340
          Email: patrick.patangan@akerman.com
          50 North Laura Street, Suite 2500
          Jacksonville, Florida  32202
          Telephone: (904) 798-3700
          Facsimile: (904) 798-3730

          Co-Counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc. et al.

          - and -

          **MILBANK, TWEED, HADLEY & M$^{\text{C}}$CLOY LLP**
          Matthew S. Barr (MB 9170)
          Michael E. Comerford (MC 7049)
          1 Chase Manhattan Plaza
          New York, New York 10005
          Telephone: (212) 530-5000

          Co-counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.