**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                    Case No. 3:05-bk-03817-JAF

WINN-DIXIE STORES, INC., <u>et al.</u>,    Chapter 11

      Debtors.                       Jointly Administered

_____/

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103**
**AUTHORIZING AMENDMENT OF PREVIOUSLY APPROVED**
**EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY HOWARD**
**& ZUKIN CAPITAL, INC. AS ITS FINANCIAL ADVISORS**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>") hereby moves (the "<u>Motion</u>") for entry of an order, under sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "<u>Bankruptcy Code</u>"), authorizing the amendment of the previously approved employment and retention of Houlihan Lokey Howard & Zukin Capital, Inc. ("<u>Houlihan</u>") as its financial advisors.

**PRELIMINARY STATEMENT**

1.    The Committee files this Motion to ensure that Houlihan, in connection with providing services to the Committee that are broader in scope and breadth, as well as

{JA276202;1}

longer in duration, than originally contemplated under Houlihan's Engagement Letter (as defined below), continues to receive reasonable compensation.

2.   Specifically, Houlihan has and continues to provide additional services and analyses to the Committee that are above and beyond the services contemplated at the time Houlihan and the Committee executed the Engagement Letter.  For example, Houlihan has assisted the Committee in (i) opposing the formation of, and seeking the disbandment of, an equity committee; (ii) determining whether substantive consolidation is appropriate in the Debtors' cases and (iii) continuing to evaluate the Debtors' businesses in an effort to assist in proposing a consensual plan of reorganization.

3.   In addition, due to the complexity of the financial, legal and operational issues that were raised in these cases, this engagement will have taken longer than either Houlihan or the Committee had anticipated.

4.   Accordingly, the Committee has agreed with Houlihan to seek an amendment to Houlihan's compensation terms, which, if granted, would reduce the amount of Monthly Fees (as defined below) that are set-off against Houlihan's Distribution Fee (as defined below).

## BACKGROUND

5.    <u>Chapter 11 Filings</u>.  On February 21, 2005 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").

6.    <u>Creditors' Committee</u>.  On March 1, 2005, the United States Trustee ("<u>UST</u>") appointed the Committee.  An official committee of equity security holders appointed by the UST on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

7.    <u>Jurisdiction</u>.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter constitutes a core proceeding as that term is defined in 28 U.S.C. § 157.  Venue of the Debtors' chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND TO MOTION

8.    <u>Houlihan Initial Retention Application</u>.  On or about March 29, 2005, the Committee filed an application (the "<u>Retention Application</u>") seeking to retain Houlihan as financial advisor to the Committee, pursuant to an engagement letter (the "<u>Engagement Letter</u>"), dated as of March 3, 2005.  On June 3, 2005, the Court entered an order approving the employment and retention of Houlihan pursuant

to sections 328(a) and 1103 of the Bankruptcy Code (the
"Retention Order"), effective as of March 3, 2005.

    9.    Terms of Houlihan's Compensation.  The
Retention Order provides that Houlihan is to be retained
and employed as financial advisors to the Committee on the
terms set forth in the Retention Application, the
Engagement Letter and the Burian Declaration (as defined in
the Retention Order), except as modified by the Retention
Order.  Specifically, Houlihan's compensation includes,
among other components, the following: (i) monthly fees in
the amount of $100,000 per month (the "Monthly Fee") and
(ii) a Distribution Fee equal to 0.75% of the aggregate
value received by non-priority unsecured creditors of the
Company (the "Distribution Fee").  The Engagement Letter
also provides that the Distribution Fee shall be reduced by
one-hundred percent (100%) of all Monthly Fees paid to
Houlihan after the twelfth monthly fee that was timely
paid, but in no event shall the Distribution Fee be reduced
to less than zero.[1]

