# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

## DEBTORS' AMENDED OMNIBUS MOTION FOR ORDER TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 105(a) and 365 approving and authorizing the Debtors to assume the non-residential real property leases identified on the attached Exhibit A effective as of the effective date of the Debtors' plan of reorganization, and to fix cure amounts for such Leases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee") to serve in these cases pursuant to Bankruptcy Code Sections 1102 and 1103.  An official committee of

equity security holders appointed on August 17, 2005, by the U.S. Trustee was subsequently disbanded by notice dated January 11, 2006.

3.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  At the Petition Date, the Debtors operated more than 900 stores in the United States.  Since the Petition Date, the Debtors have been engaged in a footprint reduction program to sell or close 326 of their stores. To date, the Debtors have sold or closed over 300 stores.

4.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 105(a) and 365 of the Bankruptcy Code.

### Relief Requested

6.      By orders dated March 10, 2006 (Docket No. 6472), March 23, 2006 (Docket No. 6960), and April 6, 2006 (Docket No. 6962), respectively, the Debtors have until May 19, 2006, to file a motion to assume or reject each of the leases described on the attached Exhibit A (collectively, the "Leases").  The Debtors must move to assume or reject their remaining unexpired non-residential real property leases prior to a hearing on confirmation of the Debtors' proposed plan of reorganization.

7.      By this Motion the Debtors seek an order of the Court, pursuant to sections 105(a) and 365 of the Bankruptcy Code, approving the assumption of the Leases effective as of the effective date of the Debtors' plan of reorganization (the "Effective

Date") and fixing the cure amounts.  If there is no Effective Date, the Leases will not be assumed by the Debtors and no payments will be made on the cure amounts.

8.    The Debtors propose that their assumption of the Leases be effective as of the Effective Date.  Accordingly, to the extent necessary, and for the reasons set forth in the Debtors' Motion for Order Granting Fourth Extension of Time Within Which Debtors May Assume or Reject Unexpired Leases of Non-Residential Real Property (Docket No. 5888), the Debtors also seek an extension of time under § 365(d)(4) through the Effective Date.

9.    To the extent any default exists under any of the Leases, the Debtors will satisfy section 365(b) of the Bankruptcy Code by paying the landlords of the Leases (the "Landlords") the cure amount, if any, promptly after the Effective Date.  Attached as Exhibit B is a schedule reflecting any cure amounts the Debtors believe are owed as to each Landlord and any other cure required (the "Proposed Cure Amount").    All Landlords will be served with a copy of this Motion.  To the extent a Landlord disputes the Proposed Cure Amount or otherwise objects to the Motion, the Landlord must file an objection with the Bankruptcy Court and serve the objection on the Debtors on or before June 30, 2006 (the "Objection Deadline").  In the absence of a timely objection, the Landlord will be deemed to have consented to the assumption of the Lease and the Proposed Cure Amount and will be (a) barred from asserting a larger claim for such cure, and (b) deemed to have waived all claims under the Lease against the Debtors other than the Proposed Cure Amount.  The Debtors will schedule a hearing on the Motion after the Objection Deadline.

**Basis for Relief**

10.     As part of their restructuring, the Debtors have analyzed their hundreds of real property leases. The Debtors have reviewed these Leases, have inspected the stores, and analyzed the historical performance under the Leases and the market areas.  Based upon this analysis, the Debtors have at this time determined that the assumption of the Leases will benefit the Debtors and their estates.

11.     The Debtors represent that if there is a default under the Leases, the requirements of section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate the applicable landlords for any actual pecuniary loss resulting from such default, and (b) through the Debtors' continuing business operations, which will provide adequate assurance of future performance under the Leases.

**Applicable Authority**

12.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired Lease of the debtor." 11 U.S.C. § 365(a). "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc.* (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

13.     A debtor's decision to assume or reject an unexpired lease is subject to review under the business judgment standard. *See In re Gardiner, Inc.*, 831 F.2d 974, 975 n.2 (11th Cir. 1987); *In re Orion Pictures Corp.*, 4 F.3d at 1098-99. Under this rule, the Debtors' assumption of a lease is appropriate if it will benefit the estate. *Westshire, Inc.*

