United States Bankrupcy Court
Middle District of Florida
300 North Hogan Street, Suite 3-350
Jacksonville, Florida 32202
(904) 301-6490

May 19th 2006

Ms. Susan Carter Case Manager
United States Bankrupcy Clerk
Middle Distric of Florida
300 North Hogan Street, Suite 3-350
Jacksonville Florida 32202

RE: Joe Louis Amerson, Jr. Vs. Jeff Anderson
Hospital and Winn Dixie Stores, Inc; Civil
Action No. 05CV-124R in the Circuit
Court of Lauderdale County, Mississippi;
FDE & F File No. 01-4045.

Dear Ms. Susan Carter:
    Plaintiff bring these said documents from the
Defendant Jeff Anderson Hospital asking of dismissal
fore the lack of Notice, Notice, was Filed and Mailed
June 11 2005 A.D. to the Circuit Court Clerk of the said
Circuit Court of Lauderdale County, Meridian, Mississippi. I
Am in the above Reference action Rules of F.R.C.P
Federal Rules Civil Procedure 17. (A) 17. (B) Rule 18. (A)(B)
17. (A) Real party in interest. Every action shall be prosecuted
in the name of the Real party ~~interst~~ interest (As amended Dec.
27, 1946, EFF. Mar. 19, 1948; Dec 29, 1948 EFF. Aug 1, 1987; APR. 25,
1988, EFF. Aug 1, 1988; Nov. 18, 1988) Rule 18. (A) (B), Rule 20.
(A)(B). (As amended Feb. 28, 1966, EFF. July 1, 1966; Mar. 21,
1967, EFF. Aug. 1, 1987.)

This 10 day Sworn Before Me
of May 2006
Notary Public Christie E. Scott

Joe L.A. Jr.
MDOC #36219
C.M.C.F. 3B. A.Zone
P.O.Box 88550
Pearl MS. 39288

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

CHRISTIE E. SCOTT
NOTARY PUBLIC
RANKIN COUNTY, MS

IN the CIRCUIT COURT of Lauderdale County Mississippi

MAY 15th 2006

Ms. Donna Dill Johnson
Circuit Clerk of Lauderdale County
Post Office Box 1005
Meridian, MS. 39302-1005

RE: Joe Louis Amerson, Jr. vs. Jeff Anderson Hospital
and Winn Dixie Stores, INC: Civil action NO. 05CV-124R
IN the COURT of Lauderdale County Mississippi,
FBE-F- FILE NO. 01-4045 Mail COPY to defendant
Jeff Anderson Hospital Attorney's.

Dear Ms. Johnson:

Enclosed please find that of the original
Motion of Notice and Motion that of hold be unto
the proof of your files

That Plaintiff Joe Louis Amerson, Jr. complied with this
court whom filed his notice that of his claim to the
Defendant(s) Jeff Anderson Hospital and Winn Dixie
Stores, INC. copy and filed June 22, 2005 A.D. the
Defendant Jeff Anderson Hospital ask of this court of
dismissal of their action that Plaintiff failed to of
complie by Miss Code Ann. 9 11-46-11 (13) Plaintiff ask
of your office to mail this copy to defendant Jeff
Anderson Hospital his Notice of his claim

Joe Louis Amerson, Jr
M.D.O.C # 36217
C.M.C.F. # 3B-1. Zone.A
PO Box 88550
Pearl, MS. 39288

Sworn Before Me
This 17 of May 2006

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

CHRISTIE E. SCOTT
NOTARY PUBLIC
RANKIN COUNTY, MS

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY
MISSISSIPPI

JOE LOUIS AMERSON, JR                                    Plaintiff
                                              CASE No 05CV-124(R)
VS.
JEFF ANDERSON HOSPITAL                              DEFENDANTS
AND WINN DIXIE STORES, INC.

## NOTICE OF HEARING

PLEASE TAKE NOTICE The Plaintiff Joe Louis Amerson Jr have come before this Honorable Court Authorized and Sealed by Notary Public of the State of Mississippi Due to this case, was brought before this Circuit Court of Lauderdale County, Mississippi. With the proof on filed to the Circuit Court Clerk before the Honorable Judge Larry Robert, Now come Pro'se before Honorable Lester F. Williamson Jr. Pleading his cause against the defendant JEFF ANDERSON Hospital NOTICE OF HEARING to bring dismissal of all the said allegation Plaintiff ask of this Court Not of dismissal. That is set fore the said day of June 13, 2006 A.D.                P.M

Subscribed and Sworn before
ME THIS 17 day May A.D 2006
NOTARY Public Christie E. Scott

COMMISSION EXP

MDOC # 036217
C. M. C.F. 3-B-1-A-ZONE
P C Box 88550
PEARL, MS. 39288

CHRISTIE E. SCOTT
NOTARY
PUBLIC

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

In the Circuit Court of Lauderdale County Mississippi

Joe Louis Amerson Jr                    Plaintiff
V.S.
Jeff Anderson Hospital         Case No. 05 CV-124 (R)
And Winn Dixie Stores, INC.            Defendants
              May 15, 2006

Parties Plaintiff and Defendant(s)
      Motion of Capacity

Rule 17. Real party in interest. Every action shall be Prosecuted in the name of the Real Party Interest. An Executor, administrator, Guardian, bailee, trustee of an express trust, a party with whom or in whose name a contact has been made to or for the benefit of another, or party whom authorized by statute may sue in the cause their, it (Corporation) violation of the United States Constitution of this Country of American.

This action is brought by the Plaintiff Joe Louis Amerson Jr and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of United States. No action shall be dismissed on the ground that it is not prosecuted until a reasonable time allowed after objection for Ratification of Commencement whom are of this action joinder or jointly of the Real Party in Interest; and such Ratification, or Substitution of, the Party as in the above defendant(s) has been commenced in the name of the Real Party Interest. Federal Rules of Civil Procedure (F.R.C.P) 17, (A)(B)(as amended Dec 27, 1946, Eff. Mar. 19, 1988; Dec. 29, 1948 Eff. Aug. 1, 1987; Apr 25, 1988, Eff. Aug. 1, 1988; Nov. 18, 1988.) Rule 18. (A)(B), Rule 20. (A)(B).

Joe Louis Amerson, Jr.
M.D.O.C # 36217
C.M.C.F. 3B.B.L.A.Zone
P O S 2 Box 88550
Pearl, Ms. 39288

## Certificate of Service

I Joe Louis Amerson, Plaintiff Pro'se
Vs. Jeff Anderson Hospital 2nd Winn Dixie Stores,
Inc. Hereby Certify that I have this day
Mailed by United States Mail, Postage Prepaid,
1 true and correct copy of the foregoing docu-
ments to defendant as follows:

Ms. Donna Jill Johnson
Circuit Court Clerk
P.O. Box ~~XXXX~~ 1005
Meridian, Ms. 39302

Romney H. Enzerkin (MB# 9296)
Ryan J. Mitchell (MB# 100026)
Ferris Burson Enzerkin & Follis, PLLC
1107 West Sixth Street
P O Box Drawer 1289
Laurel, Ms. 39441-1289

May 15, 2006

Joe L Amerson Jr.

1 of 1 DOCUMENT

MISSISSIPPI CODE of 1972 ANNOTATED
Copyright; 2005 by The State of Mississippi
All rights reserved.

*** CURRENT THROUGH THE 2005 REGULAR SESSION ***
*** AND 1ST, 2ND, 3RD AND 4TH EXTRAORDINARY SESSIONS ***
*** STATE COURT ANNOTATIONS CURRENT THROUGH JUNE 23, 2005 ***

TITLE 11.  CIVIL PRACTICE AND PROCEDURE
CHAPTER 1.  PRACTICE AND PROCEDURE PROVISIONS COMMON TO COURTS

**GO TO MISSISSIPPI CODE OF 1972 ARCHIVE DIRECTORY**

*Miss. Code Ann. § 11-1-58* (2005)

§ 11-1-58. Certificate of consultation required in medical malpractice actions; exceptions

(1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:

(a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action; or

(b) The attorney was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by Section 15-1-36 would bar the action and that the consultation could not reasonably be obtained before such time expired. A certificate executed pursuant to this paragraph (b) shall be supplemented by a certificate of consultation pursuant to paragraph (a) or (c) within sixty (60) days after service of the complaint or the suit shall be dismissed; or

(c) The attorney was unable to obtain the consultation required by paragraph (a) of this subsection because the attorney had made at least three (3) separate good faith attempts with three (3) different experts to obtain a consultation and that none of those contacted would agree to a consultation.

(2) Where a certificate is required pursuant to this section only, a single certificate is required for an action, even if more than one (1) defendant has been named in the complaint or is subsequently named.

(3) A certificate under subsection (1) of this section is not required where the attorney intends to rely solely on either the doctrine of "res ipsa loquitur" or "informed consent." In such cases, the complaint shall be accompanied by a certificate executed by the attorney declaring that the attorney is solely relying on such doctrine and, for that reason, is not filing a certificate under subsection (1) of this section.

(4) If a request by the plaintiff for the records of the plaintiff's medical treatment by the defendants has been made and the records have not been produced, the plaintiff shall not be required to file the certificate required by this section until ninety (90) days after the records have been produced.

(5) For purposes of this section, an attorney who submits a certificate of consultation shall not be required to disclose the identity of the consulted or the contents of the consultation; provided, however, that when the attorney makes a claim under paragraph (c) of subsection (1) of this section that he was unable to obtain the required consultation with an expert, the court, upon the request of a defendant made prior to compliance by the plaintiff with the provisions of this

Miss. Code Ann. § 11-1-58

section, may require the attorney to divulge to the court, in camera and without any disclosure by the court to any other party, the names of physicians refusing such consultation.

(6) The provisions of this section shall not apply to a plaintiff who is not represented by an attorney.

(7) The plaintiff, in lieu of serving a certificate required by this section, may provide the defendant or defendants with expert information in the form required by the Mississippi Rules of Civil Procedure. Nothing in this section requires the disclosure of any "consulting" or nontrial expert, except as expressly stated herein.

**HISTORY:** SOURCES: Laws, 2002, 3rd Ex Sess, ch. 2, § 6, eff from and after Jan. 1, 2003.

# FERRIS BURSON ENTREKIN & FOLLIS, PLLC

ATTORNEYS AT LAW

1107 WEST SIXTH STREET

LAUREL, MISSISSIPPI 39440

E. BROOKE FERRIS, III
RICHARD O. BURSON
ROMNEY H. ENTREKIN*
RICHARD A. FOLLIS
RYAN J. MITCHELL
W. JOSEPH WIGGINS

*ALSO ADMITTED IN LOUISIANA

POST OFFICE DRAWER 1289
LAUREL, MS 39441-1289

TELEPHONE
(601) 649-5399

FACSIMILE
(601) 649-5799

May 9, 2006

Ms. Donna Jill Johnson
Circuit Clerk of Lauderdale County
Post Office Box 1005
Meridian, MS 39302-1005

> Re:  *Joe Louis Amerson, Jr. vs. Jeff Anderson Hospital and Winn Dixie Co.*; Civil Action No. 05CV-124R in the Circuit Court of Lauderdale County, Mississippi; FBE&F File No. 01-4045

Dear Ms. Johnson:

Enclosed please find for filing an original **Motion to Dismiss on Behalf of Anderson Infirmary Benevolent Association, d/b/a Jeff Anderson Regional Medical Center** and an original **Notice of Hearing** in the above-referenced action. By copy of this letter, a copy of the documents has been furnished to plaintiff at the two locations indicated below.

I am also enclosing an extra copy of the first page of each document with the request that you stamp the same "filed" and return to me in the self-addressed, stamped envelope provided.

Thank you very much for your assistance.

Sincerely yours,

Ryan J. Mitchell

bjw
Enclosures

cc/enc:   Mr. Joe Louis Amerson, Jr.
MDOC #36217
CMCF #3 B-1 B Zone
Post Office Box 88550
Pearl, MS 39288

◀ **THIS COPY FOR**

Mr. Joe Louis Amerson, Jr.
301 63rd Place C-89
Meridian, MS 39307

cc/enc:      Dana D. Wedworth
Court Administrator
Post office Box 1262
Meridian, MS 39302

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

JOE LOUIS AMERSON, JR.                                                    PLAINTIFF

VS.                                                      CIVIL ACTION NO. 05CV-124R

JEFF ANDERSON HOSPITAL
AND WINN DIXIE CO.                                                       DEFENDANTS

<u>NOTICE OF HEARING</u>

TO:     Joe Louis Amerson, Jr.
        MDOC.#36217
        CMCF #3 B-1 B Zone
        Post Office Box 88550
        Pearl, MS 39288

        Joe Louis Amerson, Jr.
        301 63rd Place C-89
        Meridian, MS 39307

PLEASE TAKE NOTICE that Defendant, Anderson Infirmary Benevolent Association, d/b/a Jeff Anderson Regional Medical Center, will bring on for hearing its Motion to Dismiss on Tuesday, June 13, 2006 at 1:30 p.m. before the Honorable Lester F. Williamson, Jr., Circuit Judge, at the Lauderdale County Courthouse in Meridian, Mississippi.

Respectfully submitted, this the 9th day of May, A.D., 2006.

                              Respectfully submitted,

                              ANDERSON INFIRMARY BENEVOLENT
                              ASSOCIATION, A MISSISSIPPI NON-
                              PROFIT CORPORATION, D/B/A JEFF
                              ANDERSON     REGIONAL    MEDICAL
                              CENTER, Defendant

                              By: _____
                                  Its Attorney

**ROMNEY H. ENTREKIN {MB #9276}**
**RYAN J. MITCHELL {MB #100026}**
**FERRIS BURSON ENTREKIN & FOLLIS, PLLC**
1107 WEST SIXTH STREET
POST OFFICE DRAWER 1289
LAUREL, MISSISSIPPI 39441-1289
Telephone:    601:649-5399
Facsimile:    601:649-5799

\* \* \*

## CERTIFICATE OF SERVICE

I, Ryan J. Mitchell, of counsel for defendant, Jeff Anderson Regional Medical Center, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the foregoing document to plaintiff as follows:

**Joe Louis Amerson, Jr.**
MDOC #36217
CMCF #3 B-1 B Zone
Post Office Box 88550
Pearl, MS 39288

**Joe Louis Amerson, Jr.**
301 63rd Place C-89
Meridian, MS 39307

This, the 9th day of May, A.D. 2006.

RYAN J. MITCHELL

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

JOE LOUIS AMERSON, JR.                                              PLAINTIFF

VS.                                                    CIVIL ACTION NO. 05CV-124R

JEFF ANDERSON HOSPITAL
AND WINN DIXIE CO.                                                DEFENDANTS

## MOTION TO DISMISS ON BEHALF OF ANDERSON INFIRMARY BENEVOLENT ASSOCIATION, D/B/A JEFF ANDERSON REGIONAL MEDICAL CENTER

COMES NOW the defendant, Anderson Infirmary Benevolent Association, a Mississippi non-profit corporation, d/b/a Jeff Anderson Regional Medical Center (hereinafter referred to as "the Hospital"), by its counsel of record, and files this its Motion to Dismiss on the grounds that Plaintiff has failed to comply with the requirements of the Medical Malpractice Tort Reform Act, and therefore the Hospital is entitled to be dismissed under M.R.C.P. 12 (b). Accordingly, the Hospital respectfully requests dismissal of this action and in support thereof would state unto the Court the following:

I.

Plaintiff filed his Complaint on or about August 15, 2005, against the Hospital, alleging injuries arising out of the course of medical treatment received at the Hospital. See a copy of the Complaint attached hereto as Exhibit "A". The Hospital filed its Answer and Affirmative Defenses on or about September 28, 2005. See a copy of Answer and Defenses of Anderson Infirmary Benevolent Association, d/b/a Jeff Anderson Regional Medical Center attached hereto as Exhibit "B".

II.

The Mississippi Legislature passed the Medical Malpractice Tort Reform Act ("the Act") in order to provide some relief to health care providers that were relentlessly being dragged into frivolous lawsuits. The Act requires Plaintiff to meet several criteria prior to and contemporaneous

with filing a Complaint against a health care provider such as the Hospital.  Plaintiff has failed to

comply with Section 6 of the Act, Miss. Code Ann. § 11-1-58, which states in pertinent part that:

1)      In any action against a licensed physician, health care provider or health
        care practitioner for injuries . . . arising out of the course of medical,
        surgical or other professional services where expert testimony is
        otherwise required by law, the complaint shall be accompanied by a
        certificate executed by the attorney for the plaintiff declaring that:

        (a) The attorney has reviewed the facts of the case and has consulted with
            at least one (1) expert . . . and the attorney has concluded on the basis
            of such review and consultation that there is a reasonable basis for the
            commencement of such action ; or

        (b) The attorney was unable to obtain the consultation required by
            paragraph (a) of this subsection because a limitation of time established
            by Section 15-1-36 would bar the action and that the consultation could
            not reasonably be obtained before such time expired. . . .; or

        (c) The attorney was unable to obtain the consultation required by
            paragraph (a) of this subsection because the attorney had made at least
            three (3) separate good faith attempts with three (3) different experts to
            obtain a consultation and that none of those contacted would agree to a
            consultation.

        . . .

### III.

Miss. Code Ann. § 11-1-58 is applicable because Plaintiff has filed a complaint against a

licensed healthcare provider, the Hospital, alleging injuries arising out of the course of medical

treatment received at the Hospital.  Miss. Code Ann. § 11-1-58 clearly states that the complaint

**shall** be accompanied by an appropriate certificate.  Plaintiff's Complaint was not accompanied by

the certificate of expert consultation required by Miss. Code Ann. § 11-1-58, nor has Plaintiff met

any of the exceptions under the statute that would excuse absence of the certificate.

### IV.

Furthermore, the Complaint should be dismissed because Plaintiff failed to provide the

Hospital with proper sixty (60) day notice prior to commencing this action.  Specifically, Miss. Code

Ann. §15-1-36 (15) provides that:

No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.

The Hospital received **no** notice prior to the filing of this action by Plaintiff. As such, Plaintiff has failed to satisfy a fundamental prerequisite to filing suit, and therefore this action should be dismissed due to such failure.

## V.

In the case of **Black v. City of Tupelo**, 853 So.2d 1221 (Miss.2003), the Court was presented with a case involving a pro se plaintiff who also failed to provide any notice of claim letter at all.[1] In affirming the trial court's dismissal of that plaintiff's lawsuit, the Court held that "[w]hile we acknowledge on the one hand that as a pro se litigant, Black should be afforded some latitude, *on the other hand, we have consistently held that pro se parties are held to the same rules of procedure as represented parties.*" *Id.* at 1226. The Court found that Black's suit was barred due to his failure to file a notice of claim, an essential requirement for sustaining an action. *Id.*

## VI.

Plaintiff, while admittedly proceeding *pro se*, is held to the same procedural rules as represented parties. As such, the requirements of a certificate of expert consultation and of notice set forth in the Medical Malpractice Tort Reform Act are applicable to Plaintiff and constitute essential requirements for maintaining the type of action asserted. Therefore, due to Plaintiff's failure to provide the certificate of expert consultation to the Hospital and failure to provide the Hospital with sixty (60) days notice of intent to file suit, Plaintiff's Complaint should be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** the Hospital respectfully requests dismissal of this case, with prejudice, and an award of costs and attorney's fees.

---

[1] The Hospital points out that *Black* involved notice required by Miss. Code Ann. § 11-46-11 (13), the Mississippi Tort Claims Act, but it is cited here for purposes of illustrating treatment of notice requirements and application of the substantial compliance standard by the Mississippi courts to pro se litigants.

This, the 9th day of May, A.D. 2006.

Respectfully submitted,

**ANDERSON INFIRMARY BENEVOLENT ASSOCIATION, A MISSISSIPPI NON-PROFIT CORPORATION, D/B/A JEFF ANDERSON REGIONAL MEDICAL CENTER, Defendant**

By: _____

**Its Attorney**

**ROMNEY H. ENTREKIN {MB #9276}**
**RYAN J. MITCHELL {MB #100026}**
**FERRIS BURSON ENTREKIN & FOLLIS, PLLC**
1107 WEST SIXTH STREET
POST OFFICE DRAWER 1289
LAUREL, MISSISSIPPI 39441-1289
Telephone:    601:649-5399
Facsimile:    601:649-5799

\* \*.\*

## CERTIFICATE OF SERVICE

I, Ryan J. Mitchell, of counsel for defendant, Jeff Anderson Regional Medical Center, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the foregoing document to plaintiff as follows:

**Joe Louis Amerson, Jr.**
MDOC #36217
CMCF #3 B-1 B Zone
Post Office Box 88550
Pearl, MS 39288

**Joe Louis Amerson, Jr.**
301 63rd Place C-89
Meridian, MS 39307

This, the 9th day of May, A.D. 2006.

_____
RYAN J. MITCHELL

4

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY MISSISSIPPI

JOE LOUIS AMERSON JR                                    Plaintiff

FILED

VS.                                                CASE NUMBER 05 CV-124R

JEFF ANDERSON HOSPITAL                                  DEFENDANTS

AND WINN DIXIE CO.

Donna _____

CIRCUIT CLERK

CIVIL RIGHT ACTION VS. STATE TORT ACTION

COMPLAINT AN JURY TRIAL DEMANDED

PRELIMINARY STATEMENT: COME NOW IN PRO SE
THIS IS A CIVIL RIGHT ACTION 1983, 1985, 1988. COMPLAINT
FILE BY PLAINTIFF STATE PRISONER JOE LOUIS AMERSON JR UNDER
42 USC S 1983, 1985, 1988. ALLEGING EXCESSIVE USE OF
FORCE AND THE DELIBERATED INDIFFERENCE STANDARD OF THE PLAINTIFF
MEDICAL CARE IN VIOLATION OF THE EIGHTH AMENDMENT OF THE
UNITED STATES CONSTITUTION AND CONFINEMENT IN SEGREGATION IN
VIOLATION OF THE DUE PROCESS CLAUSE OF FOURTEENTH AMENDMENT
TO THE CONSTITUTION. PLAINTIFF SEEK THIS HONORABLE COURT TO GRANT
DAMAGES AND INJUNCTIVE RELIEF ALSO ALLEGES THE STATE TORT
ACTION OF THE NEGLIGENCE OF DEFENDANT WINN DIXIE CO. WHO
WHOM SERVICE ADMISSION THE SLIPP AND FALL. ALSO PLAINTIFF
ALLEGES AGAINST THE DEFENDANT JEFF ANDERSON HOSPITAL MEDICAL
CARE DELIBERATED INDIFFERENCE PHYSICALLY, MENTALLY AND
EMOTIONALLY ABUSE.          Jurisdiction
1. THE COURT HAS JURIDICTION OVER THE PLAINTIFFS' CLAIMS OF
VIOLATION OF FEDERAL CONSTITUTION RIGHTS UNDER U.S.C. 42
1331 (A) AND 1343
2. THE COURT HAS SUPPLEMENTAL JURIDICTION OVER THE
PLAINTIFF. STATE LAW TORT CLAIM UNDER 28 U.S.C
S 1367.

EXHIBIT

"A"

5. DEFENDANT WINN DIXIE CO IS MEDICAL AND GENERALLY IS RESPONSIBLE FOR ENSURING THE FLOORS ARE DRY, AND CLEAN, THE PLAINTIFF CHARGE THE DEFENT NEGLIGENCE OF THEIR BUSINESS RESPONSIBILIES AND DUTIES.

6. THE FIND THE DEFENDANT WINN DIXIE CO. IN VIOLATION UNDER 42 U.S.C § 1983. THE PLAINTIFF ALSO ALLEGES THE TORTS OF ASSAULT AND BATTERY OF THE DEFENDANT NEGLIGENCE

7. THE DEFENDANT WINN DIXIE CO. ADMINISTRATION REVIEWED ALL THAT OF WAS FILED BY THE PLAINTIFF JOE LOUIS AMERSON JR THE DEFENDANT WINN DIXIE CO AFTER THREE HUNDRED AND THRITY (330) DAYS ARE AT, STILL AT FAULT, FROM AUGUST 3, 2004.

8. THE DEFENDANT WINN DIXIE CO. AT FAULT UNDER THE POLICY, OF ACCIDENT POLICY.

9. TYPE OF BUSINESS AND PERSONAL INSURANCE COVERAGE THAT INSURES AGAINST LOSS RESULTING DIRECTLY FROM BODY INJURIES EFFECTIVE DURING THE TERM OF POLICY SOLELY THROUGH ACCIDENTAL MEANS.

10. THE PLAINTIFF BILL OF RIGHTS HAVE AND ARE VIOLATED BY THE DEINFENDANT WINN DIXIE CO. AND JEFF ANDERSON HOSPITAL

11. COME NOW SEEKING ORDER JUDGEMENT FROM THIS COURT AGAINST THE DEFENDANTS. I THE PLAINTIFF JOE LOUIS AMERSON JR, IS A PAUPER. AND MAY I ASK OF THIS HONABLE COURT OF PROCEEDING WITH THE PROSECUTION IN THIS MATTER IN FORMA PAUPERIS.   PARTIES

12. ON AUGUST 03, 2004 THE PLAINTIFF WAS REMOVED FROM THE DEFENDANT FLOOR WET WITH WATER.

13. AFTER PLAINTIFF SLIPPED AND FELL AND HURTE HIS BACK.

14. IMMEDIATELY ATTENDANT WAS GIVEN BY THE STORE MANAGER OF THE DEFENDANT MR. JOSH FITCGERALD, A RANKIN EMPLOYEE, FORE THE SAID DEFENDANT WINN DIXIE CO.

15. MR. FITCGERALD ADVISED, THE PLAINTIFF NOT TO MOVE UNTIL THE MERIDIAN, PARAMEDETICES ARRIVE.

16. DURING THE MOMENT OF WAITING ON THE WET FLOOR MR. Josh FitzGerald EMPLOYEE FORE THE DEFENDANT WINN DIXIE CO. ORDER A WET FLOOR SIGN be put up.

17. ON AUGUST 03, 2004 TUESDAY 5:30 P.M. 6:00 P.M THE MERIDIAN PARAMEDETICS ARRIVE GIVING SATISFACTION OF HUMAN SPECIALIST

18. APPROXIMATELY to FIFTEEN (15) MINUTES Plaintiff WAS REMOVE FROM defendant WINN DIXIE CO. PROPERTY to bE MEDICAL TREATED.

19. Plaintiff Joe Louis AMERSON JR ARRIVED ON THE PROPERTY IN THE AMBULANCE At THE HOSPITAL defendant Jeff ANDERSON HOSPITAL EMERGENCY ROOM

Facts

20. MERIDIAN, PARAMEDETICS ENTER Plaintiff Joe Louis AMERSON INTO defendant Jeff ANDERSON HOSPITAL EMERGENCY ROOM GIVING MEDICAL TERMS to DR. ANDERSON of CONDITION.

21. DR. ANDERSON EMPLOYEE OF the defendant JEFF ANDERSON HOSPITAL GAVE the Plaintiff Joe Louis AMERSON II A SHOT FORE his PAIN.

22. THE Said DR. ANDERSON RETURNED About twenty (20) to twenFIVE (25) MINUTES AWAKEN the Plaintiff AND I WAS DISCHARGE FROM JEFF ANDERSON HOSPITAL.

23. THE Said DR. ANDERSON the defendant ORDER the PLAINTIFF out the HOSPITAL with AUTHORITY KNOWING the AFFECT OF the MEDICATION that HE GAVE to the plaintiff JOE Louis AMERSON JR.

24. THE Plaintiff Joe Louis AMERSON JR WAS hurt AND drowSINE with DIZZENESS FROM ENIECTION ON the MEDICATION the defendant GAVE the PLAINTIFF.

25. THE PLAINTIFF WAS to SICK AND to hurt to MOVE AFTER the defendant ORDERED the PLAINTIFF OFF the PROPERTY OF JEFF ANDERSON HOSPITAL.

MISUSE OF FORCE

26. THE Plaintiff REPEATELY ARE DEMAND to Get UP Plaintiff ASKED DR. ANDERSON WHY ARE YOU doinG this DEFENDANT REFUSED to ANSWER.

27. THE Plaintiff Stated, MADE to the DEFENDANT I AM HURT I CAN'T MOVE don't put ME OUT OF THE HospitAl AND I'M HURTING.

28. Shortly AFTER these EVENTS the DEFENDANT Returned with the DEFENDANT SECURITY AND SAID I KNOW how to deal With this WISE GUY AND CAlled MERIDIAN, City Police.

29. DR. ANDERSON ON DEMAND ORDER the DEFENDANT Jeff ANDERSON HoSpitAl SECURITY to Pull the PLAINTIFF out OF bed AND Get the Plaintiff out the EMERGENCY ROOM AND OFF OF the property of the DEFENDANT.

30. THE Plaintiff Joe Louis AMERSON JR WAS HAlf Nude WHEN the DEFENDANTS through the PLAINTIFF IN the WheElchAir.

30. DEFENDANTS SECURITY OFFICERS PROCEEDED to EXIT the DEFENDANT JEFF ANDERSON HoSpitAl EMERGENCY ROOM.

32. DEFENDANT DEMAND the Plaintiff to EXIT OFF the PROPERTY OF DEFENDANT Jeff ANDERSON HoSpitAl ONCE EXITED OUTSIDE EXPOSED HAlf Nude.

33. DEFENDANTS USED A buSED AND AbUSIVE BE-hAVIOR ACCORDING to the CONduct OF the DEFENDANTS PROFESSIONAbilITIES.

Facts

34. THE MERIDIAN, POLICE ARRIVED ON THE PROPERTY OF the DEFENDANT JEFF ANDERSON HOSPITAL 7:30. P.M. OR 8:30. P.M. AUGUST 03, 2004.

35. SEEN BY THE POLICE OFFICER HALF NUDED THE POLICE OFFICER OF THE CITY OF MERIDIAN WAS IMFORMED THE PLAINTIFF JOE LOUIS AMERSON JR WAS TRUSTPASSING.

36. THE POLICEMAN MADE AN ATTEMP TO DRESS THE PLAINTIFF JOE LOUIS AMERSON JR BY TRYING TO PUT THE PLAINTIFF CLOTHS ON.

37 THE POLICE OFFICER PUSH THE PLAINTIFF TO THE POLICEMAN CAR IN THE WHEELCHAIR.

38. AFTER OFF THE DEFENDANT JEFF ANDERSON PROPERTY THE POLICE OFFICER ASKED THE PLAINTIFF JOE LOUIS AMERSON WHERE DO THE PLAINTIFF LIVE TO THE BEST OF RECOLECT OF DROWSINESS AND DIZZENESS.

39. THE PLAINTIFF EXPLAINED TO THE POLICE OFFICER WHERE THE PLAINTIFF JOE LOUIS AMERSON JR LIVED 301 63RD PL APT# C-20 MERIDIAN, MS.

40. THE POLICE OFFICER STATED THAT (HE) THE OFFICER WAS NOT GOING TO ARRESTED THE THEREOF SAID PLAINTIFF JOE LOUIS AMERSON JR.

41. THE MERIDIAN CITY POLICE ARRIVED AT 301 63RD PL, AT ABOUT 8:55. P.M. OR 9:05. P.M. AUGUST 3, 2004.

42. THE POLICE OFFICER KNOCK ON the RESIDENT door
AND SHE OPEN the door ONCE the POLICE OFFICE
IDENTIFIED HIMSELF AS MERIDIAN CITY POLICE.

43. She the RESIDENTIAL CITIZEN OF the CITY OF
MERIDIAN, COUNTY OF LAUDERDALE the STATE
MISSISSIPP.

44. THE Plaintiff JOE LOUIS AMERSON JR ONLY
GRADED loved GRANDMOTHER MRS. JEANIE B. McNEAL
She addressed the POLICE OFFICER ASKING the
POLICE OFFICER What did the PLAINTIFF do.

45. THE POLICE OFFICER helping the Plaintiff JOE LOUIS
AMERSON JR OUT OF the POLICEMAN CAR STATING
Nothin MAM (HE'S) PLAINTIFF JOE LOUIS AMERSON JR
BEEN hurt.

46. THE Police OFFICER WAS helping the Plaintiff to
the PORCH OF 301 63RD PL, MERIDIAN, MS. While HE
the POLICE OFFICER MADE HIS STATEMENT, ON
AUGUST 03, 2004.

47. THE Plaintiff GRANDMOTHER hope the Plaintiff IN
the HOUSE AFTER the POLICE OFFICER FOLLOW the
PROCEEDING OF (HIS) POLICEMAN ROUTINE.

48. AFTER BEEN hurted AND drowsiness AND
dizzeness FROM the Shot the defendant
JEFF ANDERSON HOSPITAL GAVE Plaintiff.

49. FOLLOW the ORDERS OF PLAINTIFF GRANDMOTHER She advise that PLAINTIFF REST GRANDMOTHER JEANIE B. M⊆NEAL ASKED HER GRANDSON what HAPPEN to the PLAINTIFF.

50. To the best OF MY the PLAINTIFF JOE LOUIS AMERSON JR RECOLLECT FROM DROWSINESS AND DIZZENESS the PLAINTIFF JOE LOUIS AMERSON JR EXPLAINED.

51. THE PLAINTIFF JOE LOUIS AMERSON JR WAS EXHAUSTIVE THE Shot FROM the DEFENDANT JEFF ANDERSON Hospital bY DR. ANDERSON PUT the PLAINTIFF ASLEEP.

DENIAL OF DUE PROCESS

52. THE PLAINTIFF JOE LOUIS AMERSON JR RESTED ALL DAY AuGust 4th 2004 CALLING the DEFENDANT WINN DIXIE CO STORE WHERE the ACCIDENT HAPPEN August 3, 2004, LOCATED HWY 19. NORTH 2120 MERIDIAN, MS.

53. MR. Josh FitcGERALD STORE MANAGER hAD NOT FILED AN ACCIDENT REPORT FROM AuGust 3rd to AuGust 4th 2004.

54. THE PLAINTIFF JOE LOUIS AMERSON JR ASKED OF the DEFENDANT MR. Josh FitcGERALD EMPLOYEE OF the DEFENDANT WINN DIXIE CO. to FORWARD INFORMATION to the PLAINTIFF JOE LOUIS AMERSON JR.

55. DEFENDANT GAVE the PLAINTIFF the NUMBER to the DEFENDAN Administration OFFICE OF CLAIMS FOR ACCIDENTIAL PURPOSE PHONE NUMBER (866-202-2126).

56. PLAINTIFF JOE LOUIS AMERSON JR CALL the DEFENDANT WINN DIXIE ADMINISTRATIVE to SEE A CLAIM HAVE BEEN FILED.

57. DEFENDANT WINN DIXIE Co ADMINISTRATION OF CLAIMS RECEPTIONIST USED EXTENTION to DEFENDANT MRS/MS KATLYN BAIN, CASE WORKER, DATE AUGUST 4th, 2004.

58. Plaintiff JOE LOUIS AMERSON JR HAD ASKED THE SAID DEFENDANT EMPLOYED OF WINN DIXIE CO. do SHE KATLYN BRIN, HAVE A CLAIM NUMBER SHE SAY DEFENDANT ANSWER NO.

59. Plaintiff JOE LOUIS AMERSON JR ASKED THE DEFENDANT MRS/ Mis KATLYN BRIN DEFENDANT EXPLAINED to Plaintiff DEFENDANT JOSH FITCGERALD did NOT FILE A ACCIDENT AUGUST 3, 2004.

60. THE Plaintiff CALLE THE DEFENDANT ON THE DATE AUGUST 4th 2004, 10:00 A.M. OR 11:00 A.M. MR. JOSH FITGGERALD THE DEFENDANT WAS NEGLIGENCE NO ACCIDENT FILED.

61. MENTALLY, EMOTIONALLY, PHYSICALLY, the DEFENDANT WINN DIXIE CO. AND DEFENDANT JEFF ANDERSON HOSPITAL EXHAUSTIVE the Plaintiff.

62. Plaintiff JOE LOUIS AMERSON JR RETURNED to the DR. The Plaintiff WENT REASONbly IN PAINED ON the DATE OF AUGUST 5th 2004, TIME 10:45 A.M. OR 11:00 A.M.

63. WITNESS the Plaintiff DAMAGE the Plaintiff JOE LOUIS AMERSON JR SUFFER FROM the DEFENDANTS RILEY MEMORIAL HOSPITAL WITNESS the DAMAGE.

64. DR. DANNEMILLER, AT RILEY MEMORIAL HOSPITAL the Plaintiff FORWARD DOCUMENTS FROM RILEY MEMORIAL HOSPITAL TREATED AND DIAGNOSED.

65. DR. DANNEMILLER DIAGNOSED SPECIAL INSTRUCTION FORE the Plaintiff JOE LOUIS AMERSON JR DAMAGE BACK

CRUEL AND UNUSUAL Punishment Through the DENIAL
OF EQUAL PROTECTION OF LAW CAUSE BY AN UNSAFE ENVIRONMENT

66. THE defendant's WINN DIXIE CO FAILURE to KEEP A SAFE ENVIRONMENT ESPECIALLY while Plaintiff Joe Louis AMERSON JR WAS Shopping. DEFENDANT JEFF ANDERSON HOSPITAL ACTIVE UPON CRUEL AND UNUSUAL PUNISHMENT AWAKING THE Plaintiff JOE LOUIS AMERSON JR UP OUT OF SLEEP. MISTREATING the Plaintiff JOE LOUIS AMERSON JR STATING the Plaintiff will HAVE to LEAVE OR BE ARRESTED FOR TRUSPASSING. MENTALLY ABUSE AND EMOTIONAL ABUSE AS WELL AS the DEFENDANT JEFF ANDERSON HOSPITAL, PHYSICALLY Abused the Plaintiff. THE defendants JEFF ANDERSON Hospital WAS CRUEL AND UNUSUAL PUNISHMENT. DEFENDANTS JEFF ANDERSON HOSPITAL AND WINN DIXIE CO. VIOLATES the Plaintiff EIGHTH AMENDMENT Right of the United States Constitution AND EQUAL PROTECTION OF the LAW. THE Above SAID defendants JEFF ANDERSON HOSPITAL AND WINN DIXIE CO. HAVE CREATED A SAFE ENVIRONMENT FOR the Plaintiff JOE LOUIS AMERSON JR SAFETY Through ADEQUATE STAFFING, AND ENSURING the ENFORCEMENT OF POLICIES AND PROCEDURE OF the Standard WERE being CARRIED out has deNIED Plaintiff to be FREE FROM CRUEL AND UNUSAL PUNISHMENT his EIGHTH AMENDMENT Right OF the United States Constitution through the INVASION OF his Right to EQUAL PROTECTION OF the LAW his FOURTEENTH Right OF the UNITED STATES Constitution Such As the Above defendants ARE liable.

RELIEF REQUESTED

WHEREFORE PLAINTIFF REQUESTS that the Court GRANT the Following RELIEF:

A. ISSUE A declaratory JUDGMENT Stating that:

1. THAT Failure of the defendants JEFF ANDERSON HOSPITAL And WINN DIXIE Co, ARE IN VIOLATION.

THE defendANT JEFF ANDERSON Hospital to ENSURE PlAINTIFF FROM being Attacked While PlAINTIFF LAY ASLEEP under MEDICATION. VIOLATED PlAINTIFF EIGhth AND FOURTEENth AMENdMENT RIGht OF the United States Constitution AND Constituted AND ASSAULT AND battery under StAte LAW.

THE defendANT WINN DIXIE CO. FAILED to do due PROCESS FOR A CLAIM due to FROM the RESULT OF A INJURY FROM A UNSAFE ENVIRONMENT OF business. Violated PlAINTIFF EIGhth AND FOURTEENth AMENdMENT RIGht OF the United States Constitution AND Constituted AND ASAULT AND battery under StAte LAW.

B. ISSUE AN INJUNCTION ORDERING defendANT's JEFF ANDERSON Hospital AND WINN DIXIE CO

1. TO COME CONCERNd FOR thereof MATTERS HEREbY this HONAble COURT Will PROSECUTE IN ANY OF the Said ACTION IN Which PUNITIVE dAMAGE ARE Sought IN this COMPlAINT Whether there is A REASONAble CAUSED by the defendANTS

C. AWARd COMPENSATORY dAMAGES FOR the PlAINTIFF having to SUFFER FROM deliberate INdIFFERENCE ANd UNSAFE ENVIRONMENT OF business ANd the SAId Following AMOUNTS:

3. $400,000 Jointly and individually against defendants JEFF ANDERSON HOSPITAL and WINN DIXIE CO. for the physical and emotional injuries sustained as a result of their failure to ensure the policies and procedures.

4. $400,000 Jointly and individually against the defendants JEFF ANDERSON HOSPITAL and WINN DIXIE CO fore thereof for the physical and emotional injuries sustained as a result of their NEGLIGENCE.

5. $400,000 Jointly and individually against defendants JEFF ANDERSON HOSPITAL and WINN DIXIE CO. for the physical and emotional injuries sustained from their Prominence failure to provide adequate staffing fore safety of a business environment and deliberated indiffence of medical care to plaintiff.

D. Award punitive damages in the following amounts:
1. $400,000 Jointly and individually against defendants JEFF ANDERSON HOSPITAL and WINN DIXIE CO.

F. Grant plaintiff additional punitive damages in the following amounts:
1. $1,000,000 Jointly and individually against defendants JEFF ANDERSON HOSPITAL and WINN DIXIE CO

FOR their Ochestrate FAILURE to PROCUSLE thereof the Said defendants JEFF ANDERSON Hospital AND WINN DIXIE∞AS it would have implicated themselves and their failues IN have failed to ENSURE A SAFE ENVIRONMENT the ENFORCEMENT of JEFF ANDERSON Hospital and WINN DIXIE Co. Policy And Adequate STAFFING UNDER ACA Standards.

E. GRANT Plaintiff JOE LOUIS AMERSON JR A default JUDGMENT IF defendants FAILEd to RESPOND within (30) dAys.

H. GRANT Plaintiff Joe Louis AMERSON JR AttoANEY FEES.

G. GRANT Such other Relief AS it MAY AppEAR that is ENtitled.

THIS, the _10th_ dAy oF August 2005

RESPECTfully SuBmitted

JOE LOUIS AMERSON JR # 36217
CMCF #9 A-1 BZONE
POBOX 88550
PEARL, MIS. 39288

State of Mississippi
County of Lauderdale

## AFFIDAVIT

PERSONALLY APPEARED BEFORE ME, the UNDERSIGNED
Authority in and FOR the AFFORESAID County and State;
the within NAMED _____
PETITIONER, WHO ACKNOWLEDGES that the MATTERS AND things
Alleged AND CONTAINED in the FOREGOING PETITION ARE TRUE
AND CORRECT AS STATED.
         I _____ SWEAR UNDER PENALTY OF
PERJURY, that MATTERS PERTAINING to the Slip AND FALL
AND Medical deliberated INDIFFERENCE Contained in IN
the FOREGOING PETITION ARE TRUE AND CorRECT AS STATED.

SWORN to AND Subscribed BEFORE ME, this the day 10th OF
August 2005.                              NOTARY Public
NIY COMMISSION EXPIRES

Laura Quarles

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION ... FEB 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

LAURA QUARLES
NOTARY
PUBLIC
HINDS COUNTY MS

13

## CERTIFICATE OF SERVICE

THIS to CERTIFY that, I, JOE LOUIS AMERSON JR did CAUSEd to, bE MAILEd the FOREGOING CIVIL RIGHTS COMPlAINT VIA UNITEd STATES, TO the CIRCUIT COURT ClERK LAUDERDALE COUNTY POBOX 1005 MERIDIAN, MS. 39301-1005, this, the ___10th___ dAY OF AUGUST 2005.

RESpectFUllY Sudmitted,

*Joe Louis Amerson Jr*

JOE LOUIS AMERSON JR# 96219
CMCF #3 B-1 B-ZONE
P.O.BOX 88550
PEARL MS, 39288.

SWORN to ANd SUbSCRIbEd to bEfORE ME, THIS, THE ___10th___ dAY OF AUGUST 2005.

NOTARY PUblIC ___Laura Quarles___

MY COMISSION EXPIRES: _____

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

14

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

JOE LOUIS AMERSON, JR.                                    PLAINTIFF

VS.                                    CIVIL ACTION NO. 05CV-124R

JEFF ANDERSON HOSPITAL
AND WINN DIXIE CO.                                    DEFENDANTS

### ANSWER AND DEFENSES OF
### ANDERSON INFIRMARY BENEVOLENT ASSOCIATION,
### D/B/A JEFF ANDERSON REGIONAL MEDICAL CENTER

Comes the defendant, Anderson Infirmary Benevolent Association, a Mississippi non-profit corporation, d/b/a Jeff Anderson Regional Medical Center (hereinafter referred to as "the Hospital"), by its counsel of record, and for answer to the Complaint filed against it, states:

### FIRST DEFENSE

The Complaint fails to state a cause of action against the Hospital upon which any relief can be granted and should, therefore, be dismissed.

### SECOND DEFENSE

The Complaint should be dismissed for plaintiff's failure to give notice of this civil action as required by Miss. Code Ann. § 15-1-36 (15), as amended.

### THIRD DEFENSE

The Complaint should be dismissed for plaintiff's failure to comply with the provisions of Miss. Code Ann. § 11-1-58, as amended.

### FOURTH DEFENSE

The Complaint attempts to assert causes of action under 42 U.S.C. §§ 1983, 1985 and 1988. These allegations are not properly pled as to the Hospital and should, therefore, be dismissed.



EXHIBIT

"B"

## FIFTH DEFENSE

## ANSWER

1.    In response to paragraph 1, it is only admitted that the allegations of the Complaint create the appearance of a controversy between the parties that, although not properly pled, would be within the jurisdiction of this Court.

2.    In response to paragraph 2, it is only admitted that the allegations of the Complaint create the appearance of a controversy between the parties that, although not properly pled, would be within the jurisdiction of this Court.

3.    There is no paragraph 3.

4.    There is no paragraph 4.

5.    Paragraph 5 is not directed to the Hospital and, therefore, requires no answer by this defendant.

6.    Paragraph 6 is not directed to the Hospital and, therefore, requires no answer by this defendant.

7.    Paragraph 7 is not directed to the Hospital and, therefore, requires no answer by this defendant.

8.    Paragraph 8 is not directed to the Hospital and, therefore, requires no answer by this defendant.

9.    The Hospital does not fully understand the allegations of paragraph 9 of the Complaint but insofar as the allegations of paragraph 9 attempt to impose liability on the Hospital, the allegations are denied.

10.    Paragraph 10 is denied.

11.    Paragraph 11 is not directed to the Hospital and, therefore, requires no answer by this defendant.

12.   The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 12 and, therefore, the allegations are denied.

13.   The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 13 and, therefore, the allegations are denied.

14.   The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 14 and, therefore, the allegations are denied.

15.   The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 15 and, therefore, the allegations are denied.

16.   The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 16 and, therefore, the allegations are denied.

17.   The Hospital does not fully understand the allegations of paragraph 17 of the Complaint but insofar as the allegations of paragraph 17 attempt to impose liability on the Hospital, the allegations are denied.

18.   The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 18 and, therefore, the allegations are denied.

19.   Paragraph 19 is denied, except it is admitted that plaintiff was transported to the Emergency Department of the Hospital on August 3, 2004.

20.   Paragraph 20 is denied, except it is admitted that plaintiff was transported to the Emergency Department of the Hospital on August 3, 2004.

3

21.    Paragraph 21 is denied, except it is admitted that plaintiff was treated in the Emergency Department of the Hospital by Dr. Shawn Anderson.

22.    Paragraph 22 is denied.

23.    Paragraph 23 is denied.

24.    Paragraph 24 is denied.

25.    Paragraph 25 is denied.

26.    Paragraph 26 is denied.

27.    Paragraph 27 is denied.

28.    Paragraph 28 is denied.

29.    Paragraph 29 is denied.

30.    Paragraph 30 is denied.

31.    Paragraph 31 is denied.

32.    Paragraph 32 is denied.

33.    The Hospital does not fully understand the allegations of paragraph 33 of the Complaint, but insofar as paragraph 33 attempts to impose liability on the Hospital, the allegations are denied.

34.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 34 and, therefore, the allegations are denied.

35.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 35 and, therefore, the allegations are denied.

36.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 36 of the Complaint and, therefore, the allegations are denied.

37.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 37 and, therefore, the allegations are denied.

38.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 38 of the Complaint and, therefore, the allegations are denied.

39.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 39 of the Complaint and, therefore, the allegations are denied.

40.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 40 of the Complaint and, therefore, the allegations are denied.

41.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 41 of the Complaint and, therefore, the allegations are denied.

42.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 42 of the Complaint and, therefore, the allegations are denied.

43.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 43 of the Complaint and, therefore, the allegations are denied.

44.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 44 of the Complaint and, therefore, the allegations are denied.

45.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 45 of the Complaint and, therefore, the allegations are denied.

46.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 46 of the Complaint and, therefore, the allegations are denied.

47.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 47 of the Complaint and, therefore, the allegations are denied.

48.     Although the Hospital does not fully understand the allegations of paragraph 48 of the Complaint, to the extent the allegations attempt to impose liability on the Hospital, the allegations are denied.

49.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 49 of the Complaint and, therefore, the allegations are denied.

50.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 50 of the Complaint and, therefore, the allegations are denied.

51.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 51 of the Complaint. However, to the extent the allegations attempt to impose liability on the Hospital, the allegations are denied.

52.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 52 of the Complaint and, therefore, the allegations are denied.

53.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 53 of the Complaint and, therefore, the allegations are denied.

54.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 54 of the Complaint and, therefore, the allegations are denied.

55.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 55 of the Complaint and, therefore, the allegations are denied.

56.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 56 of the Complaint and, therefore, the allegations are denied.

57.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 57 of the Complaint and, therefore, the allegations are denied.

58.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 58 of the Complaint and, therefore, the allegations are denied.

59.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 59 of the Complaint and, therefore, the allegations are denied.

60.     The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 60 of the Complaint and, therefore, the allegations are denied.

61.    Although the Hospital does not fully understand the allegations of paragraph 61 of the Complaint, to the extent the allegations attempt to impose liability on the Hospital, the allegations are denied.

62.    Although the Hospital does not fully understand the allegations of paragraph 62 of the Complaint, to the extent the allegations attempt to impose liability on the Hospital, the allegations are denied.

63.    Although the Hospital does not fully understand the allegations of paragraph 63 of the Complaint, to the extent the allegations attempt to impose liability on the Hospital, the allegations are denied.

64.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 64 of the Complaint and, therefore, the allegations are denied.

65.    The Hospital is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations of paragraph 65 of the Complaint and, therefore, the allegations are denied.

66.    To the extent the Hospital is able to decipher the allegations of paragraph 66 of the Complaint, the allegations are denied.

67.    To the extent the Hospital is able to decipher the allegations of paragraph "A" of the Complaint, including the subparagraphs thereof, the allegations are denied.

68.    To the extent the Hospital is able to decipher the allegations of paragraph "B" of the Complaint, including the subparagraph thereof, the allegations are denied. The Hospital specifically denies that plaintiff is entitled to judgment against it for punitive damages or any other damages whatsoever and prays to be dismissed with its reasonable costs.

69.    The allegations of paragraph "C-3" of the Complaint are denied. The Hospital specifically denies that plaintiff is entitled to judgment against for compensatory damages or any other damages whatsoever and prays to be dismissed with its reasonable costs.

8

70.     The allegations of paragraph "C-4" of the Complaint are denied. The Hospital specifically denies that plaintiff is entitled to judgment against it for compensatory damages or any other damages whatsoever and prays to be dismissed with its reasonable costs.

71.     The allegations of paragraph "D-1" of the Complaint are denied. The Hospital specifically denies that plaintiff is entitled to judgment against it for punitive damages or any other damages whatsoever and prays to be dismissed with its reasonable costs.

72.     To the extent the Hospital is able to decipher he allegations of paragraph "F-1" of the Complaint, the allegations are denied. The Hospital specifically denies that plaintiff is entitled to judgment against it for punitive damages or any other damages whatsoever and prays to be dismissed with its reasonable costs.

73.     The allegations of paragraph "E" of the Complaint are denied. The Hospital specifically denies that plaintiff is entitled to judgment against it for any reason for any damages whatsoever and prays to be dismissed with its reasonable costs.

74.     The allegations of paragraph "H" of the Complaint are denied. The Hospital specifically denies that plaintiff is entitled to judgment against it for any reason for any damages whatsoever and prays to be dismissed with its reasonable costs.

75.     The allegations of paragraph "G" of the Complaint are denied. The Hospital specifically denies that plaintiff is entitled to recover for alleged damages in any manner for either actual, punitive, compensatory or any other damages, for costs, or otherwise, in any sum whatever, and prays to be dismissed with its reasonable costs.

**AND NOW,** having answered the allegations of the Complaint, the Hospital sets forth its additional affirmative defenses as follows:

### SIXTH DEFENSE

The Hospital and its agents, servants, and employees rendered to Joe Louis Amerson, Jr., such reasonable, ordinary, and due care and attention as his mental and physical condition, as known to them, required.

## SEVENTH DEFENSE

No negligent act, failure to act, or deviation from the accepted standard of care by the Hospital or its agents, servants, and employees either caused or contributed to plaintiff's injuries and damages, if any, but if the Hospital is found to be responsible, it demands application of Section 85-5-7, Miss. Code of 1972, as amended.

## EIGHTH DEFENSE

Plaintiffs' injuries and damages, if any, were not caused or contributed to by any negligent act or omission of the Hospital, but were caused or contributed to by preexisting conditions, contributory negligence, and/or complications completely unrelated to any act or omission on the part of the Hospital.

## NINTH DEFENSE

Plaintiff's claim for punitive damages violates the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14, 15, 16, 17, 20 and 28 of Article III of the Mississippi Constitution and is therefore barred.

## TENTH DEFENSE

Any award of exemplary and/or punitive damages as sought by the plaintiff is unconstitutional under both the United States Constitution, particularly under the Eighth and Fourteenth Amendments, and the Mississippi Constitution of 1890, particularly under §§ 14 and 28 of Article 3, and such award is unlawful for the following reasons:

A.    That such award would not serve any function now appropriate in the context of this action for civil damages. All actual damages, if any, are recoverable under Mississippi law.

B.    That such award would only serve as a windfall to the plaintiff in civil litigation.

C.    That such award is by definition punitive in nature and the criminal statutes of Mississippi serve the appropriate function of punishing any wrongful conduct and of to deter such conduct by others.

10

D.      That such award would be against public policy.

E.      That such award would be tantamount to or would constitute a taking of property without due process, since that amount of such award is based solely on speculation and not on any rational basis.

F.      That such an award, if any, would not be subject to procedural safeguards guaranteed to a criminal defendant.

G.      That such an award would constitute an excessive fine or penalty.

## ELEVENTH DEFENSE

The Hospital invokes the applicable provisions of Miss. Code Ann. § 11-1-65, et. seq. (1997).

## TWELFTH DEFENSE

The Hospital will rely upon all defenses lawfully available to it at the time of trial and reserves the right to amend its Answer and to supplement its affirmative defenses as additional information becomes available through discovery.

## THIRTEENTH DEFENSE

The Hospital denies each and every material allegation of the Complaint not otherwise responded to herein.

## FOURTEENTH DEFENSE

The Hospital pleads all substantive and procedural defenses available to it under the 2002 Medical Liability Reforms found in H.B. No. 2, 2002, Third Extraordinary Session.

## FIFTEENTH DEFENSE

The Hospital specifically reserves the right to plead any affirmative defense, including, but not limited to, those affirmative defenses enumerated in Rules 8 or 12 of the Mississippi Rules of Civil Procedure, which may become applicable to this action upon investigation and discovery.

* * *

## ADDENDUM

In addition to the pleading entitled "Civil Right Action vs. State Tort Action Complaint an {sic} Jury Trial Demanded," there was also a pleading styled "Complaint by a Prisone {sic} Under the Civil Act, 42 U.S.C. § 1983 vs. State Court Tort Action" contained in the documents served on the Hospital. The referenced document, although difficult to understand, appears to reassert the allegations made in the "Civil Right Action vs. State Tort Action Complaint an {sic} Jury Trial Demanded." To the extent that there are any unanswered allegations contained among the additional papers served by plaintiff on the Hospital in Cause No. 05CV-0124(R), those allegations are denied by the Hospital and all affirmative defenses previously pled are reasserted herein..

This, the 28th day of September, A.D. 2005.

Respectfully submitted,

**ANDERSON INFIRMARY BENEVOLENT ASSOCIATION, A MISSISSIPPI NON-PROFIT CORPORATION, D/B/A JEFF ANDERSON REGIONAL MEDICAL CENTER, Defendant**

By: _____

**Its Attorney**

**ROMNEY H. ENTREKIN {MB #9276}**
**FERRIS BURSON ENTREKIN & FOLLIS, PLLC**
1107 WEST SIXTH STREET
POST OFFICE DRAWER 1289
LAUREL, MISSISSIPPI 39441-1289
Telephone:    601:649-5399
Facsimile:    601:649-5799

* * *

## CERTIFICATE OF SERVICE

I, Romney H. Entrekin, of counsel for defendant, Jeff Anderson Regional Medical Center, do hereby certify that I have this day mailed by United States Mail, postage prepaid, a true and correct copy of the foregoing document to plaintiff as follows:

**Joe Louis Amerson, Jr.**
CMCF #3 B-1 B Zone
Post Office Box 88550
Pearl, MS 39288

**Joe Louis Amerson, Jr.**
301 63rd Place C-89
Meridian, MS 39307

This, the 28th day of September, A.D. 2005.

_____
ROMNEY H. ENTREKIN

Date 6 28-05

Circuit Court Clerk LAUDERDALE County
Post OFFic Box 1005
MERIDIAN , Mississippi. 39302-1005
DEAR Circuit Court Clerk:

Enclosed please Find Filling MY CLAIMS
FOR Relief. I AM without Funds to pay to the
Filling Fee, EVIDENCE by MY Attached of the
Application FOR informa pauper's status and that
You I ask of WAIVE ANY REQUIRED FEES.

By copy of this letter, I am Forwarding
A Copy of Said Claims to the Circuit Court
Clerk.

THANK You IN Advanced FOR Your time And Your
Assistance IN this Matter.

Sincerely,

JOE LOUIS AMERSON JR
PlAINtIFF



# DONNA JILL JOHNSON

*Clerk of the Circuit, County and Juvenile Courts
of Lauderdale County*

POST OFFICE BOX 1005
MERIDIAN, MISSISSIPPI 39302-1005

May 10, 2005

**CIRCUIT**

**CIRCUIT COURT**

(601) 482-9738
FAX (601) 484-3970
EMAIL
circuitcourt@lauderdalecounty.org

**COUNTY COURT**

(601) 482-9715
FAX (601) 486-4940
EMAIL
countycourt@lauderdalecounty.org

**YOUTH COURT**

(601) 482-9830
FAX (601) 481-1960
EMAIL
juvenilecenter@lauderdalecounty.org

**CLERK**

(601) 482-9731
FAX (601) 482-9734
EMAIL
circuitclerk@lauderdalecounty.org

Joe L. Amerson, Jr.
#36217
CMCF
pobox 88550
Pearl, Ms 39288

Dear Mr. Amerson:

You have attempted to file a civil action against Winn Dixie and Jeff Anderson Hospital. The following required documents are not included with the documents you forwarded to this office.

> ✓ 1. Civil cover filing sheet.
>
> ✓ 2. Affidavit of poverty
>
> ✓ 3. Statement from facility as to the amount of money in your inmate account.

The documents you forwarded to the Circuit clerk's office are incomplete and are being returned to you. The documents are needed for the court to make a decision regarding your pauper status. Please do not mail your complaint back to the Circuit Clerk without the required documentation.

Sincerely,
Donna Jill Johnson
Circuit Clerk

By: _Vuli LeShane_

Deputy Clerk

IN THE CIRCUIT COURT OF <u>Lauderdale</u> COUNTY, MISSISSIPPI

JOE L AMERSON JR

VS.

CAUSE NO <u>2653</u>   RESPONDE

WINN DIXIE AND JEFF ANDERSON HOSPITAL

### NOTICE OF MOTION

COME NOW, the <u>PETITIONER JOE L AMERSON, JR</u> PRO SE, IN THE ABOVE STYLED AND NUMBER CAUSE AND WOULD BRING ON FOR HEARING THIS his / <u>JOE L AMERSON JR</u> MOTION to be heard BEFOR AND SET! this HONORABLE COURT.

This the <u>27</u> DAY of <u>April</u>, 20<u>05</u>.

Respectfully Submitted,

PETITIONER <u>JOE L AMERSON, JR</u>

Address <u>C.M.C.F B-1. B-ZONE</u>

Address <u>PEARL, Ms. 39288, POBox 88550</u>

I HEREBY CERTIFY that on this day, before me, AN offer duly Authorized in the State of Mississippi AND County Aforesaid to take ACKNOWledgments, PERSONAlly Appeared JOE L AMERSON, JR. UPON His OATH, deposes AND SAY that HE is the PERSON described HEREIN AND He EXECuted the foregoing Release of All CLAIMS, Hold ANd HARMS the AGREEments of His Rights.

_____
JOE  L  AMERSON, JR.

_____
WITNESS

_____
WITNESS

_____
AddRESS

_____
AddRESS

State of Mississippi
Count Rankin _____

IN the PRESENCE of A Subscribing witness, for the purposes Stated therein, AND ACKNOWledge that He EXECuted the SAME freely AND voluntarily.

IN WITNESS WHEREOR, I HEREBY set MY hand AND Affixed MY official SEAL IN the STATE of Mississippi AND County Aforesaid his 27 day of April _____ 2005

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES:  June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

_____
NOTARY PUBLIC

CHRISTIE E. SCOTT
NOTARY
PUBLIC
RANKIN COUNTY, MS

IN THE CIRCUIRT OF <u>Lauderdale</u> COUNTY MISSISSIPPI

JOE L AMERSON JR

VS.

Winn Dixie And Jeff Anderson Hospital

<u>Motion For Pain And Suffering</u>

Petitioner Motion to pursuant to the Lawsuits And ALL Damages to the undersigned Arising From or out or any And All Matters Aforemention. Petitioner <u>JOE L. AMERSON. JR</u> Currently herein Seeking of the Mississippi Constitutional Law And Moves this Court For An Order to Compel To Secure This Settlement I the Petition <u>JOE L AMERSON JR</u> Will Agree upon.

Petitioner <u>Joe L Amerson Jr</u> Seek All Claims Against, Winn Dixie And

Jeff Anderson Hospital.

To Released the Sum of the Petition Claims. Holded (A) by Winn Dixie And Jeff An-derson Hospital.

This the <u>27</u> Day of April ___, 2005. The Petitioner <u>Joe L Amerson. JR</u> Wherefore Prays this Honorable Court will Grant this Motion to Redeem the Companys And theirs Executors, administrators, Successors, Assigns, Affiliates, Employees, Insurers, Agents, And Representatives; hereafter collectively Referred to as "Release" of And From Any And All Claims, damages, demand, Actions, Causes of Action Alleged or brought, or which could have been Alleged or brought under the Law, Codes And Statues of Any And All States, Federal, Foreign, Local or territorial Jurisdictions of whatever Name or Nature In Any Manner Arising, Arising From Arising or to Grow out of Any And All Accidents, Occurrences, or Matters, And Especially An Accident which Allegedly Occurred on or About August 03, 2004, through the Alleged Negligence And/or Wrongful Acts. Petitioner <u>JOE L. AMERSON. JR</u>

To SECURE this LAWSUITE OR SETTLEMENTS AND the PAYMENTS of LiABiLiTiEs SAid Of A SUM.

I hereBY declare that I AM over (18) EiGHTEEN YeARs of AGE, fROM AND to A thiRd-PARTiES iN the USUAl ANd CUStOMARY Method of ClAiM iNVESTiGATiON ARE NOT RECOGNiZiNG the SUStAiNiNG dAMAGES As A ResUlt of MY ACCidENt that ACTiVely OCCURRED ON ~~ANY~~ AUGUST 03, 2004.

FuRtheR ACKNOwlEdGE that MY MEdiCAl RECORds ANd MEdiCAl history hAVE BEEN PlACEd At iSSUE AS A dissEMiNATEd As A RESUlt to MY ClAiM. AS SUch, MY PRiVATE heAlth iMfORMATiON hAs BEEN disCloSEd I the PETiTiONER JOE L AMERSON JR HEREBY PETiTiON to this HONORABlE COURt will GRANt this MOTiON to PROVidE the PETiTiONER JOE L AMERSON JR the LiABiliTY fROM the ACCOUNTABlE RElEASEE, Of WiNN DiXiE ANd JEff ANDERSON HOSPiTAl: Both of LAUDERdAlE COUNTY I hereiN it is fURtheR ACKNOwlEdAGEd that theRE iS NO AGREEMENT OR CONSidERATiON OR ANY At All MENTiON. AfOReSAid the PARTiES hEREto hold NO AGREEMENT ANd the tERM of this ClAiM.

RESPECTfully SubMiTTEd
PETiTiONER JOE L AMERSON JR

StAtE of MississiPPi
COUNTY of ___Rankin___

PERSONAlly APPEAREd BEfORE, the UNdERSiGNED AuthoRiTY iN ANd fOR SAid JURiSDiCTiON, the WiThiN NAMEd PETiTiONER, Who, AftER fiRST BEiNG BY ME duly SWORN, StAtEd ON OAth that the StAtEMENts SET fORth iN ABOVE ANd fORGOiNG ARE tRUE ANd CORRECT AS theREiN StAtEd. SWORN to ANd SUBSCRIBEd BEfORE ME this the 27 of April ____, 2005

NoTARY PUBliC

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS



CHRISTIE E. SCOTT
NOTARY
PUBLIC
RANKIN COUNTY, MS

State of Mississippi
County of Rankin

## Affidavit of Poverty

Personally Appeared Before Me, the undersigned in and for the aforesaid Jurisdiction JOE L AMERSON JR who, being first duly sworn on his oath, does depose and say:

I JOE L AMERSON JR do solemnly swear that I am a citizen of the State of Mississippi, and because of my poverty I am not able to pay any sum of the court notice until this honorable court rest with the decision of this motion.

## Motion of PAIN AND Suffering

Notice of Motion and Motion for the Court to Seek Relief, which I am (or has been commenced), about to commence, and that, to the best of my belief, I am entitled to the redress which I seek by such sort.

AFFIRMANT

Subscribed and Sworn to Before Me, this _____ the 27th of April 200 6 .

Christie E Scott
Notary Public

# Certificate of Service

This is to Certify that I JOE L AMERSON JR M.D.O.C #36217
have this day Mailed, via United States Mail, postage Pre-paid
are true and Correct Copy of My Notice of Motion for an
Motion for Pain and Suffering or as of to the following:

This The 27 day of April 20 05.

JOE L. AMERSON JR
Petitioner
MDOC# 36217
C. M. C. F. B1.B Bg, B-Zone, Bd #103
Address
Pearl, Ms 39288 PO Box 88550
Address

**COVER SHEET**

# Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court
Administrative Office of Courts

Form AOC/01
(Revised 5/11/2000)

| County # | Judicial District | Court ID (CH, CI, CO) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

Docket Number

Local Docket ID

| Month | Date | Year |
|---|---|---|

This area to be completed by Clerk

Case Number if filed prior to 1/1/94

In the _____ Court of _____ County

Short Style of Case: _____

Party Filing Initial Pleading: Type/Print Name _____   MS Bar No. _____

☑ Check (✓) if Not an Attorney     ✓ Check (✓) if Pro Hac Vice Signature _____

Compensatory Damages Sought: _____   Punitive Damages Sought: ✓ _____

Is Child Support contemplated as an issue in this suit?   Yes ___ No ___   If "yes" is checked, please submit a completed Child Support Information
--- Sheet with Final Decree/Judgment

**PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM**

Individual  AMERSON          JOE          Deane        L      JR
           Last Name        First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

Address of Plaintiff
___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____
Business _____
        Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated
___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below :
D/B/A: _____

**DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM**

Individual          (          )
           Last Name        First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV
___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____
Business _____
        Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated
___ Check (✓) if Business Defendant is filing suit in the name of an entity other than the above, and enter below :
D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar No. Or Name: _____   Pro Hac Vice (✓) _____
(If known)

*In left hand column, check one (1) box that best describes the nature of this suit. In right hand column check all boxes which indicate secondary claims.*

## Business/Commercial
- ☐ Accounting (Business)
- ☐ Bankruptcy
- ☐ Business Dissolution - Corporation
- ☐ Business Dissolution - Partnership
- ☐ Debt Collection
- ☐ Employment
- ☐ Examination of Debtor
- ☐ Execution
- ☐ Foreign Judgment
- ☐ Garnishment
- ☐ Pension
- ☐ Receivership
- ☐ Replevin
- ☐ Stockholder Suit
- ☐ Other _____

## Domestic Relations
- ☐ Child Custody/Visitation
- ☐ Child Support
- ☐ Contempt
- ☐ Divorce: Fault
- ☐ Divorce: Irreconcilable Differences
- ☐ Domestic Abuse
- ☐ Emancipation
- ☐ Modification
- ☐ Paternity
- ☐ Property Division
- ☐ Separate Maintenance
- ☐ Termination of Parental Rights
- ☐ UIFSA (formerly URESA)
- ☐ Other _____

## Contract
- ☑ Breach of Contract
- ☐ Installment Contract
- ☐ Insurance
- ☑ Product Liability under Contract
- ☑ Specific Performance
- ☐ Other _____

## Probate
- ☐ Accounting (Probate)
- ☐ Birth Certificate Correction
- ☐ Commitment
- ☐ Conservatorship
- ☐ Guardianship
- ☐ Heirship
- ☐ Intestate Estate
- ☐ Minor's Settlement
- ☐ Muniment of Title
- ☐ Name Change
- ☐ Power of Attorney
- ☐ Testate Estate
- ☐ Will Contest
- ☐ Other _____

## Statutes/Rules
- ☐ Bond Validation
- ☐ Civil Forfeiture
- ☐ Declaratory Judgment
- ☐ ERISA
- ☐ Eminent Domain
- ☐ Extraordinary Writ
- ☐ Federal Statutes
- ☐ Injunction or Restraining Order
- ☐ Municipal Annexation
- ☐ Racketeering (RICO)
- ☐ Railroad
- ☐ Seaman
- ☐ Other _____

## Appeals
- ☐ Administrative Agency
- ☐ County Court
- ☐ Hardship Petition (Driver License)
- ☐ Justice Court
- ☐ MS Employmt Security Comm'n
- ☐ Municipal Court
- ☐ Oil & Gas Board
- ☐ Workers' Compensation
- ☐ Other _____

## Children and Minors - Non-Domestic
- ☐ Adoption - Noncontested
- ☐ Consent to Abortion for Minor
- ☐ Removal of Minority

## Torts-Personal Injury
- ☑ Bad Faith
- ☑ Fraud
- ☑ Loss of Consortium
- ☑ Malpractice - Legal
- ☑ Malpractice - Medical
- ☑ Negligence - General
- ☑ Negligence - Motor Vehicle
- ☐ Products Liability
- ☐ Wrongful Death
- ☐ Other _____

## Mass Tort
- ☐ Asbestos
- ☐ Chemical Spill
- ☐ Dioxin
- ☐ Hand/Arm Vibration
- ☐ Hearing Loss
- ☐ Radioactive Materials
- ☐ Other _____

## Real Property
- ☐ Adverse Possession
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Judicial Foreclosure
- ☐ Lien Assertion
- ☐ Partition
- ☐ Receiver Appointment
- ☐ Tax Sale: Confirmation/Cancellation
- ☐ Title, Boundary &/or Easement
- ☐ Other _____

## Civil Rights
- ☐ Elections
- ☐ Habeas Corpus
- ☐ Post Conviction Relief
- ☐ Prisoner
- ☑ Other Injunctive Relief

# CIVIL CASE DISPOSITION REPORT

IN THE _Circuit_ COURT OF _Laudergale_ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _Meridian_

Docket No. _____ - _____
File Yr.          Chronological No.          Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

Dispositive of all Parties? _____Yes _____No, only the following Party(ies)_____

_____

_____No, only the following Attorney(s)_____
                                        Name                                        Bar No.

_____

Enter Ruling Judge Bar No._____ OR Ruling Judge Name_____

Date of Disposition _____/_____/_____
                    Month    Day    Year

Action: _____Ruling on Motion          _____Ex Parte          _____Temporary Hearing

_____Contempt/Modification          _____Settlement Conference          _____Pre-Trial Conference

_____Case Administration          _____Discovery other than Motion _____Bench Trial

_____Jury Trial          _____Mediation Ordered

Damages Awarded:          Compensatory: $_____          Punitive: $_____

List Amount or Range Letter):

Range A = 1¢-$500          Range B = $501-1,000          Range C = $1,001-10,000          Range D = $10,001-50,000          Range E = $50,001-100,000
Range F = $100,000-500,000          Range G = $500,000-1,000,000          Range H = $1,000,000+          Range O = -0-

Method of Disposition:

_____Default Judgment          _____Final Judgment/Decree          _____Bankruptcy Discharged

_____Summary Judgment          _____Judgment by Stipulation          _____Estate Closed

_____Dismissed without Prejudice          _____Agreed Judgment          _____Fiduciary Appointed

_____Dismissed with Prejudice          _____Orig. Judgment Modified          _____Guardian/Conservatorship Appointed

_____Dismissed, Lack of Prosec.          _____Vacating Previous Ruling          _____Protective Order (Check if Domestic Violence(___)

_____Dismissed by Agreement          _____New Trial Granted          _____Commitment

_____Change of Venue          _____Foreign Judgment Closed          _____Garnishment Issued

_____Transferred          _____Satisfaction of Judgment          _____Garnishment Abeyance Order Issued

_____Removed to Fed. Court          _____Drivers License Reins./Hard.          _____Garnishment Canceled: Bankruptcy

_____Writ Issued          _____Canceled          _____Letters Rogatory

_____Affirmed on Appeal          _____Order of Mediation          _____Case Consolidation

_____Not Entered Yet          _____Other(list)_____

_Was Child Support ordered in the disposition of the current matter?_ _____Yes _____No
    If "Yes" was checked, make sure that Child Support Information Sheet was completed and submitted with the Civil Case Filing Form.

Authorization for Release of Institutional Account Information and
Payment of the Filing Fee

I, _JOE L AMERSON_ , _36217_
(Name of Plaintiff)                                    (MDOC Number)

authorize the Clerk of Court to obtain, from the agency having custody of my person, information
about my institutional account, including balances, deposits and withdrawals. The Clerk of Court
may obtain my account information from the past six months and in the future, until the filing fee
is paid. I also authorize the agency having custody of my person to withdraw funds from my account
and forward payments to the Clerk of Court, in accord with 28 U.S.C. Section 1915.

_JOE L. AMERSON_
(Signature of Plaintiff)

_6-2-05_
(Date)

---

> **IT IS PLAINTIFF'S RESPONSIBILITY TO HAVE THE APPROPRIATE PRISON
> OFFICIAL COMPLETE AND CERTIFY THE CERTIFICATE BELOW**

CERTIFICATE TO BE COMPLETED BY AUTHORIZED OFFICER
*(Prisoner Accounts Only)*

I certify that the applicant named herein has the sum of $ _20.00_
on account to his credit at the _Central MS Corr Fac_ institution where he is
confined. I further certify that the applicant likewise has the following securities to his credit
according to the records of said institution:
_CENTRAL MISSISSIPPI CORRECTIONAL FACILITY_

I further certify that during the last six (6) months the
plaintiff's average monthly **balance** was $ _20.00_

I further certify that during the last six (6) months the
plaintiff's average monthly **deposit** was $ _____

_601-359-6174_
TELEPHONE NUMBER OF
OFFICER FOR VERIFICATION

AUTHORIZED OFFICER OF INSTITUTION
_Nathaniel Cannon_
PRINT NAME OF AUTHORIZED OFFICER

_6-2-05_
DATE

RETURN COMPLETED FORM TO:
U. S. DISTRICT COURT
245 E. CAPITOL ST., ROOM 316
JACKSON, MS 39201

REQUEST TO PROCEED *IN FORMA PAUPERIS* AND
DECLARATION IN SUPPORT THEREOF

I, __JOE L AMERSON__, am the plaintiff in the above entitled case and
request leave to proceed without being required to prepay fees or costs or give security therefor. I
state that because of my poverty I am unable to pay the costs of said proceeding or to give security
therefore, and that I believe I am entitled to redress.

I declare that the responses which I have made below are true.

1.      Are you presently employed? Yes_____  No___✓___

        a.      If the answer is yes, state the amount of your salary per month and give the name and
                address of your employer. __N/A__
                __N/A__

        b.      If the answer is no, state the date of last employment and the amount of the salary per
                month which you received. __08-03-04  I loste MY
                JOB befor this ACCident__

2.      Have you received within the past twelve months any money from any of the following
        sources?

        a.      Business, profession, or form of self-employment? Yes_____  No___✓___

        b.      Rent payments, interest, or dividends? Yes~~____~~  No___✓___

        c.      Pensions, annuities, or life insurance payments? Yes_____  No___✓___

        d.      Gifts or inheritances? Yes_____  No___✓___

        e.      Any other sources? Yes_____  No___✓___

                If the answer to any of the above is yes, describe each source of money and state the
                amount received from each during the past twelve months. __N/A__
                __N/A__

3.      Do you own ~~any~~ cash or do you have money in a checking or savings account? Yes_____
        No___✓___  (Include any funds in prison accounts)

        If the answer is yes, state the total value owned. __N/A__
        _____

In The Circuit Court of LAUDERDALE County Mississippi

Joe Louis Amerson. JR                    Plaintiff

Vs.                                 CAUSE NO_____

Jeff Anderson Hospital              RESPONDENT
And Winn Dixie Co.

## Notic of Claim

Comes Now Joe Louis AMERSON.JR. PRO SE the Plaintiff Files his Notic of Claim. The defendants ARE IN Violation of the Plaintiff, Joe Louis AMERSON.JR, Bill of Rights, THE ten (10) AMENDMENTS, THE Measure of INJURY, Physical, Mentally, And Emotional, As a Result of the defendants Action, THE defendants by Mentally, Physical And Emotional ARE IN Violation to the Plaintiff by State And Federal Rules for the PUNISHMENT Without Judical determination, this ARE PROHITED by the U.S. Constitution 1.9 C.1.3. (Congress) Ten (10) States.

Plaintiff Notic of Claim identify of Proceeding IN Which the Plaintiff of the said County LAUDERDALE on the 09 day of August , 20 09 the DAMAGE was done by the denFendants. THEREFORE I the Plaintiff Enter the said violation imposed upon the defendants. Comes NOW to this HONORABLE Court, to support this of Notic of Claim to pursuant JudeMent on the Defendants, on the 27 day of JUNE , 2005

IN THE CIRCUIT COURT OF _LAUDERDALE_ County, MISSISSIPPI

JOE LOUIS AMERSON JR                                    Plaintiff

VS.                                                     CAUSE NO _____

Jeff Anderson Hospital
AND WINN DIXIE. CO.                                     RESPONDENT

Motion for the Relief of the DAMAGE

COME NOW, JOE LOUIS AMERSON JR, Plaintiff, PRO Se, And files this his Motion for the Relief pursuant to Mississippi Code ANNotated Section 11-1-65 Et. Seq And in Support thereof Would Show unto this HONORABLE Court the following, to wit:

I

Identity of Proceedings in which Plaintiff WAS DAMAGE

Plaintiff WAS DAMAGED by the DEFENDANTS of this, this said County on or About the _03_ day of _AUGUST_, 2004 on the Suit in Violation of Miss. Code ANN. Section _1-9-65.04_, Thereafter, Plaintiff Entered this Motion on said Violation by the defendants. I the Plaintiff Seek this Honorable Court to Support this Motion by Seeking Judgment Against the DEFENDANTS.

THE PLAINTIFF Enter of Judgment of this Motion was imposed ON the _22_ day of _JUNE_ . _2005_

Preliminary statement

This Law Suit Action Filed by JOE L AMERSON JR A State prisone at MISSISSIPPI DEPARTMENT of CORRECTION. SEEKING Relief DAMAGES AND INJUNCTIVE Relief Alleging UNReliable product AND EXCESSIVE Medical CARE.

1. THE COURT has the Jurisdiction over the Plaintiff CLAIMS of Violations.

2. THE defendant WINN DIXIE ARE IN violation with the UNReliable property at 2120 HWY 19. NORTH MERIDIAN. Ms 39307.

3. THEREFORE AND deprive the Plaintiff his COVERAGE FROM the Result of his INJURY. BY depriving the Plaintiff OF life, liberty, Property, DEFENDANT, WINN DIXIE Violates MY due process Rights.

4. THE Plaintiff Slipped AND FELL IN wATER ON the FLOOR of the defendant UNReliable PROPERTY DATE, 08-03-04 DEFENDANT WINN ReFuse to ACKNowledAG their duties.

5. Plaintiff WAS Deliver to defendant JEFF ANDERSON Hospital FORE the REQUIREMENT of MEDICAL CARE WHOM FORE OUR SOCIETY to CARE, HEALED AND SAVE lives that I AM IN the CARE of MY defendant JEFF ANDERSON Hospital I the Plaintiff Joe Louis AMERSON Jr ARRIVED At the Hospital ANDERSON. 6:30. P.M or 7:00.PM, NO MEDICAL EXAMINATION, I WAS GIVEN Shots FOR MY PAIN. AFTER About

6. FIVE(5) to ten (10) MINUTES FROM the INJECTION I the Plain tiff WAS ASLEED, THEN immediately ORDERS the Doctor That I ON the date OF, 08-03-04 I WAS, dischARGED by JEFF ANDERSON Hospital the defendant.

7. I JOE Louis AMERSON REFUSE to MOVE BECAUSE OF MY discomfort OF All the BACK PAINED OF MY INJURY I Just WANTED to Relax. AFTER MY REFUSING to leave MERIDIAN, Police WAS CAlled to place ME UNDER ARREST.

4. AFTER the said instruction have been prepared for me in order that the plaintiff better understand his condition from DR. DANNEMILLER. Special Instructions.

5. Plaintiff was discharged from Riley Memorial Hospital on the date of AUGUST 05, 2004. Plaintiff JOE LOUIS AMERSON. JR. called the Defendant (WINN DIXIE CO) HeadQuarter And did speak with claimant case worker answering service I the plaintiff JOE LOUIS AMERSON. JR. Reported my returned to the Doctor.

THE DEFENDANT called the Plaintiff JOE LOUIS AMERSON. JR. NAME KATLYN BRIN, THE defendant Stated to the Plaintiff Stating the store Manager MR. JOSH FITZGERALD, hadn't made no accident Report, yet. MRS/MS KATLYN BRIN told me, the Said PLAINTIFF, to called the store ask MR. JOSH have he made or filled out an accident Report.

6. AFTER finish speaking with MRS/MS. KATLYN BRIN, I the Plaintiff called the defendant and spoke with MR. Josh FitzGerald and Explained to MR. Josh FitzGerald, he couldn't remember my name. This was the (7th) Seventh day, of AUGUST, and had Not yet made out A accident Report.

I the Plaintiff gave MR. Josh FitzGerald the Manager the Information of me the plaintiff his personal information.

IN THE CIRCUIT COURT OF Lauderdale County Mississippi

JOE Louis AMERSON JR                                    PLAINTIFF

Vs.                                           CAUSE NO_____

JEFF ANDERSON HOSPITAL, AND                   RESPONDENT

WINN DIXIE CO

## AFFIDAVIT FOR ENTRY OF DEFAULT

State of Mississippi

County of Lauderdale

Plaintiff JOE Louis AMERSON JR, being duly sworn, depose and say:

1. I AM the PRO SE Plaintiff IN the Above Entitled MATTER.

2. THE defendants JEFF ANDERSON Hospital AND WINN DIXIE, WAS SERVED WITH A COPY OF the SUMMONS AND COMPLAINT AS APPEARS FROM PROOF OF SERVICE ON FILE.

3. THE defendants JEFF ANDERSON HOSPITAL, AND the said WINN DIXIE, HAS NOT FILED OR SERVED AN ANSWER OR TAKEN OTHER ACTION AS MAY BE PERMITTED, BY LAW. Although MORE than (55) days have passed SINCE the day OR date OF SERVICE.

SWORN BEFOR ME
THIS 22 day of June 05

_Laura Quarles_
NOTARY PUBLIC

JOE L AMERSON JR
NAME 36217
MDOC # PO Box 88550
ADDRESS PEARL, Ms. 39288
ADDRESS

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES:  Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

LAURA QUARLES
NOTARY
PUBLIC
HINDS COUNTY MS

## AFFiDAViT

COMES NOW _Joe Louis AMERSON, Jr_, FOREPERSON OF Mississippi DEPARTMENT OF CORRECTION, AND by the Oath of the SAid hEREOF ARE tRUE.

THAt the dEFFENdANCES ARE AtHANd iN VIOlAtion OF FORE this NOtiCE OF A CIAIM, THEREFORE, The PIAiNtiFF He SubMit AN AFFiDAViT the NAtURE OF his FINANCIAl SituAtioN:

SWORN to ANd SubsCRibE bEFORE ME this the dAY _22_ OF _JUNE_ 20 _05_



JOE LOUIS AMERSON JR
PIAiNtiFF

_Laura Quarles_
NOTARY PUBLIC

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES:  Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

IN the Circuit Court of __Lauderdale__ County

Joe Louis AMERSON JR                                    Plaintiff

Vs                                          CASE No __05 CV 124 (R)__

Jeff ANDERSON Hospital
AND WIN DIXIE Co                                    Respondent

AFFiDAVit IN Support of Request for Default Judgment

State of MISSISSiPPi                    ss:
County of Lauderdale

Plaintiff Joe Louis AMERSON Being duLy SWORN, depose ANd SAYS:

1. I AM the PRO SE Plaintiff in the above Entitled MAtter.

2. THE AMount due Plaintiff from defendants JEFF ANderson Hospital AND WIN DiXIE Co is 900.000.00:

   A. THE VALUE OF damage And destroyed of the Plaintiff health.

   B. THE VALUE Of LEGAl PAPERs

   C. INTEREST FOR ONE YEAR 5.0%

   D. Costs:

3. THE default of the defendants has been Entered for FAILURE to APPEAR IN this ACTION.

4. THE Sought, to be RECOVERED IN this Costs due to the Action Of the defendant.

5. THE Plaintiff Seek the Above AMount Shown by this Affidavit.

SWORN, to before ME
This __13__ DAY OF __July__ 2005         JOE LOUIS AMERSON JR

                                         NAME
                                         36217
                                         MDOC#
                                         PO BOX 88550
                                         AddRESS
                                         PEARl, Ms. 39288
                                         AddRESS

Christie E. Scott
NOTARY PUBLIC

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: June 21, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

CHRISTIE E. SCOTT
NOTARY
PUBLIC
RANKIN COUNTY, MS

Application to Proceed in forma Pauperis
IN The Courts of the State of Mississippi

JOE Louis AMERSON JR                                    Plaintiff
                                          Cause No _____
Vs.
                                                 RESPONDENT
Jeff ANDERSON Hospital
AND WINN DIXIE. Co

I Joe Amerson _____, AN INMATE within the Mississippi
DePARTMENT of Corrections, ReQuest this Honorable Court to Allow
Me to Proceed without PREPAYMENT of Costs And declare that
I AM UNABLE to PAY the fees AND AM ENTITLED to Proceed
AS A PAUPER. IN SUPPORT thereof, I would Show the following,
to wit:

1.  I RECEIVE INCOME. IF ANY, IN the AMOUNT of $_____ PER WEEK/
    MONTH / YEAR.

2.  I have the AMOUNT of $_____ IN A Checking AND /or SAVING
    ACCOUNT LOCATED At _____

3.  List All other ASSETS Such As Real Estate, bonds, Notes, Etc.
    A. _____
    B. _____
    C. _____

State of MISSISSIPPI
County of Rankin                    PLAINTIFF _____

    PERSONALLY APPEARED Before Me, the UNDERSIGNED Authority IN And For
Said JURISDICTION, within NAME Plaintiff, Who After First being by Me DULY SWORN,
Stated on OATH, that the STATEMENTS Set forth IN The Above And Foregoing Are
TRUE And Said Correct As therein Stated.

    Sworn to And Subscribed before Me, this the 27th day of July, 2005

    _____
    NOTARY PUBLIC

NOTARY PUBLIC STATE OF MISSISSIPPI
MY COMMISSION EXPIRES: Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS

IN THE Circuit Court of Lauderdale County Mississippi

JOE Louis AMMERSON JR                                    Plaintiff
VS.                                        CASE NUMBER 05 CV-124(R)
JEFF Anderson Hospital                          Defendants
ANd Winn Dixie CO

PRISONER Filing A Complaint under The Civil Right Act,
42 U.S.C 81983

1. PREVIOUS LAW Suits
A. HAVE You beGun other lawsuits IN State or Federal Court dealing
   With the SAME Facts INVolved IN this ACTion or otherwise Relating
to YOUR IMPRISONMENT  YE___ / No X

B. IF YOUR ANSWER to A IS YES describe the lawsuit below NONE
   PLAINTIFFS._____

   DEFENDANTS _____

1. Courts IF Federal Court NAME district, IF STATE NAME COUNTY
   NONE OTHER COURt but LAUDER DALE CIRCUIT COURT

3. DOCUMENT NUMBER  NONE other but 05 CV-124(R)

4. NAME JUDGE to Whom CASE WAS ASSIGNED   NONE LARRY Roberts

5. Disposition. WAS the CASE disMissed? WAS it APPealed?
   is it pENdiNG Still? PENDING

6. APPROXIMATE dAte of disposition  JulY 22, 2005

7. APPROXIMATE dAte of Filing  lAW suit  JUNE 23, 2005

8. IS there A PRISON PROCEdure IN the INStitution? YES X No___

9. PLACE OF ConFiNEMENT  CENTRAL Mississippi CORRECtioNAl Facility
   : PEARl MS 39288 POP ox 88550

10. IF YES What Steps did You tAKE?  NONE

11. What WAS the RESult of GRIEVANC   NONE

12. IF Your ANSWER NO. EXPlAIN WHY Not THE PLAINtiFF WAS Not
    CONVicted WHEN this ACCidENt HAppEN

## CERTIFICATE OF SERVICE

THIS CERTIFY to that I HAVE this date, CAUSED to be
MAILED VIA, UNITED STATES MAIL, POSTAGE PRE-PAID:
A TRUE AND CORRECT COPY OF the ABOVE AND FOREGOING
PLEADING to:

CIRCUIT COURT
OF LAUDERDALE
COUNTY

CIRCUIT COURT CLERK
OF LAUDERDALE
COUNTY

So CERTIFIED this the __22__ DAY OF __JUNE__
20 __05__

JOE L AMERSON JR
MAINTIFF
        PO BOX 88550
ADDRESS
        36217
M.D.O.C
PEARL, MS. 39288
ADDRESS

Authorization for Release of Institutional Account Information and
Payment of the Filing Fee

I, _JOE L AMERSON_ , _36217_
(Name of Plaintiff)                                    (MDOC Number)

authorize the Clerk of Court to obtain, from the agency having custody of my person, information
about my institutional account, including balances, deposits and withdrawals. The Clerk of Court
may obtain my account information from the past six months and in the future, until the filing fee
is paid. I also authorize the agency having custody of my person to withdraw funds from my account
and forward payments to the Clerk of Court, in accord with 28 U.S.C. Section 1915.

_JOE L. AMERSON_
(Signature of Plaintiff)

_6-2-05_
(Date)

---

> **IT IS PLAINTIFF'S RESPONSIBILITY TO HAVE THE APPROPRIATE PRISON
> OFFICIAL COMPLETE AND CERTIFY THE CERTIFICATE BELOW**

CERTIFICATE TO BE COMPLETED BY AUTHORIZED OFFICER
*(Prisoner Accounts Only)*

I certify that the applicant named herein has the sum of $ _20.00_
on account to his credit at the _Central MS Corr Fac!_ institution where he is
confined. I further certify that the applicant likewise has the following securities to his credit
according to the records of said institution:
_CENTRAL MISSISSIPPI CORRECTIONAL FACILITY_

I further certify that during the last six (6) months the
plaintiff's average monthly **balance** was $ _20.00_.

I further certify that during the last six (6) months the
plaintiff's average monthly **deposit** was $_____.

_601-359-6174_
TELEPHONE NUMBER OF
OFFICER FOR VERIFICATION

AUTHORIZED OFFICER OF INSTITUTION
_Nathaniel Cannon_
PRINT NAME OF AUTHORIZED OFFICER

_6-2-05_
DATE

RETURN COMPLETED FORM TO:
U. S. DISTRICT COURT
245 E. CAPITOL ST., ROOM 316
JACKSON, MS 39201

4.  Do you own any real estate, stocks, bonds, notes automobiles, or other valuable property (excluding household furnishings and clothing)? Yes_____ No___✓___

If the answer is yes, describe the property and state its approximate value. _N/A_
_N/A_

5.  List the persons who are dependent upon you for support; state your relationship to those person; and indicate how much you contribute their support. _NONE_
_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.

_____
Signature of Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___2___ day of ___JUNE___, 20_05_.

_____
Signature of Plaintiff

6

## APPLICATION TO PROCEED *IN FORMA PAUPERIS*
## IN THE COURTS OF THE STATE OF MISSISSIPPI

JOE LOUIS AMERSON _____ PETITIONER

VS.                                    CAUSE NO. 05 CV-124 CR

JEFF ANDERSON HOSPITAL
~~WYNN DIXIE~~ CO                      RESPONDENT

I, JOE LOUIS AMERSON _____, am inmate within the Mississippi

Department of Corrections, request this Honorable Court to allow me to proceed without

prepayment of costs and declare that I am unable to pay the fees and am entitled to

proceed as a Pauper.  In support thereof, I would show the following, to-wit:

1.    I receive income, if any, in the amount of $ 20 _____ per week/ month / year.

2.    I have the amount of $ ____O____ in a checking and/or savings

      account located at C.M.C.F PO Box 88550 Pearl Ms 39288

3.    List all other assets such as real estate, bonds, notes, etc.

      a.    NONE$ _____

      b.    NONE$ _____

      c.    N.ONE$ _____

STATE OF MISSISSIPPI
COUNTY OF ~~LAUDERDALE~~ Rankin

      PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for
said jurisdiction, the within named Petitioner, who, after first being by me duly sworn,
stated on oath that the statements set forth in the above and foregoing are true and correct
as therein stated.

      SWORN TO AND SUBSCRIBED before me this the 10th day of
___August___, 2005.

                                    _____
                                    NOTARY PUBLIC

NOTARY PUBLIC STATE OF MISSISSIPPI AT LARGE
MY COMMISSION EXPIRES: Aug 25, 2006
BONDED THRU NOTARY PUBLIC UNDERWRITERS