UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | CASE NO.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| _____/ | |

**CONVERGINT TECHNOLOGIES LLC'S OBJECTION TO NOTICES OF TRANSFERS OF CLAIM FILED BY LCH OPPORTUNITIES, LLC AS TO CREDITOR "SERVIDIAN" AND TO UNDERLYING CLAIMS TRANSFERS**

Comes Now CONVERGINT TECHNOLOGIES LLC ("Convergint"), pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3001, and objects to the "Notices of Transfer of Claim Other Than Security" filed by Transferee LCH OPPORTUNITIES, LLC ("LCH") (Docket Entries 7653 and 7654) as to the proposed transfers of the claims of creditor "SERVIDIAN", and to the underlying transfers themselves, and as grounds in support thereof states:

1.      On, April 19, 2004, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (the "State Court") entered a Summary Final Judgment (the "Judgment") against Group 1 Systems, Inc. ("Judgment Defendant") in the principal sum of $69,675.05 plus interest, a copy of which is attached hereto as Exhibit 1. The Judgment has not been satisfied in whole or in part.

2.      Since 2002, the Judgment Defendant did business using the trade name "Servidian" (see Fictitious Name Registration attached hereto as Exhibit 2), and did business with the Debtors using that name.

3.      On April 19, 2006, based upon the Judgment it holds, Convergint filed a "Motion for Relief From Stay to Initiate State Court Garnishment Proceedings Upon the Debtor" (Docket Entry 7308) (the "Lift Stay Motion") in an effort to garnish from the Debtors amounts it owes, or may

come to owe, to the Judgment Defendant. A copy of Convergint's Judgment was attached to the Motion.

4. On May 5, 2006, LCH filed its "Notices of Transfer of Claim Other Than for Security" (Docket Entries 7653 and 7654) in which it provided notice of "Servidian's" proposed transfers of its pre-petition claims totaling $52,727.59 (the "Pre-petition Claims"). Copies of the Notices are attached hereto as Exhibits 3 and 4. Pursuant to the Notices of Transfer, the deadline to object to the proposed transfers is May 25, 2006.

5. On May 22, 2006, this Court conducted a hearing on Convergint's Lift Stay Motion and ruled, inter alia, that Convergint may proceed with its garnishment proceedings against the Debtors and thus attach amounts due to Servidian. As of this filing, Convergint has submitted a proposed order reflecting the Court's rulings, which proposed order is acceptable in form to both the Debtors and the Official Committee of Unsecured Creditors. The proposed order approved by the Debtors and the Official Committee of Unsecured Creditors provides that Convergint shall "stand in the shoes of creditor 'Servidian'."

6. Convergint files this motion to preserve its garnishment rights and to preserve the effect of the Court's rulings at the May 22, 2006 hearing. Simply put, Servidian must not be permitted to render moot the Court's May 22, 2006 ruling. Convergint's efforts to collect amounts legally due it should not be defeated by the questionable transfers of Servidian's claims to LCH. Those transfers are questionable for at least three reasons.

7. First, the Notices of Transfer of Claim were filed on May 5, 2006, <u>subsequent</u> to Convergint's Lift Stay Motion. The signed transfer documents attached to the Notices of Transfer show that they were sent by facsimile from "Servidian Integrated" to LCH on April 21, 2006, also <u>after</u> the April 18, 2006 Lift Stay Motion . *See*, second pages of Exhibits 3 and 4. Further an e-mail message from the purported transferor shows that the payment for the claims did not occur until even

later, on April 26, 2006 at the earliest. That message is attached as Exhibit 5. As will be seen below, "Servidian Integrated" is not even the entity that generated the Pre-petition Claims.

8. Secondly, the Judgment Defendant has been avoiding payment of the Judgment, and has undertaken what Convergint believes is a series of constructively fraudulent transfers in an attempt to avoid its creditors. The proposed transfers to LCH are just the latest in that series. After the entry of the Judgment, Donald Wallace, the president of the Judgment Defendant, purported to cease the Judgment Defendant's operations, and formed "Servidian Integrated Security Services, LLC" which also does business as "Servidian". According to its Articles of Incorporation attached as Exhibit 6, Servidian Integrated Security Services, LLC was formed on October 7, 2005. It clearly did not exist when the Debtors filed their Chapter 11 petitions in February 2005, and therefore cannot possibly be the creditor that generated the Pre-petition Claims. Convergint believes that Servidian Integrated Security Services, LLC, or "New Servidian", is a mere continuation of Group 1 Systems, Inc. d/b/a Servidian.

9. Third, the transfers to LCH themselves were apparently executed by <u>New Servidian</u>, which apparently misled LCH into believing it was the proper owner of the Claims. Significantly, New Servidian received the funds which LCH paid for the Claims. While the Assignor on the transfer documents attached to the Notices of Transfer is listed simply as "Servidian", the attached "Assignor's Wire Instructions" provided by Mr. Wallace to LCH shows that the funds were to be wired to an account in the name of Servidian Integrated Security Services, LLC, or "New Servidian". Those Assignor's Wire Instructions are attached as Exhibit 7. The entity receiving the payment for the Claims did not own the Claims, and the purported transfer conveyed nothing, because New Servidian had nothing to convey.

10. If the transfers are allowed to go forward, Mr. Wallace, though a corporate shell game and with LCH's apparently unknowing assistance[1], will have circumvented the Court's ruling at the May 22 hearing. The transferability of claims and the provisions of Rule 3001 should not permit a bad actor to defeat an otherwise valid garnishment. LCH should not be substituted as the transferee of the Pre-petition Claims, and Convergint should be entitled to garnish the amounts owed by the Debtors on those claims to the full extent permitted by the relief from stay granted by this Court.

WHEREFORE, CONVERGINT TECHNOLOGIES LLC respectfully requests that the Court not substitute LCH OPPORTUNITIES, LLC on the claims of SERVIDIAN against the Debtors, and thus permit CONVERGINT TECHNOLOGIES, LLC to proceed with the garnishments for which relief from stay was granted at the May 22, 2006 hearing, and enter such other and further relief as the Court deems just and proper.

Respectfully submitted May 24, 2006.    WILCOX LAW FIRM

 /s/ **Robert Wilcox**
Florida Bar No. 755168
6817 Southpoint Parkway
Suite 1302
Jacksonville, FL 32216
(904) 281-0770
(904) 513-9201 Fax
rwilcox@wilcoxlawfirm.com

And

---

[1] Although Convergint makes no allegation that LCH has acted improperly, it does note that LCH could not qualify as a bona-fide purchaser under Florida law, since it had constructive notice of Convergint's Judgement and its Motion for Relief from Stay, and because it had actual knowledge of a another creditor's lien against the Judgment Defendant. As Exhibit 8 shows, LCH asked Mr. Wallace to obtain a release of that lien, and Mr. Wallace apparently replied that the lien had nothing to do with the entity transferring the Claims.

MOORE & GOODMAN, P.A.
2900 East Oakland Park Boulevard
Third Floor
Fort Lauderdale, Florida 33306
Tel: (954) 564-8446; Fax: (954) 564-8666
bruce@mooregoodman.com

Attorneys for Convergint Technologies LLC

**CERTIFICATE OF SERVICE**

 I, Robert D. Wilcox, hereby certify that on May 24, 2006 I caused a copy of the foregoing *CONVERGINT TECHNOLOGIES LLC'S OBJECTION* to be served upon on the Debtor, by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; D.J. Baker, Esq., Sally McDonald Henry, Esq. and Rosalie Gray, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, LCH Opportunities, LLC, Attn: Joseph M. O'Connor, 315 park Avenue South, 20th Floor, New York, NY 10010, and Group 1 Systems, Inc., c/o Donald R. Wallace, 3307 NW 55th Street, Ft Lauderdale, FL 33309.

 /s/ **Robert Wilcox**