UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF RESOLUTION OF THE LITIGATION
CLAIM OF RITA FERGUSON (CLAIM NO. 5158)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Rita Ferguson (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 5158 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $25,000.00 against Winn-Dixie Montgomery, Inc. in Case No. 05-3837 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 5158 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents (including but not limited to Sedgwick Claims Management Service, Inc.), successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

This Agreed Order does not, however, affect Rita Ferguson's right to participate in the Chapter 11 case of debtor Winn-Dixie Montgomery, Inc., including but not limited to, by objecting to any plan of reorganization that it proposes.

3. The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

4. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 24 day of May, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]
530429

## CONSENT

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ Leanne McKnight Prendergast
Leanne McKnight Prendergast

Florida Bar Number 059544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorney for the Debtors

By /s/ George C. Douglas, Jr.
George C. Douglas, Jr.

700 Century Park South
Suite 223
Birmingham, Alabama 35226
(205) 824-4620
(866) 383-7009 (facsimile)
gcd@hiwaay.net

Attorney for Defendant Rita Ferguson