**Hearing Date: June 1, 2006, 1:00 p.m.**
**Objection Deadline: May 31, 2006, 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

**DEBTORS' MOTION FOR ORDER**
**APPROVING TERMINATION AGREEMENT**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §363(b) approving an agreement which provides for the early termination and surrender of a non-residential real property lease for Debtors' Store Number 276. In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered the eighth-largest food retailer in the United States and one of the largest in the Southeast with more than 900 stores.

4. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested in the Motion is Bankruptcy Code section 363(b).

6. Winn Dixie Stores, Inc. (“WD Stores”) is a party to a lease of a store (the “Lease”) located in Miami, Florida (Store No. 276) (the “Leased Premises”), with Carlos Salmon Realty, Inc. (the “Landlord”). Prior to the Petition Date, WD Stores vacated the Leased Premises and relocated its grocery store operations to an

adjacent property (Winn-Dixie Store No. 251). WD Stores remains liable under the Lease and as such, is still paying rent for the Leased Premises in the amount of $58,564 per year to the Landlord.

**7.** On February 16, 2006, the Landlord, WD Stores and Staples Office Superstore East ("Staples"), entered into a Termination of Lease, Surrender of Premises and Reciprocal Easement Agreement (the "Agreement"). Pursuant to the terms of the Agreement, (i) the Landlord and WD Stores will terminate the Lease, (ii) WD Stores will surrender the Leased Premises to the Landlord, (iii) the Landlord will enter into a new lease for the Leased Premises with Staples, (iv) WD Stores and Staples will provide reciprocal parking easements on the shared parking area between the Leased Premises and WD Stores' Store No. 251, and (v) WD Stores and Staples will not transfer or assign their respective lease of Store Nos. 251 and 276 to any third party who will operate the stores under a competing use. In consideration for the Agreement, Staples will pay the Landlord the 2005 pre-petition balance of WD Stores' tax obligations under the Lease ($13,928.20) and will pay WD Stores a termination fee of $1,317,818.80.

**<u>Relief Requested</u>**

8. By this Motion, the Debtors request that the Court approve the Agreement and authorize WD Stores to terminate the Lease and perform its obligations under the Agreement.

**Applicable Authority**

9. The Debtors are authorized to enter into the Agreement under Section 363(b) of the Bankruptcy Code which permits a debtor to "use, sell or lease" property of the estate after notice and hearing. The Debtors' entry into the Agreement should be approved because it is supported by a sound business reason. *See, In re Chateaugay Corp.*, 973 F.2d 141 (2nd Cir. 1992) (holding that a court determining a §363(b) application must find from the evidence before it a good business reason to grant the application). The Debtors no longer operate the Leased Premises and by entering into the Agreement, will bring over $1 million into the estates, save $54,000 a month in rent, avoid lease rejection damages and assure that the Leased Premises will not be operated by a competitor.

10. Only objections filed and served on D. J. Baker at djbaker@skadden.com, Skadden, Arps, Slate, Meagher, & Flom, LLP, Four Times Square, New York, New York 10036 and on Cynthia C. Jackson at cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, so as to be received by May 31, 2006 at 4:00 p.m. (E.T.) will be considered by the Bankruptcy Court at the hearing that has been noticed for this Motion.

**Conclusion**

For the foregoing reasons, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (a) approving the Agreement, (b) authorizing the Debtors to perform their obligations under the Agreement; and (c) granting such other and further relief as the Court deems just and proper.

Dated: May 24, 2006

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By *_/s/ D. J. Baker_*
D. J. Baker
Sally McDonald Henry
Rosalie W. Gray

Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By *_/s/ Cynthia C. Jackson_*
Stephen D. Busey
James H. Post
Cynthia C. Jackson (F.B.N. 498882)

225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

00529412

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER GRANTING MOTION FOR**
**APPROVAL OF TERMINATION AGREEMENT**

These cases came before the Court on the Motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), for an order under 11 U.S.C. §363(b), approving an early termination of lease agreement for Store Number 276 (the "Motion"). The Court has reviewed the Motion and heard the representations of counsel. Upon the representations of counsel and without objection by the United States Trustee or any other interested party, it is

ORDERED:

1. The Motion is granted.

2. The Agreement is approved.[2]

3. The Debtors are authorized to enter into the Agreement and perform their obligations under the Agreement.

4. Upon the termination of the Lease, the Debtors have no further liability under the Lease and all non-debtor parties to the Lease are forever enjoined and estopped from asserting any default or other liability against the Debtors under the Lease.

---

[2] All capitalized terms not otherwise defined in this Order have the same meaning provided to them in the Motion.

5. The Court retains exclusive jurisdiction to (a) enforce and implement the Agreement, (b) resolve any disputes, controversies or claims arising out of or relating to the Agreement, and (c) interpret, implement and enforce the provisions of this Order.

Dated this _____ day of June, 2006, in Jacksonville, Florida.

___________________________________
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion.

00532777