**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**NOTICE AND MOTION FOR ORDER**
**APPROVING COMPROMISE OF CLAIMS**
**FILED BY BOWDOIN SQUARE, LLC (CLAIM NOS. 9939 AND 9940)**

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 20 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, lprendergast@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Time Square, New York, New York 10036, djbaker@skadden.com, and (iii) Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, Elena.L.Escamilla@usdoj.gov.

If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates move the Court pursuant to Rules 2002 and 9019, Federal Rules of Bankruptcy Procedure, and Local Rule 2002-4, for an order approving the compromise of claims filed by Bowdoin Square, LLC ("Claimant") and say:

1. In 2002, Claimant filed an action in the Circuit court of Mobile County, Alabama, Civil Action No. CV-02-2879 against Winn-Dixie Montgomery, Inc. and Winn-Dixie Stores, Inc. (collectively, the "Debtors"), alleging that the Debtors breached their respective obligations under a lease and guaranty (the "State Court Action"). The Debtors defended the State Court Action and asserted that the lease had been terminated when the use of the property changed.

2. The Debtors prevailed at trial, but the verdict was overturned on appeal and the case was remanded for a new trial. Shortly before the second trial was to commence, the Debtors and the Claimant agreed to settle the State Court Action. Pursuant to the settlement agreement, Claimant agreed to accept $400,000 in full satisfaction of the claims asserted in the State Court Action. The Debtors' Chapter 11 petitions were filed before the settlement payment could be made.

3. Claimant filed Claim No. 9939 in the amount of $1,267,412.43 against Winn-Dixie Stores, Inc. and Claim No. 9940 in the amount of $1,267,412.43 against Winn-Dixie Montgomery, Inc. based upon the matters alleged in the State Court Action.

4. The Debtors and the Claimant have agreed to compromise the Claims as follows:

i. Claim No. 9939 will be allowed as an unsecured non-priority claim in the amount of $400,000 against Winn-Dixie Stores, Inc. in Case No. 05-03817-3F1 to be treated in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases;

ii. Claim No. 9940 will be allowed as an unsecured non-priority claim in the amount of $400,000 against Winn-Dixie Montgomery, Inc. in Case No. 05-03837 to be treated in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases;

iii. In the event that the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. are not substantively consolidated, Claimant shall not receive distributions from the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. having an aggregate value that exceeds $400,000;

iv. If the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. are substantively consolidated for purposes of distribution under a confirmed plan of reorganization, the plan may provide that no distributions will be made in connection with claims that are based upon guarantees and, in that event, no distribution will be made on Claim No. 9939; and

v. Claimant shall dismiss with prejudice the action pending in the Circuit Court of Mobile County, Alabama, Civil Action No. CV-02-2879.

5.  This compromise is in the best interests of the Debtors' estates and the creditors.

Wherefore, the Debtors respectfully request that the Court enter an order authorizing the compromise substantially in the form attached as Exhibit A.

Dated: May 24, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Gray | By  *s/ Leanne McKnight Prendergast*<br>     Stephen D. Busey<br>     James H. Post<br>     Leanne McKnight Prendergast |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | Florida Bar Number 059544<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>lprendergast@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document has been furnished electronically and/or by mail to the following parties, this 24th day of May, 2006:

| | |
|---|---|
| Kenneth C. Meeker<br>Assistant U.S. Trustee<br>Office of the United States Trustee<br>135 West Central Boulevard, Room 620<br>Orlando, Florida 32801<br>Phone: 407-648-6301<br>Fax: 407-648-6323<br>ken.meeker@usdoj.gov | Otterbourg, Steindler, Houston & Rosen, P.C.<br>Attn: Jonathan N. Helfat<br>230 Park Avenue, 29th Floor<br>New York, NY 10169<br>Phone: 212-661-9100<br>Fax: 212-682-6104<br>Jhelfat@oshr.com |
| Elena L. Escamilla<br>Office of the United States Trustee<br>135 West Central Boulevard, Room 620<br>Orlando, Florida 32801<br>Phone: 407-648-6465<br>Fax: 407-648-6323<br>Elena.L.Escamilla@usdoj.gov | Milbank, Tweed, Hadley & McCloy LLP<br>Attn: Dennis Dunne<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Phone: 212-530-5000<br>Fax: 212-530-5219<br>Ddunne@milbank.com |
| LAW OFFICE OF CHARLES W. MCBURNEY, JR.<br>Charles W. McBurney, Jr.<br>6550 St. Augustine Road, Suite 105<br>Jacksonville, Florida 32217<br>Phone: 904-731-0002<br>Fax: 904-731-3885<br>cmcburney@bellsouth.net | Akerman Senterfitt<br>Attn: John B. Macdonald<br>50 North Laura Street, Suite 2500<br>Jacksonville, Florida 32202<br>Phone: 904-798-3700<br>Fax: 904-398-3730<br>john.macdonald@akerman.com |
| DELEGAL LAW OFFICES, P.A.<br>T.A. "Tad" Delegal,III<br>424 Eat Monroe Street<br>Jacksonville, Florida 32202<br>Phone: 904-633-5000<br>Fax: 904-358-2850<br>tad@delegal.net | |

                                            *s/ Leanne McKnight Prendergast*
                                                              Attorney

00526533

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

**AGREED ORDER OF RESOLUTION OF THE CLAIMS
OF BOWDOIN SQUARE, LLC (CLAIM NOS. 9939 AND 9940)**

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"). The Court finds that notice of the proposed Agreed Order was served on all interest parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party has filed an objection. The Court therefore considers the entry of the Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 9939 filed by Bowdoin Square, LLC (the "Claimant") is allowed as an unsecured non-priority claim in the amount of $400,000 against Winn-Dixie Stores, Inc in Case No. 05-03817 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2. Claim No. 9940 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $400,000 against Winn-Dixie Montgomery, Inc. in Case No. 05-03837 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

3. In the event that the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. are not substantively consolidated, Claimant shall not receive

distributions from the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. having an aggregate value that exceeds $400,000.

4. If the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. are substantively consolidated for purposes of distribution under a confirmed plan of reorganization, the plan may provide that no distributions will be made in connection with claims that are based upon guarantees and, in that event, no distribution will be made on Claim No. 9939.

5. This Agreed Order resolves (i) all liabilities and obligations related to Claim Nos. 9939 and 9940 and (ii) all other claims the Claimant has or may have up to this point against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

6. Claimant will dismiss with prejudice its pending state court action in the Circuit Court of Mobile County, Alabama, Civil Action No. CV-02-2879.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of _____, 2006, in Jacksonville, Florida.

 

Jerry A. Funk
United States Bankruptcy Judge

00526485.DOC

## **Consent**

The undersigned parties consent to the entry of the foregoing Agreed Order.

| | |
|---|---|
| SMITH HULSEY & BUSEY | BRADLEY ARANT ROSE & WHITE |
| By_____<br>    Leanne McKnight Prendergast | By_____<br>    F. Wendell Allen |
| Florida Bar Number 59544<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>lprendergast@smithhulsey.com | 1819 Fifth Avenue North<br>Birmingham, Alabama 35203-2104<br>(205) 521-8000<br>(205) 521-8800 (facsimile)<br><br>Attorney for the Claimant |
| Attorneys for the Debtors | |

00526485.DOC