**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**OBJECTION OF LASSITER PROPERTIES, INC. TO "AD HOC TRADE
COMMITTEE'S MOTION TO FILE DOCUMENTS IN SUPPORT OF ITS MOTION
FOR ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
SUBSTANTIVELY CONSOLIDATING DEBTORS' ESTATES UNDER SEAL"**

NOW COMES Lassiter Properties, Inc. (hereinafter "Lassiter") and, for its "Objection of

Lassiter Properties, Inc. to 'Ad Hoc Trade Committee's Motion to File Documents in Support of

its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively

Consolidating Debtors' Estates Under Seal'", shows the Court as follows:

**I.    PROCEDURAL HISTORY.**

1.      Lassiter is a creditor of Winn-Dixie Stores, Inc. and affiliated debtors (hereinafter

collectively "Debtors"), the Debtors in the above-captioned Chapter 11 Bankruptcy Case and is

the holder of lessor claims related to four Winn Dixie stores (#1816 (Calhoun), #482

(Columbus), #1826 (Milledgeville) and #188  (Waycross)).

2.      On or about May 11, 2006, the "Ad Hoc Trade Committee" filed its "Motion for

Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors'

Estates" (hereinafter the "Motion to Consolidate"). [Doc. 7763].  By the Motion to Consolidate,

the Ad Hoc Trade Committee requests that this Court enter an order substantively consolidating the Debtors' Estates.

3.      The Motion to Consolidate is void of any legal authority, with the exception of a reference to 11 U.S.C. § 105(a).  Likewise, the Motion proffers no evidence.  Rather, the Motion to Consolidate provides as follows:

> As explained more fully in the Trade Committee's Brief in Support of this Motion (the "Brief") and the Affidavit of M. Freddie Reiss (the "Reiss Affidavit"), substantive consolidation is appropriate because, (1) there is a substantial identity between the Debtors, and (2) consolidation is necessary to avoid *some harm* or realize *some benefit*.

[Motion to Consolidate, ¶ 5 (emphasis supplied)].

4.      Contemporaneously with the filing of its Motion to Consolidate, the Ad Hoc Trade Committee filed its "Ad Hoc Trade Committee's Motion to File Documents in Support of its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates Under Seal" (hereinafter the "Motion to File Under Seal").  [Doc. 7765].

5.      By the Motion to File Under Seal, the Ad Hoc Trade Committee seeks an order authorizing it to file the Brief and Reiss Affidavit under seal.  The Motion to File Under Seal provides as follows:

> Any creditor who seeks to review the Brief or the Reiss Affidavit should contact counsel for the Trade Committee and the Debtors to enter into appropriate confidentiality agreements before reviewing same.

[Motion to File Under Seal, ¶ 12].

6.      On May 23, 2006, counsel for Lassiter contacted Thomas R. Califano, counsel for the Ad Hoc Trade Committee, via telephone, and left a message requesting: (i) a return call from the Ad Hoc Trade Committee's counsel; (ii) a copy of the Confidentiality Agreement; and (iii) confirmation that, upon execution of the Confidentiality Agreement, Lassiter would receive copies of the Brief and Reiss Affidavit.  Lassiter's counsel followed up its request by letter dated May 23, 2006.  [*See* **Exhibit "A"** attached hereto].

7.      On May 24, 2006, Lassiter's counsel again contacted the Ad Hoc Trade Committee's counsel by letter, and repeated the request for a copy of the Confidentiality Agreement and confirmation that the secret documents would be furnished upon execution of the Confidentiality Agreement.  [*See* **Exhibit "B"** attached hereto].

8.      On the afternoon of May 24, 2006, Lassiter's counsel received from the Ad Hoc Trade Committee's counsel a message *via* electronic mail stating as follows:

> We would like to send you PDFs of the documents, but we are bound by a confidentiality agreement with the Debtors.  We may disclose the documents to you if you have a written confidentiality agreement with the Debtors.  Please contact counsel to the Debtors, Keith Sambur at Skadden Arps, at 212.735.3000.

[*See* **Exhibit "C"** attached hereto].

9.      On May 24, 2006, Lassiter's counsel contacted Keith Sambur, counsel for the Debtors, requesting that the Debtors' counsel provide a copy of the Confidentiality Agreement and confirmation that, if Lassiter signs the Confidentiality Agreement, it will have access to the papers filed in support of the Motion to Consolidate.  [*See* **Exhibit "D"** attached hereto].

10.      On the afternoon of May 24, 2006, Lassiter's counsel received a telephone call from Keith Sambur, Debtors' counsel.  Debtors' counsel advised Lassiter's counsel that:  (i) Debtors' believe that the Motion to Consolidate is improper on procedural and other grounds; (ii)

there is no Confidentiality Agreement in existence which, if executed by Lassiter or any other creditor, would result in the Debtors' agreement that Lassiter or some other creditor could have access to the secret Brief and secret Reiss Affidavit to be filed by the Ad Hoc Trade Committee.

11.     By electronic mail, received by Lassiter's counsel's office at 6:39 p.m., May 24, 2006, counsel for the Ad Hoc Trade Committee advised Lassiter's counsel as follows:

> As you may know, we filed, on behalf of the Ad Hoc Trade Committee, a motion that seeks substantive consolidation of the debtors in the Winn Dixie case.  We are seeking authority to file a brief and affidavit in support of this motion (the "Supporting Documents") under seal.
>
> Attached please find our confidentiality agreement with the Debtors.  If you agree to be bound by this document, please indicate such consent by indicating whom you represent, counter-signing this agreement and sending it to me.

[May 24, 2006 electronic mail message from Vincent J. Roldan of DLA Piper Rudnick Gray Cary US LLP, attached hereto as **Exhibit "E"**].

12.     Counsel for the Ad Hoc Trade Committee attached to the electronic mail message a document, which is apparently a copy of the Ad Hoc Trade Committee's letter confidentiality agreement with Debtors (hereinafter the "Letter Agreement").

13.     Counsel for the Ad Hoc Trade Committee did not, however, confirm that, upon execution of the letter confidentiality agreement, creditors would be provided the "Supporting Documents", or that Debtors had approved any such disclosure to creditors under any circumstance.

14.     Further, paragraph 16 of the Ad Hoc trade Committee's Letter Agreement with Debtors provides in pertinent part:  "***This Agreement may not be assigned by us without prior written consent of the Company.  There are no third-party beneficiaries of this Agreement.***" (emphasis supplied).

15.     By earlier notice, the Court set May 25, 2006 as the deadline for filing responses to the Motion for Consolidation and the Motion to File Under Seal.  [Doc. 7764].

16.     Presently, the Court has scheduled a Case Management Conference for June 1, 2006 at 1:00 p.m. for the purpose of considering scheduling the Motion to Consolidate.  [Doc. 8005].  It is unclear, however, whether May 25, 2006 remains the deadline for filing responses to the Motion to File Under Seal.  This objection is filed in the event the May 25, 2006 Objection date has not been modified.  Lassiter will continue to attempt to work out any issues related to a confidentiality agreement prior to any hearing.

## II.     OBJECTIONS.

A.     *Objection No. 1:  The Motion to File Under Seal must be denied because the Confidentiality Agreement was not provided to creditors and other parties in interest sufficiently in advance of the May 25, 2006 response deadline.*

17.     The Motion to File Under Seal proposes that creditors, such as Lassiter, who seek to review the Ad Hoc Trade Committee's Brief or the Reiss Affidavit, must first enter "appropriate confidentiality agreements".  [Motion to File Under Seal, ¶ 12].

18.     No form of Confidentiality Agreement was provided creditors at the time of the filing of the Motion to File Under Seal.  Lassiter's counsel requested a copy of the Confidentiality Agreement and confirmation that the Brief and Reiss Affidavit would be provided upon Lassiter's execution of same.

19.     Initially, the Ad Hoc Trade Committee's counsel referred Lassiter to Debtors' counsel to obtain a form of the Confidentiality Agreement.

20.      Debtors' counsel in turn indicated that no such Confidentiality Agreement exists through which Lassiter or other creditors may obtain copies of the secret Brief and secret Reiss Affidavit.

21.      The letter confidentiality agreement attached to the electronic mail from the Ad Hoc Trade Committee's counsel was not provided in sufficient time to allow Lassiter to consider the terms of the agreement.

22.      Lassiter and the other creditors should be afforded adequate time to consider any agreement that will limit their right to documents and other evidence relevant to the Motion to Consolidate, and the Motion to File Under Seal should be denied.

**B.**      **_Objection No. 2_: _The Motion to File Under Seal should be denied because neither Debtor nor the Ad Hoc Trade Committee have confirmed that consent to the Letter Agreement will result in access to the secret Brief and secret Reiss Affidavit._**

23.      Debtors' counsel has stated that no form confidentiality agreement presently exists through which Lassiter or other creditors may obtain access to the Ad Hoc Trade Committee's secret Brief and secret Reiss Affidavit and other relevant materials.

24.      Further, the attached email from Ad Hoc Trade Committee's counsel does not state that upon Lassiter's consent to the terms of the Ad Hoc Trade Committee's Letter Agreement with the Debtors, the secret Brief, the secret Reiss Affidavit and other material will be made available.  [*See* **Exhibit "E"** attached hereto.]

25.      The Letter Agreement expressly states it cannot be assigned; and it expressly states there are no third party beneficiaries of the Agreement.  [*Id.*]

26.      Consequently, Lassiter and other creditors have no assurance that the Letter Agreement provided by counsel for the Ad Hoc Trade Committee bears any relationship to the

creditors' access to the documents upon which the Ad Hoc Trade Committee seeks substantive consolidation. Given the comments of Debtors' counsel, there likely is no such relationship.

27.    The Court should deny the Motion to File Under Seal unless and until Lassiter and other creditors are provided: (1) an acceptable form of a confidentiality agreement; and (2) assurance that they will be provided access to the secret Brief, Reiss Affidavit and all other materials proffered in support of Ad Hoc Committee's the Motion to Consolidate upon their execution of a confidentiality agreement.

C.    *Objection No. 3:  The Motion to File Under Seal should be denied as creditors have been provided no opportunity to determine whether the purported confidential information is, in fact, confidential.*

28.    Creditors have had no opportunity to review the Brief, Reiss Affidavit or any other materials allegedly containing confidential information, in redacted or unredacted form.

29.    The Ad Hoc Trade Committee has not provided any summary, compilation, abstract, digest or privilege lists which would enable creditors to determine whether the documents and information at issue truly are confidential or, alternatively, whether the documents and information, and consequently the grounds for the Ad Hoc Trade Committee's Motion to Consolidate, are being withheld improperly from Lassiter and other creditors.

30.    Lassiter and other creditors are being denied access even to the legal authority upon which the Ad Hoc Trade Committee is asking the Court to order substantive consolidation.

31.    The Ad Hoc Trade Committee's present action is contrary to the fundamental notions of notice, disclosure and due process under the Bankruptcy Code.

32.    Denied the barest explanation or description as to the nature of the alleged confidential materials, Lassiter and other creditors are unable to protect their interests against the

sweeping and significant relief requested by the Motion to Consolidate.  Accordingly, the Court

should deny the Motion to File Under Seal.

>    **D.**    **_Objection No. 4_: *The Motion to File under Seal must be denied because the Ad Hoc Trade Committee has failed to show that the present circumstances warrant the Court denying creditors their right to access to judicial records, and has failed to show that there exists no less drastic alternative than the Court limiting access to Court documents.***

33.    Section 107 of the Code provides in relevant part as follows:

>    (a) Except as provided in subsection (b) of this section, ***a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination*** by an entity at reasonable times without charge.

>    (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

>>    (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(a) and (b) (emphasis supplied).

34.    Section 107(a) merely codifies the common law right of the public to access to

judicial documents.  *In re Nunn*, 49 B.R. 963, 964 (Bankr. E.D. Va. 1985).  The court in *In re*

*Nunn*, cited by the Ad Hoc Trade Committee, stated further:

>    Congress intended the sealing of pleadings to be the exception rather than the rule.  [cite omitted].  Furthermore, for the Court to enter a protective order, limitation of access must not only be an appropriate remedy, but also, ***there can be no less drastic alternative available***.  [cite omitted].

*In re Nunn*, 49 B.R. at 964 (emphasis supplied).

35.    The Ad Hoc Trade Committee has not made any showing to justify the relief

requested in the Motion to File Under Seal.

36.     First, it has not shown that the materials it seeks to protect, including the Reiss Affidavit and the Brief in support of its Motion to Consolidate, constitute "a trade secret or confidential research, development, or commercial information".  *See* 11 U.S.C. § 107(b)(1).

37.     Rather, the Ad Hoc Trade Committee asserts, "The Brief and the Reiss Affidavit are ***in part based upon*** non-public, confidential and proprietary information about the Debtors". [Motion to File Under Seal, ¶ 6 (emphasis supplied)].

38.     The Ad Hoc Trade Committee's unsupported assertion is inadequate to overcome the common law and due process right of creditors to access to court records in cases to which the creditors are parties in interest.

39.     This is particularly so where, as here, those records serve as the Ad Hoc Trade Committee's basis for seeking to alter and impair drastically Lassiter and other creditors' rights through substantive consolidation.

40.     Additionally, the Ad Hoc Trade Committee has failed to show that there exists no means of protecting the Debtors' alleged confidential materials less drastic than the wholesale sealing of every page of every document supporting the Motion to Consolidate, ***including the purported supporting affidavit and Brief***.

41.     Debtor Winn-Dixie Stores, Inc. (US:WNDXQ) is a publicly traded corporation, subject to near-countless public disclosure regulations.  That every detail contained in the Brief, Reiss Affidavit and related materials would somehow be legitimately withheld from Lassiter and other creditors whose rights are being affected is doubtful and requires close examination by the Court.

42.     Absent an adequate and substantiated showing compelling a different conclusion, the Court should deny the Motion to File Under Seal.

**III.     CONCLUSION.**

43.     Lassiter and the other creditors are entitled to adequate notice of the precise terms of the Confidentiality Agreement they are being required to execute as a condition to their access to important court records.

44.     They are entitled as well to an assurance that, upon executing the Confidentiality Agreement, they will obtain such access.

45.     Moreover, Lassiter and the other creditors are entitled to considerably greater and more meaningful information regarding the nature of the materials the Ad Hoc Trade Committee seeks to conceal from Lassiter, other creditors and the public.

46.     The Ad Hoc Trade Committee must be required to establish that grounds exist for sealing the materials and imposing upon the creditors the obligations consequent to the Confidentiality Agreement, and must show that there exist no less drastic means of protecting the materials.

**WHEREFORE,** Lassiter Properties, LP requests this Court deny the Motion to File Under Seal and grant Lassiter such additional relief, as the Court deems just and appropriate.

Dated this **25th** day of May 2006.

Respectfully submitted,

/s/ Jimmy D. Parrish
R. SCOTT SHUKER
Florida Bar No:  984469
JIMMY D. PARRISH
Florida Bar No:  526401
Gronek & Latham, LLP
390 North Orange Avenue, Ste 600
P.O. Box 3353
Orlando, Florida 32802
(407) 481-5800
(407) 481-5801 (Facsimile)

JAMES L. PAUL
*Georgia State Bar No. 567600*
JOHN K. REZAC
*Georgia State Bar No. 601935*
Chamberlain, Hrdlicka, White, Williams & Martin
191 Peachtree Street, N.E., Ninth Floor
Atlanta, Georgia 30303
(404) 659-1410
(404) 659-1852 (Facsimile)

*Co-counsel for Creditor Lassiter Properties, LP*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has provided a true and correct copy of the foregoing **Objection of Lassiter Properties, Inc. to 'Ad Hoc Trade Committee's Motion to File Documents in Support of its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates Under Seal'** on the following parties, by manner of service as indicated below, in a properly addressed envelope, with adequate postage affixed, this <u>25th</u> day of May 2006.

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, New York 10036
*(Via facsimile 212-735-2000 and US Mail)*

Cynthia C. Jackson
Smith Hulsey & Busey
1800 Wachovia Tower
225 Water Street, Suite 1800
Jacksonville, Florida  32202
*(Via email cjackson@smithhulsey.com, facsimile 904-359-7708 and US Mail)*

Office of United States Trustee
501 East Polk Street
Room 1200
Tampa, Florida 33602
*(via facsimile 813-228-2303 and US Mail)*

Mark J. Friedman
6225 Smith Avenue
Baltimore, Maryland 21209
*(Via email mark.friedman@dlapiper.com, facsimile 410-580-3001 and US Mail)*

Philip V. Martino
DLA Piper Rudnick Gray Cary US LLP
101 East Kennedy Boulevard, Suite 2000
Tampa Florida 33602
*(Via email philip.martino@dlapiper.com, facsimile 813-229-1447
and US Mai)*

Vincent J. Roldan
Thomas R. Califano
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, New York 10020
*(Via email vincent.roland@dlapiper.com,
thomas.califano@dlapiper.com, facsimile 212-884-8569 and US Mail)*


/s/ Jimmy D. Parrish
Jimmy D. Parrish

12