UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3-05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**RESPONSE AND OBJECTION OF DOMINO FOODS, INC., AS AGENT FOR AMERICAN SUGAR REFINING, INC. AND FLORIDA CRYSTALS FOOD CORPORATION TO MOTION OF THE AD HOC TRADE COMMITTEE FOR ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE SUBSTANTIVELY CONSOLIDATING DEBTORS' ESTATES**

This response and objection ("Objection") is filed by Domino Foods, Inc. as agent for American Sugar Refining, Inc. ("Domino") and Florida Crystals Food Corporation ("Florida Crystals"), unsecured creditors with claims filed in certain cases of the above-named Debtors, in opposition to the motion of the Ad Hoc Trade Committee ("Trade Committee") for substantive consolidation of the bankruptcy estates of the Debtors [Docket No. 7763] ("Motion").

In support of this Objection, Domino and Florida Crystals represent as follows:

**JURISDICITION AND VENUE**

1. This Court has jurisdiction over the Motion and this Objection pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue of the Debtors' Chapter 11 cases and this Objection in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

## FACTS

2. Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on February 21, 2005 in the United States Bankruptcy Court, Southern District of New York.

3. By amended order of the Court entered on April 14, 2005, venue of Debtors' jointly administered cases was transferred to the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division.

4. Domino filed an unsecured proof of claim in the amount of $47,172.50 against Debtor Winn-Dixie Stores, Inc. and, because of the way Domino's claim was scheduled by Debtors, in the Winn-Dixie Procurement, Inc. case. Florida Crystals filed an unsecured proof of claim in the amount of $18,096.43 against Debtor Winn-Dixie Stores, Inc. and, because of the way Florida Crystal's claim was scheduled by Debtors, in the Winn-Dixie Procurement, Inc. and Winn-Dixie Logistics, Inc. cases.

5. Domino and Florida Crystals have been approached by a third party for the purchase of their claims filed in the Winn-Dixie Stores, Inc. case.

## OBJECTION

6. By its Motion, the Trade Committee seeks an order from this Court substantively consolidating the bankruptcy cases and estates of Debtors, presumably for the purpose of classification and treatment of claims and voting on a consolidated plan of reorganization.

7. The purpose of substantive consolidation is to "insure the equitable treatment of all creditors," *In re Murray Indus.*, 119 B.R. 820, 830 (Bankr. M.D. Fla. 1990), by combining the assets and liabilities of separate but related entities into a single pool and treating them as though they belonged to a single entity. *In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000), *citing,*

*Federal Deposit Insurance Corp. v. Colonial Realty Co.*, 966 F.2d 57, 58-59 (2d Cir. 1992); *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d 245, 248 (11th Cir. 1991).

8. Since substantive consolidation results in a redistribution of assets among creditors of previously separate entities, courts must be satisfied that any inequity to a particular claimant would be outweighed by the potential benefit to all claimants generally. *In re Eastgroup*, 935 F.2d at 248; *In re Auto-Train Corp.*, 810 F.2d 270, 276 (D.C. Cir. 1987); *In re Hemingway Transport, Inc.*, 954 F.2d 1, 12 (1st Cir. 1992).

9. The Eleventh Circuit has adopted the standard established by the District of Columbia Circuit in the *Auto-Train* case. *Eastgroup Properties v. Southern Motel Assoc., Ltd.*, 935 F.2d at 248. That standard is a three-prong approach whereby the party moving for substantive consolidation must show (1) there is a substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit. Once this *prima facie* showing is made, the burden then shifts, under the *Auto-Train* standard, to the opponent of substantive consolidation to demonstrate that, (3) as a creditor it relied on the separate credit of the entity to be consolidated and will be prejudiced by consolidation. *Id.*

10. Because the remedy the Trade Committee seeks is an equitable one and because substantive consolidation will result in the redistribution of monies among creditors of different entities injuring some creditors while benefiting others, the burden of proof is high and the proponent of substantive consolidation must prove by a preponderance of the evidence that the prejudice of continued separateness outweighs the prejudices of consolidation. *In re Crown Machine & Welding, Inc.*, 100 B.R. 25, 27 (Bankr. D. Mont. 1989); *In re Lewellyn*, 26 B.R. 246, 252 (Bankr. S.D. Iowa 1982).

11. The Trade Committee alleges that substantive consolidation is appropriate because "Debtors share a substantial identity" and "consolidation is necessary to avoid some harm or realize some benefit." The Motion simply recites the standard adopted in *Eastgroup*, without elaboration or analysis of the factors enumerated in *Eastgroup* that should be considered to establish a *prima facie* case.

12. The Trade Committee asserts that cause exists for granting its request, and has formalized this in a brief, affidavit, and other supporting documents it seeks to file under seal (the "Supporting Documents"). The Trade Committee states that it is not permitted to share the Supporting Documents pursuant to an agreement with the Debtor. Under that agreement, a creditor may receive copies of the Supporting Documents only if the creditor enters into a confidentiality agreement with the Debtors.

13. Domino and Florida Crystals have sought such a confidentiality agreement from counsel for the Trade Committee and counsel for Debtors, in order to evaluate the propriety and basis for the Trade Committee's request. Domino and Florida Crystals understand that the final form of the confidentiality agreement has not been determined. Accordingly, Domino and Florida Crystals have not been furnished with the confidentiality agreement, or the information upon which the Trade Committee bases its Motion seeking such extraordinary relief. Domino and Florida Crystals understand the dilemma faced by the Trade Committee, and do not by this Objection imply that the Trade Committee is acting with anything other than good faith.

14. Nonetheless, the Trade Committee cannot meet its burden of proof by sharing with creditors its basis for the exceptional relief it seeks. Because creditors cannot review the factors which support the Trade Committee's Motion, creditors have no opportunity to rebut the

*prima facie* claims it makes in sealed documents, by demonstrating that they relied on the separate credit of the entities and would be prejudiced by consolidation.

15. Even if Domino and Florida Crystals were to execute a Confidentiality Agreement and be provided with the Supporting Documents, they would not have had the opportunity to gather all the information needed to analyze the Motion in such a shortened time period, nor the time to discover facts appropriate to rebut a *prima facie* case.

16. Domino and Florida Crystals request that the Court deny the Motion on the basis that the Trade Committee has not carried its burden of proof, has not provided proper notice of its basis for the relief requested, and thus has denied Domino and Florida Crystals the opportunity to analyze the information and determine whether its claims are going to be diluted by the substantive consolidation of Debtors' cases and respond thereto.

WHEREFORE, Domino and Florida Crystals request entry of an order denying the Trade Committee's Motion, in order to provide creditors and parties in interest with an opportunity to adequately evaluate the basis for the relief requested, and for such other and further relief as the Court deems just and proper.

Dated: May 25, 2006

                                              BLANCO TACKABERY
                                              COMBS & MATAMOROS, P.A.

/s/ Gene B. Tarr
Gene B. Tarr
P.O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
Email: gbt@btcmlaw.com

*Attorney for Domino Foods, Inc.
and Florida Crystals Food Corporation*

BTCM:319820 v1

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3-05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that, on May 25, 2006, the **RESPONSE AND OBJECTION OF DOMINO FOODS, INC., AS AGENT FOR AMERICAN SUGAR REFINING, INC. AND FLORIDA CRYSTALS FOOD CORPORATION TO MOTION OF THE AD HOC TRADE COMMITTEE FOR ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUTPCY CODE SUBSTANTIVELY CONSOLIDATING DEBTORS' ESTATES** was electronically filed with the Clerk of the Court by using the CM/ECF system, and that a copy of same was electronically served by the Court's CM/ECF system or by first class U.S. mail to the parties shown on the attached list.

Dated: May 25, 2006

BLANCO TACKABERY
COMBS & MATAMOROS, P.A.

Gene B. Tarr
P.O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
Email: gbt@btcmlaw.com

*Attorney for Domino Foods, Inc.*
*and Florida Crystals Food Corporation*

BTCM:319820 v1

| | |
|---|---|
| Adam Ravin, Esq.<br>Skadden Arps Slate<br>Meagher & Flom, LLP<br>Four Times Square<br>New York, NY 10036<br>(*Counsel for Debtors*) | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>(*Counsel for Unsecured Creditors' Comm.*) |
| Cynthia C. Jackson, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32201<br>(*Counsel for Debtors*) | John B. MacDonald, Esq.<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>(*Counsel for Unsecured Creditors' Comm.*) |
| Elena L Escamilla, Esq.<br>United States Trustee - JAX<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801 | Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254-3699 |

BTCM:319820 v1