**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | *Chapter 11* |
| ) | |
| Debtors. ) | Jointly Administered |

**NOTICE OF AGREED ORDER MODIFYING AUTOMATIC STAY TO PERMIT SETOFF BY FIFTH THIRD PROCESSING SOLUTIONS**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your objection with the Clerk of the Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com and (ii) D. J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, djbaker@skadden.com.

If you file and serve an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Pursuant to Federal Rule of Bankruptcy Procedure 4001(d) and Local Rule 2002, notice is given of the attached proposed Agreed Order Modifying Automatic Stay to Permit Setoff by Fifth Third Processing Solutions (the "Agreed Order"), pursuant to the attached Stipulation Resolving Administrative Hold Issues Under Master Data Processing Agreement.

If no objection to the proposed Agreed Order is filed and served within the time set forth above, the Court will be requested to enter the Agreed Order without further notice or hearing.

Dated: May 26, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Walker Gray | By   *s/ James H. Post*<br>     Stephen D. Busey<br>     James H. Post (FBN 175460)<br>     Cynthia C. Jackson |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for the Debtors | Co-Counsel for the Debtors |

ATTACHMENT TO
NOTICE OF AGREED ORDER MODIFYING AUTOMATIC STAY TO PERMIT SETOFF
BY FIFTH THIRD PROCESSING SOLUTIONS

**STIPULATION RESOLVING ADMINISTRATIVE HOLD ISSUES UNDER MASTER
DATA PROCESSING AGREEMENT**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION RESOLVING ADMINISTRATIVE HOLD ISSUES UNDER
MASTER DATA PROCESSING AGREEMENT**

This Stipulation is made and entered into as of the date set forth below between Winn-Dixie Stores, Inc. ("Winn-Dixie") and Fifth Third Processing Solutions ("Fifth Third").

A. On February 21, 2005 (the "Petition Date"), Winn-Dixie filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

B. Prior to the Petition Date, and on or about February 1, 1998, Fifth Third and Winn-Dixie entered into a Master Data Processing Agreement, as amended from time to time, including certain ordinary course amendments made since the Petition Date (collectively the "Processing Agreement").

C. The Processing Agreement is an executory contract under 11 U.S.C. §365.

D. Winn-Dixie has not yet determined whether it will assume the Processing Agreement. However, the continuation of the processes, procedures and practices established pursuant to the Processing Agreement during the pendency of this proceeding is in the best interest of Winn-Dixie at this time.

E. Pursuant to set-off rights it asserts are established in the Processing Agreement, Ohio law and the Bankruptcy Code, Fifth Third is currently holding the approximate sum of $1,075,225.00 (the "Administrative Hold Amount") as security for the payment of pre-petition fees owed by Winn-Dixie to Fifth Third.

F. As set forth herein, the parties have agreed that the Administrative Hold Amount will be applied as follows: (i) subject to approval of the Bankruptcy Court, $316,721.00 will be paid over to Fifth Third in satisfaction of pre-petition amounts owed for fees and services, (ii) $38,000 is to be retained by Fifth Third for a continuing reserve for unpaid post-petition fees (other than WIN1 fees), chargebacks and/or other amounts that may be owed to Fifth Third, (iii) a payment will be made for the estimated May 2006 invoice, and (iv) the balance will be returned to Winn-Dixie.

G. In addition to Fifth Third holding a reserve to protect against post-petition fees (other than WIN1 fees) and chargebacks, the parties have agreed, as set forth below, to enable Fifth Third to collect for post-petition fees earned and payable for WIN1 invoices from settlements of daily transactions.

H. The parties further agree that Fifth Third is entitled to as much notice as possible of any store closing, but in no event less than 60 days if the decision is made before 60 days prior to the store closing; that Fifth Third will maintain the confidentiality of any such information; and that upon receipt of any such notice, Fifth Third and Winn-Dixie will agree upon an appropriate adjustment to the amount in the Reserve Account.

Now, therefore, Winn-Dixie and Fifth Third stipulate and agree as follows:

1. Except as otherwise provided herein, the practices, procedures and polices established pursuant to the Processing Agreement shall continue until otherwise agreed by the parties or ordered by the Bankruptcy Court.

2. Subject to approval by the Bankruptcy Court, Fifth Third shall setoff and apply from the Administrative Hold Amount the sum of $316,721.00 to satisfy amounts owed to Fifth Third for pre-petition fees and services. The parties shall seek to obtain approval by the Bankruptcy Court pursuant to an agreed order modifying the automatic stay imposed by 11 U.S.C. § 362(a)(7) to permit a setoff under 11 U.S.C. § 553(a).

3. A "Reserve Account" in the sum of $38,000.00 shall be established from the Administrative Hold Amount, to be used by Fifth Third for the processing of "charge-backs" by customers who transact business with Winn-Dixie, and the payment of fees and/or expenses due, or to become due, Fifth Third under and pursuant to the Processing Agreement and/or the terms of this Stipulation. The amount of the Reserve Account shall be subject to further agreement of the parties and/or order of the Bankruptcy Court, including pursuant to paragraph 6 below. No later than three (3) business days after the receipt of notice that the effective date of Winn-Dixie's plan of reorganization has occurred, the Reserve Account shall be terminated and all amounts then in the Reserve Account shall be returned to Winn-Dixie.

4. The estimated amount of the May 2006 invoice shall be deducted from the Administrative Hold Amount and applied to the payment of the May 2006 invoice.

5. No later than three (3) business days after the date of this Stipulation, the balance of the Administrative Hold Amount shall be paid over to Winn-Dixie.

6. Winn-Dixie shall provide Fifth Third as much notice as possible of any store closing, but in no event less than 60 days if the decision is made before 60 days prior to the store closing. Fifth Third agrees to maintain the confidentiality of any such information, including but not limited to the sale of any individual store locations. If such notice is given, the parties shall agree to, or the Court upon the request of either party shall order, an appropriate adjustment to the Reserve Account.

7. Beginning as of June 1, 2006, Fifth Third is authorized to (a) collect from the daily settlements the sum of $24,000 towards the WIN1 fees earned and payable post-petition, with the remainder of such daily settlements to be paid over to Winn-Dixie, (b) at the end of each calendar quarter, Fifth Third shall review the amount of all WIN1 fees collected during the calendar quarter and all WIN1 invoices for the calendar quarter and shall either issue an approved ACH debit transaction for any deficiency or pay over to Winn-Dixie any excess.

8. The Processing Agreement and the current practices and procedures of the parties, may not be changed, amended or modified except with the written consent of Fifth Third and Winn-Dixie. The Processing Agreement may not be assigned without the written consent of Fifth Third.

9. This Stipulation shall terminate on the earlier of (a) the effective date of Winn-Dixie's confirmed plan of reorganization or any earlier date on which Winn-Dixie ceases to be subject to the jurisdiction of the Bankruptcy Court or (b) any termination of the Processing Agreement by agreement of the parties or rejection of the Processing Agreement by order of the Bankruptcy Court.

10. This Stipulation resolves any and all claims, disputes and disagreements between Fifth Third and Winn-Dixie relating to the administrative hold placed upon the funds of Winn-Dixie pre-petition or post-petition.

Dated: May 26, 2006

FIFTH THIRD PROCESSING SOLUTIONS

By: _____
William B. Fecher
STATMAN, HARRIS, SIEGEL & EYRICH, LLC
2900 Chemed Center, 255 East Fifth Street
Cincinnati, Ohio 45202
(513) 621-2666
(513) 621-4896 (facsimile)
wbfecher@shselegal.com

WINN-DIXIE STORES, INC.

By: _____
Rosalie Walker Gray
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
rgray@skadden.com

4

1117667.02-New York Server 7A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

**AGREED ORDER MODIFYING AUTOMATIC STAY TO PERMIT SETOFF
BY FIFTH THIRD PROCESSING SOLUTIONS**

These cases came before the Court upon the Notice of Proposed Agreed Order Modifying Automatic Stay to Permit Setoff by Fifth Third Processing Solutions (the "Notice"), filed by the Debtors. The Court finds that (i) the Notice was served on all interested parties in accordance with Local Rule 2002-4, informing the parties of the opportunity to object to the entry of this Order within 15 days of the date of service, and (ii) no party in interest has filed an objection. The Court therefore considers the entry of this Order unopposed. Accordingly, it is

ORDERED:

1. The automatic stay imposed by 11 U.S.C. § 362(a)(7) is modified to permit Fifth Third Processing Solutions ("Fifth Third") to setoff $316,721.00 in pre-petition amounts owed by Fifth Third to Winn-Dixie Stores, Inc. ("Winn-Dixie") against $316,721.00 in pre-petition amounts owed by Winn-Dixie to Fifth Third.

2. The balance of amounts owed by Fifth Third to Winn-Dixie shall be treated in accordance with the Stipulation Resolving Administrative Hold Issues Under Master Data Processing Agreement attached to the Notice.

3. Except as modified herein, the automatic stay imposed by 11 U.S.C. § 362 shall remain in full force and effect.

    4.    The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of June, 2006, in Jacksonville, Florida.

_____

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Motion.