**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF ANNA LOPICCOLO FOR ORDER**
**DEEMING  PROOF OF CLAIM TIMELY FILED**

Comes Now, Anna Lopiccolo ("Ms. Lopiccolo" or "Claimant"), by and through their undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby move this Court for entry of an order deeming her proof of claim against Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") timely-filed.

**BACKGROUND**

1. On December 27, 2005 Ms. Lopiccolo, through her attorney John Finckbeiner, Esquire, filed a Proof of Claim seeking damages against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") resulting from what Ms. Lopiccolo alleges were Winn-Dixie Stores' negligence and other tortuous acts.[1]  Ms. Lopiccolo has now learned that the Proof of Claim was filed after the bar date in the Chapter 11 case.

2. On December 31, 2004, Ms. Lopicollo was a guest and patron at the Winn-Dixie store in Arabi, Louisiana.  While walking through the parking lot to enter the store, she tripped on debris that was not visible due to an obstruction of vehicles and violently fell to the ground twisting her body and thus causing all her injuries.

3. On January 14, 2005, John Finckbeiner, Esquire, Ms. Loppicolo's counsel, sent correspondence to Winn Dixie advising it of the incident and that he would

---

[1] The Debtors' claims agent, Sedgwick Claims Management Services, Inc., has assigned claim 12828 number to the Johnson's Claims.

1

be representing Anna Lopicollo with regard to her injuries in the matter. The letter identified Ms. Lopiccolo as the claimant, and set forth both the date of the accident and the location of the accident. A copy of that letter and the Certified Mail receipt is attached as Exhibit "A". Copies of the letters he sent to other potentially liable parties are attached as Exhibit "B".

    4.    Although Winn-Dixie Stores was on notice that Ms. Lopiccolo was asserting a claim against it, upon information and belief it did not list her as a creditor in its schedules filed in this case.

    5.    Neither Ms. Lopiccolo nor her attorney Mr. Finckbeiner was ever notified of the bar date for filing a Proof of Claim form related to her claims.

    6.    On August 29th, 2005, Mr. Finckbeiner's law office was destroyed by the devastation of Hurricane Katrina and as a result did not resume full operation until November 15, 2005.

    7.    On December 16, 2005 Mr. Finckbeiner received a Proof of Claim form addressed to another claimant in a separate Winn-Dixie matter. Even this notice was after the applicable bar date.

    8.    On December 20, 2005 Mr. Finckbeiner sent correspondence and a copied Proof of Claim form from the related matter to Winn Dixie Risk Management explaining the delay in filing the Proof of Claim and the surrounding circumstances. A copy of that letter is attached as Exhibit "C" and the Proof of Claim is attached as Exhibit "D".

    9.    On March 22, 2006, Mr. Finckbeiner filed the Questionnaire for Litigation Claimants as required by order of this Court. A copy is attached as Exhibit

"E".

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*., 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### Reason for the Delay

Quite simply, Ms. Lopiccolo received no notice of the pending Chapter 11 cases until after the bar date. As stated above, upon information and belief none of the Debtors listed a debt to Ms. Lopiccolo, and as a result certainly provided no notice of

the commencement of the cases.[2] The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.

### Length of Delay and Potential Impact on Judicial Proceedings

Ms. Lopiccolo's claim was filed within twenty days after she received notice of the need to file the claim, and in a timely enough fashion to allow her to participate in the claims resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Neither Winn-Dixie Stores nor any of the Debtors has filed a proposed Plan of Reorganization and as a result, the Johnson's claims may be included in such a Plan(s). In fact, as of this date, it is unclear whether the cases will be substantively consolidated, as the Ad Hoc Trade Committee seeks. Given the complexity of the myriad proceedings before the Court as the Debtors file and seek to confirm one or more Plans of Reorganization these cases, the allowance of Ms. Lopiccolo's claim will neither delay nor complicate those proceedings.

### Prejudice to the Debtors

There can be little prejudice to Winn-Dixie Stores. As stated above, neither Winn-Dixie Stores nor any of the Debtors has filed a proposed Plan of Reorganization. As a result, Ms. Lopiccolo's claims may be included in such a plan or plans. Second, if a plan is ultimately confirmed fro Winn-Dixie Stores, that Plan may be a "pot" plan, in

---

[2] Ms. Lopiccolo is not suggesting the Debtors acted improperly in not providing such notice.

which the marginal addition of claims is not likely to add any expense to the Debtors. Third, Ms. Lopiccolo has filed the Questionnaire for Litigation Claimants ans is participating properly in the claims resolution process. Fourth, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to Ms. Lopiccolo's claim on its merits.

### The Johnson's Good Faith

Ms. Lopiccolo's actions in this case were taken in good faith. She has acted properly and with diligence given her lack of knowledge of the Chapter 11 filings. At no point has she delayed the process or otherwise "sat on her rights". Through Mr. Finckbeiner, her counsel, she filed the Claims in a prompt and complete fashion, and she has participated fully in the claims resolution process.

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Ms. Lopiccolo's claims as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtor, will serve to protect Ms. Lopiccolo's rights to recover for her damages, and is consistent with the interests of justice.

> **Wherefore,** Ms. Lopiccolo requests that the Court enter an order deeming her Claims timely-filed, and granting her such other and further relief to which she may be entitled.

Dated: May 29, 2006                                **WILCOX LAW FIRM**

                                                          /s/ **Robert D. Wilcox**
                                                          Robert D. Wilcox (FL #755168)

6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

And

John J. Finckbeiner, Jr.
Law Offices of Dysart & Tabary, L.L.C.
Temporary Office
327 Exchange Place
New Orleans, LA 70130
(504) 569-0277

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2006 I caused a copy of the foregoing Motion to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; D.J. Baker, Esq., Sally McDonald Henry, Esq. and Rosalie Gray, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox