UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3-05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**MOTION FOR WAIVER OF LOCAL RULE 2090-1 REQUIREMENT
OF DESIGNATION AND CONSENT-TO-ACT BY LOCAL COUNSEL**

TO THE HONORABLE JERRY A. FUNK, UNITED STATES BANKRUPTCY JUDGE:

Gene B. Tarr, of the firm of Blanco Tackabery Combs & Matamoros, P.A., counsel for Domino Foods, Inc. as agent for American Sugar Refining, Inc. ("Domino") and Florida Crystals Food Corporation ("Florida Crystals"), reclamation claimants, unsecured creditors, and approved Participating Vendors of certain of the above-named Debtors, files this Motion pursuant to this Court's Local Rule 2090-1(c) for the entry of an order waiving the requirement that a written designation and consent-to-act be filed on the part of some member of the bar of the Middle District of Florida, resident in Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case, as provided therein, so as to allow Gene B. Tarr to continue to represent the interests of Domino and Florida Crystals without the necessity of local counsel (the "Motion").

In support of this Motion, Gene B. Tarr represents as follows:

### JURISDICITION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue of the

Debtors' Chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.

## FACTS

2. Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on February 21, 2005 in the United States Bankruptcy Court, Southern District of New York.

3. Undersigned counsel was admitted to participate in Debtors' cases on a *pro hac vice* basis under the local rules of the United States Bankruptcy Court, Southern District of New York, by order entered March 30, 2005.

4. By amended order entered April 14, 2005, venue of Debtors' jointly administered cases was transferred to the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division.

5. Domino and Florida Crystals each holds an Allowed Reclamation Claim. Domino and Florida Crystals each executed an Agreement to Be Bound by Stipulation between Debtors and certain trade vendors on December 8, 2005 to become Participating Vendors, and accepting Net Allowed Reclamation Claims.

6. Domino filed an unsecured proof of claim in the amount of $47,172.50 against Debtor Winn-Dixie Stores, Inc. and, because of the manner in which Domino's claim was scheduled by Debtors, in the Winn-Dixie Procurement, Inc. case. Florida Crystals filed an unsecured proof of claim in the amount of $18,096.43 against Debtor Winn-Dixie Stores, Inc. and, because of the manner in which Florida Crystal's claim was scheduled by Debtors, in the Winn-Dixie Procurement, Inc. and Winn-Dixie Logistics, Inc. cases.

7. Undersigned counsel has represented Domino and Florida Crystals since the commencement of Debtors' cases and is intimately familiar with the details of Domino's and Florida Crystals' claims in, and the status and background of, Debtors' cases.

8. Undersigned counsel filed its Response and Objection to the Ad Hoc Trade Committee's motion for substantive consolidation on May 25, 2006 [Docket No. 8082] (the "Objection") and is currently negotiating with Debtors' counsel to enter into a confidentiality agreement with Debtors in order to obtain the documents needed to evaluate the propriety and basis for the Ad Hoc Trade Committee's request in its motion for substantive consolidation. The undersigned anticipates that his involvement will be limited to prosecuting the Objection, if necessary.

9. Retention of local counsel and the time and effort required by Domino and Florida Crystals and their undersigned counsel to inform local counsel of the background of their involvement to this point in Debtors' cases would likely cause Domino and Florida Crystals to incur excessive legal expense.

10. Undersigned counsel is familiar with the Case Management/Electronic Case Filing System, having been trained for electronic filing in the United States Bankruptcy Court, Western District of North Carolina several years ago. Undersigned counsel routinely files electronically in the United States Bankruptcy Court, Middle District of North Carolina and has electronically filed documents in the United States Bankruptcy Court, Southern District of New York. The undersigned has electronically filed a Notice of Appearance [Docket No. 1591], Verified Statement pursuant to Rule 2019 [Docket No. 1659], and the afore-mentioned Objection in the United States Bankruptcy Court, Middle District of Florida, in Debtors' cases.

11. Undersigned counsel has reviewed this Court's procedural orders in Debtors' cases, the Attorney User Guide, the Creditor/Claimant Filer Guide, the Style Guide, and the Local Rules.

## RELIEF REQUESTED

12. Under this Court's Amended Initial Order Upon Transfer of Venue dated April 19, 2005 [Docket No. 762], to the extent an attorney has already been granted *pro hac vice* status in New York, such attorney is authorized to practice before this Court, subject to compliance with Local Rule 2090-1. Local Rule 2090-1(c) provides that this Court may waive the written designation and consent-to-act on the part of some member of the bar of the Middle District of Florida, resident in Florida, for good cause shown.

13. Gene B. Tarr believes that the circumstances set forth above warrant good cause to waive the requirement of Local Rule 2090-1 to retain local counsel, and respectfully requests that this Court enter an order providing that he may continue to appear for and represent Domino and Florida Crystals in Debtors' cases without the necessity of retaining local counsel and filing a written designation and consent-to-act by Florida counsel.

WHEREFORE, Gene B. Tarr respectfully requests entry of an order authorizing him to continue to represent the interests of Domino and Florida Crystals without the necessity of retaining local counsel, and granting him such other and further relief as he may be entitled.

Dated: May 30, 2006

        BLANCO TACKABERY
        COMBS & MATAMOROS, P.A.

        _/s/ Gene B. Tarr_
        Gene B. Tarr
        NC Bar No. 11110
        P.O. Drawer 25008
        Winston-Salem, NC 27114-5008
        Telephone: (336) 293-9000
        Facsimile: (336) 293-9030
        Email: gbt@btcmlaw.com

*Attorney for Domino Foods, Inc.*
*and Florida Crystals Food Corporation*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3-05-bk-03817-JAF |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that, on May 30, 2006, the **MOTION FOR WAIVER OF LOCAL RULE 2090-1 REQUIREMENT OF DESIGNATION AND CONSENT-TO-ACT BY LOCAL COUNSEL** was electronically filed with the Clerk of the Court by using the CM/ECF system, and that a copy of same was electronically served by the Court's CM/ECF system or by first class U.S. mail to the parties shown on the attached list.

Dated: May 30, 2006

BLANCO TACKABERY
COMBS & MATAMOROS, P.A.

Gene B. Tarr
NC Bar No. 11110
P.O. Drawer 25008
Winston-Salem, NC 27114-5008
Telephone: (336) 293-9000
Facsimile: (336) 293-9030
Email: gbt@btcmlaw.com

*Attorney for Domino Foods, Inc.*
*and Florida Crystals Food Corporation*

Adam Ravin, Esq.
Skadden Arps Slate
Meagher & Flom, LLP
Four Times Square
New York, NY 10036
(*Counsel for Debtors*)

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
(*Counsel for Debtors*)

Elena L Escamilla, Esq.
United States Trustee - JAX
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(*Counsel for Unsecured Creditors' Comm.*)

John B. MacDonald, Esq.
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202
(*Counsel for Unsecured Creditors' Comm.*)

Thomas R. Califano, Esq.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
(*Counsel for Ad Hoc Trade Committee*)

Mark J. Friedman, Esq.
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209
(*Counsel for Ad Hoc Trade Committee*)

Philip V. Martino, Esq.
DLA Piper Rudnick Gray Cary US LLP
101 East Kennedy Boulevard, Suite 2000
Tampa, FL 33602-5149
(*Counsel for Ad Hoc Trade Committee*)