F I L E D
JACKSONVILLE, FLORIDA

MAY 30 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-3817-3FL |
| | ) | |
| Winn Dixie | ) | Chapter 11 |
| | ) | |
| | ) | Response to Objection to |
| | ) | and Memorandum in Support |
| DEBTOR. | ) | |

   The South Carolina Department of Revenue (Department) in response to objection to claim which was submitted by the Debtor in the above-captioned matter, would respectfully show the Court:

   1. The Debtor has objected to the Department claim contending there is no liability according to their books and records and that the statute of limitation has run.

   2. The liability in question has been properly assessed against the taxpayer. The assessment process is the state procedure by which taxes are determined. The assessment is a final adjudication of the taxpayer liability and the taxpayer is bound by the same. It is immaterial that the taxpayers books and records may not show the liability since the taxpayers liability has been fully determined under state law.

   3. Attached hereto as exhibit "A" is a printout of the liability in question. It shows the debtor failed to file the original return on time. The debtor has since filed the return and paid the original amount of the tax but the taxpayer has not paid the interest and penalty that accrued due to the failure to file.

   4. The taxpayer has also asserted that the "statute of limitations has run".

   5. The timeliness of the assessment and collection process of a tax is governed by S.C. Code Section 12-54-85, a copy of which is attached hereto as exhibit "B".

   6. The Department has complied with all applicable time limits contained in S.C. Code Section 12-54-85.

Therefore, the statute of limitations has not run.

      7.   The Department respectfully requests that this return to objection be considered in lieu of an appearance at any hearing.

      Wherefore, the South Carolina Department of Revenue respectfully requests that the debtor's objection be denied and for such other and further relief as this Court deems just and proper.

This the 26th day of May, 2006.

_____
Joe S. Dusenbury, Jr.
Counsel for Revenue Litigation
Fed. ID No. 5197
South Carolina Department of Revenue
PO Box 125
Columbia, SC   29214
803-898-5130


Columbia, South Carolina

CERTIFICATE OF SERVICE

I, Joe Dusenbury, hereby certify that I have mailed, postage prepaid, a copy of the South Carolina Department of Revenue's Return to Debtor Objection And Memorandum In Support in this matter to:

United States Bankruptcy Clerk
United State Courthouse
300 North Hogan St, Suite 3-350
Jacksonville Florida 32202

DJ Baker
Skadden Arps
Four Times Square
NY NY 10036

James H Post
225 Water Street, Suite 1800
Jacksonville Florida 32202

this 26th day of May, 2006.



Joe Dusenbury

```
TXFRC040.RC040          AUTOMATED RECEIVABLES MANAGEMENT SYSTEM       DATE: 05 25 06
NEXT RESP:                   RECEIVABLE INQUIRY (1)                   TIME: 15:46:33
(ARMS GEN ASSESS)    THIS UPDATE: 05 04 06  BY: BRC092
 TYPE: 1  RECV NO: 01714836      CHK DGT: 1  WARR#: 3 50418609 2 PRIM WARR CNTY: 23
 FEI/SSN: 593652951  F           NAME: WINN DIXIE PROCUREMENT INC
 FEI/SSN:                     DBA/JNT: WINN DIXIE PROCUREMENT INC
 SID/SFX: 2061139 000 FILE NO: 02380809 7  YR:       PCVD: 07 31 01   ADDL OWN: N
 RECV STAG: 30 WARRANT                       G/L: 1 4 3702      USE TAX
 RECV TYPE: 98 FAILURE TO FILE            CID: N          PSTMK DT:
 REASON CD: 18 RETURN NOT FILED       ADJ IND:              FTF DT: 01 09 02
 RECV STAT:     TAX DUE DT: 08 20 01  ADJ/WTHDRW: Y  PRPSD/LETTER DT:
 BKPT STAT: B     PETIT DT: 02 21 05     ACS IND: Y         ASMT DT: 03 12 02
 BKPT TYPE: 11  PROJ CODE:            PYMT AGRMNT: N         WAR DT: 06 10 02
  TOP IND:                                 LEVY?: N    NULLA BONA DT:
  AMNESTY: X  20 PCT ADDL: Y            23.78               CONV DT:
        ORIG AMOUNT     ADJUSTMENTS    WITHDRAWALS       PAYMENTS       BALANCE
 TAX:                                                                      .00
 PEN:                      30.18                                         30.18
 INT:                        .82                                           .82
 CST:                       8.00                                          8.00
 TOT:                      39.00                                         39.00
DC903238 INQUIRY SUCCESSFULLY COMPLETED
 PF1=INQ   PF3=CHG   PF7=PREV   PF8=NEXT     PF12=EXIT   PF13=RECV2   PF14=RECV3
 PF15=TRANH  PF16=ADJ/WTH    PF17=HOT KEY    PF18=P&I    PF21=ERRORS  PF22=BTR
```

Exhibit "A"

SC ST S 12-54-85  
Code 1976 § 12-54-85  
C

Page 1

CODE OF LAWS OF SOUTH CAROLINA 1976 *ANNOTATED*  
TITLE 12. TAXATION  
CHAPTER 54. UNIFORM METHOD OF COLLECTION AND ENFORCEMENT OF TAXES LEVIED AND ASSESSED BY SOUTH CAROLINA DEPARTMENT OF REVENUE  
§ 12-54-85. Time limitation for assessment of taxes or fees; exceptions.

(A) Except as otherwise provided in this section, taxes must be determined and assessed within thirty-six months from the date the return or document was filed or due to be filed, whichever is later.

(B) Except as otherwise provided in this section:

(1) if a tax, except for a penalty described in item (2), is not required to be remitted with a return or document, the amount of taxes must be determined and assessed within thirty-six months after the later of the date the tax was due or the first date on which any part of the tax was paid; and

(2) a penalty that is not associated with the assessment of a tax must be determined and assessed within thirty-six months after the date of the violation giving rise to the penalty.

(C) Taxes may be determined and assessed after the thirty-six month limitation if:

(1) there is fraudulent intent to evade the taxes;

(2) the taxpayer failed to file a return or document as required by law;

(3) there is a twenty percent understatement of the total taxes required to be shown on the return or document. The taxes in this case may be assessed at any time within seventy-two months from the date the return or document was filed or due to be filed, whichever is later;

(4) the person liable for any taxes consents in writing, before the expiration of the time prescribed in this section for assessing taxes due, to the assessment of the taxes after the time prescribed by this section.

(D)(1) Taxes due to an understatement of taxes resulting from adjustments of the Internal Revenue Service also may be determined and assessed after the thirty-six month limitation if:

(a) except as provided in item (b), in the case of income, estate, and generation skipping transfer taxes, the taxes are assessed before one hundred eighty days after the department receives notice from the taxpayer of a final determination of a tax adjustment made by the Internal Revenue Service; or

(b) in the case of individual income tax returns described in subitem (4)(c) below, the taxes are assessed before one hundred eighty days after the department receives notice of the tax adjustment from the Internal Revenue Service or the taxpayer, whichever occurs first.

(2) A person, including a pass-through entity, who conducts a trade or business, other than a trade or business of being an employee, shall notify the department in writing of all changes in taxable income reported to the Internal Revenue Service when the taxable income is changed by the Internal Revenue Service. Notification to the department must be made before one hundred eighty days after a final determination of a tax adjustment is made by the Internal Revenue Service.

(3) Notwithstanding a restriction on filing a claim for refund provided in subsection (F), a person may file a claim for refund resulting from an overpayment due to changes in taxable income made by the Internal Revenue Service, if the claim for refund is filed no later than one hundred eighty days after the date a final determination of a tax adjustment is made by the Internal Revenue Service. The refund described in this subsection applies only to the overpayment of taxes resulting from adjustments of the Internal Revenue Service.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.


Exhibit "B"

(4) For the purposes of this subsection (D):

(a) the date the Internal Revenue Service makes a final determination of a tax adjustment is the federal assessment date;

(b) underpayments and overpayments resulting from adjustments of the Internal Revenue Service include both the year for which the adjustments were made and other tax years affected by the adjustments; and

(c) the individual income tax returns referred to in subitem (D)(1)(b) are those individual income tax returns that do not include income, deductions, or credits from a trade or business, other than the trade or business of being an employee.

(E) A tax may not be collected by levy, warrant for distraint, or proceedings in court, unless the:

(1) levy, warrant for distraint, or proceedings in court were begun within ten years after the assessment of the tax;

(2) taxpayer has agreed to extend this period; or

(3) running of this period is suspended in accordance with this section.

For property tax purposes, the "assessment of the tax" occurs on the later of the last day the tax may be paid without penalty or the date of the tax notice.

(F)(1) Except as provided in subsection (D), claims for credit or refund must be filed within three years from the time the return was filed, or two years from the date the tax was paid, whichever is later. If no return was filed, a claim for credit or refund must be filed within two years from the date the tax was paid. A credit or refund may not be made after the expiration of the period of limitation prescribed in this item for the filing of a claim for credit or refund, unless the claim for credit or refund is filed by the taxpayer or determined to be due by the department within that period.

(2) If the claim was filed by the taxpayer during the three-year period prescribed in item (1), the amount of the credit or refund may not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to three years plus the period of any extension of time for filing the return.

(3) If the claim was not filed within the three-year period, the amount of the credit or refund may not exceed the portion of the tax paid during the two years immediately preceding the filing of the claim.

(4) If no claim was filed, the credit or refund may not exceed the amount which would be allowable under item (2) or (3), as the case may be, as if a claim were filed on the date the credit or refund is allowed.

(5) For the purposes of this subsection:

(a) A return filed before the last day prescribed for the filing is considered as filed on the last day. Payment of any portion of the tax made before the last day prescribed for the payment of the tax is considered made on the last day. The last day prescribed for filing the return or paying the tax must be determined without regard to any extension of time.

(b) Any tax actually withheld at the source in respect of the recipient of income, is considered to have been paid by the recipient on the last day prescribed for filing his return for the taxable year, determined without regard to any extension of time for filing the return, with respect to which the taxpayer would be allowed a credit for the amount withheld.

(c) Any amount paid as estimated income tax for any taxable year is considered to have been paid on the last day prescribed for filing the return for the taxable year, determined without regard to any extension of time for filing the return.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(6) In the case of an individual, the running of the period specified in this subsection is suspended for a period of the individual's life during which he is financially disabled. For purposes of this item, an individual is financially disabled if he is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of not less than twelve months. An individual must not be treated as financially disabled for a period during which his spouse or another person is authorized to act on his behalf in financial matters. An individual must not be considered financially disabled unless the following statements are submitted as part of the claim for credit or refund:

(a) a written statement signed by a physician qualified to make the determination that provides the:

(i) name and a brief description of the physical or mental impairment;

(ii) physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing his financial affairs;

(iii) physician's medical opinion that the taxpayer's physical or mental impairment resulted in, or is expected to result in, death, or that it has lasted, or is expected to last, for a continuous period of not less than twelve months; and (iv) specific time period during which the taxpayer was prevented by the physical or mental impairment from managing his financial affairs, to the best of the physician's knowledge; and

(b) a written statement by the taxpayer or the person signing the claim for credit or refund that the person, including the taxpayer's spouse, was not authorized to act on his behalf in financial matters for the period during which he was unable to manage his own financial affairs. Alternatively, if a person was authorized to act on the taxpayer's behalf in financial matters during part of that period of disability, the statement must contain the beginning and ending dates of the period of time the person was authorized; and

(c) other information the department may require.

The department, in its discretion, may adopt a determination made by the Internal Revenue Service with respect to an individual, and may follow rules issued by the Internal Revenue Service or Department of Treasury with regard to interpreting Internal Revenue Code Section 6511(h).

(G) The running of the period of limitations provided in subsections (A), (B), (C), (D), and (E) of this section is suspended:

(1) for ninety days after the date the taxpayer gives notice of termination of a waiver or extension of the assessment period;

(2) for ninety days after the date of a proposed assessment, property tax assessment notice, or tax notice;

(3) from the date of a proposed assessment, property tax assessment notice, or tax notice, until ninety days after a decision becomes final, if a taxpayer protests the proposed assessment, property tax assessment notice, or tax notice;

(4) from the date when an action is stayed by injunction, order of a court, or statutory prohibition, until ninety days after the injunction or prohibition is lifted; and

(5) during the pendency of a stay ordered by the Taxpayers' Rights Advocate.

HISTORY: 1995 Act No. 60, § 4D(1); 1996 Act No. 456, § 5; 1997 Act No. 86, § 1; 1998 Act No. 386, § 3; 1998 Act No. 442, § 4D; 1999 Act No. 114, § 3.

HISTORY: Amended by 2000 Act No. 399, §§ 3(U)(1) and (2), eff August 17, 2000; 2001 Act No. 89, §§ 33, 34, eff July 20, 2001, applicable to tax periods beginning after December 31, 1997.

<General Materials (GM) - References, Annotations, or Tables>

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CODE COMMISSIONER'S NOTE

At the direction of the Code Commissioner, the undesignated subsection added by 2001 Act No. 89, § 33 is not included because the substance is incorporated into subsection (F)(6) as amended by 2001 Act No. 89, § 34.

EDITOR'S NOTE

2005 Act No. 17, § 2, provides as follows:

"This act takes effect upon approval by the Governor and applies for property tax years beginning after 2001. The time limitations provided in Section 12-54-85(F) of the 1976 Code do not apply for purposes of computing refunds pursuant to Section 12-37-220(B)(7) of the 1976 Code as amended in this act."

EFFECT OF AMENDMENT

The 2000 amendment, in subsection (B), designated item (1) and rewrote the provision, and added item (2); in subsection (C), deleted former item (1) and renumbered subsequent items; and rewrote subsection (D), dividing it into paragraphs.

The 2001 amendment amended subsection (F) by adding paragraph (6).

CROSS REFERENCES

Extending time of assessment due to filing of appeal, see § 12-60-450.

Taxpayer cannot be considered to have prevailed on the merits in a lawsuit if the taxpayer did not file a claim for refund within the period covered in this section, see § 12-60-480.

Suspension of statute of limitations when taxpayer requests a contested case hearing for appeal of proposed assessment in a timely manner, see § 12-60-510.

Suspension of statute of limitations when taxpayer requests a contested case hearing for license suspension, cancellation, or revocation in a timely manner, see § 12-60-1330.

Suspension of statute of limitations during the process of a contested case hearing before the Administrative Law Judge Division, see § 12-60-2130.

Refund of property taxes paid subject to time limitations set forth in this section, see § 12-60-2150.

Refund of money erroneously or illegally collected from taxpayer under a mistake of fact or law is subject to limitations set forth in this section, see § 12-60-2150.

As to suspension of statute of limitations during the process of a property tax assessment appeal before the Administrative Law Judge Division, see § 12-60-2540.

Refund of money to taxpayer as a result of property tax assessment appeal is subject to limitations set forth in this section, see § 12-60-2560.

As to suspension of statute of limitations during the appeal of a personal property tax assessment or a homestead exemption denial brought before the Administrative Law Judge Division, see § 12-60-2920.

Refund of money to taxpayer as a result of adjustment in personal property tax assessment or homestead exemption status is subject to limitations set forth in this section, see § 12-60-2940.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

SC ST S 12-54-85                                                                                              Page 5

LIBRARY REFERENCES

Taxation ⚷ 1081, 1314.
WESTLAW Topic No. 371.
C.J.S. Taxation §§ 1104(2), 1246.

LAW REVIEW AND JOURNAL COMMENTARIES

[Federal] Income tax statute of limitations: Sixty years of mitigation-- Enough already!! 51 SC L Rev 62, Fall 1999.

Code 1976 § 12-54-85, SC ST § 12-54-85

Current through End of 2005 Reg. Sess.

COPYRIGHT © 2005 BY THE STATE OF SOUTH CAROLINA

END OF DOCUMENT