**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-03817-3F1 |
| WINN DIXIE STORES, INC. et al | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**MOTION TO ALLOW LATE FILED CLAIM**

WILLIAM KNIGHTS (Knights), by and through his undersigned counsel, hereby files this Motion to Allow Late Filed Claim and in support thereof states as follows:

1. On February 21, 2005, Winn-Dixie Stores, Inc., together with its affiliates (the "Debtors") filed a voluntary petition for protection under Chapter 11 of the U.S. Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.

2. By Order entered by that Court dated April 13, 2005, venue for all successive actions in the case was transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

3. The Notice of Deadline Requiring Filing of Proofs of Claim was entered in May, 2005, setting a bar date.

4. On September 7, 2002, Knights was a customer in Winn Dixie store #01-2228-015, Ocala, Florida. Mr. Knights was shopping for a few groceries, completed his purchase and paid for it. Upon exiting the store with his single bag, the alarm went off. A manager followed him, grabbed the bag and, in the process, swung Mr. Knights around and wrenched his back. Mr. Knights has suffered back injuries from this incident.

5. On November 18, 2002, Sedgwick Claims Management Services, Inc. sent correspondence to Knights requesting that he contact them regarding the incident. On May 13, 2003, Sedgwick was notified of the undersigned's representation of Knights.

6. Knights received no notice of Debtors' Chapter 11 filing. A subsequent review of Debtors' schedules shows that Knights is not listed as a Creditor.

7. Knights seeks entry of an Order allowing his claim, attached hereto as Exhibit A, as timely filed in the Debtors' bankruptcy case.

8. Rule 3003(c), Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), provides that this Court "for cause shown may extend the time within which proofs of claim or interest may be filed."

9. The doctrine of "excusable neglect" under Bankruptcy Rule 9006(b)(1) provides for the allowance of late filed claims in Chapter 11 filings. See *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 113 S.Ct. 1489, 507 U.S. 380, 123 L.Ed.2d 74 (1993) (creditors' failure to timely file proof of claim was result of excusable neglect, warranting allowance of late claim); see also *In re: Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). The determination of what constitutes excusable neglect is "an equitable one, taking into account all relevant circumstances, including (1) the danger of prejudice to the Debtors, (2) the length of the delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Harrell*, 326 B.R. 634, 646 (Bankr. M.D. Fla. 2005).

10. The delay in filing Knights' claim falls within the purview of excusable neglect. Knights failed to file a proof of claim simply because it had received no notice from

the Court of Debtors' Chapter 11 filing. Knights was not included in any of the Debtors' schedules.

11. Allowance of Knights' claim will not materially prejudice the Debtors nor impact this bankruptcy case. As the Debtors insurance claim management company was aware of the incident between the Winn Dixie manager and Knights, the Debtors cannot claim ignorance or surprise as to the existence of Knights' personal injury claim. Moreover, this Court should weigh the fact that the Debtors have not filed a disclosure and plan of reorganization to date. Given the size of the Debtors and the multitude of creditors, Knights' claim represents a small fraction of the amount of claim scheduled and filed in this bankruptcy case. It is unlikely that the Debtors' reorganization strategy will be significantly affected if Knights' claim is allowed.

12. In conclusion, this Court should find that circumstances surrounding the filing of Knights' claim constitute excusable neglect. Knights' claim should be allowed as timely filed.

WHEREFORE, WILLIAM KNIGHTS respectfully requests that this Court enter an Order:

1. Allowing Knights' claim as a late filed claim in the bankruptcy case of the Debtors; and

2. Granting such other and further relief as this Court deems appropriate under the circumstances.

Dated this _____ day of May, 2006.

                                                BLANCHARD, MERRIAM,
                                                ADEL & KIRKLAND, P.A.

By _/s/ Melissa H. Andrade____
Melissa H. Andrade, Esquire
Attorneys for William Knights
Florida Bar No.: 671169
Post Office Box 1869
Ocala, Florida 34478
(352) 732-7218

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to JAMES H. POST, Esquire, SMITH, HULSEY & BUSEY, Attorneys for Debtors, 1800 Wachovia Bank Tower, 255 Water Street, Jacksonville, Florida 32202; Logan & Co. Inc., Claims Agent, 546 Valley Road, Upper Montclair NJ 07043; and Kerry Ledbetter, GL Examiner III, Sedgwick Claims Management Services, Inc., Post Office Box 24787, Jacksonville, Florida 32241-4787this ____ day of May, 2006.

BLANCHARD, MERRIAM,
ADEL & KIRKLAND, P.A.

By _/s/ Melissa H. Andrade____
Melissa H. Andrade, Esquire
Attorneys for William Knights
Florida Bar No.: 671169
Post Office Box 1869
Ocala, Florida 34478
(352) 732-7218