UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                             CASE NO.: 05-03817-JAF
                                                                   (*Jointly Administered*)
WINN DIXIE STORES, et al.
                                                                   CHAPTER 11
             Debtors.
_____/

**OBJECTION TO DEBTORS' MOTION FOR ORDER APPROVING
TERMINATION AGREEMENT AND MOTION TO CONTINUE HEARING THEREON**

The MORRIS TRACT CORP., a Florida corporation ("Morris"), THE WILLISTON HIGHLANDS DEVELOPMENT CORP., a Florida corporation ("Williston"), and THE MORRIS TRACT CORP., doing business as NEWPORT PARTNERS, doing business as PARTNERSHIP/NEWPORT MOTEL (the "Newport Partners")(collectively, Morris, Williston, and the Newport Partners shall be referred to herein as the "Newport Partners"), by and through their undersigned counsel, file their Objection to Debtors' Motion for Order Approving Termination Agreement and Motion to Continue Hearing Thereon, and in support state:

1.    On February 21, 2005, Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (the "Debtors") filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code.  The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Court has jurisdiction over the underlying matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  The underlying matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.    Pre-petition, the Debtors were operating a grocery store in the property owned by the Newport Partners located at 3275 Coral Way, Miami, Florida ("Store 251").

CASE NO.: 05-03817-JAF

4. On or about May 24, 2006, the Debtors filed its Motion for Order Approving Termination Agreement (CP# 8061) (the "Motion"), which was electronically docketed as "Motion for Approval of Termination Agreement (Store No. 276) Filed by Cynthia C. Jackson on behalf of Debtor Winn-Dixie Stores, Inc."

5. A Notice of Hearing was also electronically filed and served, which was docketed as "Notice of Hearing re the Debtors' Motion for Order Approving Termination Agreement (Store No. 276) Filed by Cynthia C. Jackson on behalf of Debtor Winn-Dixie Stores, Inc (related document(s)[8061]). Hearing scheduled for 6/1/2006 at 01:00 PM at Jacksonville, FL - 300 North Hogan St. 4th Floor Courtroom 4D. (Jackson, Cynthia)" (the "Notice").

6. The Motion and Notice provide for an objection deadline of May 31, 2006 at 4:00 p.m.

7. Pursuant to the Certificate of Service of the Motion (CP# 8076), the Newport Partners were served as follows via mail at "The Morris Tract Corp., c/o Antonio Rodriguez, Registered Agent, 2601 Biscayne Boulevard, Miami, Florida 33137." The Newport Partners received the Motion and Notice of Hearing on May 30, 2006 and forwarded to undersigned counsel this afternoon.

8. In a case this voluminous, undersigned counsel relies upon the docket entries as it is unreasonable for counsel for a party to a single piece of property to review each and every pleading filed in this case. The docket entry refers to Store 276, but is silent as to Store 251. However, the Motion seems to attempt to abridge the rights of the Newport Partners, the owners of the Property from which the Debtors operate Store 251.

9. Debtors' counsel clearly understood the issue and therefore mailed a separate copy

CASE NO.: 05-03817-JAF

of the Motion directly to the Newport Partners as the Motion affects Store 251. However, the Motion and the Notice was not received by the Newport Partners until May 30, 2006.

10. Furthermore, the Motion does not attach the Lease Termination, Surrender of Premises and Reciprocal Easement Agreement (the "Agreement"), for which the Debtors seek approval.

11. Inasmuch as the Agreement is not attached to the Motion, it is impossible to complete an appropriate analysis.

12. The Motion claims that the Agreement provides that "(i) the Landlord[1] and WD Stores will terminate the lease, (ii) WD Stores will surrender the Leased Premises to the Landlord, (iii) the Landlord will enter into a new lease for the Leased Premises with Staples, (iv) WD Stores and Staples will provide reciprocal parking easements on the shared parking area between the Leased Premises, WD Stores' Store No. 251, and (v) WD Stores and Staples will not transfer or assign their respective lease of Store Nos. 251 and 276 to any third party who will operate the stores under a competing use."

13. The Debtors commenced adversary proceeding, Adv. Case No. 05-00317-JAF, against the Newport Partners and the Newport Partners have filed their counterclaim, both relative to Store 251 (Adv. Case No. 05-00317-JAF, CP# 1). If the Newport Partners are successful in the Adversary, the Debtors will not have lease to assume.

14. The Newport Partners do not object to the terms as outlined in (i) through (iii).

15. As to (iv), the Newport Partners object to WD Stores providing reciprocal parking

---

[1] All capitalized terms shall be defined as set forth in the Motion.

CASE NO.: 05-03817-JAF

easements on a shared parking area between the Leased Premises and Store 251 owned by the Newport Partners, for the following reasons:

    a.    As set forth in its Motion for Partial Summary Judgment (pending in Adv. Case No. 05-00317-JAF, CP# 20), it is the Newport Partners' position that there is no lease for Store 251 with WD Stores and as such WD Stores has no parking easement and cannot grant reciprocal parking easements to Staples.

    b.    In the event the Newport Partners prevail in the litigation in pending in Adv. Case No. 05-00317-JAF, either by summary judgment or otherwise, and this Court determines that there is no lease to be assumed regarding Store 251, than entering an Order approving the Agreement could cause the Debtors to suffer liability with respect to Staples.

    c.    Additionally, this Court should not enter an order impacting the rights of the Newport Partners which is not a party to the Agreement.

16. As to (v), the Newport Partners object to WD Stores ability to restrict the use of an adjacent property when WD Stores' legal right to occupy Store 251 do not exist.

17. Unless the Newport Partners have the opportunity to review the Agreement and the Court determines whether WD Stores has a lease regarding Store 251, the Agreement should not be approved.

18. The Newport Partners request this Court to enter an Order continuing the hearing on the Motion until such time as 1) the Agreement is provided and the Newport Partners have sufficient time to review it; and 2) the Court determines whether WD Stores has a lease to Store 251 to assume.

WHEREFORE, the Newport Partners request the Court to enter an Order 1) continuing the

CASE NO.: 05-03817-JAF

hearing on the Motion until such time as 1) the Agreement is provided and the Newport Partners have sufficient time to review it; and 2) the Court determines whether WD Stores has a lease to Store 251 to assume, or denying the Motion, and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished electronically upon all parties on the attached service list on the 31st day of May, 2006:

| | |
|---|---|
| Cynthia C. Jackson, Esq. | David J. Baker, Esq. |
| Smith Hulsey & Busey | Skadden Arps Slate Meagher & Flom, LLP |
| 225 Water Street, Suite 1800 | Four Times Square |
| Jacksonville, FL 32201 | New York, NY 10036 |
| Via email: cjackson@smithhulsey.com | Via email: djbaker@skadden.com |

MELAND, RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Suite 3000
Miami, FL 33131
Phone: (305)358-6363
Fax: (305)358-1221

By:   /s/ Peter D. Russin
         PETER D. RUSSIN
         Fla. Bar No. 765902
         prussin@melandrussin.com

Attorneys for the Newport Partners