UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                CASE NO.: 3:05-bk-03817-JAF

                                      CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

   Debtors.          Jointly Administered

---

RESPONSE OF CROWDER FAMILY JOINT VENTURE
TO DEBTORS' ELEVENTH OMNIBUS OBJECTION TO
(A) NO LIABILITY CLAIMS, (B) NO LIABILITY
MISCLASSIFIED CLAIMS AND (C) MISCLASSIFIED CLAIMS

Crowder Family Joint Venture ("Crowder"), by and through its undersigned counsel, responds to the Debtors' Eleventh Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims (the "Objection") and states as follows:

1. On May 10, 2005, Crowder timely filed a proof of claim in the amount of $14,683.16, a copy of which is attached hereto as Exhibit "A". The proof of claim is identified as claim no. 1222.

2. On or about May 16, 2006, the Debtors filed the Objection. Crowder's proof of claim is subject to the Objection as a result of being identified in Exhibit "A" of the Objection.

3. In Exhibit "A" of the Objection, the Debtors allege that their books and records reflect no amount due to Crowder, rather than the $14,683.16 listed on Crowder's proof of claim. The Debtors allege that in connection with the closing of the sale of the lease to Kaye Food Companies, they paid cure costs of $14,683.16 to Crowder for 2005 real property taxes, and no other amount is due.

4. Crowder acknowledges receipt of $14,683.16 from the Debtors which represents the amount owed for real property taxes. However, Crowder disputes the allegation that "no other amount is due."

5. Crowder is filing this response for the purpose of renewing its objection to the Debtors' continued assertions that no other cure amounts are owed to Crowder. This Court should not construe the Objection in a manner that legitimizes the Debtors' assertions of no liability for other cure amounts owed to Crowder.

6. Crowder reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this ___ day of June, 2006.

        HELD & ISRAEL

        By: _____
        Kimberly Held Israel, Esquire
        Florida Bar #47287
        Adam N. Frisch, Esquire
        Florida Bar #635308
        1301 Riverplace Blvd., Suite 1916
        Jacksonville, Florida 32207
        (904) 398-7038 Telephone
        (904) 398-4283 Facsimile

        And

        Douglas C. Noble, MS Bar No. 10526
        PHELPS DUNBAR LLP
        111 East Capitol, Suite 600
        Post Office Box 23066
        Jackson, Mississippi 39225-3066
        Telephone: (601) 352-2300
        Facsimile:  (601) 360-9777