# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| WINN-DIXIE STORES, INC., et al., | * | Case No. 05-03817-3F1 |
| | * | |
| Debtors. | * | (Jointly Administered) |
| | * | |

### GEORGIA DEPARTMENT OF REVENUE'S
### RESPONSE TO DEBTORS' TWELFTH OMNIBUS OBJECTION
### TO (A) OVERSTATED CLAIMS, (B) OVERSTATED MISCLASSIFIED
### CLAIMS, AND (C) NO LIABILITY MISCLASSIFIED CLAIMS

COMES NOW the Georgia Department of Revenue, by and through counsel, Thurbert E. Baker, Attorney General for the State of Georgia, and responds to the Debtors' Twelfth Omnibus Objection to Overstated Claims filed in the above case as follows:

The Debtors seek to reduce claim number 4437 filed by the Georgia Department of Revenue. The Department has filed claim number 4437 against Winn Dixie Procurement, Inc. ("Winn-Dixie") for unpaid sales and use taxes, withholding taxes, and corporate income taxes in the total amount of $55,174.34. The Department has reviewed the Debtors' Objection and determined that its claim is accurately filed. The bulk of the Department's claim is estimated as the records of the Department indicate that the Debtor failed to file its July through December of 2000, January of 2001 through April of 2001, May of 2002, and February of 2005 sales and use taxes and its June of 2000 through August of 2000 withholding taxes. Until the above returns are provided, the Department is unable to determine the actual tax liability of Winn-Dixie for these periods. Therefore,

until the applicable returns are provided, the Department contends that its claim against Winn-Dixie should be allowed as estimated for the above sales and use taxes and withholding taxes.

Pursuant to O.C.G.A. § 48-8-49(a), dealers are required to file sales and use tax returns and remit sales and use tax payments on or before the twentieth day of the following month. If a dealer fails to timely pay its outstanding sales and use tax liability, the dealer's vendor's compensation deduction shall be disallowed. O.C.G.A. § 48-8-50(b). In addition, if a dealer fails to file and pay its sales and use tax liability in a timely fashion "a penalty to be added to the tax in the amount of 5 percent or $5.00, whichever is greater, if the failure is for not more than 30 days and an additional 5 percent or $5.00, whichever is greater, for each additional 30 days or fraction of 30 days during which the failure continues." O.C.G.A. § 48-8-66. Further, O.C.G.A. § 48-2-40 provides that "taxes owed the state … shall bear interest at 1 percent per month from the date the tax is due until the date the tax is paid."

Similarly, pursuant to O.C.G.A. § 48-7-103(b), employers are required to file withholding tax returns and remit withholding tax payments on or before the fifteenth day of the following month. If a dealer fails to file and pay its withholding tax liability in a timely fashion "there shall be assessed a penalty of $25.00 against any employer for each such failure plus 5 percent of the amount of the tax if the failure is for not more than one month and an additional 5 percent for each additional month." O.C.G.A. § 48-7-126(c). Further O.C.G.A. § 48-2-40 provides that "taxes owed the state … shall bear interest at 1 percent per month from the date the tax is due until the date the tax is paid." See O.C.G.A. §48-7-126(e).

The Department's proof of claim also consists of a claim for sales and use taxes and withholding taxes based upon the Debtor's filed returns. The Debtor's April of 2003 sales and use tax return indicates a tax liability of $5,683.88. However, the Debtor remitted only $5,671.88 to the Department leaving an unpaid tax balance of $12.00. In addition, the Debtor's filed July of 2003 withholding tax return indicates a withholding tax liability of $2,331.31. Although a return was filed, the records of the Department indicate that the Debtor did not remit payment of the outstanding liability.

Finally, the Department's proof of claim includes liabilities for unpaid corporate income taxes. Although the Debtor does not contest the priority portion of the Department's claim of corporate income taxes, the Debtor indicates that it "protests" the penalty portion of the Department's claim. O.C.G.A. § 48-7-57(a) provides in pertinent part that "[i]n case of failure to file an income tax return on the date prescribed for the filing … there shall be added to the amount of tax required to be shown on the return 5 percent of the amount of tax if the failure is for not more than one month with an additional 5 percent for each additional month." As the Debtor's corporate income tax returns were filed late, the imposition of the penalties is statutorily mandated.

WHEREFORE, the Georgia Department of Revenue respectfully requests that its claim number 4437 be allowed as filed and that it be granted such other and further relief as this Court deems just and proper.

This __2nd__ day of June, 2006.

                                    Respectfully submitted,

                                    THURBERT E. BAKER      033887
                                    Attorney General

        DANIEL M. FORMBY    269350
        Deputy Attorney General

        /s/ John B. Ballard, Jr.
        JOHN B. BALLARD, JR.    035550
        Senior Assistant Attorney General

        /s/ Oscar B. Fears, III
        OSCAR B. FEARS, III    257020
        Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Oscar B. Fears, III
40 Capitol Square, SW
Atlanta, Georgia 30334
Ga. Bar No. 25020
Telephone: (404) 656-3303
Facsimile: (404) 657-3239
Counsel for the Georgia Department of Revenue

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a copy of the foregoing GEORGIA DEPARTMENT OF REVENUE'S RESPONSE TO DEBTORS' TWELFTH OMNIBUS OBJECTION TO (A) OVERSTATED CLAIMS, (B) OVERSTATED MISCLASSIFIED CLAIMS AND (C) NO LIABILITY MISCLASSIFIED CLAIMS upon:

>D.J. Baker, Esq.
>Skadden, Arps, Slate, Meagher & Flom
>Four Times Square
>New York, New York 10036
>
>James H. Post, Esq.
>Smith Hulsey & Busey
>225 Water Street, Suite 1800
>Jacksonville, Florida 32202

by placing the same into the United States mail with adequate, first-class postage placed thereon.

This __2nd__ day of June, 2006.

/s/ Oscar B. Fears, III
OSCAR B. FEARS, III
Assistant Attorney General