Hearing Date: June 15, 2006, 1:00p.m.
Objection Deadline: June 5, 2006 at 4:00 p.m. (E.T.)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**KENTUCKY TAXING AUTHORITIES' OBJECTION TO DEBTORS'
MOTION FOR ORDER (A) AUTHORIZING WINN-DIXIE LOGISTICS,
INC. TO SELL LOUISVILLE WAREHOUSE FACILITY AND RELATED
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS
AND (B) GRANTING RELATED RELIEF**

The Kentucky Taxing Authorities (KTA) object to the Debtors' Motion for Order to Sell the Louisville Warehouse Facility and Related Assets Free and Clear of Liens, Claims, and Interests and Granting Related Relief, and in support thereof, respectfully state as follows:

On February 21, 2005, Winn-Dixie Stores, Inc., and twenty-three of its subsidiaries and affiliates filed a petition for relief under Chapter 11 of the Bankruptcy Code thereby initiating this bankruptcy case.

Jefferson is a County of the Commonwealth of Kentucky, duly organized and existing under and pursuant to the laws of the Commonwealth of Kentucky. Debtors operated the Louisville warehouse facility to supply its Kentucky grocery stores. Since the petition date, Debtors have left the Kentucky market.

Debtors filed a motion with this court to sell the Louisville warehouse facility and assets free and clear of liens, claims, and interests on May 26, 2006.

According to their motion, Debtors received three offers, including the offer by Seay Properties, LLC, the Purchaser, for $3,750,000. Debtors state that their assets are more fully described in the Facility Purchase Agreement. (Exhibit A ¶ 6) In their motion Debtors seek to transfer assets "free and clear of any liens, claims, interests and encumbrances other than the Permitted Encumbrances, as defined in the Facility Agreement." (Exhibit A ¶ 8 (c)) In paragraph 18 Debtors again request that the sale of assets be approved free and clear of any liens, claims or interests. Finally, in paragraph 19 "the Debtors believe that with the exception of the Permitted Encumbrances (as defined in the Facility Agreement), there are no interests in or claims against the Assets other than the interest of Wachovia Bank . . ."

In the Facility Purchase Agreement under Defined Terms the excluded personal property "will mean all items of furniture, furnishings and office computers and related equipment, and other tangible and intangible personal property." (Exhibit A ¶ 1.14) In Paragraph 2, Assets, "Seller agrees to grant, bargain, sell and convey to Buyer, . . ., the following real property interests (collectively, the "Assets"), free and clear of any and all claim and interests (other than Permitted Encumbrances). . ."

In paragraph 9 of the Facility Purchase Agreement, entitled Closing, Debtors mention ad valorem taxes. (Exhibit A ¶ 9.6 and 9.7) Paragraph 9.6 provides in relevant part:

> All 2006 ad valorem taxes will be prorated between Seller and Buyer as of midnight immediately preceding the Closing Date. The proration will be based on estimates using 2005 tax amounts with the earliest payment discounts, if any. **All 2005 and all prior ad valorem taxes will be paid prior to Closing**. . . . Buyer will be responsible for payment of 2006 ad valorem taxes when the same become due and payable.

(emphasis added)

Exhibit B is the Debtors' Schedule of Permitted Encumbrances. Paragraph 1 provides "[t]axes and assessments for the year **2006** and subsequent years, which are not yet due and payable." No mention is made by Debtors of delinquent property taxes.

KTA's first objection relates to the 2005 property taxes which are due on these two parcels of real estate and accompanying assets which Debtors have requested this Court for authorization to sell free and clear of all liens, claims and interests. KTA has statutory liens on both the real and personal property of the Debtors for delinquent property taxes for the 2005 tax year.[1] These liens can not be defeated by gift, devise, sale, alienation, or any means and attaches to all property owned or subsequently acquired by the Debtors.

Debtors state in their motion that this warehouse facility and assets will be sold free and clear of liens, claims and interests "other than the Permitted Encumbrances" listed in Exhibit B to the Facility Purchase Agreement. The only mention of taxes in Exhibit B are to the **2006 and subsequent years**. (¶ 1.) The prior year taxes due for 2005, although mentioned in paragraph 9.6 of the Facility Agreement, are not listed in the Permitted Encumbrances. In paragraph 9.6 of the Facility Agreement all prior ad valorem taxes are to be **paid prior to closing**.

The KTA object if Debtors are attempting to defeat payment of delinquent ad valorem taxes. The Facility Purchase Agreement provides for payment of all 2005 and prior taxes before the closing. Debtors should be required to pay their delinquent taxes prior to closing the sale of the warehouse facility.

---

[1] KRS 134.420

3

KTA's second objection concerns the corrected description of the property to be sold as contained in the Amendment to Facility Purchase Agreement. The last paragraph states that this is only a "portion of the same property conveyed to Winn-Dixie Charlotte Transitory 'B', Inc., a Florida corporation, . . . said deed having been re-recorded on August 25, 2000, in Deed 7503, Page 160 . . ." The KTA cannot determine from the description provided that the two parcels, 83D00720000 (located at 720 Locust Lane and consisting of 12.21 acres) and 83D00740000 (located at 3010 Preston Hwy and consisting of 0.43 acres), are the two parcels being requested to be sold by Debtors.

By responding to Debtors' motion, the KTA are not waiving any defenses they may have, including sovereign immunity.

The KTA respectfully reserve the right to amend and supplement their objection as necessary.

The KTA respectfully requests, if the hearing scheduled for June 15, 2006 is one of substance, that they be allowed to participate in the hearing by telephonic means for reasons of efficiency and costs savings.

WHEREFORE, the KTA respectfully requests this Court to:

1. Require Debtors to pay their delinquent real and personal property tax liabilities to KTA prior to closing the sale of the Louisville warehouse facility or not grant authorization to sell this facility;

2. Require Debtors to advise the KTA concerning the description of the property to be sold;

4

3. Grant the KTA their costs and fees incurred in the defense of Debtors' objection and motion; and

4. Grant such further relief as this Court deems proper.

                    Respectfully submitted,

*/s/Susan F. Stivers*
Susan F. Stivers
Kentucky Bar No. 81386
Attorney for Finance & Administration Cabinet
Department of Revenue
P.O. Box 5222
Frankfort, Kentucky  40602-5222
Ofc:  (502) 564-4921 ext 4445
Fax:  (502) 564-7348
susan.stivers@ky.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Kentucky Taxing Authorities Response To Debtors' Motion for Order (A) Authorizing Winn-Dixie Logistics, Inc. to Sell Louisville Warehouse Facility and Related Assets Free and Clear of Liens, Claims, and Interests and (B) Granting Related Relief will be served electronically by the court's CM/ECF System on the date filed on the 2nd day of June, 2006, on the parties whose names are listed below:

                    *s/Susan F. Stivers*
                    Susan F. Stivers
                    Department of Revenue

Copies to be served on:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699
Debtors

D.J. Baker
Skadden, Arps, Slate, Meager
& Flom LLP
Four Times Square
New York, NY  10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street Suite 1800
Jacksonville, FL  32202

Co-counsel for Debtors

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
Creditor Committee

Elena L. Escamilla
135 W Central Blvd. Ste 620
Orlando, FL  32806
U.S. Trustee's Office