Hearing Date: June 15, 2006, 1:00 p.m. (E.T.)
Objection Deadline: June 5, 2006, 4:00 p.m. (E.T.)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

### DEBTORS' MOTION FOR AUTHORITY TO REJECT NON-RESIDENTIAL REAL PROPERTY LEASES, TO ESTABLISH BAR DATE FOR ANY REJECTION DAMAGE CLAIMS AND FOR RELATED RELIEF (DEERWOOD PROPERTY)

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. § 365(a), authorizing the Debtors to reject two non-residential real property leases, and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for the leases (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.   On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.     The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

4.     Since the Petition Date, the Debtors have established a reduced footprint by their sale or closure of approximately 350 stores.

### The Leases

5.     The Debtors lease two buildings in Jacksonville's Deerwood area (at 7595 and 7596 Centurion Parkway) as part of their headquarters operations (the "Deerwood Property").  The Deerwood Property is leased by the Debtors under (i) a lease dated March 1, 2003, between Winn-Dixie Stores, Inc. ("WD Stores") and Koger Equity, Inc. and (ii) a lease dated May 15, 2003, between WD Stores and Watch Holdings, LLC (collectively, the "Leases").

6.     The Debtors have decided to consolidate their business operations into their headquarters office on Edgewood Court in Jacksonville.  Rejection of the Leases will save the Debtors administrative costs, including rent, taxes,

insurance premiums, and other charges under the Leases in an amount of over $1,200,000 a year.

7.  This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8.  The statutory predicates for the relief requested in the Motion are Section 365(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

## Relief Requested

9.  By this Motion, the Debtors seek an order of the Court, (i) pursuant to Section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Leases effective as of June 15, 2006, and (ii) establishing a bar date for any of the applicable landlords to file any rejection damage claim arising in connection with the Leases.

## Basis for Relief

10. Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re Hardie*, 100 B.R. 284, 285 (Bankr. E.D.N.C.

3

1989); *In re Gunter Hotel Assocs.*, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11. The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *Sundial Asphalt Co. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co.*), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Kong*, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. *See In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. *Pubelo Chem, Inc. v. III Enters. Inc. V*, 169 B.R. 551 (E.D. Pa. 1994); *In re Hardie*, 100 B.R. at 287.

12. The Debtors' business judgment supports rejection of the Leases. The Debtors have decided to consolidate their business operations into their Edgewood headquarters office. The Debtors' rejection of the Leases will result in savings in excess of $1,200,000 a year for the Debtors.

## **Rejection Damages**

13.     Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the landlord for either of the Leases to file a proof of claim for any rejection damages at 30 days after entry of an order approving the Motion.

## **Notice**

14.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the affected landlords of the Leases.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) authorizing the Debtors to reject the Leases as of June 15, 2006; (ii) establishing a deadline for either of the landlords to file a rejection damage claim in connection with the Leases; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: June 2, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br>    D. J. Baker <br>    Sally McDonald Henry <br>    Rosalie Walker Gray | By  *s/ Cynthia C. Jackson*  <br>    Stephen D. Busey <br>    James H. Post <br>    Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**EXHIBIT A**

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER AUTHORIZING DEBTORS TO REJECT LEASES,
ESTABLISHING REJECTION DAMAGE CLAIM BAR DATE AND
GRANTING RELATED RELIEF (DEERWOOD PROPERTY)**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject two non-residential real property leases of buildings located in Jacksonville, Florida (collectively, the "Leases") and, pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure., establishing a deadline by which the applicable landlords must file any claims for rejection damages under the Leases (the "Motion"). The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Leases pursuant to 11 U.S.C. § 365(a). The Leases are rejected effective June 15, 2006.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

8

3. The applicable landlords must file any claims resulting from the rejection of the Leases, if any, no later than thirty (30) days after entry of this Order.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the applicable landlords, whether or not related to the Leases.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated June _____, 2006, in Jacksonville, Florida.

                                        Jerry A. Funk
                                        United States Bankruptcy Judge

00530923