**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 05-bk-3817 |
| | : | |
| WINN-DIXIE STORES, INC., et al. | : | Chapter 11 |
| | : | |

**OBJECTION OF HAMILTON COUNTY OHIO TO DEBTOR'S SECOND OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES**

Now comes the Hamilton County, Ohio Prosecutor, as Attorney for the Hamilton County Treasurer, and objects to the Debtor's Second Omnibus Objection to tax claims and to its motion for an order determining tax liabilities.

Ohio taxes personal property used for business purposes, and it is these taxes which Debtor is attempting to avoid.  The County Treasurer is charged with collecting the personal property taxes at issue. In paragraph 8 of its motion the Debtor asks this court to adopt a revised value of Winn Dixies's property, in three states, for the years 2004 and 2005.  In paragraphs10 through 12 Debtor states it has retained Assessment Technologies Ltd. to determine the true value of Winn Dixie's personal property in these states.

Hamilton County Ohio objects to this motion for the following reasons:

1. In Ohio the value of the personal property to be taxed is provided by the tax payer.  In the case at bar Winn-Dixie, or one of its subsidiaries, provided Ohio with the values.  Who better to determine the value of a piece of personal property than the owner?

2.  From 2002 through 2004 Winn Dixies operated eleven grocery stores in Hamilton

County, Ohio. During that period the Company did not file one complaint alleging its personal property was overvalued. Now, in one year, it claims fourteen significant errors. This defies credibility.

    3. The debtor has failed to provide a specific, fact based methodology in arriving at its values. Winn Dixie attached ATL's review process to its motion. In it ATL states the "tax assessments are based on the Tax Authorities' determination of the taxable value of such property." This is not accurate. Winn Dixie's Ohio personal property tax is based on the value of the property given to Ohio by Winn Dixie. ATL goes on to say that, based on the value derived from sales of similar assets in recent transaction it believes the property is overvalued. However, ATL gives no specifics of sales. Rather, ATL simply makes a conclusory statement with no factual backup. ATL then states that its valuation is based on the values of personal property "across the east and southeast portions of the United States." Hamilton County Ohio is not in the east or southeast portion of the country. From Hamilton County's standpoint it appears that Winn Dixie's creditors took over management of the company, retained a "hired gun" to careen through the south and southeastern United States to "determine" that the value of Winn Dixie's personal property was overstated. This was done so that the bond holders could enrich themselves at the expense of 800,000 Hamilton County residents.

    4. Despite its disclaimers, Winn Dixies is seeking a tax refund. Calling a refund an "off set" does not make it one. The debtor cites *United States of America v. Kearns,* 177 F.3d. 706 (8th Cir. 1999) as its source. In *Kearns* the debtor embezzled money from a trust in 1989. In 1990 the theft was discovered and Kearns made restitution. The IRS argued the embezzled money was unreported

income in 1989. Kearns agreed. However Kearns also argued that he was entitled to a deduction in 1990 for the restitution. The Court agreed with Kearns ruling that he was entitled to a deduction in 1990. As a cash basis tax payer Kearns was entitled to the deduction in the year he made restitution. In short in *Kearns* the Court was deciding the appropriateness of a deduction in the year in which the restitution was made. Mr. Kearns did not get an off-set in 1990 for what happened in other years. He simply received a deduction in 1990 because he made restitution in 1990.

5. The State of Ohio permits taxpayers to contest the value of personal property used in business for two years after the valuation was put in place. If Winn Dixie believes its 2004 valuations are high it has until the second Monday in August of 2006 to contest the issue with the Ohio Tax Commissioner.

**WHEREFORE,** having responded to Winn Dixie's motion, this responding creditor asks the Court to deny the same.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ James S. Ginocchio
James S. Ginocchio, 0008236
Assistant Prosecuting Attorney
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202
DDN: (513) 946-3115
FAX: (513) 946-3018

## **CERTIFICATE OF SERVICE**

  I certify that a copy of the Objection of Hamilton County, Ohio to Debtor's Second Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities and attached Affidavit in Case No. 05-bk-3817 was served by U.S. mail and electronic mail this 5th day of June, 2006 on the following:

| | |
|---|---|
| D.J. Baker | Cynthia C. Jackson |
| Skadden, Arps, Slate, Meagher & From LLP | Smith Hulsey & Busey |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| djbaker@skadden.com | cjackson@smithhulsey.com |

      /s/ James S. Ginocchio
      James S. Ginocchio, 0008236
      Assistant Prosecuting Attorney

