IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case no. 05-03817-3F1 |
| WINN DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |

RESPONSE BY THE TENNESSEE DEPARTMENT OF REVENUE TO
DEBTORS' ELEVENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS,
(B) NO LIABILITY MISCLASSIFIED CLAIMS AND (C) MISCLASSIFIED CLAIMS

The Tennessee Attorney General, Paul G. Summers, through undersigned counsel, on behalf of the Tennessee Department of Revenue (the "Department"), now files this Response to Debtors' Eleventh Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims (Docket No. 7854). In defense of its claims, the Department would show the Court as follows:

1. The Debtors have objected to Claim no. 222, in the amount of $1,357,808.90, filed in Case no. 05-03817. The Debtors have objected on the grounds that (1) their books and records show no liability to the Department; (2) the claim is not supported by adequate documentation; (3) the claim is based on an audit that the Debtors protested; (4) the assessed amounts are estimated without any legal basis; and (5) the three year statute of limitations period has run and was not waived by the Debtors.

2. The Department responds to each of Debtors' objections to Claim no. 222, in the amount of $1,357,808.90, as follows:

(A)     The Department's books and records show that the full claim amount is due and payable;

(B)     The claim is supported by adequate documentation.  The proof of claim is accompanied by six pages of summary documentation noting the Debtor against whose estate the claim is submitted, the type(s) of taxes and the period(s) for which they are due, the penalties, if any, that have been assessed, and the interest that has accrued.

(C)     The claim is for taxes based on an audit.  The audit was completed on November 26, 2003, and the results were sent to Debtors on December 14, 2003.  The Debtors have disputed the audit's results, and the dispute is still pending.  According to the Department's auditor in charge of this case, John W. Tidwell, the Debtors' Tax Manager, Julie Pendleton, has been in contact with him and has sent him documentation on May 1 and 3, 2006.  The Department is in the process of reviewing this new documentation.  While the Department is completing its review, the taxes are still due and payable.  It would be premature to disallow the claim prior to the resolution of the audit dispute.

(D)     The legal basis to support the claim is Tennessee Code Annotated §§ 67-6-202, 67-6-228, and 67-6-502.  The entity responsible for these taxes is identified by the Federal Tax Identification Number 56-1041775, and it is unclear to the Department whether this entity has been dissolved or folded into another Winn Dixie entity.  Consequently, the Department has filed a proof of claim for these taxes in the lead case.

(E)     There is no three year statute of limitation with respect to this claim.  This is not a priority claim for income taxes under 11 U.S.C. § 507(a)(8)(A).  This is a claim for sales and use taxes which the Debtors were required to collect on behalf of the Department, *see*

Tennessee Code Annotated § 67-6-502, and this claim is entitled to priority under 11 U.S.C. § 507(a)(8)(C).

3.  The Debtors have objected to Claim no. 11681, in the amount of $450.76, filed in Case no. 05-03819. The Debtors have objected on the grounds that (1) their books and records show no liability to the Department; (2) the basis for the claim is unknown; and (3) the claim is not supported by adequate documentation. Upon inspection of the Department's records, the Department agrees that the tax return(s) for the periods contained in the claim have been filed and the resulting taxes have been paid. Consequently, the Department has no objection to disallowing Claim no. 11681 in the amount of $450.76 on the grounds that the Debtors' books and records show no liability to the Department for the tax periods contained in the claim.

4.  The Debtors have objected to Claim no. 11683, in the amount of $216,412.59, filed in Case no. 05-03839. This is a claim for administrative expenses. The Debtors have objected on the grounds that (1) their books and records show no liability to the Department; (2) the claim is not supported by adequate documentation; (3) the claim seeks postpetition taxes; and (4) the Debtors filed returns showing that a refund is due. Upon inspection of the Department's records, the Department agrees that the tax return(s) for the period contained in the claim have been filed and the resulting taxes have been paid. Consequently, the Department has no objection to disallowing Claim no. 11683 in the amount of $216,412.59 on the grounds that the Debtors' books and records show no liability to the Department for the tax periods contained in the claim. The Department concedes that the tax returns filed for the periods contained in the claim show that Debtors are entitled to a refund.

5.      The Debtors have objected to Claim no. 11684, in the amount of $1,629,967.51, filed in Case no. 05-03837. The Debtors object on the grounds that (1) their books and records show no liability to the Department; (2) the claim is based on an audit which the Debtors have protested; and (3) the claim is not supported by adequate documentation.

6.      The Department responds to each of Debtors' objections to Claim no. 11684, in the amount of $1,629,967.51, as follows:

(A)     The Department's books and records show that there is tax liability due and payable to the Department. Since the proof of claim was filed, Debtors have filed one franchise/excise privilege tax return for the 2004-2005 tax period, reducing the taxes owed to approximately $1,606,789.52. The Department will file an amended claim.

(B)     The claim is for taxes based on an audit. The audit was completed on November 26,2003, and the results were sent to Debtors on December 14, 2003. According to the Department's auditor in charge of this case, John W. Tidwell, the Debtors' Tax Manager, Julie Pendleton, has been in contact with him and has sent him documentation on May 1 and 3, 2006. The Department is in the process of reviewing this new documentation. While the Department is completing its review, it would be premature to disallow the claim prior to the resolution of the audit dispute.

(C)     The claim is supported by adequate documentation. The proof of claim is accompanied by nine pages of summary documentation noting the Debtor against whose estate the claim is submitted, the type(s) of taxes and the period(s) for which they are due, the penalties, if any, that have been assessed, and the interest that has accrued.

7. The Debtors have objected to Claim no. 12826, in the amount of $1,594,727.83, filed in Case no. 05-03839. The Debtors object on the grounds that (1) their books and records show no liability to the Department; (2) sales taxes have been assessed without a legal basis and the three year statute of limitation period has run; (3) with respect to the franchise/excise privilege taxes, Debtors have filed a return showing they are entitled to a refund; and (4) this claim is misclassified as a secured claim.

8. The Department responds to each of Debtors' objections to Claim no. 12826, in the amount of $1,594,727.83, as follows:

(A) The Department's books and records show that there is tax liability due and payable to the Department. Since the proof of claim was filed, Debtors have filed one franchise/excise privilege tax return for the 2004-2005 tax period, reducing the taxes owed to approximately $1,500,977.83. The Department will file an amended claim.

(B) The legal basis for the assessment of sales taxes against the Debtors is Tennessee Code Annotated §§ 67-6-202, 67-6-228, and 67-6-502. The entity responsible for these taxes is identified by the Federal Tax Identification Number 59-3264623, and it is unclear to the Department whether this entity has been dissolved or folded into another Winn Dixie entity. Consequently, the Department has filed a proof of claim for these taxes in the Winn Dixie Raleigh, Inc., bankruptcy case. In response to the statute of limitation objection, there is no three year statute of limitation with respect to this claim. This is not a priority claim for income taxes under 11 U.S.C. § 507(a)(8)(A). This is a claim for sales and use taxes which the Debtors were required to collect on behalf of the Department, *see* Tennessee Code Annotated § 67-6-502, and this claim is entitled to

priority under 11 U.S.C. § 507(a)(8)(C).  This claim is also a secured claim.  *See* (D) *below*.

(C)     With respect to the franchise and excise privilege tax portion of the claim, the Department concedes that Debtors have filed a tax returns for the tax period contained in the claim showing that they are entitled to a refund.

(D)     The claim is properly classified as a secured claim.  Pursuant to Tennessee Code Annotated § 67-1-1403, a lien exists in favor of the State for unpaid taxes, and is perfected upon being registered in the county or counties in which the taxpayer's business(es) is located.  Notices of State Tax Liens were registered against Winn Dixie Raleigh, Inc., on January 24, 2004, in Carter, Montgomery, Hawkins, and Sullivan Counties in Tennessee.

For the foregoing reasons, the Department submits that Debtors' objections to the above claims should be overruled.

        Respectfully Submitted,

        PAUL G. SUMMERS
        Tennessee Attorney General

         /s/Gill R. Geldreich
        GILL R. GELDREICH (TN BPR 020775)
        Assistant Attorney General
        P.O. Box 20207
        Nashville, TN 37202
        (615) 532-2546
        Fax: (615) 741-3334

                                        Attorney for the Department

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2006, a true and correct copy of the foregoing document was placed in United States mail, first class postage prepaid, addressed to the following party, who was also served by electronic mail:

D.J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

                                        /s/Gill R. Geldreich
                                        GILL R. GELDREICH