UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 3:05-bk-03817-JAF |
| | ) | |
| WINN-DIXIE STORES, INC., et al. | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered |

### DON F. BRADFORD AND WENDY L. BRADFORD'S RESPONSE TO DEBTOR'S ELEVENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITYMISCLASSIFIED CLAIMS, AND (C) MISCLASSIFIED CLAIMS

DON F. BRADFORD and WENDY L. BRADFORD, ("Bradford") through counsel, hereby respond to the Debtors' Eleventh Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims and would show the Court as follows:

1. Creditor Bradford timely filed its Proof of Claim in the amount of $1,382,194.24 (Claim No. 12846). The basis of Bradford's Claim was clearly stated in the Proof of Claim to be Rejection Damages.

2. Debtors' Eleventh Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims proposes disallowance of Bradford's claim on the following basis "No Liability Per Debtor's Books and Records."

3. The stated grounds for Debtors' proposed disallowance to Bradford's claim is not specific enough to join issues. It is unclear whether the Debtor is taking the position that it had no lease with Bradford, or whether the Debtor is taking the position that even if it had a lease with Bradford its books and records do not reflect that Bradford could have rejection damages.

4. It is not fathomable that the Debtors are taking the position that their books and records would or should reflect the 'rejection damages' sought. The "Breakdown of Rejection Damages" attached to the Proof of Claim filed by Bradford clearly describes damages which would not, under any circumstances be expected to appear on the Debtors' books and records. Indeed, by definition, rejection damages. "[A] rejection creates a breach of a lease deemed to occur immediately before the petition date, thereby giving rise to a general unsecured claim for rejection damages."; *Stewart Foods, Inc. v. Broecker (In re Stewart Foods, Inc.)*, 64 F.3d 141, 144 (4th Cir.1995); In re Mirant Corp., 318 B.R. 377, (Bankr., N.D. Tex., 2004).

5. The Debtors leased store number 2197 from James and Carolyn Sell.

6. The Debtors subleased the store to the Bradfords.

7. The rejection of both the Lease with James and Carolyn Sell and the Sublease with Bradford was allowed by Order entered December 8, 2005.

8. Under the terms of the Lease between Debtors and James and Carolyn Sell, the Debtors were required to pay the real property taxes and the insurance on the building which was store 2197.

9. The Sublease between the Debtors and Bradford required the Debtors to pay the real property taxes and the insurance on the building.

10. After the rejection of the Lease between the Debtors and James and Carolyn Sell, the Debtors were unable to give Bradford quiet possession of the property which was store 2197.

11. Bradford has been required to attempt to negotiate the terms of a lease directly with James and Carolyn Sell.

12. James and Carolyn Sell have taken the position that Bradford must pay the real property taxes and insurance. If Bradford is required to pay the real property taxes and insurance, those costs would be in addition to the costs Bradford was required to pay the Debtors for possession of the property which was store 2197.

13. Bradford and the Sells have litigation currently pending in the Chancery Court for Washington County, Tennessee, seeking, *inter alia*, a determination with respect to the dispute over the payment of the real property taxes and insurance.

14. Bradford's claim against Debtors is based on the damages flowing from the additional costs which Bradford will have to pay for possession in the event he is required to pay the real property taxes and insurance as a condition to remaining in possession of the property which was store 2197.

15. Rejection Damages are statutorily recognized. §502(g)(1) provides:

> "A claim arising from the rejection...of an...unexpired lease of the debtor that has not been assumed shall be determined, and shall be allowed under subsection (a), (b) or (c) of this section or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition."

16. The Debtors have not asserted any basis under subsection (d) or (e) of §502 for their proposed disallowance of the claim. Neither subsection (d) or (e) permit disallowance based on the fact the absence of such liability from the books and records of the Debtors.

17. This Response is filed by Rick J. Bearfield, counsel for Bradford, pursuant to Local Rule 2090-1(c), which provides:

> Any attorney residing outside the State of Florida, who is a member in good standing of the bar of any District Court of the United States other than the Middle District of Florida, may appear specially and be heard in any case or proceeding without formal or general admission; provided, however, such privilege is not abused by frequent or regular appearances in separate cases to such a degree as to constitute the maintenance of a regular practice of law in the Middle District of Florida; and provided further that, whenever a nonresident attorney appears as counsel by filing any pleading or paper in any case or proceeding pending in the Court…the attorney shall, within ten (10) days thereafter, file a written designation and consent-to-act on the part of some member of the bar of the Middle District, resident in Florida…

18. Counsel for Bradford has filed a Motion to Waive the Requirement of Local Counsel pursuant to Rule 2090-1. If such Motion is not granted, counsel for Bradford will comply with the Local Rule 2090-1 by filing the required written designation and consent-to-act.

WHEREFORE, Bradford prays:

1. That the Court enter an Order denying, as to Bradford, the relief requested in the Debtors' Eleventh Omnibus Objection to (A) No Liability Claims, (B) No Liability Misclassified Claims and (C) Misclassified Claims;

2. For such other and further relief as to the Court may seem proper.

[signature appears on following page]

_____
RICK J. BEARFIELD, Attorney for
DON R. BRADFORD AND WENDY L.
BRADFORD
P.O. BOX 4210 CRS
WESLEY PLAZA, SUITE 1
2513 WESLEY STREET
JOHNSON CITY, TENNESSEE 37602
(423) 282-1006 (PH)
(423) 282-3081 (FAX)
rjbearfield@bearmc.com
TN BPR #010370

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 5th day of June, 2006, Don F. Bradford And Wendy L. Bradford's Response To Debtor's Eleventh Omnibus Objection To (A) No Liability Claims, (B) No Liability Misclassified Claims, and (C) Misclassified Claims was electronically filed with the Clerk of the Court by using the CM/ECF system, and that a copy of same was electronically served by the Court's CM/ECF system or by first class U.S. mail to the parties shown on the attached list.

The undersigned further certifies that he served a copy of the foregoing Don F. Bradford And Wendy L. Bradford's Response To Debtor's Eleventh Omnibus Objection To (A) No Liability Claims, (B) No Liability Misclassified Claims, and (C) Misclassified Claims on Debtors' Attorneys via e-mail as follows:

Skadden, Arps, Slate, Meagher & Flom LLP
Attn: D.J. Baker
Four Times Square
New York, New York 10036
djbaker@skadden.com

and via facsimile at 917-777-2150.

_____
RICK J. BEARFIELD, Attorney for

Adam Ravin, Esq.
Skadden Arps Slate
Meagher & Flom, LLP
Four Times Square
New York, NY 10036
*(Counsel for Debtors)*

D. J. Baker, Esq.
Skadden Arps Slate
Meagher & Flom, LLP
Four Times Square
New York, NY 10036
*(Counsel for Debtors)*

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201
*(Counsel for Debtors)*

Elena L. Escamilla, Esq.
United States Trustee – JAX
135 W. Central Blvd., Suite 620
Orlando, FL 32801

Dennis F. Dunne, Esq.
Milbank Tweed Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005
*(Counsel for Unsecured Creditors' Comm.)*

John B. MacDonald, Esq.
Akerman Senterfitt
50 North Laura Street
Suite 2500
Jacksonville, FL 32202
*(Counsel for Unsecured Creditors' Comm.)*

Thomas R. Califano, Esq.
DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020-1104
*(Counsel for Ad Hoc Trade Committee)*

Mark J. Friedman, Esq.
DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209
*(Counsel for Ad Hoc Trade Committee)*

Philip V. Martino, Esq.
DLA Piper Rudnick Gray Cary US LLP
101 East Kennedy Boulevard, Suite 2000
Tampa, FL 33602-5149
*(Counsel for Ad Hoc Trade Committee)*