UNITED STATES BANKRUPTCY DISTRICT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Winn-Dixie Stores, Inc., et al., ) | Case No. 05-03817-3F1 |
| ) | |
| Debtors. ) | Response of North Carolina |
| ) | Tax Collectors and Counties |
| ) | Catawba, Cumberland, Forsyth |
| ) | Gaston, Lee, Lincoln, Person, Wake, |
| _____ ) | Wilkes |

### RESPONSE TO THE DEBTOR'S SECOND OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

Now come the North Carolina Counties of Catawba County, Cumberland County, Forsyth County, Gaston County, Lee County, Lincoln County, Person County, Wake County, Wilkes County responding to the Second Omnibus Objection to Tax Claims and also respond to the Motion for Order Determining Tax Liabilities, and, in support thereof, claimants show the Court:

### Responses
(by corresponding numbered paragraph)

1. Admitted, upon information and belief.

2. Admitted

3. Admitted, with the qualification that it is denied that this is a core proceeding.

4. Admitted, with the qualification that the statutes do not support the relief requested.

5. Admitted, upon information and belief.

6. These claimants have no knowledge as to these allegations and therefore deny the same.

7. Admitted.

8. Denied, with the qualification that the Motion speaks for itself.

9. Denied.

10. Admitted, upon information and belief.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied, with the qualification that Bankruptcy Code Section 505 is correctly set forth in part.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted, upon information and belief.

21. Admitted, upon information and belief.

22. Denied.

23. Denied.

24. Denied.

25. No response required.

26. No response required.

27. No response required.

28. No response required.

29. No response required.

30. No response required.

31. No response required.

32. The North Carolina system of property taxation may be generally described as follows. The appraised value and ownership of all Background property is determined as of January 1 of each year. The lien for taxes attaches to the taxpayer's real estate on that date. Real property is subject to a general reappraisal at least every eight years; except in certain statutory instances, its value remains constant between appraisals. Personal property is self-listed by the taxpayer during January of each year. See N.C.G.S. § 105-304 et seq. Once listed, business personal property is appraised based on information furnished by the taxpayer and cost and depreciation schedules furnished by the State of North Carolina. Once appraised, the Taxpayer is notified of the value. The appraised value may then be appealed to a Board of Equalization and Review. If not timely appealed, the value is deemed to be correct. The tax rate is set as of July 1, and applied to property at its appraised value as of the previous January 1. The Respondents' assessments and appraisals of the Debtor's property were just and correct under the law.

### First Affirmative Defense

33. As a further defense, your Respondents allege that by self-listing personal property and accepting the states' schedules (which are uniformly applied), the Debtors are estopped and have waived their right to contest the value of their property.

### Second Affirmative Defense

34. As a further defense, your Respondents alleged that if not properly appealed, the Debtors have failed to exhaust their administrative remedies, and are estopped to now contest the value of their property.

### Third Affirmative Defense

35. Ad valorem tax assessments are presumed to be correct, see e.g. In re: Interstate Income Fund I, 126 N.C. 162, 484 S.E. 2d 450 (1997), and the North Carolina courts have previously rejected the argument that the owner's financial difficulty or bankruptcy is a proper reason to lower the value of property. In re. Phoenix Ltd. Partnership 134 N.C. App 474, 517 S.E. 2d 903 (1999)

### Fourth Affirmative Defense

36. To the extent that the Debtors rely on national or regional enterprise value, that calculation is irrelevant to the property tax value of the Debtor's property located in each of Respondent Counties.

### Fifth Affirmative Defense

37. By delaying to the present time to contest the values and failing to avail themselves of their administrative remedies, while Respondents set county budgets and provided services based on the established values of the Debtor's property, the Debtors are guilty of laches.

### Sixth Affirmative Defense

38. In most cases, the Debtors paid the 2004 taxes, and the Respondents plead the Debtor's voluntary payment of the 2004 taxes as a waiver in bar of the Debtor's motion.

### Seventh Affirmative Defense

39. As a further and affirmative defense, this court should abstain or declare to exercise discretionary jurisdiction under Section 505 due to the complexity of this matter, the multiplicity of Respondents and factual issues, the need for uniformity in local taxation and the prejudice to the Respondents.

## Eighth Affirmative Defense

40. As a further and affirmative defense, the Respondents allege that the Debtors are seeking an improper refund of taxes paid without compliance with Section 505 (a)(2)(B), and state law, which bar the Debtors' request.

## Ninth Affirmative Defense

41. As a further and affirmative defense, Respondents allege that the tax collector lacks the statutory authority to revise the assessments, and so the Debtors motion seeks relief which can not be granted.

Wherefore, the North Carolina Counties of Catawba, Cumberland, Forsyth, Gaston, Lee Lincoln, Person, Wake, Wilkes pray that the Debtors' motion be denied, that their proofs of claim be allowed as filed, and that they have such other and further relief as to the Court may seem just and proper.

This the 2nd day of June, 2006.

/s/ Robert E. Price
Robert E. Price, Jr.
N.C. Bar No. 9422

/s/ David B. Ferebee
David B. Ferebee
Florida Bar No. 347620
Local Counsel
P.O. Box 1746
Jacksonville, FLA 32201
Tel 904 358 - 7001
Fax 904 353 - 2756
ferebeeatlaw@bellsouth.net

OF COUNSEL:

PRICE LAW OFFICE
1144 West Fourth Street
Winston-Salem, N.C. 27101
Telephone: 336.724.7030
Facsimile: 336.724.7047

UNITED STATES BANKRUPTCY DISTRICT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    )
                                          )
Winn-Dixie Stores, Inc., et al.,          )      Case No. 05-03817-3F1
                                          )
Debtors.                                  )
                                          )      CERTIFICATE OF SERVICE
                                          )
                                          )
_____)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the **Response of North Carolina Tax Collectors and Counties Catawba, Cumberland, Forsyth, Gaston, Lee, Lincoln, Person, Wake, Wilkes** filed in the above captioned case was duly served on the parties listed below by depositing said copy of the United States Mail, Winston-Salem, North Carolina, first class, postage fully prepaid and addressed as follows:

Mr. David B. Ferebee, Esq.            D.J. Baker
503 East Monroe Street                Four Times Square
Jacksonville, FL 32202                New York, New York 10036

Cynthia C. Jackson
225 Water Street, Suite 1800
Jacksonville, Florida 32202

AND on June 5, 2006 the foregoing was presented to the Clerk for uploading to cm/ecf. DH.

This 2nd day of June, 2006.

_____
Robert E. Price, Jr.
Attorney at Law

OF COUNSEL:

PRICE LAW OFFICE
1144 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 724-7030
Facsimile:  (336) 724-7047