FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT | Middle District of Florida | |
|---|---|---|
| Name of Debtor: Winn-Dixie Raleigh, Inc. | Case Number: 05-03839-3F1 | DEBTOR WINN - DIXIE STORES, INC. US BANKRUPTCY COURT M D -FLORIDA JOINTLY ADMINISTERED UNDER CASE 05-03817 (3F1) CHAPTER 11 |

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**Chester Dix Newman Corporation** 2137

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**CLAIM NO.: 11900**

Name and address where notices should be sent:
c/o Lawrence Kadish Real Estate
PO Box 40
Westbury, New York 11590

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Telephone number:

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
**Store #2709**

Check here if this claim ☐ replaces ☒ amends a previously filed claim, dated. **July 26, 2005**

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☒ Other  **Obligation arising under Lease Agreemen**

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, Salaries and compensations (Fill out below)
   Your SS #: ___ ___ ___
   Unpaid compensation for services performed
   from _____ to _____
   (date)        (date)

2. **Date debt was incurred:** 12/02/1988

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:**   $ **3,496,062.13**
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right to setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral:  $ **0.00**
   Amount of arrearage and other charges at time case filed included in secured claim, if any:  $ **0.00**

6. **Unsecured Priority Claim.**
   ☒ Check this box if you have an unsecured priority claim
   Amount entitled to priority   $ **40,188.57**
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,650), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
   ☒ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)   (postpetition obligations)
   *Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
8. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
2005 OCT 10 AM 10: 36
U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA
LOGAN & COMPANY, INC. AS AGENT

Date: **10/5/2005**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
**Lawrence Kadish, Vice President**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                         CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,               Chapter 11
     Debtors.[1]

---

**Debtor: Winn-Dixie Raleigh, Inc.**          Case No. 05-03839-3F1

**Attachment to Proof of claim - Chester Dix Newman Corp.
Leased Property: 3121 Hwy 34 East, Newnan, GA**

On December 2, 1996, Chester Dix Newman Corp., (hereinafter referred to as "Chester Dix") as Landlord and Winn-Dixie Atlanta, Inc. as Tenant entered into a certain Lease Agreement for commercial property located at the address referenced above. The term of the lease commenced on December 31, 1996 and was to end on December 31, 2016 (the "Initial Term"). Winn-Dixie Atlanta, Inc., or its successor, subleased the Leased Property to Save Rite Store. Winn Dixie remains liable to Chester Dix under the terms of the Lease Agreement.

During the Initial Term, Winn Dixie is required to pay $338,381 per annum, payable in equal quarterly installments in the amount of $84,595.25 on the first day of January, April, June and September of each calendar year ("Basic Rent"). As of the Petition Date, Save Rite was current in remitting payments to Chester Dix. There are, however, certain obligations which continue to accrue, but for which payment is not yet due and payable. Moreover, Winn-Dixie has guaranteed all obligations assumed under the Lease Agreement. The Lease is an absolute net lease, pursuant to which the Chester Dix received all rents free of any expense related to the

Leased Property.

On September 14, 2005, the Debtors filed a Notice of Rejection of Unexpired Lease. Arrangements for the surrendered of the keys are still being made. The effective date of the lease rejection is October 10, 2005. The amounts due Chester Dix are as follows:

**General Unsecured Claim:**

| | | |
|---|---:|---:|
| (A) Pre-Petition Arrears | | |
|     (i) RE taxes (1/1/05-2/22/05) = | | $ 6,924.06 |
| | | |
| (B) Basic Rent Rejection Damages | | |
|     1.628625 years X annual rent 349,047 = | | $ 551,094.97 |
| | | |
| (C) Additional Rent Rejection Damages (Annual Estimates): | | |
|     (i) Real Estate (based on 2005 RE Taxes) | 48,601.60 | |
|     (ii) Casualty, fire and property and liability insurance | 26,990.40 | |
|     (ii) Common Area Maintenance, repair and utilities | 24,741.20 | |
| | 100,332.60 | |
|     1.628625 years X $ 100,332.60 (Total Annual Addl. Rent) | | $ 163,404.18 |
| | | |
| (D) Deferred maintenance, including HVAC, lighting | | |
|     interior building restoration and miscellaneous | | $ 609,393.00 |
| | | |
| (E) Liquidated Damages Clause (pages 28-29 of lease )(est.) | | $2,125,057.35 |
| | | |
| (F) Administrative Post Petition Claim | | |
|     (i) 10 days Rent from 10/01/05 quarterly installments | 9,562.90 | |
|     (ii) RE taxes (2/23/05-10/10/05) | 30,625.67 | |
| | 40,188.57 | $ 40,188.57 |
| | Total Claim | $ 3,496,062.13 |

A copy of the Lease Agreement is attached to the original proof of claim.

**Chester Dix reserves the right to amend, supplement or modify this Proof of Claim as deemed necessary.**

229744 1 111909 0005

FORM B10 (Official Form 10) (4/98)

| UNITED STATES BANKRUPTCY COURT | Middle District of Florida | |
|---|---|---|
| **Name of Debtor** Winn-Dixie Stores, Inc. | **Case Number** 05-03817 | DEBTOR WINN - DIXIE STORES, INC. U S BANKRUPTCY COURT M D -FLORIDA JOINTLY ADMINISTERED UNDER CASE 05-03817 (3F1) CHAPTER 11 **CLAIM NO.: 11901** |

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
Chester-Dix Newman Corp.   2137

**Name and address where notices should be sent:**
c/o Lawrence Kadish Real Estate
PO Box 40
Westbury, New York 11590

Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court

THIS SPACE IS FOR COURT USE ONLY

**Account or other number by which creditor identifies debtor:**
Store No. 2709

Check here
if this claim ☐ replaces
☑ amends  a previously filed claim, dated:  **July 28, 2005**

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☐ Personal injury/wrongful death
   ☐ Taxes
   ☑ Other  **Guaranty of Lease Obligations**

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, Salaries and compensations (Fill out below)
   Your SS # ___ ___ ___
   Unpaid compensation for services performed
   from _____ to _____
         (date)          (date)

2. **Date debt was incurred:** 12/02/1998

3. **If court judgment, date obtained:**

4. **Total Amount of Claim at Time Case Filed:** $ 3,496,062.13
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. **Secured Claim.**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle
   ☐ Other _____
   Value of Collateral: $ 0.00
   Amount of arrearage and other charges _at time case filed_ included in secured claim, if any: $ 0.00

6. **Unsecured Priority Claim.**
   ☑ Check this box if you have an unsecured priority claim
   Amount entitled to priority  $ 40,188.57
   Specify the priority of the claim:
   ☐ Wages, salaries, or commissions (up to $4,650), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
   ☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
   ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(8).
   ☑ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)  (post-petition accrued expenses).
   *Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** _Attach copies of supporting documents_, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

RECEIVED
2005 OCT 10 AM 10:37
U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
LOGAN & COMPANY, INC. AS AGENT

**Date**  10/5/2005
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Charles Kadish, Vice President

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                           CASE NO.: 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                 Chapter 11
    Debtors.[1]

---

**Debtor: Winn-Dixie Stores, Inc.    Case No. 05-03817-3F1**

**Attachment to Amended Proof of claim - Chester Dix Newman Corp.
Leased Property: 3121 Hwy 34 East, Newnan, GA**

On December 2, 1996, Chester Dix Newman Corp., (hereinafter referred to as "Chester Dix") as Landlord and Winn-Dixie Atlanta, Inc. as Tenant entered into a certain Lease Agreement for commercial property located at the address referenced above. The term of the lease commenced on December 31, 1996 and was to end on December 31, 2016 (the "Initial Term"). Winn-Dixie Stores, Inc., (hereinafter referred to as "Winn-Dixie") guaranteed payment of all the obligations of the Tenant incurred under the Lease Agreement. Winn-Dixie Atlanta, Inc., or its successor, subleased the Leased Property to Save Rite Store. Nonetheless, Winn Dixie remains liable to Chester Dix under the terms of the Guaranty.

During the Initial Term, Winn Dixie was required to pay $338,381 per annum, payable in equal quarterly installments in the amount of $84,595.25 on the first day of January, April, June and September of each calendar year ("Basic Rent"). As of the Petition Date, Save Rite was current in remitting payments to Chester Dix. There were, however, certain obligations which continued to accrue, but for which payment was not yet due and payable. Moreover, Winn-Dixie

guaranteed all obligations assumed under the Lease Agreement. The Lease is an absolute net lease, pursuant to which the Chester Dix received all rents free of any expense related to the Leased Property.

On September 14, 2005, the Debtors filed a Notice of Rejection of Unexpired Lease. Arrangements for the surrendered of the keys are still being made. The effective date of the lease rejection is October 10, 2005. The amounts due Chester Dix are as follows:

**General Unsecured Claim:**

(A) Pre-Petition Arrears
    (i) RE taxes (1/1/05-2/22/05)  =  $ 6,924.06

(B) Basic Rent Rejection Damages
    1.628625 years X annual rent  349,047 =  $ 551,094.97

(C) Additional Rent Rejection Damages (Annual Estimates):
    (i) Real Estate (based on 2005 RE Taxes)    48,601.60
    (ii) Casualty, fire and property and liability insurance    26,990.40
    (ii) Common Area Maintenance, repair and utilities    24,741.20
            100,332.60
    1.628625 years X $ 100,332.60 (Total Annual Addl. Rent)    $ 163,404.18

(D) Deferred maintenance, including HVAC, lighting
    interior building restoration and miscellaneous    $ 609,393.00

(E) Liquidated Damages Clause (pages 28-29 of lease)(est.)    $2,125,057.35

(F) Administrative Post Petition Claim
    (i) 10 days Rent from 10/01/05 quarterly installments    9,562.90
    (ii) RE taxes (2/23/05-10/10/05)    30,625.67
            40,188.57    $ 40,188.57

            Total Claim    $ 3,496,062.13

A copy of the Lease Agreement and Guaranty are attached to the original Proof of Claim.

The Report of Property Condition Assessment is attached hereto.

**Chester Dix reserves the right to amend, supplement or modify this Proof of Claim as deemed necessary.**

238674 1 111909 0005