UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) ) ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) ) | CASE NO. 05-03817-3F1 |
| Debtors. | ) ) ) ) | CHAPTER 11 JOINTLY ADMINISTERED |

**RESPONSE OF NEW PLAN EXCEL REALTY TRUST, INC., AND WD ROUTE 3, LP TO DEBTORS' ELEVENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS (B) NO LIABILITY MISCLASSIFIED CLAIMS AND (C) MISCLASSIFIED CLAIMS**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

NEW PLAN EXCEL REALTY TRUST, INC. ("New Plan"), and WD ROUTE 3, LP ("WD") by their undersigned attorneys, make this Response to Debtors' Eleventh Omnibus Objection to (A) No Liability Claims (B) No Liability Misclassified Claims and (C) Misclassified Claims (the "Objection") and in support thereof aver:

1. New Plan and WD are the owners or agents for the owners of various shopping centers in which Debtors operate or previously operated retail stores pursuant to written leases (each a "Lease" and collectively the "Leases"). All of New Plan's and WD's Leases are leases of premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). New Plan and WD are hereinafter sometimes collectively referred to as "Objecting Landlords".

2. By the Objection, Debtors seek to disallow the following claims:

| Claim # | Landlord |
|---|---|
| 10288 | New Plan (Sweetwater Village) |
| 10289 | New Plan (St. Elmo's Central) |
| 10291 | New Plan (Cloverdale Village) |
| 10300 | New Plan (Normandy Square) |
| 10314 | WD Route 3 |
| 12198 | New Plan (Habersham) |
| 12199 | New Plan (Habersham) |
| 12200 | New Plan (Clinton Crossing) |

3. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides, at Subsection (f):

> **Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.

### Claim #10288 - New Plan (Sweetwater Village)

4. Debtors object to the claim filed on behalf of Sweetwater in the amount of $27,967.44 alleging that the Lease was sold to All American Quality Foods, Inc. with all charges being paid in connection with closing. New Plan acknowledges that the Lease was, indeed, sold and that payments were made on account of the cure claim filed by New Plan. However, New Plan's books and records indicate that there is an additional $2,157.67 still owing and due on account of 2004 additional real estate taxes. (See Exhibit "A"). Accordingly, New Plan would agreed to the reduction of its claim to the amount of $2,157.67 rather than the disallowance of said claim.

### Claim #10289 - New Plan (St. Elmo's Central)

5. Debtors object to the claim filed on behalf of St. Elmo's in the amount of $109,378.71 alleging that the Lease was sold to Bi-Lo LLC with all charges being paid in connection with closing. New Plan acknowledges that the Lease was, indeed, sold and that payments were made on account of the cure claim filed by New Plan. However, New Plan's books and records indicate that there is an additional $336.14 still owing and due on account of 2001 real estate tax reconciliation. (See Exhibit "B"). Accordingly, New Plan would agreed to the reduction of its claim to the amount of $336.14 rather than the disallowance of said claim.

### Claim #10291 - New Plan (Cloverdale Village)

6. Debtors object to the claim filed on behalf of Cloverdale Village in the amount of $17,591.62 alleging that the Lease was sold to Southern Family Markets of Florence Cox Creek Parkway LLC with all charges being paid in connection with closing. New Plan acknowledges that the Lease was, indeed, sold and that payments were made on account of the cure claim filed by New Plan. However, New Plan's books and records indicate that there is an additional $4,031.92 still owing and due on account of 2004 additional real estate taxes. (See Exhibit "C"). Contrary to Debtors' assertion, Landlord did, in fact, file a cure objection with regard to the proposed sale. Accordingly, New Plan would agreed to the reduction of its claim to the amount of $4,031.92 rather than the disallowance of said claim.

### Claim #10300 - New Plan (Normandy Square)

7. Debtors object to this claim in the amount of $39,475.81 indicating that there is no liability per Debtors' books and records and that there is inadequate supporting documentation. New Plan's proof of claim specifically sets forth on the scheduled attached thereto the balance owing and due for real estate tax reconciliations for calendar years 2003 and 2004. Debtors were provided with detailed tax reconciliation statements in accordance with New

Plan's ordinary course procedures. Debtors have not indicated that they do not have copies of those reconciliations nor have they indicated why they do not believe that the reconciliation statements are correct. Accordingly, Debtors' objection should be overruled.

### **Claim #10314 - WD Route 3**

8. Debtors object to this Administrative Expense Claim filed in the amount of $96,500.00 claiming that there is no documentation for the repair costs set forth in the claim. Debtors also aver that the claim should be disallowed without prejudice to the refiling of an administrative claim pursuant to Bankruptcy Code § 503(a) and Local Rule 3071-1.

9. Attached to the Administrative Expense Claim form is a specific breakdown of each of the estimated repair costs together with the charges for General Conditions and Overhead and Profit. Debtors have not challenged the reasonableness of said estimates.

10. Debtors' request to disallow the claim for failure to specifically comply with Local Rule 3071-1 is simply an attempt to rely on form over substance. WD's Administrative Expense Claim was filed on a separate form entitled "Administrative Expense Claim" clearly identifying that this was an administrative claim and not an unsecured claim. The Administrative Expense Claim certainly complies with the spirit, if not the exact letter, of Local Rule 3071-1 in that it clearly identifies the claim as administrative in nature, was filed separate and apart from any unsecured claim filed by the creditor entity and enables the Debtors to make a determination of all administrative expense amounts being demanded. To require that a separate administrative expense request now be filed would involve striking this claim from the dockets, submitting essentially the same claim on a new form and subjecting same to further challenges by the Debtors once the new demand for payment is made. Such a course of events is clearly not warranted under all of the circumstances. Accordingly, the Court should find that the

Administrative Expense Claim is an acceptable alternative for, and in compliance with, Local Rule 3071-1, subject only to substantive challenges thereto by the Debtors.

### Claim #12198 - New Plan (Habersham)

11. New Plan agrees that all unsecured claims with regard to the Habersham Village premises were waived.  Accordingly, claim #12198 may be disallowed in its entirety.

### Claim #12199 - New Plan (Habersham)

12. New Plan agrees that all unsecured claims with regard to the Habersham Village premises were waived.  Accordingly, claim #12199 may be disallowed in its entirety.

### Claim #12200 - New Plan (Clinton Crossing)

13. Debtors allege that this claim should be disallowed without prejudice to New Plan filing an application for payment of administrative expenses pursuant to Bankruptcy Code § 503(a) and Local Rule 3071-1.  For the reasons set forth in paragraph 10 above, New Plan requests that the claim be allowed as an administrative expense request subject only to any substantive objections which Debtors may subsequently lodge.

**WHEREFORE,** Objecting Landlords pray that Debtors' Objection be overruled and that their claims be allowed or reduced as set forth above; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

DATED: June 5, 2006

          **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

          **BY:**    **/s/ David L. Pollack**
                **DAVID L. POLLACK**
                **JEFFREY MEYERS**
                **DEAN WALDT**
          **Attorneys for New Plan Excel Realty Trust,**
          **and WD Route 3, LP**
          **51st Floor - Mellon Bank Center**
          **1735 Market Street**
          **Philadelphia, Pennsylvania  19103**
          **(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

## **CERTIFICATE OF SERVICE**

I certify that service of the foregoing was made on June 5, 2006 via ECF Noticing and email upon the parties listed below.

                                          /s/ David L. Pollack

| | |
|---|---|
| D.J. Baker<br>Sally McDonald Henry<br>Rosalie W. Gray<br>Eric M. Davis<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY  10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey<br>James H. Post<br>Cynthia C. Jackson<br>Eric N. McKay<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL  32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL  32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL  32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |