UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### FIFTH SUPPLEMENTAL DECLARATION OF D. J. BAKER

I, D. J. Baker, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps" or the "Firm"), which maintains offices, among others, for the practice of law at Four Times Square, New York, New York 10036-6522.

2. I submit this declaration to supplement the disclosures set forth in my declaration dated February 21, 2005, my first supplemental declaration dated May 18, 2005, my second supplemental declaration dated August 2, 2005, my third supplemental declaration dated October 10, 2005, and my fourth supplemental declaration dated February 23, 2006 (collectively, the "Prior Declarations"), each in support of Skadden, Arps' retention as lead restructuring and bankruptcy counsel to Winn-Dixie Stores, Inc. and certain of its subsidiaries, the debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"). Except as

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[2]

3. In connection with its retention as counsel for the Debtors, Skadden, Arps reviewed its records and filed the Prior Declarations disclosing identified connections with parties in interest in these cases. In accordance with the representations made in the Prior Declarations, Skadden, Arps has continued to conduct further periodic checks with respect to known and newly-identified persons and parties in interest in these cases.

4. As a result of such process, Skadden, Arps discloses that, in addition to the entities or individuals previously disclosed in the Prior Declarations, Skadden, Arps currently represents, or has represented, the following entities or individuals, or entities or individuals that are affiliates of the following entities or individuals, in matters <u>unrelated</u> to the Debtors, their reorganization cases or such entities' claims against or interests in the Debtors: Conopco, Inc., FTI Consulting Inc., Ghirardelli Chocolate, Mantek, Six Flags, Inc., Seyfarth Shaw LLP, SPCP Group, LLC, and Sunrise Properties, LLC. Skadden, Arps will not represent any of the parties identified herein in any matter involving the Debtors.

5. Skadden, Arps is one of the largest law firms in the world and has a diverse client base. None of the parties identified in paragraph 4 or their respective affiliates accounted for 1% or more of Skadden, Arps' total value of time billed during the last year.

6. If Skadden, Arps should come into possession of information that would suggest the existence of a potential claim that the Debtors have or might have against one or more of the parties identified or referred to above, Skadden, Arps will advise the Debtors of such

---

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Skadden, Arps and are based upon information provided by them.

information and, to the extent necessary or appropriate, either seek a waiver from such party or rely on other counsel retained by the Debtors to investigate and pursue any such claim.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on June 5, 2006.

_____
D. J. Baker

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)

3

1115461-New York Server 7A - MSW