UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE DIVISION</u>

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| <u>          Debtors.[1]          </u> | ) | Jointly Administered |

**<u>STIPULATION REGARDING MODIFICATION OF THE AUTOMATIC STAY</u>**

This stipulation is entered into between (i) Debtor Winn-Dixie Louisiana, Inc. ("WDLI"), (ii) By-Pass Partnership ("By-Pass") and (iii) Walyn and Darlyne Suire ("the Suires").

**<u>Recitals</u>**

1.    WDLI leases the premises for its Abbeville, Louisiana store (#1558) from By-Pass pursuant to a lease dated June 8, 1993 (the "Lease").

2.    On June 16, 2004, the Suires filed an action against WDLI and By-Pass alleging that Walyn Suire was injured when he drove his truck through a large pothole in the parking lot of the Abbeville store on August 18, 2003. That action is pending as Case No. 81734-B (the "State Court Action"), in the 15th Judicial District, Vermillion Parish, Louisiana (the "State Court"). A copy of the Suires' Complaint is attached as Exhibit A.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

3. On August 9, 2004, By-Pass filed a cross-claim against WDLI in the State Court Action asserting that it is entitled to indemnity under the Lease. A copy of By-Pass' cross-claim is attached as Exhibit B.

4. On October 12, 2004, WDLI filed a cross-claim against By-Pass alleging breach of the Lease and demanding reimbursement of expenses incurred in repairing the parking lot of the Abbeville store. A copy of WDLI's cross-claim is attached as Exhibit C.

5. For the convenience of the parties and the witnesses, WDLI, By-Pass and the Suires (collectively, the "Parties") agree to have all claims thus asserted in the State Court Action adjudicated in the State Court, as set forth below:

## Agreement

6. The Parties agree to the entry of an agreed order in substantially the form as attached as Exhibit D, modifying the automatic stay for the limited purpose of allowing the Parties to prosecute the claims set forth in Exhibits A, B and C in the State Court Action.

7. This stipulation specifically excludes the action pending in the United States Bankruptcy Court for the Western District of Louisiana styled as *Central Progressive Bank v. By-Pass Partnership*, Adversary No. 05-5055.

8. Unless authorized by further order of the Bankruptcy Court, the Suires and By-Pass are prohibited from: (i) prosecuting any claims or requests for any other form of relief against WDLI or its affiliates except for those set forth in Exhibits A and B, respectively, (ii) prosecuting claims against WDLI or its affiliates in any forum except

the State Court Action or (iii) executing upon any judgment obtained against WDLI in the State Court Action.

9. Except as specifically provided in this Stipulation, all other rights, claims, defenses and liabilities the Parties may have regarding the State Court Action and any other matter, including but not limited to preference claims, remain in full force and effect. Nothing in this Stipulation shall be admissible for any purpose in any litigation between the Parties or involving the Parties except for an action for the enforcement of this Stipulation, nor shall this Stipulation otherwise give rise to any admission by, or estoppel of, any party hereto.

10. Upon execution of this Stipulation, WDLI shall serve a notice of proposed Agreed Order in the form attached as Exhibit E upon parties in interest pursuant to Local Rule 2002. The Parties agree to use their best efforts to obtain Bankruptcy Court approval of this Agreed Order. Within ten business days after the Agreed Order becomes a final order from which no timely appeal has been taken, all provisions of this Stipulation shall become binding and enforceable between the Parties.

11. In the event that the Bankruptcy Court has not entered the Agreed Order on or before July 28, 2006, or the Agreed Order does not become a final order by such date due to a pending appeal, this Stipulation shall be terminated unless otherwise mutually agreed by the parties.

12. In the event this Stipulation is terminated pursuant to paragraph 11, the parties agree that this Stipulation shall be null and void and the Parties shall proceed as if this Stipulation had not been entered into.

13. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

Dated: May 31, 2006

By *[signature]*
Thomas R. Hightower, Jr. - 1956
Wade Kee - 18973

1019 Lafayette Street
Post Office Drawer 51288
Lafayette, Louisiana 70505
(337) 233-0555

Counsel for Walyn and Darlyne Suire

LANDRY, WATKINS, REPASKE &
BREAUX

By *[signature]*
William A. Repaske

Bar Roll No. 17358
211 East Main Street
Post Office Drawer 12040
New Iberia, Louisiana 70562
(337) 364-7626

Counsel for Bypass Partnership

SMITH HULSEY & BUSEY

By    *s/ Leanne McKnight Prendergast*
Stephen D. Busey
James H. Post
Leanne McKnight Prendergast

Florida Bar No. 0059544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

-and-

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP
D. J. Baker
Sally McDonald Henry
Rosalie Gray
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Winn-Dixie Louisiana, Inc.

527906

Service

| | | |
|---|---|---|
| WALYN SUIRE AND<br>DARLYNE SUIRE | * <br> * <br> * | 15TH JUDICIAL DISTRICT COURT <br><br> DOCKET NUMBER: 81734-B |
| VERSUS | * <br> * | <br> PARISH OF VERMILION |
| WINN-DIXIE LOUISIANA, INC.<br>BYPASS ENTERPRISES, LLC AND<br>WINN-DIXIE STORES, INC. | * <br> * | <br> STATE OF LOUISIANA |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come plaintiffs, **WALYN SUIRE** and **DARLYNE SUIRE**, persons of the full age of majority and residents of the Parish of Vermilion, State of Louisiana, who respectfully represent as follows:

1.

Made defendants herein are:

(A) **WINN-DIXIE LOUISIANA, INC.**, a foreign corporation, authorized to do and doing business in the State of Louisiana;

(B) **BYPASS ENTERPRISES, LLC**, a domestic corporation, authorized to do and doing business in the State of Louisiana; and

(C) **WINN-DIXIE STORES, INC.**, a foreign corporation, authorized to do and doing business in the State of Louisiana.

2.

Defendants in the preceding paragraph are liable unto plaintiffs for all sums reasonable under the circumstances, including legal interest, from date of demand, as well as all costs of this suit, for the following, to-wit:

3.

On or about August 18, 2003, Walyn Suire, while lawfully operating his vehicle on the premises located at 2210 Veterans Memorial, Abbeville, Louisiana, and without any fault on his part, struck a large hole located in the parking lot, causing injuries and damages. Said hole was obscured by the temporary presence of water which concealed the depth and danger created by the hole.

4.

Winn-Dixie Louisiana, Inc. and/or Winn-Dixie Stores, Inc. and/or ByPass Enterprises, LLC are at fault in this matter by

**EXHIBIT A**

allowing an unreasonable hazardous and/or dangerous condition to exist on its property which it knew or should have known was present, and further upon information and belief Winn-Dixie #1558 and/or Winn-Dixie Stores, Inc. #08-1558-017 and/or By Pass Enterprises, LLC had actual knowledge of the existence of the unreasonably dangerous condition noted above.

5.

As a result of the above referenced accident, petitioner, Walyn Suire, suffered injuries to his entire body and damages including, but not limited to:

(A) Past and future pain and suffering;

(B) Past and future mental anguish;

(C) Past and future lost wages and/or loss of earning capacity;

(D) Past and future medical expenses; and

(E) Further damages which will be shown at trial.

6.

Petitioner's injuries were the result of the fault and negligence of Winn-Dixie Louisiana, Inc. and/or Winn-Dixie Stores, Inc. and/or ByPass Enterprises, LLC in the following non-exclusive respects;

(A) In failing to properly maintain its property;

(B) In allowing an unreasonable dangerous condition to exist on its property having actual knowledge of its existence;

(C) Any and all other acts of negligence which will be shown at trial.

7.

At all material times hereto, petitioner, Darlyne Suire, was married to Walyn Suire and, as a result of the above described accident, Darlyne Suire has sustained a loss of consortium, services, society, love, companionship, affection, sexual relations, comfort, solace, and protection, the amount of such damages to be shown at trial.

8.

Plaintiffs request and are entitled to a trial by jury on all

issues herein.

WHEREFORE, in light of the above, plaintiffs pray that defendant be cited to appear and answer this petition, and that after due proceedings had, there be judgment in favor of plaintiffs, Walyn Suire and Darlyne Suire, and against defendants, Winn-Dixie Louisiana, Inc., Winn-Dixie Stores, Inc. and ByPass Enterprises, LLC, for all reasonable damages allowed by law, including but not limited to, legal interest, from date of demand and all costs in accordance with Louisiana law, and for any and all just and equitable relief that plaintiffs are or may be entitled to receive.

Respectfully submitted,

THOMAS R. HIGHTOWER, JR. -1956
WADE KEE - 18973
1019 Lafayette Street
Post Office Drawer 51288
Lafayette, LA 70505
(337) 233-0555

**PLEASE SERVE:**

Winn-Dixie Louisiana, Inc.
through its agent for service of process
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

ByPass Enterprises, LLC
through its agent for service of process
Patrick Tobler
214 Southwest Railroad Avenue
Hammond, LA 70403

Winn-Dixie Stores, Inc.
through its agent for service of process
Secretary of State
3851 Essen Lane
Baton Rouge, LA 70809

A TRUE COPY
ATTEST: [signature]
Deputy Clerk of Court
Vermilion Parish, LA

| | |
|---|---|
| WALYN SUIRE, ET EX | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | DOCKET NO. 81734 |
| WINN-DIXIE LOUISIANA, INC., ET AL | PARISH OF VERMILION |

### ANSWER AND CROSS CLAIM

NOW INTO COURT, through undersigned counsel, comes BYPASS PARTNERSHIP (erroneously identified in the Petition as BYPASS ENTERPRISES, LLC), sought to be made defendant in the above entitled and numbered matter, and denying all and singular the allegations of the petition, except as may hereinafter be admitted, for further answer thereto responds categorically to each paragraph of the petition by stating that the allegations of each such respective paragraph, as numbered, are:

1.

Admitted.

2.

Denied.

3.

Denied for lack of sufficient information to justify a belief therein.

4.

Denied for lack of sufficient information to justify a belief therein.

5.

Denied for lack of sufficient information to justify a belief therein.

6.

Denied as to BYPASS PARTNERSHIP, and denied for lack of sufficient information to justify a belief therein as to the other defendants.

7.

Denied for lack of sufficient information to justify a belief therein.

8.

Denied for lack of sufficient information to justify a belief therein.

IN FURTHER answer to the petition BYPASS PARTNERSHIP respectfully represents that:

**EXHIBIT B**

9.

In the event that BYPASS PARTNERSHIP is found liable to plaintiffs, or to either one of them, then BYPASS PARTNERSHIP, affirmatively pleads the comparative fault of plaintiff in failing to do what he should have done to avoid the accident, failing to see what he should have seen to avoid the accident, and failing to take reasonable precautions for his own safety, and further, for failing to mitigate his damages.

10.

In the event the actually amount in controversy exceeds the jurisdictional limit for trial by jury, BYPASS PARTNERSHIP, is entitled to and requests, trial by jury.

**CROSS CLAIM**

And now, in the capacity of plaintiff in cross claim, comes BYPASS PARTNERSHIP, and respectfully represents as follows:

A.

Made defendants herein are WINN-DIXIE LOUISIANA, INC. and WINN DIXIE STORES, INC.

B.

WALYN SUIRE and DARLYNE SUIRE filed the instant law suit alleging that on or about August 18, 2003 WALYN SUIRE while lawfully operating his vehicle on the premises located on 2210 Veterans Memorial, Abbeville, Louisiana, struck a law hole obscured by the temporary presence of water in the parking lot.

C.

Plaintiffs further allege that the defendants are liable to them for allowing an unreasonable hazardous and/or dangerous condition to exist in the parking lot, which defendants knew or should have known was present, and of which the defendants had actually knowledge.

D.

The plaintiffs further allege that they have sustained various damages as set forth in the original petition, which is made a part hereof by reference.

E.

By lease dated June 8, 1993, BYPASS and WINN-DIXIE, INC. entered into a lease agreement, which, in pertinent part, provided:

> " 7. Upon completion of construction of the improvements upon the demised premises in accordance with the plans and specifications, Tenant agrees at its sole, cost and expense, to maintain the building and appurtenances and other improvements on the demised premises and the sidewalks, parking and service areas, in good and tenantable condition and repair throughout the term of this lease, and any extensions thereof; and to make all repairs to the improvements, structural and otherwise, both interior and exterior, necessary to preserve the same in good order and condition; and to repair at or before the end of the term of this lease, or any extensions, thereof, all injury done by the installation or removal of furniture, fixtures and property. "

F.

The afore described lease further provides as follows:

> "10. The Tenant agrees to indemnify and save harmless the Landlord from any claim or loss by reason of accident or damage to any person or property happening on or about the demised premises, except in case of accident or damage caused by the fault or negligence of Landlord, its servants, agents or employees."

G.

By virtue of the allegations asserted by the plaintiff in the original petition, and the lease provisions, all of which are made a part hereof as if copied herein *in extenso*, BYPASS is entitled to complete and full indemnification by WINN-DIXIE LOUISIANA, INC. for all claims asserted by plaintiffs in the instant lawsuit, as well as all attorneys fees and expenses incurred by BYPASS PARTNERSHIP in defense of said claims.

H.

By Act of Guaranty dated June 22, 1993 entered into between BYPASS PARTNERSHIP and WINN-DIXIE STORES, INC., WINN DIXIE STORES, INC. guaranteed that WINN-DIXIE LOUISIANA, INC. would perform all of the terms, covenants and conditions that WINN-DIXIE LOUISIANA, INC. is obligated to perform under the above described lease.

I.

WINN-DIXIE LOUISIANA, INC. has failed to provide indemnification to BYPASS PARTNERSHIP for the claims of WALYN and DARLYNE SUIRE, as provided for in the aforedescribed lease agreement.

J.

BYPASS PARTNERSHIP is entitled to a judgment against WINN DIXIE STORES, INC. under the guaranty agreement to indemnify BYPASS PARTNERSHIP for all costs, expenses and fees associated with Plaintiff's claims.

WHEREFORE, BYPASS PARTNERSHIP respectfully prays that this answer and cross claim be deemed good and sufficient, and that there be judgment in favor of BYPASS PARTNERSHIP and against plaintiffs, dismissing plaintiffs demands in their entirety, at plaintiffs' cost, and further, that there be judgment in favor of BYPASS PARTNERSHIP and against WINN-DIXIE LOUISIANA, INC. for full and complete indemnification of all liability, costs, and expenses associated with the claims of plaintiffs, with interest thereon from the date of judicial demand and all costs of court, and for all other just and equitable relief. BYPASS PARTNERSHIP further prays for trial by jury.

Respectfully submitted,

LANDRY, WATKINS, REPASKE, & BREAUX

WILLIAM A. REPASKE
Bar Roll No. 17356
211 E. Main Street
P O Drawer 12040
New Iberia, LA 70562
(337) 364-7626

Counsel for Bypass Partnership

A TRUE COPY
ATTEST:
Deputy Clerk of Court
Vermilion Parish, LA

**PLEASE SERVE**

Winn-Dixie Louisiana, Inc.
Through Its Counsel of Record
David Calogero
Breaud & Lemoine
600 Jefferson Street, Ste 1101
Lafayette, LA 705016952

Winn Dixie Stores, Inc.
Thorough Its Agent for Service of Process
Secretary of State
3851 Essen Lane
Baton Rouge, LA 70809

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to all known counsel of record by First Class, United States Mail, postage prepaid at their last known address, and/or by facsimile to their last known facsimile number, on this 9th day of August, 2004.

WILLIAM A. REPASKE

VERMILION PARISH, LA
FILED THIS DAY
2004 AUG 10 P 12:40

| | | |
|---|---|---|
| **WALYN SUIRE AND** | * | **15TH JUDICIAL DISTRICT COURT** |
| **DARLYNE SUIRE** | * | |
| | | |
| **VERSUS** | * | **CIVIL DOCKET NO. 81734-B** |
| | * | |
| **WINN-DIXIE LOUISIANA, INC.** | * | **VERMILION PARISH, LOUISIANA** |
| **BYPASS ENTERPRISES, LLC AND** | | |
| **WINN-DIXIE STORES, INC.** | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### CROSS CLAIM

The Cross Claim of **WINN-DIXIE LOUISIANA, INC.** respectfully represents:

1.

Made Defendant in Cross Claim is **BYPASS PARTNERSHIP**, a Louisiana partnership domiciled in Tangipahoa Parish.

2.

The original Plaintiffs, **WALYN SUIRE** and **DARLYNE SUIRE**, filed their Petition on June 16, 2004 against the Cross Claimant, **WINN-DIXIE LOUISIANA, INC.**, and the Defendant in Cross Claim, **BYPASS PARTNERSHIP** (erroneous referred to as Bypass Enterprises, LLC). In their Petition for Damages, the Plaintiffs allege that an accident occurred on August 18, 2003 in the parking lot of the Winn-Dixie Plaza Shopping Center located at 2210 Veterans Memorial in Abbeville, Louisiana when Petitioner, **WAYLN SUIRE**, was driving through the parking lot and struck a large hole, causing injuries and damages. Plaintiffs have sued **WINN-DIXIE LOUISIANA, INC.** as lessee and **BYPASS PARTNERSHIP** as owner of the shopping center contending that original Defendants were at fault in this accident for allowing an unreasonably hazardous or dangerous condition to exist on the property.

3.

**WINN-DIXIE LOUISIANA, INC.**, is the lessee of the subject premises under a contract of lease executed with **BYPASS PARTNERSHIP**. Pursuant to the contract of lease, **BYPASS PARTNERSHIP** was obligated, at its sole cost and expense, to diligently construct a store building, parking area, sidewalks, etc., for **WINN-DIXIE's** use and occupancy. Further, **BYPASS PARTNERSHIP**, at its sole cost and expense, was obligated to grade and pave the parking areas, together with the sidewalks, driveways, and service areas for the Winn-Dixie Plaza Shopping Center.

# EXHIBIT C

4.

**BYPASS PARTNERSHIP** has breached its obligation under the aforementioned lease by failing to construct the parking lot in a good and workmanlike manner, by utilizing substandard materials and labor, and otherwise by failing to exercise due diligence in the construction of the parking lot.

5.

As a result of the breach of lease by the landlord, **BYPASS PARTNERSHIP**, **WINN-DIXIE LOUISIANA, INC.** was forced to incur substantial expense in the repair and eventual complete reconstruction of the parking lot totaling $304,787.00.

6.

Therefore, Cross Claimant, **WINN-DIXIE LOUISIANA, INC.**, is entitled to Judgment over and against Defendant in Cross Claim, **BYPASS PARTNERSHIP**, in the full and true sum of $304,787.00 representing the loss sustained by **WINN-DIXIE LOUISIANA, INC.** resulting from the breach of contract of lease.

**WHEREFORE**, Defendant and Cross Claimant, **WINN-DIXIE LOUISIANA, INC.**, respectfully prays that the Defendant in Cross Claim, **BYPASS PARTNERSHIP**, be duly served with a copy of the foregoing Cross Claim cited to appear and answer same, and after all legal delays and due proceedings are had that there by Judgment herein in favor of **WINN-DIXIE LOUISIANA, INC.** and against **BYPASS PARTNERSHIP** in the full and true sum of THREE HUNDRED FOUR THOUSAND SEVEN HUNDRED EIGHTY SEVEN DOLLARS ($304,787.00), plus legal interest thereon from date of judicial demand, for all costs of these proceedings, including expert witness fees, and for all general and equitable relief.

Respectfully submitted,

_____
DAVID J. CALOGERO (NO. 1748)
BREAUD & LEMOINE
600 Jefferson Street; Suite 1101
Lafayette, LA 70502
(337) 266-2200
Attorneys for Defendant,
**WINN-DIXIE LOUISIANA, INC.**

VERMILION PARISH, LA.
FILED THIS DAY
2004 OCT 12 P 12:31
CLERK OF COURT

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by depositing same in the United States mail, properly addressed and postage prepaid, this ____ day of October, 2004.

_____
DAVID J. CALOGERO

PLEASE SERVE:

BYPASS PARTNERSHIP
through its partner
Patrick A. Tobler
214 Southwest Railroad Avenue
Hammond, Louisiana 70404

VERMILION PARISH, LA
FILED THIS DAY
2004 OCT 12 P 12:31
_____
CLERK OF COURT

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

### AGREED ORDER MODIFYING AUTOMATIC STAY

These cases came before the Court upon the Notice of Proposed Agreed Order Modifying the Automatic Stay (the "Agreed Order") filed by the Debtors (Doc. No. ____). The Court finds that (i) the notice of the proposed Agreed Order was served on all interested parties in accordance with Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, and (ii) that no party in interest has filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1. The automatic stay imposed by 11 U.S.C. §362 is modified for the sole purpose of allowing Waylin and Darlyne Suire, By-Pass Partnership and Winn-Dixie Louisiana, Inc. to prosecute the claims identified in the Stipulation between the parties and the exhibits thereto in Case No. 81734-B in the 15th Judicial District, Vermillion Parish, Louisiana. Waylin and Darlyne Suire and By-Pass Partnership may prosecute such claims through final judgment, if any, but shall make no effort to collect or execute on such judgment against the Debtors, the property of the Debtors or the property of the

**EXHIBIT D**

Debtors' estates without further order of this Court. Any such judgment against Winn-Dixie Louisiana, Inc. shall be a claim in these Chapter 11 proceedings and shall be treated pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

2. The Suires and By-Pass Partnership shall notify the Louisiana Court of the Debtors' pending Chapter 11 proceedings and that the action is subject to the automatic stay of 11 U.S.C. §362 as provided herein

4. Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 shall remain in full force and effect.

5. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this _____ day of June, 2006, in Jacksonville, Florida.

                                                Jerry A. Funk
                                                United States Bankruptcy Judge

527901

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## NOTICE OF PROPOSED AGREED
## ORDER MODIFYING THE AUTOMATIC STAY

> ### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING
>
> Pursuant to Local Rule 2002-4, the Court will consider this matter without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must (a) file your response with the Clerk of the Bankruptcy Court in accordance with the Court's electronic filing procedures or at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202, and (b) serve a copy on (i) James H. Post, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, jpost@smithhulsey.com, (ii) Rosalie Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Time Square, New York, New York 10036, djbaker@skadden.com, and (iii) Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, ElenaL.Escamilla@usdoj.gov.
>
> If you file and serve a response within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file a response within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (the "Debtors"), pursuant to Rule 4001(d)(1), Federal Rules of Bankruptcy Procedure, give notice of the proposed Agreed Order modifying the automatic stay pursuant to the attached stipulation.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## EXHIBIT E

If no objection to the proposed Agreed Order is filed and served within the time as set forth above, the Court will be requested to enter the Agreed Order without further notice or hearing.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   s/ D. J. Baker<br>       D. J. Baker<br>       Sally McDonald Henry<br>       Rosalie Gray | By   s/ Leanne McKnight Prendergast<br>       Stephen D. Busey<br>       James H. Post<br>       Leanne McKnight Prendergast |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com<br><br>Co-Counsel for Debtors | Florida Bar No. 59544<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>lprendergast@smithhulsey.com<br><br>Co-Counsel for Debtors |

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished electronically to the following parties, this 6th day of June, 2006:

Kenneth C. Meeker
Assistant U.S. Trustee
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
Phone: 407-648-6301
Fax: 407-648-6323
ken.meeker@usdoj.gov

Elena L. Escamilla
Office of the United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
Phone: 407-648-6465
Fax: 407-648-6323
Elena.L.Escamilla@usdoj.gov

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis Dunne
1 Chase Manhattan Plaza
New York, NY 10005
Phone: 212-530-5000
Fax: 212-530-5219
Ddunne@milbank.com

Akerman Senterfitt
Attn:  John B. Macdonald
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
Phone:  904-798-3700
Fax:  904-398-3730
john.macdonald@akerman.com

 

                                                      *s/ Leanne McKnight Prendergast*
                                                                   Attorney

531635