UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**KENTUCKY TAXING AUTHORITIES' MOTION TO
ABSTAIN, MOTION TO DISMISS AND
RESPONSE TO DEBTORS' OMNIBUS OBJECTION
TO TAX CLAIMS AND MOTION FOR ORDER DETERMINING
TAX VALUES AND TAX LIABILITIES**

Kentucky Taxing Authorities from Bullitt, Campbell, Daviess, Fayette, Hardin, Jefferson, Nelson, Scott, and Shelby Counties and the Commonwealth of Kentucky, Department of Revenue (hereinafter referred to as "KTA"), through the undersigned attorney, and in response to Debtors' Omnibus Objection to Tax Claims and Motion for Order Determining Tax Values and Tax Liabilities respectfully move this Court to abstain from exercise of jurisdiction of the Debtors' objection and motion, or in the alternative overrule the objection and dismiss the motion.  These motions are brought on the following grounds:

1. The KTA are before this court either because they filed a POC or received an objection to their tax claim both in response to this court's order.  The KTA have not waived sovereign immunity and assert that this Court does not have jurisdiction over the Commonwealth of Kentucky as a result of the Seminole Decision set forth in <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 116 S.Ct. 114,

134 L.Ed.2d 252 (1996) and the 11th Amendment to the United States Constitution.

2. This court should use its power to abstain from hearing any of the issues brought in the Debtors' Omnibus Objection.

3. This court should use its power under 11 U.S.C. § 505 to decline from redetermining the tax.

4. Debtors have totally and wholly failed to state any specific basis by which to state a claim against the KTA.

5. Debtors have totally and wholly failed to state facts to substantiate their claim that the Taxing Authorities' values are arbitrary, capricious, and unreasonable or exceed fair cash value of the Debtors' property.

6. Debtors have failed to comply with Kentucky law as to the procedure to protest the tax assessment at the local, board, and court levels.

7. Debtors have failed to comply with Kentucky law as to the procedure to request a refund.[1]

8. Debtors have failed to specifically challenge their assessments and indicate the discrepancy in the valuations for the challenged years.

9. All Debtors' stores in Kentucky are closed. Debtors are requesting this court to redetermine the value of personal property which is no longer part of the estate. Under the Doctrine of Mootness the court cannot redetermine the value of property which is gone from the estate.

---

[1] The Debtors' are requesting an "offset" of funds paid in tax, which in effect is a "refund" since there is nothing to offset against the excess funds requested.

## INTRODUCTION

The Taxing Authorities are a political subdivision of the Commonwealth of Kentucky which possesses the authority under Kentucky law to assess and collect ad valorem taxes on real and personal property. The Debtors are entities previously doing business in Kentucky and as such were required to file annual Tangible Personal Property Tax Returns and list their property with the property valuation administrator of the county where it is/was located, and to pay taxes due with respect to real and personal property in Kentucky.[2] The KTA assessed the Debtors' personal property pursuant to Kentucky law utilizing the information solely provided by the Debtors.

In fact, in Kentucky, Debtors are required to file the tangible personal return under penalty of perjury. This tangible personal return lists the personal property owned by Debtors in the county during any particular tax year. The resulting tax is determined by the information and property values provided by the Debtors. Debtors' Property Tax Manager, John P. Taylor, signed these returns and declared under the penalties of perjury that the return, including any accompanying schedules and statements, are correct and complete and that all Debtors' taxable property has been listed. (See copy of Personal Property Tax Return attached as Exhibit A) Now Debtors are claiming these listed values are incorrect and should be drastically lowered.

---

[2] KRS 132.220(1) provides in relevant part: "All taxable property and all interests in taxable property . . . shall be listed, assessed, and valued as of January 1 of each year. It shall be the duty of all persons owning or having any interest in any real property in this state to list . . . the property with the property valuation administrator . . . between January 1 and March 1 in each year. . . . It shall be the duty of all persons owning or having any interest in any tangible personal property . . . to list . . . the property with the property valuation administrator . . . between January 1 and May 15 in each year. . . . All persons in whose name property is properly assessed shall remain bound for the tax. . . .

3

The KTA rely on tax revenue in order to provide funding for local fire, police, schools, health departments, and hospitals. Debtors paid their 2004 taxes in various counties and failed to comply with Kentucky law in requesting a refund of these taxes.

## PROCEDURAL POSTURE

The Debtors filed their petitions for reorganization relief under Chapter 11 of Title 11 of the United States Code on February 21, 2005. The Debtors are no longer doing business in the Commonwealth of Kentucky. They do still own two parcels of property in Louisville.

In Debtors' omnibus objection filed on April 19, 2006, they appear to be seeking this Court to reduce their ad valorem tax liabilities and values on both real and personal property, to determine the appropriate interest rate to be used on accrued interest, and to "offset amounts which were overpaid for prior years against liabilities on other present or **future** amounts due,"[3] and to determine the 2006 value of real property located at 720 Locust Lane, Louisville, Kentucky.

The Debtors state that they are not seeking refunds, however if they are unable to "offset," the Debtors "may, upon further motion, seek authority from the Court to obtain a **refund** based upon the values adjudicated by the Court on this Motion and Objection."[4](emphasis added) It appears Debtors are seeking a "refund" of taxes paid in the guise of an offset.

If the Court were to take Assessment Technologies, Ltd.'s (ATL) analysis of Kentucky tax liabilities as true and correct, then the Debtors would be entitled to refunds

---

[3] Paragraph 15 on Page 7 of Debtors' Omnibus Objection To Tax Claims And Motion For order Determining Tax Values and Tax Liabilities
[4] Footnote 4 on Page 7 of Debtors' Omnibus Objection To Tax Claims And Motion For order Determining Tax Values and Tax Liabilities

4

from each of the KTA because there are either no liabilities to offset or the Debtors would receive a refund due to overpayments. The Debtors request the Court to offset against current and future liabilities. 11 U.S.C. 553 does not provide for offsets of prepetition liabilities against postpetition liabilities.

The Debtors are objecting to their 2004 and 2005 personal and real property tax liabilities. All of the 2004 property tax bills listed in Exhibits A and B have been paid, with the exception of two (City of Hillview (real), Bullitt Co, and City of Shelbyville (personal), Shelby Co). All of the 2005 property tax bills listed in Exhibits A and B are unpaid except for two (Scott County Sheriff and City of Hillview) which are both paid.

The time for protesting Debtors' property tax assessments for 2004, and 2005, upon which the liabilities in question are based, has long since expired. Furthermore, in order to request a refund, the Debtors must 1) protest the property tax assessment and 2) file for a refund with the KTA within two years of paying the tax.[5] Both of these conditions are jurisdictional. The Debtors have failed to meet these requirements.

**ARGUMENT AND AUTHORITIES**

As a procedural matter the KTA challenge the Debtors' utilization of B.R. 9014, a contested matter procedure, in lieu of an adversary proceeding under B.R. 7001 to gain the relief sought. Bankruptcy Rule 7001(2) clearly provides that an adversary proceeding is needed to challenge the "extent" of a lien. Debtors are seeking a "declaration" of the value of their property which also requires an adversary proceeding relating to the extent of a lien. A claim objection is not the proper way to procedurally reduce a tax lien. Furthermore, Debtors failed to notify or otherwise "serve" the

---

[5] KRS 134.590

Property Valuation Administrators in each county, further underscoring the necessity of an adversary proceeding.

**Motion to Abstain**

This court should abstain from exercise of jurisdiction of the above-entitled omnibus objection. Both 28 U.S.C. § 1334(c)(1) and 11 U.S.C. 505(a) provide authority to abstain from hearing a matter pursuant to 11 U.S.C. § 505. See, Metromedia Fiber Network v. Various State and Local Taxing Authorities, 299 B.R. 251, 280-84 (S.D. NY Bankr. 2003), the court held permissive abstention was appropriate because "[a]d valorem property taxation is governed by local law, and there is compelling local interest in 'uniformity of assessment' in fairly allocating the local tax burden." Id., at 284.

The Tax Injunction Act provides "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The United States Supreme Court found that the State of Illinois' refund procedure was a plain, speedy and efficient remedy within the Tax Injunction Act when considering a taxpayer's request for the district court to review Illinois property taxes in Cook County. Rosewell v. LeSalle National Bank, 450 U.S. 503 (19781). The Court in Roswell "underscored . . . the dependency of state budgets on the receipt of local tax revenues." Id. At 527. In discussing the availability of federal injunctive relief, the Court noted from its previous decision in Perez v. Ledesma, 401 U.S. 82, 128, 91 S.Ct. 674, **699 (1971), that

> [t]he special reasons justifying the policy of federal non-interference with state tax collection are obvious. The procedures for mass assessment and collection of state taxes and for administration and adjudication of taxpayers' disputes with tax officials are generally complex and

6

>necessarily designed to operate according to established rules. State tax agencies are organized to discharge their responsibilities in accordance with the state procedures. If federal declaratory relief were available to test state tax assessments, state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law. During the pendency of the federal suit the collection of revenue under the challenged law might be obstructed, with consequent damage to the State's budget, and perhaps a shift to the State of the risk of taxpayer insolvency. Moreover, federal constitutional issues are likely to turn on questions of state tax law, which, like issues of state regulatory law, are more properly heard in the state courts.

Rosewell, 450 U.S. at 527-528.

This court recently determined that the court must follow state law in determining tax liabilities. In re Litestream Technologies, LLC, 337 B.R. 705 (MD Fla. 2006). Therefore, if this court decides to hear this tax matter, it would be applying Kentucky law.

Since Kentucky provides a plain, speedy and efficient remedy for protesting property tax assessments, the court should abstain from hearing the Debtors' Motion to Redetermine Tax Liabilities and Values.

**<u>Motion to Dismiss</u>**

The Tax Injunction Act provides that the district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[6] The court in In re Gillis, 836 F.2d 1001, 1004 (6th Cir. 1988), held that the two main purposes of the Act are to eliminate the discriminatory effect on State citizens, who are limited to State agencies and courts in settling their State tax disputes and of allowing foreign corporations to take State tax disputes into federal courts or State courts. Second, the

---

[6] 28 U.S.C. § 1341

Act's purpose is to eliminate disruption of State financing efforts by foreign corporations. The court cited to California v. Grace Brethren Church, 457 U.S. 393, 408, 102 S.Ct. 2498, 2507, 73 L.Ed.2d 93 (1982), wherein the United States Supreme Court held "[t]he Act divests district courts not only of jurisdiction to issue an injunction enjoining state officials, but also of jurisdiction to take actions that 'suspend or restrain' the assessment and collection of state taxes. Id. at 1003-4. Debtors clearly had a plain, speedy and efficient remedy under Kentucky law to protest their property tax assessment.

Collier on Bankruptcy provides that Section 505 "vests the bankruptcy court with authority to determine any unpaid liability of the Debtor . . ."[7] (emphasis added) "The jurisdiction to hear and determine any question arising as to the amount or legality of any unpaid tax was limited by two factors: First, the tax itself must not have been paid, and second, the disputed tax item must not have been contested and adjudicated prior to bankruptcy."[8] (emphasis added) All of the 2004 tax liabilities, with the exception of the two filed claims, have been paid. Thus, they do not fall within the purview of Section 505.

The Debtors have made no attempt to obtain property tax assessment adjustments by following statutory procedures available to them under Kentucky law, indicating less than good faith.

The tangible personal property taxes were assessed by the KTA on the basis the Debtors' own Tangible Personal Property Tax Returns submitted to the local property valuation administrators. These returns were submitted by Debtors' Property Tax Manager, John P. Taylor, in the ordinary course of the Debtors' business and signed by

---

[7] 4 Collier on Bankruptcy, ¶ 505 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.)
[8] Id.

him under penalty of perjury that the returns are correct and complete. (See a copy of one return attached as Exhibit A.) The KTA accepted the Debtors' representations as true and included those values into their overall county tax bases.

Concerning the real property listed by the Debtors, the real property in Bullitt County is not owned by Debtors but the Teachers Retirement System of Kentucky. The court in <u>American Principals Leasing Corp v. U.S.</u>, 904 F.2d 477 (9th Cir. 1990) held that the bankruptcy court cannot determine tax liability of parties other than the debtor. The taxpayer owning the real property is not the Debtors and not before this court. The Debtors' remedy in this instance would be to terminate its lease with the landlord, which Debtors have done at other locations.

Furthermore, Debtors failed to provide any information as to how the 2004 and 2005 property tax assessments were addressed by ATL, the company retained by Debtors. The Debtors have failed to present any evidence to suggest that the real property valuations performed by the taxing authorities were in any way incorrect. The Debtors had a protest procedure provided by Kentucky law to obtain a plain, speedy and efficient remedy regarding their property tax assessments. The Debtors chose not to utilize that remedy.

A bankruptcy court cannot determine the Debtors' right to a refund if the debtor fails to first seek such refund from the taxing authority within the time required by the applicable law. <u>In re Custom Distribution Servs.</u>, 224 F.3d 235 (3d Cir. 2000); 11 U.S.C. § 505(a)(2).

In both protest of an assessment or a refund request the taxpayer has the burden of proving his right to a reduction in value or refund of tax paid. Furthermore, tax

assessments are presumed correct and the burden of proving the contrary rests upon the taxpayer. Evans Oil & Gas Co. v. Draughn, Ky., 367 S.W.2d 453 (1963); Mansbach Metal Co. v. Department of Revenue, Ky. 521 S.W.2d 85 (1975); Jefferson County PVA v. Ben Schore Co., Ky. App. 736 S.W.2d 29 (1987).  The taxpayer must demonstrate through factual information and legal argument that it is entitled to a refund or lowering of an assessment.  The Debtors have failed to do so in this present matter.

As to Exhibits B &C concerning the real property located at 720 Locust Lane, the Debtors had the opportunity to protest the property tax assessments in 2004 and 2005, but failed to do so.  Thus, Debtors failed to avail themselves of a plain, speedy and efficient remedy for protesting this property tax assessment.  The second property listed in Exhibit C according to the parcel number provided is not located at 720 Locust Lane, but 3010 Preston Highway, Louisville, Kentucky.  This property consists of 0.43 acres of commercial/industrial land, paving, and fence.

As to the 2006 tax year for these two properties listed in Exhibit C, this property tax is a post petition tax and the Debtors have a plain, speedy and efficient remedy to protest these property tax assessments.  The assessment date was January 1, 2006, and the due date of the property tax is December 31, 2006.

Since the Debtors are seeking a return of taxes paid as an offset, they are in effect seeking a "refund" of those taxes.  Under § 505 (a)(2) the Debtors must first request a refund from the governmental unit before the Court may make a redetermination of a tax liability.  Debtors have failed to complete this hurdle and the Court should dismiss their motion for lack of jurisdiction or failure to state a claim upon which relief can be granted.

Concerning the Debtors' tax liabilities, the Debtors clearly had a plain, speedy and efficient remedy under Kentucky law. Kentucky's statutory remedies provide the Debtors with administrative and judicial review to tax assessments.[9] The Debtors had the opportunity in 2004 and 2005 to protest their property tax assessments and that time has expired for all years. The Debtors chose not to utilize Kentucky's statutory remedy for protesting their property tax assessments.

Since the Debtors had a statutory remedy which provided a plain, speedy and efficient remedy to resolve their property tax liabilities for 2004 and 2005, this Court should abstain from hearing this matter, or in the alternative overrule the Debtors' objection and dismiss their motion.

If the Court determines that it shall hear this matter there will be significant factual information which will require a discovery and scheduling order. Furthermore, under Kentucky law the taxpayer has the burden of proof to show that the assessment is incorrect. Debtors have failed to do so.

Debtors failed to timely protest their assessments and failed to timely file claims for refunds from the governmental entities. Since the Debtors must timely protest their property tax assessments and timely file a claim for a refund, the Court must dismiss their motion for relief under Section 505.

**Interest on Tax**

The Debtors' claim that the interest rate charged by the KTA is a penalty. Kentucky law sets the interest rate at 1% per month on delinquent property tax.[10] This

---

[9] KRS 133.045, 133.120, 131.340, and 133.370.
[10] KRS 134.500(1)

interest is in addition to a penalty of 10% for failure to pay the tax when due. The Debtors' objection to the interest rate is not well taken and should be denied.

**Statutory lien**

The KTA are not required, as creditors, to file a proof of claim pursuant to 11 U.S.C. § 501. This section is permissive. There are a long line of cases allowing a creditor secured by a lien on the assets of a debtor to ignore the bankruptcy proceedings and look to the lien for satisfaction of the debt. See Long v. Bullard, 17 U.S. 617, 620-21, 6 S.Ct.917, 918, 29 L.Ed. 1004 (1886); Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 582-83, 55 S.Ct. 854, 859-60, 79 L.Ed. 1593 (1935); (other cites omitted). The court in In re Folendore, 862 F.2d 1537, 1539 (11th Cir. 1989) held that "because an unchallenged lien survives the discharge of the debtor in bankruptcy, a lienholder need not file a proof of claim under section 501." The KTA have statutory liens on the Debtors' property. Since no POCs have been filed, these liens would survive bankruptcy unaffected. In re Thomas, 883 F.2d 991 (11th Cir. 1989).

Reducing, refunding or disallowing the secured property taxes would severely prejudice the KTA, especially in those jurisdictions where the tax has already been paid. These taxing jurisdictions have already spent those monies on funding local items, such as schools, fire districts, health departments, or libraries.

Taxes are determined by the budgetary public hearings conducted by the taxing authorities, the millage rate determinations, the values, which take in the uniformity and fairness fundamentals of taxation, all of which will be ignored if all parties are not included with the litigation. This provides the court with more reason to abstain or dismiss the Debtors' § 505 action.

The KTA respectfully reserve the right to amend and supplement their response as necessary.

WHEREFORE, the KTA respectfully requests this Court to:

1. Dismiss the Debtors' objection and motion for redetermination of taxes for lack of jurisdiction under the 11th Amendment of the United States Constitution as the Commonwealth did not waive its sovereign immunity;

2. Abstain from hearing or Dismiss Debtors' Omnibus Objection to Tax Claims and Motion for Determining Tax Values and Tax Liabilities to Kentucky Assessments in its entirety;

3. Require Debtors to pay their 2004 and 2005 real and personal property tax liabilities to KTA with interest at the rate of 12 percent per annum;

4. Grant the KTA their costs and fees incurred in the defense of Debtors' objection and motion; and

5. Grant such further relief as this Court deem proper.

    Respectfully submitted,

*/s/Susan F. Stivers*
Susan F. Stivers
Kentucky Bar No. 81386
Attorney for Finance & Administration
  Cabinet
Department of Revenue
P.O. Box 5222
Frankfort, Kentucky  40602-5222
Ofc:  (502) 564-4921 ext 4445
Fax:  (502) 564-7348
susan.stivers@ky.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing Kentucky Taxing Authorities' Motion to Abstain, Motion to Dismiss, And Response To Debtors' Omnibus Objection To Tax Claims And Motion For Order Determining Tax Values And Tax Liabilities will be served electronically by the court's CM/ECF System on the date filed on the 6th day of June, 2006, on the parties whose names are listed below:

                                              *s/Susan F. Stivers*
                                              Susan F. Stivers
                                              Department of Revenue

Copies to be served on:

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, FL 32254-3699
Debtors

D.J. Baker
Skadden, Arps, Slate, Meager
& Flom LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street Suite 1800
Jacksonville, FL 32202

Co-counsel for Debtors

Elena L. Escamilla
135 W Central Blvd. Ste 620
Orlando, FL 32806
U.S. Trustee's Office

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Creditor Committee