|  |  |
|---|---|
| **Hearing Date:** | June 15, 2006 at 1:00 p.m. |
| **Obj. Deadline:** | June 05, 2006 at 4:00 p.m. |

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

### JOINT RESPONSE OF (I) WELLS FARGO BANK NORTHWEST NATIONAL ASSOCIATION, AS TRUSTEE, (II) SOF INVESTMENTS, L.P., AND (III) PAUL REVERE LIFE INSURANCE COMPANY TO DEBTORS' ELEVENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS AND (C) MISCLASSIFIED CLAIMS

WELLS FARGO BANK NORTHWEST, National Association, as trustee ("Wells Fargo"), SOF Investments, L.P. as Series A Noteholder ("SOF"), Paul Revere Life Insurance Company as Series B Noteholder ("Paul Revere" and collectively with SOF and Wells Fargo, the "Claimants") by and through its undersigned counsel hereby responds to the Debtors' Eleventh OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) NO LIABILITY MISCLASSIFIED CLAIMS AND (C) MISCLASSIFIED CLAIMS (the "Omnibus Objection") and respectfully states as follows:

1.     The three claims that are the subject of this response all relate to the Debtors' rejection of a lease relating to a store in Lawrenceville, GA (Store 2715) and are in the amount of $751,973.85. The Omnibus Objection proposes the disallowance of all three claims on the identical grounds that there is purportedly "no liability per Debtor's books and records to [Trustee of Noteholders/Series A Noteholder/Series B Noteholder] purported to have been assigned landlord's guarantee, absent proof of assignment." This joint response demonstrates the assignment of the lease and the guarantee to Wells Fargo, as trustee for the benefit of SOF as the

Series A Noteholder and Paul Revere as the Series B Noteholder. Wells Fargo was formerly known as First Security Bank, National Association.

2.    On or about October 18, 2006, Wells Fargo filed a proof of claim against the Debtors designated as Claim No. 12076 (the "WF Claim") in the amount of $751,973.85. On or about such date, SOF and Paul Revere filed similar proofs of claims (in the identical amount) designated, respectively, as Claim No. 12075 (the "SOF Claim") and 12134 (the "Paul Revere Claim" and collectively with the WF Claim and the SOF Claim, the "Claims"), respectively. A copy of the WF Claim, the SOF Claim and the Paul Revere Claim are attached in order as Exhibit A hereto.

3.    As set forth more fully in each of the Claims, the Claims arise from the Debtors' rejection of a Lease Agreement dated as of March 4, 1998 between Winn-Dixie Atlanta, Inc. as tenant and Principal Mutual Life Insurance Company, as landlord (as amended from time to time, the "Lease"), which Lease was guaranteed by Winn-Dixie Stores, Inc. pursuant to that certain Guaranty of Lease Obligations dated as of March 9, 1998 (as amended from time to time, the "Lease Guaranty"). The Lease and the Lease Guaranty relate to the former Winn Dixie store located in Lawrenceville Georgia designated as Store No. 2715. Following the original execution of the Lease, on or around January 31, 2001, Principal Mutual Life Insurance Company, as original landlord, transferred the Lease, the Lease Guaranty and related rights, properties and assets, subject to Claimant's rights, to a trust known as WD Lawrenceville, LLC (the "Landlord"). On information and belief, Landlord currently owns the real property interests represented by Store Number 2715.

4.    Wells Fargo's right to file the WF Claim and otherwise assert rights against the Debtors because of the rejection of the Lease and the existence of the Lease Guaranty arise from

(i) the provisions of the collateral documents executed by the landlord in favor of Wells Fargo at the time of the Lease transactions and (ii) the provisions of Fed. R. Bankr. Proc. 3001(e)(3). SOF filed the SOF Claim and Paul Revere filed the Paul Revere Claim by virtue of their ownership of the promissory notes for which Wells Fargo acts as trustee. The Claimants acknowledge that the three separate proofs of claim constituting the Claims may be viewed as duplicative of each other as they relate to the same rejected lease and guarantee thereof and only one single aggregate recovery is appropriate. The SOF Claim and the Paul Revere Claim were filed in an abundance of caution and the Claimants would consent to the allowance of one claim, that being Claim No. 12076 of Wells Fargo (i.e. the WF Claim).

5.     At or around the time of the execution of the Lease in 1998 original landlord Principal Mutual Life Insurance Company (i) issued secured notes (the "Notes") under and in connection with a certain Indenture dated as of March 20, 1998, a certain Note Purchase Agreement dated as March 20, 1998 and other related documents and instruments and (ii) secured the Notes pursuant to certain collateral documents (collectively, the "Lease Collateral Documents"). The Notes consist of a Series A Note currently held by SOF and the Series B Note currently held by Paul Revere. The Lease Collateral Documents include (i) that certain Assignment of Lease and Agreement dated as of March 20, 1998 from Principal Mutual Life Insurance Company to Wells Fargo and Val T. Orton, individually, as trustees for the registered holders of the Notes (as amended from time to time, the "Lease Assignment") and (ii) that certain Deed to Secure Debt, Security Agreement and Fixture Filing from Principal Mutual Life Insurance Company, as grantor, to Claimant and Val T. Orton, not in their individual capacities but as trustees for the registered holders of the Notes (as amended from time to time, the

"Mortgage"). A copy of the Lease Assignment is attached hereto as Exhibit B and a copy of the Mortgage is attached hereto as Exhibit C.

6.      Under the Lease Collateral Documents, including, most significantly, Section 1 of the Lease Assignment, the Landlord, among other things, granted to Wells Fargo, as trustee, a lien and mortgage on the relevant store and the land parcel, and assigned, transferred, conveyed and set over to Wells Fargo, as assignee, all of Landlord's estate, right, title and interest in, to and under the Lease and the Lease Guaranty, together will all rights, powers, privileges, options and other benefits of Landlord as lessor under the Lease, including, but not by way of limitation, the specific right "pursue and collect any claim in a bankruptcy or other insolvency proceeding involving lessee or Guarantor". See Section 1(vii) of Lease Assignment. Wells Fargo asserts that by virtue of the Lease Assignment and the other Lease Collateral Documents, Wells Fargo is entitled to file the WF Claim and otherwise assert claims against the Debtors arising from the rejection of the Lease. As noted, in an abundance of caution, for the same reasons, SOF and Paul Revere, as holders of the Notes for which Wells Fargo acts as trustee, have filed the SOF Claim and the Paul Revere Claim, respectively.

7.      In addition, Wells Fargo is entitled to file the WF Claim (and SOF and Paul Revere the SOF Claim and the Paul Revere Claim, respectively) and otherwise assert claims against the Debtors pursuant to Fed. R. Bankr. Proc. 3001(e)(3) (the "Rule") which provides:

(3) *Transfer of Claim for Security Before Proof Filed.* If a claim other than one based on a publicly traded note, bond, or debenture has been transferred for security before proof of the claim has been filed, the transferor or transferee or both may file a proof of claim for the full amount. The proof shall be supported by a statement setting forth the terms of the transfer. If either the transferor or the transferee files a proof of claim, the clerk shall immediately notify the other by mail of the right to join in the filed claim. If both transferor and transferee file proofs of the same claim, the proofs shall be consolidated. If the transferor or transferee does not file an agreement regarding its relative rights respecting voting of the claim, payment of dividends thereon, or participation in the administration

of the estate, on motion by a party in interest and after notice and a hearing, the court shall enter such orders respecting these matters as may be appropriate.

8.      At a minimum, the rights provided to Wells Fargo in 1998 by virtue of the Lease Assignment and the other Lease Collateral Documents constitute a transfer of a claim for security. Thus, pursuant to the Rule, Wells Fargo is entitled to file a proof of claim, which it has under the WF Claim (and, in an abundance of caution the holders of the Notes for which Wells Fargo acts as trustee has also filed claims).[1] It should be noted that based on a review of the publicly available claims docket for the Debtors maintained by Logan & Co., it does not appear that the Landlord has filed a proof of claim in connection with the rejection of the Lease. Nonetheless, even if the Landlord had filed a proof of claim, the Rule specifically allows and contemplates the filings of the Claims.

9.      In conclusion, by virtue of the Lease Collateral Documents and the Rule, Wells Fargo is entitled to assert the WF Claim, SOF is entitled to assert the SOF Claim and Paul Revere is entitled to assert the Paul Revere Claim, and hence the objections to the Claims set forth in the Omnibus Objection should not be sustained.

---

[1]   The Advisory Committee Note to the Rule states that "[a]n assignee for security has been recognized as a rightful claimant in bankruptcy. *Feder. v. John Englehorn & Sons*, 202 F.2d 411 (2d Cir. 1953). An assignor's right to file a claim notwithstanding the assignment was sustained in *In re R&L Engineering Co.*, 182 F. Supp. 317 (S.D. Cal. 1960). Facilitation of the filing of proofs by both claimants as holders of interests in a single claim is consonant with equitable treatment of the parties and sound administration. See *In re Latham Lithographic Corp.*, 107 F.2d 749 (2d Cir. 1939)."

WHEREFORE, Wells Fargo, SOF and Paul Revere respectfully requests that the Court (i) deny the Debtors the relief requested by the Omnibus Objection, (ii) allow as a single general unsecured claim the claims asserted in the Claims and (iii) grant such other relief as is just and proper.

Dated: New York, New York
June 2, 2006

VINSON & ELKINS, LLP

By: _____
Steven M. Abramowitz (SA0608)

666 Fifth Avenue, 26th Floor
New York, NY  10103
Telephone: (917) 206-8137
Facsimile: (917) 206-8100

**Attorney for Wells Fargo Bank
Northwest, N.A., SOF Investments, L.P.
and Paul Revere Life Insurance Company**

NY:180577_1.DOC