**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | |
| | ) | *Chapter 11* |
| Debtors. | ) | |
| | **)** | Jointly Administered |

**REPLY TO OBJECTION TO CLAIM AND**
**MOTION FOR AN ORDER DETERMING TAX VALUES AND LIABILTITES**

The Chattanooga City Treasurer, a creditor and a Taxing Authority (hereafter the "City") as defined by the debtor, by and through counsel, responds to the debtor's Objection to Claim pursuant to Bankruptcy Rule 3007 and Motion for an Order Determining Tax Values as follows:

1.   Any personal property tax paid or owed by the debtor to City that might constitute a claim are priority claims pursuant to 11 U.S.C. § 507(a)(3)(A).

2.   The debtor filed its tax personal property tax reports for calendar years 2004 and 2005 as summarized by the debtor and set forth in Exhibit A (Objection to Claim) and Exhibit B (Motion for an Order Determining Tax Values) (hereafter the Exhibits") as attached to the Motion and Objection.

3.   The debtor filed schedules with the Hamilton County Assessor's Office as contemplated by Tennessee state law for ad valorem taxes. The debtor paid the taxes that were due for calendar year 2004 as set forth in the Exhibits. The debtor has not paid the taxes that are due for 2005 as set forth in the Exhibits.

4.   The City submits that the values set forth by the debtor in its personal property tax schedules were the appropriate values as determined by the debtor for calendar years 2004 and 2005 as set forth in the Exhibits at the time the schedules were filed.

5.	The debtor has not alleged or shown a sufficient basis for the Court to redetermine the amount of personal property taxes owed by the debtor to the City for calendar years 2004 and 2005.  That is, the debtor has not shown that a redetermination is necessary for the effective administration of the debtor's estate.  *In Re: Wolverine Radio, Co.,* 1132 (6th Cir. 1001); *cert denied*, 503 U.S. 978, 112 S. Ct. 1605, 118 L.Ed.2n 317 (1992).

6.	An amended schedule for calendar year 2004 was due by September 1, 2005.  The City submits that any redetermination of the debtor's taxes due to the City would have a negligible effect on the debtor's estate.

7.	 The debtor's tax schedule for calendar year 2004 was due by March 1, 2004.  T.C.A. § 67-5-903(b).  (copy attached) An amended schedule for calendar year 2004 had to be filed by September 1 of the following tax year, or September 1, 2005.  T.C.A. § 67-5-903(e).  The debtor's time to file an amended schedule or challenge its statement of the assessed value of its personal property on schedules it filed as contemplated by Tennessee law has expired.  That is, the debtor's request for a redetermination of its 2004 personal property taxes was not filed until the date the Objection and Motion were filed on or about April 18, 2006.

Respectfully submitted,

**RANDALL L. NELSON, CITY ATTORNEY
CITY OF CHATTANOOGA, TENNESSEE**

By:___/s/ Kenneth O. Fritz_____
Kenneth O. Fritz,  (BPR #010960)
Michael A. McMahan,  (BPR #810)
City of Chattanooga
Delinquent Tax Attorneys
801 Broad Street, Suite 400
Chattanooga, TN  37402
(423) 757-5338
(423) 757-0737

## **CERTIFICATE OF SERVICE**

      I certify that a true and correct copy of the foregoing document was served upon either counsel for or all parties in this cause by hand delivery or by depositing same in the United States Mail, postage prepaid, addressed as follows:

| | |
|---|---|
| D. J. Baker | |
| Sally McDonald Henry | Stephen D. Busey |
| Rosalie Walker Gray | James H. Post |
| SKADDEN, ARPS, SLATE, MEAGHER | Cynthia C. Jackson |
| AND FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, NY  10036 | Jacksonville, FL  32202 |

      This the 8th day of June, 2006.      /s/ Kenneth O. Fritz
                                                                       KENNETH O. FRITZ