Hearing Date: June 29, 2006, 1:00 p.m.
Objection Deadline: June 22, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | )   Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | )   *Chapter 11* |
| | ) |
| Debtors.[1] | )   Jointly Administered |
| | ) |

### DEBTORS' MOTION FOR ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT WITH THE LIBMAN COMPANY AND APPROVING RESOLUTION OF CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. § 365 authorizing the rejection of a prepetition supply agreement between Winn-Dixie Stores, Inc. ("Winn-Dixie") and The Libman Company ("Libman") and approving the resolution of associated claims (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested by this Motion is section 365 of the Bankruptcy Code.

### Relief Requested

6.      By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, (a) approving and authorizing the rejection, effective as of June 30, 2006, of a supply agreement dated as of December 5, 2002, between Winn-Dixie and Libman (the "Prepetition Supply Agreement") and (b) approving the resolution of Libman's claims, including Libman's waiver of all claims for damages arising from the rejection of the Prepetition Supply Agreement and all other claims (except for a scheduled unsecured claim of $100,722.11 and any unpaid postpetition invoices) it has or may have had against the Debtors.

2

7.      The Debtors have for several years purchased cleaning tools (stickgoods and smallwares) from Libman.  Although the Debtors desire to continue their relationship with Libman, the terms of the Prepetition Supply Agreement are no longer feasible, due, in part, to the reduction in the Debtors' store count.  In particular, the Prepetition Supply Agreement requires the Debtors to offer Libman's products in 950 stores and obligates the Debtors to purchase at least 35% of its cleaning products from Libman until net sales reached $4.5 million.

8.      Therefore, the Debtors have determined that that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Prepetition Supply Agreement and to provide for a continuing relationship with Libman on more favorable terms under a new ordinary course agreement.  Libman has agreed to this approach, with a specific waiver of all claims (except for a scheduled unsecured claim of $100,722.11 and any unpaid postpetition invoices) it has or may have had against the Debtors, including claims for rejection damages.  In addition, Libman has agreed that the new agreement, which will take effect upon the rejection of the Prepetition Supply Agreement, may be terminated by the Debtors without liability in the event the Debtors' chapter 11 plan of reorganization is not confirmed or does not become effective.

9.      By rejecting the Prepetition Supply Agreement in favor of a new agreement with Libman, the Debtors will avoid the burdensome obligation of the $4.5 million volume requirement as well as the incurrence of a significant rejection damage claim, and will be able to continue offering Libman's products to their customers on terms that better reflect the current and future needs of their operating stores.

**Basis of Relief**

10.    Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assocs., 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent. Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989).  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

12.     The Debtors have satisfied the "business judgment" standard for rejecting the Prepetition Supply Agreement.  The contract was burdensome and the Debtors are able to continue to do business with Libman on more favorable terms.  Moreover, Libman has agreed to waive all claims (except for a scheduled unsecured claim of $100,722.11 and any unpaid postpetition invoices) it has or may have had against the Debtors, including claims for rejection damages.  Accordingly, the Debtors' determination that the Prepetition Supply Agreement should be rejected reflects their exercise of sound business judgment.

### Notice

13.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) Libman.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A (a) approving and authorizing the Debtors to reject the Prepetition Supply Agreement effective as of June 30, 2006, and (b) approving the resolution of claims, including Libman's waiver of its claims (except for a

scheduled unsecured claim of $100,722.11 and any unpaid postpetition invoices); and (ii) grant

such other and further relief as the Court deems just and proper.

Dated:  June 9, 2006

SKADDEN, ARPS, SLATE, MEAGHER          SMITH HULSEY & BUSEY
& FLOM LLP


By    *s/ D. J. Baker*                           By    *s/ Cynthia C. Jackson*
        D. J. Baker                                      Stephen D. Busey
        Sally McDonald Henry                             James H. Post
        Rosalie Walker Gray                              Cynthia C. Jackson
        Steven B. Eichel                                 F.B.N. 498882
Four Times Square                              225 Water Street, Suite 1800
New York, New York 10036                       Jacksonville, Florida  32202
(212) 735-3000                                 (904) 359-7700
(212) 735-2000 (facsimile)                     (904) 359-7708 (facsimile)
djbaker@skadden.com                            cjackson@smithhulsey.com

Co-Counsel for the Debtors                     Co-Counsel for the Debtors

EXHIBIT A

ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT WITH
THE LIBMAN COMPANY, EFFECTIVE AS OF JUNE 30, 2006, AND
APPROVING RESOLUTION OF CLAIMS

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                          )    Case No. 05-03817-3F1
                                                )
WINN-DIXIE STORES, INC., et al.,                )    *Chapter 11*
                                                )
Debtors.                                        )    Jointly Administered
                                                )

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT
WITH THE LIBMAN COMPANY AND APPROVING RESOLUTION OF CLAIMS**

These cases came before the Court for hearing on June 29, 2006, upon the motion

of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order

under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of a supply agreement

dated as of December 5, 2002, with The Libman Company (the "Prepetition Supply Agreement"),

effective as of June 30, 2006 (the "Motion").  The Court has read the Motion and considered the

representations of counsel.  Upon the representations of counsel and without objection from the

United States Trustee or any other interested party, the Court determines that good cause exists

to grant the relief requested by the Motion and granting the relief is in the best interest of these

estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    The Debtors are authorized to reject the Prepetition Supply Agreement

pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreement is rejected, effective as of

June 30, 2006.

3.    All claims that The Libman Company has or may have had against the

Debtors (except for a scheduled unsecured claim in the amount of $100,722.11 and unpaid

postpetition invoices) are waived.  The Libman Company shall have no rejection damages claim

against the Debtors resulting from the rejection of the Prepetition Supply Agreement.

4.     Nothing in this Order constitutes a waiver of any claims the Debtors may

have against The Libman Company, whether or not related to the Prepetition Supply Agreement.

5.     The Debtors are authorized to take all actions necessary to effectuate the

relief granted pursuant to this Order.

6.     The Court will retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this ____ day of June, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.