Hearing Date: June 29, 2006, 1:00 p.m.
Objection Deadline: June 22, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING
### REJECTION OF EXECUTORY CONTRACTS AND
### UNEXPIRED LEASES EFFECTIVE AS OF JUNE 29, 2006

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and

debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §

365(a) authorizing the Debtors to reject the executory contracts and unexpired leases set forth on

the attached Exhibit A (the "Motion"). In support of the Motion, the Debtors respectfully

represent as follows:

### Background

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions

for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C.

§§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly

administered for procedural purposes only.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, an official committee of unsecured creditors (the "Creditors Committee") was appointed to serve in these cases pursuant to section 1103 of the Bankruptcy Code.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.    The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

### Relief Requested

6.    By this Motion, the Debtors seek an order of the Court, pursuant to section 365(a) of the Bankruptcy Code, approving and authorizing the rejection of the executory contracts and unexpired leases identified on Exhibit A (collectively, the "Contracts"),[2] effective as of June 29, 2006.

7.    The Contracts are no longer necessary to the Debtors' businesses.  Thus, the Debtors have determined that it is in their best interests, as well as in the best interest of their estates and creditors, to reject the Contracts.  By rejecting the Contracts, the Debtors will avoid

---

[2]    The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

unnecessary expense and burdensome obligations that provide no tangible benefit to the Debtors'
estates or creditors.

8.      Certain of the Contracts are no longer needed by the Debtors because they relate
to facilities that have been sold or closed by the Debtors.  These Contracts consist of (a) a
warehouse service agreement with American Cold Storage-North America, L.P. for the Debtors'
former Louisville warehouse, (b) a copier equipment lease with Great America Leasing
Corporation, (c) a transportation agreement with Kenan Advantage Group, Inc. for shipping
services to stores that are now closed, (d) an inventory agreement between Deep South Products,
Inc. and Phoenix Closures and (e) a service agreement with Waste Management – AL for a
closed store in Alabama.

9.      The remainder of the Contracts consist of (a) several pharmacist service
agreements, (b) several information technology contracts, (c) a uniform rental agreement with
Cintas Corporation, (d) a service agreement with Safety-Kleen Corp., (e) a security guard service
agreement with Wackenhut Corporation and (f) a merchant processing agreement with Nova
Information Systems, Inc. and Wachovia Bank.  The Debtors have determined that they either no
longer need these agreements or that they are able to obtain similar services from alternative
sources at a lower cost.  As part of the Debtors' strategy to eliminate inefficiencies and reduce
overhead, the Debtors have determined that it is in their best interest to reject these Contracts.

## Basis for Relief

10.      Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-
possession, "subject to the court's approval, may assume or reject any executory contract or
unexpired lease of the debtor." 11 U.S.C. § 365(a).  A debtor-in-possession's right to reject
executory contracts and unexpired leases is a fundamental component of the bankruptcy process,

3

as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re

Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998) (citations omitted); In re Hardie, 100 B.R.

284, 285 (Bankr. E.D.N.C. 1989) (citation omitted); In re Gunter Hotel Assoc., 96 B.R. 696, 699

(Bankr. W.D. Tex. 1988) (citations omitted).

      11.    The decision to reject an executory contract or unexpired lease is primarily

administrative and should be given great deference by a court, subject only to review under the

"business judgment" rule. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2

(11th Cir. 1987) (citations omitted); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469

(Bankr. M.D. Fla. 2005) (citations omitted); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr.

M.D. Fla. 1988). The business judgment rule requires the debtor to establish that rejection of the

agreement will likely benefit the estate. See In re Surfside Resort and Suites, Inc., 325 B.R. at

469 (citation omitted); In re Cent. Fla. Fuels, Inc., 89 B.R. at 245 (citations omitted); Sharon

Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989) (citations

omitted). Courts universally regard the business judgment rule as a low standard to meet, and

therefore, absent a finding of bad faith, will not disturb the decision to reject an executory

contract or unexpired lease by substituting their own judgment for that of the debtor. See In re

Surfside Resort and Suites, Inc., 325 B.R. at 469 (citation omitted); In re III Enters. Inc. V, 163

B.R. 453, 469 (Bankr. E.D. Pa. 1994) (citations omitted), aff'd sub nom. Pueblo Chem. Inc. v. III

Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287 (citation omitted).

      12.    The Debtors have satisfied the "business judgment" standard for rejecting the

Contracts in the present case. The Contracts are unnecessary to the Debtors' ongoing operations,

are not a source of potential value for the Debtors' estates and creditors, and constitute an

unnecessary drain on the Debtors' resources.  Accordingly, the Debtors' determination that the

Contracts should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

13.    To the extent that the parties to the Contracts assert rejection damages as a result

of the rejection proposed by this Motion, the Debtors request that the Court order that the

deadline for filing a proof of claim for such rejection damages is 30 days after the date of entry of

the order entered pursuant to this Motion.

### Notice

14.    Notice of the Motion has been provided to (a) counsel to the Office of the United

States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the

Creditors' Committee, (d)  the other parties in interest named on the Master Service List

maintained in these cases, and (e) the parties to the Contracts.  No other or further notice need be

given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, authorizing and approving the rejection of the Contracts, effective as of June 29, 2006 and (ii) grant such other and further relief as the Court deems just and proper.

Dated: June 9, 2006

| SKADDEN, ARPS, SLATE, MEAGHER<br>& FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By ___*s/ D. J. Baker*___<br>　　D. J. Baker<br>　　Sally McDonald Henry<br>　　Rosalie Walker Gray<br>　　Jane M. Leamy<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | By ___*s/ Cynthia C. Jackson*___<br>　　Stephen D. Busey<br>　　James H. Post<br>　　Cynthia C. Jackson,<br>　　Florida Bar Number 498882<br>225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.  The rejections pursuant to this Order apply only to the Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Adamo Enterprises, Inc.<br>11911 U.S. Hwy 1<br>North Palm Beach, FL  33408 | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement dated as of December 4, 2001 |
| American Cold Storage-North America, L.P.<br>607 Industry Rd.<br>Louisville, KY  40208<br>Attn:  Al Borthwick | Winn-Dixie Logistics, Inc. | Warehouse Service Agreement dated as of February 1, 2002 |
| Cardinal Health Staffing Network<br>7000 Cardinal Place<br>Dublin, OH  43017 | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement dated as of January 15, 2001 |
| Cintas Corporation<br>191 Elcon Drive<br>Greenville, SC  29605 | Winn-Dixie Stores, Inc. | Standard Uniform Rental Service Agreement dated July 26, 2004 for Superbrand Dairy, Greenville, SC |
| Custom Staffing, Inc.<br>9995 Gate Parkway North, Suite 100<br>Jacksonville, FL  32246<br>Attn:  Shawn Durden | Winn-Dixie Stores, Inc. | Master Information Technology Services Agreement dated as of July 26, 2004 |
| Great America Leasing Corporation<br>P.O. Box 609<br>Cedar Rapids, IA  52406-0609 | Winn-Dixie Montgomery, Inc. | Lease Agreement No. 300085 for 3 Canon IR 5000 Copier Systems dated as of December 21, 2004 |
| Health Research Associates, Inc.<br>d/b/a Pharmacy Resources Network<br>P.O. Box 1233<br>Kennesaw, GA  30156 | Winn-Dixie Stores, Inc. | Agreement to Provide Pharmacists dated as of October 23, 2002 |
| Information Builders, Inc.<br>Vice President of Finance<br>Two Penn Plaza<br>New York, NY  10121-2898 | Winn-Dixie Stores, Inc. | Master Software License Agreement dated April 15, 2003 |
| Kenan Advantage Group Inc.<br>4895 Dressler Road, NW<br>Suite 100<br>Canton, OH  44718 | Winn-Dixie Stores, Inc. | Transportation Agreement dated as of September 29, 2003 |

| MCI Worldcom Network Services Inc.<br>Three Ravinia Drive<br>Atlanta, GA 30346<br>Attn: Legal Department, Commercial Law | Winn-Dixie Stores, Inc. | 1. Special Customer Arrangement for MCI Worldcom On-Net Services dated September 9, 1999<br><br>2. Master Agreement No. M12-40317 for EDI NET Services dated March 25, 1994 |
|---|---|---|
| Nova Information Systems<br>One Concourse Parkway, Suite 300<br>Atlanta, GA 30328 | Winn-Dixie Stores, Inc. | Merchant Processing Agreement dated December 13, 1996 |
| Pharmacy Relief Services of Central Florida<br>1810 Poinciana Road<br>Winter Park, FL 32792 | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement dated as of February 16, 2001 |
| Phoenix Closures<br>1899 High Grove Lane<br>Naperville, IL 60540-3996 | Deep South Products, Inc. | Phoenix/Deep South Partnership Inventory Agreement dated as of March 30, 2000 |
| Project Assistants Inc.<br>Foulkstone Plaza Business Park<br>1409 Foulk Rd., Suite 200<br>Wilmington, DE 19803<br>Attn: Bob Kirkpatrick | Winn-Dixie Stores, Inc. | Statement of Work for Knowledge Management Solution dated December 22, 2004 |
| Protemp Services, LLC<br>6162 Valley Station Circle<br>Pelham, AL 35124<br>Attn: Scott Baker, Owner | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement, dated as of March 15, 2002 |
| Reliable One Staffing Services<br>325 S. Old Woodward, 3rd Floor<br>Birmingham, MI 48009<br>Attn: Ray Lichocki | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement, dated as of March 15, 2001 |
| Rx Relief<br>6770 N. West Ave. , Suite 102<br>Fresno, CA 93711-1399 | Winn-Dixie Stores, Inc. | Professional Services Agreement, dated as of May 3, 2004 |
| Rx Solutions<br>PMB 1318436 Denton Hwy.<br>Suite 208<br>Watauga, TX 76148-2459 | Winn-Dixie Montgomery, Inc. f/k/a Winn-Dixie Louisiana, Inc. | Pharmacist Service Agreement, dated as of February 16, 2001 |
| Safety-Kleen Corp.<br>P.O. Box 650509<br>Dallas, TX 75265-0509 | Winn-Dixie Stores, Inc. | Used Fluid Recovery Service Agreement dated November 30, 2001 |
| Wachovia Bank f/k/a First Union National Bank<br>7750-1 Bayberry Rd.<br>Jacksonville, FL 32256 | Winn-Dixie Stores, Inc. | Merchant Processing Agreement dated December 13, 1996 |
| Wackenhut Corporation<br>Contracts Management Dept.<br>1500 San Remo Avenue<br>Coral Gables, FL 33146-3009 | Winn-Dixie Stores, Inc. | Services Contract, dated as of July 17, 1989 |
| Waste Management of AL-North<br>101 Spacegate Dr. NW<br>Huntsville, AL 35806-3726 | Winn-Dixie Stores, Inc. | Service Agreement for Store No. 1912, dated October 3, 1997 |

8

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES EFFECTIVE AS OF JUNE 29, 2006**

These cases came before the Court for hearing on June 29, 2006, upon the motion

of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order

under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of the executory

contracts and unexpired leases listed on Exhibit A (collectively, the "Contracts") effective as of

June 29, 2006 (the "Motion").  The Court has read the Motion and considered the representations

of counsel.  Upon the representations of counsel and without objection from the United States

Trustee or any other interested party, the Court determines that good cause exists to grant the

relief requested by the Motion and granting the relief is in the best interest of these estates and

creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Contracts pursuant to 11 U.S.C. §

365(a), and the Contracts are deemed rejected, effective as of June 29, 2006.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may

have against any counterparty to the Contracts, whether or not related to the Contracts.

4.      Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.  Among other things, to the extent any of the Contracts constitute leases of personal property, the Debtors are authorized to surrender such personal property by offering it for pickup by the relevant counterparty at a designated time and place.

6.      The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of June, 2006, in Jacksonville, Florida.


 

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

## EXHIBIT A

## CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the
Contracts.  The rejections pursuant to this Order apply only to the Contracts identified in
this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with
the Non-Debtor Parties listed herein.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Adamo Enterprises, Inc.<br>11911 U.S. Hwy 1<br>North Palm Beach, FL  33408 | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement dated as of December 4, 2001 |
| American Cold Storage-North America, L.P.<br>607 Industry Rd.<br>Louisville, KY  40208<br>Attn:  Al Borthwick | Winn-Dixie Logistics, Inc. | Warehouse Service Agreement dated as of February 1, 2002 |
| Cardinal Health Staffing Network<br>7000 Cardinal Place<br>Dublin, OH  43017 | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement dated as of January 15, 2001 |
| Cintas Corporation<br>191 Elcon Drive<br>Greenville, SC  29605 | Winn-Dixie Stores, Inc. | Standard Uniform Rental Service Agreement dated July 26, 2004 for Superbrand Dairy, Greenville, SC |
| Custom Staffing, Inc.<br>9995 Gate Parkway North, Suite 100<br>Jacksonville, FL  32246<br>Attn:  Shawn Durden | Winn-Dixie Stores, Inc. | Master Information Technology Services Agreement dated as of July 26, 2004 |
| Great America Leasing Corporation<br>P.O. Box 609<br>Cedar Rapids, IA  52406-0609 | Winn-Dixie Montgomery, Inc. | Lease Agreement No. 300085 for 3 Canon IR 5000 Copier Systems dated as of December 21, 2004 |
| Health Research Associates, Inc.<br>d/b/a Pharmacy Resources Network<br>P.O. Box 1233<br>Kennesaw, GA  30156 | Winn-Dixie Stores, Inc. | Agreement to Provide Pharmacists dated as of October 23, 2002 |
| Information Builders, Inc.<br>Vice President of Finance<br>Two Penn Plaza<br>New York, NY  10121-2898 | Winn-Dixie Stores, Inc. | Master Software License Agreement dated April 15, 2003<br>WebFocus DB2-Mainframe Connector for Tomax Reports<br>WebFocus Enterprise Reporting<br>WebFocus S390 |
| Kenan Advantage Group Inc.<br>4895 Dressler Road, NW<br>Suite 100<br>Canton, OH  44718 | Winn-Dixie Stores, Inc. | Transportation Agreement dated as of September 29, 2003 |

3

| MCI Worldcom Network Services Inc.<br>Three Ravinia Drive<br>Atlanta, GA 30346<br>Attn: Legal Department, Commercial Law | Winn-Dixie Stores, Inc. | 1. Special Customer Arrangement for MCI Worldcom On-Net Services dated September 9, 1999<br><br>2. Master Agreement No. M12-40317 for EDI NET Services dated March 25, 1994 |
|---|---|---|
| Nova Information Systems<br>One Concourse Parkway, Suite 300<br>Atlanta, GA 30328 | Winn-Dixie Stores, Inc. | Merchant Processing Agreement dated December 13, 1996 |
| Pharmacy Relief Services of Central Florida<br>1810 Poinciana Road<br>Winter Park, FL 32792 | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement dated as of February 16, 2001 |
| Phoenix Closures<br>1899 High Grove Lane<br>Naperville, IL 60540-3996 | Deep South Products, Inc. | Phoenix/Deep South Partnership Inventory Agreement dated as of March 30, 2000 |
| Project Assistants Inc.<br>Foulkstone Plaza Business Park<br>1409 Foulk Rd., Suite 200<br>Wilmington, DE 19803<br>Attn: Bob Kirkpatrick | Winn-Dixie Stores, Inc. | Statement of Work for Knowledge Management Solution dated December 22, 2004 |
| Protemp Services, LLC<br>6162 Valley Station Circle<br>Pelham, AL 35124<br>Attn: Scott Baker, Owner | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement, dated as of March 15, 2002 |
| Reliable One Staffing Services<br>325 S. Old Woodward, 3rd Floor<br>Birmingham, MI 48009<br>Attn: Ray Lichocki | Winn-Dixie Stores, Inc. | Pharmacist Service Agreement, dated as of March 15, 2001 |
| Rx Relief<br>6770 N. West Ave. , Suite 102<br>Fresno, CA 93711-1399 | Winn-Dixie Stores, Inc. | Professional Services Agreement, dated as of May 3, 2004 |
| Rx Solutions<br>PMB 1318436 Denton Hwy.<br>Suite 208<br>Watauga, TX 76148-2459 | Winn-Dixie Montgomery, Inc. f/k/a Winn-Dixie Louisiana, Inc. | Pharmacist Service Agreement, dated as of February 16, 2001 |
| Safety-Kleen Corp.<br>P.O. Box 650509<br>Dallas, TX 75265-0509 | Winn-Dixie Stores, Inc. | Used Fluid Recovery Service Agreement dated November 30, 2001 |
| Wachovia Bank f/k/a First Union National Bank<br>7750-1 Bayberry Rd.<br>Jacksonville, FL 32256 | Winn-Dixie Stores, Inc. | Merchant Processing Agreement dated December 13, 1996 |
| Wackenhut Corporation<br>Contracts Management Dept.<br>1500 San Remo Avenue<br>Coral Gables, FL 33146-3009 | Winn-Dixie Stores, Inc. | Services Contract, dated as of July 17, 1989 |
| Waste Management of AL-North<br>101 Spacegate Dr. NW<br>Huntsville, AL 35806-3726 | Winn-Dixie Stores, Inc. | Service Agreement for Store No. 1912, dated October 3, 1997 |

458446-Wilmington Server 1A - MSW