Hearing Date: June 29, 2006, 1:00 p.m.
Objection Deadline: June 22, 2006, 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.¹ | ) Jointly Administered |
| | ) |

**DEBTORS' MOTION FOR ORDER (I) AUTHORIZING
REJECTION OF EXECUTORY CONTRACT WITH SANDERSON FARMS, INC.
AND (II) APPROVING (A) SETOFF AND (B) RESOLUTION OF CLAIMS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. §§ 362, 365(a), 502 and 553 (i) authorizing the rejection of a prepetition supply agreement with Sanderson Farms, Inc. ("Sanderson Farms"), and (ii) approving (a) the setoff of Sanderson Farms' and the Debtors' prepetition claims against each other and (b) the resolution of Sanderson Farms' associated claims. In support of the Motion, the Debtors respectfully represent as follows:

Background

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States

---

¹ In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4. This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested in the Motion are sections 362, 365(a), 502 and 553 of the Bankruptcy Code.

Relief Requested

6. By this Motion, the Debtors seek an order of the Court, pursuant to sections 362, 365(a), 502 and 553 of the Bankruptcy Code, (a) approving and authorizing the rejection, effective as of June 30, 2006, of a supply agreement dated July 1, 2003, between Winn-Dixie Procurement, Inc. and Sanderson Farms (the "Prepetition Supply Agreement"), and (b) approving (i) Sanderson Farms' setoff of its prepetition general unsecured claim against the Debtors' accrued prepetition credits, both of which arise from the Prepetition

Supply Agreement, and (ii) the resolution of Sanderson Farms' claims, including the waiver of all claims for rejection damages and all other claims (except for an agreed reclamation claim and any unpaid postpetition invoices).

7.  The Debtors have for several years purchased chicken and chicken related products from Sanderson Farms. Although the Debtors desire to continue their relationship with Sanderson Farms, the terms of the Prepetition Supply Agreement are no longer feasible, due, in part, to the reduction in the Debtors' store count. In particular, the Prepetition Supply Agreement requires the Debtors to purchase 550 million pounds of chicken, with the term of the agreement continuing until that requirement is satisfied. Thus, the reduced store count has operated to extend the term of the Prepetition Supply Agreement. Moreover, the Prepetition Supply Agreement contains a liquidated damages clause in the event it terminates before the required purchases are made.

8.  Therefore, the Debtors have determined that it is in their best interests, as well as in the best interests of their estates and creditors, to reject the Prepetition Supply Agreement and to provide for a continuing relationship with Sanderson Farms on more favorable terms under a new ordinary course supply agreement. Sanderson Farms has agreed to this approach, with the understanding that (a) its reclamation claim, as previously agreed between the parties, will be allowed in the amount of $529,509.95, (b) a portion of its prepetition general unsecured claim will be setoff against prepetition credits accrued by the Debtors, and the balance of its general unsecured claim will be waived, and (c) any claims for rejection damages and all other claims (except for the agreed reclamation claim and any

unpaid postpetition invoices) it has or may have had against the Debtors will be waived.[2] Moreover, Sanderson Farms has agreed that the new supply agreement, which will take effect upon the rejection of the Prepetition Supply Agreement, may be terminated by the Debtors without liability in the event the Debtors' chapter 11 plan of reorganization is not confirmed or does not become effective.

9. By rejecting the Prepetition Supply Agreement in favor of a new supply agreement with Sanderson Farms, the Debtors will avoid the burdensome obligation of the 550 million pound volume requirement as well as the risk of a significant liquidated damages claim if that requirement is not satisfied, and will be able to continue offering Sanderson Farms' chicken and chicken related products to their customers on terms that better reflect the current and future needs of their operating stores.

## Basis for Relief

10. <u>Rejection of Prepetition Supply Agreement</u>.  Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  <u>See</u> <u>In re Wells</u>, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); <u>In re Hardie</u>, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); <u>In re Gunter Hotel Assocs.</u>, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11. The decision to reject an executory contract or unexpired lease is

---

[2] But for the new supply agreement, a claim for rejection damages would include a $536,000 liquidated damages claim arising from the rejection of the Prepetition Supply Agreement.

4

primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent. Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989). Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor. See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

    12.  The Debtors have satisfied the "business judgment" standard for rejecting the Prepetition Supply Agreement. The contract was burdensome and the Debtors are able to continue to do business with Sanderson Farms on more favorable terms. Moreover, Sanderson Farms has waived any rejection damages claim resulting from the rejection of the Prepetition Supply Agreement. Accordingly, the Debtors' determination that the Prepetition Supply Agreement should be rejected reflects their exercise of sound business judgment.

    13.  <u>Setoff</u>. The Debtors' claims against Sanderson Farms and Sanderson Farms' claims against the Debtors both arise out of the Prepetition Supply Agreement. The parties have agreed that Sanderson Farms may setoff these claims against each other. The

right of a creditor to setoff prepetition debts is provided for in section 553 of the Bankruptcy Code, subject to the lifting of the automatic stay imposed by section 362(a)(7) of the Bankruptcy Code.

14.     Section 553 does not create a right of setoff. First Union Nat'l Bank of Fla. v. Abbey Fin. Corp., 193 B.R. 89, 97 (Bankr. D. Mass. 1996). It merely preserves the rights under state law. Id.; see Southeast Bank, N.A. v. Grant (In re Apex Int'l Mgmt. Servs., Inc.), 155 B.R. 591, 593 (Bankr. M.D. Fla. 1993), aff'd, No. 94-57-CIV-J-20, 1996 WL 172210 (M.D. Fla. Jan. 18, 1996); In re Aquasport, Inc., 155 B.R. 245, 247-48 (S.D. Fla. 1992), aff'd mem. sub nom. ITT Commercial Fin. v. Tavormina, 985 F.2d 579 (11th Cir. 1993). Here, the Prepetition Supply Agreement provides that the law of Florida governs, and Florida law recognizes a common law right of setoff. See Andrews v. NCNB Nat'l Bank of Fla., 33 B.R. 197, 199 (Bankr. S.D. Fla 1983).

15.     Both Florida law and section 553(a) of the Bankruptcy Code require the existence of mutuality of obligations to authorize setoff of the Debtors' purchase of Sanderson Farms' chicken products against Sanderson Farms' obligation to pay the Debtors for accrued credits earned under the Prepetition Supply Agreement. See Southeast Bank, N.A. v. Grant, 155 B.R. at 593 ("'The only requirement [of section 553] is that the debt and claim be mutual – that something is owed by both sides.'" (citation omitted)); First Union Nat'l Bank of Fla. v. Abbey Fin. Corp., 193 B.R. at 97 ("The law in Florida, as elsewhere, permits setoff where there exists mutuality of claims between the parties."). "Mutuality also requires 'that the debts must be in the same right and between the same parties standing in the same capacity.'" Barnett Bank of Tampa v. Tower Envtl., Inc., 17 B.R. 933, 940 (Bankr. M.D. Fla. 1997) (citation omitted); see Southeast Bank, N.A. v. Grant, 155 B.R. at 593 ("Mutuality

6

requires that 'each party must owe a debt . . . directly to the other.'" (citation omitted)); In re Chatam, Inc., 239 B.R. 837, 840 (Bankr. S.D. Fla. 1999) ("One of the threshold requirements for setoff under Section 553 is that the relevant claim and debt exist between the same parties.").

16.  The requirement of mutuality of obligations is satisfied because Sanderson Farms' debt to the Debtors and Sanderson Farms' claim against the Debtors both arise from the sales of the Sanderson Farms' chicken and chicken related products to the Debtors under the Prepetition Supply Agreement. The same parties acting in the same capacities were involved in each transaction. The mutual obligations are valid and enforceable, and as such, the parties' agreement to setoff these claims is appropriate.

17.  A setoff otherwise in compliance with Florida law and section 553(a) of the Bankruptcy Code may not be implemented without relief from the automatic stay imposed by section 362(a)(7) of the Bankruptcy Code. 11 U.S.C. § 362(a)(7). Relief from the automatic stay may be granted for cause. 11 U.S.C. § 362(d).[3] The Bankruptcy Code does not define "cause." A bankruptcy court must determine whether sufficient cause exists to grant relief from the automatic stay on a case-by-case basis. In re Paxson Elec. Co., 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999). In making that determination, the court examines the totality of the circumstances in each particular case. In re Aloisi, 261 B. R. 504, 508 (Bankr.

---

[3]  Section 362(d)(1) of the Bankruptcy Court states, in relevant part, that:

> On request of a party in interest and after notice and hearing, the Court shall grant relief from the stay provided under section (a) of this section, such as by terminating , annulling, modifying, or conditioning such stay:
>
> (i) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1).

7

M.D. Fla. 2001); see In re Paxson, 242 B.R. at 70 (balancing creditor's potential hardship if stay is not lifted against potential prejudice to debtor and estate).  Here, there is no dispute as to whether the stay should be modified.  The parties have agreed that their respective claims arising from the Prepetition Supply Agreement should be setoff against each other.  Thus, the automatic stay should be modified to allow Sanderson Farms to setoff its mutual prepetition obligations.

    18.   <u>Claims Resolution</u>.  Sanderson Farms filed proof of claim no. 6268 (the "Proof of Claim") in the amount of $1,512,108.96.  Previously, the parties agreed that Sanderson Farms has an allowed reclamation claim in the amount of $529,509.95. The parties have further agreed that the Proof of Claim will be reduced and allowed as a reclamation claim in the amount of $529,509.95, the general unsecured claim portion of the Proof of Claim will be setoff against the Debtors' accrued prepetition credits in the amount of $817,273.20, and the balance of the general unsecured claim will be waived.  In addition, Sanderson Farms will waive any claim for rejection damages and all other claims against the Debtors (except for the agreed reclamation claim and any unpaid postpetition invoices).  As a result, Sanderson Farms will not have a general unsecured claim against the Debtors' estates.

Notice

19. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) Sanderson Farms. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A, (a) approving and authorizing the Debtors to reject the Prepetition Supply Agreement as of June 30, 2006, (b) approving the setoff, and (c) approving the disposition of claims; and (ii) grant such other and further relief as the Court deems just and proper.

Dated:    June 9, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   /s/ D. J. Baker         | By   /s/ Cynthia C. Jackson      |
|       D. J. Baker |       Stephen D. Busey |
|       Sally McDonald Henry |       James H. Post |
|       Rosalie Walker Gray |       Cynthia C. Jackson |
|       Steven B. Eichel |       Florida Bar Number 498882 |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

# EXHIBIT A

## ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT WITH SANDERSON FARMS, INC. AND APPROVING SETOFF AND RESOLUTION OF CLAIMS

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT
WITH SANDERSON FARMS, INC. AND APPROVING SETOFF
AND RESOLUTION OF CLAIMS**

These cases came before the Court for hearing on June 29, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 362, 365(a), 502 and 553 (i) authorizing the rejection of a prepetition supply agreement dated July 1, 2003 with Sanderson Farms, Inc. (the "Prepetition Supply Agreement"), effective as of June 30, 2006, and (ii) approving (a) the setoff of mutual obligations and (b) the resolution of associated claims (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.  The Motion is granted.

2.  The Debtors are authorized to reject the Prepetition Supply Agreement pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreement is rejected, effective as of June 30, 2006.

3. Proof of claim no. 6268 (the "Proof of Claim") filed in the amount of $1,512,108.96 shall be allowed (a) as an administrative reclamation claim in the amount of $529,509.95; (b) as a general unsecured claim in the amount of $817,273,30, which shall be marked as satisfied by setoff against the Debtors' accrued prepetition credits in the amount of $817,273.20, which setoff is approved under 11 U.S.C. §§ 362 and 553; and (c) as a general unsecured claim in the remaining balance, which shall be marked as waived by Sanderson Farms, Inc.

4. Sanderson Farms, Inc. shall have no rejection damages claim against the Debtors resulting from the rejection of the Prepetition Supply Agreement. All other claims that Sanderson Farms, Inc. has or may have had against the Debtors (except for the agreed reclamation claim, and any unpaid postpetition invoices) are waived, with the result that Sanderson Farms, Inc. shall have no general unsecured claim against the Debtors' estates.

5. Nothing in this Order constitutes a waiver of any claims the Debtors may have against Sanderson Farms, Inc., whether or not related to the Prepetition Supply Agreement.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this ____ day of June, 2006, in Jacksonville, Florida.

                                                Jerry A. Funk
                                                United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.