## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.*, | Case No. 05-03817-3Fl Jointly Administered |
| WINN-DIXIE STORES, INC. | Case No. 05-03817 |
| ("the Debtors") | Filed Claim No.: 9942 |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, CATELLI BROTHERS, INC, IN THE ALLOWED AMOUNT OF $63,217.33, TO DELLACAMERA CAPITAL MASTER FUND, LTD.

**To Transferor:**

CATELLI BROTHERS, INC
ATTN: ANTHONY CATELLI, PRESIDENT
50 FERRY AVENUE
COLLINGSWWOOD, NJ 08103

PLEASE TAKE NOTICE that the transfer of $63,217.33 of the above-captioned allowed General Unsecured claim has been transferred to:

**Transferee:**

DellaCamera Capital Master Fund, Ltd.
c/o Meridian Corporate Services
73 Front Street
P.O. Box HM 528
Hamilton HM 12, Bermuda

The evidence of transfer of claim is attached hereto.  A copy of the Order allowing the claim is attached hereto as Exhibit A.

No action is required if you do not object to the transfer of your claim.  However, if you do object to the transfer of your claim, within 20 days of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202.  If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                              Case No. 05-03817

      Winn-Dixie Stores, Inc.                   Chapter 11

              Debtor

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Catelli Brothers ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Amount | Proof of Claim No. |
|---|---|
| $63,217.33 | 9942 |

have been transferred and assigned to DellaCamera Capital Master Fund, Ltd. ("Assignee").   The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: DellaCamera Capital Master Fund, Ltd.
Address:    c/o DellaCamera Capital Management, LLC
           237 Park Avenue
           Suite 900
           New York, NY 10017

ASSIGNOR:  Catelli Brothers
Address:     50 Ferry Avenue
           Collingswood, NJ 08103
Signature:  _William_
Name:      Anthony Catelli
Title:       President
Date:       5\25\2006

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

## ORDER REDUCING OVERSTATED CLAIMS AS SET FORTH
## IN THE DEBTORS' EIGHTH OMNIBUS CLAIMS OBJECTION

These cases came before the Court for hearing on May 4, 2006, upon

the Eighth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and

twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the

proofs of claim listed on Exhibit A (the "Disputed Claims").[2] Several formal and

informal objections to the Objection were raised or filed, as a result of which the

Debtors have agreed to continue the Objection with respect to (i) claim no. 1096

filed by ACH Food Companies Inc., (ii) claim no. 4073 filed by Baker Distributing

Company, LLC, (iii) claim no. 2165 filed by Barker Company Ltd., (iv) claim no.

7935 filed by CG Roxane, (v) claim no. 3135 filed by Cox North Carolina

Publication, (vi) claim no. 366 filed by CSX Corporation, (vii) claim no. 11505 filed

by Dales Doughnuts South, Inc., (viii) claim no. 2570 filed by J&J Snack Foods

Corp., (ix) claim no. 2573 filed by Joseph Enterprises, (x) claim no. 8412 filed by

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

Meadwestvaco Corp., (xi) claim no. 8858 filed by National Lift Truck Service, (xii) claim no. 10207 filed by Nature's Bounty, Inc., (xiii) claim no 10202 filed by NBTY, Inc., (xiv) claim no. 3503 filed by New England Coffee Co., (xv) claim no. 4463 filed by New World Pasta Company, (xvi) claim no. 4938 filed by PC Woo (xvii) claim no. 10750 filed by Precision Plumbing & Air Inc., (xviii) claim no. 1052 filed by Schneider National Inc., (xix) claim no. 11818 filed by Sioux Honey Association, (xx) claim no. 11325 filed by Sunbeam Products, (xxi) claim no. 11116 filed by Sweet Blessings, (xxii) claim no. 1064 filed by TW Garner Food Co., (xxiii) claim no. 7274 filed by Vicorp Restaurants, Inc., and (xxiv) claim no. 516 filed by Zak Designs, Inc. (collectively, the "Unresolved Objections"), which claims have been removed from Exhibit A.  The Debtors have withdrawn without prejudice their objection to (i) claim no. 10989 filed by Checkpoint Security Systems, Group Inc., (ii) claim no. 574 filed by Cobb Electric Membership Corp., (iii) claim no. 228 filed by Jackson EMC, (iv) claim no. 174 filed by Mackay Envelope Company, LLC, (v) claim no. 2167 filed by Pagas Mailing Services, (vi) claim no. 184 filed by Roadway Express, (vii) claim no. 955 filed by Southeast Unloading, LLC, and (viii) claim no. 11477 filed by Timberlake Consultants, Inc. (collectively, the "Withdrawn Claim Objections"), which claims have been removed from Exhibit A.  Upon consideration, it is

ORDERED AND ADJUDGED:

1.    The Objection is sustained.

2.    The Overstated Claims listed on Exhibit A are reduced to the amounts set forth on Exhibit A under the heading Reduced Amount and the amounts exceeding the Reduced Amount are disallowed.  With respect to the Overstated Claims that are reduced by the amount of the reclamation payments listed on Exhibit

2

A under the heading "Reason for Reduction," if any portion of such reclamation

payments remain unpaid after the last date for payment as provided in the Stipulation

Between Debtors and Certain Trade Vendors Regarding Reconciliation and

Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition

Trade Lien Program, dated July 28, 2005, the holders of such Overstated Claims

shall have the right to seek to have the Reduced Amount increased by the unpaid

balance of the reclamation payments listed on Exhibit A.

       3.     Other than the Unresolved Objections and objections with

respect to the Withdrawn Claim Objections, those objections that have not yet been

withdrawn are overruled.

       4.     Each claim and the objections by the Debtors to such claim as

addressed in the Objection constitute a separate contested matter as contemplated by

Bankruptcy Rule 9014.  This Order is deemed a separate Order with respect to each

claim.  Any stay of this Order pending appeal by any of the claimants whose claims

are subject to this Order shall only apply to the contested matter which involves such

claimant and shall not act to stay the applicability or finality of this Order with

respect to the other contested matters covered by this Order.

       5.     The hearing to consider the Objection with respect to the

Unresolved Objections is continued until further order of the Court upon the motion

of any party in interest.

       6.     Neither the Objection nor any disposition of the Disputed

Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any

potential Avoidance Action against any of the Claimants.

       7.     This Order is without prejudice to the Debtors' right to object

to the Disputed Claims on the ground that they were filed against the incorrect

3

Debtor and that the Debtor against which the Disputed Claims were filed should be

modified.

Dated this ___4___ day of May, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

**EXHIBIT A**

| Name of Claimant | Claim No. | Claim Amount | Reduced Amount | Reason for Reduction |
|---|---|---|---|---|
| Creditor Id: 243844<br>BRAMLETTE FLOOR SERVICE<br>ATTN GRAHAM N BRAMLETTE, PRES<br>110 WELCOME AVENUE<br>GREENVILLE, SC 29611 | 1447<br>Debtor: WINN-DIXIE STORES, INC. | $12,500.00 | $6,250.00 | REDUCED AMOUNT REFLECTS 4/12/05 PAYMENT OF $6,250 FOR POSTPETITION INVOICES BY CHECK NUMBER 008016623. |
| Creditor Id: 408327<br>CANADIAN NATIONAL RAILWAY COMPANY<br>ATTN MARIO PLOURDE<br>277 FRONT STREET WEST, 5TH FLOOR<br>TORONTO ON M5V 2X7 CANADA | 6984<br>Debtor: WINN-DIXIE STORES, INC. | $37,256.24 | $29,993.20 | REDUCED AMOUNT REFLECTS REMOVAL OF $1,445.92 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES, $5700.00 FOR ADDITIONAL AMOUNTS ADDED TO PREVIOUSLY PAID INVOICES, AND $117.12 FOR UNDOCUMENTED CHARGES. |
| Creditor Id: 399288<br>CARTHAGE CUP, LP<br>C/O DRINKER BIDDLE & REATH LLP<br>ATTN ANDREW J FLAME, ESQ<br>1100 NORTH MARKET STREET SUITE 1000<br>WILMINGTON DE 19801 | 437<br>Debtor: WINN-DIXIE STORES, INC. | $273,747.63 | $206,141.19 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $1,343.47, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $2,408.94 AND $336.63, RESPECTIVELY, RECLAMATION PAYMENTS IN PROCESS TOTALING $40,581.93, AND REMOVAL OF POSTPETITION INVOICE OF $22,935.47. |
| Creditor Id: 410860<br>CATELLI BROTHERS, INC<br>C/O STRADLEY RONON STEVENS, ET AL<br>ATTN MARK J DORVAL, ESQ<br>2600 ONE COMMERCE SQUARE<br>PHILADELPHIA PA 19103 | 9942<br>Debtor: WINN-DIXIE STORES, INC. | $190,454.48 | $63,217.33 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $3,675.64, RECLAMATION PAYMENTS IN PROCESS TOTALING $117,620.45, AND REMOVAL OF $5,941.06 FOR ATTORNEY FEES, INTEREST, AND CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| Creditor Id: 279320<br>CERTIFIED FOODS CORP<br>C/O MUNSCH HARDT KOPF & HARR, PC<br>ATTN RANDALL A RIOS, ESQ<br>700 LOUISIANA ST, STE 4600<br>HOUSTON TX 77002-2732 | 7825<br>Debtor: WINN-DIXIE PROCUREMENT, INC. | $263,271.20 | $62,997.57 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $954.64, RECLAMATION PAYMENTS IN PROCESS TOTALING $30,548.28, AND PREPETITION OVERPAYMENTS OF $168,770.71. |
| Creditor Id: 399272<br>CHARLIE'S PASTRIES, INC<br>ATTN CHARLES E BOOTHE JR, CEO<br>3430 NW 16TH STREET, SUITE 10<br>LAUDERHILL FL 33311 | 411<br>Debtor: WINN-DIXIE STORES, INC. | $15,984.00 | $169.10 | REDUCED AMOUNT REFLECTS AMOUNT DUE PER BOOKS AND RECORDS. REMAINING ASSERTED AMOUNT IS UNDOCUMENTED DESPITE REPEATED INQUIRIES. |