IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

WINN-DIXIE STORES, INC., et al.,          Case No. 05-03817-3F1
                                                       Chapter 11
                  Debtors                 Jointly Administered
_____/

OBJECTION TO AD HOC TRADE COMMITTEE'S MOTION TO FILE
DOCUMENTS IN SUPPORT OF ITS MOTION FOR ORDER PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE SUBSTANTIVELY
CONSOLIDATING DEBTORS' ESTATES UNDER SEAL

The United States, on behalf of the Internal Revenue Service, hereby objects to the Ad Hoc Trade Committee's Motion to File Documents in support of its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates Under Seal [DE 7765]. In addition to protecting its interest as a creditor in the debtors' bankruptcy cases, the United States is charged with protecting the vital public interest in open judicial proceedings and has a general overriding affirmative duty to oppose attempts to limit the public's access to court proceedings and records which are and should be, in general, matter of public record and public interest. 28 C.F.R. § 50.9.

**I.    Procedural History**

The Internal Revenue Service is a creditor of Winn-Dixie Stores, Inc. and 22 of its affiliated debtors. The IRS claims range from approximately $82 to $84 million[1].

---

[1] The majority of the IRS claims, approximately $81.8 million, arise from Winn-Dixie Stores, Inc.'s consolidated federal income tax liabilities. The 23 entities that are included on Winn-Dixie's consolidated federal income tax return are jointly and severally liable for those tax liabilities. Certain debtors also have liabilities for federal employment and/or excise taxes.

1756111.1

On May 11, 2006, the Ad Hoc Trade Committee ("Trade Committee") filed a "Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates [DE 7763] ("Motion to Consolidate"). The Trade Committee also filed a "Motion to File Documents in support of its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates Under Seal" [DE 7765] ("Motion to File Under Seal").

The Motion to Consolidate was initially set for a hearing on June 1, 2006, with responsive papers due May 25, 2006. That hearing was later converted to a case management conference, with deadlines for filing responsive papers to be set at the hearing [DE 8005]. That case management conference was then continued until June 15, 2006.

The Motion to File under Seal was apparently set for a hearing on May 18, 2006, although it does not appear that any notice of that hearing was given. The hearing was continued until June 1, 2006, and continued again until June 15, 2006. No deadline for filing responsive papers has been set.

By its Motion to File Under Seal, the Trade Committee seeks to file under seal documentation supporting its motion to consolidate, including its brief in support of the motion and an affidavit of M. Freddie Reiss ("supporting documentation"). The Trade Committee seeks to file this supporting documentation under seal because it is based, in part, on "non-public, confidential and proprietary information about the Debtors." According to the Trade Committee's motions, this information was obtained from the debtors pursuant to a confidentiality agreement.

The debtors have indicated that will allow the disclosure of the supporting documentation, but only if a party executes a confidentiality agreement. The Internal Revenue Service has requested that it be provided the supporting documentation, without executing a confidentiality agreement, so that it can determine whether it opposes the consolidation motion. Without seeing the documents supporting the consolidation motion, the IRS cannot make any such determination. The parties have failed to provide the supporting documentation to the IRS, and the IRS has not seen either the brief in support of the Motion to Consolidate or the supporting affidavit.

II.     **The Motion to File Under Seal Fails to Establish Sufficient Grounds for the Relief Requested**

A presumption exists in favor of public access to court records. Nixon v. Warner Communications, Inc., 435 U.S. 58, 597 (1978); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). This presumption is well established in the common law. In bankruptcy cases, the right of public access to court records is also codified. Section 107 of the Bankruptcy Code provides that:

> (a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by any entity at reasonable times without charge.

As one court has noted, this access requirement flows from the bankruptcy process which is heavily dependent on creditor participation and which requires full disclosure of debtors' financial affairs. In re Barney's, Inc., 201 B.R. 703 (Bankr. S.D.N.Y. 1996). Section 107 also sets forth statutory exceptions to the general rule:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –

1756111.1

>(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
>(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

Exceptions to the public's right to access are narrowly construed. In re FiberMark, 330 B.R. 480, 506 (Bankr. D. Vt. 2005)(internal citations omitted). Limiting access is an extraordinary remedy, In re Epic Associates V, 54 B.R. 445 (Bankr. E.D. Va. 1985), and "limitation of access must not only be an appropriately responsive remedy, but also, there can be no less drastic alternative available." In re Nunn, 49 B.R. 963 (Bankr. E.D. Va. 1985).

As the party seeking sealing of court records, the Trade Committee bears the burden of proof and must prove that the need for filing under seal outweighs the presumption of public access to court records. In re Gitto/Global Corp., 321 B.R. 367 (Bankr. D. Mass. 2005). But the Trade Committee's Motion to File Under Seal states only one ground for sealing the supporting documentation – that the information is subject to a confidentiality agreement between the debtors and the Trade Committee. The motion does not even identify what category of § 107(b) the information falls within, and certainly does not proffer any facts to support its assert that the information falls within the ambit of § 107(b).

The existence of an agreement between the debtors and the Trade Committee has no bearing on the propriety of sealing the supporting documentation. In Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985), the Eleventh Circuit held that a lower court's sealing of the record of a settlement agreement was an abuse of discretion even though the litigants had agreed to it. See also In re Analytical Systems, Inc., 83 B.R. 833 (Bankr. N.D. Ga. 1987). The Trade Committee's assertion that the supporting documents should be filed under seal because those

records are subject to a confidentiality agreement is simply not sufficient grounds for relief under § 107(b).

The paucity of the Motion to File Under Seal is particularly troubling in light of the importance of the underlying Motion to Consolidate. This request for substantive consolidation could have a major impact on the other creditors of the debtors' bankruptcy estates. By the Motion to File Under Seal, the Trade Committee not only seeks to block public access to the supporting documentation, but also to restrict access by creditors and other interested parties in these bankruptcy cases, parties that could be directly impacted by a substantive consolidation. The Motion to Consolidate itself contains no evidence to support consolidation. Rather, it only asserts that consolidation is appropriate, leaving creditors unable to determine whether their interests will be impaired. The only current mechanism for creditors to obtain a copy of the supporting documentation is to sign a confidentiality agreement that contains terms dictated by the debtors, which forces creditors to give up certain rights in order to view information that they should be entitled to view already.

The Trade Committee asserts that no one will be prejudiced by the sealing the documentation because creditors can obtain the supporting documentation by signing a confidentiality agreement. In addition to ignoring the fact that creditors should not be forced to sign confidentiality agreements where no need for confidentiality may exist, the assertion completely ignores the public's right of access to court records. The Motion to File Under Seal fails to address the public's right of access and fails to state any grounds for an exception to the presumption of full access to court records. Accordingly, the Motion to File Under Seal should be denied.

WHEREFORE the United States requests that the Ad Hoc Trade Committee's Motion to File Documents in support of its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates Under Seal be denied, and for such other and further relief as appropriate.

        PAUL I. PEREZ
        United States Attorney

        /s/ Deborah M. Morris
        Deborah M. Morris
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 353-1758
        Facsimile: (202) 514-9868
        Email: Deborah.M.Morris@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 13, 2006, the United States' Objection to Ad Hoc Trade Committee's Motion to File Documents in Support of its Motion for Order Pursuant to Section 105(a) of the Bankruptcy Code Substantively Consolidating Debtors' Estates under Seal was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties requesting service, and was further served on the following parties, via United States mail, postage prepaid, this 13th day of June 2006:

Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, New York
    Attn:   D.J. Baker
            Sally Henry
(also via facsimile to 212-735-2000)

Smith Hulsey & Busey
1800 Wachovia Tower
225 Water Street, Suite 1800
Jacksonville, FL 32202
    Attn:   Cynthia Jackson
(also via facsimile to 904-359-7708)

Office of the United States Trustee
135 W. Central Boulevard, Suite 620
Orlando, FL 32801
    Attn: Elena Escamilla
(also via facsimile to 407-648-6323)

DLA Piper Rudnick Gray Cary US LLP
6225 Smith Avenue
Baltimore, MD 21209
    Attn: Mark Friedman
(also via facsimile to 410-580-3001)

1756111.1

DLA Piper Rudnick Gray Cary US LLP
1251 Avenue of the Americas
New York, NY 10020
      Attn:   Thomas R. Califano
               Vincent J. Roldan
(also via facsimile to 212-835-6001)

DLA Piper Rudnick Gray Cary US LLP
101 East Kennedy Boulevard, Suite 2000
Tampa, FL 33602
      Attn:   Philip V. Martino
(also via facsimile to 813-229-1447)


        /s/ Deborah M. Morris
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 14198
        Ben Franklin Station
        Washington, D.C.  20044