**Hearing Date:  June 29, 2006, 1:00 p.m.**
**Objection Deadline:  June 19, 2006, 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**DEBTORS' MOTION FOR APPROVAL OF TERMINATION**
**AGREEMENT FOR NON-RESIDENTIAL REAL PROPERTY**
**LEASE AND FOR RELATED RELIEF (STORE NO. 1419)**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. § 363(b), approving an agreement which provides for the early termination and surrender of a non-residential real property lease for Debtors' Store Number 1419.  In support of the Motion, the Debtors respectfully represent as follows:

**Background**

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors operate their businesses and manage

their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors to serve in these cases pursuant to Sections 1102 and 1103 of the Bankruptcy Code.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by notice dated January 11, 2006.

4.    Since the Petition Date, the Debtors have established a reduced footprint by their sale or closure of approximately 350 stores.

**The Leases**

5.    Winn Dixie Montgomery, Inc. ("WD Montgomery") leases a store located in New Orleans, Louisiana (Store No. 1419) (the "Leased Premises"), under a lease dated June 8, 1988, entered into with the landlord, Michael Oschin, et. al.  (the "Landlord') (the "Lease").  Prior to the Petition Date, the Debtors operated a grocery store in the Leased Premises.  As a result of damages received from Hurricane Katrina in 2005, the Debtors closed the store.  The Debtors have determined that it is not in their best interests to reopen the store and continue operations.

6.    Accordingly, the Landlord, WD Montgomery and Carrollton Mid-City Investors, LLC (a company which recently purchased the Leased Premises) (the "Owner"), have entered into a Lease Termination Agreement.   Pursuant to the terms of the Lease Termination Agreement, (i) the Landlord and WD

Montgomery will terminate the Lease, (ii) WD Montgomery will surrender the Leased Premises to the Owner and Landlord, (iii) WD Montgomery will pay the Landlord $130,000, and (iv) the Landlord will waive any and all claims Landlord may have against Debtors, including any and all rejection claims under Section 502(b) of the Bankruptcy Code.

7.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8.      The statutory predicates for the relief requested in the Motion are Section 365(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

## Relief Requested

9.      By this Motion, the Debtors seek an order of the Court, approving the Lease Termination Agreement and authorizing the Debtors to terminate the Lease effective April 30, 2006.

10.      The Debtors are authorized to enter into the Lease Termination Agreement under Section 363(b) of the Bankruptcy Code which permits a debtor to "use, sell or lease" property of the estate after notice and hearing.  The Debtors' entry into the Agreement should be approved because it is supported by a sound business reason.  *See, In re Chateaugay Corp.*, 973 F.2d 141 (2nd Cir. 1992) (holding that a court determining a §363(b) application must find from the evidence before it a good business reason to grant the application).

11.    By entering into the Lease Termination Agreement, the Debtors will avoid a claim for rejection damages.

## Notice

12.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the landlord of the Lease.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) approving the Lease Termination Agreement; (ii) authorizing the Debtors to terminate the Lease effective as of April 30, 2006; and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  June 15, 2006

SKADDEN, ARPS, SLATE, MEAGHER    SMITH HULSEY & BUSEY
& FLOM LLP

By___*s/ D. J. Baker*_____    By___*s/ Cynthia C. Jackson*_____
    D. J. Baker        Stephen D. Busey
    Sally McDonald Henry        James H. Post
    Rosalie Walker Gray        Cynthia C. Jackson, F.B.N. 498882

Four Times Square    225 Water Street, Suite 1800
New York, New York 10036    Jacksonville, Florida 32202
(212) 735-3000    (904) 359-7700
(212) 735-2000 (facsimile)    (904) 359-7708 (facsimile)
djbaker@skadden.com    cjackson@smithhulsey.com

Co-Counsel for Debtors    Co-Counsel for Debtors

00534387.DOC

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

## ORDER AUTHORIZING DEBTORS TO TERMINATE LEASE
## AND GRANTING RELATED RELIEF (STORE NO. 1419)

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"),[1] for entry of an order under 11 U.S.C. § 363(b) approving a Lease Termination Agreement by which the Debtors seek to terminate a non-residential real property lease located in New Orleans, Louisiana (the "Lease").  The Court has reviewed the Motion and considered the representations of counsel.  Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

2.    The Debtors are authorized to enter into the Lease Termination Agreement and to terminate the Lease pursuant to 11 U.S.C. § 363(b).  The Lease is terminated effective April 30, 2006.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against the landlord, whether or not related to the Lease.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

5.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of June, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

00534387

2