FILED
JACKSONVILLE
FLORIDA

JUb JUN 15  A 9: 07

3 BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

-----------------------------------------------x

In re:

**WINN-DIXIE STORES, INC., et al.,**

Case No.: 3-05-bk-03817-JAF

**Chapter 11**

<u>**Jointly Administered**</u>

Debtors.

-----------------------------------------------x

L'Oreal USA, Inc., a creditor of the above Debtors, by its undersigned counsel, in response to the Debtors' Twelfth Omnibus Objection to Claims (the "Twelfth Omnibus Objection"), alleges as follows:

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes.

2.    By Order dated April 28, 2005, this Court set August 1, 2005 (the "Bar Date") as the last date for all parties to file and serve written proofs of claim for any pre-petition debts due to such parties by the Debtors.

3.    On August 5, 2005 an order (the "Order") was entered by the United States Bankruptcy Court of the Middle District of Florida in connection with the reconciliation and treatment of trade vendors' reclamation claims and establishing a post-petition trade lien program (the "Trade Lien Program"). The Order granted the Debtors' motion to approve a settlement between a group of major reclamation vendors and the Debtors, and approved the

terms of the Stipulation between the parties (the "Stipulation").  A copy of the Stipulation is attached as Exhibit A.

4.     Under the Stipulation, reclamation vendors who held allowed reclamation claims and agreed to participate in the Trade Lien Program would be paid in nine equal monthly installments beginning on the later of (i) September 30, 2005, and (ii) the last day of the month in which the reclamation vendor became a Participating Reclamation Vendor.  Capitalized terms used herein unless herein defined shall have the meanings ascribed to them in the Stipulation.

5.     For purposes of computing an allowed reclamation claim, Consumption for all claimants who agreed to participate in the Trade Lien Program, including L'Oreal, was set at 4.0%.    The Stipulation further provided that three percentage points of the respective Consumption rates would not be part of a participating reclamation vendor's general unsecured claim.

6.     L'Oreal agreed to participate in the Trade Lien Program and on July 26, 2005, L'Oreal filed a reclamation claim (Claim No. 11315) in the amount of $275,895.18 (the "Reclamation Claim").  Of this amount, approximately $8,276.85 is subject to the Consumption rate.

7.     On or about May 30, 2006, the Debtors filed the Twelfth Omnibus Objection seeking to reduce and reclassify the Reclamation Claim.  The Twelfth Omnibus Objection is based on the premise that since the Reclamation Claim has been paid in accordance with the Stipulation, that portion of the remaining claim which is not subject to consumption, should be reclassified as an unsecured claim.

8.    While L'Oreal does not object to the reduction and/or reclassification of the Reclamation Claim to the extent that all payments due with respect to the Reclamation Claim have been made in accordance with the Stipulation, L'Oreal does reserve any rights it may have with respect to any payments which remain outstanding under the Stipulation.  L'Oreal also reserves any and all rights it has with respect to its remaining unsecured claim, comprised of one (1%) of its net Reclamation Claim (which amount is not subject to consumption under the Stipulation).

9.    Accordingly, based on the foregoing, the Debtor's objection to the L'Oreal Reclamation Claim should be overruled in part and L'Oreal should be granted an allowed unsecured claim in the amount of $2,758.95, together with such other amounts as may be determined to be unpaid under the Reclamation Claim as an allowed administrative claim, in accordance with its rights under the Stipulation.

**WHEREFORE**, L'Oreal USA, Inc. respectfully requests entry of an Order denying, in part, the Debtors' Objection its Claim, and granting such other and further relief as may be just and proper.

Dated: Great Neck, New York
      June 16, 2006

                    GARFUNKEL, WILD & TRAVIS, P.C.
                    Attorneys for L'Oreal USA, Inc.

                    By: _____
                        Burton S. Weston, Esq. (BW3915)
                        Afsheen A. Shah, Esq. (AS1692)
                    111 Great Neck Road - 5th Floor
                    Great Neck, New York 10022
                    516.393.2200 (telephone)
                    516.466.5964 (facsimile)

GARFUNKEL, WILD & TRAVIS, P.C.
Phone: 516.393.2200
Fax: 516.466.5964

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - -x

In Re:

WINN-DIXIE STORES, INC., et al.                    Chapter 11
                                                   Case No. 05-03817-3F1

            Debtor.
- - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NASSAU         )

        ELLEN H. HUGGLER, being duly sworn, deposes and says:

        1.  I am not a party to the action, am over 18 years of age and reside in Long Beach, NY.

        2.  That on the 14th day of June, 2006, the undersigned served a copy of the annexed
Response to Objection to Claims via facsimile transmission on:

                        Skadden, Arps, Slate, Meagher & Flom, LLP
                        Attn: D.J. Baker, Esq.
                        Four Times Square
                        New York, New York 10036
                        Facsimile No. 917-777-2150


                        Ellen Huggler

Sworn to before me this
14th day of June, 2006


Notary Public

AFSHEEN SHAH
Notary Public, State of New York
No. 02SH6022295
Qualified in Nassau County
Commission Expires March 29, 200_

436483.01

# GARFUNKEL, WILD & TRAVIS, P.C.

*A New York Professional Corporation*

ATTORNEYS AT LAW

ROBERT ANDREW WILD
NORTON L. TRAVIS
FREDRICK I. MILLER
JUDITH A. EISEN
LEONARD M. ROSENBERG
JEFFREY S. BROWN*†
ANDREW E. BLUSTEIN*†
BURTON S. WESTON
DAVID J. BIEHL
MICHAEL J. KEANE*
HAYDEN S. WOOL
GREG E. BLOOM†
JEFFRY ADEST*
STEVEN R. ANTICO*
ROY W. BREITENBACH
STEVEN J. CHANANIE
DAVID A. COLLINS†
PETER M. HOFFMAN
PETER B. MANCINO
DORIS L. MARTIN
LOURDES MARTINEZ*
GREGG D. REISMAN
ANDREW J. SCHULSON
CHRISTINA VAN VORT

OF COUNSEL
GEORGE M. GARFUNKEL
DAVID E. STECKLER
STUART M. HOCHRON, M.D.'

† RESPONSIBLE PARTNERS FOR NEW JERSEY OFFICE
* ALSO LICENSED IN NEW JERSEY
‡ ALSO LICENSED IN CONNECTICUT
◊ LICENSED IN NEW JERSEY ONLY
√ ALSO LICENSED IN PENNSYLVANIA

LARA JEAN ANCONA
NATHAN A. BRILL*
PHILIP C. CHRONAKIS*
DANIELLE COLONNA
WILHELMINA A. de HARDER
KEVIN G. DONOGHUE
REBECCA A. EDELMAN*
PETER A. EGAN†
JACQUELINE H. FINNEGAN
JORDAN M. FREUNDLICH
NICOLE F. GADE*
STACEY L. GULICK*
B. SCOTT HIGGINS†
LAURIE B. JOHNSON
JOHN P. KRALJIC
MICHAEL A. LEON*
LAUREN M. LEVINE*
SEAN P. LEYDEN†
COLLEEN McMAHON
MARIANNE MONROY*
RAYMOND P. MULRY*
KAREN L. RODGERS
MOLLY M. RUSH
TERENCE A. RUSSO
AFSHEEN A. SHAH
GREGORY R. SMITH
COLLEEN M. TARPEY
ADAM S. WAXER

SENIOR ATTORNEYS
SUZANNE M. AVENA
BARBARA D. KNOTHE†
EVE GREEN KOOPERSMITH
ALAN H. PERZLEY*
DEBRA A. SILVERMAN
ALEXANDRA E. TRINKOFF
ANDREW L. ZWERLING

111 GREAT NECK ROAD
GREAT NECK, NEW YORK 11021
TEL (516) 393-2200
FAX (516) 466-5964

www.gwtlaw.com

411 HACKENSACK AVENUE
HACKENSACK, NEW JERSEY 07601
TEL (201) 883-1030
FAX (201) 883-1031

WRITER'S EMAIL: ehuggler@gwtlaw.com
WRITER'S DIRECT DIAL: (516) 393-2235

June 14, 2006

RECEIVED
JUN 15 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILE NO.:  10704.0011
REPLY TO:  New York

## BY FEDERAL EXPRESS

Clerk of the Court
United States Courthouse
300 North Hogan Street, Suite 3-350
Jacksonville, Florida 32202

Re:     In re: Winn-Dixie Stores, Inc. et al., Case No. 05-03817-3F1

Dear Clerk of the Court:

Our firm represents L'Oreal, which is a creditor in the above-referenced matter. Enclosed please find a Response to the Objection of our claim for filing.

Please file-stamp the enclosed duplicate letter and return in the self-addressed envelope we have provided for your convenience.

If you have any questions, please feel free to contact me.

Sincerely yours,

Ellen Huggler
Paralegal

EH:ehh
Enclosure