UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER APPROVING COMPROMISE OF DISPUTES BETWEEN
DEBTORS AND SCHREIBER FOODS, INC., INCLUDING AGREED DISMISSAL OF
LAWSUIT, REJECTION OF SUPPLY AGREEMENT, EXECUTION OF NEW
AGREEMENT AND DISPOSITION OF CLAIMS**

These cases came before the Court for hearing on June 15, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 105, 363, 365 and 502 and Fed. R. Bankr. P. 9019 approving a compromise reached between the Debtors and Schreiber Foods, Inc. ("Schreiber") that resolves all issues in dispute between them, including pending litigation, past and future business relationship issues, and associated bankruptcy claims (the "Motion"). The Court has read the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The compromise described in the Motion is approved.

3. The Debtors are authorized to seek the dismissal with prejudice of the lawsuit entitled Winn-Dixie Stores, Inc. v. Schreiber Food, Inc., pending in the Eastern District

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

of Wisconsin, Green Bay Division, C.A. No. 2:04cv794, including all issues raised in the complaint, the counterclaim and other filings therein.

4. The Supply Agreement between Winn-Dixie Stores, Inc. and Schreiber dated April 2, 2002, including any amendments (the "Original Contract"), is rejected effective as of the commencement date of the new supply agreement between Winn-Dixie Procurement, Inc. and Schreiber (the "New Contract").

5. Proof of claim no. 10961 against Winn-Dixie Stores, Inc. in the amount of $4,066,837.70 shall be disallowed and expunged in full at such time as the Debtors' confirmed chapter 11 plan of reorganization becomes effective, without further action by the Debtors, Schreiber or this Court; provided, however, that if the New Contract is terminated because the Debtors' chapter 11 plan of reorganization is not confirmed or does not become effective, then proof of claim no. 10961 shall be allowed as a general unsecured claim in the amount of $4,066,837.70, without further action by the Debtors, Schreiber or this Court.

6. Except as conditionally provided for in paragraph 5, all claims that Schreiber had or may have had against the Debtors as of May 10, 2006, including, without limitation, any claim for liquidated damages arising from early termination of the Original Contract or any claim for rejection damages arising from the rejection of the Original Contract, are waived and relinquished in full.

7. All claims that the Debtors had or may have had against Schreiber as of May 10, 2006, including, without limitation, any claim under chapter 5 of the Bankruptcy Code, are waived and relinquished in full.

8. The Motion of Schreiber Foods, Inc. to Have the Court Set a Specific Date for the Debtor to Assume or Reject Executory Contract, Pursuant to Bankruptcy Code § 365(d)(2)

dated October 7, 2005 (Docket No. 3815) is resolved by the terms of this Order and is dismissed with prejudice.

9. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. Notwithstanding any provisions to the contrary in the Federal Rules of Bankruptcy Procedure, including Rules 6004(g) and 6006(d), this Order shall take effect immediately upon entry.

Dated June 15, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.