**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN DIXIE STORES, INC., et al. | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Jointly Administered |

**CAVENDISH FARMS' RESPONSE TO DEBTOR'S PROPOSED**
**TREATMENT OF CLAIM IN TWELFTH OMNIBUS OBJECTION**

Creditor Cavendish Farms Operations, Inc., ("Cavendish") responds to the limited objections in Winn-Dixie Stores', Inc, and its related entities in Bankruptcy ("Debtors") Proposed Treatment of Claim in Twelfth Omnibus Objection ("Objection") regarding claims under the Perishable Agricultural Commodities Act (the "Act"). In support of its Response, Cavendish states as follows:

**BACKGROUND**

Cavendish is a supplier of frozen foods, and supplied same to the Debtors. On February 21, 2005 (the "Petition Date"), the Debtors filed their voluntary petitions for reorganization relief under chapter 11 of title 21 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court of the Southern District of New York (the "New York Court"). On August 5, 2005, this Honorable Court entered an order Approving the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors Reclamation Claims and Establishing Post-Petition Trade Lien Program ("Stipulation"). The case is still proceeding under Chapter 11 of the Bankruptcy Code and has not been converted to a Chapter 7 proceeding.

**SUMMARY OF ARGUMENT**

In Debtor's Objection, the Debtor requests the Court grant two offsets against Cavendish's Claim: an Accounts Payable Credit of $5,713.84 and a separate offset for an alleged Accounts Receivable Balance of $3,390.91 (collectively the "Offsets"). Debtor's Objection alleges the amount claimed is overstated because these offsets were not deducted.

Cavendish (1) disagrees these alleged credits/offsets are due, (2) argues the Debtor has offered no detail to support such allegations and (3) believes the Debtor cannot circumvent the requirements of procedural due process through deduction of a disputed debt that has not even been properly alleged, much less proven.

**ARGUMENT**

A) ALLEGED OFFSETS ARE NOT DUE AND CAVENDISH'S CLAIM SHOULD NOT BE REDUCED

Cavendish disagrees that either offset is due to Debtor, and that any reduction of its PACA trust claim is without merit. Debtor has not established either offset in its Objection, nor has informed Cavendish regarding the substance of such offsets. In fact, Cavendish has no knowledge or records regarding these offsets, and strongly believes them to be erroneous. Therefore, Cavendish disagrees that both offsets are due to Debtor.

B) THE DEBTOR HAS OFFERED NO DETAIL TO SUPPORT ITS ALLEGED OFFSETS

Pursuant to this Court's Local Rules, "Objections to claims <u>shall</u> state the legal and factual basis for the objection and the amount of the debt conceded, if any." Rule 3007-1 (emphasis added). Debtor failed to comply with this Rule by not providing the factual basis for Debtor's Objection regarding the above offsets. The Debtor offers no detailed evidence as to the basis of these offsets, and requests the Court enter an order, for the exact amount of these offsets,

without requiring the Debtor to do so first. A plain reading of the Objection provides no basis for granting these offsets, specifically any facts demonstrating the Debtor's alleged entitlement to these sums. Local Rule 3007-1 mandates disclosure of the factual basis of an objection to claims, and Debtor's Objection fails to meet that mandate.

Moreover, the Debtor has not provided, despite repeated requests, any documents, invoices, or other correspondence to support the basis for these offsets. Accordingly, either formal discovery or an informal exchange of documents is necessary to determine the validity of these offsets. Because this is a contested matter, Cavendish needs an opportunity to review the Debtor's evidence supporting these offsets, be given an opportunity to refute them, and do so before the Court enters an order. Therefore, because the Debtor has failed to provide Cavendish with the factual support of this Off-set, the Court should deny Debtor's Objection pertaining to these offsets.

      C)    DEBTOR CANNOT CIRCUMVENT PROCEDURAL DUE PROCESS REQUIREMENTS BY REQUESTING SUMMARY JUDGMENT ON TWO DISPUTED CLAIMS.

"Due process requires notice reasonably calculated, under all circumstances, to inform interested parties of the pendency of an action and to give them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, (1950). "The hearing required by due process...that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." Boddie, et al v. Connecticut, et al., 401 U.S. 371, 378-79 (1971). In this case, if Debtor is summarily granted these offsets, due process will be offended and Cavendish will be deprived of a significant property interest, its proven PACA claim, without first having had the opportunity to a hearing on these alleged offsets. Due process affords Cavendish the right to a hearing to examine the Debtor's evidence and the opportunity to

respond and refute those offsets. Debtor bears the burden of proving any offsets against proven PACA claims, and due process precludes Debtor from summarily obtaining a determination of liability of nearly ten thousand dollars ($10,000.00) from this Honorable Court before the Debtor even properly alleges a claim, much less prove it.

**WHEREFORE**, Cavendish respectfully requests the Court enter an order overruling Debtor's Objection, or in the alternative, set a deadline for Debtor to properly plead and substantiate these claims and afford Cavendish an opportunity to defend such claims before they are summarily allowed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic filing and facsimile to D. Jan Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 and James H. Post, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 on this 16th day of June, 2006.

MARKS GRAY, P.A.

 /s/  Nicholas V. Pulignano, Jr.
Nicholas V. Pulignano, Jr.
Florida Bar No.: 0319181
1200 Riverplace Blvd., Suite 800,
Jacksonville, Florida  32207
npulignano@marksgray.com
P: (904) 398-0900
F: (904) 399-8440
Attorneys for Cavendish Farms Operations, Inc.

Of Counsel:
Michael Keaton
KEATON & ASSOCIATES, P.C.
1278 West Northwest Highway, Suite 903
Palatine, Illinois 60067
Tel.:  (847) 934-6500
keaton@pacatrust.com
Co-Counsel for Cavendish Farms Operations, Inc.