UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

AGREED ORDER OF RESOLUTION OF THE CLAIMS
OF BOWDOIN SQUARE, LLC (CLAIM NOS. 9939 AND 9940)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"). The Court finds that notice of the proposed Agreed Order was served on all interest parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party has filed an objection. The Court therefore considers the entry of the Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 9939 filed by Bowdoin Square, LLC (the "Claimant") is allowed as an unsecured non-priority claim in the amount of $400,000 against Winn-Dixie Stores, Inc in Case No. 05-03817 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2. Claim No. 9940 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $400,000 against Winn-Dixie Montgomery, Inc. in Case No. 05-03837 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

3. In the event that the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. are not substantively consolidated, Claimant shall not receive

distributions from the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. having an aggregate value that exceeds $400,000.

4. If the cases of Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, Inc. are substantively consolidated for purposes of distribution under a confirmed plan of reorganization, the plan may provide that no distributions will be made in connection with claims that are based upon guarantees and, in that event, no distribution will be made on Claim No. 9939.

5. This Agreed Order resolves (i) all liabilities and obligations related to Claim Nos. 9939 and 9940 and (ii) all other claims the Claimant has or may have up to this point against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

6. Claimant will dismiss with prejudice its pending state court action in the Circuit Court of Mobile County, Alabama, Civil Action No. CV-02-2879.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 16 day of June, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

00526485.DOC

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ Leanne McKnight Prendergast
 Leanne McKnight Prendergast

Florida Bar Number 59544
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lprendergast@smithhulsey.com

Attorneys for the Debtors

BRADLEY ARANT ROSE & WHITE

By /s/ F. Wendell Allen
 F. Wendell Allen

1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
(205) 521-8000
(205) 521-8800 (facsimile)

Attorney for the Claimant

00526485.DOC