UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF AIB DELTONA, LTD. FOR ORDER
DEEMING  PROOF OF CLAIM TIMELY FILED**

Comes Now, AIB Deltona, Ltd. ("AIB Deltona" or "Landlord"), by and through their undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby move this Court for entry of an order deeming its proof of claim for unpaid 2005 ad valorem taxes against Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") timely-filed. Upon information and belief, the claim number is 13265.

**BACKGROUND**

1. Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three subsidiaries and affiliates filed these Chapter 11 cases on February 21, 2005. The Court established an August 1, 2005 bar date.

2. AIB Deltona leases to Winn-Dixie a store ("Store") located in Deltona, Florida. Upon information and belief, Winn-Dixie refers to the location as "Store No. 2313".[1]

3. Volusia County, Florida, assesses annual ad valorem real estate taxes on the Store. Under the lease ("Lease") on the Store, as part to its rent obligation Winn-Dixie must either pay the real estate taxes or promptly reimburse Landlord for their payment. *See Lease*, paragraph 3(B)(2), attached as Exhibit "1". Under Florida law, unpaid ad valorem taxes create a lien on the real estate.

---

[1] Winn-Dixie leased the store as of December 30, 1997 from DMH Partners, Inc., which assigned the lease to H. Sieber Investment Co., which was then converted to AIB Deltona, Ltd. documents reflecting the assignment and conversion are included in the Lease.

1

4. Winn-Dixie continues to occupy the Store and operate there. As of the date of this filing, Winn-Dixie has neither moved to assume or reject the Lease.[2]

5. In mid-February 2006, AIB Deltona received a copy of a letter from Richard M. Tansi, Winn-Dixie's Manager Sales/Use and Property Tax, stating that Winn-Dixie would not pay the entire 2005 ad valorem taxes. That letter was addressed erroneously to the agent for the mortgage lender, and was forwarded to Landlord and is attached as Exhibit "2".

6. As set forth generally in Mr. Tansi's letter, Winn-Dixie apparently believes that the $11,043.68 is a pre-petition amount that it should only pay under the priorities of the Bankruptcy Code or as part of a confirmed plan of reorganization. AIB Deltona takes no position on that assertion. To the best of Landlord's knowledge, Winn-Dixie has not sought a judicial determination of its liability for the ad valorem taxes in question.

7. As a result, AIB Deltona did not learn that there would be an unpaid amount, and therefore an amount due from Winn-Dixie, until <u>after</u> the August 1, 2005 bar date. It was only in February 2006 and as a result of receiving Mr. Tansi's letter that AIB Deltona learned that Winn-Dixie would pay only $62,073.36 of the $73,117.04 due, leaving a remainder due of $11,043.68.

8. On March 16, 2006, AIB Deltona paid the entire $73,117.04 to the Volusia County Florida Tax Collector. A copy of the record from the Volusia County Florida Tax Collector's website reflecting the payment and that no 2005 taxes are now due is attached as Exhibit "3". The $11,043.68 payment is properly chargeable to Winn-Dixie under the Lease and is entitled to priority under 11 U.S.C. Section 507. AIB

---

[2] The deadline for providing notice of such assumption or rejection has been extended by the court. AIB Deltona, Ltd. also asserts that the $11,043.68 must be included in the "cure amount" if Winn-Dixie seeks to assume the Lease.

Deltona has since filed a proof of claim for that amount (the "Claim"), a copy of which is attached as Exhibit "4".

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489.

### Reason for the Delay- Lack of Notice

AIB Deltona received no notice of its Claim for the unpaid portion of the real estate taxes until after the bar date.[3] Upon information and belief, none of the Debtors

---

[3] It is arguable that the Claim did not arise until after the bar date, as AIB Deltona may not have a right of payment from Winn-Dixie until AIB Deltona paid the taxes in question in March 2006. It cannot be disputed that AIB Deltona did not know it had a Claim until it received Mr. Tansi's letter.

listed a debt to AIB Deltona, and Winn-Dixie certainly provided no notice of the Claim prior to the bar date. The principles of equity here are analogous to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.

### Length of Delay and Potential Impact on Judicial Proceedings

The judicial proceedings in this case will not be delayed or otherwise affected at all if the Court grants this Motion. Neither Winn-Dixie nor any of the Debtors has filed a proposed Plan of Reorganization and as a result, AIB Deltona's claims may be addressed in such a Plan(s).

AIB Deltona has not delayed with regard to the Claim. It acted promptly in paying the real estate taxes when due and filed the Claim shortly thereafter.

### Prejudice to the Debtors

There can be no prejudice to Winn-Dixie if the Claim is allowed. As stated above, neither Winn-Dixie nor any of the Debtors has filed a proposed Plan of Reorganization. As a result, AIB Deltona's Claim may be addressed in such a plan or plans. Second, AIB Deltona is properly participating in the case and continues to cooperate with Winn-Dixie and provide services to it. Third, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to AIB Deltona's claim on its merits.

### AIB Deltona's Good Faith

AIB Deltona's actions in this case were taken in good faith. It has acted properly and with diligence given its lack of knowledge of the unpaid real estate taxes and

4

Winn-Dixie's intention not to pay them in a manner consistent with the leas. At no point has it delayed the process or otherwise "sat on its rights".

### The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of AIB Deltona's claims as timely-filed will permit the claim to be resolved on its merits. Such relief will result in no prejudice to Winn-Dixie, will serve to protect AIB Deltona's rights to recover for its damages, and is consistent with the interests of justice.

**Wherefore,** AIB Deltona requests that the Court enter an order deeming its Claims timely-filed, and granting it such other and further relief to which she may be entitled.

Dated: June 19, 2006              **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

### CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2006 I caused a copy of the foregoing **Motion of AIB Deltona, Ltd. for Order Deeming Proof of Claim Timely Filed** to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox