**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |

**RESPONSE OF BRACH'S CONFECTIONS, INC. TO DEBTORS' TWELFTH**
**OMNIBUS  OBJECTION TO (A) OVERSTATED CLAIMS, (B) OVERSTATED**
**MISCLASSIFIED CLAIMS AND (C) NO LIABILITY MISCLASSIFIED CLAIMS**
(Related Docket Item No. 8116)

Brach's Confections, Inc. ("Brach's") files this response to the Debtors' Twelfth

Omnibus Objection to (a) Overstated Claims, (b) Overstated Misclassified Claims and (c) No

Liability Misclassified Claims (the "Objection") and represents as follows:

1.      On or about July 27, 2005, Brach's filed its Proof of Claim No. 8559 in the Winn-

Dixie Stores, Inc. ("Winn-Dixie") bankruptcy case in which it asserted an unsecured, non-

priority claim against Winn-Dixie in the amount of $636,268.60.  The claim was for goods sold

to Winn-Dixie by Brach's.  Claim No. 8559 did not include certain amounts related to Brach's

reclamation claim.  Thus, also on or about July 27, 2005, Brach's filed a separate claim (Proof of

Claim No. 9507) in which it asserted a secured reclamation claim in the amount of $69,431.03.

2.       On or about May 30, 2006, the Debtors filed their Objection, which includes an

objection to both of Brach's claims.  With regard to Claim No. 8559, the Debtors object to the

amount of the claim and propose that the claim amount be reduced from $636,268.60 to

$420,394.93 due to an alleged accounts payable credit of $26,596.56 and an accounts receivable

balance of $189,277.11.  With regard to Claim No. 9507, the Debtors object to both the amount

and classification of the claim and recommend that the secured claim of $69,431.03 be reduced

and reclassified as an unsecured claim in the amount of $7,125.98.  The bases for the proposed

1

reduction are stated to be a "net consumption waiver" of $1,888.04, accounts payable credit of $24.38 and reclamation payments in process totaling $60,392.63.    As to the proposed reclassification, nothing more is stated other than that the claim is "misclassified".

Response to Objection to Claim No. 8559

3.    Brach's opposes the reduction of the amount of Claim No. 8559 to $420,394.93. Brach's records do not reflect that Winn-Dixie is entitled to any additional credits or reductions other than those already provided to Winn-Dixie by Brach's, which reductions are described in the supporting documents attached to Claim No. 8559.  Brach's has requested information from Winn-Dixie supporting the alleged accounts payable credit and accounts receivable balance and has not received such information.  Brach's demands strict proof of Winn-Dixie's assertion that Claim No. 8559 should be reduced.

Response to Objection to Claim No. 9507

4.    As to the objection to Claim No. 9507, pursuant to (a) the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors, Reclamation Claims and Establishing Post-Petition Trade Lien Program, (b) this Court's Order approving same [Docket No. 2725], (c) Brach's Agreement to Be Bound by Stipulation, and (d) related documentation, Brach's has an Allowed Reclamation Claim in the amount of $60,392.63. As of the filing of this response, Brach's is still owed the last installment payment on the Allowed Reclamation Claim.  Assuming that the last installment payment is made and that the Debtor is not seeking to prejudice or alter Brach's Allowed Reclamation Claim, Brach's does not oppose the reclassification and reduction of Claim No. 9507 to an unsecured claim of $9,038.40, which is the difference between the amount asserted in Claim No. 9507 less the Allowed Reclamation Claim amount.  However, Brach's does oppose the additional reductions proposed

2

by Winn-Dixie for a consumption waiver of $1,888.04 and accounts payable credit of $24.38. To the extent that the claim is treated as an unsecured claim, Winn-Dixie is not entitled to a "consumption waiver", which is a concept unique to the calculation of the reclamation claim. Winn-Dixie received the product and is liable in full for it in the amount of $9,038.40.  As to the credit of $24.38, Brach's has not been provided with sufficient information supporting that credit, but acknowledges that this proposed reduction is *de minimus*.

WHEREFORE, Brach's requests that the Court overrule the Debtors' Objection, except as stated otherwise herein, and grant it such other and further relief as may be just and equitable.

DATED:  June 19, 2006.

Respectfully submitted.

By:     /s/ **Robert Wilcox**_____
Robert Drake Wilcox (FL Bar No. 755168)
Wilcox Law Firm
6817 Southpoint Pkwy., Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Facsimile
rwilcox@wilcoxlawfirm.com

and

Paula K. Tucker (TX Bar No. 00791828)
Marcus A. Helt (TX Bar No. 24052187)
Gardere Wynne Sewell, LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201-4761
(214) 999-4961
(214) 999-4667 Facsimile

**ATTORNEYS FOR BRACH'S
CONFECTIONS, INC.**

## CERTIFICATE OF SERVICE

I, Robert D. Wilcox, hereby certify that on June 19, 2006, I filed the foregoing Response to the Debtors' Twelfth Omnibus Objection to (a) Overstated Claims, (b) Overstated Misclassified Claims and (c) No Liability Misclassified Claims with the Clerk of the Court through the CM/ECF system, and in doing so I have served counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors, and all parties on the Rule 1007(d) Parties in Interest list.  Further, the undersigned states that he has caused the Response to be served via facsimile to (212) 735-2000, e-mail to Jleamy@skadden.com and djbaker@skadden.com and via first class U.S. Mail, postage prepaid on the parties listed below on this 19th day of June, 2006.

D. J. Baker
Jane Leamy
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

/s/ *Robert Wilcox*
Robert Drake Wilcox

4