

**R·M·S**

RECEIVABLE MANAGEMENT SERVICES
www.dbrms.com

307 International Circle, Suite 270, Hunt Valley, MD 21030
Tel: 410-773-4089
Fax: 410-773-4057
Email: Phyllis.Hayes@rmsna.com

partner

F I L E D
JACKSONVILLE, FLORIDA

JUN 1 9 2006

Phyllis A. Hayes
Paralegal – Bankruptcy Services

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

June 16, 2006

Clerk
U.S. Bankruptcy Court
Middle District of Florida
300 North Hogan St., Ste. 3-350
Jacksonville, FL 32202

      Response to Debtors' Twelfth Omnibus Objection to Overstated Claims
          In re: Winn-Dixie Stores, Inc., *et al.*, ("Debtors")
        Case No. 05-03817-3F1 (Jointly Administered) (Chapter 11)
           Claim No. 465 – $EMC^2$ Corporation - $83,968.82

Dear Clerk:

    As agent for the creditor, $EMC^2$ Corporation ("EMC"), we partially disagree with the claim objection to reduce EMC's general unsecured claim from the amount of $83,968.82 to $79,240.98. The basis of the objection is sales tax charged on expense reimbursements. While we <u>do not disagree</u> to remove the sales tax of $25.37 charged on the professional services performed in May, 2004, we <u>do disagree</u> with the removal of the sales tax charged on the ten (10) property tax invoices. To support the assessment of the tax, attached is a copy of Florida Regulation, Rule 12A-1.071 – Rentals, Leases, or Licenses to Use Tangible Personal Property. The pertinent language has been highlighted.

    In that regard, we ask that the claim be evaluated on its merits based on the enclosed documentation to support EMC's claim of $83,943.45.

Sincerely,

Phyllis A. Hayes
Receivable Management Services
Agent for $EMC^2$ Corporation

Enclosure
cc:
Skadden, Arps, Slate, Meagher & Flom, LLP
Attn.: D.J. Baker
Four Times Square
New York, NY 10036
*Attorney for Debtor*

## STATE-REG, FL-TAXRPTR ¶65-143, Rule 12A-1.071. Rentals, Leases, or License to Use Tangible Personal Property. --

Florida Regulation, Rule 12A-1.071.. --

   

(1)(a) For the purpose of this rule, the term "lease" includes any rental or license to use tangible personal property, unless a different meaning is clearly indicated by the context in which it is used. The term refers to all transactions that are not bailments in which there is a transfer of possession of tangible personal property, without regard to limitations upon the use, for a consideration, without a transfer of title to the property. It is not essential for a transfer of possession of tangible personal property to include the right to move the tangible personal property. It includes a transaction under which a person secures for a consideration the temporary use of tangible personal property which, although not on his premises, is operated by or under the direction or control of the person or his employees. All leases of tangible personal property other than conditional-sale type leases as described in paragraph (1)(d) of this rule, are operating leases. Whether a transaction is a "sale" or a "rental, lease, or license to use" shall be determined in accordance with the provisions of the agreement.

(b) Transfer of possession with respect to an operating lease means that one of the following attributes of tangible personal property ownership has been transferred:

1. Custody or possession of the property, actual or constructive;

2. The right to custody or possession of the property; or,

3. The right to use and control or direct the use of the property.

(c) For an operating lease, tax applies to the **gross proceeds**► derived from the lease of tangible personal property for the entire term of the lease when the lessor of such property is an established business, part of an established business, or leasing tangible personal property is incidental or germane to the lessor's business.

1. The ◄"**gross proceeds**► derived" means the total consideration agreed by the parties for the lease of the tangible personal property. Sales tax is due and payable by the lessee to the lessor when the lessee's obligation arises to pay to the lessor each agreed payment, irrespective of whether the lessee has complied with the obligation to pay the agreed payment(s) to the lessor.

2. ◀Gross proceeds▶ for purposes of this rule include, in addition to the amount attributable to the rental of tangible personal property:

a. Any interest charges whether or not separately stated, unless the interest charges are clearly imposed for late payment or other defaults under the lease.

b. Ad valorem taxes due by the lessee or other person actually using, or entitled to use the tangible personal property to the lessor or any other person on behalf of the lessor, including transactions between affiliated entities.

c. Any portion of an insurance premium due by the lessee or other person actually using, or entitled to use the tangible personal property to the lessor or any other person on behalf of the lessor which names the lessor or his assigns as the beneficiary thereof and which is separately stated or itemized. However, when a lessee or other person pays insurance for his own protection, the premium is not regarded as ◀gross proceeds▶ subject to tax, even though the lessor or other person granting the right to use the tangible personal property is also protected by the coverage.

d. Freight charges incurred as part of the lease transaction. See Rule 12A-1.045, F.A.C.

(d) Where a contract designated as a lease transfers substantially all the benefits, including depreciation, and risks inherent in the ownership of tangible personal property to the lessee, and ownership of the property transfers to the lessee at the end of the lease term, or the contract contains a purchase option for a nominal amount, the contract shall be regarded as a sale of tangible personal property under a security agreement (commonly referred to as a conditional-sale type lease, from its inception. The purchase option shall be regarded as a nominal amount if it does not exceed $100 or 1 percent of the total contract price, whichever is the lesser amount.

(e) Whether a lease is a conditional-sale type lease or an operating lease shall be determined in accordance with the provisions of the agreement, read in light of the facts and circumstances existing at the time the agreement was executed. Taxpayers who calculated and paid taxes on leases, entered into after January 2, 1989, pursuant to any amendments to paragraph (1)(d) of this rule adopted after January 2, 1989, shall be deemed to be in compliance with the requirements of this rule.

(f) In the case of a conditional-sale type lease executed on or after the effective date of this rule, the Executive Director or the Executive Director's designee in the responsible program will

consider these to be sales and purchases from their inception with tax due and payable at the moment the contractual agreement is entered into or when the property comes to rest in this state if at a later date. Charges for interest or financing are taxable unless the rate of interest or the actual amount of interest charged is separately stated on the customer's contract.

(2)(a) Tangible personal property purchased exclusively for leasing purposes by a dealer registered with the Department at the time of purchase may be purchased tax- exempt, The purchasing dealer is required to issue a copy of the dealer's Annual Resale Certificate to the selling dealer at the time of purchase in lieu of paying tax, as provided in Rule 12A-1.039, F.A.C.

(b)1. Any person who purchases tangible personal property for the dual purpose of leasing it to others and also for his own use, or who purchases tangible personal property with the intention only of leasing it but in fact also uses the property itself, shall pay the tax on the cost price of such property and shall also collect and remit the tax on all leases of such property.

2. The subsequent conversion to one's own use, of tangible personal property which has been purchased tax exempt for exclusive lease, will be subject to use tax at the time of conversion. The basis of the use tax will be "fair market value" at the time of conversion. If the fair market value of the tangible personal property cannot be determined, then the use tax due at the time of conversion should be based on the acquisition cost of the tangible personal property. Under no circumstances will the aggregate amount of sales tax, from leasing and the use tax at the time of conversion, be less than the total sales tax that would have been due on the original acquisition cost paid by the lessor.

(3) An out-of-state owner or lessor of equipment is doing business in Florida when his tangible personal property is located in Florida in the possession of a lessee, and the owner or lessor shall register and comply with the provision of Chapter 212, F.S. The lease of tangible personal property which is used or stored in this state shall be taxable without regard to its prior use or tax paid on purchase outside this state.

(4) If the lessee of tangible personal property removes the property from the State of Florida, the consideration contracted to be paid subsequent to such removal is not taxable, provided the lessee furnishes the lessor with a signed certificate identifying the property, and the date the property was or will be removed from this state. If the lessee has obtained self-accrual authority from the Department of Revenue, as provided in Rule 12A-1.0911, F.A.C., then the lessee's records must substantiate when the property was removed from this state. Rental amounts charged or paid while the property is in Florida are taxable, even though the property is moved from the state immediately after the lessee takes possession of it. This does not apply to motor vehicles. See Rule 12A-1.007, F.A.C., for application of tax to rental of motor vehicles.

(5)(a) Rental receipts from motion picture films, when an admission is charged for viewing such films, are exempt.

(b) Tax applies to leases of video cassettes, videotapes, and videodiscs for private use when the lessee does not obtain or acquire the right to license, broadcast, exhibit, or reproduce the video cassettes, videotapes, or videodiscs.

(c) Film and license fees and direct charges for films, videotapes, transcriptions, program syndication, and network syndication used by television stations, radio stations, or networks are exempt.

(6) The lease payments on tangible personal property which is leased solely for the purpose of leasing it to a third party are exempt. The prime lessee is required to register with the Department as a dealer and issue the prime lessor a resale certificate in lieu of tax.

(7) Each operating lease payment due under a lease purchase or similar agreement which also grants the lessee an option to purchase the tangible personal property is taxable. When the option is exercised and title to the property passes to the lessee-purchaser, no tax is due on that part of the purchase price upon which lease tax has been paid. Only the balance of the purchase price required to be paid by the purchaser upon the exercise of the option is taxable.

(8) Repair parts purchased for use in the maintenance of tangible personal property used exclusively for leasing purposes are exempt when purchased by the lessor. When purchased by the lessee, they are taxable. Charges by the lessor to a lessee for repairing property which is not a part of the lease contract are taxable. Charges to the lessee by a third party for repairing the leased property are taxable.

(9)(a) A transaction involving the use of equipment with an operator supplied by the owner of the equipment is a lease if control or direction over the use of the equipment passes to the customer.

(b) When the operator of the equipment is on the payroll of the lessee, the contract constitutes a rental of tangible personal property and is subject to the tax.

(c) A transaction is not a lease if it is for the performance of a specific job in a manner to be determined by the owner or his operator.

(d) When the owner of equipment furnishes the operator and all operating supplies, and contracts for their use to perform certain work under his direction and according to his customer's specifications, and the customer does not take possession or have any direction or control over the physical operation, the contract constitutes a service transaction and not the rental of tangible personal property, and no tax is due on the transaction.

(10) The tax on leases of machinery, such as cigar machinery, etc., must include not only the basic rental charge for each machine, but also the rentals or royalties assessed on the ◄gross► output of each machine.

(11) If equipment is purchased primarily for use by a contractor and is subsequently leased, it is taxable at the time of purchase and also upon its subsequent lease, unless the lease qualifies as an occasional lease. See subsection 12A-1.037(6), F.A.C., for occasional rental of tangible personal property.

(12) The charges under contracts between separate legal entities, such as two corporations, or between a corporation and an individual or between a corporation and a partnership covering the lease of tangible personal property are taxable, even though the stock of the corporation is owned by the same stockholders or by the other contracting parties. Charges under a lease between a partnership and one or more of the individual partners are taxable.

(13) A corporation must charge tax on the ◄gross proceeds► derived, from leases of equipment to an individual or to individuals owning 100 percent of its stock.

(14)(a) Tax is due and payable on the charge by a dealer to a customer for the retention of tangible personal property beyond a stipulated time. Such "charges" shall constitute part of the total consideration for the continued possession of tangible personal property when the lessor records such charges as rental income in its books and records. However, if such charges are specifically designated and itemized in the contract, charge ticket, sales slip, invoice, or other tangible evidence of the lease as a penalty or late fee, then such charges or fees are only incidental to the sale, and do not constitute part of the sales price; therefore, such charges are not subject to tax.

(b)1. The amount charged by a lessor to a lessee to cancel or terminate a lease agreement is subject to tax if the lessor records such charge as rental income in its books and records. If such charge is not recorded as rental income by the lessor, then such charge is not considered a payment for the lease of the tangible personal property but as a payment to cancel or terminate the lease agreement.

2. Notwithstanding the provisions of subparagraph (b)1., above, if the amount paid by a lessee to a lessor to cancel or terminate a lease agreement is recorded as a rental expense in the lessee's books and records, then such payment is subject to tax. However, if the lessee does not record that payment as a rental expense, then such payment is not considered a payment for the lease of the tangible personal property but as a payment to cancel or terminate the agreement, and is not subject to tax. If the lessee records the payment as a rental expense but does not remit tax to the lessor on such payment, then the lessee is required to remit the tax on such charge directly to the Department. The lessee is required to remit the tax on Form DR-15, Sales and Use Tax Return, if a registered dealer, or if unregistered, the lessee is required to remit the tax on Form DR-15MO, Sales and Use Tax Return-Mail Order. Forms DR-15 and DR-15MO are incorporated by reference in Rule 12A-1.097, F.A.C.

3. Should the lessee record the payment as a rental expense but provide documentation, such as a lease or other tangible evidence, to establish that the payment is for other than the use of tangible personal property, then such payment is not subject to tax.

4. Should the lessor or lessee record the payment as other than rental income or rental expense, but documentation exists, such as a lease or other tangible evidence, to establish that the payment was additional payment for the use of tangible personal property, then such payment is subject to tax.

(15) When a boat or vessel is chartered with crew furnished, for the carriage or transportation of persons or property from one point to another and the charterer does not have any direction or control over its operation, the contract constitutes a service transaction and not the rental of tangible personal property and is exempt. See paragraph (17)(c) for charter fishing vessels.

(16) When a boat or vessel is leased or rented on a "bare boat" basis, the sales tax applies to the ◄gross proceeds► derived from the lease or rental. The lease or rental is considered to be on a "bare boat" basis when:

(a) The lessor does not provide a crew;

(b) The lessor does provide a crew but it is hired by the lessee under a separate employment contract. (Under such circumstances the employment contract cost is not a part of the ◄gross proceeds derived from the lease or rental and is not taxable.)

(17)(a) When the owner of a boat or vessel operated as a "head-boat" or "party boat" supplies the crew, which remains under the control and direction of the owner, and makes a charge measured on an admission or entrance or length of stay aboard the vessel for the privilege of participating in sightseeing, dinner cruises, sport, recreation, or similar activities including fishing, the charge is taxable as an admission.

(b) Example: A vessel having a capacity for 6 persons operates as a "party" or "head-boat" with a charge of $50 per person for a day fishing trip whether 1 or 6 persons are carried on the trip. The charge made is considered a charge for admission and is subject to sales tax.

(c) The charge made for chartering any boat or vessel with a crew furnished, solely for the purpose of fishing, is exempt from the tax on admissions and from the tax on leases or rentals of tangible personal property.

(d) Example: A vessel similar to that in the example in (b) above is available for a day fishing trip for a charge of $300 per day, with crew furnished, without any reduction for the number of persons participating in the trip. This transaction qualifies as a charter fishing trip and the charge is not subject to sales tax.

(18) Unless a boat or vessel is purchased exclusively for rental on a bare boat basis as described in paragraph (16), the purchase of the boat or vessel and parts thereof is taxable. See Rule 12A-1.0641, F.A.C., for vessels engaged in interstate and foreign commerce.

(19) The rental charges on water recreation or transportation devices, including but not limited to boats, sailboats, sailboards, surfboards, pedal boats, skis, jet skis, and canoes are taxable as rentals of tangible personal property.

(20) The rental of aircraft is taxable.

(21) The charge made by an air taxi (charter) to transport a passenger to a certain destination (the passenger does not pilot or take possession of the aircraft) is a charge for transportation service rather than a rental and is exempt from tax.

(22) A charge for flight instruction, which includes supervised solo flights, is exempt. The purchase of an aircraft for this use is taxable.

(23) The charge for any solo flights made by the student after completing his flight course, even though he may be logging hours for a rating or license, is a rental and is taxable. For additional tax information on aircraft, see subsection 12A-1.007(10), F. A. C.

(24) Life preservers, cushions, oars, oar locks, anchors, anchor ropes, and similar equipment purchased for boats which are to be used exclusively for rental purposes are exempt.

(25) The rentals of batteries, life vests, and other survival equipment are taxable.

(26) The rentals of beach umbrellas, beach chairs, dugouts, portable canvas cabanas, and similar equipment are taxable.

(27) The rentals of riding horses by riding stables are taxable.

(28) Rentals of golf carts, clubs, etc., by private and public (municipal) golf courses and by golf professionals are taxable.

(29) Skating rink charges for admission to the premises are taxable. Charges for the privilege of skating are taxable. If the customer rents skates from the rink, the rental charge is taxable.

(30) When the owner of a float contracts with a second party to furnish the driver and float in a parade for the benefit of the second party, the charge made is considered a charge for service and is exempt. The owner is liable for tax on the materials he uses in the construction of the float. If the owner of a float leases it to a second party and surrenders possession to such party, the rental charge is taxable.

(31) The rental of stoves, ice boxes, counter, etc., in connection with an established business is taxable.

(32) Meat saws, chopper knives, and replacement parts therefor furnished to meat markets for a charge are exempt to the dealer at the time of acquisition, and the charges to the meat market

are taxable. Such equipment, when furnished to meat markets at no charge, is taxable to the dealer at the time of acquisition.

(33) Caterers are required to pay tax on the purchases or rentals of all dishes, tables, chairs, silver, linens, kitchen utensils, artificial palms, and other items used by them in the conduct of their business. The caterer should pay tax to his supplier and should not furnish the supplier with a resale certificate, except in those instances where he is purchasing or renting such items exclusively for rental and for which he makes a separate charge to his customer.

(34) The rental or lease of a United States flag or the official flag of Florida is exempt. The rental or lease as a unit of a kit that includes the United States flag or the official flag of Florida and related accessories, such as a mounting bracket, a standard, a halyard, and instructions for the display of the flag is also exempt. The lease or rental of any accessory, when not leased or rented as a part of a kit containing the United States flag or the official flag of Florida, is taxable. See Rule 12A-1.001, F.A.C., for the exemption provided for sales of flags and flag kits.

(35) The charges made for rentals of air conditioning equipment which remains tangible personal property are taxable.

(36) The revenue derived from coin operated lockers in hotels, depots, etc., is taxable.

(37) The charge for water conditioning (soft water service) is exempt. The dealer shall pay tax on the acquisition of tanks, minerals, and other equipment used in furnishing such service, unless such materials and supplies are actually sold to the customer.

(38) Tanks, drums, pipe, etc., sold or rented by the dealer to persons using liquefied petroleum gas are taxable. The rental charge shall be the fair market price and not a token monthly charge for the use of the equipment. LP gas dealers should pay tax to their suppliers on such items unless purchased for rental or resale.

(39) The rental of well point equipment is taxable.

(40) The rental of small roadside signs, warning lights, and barricades, which are not a part of real property, is taxable.

(41) The entire charge for the lease or license for use of chemical toilet units is taxable, including the cleaning services, since the cleaning services are required to be provided or performed by the lessor or licensor.

(42) Charges made by buses, taxicabs, etc., for advertising space thereon are exempt.

(43) The total amount charged for the rental of a mobile home is taxable, unless rented as a permanent residence. See Rule 12A-1.061, F.A.C.

(44) The receipts from coin operated washing machines provided to tenants by apartment building owners are exempt.

(45) The rental of books is taxable when the total charge exceeds 9¢, even when the lessor is a public or municipally owned library.

(46) The charge made for the use of a tanning device is not taxable as a license to use tangible personal property but is a service which is exempt from tax. Purchases of tanning devices and related supplies used in the performance of the exempt service are subject to tax. See paragraph (2)(b) of this rule.

(47)(a) ASSIGNMENT OF LEASES. When an "operating lease" is assigned, whether or not title to the leased or rented property is transferred, the rental or lease payments are subject to tax. If title is transferred, tax applies based on the sales price. The situations described below involve assignments of existing "operating leases" subject to tax measured by rental payments:

(b) ASSIGNMENT OF A RIGHT AND CREATION OF A SECURITY INTEREST. This type of assignment is an assignment by the lessor of the right to receive the lease payments together with the creation of a security interest in the leased property which is designated as such. The assignee has recourse against the assignor. The assignee does not have the rights of a lessor and is not obligated to collect or remit tax on the rental payments. The lessor is subject to the obligation of collecting and remitting the tax even though the lessor does not receive the rental payments directly from the lessee. The assignee, however, is required to remit any amounts paid to him by the lessee as tax. If the assignee enforces the security agreement and takes title to the property, the assignee as lessor becomes responsible for collecting and remitting the tax.

(c) ASSIGNMENT OF CONTRACT WITH TRANSFER OF RIGHT, TITLE, AND INTEREST FOR SECURITY PURPOSES. This type of assignment is an assignment by the lessor of the lease contract together with the transfer of the right, title, and interest in the leased property for security purposes. The assignee has recourse against the assignor. After the termination of the lease, the property usually reverts to the original lessor. The assignee, in this situation, has assumed the position of a lessor. The assignee is required to hold a Dealer's Certificate of Registration and is obligated to collect and remit the tax. The assignor is required to obtain a resale certificate from the assignee in lieu of tax.

(d) ASSIGNMENT OF CONTRACT AND ALL RIGHTS, TITLE, AND INTEREST. This type of assignment is an assignment by the lessor of the lease contract together with the transfer of all rights, title, and interest in the leased property. The assignee has no recourse against the assignor. The assignment is not for security purposes, and the assignor does not retain any ownership rights in the contract or the property. The assignee, in this situation, has assumed the position of a lessor. The assignee is required to hold a Dealer's Certificate of Registration and is obligated to collect and remit the tax. The assignor is required to obtain a resale certificate from the assignee in lieu of tax.

(Amended December 11, 1974; December 31, 1981; July 20, 1982; January 2, 1989; October 5, 1992; November 16, 1993; August 15, 1994; October 17, 1994; March 20, 1996; August 1, 2002; June 12, 2003; technical changes made pursuant to letter from Department of Revenue effective July 9, 2003, September 28, 2004.)

NON: STATEFL FL-REGSRULE12A-1.071 http://tax.cchgroup.com/network&JA=LK&fNoSplash=Y&&LKQ=GUID%3A9275cac4-4833-3618-88ba-5fdb08a8ffe0&KT=L&fNoLFN=TRUE& JFL01 #8352 [ADVSUM STATEFL ]

© 2006, CCH INCORPORATED. All Rights Reserved.    Find help at http://support.cch.com, call Research Specialists at 800-344-3734,    | Back to Top