UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-03817-F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al*, | ) | CHAPTER 11 |
| | ) | (JOINTLY ADMINISTERED) |
| Debtors. | ) | |
| | ) | |

### DANIEL G. KAMIN'S RESPONSE TO DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS

Daniel G. Kamin ("Kamin") hereby responds and objects to the Debtors' Twelfth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim No. 12310 (the "Claim"), and support thereof states and alleges as follows:

1. Kamin and debtor Winn-Dixie Raleigh, Inc. were parties to a lease (the "Lease") for certain real property located in Zebulon, North Carolina, which property was designated as Store No. 808. A copy of the Lease is attached as Exhibit A to the Claim.

2. The Lease ran through March 2, 2014.

3. On September 8, 2005, the Debtors filed a Notice of Rejection of Unexpired Lease indicating their intent to reject the Lease. *See* Exhibit B to the Claim. On September 29, 2003, Debtors sent Landlord a letter formally closing Store 808 and turning over the keys to the property. *See id.* at Exhibit C. Thus, the Lease was rejected effective September 30, 2005.

4. The Debtors seek to reduce the Claim from the amount of $1,141,443.53 to $2,432.21 on the grounds that Kamin "assigned its rights to Jefferson Pilot" and the "remaining asserted amounts lack adequate supporting documentation."

5. The Omnibus Objection should be denied with respect to the Claim because Debtors have failed to rebut the presumption of validity that attached to the Claim upon its filing.

A proof of claim properly filed constitutes *prima facie* evidence of the validity and amount of the claim. Fed.R.Bank.P. 3001(f); 11 U.S.C. § 502(a).  The Claim was properly filed in compliance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and it attaches documentary evidence supporting the validity and amount of the Claim. *See* Claim at Exhibits D-F.  Thus, the Proof of Claim and Amended Proof of Claim establish the *prima facie* validity and amount of Kamin's claim.  *Id.*; *Raleigh v. Illinois Dept. of Revenue,* 530 U.S. 15, 21 (2000) ("one who asserts a claim is entitled to the burden of proof that normally comes with it").

6. Once a *prima facie* valid claim is established, the burden of going forward shifts to the party objecting to the claim.  The objecting party must do more than assert a blanket denial and instead must produce evidence sufficient to negate the claim's *prima facie* validity. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3rd Cir. 1992) ("[t]he burden of going forward … shift[ed] to [the Debtors] to produce evidence sufficient to negate the prima facie validity of the filed claim").

7. To meet their burden of going forward, the Debtors were therefore required to produce "substantial evidence" or "evidence equal in force to the *prima facie* case." *In re Hemingway Transport, Inc.*  993 F.2d 915, 925 (1st Cir. 1993) (the "interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by *substantial evidence*"); *In re Knize*,  210 B.R. 773, 778 (Bankr. N.D. Ill 1997) ("The objector must produce evidence of a probative force equal to the allegations contained within the proof of claim.").  Not only have Debtors failed to present "substantial" or "probative" evidence sufficient to meet their burden of going forward, they have failed to come forth with any evidence whatsoever to support their assertion that the Claim should be reduced to the amount of $2,432.21.  *See, e.g., Lundell v. Anchor Const. Specialists, Inc.*,  223 F.3d 1035, 1039 (9th Cir.

2

2000) ("Upon objection, the proof of claim provides 'some evidence as to its validity and amount" and is 'strong enough to carry over a mere formal objection without more.'") (quoting *Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991)).

8.  Although there is an Assignment of Lease, Rents and Profits between Kamin and Jefferson-Pilot Life Insurance Company relating to Store No. 808, Kamin has not waived or otherwise relinquished those interests asserted in the Claim.

## RESERVATION OF RIGHTS

9.  Kamin expressly reserves the right: (i) to amend, modify, or supplement this objection and response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, the Claim; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this objection and response.

10.  Kamin expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

WHEREFORE, Kamin respectfully requests that the Court: (i) overrule the Omnibus Objection as it relates to the Claim; (ii) allow the Claim in the amount of $1,141,443.53 as an unsecured claim; and (iii) grant Kamin such other and further relief that the Court may deem just and appropriate.

                                        Respectfully submitted,
                                        **DANIEL G. KAMIN**

                                        By: /s/ Sara E. Lorber
                                                One of Its Attorneys

CH1 11076051.1

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Tel. (312) 346-8000
Fax: (312) 269-8869
rlauter@seyfarth.com
slorber@seyfarth.com

## **CERTIFICATE OF SERVICE**

I, Sara E. Lorber, an attorney, do hereby certify that on June , I electronically filed a true and correct copy of the foregoing DANIEL G. KAMIN'S RESPONSE TO DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS, and caused the same to be served via electronic mail to those parties entitled to service through the ECF registration.

/s/ Sara E. Lorber