Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **Winn-Dixie Montgomery, Inc.**  Case No. **05-03837-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

20258683
WDX-383208-B215      d/b/a Reservoir Square
E&A SOUTHEAST LP                  Brandon, MISS
C/O KITCHENS KELLEY GAYNES PC
ATTN MARK A KELLEY, ESQ
BLDG 11 PIEDMONT CENTER SUITE 900
3495 PIEDMONT ROAD NE
ATLANTA GA 30305

mkelley@kkgpc.com

Telephone No. of Creditor: 404/237-4100
Fax No. of Creditor: 404/364-0126

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

3. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  ☒ additional address
Name: Edwin W. Held, Jr., Esq.
Company/Firm: Held & Israel
Address: Suite 1916 Riverplace Tower
1301 Riverplace Boulevard
Jacksonville, Florida 32207-9073

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions you need not refile your claim

Account or Other Number by Which Creditor Identifies Debtor:
**Store #1347**

Check here if this claim
☐ replaces  ☐ amends    a previously filed claim, dated: _____

Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☒ Other **Lease rejection & guaranty**

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____
(date)           (date)

Date debt was incurred:

3. If claim is based on a Court Judgment, date obtained:

Total Amount of Claim at Time Case Filed:
$ **271,434.57**    $ **0**    $ **0**    $ **271,434.57**
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim if any: $_____

Unsecured Nonpriority Claim $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier — 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary.
Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date: **6/24/05**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
KITCHENS KELLEY GAYNES, P.C.   Atty for E&A Southeast LP
Print: **Mark A. Kelley**   Title: **d/b/a Reservoir Square**
Signature: _____       **Brandon, Mississippi**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT "A"

Exhibit A

pre petition arrearage:

Reconciliations for 2004..............................$ 36,366.57
    Common Area Maintenance....... $ 20,291.99
    insurance...................... $  3,350.23
    Real Estate Taxes.............. $ 12,724.35


Rejection damages
    12 x $19,589..................................$235,068.00

TOTAL CLAIM.....................................$271,434.57



**America's Supermarket**

January 22, 2001

DENNIS M. SHEEHAN
Senior Vice President
Director of Real Estate

E & A Southeast Limited Partnership
c/o Edens & Avant
Attn: Clarence Evans
409 Briarwood Drive, Suite 305A
Jackson, MS 39206

    Re:    Former Jitney Store #47
              Winn-Dixie Store #1347
              Location: 1925 Spillway Road; Brandon, Mississippi

Dear Mr. Evans:

        Please be advised that on Thursday, January 11, 2001, Winn-Dixie Louisiana took an Assignment of Lease from Jitney-Jungle Stores of America, Inc. on the referenced location.

        As your new tenant, I would like to provide contact information for individuals within Winn-Dixie who can assist you should you have questions or issues relating to rental payments, maintenance or lease issues. The contacts are as follows:

### Rental Payments
Lease Accounting
c/o Jason Singley or Romeo Mayo
Winn-Dixie Stores, Inc.
P. O. Box B
Jacksonville, Florida 32203

Phone: (904) 783-5545/5857
Fax: (904) 370-6389
E-mail: jasonsingley@winn-dixie.com
romeomayo@winn-dixie.com

### Maintenance
Mike Butler
Winn-Dixie Louisiana, Inc.
P. O. Box 1540
Fort Worth, Texas 76101

Phone: (817) 921-1306
Fax: (817) 921-1380
E-mail: mikebutler@winn-dixie.com

### Real Estate Manager
Ed Naylor
Winn-Dixie Louisiana, Inc.
P. O. Box 51059
New Orleans, Louisiana 70151

Phone: (504) 731-2210
Fax: (504) 731-2379
E-mail: ednaylor@winn-dixie.com

        In addition, enclosed please find a Guaranty which was executed by Winn-Dixie Stores, Inc. as guarantor of tenant's lease obligations.

        Should you have any comments or questions regarding any matters relating to this location, please do not hesitate to contact us. We look forward to a mutually beneficial and profitable relationship.

                                        Sincerely,

                                        Dennis M. Sheehan

WINN-DIXIE STORES INC    5050 EDGEWOOD COURT

1/11/01

## CORPORATE GUARANTY OF LEASE OBLIGATIONS

**THIS CORPORATE GUARANTY OF LEASE OBLIGATIONS** (this "Guaranty") is given as of the date indicated below by **WINN-DIXIE STORES, INC.**, a Florida corporation ("Guarantor") to and in favor of **E&A SOUTHEAST LIMITED PARTNERSHIP** ("Landlord") on behalf and for the account of **WINN-DIXIE LOUISIANA, INC.**, a Florida corporation ("Tenant").

### RECITALS:

A. Pursuant to an Assignment and Assumption of Lease dated January 11, 2001 (the "Assignment"), Tenant was assigned all of the tenant's interest in, and assumed tenant's obligations accruing from and after the date of said Assignment under, that certain Lease, as amended from time to time, as described on attached Exhibit A (the "Lease") covering those certain premises known as Store #J47 in Brandon, Rankin County, MS, as more particularly described in the Lease (the "Premises").

B. Landlord's leasing of the Premises to Tenant will, directly or indirectly, materially benefit Guarantor, and therefore, Guarantor has agreed to execute and deliver this Guaranty.

**NOW THEREFORE,** for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor jointly, severally, unconditionally and irrevocably guarantees the full and prompt payment, performance and observance of all the obligations, covenants, conditions and agreements in the Lease to be paid, performed and observed by Tenant and Tenant's successors, subtenants and assigns accruing from and after the date of said Assignment, and further agrees as follows:

1   The foregoing recitals are true and correct and are incorporated herein.

2   If Tenant fails, after notice and an opportunity to cure as provided in the Lease, to timely perform its obligations under the Lease, then Guarantor shall:

(a) With respect to monetary defaults, following ten (10) days written notice from Landlord, cure such monetary default(s) of Tenant to the extent that Tenant does not have a right, under the Lease, to offset any amount due to Landlord because of any default by Landlord under the Lease;

(b) With respect to non-monetary defaults, following twenty (20) days written notice from Landlord, cure such non-monetary default(s) of Tenant, provided, however, that if the nature of such non-monetary default is such that the default is not capable of a cure within twenty (20) days, then Guarantor's obligation under this Guaranty shall be to commence a cure and diligently prosecute the same to completion within a reasonable time after receipt of Landlord's notice.

3. (i) All amendments, modifications and extensions of the Lease shall be valid and enforceable against Guarantor so long as Guarantor owns or controls Tenant; (ii) all amendments, modifications and extensions of the Lease that do not increase or extend Guarantor's obligations under this Guaranty shall be valid and enforceable against Guarantor whether or not Guarantor owns or controls Tenant; and (iii) any renewal or extension exercised by Tenant, its successors, subtenants or assigns which is presently provided for under the Lease shall be valid and enforceable against Guarantor whether or not (a) the renewal or extension is automatic or (b) Guarantor owns or controls Tenant.

4. Guarantor shall be bound by all choice of law and forum selection clauses provided in the Lease.

5. It is agreed that the failure of Landlord to insist in any one or more instances upon a strict performance or observance of any of the terms, provisions or covenants to the Lease or to exercise any right therein contained shall not be construed or deemed to be a waiver or relinquishment for the future of such term, provision, covenant or right, but the same shall continue and remain in full force and effect. Receipt by Landlord of rent with knowledge of the breach of any provision of the foregoing Lease shall not be deemed a wavier of such breach.

6. Guarantor hereby waives (a) notice of acceptance of this Guaranty, (b) except with respect to notice and opportunity to cure monetary and non-monetary defaults as set forth in paragraph 2 above, any right to require Landlord to proceed against the Tenant or any other Guarantor or any security deposit or other security it may hold under the Lease, (c) except with respect to notice and opportunity to cure monetary and non-monetary defaults as set forth in paragraph 2 above, any right to require Landlord to proceed under any other remedy Landlord may have before proceeding against Guarantor, and (d) any right of subrogation.

7. The obligations of Tenant under the Lease to execute and deliver estoppel statements and financial statements, as therein provided, shall be deemed to also require the Guarantor to do and provide the same relative to Guarantor.

8. Except as set forth in paragraph 3 above, no subletting, assignment or other transfer of the Lease, or an interest therein, shall operate to extinguish or diminish the liability of the undersigned Guarantor under this Guaranty, and whenever reference is made to the liability of Tenant named in the Lease, such reference shall be deemed likewise to refer to the liability of any successor, subtenant or assign of Tenant or of the undersigned Guarantor.

9. The obligations of Guarantor hereunder shall include payment to Landlord of all reasonable costs of any legal action by Landlord against Guarantor, including reasonable attorneys' fees.

10. All notices required or permitted to be given under this Guaranty shall be in writing and sent to the address(es) or telecopy number(s) set forth below. All payments made under this Guaranty shall be sent to Landlord at the address below or at such other address as Landlord shall provide by written notice from time to time. Each communication shall be deemed duly given and received: (a) as of the date and time the same is personally delivered

Store #J47

with a receipted copy; (b) if given by telecopy, when the telecopy is transmitted to the recipient's telecopy number(s) and confirmation of complete receipt is received by the transmitting party during normal business hours for the recipient, or the day after confirmation is received by the transmitting party if not during normal business hours for the recipient; (c) if delivered by U.S. Mail, three (3) days after depositing with the United States Postal Service, postage prepaid by certified mail, return receipt requested, or (d) if given by nationally recognized or reputable overnight delivery service, on the next day after receipted deposit with same.

Landlord:  E&A Southeast LP
P.O. Box 528
Columbia, SC 29202
Attn: P.J. Lavelle
Telecopy: 601-977-0764        47

or at such other address as Landlord may direct from time to time.

Guarantor: Winn-Dixie Stores, Inc.
Attn: Legal Department
5050 Edgewood Court
P.O. Box B
Jacksonville, FL 32203-0297
Telecopy: (904) 783-5138

or to such other address as Guarantor may direct in writing from time to time.

11. This Guaranty shall inure to the benefit of Landlord and its successors and assigns and shall bind Guarantor, its successors and assigns.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date indicated below.

WINN-DIXIE STORES, INC.

By: _____
Dennis M. Sheehan
Its: Senior Vice President
Date: January 11, 2001

Store #J47

ACKNOWLEDGMENT OF GUARANTOR
(Corporate)

STATE OF ILLINOIS        )
                         ) ss.
COUNTY OF COOK           )

On this /0th day of January, 2001, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came Dennis M. Sheehan, who is personally known to me to be the same person who executed the foregoing Corporate Guaranty of Lease Obligations as of said corporation, and said Dennis M. Sheehan duly acknowledged the execution of the same as an act of said corporation and for and on behalf of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the day and year last above written.

*[signature]*
Notary Public, State of Illinois
My Commission Expires:

[NOTARIAL SEAL]

"OFFICIAL SEAL"
Mabra L. McCumber
Notary Public, State of Illinois
My Commission Expires Aug. 13, 2003

Store #J47

Form B10 (Official Form 10) (12/03)                                   **AMENDED**

| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM<br>HAS NOT YET BEEN SET |
|---|---|---|
| Name of Debtor Against Which You Assert Your Claim:<br>Winn-Dixie Stores, Inc.<br>(See List of Names on Reverse Side) | Case Number:<br>05-11063 (RDD)<br>(See List on Reverse Side) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property): **E&A Southeast Limited Partnership**
c/o Mark A. Kelley, Esq.
Kitchens Kelley Gaynes, P.C.
Ste. 900, Bldg. 11 Piedmont Center
3495 Piedmont Rd., NE
Atlanta, Georgia 30305

mkelley@kkgpc.com

Telephone No. of Creditor: 404/237-4100
Fax No. of Creditor: 404/364-0126

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

493

B. Name and address of person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above ☒ additional address
Name: Robert LeHane, Esq.
Company/Firm: Kelley Drye & Warren, LLP
Address: 101 Park Avenue
New York, New York 10178

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement providing details.
☐ Check this box if you have never received any notices in this case

Schedules of Assets and Liabilities not yet filed

Account or Other Number by Which Creditor Identifies Debtor:
Store # 1347   [PREVIOUSLY INCORRECTLY LISTED AS "STORE 1381"]

Check here if this claim ☐ replaces ☒ amends a previously filed claim, dated: 3/23/05

1. Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☒ Other **Lease rejection & guaranty**
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS#:___
Unpaid compensation for services performed from ___ to ___ (date) (date)

2. Date debt was incurred:

3. If claim is base on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed: $271,434.57 (unsecured)  $0 (secured)  $0 (priority)  $271,434.57 (Total)

☒ If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other ___

Value of Collateral: $___

Amount of arrearage and other charges at time case filed included in secured claim if any: $___

6. Unsecured Nonpriority Claim $___
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $___
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-address return envelope and copy of this proof of claim.

Date: 4/6/05

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and receive notice:
Print: Mark A. Kelley   Title: Attorney for E&A Southeast Limited Partnership
Signature: [signature]

This Space Is For Court Use Only
RECEIVED APR 7 2005
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Exhibit A

pre petition arrearage:

Reconciliations for 2004.................................$ 36,366.57
    Common Area Maintenance...... $ 20,291.99
    insurance.................... $  3,350.23
    Real Estate Taxes............ $ 12,724.35


Rejection damages
    12 x $19,589..........................................$235,068.00

TOTAL CLAIM...............................................$271,434.57



January 22, 2001

DENNIS M. SHEEHAN
*Senior Vice President*
*Director of Real Estate*

E & A Southeast Limited Partnership
c/o Edens & Avant
Attn: Clarence Evans
409 Briarwood Drive, Suite 305A
Jackson, MS 39206

Re:  Former Jitney Store #47
     Winn-Dixie Store #1347
     Location: 1925 Spillway Road; Brandon, Mississippi

Dear Mr. Evans:

Please be advised that on Thursday, January 11, 2001, Winn-Dixie Louisiana took an Assignment of Lease from Jitney-Jungle Stores of America, Inc on the referenced location.

As your new tenant, I would like to provide contact information for individuals within Winn-Dixie who can assist you should you have questions or issues relating to rental payments, maintenance or lease issues. The contacts are as follows:

### Rental Payments
Lease Accounting
c/o Jason Singley or Romeo Mayo
Winn-Dixie Stores, Inc.
P. O. Box B
Jacksonville, Florida 32203

Phone: (904) 783-5545/5857
Fax:   (904) 370-6389
E-mail: jasonsingley@winn-dixie.com
        romeomayo@winn-dixie.com

### Maintenance
Mike Butler
Winn-Dixie Louisiana, Inc.
P. O. Box 1540
Fort Worth, Texas 76101

Phone: (817) 921-1306
Fax:   (817) 921-1380
E-mail: mikebutler@winn-dixie.com

### Real Estate Manager
Ed Naylor
Winn-Dixie Louisiana, Inc
P. O. Box 51059
New Orleans, Louisiana 70151

Phone: (504) 731-2210
Fax:   (504) 731-2379
E-mail: ednaylor@winn-dixie.com

In addition, enclosed please find a Guaranty which was executed by Winn-Dixie Stores, Inc. as guarantor of tenant's lease obligations.

Should you have any comments or questions regarding any matters relating to this location, please do not hesitate to contact us. We look forward to a mutually beneficial and profitable relationship.

Sincerely,

Dennis M. Sheehan

WINN-DIXIE STORES, INC.    5050 EDGEWOOD COURT    P.O BOX B    JACKSONVILLE, FLORIDA 32203-0297

## CORPORATE GUARANTY OF LEASE OBLIGATIONS

THIS CORPORATE GUARANTY OF LEASE OBLIGATIONS (this "Guaranty") is given as of the date indicated below by WINN-DIXIE STORES, INC., a Florida corporation ("Guarantor") to and in favor of E&A SOUTHEAST LIMITED PARTNERSHIP ("Landlord") on behalf and for the account of WINN-DIXIE LOUISIANA, INC., a Florida corporation ("Tenant").

### RECITALS:

A. Pursuant to an Assignment and Assumption of Lease dated January 11, 2001 (the "Assignment"), Tenant was assigned all of the tenant's interest in, and assumed tenant's obligations accruing from and after the date of said Assignment under, that certain Lease, as amended from time to time, as described on attached Exhibit A (the "Lease") covering those certain premises known as Store #J47 in Brandon, Rankin County, MS, as more particularly described in the Lease (the "Premises")

B. Landlord's leasing of the Premises to Tenant will, directly or indirectly, materially benefit Guarantor, and therefore, Guarantor has agreed to execute and deliver this Guaranty.

NOW THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor jointly, severally, unconditionally and irrevocably guarantees the full and prompt payment, performance and observance of all the obligations, covenants, conditions and agreements in the Lease to be paid, performed and observed by Tenant and Tenant's successors, subtenants and assigns accruing from and after the date of said Assignment, and further agrees as follows:

1   The foregoing recitals are true and correct and are incorporated herein.

2.   If Tenant fails, after notice and an opportunity to cure as provided in the Lease, to timely perform its obligations under the Lease, then Guarantor shall:

(a)   With respect to monetary defaults, following ten (10) days written notice from Landlord, cure such monetary default(s) of Tenant to the extent that Tenant does not have a right, under the Lease, to offset any amount due to Landlord because of any default by Landlord under the Lease;

(b)   With respect to non-monetary defaults, following twenty (20) days written notice from Landlord, cure such non-monetary default(s) of Tenant, provided, however, that if the nature of such non-monetary default is such that the default is not capable of a cure within twenty (20) days, then Guarantor's obligation under this Guaranty shall be to commence a cure and diligently prosecute the same to completion within a reasonable time after receipt of Landlord's notice

3. (i) All amendments, modifications and extensions of the Lease shall be valid and enforceable against Guarantor so long as Guarantor owns or controls Tenant; (ii) all amendments, modifications and extensions of the Lease that do not increase or extend Guarantor's obligations under this Guaranty shall be valid and enforceable against Guarantor whether or not Guarantor owns or controls Tenant; and (iii) any renewal or extension exercised by Tenant, its successors, subtenants or assigns which is presently provided for under the Lease shall be valid and enforceable against Guarantor whether or not (a) the renewal or extension is automatic or (b) Guarantor owns or controls Tenant.

4. Guarantor shall be bound by all choice of law and forum selection clauses provided in the Lease.

5. It is agreed that the failure of Landlord to insist in any one or more instances upon a strict performance or observance of any of the terms, provisions or covenants to the Lease or to exercise any right therein contained shall not be construed or deemed to be a waiver or relinquishment for the future of such term, provision, covenant or right, but the same shall continue and remain in full force and effect. Receipt by Landlord of rent with knowledge of the breach of any provision of the foregoing Lease shall not be deemed a wavier of such breach.

6. Guarantor hereby waives (a) notice of acceptance of this Guaranty, (b) except with respect to notice and opportunity to cure monetary and non-monetary defaults as set forth in paragraph 2 above, any right to require Landlord to proceed against the Tenant or any other Guarantor or any security deposit or other security it may hold under the Lease, (c) except with respect to notice and opportunity to cure monetary and non-monetary defaults as set forth in paragraph 2 above, any right to require Landlord to proceed under any other remedy Landlord may have before proceeding against Guarantor, and (d) any right of subrogation.

7. The obligations of Tenant under the Lease to execute and deliver estoppel statements and financial statements, as therein provided, shall be deemed to also require the Guarantor to do and provide the same relative to Guarantor.

8. Except as set forth in paragraph 3 above, no subletting, assignment or other transfer of the Lease, or an interest therein, shall operate to extinguish or diminish the liability of the undersigned Guarantor under this Guaranty, and whenever reference is made to the liability of Tenant named in the Lease, such reference shall be deemed likewise to refer to the liability of any successor, subtenant or assign of Tenant or of the undersigned Guarantor.

9. The obligations of Guarantor hereunder shall include payment to Landlord of all reasonable costs of any legal action by Landlord against Guarantor, including reasonable attorneys' fees.

10. All notices required or permitted to be given under this Guaranty shall be in writing and sent to the address(es) or telecopy number(s) set forth below. All payments made under this Guaranty shall be sent to Landlord at the address below or at such other address as Landlord shall provide by written notice from time to time. Each communication shall be deemed duly given and received: (a) as of the date and time the same is personally delivered

Store #J47

with a receipted copy; (b) if given by telecopy, when the telecopy is transmitted to the recipient's telecopy number(s) and confirmation of complete receipt is received by the transmitting party during normal business hours for the recipient, or the day after confirmation is received by the transmitting party if not during normal business hours for the recipient; (c) if delivered by U.S. Mail, three (3) days after depositing with the United States Postal Service, postage prepaid by certified mail, return receipt requested, or (d) if given by nationally recognized or reputable overnight delivery service, on the next day after receipted deposit with same.

Landlord:  E&A Southeast LP
P.O. Box 528
Columbia, SC 29202
Attn: P.J. Lavelle
Telecopy: 601-977-0764        47

or at such other address as Landlord may direct from time to time.

Guarantor:  Winn-Dixie Stores, Inc.
Attn: Legal Department
5050 Edgewood Court
P.O. Box B
Jacksonville, FL 32203-0297
Telecopy: (904) 783-5138

or to such other address as Guarantor may direct in writing from time to time.

11. This Guaranty shall inure to the benefit of Landlord and its successors and assigns and shall bind Guarantor, its successors and assigns.

IN WITNESS WHEREOF, Guarantor has executed this Guaranty as of the date indicated below.

WINN-DIXIE STORES, INC.

By: _____
Dennis M. Sheehan
Its: Senior Vice President
Date: January 11, 2001

Store #J47

ACKNOWLEDGMENT OF GUARANTOR
(Corporate)

STATE OF ILLINOIS )
) ss.
COUNTY OF COOK )

On this _10th_ day of January, 2001, before me, the undersigned, a Notary Public in and for the County and State aforesaid, came Dennis M. Sheehan, who is personally known to me to be the same person who executed the foregoing Corporate Guaranty of Lease Obligations as of said corporation, and said Dennis M. Sheehan duly acknowledged the execution of the same as an act of said corporation and for and on behalf of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the day and year last above written.

_____
Notary Public, State of Illinois
My Commission Expires:

[NOTARIAL SEAL]

"OFFICIAL SEAL"
Mabra L. McCumber
Notary Public, State of Illinois
My Commission Expires Aug. 13, 2003

Store #J47