## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

## NOTICE OF FILING

     Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors in possession, give notice of filing of the attached Final Report of the Review and Analysis prepared by Stuart Maue, Fee Examiner, of the First Interim Fee Application of Kirschner & Legler, P.A., for Period from February 22, 2005, through and including May 31, 2005.

Dated:  June 20, 2006.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP


By    *s/ D. J. Baker*
      D. J. Baker
      Sally McDonald Henry
      Rosalie Gray

Four Times Square
New York, NY  10036
(212) 735-3000
(917) 777-2150 (facsimile)
djbaker@skadden.com


Co-Counsel for Debtors

SMITH HULSEY & BUSEY


By    *s/ Cynthia C. Jackson*
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson

Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, FL  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com


Co-Counsel for Debtors

# United States Bankruptcy Court
## Middle District of Florida
### Jacksonville Division

In re:                                               Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                     Chapter 11

        Debtors.                             Jointly Administered

_____

### Fee Examiner's Report for First Interim Fee Application of Kirschner & Legler, P.A., for Period from February 22, 2005 through and including May 31, 2005

Stuart Maue, acting in its capacity as fee examiner in the above-captioned proceeding, submits the final written report of its review and analysis of the First Interim Fee Application of Kirschner & Legler, P.A., for the period from February 22, 2005, through and including May 31, 2005.

1.    On December 14, 2005, the Court entered an order effective December 1, 2005, authorizing the employment and retention of Stuart Maue to serve as fee examiner and to review all fee applications filed with the Court and the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

2.    Stuart Maue conducted a review and analysis of the First Interim Application of Kirschner & Legler, P.A. and submits the Final Report which is attached, marked as Attachment 1, and incorporated by reference.

Respectfully Submitted,

STUART MAUE

By _____
Linda K. Cooper
3840 McKelvey Road
St. Louis, Missouri  63044
314-291-3030
314-291-6546 (facsimile)

Fee Examiner

**ATTACHMENT 1**

# Final Report of the
# Review and Analysis of

# First Interim Fee Application Submitted by

## KIRSCHNER & LEGLER, P.A.
of
Jacksonville, Florida

For the Interim Period

**February 22, 2005 Through May 31, 2005**



In the Matter Entitled

### *In re:  Winn-Dixie Stores, Inc., et al.*

**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

**Case No. 05-03817-3F1**

Issued

**June 14, 2006**

*Stuart Maue*

**KIRSCHNER & LEGLER, P.A.**

**SUMMARY OF FINDINGS**

**First Interim Application (February 22, 2005 Through May 31, 2005)**

A.      **Amounts Requested and Computed**

| | |
|---|---:|
| Fees Requested | $93,264.00 |
| Expenses Requested | 130.26 |
| | |
| TOTAL FEES AND EXPENSES REQUESTED | $93,394.26 |
| | |
| Fees Computed | $93,133.50 |
| Expenses Computed | 130.26 |
| | |
| FEES AND EXPENSES COMPUTED | $93,263.76 |
| | |
| Discrepancies in Fees: | |
|    Task Hours Not Equal to Entry Hours | $   130.50 |
| | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | $   130.50 |

B.      **Professional Fees**

1.      **Fees to Examine for Necessity, Relevance, and Reasonableness**

| Page No. | | Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| 8 | Legal Research | 0.70 | $304.50 | * |

* Less than 1%

*Stuart Maue*

# TABLE OF CONTENTS

**Page No.**

I.    INTRODUCTION ................................................................................. 1

II.   PROCEDURES AND METHODOLOGY ...................................................... 2
      A.    Appendix A ........................................................................... 2
      B.    Overlap Calculation ................................................................. 2

III.  RECOMPUTATION OF FEES AND EXPENSES ........................................... 3

IV.   REVIEW OF FEES ............................................................................ 4
      A.    Technical Billing Discrepancies ................................................. 4
      B.    Compliance With Billing Guidelines ........................................... 4
            1.    Firm Staffing and Rates...................................................... 4
                  a)    Timekeepers and Positions ........................................ 4
                  b)    Hourly Rate Increases................................................ 5
            2.    Time Increments .............................................................. 5
            3.    Complete and Detailed Task Descriptions................................ 5
            4.    Blocked Entries................................................................ 5
            5.    Multiple Professionals at Hearings and Conferences ................. 6
      C.    Fees to Examine for Necessity, Relevance, and Reasonableness.................. 6
            1.    Personnel Who Billed 10.00 or Fewer Hours............................. 7
            2.    Long Billing Days ............................................................ 7
            3.    Administrative/Clerical Activities ........................................ 8
            4.    Legal Research ................................................................ 8
            5.    Travel ........................................................................... 9
            6.    Summary of Projects ......................................................... 9

V.    REVIEW OF EXPENSES....................................................................... 11

*Stuart Maue*

## I.  __INTRODUCTION__

The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, entered an order effective December 1, 2005, authorizing the employment and retention of Stuart, Maue, Mitchell & James, Ltd. ("Stuart Maue") to serve as fee examiner in the jointly-administered cases entitled:    *In re: Winn-Dixie Stores, Inc., et al.,* Case No. 05-03817-3F1.    The order authorized and directed Stuart Maue to review all fee applications filed with the Court and the statements submitted by professionals retained by Wachovia Bank, N.A. in its capacity as agent for itself and other postpetition lenders (the "Agent").

The review and analysis of the professionals' fee applications are pursuant to the applicable standards of 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for the Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines"). The statements submitted by the professionals retained by the Agent are reviewed and analyzed pursuant to a reasonableness standard as referenced in 11 U.S.C. § 328 and the Bankruptcy Rules.

Stuart Maue conducted a review and analysis of the "First Interim Application of Kirschner & Legler, P.A. for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Costs Advanced (February 22, 2005 through May 31, 2005)" (the

*Stuart Maue*

### I. INTRODUCTION  (Continued)

"Application").  Kirschner & Legler, P.A. ("Kirschner & Legler"), located in Jacksonville, Florida, represents Winn-Dixie Stores, Inc., as special corporate counsel.

Stuart Maue prepared an initial written report of the review and analysis of the Application and provided that report to Kirschner & Legler and the U.S. Trustee for review prior to completing a final written report.

## II.     PROCEDURES AND METHODOLOGY

### A.     Appendix A

Stuart Maue's procedures and methodology for reviewing fees and expenses and for information regarding the exhibits are presented in Appendix A attached to this report.

### B.     Overlap Calculation

During Stuart Maue's review and analysis, a task or entry may be included in more than one category and appear on more than one exhibit.  For example, a task or entry may be classified as both blocked billing and intraoffice.  When a task or entry is included in more than one category, "overlap" occurs among the hour and fee calculations for those categories.  In order to ensure that the hours and fees for a task or entry are not "counted" more than once in any reduction of fees, Stuart Maue calculated the overlap.[1]

---

[1]The overlap calculation does not include the categories for hourly rate increases or days billed in excess of 12.00 hours.  The classification of these categories is based on the total hours and fees billed for the category and not on individual entries within the category.  A review of these two categories allows a determination of the reasonableness of the total fees attributable to hourly rate increases and the time billed in excess of 12.00 hours. Overlap calculations for hourly rate increases and long billing days are available upon request to Stuart Maue.

*Stuart Maue*

**II.  PROCEDURES AND METHODOLOGY  (Continued)**

Stuart Maue notes that there was no overlap between any fee or expense entries in the Application.

## III.  RECOMPUTATION OF FEES AND EXPENSES

Kirschner & Legler requested the following professional fees and expenses in its Interim Application:

| | |
|---|---|
| Professional Fees Requested: | $93,264.00 |
| Expense Reimbursement Requested: | 130.26 |
| Total Fees and Expenses: | $93,394.26 |

Stuart Maue recomputed the total fees and expenses and compared this to the fees and expenses requested in the Application.  The hours billed by the sole professional who billed to the matter during this interim period were totaled, and these amounts were multiplied by his individual hourly rate.  The recomputation of fees revealed that the requested amount was $130.50 more than the computed amounts.  This discrepancy is the result of task hours within some entries that did not equal the time billed for the entry as a whole.  The discrepancy is displayed in the following table:

| Invoice Number | Matter Name | Entry Number | Entry Date | Entry Hours | Sum of Task Hours | Timekeeper | Rate | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|
| 2139635202 | DIP Store Sales/Closing | 102 | 04/29/05 | 1.70 | 1.40 | Kirschner | $435.00 | 0.30 | $130.50 |

The recomputation of expenses revealed no difference between the amount requested for reimbursement and the computed amounts.  This initial report is based on the fees and expenses computed by Stuart Maue.

*Stuart Maue*

## IV.   REVIEW OF FEES

### A.   Technical Billing Discrepancies

Stuart Maue examined the billing entries for apparent irregularities such as double billing, wrong case billings, and missing task descriptions. There were no technical billing discrepancies identified.

### B.   Compliance With Billing Guidelines

Stuart Maue reviewed and analyzed the fees and billing entries for compliance with the standards for compensation as set forth in the U.S. Trustee Guidelines. The following discusses the firm's compliance with these guidelines.

#### 1.   Firm Staffing and Rates

**The following information should be provided in every fee application:   (iii) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11. U.S. Trustee Guidelines (b)(1)(iii)**

##### a)   Timekeepers and Positions

Kirschner & Legler staffed this matter with one timekeeper, namely, shareholder Kenneth M. Kirschner. Mr. Kirschner's hourly rate was $435.00 and he billed a total of 214.10 hours with associated fees of $93,133.50.

*Stuart Maue*

**IV.  REVIEW OF FEES  (Continued)**

      **b)**      <u>**Hourly Rate Increases**</u>

          Kirschner & Legler did not increase Mr. Kirschner's hourly billing rate during this interim period.

**2.**      <u>**Time Increments**</u>

<u>**Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour.**</u>   **U.S. Trustee Guidelines (b)(4)(v)**

          All the billing entries in the Application contained a time allotment and were billed in tenths-of-an-hour increments.

**3.**      <u>**Complete and Detailed Task Descriptions**</u>

<u>**Services should be noted in detail...  Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication.  Time entries for court hearings and conferences should identify the subject of the hearing or conference.**</u>  **U.S. Trustee Guidelines (b)(4)(v)**

          Activity descriptions should identify each service separately and sufficiently so that the benefit derived from such service may be ascertained, and it may be determined that the time expended was reasonable and necessary. Kirschner & Legler's activity descriptions were sufficiently detailed, identified the parties involved, and included the type of activity and the subject or purpose.

**4.**      <u>**Blocked Entries**</u>

<u>**Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; however, tasks performed in a project which total a de minimis amount of**</u>

*Stuart Maue*
### IV.  REVIEW OF FEES  (Continued)

**time can be combined or lumped together if they do not exceed
.5 hours on a daily aggregate.  U.S. Trustee Guidelines (b)(4)(v)**

Kirschner & Legler's activity descriptions were not combined or lumped.
Some billing entries contained multiple tasks, but each task within the entry was
a single activity and had a separate time allotment assigned.

**5.      Multiple Professionals at Hearings and Conferences**

**If more than one professional from the applicant firm attends a
hearing or conference, the applicant should explain the need for
multiple attendees.  U.S. Trustee Guidelines (b)(4)(v)**

When more than one timekeeper bills to attend a meeting, hearing, or
other event, the task descriptions should identify and explain the role of each
timekeeper who billed for that attendance and the need for multiple attendees.
As previously noted, shareholder Kenneth M. Kirschner was the only
timekeeper who billed to the matter during this interim period and, therefore,
Stuart Maue did not identify any instances where two or more Kirschner &
Legler personnel billed to attend the same conference, hearing, or event.

**C.      Fees to Examine for Necessity, Relevance, and Reasonableness**

Stuart Maue reviewed the Application and has identified several billing practices
to examine for necessity, relevance, and reasonableness under the standards of
Section 330 of the Bankruptcy Code.

*Stuart Maue*

### IV.  REVIEW OF FEES  (Continued)

1.       <u>Personnel Who Billed 10.00 or Fewer Hours</u>

A review of the fee entries of timekeepers who bill relatively few hours to a matter allows a determination of whether these timekeepers are duplicating the work of others, whether the use of these timekeepers increases the cost to the estate because of orientation or the "getting-up-to-speed" that may be required, or whether the small amount of time billed contributed to the advancement of the case.  There were no Kirschner & Legler timekeepers who billed 10.00 or fewer hours during this interim period.

2.       <u>Long Billing Days</u>

Courts have generally held that billable time for professional services should include only those tasks that relate directly to work for the client. Professionals necessarily must spend some portion of each day on personal matters (such as meals and breaks) and frequently spend time on administrative matters, such as training or supervision of others.  Professionals may periodically work extraordinarily long hours without many breaks because of the demands of the representation.  However, such long hours are generally related to identifiable circumstances such as court deadlines, travel, or event attendance.  Stuart Maue did not identify any days on which Kenneth M. Kirschner, the only Kirschner & Legler timekeeper who billed to this matter during the interim period, billed 12.00 or more hours on any one day.

*Stuart Maue*

**IV.  REVIEW OF FEES  (Continued)**

3.      **Administrative/Clerical Activities**

Activities associated with the day-to-day operations of the professional firm are considered to be administrative in nature and, as such, are reflected in the hourly rates charged by the firm.

Clerical activities include tasks that may be effectively performed by administrative assistants, secretaries, or support personnel.  The performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitute nonbillable time and should be delegated to nonbilling staff members.  Courts have held that time spent performing administrative or clerical activities such as filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, photocopying, scanning documents, training and assignment of tasks to staff members, or "supervising" any of the foregoing is not compensable.

Stuart Maue did not identify any task descriptions referencing clerical or administrative activities

4.      **Legal Research**

Stuart Maue reviewed all billing entries to identify activities describing legal research so that a determination may be made of whether the issues researched should be familiar to experienced attorneys, whether the research is performed by attorneys with the appropriate level of experience, and whether the fees billed for research are otherwise reasonable, necessary, and relevant.

*Stuart Maue*
### IV.  REVIEW OF FEES  (Continued)

There was only one entry identified as describing legal research.  This entry stated "Research regarding potential changes to Kirschner & Legler, P.A. opinion" which totaled 0.70 hour and $304.50 in associated fees.

**5.**    **Travel**

The Application included no entries describing travel-related activities.

**6.**    **Summary of Projects**

Kirschner & Legler categorized its services into eight billing projects. The firm's billing projects did not include a project category related to the retention and compensation of the firm and Stuart Maue did not identify any entries related to the retention and compensation of the firm.  It appears that the firm did not bill the estate for those activities.

The following table displays the firm's project categories, the associated hours and fees, and the projects' percentage of the total fees requested by the firm.  Exhibits of each project displaying a summary of hours and fees and exhibits of each project displaying the full text of each entry are available upon request to Stuart Maue.

Stuart Maue reviewed the Application to identify billing entries that related to the retention and compensation of Kirschner & Legler.  No entries were identified that related to the submission of monthly statements, preparation invoices, or other retention and compensation entries.

*Stuart Maue*

## IV.  REVIEW OF FEES  (Continued)

| Project | Hours | Fees | Percentage |
|---|---|---|---|
| Sale of Harahan Distribution Center | 35.20 | $15,312.00 | 17% |
| Schreiber Dispute | 17.90 | $7,786.50 | 8% |
| DIP Credit Agreement | 6.50 | $2,827.50 | 3% |
| Winn-Dixie DIP Financing | 68.60 | $29,841.00 | 32% |
| Bankruptcy Proceedings – General Matters | 20.00 | $8,700.00 | 9% |
| DIP Store Sales/Closing | 65.90 | $28,666.50 | 31% |

*Stuart Maue*

## V.    <u>REVIEW OF EXPENSES</u>

In the Application, Kirschner & Legler requested reimbursement of expenses in the amount of $130.26.  This expense request was for express mail and messenger services.

# Appendix A

# Procedures and Methodology for Review and Analysis of

Fee Applications Submitted by

## VARIOUS CASE PROFESSIONALS



In the Matter Entitled

### *In re:  Winn-Dixie Stores, Inc., et al.*

**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

**Case No. 05-03817-3F1**



Issued

**February 21, 2006**

*Stuart Maue*

## TABLE OF CONTENTS

**Page No.**

I.  REVIEW PROCEDURES AND METHODOLOGY ........................................ 1

    A.  Reconciliation of Fees and Expenses .................................................... 1

    B.  Review and Analysis of Fees and Expenses ........................................... 1

    C.  Exhibits to the Report ...................................................................... 2

        1.  Embedded Time/Assigned Task Hours ....................................... 3

        2.  Calculation of Hours and Fees on Exhibits.................................. 3

            a)  Ranges of Hours and Fees ............................................. 4

            b)  Proportional Hours and Fees .......................................... 5

            c)  Combined Hours and Fees ............................................. 6

        3.  Overlapping Categories ......................................................... 7

*Stuart Maue*

## I.   REVIEW PROCEDURES AND METHODOLOGY

Stuart Maue reviewed and analyzed the fees and expenses in each case professional's fee application using the following methodology:

- Reconciliation of hours, fees, and expenses (i.e., recalculation of the bills).
- Review and analysis of activities and projects, and the expenses in the fee applications.

A written report of the review and analysis was prepared for the Court, the case professionals, and the United States Trustee.

### A.   Reconciliation of Fees and Expenses

Stuart Maue ascertained the arithmetic accuracy of the fee applications through manual and computer recomputation of fees and expenses.  Using the hourly rates provided by the firms, the total hours and fees submitted on the fee applications were recomputed.  If there were discrepancies between the amounts billed and the amounts computed, they were reconciled whenever possible, and discrepancies that could not be reconciled were itemized.  Similarly, expense amounts were also recomputed and any discrepancies itemized.

### B.   Review and Analysis of Fees and Expenses

The review and analysis of the fees were pursuant to the applicable standards of 11. U.S.C. §§ 330 and 331, the Federal Rules the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the local rules of this Court (the "Local Rules"), and the United States Trustee Guidelines for Reviewing Applications for the

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "U.S. Trustee Guidelines").  The statements submitted by the professionals retained by the Agent were reviewed and analyzed pursuant to a reasonableness standard as referenced in 11 U.S.C. § 328, and the Bankruptcy Rules.

**C.**     **Exhibits to the Report**

The billing entries for particular activities and projects identified by Stuart Maue were grouped into categories and are displayed in exhibits attached to the written report.

The exhibits of technical billing discrepancies, compliance with the U.S. Trustee billing guidelines, and fees examined for reasonableness contain the identified activity within each entry's full text even when other activities in the entry are unrelated to the category.   The categorized activity on the exhibit is underlined.   The exhibits also include a summary of hours and fees by individual and by matter.   Additionally, the hours and fees displayed on the exhibits are summarized into the following groups: isolated hours and fees, blocked hours and fees, maximum hours and fees, proportional hours and fees, and combined hours and fees.

In the fee applications, the firms categorized their activities into projects which generally were not modified by Stuart Maue during its review and analysis.   In a few cases, fees related to the retention and compensation of the firm and other case professionals may have been recategorized by Stuart Maue and identified by a new project name.   If recategorization of firm projects occurred, the report for that case

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

professional discusses the categories that were modified and identifies the new project. The full text of each entry in the firms' project categories is not included in these exhibits, but is available upon request.

1.      <u>Embedded Time/Assigned Task Hours</u>

The time assigned by the firms to a billing entry as a whole is the "entry hours" and the time assigned by the firms to a single task within the whole entry is referred to as "task hours."  Time increments assigned to tasks within a larger entry are referred to as "embedded time."  When a firm has assigned a time increment to a single entry containing only one task, then entry hours and task hours are equivalent.  Sometimes a firm's billing entries contain multiple tasks with a specific time increment assigned to each task.  Portions of such an entry may be "blocked" or "lumped" when two or more tasks are combined and assigned a single time increment.  An entry is not blocked when each task of the entry has its own assigned task hours.  If an entry contains some tasks with task hours and some without task hours, the difference between the sum of the task hours and the entry hours are apportioned among the remaining tasks.  See "Proportional Hours and Fees" below.

2.      <u>Calculation of Hours and Fees on Exhibits</u>

Although billing standards generally prohibit the use of blocked billing entries, professionals occasionally group billing entries together and assign a

*Stuart Maue*

I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)

single time increment to the entry.  Stuart Maue employs several methods to clarify such entries.  Those methods are as follows:

a)      **Ranges of Hours and Fees**

One method utilized by Stuart Maue identifies and displays a range of hours and fees on summary exhibits.  When a firm has assigned a discrete time increment to a task, such tasks are "isolated."  To calculate a range of hours, all isolated entries for a particular category are identified and the total hours associated with these entries is the "minimum," because this is the very least number of hours associated with the category.  When a firm has not assigned a discrete time increment to each task in an entry, such entries are blocked.  All blocked entries containing tasks related to the category are also identified, and the total hours associated with these entries is added to the minimum.  The resulting total or "maximum" represents the most number of hours associated with the category.  The timekeepers' hourly rates are applied to each entry to determine the minimum and maximum hours and to calculate the minimum and maximum fees.  Neither the minimum nor maximum of hours and associated fees in a particular category is intended to be an exact representation of the hours or fees billed for that category.  The precise number of hours billed for a category generally falls somewhere within the minimum/maximum range.

*Stuart Maue*

**I.  REVIEW PROCEDURES AND METHODOLOGY (Continued)**

b)      <u>**Proportional Hours and Fees**</u>

Another method utilized by Stuart Maue apportions equal amounts of time to each task described in a blocked entry.  For example, an entry with 1.40 hours assigned might read:

> Telephone call with CAB re 2004 examination (0.20); telephone call with DEF re XYZ's motion for relief from stay; telephone call with ABC regarding DIP financing (0.60); review the XYZ relief from stay motion; telephone call with John Smith re same; telephone call with Robert Short re same.

This example contains two sets of blocked entries:  first, the telephone call with DEF and the telephone call with ABC and, second, the review of the XYZ motion for relief from stay and the telephone call with Mr. John Smith and the telephone call with Mr. Robert Short.   The 0.20 hour for the telephone call to CAB remains as initially assigned by the firm to that task.  In the first set of blocked tasks, the task hour of 0.60 is apportioned equally, and 0.30 hour is assigned to the telephone call with DEF and 0.30 hour is assigned to the telephone call with ABC. The difference between the entry hours of 1.40 and the 0.80 hour of the first three tasks is 0.60 hour.  This task hour of 0.60 is then apportioned equally among the remaining set of blocked tasks (0.20 hour to the review and 0.20 hour to each of the telephone calls to Mr. John Smith and Robert Short).  The hours and fees assigned to tasks in a blocked

*Stuart Maue*

entry using this method are shown as the "proportional" hours and fees in the summary exhibits to the report.

**c)**      **Combined Hours and Fees**

Another method for analyzing blocked billing entries calculates total hours for a category by combining the hours for all isolated entries (i.e., the "minimum" hours) with the apportioned hours for all blocked entries (i.e., the "proportional" hours).   The sum is the "combined" hours for the category which is shown on the summary exhibits to the report.   If some or all of the tasks associated with a category have proportional time assigned, the hours and fees are "combined."

Combined fees are calculated by applying the timekeepers' hourly rates to the isolated and proportional hours.   The combined hours and fees for a category may not reflect the actual hours and fees billed for the category.   However, combined hours and fees may be useful in assessing the reasonableness and necessity of the fees billed when considered with the range of hours and fees.

The written review and analysis refers to hours and fees associated with various categories.   These are either the isolated hours and fees or the combined hours and fees, as defined above.   Please refer to the summary exhibit to the report for each category to determine

*Stuart Maue*

**I. REVIEW PROCEDURES AND METHODOLOGY (Continued)**

whether the hours and fees associated with the category are isolated or combined.

3.        **Overlapping Categories**

When a billing entry appears on more than one exhibit, "overlap" occurs among the hour and fee calculations for those categories.  Each exhibit refers to all other exhibits on which the entry appears.  Upon request, Stuart Maue will calculate overlap among categories to ensure that a task or entry is not counted more than once in any reduction of fees.