**Hearing Date: June 29, 2006, 1:00 p.m.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| Debtors[1]. ) | Jointly Administered |

**DEBTORS' MOTION (I) FOR AUTHORITY TO REJECT
NON-RESIDENTIAL REAL PROPERTY LEASE FOR STORE 997,
(II) TO ESTABLISH BAR DATE FOR ANY REJECTION
DAMAGE CLAIMS, AND (III) GRANTING RELATED RELIEF**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order (i) under 11 U.S.C. § 365(a), authorizing the Debtors to reject a non-residential real property lease and (ii) under Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a bar date for rejection damage claims for the lease (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only.

2. The Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. On March 1, 2005, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases pursuant to Bankruptcy Code sections 1102 and 1103. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3. The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. As of the Petition Date, the Debtors were considered the eighth-largest food retailer in the United States and one of the largest in the Southeast with more than 900 stores.

4. The Debtors have announced and are engaged in a footprint reduction that is expected to result in the sale or closure of 361 stores and related facilities (the "Targeted Stores"). To date, the Debtors have sold more than 100 Targeted Stores and sent rejection notices for another 300 Targeted Stores.

5. On or about November 21, 1997, Winn-Dixie Raleigh, Inc. a Florida Corporation ("WD Raleigh") and Gem Cedar, L.L.C., a Virginia limited liability company (the "Landlord"), entered into a lease for Store No. 997 (the "Lease"). Pursuant to the terms of the Lease, WD Raleigh pays the Landlord $503,782 in rent per year.

6. On August 21, 2002, WD Raleigh subleased the premises to Cornerstone Christian Church (the "Subtenant") (the "Sublease"). Under the Sublease, the Subtenant is required to pay WD Raleigh monthly rent at graduated rates in the range of between $8,297.50 and $23,744. The Subtenant was in default for failing to pay the correct amount of rent prepetition and stopped paying any rent since the Petition Date. As of March 14, 2006, the Subtenant owes WD Raleigh approximately $405,780.00 in past due rent. On February 27, 2006, WD Raleigh notified the Subtenant of the default. The Subtenant failed to cure the default and as a result, WD Raleigh terminated the Sublease effective March 14, 2006. The Debtors have exited this market and by rejecting the Lease, will save the estates approximately $500,000 a year.

7. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

8. The statutory predicates for the relief requested in the Motion is sections 365(a) of the Bankruptcy Code and Rule 3002(c), Federal Rules of Bankruptcy Procedure.

**Relief Requested**

9. By this Motion, the Debtors seek entry of an order (i) pursuant to section 365(a) of the Bankruptcy Code, authorizing the Debtors to reject the Lease, and (ii) establishing a bar date for the Landlord to file any rejection damage claim arising in connection with the Lease.

**Basis for Relief**

10. Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A debtor-in-possession's right to reject unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); *In re Hardie*, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); *In re Gunter Hotel Assocs.*, 96 B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11. The decision to reject an unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. *See In re Gardinier, Inc.*, 831 F.2d 974, 976 n.2 (11th Cir. 1987); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988); *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *Sundial Asphalt Co. v. V.P.C. Investors Corp.* (*In re Sundial Asphalt Co.*), 147 B.R. 72, 78, 83-84 (E.D.N.Y. 1992). The business judgment rule requires the

debtor to establish that rejection of the agreement will likely benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Kong*, 162 B.R. 86, 96 (Bankr. E.D.N.Y. 1993); *In re Cent. Fla. Fuels, Inc.*, 89 B.R. at 245. Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an unexpired lease by substituting their own judgment for that of the debtor. *See In re III Enters., Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994), aff'd sub nom. *Pubelo Chem, Inc. v. III Enters. Inc. V*, 169 B.R. 551 (E.D. Pa. 1994); *In re Hardie*, 100 B.R. at 287.

12.    The Debtors' business judgment supports a rejection of the Lease. The Lease is for a store no longer within the continuing footprint of the Debtors and failure to reject the Lease will result in the Debtors' continuing liability for administrative rental expenses.

### Rejection Damages

13.    Pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, the Court may fix a deadline for filing any rejection damage claim. The Debtors request that the Court establish the deadline for the Landlord to file a proof of claim for any rejection damages at 30 days after entry of an order approving this motion.

### Notice

14.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured

lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Landlord. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court enter an order substantially in the form attached as Exhibit A (i) authorizing the Debtors to reject the Lease; (ii) establishing a deadline for the Landlord to file a rejection damage claim in connection with the Lease; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: June 21, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By  *s/ D. J. Baker*  <br> D. J. Baker <br> Sally McDonald Henry <br> Rosalie Walker Gray | By  *s/ Cynthia C. Jackson*  <br> Stephen D. Busey <br> James H. Post <br> Cynthia C. Jackson, F.B.N. 498882 |
| Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | 225 Water Street, Suite 1800 <br> Jacksonville, Florida 32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

## **EXHIBIT A**

Case 3:05-bk-03817-JAF    Doc 8695    Filed 06/21/06    Page 7 of 9

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER (I) AUTHORIZING DEBTORS TO REJECT LEASE
FOR STORE 997, (II) ESTABLISHING REJECTION DAMAGE
CLAIM BAR DATE, AND (III) GRANTING RELATED RELIEF**

These cases came before the Court on the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing the Debtors to reject a non-residential real property lease for Store 997 (the "Lease") and, pursuant to Rule 3002(c)(4), Federal Rules of Bankruptcy Procedure, establishing a deadline by which the landlord must file any claim for rejection damages (the "Motion")[1]. The Court has reviewed the Motion and considered the representations of counsel. Based upon the representations of counsel and without objection by the United States Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

---

[1] All capitalized terms not otherwise defined in this order shall have the meaning ascribed to them in the Motion.

2. The Debtors are authorized to reject the Lease pursuant to 11 U.S.C. § 365(a). The Lease is rejected effective June 29, 2006.

3. The Landlord must file any claim resulting from the rejection of the Lease no later than thirty (30) days after entry of this Order.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against the Landlord, whether or not related to the Lease.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of June, 2006, in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge