**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' SECOND OMNIBUS OBJECTION
TO UNRESOLVED LITIGATION CLAIMS**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), object under 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 and 9014 (the "Objection") to the claims listed on the attached Exhibit A (the "Unresolved Litigation Claims") for the reasons set forth below. In support of this Objection, the Debtors respectfully represent as follows:

**BACKGROUND**

A.   The Chapter 11 Filings

1.   On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1]   In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the objection are Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.   Proofs of Claim

4. By order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim. Notice of the claims bar date was provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order. In addition, in accordance with the Claims Bar Date Order, the Debtors established special proof of claim bar dates for specifically designated creditors who were not provided notice of the August 1, 2005 bar date.

5. To date, over 13,200 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases. Approximately 3,200 of these Proofs of Claim were Litigation Claims,[2] including unliquidated personal injury, property damage and employee related claims for which litigation had been commenced or threatened against the Debtors either prepetition or related to prepetition conduct.

---

[2] "Litigation Claims, " "Claims Resolution Procedure" and other capitalized terms not defined herein have the same meaning as in the Claims Resolution Procedure Motion (Docket No. 2976), Claims Resolution Procedure Order (Docket No. 3326), Order Authorizing Debtors to Settle or Liquidate Claims with Cash Settlements (Docket No. 3838), Order Authorizing Debtors to Settle or Liquidate Additional Claims Pursuant to the Claims Resolution Procedure (Docket No. 5218), and/or Order Modify the Claims Resolution Procedure (Docket No. 7353)

2

6.  By Order dated September 1, 2005, and as subsequently amended, this Court approved a Claims Resolution Procedure by which the Debtors have been authorized to settle or liquidate Litigation Claims (Docket Nos. 3326, 3838, 5218 and 7353).

**BASIS FOR THE OBJECTION**

7.  The Debtors object to the Unresolved Litigation Claims based upon the grounds which correspond to each such claim as set forth on Exhibit A.  Those grounds include, to the extent applicable to each such Unresolved Litigation Claim, the following: (a) Unresolved Litigation Claims for which the legal bases are contested by the Debtors; (b) Unresolved Litigation Claims for which the amounts are in dispute; (c) Unresolved Litigation Claims which are not supported by legally sufficient documentation; (d) Unresolved Litigation Claims which were not filed prior to the applicable proof of claim bar date; (e) Unresolved Litigation Claims which are required to be reclassified as unsecured; (f) Unresolved Litigation Claims which appear to be duplicative of other claims filed against the Debtors; (g) Unresolved Litigation Claims which appear to have been amended and superseded by later filed claims; and/or (h) Unresolved Litigation Claims which have been settled or withdrawn.

**NO RELIEF IS BEING REQUESTED AT THIS TIME**

8.  This Objection is being made to confirm and preserve the rights of the Debtors as to these objections.  At this time, no relief is being requested by the Debtors, no hearing is presently being noticed or scheduled on the Objection and no written response is presently required to be served or filed by any claimant.

**ALL FUTURE HEARINGS ON THE OBJECTION**
**WILL BE SCHEDULED BY SEPARATE NOTICE**

9. The Debtors will continue to utilize the Claims Resolution Procedures, including the mediation procedures authorized by the Bankruptcy Court, to settle or liquidate the Unresolved Litigation Claims. The Debtors reserve the right, however, to prosecute one or more of the objections at such time that the Debtors deem appropriate. Therefore, the Debtors may, in the future, serve and file a notice of hearing to adjudicate the Objection to one or more of the Unresolved Litigation Claims set forth in Exhibit A pursuant to Section 502 of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014. Any such future hearing will be separately scheduled upon proper notice served upon the holders of the subject Unresolved Litigation Claims.

**SEPARATE CONTESTED MATTERS**

10. Each of the Unresolved Litigation Claims and the Debtors' objections asserted herein constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Unresolved Litigation Claim.

**RESERVATION OF RIGHTS**

11. The Debtors expressly reserve the right to amend, modify, or supplement these objections and to file additional objections to the proofs of claim or any other claim (filed or not) which may be asserted against the Debtors. Should one or more of the grounds of objection stated in this Objection be dismissed, the Debtors reserve their rights to object on any other grounds that the Debtors discover during the pendency of

these cases. The Debtors also reserve the right to object to any claim to the extent such claim has been paid or was filed against the wrong Debtor.

12. The Debtors reserve their rights with respect to potential preference and avoidance actions under Chapter 5 of the Bankruptcy Code (the "Avoidance Actions") against any Claimant, and this Objection does not constitute a waiver of the Debtors' right to pursue such Avoidance Action

Dated: June 22, 2006

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
|---|---|
| By   *s/ D. J. Baker*<br>     D. J. Baker<br>     Rosalie Walker Gray<br>     Jane Leamy | By   *s/ James H. Post*<br>     Stephen D. Busey<br>     James H. Post, F.B.N. 175460<br>     Cynthia C. Jackson |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

534641

## DECLARATION

I, Tim Williams, Sr. Director, Group Leader – Labor Employment, Winn-Dixie Stores, Inc., declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts stated in the foregoing Debtors' Second Omnibus Objection to Unresolved Litigation Claims are true and correct to the best of my knowledge, information and belief.

                                   Tim Williams
                                   Sr. Director, Group Leader -
                                   Labor Employment
                                   Winn-Dixie Stores, Inc.

534641

# EXHIBIT A

Case 3:05-bk-03817-JAF    Doc 8703    Filed 06/22/06    Page 7 of 8

Winn-Dixie Stores, Inc.
Employee Related Claims

| Creditor Name | Claim No. | Claim Amount | Unliquidated | Reason for Disallowance |
|---|---|---|---|---|
| ALEXANDER, LORETHIA | 12586 | $75,000.00 | Unliquidated | No Liability -- Disputed Claim; Late Claim |
| BERCEA, JOHN | 1920 | $0.00 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| BOYD, RACHEL L | 12954 | $300,000.00 | | No Liability -- Disputed Claim; Late Claim |
| BOYD, WAYNE | 6817 | $322,442.00 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation and Reclassify to Unsecured |
| CAHOE, JOSEPH R | 7625 | $22,750.00 | | No Liability -- Disputed Claim |
| CHARLES, KATRINA | 10567 | $1,000,000.00 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| CHISM, JEROME | 11108 | $300,000.00 | | No Liability -- Disputed Claim |
| CLOWER, RUSSELL B JR | 3941 | $5,000,000.00 | | No Liability -- Disputed Claim; Reclassify to Unsecured |
| CRAWFORD, MICHAEL | 10516 | $29,674.34 | | No Liability -- Disputed Claim |
| CUYLER, REBECCA | 12587 | $75,000.00 | Unliquidated | No Liability -- Disputed Claim; Late Claim |
| DELEGAL LAW OFFICES, PA | 9334 | $1,546,793.42 | | No Liability -- Disputed Claim; Reclassify to Unsecured |
| DELEON, CRISTAL J | 1722 | $0.00 | Unliquidated | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| DESSALINES, HUBERT | 12585 | $75,000.00 | Unliquidated | No Liability -- Disputed Claim; Late Claim |
| DOMINGUEZ, PEDRO | 11097 | $75,000.00 | Unliquidated | No Liability -- Disputed Claim |
| DUCINVIL, THERAMENE G | 3546 | $0.00 | Unliquidated | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| EILER, DOYLE A. | 11604 | 120740.38 | | No Liability -- Disputed Claim |
| EMEKA I KWENTOH | 9168 | 93800 | | No Liability -- Disputed Claim |
| FITZGERALD-MARHOLD, MAUREEN | 12759 | $195,000.00 | Unliquidated | No Liability -- Disputed Claim; Late Claim |
| FLUKER, CELIEA F | 10643 | $515.00 | | No Liability -- Disputed Claim; Reclassify to Unsecured |
| FONSECA, TERESA | 3586 | 0 | Unliquidated | No Liability -- Disputed Claim |
| GAMBLE, BRODERICK ET AL | 6373 | $300,000.00 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| GO, WAH HONG | 12015 | $0.00 | Unliquidated | No Liability -- Disputed Claim; Late Claim |
| GUNNELLS, RAYMOND A | 9741 | $0.00 | Unliquidated | No Liability -- Disputed Claim; Reclassify to Unsecured |
| GUNNELLS, RAYMOND A | 9742 | $0.00 | Unliquidated | No Liability -- Disputed Claim; Duplicated by Claim No. 9741; Reclassify to Unsecured |
| KIRBY, CONNIE S | 8134 | $100,000.00 | | No Liability -- Disputed Claim |
| LANDRY, SHIRLEY A | 3859 | $4,300.00 | Unliquidated | No Liability -- Disputed Claim |
| LESENE, RAGUEL | 1886 | $500,000.00 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| MACK, DON | 11109 | $300,000.00 | | No Liability -- Disputed Claim |
| MCNALLY, ROSE MARIE C | 3729 | $0.00 | Unliquidated | No Liability -- Disputed Claim |
| MUNRO, THOMAS | 9546 | $300,000.00 | | No Liability -- Disputed Claim |
| PITTS, MACK | 3621 | $0.00 | Unliquidated | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| RUPPERECHT, JOHN | 9504 | $25,000.00 | | No Liability -- Disputed Claim |
| SAUNDERS, DARREN A | 11096 | $75,000.00 | Unliquidated | No Liability -- Disputed Claim |
| SHERRILL, MIGNON | 9881 | $150,000.00 | | No Liability -- Disputed Claim |
| WILLIAMSON, JANICE | 10539 | $250,000.00 | | No Liability -- Disputed Claim |
| WILSON, ANNIE R | 1799 | $3,000.00 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation and Reclassify to Unsecured |
| WINDHAM, JENNY | 4375 | $265,239.90 | | No Liability -- Disputed Claim; Insufficient Proof of Claim Documentation |
| **Total** | | **$11,504,255.04** | | |