UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | CASE NO. 05-03817-3F1 |
| ) | |
| Debtors. ) | CHAPTER 11 |
| ) | JOINTLY ADMINISTERED |
| ) | |

**RESPONSE OF NEW PLAN EXCEL REALTY TRUST, INC. AND CLIFFDALE CORNER, INC. TO DEBTORS' TWELFTH OMNIBUS OBJECTION TO (A) OVERSTATED CLAIMS (B) OVERSTATED MISCLASSIFIED CLAIMS AND (C) NO LIABILITY MISCLASSIFIED CLAIMS**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

NEW PLAN EXCEL REALTY TRUST, INC. ("New Plan"), and CLIFFDALE CORNER, INC. ("Cliffdale") by their undersigned attorneys, make this Response to Debtors' Twelfth Omnibus Objection to (A) Overstated Claims (B) Overstated Misclassified Claims and (C) No Liability Misclassified Claims (the "Objection") and in support thereof aver:

1. New Plan and Cliffdale are the owners or agents for the owners of various shopping centers in which Debtors operate or previously operated retail stores pursuant to written leases (each a "Lease" and collectively the "Leases"). All of New Plan's and Cliffdale's Leases are leases of premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). New Plan and Cliffdale are hereinafter sometimes collectively referred to as "Objecting Landlords".

2. By the Objection, Debtors seek to reduce the following claims:

| Claim # | Landlord |
|---------|----------|
| 10299 | New Plan (Silver Hills) |
| 12202 | Cliffdale (Cliffdale) |

3. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides, at Subsection (f):

> **Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.

### Claim #10299 - New Plan (Silver Hills)[1]

4. Debtors object to the claim filed by New Plan on behalf of Silver Hills in the amount of $17,011.17 alleging that other than the amount of $13,868.76 due for 2004 Real Estate Taxes "all other amounts lack adequate supporting documentation". The balance of the claim that is challenged by Debtor, $3,142.41, is composed of additional tax reconciliations, the largest of which is $1,397.64, as set forth in detail on the schedule attached to Claim 10299. All reconciliation information was previously provided to Debtors and can be provided again upon request.

### Claim #12202 - Cliffdale (Cliffdale Corner)

5. Debtors object to claim 12202 filed by Cliffdale alleging that the pre-petition portion of the claim in the amount of $75,469.55 should be reduced to $70,357.15 and that the rejection damage claim of $483,528.72 should be expunged in that Cliffdale allegedly assigned its rejection damage claim to Jefferson Pilot.

---

[1] This Lease (Debtor's Store #2301) is scheduled for assumption pursuant to Debtors' assumption motion (Docket #7965) filed May 19, 2006. Accordingly, any disputes regarding this claim should be reserved and addressed as part of the cure reconciliation process.

6. With regard to the pre-petition claim, as set forth on Exhibit A to the claim, Debtors acknowledge liability for 2004 real estate taxes in the amount of $39,996.98 and 2004 common area maintenance charges in the amount of $24,667.48. With regard to the balance of the charges, Debtors seek to allow only the portion of the real estate taxes due for 2005 prior to the filing of Debtors' voluntary petitions. Cliffdale acknowledges that an incorrect factor was used in the calculations set forth on Exhibit A to the claim with regard to 2005 charges. However, Cliffdale asserts that the correct factor should be applied not only to real estate taxes but also to common area maintenance and insurance charges to be billed as set forth on Exhibit A to the claim. Applying the corrected factor of 52/365 the amount due would be $10,758.56 for a total pre-petition claim of $75,423.02. Accordingly, for the purposes of this claim, Cliffdale would consent to the reduction of the pre-petition portion thereof to $75,423.02.[2]

7. With regard to the rejection damage claim of $483,528.72[3], Debtors claim that Cliffdale is not entitled to a rejection damage claim as it previously assigned its rights to Jefferson Pilot. While Cliffdale acknowledges that Jefferson Pilot is the beneficiary of a certain Deed of Trust pertaining to the Cliffdale Shopping Center, Cliffdale denies that anyone other than Cliffdale has any present or superior rights in and to the rejection damage claim.

---

[2] Cliffdale filed a Second Amended Proof of Claim on or about March 22, 2006, at claim no. 13002. Set forth on Exhibit A to that Amended Claim are revised figures with regard to the common area maintenance and insurance charges for 2005. Common area maintenance was increased to $3,570.63 per month while insurance charges were decreased to $572.14 per month. Applying the corrected factor to the new figures will raise the pre-petition claim to $12,780.63. Cliffdale will attempt to consentually resolve the differences with regard to claim no. 13002 so as to avoid the necessity of filing an objection thereto.

[3] The Second Amended Proof of Claim calculates the rejection damages, based upon revised charges, at $502,512.34.

**WHEREFORE,** New Plan requests that any dispute regarding its pre-petition claim be reserved for resolution as part of the cure claim process in conjunction with the assumption of the Silver Hills lease or, alternatively, that Debtors' objection be overruled; and

**WHEREFORE,** Cliffdale prays that Debtors' objection to the pre-petition portion of its claim be overruled and that said portion be allowed, for the purposes of this claim only, in the amount of $75,423.02, subject to further revision in conjunction with Cliffdale's Second Amended Proof of Claim, and that with regard to Debtors' objection to the rejection damage claim that Debtors' objection thereto be overruled; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

DATED:  June 22, 2006

        **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

        BY:    /s/ David L. Pollack
            **DAVID L. POLLACK**
            **JEFFREY MEYERS**
            **DEAN WALDT**
        **Attorneys for New Plan Excel Realty Trust,**
        **and WD Route 3, LP**
        **51st Floor - Mellon Bank Center**
        **1735 Market Street**
        **Philadelphia, Pennsylvania  19103**
        **(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

**CERTIFICATE OF SERVICE**

I certify that service of the foregoing was made on June 22, 2006 via ECF Noticing and email upon the parties listed below.

/s/ David L. Pollack

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19801<br>Jleamy@skadden.com | |