UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

_____

In re:                                                        Case No. 05-03817-3F1

WINN DIXIE STORES, INC., et al.,                              Chapter 11

                            Debtors.                Jointly Administered

_____

**RESPONSE OF SARGENTO FOODS, INC. TO DEBTORS' TWELFTH OMNIBUS
OBJECTION TO (A) OVERSTATED CLAIMS (B) OVERSTATED MISCLASSIFIED
CLAIMS AND (C) NO LIABILITY MISCLASSIFIED CLAIMS**

_____

        Sargento Foods, Inc. ("Sargento"), by its attorneys, hereby responds to the

Debtors' Twelfth Omnibus Objection to (A) Overstated Claims (B) Overstated Misclassified

Claims and (C) No Liability Misclassified Claims (the "Objection") dated May 30, 2006 as

follows:

        1.      On July 13, 2005, Sargento filed in this case a proof of claim (the

"Claim") in the aggregate amount of $375,291.18 for goods sold by Sargento to Winn Dixie

Stores, Inc. (the "Debtor") on credit prior to the filing of the petition in this case.

        2.      Pursuant to the Claim Sargento asserts (a) a reclamation claim in the

amount of $208,640.97 and (b) a secured setoff claim pursuant to sections 506(a) and 553(a) of

the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the "Code") to the extent of any

prepetition amounts owed the Debtor by Sargento.

        3.      Pursuant to a Memorandum dated August 17, 2005, Sargento and the

Debtor agreed that Sargento had an allowed reclamation claim of $208,640.96 and that the

offsets to such reclamation claim due to amounts owed by Sargento to Winn Dixie relating to the

reclamation claim were $18,647.84, leaving a net allowed reclamation claim of $189,993.12.

The Debtor is currently making payments to Sargento on account of such allowed reclamation

claim.

MW\1324169MDJ:MDJ  06/15/06

4.      The Debtor, through its consultants, XRoads Solutions Group, and Sargento have worked together to reconcile Sargento's net prepetition claim (net of the amount of its allowed reclamation claim) (the "Net Claim") and have agreed that the allowed amount of the Net Claim is $137,904.81.  In determining the amount of the Net Claim, the parties agreed to reduce the Claim by certain prepetition amounts owed Winn Dixie by Sargento relating to items such as coupons, spoiled/damaged goods and debit memos.

5.      The Objection seeks to (a) reduce the amount of the Net Claim to $131,803.85 and (b) reclassify the entire Net Claim as an unsecured non-priority claim.

6.      Prior to the service of the Objection on Sargento, the parties agreed the correct amount of the Net Claim is $137,904.81, not the $131,803.85 asserted in the Objection. Therefore, the Debtor will presumably will withdraw the Objection as it relates to the amount of the Net Claim.

7.      With respect to Sargento's secured setoff claim, Sargento has clearly put the Debtor on notice of Sargento's right of setoff by virtue of filing the Claim and the Debtor has not contested Sargento's right of setoff.  As a result, to the extent the Debtor asserts that there remain prepetition amounts due the Debtor by Sargento, Sargento is entitled to a secured setoff claim pursuant to sections 506(a) and 553(a) of the United States Bankruptcy Code. Reclassifying Sargento's Net Claim as an unsecured non-priority claim is not appropriate as it would deny Sargento's right of setoff.

8.      Moreover, reclassifying the Net Claim is unnecessary.  If  all prepetition amounts owed by Sargento to the Debtor have been offset in arriving at the Net Claim amount and there are no other prepetition amounts owed by Sargento to Winn Dixie, then as a matter of law the Net Claim is a non-priority unsecured claim.  If, on the other hand, there are prepetition amounts owed the Debtor by Sargento in addition to the amounts offset against the Claim in arriving at the amount of the Net Claim, then the Net Claim is a secured setoff claim to the extent of the prepetition amounts owed the Debtor by Sargento.

9.    Sargento was granted by the Debtor an extension through June 23, 2006 to file a response to the Objection.

WHEREFORE, Sargento respectfully requests that the Court (a) deny the Objection and (b) allow the Net Claim in the amount of $137,904.81

Dated this 22nd day of June, 2006.

REINHART BOERNER VAN DEUREN S.C.

BY_____/s/ Michael D. Jankowski_____
   Michael D. Jankowski (WI Bar No. 1012353)
   1000 North Water Street, Suite 2100
   P.O. Box 2965
   Milwaukee, WI 53201-2965
   Telephone: 414-298-1000
   Fax: 414-298-8097
   mjankows@reinhartlaw.com
   Counsel for Sargento Foods, Inc.

MW\1324169MDJ:MDJ  06/15/06                 3