UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

**DEBTORS' RESPONSE IN OPPOSITION TO
WOODLAND HARTFORD ASSOC., LLC'S MOTION FOR
RELIEF FROM ORDER AUTHORIZING DEBTORS TO REJECT LEASE**

Winn-Dixie Raleigh, Inc. ("Winn-Dixie Raleigh") and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), file this response in opposition to Woodland Hartford Assoc., LLC's ("Woodland") motion for relief from the Court's order authorizing the Debtors to reject the lease for store number 997 (Doc. No. 8277), and states:

**Background**

1. Prior to the petition date, Winn-Dixie Raleigh operated a grocery store in Chesapeake, Virginia, known by the Debtors as store number 997 (the "Premises"), under a lease dated November 21, 1997 (the "Prime Lease"). By assignment by the original landlord, Woodland is the landlord of the Premises.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      On August 21, 2002, Winn-Dixie Raleigh subleased the Premises to Cornerstone Christian Church ("Cornerstone") (the "Sublease"). As of January 2006, Cornerstone was in substantial default under the Sublease, owing Winn-Dixie Raleigh over $400,000 in back rent. As a result, Winn-Dixie Raleigh terminated the Sublease by notice dated February 27, 2006.

3.      On April 6, 2006, the Debtors filed a motion for authority to reject the Prime Lease (the "Motion to Reject Lease") (Doc. No. 6931). The Motion to Reject Lease was served on Cornerstone and (inadvertently), on Woodland's predecessor in interest, Gem Cedar, LLC, rather than Woodland. On April 20, 2006, the Court granted the Motion to Reject Lease (the "Order") (Doc. No. 7342). The Order was served on Cornerstone and Gem Cedar on April 26. Woodland did not receive notice of the rejection until April 28, 2006.

4.      On June 7, 2006, Woodland filed its motion (Doc. No. 8277) for relief from the Order on the ground that it did not receive notice (the "Motion").

5.      By the Motion, Woodland also requests that the Court "condition any rejection on the Subtenant surrendering the Premises to Woodland in broom clean condition" and requiring "the Debtors to continue paying rent to Woodland until such surrender occurs". Motion, pg. 7.

6.      The Debtors consent to the relief requested in the Motion to the extent that the Motion seeks to set aside the Order under Rule 60 Fed. R. Civ. Proc.

7.      The Debtors object to the Motion to the extent Woodland asks the Court to (i) condition the Debtors' rejection of the Prime Lease on Cornerstone's

surrender of the Premises to Woodland and (ii) require the Debtors to continue paying rent to Woodland until such surrender occurs.

## **Argument**

8. A debtor that rejects its prime lease is under no obligation to evict or physically remove its subtenant from the leased premises. *See In re Kmart*, 290 B.R. 601, 607 (Bankr. N.D. Ill. 2002). As stated by *Kmart* :

> [A]s an intermediary lessee/sublessor with no actual possession, Kmart's rejection notification…fulfilled its statutory obligation under section 365(d)(4) of the code to 'surrender' the leased property…Kmart need not proceed to evict or physically remove [the subtenant] to fulfill its duty.
>
> *Id*. (citations omitted).

9. Woodland cites no authority which requires a debtor to evict its subtenant or otherwise conditions a debtor's rejection of a lease. Indeed, once a debtor rejects or terminates a sublease, it has *no authority* to bring an eviction action against the subtenant. *See Chatlos Systems, Inc. v. Kaplan*, 147 B.R. 96, 100 (Bankr. D.Del. 1992) (holding that a rejecting debtor has no authority to evict the subtenant).

10. Moreover, Woodland has no right to receive administrative rent as long as the subtenant has possession (nor does Woodland cite to any authority providing for such relief). Under Section 365(d)(4), once the Prime Lease is rejected (the Debtors have filed another motion to reject, with notice to Woodland), Winn-Dixie Raleigh has no further administrative liability to Woodland regardless of whether or not Cornerstone has surrendered the Premises to Woodland. *Id*. at 101 (holding that because the prime lease

was rejected, the landlord was not entitled to collect administrative rent even though the debtor's former subtenant remained in the leased premises).

## Conclusion

WHEREFORE, for the forgoing reasons, Woodland's Motion should be (i) granted to the extent its seeks to set aside the Order and (ii) denied to the extent it seeks to condition the Debtors' rejection of the Prime Lease on Cornerstone's surrender of the Premises to Woodland and to require the Debtors to pay administrative rent.

Dated: June 22, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  */s/ D. J. Baker*<br>   D. J. Baker<br>   Sally McDonald Henry<br>   Rosalie W. Gray | By  */s/ Cynthia C. Jackson*<br>   Stephen D. Busey<br>   Cynthia C. Jackson (F.B.N. 498882)<br>   Beau Bowin |
| Four Times Square<br>New York, New York  10036<br>(212) 735-3000<br>(212) 735-2000 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>jpost@smithhulsey.com |
| Co-Attorneys for Debtors | Co-Attorneys for Debtors |

00535465.2