IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                )
                                      )   Chapter 11
WINN-DIXIE STORES, INC., et. al.,     )
                                      )   Case No. 05-03817
       Debtors.                       )

## LIMITED OBJECTION OF E&A ACQUISITIONS TWO, LP TO DEBTORS' MOTION TO ASSUME LEASE FOR STORE NO. 2213

COMES NOW E&A Acquisitions Two, LP ("E&A Acquisitions"), and shows the Court as follows in support of its limited objection to Winn-Dixie Stores, Inc., et. al.'s ("the Debtors") motion to assume leases of non residential real property:

1.

E&A Acquisitions is the landlord of Debtor Winn-Dixie Stores, Inc. (the "Tenant") at the Marketplace at Ocala Shopping Center in Ocala, Florida (the "Premises") pursuant to a written lease (the "Lease").

2.

The Debtors refer to the Premises as Store Number 2213.

3.

The Debtors originally proposed to extend the time to assume or reject the Lease to the Effective Date of the Plan. E&A Acquisitions and other landlords objected to the proposed extension. In order to settle the objections, the Debtors agreed to assume or reject the Lease by May 19, 2006. The Debtors'

agreement is reflected in the Court's March 10, 2006 Order Granting
Fourth Extension of Time to Assume or Reject Unexpired Leases of
Nonresidential Property (hereinafter the "March 10 Order").

4.

On May 19, 2006, the Debtors filed a motion to assume the
Lease (the "Motion"), but stated in Exhibit "B" to the Motion that
the cure amount due to E&A Acquisitions in regards to the Lease was
$84,435.00.

5.

The Debtors' calculation of the cure amount is incorrect.
E&A Acquisitions objects to the Debtors' Motion to the extent it
proposes to assume the Lease without paying the entire cure amount
that is actually due.

6.

The past due principal amount under the Lease of $96,618.06 is
reflected on the statement attached hereto as Exhibit "A."

7.

The interest due on the past due amounts is calculated in the
attached Exhibit "B."   While the Lease contains no specific
provision requiring the Tenant to pay interest on past due rent,
E&A Acquisitions is entitled to recover interest allowed by the law
of the state in which the property is located.   In Re: Eagle Bus
Manufacturing, Inc., 148 B.R. 481(Bankr. S.D. Tex. 1992), In re:
Westview 74th Street Drug, Corp., 59 B.R. 747 (Bankr. S.D.N.Y.
1986).   **The total cure amount as of June 30, 2006 is $98,736.04,**

**plus per diem interest of $23.35 from July 1, 2006 until the cure amount is paid.**

8.

Florida Statute 83.06(2) provides that all contracts for rent, oral or in writing, shall bear interest from the time the rent becomes due, any law, usage or custom to the contrary notwithstanding.

Florida Statute 687.01 provides that in all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided for in Florida Statute 55.03.

Florida Statute 55.03 provides that on December 1 of each year, the Chief Financial Officer of the State of Florida shall set the rate of interest. The interest rate established by the Chief Financial Officer shall take effect on January 1 of each following year. The interest rate for 2006 established pursuant to Section 55.03 is 9.0% per annum. The interest rate for 2005 established pursuant to Section 55.03 was 7.0% per annum.

9.

Debtors are required to cure defaults, or provide adequate assurance of a prompt cure, and compensate landlords for any actual pecuniary loss resulting from a default at the time of assumption. 11 U.S.C. §365 (b)(1).

10.

In paragraphs 7 and 8 of the Motion, the Debtors, in an effort to avoid their obligation to promptly cure defaults, propose that their assumption be effective as of the Effective Date of the Plan.

11.

E&A Acquisitions objects to the Debtors' attempt to avoid compliance with their agreement to assume or reject the Lease by May 19, 2006 and the requirement of the Bankruptcy Code that defaults be promptly cured, by purporting to assume the Lease on May 19, 2006 but delay the effective date of the assumption of the Lease to the Effective Date of the Plan. There is no reason to delay the effective date of the assumption of the Lease or the payment of the cure amount.

12.

Although they did not file a motion for an additional extension of time to assume or reject the leases, in paragraph 8 of the Motion the Debtors state that they seek an extension of time under 365(d)(4) to assume or reject the leases through the Effective Date.

13.

In order to receive an extension of time to assume or reject a lease, 365(d)(4) requires that a debtor show cause why the extension should be granted. In this case, such cause cannot exist because the Debtors have already filed a motion to assume the leases identified in the exhibit to the Motion. **The Debtors do not**

**need an extension of time to make a decision they have already made.**

14.

E&A Acquisitions requests that the assumption of the Lease be effective upon entry of the Order approving the Motion, and that the Debtors be ordered to pay the **undisputed** portion of the cure, plus interest at 7% per annum for 2005 and 9% per annum for 2006, by July 7, 2006. E&A Acquisitions further requests that if any portion of E&A Acquisitions' requested cure payment is disputed, that the Debtors be required to file a pleading by July 7, 2006 stating the amount that is subject to dispute and each and every reason that the Debtors have for disputing the cure amount asserted by E&A Acquisitions.

**WHEREFORE**, E&A Acquisitions prays that the Court enter an order approving the assumption of the Lease, but further providing as follows:

1.  The Lease is assumed effective upon the entry of the order approving the assumption;

2.  The Debtors shall pay the undisputed portion of the cure amount, plus interest at 7% per annum for 2005 and 9% per annum for 2006, on or before July 7, 2006;

3.  To the extent the Debtors dispute any portion of the cure amount requested by E&A Acquisitions, the Debtors shall file a pleading specifying each and every portion of the cure amount that is disputed and each and every reason why the Debtors contend that such disputed portion is not owed; and

4.   That upon request by E&A Acquisitions, the Court set an
expedited hearing to resolve any dispute over the cure amount.

Dated this *23* day of June, 2006.

HELD & ISRAEL

By: _____

  Kimberly Held Israel
  Florida Bar #47287
  Adam N. Frisch, Esquire
  Florida Bar #635308
  1301 Riverplace Blvd., Suite 1916
  Jacksonville, Florida 32207
  (904) 398-7038 Telephone
  (904) 398-4283 Facsimile

and

KITCHENS, KELLEY, GAYNES, P.C.

Mark A. Kelley, Esquire
11 Piedmont Center, Suite 900
Atlanta, Georgia  30305
(404) 467-7718 Telephone
(843) 364-0126 Facsimile