IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              )
                                    )   Chapter 11
WINN-DIXIE STORES, INC., et. al.,   )
                                    )   Case No. 05-03817
    Debtors.                        )

_____

## LIMITED OBJECTION OF E&A FINANCING II, LP TO DEBTORS' MOTION TO ASSUME LEASES FOR STORE NOS. 84, 2333 and 2230

COMES NOW E&A Financing II, LP ("E&A Financing"), and shows the Court as follows in support of its limited objection to Winn-Dixie Stores, Inc., et. al.'s ("the Debtors") motion to assume leases of non residential real property:

1.

E&A Financing is the landlord of Debtor Winn-Dixie Stores, Inc. (the "Tenant") pursuant to written leases (collectively the "Leases") at the following locations:

a.   Amelia Island Plaza in Fernandina Beach, Florida, Winn-Dixie Store Number 84 (the "Amelia Store");

b.   Marketplace Plaza in Clearwater, Florida, Winn-Dixie Store Number 2333 (the "Clearwater Store"); and

c.   Palm Bay West in Palm Bay, Florida, Winn-Dixie Store Number 2230 (the "Palm Bay Store").

1

2.

The three locations shall collectively be referred to as the "Locations".

3.

The Debtors originally proposed to extend the time to assume or reject the Leases to the Effective Date of the Plan. E&A Financing and other landlords objected to the proposed extension. In order to settle the objections, the Debtors agreed to assume or reject the Leases by May 19, 2006. The Debtors' agreement is reflected in this Court's March 10, 2006 Order Granting Fourth Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Property (hereinafter the "March 10 Order").

4.

On May 19, 2006, the Debtors filed a motion to assume the Leases (the "Motion") and stated, in Exhibit "B" to the Motion, that the following cure amounts were due at the Locations:

a.  The Amelia Store:          $ 81,591.00

b.  The Clearwater Store:      $ 69,509.00

c.  The Palm Bay Store:        $ 21,996.00

5.

The Debtors' calculations of the cure amounts are incorrect. E&A Financing objects to the Debtors' Motion to the extent it proposes to assume the Leases without paying the cure amounts that are actually due.

2

6.

The past due amount under the Leases as of July 1, 2006 are as follows:

| a. | The Amelia Store | $ 122,914.00 |
| b. | The Clearwater store | $ 114,552.15 |
| c. | The Palm Bay Store | $ 24,928.45 |

7.

While the Leases contain no specific provision requiring the Tenant to pay interest on past due rent, E&A Financing is entitled to recover interest allowed by the law of the state in which each Location is situated. In Re: Eagle Bus Manufacturing, Inc., 148 B.R. 481(Bankr. S.D. Tex. 1992), In re: Westview 74th Street Drug, Corp., 59 B.R. 747 (Bankr. S.D.N.Y. 1986).

8.

Florida Statute 83.06(2) provides that all contracts for rent, oral or in writing, shall bear interest from the time the rent becomes due, any law, usage or custom to the contrary notwithstanding.

Florida Statute 687.01 provides that in all cases where interest shall accrue without a special contract for the rate thereof, the rate is the rate provided for in Florida Statute 55.03.

3

Florida Statute 55.03 provides that on December 1 of each year, the Chief Financial Officer of the State of Florida shall set the rate of interest. The interest rate established by the Chief Financial Officer shall take effect on January 1 of each following year. The interest rate for 2006 established pursuant to Section 55.03 is 9.0% per annum. The interest rate for 2005 established pursuant to Section 55.03 was 7.0% per annum.

9.

Debtors are required to cure defaults, or provide adequate assurance of a prompt cure, and compensate landlords for any actual pecuniary loss resulting from a default at the time of assumption. 11 U.S.C. §365 (b)(1).

10.

The statements showing the past due principal amounts for the Amelia Store are attached hereto as Exhibit "A." The calculation of the interest through June 30, 2006 and the application of credits on the Amelia Store are attached hereto as Exhibit "B." Interest for the cure amount at the Amelia Store accrues from July 1, 2006 at the rate of $28.78 per diem.

11.

The statements showing the past due principal amount for the Clearwater Store are attached hereto as Exhibit "C." The calculation of the interest and the application of credits on the Clearwater Store are attached hereto as Exhibit "D." Interest for

4

the cure amount at the Clearwater Store accrues from July 1, 2006 at the rate of $27.80 per diem.

12.

The statement showing the past due principal amount for the Palm Bay Store is attached hereto as Exhibit "E." The calculation of the interest and the application of credits on the Palm Bay Store are attached hereto as Exhibit "F." Interest for the cure amount at the Palm Bay Store accrues from July 1, 2006 at the rate of $5.89 per diem.

13.

In paragraphs 7 and 8 of the Motion, the Debtors, in an effort to avoid their obligation to promptly cure defaults, propose that their assumption be effective as of the Effective Date of the Plan.

14.

E&A Financing objects to the Debtors' attempt to avoid compliance with their agreement to assume or reject the Leases by May 19, 2006 and the requirement of the Bankruptcy Code that defaults be promptly cured, by purporting to assume the Leases on May 19, 2006 but delay the Effective Date of the assumption of the Leases to the Effective Date of the plan. There is no reason to delay the effective date of the assumption of the Leases or the date for curing defaults.

5

15.

Although they did not file a motion for an additional extension of time to assume or reject the Leases, in paragraph 8 of the Motion the Debtors state that they seek an extension of time under 365(d)(4) to assume or reject the leases through the Effective Date.

16.

In order to receive an extension of time to assume or reject a lease, Section 365(d)(4) requires a debtor to show cause why the extension should be granted. In this case, such cause cannot exist because the Debtors have already filed a motion to assume the leases identified in the exhibit to the Motion. **The Debtors do not need an extension of time to make a decision they have already made.**

17.

E&A Financing requests that the assumption of the Leases be effective upon entry of the Order approving the Motion and that the Debtors be ordered to pay the **undisputed** portion of the cure, plus interest at 7% per annum for 2005 and 9% per annum for 2006, by July 7, 2006. E&A Financing further requests that if any portion of its requested cure payment at any of the Locations is disputed, that the Debtors be required to file a pleading by July 7, 2006

6

stating the amount that is subject to dispute and each and every reason that the Debtors have for disputing the cure amount asserted by E&A Financing at any of the Locations.

**WHEREFORE**, E&A Financing prays that the Court enter an order approving the assumption of the Leases, but further providing as follows:

1. The Leases are assumed effective upon the entry of the order approving the assumption;
2. The Debtors shall pay the undisputed portion of the cure amount, plus interest at 7% per annum for 2005 and 9% per annum for 2006 on or before July 7, 2006;
3. To the extent the Debtors dispute any portion of the cure amount requested by E&A Financing, the Debtors shall file a pleading specifying each and every portion of the cure amount that is disputed and each and every reason why the Debtors contend that such disputed portion is not owed;

7

4. That upon request by E&A Financing, the Court set an expedited hearing to resolve any dispute over the cure amount that cannot be resolved by the agreement of the parties.

Date this 23 day of June, 2006.

HELD & ISRAEL

By: _____

Kimberly Held Israel
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

KITCHENS, KELLEY, GAYNES, P.C.

Mark A. Kelley, Esquire
11 Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 467-7718 Telephone
(843) 364-0126 Facsimile