IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                )
                                      )   Chapter 11
WINN-DIXIE STORES, INC., et. al.,     )
                                      )   Case No. 05-03817
     Debtors.                         )

## LIMITED OBJECTION OF GLA, LLC TO
## DEBTORS' MOTION TO ASSUME LEASE FOR STORE NUMBER 1852

COMES NOW GLA, LLC ("GLA"), and shows the Court as follows in support of its limited objection to the Debtors' motion to assume leases of non residential real property:

1.

GLA is the landlord of Debtor Winn-Dixie Montgomery, Inc. (the "Tenant") at the Alpharetta Crossing Shopping Center, 175 Haynes Bridge Road, Alpharetta, Georgia (the "Premises") pursuant to a written lease (the "Lease"). The Debtors refer to this location as Store Number 1852.

2.

The Debtors sublease the Premises to Daker Enterprises, Inc. ("Daker"). Any cure amount paid by the Debtors at this location will be passed through to Daker. The payment of the cure amount by the Debtors will have no impact on the Debtors' financial condition or their efforts to reorganize.

3.

The Debtors originally proposed to extend the time to assume or reject the Lease to the Effective Date of the Plan. GLA and other landlords objected to the proposed extension. In order to settle the objections, the Debtors agreed to assume or reject the Lease by May 19, 2006. The Debtors' agreement is reflected in this Court's March 10, 2006 Order Granting Fourth Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Property (hereinafter the "March 10 Order").

4.

On May 19, 2006, the Debtors filed a motion to assume the Lease (the "Motion") but stated, in Exhibit B to the Motion, that there was no cure amount due to GLA in regards to the Lease.

5.

The Debtors' assertion that there is no cure amount is incorrect. GLA objects to the Motion to the extent it proposes to assume the Lease without paying the cure amount that is actually due.

6.

The past due amount under the Lease (excluding interest) is set forth on the attached Exhibit "A". This amount is $52,919.08.

7.

The interest due on the past due amounts through June 30, 2006 is $10,472.12. **The total cure amount is $63,391.20, plus $26.10 per diem from July 1, 2006 until paid.** The interest is calculated in attached Exhibit "B." While the Lease contains no specific provision requiring the Tenant to pay interest on past due rent, GLA is entitled to recover interest allowed by the law of the state in which the property is located. In Re: Eagle Bus Manufacturing, Inc., 148 B.R. 481 (Bankr. S.D. Tex. 1992), In re: Westview 74th Street Drug, Corp., 59 B.R. 747 (Bankr. S.D.N.Y. 1986).

8.

In Georgia, landlords are entitled to interest at the statutory rate of 18% per year on past due rent on a commercial lease. O.C.G.A. §7-4-16; Georgia Color Farms, Inc. v. K.K.L. Limited Partnership, 234 Ga. App. 849, 507 S.E. 2d 817 (1998).

9.

Debtors are required to cure the defaults, or provide adequate assurance of a prompt cure, and compensate landlords for any actual pecuniary loss resulting from a default at the time of assumption. 11 U.S.C. §365(b)(1).

10.

In paragraphs 7 and 8 of the Motion, the Debtors, in an effort to avoid their obligation to promptly cure defaults, propose that their assumption be effective as of the Effective Date of the Plan.

11.

GLA objects to the Debtors' attempt to avoid compliance with their agreement to assume or reject the Lease by May 19, 2006 and the requirement of the Bankruptcy Code that defaults be promptly cured, by purporting to assume the Lease on May 19, 2006 but delay the effective date of the assumption of the Lease to the Effective Date of the plan. There is no reason to delay the effective date of the assumption of the Lease or the date for curing defaults.

12.

Although they did not file a motion for an additional extension of time to assume or reject the leases, in paragraph 8 of the Motion, the Debtors state that they seek an extension of time under 365(d)(4) to assume or reject the leases through the Effective Date.

13.

In order to receive an extension of time to assume or reject a lease, Section 365(d)(4) requires that a debtor show cause why the extension should be granted. In this case, such cause cannot exist because the Debtors have already filed a motion to assume the leases identified in the exhibit to the Motion. **The Debtors do not need an extension of time to make a decision they have already made.**

14.

GLA requests that the assumption of the Lease be effective upon entry of the Order approving the Motion, and that the Debtors be ordered to pay the **undisputed** portion of the cure amount, plus interest at 18% per annum, by July 7, 2006. GLA further requests that if any portion of the Landlord's requested cure payment is disputed, the Debtors be required to file a pleading by July 7, 2006 stating the amount that is subject to dispute and every reason that the Debtors have for disputing the cure amount asserted by the Landlord.

**WHEREFORE**, GLA prays that this Court enter an order approving the assumption of the Lease, but that further provides as follows:

1. The Lease is assumed effective upon the entry of the order approving the assumption;
2. The Debtor shall pay the undisputed portion of the cure amount, plus interest at 18% per annum, on or before July 7, 2006;
3. To the extent the Debtors dispute any portion of the cure amount requested by GLA, the Debtors shall file a pleading specifying each and every portion of the cure amount that is disputed and each and every reason why the Debtors contend that such disputed portion is not owed; and

4. That upon request by GLA the Court set an expedited hearing to resolve any dispute over the cure amount that cannot be resolved by the agreement of the parties.

DATED this 23 day of June, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

KITCHENS, KELLEY, GAYNES, P.C.

Mark A. Kelley, Esquire
11 Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 467-7718 Telephone
(843) 364-0126 Facsimile

H:\DOCS\1000\1577\0017\bankruptcy\Motion of GIA wsd