IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) |
| | ) Case No. 05-03817 |
| Debtors. | ) |

**LIMITED OBJECTION OF E&A SOUTHEAST, LP TO
DEBTORS' MOTION TO ASSUME LEASE FOR STORE NO. 599**

COMES NOW E&A Southeast, LP ("E&A Southeast"), and shows the Court as follows in support of its limited objection to Winn-Dixie Stores, Inc., et. al.'s ("the Debtors") motion to assume leases of non residential real property:

1.

E&A Southeast is the landlord of Debtor Winn-Dixie Stores, Inc. (the "Tenant") pursuant to a written lease (the "Lease") at Baldwin Square in Fairhope, Alabama.

2.

The Debtors refer to the store at Baldwin Square as Store Number 599.

3.

The Debtors originally proposed to extend the time to assume or reject the Lease to the Effective Date of the Plan. E&A Southeast and other landlords objected to the proposed extension. In order to settle the objections, the Debtors agreed to assume or reject the Leases by May 19, 2006. The Debtors' agreement is reflected in this Court's March 10, 2006 Order Granting Fourth

Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Property (hereinafter the "March 10 Order").

4.

On May 19, 2006, the Debtors filed a motion to assume the Lease (the "Motion") and stated, in Exhibit "B" to the Motion, that the arrearage at Baldwin Square was $24,022.00.

5.

Debtors are required to cure defaults, or provide adequate assurance of a prompt cure, and compensate landlords for any actual pecuniary loss resulting from a default at the time of assumption. 11 U.S.C. §365(b)(1).

6.

In paragraphs 7 and 8 of the Motion, the Debtors, in an effort to avoid their obligation to promptly cure defaults, propose that their assumption be effective as of the Effective Date of the Plan.

7.

E&A Southeast objects to the Debtors' attempt to avoid compliance with their agreement to assume or reject the Leases by May 19, 2006 and the requirement of the Bankruptcy Code that defaults be promptly cured, by purporting to assume the Leases on May 19, 2006 but delay the Effective Date of the assumption of the Leases to the Effective Date of the Plan. There is no reason to delay the effective date of the assumption of the Leases or the date for curing defaults.

8.

Although they did not file a motion for an additional extension of time to assume or reject the leases, in paragraph 8 of the Motion, the Debtors state that they seek an extension of time under 365(d)(4) to assume or reject the leases through the Effective Date.

9.

In order to receive an extension of time to assume or reject a lease, Section 365(d)(4) requires a debtor to show cause why the extension should be granted. In this case, such cause cannot exist because the Debtors have already filed a motion to assume the leases identified in the exhibit to the Motion. **The Debtors do not need an extension of time to make a decision they have already made.**

10.

E&A Southeast requests that the assumption of the Lease be effective upon entry of the Order approving the Debtors' motion to assume the Lease and that the Debtors be ordered to pay the **undisputed** cure amount by July 7, 2006.

**WHEREFORE**, E&A Southeast prays that the Court enter an order approving the assumption of the Lease, but further providing as follows:

1. The Lease is assumed effective upon the entry of the order approving the assumption; and

2. The Debtors shall pay the undisputed portion of the cure amount on or before July 7, 2006.

DATED this 23 day of June, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

KITCHENS, KELLEY, GAYNES, P.C.

Mark A. Kelley, Esquire
11 Piedmont Center, Suite 900
Atlanta, Georgia 30305
(404) 467-7718 Telephone
(843) 364-0126 Facsimile