Hearing Date: July 13, 2006, 1:00 p.m.
Objection Deadline: July 6, 2006, 4:00 p.m.

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING RETROACTIVE REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASES THAT WERE ASSIGNED PREPETITION

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject, retroactively, the non-residential real property leases identified on the attached Exhibit A that were each assigned prepetition (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

#### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code,

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are

being jointly administered for procedural purposes only.

   2.  The Debtors are grocery and pharmaceutical retailers operating in the

southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie

Marketplace" banners.  The Debtors are operating their businesses and managing their

properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code.

   3.  On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the

Office of the United States Trustee (the "U.S. Trustee") appointed an official committee

of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official

committee of equity security holders appointed by the U.S. Trustee on August 17, 2005

was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

   4.  This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.

Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2).

   5.  The statutory predicate for the relief requested in the Motion is section

365(a) of the Bankruptcy Code.

### Relief Requested

   6.  By this Motion, the Debtors seek entry of an order of the Court, pursuant

to Section 365(a) of the Bankruptcy Code, (a) approving and authorizing the rejection of

the non-residential real property leases identified on the attached Exhibit A that were each

assigned prepetition (collectively, the "Assigned Leases"),[2] effective as of the Petition

Date and (b) requiring each landlord under the Assigned Leases (collectively, the

"Landlords") to file a claim for any rejection damages allegedly arising under either (i) the

Assigned Leases or (ii) any related documents, including the assignment document itself,

or any separate guarantee (collectively, the "Related Documents").

### Basis for Relief

7.      Prior to the Petition Date, each Lease was assigned to a third party (each,

an "Assignee").  The assignment document may not have released the specific Debtor-

tenant from its obligations under the Assigned Lease.  In such instances, in the event of a

default by an Assignee, the Landlord may allege that the named Debtor-tenant remains

liable to the Landlord.

8.      To the best of the Debtors' knowledge, each of the Assignees is continuing

to honor its obligations under the Assigned Leases.  Thus, to the best of the Debtors'

knowledge, no Landlord currently has any liquidated claim against the Debtors for

amounts owed under each of the Assigned Leases.  Rather, any claim allegedly arising

under either the Assigned Leases or the Related Documents is contingent.

9.      The Assigned Leases and Related Documents provide no tangible benefit

to the Debtors' estates or creditors.  By rejecting the Assigned Leases, the Debtors will

ensure (a) that any continuing obligations allegedly arising under the Assigned Leases or

the Related Documents will cease and be treated as prepetition obligations, and (b) that

---

[2]   The Debtors reserve the right to challenge the executory or unexpired nature of any of the Assigned
Leases listed in Exhibit A.  The rejections sought pursuant to this Motion apply only to the Assigned
Leases identified in Exhibit A and do not apply to any other agreement(s) that the Debtors may have
with the Landlords listed in Exhibit A that are not related to the Assigned Leases.

the Landlords will, to the extent they have not already done so, be obligated to assert any

rejection damage claims they believe they have under the Assigned Leases or Related

Documents, thus enabling the Debtors to address such claims through the claims

reconciliation process.

### Applicable Authority

10.     Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-

in-possession, "subject to the court's approval, may assume or reject any executory

contract or unexpired lease of the debtor" 11 U.S.C. § 365(a).  A debtor-in-possession's

right to reject executory contracts and unexpired leases is a fundamental component of

the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial

burdens to the estate.  In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998) (citations

omitted); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989) (citation omitted); In re

Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988) (citation omitted).

11.     The decision to reject an executory contract or unexpired lease is primarily

administrative and should be given great deference by a court, subject only to review

under the "business judgment" rule.  See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2

(11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D.

Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988).  The

business judgment rule requires the debtor to establish that rejection of the agreement will

likely benefit the estate.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re

Cent. Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n

Corp., 872 F.2d 36, 39-40 (3d Cir. 1989).  Courts universally regard the business

judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will

4

not disturb the decision to reject an executory contract or unexpired lease by substituting

their own judgment for that of the debtor.  See In re Surfside Resort & Suites, Inc., 325

B.R. at 469; In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom.

Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100

B.R. at 287 (citation omitted);  see also BP Energy Co. v. Bethlehem Steel Corp.  (In re

Bethlehem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15,

2002) (recognizing that it is within court's equitable power to assign a retroactive

rejection date under section 365(a) of the Bankruptcy Code).

12.     The Debtors have satisfied the "business judgment" standard for rejecting

the Assigned Leases in the present case.  The Assigned Leases are unnecessary to the

Debtors' ongoing operations and are of no value for the Debtors' estates and creditors.

Accordingly, the Debtors' determination that the Assigned Leases should be rejected

reflects their exercise of sound business judgment.

### Rejection Damages Deadline

13.     To the extent that any Landlord has not already filed a proof of claim

asserting rejection damages arising under the Assigned Leases or the Related Documents,

the Debtors request that the Court order that the deadline for filing a proof of claim for

rejection damages allegedly arising under the Assigned Leases or the Related Documents

is 30 days after the date of entry of the order entered pursuant to this Motion.

### Notice

14.     Notice of the Motion has been provided to (a) counsel to the Office of the

United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c)

counsel for the Creditors' Committee, (d) the other parties in interest named on the Master

Service List maintained in these cases, (e) the Landlords, and (f) the Assignees.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B, (a) authorizing and approving the rejection of the Assigned Leases effective as of the Petition Date, and (b) requiring the Landlords, to the extent they have not already done so, to file any rejection damage claims allegedly arising under the Assigned Leases or Related Documents within 30 days of entry of the order entered pursuant to this Motion, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: June 23, 2006

SKADDEN, ARPS, SLATE, MEAGHER                SMITH HULSEY & BUSEY
& FLOM LLP

By    _s/ D. J. Baker_                        By    _s/ Cynthia C. Jackson_
      D. J. Baker                               Stephen D. Busey
      Sally McDonald Henry                      James H. Post
      Rosalie Walker Gray                       Cynthia C. Jackson,
      Adam S. Ravin                             Florida Bar Number 498882
Four Times Square                            225 Water Street, Suite 1800
New York, New York 10036                     Jacksonville, Florida  32202
(212) 735-3000                               (904) 359-7700
(212) 735-2000 (facsimile)                   (904) 359-7708 (facsimile)
djbaker@skadden.com                          cjackson@smithhulsey.com

Co-Counsel for Debtors                       Co-Counsel for Debtors

## EXHIBIT A

## ASSIGNED LEASES FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Assigned Leases. The rejections sought pursuant to this Motion apply only to the Assigned Leases identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Landlords listed in this Exhibit that are not related to the Assigned Leases.)

| Store No. | Store Address | Landlord | Lease Date | Assignee |
|---|---|---|---|---|
| 155 | 5633 HIGHWAY 21 SOUTH RINCON, GA 31326 | RINCON ASSOCIATES | 7/24/95 | KROGER LIMITED PARTNERSHIP |
| 444 | 15160 HWY 43 BYPASS, N.E. RUSSELLVILLE, AL 35654 | MACON W. GRAVLEE, JR. | 1/10/01 | HOUCHENS INDUSTRIES, INC. |
| 841 | 1202 W. BROAD STREET ELIZABETHTOWN, NC 28337 | TOWN COMMON ASSOCIATES | 12/11/92 | FOOD LION, LLC |
| 865 | US 70 WEST HAVELOCK, NC 28532 | GENE A & MILDRED A JACKSON | 11/30/83 | FOOD LION, LLC |
| 896 | 1727 W CUMBERLAND ST DUNN, NC 28334 | BAYVIEW LOAN SERVICING LLC | 7/30/86 | FOOD LION, LLC |
| 896 (GL) | 1727 W CUMBERLAND ST DUNN, NC 28334 | TRL PROPERTIES LLC (GROUND LEASE) | 2/8/85 | FOOD LION, LLC |
| 899 | 300-C VIRGINIA ROAD EDENTON, NC 27932 | CAMERON EDENTON CO | 5/25/88 | FARMER'S FOODS OF NORTH CAROLINA, LLC |
| 910 | 830 HALSTEAD BLVD. ELIZABETH CITY, NC 27909 | ELIZABETH CITY ASSOCIATES, 10 CROSSROADS PLAZA, WEST HARTFORD, CT 06117 | 2/5/1982 | FOOD LION, LLC |
| 943 | 951 FAIRYSTONE PARK HIGHWAY STANLEYTOWN, VA 24168 | RIDGEWOOD SQUARE LLC | 8/18/86 | FOOD LION, LLC |

| Store No. | Store Address | Landlord | Lease Date | Assignee |
|---|---|---|---|---|
| 944 | 1461 S BOSTON ROAD DANVILLE, VA 24540 | CAIN CREEK SHOPPING CENTER ASS | 7/18/84 | FOOD LION, LLC |
| 945 | 1013 VIRGINIA AVE CLARKSVILLE, VA 23927 | CLARKSVILLE 99-VA LLC, 609 SHERIDAN ROAD, WINNETKA, IL 60093 | 8/26/99 | FOOD LION, LLC |
| 961 | 4511 JOHN TYLER HWY WILLIAMSBURG, VA 23185 | WTVA LTD | 12/27/93 | FF ACQUISITION, LLC |
| 962 | 715 EAST ATLANTIC STREET SOUTH HILL, VA 23970 | SOUTH HILL COMPANY LLC | 8/16/91 | FOOD LION, LLC |
| 964 | 8500 PHILLPOTT HIGHWAY RIDGEWAY, VA 24148 | LEATHERWOOD CROSSING INC | 12/14/92 | FOOD LION, LLC |
| 978 | 1479 SOUTH MAIN STREET FARMVILLE, VA 23901 | FARMVILLE PARTNERS LLC | 12/14/71 | FOOD LION, LLC |
| 985 | 6500-C G.W. MEMORIAL HWY. YORKTOWN, VA 23692 | FRANCIS CARRINGTON | 10/31/95 | FF ACQUISITION, LLC |
| 994 | 30 TOWNE CENTRE WAY HAMPTON, VA 23666 | GEM BIG BETHEL LLC | 2/4/97 | FF ACQUISITION, LLC |
| 1307 | 653 DULING ST. JACKSON, MS 39216 | CARROLL & THOMPSON INC. | 2/25/97 | G & K FOODS, INC. |
| 1312 | 1204-10 W. CAPITOL ST. JACKSON, MS 39203 | RM SMITH INVESTMENTS, LP | 11/23/71 | NEW DEAL SUPERMARKETS, INC. |
| 1319 | 2875 MCDOWELL SQUARE JACKSON, MS 39204 | SOUTHWOOD REALTY CO | 7/6/72 | G & K FOODS, INC. |
| 1339 | 105 HWY 45 NORTH ABERDEEN, MS 39730 | LANDMARK ENTERPRISES | 7/2/76 | TRIPLE V, INC. |
| 1340 | 210 HWY 9 NORTH EUPORA, MS 39744 | EUPORA SHOPPING CENTER | 5/19/90 | CHANDLER'S OF WEIR, INC. |

| Store No. | Store Address | Landlord | Lease Date | Assignee |
|---|---|---|---|---|
| 1344 | 122 PORT GIBSON ST. RAYMOND, MS 39154 | OPAL LEE SMITH & SARA N JORDAN & CYNTHIA SMITH NORFLEET | 10/1/96 | ROBERTS COMPANY, INC. |
| 1367 | 901 COMMERCE PLAZA CLARKSDALE, MS 38614 | HUGGINS & WALKER INC | 12/31/80 | A & S SUPPLY COMPANY, INC. |
| 1633 | 1600 LEESTOWN PIKE LEXINGTON, KY 40508 | PALM LAKES LLC | 5/21/87 | EW JAMES INC. |
| 1638 | 1250 BARDSTOWN ROAD LOUISVILLE, KY 40204 | SANDRA J. METTS & MARVIN M. SOTSKY | 7/14/80 | BUEHLER OF KENTUCKY, LLC |
| 1640 | 1265 GOSS AVENUE LOUISVILLE, KY 40217 | KINGFISH GERMANTOWN LLC | 8/9/88 | BUEHLER OF KENTUCKY, LLC |
| 1647 | ROUTE 4 MANCHESTER SQ. BOX 600 MANCHESTER, KY 40962 | MANCHESTER MALL ASSOCIATES, LP | 6/10/81 | KCR LIMITED, INC. |
| 1675 | 690 UNIVERSITY DRIVE RICHMOND, KY 40475 | USC OF RICHMOND LLC | 10/18/95 | EW JAMES INC. |
| 1681 | STATE HIGHWAY 15 JACKSON, KY 41339 | JACKSON JUNCTION LTD | 7/6/83 | FOODTOWN SUPERMARKETS OF KENTUCKY, INC. |
| 1684 | US HWY 25E BARBOURVILLE, KY 40906 | BARBOURVILLE SHOPPING CENTER INC. | 11/4/87 | HOUCHENS INDUSTRIES, INC. |
| 1690 | 200 ST JOHN ROAD ELIZABETHTOWN, KY 42701 | ELIZABETHTOWN COMMERCIAL PROPERTIES, LLC | 10/15/87 | EW JAMES INC. |
| 1705 | 550 OLD STATE ROUTE 74 CINCINNATI, OH 45244 | WD MOUNT CARMEL LLC | 3/4/98 | KROGER LIMITED PARTNERSHIP |
| 1706 | 9950 BERBERICH DRIVE FLORENCE, KY 41042 | WD FLORENCE PORTFOLIO LP | 7/3/96 | KROGER LIMITED PARTNERSHIP |
| 1707 | 7172 CINCINNATI - DAYTON RD WESTCHESTER, OH 45069 | WD WESTCHESTER LLC | 3/4/98 | KROGER LIMITED PARTNERSHIP |

| Store No. | Store Address | Landlord | Lease Date | Assignee |
|---|---|---|---|---|
| 1708 | 6725 DICK FLYNN BLVD GOSHEN, OH 45122 | GOSHEN STATION LTD | 6/22/02 | KROGER LIMITED PARTNERSHIP |
| 1753 | 4500 MONTGOMERY ROAD CINCINNATI, OH 45212 | SURREY SQUARE PARTNERS | 8/24/74 | KROGER LIMITED PARTNERSHIP |
| 1765 | 4900 HUNT ROAD CINCINNATI, OH 45242 | BLUE ASH STATION LTD | 3/28/95 | KROGER LIMITED PARTNERSHIP |
| 1767 | 3491 NORTH BEND ROAD CINCINNATI, OH 45239 | MONFORT HEIGHTS STATION LTD | 3/28/95 | KROGER LIMITED PARTNERSHIP |
| 1770 | 11390 MONTGOMERY ROAD CINCINNATI, OH 45249 | TOWNE INVESTMENT COMPANY | 1/25/79 | KROGER LIMITED PARTNERSHIP |
| 1774 | 3872 PAXTON AVENUE CINCINNATI, OH 45209 | HYDE PARK PARTNERS, LP | 8/27/91 | SUPERVALU HOLDINGS |
| 1777 | 1260 OHIO PIKE AMELIA, OH 45102 | AMELIA STATION LTD | 3/28/95 | KROGER LIMITED PARTNERSHIP |
| 1999 | 10599 JONESBRIDGE RD ALPHARETTA, GA 30201 | GWINNETT PRADO LP | 8/25/88 | STEINMART |
| 2401 | 3220 N. MAIN STREET FORT WORTH, TX 76106 | TSCA 3 LIMITED PARTNERSHIP | 8/29/76 | GROCER'S SUPPLY |
| 2402 | 501 EAST BROADWAY SWEETWATER, TX 79556 | J C PACE LTD | 9/10/93 | BROOKSHIRE GROCERY COMPANY |
| 2405 | 511 N STEWARD ROAD AZLE, TX 76020 | JD TRULY & DOROTHY C. TRULY | 7/29/85 | BROOKSHIRE GROCERY COMPANY |
| 2407 | 7201 GRAPEVINE HIGHWAY NORTH RICHLAND HILLS, TX 76054 | JAY SCHUMINSKY TRUST | 11/16/66 | KROGER TEXAS LP |
| 2411 | 3320 MANSFIELD HIGHWAY FOREST HILL, TX 76119 | CENTER AMERICA CAPITAL PARTNER | 7/6/73 | FIESTA MART, INC. |
| 2417 | 2525 WEST I-20 GRAND PRAIRIE, TX 75052 | PORCUPINE WD4, LLC | 3/4/98 | KROGER TEXAS LP |

| Store No. | Store Address | Landlord | Lease Date | Assignee |
|---|---|---|---|---|
| 2418 | 5434 I-20 WEST WILLOW PARK, TX 76087 | DANIEL G. KAMIN | 3/4/98 | BROOKSHIRE GROCERY COMPANY |
| 2422 | 2700 8TH AVENUE FORT WORTH, TX 76110 | DANIEL G. KAMIN | 3/4/98 | FIESTA MART, INC. |
| 2430 | 1400 Austin Ave. Brownwood, TX 76801 | MUSGRAVE HOLDINGS LTD | 4/22/85 | BROOKSHIRE GROCERY COMPANY |
| 2431 | 205 N. COMMERCE ARDMORE, OK 73401 | TABANI ADMORE OK LLC | 3/14/97 | GLN OF ARDMORE, INC. |
| 2440 | 6479 CAMP BOWIE BLVD FORT WORTH, TX 76116 | US STEEL RETIREMENT PLAN | 6/29/72 | KROGER TEXAS LP |
| 2441 | 1320 NORTH 25TH STREET WACO, TX 76707 | SOUTHLAND WACO WD | 8/25/94 | FIESTA MART, INC. |
| 2442 | 1701 RANDOL MILL ROAD ARLINGTON, TX 76012 | FIELDER PLAZA SHOPPING CENTER | 12/27/72 | RANDALL'S FOOD & DRUG LP |
| 2444 | 708 E. PIPELINE RD Hurst, TX 76053 | UNITED COMMERCIAL MORTGAGE COR | 12/2/96 | KROGER TEXAS LP |
| 2448 | 500 HIGHWAY 199 EAST SPRINGTOWN, TX 76082 | JET REALTY LLC & LUCAS SPRINGTOWN JV | 7/8/96 | BROOKSHIRE GROCERY COMPANY |
| 2450 | 320 EAST MAIN CROWLEY, TX 76036 | CSFB 2000 FL1 CROWLEY LIMITED | 11/6/86 | BROOKSHIRE GROCERY COMPANY |
| 2451 | 2210 S. FIELDER RD ARLINGTON, TX 76013 | FIELDER-303 PARTNERS LTD | 5/17/95 | KROGER TEXAS LP |
| 2454 | 1301 SOUTH MORGAN GRANBURY, TX 76048 | J C PACE LTD | 3/31/99 | BROOKSHIRE GROCERY COMPANY |
| 2459 | 1300 EAST PIONEER PARKWAY ARLINGTON, TX 76014 | CW CAPITAL LLC | 8/25/94 | FIESTA MART, INC. |
| 2460 | 6513 MEADOWBROOK FORT WORTH, TX 76112 | ROYAL INDEMNITY COMPANY | 8/29/76 | WALMART REAL ESTATE BUSINESS TRUST |
| 2467 | 719 I-35 EAST SOUTH DENTON, TX 76205 | D S PARTNERS LP | 6/13/84 | BROOKSHIRE GROCERY COMPANY |

| Store No. | Store Address | Landlord | Lease Date | Assignee |
|---|---|---|---|---|
| 2470 | 3770 BELTLINE ROAD ADDISON, TX 75001 | THE COMMONS AT CLIFF CREEK LTD | 4/20/93 | KROGER TEXAS LP |
| 2477 | 219 SOUTH PALESTINE STREET ATHENS, TX 75751 | TRI-STATE-LAST KNOWN PARTY | 4/29/76 | BROOKSHIRE GROCERY COMPANY |
| 2478 | 194 GARRET MORRIS PARKWAY MINERAL WELLS, TX 76067 | CROSSING JOINT VENTURE | 6/14/85 | BROOKSHIRE GROCERY COMPANY |
| 2479 | 6805 NORTH MAIN THE COLONY, TX 75056 | PAUL & ELEANOR SADE TRUSTEES | 6/9/87 | KROGER TEXAS LP |
| 2481 | 6708 LAKE WORTH BLVD. LAKE WORTH, TX 76135 | UNITED COMMERCIAL MORTGAGE COR | 12/2/96 | BROOKSHIRE GROCERY COMPANY |
| 2482 | 6750 FOREST HILLS DRIVE FOREST HILL, TX 76140 | FOREST HILL-WD LTD | 10/29/96 | BROOKSHIRE GROCERY COMPANY |
| 2484 | 2334 BUCKINGHAM GARLAND, TX 75042 | ACRON USA FONDS SHILOH SQUARE | 12/5/96 | RANDALL'S FOOD & DRUG LP |
| 2488 | 3164 FIFTH STREET WICHITA FALLS, TX 76301 | SAFEWAY INC PROPERTY DEVELOPM | 11/1/82 | BROOKSHIRE GROCERY COMPANY |
| 2489 | 3801 JACKSBORO HIGHWAY WICHITA FALLS, TX 76302 | SAFEWAY INC PROP DEV ASSOC | 9/27/91 | BROOKSHIRE GROCERY COMPANY |
| 2493 | 1919 FAITHON LUCAS MESQUITE, TX 75181 | WILLIAM L HUNTLEY TRUST | 12/4/97 | KROGER TEXAS LP |
| 2515 | 1231 WASHINGTON DURANT, OK 74701 | TRENT INVESTMENTS INC | 7/24/79 | GLN OF DURANT |
| 2576 | 201 COLSTON DRIVE MARIETTA, OK 73448 | SITTON PROPERTIES L L C | 12/11/84 | GLN OF MARIETTA, INC. |
| 2598 | 9461 HIGHWAY 377 SOUTH BENBROOK, TX 76126 | RONALD D BACHRACH | 3/31/78 | BROOKSHIRE GROCERY COMPANY |

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER AUTHORIZING RETROACTIVE REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASES THAT WERE ASSIGNED PREPETITION

These cases came before the Court for hearing on July 13, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection, effective as of the Petition Date, of the leases listed on Exhibit A that were assigned prepetition (the "Assigned Leases") (the "Motion). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

---

[1]     All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

1

2.      The Debtors are authorized to reject the Assigned Leases pursuant to 11 U.S.C. § 365(a), and the Assigned Leases are deemed rejected effective as of the Petition Date.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Assigned Leases, whether or not related to the Assigned Leases.

4.      For any Landlord who has not already filed a proof of claim for rejection damages under the applicable Assigned Lease or Related Documents, claims for any rejection damages (a) resulting from the rejection of such Assigned Lease or (b) allegedly arising under the Related Documents, must be filed within 30 days after the date of entry of this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

644307-New York Server 1A - MSW

2