Hearing Date: July 13, 2006, 1:00 p.m.
Objection Deadline: July 6, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

### DEBTORS' MOTION FOR ORDER AUTHORIZING RETROACTIVE REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE THAT WAS ASSIGNED PREPETITION (STORE 1361)

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 365(a) authorizing the Debtors to reject, retroactively, a non-residential real property lease that was assigned prepetition (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1. On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested in the Motion is section 365(a) of the Bankruptcy Code.

### Relief Requested

6.      By this Motion, the Debtors seek entry of an order of the Court, pursuant to Section 365(a) of the Bankruptcy Code, (a) approving and authorizing the rejection of a non-residential real property lease dated as of November 11, 1970 between Winn-Dixie Louisiana, Inc., a predecessor in interest to Winn-Dixie Montgomery, Inc. ("Winn-Dixie") (as tenant) and James S. Henderson and Maybeline S. Henderson (as landlord)

(the "Landlord") (as amended, the "Assigned Lease"),[2] effective as of the date of this

Motion and (b) requiring the Landlord to file a claim for any rejection damages allegedly

arising under either (i) the Assigned Lease or (ii) any related documents, including the

assignment document itself, or any separate guarantee (collectively, the "Related

Documents").

### Basis for Relief

7.      The Assigned Lease relates to premises located in Greenwood, Mississippi

(the "Premises"), which Premises are referred to internally by the Debtors as Store

Number 1361.  Prior to the Petition Date, the Lease was assigned to WV, Inc. (the

"Assignee").  The document evidencing the Assignment (the "Assignment Agreement")

did not release Winn-Dixie from its obligations under the Assigned Lease in the event of

a default by the Assignee.

8.      On or about May 24, 2006, Landlord provided the Debtors with notice of

the Assignee's default and advised the Debtors that the Assignee had vacated the

Premises.  Landlord further alleged in that notice that Winn-Dixie remains liable to the

Landlord under the Assigned Lease.

9.      The Assigned Lease and Related Documents provide no tangible benefit to

the Debtors' estates or creditors.  By rejecting the Assigned Lease, the Debtors will ensure

(a) that any continuing obligations allegedly arising under the Assigned Lease or the

Related Documents will cease and be treated as prepetition obligations, and (b) that the

---

[2]    The Debtors reserve the right to challenge the executory or unexpired nature of the Assigned Lease.
The rejection sought pursuant to this Motion applies only to the Assigned Lease and does not apply to
any other agreement(s) that the Debtors may have with the Landlord that are not related to the Assigned
Lease.

Landlord will, to the extent it has not already done so, be obligated to assert any rejection damage claims they believe they have under the Assigned Lease or Related Documents, thus enabling the Debtors to address such claims through the claims reconciliation process.

## Applicable Authority

10.    Pursuant to Sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor" 11 U.S.C. § 365(a).  A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate.  In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998) (citations omitted); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989) (citation omitted); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988) (citation omitted).

11.    The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule.  See Byrd v. Gardinier, Inc., 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort & Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Cent. Fla. Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988).  The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent. Fla. Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989).  Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will

4

not disturb the decision to reject an executory contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa.), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287 (citation omitted);  see also BP Energy Co. v. Bethlehem Steel Corp.  (In re Bethlehem Steel Corp.) No. 02-Civ. 6419, 2002 WL 31548723, at * 3 (S.D.N.Y. Nov 15, 2002) (recognizing that it is within court's equitable power to assign a retroactive rejection date under section 365(a) of the Bankruptcy Code).

12.     The Debtors have satisfied the "business judgment" standard for rejecting the Assigned Lease in the present case.  The Assigned Lease is unnecessary to the Debtors' ongoing operations and is of no value for the Debtors' estates and creditors. Accordingly, the Debtors' determination that the Assigned Lease should be rejected reflects their exercise of sound business judgment.

### Rejection Damages Deadline

13.     To the extent that the Landlord has not already filed a proof of claim asserting rejection damages arising under the Assigned Lease or the Related Documents, the Debtors request that the Court order that the deadline for filing a proof of claim for rejection damages allegedly arising under the Assigned Lease or the Related Documents is 30 days after the date of entry of the order entered pursuant to this Motion.

### Notice

14.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, (d) the other parties in interest named on the Master

Service List maintained in these cases, (e) the Landlord, and (f) the Assignee. No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A, (a) authorizing and approving the rejection of the Assigned Lease effective as of the date of this Motion, and (b) requiring the Landlord, to the extent it has not already done so, to file any rejection damage claims allegedly arising under the Assigned Lease or Related Documents within 30 days of entry of the order entered pursuant to this Motion, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: June 23, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By    _s/ D. J. Baker_____
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        Adam S. Ravin
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for Debtors

SMITH HULSEY & BUSEY

By    _s/ Cynthia C. Jackson_____
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
        Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for Debtors

**<u>EXHIBIT A</u>**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ORDER AUTHORIZING RETROACTIVE REJECTION OF NON-RESIDENTIAL
REAL PROPERTY LEASE THAT WAS ASSIGNED PREPETITION (STORE 1361)

These cases came before the Court for hearing on July 13, 2006, upon the motion

of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order

under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection, effective as of the

Petition Date, of a non-residential real property lease that was assigned prepetition (the

"Assigned Lease") (the "Motion"). The Court has read the Motion and considered the

representations of counsel. Upon the representations of counsel and without objection from the

United States Trustee or any other interested party, the Court determines that good cause exists

to grant the relief requested by the Motion and granting the relief is in the best interest of these

estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.    The Motion is granted.

_____

[1]    All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the
Motion.

2.      The Debtors are authorized to reject the Assigned Lease pursuant to 11 U.S.C. § 365(a), and the Assigned Lease is deemed rejected effective as of June 23, 2006.

3.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Assigned Lease, whether or not related to the Assigned Lease.

4.      To the extent the Landlord has not already filed a proof of claim for rejection damages under the Assigned Lease or Related Documents, claims for any rejection damages (a) resulting from the rejection of such Assigned Lease or (b) allegedly arising under the Related Documents, must be filed within 30 days after the date of entry of this Order.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this _____ day of _____, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

656767-New York Server 1A - MSW

2