**Hearing Date: July 13, 2006, 1:00 p.m.**
**Objection Deadline: July 6, 2006, 4:00 p.m.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

### DEBTORS' MOTION FOR ORDER (I) AUTHORIZING REJECTION OF EXECUTORY CONTRACT WITH LIFETIME HOAN CORPORATION AND (II) APPROVING (A) SETOFF AND (B) RESOLUTION OF CLAIMS

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as

debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under

11 U.S.C. §§ 362, 365(a), 502 and 553 (i) authorizing the rejection of a prepetition supply

agreement with Lifetime Hoan Corporation, n/k/a Lifetime Brands, Inc., ("Lifetime Hoan"), and

(ii) approving (a) the setoff of Lifetime Hoan's and the Debtors' prepetition claims against each

other and (b) the resolution of Lifetime Hoan's associated claims (the "Motion").  In support of

the Motion, the Debtors respectfully represent as follows:

Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

U.S.C. §§ 101 1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.      The statutory predicates for the relief requested in the Motion are sections 362, 365(a), 502 and 553 of the Bankruptcy Code.

Relief Requested

6.      By this Motion, the Debtors seek an order of the Court, pursuant to sections 362, 365(a), 502 and 553 of the Bankruptcy Code, (a) approving and authorizing the rejection, effective as of July 14, 2006, of a supply agreement dated August 2, 2003, between Winn-Dixie Stores, Inc. and Lifetime Hoan (the "Prepetition Supply Agreement"), and (b) approving (i) Lifetime Hoan's setoff of its prepetition general unsecured claim against the Debtors' accrued prepetition credits, both of which arise from the Prepetition Supply Agreement,

2

and (ii) the resolution of Lifetime Hoan's claims, including the waiver of all claims for repayment for any amounts due as a result of failure to meet the sales requirement in the Prepetition Supply Agreement, other claims for damages arising from the rejection of the Prepetition Supply Agreement and all other claims (except for an agreed general unsecured claim and any unpaid postpetition invoices).

7.      The Debtors have for several years purchased kitchen tools and gadgets from Lifetime Hoan.  Although the Debtors desire to continue their relationship with Lifetime Hoan, the terms of the Prepetition Supply Agreement are no longer feasible, due, in part, to the reduction in the Debtors' store count.  In particular, the Prepetition Supply Agreement obligates the Debtors to purchase from Lifetime Hoan until the net purchase volume for all product categories reaches $15 million, with the term of the agreement continuing until that requirement is satisfied.  Thus, the reduced store count has operated to extend the term of the Prepetition Supply Agreement.

8.      Therefore, the Debtors have determined that it is in their best interests, as well as in the best interests of their estates and creditors, to reject the Prepetition Supply Agreement and to provide for a continuing relationship with Lifetime Hoan on more favorable terms under a new ordinary course supply agreement.  Lifetime Hoan has agreed to this approach, with the understanding that (a) the claim scheduled on its behalf will be disallowed and expunged in its entirety, (b) the filed proof of claim asserting a prepetition general unsecured claim will be setoff by prepetition credits accrued by the Debtors, resulting in an allowed general unsecured claim in the amount of $91,246.77, and (c) and all other claims (except for the agreed general unsecured claim and any unpaid postpetition invoices) it has or may have had against the Debtors, including claims for repayment for any amount due as a result of Debtors' failure to

3

meet sales requirements and other rejection damages will be waived.  Moreover, Lifetime Hoan

has agreed that the new supply agreement, which will take effect upon the rejection of the

Prepetition Supply Agreement, may be terminated by the Debtors without liability in the event

the Debtors' chapter 11 plan of reorganization is not confirmed or does not become effective.

9.      By rejecting the Prepetition Supply Agreement in favor of a new supply

agreement with Lifetime Hoan, the Debtors will avoid the burdensome obligation of the $15

million volume requirement as well as the risk of a significant rejection damages claim if that

requirement is not satisfied, and will be able to continue offering Lifetime Hoan's products to

their customers on terms that better reflect the current and future needs of their operating stores.

<u>Basis for Relief</u>

10.      <u>Rejection of Prepetition Supply Agreement</u>.  Pursuant to sections 365(a)

and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval,

may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. §

365(a).  A debtor-in-possession's right to reject executory contracts and unexpired leases is a

fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to

eliminate financial burdens to the estate.  <u>See</u> <u>In re Wells</u>, 227 B.R. 553, 564 (Bankr. M.D. Fla.

1998); <u>In re Hardie</u>, 100 B.R. 284, 285 (Bankr. E.D.N.C. 1989); <u>In re Gunter Hotel Assocs.</u>, 96

B.R. 696, 699 (Bankr. W.D. Tex. 1988).

11.      The decision to reject an executory contract or unexpired lease is primarily

administrative and should be given great deference by a court, subject only to review under the

"business judgment" rule.  <u>See</u> <u>Byrd v. Gardinier, Inc.</u>, 831 F.2d 974, 975 n.2 (11th Cir. 1987); <u>In</u>

<u>re Surfside Resort & Suites, Inc.</u>, 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); <u>In re Cent. Fla.</u>

<u>Fuels, Inc.</u>, 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988).  The business judgment rule requires the

debtor to establish that rejection of the agreement will likely benefit the estate.  See In re

Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Cent. Fla. Fuels, Inc., 89 B.R. at 245;

Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp., 872 F.2d 36, 39-40 (3d Cir. 1989).  Courts

universally regard the business judgment rule as a low standard to meet, and therefore, absent a

finding of bad faith, will not disturb the decision to reject an executory contract or unexpired

lease by substituting their own judgment for that of the debtor.  See In re Surfside Resort &

Suites, Inc., 325 B.R. at 469; In re III Enters., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994)

(citations omitted), aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D.

Pa. 1994); In re Hardie, 100 B.R. at 287.

　　　　12.　　The Debtors have satisfied the "business judgment" standard for rejecting

the Prepetition Supply Agreement.  The contract was burdensome and the Debtors are able to

continue to do business with Lifetime Hoan on more favorable terms.  Moreover, Lifetime Hoan

has waived any rejection damages claim resulting from the rejection of the Prepetition Supply

Agreement.  Accordingly, the Debtors' determination that the Prepetition Supply Agreement

should be rejected reflects their exercise of sound business judgment.

　　　　13.　　Setoff.  The Debtors' claims against Lifetime Hoan and Lifetime Hoan's

claims against the Debtors both arise out of the Prepetition Supply Agreement.  The parties have

agreed that Lifetime Hoan may setoff these claims against each other.  The right of a creditor to

setoff prepetition debts is provided for in section 553 of the Bankruptcy Code, subject to the

lifting of the automatic stay imposed by section 362(a)(7) of the Bankruptcy Code. 11 U.S.C. §

553.

　　　　14.　　Section 553 does not create a right of setoff.  First Union Nat'l Bank of Fla.

v. Abbey Fin. Corp., 193 B.R. 89, 97 (Bankr. D. Mass. 1996).  It merely preserves the rights

under state law. Id.; see Southeast Bank, N.A. v. Grant (In re Apex Int'l Mgmt. Servs., Inc.), 155

B.R. 591, 593 (Bankr. M.D. Fla. 1993), aff'd, No. 94-57-Civ-J-20, 1996 WL 172210 (M.D. Fla.

Jan. 18, 1996); In re Aquasport, Inc., 155 B.R. 245, 247-48 (Bankr. S.D. Fla. 1992).  Here, the

Prepetition Supply Agreement does not contain a provision that provides which law governs the

contract.  Lifetime Hoan is located in New York and Winn Dixie Stores, Inc. is headquartered in

Florida.  Both New York law and Florida law recognize a common law right of setoff.  See

Masterwear Corp. v. Bernard, 800 N.Y.S.2d 349, text available at No. 600766/97, 2004 WL

3092343, at *2 (Sup. Ct. N.Y. County June 22, 2004) ("New York has codified the common law

right to setoff ([N.Y.] Debtor and Creditor Law § 151)."); Andrews v. NCNB Nat'l Bank of Fla.,

33 B.R. 197, 199 (Bankr. S.D. Fla 1983).

              15.     Florida law, New York law and section 553(a) of the Bankruptcy Code all

require the existence of mutuality of obligations to authorize setoff of the Debtors' purchase of

Lifetime Hoan's products against Lifetime Hoan's obligation to pay the Debtors for accrued

credits earned under the Prepetition Supply Agreement.  See Wallace v. Merrill Lynch Capital

Servs., Inc., 814 N.Y.S.2d 566, text available at No. 602604/2005, 2005 WL 3487809, at *2 (Sup.

Ct. N.Y. County Dec. 14, 2005).  ("A debt owed to another can be set-off by an obligation to the

debtor only if both the debt and the obligation are mutual and due."), aff'd, 2006 WL 1319826

(1st Dep't May 16, 2006); Southeast Bank, N.A. v. Grant, 155 B.R. at 593 ("The only

requirement [of section 553] is that the debt and claim be mutual – that something is owed by

both sides.'" (citation omitted)); First Union  Nat'l Bank of Fla. v. Abbey Fin. Corp., 193 B.R. at

97 ("The law in Florida, as elsewhere, permits setoff where there exists mutuality of claims

between the parties.").  Mutuality also requires "'that the debts must be in the same right and

between the same parties standing in the same capacity.'"  Barnett Bank of Tampa v. Tower

Envtl., Inc., 217 B.R. 933, 940 (Bankr. M.D. Fla. 1997) (citation omitted).  See Southeast Bank, N.A. v. Grant, 155 B.R. at 593 ("Mutuality requires that 'each party must owe a debt . . . directly to the other side.'"(citation omitted)); In re Chatam, Inc., 239 B.R. 837, 840 (Bankr. S.D. Fla. 1999) ("One of the threshold requirements for setoff under Section 553 is that the relevant claim and debt exist between the same parties.").

      16.    The requirement of mutuality of obligations is satisfied because Lifetime Hoan's debt to the Debtors and Lifetime Hoan's claim against the Debtors both arise from the sales of Lifetime Hoan's tools and gadgets to the Debtors under the Prepetition Supply Agreement.  The same parties acting in the same capacities were involved in each transaction. The mutual obligations are valid and enforceable, and as such, the parties' agreement to setoff these claims is appropriate.

      17.    A setoff otherwise in compliance with state law and section 553(a) of the Bankruptcy Code may not be implemented without relief from the automatic stay imposed by section 362(a)(7) of the Bankruptcy Code.  11 U.S.C. § 362(a)(7).  Relief from the automatic stay may be granted for cause.  11 U.S.C. § 362(d).[2]  The Bankruptcy Code does not define "cause."  A bankruptcy court must determine whether sufficient cause exists to grant relief from the automatic stay on a case-by-case basis.  In re Paxson Elec. Co., 242 B.R. 67, 70 (Bankr. M.D. Fla. 1999).  In making that determination, the court examines the totality of the circumstances in

---

[2]    Section 362(d)(1) of the Bankruptcy Court states, in relevant part, that:

On request of a party in interest and after notice and hearing, the Court shall grant relief from the stay provided under section (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay:

(i) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. § 362(d)(1).

each particular case.  In re Aloisi, 261 B. R. 504, 508 (Bankr. M.D. Fla. 2001); see In re Paxson,

242 B.R. at 70 (balancing creditor's potential hardship if stay is not lifted against potential

prejudice to debtor and estate).  Here, there is no dispute as to whether the stay should be

modified.  The parties have agreed that their respective claims arising from the Prepetition

Supply Agreement should be setoff against each other.  Thus, the automatic stay should be

modified to allow Lifetime Hoan to setoff its mutual prepetition obligations.

18.    Claims Resolution.  Winn-Dixie Procurement, Inc. scheduled a claim on

behalf of Lifetime Hoan in the amount of $91,246.77 (the "Scheduled Claim").  Lifetime Hoan

filed proof of claim no. 6177 (the "Proof of Claim") against Winn-Dixie Stores, Inc. in the

amount of $135,649.70.  The parties have agreed that (a) the Scheduled Claim will be disallowed

and expunged in its entirety, and (b) the Proof of Claim will be setoff against the Debtors'

accrued prepetition credits in the amount of $44,402.93 with the result that the Proof of Claim

will be reduced and allowed as a general unsecured claim in the amount of $91,246.77.  In

addition, Lifetime Hoan will waive any claim for rejection damages and all other claims against

the Debtors (except for the agreed general unsecured claim and any unpaid postpetition invoices).

Notice

19.    Notice of the Motion has been provided to (a) counsel to the Office of the

United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for

the Creditors' Committee, (d) the other parties in interest named on the Master Service List

maintained in these cases, and (e) Lifetime Hoan.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that

the Court (i) enter an order substantially in the form attached as Exhibit A (a) approving and

authorizing the Debtors to reject the Prepetition Supply Agreement as of July 14, 2006, (b)

approving the setoff, and (c) approving the disposition of claims, and (ii) granting such other and

further relief as the Court deems just and proper.

Dated: June 23, 2006

SKADDEN, ARPS, SLATE, MEAGHER            SMITH HULSEY & BUSEY
& FLOM LLP

By    /s/ D.J. Baker                                                                                                                                                                                                                          By    /s/ Cynthia C. Jackson          
        D. J. Baker                                  Stephen D. Busey
        Sally McDonald Henry                     James H. Post
        Rosalie Walker Gray                       Cynthia C. Jackson
        Steven B. Eichel                          Florida Bar Number 498882
Four Times Square                              225 Water Street, Suite 1800
New York, New York 10036                  Jacksonville, Florida  32202
(212) 735-3000                                   (904) 359-7700
(212) 735-2000 (facsimile)                (904) 359-7708 (facsimile)
djbaker@skadden.com                       cjackson@smithhulsey.com

Co-Attorneys for Debtors                  Co-Attorneys for Debtors

EXHIBIT A

ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT
WITH LIFETIME HOAN CORPORATION AND APPROVING SETOFF
AND RESOLUTION OF CLAIMS

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT**
**WITH LIFETIME HOAN CORPORATION AND APPROVING**
<u>**SETOFF AND RESOLUTION OF CLAIMS**</u>

These cases came before the Court for hearing on July 13, 2006, upon the motion

of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-

in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order

under 11 U.S.C. §§ 362, 365(a), 502 and 553 (i) authorizing the rejection of a prepetition supply

agreement dated August 2, 2003 with Lifetime Hoan Corporation (the "Prepetition Supply

Agreement"), effective as of July 14, 2006, and (ii) approving (a) the setoff of mutual obligations

and (b) the resolution of associated claims (the "Motion").  The Court has read the Motion and

considered the representations of counsel.  Upon the representations of counsel and without

objection from the United States Trustee or any other interested party, the Court determines that

good cause exists to grant the relief requested by the Motion and granting the relief is in the best

interest of these estates and creditors.  Accordingly, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      The Debtors are authorized to reject the Prepetition Supply Agreement

pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreement is rejected, effective as of

July 14, 2006.

3.      Proof of claim no. 6177 (the "Proof of Claim") filed in the amount of $135,649.70 shall be setoff against the Debtors' accrued prepetition credits in the amount of $44,402.93, which setoff is approved under 11 U.S.C. §§ 362 and 553, with the result that the Proof of Claim shall be reduced and allowed in the amount of $91,246.77.

4.      The claim scheduled by Winn-Dixie Procurement, Inc. on behalf of Lifetime Hoan Corporation in the amount of $91,246.77 shall be disallowed and expunged in its entirety.

5.      Lifetime Hoan Corporation shall have no rejection damages claim against the Debtors resulting from the rejection of the Prepetition Supply Agreement.  All other claims that Lifetime Hoan Corporation has or may have had against the Debtors (except for the agreed general unsecured claim in the amount of $91.246.77 and any unpaid postpetition invoices) are waived.

6.      Nothing in this Order constitutes a waiver of any claims the Debtors may have against Lifetime Hoan Corporation, whether or not related to the Prepetition Supply Agreement.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.      The Court will retain jurisdiction to hear and determine all matters arising

from the implementation of this Order.

Dated this _____ day of July, 2006, in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

588320.02-New York Server 6A - MSW