B210
12/04

# United States Bankruptcy Court
## Middle District of Florida

In re: WINN-DIXIE STORES, INC.    Case No. 05-03817

Court ID (Court use only)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY


FILED
JACKSONVILLE

'6 JUN 27 A 10: 0

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111 (a), in the amount of $62,145.89. Transferee hereby gives notice pursuant to Rule 3001 (e)(2), Fed.R.Bankr.P., of the transfer, other than for security, of the claim referenced in this notice.

Name of Transferee:
SPCP Group, LLC

Name of Transferor:
Mello Smello, LLC

Name and Address where notices to transferee should be sent:

Court Record Address of Transferor
(Court Use Only)

Attn: Brian Jarmain
SPCP Group, LLC
2 Greenwich Plaza
Greenwich, CT 06830

Phone: 203-542-4032
Last Four Digits of Acct #:_____

Last Four Digits of Acct #:_____

Name and Address where transferee payments should be sent (if different from above)

Name and Current Address of Transferor:
Attn: Bob Meyer
Mello Smello
3440 Winnetka Ave, No.
Minneapolis, MN 55427
Phone: 763.504.5425
Last Four Digits of Acct #:_____

Phone:_____
Last Four Digits of Acct #:_____

Court Claim # (if known): 2937
Date Claim Filed: 5/13/2005

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/ Brian Jarmain_____    Date:__June 26, 2006_____s
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18U.S.C. §§ 152 & 371.

~DEADLINE TO OBJECT TO TRANSFER~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date_____    _____
                                 CLERK OF THE COURT

**EXHIBIT A TO**
**ASSIGNMENT OF CLAIM**

**EVIDENCE OF TRANSFER OF CLAIM**

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received the adequacy and sufficiency of which are hereby acknowledged, MELLO SMELLO, LLC ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to SPCP GROUP, L.L.C., as agent for Silver Point Capital Fund, L.P. and Silver Point Capital Offshore Fund, Ltd., ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, claims listed on Debtor's Schedule F in the aggregate amount of $62,145.89(the "Assigned Claim"), against Winn-Dixie Stores, Inc, ("Debtor"), the debtor-in-possession in Case No. 05-03817 (the "Case") under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et. seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim, particularly Proof of Claim No. 2937.

Assignor hereby waives any objection to the transfer of the Assigned Claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the Assigned Claim. Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Assigned Claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this Evidence of Transfer of Claim is executed on May __, 2006.

MELLO SMELLO, LLC

By:_____
Name: Joe Morris
Title: President

9

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim

Debtor Name **Winn Dixie Stores Inc**    Case No **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name and Address of Creditor (The person or other entity to whom the debtor owes money or property)

```
WDX-256041-B2-12            20244336
MELLO SMELLO
THE MINER GROUP
PO BOX 581279
MINNEAPOLIS, MN 55458-1279
```

Telephone No of Creditor: **763.504.5425**
Fax No of Creditor: **763.504.5483**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

DEBTOR WINN - DIXIE STORES, INC
U S BANKRUPTCY COURT M D - FLORID
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 2937**

Name and address of signatory or other person to whom notices must be served, if different from above (Check box if) ☒ replaces address above ☐ additional address

Name **Bob Meyer**
Company/Firm **Mello Smello**
Address **3440 Winnetka Ave No.**
**Minneapolis, MN. 55427**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

Account or Other Number by Which Creditor Identifies Debtor

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

**Basis for Claim**
☒ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☐ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN _____
Unpaid compensation for services performed from _____ to _____

Date debt was incurred **7/23/04 – 12/09/04**

3 If claim is based on a Court Judgment, date obtained:

Total Amount of Claim at Time Case Filed: $ **122,135.57** (unsecured)    $ **0** (secured)    $ **0** (priority)    $ **122,135.57** (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

5 Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff)

Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

Value of Collateral $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

6 Unsecured Nonpriority Claim $ **122,135.57**
☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a) (3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a) (4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a) (6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a) (7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a) (8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a) ( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8 Credits. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9 Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10 Date-Stamped Copy To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

Date **5/9/2005**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice
Print **Bob Meyer**    Title **Sr. Acctg Mgr. /Credit Mgr.**
Signature **Bob Meyer**

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571

This Space Is For Court Use Only
**RECEIVED**
**LOGAN & COMPANY, INC**
**AS AGENT**

**MAY 13 2005**

U.S. BANKRUPTCY COURT
MIDDLE DISTRICT
OF FLORIDA

WINN-DIXIE STORES, INC., ET AL
EIGHTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A - CLAIMS TO BE REDUCED

| Name of Claimant | Claim No. | Claim Amount | Reduced Amount | Reason for Reduction |
|---|---|---|---|---|
| **Creditor Id: 255577**<br>MARLIN<br>ATTN JACKIE WILSON, CREDIT MGR<br>PO BOX 140795<br>ORLANDO FL 32814-0795 | 5443<br>Debtor: WINN-DIXIE STORES, INC. | $985.66 | $443.04 | REDUCED AMOUNT REFLECTS REMOVAL OF $542.62 FOR POSTPETITION INVOICES. |
| **Creditor Id: 255745**<br>MASTER LOCK COMPANY<br>ATTN PATTY COOK<br>137 W FOREST HILL AVENUE<br>OAK CREEK WI 53154 | 4445<br>Debtor: WINN-DIXIE STORES, INC. | $162,974.52 | $102,007.04 | REDUCED AMOUNT REFLECTS REMOVAL OF $60,967.48 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| **Creditor Id: 407603**<br>MCCLELLAN TRUCK LINES<br>ATTN NICK MCCLELLAN, PRESIDENT<br>PO BOX 1327<br>TIFTON GA 31783 | 4561<br>Debtor: WINN-DIXIE STORES, INC. | $55,368.62 | $54,249.67 | REDUCED AMOUNT REFLECTS REMOVAL OF $440.85 FOR INVOICE NUMBER 226938 DATED 5/10/04 AS THERE IS NO PROOF OF DELIVERY AND $678.10 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| **Creditor Id: 405167**<br>MELITTA USA INC<br>ATTN JEFF COOKE, CR MGR<br>13925 58TH STREET NORTH<br>CLEARWATER FL 33760<br>Transferee: AMROC INVESTMENTS LLC | 2183<br>Debtor: WINN-DIXIE STORES, INC. | $113,492.88 | $71,369.68 | REDUCED AMOUNT REFLECTS ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $40,852.38 AND $1,450.82, RESPECTIVELY. |
| **Creditor Id: 256041**<br>MELLO SMELLO, LLC<br>ATTN BOB MEYER<br>3440 WINNETKA AVE NO<br>MINNEAPOLIS, MN 55427 | 2937<br>Debtor: WINN-DIXIE STORES, INC. | $122,135.57 | $62,145.89 | REDUCED AMOUNT REFLECTS ACCOUNTS RECEIVABLE BALANCE OF $59,989.68. |
| **Creditor Id: 405169**<br>MENTHOLATUM CO, INC<br>ATTN S ALAIMO/J INGHAM<br>707 STERLING DRIVE<br>ORCHARD PARK NY 14127-1587 | 5614<br>Debtor: WINN-DIXIE STORES, INC. | $61,729.68 | $39,415.17 | REDUCED AMOUNT REFLECTS ACCOUNTS RECEIVABLE BALANCE OF $12,468.44, NET CONSUMPTION WAIVER OF $298.33, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $9,546.74. |
| **Creditor Id: 407616**<br>MENU FOODS, INC<br>9130 GRIFFITH MORGAN LANE<br>PENNSAUKEN NJ 08110 | 4852<br>Debtor: WINN-DIXIE STORES, INC. | $71,832.64 | $718.33 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $2,154.98 AND RECLAMATION PAYMENTS IN PROCESS TOTALING $68,959.33. |