**Hearing Date:  July 27, 2006 at 1:00 p.m.**
**Response Deadline:  July 17, 2006 at 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors. [1] | ) | Jointly Administered |
|  | ) |  |

## DEBTORS' OMNIBUS OBJECTION TO
## (A) RECLAMATION CLAIMS AND (B) UNSECURED NON-PRIORITY
## CLAIMS HELD BY RECLAMATION CLAIMANTS AND NOTICE OF HEARING

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), object under 11 U.S.C. §§ 502 and 546 and Fed. R. Bankr. P. 3007 and 9014 (the "Objection") to the claims listed on the attached Exhibits A through C (the "Disputed Claims") and, for the reasons set forth below, seek entry of an order (the "Proposed Order") reducing or disallowing the Disputed Claims.  In support of this Objection, the Debtors respectfully represent as follows:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**BACKGROUND**

A.    The Chapter 11 Filings

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding under 28 U.S.C. § 157(b) (2).

5.    The statutory predicates for the relief requested are sections 502 and 546 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.      The Prior Resolution of Reclamation Claims and Issues

6.      In the ordinary course of the Debtors' business, the Debtors purchase materials, supplies, goods, products and other related items (collectively, the "Goods") from various vendors for use and sale in their stores.   On or before March 14, 2005 (the "Reclamation Demand Deadline"), approximately 480 vendors served a written demand upon the Debtors seeking to reclaim their Goods.  The twelve vendors which are the subject of this Objection were among those 480 vendors which served their respective reclamation demands prior to the Reclamation Demand Deadline.

7.      On April 4, 2005, the United States Bankruptcy Court for the Southern District of New York entered the Final Order (A) Establishing Procedures for Treatment of Reclamation Claims, and (B) Prohibiting Third Parties from Interfering with Delivery of Goods (the "Final Reclamation Order").

8.      Under the Final Reclamation Order, the Debtors served upon each of the reclamation vendors a copy of the Final Reclamation Order and a statement of reclamation (the "Statement of Reclamation"), which set forth (a) the Debtors' basis upon which they believed an underlying reclamation claim was not valid, (b) the amount that the Debtors considered valid (the "Reconciled Reclamation Claim") and (c) the Debtors' defenses to each vendor's reclamation claim.

9.      Vendors who agreed or disagreed with the Reconciled Reclamation Claim were to indicate their assent or dissent, as applicable, on their Statement of Reclamation and return it to the Debtors by September 13, 2005 (the "Reconciliation Deadline").[2]

_____

[2]      For a few vendors, the deadline to return their Statement of Reclamation was after September 13, 2005.  These vendors are not subject to this Objection.

10.     By order dated August 5, 2005, this Court approved the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program (the "Reclamation/Trade Lien Program"), which established, among other things, procedures for the calculation and treatment of the trade vendors' reclamation claims for those trade vendors that participate in the Reclamation/Trade Lien Program.

11.     By the end of September, 2005, over 200 reclamation claims remained unresolved.  As a result, on September 30, 2005, the Debtors filed a motion for determination of unresolved reclamation claims (the "Reclamation Determination Motion"), which sought to reduce the outstanding reclamation issues and, in the process, classified the unresolved reclamation claims into three categories.

12.     The first category sets forth the vendors that either (i) assented to their Statement of Reclamation or (ii) subsequently resolved the amount of their gross reclamation claim (collectively, the "Assenting Vendors"), without necessarily reaching an agreement with the Debtors with respect to consumption, prepetition accounts payable credits and prepetition accounts receivable balance.  The second category sets forth the vendors that either chose not to (i) return their Statement of Reclamation or (ii) indicate their assent or dissent to their Statement of Reclamation (the "Non-Responsive Vendors").  The third category sets forth the vendors that disagreed with their respective Statement of Reclamation (the "Dissenting Vendors").

13.     By order dated November 4, 2005 (the "Reclamation Determination Order"), this Court granted the Reclamation Determination Motion, which provided, among other things, that:

- the Assenting Vendors' agreed gross reclamation amounts were deemed to be established material facts and law of these proceedings; and

- the Non-Responsive Vendors' agreed gross reclamation amounts, the prepetition accounts payable credits and the prepetition account receivable amounts were deemed to be established material facts and law of these proceedings.[3]

14.    As a result of the efforts of the Debtors and their advisors, this Objection seeks to resolve the remaining 12 reclamation claims.[4]  In addition, to expedite the claims resolution process, the Debtors are also seeking to resolve these vendors' respective unsecured non-priority claims, as more particularly described below.

## RELIEF REQUESTED

15.    By this Objection, the Debtors object to the Disputed Claims and, for the reasons described below, seek entry of the Proposed Order, pursuant to sections 502 and 546 of the Bankruptcy Code and Bankruptcy Rules 3007 and 9014, reducing or disallowing the Disputed Claims.

16.    Under the Reclamation Determination Order, all unresolved reclamation issues are to be adjudicated by this Court pursuant to an evidentiary hearing to be scheduled by the Debtors and the reclamation vendor.  The Debtors' advisors have made several attempts to contact the reclamation vendors that are subject to this Objection. Notwithstanding these attempts, the 12 remaining vendors either have not responded to the Debtors' efforts to resolve their reclamation claim or have not yet agreed to resolve their

---

[3]    See Reclamation Determination Order at ¶¶ 2, 3.

[4]    There are several other outstanding reclamation claims, which are, or have been, the subject of different omnibus objections to claims.

reclamation claim.  Given the lack of response from these vendors, the Debtors seek to resolve the outstanding reclamation claims.  If a reclamation vendor files a Response (as defined in paragraph 35 below), the Debtors request that the hearing on this Objection be treated as a status conference to schedule a date for an evidentiary hearing with respect to that vendor.  If a vendor fails to file a Response, the Debtors will seek the relief requested in the Objection.

## **BASIS FOR RELIEF**

A.    Objection to Assenting Vendors' Claims

17.    Reclamation Claims.  The Debtors have identified five unresolved Assenting Vendor claims, which are listed on Exhibit A.  This Court previously determined the Assenting Vendors' gross reclamation claim.[5]  The Debtors now seek to determine the Assenting Vendors' allowed reclamation claim by reducing the adjudicated gross reclamation claim (line 3 of Exhibit A) by the goods consumed prior to the Assenting Vendor's reclamation demand letter (line 6), account payable credits (line 7), account receivable balance (line 8), and other deductions (line 9) relating to the reclamation claim based on the Debtors' Books and Records.[6]  If it is determined that an Assenting Vendor owes money to the Debtors, the Debtors seek to disallow that reclamation claim in its entirety.[7]  Therefore,

---

[5]    See Reclamation Determination Order at ¶ 2.

[6]    The Debtors used a 4% consumption rate for each vendor because that rate was used for the non-floral vendors in the Reclamation Trade/Lien Program and for substantially all of the vendors that did not participate in the program.

[7]    If it is determined that after applying the appropriate credits, account receivable balances, and deductions that a particular vendor owes money to the Debtors, the Debtors reserve the right to commence an adversary proceeding against that vendor to recover monies owed.

the Assenting Vendors' reclamation claims should be reduced and/or disallowed as specified on Exhibit A.

18.    The Debtors (a) object to the Assenting Vendors' reclamation claims listed on Exhibit A and (b) seek entry of the Proposed Order reducing or disallowing the Assenting Vendors' reclamation claims, as appropriate.    The Assenting Vendors may elect, by not timely responding to this Objection, to permit the reclamation claims listed on Exhibit A to be reduced or disallowed, as applicable.    In the absence of a Response (as defined in paragraph 35 below), the Debtors will present to the Court the Proposed Order reducing and/or disallowing the Assenting Vendors' reclamation claims.

19.    <u>Overstated Unsecured Non-Priority Claims</u>.  The Debtors also seek to resolve the Assenting Vendors' unsecured non-priority claims set forth on Exhibit A.  These claims were filed in amounts that are greater than the liabilities owed to such claimants as reflected in the Books and Records.

20.    These claims are overstated because (a) they do not reflect account payable credits due to the Debtors, account receivable balances due to the Debtors and other deductions, and (b) except for the claim of Schick Wilkinson Sword, the proofs of claim contain a reclamation component.  The Debtors seek to reduce the overstated unsecured non-priority claims by (x) deducting each vendor's reclamation claim (to the extent applicable) from the filed proof of claim and treating it as an independent claim and (y) including the omitted credits, account receivable balances, and deductions in calculating the claim.  Under the category "Unsecured Non-Priority," line 5 (of Exhibit A) represents the unsecured non-priority portion of the filed proof of the claim.  To determine the Assenting Vendors' non-priority unsecured claim, the goods consumed previously deducted in the calculation of the

reclamation claim are added back to the unsecured non-priority claim (line 6), and the account payable credits (line 7), the account receivable balances (line 8), and other deductions (line 9) are deducted.  Based on the Debtors' Books and Records, the unsecured non-priority portion of the Assenting Vendors' claims should be reduced or disallowed as specified on Exhibit A.  Moreover, each Assenting Vendor's scheduled claim set forth on Exhibit A should be disallowed because it is superseded by the vendor's filed proof of claim.

21.    The Debtors (a) object to the Assenting Vendors' unsecured non-priority claims and the superseded scheduled claims listed on Exhibit A and (b) seek entry of the Proposed Order (i) reducing and/or disallowing the Assenting Vendors' unsecured non-priority claims, as appropriate, and (ii) disallowing the scheduled claims that were superseded by the filed claims.  The Assenting Vendors may elect, by not timely responding to this Objection, to permit the claims listed on Exhibit A to be reduced or disallowed, as appropriate.  In the absence of a Response (as defined in paragraph 35 below), the Debtors will present to the Court the Proposed Order reducing or disallowing the Assenting Vendors' unsecured non-priority claims.

B.    <u>Objection to Non-Responsive Vendors' Claims</u>

22.    <u>Reclamation Claims.</u>    The Debtors have identified four unresolved Non-Responsive Vendor claims, which are listed on Exhibit B.  This Court previously determined the Non-Responsive Vendors' gross reclamation claim, the prepetition accounts payable credits and the prepetition account receivable amounts (lines 3 through 5 of Exhibit B).[8] Based on that determination, the Court concluded that the Debtors established the allowed reclamation claim for these vendors, subject to a determination of the goods consumed prior

---

[8]    See Reclamation Determination Order at ¶ 3.

to the Assenting Vendor's reclamation demand letter (line 6).[9]  The Debtors seek to reduce

the gross reclamation amount by the goods consumed prior to the vendor's reclamation

demand letter (line 8).[10]  Therefore, the Non-Responsive Vendors' reclamation claims should

be reduced as specified on Exhibit B.

23.     The Debtors (a) object to the Non-Responsive Vendors' reclamation claims

listed on Exhibit B and (b) seek entry of the Proposed Order reducing the Non-Responsive

Vendors' reclamation claims.   The Non-Responsive Vendors may elect, by not timely

responding to this Objection, to permit the reclamation claims listed on Exhibit B to be

reduced.  In the absence of a Response (as defined in paragraph 35 below), the Debtors will

present to the Court the Proposed Order reducing the Non-Responsive Vendors' reclamation

claims.

24.     <u>Overstated Unsecured Non-Priority Claims</u>.  The Debtors also seek to resolve

the Non-Responsive Vendors' unsecured non-priority claims set forth on Exhibit B.  These

claims were filed in amounts that are greater than the liabilities owed such claimants as

reflected in the Books and Records.

25.     These claims are overstated because (a) they do not reflect account payable

credits due to the Debtors, account receivable balances due to the Debtors and other

deductions, and (b) except for GFA Brands, Inc. and Pro's Choice Beauty Care, Inc., the

proofs of claim contain a reclamation component.  The Debtors seek to reduce the overstated

unsecured non-priority claims by (x) deducting each vendor's reclamation claim (to the

---

[9]        See Reclamation Determination Order at ¶ 3.

[10]        The Debtors used a 4% consumption rate for each vendor because that rate was used for the non-floral
vendors in the Reclamation Trade/Lien Program and for substantially all of the vendors that did not participate
in the program.

extent applicable) from the filed proof of claim and treating it as an independent claim, and (y) including the omitted credits, account receivable balances, and deductions in calculating the claim.  Under the category "Unsecured Non-Priority," line 7 (of Exhibit B) represents the unsecured non-priority portion of the proof of the claim.  To determine the Non-Responsive Vendors' unsecured non-priority claim, the goods consumed previously deducted in the calculation of the reclamation claim are added back to the non-priority unsecured claim (line 8), and the account payable credits (line 9), the account receivable balances (line 10), and other deductions (line 11) are deducted.  Based on the Debtors' Books and Records, the unsecured non-priority portion of the Non-Responsive Vendors' claims should be reduced as specified on Exhibit B.  Moreover, the Non-Responsive Vendors' scheduled claims or proofs of claim on Exhibit B should be disallowed as duplicative of, or superceded by, the vendor's filed proof of claim.

26.    The Debtors (a) object to the Non-Responsive Vendors' unsecured non-priority claims and the superseded and duplicative claims listed on Exhibit B and (b) seek entry of the Proposed Order (i) reducing the Non-Responsive Vendors' unsecured non-priority claims, and (ii) disallowing the superseded and duplicative claims.  The Non-Responsive Vendors may elect, by not timely responding to this Objection, to permit the claims listed on Exhibit B to be reduced or disallowed, as applicable.  In the absence of a Response (as defined in paragraph 35 below), the Debtors will present to the Court the Proposed Order reducing and/or disallowing the Non-Responsive Vendors' unsecured non-priority claims.

B.    Objection to Dissenting Vendors' Claims

27.    Reclamation Claims.  The Debtors have identified three unresolved Dissenting Vendors' claims, which are listed on Exhibit C.  The Debtors seek to determine the allowed amount of each vendor's reclamation claims.  Since there was no prior adjudication fixing these reclamation claims, the Court must determine the gross amount of the vendors' reclamation claim and then deduct the goods consumed prior to the vendor's demand letter (line 5 of Exhibit C), the account payable credits (line 6), the account receivable balances (line 6), and other deductions (line 8) relating to the reclamation claim.  Based on the Debtors' Books and Records, the Dissenting Vendors' reclamation claims should be reduced as reflected by the deductions set forth on Exhibit C.[11]

28.    The Debtors (a) object to the Dissenting Vendors' reclamation claims listed on Exhibit C and (b) seek entry of the Proposed Order reducing the Dissenting Vendors' reclamation claims.  The Dissenting Vendors may elect, by not timely responding to this Objection, to permit the reclamation claims listed on Exhibit C to be reduced.  In the absence of a Response (as defined in paragraph 35 below), the Debtors will present to the Court the Proposed Order reducing the Dissenting Vendors' reclamation claims.

29.    Overstated Unsecured Non-Priority Claims.  The Debtors also seek to resolve the Dissenting Vendors' unsecured non-priority claims set forth on Exhibit C.  These claims were filed in amounts that are greater than the liabilities owed to such claimants as reflected in the Books and Records.

---

[11]    The Debtors used a 4% consumption rate for each vendor because that rate was used for the non-floral vendors in the Reclamation Trade/Lien Program and for substantially all of the vendors that did not participate in the program.

30.     These claims are overstated because (a) they do not reflect account payable credits due to the Debtors, account receivable balances due to the Debtors and other deductions, and (b) the proofs of claim contain a reclamation component.  The Debtors seek to reduce the overstated unsecured non-priority claims by (x) deducting each vendor's reclamation claim from the filed proof of claim and treating it as an independent claim, and (y) including the omitted credits, account receivable balances, and deductions in calculating the claim.  Under the category "Unsecured Non-Priority," line 4 (of Exhibit C) represents the unsecured non-priority part of the proof of the claim.  To determine the Dissenting Vendors' unsecured non-priority claim, the goods consumed previously deducted in the calculation of the reclamation claim are added back to the unsecured non-priority claim (line 5), and the account payable credits (line 6), the account receivable balance (line 7), and other deductions (line 8) are deducted.  Based on the Debtors' Books and Records, the unsecured non-priority portion of the Dissenting Vendors' claims should be reduced as specified on Exhibit C.  Moreover, the Dissenting Vendors' scheduled claims and proofs of claims on Exhibit C should be disallowed as duplicative of, or superceded by, the vendor's filed proofs of claim.

31.     The Debtors (a) object to the Dissenting Vendors' unsecured non-priority claims and the superseded and duplicative claims listed on Exhibit C and (b) seek entry of the Proposed Order (i) reducing the Dissenting Vendors' unsecured non-priority claims, and (ii) disallowing the superseded and duplicative claims.  The Dissenting Vendors may elect, by not timely responding to this Objection, to permit the claims listed on Exhibit C to be reduced and/or disallowed, as applicable.  In the absence of a Response (as defined in paragraph 35 below), the Debtors will present to the Court the Proposed Order reducing and/or disallowing the Dissenting Vendors' unsecured non-priority claims.

## SEPARATE CONTESTED MATTERS

32.     Each of the Disputed Claims and the Debtors' objections asserted below constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.   The Debtors request that any order entered by the Court with respect to an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESERVATION OF RIGHTS

33.     The Debtors expressly reserve the right to amend, modify, or supplement these objections and to file additional objections to the Disputed Claims or any other claims (filed or not) which may be asserted against the Debtors.   In particular, the Disputed Claims may be subject to further objection on the ground that they were filed against the incorrect Debtor.   Subject to the resolution of substantive consolidation issues, the Debtors reserve the right to seek to modify the Debtor against which each of the Disputed Claims has been filed to reflect that each Disputed Claim is filed against the Debtor believed to be liable for the amounts asserted in the Disputed Claims.

34.     The Debtors reserve their rights with respect to potential preference and avoidance actions under chapter 5 of the Bankruptcy Code (the "Avoidance Actions") against any claimant, and this Objection does not constitute a waiver of the Debtors' right to pursue such Avoidance Actions.

## RESPONSES TO THE OBJECTION AND NOTICE OF HEARING

A.     Filing and Service of Responses

35.     To contest an Objection a claimant must file a written response to the Objection (a "Response") with the United States Bankruptcy Court for the Middle District of Florida (the "Court"), via the Court's electronic filing procedures (electronic filing is

mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202 no later than **July 17, 2006, at 4:00 p.m. (Eastern time)** (the "Response Deadline").  In addition, a copy of the Response must be served on the following party on or before the Response Deadline:

Counsel for the Debtors:

James H. Post, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

B.    Timely Response Required; Hearing; Replies

36.    If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the hearing on the Objection noticed for **July 27, 2006, at 1:00 p.m. (Eastern Time),** or such other date and time as parties filing responses may be notified, will be treated as a status conference to schedule a date for an evidentiary hearing.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.  The Debtors reserve the right to seek to adjourn a hearing with respect to a specific objection and any Response to such objection.

37.    If a claimant whose claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order reducing and/or disallowing, as appropriate, the claims without further notice to the claimant.

## <u>NOTICE</u>

38.     Notice of the Objection has been provided to (a) United States Trustee, (b) counsel for the Debtors' postpetition secured lender, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Official Service List maintained in these cases, and (e) the claimants listed on Exhibits A through C.   The Debtors submit that no other or further notice need be given.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Objection, (ii) enter the Proposed Order attached as Exhibit D (a) reducing or disallowing the Assenting Vendors' claims, (b) reducing the Non-Responsive Vendors' claims, (c) reducing the Dissenting Vendors' claims, (d) disallowing the scheduled and filed claims that are superseded by, or duplicative of, the claims set forth in Exhibit A through C, and  (iii) grant such other and further relief as is just and proper.

Dated: June 27, 2006

SMITH HULSEY & BUSEY


By    *s/ James H. Post*
         Stephen D. Busey
         James H. Post
         David L. Gay

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Attorneys for Debtors

## **Declaration**

I, David M. Young, Division Support Manager, Winn-Dixie Stores, Inc., declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts stated in the foregoing Debtors' Omnibus Objection to (A) Reclamation Claims and (B) Unsecured Non-Priority Claims Held by Reclamation Claimants and Notice of Hearing are true and correct to the best of my knowledge, information and belief.

David M. Young
Division Support Manager
Winn-Dixie Stores, Inc.

535734

16

**EXHIBIT A**

**Del Laboratories, Inc - Claim Number 5642**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit A**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 5642) | | | $189,479.00 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $6,758.64 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 5,810.40 | | | |
| 4 | Allowed Gross Reclamation Claim Subject to Consumption, Credits, and Balance | 5,810.40 | | (5,810.40) | |
| 5 | Unsecured Non-Priority Portion of Filed Claim | | | 183,668.60 | (b) |
| 6 | Consumption | (232.42) | (c) | 232.42 | |
| 7 | AP Credits | 0.00 | | (21,879.68) | (d) |
| 8 | AR Balance | (97,756.04) | (e) | (148,234.10) | (e) |
| 9 | Other Deductions | 0.00 | | (13,787.24) | (f) |
| 10 | Reduced Claim Amount | ($92,178.06) | (g) | $0.00 | (h) |

| | |
|---|---|
| Administrative | ($92,178.06) |
| Unsecured Non-Priority | $0.00 |
| Total Amount Allowed | ($92,178.06) |

Footnotes:
(a) Filed proof of claim #5642 includes the reclamation claim and the unsecured non-priority claim
(b) Filed claim reduced by adjudicated gross reclamation claim.
(c) 4% consumption rate applied.
(d) AP Credits include shortage deductions, bill backs, and pricing deductions.
(e) AR Balance includes coupon billings, reclaimed goods, debit memos, and scan downs.
(f) Other deductions include chargebacks disallowed.
(g) After deducting goods consumed and the AR Balance, vendor owes debtor $92,178.06.
(h) Scheduled claim #34759 is disallowed as superseded by claim #5642

**Libbey Glass, Inc. - Claim Numbere 1035**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit A**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 1035) | | | $245,608.30 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $16,572.79 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 3,512.76 | | | |
| 4 | Allowed Gross Reclamation Claim Subject to Consumption, Credits, and Balance | 3,512.76 | | (3,512.76) | |
| 5 | Unsecured Non-Priority Portion of Filed Claim | | | 242,095.54 | (b) |
| 6 | Consumption | (140.51) | (c) | 140.51 | |
| 7 | AP Credits | 0.00 | | (10,699.96) | (d) |
| 8 | AR Balance | (104,670.60) | (e) | (231,536.09) | (e) |
| 9 | Other Deductions | 0.00 | | 0.00 | |
| 10 | Reduced Claim Amount | ($101,298.35) | (f) | $0.00 | (g) |

| | |
|---|---|
| Administrative | ($101,298.35) |
| Unsecured Non-Priority | $0.00 |
| Total Amount Allowed | ($101,298.35) |

**Footnotes:**
(a) Filed proof of claim #1035 includes the reclamation claim and the unsecured non-priority claim.
(b) Filed claim reduced by allowed gross reclamation claim.
(c) 4% consumption rate applied.
(d) AP Credits include shortage deductions and pricing deductions.
(e) AR Balance includes debit memos and reclaimed goods.
(f) After deducting goods consumed and the AR Balance, vendor owes debtor $101,298.35.
(g) Scheduled claim #35045 is disallowed as superseded by claim #1035.

**Schick Wilkinson Sword, division of Energizer - Claim Number 10359**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit A**

|  |  | Reclamation |  | Unsecured Non-Priority |  |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 10359) |  |  | $333,427.90 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $35,798.40 |  |  |  |
| 3 | Adjudicated Gross Reclamation Claim Amount | 35,798.40 |  |  |  |
| 4 | Allowed Gross Reclamation Claim Subject to Consumption, Credits, and Balance | 35,798.40 |  | (35,798.40) |  |
| 5 | Unsecured Non-Priority Portion of Filed Claim |  |  | 297,629.50 |  |
| 6 | Consumption | (1,431.94) | (b) | 1,431.94 |  |
| 7 | AP Credits | (1,550.52) | (c) | 0.00 |  |
| 8 | AR Balance | (10,604.64) | (d) | (9,336.33) | (d) |
| 9 | Other Deductions | 0.00 |  | (77,528.54) | (e) |
| 10 | Reduced Claim Amount | $22,211.30 |  | $212,196.57 | (f) |

| | |
|---|---|
| Administrative | $22,211.30 |
| Unsecured Non-Priority | $212,196.57 |
| Total Amount Allowed | $234,407.87 |

Footnotes:
(a) Filed proof of claim #10359 includes the reclamation claim and the unsecured non-priority claim
(b) 4% consumption rate applied.
(c) AP Credits include bill backs and shortage deductions.
(d) AR Balance includes reclaimed goods and scanned downs.
(e) Other Deductions: Invalid deductions of $77,528.54 disallowed.
(f) Scheduled claim #35338 is disallowed as superseded by claim #10359

**The Jel Sert Company - Claim Number 7888**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit A**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 7888) | | | $14,879.20 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $11,095.20 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 5,041.20 | | | |
| 5 | Allowed Gross Reclamation Claim Subject to Consumption, Credits, and Balance | 5,041.20 | | (5,041.20) | |
| 6 | Unsecured Non-Priority Portion of Filed Claim | | | 9,838.00 | (b) |
| 7 | Consumption | (201.65) | (c) | 201.65 | |
| 8 | AP Credits | (36.00) | (d) | 0.00 | |
| 9 | AR Balance | (2,575.54) | (e) | 0.00 | |
| 10 | Other Deductions | 0.00 | | 0.00 | |
| | Reduced Claim Amount | $2,228.01 | | $10,039.65 | (f) |

| | |
|---|---|
| Administrative | $2,228.01 |
| Unsecured Non-Priority | $10,039.65 |
| Total Amount Allowed | $12,267.66 |

**Footnotes:**
(a) Filed proof of claim #7888 includes the reclamation claim  and the unsecured non-priority claim.
(b) Filed claim reduced by adjuducated gross reclamation claim.
(c) 4% consumption rate applied.
(d) AP Credits include shortage deductions.
(e) AR Balance includes coupon billings, reclaimed goods, debit memos, and scan downs.
(f) Scheduled claim #34986 is disallowed as superseded by claim #7888.

**Vanguard Plastics, Inc - Claim Number 7366**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit A**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 7366) | | | $213,738.37 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $39,591.90 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 39,591.90 | | | |
| 4 | Allowed Gross Reclamation Claim Subject to Consumption, Credits, and Balance | 39,591.90 | | (39,591.90) | |
| 5 | Unsecured Non-Priority Portion of Filed Claim | | | 174,146.47 | (b) |
| 6 | Consumption | (1,583.68) | (c) | 1,583.68 | |
| 7 | AP Credits | 0.00 | | 0.00 | |
| 8 | AR Balance | 0.00 | | 0.00 | |
| 9 | Other Deductions | 0.00 | | 0.00 | |
| 10 | Reduced Claim Amount | $38,008.22 | | $175,730.15 | (d) |

| | |
|---|---|
| Administrative | $38,008.22 |
| Unsecured Non-Priority | $175,730.15 |
| Total Amount Allowed | $213,738.37 |

Footnotes:
(a) Filed proof of claim #7366 includes the reclamation claim and the unsecured non-priority claim
(b) Filed claim reduced by adjudicated gross reclamation claim.
(c) 4% consumption rate applied.
(d) Scheduled claim #35512 is disallowed as superseded by claim #7366

**EXHIBIT B**

**GFA Brands, Inc. - Claim Number 34877**
**Against Winn-Dixie Procurement, Inc. (Case No. 05-03838)**
**Exhibit B**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Scheduled Claim Amount (Scheduled Claim No. 34877) | | | $86,580.57 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $107,286.70 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 10,183.26 | | | |
| 4 | Adjudicated AP Credits | (1,233.45) | (b) | | |
| 5 | Adjudicated AR Balance | 0.00 | | | |
| 6 | Allowed Reclamation Claim Subject to Consumption | 8,949.81 | | (10,183.26) | |
| 7 | Unsecured Non-Priority Portion of Scheduled Claim | | | 76,397.31 | (c) |
| 8 | Consumption | (407.33) | (d) | 407.33 | |
| 9 | AP Credits | | | 1,233.45 | |
| 10 | AR Balance | | | 0.00 | |
| 11 | Other Deductions | 0.00 | | 0.00 | |
| 12 | Reduced Claim Amount | $8,542.48 | | $78,038.09 | |

| | |
|---|---|
| Administrative | $8,542.48 |
| Unsecured Non-Priority | $78,038.09 |
| Total Amount Allowed | $86,580.57 |

**Footnotes:**
(a) Scheduled claim #34877 only; no filed claims.
(b) AP Credits include shortage deductions, pricing deductions, and bill backs.
(c) Scheduled claim reduced by adjudicated gross reclamation claim.
(d) 4% consumption rate applied.

**Pro's Choice Beauty Care, Inc - Claim Number 35265**
**Against Winn-Dixie Procurement, Inc. (Case No. 05-03838)**
**Exhibit B**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Scheduled Claim Amount (Scheduled Claim No. 35265) | | | $29,387.55 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $24,545.50 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 9,454.00 | | | |
| 4 | Adjudicated AP Credits | (1,937.05) | (b) | | |
| 5 | Adjudicated AR Balance | 0.00 | | | |
| 6 | Allowed Reclamation Claim Subject to Consumption | 7,516.95 | | (9,454.00) | |
| 7 | Unsecured Non-Priority Portion of Scheduled Claim | | | 19,933.55 | (c) |
| 8 | Consumption | (378.16) | (d) | 378.16 | |
| 9 | AP Credits | | | 1,937.05 | |
| 10 | AR Balance | | | 0.00 | |
| 11 | Other Deductions | 0.00 | | 0.00 | |
| 12 | Reduced Claim Amount | $7,138.79 | | $22,248.76 | |

| | |
|---|---|
| Administrative | $7,138.79 |
| Unsecured Non-Priority | $22,248.76 |
| **Total Amount Allowed** | $29,387.55 |

**Footnotes:**
(a) Scheduled claim #35265 only; no filed claim.
(b) AP Credits include credit memos related to overpayment and goods returned.
(c) Schedule claim reduced by adjudicated gross reclamation claim.
(d) 4% consumption rate applied.

Exhibit B
Page 2 of 4

**Reily Foods Company - Claim Number 7645**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit B**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 7645) | | | $113,373.86 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $113,373.86 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 69,578.34 | | | |
| 4 | Adjudicated AP Credits | 0.00 | | | |
| 5 | Adjudicated AR Balance | (13,621.62) | (b) | | |
| 6 | Allowed Reclamation Claim Subject to Consumption | 55,956.72 | | (69,578.34) | |
| 7 | Unsecured Non-Priority Portion of Filed Claim | | | 43,795.52 | (c) |
| 8 | Consumption | (2,783.13) | (d) | 2,783.13 | |
| 9 | AP Credits | | | 0.00 | |
| 10 | AR Balance | | | 0.00 | |
| 11 | Other Deductions | 0.00 | | (15,584.82) | (e) |
| 12 | Reduced Claim Amount | $53,173.59 | | $30,993.83 | (f) |

| | |
|---|---|
| Administrative | $53,173.59 |
| Unsecured Non-Priority | $30,993.83 |
| Total Amount Allowed | $84,167.42 |

**Footnotes:**
**(a) Filed proof of claim #7645 was erroneously filed as an unsecured priority claim.**
**(b) AR Balance includes coupon billings, reclaimed goods, and scanned downs.**
**(c) Filed claim reduced by adjudicated gross reclamation claim.**
**(d) 4% consumption rate applied.**
**(e) Other Deductions: Debtor cancelled the order for Invoice #49110 for the amount of $15,584.82.**
**(f) Scheduled claim #35283 is disallowed as superseded by claim #7645.**

**The Hartz Mountain Corporation - Claim Number 3484**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit B**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 3484) | | | $284,602.06 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $108,960.53 | | | |
| 3 | Adjudicated Gross Reclamation Claim Amount | 55,841.26 | | | |
| 4 | Adjudicated AP Credits | (1,766.52) | (b) | | |
| 5 | Adjudicated AR Balance | (17,714.19) | (c) | | |
| 6 | Allowed Reclamation Claim Subject to Consumption | 36,360.55 | | (55,841.26) | |
| 7 | Unsecured Non-Priority Portion of Filed Claim | | | 228,760.80 | (d) |
| 8 | Consumption | (2,233.65) | (e) | 2,233.65 | |
| 9 | AP Credits | | | 0.00 | |
| 10 | AR Balance | | | 0.00 | |
| 11 | Other Deductions | 0.00 | | (53,119.28) | (f) |
| 12 | Reduced Claim Amount | $34,126.90 | | $177,875.17 | |

| | |
|---|---|
| Administrative | $34,126.90 |
| Unsecured Non-Priority | $177,875.17 |
| Total Amount Allowed | $212,002.07 |

Footnotes:
(a) Filed proof of claim #3484 includes the reclamation claim and the unsecured non-priority claim.
(b) AP Credits include pricing deductions and shortage deductions
(c) AR Balance includes debit memos and reclaimed goods.
(d) Filed claim reduced by adjudicated gross reclamation claim.
(e) 4% consumption rate applied.
(f) Other deductions are payments previously made to claimant.
   Invoice #2239333 for $17,804.06 paid on check#8009191
   Invoice #2239356 for $35,315.22 paid on check#8009822
(e) Scheduled claim #34921 is disallowed as superseded by claim #3484.

**EXHIBIT C**

**Baker & Taylor - Claim Number 6350**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit C**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 6350) | | | $1,351,135.52 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $132,188.61 | | | |
| 3 | Debtor's Reconciled Gross Reclamation Claim Subject to Consumption and Credits | 35,311.32 | | (35,311.32) | |
| 4 | Unsecured Non-Priority Portion of Filed Claim | | | 1,315,824.20 | (b) |
| 5 | Consumption | (1,412.45) | (c) | 1,412.45 | |
| 6 | AP Credits | 0.00 | | (204,339.26) | (d) |
| 7 | AR Balance | 0.00 | | 0.00 | |
| 8 | Other Deductions | 0.00 | | 0.00 | |
| 9 | Reduced Claim Amount | $33,898.87 | | $1,112,897.39 | (e) |

| | |
|---|---|
| Administrative | $33,898.87 |
| Unsecured Non-Priority | $1,112,897.39 |
| Total Amount Allowed | $1,146,796.26 |

**Footnotes:**
(a) Filed proof of claim #6350 includes the reclamation claim and the unsecured non-priority claim
(b) Filed claim reduced by debtor's reconciled gross reclamation claim.
(c) 4% consumption rate applied.
(d) AP Credits includes credit memos related to goods returns.
(e) Scheduled claim #35723 is disallowed as superseded by claim #6350

Exhibit C
Page 1 of 3

**Interstate Brands Corporation - Claim Number 11019**
**Against Winn-Dixie Stores, Inc. (Case No. 05-03817)**
**Exhibit C**

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 11019) | | | $1,425,877.04 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $1,097,037.11 | | | |
| 3 | Debtor's Reconciled Gross Reclamation Claim Subject to Consumption and Credits | 376,859.60 | | (376,859.60) | |
| 4 | Unsecured Non-Priority Portion of Filed Claim | | | 1,049,017.44 | (b) |
| 5 | Consumption | (15,074.38) | (c) | 15,074.38 | |
| 6 | AP Credits | (937.20) | (d) | (83,908.46) | (d) |
| 7 | AR Balance | 0.00 | | (174.37) | (e) |
| 8 | Other Deductions | 0.00 | | (109,537.22) | (f) |
| 9 | Reduced Claim Amount | $360,848.02 | | $870,471.77 | (g) |

| | |
|---|---|
| Administrative | $360,848.02 |
| Unsecured Non-Priority | $870,471.77 |
| Total Amount Allowed | $1,231,319.79 |

**Footnotes:**
(a) Filed proof of claim #11019 includes the reclamation claim and the unsecured non-priority claim.
(b) Filed claim reduced by debtor's reconciled gross reclamation claim.
(c) 4% consumption rate applied.
(d) AP Credits include credit memos related to goods returned.
(e) AR Balance includes coupon billings and debit memos.
(f) Claimant did not provide sufficient documentation to support claim.
(g) Proofs of claim#11020 and #11021 and scheduled claims #30990, #33757, #36441, #33758, #36442, #30991, #36443, #33759, #36444, #30992, #36445, #30993,
     #31205, #31206, and #36557 are disallowed as duplicative of, or superseded by, claim #11019.

Exhibit C
Page 2 of 3

Southeast Provisions, LLC - Claim Number 10819
Against Winn-Dixie Stores, Inc. (Case No. 05-03817)
Exhibit C

| | | Reclamation | | Unsecured Non-Priority | |
|---|---|---|---|---|---|
| 1 | Filed Claim Amount (Proof of Claim No. 10819) | | | $467,150.26 | (a) |
| 2 | Vendor's Asserted Reclamation Claim | $167,452.37 | | | |
| 3 | Debtor's Reconciled Gross Reclamation Claim Subject to Consumption and Credits | 74,618.04 | | (74,618.04) | |
| 4 | Unsecured Non-Priority Portion of Filed Claim | | | 392,532.22 | (b) |
| 5 | Consumption | (2,984.72) | (c) | 2,984.72 | |
| 6 | AP Credits | (983.10) | (d) | (13,703.34) | (d) |
| 7 | AR Balance | 0.00 | | 0.00 | |
| 8 | Other Deductions | 0.00 | | 0.00 | |
| 9 | Reduced Claim Amount | $70,650.22 | | $381,813.60 | |

| | |
|---|---|
| Administrative | $70,650.22 |
| Unsecured Non-Priority | $381,813.60 |
| Total Amount Allowed | $452,463.82 |

Footnotes:
(a) Filed proof of claim #10819 includes secured claim and unsecured non-priority claim.  The asserted secured claim is, in actuality, an administrative claim.
(b) Filed claim reduced by debtor's reconciled gross reclamation claim.
(c) 4% consumption rate applied.
(d) AP Credits include credit memos related to goods returns.
(e) Scheduled claims #31582 and #34167 are disallowed as superseded by claim #10819.

Exhibit C
Page 3 of 3

# EXHIBIT D

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                     )     Case No. 05-03817-3F1
                                           )
WINN-DIXIE STORES, INC., et al.,          )     *Chapter 11*
                                           )
Debtors.[1]                                )     Jointly Administered
                                           )

**ORDER (A) REDUCING OR DISALLOWING RECLAMATION CLAIMS,**
**(B) REDUCING UNSECURED NON-PRIORITY CLAIMS HELD BY**
**RECLAMATION CLAIMANTS, AND (C) DISALLOWING SUPERSEDED**
**AND DUPLICATE CLAIMS AS SET FORTH IN THE DEBTORS'**
**OMNIBUS RECLAMATION CLAIMS OBJECTION**

These cases came before the Court for hearing on July 27, 2006, upon the

Omnibus Reclamation Objection (the "Objection") of Winn-Dixie Stores, Inc. and

twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of

claim listed on Exhibit A through C (the "Disputed Claims").[2]  Upon consideration, it is

ORDERED AND ADJUDGED:

1.    The Objection is sustained.

2.    Del Laboratories Inc.'s proof of claim number 5642 and its reclamation claim

are disallowed in their entirety.   The Debtors' right to commence an adversary

proceeding against Del Laboratories, Inc. to recover monies owed to it is preserved.

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor
       Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie
       Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores,
       Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc.,
       Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co.,
       Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-
       Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie
       Supermarkets, Inc.

[2]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the
       Objection.

3.     Libby Glass, Inc.'s proof of claim number 1035 and its reclamation claim are disallowed in their entirety.  The Debtors' right to commence an adversary proceeding against Libby Glass, Inc. to recover monies owed to it is preserved.

4.     The reclamation claims and unsecured non-priority claims listed on Exhibit A to the Objection are allowed in the reduced amounts set forth on the attached Exhibit 1. The scheduled claims of each claimant listed in the footnotes on Exhibit A are superseded by the claimant's remaining proof of claim set forth on Exhibit 1, and thus are disallowed in their entirety.

5.     The reclamation claims and unsecured non-priority claims listed on Exhibit B to the Objection are allowed in the reduced amounts set forth on the attached Exhibit 1. The scheduled claims and filed claims of each claimant listed in the footnotes on Exhibit B are either duplicative of, or superseded by, the claimant's remaining proof of claim set forth on Exhibit 1, and thus are disallowed in their entirety.

6.     The reclamation claims and unsecured non-priority claims listed on Exhibit C to the Objection are allowed in the reduced amounts set forth on the attached Exhibit 1. The scheduled claims and filed claims of each claimant listed in the footnotes on Exhibit C are either duplicative of, or superseded by, the claimant's remaining proof of claim set forth on Exhibit 1, and thus are disallowed in their entirety.

7.     Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order is deemed a separate Order with respect to each claim.  Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay

2

the applicability or finality of this Order with respect to the other contested matters covered by this Order.

8.    Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the claimants.

9.    This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims, including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

10.    This Order is without prejudice to the Debtors' right to object to another proof of claim or interests filed in these chapter 11 cases.

Dated this _____ day of July, 2006 in Jacksonville, Florida.


_____
Jerry A. Funk
United States Bankruptcy Judge


James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

535818

3

EXHIBIT 1

| Exhibit | Name of Vendor | Remaining Claim No. | Reclamation | Unsecured Non-Priority |
|---|---|---|---|---|
| Exhibit A | Schick Wilkinson Sword, division of Energizer | 10359 | $22,211.30 | $247,994.97 |
| Exhibit A | The Jel Sert Company | 7888 | $2,228.01 | $10,039.65 |
| Exhibit A | Vanguard Plastics, Inc. | 7366 | $38,008.22 | $175,730.15 |
| Exhibit B | GFA Brands, Inc. | 34877[*] | $8,542.48 | $78,038.09 |
| Exhibit B | Pro's Choice Beauty Care, Inc. | 35265[*] | $7,138.79 | $22,248.76 |
| Exhibit B | Reily Foods Company | 7645 | $53,173.59 | $30,993.83 |
| Exhibit B | The Hartz Mountain Corp. | 3484 | $34,126.90 | $177,875.17 |
| Exhibit C | Baker & Taylor | 6350 | $33,898.87 | $1,112,897.39 |
| Exhibit C | Interstate Brands Corp. | 11019 | $360,848.02 | $870,471.77 |
| Exhibit C | Southeast Provisions, LLC | 10819 | $73,650.22 | $381,813.60 |

---

[*]    GFA Brands, Inc. and Pro's Choice Beauty Care, Inc. did not file a proof of claim. The remaining claims for these vendors are scheduled claims.