UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| Debtors. ) | Jointly Administered |
| _____ ) | |

## AGREED ORDER MODIFYING AUTOMATIC STAY

These cases came before the Court upon the Notice of Proposed Agreed Order Modifying the Automatic Stay (the "Agreed Order") filed by the Debtors (Doc. No. 8245). The Court finds that (i) the notice of the proposed Agreed Order was served on all interested parties in accordance with Local Rule 2002-4 informing the parties of the opportunity to object to the entry of this order within 15 days of the date of service, and (ii) that no party in interest has filed an objection. The Court therefore considers the entry of this order unopposed. Accordingly, it is

ORDERED:

1. The automatic stay imposed by 11 U.S.C. §362 is modified for the sole purpose of allowing Waylin and Darlyne Suire, By-Pass Partnership and Winn-Dixie Louisiana, Inc. to prosecute the claims identified in the Stipulation between the parties and the exhibits thereto in Case No. 81734-B in the 15th Judicial District, Vermillion Parish, Louisiana. Waylin and Darlyne Suire and By-Pass Partnership may prosecute such claims through final judgment, if any, but shall make no effort to collect or execute on such judgment against the Debtors, the property of the Debtors or the property of the

1

Debtors' estates without further order of this Court. Any such judgment against Winn-Dixie Louisiana, Inc. shall be a claim in these Chapter 11 proceedings and shall be treated pursuant to a confirmed plan of reorganization or as otherwise ordered by the Bankruptcy Court.

2. The Suires and By-Pass Partnership shall notify the Louisiana Court of the Debtors' pending Chapter 11 proceedings and that the action is subject to the automatic stay of 11 U.S.C. §362 as provided herein

4. Except as modified herein, the automatic stay pursuant to 11 U.S.C. §362 shall remain in full force and effect.

5. The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 28 day of June, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

527901