# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br><br>WINN-DIXIE STORES, INC., *et al*.,<br><br><br><br>WINN-DIXIE MONTGOMERY, INC.<br><br>("the Debtors") | Chapter 11<br><br>Case No. 05-03817-3Fl Jointly Administered<br><br><br><br>Case No. 05-03837-JAF<br><br><br>Filed Claim No.: <u>1136</u> |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, HEBERT, MARLENE A & NOLAN, IN THE ALLOWED AMOUNT OF $30,000.00, TO DELLACAMERA CAPITAL MASTER FUND, LTD.

**To Transferor:**
        HEBERT, MARLENE A & NOLAN
        ATTN: JOSEPH W GREENWALD JR, ESQ
        C/O GREENWALD LAW FIRM LLC
        401 MARKET STREET, SUITE 1200
        SHREVEPORT, LA 71101

PLEASE TAKE NOTICE that the transfer of $30,000.00 of the above-captioned allowed General Unsecured claim has been transferred to:

**Transferee:**        DellaCamera Capital Master Fund, Ltd.
        c/o DellaCamera Capital Management, LLC
        237 Park Avenue
        Suite 900
        New York, NY 10017

The evidence of transfer of claim is attached hereto. A copy of the order allowing the claim is hereto as Exhibit A.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

                                                _____
                                                Deputy Clerk

JUN-21-2006  12:11         PRIMESHARES                    2126890500    P.02/04

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:

Winn-Dixie Montgomery, Inc.

Debtor

Case No. 05-03837

Chapter 11

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of Hebert, Marlene A. & Nolan ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Claim Amount | Proof of Claim No. |
|---|---|
| $30,000.00 | 1136 |

have been transferred and assigned to DellaCamera Capital Master Fund, Ltd. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

ASSIGNEE: DellaCamera Capital Master Fund, Ltd.
Address:   c/o DellaCamera Capital Management, LLC
           237 Park Avenue
           Suite 900
           New York, NY 10017

ASSIGNOR:  Hebert, Marlene & Nolan
Address:   c/o Greenwald Law Firm LLC
           Attn: Joseph W. Greenwald, Esq.
           401 Market Street Suite 1200
           Shreveport, LA 71101
Signature: Marlene Hebert            Nolan Hebert
Name:      Marlene Hebert            Nolan Hebert
Title:     Assignor
Date:      6/21/06

p.2                    2255599771              Paul Marcantel

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## AGREED ORDER OF RESOLUTION OF THE LITIGATION CLAIM OF MARLENE HEBERT (CLAIM NOS. 22 AND 1136)

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Marlene Hebert (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that the proposed Agreed Order is for an agreed amount less than the $50,000 minimum established in the Claims Resolution Procedure. Accordingly, it is

ORDERED AND ADJUDGED:

1. Claim No. 1136 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $30,000.00 against Winn-Dixie Montgomery, Inc. in Case No. 05-03837 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2. This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 1136 and (ii) all other claims including, but not limited to Claim No. 22, the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

00530034

3.  The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to any Litigation Claim, or make any admission of liability. The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim. This settlement is contingent upon the satisfaction of any Medicare or Medicaid lien prior to the distribution of any monies or property pursuant to this settlement agreement.

4.  The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this 18 day of May, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00530034

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY

By /s/ James H. Post
James H. Post

Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

Attorneys for the Debtors

GREENWALD LAW FIRM, LLC

By /s/ Joseph W. Greenwald
Joseph W. Greenwald

401 Market Street, Suite 1200
Shreveport, Louisiana 71101

Attorney for the Claimant

00530034