UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                            CASE NO.: 3:05-bk-03817-JAF

                                                  CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

        Debtors.                    Jointly Administered

---

LIMITED OBJECTION TO DEBTORS' AMENDED OMNIBUS MOTION
FOR ORDER TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY
LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

Florida Dickens Associates, Ltd. (Store No. 2602), Land Dade, Inc. (Store No. 607), WD Jacksonville Trust (Store No. 176), WD Green Cove Trust (Store No. 138), WD Pasco Trust (Store No. 672), Gehr Florida Development, LLC (Store No. 348), Regency Centers, L.P. (Store Nos. 256 and 265), MCW-RC FL-Shoppes at 104, LLC (Store No. 287), Southland-Birmingham W.D. Delaware Business Trust (Store No. 517), Southland-River Ridge W.D. Delaware Business Trust (Store No. 1404), Southland-Amite W.D. Delaware Business Trust (Store No. 1449), Southland-Crystal River W.D. Delaware Business Trust (Store No. 2217), and Southland-Poinciana W.D. Delaware Business Trust (Store No. 2265), (collectively, "Landlords"), by and through their undersigned counsel, object to the Debtors' Amended Omnibus Motion for Order to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Motion"), and state as follows:

1. Landlords are the landlords of the Debtors pursuant to written lease agreements, (collectively, the "Leases"), for various store locations of the Debtors.

2. The Leases are referred to in Exhibit "A" of the Debtors' Motion. The Debtors seek an order of the Court approving the assumption of the Leases.

3. The Debtors originally proposed to extend the time to assume or reject the Leases to the effective date of the plan of reorganization. Landlords objected to the proposed extension. In order to settle the objections, the Debtors agreed to assume or reject the Leases by May 19, 2006. The Debtors' agreement is reflected in Paragraph 3 of the Court's March 10, 2006 Order Granting Fourth Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property (Docket No. 6472) (hereinafter referred to as the "March 10 Order").

4. On May 20, 2006, the Debtors filed the Motion. In paragraphs 7 and 8 of the Motion, the Debtors propose that the assumption of the Leases be effective as of the Effective Date of the plan.

5. Landlords object to the Debtors' attempt to avoid compliance with the March 10 Order and their agreement to assume or reject the Leases by May 19, 2006, by purporting to assume the Leases on May 19, 2006, but delay the "effective date" of the assumption of the Leases to the Effective Date of the plan.

2

There is no reason to delay the effective date of the assumption of the Leases.

6. Although they did not file a motion for an additional extension of time to assume or reject the leases, in paragraph 8 of the Motion, the Debtors state that they seek an extension of time under §365(d)(4) to assume or reject the Leases through the Effective Date of the plan.

7. The practical effect of granting the Debtors' current request for an extension of time would be to afford them an extension of entirely indefinite duration before the Debtors would actually be required to assume the Leases. Inasmuch as the Debtors have not filed a plan yet, the extension could in fact be quite lengthy. In any case, such an indefinite extension is both unwarranted at this late stage of the case and contrary to the agreement set forth in the March 10 Order.

8. In order to receive an extension of time to assume or reject a lease, §365(d)(4) requires that a debtor show cause why the extension should be granted. In this case, such cause cannot exist because the Debtors have already filed the Motion to assume the Leases. The Debtors do not need an extension of time to make a decision they have already made.

9. Landlords request that the assumption of the Leases be effective upon entry of the Order approving the Motion.

Landlords also request that a hearing be set on the Motion as soon as possible.

10. Landlords reserve the right to amend, supplement or modify this Objection as deemed necessary.

WHEREFORE, Landlords pray that the Court enter an order approving the assumption of the Leases effective upon the entry of the order approving the assumption, and grant such other relief as deemed necessary.

DATED this 28 day of June, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile