UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |

## ORDER AUTHORIZING REJECTION OF EXECUTORY CONTRACT WITH THE LIBMAN COMPANY AND APPROVING RESOLUTION OF CLAIMS

These cases came before the Court for hearing on June 29, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of a supply agreement dated as of December 5, 2002, with The Libman Company (the "Prepetition Supply Agreement"), effective as of June 30, 2006 (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Prepetition Supply Agreement pursuant to 11 U.S.C. § 365(a), and the Prepetition Supply Agreement is rejected, effective as of June 30, 2006.

3. All claims that The Libman Company has or may have had against the Debtors (except for a scheduled unsecured claim in the amount of $100,722.11 and unpaid

postpetition invoices) are waived. The Libman Company shall have no rejection damages claim against the Debtors resulting from the rejection of the Prepetition Supply Agreement.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against The Libman Company, whether or not related to the Prepetition Supply Agreement.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court will retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 29 day of June, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

586637-New York Server 6A - MSW