UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING DEBTORS TO RETAIN DELOITTE TAX LLP
TO PROVIDE EMERGENCE-RELATED TAX SERVICES**

These cases came before the Court for hearing on June 29, 2006, upon the application of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to retain Deloitte Tax LLP ("Deloitte Tax"), effective as of May 9, 2006, to provide tax services related to the Debtors' plan of reorganization and emergence from chapter 11 (the "Application").[1] The Court has reviewed the Application, the engagement letter attached as Exhibit A to the Application (the "Engagement Letter"), and the supporting declaration of Stephen J. Burke (the "Burke Declaration"). The Court has also considered the representations of counsel. Based upon the representations of counsel, after due deliberation and finding proper notice has been given, the Court determines that good cause exists to grant the relief requested in the Application and that granting such relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Application is granted.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Application.

2. The Debtors are authorized to retain Deloitte Tax, effective as of May 9, 2006, pursuant to section 327(a) of the Bankruptcy Code, to provide tax services related to the Debtors' plan of reorganization and emergence from chapter 11 on the terms set forth in the Application, the Engagement Letter, and the Burke Declaration.

3. If any supplemental declarations or affidavits are filed and served after the entry of this Order, absent any objections filed within twenty (20) days after the filing and service of such supplemental declarations or affidavits, Deloitte Tax's employment shall continue as authorized pursuant to this Order.

4. Deloitte Tax shall be compensated upon appropriate application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules, and orders of this Court.

5. With respect to indemnification claims based on acts occurring after the Petition Date but prior to the effective date of a confirmed plan of reorganization in the Debtors' chapter 11 cases, all requests for indemnity under the Engagement Letter shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Deloitte Tax be indemnified in the case of its own gross negligence, bad faith, willful misconduct, or self-dealing.

6. No work performed by Deloitte Tax shall be duplicative of work performed by any other professional retained by the Debtors in these cases.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated June 29, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.