IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 3:05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al. | ) | Chapter 11 |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |

## LIMITED OBJECTION BY BENDERSON DEVELOPMENT COMPANY, LLC TO DEBTORS' AMENDED OMNIBUS MOTION FOR ORDER TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF (STORE NOS. 637, 651, 656, 660 AND 737)

Benderson Development Company, LLC ("Landlord"), by and through its undersigned counsel, hereby files its limited objection to the *Debtors' Amended Omnibus Motion For Order To (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (the "Assumption Motion") in connection with Store Nos. 637, 651, 656, 660 and 737 (the "Stores"). In support of its limited objection to the Assumption Motion, Landlord states as follows:

A.     Objection to Cure Amounts.

1.     In Exhibit B to the Assumption Motion, the debtors set forth proposed amounts for Store Nos. 637, 651, 656, 660 and 737. Landlord, the managing agent for the owners of these parcels of real property, objects to the proposed cure amounts, with respect to Store Nos. 637, 651[1], 656, 660 and 737. A list of the correct principal cure

---

[1] Landlord only objects to the cure claim for Store No. 651 to the extent that the debtors' proposed cure claim does not include interest. Landlord has no objection to the principal amount of the cure claim for Store No. 651 set forth in the Assumption Motion.

amounts (excluding interest) for these leases of non-residential real property, as of the date of the filing of the instant Objection, excluding any amounts arising after the date of the filing of the instant Objection, is annexed hereto as Exhibit "A". Annexed hereto as Exhibits "B"-"E" is documentation supporting the cure amounts set forth on Exhibit "A", with respect to each Store.

2.     To the extent that rent, CAM, insurance taxes, attorneys' fees or other charges continue to accrue, and/or the Landlord or property owners suffer other pecuniary losses with respect to the leases of these Stores pending the assumption of such lease, Landlord hereby reserves its right to amend the cure amounts to reflect such additional amounts or to account for year-end adjustments, including without limitation, adjustments for the years 2005 and 2006 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the leases for the Stores. As such, the debtors must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the leases, regardless of when such Adjustment Amounts were incurred.

3.     In addition, Landlord requests that the debtors be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which may have occurred pre-assumption but which were not known to either the Landlord and/or the debtors as of the date of assumption, including but not limited to, claims for personal injury which occurred at the leased premises, damage and destruction to the leased premises or property by debtors or its agents, and environmental damage or environmental clean-up.

B.        <u>Landlord is Entitled to Interest on the Unpaid Amounts</u>.

4.        Pursuant to Section 365(b)(1) of Title 11 of the United States Code (the

"Bankruptcy Code"), a debtor, in assuming a lease, must cure all defaults, and

compensate the non-debtor for all pecuniary losses. Interest on unpaid lease charges

must be paid as a condition precedent to assumption of a lease. *See, e.g., In re*

*Entertainment, Inc.,* 223 B.R. 141, 150 (Bkrtcy. N.D. Ill. 1998). With respect to Store No.

660, paragraph 26(a)(iii) provides for interest at the higher of 12% per annum or the

highest amount allowed by law. (The first page of the lease for Store No. 660, and the

pertinent page discussing interest are annexed hereto as Exhibit "F".)

5.        The leases for Store Nos. 637, 651, 656 and 737 do not contain such

provisions. However, Landlord is entitled to interest with respect to unpaid amounts

under these leases to the extent provided by state law. *See In re Eagle Manufacturing,*

*Inc.,* 148 B.R. 481, 483 (Bkrtcy. S.D. Tex. 1992) ("Where the lease is silent as to the

right to interest on unpaid rent, the courts generally look to State law."); *In re Westview*

*74th Street Drug Corp.,* 59 B.R. 747, 757 (Bkrtcy. S.D.N.Y. 1986) ("Since the contract is

silent as to the rate of any interest which may be payable, this court awards the landlord

interest at the legal rate on unpaid additional rent from the date payment was due until the

date payment was tendered") (citing New York law).  As the leases at issue all involve

property located in the State of Florida, one should look at Florida law to analyze whether

interest is recoverable, and, if so, at what rate.

6.        Pursuant to Section 83.06(2), Fla. Stat. (dealing specifically with non-

residential tenancies), "[a]ll contracts for rent, verbal or in writing, shall bear interest

from the time the rent becomes due, any law, usage or custom to the contrary

notwithstanding." Section 687.01, Fla. Stat. provides "[i]n all cases where interest shall

accrue without a special contract for the rate thereof, the rate is the rate provided for in s.

55.03." Section 55.03, Fla. Stat. sets for the procedure for the Chief Financial Officer to

promulgate the statutory rate of interest in the State of Florida on a yearly basis. In the

instant case, the relevant statutory interest rates are as follows: 2004—7%; 2005—7%;

2006—9%. Annexed hereto as Exhibit "G" is a chart reflecting the interest for each of

Store Nos. 637, 651, 656, 660 and 737. Documentation supporting the interest calculation

for each Store is annexed hereto as Exhibit "H".

C.     The Debtors Are Not Entitled to Postpone the Effectiveness of the Assumption
       Until the Effective Date of a Plan of Reorganization.

7.     The debtors previously moved, pursuant to Section 365(d)(4) of the

Bankruptcy Code for an extension of time to assume or reject non-residential real

property leases until confirmation of a plan of reorganization. Certain landlords,

including Landlord, objected to the extension sought by debtors. To resolve these

objections, the debtors agreed to assume or reject the leases of the objecting landlords,

including Landlord, on or before May 19, 2006. This agreement is memorialized in this

Court's March 10, 2006 *Order Granting Fourth Extension of Time to Assume or Reject

Unexpired Leases of Nonresidential Real Property* (the "March 10, 2006 Order").

8.     On May 19, 2006, the debtors filed the instant Assumption Motion.

However, the debtors seek to have the assumption be effective as of the effective date of

a plan of reorganization. It appears that the debtors have proposed this in an effort to

delay their obligations to promptly cure all defaults until post-confirmation. The debtors

should not be able to circumvent their agreement to assume or reject leases by May 19 in

this fashion. The debtors have not cited to any authority to allow them to assume a lease,

but delay the effectiveness of such assumption, and thus its obligation to promptly cure all defaults. Instead, the debtors' assumption of the leases should be effective upon the entry of the order approving the assumption of the leases; the undisputed cure amounts should be paid, with interest, within fifteen (15) days of entry of the order approving the assumption of the leases; and an evidentiary hearing should be scheduled for some point in the future if the Landlord and the debtors cannot resolve the disputed cure amounts. Furthermore, the debtors should provide Landlord with a detailed explanation as to the basis for its dispute of each item on the attached break-down that it did not include in their proposed cure amounts. With respect to another lease involving Landlord, Landlord has been attempting to communicate with the debtors for two months attempting to get an explanation of why it disputes certain amounts of a cure claim. Landlord has not received any response. As Landlord cannot prove a negative, it needs an explanation of the debtors' basis for disputing the unpaid cure amounts, so it can address such basis, either in settlement discussions or before the Court. The debtors should be required to provide Landlord with such statement within fifteen (15) days of entry of the order approving the assumption of leases.

D.    The Debtors Are Not Entitled to a Further Extension of Time Pursuant to Section 365(d)(4).

In the Assumption Motion, the debtors seek an extension of time pursuant to Section 365(d)(4) to assume or reject the leases through the effective date of a plan of reorganization. However, the debtors have already made their decision to assume the leases. As a result, no extension is necessary.

WHEREFORE, Landlord respectfully requests that this Court enter an order approving the Assumption Motion, but further providing as follows:

(a)     The leases for Store Nos. 637, 651, 656, 660 and 737 are assumed effective as of the entry of the order approving the Assumption Motion;

(b)     The debtors pay the undisputed portion of the cure amounts for the Stores, plus interest (at the contract rate of 18% for Store No. 660, and at the statutory rate for Store Nos. 637, 651, 656 and 737) within fifteen (15) days from the date of entry of the order approving the Assumption Motion.

(c)     With respect to the disputed amounts of the Landlord's cure claims as set forth herein, the debtors provide Landlord with a detailed statement specifying the basis for its dispute as to each charge within fifteen (15) days from the date of entry of the order approving the Assumption Motion.

(d)     The Court set a future evidentiary hearing to resolve the disputed cure amount issue;

(e)     Not providing for a further extension of time under 365(d)(4); and

6

7

(f)     For such other and further relief that this Court deems just and proper.

Dated: June 30, 2006
       University Park, Florida

JOEY E. SCHLOSBERG, ESQ.

By:  /s/ Joey E. Schlosberg

Benderson Development Company, LLC
8441 Cooper Creek Boulevard
University Park, Florida 34201
(941) 359-8303
(941) 359-1836 (facsimile)

-and-

KELLEY, DRYE & WARREN, LLP
James S. Carr
Robert L. LeHane
101 Park Avenue
New York, New York 10178
(212) 808-7573
(212) 808-7897 (facsimile)
rlehane@kelleydrye.com

Attorneys for Benderson
Development Company, LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this 30th day of June, 2006, served a copy of the foregoing by U.S. Mail and electronic mail to:

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

-and-

Cynthia C. Jackson
Smith Huley & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

/s/ Joey E. Schlosberg
OF COUNSEL