# EXHIBIT F

## LEASE

THIS LEASE is made this __3/17/99__, between Nathan Benderson, Ronald Benderson and David H. Baldauf as Trustees under a Trust Agreement dated September 22, 1993 known as the Randall Benderson 1993-1 Trust and WR-II Associates, Ltd. (collectively the "Landlord"), with the joinder and consent of Ronald Benderson, Randall Benderson and David H. Baldauf as Trustees under a Trust Agreement dated October 14, 1985 known as the Benderson 85-1 Trust, Benderson Development Company, Inc., RAAR, LLC., and WR-II Associates, Ltd. (collectively the "Fee Owner"), and Winn-Dixie Stores, Inc., a Florida corporation ("Tenant"). "Landlord", "Fee Owner" and "Tenant" shall include, wherever the context permits or requires, singular or plural, and the heirs, legal representatives, successors, and assigns of the respective parties.

### WITNESSETH:

WHEREAS, Fee Owner is the owner of that certain parcel of land located at the southwest corner of the intersection of 53rd Avenue West and 34th Street in the City of Bradenton, County of Manatee, State of Florida, more particularly described on Exhibit "B" attached hereto and incorporated herein (the "Land"); and

WHEREAS, Landlord is the ground lessee of the Land pursuant to four Investment Leases/Ground Leases with Fee Owner dated __3/17/99__ (collectively the "Ground Lease") and is the owner of all buildings and improvements situate upon the Land; and

WHEREAS, Landlord desires to lease to Tenant and Tenant desires to lease from Landlord, a certain store building and rights to use portions of the common areas of the Shopping Center to be located on the Land, all as more fully set forth in this Lease;

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged Landlord and Tenant hereby covenant, agree, represent, and warrant, as applicable, as follows:

**PREMISES**  1. Landlord hereby leases and demises unto Tenant and Tenant hereby leases from Landlord, upon the terms and conditions established herein, a store building, approximately 220 feet in width by 200 feet in depth, with a front vestibule and rear receiving room(s), to be constructed by Landlord according to plans and specifications to be approved by the parties as herein provided (collectively, the "Store"), together with exterior pads at the rear for installation of freezers and coolers, a loading dock area, and the land on which all of the same shall stand and Landlord hereby grants to Tenant a nonexclusive right and easement to use during the Term as hereinafter defined, all ramps, sidewalks, streets, entrances, exits, roadways, walkways, trash collection facilities and dumpsters, if any, malls, landscaped areas, parking areas, service areas, driveways, traffic signals, medians, curb cuts, access points, utility lines, water detention and retention facilities and related improvements shown on the Site Plan, as hereinafter defined (the "Common Areas" and together with the Store, collectively, the "Premises").

The Premises are located in a shopping center development (shown in detail on Exhibit "A," a site plan prepared by Avid Engineering, Inc. on July 23, 1998 and last revised on December 15, 1998 (the "Site Plan"), known as Marketplace West (as the same may be enlarged from time to time, and including the Common Areas as defined herein, the "Shopping Center"), located at the southwesterly corner of the intersection of 53rd Avenue West and 34th Street West in the City of Bradenton , County of Manatee, State of Florida. The legal description of the Shopping Center is set forth on Exhibit "B".

**TERM**  2. (a) Initial Term. The term of this Lease shall commence on the Commencement Date, as herein defined and shall be for an initial term of twenty (20) years (the "Initial Term").

1

(ii) Landlord may terminate this Lease, in which case Tenant shall nevertheless remain liable for any past due and unpaid Basic, Additional, or Percentage Rent and for any out-of-pocket costs incurred due to any default other than a Payment Default accruing prior to the date of termination.

(iii) Amounts due and owing to Landlord and constituting a Payment Default shall bear interest at the higher of the rate of twelve percent (12%) per annum or the highest rate allowed by law (the "Default Rate") on the unpaid, unrecouped balance until the full amount, with applicable interest, is received from Tenant.

(b) Landlord: Landlord shall be in default under this Lease if:

(1) Landlord fails to reimburse or pay to Tenant any amount due to Tenant from Landlord within ten (10) days after receipt of a written statement from Tenant (a "Repayment Default"); or

(2) Landlord fails to perform any other of its material obligations under this Lease within thirty (30) days after receipt of notice from Tenant (or such longer period as may reasonably be required to effectuate a cure provided that Landlord notifies Tenant in writing that Landlord shall and has in fact undertaken a cure and will prosecute the same to completion in a reasonable manner).

(3) Landlord and/or Fee Owner, after expiration of any applicable cure periods, are in default under the terms of the Ground Lease.

Following an uncured default by Landlord, Tenant may exercise any and all remedies available at law or in equity, provided, however, that Tenant shall use reasonable and diligent efforts to mitigate its damages.

Notwithstanding the foregoing, subject to Tenant's obligation to mitigate its damages, Tenant shall have the following specific remedies following an uncured Landlord default:

(i) In the case of a Repayment Default, Tenant, Tenant shall be entitled to offset such amount against all Basic, Additional, and Percentage Rent due under the Lease, together with interest thereon at the Default Rate on the unpaid, unrecouped balance until the full amount, with applicable interest, is received from Landlord or recouped by offset.

If Landlord fails, following notice as outlined above, to:

(ii) timely commence or complete construction of the Store or the Shopping Center within ninety (90) days after the Construction Deadline or reconstruction of the Store or the Shopping Center (following a casualty or condemnation if obligated to do so under this Lease), Tenant may either (i) extend to Landlord such additional time to complete such construction or reconstruction, as Tenant deems reasonable, in its reasonable discretion, (ii) cause the same to be completed, in which case Tenant shall be entitled to offset the cost of the same against all rent due under the Lease, together with interest

21