## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:                                                    Chapter 11

WINN DIXIE STORES, INC., et al                            Case No. 05-03817-JAF
                                                          (Jointly Administered)

                    Debtors.

_____/

## OBJECTION BY LANDLORDS, WESTFORK TOWER, LLC, CONCORD-FUND IV RETAIL, LP, TA CRESTHAVEN, LLC, FLAGLER RETAIL ASSOCIATES, LTD., AND ELSTON/LEETSDALE, LLC, BY AND THROUGH THEIR PROPERTY MANAGER, TERRANOVA CORP., TO DEBTORS' ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES AND TO PROPOSED CURE AMOUNTS (DOCKET NO. 7966)

Landlords WESTFORK TOWER, LLC Store No. 278,  CONCORD-FUND IV RETAIL, LP Store No. 254, TA CRESTHAVEN, LLC Store No. 221, FLAGLER RETAIL ASSOCIATES, LTD. Store No. 353, and ELSTON/LEETSDALE, LLC Store No. 209, by and through their Property Manager, TERRANOVA CORP., (collectively, the "Landlords"), file their Objection to Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates' (collectively, the "Debtors") Amended Omnibus Motion to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief [Docket No. 7966] (the "Amended Motion") seeking to assume certain leases of real property (each a "Lease" and collectively, the "Leases") and proposing cure amounts.  The Landlords object to both the request for assumption of the Leases and adequacy of the cure amounts proposed by the Debtors and state in support as follows:

### BACKGROUND

The Debtors operate Winn-Dixie Store Nos. 278, 254, 221, 353, and 209 on the Landlords' property located in South Florida.

Pursuant to this Court's orders dated March 10, 2006 [Docket No. 6472], March 23, 2006 [Docket No. 6960], and April 6, 2006 [Docket No. 6962], respectively, the Debtors had until May 19, 2006, to file a motion to assume or reject each of the Leases.[1]  On May 20, 2006, the Debtors filed their Amended Motion seeking to assume the Leases and providing proposed cure amounts.

The Landlords object to the assumption of the Leases, the timeliness of the Amended Motion and the inadequate cure amounts.

## ARGUMENT

### I.    OBJECTIONS TO ASSUMPTION OF ALL LEASES

The Amended Motion should be summarily denied because it was filed after the fourth extended deadline for filing a motion to assume or reject the Leases.  Pursuant to paragraph 3 of this Court's Order Granting Extension of Time to Assume or Reject Unexpired Leases of Nonresidential Real Property of Westfork Tower, LLC, T/A Western LLC, Concord-Fund IV Retail, LP, TA Cresthaven, LLC, Flagler Retail Associates, Ltd., and Elston/Leetsdale, LLC, and Commodore Realty, Inc. and Isram Realty & Management, Inc. dated April 6, 2006 [Docket No. 6962],

> [t]he period within which the Debtors must move to assume or reject the Unexpired Leases [of the Landlords] is extended through the earlier of (i) the date upon which the Debtors begin soliciting votes on the Plan, or (ii) May 19, 2006.

---

[1] On May 19, 2006, the Debtors filed their Omnibus Motion to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief which failed to seek approval to assume or reject the Leases.

The Debtors had well over a year after the Petition Date to move to assume or reject the Leases.  Further, paragraph 7 of that Order provides that, as to the Unexpired Leases [of the Landlords], "the Debtors (a) shall not be entitled to seek to further extend their time to file the motions referred to in Paragraph 3 of this Order . . ."

The Leases should be deemed terminated for Debtors' failure to assume them within the time allotted by Section 365(d)(4) of the Bankruptcy Code and the extensions thereof.  *See cf.  In re Southern Motel Assocs., Ltd.*, 81 B.R. 112, 118 (Bankr. M.D. Fla. 1987) (Bankruptcy Court deemed leases rejected upon Debtors' failure to assume leases or extend time to assume leases within the statutory period).

## II.    OBJECTIONS TO ASSUMPTION OF CONCORD-FUND IV RETAIL, LP STORE NO. 254 LEASE

Terranova Corp., on behalf of Concord-Fund IV Retail, LP Store No. 254 ("Concord") objects to the Debtors' assumption of its Lease on the basis that the Lease has been terminated and thus cannot be assumed.  The Lease has been terminated due to Debtors' material breach of the Lease resulting in code violations, Debtors' failure to adequately upgrade the lighting in the Debtors' parking lot under County Code requirements and because of the condition of the electrical wiring and fixtures in the parking lot.  After obtaining relief from the bankruptcy automatic stay in these cases, pursuant to this Court's Order Regarding Concord-Fund IV Retail, LP Stay Relief dated February 9, 2006 [Docket No. 5685], Concord filed an action for possession and to evict the Debtors styled Concord-Fund IV Retail, LP v. Winn Dixie Stores, Inc., Case No. 06-04748 CC 25, Miami-Dade County Court (the "Eviction Action").  The Complaint, explaining the default and termination of the Lease, is attached hereto as **Exhibit A**.

3

In the Eviction Action filed under Florida Statute, Section 83.20(3), Concord seeks to recover possession of Store No. 254.  Concord asserts that it has provided the Debtors with timely notice of the default and an opportunity to cure the default, and the Debtors have failed to do so.

Without waiving Concord's right to assert that the Lease has been terminated, if the Court determines that the Lease may be assumed, as cure or adequate assurance of future performance the Debtors must be required to place sufficient funds in escrow to perform the following tasks:

a.  Upgrade the outdoor lighting of Debtors' parking lot so that it complies with the South Florida Building Code;

b.  Obtain cancellation of all outstanding notices of violation issued by Miami-Dade County concerning the Property and Debtors' parking lot;

c.  Obtain all required permits and pass all required inspections from local governments that are necessary to perform the lighting upgrade of Debtors' parking lot; and

d.  Pay fines issued by Miami-Dade County for Debtors' violations on the Property and its parking lot.

It should be noted that bankruptcy courts require the curing of non-monetary defaults, which primarily include lease violations that relate to the upkeep and repair of the leased property or that prohibit the debtor from committing certain acts on the property.  For example, in In re Vitanza 1998 WL 808629 *22 (Bankr. E.D. Pa. 1998), the debtor was required to repair certain identified defects and hire an electrician and a plumber to do repairs on a set schedule in order to cure his non-monetary defaults.  The Debtors should be required to perform the electrical repairs or pay the requested cure amounts to cover the costs of those repairs.

4

### III.    OBJECTIONS TO CURE AMOUNTS OF ALL LANDLORDS

The Leases provide the requirements for curing the Debtors' defaults under such Leases. The Debtors' proposed cure amounts are insufficient to cover the cure costs required pursuant to the terms of the Leases.  As evidenced by the Landlords' ledgers, attached hereto as **Composite Exhibit "B"**, the correct cure amounts for the Leases, shown by store, as of the date of the filing of the instant Objection, include:

**WESTFORK TOWER, LLC STORE NO. 278**

(a) unpaid common area maintenance expenses in the amount of $3,270.25;

(b) the Debtors' share of estimated prorated real estate taxes for the period January 1, 2006 through June 30, 2006, (based on the Landlord's 2006 budget real estate taxes) in the amount of $112,056 that accrues at the rate of $614 per day until the Lease is assumed;

(c) the Debtors' unpaid share of prorated real estate taxes for the period from January 1, 2005 to the Petition Date in the amount of $21,036.89;

(d) the Debtors' share of expenses incurred for building repairs in August 2004 in the amount of $990 and a miscellaneous charge incurred in March 2004 of $100; and

(e)  attorneys' fees and costs incurred by the Landlord in the enforcement of its rights under the Lease through June 30, 2006 in the amount of $11,219.66.

Total Cure: $148,672.80, plus interest on unpaid rent pursuant to Florida Statute 83.06(2) accruing at the rate provided in Florida Statute 55.03.

**CONCORD-FUND IV RETAIL, LP STORE NO. 254**

(a) the Debtors' share of estimated prorated real estate taxes for the period January 1, 2006 through June 30, 2006, (based on the Landlord's 2006 budget real estate taxes) in the amount of $75,696 that accrues at the rate of $414.77 per day until the Lease is assumed;

5

(b) the Debtors' unpaid share of prorated real estate taxes for the period from January 1, 2005 to the Petition Date in the amount of $7,230.63;

(c) the Debtors' share of expenses incurred for initial lighting repairs in November 2003 in the amount of $27,210.66, plus Debtors' share (77.18%) of the cost to adequately upgrade the lighting in the Debtors' parking lot under County Code requirements and repair the condition of the electrical wiring and fixtures in the parking lot; and

(d) attorneys' fees and costs incurred by the Landlord in the enforcement of its rights under the Lease through June 30, 2006 in the amount of $56,433.64.

Total Cure: $166,570.93, plus the undetermined amount for repairs described in subsection (c) and interest on unpaid rent pursuant to Florida Statute 83.06(2) accruing at the rate provided in Florida Statute 55.03.

## TA CRESTHAVEN, LLC STORE NO. 221

(a) the Debtors' share of estimated prorated real estate taxes for the period January 1, 2006 through June 30, 2006, (based on the Landlord's 2006 budget real estate taxes) in the amount of $7,524.00 that accrues at the rate of $41.23 per day until the Lease is assumed;

(b) the Debtors' unpaid share of prorated real estate taxes for the period from January 1, 2005 to the Petition Date in the amount of $1,567.94;

(c) charges incurred for false fire alarms in the amount of $2,478; and

(d) attorneys' fees and costs incurred by the Landlord in the enforcement of its rights under the Lease through June 30, 2006 in the amount of $19,937.90.

Total Cure: $31,507.84, plus interest on unpaid rent pursuant to Florida Statute 83.06(2) accruing at the rate provided in Florida Statute 55.03.

## FLAGLER RETAIL ASSOCIATES, LTD. STORE NO. 353

(a) the Debtors' share of estimated prorated real estate taxes for the period January 1, 2006 through June 30, 2006, (based on the Landlord's 2006 budget real estate taxes) in the amount of $16,500.00 that accrues at the rate of $90.41 per day until the Lease is assumed;

6

(b) the Debtors' unpaid share of prorated real estate taxes for the period from January 1, 2005 to the Petition Date in the amount of $2,090.59; and

(c) attorneys' fees and costs incurred by the Landlord in the enforcement of its rights under the Lease through June 30, 2006 in the amount of $21,771.59.

Total Cure: $40,362.18, plus interest on unpaid rent pursuant to Florida Statute 83.06(2) accruing at the rate provided in Florida Statute 55.03.

**ELSTON/LEETSDALE, LLC STORE NO. 209**

(a) the Debtors' share of estimated prorated real estate taxes for the period January 1, 2006 through June 30, 2006, (based on the Landlord's 2006 budget real estate taxes) in the amount of $19,386 that accrues at the rate of $106.22 per day until the lease is assumed;

(b) the Debtors' unpaid share of prorated real estate taxes for the period from January 1, 2005 to the Petition Date in the amount of $4,319.67; and

(c) attorneys' fees and costs incurred by the Landlord in the enforcement of its rights under the Lease through June 30, 2006 in the amount of $21,811.05.

Total Cure: $45,516.72, plus interest on unpaid rent pursuant to Florida Statute 83.06(2) accruing at the rate provided in Florida Statute 55.03.

The Landlords hereby reserve their right to amend or supplement these cure amounts. The Debtors' Amended Motion requests entry of an order of this Court "approving the assumption of the Leases effective as of the effective date of the Debtors' plan of reorganization ("the Effective Date") and fixing the cure amounts." Because the proposed effective date of assumption of the leases is so far in the future, all Landlords claim such additional cure amounts as may accrue between June 30, 2006 and the effective date of any assumption that may be ordered by this Court, including but not limited to the cure categories itemized herein above. IN addition, the Landlords reserve the right to request additional attorneys' fees and costs incurred after May 31, 2006, through the effective date of any assumption.

7

The Landlords object to the Debtors' proposed cure amounts as provided in Exhibit "B" of the Amended Motion, all of which are significantly less than the actual cure costs totaled above.  The insufficient cure amounts provided by the Debtors do not satisfy the requirements for assumption of a lease as codified in Section 365(b)(1).  Section 365(b)(1) provides in pertinent part:

> If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee:
>
> > (A)    cures or provides adequate assurance that the trustee will promptly cure, such default;
> > (B)    compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> > (C)    provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

The Debtors' duty to effect a prompt cure under section 365(b)(1) extends to all monetary and non-monetary defaults either pre or post-petition.  See In re Westview 74th Street Drug, 59 B.R. 747, 754 (Bankr. SDNY 1986).  Section 365 is broad with respect to curing defaults and bankruptcy courts have required that "all contractual defaults thereunder must be cured by payments, and all contractual provisions enforced. There are no exceptions."  In re Entertainment, Inc., 223 B.R. 141, 150 (Bankr. N.D. Ill. 1998) (citing Matter of Superior Toy and Mfg. Co., Inc., 78 F.3d 1169 (7th Cir. 1996)).

Pursuant to Section 365(b)(1), the Debtors must compensate the Landlords for "any actual pecuniary loss" resulting from default on the lease.  Monetary defaults include all elements of rent (base rent, percentage rent), common area maintenance charges, insurance, real estate taxes, marketing fees and utilities that the lease obligates the debtor to pay.  Indeed, a bankruptcy court in this district has required the payment of cure costs including, rent arrearage, real estate taxes and compensatory damages arising from the default including attorneys' fees as provided in the lease.  In re Haute Cuisine, 58 B.R. 390, 394 (Bankr. M.D. Fla. 1986).  The Haute Cuisine court also required the debtor to commence making timely contract payments as a condition precedent to assumption of a lease.  See id.

Further, bankruptcy courts have held that a debtor is obligated to pay the prorated portion of real estate taxes accruing post-petition and pre-rejection of the lease.  See In re Handy Andy Home Improvement Centers, Inc., 144 F.3d 1125, 1126-28 (7th Cir. 1998).  This Court agreed with the decision in Handy Andy where the Seventh Circuit adopted the "accrual" or "pro-ration" approach requiring that lease obligations that become due after the petition date be pro-rated between the pre and post-petition periods and only those post-petition obligations were considered administrative expenses.  See In re Winn-Dixie, Inc., 333 B.R. 870, 873 (Bankr. M.D. Fla. 2005).  When applying the accrual approach, the real estate tax obligations arise before the debtor is contractually obligated to reimburse the landlord for the real estate taxes it has paid.  Id. "'But since death and taxes are inevitable and [the debtor's] obligation under the leases to pay the taxes was clear, that obligation could realistically be said to have arisen piecemeal every day . . . .'"  Id. (quoting Handy Andy, 144 F.3d at 1127).  Pursuant to this Court's decision, the

Debtors are obligated to pay the real estate taxes accruing post-petition up until the date that the Leases are assumed and assigned or rejected.

While the Debtors have paid post-petition real estate taxes for the year 2005, which were billed in December 2005, they have not paid their post-petition real estate taxes for 2006. The Landlords have estimated the amount of 2006 taxes that the Debtors will owe based on actual 2005 real estate taxes with standard annual increases. Thus, the cure amounts reflect the estimated taxes accrued for the period January 1, 2006 through June 30, 2006. Unquestionably, the Debtors must pay all taxes due through the date of assumption and assignment, or the Debtors must provide adequate assurance of payment of all such taxes when due.

In accordance with Section 365 and applicable case law, the Landlords are unquestionably entitled to payment of the cure costs requested arising from unpaid rent, prorated real estate taxes for the periods from January 1, 2005 through the Petition Date and January 1, 2006 through June 30, 2006, or such other date as this Court may deem the date of any assumption or assignment of the Leases, and pre and post-petition water bills, repair charges, and false alarm charges.

In addition, the Landlords assert their entitlement to attorneys' fees and costs incurred in enforcing their contractual rights under the Leases as provided for in each of the Leases. Bankruptcy courts have found that landlords are often entitled to attorneys' fees incurred in the enforcement of their rights under leases. See Westview, 59 B.R. at 756; see also, In re Entertainment, Inc., 223 B.R. at 151. Entitlement to any attorneys' fees or costs is dependent on the express terms of the lease, state law and the reasonableness of the fees. See id.; see also, Hillsborough, 126 B.R. at 898 (adopting the American Rule, which requires each party to bear

the cost of his own litigation, absent a specific contractual provision to the contrary). Importantly, bankruptcy courts have also held that a landlord's use of bankruptcy procedures to enforce a lease should not preclude recovery of attorney fees and costs for such enforcement activity, provided there is a clause in the lease obligating the debtor to reimburse the landlord for such expenses.  In re Entertainment, Inc., 223 B.R. at 152.  This is particularly true where the bankruptcy court is the exclusive forum where the landlord can obtain any relief, and the landlord is prevented from seeking state court relief by automatic stay.  See id.

The Landlords are entitled to receive payment from the Debtors for the attorneys' fees and costs incurred in objecting to the assumptions and the cure amounts stated in the Amended Motion and in enforcing their contractual rights to payment of rent, real estate taxes and indemnification under the Leases.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Landlords, WESTFORK TOWER, LLC Store No. 278, CONCORD-FUND IV RETAIL, LP Store No. 254, TA CRESTHAVEN, LLC Store No. 221, FLAGLER RETAIL ASSOCIATES, LTD. Store No. 353, and ELSTON/LEETSDALE, LLC Store No. 209, by and through their Property Manager, TERRANOVA CORP., respectfully request that this Court (i) sustain their objections to the Debtors' assumption of the Leases as proposed in the Amended Motion; or (ii) sustain their objections to the Debtors' proposed cure amounts; and (iii) enter an Order setting the cure amounts as listed in Section III of this

Objection, updated through the effective date of any assumption; and (iv) grant the Landlords

such other and further relief as is appropriate.

Dated: June 30, 2006.

Respectfully submitted,

**SCRUGGS & CARMICHAEL, P.A.**

/s/ Karen K. Specie, Esquire
**KAREN K. SPECIE, ESQUIRE**
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Facsimile: 352-375-0690
Florida Bar No. 260746
Attorneys for Terranova Corp. and Landlords

**TEW CARDENAS LLP**
/s/ Thomas R. Lehman___
**THOMAS R. LEHMAN, P.A.**
**CASANDRA PEREZ, ESQUIRE**
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone:  305-536-1112
Facsimile:  305-536-1116
Florida Bar No. 351318

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing *OBJECTION BY LANDLORDS, WESTFORK TOWER, LLC, CONCORD-FUND IV RETAIL, LP, TA CRESTHAVEN, LLC, FLAGLER RETAIL ASSOCIATES, LTD., AND ELSTON/LEETSDALE, LLC TO DEBTORS' ASSUMPTION OF NON-RESIDENTIAL REAL PROPERTY LEASES AND TO PROPOSED CURE AMOUNTS (DOCKET NO. 7966)* was electronically filed with the US Bankruptcy Court on this 30th day of June, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin**, <u>aravin@skadden.com</u>, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY  10036; **D. J. Baker, djbaker@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times

Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, **cjackson@smithhulsey.com**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esq. , john.macdonald@akerman.com,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; **John Longmire, esq.,** Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099 **jlongmire@willkie.com**; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

/s/ Terri L. Darden