IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC. *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## REQUEST OF CONSOLIDATED BISCUIT COMPANY
## FOR PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM

Consolidated Biscuit Company ("Consolidated") hereby requests the Court to issue an order requiring payment of its administrative expense claim pursuant to 11 U.S.C. §503(b) by debtor Winn-Dixie Stores, Inc. ("Debtor") and in support of its request herein states as follows:

1. Debtor and its affiliates filed voluntary petitions for reorganization under Chapter 11 on February 21, 2005 (the "Commencement Date").

2. Consolidated and Debtor entered into a Contract Packaging Agreement dated as of January 18, 2005, as amended (the "Agreement"). A true copy of the Agreement is attached hereto and incorporated herein as Exhibit A. The Agreement was finally terminated by the parties as of December 16, 2005 (the "Termination Date").

3. Pursuant to the Agreement, Consolidated agreed to process and package certain designated food products (the "Products") and supply them to Debtor. During the initial six-month term of the Agreement, Consolidated was designated as the Debtor's exclusive supplier of the Products.

4. To enable Consolidated to perform its obligations under the Agreement, Consolidated was required to maintain an inventory of ingredients and packaging materials unique to the Products, which materials could not be resold by Consolidated or otherwise used by Consolidated in its business operations. Because the unique nature of these inventory items, the Agreement obligated the Debtor to repurchase this inventory from Consolidated upon termination of the Agreement.

5. With respect to packaging inventory, the Agreement provided in Section 5 that:

> [Debtor] agrees to repurchase from [Consolidated] any packaging inventory dedicated to [Debtor] that was not consumed in the production of Products during the term of this Agreement…

6. On the Termination Date, Consolidated had on hand, and invoiced Debtor for, $344,617.95 of packaging materials designed specifically for the Products and purchased by Consolidated following the Commencement Date. A summary of Consolidated's packaging material invoices is set forth on Exhibit B attached hereto.

7. With respect to ingredients inventory, the Agreement in Section 5 provided that:

> Any ingredients inventory that [Consolidated] has on hand on the date of termination that is unique to the Products shall be sold to [Debtor] at [Consolidated's] costs plus transportation costs.

8. On the Termination Date, Consolidated had on hand, and invoiced Debtor for, $463,488.07 of ingredients purchased by Consolidated after the Commencement Date to enable it to manufacture the Products. A summary of Consolidated's ingredients invoices is set forth on Exhibit C attached hereto.

9. All of the packaging material and ingredients represented by the invoices summarized on Exhibits B and C for which claim is made hereby were purchased by Consolidated subsequent to the Commencement Date, to replenish inventory used to produce Products post-petition pursuant to Debtor's purchase orders and solely to enable Consolidated to perform its post-petition obligations to the Debtor under the Agreement. None of this material and ingredients was used or usable by Consolidated for any other purpose.

10. To permit it to process Products in an efficient and cost-effective manner, Consolidated was required to establish certain minimum production runs on the several items of Product and maintain an inventory of certain items to fulfill Debtor's needs.

11. On the Termination Date, Consolidated had on hand, and invoiced Debtor for, $77,869.45 of Products manufactured by Consolidated for Debtor following the Commencement Date. A summary of Consolidated's finished goods inventory of Products is set forth on Exhibit D hereto.

12 Consolidated prays for allowance under 11 U.S.C. §503(b) of its claims in the amounts of $344,617.95, $463,488.07 and $77,869.45 with respect to this inventory.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGE FOLLOWS]**

WHEREFORE, Consolidated Biscuit Company prays that this Court grant its request and order the Debtor to forthwith pay Consolidated's claims in the amount of $344,617.95, $463,488.07 and $77,869.45 and for such other and further relief as may be just and warranted in the premises.

Respectfully submitted,

Dated: June 30, 2006　　　　　　　　　　EASTMAN & SMITH LTD.

/s/ Kenneth C. Baker
Henry N. Heuerman (0017962)
hnheuerman@eastmansmith.com
Kenneth C. Baker (0011853)
kcbaker@eastmansmith.com
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777

Attorneys for Consolidated Biscuit Company

H:\HOME\ADCramer\Other\KCB\Consolidated Biscuit\Winn Dixie Stores Inc\Request for Payment of an Adm Exp Claim 06292006 FNL.rtf

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **Request of Consolidated Biscuit for Payment of an Administrative Expense Claim** was served this 30th day of June, 2006, via the Court's electronic noticing system upon all those participating therein, and via ordinary U.S. Mail, postage prepaid, to the following parties: Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254-3699, Debtor; to Kenneth C. Meeker, Esq. and Elena L. Escamilla, Esq., Office of the United States Trustee, 135 West Central Boulevard, Room 620, Orlando, FL 32801; to Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, an attorney for Debtors; to Cynthia C. Jackson, Esq., James H. Post, Esq., Stephen D. Busey, Esq. and Leanne McKnight Prendergast, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201, attorneys for Debtors; to Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, an attorney to the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc.; and to John B. MacDonald, Esq. and Patrick P. Patangan, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, attorneys to the Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc.

/s/ Kenneth C. Baker
An Attorney for Consolidated Biscuit Co.