**United States Bankruptcy Court**
**Middle District of Florida (Jacksonville)**
-------------------------- ----------------------------------------X

In re:

Winn-Dixie Stores, Inc., et al.           :     Chapter 11
                                   :     Jointly Administered Under
                                              Case No. 05-03817

                                   :

                                   :     Amount $6,180.84

              Debtor

-------------------------- ----------------------------------------X

### NOTICE: TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001(e) (1)

To: (Transferor)

        Kittrich Corporation
        Todd Winter
        14555 Alondra Blvd
        Lamirada, CA 90638

The transfer of your claim as shown above, in the amount of **$6,180.84,** has been transferred (unless previously expunged by court order) to:

        Fair Harbor Capital, LLC
        875 Avenue of the Americas, Suite 2305
        New York, NY 10001

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

      **FILE A WRITTEN OBJECTION TO THE TRANSFER WITH:**
        United States Courthouse
        300 North Hogan Street
        Suite 3-350
        Jacksonville, Florida 32202

      **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**

Refer to **INTERNAL CONTROL No.** _____ in your objection.

If you file an objection a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                                                  Intake Clerk

--------------------------- ----------------------------------------------------------------------------------------------------------

FOR CLERKS OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 200__.

INTERNAL CONTROL No. _____

Claims Agent Noticed: (Name of Outside Agent)
Copy to Transferee:_ _____

                                          _____
                                          Deputy Clerk

## ASSIGNMENT OF CLAIM

**KITTRICH CORPORATION**, ha ving a mailing address at **14555 ALONDRA BLVD,, , LAMIRADA, CA, 90638** ("Assignor"), in consideration of the sum of' _____ "Purch se Price"), does hereby transfer to **FAIR HARBOR CAPITAL, LLC,** as agent ("Assignee"), having an address at 875 Avenue of the Americas, Sui : 2305, New York, NY 10001, all of Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "C aim") against **WINN-DIXIE STORES, INC., et al.,** ("Debtor"), Debtors in proceedings for reorganization (the "Proceedings") in the **United States Bankruptcy Court, Middle District of Florida (Jacksonville)** (the "Court"), **Jointly Administered Under Case No. 05-03817,** in the currently outst nding amount of not less than **$6,180.84,** and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Clai i, if any, identified below and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim and all otl er claims, causes of action against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satis iction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an abso ute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor represents and warrants th it (Please Check One):

☐ A Proof of Claim ha not been filed in the proceedings.

☐ A Proof of Claim in he amount of $_____ has been duly and timely filed in the Proceedings (and a true copy of such Proof of Cla m is attached to this Assignment). If the Proof of Claim amount differs from the Claim amount set forth abo re, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Agreem ent and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and wa ants that the amount of the Claim is not less than **$6,180.84** that the Claim in that amount is valid and that no objection to the Claim exists and is listed by the Debtor on its schedule of liabilities and any amendments thereto ("Schedule") as such; the Claim is a valid, enforceable claim against the Debtor; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the e ecution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assigno and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, le al and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been receive by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less fa orable treatment than other unsecured creditors; the Claim is not subject to any factoring agreement. Assignor further represents and warrants tha no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assi nor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim fre of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential p yment demand that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair it value.

Assignor hereby agrees that in the vent that Assignor has assigned or sold or does assign or sell the Claim to any other party or has or does receive any other payment in full or partial satisfaction of, or in connection with the Claim, or any third party has assigned or sold or does assign or sell the Claim to any other party or has rec ived or shall receive on behalf of Assignor, payment in full or partial satisfaction of, or in connection with the Claim, and Assignee does not rece ve the allocated distribution with respect to the Claim from the Debtor's estate on account of such other assignment or sale, then the Assignor shall imr ediately reimburse to Assignee all amounts paid by Assignee to Assignor, plus an amount equal to an additional thirty-five percent (35%) of the Cl im amount as liquidated damages suffered by Assignee on account of such other assignment or sale to the other party. Assignor further agrees to p y all costs and attorney fees incurred by Assignee to collect such amounts.

Assignor is aware that the above P rchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absol tely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignm nt, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of th Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor rep esents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an inforn d decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assi nor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to er er into this Assignment of Claim.

Assignor agrees to make to Assign e immediate proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, subordinated, objectec to or otherwise impaired for any reason whatsoever in whole or in part, or if the Claim is not listed on the Schedule, or listed on the Schedul as unliquidated, contingent or disputed, or listed on the Schedule in a lesser amount than the Claim Amount together with interest at the rate of en percent (10%) per annum on the amount repaid for the period from the date of this Assignment through the date such repayment is made. Assignor urther agrees to reimburse Assignee for all costs, and expenses, including reasonable legal fees and costs, incurred by assignee as a result of such disa lowance. In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell Assignee, and, at Assignee's option only, Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid her in not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon Assignee's satisfaction that the Cl m has been allowed in the higher amount and is not subject to any objection by the Debtor.

Assignor acknowledges that, in th e event that the Debtor's bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code and Assignee has paid for t e Claim, Assignor shall immediately remit to Assignee all monies paid by Assignee in regard to the Claim and ownership of the Claim shall reve t back to Assignor.

Assignor hereby irrevocably appc nts Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such mounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee fu authority to do all things necessary to enforce the claim and its rights there under pursuant to this Assignment of Claim. Assignor agrees that the p wers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole op ion. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to t ke such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distribution on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consen s.

Assignor agrees to forward to As ignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such ther action with respect to the Claim in the Proceedings, as assignee may from time to time request. Assignor further agrees that any distribution recei ed by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assig ee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later t an 5 business days) deliver to Assignee any such property in the same form received, together with any endorsements or documents nece sary to transfer such property to Assignee.

If Assignor fails to negotiate the istribution check issued to Assignor on or before ninety (90) days after issuance of such check, then Assignee shall void the distribution check, the a ount of cash attributable to such check shall be deposited in Assignee's bank account, and Assignor shall be automatically deemed to have wa ved its Claim. Unless Assignee is informed otherwise, the address indicated on this Assignment of Claim shall be the proper address for distributio purposes unless a Proof of Claim has been filed, in which case the address on the Proof of Claim shall be utilized for such.

The terms of this Assignment of laim shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns

Assignor hereby acknowledges the at Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All repres tation and warranties made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignm ent of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall b governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Cla im may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction ove Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the addres set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

CONSENT AND WAIVER

Upon Assignor's delivery to Assi nee of its executed signature page to this Assignment of Claim, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001 (e) of the Federal Rules of Bankruptcy Procedure ("FRBP"), with respect to the Claim, while Assignee performs its due diligence on the Claim. Assi nee, at its sole option, may subsequently transfer the Claim back to Assignor if due diligence is not satisfactory, in Assignee's sole and absolute disc etion pursuant to Rule 3001 (e) of the FRBP. In the event Assignee transfers the Claim back to Assignor or withdraws the transfer, at such ti e both Assignor and Assignee release each other of all and any obligation or liability regarding this Assignment of Claim. Assignor hereby acknowl dges and consents to all of the terms set forth in this Assignment of Claim and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001 (e) of the FRBP.

IN WITNESS WHEREO , the undersigned Assignor hereunto sets its hand this ___8___ day of _Fe bruary_, 2006.

**KITTRICH CORPORA TION**

By: _____
(Signature)

_President_
Print Name/Title

Telephone

By: _____
Fredric Glass - Fair H rbor Capital, LLC

Winn-Dixie Procurement Inc.