**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | CASE NO. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | CHAPTER 11 |
| | ) | JOINTLY ADMINISTERED |
| | ) | |

**OBJECTION OF NEW PLAN EXCEL REALTY TRUST, INC. AND ARONOV
REALTY MANAGEMENT, INC. TO DEBTORS' AMENDED OMNIBUS MOTION
FOR ORDER TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY
LEASES, (II) FIX CURE AMOUNTS AND (III) GRANT RELATED RELIEF**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

NEW PLAN EXCEL REALTY TRUST, INC. ("New Plan"), and ARONOV

REALTY MANAGEMENT, INC. ("Aronov") by their undersigned attorneys, make this

Objection to Debtors' Amended Omnibus Motion for Order to (I) Assume Non-Residential Real

Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief (the "Motion") and in

support thereof aver:

1.      New Plan and Aronov are the owners or agents for the owners of various

shopping centers in which Debtors operate retail stores pursuant to written leases (each a "Lease"

and collectively the "Leases").  All of New Plan's and Aronov's Leases are leases of premises

located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua

Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).  New Plan and Aronov are hereinafter sometimes

collectively referred to as "Objecting Landlords".

**Background**

2.      Debtors filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code on or about February 21, 2005 in the United States Bankruptcy Court for the Southern District of New York.  The matter was subsequently transferred to this Court.  The Debtors continue to operate their business as debtors-in-possession.

3.      Following the filing of Debtors' fourth motion for an extension of time to assume or reject unexpired leases of non-residential real property (the "Fourth Extension Motion"), Objecting Landlords, and several other similarly situated landlords, reached an agreement with the Debtors regarding that extension request[1] which resulted in the entry of that certain Order dated March 10, 2006 and docketed at Docket #6472 (the "Extension Order"). Objecting Landlords, and the other landlords covered by the Extension Order, had objected to an extension through the Effective Date of confirmation and sought a shortening of Debtors' time to assume or reject leases.  The Extension Order provides, at decretal paragraph 3, that the period within which the Debtors must move to assume or reject Objecting Landlords' leases is extended through the earlier of the date upon which Debtors begin soliciting votes on the Plan or May 19, 2006.

4.      On or about May 19, 2006, Debtors filed their Omnibus Motion to assume non-residential real property leases, which Omnibus Motion was amended by this Motion (Docket #7966).  By the Motion, Debtors seek to assume Objecting Landlords' leases, with said assumption to be effective as of the Effective Date of Debtors' Plan of Reorganization.  Debtors

---

[1]      In the Fourth Extension Motion Debtors had requested an extension through the Effective Date of their Plan of Reorganization.

further state that in the event there is no Effective Date the leases will not be assumed and no

cure payments will be made.  (Motion at ¶ 7)

5.      In paragraph 8 of the Motion, Debtors request that, to the extent necessary,

they be granted an extension of time under Section 365(d)(4) through the Effective Date of their

Plan of Reorganization to assume or reject Objecting Landlords' leases.  Both the request to

postpone the effectiveness of assumption as well as the request for a further extension of time to

assume or reject the leases are contrary to what landlords' counsel believed to be the agreement

reached between Debtors and the landlords who objected to the Fourth Extension Motion, or, at

the very least, contrary to the spirit of that agreement.

## Extension of Time to Assume or Reject Leases

6.      Pursuant to Section 365(d)(4) of the Bankruptcy Code the burden is on

Debtors to establish cause for any further extension of time to assume or reject their leases.  As

noted, Objecting Landlords, and others similarly situated, specifically negotiated a shortened

time to assume or reject leases at the time that Debtors were pursuing the Fourth Extension

Motion.  Debtors now come back to this Court and ask for yet a further extension through the

Effective Date of the Plan of Reorganization, if such an extension is necessary.  Objecting

Landlords and the other landlords similarly situated certainly would not have agreed to the

Debtors' Order had they thought that Debtors meant that they could simply file the assumption

motion and then postpone the actual assumption of leases until Confirmation, whenever that

might occur.[2]

---

[2]        Objecting Landlords suspect that the "if necessary" portion of the request refers to the fact that there is an
outstanding motion to assume leases which Debtors believe may render a further extension motion
(continued...)

7.     Moreover, even if an extension is granted, which it certainly should not be at this time, such extension may only extend through confirmation of the Plan of Reorganization, not through the Effective Date thereof.

8.     Objecting Landlords adopt the various positions and sound legal reasoning set forth in the <u>Limited Objection of the Prudential Insurance Company of America to the Debtors' Omnibus Motion for an Order to (I) Assume Non-Residential Leases, (II) Fix Cure Amounts and (III) Grant Related Relief</u>, (Docket #8920) as fully as though same were set forth at length hereat.

**<u>Cure Amounts</u>**

9.     Set forth on below are Objecting Landlords' monetary claims for rentals due, exclusive of any sums which have become due or been paid after June 29, 2006.  The claims set forth are the base cure claim amounts subject to additional qualifications and modifications (such as reimbursement of attorney's fees) as more fully set forth below.

---

(...continued)

      unnecessary.  If that is Debtors' position then they are simply seeking to achieve an extension through the Effective Date of their Plan of Reorganization through the back door rather than asking for the extension which they know would be contrary to the agreement reached in March.

| SHOPPING CENTER | LOCATION | STORE # | DEBTOR'S CURE $ | LANDLORD'S CURE $ PRE-PETITION | LANDLORD'S CURE $ POST-PETITION[3] |
|---|---|---|---|---|---|
| **ARONOV[4]** | | | | | |
| Cordova Collection | Pensacola, FL | 556 | - 0 - | $14,136.39 | <$268.84> |
| Eastdale Square | Montgomery, AL | 460 | - 0 - | $16,666.76 | $2,271.32 |
| Southview Square | Dothan, AL | 454 | $20,451.00 | $23,309.32 | $6,767.96 |
| Wiregrass Plaza | Dothan, AL | 426 | $15,166.00 | $17,395.92 | $5,360.03 |
| **NEW PLAN** | | | | | |
| Holly Hill S. Ctr. | Holly Hill, FL | 2258 | $8,629.00 | $2,629.36 | $39,097.98 |
| Marketplace at Wycliffe | Lake Worth, FL | 281 | $132,097.00 | <$7,733.32> | $40,404.33 |
| Marrero S. Ctr. | Marrero, LA | 1440 | *[5] | $7,737.00 | $262,223.59 |
| Miami Gardens | Miami, FL | 231 | $140,478.00 | $189,320.45 | $47,439.75 |
| Normandy Square | Jacksonville, FL | 153 | - 0 - | $5,469.00 | $63,531.19 |
| Riverwood | Port Orange, FL | 2311 | $95,391.00 | $101,142.91 | $27,385.71 |
| Rutland Plaza | St. Petersburg, FL | 698 | $16,834.00 | $30,560.34 | $33,515.43 |
| Shoppes of Victoria Sq. | Port St. Lucie, FL | 2348 | - 0 - | $198.82 | $23,509.49 |
| Silver Hills | Orlando, FL | 2301 | $13,869.00 | $19,083.55 | $11,395.34 |

10.    Objecting Landlords further aver that additional amounts, not as yet

known, may also be due with regard to the pre-petition and post-petition periods, such as year-

end adjustments to various items including, but not limited to, real estate taxes and common area

---

[3]    Includes July, 2006 rent for New Plan locations.  See Exhibit "A".

[4]    See Exhibit "B" for details of Aronov Cure Claims.  Post-Petition claims do not include July 2006 rentals due.

[5]    This store was previously misidentified as store #1403 on New Plan's location chart.  Accordingly, although the store was to be included in the list of stores subject to the separate Extension Order, store #1403 was listed instead.

maintenance, as well as annual percentage rental.  Section 365(b) requires that a debtor cure all defaults in conjunction with a lease assumption.  Since certain accrued, unbilled items may not have been invoiced to date, there can be no default for the failure to pay same.  Nevertheless, Debtors must acknowledge, and any Order approving cure amounts and assumption  of Objecting Landlords' leases should provide, that Debtors remain liable for the unbilled items, even though they may cover, wholly or partially, a pre-petition and/or post-petition period of time, and that payment of year end adjustments will be made when due pursuant to the terms of the Leases.

11.     Objecting Landlords further request that they be reimbursed as part of the cure payments for all of their actual pecuniary losses including, but not limited to, attorney's fees and costs expended with regard to Debtor's bankruptcy proceedings.  Objecting Landlords request that they be reimbursed attorneys fees of $5,000.00 per lease.

12.     In addition to the monetary obligations that Debtors must satisfy under Section 365 of the Bankruptcy Code, Objecting Landlords' Leases also provide that Debtors must indemnify and hold Objecting Landlords harmless with regard to existing claims as well as with regard to events which may have occurred pre-assumption but which are not made known to Objecting Landlords or Debtors until some period post-assumption.  Accordingly Debtors must be required to evidence, or obtain adequate insurance in order to guaranty, (by way of purchase of a "tail" or otherwise) that their indemnity responsibilities will be met.  Claims for indemnity may include, but are not limited to, claims for personal injuries which occur at the leaseholds, where Objecting Landlords is joined as a party defendant, damage and destruction to the property by Debtors or their agents, claims for environmental damage or environmental clean up, *etc*.

**Adequate Assurance of Future Performance**

13.     Pursuant to Section 365(b)(1)(C) of the Code, Debtors may only assume

the Leases if they provide "adequate assurance of future performance . . . ."  As set forth in

Section 365(b)(3), adequate assurance of future performance in the shopping center context

includes, *inter alia*, adequate assurance:

> "(A)    of the source of rent and other consideration due under such
> lease, and in the case of an assignment, that the financial condition
> and operating performance of the proposed assignee and its
> guarantors, if any, shall be similar to the financial condition and
> operating performance of the debtor and its guarantors, if any, as
> of the time the debtor became the lessee under the lease;
>
> (B)    that any percentage rent due under such lease will not
> decline substantially;
>
> (C)    that assumption . . . of such lease is subject to all the
> provisions thereof, including (but not limited to) provisions such as
> radius, location, use or exclusivity provision, and will not breach
> any such provision contained in any other lease, . . . relating to the
> shopping center;…."

14.     The burden of proof on adequate assurance issues is with the Debtors.

*See, In re Lafayette Radio Electronics Corp.* 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1991)

15.     Debtors have not provided any evidence of adequate assurance to date.

Although Objecting Landlords believe that Debtors can certainly fulfill such obligations, Debtors

must be required to at least make a *prima facie* showing of adequate assurance.

## **Joinder in Other Objections**

16.     Objecting Landlords hereby join in the objections filed by Debtors' other landlords, to the extent not inconsistent herewith.

**WHEREFORE**, Objecting Landlords pray that Debtors be required to pay the undisputed portion of Objecting Landlords' cure claims within ten (10) days following the assumption of Objecting Landlords' Leases; and,

**WHEREFORE,** Objecting Landlords pray that this Court set a date approximately thirty days following approval of the assumption of Objecting Landlords' Leases as a status hearing with regard to any remaining disputed cure claims, and set a further date no later than sixty days following the said approval date for a final hearing to determine any remaining disputed cure claims; and,

**WHEREFORE,** Objecting Landlords pray that Debtors shall be required to pay, as a part of the cure payments, the agreed upon attorneys' fees with regard to each location within ten (10) days after agreement between Debtors and Objecting Landlords as to the amount of said attorneys' fees, and that in default of such an agreement that the Court hear the attorneys' fees dispute as part of the claims dispute on the dates scheduled for the Status Conference and Final Hearing as requested above; and

**WHEREFORE,** Objecting Landlords pray that Debtors be required to promptly proceed with the Motion and assume Objecting Landlords' Leases within the next thirty (30) days; and

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

DATED:  July 3, 2006

**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

**BY:    /s/ David L. Pollack**
**DAVID L. POLLACK**
**JEFFREY MEYERS**
**DEAN WALDT**
**Attorneys for New Plan Excel Realty Trust,**
**and Aronov Realty Management, Inc.**
**51st Floor - Mellon Bank Center**
**1735 Market Street**
**Philadelphia, Pennsylvania  19103**
**(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

## **CERTIFICATE OF SERVICE**

I certify that service of the foregoing was made on June 22, 2006 via ECF

Noticing and email upon the parties listed below.


_____/s/ David L. Pollack_____

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL 32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL 32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY 10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL 32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL 32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19801<br>Jleamy@skadden.com | |