

## LEASE TERMINATION AGREEMENT

THIS LEASE TERMINATION AGREEMENT ("Agreement") is made as of January 24, 2005 by and between **440 GROUP, LTD.**, a Texas limited partnership (together with its successors and assigns, "Landlord") and **WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation, as successor by merger to WINN-DIXIE LOUISIANA, INC., a Florida corporation, as successor by merger to WINN-DIXIE TEXAS, INC. a Florida corporation (together with its successors and assigns, "Tenant").

### RECITALS:

1. Tenant and Landlord are the current parties to a lease dated December 1, 1992 by and between Texvestco, a Texas general partnership (as Landlord) and Winn-Dixie Texas, Inc., a Florida corporation (as Tenant), as amended and/or evidenced by: (i) First Amendment to Lease dated January 21, 1994; (ii) Second Amendment to Lease dated September 10, 1997; and (iii) Letter Agreement dated September 10, 1997 (the "Lease"), pursuant to which Tenant rented and occupied certain real property and improvements known as Winn-Dixie Store #2462, located in a shopping center known as 440 Plaza Shopping Center, Killeen, Bell County, Texas, and being more particularly described in the Lease (the "Premises").

2. A Short Form Lease has been recorded at Official Record Volume 2921, Page 5 of the public records of Bell County, Texas (the "Short Form").

3. Pursuant to a guaranty dated December 9, 1992 (the "Guaranty"), Winn-Dixie Stores, Inc. ("Guarantor") guaranteed certain obligations of Tenant under the Lease.

4. The term of the Lease is scheduled to expire on August 31, 2008 (the "Scheduled Expiration Date").

5. Tenant has requested and Landlord has agreed to terminate the Lease and Guaranty as of January 31, 2005 (the "Release Date") and prior to the Scheduled Expiration Date upon the terms and conditions stated herein.

**NOW THEREFORE**, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord and Tenant agree, represent, and/or warrant, as applicable, as follows:

1. The foregoing recitals are true and correct and incorporated herein by reference.

2. On the Release Date, Tenant tendered or shall tender to Landlord, and Landlord accepted or shall accept from Tenant, the Premises "as is."

3. Beginning on the Release Date, Tenant shall not be obligated to pay minimum guaranteed rental (or any additional rental or other charges under the Lease). Instead, Tenant will pay to Landlord, or Landlord's designee, $217,750.00 (the "Termination Payment"). The Termination Payment shall be paid in thirteen (13) monthly installments of $16,750.00 each, which installments shall be due and payable on the first day of each month, beginning February 1, 2005. Upon Landlord's receipt of the full Termination Payment, Tenant shall be released from any and all obligations relating to payments under this Agreement.

4. As of the Release Date, the Lease and Guaranty are or shall be terminated, and Landlord and Tenant hereby release and discharge each other, including their respective subsidiaries, affiliates, officers, directors, agents, and employees and specifically including Guarantor as of such Release Date from all obligations and liabilities, whether known or unknown, foreseen or unforeseen, under or in connection with the Lease or Tenant's use or occupancy of the Premises, the condition of the Premises and with the Guaranty.

5. Landlord represents and warrants to Tenant it is the owner and holder of title to the Premises, that it, and the person signing on behalf of it, has the power and the lawful authority to execute and deliver this Agreement, and that no consent, authorization, approval, or notice to any other party is necessary in connection with the execution and delivery of this Agreement by Landlord or its representative, or as a prerequisite to its enforceability against Landlord except for the consent of Extraco Banks, N.A., ("Landlord's Mortgagee").

6. Tenant remises, releases, quitclaims, and surrenders to Landlord, its successors and assigns, forever, the Lease and all rights of Tenant in and to the Premises, however acquired, together with all of its right and interest (and Title, if any) in and to any and all improvements, furniture, personal property, equipment and fixtures on the Premises as of the Release Date, and all of the estate and rights of Tenant in and to the Lease. Tenant agrees that Landlord shall have the right to re-enter upon the Premises as of the Release Date, as fully as it would or could have done if that were the date provided for the expiration or termination of the Lease.

Tenant warrants to Landlord that:

(a) It is the legal and equitable owner of the lessee's interest in the Lease with full power and authority to terminate same.

(b) The Lease is not and has not been assigned or transferred and is not and has not been hypothecated, pledged, mortgaged or in any way encumbered.

(c) All subleases, concessions and other rights of use and occupancy of the Premises, insurance policies, and maintenance and service contracts have been legally terminated and all charges thereunder paid in full, and Tenant has no knowledge of any causes of action against Landlord existing as of the Release Date in any party to a sublease, concession, agreement for use, or occupancy or insurance policy or maintenance or service contract, based on inducing the breach of a contract with respect to same.

(d) All charges for utility service (gas, water, electricity, etc.) have been paid in full, except those charges approved by Landlord and prorated to the Release Date.

(e) There are no outstanding contracts for the supply of labor or materials as of the Release Date, and no work has been done or is being done nor have materials been delivered in, about or to Premises which have or have not been fully paid for, for which a mechanic's lien could be asserted and/or foreclosed under the lien laws of the state in which the Premises are located.

(f) All taxes, charges, assessments, levies or impositions required by the Lease to be paid by Tenant under the Lease have been paid in full, except those charges approved by Landlord and prorated to the Release Date.

7. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and all of which when considered together shall be deemed one instrument.

8. This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

9. Neither Landlord nor Tenant shall record this Agreement but each of Landlord and Tenant shall direct that a memorandum of this Agreement be recorded in the public records of Bell County, Texas to evidence termination of the Lease and Guaranty of record.

**IN WITNESS WHEREOF**, Landlord and Tenant have executed this Agreement as of the date first above written.

Signed, sealed and delivered
in the presence of:

Print Name: Tiffany English

Print Name: Nancy Stone

440 GROUP, LTD.,
  a Texas limited partnership

By: **440 GROUP MANAGEMENT, LC**
Its: General Partner

By: _____
Printed Name:  Ronnie Gene Williams
Its:           Manager


Print Name: **CLAIRE M. COVERDELL**

Print Name: **REBECCA L. SAWYER**

WINN-DIXIE MONTGOMERY, INC.,
  a Florida corporation

By: _____
Printed Name:  Bennett L. Nussbaum
Its: VICE PRESIDENT

STATE OF __TEXAS__ )
COUNTY OF __BELL__ )

The foregoing instrument was acknowledged before me this _18th_ _January_, 200_5_, by __Ronnie Gene Williams__, as __Manager__ of **440 GROUP MANAGEMENT, LC**, general partner of **440 GROUP, LTD.**, A Texas limited partnership, who **[PLEASE CHECK ONE]** __✓__ is personally known to me or ____ has produced _____ as identification.

_Mary E. Sutter_
Printed Name: _MARY E. Sutter_
Notary Public, State and County aforesaid.
My Commission Expires: _4-1-05_
Notary ID No.: _____
(NOTARIAL SEAL)

> Mary E. Sutter
> Notary Public
> STATE OF TEXAS
> My Comm. Exp. 04/01/2005

STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this _January 24_, 200_5_, by __Bennett L. Nussbaum__, as __VICE PRESIDENT__ of **WINN-DIXIE MONTGOMERY, INC.**, a Florida corporation, on behalf of the corporation, who is personally known to me.

_Claire M. Coverdell_
Printed Name: ____CLAIRE M. COVERDELL____
Notary Public, State and County aforesaid.
My Commission Expires: _____
Notary ID No.: _____
(NOTARIAL SEAL)

> CLAIRE M. COVERDELL
> MY COMMISSION # DD 232075
> EXPIRES: July 14, 2007
> Bonded Thru Notary Public Underwriters

## CONSENT

The undersigned, the owner and holder of a mortgage upon the Premises, hereby consents to the terms and conditions of this Agreement.

*Ruth Skinner* (signature)
Print Name: E Ruth Skinner

*Cindy Flores* (signature)
Print Name: Cindy Flores

**EXTRACO BANKS, N.A.**

By: *Cleneth G. Young* (signature)
Printed Name: Cleneth G. Young
Its: Senior Vice President / Market Executive

STATE OF Texas )
COUNTY OF Bell )

The foregoing instrument was acknowledged before me this January 12th, 2005, by Cleneth G. Young, as Senior Vice President of EXTRACO BANKS, N.A., _____, on behalf of the _____, who [PLEASE CHECK ONE] ✓ is personally known to me or ____ has produced _____ as identification.

*Shatilya T. Brooks* (signature)
Printed Name: Shatilya T. Brooks
Notary Public, State and County aforesaid.
My Commission Expires: 10/25/2008
Notary ID No.: 12508969-7
(NOTARIAL SEAL)

[Notary Seal: SHATILYA T. BROOKS, Notary Public - State of Texas, Commission Expires: 10/25/08]