UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

---------------------------------------------------- x
:
In re:                                              :    Case No. 05-03817-3F1
:
WINN-DIXIE STORES, INC., et al.,                    :    Chapter 11
:
Debtors.                                      :    (Jointly Administered)
:
:    Obj. Deadline: July 6, 2006 @ 4:00 p.m.
:    Hrg. Date: July 13, 2006 @ 1:00 p.m.
:
---------------------------------------------------- x

**RESPONSE OF THE PRUDENTIAL INSURANCE COMPANY OF AMERICA TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS, (C) UNLIQUIDATED CLAIMS AND (D) AMENDED AND SUPERSEDED CLAIMS**

The Prudential Insurance Company of America (the "Landlord") hereby responds (the "Response") to the Debtors' Thirteenth Omnibus Objection To (A) No Liability Claims, (B) Overstated Claims, (C) Unliquidated Claims And (D) Amended And Superseded Claims (the "Claim Objection"), and respectfully represents as follows:

I. **BACKGROUND FACTS**

1. Winn-Dixie Stores, Inc. and certain affiliated parties (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code on February 21, 2005. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

2. Landlord is the owner or managing agent of the following shopping center wherein Debtors continue to operate one of their stores (the "Premises") pursuant to an unexpired lease of nonresidential real property (the "Lease").

---

[1] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

| The Prudential Insurance Company of America | |
|---|---|
| Lake City Shopping Center | Lake City, Florida |

3. The Lease is a "lease of real property in a shopping center" as that term is used in Section 365(b)(3). *See* In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-1087 (3rd Cir. 1990).

4. On or about July 19, 2005, and in response to the Debtors' established claims bar date of August 1, 2005, Landlord filed a protective claim in this matter to preserve the timeliness of any proof of claim that should arise in connection with Premises and the Lease (the "Claim"). On or about June 13, 2006, Debtors filed the Claim Objection, requesting authority to disallow certain claims, including the Claim, which it references as Claim No. 7388.

## II. ARGUMENT

### A. The Debtor presents no evidence to rebut the prima facie validity of the Claim.

5. Pursuant to Section 502(a), a proof of claim is deemed to be allowed unless a party in interest objects. 11 U.S.C. §502(a). Thus, a proof of claim operates as *prima facie* evidence of such claim. *See* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 352 (1977); S. Rep. No 95-989, 95th Cong., 2nd Sess., at 62 (1978); *see also* Fed. R. Bankr. Proc. 3001(f).

6. The burden of proof for claims against a debtor rests on different parties at different stages of the proceedings. The claimant must initially allege facts sufficient to support its claim, but once this is done, the claim is *prima facie* valid. The Claim satisfies the *prima facie* validity requirement.

7. The burden of proof then shifts to the Debtors to produce sufficient evidence to negate the *prima facie* validity of the Claim by refuting at least one of the essential allegations of the claim. Only after an objecting party produces evidence equal in probative force to the *prima facie* claim does the burden revert to the claimant to prove the validity of its claim by a preponderance of the evidence. *See* In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992). *See also* Fullmer v. U.S. (In re Fullmer), 962 F.2d 1463, 1466 (10th Cir. 1992) ("A

properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this *prima facie* evidence, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim.") (citations omitted); In re Inter-Island Vessel Co., Inc., 98 B.R. 606, 608 (Bankr. D. Mass. 1988).

8.    In this case, the Debtors have not produced sufficient evidence to support the Claim Objection. Specifically, the Debtors state that the Claim does not match their books and records, without any supporting evidence. The Debtors also state that it is improper to file a claim that includes an administrative priority component as part of such claim, again without any support. Rather, only conclusory statements are provided with respect to the Claim Objection. Unless the Debtors produce sufficient evidence in support of their objection, the Court should overrule the Claim Objection.

**B.    The Claim is not ripe for adjudication**

9.    The Claim relates to an unexpired lease for retail space where the Debtors continue to operate their business. Until the Debtors assume or reject the Lease, an accurate assessment of the total amount owing under the Lease is not possible and any final order on the amount of the Claim is premature. As a result, the Claim is not ripe for adjudication and any objection to the Claim should be adjourned until such time as the Debtors assume or reject the Lease. In fact, the Debtors have listed the Lease on the schedule of leases that the Debtors intend to assume as part of their plan of reorganization. If the Lease is assumed, the Claim will be resolved through the cure process. Until a final cure is paid, however, the Claim should remain in place to protect Landlord's rights.

**C.    The Claim is timely and properly filed.**

10.   Landlord timely filed the Claim on or about July 19, 2005. The Claim Objection does not dispute the timeliness of the filing of the Claim. Instead, the Claim Objection seeks to disallow the Claim on the following grounds:

No liability per Debtor's books and records. Administrative claim not properly assertable on proof of claim form. Claims to be disallowed without prejudice to claimant filing an application pursuant to 11 U.S.C. Section 503(a) and Local Rule 3071-1.

11. As set forth above, the Claim relates to a lease for retail space at the above-referenced shopping center where the Debtors continue to operate their business. The Claim was filed as a protective claim to preserve the timeliness of the filing of a proof of claim in response to the claim bar date imposed by the Debtors. The Claim, therefore, only reflects those charges owing as of the date of the filing of the Claim. The charges due and owing under the Lease include attorneys' fees incurred in protecting Landlord's rights during this bankruptcy case. The Debtors cite no authority for the contention that such Lease charges may not be included in a proof of claim.

12. To the extent that the Court is inclined to disallow the Claim due to its assertion of a claim for an administrative expense, Landlord requests that such disallowance be without prejudice to its rights to assert such claim as an administrative expense in connection with a separately filed administrative claim or in connection with a cure claim arising from the assumption of the Lease by the Debtors. Additionally, Landlord requests that any order disallowing the claim not adversely affect Landlord's rights with respect to the timeliness and amounts asserted in such claim. Specifically, for purposes of the need to file any amended claim in the future, the filing date of the Claim must be preserved, and all other rights with respect to the Claim must remain available to the Landlords.

**D.   Request for hearing date as a status conference on resolution of claims.**

13. Landlord requests that the hearing date set for the Claim Objection serve as a status conference. Counsel for the parties may resolve some or all outstanding issues between the filing of this Response and the scheduled hearing on the Claim Objection. Setting the first hearing as a status conference will allow the parties to assess the Claim, reach agreement on those issues which may be resolved and those which cannot, determine whether any discovery may be necessary, and estimate how much of the Court's time will be needed (if any) to adjudicate the Claim.

### E. Landlord is entitled to a single adjudication of the Claim.

14. Finally, Landlord notes that the Claim Objection and proposed order seek to preserve all rights of the Debtors to object to the Claim on other grounds. This prejudices Landlord and other creditors in that it exposes the Landlord to multiple litigation of the Claim, thereby unnecessarily increasing costs to the Landlord and the bankruptcy estate. Creditors are entitled to finality with respect to their claims without unnecessary and duplicative costs. To the extent the Debtors seek to proceed with the Claim Objection with respect to the Claim, Debtors should be ordered to come forward with any and all objections that they wish to raise. This will allow the Debtors and all other creditors of the estates the benefit of a final adjudication of the Claim upon a conclusion of a final hearing or trial on any Claim.

### III. CONCLUSION

Based on the foregoing, Landlord respectfully requests that the Court enter an Order:

    a. Denying the Claim Objection as it relates to the Claim, and based upon the Debtors' apparent inability to refute the prima facie validity of the Claim, overrule the Claim Objection;

    b. Adjourning any hearing with respect to the Claim until such time as the Debtors have assumed or rejected the Lease;

    c. In the alternative, setting a hearing date to serve as a status conference as to the Claim;

    d. Requiring that any adjudication of the Claim result in a final allowed claim that is not subject to further objection from the Debtors or any other party;

e. That any order disallowing the Claim preserve all of Landlord's rights under the originally filed Claim, including but not limited to, the timeliness of the filing of such claim; and

f. For such other and further relief as the Court deems just and proper.

Dated: July 6, 2006

**HELD & ISRAEL**

By: /s/
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile

and

**KATTEN MUCHIN ROSENMAN LLP**
Attorneys for The Prudential Insurance Company of America
Thomas J. Leanse (TL-8802)
Dustin P. Branch (DB-3553)
2029 Century Park East, Suite 2600
Los Angeles, California 9006
Phone: (310) 788-4400
FAX: (310) 788-4471