UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) ) ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) ) | CASE NO. 05-03817-3F1 |
| Debtors. | ) ) ) ) | CHAPTER 11 <br> JOINTLY ADMINISTERED |

**RESPONSE OF NEW PLAN EXCEL REALTY TRUST, INC. AND ARONOV REALTY MANAGEMENT, INC. TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS, (C) UNLIQUIDATED CLAIMS AND (D) AMENDED AND SUPERSEDED CLAIMS**

TO THE HONORABLE, JERRY A. FUNK
UNITED STATES BANKRUPTCY JUDGE:

**NEW PLAN EXCEL REALTY TRUST, INC.** ("New Plan"), and **ARONOV REALTY MANAGEMENT, INC.** ("Aronov") by their undersigned attorneys, make this Response to Debtors' Thirteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims, (C) Unliquidated Claims and (D) Amended and Superseded Claims (the "Objection") and in support thereof aver:

1. New Plan and Aronov are the owners or agents for the owners of various shopping centers in which Debtors operate or previously operated retail stores pursuant to written leases (each a "Lease" and collectively the "Leases"). All of New Plan's and Aronov's Leases are leases of premises located in shopping centers, as that term is used in 11 U.S.C. § 365(b)(3). *See, In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). New Plan and Aronov are hereinafter sometimes collectively referred to as "Objecting Landlords".

2. By the Objection, Debtors seek to disallow, expunge or reduce the following claims:

| Claim # | Landlord |
|---------|----------|
| 12197 | New Plan (Midway Village) |
| 12201 | New Plan (Clinton Crossing) |
| 10301 | Aronov (Wiregrass) |

3. Rule 3001 of the Federal Rules of Bankruptcy Procedure provides, at Subsection (f):

> **Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim.

### Claim #12197 - New Plan (Midway Village)

4. New Plan consents to the disallowance of this claim.

### Claim #12201 - New Plan (Clinton Crossing)

5. Debtors object to the claim filed by New Plan on behalf of Clinton Crossing in the amount of $2,225,801.07 alleging that the claim should be reduced to $1,692,845.90. Debtors assert that the reduced amount is composed of a rejection damage claim of $1,673,612.10 and 2005 pre-petition ground lease and lease rent of $892.85 and $18,340.95 respectively. Debtors give absolutely no explanation of how they reached the numbers they assert are due. Accordingly, Debtors have failed to overcome the *prima facie* validity of the claim and the claim should be allowed, subject to reduction as set forth below.

6. In reviewing its claim in order to respond to Debtors' Objection, New Plan noted that an incorrect figure was inserted with regard to property taxes. Accordingly, New Plan has revised the schedule attached to its claim, a copy of which is attached hereto as Exhibit "A". The gross damage claim is reduced to $13,927,790.09 and the resultant 15% calculation of the

gross damage claim is reduced to $2,089,168.52[1]. The cap on New Plan's claim is three years of rent and charges for a total of $2,098,805.29. Since 15% of the damage claim is less than three years of rent and charges the 15% calculation is the correct figure to be used in determining the unsecured claim. The pre-petition claim of $23,739.68 remains unchanged. Accordingly, New Plan would consent to the reduction of its claim to $2,112,908.10.

### Claim #10301 - Aronov (Wiregrass)

7. Debtors object to claim #10301 filed by Aronov on behalf of Wiregrass. The Wiregrass Lease is subject to Debtors' Amended Omnibus Motion for Order to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief (Docket #7966). Accordingly, although Aronov responds herein to the Objection, Aronov suggests that any disputes regarding this claim should be addressed as a part of the resolution of cure claims related to assumed leases.

8. Debtors seek to reduce this claim by $3,000.00 on account of 2004 "hurricane damage". No hurricanes affected this property in either 2004 or 2005. Nevertheless, Aronov will consent to the reduction of its claim to $12,166.37, subject to a reservation of all rights to claim all cure amounts due.

**WHEREFORE,** Objecting Landlords pray that claims 12201 and 10301 be reduced and allowed in the amounts set forth above, and that claim 12197 be disallowed; and

---

[1] New Plan notes that Debtors' calculation of rejection damages is less than three years worth of base rent and pad base rent, and only slightly more than 15% of the total claim based on base rent and pad base rent alone. Debtors' calculation apparently gives no credit whatsoever for common area maintenance charges and property taxes, both of which are includable in the calculation of the rejection damage claim.

**WHEREFORE,** Objecting Landlords pray for such other and further relief as may be just and required under all of the circumstances.

DATED:  July 6, 2006

          **BALLARD SPAHR ANDREWS & INGERSOLL, LLP**

          BY:  **/s/ David L. Pollack**
               **DAVID L. POLLACK**
               **JEFFREY MEYERS**
               **DEAN WALDT**
         **Attorneys for New Plan Excel Realty Trust,**
         **and Aronov Realty Management, Inc.**
         **51st Floor - Mellon Bank Center**
            **1735 Market Street**
         **Philadelphia, Pennsylvania  19103**
               **(215) 864-8325**

LOCAL COUNSEL:

Alan M. Weiss, Esquire
Holland & Knight LLP
15 North Laura Street
Suite 3900
Jacksonville, FL 32202
(904) 798-5459 [telephone]
(904) 358-1872 [facsimile]
Alan.Weiss@HKLaw.com

## CERTIFICATE OF SERVICE

I certify that service of the foregoing was made on July 6, 2006 via ECF Noticing and email upon the parties listed below.

                                            /s/ David L. Pollack

| | |
|---|---|
| D.J. Baker, Esq.<br>Sally McDonald Henry, Esq.<br>Rosalie W. Gray, Esq.<br>Eric M. Davis, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY  10036<br>djbaker@skadden.com<br>Fax: 212-735-2000 | Stephen D. Busey, Esq.<br>James H. Post, Esq.<br>Cynthia C. Jackson, Esq.<br>Eric N. McKay, Esq.<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, FL  32202<br>cjackson@smithhulsey.com<br>Fax: 904-359-7708 |
| Elena L. Escamilla, Esq.<br>U.S. Trustee<br>135 W. Central Boulevard<br>Room 620<br>Orlando, FL  32801<br>Elena.L.Escamilla@usdoj.gov<br>Fax: 407-648-6323 | Dennis F. Dunne, Esq.<br>Milbank, Tweed, Hadley & McCloy LLP<br>1 Chase Manhattan Plaza<br>New York, NY  10005<br>Attorneys for OCUC<br>ddunne@milbank.com<br>Fax: 212-530-5219 |
| John B. Macdonald, Esquire<br>Akerman Senterfitt<br>50 North Laura Street<br>Suite 2500<br>Jacksonville, FL  32202<br>johnmacdonald@akerman.com<br>Fax: 904-798-3730 | Winn-Dixie Stores, Inc.<br>Attn: Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville, FL  32801<br>larryappel@winn-dixie.com<br>Fax: 904-783-5059 |
| Jane M. Leamy, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>One Rodney Square<br>Wilmington, DE 19801<br>Jleamy@skadden.com | |

DMEAST #9559536 v1