UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                               Case No.: 05-03817-3F1

**WINN-DIXIE STORES, INC.,**                         Chapter 11

      Debtor.                                     Jointly Administered
_____/

### SKINNERS OF POINT MEADOWS, INC.'S RESPONSE
### TO DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

SKINNERS OF POINT MEADOWS, INC. ("Skinners"), a landlord creditor, responds to the objection filed by Debtors to Claim No. 9950 in the Debtors' Thirteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims, (C) Unliquidated Claims, and (D) Amended and Superseded Claims (the "Claim Objection"), as follows:

1. Skinners is the owner and landlord of the shopping center located at 10915 Baymeadows Road in Jacksonville, Florida, and Debtor Winn-Dixie Stores, Inc. continues to be a tenant at that shopping center and operate a grocery store pursuant to that certain lease dated September 17, 2002 (the "Lease").

2. On or about July 29, 2005, Skinners filed its proof of claim, which is identified as Claim No. 9950 (the "Skinners Claim"), as a protective claim to preserve the timeliness of any claim that should arise in connection with the Lease. On June 13, 2006, Debtors filed the Claim Objection, requesting authority to fix the Skinners Claim at the liquidated amount of $93,212.84 and to disallow the unliquidated amount of the Claim. The sum of $93,212.84 which the Debtors do not dispute represents the tenant's pro rata share of real estate taxes for 2004 and shopping center insurance for 2004 which were due

and could be ascertained with certainty as of the petition filing date of February 21, 2005. The unliquidated portion of the Skinners Claim represents Skinners' reasonable attorney's fees and costs relating to the uncured default under the Lease, payment of which is authorized by paragraph 27(c) of the Lease. Those fees and costs continue to be incurred in protecting Skinners' rights during this bankruptcy case.

3. The Lease is one of the leases which the Debtor have moved to assume in their amended omnibus motion filed on May 20, 2006 (Docket No. 7966). Skinners filed on June 30, 2006 its objection to the Debtors' proposed cure amount for assuming the Lease (Docket No. 8937) and that objection is pending. Until that objection is resolved through the cure process, the total amount owing by the Debtors as a cure amount under the Lease and therefore the correct amount of the Skinners Claim cannot be determined with any certainty. Any order at this time on the amount of the Skinners Claim would be premature. Consequently, the Skinners Claim is not ripe for adjudication but should remain in place to protect Skinners' rights.

WHEREFORE, Skinners requests that the Claim Objection be overruled and that the Court grant such other relief as is appropriate.

Dated: July 6, 2006

/s/Betsy C. Cox
Betsy C. Cox
Florida Bar No. 307033
ROGERS TOWERS, P.A.
1301 Riverplace Blvd., Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (telephone)
(904) 396-0663 (facsimile)
bcox@rtlaw.com (email)

Attorneys for Skinners of Point Meadows, Inc.