**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
Jacksonville Division

IN RE:
**WINN-DIXIE STORES, INC.**, <u>et al</u>.,   Case No. 3:05-bk-03817

       Debtors.   Chapter 11
          (Jointly Administered)

**LIMITED RESPONSE OF FOUNTAIN COLUMBUS ASSOCIATES, LLC**
**TO THE DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO**
**(A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS, (C) UNLIQUIDATED**
**CLAIMS AND (D) AMENDED AND SUPERCEDED CLAIMS**

Fountain Columbus Associates, L.L.C. ("Fountain") submits this limited response to the Debtors' Thirteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims, (C) Unliquidated Claims and (D) Amended and Superseded Claims ("Objection") and says:

    1.    Fountain leases to Winn-Dixie Montgomery, Inc. ("Debtor") certain nonresidential real property ("Premises") located in the City of Columbus, County of Muscogee, State of Georgia. The lease was originally by and between Edgewood Investments, Ltd., a Georgia limited partnership ("Edgewood"), and Winn-Dixie Montgomery, Inc., and is dated April 11, 1983.  It has been amended, supplemented and assigned on various occasions (the original lease and each of the amendments, supplements and assignments are collectively referred to as the "Lease").  Edgewood assigned the Lease to a third party and this assignment was followed by a series of assignments, the last of which assigned the Lease to Fountain, the current owner of the Premises and the Debtor's landlord.  Photocopies of the original Lease and each amendment, supplement and assignment are attached to proof of claim number 8725("Claim"), previously filed by Fountain.

2. Under the terms of the Lease, the Debtor is responsible for the payment of, or is required to reimburse the Landlord for, among other things, monthly rent, real property taxes payable to the locality in which the Premises is located and insurance premiums paid to insure the Premises.

3. On February 21, 2005 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On the Petition Date, the Debtor owed Fountain the following sums: (a) $4,574.04 for unpaid rent; (b) $17,560.67 for real property taxes due for the 2004 tax year; and (c) insurance premiums of $4,050.67 for 2004 for the Premises pursuant to the Lease terms. The total due was $26,185.38, which remains unpaid.

4. On or about June 13, 2006 the Debtors' filed the Objection. In the Objection, the Debtor sought, among other things, to fix certain unliquidated claims in the amounts owed per the Debtors' books and records. ¶ 16 of the Objection. On Exhibit C, which is attached to the Objection, the Debtors' state that Fountain's claim is unliquidated and seeks to fix it in the amount of $26,185.38. This is the same amount stated in the Claim.

5. Fountain responds to the Objection because the Claim itself is fixed and liquidated, not unliquidated as alleged by the Debtor. The Debtor has acknowledged this in another pleading -- the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases (II) Fix Cure Amounts, and (III) Grant Related Relief ("Assumption Motion") filed with the Bankruptcy Court on or about June 30, 2006. In the Assumption Motion, the Debtor seeks the entry of an order allowing it to assume, among others, the Lease. See Exhibit A to the Assumption Motion. On Exhibit B to the Assumption Motion, the Debtor states that the cure amount payable to Fountain to enable it to assume the Lease is $26,185.38. This amount will be paid when the Lease is assumed. The Assumption Motion does not assert that the cure amount is unliquidated.

6. Fountain asserts that the amount of its Claim and the cure amount are $26,185.38. Provided that the Objection seeks only to characterize this amount as liquidated, Fountain has no objection. To the extent the Motion seeks, in any way, to alter the Claim or Fountain's rights under or in the Claim, Fountain objects and asserts that the Claim is valid, binding and liquidated in the amount of $26,185.38.

WHEREFORE, Fountain Plaza Associates, L.L.C. submits this Response to the Motion and respectfully requests that the Bankruptcy Court determine that it has a valid, binding and liquidated claim in the amount of $26,185.38.

Paul K. Campsen, Esq. (VSB #18133)
Kaufman & Canoles, a professional corporation
150 West Main Street, Suite 2100
Norfolk, VA  23510
Telephone:     (757) 624-3000
Facsimile:      (757) 624-3169

and

Slott, Barker & Nussbaum
334 East Duval Street
Jacksonville, FL  32202
Telephone:     (904) 353-0033
Facsimile:      (904) 355-4148

/s/ Earl M. Barker, Jr.
Earl M. Barker, Jr.
Florida Bar No. 110140

Attorneys for Fountain Plaza Associates, L.L.C.