IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

FILED
JACKSONVILLE, FLORIDA
JUL 10 2006
CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

<u>JAMES CITY COUNTY TREASURER'S REQUEST
FOR RECONSIDERATION OF THE COURT'S "ORDER ON DEBTORS
(I) OMNIBUS OBJECTION AND (II) MOTION REQUESTING DETERMINATION
OF TAX VALUES AND LIABILITIES"</u>

COMES NOW the office of the Treasurer of James City County (hereinafter, "JCC"), Virginia, and files this request that the court reconsider the order issued on June 9, 2006, for the following reasons:

1. The assertion that JCC did not respond to the Motion or the Objection of the Debtors is untrue. JCC timely filed a RESPONSE (photocopy attached) which was received by the court and assigned docket number 7684.

2. The order states that the Tax Claim of JCC (and other creditors) are "based on improper assessments and therefore are asserted in improper amounts." As stated in the RESPONSE, JCC's claim was based on assessments which complied with the requirements of §58.1-3503.A.17, <u>Code of Virginia</u>, to assess the taxes "by means of percentage or percentages of original cost." The Debtors assert that the assessment was based on an erroneous estimate of "fair market value" of the property by JCC, yet Virginia law does not allow the assessment of business personal property based on "fair market value" and JCC did not attempt to utilize such a method of valuation. The fact is that JCC utilized the "original cost" of the property as stated by the Debtors on returns filed with JCC by the Debtors. The Debtors have never amended the returns which they provided JCC for the tax years in question, nor have they utilized any of the means available to them under Virginia law to appeal the tax assessments.

3. The amounts which the Debtors claim in their "Exhibit A" to be the "Revised Assessed Value" are their agent's estimate of "fair market value" of the property and not "original cost" as required by §58.1-3503, <u>Code of Virginia</u>.

4. For purposes of clarification, JCC states that its claim, as filed with the court, included no charges except the taxes due for the tax years stated. No penalty or interest was sought

or received. Furthermore, Debtors paid the taxes in full and satisfied the JCC claim. What they now would attempt to accomplish, if the court does not reconsider its order, is to demand, in contradiction of Virginia law, a refund of some of the taxes lawfully and accurately assessed by JCC.

WHEREFORE the office of the Treasurer of James City County, Virginia, requests that the court reconsider its order and review the RESPONSE which JCC timely filed to the Debtors Motion and Objection to its claim in order to fairly determine the merit of JCC's arguments.

BY: _____
Dallas Parker
Deputy Treasurer
James City County
101-B Mounts Bay Road, P.O. Box 8701
Williamsburg, VA 23187

## Certificate of Service

I certify that a copy of the foregoing REQUEST FOR RECONSIDERATION OF THE COURT'S ORDER was mailed by first class mail this 5th day of July, 2006, to:

Skadden, Arps, Slate, Meagher,
& Flom, LLP
ATTN: D.J. Baker
Four Times Square
New York, NY 10036

Smith, Hulsey, and Busey
ATTN: Cynthia C. Jackson
225 Water Street, Suite 1800
Jacksonville, FL 32202

Office of the Clerk
U.S. Bankruptcy Court
Middle District of Florida
Jacksonville Division
300 N. Hogan Street 3-350
Jacksonville, FL 32202

Cynthia Burnette
Assistant U.S. Trustee
U.S. Trustee Office
Middle District of Florida
501 E. Polk Street, Suite 1200
Tampa, FL 33602

_____
Dallas Parker-Deputy Treasurer

2 JCC Request for Reconsideration of Order