UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.                  Case No.: 3:05-bk-03817-JAF

        Debtor.
_____/

### RESPONSE TO DEBTOR'S SECOND OMNIBUS MOTION TO ASSUME LEASES

Creditor/Landlord, MILLER GROUP PROPERTIES CORPORATION (the "Miller Group"), responds to the Debtor's Second Omnibus Motion for Order to Assume Non-Residential Real Property Leases, Fix Cure Amounts, and Grant Related Relief (Doc. No. 8941) (the "Motion"), and states as follows:

1. On or about July 25, 2002, the Miller Group, as Landlord, entered into a non-residential lease with Debtor for use of the premises located at the Canoe Creek Plaza in the City of St. Cloud, County of Osceola, State of Florida, for Debtor's Store No. 2207 ("Lease").

2. Among other things, the Lease, paragraph (c)(3), requires that "[w]ithin thirty (30) days following Tenant's approval of Landlord's statement and a tax bill therefor from the taxing authority, Tenant shall pay to Landlord the Real Estate Taxes levied on the Store, or if the Store is not a single parcel, Tenant's Pro-rata Share of 'Real Estate Taxes' assessed upon the Shopping Center after deduction of the Outparcel Contribution." Pursuant to the Lease, the Miller Group sought payment from the Debtor in the amount of $100,922.84, which represented the Debtor's pro-rata share of the 2005 real estate taxes.

3. The Debtor only paid $86,544.84 of the amount due because, according to a letter from the Debtor, some of the taxes accrued pre-petition and the balance therefore would be paid upon assumption of the Lease. Attached hereto as Exhibit "A" is a copy of the letter from Winn-

Dixie dated November 17, 2005, (the "Letter"), along with a check stub reflecting the balance due of $14,378.00.

4. Section 365 of the Bankruptcy Code provides that the Debtor may not assume an unexpired lease of the Debtor unless, at the time of assumption, the Debtor cures any defaults, compensates for any actual pecuniary loss resulting from such default, and provides adequate assurance of future performance under such lease.

5. The Debtor's Motion only proposes paying $3,040.36 as the cure amount rather than the amount due of $14,378.00.

6. The Debtor's Motion fails to comply with § 365 of the Bankruptcy Code because it proposes to pay an insufficient cure amount.

WHEREFORE, the Miller Group respectfully requests that this Court enter an Order establishing the cure amount as $14,378.00, requiring the Debtor to pay the Miller Group $14,378.00 upon assumption of the Lease, and granting any other relief that this Court deems appropriate.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via electronic transmission to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32202, John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, and United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Fl 32801; and via United States mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Time Square, New York, NY 10036 and Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, 1 Chase

Manhattan Plaza, New York, NY 10005 this 12th day of July, 2006.

                                **WINDERWEEDLE, HAINES, WARD**
                                  &amp; WOODMAN, P.A.
                                390 North Orange Avenue, Suite 1500
                                Post Office Box 1391
                                Orlando, Florida 32802-1391
                                Attorneys for Miller Group Properties Corp.
                                Telephone: (407) 423-4246
                                Fax: (407) 423-7014

                By:      __/s/ Ryan E. Davis_____
                                RYAN E. DAVIS
                                Florida Bar No. 0179851