UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING REJECTION OF (I) THREE NON-RESIDENTIAL
REAL PROPERTY LEASES THAT WERE ASSIGNED PREPETITION AND
(II) THE RELATED ASSIGNMENT AGREEMENTS**

These cases came before the Court for hearing on July 13, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection, effective as of June 23, 2006, of (i) three non-residential real property leases (the "Leases") that were assigned prepetition and (ii) the related assignment agreements (the "Assignment Agreements") (the "Motion"). On July 6, 2006, objections to the Motion were filed by (a) Brookshire Grocery Company (the "Brookshire Objection"), and (b) 1997 Properties, Inc. (the "1997 Properties Objection" and together with the Brookshire Objection, the "Objections"). The Court has reviewed the Motion and considered the representations of counsel. Upon the representation of counsel for the Debtors that the Brookshire Objection has been resolved by revisions to this Order, and without objection from the United States Trustee or any other interested party, it is

ORDERED AND ADJUDGED THAT:

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

1. The Motion is granted.

2. Except as provided in Paragraph 4 of this Order with respect to the Lease and Assignment Agreement that is the subject of the 1997 Properties Objection, the Debtors are authorized to reject the Leases and the Assignment Agreements pursuant to 11 U.S.C. § 365(a), and the Leases and the Assignment Agreements are deemed rejected effective as of June 23, 2006.

3. To the extent Brookshire Grocery Company has not yet withdrawn its Objection, the Brookshire Objection is overruled.

4. The hearing to consider the 1997 Properties Objection is continued to the omnibus hearing scheduled for July 27, 2006 at 1:00 p.m.

5. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any of the Landlords or the Assignees, whether or not related to the Leases or the Assignment Agreements.

6. Claims by the Landlords for any rejection damages (a) resulting from the rejection of the Leases or (b) allegedly arising under the Related Documents, must be filed within 30 days after the date of entry of this Order.

7. Claims by any of the Assignees stemming from the rejection of the Leases or the Assignment Agreements must be filed within 30 days after the date of entry of this Order.

8. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the validity of the assignment of the Leases to the Assignees, the Assignees' rights and obligations under the respective Leases and Related Documents, or constitute a breach or default by the Assignee of the Leases and Related Documents.

9. Entry of this Order shall not entitle the Debtors to avoid or otherwise seek the return of any money paid by the Debtors pursuant to the Assignment Agreements during the period beginning on the Petition Date and ending on the date of entry of this Order.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 13 day of July, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.