UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

### ORDER AUTHORIZING RETROACTIVE REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASE THAT WAS ASSIGNED PREPETITION (STORE 1361)

These cases came before the Court for hearing on July 13, 2006, upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection of a non-residential real property lease that was assigned prepetition (the "Assigned Lease") (the "Motion"). The Court has read the Motion and considered the representations of counsel. Upon the representations of counsel and without objection from the United States Trustee or any other interested party, the Court determines that good cause exists to grant the relief requested by the Motion and granting the relief is in the best interest of these estates and creditors. Accordingly, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors are authorized to reject the Assigned Lease pursuant to 11 U.S.C. § 365(a), and the Assigned Lease is deemed rejected effective as of June 23, 2006.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

3. Nothing in this Order constitutes a waiver of any claims the Debtors may have against any counterparty to the Assigned Lease, whether or not related to the Assigned Lease.

4. To the extent the Landlord has not already filed a proof of claim for rejection damages under the Assigned Lease or Related Documents, claims for any rejection damages (a) resulting from the rejection of such Assigned Lease or (b) allegedly arising under the Related Documents, must be filed within 30 days after the date of entry of this Order.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 13 day of July, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

2

656767-New York Server 1A - MSW