United States Bankruptcy Court
Middle District of Florida
Jacksonville Division

In re:                                                          Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al,                                 Chapter 11

        Debtors.                                            Jointly Administered
_____/

OBJECTION OF SHOPPES AT LAKE AVENUE, INC. TO
CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR
AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES,
(II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

    COMES NOW, SHOPPES AT LAKE AVENUE, INC., by and through its undersigned attorneys, and files this its Objection to the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief, ("Motion"), and more specifically objects to the Cure Amount set forth in said Motion, and states as follows:

    1.    SHOPPES AT LAKE AVENUE, INC., is the landlord of store #2215 located at 11957 South Apopka Vineland Road, Orlando, Florida.

    2.    On July 18, 2005, SHOPPES AT LAKE AVENUE, INC. (hereinafter referred to as "Landlord") filed a Proof of Claim herein in the amount of $1,810.53 representing CAM charges due under the subject lease.  On July 27, 2005 a duplicate copy of said Proof of Claim was filed with debtors' claim agents, Logan & Company, Inc. pursuant to this Court's instructions.

    3.    On February 17, 2006, an Amended Proof of Claim was filed herein in the amount of $17,774.01 representing CAM charges due under the subject lease in the

amount of $1,810.53, as well as pre-petition real estate taxes due under the subject lease in the amount of $15,963.48, for a total claim of $17,774.01.  A copy of the Amended Proof of Claim is attached hereto as Exhibit "A".

4. The aforesaid Motion provides for a Cure Amount to Landlord in the amount of $1,810.53 for 2004 CAM charges.

5. The Cure Amount set forth in Debtors' Motion fails to provide for the amount shown on Landlord's Amended Proof of Claim, which amount includes the pre-petition real estate taxes due under the subject lease.

6. Accordingly, Landlord objects to the scheduled Cure Amount of $1,810.53 and claims the proper Cure Amount is $17,774.01.

Dated:  July 14, 2006

S/Donald A. Nohrr
_____
DONALD A. NOHRR, ESQUIRE
Florida Bar No.  0058930
GRAYROBINSON, P.A.
Attorneys for Landlord
P.O. Box 1870
Melbourne, FL  32902-1870
(321) 727-8100
(321) 984-4122 (fax)

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing, together with any attachments, has been furnished by U.S. Mail and/or electronic transmission to: D.J. Baker, <u>djbaker@skadden.com</u>, Skadden, Arps, Slate, Meagher & Flom, LLP, Co-Counsel for Debtors, Four Times Square, New York, NY, 10036; and to Cynthia C. Jackson, <u>cjackson@smithhulsey.com</u>, Smith Hulsey & Busey, Co-Counsel for Debtors, 225 Water Street, Suite 1800, Jacksonville, FL, 32202, and the Office of the U.S. Trustee, 135 W. Central Boulevard, Suite 620, Orlando, FL, 32801, this 14th day of July, 2006.

                                                s/Donald A. Nohrr, Esq.

                                                _____
                                                Donald A. Nohrr, Esq.