# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

## RESPONSE OF MUSCOGEE COUNTY (GEORGIA) TAX COMMISSIONER TO DEBTOR'S THIRD OMNIBUS OBJECTION TO TAX CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

The Muscogee County (Georgia) Tax Commissioner ("Commissioner") and responds to the Debtor's third omnibus objection to tax claims and motion for an order determining tax liability (Docket No. 8772) as follows:

1. The Debtor operates five (5) retail grocery stores in Columbus, Muscogee County, Georgia and has operated such stores since prior to 2004.

2. The Muscogee County Tax Commissioner is responsible for the collection of various taxes levied by Columbus Muscogee County Georgia, a consolidated government entity, as assessed by the Muscogee County Tax Assessor, including but not limited to personal property taxes.

3. To facilitate the collection of personal property taxes, Georgia Law requires that all personal tangible property shall be returned for taxation in the county in which it is located. The Debtor operates five (5) grocery stores in Muscogee County Georgia and for the years 2004, 2005 and 2006 filed personal property tax returns for each of its five (5) stores. The Debtor provided information as to the asserted values of its machinery, equipment and inventory based on is original cost, new. As to machinery

and equipment, the cost to the Debtor of that property, less depreciation, resulted in an amount representing the Debtor's claimed market value of the subject machinery and equipment. The Debtor, in its returns, was given an opportunity to proclaim extraordinary circumstance which would justify an adjustment to the fair market value. The Debtor did not do that on any of the subject returns.

4. The Tax Assessor for Muscogee County, Georgia reviewed the Debtor's tax returns for the applicable years and made adjustments as authorized by applicable Georgia Law and the appraisal procedures manual applicable to the valuation of business personal property in Muscogee County Georgia. On each of the returns filed by the Debtor, the Muscogee County Tax Assessor calculated a fair market value in excess of the amount returned by the Debtor.

5. Following the calculation of its adjustments and as to each of the subject returns, the Muscogee County Tax Assessor notified the Debtor that the values returned had not been accepted, and the Debtor was given thirty (30) days to appeal the valuation as determined by the Muscogee County Tax Assessor. The Debtor did not appeal any of the appraisals of its personal property at any of its five (5) stores for the years in question. The Debtor has therefore waived its right to now object to that valuation in this proceeding.

6. The relief requested by the Debtor's motion and objection is not permitted under the applicable law for the following reasons:

    (a)    The Debtor's tax returns constitute an admission against its own interest; the Debtor is estopped from challenging the assessments based on its own valuations as adjusted by the Muscogee County Tax Assessor because it

failed to appeal those valuations in accordance with applicable Georgia Law.

(b) Personal property taxes for 2004 have already been paid and no request for a refund has ever been submitted by the Debtor. The Debtor can utilize § 505(a) to achieve a tax refund only if a request for that refund has first been submitted to the taxing authority. No such request has been made. Further, the Debtor's motion, which seeks a refund of taxes previously paid or to "offset amounts which were overpaid for prior years against liabilities from other present or future amounts due" is nothing more than an attempt to circumvent the limitations of § 505(a)(2)(B).

(c) The Debtor seeks to revalue its personal property for tax purposes based on such factors as "the distressed business environment in which the Debtor operated" and "the value realized by the Debtors upon the sale of their assets both prior to and during the course of the Chapter 11 cases." The Muscogee County Tax Commissioner is unaware of any stores that have closed and which are operated by the Debtor in Muscogee County, Georgia; submits that Muscogee County, Georgia is not a distressed business environment; that the Debtors continue to operate all five (5) stores in Muscogee County, Georgia; and to the knowledge of the Muscogee County Tax Commissioner the personal property which is the subject of the tax returns has not been liquidated or subject to a forced sale. The Debtors request for revaluing the personal property should therefore be denied.

(d)     The statutory rate of interest for the subject unpaid personal property taxes is 12%. Statutory interest rates as high as 18% have been found by this Court and other Courts throughout this district to be non-punitive in nature. Given the market risks associated with the Debtors' current financial position, the applicable interest rate of 12% cannot be shown to be so disproportionate to current interest rates as to constitute a penalty and therefore the statutory interest should be allowed.

WHEREFORE, the Muscogee County Tax Commissioner requests that the Debtors' objection to its claims be overruled; that the Debtors' motion to determine tax liability be denied; and that the Muscogee County Tax Commissioner have such other relief as the Court deems just and appropriate.

Stephen G. Gunby, Esq.
**GROGAN, RUMER & GUNBY, LLP**
Post Office Box 1846
Columbus, Georgia 31902
(706) 324-3448
(706) 327-3958 (Facsimile)
sggunby@bellsouth.net

-and-

**STUTSMAN THAMES & MARKEY, P.A.**

/s/ Richard R. Thames
By: _____
    Richard R. Thames

Florida Bar No. 0718459
50 North Laura Street, Suite 1600
Jacksonville, FL 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stutsman-thames.com

Attorneys for Muscogee County (Georgia) Tax Commissioner

**Certificate of Service**

I hereby certify on July 14, 2006, the foregoing document was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

/s/ Richard R. Thames
_____
Attorney