**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
|  | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
|  | ) |
| Debtors.[1] | ) Jointly Administered |
|  | ) |

**MOTION OF DEBTORS FOR ORDER (I) DETERMINING DATES,**
**PROCEDURES AND FORMS APPLICABLE TO SOLICITATION PROCESS,**
**(II) ESTABLISHING VOTE TABULATION PROCEDURES, (III)**
**ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO**
**CONSIDER CONFIRMATION OF PLAN, AND (IV) WAIVING LOCAL RULES**

        Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for entry of an order under 11 U.S.C. §§ 105(a), 1125(b), and 1126(b) and Fed. R. Bankr. P. 2002, 3017, 3018, and 3020, (i) approving the dates, procedures, and forms applicable to the plan solicitation, noticing, and implementation process, (ii) approving vote tabulation procedures, (iii) establishing the deadline for filing objections to the plan and scheduling the hearing to consider confirmation of the plan, and (iv) waiving provisions of the Local Rules, all as more particularly described below (the "Motion").  In support of the Motion, the Debtors respectfully represent as follows:

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

## BACKGROUND

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code" and each Section, a "Bankruptcy Code Section").   The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.   The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3.      On March 1, 2005, pursuant to Bankruptcy Code Section 1102, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.   An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006 the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").[2]   The hearing to consider the adequacy of the Disclosure Statement is scheduled for August 4, 2006.

---
[2]      Capitalized terms used and not defined in this Motion have the meanings ascribed to such terms in the Plan.

5.    The Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.    The statutory predicates for the relief requested by this Motion are Bankruptcy Code Sections 105(a), 1125(b), and 1126(b), supported by Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each Rule, a "Bankruptcy Rule").

## RELIEF REQUESTED

7.    By this Motion, the Debtors request that the Court enter an order (the "Solicitation Order") (a) approving the dates, procedures, and forms applicable to the plan solicitation, noticing, and implementation process, including (i) confirming the authority of the voting agent, establishing a voting record date, and setting a voting deadline, (ii) approving the forms of ballots to be used by Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, (iii) governing the use of solicitation letters, (iv) approving the materials and rules applicable to voting by holders of claims in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, (v) approving the notice procedures applicable to holders of contingent, unliquidated, and disputed claims, holders of claims that are not impaired by the Plan, holders of claims who are deemed to reject the Plan, and contract and lease parties, and (vi) approving special procedures for disseminating voting materials to holders of public debt claims in Class 12 and notices to public equity interests in Class 21; (b) approving vote tabulation procedures; (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan; and (d) waiving the provisions of Local Rule 3018-1 and Local Rule 3071-1(b) as described below.

3

## DESCRIPTION OF RELIEF REQUESTED

I.   APPROVAL OF DATES, PROCEDURES, AND FORMS
     APPLICABLE TO SOLICITATION PROCESS

     A.   Voting Agent

          8.    Pursuant to an order entered March 4, 2005, the Debtors retained

Logan & Company, Inc. to serve as the claims, noticing, and balloting agent in these

cases.  Consistent with that order, the Debtors propose to utilize Logan & Company, Inc.

as the Debtors' solicitation and noticing agent (the "Voting Agent") to assist the Debtors

in soliciting votes on and providing notice of the Plan, including mailing solicitation

packages and notices, receiving and tabulating ballots cast on the Plan, and certifying to

the Court the results of the balloting.

     B.   Voting Record Date

          9.    Bankruptcy Rule 3017(d) provides that the record date for

determining the "holders of stock, bonds, debentures, notes and other securities" entitled

to receive the materials specified in Bankruptcy Rule 3017(d), including ballots, is the

"date the order approving the disclosure statement is entered or another date fixed by the

court, for cause, after notice and a hearing."  In the context of public debt and equity

securities, which are present in the Debtors' cases, advance notice of the record date is

necessary to enable the assembly of record ownership lists as of the record date.  The

Debtors request that the Court designate August 1, 2006 as the record date (the "Voting

Record Date") for determining the holders of claims and interests that are entitled to

receive solicitation packages and/or notices, as more particularly described below.

C.    Voting Deadline

10.    Pursuant to Bankruptcy Rule 3017(c), at the time of or before the approval of the disclosure statement, "the court shall fix a time within which the holders of claims and interests may accept or reject the plan…."  The Debtors request that the Court establish a date that is one week before the confirmation hearing, at 4:00 p.m. (Eastern Time) on such date, as the deadline by which all ballots must be received by the Voting Agent (the "Voting Deadline").  The Debtors also request that they be permitted (subject to consultation with the Creditors Committee) to extend the Voting Deadline as facts and circumstances may require.  The Debtors propose to implement any such extension by filing notice of the extension with the Court and by serving a copy of such notice upon the Voting Agent and the Master Service List maintained in these cases.

D.    Ballots

11.    Bankruptcy Rule 3017(d) provides that ballots for accepting or rejecting a plan of reorganization should conform substantially to Official Form No. 14. The forms of ballots attached as Exhibit A -- for holders of the AmSouth Bank Collateralized Letter of Credit Claim in Class 7, the Thrivent/Lutherans Leasehold Mortgage Claim in Class 8, the NCR Purchase Money Security Interest Claim in Class 9, Secured Tax Claims in Class 10, Other Secured Claims in Class 11, Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, Other Unsecured Claims in Class 16, and Small Claims in Class 17 -- are derived from Official Form No. 14, but include modifications necessary to facilitate voting by large numbers of creditors and to meet the particular requirements of the Plan.[3]  The forms of beneficial

---

[3]    The ballots are preprinted to include the amount carried in the claims data base maintained by the Voting Agent as the claim amount to be counted for voting purposes.  The claim amount is

owner and master ballots attached as Exhibit B for holders of Noteholder Claims in Class 12 reflect developments in the law and practice with respect to voting by holders of public debt securities.  The Debtors request that the Court approve the attached forms of ballots for use with respect to the solicitation of votes on the Plan.

      E.     <u>Solicitation Letters</u>

      12.     The Debtors intend to transmit to holders of claims entitled to vote on the Plan a solicitation letter from their management that encourages such holders to vote in favor of the Plan.  The Debtors anticipate that the Creditors Committee may also desire to transmit a solicitation letter to its constituency.  Creditors or ad hoc creditor groups may also seek to send their own solicitation letters, encouraging votes either in favor of or against the Plan.

      13.     As to solicitation letters from any creditors or ad hoc creditor groups, to ensure appropriate coordination and compliance with Bankruptcy Code Section 1125, the Debtors request that the Court permit such solicitation letters to be transmitted to voting parties only in accordance with the following procedures:

      (a)     such solicitation letters must be filed with the Court and received by counsel for the Debtors, the Creditors Committee and the U.S. Trustee by 4:00 p.m. (Eastern Time) on July 28, 2006, each under a notice of submission;

      (b)     approval of the solicitation letters will be considered at the Disclosure Statement Hearing;

---

derived from a proof of claim, from the schedules if no proof of claim was filed, or from a court order if applicable.  If, as of the Voting Record Date, a proof of claim alleges a claim that is partially fixed in amount and partially contingent or unliquidated, only the fixed amount is used as the claim amount for voting purposes.  If, as of the Voting Record Date, a proof of claim is subject to a pending objection that seeks to disallow the alleged claim only in part, the remaining amount that is not subject to objection is used as the claim amount for voting purposes.  In either case, if a claimant desires to vote in a higher amount, the ballot instructs the claimant to file a motion for temporary allowance pursuant to Bankruptcy Rule 3018(a).

(c)     any objections by the Debtors, the Creditors Committee or the U.S. Trustee to any solicitation letter must be filed with the Court and served on the proponent, the Debtors, the Creditors Committee, and the U.S. Trustee no later than 4:00 p.m. (Eastern Time) on August 2, 2006; and

(d)     if approved by the Court, a solicitation letter in final, executed form must be received by the Debtors on the same day as the letter is verbally approved by the Court.

14.     In addition to their own solicitation letter and any solicitation letter from the Creditors Committee, the Debtors would propose to include the final, executed forms of approved solicitation letters in the solicitation materials that will be transmitted by the Debtors to voters in the following order:  first, the Debtors; second, the Creditors Committee; and third, any creditors or ad hoc creditor groups in alphabetical order by the name of the creditor or group).

F.     Solicitation of Votes in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17

15.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims and/or interests upon approval of a disclosure statement. Unless otherwise ordered, such materials include the plan or a court-approved summary of the plan, the court-approved disclosure statement, notice of the voting deadline, and other information as the court may direct.

16.     In accordance with Bankruptcy Rule 3017(d), by a date to be established by the Court that is no more than seven business days after the date of entry of the Solicitation Order (the "Solicitation Commencement Date"), the Debtors propose to cause the Voting Agent to transmit by first class mail, to each of the holders as of the Voting Record Date, of claims in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 who are entitled to vote on the Plan, a solicitation package containing:

7

(a)     approved letters soliciting the acceptance or rejection of the Plan (as provided for in paragraphs 12-14);

(b)     notice of the confirmation hearing and objection deadline (as provided for in paragraph 60 below);

(c)     the Disclosure Statement;

(d)     the Plan (as Appendix A to the Disclosure Statement);

(e)     an appropriate ballot (as described in paragraph 11);

(f)     if applicable, a cash reduction form (as described in paragraph 39);

(g)     a pre-addressed postage-prepaid return envelope; and

(h)     such other information as the Court may direct or approve

(collectively, the "Solicitation Package").

17.     The Debtors propose that the following holders of claims classified within Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 be permitted to vote on the Plan and thus to receive the Solicitation Package:

(a)     holders of the AmSouth Bank Collateralized Letter of Credit Claim in Class 7, the Thrivent/Lutherans Leasehold Mortgage Claim in Class 8, and the NCR Purchase Money Security Interest Claim in Class 9;

(b)     holders, as of the Voting Record Date, of Secured Tax Claims in Class 10, Other Secured Claims in Class 11, Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, Other Unsecured Claims in Class 16, and Small Claims in Class 17:

(i)     who have filed timely proofs of claim (or untimely proofs of claim that have been allowed as timely by the Court on or before the Voting Record Date), in the amounts asserted in such proofs of claim, provided that such proofs of claim (x) have not been disallowed by an order of the Court entered on or before the Voting Record Date, (y) are not the subject of an objection to the entirety of the claim pending as of the Voting Record Date (with voting

permitted only with respect to the amount thereof that is not subject to objection) or (z) do not allege claims that are wholly contingent or wholly unliquidated (with voting permitted only with respect to the amount thereof that is fixed) or that are based on a pending lawsuit as to which no judgment has been rendered; or in the amounts determined by order of the Court, if applicable; or

(ii)    who have not filed timely proofs of claim but whose claims are scheduled in the Debtors' schedules and are not designated therein as contingent, unliquidated or disputed or listed therein as zero or unknown in amount, in the amounts set forth in the schedules; and

(c)    record and beneficial holders, as of the Voting Record Date, of Noteholder Claims in Class 12, subject to the special procedures outlined in paragraphs 40-46.

18.    To avoid duplication and reduce expenses, the Debtors propose that voting creditors who have filed duplicate claims, or who have asserted guarantee or other multi-debtor claims for the same underlying liability that are classified in the same class, should be entitled to receive only one Solicitation Package and one ballot for voting their claims with respect to that class.

G.    Treatment of Contingent, Unliquidated
or Disputed Claims in Classes 10, 11, 13, 14, 15, 16, and 17[4]

19.    Pursuant to Bankruptcy Code Section 1126(a), only holders of allowed claims or interests are entitled to vote to accept or reject a plan. Pursuant to Bankruptcy Rule 3018(a), a court may, after notice and hearing, temporarily allow a claim or interest for voting purposes.

---

[4]    Noteholder Claims in Class 12 were not filed as contingent or unliquidated, are not the subject of any pending objection, and are deemed to be allowed under the Plan. Therefore, such holders are not considered Disputed Claimants (as defined below) for purposes of this Motion.

20.      Accordingly, the Debtors propose that any holder of a Secured Tax Claim in Class 10, an Other Secured Claim in Class 11, a Landlord Claim in Class 13, a Vendor/Supplier Claim in Class 14, a Retirement Plan Claim in Class 15, an Other Unsecured Claim in Class 16, or a Small Claim in Class 17 whose claim is (a) asserted as wholly unliquidated or wholly contingent, (b) asserted in an untimely proof of claim (unless allowed as timely prior to the Voting Record Date), (c) based upon a pending lawsuit as to which no judgment has been rendered, or (d) asserted in a proof of claim as to which an objection to the entirety of the claim is pending as of the Voting Record Date (collectively, the "Disputed Claimants") not be permitted to vote on the Plan except as provided in this Motion.[5]

21.      The Debtors propose to distribute to each of the Disputed Claimants a package that includes the following:

(a)      a notice in substantially the form attached as Exhibit C (the "Notice of Disputed Claim Status");

(b)      approved letters soliciting the acceptance or rejection of the Plan (as provided for in paragraphs 12-14);

(c)      the Disclosure Statement;

(d)      the Plan (as Appendix A to the Disclosure Statement);

(e)      a cash reduction form (as provided for in paragraph 39); and

(f)      such other information as the Court may direct or approve

---

[5]      As provided in paragraph 17 above, any holder of a claim in Class 10, Class 11, Class 13, Class 14, Class 15, Class 16, or Class 17 that is partly contingent, unliquidated or disputed will receive a Solicitation Package and be permitted to vote the amount of the claim that is fixed or undisputed, subject to the right of the holder to ask the Court to temporarily allow a claim in a higher amount for voting purposes.

(collectively, the "Disputed Claimant Package").

22.     The Notice of Disputed Claim Status will inform the Disputed Claimants that their claims have been designated as contingent, unliquidated or disputed. The Notice of Disputed Claim Status also informs such claimants that absent having filed a motion seeking to be allowed to vote on the Plan pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion"), in the manner and by the deadline described below, they are precluded from submitting a vote with respect to their contingent, unliquidated or disputed claim.  Such claimants will be instructed in the notice to contact the Voting Agent to receive a ballot for any such claim if a Rule 3018 Motion is timely filed.

23.     The Debtors request that the Court fix the date that is one week prior to the Voting Deadline, at 4:00 p.m. (Eastern Time) on such date, as the deadline for Rule 3018 Motions to be filed with the Court and served upon the Debtors' counsel, the Creditors Committee's counsel, and the Voting Agent (the "Rule 3018 Motion Deadline").[6]  Any party timely filing and serving a Rule 3018 Motion will be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan.  If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at the confirmation hearing, the Debtors will request that the Court determine whether the provisional ballot should be counted as a vote on the Plan.  Such a procedure will help ensure an efficient tabulation of ballots to be completed accurately by the confirmation hearing.  Moreover, setting the date of the confirmation hearing as the date for hearing Rule 3018 Motions also will permit the Court to avoid holding separate hearings on such motions.

---

[6]     As set forth in paragraph 10 above, the Debtors request that the Voting Deadline be set for the date that is one week prior to the confirmation hearing.

24.     Nothing in these procedures is intended to affect the Debtors' right (or the right of any other party, if applicable) to object to any proof of claim after the Voting Record Date.  With respect to any such objection, the Debtors reserve the right to request, on notice, that any vote cast by the holder of the disputed claim be disallowed and not counted in determining whether the requirements of Bankruptcy Code Section 1126(c) have been met.  In the absence of any such request, the holder of a disputed claim will be entitled to vote in accordance with its proof of claim.

H.    <u>Notice of Non-Voting Status</u>

25.     Under the Plan, Administrative Claims and Priority Tax Claims are unclassified, non-voting claims that are entitled to be treated in accordance with Bankruptcy Code Section 1129(a)(9).  Other Priority Claims in Class 1, MSP Death Benefit Claims in Class 2, Workers Compensation Claims in Class 3, Bond/Letter of Credit Backed Claims in Class 4, Convenience Claims in Class 5, and Subsidiary Interests in Class 6 are proposed to be unimpaired, as defined in Bankruptcy Code Section 1124, and pursuant to Bankruptcy Code Section 1126(f) the holders of such claims and interests are not entitled to vote on the Plan.

26.     Bankruptcy Rule 3017(d) permits a bankruptcy court to order that the disclosure statement and plan need not be mailed to any unimpaired class and to approve instead the mailing of a "notice that the class is designated in the plan as unimpaired and notice of the name and address from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, [and] notice of the time fixed for filing objections to and the hearing on confirmation."

27.     Accordingly, the Debtors propose to cause the Voting Agent to mail to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims in Class 1, MSP Death Benefit Claims in Class 2, Workers Compensation Claims in Class 3, Bond/Letter of Credit Backed Claims in Class 4, Convenience Claims in Class 5, and Subsidiary Interests in Class 6 (collectively, the "Unimpaired Holders") a notice in substantially the form attached as Exhibit D (the "Notice of Non-Voting Status"), in lieu of a Solicitation Package.[7]    The Notice of Non-Voting Status summarizes the treatment provisions of the Plan as applicable to the classes of claims or interests held by the Unimpaired Holders.  In addition, the Notice of Non-Voting Status provides (a) notice of the filing of the Plan, (b) notice of the approval of the Disclosure Statement, (c) instructions regarding the various ways to obtain and/or view copies of the Disclosure Statement, the Plan, and other documents, including how to obtain electronic copies of such documents, (d) information regarding the confirmation hearing, and (e) directions for filing objections to confirmation of the Plan.

28.     The Debtors believe that mailing the Notice of Non-Voting Status as described above satisfies the requirements of Bankruptcy Rule 3017(d) with respect to the Unimpaired Holders.  The Debtors, therefore, request that the Court direct that the Disclosure Statement and Plan need not be mailed to Unimpaired Holders.

29.     Notwithstanding the foregoing, the Debtors reserve the right to send to holders of claims categorized as Administrative Claims, Priority Tax Claims, and Other Priority Claims in Class 1 a copy of the Disclosure Statement and Plan if any of such claims may later be the subject of an objection to status or priority, the result of

---

[7]     In the event that any of the terms of the Plan described in the Notice of Non-Voting Status are modified, the Notice will be modified to conform to the Plan.

which objection if successful would be to render such claims Landlord Claims in Class
13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, or Other
Unsecured Claims in Class 16.[8]

      I.      Notice of Deemed Rejecting Status

      30.      Under the Plan, holders of Intercompany Claims in Class 18,
Subordinated Claims in Class 19, Non-Compensatory Damages Claims in Class 20, and
Winn-Dixie Interests in Class 21 (the "Deemed Rejecting Holders") will not receive a
distribution from or retain any claim against or interest in the Debtors.

      31.      Accordingly, the Deemed Rejecting Holders are deemed to have
rejected the Plan, pursuant to Bankruptcy Code Section 1126(g).  Thus, solicitation of
votes on the Plan from such holders is unnecessary.  As set forth in the Plan and
Disclosure Statement, the Debtors intend to seek confirmation of the Plan with respect to
such classes of claims and interests pursuant to Bankruptcy Code Section 1129(b).

      32.      The Debtors propose to provide to the Deemed Rejecting Holders a
notice of their non-voting and deemed rejecting status (the "Notice of Deemed Rejecting
Status") in substantially the form attached as Exhibit E.  The Notice of Deemed Rejecting
Status summarizes the treatment provisions of the Plan that apply to the classes of claims
or interests held by the Deemed Rejecting Holders.  In addition, like the Notice of Non-
Voting Status, the Notice of Deemed Rejecting Status provides (a) notice of the filing of
the Plan, (b) notice of the approval of the Disclosure Statement, (c) instructions regarding

---

[8]      Under the Plan, on a first come-first serve basis subject to the availability of funds, holders of
Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in
Class 15, and Other Unsecured Claims in Class 16 will have the option to elect to receive a
discounted cash payment.  Providing a copy of the Disclosure Statement and Plan to holders of
claims that may ultimately become Unsecured Claims will assist such holders in making the
election.

the various ways to obtain and/or view copies of the Disclosure Statement, the Plan, and other documents, including how to obtain electronic copies of such documents, (d) information regarding the confirmation hearing, and (e) directions for filing objections to confirmation of the Plan.

33.     The Debtors request that the Court waive the requirements of Bankruptcy Rule 3017(d) as they may apply to Deemed Rejecting Holders and authorize the Debtors to provide for the mailing of the Notice of Deemed Rejecting Status to such holders in lieu of transmitting a Solicitation Package to each such holder.

J.     Notice to Contract/Lease Parties and Contingent Rejection Claim Voting

34.     Parties to certain of the Debtors' executory contracts and unexpired leases may not have scheduled claims or claims based upon filed proofs of claim pending the disposition of their contracts or leases by assumption or rejection, and thus may not be in any group otherwise covered by this Motion.

35.     To ensure that such parties nevertheless receive notice of the Plan, the Debtors propose to send to such parties a notice (the "Contract/Lease Party Notice") in substantially the form attached as Exhibit F.[9]   The Contract/Lease Party Notice describes the provisions of the Plan relating to the treatment of executory contracts and unexpired leases.  It also provides (a) notice of the filing of the Plan, (b) notice of the approval of the Disclosure Statement, (c) instructions regarding the various ways to obtain and/or view copies of the Disclosure Statement, the Plan, and other documents, including how to obtain electronic copies of such documents, (d) information regarding

---

[9]     In the event that any of the terms of the Plan quoted in the Contract/Lease Party Notice are modified, the Notice will be modified to conform to the Plan.

the confirmation hearing, and (e) directions for filing objections to confirmation of the Plan.

36.      If permitted by the Court, the Contract/Lease Party Notice would also inform parties to executory contracts or unexpired leases that have not yet been assumed or rejected, but if rejected would give rise to rejection damage claims, that they may cast contingent votes in the amount of their possible rejection damage claim.  The Debtors would request that such parties be permitted to cast a contingent vote, which will be counted only if a motion to reject their contract or lease is filed before the date of the confirmation hearing, if they: (a) file a motion with the Court requesting temporary allowance of their rejection damage claim for voting purposes (the "Contingent Vote Motion") at least one week prior to the Voting Deadline, at 4:00 p.m. (Eastern Time) on such date; (b) request a ballot in the amount of their possible rejection damage claim from the Debtors' Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), and (c) properly complete and return the ballot on or before the Voting Deadline.  If any such party received a ballot with respect to a prepetition claim owing under such party's contract or lease, the Debtors propose that the amount of the prepetition claim be aggregated with the rejection damage claim, resulting in such party being counted as having one vote for purposes of numerosity.  The Debtors reserve the right to object to the asserted amount of any rejection damage claim and to ask the Court at the confirmation hearing to reduce the amount of such claim temporarily allowed for voting purposes.

37.      The Debtors request that the Court approve the Contract/Lease Party Notice as providing sufficient notice of the Plan to contract and lease parties not

otherwise designated to receive a Solicitation Package or another notice provided for in this Motion, as well as sufficient notice of the procedure for seeking to cast a vote with respect to potential rejection damage claims.

38.    Notwithstanding the foregoing, the Debtors reserve the right to send certain contract and lease parties a copy of the Disclosure Statement and Plan if there is a potential that such parties will, as a result of the rejection of their contracts or leases, have claims that are classified as Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, or Other Unsecured Claims in Class 16.[10]

K.    Cash Reduction Form

39.    The Plan provides the opportunity for holders of Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15 and Other Unsecured Claims in Class 16, on a first come-first serve basis subject to the availability of funds, to elect to reduce their claims to $3,000 and to receive a one-time cash payment of $2,010 (67% of $3,000), in lieu of the shares of new common stock otherwise to be distributed to such holders. With the approval of the Court, the Debtors propose to use a form (the "Cash Reduction Form") substantially as set forth in the attached Exhibit G, for the making of such elections.  The Cash Reduction Form will be included in Solicitation Packages distributed to holders of Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, and Other

---

[10]    Under the Plan, on a first come-first serve basis subject to the availability of funds, holders of Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, or Other Unsecured Claims in Class 16 will have the option to elect to receive a discounted cash payout.  Providing a copy of the Disclosure Statement and Plan to contract and lease parties who may ultimately have Unsecured Claims will assist such holders in making the election.

Unsecured Claims in Class 16, and will also be mailed to non-voting creditors who may potentially become holders of allowed claims in such classes. In addition, the Cash Reduction Form will be posted at http://www.loganandco.com.

L.    Special Procedures for Holders of Public Securities

40.    Bankruptcy Rule 3017(e) provides that "the court shall consider [at the disclosure statement hearing] the procedures for transmitting the documents and information required by [Rule 3017(d)] to beneficial holders of stock, bonds, debentures, notes and other securities, determine the adequacy of the procedures, and enter any orders the court deems appropriate."

41.    The Debtors' public debt and equity securities consist of (a) the 8.875% Senior Notes due 2008 (the "Notes") which are classified in Class 12 as Noteholder Claims, and (b) the common stock of Winn-Dixie Stores, Inc., which is classified in Class 21 as Winn-Dixie Interests. The class of Noteholder Claims is entitled to receive the Solicitation Packages as provided for above. With the Court's approval, the class of Winn-Dixie Interests will receive the proposed Notice of Deemed Rejecting Status.

42.    Because of the complexity and difficulty associated with reaching beneficial owners of public debt and equity securities, many of which hold their securities in brokerage accounts and through several layers of ownership, and because of the added complexity of identifying all beneficial holders of such public securities, the Debtors propose that all known record holders (the "Record Holders") be required to provide the Voting Agent with the addresses of such beneficial holders in electronic format no later

than five days after the Voting Record Date.[11]  For those that fail to provide such information, the Debtors request that the Record Holders be required to send the appropriate solicitation materials or notices in a manner customary in the securities industry so as to maximize the likelihood that beneficial owners will receive the materials and be given the opportunity to exercise their rights in a timely fashion.

43.     Accordingly, the Debtors propose to cause the Voting Agent or its designated agent to transmit the Solicitation Packages to holders of Noteholder Claims in Class 12, and the Notice of Deemed Rejecting Status to holders of Winn-Dixie Interests in Class 21, by mailings made no later than the Solicitation Commencement Date to (a) each beneficial holder as of the Voting Record Date for which the Voting Agent has received addresses in electronic format from the applicable Record Holders (or agents therefor) and (b) each Record Holder (or the agent therefor) identified by the Voting Agent or its designated agent as an entity through which beneficial owners hold or held the public securities as of the Voting Record Date and from which the Voting Agent has not received addresses in electronic format.

44.     As to the latter, the Debtors request that the Court order those Record Holders (or their agents) who have failed to provide the Voting Agent or its designated agent with addresses of beneficial holders in electronic format, to distribute promptly the Solicitation Packages or Notices of Deemed Rejecting Status, as applicable, to the beneficial owners for whom they hold such securities.

45.     The Solicitation Packages to be transmitted by Record Holders (or their agents) to beneficial holders of Noteholder Claims must include a ballot for the

---

[11]     The Voting Agent will notify the Record Holders of this requirement.

beneficial owners (the "Beneficial Owner Ballot") substantially in the form proposed in Exhibit B, and a return envelope provided by, and addressed to, the requisite Record Holders (or their agents).  The Record Holders (or their agents) must then summarize the individual votes reflected on the Beneficial Owner Ballots on a master ballot (the "Master Ballot") to be provided to them by the Debtors in substantially the form included in Exhibit B.  The Record Holders (or their agents) must then return the Master Ballot to the Voting Agent by the Voting Deadline.  As an alternative, the Record Holders have the option of prevalidating the Beneficial Owner Ballots so that they can be returned by beneficial owners directly to the Voting Agent.

46.     This procedure adequately recognizes the complex structure of the securities industry, enables the Debtors to transmit voting materials and notices to the record owners and beneficial owners of the public securities, and affords such persons with a fair and reasonable opportunity to exercise their rights.  The Debtors request that the Court authorize them to reimburse such entities for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such entities (subject to the Court's retaining jurisdiction to resolve any disputes over any request for such reimbursement).

M.     <u>When No Notice or Transmittal Necessary</u>

47.     The Debtors propose that no Solicitation Packages or other notices need be transmitted to (a) holders of claims listed on the schedules that have already been paid in full during these cases or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by this Court, (b) except as otherwise provided in this Motion, holders of claims listed on the schedules as contingent, unliquidated or disputed or as zero or unknown in amount, if such holders did

not file proofs of claim, (c) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address, or (d) any holder of a claim that was disallowed in full by order of the Court.

        N.      <u>Informational Mailing of Solicitation Packages</u>

        48.      Solicitation Packages and all forms of ballots and notices proposed in this Motion will be mailed for informational purposes to the U.S. Trustee, counsel to the Creditors Committee, and other parties on the Master Service List maintained in these cases.

## II.      <u>APPROVAL OF VOTE TABULATION PROCEDURES</u>

        49.      To avoid uncertainty, to provide guidance to the Debtors and the Voting Agent, and to avoid the potential for inconsistent results, the Debtors request that the Court, pursuant to Bankruptcy Code Section 105(a), establish the guidelines set forth below for tabulating the votes to accept or reject the Plan.  In connection with approving these guidelines, the Debtors request that the Court waive the provisions of Local Rule 3018-1 to the extent any such provision is inconsistent with the guidelines established in this Motion.

        50.      <u>Votes Counted</u>.  Subject to paragraph 51 below, the Debtors propose that any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan will be counted and will be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  Ballots timely received that are cast in a manner that

indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan will be counted as an acceptance.

       51.   <u>Votes Not Counted</u>. The Debtors further propose that the following ballots not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

       (a)   any ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot;

       (b)   any ballot that is illegible, unsigned or otherwise contains insufficient information to permit the identification of the claimant;

       (c)   any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

       (d)   any ballot cast for a claim designated as unliquidated, contingent or disputed or as zero or unknown in amount and for which no Rule 3018 Motion has been filed by the Rule 3018 Motion Deadline; or

       (e)   any unsigned ballot or any ballot that has a non-original signature (except as provided for Master Ballots transmitted by facsimile).

       52.   <u>Changing Votes</u>.   Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Debtors' right (or the right of any other party, if applicable) to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first ballot for all purposes.  This procedure of counting the last ballot is consistent with practice under various state and federal

corporate and securities laws. Moreover, it will spare the Court and the Debtors the time and expense of responding to motions brought pursuant to Bankruptcy Rule 3018(a) attempting to show cause for changing votes.

53.    <u>No Vote Splitting; Effect</u>.    The Debtors propose that the Court clarify that claim splitting is not permitted and order that creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan. (A Master Ballot, however, may indicate acceptances or rejections consistent with the directions on each Beneficial Owner Ballot that is represented on a Master Ballot.)

54.    <u>Withdrawal of Ballots</u>.    The Debtors propose to permit any claimant who has delivered a valid ballot for the acceptance or rejection of the Plan to withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, should (a) contain the description of the claim to which it relates and the aggregate principal amount represented by such claim, (b) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim and possesses the right to withdraw the vote sought to be withdrawn, and (d) be received by the Voting Agent prior to the Voting Deadline.

55.    <u>No Voting by Facsimile or E-Mail</u>.    The Debtors propose that the Court require that original executed ballots be returned to the Voting Agent and that the Voting Agent be authorized to reject any ballot that is sent via facsimile or electronic mail transmission. (A Master Ballot, however, that is sent via facsimile and timely received by the Voting Agent will be accepted by the Voting Agent).

56. <u>Counting Noteholder Ballots</u>. The Debtors propose the following procedures for tabulating votes cast with respect to the Notes by the holders of Noteholder Claims in Class 12. These procedures are designed to enable the Voting Agent to tabulate votes from such holders and to enable the Court to verify the results of that vote by requiring the collection and retention of data and documents regarding the vote.

(a) The Debtors propose that banks, brokerage firms or agents electing to use the Master Ballot voting process be required to retain for inspection by the Court the ballots cast by beneficial owners for one year following the Voting Deadline.

(b) To avoid double counting, the Debtors propose that (a) votes cast by beneficial owners of the Notes through a Record Holder (or its agent) and transmitted by means of a Master Ballot, be applied against the positions held by such Record Holder with respect to the Notes, and (b) votes submitted by a Record Holder (or its agent) on a Master Ballot not be counted in excess of the position maintained by the respective bank or brokerage firm on the Voting Record Date in the Notes.

(c) To the extent that conflicting votes or overvotes are submitted on a Master Ballot, the Debtors propose that the Voting Agent attempt to resolve the conflict or overvote prior to the Voting Deadline in order to ensure that as many of the votes as possible are accurately tabulated.

(d) To the extent that overvotes on a Master Ballot are not reconcilable prior to the Voting Deadline, the Debtors propose that the Voting Agent count votes in respect of such Master Ballot in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the applicable bank's or brokerage firm's position on the Voting Record Date in the Notes.

(e) Banks and brokerage firms generally are voting on behalf of the beneficial owners for whom they hold securities, and the Master Ballots that they fill out merely reflect the voting instructions given by those beneficial owners. Thus,

24

Record Holders (or agents thereof) should be authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots should be counted, except to the extent that they are duplicative of other Master Ballots.  For the same reasons as set forth above for allowing subsequently filed ballots to supersede previously filed ballots, the Court should order that, if two or more Master Ballots submitted are inconsistent in whole or in part, the latest Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' right to object to the validity of the second Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if such objection is sustained, the first Master Ballot will then be counted.

(f)     To avoid inconsistent treatment, and to provide guidance to the Debtors and the Voting Agent, the Court should order that each beneficial owner of a  Note is deemed to have voted the full principal amount of its claim relating to such Note, notwithstanding anything to the contrary on any ballot.

## III.    ESTABLISHMENT AND NOTICING OF PLAN CONFIRMATION HEARING AND OBJECTION DEADLINE

57.     Bankruptcy Rule 2002(b) requires at least twenty-five days' notice by mail to all creditors and indenture trustees of the time fixed for filing objections to and the hearing to consider confirmation of a chapter 11 plan.  Similarly, Bankruptcy Rule 2002(d) requires notice by mail to equity security holders, unless the court orders otherwise.  Bankruptcy Rule 2002(l) allows the court to order notice by publication if it finds that notice by mail is impracticable or that publication notice is desirable.

58.     The Debtors request that the Court schedule the hearing to consider confirmation of the Plan (the "Confirmation Hearing") on a date that will allow sufficient notice in accordance with Bankruptcy Rule 2002(b).  The Debtors also request that the Court establish a deadline for filing objections to the Plan (the "Plan Objection

Deadline") that is one week before the Confirmation Hearing, at 4:00 p.m. (Eastern Time) on such date.

59.     The Debtors anticipate that they will require up to seven business days after the date of approval of the Disclosure Statement to be in a position to provide the notices required under Bankruptcy Rule 2002, including the mailing of Solicitation Packages.  Thus, assuming the entry of an order approving the Disclosure Statement on August 4, 2006, and a Plan Objection Deadline on or after September 25, 2006, and a Confirmation Hearing on or after October 2, 2006, would satisfy the requirements of Bankruptcy Rule 2002(b) and provide an additional ten days to reach beneficial holders of the Debtors' public debt and equity.

60.     Attached as Exhibit H is a proposed form of notice of the Plan Objection Deadline and the Confirmation Hearing (the "Confirmation Hearing Notice"). The Confirmation Hearing Notice provides (a) notice of the filing of the Plan, (b) notice of the approval of the Disclosure Statement, (c) information regarding the Confirmation Hearing, and (d) directions for filing objections to confirmation of the Plan by the Plan Objection Deadline.

61.     As set forth above, the Confirmation Hearing Notice will be included in the Solicitation Packages mailed to holders of voting claims in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 and to each person or entity set forth on the Master Service List maintained in these cases, and will be posted at http://www.loganandco.com. The substance of the information contained in the Confirmation Hearing Notice is also included in the Notice of Non-Voting Status, the Notice of Deemed Rejecting Status, the Notice of Disputed Claim Status, and the Contract/Lease Party Notice.

62.    In addition, the Debtors propose to publish a short-form notice of the Plan Objection Deadline and the Confirmation Hearing (the "Publication Notice"), substantially in the form attached as Exhibit I, in The New York Times (National Edition), The Wall Street Journal (National Edition) the Sun-Sentinel (covering Ft. Lauderdale, Florida), the Florida Times-Union (covering Jacksonville), the Miami Herald (covering Miami, Florida), Orlando Sentinel (covering Orlando, Florida), the Palm Beach Post (covering West Palm Beach, Florida), The Tampa Tribune (covering Tampa, Florida), the St. Petersburg Times (covering St. Petersburg, Florida), the News & Observer (covering Raleigh, North Carolina), the Albany Herald (covering Albany, Georgia), the Ledger-Inquirer (Columbus, Georgia), the Savannah Morning News (Savannah, Georgia), The Courier Herald (Dublin, Georgia), The Times-Picayune (New Orleans, Louisiana), the Press-Register (Mobile, Alabama), the Birmingham News (Birmingham, Alabama), The Meridian Star (Meridian, Mississippi), and the Sun Herald (Biloxi, Mississippi).

63.    The Debtors believe that service of the Confirmation Hearing Notice and placement of the Publication Notice as described above will provide sufficient notice to all parties in interest of the Plan Objection Deadline and the Confirmation Hearing.

## IV.    WAIVER OF LOCAL RULE REGARDING ADMINISTRATIVE CLAIMS BAR DATE

64.    Finally, the Debtors request that the Court use the power granted to it under Bankruptcy Code Section 105(a) to waive the requirements of Local Rule 3071-1(b).    Under Local Rule 3071-1(b) applications for administrative expenses under Bankruptcy Code Section 503(b)(1) (a) must be made fifteen days prior to the hearing on

confirmation, or any continued hearing on confirmation; or (b) thirty days after the occurrence of the last event giving rise to the claim. The Plan provides, however, that all requests for payment of Administrative Claims must be made by application filed with the Court and served on counsel for the Reorganized Debtors no later than forty-five days after the Effective Date. Assuming confirmation of the Plan with such provision, the Debtors would provide notice of the bar date by mail and publication to potential holders of Administrative Claims. The Debtors believe that the size and complexity of the Debtors' cases justifies the waiver of Local Rule 3071-1(b).

## **NOTICE**

65.    Notice of this Motion has been provided to (a) counsel to the U.S. Trustee, (b) counsel for the Debtors' postpetition secured lender, (d) counsel for the Creditors Committee, and (e) the other parties in interest named on the Master Service List maintained in these cases. The Debtors submit that no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit J (a) approving the dates, procedures and forms applicable to the plan solicitation, noticing, and implementation process, (b) approving vote tabulation procedures, (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan, all as more particularly described above, and (d) waiving provisions of the Local Rules; and (ii) grant such other and further relief as is just and proper.

Dated: July 14, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By      *s/ D. J. Baker*
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        Keith N. Sambur
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By      *s/ Cynthia C. Jackson*
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
        Florida Bar Number 498882
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for the Debtors

EXHIBIT A

Form of Ballots

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>
<u>ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE COUNTED AS AN ACCEPTANCE.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

## BALLOT FOR CLASS 7 – AMSOUTH BANK COLLATERALIZED LETTER OF CREDIT CLAIM

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a 7 AmSouth Bank Collateralized Letter of Credit Claim in the amount set forth below.

Item 2.  *Vote on Plan*.  The undersigned hereby votes its Class 7 AmSouth Bank Collateralized Letter of Credit Claim as set forth in Item 1 to:

☐     ACCEPT (vote FOR) the Plan

☐     REJECT (vote AGAINST)  the Plan

Item 3.  *Releases Pursuant to Plan.*  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan. Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  *Acknowledgements and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) it is the holder of an AmSouth Bank Collateralized Letter of Credit Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT
COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY
4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1.    This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.    You are being permitted to vote even though your Claim is contingent. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3.    After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey  07043

4.    **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.    The Plan will be accepted by Class 7 if it is accepted by the holder of the Class 7 AmSouth Bank Collateralized Letter of Credit Claim. In the event that Class 7 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 7 AmSouth Bank Collateralized Letter of Credit Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.    You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7.    **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8.    This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.    IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.
ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE COUNTED AS AN ACCEPTANCE.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**BALLOT FOR CLASS 8 – THRIVENT/LUTHERANS LEASEHOLD MORTGAGE CLAIM**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 8 Thrivent/Lutherans Leasehold Mortgage Claim in the amount set forth below.

Item 2.  *Vote on Plan*.  The undersigned hereby votes its Class 8 Thrivent/Lutherans Leasehold Mortgage Claim as set forth in Item 1 to:

☐     ACCEPT (vote FOR) the Plan

☐     REJECT (vote AGAINST)  the Plan

Item 3.  *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan.  Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) it is the holder of a Class 8 Thrivent/Lutherans Leasehold Mortgage Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does** *not* **constitute and shall** *not* **be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is** *not* **a letter of transmittal and may** *not* **be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey  07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON_____ __, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO  THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 8 if it is accepted by the holder of the Class 8 Thrivent/Lutherans Leasehold Mortgage Claim.  In the event that Class 8 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 8 Thrivent/Lutherans Leasehold Mortgage Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

***VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.***

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.
ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE
COUNTED AS AN ACCEPTANCE.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**BALLOT FOR CLASS 9 – NCR PURCHASE MONEY SECURITY INTEREST CLAIM**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  ***Amount of Claim***.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 9 NCR Purchase Money Security Interest Claim in the amount set forth below.

Item 2.  ***Vote on Plan***.  The undersigned hereby votes its Class 9 NCR Purchase Money Security Interest Claim as set forth in Item 1 to:

☐     ACCEPT (vote FOR) the Plan

☐     REJECT (vote AGAINST)  the Plan

Item 3.  ***Releases Pursuant to Plan***.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan. Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  ***Acknowledgments and Certification***.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) it is the holder of a Class 9 NCR Purchase Money Security Interest Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.  Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.  Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot.  If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3.  After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey  07043

4.  **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEAD-LINE").  IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.  AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.  The Plan will be accepted by Class 9 if it is accepted by the holder of the Class 9 NCR Purchase Money Security Interest Claim.  In the event that Class 9 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the  Class 9 NCR Purchase Money Security Interest Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.  You must vote all of your Claim within a single class to either accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.  A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7.  **Your signature is required in order for your vote to be counted.  <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>  If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.**

8.  This Ballot has been prepared to reflect the Class in which you are eligible to vote.  If you have Claims in more than one Class, you may receive more than one Ballot.  IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>
<u>ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE
COUNTED AS AN ACCEPTANCE.</u>

### UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

### BALLOT FOR CLASS 10 – SECURED TAX CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 10 Secured Tax Claim in the amount set forth below.

Item 2.  *Vote on Plan*.  The undersigned hereby votes its Class 10 Secured Tax Claim as set forth in Item 1 to:

☐     ACCEPT (vote FOR) the Plan

☐     REJECT (vote AGAINST)  the Plan

Item 3.  *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan. Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) it is the holder of a Class 10 Secured Tax Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT
COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY
4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. Each Secured Tax Claim is deemed to be separately classified in a sub-class of Class 10. The vote of each sub-class will be separately counted. If your sub-class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Secured Tax Claim in Class 10 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the sub-class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single sub-class of Class 10 to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Please note that although you are receiving this Ballot as the holder of an alleged Secured Tax Claim in Class 10, the Debtors have not completed their review of the secured status of all Secured Tax Claims. The Debtors may determine to object to the secured status of your Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Ballot or may be accessed at http://www.loganandco.com. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

10. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.
ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE
COUNTED AS AN ACCEPTANCE.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

## <u>BALLOT FOR CLASS 11 – OTHER SECURED CLAIMS</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

**Item 1.**  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 11 Other Secured Claim in the amount set forth below.

**Item 2.**  *Vote on Plan*.  The undersigned hereby votes its Class 11 Other Secured Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST)  the Plan

**Item 3.**  *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan. Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

**Item 4.**  *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) it is the holder of a Class 11 Other Secured Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT
COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY
4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. Each Other Secured Claim is deemed to be separately classified in a sub-class of Class 11. The vote of each sub-class will be separately counted. If your sub-class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Other Secured Claims in Class 11 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the sub-class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single sub-class of Class 11 to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7. **Your signature is required in order for your vote to be counted.** <u>**You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.**</u> **If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Please note that although you are receiving this Ballot as the holder of an alleged Other Secured Claim in Class 11, the Debtors have not completed their review of the secured status of all Other Secured Claims. The Debtors may determine to object to the secured status of your Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Ballot or may be accessed at http://www.loganandco.com. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

10. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.
ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE
COUNTED AS AN ACCEPTANCE.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

### BALLOT FOR CLASS 13 – LANDLORD CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 13 Landlord Claim in the amount set forth below.

Item 2. *Vote on Plan*.  The undersigned hereby votes its Class 13 Landlord Claim as set forth in Item 1 to:

☐   ACCEPT (vote FOR) the Plan

☐   REJECT (vote AGAINST)  the Plan

Item 3. *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan.  Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4. *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (a) it is the holder of a Class 13 Landlord Claim or the authorized agent of such a holder and (b) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and  title of signatory:_____

If signed by authorized agent, name and ttitle of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 13 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Landlord Claims in Class 13 that vote on the Plan. In the event that Class 13 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Landlord Claims in Class 13 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7. **Your signature is required in order for your vote and your election to be counted.  <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>  If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Landlord Claim in Class 13 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 13, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Cash Reduction Form is included with this Ballot or may be accessed at http://www.loganandco.com.

10. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>
<u>ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE COUNTED AS AN ACCEPTANCE.</u>

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**<u>BALLOT FOR CLASS 14 – VENDOR/SUPPLIER CLAIMS</u>**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 14 Vendor/Supplier Claim in the amount set forth below.

Item 2.  *Vote on Plan*.  The undersigned hereby votes its Class 14 Vendor/Supplier Claim as set forth in Item 1 to:

☐     ACCEPT (vote FOR) the Plan

☐     REJECT (vote AGAINST)  the Plan

Item 3. *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever relating to the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan.  Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (a) it is the holder of a Class 14 Vendor/Supplier Claim or the authorized agent of such a holder and (b) it has full power and authority to vote to accept or reject the Plan.

Signature: _____

Name of claimant (print/type): _____

Name and  title of signatory: _____

If signed by authorized agent, name and title of agent: _____

Federal tax I.D. or social security number of claimant: _____

Telephone number: _____

Dated: _____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or undisputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 14 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Vendor/Supplier Claims in Class 14 that vote on the Plan. In the event that Class 14 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Vendor/Supplier Claims in Class 14 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7. **Your signature is required in order for your vote and your election to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Vendor/Supplier Claim in Class 14 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 14, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Cash Reduction Form is included with this Ballot or may be accessed at http://www.loganandco.com.

10. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*
<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>
<u>ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE COUNTED AS AN ACCEPTANCE.</u>

### UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

### <u>BALLOT FOR CLASS 15 – RETIREMENT PLAN CLAIMS</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 15 Retirement Plan Claim in the amount set forth below.

Item 2.  *Vote on Plan*.  The undersigned hereby votes its Class 15 Retirement Plan Claim as set forth in Item 1 to:

☐　　ACCEPT (vote FOR) the Plan

☐　　REJECT (vote AGAINST)  the Plan

Item 3.  *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan.  Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (a) it is the holder of a Class 15 Retirement Plan Claim or the authorized agent of such a holder and (b) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.  Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.  Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute.  Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot.  If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes.  If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes.  Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan.  That amount may be subject to further reconciliation and an objection may be interposed at a later date.  Distributions under the Plan will be based upon Allowed Claims only.

3.  After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey  07043

4.  **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEAD-LINE").  IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.  AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.  The Plan will be accepted by Class 15 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Retirement Plan Claims in Class 15 that vote on the Plan.  In the event that Class 15 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Retirement Plan Claims in Class 15 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.  You must vote all of your Claim within a single Class to either accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.  A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7.  **Your signature is required in order for your vote and your election to be counted.  <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>  If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.**

8.  This Ballot has been prepared to reflect the Class in which you are eligible to vote.  If you have Claims in more than one sub-class or Class, you may receive more than one Ballot.  IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.  Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Retirement Plan Claim in Class 15 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 15, a Cash payment in the amount of $2,010 (67% of $3,000).  To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043.  If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock.  A Cash Reduction Form is included with this Ballot or may be accessed at http://www.loganandco.com.

10.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.
ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE
COUNTED AS AN ACCEPTANCE.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

## BALLOT FOR CLASS 16 – OTHER UNSECURED CLAIMS

    Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

    **Item 1.  *Amount of Claim*.**  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 16 Other Unsecured Claims in the amount set forth below.

    **Item 2.  *Vote on Plan*.**  The undersigned hereby votes its Class 16 Other Unsecured Claim as set forth in Item 1 to:

    ☐      ACCEPT (vote FOR) the Plan

    ☐      REJECT (vote AGAINST)  the Plan

    **Item 3.  *Releases Pursuant to Plan*.**  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan.  Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

    **Item 4.  *Acknowledgments and Certification*.**  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (a) it is the holder of a Class 16 Other Unsecured Claim or the authorized agent of such a holder and (b) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT
COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY
4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.  Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.  Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute.  Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot.  If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes.  If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes.  Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan.  That amount may be subject to further reconciliation and an objection may be interposed at a later date.  Distributions under the Plan will be based on Allowed Claims only.

3.  After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4.  **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.  The Plan will be accepted by Class 16 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Other Unsecured Claims in Class 16 that vote on the Plan.  In the event that Class 16 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Other Unsecured Claims in Class 16 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.  You must vote all of your Claim within a single Class to either accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.  A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7.  **Your signature is required in order for your vote and your election to be counted.  <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>  If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.**

8.  This Ballot has been prepared to reflect the Class in which you are eligible to vote.  If you have Claims in more than one sub-class or Class, you may receive more than one Ballot.  IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.  Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Other Unsecured Claim in Class 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 16, a Cash payment in the amount of $2,010 (67% of $3,000).  To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043.  If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock.  A Cash Reduction Form is included with this Ballot or may be accessed at http://www.loganandco.com.

10.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE:  BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.
ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN WILL BE COUNTED AS AN ACCEPTANCE.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## BALLOT FOR CLASS 17 – SMALL CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. et al., Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement").  Please refer to the voting instructions on the reverse side.  If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190.  Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.  *Amount of Claim*.  For purposes of voting to accept or reject the Plan, the undersigned holds a Class 17 Small Claim in the amount set forth below.

Item 2.  *Vote on Plan*.  The undersigned hereby votes its Class 17 Small Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST)  the Plan

Item 3.  *Releases Pursuant to Plan*.  The undersigned hereby acknowledges that, pursuant to Section 12.12(b) of the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan. Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

Item 4.  *Acknowledgments and Certification*.  By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement.  The undersigned certifies that (i) it is the holder of a Class 17 Small Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.  Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.  Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute.  Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot.  If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes.  Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan.  That amount may be subject to further reconciliation and an objection may be interposed at a later date.  Distributions under the Plan will be based upon Allowed Claims only.

3.  After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey  07043

4.  **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006 (THE "VOTING DEADLINE").  IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.  AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.  The Plan will be accepted by Class 17 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Small Claims in Class 17 that vote on the Plan.  In the event that Class 17 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Small Claims in Class 17 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.  You must vote all of your Claim within a single Class to either accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.  A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

7.  **Your signature is required in order for your vote to be counted.  <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>  If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.**

8.  This Ballot has been prepared to reflect the Class in which you are eligible to vote.  If you have Claims in more than one sub-class or Class, you may receive more than one Ballot.  IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

## EXHIBIT B

Form of Master Ballot and Beneficial Ballot

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**8.875% Notes due 2008**
**Cusip No. 974280-AB5**

**MASTER BALLOT FOR RECORD HOLDERS OF NOTEHOLDER CLAIMS IN CLASS 12**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

This Master Ballot is being sent to registered or record holders, and banks, brokers and other nominees, of beneficial owners of notes (the "Beneficial Owners") issued pursuant to the Indenture dated December 26, 2000 (as amended, supplemented or otherwise modified) between Winn-Dixie Stores, Inc., as issuer, each of the guarantors, and the Indenture Trustee, which Indenture governs all obligations arising under or in connection with the 8.875% Senior Notes due 2008 (the "Notes"). Claims arising from or related to the Notes are Noteholder Claims under the Plan and are classified in Class 12 of the Plan.

You are required to deliver a Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes along with the Disclosure Statement and other materials requested to be forwarded, and take any action required to enable such Beneficial Owner to timely vote its Notes to accept or reject the Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward this Master Ballot to the Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote such Notes, you may complete a Beneficial Owner Ballot or this Master Ballot.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"), BY THE VOTING AGENT, LOGAN & COMPANY, INC., ATTENTION: WINN-DIXIE STORES, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND TIMELY RECEIVED BY THE VOTING DEADLINE, THE VOTES TRANSMITTED HEREBY WILL *NOT* BE COUNTED.**

**Item 1. Certification Of Authority To Vote.** The undersigned certifies that as of _____ __, 2006, the voting record date (the "Record Date"), the undersigned (please check applicable box):

☐      Is a bank, broker or other nominee for the Beneficial Owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered holder of such securities, or

☐      Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a bank, broker or other nominee that is the registered holder of the aggregate principal amount of Notes listed in Item 2 below, or

☐      Has been granted a proxy (an original of which is annexed hereto) from a bank, broker, other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2. Noteholder Claims (Class 12) Vote On Plan -- Number Of Beneficial Owners.** The undersigned certifies that the following Beneficial Owners of Notes, as identified by their respective customer account numbers or the respective sequence numbers set forth below, have delivered to the undersigned Beneficial Owner Ballots casting votes (indicate the aggregate face amount for each respective account under the appropriate column) (please use additional sheets of paper if necessary):

| Customer Name and/or Account Number for Each Beneficial Owner of Notes | Face Amount of Notes<br>In order to vote on the Plan, the Beneficial Owner must have checked a box in Item 2 on the Beneficial Owner Ballot to ACCEPT or REJECT the Plan. In addition, if the Beneficial Owner returned a signed ballot but did not check a box in Item 2, the Beneficial Owner is deemed to ACCEPT the Plan. | |
|---|---|---|
| | **To Accept (For) the Plan** | **To Reject (Against) the Plan** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| **TOTALS** | $ | $ |

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner. For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by such Beneficial Owner according to your records. A beneficial owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.**  The undersigned certifies that it has transcribed below the information, if any, provided in Item 4 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name and/or Account Number for each Beneficial Owner of Notes | TRANSCRIBE FROM ITEM 4 OF BENEFICIAL OWNER BALLOT | | |
|---|---|---|---|
| | **Name of Holder** | **Account Number (if applicable)** | **Principal Amount of Other Notes Voted** |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |

**Item 4.  Releases Pursuant To Plan.**  THE UNDERSIGNED HEREBY ACKNOWLEDGES THAT, PURSUANT TO SECTION 12.12(b) OF THE PLAN, AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH HOLDER OF A CLAIM THAT AFFIRMATIVELY VOTES IN FAVOR OF THE PLAN SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES WHATSOEVER AGAINST THE PRESENT OR FORMER DIRECTORS, OFFICERS, OR EMPLOYEES OF ANY OF THE DEBTORS (COLLECTIVELY, THE "RELEASEES"), IN CONNECTION WITH OR RELATED TO THE DEBTORS, THE CONDUCT OF THE DEBTORS' BUSINESS, THE CHAPTER 11 CASE, OR THE PLAN (OTHER THAN THE RIGHTS UNDER THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED THEREUNDER), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREUNDER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE BASED IN WHOLE OR PART ON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CONDUCT OF THE DEBTORS' BUSINESS, THE REORGANIZED DEBTORS, THE CHAPTER 11 CASE, OR THE PLAN.  EACH OF THE RELEASEES SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES WHATSOEVER ARISING ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CONDUCT OF THE DEBTORS' BUSINESS, THE REORGANIZED DEBTORS,

THE CHAPTER 11 CASE, OR THE PLAN, THAT SUCH RELEASEES MAY HOLD IN THEIR INDIVIDUAL CAPACITIES AGAINST EACH HOLDER OF A CLAIM THAT AFFIRMATIVELY VOTES IN FAVOR OF THE PLAN.

**Item 5.  Execution.**  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Disclosure Statement (including the exhibits thereto).  The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Bank, Broker or Other Nominee:

(Print or Type)

Name of Proxy holder or Agent for Bank, Broker or Other Nominee:

(Print or Type)

Social Security or Federal Tax I.D. No.:

(If Applicable)

Signature:

By:

(If Appropriate)

Title:

(If Appropriate)

Street Address:

City, State, Zip Code:

Telephone Number:  (     )

Date Completed:

Participant Number:

---

<b>VOTING DEADLINE</b>

**THIS MASTER BALLOT MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006, BY THE VOTING AGENT, LOGAN & COMPANY, INC., ATTENTION:  WINN-DIXIE STORES, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190, OR YOUR CUSTOMERS' VOTES WILL NOT BE COUNTED.**

---

<b>ADDITIONAL INFORMATION</b>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS MASTER BALLOT, THE BENEFICIAL OWNER BALLOT OR THE OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, LOGAN & COMPANY, INC., TELEPHONE: (973) 509-3190.**

---

<u><b>INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT</b></u>

The Debtors are soliciting your customers' votes on the Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot.  Please review the Disclosure Statement and Plan carefully before you complete this Master Ballot.  Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign and return this Master Ballot so that it is RECEIVED by the Voting Agent, Logan & Company, Inc. by 4:00 p.m. (Eastern Time), on _____, 2006.  **Unsigned Master Ballots will not be counted.**

## HOW TO VOTE:

1.  If you are both the registered or record holder *and* the beneficial owner of any Notes and you wish to vote such Notes, you may complete a Beneficial Owner Ballot or a Master Ballot.

2.  If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may *either*:

(a)     Deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and a return envelope addressed to you, and take any action required to enable each such Beneficial Owner to (i) complete and execute such Beneficial Owner Ballot with a vote to accept or reject the Plan and (ii) return the completed, executed Beneficial Owner Ballot **to you** in sufficient time to enable you to complete this Master Ballot and deliver it to the Voting Agent **prior to** the Voting Deadline; **or**

(b)     Prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Beneficial Owner Ballot and by indicating on that Beneficial Owner Ballot the record holder of the Notes voted, the principal amount and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Voting Agent in the return envelope provided in the Solicitation Package.  With regard to any Beneficial Owner Ballots returned to you, you must (i) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (ii) forward this Master Ballot to the Voting Agent.

3.  **To complete this Master Ballot properly, take the following steps:**

(a)     Vote to accept (for) or reject (against) the Plan in Item 2 for the Notes held by you as the nominee or proxy holder on behalf of the nominee or the Beneficial Owners.

(b)     Provide appropriate information for each of the items on this Master Ballot.  Please note that Item 2 requests information for each individual Beneficial Owner for whom you are voting Notes in your name.  If you are unable to disclose the identity of such Beneficial Owners, please use the customer account number assigned by you to each such Beneficial Owner or, if no such customer account number exists please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and his or her assigned sequential number).

(c)     Fill in the information requested in Item 3 for each Beneficial Owner that completed Item 4 of the Beneficial Owner Ballot, if applicable.

(d)     Read Items 4 and 5 carefully.

(e)     Sign and date this Master Ballot.

(f)     Provide your name and mailing address.

(g)     Deliver this Master Ballot to the Voting Agent by the Voting Deadline.

## PLEASE NOTE:

**No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity or amount of any claim.**

**This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.**

No fees or commissions or other remuneration will be payable to any registered or record holder, bank, broker or other nominee, or any other person, for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

The Debtors expressly reserve the right to extend, by oral or written notice to the Voting Agent, the Voting Deadline until properly completed Beneficial Owner Ballots and Master Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Section 1126 of the Bankruptcy Code have been received.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL BE DEEMED TO CONSTITUTE YOU OR ANY OTHER PERSON AS AN AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.**

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**8.875% Notes due 2008**
**Cusip No. 974280-AB5**

**BENEFICIAL OWNER BALLOT FOR NOTEHOLDER CLAIMS IN CLASS 12**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

This Beneficial Owner Ballot (the "Ballot") is being sent to you as the beneficial owner of notes (the "Beneficial Owner") issued pursuant to the Indenture dated December 26, 2000 (as amended, supplemented or otherwise modified) between Winn-Dixie Stores, Inc., as issuer, each of the guarantors, and the Indenture Trustee, which Indenture governs all obligations arising under or in connection with the 8.875% Senior Notes due 2008 (the "Notes"). As such, you are the holder of a Noteholder Claim under the Plan. The Plan classifies Noteholder Claims in Class 12.

The Plan will be accepted by Class 12 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Noteholder Claims in Class 12 that vote on the Plan. In the event that Class 12 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Noteholder Claims in Class 12 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain from voting or reject the Plan, and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby. To have your vote count, you must timely complete and return this Ballot.

---

**IMPORTANT**

YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM HAS BEEN PLACED IN CLASS 12 UNDER THE PLAN. IF YOU HOLD CLAIMS IN MORE THAN ONE CLASS, YOU WILL RECEIVE A BALLOT FOR EACH CLASS IN WHICH YOU ARE ENTITLED TO VOTE.

PLEASE READ CAREFULLY AND FOLLOW THE ATTACHED INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT IS 4:00 P.M. (EASTERN TIME), ON _____, 2006, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED. IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE VOTING AGENT, LOGAN & COMPANY, INC. AT (973) 509-3190. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR FINANCIAL INSTITUTION, PLEASE ALLOW SUFFICIENT TIME FOR YOUR FINANCIAL INSTITUTION TO PROCESS YOUR VOTE.

---

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you will be deemed to have voted the full amount of your claim in your vote. You may not split your vote. If you are submitting a vote with respect to any Notes that you own, you must vote all of your Notes in the same way (i.e., all "Accepts" or all "Rejects"). To the extent that you are voting on behalf of the actual Beneficial Owner, you must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Debtors and the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Notes through more than one bank, broker or other intermediary or agent thereof (each, a "Nominee"). You should vote each Ballot that you receive for all of the Notes that you beneficially own through each Nominee.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1. Face Amount Of Noteholder Claims.** The undersigned hereby certifies that as of _____ __, 2006, the voting record date (the "Record Date"), the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following aggregate unpaid principal amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount, please contact your Nominee immediately.)**

$$\boxed{\$ \qquad\qquad\qquad\qquad\qquad}$$

**Item 2. Vote On Plan. (Please check one.)**

The undersigned:      ☐     ACCEPTS (votes FOR) the Plan.

                        ☐     REJECTS (votes AGAINST) the Plan.

**Item 3. Releases Pursuant To Plan.** THE UNDERSIGNED HEREBY ACKNOWLEDGES THAT, PURSUANT TO SECTION 12.12(b) OF THE PLAN, AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION, THE ADEQUACY OF WHICH IS HEREBY CONFIRMED, EACH HOLDER OF A CLAIM THAT AFFIRMATIVELY VOTES IN FAVOR OF THE PLAN SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES WHATSOEVER AGAINST THE PRESENT OR FORMER DIRECTORS, OFFICERS, OR EMPLOYEES OF ANY OF THE DEBTORS (COLLECTIVELY, THE "RELEASEES"), IN CONNECTION WITH OR RELATED TO THE DEBTORS, THE CONDUCT OF THE DEBTORS' BUSINESS, THE CHAPTER 11 CASE, OR THE PLAN (OTHER THAN THE RIGHTS UNDER THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES, INDENTURES, AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED THEREUNDER), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREUNDER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT ARE BASED IN WHOLE OR PART ON ANY ACT, OMISSION, TRANSACTION, EVENT, OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CONDUCT OF THE DEBTORS' BUSINESS, THE REORGANIZED DEBTORS, THE CHAPTER 11 CASE, OR THE PLAN. EACH OF THE RELEASEES SHALL BE DEEMED TO FOREVER RELEASE, WAIVE, AND DISCHARGE ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, AND LIABILITIES WHATSOEVER ARISING ON OR PRIOR TO THE EFFECTIVE DATE IN ANY WAY RELATING TO THE DEBTORS, THE CONDUCT OF THE DEBTORS' BUSINESS, THE REORGANIZED DEBTORS, THE CHAPTER 11 CASE, OR THE PLAN, THAT SUCH RELEASEES MAY HOLD IN THEIR INDIVIDUAL CAPACITIES AGAINST EACH HOLDER OF A CLAIM THAT AFFIRMATIVELY VOTES IN FAVOR OF THE PLAN.

**Item 4. Certification As To Notes Held In Additional Accounts.** By signing and returning this Ballot, the undersigned certifies that either (a) it has not submitted any other Ballots for Notes held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED
BALLOTS FOR THE NOTES OTHER THAN ON THIS BALLOT**

| Name of Beneficial Holder<br><br>(Insert your name if Notes are held by you in record name or, if held in street name, insert name of Nominee) | Account Number<br>(if applicable) | Principal Amount of<br>Other Notes Voted |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |

**Item 5. Authorization.** By returning this Ballot, the undersigned hereby certifies that it either (a) was on the Record Date, the registered or record holder *and* the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Voting Agent **or** (b) if this Ballot was prevalidated by the Nominee holder, was on the Record Date, the Beneficial Owner of the Notes, but *not* the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Voting Agent, **or** (c) was on the Record Date the Beneficial Owner of the Notes, but *not* the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of, the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver such Master Ballot to the Voting Agent.

The undersigned further certifies that it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Social Security or Federal Tax I.D. No.: | |
| Signature: | |
| Name of Signatory: | |
| | (If Other than Holder) |
| Title (if corporation, partnership or LLC): | |
| | (If Appropriate) |
| Street Address: | |
| City, State, Zip Code: | |
| Telephone Number:   (     ) | |
| Date Completed: | |

The Debtors expressly reserve the right to extend, by oral or written notice to the Voting Agent, the Voting Deadline until properly completed Ballots and Master Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Section 1126 of the Bankruptcy Code have been received.

### INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL OWNER BALLOT

The Debtors are soliciting your vote on the Plan described in and attached as Appendix A to the Disclosure Statement accompanying this Ballot.  Please review the Disclosure Statement and Plan carefully before you vote.  Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity or amount of any claim.  This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.  DO NOT SUBMIT NOTES OR CERTIFICATES REPRESENTING NOTES WITH THIS BALLOT.**  Neither the Debtors nor the Voting Agent will accept delivery of any Notes or certificates surrendered together with this Ballot.

To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope provided.  **Unsigned ballots will not be counted.**  Ballots and Master Ballots must be received by the Voting Agent, Logan & Company, Inc. by 4:00 p.m. (Eastern Time), on _____ __, 2006, (the "Voting Deadline").  If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Voting Agent by the Voting Deadline.  If a Ballot is received after the Voting Deadline, it will not be counted.  Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot or Master Ballot is actually received by the Voting Agent.  In all cases, sufficient time should be allowed to assure timely delivery.  Delivery of a Ballot by facsimile, e-mail or any other electronic means will not be accepted.  No Ballot should be sent to the Debtors, any indenture trustee, or any financial or legal advisor of the Debtors.

### If you believe that you have received the wrong Ballot, please contact the
### Voting Agent, Logan & Company, Inc., at (973) 509-3190, or your Nominee immediately.

To complete this Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the face amount of your Notes, please contact your Nominee or the Voting Agent immediately.

(b)  Cast your vote either to accept or reject the Plan by checking the proper box in Item 2.  Ballots of holders of Notes that are signed and returned, but not expressly voted for acceptance or rejection of the Plan, will be counted as an acceptance.

(c)  Read Item 3 carefully.

(d)  Provide the information required by Item 4, if applicable to you.

(e)  Read Item 5 carefully.

(f)  Sign and date this Ballot.  (Applicable only if this Ballot has *not* been signed or "prevalidated" by your Nominee).

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(h)  Provide your name and mailing address (i) if different from the printed address that appears on the Ballot or (ii) if no pre-printed address appears on the Ballot.

(i)  Return this Ballot using the enclosed return envelope.

<u>PLEASE MAIL THIS BALLOT PROMPTLY.</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
VOTING PROCEDURES PLEASE CALL THE VOTING AGENT AT (973) 509-3190.**

<u>EXHIBIT C</u>

Notice of Disputed Claim Status

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF NON-VOTING STATUS AND TEMPORARY ALLOWANCE PROCEDURES WITH RESPECT TO**
**CONTINGENT, UNLIQUIDATED, OR DISPUTED CLAIMS**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**TO:    HOLDERS OF CONTINGENT CLAIMS**
**HOLDERS OF UNLIQUIDATED CLAIMS**
**HOLDERS OF DISPUTED CLAIMS**

**PLEASE TAKE NOTICE THAT:**

1.        On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated  Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.        In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.        Under the Bankruptcy Code, only holders of allowed claims may vote to accept or reject a plan of reorganization.  **YOUR CLAIM, IF ANY, HAS BEEN DESIGNATED AS UNLIQUIDATED, CONTINGENT, OR DISPUTED.  A LATE FILED CLAIM IS CONSIDERED TO BE DISPUTED FOR THIS PURPOSE.**  Accordingly, you are not now entitled to vote, and the enclosed documents are provided for informational purposes only.  If you wish to dispute the unliquidated, contingent, or disputed designation and to seek the right to vote on the Plan, you must: (a) request temporary allowance of your claim for voting purposes on or before _____ __, 2006, at 4:00

p.m. (Eastern Time), by filing an appropriate motion (a "Rule 3018 Motion") with the Bankruptcy Court; (b) request a ballot from the Debtors' Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), and (c) on or before _____ __, 2006, at 4:00 p.m. (Eastern Time), complete and return the ballot according to the instructions contained on the ballot. The procedures for filing a Rule 3018 Motion, including the deadline of _____ __, 2006, established by the Bankruptcy Court for filing such motions, are set forth in the Solicitation Procedures Order.

4.        A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.  You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

5.        No later than _____ __, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

6.        Please note that if your Claim is subsequently Allowed, it may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000).  To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043.  If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock.  To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Notice or may be accessed at http://www.loganandco.com.  The election will be effective only if you are determined to have an Allowed Unsecured Claim.

7.        The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

8.        Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.


Dated: _____


D. J. Baker                                                                              Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin          James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP                   SMITH HULSEY & BUSEY
Four Times Square                                                                      225 Water Street, Suite 1800
New York, New York 10036                                                       Jacksonville, Florida  32202

Co-Counsel for Debtors                                                             Co-Counsel for Debtors

<u>EXHIBIT D</u>

Notice of Non-Voting Status

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**NOTICE OF NON-VOTING STATUS UNDER DEBTORS' JOINT PLAN OF REORGANIZATION**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

**TO:    HOLDERS OF ADMINISTRATIVE CLAIMS**
**HOLDERS OF PRIORITY TAX CLAIMS**
**HOLDERS OF OTHER PRIORITY CLAIMS (PLAN CLASS 1)**
**HOLDERS OF MSP DEATH BENEFIT CLAIMS (PLAN CLASS 2)**
**HOLDERS OF WORKERS COMPENSATION CLAIMS (PLAN CLASS 3)**
**HOLDERS OF BOND/LETTER OF CREDIT BACKED CLAIMS (PLAN CLASS 4)**
**HOLDERS OF CONVENIENCE CLAIMS (PLAN CLASS 5)**
**HOLDERS OF SUBSIDIARY INTERESTS (PLAN CLASS 6)**

**PLEASE TAKE NOTICE THAT:**

1.      On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on or providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.      You are receiving this notice because you may be the holder of an <u>Administrative Claim</u>, a <u>Priority Tax Claim</u>, an <u>Other</u>

Priority Claim, an <u>MSP Death Benefit Claim</u>, a <u>Workers Compensation Claim</u>, a <u>Bond/Letter Of Credit Backed Claim</u>, a <u>Convenience Claims</u>, or a <u>Subsidiary Interest</u>.  Under the Plan:

(a)  An <u>Administrative Claim</u> is a Claim for payment of an administrative expense of a kind specified in Section 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, to the extent not previously paid, including, but not limited to, (a) the actual, necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtors, including, without limitation, wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case, (b) obligations under the retention and severance plans and agreements authorized by the Employee Retention and Severance Order, (c) Professional Fee Claims, (d) all fees and charges assessed against the Estates under Section 1930 of Title 28 of the United States Code, (e) all Allowed Claims for reclamation under Section 546(c)(2)(A) of the Bankruptcy Code, (f) Cure payments for executory contracts and unexpired leases that are assumed under Section 365 of the Bankruptcy Code, and (g) the DIP Facility Claim.  As to Administrative Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

With respect to each Allowed Administrative Claim, except as otherwise provided for herein, and subject to the requirements of Sections 12.1 through 12.5 of the Plan, on the applicable Distribution Date or the date on which such Administrative Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Administrative Claim, the holder of each such Allowed Administrative Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing; *provided, however,* that Allowed Administrative Claims with respect to fixed and undisputed obligations incurred by a Debtor in the ordinary course of business during the Chapter 11 Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto; *provided further, however,* that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; *provided further, however,* that reclamation Claims subject to the reclamation/trade lien program shall be paid in accordance with the terms of the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program.

The DIP Facility Claim shall be deemed Allowed in its entirety for all purposes of the Plan and the Chapter 11 Case.  The holders of the Allowed DIP Facility Claim shall receive, on the later of the Effective Date or the date on which such DIP Facility Claim becomes payable pursuant to any agreement between the Debtors and the holders of such DIP Facility Claim, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed DIP Facility Claim, (i) Cash equal to the full amount of such Allowed DIP Facility Claim, or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the Debtors and such holders shall have agreed upon in writing (which different treatment may include, if Wachovia is the administrative agent and a lender under the Exit Facility, the amendment and restatement of the credit agreement and related loan documents governing the DIP Facility to reflect the terms and conditions of the Exit Facility); *provided, however,* that in respect of any letters of credit issued and undrawn under the DIP Facility, unless Wachovia or an applicable affiliate is a lender under the Exit Facility and permits such letters of credit to be rolled over and treated as letters of credit issued under the Exit Facility, the Debtors shall be required to either, with the consent of Wachovia or an applicable affiliate: (A) cash collateralize such letters of credit in an amount equal to 105% of the undrawn amount of any such letters of credit, (B) return any such letters of credit to the applicable fronting bank undrawn and marked "cancelled," or (C) provide a "back-to-back" letter of credit to the issuing bank in a form and issued by an institution reasonably satisfactory to such issuing bank, in an amount equal to the then undrawn amount of such letters of credit.

(b)  A <u>Priority Tax Claim</u> is a Claim that is entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code..  As to Priority Tax Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

Each holder of an Allowed Priority Tax Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, as shall have been determined by the Debtors in their sole discretion, either (i) on the applicable Distribution Date, Cash equal to the unpaid portion of such Allowed Priority Tax Claim, (ii) such different treatment as to which the applicable Debtor and such holder shall have agreed in writing, or (iii) deferred Cash payments having a value, as of the Effective Date, equal to such Allowed Priority Tax Claim, over a period not exceeding six (6) years after the date of assessment of such Allowed Priority Tax Claim.

(c)  An <u>Other Priority Claim</u> is a Claim against the Debtors entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.  As to Other Priority Claims, the Plan provides the following unimpaired treatment:

On the applicable Distribution Date or such other date on which an Allowed Other Priority Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Other Priority Claim, each holder of an Allowed Other Priority Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Other Priority Claim, either (i) Cash equal to the unpaid portion of such Allowed Other Priority Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing.

(d)  An <u>MSP Death Benefit Claim</u> is a Claim held by a participant in the MSP (or a beneficiary of a participant) for death benefits arising under (a) part B of the retirement benefit described in Section 3.0 of the MSP or (b) part B of the termination benefit described in Section 3.6 of the MSP; the gross amount of which Claim shall be in an amount equal to 25% of the gross amount of the participant's retirement benefit or termination benefit (whichever is applicable) under the MSP as of the Petition Date, less any post-petition payments received by the beneficiary of any participant.  As to MSP Death Benefit Claims, the Plan provides the following unimpaired treatment:

The beneficiary of a holder of an Allowed MSP Death Benefit Claim shall receive the amount of such Allowed Claim in one lump sum when the participant dies, as soon as practicable after such beneficiary provides satisfactory proof of death to the Reorganized Debtors.

Any beneficiary designated as such under the terms of the MSP shall continue to be the beneficiary of the holder of the Allowed Claim unless a written change of beneficiary is submitted by such holder to the Reorganized Debtors. On or as soon as practicable after the Effective Date, the Reorganized Debtors shall provide each holder of an Allowed MSP Death Benefit Claim with written instructions governing the change of beneficiaries, the submission of satisfactory proof of death, and other matters relating to the payment of the Allowed Death Benefit Claim.

(e) A Workers Compensation Claim is a Claim held by an employee of the Debtors for workers compensation coverage under the workers compensation program applicable in the particular state in which the employee is employed by the Debtors. As to Workers Compensation Claims, the Plan provides the following unimpaired treatment:

The Reorganized Debtors shall pay all Workers Compensation Claims that are determined to be valid under applicable state law and the corresponding programs maintained by the Debtors, in accordance with the terms and conditions of such state law and such programs. Nothing in the Plan shall be deemed to discharge, release, or relieve the Debtors or the Reorganized Debtors from any current or future liability with respect to any valid Workers Compensation Claim, regardless of when the underlying injuries occurred. All payments of Workers Compensation Claims made by the Debtors during the pendency of the Chapter 11 Case are hereby ratified.

(f) A Bond/Letter of Credit Backed Claim is any Claim having the benefit of a pre-petition surety bond, letter of credit, or similar source of payment provided by or on behalf of the Debtors by an issuer who is secured or itself holds a surety bond, letter of credit, or similar source of payment, with a right under the Bankruptcy Code and applicable law to be satisfied from such source of payment, but as to which no satisfaction has occurred as of the Effective Date, to the extent of the lesser of the amount available to satisfy such Claim from such source of payment and the amount of such Claim. The amount of the Claim that exceeds the amount available from the source of payment, if any, shall be treated as an Unsecured Claim. As to Bond/Letter of Credit Backed Claims, the Plan provides the following unimpaired treatment:

On, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Bond/Letter of Credit Backed Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, either (i) Cash equal to the unpaid portion of such Allowed Bond/Letter of Credit Backed Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed upon in writing. The bond or letter of credit that backs each Allowed Bond/Letter of Credit Backed Claim shall remain in place in accordance with its terms; provided, however, that such bond or letter of credit shall no longer be a source of payment for the Unsecured Claim of any holder of an Allowed Bond/Letter of Credit Backed Claim.

(g) A Convenience Claim is a Claim in an amount equal to or less than $100. As to Convenience Claim, the Plan provides the following unimpaired treatment:

Except as provided in Section 8.6 of the Plan, on, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Convenience Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Convenience Claim, Cash in an amount equal to the Allowed amount of such Claim.

(h) Subsidiary Interests means, collectively, all of the issued and outstanding shares of stock or membership interests of the Subsidiary Debtors, as of the Petition Date, which stock and interests are owned directly or indirectly by Winn-Dixie. As to Subsidiary Interests, the Plan provides the following unimpaired treatment:

For the deemed benefit of the holders of the New Common Stock, Winn-Dixie shall retain its equity interests in the Subsidiary Debtors in which it is the direct owner and any Subsidiary Debtor that is the direct owner of another Subsidiary Debtor shall retain its equity interests in such other Subsidiary Debtor, subject to any applicable restrictions arising under the Exit Facility.

4.      **BECAUSE OF THE NATURE AND TREATMENT OF YOUR CLAIM OR INTEREST, YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.** Nevertheless, you are a party in interest in the Debtors' chapter 11 cases. You are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan.

5.      A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

6.      No later than _____ __, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

7.      If you are receiving this notice as the holder of an Administrative Claim, a Priority Tax Claim or an Other Priority Claim, please note that the Debtors have not completed their review of all such Claims. The Debtors may determine to object to the administrative, priority or secured status alleged in your proof of claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in

Class 13, 14, 15, or 16 of the Plan.  Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000).  To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043.  If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock.  To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Notice or may be accessed at http://www.loganandco.com.  The election will be effective only if you are determined to have an Allowed Unsecured Claim.

    8.    The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

    9.    Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.


Dated:  _____

D. J. Baker                                                                Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin        James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP            SMITH HULSEY & BUSEY
Four Times Square                                                      225 Water Street, Suite 1800
New York, New York 10036                                        Jacksonville, Florida  32202

Co-Counsel for Debtors                                             Co-Counsel for Debtors

<u>EXHIBIT E</u>

Notice of Deemed Rejecting Status

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF DEEMED REJECTING STATUS UNDER DEBTORS' JOINT PLAN OF REORGANIZATION**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**TO:    HOLDERS OF INTERCOMPANY CLAIMS (PLAN CLASS 18)**
          **HOLDERS OF SUBORDINATED CLAIMS (PLAN CLASS 19)**
          **HOLDERS OF NON-COMPENSATORY DAMAGES CLAIMS (PLAN CLASS 20)**
          **HOLDERS OF WINN-DIXIE INTERESTS (PLAN CLASS 21)**

**PLEASE TAKE NOTICE THAT:**

     1.      On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

     2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

     3.      You are receiving this notice because you may be the holder of an Intercompany Claim, a Subordinated Claim, a Non-Compensatory Damages Claim, or a Winn-Dixie Interest.  Under the Plan:

          (a)  An Intercompany Claim means any Claim arising prior to the Petition Date against any of the Debtors by another Debtor.  The term does not include Claims against any of the Debtors by a non-Debtor subsidiary or affiliate of a Debtor, which Claims shall be treated as Other Unsecured Claims, as applicable.

          (b)  A Subordinated Claim means any Claim that is subordinated pursuant to Section 510(b) or 510(c) of the Bankruptcy Code, which shall include, without limitation, (a) any Claim arising from the rescission of a purchase or sale of any Old Security, (b) any Claim for damages arising from the purchase or sale of an Old Security, (c) any Claim for reimbursement, contribution, or indemnification on account of any such Claim, (d) any Claim for similar violations of the securities laws, misrepresentations, breaches of fiduciary duties, or any similar claim related to the foregoing,

or (e) any Claim for attorneys fees related to any of the foregoing.

(c)  A <u>Non-Compensatory Damages Claim</u> means any Claim for any fine, penalty, or forfeiture, or multiple, exemplary, or punitive damages, to the extent that such fine, penalty, forfeiture, or damage is not compensation for actual pecuniary loss suffered by the holder of such Claim, including any such claim based upon, arising from, or relating to any cause of action whatsoever (including, without limitation, violation of law, personal injury, or wrongful death, whether secured or unsecured, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise); provided, however, that such term shall not include any Claim that might otherwise constitute a Non-Compensatory Damages Claim but for a Final Order allowing such Claim as an Administrative Claim, Priority Tax Claim, Other Priority Claim, Convenience Claim, Other Secured Claim, Unsecured Claim, or Subordinated Claim.

(d)  <u>Winn-Dixie Interests</u> means, collectively, all equity interests in Winn-Dixie, including, without limitation, the Old Winn-Dixie Common Stock Interests and the Old Winn-Dixie Stock Rights.  Old Winn-Dixie Common Stock Interests are the shares of common stock of Winn-Dixie issued and outstanding as of the Petition Date or otherwise held as of the applicable Distribution Record Date, including common stock acquired by holders of stock options and other rights to acquire stock who exercise their rights by the applicable Distribution Record Date.  Old Winn-Dixie Stock Rights are the rights issued by Winn-Dixie and outstanding as of the Petition Date that give the holders thereof the right to purchase Old Winn-Dixie Common Stock Interests, including any stock options, warrants, conversion rights, rights of first refusal, or other rights, contractual or otherwise, to acquire or receive any stock or other equity ownership interests in Winn-Dixie, and any contracts, subscriptions, commitments, or agreements pursuant to which a party was or could have been entitled to receive shares, securities, or other ownership interests in Winn-Dixie prior to the Effective Date (whether or not arising under or in connection with any employment agreement), to the extent such rights have not been exercised as of the Distribution Record Date applicable to Old Winn-Dixie Common Stock Interests.

4.      **Under the terms of the Plan, holders of Intercompany Claims (except as necessary for tax planning purposes), Subordinated Claims, Non-Compensatory Damages Claims, and Winn-Dixie Interests are not entitled to receive or retain any property on account of such claims or interests, and such claims or interests are cancelled and discharged.  Therefore, in accordance with Section 1126(g) of the Bankruptcy Code, if you hold such a claim or interest, you are deemed to have rejected the Plan and are not entitled to vote on the Plan.  Because no class of claims or interests junior to the classes containing Intercompany Claims, Subordinated Claims, Non-Compensatory Damages Claims, or Winn-Dixie Interests will receive any distribution under the Plan, the Bankruptcy Court can confirm the Plan over the deemed rejections of such classes pursuant to Section 1129(b) of the Bankruptcy Code.**

5.      **NOTICE TO HOLDERS OF WINN-DIXIE INTERESTS:  THE FOREGOING MEANS THAT YOUR STOCK INTERESTS IN WINN-DIXIE STORES, INC. WILL BE CANCELLED AND YOU WILL HAVE NO INTEREST OF ANY KIND IN WINN-DIXIE STORES, INC., ANY OF THE OTHER DEBTORS, OR THE REORGANIZED DEBTORS.**

6.      A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.  You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

7.      No later than _____ __, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8.      The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9.      Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

10.      **NOTICE TO REGISTERED OR RECORD HOLDERS, BANKS, BROKERS, AND OTHER NOMINEES OF BENEFICIAL HOLDERS OF COMMON STOCK ISSUED BY WINN-DIXIE STORES, INC.:  YOU ARE DIRECTED TO IMMEDIATELY DELIVER A COPY OF THIS NOTICE TO THE BENEFICIAL HOLDERS.  YOU MAY OBTAIN ADDITIONAL COPIES OF THIS NOTICE IF NEEDED FROM LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190.**

Dated: _____

D. J. Baker                                                                Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin       James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP                      SMITH HULSEY & BUSEY
Four Times Square                                                     225 Water Street, Suite 1800
New York, New York 10036                                              Jacksonville, Florida  32202

Co-Counsel for Debtors                                                Co-Counsel for Debtors

## EXHIBIT F

Contract/Lease Party Notice

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE TO EXECUTORY CONTRACT AND UNEXPIRED LEASE PARTIES**
**WITH RESPECT TO DEBTORS' JOINT PLAN OF REORGANIZATION**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**TO:    PARTIES TO EXECUTORY CONTRACTS**
**PARTIES TO UNEXPIRED LEASES**

**PLEASE TAKE NOTICE THAT:**

1.    On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan.  Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the plan and scheduling the hearing to consider confirmation of the plan (the "Solicitation Procedures Order").

3.    **You are receiving this notice because you may be a party to an agreement or other arrangement with the Debtors that could be construed to be an executory contract or unexpired lease.  If so, depending on the status of your contract or lease, including whether or not your contract or lease has been assumed or rejected, you may not yet have a claim against the Debtors that would entitle you to receive a ballot or other notice of the Plan pursuant to the Solicitation Procedures Order.  Alternatively, if you have a claim, this notice may be supplementary to other materials or notices you have received concerning the Plan.  In either case, you are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan.  (The Debtors reserve the right to challenge the characterization of any agreement or other arrangement and to maintain that any such agreement or other arrangement is not an executory contract or unexpired lease.)**

4.    Parties to executory contracts or unexpired leases that have not yet been assumed or rejected should be aware of the following provisions in the Plan:

7.1    Rejection of Executory Contracts and Unexpired Leases

Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, or (c) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the Confirmation Date.  The Confirmation Order shall constitute an order of the Bankruptcy Court under Section 365(a) of the Bankruptcy Code approving the rejections of pre-petition executory contract and unexpired leases described above, as of the Effective Date.

**7.2    Rejection Damages Bar Date for Rejections Pursuant to Plan**

**If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor or the properties of any of them unless a Proof of Claim is filed with the claims agent and served upon counsel to the Reorganized Debtors within thirty (30) days after entry of the Confirmation Order.  The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a Proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.**

7.3    Assumption of Executory Contracts and Unexpired Leases

The Debtors reserve the right, at any time prior to the Effective Date, except as otherwise specifically provided in the Plan, to seek to assume any executory contract or unexpired lease to which any Debtor is a party and to file a motion requesting authorization for the assumption of any such executory contract or unexpired lease.

7.4    Cure Rights for Executory Contracts and Unexpired Leases Assumed Under Plan

Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by Cure.  If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that the Reorganized Debtors shall be authorized to reject any executory contract or unexpired lease to the extent the Reorganized Debtors, in the exercise of their sound business judgment, conclude that the amount of the Cure obligation as determined by such Final Order, renders assumption of such executory contract or unexpired lease unfavorable to the Reorganized Debtors.

7.5    Assignment of Assumed Real Property Leases

As of the Effective Date, except to the extent otherwise determined by the Debtors, all real property leases as to which the assumption by the Debtors under Section 365(a) of the Bankruptcy Code has been approved by order of the Bankruptcy Court shall be assigned to Winn-Dixie Real Estate under Section 365(f) of the Bankruptcy Code, and the Confirmation Order shall specifically provide for the approval of such assignments.  On or as soon as reasonably practicable after the Effective Date, the Debtors shall provide documentary evidence of each such assignment to the applicable lessor and, if necessary, shall record such document in the real property records of the applicable jurisdiction.  Notwithstanding such assignments, the original Debtor lessee under any such real property lease, and any Debtor guarantor thereof, shall continue to be obligated on the lease to the full extent of their respective obligations as such obligations existed prior to the assignment to Winn-Dixie Real Estate.

7.6    Assumption of Vendor Agreements

In the event that there is in effect between the Debtors and any vendor immediately prior to the Effective Date any electronic interchange trading partner agreement, open credit terms agreement, corporate reclamation agreement, reclamation disposition agreement, hold harmless agreement, less-than-truckhold program agreement, or similar agreement, and any such agreement is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a vendor asserts any Cure, at the election of the Debtors such vendor's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

7.7    Assumption of Governmental Licenses

In the event that any license granted to the Debtors by a governmental unit, and in effect immediately prior to the Effective Date, is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such license shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

7.8    Treatment of Compensation and Benefit Programs

(a)    Except to the extent (i) otherwise provided for in the Plan, (ii) previously assumed or rejected by an order of the Bankruptcy Court entered on or before the Confirmation Date, (iii) the subject of a pending motion to reject filed by a Debtor on or before the Confirmation Date, or (iv) previously terminated, all employee compensation and benefit programs of the Debtors in effect during the pendency of the Chapter 11 Case, including all health and welfare plans, 401(k) plans, pension plans within the meaning of Title IV of the Employee Retirement Income Security Act of 1974, as amended, and all benefits subject to Sections 1114 and 1129(a)(13) of the Bankruptcy Code, entered into before or after the Petition Date and in effect during the pendency of the Chapter 11 Case, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.  Nothing contained herein shall be deemed to modify the existing terms of such employee compensation and benefit programs, including, without limitation, the Debtors' and the Reorganized Debtors' rights of termination and amendment thereunder.

(b)    The Employee Retention and Severance Order is incorporated herein by reference.  All rights, claims, interests, entitlements, and obligations of the Debtors under the retention and severance plans or agreements authorized by the Employee Retention and Severance Order shall continue in full force and effect after the Effective Date as rights, claims, interests, entitlements, and obligations of the Reorganized Debtors.

(c)        Benefit accruals under the MSP and SRP, and related trust and individual agreements, ceased as of the Petition Date; and no further benefits shall be payable under such plans, or related trust or individual agreements, as of October 31, 2006.  To the extent any additional rights, obligations, or Claims exist under the MSP and SRP, or related trust or individual agreements, such rights, obligations, or Claims shall be extinguished and terminated in full as of the Effective Date.  To the extent such plans, or related trust or individual agreements (and any separate agreements that may incorporate such plans and agreements) are considered to be executory contracts, such plans, and related trust and individual agreements (and any separate agreements that may incorporate such plans and agreements) shall be deemed to be rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.  The Claims of all vested participants in the MSP or SRP plans shall be calculated as of the Petition Date without post-petition interest or other accruals, and without regard to service completed after the Petition Date, and shall be treated under the Plan as Retirement Plan Claims or, to the extent applicable, MSP Death Benefit Claims.

(d)        As of the Effective Date, any and all stock based incentive plans or stock ownership plans of the Debtors entered into before the Effective Date, or other agreements or documents giving rise to Winn-Dixie Interests, including the contingent cash components of any such plans, agreements, or documents, shall be terminated.  To the extent such plans, agreements, or documents are considered to be executory contracts, such plans, agreements, or documents shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.  Any Claims resulting from such rejection shall constitute Subordinated Claims, except that Claims for contingent cash shall constitute Other Unsecured Claims.

7.9   Certain Indemnification Obligations Owed by Debtors

(a)        Indemnification Obligations owed to directors, officers, and employees of the Debtors (or the estates of any of the foregoing) who served or were employed by the Debtors as of or after the Petition Date for claims arising after the Petition Date, excluding claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Sections 365 of the Bankruptcy Code under the Plan.  Indemnification Obligations owed to any such directors, officers, and employees of the Debtors (or the estates of any of the foregoing) for claims arising before the Petition Date or for claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b)        All Indemnification Obligations owed to directors, officers, and employees of the Debtors who served or were employed by the Debtors prior to, but not after, the Petition Date shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c)        Notwithstanding the rejection of certain Indemnification Obligations pursuant to subsections (a) and (b) above, the Reorganized Debtors may, subject to the cap to be disclosed in the Plan Supplement, implement a program to pay the defense costs of any director, officer, or employee (or the estate of any of the foregoing) who would have been entitled to payment of defense costs but for such rejection, with preference to directors, officers, and employees who served or were employed by the Debtors as of or after the Petition Date.  The Debtors shall include the terms of any such defense cost program, to be prepared in consultation with the Creditors Committee, in the Plan Supplement.

(d)        Indemnification Obligations owed to any Professionals retained pursuant to Sections 327 or 328 of the Bankruptcy Code and order of the Bankruptcy Court, to the extent that such Indemnification Obligations relate to the period after the Petition Date, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

7.10  Continuing Obligations Owed to Debtors

(a)        Any confidentiality agreement entered into between any of the Debtors and any supplier of goods or services requiring the parties to maintain the confidentiality of each other's proprietary information shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b)        Any indemnity agreement entered into between any of the Debtors and any supplier of goods or services requiring the supplier to provide insurance in favor of any of the Debtors, to warrant or guarantee such supplier's goods or services, or to indemnify any of the Debtors for claims arising from the goods or services shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c)        Continuing obligations of third parties to the Debtors under insurance policies, contracts, or leases that have otherwise ceased to be executory or have otherwise expired on or prior to the Effective Date, including, without limitation, continuing obligations to pay insured claims, to defend against and process claims, to refund premiums or overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on such third parties notwithstanding any provision to the contrary in the Plan, unless otherwise specifically terminated by the Debtors or by order of Bankruptcy Court.  The deemed rejection provided by Section 7.1 of the Plan shall not apply to any such continuing obligations.

(d)        To the extent any insurance policy under which the insurer has a continuing obligation to pay the Debtors or a third party on behalf of the Debtors is held to be an executory contract and is not otherwise assumed in accordance with Section 7.3 of the Plan, such insurance policy shall be treated as though it is an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

7.11  Limited Extension of Time to Assume or Reject

(a)        In the event of a dispute as to whether a contract or lease is executory or unexpired, the right of the Debtors or the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract or lease is executory or unexpired.  The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

(b)        In the event the Debtors or the Reorganized Debtors become aware after the Confirmation Date of the existence of an executory contract or unexpired lease that was not included in the Schedules, the right of the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after the date on which the Debtors or the Reorganized Debtors become aware of the existence of such contract or lease.  The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

7.12  Post-petition Contracts and Leases

The Debtors shall not be required to assume or reject any contract or lease entered into by the Debtors after the Petition Date. Any such contract or lease shall continue in effect in accordance with its terms after the Effective Date, unless the Debtor has obtained a Final Order of the Bankruptcy Court approving rejection of such contract and lease.

7.13 Treatment of Claims Arising From Assumption or Rejection

All Allowed Claims arising from the assumption of any executory contract or unexpired lease shall be treated as Administrative Claims pursuant to Section 4.1(a) of the Plan; all Allowed Claims arising from the rejection of an executory contract or unexpired lease shall be treated, to the extent applicable, as Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims, Other Unsecured Claims, or Subordinated Claims, unless otherwise ordered by Final Order of the Bankruptcy Court; and all other Allowed Claims relating to an executory contract or unexpired lease shall have such status as they may be entitled to under the Bankruptcy Code as determined by Final Order of the Bankruptcy Court.

5. A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

6. No later than _____ __, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

7. If you are a party to an executory contract or unexpired lease that has not yet been assumed or rejected, but that if rejected would potentially give rise to a rejection damage claim, and if you would like to cast a vote in the amount of any resulting rejection damage claim on a contingent basis, you may seek the right to vote on the Plan by: (a) requesting temporary allowance of your rejection damage claim for voting purposes on or before _____ __, 2006, at 4:00 p.m. (Eastern Time), by filing an appropriate motion (a "Contingent Vote Motion") with the Bankruptcy Court; (b) requesting a ballot in the amount of your rejection damage claim from the Debtors' Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), and (c) on or before _____ __, 2006, at 4:00 p.m. (Eastern Time), completing and returning the ballot according to the instructions contained on the ballot. The procedures for filing a Contingent Vote Motion, including the deadline of _____ __, 2006, established by the Bankruptcy Court for filing such motions, are set forth in the Solicitation Procedures Order. If you have otherwise received a ballot with respect to a prepetition claim owing under your contract or lease, that claim will be aggregated with your rejection damage claim and you will be counted as having one vote for purposes of numerosity. If your contract or lease is assumed by the Confirmation Date, your vote will not be counted.

8. If you are a party to an executory contract or unexpired lease that is subsequently rejected, potentially giving rise to a rejection damage claim, that rejection damage claim may be an Unsecured Claim in Class 13 or 14 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13 or 14 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Notice or may be accessed at http://www.loganandco.com. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

8. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: _____

D. J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036

Co-Counsel for Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson, Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Co-Counsel for Debtors

EXHIBIT G

Cash Reduction Form

**CLAIM REDUCTION FORMS SENT BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE VALID.
ANY CLAIM REDUCTION FORM THAT IS NOT PROPERLY EXECUTED AND TIMELY RECEIVED WILL BE DISREGARDED
AND THE CLAIMANT WILL RECEIVE NEW COMMON STOCK AS PROVIDED FOR IN THE PLAN.**

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## CLAIM REDUCTION FORM

**TO HOLDERS OR POTENTIAL HOLDERS OF:**

ALLOWED LANDLORD CLAIMS IN CLASS 13, ALLOWED VENDOR/SUPPLIER CLAIMS IN CLASS 14, ALLOWED RETIREMENT PLAN CLAIMS IN CLASS 15, and ALLOWED OTHER UNSECURED CLAIMS IN CLASS 16.

**PLEASE TAKE NOTICE THAT:**

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). Capitalized terms used herein without definition have the meanings provided in the Plan.

In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures, and forms applicable to the process of soliciting votes on the Plan, providing notice of the Plan, and making necessary elections with respect to the Plan, (b) approving vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

The Solicitation Procedures Order approved this Claim Reduction Form for use by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims, on a first come-first serve basis, who desire to elect to reduce their Allowed Claims to $3,000 and receive a discounted Cash payment in the amount of $2,010 (67% of $3,000), in full satisfaction, settlement, release, discharge of, in exchange for, and on account of their Allowed Claims.

Under the Plan, the aggregate Cash amount payable on account of Claim Reduction Forms is limited to $1 million. Depending on the number of Claim Reduction Forms received, and the amount of Allowed Claims subject to such Claim Reduction Forms, $1 million may not be sufficient to provide discounted Cash payments to all electing holders. In that event, the Claim Reduction Forms will be accepted on a first come-first serve basis. Any Claim Reduction Forms received after the $1 million has been allocated to earlier received Claim Reduction Forms will be rejected, and the holders of Allowed Claims subject to the later received Claim Reduction Forms will receive New Common Stock as provided for in the Plan. Subject to the limited availability of funds, this Claim Reduction Form must be completed and returned before the applicable initial Distribution Date.

**Please refer to the instructions for completing this Claim Reduction Form on the reverse side.** If you have any questions about how to properly complete this Claim Reduction Form, please call Logan & Company, Inc. at (973) 509-3190.

**Item 1.** *Election.* By signing and returning this Claim Reduction Form, the undersigned hereby elects to reduce his/her/its Allowed Claim to $3,000 and to receive a Cash payment in the amount of $2,010, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

**Item 2.** *Claim Ownership.* By signing and returning this Claim Reduction Form, the undersigned hereby certifies that the Claim that is the subject of this Claim Reduction Form has not previously been sold or otherwise transferred to any person. If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Claim Reduction Form, and the undersigned will so inform the buyer or transferee.

**Item 3.** *Acknowledgments and Certification.* By signing and returning this Claim Reduction Form, the undersigned hereby acknowledges that the reduction election made in Item 1 is subject to all terms and conditions set forth in the Disclosure Statement and the Plan. The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Claim Number:_____Claim Amount:_____Creditor Number (above name on envelope):_____

Signature:_____

Name of claimant (print/type):_____

Address of Claimant (if other than the address to which this form was mailed):_____

_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____Facsimile number:_____

E-mail address:_____Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS CLAIM REDUCTION FORM AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER TO  LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE.**

## <u>INSTRUCTIONS FOR COMPLETING THIS CLAIM REDUCTION FORM</u>

1.    This Claim Reduction Form is provided to holders or potential holders of Allowed Landlord Claims, Allowed Vendor/ Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims for the purpose of allowing a treatment election under the Plan.

2.    A copy of the Plan and its accompanying Disclosure Statement if not included herewith may be obtained at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.  **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING AND RETURNING THIS CLAIM REDUCTION FORM**.

3.    This Claim Reduction Form if properly completed and timely returned constitutes an election to receive a discounted Cash payment of your Allowed Claim, as provided in the Plan, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

4.    In order to exercise your election, you must complete, sign, and return this Claim Reduction Form by mail, overnight courier, or hand delivery to the Logan & Company, Inc. (the "Claims Agent"), at the following address:  Logan & Company, Inc., Attn: Winn-Dixie Stores, Inc., 546 Valley Road, Upper Montclair, New Jersey  07043.

5.    SUBJECT TO THE LIMITED AVAILABILITY OF FUNDS, CLAIM REDUCTION FORMS MUST BE RECEIVED BEFORE THE APPLICABLE INITIAL DISTRIBUTION DATE PROVIDED FOR IN THE PLAN.  CLAIM REDUCTION FORMS RECEIVED AFTER AVAILABLE FUNDS ARE EXHAUSTED OR AFTER THE APPLICABLE INITIAL DISTRIBUTION DATE WILL BE REJECTED.   THE CLAIMS AGENT WILL NOT ACCEPT CLAIM REDUCTION FORMS BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION.

6.    **If you desire to receive New Common Stock as provided in the Plan, do not complete and return this Claim Reduction Form.**  This Claim Reduction Form should be used only by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/ Supplier Claims, Allowed Retirement Plan Claims, or Allowed Other Unsecured Claims who desire to receive a discounted Cash payout of their Allowed Claims.  Any such holder or potential holder who fails to properly or timely make the election as provided herein will receive New Common Stock as provided in the Plan to the extent such holder's Claim is an Allowed Claim.

7.    Your signature is required in order for your reduction election to be valid.  You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.  If the Claim is held by a partnership, this Claim Reduction Form should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, this Claim Reduction Form must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

8.    You may be receiving this Claim Reduction Form even though your Claim is not currently considered to be an Allowed Landlord Claim, Allowed Vendor/ Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim.  If you have asserted administrative, priority, or secured status in your proof of claim, or if your Claim is contingent, unliquidated, or disputed, or if you are a party to a contract or lease that may be rejected, you may have received a notice or ballot applicable to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims, or Other Secured Claims, or to holders of contingent, unliquidated, or disputed Claims, or to contract and lease parties.  As stated on such notice or ballot, your Claim may ultimately be determined to be an Allowed Landlord Claim, Allowed Vendor/ Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim.  To ensure that you are provided with the right to make the reduction election even though your Claim may not currently be considered to be an Allowed Landlord Claim, Allowed Vendor/ Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, you are receiving this Claim Reduction Form at this time.  If your Claim is not determined to be an Allowed Landlord Claim, Allowed Vendor/ Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, any Claim Reduction Form you complete and return will be disregarded.  However, if your Claim is determined to be an Allowed Landlord Claim, Allowed Vendor/ Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim and you did not properly or timely make reduction election, you will receive New Common Stock and New Notes as provided for in the Plan.

# EXHIBIT H

Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO,**
**DEBTORS' JOINT PLAN OF REORGANIZATION**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

1.     On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.     In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.     A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.  You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.  Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.  You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4.          No later than _____ __, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.          **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6.          The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7.          Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated:  _____

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN**

**12.12    Releases and Related Matters**

(a)          Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)          Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen

or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

**12.13    Discharge of the Debtors**

(a)    Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)    As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

**12.14    Injunction**

(a)    Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights:  (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)    As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)    Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

**12.15    Exculpation and Limitation of Liability**

(a)    None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of

the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan.

(b)        Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan.

EXHIBIT I

Publication Notice

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO,**
**DEBTORS' JOINT PLAN OF REORGANIZATION**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:** Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**PLEASE TAKE NOTICE THAT:**

1.    On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202.  The hearing may be adjourned from time to time by announcement in open court.

4.    No later than _____ __, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com.  The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan.  Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.    The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

6.    Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: _____

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida  32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

<u>EXHIBIT J</u>

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

**ORDER (I) DETERMINING DATES, PROCEDURES AND FORMS
APPLICABLE TO SOLICITATION PROCESS, (II) ESTABLISHING VOTE
TABULATION PROCEDURES, (III) ESTABLISHING OBJECTION DEADLINE
AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF PLAN,
AND (IV) WAIVING LOCAL RULES**

These cases came before the Court for hearing on August 4, 2006, upon

the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-

captioned jointly-administered cases, as debtors and debtors-in-possession (collectively,

the "Debtors"), for entry of an order, (i) approving the dates, procedures, and forms

applicable to the plan solicitation, noticing, and implementation process, (ii) approving

vote tabulation procedures, (iii) establishing the deadline for filing objections to the

Debtors' plan of reorganization and scheduling the hearing to consider confirmation of

the plan, and (iv) waiving provisions of the Local Rules as necessary to implement the

foregoing (the "Motion").[2]  The Court has reviewed the Motion and has considered the

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases:
Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie
Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc.,
Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt
Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD
Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie
Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie
Supermarkets, Inc.

[2]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them
in the Motion.

representations of counsel.  Based upon the representations of counsel and without

objection by the United Sates Trustee or any other interested parties, it is

ORDERED AND ADJUDGED THAT:

1.      The Motion is granted.

2.      Logan & Company, Inc. is authorized to serve as the Debtors'

solicitation and noticing agent to assist the Debtors soliciting votes on and providing

notice of the Plan, including mailing solicitation packages and notices, receiving and

tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting

(the "Voting Agent").

3.      The record date for determining the holders of claims and interests,

including the holders of Noteholder Claims, entitled to receive solicitation and/or

noticing materials as provided for in this Order is August 1, 2006, at 5:00 p.m. (Eastern

Time) (the "Voting Record Date").  Only the holders of claims and interests as of the

Voting Record Date are entitled to the voting and notice rights provided for in this Order.

4.      The date by which all ballots cast to accept or reject the Plan must

be received by the Voting Agent is _____, 2006, at 4:00 p.m. (Eastern Time),

one week before the confirmation hearing (the "Voting Deadline").  The Debtors may (in

consultation with the Creditors Committee) extend the Voting Deadline in favor of any

voter, any class of voters, or all voters by filing notice of the extension(s) with the Court

and by serving a copy of such notice(s) upon the Voting Agent.  Ballots not received by

the Voting Deadline, or by any extended voting deadline as provided for in this Order,

shall not be counted.

5.      The forms of ballots attached to the Motion as Exhibit A for

holders of the AmSouth Bank Collateralized Letter of Credit Claim in Class 7, the

Thrivent/Lutherans Leasehold Mortgage Claim in Class 8, the NCR Purchase Money

Security Interest Claim in Class 9, the Secured Tax Claims in Class 10, Other Secured

Claims in Class 11, Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14,

Retirement Plan Claims in Class 15, Other Unsecured Claims in Class 16, and Small

Claims in Class 17 are approved; and the forms of beneficial owner and master ballots

attached to the Motion as Exhibit B for holders of Noteholder Claims in Class 12 are

approved; subject in all cases to the right of the Debtors (in consultation with the

Creditors Committee) to make additional correcting, conforming and formatting changes

to such forms of ballots.

6.      [The solicitation materials may include (a) the solicitation letter

proposed by the Debtors, and (b) a solicitation letter proposed by the Creditors

Committee.  No other solicitation letters are authorized.  The Creditors Committee shall

deliver its solicitation letter to the Debtors on the same day as the letter is verbally

approved by the Court.]

7.      As soon as practicable but in no event later than seven business

days after the date of entry of this Order (the "Solicitation Commencement Date"), the

Debtors, through the Voting Agent, shall commence the solicitation and noticing process

by placing the solicitation materials and notices approved in this Order in the mail, first

class postage prepaid; provided, however, that such date may be extended as necessary

with respect to beneficial holders of the Debtors' public debt and equity securities if such

process has timely commenced with respect to record holders of such securities.

8.      The solicitation materials to be transmitted on or before the

Solicitation Commencement Date (except as provided in paragraph 7 with respect to

beneficial holders) to those holders as of the Voting Record Date of claims in Classes 7,

8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 who are entitled to vote on the Plan, as described

in paragraph 9 below, shall include the following:  (a) the Approved Solicitation Letters,

(b) notice of the confirmation hearing and objection deadline (as provided for in

paragraph 23 below), (c) the Disclosure Statement, (d) the Plan (as Appendix A to the

Disclosure Statement), (e) an appropriate ballot (as described in paragraph 5), (f) if

applicable, a cash reduction form (as provided for in paragraph 16 below) and (f) a pre-

addressed postage-prepaid return envelope (collectively, the "Solicitation Package").

> 9.     The following holders of claims classified within Classes 7, 8, 9,

10, 11, 12, 13, 14, 15, 16, and 17 are entitled to vote on the Plan and thus to receive the

Solicitation Package:

> (a)    holders of the AmSouth Bank Collateralized Letter of Credit Claim
> in Class 7, the Thrivent/Lutherans Leasehold Mortgage Claim in
> Class 8, and the NCR Purchase Money Security Interest Claim in
> Class 9;

> (b)    holders, as of the Voting Record Date, of Secured Tax Claims in
> Class 10, Other Secured Claims in Class 11, Landlord Claims in
> Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan
> Claims in Class 15, Other Unsecured Claims in Class 16, and
> Small Claims in Class 17:

>> (i)    who have filed timely proofs of claim (or untimely proofs
>> of claim that have been allowed as timely by the Court on
>> or before the Voting Record Date), in the amounts asserted
>> in such proofs of claim, provided that such proofs of claim
>> (x) have not been disallowed by an order of the Court
>> entered on or before the Voting Record Date, (y) are not the
>> subject of an objection to the entirety of the claim pending
>> as of the Voting Record Date (with voting permitted only
>> with respect to the amount thereof that is not subject to
>> objection) or (z) do not allege claims that are wholly
>> contingent or wholly unliquidated (with voting permitted
>> only with respect to the amount thereof that is fixed) or that

are based on a pending lawsuit as to which no judgment has been rendered; or in the amounts determined by order of the Court, if applicable; or

(ii)     who have not filed timely proofs of claim but whose claims are scheduled in the Debtors' schedules and are not designated therein as contingent, unliquidated or disputed or listed in such schedules as zero or unknown in amount, in the amounts set forth in the schedules; and

(c)     record and beneficial holders, as of the Voting Record Date, of Noteholder Claims in Class 12, subject to the special procedures outlined in paragraph 17;

provided, however, that voting creditors who have filed duplicate claims, or who have asserted guarantee or other multi-debtor claims for the same underlying liability that are classified in the same class, shall be entitled to receive only one Solicitation Package and one ballot for voting their claims with respect to that class.

10.     Any holder of a Secured Tax Claim in Class 10, an Other Secured Claim in Class 11, a Landlord Claim in Class 13, a Vendor/Supplier Claim in Class 14, a Retirement Plan Claim in Class 15, an Other Unsecured Claim in Class 16, or a Small Claim in Class 17 whose claim is (a) asserted as wholly unliquidated or wholly contingent, (b) asserted in an untimely proof of claim (unless allowed as timely prior to the Voting Record Date), (c) based upon a pending lawsuit as to which no judgment has been rendered, or (d) asserted in a proof of claim as to which an objection to the entirety of the claim is pending as of the Voting Record Date (collectively, the "Disputed Claimants") shall not be permitted to vote on the Plan except as provided in this paragraph. The Voting Agent shall mail, first class postage prepaid, to each of the Disputed Claimants a package that includes the following: (a) a notice in substantially the form attached to the Motion as Exhibit C (the "Notice of Disputed Claim Status"), (b) Approved Solicitation Letters, (c) the Disclosure Statement, (d) the Plan (as Appendix A

5

to the Disclosure Statement), and (e) a cash reduction form (as provided for in paragraph 16) (collectively, the "Disputed Claimant Package"). Disputed Claimants shall be permitted to obtain from the Voting Agent a ballot for voting on the Plan only by filing a motion under Fed. R. Bankr. P. 3018(a) seeking to have their claims temporarily allowed for voting purposes (a "Rule 3018 Motion"). Any such Rule 3018 Motion must be filed with the Court and served upon the Debtors' counsel, the Creditors Committee's counsel, and the Voting Agent by no later than _____, 2006, at 4:00 p.m. (Eastern Time), one week before the Voting Deadline (the "Rule 3018 Motion Deadline"). Any party timely filing and serving a Rule 3018 Motion shall be provided a ballot and be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018 Motion prior to the Voting Deadline, then at the Confirmation Hearing, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan.

11.     Nothing in this Order affects the Debtors' right (or any other party's right, if applicable) to object to any proof of claim after the Voting Record Date. With respect to any such objection, the Debtors (in consultation with the Creditors Committee) may request, on notice, that any vote cast by the holder of the disputed claim be disallowed and not counted in determining whether the requirements of 11 U.S.C. § 1126(c) have been met. In the absence of any such request, the holder of a disputed claim shall be entitled to vote in accordance with its proof of claim.

12.     The Voting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims in Class 1, MSP Death Benefit Claims in

6

Class 2, Workers Compensation Claims in Class 3, Bond/Letter of Credit Backed Claims in Class 4, Convenience Claims in Class 5 and Subsidiary Interests in Class 6 (collectively, the "Unimpaired Holders"), a notice in substantially the form attached to the Motion as Exhibit D (the "Notice of Non-Voting Status"), in lieu of a Solicitation Package.  The Notice of Non-Voting Status satisfies the requirements of Fed R. Bank. P. 3017(d) with respect to Unimpaired Holders.

13.    The Voting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date (except as provided in paragraph 7 with respect to beneficial holders), to holders of Intercompany Claims in Class 18, Subordinated Claims in Class 19, Non-Compensatory Damages Claims in Class 20 and Winn-Dixie Interests in Class 21 (the "Deemed Rejecting Holders"), a notice in substantially the form attached to the Motion as Exhibit E (the "Notice of Deemed Rejecting Status"), in lieu of a Solicitation Package.  The requirements of Fed R. Bank. P. 3017(d) are waived with respect to the Deemed Rejecting Holders and the Deemed Rejecting Notice is deemed to satisfy any solicitation or noticing needs of the Deemed Rejecting Holders.

14.    The Voting Agent shall mail, first class postage prepaid, on or before the Solicitation Commencement Date, to the Debtors' executory contract and unexpired lease parties (the "Contract/Lease Parties"), a notice in substantially the form attached to the Motion as Exhibit F (the "Contract/Lease Party Notice"), which notice is approved.

15.    Parties to executory contracts or unexpired leases that have not yet been assumed or rejected, but if rejected would potentially give rise to rejection damage

claims, shall be permitted to cast a contingent vote, which shall be counted only if a motion to reject their contract or lease is filed before the date of the confirmation hearing, if they: (a) file with the Court and upon the Debtors' counsel, the Creditors Committee's counsel, and the Voting Agent a motion requesting temporary allowance of their rejection damage claim for voting purposes, specifying therein the amount of their possible rejection damage claim (the "Contingent Vote Motion") at least one week prior to the Voting Deadline, at 4:00 p.m. (Eastern Time) on such date, (b) contemporaneously request a ballot in the amount of their possible rejection damage claim from the Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), and (c) properly complete and return the ballot on or before the Voting Deadline.  If any such party received a ballot with respect to a prepetition claim owing under such party's contract or lease, the amount of the prepetition claim shall be aggregated with the rejection damage claim, resulting in such party being counted as having one vote for purposes of numerosity.  The Debtors (and any other party, if applicable) shall have the right to object to the asserted amount of any rejection damage claim and to ask the Court at the Confirmation Hearing to reduce the amount of such claim temporarily allowed for voting purposes.

16.    The form of the cash reduction form attached to the Motion as Exhibit I for holders of Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, and Other Unsecured Claims in Class 16 is approved.

17.    The following procedures shall govern the distribution of solicitation and notice materials to holders of the 8.875% Senior Notes due 2008 (the

8

"Notes"), which are classified in Class 12 as Noteholder Claims, and to holders of

common stock interests in Winn-Dixie Stores, Inc., which are classified in Class 21 as

Winn-Dixie Interests:

(a)    All known record holders of the debt and equity securities (the "Record Holders") shall provide the Voting Agent with the addresses of beneficial holders in electronic format no later than five days after the Voting Record Date.  Voting Record Holders that fail to provide such information shall send the appropriate solicitation materials and notices in a manner customary in the securities industry so as to maximize the likelihood that beneficial owners will receive the materials and be given the opportunity to exercise their rights in a timely fashion.

(b)    The Voting Agent shall transmit the Solicitation Packages to holders of Noteholder Claims in Class 12 and the Notice of Deemed Rejecting Status to holders of Winn-Dixie Interests in Class 21 by mailings made no later than the Solicitation Commencement Date to (a) each beneficial holder as of the Voting Record Date for which the Voting Agent has received addresses in electronic format from the Record Holders (or agents therefor) and (b) each Record Holder (or the agent therefor) identified by the Voting Agent or its designated agent as an entity through which beneficial owners hold or held the public securities as of the Voting Record Date and from which the Voting Agent has not received addresses in electronic format.

(c)    Record Holders (or their agents) who fail to provide the Voting Agent with addresses of beneficial holders in electronic format shall distribute promptly the Solicitation Packages or Notices of Deemed Rejecting Status, as applicable, to the beneficial owners for whom they hold such securities.

(d)    The Solicitation Packages to be transmitted to beneficial holders of Noteholder Claims shall include a ballot for the beneficial owners (the "Beneficial Owner Ballot") substantially in the form attached to the Motion as Exhibit B, and a return envelope provided by, and addressed to, the requisite Record Holders (or their agents) of the beneficial owners.  The Record Holders (or their agents), as appropriate, shall then summarize the individual votes of their beneficial owners from the Beneficial Owner Ballots on a master ballot (the "Master Ballot") to be provided to them by the Debtors in substantially the form attached to the Motion as Exhibit B.  The Record Holders (or their agents) shall then return the Master Ballot to the Voting Agent by the Voting Deadline.  As an alternative, the

9

Record Holders shall have the option of prevalidating the Beneficial Owner Ballots so that they can be returned by beneficial owners directly to the Voting Agent.

(e)    The Debtors are authorized to reimburse the Record Holders (or their agents) for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such entities (subject to the Court's retaining jurisdiction to resolve any disputes over any request for such reimbursement).

18.    No Solicitation Packages or other notices approved in this Order shall be transmitted to (a) holders of claims listed on the schedules that have already been paid in full during these cases or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by the Court, (b) except as otherwise provided in this Order, holders of claims listed on the schedules as contingent, unliquidated or disputed or as zero or unknown in amount, if such holders did not file proofs of claim, (c) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address, or (d) any holder of a claim that was disallowed in full by order of the Court.

19.    On or as soon as practicable after the Solicitation Commencement Date, the Debtors or the Voting Agent shall mail to the U.S. Trustee, counsel to the Creditors Committee, and each of the other parties on the Master Service List maintained in these cases, for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved in this Order.

20.    Unless otherwise directed by the Court, the Voting Agent shall

follow the guidelines set forth below in tabulating the votes to accept or reject the Plan,

and any provision of Local Rule 3018-1 to the contrary is waived:

(a)    Subject to subparagraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. Ballots timely received that are cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan shall be counted as an acceptance.

(b)    The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible, unsigned or otherwise contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) except as otherwise provided in this Order, any ballot cast for a claim designated as unliquidated, contingent or disputed or as zero or unknown in amount and for which no Rule 3018 Motion has been filed by the Rule 3018 Motion Deadline; or (v) any unsigned ballot or ballot that has a non-original signature (except as provided in (f) below for Master Ballots transmitted by facsimile).

(c)    Notwithstanding Fed. R. Bank. P. 3018(a), whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Debtors' right (or the right of any other party, if applicable) to object to the validity of the second ballot on any basis permitted by law, including under Fed. R. Bank. P. 3018(a), and, if the objection is sustained, to count the first ballot for all purposes.

(d)    Claim splitting shall not be permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan. (A Master Ballot, however, may indicate acceptances or rejections consistent with the directions on each Beneficial Owner Ballot that is represented on the Master Ballot).

(e)    Any party who has delivered a valid ballot for the acceptance or

11

rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (iv) be received by the Voting Agent prior to the Voting Deadline.

(f)     Ballots sent via facsimile or electronic mail transmission shall not be accepted by the Voting Agent. (A Master Ballot, however, that is sent via facsimile and timely received by the Voting Agent shall be accepted by the Voting Agent).

21.     The following procedures shall be followed in tabulating the votes cast with respect to the Notes by the holders of Noteholder Claims in Class 12:

(a)     Banks, brokerage firms or agents electing to use the Master Ballot voting process are required to retain for inspection by the Court the ballots cast by beneficial owners for one year following the Voting Deadline.

(b)     To avoid double counting, (i) votes cast by beneficial owners of the Notes through a Record Holder (or its agent) and transmitted by means of a Master Ballot, shall be applied against the positions held by such Record Holder with respect to the Notes, and (ii) votes submitted by a Record Holder (or its agent) on a Master Ballot shall not be counted in excess of the position maintained by the respective bank or brokerage firm on the Voting Record Date in the Notes.

(c)     To the extent that conflicting votes or overvotes are submitted on a Master Ballot, the Debtors propose that the Voting Agent attempt to resolve the conflict or overvote prior to the Voting Deadline in order to ensure that as many of the votes as possible are accurately tabulated.

(d)     To the extent that overvotes on a Master Ballot are not reconcilable prior to the Voting Deadline, the Debtors propose that the Voting Agent count votes in respect of such Master Ballot in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the applicable bank's or brokerage firm's position on the Voting Record Date in the Notes.

(e)     Record Holders (or agents thereof) are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots shall be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots submitted are inconsistent in whole or in part, the latest Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' right to object to the validity of the second Master Ballot on any basis permitted by law, including under Fed. R. Bankr. P. 3018(a) and, if such objection is sustained, the first Master Ballot shall then be counted.

(f)     Each beneficial owner of a Note is deemed to have voted the full principal amount of its claim relating to such Note, notwithstanding anything to the contrary on any ballot.

22.     The hearing to consider confirmation of the Plan shall be held on _____, 2006, at _____ _.m. (Eastern Time), and the deadline for filing objections to confirmation of the Plan shall be _____, 2006, at 4:00 p.m. (Eastern Time).

23.     The form of notice of the confirmation hearing date and objection deadline attached to the Motion as Exhibit G (the "Confirmation Hearing Notice") is approved.  The Confirmation Hearing Notice shall be included in the Solicitation Packages mailed to holders of claims in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 and to each person on the Master Service List, and shall be posted at http://www.loganandco.com.

24.     On or about the Solicitation Commencement Date, a notice in substantially the form of Exhibit H attached to the Motion shall be published in The New York Times (National Edition), The Wall Street Journal (National Edition) the Sun-Sentinel (covering Ft. Lauderdale, Florida), the Florida Times-Union (covering Jacksonville), the Miami Herald (covering Miami, Florida), Orlando Sentinel (covering Orlando, Florida), the Palm Beach Post (covering West Palm Beach, Florida), The Tampa

13

Tribune (covering Tampa, Florida), the St. Petersburg Times (covering St. Petersburg, Florida), the News & Observer (covering Raleigh, North Carolina), the Albany Herald (covering Albany, Georgia), the Ledger-Inquirer (Columbus, Georgia), the Savannah Morning News (Savannah, Georgia), The Courier Herald (Dublin, Georgia), The Times-Picayune (New Orleans, Louisiana), the Press-Register (Mobile, Alabama), the Birmingham News (Birmingham, Alabama), The Meridian Star (Meridian, Mississippi), and the Sun Herald (Biloxi, Mississippi).

25.    The requirements of Local Rule 3071-1(b) are waived. The terms of the Plan and the order confirming the Plan shall govern the establishment of a bar date for filing Administrative Claims.

Dated _____, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

14