UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                          CASE NO.:  3:05-bk-03817-JAF

                                CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

                Debtors.       Jointly Administered

RESPONSE OF COUNTY OF COLUMBIA TAX COMMISSIONER
TO DEBTORS' THIRD OMNIBUS OBJECTION TO TAX CLAIMS
AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

County of Columbia Tax Commissioner ("Columbia"), by
and through its undersigned counsel, responds to the
Debtors' Third Omnibus Objection to Tax Claims and Motion
for Order Determining Tax Liabilities ("Objection") and
states as follows:

1.   On August 1, 2005, Columbia timely filed a proof
of claim in the amount of $23,579.30, a copy of which is
attached hereto as Exhibit "A", for the 2005 personal
property taxes owed to Columbia from the Debtors.   The
proof of claim is identified as claim no. 10992.

2.   On or about June 26, 2006, the Debtors filed the
Objection.   Columbia's proof of claim is subject to the
Objection as a result of being identified as one of the Tax
Claims in Exhibit "A" of the Objection.

3.   In the Objection, the Debtors allege that the 2004 and 2005 tax amounts imposed by Columbia are excessive due to Columbia's assessed value of the Debtors' personal property being inflated.   The Debtors allege that the Revised Tax Amount due and owing for 2004 and 2005 combined is $25,285.60, as opposed to the $48,970.97 asserted by Columbia for such years combined.   Columbia disputes such allegations.

4.   Columbia's   assessed   value   of   the   Debtors' personal property is derived from the amounts listed on the Debtors' personal property tax returns which the Debtors prepare for any given year.

5.   Attached   hereto   as   Composite   Exhibit   "B"   are copies of the personal property tax returns prepared by the Debtors for the years 2004 and 2005.

6.   Pursuant   to   the   tax   returns   contained   in Composite Exhibit "B", the Debtors declared that they "do solemnly swear that … the value placed by [them] on the property returned, as shown by the list, is the **true market value thereof**." (emphasis added).

7.   The tax returns in Composite Exhibit "B" contain the Debtors' valuation, under oath, of their personal property for the years 2004 and 2005.   As stated above, these   returns   form   the   basis   for   the   assessed   values

2

asserted by Columbia for 2004 and 2005 which the Debtors now claim are inflated.

8.  The Revised Assessed Values asserted by the Debtors in the Objection for 2004 and 2005 are inconsistent with the values listed under oath on their tax returns for such years.

9.  Columbia has relied on the values listed on the Debtors' tax returns for 2004 and 2005, and the Debtors should be estopped from asserting the Revised Assessed Values for such years.

10.  Columbia believes that the assessed values of the Debtors' personal property for 2004 and 2005 should be determined by the values listed under oath on the Debtors' tax returns for such years, and not the Revised Assessed Values determined by ASI after the fact, and not under oath.

11.  Debtors' Objection with respect to Columbia's proof of claim should thus be overruled for the reasons set forth herein.

3

12. Columbia reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this $\underline{17}$ day of July, 2006.

HELD & ISRAEL

By: _____

Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile