**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In Re:

WINN DIXIE STORES, INC., et al,                Case No. 3:05-bk-03817-3F1

      Debtors.                              Chapter 11 – Jointly Administered
_____/

**APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS**
**FOR CERTAIN POST-PETITION PERSONAL INJURY CLAIMANTS**

    COME NOW the Movants, Darryl Evans, Linda Ferguson, Noemi Herrera, Adriene Perry and Raymond Stocklin, by undersigned counsel, and pursuant to 11 U.S.C. §503 request this Court enter an Order approving their application to have allowed administrative claims against the Estate, and to authorize payment of these claims, and would show:

    1.    On February 21, 2005, the Debtors filed Voluntary Petitions under Chapter 11 of the U. S. Bankruptcy Code.

    2.    The Debtors are operating their businesses and managing their property as a debtor in possession pursuant to §1107(a) and 1108 of the Bankruptcy Code.

    3.    The Court has appointed an official committee of unsecured creditors to serve in these cases.

    4.    The Debtors assert in pleadings filed with the Court that approximately 3,200 Proofs of Claim were filed involving unliquidated personal injury or property damage claims for which litigation had been commenced or threatened against the Debtors pre-petition.  The Court has entered Orders setting out certain procedures to resolve personal injury claims.

    5.    Subsequent to the filing of the case, the Movants suffered personal injuries as a result of negligence by the Debtors.

    6.    The Movants have filed Proofs of Claims with the Court, reserving the right to assert administrative expense claims due to the post-petition occurrence of their claims.

7. The personal injury claims of the Movants have not yet been liquidated.

8. The Court has, or shortly will, enter an Order setting a bar date to file administrative expense claims.

9. The Court may award an administrative expense priority under § 503(b) for the "actual, necessary costs and expenses of preserving the estate ...."11 U.S.C. § 503(b)(1).

10. Damages arising from a post-petition tort committed by a debtor are entitled to administrative expense status.[1]

11. The Movants respectfully request the Court enter an Order allowing their post-petition administrative expense claims, subject to liquidation by either consent of the parties or a court of competent jurisdiction. Upon liquidation of their post-petition claims, the Movants request the Court enter an Order requiring the Debtors – as a condition of confirmation of their Chapter 11 Plan – to pay the allowed administrative claims in full.

12. The Movants request the Court limit notice of this Application to the Debtors, counsel for the Debtors, and counsel for the Unsecured Trade Creditors Committee.

/s/ Dennis J. LeVine, Esq.
DENNIS J. LEVINE, ESQ.
Fla. Bar No. 375993
DENNIS LeVINE & ASSOCIATES, P.A.
P.O. Box 707
Tampa, FL 33601-0707
(813) 253-0777 (phone)
(813) 253-0975 (fax)
Attorneys for Movants

---

[1] *See, e.g., Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *Reading Co. v. Brown,* 391 U.S. 471, 485, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968) (holding that damages resulting from fire caused by receiver's negligence were administrative expenses); *In re Piper Aircraft Corp.*, 169 B.R. 766 (Bkrtcy. S.D. Fla. 1994).. As formulated by the Seventh Circuit, a claim will be afforded administrative priority if (1) the debt arises from a transaction with the debtor-in-possession; and (2) that transaction benefitted the debtor-in-possession in the operation of its post-petition business. *Matter of Jartran, Inc.,* 732 F.2d 584, 587 (7th Cir.1984); *Seidle v. United States* (*In re Airlift* ), 97 B.R. 664, 668 (Bankr. S.D. Fla.1989).

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was furnished by electronic or standard mail to the parties listed below on this 17th day of July, 2006.

                                          /s/ Dennis J. LeVine, Esq.
                                          DENNIS J. LEVINE, ESQ.

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL   32254-3699 | Stephen D. Busey, Esq.<br>225 Water St., Suite 1800<br>Jacksonville, FL   32202 |
| Adam Ravin, Esq.<br>Four Times Square<br>New York, NY 10036 | Kenneth C. Meeker, U. S. Trustee<br>135 W. Central Blvd., Suite 620<br>Orlando, FL 32801 |
| Alan E. Wulbern, Esq.<br>225 Water St., Suite 1800<br>Jacksonville, FL   32202 | Elena L. Escamilla, Esq.<br>135 W. Central Blvd., Suite 620<br>Orlando, FL   32806 |
| Cynthia C. Jackson, Esq.<br>225 Water St., Suite 1800<br>Jacksonville, FL   32202 | Dennis F. Dunne, Esq.<br>1 Chase Manhattan Plaza<br>New York, NY 10005 |
| James H. Post, Esq.<br>225 Water St., Suite 1800<br>Jacksonville, FL   32202 | John B. MacDonald, Esq.<br>50 N. Laura St., Suite 2500<br>Jacksonville, FL   32202 |
| Joshua M. Katz, Esq.<br>999 Peachtree St., 14th Floor<br>Atlanta, GA 30309 | Patrick P. Patangan, Esq.<br>50 N. Laura St., Suite 2500<br>Jacksonville, FL 32202 |
| Leanne M. Prendergast, Esq.<br>225 Water St., Suite 1800<br>Jacksonville, FL   32202 | |