**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

In Re:

**Winn-Dixie Stores, Inc. and others,**

Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

### Response and Motion to Dismiss
### of Tom Scott, Tax Commissioner of DeKalb County,
### to Debtor's Third Omnibus Objection to Tax Claims
### and Motion for Order Determining Tax Liabilities

Winn-Dixie asserts that DeKalb County "determined" Winn-Dixie's personal property tax values and "systematically over-estimated" them by 206%.[1] Winn-Dixie argues that DeKalb County relied on faulty depreciation schedules that arrived at inflated values. But DeKalb County merely used Winn-Dixie's numbers as the tax values. And Winn-Dixie's non-depreciable inventories exceed 53% of the tax value, making the alleged 206% overvaluation, which was dependent upon an overvaluation of depreciable assets, mathematically impossible. Should the Court grant Winn-Dixie relief based upon false premises and a mathematically impossible conclusion?

---

[1] Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Taxes, Ex. E, ATL Review Process, first page.

## Background

Winn-Dixie Stores, Inc. operated seven grocery stores in DeKalb County, Georgia. Winn-Dixie filed business personal property tax returns on these stores for 2004 and 2005. But in 2004, inexplicably, Winn-Dixie made obvious errors in its returns that DeKalb County corrected.

In 2004, Winn-Dixie wrote the correct amounts for its inventory on Line I in its returns, yet, despite attaching the worksheets with the proper amounts for the equipment and other property, it errantly entered values on Line F that were obviously wrong. Using Store 2725's 2004 return as a typical example, Winn-Dixie inserted $1,774 in Line F for 2004,[2] when its own worksheets showed $288,242[3] for the Line F assets. This is more clearly seen by comparing the 2004 tax statement for store 2725,[4] which reflects a total tax value of $771,229, which exactly matches the grand total seen on Winn-Dixie's worksheet.[5]   Thankfully, Winn-Dixie correctly prepared its 2005 returns.

For both the 2004 and 2005 returns, DeKalb County simply used the numbers supplied by Winn-Dixie's returns and worksheets. Thus it was Winn-

---

[2] Ex. 1, p. 1.
[3] Ex. 1, pp. 8-9.
[4] Ex. 15.
[5] Ex. 1, p. 9.

Dixie who determined the values of the assets. Winn-Dixie prepared these tax values using the depreciation method mandated by the state of Georgia and applied uniformly to all Georgia businesses. The DeKalb County Board of Assessors accepted Winn-Dixie's numbers, and the DeKalb County Tax Commissioner assessed personal property ad valorem taxes based on these same numbers. This is seen by Exhibits 1 through Exhibit 14, which are the returns that Winn-Dixie filed, and Exhibits 15 through 28, the respective tax bills.

### Winn-Dixie's Third Omnibus Objection

Winn-Dixie hired a tax appraisal firm, Assessment Technologies, Ltd. ("ATL"), which concluded that "the Taxing Authorities have systematically overestimated the taxable value of the Debtors' real and personal property."[6] Winn-Dixie now claims that all of the Taxing Authorities throughout the South systematically overvalued Winn-Dixie's property.

In respect to Winn-Dixie's DeKalb County property, Winn-Dixie claims that the total assessed value should be reduced from $5,658,896 to $2,740,342,[7] which assumes that the tax values (which Winn-Dixie provided) were overvalued by

---

[6] Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Taxes, Ex. E, ATL Review Process, first page.
[7] These are the totals of the figures found in the Taxing Authority's Assessed Value, and the Revised Assessed Value, respectively, on page 24 of Ex. A of Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Taxes.

206.5%. Winn-Dixie then asserts that the tax bills for 2004 and 2005 should be reduced from $220,666.96 to $106,919.65, which assumes a 206% overtaxation.[8] Therefore, based on ATL's assumptions and conclusions, this Court should slash the 2004 and 2005 taxes by 51.55% ($220,666.96 x 51.55% = 113,753.82 [the amount of reduction] so 220,666.96 – 113,753.82 = $106,913.14 [$106,919.65 is Winn-Dixie's number]). Winn-Dixie wants to set off the tax savings from the 2004 taxes, which have already been paid, and apply them to 2005 taxes.

Conveniently, the result is that Winn-Dixie would not owe any taxes for 2005 if the Court were to grant this order.

### DeKalb County's Rebuttal

Winn-Dixie bases its rationale for lowering its taxes on false premises, Enron-like accounting, an absurd result, and a total disregard for the Georgia constitution's requirement that ad valorem taxation be uniform. First, as seen by the tax returns, it was Winn-Dixie who determined the value of its property, not DeKalb County. DeKalb County merely accepted Winn-Dixie's numbers. Second, DeKalb County did not rely on any faulty depreciation schedules "to arrive at inflated assessed value." It was Winn-Dixie that depreciated its assets using the state depreciation format. Third, it would require Enron-like accounting to manipulate the value of the assets to claim that DeKalb County overvalued assets

---

[8] Ex. A of the Debtor's Third Omnibus Objection, p. 24.

by 206% by a faulty method of depreciation, because two-thirds of the store's assets, the inventory, is not depreciated. The inventory is valued at 100% of cost, as it is for all grocers in Georgia. So Winn-Dixie's assertion is mathematically impossible. Fourth, Georgia law requires a uniform valuation for ad valorem taxation and does not carve out a special exception for Winn-Dixie.

Besides Winn-Dixie's impossible theory of overvaluation, there is no evidence that DeKalb County or Winn-Dixie overvalued Winn-Dixie's property, so there is no reason to devalue DeKalb County's proof of claim for taxes.

## I.    Winn-Dixie prepared the tax values, not DeKalb County.

First, as already shown above, Winn-Dixie determined the tax values, as evidenced by the signature of John P. Taylor, Property Tax Manager, Winn-Dixie Stores, Inc., on all 14 of the Business Personal Property Tax Return.[9] The tax bills reflect that the Tax Commissioner used Winn-Dixie's numbers.[10] So Winn-Dixie's first premise, that the Tax Authority determined the tax value, is false. Winn-Dixie set its own tax values, as evidenced by their tax returns and the tax bills.

---

[9] See Ex. 1-14.
[10] See Ex. 15-28.

## II.    Winn-Dixie depreciated its assets, not DeKalb County.

Setting aside the false premise that DeKalb County set the values, Winn-Dixie relies on another falsehood, that "ATL believes that the Taxing Authorities' reliance on depreciation schedules to determine the value of the Debtors' personal property caused the Taxing Authorities to arrive at an inflated assessed value for Personal Property."[11] But it was Winn-Dixie who arrived at these values using the state mandated depreciation schedules, the same schedules used by every Georgia business. Furthermore, the bulk of the property was inventory, which is not depreciated.

Here is an example showing that Winn Dixie depreciated its assets, and that the inventory made up the bulk of these taxed assets. In store 2725's 2005 return, Winn-Dixie valued its inventory at $461,863, and the equipment at $241,466, for a total value of $703,329.[12] DeKalb County accepted Winn-Dixie's return as true and used it for the tax value, as these same numbers appear on the tax bill.[13] The inventory was 68.51% of the total (see chart below). The inventory is valued at cost and is not subject to depreciation schedules. Winn-Dixie used the state formula to depreciated the equipment from its original cost of $651,039 to

---

[11] Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Taxes, Ex. E, ATL Review Process, the third page.
[12] Ex. 2, p. 1.
[13] Ex. 16.

$241,466.[14] The equipment was 34% of the total. Because Winn-Dixie used their own numbers and depreciated their own assets to arrive at tax values that DeKalb County merely accepted, Winn-Dixie's second assertion, that DeKalb County used a faulty depreciation method to inflate the assessed value, is false in every respect.

### III.    Winn-Dixie's theory is absurd: It's impossible to arrive at a 206% overvaluation when the inventory is 53% or more of the value.

The third point is that it is mathematically impossible for DeKalb County to have overvalued the returned property by 206.5%. The inventory value, which is not subject to depreciation, would have to be less than 47% of the entire value to be mathematically possible to be overvalued by 206.5%. Because none of the returns had an inventory value less than 53%, it is mathematically impossible for the depreciable assets to be overvalued enough to arrive at a 206.5% overall overvaluation.

Therefore, for the sake of argument, even if DeKalb County created Winn-Dixie's tax values, which they did not, and even if DeKalb County depreciated these values, which they did not, it is still impossible to arrive at a 206.5% overvaluation.

---

[14] Ex. 2, pp. 6-7.

For example, take the numbers that Winn-Dixie provided for store 2725 in 2005. Winn-Dixie asserts in their Objection that Store 2725 was overvalued by by 202% ($703,329 x 40%[15] = $281,332, the assessed value. Winn-Dixie's revised value is $138,942 and $138,942 x 202% = $280,662, which is roughly the assessed value of $281,332.). Store 2725 had typical ratios of inventory to equipment values. If store 2725's total tax value of $703,329 were overvalued by 202%, then, according to Winn-Dixie, the real value should have been $348,000 ($348,000 x 202% = $702,960). But Winn-Dixie's valuation of store 2725's inventory was $461,863, which already exceeds its revised value $348,000. And inventory is not depreciated. Even if Winn Dixie depreciated the equipment's value of $288,242 to zero, their own theory is egregiously errant. Thus Winn-Dixie's theory of overvaluation is impossible.

Winn-Dixie's theory is also impossible under the most favorable scenario. This is seen in store 2742 in 2004. This store's return had the lowest percentage of inventory value and thus the highest percentage of depreciable equipment. Winn-Dixie asserts that store 2742 was overvalued by 246% ($1,241,477 x 40%[16] = $496,591, the assessed value. Winn-Dixie's revised value is $201,571, and $201,571 x 246% = $495,865, which is roughly the assessed value of $496,591). If store 2742's total tax value of $1,241,477 were overvalued by 246%, then,

---

[15] Georgia taxes ad valorem values at 40% of the value.

according to Winn-Dixie, the real value should have been $505,000 ($505,000 x

246% = $1,242,308). But Winn-Dixie's own valuation of its inventory for store

2742's inventory was $659,409, which exceeds their revised total tax value of

$505,000. Even if Winn-Dixie depreciated the equipment's value of $582,068 to

zero, their own theory is fails. Thus Winn-Dixie's theory of overvaluation is

impossible in the most favorable scenario.

Simply put, it is mathematically impossible to have a 206% overvaluation if

the only portion capable of being overvalued through a faulty depreciation method

composes less than 47% of the total, or, stated differently, where 53% of the assets

are nondepreciable. Here is a table summarizing the returned values.

| Store | Address | Year | Equipment | Inventory | Total | % of Inv. |
|-------|---------|------|-----------|-----------|-------|-----------|
| 2725 | S. DeKalb Mall | 2004 | $288,242 | $482,987 | $771,229 | 62.53 |
| 2725 | S. DeKalb Mall | 2005 | $241,466 | $481,863 | $703,329 | 68.51 |
| 2723 | Rockbridge Place | 2004 | $456,954 | $731,140 | $1,188,094 | 61.54 |
| 2723 | Rockbridge Place | 2005 | $396,305 | $702,141 | $1,098,446 | 63.92 |
| 2731 | Suburban Plaza | 2004 | $290,465 | $695,590 | $986,055 | 70.54 |
| 2731 | Suburban Plaza | 2005 | $282,502 | $646,647 | $929,149 | 70.00 |
| 2718 | Chamblee Plaza | 2004 | $337,948 | $591,282 | $929,230 | 63.63 |
| 2718 | Chamblee Plaza | 2005 | $244,613 | $615,092 | $859,705 | 71.55 |
| 2738 | Salem Crossings | 2004 | $291,359 | $585,600 | $876,959 | 66.78 |
| 2738 | Salem Crossings | 2005 | $266,971 | $631,776 | $898,747 | 70.30 |
| 2702 | Indian Creek | 2004 | $483,883 | $725,620 | $1,209,503 | 59.99 |

[16] Georgia taxes ad valorem values at 40% of the value.

| 2702 | Indian Creek | 2005 | $455,059 | $745,916 | $1,200,965 | 62.11 |
| 2742 | Rockbridge Road | 2004 | $582,068 | $659,409 | $1,241,477 | 53.12 |
| 2742 | Rockbridge Road | 2005 | $543,442 | $710,904 | $1,254,346 | 56.68 |

By reviewing Winn-Dixie's own estimation of tax values, none of these returns had the necessary 53% of equipment value that would create the possibility of a 206% overvaluation. In fact, none had 47% of their value in equipment. Winn-Dixie's theory has no chance of being possible, much less true. Nevertheless, Winn-Dixie is asking this Court to accept an Enron-like accounting theory that is mathematically absurd.

### IV.   The Georgia constitution mandates uniformity in taxation.

DeKalb County's Fourth point is that Georgia law requires a uniform method of ad valorem taxation. Under the Georgia Constitution, Article 7, § 1, ¶ 3, "[A]ll taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." This Court must treat Winn-Dixie's property in a uniform manner with other like properties in DeKalb County, Georgia. Because all of the other grocery stores used the same depreciation formula for depreciating their assets, so must Winn-Dixie.

## Conclusion

In sum, Winn-Dixie is asking this Court, without any viable rationale or factual basis, to allow Winn-Dixie not to pay its 2005 taxes to DeKalb County. In addition, Winn-Dixie asks this Court to violate Georgia's constitutional requirement to uniformly assess taxes. DeKalb County asks the Court to deny Winn-Dixie's objection. It would be more fitting to dismiss the objection entirely because it is self-evident, once the returns are reviewed, that the objection cannot be based in truth, and because Winn-Dixie is necessarily asking the Court to issue a ruling that violates the Georgia Constitution.

Respectfully submitted this __13^{TH}__ day of July, 2006.

Tom Scott

Tom Scott
Tax Commissioner, DeKalb County, Georgia

4380 Memorial Dr., Suite 100
Decatur, Georgia 30032
(404) 298-3020

Please address all communications to:

Mark A. Thompson
Assistant County Attorney
1300 Commerce Drive, 5th Floor
Decatur, GA 30030
(404) 371-3011

**United States Bankruptcy Court**
**Middle District of Florida**
**Jacksonville Division**

In Re:

**Winn-Dixie Stores, Inc., et al.,**

Debtors.

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

### Certificate of Service

I certify that today I served counsel for the opposing party with a copy of the

**Response and Motion to Dismiss of Tom Scott, Tax Commissioner of DeKalb**

**County, to Debtor's Third Omnibus Objection to Tax Claims and Motion for**

**Order Determining Tax Liabilities** by mail. I certify that this document was

prepared using 14 pt Times New Roman font.

This *13th* day of July, 2006.

_____
Tom Scott
Tax Commissioner, DeKalb County

Persons Served:
D. J. Baker
djbaker@skadden.com
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036

-12-

Cynthia C. Jackson
cjackson@smithhulsey.com
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202



# DeKalb County Law Department

THE MALOOF CENTER, 5TH FLOOR
1300 COMMERCE DRIVE
Decatur, Georgia 30030
TELEPHONE: (404) 371-3011
FACSIMILE: (404) 371-3024

RECEIVED
CLERK, U.S. BANKRUPTCY COURT
JUL 17 2006
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

July 13, 2006

By UPS

David K. Oliveria, Clerk of the Court
The United States Bankruptcy Court
Middle District of Florida, Jacksonville Division
300 North Hogan Street, Suite 3-350
Jacksonville, FL 32202

    Re:  *In Re: Winn Dixie Stores, Inc.*
         The United States Bankruptcy Court, Middle District of Florida, Jacksonville Division
         Case No. 05-03817-3F1
         (Our File No. 28-0734)

Dear Mr. Oliveria:

      Mr. Tom Scott is acting pro se for himself as the Tax Commissioner of DeKalb County. Please file the **Response and Motion to Dismiss of Tom Scott, Tax Commissioner of DeKalb County, to Debtor's Third Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities.** Please file the original with the Court, file-stamp the copy and return to me in the enclosed self-addressed, stamped envelope.

Thank you for your assistance in this matter.

                       Sincerely,

                       Brenda Epps
                       Legal Secretary

MAT/mat
Enclosures
cc:   Mr. D. J. Baker
      Ms. Cynthia C. Jackson
      Tom Scott, Tax Commissioner (without exhibits)
      Hackwin Devoe, Bankruptcy Specialist, Tax Commissioner's Office (without exhibits)
      Duane D. Pritchett, Chief Assistant County Attorney (without exhibits)

Voluminous

Attachments can

be viewed at the

Clerks office