UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                              CASE NO.: 3:05-bk-03817-JAF

                                    CHAPTER 11

WINN-DIXIE STORES, INC., et al.,

      Debtors.       Jointly Administered

_____

RESPONSE OF GWINNETT COUNTY TAX COMMISSIONER
TO DEBTORS' THIRD OMNIBUS OBJECTION TO TAX CLAIMS
AND MOTION FOR ORDER DETERMINING TAX LIABILITIES

Gwinnett County Tax Commissioner ("Gwinnett"), by and through its undersigned counsel, responds to the Debtors' Third Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liabilities ("Objection") and states as follows:

1. On August 22, 2005, Gwinnett timely filed proofs of claim in various amounts, copies of which are attached hereto as Composite Exhibit "A", for the 2005 personal property and real estate taxes owed to Gwinnett from the Debtors. The proofs of claim are identified as claim nos. 11696-11703.

2. Both the proofs of claim filed and the Objection incorrectly list the creditor name as County of Gwinnett Public Utilities. The correct creditor name should be Gwinnett County Tax Commissioner.

3. On or about June 26, 2006, the Debtors filed the Objection. Gwinnett's proofs of claim are subject to the Objection as a result of being identified as one of the Tax Claims in Exhibit "A" of the Objection.

4. In the Objection, the Debtors allege that the 2004 and 2005 tax amounts imposed by Gwinnett are excessive due to Gwinnett's assessed value of the Debtors' personal property being inflated. The Debtors allege that the Revised Tax Amount due and owing for 2004 and 2005 combined is $145,365.45, as opposed to the $247,865.77 asserted by Gwinnett for such years combined. Gwinnett disputes such allegations.

5. Gwinnett's assessed value of the Debtors' personal property is derived from the amounts listed on the Debtors' personal property tax returns which the Debtors prepare for any given year.

6. Gwinnett will supplement this Response in the near future with copies of the personal property tax returns prepared by the Debtors for the years 2004 and 2005. Such returns will be labeled as Composite Exhibit "B".

7. The tax returns contain the Debtors' valuation, under oath, of their personal property for the years 2004 and 2005. As stated above, these returns form the basis

for the assessed values asserted by Gwinnett for 2004 and 2005 which the Debtors now claim are inflated.

8. The Revised Assessed Values asserted by the Debtors in the Objection for 2004 and 2005 are inconsistent with the values listed under oath on their tax returns for such years.

9. Gwinnett has relied on the values listed on the Debtors' tax returns for 2004 and 2005, and the Debtors should be estopped from asserting the Revised Assessed Values for such years.

10. Gwinnett believes that the assessed values of the Debtors' personal property for 2004 and 2005 should be determined by the values listed under oath on the Debtors' tax returns for such years, and not the Revised Assessed Values determined by ASI after the fact, and not under oath.

11. Debtors' Objection with respect to Gwinnett's proofs of claim should thus be overruled for the reasons set forth herein.

12. Gwinnett reserves the right to amend, supplement or modify this response as deemed necessary.

DATED this 17 day of July, 2006.

HELD & ISRAEL

By: _____
Kimberly Held Israel, Esquire
Florida Bar #47287
Adam N. Frisch, Esquire
Florida Bar #635308
1301 Riverplace Blvd., Suite 1916
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile