# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## RESPONSE OF THE TAX COMMISSIONER OF DOUGLAS COUNTY, GEORGIA TO THE DEBTOR'S THIRD OMNIBUS OBJECTION TO TAX CLAIMS

Comes now the Douglas County Tax Commissioner's Office by and through its undersigned counsel and submits this response to the Debtors' Third Omnibus Objection to Tax Claims ("Objection") as follows:

1. On or about September 27, 2005, the Douglas County Tax Commissioner (hereinafter the "Respondent") timely filed its proof of claim evidencing the Debtors' outstanding indebtedness of $36,669.02 for 2005 property taxes on three (3) parcels of real estate in Douglas County, Georgia..

2. On their schedules, the Debtors listed a total amount of $ 39,913.24 due and owing to the Respondent for 2004 property taxes on the same three (3) parcels of real estate. Thus, the Respondent's claims for property taxes owed total $76,582.26 for 2004 and 2005.

3. The Debtors filed the Objection (Docket No. 8772) wherein they claim that the amount of taxes assessed to it by the Respondent is excessive because the property values have been overstated.

4. The Debtors have hired an expert and, based upon that expert's findings, have offered alternative valuations for the property. However, the Debtors offer no

documentation evidencing the expert's findings or its self-described "independent appraisal analyses."

5. Section 48-5-311 of the Official Code of Georgia Annotated (O.C.G.A.) sets forth the process by which a taxpayer can appeal its tax assessment.

6. In pertinent part, the statute provides that the Douglas County Board of Tax Assessors ("Board of Assessors") assigns a value to real and personal property each year in accordance with the laws, rules and regulations established by the State of Georgia, Department of Revenue. These appraised values are fair market values or, in other words, what the property could expect to sell for if it was sold during the year. (O.C.G.A. § 48-5-6).

7. Furthermore, the Debtors received an assessment notice each year from the Board of Assessors listing the value of the property. The Debtors were instructed to and should have examined the notice for correctness, and appealed it to the Board of Assessors within forty-five (45) days after which time the Debtors relinquished their right to appeal for that year. (O.C.G.A. § 48-5-311(e)(2)(A)).

8. Had the Debtors properly and timely appealed their tax assessment, they would have had an opportunity for a hearing with the Board of Assessors during which the Board of Assessors would have explained how it determined the fair market value of the subject property and given the Debtor the opportunity to present contrary evidence.

9. Upon information and belief, the Debtors have never availed themselves of this appeals process on its 2004 or 2005 Douglas County property tax assessments.

10. The Debtors purport that its expert used the same standard (fair market value) as the Board of Assessors in appraising the property, yet the Debtor has neither supplied documentation to support the figures nor have put forth any explanation of why its adjusted amount of taxes ($38,920.27) is almost one-half of the amount of taxes assessed by the Respondent.

11. The Douglas County Board of Tax Assessors has properly determined the value of the property and the amount of taxes assessed thereon and the Debtor should not be allowed to circumvent the procedures set forth in Georgia law for the appeal of tax assessments, and unilaterally to determine the taxes that it owes to the Respondent.

**WHEREFORE** the Douglas County Tax Commissioner prays that this Court overrule the Debtor's Objection to its claims and allow the Tax Commissioner's proof of claim for 2005 property taxes as filed, along with the amount appearing in the Debtor's schedules which is owed for 2004 property tax collectively totaling $76,582.26 for all three (3) parcels for 2004 and 2005.

This 17th day of July 2006.

/s/ Stephen R. Caplan_____
Stephen R. Caplan, Esq
Local Counsel for Douglas County Tax, Commissioner
31 North Hyer Avenue
Orlando, Florida 32801
(407)872-6249 / FAX:425-1501
FL BAR NO: 835153