UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF LIBBEY GLASS, INC. TO DEBTOR'S
OMNIBUS OBJECTION TO (A) RECLAMATION CLAIMS AND
(B) UNSECURED CLAIMS HELD BY RECLAMATION CLAIMANTS**

Libbey Glass, Inc. ("Libbey Glass"), through its undersigned counsel, responds to the Debtors' Omnibus Objection to (A) Reclamation Claims and (B) Unsecured Non-priority Claims Held by Reclamation Claimants ("Objection") (Docket No. 8784) as follows:

**Factual Background**

1.  On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and its affiliates (collectively, "Winn-Dixie" or "Debtors") filed voluntary petitions for protection under Chapter 11 of the United States Bankruptcy Code. These cases are being jointly administered for procedural purposes only.

2.  Debtors are grocery and pharmaceutical retailers operating in the southeastern United States.

3. Libbey Glass is the world's largest manufacturer of tableware and supplies retailers with glassware to sell to the general public. In this case, Libbey Glass sold glassware to Winn-Dixie, which offered the glassware for sale in its stores.

4. Libbey Glass and Winn-Dixie had a retail program, in which Winn-Dixie purchased glassware for a set price, with amounts due and payable according to specific credit terms.

5. The parties also had two programs for the sale of glassware, which are referred to in the industry as "continuity programs." Continuity programs are somewhat unique to the retail glassware industry. These programs allow the sale of special or seasonal items and allows the retailer to offer the ware without great downside risk. Specifically, the retailer is billed for each shipment of ware, but is allowed to hold back payment for a significant amount pending the close of the program. However, certain deductions that are common in the retail industry, i.e. breakage, merchandising, advertising, are not permitted until the end of the program. At the conclusion of the program, a reconciliation is performed, payments and credits are deducted from the total amount invoiced and the retailer either has a credit or owes additional payment to Libbey Glass.

6. Because continuity programs differ from the normal course of conduct, retailers are often confused and take unauthorized deductions prior to the conclusion of the program. This requires Libbey Glass to add the unauthorized deductions to the total amount owed, which often causes discrepancies between Libbey Glass' records and those of the retailer.

7. Libbey Glass' proof of claim for $245,608.30 was filed on May 9, 2005, and was assigned Claim Number 1035. The claim evidences amounts owed by Winn-Dixie on the retail program ($19,490.55), and under two continuity programs from 2003 ($63,666.39) and from 2004 ($162,451.36). A copy of Claim No. 1035 is attached hereto as **Exhibit A.**

8. On June 27, 2006, Winn-Dixie filed the Objection (Docket No. 8784), which seeks to reduce and reclassify Libbey Glass' claim (Claim No. 1035).

## The Objection

9. Winn-Dixie objects to the claim and seeks to reduce Claim No. 1035 and disallow it entirely based on Winn-Dixie's books and records, which erroneously show an amount owed to Winn-Dixie from Libbey Glass.

## Argument

10. Section 101 of the Code defines a "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured ...." Congress intended that the terms be given the broadest available definition. *In re Udell*, 18 F.3d 403 (7th Cir. 1994).

11. Section 502(a) and Rule 3001(f) provide that a properly filed proof of claim (like Libbey's) is *prima facie* evidence of the validity of the claim unless a party in interest objects. If there is an objection, Winn-Dixie must introduce evidence as to the invalidity of the claim and the claimant need offer no proof of the merits of the claim. The objecting party

bears the burden of going forward with evidence concerning the validity and amount of the claim. *In re Allegheny Int'l., Inc.*, 954 F.2d 167 (3rd Cir. 1992). In short, it is not sufficient that Winn-Dixie object generally to a claim. Winn-Dixie must affirmatively establish with evidence that the *prima facie* claim in invalid.

12. Again, Claim No. 1035 reflects sums due Libbey under its retail program and under two continuity programs from 2003 and 2004. Reconciliations were performed at the conclusion of both continuity programs and the results were furnished to Winn-Dixie in each instance. Winn-Dixie has never objected to the reconciliations. The claimed offsets implicit in Winn-Dixie's objection undoubtedly represent unauthorized returns, unauthorized deductions and duplicative deductions to which Winn-Dixie is not entitled. An evidentiary hearing to examine the claimed offsets and consider the merits of the Objection is therefore required.

**WHEREFORE,** Libbey Glass requests the entry of an Order (i) overruling the Debtors' Objection to Claim No. 1035, (ii) allowing the claim in full, and (iii) granting such other and relief as is appropriate.

> Margaret G. Beck (0059789)
> **BRADY, COYLE & SCHMIDT, LTD**
> 4052 Holland-Sylvania Road
> Toledo, Ohio 43623
> Telephone: (419) 885-3000
> Facsimile: (419) 885-1120
> mgb@bcslawyers.com
>
> - and -

**STUTSMAN THAMES & MARKEY, P.A.**

By /s/ Richard R. Thames
  Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rthames@stmlaw.net

Attorneys for Libbey Glass, Inc.

## Certificate of Service

I hereby certify on July __17__, 2006, the foregoing notice was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Filing System, which will send a notice of electronic filing to:

Stephen D. Busey, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com

David Jennis, Esq.
Jennis & Bowen, P.L.
400 North Ashley Drive, Suite 2540
Tampa, Florida 33602
(813) 229-1700
(813) 229-1707 (facsimile)
ecf@jennisbowen.com

John B. Macdonald, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
john.macdonald@akerman.com

Patrick P. Patangan, Esq.
Akerman, Senterfitt & Eidson, P.A.
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202
(904) 798-3700
(904) 798-3730 (facsimile)
patrick.pantangan@akerman.com

Elana L. Escamilla, Esq.
Assistant United States Trustee
135 West Central Boulevard, Room 620
Orlando, Florida 32801
(407) 648-6465
(407) 648-6323 (facsimile)
elana.l.escamilla@usdoj.gov

Karol K. Denniston, Esq.
Paul, Hastings, Janofsky & Waler, LLP
600 Peachtree Street, Suite 2400
Atlanta, Georgia 30308
(404) 815-2347
(404) 685-5347 (facsimile)

Cynthia C. Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Dennis F. Dunne, Esq.
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Plaza
New York, New York 10005
(212) 530-5000
(212) 530-5219 (facsimile)
ddunne@milbank.com

Adam Ravin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
aravin@skadden.com

D.J. Baker, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
dbaker@skadden.com

James H. Post, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

/s/ *Richard R. Thames*
_____
Attorney

60079