**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE AND OBJECTION OF TUSCALOOSA COUNTY (ALABAMA) TAX**
**COLLECTOR TO DEBTOR'S THIRD OMNIBUS OBJECTION TO TAX**
**CLAIMS AND MOTION FOR ORDER DETERMINING TAX LIABILITIES**

Now comes Peyton Cochrane, as Tuscaloosa County (Alabama) Tax Collector ("Collector") and files his response and objection to the Debtor's Third Omnibus Objection to Tax Claims and Motion or an Order Determining Tax Liability (Docket No. 8772) as it relates to the Debtor's personal property tax liability in Tuscaloosa County, Alabama (hereinafter "Motion") and, as grounds for the same, would state as follows:

<u>FACTS</u>

1.      The Collector filed his Proof of Claim for 2005 personal property taxes in the amount of $34,336.65 (Claim #263) on or about March 22, 2005.

2.      On June 26, 2006, the Debtor filed its Motion.

3.      The Motion seeks to revalue the Debtor's personal property for tax years 2004, 2005, and 2006, reduce its tax liability for those years, and offset the difference to the Debtor's present or future tax liability to the Collector.

4.      The Debtor now operates or has operated six (6) retail grocery stores in Tuscaloosa County, Alabama, and has operated such stores since prior to 2004.

5.      The Collector is responsible for the collection of various taxes assessed by the

Tax Assessor of Tuscaloosa County, Alabama including, but not limited to, personal property taxes.

6.    To facilitate the collection of personal property taxes, Alabama law requires that the taxpayer "giving in property for taxation shall enter upon said list his estimated value of every item of personal property listed, of the information of the official or officials whose duty it is to fix the assessment valuation of taxable property…" Ala. Code § 40-7-14 (1975).   The Debtor filed personal property tax returns for each of its six (6) stores for tax years 2004, 2005, and 2006.    The Debtor provided information, under oath, as to the asserted values of its machinery, equipment, and inventory based on is original cost.    As to machinery and equipment, the cost to the Debtor of that property, less depreciation, resulted in an amount representing the Debtor's claimed market value of the subject machinery and equipment.    The Debtor, in its returns, was given an opportunity to proclaim extraordinary circumstance which would justify an adjustment to the fair market value. The Debtor did not proclaim extraordinary circumstance on any of the subject returns.

7.    Pursuant to Ala.Const. Art. XI, § 217, the Collector reviewed the Debtor's tax returns for the applicable years and made adjustments to determine the assessed value.    Under Ala.Const. Art. XI, § 217, the personal property of the Debtor in question is treated as Class II property and is assessed at twenty per centum (20%) of the claimed value.    These adjustments led to the following assessed values (all stores combined), *to wit:*   2004 = $870,800; 2005 = $743,820; and 2006 = $632,220.

8.    Following the calculation of assessed values, taxes are levied on the assessed values at the rates of 51.5 mills for property located within the City of Tuscaloosa, 38 mills for property located within the City of Northport, and 26.5 mills for property located outside the

Cities of Tuscaloosa and Northport but within the County of Tuscaloosa.  Under Alabama law,

the Debtor is given until the first Monday in June following the assessment to appeal the value to

the County Board of Equalizations.   Ala. Code §40-3-16 (1975).   If the taxpayer is still not

satisfied, the taxpayer may appeal the decision of the Board to the Circuit Court within 30 days.

Ala. Code §40-3-24 (1975).   In the alternative, a taxpayer may appeal directly to the Circuit

Court within fifteen (15) days from the assessment.   Ala. Code §40-7-45 (1975).   The Debtor did

not file an appeal, and the assessments became final with the same force and effect of a judgment

of the court under Alabama law.   The Debtor has waived its right to now object to that valuation

in this proceeding.

**LEGAL ARGUMENT**

INDEPENDENT APPRAISAL NOT PROPER METHOD OF DETERMINING VALUE

9.        Although 11 U.S.C. § 505 presumably grants this Court the power to determine

tax amounts, the standards to be applied in so determining are those established by state law.   In

re Litestream Tech., LLC, 337 B.R. 705 (Bankr.M.D.Fla. 2006).   As stated above, Alabama law

provides that historical cost less depreciation is appropriate when determining value for taxation

purposes.   Monroe Bond & Mortg. Co. v. State ex rel. Hybart, 48 So. 2d. 431 (Ala. 1950).   In

Monroe Bond, the Court held that evidence relating to the historical costs less depreciation

should be considered as evidence material to the determination of fair and reasonable value.   Id.

The Debtor's Motion seeks to ignore Alabama law by failing to consider historical costs and

relying on an independent third party appraiser who has no personal knowledge of the property

in question.   While Monroe Bond also holds that fair and reasonable market value is the ultimate

result to be strived for when assessing property, the Debtor's Motion relies on an appraisal that

was not conducted at the time that this property was originally assessed. The Debtor's Motion offers no evidence that the appraisal accounted for the difference in time which elapsed from the date of the assessments challenged to the time at which the appraisal was obtained.

## TAX COLLECTOR NOT REAL PARTY IN INTEREST

10.     In Alabama, the duties and authority of the tax collector are limited to collection of the taxes that have been assessed by the tax assessor. Ala.Code § 40-5-33 (1975). The tax assessor, who is not a party to this matter, has the sole right and authority to assess all personal property to the taxpayer. Ala.Code § 40-7-1 (1975). The facts of the current case are virtually identical to the facts in In re Psychiatric Hosp. of Fla, Inc., 217 B.R. 645 (Bankr.M.D.Fla. 1997). In Psychiatric Hosp., the Court held that the debtor's motion should be denied as to the tax collector because the Court lacked the power to order the tax collector to perform a task which he has no statutory authority to perform where the tax collector's only duties were to collect the taxes that had already been assessed. Id. at 648. The Debtor's Motion in the current case expressly states that "the Debtors seek no relief against the County Appraisers." Paragraph 9. Therefore, under the authority of Psychiatric Hospitals, the Debtor's Motion as to the Collector should be denied.

## NO BANKRUPTCY COURT JURISDICTION

11.     Federal law provides that district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state. 28 U.S.C. § 1341. Under Alabama law, the taxpayer may challenge to the Board of Equalizations and then appeal to the Circuit Court the final valuation or assessment. Ala. Code § 40-3-16 (1975) et. seq. In the alternative, an appeal directly to the Circuit Court may be made within fifteen (15) days from the date of the

assessment.  Ala. Code § 40-7-45 (1975).  The Debtor made no such challenge or appeal in this case.  The Debtor's Motion offers no evidence that the appeals process is not "plain, speedy and efficient" as required by the Federal statute.  As such, this Court's lacks jurisdiction to alter the assessment.  Kiker v. Hefner, 409 F. 2d 1067 (11th Cir. 1969).

12.    Further, 11 U.S.C § 505(a)(2)(A) states that the Bankruptcy Court has no jurisdiction to determine tax liability where the tax amount was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case.  As discussed more fully below (see Paragraph 14), the assessment of ad valorem taxes carries the full weight and force of a final judgment under Alabama law.  Therefore, 11 U.S.C § 505(a)(2)(A) applies and this Court lacks jurisdiction to hear this matter.

JUDICIAL/EQUITABLE ESTOPPEL

13.    The Debtor's tax returns constitute an admission against its own interest.  The Debtor is estopped from challenging the assessments based on its own valuations, as adjusted by the Tuscaloosa County Tax Assessor, because it failed to appeal those valuations in accordance with applicable Alabama law.  See Ala.Code § 40-7-45 (1975).  As discussed above, the valuations used by the tax assessor were provided by the Debtor, **under oath**.  See Ala.Code §40-7-8 (1975).  Further, for the 2004 taxes, the Debtor actually paid the taxes (as well as all previous years) without objection.  Judicial estoppel, sometimes referred to as "equitable estoppel," is an equitable doctrine invoked at the court's discretion.  New Hampshire v. Maine, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).  Under this doctrine, a party is precluded from "asserting a claim in a legal proceeding that is inconsistent with a claim asserted by that party in a previous proceeding.  [It] is an equitable concept intended to prevent the perversion of the judicial process.  Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11[th]

Cir. 2002). Although not inflexible or exhaustive, two primary factors are considered when determining whether to apply judicial estoppel. Ajaka v. Brooksamerica Mortg. Corp., 2006 WL 1765425 (11th Cir.). First, the allegedly inconsistent positions must have been taken under oath in a prior proceeding, and second, they must have been calculated to make a mockery of the judicial system. Id. at 3. Another consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire, 532 U.S. at 751, 121 S.Ct. 1808. Considering that not only did the Debtor not dispute the values assessed but actually supplied the values used, the doctrine of judicial estoppel should be applied in this case.

ROOKER-FELDMAN DOCTRINE

14.     Alabama law provides that the assessment of a tax without challenge or appeal from the taxpayer within prescribed time and method established has the legal effect of a default judgment against the taxpayer for the amount of the assessed taxes, which can not be challenged except for fraud. Sparks v. Brock & Blevins, Inc., 145 So. 2d 844 (Ala. 1962); Fuqua v. Spry Burial Ins. Co., 47 So. 2d 817 (Ala. 1950); State v. Ross Grady Insurance Agency, Inc., 266 So. 2d 787 (Ala. Civ. App. 1972). The Rooker-Feldman doctrine precludes lower federal courts from reviewing state court decisions. Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996). Accordingly, Rooker-Feldman precludes a federal action if the relief requested would effectively reverse the state court decision or void its ruling. See Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997). Moreover, "the doctrine applies not only to claims actually raised, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment." Powell, 80 F.3d at 466 (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). As such, despite the power granted this Court under 11

U.S.C. § 505, this Court has no authority to determine tax liability that has already been assessed and not challenged by the Debtor.

RES JUDICATA/COLLATERAL ESTOPPEL

15.     As stated above, Alabama law provides that the assessment of a tax without challenge or appeal from the taxpayer within the prescribed time and method established has the legal effect of a default judgment against the taxpayer for the amount of the assessed taxes, which can not be challenged except for fraud.  Sparks v. Brock & Blevins, Inc., 145 So. 2d 844 (Ala. 1962); Fuqua v. Spry Burial Ins. Co., 47 So. 2d 817 (Ala. 1950); State v. Ross Grady Ins. Agency, Inc., 266 So. 2d 787 (Ala. Civ. App. 1972).   For purposes of the doctrine of *res judicata*, a default judgment has the same binding effect as any other judgment.  Morris v. Jones, 329 U.S. 545 (1947); In re Bush, 62 F.3d 1319, 1324 (11th Cir.1995).  A claim will be barred by prior litigation if: (1) a final judgment was rendered on the merits; (2) a court of competent jurisdiction made the decision; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir.1999).  All of the elements required for the application of *res judicata* are present; therefore, the Debtor's claims are barred in the present case.

FAILURE TO COMPLY WITH 11 U.S.C. §505(a)(2)(B)

16.     Personal property taxes for 2004 have already been paid and no request for a refund has been submitted by the Debtor. The Debtor can utilize 11 U.S.C. § 505(a) to achieve a tax refund only if a request for that refund has first been submitted to the taxing authority.  11 U.S.C. § 505(a)(2)(B).  It is undisputed that the Debtor has made no such request to the Collector.  The Debtor's Motion purports to circumvent this requirement by asking the Court to offset amounts which were overpaid for prior years against liabilities from other present or future

amounts due.  However, these semantics should be given no weight by the Court.  The Debtor's are in fact requesting a refund which would then be applied to 2005, 2006 and future years' tax liability.

INTEREST RATE

17.    11 U.S.C. §506 allows interest on claims where the value of the claim holder's interest in property exceeds the amount of his claim.  The statutory rate of interest for the subject unpaid personal property taxes is 12%.  Ala. Code  § 40-5-9 (1975).  Statutory interest rates as high as 18% have been found by this Court and other Courts throughout this district to be non-punitive in nature.  See e.g. In re Haskell, 252 B.R. 236 (Bankr.M.D.Fla. 2000); In re Mulberry Corp., 2006 WL 1555650 (Bankr.M.D.Fla.).  Given the market risks associated with the Debtor's current financial position, the Debtor's reliance on the LIBOR and prime lending rates is misplaced.  The applicable interest rate of 12% cannot be shown to be so disproportionate to current interest rates as to constitute a penalty and, therefore, the statutory interest should be allowed.  Further, the Debtor has presented no evidence that a rate exceeding its proposed 6% is punitive in nature and should be disallowed.  Even if this Court determines that the 12% statutory rate constitutes a penalty in some part, the appropriate rate to assign is the Federal prime rate which is currently 8.25%, plus an appropriate risk factor.  See Till v. SCS Credit Corp., 124 S.Ct. 1951 (2004).

WHEREFORE, the Collector requests the Court enter an Order overruling the Debtors' objection to its claims, denying the Debtor's motion to determine tax liability, and denying any and all other relief requested in the Debtor's Motion.  Further, the Collector requests such other and further relief to which he is entitled and that the Court deems just and appropriate.

HUBBARD, SMITH, McILWAIN,
BRAKEFIELD & BROWDER, P.C.


//sig.// W. Marcus Brakefield
W. Marcus Brakefield
mbrakefield@hsmbb.com
Kristofor D. Sodergren
ksodergren@hsmbb.com
Attorneys for Peyton Cochrane, Tuscaloosa County (Alabama) Tax Collector
808 Lurleen Wallace Blvd., N.
Post Office Box 2427
Tuscaloosa, Alabama  35403
Telephone:  (205) 345-6789
Facsimile:  (205) 759-1900
Our File No. 36500.0639


Certificate of Service

I hereby certify on July 17, 2006, the foregoing document was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to:

Cynthia C. Jackson, Esq.
Stephen D. Busey, Esq.
James H. Post, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)

D.J. Baker, Esq.
Sally McDonald Henry, Esq.
Rosalie Walker Gray, Esq.
Skadden, Arps, Slat, Meagher, & Flom, LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)


//sig.// Kristofor D. Sodergren
Kristofor D. Sodergren
Of counsel
Peyton Cochrane, Tuscaloosa County (Alabama) Tax Collector