**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 3-05-bk-3817 |
| **WINN DIXIE STORES, INC., et. al.** | Chapter 11 |
| Debtor. | Jointly Administered |
| _____/ | |

### SHOPPES OF LIBERTY CITY, LLC'S OBJECTION TO MOTION TO ASSUME LEASE FOR LOCATION 214

Landlord, Shoppes of Liberty City, LLC (Landlord), through undersigned counsel, files this objection to assumption of the lease for Location 214 and as grounds assert:

1. Shoppes of Liberty City, LLC, as assignee of the Lease between Winn Dixie and Platinum Property Management dated March 15, 1999 (the "Lease"), is the landlord for Winn Dixie Location No. 214. A copy of the Assignment is attached as Exhibit "A".

2. Winn Dixie filed for protection under Chapter 11 of the United States Bankruptcy Code on February 21, 2005. Winn Dixie now seeks to assume the Lease, and has proposed a cure amount that understates the amounts necessary to bring the Lease current.

3. Winn Dixie has proposed to pay the sum of $8,908.54 to cure the defaults under the Lease, but this only covers the pre-petition monthly rent arrearage, and does not take into account property taxes that came due in 2005, which were billed to the Landlord in October 2005. A copy of the tax bill is attached as Exhibit "B."

4. The Lease provides that Winn Dixie is responsible for its portion of real estate taxes as additional rent, and was sent an invoice for its pro rata share of the 2005 real estate taxes

in the amount of $112,065.60.[1] A copy of the invoice sent to Winn Dixie is attached as Exhibit "C."

5. Winn Dixie paid only $96,100.09 of its real estate obligation, claiming that it was only obligated to pay the portion of the taxes attributable to its post petition occupancy unless and until it assumed the Lease. This left an unpaid balance for the 2005 real estate taxes of $15,965.51.

6. Although the Debtor remains obligated to pay the balance of the 2005 real estate taxes, Debtor has omitted this obligation from the proposed cure amounts for Location 214 set forth in its motion to assume the subject Lease.

7. Landlord objects to assumption to the extent that that provision has not been made to cure the balance of its real estate tax obligation for 2005. As a condition to assumption, Winn Dixie should be compelled to pay the balance of the 2005 real estate taxes in addition to the prepetition monthly rent arrearage.

8. Section 365(b)(1) provides that, in order to assume an executory contract or unexpired lease in which a default has occurred, the trustee must cure the default and provide compensation for pecuniary loss, or provide adequate assurance that cure and compensation will occur promptly. *In re Valley View Shopping Center, L.P.,* 260 B.R. 10 (Bankr. D. Kan. 2001). The total cure amount to assume is:

---

[1] The entire shopping center is 78,686 sq ft and Winn Dixie space totals 47,075 sq ft. Winn Dixie's pro rata portion of the overall shopping center is 59.8696%. The total tax bill for the shopping center without special assessments totaled $187,182.79. Applying Winn Dixie's percentage of the overall shopping center, the total real estate tax obligation owed by Winn Dixie for 2005 was $112,065.60.

|  |  |
|---|---|
| Pre-petition rent arrears | $ 8,908.54 |
| 2005 Real Estate Taxes | $15, 965.51 |
| Total | **$24,874.05** |

9. Landlord submits that unless Debtor cures all monetary defaults, which total $24,874.05, and includes the balance of the 2005 real estate taxes Debtor has previously conceded it would be obligated to pay if it assumed the subject lease, assumption should be denied.

WHEREFORE, Landlord objects to Debtor's Motion to Assume and respectfully requests that the Motion to Assume be denied unless Debtor pays the total cure amount set forth above, and that the court grant all other relief it deems appropriate.

Respectfully submitted,

BLAXBERG, GRAYSON, KUKOFF
& SEGAL, P.A.
Counsel for Shoppes of Liberty City, LLC
Suite 730, Ingraham Building
25 Southeast Second Avenue
Miami, Florida  33131
Phone: (305) 381-7979
Facsimile: (305) 371-6816
ian.kukoff@blaxgray.com

 /s/ Ian J. Kukoff
Ian J. Kukoff, Esq.
Florida Bar No.: 827126

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via facsimile U.S. Mail and e-mail to the following:

Cynthia Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
904-359-7700
cjackson@smithhulsey.com

DJ Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
212-735-3000
djbaker@skadden.com

       /s/ Ian J. Kukoff