IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| WINN-DIXIE STORES, INC. | : | CASE NO. 05-03817-JAF |
| | : | (Jointly Administered) |
| | : | |
| Debtor. | : | |

_____

**RESPONSE OF SOUTHEAST PROVISIONS, LLC
TO DEBTORS' OMNIBUS OBJECTION TO (A) RECLAMATION CLAIMS
And (B) UNSECURED NON-PRIORITY CLAIMS**

Southeast Provisions, LLC (the "Reclamation Creditor") hereby responds to Debtors' Omnibus Objection to (A) Reclamation Claims and (B) Unsecured Non-priority Claims ("Claim Objections") and respectfully represents as follows:

**I. BACKGROUND**

1. Winn-Dixie Stores, Inc. and certain affiliated parties (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code on February 21, 2005.

2. Prior to the petition date, Southeast Provisions shipped certain meat and related food products to the Debtors. By correspondence dated February 24, 2005, Southeast Provisions, LLC forwarded a Reclamation Claim submitted under Section 546(c) of the Bankruptcy Code and § 2-207 of the Uniform Commercial Code demanding return of the goods.

3. Southeast Provisions, LLC filed a Proof of Claim o August 1, 2005 in the amount of $467,150.26 consisting of an unsecured priority claim in the amount of $295,789.49 and a Reclamation Claim in the amount of $171,360.77 together with the supporting invoices.

4. The foregoing goods were sold by Southeast Provisions to the Debtors in the ordinary course of business. Upon information and belief, the Debtors were insolvent when the goods were sold and received.

5. Southeast Provisions objects to the proposed resolution of the Reclamation Claim whereunder the Reclamation Claim filed by Southeast Provisions was reduced from the sum of $171,360.77 to $74,618.04 with a further reduction for consumption and credits in the amount of $3,967.82 resulting in a net Reclamation Claim of $70,650.22.

6. By Order approving Debtors' Motion for Determination of Unresolved Reclamation Claims entered on November 4, 2005, the reclamation claim of Southeast Provisions was classified for the claims under Exhibit 3 providing in relevant part, that all unresolved issues relating to those claims (except those previously waived by the Debtors') shall be adjudicated by this court pursuant to an evidentiary hearing.

7. Southeast Provisions has satisfied the requirements imposed by 11 U.S.C. Section 546(c) and §2-702(2) of the uniform Commercial Code, has a perfected Reclamation Claim in the amount of $171,360.77.

8. The Debtors and Southeast Provisions and the respective advisors have reviewed the underlying invoices, records and documents with respect to the deliveries of goods made by Southeast Provisions to Debtors during the reclamation period. Despite the foregoing review and analysis, a dispute continues to exist with respect to the foregoing amount of $14,091.30.

9. The analysis completed by Southeast Provisions attached hereto as **Exhibit "A"**, reflects an additional reclamation claim in the amount of $14,091.30 as set forth in the Reconciliation Analysis. The Analysis was prepared based upon the underlying invoices, records and documents retained by Southeast Provisions in the ordinary course of business.

10. Southeast Provisions objects on a limited basis that its Reclamation Claim should be increased the sum of $14,091.30 as provided herein with a corresponding reduction in the unsecured non-priority claim.

                                    Southeast Provisions, LLC

Dated: July 17, 2006                By:  /s/ Rudi R. Grueneberg
                                                    Rudi R. Grueneberg, Esquire, General Counsel
                                                    Attorney for Southeast Provisions, LLC
                                                    11 Task Industrial Court
                                                    Greenville, South Carolina 29607

X:\Client File\Dietz & Watson\Winn Dixie\Pleadings\Response.Reclamation.doc