**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC., et al.,** | ) | Chapter 11 |
| | ) | |
| **Debtors.** | ) | Jointly Administered |

**MOTION OF BIRMINGHAM REALTY COMPANY FOR
ALLOWANCE OF ITS ADMINISTRATIVE EXPENSE CLAIM
PURSUANT TO 11 U.S.C. §§503(a), 503(b) AND 507(a)(2)**

Birmingham Realty Company ("Birmingham"), by and through its attorneys, hereby moves for an order allowing the administrative expense claim of Birmingham, pursuant to 11 U.S.C. §§503(a) and 503(b), and directing Winn-Dixie Stores, Inc., (the "Debtor"), to pay Birmingham its administrative expense claim pursuant to 11 U.S.C. §§503(a), 503(b) and 507(a)(2) (the "Motion").

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of this application is a core proceeding under 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for relief requested herein is 11 U.S.C. §§503(a), 503(b) and 507(a)(2).

2. On February 21, 2005, the Debtors herein filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

3. Prior to the filing of the bankruptcy petition, Birmingham leased non-residential real property to the Debtors in the ordinary course of Debtors' ordinary business. Attached hereto as Exhibits A through C, respectively, are lease agreements for Winn-Dixie

Store Numbers 547 (Oak Mountain Marketplace), 575 (Village at Moody), and 597 (Columbiana Square).

4. Each of the above-referenced leases were for stores operated by the Debtors after the filing of the bankruptcy petition, and up to the effective date of rejection of each of the leases, which was September 30, 2005.

5. Each of the above-described lease agreements provide that the Debtors, as tenants, have the obligation to repair or reimburse Birmingham for the cost of repairing any damage to the premises resulting from the installation or removal of any fixtures and signs. In addition, the leases provide that the tenant will yield up the premises in as good and tenantable condition as the same are at the beginning of tenant's occupancy, reasonable wear and tear excepted.

6. Attached hereto as Exhibits D, E, and F, respectively, are copies of invoices previously provided to the Debtors for costs and expenses incurred by Birmingham but not reimbursed by the Debtors for Store Numbers 547, 575 and 597.

7. Birmingham is therefore owed a total of $73,002.28, as an administrative expense claim pursuant to 11 U.S.C. §503(b). *See In re Q-Masters, Inc.*, 135 B.R. 157, 161 (Bankr.S.D.Fla. 1991) (landlord's claim allowed for property damage caused by tenant); *In re Atlantic Container Corp.*, 133 B.R. 980, 991-92 (Bankr.N.D.Ill. 1991) (allowed prepetition and postpetition damages based upon tenant's failure to repair and maintain premises; postpetition damages allowed as an administrative expense).

8.    Pursuant to 11 U.S.C. §§503(a), 503(b) and 507(a)(2), Birmingham is entitled to an administrative expense claim in the amount of $73,002.28.  Birmingham is also seeking payment of the administrative expense claim within five (5) business days of entry of an order approving this Motion.

WHEREFORE, PREMISES CONSIDERED, Birmingham Realty Company respectfully requests that this Court enter an order allowing its administrative expense claim pursuant to 11 U.S.C. §§503(b) and 507(a)(2), and directing the Debtors to pay Birmingham's administrative expense claim within five (5) business days of the date of such order, and grant Birmingham such other and further relief as this Court deems just.

**LaFLEUR LAW FIRM**

By /s/ *Nina M. LaFleur*
    Nina M. LaFleur

Florida Bar Number 0107451
Post Office Box 861128
St. Augustine, Florida 32086
(904) 797-7995
(904) 797-7996 (Facsimile)

Attorneys for Birmingham Realty Company

**Certificate of Service**

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202, and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 20th day of July, 2006.

/s/ *Nina M. LaFleur*