**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as debtors and debtors in possession, give notice of filing the attached First Interim Application of Jenner & Block LLP as Special Counsel to the Debtors for Allowance and Payment of Compensation for and Reimbursement of Expenses Advanced for the Period of May 9, 2006 Through May 31, 2006.

Dated: July 21, 2006.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  *s/ D. J. Baker*<br>     D. J. Baker<br>     Sally McDonald Henry<br>     Rosalie Gray | By  *s/ Cynthia C. Jackson*<br>     Stephen D. Busey<br>     James H. Post<br>     Cynthia C. Jackson (FBN 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00525867

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF JENNER & BLOCK LLP
AS SPECIAL INSURANCE LITIGATION COUNSEL TO THE DEBTORS**

| Period for which fee compensation and expense reimbursement is sought: | May 9, 2005 to May 31, 2006 |
|---|---|
| Compensation and expenses previously awarded by the Court: | None |
| Total amount of expense reimbursement sought: | $53,156.66 |
| Total amount of fee compensation sought: | $606,419.25 |
| Summary of fee compensation sought: | |

| Timekeeper Name | Position | Atty. Adm. Yr. | 2005 Rate | 2006 Rate | Billed Hours | Billed Fees |
|---|---|---|---|---|---|---|
| John H. Mathias, Jr. | Partner | 1972 | $635 | $670 | 41.6 | $22,675.81 |
| Christopher C. Dickinson | Partner | 1988 | $465 | $485 | 369.15 | $166,157.31 |
| John P. Wolfsmith | Partner | 1998 | N/A | $420 | 79.1 | $33,222.00 |
| Elsa Y. Trujillo | Associate | 2001 | N/A | $325 | 89.7 | $29,152.50 |
| Joseph F. Arias | Associate | 2002 | $275 | $325 | 1016 | $289,958.34 |
| Rebecca L. Miller | Paralegal | | $150 | $160 | 137.1 | $21,373.78 |
| Eleni Giannakopoulos | Project Assistant | | N/A | $120 | 138.5 | $16,620.00 |
| Julia L. Lippitt | Project Assistant | | N/A | $120 | 34.1 | $4,092.00 |
| Richard Cortazar | Project Assistant | | $110 | $120 | 95.5 | $11,225.51 |
| Paul S. Ramonas | Research Librarian | | $210 | N/A | 1.7 | $357.00 |
| Brian R. Love | Applied Tech. Analyst | | N/A | $275 | 39.6 | $10,890.00 |
| Daniel Biemer | Sr. Applied Tech. Analyst | | N/A | $275 | 1.8 | $495.00 |
| Walita Jendo | Applied Tech. Specialist | | N/A | $200 | 1 | $200.00 |
| **Totals** | | | | | 2,044.85 | $606,419.25 |

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.*, | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF JENNER & BLOCK LLP,**
**AS SPECIAL COUNSEL TO THE DEBTORS,**
**FOR ALLOWANCE AND PAYMENT OF COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES ADVANCED**

Jenner & Block LLP ("Jenner & Block") submits this Application pursuant to sections 330 and 331 of the Bankruptcy Code, for entry of an order allowing it interim compensation for services rendered and expenses advanced during the period May 9, 2005 to May 31, 2006, as special insurance litigation counsel to Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, "the Debtors").

In support of this Application, Jenner & Block states as follows:

**Background, Jurisdiction and Venue**

1.  On February 21, 2005, the Debtors filed voluntary petitions for reorganization relief under chapter 11 of the Bankruptcy Code. The Debtors' cases are being jointly administered for procedural purposes only. The Debtors -- grocery and pharmaceutical retailers operating in the southeastern United States -- are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee ("the U.S. Trustee") appointed an official committee of unsecured

creditors ("the Creditors Committee") to serve in these cases. An official committee of equity security holders was appointed by the U.S. Trustee on August 17, 2005, and was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought in this Application are sections 105, 327, 330 and 331 of the Bankruptcy Code, and such relief is subject to Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure.

### The Debtors' Retention of Jenner & Block

4. In July 2004, the Debtors retained Jenner & Block to represent it in connection with various insurance-related matters, including advising the Debtors with regard to insurance procurement and administration and pursuit of certain claims for insurance coverage.

5. In or about early 2005, the Debtors began consulting Jenner & Block concerning a dispute with one of the Debtors' property insurers, XL Insurance America, Inc. ("XL"). In August 2005, Jenner & Block filed suit against XL on behalf of Winn-Dixie, seeking declaratory relief and damages stemming from XL's refusal to cover what Winn-Dixie asserts is XL's portion of the substantial property damage losses the Debtors sustained in the 2004 hurricane season. The complaint was later amended to allege alternative contract and tort claims against Marsh USA, Inc. ("Marsh"), then the Debtors' property insurance broker and advisor. The amended complaint alleges that in the event it is determined that Winn-Dixie is not entitled to the coverage it seeks from XL, then Winn-Dixie is entitled to recovery of its losses from Marsh, for Marsh's failure to properly procure the necessary coverage. The litigation is pending in U.S.

District Court in Atlanta, under the caption *Winn-Dixie Stores, Inc. v. XL Insurance America, Inc. and Marsh USA, Inc.*, No. 05-CV-2100-JEC (N.D. Ga.) ("XL/Marsh Litigation").

6.      Before May 4, 2006, Jenner & Block had been providing its services in its ordinary course professional capacity, pursuant to the Court's March 4, 2005 Order Authorizing Debtors to Retain and Compensate Professionals Used in the Ordinary Course of Business ("the OCP Order").[1] But as a result of increased activity in the XL/Marsh Litigation, and the likelihood that the XL/Marsh Litigation will proceed to trial, the cost of services the Debtors required from Jenner & Block began to exceed the monthly and case caps provided in the OCP Order. Accordingly, to ensure that the Debtors continued to receive the benefit of Jenner & Block's counsel with respect to the XL/Marsh Litigation and. to the extent needed, other insurance-related matters, in April 2006 the Debtors applied for the Court's approval to retain Jenner & Block as special insurance litigation counsel.[2] On May 4, 2006, the Court entered an order pursuant to section 327(e) of the Bankruptcy Code, approving the Debtors' retention of Jenner & Block as special insurance litigation counsel, for purposes of Jenner & Block's continued prosecution of the XL/Marsh Litigation, as well as to continue advising the Debtors with regard to other insurance-related matters as necessary.[3] The majority of the fees incurred

---

[1] *See* Third Submission of Completed Retention Questionnaire of Ordinary Course Professionals Included in the Seventh Supplement to Exhibit A Pursuant to the Order Authorizing Debtors to Retain and Compensate Professionals Used in the Ordinary Course of Business (Dec. 9, 2005) (Docket No. 4570) (submitting completed ordinary course professional retention questionnaire for Jenner & Block); Seventh Supplement to Exhibit A of the Motion for Approval of Retention and Compensation of Professionals Used in the Ordinary Course of Business (Aug. 15, 2005) (Docket No. 3006) (adding Jenner & Block as an ordinary course professional).

[2] *See* Application for Authority to Retain Jenner & Block LLP as Special Insurance Litigation Counsel to the Debtors (Apr. 16, 2006) (Docket No. 7148).

[3] *See* Order Authorizing Debtors to Retain Jenner & Block LLP as Special Insurance Litigation Counsel (May 4, 2006) (Docket No. 7601).

and expenses advanced by Jenner & Block before the entry of the May 4, 2006 Order remain unpaid, and those unpaid fees and expenses are accordingly included in this first Application.

**Relief Requested**

7.  By this Application, Jenner & Block is seeking interim compensation for fees in the amount of $642,554.25, and reimbursement for expenses advanced in the amount of $54,311.46, all of which was incurred in connection with the XL/Marsh Litigation during the period May 9, 2005 to May 31, 2006. This is Jenner & Block's first interim application; the Court has not previously issued any orders allowing interim compensation or reimbursement of expenses to Jenner & Block.

8.  Annexed hereto is the coversheet required by UST Guidelines, which includes a schedule setting forth (a) the names of all Jenner & Block attorneys, paralegals and other professionals who have performed services for which compensation is sought; (b) the capacity in which each such individual is employed by Jenner & Block; (c) the year in which each attorney was first licensed to practice law; (d) the hourly billing rate charged by Jenner & Block for the services performed by each individual at the time of the services; and (e) the aggregate number of hours expended in the XL/Marsh Litigation, and aggregate amount of fees billed.

9.  Also annexed hereto as Exhibit A are copies of Jenner & Block's invoices, which include detailed contemporaneous daily time entries of each Jenner & Block attorney, paralegal or other professional, and a detailed itemization of expenses incurred. Annexed hereto as Exhibit B is a schedule showing by category the total amount of expenses for which Jenner & Block is seeking reimbursement. Annexed hereto as Exhibit C is a proposed form of order granting this Application.

**Basis for Relief**

10.     The services rendered and expenses advanced were actually, necessarily and appropriately incurred in the preparation and prosecution of the XL/Marsh Litigation, a hotly-contested, multi-million dollar commercial dispute that involves complex and unique issues concerning interpretation and possible reformation of XL's insurance contract, coupled with similarly complex and unique issues concerning Marsh's professional service obligations to the Debtors.

11.     The particular services rendered by Jenner & Block in connection with that dispute are fully described in the detailed contemporaneous time entries included in the invoices annexed as Exhibit A.  In summary, the XL/Marsh Litigation has to date required that Jenner & Block devote substantial time and resources to, among other things, legal research and factual investigation; preparation of pleadings and initial disclosures; responding to and defeating an early summary judgment motion filed by XL (which if successful would have been fully dispositive of the case against XL); preparation of expert reports; and completion of all written and oral discovery, all within the compressed period dictated by court order.  These services have been rendered by an appropriately limited number of attorneys selected for their substantial experience and expertise in insurance recovery litigation of this nature, assisted where appropriate by similarly-qualified paralegals and other professionals.  Jenner & Block billed all services at the fixed hourly rates it customarily charges its other clients.[4]  Jenner & Block's rates are comparable to the rates charged by other comparable law firms for the type of service Jenner & Block has rendered in the XL/Marsh Litigation.

---

[4] Exhibit A and the coversheet reflect the adjustment of Jenner & Block's billing rates by firm management as of January 1, 2006 to reflect (1) its assessment of the current market value of the services offered in light of the experience and skill level of the professionals involved; and (2) inflationary pressures impacting the overhead required to provide those services.

5

12. The expenses Jenner & Block has advanced on the Debtors' behalf are fully described in the detailed invoices annexed as Exhibit A, and they are summarized by category in Exhibit B. The expenses include photocopying charges, computer-assisted legal research, long-distance telephone and outgoing fax charges, all billed at cost, using rates Jenner & Block customarily charges its other clients; court reporter and videographer fees and expenses; travel expenses (including economy class airfares) and business meals for out-of-town depositions; and expert witness fees. All of these expenses were actually, necessarily and appropriately incurred in connection with the XL/Marsh litigation, and all of the expenses are in the nature of those customarily charged to Jenner & Block's other clients. Expenses incurred to third parties are limited to the actual amounts billed to and paid by Jenner & Block on the Debtors' behalf.

13. No agreement or understanding exists between Jenner & Block and any other person or party for a division of compensation for services rendered, and no such division of compensation prohibited by Section 504(b) of the Bankruptcy Code will be made, except among partners of Jenner & Block.

**Notice**

14. Notice of this Application has been provided to (a) counsel to the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Debtors' postpetition secured lenders; (d) counsel for the Creditors Committee; and (d) the other parties in interest named on the Master Service List maintained in these cases.

**WHEREFORE,** Jenner & Block respectfully requests that the Court enter an order as follows:

(a) granting this Application;

(b) awarding Jenner & Block interim compensation for fees in the amount of $606,419.25, and reimbursement for expenses advanced in the amount of $53,156.66;

(c)      directing the Debtors to pay those amounts to Jenner & Block, to the extent not previously paid; and

(d)      granting Jenner & Block such additional relief as the Court deems appropriate.

By: _____
John H. Mathias, Jr.
Christopher C. Dickinson
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

Special Insurance Litigation Counsel to the Debtors

7

## Certificate of Service

The undersigned attorney hereby certifies that on July 18, 2006, he caused copies of the foregoing **First Interim Fee Application of Jenner & Block LLP** to be served on the parties listed on the attached Service List by causing copies of same to be deposited with the U.S. Postal Service at One IBM Plaza, Chicago, Illinois 60611, in properly addressed envelopes with correct first-class postage prepaid.

By: *[signature]*

John H. Mathias, Jr.
Christopher C. Dickinson
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350

Special Insurance Litigation Counsel to the Debtors