F I L E D
JACKSONVILLE, FLORIDA

JUL 2 1 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Case No. 05-03817 3F1

WINN-DIXIE STORES, INC., et.al.,  Chapter 11

Debtors.  Jointly Administered
_____/

**CREDITOR ROYAL & SONS' RESPONSE TO CLAIM OBJECTION**

COMES NOW the Creditor, ROYAL & SONS, LTD., a Florida Limited Partnership, by and through its undersigned counsel, and files this its Response to the Debtors' Objection to Claim Number 31489 as set forth in the Notice of Debtors' First Omnibus Motion for Order Deeming Schedules Amended to Disallow No Liability Scheduled Claims, etc. dated June 27, 2006, and further state that:

1. Creditor is Debtors' landlord with respect to two of Debtors' stores in South Central Florida. The store to which the above referenced claim related is store number 331 located in Okeechobee, Florida.

2. Creditor's claim is for unpaid real estate taxes, pre-petition and post petition. The Debtors have objected on the following basis: "No liability. Claimant owes Debtor $419,688.45 for 2004 hurricane damage."

3. As to the issue of "no liability," Debtors have waived the ability to assert such a claim. In fact, the Debtors have already voluntarily paid most of this claim to the Creditor. Attached hereto as Exhibit A is a letter from the Debtors to the Creditor, coincidentally received on the same date as the preparation of this Response, including a check for a large portion of the claim amount. The Debtors have also proposed to pay the full amount of the claim to cure past defaults in anticipation of assuming the lease

between the parties (see Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief dated June 30, 2006).

4. As to the assertion that the Creditor has some liability to the Debtors for 2004 hurricane related expenses, Creditor disputes those assertions, and further asserts that the Debtors are responsible for all such expenses pursuant to the Lease between the parties.

5. Per agreement of the parties, the deadline for filing this Response has been extended to Monday, July 24, 2006.

WHEREFORE, the Creditor would request that Claim Number 31489 be allowed in its entirety.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by facsimile and U.S. Mail this 20th day of July, 2006 to: DJ Baker, Skadden Arps, Four Times Square, New York, New York 10036 (Fax # 212-735-2000) and Cynthia S. Jackson, Smith Hulsey, 225 Water Street, Suite 1800, Jacksonville, FL 32202 (Fax #904-359-7708).

COHEN, NORRIS, SCHERER,
    WEINBERGER & WOLMER
Attorneys for Creditor
712 U.S. Highway One, Suite 400
North Palm Beach, FL 33408
(561) 844-3600
(561) 842-4104 (Facsimile)

James S. Telepman, Esq.
Florida Bar No.: 466786

# WINN·DIXIE

RECEIVED JUL 20

July 14, 2006

RICHARD M. TANSI
Manager, Sales/Use and Property Tax

Royal & Sons Ltd
802 N.W. 1st Street
South Bay, FL 33493

Re: Store # 331

Dear Landlord:

On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors"), filed petitions for relief under Chapter 11 of the United States Bankruptcy Code. These cases are being jointly administered in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, as Case no. 05-03817-3F1(the "Bankruptcy Court").

The Debtors have received your request for reimbursement of the amount of $11,990.05 representing state or local property taxes you report that you have paid to the applicable taxing authority in connection with the Lease. A portion of the taxes for which you seek reimbursement are for taxes which accrued prior to the Petition Date. Because these taxes accrued prior to the Petition Date, the Debtors are not at this time authorized by the Bankruptcy Code to reimburse you. If the Debtors assume the Lease pursuant to section 365 of the Bankruptcy Code, you will be reimbursed in full at the time of the assumption. If the Debtors reject the Lease, you will receive a distribution only if (i) you filed a timely proof of claim for the taxes (ii) the claim is allowed by the Bankruptcy Court and (iii) a plan of reorganization is confirmed by the Bankruptcy Court. The Debtors will make any such distribution at that time and in the amount and form provided by the confirmed plan.

As to your reimbursement request for taxes which accrued after the Petition Date (through 12/31/05), a check is enclosed totaling $10,281.88.

Sincerely,

Richard M. Tansi
Winn Dixie Stores, Inc.

| | | | | Check No. | 008228521 |
|---|---|---|---|---|---|
| Check Date: 17.Jul.2006 | | | | | |
| Division | Invoice Number | Invoice Date | Voucher ID | Gross Amount | Discount Available | Paid Amount |
| WDHDQ | 0331RET2005 | 17.Jul.2006 | 00725231 | 10,281.88 | 0.00 | 10,281.88 |

| Vendor Number | Name | | Total Discounts | |
|---|---|---|---|---|
| | ROYAL & SON | | $0.00 | |
| 0000181013 | Date | Total Amount | Discounts Taken | Total Paid Amount |
| Check Number | | $10,281.88 | $0.00 | $10,281.88 |
| 008228521 | 17.Jul.2006 | | | |

