**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re | ) | Case No. 05-3817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF FILING**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as debtors and debtors in possession, give notice of filing the attached Fourth Interim Application of Kirschner & Legler, P.A. for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Costs Advanced for the Period of February 1, 2006 Through May 31, 2006.

Dated: July 21, 2006.

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By   *s/ D. J. Baker*  <br>      D. J. Baker<br>      Sally McDonald Henry<br>      Rosalie Gray | By   *s/ Cynthia C. Jackson*  <br>      Stephen D. Busey<br>      James H. Post<br>      Cynthia C. Jackson (FBN 498882) |
| Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>(917) 777-2150 (facsimile)<br>djbaker@skadden.com | 225 Water Street, Suite 1800<br>Jacksonville, Florida  32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

00525867

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors.[1] | ) | Jointly Administered |
| _____ | ) | |

**FOURTH INTERIM APPLICATION OF KIRSCHNER & LEGLER, P.A.
FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF COSTS ADVANCED
(February 1, 2006 through May 31, 2006)**

Pursuant to Section 331 of the Bankruptcy Code (the "Code") Kirschner & Legler, P.A. applies for entry of an order allowing interim compensation to the firm for services rendered and costs advanced as special corporate finance counsel for Winn-Dixie Stores, Inc. and its subsidiaries and affiliates (collectively, the "Debtors"). By this application, Kirschner & Legler is seeking interim compensation for the period from February 1, 2006 through May 31, 2006, for services rendered in the amount of $1,8450.00 and reimbursement for costs advanced in the amount of $43.97.

**Legal Services Rendered by Kirschner & Legler, P.A.**

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court. The Debtors' cases are being jointly administered for procedural purposes only.

2.  On March 4, 2005, the Court authorized the Debtors to retain Kirschner & Legler as special corporate finance counsel in this case on an interim basis. On March 15, 2005, the Court entered a final order authorizing Kirschner & Legler's retention.

3.  In accordance with Final Order Approving Interim Compensation Procedures for Professionals entered by the New York Court on March 15, 2005 (Docket No. 434), with respect to the period from February 1, 2006, through May 31, 2006, Kirschner & Legler has been paid $1,476.00 by the Debtors which represents 80% of the fees ($1,845.00) and $43.97 which represents 100% of the costs ($43.97) incurred by Kirschner & Legler with respect to such period. The total amount of holdback fees sought by this application is $369.00.

4.  By this application, Kirschner & Legler seeks interim compensation for services rendered for the period from February 1, 2006 through May 31, 2006.

5.  Kirschner Legler seeks allowance of fees for services provided to the Debtors in the following areas of representation:

| Areas of Representation | Total Fees | Total Hours |
| --- | --- | --- |
| Bankruptcy Proceeding – General Matters | $1,845.00 | 4.1 |
| Totals | $1,845.00 | 4.1 |

The services rendered by Kirschner & Legler in connection with these proceedings included:

(a) **Bankruptcy Proceedings – General Matters.** Kirschner & Legler provided advice, analysis and information with respect to the structure and terms of Debtor's pre-petition finance and asset disposition transactions and product supply contracts.

**Compensation and Reimbursement Requested by Kirschner & Legler**

6. By this application, Kirschner & Legler requests interim compensation for services rendered of $1,845.00 (less $1,476.00 previously paid by the Debtors) and reimbursement of expenses of $43.97 (less $43.97 previously paid by the Debtors) incurred in connection with this case from the February 1, 2006 through May 31, 2006.

7. During the period from February 1, 2006 through May 31, 2006, Kirschner & Legler devoted 4.1 hours of attorney time to the representation of the Debtors. Attached as Schedule A is a daily summary in greater detail of Kirschner & Legler's services rendered for this period in connection with its representation of the Debtors, including time devoted each day by the individual attorneys. This daily summary is condensed from individual time slips, completed as services were rendered, which contain a description of those services.

8. Attached as Schedule B is a summary of the total time devoted by each attorney during the period between February 1, 2006 through May 31, 2006, together with a computation of the value of that time at the ordinary hourly rates of Kirschner & Legler that were in effect during the time the services were rendered. The fees requested

by this application were determined by the computation of the total time at those ordinary hourly rates.

9. In connection with the rendering of these services, Kirschner & Legler advanced expenses on behalf of the Debtors in the amount of $43.97 for express delivery and courier services of which Kirschner & Legler seeks reimbursement in the amount of $43.97 (less $43.97 previously paid by the Debtors). These expenses are described more particularly in Schedule A and are summarized in Schedule C.

### Application of Legal Standards to the Services of Kirschner & Legler

10. In considering the criteria of Section 330 and In the Matter of First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977), for the determination of a reasonable attorney's fee, the following considerations justify the allowance of a fee to Kirschner & Legler in the amount of its hourly rates, in addition to those matters which are otherwise apparent to the Court from its familiarity with this case:

   a. Apparent from the time frame of this case and Kirschner & Legler's application, the time and labor required by the representation was significant. A material demand was placed upon the available services of Kirschner & Legler, which demand precluded employment of Kirschner & Legler on other matters.

   b. Because the volume of services required of Kirschner & Legler, the demand placed on its resources was intense and extraordinary, resulting in its lawyers and staff working nights and weekends on a regular basis for the benefit of the estate. Included in this demand was the need to investigate, research, respond to discovery, prepare and resolve the dozens of matters scheduled for hearing almost every week before the Court.

c.  The requested fee is Kirschner & Legler's customary fee in commercial bankruptcy matters of this kind and there exists no reason in the circumstances of this case to award a lesser fee for the services rendered.

d.  Additionally, consideration of the difficulty and intensity of the case, the skill of Kirschner & Legler in performing its legal services, and the experience, reputation and ability of Kirschner & Legler, all support an award of a fee to Kirschner & Legler in an amount equivalent to its hourly rates for the time devoted to the case.

11. Kirschner & Legler has made no arrangement regarding the sharing of compensation for services rendered in connection with this Chapter 11 case.

WHEREFORE, Kirschner & Legler respectfully requests the Court to (i) approve all previously authorized compensation of Kirschner & Legler and reimbursement of its expenses and (ii) allow as interim compensation in the amount of $1,845.00.00 for professional services rendered and reimbursement for costs advanced in the amount of $43.97.

Dated: July 19, 2006.

KIRSCHNER & LEGLER, P.A.

By /s/ Kenneth M. Kirschner
Kenneth M. Kirschner

Florida Bar Number 171188
300A Wharfside Way
Jacksonville, Florida 32207
(904) 346-3200
(904) 346-3299 (facsimile)

Special Counsel to the Debtors

5

## KIRSCHNER & LEGLER, P.A.

300A Wharfside Way • Jacksonville, Florida 32207 • 904 346-3200 • Fax 904 346-3299 • FEI #59-3710297

Winn-Dixie Stores, Inc.
c/o Laurence B. Appel
5050 Edgewood Court
Jacksonville FL 32254

**BILLING STATEMENT**

Page: 1
March 20, 2006
Account No: 635201-0000M
Statement No: 2270

Bankruptcy Proceeding - General Matters

Interim Statement

### Fees

| Date | Atty | Task | Act | Description | Hours | Amount |
|---|---|---|---|---|---|---|
| 02/20/2006 | KMK | B130 | A104 | Telephone conference M. Chlebovek regarding restrictions on property acquisitions (0.1); review and analysis of Credit Agreement restrictions (0.3); e-mail to M. Chlebovek regarding same (0.1) | 0.50 | 225.00 |
| 02/23/2006 | KMK | B130 | A104 | E-mail from K. Sambur (Skadden Arps) regarding information regarding Winn-Dixie 2001 Senior Note Offering (0.1); e-mail to C. Portier (LeBoeuf Lamb) regarding same (0.2); review and analysis of Credit Agreement and Senior Note Indenture to consider constraints regarding liquidation of subsidiaries (0.4); e-mail to K. Hardee regarding same (0.1) | 0.80 | 360.00 |

For Current Services Rendered  1.30  585.00

Total Current Work  585.00

Previous Balance  $3,915.49

### Payments

| | | |
|---|---|---|
| 02/27/2006 | Fee payment received, thank you. | -1,152.00 |
| 02/27/2006 | Expense payment received, thank you. | -37.28 |

Total Payments  -1,189.28

Balance Due  $3,311.21

### Task Code Recapitulation

| Code | Description | Fees | Expenses |
|---|---|---|---|
| B130 | Asset Disposition | 585.00 | 0.00 |
| B100 | Administration | 585.00 | 0.00 |

**KIRSCHNER & LEGLER, P.A.**
300A Wharfside Way • Jacksonville, Florida 32207 • 904 346-3200 • Fax 904 346-3299 • FEI #59-3710297

| | |
|---|---|
| Winn-Dixie Stores, Inc.<br>c/o Laurence B. Appel<br>5050 Edgewood Court<br>Jacksonville FL 32254 | **BILLING STATEMENT**<br><br>Account No:<br>Statement No: |

Page: 1
May 18, 2006
635201-0000M
2290

Bankruptcy Proceeding - General Matters

Interim Statement

### Fees

| | | | | Hours | |
|---|---|---|---|---|---|
| 04/21/2006 | | | | | |
| | KMK | B130 | A104 | Telephone conference J. Castle re: interviews with creditor representatives (0.5) | 0.50 | 225.00 |
| 04/25/2006 | | | | | |
| | KMK | B130 | A104 | Prepare for interview by representation of unsecured trade creditors (1.2); interview with representatives of unsecured trade creditors (1.1) | 2.30 | 1,035.00 |
| | | | | For Current Services Rendered | 2.80 | 1,260.00 |

### Advances

| | | | | |
|---|---|---|---|---|
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; D.J. Baker, Esq.; 2/17/06 | 6.66 |
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; Matthew Barr, Esq.; 2/17/06 | 6.66 |
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; Office of the U.S. Trustee; 2/17/06 | 5.65 |
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; Laurence Appel; 2/17/06 | 5.65 |
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; Jonathan Helfat, Esq.; 2/17/06 | 6.66 |
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; Sarah Robinson Borders, Esq.; 2/17/06 | 6.03 |
| 03/23/2006 | B130 | E107 | Delivery services/messengers (34) FEDERAL EXPRESS; Linda K. Cooper; 2/17/06 | 6.66 |
| | | | Total Advances | 43.97 |
| | | | Total Current Work | 1,303.97 |
| | | | Previous Balance | $3,311.21 |

### Payments

| | | |
|---|---|---|
| 04/21/2006 | Fee payment received, thank you. | -225.00 |
| 04/21/2006 | Fee payment received, thank you. | -288.00 |
| 04/21/2006 | Advance payment received, thank you. | -37.28 |
| 04/21/2006 | Fee payment received, thank you. | -2,250.00 |

Winn-Dixie Stores, Inc.

Bankruptcy Proceeding - General Matters

Page: 2
May 18, 2006
Account No: 635201-0000M
Statement No: 2290

Winn-Dixie Stores, Inc.

Bankruptcy Proceeding - General Matters

|  |  |
|---|---:|
| Total Payments | -2,800.28 |
| Balance Due | $1,814.90 |

### Task Code Recapitulation

| | | Fees | Expenses |
|---|---|---:|---:|
| B130 | Asset Disposition | 1260.00 | 43.97 |
| B100 | Administration | 1,260.00 | 43.97 |

## Schedule B

| Name | Years experience | Hours | Rate | Amount |
|---|---|---|---|---|
| **Shareholders:** | | | | |
| Kenneth M. Kirschner | 37 | 4.1 | 450.00 | 1,845.00 |
| **Total Fees** | | | | $ 1,845.00 |

## Schedule C

| Expenses | Total Amount |
|---|---|
| Express Mail | |
| Messenger Services | 43.97 |
| Total | $ 43.97 |

## Certificate of Service

I certify that a copy of this document was furnished by mail and/or electronically to Elena L. Escamilla, Assistant U.S. Trustee, 135 West Central Boulevard, Room 620, Orlando, Florida 32801, Sarah Robinson Borders, King & Spalding LLP, 191 Peachtree Street, Atlanta, Georgia 30303, D.J. Baker, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Jonathan N. Helfat, Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, 29th Floor, New York, New York 10169, and Laurence B. Appel, Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, Florida 32254-3699, this 19th day of July, 2006.

_____
Attorney