# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

In re                                                         :

                                                              :    **Chapter 11**

                                                              :

WINN-DIXIE STORES, INC., et al.,                              :    **Case No. 05-11063 (RDD)**

                                                              :

Debtors.                                                      :    **(Jointly Administered)**

                                                              :

-------------------------------------------------------------x

## FINAL ORDER AUTHORIZING DEBTORS TO RETAIN SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AS LEAD RESTRUCTURING AND BANKRUPTCY COUNSEL TO THE DEBTORS

Upon the Application dated February 21, 2005 (the "Application") of Winn-Dixie Stores, Inc. and its debtor affiliates (collectively, the "Debtors") for an order pursuant to Sections 327(a) and 329 of the Bankruptcy Code approving the retention of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden, Arps") as lead restructuring and bankruptcy counsel to the Debtors during these cases, as more fully set forth in the Application; and upon consideration of the Declaration of D. J. Baker and Disclosure of Compensation (the "Baker Declaration"); and upon consideration of the Declaration of Bennett L. Nussbaum Pursuant to Local Bankruptcy Rule 1007-2 (the "Local Rules") in Support of First-Day Motions and Applications sworn to on the 21st day of February, 2005; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the Office of the United States Trustee, (ii) counsel

for Wachovia Bank, N.A., as agent for the Debtors' secured lenders, (iii) the indenture trustee for

the Debtors' noteholders, and (iv) the Debtors' fifty (50) largest unsecured creditors, and no

other or further notice being required; and the employment of Skadden, Arps being in the best

interests of the Debtors, their estates, and creditors; and the Court having reviewed the

Application; and the Court having determined that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to retain Skadden, Arps as their lead

restructuring and bankruptcy counsel, pursuant to Sections 327(a) and 329 of the Bankruptcy

Code, as of the Petition Date on the terms set forth in the Application and the Baker Declaration;

and it is further

ORDERED that no work performed by Skadden, Arps shall be duplicative of

work performed by any other counsel retained by the Debtors in these cases; and it is further

ORDERED that if any supplemental declarations are filed and served after the

entry of this Order, absent any objections filed within twenty (20) days after the filing and

service of such supplemental declarations, Skadden, Arps' employment shall continue as

authorized pursuant to this Order; and it is further

ORDERED that Skadden, Arps shall be compensated upon appropriate

application in accordance with Sections 330 and 331 of the Bankruptcy Code, the Federal Rules

of Bankruptcy Procedure, the Local Rules, and orders of this Court; and it is further

ORDERED that, to the extent that any pre-petition retainer received by Skadden,

Arps from the Debtors remains after application to pre-petition fees, charges, costs, or expenses,

Skadden, Arps is authorized to hold such remaining retainer for application to allowed amounts

owed pursuant to Skadden, Arps' final application in these cases; provided, however, that

Skadden, Arps shall hold the remaining retainer as funds clearly designated for the account of the

Debtors; and provided, further, however, that any party in interest may at any time challenge the

use and application of the retainer by Skadden, Arps; and provided, further, however, that to the

extent the pre-prepetition retainer is insufficient to satisfy all pre-petition fees, charges, costs, or

expenses, Skadden, Arps shall waive any unpaid pre-petition fees, charges, costs, or expenses;

and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the

Debtors file a memorandum of law in support of the Application is hereby waived.

Dated:  March 15, 2005
        New York, New York


                                        /s/Robert D. Drain
                                        UNITED STATES BANKRUPTCY JUDGE

-3-