# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 05-03817-3F1 |
| WINN-DIXIE STORES, INC. et al | Chapter 11 |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF I. MARK RUBIN

I, I. Mark Rubin, under oath, do depose and state:

1. I am over the age of 18, a resident of the State of Florida and competent to testify in the courts in the State of Florida.

2. I have personal knowledge of the facts contained within this affidavit, all of which are true.

3. At all times material to this affidavit, I was the Chief Executive Officer of Visagent Corporation, a Florida corporation.

4. This affidavit is submitted in connection with a response to Debtor's Objection to the claim of Visagent Corporation in the above-captioned proceeding.

5. I was personally involved in the negotiation leading up to execution of the Service Agreement dated June 15, 2001 between Winn-Dixie Stores, Inc and Visagent Corporation. In fact, I signed that contract on behalf of Visagent Corporation. A true copy of the Service Agreement is attached hereto as Exhibit A.

6. The Service Agreement obligated Winn-Dixie Stores, Inc., subject to limited exclusions, to use Visagent's electronic exchange as the exclusive means to transact all of its sales and purchases in the secondary market that had been previously handled through in-house and third-party wholesalers/diverters, as well as all other secondary market transactions, conducted by any means of

electronic transmission, including through the Internet, private networks and sales facilitated by and through the use of email and fax machines.

7. Under the Service Agreement, Winn-Dixie was obligated to pay Visagent 2% of the gross value of all transactions running through Visagent's electronic exchange.

8. The volume of secondary market sales was projected by Winn-Dixie at a minimum of $175,000,000 annually in the first year of the Service Agreement, and projected to increase in years two and three of the Service Agreement.

9. On numerous occasions after execution of the Service Agreement, I personally spoke with managers and executives of Winn-Dixie, including its General Counsel, staff counsel, at least two Senior Vice Presidents, at least two other Vice Presidents and several Directors and Managers regarding Winn-Dixie's failure to fully comply with its obligation under the Service Agreement as it was common knowledge within the grocery industry that Winn-Dixie was utilizing the Visagent exchange for only a small fraction of its secondary market transactions.

10. In almost all of the conversations with these representatives of Winn-Dixie, I was given assurances that Winn-Dixie's intent was to fulfill its obligations under the Service Agreement. In these conversations Visagent was further encouraged to continue to provide Winn-Dixie with all support and services required of Visagent under the Service Agreement and was repeatedly asked to refrain from taking adverse action against Winn-Dixie.

11. At all times during the effective dates of the Service Agreement, Visagent provided all of the services required under the terms of the contract, was staffed and at the ready for all transactions that should have been facilitated pursuant to the terms of the Service Agreement and otherwise complied with all of its terms.

12. Winn-Dixie never declared any non-compliance on the part of Visagent under the Service Agreement or expressed any dissatisfaction with the service or technology provided by Visagent.

13. To this date, Winn-Dixie has not provided any explanation for its obvious breach of the Service Agreement.

14. The Service Agreement terminated upon its own terms on June 25, 2004.

15. On September 8, 2004, Visagent filed a lawsuit against Winn-Dixie in Duval County, Florida Circuit Court alleging breach of the Service Agreement.

16. In its Answer, Winn-Dixie admitted the Service Agreement was duly executed on June 15, 2001 by both Winn-Dixie and Visagent.

17. The Florida Circuit Court action was stayed pursuant to Winn-Dixie's Notice of Commencement of Bankruptcy Case filed in the Circuit Court action on March 7, 2005.

FURTHER THE AFFIAN SAYETH NAUGHT.

Signed under oath this 17th day of July, 2006.

I. Mark Rubin

COUNTY OF DUVAL

STATE OF FLORIDA

The forgoing instrument was acknowledged before me on the 17TH day of July, 2006 By I. MARK RUBIN, who is personally known to me, has read the foregoing, and stated under oath that he knows the facts and matters explicitly set forth therein and alleged that each of said facts and matters are true and correct to the best of his personal knowledge.

Dana Chirumbolo
NOTARY PUBLIC

(SEAL)



DANA CHIRUMBOLO
MY COMMISSION # DD 330470
EXPIRES: July 18, 2008
Bonded Thru Notary Public Underwriters