**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO: 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION OF TERRANOVA CORP., ON BEHALF OF CERTAIN LANDLORDS, TO DEBTOR'S [First Proposed] DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS**

COME NOW Landlords WESTFORK TOWER, LLC Store No. 278, CONCORD-FUND IV RETAIL, LP Store No. 254, TA CRESTHAVEN, LLC Store No. 221, FLAGLER RETAIL ASSOCIATES, LTD. Store No. 353, and ELSTON/LEETSDALE, LLC Store No. 209, by and through their Property Manager, TERRANOVA CORP., (collectively the "Terranova Landlords") and file this *Limited Objection to Debtor's [First Proposed] Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors,* and allege:

**BACKGROUND**

1. Terranova Corp.'s address is: 801 Arthur Godfrey Road, Suite 600, Miami Beach, FL 33140.

2. The Debtors (collectively all of the Debtors before this Court in this administratively consolidated case) through Debtor, Winn Dixie Stores, Inc. ("Debtor"), operate Winn-Dixie Store Nos. 278, 254, 221, 353, and 209 on the Terranova Landlords'

property located in South Florida.

3. The Terranova Landlords' claims constitute administrative cure claims, other than as to Store No. 254, which may result in an unsecured Landlord claim. In the event that the Debtor attempts to reject the Terranova Landlords' leases post-effective date, the Terranova Landlords may have "Landlord Claims," which are classified as Class 13 claims under the Debtor's Plan, and are so described in the Disclosure Statement.

## PROCEDURAL BACKGROUND

4. This Court entered orders on March 10, 2006 (Docket No. 6472), March 23, 2006 (docket No. 6960), and April 6, 2006 (Docket No. 6962), granting the Debtors until May 19, 2006, to file a motion to assume or reject certain executory contracts, including the Terranova Landlords' leases.

5. On May 20, 2006, the Debtors filed their *Debtors' Amended Omnibus Motion for Order to (1) Assume Non-residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (Docket No. 7966) (the "Terranova Assumption Motion"), in which the Debtors seek to assume the Terranova Landlords' leases and fix the cure amounts for each.

6. On June 30, 2006, the Terranova Landlords filed an Objection to the Terranova Assumption Motion and the cure amounts set forth therein by the Debtors (Docket No. 8921).[1] No hearing has been held or scheduled on the Terranova Assumption

---

[1] Terranova Corp., on behalf of Concord-Fund IV Retail, LP Store No. 254 ("Concord") has objected to the Debtors' assumption of its Lease on the basis that the Lease has been terminated and thus cannot be assumed. The Lease has been terminated due to Debtors' material breach of the Lease resulting in code violations, Debtors' failure to adequately upgrade the lighting in the Debtors' parking lot under County Code

2

Motion or on the Terranova Landlords' objection to that motion.

7. On June 29, 2006, the Debtors filed their *[First Proposed]Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors* (the "Disclosure Statement") (Docket No. 8854).

8. On June 29, 2006, this Court entered its *Notice of Hearing to Consider Approval of, and Deadline for Objecting to, Debtor's Proposed Disclosure Statement*, setting July 25, 2006, as the deadline for filing objections to the Disclosure Statement (Docket No. 8859).

**BASIS FOR OBJECTION**

9. The Terranova Landlords file this Objection in part based upon the failure of the Debtors to place in their Disclosure Statement "adequate information," as that term is defined in 11 U.S.C. §1125(a) and the case law interpreting that requirement.

10. An additional basis for Terranova Landlords' objection is that the Disclosure Statement may be materially misleading as to the amount of "Landlord" claims and/or administrative cure claims of Landlords. The Debtors and the landlords, specifically including the Terranova Landlords, differ significantly on the cure amount needed for an assumption of each Lease. For example, the cure amounts proposed by the

---

requirements and because of the condition of the electrical wiring and fixtures in the parking lot. After obtaining relief from the bankruptcy automatic stay in these cases, pursuant to this Court's Order Regarding Concord-Fund IV Retail, LP Stay Relief dated February 9, 2006 [Docket No. 5685], Concord filed an action for possession and to evict the Debtors styled Concord-Fund IV Retail, LP v. Winn Dixie Stores, Inc., Case No. 06-04748 CC 25, Miami-Dade County Court (the "Eviction Action"). In this eviction action, Concord seeks to recover possession of store No. 254. Terranova has given notice of the "cure" needed for this store in the event that this Court should rule that the Debtors retain the right to assume the Lease on this store. Terranova does not waive its right to prosecute the Eviction Action based on termination of the lease for Store No. 254.

Debtors and the cure amounts claimed by the Terranova Landlords as to each of the Terranova leases are:

| Store | Name and Address | Winn-Dixie Proposed Cure Amounts (Per Exhibit B to Docket No. 7966) | Terranova Cure Amounts (per Objection by Landlords - Docket No. 8921)[2] |
|---|---|---|---|
| 209 | Elston/Leetsdale<br>701 N.W. 99th Avenue, Pembroke Pines, FL | - | $45,516.72 |
| 221 | TA Cresthaven<br>2675 S. Military Trail, West Palm Beach, FL | - | $31,507.84 |
| 254 | Concord Fund Retail IV, LLP<br>11241 S.W. 40th Street, Miami, FL | - | $166,570.93 |
| 278 | Westfork Tower, LLC<br>15859 Pines Blvd., Pembrokes Pines, FL | - | $147,672.80 |

11.     The Terranova Landlords object to the Disclosure Statement because it does not contain "adequate information" within the meaning of Section 1125 of the Bankruptcy Code for all landlords (including the Terranova Landlords) whose leases are subject to pending but unresolved assumption motions and objections to proposed cure amounts. "The Bankruptcy Code requires that every holder of a claim or interest receive a court-approved written disclosure statement containing 'adequate information' about a proposed plan before its vote on that plan may be solicited." In re: The New Power Company, 438

---

[2] The Terranova Landlords have reserved their rights to amend their objections to increase the cure amounts and/or claim such additional cure amounts as might be due and payable as of the date of any assumption of any of the leases.

F.3d 1113, 1117 (11th Cir. 2006).

12. The Disclosure Statement is, at best, confusing as to how the Landlord (including Terranova Landlords) claims are to be treated under the Debtor's Plan and, at worst, points out an impermissible treatment plan for Landlord claims. Disclosure Statement Section D.1.(a) of Article VI at page 52 states that Cure payments for unexpired leases that are to be assumed by the Reorganized Debtor are Administrative Claims. Disclosure Statement Section F.4. of Article VI at page 72 states that, with respect to an unexpired lease to be assumed pursuant to the Plan, the Reorganized Debtor will be authorized to reject such unexpired lease if the Reorganized Debtor concludes that the amount of the Cure obligation for the lease is unfavorable to the Reorganized Debtor. Under these provisions, landlords (including the Terranova Landlords) whose leases are to be assumed under the Plan but are subject to disputed assumption motions and cure amounts may, at the option of the Reorganized Debtor, have their Administrative Claims converted to impaired Class 13 Landlord Claims after the voting deadline and possibly post-effective date.

13. The following sections of the Disclosure Statement fail to provide adequate information for the Terranova Landlords, as claimants entitled to payment of Administrative Claims or alternatively, as holders of Class 13 Landlord Claims, to make an informed judgment about the Plan:

    a) Disclosure Statement Section D.1.(a) of Article VI at page 53, estimates Allowed Administrative Claims at $76.6 million. These claims include Cure costs

of landlords whose leases are to be assumed under the Plan. This section of the Disclosure Statement should be amended to disclose (a) the portion of the $76.6 million estimate allocated to Cure costs (b) the difference between the Debtors' estimate of Cure costs and the total amount of Cure costs claimed by landlords who have filed objections to proposed Cure amounts and (c) whether the Debtors intend to escrow the disputed Cure amounts prior to the Effective Date. The Terranova Landlords must have this information to be able to evaluate the likelihood that the Debtors have budgeted too little for Cure costs and therefore that the Debtors are likely to reject rather than assume the leases of the Terranova Landlords. This information is also necessary to give other creditors a truer picture of the amount of cash needed for confirmation, the most likely total amount of Class 13 Landlord Claims, and the accurate ratio of shares of stock that will be distributed per allowed Class 13 Landlord Claim.

   b) Disclosure Statement Section F.4. of Article VI at page 72 does not state whether the Debtors will seek to schedule evidentiary hearings on disputed Cure amounts prior to the Voting Deadline described in Section D of Article III of the Disclosure Statement. Section F.4. of Article VI of the Disclosure Statement states that the Reorganized Debtor will be authorized to reject unexpired leases, possibly post-confirmation or post-effective date, if this Court requires a Cure payment to a landlord that is unfavorable to the Reorganized Debtor. Under this provision the Reorganized Debtor will have the discretion to convert a landlord's administrative

claim to a Class 13 Landlord Claim. This section of the Disclosure Statement should be amended to state whether all disputed lease assumption motions and cure disputes will be noticed for evidentiary hearing and determined before or after the Voting Deadline. The Terranova Landlords must have this information to determine their risk of being disenfranchised from voting on the Plan if the Reorganized Debtor chooses to reject the leases of the Terranova Landlords and convert their claims to impaired Landlord Claims after the Voting Deadline.

    c) Disclosure Statement Section D.1.(a) of Article VI at page 53 states that all requests for payment of Administrative Claims must be made by application filed and served no later than 45 days after the Effective Date, except for certain administrative claimants described in sections 4.1(a) and 12.1-12.5 of the Plan. Landlords whose leases are to be assumed under the Plan but are the subject of disputed assumption motions are not included in sections 4.1(a) and 12.1-12.5 of the Plan. Section D.1.(a) of Article VI of the Disclosure Statement must be amended to clarify whether landlords who dispute the Cure amounts estimated by the Debtors, specifically including Terranova Landlords, must file applications for payment of administrative claims or whether these landlords' timely filed objections to the Debtor's assumption and/or proposed Cure amounts are sufficient to constitute timely filed applications for administrative expense claims.

14.    The Debtor should amend the Disclosure Statement to clarify that landlords whose leases the Debtors have moved to assume and whose Cure payments are in dispute,

including the Terranova Landlords, are apparently unable to vote on the Debtors' Plan, even though their leases may ultimately be rejected, resulting in their entitlement to treatment as Class 13 Landlord Claims. The Debtors have filed a motion (Docket No. 9228) in which they seek to set procedures for voting, vote tabulation and other confirmation issues. In that motion, the Debtors make it clear that administrative claimants do not have the right to vote on the Plan (paragraph H, page 12) and that claimants with Class 13 Landlord Claims whose claims are disputed, contingent or unliquidated also have no right to vote on the Plan unless they file a "Rule 3018" motion. (paragraph 22, page 11). Because the landlords whose leases are subject to assumption motions (landlords with approximately 75 Winn Dixie locations apparently fit into this category) currently have Cure claims, which are categorized as administrative, they do not have the right to vote these claims. Because the Debtors are apparently retaining the right under the Plan to reject these same landlords' leases, these same landlords may have Class 13 Landlord Claims, but the Debtors still maintain that these claims are not entitled to vote unless these landlords file Rule 3018 motions. The Disclosure Statement should be clarified as to the status and voting rights for landlords whose leases are subject to pending assumption motions, including the Terranova Landlords.

**WHEREFORE,** the Landlords urge this court to deny approval of the Disclosure Statement, and request such other and further relief as this Court deems just and proper under the circumstances.

Dated:  July 24, 2006

Respectfully submitted,

**SCRUGGS & CARMICHAEL, P.A.**

/s/ Karen K. Specie, Esquire
KAREN K. SPECIE, ESQUIRE
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Facsimile: 352-375-0690
Florida Bar No. 260746
Attorney for Terranova Corp.

**TEW CARDENAS LLP**

/s/ Thomas R. Lehman, P.A.
THOMAS R. LEHMAN, P.A.
CASANDRA PEREZ, ESQUIRE
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone:  305-536-1112
Facsimile:  305-536-1116
Florida Bar No. 351318
Attorneys for Terranova Corp.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing *Limited Objection to Debtor's [First Proposed] Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors* was electronically filed with the US Bankruptcy Court on this 24th day of July, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Rosalie Walker Gray, rgray@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four

Times Square, New York, NY  10036; **Adam Ravin**, **aravin@skadden.com**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY  10036; **D. J. Baker, djbaker@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire**, **cjackson@smithhulsey.com**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL  32201, Fax: (904)359-7708; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY  10005; **Matthew Barr, Esquire, mbarr@milbank.com,** Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esq., john.macdonald@akerman.com,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL  32202; **John Longmire, Esq., jlongmire@willkie.com,** Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099; and  **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL  32801.

                                              /s/ Terri L. Darden