**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO:  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.,</u> | ) | *Chapter 11* |
| | | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED OBJECTION OF TERRANOVA CORP., ON BEHALF OF CERTAIN
LANDLORDS, TO DEBTOR'S MOTION FOR ORDER (I) DETERMINING DATES,
PROCEDURES AND FORMS APPLICABLE TO SOLICITATION PROCESS, (II)
ESTABLISHING VOTE TABULATION PROCEDURES, (III) ESTABLISHING
OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER
CONFIRMATION OF PLAN, AND (IV) WAIVING LOCAL RULES
(DOCKET NO. 9228)**

COME NOW Landlords WESTFORK TOWER, LLC Store No. 278,  CONCORD-FUND IV RETAIL, LP Store No. 254, TA CRESTHAVEN, LLC Store No. 221, FLAGLER RETAIL ASSOCIATES, LTD. Store No. 353, and ELSTON/LEETSDALE, LLC Store No. 209, by and through their Property Manager, TERRANOVA CORP., (collectively the "Terranova Landlords") and file this *Limited Objection to Debtor's Motion For Order (I) Determining Dates, Procedures And Forms Applicable To Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline And Scheduling Hearing To Consider Confirmation Of Plan, And (IV) Waiving Local Rules (Docket No.9228) )* (the "Procedures Motion")*,* and allege:

1.      Landlords whose leases the Debtors have moved to assume and whose cure claims are in dispute, including the Terranova Landlords, are apparently unable to vote on the Debtors' Plan, even though their leases may ultimately be rejected, resulting in their entitlement to Class 13 Landlord claims.  In the Procedures Motion, the Debtors seek to set procedures for voting, vote tabulation and other confirmation issues.  In that Motion, the Debtors make it clear that administrative claimants do not have the right to vote on the Plan (paragraph H, page 12) and

that claimants with Landlord Claims classified as Class 13 Claims whose claims are disputed, contingent or unliquidated also have no right to vote on the Plan unless they file a "Rule 3018" motion seeking to be allowed to vote on the Plan (paragraph 22, page 11).

2.      Because the landlords whose leases are subject to assumption motions (landlords with approximately 75 Winn Dixie locations apparently fit into this category) currently have Cure claims, which are categorized as administrative, they will not have the right to vote these claims. If these claims were to remain administrative claims then the Debtors would be correct in providing that holders of such claims would not be entitled to vote on the Plan.

3.      Because the Debtors are apparently retaining the right under the Plan to reject these same landlords' leases, these landlords may lose any administrative claims they may currently have and instead end up with Class 13 Landlord Claims.  That being the case, each such landlord is essentially forced into estimating a lease rejection claim for inclusion as a Class 13 Landlord claim.  In the Procedures Motion, however, the Debtors request entry of an order providing that holders of these claims would not be entitled to vote unless they file Rule 3018 motions because these claims would be disputed, unliquidated or contingent.

4.      The landlords subject to assumption motions, including the Terranova Landlords, should either be treated as administrative claimants whose claims will be paid in full under the Plan, or should be allowed to vote as Class 13 claimants without the necessity for filing Rule 3018 motions.

5.      The Terranova Landlords, and other landlords, timely and properly objected to the cure amounts proposed by the Debtors.  In paragraph 9 on page 3 of the Debtors' Amended Omnibus Motion to assume executory contracts, filed May 20, 2006, the Debtors stated:

> To the extent that a Landlord disputes the Proposed Cure Amount, or otherwise objects to the Motion, the Landlord must file an objection with the Bankruptcy Court and serve the objection on the Debtors on or before June 30, 2006 (the "Objection Deadline"). …   The Debtors will schedule a hearing on the motion

after the Objection Deadline.

6.        The Debtors have this date filed a notice of hearing on their omnibus motion to reject executory contracts, including the Terranova Landlords' leases, scheduling this hearing for August 10, 2005 (Notice of Hearing, Docket No. 9349).  This date is after the date (August 1, 2006) that the Debtors request in the Procedures Motion be set for the Voting Record Date, which means that by the time the Court is able to hold an evidentiary hearing on any objections to the Debtors' assumption motion the voting deadline may have long passed.  The ultimate result of this procedural quagmire is that these landlords, including the Terranova Landlords, currently are in danger of being disenfranchised from voting on the Debtors' Chapter 11 Plan while at the same time possibly having their claims significantly impaired.

7.        The Terranova Landlords reserve the right to file an amendment or modification to the instant Objection to the extent that they may deem it necessary or advisable to object to additional portions of the Procedures Motion upon further review.

**WHEREFORE,** the Terranova Landlords urge this court to deny the portions of the Procedures Motion to the extent set forth in this Objection, and request such other and further relief as this Court deems just and proper under the circumstances.

Dated:  July 24, 2006

Respectfully submitted,

**SCRUGGS & CARMICHAEL, P.A.**


/s/ Karen K. Specie, Esquire
KAREN K. SPECIE, ESQUIRE
Post Office Box 23109
Gainesville, FL 32602
Telephone: 352-376-5242
Facsimile: 352-375-0690
Florida Bar No. 260746
Attorney for Terranova Corp.

3

**TEW CARDENAS LLP**

/s/ Thomas R. Lehman, P.A.
THOMAS R. LEHMAN, P.A.
CASANDRA PEREZ, ESQUIRE
Four Seasons Tower, 15th Floor
1441 Brickell Avenue
Miami, Florida 33131
Telephone:  305-536-1112
Facsimile:  305-536-1116
Florida Bar No. 351318
Attorneys for Terranova Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing *Limited Objection to Motion For Order (I) Determining Dates, Procedures And Forms Applicable To Solicitation Process, (II) Establishing Vote Tabulation Procedures, (III) Establishing Objection Deadline And Scheduling Hearing To Consider Confirmation Of Plan, And (IV) Waiving Local Rules* was electronically filed with the US Bankruptcy Court on this 24th day of July, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **Adam Ravin, aravin@skadden.com**, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY  10036; **D. J. Baker, djbaker@skadden.com,** Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **Cynthia C. Jackson, Esquire, cjackson@smithhulsey.com**, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL  32201; Official Committee of Unsecured Creditors, c/o **Dennis F. Dunne, Esquire**, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; **John B. Macdonald, Esq. , john.macdonald@akerman.com,** Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL  32202; **John Longmire, esq.,** Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099 **jlongmire@willkie.com**; and **Elena L. Escamilla, Esquire**, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL  32801.

/s/ Terri L. Darden