UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

WINN-DIXIE STORES, INC., et. al.,

  Debtor
_____/

CASE NO: 05-03817-3FQ
(Jointly Administered)
CHAPTER 11

## W.T.V.A., LTD. MOTION FOR RECONSIDERATION OF ORDER AUTHORIZING RETROACTIVE REJECTION OF NON-RESIDENTIAL REAL PROPERTY LEASES THAT WERE ASSIGNED PREPETITION

COMES NOW, W.T.V.A., Ltd., and files this Motion for Reconsideration of Order Authorizing Retroactive Rejection of Non-Residential Real Property Leases That Were Assigned Prepetition (the "Order") (Document No. 9188) and in support there of states as follows:

1. On June 23, 2006, the Debtors filed their Notice of Hearing and Motion for Order Authorizing Retroactive Rejection of Non-Residential Real Property Leases That Were Assigned Prepetition (the "Motion") (Document Nos. 8785 and 8756).

2. W.T.V.A., Ltd. (the "Landlord"), is the landlord under the lease agreement regarding store number 961 which the Debtors rejected.

3. On or about December 27, 1993, the Debtors and Landlord entered into a lease agreement (the "Prime Lease") pursuant to which the Debtors without the consent of the Landlord, could assign the lease, provided the Debtors continued to remain liable and responsible for the payment of rentals and due performance of all other terms, covenants and conditions of the Prime Lease. A copy of the Prime Lease is attached hereto as Exhibit A.

4. On or about February of 2005, the Debtors assigned their rights under the Prime Lease to FF Acquisition, LLC, a Virginia limited liability company ("FFA"). Copies of the

1

Assignment and Assumption of Lease and Guaranty of Lease Obligations are attached hereto as Exhibit B.

5. Pursuant to the Assignment and Assumption of Lease ("Assignment"), the Debtors were not released or exonerated from their obligations as the tenant under the Prime Lease.

6. In connection with the Assignment, the Landlord executed a Landlord's Estoppel Certificate consenting to the Assignment conditioned upon the Debtors remaining liable and responsible for the payment of rents and all other terms of the Prime Lease. A copy of the Landlord's Estoppel Certificate is attached hereto as Exhibit C.

7. On July 13, 2006, the Court approved the Motion of the Debtors to reject the assigned lease. Paragraph 5 of the Order provides, among other things, that nothing in the Order "shall affect the validity of the assignment of the Assigned Leases to the Assignees, the Assignees' rights and obligations under the respective Assigned Leases and Related Documents, or constitute a breach or default by the Assignee of the Assigned Lease and Related Documents."

8. The Landlord does not contest that the Debtors are entitled to reject the assigned leases pursuant Section 365(a) of title 11 of the United States Code. However, a careful consideration of the contractual connections among the parties reveals error in the court's determination that the Debtors' rejection of the assigned lease does not constitute a breach or default of the Assignment and Related Documents.

9. Pursuant to the Prime Lease, the Debtors could not assign without continuing obligation. Pursuant to the Assignment, the Debtors were not released or exonerated from the continuing obligations under the Prime Lease. Pursuant to the Estoppel Certificate, the Landlord's consent was conditioned upon the Debtors' guarantee. Because the Prime Lease,

Assignment and Landlord's consent required the Debtors' continuing obligation, the rejection of the assigned lease has the legal effect of releasing the Debtors of such obligation and thus, constitutes a default of the Assignment. To hold otherwise, provides the Debtors in bankruptcy with greater rights and powers under the assigned lease than they had outside of bankruptcy and forces the Landlord into a contract that it never contemplated or would have consented to.

10. As such, the Landlord seeks reconsideration of the Order Authorizing Retroactive Rejection of Non-Residential Real Property Leases That Were Assigned Prepetition, specifically as to store number 961.

WHEREFORE, W.T.V.A., Ltd., prays that this Honorable Court reconsider its Order Authorizing Retroactive Rejection of Non-Residential Real Property Leases That Were Assigned Prepetition and grant such other and further relief as is just and proper.

I HEREBY CERTIFY that on July 24, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants and mailed to the parties listed on the attached Mailing List.

> Ben-Ezra & Katz, P.A.
> 2901 Stirling Road, Suite 300
> Fort Lauderdale, FL 33132
> Telephone: (305) 770-4100
> Fax:          (305) 653-2329
>
> By: /S/ Marc A. Ben-Ezra
>     MARC. A. BEN-EZRA
>     Fla. Bar No. 861189

## **MAILING LIST**

D.J. Baker
djbaker@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036


Cynthia C. Jackson
cjackson@smithhulsey.com
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, FL 32202


FF Acquisition, LLC
Attention: Legal Department
11840 Valley View Road
Eden Prairie, Minnesota 55344