# ASSIGNMENT AND ASSUMPTION OF LEASE

[Store #961, Williamsburg, Virginia]

**THIS ASSIGNMENT AND ASSUMPTION OF LEASE** (this "Assignment") is made as of February ___, 2005 (the "Effective Date"), by and between **WINN-DIXIE RALEIGH, INC.**, a Florida corporation ( "Assignor"), and **FF ACQUISITION, L.L.C.**, a Virginia limited liability company ("Assignee");

## RECITALS:

A. Assignor has agreed to convey to Assignee certain assets in connection with Assignor's retail supermarket store location described on attached Exhibit A (the "Premises") as more particularly described in the Asset Purchase Agreement dated effective January 7, 2005 and among Assignor, as seller, Assignee, as buyer, and Winn-Dixie Stores, Inc., as amended from time to time (the "Agreement").

B. As part of the purchase and sale of Assignor's assets referenced above, Assignor has agreed to assign to Assignee all of Assignor's right, title and interest, as tenant or lessee, in and to the lease, together with any and all amendments thereto, as described on attached Exhibit A (the "Lease"), and Assignee has agreed to assume and perform certain of Assignor's liabilities and obligations arising under the Lease, all subject to and in accordance with the terms of the Lease, the Agreement and this Assignment;

**NOW, THEREFORE**, in consideration of the premises, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties agree as follows:

1. **EFFECTIVE DATE**. This Assignment shall be effective as of the Effective Date.

2. **ASSIGNMENT**. Assignor hereby assigns, transfers, and conveys unto Assignee all of Assignor's right, title, interest and obligation as tenant or lessee in and to the Lease and all of the rights, benefits and privileges of the tenant or lessee thereunder. Assignor hereby agrees that it shall remain, and shall be, responsible for all liabilities and obligations of the tenant or lessee that have accrued under the Lease prior to the Effective Date, and Assignor hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignee from and against all liabilities and obligations of the tenant or lessee that have accrued under the Lease prior to the Effective Date.

3. **ASSUMPTION; ACCEPTANCE OF PREMISES**.

   (a) Assignee hereby accepts the aforesaid assignment and assumes and agrees to pay and perform all liabilities and obligations of the tenant or lessee that accrue under the Lease from and after the Effective Date, and

Assignee hereby indemnifies, and agrees to save, insure, defend and hold harmless Assignor from and against all liabilities and obligations of the tenant or lessee that accrue under the Lease on or after the Effective Date.

(b) Assignee acknowledges that it has had opportunity to make such environmental, physical, zoning, topographical, land use, survey, title and other examinations, inspections and investigations of the Premises as Assignee has determined, in its sole discretion, to be necessary and appropriate. If Assignee receives any notice of violation relating to the Premises, Assignee will give prompt notice thereof to Assignor. Assignee acknowledges that the Premises is being assigned to Assignee in its "AS-IS" condition, and that possession and use of the Premises is subject to the terms of the Lease and to applicable legal requirements, title matters and rules and regulations. Taking the foregoing into consideration, Assignee has determined that the Premises is satisfactory to Assignee in all respects, and has agreed to accept the Premises in accordance with the terms and conditions of this Assignment. In making such determination, Assignee has and will rely solely on Assignee's own independent examinations, inspections and investigations of the Premises and has not relied and will not rely on any representations of Assignor. Assignee acknowledges and agrees that neither Assignor nor any of Assignor's agents, representatives or employees have made any representations to Assignee with regard to the Premises or the improvements located thereon, including, but not limited to, representations concerning the condition of the Premises or their fitness for Assignee's intended use, except as otherwise set forth in this Assignment.

4. **ASSIGNOR'S WARRANTY OF TITLE**. Assignor represents and warrants to Assignee that Assignor has good and lawful right, title and interest in the Premises under the Lease, as tenant or lessee thereunder, and has not assigned or subleased its interest, as tenant or lessee under the Lease, other than as provided in this Assignment or the Agreement, that the Lease as described on the attached Schedule A constitutes the entire lease agreement between Assignor, as tenant or lessee, and the landlord thereunder, and remains in full force and effect, and that Assignor shall defend Assignee's interest as tenant or lessee thereunder from and against the lawful claims of all persons claiming by, through or under Assignor, but against none other.

5. **RESERVED RIGHTS AND OBLIGATIONS**. Assignor and Assignee acknowledge and agree that, notwithstanding the assignment of this Lease as provided herein, Assignor has not been released and exonerated from its obligations as the tenant under the Lease, and accordingly, although Assignee has assumed and agreed to perform such obligations, certain rights and obligations of the tenant under the Lease may not be exercised or waived by

Assignee without the prior written consent of Assignor, as provided and subject to the terms and conditions set forth below:

(a)    Modification of Lease.  Assignee shall not modify or amend the Lease during the Term, or enter into any agreement or arrangement with any Landlord, to provide for (i) any extension of the Lease term beyond the existing term and any renewal terms presently available under the Lease, (ii) any increase in the rent amounts from those set forth in the existing Lease, or (iii) any other increase or potential increase in Assignor's obligations, to the extent that Assignor would be bound thereby as primary tenant under the Lease or as a matter of law.

(b)    Insurance Requirements.  On or before the Effective Date, Assignee will, to the extent reasonably attainable, furnish to Assignor certificates of insurance (Form ACORD-27 or equivalent) evidencing the insurance coverage required under the Lease, showing Assignor and Landlord as additional insureds, containing waivers of subrogation, and providing for at least 30 days prior notice to Assignor and Landlord of cancellation, material reduction in policy limits, or any other change adverse to Assignor's or Landlord's interests.

(c)    Hazardous Materials.  Notwithstanding any provision of the Lease to the contrary, Assignee will not be entitled to use the Premises for any activity that is an environmental hazard, meaning the storage, use, processing or disposal of materials considered "hazardous waste" or "hazardous material" under applicable laws relating to protection of the environment, without either (i) providing upon request by Assignor, evidence of compliance with all applicable laws or (ii) obtaining the prior written consent of Assignor, which consent will not be unreasonably withheld.  Notwithstanding that Assignor may provide its consent or approval to a particular proposed action by Assignee as contemplated in this paragraph, any such consent or approval will not be controlling over any requirement to obtain consent to such proposed action from Landlord or Lessor under the Lease or from third parties under applicable covenants, easements or restrictions affecting the Premises. Notwithstanding the foregoing, Assignee's use of the Premises as a typical/ordinary supermarket or grocery store shall not be considered a violation of this section, despite the sale, storage and/or use of hazardous materials in the ordinary course of Assignee's business in full compliance with applicable laws relating to protection of the environment.

(d)    Furthermore, Assignee's payment and performance obligations under the Lease and this Assignment are unconditionally guaranteed by SuperValu Inc., pursuant to Guaranty of Lease Obligations dated of even date herewith, in form and content as set forth on attached Exhibit B.

(e)    Notwithstanding that Assignor may provide its consent or approval to a particular proposed action by Assignee as contemplated in this paragraph

5, any such consent or approval will not be controlling over any limitation or restriction on such proposed action under the Lease.

6. **RELEASE OF ASSIGNOR**. At any time during the Term, upon Landlord's execution and delivery to both Assignor and Assignee of an instrument releasing Assignor and its guarantor(s) from their respective obligations under the Lease and under any guaranties of the Lease, accruing from and after the effective date of such release, the provisions of paragraph 5 above will be deemed null and void and of no further force or effect, and thereupon, Assignor will have no further right or interest in the Lease or the Premises.

7. **NOTICES**. All notices, requests, demands, and other communications required or permitted to be given under this Assignment will be in writing and sent to the address(es) set forth below. Each communication will be deemed duly given and received: (1) as of the date and time the same is personally delivered with a receipted copy; (2) if delivered by U.S. Mail, three (3) days after depositing with the United States Postal Service, postage prepaid by certified mail, return receipt requested; (3) if given by nationally recognized or reputable overnight delivery service, on the next business day after receipted deposit with same; or (4) if given by telefax, when the telefax is transmitted to the recipient's telefax number and confirmation of complete receipt is received by the transmitting party during normal business hours for the recipient, or the next business day after confirmation is received by the transmitting party if not during normal business hours for the recipient.

If to Assignor: Winn-Dixie Raleigh, Inc.; Re: Store #961
Attn: Senior Vice President – Real Estate
5050 Edgewood Court, P.O. Box B
Jacksonville, FL 32203-0297
Telefax No.: 904 370 5551

With a copy to: Winn-Dixie Stores, Inc.
Attn: General Counsel
5050 Edgewood Court, P.O. Box B
Jacksonville, FL 32203-0297
Telefax No.: 904 783 5138

or to such other address or telefax number as Assignor may direct from time to time.

If to Assignee: FF Acquisition, L.L.C.
Attn: Legal Department
11840 Valley View Road
Eden Prairie, Minnesota 55344
Telefax No.: 952 828 4403

With a copy to: FF Acquisition, L.L.C.

Attn: Real Estate Manager
853 Chimney Hill Shopping Center
Virginia Beach, Virginia 23452
Telefax No.: 757 306 2218

or to such other address or Telefax number as Assignee may direct from time to time.

8. **NOTICE OF ASSIGNMENT**. On the Effective Date, Assignor and Assignee, joined by Landlord to the extent that Landlord's consent is given or required to be given to this Assignment, shall execute and deliver a Notice of Assignment of Lease and record the same in the recording office of the county in which the Premises is located, for the purpose of placing third parties on notice of Assignor's assignment to Assignee of Assignor's right, title and interest as tenant or lessee in and to the Lease, and of the existence of certain limitations on Assignee's rights under the Lease as set forth in this Assignment.

9. **BINDING EFFECT**. This Assignment shall be binding upon and inure to the benefit of Assignor and Assignee, and their respective successors and assigns.

10. **FURTHER ASSURANCES**. Assignor and Assignee each covenant and agree to execute or procure any additional documents as may be reasonably necessary to establish the rights of the other hereunder.

11. **NO BROKERS**. The parties agree that there is no brokerage commission due in connection with the transactions contemplated by this Assignment other than that due by Assignor to Assignor's Brokers, if any, as defined in attached Exhibit C, and that due by Assignee to Assignee's Brokers, if any, as described on attached Exhibit C. Assignor agrees to pay all fees and commissions claimed by Assignor's Brokers arising out of this Assignment, and Assignee agrees to pay all fees and commissions, if any, claimed by Assignee's Brokers arising out of this Assignment. Except for Assignor's Brokers and Assignee's Brokers, respectively, neither Assignor nor Assignee has dealt with any investment adviser, real estate broker, real estate consultant or finder, or incurred any liability for any commission or fee to any investment adviser, real estate broker, real estate consultant, or finder in connection with this Assignment, the Lease or the Premises. Assignor and Assignee hereby indemnify and agree to hold harmless each other from and against any claims by any other person or entity for brokerage fees, commissions or other similar costs related to this Assignment, the Lease or the Premises by reason of Assignor's or Assignee's own acts, said indemnifications by Assignor and Assignee to survive expiration or earlier termination of this Assignment.

12. **ATTORNEYS' FEES**. In the event that Assignor or Assignee is required to employ counsel in connection with any suit, action or proceeding relating to enforcement of any of the terms of this Assignment, the prevailing party will be entitled to recover its reasonable attorneys' fees and costs (including

disbursements that reasonably would be taxable as costs of any proceeding and out-of-pocket costs) from the non-prevailing party. Additionally, if any legal action or a suit is required to enforce the performance of any of the agreements hereunder, the prevailing party will be entitled to recover its reasonably attorneys' fees and costs from the non-prevailing party.

13.    **WAIVER OF JURY TRIAL**.  Assignor and Assignee each acknowledge and agree that the nature of this Assignment, the Premises and the Lease makes a jury determination of any dispute arising out of this Assignment, the Premises or the Lease undesirable.  Accordingly, Assignor and Assignee each knowingly, voluntarily and intentionally waive any right to a trial by jury that any of them may have in any court with respect to any action relating to this Assignment, the Premises or the Lease.

[SIGNATURES ON FOLLOWING PAGES]

**IN WITNESS WHEREOF**, Assignor and Assignee have executed this Assignment as of the Effective Date.

**ASSIGNOR:**

Signed, sealed and delivered in the presence of:

**WINN-DIXIE RALEIGH, INC.**, a Florida corporation

______________________________
Name:______________________

By:______________________________
Name: ____________________________
Title: ____________ President

______________________________
Name:______________________

[CORPORATE SEAL]

I, _________________________________, Notary Public, certify that ____________________________, personally came before me this day and acknowledged that he is the _______________ President of **WINN-DIXIE RALEIGH, INC.**, a Florida corporation, and that he, as Vice President, being authorized to do so, executed the forgoing on behalf of the corporation. He is personally known to me.

Witness my hand and official seal, this the ____ day of February, 2005.

______________________________________
Notary Public, State and County Aforesaid

My commission expires ___________.

**[SIGNATURES CONTINUED ON FOLLOWING PAGE]**

Signed, sealed and delivered in the presence of:

______________________________
Name:_________________________

______________________________
Name:_________________________

**ASSIGNEE:**

**FF ACQUISITION, L.L.C.,** a Virginia limited liability company

By: Super Rite Foods, Inc.
Its Authorized Member

By:___________________________
Name:_________________________
Title:__________________________

[SEAL]

STATE OF ________________
COUNTY OF ______________

I, ______________________________, Notary Public, certify that ____________________________, personally came before me this day and acknowledged that he/she is the ________________ President of Super Rite Foods, Inc., the Authorized member of **FF ACQUISITION, L.L.C.,** a Virginia limited liability company, and that he/she, being authorized to do so, executed the forgoing on behalf of the company. He/she either [ ] is personally known to me or [ ] has produced __________________________ as identification.

Witness my hand and official seal, this the ____ day of February, 2005.

______________________________
Notary Public, State and County Aforesaid

My commission expires ___________.

[NOTARIAL SEAL]

**[END OF PAGE]**

Exhibit A

Description of Premises and Lease

WINN-DIXIE STORE #961
Williamsburg, VA

Lease: Deed of Lease dated as of December 27, 1993, between Ironbound Marketplace Partners, as landlord and Winn-Dixie Raleigh, Inc., as tenant;

As evidenced by Deed of Short Form Lease dated December 27, 1993, recorded in Book 693, page 172, of the public records of James City County, Virginia.

As amended by First Amendment to Deed of Lease dated February 21, 1994

Premises: That certain store building and related improvements located at 4511 John Tyler Highway, Williamsburg, Virginia.

Legal Description: The real property as more particularly described as follows:

The LEASED PREMISES set forth and described in Deed of Short Form Lease between Ironbound Marketplace Partners, as lessor, and Winn-Dixie Raleigh, Inc., as lessee, dated December 27, 1993, recorded in Book 693, page 172, of the public records of James City County, Virginia.

Exhibit B

Form of Guaranty of Lease Obligations

**GUARANTY OF LEASE OBLIGATIONS**

**THIS GUARANTY OF TRANSACTION OBLIGATIONS** (this "Guaranty") is given this ___ day of _______, 2005, by _______________________, a _______________, having an office address of _________________________________ ("Guarantor"), to and in favor of Winn-Dixie Stores, Inc., a Florida corporation, and Winn-Dixie Raleigh, Inc., a Florida corporation (collectively, "Winn-Dixie").

**RECITALS:**

**The following Recitals are a material part of this Agreement:**

A. Winn-Dixie and _______________ , a _____________ ("Assignee") entered into that certain Asset Purchase Agreement dated effective January 7, 2004 (the "APA") whereby Winn-Dixie agreed to sell and Assignee agreed to acquire the Winn-Dixie store location as identified in the APA, and as also described on attached Schedule A (the "Store").

B. As a condition to Winn-Dixie's agreement to assign its leasehold interest in the Store, as created under the Lease described on attached Schedule B (the "Lease"), to Assignee, Guarantor has agreed to guarantee the payment and performance of Assignee's obligations under the Lease, as assigned by Winn-Dixie to Assignee by Assignment and Assumption of Lease dated of even date herewith (the "Lease Assignment"). Guarantor will receive direct and ascertainable benefit from the relationship between Winn-Dixie and Assignee under the Lease and the Lease Assignment, and ratifies and confirms that such benefit constitutes adequate consideration for delivery of this Guaranty.

**IN CONSIDERATION OF THE MUTUAL UNDERTAKINGS** of the parties to the APA, and of other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, it is agreed as follows:

1. **DEFINITIONS**. Capitalized terms not otherwise defined in this Guaranty will have the meanings assigned to such terms in the APA, but in context solely with respect to the Store described herein.

2. **GUARANTIES MADE BY GUARANTOR**.

(a) Guaranty for Payments To Be Made by Assignee Under the Lease and Lease Assignment. Guarantor, hereby irrevocably, absolutely and unconditionally guarantees, as principal and not as indemnitor, to Winn-Dixie and its successors and assigns, the due and punctual payment of

each amount which Assignee is or may become obligated to pay to Winn-Dixie or the Landlord pursuant to the Lease and the Lease Assignment, including, without limitation, all payments of rent and other amounts that may be due under the Lease or the Lease Assignment, as the same become due and payable, whether by acceleration or otherwise.

(b)    Guaranty of Warranties, Representations and Performance by Assignee. Guarantor, hereby irrevocably, absolutely and unconditionally guarantees, as principal and not as indemnitor, to Winn-Dixie and its respective successors and assigns, the accuracy of each representation and warranty and the due and punctual performance and observance by Assignee of each term, provision, condition, covenant, indemnity and agreement on the part of Assignee to be observed or performed under the Lease and the Lease Assignment.

3.    **GUARANTY OF PAYMENT AND PERFORMANCE**.    This Guaranty shall constitute a guaranty of payment and performance and not of collection. In the event of Assignee's failure to punctually to pay and perform its obligations under the Lease or the Lease Assignment, Guarantor does hereby agree punctually to make such payments and perform such obligations.

4.    **PAYMENT OF ENFORCEMENT EXPENSES**. Guarantor, further unconditionally agrees to pay, on demand, all reasonable expenses and charges, legal or otherwise (including court costs and attorneys' fees), paid or incurred by Winn-Dixie in collecting upon any of the payments or enforcing any of the covenants hereby agreed to be paid, or in enforcing this Guaranty. All payments due hereunder shall be made in lawful money of the United States of America in immediately available funds.

5.    **NATURE OF THE OBLIGATIONS OF GUARANTOR**. Guarantor agrees that its obligations under this Guaranty shall be absolute, irrevocable and unconditional and Guarantor's obligations hereunder are independent of any other obligations of Guarantor or Assignee to Winn-Dixie. Such obligations shall exist, irrespective of any amendment, modification, waiver, consent, extension, or any other circumstance that might otherwise constitute a legal or equitable discharge or defense of a guarantor. Such circumstance shall include, but not be limited to, the liquidation, dissolution, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment of, or similar proceedings affecting the status, existence, assets or obligations of Assignee or Guarantor, or the impossibility or unenforceability of performance on the part of Assignee or Guarantor.

6.    **REPRESENTATIONS AND WARRANTIES OF GUARANTOR**.    Guarantor represents and warrants that:

(a) It is a __________ duly organized and in good standing under the laws of the State of __________, is not in violation of any provision of its Articles of [formation document], its [governing document] or any law in any manner material to its ability to perform its obligations under this Guaranty, has full corporate power to enter into this Guaranty and has duly authorized the execution and delivery of this Guaranty by proper [corporate/company] action; and neither this Guaranty, the execution and delivery hereof nor the performance of the agreements herein contained is prohibited by, contravenes or constitutes a default or gives rise to any lien or charge on property of Guarantor under any agreement, instrument or indenture to which it is a party or by which it may be bound or under any provision of its governing documents or any other requirement of law;

(b) There are no actions, suits or proceedings pending or, to the knowledge of Guarantor, threatened, against Guarantor, at law or in equity or before or by any federal, state, municipal or other governmental department, commission, board, bureau, agency or instrumentality that individually or in the aggregate might substantially adversely affect the ability of Guarantor to perform its obligations under this Guaranty or the ability of Assignee to perform its obligations under the Transaction Documents;

(c) All authorizations, consents, and approvals of governmental bodies or agencies, if any, required in connection with the execution and delivery of this Guaranty or in connection with the execution, delivery and performance by Guarantor of its obligations hereunder have been obtained; and

(d) This Guaranty constitutes the legal, valid and binding obligation of Guarantor, enforceable in accordance with its terms.

7. **AVAILABILITY OF SPECIFIC PERFORMANCE AS REMEDY FOR DEFAULT**. Guarantor agrees that the remedies at law in respect of any default or threatened default by Guarantor in the performance of or compliance with any of the terms of this Guaranty may not be adequate, and that any of such terms may be specifically enforced by a decree for specific performance or by an injunction against violation of any of such terms or otherwise.

8. **METHOD FOR PROVIDING NOTICE**. All notices, demands, requests for consents, consents and other communications required or permitted hereunder shall be in writing (including facsimile transmission or similar writing) and shall be given to Guarantor, Assignee or Winn-Dixie at their respective address or telefax number as set forth in the APA, or at such other address or telefax number as such parties may specify in the Lease or Lease Assignment.

9. **LAW GOVERNING GUARANTY**. This Guaranty shall in all respects be governed by, and construed in accordance with, the laws of the State of Virginia.

**[Insert applicable guaranty provisions as may be required by State law]**

**IN WITNESS WHEREOF**, Guarantor has caused this Guaranty to be duly executed and delivered as of the day and year first above written.

______________________________,
a ____________________

By: ____________________________
Name: __________________________
Title: __________________________

[SEAL]

**SCHEDULE A**
Store Description

Store #_____, ______________________, ________, _________

**SCHEDULE B**
Description of Lease

Exhibit C

Schedule of Brokers

ASSIGNOR'S BROKERS:

The Food Partners, LLC
975 East Tower
1300 Eye Street, N.W.
Washington, D.C. 20005

ASSIGNEE'S BROKERS:

None