## Landlord's Estoppel Certificate

WINN-DIXIE STORE #961

Date: February 9, 2005

Mr. Larry Appel
Winn-Dixie Charlotte, Inc.
5050 Edgewood Court
Jacksonville, Florida 32254


FF Acquisition, L.L.C.
11840 Valley View Road
Eden Prairie, Minnesota 55344
Attn: Legal Department

RE: Store #961, 4511 John Tyler Highway, Williamsburg, Virginia (the "Premises")

Gentlemen:

The undersigned Landlord is requested to execute this Certificate as an inducement for the addressees above to enter into an Assignment and Assumption of Lease regarding the referenced Premises (the "Assignment"). This is to confirm that Winn-Dixie Charlotte, Inc., a Florida corporation ("Assignor") may assign its interests under the Lease to FF Acquisition, L.L.C., a Virginia limited liability company ("Assignee"). The undersigned acknowledges that Assignee's willingness to enter into the Assignment is based, in part, on the reliance by Assignee on the truth and accuracy of the statements made herein and Landlord understands and agrees that Assignor and Assignee will and shall be entitled to rely upon this Certificate for such purposes. As of the date of this Certificate, Landlord hereby represents, warrants and certifies to Assignor and Assignee as follows:

1. **Lease and Tenant.** Assignor is the present tenant under that certain lease, as modified or amended, as more particularly described on attached Exhibit A, a short form of which is recorded in Book 693, page 172 of James City County, Virginia public records (the "Lease"). The Lease is in full force and effect and has not, except as specifically stated in Exhibit A, been modified or amended in any manner whatsoever, and constitutes the entire agreement between the parties with respect to the Premises. Any capitalized terms which are not otherwise defined herein shall have the meaning set forth in the Lease.

2. **Term.** The Term of the Lease expires on April 19, 2015, subject to five (5) options, each for five (5) years to extend the Term of the Lease.

SGRJAX\56916.2

3. Rent. The current base Rent under the Lease is $376,923.00 per year payable in monthly installments; the current common area maintenance fees are $ not yet due – 2003 CAM was $23,620.21 . Real estate taxes are payable semi-annually in arrears. Percentage Rent, if any, under the Lease is payable based on the following formula: the amount, if any, by which one percent (1%) of Tenant's gross sales made from the premises in each fiscal year of Tenant during the term of the Lease exceeds the minimum guaranteed annual rental. Real property taxes were $ 17,200.00 for the second half of 2004. As of the date of this Certificate, Monthly Rent and all other amounts due and payable by Assignor to Landlord under the Lease are paid in full through ~~January 31, 2005~~ 2/28/05 and no other amounts are due and payable to Landlord under the Lease, except as follows: _FIRST HALF 2005 REAL ESTATE TAXES OF $17,163.30, AND CAM FOR 2004 OF $20,379.37. ALL MONTHLY RENT HAS BEEN PAID THROUGH February 28, 2005._

4. Deposit. If applicable, Landlord currently holds a security deposit in the amount of $ N/A , as security for the payment and performance of Assignor's obligations under the Lease.

5. Default by Assignor. Landlord has no actual knowledge of: (a) any default by Assignor under any of the terms, covenants or conditions of the Lease on the part of Assignor to be observed or performed, (b) any event which has occurred and which with the passage of time or the giving of notice, or both, would constitute a default by Assignor under the Lease or would permit termination, modification or acceleration under the Lease, and (c) any construction-related obligation under the Lease that required either the performance or payment of money which Assignor failed to fulfill.

6. Default by Landlord. To the best of Landlord's knowledge Landlord has (a) committed no default, which remains uncured under any of the terms, covenants or conditions of the Lease on the part of Landlord to be observed or performed, and (b) no knowledge of any event which has occurred and which with the passage of time or the giving of notice, or both, would constitute a default by Landlord under the Lease.

7. No Action. Landlord has not commenced, and has no actual knowledge that Assignor has commenced, any action or has given or received any notice for the purpose of terminating the Lease.

8. No Condemnation Notice. Landlord has not received any notice of any condemnation proceeding or eminent domain proceeding affecting the premises subject to the Lease or the shopping center in which such premises are located.

9. Consent. To the extent that Landlord's consent is required under the Lease, Landlord hereby consents to the assignment of Assignor's interest in the Lease by Assignor to Assignee, and agrees that the execution of the Assignment by Assignor and Assignee will not constitute a default under the Lease. _AS LONG AS ASSIGNOR REMAINS LIABLE AND RESPONSIBLE FOR THE PAYMENT OF RENT AND REIMBURSABLES DUE UNDER THE TERMS OF THE LEASE. ALSO, ALL OTHER TERMS AND CONDITIONS OF LEASE SHALL REMAIN IN FULL FORCE AND EFFECT._

10. Miscellaneous. This Certificate shall be binding upon Landlord and inure to the benefit of the Assignor and Assignee hereto and their respective heirs,

representatives, successors, and assigns. This Certificate is made and entered into under, and shall be construed according to the laws of the State in which the Premises is located. This Certificate may not be amended except by a written instrument signed by the Landlord, Assignor and Assignee.

~~[Signatures on following page]~~

11) IT SHALL BE UNDERSTOOD THAT EXECUTION OF THIS DOCUMENT BY LANDLORD SHALL NOT HAVE THE LEGAL EFFECT OF RELEASING ASSIGNOR FROM LIABILITY UNDER LEASE OF SUBJECT PREMISES.

12) ALL RENTAL PAYMENTS SHALL REMAIN PAYABLE TO LENDER AS FOLLOWS:

    Regency Savings Bank, F.S.B.
    11 W. Madison
    Oak Park, IL 60302
    ATN: Commercial Loan Servicing
    REF: Loan # 0431005781

Signed, Sealed and Delivered
in the presence of:

Name: ROBINSON SEPA JR.

Name: Patricia Mohr

"LANDLORD"

W.T.V.A., LTD.

By: Bennett M. Lifter
Name: BENNETT M. LIFTER
Its: General Partner.

Address:
c/o Lifter Enterprises
17760 NW 2nd Avenue, Suite 200
Miami, Florida 33169
Tel. No.: 305/652-5506
Fax No.: 305/770-1487

STATE OF FLORIDA
COUNTY OF DADE

This instrument was acknowledged before me on this 9th day of February, 2005, by BENNETT M. LIFTER, the GENERAL PARTNER of W.T.V.A., LTD., a Florida limited partnership, on behalf of the partnership. He/she either is [ ✓ ] personally known to me, or [ ] has provided a _____ driver's license as identification.



LUZ E. CARABALLO
Notary Public, State of Florida
My Commission Exp. May 30, 2006
No. DD121646

Print Name: Luz E Caraballo
Notary Public, State of Florida
My Commission No.: DD 121646
My Commission Expires: May 30, 2006

SGRJAX\56916.2

## Exhibit A

## Description of Lease and Amendments

WINN-DIXIE STORE #961
4511 John Tyler Highway, Williamsburg, Virginia

Deed of Lease dated as of December 27, 1993, between Ironbound Marketplace Partners, as landlord and Winn-Dixie Raleigh, Inc., as tenant;

As evidenced by Memorandum of Lease (Short Form Lease) dated December 27, 1993, recorded in Book 693, page 172, of the public records of James City County, Virginia; and

As amended by First Amendment to lease dated February 21, 1994.