UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                    CASE NO.: 05-03817-JAF

WINN-DIXIE STORES, INC., et al.,                          Chapter 11
          Debtors.
_____/

### RILEY PLACE, LLC'S (STORE #507) OBJECTION TO CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

NOW COMES, RILEY PLACE, LLC, ("Landlord") by and through counsel, and files this objection to the cure amount set forth in the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief, as follows:

1.      Riley Place, LLC., is the landlord and Winn-Dixie Stores is the tenant, pursuant to a Lease, for the premises located at 4224 Highway 90 in Pace, Florida ("Store #507").

2.      On the Petition Date, Riley Place, LLC was owed pre-petition under the Lease on Store #507, the amount of $27,216.24 in CAM charges and $5,518.27 for real estate taxes to February 20, 2005, for a total of $32,734.51 (hereinafter "pre-petition arrearage"). This does not include attorneys' fees, interest, and cost, which are owed.

3.      On July 21, 2005, Riley Place, LLC, filed a Proof of Claim (claim #7533) on the pre-petition amount owed to it under the Lease in the amount of $32,734.51.

4.      On June 30, 2006, the Debtors filed the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III)

1

Grant Related Relief (docket #8941) requesting authority to assume certain leases and pay the cure amounts on the amounts due under the leases.

5.      In the above-referenced Debtors' motion, Debtors seek to fix the cure amount owed on Store #507 at $38,203.57. That cure amount is incorrect.

6.      Landlord asserts that the cure amount owed on Store #507 is $32,734.51 as of February 20, 2005, as set forth in its Proof of Claim, plus interest, attorneys fees and costs.

7.      Landlord objects to the cure amount as set forth in Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief.

8.      Debtors have defaulted under the Lease.

9.      Creditor is entitled to recovery of attorneys' fees, costs, and interest. The Debtors are obligated to cure all defaults under the Lease, and compensate the Landlord for its actual pecuniary losses as a result of defaults under the Lease.

10.     Interest on pre-petition Lease charges continues to run from the filing of the Debtors' petition and must be paid as a condition to assumption of the Lease.

11.     Attorneys' fees and costs are also proper components of a cure claim. Attorneys' fees and costs included in enforcement of the covenants, obligations, and condition of a Lease must be paid as a condition of assumption of the Lease.

12.     At this time, Landlord cannot accurately determine the total attorneys' fees that will be involved with each Lease because these amounts will continue to accrue at least through the Plain confirmation hearing. Landlord will provide Debtors the most accurate information on attorneys' fees as soon as it is available.

WHEREFORE, Riley Place, LLC, respectfully requests that this Court to determine the cure amount, and for such other and further relief as the Court deems just and proper.

_____
SALLY BUSSELL FOX, ESQUIRE
Florida Bar #379360
Emmanuel, Sheppard & Condon, P.A.
30 South Spring Street
Pensacola, FL 32502
(850) 433-6581
Attorney for Landlord Riley Place, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail service through the bankruptcy court clerk and by first class, U.S. Mail on this 28th day of July, 2006 to all parties listed below:

Adam Ravin
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Smith, Hulsey & Busey
225 Water Street, Ste. 1800
Jacksonville, FL 32201

Elana L. Escamilla
135 W. Central Blvd., Ste. 620
Orlando, FL 32806

Dennis F. Dunne
Milbank, Tweed, Hadley
1 Chase Manhattan Plaza
New York, NY 10005

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Ste 2500
Jacksonville, FL 32202

_____
SALLY BUSSELL FOX, ESQUIRE
Florida Bar #379360
Emmanuel, Sheppard & Condon, P.A.
30 South Spring Street
Pensacola, FL 32502
(850) 433-6581
Attorney for Landlord Riley Place, LLC