# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

| | |
|---|---|
| In re | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* | Case No. 05-03817-3F1 |
| Debtor. | Jointly Administered |
| _____/ | |

### OBJECTION OF F.R.O., LLC VIII TO PROPOSED CURE AMOUNT IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

F.R.O., LLC VIII ("F.R.O."), by counsel, objects to the Proposed Cure Amount[1] (the "Objection") set forth in the Debtors' Second Omnibus Motion for Authority to (i) Assume Non-Residential Real Property Leases, (ii) Fix Cure Amounts, and (iii) Grant Related Relief (the "Motion"), and in support states as follows:

1. Winn-Dixie Montgomery, Inc. (the "Debtor") and Daphne Pines, L.L.C. entered into a lease agreement dated April 13, 1999 (the "Lease") for the lease of, *inter alia*, certain real property more particularly described on Exhibit B to the Lease, all other structures and improvements located on the property and all machinery, equipment and fixtures. The Lease is attached as **Exhibit 1**.

2. Winn-Dixie, Inc. (together with the Debtor, the "Debtors") guaranteed the Debtor's obligations under the Lease pursuant to the Corporate Guaranty of Lease Obligation dated April 13, 1999.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion (defined below).

LDR/177579.1

3.  The Lease was assigned to F.R.O. pursuant to an Assignment and Assumption of Lease dated May 12, 2000 (the "Assignment").  The Assignment is attached as **Exhibit 2**.

4.  Under the Lease, the Debtors are obligated to pay all property taxes.  *See* Lease § 3(c).

5.  The Debtors acknowledged this obligation and the fact that they had not paid certain taxes in a letter to F.R.O. dated December 16, 2005.  A copy of that letter, the attached tax bill notices and check in partial payment are attached as **Exhibit 3.**  The Debtors' letter states: "A portion of the taxes billed are accrued on or prior to the Petition Date, and the Debtors are not at this time directed by the Bankruptcy Court to pay pre-petition obligations.  If the Debtors assume the lease of the referenced property pursuant to Section 365 of the Bankruptcy Code, you will be reimbursed in full at the time of the assumption."  The Debtors paid only $29,867.02, the amount of the tax bills they attributed to the post-petition period, and have not paid $19,460.86, the pro-rated pre-petition portion of the tax bills.

6.  Accordingly, in order to assume the Lease, as they have admitted, the Debtors must pay $19,460.86, the amount of the property tax that they did not pay.  In addition, in order to compensate F.R.O. for its actual pecuniary loss resulting from such failure to pay and properly state the Proposed Cure Amount, the Debtors should reimburse F.R.O. for the attorneys' fees incurred in filing this Objection.

LDR/177579.1

WHEREFORE, F.R.O. respectfully requests that this Court enter an Order setting the amount required to cure defaults under the Lease as $19,460.86, plus attorneys' fees incurred by F.R.O. in the preparation of this Objection, and directing the Debtors to pay such amount immediately upon the assumption of the Lease, and granting such other and further relief as this Court deems just and appropriate.

Dated: July 25, 2006

Respectfully submitted,

ARENT FOX PLLC

 */s/ Mary Joanne Dowd*
Mary Joanne Dowd (Florida Bar No. 368970)
Jeffrey N. Rothleder
Arent Fox PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202/857-6059
Fax: 202/857-6395
Email: dowd.mary@arentfox.com

Counsel for F.R.O., LLC VIII

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July, 2006, a true and correct copy of the foregoing has been furnished via electronic transmission or first-class mail to counsel for the Debtor: D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, djbaker@skadden.com and Cynthia Jackson, Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, cjackson@smithhulsey.com, counsel to the Committee: Dennis F. Dunne, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005, ddune@milbank.com and John B. MacDonald, Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202, john.macdonald@akerman.com, and the Office of the United States Trustee, 135 W. Central Boulevard, Suite 620, Orlando, FL 32801.

 */s/ Mary Joanne Dowd*
Mary Joanne Dowd

LDR/177579.1

# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
### Jacksonville Division

| | |
|---|---|
| In re | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* | Case No. 05-03817-3F1 |
| Debtor. | Jointly Administered |
| _____/ | |

Upon consideration of the Objection of F.R.O., LLC VIII to Proposed Cure Amount in Debtors' Second Omnibus Motion for Authority to (i) Assume Non-Residential Real Property Leases, (ii) Fix Cure Amounts, and (iii) Grant Related Relief (the "Objection") dated July 25, 2006, filed in the above-captioned case, this Court finds that due and proper notice of the Objection having been given; and just cause appearing for the relief granted herein; it is hereby

ORDERED, that pursuant to Section 365(b)(1) of the Bankruptcy Code, the Debtors are to pay F.R.O., LLC VIII the sum of $19,460.86, plus attorneys' fees incurred by F.R.O. in the preparation of the Objection, to cure all defaults under the Lease; and it is further

ORDERED, that the Debtor is authorized to assume the Lease.

Dated: Jacksonville, FL
_____, 2006

_____
Jerry A. Funk
United States Bankruptcy Judge

LDR/177579.1