Hearing Date: August 4, 2006
Hearing Time: 9:30 am

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al.* ) | CASE NO. 05-03817-3F1 |
| ) | (Jointly Administered) |
| Debtors. ) | Judge Jerry A. Funk |
| ) | |

**FLORIDA TAX COLLECTORS' OBJECTIONS TO [FIRST PROPOSED] DISCLOSURE STATEMENT WITH RESPECT TO JOINT PLAN OF REORGANIZATION OF WINN-DIXIE STORES, INC. AND AFFILIATED DEBTORS (DOCKET NO. 8854)**

The Florida Tax Collectors[1] ("FTC"), through their undersigned counsel, object to the approval of the *[First Proposed] Disclosure Statement With Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors* (Docket No. 8854) (the "Disclosure Statement") based on the following:

Reservation of Rights

1. FTC file this Objection in respect to the judicial process and to provide the Court with information to assist in the orderly administration of these cases and determination of the rights of the parties. However, Florida Tax Collectors specifically reserve their right to assert any and all defenses including jurisdiction and the sovereign immunity of the State of Florida relative to the determination of the respective *ad valorem* property taxes.

---

[1] The "Florida Tax Collectors" consist of the tax collectors for each of the following counties within the State of Florida: Alachua, Baker, Bay, Bradford, Brevard, Broward, Charlotte, Citrus, Clay, Collier, Columbia, DeSoto, Duval, Escambia, Flagler, Gadsden, Hardee, Hendry, Hernando, Highlands, Hillsborough, Indian River, Jackson, Jefferson, Lake, Lee, Leon, Levy, Madison, Manatee, Marion, Martin, Miami-Dade, Monroe, Nassau, Okaloosa, Okeechobee, Orange, Osceola, Palm Beach, Pasco, Pinellas, Polk, Putnam, Santa Rosa, Sarasota, Seminole, St. Johns, St. Lucie, Sumter, Suwannee, Taylor, Volusia, Wakulla, and Walton.

1

### BACKGROUND – FLORIDA SECURED PROPERTY TAX OBLIGATIONS

2. Florida tax collectors from fifty-seven counties are charged with the duty to collect *ad valorem* property taxes assessed against both real estate and tangible personal property located within their respective county. The taxes are secured by a statutory first lien on the property assessed. See Florida Statutes ch. 197.122(1) and 192.053.

3. Currently there remains outstanding approximately $7.5 million of 2005 real estate taxes and approximately $6.7 million of 2005 tangible personal property taxes exclusive of interest. In addition, there are a few outstanding 2004 delinquent property tax accounts. Updated lists of taxes due on the respective accounts within each county has been provided to Debtors' counsel throughout the course of these proceedings.

4. The 2006 *ad valorem* property taxes were assessed on January 1, 2006 in accordance with Florida law.

### LEGAL AND FACTUAL BASES FOR THE OBJECTION

5. The legal basis for the objection is that the Disclosure Statement fails to provide FTC with sufficient information to make an informed decision relative to the Plan and make appropriate legal objections to the proposed confirmation provisions of the plan which may, or may not, affect Florida Tax Collectors.

6. There are currently outstanding 2004, 2005 and 2006 *ad valorem* Florida property taxes. The Debtors have filed omnibus objections to other *ad valorem* property taxes due to jurisdictions within other states. In addition, the Debtors' "Schedule D Notes" (from Schedule D – Creditors Holding Secured Claims) indicate

> Statutory or inchoate lien rights may exist in favor of certain creditors. The Debtor has not listed on this schedule any creditors who may have secured claims based on any such statutory or inchoate lien rights.

2

7. The Disclosure Statement fails to adequately address the treatment of the 2004, 2005 and 2006 Florida property tax obligations of the Debtors.

8. The 2006 tax obligations are clearly post-petition taxes incurred by the estates as that term is defined in Section 503(b)(1)(B) of the Bankruptcy Code. The Disclosure Statement addresses administrative claims on Page 5 which provides for disclosure relative to the treatment of Section 507(a)(8) "unsecured tax claims of governmental units." The Disclosure Statement is silent relative to the treatment and retention of jurisdiction for determination of 2006 *ad valorem* Florida property taxes. Although the narrative contained within the "Summary of Treatment Under the Plan" chart addresses Section 503(b), the "Administrative Claims" listed on the left side of the chart is silent relative to post-petition *ad valorem* Florida property taxes. If the Debtors intend to assert post-petition, post-confirmation "505" jurisdiction over 2006 Florida property taxes as indicated on Page 83 and 84 of the Disclosure Statement, then it should be disclosed clearly in order for the FTC to make appropriate objections to the proposed Plan.

9. On Page 51 at Paragraph C, the Debtors estimate $31.3 million of secured payment obligations with respect to secured tax claims. This representation should be expanded to include the tax year(s), a general description of the type of tax (i.e. *ad valorem*) and the amounts due within each state.

10. Within the Disclosure Statement, on Page 53, the Debtors estimate administrative claims "exclusive of ordinary course operational expenses" will be approximately $76.6 million. Specifically excluded from the description of administrative claims, at the bottom of Page 52, are any post-petition obligations that are "contingent or disputed." FTC seek additional clarification as to whether this is intended to include disputed 2006 *ad valorem* Florida property taxes.

11.  This disclosure relative to the Debtors' intention to contest post-petition *ad valorem* Florida property taxes before this Court is in need of clarification given the language used by the Debtors within the Disclosure Statement, and the fact that there is now pending in the first, third, fourth and fifth omnibus tax claim objections, contests of the 2006 tax year and, in the case of the fifth omnibus objection, a request to determine tax liabilities for tax year 2007.

WHEREFORE, premises considered, FTC request this Court deny approval of the Disclosure Statement and Order the Debtors to amend the Disclosure Statement to clearly disclose their intended treatment, including proposed jurisdiction of this Bankruptcy Court relative to such treatment, relative to the 2004, 2005 and 2006 (and, if appropriate, 2007) *ad valorem* property taxes due Florida Tax Collectors; and such other treatment this Court deems just and proper.

Dated: July 25, 2006

Respectfully submitted,

By: _____ for
Brian T. FitzGerald
Hillsborough County Attorney's Office
Florida Bar No. 484067
Post Office Box 1110
Tampa, Florida 33601-1110
Ph: 813-272-5670
Fx: 813-272-5231
fitzgeraldb@hillsboroughcounty.org
Attorney for the Florida Tax Collectors

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the *Florida Tax Collectors' Objections to [First Proposed] Disclosure Statement With Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (Docket No. 8854)* has been served this 25th day of July, 2006 by *Notice of Electronic Filing* on **Skadden, Arps, Slate, Meagher & Flom, LLP**, Attn: Rosalie Walker Gray (rgray@skadden.com), Attorneys for Debtors; **Smith Hulsey & Busey**, Attn: Cynthia C. Jackson (cjackson@smithhulsey.com), Attorneys for Debtors; **Milbank, Tweed, Hadley & McCloy, LLP**, Attn: Matthew Barr (mbarr@milbank.com), Attorneys for Unsecured Creditors Committee; **United States Trustee**, Attn: Elena L. Escamilla; and to all parties receiving electronic notice.

Brian T. FitzGerald, Esq.
Senior Assistant County Attorney