July 23, 2006

**FILED**
JACKSONVILLE, FLORIDA

**JUL 2 6 2006**

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

United States Bankruptcy Court
Middle District of Florida
Clerk of Bankruptcy Court
300 North Hogan Street
Jacksonville, Florida 32202-4242

Re: Case No. 05-03817-31
    Winn Dixie Stores, Inc.
    Objection to Disclosure Statement
     Nina Gonzalez/Joe Gonzalez-shareholders
      14245 Sabal Drive
      Miami Lakes, Florida 33014-2538

To Whom It May Concern:

I am the widow of a 50-year employee of Winn Dixie who has held stock in this company for around 70 years. I find the current Disclosure Statement a travesty of justice and a slap in the faces of people who have been loyal to the company for years. I also find it insulting that Winn Dixie's recent press releases merely "pass the buck" by indicating that as a remedy to this injustice, all former stockholders should "claim a loss" with the United States government in order to offset any personal tax liabilities.

My deceased husband began working with Winn Dixie and the Davis Brothers before World War II. Over the years he would buy stock in the company with any extra money we had. His position was that Winn Dixie was going to grow and he wanted to be a part of it.

Over the years, he never would let me or any of his family "trade" with any other store, even when we would be visiting another area, all because of his loyalty to the chain. It was something engrained in to us to this day. Moreover, when I or our children would visit him at his office in the corporate headquarters, then in Miami, he see to it that we would shut off any unused lights while we were there, all in an effort to protect the company's "bottom line." It was his position that was what profit sharing was all about.

As time went on and the stores' conditions changed for the worse, my husband used to say that even if the company were to experience bad financial times, the Davis brothers would protect their stockholders. It was his position that because of their business acuity, they had never overextended themselves as they grew, and that as a result, there would be assets available should they ever go into bankruptcy.

I also find it unnerving that Winn Dixie, in a way of adding insult to injury, said in a recent press release that they expect to emerge from its reorganization with "sufficient

financing and liquidity to make significant investments in its current store base, to selectively open new stores, and to take other appropriate actions to position the business to compete effectively in its markets over the next several years." The release then indicates the company also expects to emerge with only a "minimal amount of long-term debit on its balance sheet." But is this only possible if the U.S. Bankruptcy Court dismisses the old stockholders?

My solution is that if Winn Dixie is to continue using the same name, then the old stockholders, who have supported the company for so long, should be given, at the least, an opportunity to be apart of this new emerging company and not cast aside with nothing more than a write off. Accordingly, for whatever it is worth, I object to the current Disclosure Statement.

Respectfully,

Nina M. Gonzalez
Shareholder of over a half century