**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | Obj. Deadline: July 30, 2006 |

**WATKINS INVESTMENTS, L.P.'S OBJECTION TO DEBTORS' SECOND OMNIBUS MOTION TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**
(Winn-Dixie Store No. 630 - Oneco, Florida)

Watkins Investments, L.P. ("Watkins"), as successor-in-interest to Watkins Investments, submits its objection ("Objection") to the proposed cure amount set forth in the Debtors' Second Omnibus Motion to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Motion"). In support of the Objection, Watkins states as follows:

**I. Introduction**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and several of its affiliates filed voluntary petitions under chapter 11 of the Bankruptcy Code.

2. As of the Petition Date, Watkins was the landlord and Winn-Dixie Stores, Inc. (the "Debtor") was the tenant under a lease of non-residential real property located in Oneco, Florida (Winn-Dixie Store No. 630) dated as of June 27, 1997, as amended from time to time (the "Lease"). A copy of the Lease is available upon request.

3. In the Motion, the Debtor seeks authority to assume the Lease as of the effective date of the Debtors' plan of reorganization, which was filed on June 29, 2006, and to fix the cure amount for the Lease. The Debtor has asserted that proposed cure for the Lease is $791.82.

## II. The Debtor's Proposed Cure Amount Is Incorrect

2.      As of the filing of this Objection, the Debtor is currently in default of its obligations under the Lease to pay outstanding real estate taxes and other obligations totaling not less than $18,356.59.

3.      Section 365(b)(1) of the Bankruptcy Code sets forth the requirements for assumption. This subsection provides in relevant part:

> (b) (1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee
>
>> (A)     cures . . . such default . . ., except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;
>>
>> (B)     compensates . . . a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default . . .; and

11 U.S.C. § 365(b)(1).

4.      Thus, based on § 365(b)(1), the Debtor must pay all real estate taxes, late charges and interest due under the Lease. In addition, the Debtor must pay the Landlord's attorneys' fees as an "actual pecuniary loss resulting from the Debtor's default."

5.      The Debtor failed to pay all of the 2005 real estate taxes due under the Lease. The 2005 real estate taxes for the leased premises totaled $83,627.31. However, the Debtor only paid a portion of the taxes totaling $69,619.55. Watkins mitigated its damages by paying the taxing authority $14,007.76. Therefore, outstanding 2005 real estate taxes due and owing under the Lease by the Debtor to Watkins are $14,007.76. Copies of the documentation supporting the outstanding real estate tax obligations are attached as Exhibit A.

2

6. Pursuant to § 365(b)(1) and paragraph 26 of the Lease, Watkins is also entitled to reasonable attorneys' fees in the approximate amount of $4,348.83 as an "actual pecuniary loss" resulting from the Debtor's default.

7. In order to assume the Lease, the Debtor must cure the aforementioned defaults.

8. Watkins reserves the right to amend or supplement this Cure Claim at the time the Debtor assumes the Lease.

WHEREFORE, Watkins Investments, L.P., respectfully requests that this Court allow Watkins's cure claim in the amount of $18,356.59 and grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

July 26, 2006

By: /s/Allen J. Guon

Brian L. Shaw (IL ARDC # 6216834)
Allen J. Guon (IL ARDC # 6244526)
SHAW GUSSIS FISHMAN GLANTZ
     WOLFSON & TOWBIN LLC
321 N. Clark St., Suite 800
Chicago, Illinois 60610
(312) 541-0151

Attorneys for Watkins Investments, L.P.

## CERTIFICATE OF SERVICE

I, Allen J. Guon, an attorney, certify that I caused to be served a true copy of **WATKINS INVESTMENTS, L.P.'S OBJECTION TO DEBTORS' SECOND OMNIBUS MOTION TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF** on the parties below by facsimile and electronic mail on the 26th day of July 2006.

By: _____/s/Allen J. Guon_____

## SERVICE LIST

D. J. (Jan) Baker
Sally McDonald Henry
Rosalie Walker Gray
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Facsimile: (212) 735-2000
djbaker@skadden.com

Stephen D. Busey
James H. Post
Cynthis C. Jackson
Smith Hulsey & Busey
225 Water St., Suite 1800
Jacksonville, FL 32202
Facsimile: (904) 359-7708
cjackson@smithhulsey.com

Brian L. Shaw (#6216834)
Allen J. Guon (#6244526)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151 telephone
(312) 980-3888 facsimile
*Counsel for Watkins Investments, L.P.*

{4981 CER A0137179.DOC}