UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  CASE NO.: 05-03817-3F1

**WINN-DIXIE STORES, INC., et al.,**  Chapter 11

Debtors.[1]

**LIMITED OBJECTION OF 5 POINTS WEST SHOPPING CITY TO DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

5 Points West Shopping Center, L.L.C. ("5 Points") files this objection to the *Debtors' Second Omnibus Motion For Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (the "Motion"), as follows:

**PROCEDURAL BACKGROUD**

1.  On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. 5 Points is the landlord and Winn-Dixie Stores Montgomery, Inc. is the tenant (the "Tenant"), pursuant to a lease dated September 7, 1995, as amended (the "Store #405 Lease"), for the premises known as Five Points West Shopping City in Birmingham, Alabama. Winn-Dixie Stores, Inc. (the "Guarantor") guaranteed the Tenant's obligations under the Store #405 Lease.

3. On or about June 30, 2006, the Debtors filed the Motion requesting authority to assume and fix the cure amount for the Store #405 Lease.

## RELIEF REQUESTED

4. Section 365 of the Bankruptcy Code provides that a debtor may not assume an unexpired lease, unless at the time of the assumption of such lease, the debtor cures any defaults, compensates for any actual pecuniary loss resulting from such default, and provides adequate assurance of future performance under such lease. Under Section 365, a party to an unexpired lease must be paid all existing amounts due under the lease before the lease may be assumed. See Century Indem. Co. v. National Gypsum Co. Settlement Trust, (*In re National Gypsum Co.*), 208 F.3d 498 (5th Cir 2000); Matter of Superior Toy & Mfg. Co., Inc., 78 F.3d 1169 (7th Cir. 1996).

5. 5 Points files this limited objection to the Motion because the Motion incorrectly sets the cure amount for the Store #405 Lease.

6. The Debtors propose to set the cure amount for its defaults under the Store #405 Lease at $24,790.13.

7. As of the date of the deadline to object to the Motion (the "Objection Deadline"), the correct cure amount for Store #405 Lease is $282,673.35 under the terms of the lease. The correct cure amount includes all the Tenant's existing amounts due, both prepetition

and post-petition as of the Objection Deadline. The Tenant's amount due will continue to accrue at $42,733.95 per month under the terms of the lease. Additionally, the Tenant's annual taxes and insurance will be due in October 2006. 5 Points reserves all rights, claims, and defenses.

8. Accordingly, the Motion fails to comply with Section 365 of the Bankruptcy Code because the Debtors do not propose to pay a sufficient amount to cure all defaults under the Store #405 lease.

**WHEREFORE**, premises considered, 5 Points respectfully request that this Court:

(1) deny the Motion as stated; or in the alternative

(2) grant the Motion but allow and fix the cure claim amount for the Store #405 Lease at $282,673.35 plus an additional $42,733.95 for each month accruing after the Objection Deadline and plus any amounts due for Tenant's unpaid taxes and insurance due and owing at the time of the Court's order; and

(3) provide such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of July, 2006.

/s/ Patrick Darby_____.
Patrick Darby, Esq.
Helen D. Ball, Esq.
Counsel for 5 Points West Shopping Center, L.L.C.

**BRADLEY ARANT ROSE & WHITE LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 26th day of July, 2006.

/s/ Patrick Darby
Of Counsel