UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                                  CASE NO.: 05-03817-3F1

**WINN-DIXIE STORES, INC., et al.,**                  Chapter 11

    Debtors.[1]

---

**LIMITED OBJECTION OF MONROE CENTER PARTNERS, LTD AND ST. STEPHENS SQUARE PARTNERS TO DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

    Monroe Center Partners, Ltd. ("Monroe") and St. Stephens Square Partners ("St. Stephens") (together, the "Landlords"), file this objection to the *Debtors' Second Omnibus Motion For Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (the "Motion"), as follows:

**PROCEDURAL BACKGROUD**

    1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court"). By order dated April 13, 2005, the New York Court transferred venue of these cases to this Court.

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Check Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

2. Monroe is the landlord and Winn-Dixie Montgomery, Inc. is the tenant (the "Tenant"), pursuant to a lease dated January 18, 1983, as amended (the "Store #569 Lease"), for the premises known as Monroe Square, in Monroeville, Alabama. Winn-Dixie Stores, Inc. (the "Guarantor") guaranteed the Tenant's obligations under the Store #569 Lease. On July 12, 2005, Monroe filed proofs of claim against the Tenant, claim #6041, and the Guarantor, claim #6040, for the Tenant's prepetition arrearages for 2004.

3. St. Stephens is the landlord and the Tenant is the tenant pursuant to a lease dated October 28, 1985, as amended ("Store #581 Lease"), for the premises known as St. Stephens Square in Mobile, Alabama. The Guarantor guaranteed the Tenant's obligations under the Lease. On July 12, 2005, St. Stephens filed proofs of claim against the Tenant, claim #6039, and the Guarantor, claim #6038, for the Tenant's prepetition arrearages for 2004.

**4.** The Landlords will be amending their proofs of claim to add the Tenant's prorated prepetition arrearages for 2005. Upon information and belief, the Tenant is current on its post-petition 2005 obligations as of the date of this filing. The Landlords reserve all rights, claims, and defenses.

5. On or about June 30, 2006, the Debtors filed the Motion, requesting authority to assume and fix the cure amounts for the Store #569 Lease and the Store #581 Lease.

**RELIEF REQUESTED**

6. Section 365 of the Bankruptcy Code provides that a debtor may not assume an unexpired lease, unless at the time of the assumption of such lease, the debtor cures any defaults, compensates for any actual pecuniary loss resulting from such default, and provides adequate assurance of future performance under such lease.

7. The Landlords file this limited objection to the Motion because the Motion incorrectly sets the cure amounts for the Store #569 Lease and the Store #581 Lease.

8. The Debtors propose to set the cure amounts for its defaults under the Store #569 Lease at $0.00 and the Store #581 Lease at $0.00.

9. The correct cure amount for Store #569 Lease is $18,316.73 under the terms of the lease.

10. The correct cure amount for Store #581 Lease is $8,705.21 under the terms of the lease.

11. Accordingly, the Motion fails to comply with Section 365 of the Bankruptcy Code because the Debtors do not propose to pay a sufficient amount to cure all defaults under the Store #569 Lease and the Store #581 Lease.

**WHEREFORE**, premises considered, the Landlords respectfully request that this Court:

(1) deny the Motion as stated; or in the alternative

(2) grant the Motion but allow and fix the cure claim amount for the Store #569 Lease at $8,705.21 and for the Store #581 Lease at $18,316.73; and

(3) provide such other and further relief as the Court deems just and proper.

1/1366066.1                                3

Respectfully submitted this 26th day of July, 2006.

   /s/ Patrick Darby                        .
Patrick Darby, Esq.
Helen D. Ball, Esq.
Counsel for Head, Inc., General Partner of
Monroe Center Partners, Ltd and
St. Stephens Square Partners

**BRADLEY ARANT ROSE & WHITE LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was furnished electronically to Cynthia C. Jackson, Esq., Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202; David J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, Florida 32202; and to the Office of the United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, Florida 32801 on this 26th day of July, 2006.

/s/ Patrick Darby
Of Counsel