**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 3-05-bk-3817 |
| **WINN DIXIE STORES, INC., et. al.** | Chapter 11 |
| Debtor. | Jointly Administered |
| _____/ | |

**ANTHONY AND DOROTHY BALZEBRE'S OBJECTION TO**
**MOTION TO ASSUME LEASE FOR LOCATION 370**

Landlord, Anthony Balzebre and Dorothy Balzebre (Landlord), through undersigned counsel, files this objection to assumption of the lease for Location 370 and as grounds assert:

1. Anthony Balzebre and Dorothy Balzebre are the landlords for Winn Dixie Location No. 370.

2. Winn Dixie filed for protection under Chapter 11 of the United States Bankruptcy Code on February 21, 2005. Winn Dixie now seeks to assume the Lease and has proposed a cure amount of $64,652.45. The proposed cure amount understates the amounts that remain due to bring the Lease current.

3. Winn Dixie presently owes the following amounts, which should be paid as a condition to Winn Dixie being permitted to assume the Lease:

| | |
|---|---|
| Shortfall in percentage rent for 2004 through 2005 | $61,781.76 |
| Shortfall in property taxes 2005 | $ 6,830.68 |
| Shortfall in Rent from January 2006 through June 2006 | $    990.00 |
| **Total** | **$69,602.44** |

4. The shortfall in cure amounts as to percentage rent and property taxes is substantiated by documentation attached hereto. This includes: (a) the statement from Winn Dixie dated August 17, 2005, attached as Exhibit "A", regarding its withholding of percentage rent for the prepetition period; and (b) the 2005 property tax bill and statements attached as Exhibit "B" showing total 2005 property taxes your client's prorated share of the taxes and the amount it paid for the post petition period.

5. The shortfall in rent is a result of Winn Dixie's failure to pay common area maintenance totaling $330.00 per month since January 2006. Exhibit "C" is a statement of account that shows the shortfall in rent payments for CAM since January 2006.

6. In addition to the foregoing, Winn Dixie's fiscal year for purposes of paying the 2005-2006 percentage rent ended on June 30, 2006, and that payment of the percentage rent obligation for 2006 is now due. Winn Dixie has not yet accounted for its sales and percentage rents but should be compelled to do so and to pay percentage rent as a condition to assumption.

7. Finally, an additional issue that needs be resolved before Debtor is permitted to assume the Lease relates to the Debtor's efforts to exercise purported self help rights under the Lease to replace the roof at the Premises. Winn Dixie has asserted that the entire roof needs to be replaced and has threatened to exercise self help and enter into an agreement to replace the entire roof and pass the expense thereof on to the Landlord. Landlord denies that the roof needs to be replaced and submits that it has already undertaken necessary repairs to make the roof at the Premises water tight, which is all it is obligated to do under the Lease. Indeed, the Debtor's failure to properly maintain the HVAC on the roof and otherwise keep that area clear of debris has contributed to continuing damage to the roof which is the Debtor's responsibility. Continued

efforts to exercise self help to replace the roof under these circumstances will constitute a default under the Lease.

8. Section 365(b)(1) provides that, in order to assume an executory contract or unexpired lease in which a default has occurred, the trustee must cure the default and provide compensation for pecuniary loss, or provide adequate assurance that cure and compensation will occur promptly. *In re Valley View Shopping Center, L.P.,* 260 B.R. 10 (Bankr. D. Kan. 2001).

9. Landlord submits that unless Debtor cures all monetary defaults, which total $69,602.44, and pays the full amount of percentage rents due for the 2005-2006 fiscal year, assumption should be denied.

WHEREFORE, Landlord objects to Debtor's Motion to Assume and respectfully requests that the Motion to Assume be denied unless Debtor pays the total cure amount set forth above, and that the court grant all other relief it deems appropriate.

    Respectfully submitted,

    BLAXBERG, GRAYSON, KUKOFF
    & SEGAL, P.A.
    Counsel for the Balzebres
    Suite 730, Ingraham Building
    25 Southeast Second Avenue
    Miami, Florida  33131
    Phone: (305) 381-7979
    Facsimile: (305) 371-6816

    /s/ Ian J. Kukoff
    Ian J. Kukoff, Esq.
    Florida Bar No.: 827126

BLAXBERG, GRAYSON, KUKOFF & SEGAL, P.A., 25 S.E. 2ND AVENUE, SUITE 730, MIAMI, FL 33131
3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via facsimile U.S. Mail and e-mail this 26th day of July 2006 to the following:

Cynthia Jackson, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
904-359-7700
cjackson@smithhulsey.com

DJ Baker, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
212-735-3000
djbaker@skadden.com

/s/ Ian J. Kukoff