**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| WINN-DIXIE STORES, INC., et al., | * | Case No. 05-03817-3F1 |
| | * | |
| Debtors. | * | (Jointly Administered) |
| | * | |

**GEORGIA DEPARTMENT OF REVENUE'S RESPONSE TO**
**DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO (A) NO**
**LIABILITY CLAIMS AND (B) NO LIABILITY MISCLASSIFIED CLAIMS**

COMES NOW the Georgia Department of Revenue, by and through counsel, Thurbert E. Baker, Attorney General for the State of Georgia, and responds to the Debtors' Fourteenth Omnibus Objection to Claims filed in the above case as follows:

The Debtors seek to disallow claim number 11089 filed by the Georgia Department of Revenue. The Department has filed claim number 11089 against Deep South Products, Inc. ("Deep South") in the total amount of $558,678.53. The Department has reviewed the Debtors' Objection and determined that it should only have a claim for July of 1999, January of 2001, May of 2002, July of 2002, August of 2002, and September of 2002 sales and use taxes and corporate income taxes for the fiscal year ending June 30, 2002 and the fiscal year ending June 30, 2003. The bulk of the Department's claim is estimated as the records of the Department indicate that Deep South failed to file its January of 2001, May of 2002, July of 2002, August of 2002, and September of 2002 sales and use taxes and its June of 2000 through August of 2000 withholding taxes. Until the above returns are provided, the Department is unable to

determine the actual tax liability of Deep South for these periods. Therefore, until the applicable returns are provided, the Department contends that its claim against Deep South should be allowed as estimated for the above sales and use taxes.

Pursuant to O.C.G.A. § 48-8-49(a), dealers are required to file sales and use tax returns and remit sales and use tax payments on or before the twentieth day of the following month. If a dealer fails to timely pay its outstanding sales and use tax liability, the dealer's vendor's compensation deduction shall be disallowed. O.C.G.A. § 48-8-50(b). In addition, if a dealer fails to file and pay its sales and use tax liability in a timely fashion "a penalty to be added to the tax in the amount of 5 percent or $5.00, whichever is greater, if the failure is for not more than 30 days and an additional 5 percent or $5.00, whichever is greater, for each additional 30 days or fraction of 30 days during which the failure continues." O.C.G.A. § 48-8-66. Further, O.C.G.A. § 48-2-40 provides that "taxes owed the state … shall bear interest at 1 percent per month from the date the tax is due until the date the tax is paid."

The Department's proof of claim also consists of a claim for sales and use taxes based upon Deep South's filed July of 1999 sales and use tax return. The Debtor's July of 1999 sales and use tax return indicates a tax liability of $266.80 with a vendor's compensation deduction of $103.34 resulting in a total obligation of $163.45. Deep South remitted $163.45. However, the vendor's compensation deduction should have been $5.05 instead of $103.34. Therefore, Deep South underpaid its July of 1999 sales and use tax liability by $98.30. Deep South's total outstanding obligation for July of 1999 sales and use taxes is $146.25 consisting of a claim for taxes in the amount of $98.30, interest in the amount of $2.95, and penalties in the amount of $45.00.

Finally, the Department's proof of claim includes liabilities for unpaid corporate income taxes. The Department's claim for corporate income taxes for the fiscal year ending June 30, 2002 and the fiscal year ending June 30, 2003 is solely for penalties due to the late payment of these liabilities. Deep South did receive an extension of time to file its corporate income tax returns for these periods. Thus, the penalty is not for the late filing of the returns. However, Deep South did not remit an estimated payment with its request for an extension. Therefore, the penalties have been imposed as a result of Deep South's late payment of the corporate income tax liability.

WHEREFORE, the Georgia Department of Revenue respectfully requests that its claim number 11089 be allowed as modified by this response and that it be granted such other and further relief as this Court deems just and proper.

This  27th  day of July, 2006.

        Respectfully submitted,

        THURBERT E. BAKER     033887
        Attorney General

        DANIEL M. FORMBY     269350
        Deputy Attorney General

        /s/ John B. Ballard, Jr.
        JOHN B. BALLARD, JR.     035550
        Senior Assistant Attorney General

        /s/ Oscar B. Fears, III
        OSCAR B. FEARS, III     257020
        Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:


Oscar B. Fears, III
40 Capitol Square, SW
Atlanta, Georgia 30334
Ga. Bar No. 25020
Telephone: (404) 656-3303
Facsimile: (404) 657-3239
Counsel for the Georgia Department of Revenue

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a copy of the foregoing GEORGIA DEPARTMENT OF REVENUE'S RESPONSE TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS AND (B) NO LIABILITY MISCLASSIFIED CLAIMS upon:

> D.J. Baker, Esq.
> Skadden, Arps, Slate, Meagher & Flom
> Four Times Square
> New York, New York 10036
>
> James H. Post, Esq.
> Smith Hulsey & Busey
> 225 Water Street, Suite 1800
> Jacksonville, Florida 32202

by placing the same into the United States mail with adequate, first-class postage placed thereon.

This __27th__ day of July, 2006.

/s/ Oscar B. Fears, III_____
OSCAR B. FEARS, III
Assistant Attorney General