UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |

ORDER (A) REDUCING OR DISALLOWING RECLAMATION CLAIMS,
(B) REDUCING UNSECURED NON-PRIORITY CLAIMS HELD BY
RECLAMATION CLAIMANTS, AND (C) DISALLOWING SUPERSEDED
AND DUPLICATE CLAIMS AS SET FORTH IN THE DEBTORS'
OMNIBUS RECLAMATION CLAIMS OBJECTION

These cases came before the Court for hearing on July 27, 2006, upon the Omnibus Reclamation Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through C to the Objection (the "Disputed Claims").[2] Several formal and informal responses to the Objection were raised or filed, as a result of which: (1) resolutions have been reached with regard to the claims of Interstate Brands Corporation and Southeast Provisions, LLC identified in the Objection; and (2) the Debtors have agreed to continue the Objection with respect to (i) scheduled claim numbers 34759 and 5642 of Del Laboratories, Inc., and (ii) scheduled claim numbers 35045 and 1035 of Libbey Glass, Inc. Upon consideration, it is

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2] All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

ORDERED AND ADJUDGED:

1. The Objection is sustained.

2. The reclamation claims and unsecured non-priority claims listed on Exhibit A to the Objection are allowed in the reduced amounts set forth on the attached Exhibit 1. The scheduled claims of each claimant listed in the footnotes on Exhibit A are superseded by the claimant's remaining claim set forth on Exhibit 1, and thus are disallowed in their entirety.

3. The reclamation claims and unsecured non-priority claims listed on Exhibit B to the Objection are allowed in the reduced amounts set forth on the attached Exhibit 1. The scheduled claims and filed claims of each claimant listed in the footnotes on Exhibit B are either duplicative of, or superseded by, the claimant's remaining claim set forth on Exhibit 1, and thus are disallowed in their entirety.

4. The reclamation claims and unsecured non-priority claims listed on Exhibit C to the Objection are allowed in the reduced amounts set forth on the attached Exhibit 1. The scheduled claims and filed claims of each claimant listed in the footnotes on Exhibit C are either duplicative of, or superseded by, the claimant's remaining claim set forth on Exhibit 1, and thus are disallowed in their entirety.

5. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

6. The hearing to consider the Objection with respect to the claims of Del Laboratories, Inc. and Libby Glass, Inc. is continued until further order of the Court upon the motion of any party in interest.

7. The Debtors' right to commence an adversary proceeding against Del Laboratories, Inc. and Libby Glass, Inc. to recover monies owed to it is preserved.

8. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the claimants.

9. This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims, including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

10. This Order is without prejudice to the Debtors' right to object to another proof of claim or interests filed in these chapter 11 cases.

Dated this 27 day of July, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

# EXHIBIT 1

| Exhibit | Name of Vendor | Remaining Claim No. | Reclamation | Unsecured Non-Priority |
|---|---|---|---|---|
| Exhibit A | Schick Wilkinson Sword, division of Energizer | 10359 | $22,211.30 | $247,994.97 |
| Exhibit A | The Jel Sert Company | 7888 | $2,228.01 | $10,039.65 |
| Exhibit A | Vanguard Plastics, Inc. | 7366 | $38,008.22 | $175,730.15 |
| Exhibit B | GFA Brands, Inc. | 34877* | $8,542.48 | $78,038.09 |
| Exhibit B | Pro's Choice Beauty Care, Inc. | 35265* | $7,138.79 | $22,248.76 |
| Exhibit B | Reily Foods Company | 7645 | $53,173.59 | $30,993.83 |
| Exhibit B | The Hartz Mountain Corp. | 3484 | $34,126.90 | $177,875.17 |
| Exhibit C | Baker & Taylor | 6350 | $33,898.87 | $1,112,897.39 |
| Exhibit C | Interstate Brands Corp. | 11019 | $360,848.02 | $912,880.23 |
| Exhibit C | Southeast Provisions, LLC | 10819 | $78,378.23 | $374,085.59 |

---

\*  GFA Brands, Inc. and Pro's Choice Beauty Care, Inc. did not file a proof of claim. The remaining claims for these vendors are scheduled claims.