UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER AUTHORIZING REJECTION OF (I) NON-RESIDENTIAL
REAL PROPERTY LEASE THAT WAS ASSIGNED PREPETITION AND
(II) THE RELATED ASSIGNMENT AGREEMENT (STORE 1327)**

These cases came before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors")[1], for entry of an order under 11 U.S.C. § 365 authorizing and approving the Debtors' rejection, effective as of June 23, 2006, of (i) three non-residential real property leases that were assigned prepetition and (ii) the related assignment agreements) (the "Motion"). On June 29, 2006, the Debtors filed their first Proposed Plan of Reorganization (as amended, the "Plan") which reflected, among other things, a compromise of the issue of substantive consolidation (the "Substantive Consolidation Compromise"). On July 6, 2006, objections to the Motion were filed by (a) Brookshire Grocery Company (the "Brookshire Objection"), and (b) 1997 Properties, Inc. (the "1997 Properties Objection"). The Brookshire Objection was resolved by revisions to the proposed form of order that accompanied the Motion. A hearing on the Motion was held on July 13, 2006, following which the Court entered an order granting the Motion, but continuing the hearing with respect to the Lease that was the subject of

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

the 1997 Properties Objection (the "Store 1327 Lease") and related Assignment Agreement (the "Roberts Assignment Agreement", and the assignee under such agreement,"Roberts"). The Court has reviewed the Motion and considered the representations of counsel. Upon the representation of counsel for the Debtors that the 1997 Properties Objection has been resolved by revisions to this Order, and without objection from the United States Trustee or any other interested party, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted with respect to 1997 Properties, Inc.

2. The Debtors are authorized to reject the Store 1327 Lease and the Roberts Assignment Agreement pursuant to 11 U.S.C. § 365(a), and the Store 1327 Lease and the Roberts Assignment Agreement are deemed rejected effective as of June 23, 2006.

3. To the extent 1997 Properties, Inc. has not yet withdrawn its Objection, the 1997 Properties Objection is overruled.

4. Nothing in this Order constitutes a waiver of any claims the Debtors may have against 1997 Properties, Inc. or Roberts, whether or not related to the Store 1327 Lease or the Roberts Assignment Agreement.

5. Claims by 1997 Properties, Inc. for any damages (a) resulting from the rejection of the Store 1327 Lease or (b) allegedly arising under the Related Documents, shall be allowed as set forth in this Order. 1997 Properties, Inc., has filed four proofs of claim relating to the Store 1327 Lease, listed on the claims register as claim numbers 10283, 10284, 10285 and 10286. The claims are summarized as follows:

   10283    Claim against Winn-Dixie Stores, Inc. based on alleged breach of its guaranty of the obligations of Winn-Dixie Montgomery, Inc. arising out of the Store 1327 Lease in the total amount of $269,895.78.

| | |
|---|---|
| 10284 | Claim against Winn-Dixie, Montgomery, Inc. based on alleged breach of the Store 1327 Lease in the total amount of $269,895.78. |
| 10285 | Claim against Winn-Dixie Stores, Inc. based on its alleged guaranty of the obligations of Winn-Dixie Montgomery, Inc. for pre petition ad valorem taxes related to Store 1327 paid by 1997 Properties, Inc., in the amount of $10,568.32. |
| 10286 | Claim against Winn-Dixie, Montgomery, Inc. for pre petition ad valorem taxes related to Store 1327 paid by 1997 Properties, Inc., in the amount of $10,568.32. |

6. In light of the rejection of the Store 1327 Lease as provided in this Order, Claim number 10283 shall be reduced and allowed as a Landlord Claim (as defined in the Plan) in the amount of $49,072.00 (which amount reflects the application of the statutory cap imposed on rejection damages by 11 U.S.C. § 502(b)(6)). By consent to this Order, 1997 Properties Inc. immediately releases Roberts from any obligation to pay, during the remaining term of the Lease, and agrees to refrain from seeking from Roberts during the remaining term of the Lease, the $4,089.83 monthly amount that the Debtors had previously been paying to 1997 Properties, Inc.

7. Claim number 10285 shall be reduced and allowed as a Landlord Claim in the amount of $673.03, which amount reflects the application of a setoff on account of an overpayment in the amount of $9,895.29 made to 1997 Properties, Inc. by the Debtors prior to the Petition Date.

8. Claim number 10284 and Claim number 10286 shall each be disallowed and expunged, conditional on confirmation of the Plan incorporating the Substantive Consolidation Compromise.

9. Notwithstanding anything to the contrary in this Order, nothing in this Order shall affect the validity of the assignment of the Store 1327 Lease to Roberts, Roberts'

rights and obligations under the Store 1327 Lease and Related Documents, or constitute a breach or default by Roberts of the Store 1327 Lease and Related Documents.

10. Entry of this Order shall not entitle the Debtors to avoid or otherwise seek the return of any money paid by the Debtors pursuant to the Roberts Assignment Agreement during the period beginning on the Petition Date and ending on the date of entry of this Order.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated this 27 day of July, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties who
received copies of the Motion.

662214.04-New York Server 1A - MSW