IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WINN-DIXIE STORES, INC. *et al.*, | ) | Case No. 05-03817-3F1 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| _____ | ) | |

**LIMITED OBJECTION OF
CORPORATE PROPERTY ASSOCIATES 8,
L.P. TO DEBTORS' SECOND OMNIBUS MOTION
FOR: (I)AUTHORITY TO ASSUME NON-RESIDENTIAL
REAL PROPERTY LEASES; (II) THE FIXING OF
<u>RELATED CURE AMOUNTS; AND (III) RELATED RELIEF</u>**

Corporate Property Associates 8, L.P. ("Landlord"), by and through its undersigned attorneys, hereby files this limited objection to the second omnibus motion of the debtors in the above-captioned (the "Debtors") for: (i) authority to assume certain non-residential real property leases; (ii) the fixing of related cure amounts; and (iii) certain related relief, dated June 30, 2006 (the "Motion"), and in support thereof respectfully represents as follows:

<u>**BACKGROUND**</u>

1.  Landlord owns certain commercial improvements and real property located in Brewton, Alabama (the "Brewton Premises"). Pursuant to a lease agreement, dated as of October 26, 1990 (the "Lease"), between Landlord and Winn-Dixie Montgomery, Inc., one of

the Debtors herein, Winn-Dixie Montgomery, Inc., leases the Brewton Premises from Landlord.[1] By guaranty agreement (the "Guaranty"), dated October 26, 1990, Winn-Dixie Stores, Inc., another Debtor, guaranteed all of the obligations of Winn-Dixie Montgomery, Inc. under the Lease.

## OBJECTIONS

Cure Amount

2. Section 365(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") provides, in pertinent part, that if there is a default under an executory contract or unexpired lease, a debtor may not assume such contract or lease unless, the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default; (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1). Accordingly, any assumption of the Lease must be accompanied by payment to Landlord of all amounts due under the Lease as of the assumption date.

3. Landlord objects to the Debtors' proposed cure amount for the Lease, which the Debtors have scheduled as $1,597.17. See Motion, Exhibit B.

4. Landlord currently holds a cure claim of not less than $39,047.87, which consists of unpaid rent, as well as costs and expenses, including attorneys' fees, incurred by Landlord through the date hereof in connection with Landlord's exercise and enforcement of its rights

---

[1] Also on October 26, 1990, Winn Dixie Montgomery, Inc. assigned its interest as tenant under a separate lease for the Brewton Grounds (the "Ground Lease") to Landlord, and Landlord subsequently leased the Brewton Grounds back to Winn-Dixie Montgomery, Inc. pursuant to the Lease.

under the Lease.[2]  See Lease ¶ 20(c).  These amounts do not include other additional rent which may be due under the Lease, such as amounts that have accrued, but for which payment is not yet due (including, without limitation, real property taxes) or costs and expenses incurred after the date hereof for legal fees, etc.

5. Landlord reserves its right to amend this limited objection as circumstances may require and to assert any and all claims against the Debtors (and their assigns and/or successors) arising out of the Lease, including, without limitation, claims for insurance, utilities, maintenance and repair, attorneys' fees and/or damage to the Brewton Premises.

6. Landlord further objects to the proposed cure amount because the proposed order granting the relief requested in the Motion merely provides for the payment of the proposed cure amount to be made "promptly after the Effective Date."  See Motion, Exhibit C.  The cure payments should be made on or before the Effective Date (as such term is defined in the Motion), or at least within a short fixed period.  Moreover, any assumption order should provide that even if there is a dispute with respect the proposed cure amount, all undisputed amounts should be paid on or before the Effective Date, and only disputed amounts may be reserved or escrowed.

Adequate Assurance

7. Section 365(b)(1)(C) of the Bankruptcy Code provides, in pertinent part, that before a Debtor may assume an executory contract or unexpired lease under which there has been a default, the Debtor must provide "adequate assurance of future performance under such contract or lease."  11 U.S.C. 365(b)(1)(C).  Accordingly, assumption of the Lease must be

---

[2]  Legal fees are estimated as of the date hereof.  Landlord reserves the right to amend this amount to account for additional fees incurred through and including the date the Lease is assumed.

- 4 -

accompanied by a demonstration to the Landlord that the reorganized Debtors will be capable of meeting all of the obligations under the lease.  The Motion merely suggests that the Debtors continuing business operations will provide adequate assurance of future performance, see Motion, ¶ 18.  Landlord, therefore, objects to the proposed assumption and assignment of the Lease absent a showing of adequate assurance of the tenant's future performance under the Lease.  At a minimum, the Guaranty executed in favor of the Landlord must either be reaffirmed or reissued by a financially viable entity.

**CONCLUSION**

WHEREFORE, Landlord respectfully requests that the Court: (a) deny the Debtors' motion to assume the Lease unless and until the appropriate cure amount is established and such assumption is otherwise done consistent with this objection; (b) require the Debtors to pay the cure payments specified by Landlord immediately upon assumption of the Lease and any amounts not yet due under the Lease as and when they become due; and (c) grant Landlord such other and further relief as the Court deems just and proper.

THE ROSENTHAL LAW FIRM, P.A.

By: /s/ Jason A. Rosenthal
Jason A. Rosenthal
Florida Bar No. 0009482
212 Pasadena Place, Ste. A
Orlando, FL 32803
Telephone: (407) 488-1220
Facsimile: (407) 488-1221

-and-

WILLKIE FARR & GALLAGHER LLP
Alan J. Lipkin, Esq.
Brian P. Guiney, Esq.
787 Seventh Avenue
New York, New York 10019-6099
(212) 728-8000

Co-Attorneys for Corporate Property Associates 8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via Electronic Transmission and/or U.S. Mail this 27th day of July, 2006, to Cynthia Jackson, 225

Water Street, Suite 1800, Jacksonville, FL 32202, D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, and Office of the Unites States Trustee, 135 W. Central Boulevard, Orlando, FL 32801.

/s/ Jason A. Rosenthal