IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 3:05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al. | ) | Chapter 11 |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |

## LIMITED OBJECTION BY BENDERSON DEVELOPMENT COMPANY, LLC TO DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF (STORE NO. 657)

Benderson Development Company, LLC ("Landlord"), by and through its undersigned counsel, hereby files its limited objection to the *Debtors' Second Omnibus Motion For Authority To (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (the "Assumption Motion") in connection with Store No. 657. In support of its limited objection to the Assumption Motion, Landlord states as follows:

A.  Objection to Cure Amounts.

1.  In Exhibit B to the Assumption Motion, the debtors set forth a proposed cure amount for Store No. 657 in the amount of $973.42. Landlord, the managing agent for the owner(s) of this parcel of real property, objects to the proposed cure amount. The correct cure amount is $7,420.75, as evidenced by the invoice annexed hereto as Exhibit "A".

1

2. To the extent that rent, CAM, insurance taxes, attorneys' fees or other charges continue to accrue, and/or the Landlord or property owners suffer other pecuniary losses with respect to the lease of this Store No. 657 pending the assumption of such lease, Landlord hereby reserves its right to amend the cure amounts to reflect such additional amounts or to account for year-end adjustments, including without limitation, adjustments for the years 2005 and 2006 (the "Adjustment Amounts"), which have not yet been billed or have not yet become due under the terms of the lease for the Store. As such, the debtors must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the leases, regardless of when such Adjustment Amounts were incurred.

3. In addition, Landlord requests that the debtors be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which may have occurred pre-assumption but which were not known to either the Landlord and/or the debtors as of the date of assumption, including but not limited to, claims for personal injury which occurred at the leased premises, damage and destruction to the leased premises or property by debtors or its agents, and environmental damage or environmental clean-up.

4. The debtors have not cited to any authority to allow them to assume a lease, but delay the effectiveness of such assumption, and thus its obligation to promptly cure all defaults. Instead, the debtors' assumption of the lease should be effective upon the entry of the order approving the assumption of the lease; the undisputed cure amounts should be paid, with interest, within fifteen (15) days of entry of the order approving the assumption of the lease; and an evidentiary hearing should be scheduled for some point in

the future if the Landlord and the debtors cannot resolve the disputed cure amounts. Furthermore, the debtors should provide Landlord with a detailed explanation as to the basis for its dispute of each item on the attached break-down that it did not include in their proposed cure amounts. With respect to another lease involving Landlord, Landlord has been attempting to communicate with the debtors for over two months attempting to get an explanation of why it disputes certain amounts of a cure claim. Landlord has not received any response. As Landlord cannot prove a negative, it needs an explanation of the debtors' basis for disputing the unpaid cure amounts, so it can address such basis, either in settlement discussions or before the Court. The debtors should be required to provide Landlord with such statement within fifteen (15) days of entry of the order approving the assumption of lease.

WHEREFORE, Landlord respectfully requests that this Court enter an order approving the Assumption Motion, but further providing as follows:

(a) The lease for Store No. 657 is assumed effective as of the entry of the order approving the Assumption Motion;

(b) The debtors pay the undisputed portion of the cure amounts for the Store No. 657 within fifteen (15) days from the date of entry of the order approving the Assumption Motion;

(c) With respect to the disputed amounts of the cure claims for Store No. 657 as set forth herein, the debtors provide Landlord with a detailed statement specifying the basis for its dispute as to each charge within fifteen (15) days from the date of entry of the order approving the Assumption Motion;

3

(d) The Court set a future evidentiary hearing to resolve the disputed cure amount issue; and

(e) For such other and further relief that this Court deems just and proper.

Dated: July 28, 2006
University Park, Florida

JOEY E. SCHLOSBERG, ESQ.

By: /s/ Joey E. Schlosberg

Benderson Development Company, LLC
8441 Cooper Creek Boulevard
University Park, Florida 34201
(941) 359-8303
(941) 359-1836 (facsimile)

-and-

KELLEY, DRYE & WARREN, LLP
James S. Carr
Robert L. LeHane
101 Park Avenue
New York, New York 10178
(212) 808-7573
(212) 808-7897 (facsimile)
rlehane@kelleydrye.com

Attorneys for Benderson
Development Company, LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this 28 day of July, 2006, served a copy of the foregoing by U.S. Mail and electronic mail to:

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, NY 10036

-and-

Cynthia C. Jackson
Smith Huley & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32201

/s/ Joey E. Schlosberg
OF COUNSEL