# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al*., | Case No. 05-03817-3Fl Jointly Administered |
| WINN-DIXIE STORES, INC. | Case No. 05-03817-JAF |
| ("the Debtors") | Filed Claim No.: <u>1287</u> |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, MCDOWELL, CASSANDRA, IN THE ALLOWED AMOUNT OF $100,000.00, TO DELLACAMERA CAPITAL MASTER FUND, LTD.

**To Transferor:**

MCDOWELL, CASSANDRA
ATTN: MALCOLM A PUROW, ESQ
C/O DELL & SCHAEFER, PA
2404 HOLLYWOOD BLVD
HOLLYWOOD, FL 33020

PLEASE TAKE NOTICE that the transfer of $100,000.00 of the above-captioned allowed General Unsecured claim has been transferred to:

**Transferee:**

DellaCamera Capital Master Fund, Ltd.
c/o DellaCamera Capital Management, LLC
237 Park Avenue
Suite 900
New York, NY 10017

The evidence of transfer of claim is attached hereto. A copy of the Order allowing the claim is hereto as Exhibit A.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

_____
Deputy Clerk

ASSIGNMENT OF CLAIM

## 1. Assignment of Claim

Cassandra McDowell, an individual residing at 7836 Indigo Street, Miramar, FL 33023 ("Assignor"), in consideration of the sum of $_____ (the "Purchase Price"), the receipt and sufficiency of which is hereby acknowledged, does assign and transfer to DellaCamera Capital Master Fund, Ltd. ("Assignor"), an exempted company incorporated and existing under the laws of the Cayman Islands, having an address c/o Meridian Corporate Services Limited, 73 Front Street, P.O. Box HM 528, Hamilton HM 12, Bermuda with notices and mailings to the attention of Jeffrey Kaplan of DellaCamera Capital Management, LLC at 237 Park Avenue, Suite 900, New York, NY 10017 all of Assignor's right, title, and interest in and to the claim or claims of Assignor (the "Claim") against Winn-Dixie Stores, Inc. ("Debtor"), a debtor in bankruptcy proceedings (the "Proceedings") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Court") affiliated with Case No. 05-03817 in the currently outstanding amount of not less than $100,000.00 (the "Claim Amount") and all rights of Assignor relating to the Claim, including without limitation Assignor's rights to receive any interest, penalties, and fees relating to the Claim, all cash, securities, instruments, and other property which may be paid or issued by Debtor in satisfaction of the Claim, any legal rights against any third party with respect thereto, and all rights arising from the Proof of Claim identified below. The Claim is based on amounts owed to Assignor by Debtor, and this Assignment of Claim (the "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

## 2. Representations and Warranties

Assignor represents and warrants that a Proof of Claim in the amount of the Claim Amount has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim Amount, Assignee shall nevertheless be deemed the owner of the Claim and shall be entitled to identify itself as owner of such Claim on the records of the Court.

Assignor represents and warrants that the Claim is a valid unsecured claim in an amount not less than the Claim Amount; that the Claim is valid, due and owing, undisputed, liquidated, and non-contingent; and that no objection to the Claim exists or has been threatened. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim; that Assignor has not previously assigned, sold, factored, or pledged the Claim to any third party, in whole or in part; that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind; and that the Claim is not subject to any right or claim of set-off, reduction, recoupment, avoidance, disallowance, subordination, preference, or any other defense of any kind that has been or may be asserted by Debtor or any other party to reduce the amount of the Claim or to impair its value.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor, or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that Assignor has independently and without reliance on Assignee, based on such information as Assignor has deemed appropriate (including information available from the Court in the Proceedings), made its own analysis and decision to enter into this Assignment. Assignor also represents that, with respect to the Debtor or its affiliates, Assignor is not an "insider" (as defined in §101(31) of the Bankruptcy Code) or a member of any official or unofficial creditors' committee.

## 3. Additional Agreements

Upon Assignee's request, Assignor will make to Assignee immediate, proportional restitution and repayment of the above Purchase Price to the extent that the Claim is disallowed, reduced, impaired, subordinated, or not paid when other pari passu claims against Debtor are paid, for any reason whatsoever, in whole or in part. Assignor further agrees to reimburse Assignee for all costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of (i) the Claim's disallowance, reduction, impairment, subordination, or non-payment, (ii) Assignor's objection to the transfer of the Claim, or (iii) Assignor's breach of its representations or nonperformance of its obligations hereunder. In the event an order is not entered approving the transfer of the Claim by the Court within 120 days of the date Assignee files notice of such transfer, Assignor agrees to immediately repay, upon the demand of Assignee, the Purchase Price. Any repayment or reimbursement under this Section 3 shall be made together with interest at the rate of ten percent (10%) per annum on the amount repaid or reimbursed for the period from the date of this Assignment through the date such repayment or reimbursement is due, and if such repayment or reimbursement is not made when due, it shall further accrue penalty interest on the total amount due at the rate of eighteen percent (18%) per annum until paid in full. In the event the Claim is ultimately allowed in an amount in excess of the Claim Amount, Assignee will be deemed rightful owner to the full amount of the Claim in its entirety and shall have all rights thereto. **IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR ASSIGNS OR PLEDGES THIS CLAIM TO ANY**

1

THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE, UPON DEMAND OF ASSIGNEE, LIQUIDATION DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN.

### 4. Authority and Claim Enforcement

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise, and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor will in good faith take all actions necessary or appropriate, at its own expense, to (i) have the Claim allowed in the Proceeding in an amount not less than the Claim Amount, and (ii) effect the assignment of the Claim and any payments or distributions thereon to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions, and consents. Without limiting the generality of the foregoing, Assignor acknowledges and agrees that Assignee may endorse any checks which are made payable to the Assignor pursuant to claims purchased by the Assignee, and that Assignee will further be permitted to deposit any such checks so endorsed by the Assignee into the account of the Assignee.

### 5. Notices, Actions, and Distributions

Assignor agrees to promptly forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein, to vote the Claim assigned herein, and to take such action with respect to the Claim in the Proceedings as Assignee may from time to time request (including assisting Assignee in documenting and proving the Claim). Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instruments, or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, deliver to Assignee within five business days any such property in the same form received, together with any endorsement or documents necessary to transfer such property to Assignee.

### 6. Nonreliance

Each of Assignee and Assignor represents and warrants to the other that (i) it is a sophisticated buyer or seller (as the case may be) with respect to the Claim, (ii) it has, or has access to, such information as it deems appropriate under the circumstances concerning, among other things, the Debtor's(s') business and financial condition to make an informed decision regarding the transfer of the Claim, and (iii) it has independently and without reliance on the other party, and based on such information as it has deemed appropriate, made its own analysis and decision to enter into the transfer of the Claim. Each of Assignee and Assignor acknowledges that the other has not given it any investment advice or opinion on whether the transfer of the Claim is prudent. Assignee has not relied, and will not rely, on Assignor to furnish or make available any documents or other information regarding the credit, affairs, financial condition, or business of the Debtor(s), or any other matter concerning the Debtor(s). Assignor has not relied, and will not rely, on Assignee to furnish or make available any documents or other information regarding the credit, affairs, financial condition, or business of the Debtor(s), or any other matter concerning the Debtor(s). Each of Assignee and Assignor acknowledges that (i) the other party currently may have, and later may come into possession of, information regarding the Debtor(s) that is not known to it and that may be material to a decision to enter into the transfer of the Claim ("Excluded Information"), (ii) it has determined to enter into the transfer of the Claim notwithstanding its lack of knowledge of the Excluded Information, and (iii) the other party shall have no liability to it, and it hereby to the extent permitted by law waives and releases any claims it may have against the other party, with respect to the nondisclosure of the Excluded Information; provided, however, that the Excluded Information shall not and does not affect the truth or accuracy of the representations or warranties of such party in the Representations and Warranties section of this Assignment of Claim.

### 7. Survival and Transferability

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee, and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time reassign the Claim together with all right, title, and interest of Assignee in and to this Assignment. All representations, warranties, covenants, indemnities, and agreements made herein shall survive the execution and delivery of this Assignment and any such reassignment.

### 8. Governing Law, Jurisdiction, and Miscellaneous

This Assignment constitutes the legal, valid, binding, and enforceable obligation of Assignor, and is executed by Assignor's duly authorized representative. Headings in this Assignment are for convenience only and shall have no effect on the interpretation of this Assignment. THIS ASSIGNMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE SUBSTANTIVE LAWS OF THE STATE OF NEW YORK. ANY ACTION RELATING TO THIS ASSIGNMENT MAY BE BROUGHT IN ANY STATE OR FEDERAL COURT IN NEW YORK, NEW YORK, AND ASSIGNOR CONSENTS TO AND CONFERS PERSONAL JURISDICTION OVER ASSIGNOR BY SUCH COURT(S). ASSIGNOR AGREES THAT SERVICE OF PROCESS MAY BE MADE UPON IT BY MAILING A COPY OF SAID PROCESS TO ASSIGNOR AT THE

v11

ADDRESS SET FORTH ABOVE. IN ANY ACTION HEREUNDER, ASSIGNOR WAIVES ANY RIGHT TO DEMAND A TRIAL BY JURY AND ALSO WAIVES THE DEFENSES OF IMPROPER VENUE AND FORUM NON CONVENIENS.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all the terms of this Assignment and waives its right to raise any objection thereto and its right to receive notice pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, Assignor has duly executed this Assignment on this 30 day of June , 2006.

ASSIGNOR:    CASSANDRA MCDOWELL

Signature:

Name:

Title:

Phone:    754-204-1730

v11

# EXHIBIT

# A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**AGREED ORDER OF RESOLUTION OF THE LITIGATION**
**CLAIM OF CASSANDRA MCDOWELL (CLAIM NO. 1287)**

These cases are before the Court upon the motion of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") and claimant, Cassandra McDowell (the "Claimant"), in accordance with the Order Approving Claims Resolution Procedure and Authorizing Debtors to Settle or Liquidate Certain Litigation Claims (Docket No. 3326). The Court finds that notice of the proposed Agreed Order was served on all interest parties in compliance with the Local Rule 2002-4 informing the parties of the opportunity to object within 20 days of the date of service and no party has filed an objection. The Court therefore considers the entry of the Order unopposed. Accordingly, it is

ORDERED AND ADJUDGED:

1.     Claim No. 1287 filed by Claimant is allowed as an unsecured non-priority claim in the amount of $100,000.00 against Winn-Dixie Stores, Inc. in Case No. 05-03817 to be paid in accordance with a confirmed plan(s) of reorganization in these Chapter 11 cases.

2.     This Agreed Order resolves (i) all liabilities and obligations related to Claim No. 1287 and (ii) all other claims the Claimant has or may have against the Debtors and any of their Chapter 11 estates, officers, employees, agents, successors or

00524282.DOC

assigns as of the date of this Agreed Order, all of which are forever waived, discharged and released.

3.      The Debtors do not, by this Order or the Claims Resolution Procedure, acknowledge the validity of any Litigation Claim or the existence of coverage under any Insurance Policy with respect to of any Litigation Claim, or make any admission of liability.  The Claimant, not the Debtors, will be solely responsible for payment of all medical costs or reimbursement liabilities, if any, relating to each settled claim.

4.      The Court shall retain jurisdiction to resolve any disputes arising from this Order.

Dated this __17__ day of __April__, 2006, in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

Copy to:

James H. Post

[James H. Post is directed to serve a copy of this order on the Claimant and file a proof of service.]

00524282.DOC

## Consent

The undersigned parties consent to the entry of the foregoing Agreed Order.

SMITH HULSEY & BUSEY                    DELL & SCHAEFER, P.A.

By_____          By_____
        James H. Post                          Malcolm A. Purow

Florida Bar Number 175460               2404 Hollywood Blvd.
225 Water Street, Suite 1800            Hollywood, FL  33020
Jacksonville, Florida  32202
(904) 359-7700                          Attorney for the Claimant
(904) 359-7708 (facsimile)

Attorneys for the Debtors

00524282.DOC