**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3Fl |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors. | ) | Jointly Administered |

**AEI NET LEASE INCOME & GROWTH FUND XIX LIMITED PARTNERSHIP, AEI INCOME & GROWTH FUND XXI LIMITED PARTNERSHIP, AND AEI MANAGEMENT SERVICES, INC. ON BEHALF OF L. WAYNE BATMALE AND THERESE BATMALE AS TRUSTEES OF THE L. WAYNE AND THERESE BATMALE REVOCABLE LIVING TRUST, ANN L. FREUNDSCHUCH, ROBERT F. HAJICEK AND LILLIAN E. HAJICEK, JOHN R. MARKS AND MARY JO MARKS AND PAULINE G. WORBY'S OBJECTION TO DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

Landlords AEI Net Lease Income & Growth Fund XIX Limited Partnership, AEI Income & Growth Fund XXI Limited Partnership, and AEI Management Services, Inc. on behalf of L. Wayne Batmale and Therese Batmale as Trustees of the L. Wayne and Therese Batmale Revocable Living Trust, Ann L. Freundschuch, Robert F. Hajicek and Lillian E. Hajicek, John R. Marks and Mary Jo Marks and Pauline G. Worby (collectively, "AEI") hereby object to the Debtor's motion, as it pertains to Store No. 481, as follows:

**BACKGROUND**

1. AEI is the lessor of certain real property located at 3621 US 231 North, Panama City, Florida (the "Leased Premises") leased by Winn-Dixie Montgomery, Inc. ("Winn-Dixie Montgomery") pursuant to the Lease dated April 13, 1996 and certain related documentation including a Guaranty dated May 10, 1996 by Winn-Dixie Stores, Inc. and Assignment and Assumption of Lease dated September 19, 2003 (the "Lease"). A copy of the Lease is attached

to this Objection as Exhibit 1. A copy of the Guaranty is attached to this Objection as Exhibit 2. A copy of the Assignment and Assumption of Lease is attached to this Objection as Exhibit 3.

2. The Lease provides that Winn-Dixie Montgomery "shall be responsible for all Landlord's costs of collection (including attorneys' fees)." Lease at ¶ 17.

3. The Lease further provides that Winn-Dixie Montgomery shall promptly pay and indemnify AEI from any charge that may become a lien or other claim against the Leased Premises or AEI. Lease at ¶ 33.

4. In approximately the Fall of 2004, Winn-Dixie Montgomery, Inc. undertook to expand the Leased Premises in order to operate a liquor store.

5. As part of that expansion, AEI understands that Winn-Dixie Montgomery, Inc. entered into various construction and supply contracts (the "Contracts") with a number of contractors and suppliers including, but not limited to, Williams & Roe Construction; Peaden Mechanical, Inc.; Industrial Steel Fabricators, Inc.; Chatam Steel Corporation and GulfEagle Supply (collectively, the "Contractors").

6. On or about September 28, 2004, October 10, 2004 and October 27, 2004, Winn-Dixie Stores, Inc. filed a Notice of Commencement with the Deputy Clerk for Bay County, Florida. Each Notice of Commencement provided notice that improvements were to be made to the Leased Premises and identified Williams & Roe Construction as the contractor.

7. Thereafter, AEI received a series of Notice to Owner informing it of the potential for liens relating to non-payment of any work or materials relating to the construction on the Leased Premises from the Contractors.

8. Winn-Dixie Montgomery failed to pay $6,032.18 in real estate taxes due and owing from January 1, 2005 through February 20, 2005 under the Lease.

9. On February 21, 2005, the Debtors filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the Unites States Code.

10. On June 30, 2006, Debtors filed Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Assumption Motion"). Under the Assumption Motion, Debtors seek authority to assume the "lease" with AEI and lists a cure of $6,032.18.

11. As a result of the filing of Debtors' bankruptcy cases, AEI has incurred $19,249.33 in reasonable attorneys' fees through July 26, 2006 relating to, among other things, preparing proofs of claim, investigating and attempting to resolve the issues raised in this Objection, and monitoring the bankruptcy cases.

## OBJECTIONS

12. AEI objects not to the assumption of the Lease but, rather, to the proposed cure. Debtors assert that the cure is $6,032.18. AEI agrees that this amount comprises part of the cure, but disputes that it is limited to that amount.

13. It is settled law that a landlord is entitled to recover as a cure its attorneys' fees and other costs if the lease provides for such a recovery. In re Crown Books Corporation, 269 B.R. 12, 15 (Bankr. D. Del. 2001) ("Although attorneys fees are not independently recoverable under the Bankruptcy Code, section 365(b)(1)(B) allows for such recovery if based upon the existence of a separate agreement between the parties.") (quoting In re Child World, Inc., 161 B.R. 349, 353 (Bankr. S.D.N.Y. 1993)); In re Hillsborough Holdings Corp., 126 B.R. 895, 897 (Bankr. M.D. Fla. 1991) ("This Court is inclined to follow this line of cases, which is in keeping with the American Rule, which requires each party to bear the cost of his own litigation, absent a specified contractual provision to the contrary."). Here, the Lease expressly provides

for AEI's recovery of "costs of collection (including attorneys' fees)." Lease at ¶ 17. Further, unlike the contract at issue in In re Woodham, 174 B.R. 346, 349 (Bankr. M.D. Fla. 1994), the provisions in the Lease including that which provides for the recovery of attorneys' fees was heavily negotiated by two sophisticated parties. Accordingly, AEI is entitled to the payment of its attorneys' fees, which total $19,249.33, as a cure.

14.   Moreover, AEI may have a contingent cure claim relating to improvements made or in the process of being made to the Leased Premises. AEI has previously requested that Debtors provide it assurance that their obligations to the Contractors have been satisfied through lien waivers or other similar documentation, and/or assurance that all the Contracts with the Contractors have been or will be assumed. The Debtors have not provided AEI with any such assurances. Unless and until AEI is provided with these or similar assurances, it possesses a claim for any and all liens or claims that may be filed or otherwise recoverable against or from the Leased Premises or AEI. Because Debtors are moving to assume the Lease under which this claim arises, Debtors are obligated to cure that claim.

15.   Finally, Debtors have moved to assume the "leases" corresponding to the location of the leased premises identified on Exhibit A to the Assumption Motion. Debtors, however, have failed to identify with any specificity the documents that they contend comprise the "leases" with the landlords including AEI. To the extent that Debtors assert that certain documents including the Guaranty are not part and parcel of the "lease" and the subject of the Assumption Motion, AEI objects. The Lease (as defined above) including the Guaranty are part of a single integrated contract that must be assumed or rejected in its entirety. In re Café Partners/Washington 1983 LP, 90 B.R. 1, 8 (Bankr. D. Col. 1988) (holding lease and loan are part of integrated contract that must be assumed or rejected in its entirety). In fact, certain

provisions of the Lease dated April 13, 1996 are conditioned upon Winn-Dixie Stores, Inc.'s Guaranty. <u>See, e.g.</u>, Lease at ¶ 11 ("So Long as Tenant's guarantor, Winn-Dixie Stores, Inc., maintains a net worth in excess of $100,000,000.00, Tenant shall be permitted to self-insure against the risk insured against by such comprehensive general liability insurance covering claims or losses occurring within the leased premises.").

## **CERTIFICATE OF SERVICE**

I CERTIFY that a copy has been furnished either by electronic or standard first class mail on July 28, 2006, to: Winn-Dixie Stores, Inc, Debtor, 5050 Edgewood Court, Jacksonville, FL 32254-3699; D. J. Baker, Esquire, Sally Mc Donald Henry, Esquire, and Rosalie Walker Gray, Esquire of Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036; Stephen D. Busey, Esquire, Cynthia C .Jackson, Esquire, James H. Post, Esquire, of Smith, Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, FL 32201; Dennis F. Dunne, Esquire, 1 Chase Manhattan Plaza, New York, NY 10005; John B Macdonald, Esquire, Patrick P. Patangan, Esquire, 50 N. Laura Street, Suite 2500, Jacksonville, FL 32202; counsel for the Debtor's post-petition secured lenders; counsel for the Creditors' Committee; and the other parties in interest named on the Master Service List maintained in these cases

Dated: July 28, 2006

| | |
|---|---|
| /s/ Wayne M. Singletary | /s/ John M. Koneck |
| _____ | _____ |
| Wayne M. Singletary | John M. Koneck (MN #57472) |
| Florida Bar # 144109 | Ryan T. Murphy (MN #311972) |
| SCHUYLER·STEWART·SMITH | FREDRIKSON & BYRON, P.A. |
| 118 W. Adams St. #800 | 200 South Sixth Street, Suite 4000 |
| Jacksonville, FL 32202 | Minneapolis, MN  55402-1425 |
| Phone:   (904) 353-5884 | Telephone:  (612) 492-7000 |
| Toll Free: (866) 353-5884 | Facsimile:  (612) 492-7077 |
| Fax:      (904) 353-5994 | |
| | ATTORNEYS FOR AEI |
| C0-COUNSEL FOR AEI | |

#4060910/1 – 49583.0003