# EXHIBIT 2

## ASSIGNMENT AND ASSUMPTION OF LEASE

This Assignment and Assumption of Lease, dated as of September 19th, 2003, is made between Transmitter Crossing, LLC, an Alabama Limited Liability Company ("Assignor") and AEI Net Lease Income & Growth Fund XIX Limited Partnership, as a tenant in common, as to a thirty seven percent (37%) interest, AEI Income & Growth Fund XXI Limited Partnership, as a tenant in common, as to a thirty seven percent (37%) interest and AEI Income & Growth Fund 24, LLC, as a tenant in common, as to a twenty six percent (26%) interest (collectively, "Assignee").

WHEREAS, Assignor is the Landlord by assignment and Winn-Dixie Montgomery, Inc. is the Tenant under that certain Lease dated April 13, 1996, as same has been amended and supplemented from time to time (collectively, the "Lease"), with respect to certain premises demised thereby (the "Premises");

WHEREAS, Assignee is purchasing the real property containing the Premises from Assignor pursuant to a Real Estate Purchase Agreement between Assignor and United Realty Company, LLC, dated June 5, 2003 (the "Agreement"); and

WHEREAS, Assignor wishes to assign the Lease to Assignee, and Assignee wishes to assume same.

NOW, THEREFORE, in consideration of the premises and the mutual promises herein contained and contained in the Agreement, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. <u>Assignment of Lease</u>. Assignor hereby assigns, transfers, conveys and delivers to Assignee all of its right, title and interest in and to the Lease and the Guaranty of May 10, 1996 by Winn-Dixie Stores, Inc.

2. <u>The Lease</u>. Assignor hereby agrees and warrants as follows: (i) a true and correct originals of the Lease and Guaranty have been delivered by Assignor to Assignee; (ii) the Lease constitutes the sole agreement between Assignor and the Tenant (defined below) with respect to the premises therein described; (iii) the Lease and Guaranty are unmodified and in full force and effect in accordance with their terms; and (iv) Assignor has not given, made or received, any notice of default or claim under or with respect to the Lease.

3. <u>Assumption of Lease by Assignee</u>. Assignee hereby accepts the foregoing assignment and assumes and agrees to perform all obligations, covenants and provisions accruing or arising or required from and after the date hereof with respect to the Lease.

4. **Indemnity from Assignor.** Assignor shall indemnify and hold harmless Assignee from all claims, causes of action, costs, losses, damages and attorney's fees arising out of or incurred in connection with the Lease, if any, prior to the Effective Date of this Agreement.

5. **Indemnity from Assignee.** Assignee shall indemnify and hold harmless Assignor from all claims, causes of action, costs, losses, damages and attorney's fees arising out of or incurred in connection with the Lease from and after the Effective Date of this Agreement.

6. **Counterparts.** This document may be executed in one or more counterparts, each of which shall be deemed to be an original and all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, this Assignment and Assumption of Lease has been executed by the parties, or by the duly authorized officer of the parties, as of the date first written above.

                                          **Transmitter Crossing, LLC,**
                                          **Assignor**

                                          By: **West Point Properties, Inc.**

                                          By: _____
                                                Robert E. McDade, Jr., as its
                                                President

STATE OF MISSISSIPPI
COUNTY OF LEE

Personally appeared before me, the undersigned authority in and for the said county and state, on this _19th_ day of September, 2003, within my jurisdiction, the within named Robert E. McDade, Jr., who acknowledged that he is President of West Point Properties, Inc., the sole member of Transmitter Crossing LLC, an Alabama limited liability company, and that for and on behalf of the said limited liability company, and as its act and deed, he executed the above and foregoing instrument, after first having been duly authorized by said limited liability company so to do.

                                                _____
                                                Notary Public

My Commission Expires:
_June 3, 2007_
(SEAL)

AEI Net Lease Income & Growth
Fund XIX Limited Partnership,
Assignee

By: AEI Fund Management XIX, Inc.

By: _____
     Robert P. Johnson, President

STATE OF MINNESOTA   )
                                 )SS.
COUNTY OF RAMSEY    )

     BEFORE ME, the undersigned Notary Public, duly commissioned and qualified within and for the State and County aforesaid,

     Personally came and appeared, Robert P. Johnson, that he is the President of AEI Fund Management XIX, Inc., corporate general partner of AEI Net Lease Income & Growth Fund XIX Limited Partnership, and that as such officer and on behalf of and in the name of such corporation, on September 18, 2003, he signed and executed the above and foregoing instrument, and said appearer acknowledged said instrument to be the free act and deed of said corporation, for the purposes and considerations therein expressed.

     IN WITNESS WHEREOF, this instrument is executed in the presence of the undersigned witnesses and me, a Notary Public, on this 18 day of September, 2003.

_____
Notary Public

MICHAEL B. DAUGHERTY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN 31, 2005

AEI Income & Growth Fund XXI
Limited Partnership, Assignee

By: AEI Fund Management XXI, Inc.

By: _____
    Robert P. Johnson, President

STATE OF MINNESOTA  )
                               )SS.
COUNTY OF RAMSEY   )

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified within and for the State and County aforesaid;

Personally came and appeared, Robert P. Johnson, that he is the President of AEI Fund Management XXI, Inc., corporate general partner of AEI Income & Growth Fund XXI Limited Partnership, and that as such officer and on behalf of and in the name of such corporation, on September 18, 2003 he signed and executed the above and foregoing instrument, and said appearer acknowledged said instrument to be the free act and deed of said corporation, for the purposes and considerations therein expressed.

IN WITNESS WHEREOF, this instrument is executed in the presence of the undersigned witnesses and me, a Notary Public, on this 18 day of September, 2003.

_____
Notary Public

AEI Income & Growth Fund 24
LLC, Assignee

By: AEI Fund Management XXI, Inc.

By: _____
Robert P. Johnson, President

STATE OF MINNESOTA )
                           )SS.
COUNTY OF RAMSEY )

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified within and for the State and County aforesaid,

Personally came and appeared, Robert P. Johnson, that he is the President of AEI Fund Management XXI, Inc., corporate managing member of AEI Income & Growth Fund 24 LLC, and that as such officer and on behalf of and in the name of such corporation, on September 18, 2003, he signed and executed the above and foregoing instrument, and said appearer acknowledged said instrument to be the free act and deed of said corporation, for the purposes and considerations therein expressed.

IN WITNESS WHEREOF, this instrument is executed in the presence of the undersigned witnesses and me, a Notary Public, on this 18 day of September, 2003.

_____
Notary Public

MICHAEL B. DAUGHERTY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES

Issuing Office File No.: **34632-T**

PARCEL I:

A parcel of land located within Lots 24, 25 and 40 of The St. Andrew's Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, Bay County, Florida, recorded in Plat Book 6, Page 16, more particularly described as follows:

Commence at the Northeast corner of Lot 24 of the St. Andrews Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, Bay County, Florida; thence run North 90°00' East, 247.51 feet; thence South 38°58' East, 334.41 feet to the Northwesterly right-of-way of U.S. Highway No. 231; thence South 52°26' West along said Right of Way, a distance of 630.46 feet; thence North 89°28'24" West, 88.73 feet to the Point of Beginning; thence South 28°45'40" East, 56.95 feet to the Northwesterly right-of-way of U.S. Highway No. 231; thence South 52°26' West, 515.96 feet along said right-of-way line; thence North 30°20'25" West, 165.45 feet; thence North 86°31'17" West, 86.29 feet to the Easterly right-of-way of Transmitter Road; thence North 3°23'32" East, 238.82 feet along said right-of-way; thence South 86°35'29" East, 27.90 feet; thence North 3°32'45" East 289.68 feet along said Transmitter Road right-of-way to the Southerly right-of-way of 37th Plaza; thence South 88°24'35" East, 510.94 feet along said Southerly right-of-way to the Northwest corner of the property described in Deed to Richardson Cabinet Supply, Inc., recorded in O.R. Book 1430, Page 984, Bay County Records; thence South 3°45'06" West, 295.84 feet and along the West line of said Richardson Cabinet Supply, Inc. property to the Point of Beginning.

PARCEL II:

Non-exclusive temporary construction easement, non-exclusive encroachment easement, non-exclusive easements for ingress, egress, utilities and parking as disclosed in the Covenant and Easement Agreement between Bauman Chiropractic Clinic, P.A., and Transmitter Crossing, L.L.C., dated May 15, 1996, recorded May 28, 1996 in O.R. Book 1635, Page 1789, Bay County Records over the lands described as follows:

A parcel of land located within Lot 40 of the St. Andrew's Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, Bay County, Florida more particularly described as follows:

Commence at the Northeast corner of Lot 24 of the St. Andrews Bay Development Company's Plat of Section 24, Township 3 South, Range 14 West, Bay County, Florida; thence run North 90°00' East, 247.51 feet; thence South 38°58' East, 334.41 feet to the Northwesterly right-of-way of U.S. Highway No. 231; thence South 52°26' West along said right of way, a distance of 630.46 feet; thence North 89°28'24" West, 88.73 feet; thence South 28°45'40" East, 56.95 feet to the Northwesterly right-of-way of U.S. Highway No. 231; thence South 52°26' West, 515.96 feet to the Point of Beginning along said right-of-way line; thence continue South 52°26' West, 19.73 feet along said right-of-way line; thence North 30°20'25" West, 151.61 feet; thence North 86°31'06" West, 79.07 feet to the Easterly right of way of Transmitter Road; thence North 3°23'32" East, 24.45 feet along said right of way; thence South 86°31'17" East, 86.29 feet; thence South 30°20'25" East, 165.45 feet to the Point of Beginning.