# EXHIBIT A – PART 1

## TO

## OBJECTION BY CASTO INVESTMENTS COMPANY, LTD., TO PROPOSED CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

#236

## FIFTH AMENDMENT TO LEASE

THIS FIFTH AMENDMENT TO LEASE, made this _____ day of _____, 1993, between CASTO INVESTMENTS COMPANY, LTD., a Florida limited partnership, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation (hereinafter called "Tenant"), which terms "Landlord" and "Tenant" shall include, wherever the context admits or requires, singular or plural, and the heirs, legal representatives, successors and assigns of the respective parties;

W I T N E S S E T H :

WHEREAS, by Lease dated November 20, 1967, Casto Development Corporation, a Florida corporation, as landlord, did lease and demise unto Tenant those certain premises, therein more particularly described, located in a shopping center development known as "Southland Shopping Center", situated on the north side of State Road #84, between S.W. 9th Avenue and S.W. 12th Avenue, in the City of Ft. Lauderdale, County of Broward, and State of Florida, for an initial term of twenty (20) years and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of said lease being recorded in Official Records Book 3586, page 499 of the Public Records of Broward County, Florida; and

WHEREAS, said the said Lease was supplemented by Supplemental Lease Agreement dated March 3, 1969 which established the twenty (20) year initial lease term commencement date as February 16, 1969 with expiration on February 15, 1989; and

WHEREAS, said Lease was amended by Second Amendment to Lease dated June 29, 1977 and Third Amendment to Lease dated January 4, 1978; and

APPROVED AS TO FORM
Division Manager
Legal Dept.
Winn-Dixie Stores, Inc.

This Instrument was prepared by Charles P. Casto, Jr., Attorney-at-Law whose address is P. O. Box B, Jacksonville, Florida 32203

2. The rental adjustments provided in Article 8(d) of the Fourth Amendment to Lease, as well as all the other modifications to the Lease described in the said Fourth Amendment to Lease, are hereby established also to take effect as of April 1, 1993.

3. It is mutually understood and agreed that the said Lease, as previously amended, shall be and remain in full force and effect and unmodified except as the same is specifically modified and amended hereby. All covenants, terms, obligations and conditions of the said Lease which are not modified or amended by this Fifth Amendment to Lease, are hereby ratified and confirmed.

IN WITNESS WHEREOF, the parties hereto have caused this instrument to be executed the day and year first above written.

Signed, sealed and delivered
in the presence of:

Printed Name: Nina Parreno

Printed Name: Cathy Green
As to Landlord

Printed Name: _____

Printed Name: _____

CASTO INVESTMENTS COMPANY, LTD., a Florida limited partnership

By _____
James D. Casto, Its Duly authorized general partner
Address: 2500 N. Federal Highway Suite 300, Ft. Lauderdale, FL 33305

LANDLORD

WINN-DIXIE STORES, INC.

By _____
    Its                President
Printed Name: _____
Address: P. O. Box B
Jacksonville, FL 32203-0297

Attest _____
    Its                Secretary
Printed Name: _____
Address: P. O. Box B
Jacksonville, FL 32203-0297

(CORPORATE SEAL)

TENANT

- 3 -

FOURTH AMENDMENT TO LEASE

THIS FOURTH AMENDMENT TO LEASE, made this _6 7th_ day of _May_, 199_6_, between CASTO INVESTMENTS COMPANY, LTD., a Florida limited partnership, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation, (hereinafter called "Tenant"), which terms "Landlord" and "Tenant" shall include, wherever the context admits or requires, singular or plural, and the heirs, legal representatives, successors and assigns of the respective parties;

W I T N E S S E T H :

WHEREAS, by Lease dated November 20, 1967, Casto Development Corporation, a Florida corporation, as landlord, did lease and demise unto Tenant those certain premises, therein more particularly described, located in a shopping center development known as "Southland Shopping Center", situated on the north side of State Road #84, between S.W. 9th Avenue and S.W. 12th Avenue, in the City of Ft. Lauderdale, County of Broward, and State of Florida, for an initial term of twenty (20) years and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of said lease being recorded in Official Records Book 3586, Page 499 of the Public Records of Broward County, Florida; and

WHEREAS, said the Lease was supplemented by Supplemental Lease Agreement dated March 3, 1969 which established the twenty (20) year initial lease term commencement date as February 16, 1969 with expiration on February 15, 1989; and

WHEREAS, said lease was amended by Second Amendment to Lease dated June 29, 1977 and Third Amendment to Lease dated January 4, 1978; and



WHEREAS, the interest of Landlord in said Lease vested in Landlord herein by virtue of assignment dated April 16, 1985; and

WHEREAS, the term of said Lease was extended by Tenant's Renewal Option Exercise Notice dated September 21, 1988 with the result that the current term of said Lease is now fixed to expire at midnight on February 15, 1994; and

WHEREAS, the parties hereto have agreed to an enlargement of Tenant's present demised store building, in consequence of which the parties desire to make certain further amendments to the Lease, as previously amended, as hereinafter set forth;

NOW THEREFORE, in consideration of the premises and the sum of Ten and No/100 Dollars ($10.00) and other good and valuable considerations in hand paid by Tenant to Landlord, the receipt and sufficiency of which are hereby acknowledged, it is mutually agreed as follows:

1. With the consent and approval of Landlord hereby evidenced, Tenant covenants and agrees to proceed at its own cost and expense and with due diligence to erect or cause to be erected a permanent addition measuring 60 feet in width by 142 feet in depth on the easterly side of Tenant's existing store building, together with a front vestibule measuring approximately 81 feet in width by 9 feet in depth, for a total of approximately 31,129 square feet, (the addition and vestibule both shown on Exhibit "A" hereto) and such other renovations and alterations of the existing building as necessary to make the entire enlarged building suitable for use by Tenant in the conduct of its business. The building addition and related improvements shall be of like structural and architectural quality as the existing building for Tenant and all work shall be performed in a good and workmanlike manner and in conformity with plans and specifications therefor to be prepared by Tenant, which plans and specifications will meet all local, state and federal codes. The plans and specifications shall be approved by both parties hereto (by initialing the same) within ninety (90) days after Tenant has

delivered the plans and specifications to Landlord. Should Landlord not indicate its approval to the plans and specifications within such 90-day period, it will be presumed that such plans and specifications have been approved by Landlord and construction may proceed accordingly.

2. In order to permit such expansion, it is understood that Tenant will utilize area presently occupied by other tenants adjoining the easterly side of Tenant's existing building. Landlord agrees to secure the removal of the tenants therefrom and turn over possession of such store space to Tenant herein no later than July 15, 1991. Landlord will guarantee to Tenant herein that prior to Tenant's commencing of construction of the addition herein contemplated, such adjacent store space will be free of lease. Should Landlord not secure the removal of the local tenants from such store space by said date, Tenant herein may, at its sole option, cancel and terminate this Fourth Amendment to Lease, whereby the said Lease, as previously amended, shall continue in full force and effect as if this Amendment had not been executed. At such time as Landlord turns over possession of such store space to Tenant, Tenant will forthwith reimburse Landlord in the sum of Thirty Thousand and No/100 Dollars ($30,000.00) to compensate Landlord for the expenses Landlord will incur in relocating the other tenants from Tenant's expansion area.

3. Tenant shall let the contract for the construction of the addition to its building and it is understood that the undertaking to construct the building addition as contemplated herein is predicated upon the construction costs thereof, as defined herein, not exceeding an outside limit of $803,000.00, it being agreed that said construction costs shall be established by bids obtained by Tenant from at least three (3) reputable contractors. In the event the lowest of said construction cost bids shall exceed the outside limit, Tenant, at its sole option, shall have the election of either: (a) revising the plans and specifications in an effort to bring the lowest acceptable

construction bid under the outside limit, or (b) agreeing to pay the excess of such costs over the stipulated outside limit and to proceed with the contemplated construction work, or (c) declaring this Fourth Amendment to Lease null and void by giving notice thereof to Landlord, and thereupon both parties shall be relieved from all further liability hereunder and the said Lease, as previously amended, shall continue in full force and effect as if this amendment had not been executed.

4. For the purposes hereof, the term "construction cost" shall be defined to include the entire cost of construction of the building addition, to include the removal of the existing wall between the present demised store premises of Tenant and the addition area, conversion of the adjacent vacant floor space into Tenant's addition and construction of new building area at the rear of such adjacent vacant store space and the expense of the remodeling and alteration of Tenant's existing store building. There shall be expressly excluded from the term "construction cost" the expense of any and all of Tenant's fixtures and equipment.

5. Simultaneously with Tenant's construction of the building addition herein described, Landlord shall, at its sole cost and expense, ~~make renovations to the shopping center,~~ reseal and restripe the shopping center parking area and undertake such landscape work as required by local governmental authorities in connection with ~~Landlord's~~ Tenant's obtaining a permit for such ~~renovation~~ expansion work.

6. In connection with the construction work to be performed by Tenant, Tenant shall indemnify Landlord and save it harmless from and against: all mechanics', materialmen's, sub-contractors' and similar liens; all claims and suits for damage to persons or property from defects in material or from the use of unskilled labor; or from any negligence caused by Tenant, Tenant's contractors, sub-contractors or by any of their employees, agents or servants during the progress of the work in constructing the improvements or from any faulty construction thereof. In similar

- 4 -

fashion, in connection with the construction work to be performed by Landlord, Landlord shall indemnify Tenant and save it harmless from and against: all mechanics', materialmen's, sub-contractors' and similar liens; all claims and suits for damage to persons or property from defects in material or from the use of unskilled labor; or from any negligence caused by Landlord, Landlord's contractors, sub-contractors or by any of their employees, agents or servants during the progress of the work in constructing the improvements or from any faulty construction thereof.

(a) Tenant shall be obligated to begin construction of its addition within thirty (30) days after it obtains a permit for such construction, thereafter to diligent pursue the prosecution of such construction work and to complete construction no later than twelve (12) months after the commencement thereof.

(b) Tenant shall be obligated to pursue/such construction in a reasonable and orderly fashion so as to cause the least amount of nuisance or interference to Landlord, Landlord's other tenants in the shopping center and the tenants' business invitees.

7. By virtue of substituting a new plot plan attachment to the Lease, for the purpose of graphically showing the contemplated enlargement of Tenant's store building and the increased dimensions thereof, the said Lease is further amended by deleting from the first page thereof the reference to "plot plan prepared by Fellman DiSilvestro Associates, Engineers & Architects, Miami, Florida, dated June 5, 1967, last revised October 3, 1967" and by substituting in lieu thereof the words "plot plan entitled "Interior Remodel and Addition, 941 S.W. 24th Street, Ft. Lauderdale, FL", prepared by Winn-Dixie Stores, Inc. Store Design Department, project no. ID-900-603". The later plot plan is attached hereto as Exhibit "A" and by this reference made a part hereof. Henceforth, whereinsoever in said Lease reference is made to Exhibit "A" or to the shopping center plot plan, the same should be construed to apply to the plot plan attached hereto as Exhibit "A".

8. Upon completion of the building addition for Tenant the following further modifications to the Lease, as previously amended, shall become effective:

(a) The addition to Tenant's building, together with all related improvements thereto which are contemplated herein, shall be and become a part of the demised premises, and whereinsoever in said Lease, as amended, reference is made to the demised premises, the same shall be construed to apply to the enlarged building and the land on which the same shall stand.

(b) The initial term of said Lease shall be extended for a period of fifteen (15) years from the date of such completion upon the same terms and conditions as contained in the original Lease, as previously amended, and as further amended herein, and at the revised rentals hereinafter required. The parties hereto agree to execute a further supplement to the Lease for the purpose of fixing the commencement and expiration dates of the extended term of the Lease when determined as herein provided.

(c) It is agreed that the four (4) remaining five (5) year renewal options granted Tenant under Article 27 appearing on page 12 of the Lease are hereby cancelled and in lieu thereof, it is agreed that Tenant, at its option, shall be entitled to the privilege of three (3) successive renewal options of the Lease term, each such renewal option to be for a period of five (5) years, and the same shall follow, if exercised, upon the expiration of the fifteen (15) year extended Lease term herein provided and upon the same terms and conditions as contained in the Lease, as amended, and as further amended herein, and at the rentals hereinafter provided in this Fourth Amendment to Lease. The option extensions shall be exercised in the same manner as provided in Article 27 on page 12 of the original Lease.

(d) Instead of the rentals currently being paid under the Lease, for the duration of the fifteen (15) year extended Lease term herein provided, Tenant agrees to pay to Landlord as minimum guaranteed rental for the enlarged demised premises the sum of

One Hundred Fifty-Five Thousand Six Hundred Forty-Five and No/100 Dollars ($155,645.00) per year. Such annual minimum guaranteed rental shall be paid in twelve (12) equal monthly installments of Twelve Thousand Nine Hundred Seventy and 42/100 Dollars (12,970.42) per month, which installments shall be due and payable in advance on the first day of each and every calendar month of the fifteen (15) year extended lease term.

For the duration of the first five (5) year renewal option period, if exercised, Tenant agrees to pay to Landlord as minimum guaranteed rental for the enlarged demised premises, the sum of Two Hundred Two Thousand Three Hundred Thirty-Eight and 50/100 ~~One Hundred Two Thousand Seven Hundred Seventy-Four and No/100~~ Dollars ($202,338.50) ~~Dollars ($186,774.00)~~ per year. Such annual minimum guaranteed rental shall be paid in twelve (12) equal monthly installments of Sixteen Thousand Eight Hundred Sixty-One and 54/100 Dollars ~~Fifteen Thousand Five Hundred Sixty-Four and 50/100 Dollars~~ ($16,861.54) ~~($15,564.50)~~ per month, which installments shall be due and payable in advance on the first day of each and every calendar month of such five (5) year period.

For the duration of the second five (5) year renewal option period, if exercised, Tenant agrees to pay to Landlord as minimum guaranteed rental for the enlarged demised premises, the sum of Two Hundred Thirty-Three Thousand Four Hundred Sixty-Seven and 50/100 Dollars ($233.467.50) per year. Such annual minimum guaranteed rental shall be paid in twelve (12) equal monthly installments of Nineteen Thousand Four Hundred Fifty-Five and 63/100 Dollars ($19,455.63) per month, which installments shall be due and payable in advance on the first day of each and every calendar month of such five (5) year period.

For the duration of the third five (5) year renewal option period, if exercised, Tenant agrees to pay to Landlord as minimum guaranteed rental for the enlarged demised premises, the sum of Two Hundred Sixty-Four Thousand Five Hundred Ninety-Six and 50/100 Dollars ($264,596.50) per year. Such annual minimum guaranteed rental shall be paid in twelve (12) equal monthly installments of Twenty-Two Thousand Forty-Nine Dollars and 71/100 Dollars ($22,049.71) per month, which installments shall be due