# EXHIBIT A – PART 2

## TO

## OBJECTION BY CASTO INVESTMENTS COMPANY, LTD., TO PROPOSED CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

and payable in advance on the first day of each and every calendar month of such five (5) year period.

In addition, instead of the percentage rentals currently being paid under the Lease, as amended, Tenant agrees to pay to the Landlord a percentage rental equal to one percent (1%) of Tenant's gross sales made from the demised premises in each fiscal year of Tenant ending approximately June 30 during the fifteen (15) year extended term of this Lease and any exercised renewal options thereafter in excess of the sum of Seventeen Million and No/100 Dollars ($17,000,000.00).

(e) The parties agree to execute a further supplement to the Lease for the purpose of fixing the commencement date of the new rentals for the fifteen (15) year extended Lease term herein provided. Rentals shall be calculated and paid under the present applicable rates of the original Lease, as amended, until the rentals begin to accrue under the above substituted provisions, and the rentals for any month in which a change of rate occurs shall be pro-rated between the previously effective rates and the rates effective after the date of rental adjustment.

(f) Article 34 of the said Lease and Article 3(c) of the Second Amendment to Lease, which amended Article 34 of the Lease, are both deleted and the following language substituted in lieu thereof:

> "Real Estate Taxes 34. During the fifteen (15) year extended term of this Lease and any exercise option extensions thereafter, Tenant agrees to pay to Landlord as additional rental, the amount of any increases in ad valorem real estate taxes levied against the demised premises in excess of the amount of such taxes levied thereon for calendar year 1977; provided, however, in no event shall such payment required of Tenant exceed the sum of Twenty-Three Thousand Three Hundred Forty-Six and 75/100 ($23,346.75) per year; and provided further, however, any additional rental payable hereunder by Tenant may be credited against any and all percentage rental, if any, which may become due hereunder and provided further, such credit shall be cumulative, and in the event there shall not be any percentage rentals due or the amount thereof shall be insufficient to allow the full credit, the credit shall be accumulated and may be applied in any year in which percentage rentals shall become payable or shall have previously been paid; such credit shall be made at the time percentage rentals are payable, as herein provided, and the credit for fractional years and fractional months occurring at the beginning and end of the period in which Tenant is responsible for any such tax payments shall be pro-rated on

- 8 -

the basis of the annual credit. Tenant shall be responsible only for its pro-rata portion of such taxes for fractional years occurring at the beginning and expiration of the term of this lease.

If such taxes shall not be assessed separately, but shall be included within an assessment of the demised premises and others, said assessments shall be fairly apportioned to determine Tenant's share thereof. Such apportionment shall be made in the ratio which the square footage of Tenant's store building bears to the total square footage of all store buildings (including additional floor levels) from time to time existing in the shopping center, and for which Tenant is to reimburse Landlord in part, shall be less any abatements, discounts or refunds thereon. Upon request of Tenant, Landlord agrees to exhibit to Tenant the paid tax statements as evidence of the basis upon which any increase in taxes is chargeable to Tenant and an "as built" survey of the shopping center, and such additional rental shall be payable by Tenant on demand after payment by Landlord. All taxes, other than ad valorem real estate taxes, including special assessments, improvement liens and the like shall remain the sole responsibility of the Landlord.

Tenant shall have the right from time to time to contest or protest or review by legal proceedings or in such other manner as may be provided, any such taxes, assessments or other governmental impositions aforementioned, and to institute such proceedings in the name of the Landlord as the Tenant may deem necessary; provided, however, any expense incurred by reason thereof shall be borne by the Tenant and such proceedings conducted free of all expense to the Landlord.

Notwithstanding the above, it is agreed that Tenant's obligation to make the payments herein described is expressly conditioned upon receipt from Landlord of a written statement for such ad valorem real estate tax increase contributions (as well as the other documents described herein if requested by Tenant) no later than December 31 of the calendar year following the year in which the taxes were due."

(g) Article 35 of the Lease, as amended by Article 3(d) of the said Second Amendment to Lease, are both deleted in its entirety and the following language substituted in lieu thereof:

"Common Area Maintenance 35. Landlord agrees to operate and maintain all the common areas, as herein defined, and provide therefor all such services as are reasonably required, including, but without limitation, cleaning and sweeping, lighting, policing, if necessary, general repair and maintenance of all paved surfaces, repainting of parking area striping, watering and maintenance of landscaped areas. For such services, Tenant shall pay to the Landlord in advance, the sum of Ten Thousand Eight Hundred Ninety-Five and 15/100 Dollars ($10,895.15) per annum, payable Nine Hundred Seven and 93/100 Dollars ($907.93) per month, based upon an estimated common area maintenance cost of Thirty-Five Cents ($.35) per square foot times the number of square feet in Tenant's store including the expansion space, to-wit: an aggregate of 31,129 square feet. Tenant's responsibility for payment of the maintenance cost of the Southland Shopping Center, shall be based upon the amount of Tenant's pro-rata share thereof, computed in the proportion which the square footage of Tenant's store building bears to the total square footage of all buildings (including additional floor levels) existing in the shopping center from time to time, provided, however, such amount in no

event shall exceed Ten Thousand Eight Hundred Ninety-Five and 15/100 Dollars ($10,895.15) per year. Tenant shall pay such estimated amount to Landlord in equal monthly installments, in advance. Within ninety (90) days after the end of each lease year, Landlord shall furnish to Tenant a statement showing in reasonable detail the costs and expenses incurred by Landlord for the operation and maintenance of the common areas during such lease year, and the parties shall promptly make any payment or allowance necessary to adjust Tenant's estimated payment to Tenant's actual proportionate share of common area costs as shown by such annual statement. Tenant shall have the right to audit at its own expense any such costs and expenses within six (6) months following submission of such statement. Tenant shall not reimburse Landlord for any expense not reasonably connected with the necessary maintenance and repair of the shopping center common areas. Examples of expenses for which Tenant shall not make reimbursement are rental insurance premiums and shopping center management fees and administrative costs. If the Landlord after receipt of written notice from Tenant to do so shall fail to make the repairs or perform the services described in this article, Tenant shall have the right to make such repairs or cause such services to be performed in its behalf and to deduct from the rental installments then due or thereafter to become due such sums as may be necessary to reimburse Tenant for the money expended or expense incurred therein. Should Landlord not make refund to Tenant of any excess contributions (if applicable) then Tenant may deduct the amount of such overage contributions from its estimated payments under this Article 35 of the Lease in the future.

(h) The responsibilities of the respective parties having to do with maintenance and repairs, as set forth in Articles 10 and 11 appearing on pages 6 and 7 of the Lease are amended to provide that Tenant rather than Landlord shall be responsible for the maintenance and repair of the floor surfacing and windows and plate glass. Except as herein modified, Articles 10 and 11 of the said Lease shall remain unmodified and are hereby ratified and confirmed.

9. It is mutually understood and agreed that the said Lease, as previously amended, shall be and remain in full force and effect and unmodified except as the same is specifically modified and amended hereby. All covenants, terms, obligations and conditions of the said Lease, as previously amended, which are not modified or amended by this Fourth Amendment to Lease, are hereby ratified and confirmed.

IN WITNESS WHEREOF, the parties hereto have caused this instrument to be executed the day and year first above written.

Signed, sealed and delivered
in the presence of:

|  |  |
|---|---|
| _____<br>Witness<br><br>_____ | CASTO INVESTMENTS COMPANY,<br>LTD., a Florida limited<br>partnership<br>By _____<br>James D. Casto, Its duly<br>authorized general partner<br><br>LANDLORD |
| _____<br>Witness<br><br>_____<br>As to Tenant | WINN-DIXIE STORES, INC.<br>By _____<br>Its                    President<br>Attest _____<br>Its                    Secretary<br>(CORPORATE SEAL)<br>TENANT |

STATE OF FLORIDA         )
                         )
COUNTY OF DADE           )

The foregoing instrument was acknowledged before me this _____ day of ____May_____, 1991, by ___JAMES D. CASTO, general partner___ ~~and~~ _____, ~~President and~~ ~~Secretary, respectively~~, of CASTO INVESTMENTS COMPANY, LTD., a Florida Limited Partnership, on behalf of the Partnership.

_____
Notary Public
State and County aforesaid
My commission expires: _____      (NOTARIAL SEAL)


STATE OF FLORIDA         )
                         )
COUNTY OF DUVAL          )

The foregoing instrument was acknowledged before me this _____ day of _____, 1991, by _____ and _____, _____ President and _____ Secretary, respectively, of WINN-DIXIE STORES, INC., a Florida corporation, on behalf of the corporation.

_____
Notary Public
State and County aforesaid
My commission expires: _____      (NOTARIAL SEAL)

- 12 -

CONSENT

JEFFERSON-PILOT LIFE INSURANCE COMPANY, a __North Carolina__ corporation, as the holder of a mortgage encumbering the premises described in the foregoing Fourth Amendment to Lease, and as holder of a certain collateral assignment of the Landlord's interest in the Lease therein described and the rents due thereunder, dated __June 13, 1968__, hereby consents to the foregoing Fourth Amendment to Lease and agrees that it shall not be construed as a violation of any of the terms and conditions contained in its said mortgage or said collateral assignment of rents and lease.

IN WITNESS WHEREOF, JEFFERSON-PILOT LIFE INSURANCE COMPANY, a __North Carolina__ corporation, has caused this consent to be executed in its corporate name and its corporate seal to be hereunto affixed and attested by its officers thereunto duly authorized this __21st__ day of __May__, 1991.

Signed, sealed and delivered
in the presence of:

JEFFERSON-PILOT LIFE INSURANCE COMPANY

_____
Witness

By _____
    Its    Vice    President

_____
Witness

Attest _____
    Its    Secretary
    Vice President
    (CORPORATE SEAL)

- 13 -

STATE OF ~~FLORIDA~~ North Carolina   )
                                      )
COUNTY OF  Guilford                   )

The foregoing instrument was acknowledged before me this __21st__ day of __May__, 1991, by __James R. Abernathy__ and __William M. Stephens__, __Vice__ President and Vice President ~~Secretary~~, respectively, of JEFFERSON-PILOT LIFE INSURANCE COMPANY, a __North Carolina__ corporation, on behalf of the corporation.

_____
Notary Public
State and County aforesaid
My commission expires: 9-4-95                                  (NOTARIAL SEAL)



THIRD AMENDMENT TO LEASE

THIS THIRD AMENDMENT TO LEASE, made this 4th day of January, 1978, between CASTO DEVELOPMENT CORPORATION, a Florida corporation, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation, (hereinafter called "Tenant"); which terms "Landlord" and "Tenant" shall include the successors and assigns of the respective parties;

WITNESSETH:

WHEREAS, by Lease dated November 20, 1967, Landlord did lease and demise unto Tenant those certain premises, therein more particularly described, located in a shopping center development known as Southland Shopping Center located on the North side of State Road #84, between S. W. 9th Avenue and S. W. 12th Avenue in the City of Fort Lauderdale, County of Broward and State of Florida, for an initial term of twenty (20) years commencing upon a date dependent upon the completion of certain construction, now fixed as February 16, 1969, and expiring at midnight on February 15, 1989, and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of said Lease being recorded in Official Record Book 3586, page 499 of the Public Records of Broward County, Florida; and

WHEREAS, the said Lease was amended in certain respects by Supplemental Lease Agreement dated March 3, 1969; and

WHEREAS, said Lease, as amended, was further amended by Second Amendment to Lease dated June 29, 1977 in contemplation of construction by Tenant of an addition to Tenant's building and related improvements, and such construction now having been completed, the parties hereto desire to fix the effective date of the rental adjustment and other lease modifications occasioned by such additional construction, all as more particularly contemplated in said Second Amendment to Lease;

NOW THEREFORE, in consideration of the premises and the sum of Ten Dollars ($10.00) and other good and valuable considerations, in hand paid by the Tenant to the Landlord, the receipt and

APPROVED AS TO FORM

This instrument was prepared by Francis P. Hamilton, Attorney-at-Law, whose address is 5050 Edgewood Court, Jacksonville, Florida 32205