# EXHIBIT A – PART 3

## TO

## OBJECTION BY CASTO INVESTMENTS COMPANY, LTD., TO PROPOSED CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

sufficiency of which is hereby acknowleged, it is mutually understood and agreed as follows:

1. It is hereby agreed that the contemplated rental adjustment as provided in Article 3, sub-section (b), of said Second Amendment to Lease dated June 29, 1977, shall take effect as of December 8, 1977, together with the other modifications of said Lease, as amended, also to take effect as of the same date.

2. It is mutually understood and agreed that said Lease dated November 20, 1967, as amended, shall be and remain in full force and effect and unmodified, except as the same is specifically modified and amended hereby. All terms, covenants, obligations and conditions of said Lease, as amended, not modified or amended by this Third Amendment to Lease, are hereby ratified and confirmed.

IN WITNESS WHEREOF, the Landlord and Tenant have executed this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____

_____
As to Landlord

CASTO DEVELOPMENT CORPORATION

By _____
   Its                President

Attest: _____
        Its          Secretary

LANDLORD

(CORPORATE SEAL)

_____

_____
As to Tenant

WINN-DIXIE STORES, INC.

By _____
   Its                President

Attest: _____
        Its          Secretary

TENANT

(CORPORATE SEAL)

-2-

STATE OF FLORIDA )
COUNTY OF DADE )

The foregoing instrument was acknowledged before me this January 4, 19_78_ by James J. Casto and Bernard Schwanger, _____ President and _____ Secretary, respectively, of CASTO DEVELOPMENT CORPORATION, a Florida corporation, on behalf of the corporation.

_____
Notary Public, State and County aforesaid

(NOTARIAL SEAL)

My commission expires:

NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES APRIL 3, 1978
BONDED THRU MAYNARD BONDING AGENCY

_____


STATE OF FLORIDA )
COUNTY OF DUVAL )

The foregoing instrument was acknowledged before me this January 10, 19_78_ by B.L. Thomas and J. Bryant, _____ President and _____ Secretary, respectively, of WINN-DIXIE STORES, INC., a Florida corporation, on behalf of the corporation.

_____
Notary Public, State and County aforesaid

(NOTARIAL SEAL)

My commission expires:
NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
COMMISSION EXPIRES APRIL 12, 1980

_____

SECOND AMENDMENT TO LEASE

THIS AMENDMENT, made this 29th day of June, 1977, between CASTO DEVELOPMENT CORPORATION, a Florida corporation, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation, (hereinafter called "Tenant"); which terms "Landlord" and "Tenant" shall include the successors and assigns of the respective parties;

WITNESSETH:

WHEREAS, by Lease dated November 20, 1967, Landlord did lease and demise unto Tenant those certain premises, therein more particularly described, located in a shopping center development known as Southland Shopping Center located on the North side of State Road #84, between S. W. 9th Avenue and S. W. 12th Avenue in the City of Fort Lauderdale, County of Broward and State of Florida, for an initial term of twenty (20) years commencing upon a date dependent upon the completion of certain construction, now fixed as February 16, 1969, and expiring at midnight on February 15, 1989, and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of said Lease being recorded in Official Record Book 3586, page 499 of the Public Records of Broward County, Florida; and

WHEREAS, the said Lease was amended in certain respects by Supplemental Lease Agreement dated March 3, 1969; and

WHEREAS, the parties hereto have agreed that Tenant may, at its expense, enlarge its present store building by incorporating therein an adjoining vacant storeroom on the West side of Tenant's building and may make other related renovations and alterations to the existing building, and for such purpose, the parties hereto have agreed to make certain modifications and amendments to the said Lease dated November 20, 1967, as amended, as hereinafter set forth;



This instrument was prepared by Francis P. Hamilton, Attorney-at-Law, whose address is 5050 [illegible], Florida [illegible]

NOW THEREFORE, in consideration of the premises and the sum of Ten and no/100 Dollars ($10.00) and other good and valuable considerations, in hand paid by the Tenant to the Landlord, the receipt and sufficiency of which is hereby acknowledged, it is mutually agreed as follows:

1. Subject to the Landlord delivering possession of the adjoining storeroom to Tenant free and clear of all tenancies, Tenant agrees, with the approval and consent of the Landlord hereby evidenced, at Tenant's own cost and expense, to undertake or cause to be undertaken the necessary construction work to enlarge the building now occupied by Tenant by incorporating therein the adjoining storeroom on the West side thereof, measuring approximately 20 feet in width by 100 feet in depth, and concurrently to make such other renovations, alterations and remodeling of the overall enlarged building, including removal, relocation and reinstallation of doors, walls and partitions and other renovation work to the interior and exterior of the enlarged building as are necessary to make the enlarged building suitable for use by Tenant in the conduct of its business. The new addition and the other renovations and alterations and related improvements as herein contemplated shall be constructed in accordance with plans and specifications therefor to be furnished by Tenant and which shall be approved by both parties hereto on or before two (2) weeks after the said plans and specifications are furnished by Tenant. In the event the parties shall not approve same within such period, to be evidenced by their initials thereon, this Second Amendment to Lease shall become null and void and of no further force and effect unless the parties hereto shall mutually agree in writing to extend the period for approval of said plans and specifications. All such construction work shall be performed in a good and workmanlike manner and in conformity with all applicable building codes and requirements of governmental authorities and shall be of comparable structural quality as the existing store building for Tenant. Tenant agrees to indemnify and hold the Landlord harmless from any mechanics'

-2-

materialmen's or laborers' liens or encumbrances arising out of such construction work and to cause such liens, if any, to be promptly discharged.

2. In order to permit Tenant to utilize the adjoining storeroom for the enlargement contemplated herein, Landlord agrees with due diligence within a reasonable period of time to deliver possession of the adjoining storeroom to Tenant free and clear of all tenancies and all possessory rights of any other parties, except Landlord. Effective upon the later to occur of (a) forty-five (45) days after execution of this Second Amendment to Lease by all parties, including the consent by the lender attached hereto, or (b) forty-five (45) days after Landlord has tendered possession of the adjoining storeroom to Tenant free and clear of all tenancies as above contemplated, as an additional interim rental for the use and occupancy of the additional space represented by the adjoining storeroom, Tenant agrees to pay Landlord an additional minimum guaranteed rental therefor at the rate of $10,000.00 per year, whereby when combined with the present minimum guaranteed rental of Thirty-nine Thousand Seven Hundred Sixty and no/100 Dollars ($39,760.00) per year as provided in Article 1 of said Lease, as amended, from the effective date the new minimum guaranteed rental shall be Forty-nine Thousand Seven Hundred Sixty and no/100 Dollars ($49,760.00) per year, payable in twelve (12) equal monthly installments of Four Thousand One Hundred Forty-six and 66/100 Dollars ($4,146.66), which installments shall be due and payable in advance on the first day of each and every calendar month during the interim period. For the purposes hereof, the term of the interim period shall extend from the beginning date as established above until the completion of the building addition and the related remodeling and renovation of the entire enlarged building as hereinafter provided with respect to the further modifications to the Lease, as amended. At the end of such period, the interim additional rent shall cease and the substitute rentals hereinafter provided shall be deemed to become the full rentals payable in respect of

the enlarged and renovated building. Rentals shall be calculated and paid under the present applicable rates of the original Lease, as amended, until the rentals for the interim period begin to accrue under the above provisions and the rentals for any month in which a change of rates occurs shall be prorated between the previously effective rates and the rates effective after the date of the rental adjustment. Notwithstanding the payment of the additional minimum guaranteed rental as above contemplated, there shall not be any adjustment in the computation of percentage rentals which will continue to be computed as provided in Article 1 of said Lease, as amended, in respect of the base therefor of the amount, if any, by which one percent (1%) of Tenant's gross sales exceeds Thirty-nine Thousand Seven Hundred Sixty and no/100 Dollars ($39,760.00).

3. Upon completion of the building addition, renovations and alterations as contemplated herein, and the acceptance and occupancy thereof by Tenant, the following further modifications to said Lease, as amended, shall become effective:

(a) The building addition, together with all permanent improvements and renovations herein contemplated, shall be and become a part of the demised premises, and whereinsoever in said Lease, as amended, reference is made to the demised premises, the same shall be thereafter construed to apply to the enlarged building and the land on which the same shall stand.

(b) Instead of the rentals provided in Article 1 of said Lease, as amended, and instead of the interim rentals provided in Paragraph 2 above, for the remainder of the present initial term of the Lease, as amended, now fixed to expire on February 15, 1989, and during any exercised option extensions thereafter, Tenant agrees to pay to the Landlord as minimum guaranteed rental for the enlarged and renovated demised premises the sum of Eighty Thousand and no/100 Dollars ($80,000.00) per year, payable in twelve (12) equal monthly installments of Six Thousand Six Hundred Sixty-six and 66/100 Dollars ($6,666.66), which installments shall be due and payable in advance on the first day of each and every calendar month of the remainder of the initial term, and any exercised option extensions thereafter.

-4-

In addition, Tenant agrees to pay to the Landlord a percentage rental equal to the amount, if any, by which one percent (1%) of Tenant's gross sales made from the demised premises in each fiscal year ending June 30th exceeds Eighty Thousand and no/100 Dollars ($80,000.00). The percentage rentals, if any, shall be calculated and paid in like fashion as provided in Article 1 of said Lease, as amended.

Rentals shall be calculated and paid under the adjusted rates provided in Paragraph 2 above until the rentals begin to accrue under the above substituted provisions, and the rentals for any month in which a change of rates occurs shall be prorated between the previously effective rates and the rates effective under the above substituted provisions. The parties hereto agree to execute a further supplement to the Lease, as amended, fixing the commencement date of the rental adjustment and the other modifications to the Lease, as amended, as contemplated in this Paragraph 3 of this Second Amendment to Lease.

(c) Article 34 of the original Lease dated November 20, 1967, as amended, is hereby deleted in its entirety and the following Article is substituted in lieu thereof:

> "34. To the extent hereinafter set forth, as additional rental hereunder, and during the remainder of the present initial term of the Lease, as amended, and any exercised option extensions thereafter, Tenant agrees to reimburse Landlord for Tenant's pro rata share of the increased annual ad valorem taxes levied on the shopping center (of which the demised premises are a part) resulting from the construction of the building addition and other renovations and alterations to Tenant's existing building. The initial increment of increased taxes to which Tenant is to contribute, resulting from such cause, shall be the difference between the taxes levied for the next preceding tax year and those levied for the first tax year in which the augmented value of the enlarged building, including the addition and renovations, is assessed for tax purposes. Tenant shall continue to reimburse Landlord for the amount of this first increment of increased taxes during the remainder of the present initial term of the Lease, as amended, and any exercised option extensions thereafter. As to any further increases in the ad valorem taxes which may occur in subsequent years following the base period as established for the measurement of the initial increment, and during the remainder of the present initial term of the Lease, as amended, and any exercised option extensions thereafter, Tenant likewise agrees to reimburse Landlord for 100% of Tenant's proportionate share thereof.

-5-

"Landlord agrees to evidence to Tenant the tax statements and other pertinent information reasonably required to demonstrate the amounts of the initial and subsequent increments of increased ad valorem taxes to which Tenant is to contribute hereunder, and any such payments for taxes due the Landlord from Tenant shall be payable by Tenant to Landlord annually on demand after payment of the taxes by Landlord. Any payments to be made by Tenant to Landlord hereunder shall be prorated for fractional years occurring at the expiration of the present initial term of the Lease, as amended, or any exercised option extensions thereafter.

"However, any additional rental payable hereunder by Tenant may be credited against any and all percentage rental, if any, which may become due hereunder and provided further, such credit shall be cumulative, and in the event there shall not be any percentage rentals due or the amount thereof shall be insufficient to allow the full credit, the credit shall be accumulated and may be applied in any year in which percentage rentals shall become payable or shall have previously been paid; such credit shall be made at the time percentage rentals are payable, as herein provided, and the credit for fractional years and fractional months occurring at the beginning and end of the period in which Tenant is responsible for any such tax payments shall be prorated on the basis of the annual credit.

"If such taxes shall not be assessed separately, but shall be included within an assessment of the demised premises and others, said assessments shall be fairly apportioned to determine Tenant's share thereof. Such apportionment shall be made in the ratio which the square footage of Tenant's enlarged store building bears to the total square footage of all store buildings (including additional floor levels) from time to time existing in the shopping center. The amount of taxes attributable to the shopping center, and for which Tenant is to reimburse Landlord in part, shall be less any abatements, discounts or refunds thereon. All taxes, other than ad valorem real estate taxes, including special assessments, improvement liens and the like, shall remain the sole responsibility of the Landlord.

"Tenant shall have the right from time to time to contest or protest or review by legal proceedings, or in such other manner as may be provided, any such taxes, assessments or other governmental impositions aforementioned, and to institute such proceedings in the name of the Landlord as the Tenant may deem necessary; provided, however, any expense incurred by reason thereof shall be borne by the Tenant and such proceedings conducted free of all expense to the Landlord."

Notwithstanding the substitution of the above Article regarding Tenant's contribution to prospective tax increases after the assessment of Tenant's enlarged and renovated building, the existing Article 34 of said Lease dated November 20, 1967, as amended, shall continue in effect and apply in respect of Tenant's obligation for tax contributions until such time as the new base period for measurement of tax increases is established under the above substituted Article.

-6-

(d) Article 35 of the original Lease dated November 20, 1967, as amended, is hereby amended by deleting therefrom the respective words and figures "One Thousand Nine Hundred Eighty-Eight and no/100 Dollars ($1,988.00)" and "One Hundred Sixty-five and 67/100 Dollars ($165.67)" and substituting in lieu thereof the respective figures "$2,188.00" and "$182.33".

(e) Landlord hereby grants to Tenant the option and privilege at any time during the remainder of the present initial term of the Lease, as amended, or any exercised option extensions thereafter, of further enlarging its store building by constructing an addition or extension to the rear or North of the adjoining storeroom whereby the same would be extended from the present width of 20 feet and depth of 100 feet to a width of 20 feet and an overall depth of 142 feet, thereby extending the total area of future enlargement to the full depth of Tenant's existing building. Such further expansion would be accomplished at Tenant's sole cost and expense and subject to approval of the plans and specifications therefor in similar manner as provided in this Second Amendment to Lease and the additional area would become a part of the demised premises for the remaining term of the Lease and any exercised option extensions thereafter. No additional rental would be chargeable to Tenant in respect of its utilization of the additional space but the substitute tax contribution Article set forth in sub-section (c) above would apply to any increased taxes arising from the construction of the further addition to Tenant's building and related improvements made in conjunction therewith.

4. It is mutually understood and agreed that said Lease dated November 20, 1967, as amended, shall be and remain in full force and effect and unmodified, except as the same is specifically modified and amended hereby. All covenants, terms, obligations and conditions of said Lease dated November 20, 1967, as amended, not modified or amended by this Second Amendment to Lease, are hereby ratified and confirmed.

IN WITNESS WHEREOF, the Landlord and Tenant have executed