# EXHIBIT A – PART 4

## TO

## OBJECTION BY CASTO INVESTMENTS COMPANY, LTD., TO PROPOSED CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF

this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
_____
As to Landlord

CASTO DEVELOPMENT CORPORATION
By _____
   Its       VICE      President

Attest: _____
        Its          Secretary

LANDLORD

(CORPORATE SEAL)

_____
_____
As to Tenant

WINN-DIXIE STORES, INC.
By _____
   Its              President

Attest: _____
        Its          Secretary

TENANT

(CORPORATE SEAL)

-8-

STATE OF FLORIDA    )
                    )
COUNTY OF _____   )

The foregoing instrument was acknowledged before me this _____ __, 19 77 by _____ and _____, ____ President and ____ Secretary, respectively, of  CASTO DEVELOPMENT CORPORATION _____, a  Florida  corporation, on behalf of the corporation.

(NOTARIAL SEAL)                 _____
                                Notary Public, State and County aforesaid
                                My commission expires:
                                NOTARY PUBLIC STATE OF FLORIDA at LARGE
                                MY COMMISSION EXPIRES APRIL 3, 1978
                                BONDED THRU MAYNARD BONDING AGENCY


STATE OF FLORIDA    )
                    )
COUNTY OF DUVAL     )

The foregoing instrument was acknowledged before me this July 5, 19 77 by _____ and _____, ____ President and ____ Secretary, respectively, of  WINN-DIXIE STORES, INC. _____, a  Florida  corporation, on behalf of the corporation.

(NOTARIAL SEAL)                 _____
                                Notary Public, State and County aforesaid
                                My commission expires:
                                NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
                                MY COMMISSION EXPIRES APRIL 12, 1980

CONSENT

PILOT LIFE INSURANCE COMPANY, as the holder of a mortgage encumbering the premises demised to Tenant described in the foregoing Second Amendment to Lease, and/or as the holder of a collateral assignment of the lease and rentals described in the foregoing Second Amendment to Lease, hereby consents to the execution of the Second Amendment to Lease and agrees that it shall not be construed as a violation of any of the terms and conditions contained in its mortgage and/or collateral assignment of lease.

IN WITNESS WHEREOF, PILOT LIFE INSURANCE COMPANY has caused these presents to be executed in its corporate name and its corporate seal to be hereunto affixed and attested by its officers thereunto duly authorized, this __19th__ day of __July__, 1977.

Signed, sealed and delivered
in the presence of:

PILOT LIFE INSURANCE COMPANY

By _____
    Its Senior Vice President

Attest: _____
        Its         Secretary

(CORPORATE SEAL)

FIRST AMENDMENT TO LEASE

THIS FIRST AMENDMENT TO LEASE, made this ____ day of _____, 1974, between CASTO DEVELOPMENT CORPORATION, a Florida corporation, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation, (hereinafter called "Tenant"; which terms "Landlord" and "Tenant" shall include wherever the context admits or requires, singular or plural, and the heirs, legal representatives, successors and assigns of the respective parties;

W I T N E S S E T H:

WHEREAS, by Lease dated November 20, 1967, the Landlord did lease and demise unto Tenant those certain premises, therein more particularly described, located in a shopping center located on the North side of State Road #84 between S. W. 9th Avenue and S. W. 12th Avenue, in the City of Ft. Lauderdale, County of Broward, and State of Florida, for an initial term of twenty (20) years commencing upon a date dependent upon the completion of certain construction, and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of said Lease being recorded in OR Book 3586   Page 499   , of the Public Records of Broward County, Florida; and

WHEREAS, said Lease was amended in certain respects by a Supplemental Lease Agreement dated March 3, 1969; and

WHEREAS, the parties have agreed to further amend certain provisions of said Lease as hereinafter set forth;

NOW THEREFORE, in consideration of the premises and the sum of Ten Dollars ($10.00) and other good and valuable considerations, in hand paid by the Tenant to the Landlord, the receipt and sufficiency of which is hereby acknowledged, it is mutually agreed as follows:

1. The aforesaid Lease dated November 2, 1967 is hereby amended by adding on the first page thereof, to the first sub-paragraph of the description of the premises, the following:

> "together with that certain store building approximarely 30 feet in width by 100 feet in depth, and the land on which the same stands (hereinafter collectively included in the "demised premises") and having the location and the dimensions as outlined in red on the plot plan attached hereto marked Exhibit "A" and by this reference made a part hereof".

Attached hereto and by this reference made a part hereof, is a copy of a plot plan dated April 15, 1974, and this plot plan shall be substituted in all respects for the plot plan dated November 20, 1967 previously attached to said Lease as Exhibit "A" thereto, the former plot plan being hereby deleted in its entirety. Whereinsoever in said

Lease reference is made to Exhibit "A", the same shall be construed to apply to the plot plan attached hereto.

2. The aforesaid Lease dated November 20, 1967 is hereby further amended by adding to the first sub-paragraph of Article 1 on Page 2 thereof the following:

> "From and after the date of this First Amendment to Lease, the Tenant, in addition to the foregoing minimum guaranteed rental, agrees to pay to the Landlord additional minimum guaranteed rental for the demised premises during the term of this Lease and any extensions thereof, the sum of TWELVE THOUSAND FOUR HUNDRED FIFTY AND 00/100 Dollars ($12,450.00) per annum. The additional minimum guaranteed rentals shall be paid in twelve (12) equal monthly installments of ONE THOUSAND THIRTY SEVEN AND 50/100 Dollars ($1,037.50) per month, which installment shall be due and payable in advance on the first (1st) day of each and every calendar month of the Lease term and any extensions thereof."

3. The aforesaid Lease dated November 20, 1967 is hereby further amended by adding to Article 3 on Page 4 thereof, the following:

> "With respect to that portion of the demised premises leased by Landlord to Tenant, pursuant to this First Amendment to Lease and consisting of approximately 3,000 square feet of store space adjacent to the East side of the demised premises as described in said Lease dated November 20, 1967 and having a dimension of approximately 30 feet in width by 100 feet in depth, the Landlord shall not be required to construct any improvements thereto, Tenant having agreed to lease said additional demised premises as they now exist."

4. The aforesaid Lease dated November 20, 1967 is hereby further amended by adding to Article 5 thereof on Page 6 thereof, the following:

> "Rent for the additional demised premises leased to Tenant pursuant to the terms of this First Amendment to Lease, shall begin to accrue hereof upon the date Landlord shall deliver possession of the additional demised premises to Tenant."

Notwithstanding any provision contained in this First Amendment to Lease, neither Landlord nor Tenant shall have any obligation hereunder until such time as Landlord shall have delivered possession of the additional demised premises to Tenant.

5. The aforesaid Lease dated November 20, 1967 is hereby further amended by adding to Article 13 on Page 8 thereof, the following:

> "Tenant shall have the right, but not the obligation, at its sole cost and expense, to construct additional store premises on the property of Landlord located to the North of the additional demised premises so as to increase the depth of the additional demised premises to a maximum of 150 feet, and in such event, the store premises constructed by Tenant and the land on which the same shall stand, shall be part of the demised premises provided, however, that notwithstanding any provisions contained in said Lease, Tenant shall be responsible for and shall, at its sole cost and expense, keep and maintain in good condition and repair the interior and exterior including all structural repairs and all repairs which would otherwise be the responsibility of the Landlord under the provisions of said Lease, and all repairs made necessary by reason of fire and unavoidable casualty, excepting only reasonable wear and use, and Landlord shall not be required to carry fire and extended coverage insurance on the store building constructed by Tenant."

6. The aforesaid Lease dated November 20, 1967 is further amended by adding to Article 34 on Page 14 thereof, the following:

> "With respect to the additional demised premises and any store premises constructed by Tenant, Tenant shall pay that portion of all real property taxes which may be levied or assessed by any lawful authority against said buildings and the land on which the same stand. The amount of taxes to be paid by Tenant shall be equal to the product obtained by multiplying all taxes levied or assessed by any lawful authority against the land and improvements in the shopping center by a fraction, the numerator of which shall be the square foot area of the additional demised premises and the store premises constructed by Tenant, if any, and the denominator of which shall be the square foot area of the shopping center, exclusive of the common areas. Taxes provided for in this paragraph shall be collectible by Landlord in the same manner as additional rent and shall be paid within thirty (30) days after demand by Landlord. Tenant shall not be entitled to any credit against percentage rental under said Lease by reason of the taxes paid by Tenant pursuant to this paragraph. Tenant shall be responsible only for its pro rata portion of such taxes for fractional years occurring at the beginning and expiration of the term of this Lease."

7. It is understood and agreed that the said Lease dated November 20, 1967 shall be and remain in full force and effect and unmodified except as the same is specifically modified and amended hereby. All covenants, terms, obligations and conditions of said Lease, not modified or amended hereby, are hereby ratified and confirmed.

IN WITNESS WHEREOF, the Landlord and Tenant have executed this instrument the day and year first above written.

```
                                    CASTO DEVELOPMENT CORPORATION
_____     By:_____
                                         James D. Casto, President

_____     Attest:_____
                                                 Assistant Secretary

                                              "Landlord"
                                              (Corporate Seal)

                                    WINN-DIXIE STORES, INC.

_____     By:_____


_____     Attest:_____


                                              "Tenant"
                                              (Corporate Seal)
```

STATE OF FLORIDA   )
                   ) SS:
COUNTY OF DADE     )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared    James D. Casto    and    Lois M. Lanno    to me known to be the persons described in and who, respectively, as President and Assistant Secretary of CASTO DEVELOPMENT CORPORATION, a

-3-

Florida corporation, executed the foregoing instrument on behalf of said corporation; and they severally acknowledged before me that they executed said instrument as such officers of said corporation in the name of and on behalf of said corporation; that said Assistant Secretary affixed and attested the seal of said corporation to said instrument; that such acts were done by authority of said corporation for the uses and purposes in said instrument set forth; and that the foregoing instrument is the free act and deed of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____, 1974, at _____ in said State and County.

My Commission Expires:

NOTARY PUBLIC, STATE OF FLORIDA at LARGE
MY COMMISSION EXPIRES JULY 11, 1974
BONDED THROUGH FRED W. WESTELHORST

Notary Public, State of Florida

STATE OF FLORIDA    )
                    ) SS:
COUNTY OF DUVAL     )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _____ and _____ to me known to be the persons described in and who, respectively, as _____ and _____ of WINN-DIXIE STORES, INC., a Florida corporation, executed the foregoing instrument on behalf of said corporation; and they severally acknowledged before me that they executed said instrument as such officers of said corporation in the name of and on behalf of said corporation; that said _____ affixed and attested the seal of said corporation to said instrument; that such acts were done by authority of said corporation for the uses and purposes in said instrument set forth; and that the foregoing instrument is the free act and deed of said corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____, 1974, at _____, in said State and County.

My Commission Expires:

Notary Public, State of Florida

-4-

SUPPLEMENTAL LEASE AGREEMENT

THIS SUPPLEMENTAL LEASE AGREEMENT, made this ___ day of _____, 1969, between CASTO DEVELOPMENT CORPORATION, a Florida corporation, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation, (hereinafter called "Tenant"); which terms "Landlord" and "Tenant" shall include the successors and assigns of the respective parties;

WITNESSETH:

WHEREAS, by Lease dated November 20, 1967, Landlord did lease and demise unto Tenant those certain premises, therein more particularly described, located in a shopping center development known as Southland Shopping Center located on the North side of State Road #84, between S. W. 9th Avenue and S. W. 12th Avenue in the City of Fort Lauderdale, County of Broward and State of Florida, for an initial term of twenty (20) years commencing upon a date dependent upon the completion of certain construction and for such rentals and upon such terms and conditions as more particularly set forth therein, a short form of said Lease being recorded in Official Record Book 3586, page 499 of the public records of Broward County, Florida; and

WHEREAS, the said construction has been completed and the Tenant has now opened for business in the demised premises and the parties hereto desire to fix the commencement date of said Lease, as hereinafter set forth; and

WHEREAS, Landlord has planned to construct in an extension of the present shopping center a store for occupancy by Jackson's/Byrons Department Store and has requested Tenant to modify slightly the restrictions in Tenant's Lease on food sales in relation to such installation and Tenant is agreeable;

NOW THEREFORE, in consideration of the premises and the sum of Ten Dollars ($10.00) and other good and valuable considerations, in hand paid by the Tenant to the Landlord, the receipt and sufficiency



This instrument was prepared by Francis P. Hamilton, Attorney at Law, whose address is 5050 Edgewood Court, Jacksonville, Florida 32203

Florida double corporate

STATE OF FLORIDA  )
COUNTY OF _____ )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _____ and _____, to me known to be the persons described in and who, respectively, as

_____ President and _____ Secretary of CASTO DEVELOPMENT CORPORATION, a Florida corporation, executed the foregoing instrument on behalf of said corporation; and they severally acknowledged before me that they executed said instrument as such officers of said corporation in the name of and on behalf of said corporation; that said _____ Secretary affixed and attested the seal of said corporation to said instrument; that such acts were done by authority of said corporation for the uses and purposes in said instrument set forth; and that the foregoing instrument is the free act and deed of said corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this _____ day of _____, 19 69, at _____, in said State and County.

                                                      Notary Public, State and County aforesaid. My commission expires: _____

STATE OF FLORIDA  )
COUNTY OF DUVAL  )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared _____ and _____ to me known to be the persons described in and who, respectively, as

_____ President and _____ Secretary of WINN-DIXIE STORES, INC. _____, a Florida corporation, executed the foregoing instrument on behalf of said corporation; and they severally acknowledged before me that they executed said instrument as such officers of said corporation in the name of and on behalf of said corporation; that said _____ Secretary affixed and attested the seal of said corporation to said instrument; that such acts were done by authority of said corporation for the uses and purposes in said instrument set forth; and that the foregoing instrument is the free act and deed of said corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this 10th day of March, 19 69, at Jacksonville, in said State and County.

                                                     Notary Public, State and County aforesaid. My commission expires:
NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
MY COMMISSION EXPIRES APRIL 12, 1971