**EXHIBIT A – PART 5**

**TO**

**OBJECTION BY CASTO INVESTMENTS COMPANY, LTD., TO PROPOSED CURE AMOUNT SET FORTH IN DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

of which is hereby acknowledged, it is mutually agreed as follows:

1. The commencement date of the above described Lease dated November 20, 1967 is fixed at February 16, 1969, and the expiration of the initial term of twenty (20) years demised therein shall be February 15, 1989, at twelve o'clock midnight.

2. Article 28 of said Lease is hereby amended by adding thereto a further sub-paragraph reading as follows:

> "The sale of the above listed food items in not to exceed 2,000 square feet of sales area in the store building to be occupied by Jackson's Southland, Inc., as an incidental only to the conduct of its department store business, shall not be deemed a violation hereof."

3. It is mutually understood and agreed that the said Lease dated November 20, 1967 shall be and remain in full force and effect and unmodified, except as the same is specifically modified and amended hereby. All covenants, terms, obligations and conditions of said Lease, not modified or amended by this Supplemental Lease Agreement, are hereby ratified and confirmed.

IN WITNESS WHEREOF, the Landlord and Tenant have executed this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

As to Landlord

CASTO DEVELOPMENT CORPORATION
By _____
  Its                    President
Attest: _____
  Its  Assistant  Secretary

LANDLORD
(CORPORATE SEAL)

As to Tenant

WINN-DIXIE STORES, INC.
By _____
  Its                    President
Attest: _____
  Its                    Secretary

TENANT
(CORPORATE SEAL)

SHORT FORM LEASE

THIS SHORT FORM LEASE, made this ____ day of _____, 1967 between CASTO DEVELOPMENT CORPORATION, a Florida corporation, (hereinafter called "Landlord") and WINN-DIXIE STORES, INC., a Florida corporation, (hereinafter called "Tenant"); which terms "Landlord" and "Tenant" shall include the successors and assigns of the respective parties;

WITNESSETH:

That the Landlord, in consideration of the covenants of the Tenant, does hereby lease and demise unto said Tenant and the Tenant hereby agrees to take and lease from the Landlord, for the term hereinafter specified, the following described premises:

> That certain store building, approximately 140 feet in width by 142 feet in depth, and the land on which the same shall stand (hereinafter collectively called "demised premises"), which store building and related improvements are to be constructed by Landlord according to plans and specifications to be approved by the parties as herein provided, and shall be in the location and of the dimensions as outlined in red on the Plot Plan entitled "Southland Shopping Center" prepared by Fellman DiSilvestro Associates, Engineers & Architects, Miami, Florida, dated June 5, 1967, last revised Oct. 3, 1967, attached as Exhibit "A" to a certain collateral lease agreement executed by the parties hereto and of even date herewith.
>
> The demised premises are located in a shopping center development known as Southland Shopping Center (hereinafter called "shopping center"), located on the North side of State Road No. 84, between S.W. 9th Avenue, and S.W. 12th Avenue, in the City of Fort Lauderdale, County of Broward, State of Florida, the legal description of the shopping center being attached hereto as Exhibit "B" and by this reference made a part hereof.

FOR THE TENANT TO HAVE AND TO HOLD from the date when Tenant opens said premises for the transaction of its business as hereafter provided for an initial term of twenty (20) years from said commencement date.

It is further agreed that Tenant, at its option, shall be entitled to the privilege of five (5) successive extensions of this lease, each extension to be for a period of five (5) years and on the same terms and conditions and at the same rentals provided herein for the initial term.



Landlord covenants and agrees that the Tenant shall have the exclusive right to operate a supermarket in the shopping center and any enlargement thereof. Landlord further covenants and agrees that it will not directly or indirectly lease or rent any property located within the shopping center, or within 1000 feet of any exterior boundary thereof, for occupancy as a supermarket, grocery store, meat, fish or vegetable market, nor will the Landlord permit any tenant or occupant of any such property to sublet in any manner, directly or indirectly, any part thereof to any person, firm or corporation engaged in any such business without written permission of the Tenant; and Landlord further covenants and agrees not to permit or suffer any property located within the shopping center to be used for or occupied by any business dealing in or which shall keep in stock or sell for off-premises consumption any staple or fancy groceries, meats, fish, vegetables, fruits, bakery goods or frozen foods without written permission of the Tenant; except neither the sale of such items is not to exceed 400 square feet of sales area in any storeroom (except as to the Walgreen Drug Store, not to exceed 750 square feet of sales area*) within the shopping center, as an incidental to the conduct of another business, nor the sale by a restaurant type operation of prepared ready-to-eat foods for consumption off the premises, shall be deemed a violation hereof; and Landlord shall also be permitted within the shopping center to lease one storeroom for use as a bakery of not to exceed 1,000 square feet without on-premises baking facilities or 1,500 square feet with on-premises baking facilities.

IT IS UNDERSTOOD AND AGREED that this is a Short Form Lease which is for the rents and upon the terms, covenants and conditions contained in the aforesaid collateral lease agreement executed by the parties hereto and bearing even date herewith, which collateral lease agreement is and shall be a part of this instrument as fully and completely as if the same were set forth herein.

IN WITNESS WHEREOF, the Landlord and Tenant have executed

- 2 -

* and except as to the McCrory store, not to exceed 1,000 square feet of sales area

this instrument the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
_____
As to Landlord

CASTO DEVELOPMENT CORPORATION
By _____
  Its                          President
Attest: _____
  Its                          Secretary
LANDLORD

(CORPORATE SEAL)

_____
_____
As to Tenant

WINN-DIXIE STORES, INC.
By _____
  Its                          President
Attest: _____
  Its                          Secretary

-3-

Florida double corpo. ~e

STATE OF   FLORIDA      )
COUNTY OF ~~BROWARD~~ DADE )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared ___JAMES D. CASTO___ and ___BERNARD SCHONINGER___, to me known to be the persons described in and who, respectively, as _____ President and _____ Secretary of ___CASTO DEVELOPMENT CORPORATION___, a ___Florida___ corporation, executed the foregoing instrument on behalf of said corporation; and they severally acknowledged before me that they executed said instrument as such officers of said corporation in the name of and on behalf of said corporation; that said _____ Secretary affixed and attested the seal of said corporation to said instrument; that such acts were done by authority of said corporation for the uses and purposes in said instrument set forth; and that the foregoing instrument is the free act and deed of said corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this __20th__ day of ___November___, 19 _67_, at ___Miami Beach___, in said State and County.

                                    [signature]
                                Notary Public, State and County aforesaid. My commission expires:
                                NOTARY PUBLIC, STATE of FLORIDA at LARGE
                                MY COMMISSION EXPIRES ___ 21, 1970


STATE OF   FLORIDA   )
COUNTY OF  DUVAL     )

    I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State and County aforesaid to take acknowledgments, personally appeared ___[illegible]___ and _____, to me known to be the persons described in and who, respectively, as _Exec Vice_ President and _____ Secretary of ___WINN-DIXIE STORES, INC.___, a ___Florida___ corporation, executed the foregoing instrument on behalf of said corporation; and they severally acknowledged before me that they executed said instrument as such officers of said corporation in the name of and on behalf of said corporation; that said _____ Secretary affixed and attested the seal of said corporation to said instrument; that such acts were done by authority of said corporation for the uses and purposes in said instrument set forth; and that the foregoing instrument is the free act and deed of said corporation.

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal this _25th_ day of ___November___, 19 _67_, at ___Jacksonville___, in said State and County.

                                _Carolyn D. Henger_
                                Notary Public, State and County aforesaid. My commission exp...
                                NOTARY PUBLIC, STATE OF FLORIDA AT LARGE
                                MY COMMISSION EXPIRES OCTOBER _, 1971

LEGAL DESCRIPTION
OF
SHOPPING CENTER

Those certain pieces, parcels or tracts of land situate, lying and being in the City of Fort Lauderdale, County of Broward and State of Florida, more particularly described as follows:

The West one-half (W½) of the Southwest one-quarter (SW¼) of the Southeast one-quarter (SE¼) of the Southeast one-quarter (SE¼) of Section 16, Township 50 South, Range 42 East, less the West 25 feet for street right-of-way; and that portion of the North one-half (N½) of the Northwest one-quarter (NW¼) of the Northeast one-quarter (NE¼) of Section 21, Township 50 South, Range 42 East lying North of right-of-way of State Road No. 84, less the West 25 feet thereof for street right-of-way; and the East one-half (E½) of the Southwest one-quarter (SW¼) of the Southeast one-quarter (SE¼) of the Southeast one-quarter (SE¼) of Section 16, Township 50 South, Range 42 East, less the North 294 feet thereof; and the North one-half (N½) of the Southeast one-quarter (SE¼) of the Southeast one-quarter (SE¼) of the Southeast one-quarter (SE¼) of Section 16, Township 50 South, Range 42 East, less the North 294 feet thereof and less the East 35 feet for street right-of-way; and the South one-half (S½) of the Southeast one-quarter (SE¼) of the Southeast one-quarter (SE¼) of Section 16, Township 50 South, Range 42 East, less the East 35 feet for street right-of-way and less right-of-way for State Road No. 84; and that portion of the North one-half (N½) of the Northeast one-quarter (NE¼) of the Northeast one-quarter (NE¼) of the Northeast one-quarter (NE¼) of Section 21, Township 50 South, Range 42 East, lying North of right-of-way of State Road No. 84,

ALL LESS the following described portion of the Northeast one-quarter (NE¼) of the Northeast one-quarter (NE¼) of said Section 21, commencing at the Northwest corner of said Northeast one-quarter (NE¼) of the Northeast one-quarter (NE¼) of Section 21; thence Easterly along the North line of said Section 21, a distance of 25 feet; thence Southerly along a line parallel to and 25 feet East of the West line of the said Northeast one-quarter (NE¼) of the Northeast one-quarter (NE¼) of Section 21, making an angle of 89°26'56", in the Southeast quadrant, a distance of 110.54 feet to the Point of Beginning; thence continuing Southerly along the said parallel line a distance of 150 feet to a point on the said North right-of-way line of State Road No. 84; thence Northeasterly, along the said North right-of-way line, making an included angle of 74°45'45", a distance of 150 feet; thence Northerly and parallel to the said West line of the Northeast one-quarter (NE¼) of the Northeast one-quarter (NE¼) of Section 21, making an included angle of 105°14'15", a distance of 150 feet; thence Southwesterly and parallel to the said North right-of-way line of State Road No. 84, making an included angle of 74°45'45", a distance of 150 feet to the Point of Beginning.

EXHIBIT "B"

June 24, 1968

Winn-Dixie Stores, Inc.
Box B
West Bay Station
Jacksonville, Florida 32203

        Re: New Store Location-Southland
            Shopping Center, State Road #84
            Fort Lauderdale, Florida

Gentlemen:

With reference to that certain Lease dated November 20, 1967 between Casto Development Corporation, as Landlord, and Winn-Dixie Stores, Inc., as Tenant, this letter will effect the understanding of the parties thereto to extend the time for commencement of construction of the shopping center.

The commencement date set forth in your letter of April 26, 1968, which letter amended the commencement date set forth in Paragraph 4 of said lease to read June 1, 1968 instead of April 1, 1968 as originally stated is hereby amended to read " August 15, 1968 " rather than June 1, 1968.

It will be appreciated if you will indicate your acceptance of this understanding below and return two of the receipted enclosed extra copies of this letter to this office.

        Very truly yours,

        CASTO DEVELOPMENT CORPORATION

        BY: _____
HBW/sm               HAYES B. WOOD

Receipt of the foregoing letter is hereby acknowledged and the understanding therein contained is accepted this 27th day of June, 1968.

        WINN-DIXIE STORES, INC.

        BY: _____
                                Vice President

June 24, 1968


Winn-Dixie Stores, Inc.
Box B
West Bay Station
Jacksonville, Florida 32203

        Re: New Store Location-Southland
           Shopping Center, State Road #84
           Fort Lauderdale, Florida

Gentlemen:

With reference to that certain Lease dated November 20, 1967 between Casto Development Corporation, as Landlord, and Winn-Dixie Stores, Inc., as Tenant, this letter will effect the understanding of the parties thereto to extend the time for commencement of construction of the shopping center.

The commencement date set forth in your letter of April 26, 1968, which letter amended the commencement date set forth in Paragraph 4 of said lease to read June 1, 1968 instead of April 1, 1968 as originally stated is hereby amended to read " August 15, 1968 " rather than June 1, 1968.

It will be appreciated if you will indicate your acceptance of this understanding below and return two of the receipted enclosed extra copies of this letter to this office.

        Very truly yours,

        CASTO DEVELOPMENT CORPORATION

        BY: _____
HBW/sm             HAYES B. WOOD

Receipt of the foregoing letter is hereby acknowledged and the understanding therein contained is accepted this 27th day of June, 1968.

        WINN-DIXIE STORES, INC.

        BY: _____
                        President

# WINN-DIXIE STORES, INC.

WINN © DIXIE

KWIK © CHEK

April 26, 1968

Casto Development Corporation
1175 Northeast 125th Street
Miami, Florida 33161

                              Re:   New Store Location - Southland
                                        Shopping Center, State Road #84,
                                        Fort Lauderdale, Florida

Gentlemen:

      With reference to that certain Lease dated November 20, 1967 between Casto Development Corporation, as Landlord, and Winn-Dixie Stores, Inc., as Tenant, this letter will effect the understanding of the parties thereto to extend the time for commencement of construction of the shopping center.

      The commencement date set forth in Paragraph 4 of said Lease shall be amended to read "June 1, 1968" instead of "April 1, 1968" as originally stated.

      It will be appreciated if you will indicate your acceptance of this understanding below and return two of the receipted enclosed extra copies of this letter to Francis P. Hamilton, Attorney, Box B, West Bay Station, Jacksonville, Florida 32203.

                                          Very truly yours,

                                          WINN-DIXIE STORES, INC.

                                          By _____
                                                        Vice President

FPH:jd

      Receipt of the foregoing letter is hereby acknowledged and the understanding therein contained is accepted this 1st day of _____, 1968.

                                          CASTO DEVELOPMENT CORPORATION

                                          By _____
                                                         President