UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) | Case No. 05-03817-3F1 |
| ) | |
| WINN-DIXIE STORES, INC., et.al., ) | *Chapter 11* |
| ) | |
| Debtors. ) | Jointly Administered |

**LIMITED OBJECTION OF WEIGEL FAMILY REVOCABLE TRUST TO DEBTORS' SECOND OMNIBUS MOTION FOR: (I) AUTHORITY TO ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES; (II) THE FIXING OF RELATED CURE AMOUNTS; AND (III) RELATED RELIEF**

NOW COMES Weigel Family Revocable Trust ("Weigel"), by and through its attorneys, and for its limited objection to the proposed cure amount for Store 1483 (Picayune, Mississippi) as set forth in Exhibit B to the *Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (the "Motion"), respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Weigel is landlord under that certain lease agreement dated May 25, 1993 (the "Lease")[1] between Weigel and Winn-Dixie Louisiana, Inc. ("Debtor", and together with its affiliated debtors-in-possession, "Debtors"), as tenant, for the premises located at 801 Highway 11 South, Picayune, Mississippi (the "Premises"). By the Motion, Debtors intend to assume the Lease and seeks to establish the amounts necessary to cure defaults under the Lease. Weigel objects to Debtors' proposed cure for the Lease, which is incorrect in amount and fails to address, among other things, any proposed remedy for Debtors' failure to comply with the repair, casualty and insurance clauses of the Lease.

---

[1] A copy of the Lease is attached to Weigel's proof of claim filed in Debtors' chapter 11 case. *See* Debtors' Claim Register, Proof of Claim No. 11128.

-1-

## THE LEASE DEFAULTS

2.      Pursuant to the Lease, Debtors are required to pay Weigel base rent of $19,505.08 per month on or before the fifth of each calendar month. If Debtors fail to pay any installment of base rent within ten days of the date due, a late charge of 4% of the rent installment due becomes due. *See* Lease, §6. The base rent installments due in September 2005 and February 2006 each were not paid within ten days of the applicable dates due. Accordingly, Debtors owe late charges totaling at least $1,560.41.

3.      Pursuant to the Lease, Debtors also are required to pay, as additional rent, all taxes and assessments and penalties and interest thereon imposed or assessed from and after the commencement date of the Lease. Debtors failed to pay a portion of the real estate taxes due on or before February 1, 2006, in the amount of $7,047.79. Accordingly, interest at the rate of 15% per annum is due on the unpaid amount of real estate taxes and continues to accrue until paid. *See* Lease, §6. The amount of interest due through July 30, 2006, is $528.58; interest continues to accrue.

4.      Additionally, Debtors are required to maintain the Premises in good order and repair, and make all necessary and appropriate repairs. *See* Lease, §11. Debtors are also required to follow certain procedures with respect to damages to the Premises from casualty. *See id.* at §14. The Premises were damaged due to Hurricane Katrina. Weigel has repeatedly requested, in writing, that Debtors comply with the applicable provisions of the Lease regarding such damage, but Debtors have failed to do so as of this date. Additionally, Debtors have failed to keep the following items in good order and repair: (a) the northwest corner of the leased structure appears to have been under construction (*i.e.*, the framing is exposed and the

construction of exterior building materials have not been completed); and (b) the parking lot has a large pothole and is in need of immediate repair.

5. Finally, pursuant to Section 20(c) of the Lease, Debtors are required to pay as additional rent all expenses incurred by Weigel in connection with any default under the Lease or the exercise of any remedy related to any default under the Lease, including attorneys' fees and expenses. Weigel has incurred at least $4,782.00 in attorneys' fees and expenses in connection with Debtors' defaults under the lease and remedies related thereto.

## SPECIFIC OBJECTIONS

6. Debtors cannot assume the Lease unless they cure all defaults under the Lease, compensates Weigel for any actual pecuniary loss resulting from such defaults, and provides Weigel with adequate assurance of future performance under the Lease.

Objection to Cure Amount

7. Weigel objects to Debtors' proposed cure amount for the Lease, which Debtors have scheduled as $7,047.79. *See* Motion, Ex. B. Debtors' proposed cure amounts for the Lease properly includes the amount of unpaid real estate taxes, but improperly excludes late charges, interest, attorneys' fees and other obligations (such as maintenance repair) due and owing to Weigel under the express terms of the Lease.

8. In order for the Lease to be assumed and assigned, the correct amount that must be cured by Debtors is at least $13,918.78. This amount does not include the cost of maintenance and repair items. In addition, Debtors must comply with the provisions of the Lease regarding casualty damage, repairs and maintenance. The Court should deny any request by Debtors to assume or assign the Lease in the absence of a complete and immediate cure of all

past due obligations of Debtors expressly provided for under the Lease, including, without limitation, the base rents, additional rents and maintenance obligations.

9. In addition, the undisputed amounts of Debtors' cure payment to Weigel should be made on or before the Effective Date (as such term is defined in the Motion), or at least within a short, fixed period. Only the disputed amounts should be subject to a reserve or escrow arrangement approved by the Court.

Objection to Adequate Assurance of Future Performance

10. Debtors need to make some demonstration that the reorganized Debtors will be capable of meeting all of their obligations under the Lease. Debtors' conclusory statement that their continuing business operations will provide adequate assurance of future performance does not satisfy Debtors' burden. Weigel, therefore, objects to the proposed assumption and/or assignment of the Lease absent a showing by Debtors of adequate assurance of their future performance thereunder.

**RESERVATION OF RIGHTS**

11. Weigel reserves its right to amend this limited objection as circumstances may require and to assert any and all claims against Debtors arising out of the Lease, including all additional fees and costs resulting from Debtors' continuing defaults thereunder.

**CONCLUSION**

WHEREFORE, Weigel respectfully requests that the Court, prior to authorizing any assumption of the Lease, enter an order: (i) requiring Debtors to completely and immediately cure all past due obligations of Debtors under the Lease; (ii) declaring the correct cure amount of the Lease to be at least $13,918.78, plus the cost of fulfilling maintenance and repair obligations

-5-

under the Lease and additional accrued but unpaid interest that may be owed; (iii) requiring Debtors to provide adequate assurance that they are able to and will make timely payments of all base, additional and percentage rents and will timely perform their maintenance obligations required under the Lease; and (iv) providing other such relief as is just and to which Weigel may be entitled to under the circumstances.

Dated:  July 27, 2006                    **WEIGEL FAMILY REVOCABLE TRUST**

By: /s/ Jeffrey A. Chadwick
    One of its attorneys

    Jeffrey A. Chadwick
    KATTEN MUCHIN ROSENMAN LLP
    525 West Monroe Street
    Chicago, IL 60661
    Telephone:  312-902-5200
    Facsimile:  312-902-1061
    jeffrey.chadwick@kattenlaw.com

    -and-

    Jeffrey E. Nimz, Esq.
    20 North Wacker Drive, Suite 1725
    Chicago, Illinois  60606
    Telephone:  312-214-0800
    Facsimile:  312-214-0888
    jenimz@sbcglobal.net

    *Counsel for Weigel Family Revocable Trust*

## CERTIFICATE OF SERVICE

I, Jeffrey. A. Chadwick, an attorney, certify that a true and correct copy of the foregoing document, *Limited Objection of Weigel Family Revocable Trust to Debtors' Second Omnibus Motion for: (I) Authority to Assume Non-Residential Real Property Leases; (II) the Fixing of Related Cure Amounts; and (III) Related Relief,* has been served via Electronic Transmission and/or overnight Federal Express delivery, on this 28th of July, 2006, to: (i) Cynthia Jackson, 225 Water Street, Suite 1800, Jacksonville, FL 32202; (ii) D.J. Baker, Esq., Skadden Arps Slate Meagher & Flom LLP, Four Times Square, New York, NY 10036; and (iii) the Office of the United States Trustee, 135 W. Central Boulevard, Orlando, FL 32801.

/s/ Jeffrey A. Chadwick