IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WINN-DIXIE STORES, INC., *et al.*, ) | CASE NO. 05-03817-JAF |
| ) | CHAPTER 11 |
| Debtor. ) | JOINTLY ADMINISTERED |
| ) | |

**LIMITED OBJECTION TO DEBTORS' SECOND OMNIBUS MOTION FOR
AUTHORITY TO (I) ASSUME NONRESIDENTIAL REAL PROPERTY LEASES, (II)
FIX CURE AMOUNTS AND (III) GRANT RELATED RELIEF**

Clanton Partners, Ltd. (Store No. 411), WYE Partners, Ltd. (Store No. 494), Cantonment Partners, Ltd. (Store No. 498), Nine Mile Partners, Ltd. (Store No. 506), NOM Franklin, Ltd. (Store No. 550), 98 Palms Center, Ltd. (Store No. 560), Mandeville Partners, Ltd. (Store No. 1446), Opelika Partners, Ltd. (Store No. 437), Golden Springs Partners, Ltd. (Store No. 447), 59 West Partners, Ltd. (Store No. 538)(collectively, "Landlords"), landlords and creditors in these jointly administered cases, by and through counsel, file this Objection to the Debtors' Second Omnibus Motion for Authority to (I) Assume Nonresidential Real Property Leases, (II) Fix Cure Amounts and (III) Grant Related Relief (the "Motion") and state as follows:

**Introduction**

1. On February 21, 2005 ("Petition Date"), Winn Dixie Stores, Inc. and several of its affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code.

2. As of the Petition Date, the Landlords were landlords and Winn-Dixie Montgomery, Inc. was the tenants under leases of non-residential real property as identified more particularly below. Copies of the Leases identified herein are available upon request.

3. Winn-Dixie Stores, Inc. guaranteed the obligations under the Leases.

4. In the Motion the Debtors seek authority to assume Core Leases as of the effective date of the Debtors' plan of reorganization ("Effective Date") and to fix the cure amounts for the Core Leases.

## **Landlords' Objection**

5. The Landlords file this Limited Objection to the proposed assumption on the grounds that the Debtors have proposed inaccurate cure amounts for the Leases identified herein.

6. Clanton Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at Clanton Marketplace, 640 Ollie Avenue, Clanton, Alabama ("Clanton Lease"), identified by the Debtors as Store Number 411 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Clanton Lease as $3,395.80. The cure amount for this lease should also include $1,110.29 for year 2003 and year 2004 umbrella insurance deductions and $6,087.87 for the Debtors' share of 2006 annual insurance premiums due pursuant to terms of the lease. The correct total cure amount for the Clanton Lease is $10,593.96. A copy of the billing statement for the Clanton Lease is attached hereto in Collective **Exhibit A.**

7. WYE Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 17184 Front Beach Road, Panama City Beach, Florida ("Panama City Beach Lease"), identified by the Debtors as Store Number 494 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Panama City Beach Lease as $19,950.10. The cure amount for this lease should include additional common area maitenance charges of $24,603.61, a 2006 flood insurance premium of $3,638.92, and $56,670.59 for the Debtors' share of 2006 annual insurance premiums due pursuant to terms of

the lease. The total cure amount for the Panama City Beach Lease is $108,952.33. A copy of the billing statement for the Panama City Lease is attached hereto in Collective **Exhibit A.**

8. Cantonment Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 155 S. Hwy 29, Cantonment, Florida ("Cantonment Lease"), identified by the Debtors as Store Number 498 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Cantonment Lease as $1,518.82. The cure amount for this lease should include additional $1,699.87 for common area maintenance charges and $4,678.45 for the Debtors' share of 2005 real estate taxes. The total cure amount for the Cantonment Lease is $7,897.14. A copy of the billing statement for the Cantonment Lease is attached hereto in Collective **Exhibit A.**

9. Nine Mile Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 312 East Nine Mile Road, Pensacola, Florida ("Pensacola Lease"), identified by the Debtors as Store Number 506 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Pensacola Lease as $763.76. The cure amount for this lease should include $566.08 for additional common area maintenance charges, $3,943.81 for the Debtors' share of 2005 real estate taxes, and $66,850.27 for the Debtors' share of 2006 annual insurance premiums due pursuant to terms of the lease. The total cure amount for the Pensacola Lease is $72,123.92. A copy of the billing statement for the Pensacola Lease is attached hereto in Collective **Exhibit A**.

10. NOM Franklin, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 104 River Square Plaza, Hueytown, Alabama, ("Hueytown Lease"), identified by the Debtors as Store Number 550 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Hueytown Lease as

$6,122.41. The cure amount for this lease should include a total of $8,222.59 for annual insurance premium adjustments for the years 2003, 2004, and 2005, $5,687.37 for unpaid 2005 real estate taxes, and $2,730.05 for the Debtors' share of 2006 annual insurance premiums due pursuant to terms of the lease. The total cure amount for the Hueytown Lease Lease is $16,640.01. A copy of the billing statement for the Hueytown Lease is attached hereto in Collective **Exhibit A.**

11.    98 Palms Center, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 981 U.S. Hwy 98, Destin, Florida ("Destin Lease"), identified by the Debtors as Store Number 560 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Destin Lease as $8,196.34. The cure amount for this lease should include a total of $38,319.84 for adjustments for taxes from years 2001-2004, $13,599.00 for adjustments for tax year 2005, $27,189.62 for the Debtors' share of 2005 annual insurance premiums, $72,529.08 for the Debtors' share of 2006 annual insurance premiums due pursuant to terms of the lease, and a total credit for 2004 and 2005 common area maintences charges of ($5,418.88). The total cure amount for the Destin Lease is $142,218.66. A copy of the billing statement for the Destin Lease is attached hereto in Collective **Exhibit A.**

12.    Mandeville Partners, Ltd. is the landlord pursuant to a lease of certain premises on real property located at 619 N. Causeway Blvd, Mandeville, Louisianna, ("Mandeville Lease"), identified by the Debtors as Store Number 1446 and defined in the Motion as a "Core Lease." Exhibit B to the Motion incorrectly identifies the cure amount for the Mandeville Lease as $77,464.58. The cure amount for this lease should include a total of $3,170.19 for annual insurance premium adjustments for the years 2003 and 2004, $49,477.02 for 2004 real estate taxes, $27,980.62 for 2004 common area maintenance charges, $7,468.61 for 2005 real estate

taxes not previously paid, $3,950.34 for 2005 common area maintenance charges not previously paid, $6.94 for 2005 flood insurance, and $48,341.26 for Debtors' share of 2006 annual insurance premiums due pursuant to terms of the lease. The total cure amount for the Mandeville Lease is $140,394.98. A copy of the billing statement for the Mandeville Lease is attached hereto in Collective **Exhibit A**.

13. Opelika Partners, Ltd. is the landlord pursuant to a lease of certain premises at real property located at 1441 Foxrun Parkway, Opelika, Alabama ("Opelika Lease"), identified by the Debtors as Store Number 437 and defined in the Motion as a "Core Lease". As of the filing of this Objection, Opelika Partners, Ltd. does not dispute the cure amount of the Opelika Lease as identified in Exhibit B to the Motion. However, pursuant to the Opelika Lease additional rent and other charges will come due between the filing of this Objection and the Effective Date.

14. Golden Springs Partners, Ltd. is the landlord pursuant to a lease of certain premises at real property located at 1408 Golden Springs Road, Anniston, Alabama ("Anniston Lease"), identified by the Debtors as Store Number 447 and defined in the Motion as a "Core Lease". As of the filing of this Objection, Golden Springs Partners, Ltd. does not dispute the cure amount for the Anniston Lease as identifed in Exhibit B to the Motion. However, pursuant to the Anniston Lease additional rent and other charges will come due between the filing of this Objection and the Effective Date.

15. 59 West Partners, Ltd. is the landlord pursuant to a lease of certain premises at real property located at 132 South Tyndall Parkway, Panama City, Florida ("Panama City Lease"), identified by the Debtors as Store Number 538 and defined in the Motion as a "Core Lease". As of the filing of this Objection, 59 West Partners, Ltd. does not dispute the cure

amount for the Panama City Lease as identified in Exhibit B to the Motion. However, pursuant to the Panama City Lease additional rent and other charges will come due between the filing of this Objection and the Effective Date.

16. Pursuant to Section 365(b) of the Bankruptcy Code, the Debtors are required to cure defaults and to provide for compensation for pecuniary loss or provide adequate assurance of prompt cure of the defaults and pecuniary loss for all leases which they intend to assume.

17. The Landlords object to the Motion as it concerns Store Numbers 411, 437, 447, 494, 498, 506, 538, 550, 560, and 1446, unless the full and proper cure amounts for these store leases as identified herein are paid to the Landlords by the Debtors.

18. Attorneys' fees and costs are also proper components of a cure claim. Attorneys fees and costs incurred in the enforcement of the covenants, obligations and conditions of a lease must be paid as a condition of assumption of a lease. The Landlords cannot accurately determine the amount of attorneys' fees at this time because these fees and costs continue to be incured. The Landlords will work with the Debtors to provide the most accurate information with respect to their attorneys' fees claims as soon as this information is available.

19. Because the Debtors propose to assume the Core Leases as of the Effective Date, the Landlords reserve the right to amend the amounts required to cure the leases in the event that additional rent or charges become due and remain unpaid as of the Effective Date. The Landlords object to the setting of the cure amounts by the Motion without a procedure by which to make later adjustments to cure additional or different defaults that may arise between the filing of this Objection and the Effective Date. The Landlords will work with the Debtors to provide the most accurate information with respect to amounts due under the leases identified herein as of the Effective Date.

WHEREFORE, the Landlords respectfully request that the Court grant this limited objection and deny the Motion as it concerns the Core Leases identified in this Objection, or alternatively that the Court grant the Motion provided that the full and proper cure amounts identified herein, and as may be amended, are paid upon assumption, and that the Court grant it such other and further relief as the Court deems necessary and appropriate.

        Respectfully Submitted,

        **HARWELL HOWARD HYNE**
        **GABBERT & MANNER, P.C.**

By:    s/ David P. Cañas
      David P. Cañas
      315 Deaderick Street, Suite 1800
      Nashville, TN 37238-1800
      Telephone: (615) 256-0500
      Facsimile: (615) 251-1058
      Email: dpc@h3gm.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true copy of the foregoing has been served by U.S. Mail, postage prepaid, on this 28th day of July, 2006 to the parties listed below, in addition to the electronic service provided by the Bankruptcy Court, Middle District of Florida.

D. J. Baker
Sally McDonald Henry
Rosalie Walker Gray
Adam Ravin
Skadden, Arps, Slate, Meagher, & Flom, LLP
Four Times Square
New York, NY 10036

Cynthia C. Jackson
Stephen D. Busey
James H. Post
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Elena L. Escamilla
135 West Central Blvd., Suite 620
Orlando, FL 32806

John B. McDonald
Akerman Senterfitt
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202

Dennis F. Dunne
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

Winn Dixie Stores, Inc.
Attn: Laurence B. Appel
5050 Edgewood Court
Jacksonville, FL 32801

Jane Leamy
Skadden, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801

                                                                s/ David P. Cañas
                                                                David P. Cañas

369653-1