3.

Pursuant to the Motion, Debtor is seeking authority to assume the Lease.

4.

Under section 365 of the Bankruptcy Code, in conjunction with the assumption of the Lease, Debtor is required to cure any and all defaults under the Lease, including paying to Landlord any and all unpaid amounts owed under the Lease. *See also In re Fifth Taste Concepts LAS OLAS, LLC*, 325 B.R. 42 (Bkrtcy. S.D. Fla. 2005).

5.

In the Motion, the Debtor avers that the Proposed Cure Amount (as that term is defined in the Motion) owed to Landlord equals $43,136.08.

6.

Landlord objects to this Proposed Cure Amount as such amount does not accurately reflect all the unpaid amounts due and owing to Landlord under the Lease.

7.

Pursuant to the Lease[2], Debtor is obligated to pay certain property taxes apportioned to Debtor, as well as a fixed percentage of certain construction and maintenance costs associated with the shopping center.

8.

In this regard, as evidenced by the documents attached hereto, the amounts outstanding and due to Landlord by Debtor under the Lease equal $106,872.21, which include unpaid 2004 property taxes equaling $31,492.24, unpaid 2005 property taxes equaling $4,752.33[3], and

---

[2] The Lease is voluminous and is, therefore, not attached hereto. While Debtor should be in possession of a copy of the Lease, Landlord will make available a copy of the Lease upon request.

[3] The total amount of property taxes for 2005 owed by Debtor under the Lease equaled $33,357.73; however, Debtor has paid $28,605.40 of the total amount owed.

$70,627.64 for Debtor's pro-rata share of the cost of the concrete work performed at the shopping center[4]. *In re A. R. Dameron & Associates, Inc.*, 3 B.R. 450 (Bkrtcy. N.D. Ga. 1980) (cure amount includes unpaid construction costs owed under lease being assumed by debtor); *In re Rachels Industries, Inc.*, 109 B.R. 797 (Bkrtcy. W.D. Tenn. 1990) (debtor seeking to assume lease must pay to landlord unpaid property taxes owed by debtor under the lease), *modified on other grounds, In re Diamond Manufacturing Co., Inc.* 164 B.R. 189 (Bkrtcy. S.D. Ga. 1994).

9.

Accordingly, Landlord respectfully submits that the Proposed Cure Amount of $43,136.08 is inaccurate as the cure amount owed to Landlord in conjunction with the Debtor's assumption of the Lease equals $106.872.21 as shown above.

10.

Therefore, if the Debtor is authorized to assume the Lease, Landlord respectfully submits that Debtor is required to pay to Landlord $106,872.21 to cure the monetary defaults under the Lease as described hereinabove.

WHEREFORE, Landlord respectfully prays that this Court reject the Proposed Cure Amount of $43,136.08 set forth in the Motion and enter an order stating that the cure amount owed to Landlord in conjunction with the Debtor's assumption of the Lease equals $106,872.21.

Respectfully submitted,

GORDON K. KONRAD
3900 River Road, Suite 3
Jefferson, LA 70121

---

[4] The total costs incurred as a result of the concrete job at the shopping center equaled $98,093.94 as per the attached invoices; under the Lease, Debtor owes 72% of this amount, or $70,627.64.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on counsel for Debtors listed below via facsimile and via depositing same in the United States mail, first class postage prepaid and properly addressed, on the 27th day of July, 2006.

    D. J. Baker, Esq.
    Sally McDonald Henry, Esq.
    Rosalie Walker Gray, Esq.
    Skadden, Arps, Slate, Meagher & Flom LLP
    Four Times Square
    New York, New York 10036
    (Facsimile No. 212-735-2000)

    Stephen D. Busey, Esq.
    James H. Post, Esq.
    Cynthia C. Jackson, Esq.
    Smith Hulsey & Busey
    225 Water Street, Suite 1800
    Jacksonville, Florida 32202
    (Facsimile No. 904-359-7708)

                             GORDON K. KONRAD

#618761