# Marrero Land & Improvement Association, Ltd.

5201 Westbank Expressway • Suite 400 • Marrero, Louisiana 70072
(504) 341-1635 • FAX: (504) 340-4277
e-mail: vincent@marreroland.com

FILED
~~RECEIVED~~

CLERK, U.S. BANKRUPTCY COUR~~

July 27, 2006

JUL 2 8 2006

MIDDLE DISTRICT ʟ: ι
JACKSONVILLE DIVISION

Vincent A. Vastola
Director of Real Estate

Clerks Office
United States Bankruptcy Court
Middle District of Florida, Jacksonville Division
300 North Hogan Street, Suite 3-350
Jacksonville, Florida   32202-4267

Winn-Dixie Stores, Inc.
5050 Edgewood Court
Jacksonville, Florida   32254
Attn. Erin O'Carroll – Legal Department

RE:    **Winn-Dixie Stores, Inc., et al – Case No. 05-03817-3F1**
**Objection to Proposed Cure Amount**
**Winn-Dixie Store No. 1431**

Dear Sir and/or Madam:

Please be advised Marrero Land And Improvement Association, Limited ("Marrero Land') is the landlord for Winn-Dixie Store No. 1431, one of the Core Leases to be assumed pursuant to the Debtor's proposed plan of reorganization which was filed with the Bankruptcy Court on June 29, 2006.

Marrero Land, as landlord for Winn-Dixie store 1431, disputes the Proposed Cure Amount as shown on Exhibit B of the **"Debtor's Second Omnibus Motion For Authority To (i) Assume Non-Residential Real Property Leases, (ii) Fix Cure Amounts, And (iii) Grant Related Relief"** dated June 30, 2006 ("Second Omnibus Motion"). As of July 25, 2006, Marrero Land has calculated the Proposed Cure Amount, for this Core Lease, to be **$73,466.28** ("Amended Cure Amount"). Documentation in support of Marrero Land's Amended Cure Amount was filed with the Bankruptcy Court on July 5, 2006 in the form of an amended claim in the Debtor's case.

Pursuant to the Debtor's Second Omnibus Motion, Marrero Land is submitting this correspondence to serve as its objection to the Proposed Cure Amount as shown on Exhibit B of the Second Omnibus Motion filed by the Debtor. In support of its objection, Marrero Land has attached hereto a copy of its Amended Statement of Claim and requests the Clerk of Court to file this correspondence along with said attachments in the records of Case No. 05-03817-3F1.

Enclosed for filing in the referenced case are an original and one copy of this correspondence with attachments. Please file stamp the copy and return it to me in the enclosed self-addressed stamped envelope.

Thank you for your assistance in this matter.

Sincerely,

Vincent A. Vastola
Director of Real Estate

(Attachments)

UNITED STATES BANKRUPTCY COURT **Middle** DISTRICT OF **Florida**

| Name of Debtor | Case Number |
|---|---|
| Winn Dixie Stores Inc , Et Al | 05-03817-3F1 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Marrero Land & Improvement Association, Ltd.
Attn: Vincent Vastola

Name and address where notices should be sent:
5201 Westbank Expressway, Suite 400
Marrero, Louisiana 70072

Telephone number: 504-341-1635

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
CLERK, U.S. BANKRUPTCY COURT
JUL 05 2006
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☒ amends a previously filed claim, dated: 07/29/05

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other    Real Property Lease

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
      (date)            (date)

**2. Date debt was incurred:**
February 23, 1973  See Attached Exhibit A-1

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ 73,466.28 _____ _____ 73,466.28
   (unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.    See Exhibit A

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
- ☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units-11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Vincent Vastola   Director of Real Estate |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Attachments
Can be viewed
at Clerks office