**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF SHAUN KEVIN JOHNSON, MICHELLE SUE JOHNSON
AND MICAH NICOLE JOHNSON FOR ORDER
DEEMING  PROOFS OF CLAIM TIMELY FILED**

**Come Now**, Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson (the "Johnsons"), by and through their undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby move this Court for entry of an order deeming their proofs of claims (the "Johnson Claims") timely-filed.

**BACKGROUND**

1.      On September 23, 2005, the Johnsons, through their attorneys filed the Johnson Claims seeking damages against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie Stores") resulting from what the Johnsons allege was Winn-Dixie Stores' negligence and other tortuous  acts.[1] The bar date in the Chapter 11 case was August 1, 2005.

2.      On September 21, 2003, Shaun Kevin Johnson ("Mr. Johnson") and Micah Nicole Johnson, the Johnsons' minor daughter, were involved in a devastating motor vehicle accident in Escambia County, Florida, caused by Herman Milton Myers, Jr. ("Myers"). While driving his vehicle, Myers fell asleep, passed out or lost consciousness from a drunken stupor and drove his vehicle directly into the Johnsons' vehicle's path.  Myers' vehicle struck the Johnson's vehicle, in which Mr. Johnson was

---

[1] The Debtors' claims agent, Sedgwick Claims Management Services, Inc., has assigned file number A511214741-003 to the Johnson's Claims.

1

the driver and Micah Nicole Johnson was a passenger, and caused severe personal injuries to Micah Nicole Johnson and catastrophic and permanent injuries to her father.

3. Myers worked at the Winn-Dixie store in Orange Beach, Alabama, and, as the Johnsons subsequently learned, appeared at work on the date of the accident in a semi-comatose, drug-induced stupor and was unable to perform his duties. Notwithstanding his obvious intoxication and a known history of drug abuse, Myers was directed by his managers to leave the Winn-Dixie store in the middle of his shift. Despite his inability to operate a motor vehicle properly, Myers was directed to leave the premises and entrusted with the operation of a motor vehicle by Winn-Dixie personnel and other persons in a position of responsibility. After leaving the Orange Beach store and crossing into Florida, Myers, lost consciousness and control of his vehicle and caused the devastating injuries to the Johnsons. In addition to Myers and the operators of the Winn-Dixie store in Orange Beach, certain parties who are proximately and legally responsible for the Johnsons' injuries remain unidentified.

4. The Johnsons filed a civil action in Escambia County, Florida on or about January 7, 2004 naming Myers as defendant in order to recover their damages (the "Florida Action")[2]. Myers was named as the only defendant in the Florida Action.

5. In the course of prosecuting the Florida Action, the Johnsons discovered information regarding the roles and legal responsibility of other parties (the "Additional Responsible Parties"), some of whom are yet unknown but which include the owners and operators of the Winn-Dixie Orange Beach store, including Winn-Dixie Stores. That information and subsequent investigation showed that the Additional Responsible Parties

---

[2] In addition to Mr. Johnson and his daughter, who suffered physical injuries, Michelle Sue Johnson sued in her parental and spousal capacities.

2

had committed tortuous acts in Alabama that were the legal cause of the Johnsons' injuries and damages, and that Alabama would be the proper venue of any action involving those parties.

6. Although the Johnson's attorney in Alabama learned of the possible liability of Winn-Dixie Stores prior to the August 1 bar date, he did not learn of the Chapter 11 filings until <u>after</u> the bar date.

7. None of the Debtors listed the Johnsons as creditors on their claim schedules in these cases.

8. Under applicable and governing Alabama law, the limitations period to bring an action asserting joint and several liability against the Additional Responsible Parties was to expire on September 21, 2005. On that date, the Johnsons filed their *Motion of Shaun Kevin Johnson, Michelle Sue Johnson and Micah Nicole Johnson for Determination of Scope of Automatic Stay and for Relief from Automatic Stay* (the "Stay Motion") pursuant to 11 U.S.C. Section 362 and Fed. R. Bankr. P. 4001 for a "determination of the scope of, and to the extent it is applicable relief from, the automatic stay regarding certain non-debtor parties, and Debtors Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, Inc., and that entity doing business as "Winn-Dixie Marketplace" in Orange Beach, Alabama"[3]. As a result of the Johnsons' investigation of the actions of Winn-Dixie Stores, and in order to preserve their rights against those additional responsible parties who are not debtors in these cases, the Johnsons had filed

---

[3] The Stay Motion was assigned Docket Number 3572. The determination of the Stay Motion has been postponed by approved stipulation of the parties. As noted in the Stay Motion, Alabama permits the filing of an action against unidentified parties and businesses identified only through their trade names.

3

substantially concurrently with that motion an action in the Circuit Court of Baldwin County, Alabama naming both non-debtor (the "Additional Responsible Parties") and certain Debtors as defendants.[4]

9.    Promptly after learning of these Chapter 11 proceedings, and only two days after filing the Stay Motion, the Johnsons filed their Claims. Since that time, the Johnson's have been participating in the Claims Resolution process approved by this Court, and the parties have agreed to mediation as part of that process.

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts

---

[4] A copy of the Complaint in the Alabama Action, the Suggestion of Bankruptcy that the Johnsons filed therein, and related documents are attached as Exhibit C to the Johnson's Stay Motion (Docket Item 3572).

4

known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### Reason for the Delay

Quite simply, the Johnsons received no notice of the pending Chapter 11 cases until after the bar date. As stated above, none of the Debtors listed a debt to the Johnsons, and as a result certainly provided no notice of the commencement of the cases.[5] The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.  The Johnsons first learned of the bar date after it had passed.

### Length of Delay and Potential Impact on Judicial Proceedings

The Johnson's Claims were filed less than sixty days after the bar date, and in a timely enough fashion to allow them to participate in the Claims Resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Neither Winn-Dixie Stores nor any of the Debtors has filed a proposed Plan of Reorganization and as a result, the Johnson's claims may be included in such a Plan(s). In fact, as of this date, it is unclear whether the cases will be substantively consolidated, as the Ad Hoc Trade Committee seeks. Given the

---

[5] The Johnsons are not suggesting the Debtors acted improperly in not providing such notice.

complexity of the myriad proceedings before the Court as the Debtors file and seek to confirm one or more Plans of Reorganization these cases, the allowance of the Johnsons Claims will neither delay nor complicate those proceedings.

### **Prejudice to the Debtors**

There can be little prejudice to Winn-Dixie Stores. As stated above, neither Winn-Dixie Stores nor any of the Debtors has confirmed a Plan of Reorganization. As a result, the Johnson's claims may be included in such a plan or plans. Second Winn-Dixie Stores and the Johnsons have been participating in the claims resolution process in an amicable fashion. The parties have agreed on more than one occasion to the postponement of the hearing on the Johnsons' Stay Motion. Third, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to the Johnson's Claims on their merits.

### **The Johnson's Good Faith**

The Johnson's actions in this case were taken in good faith. They have acted properly and with diligence given their lack of knowledge of the Chapter 11 filings and at no point have they delayed the process or otherwise "sat on their rights". Through their counsel, they filed the Claims in a prompt and complete fashion, and they have participated fully in the claims resolution process.

### **The Factors as a Whole**

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of the Johnson's claims as timely-filed will permit those Claims to be resolved on their merits. Such relief will result in no prejudice to the Debtor, will serve to protect the Johnsons' rights to recover for their damages, and

is consistent with the interests of justice.

**Wherefore,** the Johnsons request that the Court enter an order deeming their Claims timely-filed, and granting them such other and further relief to which they may be entitled.

Dated: July 31, 2006               **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

And

Charles R. Godwin, Esquire
Alabama Bar ID GOD004
10388 Highway 31
Atmore, Alabama 36502
(251) 368-1417

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2006 I caused a copy of the foregoing Motion to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; D.J. Baker, Esq., Sally McDonald Henry, Esq. and Rosalie Gray, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox