**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.   05-03817-3FI |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**MOTION OF JAMES GIRDZUS, JR. FOR ORDER**
**DEEMING  PROOF OF CLAIM TIMELY FILED**

**Comes Now**, James Girdzus, Jr. ("Mr. Girdzus"), by and through the

undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P.

3003(b) and 9006(c), hereby moves this Court for entry of an order deeming their proofs

of claims (the "Girdzus Claim") timely-filed.

**BACKGROUND**

1.     On or about April 23, 2002, Mr. Girdzus was employed with Capital City

Transport, Inc. as a truck driver. While completing a delivery to a Winn-Dixie

warehouse in Montgomery, Alabama, Mr. Girdzus was severely injured due, inter alia,

to the negligence of a Winn-Dixie employee. Upon information and belief, the employer

of the negligent employee and the operator of the warehouse is Winn-Dixie

Montgomery, Inc.

2.     On March 10, 2004, Mr. Girdzus filed a Complaint in the Circuit Court of

Montgomery County, Alabama, which was assigned Case No. CV-04-622-R.  A copy of

the Complaint as filed is attached as Exhibit "A". In the Complaint, Mr. Girdzus sought

recovery for his substantial injuries. Winn-Dixie Montgomery, Inc. was properly served

and defended against the Complaint in the Alabama lawsuit.

3.     While the Alabama lawsuit was pending, Winn-Dixie Montgomery, Inc.

and related debtors filed petitions for relief under Chapter 11 of Title 11 on February 21, 2005. Despite the existence of the pending Alabama lawsuit, upon information and belief Mr. Girdzus was not listed as a creditor on the schedules of Winn-Dixie Montgomery, Inc. and received no Notices of the Chapter 11 filings prior to the August 1, 2005 Bar Date.

4.      Mr. Girdzus filed his claim on or about February 3, 2006. (Claim No. 12369). Since that time, Mr. Girdzus has been participating in the Claims Resolution process approved by this Court.

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".)

As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

### Reason for the Delay

Quite simply, Mr. Girdzus received no notice of the pending Chapter 11 cases until after the bar date. As stated above, none of the Debtors listed a debt to Mr. Girdzus, and as a result certainly provided no notice of the commencement of the cases. The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.  Mr. Girdzus' Alabama counsel learned of the bar date after it had passed.

### Length of Delay and Potential Impact on Judicial Proceedings

Mr. Girdzus' Claim was filed in a timely enough fashion to allow his claim to be included in the Claims Resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Neither Winn-Dixie Stores nor any of the Debtors has confirmed a Plan of Reorganization. The allowance of Mr. Girdzus' Claim will neither delay nor complicate those proceedings.

### Prejudice to the Debtors

There can be little prejudice to Winn-Dixie Stores. As stated above, neither Winn-Dixie Stores nor any of the Debtors has confirmed a Plan of Reorganization. Second, Winn-Dixie Stores and Mr. Girdzus have been participating in the claims

resolution process in an amicable fashion. Third, the granting of this Motion will not deprive Winn-Dixie Stores of its ability to object to the Claim on its merits.

## Mr. Girdzus' Good Faith

Mr. Girdzus' actions in this case were taken in good faith. He has acted properly and with diligence given the lack of knowledge of the Chapter 11 filings. Through their counsel, Mr. Girdzus filed the Claims in a complete fashion, and they have participated fully in the claims resolution process.

## The Factors as a Whole

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Mr. Girdzus' Claim as timely-filed will permit the Claim to be resolved on their merits. Such relief will result in no prejudice to the Debtors, will serve to protect Mr. Girdzus' rights to recover for his damages, and is consistent with the interests of justice.

**Wherefore,** Mr. Girdzus requests that the Court enter an order deeming his Claim timely-filed, and granting him such other and further relief to which he may be entitled.

Dated: July 31, 2006                         **WILCOX LAW FIRM**

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
(904) 281-0700
(904) 513-9201 Fax

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006 I caused a copy of the foregoing Motion to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; D.J. Baker, Esq., Sally McDonald Henry, Esq. and Rosalie Gray, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| JAMES GIRDZUS, JR., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CASE NO.: CV-04-_____ |
| | * | |
| CAPITAL CITY TRANSPORT, INC., a | * | |
| Corporation; LYNDON PROPERTY | * | |
| INSURANCE COMPANY; WINN-DIXIE | * | |
| MONTGOMERY, INC., A Corporation; | * | |
| and FICTITIOUS DEFENDANTS "A", | * | |
| "B", "C", "D", "E", "F", "G", "H", "I", | * | |
| "J", and "K" are those other persons, | * | |
| corporations, or entities whose | * | |
| negligence or other wrongful conduct | * | |
| contributed to cause the injuries of | * | |
| James Girdzus, Jr., whose true and | * | |
| correct identities are unknown to the | * | |
| Plaintiff, but who will be substituted | * | |
| by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

## STATEMENT OF THE PARTIES

1.      Plaintiff, James Girdzus, Jr. is over the age of nineteen years and a resident of Montgomery County, Alabama.

2.      Defendant Capital City Transport, Inc. (hereinafter referred to as "Capital City") is a domestic corporation doing business in Montgomery County, Alabama.

3.      Defendant Winn-Dixie Montgomery, Inc. (hereinafter referred to as "Winn-Dixie") is a foreign corporation doing business in Montgomery County, Alabama.

4.      Defendant Lyndon Property Insurance Company (hereinafter referred to as "Lyndon") is a foreign corporation doing business in Montgomery County, Alabama.

5.     Fictitious Defendant "A" is the individual who negligently operated the forklift on April 23, 2002, that struck James Girdzus, Jr. causing his injuries.

6.     Fictitious Defendants "B", "C", and "D", are those persons, corporation, or other legal entities who or which designed, manufactured, marketed, advertised, sold, tested, distributed, assembled, removed a safety device, failed to maintain a safety device, leased or otherwise placed into the stream of commerce any defective product that caused or contributed to Mr. Girdzus' injury.

7.     Fictitious Defendants "E", "F", "G", "H", "I", "J", and "K" are those other persons, corporations, or entities whose negligence or other wrongful conduct caused or contributed to Plaintiff's injuries.

## STATEMENT OF THE FACTS

8.     On or about April 23, 2002, James Girdzus, Jr. was employed with Capital City Transport, Inc., in Montgomery, Alabama. Mr. Girdzus was employed as a truck driver. Lyndon Property Insurance Company is Capital City Tranport's Worker's Compensation insurer.

9.     While completing a delivery to the Winn-Dixie warehouse in Montgomery, Alabama, Mr. Girdzus was struck by a forklift being operated by a Winn-Dixie employee. Both Mr. Girdzus and the Winn-Dixie employee were acting in the line and scope of their respective employments at the time of Mr. Girdzus' injury.

10.     As a direct and proximate consequence of the negligence of Winn-Dixie's employee, Mr. Girdzus sustained an ankle injury.

11.     Mr. Girdzus underwent medical treatment for the injury he received and incurred medical expenses related thereto.

12.    Mr. Girdzus is unable to perform some of his normal activities. He has undergone and will continue to undergo medical treatment for his condition. He has incurred and will continue to incur medical and other expenses related to the injury; he has suffered and will continue to suffer in the future, pain and mental anguish; he has suffered a permanent physical and vocational impairment; and he has been otherwise injured and damaged.

## COUNT I

## WORKER'S COMPENSATION

13.    Plaintiff realleges all prior paragraphs of the complaint as if set out in full.

14.    On or about April 23, 2002, the relationship of employer/employee existed between Mr. Girdzus and Capital City Transport, Inc. Plaintiff and Defendants, Capital City and Lyndon, were subject to the Worker's Compensation Act of Alabama.

15.    Plaintiff further avers that while employed and engaged in the business of the Defendant, and while acting within the line and scope of his employment, Plaintiff suffered injuries and damages which was the result of an incident which arose out of and during the course of employment with his employer.

16.    A controversy has arisen as to the benefits to be paid by Capital City Transport and Lyndon to the Plaintiff through the Worker's Compensation Act of Alabama, and no settlement has been made between the Plaintiff and the Defendants for account of the injuries sustained by the Plaintiff.

17.   Plaintiff further avers that Defendants had immediate legal and actual notice or knowledge of the injury and that his claim is being brought within two years from the date of the Plaintiff's injury.  Plaintiff is entitled to, but not limited to, reasonable medical expenses for the treatment of his injuries, and compensation for permanent or partial disability, temporary total disability, and/or permanent total disability.

18.   Plaintiff may also be entitled to payments for health insurance premium benefits by Defendants as well as paid vacation time, paid sick leave, and other bonuses and incentives which would increase his average weekly wage.

WHEREFORE, Plaintiff demands judgment against Defendant Capital City Transport and Lyndon for compensation, medical expenses, and other incidental expenses incurred, and his costs.  Plaintiff demands any and all compensation he is entitled to under the Worker's Compensation Act of Alabama.

## COUNT TWO

### NEGLIGENCE

19.   Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

20.   Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, negligently caused the injuries to James Girdzus by backing a forklift over his ankle.

21.   Winn-Dixie's employee/Fictitious Defendant "A", knew or should have known that Mr. Girdzus was in the delivery area of the warehouse.

22.   Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, negligently failed to determine the location of Mr. Girdzus relative to his forklift prior to operation.

23.    As a proximate consequence of Winn-Dixie's employee/Fictitious Defendant "A"'s negligence, James Girdzus was injured as described in paragraph 12 above.

WHEREFORE, Plaintiff James Girdzus demands judgment against Defendant Winn-Dixie and Winn-Dixie's employee/Fictitious Defendant "A" in such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT III

## WANTONNESS

24.    Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

25.    Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, wantonly caused the injuries to James Girdzus by backing a forklift over his ankle.

26.    Winn-Dixie's employee/Fictitious Defendant "A", knew or should have known that Mr. Girdzus was in the delivery area of the warehouse.

27.    Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, wantonly failed to determine the location of Mr. Girdzus relative to his forklift prior to operation.

28.    As a proximate consequence of Winn-Dixie's employee/Fictitious Defendant "A"'s wantonness, James Girdzus was injured as described in paragraph 12 above.

WHEREFORE, Plaintiff James Girdzus demands judgment against Defendant Winn-Dixie and Winn-Dixie's employee/Fictitious Defendant "A" in

such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT IV

## NEGLIGENT ENTRUSTMENT

29. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

30. Defendant Winn-Dixie negligently failed to train their employee/Fictitious Defendant "A" in the proper operation of the forklift.

31. Prior to the date of Mr. Girdzus' injury, Defendant Winn-Dixie knew or reasonably should have known, that their employee/Fictitious Defendant "A" lacked adequate training in the operation of the forklift.

32. With such knowledge, Defendant Winn-Dixie negligently entrusted its forklift to their employee/Fictitious Defendant "A".

33. As a proximate consequence of Defendant Winn-Dixie's negligent entrustment, James Girdzus was injured as described in paragraph 12 above.

WHEREFORE, Plaintiff James Girdzus demands judgment against Defendant Winn-Dixie in such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT V

34. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

35. The negligence, wantonness, or other wrongful conduct of Defendants Winn-Dixie, and Fictitious Defendants "A" through "K" combined and concurred to proximately cause the Plaintiff's injuries.

WHEREFORE, Plaintiff James Girdzus demands judgment against all Defendants for compensatory and punitive damages to be assessed according to Alabama law, any other damages allowed by Alabama law, and his costs.

_____
KENDALL C. DUNSON (DUN029)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW
 METHVIN, PORTIS, & MILES, P.C.
P. O. Box 4160
218 Commerce Street
Montgomery, AL  36103-4160
334/269-2343 (ph)
334/954-7555 (fax)

Danny Fazekas
458 S. Lawrence Street
Montgomery, AL  36104
334/834-8957 (ph)
334/834-8950 (fax)

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues of this cause.

_____
OF COUNSEL