IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

_____
                                                    )
In re:                                              )        Chapter 11
                                                    )
WINN-DIXIE STORES, INC. *et al.*,                   )        Case No. 05-03817-3F1
                                                    )
                                   Debtors.         )        Jointly Administered
                                                    )
                                                    )
_____            )

**AMENDED AND RESTATED LIMITED OBJECTION OF
CORPORATE PROPERTY ASSOCIATES 8,
L.P. TO DEBTORS' SECOND OMNIBUS MOTION
FOR: (I)AUTHORITY TO ASSUME NON-RESIDENTIAL
REAL PROPERTY LEASES; (II) THE FIXING OF
RELATED CURE AMOUNTS; AND (III) RELATED RELIEF**

Corporate Property Associates 8, L.P. ("Landlord"), by and through its undersigned

attorneys, hereby files this amended and restated limited objection to the second omnibus motion

of the debtors in the above-captioned (the "Debtors") for: (i) authority to assume certain non-

residential real property leases; (ii) the fixing of related cure amounts; and (iii) certain related

relief, dated June 30, 2006 (the "Motion"), and in support thereof respectfully represents as

follows: [1]

---

[1] On July 27, 2006, Landlord filed a limited objection to the Motion  (see docket no. 9623).  Landlord is filing this amended and restated objection solely to revise the amount owed to Landlord as stated in paragraph 4 hereof.  The objection remains unchanged in all other respects.

By e-mail to Landlord's counsel dated July 28, 2006, counsel to the Debtors confirmed that objections filed on or before July 31, 2006, would be considered timely.

**BACKGROUND**

1.      Landlord owns certain commercial improvements and real property located in Brewton, Alabama (the "Brewton Premises").  Pursuant to a lease agreement, dated as of October 26, 1990 (the "Lease"), between Landlord and Winn-Dixie Montgomery, Inc., one of the Debtors herein, Winn-Dixie Montgomery, Inc., leases the Brewton Premises from Landlord.[2] By guaranty agreement (the "Guaranty"), dated October 26, 1990, Winn-Dixie Stores, Inc., another Debtor, guaranteed all of the obligations of Winn-Dixie Montgomery, Inc. under the Lease.

**OBJECTIONS**

Cure Amount

2.      Section 365(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") provides, in pertinent part, that if there is a default under an executory contract or unexpired lease, a debtor may not assume such contract or lease unless, the debtor:

> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default; (B) compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).  Accordingly, any assumption of the Lease must be accompanied by payment to Landlord of all amounts due under the Lease as of the assumption date.

3.      Landlord objects to the Debtors' proposed cure amount for the Lease, which the Debtors have scheduled as $1,597.17.  See Motion, Exhibit B.

---

[2]      Also on October 26, 1990, Winn Dixie Montgomery, Inc. assigned its interest as tenant under a separate lease for the Brewton Grounds (the "Ground Lease") to Landlord, and Landlord subsequently leased the Brewton Grounds back to Winn-Dixie Montgomery, Inc. pursuant to the Lease.

4.      Landlord currently holds a cure claim of not less than $51,037.95, which consists of unpaid rent, real estate taxes, and other costs and expenses, including attorneys' fees, incurred by Landlord through the date hereof in connection with Landlord's exercise and enforcement of its rights under the Lease.[3]  See Lease ¶ 20(c).  These amounts do not include other additional rent which may be due under the Lease, such as amounts that have accrued, but for which payment is not yet due (including, without limitation, real property taxes) or costs and expenses incurred after the date hereof for legal fees, etc.

5.      Landlord reserves its right to amend this limited objection as circumstances may require and to assert any and all claims against the Debtors (and their assigns and/or successors) arising out of the Lease, including, without limitation, claims for insurance, utilities, maintenance and repair, attorneys' fees and/or damage to the Brewton Premises.

6.      Landlord further objects to the proposed cure amount because the proposed order granting the relief requested in the Motion merely provides for the payment of the proposed cure amount to be made "promptly after the Effective Date."  See Motion, Exhibit C.  The cure payments should be made on or before the Effective Date (as such term is defined in the Motion), or at least within a short  fixed period.  Moreover, any assumption order should provide that even if there is a dispute with respect the proposed cure amount, all undisputed amounts should be paid on or before the Effective Date, and only disputed amounts may be reserved or escrowed.

Adequate Assurance

---

[3]      Legal fees are estimated as of the date hereof.  Landlord reserves the right to amend this amount to account for additional fees incurred through and including the date the Lease is assumed.

7.      Section 365(b)(1)(C) of the Bankruptcy Code provides, in pertinent part, that before a Debtor may assume an executory contract or unexpired lease under which there has been a default, the Debtor must provide "adequate assurance of future performance under such contract or lease."  11 U.S.C. 365(b)(1)(C).  Accordingly, assumption of the Lease must be accompanied by a demonstration to the Landlord that the reorganized Debtors will be capable of meeting all of the obligations under the lease.  The Motion merely suggests that the Debtors continuing business operations will provide adequate assurance of future performance, <u>see</u> Motion, ¶ 18.  Landlord, therefore, objects to the proposed assumption and assignment of the Lease absent a showing of adequate assurance of the tenant's future performance under the Lease.  At a minimum, the Guaranty executed in favor of the Landlord must either be reaffirmed or reissued by a financially viable entity.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that the Court:  (a) deny the

Debtors' motion to assume the Lease unless and until the appropriate cure amount is established

and such assumption is otherwise done consistent with this objection; (b) require the Debtors to

pay the cure payments specified by Landlord immediately upon assumption of the Lease and any

amounts not yet due under the Lease as and when they become due; and (c) grant Landlord such

other and further relief as the Court deems just and proper.

Dated:  Jacksonville, Florida
           July 31, 2006


                                        Respectfully submitted,

                                        THE ROSENTHAL LAW FIRM, P.A.



                                   By: /s/ Jason A. Rosenthal
                                        Jason A. Rosenthal
                                        Florida Bar No. 0009482
                                        212 Pasadena Place, Ste. A
                                        Orlando, FL 32803
                                        Telephone:  407-488-1220
                                        Facsimile:  407-488-1221

                                        -and-

                                        WILLKIE FARR & GALLAGHER LLP
                                        Alan J. Lipkin, Esq.
                                        Brian P. Guiney, Esq.
                                        787 Seventh Avenue
                                        New York, New York  10019-6099
                                        (212) 728-8000

                                        Co-Attorneys for Corporate Property Associates 8

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via Electronic Transmission and/or U.S. Mail this 31st day of July, 2006, to Cynthia Jackson, 225 Water Street, Suite 1800, Jacksonville, FL 32202, D.J. Baker, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036, and Office of the Unites States Trustee, 135 W. Central Boulevard, Orlando, FL 32801.

/s/ Jason A. Rosenthal