**UNITED STATES BANKRUPTCY COURT**

**MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

| | |
|---|---|
| IN RE:<br><br>**WINN-DIXIE STORES, INC., et al**<br>Debtors | **CASE NO: 05-03817-3F1**<br><br>**CHAPTER 11**<br><br>**JOINTLY ADMINISTERED** |

OPPOSITION TO DEBTOR'S SECOND OMNIBUS MOTION FOR AUTHORITY
TO ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES,
TO CURE AMOUNTS AND GRANT RELATED RELIEF

**NOW INTO COURT**, through undersigned counsel, comes PRB Investments, L.L.C (hereinafter referred to as "PRB"), a creditor herein of Winn-Dixie Stores, Inc. who objects solely to that portion of the Debtor's Motion addressing the Cures.

As the record reflects, the Debtor has moved to accept the lease located at 7330 West Judge Perez Drive, Arabi, Louisiana.  Although the Creditor is amenable to an acceptance of the lease, the Debtor herein has suggested that there is no sum due to cure the lease as a result of the damages sustained to the property during Hurricane Katrina on August 29, 2005.  However, a review of the lease, the pertinent portions of which are attached hereto as Exhibit "A", reveals that the tenant, Winn-Dixie, has the duty to repair the damage and restore the premises in accordance with the Tenants plans or specifications.

>During the time that the store is damaged, destroyed or rendered unusable, the base rent is not due until such time as (I) the date the Tenant re-opens the store for business or (ii) the date the damage or destruction is completely repaired or restored or (iii) the date a reasonable person using qualified construction contractors could reasonably have been expected to have completely repaired or restored the damage or destruction.

In the instant case, more than ten months have elapsed since the date of the loss, and the Debtor has failed to even initiate repairs.  Although it is reasonable to assume that said repairs could take up to six months from the date of loss, it is without merit that Debtor should not pay rent following a reasonable period of time.   PRB suggests that a reasonable period of time is no more than four months, and that rent thereafter should be paid as a cure as part of the acceptance of the same lease. Thus, rent should be due and owing from March 1, 2006, at the rate of $55,000.00 per month.

Dated: July 31, 2006

**LEEFE, GIBBS, SULLIVAN & DUPRÉ & ALDOUS**


BY: _____/s/ Jerry W. Sullivan_____
    JERRY W. SULLIVAN, F.B.N. 616620

 3900 North Causeway Blvd., Suite 1470
One Lakeway Center
Metairie, Louisiana 70002
(504) 830-3990
(504) 830-3998 (facsimile)
jwsullivan@lgsdalaw.com

Counsel for PRB Investments, LLC

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

| | |
|---|---|
| D.J. Baker | Stephen D. Busey |
| Sally McDonald Henry | James H. Post |
| Rosalie Walker Gray | Cynthia C. Jackson |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, NY 10036 | Jacksonville, FL 32202 |
| (212) 735-3000 | (904) 359-7700 |
| (212) 735-2000 (facsimile) | (904) 359-7708 (facsimile) |
| djbaker@skadden.com | cjackson@smithhulsey.com |

              /s/ Jerry W. Sullivan
JERRY W. SULLIVAN
F.B.N. 616620
Counsel for PRB Investments, LLC
**LEEFE, GIBBS, SULLIVAN & DUPRÉ & ALDOUS**
3900 North Causeway Blvd., Suite 1470
One Lakeway Center
Metairie, Louisiana 70002
(504) 830-3990
(504) 830-3998 (facsimile)
jwsullivan@lgsdalaw.com