## UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors. | ) | Jointly Administered |

## CREDITOR BIG LOTS STORES, INC.'S RESPONSE TO DEBTOR'S FOURTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY AND (B) NO LIABILITY MISCLASSIFIED CLAIMS

Creditor, Big Lots Stores, Inc. ("Big Lots") by and through its undersigned counsel, files this Response to Debtors' Fourteenth Omnibus Objection to (A) No Liability and (B) No Liability Misclassified Claims and states:

1.      Big Lots timely filed Proof of Claim Number 12413 in the amount of $749,051.74 and Proof of Claim Number 12836 in the amount of $975,517.00.  The claims are unsecured.

2.      Each Proof of Claim fully and adequately explains the basis for the amount of the claims.  With respect to Proof of Claim Number 12413, Big Lots was a subtenant of Winn-Dixie Raleigh, Inc. relating to certain retail space formerly known as Winn-Dixie Store Number 837.  With respect to Proof of Claim Number 12836, Big Lots was a subtenant of Winn-Dixie Montgomery, Inc. relating to certain retail space formerly known as Winn-Dixie Store Number

1896. Debtors have rejected the subleases with Big Lots as well as the leases between Debtors and the owners of the properties at issue. The rejection of the subleases constitutes a breach under 11 U.S.C. § 365(g)(1). The amounts set forth in Proof of Claim Number 12413 and Proof of Claim Number 12836 constitute rejection damages under 11 U.S.C. § 502(g).

3. Debtors have objected to each Proof of Claim stating merely that their books and records do not show any liability to a subtenant of a rejected lease. Big Lots opposes the disallowance of its claims and states that the amount stated in each Proof of Claim is valid, due and owing to Big Lots. Debtors have offered no specific reason for disputing the claims.

4. Big Lots believes that a period of limited discovery is warranted to determine the specific nature of the Debtors' objection so that it may adequately prepare for any hearing on each Proof of Claim and Debtors' objection.

WHEREFORE, Big Lots requests that the Court (1) overrule Debtors' Objection, (2) determine that Proof of Claim Number 12413 and Proof of Claim Number 12836 be allowed in the amounts stated, and (3) grant such other relief as may be required under the circumstances.

Dated this 1st day of August, 2006.

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.


By ____/s/ Peter E. Nicandri____
    Peter E. Nicandri
    Florida Bar No. 823090
    pnicandri@milamhoward.com
    14 East Bay Street
    Jacksonville, Florida 32202
    Tel: (904) 357-3660
    Fax: (904) 357-3661

    ATTORNEYS FOR BIG LOTS
    STORES, INC.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed with the Clerk of the U.S. Bankruptcy Court, Middle District of Florida, and a copy delivered by electronic mail to:

| | |
|---|---|
| D.J. Baker, Esq. | Cynthia C. Jackson, Esq. |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| Skadden Arps Slate, | Smith Hulsey & Busey |
|   Meagher & Flom, LLP | 225 Water Street |
| 4 Times Square | Suite 1800 |
| New York, NY 10036 | Jacksonville, FL 32202 |

and to all other persons entitled to receive electronic service in the above-styled matter on this 1ST day of August, 2006.

By ____/s/ Peter E. Nicandri____
    Attorney