F I L E D
JACKSONVILLE, FLOR

JUL 3 1 2006

CLERK, U. S. BANKRUPTCY
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OBJECTION OF O'BRIEN KIERNAN INVESTMENTS CO., ET AL., TO DEBTORS' SECOND OMNIBUS MOTION FOR AUTHORITY TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF**

O'Brien Kiernan Investments Co., et al., successor in interest by assignment from Avondale Limited Partnership ("OBK"), by and through its undersigned counsel, hereby objects to the Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Motion"). In support of this objection, OBK states as follows:

I.  **Background**

1. On February 21, 2005 ("Petition Date"), Winn-Dixie Stores, Inc. and twenty-three (23) of its subsidiaries and affiliates (collectively referred to as the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. OBK leases Store 1418 located at 3001 Highway 90, Avondale, Louisiana to Debtors ("OBK Lease").

3. On or about June 30, 2006, the Debtors filed the Motion seeking, among other relief, an order allowing Debtors to assume the OBK Lease.

4. In the Motion, Debtors allege that the cure amount for the OBK Lease is $10,869.96.

## II. Objection to Debtors' Motion

5. OBK does not object to the Debtors' alleged rent cure amount.

6. OBK objects to the language contained in paragraph 7 of the Motion.

7. Paragraph 7 states, in relevant part, that the Landlords will be "deemed to have waived all claims under their respective Core Lease other than the Proposed Cure Amount" if they do not file a timely objection to the Motion.

8. OBK hereby objects to the Motion.

9. OBK affirmatively states that it does not waive claims for amounts or obligations other than the monetary.

**WHEREFORE,** OBK respectfully requests that the Court sustain the objection raised herein and require the Debtors to cure all defaults of OBK including maintenance and upkeep fees and grant OBK such other relief as is just and proper under the circumstances.

Dated this 30th day of July, 2006.

Respectfully submitted,

By: _____
Steven T. Waterman (Utah Bar No. 4164)
RAY QUINNEY & NEBEKER
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Fax: (801) 532-7543
Counsel for O'Brien Kiernan Investments et. al

## CERTIFICATE OF SERVICE

      This is to certify that the undersigned has this date served a true and correct copy of the within and foregoing Objection of O'Brien Kiernan-Investments Co., et al. to Debtors' Second Omnibus Motion for Authority to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief on the following parties, by either electronic transmission and/or U.S. First Class mail, in a properly addressed envelope, with adequate postage affixed thereof, as necessary:

D.J. Baker
Skadden Arps Slate Meagher & Flom, LLP
Four Times Square
New York, New York 10036

Cynthia C. Jackson
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Dated this 28th day of July, 2006.

By: _____