UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,　　　　　　　Case No.: 3:05-bk-03817-JAF

　　　　Debtors.　　　　　　　　　　　　　　　Chapter 11

　　　　　　　　　　　　　　　　　　　　　　　Jointly Administered

_____/

**FOURTH SUPPLEMENTAL AFFIDAVIT OF
JOHN B. MACDONALD, ON BEHALF OF
AKERMAN SENTERFITT, PURSUANT TO ORDER
APPROVING APPLICATION OF OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF
WINN-DIXIE STORES, INC., ET AL., FOR RETENTION
AND EMPLOYMENT OF AKERMAN SENTERFITT AS
CO-COUNSEL, NUNC PRO TUNC TO APRIL 22, 2005**

STATE OF FLORIDA　　　　)

COUNTY OF DUVAL　　　　 )

BEFORE ME, the undersigned authority, on this _2nd_ day of August, 2006, personally appeared John B. Macdonald, who, by me being first duly sworn, deposes and says:

　　　1.　　He is a shareholder of Akerman Senterfitt and makes this Affidavit on its behalf based upon his own personal knowledge and matters reported to him by other shareholders of Akerman Senterfitt and its employees working under his or their direction.

　　　2.　　He makes this Affidavit pursuant to the Order of the United States Bankruptcy Court, Jacksonville Division, Middle District of Florida, entered in the above-styled cases[1] (the

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

{JA282943;4}

"Winn-Dixie Bankruptcy Cases") on June 13, 2005 (the "Order")(Docket No. 1684), approving the Application of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc., et al., under 11 U.S.C. §1103 and Rules 2014 and 5002, Federal Rules of Bankruptcy Procedure, authorizing the retention and employment of Akerman Senterfitt as co-counsel for the Committee, *nun pro tunc* to April 22, 2005.

3. This Supplemental Affidavit supplements the (a) Affidavit of John B. Macdonald executed on May 3, 2005, in support of the Committee's application to retain and employ Akerman Senterfitt in these cases (Docket No. 1013), as supplemented on May 18, 2005 (Docket No. 1272), and June 3, 2005 (Docket No. 1575), and (b) the Affidavit of John B. Macdonald executed on July 13, 2005, pursuant to Order Approving Committee's Application to Retain and Employ Akerman Senterfitt as co-counsel, nunc pro tunc to April 22, 2005 (Docket No. 2124) as supplemented on September 15, 2005 (Docket No. 3461), March 27, 2005 (Docket No. 6814), and July 10, 2006 (Docket No. 9070) (collectively, the "Prior Affidavits").

4. In the Prior Affidavits, Akerman Senterfitt has undertaken to promptly disclose to the Court any information pertinent to its retention and employment in these cases.

5. As of July 17, 2006, Rachel Wagner will participate in a summer clerkship with Akerman Senterfitt in its office in Miami, Florida. Ms. Wagner previously participated in a summer clerkship with Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden, Arps") from May 15, 2006, through July 7, 2006.

6. The law firm of Skadden, Arps is currently employed as lead restructuring and bankruptcy counsel for the Debtors.

7. In connection with her clerkship with Akerman Senterfitt, Ms. Wagner has signed and submitted an affidavit dated July 19, 2006, representing to Akerman Senterfitt that during

her clerkship with Skadden, Arps she did not obtain confidential information, had no knowledge of, and did not work in any way on the Winn-Dixie Bankruptcy Cases.

8. As of July 26, 2006, Peter Dame joined Akerman Senterfitt as a shareholder in its office in Jacksonville, Florida. Mr. Dame previously practiced with the law firm Rogers Towers, P.A. ("Rogers Towers"), with a concentration in the areas of public finance and tax-exempt financing. Rogers Towers currently represents (a) Skinners of Point Meadows, Inc., and (b) Wachovia Bank, National Association, in its capacity as administrative and collateral agent, for itself and the other financial institutions from time to time party to the Credit Agreement, dated as of February 23, 2005, in connection with the Winn-Dixie Bankruptcy Cases.

9. Mr. Dame did not represent any of the foregoing entities, and did not work in any way in connection with the Winn-Dixie Bankruptcy Cases. Mr. Dame has signed and submitted an affidavit dated August 2, 2006, representing to Akerman Senterfitt that he did not obtain confidential information, had no knowledge of, and did not work in any way on the Winn-Dixie Bankruptcy Cases.

10. Additionally, Mr. Dame currently represents, or has represented Wells Fargo Bank, N.A. and U.S. Bank in certain matters <u>unrelated</u> to the Winn-Dixie Bankruptcy Cases. Wells Fargo Foothill, LLC is a co-documentation agent under the Debtors' prepetition credit agreement. U.S. Bancorp and Wells Fargo Bank, N.A. have filed UCC Financing Statements in connection with the Debtors' assets. U.S. Bank is a bank at which one or more of the Debtors maintains an account. Mr. Dame and Akerman Senterfitt will not represent any of the parties identified herein in any matter involving the Winn-Dixie Bankruptcy Cases.

11. Although Wells Fargo Bank, N.A. or U.S. Bank may seek to retain Mr. Dame and Akerman Senterfitt to represent them in certain matters, Mr. Dame and Akerman Senterfitt will not represent Wells Fargo Bank, N.A. or U.S. Bank in connection with the Winn-Dixie Bankruptcy Cases. If necessary, Akerman Senterfitt will seek to obtain appropriate conflict waivers prior to engaging any representation of Wells Fargo Bank, N.A. or U.S. Bank, including any affiliated entities.

12. As an additional measure, Akerman Senterfitt will not utilize Ms. Wagner or Mr. Dame for any research project, services, or any other work whatsoever in connection with Akerman Senterfitt's performance of its services as co-counsel for the Committee in the Winn-Dixie Bankruptcy Cases.

13. Akerman Senterfitt will file Supplementary Affidavits regarding its retention if any additional relevant information comes to its attention.

_____
John B. Macdonald

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF DUVAL           )

The foregoing instrument was acknowledged before me this 2nd day of August, 2006, by John B. Macdonald, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

{JA282943;4}                                    4