IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  WINN-DIXIE STORE, INC.                    CASE NO. 05-030817-3F1

**DEBTORS**

---

### RESPONSE OF COPIAH COUNTY, MISSISSIPPI TAX COLLECTOR TO DEBTORS' FOURTH OMNIBUS OBJECTION TO TAX CLAIMS

COMES NOW, April Holloway, Copiah County Tax Collector, and files this, her Response to Debtors' Fourth Omnibus Objection to Tax Claims and Motion for Order Determining Tax Liability and in support thereof shows as follows:

1.  Copiah County, Mississippi, Tax Collector April Holloway did not receive a copy of said objection and motion but learned of same through other counties similarly situated.

2.  Copiah County, Mississippi, Tax Collector April Holloway denies that debtors are entitled to the relief requested in their motion.

3.  Copiah County, Mississippi, Tax Collector April Holloway would show that the revised assessed value as asserted by the debtors on page 3 of 14 attached as Exhibit A to their motion dated July 11, 2006, are erroneous and would state that the assessed value as asserted by Copiah County for the years 2004 and 2005 are true and correct values and that the revised assessed value as set forth by the debtors is arbitrary and not the true assessed value of the property.

4.  Copiah County, Mississippi, Tax Collector April Holloway would show that debtor filed a personal rendition certifying under oath as required by the Mississippi

Code of 1972, Annotated, §27-35-23(4) that the values used by Copiah County in calculating the tax were true and correct.

5.     Copiah County, Mississippi, Tax Collector April Holloway would show that debtor did not file an objection to the assessment as required by §27-35-93 of the Mississippi Code of 1972, Annotated, which requires one dissatisfied with their tax assessment to file an objection at the August meeting of the Board of Supervisors, after which a hearing is held on the objection. In the absence of an objection, the assessment become final and is not subject to revision. See §27-35-81 et seq, Mississippi Code of 1972, Annotated. The 2004 personal property assessment became final in August 2004 and the 2005 personal property assessment became final in August 2005 when debtors did not object to same.

6.     Copiah County, Mississippi, Tax Collector April Holloway would state that this court has no jurisdiction to consider the matter of the tax assessment of Copiah County against debtors.

WHEREFORE, PREMISES CONSIDERED, the Copiah County, Mississippi, Tax Collector April Holloway prays that the motion filed by debtors be denied insofar as it pertains to Copiah County, Mississippi.

RESPECTFULLY SUBMITTED

**COPIAH COUNTY, MISSISSIPPI,
TAX COLLECTOR APRIL HOLLOWAY**

BY: _____
    **ATTORNEY FOR APRIL HOLLOWAY**

**SHANNON LAW FIRM, PLLC**
James D. Shannon (MSB #6731)
Elise B. Munn (MSB #9654)
100 West Gallatin Street
Hazlehurst, MS  39083
Phone: 601-894-2202
Fax:    601-894-5033

## CERTIFICATE OF SERVICE

I, James D. Shannon, attorney for April Holloway, do hereby certify that I have this day caused to be mailed, via U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing response to the following:

> Cynthia C. Jackson
> Smith, Jackson, Shulsey & Busey
> 225 Walter Street, Suite 1800
> Jacksonville, FL 32202
>
> 904-359-7708 (fax)

This _2nd_ day of August, 2006.

_____
JAMES D. SHANNON