**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817 |
| | ) | (Jointly Administered) |
| WINN-DIXIE STORES, INC., et al. | ) | |
| | ) | Chapter 11 |
| | ) | Objection Deadline: August 3, 2006 (by agreement of the Debtors) |
| Debtors. | ) | Hearing: August 10, 2006 |

**RESPONSE OF PRINCIPAL LIFE INSURANCE COMPANY TO DEBTORS' FOURTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS AND (B) NO LIABILITY MISCLASSIFIED CLAIMS**

Principal Life Insurance Company ("Principal"), formerly known as Principal Mutual Life Insurance Company, by its undersigned counsel, hereby submits this response (the "Response") to the Debtors' Fourteenth Omnibus Objection to (A) No Liability Claims and (B) No Liability Misclassified Claims (the "Objection"), and in support hereof, Principal respectfully states as follows:

**BACKGROUND**

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the " Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

2. On or about April 13, 2005, the New York Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida (the "Court").

3. The Debtors' cases are being jointly administered.

4. Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

**THE PROPERTY**

5. As more particularly described in the Proof of Claim[1] (as defined herein), prior to the Petition Date, Primax Properties, LLC (" Primax") leased pursuant to a lease agreement (the "Lease") c ertain property identified by the Debtors as store 2024 (the "Property") to Winn-Dixie Charlotte, Inc. n/k/a Winn-Dixie Raleigh, Inc.

6. Prior to the Petition Date, Principal made a loan (the "Loan") to Primax Properties, LLC ("Primax").

7. As security for Primax's obligati ons under the Loan, Primax assigned all of its right, title and interest in and to the Property, including the right to collect rents accruing from the Property or due under the Lease, to Principal pursuant to, *inter alia*, the following agreements (collectively, the "Agreements"):

a. that certain Deed of Trust, Security Agreement, and Assignment of Rents dated as of December 19, 1996 by and between Primax, as trustor, and Principal, as beneficiary (the "Deed of Trust"), a copy of which is attached hereto as Exhibit A; and

b. that certain Assignment of Leases and Rents dated as of December 19, 1996 by and between Primax, as assignor, and Principal, as assignee (the "Assignment of Leases and Rents"), a copy of which is attached hereto as Exhibit B.

8. Prior to the Petition Date, Primax transferred its interest in, *inter alia*, the Property, the Lease, the Deed of Trust and the Assignment of Leases and Rents to SFP, LLC ("SFP").

---

[1] The Response contains only a brief recitation of the basis of and support for the Proof of Claim. Please refer to the Proof of Claim and the documents referenced therein for more detail.

**THE PROOF OF CLAIM AND THE OBJECTION**

9. On or about September 8, 2005, the Court entered an order authorizing the Debtors to reject the Lease.

10. On or about September 14, 2005, the Debtors filed a Notice of Rejection (the "Notice").

11. Pursuant to the Notice, the Lease was rejected on or about September 24, 2005.

12. On or about October 21, 2005, Principal filed a proof of claim (the "Proo f of Claim") for damages resulting from rejection of the Lease[2].

13. On or about July 11, 2006, the Debtors filed the Objection pursuant to which the Debtors objected to certain proofs of claim filed by Principal, including, the Proof of Claim in which the Debtors allege that they did not have liability absent proof of assignment.

**THE RESPONSE**

14. Pursuant to the Deed of Trust, Primax, as trustor, granted, bargained, sold, and conveyed unto Principal, as trustee, *inter alia*, all of its right, title and interest in the Property, including, but not limited to Primax's interest as lessor in and to all leases of the Property and all rents, issues, proceeds and profits accruing or to accrue from the Property.

15. Pursuant to the Assignment of Leases and Rents, Primax, as assignor, absolutely and directly assigned, bargained, sold, transferred, conveyed, set over and delivered unto Principal, as assignee, all of the rights of Primax under the Lease including the right to collect all rents, income and other payments that become due pursuant to the Lease.

---

[2] On or about July 28, 2005, in order comply with the original bar date for filing proofs of claim set by the Court, Principal filed a proof of claim (the "Original Proof of Claim") as a contingent, unliquidated claim for additional amounts that may become owing under the Lease as of the date of rejection of the Lease. Accordingly, the Proof of Claim amended the Original Proof of Claim.

16. Accordingly, Principal has the right, title and interest to any and all claims arising from the rejection of the Lease, including the Proof of Claim.

WHEREFORE, Principal requests that this Court overrule the Objection as to the Proof of Claim and grant such other relief as the Court deems just and proper.

Dated: August 3, 2006

By: /s/ Wendy M. Simkulak
DUANE MORRIS LLP
Paul L. Orshan, Esquire
Florida Bar No. 776203
200 S. Biscayne Boulevard
Suite 3400
Miami, FL 33131
Telephone: (305) 960-2200
Facsimile: (305) 960-2201
plorshan@duanemorris.com

and

Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
mnreed@duanemorris.com
wmsimkulak@duanemorris.com

Counsel to Principal Life Insurance Company