# EXHIBIT A

5

BK: 08867 PG: 0001/0039  #:3487  33.00
JUDITH A GIBSON REG OF DEEDS MECK NC
FILED FOR REGISTRATION 12/20/96 14:12

Record and return to

Principal Mutual Life Insurance Company
711 High Street
Des Moines, IA  50392
ATTN  Patrice Davis

## DEED OF TRUST, SECURITY AGREEMENT

## AND ASSIGNMENT OF RENTS

### D-750848

THIS DEED OF TRUST, made as of December 19 , 1996, between PRIMAX PROPERTIES, LLC, a North Carolina limited liability company, having a post office address at 1115 East Morehead Street, Charlotte, North Carolina 28204-2814, as Trustor, Ronald B  Franklin of 711 High Street, Des Moines, Iowa 50392, as Trustee, and PRINCIPAL MUTUAL LIFE INSURANCE COMPANY, an Iowa corporation, having its principal place of business and post office address at 711 High Street, Des Moines, Iowa 50392, as Beneficiary,

WITNESSETH·

THAT Trustor is justly indebted to Beneficiary for money borrowed in the principal sum of Four Million Four Hundred Thirty Thousand and 00/100 Dollars ($4,430,000 00), evidenced by Trustor's promissory note (herein called the Note) of even date herewith, made payable and delivered to Beneficiary, in which Note Trustor promises to pay to Beneficiary the said principal sum or so much thereof as may be advanced from time to time by Beneficiary, together with interest at the rate, at the times, and in installments as in the Note provided, until the entire principal and accrued interest have been paid, but in any event, the principal balance (if any) remaining due on the Note shall be due and payable on the fifteenth day of December 2011 ("Maturity Date").

NOW, THEREFORE, to secure the payment of the said indebtedness in accordance with the terms and conditions hereof and of the Note, and all extensions, modifications, and renewals thereof and the performance of the covenants and agreements contained herein, and also to secure the payment of any and all other indebtedness, direct or contingent, that may now or hereafter become owing from Trustor to Beneficiary, and in consideration of Ten Dollars in hand paid, receipt of which is hereby acknowledged, Trustor does by these presents grant, bargain, sell and convey, in trust with full power of sale as provided by law unto Trustee, his successors and assigns forever, that certain real estate and all of Trustor's estate, right, title and interest therein, located in the County of Mecklenburg, State of North Carolina, more particularly described in Exhibit A attached hereto and made a part hereof, which real estate, together with the following described property, rights and interests, is collectively referred to herein as the "Premises "



-2-

Together with Trustor's interest as lessor in and to all leases of the said Premises, or any part thereof, heretofore or hereafter made and entered into by Trustor during the life of this Deed of Trust or any extension or renewal hereof and all rents, issues, proceeds and profits accruing or to accrue from the Premises (which are pledged primarily and on a parity with the real estate and not secondarily).

Together with all and singular the tenements, hereditaments, easements, appurtenances, passages, waters, water courses, riparian rights, rights in trade names, other rights, liberties and privileges thereof or in any way now or hereafter appertaining to said real estate, including homestead and any other claim at law or in equity as well as any after-acquired title, franchise or license and the reversion and reversions and remainder and remainders thereof.

Together with, the right in case of foreclosure hereunder of the encumbered property for Beneficiary to take and use the name by which the buildings and all other improvements situated on the Premises are commonly known and the right to manage and operate the said buildings under any such name and variants thereof.

Together with all right, title and interest of Trustor in any and all buildings and improvements of every kind and description now or hereafter erected or placed on the said real estate and all materials intended for construction, reconstruction, alteration and repairs of such buildings and improvements now or hereafter erected thereon, all of which materials shall be deemed to be included within the Premises immediately upon the delivery thereof to the Premises, and all fixtures now or hereafter owned by Trustor and attached to or contained in and used in connection with the Premises including, but not limited to, all machinery, motors, elevators, fittings, radiators, awnings, shades, screens, and all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning and sprinkler equipment and fixtures and appurtenances thereto, and all items of furniture, furnishings, equipment and personal property owned by Trustor used or useful in the operation of the Premises; and all renewals or replacements thereof or articles in substitution therefor, whether or not the same are or shall be attached to said buildings or improvements in any manner; it being mutually agreed, intended and declared that all the aforesaid property owned by Trustor and placed by it on the real estate or used in connection with the operation or maintenance of the Premises shall, so far as permitted by law, be deemed to form a part and parcel of the real estate and for the purpose of this Deed of Trust to be real estate and covered by this Deed of Trust, and as to any of the property aforesaid which does not form a part and parcel of the real estate and does not constitute a "fixture" (as such term is defined in the Uniform Commercial Code) this Deed of Trust is hereby deemed to be, as well, a Security Agreement under the Uniform Commercial Code for the purpose of creating hereby a security interest in such property which Trustor hereby grants to Beneficiary as Secured Party  Trustor agrees to execute any and all documents, including financing statements which may be required by Beneficiary to perfect the security interest granted hereby

Together with all right, title and interest of Trustor, now or hereafter acquired, in and to any and all strips and gores of land adjacent to and used in connection with the Premises and all right, title

-3-

and interest of Trustor, now owned or hereafter acquired, in, to, over and under the ways, streets, sidewalks and alleys adjoining the Premises

Together with all funds now or hereafter held by Beneficiary under any escrow security agreement or under any of the terms hereof, including but not limited to funds held under the provisions of paragraph 4 hereof

TO HAVE AND TO HOLD the same unto Trustee, Trustee's successors and assigns, upon the trusts, covenants and agreements herein expressed

THIS CONVEYANCE IS MADE UPON THIS SPECIAL TRUST that if Trustor shall pay the note secured hereby in accordance with its terms, together with interest thereon, and all renewals and extensions thereof, and shall faithfully comply with all of the covenants, stipulations and conditions of this Deed of Trust and of the other documents evidencing the obligations secured hereby, then this Deed of Trust shall become null and void and may be canceled of record at the request and at the cost of Trustor, however, if an Event of Default (as hereinafter defined) shall occur, Beneficiary may, at its option, declare the entire principal sum secured hereby, immediately due and payable; and upon application of Beneficiary, it shall be the duty of Trustee or his successor or substitute trustee to sell the Premises at public auction to the highest bidder for cash either on the Premises or at such place as is customary to hold public sale in Mecklenburg County, North Carolina after first giving notice of sale to Trustor and to the then record owner of the Premises and to any other person entitled by law to such notice and after all hearings required by law are held and after first advertising the Premises for sale for a period as is required by law immediately prior to the sale by posting a notice of sale at such place as is customary in Mecklenburg County, North Carolina and also by publishing notice of sale containing the information required by law at least once a week for two (2) consecutive weeks or as is required by law in a newspaper qualified for legal advertising in Mecklenburg County, North Carolina or in a newspaper of general circulation published in Mecklenburg County, North Carolina. Upon any such sale, Trustee shall execute and deliver to the purchaser a deed for the Premises; and after deducting a maximum of one percent (1%) of the proceeds of such sale as compensation to the Trustee and after paying all expenses incurred by him, including reasonable attorneys' fees for legal services actually performed, Trustee shall apply the remaining proceeds of the sale first to the payment of all indebtedness secured hereby, and the balance, if any, shall be paid to Trustor or to such other person or persons as may be lawfully entitled thereto   Trustor agrees that Beneficiary shall have the right to bid at any sale conducted by Trustee hereunder and shall have the right to purchase the Premises at such sale.

Trustor represents that it is the absolute owner in fee simple of the Premises described in Exhibit A, which Premises are free and clear of any liens or encumbrances except as set out in Exhibit B attached hereto (the "Permitted Exceptions"), and except for taxes which are not yet due or delinquent. Trustor shall forever warrant and defend the title to the Premises against all claims and demands of all persons whomsoever (except for the Permitted Exceptions) and will on demand

-4-

execute any additional instrument which may be required to give Trustee a valid first lien on all of the Premises

Trustor further represents that (i) the Premises is not subject to any casualty damage, (ii) to the best of Trustor's knowledge, after due and diligent inquiry and investigation and except as disclosed in that Phase I Environmental Report conducted by Trigon and dated August 6, 1996 (the "Report"), there is no Hazardous Material (as hereinafter defined) on the Premises, nor has any Hazardous Material been discharged from the Premises or penetrated any surface or subsurface rivers or streams crossing or adjoining the Premises or the aquifer underlying the Premises, and (iii) Trustor has complied and caused the Premises to comply with all statutes, laws, ordinances, rules and regulations of all local, state or federal authorities having jurisdiction over the Premises or its use relative to any Hazardous Material "Hazardous Material" as used in this Deed of Trust means any hazardous or toxic material, substance, pollutant, contaminant, or waste which is defined by those or similar terms or is regulated as such under any statute, law, ordinance, rule or regulation of any local, state or federal authority having jurisdiction over the Premises or its use, including but not limited to (a) the Federal Water Pollution Control Act, as amended (33 U S C §1251 et. seq ) (b) the Resource Conservation and Recovery Act, as amended (42 U S C §6901 et. seq ); (c) the Comprehensive Environmental Response, Compensation and Liability Act, as amended (42 U S C. §9601 et. seq ); or (d) the Federal Clean Air Act, as amended (42 U.S C. §7401 et. seq ) (hereinafter collectively referred to as "Environmental Laws") but shall not include supplies for cleaning and maintenance and standard office supplies in commercially reasonable amounts provided, however, that such items are incidental to the use of the Premises and are stored and used in compliance with all Environmental Laws

TRUSTOR COVENANTS AND AGREES AS FOLLOWS

1    Trustor shall

  (a)   pay each item of indebtedness secured by this Deed of Trust when due according to the terms hereof and of the Note;

  (b)   pay a late charge equal to four percent (4%) of any payment of principal, interest or premium which is not paid within fifteen (15) days, or such shorter period of time as may be permitted by North Carolina law, given the automated clearinghouse transfer method of payment, of the due date thereof to cover the expense involved in handling such late payment,

  (c)   pay on or before the due date thereof any indebtedness which may be secured by a lien or charge on the Premises (except for mechanic's liens, which are addressed under paragraph 1(f) hereof), and upon request of Beneficiary exhibit satisfactory evidence of the discharge thereof,

-5-

(d)    complete within a reasonable time the construction of any building now or at any time in process of construction upon the real estate,

(e)    make no material alteration to the Premises without the prior written consent of Beneficiary, except such as are required by law or ordinance,

(f)    remove or demolish no building or other improvement at any time a part of the Premises without the prior written consent of Beneficiary, and shall keep the Premises, including the buildings and improvements, in good condition and repair, without waste, and free from mechanics' liens or other liens or claims for liens and encumbrances which are not expressly subordinated to the lien hereof, provided, however that Trustor may in good faith, with reasonable diligence and upon written notice to Beneficiary within ten (10) days after Trustor has knowledge of such lien, contest the validity or amount of any such lien and defer payment and discharge thereof during the pendency of such contest in the manner provided by law, provided that (i) such contest shall prevent the sale or forfeiture of the Premises or any part thereof, or any interest therein, to satisfy such lien, (ii) Trustor shall have either obtained, at its option, either a title endorsement over such lien insuring Beneficiary against loss by reason of such lien or a bond over such lien from a bonding company acceptable to Beneficiary which has the effect of removing such lien or shall have deposited with Beneficiary at such place as Beneficiary may from time to time in writing appoint, and in the absence of such appointment, then at the place of payment designated in the Note, a sum of money (the "Deposits) which shall be sufficient in the judgment of Beneficiary to pay in full such lien and all interest which might become due thereon and which shall be held by Beneficiary without interest to Trustor; and (iii) Trustor shall pay all costs and expenses incidental to such contest, and further provided, that in the event of a ruling or adjudication adverse to Trustor, Trustor shall promptly pay such claim or lien, shall indemnify and hold Beneficiary harmless from any loss for damage arising from such contest and shall pay such claim or take whatever action is necessary to prevent sale, forfeiture or any other loss or damage to the Premises or to the Beneficiary;

(g)    comply, and shall cause each lessee or other user of the Premises to comply, with all requirements of law and ordinance, and with all rules and regulations, now or hereafter enacted, by authorities having jurisdiction of the Premises and the use thereof, all orders and directions of the National Fire Protection Association or similar body, and all covenants, conditions and restrictions of record pertaining to the Premises, including the building and improvements, and the use thereof,

(h)    cause or permit no change to be made in the general use of the Premises without Beneficiary's prior written consent,

-6-

(i)    initiate or acquiesce in no zoning reclassification or material change in zoning without Beneficiary's prior written consent;

(j)    make or permit no use of the Premises that could with the passage of time result in the creation of any right of use, or any claim of adverse possession or easement on, to or against any part of the Premises in favor of any person or the public;

(k)    subject to the provisions of paragraph 5(c) hereof, promptly repair, restore or rebuild any buildings or improvements now or hereafter a part of the Premises which may become damaged or be destroyed by any cause whatsoever, so that upon completion of the repair, restoration and rebuilding of the building and improvements, there will be no liens of any nature (except to the extent permitted under paragraph 1(f) hereof) arising out of the construction and the Premises will be of substantially the same character and will have a commercial value at least as great as the commercial value thereof prior to the damage or destruction;

(l)    not, directly or indirectly, due to assignment of beneficial interest under a trust, partnership interest in a partnership, or otherwise, cause or permit any sale, transfer or conveyance of the Premises or create, suffer or permit any encumbrance or lien on the Premises other than the lien hereof, the leases of the Premises assigned to Beneficiary and other exceptions expressly referred to herein (except for mechanic's liens, which are addressed under paragraph 1(f) hereof), it being understood and agreed that the indebtedness evidenced by the Note and its terms are personal to Trustor and in accepting the same Beneficiary has relied upon what it perceived as the willingness and ability of Trustor to perform its obligations hereunder, under the Note, and as lessor under leases of the Premises, Beneficiary may consent to a sale, transfer, conveyance or encumbrance and expressly waive this provision in writing to Trustor however any such consent and waiver shall not constitute any consent or waiver of this provision as to any sale, transfer, conveyance or encumbrance other than that for which the consent and waiver was expressly granted, Beneficiary's ability to consent to any sale, transfer, conveyance or encumbrance and waive this provision implies no standard of reasonableness in determining whether or not such consent shall be granted and the same may be based upon what Beneficiary solely deems to be in its best interest; without limiting Beneficiary's right to withhold its consent and waiver entirely, such consent and waiver may be conditioned upon an increase in the rate of interest under the Note and the imposition of other terms and conditions thereunder or hereunder; any sale, transfer, conveyance or encumbrance made, created or permitted in violation of this provision shall be null and void and in addition to the other rights and remedies available to Beneficiary hereunder, Beneficiary shall have the option of declaring the unpaid principal balance of the Note, together with all accrued and unpaid interest, premium, if any and all other

-7-

sums and charges evidenced thereby or owing hereunder, immediately due and
payable,

Notwithstanding anything hereinabove to the contrary, Beneficiary does hereby
consent to a one time sale, transfer or conveyance of the Premises and subsequent
assumption of the obligations of Trustor under this Deed of Trust and the Note
secured hereby (in which case the Guaranty of even date herewith executed by the
guarantor(s) shall be unconditionally released by Beneficiary, except for guarantor(s)'
obligation under that certain Environmental Indemnity Agreement of even date
herewith), subject to Beneficiary's approval of the proposed purchaser which
approval shall be conditioned upon but not limited to, the proposed purchaser's
creditworthiness, financial strength and real estate management expertise and subject
to the payment of an assumption fee in the amount of one percent (1%) of the then
outstanding principal balance of the Note to Beneficiary   Beneficiary reserves the
right to require the execution of a Guaranty document in connection with
Beneficiary's approval of the proposed purchaser.  Beneficiary will require an
opinion from a counsel approved by Beneficiary, that Beneficiary can receive and
collect a 1% assumption fee

(m) not cause or permit any Hazardous Material to exist on or discharge from the
Premises, and comply with all Environmental Laws, and promptly: (i) pay any claim
against Trustor or the Premises, (ii) remove any charge or lien upon the Premises,
and (iii) indemnify and hold Beneficiary harmless from any and all loss or damage,
resulting from any Hazardous Material that exists on or is discharged from the
Premises; provided, however, that this indemnity does not apply to Hazardous
Material that exists on or is discharged from the Premises due to acts or omissions
occurring after Trustor or any person or entity in any way related to Trustor no
longer holds title to or has any ownership, management or leasing interest in the
Premises,

(n) not cause or permit any Hazardous Material to exist on or discharge from any
property owned or used by Trustor which would result in any charge or lien upon the
Premises,

(o) notify Beneficiary of any Hazardous Material that exists on or is discharged from the
Premises within ten (10) days after Trustor first has knowledge of such existence or
discharge;

(p) if other than a natural person, to preserve and keep in full force and effect its
existence, franchises, rights and privileges under the laws of the state of its formation
and, if other than its state of formation, the state where the Premises is located;

-8-

(q)   do all things necessary to preserve and keep in full force and effect Beneficiary's title insurance coverage insuring the lien of this Deed of Trust as a first and prior lien, subject only to the exceptions stated in Exhibit B and any other exceptions after the date of this Deed of Trust approved in writing by Beneficiary or otherwise permitted hereunder, including without limitation, delivering to Beneficiary not less than 30 days prior to the effective date of any rate adjustment, modification or extension of the Note, any new policy or endorsement which may be required to assure Beneficiary of such continuing coverage,

(r)   not, directly or indirectly, commit waste;

(s)   pay or cause any lessee to pay all utilities on the Premises prior to becoming delinquent, and

(u)   shall provide written evidence that the Premises is separately assessed from the First Excluded Parcel (as defined in Exhibit A) for tax purposes by the County of Mecklenburg, State of North Carolina by no later than January 1, 1998. Beneficiary reserves the right to review and approve said written evidence   Until the Premises is separately assessed from the First Excluded Parcel and Trustor has fully complied with this paragraph 1(u), Trustor shall pay all taxes and assessments for the Premises and all other property which Trustor is required to pay taxes and assessments for pursuant to the terms of paragraph 2 hereinbelow, including, but not limited to, the First Excluded Parcel in accordance with and subject to paragraph 2 hereinbelow.

2   (a)   Trustor shall pay when due and before any penalty attaches or interest accrues all general taxes, special taxes, assessments (including assessments for benefits from public works or improvements whenever begun or completed), water charges, sewer service charges, CAM charges, if any, vault or space charges and all other like charges against or affecting the Premises or against any property or equipment located on the Premises, or which might become a lien on the Premises, and shall, within 10 days following Beneficiary's request, furnish to Beneficiary a duplicate receipt of such payment   If any such tax, assessment or charge may legally be paid in installments, Trustor may, at its option, pay such tax, assessment or charge in installments

(b)   To prevent default hereunder Trustor shall pay in full, under protest in the manner provided by law, any tax, assessment or charge which Trustor may desire to contest, provided, however, that

(i)   if contest of any tax, assessment or charge may be made without the payment thereof, and

-9-

(ii)   such contest shall have the effect of preventing the collection of the tax, assessment or charge so contested and the sale or forfeiture of the Premises or any part thereof or any interest therein to satisfy the same,

then Trustor may at its option and in its discretion and upon the giving of written notice to Beneficiary of its intended action and upon the furnishing to Beneficiary of such security or bond as Beneficiary may require, contest any such tax, assessment or charge in good faith and in the manner provided by law   All costs and expenses incidental to such contest shall be paid by Trustor   In the event of a ruling or adjudication adverse to Trustor, Trustor shall promptly pay such tax, assessment or charge   Trustor shall indemnify and save harmless the Beneficiary and the Premises from any loss or damage arising from any such contest and shall, if necessary to prevent sale, forfeiture or any other loss or damage to the Premises or the Beneficiary, pay such tax, assessment or charge or take whatever action is necessary to prevent any sale, forfeiture or loss

3    (a)    Trustor shall at all times keep in force (i) property insurance insuring all buildings and improvements which now are or hereafter become a part of the Premises for perils covered by a causes of loss-special form insurance policy containing both replacement cost and agreed amount endorsements or options, (ii) commercial general liability insurance naming Trustee and Beneficiary as additional insureds protecting Trustor, Beneficiary and Trustee against liability for bodily injury or property damage occurring in, on or adjacent to the Premises in commercially reasonable amounts, (iii) boiler and machinery insurance if the property has a boiler or is an office building; (iv) rental value insurance for the perils specified herein for one hundred percent (100%) of the rents (including operating expenses, real estate taxes, assessments and insurance costs which are lessee's liability) for a period of twelve (12) months; and (v) insurance against all other hazards as may be reasonably required by Beneficiary, including, without limitation, insurance against loss or damage by flood and earthquake.

(b)    All insurance shall be in form, content and amounts approved by Beneficiary and written by an insurance company or companies rated A, class size X or better in the most current issue of Best's Insurance Reports and which is licensed to do business in the state in which the Premises are located and domiciled in the United States or a governmental agency or instrumentality approved by Beneficiary. The policies for such insurance shall have attached thereto standard mortgagee clauses in favor of and permitting Beneficiary to collect any and all proceeds payable thereunder and shall include a 30 day (except for nonpayment of premium, in which case, a 10 day) notice of cancellation clause in favor of Beneficiary. All policies or certificates of insurance shall be delivered to and held by Beneficiary as further security for the payment of the Note and any other obligations arising under the Loan Documents, with evidence

-10-

of renewal coverage delivered to Beneficiary at least 30 days before the expiration
date of any policy   Not more frequently than once every three years, if Beneficiary
has a reasonable belief that the replacement cost value is not correct, it shall notify
Trustor and Trustor, at its expense, will furnish Beneficiary with an appraisal of the
full insurable replacement cost value of the Premises, made by fire insurance
appraisers satisfactory to Beneficiary and fire insurance companies generally   Trustor
shall not carry separate insurance, concurrent in kind or form and contributing in the
event of loss, with any insurance required herein.

4    (a)    Upon the occurrence of an Event of Default or in the event of a material adverse
change in the financial condition of Trustor or the value of the Premises as
determined by Beneficiary, then, upon request of Beneficiary, Trustor shall deposit
with and pay to Beneficiary, on each payment date specified in the Note secured by
this Deed of Trust, a sum equivalent to   (1) the taxes and assessments assessed or
levied against and next due on the Premises and the Adjacent Parcels divided by the
number of payments that will become due and payable under the Note before the date
when such taxes and assessments will become due and payable, plus (2) the premiums
that will next become due and payable for insurance required by this Deed of Trust to
be furnished by Trustor divided by the number of payments that will become due and
payable under the Note before the date when such premiums will become due and
payable. Beneficiary shall use such deposits to pay the taxes, assessments and
premiums when the same become due. Beneficiary shall not be liable for interest on
such deposits. Trustor shall procure and deliver to Beneficiary, in advance,
statements for such charges   If the total payments made by Trustor under this
paragraph exceed the amount of payments actually made by Beneficiary for taxes,
assessments and insurance premiums, such excess shall be credited by Beneficiary on
subsequent deposits to be made by Trustor.  If, however, the deposits are insufficient
to pay the taxes, assessments and insurance premiums when the same shall be due and
payable, Trustor will pay to Beneficiary any amount necessary to make up the
deficiency, five (5) business days before the date when payment of such taxes,
assessments and insurance premiums shall be due.  If at any time Trustor shall tender
to Beneficiary, in accordance with the provisions of the Note secured by this Deed of
Trust, full payment of the entire indebtedness represented thereby, Beneficiary shall,
in computing the amount of such indebtedness, credit to the account of Trustor any
balance remaining in the funds accumulated and held by Beneficiary under the
provisions of this paragraph   If there is a default under any of the provisions of this
Deed of Trust resulting in a public sale of the Premises, or if Beneficiary otherwise
acquires the Premises after default, Beneficiary shall apply, at the time of
commencement of such proceedings, or at the time the Premises is otherwise
acquired, the balance then remaining in the funds accumulated under this paragraph
as a credit on the interest accrued and unpaid and the balance to the principal then
remaining unpaid under the Note   The provisions of this paragraph shall not affect

-11-

the enforceability of the covenants relating to taxes, assessments and insurance premiums provided for in this Deed of Trust, except to the extent that obligations for the same have been actually met by compliance with this paragraph

(b) Any funds held under this paragraph shall not constitute any deposit or account of the Trustor or moneys to which the Trustor is entitled upon demand, or upon the mere passage of time, or sums to which Trustor is entitled to any interest or crediting of interest by virtue of Beneficiary's mere possession of such deposits Beneficiary shall not be required to segregate such deposits or hold such deposits in any separate account for the benefit of Trustor. Beneficiary may hold such deposits in its general account or any other account and may commingle such deposits with any other moneys of Beneficiary or moneys which Beneficiary is holding on behalf of any other person or entity. Trustor hereby consents to the investment of such deposits by Beneficiary as outlined herein

5. In the event of any damage to or destruction of the buildings or improvements which are a part of the Premises

(a) Trustor will immediately notify Beneficiary thereof in the manner provided in this Deed of Trust for the giving of notices Beneficiary may in its discretion (and it is hereby authorized to) either settle and adjust any claim under such insurance policies, or allow Trustor to agree with the insurance company or companies on the amount to be paid upon the loss In either case, the proceeds shall be paid to Beneficiary and Beneficiary is authorized to collect and to give receipts therefor In the event Beneficiary elects to either settle or adjust any claim under such insurance policies, and provided there is no Event of Default or event which with the passage of time or notice or both would constitute an Event of Default which has occurred and is continuing, Trustor shall have the right to participate in said settlement or adjustment, provided, however, that any settlement or adjustment shall be subject to the written approval of Beneficiary.

(b) Such proceeds, after deducting therefrom any expenses incurred in the collection thereof, including reasonable attorneys' fees and costs, shall be applied at the option of Beneficiary either to the cost of rebuilding and restoring the buildings and improvements or in reduction of the indebtedness secured hereby whether or not then due and payable, provided however, that if no Event of Default has occurred and is continuing and Beneficiary has not otherwise previously accelerated the whole or any part of the indebtedness secured hereby, such reduction shall be without Make Whole Premium. Any excess proceeds remaining after said indebtedness is fully paid shall be promptly remitted to Trustor

-12-

(c)   Regardless of the cause of the damage or destruction or the availability or sufficiency of insurance proceeds until all indebtedness secured hereby shall be fully paid, Trustor shall be obligated to repair, restore and rebuild any buildings or improvements so damaged or destroyed, provided however, that if any insurance proceeds have been paid to Beneficiary under any insurance policies maintained by Trustor under the provisions of Paragraph 3, Trustor shall be so obligated only if Beneficiary elects to apply such proceeds to the cost of rebuilding and restoration Repair and restoration of the buildings and improvements shall be commenced promptly after the occurrence of the loss and shall be prosecuted to completion diligently, and the buildings and improvements shall be so restored and rebuilt as to be of at least equal value and substantially the same character as prior to such damage and destruction. In the event the estimated costs of rebuilding and restoration exceed 25% of the indebtedness then remaining unpaid as secured hereby, the drawings and specifications pertaining to such rebuilding and restoration shall be subject to the prior written approval of Beneficiary

Notwithstanding anything to the contrary contained in this Deed of Trust, such insurance proceeds shall be held by Beneficiary without any allowance of interest and shall be made available to reimburse Trustor for the cost of the rebuilding or restoration of buildings or improvements on the Premises, subject to paragraph 5(d) hereinbelow and the following conditions

   (i)    there has been no Event of Default or event which with the passage of time or notice or both would become an Event of Default under the Loan Documents which has occurred and is continuing, and Trustor has not been in habitual default under the Loan Documents which shall be defined as more than one default per year,

   (ii)   the annual net operating income from all approved executed leases in effect on the Premises with no uncured defaults shall equal or exceed 1 15 times the annual debt service on the Note with approved leases that have at least 2 years remaining prior to the expiration of their term;

   (iii)  Winn-Dixie Charlotte, Inc., Revco Discount Drug Centers, Inc and Trustor each confirm in writing to Beneficiary that (x) such tenant intends to reoccupy the Premises after the restoration is completed, (y) the relevant lease is in full force and effect and (z) no defaults have occurred and are continuing thereunder,

   (iv)   Beneficiary approves the plans and specifications of such work before such work is commenced,

-13-

(v)  Trustor provides suitable completion or performance bonds (or other requirements as Beneficiary may require in the event that completion or performance bonds are not available) and builder's all risk insurance,

(vi)  no insurer asserts any defense against Trustor or a tenant under a lease covering all or any portion of the Premises pursuant to any insurance policies covering the improvements on the Premises;

(vii)  there shall be sufficient funds on deposit with Beneficiary at all times to complete the repair and restoration, as certified from time to time by an inspecting architect approved by Beneficiary,

(viii)  said rebuilding or restoration shall be, in Beneficiary's opinion, economically feasible,

(ix)  Trustor pays to Beneficiary a non-refundable processing fee equal to the greater of $2,500.00 or 5% of the amount of such proceeds (not to exceed $10,000 00) within sixty (60) days of the occurrence of any such damage or destruction and before Beneficiary disburses any proceeds;

(x)  the installment payments and any other sums that become due and all obligations under the Loan Documents (up to a maximum amount of $2,050,000 00) shall be fully recourse obligations to Trustor commencing upon Beneficiary's receipt of said non-refundable processing fee and continuing until such time as the rebuilding or restoration is completed in accordance with the provisions contained herein, and

(xi)  such other conditions to such disbursements, in Beneficiary's discretion as would be customarily required by a construction lender doing business in the area

If the foregoing conditions are not met, Beneficiary at its option may require Trustor to use any proceeds to either immediately rebuild any portion or all of the improvements or apply the insurance proceeds to the reduction of the indebtedness secured hereby, whether due or not, without the imposition of a Make Whole Premium  Trustor agrees and acknowledges that all such proceeds shall be deemed to be "Cash Collateral" as that term is defined in Section 363 of the Bankruptcy Code in any bankruptcy proceeding of Trustor

(d)  In the event that Trustor is to be reimbursed out of the insurance proceeds, such proceeds shall be made available from time to time upon the furnishing to Beneficiary of satisfactory evidences of the estimated cost of completion thereof and such

-14-

architect's certificates, waivers of lien, contractor's sworn statements, and other
evidence of cost and of payment and of the continued priority of the lien hereof over
any potential liens of mechanics and materialmen as Beneficiary may require and
approve   No payment made by Beneficiary prior to the final completion of the work
shall, together with all payments theretofore made, exceed 90% of the value of the
work performed to the time of payment, and at all times the undisbursed balance of
said proceeds shall be at least sufficient to pay for the cost of completion of the work
free and clear of liens   Any proceeds remaining after payment of the cost of
rebuilding and restoration shall, at the option of Beneficiary, either be applied in
reduction of the indebtedness secured hereby, provided, however, that if no Event of
Default has occurred and is continuing and Beneficiary has not otherwise previously
accelerated the whole or any part of the indebtedness secured hereby, such reduction
shall be without Make Whole Premium, or paid to Trustor.

(e)   Should such damage or destruction occur after foreclosure or sale proceedings have
been instituted, the proceeds of any such insurance policy or policies, if not applied
in rebuilding or restoration of the buildings or improvements, shall be used to pay the
amount due in accordance with any decree of foreclosure or deficiency judgment that
may be entered in connection with such proceedings, and the balance, if any, shall be
paid to the owner of the equity of redemption if he shall then be entitled to the same,
or otherwise as any court having jurisdiction may direct.  Following any foreclosure
sale, or other sale of the Premises by Beneficiary pursuant to the terms hereof,
Beneficiary is authorized without the consent of Trustor to assign any and all
insurance policies to the purchaser at the sale and to take such other steps as
Beneficiary may deem advisable to cause the interests of such purchaser to be
protected by any of such insurance policies

6    Trustor hereby assigns, transfers and sets over to Beneficiary the entire proceeds of any
award or claim for damage to any of the Premises taken or damaged under the power of
eminent domain or by condemnation   In the event of the commencement of any eminent
domain or condemnation proceeding affecting the Premises

(a)   Trustor shall notify Beneficiary thereof in the manner provided in this Deed of Trust
for the giving of notices   Beneficiary may participate in such proceeding, and
Trustor shall deliver to Beneficiary all documents requested by it to permit such
participation

(b)   Beneficiary may elect to apply the proceeds of the award upon or in reduction of the
indebtedness secured hereby, whether or not then due and payable, provided
however, that if no Event of Default has occurred and is continuing and Beneficiary
has not otherwise previously accelerated the whole or any part of the indebtedness
secured hereby, such reduction shall be without Make Whole Premium, or to require

-15-

Trustor to restore or rebuild, in which event the proceeds shall be held by Beneficiary and used to reimburse Trustor for the cost of restoring and rebuilding all buildings and improvements in accordance with plans and specifications to be submitted to and approved by Beneficiary

Notwithstanding anything to the contrary contained in this Deed of Trust, in the event the condemnation has not, in Beneficiary's sole determination, (i) triggered a lease default or termination, (ii) impaired access to the Premises, (iii) reduced the parking space to square footage ratio to an amount that would violate any lease provisions or zoning laws, or (iv) impaired the use of the Premises as a shopping center, then such condemnation proceeds shall be held by Beneficiary without any allowance of interest and shall be made available to reimburse Trustor for the cost of rebuilding and restoration of buildings or improvements on the Premises, subject to paragraph 6(c) hereinbelow and the following conditions·

    (i)    there has been no Event of Default or event which with the passage of time or notice or both would become an Event of Default under the Loan Documents, and Trustor has not been in habitual default under the Loan Documents which shall be defined as more than one default per year,

    (ii)    the annual net operating income from all approved executed leases in effect on the Premises with no uncured defaults shall equal or exceed 1 15 times the annual debt service on the Note with approved leases that have at least 2 years remaining prior to the expiration of their term,

    (iii)    Winn-Dixie Charlotte, Inc , Revco Discount Drug Centers, Inc  and Trustor each confirm in writing to Beneficiary that (x)  such tenant intends to reoccupy the Premises after the restoration is completed, (y) the relevant lease is in full force and effect and (z) no defaults have occurred and are continuing thereunder,

    (iv)    Beneficiary approves the plans and specifications of such work before such work is commenced;

    (v)    Trustor provides suitable completion or performance bonds (or other requirements as Beneficiary may require in the event that completion or performance bonds are not available) and builder's all risk insurance,

    (vi)    there shall be sufficient funds on deposit with Beneficiary at all times to complete the repair and restoration, as certified from time to time by an inspecting architect approved by Beneficiary,

-16-

(vii)  said rebuilding or restoration shall be, in Beneficiary's opinion, economically
feasible,

(viii)  Trustor is obligated to rebuild and restore the damaged or destroyed buildings
or improvements under the terms of the leases approved by Beneficiary in
effect on the Premises,

(ix)  Trustor pays to Beneficiary a non-refundable processing fee equal to the
greater of $2,500 00 or 5% of the amount of such proceeds (not to exceed
$10,000 00) within sixty (60) days of the occurrence of any such damage or
destruction and before Beneficiary disburses any proceeds,

(x)  the installment payments and any other sums that become due and all
obligations under the Loan Documents (up to a maximum amount of
$2,050,000.00) shall be fully recourse obligations to Trustor commencing
upon Beneficiary's receipt of said non-refundable processing fee and
continuing until such time as the rebuilding or restoration is completed in
accordance with the provisions contained herein, and

(xi)  such other conditions to such disbursements, in Beneficiary's discretion as
would be customarily required by a construction lender doing business in the
area.

If the foregoing conditions are not met, Beneficiary at its option may require Trustor
to use any proceeds to either immediately rebuild any portion or all of the
improvements or apply the condemnation proceeds to the reduction of the
indebtedness secured hereby, whether due or not, without the imposition of a Make
Whole Premium  Trustor agrees and acknowledges that all such proceeds shall be
deemed to be "Cash Collateral" as that term is defined in Section 363 of the
Bankruptcy Code in any bankruptcy proceeding of Trustor

(c)  In the event Beneficiary elects to reimburse Trustor for the costs of restoring and
rebuilding the Premises, then the proceeds of the award shall be paid out in the same
manner as provided in this Deed of Trust for the payment of insurance proceeds in
reimbursement of the costs of rebuilding and restoration.  If the amount of such
award is insufficient to cover the cost of restoring and rebuilding, Trustor shall pay
such cost in excess of the award before being entitled to reimbursement out of the
award   Any proceeds remaining after payment of cost of restoring and rebuilding
shall, at the option of Beneficiary, either be applied on account of the indebtedness
secured hereby, provided, however, that if no Event of Default has occurred and is
continuing and Beneficiary has not otherwise previously accelerated the whole or any

-17-

part of the indebtedness secured hereby, such reduction shall be without Make Whole Premium, or be paid to Trustor

7.  If by the laws of the United States of America or of any state or governmental subdivision having jurisdiction of Trustor or of the Premises or of the transaction evidenced by the Note and this Deed of Trust, any tax or fee is due or becomes due in respect of the issuance of the Note hereby secured or the making, recording and registration of this Deed of Trust, except for Beneficiary's income tax, Trustor covenants and agrees to pay such tax or fee in the manner required by such law, and to hold harmless and indemnify Trustee and Beneficiary, their successors and assigns, against any liability incurred by reason of the imposition of any such tax or fee

8.  In the event of the enactment after the date hereof of any applicable law deducting from the value of land for the purpose of taxation any lien thereon, or imposing upon Trustee or Beneficiary the payment of the whole or any part of the taxes or assessments or charges or liens herein required to be paid by Trustor, or changing in any way the laws relating to the taxation of deeds of trust or debts secured by deeds of trust or the interest of Trustee or Beneficiary in the Premises, or the manner of collection of taxes, so as to affect this Deed of Trust or the debt secured hereby or the holder thereof, except for Beneficiary's income tax, then and in any such event Trustor shall, upon demand by Beneficiary, pay such taxes or assessments or reimburse Beneficiary therefor; provided, however, that, if in the opinion of counsel for Beneficiary (a) it might be unlawful to require Trustor to make such payment, or (b) the making of such payment might be construed as imposing a rate of interest beyond the maximum permitted by law, then and in such event Beneficiary may elect to declare all of the indebtedness secured hereby to be and become due and payable 60 days from the giving of written notice of such election to Trustor, provided, however, that if no Event of Default has occurred and is continuing and Beneficiary has not otherwise previously accelerated the whole or any part of the indebtedness secured hereby, such reduction shall be without Make Whole Premium.

9   (a)  Upon the occurrence of any Event of Default under this Deed of Trust, Beneficiary may, but need not, make any payment or perform any act herein required of Trustor, in any form and manner deemed expedient and may, but need not, make full or partial payments of principal or interest on prior encumbrances, if any, and purchase, discharge, compromise or settle any tax lien or other prior lien or title or claim thereof, or redeem from any tax sale or forfeiture affecting said Premises, or contest any tax or assessment.  All moneys paid for any of the purposes herein authorized and all reasonable expenses paid or incurred in connection therewith, including reasonable attorneys' fees and costs and reasonable attorneys' fees and costs on appeal, and any other money advanced by Beneficiary to protect the Premises and the lien hereof, shall be so much additional indebtedness secured hereby and shall become immediately due and payable without notice and with interest thereon at the

-18-

Default Rate (as hereinafter defined) from the date of expenditure or advance until paid

(b)    In making any payment hereby authorized relating to taxes or assessments or for the purchase, discharge, compromise or settlement of any prior lien, Beneficiary may make such payment according to any bill, statement or estimate secured from the appropriate public office without inquiry into the accuracy thereof or into the validity of any tax, assessment, sale, forfeiture, tax lien or title or claim thereof or without inquiry as to the validity or amount of any claim for lien which may be asserted

10    If one or more of the following events (herein called "Events of Default") shall have occurred

(a)    default shall be made in the payment of any principal, interest, premium, utilities, taxes or assessments referred to in this Deed of Trust or insurance premiums for the insurance required pursuant to this Deed of Trust when due under the Note or this Deed of Trust, and such default shall have continued for 10 days after notice specifying such default is given by Beneficiary to Trustor, provided, however, that in the event that one such notice is given in any calendar year, three such notices are given over the term of the Deed of Trust or if such notices are given in two consecutive months, thereafter an Event of Default shall occur without notice by Beneficiary to Trustor, or

(b)    Trustor shall be dissolved, or a decree or order for relief shall be entered by a court having jurisdiction in respect of Trustor in a voluntary or involuntary case under the Federal Bankruptcy Code as now or hereafter constituted, or Trustor shall file a voluntary petition in bankruptcy or for reorganization or an arrangement or any composition, readjustment, liquidation, dissolution or similar relief pursuant to any similar present or future state or federal bankruptcy law, or shall be adjudicated a bankrupt or become insolvent, or shall commit any act of bankruptcy as defined in such law, or shall take any action in furtherance of the foregoing, or

(c)    a petition or answer shall be filed proposing the adjudication of Trustor as a bankrupt or its reorganization or arrangement, or any composition, readjustment, liquidation, dissolution or similar relief with respect to it pursuant to any present or future federal or state bankruptcy or similar law, and Trustor shall consent to the filing thereof, or such petition or answer shall not be discharged within 60 days after the filing thereof, or

(d)    by the order of a court of competent jurisdiction, a receiver, trustee, custodian or liquidator of the Premises or any part thereof or of Trustor or of substantially all of

-19-

its assets shall be appointed and shall not be discharged or dismissed within 60 days after such appointment, or if Trustor consent to or acquiesce in such appointment, or

(e)    with respect to the matters not described in the other subparagraphs of this paragraph 10, default shall be made in the due observance or performance of any covenant, condition or agreement of the Trustor contained in this Deed of Trust, the Note and Assignment of Lease and Rents of even date herewith from Trustor to Beneficiary or in any other instrument or agreement by which the Note is secured (the "Loan Documents"), and such default shall have continued for 30 days after notice specifying such default is given by Beneficiary to Trustor, or

(f)    any representation or warranty made by Trustor herein or in the Loan Documents shall prove to be untrue or inaccurate in any material respect, or

(g)    the failure of Trustor to give notice to Beneficiary in the manner provided in this Deed of Trust for the giving of notices within 30 days after the death of any individual who is personally liable for the payment of the indebtedness secured hereby or any part thereof, as Trustor, indemnitor, or guarantor, whether or not such persons have executed the Note or this Deed of Trust. The term "Trustor" as used herein shall be as defined in this Deed of Trust, or

(h)    the death of any natural person who is personally liable for the payment of the indebtedness secured hereby or any part thereof whether such person is the Trustor or any indemnitor or guarantor and whether or not such person has executed the Note or this Deed of Trust, or

(i)    failure to comply with the terms and conditions of paragraph 1(u), or

then, in each and every such case, the whole of said principal sum hereby secured shall, at the option of the Beneficiary and without further notice to Trustor, become immediately due and payable together with accrued interest thereon and a Make Whole Premium calculated in accordance with the provisions hereof, and whether or not Beneficiary has exercised said option, interest shall accrue on the entire principal balance and any interest or premium then due, at the Default Rate until fully paid or if Beneficiary has not exercised said option, for the duration of any Event of Default

If any default under "(e)" above shall be of such nature that it cannot be cured or remedied within 30 days, Trustor shall be entitled to a reasonable period of time to cure or remedy such Event of Default, provided Trustor commences the cure or remedy thereof within the 30 day period following the giving of notice and thereafter proceeds with diligence to complete such cure or remedy.

-20-

11    Trustor agrees that if Beneficiary accelerates the whole or any part of the principal sum hereby secured, or applies any proceeds as if such application had been made as a result of such acceleration, pursuant to the provisions hereof, Trustor waives any right to prepay the principal sum hereby secured in whole or in part without premium and agrees to pay, as yield maintenance protection and not as a penalty, a "Make Whole Premium," except as otherwise provided herein.  The Make Whole Premium shall be the greater of one percent (1%) of the principal amount to be prepaid or a premium calculated as follows

(a)    Determine the "Reinvestment Yield "  The Reinvestment Yield will be equal to the yield on the applicable U.S. Treasury Issue ("primary issue")* published two weeks prior to the date of prepayment and converted to an equivalent monthly compounded nominal yield.

*In the event there is no market activity involving the primary issue at the time of prepayment, Beneficiary shall choose a comparable Treasury Bond, Note or Bill ("secondary issue") which Beneficiary reasonably deems to be similar to the primary issue's characteristics (i e., rate, remaining time to maturity, yield)

(b)    Calculate the "Present Value of the Mortgage "  The Present Value of the Mortgage is the present value of the payments to be made in accordance with the Note (all installment payments and any remaining payment due on the Call Date (as defined in the Note), or if the Call Date has already passed, on the Maturity Date) discounted at the Reinvestment Yield for the number of months remaining from the date of prepayment to the Call Date, or if the Call Date has already passed, to the Maturity Date.  In the event of a partial prepayment as a result of the aforementioned application of proceeds, the Present Value of the Mortgage shall be calculated in accordance with the preceding sentence multiplied by the fraction which results from dividing the amount of the prepaid proceeds by the principal balance immediately prior to prepayment.

(c)    Subtract the amount of the prepaid proceeds from the Present Value of the Mortgage as of the date of prepayment.  Any resulting positive differential shall be the premium

The Treasury Issue applicable for each prepayment period is as follows.

| Prepayment Period | U S  Treasury Issue |
|---|---|
| To January 15, 2006 | ** |
| January 15, 2006 to December 15, 2011 | ** |

-21-

\*\*At this time there is not a U S. Treasury Issue for this prepayment period   At the time of prepayment Beneficiary shall select in its sole and absolute reasonable discretion a U S. Treasury Issue with similar remaining time to the applicable prepayment period

12   In the event of such a sale of the Premises or any part thereof and the execution of a deed or deeds therefor under these trusts, any recital therein of the occurrence of an Event of Default or of the giving or recording of any notice or demand by Trustee or Beneficiary regarding such sale shall be conclusive proof thereof, and the receipt of the purchase money recited therein shall fully discharge the purchaser from any obligation for the proper application of the proceeds of sale in accordance with these trusts

13.   During the continuance of any Event of Default, Trustor shall forthwith upon demand of Trustee or Beneficiary surrender to Beneficiary possession of the Premises, and Beneficiary shall be entitled to take actual possession of the Premises or any part thereof personally or by its agents or attorneys, and Beneficiary in its discretion may, with or without force and with or without process of law, enter upon and take and maintain possession of all or any part of the Premises together with all documents, books, records, papers and accounts of the Trustor or the then owner of the Premises relating thereto, and may exclude Trustor, its agents or assigns wholly therefrom, and may as attorney-in-fact or agent of the Trustor, or in its own name as Beneficiary and under the powers herein granted

(a)   hold, operate, manage or control the Premises and conduct the business, if any, thereof, either personally or by its agents, and with full power to use such measures, legal or equitable, as in its discretion it deems proper or necessary to enforce the payment or security of the income, rents, issues and profits of the Premises, including actions for the recovery of rent, actions in forcible detainer and actions in distress for rents, Beneficiary being hereby granted full power and authority to exercise each and every of the rights, privileges and powers herein granted at any and all times hereafter, without notice to Trustor,

(b)   cancel or terminate any lease or sublease for any cause or on any ground which would entitle Trustor to cancel the same;

(c)   elect to cancel any lease or sublease made subsequent to this Deed of Trust or subordinated to the lien hereof unless this Deed of Trust has specifically been made subordinate to such lease or sublease;

(d)   extend or modify any then existing leases and make new leases, which extensions, modifications or new leases may provide for terms to expire, or for options to lessees to extend or renew terms to expire, beyond the maturity date of the Note and the issuance of a deed or deeds to a purchaser or purchasers at a foreclosure sale, it being understood and agreed that any such leases, and the options or other such provisions

-22-

to be contained therein, shall be binding upon Trustor and all persons whose interests in the Premises are subject to the lien hereof and shall be binding also upon the purchaser or purchasers at any foreclosure sale, notwithstanding any redemption from sale, discharge of the indebtedness secured hereby, satisfaction of any foreclosure decree, or issuance of any certificate of sale or deed to any purchaser; and/or

(e)  make all necessary or proper repairs, decorating, renewals, replacements, alterations, additions, betterments and improvements to the Premises as it may deem judicious, insure and reinsure the same and all risks incidental to Beneficiary's possession, operation and management thereof, and receive all income, rents, issues and profits

Neither Trustee nor Beneficiary shall be obligated to perform or discharge, nor does either hereby undertake to perform or discharge, any obligation, duty or liability under any lease, and the Trustor shall and does hereby agree to indemnify and to hold Trustee and Beneficiary harmless of and from all liability, loss or damage which either might incur under said leases or under or by reason of the assignment thereof, and of and from any and all claims or demands whatsoever which may be asserted against either of them by reason of any alleged obligations or undertakings on the part of either of them to perform or discharge any of the terms, covenants or agreements contained in said leases  Should Trustee or Beneficiary incur any such liability, loss or damage under any of said leases, or under or by reason of the assignment thereof, or in the defense of any claims or demands, the amount thereof, including costs, expenses and reasonable attorneys' fees and costs, including reasonable attorneys' fees and costs on appeal, shall be secured hereby and Trustor shall reimburse Trustee or Beneficiary therefor immediately upon demand, together with interest at the Default Rate from the date of payment by Trustee or Beneficiary to the date of reimbursement

14   Trustee and Beneficiary in the exercise of the rights and powers hereinabove conferred upon them shall have the full power to use and apply the avails, rents, issues and profits of the Premises to the payment of or on account of the following, at the election of Beneficiary and in such order as Beneficiary may determine

(a)  to the payment of the expenses of operating the Premises, including cost of management and leasing thereof (which shall include reasonable compensation to Trustee, Beneficiary and their respective agent or agents if management is delegated to an agent or agents, and shall also include lease commissions and other compensation and expenses of seeking and procuring tenants and entering into leases), established claims for damages, if any, and premiums on insurance as hereinabove authorized,

(b)  to the payment of taxes and special assessments now due or which may hereafter become due on the Premises,

-23-

(c)  to the payment of all repairs, decorating, renewals, replacements, alterations, additions, betterments and improvements of the Premises and of placing the Premises in such condition as will in the judgment of Beneficiary make it readily rentable, and/or

(d)  to the payment of any principal, interest or any other indebtedness secured hereby or any deficiency which may result from any foreclosure sale

15   During the continuance of any Event of Default under this Deed of Trust, Beneficiary may apply to any court having jurisdiction for the appointment of a receiver of the Premises Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of Trustor at the time of application for such receiver and without regard to the then value of the Premises or the adequacy of Beneficiary's security Beneficiary or any holder of the Note may be appointed as such receiver. The receiver shall have power to collect the rents, issues and profits of the Premises during the pendency of any foreclosure proceedings and, in case of a sale, during the full statutory period of any redemption period as well as during any further times when Trustor, except for the intervention of such receiver, would be entitled to collect such rents, issues and profits  In addition, the receiver shall have all other powers which shall be necessary or are usual in such cases for the protection, possession, control, management and operation of the Premises during the whole of said period. The court from time to time may authorize the receiver to apply the net income in his hands at Beneficiary's election and in such order as Beneficiary may determine in payment in full or in part of.

(a)  principal, interest and all other indebtedness secured hereby or provided by any decree foreclosing this Deed of Trust, or any tax, special assessment or other lien which may be or become superior to the lien hereof or of such decree, provided such application is made prior to foreclosure sale, and

(b)  the deficiency in case of a sale and deficiency.

16.  (a)  Trustor agrees that all reasonable costs, charges and expenses, including reasonable attorneys' fees and costs, incurred or expended by Trustee or Beneficiary arising out of or in connection with any action, proceeding or hearing, legal, equitable or quasi-legal, including the preparation therefor and any appeal therefrom, in any way affecting or pertaining to this Deed of Trust, the Note or the Premises, shall be promptly paid by Trustor  All such sums not promptly paid by Trustor shall be added to the indebtedness secured hereby and shall bear interest at the Default Rate from the date of such advance and shall be due and payable on demand

-24-

(b)  Trustor hereby agrees that upon the occurrence of an Event of Default and the
acceleration of the principal sum secured hereby pursuant to this Deed of Trust, to
the full extent that such rights can be lawfully waived, Trustor hereby waives and
agrees not to insist upon, plead, or in any manner take advantage of, any notice of
acceleration, any stay, extension, exemption, homestead, marshaling or moratorium
law or any law providing for the valuation or appraisement of all or any part of the
Premises prior to any sale or sales thereof under any provision of this Deed of Trust
or before or after any decree, judgment or order of any court or confirmation thereof,
or claim or exercise any right to redeem all or any part of the Premises so sold and
hereby expressly waives to the full extent permitted by applicable law on behalf of
itself and each and every person or entity acquiring any right, title or interest in or to
all or any part of the Premises, all benefit and advantage of any such laws which
would otherwise be available to Trustor or any such person or entity, and agrees that
neither Trustor nor any such person or entity will invoke or utilize any such law to
otherwise hinder, delay or impede the exercise of any remedy granted or delegated to
Beneficiary herein but will permit the exercise of such remedy as though any such
laws had not been enacted  Trustor hereby further expressly waives to the full extent
permitted by applicable law on behalf of itself and each and every person or entity
acquiring any right, title or interest in or to all or any part of the Premises any and all
rights of redemption from any sale or any order or decree of foreclosure obtained
pursuant to provisions of this Deed of Trust.

17.  Trustor hereby assigns to Beneficiary directly and absolutely, and not merely collaterally,
the rents, issues, profits, royalties, and payments payable under any lease of the Premises,
or portion thereof, including any oil, gas or mineral lease, or any installments of money
payable pursuant to any agreement for any sale of the Premises or any part thereof, subject
only to a license, if any, granted by Beneficiary to Trustor with respect thereto prior to the
occurrence of a monetary default or a non-monetary Event of Default hereunder.
Beneficiary, without regard to the adequacy of any security for the indebtedness hereby
secured, shall be entitled to (a) collect such rents, issues, profits, royalties, payments and
installments of money and apply the same as more particularly set forth in this paragraph,
all without taking possession of the Premises, or (b) enter and take possession of the
Premises or any part thereof, in person, by agent, or by a receiver to be appointed by the
court and to sue for or otherwise collect such rents, issues, profits, royalties, payment and
installments of money. Beneficiary may apply any such rents, issues, profits, royalties,
payments and installments of money so collected, less costs and expenses of operation and
collection, including reasonable attorneys' fees and costs and reasonable attorneys' fees and
costs on appeal, upon any principal, interest, and all other indebtedness secured hereby, at
Beneficiary's option and in such order as Beneficiary may determine, and, if such costs and
expenses and reasonable attorneys' fees and costs shall exceed the amount collected, the
excess shall be immediately due and payable. The collection of such rents, issues, profits,
royalties, payments and installments of money and the application thereof as aforesaid shall

-25-

not cure or waive any Event of Default or notice of default hereunder or invalidate any act done pursuant to such notice, except to the extent any such Event of Default fully is cured. Failure or discontinuance of Beneficiary at any time, or from time to time, to collect any such moneys shall not impair in any manner the subsequent enforcement by Beneficiary of the right, power and authority herein conferred on Beneficiary   Nothing contained herein, including the exercise of any right, power or authority herein granted to Beneficiary, shall be, or be construed to be, an affirmation by Beneficiary of any tenancy, lease or option, or an assumption of liability under, or the subordination of the lien or charge of this Deed of Trust to any such tenancy, lease or option   Trustor hereby agrees that, in the event Beneficiary exercises its rights as in this paragraph provided, Trustor waives any right to compensation for the use of Trustor's furniture, furnishings or equipment in the Premises for the period such assignment of rents or receivership is in effect, it being understood that the rents, issues, profits, royalties, payments and installments of money derived from the use of any such items shall be applied to Trustor's obligations hereunder as above provided

18    (a)    Trustor has executed and delivered that certain Assignment of Leases and Rents of even date herewith assigning to Beneficiary, directly and absolutely, and not merely collaterally, the interest of Trustor as lessor under the existing leases of the Premises, as well as all other leases which may hereafter be made in respect of the Premises, and the rents and other income arising thereunder and from the use of the Premises. Said Assignment of Leases and Rents grants to Beneficiary specific rights and remedies in respect of said leases and governs the collection of rents and other income thereunder and from the use of the Premises, and such rights and remedies so granted shall be cumulative of those granted herein

      (b)    Trustor shall keep and perform all terms, conditions and covenants required to be performed by it as lessor under the aforesaid leases, shall promptly advise Beneficiary in writing of any claim of default by Trustor made by a lessee under any such lease or of any default thereunder by a lessee, and shall promptly provide Beneficiary with a copy of any notice of default or other notice served upon Trustor by any such lessee   Trustor will not cancel, modify or alter, or accept the surrender of, any existing or future lease of the Premises or any part thereof without first obtaining written consent of Beneficiary unless otherwise specifically permitted in the Assignment of Leases and Rents of even date herewith

19    (a)    All rights and remedies granted to Trustee or Beneficiary in the Loan Documents shall be in addition to and not in limitation of any rights and remedies to which it is entitled in equity, at law or by statute, and the invalidity of any right or remedy herein provided by reason of its conflict with applicable law or statute shall not affect any other valid right or remedy afforded to Trustee or Beneficiary.  No waiver of any Event of Default or of any default in the performance of any covenant contained in

-26-

the Loan Documents shall at any time thereafter be held to be a waiver of any rights of the Trustee or Beneficiary hereunder, nor shall any waiver of a prior Event of Default or default operate to waive any subsequent Event of Default or default   All remedies provided for in the Loan Documents are cumulative and may, at the election of Beneficiary, be exercised alternatively, successively, or concurrently.  No act of Trustee or Beneficiary shall be construed as an election to proceed under any one provision herein to the exclusion of any other provision or to proceed against one portion of the Premises to the exclusion of any other portion

(b)   This Deed of Trust is subject to any existing statutory condition and upon the further condition that all covenants and agreements of Trustor herein shall be fully or timely performed, time being of the essence under this Deed of Trust   No breach of any such condition or agreement shall be permitted and in the event of any such breach, subject to any applicable notice and cure rights of Trustor as set forth herein, Beneficiary shall have any statutory power of sale, and this Deed of Trust shall be subject to foreclosure as provided by law.

20    By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums or installments so secured or to declare a default for failure to pay such other sums or installments

21.   Notwithstanding anything herein or in the Note to the contrary, no provision contained herein or in the Note which purports to obligate Trustor to pay any amount of interest or any fees, costs or expenses which are in excess of the maximum permitted by applicable law, shall be effective to the extent that it calls for the payment of any interest or other sums in excess of such maximum. All agreements between Trustor and Beneficiary, whether now existing or hereafter arising and whether written or oral, are hereby limited so that in no contingency, whether by reason of demand for payment of or acceleration of the maturity of any of the indebtedness secured hereby or otherwise, shall the interest contracted for, charged or received by Beneficiary exceed the maximum amount permissible under applicable law  If, from any circumstance whatsoever, interest would otherwise be payable to Beneficiary in excess of the maximum lawful amount, the interest payable to Beneficiary shall be reduced to the maximum amount permitted under applicable law, and if from any circumstance Beneficiary shall ever receive anything of value deemed interest by applicable law in excess of the maximum lawful amount, an amount equal to any excessive interest shall at Beneficiary's option, be refunded to Trustor or be applied to the reduction of the principal balance of the indebtedness secured hereby and not to the payment of interest or, if such excessive interest exceeds the unpaid balance of principal of the indebtedness secured hereby, such excess shall be refunded to Trustor  This paragraph shall control all agreements between Trustor and Beneficiary.

-27-

22    In the event one or more provisions of the Loan Documents shall be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof, and this Deed of Trust shall be construed as if any such provision had never been contained herein

23    If the payment of the indebtedness secured hereby or of any part thereof shall be extended or varied, or if any part of the security be released, all persons now or at any time hereafter liable therefor, or interested in said Premises, shall be held to assent to such extension, variation or release, and their liability and the lien and all provisions hereof shall continue in full force, the right of recourse (to the extent applicable under the provisions of the Loan Documents) against all such persons being expressly reserved by Beneficiary notwithstanding such variation or release.

24.    Upon payment in full of the indebtedness secured hereby and the performance by Trustor of all of the obligations imposed on Trustor in the Loan Documents, these presents shall be null and void, and Trustee shall release this Deed of Trust and the lien hereof by proper instrument executed in recordable form

25.    The Trustor shall have the privilege of making prepayments on the principal of the Note (in addition to the required payments) if and only to the extent and upon the terms and conditions, if any, expressly set forth in the Note   If not expressly set forth, the Note is not subject to such prepayment

26.    (a)    Trustor hereby grants to Beneficiary and its respective agents, attorneys, employees, consultants, contractors and assigns, an irrevocable license and authorization to enter upon and inspect the Premises and all facilities located thereon at reasonable times and the right to conduct a Phase I environmental audit after the occurrence of an Event of Default or in the event of any sale or conveyance of this Deed of Trust.

        (b)    In the event that there has been an Event of Default or Beneficiary has formed a reasonable belief, based on its inspection of the Premises or other factors known to it, that Hazardous Materials may be present on the Premises, then Trustor shall perform such tests at Beneficiary's request, including without limitation, subsurface testing, soil and ground water testing, and other tests which may physically invade the Premises or facilities from a consultant and pursuant to a scope of work approved by Beneficiary (the "Tests"), as Beneficiary, in its sole discretion, determines as necessary to (i) investigate the condition of the Premises, (ii) protect the security interest created under this Deed of Trust or (iii) determine compliance with all laws relating to Hazardous Materials, the provisions of this Deed of Trust and other matters relating thereto, and Trustor shall provide true and accurate written copies of the results of the Tests to Beneficiary upon receipt of the results.  In the event that Trustor fails to conduct the Tests requested by Beneficiary and to provide Beneficiary

-28-

with the results within sixty (60) days of such request or such additional time as Beneficiary shall agree in writing in its sole discretion, or if Beneficiary is not reasonably satisfied with the results of any of the Tests or of any Phase I environmental audit, then Trustor grants to Beneficiary and its respective agents, attorneys, employees, consultants, contractors and assigns, an irrevocable license and authorization to conduct the Tests necessary in Beneficiary's sole discretion to accomplish (i) through (iii) in this paragraph.

27. Within 15 days after any written request by Beneficiary, Trustor shall certify, by a written statement duly acknowledged, the amount of principal and interest then owing on the Note and whether any offsets or defenses exist against the indebtedness secured hereby

28  (a)  Trustor shall furnish to Beneficiary within 90 days after the end of each fiscal year of Trustor a detailed and analytical financial report prepared in accordance with generally accepted principles of accounting consistently applied, certified in a manner and otherwise in form and substance acceptable to Beneficiary covering the full and complete operation of the Premises, including without limitation. (i) income and expense statements, and (ii) a report of the leasing status of the Premises as of the end of such year, identifying the lessee, square footage leased, rental amount, rental concessions and/or rental deferments, if any, and expiration date under each lease of the Premises and a listing of sales volumes attained by lessees of the Premises under percentage leases for the immediately preceding year and an aged accounts receivable report. Such reports shall be prepared by an accountant who may be an employee of Trustor, or of an affiliate of Trustor, acceptable to Beneficiary  In addition to the reports referred to herein, Trustor shall promptly supply any additional information or records relating to the Premises or its operation as Beneficiary may from time to time request.

   (b)  Trustor shall submit to Beneficiary, during the life of this Deed of Trust, within 120 days following the end of each fiscal year unaudited annual balance sheets and income statements for Trustor and William G. Seymour. Said balance sheets and income statements shall be subject to Beneficiary's review.

29. Any notice which any party hereto may desire or be required to give to the other shall be deemed to be an adequate and sufficient notice if given in writing and service is made by either (i) registered or certified mail, postage prepaid, in which case notice shall be deemed to have been received three (3) business days following deposit to the mail, or (ii) nationally recognized overnight air courier, next day delivery, prepaid, in which case such notice shall be deemed to have been received one (1) business day following delivery to such courier. All notices shall be addressed to Trustor at its address given on the first page hereof, or to Beneficiary at 711 High Street, Des Moines, Iowa 50392-1450, Attn: Commercial Real Estate Loan Administration, Loan No D-750848, or to such other place

-29-

as any party may by notice in writing to the other parties designate as a place for service of notice

30    Beneficiary, from time to time, may substitute another Trustee in place of the Trustee named herein, to execute the trusts hereby created, and upon such appointment, and without conveyance to the successor trustee, the successor trustee shall be vested with all the title, interest, powers, duties and trusts in the Premises hereby vested in or conferred upon Trustee herein named.  Each such appointment and substitution shall be made by written instrument executed by the Beneficiary containing reference to this Deed of Trust sufficient to identify it, which instrument, when recorded in the office of the Public Registry of the county or counties in which the Premises is situated, shall be conclusive proof of proper appointment of the successor trustee   The recital or statement, in any instrument executed by Trustee in pursuance of any of said trusts, of the due authorization of any agent of the Trustee executing the same shall for all purposes be conclusive proof of such authorization

31    Trustee at any time, at Trustee's option, may commence and maintain suit in any court of competent jurisdiction and obtain the aid and direction of said court in the execution by him of the trusts or any of them, herein expressed or contained, and, in such suit, may obtain the orders or decrees, interlocutory or final of said court directing the execution of said trusts, and confirming and approving Trustee's acts, or any of them, or any sales or conveyances made by Trustee, and adjudging the validity thereof, and directing that the purchasers of the property sold and conveyed be let into immediate possession thereof, and providing for orders of court or other process requiring the Sheriff of the county in which said property is situated to place and maintain said purchasers in quiet and peaceable possession of the property so purchased by them, and the whole thereof.

32.    Trustor has had the opportunity to fully negotiate the terms hereof and modify the draftsmanship of this Deed of Trust   Therefore, the terms of this Deed of Trust shall be construed and interpreted without any presumption, inference, or rule requiring construction or interpretation of any provision of this Deed of Trust against the interest of the party causing this Deed of Trust or any portion of it to be drafted   Trustor is entering into this Deed of Trust freely and voluntarily without any duress, economic or otherwise.

33    Trustor, forthwith upon request, at any and all times hereafter, at the expense of Trustor, will cause to be made, executed, acknowledged and delivered to Trustee, any and every deed or assurance in law which Trustee or counsel of Trustee shall reasonably advise or require for the more sure, effectual and satisfactory granting and confirming of said Premises unto Trustee.

34.    Trustee shall not be liable or responsible for its acts or omissions hereunder, except for Trustee's own gross negligence or willful misconduct, or be liable or responsible for any

-30-

acts or omissions of any agent, attorneys or employee by him employed hereunder, if selected with reasonable care.

35    Trustee accepts this trust when this Deed of Trust executed and acknowledged is made a public record as provided by law   Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary, or Trustee shall be a party unless brought by Trustee.

36.   This is not a purchase money deed of trust, where a seller is providing financing to a buyer for the payment of all or any portion of the purchase price

37    This Deed of Trust and all provisions hereof shall extend to and be binding upon Trustor and all persons claiming by, under and through Trustor, and the word "Trustor" when used herein shall include all such persons and all persons liable for the payment of the indebtedness secured hereby or any part thereof, whether or not such parties shall have executed the Note or this Deed of Trust   The word "Beneficiary" when used herein shall include the successors and assigns of the Beneficiary named herein, and the holder or holders from time to time of the Note secured hereby.

38    This Deed of Trust shall be governed by, and construed in accordance with, the laws of the State of North Carolina

39    As used herein, the term "Default Rate" means a rate equal to the lesser of (i) four percent (4%) per annum above the then applicable interest rate payable under the Note or (ii) the maximum rate allowed by applicable law.

40    Notwithstanding any provision of this Deed of Trust, the Note or any other instruments evidencing or securing the loan evidenced by the Note which might be construed to the contrary, the assignment of rents and other amounts provided for herein is an absolute assignment and not merely a collateral assignment or a security interest, and is effective whether or not a default occurs hereunder, subject only to a license, granted by Beneficiary to Trustor with respect thereto prior to the occurrence of a monetary default or a non-monetary Event of Default hereunder, the extent of which may be more fully described in the Assignment of Leases and Rents. It is the intention of Beneficiary and Trustor that the assignment effectuated by this Deed of Trust with respect to such rents and other amounts payable under the leases shall be a direct and currently effective assignment and shall not constitute merely the granting of a lien, security interest or pledge for the purpose of securing the indebtedness secured hereby   In the event that a court of competent jurisdiction determines that, notwithstanding such expressed intent of the parties, Beneficiary's interest in the rents and other amounts payable under the leases constitutes a lien on or security interest in or pledge thereof, it is agreed and understood that the forwarding of a notice to Trustor after the occurrence of a monetary default or a non-

-31-

monetary Event of Default, advising Trustor of the revocation of any license then in favor of Trustor to collect such rents or other amounts payable under the leases, or of the existence of a monetary default or a non-monetary Event of Default, shall be sufficient action by Beneficiary to (i) perfect such lien on or security interest in or pledge of the rents and other amounts payable under the leases, (ii) take possession thereof, and (iii) entitle Beneficiary to immediate and direct payment of the rents and other amounts payable under the leases, for application as provided in this Deed of Trust, all without the necessity of any further action by Beneficiary, including, without limitation, any action to obtain possession of the land, improvements or any other portion of the Premises Notwithstanding the direct and absolute assignment of the rents and other amounts payable under the leases as herein described, there shall be no pro tanto reduction in any portion of the indebtedness secured by this Deed of Trust except with respect to rents and other amounts payable under the leases actually received by Beneficiary and applied by Beneficiary toward payment of the indebtedness  Beneficiary may, upon written notice to Trustor, elect to (i) exclude from the assignment provided in this Deed of Trust any of the leases as specified in such notice so that the interest under such indicated lease is not assigned to Beneficiary, and (ii) to the extent permitted under the terms of the relevant lease or under the provisions of applicable law, subordinate the lien and other terms and provisions of this Deed of Trust to any of the leases as indicated in said notice to Trustor.

41    Trustor knowingly, voluntarily and intentionally waives, to the extent permitted by law, trial by jury in any actions brought by Trustor, Trustee or Beneficiary in connection with this Deed of Trust, any of the Loan Documents, the indebtedness secured hereby, or any other statements or actions of Beneficiary

42.  (a)  Notwithstanding any provision to the contrary in the Note, this Deed of Trust or any other instrument or agreement by which the Note is secured or related to the loan evidenced by the Note (collectively referred to herein as the "Loan Documents") and except as otherwise provided in this paragraph, the liability of Trustor and any member or manager of Trustor under the Loan Documents shall be limited to the interest of Trustor and any member or manager of Trustor in the Premises and the rents, issues, proceeds and profits thereof  In the event of foreclosure of the liens evidenced by the Loan Documents, no judgment for any deficiency upon the indebtedness evidenced by the Loan Documents shall be sought or obtained by Beneficiary against Trustor or any member or manager of Trustor  Nothing contained in this paragraph shall

        (i)   prevent the failure of Trustor to make any payment or to perform any obligation under any of the Loan Documents within the time periods provided therein from being, upon the passage of any applicable notice and cure period, an Event of Default thereunder;

-32-

    (ii)    be construed as limiting the obligations of Trustor to any tenant under any lease of the Premises,

    (iii)    in any way limit or impair the lien or enforcement of the Loan Documents pursuant to the terms thereof; or

    (iv)    limit the obligations of any indemnitor or guarantor, if any, of Trustor's obligations under the Loan Documents

(b)    Notwithstanding subparagraph (a) above, Trustor shall be personally liable to Beneficiary for·

    (i)    Trustor's failure to comply with paragraphs 2 (taxes and assessments) and 3 (insurance) hereof,

    (ii)    any event or circumstance for which Trustor indemnifies Beneficiary under paragraph 1(m) (environmental indemnity) hereof,

    (iii)    Trustor's failure to pay utilities on or before the date such payments are due;

    (iv)    failure to operate and maintain the Premises in accordance with the condition existing as of the date hereof, less normal wear and tear,

    (v)    any sums expended by Beneficiary in fulfilling the obligations of Trustor as lessor under any lease of the Premises prior to a sale of the Premises pursuant to foreclosure or power of sale, a bona fide sale (permitted by the terms of paragraph 1(l) hereof or consented to in writing by Beneficiary) to an unrelated third party or upon conveyance to Beneficiary of the Premises by a deed acceptable to Beneficiary in form and content (each of which shall be referred to as a "Sale" for purposes of this paragraph) or expended by Beneficiary after a Sale of the Premises for obligations of Trustor which arose prior to a Sale of the Premises,

    (vi)    any rents or other income regardless of type or source of payment (including, but not limited to, CAM charges, lease termination payments, refunds of any type, prepayment of rents, settlements of litigation, or settlements of past due rents) from the Premises which Trustor has received or has a right to receive (A) after the occurrence of an Event of Default under the Loan Documents which is then continuing or (B) during the twelve (12) month period prior to the occurrence of an event which is then continuing and with the passage of time, the giving of notice or both (as the case may be) would constitute an Event of Default, and which are not

-33-

applied to (A) expenses of operation and maintenance of the Premises and the taxes, assessments, utility charges and insurance of the Premises, taking into account sufficient reserves for the same and for replacements and recurring items, and (B) payment of principal, interest and other charges when due under the Loan Documents, provided that any payments to parties related to Trustor shall be considered expenses of operation only if they are at market rates or fees consistent with market rates or fees for the same or similar services,

(vii)    any security deposits of tenants not turned over to Beneficiary upon conveyance of the Premises to Beneficiary pursuant to foreclosure or power of sale or by a deed acceptable to Beneficiary in form and content;

(viii)    misapplication or misappropriation of tax reserve accounts, tenant improvement reserve accounts, security deposits, prepaid rents or other similar sums paid to or held by Trustor or any other entity or person in connection with the operation of the Premises,

(ix)    any waste (not to be construed to include normal wear and tear, aging of improvements, or similar depreciation in value) committed or allowed by Trustor with respect to the Premises; and

(x)    any insurance or condemnation proceeds or other similar funds or payments applied by Trustor in a manner other than as expressly provided in the Loan Documents

(c)    Notwithstanding anything to the contrary in the Loan Documents, the limitation on liability contained in subparagraph (a) above SHALL BECOME NULL AND VOID and shall be of no further force and effect in the event·

(i)    of any breach or violation of paragraph 1(l) (due on sale or encumbrance) hereof, other than the filing of a mechanic's lien affecting the Premises which is either released by the claimant or bonded against by the undersigned in accordance with the terms and conditions of paragraph 1(f) hereof, the granting of any utility or other nonmaterial easement or servitude burdening the Premises, any tranfer or encumbrance which is consented to in writing by Beneficiary or any other transfer or encumbrance not in the nature of a transfer, reduction or impairment of any material economic interest in the Premises, or

(ii)    of any fraud or willful misrepresentation by Trustor or any member or manager of Trustor regarding the Premises, the making or delivery of any of

-34-

the Loan Documents or in any materials or information provided by Trustor or any member or manager of Trustor in connection with the loan

43.  This Deed of Trust and the indebtedness secured hereby is for the sole purpose of conducting or acquiring a lawful business, professional or commercial activity or for the acquisition or management of real or personal property as a commercial investment, and all proceeds of such indebtedness shall be used for said business or commercial investment purpose  Such proceeds will not be used for the purchase of any security within the meaning of the Securities Exchange Act of 1934, as amended, or any regulation issued pursuant thereto, including without limitation, Regulations G, T and X of the Board of Governors of the Federal Reserve System.  This is not a purchase money mortgage and the Premises secured hereby is not a residence or homestead or used for mining, grazing, agriculture, timber or farming purposes

44.  Unless Beneficiary shall otherwise direct in writing, Trustor shall appear in and defend all actions or proceedings purporting to affect the security hereunder or with respect to Beneficiary's rights and powers granted hereunder  The Beneficiary shall have the right to appear in such actions or proceedings  Trustor shall save Beneficiary harmless from all costs and expenses, including reasonable attorneys' fees and costs of a title search, continuation of abstract and preparation of survey, incurred by reason of any action, suit, proceeding, hearing, motion or application before any court or administrative body in and to which Beneficiary may be or become a party by reason hereof  Such proceedings shall include but not be limited to condemnation, bankruptcy, probate and administration proceedings, as well as any other action, suit, proceeding, right, motion or application wherein proof of claim is by law required to be filed or in which it becomes necessary to defend or uphold the terms of this Deed of Trust or otherwise purporting to affect the security hereof or the rights or powers of Beneficiary  All money paid or expended by Beneficiary in that regard, together with interest thereon from date of such payment at the Default Rate shall be additional indebtedness secured hereby and shall be immediately due and payable by Trustor without notice

45  After the occurrence of an Event of Default and until such Event of Default no longer exists, all rents, issues and profits collected or received by Trustor shall be accepted and held for Beneficiary in trust and shall not be commingled with the funds and property of Trustor, but shall be promptly paid over to Beneficiary upon request of Beneficiary

46  Attorneys' Fees  Any provision of the Loan Documents providing for the payment of "attorneys' fees", "reasonable attorneys' fees" or other words or provisions of similar import, shall mean attorneys' and paralegal fees incurred based upon the usual and customary hourly rates of the particular attorneys and paralegals involved for time actually

-35-

spent by the attorneys and paralegals, without giving effect to any statutory presumption that may then be in effect (including, without limitation, that under N C G S  §6-21 2)

47    <u>Hazardous Materials</u>    Notwithstanding anything contained in the Loan Documents, no liability or other costs, fines, penalties, expenses, losses or damages shall accrue under or otherwise by charged to Trustor under the terms of any indemnification or other provisions of the Loan Documents with respect to Hazardous Materials first placed upon the Premises after the acquisition of title to and possession of the Premises by Beneficiary or its designee following the completion of any foreclosure, exercise of power of sale, or delivery of deed in lieu of foreclosure

48    <u>Lease Obligations</u>    Notwithstanding anything contained in the Loan Documents, no liability or other costs, fines, penalties, expenses, losses or damages related to any default or other failure to perform any obligation(s) of the "landlord" under any lease(s) of all or any portion of the Premises shall accrue under or otherwise be charged to Trustor under the terms of any indemnification or other provisions of the Loan Documents with respect to the period from and after the acquisition of title to and possession of the Premises by Beneficiary or its designee following the completion of any foreclosure, exercise of power of sale, or delivery of deed in lieu of foreclosure.

-36-

IN WITNESS WHEREOF, Trustor has caused this Deed of Trust to be duly executed and delivered as of the date first hereinabove written

PRIMAX PROPERTIES, LLC, a North Carolina limited liability company

By _____
  Name  William G Seymour    (SEAL)
  Title  Member/Manager

STATE OF _____   )
                    )  SS
COUNTY OF _____ )

I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally came before me this day and acknowledged that she/he is _____ Secretary of _____, a corporation of the State of _____, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by _____ and _____, its _____ and _____, sealed with its corporation seal and attested by _____ as its _____ Secretary

Witness my hand and official stamp or seal, this _____ day of _____, 19__ .

_____
Notary Public

My Commission Expires: _____

PJ:jp:s 750848:dotsaar/6/25/96

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

    I, Vicki G Kirby, a Notary Public of Cabarrus County, North Carolina, do hereby certify that William G Seymour, Member/Manager of PriMax Properties, LLC, personally came before me this day and acknowledged the due execution of the foregoing instrument on behalf of PriMax Properties, LLC

    Witness my hand and notarial seal, this 19th day of December, 1996

[NOTARIAL SEAL]

                                            *Vicki G. Kirby*
                                               NOTARY PUBLIC

My Commission Expires  6-13-98

## EXHIBIT A

### Legal Description

BEING all that certain tract of land, containing 14.199 acres, designated as "Parcel 1" on that certain plat (the "Plat") recorded in Map Book 26 at Page 901 in the Mecklenburg County, North Carolina, Public Registry, LESS AND EXCEPT the following tract of land:

Excluded Parcel.

BEGINNING at a N C.D.O T. right-of-way marker located in the intersection of the northern right-of-way margin of University City Blvd (N C Highway 49) and the western right-of-way margin of Pavilion Blvd. (S R 2800), said N C D O.T right-of-way marker also being located on the southern boundary line of the property designated as "Parcel 1" on the Plat, thence from said point of BEGINNING and running with the northern right-of-way margin of University City Blvd S 64-26-52 W 107 93 to a point, thence leaving said right-of-way margin and running the following five (5) courses and distances (1) N 28-53-19 W 16 27 feet to a point, (2) N 20-18-12 W 11 37 feet to a point, (3) N 14-09-40 W 29 42 feet to a point, (4) N 08-01-07 W 78 53 feet to a point, and (5) N 18-23-14 W 141 74 feet to a point, thence N 71-01-47 E 194 80 feet to a point in the western right-of-way margin of Pavilion Blvd , thence running with the western and northwestern right-of-way margins of Pavilion Blvd the following two (2) courses and distances (1) with the arc of a circular curve to the left having a radius of 669 35 feet, an arc distance of 205 24 feet (Chord Bearing = S 04-41-48 E 273 36 feet) to a N C D.O T. right-of-way marker, and (2) S 26-20-51 W 89 14 feet to a N C D.O T right-of-way marker, said marker being the TRUE POINT AND PLACE OF BEGINNING, containing approximately 1 009 acres, as shown on that certain survey entitled "As-Built Survey Parcel 1/Back Creek Centre" prepared by Tim E. Williams, R L S , dated October 10, 1996 (the "Survey"), reference to which is hereby made for a more particular description

The tract of land described above contains, in the aggregate, approximately 13 19 acres

351058 2

## EXHIBIT B
## D-750848

1.  Easement recorded in Book 959, page 152, Mecklenburg County registry.

2.  Restrictive covenant contained in Paragraph 7 of that certain Consent Order recorded in Book 6967, page 612, aforesaid county registry.

3.  Easement recorded in Book 7778, page 518, aforesaid county registry.

4.  Easement recorded in Book 8279, page 883, aforesaid county registry

5.  Reservation of easements as set forth in deed recorded in Book 8238, page 744, aforesaid county registry.

6.  Declaration of Restrictions and Grant of Easements recorded in Book 8395, page 926, as amended by First Amendment to Declaration of Restrictions and Grant of Easements recorded in Book 8852, page 126, as re-recorded in Book 8863, page 368, aforesaid county registry

7.  Survey by Tim E Williams, Registered Land Surveyor, dated October 10, 1996, reveals forty (40) foot setback lines, fifty (50) foot Class "C" Buffer, twenty-six (26) foot Class "C" Buffer and fifteen (15) foot sanitary sewer right of way (Book 7778, Page 518, aforesaid county registry)

8.  Short Form Lease between BERT Associates, as Landlord and Winn-Dixie Charlotte, Inc , as Tenant, recorded in Book 8395, Page 919, aforesaid county registry.

9.  Rights of Carolina Restaurant Group, Inc for purposes of access, ingress, egress, regress, parking, drainage and for maintaining all driveways, parking areas, trash corrals and other improvements as more particularly described in the Memorandum of Lease between Primax Properties, LLC and Carolina Restaurant Group, Inc , recorded in Book 8664, Page 470, aforesaid county registry.

State of North Carolina, County of Mecklenburg

The foregoing certificate(s) of _____

    Vicky G. Kirby

_____

Notary(ies) Public is/are certified to be correct

This __20th__ day of __December__ , 19 _96_

JUDITH A. GIBSON, REGISTER OF DEEDS

By _____ Deputy Register of Deeds