# EXHIBIT B

6

BK: 08867 PG: 0040/0049  #:0428  26.00
JUDITH A GIBSON REC OF DEEDS MECK NC
FILED FOR REGISTRATION 12/20/96 14:18 .
Record and return to

Principal Mutual Life Insurance Company
711 High Street
Des Moines, IA 50392
ATTN  Patrice Davis

### ASSIGNMENT OF
### LEASES AND RENTS
### D-750848

THIS ASSIGNMENT, made as of _December 19_, 1996, by PRIMAX PROPERTIES,
LLC, a North Carolina limited liability company, having a post office address at 1115 East
Morehead Street, Charlotte, North Carolina 28204-2814, as Assignor ("Assignor" to be
construed as "Assignors" if the context so requires), to PRINCIPAL MUTUAL LIFE
INSURANCE COMPANY, an Iowa corporation, having its principal place of business and post
office address at 711 High Street, Des Moines, Iowa 50392, as Assignee,

### WITNESSETH THAT

WHEREAS, Assignor, to evidence and secure a loan indebtedness, has made and delivered
to Assignee a promissory note of even date herewith (the "Note") in the principal amount of
$4,430,000, payable as provided for in the Note and finally maturing (absent any acceleration of
maturity as therein provided) on December 15, 2011, with interest as therein expressed, and has
executed and delivered a Deed of Trust (it being agreed that "Mortgage" as hereinafter used shall
be construed to mean "deed of trust" or "trust deed" or "deed to secure debt" if the context so
requires) bearing the aforesaid date to secure the Note and creating a lien on Assignor's interest in
certain real estate in the County of Mecklenburg, State of North Carolina, more particularly
described in Exhibit A attached hereto and made a part hereof, including the improvements now
or hereafter thereon and the easements, rights and appurtenances thereunto belonging, all of
which are hereinafter called the "Premises", and

WHEREAS, Assignor is the lessor under those certain written leases of the Premises listed
in Exhibit B attached hereto and made a part hereof (which leases are deemed approved by
Assignee as of the date hereof), and Assignor may hereafter make other leases of the Premises or
parts thereof, and

WHEREAS, Assignee has required the assignment hereafter made as a condition to making
the above described loan,

NOW, THEREFORE, Assignor, for good and valuable consideration, the receipt and
sufficiency of which are hereby acknowledged, does hereby absolutely and directly (and not
merely collaterally) assign, bargain, sell, transfer, convey, set over and deliver unto Assignee, all
rights of the lessor under the above described lease(s) and all other leases, tenancies, rental

-2-

atrangements and subleases affecting the Premises, or any part thereof, now existing or which may be executed at any time in the future during the life of this Assignment, and all amendments, extensions and renewals of said leases and subleases and any of them, all of which are hereinafter called the "Leases," and all rents or other income or payments, regardless of type or source of payment (including but not limited to CAM charges, lease termination payments, refunds of any type, prepayment of rents, settlements of litigation or settlements of past due rents) which may now or hereafter be or become due or owing under the Leases, and any of them, or on account of the use of the Premises  It is intended hereby to establish a present and complete transfer, and direct and absolute assignment of all the Leases and all rights of the lessor thereunder and all the rents, and other payments arising thereunder on account of the use of the Premises unto Assignee, with the right, but without the obligation, to collect all of said rents, income and other payments which may become due during the life of this Assignment  Assignor agrees to deposit with Assignee copies of all leases of all or any portion of the Premises

1   Assignor hereby appoints Assignee the true and lawful attorney of Assignor with full power of substitution and with power for it and in its name, place and stead, to demand, collect, receipt and give complete acquittances for any and all rents and other amounts herein assigned which may be or become due and payable by the lessees and other occupants of the Premises, and at its discretion to file any claim or take any other action or proceeding and make any settlement of any claims, either in its own name or in the name of Assignor or otherwise, which Assignee may deem necessary or desirable in order to collect and enforce the payment of any and all rents and other amounts herein assigned  Lessees of the Premises, or any part thereof, are hereby expressly authorized and directed to pay all rents and other amounts herein assigned to Assignee or such nominee as Assignee may designate in writing delivered to and received by such lessees who are expressly relieved of any and all duty, liability or obligation to Assignor in respect of all payments so made

2   Assignee is hereby vested with full power to use all measures, legal and equitable, deemed by it necessary or proper to enforce this Assignment and to collect the rents and other amounts assigned hereunder, including the right to enter upon the Premises, or any part thereof, and take possession thereof forthwith to the extent necessary to effect the cure of any default on the part of Assignor as lessor in any of the Leases  Assignor hereby grants full power and authority to Assignee to exercise all rights, privileges and powers herein granted at any and all times hereafter, without notice to Assignor, with full power to use and apply all of the rents and other amounts assigned hereunder to the payment of the costs of managing and operating the Premises and of any indebtedness or liability of Assignor to Assignee, including but not limited to the payment of taxes, special assessments, insurance premiums, damage claims, the costs of maintaining, repairing, rebuilding and restoring the improvements on the Premises or of making same rentable, attorney fees and costs incurred in connection with the interpretation and/or enforcement of this Assignment, and of principal and interest payments and/or any other payments due from Assignor to Assignee on the Note, the Mortgage or any of the other Loan Documents (as defined in the Mortgage), all at Assignee's election and in such order as Assignee may determine  Assignee shall be

-3-

under no obligation to press any of the rights or claims assigned to it hereunder or to perform or carry out any of the obligations of the lessor under any of the Leases and does not assume any of the liabilities in connection with or arising or growing out of the covenants and agreements of Assignor in the Leases, and Assignor covenants and agrees that it will faithfully perform all of the obligations imposed under any and all of the Leases and except as provided in Paragraph 48 of the Mortgage, hereby agrees to indemnify Assignee and to hold it harmless from any liability, attorney's fees, costs, loss or damage which may or might be incurred by it under the Leases or by reason of this Assignment, and from any and all claims and demands whatsoever which may be asserted against Assignee by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in any of the Leases   This Assignment shall not operate to place responsibility for the control, care, management or repair of the Premises, or parts thereof, upon Assignee nor shall it operate to make Assignee liable for the carrying out of any of the terms and conditions of any of the Leases, or for any waste of the Premises by the lessee under any of the Leases or any other party, or for any dangerous or defective condition of the Premises or for any negligence in the management, upkeep, repair or control thereof resulting in loss or injury or death to any lessee, licensee, employee or stranger

The manner of the application of rentals, the reasonableness of the costs and charges to which such rentals are applied and the item or items which shall be credited thereby shall be within the sole and unlimited discretion of Assignee

3    Provided there has been no default by Assignor in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement of Assignor contained herein or in the Note or Mortgage, or in any of the Leases, any amounts collected hereunder by Assignee which are in excess of those applied to pay in full the aforesaid liabilities and indebtedness at the time due shall be promptly paid to Assignor

4    Assignor hereby represents and warrants to Assignee that except for the sublessor's interest in subleases, if any, it is the sole owner of the entire lessor's interest in each of the Leases, that the Leases are not in default and are valid and enforceable and have not been altered, modified or amended in any manner whatsoever except as previously disclosed to Assignee in writing or disclosed to Assignee herein, that all conditions precedent to the effectiveness of the Leases have been satisfied, that Assignor has not heretofore transferred or assigned the Leases or any of the rents thereunder or any right or interest therein, nor has it collected more than one month in advance or anticipated any of the rents thereunder, and Assignor represents and warrants that it is not indebted to the lessees under the Leases in any manner whatsoever so as to give rise to any right of setoff against, or reduction of, the rents payable under the Leases

5    Assignor covenants not to alter, modify, amend or change the terms of the Leases or give any consent or permission or exercise any option required or permitted by the

-4-

terms thereof or waive any obligation required to be performed by any lessee or execute, cancel or terminate any of the Leases or accept a surrender thereof or enter into leases after the date hereof without prior written consent of Assignee, and Assignor will not make any further transfer or assignment thereof, or attempt to pledge, assign or encumber any of the Leases or rents or other amounts payable thereunder, or convey or transfer or suffer a conveyance or transfer of the Premises or of any interest therein so as to effect, directly or indirectly, a merger of the estates and rights of, or a termination or diminution of the obligations of, any lessee thereunder Assignor further covenants to deliver to Assignee, promptly upon receipt thereof, copies of any and all demands, claims and notices of default received by it from any lessee under any of the Leases assigned herein If requested by Assignee, Assignor shall enforce the Leases and all remedies available to Assignor against the lessees thereunder in case of default under the Leases by lessees

Notwithstanding anything herein or in the Mortgage to the contrary, subject to termination as hereinafter provided, Assignee shall waive its right to require its prior written consent set forth in the immediately preceding paragraph, provided Assignor is not in default under the Note, the Mortgage, this Assignment of Lease and Rents or any other documents securing the Note and further provided all of the following requirements are met (i) the debt service coverage on the Premises as determined by Assignee is at least 1 20 (based on leases in place with no uncured defaults with a remaining term greater than 2 years), (ii) the lease is on a standard lease form pre-approved by Assignee, (iii) the lease has triple net rents of at least $14 00 per square foot per year, (iv) the lease has an initial term of 3 to 5 years (not to include renewal options), (v) the lease is for less than 2,000 square feet of space, (vi) the tenant's business will not include the presence of Hazardous Material (as defined in the Mortgage) on the Premises other than supplies for cleaning and maintenance and standard office supplies in commercially reasonable amounts, provided, however, that such items are incidental to the use of Premises and are stored and used in compliance with all laws and regulations governing Hazardous Materials, and (vii) the proposed use is consistent with the use of the Premises as of the date hereof and does not materially and adversely affect the value of the Premises, as determined by Assignee in Assignee's sole discretion Notwithstanding the foregoing sentence, Assignor shall send copies within thirty (30) days of the occurrence thereof in the manner provided for the giving of notices in the Mortgage of any alterations, modifications, changes or amendments to the leases, any consent or permission given to exercise any option required or permitted by the terms thereof, any waiver of any obligation required to be performed by any lessee, any execution, cancellation or termination of any of the leases, or if Assignor accepts a surrender thereof Nothing contained herein shall constitute a waiver of Assignee's right to require its prior written consent regarding leases which do not meet all of the requirements set forth in this subparagraph Assignee's right to require said prior written consent shall be immediately reinstated upon termination of the license to collect rents as provided herein

-5-

6   Upon payment in full of the principal sum, interest and other indebtedness secured
    hereby, and by any other documents which secure the Note, this Assignment shall be
    and become null and void, otherwise, it shall remain in full force and effect as herein
    provided and, with the covenants, warranties and power of attorney herein contained,
    shall inure to the benefit of Assignee and any subsequent holder of the Note, and shall
    be binding upon Assignor, and its heirs, legal representatives, successors and assigns,
    and any subsequent owner of the Premises

7   Notwithstanding any provision herein to the contrary, prior to a monetary default or
    non-monetary Event of Default under the Note, the Mortgage, or the other Loan
    Documents or a default beyond any notice and cure periods under any of the Leases,
    Assignee hereby grants to Assignor the license to collect as the same become due and
    payable, but in any event for not more than one calendar month in advance, all rents
    and other income arising under the Leases and from the Premises, and to enforce all
    provisions contained in the Leases   Assignor shall render such accounts of collections
    as Assignee may reasonably require   The license herein granted to Assignor shall
    terminate immediately and automatically, without further action or documentation,
    upon a monetary default or non-monetary Event of Default under the Note, the
    Mortgage, the other Loan Documents, or this Assignment, or a default beyond any
    notice and cure periods under any of the Leases, and upon written notice of Assignor's
    monetary default or non-monetary Event of Default at any time hereafter given by
    Assignee to any lessee, all rentals thereafter payable and all agreements and covenants
    thereafter to be performed by the lessee shall be paid and performed by the lessee
    directly to Assignee in the same manner as if the above license had not been granted,
    without prosecution of any legal or equitable remedies under the Mortgage   Any
    lessee of the Premises or any part thereof is authorized and directed to pay to Assignor
    any rent herein assigned currently for not more than one calendar month in advance,
    and any payment so made prior to receipt by such lessee of notice of Assignor's default
    shall constitute a full acquittance to lessee therefor

8   Concurrently with the execution of any lease covering the Premises, Assignor will
    notify the lessee, by U S  Certified Mail, of the existence of this Assignment and will
    deliver an executed copy of this Assignment to such lessee, directing such lessee to
    make all payments under its lease to Assignee or its nominee in accordance with the
    terms of this Assignment

9   It is understood and agreed that this Assignment shall become effective concurrently
    with the Note and the Mortgage   This Assignment shall be governed by and construed
    in accordance with the laws of the State where the Premises is located

10  It is the intention of Assignee and Assignor that the assignment effectuated by this
    Assignment with respect to the rents and other amounts due under the Leases shall be
    a direct and currently effective assignment and shall not constitute merely the granting
    of a lien, security interest or pledge for the purpose of securing the indebtedness
    secured by the Mortgage   In the event that a court of competent jurisdiction

-6-

determines that, notwithstanding such expressed intent of the parties, Assignee's interest in the rents or other amounts due under the Leases constitutes a lien on or security interest in or pledge of the rents or other amounts due under the Leases, it is agreed and understood that the forwarding of a notice to Assignor after the occurrence of a monetary default or non-monetary Event of Default, advising Assignor of the revocation of Assignor's license to collect such rents and other amounts due under the Leases, shall be sufficient action by Assignee to (i) perfect such lien on or security interest in or pledge of the rents and other amounts due under the Leases, (ii) take possession thereof, and (iii) entitle Assignee to immediate and direct payment of the rents and other amounts due under the Leases, for application as provided in the Note or Mortgage, all without the necessity of any further action by Assignee, including, without limitation, any action to obtain possession of the land, improvements or any other portion of the Premises  Notwithstanding the direct and absolute assignment of the rents and other amounts as herein described, there shall be no pro tanto reduction of any portion of the indebtedness secured by the Mortgage except with respect to rents or other amounts actually received by Assignee and applied by Assignee toward payment of such indebtedness

11    Notwithstanding anything in this Assignment to the contrary, Assignee may, upon written notice to Assignor, elect to (i) exclude from the assignment provided in this Assignment any of the Leases as specified in such notice so that the interest under such indicated Lease is not assigned to Assignee, and (ii) to the extent permitted under the terms of the relevant Lease or under the provisions of applicable law, subordinate the lien and other terms and provisions of the Mortgage to any of the Leases as indicated in said notice to Assignor

12    Assignor has had the opportunity to fully negotiate the terms hereof and modify the draftsmanship of this Assignment  Therefore, the terms of the Assignment shall be construed and interpreted without any presumption, inference, or rule requiring construction or interpretation of any provision of this Assignment against the interest of the party causing this Assignment or any portion of it to be drafted  Assignor is entering into this Assignment freely and voluntarily without any duress, economic or otherwise

-7-

IN WITNESS WHEREOF, Assignor has caused this Assignment to be duly executed and delivered as of the date first hereinabove written

PRIMAX PROPERTIES, LLC, a North
Carolina limited liability company

By _____
Name   William G. Seymour      (SEAL)
Title    Member/Manager

STATE OF _____ )
                                                   )   SS
COUNTY OF _____ )

I, _____, a Notary Public of the County and State aforesaid, certify that _____ personally came before me this day and acknowledged that she/he is _____ Secretary of _____ a corporation of the State of _____, and that by authority duly given and as the act of the corporation, the foregoing instrument was signed in its name by _____ and _____ its _____ and _____, sealed with its corporation seal and attested by as its _____ Secretary

Witness my hand and official stamp or seal, this _____ day of _____, 19>

_____
Notary Public

My Commission Expires _____

PJ/dt/s 750848/alr/62596

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

I, Vicki G Kirby, a Notary Public of Cabarrus County, North Carolina, do hereby certify that William G Seymour, Member/Manager of PriMax Properties, LLC, personally came before me this day and acknowledged the due execution of the foregoing instrument on behalf of PriMax Properties, LLC

Witness my hand and notarial seal, this 19th day of December, 1996

[NOTARIAL SEAL]

Vicki G. Kirby
NOTARY PUBLIC

My Commission Expires   6-13-98

## EXHIBIT A

### Legal Description

BEING all that certain tract of land, containing 14 199 acres, designated as "Parcel 1" on that certain plat (the "Plat") recorded in Map Book 26 at Page 901 in the Mecklenburg County, North Carolina, Public Registry, LESS AND EXCEPT the following tract of land

### Excluded Parcel

BEGINNING at a N C D O T right-of-way marker located in the intersection of the northern right-of-way margin of University City Blvd (N C Highway 49) and the western right-of-way margin of Pavilion Blvd (S R 2800), said N C D O T right-of-way marker also being located on the southern boundary line of the property designated as "Parcel 1" on the Plat, thence from said point of BEGINNING and running with the northern right-of-way margin of University City Blvd S 64-26-52 W 107 93 to a point, thence leaving said right-of-way margin and running the following five (5) courses and distances  (1) N 28-53-19 W 16 27 feet to a point, (2) N 20-18-12 W 11 37 feet to a point, (3) N 14-09-40 W 29 42 feet to a point, (4) N 08-01-07 W 78 53 feet to a point, and (5) N 18-23-14 W 141 74 feet to a point, thence N 71-01-47 E 194 80 feet to a point in the western right-of-way margin of Pavilion Blvd , thence running with the western and northwestern right-of-way margins of Pavilion Blvd the following two (2) courses and distances  (1) with the arc of a circular curve to the left having a radius of 669 35 feet, an arc distance of 205 24 feet (Chord Bearing = S 04-41-48 E 273 36 feet) to a N C D O T right-of-way marker, and (2) S 26-20-51 W 89 14 feet to a N C D O T right-of-way marker, said marker being the TRUE POINT AND PLACE OF BEGINNING, containing approximately 1 009 acres, as shown on that certain survey entitled "As-Built Survey Parcel 1/Back Creek Centre" prepared by Tim E Williams, R L S , dated October 10, 1996 (the "Survey"), reference to which is hereby made for a more particular description

The tract of land described above contains, in the aggregate, approximately 13 19 acres

3510582

EXHIBIT B

D-750848

1   Winn-Dixie Charlotte Inc, lease dated November 28, 1995, as amended by
    Amendment to Lease dated April 18, 1995 and Letter dated December 27, 1994

2.  Revco Discount Drug  Centers Inc, lease dated August 29, 1995

3.  AA Cleaners Inc, lease dated October 27, 1995

4.  Little Caesars Enterprises Inc, lease dated January 10, 1996

5   Great Clips Inc, lease dated January 31, 1996, as amended by Lease Addendum
    dated January 31, 1996, and Assignment of Lease dated January 31, 1996

6.  Richard A Bensler Jr dba Mail-N-Things, lease dated February 15, 1996

7.  Tu V Ung and Nga T Ung, lease dated January 25, 1996

8.  Pic-A-Flick Video II Inc, lease dated March 1, 1995

9.  Mao Jung Hua, Yue Zheng Xuan, Huang Hsiao Feng, and Teng Yu Zhao dba
    BBJR Inc, lease dated April 11, 1996

State of North Carolina, County of Mecklenburg

The foregoing certificate(s) of _____

   VICKI G. KIRBY _____

Notary(ies) Public is/are certified to be correct
This  20th   day of   DECEMBER _____ , 19  96

JUDITH A. GIBSON, REGISTER OF DEEDS
By _____  Deputy Register of Deeds