UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                                CASE NO.: 05-03817-3F1
Winn-Dixie Stores, Inc.,
Debtor.
_____/

RESPONSE, OBJECTION TO DEBTOR'S OMNIBUS OBJECTION TO
UNRESOLVED LITIGATION CLAIMS AND AMENDED AND RESTATED
MOTION OF BRIANNA JOHNSON, A MINOR, BY AND THROUGH HER
MOTHER AND NEXT FRIEND JENNIFER JOHNSON
FOR ORDER DEEMING PROOF OF CLAIM AS TIMELY FILED

COMES NOW Briana Johnson, a minor, by and through her mother and next friend, Jennifer Johnson, (the "Johnsons") by and through their undersigned counsel responds and objects to debtor's omnibus objection to unresolved litigation claims, and pursuant to 11 U.S.C. §105 and Fed.R. Bankr.P. 3003(b) and 9006(c), hereby moves this Court for entry of an order deeming their proof of claim as timely filed, and as grounds therefore states as follows:

1. On or about August 2, 2005, the Johnsons, through their attorney in Mobile, Alabama, filed the Johnson's Proof of Claim against debtor Winn-Dixie Stores, Inc., (Winn-Dixie) resulting from what the Johnsons allege was Winn-Dixie's negligence and other tortuous acts. Winn Dixie's claim's agent, Sedgwick Claims Management Services, Inc., (Sedgwick) has assigned file number A311207765-0001-01 to the Johnson's claim.

2. The Johnson's claim is a premises liability case where the minor child, Brianna Johnson, was a business invitee at the Winn-Dixie on St. Stephens Road in Mobile, Alabama. The Johnson's allege negligence and wantonness in the stacking and

maintenance of a display of wine coolers. Brianna Johnson was injured when one or more wine coolers fell from the display and lacerated her eye.

3. The Johnson's filed a civil suit in Mobile, Alabama on or about December 2, 2003, naming Winn Dixie Montgomery, Inc., as a defendant in order to recover their damages. Shortly thereafter, the Johnsons amended their complaint to name Winn-Dixie Louisana, Inc., as the proper party defendant.

4. Although not listed as a creditor in the Winn-Dixie bankruptcy, the Johnson's and their Alabama attorney were aware of Winn-Dixie's possible liability of Winn Dixie prior to the August 1, 2005 claims bar date, however, they did not learn of the Chapter 11 filing until the same date as the expiration of the claims bar date.

5. Since the Johnson's could not file the claim prior to the August 1, 2005 bar date, the Johnsons sent its claim via overnight mail to Logan & Company, Inc., for receipt on August 2, 2005.

6. On August 2, 2005, the Johnsons, pro se, electronically filed their motion to extend claims bar date, docket number 2729.

7. Unbeknownst to the Johnsons, this Court entered its August 10, 2005 Order striking creditor's motion to extend claims bar date, docket number 2937, on the grounds that it was filed without an original signature as required by Fed.R.Bank.P. 9011.

8. Since that time, the Johnson's have been participating in the Claims Resolution process approved by this Court.

9. The Claims Resolution process with the Johnsons thereafter became held up when Sedgwick could not process the Johnson's claim unless and until it received direction from the Court on how to process claims involving Medicaid liens. As a result, the

Johnson's filed their verified motion to fix and liquidate amount of Medicaid lien, docket number 7258.

10. After filing said motion, the Johnson's undersigned counsel reached an agreement with Winn-Dixie's counsel as follows: (1) that it would have Sedgwick resume the Claims Resolution process; (2) that it would seek Court direction for handling unresolved claims involving payments made by Medicare/Medicaid; and (3) that if the Claims Resolution process did not resume that the Johnson's could set their motion for hearing.

11. The Johnson's and their Alabama attorney's affidavits in support of this motion are attached hereto as Exhibit's "A" and "B" respectively.

## MEMORANDUM OF LAW

12. A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." Banco Latino International v. Lopez (In re Bank Latino International), 404 F.3d 1295, 1296 (11th Cir. 2005)(citing Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. Partnership, 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also*, In re Pappalardo, 210 B.R. 634 (Bankr.S.D.Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See*, Pioneer, 507 US. At 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of the claimant; (b) length of delay and potential impact on judicial proceedings; (c) danger of prejudice to debtor; and (d) whether claimant acted in good faith. In re Harrell, 325 B.R. 643, 646 (Bankr.M.D.Fla. 2005). *See*, In re PT-1 Communications, Inc., 292 B.R. 482, 489 (Bankr.S.D.N.Y.)(equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it

prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. Pioneer, 507 U.S. at 395, 113 S.Ct. at 1489.

### Reason for the Delay

13. The Johnsons received notice of the Bar Date on the date that it expired. They were not listed as a creditor in the Winn-Dixie bankruptcy proceeding. As a result, the Johnsons were not noticed with the commencement of the bankruptcy.

14. The facts are similar to the facts in In re Faden, 96 F.3d 792 (5th Cir.1996) in which the Fifth Circuit Court of Appeals held that a prepetition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. Here, the Johnsons first learned of the bar date on the date of its expiry.

### Length of Delay and Potential Impact on Judicial Proceedings

15. The Johnson's claim was filed one day after the claims bar date's expiry and in a timely enough fashion to allow them to participate in the Claims Resolution process. The judicial proceedings in this case will neither be materially nor substantially affected should the Court grant this motion because the Johnsons have participated in the Claims Resolution Process, the debtors case is not yet confirmed and there is ample time to include the Johnson's claim in the Plan. Allowing the Johnson's claim will neither delay nor add any additional layers of complexity to these proceedings.

### Prejudice to the Debtors

16. There is little, if any, prejudice to Winn-Dixie. The debtors do not have a confirmed Plan. Accordingly, the Johnson's claim may be included in any such Plan.

Furthermore, the parties have been participating in the Claims Resolution process. The parties have mutually agreed to postpone the hearing on the Johnson's verified motion to fix and liquidate the amount of the Medicaid lien. Finally, granting this motion will not deprive the debtors from its ability to object to the merits of the Johnson's claim.

### The Johnson's Good Faith

17. The Johnson's actions in this case were taken in good faith. They have acted properly and with diligence given their lack of knowledge of the Chapter 11 filings and at no point have they delayed this process or otherwise "sat on their rights." The Johnsons filed their claim in a prompt and complete fashion and they have fully participated in the Claims Resolution process.

### The Factors as a Whole

18. Each of the foregoing equitable considerations weighs in favor of granting of the relief sought in this motion. The treatment of the Johnson's claim as timely-filed will permit the claim to be resolved on its merits. Such relief will result in no prejudice to the debtor, will serve to protect the Johnson's rights to recover for their damages and is consistent with the interests of justice.

WHEREFORE, the Johnsons request that this Court enter an order deeming their claim as timely-filed and for such other relief as this Court deems just and equitable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished either electronically or by U.S. Mail this 3rd day of August, 2006 to Elena Escamilla, Esq., United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL. 32801; Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL. 32254-3699; Adam Ravin, Esq., Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY. 10036; Cynthia C. Jackson, Esq., Smith, Hulsey & Busey, 225 Water Street, Ste. 1800, Jacksonville, FL 32202; James H. Post, Esq., Smith, Hulsey & Busey, 225 Water Street, Ste. 1800, Jacksonville, FL 32202; Stephen D. Busey, Esq.,

Hulsey & Busey, 225 Water Street, Ste. 1800, Jacksonville, FL 32202; Dennis F. Dunne, Esq., Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; John B. Macdonald, Esq., Akerman Senterfitt, 50 North Laura Street, Ste. 2500, Jacksonville, FL 32202; Patrick P. Patangan, Esq., Akerman Senterfitt, 50 North Laura Street, Ste. 2500, Jacksonville, FL 32202 and to all parties on the Rule 1007(d) Parties in Interest list.

HIDAY & RICKE, P.A.

By: _____
Jeffrey R. Becker, Esquire
Post Office Box 550858
Jacksonville, FL 32255
(904) 363-2769  Fax: (904) 363-0538
Email: litigate@hidayricke.com
Florida Bar No.: 0792977
File # 200601225

*200601225-239-6-32*

STATE OF ALABAMA
COUNTY OF MOBILE

## AFFIDAVIT

The affiant, JENNIFER JOHNSON, hereby certifies under oath the following:

1. My name is Jennifer Johnson and I am over the age of nineteen (19) years. I have personal knowledge of all matters stated herein.

2. I am the custodial parent of Brianna Johnson, a minor child, age seven.

3. I have brought a lawsuit against MBC United and Winn-Dixie, in the Circuit Court of Mobile County, Alabama, for injuries that Brianna received, while we were shopping at Winn-Dixie. Specifically, a display of Bartles and Jaymes Wine Coolers was unstable and one or more bottles of wine fell on my child's face, severely cutting her eye.

4. Apparently, Winn-Dixie has filed Bankruptcy. I never received any notice from any court, nor for Winn-Dixie, that they had filed Bankruptcy. When my attorney discovered the Bankruptcy proceeding that we are presently dealing with, I filed, with his assistance, what I thought was the necessary documents to preserve our claim. I was never informed about an adverse ruling regarding any of the documents that I filed until a few days ago.

5. I am asking the Bankruptcy Court to allow me to pursue my claim against Winn-Dixie. It is my daughter's case that will be affected by any ruling against me, and this is not justified, given what she has been through.

Further affiant says not.

_____
JENNIFER JOHNSON

STATE OF ALABAMA
COUNTY OF MOBILE

I, the undersigned Notary Public, in and for said County in said State, hereby certify that JENNIFER JOHNSON, whose name is signed to the foregoing Affidavit, and who is known to me, did acknowledge before me on this day that, being informed of the contents of the instrument, the information in such document is true and correct to the best of her knowledge and that she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal on this, the 31st day of July, 2006.



_Vicki L Griffin_
NOTARY PUBLIC

My Commission Expires: 7/10

STATE OF ALABAMA
COUNTY OF MOBILE

### AFFIDAVIT

The affiant, EDWARD P. ROWAN, hereby certifies under oath the following:

1. My name is EDWARD P. ROWAN and I am over the age of nineteen (19) years. I have personal knowledge of all matters stated herein.

2. I am the Alabama Attorney for Jennifer Johnson, as parent of Brianna Johnson, a minor child. Since December 2, 2003, I have been litigating a case filed in the Circuit Court of Mobile County, Alabama against Winn-Dixie Louisiana, Inc. and MBC United Wholesale, LLC, on behalf of my clients.

3. To the best of my knowledge, my firm did not ever receive from Winn-Dixie or the Bankruptcy Court a notice of the Winn-Dixie Bankruptcy proceeding as it applied to the claim of my client. I first found out about the claims bar date on August 1, 2005, from an unrelated email with another attorney. At that time, my office contacted the appropriate Bankruptcy Court Clerk and attempted to obtain a pacer identification number that would allow my client to file the appropriate motion/notice on that day. The clerk could not provide an identification number in that time period. My client and I drafted and send the Proof of claim and questionnaire on August 1, 2005 to the following:

    > Winn-Dixie Claim Center
    > Logan & Company, Inc.
    > 546 Valley Road
    > Upper Montclair, New Jersey 07043.

    On August 2, 2005, my office received the appropriate pacer number and, at the request of my client, forwarded a Pro Se Motion requesting extension of the claims bar date.

4. From that point forward, I monitored the email notification from the Bankruptcy Court and never received any adverse ruling from the Court on any issue in my client's claim.

5. In late October 2005 I made contact with Attorney Jim Post, who verified my claim, and instructed me to forward my client's medical records, bills, and other pertinent claim information to him, so that he could forward said documents to the appropriate claims adjuster at Sedgwick, and I could

Page 1 of 2



begin settlement negotiations. I forwarded said information via overnight mail to Attorney Post on October 28, 2005.

6. On November 4, 2006, I received a letter from Sedgwick adjuster Angela Williams (dated October 13, 2005) (See attached **Exhibit A**). This letter was sent to the <u>wrong</u> address. It contained a request to fill out and return the "Questionnaire for Litigation Claimants" by November 1, 2005. I had already completed and mailed this months earlier, so I called Ms. Williams and discussed this claim and other related issues. From that point, we began settlement discussions. Once Ms. Williams received the claim documentation, and the requested Medicaid information regarding the medical bills paid, she instructed me to wait until further notice from her. (See letter dated February 6, 2006, attached hereto as **Exhibit B**).

7. After not hearing from Ms. Williams for two months, and repeated letters and voicemails that went unreturned, I retained Attorney Jeff Becker to assist my client with her Bankruptcy claim.

8. I was never told by Sedgwick, nor Winn-Dixie's attorney, that there was any deficiency with my client's claim.

Further affiant says not.

EDWARD P. ROWAN

STATE OF ALABAMA
COUNTY OF MOBILE

I, the undersigned Notary Public, in and for said County in said State, hereby certify that EDWARD P. ROWAN, whose name is signed to the foregoing Affidavit, and who is known to me, did acknowledge before me on this day that, being informed of the contents of the instrument, the information in such document is true and correct to the best of her knowledge and that she executed the same voluntarily on the day the same bears date.

Given under my hand and official seal on this, the 2nd day of August, 2006.

NOTARY PUBLIC

My Commission Expires: 7/24/2010



## Sedgwick CMS

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, Florida 32241-4787
Telephone 904 419-5300   Facsimile 904 419-5365

October 13, 2005

Edward P. Rowan, Esquire
Kittrell & Rowan, L.L.C.
P. O. Box 6505
Mobile, AL 36603

RE:   Proof of Claim No.:   11556
      Claimant:             Brianna Johnson
      Entity:               Winn-Dixie Louisiana, Inc.
      Sedgwick Claim No:    A311207765-0001-01
      Date of Incident:     2/18/2002

Sedgwick Claim Management Services, Inc. is the claims administrator for the Winn-Dixie Stores Inc. A six (6) page notice titled "Questionnaire for Litigation Claimants" was recently sent to you. As an initial step in resolving your claim you were asked to complete the questionnaire and mail it (along with copies of documents supporting or evidencing your claim) with proper postage to:

> Logan & Company, Inc.
> Claims Agent
> 546 Valley Road
> Upper Montclair
> New Jersey 07043

It is very important that this form be <u>fully completed</u> and returned by the deadline. We encourage you to do so as soon as possible if you wish to pursue a claim. If you do not fully complete and return the questionnaire to the debtors (Winn-Dixie) by <u>November 1, 2005</u>, the debtors shall have the right, for that reason alone, to seek denial of your proof of claim.

<u>Please disregard this letter if you have already returned the questionnaire.</u>

Sincerely,

*Angela D. Williams*
Claims Examiner III

*[Handwritten notes: (904) 419-5300, ext. 5353 — 11/4/05 - this was forwarded from Chip Chipolick's office? Spoke to Ms. Williams, she has corrected address. She has received the package from Jim Post + will write me re their offer/response to our $45,000 demand. —EPR]*

**EXHIBIT A**



## Sedgwick

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300   Facsimile 904 419-5365/5359

TO:     Edward P. Rowan, Esquire

FROM:   Angela D. Williams, Examiner III

COMPANY:

PHONE NUMBER:

FAX NUMBER:  251-432-0526

Pages Including Cover: 2

Re:   Customer: Brianna Johnson
      Date of Loss: 02/18/2002

In that all or a portion of your client's medical bills were paid by Medicaid, I am unable to enter into negotiations with you at this time.

Once I have received instructions from the bankruptcy court on how to proceed with claims involving government liens, I will contact you.

You may contact me between the hours of 7:00 A.M. and 3:30 P.M. Eastern Standard Time at 904-419-5353.

Angela D. Williams
Examiner III



EXHIBIT
B

TOTAL P.01