CREDITORS' COMMITTEE'S PROPOSED SOLICITATION LETTER

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF WINN-DIXIE STORES, INC., *ET AL.*, DEBTORS
CHAPTER 11 CASE NO. 3:05-bk-03817-JAF JOINTLY ADMINISTERED

c/o Milbank, Tweed, Hadley & M$^c$Cloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

August [ ], 2006

TO:   UNSECURED CREDITORS OF WINN-DIXIE STORES, INC. AND ITS DIRECT AND INDIRECT DEBTOR SUBSIDIARIES

The Official Committee of Unsecured Creditors (the "Creditors' Committee") of Winn-Dixie Stores, Inc., *et al.*, debtors and debtors in possession (collectively, the "Debtors"), appointed pursuant to 11 U.S.C. § 1102, writes to advise you of our determinations as to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated August [ ], 2006 (the "Plan"). Any capitalized terms used but not defined herein have the meaning ascribed to such terms in the Plan.

> THE MEMBERS OF THE CREDITORS' COMMITTEE REPRESENTING THE INTERESTS OF ALL UNSECURED CREDITORS OF THE DEBTORS, UNANIMOUSLY SUPPORT THE PLAN, EXCEPT AS DESCRIBED BELOW, AND RECOMMEND THAT HOLDERS OF UNSECURED CLAIMS VOTE TO ACCEPT THE PLAN IN ACCORDANCE WITH THE INSTRUCTIONS SET FORTH ON THEIR BALLOTS. *Each Creditor must, however, make its own independent decision as to whether or not the Plan is acceptable to that Creditor before voting to accept or reject the Plan.*

**Formulation of Plan.** Since its formation on March 1, 2005, the Creditors' Committee has expended significant efforts investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' businesses (including the operations of non-Debtor subsidiaries) and the desirability of continuing such businesses, and numerous other matters relevant to the formulation of a joint chapter 11 plan for the Debtors. In addition, as set forth more fully in the Disclosure Statement accompanying the Plan, we have worked with the Debtors for more than six (6) months to forge a compromise of complex issues relating to whether the Debtors' estates should be substantively consolidated in order to formulate the Plan. We believe that the compromise of substantive consolidation issues embodied in the Plan will provide the greatest potential recovery for unsecured creditors of the Debtors as a whole because, among other things, the Plan resolves the issue of substantive consolidation of the Debtors without expensive and time-consuming litigation, and facilitates an orderly and expeditious distribution of value to Creditors holding Allowed Unsecured Claims.

**Distributions.** The Plan provides that the Holders of Allowed Unsecured Claims (i.e., Holders of Allowed Noteholder Claims, Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims and Other Unsecured Claims) will receive 100% of the New Common Stock of Reorganized Winn-Dixie subject to dilution (of up to 10%) by New Common Stock that will be issued under the New Equity Incentive Plan.

**Substantive Consolidation Compromise.** As described in the Disclosure Statement, the Plan proposes, and its terms embody, a compromise and settlement, rather than litigation, of intercreditor issues relating to whether the liabilities and assets of the Debtors should be substantively consolidated for purposes of distributions under the Plan. We believe this settlement avoids the expense and delay of a litigation that would undoubtedly require lengthy discovery and court testimony regarding creditor reliance on the separateness or interrelatedness of the Debtors. Furthermore, establishing creditor reliance would not necessarily resolve the issue as parties could still assert, based on unsettled law, that consolidation was appropriate or inappropriate based on the state of the Debtors' financial records and the existence of intercorporate guarantees. Accordingly, based on, among other things, creditor support for the proposed settlement, the complexity of the litigation, the unanimous support of members of the Creditors' Committee and each party's likelihood of success, the proposed settlement is, in our view, in the best interests of the unsecured creditor body.

**Tail Insurance Coverage.** As described in the Disclosure Statement, the Debtors or the Reorganized Debtors, as the case may be, intend to purchase and maintain continuing director and officer insurance coverage in the amount of $200 million at an approximate cost of $10 million and for a tail period of six (6) years, for those directors and officers who were covered by director and officer insurance during the pendency of the Chapter 11 Case. **THE CREDITORS' COMMITTEE HAS NOT AGREED TO THE DEBTORS' PURCHASE OF TAIL INSURANCE COVERAGE. THE CREDITORS' COMMITTEE HAS INFORMED THE DEBTORS THAT, ABSENT A CONSENSUAL RESOLUTION, IT RESERVES ALL OF ITS RIGHTS WITH RESPECT TO THIS ISSUE, INCLUDING, WITHOUT LIMITATION, OBJECTIONS TO THE PROVISION OF TAIL INSURANCE IN ANY AMOUNT AT THE CONFIRMATION HEARING AND SEEKING AN ORDER FROM THE BANKRUPTCY COURT SEVERING SUCH PROVISION FROM THE PLAN**.

*The foregoing description summarizes only certain aspects of the compromise and other matters contained in the Plan and does not constitute any part of, and is not intended as a substitute for, the Disclosure Statement approved by the Court. Creditors should read the Plan and the accompanying Disclosure Statement (including, without limitation, all of the risk factors set forth therein) and attachments, exhibits and supplements in their entirety before voting on the Plan.*

The Debtors have provided you with a Ballot to vote to accept or reject the Plan. In order to have your vote counted, you must complete and return the Ballot in accordance with the procedure set forth therein and in the Disclosure Statement. PLEASE READ THE DIRECTIONS ON THE BALLOT CAREFULLY AND COMPLETE YOUR BALLOT IN ITS ENTIRETY BEFORE RETURNING IT TO THE DEBTORS' BALLOTING AGENT.

Please direct any questions regarding this letter and the matters discussed herein to co-counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy, LLP (Michael E. Comerford, 212-530-5318 or mcomerford@milbank.com).

> THE OFFICIAL COMMITTEE OF UNSECURED
> CREDITORS OF WINN-DIXIE STORES, INC., *ET AL.*