# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| WINN-DIXIE STORES, INC., et al., | ) | Case No. 3:05-bk-03817-JAF |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF TRANSFER AND ASSIGNMENT OF CLAIM AND WAIVER OF NOTICE PURSUANT TO BANKRUPTCY RULE 3001(e)(2)

ORIX Capital Markets, LLC as servicing agent for Wells Fargo Bank, N.A. gives notice of the attached transfer and assignment of claim pursuant to Bankruptcy Rule 3001(e)(2) between Dixie Land SC, LLC a/k/a Dixieland SC, LLC, as successor in interest to Orangeburg Associates, and their successors and assigns and Wells Fargo Bank, N.A., in its capacity as Trustee for the registered holders of First Union-Lehman Brothers-Bank of America Commercial Mortgage Trust Commercial Pass-Through Certificates, Series 1998 C-2.

STUTSMAN THAMES & MARKEY, P.A.

By /s/ Richard R. Thames
Richard R. Thames

Florida Bar Number 0718459
50 N. Laura St., Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
RRT@stmlaw.net

Attorneys for ORIX Capital Markets, LLC

60258

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Winn-Dixie Stores, Inc., et al., ) | Bankruptcy Case No. 05-03817-3F1 |
| ) | |
| Debtors. ) | |
| ) | |

## NOTICE OF TRANSFER AND ASSIGNMENT OF CLAIM ("ASSIGNMENT")

YOU WILL PLEASE TAKE NOTICE that **Dixie Land SC, LLC a/k/a Dixieland SC, LLC**, as successor-in-interest to Orangeburg Associates, and their successors and assigns ("Assignor"), for valuable consideration, hereby absolutely and unconditionally transfers and assigns unto **Wells Fargo Bank, N.A., in its capacity as Trustee for the registered holders of First Union-Lehman Brothers-Bank of America Commercial Mortgage Trust Commercial Pass-Through Certificates, Series 1998-C2** ("Assignee"): (a) all right, title and interest in and to in and to the claim previously filed by Assignor in the above-captioned Bankruptcy Case in the aggregate outstanding principal amount of not less than $458,443.45, denominated as **Claim No. 12349** (the "Claim"), together with all agreements, instruments, invoices, purchase orders, proofs of delivery and other documents evidencing, or relating or referred to in, the Claim; (b) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of, or in connection with, any of the foregoing; (c) all other claims, causes of action against Winn-Dixie Stores, Inc. (the "Debtor"), its affiliates or any guarantor relating to or arising from the Claim; (d) all related documents, together with voting and other rights and benefits which may be paid with respect to the Claim; and (e) all cash, securities, instruments and/or other property or distributions issued in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor in connection with rejection of a lease, and this

CLT 966706v1

Assignment shall be for the purpose of collection and shall not be deemed to create any security interest.

Assignor represents and warrants that no portion of the Claim has been sold, assigned or pledged to a third party in whole or in part and that no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim.

Assignor agrees to execute such documents as may be necessary to effectuate this Assignment; and Assignor further agrees to provide reasonable cooperation to the Assignee in obtaining any other documents evidencing, supporting or relating to the Claim. In the event the Claim is objected to or otherwise contested, in whole or in part, and Assignee receives notification of same, Assignee shall promptly notify Assignor of same.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such consideration which is now, or may hereafter become due and payable for, or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such power at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings.

Assignor agrees that if Assignor receives any payments or distributions with respect to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same to Assignee in the same form received (free of any withholding, set-off, claim

or deduction of any kind), within ten (10) business days, with the endorsement of Assignor when necessary or appropriate.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns. Assignor hereby acknowledges that Assignee may at any time re-assign the Claim to a third party, together with all rights, title and interest of Assignee in and to this Assignment.

The Assignor and Assignee hereby request that notice of said transfer be sent to any and all parties as required in accordance with Bankruptcy Rule 3001(e), FRBP and that any notices and disbursements of monies that would otherwise be directed to Assignor now be sent to the Assignee at the following address:

> **ORIX Capital Markets, LLC**
> **1717 Main Street**
> **Suite 800**
> **Dallas, Texas 75201**
> **Attn: Mr. Chuck Crouch**

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in the foregoing Assignment and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rule of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment by its duly authorized representative dated as of the 17th day of July, 2006.

**ASSIGNOR:**

WITNESS:
_____
Signature of Witness

Paul J. Gingras

DIXIE LAND SC, LLC
By: SPCG Associates, L.L.C., its Member
By: SPC Associates, L.L.C., SPCG's Member

By: _____
Name: Peter O. Hanson
Title: Manager of SPC Associates, LLC
Telephone Number: 801-488-5800

3

CLT 966706v1