Hearing Date: August 24, 2006, 1:00 p.m.
Objection Deadline: August 17, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ORDER AUTHORIZING REJECTION OF
## EMPLOYMENT-RELATED EXECUTORY CONTRACTS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for

entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and

approving the rejection of (i) the prepetition employment-related contracts of former employees

set forth on the attached Exhibit A (the "Former Employee Contracts") and (ii) the prepetition

employment-related contracts of current employees set forth on the attached Exhibit B (the

"Current Employee Contracts" and together with the Former Employee Contracts, the

"Contracts")[2] (the "Motion").  In support of the Motion, the Debtors state as follows:

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    The Debtors believe that several of the Contracts may, in fact, be non-executory or expired, but have sought to reject them out of an abundance of caution.  The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

## **Background**

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed plan of reorganization with an accompanying disclosure statement.  The hearing to consider the adequacy of the disclosure statement is scheduled to be held on August 4, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested by this Motion are sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

7.      By this Motion, the Debtors seek, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, the Court's authorization and approval to reject (a) the Former Employee Contracts and (b) the Current Employee Contracts, in each case effective as of the date of entry of an order approving this Motion.

8.      The Contracts include prepetition employment-related agreements (including offer letters and retention agreements) and prepetition agreements related to the termination of employment of former employees.  The Debtors have determined that it is in their best interests, as well as the best interests of their estates and creditors, to reject the Contracts.

9.      Insofar as they relate to individuals who are no longer employed by the Debtors, the Former Employee Contracts are not necessary to the Debtors' ongoing businesses. By rejecting the Former Employee Contracts, the Debtors will avoid expenses and obligations that are unnecessarily burdensome to their estates and that are, in some cases, inconsistent with the Debtors' emergence under their proposed plan of reorganization (the "Plan").

10.     As to the current employees who are counter-parties to the Current Employee Contracts, the rejection of the Current Employee Contracts does not entail the termination of, and will not impact upon the employment status of, these employees.  Rather, the rejection of such contracts is being sought as a necessary step toward the Debtors' reorganization. Many of the Current Employee Contracts include provisions that are inconsistent with rights

granted under orders of the Court (e.g. retention and severance benefits) and with the terms of the Plan (e.g. options with respect to Winn-Dixie's prepetition stock, which stock and options are proposed to be cancelled under the Plan). It is solely to avoid such inconsistent obligations that the Debtors are seeking to reject the Current Employee Contracts.

## Applicable Authority

11.     Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365. A debtor-in-possession's right to reject executory contracts and unexpired leases is a fundamental component of the bankruptcy process, as it provides a debtor with a mechanism to eliminate financial burdens to the estate. See In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989); In re Gunter Hotel Assoc., 96 B.R. 696 (Bankr. W.D. Tex. 1988).

12.     The decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by a court, subject only to review under the "business judgment" rule. See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Surfside Resort and Suites, Inc., 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005); In re Central Florida Fuels, Inc., 89 B.R. 242, 245 (Bankr. M.D. Fla. 1988). The business judgment rule requires the debtor to establish that rejection of the agreement will likely benefit the estate. See In re Surfside Resort & Suites, Inc., 325 B.R. at 469; In re Central Florida Fuels, Inc., 89 B.R. at 245; Sharon Steel Corp. v. Nat'l Fuel Gas Distrib'n Corp., 872 F.2d 36, 39-40 (3d Cir. 1989). Courts universally regard the business judgment rule as a low standard to meet, and therefore, absent a finding of bad faith, will not disturb the decision to reject an executory

contract or unexpired lease by substituting their own judgment for that of the debtor.  See In re III Enter., Inc. V, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) aff'd sub nom. Pueblo Chem., Inc. v. III Enters. Inc. V, 169 B.R. 551 (E.D. Pa. 1994); In re Hardie, 100 B.R. at 287.

13.     The Debtors have satisfied the "business judgment" standard for rejecting the Contracts in the present case.  The Debtors' obligations under these Contracts pose potential continuing monetary obligations and/or other risks to the Debtors' estates.  Moreover, many of the Contracts contain obligations that are inconsistent with the Debtors' reorganization under the Plan.  Accordingly, the Debtors' determination that the Contracts should be rejected reflects their exercise of sound business judgment.

## Rejection Damages Deadline

14.     To the extent that the parties to the Contracts assert rejection damages as a result of the rejection proposed by this Motion, the Debtors request that the Court order that the deadline for filing a proof of claim for such rejection damages is 30 days after the date of entry of the order entered pursuant to this Motion.

## Notice

15.     Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the counter parties to the Contracts.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit C, authorizing and

approving the rejection of (a) the Former Employee Contracts and (b) the Current Employee

Contracts and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  August 4, 2006.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By ___*s/ D. J. Baker*_____
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By ___*s/ James H. Post*_____
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for the Debtors

**Exhibit A**

**FORMER EMPLOYEE CONTRACTS FOR REJECTION**

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Former Employee Contracts.  The rejections pursuant to this Motion will apply only to the Former Employee Contracts identified in this Exhibit A and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed.)

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| J. Adrian Barrow<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Release Agreement executed January 5, 2004 |
| Joel Barton<br><br>**Address Intentionally Omitted to Protect Employee Confidentiality** | Winn-Dixie Stores, Inc. | Offer Letter dated October 16, 2003 |
| Steven Begley<br><br>**Address Intentionally Omitted to Protect Employee Confidentiality** | Winn-Dixie Stores, Inc. | Offer Letter dated June 30, 2003 |
| James Brogan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 16, 2004 |
| Richard Channell<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 2, 2004 |
| Paul Currie (spelled "Carrie" in Offer Letter)<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 30, 2004 |
| Doyle Eiler<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 28, 2004 |
| Robin Everhart<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 11, 2004 |
| Harvey G. Fielder<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 22, 2004 |
| Joanne Gage<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 23, 2003 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Joanne Gage<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 30, 2001 |
| Curtis M. Gore<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 29, 2001 |
| Mark Gunlicks<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 1, 2004 |
| Glen Hamilton<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 1, 2003 |
| Dennis Hanley<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 26, 2002 |
| Kathy Heffron<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o Newman & Meeks<br>Attention: Robert B. Newman, Esq.<br>617 Vine Street, Suite 1401<br>Cincinnati, OH  45202 | Winn-Dixie Raleigh, Inc. as successor to Winn-Dixie Charlotte, Inc. | Settlement Agreement and Release dated January 19, 2005 |
| Richard C. Judd<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated February 6, 2003 |
| Richard C. Judd<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Retention Agreement executed January 14, 2005 |
| Antoinette Judy<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 16, 2003 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Frank Lazaran<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o John D. Hershberger, Esq.<br>Volpe, Bajalia, Wickes, Rogerson, Galloway & Wachs<br>1301 Riverplace Boulevard, Suite 1700<br>Jacksonville, FL  32207 | Winn-Dixie Stores, Inc. | Offer Letter dated May 2, 2003 |
| Frank Lazaran<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o John D. Hershberger, Esq.<br>Volpe, Bajalia, Wickes, Rogerson, Galloway & Wachs<br>1301 Riverplace Boulevard, Suite 1700<br>Jacksonville, FL  32207 | Winn-Dixie Stores, Inc. | Offer Letter dated April 4, 2002 |
| Frank Lazaran<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o John D. Hershberger, Esq.<br>Volpe, Bajalia, Wickes, Rogerson, Galloway & Wachs<br>1301 Riverplace Boulevard, Suite 1700<br>Jacksonville, FL  32207 | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated January 27, 2005 as amended by Separation and Release Agreement First Amendment dated February 1, 2005 |
| Mary Louk<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 1, 2002 |
| Katherine Lussier<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 29, 2004 |
| Dewey Maroney<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 8, 2004 |
| Dewey Maroney<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 10, 2003 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Lance K. Martinez<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o Shinbaum, Abell McLeod & Vann<br>Attention: Richard D. Shek, Esq.<br>Attention: William K. Abell, Esq.<br>P.O. Box 201<br>Montgomery, AL  36102 | Winn-Dixie Montgomery, Inc. | Settlement Agreement and Release signed and entered into January 31, 2005 |
| Mark Matta<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated March 4, 2003 |
| Mark Matta<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Retention Agreement executed January 13, 2005 |
| Richard P. McCook<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated March 3, 2004 |
| James McDonald<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 2, 2004 |
| Chatles Newsom<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 19, 2004 |
| Paul Novak<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated February 6, 2004 |
| Paul Novak<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated January 4, 2005 |
| John Opasinski<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 26, 2003 |
| Alred J. Ottolino<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 12, 2003 |
| Evan Rainwater<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 23, 2002 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Susan Ranjan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 30, 2004 |
| Robert A. Rowe<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated December 22, 2003 |
| Allen R. Rowland<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o Bruce S. Mendelsohn, Esq.<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Building, 1333 New Hampshire Avenue, N.W.<br>Washington, District of Columbia 20036-1564 | Winn-Dixie Stores, Inc. | Employment Agreement dated November 23, 1999 |
| Karen E. Salem<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 6, 2002 |
| Scott Schaper<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 22, 2003 |
| Dennis Sheehan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated February 26, 2004 |
| John R. Sheehan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Retention Agreement dated October 27, 2004 |
| Brad Spooner<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 21, 2004 |
| Justin Strother<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 5, 2001 |
| Jim Thatcher<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated December 2, 2003 |
| John Mitchell Ward<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated April 16, 2004 |

## Exhibit B

## CURRENT EMPLOYEE CONTRACTS FOR REJECTION

(The Debtors reserve the right to challenge the executory or unexpired nature of any of the Current Employee Contracts.  The rejections pursuant to this Motion will apply only to the Current Employee Contracts identified in this Exhibit B and do not apply to any other agreement(s) that the Debtors may have with the Non-Debtor Parties listed.)

THE REJECTION OF THE CURRENT EMPLOYEE CONTRACTS DOES NOT ENTAIL THE TERMINATION OF, AND WILL NOT IMPACT UPON THE EMPLOYMENT STATUS OF, THE NON-DEBTOR PARTIES.

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Laurence B. Appel<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 9, 2002 |
| Laurence B. Appel<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Retention Agreement executed January 14, 2005 |
| Dale Bitter<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 14, 2003 |
| Derrick Bryant<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 13, 2004 |
| Kenneth Burns<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 28, 2004 |
| James Carrado<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 19. 2004 |
| Keith B. Cherry<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated March 22, 2000 |
| Mike Cornish<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 29, 2004 |
| Michael Daneliak<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 12, 2004 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Dedra N. Dogan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated June 20, 2003 |
| Rodney Ennis<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 25, 2004 |
| William Fisher<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 11, 2004 |
| Cheryl Forehand<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 22, 2003 |
| Cheryl Forehand<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated July 1, 2003 |
| Dennis Fox<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 15, 2003 |
| Nancy Gaddy<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 26, 2004 |
| Grady Gresham<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 20, 2004 |
| Grady Gresham<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated July 20, 2004 |
| Michael Haynes<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated December 13, 2004 |
| David F. Henry<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Retention Agreement executed January 14, 2005 |
| Robert Huey<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 2, 2004 |
| Gary Jones<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 21, 2004 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Gary Jones<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated April 29, 2003 |
| Antonia Jorges<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 20, 2004 |
| Paul Kennedy<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated March 16, 2004 |
| Benita Kichler<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated January 5, 2004 |
| Michael Krage<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 11, 2004 |
| Michael LeBlanc<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 26, 2004 |
| Debra Martin<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated February 27, 2004 |
| Joseph Medina<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated March 30, 2004 |
| Scott Moore<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 29, 2004 |
| Timothy Myers<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 17, 2004 |
| Bennett L. Nussbaum<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated March 8, 2004 |
| Bennett L. Nussbaum<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Retention Agreement executed February 14, 2005 |
| Robert Pessel<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 26, 2004 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Linda Rodriguez<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 27, 2003 |
| Kellie D. Hardee f/k/a Kellie D. Ross<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated May 16, 2000 |
| Christopher Scott<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 30, 2004 |
| James Scribner<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 15, 2004 |
| Mark Sellers<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated April 20, 2004 |
| Nick Siniscalchi<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated August 20, 2004 |
| Bruce Steadman<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated February 20, 2004 |
| Kevin Stubbs<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 13, 2004 |
| Paul Tiberio<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 8, 2004 |
| Paul Tiberio<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated February 11, 2004 |
| Henry Warden<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 16, 2004 |
| Charlie Weston<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 1, 2004 |

| Non-Debtor Party | Debtor Party | Contract |
|---|---|---|
| Larry White<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated September 28, 2004 |
| Larry White<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 1, 2002 |
| Gary Williams<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated October 5, 2001 |

# **Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING REJECTION OF**
**EMPLOYMENT-RELATED EXECUTORY CONTRACTS**

These cases came before the Court for hearing on August 24, 2006, upon the motion
of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates, as debtors and debtors-in-
possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365
and Fed. R. Bankr. P. 6006 (a) authorizing and approving the rejection of the prepetition
employment-related contracts of former employees set forth on Exhibit A to this Order and
the prepetition employment-related contracts of current employees set forth on Exhibit B to
this Order (collectively, the "Contracts").[1]  Upon consideration, it is

ORDERED AND ADJUDGED:

1.      The Motion is granted.

2.      The Contracts set forth on Exhibit A and Exhibit B to this Order are rejected as
of the date of this Order.

---

[1]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to
them in the Motion.

3.      Claims for any rejection damages resulting from the rejection of the Contracts must be filed within 30 days after the date of entry of this Order.

Dated August ___, 2006 in Jacksonville, Florida.

_____

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties included
on the Master Service List.

2

**THE EXHIBITS TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBITS THAT ARE ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**