Hearing Date: **August 24, 2006, 1:00 p.m.**
Objection Deadline: **August 17, 2006, 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

## DEBTORS' MOTION FOR ORDER AUTHORIZING ASSUMPTION OF EMPLOYMENT-RELATED EXECUTORY CONTRACTS AND FIXING CURE AMOUNTS

Winn-Dixie Stores, Inc. ("Winn-Dixie") and twenty-three of its subsidiaries and

affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move the Court for

entry of an order under 11 U.S.C. §§ 105(a) and 365 and Fed. R. Bankr. P. 6006 authorizing and

approving the assumption of the prepetition employment-related contracts set forth on the attached

Exhibit A (the "Contracts")[2] effective as of the effective date of the Debtors' proposed plan of

reorganization (the "Effective Date") and fixing the cure amount for each of the Contracts as set

forth on Exhibit A (the "Motion"). In support of the Motion, the Debtors state as follows:

### Background

1.      On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary

petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]      The Debtors believe that several of the Contracts may, in fact, be non-executory or expired, but have sought to reject them out of an abundance of caution. The Debtors reserve the right to challenge the executory or unexpired nature of any of the Contracts.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").  The Debtors' cases are being jointly administered for procedural purposes only.

2.      The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005, was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.      On June 29, 2006, the Debtors filed a proposed plan of reorganization with an accompanying disclosure statement.  The hearing to consider the adequacy of the disclosure statement is scheduled to be held on August 4, 2006.

5.      This Court has jurisdiction over the Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief requested by this Motion are sections 105(a) and 365 of the Bankruptcy Code, supported by Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

7.      By this Motion, the Debtors seek an order of the Court, pursuant to sections 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules, authorizing and

approving the assumption of the Contracts as of the Effective Date and fixing the cure amount for each of the Contracts.  If there is no Effective Date, the Contracts will not be assumed by the Debtors and no payments will be made on such cure amounts.

8.      To the extent that the Debtors are in default under the Contracts, assumption of the Contracts will require that the Debtors satisfy section 365(b) of the Bankruptcy Code by paying the non-Debtor counter parties to the Contracts (the "Counter Parties") the applicable cure amount.  Included in Exhibit A to this Motion are the respective cure amounts that the Debtors believe are owed to the Counter Parties with respect to the Contracts (the "Proposed Cure Amounts").

9.      The Debtors seek certainty as to the Proposed Cure Amounts.  Therefore, to the extent that a Counter Party disputes the Proposed Cure Amount or otherwise objects to the Motion, the Counter Party must file an objection with the Court and serve the objection on the Debtors on or before August 17, 2006 (the "Objection Deadline").  In the absence of a timely objection, the Contract Party will be deemed to have consented to the assumption of the Contract and the Proposed Cure, will be barred from asserting a larger claim for cure, and will be deemed to have waived all claims under the Contract against the Debtors other than the Proposed Cure Amount.

10.     If a Counter Party asserts a cure amount that is higher than the Proposed Cure Amount, or for any other reason, the Debtors reserve the right, in their discretion, prior to the entry of an order approving this Motion, to remove any Contract from Exhibit A and to alternatively seek by separate motion to reject or otherwise dispose of such Contract.

**Basis for Relief**

11.     As part of their restructuring, the Debtors have undertaken a comprehensive review and analysis of each of the Contracts, together with the consequences and costs of assumption or rejection.  Based upon this analysis, including the anticipated cost reflected by the Proposed Cure Amount, the Debtors have at this time determined that assumption of the Contracts is in the best interests of the Debtors and their estates.  The Contracts include prepetition separation and release agreements relating to the termination of employment of former employees.  By assuming the Contracts, the Debtors will be ensured the enforceability of the Contracts and will be able to continue to realize the benefits of the Contracts (including releases and waivers).

12.     To the extent that there has been a default under the Contracts, the Debtors represent that the requirements of section 365(b) of the Bankruptcy Code will be satisfied through (a) payment of the Proposed Cure Amount, which will cure such default and compensate the applicable Counter Party for any actual pecuniary loss resulting from such default and (b) the Debtors' continuing business operations, which will provide adequate assurance of future performance under the Contracts.

**Applicable Authority**

13.     Pursuant to sections 365(a) and 1107(a) of the Bankruptcy Code, a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365.  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'"  Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1098 (2d Cir. 1993).

4

14.     A debtor's decision to assume or reject a contract or unexpired lease is subject to review under the business judgment standard.  See Byrd v. Gardinier, Inc. (In re Gardinier), 831 F.2d 974, 975 n.2 (11th Cir. 1987); In re Orion Pictures Corp., 4 F.3d at 1098-99.  Under this standard, the debtor's assumption of a contract or lease is appropriate if it will benefit the estate. See Westshire, Inc. v. Trident Shipworks, Inc., 247 B.R. 856 (M.D. Fla. 2000).  Upon finding that a debtor has exercised its sound business judgment in determining that assumption of a particular executory contract is in the best interests of the debtor's estate, the bankruptcy court should approve assumption under section 365(a) of the Bankruptcy Code.  See In re Gucci, 193 B.R. 411, 415-17 (S.D.N.Y. 1996) (affirming bankruptcy court's approval of assumption of executory contract upon determining that assumption "was in the best interest of the estate"); Blue Cross Blue Shield of Conn. v. Gurski (In re Gurski), Nos. 94-51202 & 3:95CV1883, 1996 WL 684397, at *2 (D. Conn. Jan. 25, 1996) (affirming bankruptcy court's determination that executory contracts were beneficial to the debtor such that the debtor could assume them under section 365(a)).  In the case of assumption, "[t]he § 365 election permits a trustee to … continue performance on a contract which will benefit the estate."  In re Diamond Mfg. Co., 164 B.R. 189 (Bankr. S.D. Ga. 1994) (citing In re Brada Miller Freight Sys., Inc., 702 F.2d 890, 893-894 (11th Cir. 1983)).  The Debtors respectfully submit that they have satisfied the business judgment standard for assuming the Contracts.

15.     The Debtors recognize that as to those Contracts as to which a default has occurred, section 365(b) of the Bankruptcy Code imposes an obligation upon the Debtors to (a) cure or provide adequate assurance to the Counter Party to such Contract that the Debtors will cure such default, (b) compensate or provide adequate assurance that the Debtors will promptly compensate the Counter Party to such Contract for any actual pecuniary loss to such Counter Party resulting

from such default, and (c) provide adequate assurance of future performance under such Contract. As set forth above, these obligations are satisfied.

### Notice

16.    Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors Committee, (d) the other parties in interest named on the Master Service List maintained in these cases, and (e) the Counter Parties.  No other or further notice need be given.

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit B (a) authorizing and approving the assumption of the Contracts effective as of Effective Date and (b) fixing the costs of assumption at the Proposed Cure Amounts set forth on Exhibit A and (ii) grant such other and further relief as the Court deems just and proper.

Dated:  August 4, 2006.

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By     _s/ D. J. Baker_____
    D. J. Baker
    Sally McDonald Henry
    Rosalie Walker Gray
    David M. Turetsky
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Counsel for the Debtors

SMITH HULSEY & BUSEY

By     _s/ James H. Post_____
    Stephen D. Busey
    James H. Post
    Cynthia C. Jackson,
     Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
cjackson@smithhulsey.com

Co-Counsel for the Debtors

## Exhibit A

## CONTRACTS FOR ASSUMPTION

| Non-Debtor Counter Party | Debtor | Contract | Proposed Cure Amount |
|---|---|---|---|
| Joel Barton<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 18, 2005 and Election Form and Waiver Agreement dated February 21, 2005 | $0.00 |
| William R. Baxley<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Resignation and Release executed February 10, 2004 | $0.00 |
| Margaret M. Cavin<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Release executed October 31, 2003 | $0.00 |
| Paul M. Chisholm<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Election Form and Waiver Agreement dated February 1, 2005 | $0.00 |
| Gary W. Doss<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Montgomery, Inc. | Election Form and Waiver Agreement dated April 26, 2004 | $0.00 |
| Curtis M. Gore<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Montgomery, Inc. | Separation and Release Agreement dated May 4, 2004 | $0.00 |
| George T. Gue, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Raleigh Inc. | Election Form and Waiver Agreement dated November 24, 2004 | $0.00 |
| Dennis Hanley<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated April 9, 2004 | $0.00 |

| Non-Debtor Counter Party | Debtor | Contract | Proposed Cure Amount |
|---|---|---|---|
| Emeka I. Kwentoh<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o De Ramus & Talty Attention: Thomas T. Talty, Esq. 2015 First Avenue North Birmingham, AL 35203 | Winn-Dixie Montgomery, Inc. | Settlement Agreement and Release dated December 30, 2004 | $22,250.00 |
| Mark Matta<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 21, 2005 and Election Form and Waiver Agreement dated February 21, 2005 | $0.00 |
| Mary Mitchell<br><br>**Address Intentionally Omitted to Protect Employee Privacy**<br><br>C/o Barry C. Leavell Hallie C. Leavell 205 Madison Ave, Ste. A Montgomery, AL 36104 | Winn-Dixie Montgomery, Inc. | Settlement Agreement and Release signed and entered into January 20, 2005 | $0.00 |
| Dwight A. Moore, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated April 8, 2004 | $0.00 |
| John Opasinski<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated April 9, 2004 | $0.00 |
| Jim Seeley<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 18, 2005 and Election Form and Waiver Agreement dated February 18, 2005 | $0.00 |
| John Sheehan<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Letter Agreement dated February 18, 2005 and Election Form and Waiver Agreement dated February 18, 2005 | $0.00 |

| Non-Debtor Counter Party | Debtor | Contract | Proposed Cure Amount |
|---|---|---|---|
| Justin D. Strother<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Separation and Release Agreement dated June 10, 2004 | $0.00 |
| James H. Thatcher<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. f/k/a Save Rite Grocery Warehouse, Inc. | Election Form and Waiver Agreement dated September 23, 2004 as amended by Addendum to Election Form and Waiver Agreement dated October 22, 2004 and Letter from Frank Lazaran dated November 2, 2004 | $0.00 |
| Stanley R. Timbrook, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Release executed February 12, 2004 | $0.00 |
| Robert Tulko<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Employment, Noncompetition and Nondisclosure Agreement entered into February 22, 2002 | $0.00 |
| Roy Wong<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Offer Letter dated November 19, 2004 | $0.00 |
| E. Ellis Zahra, Jr.<br><br>**Address Intentionally Omitted to Protect Employee Privacy** | Winn-Dixie Stores, Inc. | Confidential Resignation and Release entered into as of July 2, 2002 and Letter Agreement dated April 24, 2002 | $0.00 |

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER AUTHORIZING ASSUMPTION OF EMPLOYMENT-RELATED**
**EXECUTORY CONTRACTS AND FIXING CURE AMOUNTS**

These cases came before the Court for hearing on August 24, 2006, upon the motion of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order under 11 U.S.C. §§ 105 and 365 and Fed. R. Bankr. P. 6006 (a) authorizing and approving the assumption of the prepetition employment-related contracts set forth on Exhibit A to this Order (the "Contracts") effective as of the Effective Date and (b) fixing the costs of assumption at the Proposed Cure Amounts identified on Exhibit A (the "Motion").[1] By the Motion, the Counter Parties to the Contracts were given until August 17, 2006 to object to the Cure Amounts. Upon consideration, it is

ORDERED AND ADJUDGED:

1.     The Motion is granted.

2.     The Debtors are authorized to assume the Contracts pursuant to 11 U.S.C. § 365(a), subject to the occurrence of, and effective as of, the Effective Date. The Debtors' assumption of the Contracts as of, and upon the occurrence of, the Effective Date is approved.

---

[1]     All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

3.      For purposes of 11 U.S.C. § 365(b)(1), the only cure or compensation amounts owed by the Debtors are the Proposed Cure Amounts listed on Exhibit A.

4.      The Counter Parties listed on Exhibit A are deemed to have waived any and all claims they may have against the Debtors for cure or compensation under their respective Contracts listed on Exhibit A, except for the Proposed Cure Amount.

5.      The Proposed Cure Amounts shall be paid by the Debtors on or as soon as practicable after the Effective Date.

6.      The requirements of 11 U.S.C. § 365(b)(1) are hereby deemed satisfied with respect to each of the Contracts.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.      The Court retains jurisdiction to hear and determine all matters arising from the implementation of this Order.

9.      In the event the Debtors' plan of reorganization is not confirmed or has not become effective, this Order shall be null and void.

Dated August ___, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties included
on the Master Service List.

2

**THE EXHIBIT TO BE ATTACHED TO THE ORDER WHEN ENTERED WILL BE THE SAME EXHIBIT THAT IS ATTACHED TO THE MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS OBJECTIONS TO THE MOTION**