F I L E D
JACKSONVILLE, FLORIDA

AUG - 4 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.
_____/

Case No. 05-03817-3F1

Chapter 11

Jointly Administered

### CREDITOR ANA MARTINEZ'S RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS

Creditor Ana Martinez ("Martinez") files this response to the Debtors' Omnibus Objection to Unresolved Litigation Claims, and in support thereof, states as follows:

### General Background

1. On or about February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the objection are Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. By order dated April 28, 2005, (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.

5. On February 28, 2005, Claimant, Anna Martinez, timely filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York a non-insider general unsecured claim in the amount of $500,000.00 (the "Proof of Claim") for damages arising from an injury she sustained when she slipped and fell at a Winn Dixie Supermarket located at 1525 Coral Way, Miami, Florida on July 19, 2004. The Proof of Claim was directed specifically to the Debtor, Winn Dixie Supermarkets, Inc. This Proof of Claim has been designated as Claim No. 20, and a copy of the proof of claim is attached hereto as *Exhibit "A."*

6. Additionally, on February 28, 2005, as a precaution Clamant also sent a copy of the Proof

1

of Claim (Claim No. 20) to Logan and Company, Inc. in consideration of Debtors' *Application for Approval of Agreement with Logan & Company, Inc. And Appointment of Logan & Company, Inc. As Claims, Noticing, and Balloting Agent for the Debtors.*

7.  Following receipt of the *Notice of Deadline Requiring Filing Proofs of Claim on or before August 1, 2005, at 5:00 p.m., Eastern Time*, on July 22, 2005, Claimant, again as a precaution, filed three more proofs of claim directed to the Debtors, Winn Dixie Supermarkets, Inc., Winn-Dixie Logistics, Inc., and Winn Dixie Stores, Inc., as Claimant was not sure which individual Debtor her claim should be directed. These proofs of claim have been designated as Claim Nos. 7971, 7972, and 7973. A copy of these proofs of claim are attached hereto as Exhibit "B."

8.  On June 22, 2006, the Debtors, pursuant to 11 U.S.C. § 502(b), Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1, filed their Omnibus Objection to Unresolved Litigation Claims, which included objections to the Proof of Claim (Claim No. 20), and to Claimant's other proofs of claim described above (Claim Nos. 7971, 7972, and 7973) (the "Objection").

9.  As the basis for its objection to the Proof of Claim (Claim No. 20), the Debtors allege the following: *"No Liability – Disputed Claim; Amended by Claim No. 7971 And Insufficient Proof of Claim."*

10. As the basis for its objection to Claim No. 7971 the Debtors allege the following: *"No Liability – Disputed Claim."*

11. As the basis for its objection to Claim No. 7972 the Debtors allege the following: *"No Liability – Disputed Claim; Duplicated by Claim No. 7971"*

12. As the basis for its objection to Claim No. 7973 the Debtors allege the following: *"No Liability – Disputed Claim; Duplicated by Claim No. 7971"*

13. Accordingly and pursuant to the Objection, the Debtors seek to disallow the Proof of Claim (Claim No. 20) and all other claims filed by Claimant (Claim Nos. 7971, 7972, and 7973) in their entirety. At the time of filing the Objection, the Debtors stated that the Objection is being made only to confirm and preserve the rights of the Debtors as to objections being made and that no relief is being requested by the Debtors.

14. On July 25, 2006, Debtors served their *Notice of Hearing on Debtor's Omnibus Objection to Unresolved Litigation Claims* which provided that a hearing is scheduled for August 24, 2006 at 1:00 p.m., before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida, 32202, to consider the Objection. More specifically, the Debtors identified Claim No. 20 as one of the Claims which shall be considered by the Court on the above date and time.

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 SOUTHWEST 77TH AVENUE • MIAMI, FL 33156-7903 • TELEPHONE (305) 274-7533 • FAX (305) 274-7855

## Response

15. The Claimant has filed a claim for negligence arising from a fall, which occurred on July 19, 2004, at a Winn-Dixie Supermarket located at 1525 Coral Way, Miami, Florida 33135, which is owned and/or operated by the Debtors in Miami-Dade County Florida. More specifically, the Claimant, Anna Martinez, was grocery shopping in the frozen food aisle of the supermarket and slipped and fell on water which had accumulated in the aisle.

16. At the time of the filing of the bankruptcy petition, the Claimant had not yet initiated a cause of action in state court in Miami-Dade County Florida and only had provided notice of the claim to Winn Dixie.

17. At the time of the aforedescribed incident, Winn Dixie, by and through its agents, servants, and/or employees, did own, operate, manage, and/or control the premises described above where the incident occurred. Under the laws of the State of Florida the Debtors had a non-delegable duty to maintain the aforementioned business premises, in a reasonably safe condition for persons lawfully upon said premises.

18. The Claimant will demonstrate at a trial in this matter, that Winn Dixie breached its duty of care to her by negligently and carelessly failing to maintain the aforesaid premises in a reasonably safe condition for her protection and safety. The Claimant will further demonstrate that numerous obligations, duties and responsibilities of Winn Dixie had been violated immediately prior to said occurrence.

19. Multiple proofs of claim have been submitted by Anna Martinez for an amount in excess of $500,000.00, representing serious and permanent injuries sustained by the Claimant in the subject fall. More specifically, Plaintiff has suffered significant pain in her left knee and lower back requiring diagnostic studies to be performed which have revealed (i) a partial tear of the anterior cruciate ligament, (ii) strain of the medial collateral ligament, (iii) joint effusion of the left knee, (iv) a left posterolateral disk herniation at L2-L3, (v) a radial tear involving the L4-L5 disk, and (vi) neural encroachment at L2-L3 and L5-S1. The findings on the MRI have necessitated further care and treatment to include (i) an annuloplasty at L4-L5, (ii) lumbar percutaneous discectomy at L2-L3, and (iii) an Interdiscal Depo-Medrol injection with analgesic at L2-L3. Currently, Ms Martinez has incurred in excess of $50,000 in medical expenses relating to her care and treatment to date and is expected to incur additional expenses relating to future procedures and rehabilitation.

20. At trial, Claimant will introduce evidence to establish economic damages, together with intangible losses represented by pain and suffering, mental anguish, inability to carry on normal activities of daily living and disability. It is anticipated that Claimant's damages fall within a range in excess of $500,000.00.

21. Liability should be imposed upon the Debtors based upon common law precedents, which

3

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 SOUTHWEST 77TH AVENUE • MIAMI, FL 33156-7903 • TELEPHONE (305) 274-7533 • FAX (305) 274-7855

establish the legal responsibility of a premises owner for dangerous conditions located upon the owner's premises. Genuine issues of material fact exist as to the liability of said Debtors for allowing a dangerous condition to exist during the time of the Claimant's occurrence.

22. It is the intent of the Claimant to proceed to trial after obtaining relief from the automatic stay instituted by this Court in this bankruptcy proceeding and to seek the entry of a final judgment on her behalf against the Debtors, pursuant to the law of the State of Florida.

23. The Debtors' objections to the above referenced claims of the Claimant are legally without merit and should respectfully denied. Moreover, the Debtors' request for disallowance of said claim is based upon unsubstantiated conclusory statements, which bear no relation to the underlying facts and procedural posture of the subject claim.

24. To the extent that the Debtors are only seeking a disallowance of the Proof of Claim (Claim No. 20) at this time and to no other claim of the Claimant, because such Proof of Claim is duplicative of other claims filed by Claimant, the Claimant has no objection to the relief requested by the Debtor. However, if the Debtors are seeking disallowance of all claims filed by the Claimant at this time, the Claimant objects to the relief requested as stated herein.

**WHEREFORE**, Claimant, Ana Martinez, respectfully requests, as a precaution, that this Court overrule the Objection, and grant any additional relief that the Court may deem just and proper.

Respectfully submitted this _____ day of August, 2006.

                KAPLAN AND FREEDMAN, P.A.
                Attorneys for Claimant Ana Martinez
                9410 Southwest 77th Avenue
                Miami, Florida 33156
                Telephone: (305) 274-7533
                Facsimile: (305) 274-7855

                By: _____
                Matthew E. Kaplan
                Florida Bar No. 519227

4

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 SOUTHWEST 77TH AVENUE • MIAMI, FL 33156-7903 • TELEPHONE (305) 274-7533 • FAX (305) 274-7855

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via regular U.S. mail and facsimile upon Stephen D. Busey, Esq., James H. Post, Esq., and Leanne McKnight Prendergast, Smith Hulsey & Busey, Attn: Tana Copeland, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 this 1st day of August, 2006.

By: _____
Matthew E. Kaplan

KAPLAN AND FREEDMAN, P.A., ATTORNEYS AT LAW
9410 SOUTHWEST 77TH AVENUE • MIAMI, FL 33156-7903 • TELEPHONE (305) 274-7533 • FAX (305) 274-7855

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM | |
|---|---|---|
| Name of Debtor<br>**Winn-Dixie Supermarkets, Inc.** | Case Number<br>05-11063 (RDD)<br>(Jointly Administered) | |

NOTE: This form should not be used to make a claim for an administrative expenses arising after the commencement of the case. A "request" of payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The person or entity to whom the debtor owes money or property)<br><br>**Ms. Anna C. Martinez**<br>Name and Address where notices should be sent:<br>Matthew E. Kaplan, Esq.<br>Kaplan and Freedman, P.A.<br>9410 Southwest 77th Avenue<br>Miami, Florida 33156 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>✔ Check box if you have never received any notices from the bankruptcy court in this case.<br><br>☐ Check box if the address differs from the address on the envelope sent you by the court | THIS SPACE IS FOR COURT USE ONLY |
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:<br>Claim No. A411209994-0001-01 | Check here if  ☐ replaces<br>this claim     ☐ amends | |

1. BASIS FOR CLAIM:
   ☐ Goods purchased
   ☐ Services performed
   ☐ Monies loaned
   ☐ Other forms of contract (Identify)
   ✔ Personal injury/Wrongful death/Property damage
   ☐ Other:

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, Salaries and Commission (Fill out below)
     Your social security number _____
     Unpaid services performed from _____ to _____

2. DATE DEBT WAS INCURRED:

3. IF COURT JUDGMENT, DATE OBTAINED:

4. Total Amount of Claim at Time Case Filed: **$500,000.00**
   If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim.

| 5. SECURED CLAIM.<br>☐ Check this box if your claim is secured by collateral<br>(including a right to setoff)<br>Brief Description of Collateral:<br>☐ Real Estate   ☐ Motor Vehicle<br>☐ Other_____<br>Value of Collateral:<br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 6. UNSECURED PRIORITY CLAIM.<br>☐ Check this box if you have an unsecured priority claim.<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -11 U.S.C. § 507(a)(3)<br>☐ Contribution to an employee benefit plan -11 U.S.C. § 507(a)(4)<br>☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7)<br>☐ Taxes or penalties of governmental units -11 U.S.C. § 507(a)(7)<br>☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br>*Amounts are subject to adjustment on 4/1/04 and three years thereafter with respect to cases commenced on or after the date of adjustment. |
|---|---|

7. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. **Supporting Documents:** Attach legible copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. Supporting documents should not exceed 5 pages (See reverse for instructions)

9. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. Research and/or copy charges will apply for future copy requests of claims.

| Date<br><br>2/28/05 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>[signature]<br><br>By: Matthew E. Kaplan, Esq.<br>Title: Counsel for Anna C. Martinez. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**PLAINTIFF'S EXHIBIT "A"**

| Form B10 (Official Form 10) (04/04) | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **Winn-Dixie Stores, Inc.**    Case No. **05-03817-3F1**
(See List of Names and Case Numbers on Reverse Side)

**Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

|||||||| 20256186
WDX-279507-B2-99
MARTINEZ, ANNA C
C/O KAPLAN & FREEDMAN PA
ATTN: MATTHEW E KAPLAN, ESQ
9410 SOUTHWEST 77TH AVENUE
MIAMI FL 33156

305-274-7533
Telephone No. of Creditor
305-274-7855
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. ~~If you have already filed a proof of claim in accordance with~~ the attached instructions, you need not refile your claim.

Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above   ☐ additional address
Name:_____
Company/Firm:_____
Address:_____

Account or Other Number by Which Creditor Identifies Debtor:
Claim #A411209994-0001-01

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated:_____

**Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN:_____
Unpaid compensation for services performed from _____ to _____
    (date)        (date)

Date debt was incurred: **July 19, 2004**

3. If claim is based on a Court Judgment, date obtained:

Total Amount of Claim at Time Case Filed: **500,000.00**
$_____ $_____ $_____ $**500,000.00**
(unsecured)   (secured)   (priority)   (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**Secured Claim.**
Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (  ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Unsecured Nonpriority Claim $ **500,000.00**
Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

This Space Is For Court Use Only

Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

7/22/05

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Matthew E. Kaplan**    Title: **Attorney**
Signature: _____

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

PLAINTIFF'S EXHIBIT "3"

Form B10 (Official Form 10) (04/04)

| Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|

ne of Debtor Against Which You Assert Your Claim:
tor Name: **Winn-Dixie Logistics, Inc.**   Case No. **05-03836-3 F1**
(See List of Names and Case Numbers on Reverse Side)

Name and Address of Creditor (The person or other entity to whom the debtor owes ey or property):

|||||| |||| |||| |||| |||| |||| ||||   20256186

WDX-279507-B2-99
MARTINEZ, ANNA C
C/O KAPLAN & FREEDMAN PA
ATTN: MATTHEW E KAPLAN, ESQ
9410 SOUTHWEST 77TH AVENUE
MIAMI FL 33156

305-274-7533
Telephone No. of Creditor
305-274-7855
Fax No. of Creditor

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  ☐ additional address

ne:_____
pany/Firm:_____
ress:_____

☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

ount or Other Number by Which Creditor Identifies Debtor:
Claim #A411209994-0001-01

Check here if this claim ☐ replaces  ☐ amends  a previously filed claim, dated:_____

asis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN:_____
Unpaid compensation for services performed from _____ to _____
(date)       (date)

ate debt was incurred: **July 19, 2004**

3. If claim is based on a Court Judgment, date obtained:_____

Total Amount of Claim at Time Case Filed:  $**500,000.00** (unsecured)   $_____ (secured)   $_____ (priority)   $**500,000.00** (Total)

all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
heck this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

ecured Claim.
heck this box if your claim is secured by collateral (including a right of setoff).

rief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____

alue of Collateral: $_____

mount of arrearage and other charges at time case filed included in cured claim, if any: $_____

nsecured Nonpriority Claim $ **500,000.00**
heck this box if: a) there is no collateral or lien securing your claim, or b) your aim exceeds the value of the property securing it, or if c) none or only part of your aim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

redits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
upporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized atements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
) NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, tach a summary.
ate-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope d copy of this proof of claim.

This Space Is For Court Use Only

7/22/05

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Matthew E. Kaplan**   Title: **Attorney**
Signature: _____

ty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Form B10 (Official Form 10) (04/04)

| | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

**Name of Debtor Against Which You Assert Your Claim:**
Debtor Name: **Winn-Dixie Supermarkets, Inc.**    Case No. **05-03840-3 F1**
(See List of Names and Case Numbers on Reverse Side)

**Name and Address of Creditor** (The person or other entity to whom the debtor owes money or property):

20256186

WDX-279507-B299
MARTINEZ, ANNA C
C/O KAPLAN & FREEDMAN PA
ATTN: MATTHEW E KAPLAN, ESQ
9410 SOUTHWEST 77TH AVENUE
MIAMI FL 33156

Telephone No. of Creditor: 305-274-7533
Fax No. of Creditor: 305-274-7855

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

**Name and address of signatory or other person to whom notices must be served, if different from above.** (Check box if): ☐ replaces address above ☐ additional address
Name: _____
Company/Firm: _____
Address: _____

☒ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

**Account or Other Number by Which Creditor Identifies Debtor:**
Claim #A411209994-0001-01

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____
(date)         (date)

**2. Date debt was incurred:** July 19, 2004

**3. If claim is based on a Court Judgment, date obtained:** _____

**4. Total Amount of Claim at Time Case Filed:** $500,000.00 (unsecured)  $_____ (secured)  $_____ (priority)  $500,000.00 (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $500,000.00
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (_).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

This Space Is For Court Use Only

**Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date: 7/22/05
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: Matthew E. Kaplan    Title: Attorney
Signature: _____

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.