**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### ORDER (I) DETERMINING DATES, PROCEDURES AND FORMS APPLICABLE TO SOLICITATION PROCESS, (II) ESTABLISHING VOTE TABULATION PROCEDURES, (III) ESTABLISHING OBJECTION DEADLINE AND SCHEDULING HEARING TO CONSIDER CONFIRMATION OF PLAN, AND (IV) WAIVING LOCAL RULES

These cases came before the Court for hearing on August 4, 2006, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned jointly-administered cases, as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order, (i) approving the dates, procedures, and forms applicable to the plan solicitation, noticing, and implementation process, (ii) approving vote tabulation procedures, (iii) establishing the deadline for filing objections to the Debtors' plan of reorganization and scheduling the hearing to consider confirmation of the plan, and (iv) waiving provisions of the Local Rules as necessary to implement the foregoing (the "Motion").[2] The Court has reviewed the Motion, the objections filed by interested parties, and the modified relief and revised forms intended to address the

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

objections, and has considered the representations of counsel. Based upon the representations of counsel, and having considered the objections and having determined that the objections have been resolved or should be overruled, it is

ORDERED AND ADJUDGED THAT:

1.    The objections to the Motion that have not been resolved by the modified relief and revised forms proposed by the Debtors are overruled. The Motion is granted on the terms set forth in this Order.

2.    Logan & Company, Inc. is authorized to serve as the Debtors' solicitation and noticing agent to assist the Debtors in soliciting votes on and providing notice of the Plan, including mailing solicitation packages and notices, receiving and tabulating ballots cast on the Plan, and certifying to the Court the results of the balloting (the "Voting Agent").

3.    The record date for determining the holders of claims and interests, including the holders of Noteholder Claims, entitled to receive solicitation and/or noticing materials as provided for in this Order is August 1, 2006, at 5:00 p.m. (Eastern Time) (the "Voting Record Date"). Only the holders of claims and interests as of the Voting Record Date are entitled to the voting and notice rights provided for in this Order.

4.    The date by which all ballots cast to accept or reject the Plan must be received by the Voting Agent is SEPTEMBER 25, 2006, at 4:00 p.m. (Eastern Time), one week before the confirmation hearing (the "Voting Deadline"). The Debtors may (in consultation with the Creditors Committee) extend the Voting Deadline in favor of any voter, any class of voters, or all voters by filing notice of the extension(s) with the Court and by serving a copy of such notice(s) upon the Voting Agent. Ballots not received by



the Voting Deadline, or by any extended voting deadline as provided for in this Order,
shall not be counted.

5.      The forms of revised ballots attached to this Order as Exhibit A for
holders of the AmSouth Bank Collateralized Letter of Credit Claim in Class 7, the
Thrivent/Lutherans Leasehold Mortgage Claim in Class 8, the NCR Purchase Money
Security Interest Claim in Class 9, the Secured Tax Claims in Class 10, Other Secured
Claims in Class 11, Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14,
Retirement Plan Claims in Class 15, Other Unsecured Claims in Class 16, and Small
Claims in Class 17 are approved; and the forms of revised beneficial owner and revised
master ballots attached to this Order as Exhibit B for holders of Noteholder Claims in
Class 12 are approved; subject in all cases to the right of the Debtors (in consultation with
the Creditors Committee) to make additional correcting, conforming and formatting
changes to such forms of ballots.

6.      The solicitation materials may include (a) the solicitation letter
proposed by the Debtors, and (b) a solicitation letter proposed by the Creditors
Committee (the "Approved Solicitation Letters").  No other solicitation letters are
authorized for inclusion in the mailings approved by this Order.  The Creditors
Committee shall deliver its solicitation letter to the Debtors on the same day as the letter
is verbally approved by the Court.

7.      As soon as practicable but in no event later than seven business
days after the date of entry of this Order (the "Solicitation Commencement Date"), the
Debtors, through the Voting Agent, shall commence the solicitation and noticing process
by placing the solicitation materials and notices approved in this Order in the mail, first

3

class postage prepaid; provided, however, that such date may be extended as necessary with respect to beneficial holders of the Debtors' public debt and equity securities if such process has timely commenced with respect to record holders of such securities.

       8.     The solicitation materials to be transmitted on or before the Solicitation Commencement Date (except as provided in paragraph 7 with respect to beneficial holders) to those holders as of the Voting Record Date of claims in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 who are entitled to vote on the Plan, as described in paragraph 9 below, shall include the following: (a) the Approved Solicitation Letters, (b) notice of the confirmation hearing and objection deadline (as provided for in paragraph 26 below), (c) the Disclosure Statement, (d) the Plan (as Appendix A to the Disclosure Statement), (e) an appropriate ballot (as described in paragraph 5), (f) if applicable, a claim reduction form (as provided for in paragraph 17 below) and (f) a pre-addressed postage-prepaid return envelope (collectively, the "Solicitation Package").

       9.     The following holders of claims classified within Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 are entitled to vote on the Plan and thus to receive the Solicitation Package:

     (a)    holders of the AmSouth Bank Collateralized Letter of Credit Claim in Class 7, the Thrivent/Lutherans Leasehold Mortgage Claim in Class 8, and the NCR Purchase Money Security Interest Claim in Class 9;

     (b)    holders, as of the Voting Record Date, of Secured Tax Claims in Class 10, Other Secured Claims in Class 11, Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, Other Unsecured Claims in Class 16, and Small Claims in Class 17:

         (i)    who have filed timely proofs of claim (or untimely proofs of claim that have been allowed as timely by the Court on or before the Voting Record Date), in the amounts asserted in such proofs of claim, provided that such proofs of claim

4

(x) have not been disallowed by an order of the Court entered on or before the Voting Record Date, (y) are not the subject of an objection to the entirety of the claim pending as of the Voting Record Date (with voting permitted only with respect to the amount thereof that is not subject to objection) or (z) do not allege claims that are wholly contingent or wholly unliquidated (with voting permitted only with respect to the amount thereof that is fixed) or that are based on a pending lawsuit as to which no judgment has been rendered; or in the amounts determined by order of the Court, if applicable; or

(ii)    who have not filed timely proofs of claim but whose claims are scheduled in the Debtors' schedules and are not designated therein as contingent, unliquidated or disputed or listed in such schedules as zero or unknown in amount, in the amounts set forth in the schedules; and

(c)    record and beneficial holders, as of the Voting Record Date, of Noteholder Claims in Class 12, subject to the special procedures outlined in paragraph 19;

provided, however, that voting creditors who have filed duplicate claims, or who have asserted guarantee or other multi-debtor claims for the same underlying liability that are classified in the same class, shall be entitled to receive only one Solicitation Package and one ballot for voting their claims with respect to that class.

10.    Notwithstanding any other provision of this Order, participants in the Debtors' management security plan, senior corporate officer's management security plan, or supplemental retirement plan who have filed proofs of claim with respect to their claims under such plans shall receive ballots to vote Retirement Plan Claims in Class 15 of the Plan, notwithstanding that such proofs of claim asserted administrative, priority or secured status for such claims. Such ballots shall be without prejudice to the status asserted on the proofs of claim, as to which an objection to reclassify the claims to unsecured status shall be required to change such status for distribution purposes.

11.    Any holder of a Secured Tax Claim in Class 10, an Other Secured

Claim in Class 11, a Landlord Claim in Class 13, a Vendor/Supplier Claim in Class 14, a

Retirement Plan Claim in Class 15, an Other Unsecured Claim in Class 16, or a Small

Claim in Class 17 whose claim is (a) asserted as wholly unliquidated or wholly

contingent, (b) asserted in an untimely proof of claim (unless allowed as timely prior to

the Voting Record Date), (c) based upon a pending lawsuit as to which no judgment has

been rendered, or (d) asserted in a proof of claim as to which an objection to the entirety

of the claim is pending as of the Voting Record Date (collectively, the "Disputed

Claimants") shall not be permitted to vote on the Plan except as provided in this

paragraph. The Voting Agent shall mail, first class postage prepaid, to each of the

Disputed Claimants a package that includes the following:  (a) a notice in substantially

the revise form attached to this Order as Exhibit C (the "Notice of Disputed Claim

Status"), (b) Approved Solicitation Letters, (c) the Disclosure Statement, (d) the Plan (as

Appendix A to the Disclosure Statement), and (e) a claim reduction form (as provided for

in paragraph 17) (collectively, the "Disputed Claimant Package").  Disputed Claimants

shall be permitted to obtain from the Voting Agent a ballot for voting on the Plan only by

filing a motion under Fed. R. Bankr. P. 3018(a) seeking to have their claims temporarily

allowed for voting purposes (a "Rule 3018 Motion").  Any such Rule 3018 Motion must

be filed with the Court and served upon the Debtors' counsel, the Creditors Committee's

counsel, and the Voting Agent by no later than *SEPTEMBER 18*, 2006, at 4:00 p.m.

(Eastern Time), one week before the Voting Deadline (the "Rule 3018 Motion

Deadline").  Any party timely filing and serving a Rule 3018 Motion shall be provided a

ballot and be permitted to cast a provisional vote to accept or reject the Plan.  If and to the

extent that the Debtors and such party are unable to resolve the issues raised by the Rule



6

3018 Motion prior to the Voting Deadline, then at the Confirmation Hearing, the Court

shall determine whether the provisional ballot should be counted as a vote on the Plan.

12.    Nothing in this Order affects the Debtors' right (or any other

party's right, if applicable) to object to any proof of claim after the Voting Record Date.

With respect to any such objection, the Debtors (in consultation with the Creditors

Committee) may request, on notice, that any vote cast by the holder of the disputed claim

be disallowed and not counted in determining whether the requirements of 11 U.S.C. §

1126(c) have been met.  In the absence of any such request, the holder of a disputed

claim shall be entitled to vote in accordance with its proof of claim.

13.    The Voting Agent shall mail, first class postage prepaid, on or

before the Solicitation Commencement Date, to holders of Administrative Claims,

Priority Tax Claims, Other Priority Claims in Class 1, MSP Death Benefit Claims in

Class 2, Workers Compensation Claims in Class 3, Bond/Letter of Credit Backed Claims

in Class 4, Convenience Claims in Class 5 and Subsidiary Interests in Class 6

(collectively, the "Unimpaired Holders"), a notice in substantially the revised form

attached to this Order as Exhibit D (the "Notice of Non-Voting Status"), in lieu of a

Solicitation Package.  The Notice of Non-Voting Status satisfies the requirements of Fed

R. Bank. P. 3017(d) with respect to Unimpaired Holders.

14.    The Voting Agent shall mail, first class postage prepaid, on or

before the Solicitation Commencement Date (except as provided in paragraph 7 with

respect to beneficial holders), to holders of Intercompany Claims in Class 18,

Subordinated Claims in Class 19, Non-Compensatory Damages Claims in Class 20 and

Winn-Dixie Interests in Class 21 (the "Deemed Rejecting Holders"), a notice in

substantially the revised form attached to this Order as Exhibit E (the "Notice of Deemed

Rejecting Status"), in lieu of a Solicitation Package. The requirements of Fed R. Bank. P.

3017(d) are waived with respect to the Deemed Rejecting Holders and the Deemed

Rejecting Notice is deemed to satisfy any solicitation or noticing needs of the Deemed

Rejecting Holders.

15.     The Voting Agent shall mail, first class postage prepaid, on or

before the Solicitation Commencement Date, to the Debtors' executory contract and

unexpired lease parties (the "Contract/Lease Parties"), a notice in substantially the

revised form attached to this Order as Exhibit F (the "Contract/Lease Party Notice"),

which notice is approved.

16.     Parties to executory contracts or unexpired leases that have not yet

been assumed or rejected, but if rejected would potentially give rise to rejection damage

claims, shall be permitted to cast a contingent vote, which shall be counted only if a

motion to reject their contract or lease is filed before the date of the Confirmation

Hearing, if they (a) on or before _SEPTEMBER 25_, 2006, at 4:00 p.m. (Eastern Time),

~~one week before the Voting Deadline,~~ deliver to the Voting Agent (Logan & Company,

Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190),

with a copy to the Debtors' counsel and the Creditors Committee's counsel, a written

request for a special ballot to vote a contingent rejection damage claims, specifying

therein the amount of their possible rejection damage claim, and  (b) properly complete

and return the special ballot on or before the Voting Deadline.  If any such party received

a ballot with respect to a prepetition claim owing under such party's contract or lease, the

amount of the prepetition claim shall be aggregated with the rejection damage claim,

8

resulting in such party being counted as having one vote for purposes of numerosity. The

Debtors (and any other party, if applicable) shall have the right to object to the asserted

amount of any rejection damage claim and to ask the Court at the Confirmation Hearing

to reduce the amount of such claim temporarily allowed for voting purposes.

17.     The revised claim reduction form attached to this Order as Exhibit

I for holders of Landlord Claims in Class 13, Vendor/Supplier Claims in Class 14,

Retirement Plan Claims in Class 15, and Other Unsecured Claims in Class 16 is

approved.

18.     With respect to holders or potential holders of Landlord Claims in

Class 13, Vendor/Supplier Claims in Class 14, Retirement Plan Claims in Class 15, and

Other Unsecured Claims in Class 16, the plan class identified on the ballot or claim

reduction form received by each such holder shall be binding unless such holder files

with the Court on or before *September 18*, 2006, at 4:00 p.m. (Eastern Time), one

week before the Voting Deadline, a motion seeking a determination by the Court of the

proper Class (a "Motion for Determination of Plan Class"). The Motion for

Determination of Plan Class must identify the plan class in which the holder believes its

claim belongs and the basis for its belief. If the Debtors (in consultation with the

Creditors Committee) disagree, they shall file an objection and schedule a hearing before

the Court, on notice to the holder. If the Debtors (in consultation with the Creditors

Committee) agree, they shall file a consent, on notice to the holder. In the absence of the

filing of a Motion for Determination, the claim will be treated in the plan class identified

on the ballot or claim reduction form.

19.     The following procedures shall govern the distribution of

9

solicitation and notice materials to holders of the 8.875% Senior Notes due 2008 (the

"Notes"), which are classified in Class 12 as Noteholder Claims, and to holders of

common stock interests in Winn-Dixie Stores, Inc., which are classified in Class 21 as

Winn-Dixie Interests:

(a)　　All known record holders of the debt and equity securities (the "Record Holders") shall provide the Voting Agent with the addresses of beneficial holders in electronic format no later than five days after the Voting Record Date. Voting Record Holders that fail to provide such information shall send the appropriate solicitation materials and notices in a manner customary in the securities industry so as to maximize the likelihood that beneficial owners will receive the materials and be given the opportunity to exercise their rights in a timely fashion.

(b)　　The Voting Agent shall transmit the Solicitation Packages to holders of Noteholder Claims in Class 12 and the Notice of Deemed Rejecting Status to holders of Winn-Dixie Interests in Class 21 by mailings made no later than the Solicitation Commencement Date to (a) each beneficial holder as of the Voting Record Date for which the Voting Agent has received addresses in electronic format from the Record Holders (or agents therefor) and (b) each Record Holder (or the agent therefor) identified by the Voting Agent or its designated agent as an entity through which beneficial owners hold or held the public securities as of the Voting Record Date and from which the Voting Agent has not received addresses in electronic format.

(c)　　Record Holders (or their agents) who fail to provide the Voting Agent with addresses of beneficial holders in electronic format shall distribute promptly the Solicitation Packages or Notices of Deemed Rejecting Status, as applicable, to the beneficial owners for whom they hold such securities.

(d)　　The Solicitation Packages to be transmitted to beneficial holders of Noteholder Claims shall include a ballot for the beneficial owners (the "Beneficial Owner Ballot") substantially in the revised form attached to this Order as Exhibit B, and a return envelope provided by, and addressed to, the requisite Record Holders (or their agents) of the beneficial owners. The Record Holders (or their agents), as appropriate, shall then summarize the individual votes of their beneficial owners from the Beneficial Owner Ballots on a master ballot (the "Master Ballot") to be provided to them by the Debtors in substantially the revised form attached to this Order as Exhibit

10

B.  The Record Holders (or their agents) shall then return the Master Ballot to the Voting Agent by the Voting Deadline.  As an alternative, the Record Holders shall have the option of prevalidating the Beneficial Owner Ballots so that they can be returned by beneficial owners directly to the Voting Agent.

(e)     The Debtors are authorized to reimburse the Record Holders (or their agents) for their reasonable, actual and necessary out-of-pocket expenses incurred in performing the tasks described above upon written request by such entities (subject to the Court's retaining jurisdiction to resolve any disputes over any request for such reimbursement).

20.     No Solicitation Packages or other notices approved in this Order shall be transmitted to (a) holders of claims listed on the schedules that have already been paid in full during these cases or that are authorized to be paid in full in the ordinary course of business pursuant to orders previously entered by the Court, (b) except as otherwise provided in this Order, holders of claims listed on the schedules as contingent, unliquidated or disputed or as zero or unknown in amount, if such holders did not file proofs of claim, (c) any person to whom the Debtors mailed a notice of the commencement of the case and first meeting of creditors or a notice of the bar date for filing proofs of claim if either of such notices was returned marked "undeliverable" or "moved - no forwarding address" or for a similar reason, unless the Debtors have been informed in writing by such person of that person's new address, or (d) any holder of a claim that was disallowed in full by order of the Court.

21.     On or as soon as practicable after the Solicitation Commencement Date, the Debtors or the Voting Agent shall mail to the U.S. Trustee, counsel to the Creditors Committee, and each of the other parties on the Master Service List maintained in these cases, for informational purposes, a Solicitation Package and a copy of all forms of ballots and notices approved in this Order.

11

22.    Unless otherwise directed by the Court, the Voting Agent shall

follow the guidelines set forth below in tabulating the votes to accept or reject the Plan,

and any provision of Local Rule 3018-1 to the contrary is waived:

(a)    Subject to subparagraph (b) below, any ballot that is timely received, that contains sufficient information to permit the identification of the claimant and that is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. Ballots timely received that are cast in a manner that indicates neither an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan shall not be counted.

(b)    The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected: (i) any ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline with respect to such ballot; (ii) any ballot that is illegible, unsigned or otherwise contains insufficient information to permit the identification of the claimant; (iii) any ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan; (iv) except as otherwise provided in this Order, any ballot cast for a claim designated as unliquidated, contingent or disputed or as zero or unknown in amount and for which no Rule 3018 Motion has been filed by the Rule 3018 Motion Deadline; or (v) any unsigned ballot or ballot that has a non-original signature (except as provided in (f) below for Master Ballots transmitted by facsimile).

(c)    Notwithstanding Fed. R. Bank. P. 3018(a), whenever two or more ballots are cast voting the same claim prior to the Voting Deadline, the last ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots, without prejudice to the Debtors' right (or the right of any other party, if applicable) to object to the validity of the second ballot on any basis permitted by law, including under Fed. R. Bank. P. 3018(a), and, if the objection is sustained, to count the first ballot for all purposes.

(d)    Claim splitting shall not be permitted. Creditors who vote must vote all of their claims within a particular class to either accept or reject the Plan. (A Master Ballot, however, may indicate acceptances or rejections consistent with the directions on each Beneficial Owner Ballot that is represented on the Master Ballot).

12

(e)     Any party who has delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, must (i) contain the description of the Claim(s) to which it relates and the aggregate principal amount represented by such Claim(s), (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claim(s) and possesses the right to withdraw the vote sought to be withdrawn and (iv) be received by the Voting Agent prior to the Voting Deadline.

(f)     Ballots sent via facsimile or electronic mail transmission shall not be accepted by the Voting Agent. (A Master Ballot, however, that is sent via facsimile and timely received by the Voting Agent shall be accepted by the Voting Agent).

23.     The following procedures shall be followed in tabulating the votes cast with respect to the Notes by the holders of Noteholder Claims in Class 12:

(a)     Banks, brokerage firms or agents electing to use the Master Ballot voting process are required to retain for inspection by the Court the ballots cast by beneficial owners for one year following the Voting Deadline.

(b)     To avoid double counting, (i) votes cast by beneficial owners of the Notes through a Record Holder (or its agent) and transmitted by means of a Master Ballot, shall be applied against the positions held by such Record Holder with respect to the Notes, and (ii) votes submitted by a Record Holder (or its agent) on a Master Ballot shall not be counted in excess of the position maintained by the respective bank or brokerage firm on the Voting Record Date in the Notes.

(c)     To the extent that conflicting votes or overvotes are submitted on a Master Ballot, the Debtors propose that the Voting Agent attempt to resolve the conflict or overvote prior to the Voting Deadline in order to ensure that as many of the votes as possible are accurately tabulated.

(d)     To the extent that overvotes on a Master Ballot are not reconcilable prior to the Voting Deadline, the Debtors propose that the Voting Agent count votes in respect of such Master Ballot in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the applicable bank's or brokerage firm's position on the

Voting Record Date in the Notes.

(e)     Record Holders (or agents thereof) are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots shall be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the latest Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' right to object to the validity of the second Master Ballot on any basis permitted by law, including under Fed. R. Bankr. P. 3018(a), and, if such objection is sustained, the first Master Ballot shall then be counted.

(f)     Each beneficial owner of a Note is deemed to have voted the full principal amount of its claim relating to such Note, notwithstanding anything to the contrary on any ballot.

24.     The Voting Agent shall maintain the confidentiality of social security numbers provided on the return Ballots and shall redact the social security number before making a copy of any Ballot available to a third party.

25.     The hearing to consider confirmation of the Plan shall be held on *October 13*, 2006, at *9:00 A*.m. (Eastern Time), and the deadline for filing objections to confirmation of the Plan shall be *September 25*, 2006, at 4:00 p.m. (Eastern Time).

26.     The revised form of notice of the confirmation hearing date and objection deadline attached to this Order as Exhibit G (the "Confirmation Hearing Notice") is approved. The Confirmation Hearing Notice shall be included in the Solicitation Packages mailed to holders of claims in Classes 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 17 and to each person on the Master Service List, and shall be posted at http://www.loganandco.com.

27.     On or about the Solicitation Commencement Date, a notice in substantially the form of Exhibit H attached to this Order shall be published in The New

14

York Times (National Edition), The Wall Street Journal (National Edition) the Sun-Sentinel (covering Ft. Lauderdale, Florida), the Florida Times-Union (covering Jacksonville), the Miami Herald (covering Miami, Florida), Orlando Sentinel (covering Orlando, Florida), the Palm Beach Post (covering West Palm Beach, Florida), The Tampa Tribune (covering Tampa, Florida), the St. Petersburg Times (covering St. Petersburg, Florida), the News & Observer (covering Raleigh, North Carolina), the Albany Herald (covering Albany, Georgia), the Ledger-Inquirer (Columbus, Georgia), the Savannah Morning News (Savannah, Georgia), The Courier Herald (Dublin, Georgia), The Times-Picayune (New Orleans, Louisiana), the Press-Register (Mobile, Alabama), the Birmingham News (Birmingham, Alabama), The Meridian Star (Meridian, Mississippi), and the Sun Herald (Biloxi, Mississippi).

        28.     The requirements of Local Rule 3071-1(b) are waived. The terms of the Plan and the order confirming the Plan shall govern the establishment of a bar date for filing Administrative Claims.

Dated *August 4*, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all parties included
on the Master Service List.

EXHIBIT A
BALLOTS

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*
BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### BALLOT FOR CLASS 7 – AMSOUTH BANK COLLATERALIZED LETTER OF CREDIT CLAIM

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a 7 AmSouth Bank Collateralized Letter of Credit Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 7 AmSouth Bank Collateralized Letter of Credit Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of an AmSouth Bank Collateralized Letter of Credit Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.**

| | |
|---|---|
| Creditor Name:<br>Creditor Address: | Claim Amount: $<br>Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1.  This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2.  You are being permitted to vote even though your Claim is contingent. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3.  After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4.  **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED.  AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5.  The Plan will be accepted by Class 7 if it is accepted by the holder of the Class 7 AmSouth Bank Collateralized Letter of Credit Claim. In the event that Class 7 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 7 AmSouth Bank Collateralized Letter of Credit Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6.  You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7.  **Your signature is required in order for your vote to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8.  This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.*
<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

<u>**BALLOT FOR CLASS 8 – THRIVENT/LUTHERANS LEASEHOLD MORTGAGE CLAIM**</u>

      Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

      Item 1. ***Amount of Claim***. For purposes of voting to accept or reject the Plan, the undersigned holds a Class 8 Thrivent/Lutherans Leasehold Mortgage Claim in the amount set forth below.

      Item 2. ***Vote on Plan***. The undersigned hereby votes its Class 8 Thrivent/Lutherans Leasehold Mortgage Claim as set forth in Item 1 to:

    ☐      ACCEPT (vote FOR) the Plan

    ☐      REJECT (vote AGAINST) the Plan

      Item 3. ***Releases Pursuant to Plan***. The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

      Item 4. ***Acknowledgments and Certification***. By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of a Class 8 Thrivent/Lutherans Leasehold Mortgage Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

      **PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON_____, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 8 if it is accepted by the holder of the Class 8 Thrivent/Lutherans Leasehold Mortgage Claim. In the event that Class 8 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 8 Thrivent/Lutherans Leasehold Mortgage Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan. If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ , 2006.*
<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

### <u>BALLOT FOR CLASS 9 – NCR PURCHASE MONEY SECURITY INTEREST CLAIM</u>

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 9 NCR Purchase Money Security Interest Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 9 NCR Purchase Money Security Interest Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of a Class 9 NCR Purchase Money Security Interest Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount set forth at the bottom of the front side of this Ballot. If you desire to have your vote counted in a higher amount, you must obtain an order from the Bankruptcy Court permitting you to do so.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 9 if it is accepted by the holder of the Class 9 NCR Purchase Money Security Interest Claim. In the event that Class 9 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on the holder of the Class 9 NCR Purchase Money Security Interest Claim if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.*
BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### BALLOT FOR CLASS 10 – SECURED TAX CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.    ***Amount of Claim.*** For purposes of voting to accept or reject the Plan, the undersigned holds a Class 10 Secured Tax Claim in the amount set forth below.

Item 2.    ***Vote on Plan.*** The undersigned hereby votes its Class 10 Secured Tax Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST) the Plan

Item 3.    ***Releases Pursuant to Plan.*** The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4.    ***Acknowledgments and Certification.*** By signing and returning this Ballot, the undersigned hereby acknowledges that it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) it is the holder of a Class 10 Secured Tax Claim or the authorized agent of such a holder and (ii) it has full power and authority to vote to accept or reject the Plan.

Signature: _____

Name of claimant (print/type): _____

Name and title of signatory: _____

If signed by authorized agent, name and title of agent: _____

Federal tax I.D. or social security number of claimant: _____

Telephone number: _____

Dated: _____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

IF YOUR CLAIM IS RECLASSIFIED TO AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN THE FOLLOWING PLAN CLASS:

_____          Class ____

SEE PARAGRAPH 10 ON THE REVERSE SIDE OF THIS BALLOT.

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Cases, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. Each Secured Tax Claim is deemed to be separately classified in a sub-class of Class 10. The vote of each sub-class will be separately counted. If your sub-class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Secured Tax Claim in Class 10 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the sub-class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single sub-class of Class 10 to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Please note that although you are receiving this Ballot as the holder of an alleged Secured Tax Claim in Class 10, the Debtors have not completed their review of the secured status of all Secured Tax Claims. The Debtors may determine to object to the secured status of your Claim for the purpose of reclassifying it as an Unsecured Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Ballot. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

10.  Please note that the information at the bottom of the front side of this Ballot identifies the Plan Class that would be applicable to your Claim if it is reclassified as an Unsecured Claim.  IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS."  Your motion must identify the Plan Class in which you believe your Claim, if reclassified as an Unsecured Claim, would belong, as well as the basis for your belief.  If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you.  If the Debtors agree, they will file a consent, on notice to you.  If you do not file a motion by _____, 2006, and if your Claim is reclassified to an Unsecured Claim, the identified Plan Class will be binding on you.

11.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.*
BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## BALLOT FOR CLASS 11 – OTHER SECURED CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 11 Other Secured Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 11 Other Secured Claim as set forth in Item 1 to:

☐     ACCEPT (vote FOR) the Plan

☐     REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) he/she/it is the holder of a Class 11 Other Secured Claim or the authorized agent of such a holder and (ii) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT
COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY
4:00 P.M. (EASTERN TIME), ON _____, 2006.**

|  |  |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

IF YOUR CLAIM IS RECLASSIFIED TO AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN THE
FOLLOWING PLAN CLASS:

_____          Class ____

SEE PARAGRAPH 10 ON THE REVERSE SIDE OF THIS BALLOT.

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____ ___, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn-Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. Each Other Secured Claim is deemed to be separately classified in a sub-class of Class 11. The vote of each sub-class will be separately counted. If your sub-class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Other Secured Claims in Class 11 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the sub-class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single sub-class of Class 11 to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>** If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Please note that although you are receiving this Ballot as the holder of an alleged Other Secured Claim in Class 11, the Debtors have not completed their review of the secured status of all Other Secured Claims. The Debtors may determine to object to the secured status of your Claim for the purpose of reclassifying it as an Unsecured Claim. If they do, and such objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Ballot. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

10.  Please note that the information at the bottom of the front side of this Ballot identifies the Plan Class that would be applicable to your Claim if it is reclassified as an Unsecured Claim.  IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS."  Your motion must identify the Plan Class in which you believe your Claim, if reclassified as an Unsecured Claim, would belong, as well as the basis for your belief.  If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you.  If the Debtors agree, they will file a consent, on notice to you.  If you do not file a motion by _____, 2006, and if your Claim is reclassified to an Unsecured Claim, the identified Plan Class will be binding on you.

11.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.*
BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**BALLOT FOR CLASS 13 – LANDLORD CLAIMS**

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1.   *Amount of Claim.*   For purposes of voting to accept or reject the Plan, the undersigned holds a Class 13 Landlord Claim in the amount set forth below.

Item 2.   *Vote on Plan.*   The undersigned hereby votes its Class 13 Landlord Claim as set forth in Item 1 to:

☐   ACCEPT (vote FOR) the Plan

☐   REJECT (vote AGAINST) the Plan

Item 3.   *Releases Pursuant to Plan.*   The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4.   *Acknowledgments and Certification.*   By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 13 Landlord Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____, 2006.

IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 13 LANDLORD CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY _____, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 13 LANDLORD CLAIM.

| | |
|---|---|
| Creditor Name:<br>Creditor Address: | Claim Amount: $<br>Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

**This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.**

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 13 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Landlord Claims in Class 13 that vote on the Plan. In the event that Class 13 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Landlord Claims in Class 13 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Landlord Claim in Class 13 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 13, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Cash Reduction Form is included with this Ballot.

10.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING  THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.*
<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

## BALLOT FOR CLASS 14 -- VENDOR/SUPPLIER CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 14 Vendor/Supplier Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 14 Vendor/Supplier Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims he/she/it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 14 Vendor/Supplier Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY. PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

**IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 14 VENDOR/SUPPLIER CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY _____, 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 14 VENDOR/SUPPLIER CLAIM.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or undisputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

Logan & Company, Inc.
Attention: Winn-Dixie Stores, Inc.
546 Valley Road
Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 14 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Vendor/Supplier Claims in Class 14 that vote on the Plan. In the event that Class 14 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Vendor/Supplier Claims in Class 14 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan. If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.**

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Vendor/Supplier Claim in Class 14 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 14, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Cash Reduction Form is included with this Ballot.

10.  IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ , 2006.*
<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., <u>et al.</u>,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

## BALLOT FOR CLASS 15 – RETIREMENT PLAN CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 15 Retirement Plan Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 15 Retirement Plan Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims he/she/it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 15 Retirement Plan Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ , 2006.

IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 15 RETIREMENT PLAN CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____ , 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY _____ , 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 15 RETIREMENT PLAN CLAIM.

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 15 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Retirement Plan Claims in Class 15 that vote on the Plan. In the event that Class 15 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Retirement Plan Claims in Class 15 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. Your signature is required in order for your vote and your election to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u> If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Retirement Plan Claim in Class 15 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 15, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Cash Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON _____ , 2006.*
<u>BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.</u>

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### BALLOT FOR CLASS 16 – OTHER UNSECURED CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 16 Other Unsecured Claims in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 16 Other Unsecured Claim as set forth in Item 1 to:

☐ ACCEPT (vote FOR) the Plan

☐ REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that <u>a vote to accept the Plan</u> will operate to <u>release</u> any claims he/she/it may hold against <u>the present or former directors, officers, or employees of any of the Debtors</u>, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (a) he/she/it is the holder of a Class 16 Other Unsecured Claim or the authorized agent of such a holder and (b) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.
PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 4:00 P.M. (EASTERN TIME), ON _____ , 2006.

IF YOU BELIEVE YOUR CLAIM HAS BEEN INCORRECTLY DETERMINED TO BE A CLASS 16 OTHER UNSECURED CLAIM, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____ , 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." YOUR MOTION MUST IDENTIFY THE PLAN CLASS IN WHICH YOU BELIEVE YOUR CLAIM BELONGS AND THE BASIS FOR YOUR BELIEF. IF THE DEBTORS DISAGREE, THEY WILL FILE AN OBJECTION AND SCHEDULE A HEARING BEFORE THE BANKRUPTCY COURT, ON NOTICE TO YOU. IF THE DEBTORS AGREE, THEY WILL FILE A CONSENT, ON NOTICE TO YOU. IF YOU DO NOT FILE A MOTION BY _____ , 2006, YOUR CLAIM WILL BE TREATED FOR ALL PURPOSES AS A CLASS 16 OTHER UNSECURED CLAIM.

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE ADDRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 16 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Other Unsecured Claims in Class 16 that vote on the Plan. In the event that Class 16 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Other Unsecured Claims in Class 16 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote and your election to be counted. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.** If the Claim(s) voted with this Ballot are held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Other Unsecured Claim in Class 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for Class 16, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. A Cash Reduction Form is included with this Ballot.

10. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.