*VOTING DEADLINE: BALLOTS MUST BE RETURNED BY 4:00 P.M. (EASTERN TIME), ON* _____ __, *2006.*

BALLOTS CAST BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE COUNTED.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### BALLOT FOR CLASS 17 – SMALL CLAIMS

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie, Stores, Inc. et al., Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Please refer to the voting instructions on the reverse side. If you have any questions about how to properly complete this Ballot, please call Logan & Company, Inc. at (973) 509-3190. Capitalized terms used in this Ballot which are not defined have the meanings set forth in the Plan.

Item 1. *Amount of Claim.* For purposes of voting to accept or reject the Plan, the undersigned holds a Class 17 Small Claim in the amount set forth below.

Item 2. *Vote on Plan.* The undersigned hereby votes its Class 17 Small Claim as set forth in Item 1 to:

☐    ACCEPT (vote FOR) the Plan

☐    REJECT (vote AGAINST) the Plan

Item 3. *Releases Pursuant to Plan.* The undersigned understands that a vote to accept the Plan will operate to release any claims he/she/it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

Item 4. *Acknowledgments and Certification.* By signing and returning this Ballot, the undersigned hereby acknowledges that he/she/it has been provided with a copy of the Disclosure Statement and that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement. The undersigned certifies that (i) he/she/it is the holder of a Class 17 Small Claim or the authorized agent of such a holder and (ii) he/she/it has full power and authority to vote to accept or reject the Plan.

Signature:_____

Name of claimant (print/type):_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____

Dated:_____

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THIS BALLOT CAREFULLY.**
**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT**
**COURIER SO THAT IT IS RECEIVED BY LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY**
**4:00 P.M. (EASTERN TIME), ON _____ __, 2006.**

| | |
|---|---|
| Creditor Name: | Claim Amount: $ |
| Creditor Address: | Claim Number: |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") (i) approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") filed by Winn Dixie Stores, Inc. and twenty-three subsidiaries and affiliates (the "Debtors") and (ii) authorized the Debtors to solicit votes with regard to the acceptance or rejection of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or an assertion of any claim or (b) an admission by the Debtors of the nature, validity, or amount of any Claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. Do not enclose notes, securities, or other evidences of your Claim with your completed Ballot.

1. This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box in Item 2 on the face of this Ballot.

2. Your vote will be counted in the amount of your Claim that is fixed and not currently subject to dispute. Based upon the Debtors' records, that amount is set forth at the bottom of the front side of this Ballot. If any portion of your Claim is unliquidated, contingent, or disputed, that portion is not included in the amount of your Claim to be counted for voting purposes. If you desire to have your vote counted in a higher amount, you must move pursuant to Fed. R. Bankr. P. 3018(a) to obtain an order from the Bankruptcy Court temporarily allowing the unliquidated, contingent, or disputed portion of your Claim for voting purposes. Please note that the amount of your Claim as set forth at the bottom of the front side of this Ballot does not necessarily constitute an Allowed Claim under the Plan. That amount may be subject to further reconciliation and an objection may be interposed at a later date. Distributions under the Plan will be based upon Allowed Claims only.

3. After providing all remaining information requested on the face of this Ballot, please sign, date, and return this Ballot by mail, overnight courier, or hand delivery to the voting agent, Logan & Company, Inc. (the "Voting Agent"), at the following address:

> Logan & Company, Inc.
> Attention: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

4. **BALLOTS MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEAD-LINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE AD-DRESSED TO THE VOTING AGENT IS ENCLOSED FOR YOUR CONVENIENCE. THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION.**

5. The Plan will be accepted by Class 17 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Small Claims in Class 17 that vote on the Plan. In the event that Class 17 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Small Claims in Class 17 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of Section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain or reject the Plan and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

6. You must vote all of your Claim within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that is properly executed but that fails to indicate acceptance or rejection of the Plan will not be counted.

7. **Your signature is required in order for your vote to be counted. <u>You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan.</u>** If the Claim voted with this Ballot is held by a partnership, this Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8. This Ballot has been prepared to reflect the Class in which you are eligible to vote. If you have Claims in more than one sub-class or Class, you may receive more than one Ballot. IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE SUB-CLASS OR CLASS, AND YOU SHOULD COMPLETE AND RETURN ALL OF THE BALLOTS.

9. IF YOU RECEIVED A DAMAGED BALLOT OR IF YOU LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE VOTING AGENT AT (973) 509-3190.

EXHIBIT B
BENEFICIAL BALLOT AND MASTER BALLOT

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| In re: | Case No. 05-03817-3F1 |
|---|---|
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**8.875% Notes due 2008**
**Cusip No. 974280-AB5**

## BENEFICIAL OWNER BALLOT FOR NOTEHOLDER CLAIMS IN CLASS 12

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

This Beneficial Owner Ballot (the "Ballot") is being sent to you as the beneficial owner of notes (the "Beneficial Owner") issued pursuant to the Indenture dated December 26, 2000 (as amended, supplemented or otherwise modified) between Winn-Dixie Stores, Inc., as issuer, each of the guarantors, and the Indenture Trustee, which Indenture governs all obligations arising under or in connection with the 8.875% Senior Notes due 2008 (the "Notes"). As such, you are the holder of a Noteholder Claim under the Plan. The Plan classifies Noteholder Claims in Class 12.

The Plan will be accepted by Class 12 if it is accepted by the holders of two-thirds in amount and more than one-half in number of the Noteholder Claims in Class 12 that vote on the Plan. In the event that Class 12 rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you and all holders of Noteholder Claims in Class 12 if the Bankruptcy Court finds that the Plan has been accepted by at least one Class of Impaired Claims and that the Plan accords fair and equitable treatment to the Class or Classes rejecting it and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, all holders of Claims against and Interests in the Debtors (including those who abstain from voting or reject the Plan, and those who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby. To have your vote count, you must timely complete and return this Ballot.

---

**IMPORTANT**

YOU SHOULD REVIEW THE DISCLOSURE STATEMENT AND THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND YOUR CLASSIFICATION AND TREATMENT UNDER THE PLAN. YOUR CLAIM HAS BEEN PLACED IN CLASS 12 UNDER THE PLAN. IF YOU HOLD CLAIMS IN MORE THAN ONE CLASS, YOU WILL RECEIVE A BALLOT FOR EACH CLASS IN WHICH YOU ARE ENTITLED TO VOTE.

PLEASE READ CAREFULLY AND FOLLOW THE ATTACHED INSTRUCTIONS FOR RETURNING YOUR BALLOT. THE VOTING DEADLINE BY WHICH YOUR VOTE MUST BE RECEIVED BY THE VOTING AGENT IS 4:00 P.M. (EASTERN TIME), ON _____, 2006, OR THE VOTES REPRESENTED BY YOUR BALLOT WILL NOT BE COUNTED. IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE VOTING AGENT, LOGAN & COMPANY, INC. AT (973) 509-3190. IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR FINANCIAL INSTITUTION, PLEASE ALLOW SUFFICIENT TIME FOR YOUR FINANCIAL INSTITUTION TO PROCESS YOUR VOTE.

---

Please note that you must vote the entire claim you hold to accept or reject the Plan. For purposes of tabulating the votes, you will be deemed to have voted the full amount of your claim in your vote. You may not split your vote. If you are submitting a vote with respect to any Notes that you own, you must vote all of your Notes in the same way (*i.e.*, all "Accepts" or all "Rejects"). To the extent that you are voting on behalf of the actual Beneficial Owner, you must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Debtors and the Bankruptcy Court demonstrating your authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Notes through more than one bank, broker or other intermediary or agent thereof (each, a "Nominee"). You should vote each Ballot that you receive for all of the Notes that you beneficially own through each Nominee.

You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**Item 1. Face Amount Of Noteholder Claims.** The undersigned hereby certifies that as of _____ __, 2006, the voting record date (the "Record Date"), the undersigned was the Beneficial Owner (or authorized signatory for a Beneficial Owner), or the Nominee of a Beneficial Owner, of Notes in the following aggregate unpaid principal amount (insert amount in box below). **(If your Notes are held by a Nominee on your behalf and you do not know the amount, please contact your Nominee immediately.)**

| $ |
|---|

**Item 2. Vote On Plan. (Please check one.)**

The undersigned:  ☐  ACCEPTS (votes FOR) the Plan.

☐  REJECTS (votes AGAINST) the Plan.

**Item 3. Releases Pursuant To Plan.** The undersigned understands that a vote to accept the Plan will operate to release any claims it may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

**Item 4. Certification As To Notes Held In Additional Accounts.** By signing and returning this Ballot, the undersigned certifies that either (a) it has not submitted any other Ballots for Notes held in other accounts or other record names or (b) it has provided the information specified in the following table for all other Notes for which it has submitted additional Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

**ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED
BALLOTS FOR THE NOTES OTHER THAN ON THIS BALLOT**

| Name of Beneficial Holder<br><br>(Insert your name if Notes are held by you in record name or, if held in street name, insert name of Nominee) | Account Number<br>(if applicable) | Principal Amount of<br>Other Notes Voted |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |

**Item 5. Authorization.** By returning this Ballot, the undersigned hereby certifies that it either (a) was on the Record Date, the registered or record holder *and* the Beneficial Owner of the Notes to which this Ballot pertains and is sending this Ballot directly to the Voting Agent **or** (b) if this Ballot was prevalidated by the Nominee holder, was on the Record Date, the Beneficial Owner of the Notes, but *not* the registered or record holder to which this prevalidated Ballot pertains and is sending this prevalidated Ballot directly to the Voting Agent, **or** (c) was on the Record Date the Beneficial Owner of the Notes, but *not* the registered or record holder, to which this Ballot pertains and is sending this Ballot to the registered or record holder of, or other Nominee of, the undersigned with respect to, the Notes to which this Ballot pertains, whom the undersigned hereby authorizes and instructs to (i) execute a Master Ballot reflecting this Ballot and (ii) deliver such Master Ballot to the Voting Agent.

The undersigned further certifies that it has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Holder: _____
                                                        (Print or Type)

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Name of Signatory: _____
                                                    (If Other than Holder)

Title (if corporation, partnership or LLC): _____
                                                                    (If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number:  (     ) _____

Date Completed: _____

The Debtors expressly reserve the right to extend, by oral or written notice to the Voting Agent, the Voting Deadline until properly completed Ballots and Master Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Section 1126 of the Bankruptcy Code have been received.

## INSTRUCTIONS FOR COMPLETING THIS BENEFICIAL OWNER BALLOT

The Debtors are soliciting your vote on the Plan described in and attached as Appendix A to the Disclosure Statement accompanying this Ballot. Please review the Disclosure Statement and Plan carefully before you vote. Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

### PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.

Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.

Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the present or former directors, officers, or employees of any of the Debtors, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

This Ballot does *not* constitute and shall *not* be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity or amount of any claim. This Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan. DO NOT SUBMIT NOTES OR CERTIFICATES REPRESENTING NOTES WITH THIS BALLOT. Neither the Debtors nor the Voting Agent will accept delivery of any Notes or certificates surrendered together with this Ballot.

To ensure your vote is counted, you must complete, sign and return this Ballot to the address set forth on the enclosed pre-addressed postage-paid envelope provided. Unsigned ballots will not be counted. Ballots and Master Ballots must be received by the Voting Agent, Logan & Company, Inc. by 4:00 p.m. (Eastern Time), on _____, 2006, (the "Voting Deadline"). If you received a return envelope addressed to your Nominee, be sure to return your Ballot early enough for your vote to be processed and then forwarded and received by the Voting Agent by the Voting Deadline. If a Ballot is received after the Voting Deadline, it will not be counted. Except as otherwise provided herein, such delivery will be deemed made only when the original executed Ballot or Master Ballot is actually received by the Voting Agent. In all cases, sufficient time should be allowed to assure timely delivery. Delivery of a Ballot by facsimile, e-mail or any other electronic means will not be accepted. No Ballot should be sent to the Debtors, any indenture trustee, or any financial or legal advisor of the Debtors.

If you believe that you have received the wrong Ballot, please contact the
**Voting Agent, Logan & Company, Inc., at (973) 509-3190, or your Nominee immediately.**

To complete this Ballot properly, take the following steps:

(a)  Make sure that the information required by Item 1 has been inserted.  If you do not know the face amount of your Notes, please contact your Nominee or the Voting Agent immediately.

(b)  Cast your vote either to accept or reject the Plan by checking the proper box in Item 2.  Ballots of holders of Notes that are signed and returned, but not expressly voted for acceptance or rejection of the Plan, will not be counted.

(c)  Read Item 3 carefully.

(d)  Provide the information required by Item 4, if applicable to you.

(e)  Read Item 5 carefully.

(f)  Sign and date this Ballot.  (Applicable only if this Ballot has *not* been signed or "prevalidated" by your Nominee).

(g)  If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

(h)  Provide your name and mailing address (i) if different from the printed address that appears on the Ballot or (ii) if no pre-printed address appears on the Ballot.

(i)  Return this Ballot using the enclosed return envelope.

PLEASE MAIL THIS BALLOT PROMPTLY.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
VOTING PROCEDURES PLEASE CALL THE VOTING AGENT AT (973) 509-3190.**

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**8.875% Notes due 2008**
**Cusip No. 974280-AB5**

### MASTER BALLOT FOR RECORD HOLDERS OF NOTEHOLDER CLAIMS IN CLASS 12

Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") are soliciting votes with respect to their Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"), pursuant to and as described in their Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"). Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

This Master Ballot is being sent to registered or record holders, and banks, brokers and other nominees, of beneficial owners of notes (the "Beneficial Owners") issued pursuant to the Indenture dated December 26, 2000 (as amended, supplemented or otherwise modified) between Winn-Dixie Stores, Inc., as issuer, each of the guarantors, and the Indenture Trustee, which Indenture governs all obligations arising under or in connection with the 8.875% Senior Notes due 2008 (the "Notes"). Claims arising from or related to the Notes are Noteholder Claims under the Plan and are classified in Class 12 of the Plan.

You are required to deliver a Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes along with the Disclosure Statement and other materials requested to be forwarded, and take any action required to enable such Beneficial Owner to timely vote its Notes to accept or reject the Plan. With regard to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold the Notes and (2) forward this Master Ballot to the Voting Agent. If you are both the registered or record holder and Beneficial Owner of any Notes and you wish to vote such Notes, you may complete a Beneficial Owner Ballot or this Master Ballot.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND RETURN IT SO THAT IT IS RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006 (THE "VOTING DEADLINE"), BY THE VOTING AGENT, LOGAN & COMPANY, INC., ATTENTION: WINN-DIXIE STORES, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED AND TIMELY RECEIVED BY THE VOTING DEADLINE, THE VOTES TRANSMITTED HEREBY WILL *NOT* BE COUNTED.**

**Item 1. Certification Of Authority To Vote.** The undersigned certifies that as of _____, 2006, the voting record date (the "Record Date"), the undersigned (please check applicable box):

☐ Is a bank, broker or other nominee for the Beneficial Owners of the aggregate principal amount of Notes listed in Item 2 below, and is the registered holder of such securities, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a bank, broker or other nominee that is the registered holder of the aggregate principal amount of Notes listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is annexed hereto) from a bank, broker, other nominee, or a Beneficial Owner, that is the registered holder of the aggregate principal amount of Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Notes described in Item 2.

**Item 2. Noteholder Claims (Class 12) Vote On Plan -- Number Of Beneficial Owners.** The undersigned certifies that the following Beneficial Owners of Notes, as identified by their respective customer account numbers or the respective sequence numbers set forth below, have delivered to the undersigned Beneficial Owner Ballots casting votes (indicate the aggregate face amount for each respective account under the appropriate column) (please use additional sheets of paper if necessary):

| Customer Name and/or Account Number for Each Beneficial Owner of Notes | Face Amount of Notes<br>In order to vote on the Plan, the Beneficial Owner must have checked a box in Item 2 on the Beneficial Owner Ballot to ACCEPT or REJECT the Plan. Accordingly, if the Beneficial Owner did not check a box in Item 2 on the Beneficial Owner Ballot, please do not enter any vote in this column. | |
| | To Accept (For) the Plan | To Reject (Against) the Plan |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| TOTALS | $ | $ |

Please note that each Beneficial Owner of Notes who votes must vote all the Notes owned by such Beneficial Owner. For purposes of tabulating the vote, each Beneficial Owner who votes should be deemed to have voted the full amount of Notes owned by such Beneficial Owner according to your records. A beneficial owner may not split the vote and, accordingly, a Beneficial Owner Ballot received from a Beneficial Owner that partially accepts and partially rejects the Plan may not be counted.

**Item 3.  Additional Ballots Submitted By Beneficial Owners.** The undersigned certifies that it has transcribed below the information, if any, provided in Item 4 of each Beneficial Owner Ballot received from a Beneficial Owner:

| Your Customer Name and/or Account Number for each Beneficial Owner of Notes | TRANSCRIBE FROM ITEM 4 OF BENEFICIAL OWNER BALLOT | | |
| | Name of Holder | Account Number (if applicable) | Principal Amount of Other Notes Voted |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |

**Item 4.  Releases Pursuant To Plan.** The undersigned understands that a vote to accept the Plan will operate to release any claims the voter may hold against the present or former directors, officers, or employees of any of the Debtors, if such claims relate to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan. The release is contained in Section 12.12(b) of the Plan. The Plan contains additional release, injunction, and exculpation provisions that are found at Sections 12.11 through 12.15 of the Plan.

**Item 5.  Execution.** By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Notes whose votes are being transmitted by this Master Ballot has been provided with a copy of the Disclosure Statement (including the exhibits thereto). The undersigned also acknowledges that the solicitation of votes to accept or reject the Plan is subject to all the terms and conditions set forth in the Disclosure Statement.

| |
|---|
| Name of Bank, Broker or Other Nominee: |
| (Print or Type) |
| Name of Proxy holder or Agent for Bank, Broker or Other Nominee: |
| (Print or Type) |

Social Security or Federal Tax I.D. No.: _____

(If Applicable)

Signature: _____

By: _____

(If Appropriate)

Title: _____

(If Appropriate)

Street Address: _____

City, State, Zip Code: _____

Telephone Number: ( ) _____

Date Completed: _____

Participant Number: _____

---

### VOTING DEADLINE

**THIS MASTER BALLOT MUST BE RECEIVED BY 4:00 P.M. (EASTERN TIME), ON _____, 2006, BY THE VOTING AGENT, LOGAN & COMPANY, INC., ATTENTION: WINN-DIXIE STORES, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190, OR YOUR CUSTOMERS' VOTES WILL NOT BE COUNTED.**

---

### ADDITIONAL INFORMATION

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THIS MASTER BALLOT, THE BENEFICIAL OWNER BALLOT OR THE OTHER ENCLOSED MATERIALS, PLEASE CALL THE VOTING AGENT, LOGAN & COMPANY, INC., TELEPHONE: (973) 509-3190.**

## INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

The Debtors are soliciting your customers' votes on the Plan, described in and annexed as Exhibit A to the Disclosure Statement accompanying this Master Ballot. Please review the Disclosure Statement and Plan carefully before you complete this Master Ballot. Unless otherwise defined, capitalized terms used herein without definition have the meanings ascribed to them in the Plan.

**PLEASE READ THE DISCLOSURE STATEMENT AND PLAN CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**Please note that the plan contains certain release, injunction, and exculpation provisions. The provisions are found at Sections 12.11 through 12.15 of the Plan.**

**Please specifically note that pursuant to Section 12.12(b) of the Plan, as of the Effective Date, each holder of a Claim that votes to accept the Plan will be deemed to forever release all claims held against the <u>present or former directors, officers, or employees of any of the Debtors</u>, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.**

**VOTING DEADLINE:**

To have the votes of your customers count, you must complete, sign and return this Master Ballot so that it is RECEIVED by the Voting Agent, Logan & Company, Inc. by 4:00 p.m. (Eastern Time), on _____, 2006. **Unsigned Master Ballots will not be counted.**

**HOW TO VOTE:**

1. If you are both the registered or record holder *and* the beneficial owner of any Notes and you wish to vote such Notes, you may complete a Beneficial Owner Ballot or a Master Ballot.

2. If you are transmitting the votes of any Beneficial Owners of Notes other than yourself, you may *either:*

(a)    Deliver the Beneficial Owner Ballot to each Beneficial Owner for whom you hold Notes, along with the Disclosure Statement and other materials requested to be forwarded (collectively, the "Solicitation Package") and a return envelope addressed to you, and take any action required to enable each such Beneficial Owner to (i) complete and execute such Beneficial Owner Ballot with a vote to accept or reject the Plan and (ii) return the completed, executed Beneficial Owner Ballot **to you** in sufficient time to enable you to complete this Master Ballot and deliver it to the Voting Agent **prior to** the Voting Deadline; **or**

(b)    Prevalidate the Beneficial Owner Ballot contained in the Solicitation Package (by signing that Beneficial Owner Ballot and by indicating on that Beneficial Owner Ballot the record holder of the Notes voted, the principal amount and the appropriate account numbers through which the Beneficial Owner's holdings are derived) and then forward the Solicitation Package to the Beneficial Owner of the Notes for voting so that the Beneficial Owner may return the completed Ballot directly to the Voting Agent in the return envelope provided in the Solicitation Package. With regard to any Beneficial Owner Ballots returned to you, you must (i) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Notes and (ii) forward this Master Ballot to the Voting Agent.

3. **To complete this Master Ballot properly, take the following steps:**

(a)    Vote to accept (for) or reject (against) the Plan in Item 2 for the Notes held by you as the nominee or proxy holder on behalf of the nominee or the Beneficial Owners.

(b)    Provide appropriate information for each of the items on this Master Ballot. Please note that Item 2 requests information for each individual Beneficial Owner for whom you are voting Notes in your name. If you are unable to disclose the identity of such Beneficial Owners, please use the customer account number assigned by you to each such Beneficial Owner or, if no such customer account number exists please use the sequential numbers provided (making sure to retain a separate list of each Beneficial Owner and his or her assigned sequential number).

(c)    Fill in the information requested in Item 3 for each Beneficial Owner that completed Item 4 of the Beneficial Owner Ballot, if applicable.

(d)    Read Items 4 and 5 carefully.

(e)    Sign and date this Master Ballot.

(f)    Provide your name and mailing address.

(g)    Deliver this Master Ballot to the Voting Agent by the Voting Deadline.

**PLEASE NOTE:**

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed to constitute (a) a proof of claim or (b) an admission by the Debtors of the nature, validity or amount of any claim.

This Master Ballot is *not* a letter of transmittal and may *not* be used for any other purpose than to cast votes to accept or reject the Plan.

No fees or commissions or other remuneration will be payable to any registered or record holder, bank, broker or other nominee, or any other person, for soliciting Beneficial Owner Ballots accepting the Plan. The Debtors will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.

The Debtors expressly reserve the right to extend, by oral or written notice to the Voting Agent, the Voting Deadline until properly completed Beneficial Owner Ballots and Master Ballots (that are not subsequently revoked) indicating acceptance of the Plan in sufficient number and amount to meet the voting requirements prescribed by Section 1126 of the Bankruptcy Code have been received.

NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL BE DEEMED TO CONSTITUTE YOU OR ANY OTHER PERSON AS AN AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.

EXHIBIT C
NOTICE OF DISPUTED CLAIM STATUS

UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

NOTICE OF NON-VOTING STATUS AND TEMPORARY ALLOWANCE PROCEDURES WITH RESPECT TO
CONTINGENT, UNLIQUIDATED, OR DISPUTED CLAIMS

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

TO:    HOLDERS OF CONTINGENT CLAIMS
       HOLDERS OF UNLIQUIDATED CLAIMS
       HOLDERS OF DISPUTED CLAIMS

PLEASE TAKE NOTICE THAT:

1.      On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.      In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.      Under the Bankruptcy Code, only holders of allowed claims may vote to accept or reject a plan of reorganization. **YOUR CLAIM, IF ANY, HAS BEEN DESIGNATED AS UNLIQUIDATED, CONTINGENT, OR DISPUTED. A LATE FILED CLAIM IS CONSIDERED TO BE DISPUTED FOR THIS PURPOSE.** Accordingly, you are not now entitled to vote, and the enclosed documents are provided for informational purposes only. If you wish to dispute the unliquidated, contingent, or disputed designation and to seek the right to vote on the Plan, you must: (a) request temporary allowance of your claim for voting purposes on or before _____ __, 2006, at 4:00

p.m. (Eastern Time), by filing an appropriate motion (a "Rule 3018 Motion") with the Bankruptcy Court; (b) request a ballot from the Debtors' Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), and (c) on or before _____, 2006, at 4:00 p.m. (Eastern Time), complete and return the ballot according to the instructions contained on the ballot. The procedures for filing a Rule 3018 Motion, including the deadline of _____, 2006, established by the Bankruptcy Court for filing such motions, are set forth in the Solicitation Procedures Order.

4.       A hearing to consider confirmation of the Plan will be held on _____, 2006, at __:__ __.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

5.       No later than _____, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

6.       Please note that if your Claim is subsequently Allowed, it may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Notice. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

7.       The Cash Reduction Form included with this Notice identifies the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by _____, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.

8.       The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9.       Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: _____

D. J. Baker                                                                          Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin        James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP              SMITH HULSEY & BUSEY
Four Times Square                                                               225 Water Street, Suite 1800
New York, New York 10036                                                Jacksonville, Florida 32202

Co-Counsel for Debtors                                                       Co-Counsel for Debtors

EXHIBIT D
NOTICE OF NON-VOTING STATUS

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| In re: | Case No. 05-03817-3F1 |
|---|---|
| Winn-Dixie Stores, Inc., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS UNDER DEBTORS' JOINT PLAN OF REORGANIZATION

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

TO:    **HOLDERS OF ADMINISTRATIVE CLAIMS**
       **HOLDERS OF PRIORITY TAX CLAIMS**
       **HOLDERS OF OTHER PRIORITY CLAIMS (PLAN CLASS 1)**
       **HOLDERS OF MSP DEATH BENEFIT CLAIMS (PLAN CLASS 2)**
       **HOLDERS OF WORKERS COMPENSATION CLAIMS (PLAN CLASS 3)**
       **HOLDERS OF BOND/LETTER OF CREDIT BACKED CLAIMS (PLAN CLASS 4)**
       **HOLDERS OF CONVENIENCE CLAIMS (PLAN CLASS 5)**
       **HOLDERS OF SUBSIDIARY INTERESTS (PLAN CLASS 6)**

**PLEASE TAKE NOTICE THAT:**

1.    On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    You are receiving this notice because you may be the holder of an <u>Administrative Claim</u>, a <u>Priority Tax Claim</u>, an <u>Other</u>

Priority Claim, an <u>MSP Death Benefit Claim</u>, a <u>Workers Compensation Claim</u>, a <u>Bond/Letter Of Credit Backed Claim</u>, a <u>Convenience Claims</u>, or a <u>Subsidiary Interest</u>.  Under the Plan:

(a)  An <u>Administrative Claim</u> is a Claim for payment of an administrative expense of a kind specified in Section 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to Section 507(a)(1) of the Bankruptcy Code, to the extent not previously paid, including, but not limited to, (a) the actual, necessary costs and expenses incurred after the Petition Date of preserving the Estates and operating the businesses of the Debtors, including, without limitation, wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case, (b) obligations under the retention and severance plans and agreements authorized by the Employee Retention and Severance Order, (c) Professional Fee Claims, (d) all fees and charges assessed against the Estates under Section 1930 of Title 28 of the United States Code, (e) all Allowed Claims for reclamation under Section 546(c)(2)(A) of the Bankruptcy Code, (f) Cure payments for executory contracts and unexpired leases that are assumed under Section 365 of the Bankruptcy Code, and (g) the DIP Facility Claim.  As to Administrative Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

With respect to each Allowed Administrative Claim, except as otherwise provided for herein, and subject to the requirements of Sections 12.1 through 12.5 of the Plan, on the applicable Distribution Date or the date on which such Administrative Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Administrative Claim, the holder of each such Allowed Administrative Claim shall receive in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing; provided, however, that Allowed Administrative Claims with respect to fixed and undisputed obligations incurred by a Debtor in the ordinary course of business during the Chapter 11 Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto; provided further, however, that in no event shall a post-petition obligation that is contingent or disputed and subject to liquidation through pending or prospective litigation, including, but not limited to, alleged obligations arising from personal injury, property damage, products liability, consumer complaints, employment law (excluding claims arising under workers' compensation law), secondary payor liability, or any other disputed legal or equitable claim based on tort, statute, contract, equity, or common law, be considered to be an obligation which is payable in the ordinary course of business; provided further, however, that reclamation Claims subject to the reclamation/trade lien program shall be paid in accordance with the terms of the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program.

The DIP Facility Claim shall be deemed Allowed in its entirety for all purposes of the Plan and the Chapter 11 Case.  The holders of the Allowed DIP Facility Claim shall receive, on the later of the Effective Date or the date on which such DIP Facility Claim becomes payable pursuant to any agreement between the Debtors and the holders of such DIP Facility Claim, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed DIP Facility Claim, (i) Cash equal to the full amount of such Allowed DIP Facility Claim, or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the Debtors and such holders shall have agreed upon in writing (which different treatment may include, if Wachovia is the administrative agent and a lender under the Exit Facility, the amendment and restatement of the credit agreement and related loan documents governing the DIP Facility to reflect the terms and conditions of the Exit Facility); provided, however, that in respect of any letters of credit issued and undrawn under the DIP Facility, unless Wachovia or an applicable affiliate is a lender under the Exit Facility and permits such letters of credit to be rolled over and treated as letters of credit issued under the Exit Facility, the Debtors shall be required to either, with the consent of Wachovia or an applicable affiliate: (A) cash collateralize such letters of credit in an amount equal to 105% of the undrawn amount of any such letters of credit, (B) return any such letters of credit to the applicable fronting bank undrawn and marked "cancelled," or (C) provide a "back-to-back" letter of credit to the issuing bank in a form and issued by an institution reasonably satisfactory to such issuing bank, in an amount equal to the then undrawn amount of such letters of credit.

(b)  A <u>Priority Tax Claim</u> is a Claim that is entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code..  As to Priority Tax Claims, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code by providing that:

Each holder of an Allowed Priority Tax Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Tax Claim, as shall have been determined by the Debtors in their sole discretion, either (i) on the applicable Distribution Date, Cash equal to the unpaid portion of such Allowed Priority Tax Claim, (ii) such different treatment as to which the applicable Debtor and such holder shall have agreed in writing, or (iii) deferred Cash payments having a value, as of the Effective Date, equal to such Allowed Priority Tax Claim, over a period not exceeding six (6) years after the date of assessment of such Allowed Priority Tax Claim.

(c)  An <u>Other Priority Claim</u> is a Claim against the Debtors entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.  As to Other Priority Claims, the Plan provides the following unimpaired treatment:

On the applicable Distribution Date or such other date on which an Allowed Other Priority Claim becomes payable pursuant to any agreement between a Debtor and the holder of such Other Priority Claim, each holder of an Allowed Other Priority Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Other Priority Claim, either (i) Cash equal to the unpaid portion of such Allowed Other Priority Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed in writing.

(d)  An <u>MSP Death Benefit Claim</u> is a Claim held by a participant in the MSP (or a beneficiary of a participant) for death benefits arising under (a) part B of the retirement benefit described in Section 3.0 of the MSP or (b) part B of the termination benefit described in Section 3.6 of the MSP; the gross amount of which Claim shall be in an amount equal to 25% of the gross amount of the participant's retirement benefit or termination benefit (whichever is applicable) under the MSP as of the Petition Date, less any post-petition payments received by the beneficiary of any participant.  As to MSP Death Benefit Claims, the Plan provides the following unimpaired treatment:

The beneficiary of a holder of an Allowed MSP Death Benefit Claim shall receive the amount of such Allowed Claim in one lump sum when the participant dies, as soon as practicable after such beneficiary provides satisfactory proof of death to the Reorganized Debtors.

Any beneficiary designated as such under the terms of the MSP shall continue to be the beneficiary of the holder of the Allowed Claim unless a written change of beneficiary is submitted by such holder to the Reorganized Debtors. On or as soon as practicable after the Effective Date, the Reorganized Debtors shall provide each holder of an Allowed MSP Death Benefit Claim with written instructions governing the change of beneficiaries, the submission of satisfactory proof of death, and other matters relating to the payment of the Allowed Death Benefit Claim.

(e) A <u>Workers Compensation Claim</u> is a Claim held by an employee of the Debtors for workers compensation coverage under the workers compensation program applicable in the particular state in which the employee is employed by the Debtors. As to Workers Compensation Claims, the Plan provides the following unimpaired treatment:

The Reorganized Debtors shall pay all Workers Compensation Claims that are determined to be valid under applicable state law and the corresponding programs maintained by the Debtors, in accordance with the terms and conditions of such state law and such programs. Nothing in the Plan shall be deemed to discharge, release, or relieve the Debtors or the Reorganized Debtors from any current or future liability with respect to any valid Workers Compensation Claim, regardless of when the underlying injuries occurred. All payments of Workers Compensation Claims made by the Debtors during the pendency of the Chapter 11 Case are hereby ratified.

(f) A <u>Bond/Letter of Credit Backed Claim</u> is any Claim having the benefit of a pre-petition surety bond, letter of credit, or similar source of payment provided by or on behalf of the Debtors by an issuer who is secured or itself holds a surety bond, letter of credit, or similar source of payment, with a right under the Bankruptcy Code and applicable law to be satisfied from such source of payment, but as to which no satisfaction has occurred as of the Effective Date, to the extent of the lesser of the amount available to satisfy such Claim from such source of payment and the amount of such Claim. The amount of the Claim that exceeds the amount available from the source of payment, if any, shall be treated as an Unsecured Claim. As to Bond/Letter of Credit Backed Claims, the Plan provides the following unimpaired treatment:

On, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Bond/Letter of Credit Backed Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claim, either (i) Cash equal to the unpaid portion of such Allowed Bond/Letter of Credit Backed Claim or (ii) such different treatment (on terms no more favorable to the holder than previously agreed to among the parties) as to which the applicable Debtor and such holder shall have agreed upon in writing. The bond or letter of credit that backs such Allowed Bond/Letter of Credit Backed Claim shall remain in place in accordance with its terms; provided, however, that such bond or letter of credit shall no longer be a source of payment for the Unsecured Claim of any holder of an Allowed Bond/Letter of Credit Backed Claim.

(g) A <u>Convenience Claim</u> is a Claim in an amount equal to or less than $100. As to Convenience Claim, the Plan provides the following unimpaired treatment:

Except as provided in Section 8.6 of the Plan, on, or as soon as reasonably practicable after, the applicable Distribution Date, each holder of an Allowed Convenience Claim shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Convenience Claim, Cash in an amount equal to the Allowed amount of such Claim.

(h) <u>Subsidiary Interests</u> means, collectively, all of the issued and outstanding shares of stock or membership interests of the Subsidiary Debtors, as of the Petition Date, which stock and interests are owned directly or indirectly by Winn-Dixie. As to Subsidiary Interests, the Plan provides the following unimpaired treatment:

For the deemed benefit of the holders of the New Common Stock, Winn-Dixie shall retain its equity interests in the Subsidiary Debtors in which it is the direct owner and any Subsidiary Debtor that is the direct owner of another Subsidiary Debtor shall retain its equity interests in such other Subsidiary Debtor, subject to any applicable restrictions arising under the Exit Facility.

4.      **BECAUSE OF THE NATURE AND TREATMENT OF YOUR CLAIM OR INTEREST, YOU ARE NOT ENTITLED TO VOTE ON THE PLAN.** Nevertheless, you are a party in interest in the Debtors' chapter 11 cases. You are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan.

5.      A hearing to consider confirmation of the Plan will be held on _____, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

6.      No later than _____, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

7.      If you are receiving this notice as the holder of an Administrative Claim, a Priority Tax Claim or an Other Priority Claim, please note that the Debtors have not completed their review of all such Claims. The Debtors may determine to object to the administrative, priority or secured status alleged in your proof of claim for the purpose of reclassifying your Claim as an Unsecured Claim. If they do, and such

objection is successful, your Claim may be an Unsecured Claim in Class 13, 14, 15, or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14, 15, or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Notice. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

8.     The Cash Reduction Form included with this Notice identifies the Plan Class that would be applicable to your Claim if it is reclassified as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if reclassified as an Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by _____, 2006, and if your Claim is reclassified to an Unsecured Claim, the identified Plan Class will be binding on you.

9.     The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

10..     Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov;  or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.


Dated: _____


D. J. Baker                                                      Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin        James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP                       SMITH HULSEY & BUSEY
Four Times Square                                               225 Water Street, Suite 1800
New York, New York 10036                                        Jacksonville, Florida  32202

Co-Counsel for Debtors                                          Co-Counsel for Debtors

EXHIBIT E
NOTICE OF DEEMED REJECTING STATUS

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
Winn-Dixie Stores, Inc., et al.,
Debtors.

Case No. 05-03817-3F1
Chapter 11
Jointly Administered

## NOTICE OF DEEMED REJECTING STATUS UNDER DEBTORS' JOINT PLAN OF REORGANIZATION

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

TO:    **HOLDERS OF INTERCOMPANY CLAIMS (PLAN CLASS 18)**
       **HOLDERS OF SUBORDINATED CLAIMS (PLAN CLASS 19)**
       **HOLDERS OF NON-COMPENSATORY DAMAGES CLAIMS (PLAN CLASS 20)**
       **HOLDERS OF WINN-DIXIE INTERESTS (PLAN CLASS 21)**

**PLEASE TAKE NOTICE THAT:**

1.    On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    You are receiving this notice because you may be the holder of an Intercompany Claim, a Subordinated Claim, a Non-Compensatory Damages Claim, or a Winn-Dixie Interest. Under the Plan:

    (a) An Intercompany Claim means any Claim arising prior to the Petition Date against any of the Debtors by another Debtor. The term does not include Claims against any of the Debtors by a non-Debtor subsidiary or affiliate of a Debtor, which Claims shall be treated as Other Unsecured Claims, as applicable.

    (b) A Subordinated Claim means any Claim that is subordinated pursuant to Section 510(b) or 510(c) of the Bankruptcy Code, which shall include, without limitation, (a) any Claim arising from the rescission of a purchase or sale of any Old Security, (b) any Claim for damages arising from the purchase or sale of an Old Security, (c) any Claim for reimbursement, contribution, or indemnification on account of any such Claim, (d) any Claim for similar violations of the securities laws, misrepresentations, breaches of fiduciary duties, or any similar claim related to the foregoing,

or (e) any Claim for attorneys fees related to any of the foregoing.

(c) A Non-Compensatory Damages Claim means any Claim for any fine, penalty, or forfeiture, or multiple, exemplary, or punitive damages, to the extent that such fine, penalty, or damage is not compensation for actual pecuniary loss suffered by the holder of such Claim, including any such claim based upon, arising from, or relating to any cause of action whatsoever (including, without limitation, violation of law, personal injury, or wrongful death, whether secured or unsecured, liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise); provided, however, that such term shall not include any Claim that might otherwise constitute a Non-Compensatory Damages Claim but for a Final Order allowing such Claim as an Administrative Claim, Priority Tax Claim, Other Priority Claim, Convenience Claim, Secured Tax Claim, Other Secured Claim, Unsecured Claim, or Subordinated Claim.

(d) Winn-Dixie Interests means, collectively, all equity interests in Winn-Dixie, including, without limitation, the Old Winn-Dixie Common Stock Interests and the Old Winn-Dixie Stock Rights. Old Winn-Dixie Common Stock Interests are the shares of common stock of Winn-Dixie issued and outstanding as of the Petition Date or otherwise held as of the applicable Distribution Record Date, including common stock acquired by holders of stock options and other rights to acquire stock who exercise their rights by the applicable Distribution Record Date. Old Winn-Dixie Stock Rights are the rights issued by Winn-Dixie and outstanding as of the Petition Date that give the holders thereof the right to purchase Old Winn-Dixie Common Stock Interests, including any stock options, warrants, conversion rights, rights of first refusal, or other rights, contractual or otherwise, to acquire or receive any stock or other equity ownership interests in Winn-Dixie, and any contracts, subscriptions, commitments, or agreements pursuant to which a party was or could have been entitled to receive shares, securities, or other ownership interests in Winn-Dixie prior to the Effective Date (whether or not arising under or in connection with any employment agreement), to the extent such rights have not been exercised as of the Distribution Record Date applicable to Old Winn-Dixie Common Stock Interests.

4.  **Under the terms of the Plan, holders of Intercompany Claims (except as necessary for tax planning purposes), Subordinated Claims, Non-Compensatory Damages Claims, and Winn-Dixie Interests are not entitled to receive or retain any property on account of such claims or interests, and such claims or interests are cancelled and discharged. Therefore, in accordance with Section 1126(g) of the Bankruptcy Code, if you hold such a claim or interest, you are deemed to have rejected the Plan and are not entitled to vote on the Plan. Because no class of claims or interests junior to the classes containing Intercompany Claims, Subordinated Claims, Non-Compensatory Damages Claims, or Winn-Dixie Interests will receive any distribution under the Plan, the Bankruptcy Court can confirm the Plan over the deemed rejections of such classes pursuant to Section 1129(b) of the Bankruptcy Code.**

5.  **NOTICE TO HOLDERS OF WINN-DIXIE INTERESTS: THE FOREGOING MEANS THAT YOUR STOCK INTERESTS IN WINN-DIXIE STORES, INC. WILL BE CANCELLED AND YOU WILL HAVE NO INTEREST OF ANY KIND IN WINN-DIXIE STORES, INC., ANY OF THE OTHER DEBTORS, OR THE REORGANIZED DEBTORS.**

6.  A hearing to consider confirmation of the Plan will be held on _____, 2006, at __:__ __.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

7.  No later than _____, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

8.  The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

9.  Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

10.  **NOTICE TO REGISTERED OR RECORD HOLDERS, BANKS, BROKERS, AND OTHER NOMINEES OF BENEFICIAL HOLDERS OF COMMON STOCK ISSUED BY WINN-DIXIE STORES, INC.: YOU ARE DIRECTED TO IMMEDIATELY DELIVER A COPY OF THIS NOTICE TO THE BENEFICIAL HOLDERS. YOU MAY OBTAIN ADDITIONAL COPIES OF THIS NOTICE IF NEEDED FROM LOGAN & COMPANY, INC., 546 VALLEY ROAD, UPPER MONTCLAIR, NEW JERSEY 07043, TELEPHONE: (973) 509-3190.**

Dated: _____

D. J. Baker
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036

Co-Counsel for Debtors

Stephen D. Busey
James H. Post, Cynthia C. Jackson, Leanne Prendergast
SMITH HULSEY & BUSEY
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Co-Counsel for Debtors

EXHIBIT F
CONTRACT/LEASE PARTY NOTICE

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**NOTICE TO EXECUTORY CONTRACT AND UNEXPIRED LEASE PARTIES**
**WITH RESPECT TO DEBTORS' JOINT PLAN OF REORGANIZATION**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

TO:   **PARTIES TO EXECUTORY CONTRACTS**
      **PARTIES TO UNEXPIRED LEASES**

**PLEASE TAKE NOTICE THAT:**

1.   On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan") from those holders of impaired claims who are (or may be) entitled to receive distributions under the Plan. Capitalized terms used in this Notice which are not defined have the meanings set forth in the Plan.

2.   In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the plan and scheduling the hearing to consider confirmation of the plan (the "Solicitation Procedures Order").

3.   **You are receiving this notice because you may be a party to an agreement or other arrangement with the Debtors that could be construed to be an executory contract or unexpired lease. If so, depending on the status of your contract or lease, including whether or not your contract or lease has been assumed or rejected, you may not yet have a claim against the Debtors that would entitle you to receive a ballot or other notice of the Plan pursuant to the Solicitation Procedures Order. Alternatively, if you have a claim, this notice may be supplementary to other materials or notices you have received concerning the Plan. In either case, you are entitled to participate in the Debtors' chapter 11 cases, including by filing objections to confirmation of the Plan. (The Debtors reserve the right to challenge the characterization of any agreement or other arrangement and to maintain that any such agreement or other arrangement is not an executory contract or unexpired lease.)**

4.   Parties to executory contracts or unexpired leases that have not yet been assumed or rejected should be aware of the following provisions in

the Plan:

### 7.1 Rejection of Executory Contracts and Unexpired Leases

Except as otherwise provided in the Plan, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, as of the Effective Date, each Debtor shall be deemed to have rejected each pre-petition executory contract and unexpired lease to which it is a party unless such executory contract or unexpired lease (a) was previously assumed or rejected upon motion by a Final Order, (b) previously expired or terminated pursuant to its own terms, or (c) is the subject of any pending motion, including to assume, to assume on modified terms, to reject or to make any other disposition filed by a Debtor on or before the Confirmation Date. The Confirmation Order shall constitute an order of the Bankruptcy Court under Section 365(a) of the Bankruptcy Code approving the rejections of pre-petition executory contract and unexpired leases described above, as of the Effective Date.

### 7.2 Rejection Damages Bar Date for Rejections Pursuant to Plan

**If the rejection of an executory contract or unexpired lease pursuant to the Plan results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Debtor or Reorganized Debtor or the properties of any of them unless a Proof of Claim is filed with the claims agent and served upon counsel to the Reorganized Debtors within thirty (30) days after entry of the Confirmation Order. The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a Proof of Claim filed by earlier applicable bar dates or shall be barred and unenforceable.**

### 7.3 Assumption of Executory Contracts and Unexpired Leases

The Debtors reserve the right, at any time prior to the Effective Date, except as otherwise specifically provided in the Plan, to seek to assume any executory contract or unexpired lease to which any Debtor is a party and to file a motion requesting authorization for the assumption of any such executory contract or unexpired lease.

### 7.4 Cure Rights for Executory Contracts and Unexpired Leases Assumed Under Plan

Any monetary amounts by which each executory contract and unexpired lease to be assumed pursuant to the Plan is in default shall be satisfied, under Section 365(b)(1) of the Bankruptcy Code, by Cure. If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Reorganized Debtor or any assignee to provide "adequate assurance of future performance" (within the meaning of Section 365 of the Bankruptcy Code) under the contract or lease to be assumed, or (c) any other matter pertaining to assumption, Cure shall occur following the entry of a Final Order by the Bankruptcy Court resolving the dispute and approving the assumption or assumption and assignment, as the case may be; provided, however, that the Reorganized Debtors shall be authorized to reject any executory contract or unexpired lease to the extent the Reorganized Debtors, in the exercise of their sound business judgment, conclude that the amount of the Cure obligation as determined by such Final Order, renders assumption of such executory contract or unexpired lease unfavorable to the Reorganized Debtors.

### 7.5 Assignment of Assumed Real Property Leases

As of the Effective Date, except to the extent otherwise determined by the Debtors, all real property leases as to which the assumption by the Debtors under Section 365(a) of the Bankruptcy Code has been approved by order of the Bankruptcy Court shall be assigned to Winn-Dixie Real Estate under Section 365(f) of the Bankruptcy Code, and the Confirmation Order shall specifically provide for the approval of such assignments. On or as soon as reasonably practicable after the Effective Date, the Debtors shall provide documentary evidence of each such assignment to the applicable lessor and, if necessary, shall record such document in the real property records of the applicable jurisdiction. Notwithstanding such assignments, the original Debtor lessee under any such real property lease, and any Debtor guarantor thereof, shall continue to be obligated on the lease to the full extent of their respective obligations as such obligations existed prior to the assignment to Winn-Dixie Real Estate.

### 7.6 Assumption of Vendor Agreements

In the event that there is in effect between the Debtors and any vendor immediately prior to the Effective Date any electronic interchange trading partner agreement, open credit terms agreement, corporate reclamation agreement, reclamation disposition agreement, hold harmless agreement, less-than-truckhold program agreement, or similar agreement, and any such agreement is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a vendor asserts any Cure, at the election of the Debtors such vendor's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

### 7.7 Assumption of Utility Service Agreements

In the event that there is in effect between the Debtors and any utility immediately prior to the Effective Date, with respect to any operating facility of the Debtors, any utility service agreement or related agreement providing a reduced rate to the Debtors, which agreement has not been previously assumed, rejected or terminated, but is considered to be an executory contract, such agreement shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan; provided, however, that no Cure shall be owed with respect to any such agreement, and in the event that a utility asserts any Cure, at the election of the Debtors such utility's agreement shall not be deemed assumed and shall instead be deemed rejected pursuant to Section 7.1 of the Plan.

### 7.8 Assumption of Governmental Licenses

In the event that any license granted to the Debtors by a governmental unit, and in effect immediately prior to the Effective Date, is considered to be an executory contract and is not otherwise terminated or rejected by the Debtors, such license shall be deemed to be assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

### 7.9 Treatment of Compensation and Benefit Programs

(a)    Except to the extent (i) otherwise provided for in the Plan, (ii) previously assumed or rejected by an order of the Bankruptcy Court entered on or before the Confirmation Date, (iii) the subject of a pending motion to reject filed by a Debtor on or before the Confirmation Date, or (iv) previously terminated, all employee compensation and benefit programs of the Debtors in effect during the pendency of the Chapter 11 Case, including all health and welfare plans, 401(k) plans, pension plans within the meaning of Title IV of the Employee Retirement Income Security Act of 1974, as amended, and all benefits subject to Sections 1114 and 1129(a)(13) of the Bankruptcy Code, entered into before or after the Petition Date and in effect during the pendency of the Chapter 11 Case, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the

Bankruptcy Code under the Plan. Nothing contained herein shall be deemed to modify the existing terms of such employee compensation and benefit programs, including, without limitation, the Debtors' and the Reorganized Debtors' rights of termination and amendment thereunder.

(b)    The Employee Retention and Severance Order is incorporated herein by reference. All rights, claims, interests, entitlements, and obligations of the Debtors under the retention and severance plans or agreements authorized by the Employee Retention and Severance Order shall continue in full force and effect after the Effective Date as rights, claims, interests, entitlements, and obligations of the Reorganized Debtors.

(c)    Benefit accruals under the MSP and SRP, and related trust and individual agreements, ceased as of the Petition Date; and no further benefits shall be payable under such plans, or related trust or individual agreements, as of October 31, 2006. To the extent any additional rights, obligations, or Claims exist under the MSP and SRP, or related trust or individual agreements, such rights, obligations, or Claims shall be extinguished and terminated in full as of the Effective Date. To the extent such plans, or related trust or individual agreements (and any separate agreements that may incorporate such plans and agreements) are considered to be executory contracts, such plans, and related trust and individual agreements (and any separate agreements that may incorporate such plans and agreements) shall be deemed to be rejected pursuant to Section 365 of the Bankruptcy Code under the Plan. The Claims of all vested participants in the MSP or SRP plans shall be calculated as of the Petition Date without post-petition interest or other accruals, and without regard to service completed after the Petition Date, and shall be treated under the Plan as Retirement Plan Claims or, to the extent applicable, MSP Death Benefit Claims.

(d)    As of the Effective Date, any and all stock based incentive plans or stock ownership plans of the Debtors entered into before the Effective Date, or other agreements or documents giving rise to Winn-Dixie Interests, including the contingent cash components of any such plans, agreements, or documents, shall be terminated. To the extent such plans, agreements, or documents are considered to be executory contracts, such plans, agreements, or documents shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan. Any Claims resulting from such rejection shall constitute Subordinated Claims, except that Claims for contingent cash shall constitute Other Unsecured Claims.

## 7.10 Certain Indemnification Obligations Owed by Debtors

(a)    Indemnification Obligations owed to directors, officers, and employees of the Debtors (or the estates of any of the foregoing) who served or were employed by the Debtors as of or after the Petition Date for claims arising after the Petition Date, excluding claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the Bankruptcy Code under the Plan. Indemnification Obligations owed to any such directors, officers, and employees of the Debtors (or the estates of any of the foregoing) for claims arising before the Petition Date or for claims resulting from gross negligence, willful misconduct, breach of fiduciary duty, or intentional tort, shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b)    All Indemnification Obligations owed to directors, officers, and employees of the Debtors who served or were employed by the Debtors prior to, but not after, the Petition Date shall be deemed to be, and shall be treated as though they are, executory contracts that are rejected pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c)    Indemnification Obligations owed to any Professionals retained pursuant to Sections 327 or 328 of the Bankruptcy Code and order of the Bankruptcy Court, to the extent that such Indemnification Obligations relate to the period after the Petition Date, shall be deemed to be, and shall be treated as though they are, executory contracts that are assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

## 7.11 Continuing Obligations Owed to Debtors

(a)    Any confidentiality agreement entered into between any of the Debtors and any supplier of goods or services requiring the parties to maintain the confidentiality of each other's proprietary information shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(b)    Any indemnity agreement entered into between any of the Debtors and any supplier of goods or services requiring the supplier to provide insurance in favor of any of the Debtors, to warrant or guarantee such supplier's goods or services, or to indemnify any of the Debtors for claims arising from the goods or services shall be deemed to be, and shall be treated as though it is, an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan.

(c)    Continuing obligations of third parties to the Debtors under insurance policies, contracts, or leases that have otherwise ceased to be executory or have otherwise expired on or prior to the Effective Date, including, without limitation, continuing obligations to pay insured claims, to defend against and process claims, to refund premiums or overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on such third parties notwithstanding any provision to the contrary in the Plan, unless otherwise specifically terminated by the Debtors or by order of Bankruptcy Court. The deemed rejection provided by Section 7.1 of the Plan shall not apply to any such continuing obligations.

(d)    To the extent any insurance policy under which the insurer has a continuing obligation to pay the Debtors or a third party on behalf of the Debtors is held by the Bankruptcy Court to be an executory contract and is not otherwise assumed in accordance with Section 7.3 of the Plan, such insurance policy shall be treated as though it is an executory contract that is assumed pursuant to Section 365 of the Bankruptcy Code under the Plan. Any and all Claims (including Cure) arising under or related to any insurance policies or related insurance agreements that are assumed by the Debtors prior to or as of the Effective Date: (i) shall not be discharged; (ii) shall be Allowed Administrative Claims; and (iii) shall be paid in full in the ordinary course of business of the Reorganized Debtors as set forth in Section 4.1(a) of the Plan.

## 7.12 Limited Extension of Time to Assume or Reject

(a)    In the event of a dispute as to whether a contract or lease is executory or unexpired, the right of the Debtors or the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after entry of a Final Order by the Bankruptcy Court determining that the contract or lease is executory or unexpired. The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

(b)    In the event the Debtors or the Reorganized Debtors become aware after the Confirmation Date of the existence of an executory contract or unexpired lease that was not included in the Schedules, the right of the Reorganized Debtors to move to assume or reject such contract or lease shall be extended until the date that is thirty (30) days after the date on which the Debtors or the Reorganized Debtors become aware of the existence of such contract or lease. The deemed rejection provided for in Section 7.1 of the Plan shall not apply to any such contract or lease.

7.13 Post-petition Contracts and Leases

The Debtors shall not be required to assume or reject any contract or lease entered into by the Debtors after the Petition Date. Any such contract or lease shall continue in effect in accordance with its terms after the Effective Date, unless the Debtor has obtained a Final Order of the Bankruptcy Court approving rejection of such contract and lease.

7.14 Treatment of Claims Arising From Assumption or Rejection

All Allowed Claims arising from the assumption of any executory contract or unexpired lease shall be treated as Administrative Claims pursuant to Section 4.1(a) of the Plan; all Allowed Claims arising from the rejection of an executory contract or unexpired lease shall be treated, to the extent applicable, as Landlord Claims, Vendor/Supplier Claims, Retirement Plan Claims, Other Unsecured Claims, or Subordinated Claims, unless otherwise ordered by Final Order of the Bankruptcy Court; and all other Allowed Claims relating to an executory contract or unexpired lease shall have such status as they may be entitled to under the Bankruptcy Code as determined by Final Order of the Bankruptcy Court.

5. A hearing to consider confirmation of the Plan will be held on _____, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

6. No later than _____, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

7. If you are a party to an executory contract or unexpired lease that has not yet been assumed or rejected, but that if rejected would potentially give rise to a rejection damage claim, and if you would like to cast a vote in the amount of any resulting rejection damage claim on a contingent basis, you will be permitted to cast a contingent vote if you: (a) on or before _____, 2006, at 4:00 p.m. (Eastern Time), one week before the Voting Deadline, deliver to the Voting Agent (Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190), with a copy to the Debtors' counsel and the Creditors Committee's counsel, a written request for a special ballot to vote a contingent rejection damage claims, specifying therein the amount of your possible rejection damage claim, and (b) properly complete and return the special ballot on or before the Voting Deadline. The procedures for requesting a special vote to cast a contingent vote, including the deadline of _____, 2006, established by the Bankruptcy Court for delivering such requests, are set forth in the Solicitation Procedures Order. If you have otherwise received a ballot with respect to a prepetition claim owing under your contract or lease, that claim will be aggregated with your rejection damage claim and you will be counted as having one vote for purposes of numerosity. If your contract or lease is assumed by the Confirmation Date, your vote will not be counted.

8. If you are a party to an executory contract or unexpired lease that is subsequently rejected, potentially giving rise to a rejection damage claim, that rejection damage claim may be an Unsecured Claim in Class 13, 14 or 16 of the Plan. Under the Plan, on a first come-first serve basis and subject to the availability of funds, each holder of an Allowed Unsecured Claim in Class 13, 14 or 16 is entitled to elect via a Cash Reduction Form to reduce its Allowed Claim to $3,000 and to receive, in lieu of the distribution of New Common Stock otherwise provided for each such Class, a Cash payment in the amount of $2,010 (67% of $3,000). To make the election, a properly completed Cash Reduction Form must be received before the Distribution Record Date by Logan & Company, Inc. at 546 Valley Road, Upper Montclair, New Jersey 07043. If funds are no longer available at the time the Cash Reduction Form is received, the election will be disregarded, and the electing holder will receive New Common Stock. To ensure that you are provided with the right to make the election even though your Claim is not now considered to be an Allowed Unsecured Claim, a Cash Reduction Form is included with this Notice. The election will be effective only if you are determined to have an Allowed Unsecured Claim.

9. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

10. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: _____

D. J. Baker                                                     Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin       James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP                      SMITH HULSEY & BUSEY
Four Times Square                                              225 Water Street, Suite 1800
New York, New York 10036                                       Jacksonville, Florida 32202

Co-Counsel for Debtors                                         Co-Counsel for Debtors

EXHIBIT G
CONFIRMATION HEARING NOTICE

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| Debtor | Address | Tax I.D. |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida 32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia 31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia 31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Jacksonville, Florida 32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana 70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama 36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina 27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida 32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

1.    On _____ __, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.    A hearing to consider confirmation of the Plan will be held on _____ __, 2006, at __:__ _.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4.    No later than _____, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.    **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6.    The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7.    Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: _____

D. J. Baker                                                 Stephen D. Busey
Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin    James H. Post, Cynthia C. Jackson, Leanne Prendergast
SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP                   SMITH HULSEY & BUSEY
Four Times Square                                           225 Water Street, Suite 1800
New York, New York 10036                                    Jacksonville, Florida 32202

Co-Counsel for Debtors                                      Co-Counsel for Debtors

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12    Releases and Related Matters**

(a)    Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)    Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen

or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

## 12.13    Discharge of the Debtors

(a)    Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)    As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

## 12.14    Injunction

(a)    Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)    As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)    Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)    Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

## 12.15    Exculpation and Limitation of Liability

(a)    None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or

agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.    The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)    Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.

EXHIBIT H
PUBLICATION NOTICE

## UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| Winn-Dixie Stores, Inc., <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:** Winn-Dixie Stores, Inc., Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

**PLEASE TAKE NOTICE THAT:**

1.        On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2.        In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3.        A hearing to consider confirmation of the Plan will be held on _____, 2006, at ___:___.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court.

4.        No later than _____, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5.        The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

6.        Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: _____

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| | |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

EXHIBIT I
CLAIM REDUCTION FORM

CLAIM REDUCTION FORMS SENT BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE VALID. ANY CLAIM REDUCTION FORM THAT IS NOT PROPERLY EXECUTED AND TIMELY RECEIVED WILL BE DISREGARDED AND THE CLAIMANT WILL RECEIVE NEW COMMON STOCK AS PROVIDED FOR IN THE PLAN.

**UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br>Winn-Dixie Stores, Inc., et al.,<br>Debtors. | Case No. 05-03817-3F1<br>Chapter 11<br>Jointly Administered |

**CLAIM REDUCTION FORM**

**TO HOLDERS OR POTENTIAL HOLDERS OF:**

ALLOWED LANDLORD CLAIMS IN CLASS 13, ALLOWED VENDOR/SUPPLIER CLAIMS IN CLASS 14, ALLOWED RETIREMENT PLAN CLAIMS IN CLASS 15, and ALLOWED OTHER UNSECURED CLAIMS IN CLASS 16.

**PLEASE TAKE NOTICE THAT:**

On _____, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan"). Capitalized terms used herein without definition have the meanings provided in the Plan.

In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures, and forms applicable to the process of soliciting votes on the Plan, providing notice of the Plan, and making necessary elections with respect to the Plan, (b) approving vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

The Solicitation Procedures Order approved this Claim Reduction Form for use by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims, on a first come-first serve basis, who desire to elect to reduce their Allowed Claims to $3,000 and receive a discounted Cash payment in the amount of $2,010 (67% of $3,000), in full satisfaction, settlement, release, discharge of, in exchange for, and on account of their Allowed Claims.

Under the Plan, the aggregate Cash amount payable on account of Claim Reduction Forms is limited to $1 million. Depending on the number of Claim Reduction Forms received, and the amount of Allowed Claims subject to such Claim Reduction Forms, $1 million may not be sufficient to provide discounted Cash payments to all electing holders. In that event, the Claim Reduction Forms will be accepted on a first come-first serve basis. Any Claim Reduction Forms received after the $1 million has been allocated to earlier received Claim Reduction Forms will be rejected, and the holders of Allowed Claims subject to the later received Claim Reduction Forms will receive New Common Stock as provided for in the Plan. Subject to the limited availability of funds, this Claim Reduction Form must be completed and returned before the applicable initial Distribution Date.

**Please refer to the instructions for completing this Claim Reduction Form on the reverse side.** If you have any questions about how to properly complete this Claim Reduction Form, please call Logan & Company, Inc. at (973) 509-3190.

**Item 1. *Election.*** By signing and returning this Claim Reduction Form, the undersigned hereby elects to reduce his/her/its Allowed Claim to $3,000 and to receive a Cash payment in the amount of $2,010, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

**Item 2. *Claim Ownership.*** By signing and returning this Claim Reduction Form, the undersigned hereby certifies that it owns the Claim that is the subject of this Claim Reduction Form. If such Claim is sold or transferred in the future, the buyer or transferee will be bound by this Claim Reduction Form, and the undersigned will so inform the buyer or transferee.

**Item 3. *Acknowledgments and Certification.*** By signing and returning this Claim Reduction Form, the undersigned hereby acknowledges that the reduction election is subject to all terms and conditions set forth in the Disclosure Statement and the Plan. The undersigned certifies that he/she/it has full power and authority to make the reduction election.

Signature:_____

Name of claimant (print/type):_____

Address of Claimant (if other than the address to which this form was mailed):_____

_____

Name and title of signatory:_____

If signed by authorized agent, name and title of agent:_____

Federal tax I.D. or social security number of claimant:_____

Telephone number:_____  Facsimile number:_____

E-mail address:_____  Dated:_____

**PLEASE COMPLETE, SIGN, AND DATE THIS CLAIM REDUCTION FORM AND RETURN IT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER TO LOGAN & COMPANY, INC. AT THE ADDRESS SET FORTH ON THE REVERSE SIDE, ON OR BEFORE _____, 2006.**

Creditor Name:                                    Claim Amount: $
Creditor Address:                                 Claim Number:

IF YOUR CLAIM IS DETERMINED TO BE AN UNSECURED CLAIM, YOUR CLAIM WOULD BE IN
THE FOLLOWING PLAN CLASS:

_____          Class ____

SEE PARAGRAPH 9 ON THE REVERSE SIDE OF THIS FORM.

## INSTRUCTIONS FOR COMPLETING THIS CLAIM REDUCTION FORM

1.      This Claim Reduction Form is provided to holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, and Allowed Other Unsecured Claims for the purpose of allowing a treatment election under the Plan.

2.      A copy of the Plan and its accompanying Disclosure Statement if not included herewith may be obtained at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING AND RETURNING THIS CLAIM REDUCTION FORM.**

3.      This Claim Reduction Form if properly completed and timely returned constitutes an election to receive a discounted Cash payment of your Allowed Claim, as provided in the Plan, in full satisfaction, settlement, release, discharge of, in exchange for, and on account of such Claim.

4.      In order to exercise your election, you must complete, sign, and return this Claim Reduction Form by mail, overnight courier, or hand delivery to Logan & Company, Inc. (the "Claims Agent"), at the following address:

> Logan & Company, Inc.
> Attn: Winn-Dixie Stores, Inc.
> 546 Valley Road
> Upper Montclair, New Jersey 07043

5.      SUBJECT TO THE LIMITED AVAILABILITY OF FUNDS, CLAIM REDUCTION FORMS MUST BE RECEIVED BY _____, 2006. CLAIM REDUCTION FORMS RECEIVED AFTER AVAILABLE FUNDS ARE EXHAUSTED OR AFTER _____, 2006 WILL BE REJECTED. THE CLAIMS AGENT WILL NOT ACCEPT CLAIM REDUCTION FORMS BY FACSIMILE OR ELECTRONIC MAIL TRANSMISSION.

6.      **If you desire to receive New Common Stock as provided in the Plan, do not complete and return this Claim Reduction Form.** This Claim Reduction Form should be used only by holders or potential holders of Allowed Landlord Claims, Allowed Vendor/Supplier Claims, Allowed Retirement Plan Claims, or Allowed Other Unsecured Claims who desire to receive a discounted Cash payout of their Allowed Claims. Any such holder or potential holder who fails to properly or timely make the election as provided herein will receive New Common Stock as provided in the Plan to the extent such holder's Claim is an Allowed Claim.

7.      Your signature is required in order for your reduction election to be valid. You are also required to provide your social security number or federal tax I.D. number prior to receiving any distribution under the Plan. If the Claim is held by a partnership, this Claim Reduction Form should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, this Claim Reduction Form must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

8.      You may be receiving this Claim Reduction Form even though your Claim is not currently considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim. If you have asserted administrative, priority, or secured status in your proof of claim, or if your Claim is contingent, unliquidated, or disputed, or if you are a party to a contract or lease that may be rejected, you may have received a notice or ballot applicable to holders of Administrative Claims, Priority Tax Claims, Other Priority Claims, Secured Tax Claims or Other Secured Claims, or to holders of contingent, unliquidated, or disputed Claims, or to contract and lease parties. As stated on such notice or ballot, your Claim may ultimately be determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim. To ensure that you are provided with the right to make the reduction election even though your Claim may not currently be considered to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, you are receiving this Claim Reduction Form at this time. If your Claim is not determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim, any Claim Reduction Form you complete and return will be disregarded. However, if your Claim is determined to be an Allowed Landlord Claim, Allowed Vendor/Supplier Claim, Allowed Retirement Plan Claim, or Allowed Other Unsecured Claim and you did not properly or timely make reduction election, you will receive New Common Stock and New Notes as provided for in the Plan.

9.      **The information at the bottom of the front page of this Cash Reduction Form identifies the Plan Class that would be applicable to your Claim if it is Allowed as an Unsecured Claim. IF YOU BELIEVE THAT THE IDENTIFIED PLAN CLASS IS INCORRECT, YOU MUST FILE WITH THE BANKRUPTCY COURT ON OR BEFORE _____, 2006, A "MOTION FOR DETERMINATION OF PLAN CLASS." Your motion must identify the Plan Class in which you believe your Claim, if an Allowed Unsecured Claim, would belong, as well as the basis for your belief. If the Debtors disagree, they will file an objection and schedule a hearing before the Bankruptcy Court, on notice to you. If the Debtors agree, they will file a consent, on notice to you. If you do not file a motion by _____, 2006, and if your Claim is an Allowed Unsecured Claim, the identified Plan Class will be binding on you.**