**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors | ) | Jointly Administered |

**RESPONSE OF JAMES GIRDZUS TO DEBTORS' OMNIBUS
OBJECTION TO UNRESOLVED LITIGATION CLAIMS**
(Related Docket Item 8702)

**Comes Now**, James Girdzus, Jr. ("Mr. Girdzus"), by and through the undersigned counsel, and pursuant to 11 U.S.C. Section 502 and Fed. R. Bankr. P. 3007 and 9014 and hereby responds in opposition to the Debtors' Omnibus Objection to Unresolved Litigation Claims (the "Omnibus Objection") and states as follows.

**BACKGROUND**

1. On or about April 23, 2002, Mr. Girdzus was employed with Capital City Transport, Inc. as a truck driver. While completing a delivery to a Winn-Dixie warehouse in Montgomery, Alabama, Mr. Girdzus was severely injured due, inter alia, to the negligence of a Winn-Dixie employee. Upon information and belief, the employer of the negligent employee and the operator of the warehouse is Winn-Dixie Montgomery, Inc.

2. On March 10, 2004, Mr. Girdzus filed a Complaint in the Circuit Court of Montgomery County, Alabama, which was assigned Case No. CV-04-622-R.  A copy of the Complaint as filed is part of Mr. Girdzus' filed proof of claim attached as Exhibit "A". In the Complaint, Mr. Girdzus sought recovery for his substantial injuries. Winn-Dixie Montgomery, Inc. was properly served and defended against the Complaint in the Alabama lawsuit.

3. While the Alabama lawsuit was pending, Winn-Dixie Montgomery, Inc. and related debtors filed petitions for relief under Chapter 11 of Title 11 on February 21, 2005.

Despite the existence of the pending Alabama lawsuit, upon information and belief Mr. Girdzus was not listed as a creditor on the schedules of Winn-Dixie Montgomery, Inc. and received no Notices of the Chapter 11 filings prior to the August 1, 2005 Bar Date.

4. Mr. Girdzus filed his claim on or about February 3, 2006 (Claim No. 12947) (the "Girdzus Claim"). Since that time, Mr. Girdzus has been participating in the Claims Resolution process approved by this Court. A copy of the Girdzus Claim, without all the extensive medical information and other proof included with it, is attached as Exhibit "A".

## MEMORANDUM OF LAW

In their Omnibus Objection, the Debtors object to the Girdzus Claim on the bases that it is a "no liability" claim and that it is late- filed. *See Attachment to Omnibus Objection, page 11*.

As to the first ground, Mr. Girdzus submits that the liability of, inter alia, Debtor Winn-Dixie Montgomery, Inc. is clear. As stated in the Girdzus Claim and the Complaint attached hereto, Mr. Girdzus was injured as a result of the negligence and indifference of Winn-Dixie Montgomery, Inc. and its employees and agents. Mr. Girdzus was run over by a forklift operated by a Winn-Dixie Montgomery, Inc. employee acting within the scope of his employment. His foot was crushed, and he suffered permanent injury as a result.

Secondly, Mr. Girdzus has filed a Motion seeking an order deeming his claim timely-filed, on which the Court has not ruled. No hearing on the Motion has been set. As a result, Mr. Girdzus has satisfied the procedural requirements for the allowance of his claim.

The Omnibus Objection is not well-founded as it relates to Mr. Girdzus' Claim and he asks that it be denied, or, in the alternative, this matter be set for a final evidentiary hearing.

Wherefore, based upon the foregoing, James Girdzus asks that the

Court enter an order:

A.   Denying the Omnibus Objection as it relates to his claim,

and ,

B.   For other such relief as is just and proper.

August 6, 2006                    WILCOX LAW FIRM

 /s/ **Robert Wilcox**
Robert D. Wilcox, Esq.
Florida Bar No. 755168
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone:  (904) 281-0700
Fax:  (904) 513-9201
RWilcox@WilcoxLawFirm.com

*Attorneys for James Girdzus*

### CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2006 I caused a copy of the foregoing Response to Omnibus Objection to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254; and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

FORM B10 (Official Form 10) (10/05)

| United States Bankruptcy Court  Middle  District of  Florida | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: Winn-Dixie Montgomery, Inc. | Case Number: 05-3837, 05-3817 (JA) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
James Girdzus, Jr.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and address where notices should be sent:
Robert D. Wilcox, Esq.          Kendall C. Dunson, Esq.
6817 Southpoint Pkwy., # 1302   P.O. Box 4160
Jacksonville, FL 32216          Montgomery, AL 36103-4160
Telephone number: (904) 281-0700

☒ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor:

Check here ☐ replaces
if this claim ☐ amends   a previously filed claim, dated:_____

1. **Basis for Claim**
   ☐ Goods sold
   ☐ Services performed
   ☐ Money loaned
   ☒ Personal injury/wrongful death
   ☐ Taxes
   ☐ Other _____

   ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ☐ Wages, salaries, and compensation (fill out below)
      Last four digits of your SS #: _____
      Unpaid compensation for services performed
      from _____ to _____
            (date)                (date)

2. **Date debt was incurred:** 04/23/2002

3. **If court judgment, date obtained:**

4. **Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

   **Unsecured Nonpriority Claim** $ 944,790.42
   ☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

   **Unsecured Priority Claim**
   ☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
   Amount entitled to priority $_____
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
   ☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

   **Secured Claim**
   ☐ Check this box if your claim is secured by collateral (including a right of setoff).
   Brief Description of Collateral:
   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____
   Value of Collateral: $_____
   Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

   ☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   *Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. **Total Amount of Claim at Time Case Filed:** $ 944,790.82                                   944,790.82
                                                (unsecured)     (secured)    (priority)    (Total)
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 02/24/2006 | /s/ Robert Wilcox, Esq. |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JAMES GIRDZUS, JR., | * |
| | * |
| Plaintiff, | * |
| v. | *    CASE NO.: CV-04-_622_ |
| | * |
| CAPITAL CITY TRANSPORT, INC., a Corporation; LYNDON PROPERTY INSURANCE COMPANY; WINN-DIXIE MONTGOMERY, INC., A Corporation; and FICTITIOUS DEFENDANTS "A", "B", "C", "D", "E", "F", "G", "H", "I", "J", and "K" are those other persons, corporations, or entities whose negligence or other wrongful conduct contributed to cause the injuries of James Girdzus, Jr., whose true and correct identities are unknown to the Plaintiff, but who will be substituted by amendment when ascertained, | * * * * * * * * * * * * |
| Defendants. | * |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, James Girdzus, Jr. is over the age of nineteen years and a resident of Montgomery County, Alabama.

2. Defendant Capital City Transport, Inc. (hereinafter referred to as "Capital City") is a domestic corporation doing business in Montgomery County, Alabama.

3. Defendant Winn-Dixie Montgomery, Inc. (hereinafter referred to as "Winn-Dixie") is a foreign corporation doing business in Montgomery County, Alabama.

4. Defendant Lyndon Property Insurance Company (hereinafter referred to as "Lyndon") is a foreign corporation doing business in Montgomery County, Alabama.

5. Fictitious Defendant "A" is the individual who negligently operated the forklift on April 23, 2002, that struck James Girdzus, Jr. causing his injuries.

6. Fictitious Defendants "B", "C", and "D", are those persons, corporation, or other legal entities who or which designed, manufactured, marketed, advertised, sold, tested, distributed, assembled, removed a safety device, failed to maintain a safety device, leased or otherwise placed into the stream of commerce any defective product that caused or contributed to Mr. Girdzus' injury.

7. Fictitious Defendants "E", "F", "G", "H", "I", "J", and "K" are those other persons, corporations, or entities whose negligence or other wrongful conduct caused or contributed to Plaintiff's injuries.

## STATEMENT OF THE FACTS

8. On or about April 23, 2002, James Girdzus, Jr. was employed with Capital City Transport, Inc., in Montgomery, Alabama. Mr. Girdzus was employed as a truck driver. Lyndon Property Insurance Company is Capital City Tranport's Worker's Compensation insurer.

9. While completing a delivery to the Winn-Dixie warehouse in Montgomery, Alabama, Mr. Girdzus was struck by a forklift being operated by a Winn-Dixie employee. Both Mr. Girdzus and the Winn-Dixie employee were acting in the line and scope of their respective employments at the time of Mr. Girdzus' injury.

10. As a direct and proximate consequence of the negligence of Winn-Dixie's employee, Mr. Girdzus sustained an ankle injury

11. Mr. Girdzus underwent medical treatment for the injury he received and incurred medical expenses related thereto.

12. Mr. Girdzus is unable to perform some of his normal activities. He has undergone and will continue to undergo medical treatment for his condition. He has incurred and will continue to incur medical and other expenses related to the injury; he has suffered and will continue to suffer in the future, pain and mental anguish; he has suffered a permanent physical and vocational impairment; and he has been otherwise injured and damaged.

## COUNT I

### WORKER'S COMPENSATION

13. Plaintiff realleges all prior paragraphs of the complaint as if set out in full.

14. On or about April 23, 2002, the relationship of employer/employee existed between Mr. Girdzus and Capital City Transport, Inc. Plaintiff and Defendants, Capital City and Lyndon, were subject to the Worker's Compensation Act of Alabama.

15. Plaintiff further avers that while employed and engaged in the business of the Defendant, and while acting within the line and scope of his employment, Plaintiff suffered injuries and damages which was the result of an incident which arose out of and during the course of employment with his employer.

16. A controversy has arisen as to the benefits to be paid by Capital City Transport and Lyndon to the Plaintiff through the Worker's Compensation Act of Alabama, and no settlement has been made between the Plaintiff and the Defendants for account of the injuries sustained by the Plaintiff.

17. Plaintiff further avers that Defendants had immediate legal and actual notice or knowledge of the injury and that his claim is being brought within two years from the date of the Plaintiff's injury. Plaintiff is entitled to, but not limited to, reasonable medical expenses for the treatment of his injuries, and compensation for permanent or partial disability, temporary total disability, and/or permanent total disability.

18. Plaintiff may also be entitled to payments for health insurance premium benefits by Defendants as well as paid vacation time, paid sick leave, and other bonuses and incentives which would increase his average weekly wage.

WHEREFORE, Plaintiff demands judgment against Defendant Capital City Transport and Lyndon for compensation, medical expenses, and other incidental expenses incurred, and his costs. Plaintiff demands any and all compensation he is entitled to under the Worker's Compensation Act of Alabama.

## COUNT TWO

### NEGLIGENCE

19. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

20. Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, negligently caused the injuries to James Girdzus by backing a forklift over his ankle.

21. Winn-Dixie's employee/Fictitious Defendant "A", knew or should have known that Mr. Girdzus was in the delivery area of the warehouse.

22. Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, negligently failed to determine the location of Mr. Girdzus relative to his forklift prior to operation.

23. As a proximate consequence of Winn-Dixie's employee/Fictitious Defendant "A"'s negligence, James Girdzus was injured as described in paragraph 12 above.

WHEREFORE, Plaintiff James Girdzus demands judgment against Defendant Winn-Dixie and Winn-Dixie's employee/Fictitious Defendant "A" in such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT III

### WANTONNESS

24. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

25. Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, wantonly caused the injuries to James Girdzus by backing a forklift over his ankle.

26. Winn-Dixie's employee/Fictitious Defendant "A", knew or should have known that Mr. Girdzus was in the delivery area of the warehouse.

27. Winn-Dixie's employee/Fictitious Defendant "A", while acting within the line and scope of his employment with Winn-Dixie, wantonly failed to determine the location of Mr. Girdzus relative to his forklift prior to operation.

28. As a proximate consequence of Winn-Dixie's employee/Fictitious Defendant "A"'s wantonness, James Girdzus was injured as described in paragraph 12 above.

WHEREFORE, Plaintiff James Girdzus demands judgment against Defendant Winn-Dixie and Winn-Dixie's employee/Fictitious Defendant "A" in

such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT IV

### NEGLIGENT ENTRUSTMENT

29. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

30. Defendant Winn-Dixie negligently failed to train their employee/Fictitious Defendant "A" in the proper operation of the forklift.

31. Prior to the date of Mr. Girdzus' injury, Defendant Winn-Dixie knew or reasonably should have known, that their employee/Fictitious Defendant "A" lacked adequate training in the operation of the forklift.

32. With such knowledge, Defendant Winn-Dixie negligently entrusted its forklift to their employee/Fictitious Defendant "A".

33. As a proximate consequence of Defendant Winn-Dixie's negligent entrustment, James Girdzus was injured as described in paragraph 12 above.

WHEREFORE, Plaintiff James Girdzus demands judgment against Defendant Winn-Dixie in such an amount as a jury may award for compensatory and punitive damages, plus the costs of this action.

## COUNT V

34. Plaintiff realleges all prior paragraphs of the complaint as if set out here in full.

35. The negligence, wantonness, or other wrongful conduct of Defendants Winn-Dixie, and Fictitious Defendants "A" through "K" combined and concurred to proximately cause the Plaintiff's injuries.

WHEREFORE, Plaintiff James Girdzus demands judgment against all Defendants for compensatory and punitive damages to be assessed according to Alabama law, any other damages allowed by Alabama law, and his costs.

*/s/ K.C. Dunson*
KENDALL C. DUNSON (DUN029)
Attorneys for Plaintiffs

OF COUNSEL:
BEASLEY, ALLEN, CROW
METHVIN, PORTIS, & MILES, P.C.
P. O. Box 4160
218 Commerce Street
Montgomery, AL 36103-4160
334/269-2343 (ph)
334/954-7555 (fax)

Danny Fazekas
458 S. Lawrence Street
Montgomery, AL 36104
334/834-8957 (ph)
334/834-8950 (fax)

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues of this cause.

*/s/ K.C. Dunson*
OF COUNSEL

# WILCOX LAW FIRM

Jacksonville, Florida  
Wilmington, Delaware

Telephone (904) 281-0700  
Facsimile   (904) 513-9201

Robert D. Wilcox, Esq.  
rwilcox@wilcoxlawfirm.com

**VIA FEDERAL EXPRESS**

February 24, 2006

Logan & Company, Inc.  
546 Valley Road  
Upper Montclair, NJ 07043

In re: Winn-Dixie Montgomery, Inc; Case No.05-03837-3FI (Jointly Administered with Case No.05-03817-3FI)

Dear Sir or Madam:

I enclose for filing a Proof of Claim for creditor James Girdzus. I attach a copy of the underlying Complaint, supporting medical documentation, and discovery materials.

Sincerely Yours,

Robert D. Wilcox, Esquire

cc:  
James H. Post, Esq. (Via electronic mail, with Complaint only)  
Kendall C. Dunson, Esq. (Via electronic mail, without attachments)

RDW/ bs

Reply to Jacksonville, FL Office

6817 Southpoint Parkway, Suite 1302  
Jacksonville, FL 32216