**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

_____/

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF WINN-DIXIE STORES, INC., et al. FOR
ORDER, PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND
FED. R. BANKR. P. 2014, AUTHORIZING RETENTION AND
EMPLOYMENT OF SPENCER STUART, EFFECTIVE AS OF
JULY 10, 2006, AS DIRECTOR RETENTION CONSULTANT**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Winn-Dixie Stores, Inc. ("Winn-Dixie") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), with the consent of the Debtors, submits this application (the "Application") for an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 105-1532 (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2014, authorizing the retention and employment of Spencer Stuart ("Spencer Stuart"), effective as of July 10, 2006, as director retention consultant to conduct a search for individuals to serve on the board of directors (the "Board") of the entity that will emerge, following confirmation of the

{JA285535;1}

Debtors' chapter 11 plan, as the parent of the Debtors.  The facts and circumstances supporting this Application are set forth in the Affidavit of Thomas J. Snyder, sworn to August 7, 2006 (the "Snyder Affidavit"), attached hereto as Exhibit A.

## BACKGROUND

1.   On February 21, 2005 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered for procedural purposes only.

2.   The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.   On March 1, 2005, the United States Trustee duly appointed the Committee.

## JURISDICTION

4.   This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 328(a) and 1103 of the Bankruptcy Code.

## RELIEF REQUESTED

5.   As set forth below, pursuant to the Plan (as defined below), the Committee, with the assistance of a national

{JA285535;1}

search firm, will select seven (7) individuals for the Board of reorganized Winn Dixie. By this Application, the Committee requests entry of an order, substantially in the form attached hereto as Exhibit C, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the retention and employment of Spencer Stuart, effective as of July 10, 2006, as director retention consultant to conduct a search for individuals to serve on the Board pursuant to the terms set forth in the Spencer Stuart engagement letter, dated July 10, 2006 (the "<u>Engagement Letter</u>"), a copy of which is attached hereto as Exhibit B.[1]

## APPLICABLE AUTHORITY

6. Section 1103(a) of the Bankruptcy Code provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a).

7. In addition, section 328(a) of the Bankruptcy Code provides that the Committee:

---

[1]  Subject to the Court's approval, pursuant to this Application, the Debtors have agreed that they will be solely responsible for the payment of any and all fees and expenses incurred in connection with this engagement.

{JA285535;1}

3

> may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of fixing such terms and conditions.

11 U.S.C. § 328(a).

8. Bankruptcy Rule 2014 provides, in relevant part, that "[a]n order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee." FED. R. BANKR. P. 2014.

## BASIS FOR RELIEF

9. Pursuant to the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors, dated June 29, 2006 (the "Plan"), following emergence from these chapter 11 cases, each member of the existing board of directors of Winn-Dixie other than the Debtors' chief executive officer will be deemed to have resigned, and the Board of reorganized Winn Dixie will consist of nine (9) directors, which will include (a) the Debtors' chief executive officer, (b) one (1) individual who

{JA285535;1}

4

will be reasonably acceptable to the Committee, and (c) seven (7) individuals selected by the Committee from the slate of qualified candidates identified by a national search firm. In connection with the confirmation hearing and related disclosures regarding the new Board members, and in consultation with the Debtors, the Committee has commenced a search for the members of the Board.

10. The identification of new directors for the Board is necessary to the Debtors' reorganization. Following the Debtors' emergence, all but one of the current members will no longer serve as members. Therefore, the Committee is seeking the assistance of Spencer Stuart in conducting an efficient and expedient search for new directors.[2]

**SPENCER STUART'S QUALIFICATIONS**

11. Spencer Stuart has nearly 50 years of experience in the executive search field and is one of the leading executive search firms in the United States. Spencer Stuart also has extensive experience in assisting companies in selecting board candidates. Moreover, Spencer Stuart has been employed to conduct executive and board searches for a number of companies emerging from bankruptcy including Spiegel, Inc., Federated Department Stores, Payless Cashways, Inc., and

---

[2] Spencer Stuart is not being retained to identify replacement management.

{JA285535;1}

5

Warnaco.  In light of Spencer Stuart's extensive experience in conducting searches to identify well-qualified individuals to serve as directors of large corporations, including corporations emerging from bankruptcy, the Committee believes that the retention of Spencer Stuart will enable it to identify and designate candidates in a cost-effective, efficient, and expedient manner.  In light of Spencer Stuart's extensive experience in conducting searches to identify well-qualified individuals to serve as directors of large corporations, including corporations emerging from bankruptcy, the Committee believes that the retention of Spencer Stuart will enable it to identify and designate candidates in a cost-effective, efficient, and expedient manner.

12.  Accordingly, the Committee believes it is in the best interests of the Committee, the Debtors, and the Debtors' estates and their creditors to employ Spencer Stuart to assist the Committee with searching for and nominating members to the Board of reorganized Winn Dixie as contemplated in the Plan.

**SERVICES TO BE PROVIDED**

13.  Spencer Stuart will work with the Committee to locate qualified candidates to serve on the Board of reorganized Winn Dixie.  Spencer Stuart's services will include, among others, the following:

{JA285535;1}

(i)   Meeting with the Committee to develop background information on the significant issues and creditor expectations to become as knowledgeable as possible about the Debtors and the relevant positions, as to obtain the full benefit of the Committee's thinking, prior to approaching and meeting with candidates;

(ii)  Working with the Committee to develop detailed position specifications based on, <u>inter</u> <u>alia</u>, Spencer Stuart's knowledge of the business;

(iii) Constructing a search strategy for the positions to define and prioritize potential candidate locations, position levels and other elements of the search focus in order to ensure a comprehensive search assignment;

(iv)  Conducting an intensive search utilizing Spencer Stuart's retail networks and knowledge of the marketplace to yield qualified individuals for the Committee to compare and evaluate;

(v)   Thoroughly interviewing qualified candidates to obtain a realistic understanding of their experience, accomplishments, capabilities, and potential, and preparing and presenting a comprehensive resume for review of each candidate recommended to be interviewed;

(vi)  Presenting the best qualified and interested individuals for selection interviews;

(vii) Assisting as necessary in developing and negotiating the final compensation package and other terms of employment for the directors;

(viii) Conducting reference checks of successful candidates, including (a) speaking directly with individuals who are or have been in positions to evaluate the candidate's performance on the job; and (b) verifying information such as university degrees and professional qualifications;

(ix)  Conducting periodic progress reviews with the Committee to discuss individuals contacted, candidate interest, recruiting issues, and any other matters related to the search; and

{JA285535;1}

    (x)    Performing such other search-related services as may be required by the Committee.

14. Subject to Court approval, Spencer Stuart will be retained until the completion of the assignment unless terminated beforehand in accordance with the provisions of the Engagement Letter.

## COMPENSATION

15. The Committee believes that Spencer Stuart's proposed compensation is reasonable in light of the services to be performed and is consistent with the industry standards for executive search firms.

16. Pursuant to the Engagement Letter, Spencer Stuart's retainer fee will be up to $525,000 (the "Retainer Fee"), which will be billed in three (3) equal installments of $175,000 (each, an "Installment" and, collectively, "Installments") for up to seven (7) Board member placements at $75,000 per each Board member placement.  Installments are to be paid by the Debtors[3] on August 15, 2006, September 15, 2006, and October 16, 2006 (each, an "Installment Date" and, collectively, "Installment Dates"), subject to entry of an order approving this Application.  If an order approving this Application is not

---

[3]     As noted above, subject to the Court's approval, pursuant to this Application, the Debtors have agreed that they will be solely responsible for the payment of any and all fees and expenses incurred in connection with this engagement.

{JA285535;1}

8

entered prior to an Installment Date (or Installment Dates, as the case may be), Spencer Stuart shall be paid as soon as practicable for that Installment (or Installments) following entry of an order approving this Application. If the Retainer Fee has been fully invoiced prior to completion of Spencer Stuart's work, no further fees (except out-of-pocket expenses) will be billed. If the assignment is completed prior to the end of the retainer period, the full fee will be due at that time.

17. In addition to the fees noted above, Spencer Stuart also charges monthly for search-related expenses at ten percent of each Installment. Spencer Stuart will also be reimbursed for direct, out-of-pocket expenses (_i.e._, candidate and consultant interview and travel-related expenses). Direct, out-of-pocket expenses will be billed as incurred.

18. In the event that Spencer Stuart's engagement is terminated after the first month, fees are considered earned to the date of cancellation on a 90-day prorated basis from the date Spencer Stuart was authorized to proceed on the engagement. However, the first month's fees plus associated overhead are considered earned in their entirety at the commencement of the assignment regardless of the date of cancellation. If the Committee cancels the search without a placement but then hires a candidate as a Board member that was presented or identified to the Committee within one year from the completion or

{JA285535;1}

9

termination of the engagement, Spencer Stuart will bill Winn-Dixie the Retainer Fee as outlined above.

19. If the Committee selects any additional candidates for the Board presented or identified to the Committee by Spencer Stuart within one year from the completion or termination of the engagement, Spencer Stuart will bill the Debtors an additional search fee of $75,000 for each additional Board member placement.

## NO ADVERSE INTEREST

20. To the best of the Committee's knowledge, information, and belief, other than as set forth in the Snyder Affidavit, Spencer Stuart is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code and has no relationship with (i) the Debtors, (ii) their respective creditors or equity security holders, (iii) any other parties in interest in these chapter 11 cases, (iv) the respective attorneys and accountants of any of the foregoing, or (v) the United States Trustee or any other person employed in the Office of the United States Trustee.

## BEST INTERESTS OF COMMITTEE AND DEBTORS' ESTATES

21. Spencer Stuart is, in the Committee's view, highly skilled and well qualified to assist the Committee based upon its understanding of the Debtors' businesses and related restructuring issues. The Committee believes that Spencer

{JA285535;1}

Stuart's advice and services will assist it in successfully fulfilling its obligation under the Plan regarding nominating Board members for reorganized Winn Dixie.  Accordingly, the Committee submits that this Court is authorized to grant the relief requested in this Application.

### NOTICE

22.    Notice of this Application has been provided to all parties requesting service pursuant to Bankruptcy Rule 2002, Spencer Stuart, and the Office of the United States Trustee.  The Committee submits that no further notice is required.

### NO PREVIOUS REQUEST

23.    No previous request for the relief sought in this Application has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Committee requests entry of an order, substantially in the form attached hereto as Exhibit C, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, (i) authorizing the retention and employment of Spencer Stuart, effective as of July 10, 2006, as director retention consultants in these chapter 11 cases on the terms set forth in the Engagement Letter and (ii) granting the Committee such other and further relief as is just and proper.

Dated: August 7, 2006  
      Jacksonville, Florida

AKERMAN SENTERFITT

By:*/s/John B. Macdonald*  
John B. Macdonald  
Florida Bar No. 230340  
Email: john.macdonald@akerman.com  
Patrick P. Patangan  
Florida Bar No. 348340  
Email: patrick.patangan@akerman.com  
50 North Laura St., Suite 2500  
Jacksonville, Florida 32202  
(904) 798-3700 (telephone)  
(904) 798-3730 (facsimile)

–and –

MILBANK, TWEED, HADLEY & M$^C$CLOY LLP  
Matthew S. Barr, Esq.  
Jeffrey K. Milton, Esq.  
1 Chase Manhattan Plaza  
New York, New York 10005  
(212) 530-5000 (telephone)  
(212) 530-5219 (facsimile)

Co-Counsel for Official Committee of Unsecured Creditors of Winn-Dixie Stores, Inc., et al.

{JA285535;1}