# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 3:05-bk-03817-JAF |
| WINN-DIXIE STORES, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

_____/

ORDER, PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103 AND
FED. R. BANKR. P. 2014, AUTHORIZING RETENTION AND
EMPLOYMENT OF SPENCER STUART, EFFECTIVE AS OF
JULY 10, 2006, AS DIRECTOR RETENTION CONSULTANT
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
WINN-DIXIE STORES, INC., et al.

Upon the Application, dated August 7, 2006 (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Winn-Dixie Stores, Inc. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to sections 328(a) and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 105-1532 (as amended, the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2014, authorizing the retention and employment of Spencer Stuart ("Spencer Stuart"), effective as of July 10, 2006, as director retention consultant to the Committee; and the Court having reviewed the Application and the Affidavit of Thomas J. Snyder, sworn to August 7, 2006, in connection with the Application; and the Court having heard the statements of counsel in support of the relief requested therein; and finding that the Court has

{JA285540;1}

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and after due and sufficient notice and a hearing to consider the Application; and upon the record and the evidence presented and after due deliberation thereon; and all capitalized terms not otherwise defined herein having the meanings ascribed to them in the Application; and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted; and it is further

ORDERED, that the Committee is authorized, pursuant to sections 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ Spencer Stuart as director retention, effective as of July 10, 2006, on the terms set forth in the Engagement Letter; and it is further

ORDERED, that Spencer Stuart is authorized to directly bill the Debtors for the payment of any and all fees and expenses incurred in connection with the Committee's retention of Spencer Stuart as set forth in the Engagement Letter; and it is further

ORDERED, that the Court shall retain exclusive jurisdiction to hear and determine all matters pertaining to the Application and this Order.

Dated: _____      _____
                                    UNITED STATES BANKRUPTCY JUDGE

{JA285540;1}