# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                    )
                                          )
WINN-DIXIE STORES, INC., et al.,          )       Case No. 05-03817
        Debtor.                           )       Chapter 11
                                          )       Jointly Administered
                                          )
_____ )

**RESPONSE OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN
SERVICES TO DEBTORS' OBJECTION TO CLAIM NO. 10662**

**I.    Introduction**

On July 29, 2005,  DHHS timely filed a proof of claim in this case for amounts owed by

Winn Dixie Inc. and its subsidiaries (Debtor) to DHHS pursuant to the Medicare Act. (Claim

No.10662).  First, DHHS asserted a claim for pre-petition overpayments to Debtor as a supplier

of medical goods to Medicare beneficiaries.  Second, DHHS sought an undetermined amount

owed to DHHS by Debtor pursuant to the Medicare Secondary Payer (MSP) statute. 42 U.S.C. §

1395y(2)(b).

On February 16, 2006, Debtor filed an objection to DHHS's claim. (Doc. No. 5872)

Debtor denied liability for the claims asserted by DHHS,  disputed the amount of the claims and

requested documentation to substantiate DHHS's claims.   In response, DHHS shows that Debtor

is statutorily obligated to reimburse DHHS for overpayments associated with Debtor's

participation in the Medicare program as a supplier of medical goods.  In addition, pursuant to

the MSP statute, Debtor is obligated to reimburse DHHS for conditional Medicare payments

related to certain liability claims asserted by  Medicare beneficiaries against the Debtor and for

conditional Medicare payments made on behalf of Medicare beneficiaries who are covered under

1

Debtor's employee benefits programs. Finally DHHS will be filing tomorrow an Amended Proof of Claim (draft, unsigned copy attached with composite exhibit) which reflects substantial additional information that is relevant to the processes by which the total amount of the DHHS claim against Debtor may be finally determined.

Although the statutory basis for DHHS's claim against Debtor is clear, it is vastly premature that the matter of the amount of DHHS's claim be brought before the Court at this time. Indeed, DHHS and Debtor have been engaged in significant ongoing discussions related to the DHHS claim. The bulk of the DHHS claim against Debtor stems from the operation of the MSP statute. As explained below, DHHS cannot finalize the amount of an MSP claim until Debtor completes the ongoing process of resolving the numerous lawsuits and other claims ("litigation claims") brought against Debtor by Medicare beneficiaries.

Because DHHS has filed an Amended Proof of Claim, and because it remains premature to bring the matter of the DHHS claim before the court due to the ongoing development of that claim, DHHS will be filing a Motion to Postpone Hearing on the Debtors' Objection. Nonetheless, DHHS also submits this response, in order to preserve its rights, while reserving all rights to supplement or modify the response as necessary.

## II.    Statutory Background

The MSP statute mandates that Medicare payments be secondary to certain forms of insurance coverage, and specifically precludes Medicare payments for medical items and services to the extent that payment has been made or can reasonably be expected to be made under a workmen's compensation law or plan of the United States or a State or under a liability insurance policy or plan (including a self-insured plan) or an employee group health plan. 42 U.S.C. §

2

1395y(b)(2)(A)(ii); 42 C.F.R. § 411.50(b); 42 C.F.R. § 411.100 et seq. While the MSP statute

authorizes Medicare payment(s) to be made in instances where CMS learns that a beneficiary is

claiming benefits for treatment of an injury or illness allegedly caused by another, any and all

such payments are conditional and subject to reimbursement to the appropriate Medicare trust

fund once payment under one of the abovementioned primary plans has been or can reasonably

be expected to be made. 42 U.S.C. § 1395y(b)(2)(B)(i); 42 C.F.R. §§ 411.52 and 411.24(b).

     A primary plan, including a self-insured entity, must reimburse DHHS for Medicare

payments made with respect to an item or service if such primary plan has or had a responsibility

to make payment with respect to such item or service. 42 U.S.C. § 1395y(b)(2)(B)(ii). A

primary plan's responsibility for payment may be demonstrated by a judgment, a payment

conditioned upon the recipient's compromise, waiver, or release (whether or not there is a

determination or admission of liability) of payment for items or services included in a claim

against the primary plan. 42 U.S.C. § 1395y(b)(2)(B)(ii). Further, DHHS may initiate recovery

once it learns that a payment has been made or could be made by a primary plan. 42 C.F.R. §

411.24(b).

     If DHHS is not voluntarily reimbursed by a primary plan, the MSP statute creates both a

right of subrogation as well as an independent right of recovery. 42 U.S.C. §§

1395y(b)(2)(B)(iii), (iv). DHHS's independent right to reimbursement provides a direct right of

action against "any or all entities that are or were required or responsible (directly, as an insurer

or self-insurer, as a third-party administrator, as an employer that sponsors or contributes to a

group health plan, or large group health plan, or otherwise) to make payment with respect to the

same item or service (or any portion thereof) under a primary plan." 42 U.S.C. §

3

1395y(b)(2)(B)(iii).

**III.**   **The ongoing development of the MSP claim against Winn-Dixie**

   **A.  Liability claims**

On September 1, 2005, the Court authorized Debtor to settle certain pre-petition litigation claims pursuant to a Court approved liability claims procedure.  (Doc. No. 3326).   The claims procedure states that Debtor is self-insured for $2.0 million per occurrence and allows Debtor to negotiate with liability claimants.  The resulting settlements are filed as unsecured claims to be paid pursuant to Debtor's Plan of Reorganization.  Debtor has negotiated 1,108 of the outstanding liability claims.  The Court has approved approximately 865 of those settlements.  (Doc. No. 8854, p.40).  Debtor is still in the process of settling the remaining liability claims.

DHHS has made significant efforts and strides in compiling information relevant to the calculation of its MSP claims against Winn-Dixie.  Based on information provided by the Debtor, DHHS was able to ascertain that approximately 538 of the liability claimants are Medicare beneficiaries.  DHHS has recently been able to determine the amount of conditional payments made on behalf of 162 of those Medicare beneficiaries for medical items and services related to the liability claims they asserted against the Debtor.  The total amount of conditional payments made on behalf of the 162 beneficiaries is $788.433.07.  DHHS arrived at this figure through the customary resource-intensive process of compiling the Medicare payments made on behalf of a beneficiary for the time period after the date of the accident or injury that is the basis for the liability claim and then evaluating which of those Medicare payments were made for items and services related to the liability claim asserted against the Debtor.  DHHS has amended

4

its proof of claim to reflect this new information.[1]

Because HHS has not yet compiled equivalent data for the remainder of the Medicare beneficiaries, the total amount of Medicare conditional payments is likely to be much higher. But even once all conditional payments have been identified for all 538 Medicare beneficiaries (plus any additional litigation claimants that may yet be identified as Medicare beneficiaries), it would still be premature to calculate the actual full amount of the MSP claim against Debtor. As is well-known to the bankruptcy court record, Debtor has been engaged in an ongoing process of resolving all its litigation claims, by means such as settlement and mediation. At this time, DHHS does not have final knowledge of the resolution of all of the Medicare beneficiaries' litigation claims against Debtor (by judgment, settlement, mediation, or other means), nor the amounts entailed in all the resolutions. Until all of the litigation claims asserted by Medicare beneficiaries against the Debtor are resolved, DHHS cannot calculate in full its MSP claim against Debtor.

**B.   Employer group health plan claims**

Under the MSP statute an employer that sponsors or contributes to a group health plan must reimburse DHHS if Medicare has made conditional payments on behalf of Medicare beneficiaries covered under the group health plan for items or services that have been or should have been paid by the group health plan. 42 C.F.R. §§ 411.24, 411.100 et seq; see 42 U.S.C. §§ 1395y(b)(2)(B)(ii),(iii); see also Telecare Corp. v. Leavitt, 409 F.3d 1345 (Fed.Cir. 2005).

Debtor provides health benefits to its employees through two separate plans, collectively

---

[1]Information on the specific Medicare beneficiaries for whom these Medicare payments were made can be furnished to the Court upon request.

referred to as "Benefits Plans". Debtor stated there were roughly $7.0 million in accrued

payment obligations under the Debtor's benefits plan. (Docket No. 3, p.11). DHHS has

identified 56 cases in which Medicare beneficiaries covered under Debtor's Benefits plans

received a conditional Medicare payment. The total amount of Medicare's claim for payments

made on their behalf is $205,010.33. [2] Pre-petition interest has accrued on these amounts in a

total of $92,154.03. DHHS has amended its proof of clam to reflect this amount. Based on the

abovementioned statutory provisions and supporting documentation, DHHS's claim for

conditional payments for which Debtor is responsible for primary payment as a sponsor of a

group health plan, should be allowed.

## IV.    Supplier Overpayments

Finally, Debtor participates in the Medicare program under the supplier numbers

0556050001 through 0556050978 to supply medical goods to Medicare beneficiaries. As a

condition of participation, CMS is authorized to seek recovery of overpayments made on behalf

of an individual to a supplier of Medicare services. 42 U.S.C. § 1395gg; 42 C.F.R. § 405.371.

Medicare has determined that Debtor received an overpayment of $3,446.48 for medical items

and services supplied to Medicare beneficiaries pre-petition. DHHS has amended its proof of

claim to reflect this amount with a list of the claims, dates of service and amount paid by

Medicare attached.   Based on the abovementioned statutory provisions and supporting

documentation, DHHS's claim for overpayments made to Debtor as a supplier of goods to

Medicare beneficiaries should be allowed.

---

[2]Information on the specific Medicare beneficiaries for whom these Medicare payments
were made can be furnished to the Court upon request.

**V.    Conclusion**

It is grossly premature for the matter of DHHS's claim to be brought before the Court.

The final amount of the DHHS claim cannot be determined until the resolution of the Debtor's

litigation claims. The Debtor's resolution of those claims is an ongoing process that has yet to

conclude. Based on the aforementioned bases, Debtor's objection to DHHS's proof of claim

should be denied.


Respectfully submitted,


/s/ *Marcio W. Valladares*
MARCIO W. VALLADARES
Assistant United States Attorney
Trial Counsel
Florida Bar No. 0986917
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6324/6300
Facsimile No. (904) 301-6363/6310
Email: Marcio.Valladares@usdoj.gov


and
/s/ *Gary Kurz*
Gary Kurz
Assistant Regional Counsel
Office of the General Counsel
Dept. of Health and Human Services
61 Forsyth Street, S.W.
Suite 5M60
Atlanta, Georgia  30303-8909
(404) 562-7824(t)
(404)562-7855(f)
gary.kurz@hhs.gov
Ga. Bar No. 430490

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on the following persons by first class United States mail, postage prepaid, on this 3rd day of August, 2006. Service was otherwise made through the electronic filing system.

Adam Ravin, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
Debtor's Attorney
Four Times Square
New York, New York 10036

United States Trustee's Office
c/o Elena L. Escamilla, Esquire
135 W. Central Boulevard, Suite 620
Orlando, Florida 32801

Cynthia C. Jackson, Esquire
  and James H. Post, Esquire
Smith, Hulsey & Busey
Debtor's Attorney
225 Water Street, Suite 1800
Jacksonville, Florida 32201

Dennis F. Dunne, Esquire
Milbank, Tweed, Hadley & McCloy, LLP
1 Chase Manhattan Plaza
New York, New York 10005

John B. Macdonald, Esquire
Patrick P. Patangan, Esquire
Ackerman Senterfitt, Esquire
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202

/s/ *Marcio W. Valladares*
MARCIO VALLADARES
Assistant United States Attorney

8

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT __Middle__ DISTRICT OF __Florida__ | PROOF OF CLAIM |
|---|---|

| Name of Debtor <br> WINN-DIXIE STORES, INC., ET AL. | Case Number <br> 05-03817 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
UNITED STATES OF AMERICA

Name and address where notices should be sent:
SEE ATTACHED DECLARATION

Telephone number: (404) 562-7828

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Last four digits of account or other number by which creditor identifies debtor: 0556050001

Check here ☐ replaces
if this claim ☒ amends a previously filed claim, dated: 08/01/2005

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☒ Other __MEDICARE REIMBURSEMENT__

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:**

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

Unsecured Nonpriority Claim $_____
☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:**

| $ 1,089,044.41 | | | 1,089,044.41 |
|---|---|---|---|
| (unsecured) | (secured) | (priority) | (Total) |

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date <br> 08/03/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): <br> /S/ RONALD L. SMITH/CHIEF, MEDICARE FINANCIAL MG |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

FORM B10 (Official Form 10) (10/05)

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In particular types of cases or circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

## —— DEFINITIONS ——

**Debtor**

The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

**Creditor**

A creditor is any person, corporation, or other entity to whom the debtor owed a debt on the date that the bankruptcy case was filed.

**Proof of Claim**

A form telling the bankruptcy court how much the debtor owed a creditor at the time the bankruptcy case was filed (the amount of the creditor's claim). This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed.

**Secured Claim**

A claim is a secured claim to the extent that the creditor has a lien on property of the debtor (collateral) that gives the creditor the right to be paid from that property before creditors who do not have liens on the property.

Examples of liens are a mortgage on real estate and a security interest in a car, truck, boat, television set, or other item of property. A lien may have been obtained through a court proceeding before the bankruptcy case began; in some states a court judgment is a lien. In addition, to the extent a creditor also owes money to the debtor (has a right of setoff), the creditor's claim may be a secured claim. (See also *Unsecured Claim.*)

**Unsecured Claim**

If a claim is not a secured claim it is an unsecured claim. A claim may be partly secured and partly unsecured if the property on which a creditor has a lien is not worth enough to pay the creditor in full.

**Unsecured Priority Claim**

Certain types of unsecured claims are given priority, so they are to be paid in bankruptcy cases before most other unsecured claims (if there is sufficient money or property available to pay these claims). The most common types of priority claims are listed on the proof of claim form. Unsecured claims that are not specifically given priority status by the bankruptcy laws are classified as *Unsecured Nonpriority Claims.*

---

## Items to be completed in Proof of Claim form (if not already filled in)

**Court, Name of Debtor, and Case Number:**

Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

**Information about Creditor:**

Complete the section giving the name, address, and telephone number of the creditor to whom the debtor owes money or property, and the debtor's account number, if any. If anyone else has already filed a proof of claim relating to this debt, if you never received notices from the bankruptcy court about this case, if your address differs from that to which the court sent notice, or if this proof of claim replaces or changes a proof of claim that was already filed, check the appropriate box on the form.

**1. Basis for Claim:**

Check the type of debt for which the proof of claim is being filed. If the type of debt is not listed, check "Other" and briefly describe the type of debt. If you were an employee of the debtor, fill in your social security number and the dates of work for which you were not paid.

**2. Date Debt Incurred:**

Fill in the date when the debt first was owed by the debtor.

**3. Court Judgments:**

If you have a court judgment for this debt, state the date the court entered the judgment.

**4. Classification of Claim**

**Secured Claim:**

Check the appropriate place if the claim is a secured claim. You must state the type and value of property that is collateral for the claim, attach copies of the documentation of your lien, and state the

amount past due on the claim as of the date the bankruptcy case was filed. A claim may be partly secured and partly unsecured. (See DEFINITIONS, above.)

**Unsecured Priority Claim:**

Check the appropriate place if you have an unsecured priority claim, and state the amount entitled to priority. (See DEFINITIONS, above). A claim may be partly priority and partly nonpriority if, for example, the claim is for more than the amount given priority by the law. Check the appropriate place to specify the type of priority claim.

**Unsecured Nonpriority Claim:**

Check the appropriate place if you have an unsecured nonpriority claim, sometimes referred to as a "general unsecured claim". (See DEFINITIONS, above.) If your claim is partly secured and partly unsecured, state here the amount that is unsecured. If part of your claim is entitled to priority, state here the amount **not** entitled to priority.

**5. Total Amount of Claim at Time Case Filed:**

Fill in the total amount of the entire claim. If interest or other charges in addition to the principal amount of the claim are included, check the appropriate place on the form and attach an itemization of the interest and charges.

**6. Credits:**

By signing this proof of claim, you are stating under oath that in calculating the amount of your claim you have given the debtor credit for all payments received from the debtor.

**7. Supporting Documents:**

You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                    )
                                          )
WINN-DIXIE STORES, INC., et al.,          )          Case No. 05-03817
        Debtor.                           )          Chapter 11
                                          )          Jointly Administered
                                          )
_____    )

## Declaration in Support of Amended Proof of Claim

Ronald L. Smith, of the City of Atlanta, County of Fulton, and State of Georgia, declares and says as follows:

1.      I am the Chief of the Medicare Financial Management Branch, Division of Medicare Financial Management, Centers for Medicare & Medicaid Services (CMS), United States Department of Health and Human Services (DHHS) in Atlanta, Georgia, and am duly authorized to make this claim on behalf of DHHS.

2.      On February 21, 2005, Winn-Dixie, Inc. and twenty three of its subsidiaries (Debtor) filed a petition in the United States Bankruptcy Court for the Southern District of New York under Chapter 11 of the United States Bankruptcy Code. On April 14, 2005, Debtor's bankruptcy case was transferred to the United States Bankruptcy Court for the Middle District of Florida.

3.      On July 29, 2005, DHHS timely filed a proof of claim for amounts owed by Debtor to DHHS in its capacity as administrator of the Medicare program, 42 U.S.C. § 1395 et seq. (Claim No. 10662)

4.      First, DHHS claimed an undetermined amount for monies owed by Debtor pursuant to the Medicare Secondary Payer (MSP) statute. 42 U.S.C. § 1395y(b)(2)(B)

5.      Under the MSP statute, DHHS is statutorily directed to recover conditional Medicare payments for medical items and services, when payment for those same items and services has been or can be expected to be made by a liability insurance plan (including a self insured plan), an employee group health plan, or a workers compensation plan. 42 U.S.C. § 1395y(b)(2)(B); 42 C.F.R § 411, et. seq.    A primary plan, including a self-insured entity,   must reimburse DHHS for Medicare payments made with respect to an item or service if such primary plan has or had a responsibility to make payment with respect such item or service.  42 U.S.C. § 1395y(b)(2)(B)(ii).

6.      Debtor is a self-insured plan which carries its own risk for liability claims up to 2 million dollars per occurrence. (Doc. No. 3326).

7.      On September 1, 2005, the Court authorized Debtor to settle certain pre-petition litigation claims pursuant to a Court approved procedure.  (Doc. No. 3326).

8.      Debtor has negotiated settlements with 1,108 liability claimants.  The Court has approved approximately 865 of those settlements.  (Doc. No. 8854, p.40). Debtor is still in the process of negotiating or mediating the remaining claims.  (Doc. No. 8854, p.40)

9.      Based on information provided to DHHS by the Debtor, DHHS believes that at least 538 of the liability claimants are Medicare beneficiaries. DHHS has been able to determine the amount of Medicare payments made on behalf of 162 of these liability claimants for medical items and services related to each of their respective liability claims brought against the Debtor.

10.    The aggregate amount of DHHS's claim for Medicare conditional

payments made on behalf of the abovementioned 162 Medicare beneficiaries is $788,433.07. An itemized list of conditional payments made on behalf of each the 162 beneficiaries is attached as Exhibit A. The information is organized according to liability claim numbers assigned by the Debtor.

11.    Once Debtor completes its settlement process and DHHS is informed of the amounts of the settlements to be scheduled for each Medicare beneficiary, DHHS will adjust its aggregate claim to reflect situations in which a beneficiary's settlement is less than the Medicare conditional payment made on his or her behalf.

12.    DHHS reserves the right to amend its claim if DHHS determines that other liability claimants are Medicare beneficiaries, or DHHS identifies additional conditional payments amounts paid on behalf of Medicare beneficiaries asserting liability claims against the Debtor, including but not limited to payments made on behalf of the abovementioned 162 beneficiaries up to the dates of their settlements with Debtor or any conditional payments made on behalf of any other Medicare beneficiaries.

13.    Second, under the MSP statute, DHHS also is statutorily directed to recover conditional Medicare payments for medical items and services when an employee group health plan has made or should have made primary payment for those same medical items and services. 42 U.S.C. §1395y(b)(2)(B)(i). An employer that sponsors or contributes to a group health plan must reimburse DHHS if Medicare has made conditional payments on behalf of Medicare beneficiaries covered under the group health plan for items or services that have been or should have been paid by the group health plan. 42 C.F.R. §§ 411.24, 411.100  et seq; see 42 U.S.C. §§

1395y(b)(2)(B)(ii),(iii).

14.    Debtor sponsors  group health benefits plans for its employees and their dependents, collectively referred to as the "Benefit Plans".

15.    DHHS has identified $205,010.33 in conditional payments made on behalf of Debtor's employees or their eligible dependents. Pre-petition interest has accrued in the amount $92,154.03. A list of these conditional payments is attached as Exhibit B. [1] Therefore, DHHS' claim of reimbursement of conditional payments made on behalf of individuals covered under Debtor's benefit plans is $297,164.36.

16.    Finally, DHHS's original proof of claim included determined pre-petition overpayments made to the Debtor    for incorrect or inappropriate billing for Medicare goods.

17. DHHS's total amended claim for determined pre-petition overpayments made to the Debtor is $3,446.98.   A list of the payments, including the relevant supplier numbers and claim numbers are attached as Exhibit A.

18.    At this time, DHHS's unliquidated claim against the Debtor is $1,089,044.41.

19.    DHHS reserves the right to amend its proof of claim if additional overpayments are determined or if any other proper basis exists including but not limited to if DHHS identifies conditional medical payments made by Medicare on behalf of beneficiaries for medical items or services that should have been paid by Debtor's

---

[1]Additional information regarding the individuals for whom these payments are known to the Debtor and can be furnished to the Court upon request.

Benefit Plans or Programs or worker's compensation plans.

20.    The United States does not hold, and has not held, nor has any person by its order, or for its use, held or received any security for the above-stated debt.

21.    The filing of this claim is not to be construed as a waiver of the right of the United States, or any agency or instrumentality thereof, to follow any property, or the proceeds thereof, into the hands of whomsoever the same may be, including a trustee in bankruptcy, or as a waiver of any other claim or right of action, set-off or recoupment or of any right whatsoever, that the United States or any agency or instrumentality thereof has or may have against the Debtor, a trustee, or any other person.

22.    Copies of all pleadings and other papers affecting this claim should henceforth be served upon the United States Attorney for the Middle District of Florida and upon the United States Department of Health and Human Services at the following

addresses:              Marcio Valladares
                        Assistant United States Attorney
                        United States Attorney's Office
                        300 North Hogan Street
                        Suite 700
                        Jacksonville, Florida 32202

                        and

                        Gary Kurz
                        Assistant Regional Counsel
                        Office of the General Counsel
                        Dept. of Health and Human Services
                        61 Forsyth Street, S.W.
                        Suite 5M60
                        Atlanta, Georgia  30303-8909
                        (404) 562-7824(t)
                        (404)562-7855(f)

CERTIFICATION:

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.    Executed on this ___ day of August, 2006.

_____
Ronald L. Smith
Medicare Financial  Management Branch
Division of Medicare Financial Management
Centers for Medicare & Medicaid Services
U.S. Dep't. of Health & Human Services
Atlanta, Georgia

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|
| 06/19/03 | A311207696 | 3579 | $43,779.58 |
| 08/28/04 | A411212324 | 2887 | $41,123.39 |
| 12/06/02 | A211216571 | 2418 | $37,710.60 |
| 11/01/01 | A111215007 | 11318 | $35,668.23 |
| 04/24/04 | A411205406 | 8480 | $35,419.53 |
| 08/03/04 | A411210865 | 4580 | $22,888.00 |
| 11/24/04 | A411216915 | 4281 | $22,156.38 |
| 08/06/03 | A311210686 | 2982 | $21,488.35 |
| 02/16/04 | A411202221 | 6706 | $21,065.99 |
| 08/26/00 | A011213552 | 9798 | $19,106.02 |
| 06/25/01 | A111208606 | 2576 | $18,168.86 |
| 09/04/03 | A311211851 | 4028 | $17,834.79 |
| 12/17/03 | A311216776 | 1906 | $16,976.27 |
| 08/31/03 | A311211418 | 3161 | $15,744.50 |
| 09/03/03 | A411210781 | 4465 | $15,089.76 |
| 11/13/04 | A411216405 | 3626 | $14,674.90 |
| 06/29/01 | A111208955 | 8121 | $14,518.08 |
| 04/20/02 | A211205028 | 2257 | $14,476.48 |
| 01/12/01 | A111200574 | 343 | $13,148.89 |
| 10/06/03 | A311213223 | 10039 | $13,119.00 |
| 10/26/03 | A311214210 | 7062 | $12,248.99 |
| 10/15/02 | A211214327 | 6900 | $12,056.00 |
| 01/30/04 | A411201388 | 2955 | $11,602.09 |
| 08/18/03 | A311210656 | 9512 | $11,050.85 |
| 06/16/03 | A311212161 | 2393 | $10,678.40 |
| 04/22/02 | A311200769 | 11437 | $9,834.41 |
| 12/16/01 | A111216913 | 5857 | $9,635.22 |

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|
| 03/30/01 | A111204401 | 24 | $8,858.17 |
| 02/29/04 | A411202760 | 7436 | $8,556.45 |
| 06/08/99 | 9911212396 | 11823 | $8,143.99 |
| 10/17/00 | A111210870 | 4673 | $7,532.49 |
| 05/24/03 | A311207999 | 2754 | $7,510.67 |
| 01/31/05 | A511201225 | 3096 | $6,298.33 |
| 06/27/00 | A011209424 | 9832 | $6,282.84 |
| 04/28/01 | A111207311 | 8518 | $6,271.10 |
| 09/18/02 | A211212859 | 2823 | $6,134.83 |
| 10/25/04 | A411215543 | 3494 | $5,997.24 |
| 03/14/04 | A411203456 | 9838 | $5,986.32 |
| 02/16/05 | A511201916 | 9393 | $5,497.60 |
| 08/01/03 | A411204542 | 8420 | $5,343.98 |
| 03/10/04 | A411203273 | 6795 | $5,282.50 |
| 10/31/02 | A211215036 | 11353 | $5,192.83 |
| 08/31/01 | A111212108 | 9402 | $5,166.40 |
| 06/12/04 | A411208024 | 12918 | $5,055.33 |
| 01/07/02 | A211200242 | 12721 | $5,022.20 |
| 06/25/04 | A411208613 | 7576 | $4,806.37 |
| 09/29/03 | A311212900 | 2305 | $4,571.52 |
| 09/28/04 | A411214183 | 2155 | $4,531.79 |
| 04/25/03 | A311205644 | 6725 | $4,410.85 |
| 04/11/03 | A311216487 | 2983 | $4,344.21 |
| 03/07/04 | A411203049 | 1701 | $4,329.90 |
| 10/20/04 | A411215353 | 12910 | $3,960.55 |
| 11/25/03 | A311215738 | 3678 | $3,928.89 |
| 06/11/02 | A211216611 | 129 | $3,809.49 |

2

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|
| 03/16/04 | A411203548 | 5275 | $3,714.02 |
| 05/23/04 | A411207432 | 5875 | $3,604.30 |
| 10/31/04 | A411215799 | 4062 | $3,445.96 |
| 02/20/03 | A311201967 | 5498 | $3,329.22 |
| 03/08/04 | A411203145 | 4229 | $3,203.11 |
| 07/02/04 | A411208984 | 4001 | $3,083.62 |
| 10/19/04 | A411215219 | 7763 | $3,080.96 |
| 03/28/03 | A311213723 | 7474 | $3,025.88 |
| 08/17/04 | A511201058 | 10269 | $2,860.41 |
| 05/12/02 | A211206248 | 2255 | $2,646.84 |
| 04/09/04 | A411204717 | 11711 | $2,497.93 |
| 05/03/03 | A311205159 | 2313 | $2,387.68 |
| 09/06/99 | 9911214206 | 9925 | $2,300.17 |
| 10/18/01 | A111214399 | 11238 | $2,279.29 |
| 03/29/02 | A211203972 | 5774 | $2,277.56 |
| 07/25/00 | A011211097 | 7478 | $2,209.58 |
| 12/08/01 | A111216564 | 5950 | $2,179.17 |
| 01/09/05 | A511200376 | 6678 | $2,047.52 |
| 01/08/04 | A411200319 | 5399 | $2,011.73 |
| 03/14/04 | A411204245 | 9557 | $1,962.38 |
| 02/14/03 | A311201848 | 2088 | $1,952.63 |
| 05/31/04 | A411207366 | 7934 | $1,947.59 |
| 09/26/03 | A311212756 | 1739 | $1,896.67 |
| 06/10/03 | A311207121 | 5933 | $1,891.44 |
| 09/17/01 | A111213237 | 9912 | $1,792.82 |
| 11/29/01 | A211202906 | 1901 | $1,743.11 |
| 07/05/02 | A211208910 | 235 | $1,733.54 |

3

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|
| 12/19/02 | A211217103 | 9801 | $1,673.44 |
| 07/29/03 | A311209579 | 8432 | $1,659.37 |
| 10/20/04 | A411217578 | 6809 | $1,559.25 |
| 12/28/01 | A211200019 | 5645 | $1,498.75 |
| 05/09/04 | A411206147 | 2440 | $1,454.73 |
| 10/15/04 | A411215113 | 2248 | $1,337.11 |
| 01/20/05 | A511200819 | 10447 | $1,273.84 |
| 11/18/04 | A411216635 | 12641 | $1,245.62 |
| 11/07/03 | A311214832 | 6691 | $1,211.27 |
| 04/06/04 | A411212225 | 9379 | $1,167.79 |
| 04/06/04 | A411206177 | 405 | $1,142.09 |
| 01/02/04 | A411200175 | 9367 | $1,136.55 |
| 04/10/02 | A211212476 | 12459 | $1,034.52 |
| 04/11/04 | A411204870 | 3359 | $984.04 |
| 08/15/03 | A311210726 | 10546 | $956.23 |
| 07/25/04 | A411210339 | 11436 | $917.62 |
| 01/31/04 | A411201412 | 6453 | $864.01 |
| 06/01/04 | A411207719 | 7527 | $863.29 |
| 06/01/04 | A411207287 | 1948 | $855.63 |
| 02/07/03 | A311201383 | 1353 | $820.88 |
| 05/01/04 | A411207120 | 3939 | $750.84 |
| 03/20/02 | A211203698 | 6095 | $724.90 |
| 02/13/02 | A211201915 | 1955 | $709.98 |
| 05/23/03 | A311206102 | 1386 | $702.61 |
| 03/03/04 | A411202918 | 3745 | $672.20 |
| 05/31/04 | A411207349 | 5409 | $649.96 |
| 08/09/04 | A411211246 | 4129 | $592.54 |

4

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|
| 07/16/04 | A411209828 | 12543 | $568.89 |
| 02/07/04 | A411202002 | 11479 | $543.02 |
| 05/07/04 | A411206017 | 7066 | $531.16 |
| 10/13/03 | A311213598 | 5832 | $441.19 |
| 06/13/03 | A311216629 | 10214 | $408.51 |
| 08/04/04 | A411216291 | 3554 | $408.29 |
| 06/02/01 | A111207426 | 848 | $399.31 |
| 02/08/05 | A511201599 | 10772 | $379.84 |
| 08/12/04 | A411211406 | 2296 | $375.19 |
| 08/11/02 | A211210875 | 2988 | $363.17 |
| 11/24/04 | A411216937 | 5056 | $330.99 |
| 07/10/04 | A411209527 | 3536 | $326.70 |
| 09/01/04 | A411212521 | 7298 | $296.27 |
| 05/22/03 | A311206044 | 10994 | $274.48 |
| 03/13/04 | A411203429 | 2836 | $270.56 |
| 09/09/04 | A411213116 | 6130 | $263.76 |
| 09/17/04 | A411213618 | 6083 | $253.78 |
| 12/11/04 | A411217669 | 11608 | $233.41 |
| 07/17/03 | A311209013 | 4488 | $214.18 |
| 08/06/03 | A311210094 | 8221 | $195.84 |
| 09/06/04 | A411214487 | 2295 | $190.13 |
| 10/06/02 | A211213919 | 2529 | $175.05 |
| 11/28/03 | A311215932 | 2891 | $174.51 |
| 10/08/02 | A211213921 | 9711 | $165.33 |
| 07/08/04 | A411209369 | 4159 | $165.25 |
| 07/28/04 | A411210613 | 9412 | $131.97 |
| 03/13/04 | A411203414 | 7077 | $126.38 |

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|
| 11/05/04 | A411216026 | 8141 | $124.42 |
| 12/31/03 | A411200066 | 11519 | $123.76 |
| 08/17/04 | A411211909 | 8025 | $115.25 |
| 11/20/02 | A211215899 | 9877 | $87.72 |
| 02/08/03 | A311201430 | 4877 | $48.17 |
| 11/05/03 | A311214716 | 5688 | $39.55 |
| 08/11/03 | A311210372 | 9430 | $25.00 |
| 10/28/01 | A111214831 | 5601 | $7.45 |
| 01/05/05 | A511200271 | 4284 | $0.00 |
| 11/25/04 | A411216950 | 6133 | $0.00 |
| 10/27/04 | A411215635 | 5326 | $0.00 |
| 06/29/04 | A411208873 | 6102 | $0.00 |
| 06/15/04 | A411208054 | 9405 | $0.00 |
| 05/31/04 | A411208209 | 8019 | $0.00 |
| 05/07/04 | A411207010 | 4305 | $0.00 |
| 04/03/04 | A411204408 | 5222 | $0.00 |
| 12/10/03 | A311216427 | 2994 | $0.00 |
| 11/11/03 | A311215069 | 2985 | $0.00 |
| 11/07/03 | A311215050 | 12494 | $0.00 |
| 11/05/03 | A311214699 | 11452 | $0.00 |
| 10/05/03 | A311213156 | 3755 | $0.00 |
| 09/18/03 | A311212355 | 7271 | $0.00 |
| 02/02/03 | A311201154 | 10272 | $0.00 |
| 01/03/03 | A311202014 | 3757 | $0.00 |
| 08/10/02 | A211210857 | 7535 | $0.00 |
| 09/25/01 | A111213360 | 1809 | $0.00 |

Exhibit A
MSP Claim-Liability Cases

| Date of Loss | Event Number | Proof of Claim Number Primary | Medicare Cond'tl Clm Amt |
|---|---|---|---|

Exhibit B
MSP Claim-Group Health Plan

| DEBTOR NAME | DEBTOR ADDRESS | CITY | STATE | DEBTOR EIN | IF GHP EMPLOYER NAME | EMPLOYER ADDRESS | CITY | STATE | PRINCIPAL | INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|
| Winn Dixie Stores Inc. | 5050 Edgewood Ct. | Jacksonville | FL | | Winn Dixie Stores Inc. | 5050 Edgewood Ct. | Jacksonville | FL | $ 2,568.93 | $ 206.52 |
| Winn Dixie Stores Inc. | 5050 Edgewood Ct. | Jacksonville | FL | | Winn Dixie Stores Inc. | 5050 Edgewood Ct. | Jacksonville | FL | $ 6,293.12 | $ 503.44 |
| Winn Dixie | 8615 Little Rd | Jacksonville | FL | | Winn Dixie | 8615 Little Rd | Jacksonville | FL | 1037.85 | 223.3 |
| Winn Dixie | 5233 Commonwealth | Jacksonville | FL | | Winn Dixie | 5233 Commonwealth | Jacksonville | FL | 7352.64 | 1655.51 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 59-0514290 | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 1345.48 | 332.75 |
| Quik Chek | 220 W. Spring Street | Troy | NC | | Quik Chek | 220 W. Spring Street | Troy | NC | 15,076.07 | 14,856.49 |
| Winn Dixie | P.O. Box 408300 | Jacksonville | FL | 59-0514290 | Winn Dixie | P.O. Box 408300 | Jacksonville | FL | 1300.04 | 1909.01 |
| Winn Dixie | Highway 44 | Shepherdsville | KY | none | Winn Dixie | Highway 44 | Shepherdsville | KY | 2671.41 | 2265.14 |
| Winn Dixie Raleigh | 5050 Edgewood Court | Jacksonville | FL | 59-0514290 | Winn Dixie Raleigh | 5050 Edgewood Court | Jacksonville | FL | 1444.38 | 311.08 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 59-3264623 | Winn Dixie Midwest | 5050 Edgewood Court | Jacksonville | FL | 12,916.29 | 11,551.43 |
| Winn Dixie | PO Box 17121 | Louisville | KY | 59-3264623 | Winn Dixie Midwest | PO Box 17121 | Louisville | KY | 45.89 | 38.76 |
| Winn Dixie | PO Box 17121 | Louisville | KY | | Winn Dixie | PO Box 17121 | Louisville | KY | 308.53 | 271.76 |
| WINN DIXIE RALEIGH, INC. | 5050 EDGEWOOD Court | Jacksonville | FL | | WINN DIXIE RALEIGH, INC. | 5050 EDGEWOOD Court | Jacksonville | FL | 71.7 | 43.16 |
| Winn Dixie | 11150 Dayton Pike | Soddy-Daisy | TN | | Winn-Dixie | 11150 Dayton Pike | Soddy-Daisy | TN | 78.85 | 81.87 |
| WINN DIXIE | BROWNSVILLE HWY | SPRINGS | GA | Not Available | WINN DIXIE | BROWNSVILLE HWY | SPRINGS | GA | 42.47 | 52.04 |
| Winn Dixie | P.O Box 411208 | Jacksonville | FL | 53-0196960 | Winn Dixie | P.O Box 411208 | Jacksonville | FL | 1038.97 | 382.66 |
| Winn Dixie | 6080 Mobile HWY. | Hopehull | AL | | Winn Dixie | 6080 Mobile HWY. | Hopehull | AL | 2955.17 | |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 15158.05 | 693.12 |
| Winn Dixie Raleigh Inc | PO BOX B | Jacksonville | FL | 56-0670665 | Winn Dixie Raleigh Inc | PO BOX B | Jacksonville | FL | 3726.38 | 136.56 |
| Winn Dixie Charlotte | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie Charlotte | 5050 Edgewood Court | Jacksonville | FL | 1137.96 | 5.61 |
| DEEP SOUTH PRODUCTS, INC | PO BOX 1448 | JACKSONVILLE | FL | 59-0855905 | DEEP SOUTH PRODUCTS INC | PO BOX 1448 | JACKSONVILLE | FL | 9.93 | 0.65 |
| Winn Dixie | 425 S. Indiana Ave. | Englewood | FL | | Winn Dixie | 425 S. Indiana Ave. | Englewood | FL | 13.29 | 644 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 57-0378442 | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 2833.58 | 100 |
| WINN DIXIE | 6499 HAMILTON RD | COLUMBUS | GA | WINN DIXIE | WINN DIXIE | 6499 HAMILTON RD | COLUMBUS | GA | 1000.03 | 984.82 |
| Winn Dixie | 273 Franklin Plaza | Franklin | NC | | Winn Dixie | 273 Franklin Plaza | Franklin | NC | 1087.95 | 2,397.12 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 5,178.19 | 179.92 |
| Winn Dixie | 1860 State Rd 60 E | Jacksonville | FL | 56-1041775 | Winn Dixie | 1860 State Rd 60 E | Jacksonville | FL | 296.33 | 1038.25 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 4196.12 | 4.35 |
| Winn Dixie Raleigh | 189 Hickory Tree Rd | Winston Salem | NC | | Winn Dixie Raleigh | 189 Hickory Tree Rd | Winston Salem | NC | 1775.87 | |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 59-0514290 | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 14.85 | 30,863.48 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 58,673.72 | 635.52 |
| Winn Dixie | Feeder Rd | Ft. Pierce | FL | | Winn Dixie | Feeder Rd | Ft. Pierce | FL | 2681.31 | 1261.68 |
| Winn Dixie | 5233 Commonwealth | Jacksonville | FL | | Winn Dixie | 5233 Commonwealth | Jacksonville | FL | 1347.88 | 280.8 |
| Winn Dixie | 1141 SW 12th Ave | Jacksonville | FL | | Winn Dixie | 1141 SW 12th Ave | Jacksonville | FL | 1380.49 | 422.18 |
| Winn Dixie | | | FL | | Winn Dixie | | | FL | 1959.85 | |

Exhibit B
MSP Claim-Group Health Plan

| DEBTOR NAME | DEBTOR ADDRESS | CITY | STATE | DEBTOR EIN | IF GHP EMPLOYER NAME | EMPLOYER ADDRESS | CITY | STATE | PRINCIPAL | INTEREST |
|---|---|---|---|---|---|---|---|---|---|---|
| Winn Dixie | 2301 Delprado Blvd | Cape Coral | FL | | Winn Dixie | 2301 Delprado Blvd | Cape Coral | FL | 2154.63 | 758.32 |
| Winn Dixie | 27359 South Dixie | Orange | FL | | Winn Dixie | 27359 South Dixie | Orange | FL | 2668.81 | 633.36 |
| Winn Dixie | 3565 N Lecanto Hwy | Beverly Hills | FL | | Winn Dixie | 3565 N Lecanto Hwy | Beverly Hills | FL | 3882.06 | 684.2 |
| Winn Dixie | P.O. Box 440 | Jacksonville FL | | | Winn Dixie | P.O. Box 440 | Jacksonville | FL | 1844.77 | 343.17 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 59-0514290 | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 128.33 | 31.75 |
| Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie | 5050 Edgewood Court | Jacksonville | FL | 416.2 | 234.09 |
| Winn Dixie | 14655 SW 104 St | Jacksonville | FL | | Winn Dixie | 14655 SW 104 St | Jacksonville | FL | 7556.16 | 1627.78 |
| Winn Dixie | 415 21st Street | Jacksonville | FL | | Winn Dixie | 415 21st Street | Jacksonville | FL | 3369.63 | 784 |
| Winn Dixie Charlotte | PO Box 411208 | Charlotte | NC | | Winn Dixie Charlotte | PO Box 411208 | Charlotte | NC | 2,795.41 | 3,361.29 |
| Winn Dixie | 401 S Hiawassee Rd | Orlando | FL | | Winn Dixie | 401 S Hiawassee Rd | Orlando | FL | 2352.37 | 529.92 |
| Winn Dixie | P.O Box 411208 | Jacksonville | FL | 53-0196960 | Winn Dixie | P.O.Box 411208 | Jacksonville | FL | 4868.43 | |
| Winn Dixie | South Hwy 27 | Somerset | KY | none | Winn Dixie | Highway 27 | Somerset | KY | 216.54 | 65.1 |
| Winn Dixie | PO Box 17121 | Louisville | KY | 59-3264623 | Winn Dixie Midwest | PO Box 17121 | Louisville | KY | 35.68 | 30 |
| Winn Dixie Charlotte Inc | P.O. Box 15200 | Jacksonville | FL | | Winn Dixie | P.O. Box 15200 | Orlando | FL | 1523.3 | 347.53 |
| Winn Dixie | BOX B | Jacksonville | FL | 56-1041775 | Winn Dixie Charlotte Inc | BOX B | Jacksonville | FL | 1256.78 | 213.69 |
| Winn Dixie Raleigh | 5050 Edgewood Court | Jacksonville | FL | | Winn Dixie Raleigh | 5050 Edgewood Court | Jacksonville | FL | 1,727.50 | 799.91 |
| Winn Dixie Stores, Inc | P.O. Box B | Jacksonville | FL | unknown | Winn-Dixie Stores, Inc. | P.O. Box B | Jacksonville | FL | 7942.62 | 7276.78 |
| Winn Dixie Stores, Inc | 5050 Edgewood Court | Jacksonville | FL | 59-0514290 | Winn-Dixie Stores, Inc. | 5050 Edgewood Court | Jacksonville | FL | 1,251.54 | 100.16 |

Exhibit C
Supplier Overpayments

| Supplier# | DCN | ORIGINAL AMOUNT | PRINCIPAL AMOUNT | CLAIMNO | CLAIM AMOUNT | Date Of Service |
|---|---|---|---|---|---|---|
| 0556050234 | 05062902075 | $2,354.56 | $2,354.56 | 0318181849600 | $2,354.56 | 6/25/2003 |
| 0556050531 | 05069900106 | $413.12 | $413.12 | 0501976547600 | $413.12 | 1/3/2005 |
| 0556050531 | 05110900456 | $336.96 | $336.96 | 0503980909200 | $336.96 | 1/10/2005 |
| 0556050800 | 05116902576 | $61.62 | $61.62 | 0328688160800 | $61.62 | 10/1/2003 |
| 0556050070 | 05133904406 | $280.72 | $280.72 | 0500772202300 | $56.80 | 12/20/2004 |
| | | | | 0235082244400 | $55.98 | 12/13/2002 |
| | | | | 0223881738300 | $55.98 | 8/22/2002 |
| | | | | 0214815359000 | $55.98 | 5/20/2002 |
| | | | | 0205682315500 | $55.98 | 2/18/2002 |
| | | $3,446.98 | $3,446.98 | | $3,446.98 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |