# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et. al.

Chapter 11

Debtors

Jointly Administered

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM

F I L E D
JACKSONVILLE, FLORIDA

AUG - 7 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Claim No.: | **12427** |
| Claim Amount: | **$300,000.00** |
| Reason for Disallowance: | **No Liability – Disputed Claim; Late Claim** |

\*     \*     \*

Comes Creditor Reva J. Stamper, by and through counsel, Richard H. Nash III, in support of Claim No. 12427 in the above-referenced action, and for her response to the Debtor's objection to said claim states as follows:

1.    **The Debtor states that Ms. Stamper's claim should be disallowed because the Debtor disputes liability and sees no evidence of liability on its part.**

With regard to the issue of disputed liability, Ms. Stamper states that she has provided the Debtor with ample and indisputable evidence of its liability to her. This includes, but is not limited to, medical records, medical bills, lost wage and commission statements and witness statements regarding the events leading up to and following the injury that is the basis of Ms. Stamper's claim. This evidence is not only voluminous, but also compelling. Especially compelling is the statement of witness Lisa Nakos, a disinterested observer, who came forward of her own volition to describe obviously negligent, and perhaps intentionally tortious, conduct

of the Debtor and its agents leading to Ms. Stamper's injury in a slip and fall accident on July 1, 2004 at Winn-Dixie Store #11-1615-008 in Mt. Washington, Kentucky. Ms. Stamper also has provided the Debtor with documentary evidence of multiple surgeries that she has undergone as a result of the Debtor's negligence and resulting medical bills approaching, and perhaps now exceeding, $150,000.00.

Ms. Stamper first provided the Debtor with this wealth of evidence on April 1, 2005 in the form of a settlement demand prior to the filing of this bankruptcy action. Ms. Stamper again provided such evidence on April 5, 2006 in response to a Logan & Company questionnaire for litigation claimants. Additionally, Ms. Stamper's legal representative has had numerous conversations with agents of the Debtor, Logan & Company and Sedgewick Claims, including but not limited to adjusters Yolanda Davis and Monique Stokely. All of these conversations, which took place between July 2004 and the present, have involved discussion of the aforementioned evidence. The agents involved in these conversations have acknowledged that they are aware of that evidence and that they have it in their possession.

Ms. Stamper affirmatively states that there is ample evidence of the Debtor's liability and that any claims of non-liability on part of the Debtor are disingenuous. A copy of the above-referenced settlement demand, witness statement and questionnaire responses are attached for the convenience of the Debtor and this Honorable Court.

2.    **The Debtor states that Ms. Stamper's claim should be disallowed because she did not file a timely Proof of Claim.**

With regard to the issue of late filing, Ms. Stamper states that she made a good faith effort to file a timely Proof of Claim and believes that she succeeded in so doing. In fact, Ms.

Stamper has filed Proof of Claim forms in this matter on three separate occasions, though the Debtor apparently received only the third and final form.

The facts surrounding this matter are as follows: Ms. Stamper filed a personal injury claim against the Debtor in this case in July 2004 soon after the July 1, 2004 incident that lead to her injuries. In late April or early May of 2005, while attempting to settle her claim, Ms. Stamper learned that the Debtor had filed for bankruptcy and that a stay on litigation was in effect. In order to preserve her claim, Ms. Stamper and her legal representative mailed a completed Proof of Claim form on May 26, 2005 to the clerk of this Court. On or about July 1, 2005, Ms. Stamper's legal representative mailed second a Proof of Claim to this Court after receiving an additional form in the mail. However, on or about October 10, 2005, Ms. Stamper and her legal representative learned that the Debtor had no record of these previous filings. In an effort to correct the situation, Ms. Stamper mailed a third Proof of Claim form and copies of the previous two forms to Logan and Company at 564 Valley Road, Upper Mont Claire, New Jersey 07043. Shortly thereafter, Ms. Stamper's legal representative received time stamped copies of all three forms, indicating that they were not received until October 14, 2005. This created the appearance that Ms. Stamper had filed her claim in this action after the August 1, 2005 deadline despite the fact that she had filed twice previously before the deadline.

Given the above, Ms. Stamper respectfully requests that this Court allow her claim to proceed despite the appearance of a late filing. Although Ms. Stamper believes that her claim was timely filed, she states that any late filing was the result of excusable neglect that in no way prejudiced the Debtor or any claimant. Bankruptcy Rules 3003(c)(3) and 9006(b)(1)(2) and (3) permit this Court to grant a creditor a filing extension for late filing due to excusable neglect. Ms. Stamper hereby requests such an extension.

Ms. Stamper states also that the Debtor had constructive notice of her claim long before the filing deadline in this case. The Debtors and its agents were in regular communication with Ms. Stamper and her representatives for more than a year before the filing deadline. They have twice received copies of the documentary evidence referenced in Section 1 of this document and engaged in numerous conversations regarding settlement of this matter. Such communication and documentation may be considered an informal Proof of Claim in that it placed the Debtor on notice of Ms. Stamper's claim. See e.g. Re Anderson-Walker Industries, Inc. (1986, CA9 Cal) 798 F2d 1285, 14 BCD 1395,CCH Bankr L Rptr; Re Franciscan Vineyards, Inc. (1979, CA9 Cal) 597 F2d 181 (per curiam) 5 BCD 476, 20 CBC 643, CCH Bankr L Rptr, cert den 445 US 915, 63 L Ed 2d 598, 100 S Ct 1274 Inc., 597 F.2d 181 (9th Cir. 1979) (per curiam), cert. Denied, 445 U.S. 915 (1980) (applying old Bankruptcy Act); Re Sambo's Restaurants, Inc. (1985, CA9 Cal) 754 F2d 811, 12 BCD 1177, 12 CBC2d 173, CCH Bankr L Rptr (stating that Franciscan Vineyard is still good law). Ms. Stamper, therefore, asks this Court for permission to amend her informal Proof of Claim as necessary to preserve her rights in this matter.

A copy of the above-referenced Proof of Claim forms and related correspondence is attached for the convenience of the Debtor and this Honorable Court

In conclusion, Ms. Stamper states that the Debtor in this matter has had ample notice of her claim for more than a year. Ms. Stamper also states that Debtor is in possession of near incontrovertible proof of its own liability in this matter. Ms. Stamper denies that her claim was filed after the August 1, 2005-deadline, but states that any late filing was the result of excusable neglect that should not prevent her, the Debtor or this Court from reaching the merits of her claim. Ms. Stamper has suffered a physically and financially catastrophic injury due to the negligence of the Debtor and its agents. Failure to allow her to pursue her claim would result in

manifest injustice. Ms. Stamper, therefore, respectfully requests that this Court overrule the

Debtor's objection and allow her claim to proceed.

Respectfully submitted,

RICHARD H. NASH III
Counsel for Reva J. Stamper
235 South Fifth Street
Louisville, KY 40202
Phone: (502) 584-6394
Facsimile: (502) 584-0208

Voluminous Exhibits can be viewed at Clerks Office