## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

**WINN-DIXIE STORES, INC., <u>et al.</u>,**

Debtors.[1]

Chapter 11

Case No. 05-03817-3F1

(Jointly Administered)

## CERTIFICATE OF SERVICE

I, Kathleen M. Logan, hereby certify under penalty of perjury that:

1. I am of legal age and I am not a party to this action.

2. I am President of Logan & Company, Inc., located at 546 Valley Road, Upper Montclair, New Jersey, Claims and Noticing Agent for the above-captioned Debtors.

3. On or about August 8, 2006 I caused copies of:

- the **Notice of Hearing**
- the **Debtors' Second Omnibus Motion For Order Deeming Schedules Amended to (A) Disallow No Liability Scheduled Claims, (B) Reduce Overstated Scheduled Claims, and (C) Reduce and Reclassify the Garnier Scheduled Claim**

   to be served by first class, postage pre-paid and pre-addressed envelopes and delivered to U.S. Postal Service for delivery to those persons on the Service List attached hereto as Exhibit A. A copy of the served Notice and Motion as listed above is attached hereto as Exhibit B.

Dated: August 8, 2006

_____
Kathleen M. Logan

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

# EXHIBIT A
# SERVICE LIST

SERVICE LIST

**Notice of Hearing**
**Debtors' Second Omnibus Motion For Order Deeming**
**Schedules Amended to (A) Disallow No Liability Scheduled**
**Claims, (B) Reduce Overstated Scheduled Claims, and (C)**
**Reduce and Reclassify the Garnier Scheduled Claim**

**DEBTOR:  WINN-DIXIE STORES, INC., ET AL.**                                    **CASE:  05-03817-3F1**

| | | |
|---|---|---|
| CREDITOR ID: 241405-12<br>AAF INTERNATIONAL<br>1067 SOLUTIONS CENTER<br>CHICAGO, IL 60677-1000 | CREDITOR ID: 399729-98<br>ASM CAPITAL LP<br>ATTN ADAM MOSKOWITZ<br>7600 JERICHO TPK STE 302<br>WOODBURY NY 11797 | CREDITOR ID: 243845-12<br>BRAN LUEBBE INC<br>2678 COLLECTION CENTER DR<br>CHICAGO, IL 60693 |
| CREDITOR ID: 245974-12<br>CITY OF MONTGOMERY<br>PO BOX 830469<br>BIRMINGHAM, AL 35283-0001 | CREDITOR ID: 262803-12<br>DISPATCH, THE<br>PO BOX 31564<br>TAMPA, FL 33631-3564 | CREDITOR ID: 249461-12<br>FERRANIA USA INC<br>DEPT #960122<br>OKLAHOMA CITY, OK 73196-0122 |
| CREDITOR ID: 250268-12<br>GARNIER<br>7644 COLLECTIONS CENTER DR<br>BANK OF AMERICA<br>CHICAGO, IL 60693 | CREDITOR ID: 250350-12<br>GE CAPITAL<br>PO BOX 640387<br>PITTSBURGH, PA 15264-0387 | CREDITOR ID: 415968-BD<br>HAUER CUSTOM MANUFACTURING<br>C/O STEVENS & LEE<br>ATTN: JEFFREY A HARENZA, ESQ<br>111 NORTH 6TH STREET<br>PO BOX 679<br>READING PA 19603-0679 |
| CREDITOR ID: 254693-12<br>LEVLAD INC<br>9200 MASON AVENUE<br>CHATSWORTH, CA 91311 | CREDITOR ID: 256719-12<br>MOUNTAINEER<br>PO DRAWER 129<br>220 N MAIN ST<br>WAYNESVILLE, NC 28786 | CREDITOR ID: 256804-12<br>MURZAN<br>2909 LANGFORD RD SUITE I-700<br>NORCROSS, GA 30071 |
| CREDITOR ID: 256901-12<br>NAPA AUTO PARTS<br>PO BOX 102061<br>ATLANTA, GA 30368-2061 | CREDITOR ID: 384284-47<br>PEARLSTINE DIST INC<br>4550 GAYNOR STREET<br>CHARLESTON, SC 29406 | CREDITOR ID: 384297-47<br>PREMIUM BEVERAGE<br>922 NORTH RAILROAD AVENUE<br>OPELIKA, AL 36801 |
| CREDITOR ID: 384317-47<br>RH BARRINGER DIST<br>1620 FAURFAX ROAD<br>GREENSBORO, NC 27407 | CREDITOR ID: 260299-12<br>SAFELINE METAL DETECTION<br>22677 NETWORK PLACE<br>CHICAGO, IL 60673-1226 | CREDITOR ID: 384350-47<br>SAVANNAH DIST COMPANY<br>PO BOX 1388<br>SAVANNAH, GA 31498 |
| CREDITOR ID: 384358-47<br>SILVER EAGLE DIST KEY WEST<br>1000 PARK COMMERCE BLVD<br>HOMESTEAD, FL 33035 | CREDITOR ID: 384366-47<br>SOUTHERN EAGLE DIST<br>ATTN: JEROME CURRAN, ADMIN DIR<br>5300 GLADES CUT OFF ROAD<br>FORT PIERCE, FL 34981 | CREDITOR ID: 263384-12<br>TOWN TALK<br>PO BOX 7558<br>ALEXANDRIA, LA 71306-0558 |
| CREDITOR ID: 263521-12<br>TRIANGLE PACKAGE MACHINERY CO<br>DEPT 77-6126<br>CHICAGO, IL 60678-6126 | CREDITOR ID: 264054-12<br>VELT SHERMAN RESIDUARY TRUST<br>3590 CLOUDLAND DR NW<br>ATLANTA, GA 30327-2906 | |

**Total:   23**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.  05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| Debtors.[1] | ) | Jointly Administered |

<u>**NOTICE OF HEARING**</u>

TO PARTIES IN INTEREST:

PLEASE TAKE NOTICE that a hearing is scheduled for **September 7, 2006, at 1:00 p.m. (prevailing Eastern Time)**, before the Honorable Jerry A. Funk, United States Bankruptcy Court for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida 32202, to consider the Debtors' Second Omnibus Motion for Order Deeming Schedules Amended to (A) Disallow No Liability Scheduled Claims, (B) Reduce Overstated Scheduled Claims and (C) Reduce and Reclassify the Garnier Scheduled Claim.

Only objections filed with the Court so as to be received by **August 28, 2006** and served on D. J. Baker at <u>djbaker@skadden.com</u>, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, will be considered by the Bankruptcy Court at the hearing.

You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities.

---

[1]     In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman.

You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse as are computers, absent a specific order by the Court authorizing the use of a computer.  Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

Dated: August 8, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By    *s/ D. J. Baker*
        D. J. Baker
        Sally McDonald Henry
        Rosalie Walker Gray
        Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By    *s/ James H. Post*
        Stephen D. Busey
        James H. Post
        Cynthia C. Jackson,
        Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida  32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

2

Hearing Date:  **September 7, 2006 at 1:00 p.m.**
Obj. Deadline:    **August 28, 2006 at 4:00 p.m.**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
|  | ) |  |
| Debtors.[1] | ) | Jointly Administered |
|  | ) |  |

**DEBTORS' SECOND OMNIBUS MOTION FOR ORDER DEEMING
SCHEDULES AMENDED TO (A) DISALLOW NO LIABILITY SCHEDULED
CLAIMS, (B) REDUCE OVERSTATED SCHEDULED CLAIMS, AND
(C) REDUCE AND RECLASSIFY THE GARNIER SCHEDULED CLAIM**

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries, debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), move for entry of an order (the "Proposed Order") disallowing, reducing or reclassifying the scheduled claims listed on Exhibits A through C (the "Motion").[2] In support of this Motion, the Debtors respectfully represent as follows:

### BACKGROUND

A.    The Chapter 11 Filings

1.    On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11

---

[1]    In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]    By order dated September 1, 2005, this Court approved notice and service procedures regarding omnibus deemed schedule amendment motions (the "Schedule Amendment Procedures Order"). This Motion is filed pursuant to the Schedule Amendment Procedures Order.

U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.    The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace" banners. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases. An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    On June 29, 2006, the Debtors filed a proposed Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement"), together with a proposed Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors. The Disclosure Statement was approved by Order of the Court dated August 4, 2006.

5.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

6.    The statutory predicates for the relief requested are Rules 1009 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

B.    Schedules and Proofs of Claim

7.    On April 7, 2005, the Debtors filed their Statements of Financial Affairs, their Schedules of Assets and Liabilities and their Schedules of Executory Contracts and

2

Unexpired Leases (the "Schedules"). On July 21, 2005, the Debtors filed their First Amendment to the Schedules, and on November 3, 2005, the Debtors filed their Second Amendment to the Schedules.

       8.   By Order dated April 28, 2005 (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim. The bar date applicable to governmental units was August 22, 2005. To date, over 13,300 proofs of claim (the "Proofs of Claim") have been filed against the Debtors in these cases. Notice of the Claims Bar Date Order and the applicable bar date was provided by mail and publication in accordance with the procedures outlined in the Claims Bar Date Order.

       9.   In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors. The Debtors and their advisors are conducting a review of all prepetition claims, including a comparison of the claims listed in the Schedules (the "Scheduled Claims") with the current Books and Records. In the process, the Debtors have identified a number of Scheduled Claims that require adjustment to reflect the Debtors' actual liability to such creditors.

       10.   Pursuant to the Schedule Amendment Procedures Order, the Debtors may seek entry of an order deeming the Schedules amended in lieu of actually amending the Schedules. In accordance with the Schedule Amendment Procedures Order, the Debtors seek entry of the Proposed Order deeming the Schedules amended to disallow, reduce or reclassify certain Scheduled Claims for the reasons set forth below.

## RELIEF REQUESTED

11.    By this Motion, the Debtors seek entry of the Proposed Order, pursuant to Bankruptcy Rules 1009 and 9014, disallowing, reducing or reclassifying the Scheduled Claims listed on Exhibits A through C, for the reasons set forth in more detail below.

## BASIS FOR RELIEF

A.    No Liability Scheduled Claims

12.    As a result of their review, the Debtors have identified eighteen Scheduled Claims that the Debtors' Books and Records currently reflect as zero balance claims (the "No Liability Scheduled Claims") as a result of (a) prepetition payments that were not reflected in the Books and Records at the time the Schedules were filed, (b) accounts payable credits and or accounts receivable balances due to the Debtors and/or (c) the correction of erroneous entries in the Books and Records that were scheduled as claims.  The No Liability Scheduled Claims are listed on Exhibit A.

13.    The Debtors seek entry of the Proposed Order deeming the Schedules amended to disallow the No Liability Scheduled Claims.  Claimants may elect, by not timely objecting to this Motion, to permit their No Liability Scheduled Claims listed on Exhibit A to be disallowed.  In the absence of a Response (as defined in paragraph 23 below), the Debtors will present to the Court the Proposed Order deeming the Schedules amended to disallow the No Liability Scheduled Claims.

B.    Overstated Scheduled Claims

14.    As a result of their review, the Debtors have identified five Scheduled Claims that were scheduled in amounts that are greater than the liabilities actually owed to such claimants as reflected in the current Books and Records (the "Overstated Scheduled Claims").  The Overstated Scheduled Claims are listed on Exhibit B.

4

15.    The Debtors seek to reduce the Overstated Scheduled Claims in order to account for (a) postpetition amounts that were inadvertently included in the Overstated Scheduled Claims and that have been paid and (b) the correction of erroneous entries in the Books and Records that were scheduled as claims.

16.    The Debtors seek entry of the Proposed Order deeming the Schedules amended to reduce such Overstated Scheduled Claims to the amounts listed on Exhibit B. Claimants may elect, by not timely responding to this Motion, to permit their Overstated Scheduled Claims listed on Exhibit B to be reduced as set forth on Exhibit B and to disallow the excess amount. In the absence of a Response (as defined in paragraph 23 below), the Debtors will present to the Court the Proposed Order deeming the Schedules amended to reduce the Overstated Scheduled Claims to the amounts listed on Exhibit B and to disallow the excess amount.

C.    Garnier Claim

17.    As a result of their review, the Debtors have identified one Scheduled Claim that is overstated and partially misclassified (the "Garnier Scheduled Claim"). The Garnier Scheduled Claim is listed on Exhibit C.

18.    The Garnier Scheduled Claim is based in part on the same invoices as the reclamation demand submitted by Garnier. As a result, the Garnier Scheduled Claim partially duplicates its reclamation demand. The Debtors and Garnier have previously agreed to Garnier's allowed reclamation claim. The Debtors seek to reclassify the Garnier Scheduled Claim as an administrative priority claim, to the extent of Garnier's allowed reclamation claim, as specified on Exhibit C, with the remainder of the proposed reduced claim amount to remain classified as an unsecured non-priority claim.

19.    The Debtors seek entry of the Proposed Order reducing and reclassifying the Garnier Scheduled Claim as specified on Exhibit C.  Garnier may elect, by not timely responding to this Motion, to permit the Garnier Scheduled Claim to be reduced and reclassified as specified on Exhibit C.  In the absence of a Response (as defined in paragraph 23 below), the Debtors will present to the Court the Proposed Order reducing and reclassifying the Garnier Scheduled Claim.

## SEPARATE CONTESTED MATTERS

20.    Each of the Scheduled Claims and the Debtors' proposed amendments thereto asserted in this Motion constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Debtors request that any order entered by the Court with respect to the proposed amendments asserted in this Motion shall be deemed a separate order with respect to each Scheduled Claim.

## RESERVATION OF RIGHTS

21.    The Debtors expressly reserve the right to amend, modify, or supplement these proposed amendments and to file additional proposed amendments to the Scheduled Claims and to file objections to proofs of claim or any other claims (filed or not) which may be asserted against the Debtors.

22.    The Debtors reserve their rights with respect to potential preference and avoidance actions under chapter 5 of the Bankruptcy Code (the "Avoidance Actions") against any Claimant, and this Objection does not constitute a waiver of the Debtors' right to pursue such Avoidance Actions.

## RESPONSES TO THE MOTION

A.    Filing and Service of Responses

23.    Pursuant to the Schedule Amendment Procedures Order, to contest a proposed deemed schedule amendment, a claimant must file a written response to the Motion (a "Response") with the United States Bankruptcy Court for the Middle District of Florida (the "Court"), via the Court's electronic filing procedures (electronic filing is mandatory for all attorneys), or by delivery of a hard copy to the Clerk of the Court, United States Courthouse, 300 North Hogan St., Suite 3-350, Jacksonville, Florida 32202 no later than **August 28, 2006, at 4:00 p.m. (Eastern time)** (the "Response Deadline").  In addition, a copy of the Response must be served on the following party on or before the Response Deadline:

            Counsel for the Debtors:

            D. J. Baker Esq.
            Skadden, Arps, Slate, Meagher
            & Flom LLP
            Four Times Square
            New York, New York 10036
            (212) 735-2000 (facsimile)
            djbaker@skadden.com

B.    Timely Response Required; Hearing; Replies

24.    If a Response is properly and timely filed and served in accordance with the above procedures, the Debtors will endeavor to reach a consensual resolution with the claimant. If no consensual resolution is reached, a hearing has been noticed for **September 7, 2006, at 1:00 p.m. (Eastern Time),** or such other date and time as parties filing responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such hearing.  The Debtors reserve the right to seek to adjourn a hearing with respect to a specific proposed amendment and any Response thereto.

25.    If a claimant whose scheduled claim is subject to the Motion, and who is served with the Motion, fails to file and serve a timely Response in compliance with the foregoing procedures, the Debtors will present to the Court an appropriate order deeming the schedules amended to disallow, reduce or reclassify the Scheduled Claim without further notice to the claimant.

## NOTICE

26.    Copies of this Motion will be served  upon all parties listed on Exhibits A through C, the United States Trustee, counsel for the Debtors' postpetition secured lender, counsel for the Creditors Committee, and, in an abundance of caution, upon the other parties in interest named on the Official Service List maintained in these cases.  The Debtors submit that no other or further notice need be given.

WHEREFORE the Debtors respectfully request that the Court (i) grant the relief requested by this Motion, (ii) enter the Proposed Order attached as Exhibit D (a) disallowing the No Liability Scheduled Claims (b) reducing the Overstated Scheduled Claims and (c) reducing and reclassifying the Garnier Scheduled Claim and (iii) grant such other and further relief as is just and proper.

Dated: August 8, 2006

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By    s/ D. J. Baker
      D. J. Baker
      Sally McDonald Henry
      Rosalie Walker Gray
      Jane M. Leamy
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
djbaker@skadden.com

Co-Attorneys for Debtors

SMITH HULSEY & BUSEY

By    s/ James H. Post
      Stephen D. Busey
      James H. Post
      Cynthia C. Jackson,
      Florida Bar Number 175460
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
jpost@smithhulsey.com

Co-Attorneys for Debtors

## **Declaration**

I, David M. Young, Division Support Manager, Winn-Dixie Stores, Inc., declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts stated in the foregoing Debtors' Second Omnibus Motion for Order Deeming Schedules Amended to (A) Disallow No Liability Scheduled Claims, (B) Reduce Overstated Scheduled Claims and (C) Reduce and Reclassify the Garnier Scheduled Claim are true and correct to the best of my knowledge, information and belief.

David M. Young
Division Support Manager
Winn-Dixie Stores, Inc.

10

**EXHIBIT A**

**WINN-DIXIE STORES, INC., ET AL.**
**SECOND MOTION FOR ORDER**
**DEEMING SCHEDULED CLAIMS AMENDED**
**EXHIBIT A - NO LIABILITY CLAIMS**

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 241405**<br>AAF INTERNATIONAL<br>1067 SOLUTIONS CENTER<br>CHICAGO, IL 60677-1000 | 30038<br>Debtor: **WINN-DIXIE STORES, INC.** | $1,246.75 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |
| **Creditor Id: 243845**<br>BRAN LUEBBE INC<br>2878 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | 30248<br>Debtor: **WINN-DIXIE STORES, INC.** | $429.64 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |
| **Creditor Id: 245974**<br>CITY OF MONTGOMERY<br>PO BOX 830469<br>BIRMINGHAM, AL 35283-0001 | 33422<br>Debtor: **WINN-DIXIE MONTGOMERY, INC.** | $275,352.15 | SCHEDULED IN ERROR AS DEBTOR PAID SCHEDULED AMOUNT ON 2/4/05 BY CHECK NUMBER 49702. |
| **Creditor Id: 262803**<br>DISPATCH, THE<br>PO BOX 31564<br>TAMPA, FL 33631-3564 | 36859<br>Debtor: **WINN-DIXIE RALEIGH, INC.** | $8,428.28 | SCHEDULED IN ERROR AS SCHEDULED AMOUNT WAS INCLUDED IN $17,264.94 PAYMENT MADE ON 2/18/05 BY WIRE TRANSFER, REFERENCE NUMBER 050218-045500. |
| **Creditor Id: 249461**<br>FERRANIA USA INC<br>DEPT #960122<br>OKLAHOMA CITY, OK 73196-0122 | 34823<br>Debtor: **WINN-DIXIE PROCUREMENT, INC.** | $73,369.46 | SCHEDULED IN ERROR AS SCHEDULED AMOUNT WAS INCLUDED IN $63,915.24 AND $21,617.51 PAYMENTS MADE BY CHECK NUMBERS 110307 ON 1/19/05 AND 112052 ON 2/11/05, RESPECTIVELY. |
| **Creditor Id: 250350**<br>GE CAPITAL<br>PO BOX 640387<br>PITTSBURGH, PA 15264-0387 | 30828<br>Debtor: **WINN-DIXIE STORES, INC.** | $74,146.09 | SCHEDULED IN ERROR. SCHEDULED AMOUNT REFLECTS POSTPETITION INVOICES PAID 4/27/05 BY CHECK NUMBER 8028802. |
| **Creditor Id: 415968**<br>HAUER CUSTOM MANUFACTURING<br>C/O STEVENS & LEE<br>ATTN: JEFFREY A HARENZA, ESQ<br>111 NORTH 6TH STREET<br>PO BOX 679<br>READING PA 19603-0679 | 40054<br>Debtor: **WINN-DIXIE STORES, INC.** | $16,934.08 | SCHEDULED IN ERROR. |
| **Creditor Id: 254693**<br>LEVLAD INC<br>9200 MASON AVENUE<br>CHATSWORTH, CA 91311 | 35043<br>Debtor: **WINN-DIXIE PROCUREMENT, INC.** | $72.30 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |

**WINN-DIXIE STORES, INC., ET AL.**
**SECOND MOTION FOR ORDER**
**DEEMING SCHEDULED CLAIMS AMENDED**
**EXHIBIT A - NO LIABILITY CLAIMS**

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| **Creditor Id: 256719**<br>MOUNTAINEER<br>PO DRAWER 129<br>220 N MAIN ST<br>WAYNESVILLE, NC 28786 | 36578<br>Debtor: **WINN-DIXIE RALEIGH, INC.** | $5,656.55 | SCHEDULED IN ERROR. DEBTOR PAID SCHEDULED AMOUNT ON 2/18/05 BY WIRE TRANSFER, REFERENCE NUMBER 018244. |
| **Creditor Id: 256804**<br>MURZAN<br>2909 LANGFORD RD SUITE I-700<br>NORCROSS, GA 30071 | 31242<br>Debtor: **WINN-DIXIE STORES, INC.** | $1,536.00 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |
| **Creditor Id: 256901**<br>NAPA AUTO PARTS<br>PO BOX 102061<br>ATLANTA, GA 30368-2061 | 31251<br>Debtor: **WINN-DIXIE STORES, INC.** | $193.51 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |
| **Creditor Id: 384284**<br>PEARLSTINE DIST INC<br>4550 GAYNOR STREET<br>CHARLESTON, SC 29406 | 32180<br>Debtor: **WINN-DIXIE STORES, INC.** | $2,247.45 | SCHEDULED IN ERROR. |
| **Creditor Id: 260299**<br>SAFELINE METAL DETECTION<br>22677 NETWORK PLACE<br>CHICAGO, IL 60673-1226 | 31506<br>Debtor: **WINN-DIXIE STORES, INC.** | $1,969.50 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |
| **Creditor Id: 384366**<br>SOUTHERN EAGLE DIST<br>ATTN: JEROME CURRAN, ADMIN DIR<br>5300 GLADES CUT OFF ROAD<br>FORT PIERCE, FL 34981<br><br>Transferee: ASM CAPITAL LP | 32209<br>Debtor: **WINN-DIXIE STORES, INC.** | $3,329.40 | SCHEDULED IN ERROR. |
| **Creditor Id: 263334**<br>TOWN TALK<br>PO BOX 7558<br>ALEXANDRIA, LA 71306-0558 | 34265<br>Debtor: **WINN-DIXIE MONTGOMERY, INC.** | $9,473.02 | SCHEDULED IN ERROR AS SCHEDULED AMOUNT WAS INCLUDED IN $17,101.62 PAYMENT MADE ON 2/18/05 BY WIRE TRANSFER, REFERENCE NUMBER 050218-046536. |
| **Creditor Id: 263521**<br>TRIANGLE PACKAGE MACHINERY CO<br>DEPT 77-6126<br>CHICAGO, IL 60678-6126 | 31768<br>Debtor: **WINN-DIXIE STORES, INC.** | $221.02 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT RECEIVABLE BALANCE FROM CLAIMANT. |

WINN-DIXIE STORES, INC., ET AL.
SECOND MOTION FOR ORDER
DEEMING SCHEDULED CLAIMS AMENDED
EXHIBIT A - NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Claim Amount | Reason for Proposed Disallowance |
|---|---|---|---|
| Creditor Id: 263521<br>TRIANGLE PACKAGE MACHINERY CO<br>DEPT 77-6126<br>CHICAGO, IL 60678-6126 | 32294<br>Debtor: ASTOR PRODUCTS, INC. | $1,433.25 | SCHEDULED IN ERROR AS DEBTOR DID NOT INCLUDE ACCOUNT<br>RECEIVABLE BALANCE FROM CLAIMANT. |
| **Total Claims to be Disallowed:** | 17 | | |
| **Total Amount to be Disallowed:** | $476,038.45 | Plus Unliquidated Amounts, If Any | |

**EXHIBIT B**

WINN-DIXIE STORES, INC., ET AL.
SECOND MOTION FOR ORDER
DEEMING SCHEDULED CLAIMS AMENDED
EXHIBIT B - CLAIMS TO BE REDUCED

Page: 1 of 1
Date: 08/07/2006

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| **Creditor Id: 384297**<br>PREMIUM BEVERAGE<br>922 NORTH RAILROAD AVENUE<br>OPELIKA, AL 36801 | 32184<br>Debtor: | $209,269.83<br>WINN-DIXIE STORES, INC. | $1,071.50 | REDUCED AMOUNT REFLECTS CORRECT AMOUNT OWED PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 384317**<br>RH BARRINGER DIST<br>1620 FAURFAX ROAD<br>GREENSBORO, NC 27407 | 32189<br>Debtor: | $383,215.91<br>WINN-DIXIE STORES, INC. | $872.80 | REDUCED AMOUNT REFLECTS CORRECT AMOUNT OWED PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 384350**<br>SAVANNAH DIST COMPANY<br>PO BOX 1388<br>SAVANNAH, GA 31498 | 32201<br>Debtor: | $1,303.79<br>WINN-DIXIE STORES, INC. | $957.77 | REDUCED AMOUNT REFLECTS CORRECT AMOUNT OWED PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 384358**<br>SILVER EAGLE DIST KEY WEST<br>1000 PARK COMMERCE BLVD<br>HOMESTEAD, FL 33035 | 32203<br>Debtor: | $370,800.39<br>WINN-DIXIE STORES, INC. | $2,789.40 | REDUCED AMOUNT REFLECTS CORRECT AMOUNT DUE PER DEBTOR'S BOOKS AND RECORDS. |
| **Creditor Id: 264054**<br>VELT SHERMAN RESIDUARY TRUST<br>3590 CLOUDLAND DR NW<br>ATLANTA, GA 30327-2906 | 36954<br>Debtor: | $3,351.00<br>WINN-DIXIE RALEIGH, INC. | $505.20 | REDUCED AMOUNT REFLECTS CORRECT AMOUNT DUE PER DEBTOR'S BOOKS AND RECORDS. SCHEDULED AMOUNT INCLUDES POSTPETITION BALANCE OF $2,845.80 PAID ON 6/17/05 BY CHECK NUMBER 8053156, |

Total Claims to be Reduced: 5
Total Amount to be Reduced: $967,940.92 Plus Unliquidated Amounts, If Any
Total Reduced Amount: $6,196.67

**EXHIBIT C**

**WINN-DIXIE STORES, INC., ET AL.**
**SECOND MOTION FOR ORDER**
**DEEMING SCHEDULED CLAIMS AMENDED**
**EXHIBIT C - CLAIMS TO BE REDUCED AND RECLASSIFIED**

| Name of Claimant | Claim No. | Claim Amount | Asserted Class Status | Modified Class Status | Reduced Claim Amount | Reason for Reduction and Reclassification |
|---|---|---|---|---|---|---|
| GARNIER 7644 COLLECTIONS CENTER DR BANK OF AMERICA CHICAGO, IL 60693 | 34865 | $71,065.38 | Unsecured Non-Priority | Multiple Classes | $69,767.74 | REDUCED AMOUNT REFLECTS ACCOUNTS RECEIVABLE BALANCE OF $1,297.64. ALSO, RECLASSIFY $22,348.86 AS ADMINISTRATIVE PRIORITY (RECLAMATION) AND $47,418.88 REMAINS UNSECURED NON-PRIORITY. |

Debtor: **WINN-DIXIE PROCUREMENT, INC.**

| | |
|---|---|
| Total Claims to be Reduced & Reclassified: | 1 |
| Total Amount to be Reduced & Reclassified: | $71,065.38 |
| Total Reduced & Reclassified Amount: | $69,767.74 |

Plus Unliquidated Amounts, If Any

**EXHIBIT D**

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., <u>et al.</u>, ) | | *Chapter 11* |
| | ) | |
| Debtors. [1] | ) | Jointly Administered |
| | ) | |

**ORDER DEEMING SCHEDULES AMENDED TO (A) DISALLOW
NO LIABILITY SCHEDULED CLAIMS, (B) REDUCE OVERSTATED
SCHEDULED CLAIMS AND (C) REDUCE AND RECLASSIFY
THE GARNIER SCHEDULED CLAIM, AS SET FORTH IN
THE DEBTORS' SECOND OMNIBUS MOTION FOR ORDER
<u>DEEMING SCHEDULES AMENDED</u>**

These cases came before the Court for hearing on September 7, 2006,

upon the Second Omnibus Motion (the "Motion") of Winn-Dixie Stores, Inc. and

twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") for entry of

an order deeming the Debtors' Schedules amended to disallow, reduce or reclassify

the scheduled claims listed on Exhibit A through C (the "Scheduled Claims").[2] Upon

consideration, it is

ORDERED AND ADJUDGED:

       1.      The Motion is granted.

       2.      The Debtors' Schedules are deemed amended to disallow in

their entirety the No Liability Scheduled Claims listed on Exhibit A.

---

[1]      In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]      All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Motion.

3.      The Debtors' Schedules are deemed amended to reduce the Overstated Scheduled Claims listed on Exhibit B to the amounts set forth on Exhibit B under the heading Reduced Claim Amount.  All amounts exceeding the Reduced Claim Amount are disallowed.

4.      The Debtors' Schedules are deemed amended to (a) reduce the Garnier Scheduled Claim to the amount set forth on Exhibit C under the hearing Reduced Claim Amount and (b) reclassify in part the Garnier Claim as specified on Exhibit C.  The amount exceeding the Reduced Claim Amount is disallowed.

5.      Each Scheduled Claim and the proposed amendments by the Debtors to such claim as addressed in the Motion constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order is deemed a separate Order with respect to each Scheduled Claim.  Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

6.      Neither the Motion nor any disposition of the Scheduled Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

7.      This Order is without prejudice to the Debtors' right to file any further objection they may have to the Scheduled Claims.

Dated this _____ day of September, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

2

**THE EXHIBITS TO BE ATTACHED TO THE ORDER WHEN ENTERED
WILL BE THE SAME EXHIBITS THAT ARE ATTACHED TO THE
MOTION, WITH ANY NECESSARY MODIFICATIONS TO ADDRESS
RESPONSES TO THE MOTION**