**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND**
**DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST AND INTERESTS IN ANY OF THE FOLLOWING DEBTORS:**

| **Debtor** | **Address** | **Tax I.D.** |
|---|---|---|
| Winn-Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0514290 |
| Dixie Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-3182270 |
| Table Supply Food Stores Co., Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079368 |
| Astor Products, Inc. | 5244 Edgewood Court, Jacksonville, Florida  32254 | 59-0858632 |
| Crackin' Good, Inc. | 701 N. Forrest Street, Valdosta, Georgia  31601 | 59-3652948 |
| Deep South Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-1271288 |
| Deep South Products, Inc. | 255 Jacksonville Highway, Fitzgerald, Georgia  31750 | 59-0855905 |
| Dixie Darling Bakers, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0471662 |
| Dixie-Home Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6079054 |
| Dixie Packers, Inc. | State Road 53 South, Madison, Florida  32340 | 59-1288553 |
| Dixie Spirits, Inc. | 600 Edwards Avenue, Harahan, Louisiana  70123-3185 | 77-0602359 |
| Economy Wholesale Distributors, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-0230020 |
| Foodway Stores, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1569265 |
| Kwik Chek Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6073162 |
| Sunbelt Products, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1551401 |
| Sundown Sales, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 75-1414946 |
| Superior Food Company | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 57-0469943 |
| WD Brand Prestige Steaks, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3545257 |
| Winn-Dixie Handyman, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 58-1434107 |
| Winn-Dixie Logistics, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652949 |
| Winn-Dixie Montgomery, Inc. | 1550 Jackson Ferry Road, Montgomery, Alabama  36104-1718 | 59-1212119 |
| Winn-Dixie Procurement, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-3652951 |
| Winn-Dixie Raleigh, Inc. | 833 Shotwell Road, Clayton, North Carolina  27520 | 56-0670665 |
| Winn-Dixie Supermarkets, Inc. | 5050 Edgewood Court, Jacksonville, Florida  32254-3699 | 59-6078837 |

**PLEASE TAKE NOTICE THAT:**

1. On August 4, 2006, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") approved the Disclosure Statement with Respect to Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Disclosure Statement") for use by Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization of Winn-Dixie Stores, Inc. and Affiliated Debtors (the "Plan").

2. In conjunction with approving the Disclosure Statement, the Bankruptcy Court entered an order (a) approving the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approving certain vote tabulation procedures, and (c) establishing the deadline for filing objections to the Plan and scheduling the hearing to consider confirmation of the Plan (the "Solicitation Procedures Order").

3. A hearing to consider confirmation of the Plan will be held on October 13, 2006, at 9:00 a.m. (Eastern Time), before the Honorable Jerry A. Funk, Judge of the Bankruptcy Court, in the United States Courthouse, at 300 North Hogan Street, Jacksonville, Florida 32202. The hearing may be adjourned from time to time by announcement in open court. You are reminded that Local Rule 5072(b)(16) requires that all persons appearing in Court should dress in appropriate business attire consistent with their financial abilities. Among other things, a coat and tie are appropriate for a man; a dress or pants suit is appropriate for a woman. You are further reminded that pursuant to Local Rule 5073-1 cellular telephones are prohibited in the Courthouse, as are computers, absent a specific order by the Court authorizing the use of a computer. Please take notice that as an additional security measure a photo ID is required for entry into the Courthouse.

4. No later than September 25, 2006, at 4:00 p.m. (Eastern Time), all objections to confirmation of the Plan must be (a) filed with the Clerk of the Bankruptcy Court via the Bankruptcy Court's electronic filing procedures, and (b) received by (i) Rosalie Walker Gray, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Fax: (917) 777-3214, E-mail: rgray@skadden.com, (ii) Cynthia C. Jackson, Smith Hulsey & Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, Fax: (904) 359-7708, E-mail: cjackson@smithhulsey.com, and (iii) Matthew Barr, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Fax: 212-822-5194, E-mail: mbarr@milbank.com. The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5. **THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.**

6. The Plan may be further modified, if necessary, pursuant to Section 1127 of the Bankruptcy Code, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7. Copies of the Solicitation Procedures Order, the Disclosure Statement, and the Plan are available at http://www.loganandco.com; on the Bankruptcy Court's website, http://www.flmb.uscourts.gov; or by contacting Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043, Telephone: (973) 509-3190.

Dated: August 9, 2006

| | |
|---|---|
| D. J. Baker | Stephen D. Busey |
| Sally McDonald Henry, Rosalie Walker Gray, Adam S. Ravin | James H. Post, Cynthia C. Jackson, Leanne Prendergast |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP | SMITH HULSEY & BUSEY |
| Four Times Square | 225 Water Street, Suite 1800 |
| New York, New York 10036 | Jacksonville, Florida 32202 |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

### RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**12.12 Releases and Related Matters**

(a) Releases by Debtors

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors and any Person seeking to exercise the rights of the Debtors' estate, including, without limitation, any successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction,

event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Reorganized Debtors, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors against (i) any of the other Debtors and any of the Debtors' non-Debtor subsidiaries, (ii) any of the present or former directors, officers, or employees of any of the Debtors or any of the Debtors' non-Debtor subsidiaries, (iii) any Professionals of the Debtors, (iv) Wachovia and its advisors, and (v) the Creditors Committee, its members, and its and their advisors, respectively (but not its members in their individual capacities); provided, however, that nothing in this Section 12.12(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any employee (other than any director or officer) that is based upon an alleged breach of a confidentiality, noncompete, or any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors.

(b)     Releases by Holders of Claims

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that affirmatively votes in favor of the Plan shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of any of the Debtors (collectively, the "Releasees"), in connection with or related to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtors, the conduct of the Debtors' business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each holder of a Claim that affirmatively votes in favor of the Plan.

**12.13     Discharge of the Debtors**

(a)     Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims, upon the Effective Date, the Debtors, and each of them, shall (i) be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, (C) a Claim based upon such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based upon such debt accepted the Plan, and (ii) terminate all Winn-Dixie Interests.

(b)     As of the Effective Date, except as provided in the Plan or the Confirmation Order or under the terms of the documents evidencing and orders approving the DIP Facility and/or the Exit Facility, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further claims, debts, rights, causes of action, claims for relief, liabilities, or equity interests relating to the Debtors based upon any act, omission, transaction, occurrence, or other activity of any nature that occurred prior to the Effective Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Winn-Dixie Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

**12.14     Injunction**

(a)     Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or

continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtors or the Reorganized Debtors; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b)     As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 12.11, 12.12, or 12.13 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c)     Without limiting the effect of the foregoing provisions of this Section 12.14 upon any Person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 12.14.

(d)     Nothing in this Section 12.14 shall impair (i) the rights of any holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtors or the Reorganized Debtors, (ii) the rights of any defendant in an avoidance action filed by the Reorganized Debtors to assert defenses in such action, or (iii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtors pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

**12.15   Exculpation and Limitation of Liability**

(a)     None of the Debtors, the Reorganized Debtors, their respective subsidiaries, Wachovia, or the Creditors Committee (as to itself or any of its members), or any of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, shall have or incur any liability to any holder of a Claim or an Interest, or any other party-in-interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.  The foregoing is not intended to limit or otherwise impact any defense of qualified immunity that may be available under applicable law.

(b)     Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party-in-interest, none of their respective agents, employees, representatives, advisors, attorneys, or affiliates, and none of their respective successors or assigns shall have any right of action against any of the Debtors, any of the Reorganized Debtors, any of the Debtors' or Reorganized Debtors' subsidiaries, Wachovia, or the Creditors Committee, or of their respective present or former members, officers, directors, employees, advisors, Professionals, or agents, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct.