UNITED STATES BANKRUPTY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

CREDITOR NO:    WDX-390546-L4-55
GONZALES, MARIA

### CREDITOR MARIA GONZALES' RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS
(Related Docket Item 8702)

**Come Now**, Maria Gonzales ("Ms. Gonzales") as the holder of claims which have been assigned numbers 2522 and 12916, by and through the undersigned counsel, and pursuant to 11 U.S.C. Section 502 and Fed. R. Bankr. P. 3007 and 9014 hereby respond in opposition to the Debtors' Omnibus Objection to Unresolved Litigation Claims (the "OmnibusObjection") and states as follows.

### MEMORANDUM OF LAW

In their Omnibus Objection, the Debtors object to Ms. Gonzales' Claim on the bases that they are "no liability" claims, not supported by sufficient documentation and that one was late-filed. *See Attachment to Omnibus Objection, page 11.*

Ms. Gonzales' claim was not untimely filed, as reflected in the documentation attached evidencing the Proof of Claim was timely filed on May 23, 2005. The deadline for filing Proofs of Claim was August 1, 2005. Ms. Gonzales, thereafter, filed an Amended Proof of Claim on February 6, 2006, as the Proof of Claim filed on May 23, 2005, contained a scrivener's error in the amount of the claim. See Exhibit A hereto.)

Ms. Gonzales' claim was supported by legally sufficient documentation. All medical records and bills and loss of wages were attached to the claim filed with this Court.

Ms. Gonzales was involved in a lawsuit against the Debtor in the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida, Case No: 50 2004 CA 001940 XXXXMBAI. Depositions had been taken of store employees who admitted they were working with ice and water in the produce section - melon bar at the exact area and at the time Ms. Gonzales slipped and fell. Debtor had a duty to clean the area of any water or ice on the floor, creating a hazardous and dangerous condition to the stores' invitees, and to warn its invitees of said danger by posting notice of said dangers.

In good faith, Ms. Gonzales and undersigned counsel agreed to mediate the Circuit Court case noted above. Only two or three days prior to mediation taking place in the Circuit Court case noted above, defense counsel for Winn-Dixie Stores, Inc. advised undersigned counsel that Debtor, Winn-Dixie Stores, Inc. was filing bankruptcy and would, therefore, not allow the mediation to take place, when, in fact, said defense counsel knew beforehand said Debtor was going to file bankruptcy.

Ms. Gonzales has sustained devastating injuries as a result of a slip and fall accident at Debtors' Store No. 0259, located at 1620 South Federal Highway, Boynton Beach, Florida. Her total medical bills incurred total in excess of $119,000.00. To date she still has pain and discomfort as a result of this slip and fall accident. She lost wages as a result of this injury and she will continue to incur medical expenses as a result of this injury.

Ms. Gonzales completed and filed her Questionnaire for Litigation Claimants, together with all required attachments, including a complete set of her medical records, by Federal Express, on November 2, 2005. South Florida was in the midst of clean-up from a devastating hurricane when the Questionnaire was due. Undersigned counsel's office is located in the City of Lake Worth,

Florida and the entire City of Lake Worth was without power for a period of over ten (10) days. Undersigned's office was located within a building that had no generator. Undersigned counsel received an extension of time within which to file said Questionnaire from Leanne Prendergast, Esq. and Ms. Gonzales' counsel sent said Questionnaire and supporting documentation to Logan & Company on November 2, 2005 via Federal Express. Sedgwick Claims Management Services, Inc. was in settlement negotiations with the undersigned counsel until recently when Debtors filed their Omnibus Objection.

      WHEREFORE, Ms. Gonzales prays this Honorable Court consider this her Response to Debtors' Omnibus Objection to Unresolved Litigation Claims and allow her claim in the sum of $667,000.00 as filed with this Court.

**WILCOX LAW FIRM**

 /s/ **Robert Wilcox**
Robert D. Wilcox, Esq.
Florida Bar No. 755168
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone:  (904) 281-0700
Fax:  (904) 513-9201
RWilcox@WilcoxLawFirm.com

**LAW OFFICES OF ANDY CUSTER**
**A PROFESSIONAL ASSOCIATION**
ANDY M. CUSTER, ESQ.
Florida Bar No:  980341
Attorneys for Ms. Gonzales
604 Lake Avenue
Lake Worth, Florida 33460
(561) 533-6650 (Telephone)
(561) 533-6853 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2006 I filed this Response to Omnibus Objection through the CM/ECF Sysytem, which will cause a copy to be served upon the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by U.S. Mail to Winn-Dixie Stores, Inc., 5050 Edgewood Court, Jacksonville, FL 32254.

/s/ **Robert Wilcox**
Robert D. Wilcox

# EXHIBIT A

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:

Debtor Name: **WINN-DIXIE STORES, INC** Case No **502004CA001950**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C §503.

DEBTOR: WINN-DIXIE STORES, INC
US BANKRUPTCY COURT M D - FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 2552**

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

20260868
WDX-390546-B2-55
GONZALES, MARIA
C/O: ANDY M. CUSTER, ESQ
ALPIZAR, VILLE & C~~ (crossed out)
1528 PALM BAY RD~~
PALM BAY FL 3290~~

GONZALEZ, PORCHER, CUSTER & ROCA
ANDY M. CUSTER, ESQ
2328 10TH AVENUE NORTH, SUITE 600
LAKE WORTH, FLORIDA 33461
PHONE (561) 965-6550
FAX: (561) 965-0885

Telephone No of Creditor: **561 965-6550**
Fax No of Creditor: **561 965-0885**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above (Check box if): ☒ replaces address above  ☐ additional address

Name: Andy M Custer, Esquire
Company/Firm: Gonzelez, Porcher, Garcia, Custer & Roca
Address: 2328 10th Avenue North, Suite 600, Lake Worth, Florida 33461

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim Attach a copy of statement giving particulars
☐ Check box if you have never received any notices in this case

If an amount is identified above, you have a claim scheduled by the Debtor as shown If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim

Account or Other Number by Which Creditor Identifies Debtor: **502004CA001950XXXXMB**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated _____

1. Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U S C § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN _____
Unpaid compensation for services performed from _____ to _____ (date) (date)

2. Date debt was incurred: **APRIL 20, 2000**

3. If claim is based on a Court Judgment, date obtained: _____

4. Total Amount of Claim at Time Case Filed: $**375,000.00** (unsecured)   $_____ (secured)   $_____ (priority)   $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim Attach itemized statement of all interest or additional charges

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff)
Brief description of Collateral
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

6. Unsecured Nonpriority Claim $_____
☒ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C § 507 (a)(3)
☐ Contributions to an employee benefit plan – 11 U S C § 507 (a)(4)
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C § 507 (a)(6)
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C § 507 (a)(7)
☐ Taxes or penalties owed to governmental units – 11 U S C § 507 (a)(8)
☐ Other – Specify applicable paragraph of 11 U S C § 507 (a)( )
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

8. Credits. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS If the documents are not available, explain If the documents are voluminous, attach a summary
10. Date-Stamped Copy To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim

This Space Is For Court Use Only
[Stamp: U.S. BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA 2005 MAY 23 PM 2:45]
[Stamp: RECEIVED LOGAN & COMPANY, INC. AS AGENT]

Date: **5/18/05**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print **Andy M. Custer**  Title **ATTORNEY**
Signature: _[signed]_

Penalty for presenting fraudulent claim Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U S C §§ 152 and 3571



**Logan & Company, Inc.**
bankruptcy administration specialists

546 Valley Road
Upper Montclair, NJ 07043
www.loganandco.com

973.509.3190 Ph
973.509.3191 Fx

# SUPPORTING DOCUMENTATION NOT IMAGED DUE TO PRIVACY CONCERNS

**Logan & Company, Inc.**
**Claims and Noticing Agent**



IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT, IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.:
JUDGE:

50 2004CA 0 0 19 4 0 XXXX MB

AI

MARIA GONZALES and
GEORGE GONZALES, her husband,

Plaintiffs,

vs.

WINN-DIXIE STORES, INC.

Defendant.

_____/

DOROTHY H. WILKEN
CLERK OF CIRCUIT COURT
CIRCUIT CIVIL DIVISION

FEB 2 3 2004

COPY / ORIGINAL
RECEIVED FOR FILING

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, MARIA GONZALES and GEORGE GONZALES, her husband, by and through undersigned counsel, and hereby file this their Complaint and Demand for Jury Trial against WINN-DIXIE STORES, INC. (hereinafter "WINN-DIXIE") and as grounds therefore state:

1. This is an action for damages, in excess of the minimum jurisdictional limit of this Honorable Court of $15,000.00, exclusive of interest and costs.

2. At all times material hereto, Defendant, WINN-DIXIE, was and is a Florida corporation authorized to do and doing business in the State of Florida and more specifically within Palm Beach County, Florida.

3. On or about April 20, 2000, Defendant, WINN-DIXIE, owned and operated a business located at 1620 S. Federal Highway, Boynton Beach, Palm Beach County, Florida under Store No. 0259.

4. On or about April 20, 2000, Defendant, WINN-DIXIE, as owner and operator of the aforesaid business owed a duty to its customers, business invitees and members of the public, including that of Plaintiff, MARIA GONZALES, to maintain its premises in a reasonably safe condition and to warn its customers, business invitees and/or members of the public including Plaintiff, MARIA GONZALES, herein, of any unsafe conditions.

5. At all times material hereto, Defendant, WINN-DIXIE, was careless, negligent, and breached the following duties:

    A. Failing to maintain its premises in a reasonably safe condition;

    B. Failing to warn its customers, business invitees and/or members of the public, including Plaintiff herein, of a dangerous condition;

    C. Failing to inspect its floor;

    D. Failing to follow its policies and procedures regarding cleanup of its aisles in its store; and

    E. Failing to test the floor to determine if it was safe and free from any potential risks of falling including that of a liquid substance on the floor.

6. On or about April 20, 2000, Defendant, WINN-DIXIE, breached these duties by negligently maintaining the floor of its store in a reasonably safe condition in and around the produce area due to a liquid substance accumulating on its floor. Thus, Plaintiff, MARIA GONZALES, was unaware of this condition, causing her to fall and injuring her person as described more particularly herein.

7.  On or about April 20, 2000, the above-described condition existed for a sufficient length of time so Defendant, WINN-DIXIE, by and through its agents, apparent agents, employees, servants, borrowed servants, etc. knew, or in their exercise of reasonable care, should have known of the liquid substances' existence on the floor and failed to remedy same.

8.  As a direct, proximate, and foreseeable result of the aforementioned carelessness and negligence of Defendant WINN-DIXIE, herein, Plaintiff, MARIA GONZALES, has experienced bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation of a pre-existing condition, loss of the capacity for the enjoyment of life, expense of hospitalization, and the expense of medical care and treatment, both in the past and in the future.

9   At all times material hereto, Plaintiffs, MARIA GONZALES and GEORGE GONZALES, were married and cohabitated as husband and wife.

10. As a direct, proximate and foreseeable result of the accident set forth herein, Plaintiff, GEORGE GONZALES, has been denied in the past and/or will continue to suffer in the future the consortium, society, companionship, affection, service and support of Plaintiff, MARIA GONZALES.

WHEREFORE, Plaintiffs, MARIA GONZALES and GEORGE GONZALES, sue Defendant, WINN-DIXIE, and demand judgment against Defendant, WINN-DIXIE, for compensatory damages in excess of the minimum jurisdictional limits of this Honorable Court, including interest on all liquidated damages, attorney's fees pursuant to any

applicable proposal of settlement rule of civil procedure, taxable costs, and demand trial by jury of all issues so triable as a matter of right by jury.

DATED this 18th day of FEBRUARY, 2004.

ALPIZAR & VILLE
1528 Palm Bay Road, N.E.
Palm Bay, FL 32905
Telephone: (321) 676-2511
Facsimile: (321) 723-____

By: _____
ANDY M. CUSTER
Florida Bar No.: 980341
Attorneys for Plaintiffs

Form B10 (Official Form 10) (04/04)

**AMENDED**

| UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11 PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **WINN-DIXIE STORES, INC** Case No. **502004CA001950**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

DEBTOR WINN - DIXIE STORES, INC
US BANKRUPTCY COURT M D -FLORIDA
JOINTLY ADMINISTERED UNDER
CASE 05-03817 (3F1)
CHAPTER 11

**CLAIM NO.: 12916**

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

20260868
WDX-390546-B2-55
GONZALES, MARIA
C/O: **ANDY M CUSTER, ESQ.**
**2328 10th AVE. North #582**
**LAKE WORTH, FL 33461**

Telephone No. of Creditor: **561 533-6650**
Fax No. of Creditor: **561 533-6853**

(If your address has changed or is incorrect as it appears in Item A, please provide correct)

Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☒ replaces address above ☐ additional address

Name: Andy M Custer, Esquire
Company/Firm: Gonzelez, Porcher, Garcia, Custer & Roca
Address: 2328 10th Avenue North
Suite 600
Lake Worth, Florida 33461

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS. If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor: **502004CA001950XXXXMB**

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated.

1. Basis for Claim
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____

☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN:_____
Unpaid compensation for services performed from
_____ to _____
(date)     (date)

2. Date debt was incurred: **APRIL 20, 2000**
3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:
$ **667,000.00** $_____ $_____ $_____
(unsecured)  (secured)  (priority)  (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

5. Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other _____

Value of Collateral: $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

6. Unsecured Nonpriority Claim $_____
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

7. Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) (  ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date: **2/1/2006**
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Andy M Custer** Title: **ATTORNEY**
Signature: **Andy M Custer**

Penalty for presenting fraudulent claim. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

LAW OFFICES OF
# ANDY M. CUSTER
A PROFESSIONAL ASSOCIATION

---

2328 10TH AVENUE NORTH, #502
LAKE WORTH, FLORIDA 33461
TEL· (561) 533-6650
FAX: (561) 533-6853

**ANDY M. CUSTER**
PRACTICE LIMITED TO INJURY
AND DEATH CLAIMS CAUSED
BY NEGLIGENCE

February 2, 2006

**Via Certified Mail No: 7004 2510 0002 8368 5087**
Logan & Company, Inc.
Claims Agent
546 Valley Road
Upper Montclair, New Jersey 07043

Re:   Our Client:   Maria Gonzales
      Creditor No:  390546
      D/Accident:   4/20/2000

To Whom It May Concern:

Enclosed herewith, for your information and file, please find a copy of the Amended Proof of Claim I have filed in the captioned matter.

Thank you for your attention to this matter.

Sincerely,

*[signature]*

ANDY M. CUSTER
AMC bb

Enclosures (as noted)

cc Sedgwick CMS (Attn C Everett Brooks)