UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No. 05-03817-3F1
Chapter 11
Jointly Administered
Creditor: Felicia Patterson
Creditor No. WDX-391042-L1
Claims No. 7100, 7104 and 7315

## FELICIA PATTERSON'S RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS

COMES NOW CREDITOR FELICIA PATTERSON and files this RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS and states as follows:

1. **BACKGROUND:**

   A. FELICIA PATTERSON filed three timely claims for damages(Claims No. 7100, 7104 and 7315 ) arising from a slip and fall accident on 5/24/04. Claim No. 7100 and 7315 are against WINN DIXIE STORES INC and 7104 is against WINN DIXIE SUPERMARKETS INC. Two of the claims(7100 and 7104) were filed against different debtors since FELICIA PATTERSON was uncertain which one was the correct defendant. These claims can be combined into one claim or alternatively, debtors can stipulate which is the correct defendant and the other claim can be withdrawn. The third claim(7315) against WINN DIXIE STORES INC does appear to be a duplicate claim and can be withdrawn.

   B. Debtors filed OMNIBUS OBJECTIONS to all three claims.

   C. These claims were timely filed before the bar date and are supported by legally sufficient documentation.

2. **THE CLAIMS WERE TIMELY FILED BEFORE THE BAR DATE AND WERE OTHERWISE TIMELY AND IN COMPLIANCE WITH THE CLAIMS RESOLUTION PROCEDURE:**

a. The Proofs of Claim in this matter were timely filed on July 21, 2005 before the bar date of August 1, 2005. See the Proofs of Claim attached hereto as Exhibit 1.

b. From 10/24/05 THROUGH 11/2/05, HURRICANE WILMA caused the undersigned's office to be without electrical power. As a result, counsel for the debtor granted an extension to FELICIA PATTERSON to file the QUESTIONNAIRE FOR LITIGATION CLAIMANTS. Ex. 2. The QUESTIONNAIRE along with voluminous supporting documentation was mailed however on 11/4/05. Ex 3.

c. On 11/17/05 Sedgwick, debtor's claims representative, made a written offer. Ex 4. FELICIA PATTERSON timely replied to the offer requesting mediation on 1/9/06. Ex 5. A mediation referral notice was served by Debtor on 2/13/06. Ex 6. Since that time, the parties have been diligently attempting to schedule the mediation conference and same should occur in the immediate future.

3. **THE CLAIMS ARE SUPPORTED BY LEGALLY SUFFICIENT DOCUMENTATION THAT WAS PREVIOUSLY PROVIDED AS ATTACHMENTS TO THE CLAIMS QUESTIONNAIRE:**

   A. **COMPLAINT :** The complaint sets forth that Plaintiff slipped and fell on a liquid substance at the Winn Dixie Store, at 3108 S. University Dr., Miramar, in the seafood department on 5/24/04 as a result of Winn Dixie's negligent failure to maintain the premises in a safe condition or to warn of her that condition. As a further proximate result, she was injured. The complaint alleges that either or both debtors owned and operated the premises and therefore had a non-delegable duty to maintain them safely.

   B. **PLAINTIFF'S ANSWERS TO INTERROGATORIES:** These answers provided significant details of FELICIA PATTERSON'S claim including but not limited to the following:

   6. Her employment information

   8. Description of Winn Dixie's negligence: Failed to use reasonable and ordinary care to have and maintain the premises in a reasonably safe condition; failed to give timely notice of latent or concealed perils that were known or should have been known to Defendant but were not known to the Plaintiff. Caused or allowed liquid on the floor of said premises and failed to clean same..

   11. Witnesses:
   Treating doctors
   Dante Baker, Winn Dixie employee - believed to be an eye witness

David Lawrilow, security guard at Winn Dixie, may have been eye witness
Winn Dixie Manager, Mark, last name unknown,
Winn Dixie Manager, Kenneth last name unknown
customer Anne, last name unknown, knowledge of condition, 305-335-7110.

14. Location, Date and Time of Accident: Winn Dixie Store, 3108 S. University Dr., Miramar, in the seafood department, 5/24/04, between 6 & 7 pm

15. Admission by Winn Dixie: After I slipped and fell, the seafood employee, Dante, stated that he told the seafood manager about the leak weeks ago and no caution signs were put up and it was not fixed.

17. Dangerous Condition on Premises: Water on floor which was slippery

19. Treating Health Care Providers - See below for further details

22. Injuries as a result of Winn Dixie's negligence: Neck, mid back, low back and shoulder sprains/strains which I believe are permanent.

24. Pain, Suffering and Disability: Constant back pain, cannot lift anything above her head without pain, pain in upper back.

C. **DEFENDANT'S ANSWERS TO INTERROGATORIES:**

3. Witnesses: David Warrilow, Kenneth Stukes, Dontae Baker, Kenneth Grant.

12. Winn Dixie Stores Inc. Operated the premises where FELICIA PATTERSON fell.

D. **MEDICAL CHRONOLOGY BASED ON RECORDS AND BILLS PREVIOUSLY PRODUCED:**

**5/24/04 Memorial Hospital** Pembroke Urgent Care Center
History: fell at winn dixie today. Water on floor.
Complaints of thoracic and lumbar pain.

**6/1/04- 1/3/05 Dr Andrew Frank**, M. D. (Rehabilitation medicine)

      6/1/04- neck, thoracic, low back pain
Diagnoses-spinal sprains and strains
Treatment -physical therapy

6/14/04- severe pain including shoulders and headaches
Diagnoses- cervalgia, cephalgia, left lumbar sprain and strain
lite duty work status

1/3/05- 50% improved;  Continued cervical complaints
5% permanent partial impairment to the whole body.

**6/17 /04- Coral way MRI Diagnostics**
disc bulges at cervical levels 6/7

| BILLS | |
|---|---|
| Dr. Frank | $10,855 |
| coral way mri | $1,790.00 |
| Memorial Hospital | tba |
| | **$12,645.00** |

4.    **CONCLUSION:** These claims were timely filed. Based the above documentation previously submitted, FELICIA PATTERSON has shown that there is prima facie case of premises liability against either or both of the debtors proximately resulting in serious permanent injuries to her neck, mid back, shoulders and low back.  Therefore, the supporting documentation is legally sufficient. The objections should be denied.

WHEREFORE, FELICIA PATTERSON, asks that the OMNIBUS OBJECTIONS to her claims be denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and copy was served on Smith, Hulsey & Busey, Attn: Tana Copeland, 225 Water St., Suite 1800, Jacksonville, Fla., 32202, via email tcopeland@smithhulsey.com and via facsimile sent to 904-359-7707 this __10__ day of August, 2006.

>Hoffman, Larin & Agnetti, P.A.
>909 North Miami Beach Blvd.
>Suite 201
>Miami, FL 33162
>(305) 653-5555
>Attorneys for Creditor
>
>_____
>David L. Perkins
>Florida Bar # 264911