UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.
_____/

Case No. 05-03817-3F1
Chapter 11
Jointly Administered
Creditor: Betty Lee
Creditor No. WDX-389136-L4-54
Claims No. 7107 and 7426

### BETTY LEE'S RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS

COMES NOW CREDITOR BETTY LEE and files this RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS and states as follows:

1. **BACKGROUND:**

    A. BETTY LEE filed two timely claims for damages(Claims No. 7107 and 7426) arising from a slip and fall accident on 8/21/04. Claim No. 7107 is against WINN DIXIE SUPERMARKETS INC. and 7426 is against WINN DIXIE STORES INC. Two claims were filed since BETTY LEE was uncertain which one was the correct defendant. These claims can be combined into one claim or alternatively debtors can stipulate which is the correct defendant and the other claim can be withdrawn.

    B. Debtors filed OMNIBUS OBJECTIONS to both claims.

    C. These claims were both timely filed before the bar date and are supported by legally sufficient documentation.

2. **THE CLAIM WAS FILED BEFORE THE BAR DATE AND WAS OTHER OTHERWISE TIMELY AND IN COMPLIANCE WITH THE CLAIMS RESOLUTION PROCEDURE:**

    a. The Proofs of Claims in this matter were timely filed on July 21, 2005 before the bar date of August 1, 2005. See the Proofs of Claim attached hereto as Ex. 1.

    b. From 10/24/05 through 11/2/05, HURRICANE WILMA caused the undersigned's office to be without electrical power. As a result, counsel for the debtor granted an extension to BETTY LEE to file the QUESTIONNAIRE FOR LITIGATION CLAIMANTS. Ex. 2. The QUESTIONNAIRE along with voluminous supporting documentation was mailed however on 10/31/05. Ex 3.

c.  On 11/18/05 Sedgwick, debtor's claims representative, made a written offer. Ex 4. BETTY LEE timely replied to the offer requesting mediation on 1/9/06. Ex 5. A mediation referral notice was served by Debtor on 2/13/06. Ex 6. Since that time, the parties have been diligently attempting to schedule the mediation conference and same should occur in the immediate future.

3. **THE CLAIMS ARE SUPPORTED BY LEGALLY SUFFICIENT DOCUMENTATION THAT WAS PREVIOUSLY PROVIDED AS ATTACHMENTS TO THE CLAIMS QUESTIONNAIRE:**

   A.  **COMPLAINT :** The complaint sets forth that Plaintiff slipped and fell on a liquid substance at the Winn Dixie store # 343 located at 14900 N.W. 7th Avenue, Miami, Florida 33168 as a result of Winn Dixie's negligent failure to maintain the premises in a safe condition or to warn of her that condition. As a further proximate result, she was injured. The complaint alleges that either or both debtors owned and operated the premises and therefore had a non-delegable duty to maintain them safely.

   B.  **PLAINTIFF'S ANSWERS TO INTERROGATORIES:** These answers provided significant details of BETTY LEE'S claim including but not limited to the following:

   2. Her employment information

   10. Description of accident: "I walking towards the cash register line when I fell on a wet floor near the freezer that holds ice."

   14. Name of Eye Witness: Monica Hapcher

   15. There were no "wet floor" signs.

   16. General Description of Injuries: Injury to Right knee and low back with pain in those areas and down my right side. I believe all my injuries are permanent.

   17. A list of treating health care providers and amount of known medical bills

   19. Lost Wages: Yes, I have not worked since the subject accident occurred on August 21, 2004. I have lost approximately $67.98 per day since then. I will suffer a future loss of earning capacity as well in an amount which I cannot specify at this time. [1]

---

[1] Ms. Lee plans to return to work for the school board. She has been out of work for approximately two years for a total past wage loss of $36,000.

23. Store employees with knowledge: ...manager, Mr. Darvin, and Tyrone (employee) last names unknown.

24. The Manager said there was water on the floor.

29. Photographs were taken by the Winn-Dixie store #353 manager Mr. Darvin and an employee name Tyrone

32. Disability: Difficulty standing for long periods of time, walking and running.

C. **PLAINTIFFS DEPOSITION SUMMARY:** Plaintiff's deposition was taken by counsel for Winn Dixie on January 19, 2005. The undersigned counsel is not in possession of the transcript of said deposition, but same is in the possession of counsel for Winn Dixie who also would have reported on same to Winn Dixie claims in the normal course of business.

Liability: She fell as she passed a freezer containing ice bags. She landed on her right knee and buttocks. The floor was wet and that is what caused her fall. A store employee named Tyrone was stacking ice nearby. The manager said there was water on the floor, took photos and put up signs.

Damages: She continues to have knee and back pain.

D. **DEFENDANT'S ANSWERS TO INTERROGATORIES :**
3. Witnesses include Monica Hatcher, and employees Darvin Wagstaffe, manager .
10-12: WINN DIXIE STORES INC admits ownership, maintenance and possession and control of the subject grocery store.

E. **DEFENDANT'S RESPONSE TO SUPPLEMENTAL REQUEST TO PRODUCE(Ex. 7):** Attaches 5 photographs of the accident scene showing cones, mats and BETTY LEE in pain on the floor after her injury.

F. **SUMMARY OF WRITTEN STATEMENT OF EYE WITNESS MONICA HAPCHER:** She saw an employee loading bags of ice from a flat stock cart to a freezer where bags of ice was stored. She saw a lady slip and fall in this area on a wet floor. She hit one of her knees on the floor. She then saw another young employee with a bucket and mop mopping floor. The manager told the mopper to go get a wet floor cone. The ice cart was close to the area where she fell.

## GENERAL NEUROLOGY/RADIOLOGY/MEDICAL RECORDS AND BILLS PREVIOUSLY PRODUCED:

**D/A- 8/21/04  North Shore Hospital**
History and Chief Complaint: Back and right knee hurts.   Fell due to wet floor. Landed on tail bone.  Twisted right knee.  Abrasion right knee.

**8/30/04 - 1/5/05 Treatment by Dr. Andrew Frank M.D. (Rehabilitation medicine) :**

    **8/30/04:** History and Chief Complaint: low back and right knee and leg.
Impression: Strain low back and right knee
Recommended: physical therapy, no work status and crutches

    **11/10/04**  Right knee swelling and pain.  Knee giving out.   Right knee temperature changes, swelling, crepitus and  wasting.
Diagnosis: internal derangement of right knee

    **12/07/04** knee brace.

    **1/5/05**  going to think about having surgery.
She has a **12% permanent partial impairment to the body as a whole.**
Dx: internal derangement right knee and severe lumbar strain right side.

**9/2/04 Dr. Jack Miller (orthopedics) -**
Diagnosis:  lumbar sprain; mild knee effusion; knee sprain and possible torn cartilage or ligament.

**10/4/04 Lumbar MRI** - mild degenerative disease; Narrowing of L2/3; osteophytes and facet hypertrophy at L5/s1.

**11/11/04  Right Knee MRI:**   non-displaced fracture of the patella with small joint efffusion.  Degenerative changes.  Small tear lateral meniscus.

**11/24/04 Dr. Jack Miller (orthopedics)** - tenderness and weakness may be caused by tear.  Possible arthroscopic surgery for right knee tear discussed with Dr. Frank.

**2/18/05 Dr Todd Kim (Orthopedics):**
Impression: laxity of th medial collateral ligament of right knee; partial tear of the anterior cruciate ligament and painful right knee.
Treatment- hinged knee brace; cortisone injection. Continued no work status.

| BILLS | |
|---|---|
| NORTH SHORE HOSPITAL | $1,626.00 |
| ELITE IMAGING OF AVENTURA -2 MRI SCANS | $3,000.00 (ESTIMATE) |
| DR CARRIE LANDRESS ( NEUROLOGICAL CONSULTATION) | TBA |
| DR. ANDREW FRANK | $7,495.00 |
| DR JACK MILLER LOP | $599.00 |
| DR. TODD KIM | TBA |
| FUTURE SURGERY | TBA |
| | $12,720.00 |

4.    **CONCLUSION:** These claims were timely filed. Based the above documentation previously submitted, BETTY LEE has shown that there is prima facie case of premises liability against either or both of the debtors proximately resulting in serious permanent injuries to her low back and right knee. Therefore, the supporting documentation is legally sufficient. The objections should be denied.

WHEREFORE, BETTY LEE, asks that the OMNIBUS OBJECTIONS to her claims be denied.

### CERTIFICATE OF SERVICE

I hereby certify that a true and copy was served on Smith, Hulsey & Busey, Attn: Tana Copeland, 225 Water St., Suite 1800, Jacksonville, Fla., 32202, via email to tcopeland@smithhulsey.com ,and via facsimile sent to 904-359-7707 this __10__ day of August, 2006.

Hoffman, Larin & Agnetti, P.A.
909 North Miami Beach Blvd.
Suite 201
Miami, FL 33162
(305) 653-5555
Attorneys for Creditor

David L. Perkins
Florida Bar # 264911