**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

In re:                                                                                     CASE NO. 05-03817-3F1

WINN-DIXIE STORES, INC.,                                                CHAPTER 11

        Debtor.
_____/

**BIG PINE SHOPPING CENTER, LLC's MOTION FOR RECONSIDERATION**
**OF ORDER STRIKING OBJECTION TO PROPOSED CURE AMOUNT**
**IN DEBTOR'S SECOND OMNIBUS MOTION TO ASSUME**
**NON-RESIDENTIAL REAL ESTATE LEASES**
(Related Docket Item No. 8941, 9726, 9744, 9754)

      COMES NOW Big Pine Shopping Center, LLC ("Big Pine" or "Lessor"), by and through its undersigned counsel, and files this Motion for Reconsideration of Order Striking Objection to the Proposed Cure Amount for Store #358 in Debtors' Second Omnibus Motion to Assume Non-Residential Real Estate Leases, and as grounds therefor states:

**FACTUAL BACKGROUND**

1. On June 30, 2006, the Debtor filed its Second Omnibus Motion to Assume Non-Residential Real Estate Leases (the "Omnibus Motion")(Docket Item No. 8941).

2. The Motion sought authority to assume the lease between the Debtor and Big Pine on Store #358, as well as fix the cure amount for said assumption at $5,405.04. The Motion identified an objection deadline of July 30, 2006.

3. On July 26, 2006, Rex Russo, Esq. counsel for Big Pine, filed "Big Pine Shopping Center, LLC's (Store #358) Objection to Proposed Cure Amount" ("First Objection") to the Debtors' proposed cure amount because the proper cure amount was $39,002.73. Docket Item No. 9726.

4.  On July 31, 2006, the Court entered its order striking the First Objection because it was not filed electronically (the "Order") Docket Item No. 9744.

5.  On August 1, 2006, the date on which Big Pine received notice of the Order, Big Pine filed a second Objection to the cure amount (the "Second Objection") (Docket Item No. 9754), which remains unresolved. Unfortunately, the Second Objection was filed after the July 30, 2006 deadline identified in the Omnibus Motion.

6.  Big Pine requests that the Court reconsider the Order.

## **MEMORANDUM**

As a basis for the Motion, Big Pine requests that the Court balance the equities of allowing the timely, if inadequately-filed, First Objection against the negative impact on Big Pine of losing its right to object to what it believes is the inaccurate cure amount in the Omnibus Objection. Big Pine has also filed a motion requesting that the Court allow the Second Objection to be considered as a timely response to the Omnibus Objection.

WHEREFORE, Big Pine Shopping Center, LLC requests that the Court reconsider its order striking the First Objection, or, in the alternative, allow the Second Objection to be considered as a timely response to the Omnibus Objection.

August 10, 2006         WILCOX LAW FIRM

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

And

REX E. RUSSO, ESQ.
Russo & Kavulich, P.L.
2655 LeJeune Road, PH 1-D
Coral Gables, FL 33134
Tel. (305) 442-7393
Fax (305) 445-4751
rexlawyer@prodigy.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006 I caused a copy of the foregoing **Motion for Reconsideration** to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox