## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., | CHAPTER 11 |
| Debtor. | |

### BIG PINE SHOPPING CENTER, LLC's MOTION FOR ORDER PERMITTING CONSIDERATION OF LATE-FILED OBJECTION TO PROPOSED CURE AMOUNT IN DEBTOR'S SECOND OMNIBUS MOTION TO ASSUME NON-RESIDENTIAL REAL ESTATE LEASES
(Related Docket Item No. 8941, 9726, 9744, 9754, 10123)

COMES NOW Big Pine Shopping Center, LLC ("Big Pine"), by and through its undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P 7006 files this Motion for Order Permitting Consideration of Late-Filed Objection to the Proposed Cure Amount in Debtors' Second Omnibus Motion to Assume Non-Residential Real Estate Leases, and as grounds therefor states:

### FACTUAL BACKGROUND

1. On June 30, 2006, the Debtor filed its Second Omnibus Motion to Assume Non-Residential Real Estate Leases (the "Omnibus Motion")(Docket Item No. 8941).

2. The Motion sought authority to assume the lease between the Debtor and Big Pine on Store #358, as well as fix the cure amount for said assumption at $5,405.04. The Motion identified an objection deadline of July 30, 2006. Because July 30, 2006 fell on a Sunday, the effective deadline was July 31, 2006.

3. On July 26, 2006, Rex Russo, Esq. counsel for Big Pine, filed "Big Pine Shopping Center, LLC's (Store #358) Objection to Proposed Cure Amount" ("First Objection") to

      the Debtors' proposed cure amount because the proper cure amount was $39,002.73. Docket Item No. 9726.

4. On July 31, 2006, the Court entered its order striking the First Objection because it was not filed electronically (the "Order") Docket Item No. 9744.

5. On August 1, 2006, the date on which Big Pine received notice of the Order, Big Pine filed a second Objection to the cure amount (the "Second Objection") (Docket Item No. 9754), which remains unresolved. Unfortunately, the Second Objection was filed after the July 31, 2006 deadline.

6. Big Pine requests that the Court consider the merits of the Second Objection, despite the fact that it was filed one day late.

## **MEMORANDUM**

The Court has the equitable power to allow the consideration of the Second Objection on its merits. *See Fed. R. Bankr. P 7006, "Enlargement of Time"*.

Big Pine asserts that the untimely filing is a result of "excusable neglect", and falls within the parameters of *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*., 507 U.S. 380, 113 S.Ct. 1489 (1993). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489. Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc*., 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no

reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".) As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489.

### Reason for the Delay

The delay here was caused by the fact that the First Objection, which was timely, was filed in paper form. When filing the First Objection, Mr. Russo explained the circumstances that made electronic filing impossible. The Court apparently did not accept the explanation, and entered the order striking the First Objection.[1] Big Pine did not receive notice of the Order in time to permit the filing of the Second Objection by July 31, 2006.

### Length of Delay and Potential Impact on Judicial Proceedings

The Second Objection was filed one day late, well before the hearing on the Omnibus Motion, and in a timely enough fashion to allow it to be considered. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion.

### Prejudice to the Debtors

There can be little prejudice to Winn-Dixie Stores. As stated above, the Second objection was filed well before the hearing. The granting of this Motion will not deprive Winn-Dixie Stores of its ability to respond to the Second Objection on its merits.

---

[1] Big Pine has also filed a motion requesting that the Court reconsider the Order striking the First Objection (Docket item No. 10123).

**Big Pine's Good Faith**

Big Pine's actions in this case were taken in good faith, and there can be no suggestion of bad faith. While the filing of the First Objection in paper form may not have been in technical compliance with the Court's procedures, the filing was filed in compliance with the rules of most Florida state courts, by counsel who does not participate regularly in this Court.

**The Factors as a Whole**

Big Pine requests that the Court balance the equities of allowing the Second Objection o be considered on its merits, against the negative impact on Big Pine of losing its right to object to what it believes is the inaccurate cure amount in the Omnibus Objection. Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Big Pine's Second Objection timely-filed will permit the issues to be resolved on their merits. Such relief will result in no prejudice to the Debtors, will serve to protect Big Pine's rights, and is consistent with the interests of justice.

WHEREFORE, Big Pine Shopping Center, LLC requests that the Court allow the Second Objection to be considered as a timely response to the Omnibus Objection.

August 11, 2006                    WILCOX LAW FIRM

/s/ **Robert D. Wilcox**
Robert D. Wilcox (FL #755168)
6817 Southpoint Parkway, Suite 1302
Jacksonville, FL 32216
Telephone: (904) 281-0700
Facsimile: (904) 513-9201

And

REX E. RUSSO, ESQ.
Russo & Kavulich, P.L.
2655 LeJeune Road, PH 1-D
Coral Gables, FL 33134
Tel. (305) 442-7393
Fax (305) 445-4751
rexlawyer@prodigy.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2006 I caused a copy of the foregoing **Motion for Reconsideration** to be served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all served electronically, and by electronic mail to D.J. Baker, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036.

/s/ **Robert Wilcox**
Robert D. Wilcox