UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No.: 05-03817-3F1 |
|  | ) |  |
| WINN-DIXIE STORES, INC., <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

_____/

## <u>CREDITOR'S RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO</u> <u>UNRESOLVED LITIGATION CLAIMS</u>

COMES NOW Creditor, Terri Hughes, by and through her undersigned Attorney and does respond to and <u>oppose</u> Debtors' Omnibus Objection to Unresolved Litigation Claims dated June 22, 2006.

As to Ms. Hughes' claim, the Notice of Hearing On Debitors' Omnibus Objection To Unresolved Litigation Claims dated July 25, 2006 states as "Reasons for Disallowance: No Liability-- Disputed Claim; Late Claim". Creditor does oppose the disallowance of her claim, and states as ground for such opposition the following:

1.    As to the disputed liability of the claim.

Attached hereto as "Exhibit A" is an Affidavit of the Creditor, Terri Hughes, regarding the circumstances of her fall within the Winn Dixie Store at 1971 West State Road 60, Brandon, Florida on June 12, 2002. Florida Statutes §768.0710, effective May 30, 2002, states:

> (1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury or damage.

1

F. S. §768.0710(2) requires the claimant to show that the person or entity in possession or control of the premises failed to exercise reasonable care in the maintenance, inspection, repair, warning, and/or mode of operation of the business premises. The statute further indicates that actual or constructive notice of the foreign substance is not a required element of proof.  F.S. §768.0710(2)(b).

Therefore, in the claim of Creditor against Winn-Dixie for negligence, there are genuine issues of fact as to whether Winn-Dixie was negligent in causing Terri Hughes' fall in their store on June 12, 2002.


2.    As to the late filing of the proof of claim.

Terri Hughes was originally represented regarding her negligence claim against Winn Dixie by Stephen Stuart, Esquire of the law firm of Stuart & Strickland, P.A. Attached hereto as "Exhibit B" is the August 14, 2002 letter from Mr. Stuart to Winn Dixie Risk Management advising of his representation in the claim of Ms. Hughes, and attached hereto as "Exhibit C" is the August 20, 2002 letter in response from Sedgwick Claims Management Services, Inc acknowledging Mr. Stuart's representation and requesting the opportunity to take the recorded statement of Ms. Hughes—which was in fact done on October 18, 2002 (see attached "Exhibit D").  On August 25,2004 Sedgwick Claims Management Services, Inc sent a letter to Mr. Stuart inquiring about status of Ms. Hughes' claim (see attached "Exhibit E").  On September 1, 2004, Mr. Stuart sent a letter advising that the case was being turned over to J. Christopher Deem, Esquire and provided his address and telephone numbers (see attached "Exhibit F").

2

The Court's April 28, 2005 <u>Order (A) Establishing Deadline For Filing Proofs Of</u> <u>Claim, (B) Approving Proof Of Claim Form, (C) Approving Proof Of Claim Filing</u> <u>Deadline Notices, (D) Approving Mailing Procedures, (E) Conditionally Approving</u> <u>Publication Procedures and (F) Conditionally Providing Certain Supplemental Relief</u> states that written notice in the form of the Exhibit B "Bar Date Notice" form attached to the Order shall be mailed to "all creditors and other holders of claims as of the date of this Order... ".

Clearly, Winn Dixie, through its agent Sedgwick Claims Management Services, Inc, was actively acknowledging Ms. Hughes' claim and had the relevant address information for Creditor as well as both her former and current attorneys. However, the first written notification sent to any of these parties stating that a Proof of Claim was required for Terri Hughes' claim for negligence against Winn Dixie was sent by letter dated December 14, 2005 from a liability adjuster for Sedgwick Claims Management Services, Inc.   Creditor immediately prepared her Proof of Claim form dated December 16, 2005, and this form was received at the Bankruptcy Court on December 21, 2005.

Attached hereto as "Exhibits G, H and I" are affidavits from Terri Hughes, from Katharine Satchell of the law firm of Stuart & Strickland, P.A., and from Tobey Mahoney of the law firm of J. Christopher Deem, P.A. all confirming that no written notification of any kind was received prior to the August 1, 2005 Bar Date from the Bankruptcy Court and/or Winn Dixie regarding Ms. Hughes claim.

Creditor submits that Debtor failed to comply with the Order requiring written notification to Creditor Terri Hughes, and therefore is estopped from raising an objection that the Proof of Claim was not timely filed.

3

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by email and by facsimile to Smith, Hulsey & Busey, Attn: Tana Copeland, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 and D. J. Baker, Esquire, Four Times Square, New York, New York 10036, on this __11th__ day of August, 2006.

J. CHRISTOPHER DEEM, ESQUIRE
J. Christopher Deem, P.A.
P.O. Box 24248
Tampa, Florida 33623-4248
(813) 287-9190
F.B.N.: 0393703
(813) 287-8425
E-Mail: cdeem@atty4thedisabled.com

4

## AFFIDAVIT OF TERRI HUGHES

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

BEFORE ME, the undersigned authority, this day personally appeared, personally known to me, and after being duly sworn, says:

1) That my name is Terri Hughes, I reside in Valrico, Florida, I am at least eighteen years of age, and I am mentally competent.

2) That I have personal knowledge of the matters contained herein.

3) That on Wednesday, June 12, 2002, I was in a Winn Dixie Store located at 1971 West State Road 60, Brandon, Florida for the purpose of buying groceries.

4) That I was pushing a shopping cart containing some grocery items near the customer service desk when I slipped and fell in a puddle of watery blood that was on the floor.

5) That at the time that I fell, there were approximately six Winn Dixie employees in the vicinity of where I fell.

6) That prior to my fall, there were no warning signs in the area where I fell, nor did anyone verbally caution me about the blood on the floor.

7) That the puddle of blood on the floor had obviously dripped from a package of meat which had not been properly wrapped.

8) That I was not carrying any meat in my cart, and did not cause or contribute to the blood being on the floor.

EXHIBIT "A"

9)      That I was unable to see the blood on the floor because the cart I was

        pushing in front of me blocked my view of the floor and my attention was

        focused on looking at the displays for the next items that I intended to

        purchase.

FURTHER AFFIANT SAYETH NOT.

TERRI HUGHES

SWORN TO AND SUBSCRIBED Before me this the 9 day of August 2006

NOTARY PUBLIC

My Commission Expires:           Tobey K Mahoney
                                 My Commission DD147907
                                 Expires September 05, 2006

# STUART & STRICKLAND, P.A.

### Attorneys at Law

Steven A. Strickland

Stephen K. Stuart

(813) 259-9352

(813) 258-1095 FAX

613 South Boulevard

Tampa, Florida 33606

August 14, 2002

Ms. Norma Clements
Risk Management
Winn-Dixie Stores, Inc.
5050 Edgewood Court,
Jacksonville, Florida 32203

|  | **RE:** | **My Client:** | **Terri Hughes** |
|--|--|--|--|
|  |  | **D/A:** | **6/12/2002** |
|  |  | **Incident #:** | **A211207754** |

Dear Ms. Clements:

Please be advised this firm has been retained by Terri Hughes with regard to the above-captioned matter.

Please send me a copy of the accident report prepared by the store manager regarding Ms. Hughes' June 12, 2002, fall at the Valrico store (store #0716). Also, we believe that the fall would have been captured on videotape surveillance in the store and I would appreciate receiving a copy of the videotape at your earliest convenience.

Of course, we will pay any reasonable charges in connection with obtaining a copy of the original videotape.

Ms. Hughes tells me that the store manager told her to go Brandon Regional Hospital after the subject incident and that medical bills would be taken care of "on Winn-Dixie's account." After Ms. Hughes went to Brandon Regional Hospital and inquired about this, she was told that there was no "Winn-Dixie account." Accordingly, I have enclosed the bills from Brandon Regional Hospital as well as a copy of the medical records of Dominador R. Uy, Jr., D.C., for your review.

Please call me if you have any questions.

Sincerely yours,

STEPHEN K. STUART

SKS/ks
Enclosures

**EXHIBIT "B"**



## Sedgwick

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone 904 419-5300   Facsimile 904 419-5365/5359

August 20, 2002

Stephen K. Stuart
Stuart & Strickland, P.A.
613 South Boulevard
Tampa, FL  33606

AUG 2 2 2002

RE:  Claimant:   Terri Hughes
     DOL:        06/12/2002
     Location:   Winn-Dixie #0716
                 1971 State Road
                 Valrico, FL
     Division:   Winn-Dixie Orlando Division No. 12
     Claim #:    A211207754

Dear Mr. Stuart:

I acknowledge your letter pertaining to your representation of Terri Hughes.

Sedgwick Claims Management Services, Inc., is the third-party administrator of claims for Winn-Dixie Stores.  Winn Dixie Stores are self-insured for Premises Liability with a $2,000,000.00 retention.  There is no medical payments coverage.

I am the adjuster assigned to this file.  Please provide a status as to Terri Hughes's treatment and medical proof.  Additionally, I request that you contact me upon receipt of this letter, so we can obtain a recorded statement from your client as liability is very questionable regarding this claim.

My direct line is  (904) 419-5325.

Sincerely,

Cathy McHugh
General Liability Examiner

CM/bs

**EXHIBIT "C"**



# Sedgwick CMS

Se─ ─ick Claims Management Services, Inc.
PO  ─ 24787, Jacksonville, Florida 32241-4787
Teleph─  904 419-5300. Facsimile 904 419-5365/5359

October 31, 2002

NOV 0 4 2002

Stephen K. Stuart
Stuart & Strickland, P.A.
613 South Boulevard
Tampa, FL  33606

Re:         ─aimant:        Terri Hughes
            ─OL:            6/12/02
            ─ur Insured:    Winn-Dixie #716
            ─ur File No.:   A211207754

Dear Mr. Stuart:

Enclosed please find ─ ─ranscript copy of your client's recorded statement taken on 10/18/02.

Should you have any ─ ─estions regarding the enclosed, please do not hesitate to contact me directly at (904) 4─9-5327.

Sincerely,

Cathy McHugh
General Liability Examiner

cam/enc.

EXHIBIT "D"



**Sedgwick**

Sedgwick Claims Management Services, Inc.
P.O. Box 24787, Jacksonville, FL 32241-4787
Telephone (904) 419-5300    Facsimile (904) 419-5365

August 25, 2004

Stephen K. Stuart
Stuart & Strickland, P. A.
613 South Boulevard
Tampa, FL  33606

Re:  Claim No.:   A211207?34
      Our Client:   Winn Dixie Stores, Inc.
      Claimant:    Terri Hughes
      DOI.:         6/12/2002

Dear Mr. Stuart:

Please provide me with the current status of this claim.  My last contact with your office was by phone on June 18, 2004 at which time Katie advised that she believed the client was still treating.

If you continue to represent Ms. Hughes in this matter, please advise if she has completed treatment and when we might expect to receive the medical specials and your demand.

Thank you for your attention to this matter.

Sincerely,

*Janet S. Howard*

Janet S. Howard
Sr. General Liability Examiner
(904) 419-5349

JSH/jh

EXHIBIT "E"

# STUAR꞉ & STRICKLAND, P.A.

### Attorneys at Law

Steven A. Strickland

Stephen K. Stuart

(813) 259-9352

(813) 258-1095 FAX

www.stuart-strickland.com

613 South Boulevard

Tampa, Florida 33606

September 1, 2004

Janet S. Howard
Sr. General Liability Examiner
Sedgwick
P.O. Box 24787
Jacksonville, FL 32241-4787

RE:   **Claim** No.:    03107754
      **Your Client:**  Winn Dixie Stores
      **Claimant:**     Hughes
      **DOL:**

Dear Ms. Howard:

Please be advised that I will no longer be **representing Ms. Hughes in regard to the above** matter.

Please direct any further correspondence to her new counsel:  J. Christopher Deem, Esquire, P.O. Box 24248, Tampa, 33623-4248; phone (813) 287-9190; fax (813) 286-3600.

**Thank you** for your attention to the foregoing.

Sincerely yours,

*Stephen K. Stuart /ss*

STEPHEN K. STUART
(Signed in Mr. Stuart's absence to expedite delivery.)

SKS/ks
cc:    J. Christopher Deem, Esquire

EXHIBIT "F"

A_____ ___IT OF TERRI HUGHES

STATE OF FLORIDA
COUNTY OF HILLSBOROUC _

    BEFORE ME, the unde_____ authority, this day personally appeared, personally

known to me, and after being ___ ___orn, says:       *VALRICO FL*

    1)    That I am Terri ___ ___ I reside in Brandon, Florida, I am at least eighteen

          years of age, an ___ ___mentally competent.

    2)    That I have pers ___ ___owledge of the matters contained herein.

    3)    That I have nev ___ ___ved a written notice, document, or pleading of any

          kind pert___ning t ___nkruptcy claim filed by Winn Dixie Stores, et al.

FURTHER AFFIANT SAYETI


                                    _Terri Hughes_ _____
                                    TERRI HUGHES


SWORN TO AND SUBSCRIE ___ ___re me this the 9 day of August 2006


                                    _____ Mahoney
                                    NOTARY PUBLIC


My Commission Expir___ ___        ___ey K Mahoney
                                  Commission DD147907
                                  ___pires ___ ___ember 05, 2008




                          ___ ___ "G"

### AFFIDAVIT OF KATHARINE SATCHELL

STATE OF FLORIDA                )
                                )  S. S.
COUNTY OF HILLSBOROUGH          )

**BEFORE ME**, the undersigned authority, personally appeared KATHARINE L. SATCHELL, who, being sworn deposes and says the following:

1.    My name is Katharine Satchell. I am a resident of Hillsborough County and employed by the firm of Stuart & Strickland, P.A. at 613 South Boulevard, Tampa, Florida 33606. Stuart & Strickland, P.A., does business in Hillsborough County. I am over the age of 18 years old and I have personal knowledge regarding the facts and matters set forth herein.

2.    Stuart & Strickland, P.A. were the former attorneys for Terri Hughes in regard to her pending accident claim against Winn Dixie. I am the receptionist/legal assistant for the firm and have the responsibility of opening the daily mail and filing documents in the client's file. We have never at any time up to the present date received any type of written notification or correspondence pertaining to Winn Dixie's bankruptcy matter as it may pertain to Terri Hughes' claim against them.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
KATHARINE L. SATCHELL

**ON THIS** ___ day of August, 2006, before me, a Notary Public of said State, duly commissioned and sworn personally appeared KATHARINE L. SATCHELL, known personally to me to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

_____
NOTARY PUBLIC, State of Florida
Printed Name: _____
My Commission Expires:

Steven A. Strickland
My Commission DD267408
Expires March 27 2008

EXHIBIT "H"

## AFFIDAVIT OF TOBEY MAHONEY

State of Florida     )
                 ) S.S.
County of Hillsborough  )

**BEFORE ME**, the undersigned authority, personally appeared TOBEY MAHONEY, who being sworn, deposes and says the following:

1. My name is Tobey Mahoney. I am a resident of Hillsborough County and employed by the firm of J. Christopher Deem, P.A. at P. O. Box 24248, Tampa, Florida which does business in Hillsborough County. I am over the age of 18 years old and I have personal knowledge regarding the facts and matters set forth herein.

2. J. Christopher Deem, P.A. has represented Terri Hughes since September, 2004. Since that time I have been the legal assistant assigned to Ms. Hughes' file. My responsibilities include opening and reviewing all mail and filing all documents regarding Ms. Hughes' case.

3. As Terri Hughes' claim, the firm did not receive from September, 2004 through December 2005 any written notice or correspondence of any kind from any source regarding Winn Dixie's bankruptcy proceedings.

**FURTHER AFFIANT SAYETH NAUGHT.**

TOBEY K. MAHONEY

**ON THIS** ___ day of August, 2006 before me a Notary Public of said State, duly commissioned and sworn, personally appeared TOBEY K. MAHONEY, known personally to me the person whose name is subscribed to the within instrument, and acknowledged that she executed the same.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

NOTARY PUBLIC, State of Florida
Printed Name: _____
My Commission Expires: _____

EXHIBIT "I"