UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                                                  Case No. 05-03817-3F1
                                                                                        Chapter 11
WINN-DIXIE STORES, INC., et al.,                                 Jointly Administered
                                                                                        Creditor: Cassie Aaron Wallace
Debtors.                                                                            Creditor No. WDX-416219-L4-L1
_____/                          Claims No. 12450 AND 12451

### CASSIE AARON WALLACE'S MOTION TO DEEM PROOFS OF CLAIMS TIMELY

COMES NOW CREDITOR CASSIE AARON WALLACE and files this MOTION TO DEEM HER PROOFS OF CLAIMS TIMELY pursuant to Bankruptcy Rule Rule 9006 (b)(1) and states as follows:

1. **BACKGROUND:**

   CASSIE AARON WALLACE filed two claims for damages (Claims No. 12450 and 12451) (Ex. A) on 11/10/2005 for injuries arising from a slip and fall accident against WINN DIXIE STORES INC and WINN DIXIE SUPERMARKETS INC. MS. WALLACE claims that the proofs were filed late as a result of excusable neglect as is more fully set forth herein and therefore should be deemed timely.

2. **APPLICABLE LAW**

   A.  Bankruptcy Rule Rule 9006 (b)(1) provides in pertinent part that: "...when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ...(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

   B.  Whether a tardy filing of a proof of claim should be considered "excusable neglect" under Bankruptcy Rule 9006(b)(1) depends on four factors: (1) the danger of prejudice to the nonmovants, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay and (4) whether the movant acted in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S . 380, 395 (1993).*

3. **FACTS SHOWING EXCUSABLE NEGLECT:**

   A. **NO PREJUDICE TO NON-MOVANTS:** There will be no prejudice to WINN DIXIE since it was aware of CASSIE WALLACE'S claim as early as 12/8/04 when it advised another tortfeasor that Ms. Wallace was claiming payment of her medical bills. (Ex. B). Furthermore, WINN DIXIE has fully participated in the claims resolution process with Ms. Wallace since her claim was filed and has never raised the issue of timeliness of the proof of claim until it filed its objection in June of 2006. (See correspondence with SEDGWICK CLAIMS dated 12/9/05, 1/9/06, 1/13/06, 4/27/06 Questionnaire, and 5/8/06) (Ex. C, D, E, F and G).

   B. **THE DELAY IN FILING THE PROOFS OF CLAIM WAS RELATIVELY SHORT AND WILL HAVE NO IMPACT ON THESE PROCEEDINGS:** There was only a short delay here of approximately 3 months between the first bar date and the filing of these two proofs of claims. The delay appears to have had no impact on these proceedings in view of debtors' participation with the creditor in this proceeding and its claims resolution process.

   C. **REASONS FOR LATE FILING:**

      1. First, CASSIE WALLACE did not personally receive notice of the filing date. Second, the undersigned law firm did not receive notice specifically directed to CASSIE WALLACE of the filing date.

      2. Second, as a result of the following mistakes of fact, the filing of the proofs was delayed. On 6/24/05, SEDGWICK claims sent a letter to the undersigned firm that although bankruptcy had been filed, bo porocdure had yet been formulated to deal with claims such as CASSIE WALLACE'S. (Ex.H ). One of the firms' senior attorneys instructed a paralegal to file the claim timely. However, it was not timely filed pursuant to his instructions.

         Due to the undersigned's office being without power from 10/24 to 11/2/05 because of Hurricane Wilma, the claim questionnaire was also delayed. It was at this time in early November just after power was restored, that this same senior attorney examined the file, checked the docket and learned that the proof of claims had not in fact been filed. The proofs were therefore filed immediately thereafter on 11/10/05.

D. **CASSIE WALLACE AND HER COUNSEL HAVE AT ALL TIMES ACTED IN GOOD FAITH:** CASSIE WALLACE and her counsel have at all times acted in good faith. Indeed there is no evidence to the contrary. As soon as creditor was noticed that DEBTORS were raising this issue of timeliness of the proofs of claims, this motion was filed.

4. Creditor reserves the right to supplement this Motion as necessary with further evidence including affidavits in support thereof.

WHEREFORE, CREDITOR CASSIE WALLACE respectfully requests that this court grant her Motion to deem her proofs of claims timely.

## CERTIFICATE OF SERVICE

I hereby certify that a true and copy was served on Smith, Hulsey & Busey, Attn: Tana Copeland, 225 Water St., Suite 1800, Jacksonville, Fla., 32202, via email tcopeland@smithhulsey.com and via facsimile sent to 904-359-7707 this _____ day of August, 2006.

Hoffman, Larin & Agnetti, P.A.
909 North Miami Beach Blvd.
Suite 201
Miami, FL 33162
(305) 653-5555
Attorneys for CASSIE/AARON WALLACE

_____
David L. Perkins
Florida Bar # 264911

_____
Torrence R. Phillips
Florida Bar # 0017747