UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., et al., | *Chapter 11* |
| Debtors. | Jointly Administered |

**CREDITOR ANA MARTINEZ'S RESPONSE TO DEBTORS'
OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS**

Creditor Ana Martinez ("Martinez") files this response to the Debtors' Omnibus Objection to Unresolved Litigation Claims, and in support thereof, states as follows:

**General Background**

1. On or about February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the objection are Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. By order dated April 28, 2005, (the "Claims Bar Date Order"), this Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.

5. On February 28, 2005, Claimant, Anna Martinez, timely filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York a non-insider general unsecured claim in the amount of $500,000.00 (the "Proof of Claim") for damages arising from an injury she sustained when she slipped and fell at a Winn Dixie Supermarket located at 1525 Coral Way, Miami, Florida on July 19, 2004. The Proof of Claim was directed specifically to the Debtor, Winn Dixie Supermarkets, Inc. This Proof of Claim has been designated as Claim No. 20, and a copy of the proof of claim is attached hereto as *Exhibit "A."*

6. Additionally, on February 28, 2005, as a precaution Clamant also sent a copy of the Proof

1

of Claim (Claim No. 20) to Logan and Company, Inc. in consideration of Debtors' *Application for Approval of Agreement with Logan & Company, Inc. And Appointment of Logan & Company, Inc. As Claims, Noticing, and Balloting Agent for the Debtors*.

7. Following receipt of the *Notice of Deadline Requiring Filing Proofs of Claim on or before August 1, 2005, at 5:00 p.m., Eastern Time*, on July 22, 2005, Claimant, again as a precaution, filed three more proofs of claim directed to the Debtors, Winn Dixie Supermarkets, Inc., Winn-Dixie Logistics, Inc., and Winn Dixie Stores, Inc., as Claimant was not sure which individual Debtor her claim should be directed. These proofs of claim have been designated as Claim Nos. 7971, 7972, and 7973. A copy of these proofs of claim are attached hereto as Exhibit "B."

8. On June 22, 2006, the Debtors, pursuant to 11 U.S.C. § 502(b), Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1, filed their Omnibus Objection to Unresolved Litigation Claims, which included objections to the Proof of Claim (Claim No. 20), and to Claimant's other proofs of claim described above (Claim Nos. 7971, 7972, and 7973) (the "Objection").

9. As the basis for its objection to the Proof of Claim (Claim No. 20), the Debtors allege the following: ***"No Liability – Disputed Claim; Amended by Claim No. 7971 And Insufficient Proof of Claim."***

10. As the basis for its objection to Claim No. 7971 the Debtors allege the following: ***"No Liability – Disputed Claim."***

11. As the basis for its objection to Claim No. 7972 the Debtors allege the following: ***"No Liability – Disputed Claim; Duplicated by Claim No. 7971"***

12. As the basis for its objection to Claim No. 7973 the Debtors allege the following: ***"No Liability – Disputed Claim; Duplicated by Claim No. 7971"***

13. Accordingly and pursuant to the Objection, the Debtors seek to disallow the Proof of Claim (Claim No. 20) and all other claims filed by Claimant (Claim Nos. 7971, 7972, and 7973) in their entirety. At the time of filing the Objection, the Debtors stated that the Objection is being made only to confirm and preserve the rights of the Debtors as to objections being made and that no relief is being requested by the Debtors.

14. On July 25, 2006, Debtors served their *Notice of Hearing on Debtor's Omnibus Objection to Unresolved Litigation Claims* which provided that a hearing is scheduled for August 24, 2006 at 1:00 p.m., before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida, 32202, to consider the Objection. More specifically, the Debtors identified Claim No. 20 as one of the Claims which shall be considered by the Court on the above date and time.

Kaplan and Freedman, P.A., Attorneys at Law
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

**Response**

15. The Claimant has filed a claim for negligence arising from a fall, which occurred on July 19, 2004, at a Winn-Dixie Supermarket located at 1525 Coral Way, Miami, Florida 33135, which is owned and/or operated by the Debtors in Miami-Dade County Florida. More specifically, the Claimant, Anna Martinez, was grocery shopping in the frozen food aisle of the supermarket and slipped and fell on water which had accumulated in the aisle.

16. At the time of the filing of the bankruptcy petition, the Claimant had not yet initiated a cause of action in state court in Miami-Dade County Florida and only had provided notice of the claim to Winn Dixie.

17. At the time of the aforedescribed incident, Winn Dixie, by and through its agents, servants, and/or employees, did own, operate, manage, and/or control the premises described above where the incident occurred. Under the laws of the State of Florida the Debtors had a non-delegable duty to maintain the aforementioned business premises, in a reasonably safe condition for persons lawfully upon said premises.

18. The Claimant will demonstrate at a trial in this matter, that Winn Dixie breached its duty of care to her by negligently and carelessly failing to maintain the aforesaid premises in a reasonably safe condition for her protection and safety. The Claimant will further demonstrate that numerous obligations, duties and responsibilities of Winn Dixie had been violated immediately prior to said occurrence.

19. Multiple proofs of claim have been submitted by Anna Martinez for an amount in excess of $500,000.00, representing serious and permanent injuries sustained by the Claimant in the subject fall. More specifically, Plaintiff has suffered significant pain in her left knee and lower back requiring diagnostic studies to be performed which have revealed (i) a partial tear of the anterior cruciate ligament, (ii) strain of the medial collateral ligament, (iii) joint effusion of the left knee, (iv) a left posterolateral disk herniation at L2-L3, (v) a radial tear involving the L4-L5 disk, and (vi) neural encroachment at L2-L3 and L5-S1. The findings on the MRI have necessitated further care and treatment to include (i) an annuloplasty at L4-L5, (ii) lumbar percutaneous discectomy at L2-L3, and (iii) an Interdiscal Depo-Medrol injection with analgesic at L2-L3. Currently, Ms Martinez has incurred in excess of $50,000 in medical expenses relating to her care and treatment to date and is expected to incur additional expenses relating to future procedures and rehabilitation.

20. At trial, Claimant will introduce evidence to establish economic damages, together with intangible losses represented by pain and suffering, mental anguish, inability to carry on normal activities of daily living and disability. It is anticipated that Claimant's damages fall within a range in excess of $500,000.00.

21. Liability should be imposed upon the Debtors based upon common law precedents, which

Kaplan and Freedman, P.A., Attorneys at Law
9410 Southwest 77ᵗʰ Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

establish the legal responsibility of a premises owner for dangerous conditions located upon the owner's premises. Genuine issues of material fact exist as to the liability of said Debtors for allowing a dangerous condition to exist during the time of the Claimant's occurrence.

22. It is the intent of the Claimant to proceed to trial after obtaining relief from the automatic stay instituted by this Court in this bankruptcy proceeding and to seek the entry of a final judgment on her behalf against the Debtors, pursuant to the law of the State of Florida.

23. The Debtors' objections to the above referenced claims of the Claimant are legally without merit and should respectfully denied. Moreover, the Debtors' request for disallowance of said claim is based upon unsubstantiated conclusory statements, which bear no relation to the underlying facts and procedural posture of the subject claim.

24. To the extent that the Debtors are only seeking a disallowance of the Proof of Claim (Claim No. 20) at this time and to no other claim of the Claimant, because such Proof of Claim is duplicative of other claims filed by Claimant, the Claimant has no objection to the relief requested by the Debtor. However, if the Debtors are seeking disallowance of all claims filed by the Claimant at this time, the Claimant objects to the relief requested as stated herein.

**WHEREFORE**, Claimant, Ana Martinez, respectfully requests, as a precaution, that this Court overrule the Objection, and grant any additional relief that the Court may deem just and proper.

Respectfully submitted this _____ day of August, 2006.

                KAPLAN AND FREEDMAN, P.A.
                Attorneys for Claimant Ana Martinez
                9410 Southwest 77th Avenue
                Miami, Florida 33156
                Telephone: (305) 274-7533
                Facsimile: (305) 274-7855

                By:      /s/
                     Matthew E. Kaplan
                     Florida Bar No. 519227

Kaplan and Freedman, P.A., Attorneys at Law
9410 Southwest 77th Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via regular U.S. mail and facsimile upon Stephen D. Busey, Esq., James H. Post, Esq., and Leanne McKnight Prendergast, Smith Hulsey & Busey, Attn: Tana Copeland, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 this _____ day of August, 2006.

                              By:      /s/
                                        Matthew E. Kaplan

Kaplan and Freedman, P.A., Attorneys at Law
9410 Southwest 77ᵀᴴ Avenue • Miami, FL 33156-7903 • telephone (305) 274-7533 • fax (305) 274-7855