UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                              Case No. 05-03817-3F1
                                                    Chapter 11
WINN-DIXIE STORES, INC., et al.,                    Jointly Administered
                                                    Creditor: Cassie Aaron Wallace
Debtors.                                            Creditor No. WDX-416219-L4-L1
_____/                     Claims No. 12450 AND 12451


# CASSIE AARON WALLACE'S RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS

COMES NOW CREDITOR CASSIE AARON WALLACE and files this RESPONSE TO DEBTOR'S OMNIBUS OBJECTIONS TO UNRESOLVED LITIGATION CLAIMS and states as follows:

1. **BACKGROUND:**

    A. CASSIE AARON WALLACE filed two claims for damages (Claims No. 12450 AND 12451) for injuries arising from a slip and fall accident against WINN DIXIE STORES INC and WINN DIXIE SUPERMARKETS INC.

    B. Debtors filed OMNIBUS OBJECTIONS to these claims.

2. **CREDITOR HAS FILED A MOTION TO DEEM PROOF OF CLAIMS TIMELY**:

    a. CASSIE AARON WALLACE has filed a motion to deem her two claims for damages (Claims No. 12450 AND 12451)( EX 1) arising from a slip and fall accident against WINN DIXIE STORES INC and WINN DIXIE SUPERMARKETS INC as timely. This motion has not yet been ruled on.

3. **THE CLAIMS ARE SUPPORTED BY LEGALLY SUFFICIENT DOCUMENTATION WHICH SHOW THAT CASSIE AARON WALLACE SUFFERED INJURIES PROXIMATELY CAUSED BY DEBTORS' BREACH OF THEIR NON-DELEGABLE DUTY TO MAINTAIN THEIR PREMISES IN A SAFE MANNER. :**

A. **LETTER OF 12/08/04 FROM WINN IDIXE STORES INC. TO CASSIE AARON WALLACE (ex. 2):** This letter shows that DEBTORS were on notice of the following information:
   1. CASSIE WALLACE slipped and fell on a wet floor in Aisle 9 of Winn Dixie store 0228 on 11/18/04.
   2. There were no wet signs down to advise her the floor was wet.
   3. Someone was cleaning the floor and leaving water behind.
   4. She injured her back, buttocks and legs.
   5. She went to the hospital and took pain medication

B. **CLAIMS QUESTIONNAIRE (Ex. 3):**
   1. The questionnaire was sent on 4/27/06 and again by facsimile letter on 8/9/06 (Ex. 4) to SEDGWICK claims and provided the following information .
   2. She fell in the store and as a result, she injured her low back and leg.
   3. She was treated at Imperial Point Hospital.

C. **IMPERIAL POINT EMERGENCY ROOM RECORD AND BILL DATED 11/18/04:**
   1. The Imperial Point Emergency Room Record and Bill Dated 11/18/04 was forwarded to the applicable SEDGWICK claims representative on 8/9/06 (Ex. 4) and shows the following.
   2. The bill for services rendered at the emergency room was $994.00.
   3. Three hours earlier she fell in a grocery store. She is complaining of pain in both of her knees and her low back.
   4. There were contusions and swelling in both knees as a result of hitting the floor.

D. **NON-DELEGABLE DUTY AS OWNER OF PREMISES TO MAINTAIN THEM IN A SAFE MANNER:**
   1. Creditors have claimed that since another company was cleaning the floor at the time of the accident,, the creditors are not responsible for CASSIE WALLACE'S injury.
   2. Although said company may be responsible in tort for said injury, Winn Dixie is not totally relieved of responsibility in that it was the owner of the premises and therefore had a non delegable duty to maintain them safely. As a result, it would be responsible, on a vicarious or derivative basis for any negligence committed by the cleaning company. *Garcia v. State of Florida, Department of Natural Resources, 707 So.2d 1158 (Fla. 3d DCA 1998), affirmed on other grounds, Florida Department of Natural Resources., v. Garcia, 753 So2d 72 (Fla. 2000).* See also *Mortgage Guarantee Insurance Corporation, v. Stewart, 427 So2d 76 ( Fla 3rd DCA 1983 ); U.S. Security Services*

Corporation v. Ramada Inn, 665 so.2d 268(Fla. 3rd DCA 1996); NME Properties, Inc. v. Rudich, 840 So.2d 309 (Fla.. 4th DCA 2003). These case hold that although an owner can delegate a repair, it cannot delegate its ultimate responsibility to provide a duty of care nor absolve itself of liability as a matter of law.

4. **CONCLUSION:**

Creditor has filed a motion to deem her proof of claims timely. The claims are supported by legally sufficient documentation which show that CASSIE AARON WALLACE suffered injuries proximately caused by debtors' breach of their non-delegable duty to maintain their premises in a safe manner. The objections should be denied.

WHEREFORE, CASSIE AARON WALLACE, asks that the OMNIBUS OBJECTIONS to her claims be denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and copy was served on Smith, Hulsey & Busey, Attn: Tana Copeland, 225 Water St., Suite 1800, Jacksonville, Fla., 32202, via email tcopeland@smithhulsey.com ,and via facsimile sent to 904-359-7707 this ⎯11⎯ day of August, 2006.

Hoffman, Larin & Agnetti, P.A.
909 North Miami Beach Blvd.
Suite 201
Miami, FL 33162
(305) 653-5555
Attorneys for CASSIE AARON WALLACE

David L. Perkins
Florida Bar # 264911

Torrence R. Phillips
Florida Bar # 0017747