**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO.: 3:05-bk-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC.**, et al, | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |
| | ) | |

### RESPONSE OF MARINDA N. BROWN, TO DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS

**Comes Now**, Marinda N. Brown ("Brown"), by and through her undersigned counsel, and pursuant to 11 U.S.C. Section 502 and Fed. R. Bankr. P. 3007 and 9014 and hereby responds in opposition to the Debtors' Omnibus Objection to Unresolved Litigation Claims (the "Omnibus Objection") and states as follows.

### BACKGROUND

1. On February 8, 2006, Brown, through her attorney filed the Brown Claim seeking damages against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie") resulting from what Brown alleges was Winn-Dixie Stores' affiliate SaveRite Grocery Warehouse's negligence and other tortious acts. The bar date in the Chapter 11 case was August 1, 2005.

2. On December 9, 2004, Marinda N. Brown was involved in an accident in SaveRite Grocery Warehouse, a Winn-Dixie affiliated store located in McDonough, Georgia. Brown alleged a dangerous accumulation of soap on their floor caused her to slip and fall, resulting in serious injuries and for which claimant is seeking approximately $75,000.00 in damages. An internal claim was filed with Winn-Dixie through Sedgwick Claims Management Services, Inc

(hereinafter "Sedgwick"), and the Debtors' claims adjuster, Stephanie Knight, assigned file number 411217563 to Brown's Claim.

3. While the internal claim was pending, Winn-Dixie and related debtors (including SaveRite Grocery Warehouse) filed petitions for relief under Chapter 11 of Title 11 on February 21, 2005. Despite the existence of the her claim, upon information and belief Brown was not listed as a creditor on the schedules of Winn-Dixie, and received no Notices of the Chapter 11 filings prior to the August 1, 2005, Bar Date.

4. Brown obtained representation for her personal injury case in June of 2005, namely Steve Harrison, Esq. Mr. Harrison did not file a complaint in the matter as the case was not yet ripe. Brown was still undergoing medical treatment for her injuries, and had not been pronounced "MMI" and her full measure of damages still undetermined. As such, any filing of a complaint would have been premature. Further, Mr. Harrison had no contact with Sedgwick, and as such, had no knowledge of the Chapter 11 filings.

5. Brown subsequently obtained new counsel, attorney Samuel Jakes, whom Brown retained in October of 2005, after the August 1, 2005, Bar Date.

6. Attorney Jakes attempted to open negotiations with Sedgwick with respect to resolving Brown's claim, and filed a letter of representation with Sedgwick on December 6, 2005.

7. Attorney Jakes was advised by Sedgwick that Winn-Dixie had filed Chapter 11, and that Brown was required to file a Proof of Claim to assert her rights, but that the bar date of August 1, 2005, had already passed. This was the first notice that either Brown or her new attorney had of the existence of the Chapter 11 filings or of the Bar Date.

8. Brown filed her proof of claim on or about February 7, 2006. (Claim No. 12928).

9. Since that time, Brown has been participating in the Claims Resolution process approved by this Court, returning her Questionnaire in a timely fashion, and providing copies of all of the

available extant medical bills, records, and reports to the designated docketing agent, Logan and Company.

10. In June of 2006, Attorney Jakes was advised by Sedgwick that the procedures for handling a late filed claim had changed, and that Brown would be required to file a motion for leave to permit a late filed claim.

11. On June 20, 2006, Brown's attorney, Samuel Jakes, notified her of his withdrawal from the case, and on July 24, 2006, Brown retained the undersigned to represent her in this matter.

12. On August 11, 2006, Brown filed her "Motion of Marinda N. Brown, For Leave to Permit a Late Filing of Proof of Claim." That Motion has not yet been heard or ruled on by the Court.

## MEMORANDUM OF LAW

In their Omnibus Objection, the Debtors object to the Brown Claim on the basis that it is a "no liability" claim, that there is "insufficient proof of documentation," and that it is late-filed. (See "Attachment" to "Debtor's Omnibus Objection to Unresolved Litigation Claims", page 11.)

As to the first ground, Brown submits that the liability of, inter alia, Debtor Winn-Dixie is a matter of factual dispute, upon which she should be permitted introduce evidence and seek recovery therefrom.

As stated in the Brown Claim submitted to Sedgwick, Brown alleges she was injured as a result of the negligence and indifference of SaveRite Grocery Warehouse. and its employees and agents. Brown alleges SaveRite maintained their premises in a negligent condition, and as a result, Brown slipped and fell, and was severely injured as a result. She suffered a concussion, a shoulder tear, and disk herniation among other injuries.

Brown was injured only two months before Winn-Dixie filled under Chapter 11. She needed extensive medical treatment and rehabilitation during 2005, and may still yet need

surgery. Her prior attorney, Samuel Jakes, provided all of the extant available medical bills, records, and reports to the designated docketing agent, Logan and Company in March of 2006. Her medical assessment and treatment is still on-going.

However, as Brown's treatment is still on-going, further medical bills will be produced, and a final assessment of the extent of Brown's injuries will need to be performed in order to establish Brown's full measure of damages, however, it appears she has suffered permanent injury. The fact that her case had not yet had time to fully develop prior to the Bar Date in this matter should not, in equity, deprive her of the opportunity to seek redress for her damages.

Secondly, Brown has filed a Motion seeking an order deeming her claim timely-filed, on which the Court has not ruled. A hearing on the Motion has been set for August 24, 2006. As a result, Brown has satisfied the procedural requirements for the allowance of her claim.

Thus the Omnibus Objection is not well-founded as it relates to Brown' Claim and she asks that it be denied, or, in the alternative, that this matter be set for an evidentiary hearing.

**WHEREFORE**, based upon the foregoing, Marinda N. Brown asks that the Court enter an order:

A. Denying the Omnibus Objection as it relates to her claim, and

B. For other such relief as is just and proper.

Dated this the 11th day of August, 2006.

By:    /s/ Meredith N. Brasca
Meredith N. Brasca
Florida Bar No. 0012827
The Weaver Law Group
2633 Herschel Street
Jacksonville, Florida 32204
Tel. (904) 389-2022
Fax (904) 389-4048
mnbrasca@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I am a member in good standing of the Middle District of Florida, and that a true and correct copy of the forgoing has been served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all filed with the Clerk of the U.S. Bankruptcy Court Middle District of Florida, and served electronically thereby, and a copy delivered by electronic mail this 11th day of August, 2006 to counsel for debtors:

| | |
|---|---|
| D. J. Baker, Esq. | Tana Copeland |
| djbaker@skadden.com | tcopeland@smithhulsey.com |
| Skadden, Arps, Slate, Meagher & Flom, LLP | Smith, Hulsey & Busey |
| Four Times Square | 225 Water Street, Suite 1800, |
| New York, NY 10036 | Jacksonville, FL 32202 |

and to all other persons entitled to receive electronic service in this matter.

By:    /s/ Meredith N. Brasca

Meredith N. Brasca
The Weaver Law Group
Florida Bar No. 0012827
2633 Herschel Street
Jacksonville, Florida 32204
Tel. (904) 389-2022
Fax (904) 389-4048
mnbrasca@aol.com