**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO.: 3:05-bk-03817-3F1 |
| | ) | |
| **WINN-DIXIE STORES, INC.**, et al, | ) | CHAPTER 11 |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |
| | ) | |

## MOTION OF MARINDA N. BROWN, FOR LEAVE TO PERMIT A LATE FILING OF PROOF OF CLAIM

**Comes Now**, Marinda N. Brown ("Brown"), by and through her undersigned counsel, and pursuant to 11 U.S.C. Section 105 and Fed. R. Bankr. P. 3003(b) and 9006(c), hereby move this Court for entry of an order deeming her proofs of claim (the "Brown Claim") timely-filed.

### BACKGROUND

1. On February 8, 2006, Brown, through her attorney filed the Brown Claim seeking damages against Debtor Winn-Dixie Stores, Inc. ("Winn-Dixie") resulting from what Brown alleges was Winn-Dixie Stores' affiliate SaveRite Grocery Warehouse's negligence and other tortious acts. The bar date in the Chapter 11 case was August 1, 2005.

2. On December 9, 2004, Marinda N. Brown was involved in an accident in SaveRite Grocery Warehouse, a Winn-Dixie affiliated store located in McDonough, Georgia. Brown alleged a dangerous accumulation of soap on their floor caused her to slip and fall, resulting in serious injuries and for which claimant is seeking approximately $75,000.00 in damages. An internal claim was filed with Winn-Dixie

through Sedgwick Claims Management Services, Inc (hereinafter "Sedgwick"), and the Debtors' claims adjuster, Stephanie Knight, assigned file number 411217563 to Brown's Claim.

3.      While the internal claim was pending, Winn-Dixie and related debtors (including SaveRite Grocery Warehouse) filed petitions for relief under Chapter 11 of Title 11 on February 21, 2005. Despite the existence of the her claim, upon information and belief Brown was not listed as a creditor on the schedules of Winn-Dixie, and received no Notices of the Chapter 11 filings prior to the August 1, 2005, Bar Date.

4.      Brown obtained representation for her personal injury case in June of 2005, namely Steve Harrison, Esq. Mr. Harrison did not file a complaint in the matter and had no contact with Sedgwick, and as such had no knowledge of the Chapter 11 filings.

5.      Brown subsequently obtained new counsel, attorney Samuel Jakes, whom Brown retained in October of 2005, and who also had no knowledge of the Chapter 11 filings prior to the August 1, 2005, Bar Date.

6.      Attorney Jakes filed a letter of representation with Sedgwick on December 6, 2005, and was advised by Sedgwick that Winn-Dixie had filed Chapter 11, and that Brown was required to file a Proof of Claim to assert her rights, but that the bar date of August 1, 2005, had already passed. This was the first notice either Brown or her attorney had of the existence of the Chapter 11 filings or of the Bar date.

7.       Sedgwick made a telephone call to Brown in January, 2005, but had no contact with her between that date, and that subsequent receipt of a letter of representation filed by attorney Jakes in December, 2005.

8.  Brown filed her claim on or about February 13, 2006. (Claim No. 12928). Since that time, Brown has been participating in the Claims Resolution process approved by this Court, returning her Questionnaire in a timely fashion.

9.  On June 20, 2006, Brown's attorney, Samuel Jakes, notified her of his withdrawal from the case, and on July 24, 2006, Brown retained the undersigned to represent her in this matter.

## MEMORANDUM OF LAW

A claim filed after a bar date will be deemed timely-filed if the claimant can demonstrate that the late filing was the result of "excusable neglect." *Banco Latino International v. Lopez (In re Banco Latino International)*, 404 F.3d 1295, 1296 (11th Cir. 2005) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship.*, 507 U.S. 380, 113 S.Ct. 1489 (1993)). *See also In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fla. 1997). Excusable neglect is an equitable determination that takes into account all of the circumstances of the particular case. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1489 (emphasis added). Considerations include: (a) reason for the delay and whether it was in control of claimant; (b) length of delay and potential impact on judicial proceedings; (c); and danger of prejudice to debtor (d) whether claimant acted in good faith. *In re Harrell*, 325 B.R. 643, 646 (Bankr. M.D. Fla. 2005). *See In re PT-1 Communications, Inc.*, 292 B.R. 482, 489 (Bankr. S.D. N.Y. 2003) (equities of excusable neglect weighed in favor of the claimant because the claimant "had no reason on the basis of the facts known to it prior to the Bar Date to conclude that it had a claim against [the debtor]".)

As the United States Supreme Court has noted, excusable neglect encompasses situations caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 395,113 S.Ct. at 1489.

**I.   Reason for the Delay**

Quite simply, the Brown received no notice of the pending Chapter 11 cases until after the bar date. As stated above, none of the Debtors listed Brown as a creditor, and as a result provided no notice to her of the commencement of the case. Brown first learned of the bar date after it had passed, and as such was precluded from filing in a timely fashion. The facts here are substantially similar to those in *In re Faden*, 96 F.3d 792 (5th Cir.1996) in which the Court of Appeals for the Fifth Circuit held that a pre-petition debt in a Chapter 7 case was not dischargeable where the creditor did not receive notice of the Chapter 7 case. This Court has cited *Faden* in the context of a motion for leave to file a claim after the bar date in a jointly-administered Chapter 11 case. *Harrell*, 325 B.R. 643, 649.

**II.     Length of Delay and Potential Impact on Judicial Proceedings**

Brown's Claim was filed about six months after the bar date, but still in a timely enough fashion to allow her to participate in the Claims Resolution process. The judicial proceedings in this case will not be affected substantially, if at all, if the Court grants this Motion. Neither Winn-Dixie nor any of the other Debtors has confirmed a proposed Plan of Reorganization, and as a result, Brown's claim may be included in such a Plan(s). The allowance of Brown's Claim will neither delay nor complicate those proceedings.

**III.    Prejudice to the Debtors**

There can be little prejudice to Winn-Dixie. As stated above, neither Winn-Dixie nor any of the other Debtors has confirmed a Plan of Reorganization. As a result, Brown's claim may be included in such a plan or plans. Further, the granting of this Motion will not deprive Winn-Dixie of its ability to object to Brown's Claim on its merits.

**IV.     Brown's Good Faith**

Brown's actions in this case were taken in good faith. She has acted properly and with diligence given her lack of knowledge of the Chapter 11 filings and at no point has she delayed the process or otherwise "sat on her rights". Through counsel, she filed her Claim in a prompt and complete fashion one notified of the Chapter 11 filings, and subsequently has participated fully in the claims resolution process.

**V.     Conclusion**

Each of the foregoing equitable considerations weighs in favor of the granting of the relief sought in this Motion. The treatment of Brown's claim as timely-filed will permit her claim to be resolved on its merits. Such relief will result in no prejudice to the Debtor, will serve to protect Brown's rights to recover for her damages, and is consistent with the interests of justice.

**Wherefore,** Brown requests that the Court enter an order deeming her Claims timely-filed, and granting her such other and further relief to which she may be entitled.

Dated this 10th day of August, 2006.

By:     /s/ Meredith N. Brasca

Meredith N. Brasca
Florida Bar No. 0012827
The Weaver Law Group
2633 Herschel Street
Jacksonville, Florida 32204
Tel. (904) 389-2022
Fax (904) 389-4048
mnbrasca@aol.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I am a member in good standing of the Middle District of Florida, and that a true and correct copy of the forgoing has been served on the Debtor by James H. Post, Esq., Debtor's Counsel, John MacDonald, Esq., Counsel for the Official Committee of Unsecured Creditors, Elena L. Escamilla, Esq., counsel for the Office of the United States Trustee and all parties on the Rule 1007(d) Parties in Interest list, all filed with the Clerk of the U.S. Bankruptcy Court Middle District of Florida, and served electronically thereby, and a copy delivered by electronic mail this 11th day of August, 2006 to counsel for debtors:

| | |
|---|---|
| D. J. Baker, Esq. | Cynthia C. Jackson |
| djbaker@skadden.com | cjackson@smithhulsey.com |
| Skadden, Arps, Slate, Meagher & Flom, LLP | Smith, Hulsey & Busey |
| Four Times Square | 225 Water Street, Suite 1800, |
| New York, NY 10036 | Jacksonville, FL 32202 |

and to all other persons entitled to receive electronic service in this matter.

By:  /s/ Meredith N. Brasca

Meredith N. Brasca
The Weaver Law Group
Florida Bar No. 0012827
2633 Herschel Street
Jacksonville, Florida 32204
Tel. (904) 389-2022
Fax (904) 389-4048
mnbrasca@aol.com