F I L E D

JACKSONVILLE, FLORIDA

AUG 1 4 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                                    )        Case No. 05-03817-3FI
                                                          )
WINN-DIXIE STORES, INC., et al.,                          )        Chapter 11
                                                          )
Debtors.                                                  )        Jointly Administered
                                                          )

## AMARILLIS RODRIGUEZ' OPPOSITION
## TO THE DISALLOWANCE OF HER CLAIM
### Claim No. 3282 / Creditor No. WDX-400383L4-85

AMARILLIS RODRIGUEZ, pro se, opposes the disallowance of her claims on the following

grounds.

1.    On January 17, 2005, a gallon of Arizona ice tea fell off a shelf onto my head while

I was shopping at a Winn Dixie store. I was injured, taken to the emergency room and later referred

to a neurologist. However, I could not continue medical treatment because I was laid off from work

and could not pay for the treatment and my headaches and severe pain prevented me from looking

for another job.

2.    On January 26, 2005, an attorney contacted Winn-Dixie on my behalf regarding my

injuries. Afterwards, I was notified that Winn-Dixie had filed for bankruptcy.

3.    I filed a proof of claim in this matter and subsequently received a questionnaire for

litigation claimants from the court. I then received a Questionnaire for litigation claimants from

Winn-Dixie.

4.    On November 1, 2005, I faxed to Logan and Company and to Stephanie Knight, the

Adjuster for Winn Dixie Claims, a completed questionnaire for litigation claimants with medical

reports and bills. Copies of which are attached hereto.

5.    On December 5, 2005, I faxed to Logan and Company and to Stephanie Knight, the Adjuster for Winn Dixie Claims, correspondence between my personal injury attorney and Winn Dixie and additional medical reports and bills.  Copies of which are attached hereto.

6.    It was my understanding, of a conversation with Ms. Knight, that all the documentation submitted would be considered with my claim.

7.    As the court can see from the attached documents, I was legitimately injured and Winn-Dixie is liable for my damages.

AMARILLIS RODRIGUEZ, requests the court enter an order striking Winn-Dixie's and not disallowing my claim.

Amarillis Rodriguez
880 N.W. 210 Street, Suite 2089
Miami, Florida 33169


Date:   August 11, 2006


Copy to:      Smith Hulsey & Busey
              Attn. Tana Copeland
              225 Water Street, Suite 1800
              Jacksonville, Florida 32202

VOLUMINOUS ATTACHMENTS CAN BE VIEWED
AT THE CLERKS' OFFICE