F I L E D
JACKSONVILLE, FLORIDA

AUG 1 4 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In RE:                                          )        CASE NO.:     05-03817-3F1
                                                )
WINN-DIXIE STORES, INC, et al.,                 )        CHAPTER 11
                                                )
Debtors.                                        )        Jointly Administered

## RESPONSE TO WINN-DIXIE STORES, INC., OBJECTION TO UNRESOLVED LITIGATION CLAIMS

Comes now, Frederick P. Gilmore, Attorney for Creditor, Beverly Gaillard, and files her response to the objection to the unresolved litigation claim previously filed by Winn-Dixie Stores, Inc., debtors in the above styled action.  .  In support of her motion, she states as follows:

1.      This claim arises out of a slip and fall incident, wherein the claimant slipped on water leaking from the seafood cooler in Winn-Dixie in Monroeville, Alabama, wherein subsequent to her fall, an employee from Winn-Dixie placed wet floor cones and took pictures of her lying on the floor with the cones around her.  (See Exhibit "A" attached hereto).

2.      In addition to the actions of negligence against Winn-Dixie, the actions after the fall by Winn-Dixie makes this case have considerable value with a jury.

3.      While Winn-Dixie states this is a disputed claim and does not believe it has any liability, settlement negotiations were already underway at the time Winn-Dixie filed bankruptcy, wherein Winn-Dixie offered $15,000, as its first offer to try to get this matter resolved.

WHEREFORE, for the aforementioned reasons, Creditor request this Honorable Court to deny the bankruptcy's trustees from objecting to her claims and allow her claim to go forward.

GILMORE LAW OFFICE
Attorney for Claimant

By: _____

FREDERICK P. GILMORE
Post Office Box 729
Grove Hill, Alabama 36451
251-275-3115

## **CERTIFICATE OF SERVICE**

It is hereby certified that on August 10, 2006, the Creditor's Response to Winn-Dixie Stores, Inc., Objection to Unresolved Litigation Claims was filed via Federal Express with the Clerk of the Court.

_____

FREDERICK P. GILMORE

## IN THE CIRCUIT COURT OF MONROE COUNTY, ALABAMA

BEVERLY GAILLIARD,                          *
                                            *
    Plaintiff,                          *
                                            *
vs.                                         *        CV-04-_____
                                            *
WINN DIXIE MONTGOMERY, INC.,                *
BILLY RADNEY, both individually and         *
within his capacity as agent, servant, and/or *
employee of Winn Dixie Montgomery, Inc.;    *
and Fictitious Defendants, "A", "B", and    *
"C", whether singular or plural those other  *
persons, firms, corporations, or other       *
entities whose wrongful conduct either       *
caused or contributed to cause the injuries  *
and damages to the Plaintiff, all of whose   *
true and correct names are unknown to the    *
Plaintiff at this time, but will be substituted *
by amendment, once ascertained.             *
                                            *
    Defendants,                         *

## COMPLAINT

1.    Plaintiff Beverly Gailliard is over the age of nineteen and resides in Clarke County, Alabama.

2.    Defendant Winn Dixie Montgomery, Inc. (hereinafter referred to as "Winn Dixie") is a foreign corporation operating under the laws of the State of Alabama, and at all times material hereto was doing business in Monroe County, Alabama.

3.    Defendant Billy Radney is over the age of nineteen and resides in Monroe County, Alabama, and at all times material hereto was acting both individually and within his capacity as agent, servant, and/or employee of Winn Dixie.

4.    Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities, whose wrongful conduct either caused or

contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to the Plaintiff at this time, but will be substituted by amendment once ascertained.

### Statement of the Facts

5.      On or about November 5, 2003, Plaintiff was shopping for groceries at the Winn Dixie store, located in Monroeville, Alabama.

6.      During the aforementioned time and place, Plaintiff stepped in a watery substance coming from a frozen center isle display container, located in the back isle of the store, causing her to slip and fall, injuring herself.

### COUNT I

7.      Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

8.      On or about November 5, 2003, Defendant Billy Radney, while acting both individually and within his capacity as agent, servant, or employee of Defendant Winn Dixie and Defendant Winn Dixie negligently and/or wantonly left their premises in an unsafe manner, as to cause the Plaintiff to slip and fall, injuring herself.

9.      As a proximate consequence of Defendants' negligence and/or wantonness, Plaintiff was injured and damaged as follows: she suffered bodily injury, namely an injury to her back; she has suffered a permanent injury; she has incurred medical expenses associated with the treatment of her injuries and will continue to do so in the future; she has suffered extreme pain and will continue to experience such pain and suffering in the future; she has suffered severe emotional distress and mental anguish and will continue to suffer such in the future; she has lost money; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against all defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and

cost.

## COUNT II

10.    Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

11.    This count is based on the respondeat superior relationship between Defendant Billy Radney and Defendant Winn Dixie, in that, at all times material hereto, Defendant Radney was an agent, employee or servant of Defendant Winn Dixie, acting within the line and scope of his employment.

12.    Because Defendant Radney was acting within the line and scope of his employment with Defendant Winn Dixie, at all times material hereto, they are liable for his actions.

WHEREFORE, Plaintiff demands judgment against Defendant Winn Dixie, in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and cost.

## COUNT III

13.    Plaintiff realleges all prior paragraphs of this Complaint as if set out here in full.

14.    Defendant Winn Dixie negligently and/or wantonly hired, trained, and/or supervised Defendant Billy Radney.

15.    As a proximate consequence of Defendant Winn Dixie's negligent and/or wantonness, Plaintiff was injured and damaged as alleged in paragraph 9, above.

WHEREFORE, Plaintiff demands judgement against Defendant Winn Dixie in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus interest and cost.

FREDERICK P. GILMORE
Attorney for the Plaintiff

OF COUNSEL:

GILMORE LAW OFFICE
Post Office Box 729
Grove Hill, Alabama 36451
(251) 275-3115

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY IN THIS CAUSE.

FREDERICK P. GILMORE