F I L E D
JACKSONVILLE, FLORIDA

AUG 1 4 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> WINN-DIXIE STORES, INC., et al., ) <br> ) <br> Debtors ) | Case No. 05-03817-3F1 <br> Chapter 11 <br> Jointly Administered |

## CREDITOR YRMA FERNANDEZ'S MOTION TO STRIKE DEBTOR'S NOTICE OF OBJECTION TO HER PROOF OF CLAIM FOR LEAVE OF COURT TO FILE PROOF OF CLAIM OUT OF TIME

COMES NOW, Yrma Fernandez, by and through her undersigned counsel and moves this Honorable Court to strike the Debtor's Objection to her Proof of Claim as untimely or alternatively moves pursuant to 11 U.S.C.A. Sec. 9006(b)(1)(2) for leave of court to have Claim # 11823 filed out of time and in support thereof states as follows:

1. On January 12, 2005, Yrma Fernandez, entered into a settlement agreement with Winn Dixie settling her personal injury claim for the liquidated amount of eight thousand dollars ($8,000). *See Exhibit A attached.*

2. Shortly after Yrma Fernandez entered into the settlement agreement with Winn-Dixie, Winn Dixie filed for Chapter 11 bankruptcy relief. At this time, Yrma Fernandez was represented by David Gordon Esq. Mr. Gordon left this law firm in June, 2005 and the undersigned commenced work with this law firm on August 1, 2006 and took over Mr. Gordon's caseload. In September, 2005 the undersigned turned his attention to this file and found a blank proof of claim in the file. Upon investigation, the undersigned discovered that the Proof of Claim form had not been filed in court by the August 1, 2005 bar date. The undersigned took immediate action to file

the proof of claim in this action attaching a copy of the settlement agreement. The Proof of Claim was filed on September 19, 2005. *See Exhibit B attached.*

3. On March 24, 2006 Yrma Fernandez submitted a completed questionnaire. *See Exhibit C attached.* This was received by Logan & Company, on April 6, 2006. *See Exhibit D attached.*

4. According to Section 3 B of the Amended Claims Resolution Procedure adopted by the court on April 21, 2006 the Debtors were supposed to serve a response statement on my client within 45 days of receipt of the questionnaire either accepting or disputing the amount demanded in the questionnaire. That forty-five day period expired on May 22, 2006. *See Exhibit E attached.*

5. On June 22, 2006 Debtors filed an untimely notice of Debtors' omnibus objection to unresolved litigation claims including the above-captioned matter. *See Exhibit F attached.*

6. Plaintiff therefore moves the court to strike Debtor's untimely omnibus objection to her claim. The court's April 21, 2006 order required the Debtors to serve a response statement within 45 days of receipt of Yrma Fernandez's completed questionnaire. Yrma Fernandez's completed questionnaire was received by the Debtor's representative on April 7, 2006 and therefore Debtor had until May 22, 2006 in which to either accept or dispute the amount demanded. Debtor did not file its omnibus objection until June 22, 2006 and it was therefore untimely. As such Debtor cannot dispute the amount of its previously agreed to settlement with the Creditor.

7. In the alternative, Yrma Fernandez, moves for leave of court to file the Proof of Claim out of time due to excusable neglect. As explained previously, Ms. Fernandez's attorney - David Gordon Esq., - left the undersigned law firm in June, 2005 and undersigned counsel did not join the law firm until August 1, 2005 - the bar date for filing the Proof of Claim. When undersigned

counsel reviewed his predecessor's file he found a blank Proof of Claim in the file. The bar date had not been calendared and no action had been taken to file the Proof of Claim. Undersigned counsel took immediate action to file the Proof of Claim which he did on September 19, 2005.

8. In the case of *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership et al.*, 507 U.S. 380 (1993) the Supreme Court held that 11 U.S.C. Sec. 9006(b)(1) allows a bankruptcy court to accept late filings where failure to act is due to "excusable neglect". "Excusable neglect" includes inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control. In the case of *Pioneer supra* the court found that where counsel was experiencing an upheaval in his practice than this constituted excusable neglect. In this case counsel at the time was moving to another practice and failed to take action to timely file the proof of claim or calendar it for action. Undersigned counsel took immediate action to file the Proof of Claim when he discovered his predecessor's oversight. Furthermore no prejudice would result to the Debtor by the late filing, the six week delay in filing the proof of claim would have no adverse impact on efficient court administration and the creditor and her new counsel acted expeditiously and in good faith as soon as former counsel's oversight was discovered.

WHEREFORE, Plaintiff moves this Honorable Court to strike Debtor's untimely objection to her claim or in the alternative moves for leave of court to file her proof of claim out of time or for such other and further relief as this court deems necessary and appropriate.

Respectfully Submitted,

SIMON, SCHINDLER & SANDBERG LLP
2650 Biscayne Boulevard
Miami, FL 33137-4590
Tel: (305) 576 1300
Fax: (305) 576 1331
E-Mail: avfmt@yahoo.com

_____
ANTHONY V. FALZON ESQ.
Fla. Bar No. 69167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by Electronic Filing (w/o attachments) AND by U.S. Mail (w/attachments) on the Clerk of Court, United States Courthouse, 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202 and on Tana Copeland, 225 Water Street, Suite 1800, Jacksonville, FL 32202 by U.S. Mail (w/attachments), Facsimilie (w/o attachments) at (904) 359 7708 and by E-mail (w/o attachments) on tcopeland@smithhulsey.com this 11th day of August, 2006.

_____
Anthony V. Falzon

4

VOLUMINOUS ATTACHMENTS CAN BE VIEWED AT THE CLERKS' OFFICE