FILED
JACKSONVILLE, FLORIDA

AUG 1 4 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                             Case No. 05-03817-3F1

WINN-DIXIE STORES, INC., et al.,                   Chapter 11

    Debtors.                                       Jointly Administered
_____/

## CREDITOR JASON L. LODOLCE'S RESPONSE TO DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS

Creditor Jason L. Lodolce ("Lodolce") files this response to the Debtors' Omnibus Objection to Unresolved Litigation Claims, and in support thereof, states as follows:

### General Background

1. On or about February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under Chapter 11 of Title of the United States Code, 11 U.S.C. § 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

3. The statutory predicates for the objection are Section 502 of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. By order dated April 28, 2005, (the "Claims Bar Date Order"), the Court set August 1, 2005 as the last date for all parties who have or assert (or believe they may have or assert) prepetition claims against one or more of the Debtors to file and serve a written proof of claim with respect to any such claim.

5. On June 2, 2005, Claimant, Jason Lodolce, timely filed with the Claims Docketing Center a general unsecured nonpriority claim for damages arising from an injury he sustained when he was struck by an employee at a Winn Dixie

1

Supermarket, located at 91200 Overseas Highway, Tavernier, Florida, Monroe County, Florida on July 8, 1999. The Proof of Service was directed specifically to the Debtor, Winn Dixie Supermarkets, Inc. This Proof of Claim has been designated as Claim No. 3749, and a copy of the proof of claim is attached hereto as Exhibit "A."

6. On June 22, 2006, the Debtors, pursuant to 11 U.S.C. § 502 (b), Federal Rule of Bankruptcy Procedure 3007 and Local Rule 3007-1, filed their Omnibus Objection to Unresolved Litigation Claims, which included objections to the Proof of Claim (Claim No. 3749) (the "Objection").

7. As the basis for its objection to the Proof of Claim (Claim No. 3749), the Debtors allege the following: "No Liability - Disputed Claim; and Insufficient Proof of Claim."

8. Accordingly and pursuant to the Objection, the Debtors seek to disallow the Proof of Claim (Claim No. 3749) in its entirety. At the time of filing the Objection, the Debtors stated that the Objection is being made only to confirm and preserve the rights of the Debtors as to objections being made and that no relief is being requested by the Debtors.

9. On July 25, 2006, Debtors served their Notice of Hearing on Debtor's Omnibus Objection to Unresolved Litigation Claims which provided that a hearing is scheduled for August 24, 2006 at 1:00 p.m., before the Honorable Jerry A. Funk, United States Bankruptcy Judge for the Middle District of Florida, 300 North Hogan Street, Courtroom 4D, Jacksonville, Florida, 32202, to consider the Objection. More specifically, the Debtors identified Claim No. 3749 as one of the Claims which shall be considered by the Court on the above date and time.

## Response

10. The Claimant has filed a claim for battery, assault, false imprisonment, and intentional infliction of emotional distress arising from an employee of Winn Dixie Supermarkets, Inc. striking the Claimant outside the premises of a Winn Dixie Supermarket located at 91200 Overseas Highway, Tavernier, Florida,

Monroe County, Florida, on July 8, 1999.

11. At the time of the aforedescribed incident, Winn Dixie, was vicariously liable for all acts of its employees and agents resulting within the scope of their employment.

12. The Claimant will demonstrate at a trial in this matter, that Winn Dixie is vicariously liable for the acts of its employees and agents.

13. A proof of claim has been submitted by Jason Lodolce for the injuries sustained by the Claimant in the subject incident. The exact extent and amount of damages due to Claimant is impossible to determine with precision at this time as litigation is ongoing. All that Claimant can assert at this time is that these damages are in excess of $15,000, which corresponds solely to the jurisdictional amount to have the case heard. Accordingly, Claimant cannot at this time provide documentation showing the exact amount of the claim as litigation is ongoing.

14. At trial, Claimant will introduce evidence to establish economic damages, together with intangible losses represented by pain and suffering and mental anguish. It is anticipated that Claimant's damages fall far beyond the range and in excess of $15,000, which is only the jurisdictional amount to bring his claim.

15. Liability should be imposed upon the Debtors based upon common law precedents, which establish the legal responsibility of the Debtors.

16. It is the intent of the Claimant to proceed to trial after obtaining relief from the automatic stay instituted by this Court in this bankruptcy proceeding and to seek the entry of a final judgment on his behalf against the Debtors, pursuant to the law of the State of Florida.

17. The Debtors' objections to the above referenced claims of the Claimant are legally without merit and should respectfully be denied. Moreover, the Debtors' request for disallowance of said claim is based upon unsubstantiated conclusory statements, which bear no relation to the underlying facts and procedural posture of the subject claim.

18. To the extent that the Debtors are only seeking a disallowance of the Proof of

Claim (Claim No. 3749) at this time and to no other claim of the Claimant, because such Proof of Claim provides insufficient proof of claim documentation or other claims filed by Claimant, the Claimant has no objection to the relief requested by the Debtor. However, if the Debtors are seeking disallowance of all claims filed by the Claimant at this time, the Claimant objects to the relief requested as stated herein.

WHEREFORE, Claimant, Jason L. Lodolce, respectfully requests, as a precaution, that this Court overrule the Objection, and grant any additional relief that the Court may deem just and proper.

Respectfully submitted this ____ day of August, 2006.

>Vernis & Bowling of the Florida Keys, P.A.
>Attorneys for Plaintiff
>81990 Overseas Highway
>Islamorada, Florida 33036
>Tel: (305) 664-4675
>Fax: (305) 664-5414
>
>By_____
>Margaret K. Hey, Esquire
>Florida Bar No: 017330

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via regular U.S. mail and facsimile upon Stephen D. Busey, Esq., James H. Post, Esq., and Leanne McKnight Prendergast, Esq., Smith Hulsey & Busey, Attn: Tana Copeland, 225 Water Street, Suite 1800, Jacksonville, Florida 32202 this ____ day of August, 2006.

>By_____
>Margaret K. Hey

# VERNIS & BOWLING
## OF THE FLORIDA KEYS, P.A.
### ATTORNEYS AT LAW
ISLAMORADA PROFESSIONAL CENTER
81990 OVERSEAS HIGHWAY, 3rd FLOOR
ISLAMORADA, FLORIDA 33036

TELEPHONE (305) 664-4675
FACSIMILE (305) 664-5414

WEB SITE: www.Florida-Law.com

June 2, 2005

WINN-DIXIE CLAIMS DOCKETING CENTER
C/O LOGAN & COMPANY, INC.
546 VALLEY ROAD
UPPER MONTCLAIR, NJ 07043                *Certified Mail/Return Receipt*

RE:   Jason LoDolce v. Winn-Dixie
      Our File: 2230-00422

Gentlemen:

Enclosed please find the completed Proof of Claim form for our client, Jason LoDolce. If any questions or comments, please do not hesitate to call.

Very truly yours,

Rob T. Cook
RTC:jd

Enclosure

cc:   Mr. Jason LoDolce



F:\Cases\Personal Injury\Lo Dolce\Letter\Winn Dixie Proof of Claim.wpd

---

VERNIS & BOWLING OF MIAMI, P.A.           VERNIS & BOWLING OF BROWARD, P.A.      VERNIS & BOWLING OF NORTH FL, P.A.
MIAMI, FLORIDA                            FT. LAUDERDALE, FLORIDA                JACKSONVILLE, FLORIDA
TEL: (305) 895-3035 / FAX: (305) 892-1260 TEL: (954) 522-1299 / FAX: (954) 522-1302

VERNIS & BOWLING OF PALM BEACH, P.A.      VERNIS & BOWLING OF THE FL. KEYS, P.A.
NORTH PALM BEACH, FLORIDA                 KEY WEST, FLORIDA
TEL: (561) 775-9822 / FAX: (561) 775-9821 TEL: (305) 293-4670 / FAX: (305) 293-4680

UNITED STATES BANKRUPTCY COURT Case 3:05-bk-03817-JAF   Doc 10201   Filed 08/14/06   Page 6 of 6   Chapter 11
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION   PROOF OF CLAIM
DEADLINE FOR FILING PROOFS OF CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M. EASTERN TIME

Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered

Name of Debtor Against Which You Assert Your Claim:
Debtor Name: **Winn Dixie Supermarkets INC**   Case No. **05-3840-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

A. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property):

20263087
WDX-392829-B2-55
LO DOLCE, JASON L
C/O: ROB T. COOK, ESQUIRE
ROB T. COOK, ESQUIRE
81990 OVERSEAS HIGHWAY
ISLAMORADA FL 33036-0529

Telephone No. of Creditor: **305 664 4174**
Fax No. of Creditor: **305 664 5144**

(If your address has changed or is incorrect as it appears in Item A, please provide corrections)

B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☒ replaces address above  ☐ additional address
Name: **Rob Cook**
Company/Firm: **Vernis & Bowling of the Keys PA**
Address: **81990 O/S Highway**
**664-4675**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars.
☐ Check box if you have never received any notices in this case.

If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS: If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim. If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim.

Account or Other Number by Which Creditor Identifies Debtor:     Check here if this claim   ☐ replaces   ☐ amends   a previously filed claim, dated:

**1. Basis for Claim**
☐ Goods sold to debtor(s)
☐ Services performed for debtor(s)
☐ Goods purchased from debtor(s)
☐ Money loaned
☒ Personal injury/property damage
☐ Other _____
☐ Taxes
☐ Severance agreement
☐ Refund
☐ Real property lease
☐ Personal property lease
☐ Other contract _____
☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SSN: _____
Unpaid compensation for services performed from _____ to _____ (date) (date)

**2. Date debt was incurred:** 7/8/99
**3. If claim is based on a Court Judgment, date obtained:**
**4. Total Amount of Claim at Time Case Filed:**
$_____ (unsecured)  $_____ (secured)  $_____ (priority)  $_____ (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

☒ **Unsecured Nonpriority Claim** $_____
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a) (3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a) (4).
☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a) (6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507 (a) (7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a) (8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a) ( ).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

8. **Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
9. **Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
10. **Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:
Print: **Robby Cook**  Title: **Attorney**
Signature: **Rob T. Cook, Esq.**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.