F I L E D
JACKSONVILLE, FLORIDA

AUG 1 4 2006

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

### IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DISTRICT

IN RE OF:                                          **CASE NO. 05-03817-3F1**

**WINN-DIXIE, STORES INC., ET AL**                 **CHAPTER 11**

Creditor:      **Merle Hemby**
               **Claim No. 11577**

## MOTION TO ACCEPT LATE FILING PROOF OF CLAIM OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

Comes now creditor, Merle Hemby (hereinafter "movant"), by and though counsel and files this her Motion to Accept Late Filing Proof of Claim or in the Alternative Motion for Leave to File Late Proof of Claim and for good cause movant would show unto the Court the following:

I.

That movant's proof of claim, attached hereto as Exhibit "A", in this matter was filed on August 11, 2005, ten days past the deadline for filing proofs of claim herein.

II.

That this Court should allow the filing of the late claim due to excusable neglect for the following reasons:

1.    Prior to the filing deadline movant's attorney had a heavy case load, part of which consisted of mass-tort litigation in state and federal courts;

2.    That movant's attorney missed several days of work during the period prior to the filing deadline herein due to illness related to stomach virus which aggravated his diabetic condition;

3.    That the debtor will suffer no prejudice by the allowance of the late filing of

movant's proof of claim. Further, that at the time of the accident, which is the subject matter of the movant's claim, the debtor, upon information and belief, had full liability insurance in place to pay any said claims in full;

4.  That the period of the delay of filing proof of claim of ten days is insignificant in a bankruptcy case of this magnitude and will have no effect or impact at all on the bankruptcy proceedings. The short delay in filing said proof of claim will not delay the adjudication of this case. Further, at all times herein movant has acted in good faith;

5.  That the above factors, combined with the equitable power of the court, require that the motion herein be sustained.

WHEREFORE PREMISES CONSIDERED, movant requests that her Proof of Claim filed herein on August 11, 2005 be accepted by the Court as if timely filed. Alternatively, movant requests leave of the Court to file the aforesaid Proof of Claim as if timely filed.

So moved on this the __11th__ day of August, 2006.

Respectfully submitted,

MERLE HEMBY, Creditor/Movant

David S. Van Every, Sr.
Attorney at Law
P. O. Box 761
Columbus, MS 39703
601-327-4065
MS Bar 6094

By: _David S. Van Every Sr._
David S. Van Every, Sr.

## CERTIFICATE OF SERVICE

I, David S. Van Every, Sr., do hereby certify that I have this day, both emailed and delivered

a true and correct copy of the above and foregoing to the following, by email and express delivery:

D. J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

Stephen D. Busey
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
jpost@smithhulsey.com
tcopeland@smithhulsey.com

This the _11th_ day of August, 2006.

DAVID S. VAN EVERY, SR.

Form B10 (Official Form 10) (04/04)

| UNITED STATES BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION<br>Winn-Dixie Stores, Inc., et al., Case No. 05-03817-3F1 Jointly Administered | Chapter 11<br>PROOF OF CLAIM | DEADLINE FOR FILING PROOFS OF<br>CLAIM IS: AUGUST 1, 2005 AT 5:00 P.M.<br>EASTERN TIME |
|---|---|---|

Name of Debtor Against Which You Assert Your Claim:

Debtor Name **Winn Dixie Montgomery, Inc et al**   Case No. **05-03837-3F1**
(See List of Names and Case Numbers on Reverse Side)

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| 4. Name and Address of Creditor (The person or other entity to whom the debtor owes money or property): | | |
|---|---|---|
| WDX-391757-B2-55<br>HEMBY, MERLE<br>C/O DAVID S VAN EVERY LAW OFFICES<br>ATTN DAVID S VAN EVERY, ESQ<br>PO BOX 761<br>COLUMBUS MS 39703<br><br>20262043 | Telephone No of Creditor **(662) 327-4065**<br><br>Fax No of Creditor **(662) 329-5083**<br><br>(If your address has changed or is incorrect as it appears in Item A, please provide corrections) | **FILED**<br>JACKSONVILLE, FLORIDA<br>**AUG 11 2005**<br>CLERK U S BANKRUPTCY COURT<br>MIDDLE DISTRICT OF FLORIDA<br>DEBTOR: WINN-DIXIE STORES, INC.<br>U S BANKRUPTCY COURT M D-FLORIDA<br>JOINTLY ADMINISTERED UNDER<br>CASE  05-03817 (3F1)<br>CHAPTER 11<br>**CLAIM NO.: 11577** |

| B. Name and address of signatory or other person to whom notices must be served, if different from above. (Check box if): ☐ replaces address above  ☐ additional address<br><br>Name<br>Company/Firm<br>Address: | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars<br>☐ Check box if you have never received any notices in this case | If an amount is identified above, you have a claim scheduled by the Debtor as shown. If you agree with the amount and classification of your claim as scheduled by the identified Debtor and you have no other claims against any of the debtors, you do not need to file this proof of claim, EXCEPT AS FOLLOWS If the amount shown is listed above as DISPUTED, UNLIQUIDATED, OR CONTINGENT, a proof of claim MUST be filed in order for you to receive any distribution on account of your claim If you have already filed a proof of claim in accordance with the attached instructions, you need not refile your claim. |
|---|---|---|

| Account or Other Number by Which Creditor Identifies Debtor | Check here if this claim ☐ replaces ☐ amends   a previously filed claim, dated |
|---|---|

| 1 Basis for Claim | | |
|---|---|---|
| ☐ Goods sold to debtor(s)<br>☐ Services performed for debtor(s)<br>☐ Goods purchased from debtor(s)<br>☐ Money loaned<br>☒ Personal injury/property damage<br>☐ Other | ☐ Taxes<br>☐ Severance agreement<br>☐ Refund<br>☐ Real property lease<br>☐ Personal property lease<br>☐ Other contract | ☐ Retiree benefits as defined in 11 U S C § 1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Last four digits of SSN<br>Unpaid compensation for services performed from<br>_____ to _____<br>(date)      (date) |

2 Date debt was incurred: **February 7, 2002**    3. If claim is based on a Court Judgment, date obtained:

4. Total Amount of Claim at Time Case Filed:

$_____ (unsecured)   $_____ (secured)   $_____ (priority)   $ **unliquidated damage** (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of all interest or additional charges

| 5 Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff)<br><br>Brief description of Collateral<br>☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____<br><br>Value of Collateral $_____<br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any $_____<br><br>6. Unsecured Nonpriority Claim $ **unliquidated damages**<br>☐ Check this box if a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority | 7.  Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br><br>Amount entitled to priority $_____<br>Specify the priority of the claim<br>☐ Wages, salaries, or commissions (up to $4,925),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U S C  § 507 (a) (3)<br>☐ Contributions to an employee benefit plan – 11 U S C  § 507 (a) (4)<br>☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U S C  § 507 (a) (6)<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U S C  § 507 (a) (7)<br>☐ Taxes or penalties owed to governmental units – 11 U S C  § 507 (a) (8)<br>☐ Other – Applicable paragraph of 11 U S C  § 507 (a) ( )<br>*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment |
|---|---|

| 8. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>9. Supporting Documents. Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien DO NOT SEND ORIGINAL DOCUMENTS  If the documents are not available, explain  If the documents are voluminous, attach a summary<br>10 Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim | This Space Is For Court Use Only |
|---|---|
| Date **8-9-05**<br><br>Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any) and to receive notice:<br>Print **David S. Van Every**   Title **Attorney**<br>Signature **David S. Van Every** | **EXHIBIT "A"** |

Penalty for presenting fraudulent claim  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571



IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

MERLE HEMBY                                                      PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2005- 0012-cv1

WINN-DIXIE MONTGOMERY, INC. And
TERRY BROWNLEE, INDIVIDUALLY
AND IN HIS CAPACITY AS MANAGER OF
WINN-DIXIE AND Gary McCraw, INDIVIDUALLY AND
IN HIS CAPACITY AS ASSISTANT MANAGER OF
WINN-DIXIE, AND DEFENDANT NO. 4, THE
PROPER AND CORRECT LEGAL DESIGNATION OF
THE ENTITY OPERATING AS WINN-DIXIE STORE
NUMBER 0524,LOCATED ON ALABAMA STREET,
COLUMBUS, LOWNDES COUNTY, MISSISSIPPI, DEFENDANT
NO. 5 THE PROPER AND CORRECT LEGAL DESIGNATION
OF THE ENTITY THAT NEGLIGENTLY AND/OR
WANTONLY CAUSED OR CONTRIBUTED TO THE
INJURY OF PLAINTIFF AND DEFENDANT NO. 6,
THE PROPER AND CORRECT DESIGNATION OF
THE ENTITY THAT FAILED TO PROPERLY SUPERVISE
AND OVERSEE THE STORE SO AS TO PREVENT THE TYPE
OF ACCIDENTS SUSTAINED BY PLAINTIFF, ALL OF
WHOSE TRUE NAMES ARE NOT OTHERWISE KNOWN TO
PLAINTIFF, BUT WILL BE ADDED BY AMENDMENT WHEN
ASCERTAINED,                                                     DEFENDANTS

RECEIVED
FEB 0 3 2005
MAHALA N. SALAZAR
CIRCUIT CLERK

**COMPLAINT**
**JURY TRIAL DEMANDED**

          Comes Now, Merle Hemby, by and through her attorney, and files this Complaint against the

Defendant herein and in support of the same would show unto the Court the following, to-wit:

**Parties**

1.

          Plaintiff is an adult resident citizen of Lowndes County, Mississippi. residing at Columbus,

Mississippi.

2.

          Defendant, Winn-Dixie Montgomery, Inc., is a Florida corporation, hereinafter referred to as

"Winn-Dixie",operating as "Winn-Dixie",at all relevant times herein, a supermarket business located

at 939 Alabama Street, Columbus, Mississippi, also known as store 0524.  Service of process may be

had by service upon its registered agent, CSC of Rankin County, Inc.,.Mirror Lake Plaza, 2829 Lakeland

1



FILED
FEB 0 3 2005

Mahala N. Salazar
Circuit Clerk

Drive, Suite 1502, Flowood, Mississippi 39232.

Defendant, Terry Brownlee, manager of "Winn-Dixie" at all relevant times herein, is an adult resident citizen of Lowndes County, Mississippi,  and may be served with process at his place of residence in Columbus, Mississippi or at his place of employment.

Defendant, Gary McCraw, assistant manager of "Winn-Dixie", is an adult resident citizen of Lowndes County, Mississippi and may be served with process at his place of employment, 939 Alabama Street, Columbus, Mississippi.

### Jurisdiction and Venue

3.

This Court has jurisdiction and venue because the acts giving rise to this lawsuit took place in Lowndes County, Mississippi and the defendant does business, and can be found within the confines of Lowndes County, Mississippi.  Further, defendants Terry Brownlee and Gary McCraw are adult resident citizens of Lowndes County, Mississippi.

### Facts

4.

On or about February 7, 2002, Plaintiff was shopping in defendant's "Winn-Dixie" supermarket located on 939 Alabama Street, Columbus, Lowndes County, Mississippi.  At some point during her shopping plaintiff, tripped and fell over a container, box, or other packaging materials that were left on the floor near an island in the store used to display fruits and vegetables.  The box, container or packaging materials were left in a negligent and inconspicious manner that would be difficult for customers to see while perusing and examining fruits, vegetables contained on said island.

### Negligence

5.

Defendants had a duty to Plaintiff, to keep and maintain the floor of the supermarket in a reasonably safe condition to insure the safety of customers and other persons walking within and shopping in the supermarket.

6.

Some time prior to Plaintiff's fall, Defendant, "Winn-Dixie", by and through its employees had

allowed the box, container or packaging materials that plaintiff fell over, to remain in the shopping area of the store. The employees improperly and negligently caused the box, container or packaging material to remain in the shopping area and failed to inspect the area for said materials and remove the aforesaid box, containers or packaging materials, thereby causing the shopping area to become unusually unsafe and dangerous to shoppers or other persons shopping or walking in that area of the store.

Defendant "Winn-Dixie's" employees, at all relevant times herein, were acting within the line and scope of their employment and defendant "Winn-Dixie" is vicariously liable for any acts of its employees.

Defendant Terry Brownlee, at all relevant times herein, was acting as manager of "Winn-Dixie" number 0524 at 939 Alabama Street, Columbus, Mississippi location and had a duty to insure the safety of his shoppers and to inspect or cause to have inspected, the area of the store in which plaintiff was shopping, to discover any unsafe conditions such as boxes, containers and other shopping materials that could cause a customer to slip and fall on. Further, defendant was acting at all relevant times herein, in a supervisory role of all "Winn-Dixie" employees employed at said store.

Defendant Gary McCraw, at all relevant times herein, was acting as assistant manager of "Winn-Dixie" number 0524 at 939 Alabama Street, Columbus, Mississippi location and had a duty to insure the safety of his shoppers and to inspect or cause to have inspected, the area of the store in which plaintiff was shopping, to discover any unsafe conditions such as boxes, containers and other shopping materials that could cause a customer to slip and fall. Further, defendant Brownlee, was acting at all relevant times herein, in a supervisory role of "Winn-Dixie" employees employed at said store.

7.

Defendants were further negligent in that they failed to give any notice or warning to plaintiff or similarly situated shoppers or other persons walking in and upon the shopping area as to the unusually dangerous and unsafe conditions of the shopping area due to the presence of the aforesaid box, container or packaging materials.

8.

Defendants were negligent in allowing the box, container or packaging material to remain in the shopping area thereby causing the shopping area to become unusually unsafe and dangerous to persons

shopping in said area. Defendant's also allowed such nuisance to remain in existence, well knowing that persons would walk in and over the area while shopping for groceries.

**Damages**

9.

As a direct and proximate result and consequence of the aforesaid negligence of defendants, plaintiff suffered serious injuries, resulting in severe permanent and debilitating pain in her back, pelvis, neck, both arms and her head. Plaintiff further suffered a fractured pelvis and numerous other bruises, contusions all over her body and other serious and permanent medical conditions.

10.

As a direct result and consequence of plaintiff's injuries so received by reason of the negligence of defendants, plaintiff has incurred medical expenses in the approximate amount of $12,500.00. Further, plaintiff will require future medical attention and will incur future medical expenses due to the injuries she received herein. Further, plaintiff has suffered lost wages, loss of future wages, loss of consortium, and has a diminished capacity to work and enjoy life.

11.

Plaintiff would further show that the defendants negligence was so gross, wanton and wilful in failing to maintain a safe shopping area with total disregard for the safety of others, including it patrons and customers, that punitive damages are proper herein and therefore, demand is now made against Defendants for punitive damages.

12.

Plaintiff would show that due to defendant "Winn-Dixie", defendant Terry Brownlee and defendant Gary McCraw's recklessness and negligence in injuring the plaintiff, the plaintiff has had to retain an attorney and proceed to Court and thus is entitled to attorneys fees and court costs from defendants.

13.

As a direct result and consequence of the injuries so received by reason of the negligence of defendants, plaintiff has suffered damages in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, plaintiff requests that the complaint be filed, process issue upon the defendants herein and upon a jury trial of these matters that for the following relief be granted to defendant:

A.    Trial by jury;

B.    Plaintiff be awarded damages from defendants, jointly and severally, for the aforesaid injuries and expenses plaintiff suffered and incurred due to the aforesaid negligence of the defendants herein in an amount in excess of the minium jurisdictional limits of the this Court;

C.    Plaintiff's reasonable attorney's fees, including the costs and expenses of this action;

D.    An award of punitive damages;

E.    Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

Respectfully submitted,

MERLE HEMBY

By: _____
DAVID S. VAN EVERY,
ATTORNEY FOR PLAINTIFF
MS BAR #6094

DAVID S. VAN EVERY
ATTORNEY AT LAW
P. O. BOX 761
COLUMBUS, MS 39703
662-327-4065

**DAVID S. VAN EVERY**
**Attorney at Law**
**P. O. Box 761**
**516 Second Avenue North**
**Columbus, Mississippi 39703**


U.S. Bankruptcy Court Clerk
Middle District of Florida
300 North Hogan Street, Suite 3-350
Jacksonville, FL 32202

<u>ENCLOSURE</u>

RE: Winn-Dixie Stores, Inc., et al
    Case No. 05-03817-3F1
    Creditor: Merle Hemby
         Claim No. 11577

| DATE | ENCLOSURE | FILE IN YOUR RECORDS (if checked) |
|---|---|---|
| 08-11-2006 | ___    **Chapter 7 Petition** <br><br> ___    **Chapter 13 Petition** <br><br> _X_    **Other - Response to Debtor's Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Over Stated Claims and (C) Overstated Misclassified Claims ;  Motion to Accept Late Filing Proof of Claim or in the Alternative Motion for Leave to File Late Proof of Claim ; and  Creditor's Memorandum in Support of her Motion to Accept Late Filing Proof of Claim or in the Alternative Motion for Leave to File Late Proof of Claim** <br> ___      **Other** | ___ <br><br> ___ <br><br> ___ <br><br> _X_ <br><br> ___ |
| | | |

F I L E D
JACKSONVILLE, FLOR·

AUG 1 4 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

### IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DISTRICT

IN RE OF:                                   CASE NO. 05-03817-3F1

WINN-DIXIE, STORES INC., ET AL              CHAPTER 11

Creditor:     Merle Hemby
              Claim No. 11577

### CREDITOR'S MEMORANDUM IN SUPPORT OF
### MOTION TO ACCEPT LATE FILING PROOF OF CLAIM OR IN THE
### ALTERNATIVE MOTION FOR LEAVE TO FILE LATE PROOF OF CLAIM

COMES NOW, Merle Hemby, creditor, by and through counsel, and files this her Creditor's

Memorandum in Support of her Motion to Accept Late Filing Proof of Claim or in the Alternative

Motion for Leave to File Late Proof of Claim as follows:

### INTRODUCTION

Creditor filed her Proof of Claim on August 11, 2005, ten days past the bar date of August

1, 2005 for filing Proofs of Claim herein. Creditor has filed a Motion for the Court to allow the late

filing of proof of claim based on the facts and reasons for excusable neglect for the untimely filing

as set forth in her Motion.

### ARGUMENT

The determination as to whether a party's failure to timely file a Proof of Claim is excusable

neglect is essentially equitable in nature and is to be determined by weighing all the relevant

circumstances surrounding the failure to timely file; those relevant circumstances and factors include,

but are not limited to the following:  danger of prejudice to the  debtor, the length of the delay and

its potential impact on judicial proceedings, the reason for the delay. Other factors to consider are

whether it was within the reasonable control of the movant and whether movant acted in good faith. In re: *Eagle Bus Mfg., Inc.*, 62 F3d 760, 736-740 (5th Cir. 1995); *Pioneer Ins. Service Co. v. Brunswick Assoc. Ltd Partnership*, 507 US 380, 113. S.Ct. 1489, 1498, 123 L. Ed. 2d 74, 89-90, (1993).

In the case at bar, the length of delay, ten days, is negligible. This short delay will cause no prejudice to debtor at all. The delay also will have no negative impact on the judicial proceedings in a bankruptcy reorganization of this magnitude. The reason for the delay herein, i.e., the creditor's attorney's heavy case load and health situation, weighs in favor of sustaining movant's motion. Additionally, the delay was in no wise the fault of creditor herself. Further, the creditor has acted in good faith at all times herein and no bad faith motive may be imputed by the short delay in filing the proof of claim.

The consideration of all the aforesaid facts and circumstances surrounding the creditor's failure to timely file the proof of claim herein and applying the factors set forth in the aforesaid *Pioneer* and other cases to the case at bar, weigh heavily in favor of the view that the creditors neglect of filing the proof of claim ten days late is excusable neglect and that the Proof of Claim filed by creditor herein on August 11, 2005 should be allowed as if timely filed.

## CONCLUSION

For these reasons, the movant asks the Court to allow the Proof of Claim filed herein on August 11, 2005 to be allowed as if timely filed.

Respectfully submitted,

MERLE HEMBY, Credtor

BY: _David S. Van Every Sr._

DAVID S. VAN EVERY, SR.
ATTORNEY FOR CREDITOR
MS BAR #6094
P. O. BOX 761
COLUMBUS, MS 39703
662-327-4065

## CERTIFICATE OF SERVICE

I, David S. Van Every, do hereby certify that I have this date emailed and delivered by email and express delivery, prepaid, a true and correct copy of the above and foregoing Creditor's Memorandum Brief to the following

D. J. Baker
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036
djbaker@skadden.com

Stephen D. Busey
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202
jpost@smithhulsey.com
tcopeland@smithhulsey.com

SO CERTIFIED, on this the 11th day of August, 2006.

David S. Van Every, Sr.