### IN THE UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., *et al.*,   CASE NO. 05-03817-3F1
                                     Chapter 11
    Debtors.                         Jointly Administered
_____/

### RESPONSE TO OBJECTION TO CLAIM 12804

COMES NOW Cindy Stewart (Ms. Stewart), by and through her undersigned counsel, and files this response to the objection to claim filed by the Debtor and states as follows:

1. Ms. Stewart's claim arises from an accident on WINN-DIXIE property that occurred in February 2002.

2. WINN-DIXIE was immediately put on notice of the claim. On or about March 28, 2002, Norma Clements, a WINN-DIXIE employee, acknowledged the claim by a letter to Tri-Eagle Sales which was copied to Ms. Stewart. Ms. Clements claimed that there was an indemnity agreement that would make Tri-Eagle responsible for any damages.

3. On or about April 15, 2002, Eubanks, Barrett & Fasig sent a certified letter of representation to WINN-DIXIE again putting WINN-DIXIE on notice of the claim.

4. Between April 2002, and December 2005, there were settlement negotiations with Tri-Eagle, and Ms. Stewart

completed her treatment for her injuries.  When the settlement negotiations failed, Eubanks, Barrent & Fasig again contacted WINN-DIXIE at which time they were informed for the first time of the WINN-DIXIE bankruptcy case.

    5.   WINN-DIXIE Claims Management sent a letter to Eubanks, Barrent & Fasig dated December 12, 2005, stating that the claims deadline was August 1, 2005, but nevertheless including a proof of claim form.

    6.   Eubanks, Barrent & Fasig immediately filed a proof of claim for Ms. Stewart dated December 19, 2005, and received December 22, 2005.

    7.   WINN-DIXIE has had actual notice of Ms. Stewart's claim since long before the bankruptcy case was filed.  A formal proof of claim was not filed by the filing deadline due lack of notice of the case and the filing deadline. Once notice of the bankruptcy and claims filing deadline were received, a proof of claim was immediately filed.

    8.   Ms. Stewart's claim was timely, and should be allowed as such.

    8.   Ms. Stewart's claim has however not been liquidated.  An indemnity agreement between WINN-DIXIE and Tri-Eagle may exist as represented by Ms. Clements; however, Ms. Stewart has not been able to discover the agreement.

WHEREFORE, Cindy Stewart respectfully request that this Court deny the Debtor's objection to claim number 12804, and grant Ms. Stewart such other relief as the Court deems just and appropriate.

DATED this 14th day of August, 2006.

>/s/Louis L. Long, Jr.
>Chesser & Barr, P.A.
>1201 Eglin Parkway
>Shalimar, FL 32579
>(850) 651-9944
>F: (850) 651-9867
>FL BAR ID# 293131
>Attorneys for Cindy Stewart

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy has been furnished via facsimile on TANA COPELAND, Esquire, Smith, Hulsey & Busey, (904) 359-7708, 225 Water Street, Ste. 1800, Jacksonville, FL 32202, this 14th day of August, 2006.

>/s/Louis L. Long, Jr.
>Attorney