UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA - JACKSONVILLE DIVISION

In re:                                                                 Case No. 05-03817-3F1

**WINN-DIXIE STORES, INC., et al.,**                 Chapter 11

      Debtors.                                             Jointly Administered

_____

RESPONSE OF CREDITOR KATHLEEN MALLOY TO
DEBTORS' OMNIBUS OBJECTION TO UNRESOLVED LITIGATION CLAIMS

    1.    In its Notice of Omnibus Objection to Unresolved Litigation Claims filed and served on June 22, 2006, Debtors objected to the claim of Kathleen Malloy based upon one or more of the following grounds: " (i) claims which are not supported by legally sufficient documentation, (ii) claims which were not filed prior to the applicable proof of claim bar date; (iii) claims which are required to be reclassified as unsecured; (iv) claims which appear to be duplicative of other claims filed against the Debtors; (v) claims which appear to have been amended and superseded by later filed claims; and/or (vi) claims which have been settled or withdrawn."

    2.    Debtors failed to provide Creditor Kathleen Malloy with any documentation or substantiation for its objection to her claim.

    3.    In its Claims to Be Disallowed filed and served on July 25, 2006, Debtors objected to the claims of Kathleen Malloy based upon one or more of the following grounds: "(a) the claims(s) were not filed on or before the applicable proof of claim bar date; or (b) the claim(s) are not supported by legally sufficient documentation."

    4.    Kathleen Malloy claims she suffered physical injuries as a result of being provided with the wrong prescription medication at a Winn Dixie pharmacy on numerous occasions. By and through her attorney, Patricia M. Dodson, Kathleen Malloy, filed a Proof of Claim on July 22, 2005 with Winn-Dixie Claims Docketing Center, c/o Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043. (See Exhibit A attached hereto).

    5.    Creditor Kathleen Malloy was provided with a Questionnaire for Litigation Claimants, which was completed by her attorney, Patricia M. Dodson, and filed with supporting documentation on October 26, 2005. (See Exhibit B and C attached hereto.)

    6.    On August 14, 2006, Patricia M. Dodson received an e-mail from attorney Leanne Prendergast with an Exhibit A attachment specifying Debtors' objections to Creditor Kathleen Malloy's claims including, "NO LIABILITY - DISPUTED CLAIM; RECLASSIFY TO UNSECURED; LATE CLAIM." (See Exhibit D attached hereto)

7. Debtor fails to allege its objection with sufficient specificity which would permit Creditor Kathleen Malloy to formulate a meaningful response other than to provide the Court with the attached documentation. The Proof of Claim and the information provided in the Questionnaire for Litigation Claimaints clearly show the Debtor was timely informed of Kathleen Mallow's claim, was fully informed of her claim, and was provided was substantial documentation of her claim, to the extent Debtor had sufficient notice to resolve her claim or to consider her claim within its plan of reorganization.

WHEREFORE, Debtors' objection to Creditor Kathleen Malloy's claim should not be sustained.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Attorney Leanne McKnight Prendergast, of Smith Hulsey and Busey, Co-counsel for Debtors, 225 Water Street, Suite 1800, Jacksonville, Florida  32202, by email Attn: tcopeland@smithhulsey.com and via facsimile sent to (904) 359-7708 and by U.S. Mail before 4:00 p.m. on the   14th    day of August, 2006.

TERRELL, HOGAN
ELLIS & YEGELWEL, P.A.


By   /s/ *Carroll Cayer*
Carroll Cayer
Florida Bar No. 161070
Patricia M. Dodson
Florida Bar No. 972290
233 East Bay Street, 8th Floor
Jacksonville, Florida  32202
(904) 632-2424
(904) 632-0549 facsimile
Cayer@terrellhogan.com
Attorneys for Creditor