UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 05-03817 |
| ) | (Jointly Administered) |
| WINN-DIXIE STORES, INC., et al. ) | |
| ) | Chapter 11 |
| ) | |
| ) | Objection Deadline: August 14, 2006 |
| Debtors. ) | Hearing: August 24, 2006 |

### RESPONSE OF PRINCIPAL LIFE INSURANCE COMPANY TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS, (B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS

Principal Life Insurance Company ("Principal"), formerly known as Principal Mutual Life Insurance Company, by its undersigned counsel, hereby submits this response (the "Response") to the Debtors' Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Objection"), and in support hereof, Principal respectfully states as follows:

### BACKGROUND

1. On February 21, 2005 (the "Petition Date"), Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Court").

2. On or about April 13, 2005, the New York Court transferred venue of the Debtors' cases to the United States Bankruptcy Court for the Middle District of Florida (the "Court").

3. The Debtors' cases are being jointly administered.

DM3\387431.2

4.   Upon information and belief, the Debtors operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## THE PROPERTY

5.   As more particularly described in the Proof of Claim[1] (as defined herein), prior to the Petition Date, Coastal Mall Associates ("Coastal"), as lessor, leased pursuant to a lease agreement (the "Overlease") certain property (the "Land") and all improvements thereon (the "Improvements") and upon which is situated a building once identified by the Debtors as store 2124 (the "Store"; together with the Land and Improvements, the "Property") to Mountcastle Corporation ("Mountcastle"), as lessee.

6.   Prior to the Petition Date, Mountcastle, as sublessor, leased pursuant to a lease agreement (the "Land Sublease") the Property to Winn-Dixie Charlotte, Inc. ("WD Charlotte").

7.   Prior to the Petition Date, all right, title and interest of:

   (a)   Coastal under the Overlease were allegedly transferred to Gator Coastal Shopping Centre, LLC ("Gator");

   (b)   Mountcastle under the Overlease and the Land Sublease were transferred to Mount Castle Properties ("Properties"); and

   (c)   WD Charlotte under the Land Sublease and in the Improvements were transferred pursuant to the Land Sublease Assignment (as defined in the Proof of Claim) to Realty South Investors, Inc., predecessor in interest to Equivest, Inc. ("Realty South").

8.   Prior to the Petition Date, Realty South leased pursuant to a lease agreement (the "Sub-Sublease") the Store to WD Charlotte.

---

[1]   The Response contains only a brief recitation of the basis of and support for the Proof of Claim. Please refer to the Proof of Claim and the documents referenced therein for more detail.

9. Prior to the Petition Date, all right, title, interest and obligations of Realty South under the Land Sublease, the Sub-Sublease and the Loan Documents (as defined herein) were transferred to Cardinal Capital Partners, Inc. ("Cardinal").

10. Prior to the Petition Date, Principal made certain loans (the "Loans") to Realty South and/or Cardinal which were evidenced and/or secured by certain loan documents (collectively, the "Loan Documents") including, *inter alia*:

   (a) that certain Mortgage and Security Agreement (the "Mortgage") dated as of September 18, 1990 by and between Realty South, as mortgagor, and Principal, as mortgagee;

   (b) that certain Assignment of Lessor's Interest in Leases (the "Assignment") dated as of September 18, 1990 by and between Realty South, as borrower, and Principal, as lender;

   (c) that certain Amendment to the Mortgage and the Assignment dated as of August 20, 1992 by and between Cardinal, as borrower, and Principal, as lender; and

   (d) that certain Second Amendment to and Modification in the Mortgage dated as of October 26, 1994 between Cardinal, as mortgagor, and Principal, as mortgagee.

11. Principal has the right, title and interest in and to the Proof of Claim based upon the Loan Documents.

## THE PROOF OF CLAIM AND THE OBJECTION

12. On or about May 19, 2005, the Court entered an order authorizing the Debtors to reject the Land Sublease and the Sub-Sublease.

13. Pursuant to the Order, the Sublease and the Sub-Sublease were rejected.

14. On or about August 1, 2005, Principal filed a proof of claim (the "Proof of Claim") against Winn-Dixie Raleigh, Inc. f/k/a Winn-Dixie Charlotte ("WD Raleigh") for damages resulting from, *inter alia*, rejection of the Land Sublease.

15.     On or about July 25, 2006, the Debtors filed the Objection pursuant to which the Debtors objected to the Proof of Claim alleging that they do not have liability on this claim and that it duplicates liability in claim number 10086 ("Claim 10086").

## THE RESPONSE

16.     The Debtors have rejected the Land Sublease and the Sub-Sublease.

17.     As Principal has the right, title and interest to any and all claims arising under each of the Land Sublease and Sub-Sublease, Principal has, *inter alia*, a claim against WD Raleigh for rejection damages arising under each of the Land Sublease and Sub-Sublease.

18.     Accordingly, Principal has two separate and distinct claims against WD Raleigh related to the Property.

19.     The Proof of Claim was filed by Principal against WD Raleigh for all amounts that are or may become due and owing to Cardinal as a result of any contract rights, claims and/or causes of action that Cardinal may have against WD Raleigh (a) referred to or described in the Loan Documents or in any way connected with the use and enjoyment of the Property, and/or (b) arising out of or as a result of WD Raleigh's purported rejections of the Land Sublease notwithstanding the Land Sublease Assignment.

20.     Claim 10086 was filed by Principal against WD Raleigh for, among other things, damages resulting from the rejection of the Sub-Sublease.

21.     Accordingly, the Proof of Claim is for claims arising, *inter alia*, pursuant to the Land Sublease and Claim 10086 is for claims arising pursuant to the Sub-Sublease.

22.     Therefore, the Proof of Claim is not duplicative of Claim 10086.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

WHEREFORE, Principal requests that this Court overrule the Objection as to the Proof of Claim and grant such other relief as the Court deems just and proper.

Dated: August 14, 2006

By: /s/ *Wendy M. Simkulak*
DUANE MORRIS LLP
Paul L. Orshan, Esquire
Florida Bar No. 776203
200 S. Biscayne Boulevard,
Suite 3400
Miami, FL 33131
Telephone: (305) 960-2200
Facsimile: (305) 960-2201
plorshan@duanemorris.com

and

Margery N. Reed, Esquire
Wendy M. Simkulak, Esquire
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Facsimile: (215) 979-1020
mnreed@duanemorris.com
wmsimkulak@duanemorris.com

Counsel to Principal Life Insurance Company