**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., *et al.,* | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**RESPONSE OF INFORMATION RESOURCES, INC.**
**TO DEBTORS' OBJECTION TO CLAIM NO. 11820 CONTAINED IN**
**DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO (A) NO LIABILITY CLAIMS,**
**(B) OVERSTATED CLAIMS AND (C) OVERSTATED MISCLASSIFIED CLAIMS**

Information Resources, Inc. ("IRI") respectfully submits this response to the Debtors' Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims (the "Objection") with respect to Claim No. 11820 ("Claim 11820") filed by IRI against Winn-Dixie Stores, Inc. (individually, and collectively with its affiliated Debtors, "Winn-Dixie").  In support of its response, IRI states as follows:

1. IRI is an information services company that provides market information solutions, software and services to the consumer packaged goods, retail, and healthcare industries.  These products and services include advanced analytics, enterprise performance management software and professional consulting services.

2. On October 20, 2004, prior to the date Winn-Dixie commenced these jointly administered bankruptcy cases, IRI and Winn-Dixie entered into the Apollo Assortment & Planogram Automation Consulting Agreement (the "Agreement").  The Agreement provides for the development, installation and implementation of a store-level allocation and assortment system (the "System") to be used throughout Winn-Dixie's retail chain.

3. Under the Agreement, Winn-Dixie contracted to pay IRI the amount of $2,768,000 (the "Total Adjusted Price"), plus expenses incurred by IRI in connection with the

Agreement. Winn-Dixie was to make certain payments to IRI upon the occurrence of contractual milestones. The first Agreement milestone occurred on October 20, 2004, when the Agreement became effective. The second Agreement milestone occurred on December 30, 2004, when IRI and Winn-Dixie certified delivery and acceptance of the scoping document and implementation plan. Under the Agreement, the occurrence of these two milestones obligated Winn-Dixie to pay $830,400 to IRI.

4. In addition, when Winn-Dixie signed the Agreement, IRI immediately began devoting resources to completion of the System, causing IRI to incur costs and expenses totaling at least $3,205,547.00, which amounts are itemized in Claim 11820. Furthermore, as reflected in Claim 11820, IRI voluntarily reduced its claim by $437,547.00 so as not to exceed the amount of the Total Adjusted Price.

5. In addition to expenses due under the Agreement, Winn-Dixie owes IRI the following amounts:

| | |
|---|---|
| Invoice No. 5087300, dated October 6, 2004, on account of Apollo Total Store Licenses | $44,940.00 |
| Pre-petition Store Invoices | $ 4,106.24 |
| Invoice No. 4010693, dated March 4, 2005, on account of 2005 Apollo Annual Support & Update for 22 | $ 3,694.08 |
| Check No. 7451072, returned for insufficient funds. | $   360.72 |
| Total Additional Amounts Due | $53,101.04 |

6. On July 29, 2005, Winn-Dixie filed the Debtors' Motion for Order Under 11 U.S.C. § 365(a) Authorizing Rejection of Executory Contracts Effective as of August 18, 2005 (the "Rejection Motion"). This Court entered an order on August 18, 2005 (the "Rejection Order") granting the Rejection Motion. Under the Rejection Order, the Agreement was deemed

rejected as of August 18, 2005, and IRI was directed to file its claim for rejection damages within 30 days after the entry of the Rejection Order.

7. On September 15, 2005, IRI timely filed its claim for rejection damages, which claim is docketed on Winn-Dixie's claims register as Claim No. 11820. In addition to rejection damages, Claim 11820 incorporates claims set forth in prior proofs of claim filed by IRI.[1]

8. Claim 11820 asserts a general unsecured claim against Winn-Dixie in the amount of $2,843,892.04 (the "Claim Amount"), summarized as follows:

| | |
|---|---|
| Agreement Milestone 1 | $   415,200.00 |
| Agreement Milestone 2 | $   415,200.00 |
| Additional amounts due under the Agreement[2] | $1,937,600.00 |
| Expenses incurred in connection with the Agreement | $     22,791.00 |
| Other unpaid Invoices | $     53,101.04 |
| | $2,843,892.04 |

9. IRI attached a number of supporting documents to Claim 11820, including (a) a Recap of Winn-Dixie Bankruptcy Proof of Claim, (b) invoices in connection with the amounts comprising the Claim Amount, and (c) the Agreement.

10. On July 25, 2006, Winn-Dixie filed the Objection, seeking to reduce Claim 11820 to $415,200. The sole reason set forth in Exhibit B to the Objection in support of the proposed reduction is "REDUCED AMOUNT REFLECTS REMOVAL OF $2,428,692.04 FOR OVERSTATED REJECTION DAMAGES." Winn-Dixie offers no evidentiary support or other basis for its conclusion that Claim 11820 overstates IRI's rejection damages.

11. To the contrary, as set forth in Claim 11820 and evidenced by the supporting documents, IRI is entitled to $2,843,892.04 in connection with the rejection of the Agreement, and IRI's other unpaid invoices.

---

[1] IRI filed two prior proofs of claim on April 10, 2005 and July 26, 2005. Both of those proofs of claim are replaced by Claim 11820.
[2] Reduced not to exceed the amount of the Total Adjusted Price.

WHEREFORE, Information Resources, Inc. respectfully requests that this Court enter an order (1) denying the Objection with respect to Claim 11820, (2) allowing Claim 11820 as a general unsecured claim against Winn-Dixie in the amount of $2,843,892.04, and (3) granting such other relief as this Court deems just.

        Respectfully submitted,

        INFORMATION RESOURCES, INC.

        By:    */s/ Joseph D. Frank*
               One of its attorneys

Joseph D. Frank (ARDC No. 6216085)
Micah R. Krohn (ARDC No. 6217264)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60610
(312) 276-1400 – telephone
(312) 276-0035 – facsimile
jfrank@fgllp.com; mkrohn@fgllp.com

August 14, 2006

## CERTIFICATE OF SERVICE

    I, Joseph D. Frank, an attorney, hereby certify that on **August 14, 2006**, a true and correct copy of the foregoing **Response of Information Resources, Inc. to Debtors' Objection to Claim No. 11820 Contained in Debtors' Fifteenth Omnibus Objection to (A) No Liability Claims, (B) Overstated Claims and (C) Overstated Misclassified Claims** was filed electronically. Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System. In addition, a copy was served this day upon the party named below via electronic mail and facsimile transmission:

D. J. Baker
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York  10036
*(212) 735-2000 – fax*
djbaker@skadden.com

                                                    */s/ Joseph D. Frank*