UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 05-03817-f1 |
| ) | |
| WINN-DIXIE STORES, INC., *et al*, ) | Chapter 11 |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |

**PORCUPINE WD5, LLC' RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (STORE NO. 2422)**

Porcupine WD5, LLC (the "Landlord") hereby responds and objects to the Debtors' Fifteenth Omnibus Objection to Claims (the "Omnibus Objection") with respect to Proof of Claim Nos. 9636 and 9637 (collectively, the "Claims"), and in support thereof states and alleges as follows:

**LANDLORD'S CLAIMS AGAINST THE ESTATE**

1. Landlord and debtor Winn-Dixie Montgomery, Inc., d/b/a Winn-Dixie Louisiana, Inc. (the "Tenant") were parties to that certain lease (the "Lease"), dated March 4, 1998 (the "Lease"), for real property located in Fort Worth, Texas, which property has been designated as Store No. 2422. A copy of the Lease is attached as Exhibit A to the Claims.

2. Pursuant to a Guaranty of Lease Obligations (the "Guaranty"), dated March 4, 1998, Tenant's obligations under the Lease were guaranteed by debtor Winn-Dixie Stores, Inc. (the "Guarantor"). A copy of the Guaranty is attached as Exhibit B to the Claims.

3. The Lease term runs through March 31, 2018 (the "Termination Date").

4. On or about June 24, 2002, the Tenant assigned the Lease to Fiesta Mart, Inc. ("Fiesta Mart"). A copy of the Lease Assignment is attached hereto as Exhibit 1. Despite the

assignment, the Tenant and Guarantor remain liable under the Lease in the event Fiesta Mart defaults on the Tenant's obligations thereunder.

5. Prior to the claims bar date, Landlord filed contingent claims against the Tenant and the Guarantor, Claim Nos. 9637 and 9636, respectively, in the amount of $6,309,394.92, which was the full amount then due under the Lease through the Termination Date.

6. On June 23, 2006, the Debtors filed a motion to reject the Lease (Docket # 8756), and an order approving the rejection was entered on August 13, 2006 (Docket # 9188).

7. Concurrent with the filing of this objection, Landlord is filing amendments to the Claims, which reduce the amount of the Claims to $946,409.24 pursuant to section 502(b)(6) (the "Lease Rejection Claims").  *See* Exhibit 2 for a calculation of Landlord's lease rejection claim.

8. As of the filing of this objection, Fiesta Mart is current on all of the Tenant's obligations.

## THE OMNIBUS OBJECTION

9. In the Omnibus Objection, the Debtors seek to disallow in full the Landlord's Claims against the Tenant and the Guarantor even though the Debtors acknowledge their potential liability in the event Fiesta Mart defaults under the Lease.

## LANDLORD'S CLAIMS ARE NOT SUBJECT TO DISALLOWANCE

10. Landlord holds valid contingent lease rejection claims in the amount of $946,409.24 against both the Tenant and the Guarantor, and there is no basis for disallowing said Claims.

11. Section 502(c) of the Bankruptcy Code provides, in part:

> There shall be estimated for purpose of allowance under this section –

>    (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case

11 U.S.C. § 502(c).

12. Landlord is entitled to either allowance of its lease rejection claims or an evidentiary hearing to estimate or liquidate the amount of said claims. S*ee, e.g., In re Rhead*, 179 B.R. 169, 172 (Bankr. D.Ariz. 1995) (Chapter 11 debtors' obligation on guarantee was "unliquidated," so as to be subject to estimation, to the extent that debtors had filed objections challenging certain aspects of creditor's proof of claim); *In re Roman Catholic Archbishop of Portland in Or.*, 339 B.R. 215, 219 (Bankr. D.Or. 2006) ("When actual liquidation of claims would unduly delay administration of the bankruptcy estate, estimation is mandatory")

## **RESERVATION OF RIGHTS**

13. Landlord expressly reserves the right: (i) to amend, modify, or supplement this objection and response, as well as any of its exhibits, including by, but not limited to, additional documentation of the amount of, or in relation to, the Claims; and (ii) to present other evidence if an evidentiary hearing is held with respect to the Omnibus Objection and this objection and response.

14. Landlord expressly reserves its right to respond or move for additional relief on any grounds that may now exist or that may exist hereafter.

[Intentionally Left Blank]

WHEREFORE, Landlord respectfully requests that the Court (1) overrule the Omnibus Objection as it relates to the Claims, (2) allow the Claims in the amount of $946,409.24 or set an evidentiary hearing to estimate or liquidate the amount of said Claims; and (3) grant Landlord such other and further relief that the Court may deem just and appropriate.

                Respectfully submitted,

                PORCUPINE WD5, LLC

                By: /s/ Sara E. Lorber
                     One of Its Attorneys

Sara E. Lorber
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
Tel. (312) 346-8000
Fax: (312) 269-8869
slorber@seyfarth.com

## **CERTIFICATE OF SERVICE**

I, Sara E. Lorber, an attorney, do hereby certify that on August 14, 2006, I electronically filed a true and correct copy of the foregoing PORCUPINE WD5, LLC' RESPONSE TO DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (STORE NO. 2422), and caused the same to be served (1) via electronic mail to those parties entitled to service through the ECF registration, and (2) via facsimile transmission on counsel for the Debtors at the following address:

>D.J. Baker Esq.
>Skadden, Arps, slate, Meagher & Flom LLP
>Four Times Square
>New York, NY 10036
>(212) 735-2000 (facsimile)

/s/ Sara E. Lorber