UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

WINN-DIXIE STORES, INC., et al.,

Debtors.

_____/

Case No.: 3:05-bk-03817-JAF

Chapter 11

Jointly Administered

## ORDER OVERRULING CONCORD-FUND IV RETAIL, LP'S OBJECTION TO DEBTORS' AMENDED OMNIBUS MOTION FOR ORDER TO (I) ASSUME NON-RESIDENTIAL REAL PROPERTY LEASES, (II) FIX CURE AMOUNTS, AND (III) GRANT RELATED RELIEF AND DIRECTING DEBTORS TO PREPARE ORDER

This case came before the Court upon Debtors' Amended Omnibus Motion for Order to (I) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief (the "Motion"). Concord-Fund Retail, LP ("Concord"), the landlord for store number 254, filed an objection to the Motion. Concord asserts that the lease for store number 254 (the "Lease") has been terminated and thus cannot be assumed. Concord asserts that the Lease has been terminated because of: 1) Debtors' material breach of the Lease resulting in code violations; 2) Debtors' failure to adequately upgrade the lighting in the Debtors' parking lot under County Code requirements; and 3) the condition of the electrical wiring and fixtures in the parking lot.

On August 11, 2005 Concord filed Motion for Relief from the Automatic Stay to Allow Remediation of Code Violations. On February 9, 2006, upon the consent of Debtors, the Court entered Order Regarding [Concord] Stay Relief (the "Stay Relief Order"). Paragraph 1 of the Stay Relief Order provided that the automatic stay was modified:

> for the sole purpose of allowing [Concord] to bring an action against Debtor in state court in Miami-Dade County, Florida to enforce its remedies under its lease with Debtor. Such remedies may include, but are not limited to, requesting the state court to allow [Concord] to enter onto the Debtor's property to correct electrical problems, including entry into Store #254 to change the breakers and repull the conductors going to the parking lot and rewire the standards.

Paragraph 2 of the Stay Relief Order provided that:

> [n]otwithstanding anything contained in this Order, this Order is entered without prejudice to: (1) the Landlord asserting claims, the right to payment of administrative expenses, and other rights under the parties' lease or the Bankruptcy Code in this Court, including but not limited to, claims and expenses arising from or in connection with the electrical problems alleged in [Concord]'s stay relief motion; and (2) the Debtor asserting any rights it has under the parties' lease or the Bankruptcy Code and opposing any claims or administrative expense requests of the Landlord.

Thereafter, Concord filed an action for possession and to evict the Debtor in Miami-Dade County Court. Concord opposes the Motion on the basis that it wants to proceed with the state court action and obtain a finding from the Miami-Dade County court that the lease has been terminated.

Section 365 of the Bankruptcy Code provides that [the debtor-in-possession in a Chapter 11 case] may assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365. Until a lease has been terminated by non-bankruptcy law, § 365 permits it to be assumed or rejected. Concord presented no evidence to the Court that the Lease has been terminated. Accordingly, it is

**ORDERED:**

1. Concord's objection to Debtors' Amended Omnibus Motion for Order to (1) Assume Non-Residential Real Property Leases, (II) Fix Cure Amounts, and (III)

(2) Grant Related Relief is overruled.

2. Debtors are directed to prepare an order authorizing the assumption of the Lease consistent with the requests contained in Debtors' Motion.

**DATED** this 15 day of August 2006 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve
a copy of this Order on all appropriate parties