Hearing Date: August 24, 2006, 1:00 p.m.
Objection Deadline: August 22, 2006, 4:00 p.m.

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | *Chapter 11* |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

### DEBTORS' MOTION FOR ORDER GRANTING EXTENSION OF EXCLUSIVE PERIOD FOR OBTAINING ACCEPTANCES OF CHAPTER 11 PLAN

Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates, as debtors and debtors-in-possession (collectively, the "Debtors"), move for entry of an order under 11 U.S.C. § 1121(d), granting an extension of their exclusive period for obtaining acceptances of their plan of reorganization (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

### Background

1.   On February 21, 2005 (the "Petition Date"), the Debtors filed voluntary petitions for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code"). The Debtors' cases are being jointly administered for procedural purposes only.

2.   The Debtors are grocery and pharmaceutical retailers operating in the southeastern United States, primarily under the "Winn-Dixie" and "Winn-Dixie Marketplace"

---

[1] In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

banners.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On March 1, 2005, pursuant to Section 1102 of the Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors Committee") to serve in these cases.  An official committee of equity security holders appointed by the U.S. Trustee on August 17, 2005 was subsequently disbanded by the U.S. Trustee by notice dated January 11, 2006.

4.    This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5.    The statutory predicates for the relief requested in the Motion are sections 105(a) and 1121(d) of the Bankruptcy Code.

### Relief Requested

6.    By this Motion, the Debtors request entry of an order extending their exclusive solicitation period for approximately 60 days, to the earlier of (a) the entry of an order confirming the Plan or (b) October 31, 2006.

### Support for Requested Relief

7.    Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to propose a plan of reorganization (the "Exclusive Proposal Period").  In addition, section 1121(c)(3) of the Bankruptcy Code provides that if a debtor proposes a plan within the Exclusive Proposal Period, it has the balance of 180 days after the commencement of the chapter 11 case to solicit acceptances of such plan (the "Exclusive Solicitation Period").  During the Exclusive

Proposal Period and the Exclusive Solicitation Period (together, the "Exclusive Periods"), plans may not be proposed by any party in interest other than the debtor.

8.     Under section 1121(d) of the Bankruptcy Code, the Exclusive Periods may be extended by the Court for cause:

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d). Pursuant to the Order Granting Fifth Extension of Exclusive Periods for Filing Chapter 11 Plans and Obtaining Acceptances of Such Plans dated April 20, 2006 (the "Fifth Exclusivity Order"), this Court extended the Debtors' Exclusive Periods, for the fifth time, to June 29, 2006 for the Exclusive Proposal Period and to August 29, 2006 for the Exclusive Solicitation Period.

9.     On June 29, 2006, prior to the expiration of the Exclusive Proposal Period established by the Fifth Exclusivity Order, the Debtors filed a proposed plan of reorganization (as amended and subsequently refiled, the "Plan") and a corresponding disclosure statement (as amended and subsequently refiled, the "Disclosure Statement"). On August 4, 2006, the Bankruptcy Court approved the Disclosure Statement as containing adequate information to enable creditors and other parties in interest to make an informed judgment about the Plan.

10.    In conjunction with approving the Disclosure Statement, the Bankruptcy Court also entered on August 4, 2006 an order that, among other things, determined the dates, procedures, and forms applicable to the process of soliciting votes on the Plan (the "Solicitation Order"). The Solicitation Order established August 15, 2006 as the deadline by which the Debtors must commence the solicitation process (the "Solicitation Commencement Date") and September 25, 2006 as the deadline by which creditors must cast votes to accept or reject the

Plan (the "Voting Deadline"). The Solicitation Order also scheduled a hearing for October 13, 2006 to consider confirmation of the Plan (the "Confirmation Hearing").

11. The Exclusive Solicitation Period currently will expire on August 29, 2006 -- approximately two weeks after the Solicitation Commencement Date, approximately four weeks prior to the Voting Deadline, and approximately seven weeks prior to the Confirmation Hearing. The Debtors seek an extension of the Exclusive Solicitation Period to ensure that they are able to complete the solicitation process without the risk of distractions resulting from any party's efforts to take advantage of the termination of the Exclusive Solicitation Period.

12. The progress the Debtors have made in filing the Plan, obtaining approval of the Disclosure Statement, and moving forward to commence the solicitation process by the established deadline provide specific cause for the extension of the Exclusive Solicitation Period sought by this Motion.

## Notice

13. Notice of the Motion has been provided to (a) counsel to the Office of the United States Trustee, (b) counsel for the Debtors' postpetition secured lenders, (c) counsel for the Creditors' Committee, and (d) the other parties in interest named on the Master Service List maintained in these cases. No other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached as Exhibit A, extending their Exclusive Solicitation Period to the earlier of (a) the entry of an order confirming the Plan or (b) October 31, 2006, without prejudice to the Debtors' rights to seek further extensions, and (ii) grant the Debtors such other and further relief as is just and proper.

Dated: August 15, 2006

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SMITH HULSEY & BUSEY |
| By  *s/ D. J. Baker*  <br>   D. J. Baker <br>   Sally McDonald Henry <br>   Rosalie Walker Gray <br>   Adam S. Ravin <br> Four Times Square <br> New York, New York 10036 <br> (212) 735-3000 <br> (212) 735-2000 (facsimile) <br> djbaker@skadden.com | By  *s/ Stephen D. Busey*  <br>   Stephen D. Busey <br>   James H. Post <br>   Cynthia C. Jackson, <br>   Florida Bar Number 117790 <br> 225 Water Street, Suite 1800 <br> Jacksonville, Florida  32202 <br> (904) 359-7700 <br> (904) 359-7708 (facsimile) <br> cjackson@smithhulsey.com |
| Co-Counsel for Debtors | Co-Counsel for Debtors |

**EXHIBIT A**

1148670-New York Server 7A - MSW

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) *Chapter 11* |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER GRANTING EXTENSION OF EXCLUSIVE PERIOD**
**FOR OBTAINING ACCEPTANCES OF CHAPTER 11 PLAN**

These cases came before the Court for hearing on August 24, 2006, upon the motion of Winn-Dixie Stores, Inc. and its subsidiaries and affiliates in the above-captioned cases, as debtors and debtors-in-possession (the "Debtors"), for entry of an order under 11 U.S.C. §1121(d) extending their exclusive period for obtaining acceptances of their plan of reorganization (the "Motion")[1]. The Court has reviewed the Motion and considered the representations of counsel. Upon the representations of counsel, and without objection from the United States Trustee or any other interested party, it is

ORDERED AND ADJUDGED THAT:

1. The Motion is granted.

2. The Debtors' Exclusive Solicitation Period is extended to the earlier of (a) the entry of an order confirming the Plan or (b) October 31, 2006.

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

2

3. Entry of this Order is without prejudice to (a) the Debtors' right to seek from this Court other or further extensions of the Exclusive Solicitation Period, or (b) any party in interest's right to seek to reduce the Exclusive Solicitation Period for cause.

Dated August ___, 2006 in Jacksonville, Florida.

_____
Jerry A. Funk
United States Bankruptcy Judge

Cynthia C. Jackson is directed to serve a copy of this Order on all parties who received copies of the Motion.

2