**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | CASE NO:  05-03817-3F1 |
| | ) | |
| WINN-DIXIE STORES, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**LIMITED RESPONSE AND OBJECTION BY LANDLORD,
TERRANOVA CORP., AS AGENT FOR CONCORD-FUND IV, L.P. (STORE 254),
TO DEBTOR'S SECOND OMNIBUS MOTION FOR ORDER AUTHORIZING
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND FIXING CURE AMOUNTS (DOCKET 9897)**

COMES NOW Landlord, CONCORD-FUND IV RETAIL, LP Store No. 254, by and through its Property Manager and Agent, TERRANOVA CORP. (collectively the "Landlord"), and files this limited response and objection to Winn Dixie Stores, Inc. and 23 of its subsidiaries and its affiliates (collectively, the "Debtors"), Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts [Docket No. 9897] ("Motion"), and alleges:

1.   The Debtors operate Winn Dixie Store No. 254 on the Landlord's property located in Miami, Florida, under a lease between Landlord and Debtor (the "Lease"). Pursuant to the Motion, the Debtors seek to assume five subleases listed on Exhibit B to the Motion (the "Subleases").

2.   The Landlord and the Debtors are currently litigating whether the Debtors may assume the Lease. On May 20, 2006, the Debtors filed their *Debtors' Amended Omnibus Motion for Order to (1) Assume Non-residential Real Property Leases, (II) Fix Cure Amounts, and (III) Grant Related Relief* (Docket No. 7966) (the "Terranova Assumption Motion"), in which the Debtors seek to assume the Landlord's lease on Store No. 254, among others, and fix the cure

amounts.

3. On June 30, 2006, the Terranova Landlords filed an Objection to the Terranova Assumption Motion and the cure amounts set forth therein (Docket No. 8921).[1] That Objection remains pending; this Court heard oral argument on August 10, 2006 as to the Landlord and has the matter under advisement. The Landlord adopts and incorporates herein by reference all of the facts and legal arguments asserted with respect to the Lease, as they may pertain to issues surrounding the Motion and whether the Debtors may assume the subleases in connection with Store No. 254.

4. Pursuant to Section 19 of the Lease, and aside from any legal issue as to whether the Debtors have the right or ability to assume the subleases, the Debtors are required to provide the Landlord with a copy of any sublease within 30 days after a sublease is entered into by the Debtors. The Landlord demands copies of the Exhibit B Subleases and all subleases of Store No. 254 not listed on Exhibit B to the Motion.

5. Under the July 31, 1987 Amendment to Lease, a copy being attached, Debtors are required to remit to the Landlord twenty-five percent (25%) of the Debtors' Net Operating Income (as defined therein), from all of its subleases, including the Subleases. The Landlord's share of sublease revenue must be paid by the Debtors on a quarterly basis, in arrears, not later than 45 days after each quarter. Landlord demands payment of its share of sublease revenue,

---

[1] Terranova Corp., on behalf of Concord-Fund IV Retail, LP Store No. 254 ("Concord") has objected to the Debtors' assumption of its Lease on the basis that the Lease has been terminated and thus cannot be assumed. The Lease has been terminated due to Debtors' material breach of the Lease resulting in code violations, Debtors' failure to adequately upgrade the lighting in the Debtors' parking lot under County Code requirements and because of the condition of the electrical wiring and fixtures in the parking lot. After obtaining relief from the bankruptcy automatic stay in these cases, pursuant to this Court's Order Regarding Concord-Fund IV Retail, LP Stay Relief dated February 9, 2006 [Docket No. 5685], Concord filed an action for possession and to evict the Debtors styled Concord-Fund IV Retail, LP v. Winn Dixie Stores, Inc., Case No. 06-04748 CC 25, Miami-Dade County Court (the "Eviction Action"). In this eviction action, Concord seeks to recover possession of store No. 254. Terranova has given notice of the "cure" needed for this store in the event that this Court should rule that the Debtors retain the right to assume the Lease on this store. Terranova does not waive its right to prosecute the Eviction Action based on termination of the lease for Store No. 254.

together with the certified statement of Net Operating Income, required annually under the Amendment to Lease.

6. The Landlord does not waive its claim asserted in an eviction action for possession of Store No. 254, styled <u>Concord-Fund IV Retail, L.P. vs. Winn Dixie Stores, Inc.</u>, Case No. 06-04748 CC 25, Miami-Dade County Court, nor any rights and claims of the Landlord, with respect to the Subleases and the parties to the Subleases, on the issuance of a judgment of possession in that court.

Dated: <u>August  16, 2006</u>

    Respectfully submitted,

    SCRUGGS & CARMICHAEL, P.A.

    <u>/s/ Karen K. Specie, Esquire</u>
    KAREN K. SPECIE, ESQUIRE
    Post Office Box 23109
    Gainesville, FL 32602
    Telephone: 352-376-5242
    Facsimile: 352-375-0690
    Florida Bar No. 260746
    Attorney for Terranova Corp.

    TEW CARDENAS LLP

    <u>/s/ Thomas R. Lehman, P.A.</u>
    THOMAS R. LEHMAN, P.A.
    Four Seasons Tower, 15th Floor
    1441 Brickell Avenue
    Miami, Florida 33131
    Telephone:  305-536-1112
    Facsimile:  305-536-1116
    Florida Bar No. 351318
    Attorneys for Terranova Corp.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing Limited Response and Objection By Landlord Concord-Fund IV, L.P. (Store 254) to Debtor's Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts was

electronically filed with the US Bankruptcy Court on this 16th day of August, 2006, and that a copy of this document was furnished either by electronic transmission or by United States first class mail postage prepaid to: **D. J. Baker, Esquire,** djbaker@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Rosalie Walker Gray, rgray@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; Adam Ravin, aravin@skadden.com, Skadden, Arps, Slate, Meagher & Flom, LLP, Four Times Square, New York, NY 10036; **James H. Post, Esquire,** jpost@smithhulsey.com, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Cynthia C. Jackson, Esquire, cjackson@smithhulsey.com, Smith Hulsey & Busey, 225 Water St., Suite 1800, Jacksonville, FL 32201; Official Committee of Unsecured Creditors, c/o Dennis F. Dunne, Esquire, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; Matthew Barr, Esquire, mbarr@milbank.com, Milbank, Tweed, Hadley & McCloy, LLP, 1 Chase Manhattan Plaza, New York, NY 10005; John B. Macdonald, Esq., john.macdonald@akerman.com, Akerman, Senterfitt, 50 North Laura Street, Suite 2500, Jacksonville, FL 32202; John Longmire, Esq., jlongmire@willkie.com, Willkie Farr & Gallagher, LLP, 787 Seventh Avenue, New York, NY 10019-6099; and Elena L. Escamilla, Esquire, Office of United States Trustee – JAX, 135 W. Central Blvd., Suite 620, Orlando, FL 32801.

                                          /s/ Terri L. Darden