UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
------------------------------------X

WINN DIXIE STORES, INC., et al.

                           Chapter   11
------------------------------------X          Case # 05-03817
             Debtors               **Claim #12447**

**NOTICE:** TRANSFER OF CLAIM PURSUANT TO **FRBP RULE 3001(e)(2) OR (4)**

To: (Transferor)  **Greer Plaza,Inc.**
                   **25 SE 2nd Ave. Suite 730**
                   **Miami, Florida 33131**

The transfer of your claim (#794) as shown above, in the amount of
**$258,467.44** has been transferred *(unless previously expunged by court order)* to:

          **SIERRA LIQUIDITY FUND**
          **2699 WHITE RD. SUITE #255**
          **IRVINE, CA 92614**

No action is required if you do not object to the transfer of your
claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20
DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**
**FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

          United States Bankruptcy Court
          United States Courthouse
          Attn:  Bankruptcy Clerk
          300 North Hogan Street
          Jacksonville, FL  32202

**SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.**
Refer to **INTERNAL CONTROL No.**    in your objection.
**IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE
SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

                        Clerk of Court
-------------------------------------------------------------------
FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail,
postage prepaid on        , 200  .
Copy(check): Claims Agent__ Transferee__ Debtor's Attorney__

                        _____
                        Deputy Clerk

bc: objntc
OBJECTION NOTICE FOR TRANSFEROR-PROOF OF CLAIM ON FILE

# Transfer of Claim

# Winn-Dixie Raleigh, Inc., Winn-Dixie Stores, Inc., et al.

This agreement (the "Agreement") is entered into between **Greer Plaza, Inc.** ("Assignor") and Sierra Liquidity Fund, LLC, or assignee ("Assignee") with regard to the following matters:

1.  Assignor in consideration of the sum of _____ rcent) of the current amount outstanding on the Assignor's **claim in accordance with the terms more particularly set forth in ¶ 2. below (the "Purchase Price"), does hereby transfer to** Assignee all of the Assignor's right, title and interest in and to all of the claims of Assignor, relating to or arising under Claim # 12447 and 12448, (the "Claim") against Winn-Dixie Raleigh, Inc., Winn-Dixie Stores, Inc., *et al.* (affiliates, subsidiaries and other related debtors) (the "Debtor"), which is Assignee's "Remaining Claim" pending in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court of Florida, Middle District, in the current amount of not less than **$258,874.44 ["the Claim Amount"].** Assignor does hereby transfer to Assignee all of the rights and benefits of the Assignor relating to the Claim including, without limitation, Assignor's rights to receive interest, penalties and fees, if any, which may be paid with respect to the Claim, and all cash, securities, instruments, cure payments, and other property which may be paid or issued by the Debtor in satisfaction of the Claim. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment is an absolute and unconditional assignment of ownership of the Claim, and shall not be deemed to create a security interest.

2.  ........................................................................................................................ under the "oject ...
..........................................................................................................................................................................
.................................................. Rejection .. amage: ................................................................................
..................................................................................................... paid o Assignor by
_allowed and_
**Assignee within 10 b**........ **the Debtor and/or the United States Bankruptcy Court of Florida, Middle District as a liquida...., undisputed,** **approved by the Debtor and/or the United States Bankruptcy Court of Florida, Middle District as a liquida...., undisputed,** **and not contingent claim after review of the Proofs of Claim ("the Additional P**............ ............ **mental claim amount** **shall equal the amount of the final allowed and valid liquidated claim amount le**......... ...........

3.  Assignee shall be entitled to all distributions made by the Debtor on account of the Claim, even distributions made and attributable to the Claim being allowed in the Debtor's case, in an amount in excess of the Claim Amount. Assignor represents and warrants that to the best of its knowledge and belief, the amount of the Claim is not less than the Claim Amount, that based upon Assignor's records this amount is the true and correct amount for which the Debtor can be liable to the Assignor under the U.S. Bankruptcy Code, and that it is not aware of any valid defense or right of set-off to the Claim exists. Notwithstanding any representation made herein, the parties hereto acknowledge that the Claim has not yet been allowed and may be subject to objections by the Debtor which may reduce the Claim.

4.  Assignor further represents and warrants that as of the date of this Assignment, no payment has been received by Assignor or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim, in whole or in part, to any third party, that Assignor owns and has title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value.

5.  Should it be determined that any transfer by the Debtor to the Assignor is or could have been avoided as a preferential payment; Assignor shall repay such transfer to the Debtor in a timely manner. Should Assignor fail to repay such transfer to the Debtor, then Assignee, solely at its own option, shall be entitled to make said payment on account of the avoided transfer, and the Assignor shall indemnify the Assignee for any amounts paid to the Debtor. If the Bar Date for filing a Proof of Claim has passed, Assignee reserves the right, but not the obligation, to purchase the Trade Claim for the amount published in the Schedule F.

6.  Assignee is aware that Winn Dixie Stores, Inc. was a guarantor of the lease between Assignor and Winn Dixie Raleigh, Inc., and that the claim against Winn Dixie Stores is therefore derivative of the claim against Winn Dixie Raleigh, Inc. Assignee acknowledges that the liability under these claims is joint and several, that and that Assignee will only be entitled to a single recovery on the Claim, and that the maximum amount recoverable on the Claim is the Claim Amount. Further, the parties hereto are aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan or reorganization. The parties acknowledge that, except as specifically set forth in this agreement, neither party hereto nor any agent or representative of said party has made any representation whatsoever regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise), any other matter relating to the proceedings, the Debtor, or the likelihood of recovery of the Claim. Each of the parties hereto represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding its sale of the Claim.

7.  Assignee will assume all of the recovery risk in terms of the amount paid on the Claim, if any, at emergence from bankruptcy or liquidation. Assignee does not assume any of the risk relating to the amount and validity of the Claim and/or the Lease Rejection Damages attested to by the Assignor. In the event that the Claim is disallowed, reduced, subordinated or impaired for any reason whatsoever, Assignor agrees to refund and pay to Assignee, a pro-rata share of the Purchase Price equal to the ratio of the amount of the Lease Rejection Damages disallowed, reduced, subordinated, or impaired divided by the Lease Rejection Damages, plus 8% interest per annum from the date payment of the Purchase Price is received by Assignor. The Assignee, as set forth below, shall have no obligation to otherwise defend the Claim, and the refund obligation of the Assignor pursuant to this section shall be absolutely payable to Assignee without regard to whether Assignee defends the Claim. The Assignee or Assignor shall have the right to defend the claim, only at its own expense and shall not look to the counterparty for any reimbursement for legal expenses. Any obligation of the Assignor to repay any portion of the Purchase Price or to otherwise indemnify the Assignee shall terminate upon allowance of the Claim in the bankruptcy proceedings, for an amount equal to or greater than the Lease Rejection Damages.

8.  To the extent that it may be required by applicable law, Assignor hereby irrevocably appoints Assignee as its true and lawful attorney with respect to this Claim and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim, save that said appointment shall not affect Assignor's ability to defend the Claim in the event of an objection. Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that the Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings or in any other dispute arising out of or relating to the Claim, whether or not suit or other proceedings are commenced, and whether in mediation, arbitration, at trial, on appeal, or in administrative proceedings. Assignor agrees to take such reasonable further action, as may be necessary or desirable to effect the Assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

9.  Assignor shall forward to Assignee all notices received from Debtor, the court or any third party with respect to the Claim, including any ballot with regard to voting the Claim in the Proceeding, and shall take such action with respect to the Claim in the proceedings, as Assignee may from time to time request. Assignor acknowledges that any distribution received by Assignor on account of the Claim from any source, whether in form of cash, securities, instrument or any other property or right, is the property of and absolutely owned by the Assignee, that Assignor holds and will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

10.  In the event of any dispute arising out of or relating to this Agreement, whether or not suit or other proceedings is commenced, and whether in mediation, arbitration, at trial, on appeal, in administrative proceedings, or in bankruptcy (including, without limitation, any adversary proceeding or contested matter in any bankruptcy case filed on account of the Assignor), the prevailing party shall be entitled to its costs and expenses incurred, including reasonable attorney fees.

12.  The terms of this Agreement shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.

13. Assignor hereby acknowledges that Assignee may, afb receiving written consent from and joinder by the Assignor, at any time further assign the Claim together with all rights, title and interests of Assignee under this Agreement. All representations and warranties of the Assignor made herein shall survive the execution and delivery of this Agreement. This Agreement may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

14. This contract is not valid and enforceable without acceptance of this Agreement with all necessary supporting documents by the Transferee, as evidenced by a countersignature of this Agreement. The Assignee may reject the proffer of this contract for any reason whatsoever.

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida. Any action arising under or relating to this Agreement may be brought in any state or federal court located in the Florida, and Assignor consents to and confer personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Agreement, and in any action hereunder, Assignor and Assignee waives any right to demand a trial by jury.

Assignor hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objection thereto and its right to receive notice pursuant to rule 3001 of the rules of the Bankruptcy procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this _11th_ day of _August_, 2006.

ATTEST

By _____
[Signature]

Stanley G Tate, President
[Print Name and Title]

Phone: 305-891-1106, Ext. 250
Fax: 305-891-0756
[Phone Number and Fax Number]

stanley@tateenterprises.com
[Email]

Sierra Liquidity Fund, LLC et al.
2699 White Rd, Ste 255, Irvine, CA 92614
949-660-1144 x17; fax: 949-660-0632
jriley@sierrafunds.com

Caesar Plaza, Inc.
[Name of Company]

1175 N.E. 125 Street
[Street Address]

North Miami, FL 33161
[City, State & Zip]

Agreed and Acknowledged.
Sierra Liquidity Fund, LLC