---

[1]    Please note that the Retention Order also provides that
notwithstanding anything to the contrary contained in such order
or the Engagement Letter, in the event a plan of reorganization
is confirmed by the Court that provides all unsecured creditors
of the Debtors are paid in full in cash, and such plan is
consummated, then the maximum "Distribution Fee" payable to
Houlihan under the Engagement Letter shall be $3,375,000, which
shall be paid in cash and otherwise in accordance with the terms
of the Engagement Letter; provided, further, that in any such
event, the "Distribution Fee" payable to Houlihan shall not be

10.   This level of compensation reflected the Committee's evaluation, at the time the Engagement Letter was executed, of the amount of work that would be performed by Houlihan.  However, as these cases have proceeded, the Committee has required additional services and analyses relating to the Debtors' businesses and the resolution of "substantive consolidation" issues including, without limitation, (i) determining whether substantive consolidation is appropriate in connection with a plan of reorganization for the Debtors; (ii) successfully contesting the appointment of an official committee of equity security holders and (iii) substantial services relating to determining an appropriate valuation for the Debtors and their estates.  Based upon these additional and continuing services and analyses, the Committee and Houlihan have agreed upon an amendment to Houlihan's compensation, which is discussed below.  The amendment will ensure that Houlihan continues to receive reasonable compensation commensurate with the increased services that these Chapter 11 Cases have required from Houlihan.[2]

---

subject to any reduction as a result of crediting of monthly fees paid to Houlihan as provided in the Engagement Letter.

[2]   Please note that simultaneously with the filing of this Motion a separate motion is being filed for similar relief that will, if approved, amend the previously approved employment and retention

## RELIEF REQUESTED

11.   By this Motion, the Committee requests that the Court enter an order authorizing the amendment to the terms of Houlihan's retention as described below.

## PROPOSED AMENDMENT TO HOULIHAN'S RETENTION

12.   The Committee is seeking an order providing that Houlihan's Distribution Fee will not be reduced by one hundred percent (100%) of all Monthly Fees paid to Houlihan after the twelfth Monthly Fee was timely paid.  Instead, the Committee seeks authorization to reduce Houlihan's Distribution Fee by (a) fifty percent (50%) of each Monthly Fee paid during the first six (6) months after the twelfth Monthly Fee is paid (i.e., March 2006 through August 2006) and (b) seventy-five percent (75%) of each Monthly Fee paid thereafter (i.e., from September 2006 onward).

13.   The Committee submits that the amended compensation terms set forth in paragraph 11 are reasonable and fair compensation for Houlihan considering that the scope, breadth and projected length of its engagement have exceeded those contemplated at the time the Engagement Letter was executed.

---

terms of Alvarez & Marsal, LLC, the Committee's operations and real estate advisors.

14.   Except as amended by the terms described in this Motion, the Committee and Houlihan have agreed that the terms of Houlihan's retention in these cases will otherwise remain the same.

<u>NOTICE</u>

15.   Notice of this Motion has been provided to (i) the United States Trustee, (ii) counsel for the Debtors' postpetition secured lenders, (iii) counsel for the Debtors and (iv) the other parties in interest named on the Master Service List maintained in these cases.   The Committee submits that no other or further notice is required.

WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, (i) amending the terms of Houlihan's retention as set

forth herein and in the order and (ii) granting the Committee such other and further relief as the Court deems just and proper.

Dated:  May 19, 2006

AKERMAN SENTERFITT

By: /s/Patrick P. Patangan
John B. Macdonald
Florida Bar No. 230340
Email: john.macdonald@akerman.com
Patrick P. Patangan
Florida Bar No. 348340
Email: patrick.patangan@akerman.com
50 North Laura Street, Suite 2500
Jacksonville, Florida  32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Co-Counsel for Official Committee
of Unsecured Creditors of Winn-
Dixie Stores, Inc. et al.

- and -

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
Matthew S. Barr (MB 9170)
Michael E. Comerford (MC 7049)
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Co-counsel for Official Committee
of Unsecured Creditors of Winn-
Dixie Stores, Inc., et al.