*v. Trident Shipworks, Inc.*, 247 B.R. 856 (M.D. Fla. 2000). Upon finding that the Debtors have exercised their sound business judgment in determining that assumption of a particular executory contract is in the best interests of their estates, the Court should approve assumption under section 365(a) of the Bankruptcy Code. *In re Gucci*, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); *Blue Cross Blue Shield of Conn. v. Gurski* (*In re Gurski*), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under section 365(a)). In the case of assumption, "[t]he § 365 election permits a trustee to . . . continue performance on a contract which will benefit the estate." *In re Diamond Mfg., Co.*, 164 B.R. 189 (Bankr. S. D. Ga. 1994) (citing *In re Brada Miller Freight Sys., Inc.*, 702 F.2d 890, 893-94 (11th Cir. 1983)). The Debtors respectfully submit that they have satisfied the "business judgment" standard for assuming the Leases.

14.    The Debtors recognize that if a particular Lease is in default section 365(b) of the Bankruptcy Code requires that the Debtors (a) cure or provide adequate assurance to the Landlords that the Debtors will cure any default, (b) compensate or provide adequate assurance that the Debtors will promptly compensate the Landlords for any actual pecuniary loss to such party resulting from such default, and (c) provide adequate assurance of future performance under the particular Leases. As set forth above, to the extent any defaults exist under the Leases, these obligations will be satisfied.

**Notice**

15.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) counsel to the Landlords. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit C (a) approving assumption of the Leases effective as of the Effective Date; (b) fixing the cost of assumption at the Proposed Cure Amounts; (c) extending the time under section 365(d)(4) of the Bankruptcy Code to assume or reject the Leases through the Effective Date; and (d) granting such other and further relief as the Court deems just and proper.

Dated: May 20, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By    _/s/ D. J. Baker_____
      D. J. Baker
      Sally McDonald Henry
      Rosalie W. Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors
530741

SMITH HULSEY & BUSEY

By    _/s/ Cynthia C. Jackson_____
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson  (F.B.N. 498882)

225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

**EXHIBIT A**

| Store | Address | City | St |
|---|---|---|---|
| 2 | 2220 COUNTY RD 210 W STE 200 | JACKSONVILLE | FL |
| 6 | 10915 BAYMEADOWS RD. UNIT 12 | JACKSONVILLE | FL |
| 30 | 1080 NW SANTA FE BLVD | HIGH SPRINGS | FL |
| 80 | 9866 BAYMEADOWS ROAD | JACKSONVILLE | FL |
| 81 | 800 S. MARION STREET | LAKE CITY | FL |
| 84 | 1722 S. 8TH STREET | FERNANDINA BEACH | FL |
| 138 | 3260 HIGHWAY 17 | GREEN COVE SPRINGS | FL |
| 144 | 1436 SR 121 & I-10 | MACCLENNY | FL |
| 153 | 7921 NORMANDY BLVD. | JACKSONVILLE | FL |
| 167 | 3000 DUNN AVENUE | JACKSONVILLE | FL |
| 176 | 8650 ARGYLE FOREST BLVD | JACKSONVILLE | FL |
| 209 | 701 NW 99TH AVE | PEMBROKE PINES | FL |
| 217 | 1199 SOUTH FEDERAL HWY | POMPANO BEACH | FL |
| 218 | 2581 NORTH HIATUS ROAD | COOPER CITY | FL |
| 221 | 2675 S. MILITARY TRAIL | WEST PALM BEACH | FL |
| 222 | 901 NORTH NOB HILL ROAD | PLANTATION | FL |
| 231 | 5850  NW 183RD STREET | MIAMI | FL |
| 243 | 541 WEST 49TH STREET | HIALEAH | FL |
| 250 | 17101 MIRAMAR PKWY | MIRAMAR | FL |
| 254 | 11241 S.W. 40TH STREET | MIAMI | FL |
| 256 | 4770 N. CONGRESS AVENUE | BOYNTON BEACH | FL |
| 260 | 6600 HYPOLUXO ROAD | LAKE WORTH | FL |
| 265 | 1101 S. MILITARY TRAIL | DEERFIELD BEACH | FL |
| 278 | 15859 PINES BLVD | PEMBROKE PINES | FL |
| 279 | FEDERAL HWY & NE 6TH ST | FORT LAUDERDALE | FL |
| 281 | 4105 STATE ROAD 7 | LAKE WORTH | FL |
| 287 | 14655 SW 104TH ST | MIAMI | FL |
| 290 | FEDERAL HWY & NE 6TH ST | FORT LAUDERDALE | FL |
| 328 | 92100 OVERSEAS HIGHWAY | TAVERNIER | FL |
| 348 | 7139 W BROWARD BLVD | PLANTATION | FL |
| 353 | 9565 W FLAGLER ST | MIAMI | FL |
| 356 | 6356 FOREST HILL BLVD | GREENACRES | FL |
| 359 | 7480 SW 117 AVE | MIAMI | FL |
| 375 | 3131 FOREST HILL BLVD | WEST PALM BEACH | FL |
| 426 | 1571 WESTGATE PKWY | DOTHAN | AL |
| 454 | 2131 ROSS CLARK CIRCLE | DOTHAN | AL |
| 460 | 5841 ATLANTA HIGHWAY | MONTGOMERY | AL |
| 463 | 2730 EASTERN BOULEVARD | MONTGOMERY | AL |
| 517 | 3925 CROSSHAVEN DRIVE | BIRMINGHAM | AL |
| 556 | 4751 BAYOU BLVD | PENSACOLA | FL |
| 599 | 187 BALDWIN SQUARE | FAIRHOPE | AL |
| 607 | 12975 PARK BLVD. | SEMINOLE | FL |
| 611 | 18407 US HWY 41 | LUTZ | FL |
| 631 | 2900 HIGHLAND ROAD | LAKELAND | FL |

| Store | Address | City | St |
|-------|---------|------|-----|
| 637 | 7851 PALM RIVER ROAD | TAMPA | FL |
| 651 | 2126 COLLIER PARKWAY | LAND O' LAKES | FL |
| 656 | 7400 44 AVE WEST | BRADENTON | FL |
| 660 | 3500 53RD AVE. WEST | BRADENTON | FL |
| 662 | 14483 S TAMIAMI TRAIL | NORTH PORT | FL |
| 672 | 12120 MOON LAKE ROAD | NEW PORT RICHEY | FL |
| 698 | 1049 62 AVE NORTH | ST PETERSBURG | FL |
| 736 | 3280 TAMIAMI TRAIL | PORT CHARLOTTE | FL |
| 737 | 2000 KINGS HIGHWAY | PORT CHARLOTTE | FL |
| 777 | 9535 E FOWLER AVE | THONOTOSASSA | FL |
| 1403 | 1841 ALMONASTER ST. | NEW ORLEANS | LA |
| 1404 | 8601 JEFFERSON HIGHWAY | RIVER RIDGE | LA |
| 1449 | 804 W. OAK STREET | AMITE | LA |
| 1537 | 2302 W. THOMAS STREET | HAMMOND | LA |
| 1766 | 6825 BURLINGTON PIKE | FLORENCE | KY |
| 1852 | 175 HAYNES BRIDGE | ALPHARETTA | GA |
| 2211 | 2640 NE 14TH ST | OCALA | FL |
| 2213 | 4417 NW BLITCHTON ROAD | OCALA | FL |
| 2217 | 6405 W GULF TO LAKE HWY | CRYSTAL RIVER | FL |
| 2230 | 190 MALABAR RD SW | PALM BAY | FL |
| 2258 | 1541 NOVA RD | HOLLY HILL | FL |
| 2265 | 900 CYPRESS PKWY | POINCIANA | FL |
| 2267 | 7382 E. CURRY FORD RD | ORLANDO | FL |
| 2289 | 8445 SW HWY 200, STE #131 | OCALA | FL |
| 2301 | 2722 N. PINE HILLS RD | ORLANDO | FL |
| 2311 | 4025 S NOVA ROAD | PORT ORANGE | FL |
| 2323 | 5739 EDGEWATER DR | ORLANDO | FL |
| 2330 | 1450 N. COURTENAY | MERRITT ISLAND | FL |
| 2333 | 5270 BABCOCK ST UNITS 29 & 30 | PALM BAY | FL |
| 2348 | 281 SW PORT ST LUCIE BLVD | PT ST LUCIE | FL |
| 2602 | 5134 FIRESTONE ROAD | JACKSONVILLE | FL |

**EXHIBIT B**

| Store | Address | City | St | Proposed Cure |
|---|---|---|---|---|
| 2 | 2220 COUNTY RD 210 W STE 200 | JACKSONVILLE | FL | 21,807 |
| 6 | 10915 BAYMEADOWS RD. UNIT 12 | JACKSONVILLE | FL | 93,213 |
| 30 | 1080 NW SANTA FE BLVD | HIGH SPRINGS | FL | 10,875 |
| 80 | 9866 BAYMEADOWS ROAD | JACKSONVILLE | FL | 10,347 |
| 81 | 800 S. MARION STREET | LAKE CITY | FL | - |
| 84 | 1722 S. 8TH STREET | FERNANDINA BEACH | FL | 81,591 |
| 138 | 3260 HIGHWAY 17 | GREEN COVE SPRINGS | FL | - |
| 144 | 1436 SR 121 & I-10 | MACCLENNY | FL | 8,427 |
| 153 | 7921 NORMANDY BLVD. | JACKSONVILLE | FL | - |
| 167 | 3000 DUNN AVENUE | JACKSONVILLE | FL | - |
| 176 | 8650 ARGYLE FOREST BLVD | JACKSONVILLE | FL | - |
| 209 | 701 NW 99TH AVE | PEMBROKE PINES | FL | - |
| 217 | 1199 SOUTH FEDERAL HWY | POMPANO BEACH | FL | 10,810 |
| 218 | 2581 NORTH HIATUS ROAD | COOPER CITY | FL | 57,383 |
| 221 | 2675 S. MILITARY TRAIL | WEST PALM BEACH | FL | - |
| 222 | 901 NORTH NOB HILL ROAD | PLANTATION | FL | 71,770 |
| 231 | 5850 NW 183RD STREET | MIAMI | FL | 140,478 |
| 243 | 541 WEST 49TH STREET | HIALEAH | FL | 1,500 |
| 250 | 17101 MIRAMAR PKWY | MIRAMAR | FL | - |
| 254 | 11241 S.W. 40TH STREET | MIAMI | FL | - |
| 256 | 4770 N. CONGRESS AVENUE | BOYNTON BEACH | FL | - |
| 260 | 6600 HYPOLUXO ROAD | LAKE WORTH | FL | 289,506 |
| 265 | 1101 S. MILITARY TRAIL | DEERFIELD BEACH | FL | 14,738 |
| 278 | 15859 PINES BLVD | PEMBROKE PINES | FL | - |
| 279 | FEDERAL HWY & NE 6TH ST | FORT LAUDERDALE | FL | |
| 281 | 4105 STATE ROAD 7 | LAKE WORTH | FL | 132,097 |
| 287 | 14655 SW 104TH ST | MIAMI | FL | 29,933 |
| 290 | FEDERAL HWY & NE 6TH ST | FORT LAUDERDALE | FL | - |
| 328 | 92100 OVERSEAS HIGHWAY | TAVERNIER | FL | 23,595 |
| 348 | 7139 W BROWARD BLVD | PLANTATION | FL | 39,729 |
| 353 | 9565 W FLAGLER ST | MIAMI | FL | - |
| 356 | 6356 FOREST HILL BLVD | GREENACRES | FL | 45,284 |
| 359 | 7480 SW 117 AVE | MIAMI | FL | - |
| 375 | 3131 FOREST HILL BLVD | WEST PALM BEACH | FL | 14,839 |
| 426 | 1571 WESTGATE PKWY | DOTHAN | AL | 15,166 |
| 454 | 2131 ROSS CLARK CIRCLE | DOTHAN | AL | 20,451 |
| 460 | 5841 ATLANTA HIGHWAY | MONTGOMERY | AL | - |
| 463 | 2730 EASTERN BOULEVARD | MONTGOMERY | AL | 9,181 |
| 517 | 3925 CROSSHAVEN DRIVE | BIRMINGHAM | AL | 12,774 |
| 556 | 4751 BAYOU BLVD | PENSACOLA | FL | - |
| 599 | 187 BALDWIN SQUARE | FAIRHOPE | AL | 24,022 |
| 607 | 12975 PARK BLVD. | SEMINOLE | FL | - |
| 611 | 18407 US HWY 41 | LUTZ | FL | 32,045 |
| 631 | 2900 HIGHLAND ROAD | LAKELAND | FL | 16,110 |

| Store | Address | City | St | Proposed Cure |
|---|---|---|---|---|
| 637 | 7851 PALM RIVER ROAD | TAMPA | FL | 43,693 |
| 651 | 2126 COLLIER PARKWAY | LAND O' LAKES | FL | 69,679 |
| 656 | 7400 44 AVE WEST | BRADENTON | FL | 14,930 |
| 660 | 3500 53RD AVE. WEST | BRADENTON | FL | 84,429 |
| 662 | 14483 S TAMIAMI TRAIL | NORTH PORT | FL | 17,250 |
| 672 | 12120 MOON LAKE ROAD | NEW PORT RICHEY | FL | 9,098 |
| 698 | 1049 62 AVE NORTH | ST PETERSBURG | FL | 16,834 |
| 736 | 3280 TAMIAMI TRAIL | PORT CHARLOTTE | FL | - |
| 737 | 2000 KINGS HIGHWAY | PORT CHARLOTTE | FL | 94,409 |
| 777 | 9535 E FOWLER AVE | THONOTOSASSA | FL | 900 |
| 1403 | 1841 ALMONASTER ST. | NEW ORLEANS | LA | 1,400 |
| 1404 | 8601 JEFFERSON HIGHWAY | RIVER RIDGE | LA | - |
| 1449 | 804 W. OAK STREET | AMITE | LA | 4,291 |
| 1537 | 2302 W. THOMAS STREET | HAMMOND | LA | 46,526 |
| 1766 | 6825 BURLINGTON PIKE | FLORENCE | KY | - |
| 1852 | 175 HAYNES BRIDGE | ALPHARETTA | GA | - |
| 2211 | 2640 NE 14TH ST | OCALA | FL | 13,409 |
| 2213 | 4417 NW BLITCHTON ROAD | OCALA | FL | 84,435 |
| 2217 | 6405 W GULF TO LAKE HWY | CRYSTAL RIVER | FL | 6,914 |
| 2230 | 190 MALABAR RD SW | PALM BAY | FL | 21,996 |
| 2258 | 1541 NOVA RD | HOLLY HILL | FL | 8,629 |
| 2265 | 900 CYPRESS PKWY | POINCIANA | FL | 8,987 |
| 2267 | 7382 E. CURRY FORD RD | ORLANDO | FL | 5,442 |
| 2289 | 8445 SW HWY 200, STE #131 | OCALA | FL | - |
| 2301 | 2722 N. PINE HILLS RD | ORLANDO | FL | 13,869 |
| 2311 | 4025 S NOVA ROAD | PORT ORANGE | FL | 95,391 |
| 2323 | 5739 EDGEWATER DR | ORLANDO | FL | - |
| 2330 | 1450 N. COURTENAY | MERRITT ISLAND | FL | 2,631 |
| 2333 | 5270 BABCOCK ST UNITS 29 & 30 | PALM BAY | FL | 69,509 |
| 2348 | 281 SW PORT ST LUCIE BLVD | PT ST LUCIE | FL | - |
| 2602 | 5134 FIRESTONE ROAD | JACKSONVILLE | FL | 93,771 |

00530741

**EXHIBIT C**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER (I) AUTHORIZING ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIXING CURE AMOUNTS AND (III) GRANTING RELATED RELIEF

These cases came before the Court for hearing, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105(a) and 365, (i) approving and authorizing the Debtors to assume non-residential real property leases listed on the attached Exhibit A, effective as of the Effective Date,[1] (ii) fixing the costs of assumption at the Proposed Cure Amounts identified on the attached Exhibit B, and (iii) granting related relief (the "Motion").  By the Motion, the Landlords were given until June 30, 2006 to object to the Cure Amount. **Alternatives:** [No objection was filed.] **or** [The Landlord for Store No. _____ filed a timely objection and unless resolved by the parties, the matter will be set for hearing before the Court at a future date.] **Alternatives:**  [The Court has reviewed the Motion and heard the representations of counsel.  Upon the representations of counsel and without objection by the United States Trustee or any other interested party, the Court makes the following findings of fact.] **or** [The Court has reviewed the Motion, considered the evidence and heard arguments of counsel.  After due deliberation and good and sufficient cause exists, the Court makes the following findings of fact.]  Accordingly, it is

---

[1]    All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    The Debtors are authorized to assume the Leases pursuant to 11 U.S.C. § 365(a), effective as of the Effective Date.

3.    The Cure Amount for the Leases are fixed in the amounts as set forth on Exhibit B.

4.    The Debtors' time under 11 U.S.C. § 365(d)(4) to assume or reject the Leases is extended through the Effective Date, subject to any limitations provided by prior orders of this Court.

5.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.    The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.    In the event the Debtors' plan of reorganization does not become effective, this Order shall be null and void.

Dated this _____ day of June, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion