UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                    CASE NO.:  3:05-bk-03817-JAF

                                          CHAPTER 11

WINN-DIXIE STORES, INC., et. al.,

              Debtors.             Jointly Administered

_____

OBJECTION TO PROPOSED CURE AMOUNT FOR PHOENIX JR., INC.
AS SET FORTH IN DEBTORS' MOTION FOR ORDER (A) AUTHORIZING THE
SALE OF ADDITIONAL STORES AND RELATED EQUIPMENT FREE AND CLEAR
OF LIENS, CLAIMS AND INTERESTS (B) AUTHORIZING THE ASSUMPTION
AND ASSIGNMENT OR ALTERNATIVELY, THE REJECTION OF LEASES AND
ESTABLISHING A CLAIMS BAR DATE AND (C) GRANTING RELATED RELIEF

        Phoenix   Jr.,   Inc.,   ("Phoenix"),   by   and   through   its
undersigned counsel, objects to the Proposed Cure Amount set
forth in Debtors' Motion for Order (A) Authorizing the Sale of
Additional Stores and Related Equipment Free and Clear of Liens,
Claims   and   Interests   (B)   Authorizing   the   Assumption   and
Assignment   or   Alternatively,   the   Rejection   of   Leases   and
Establishing a Claims Bar Date and (C) Granting Related Relief
(the "Motion"), and states as follows:

        1.    This objection is in the nature of a cure objection.

        2.    Phoenix is the landlord pursuant to a lease agreement
identified by the Debtors as Store No. 605.

        3.    Store No. 605 is one of the Additional Stores referred
to in Exhibit "A" of the Debtors' Motion.   The Debtors seek an

order of the Court approving the assumption and assignment, or alternatively the rejection, of the lease for Store No. 605.

4. Exhibit "D" of the Debtors' Motion schedules the Proposed Cure Amount for Store No. 605 in the amount of $15,466.96. Phoenix objects to the Proposed Cure Amount set forth in Exhibit "D".

5. In addition to the $15,466.96, the Debtors also owe Phoenix for the portion of the 2006 real estate taxes which will have accrued from January 1, 2006 through the date of the closing of the sale. Based on the 2005 real estate tax amount of $103,403.52, and assuming a closing date of September 30, 2006,[1] Phoenix is owed an additional $77,340.17 (273 days) for the accrued 2006 real estate taxes.

6. Phoenix is also owed for other monetary sums, including rent, that will accrue, and which may not have, as of this date, been billed or reconciled.

---

[1] This date is merely an assumption and the calculation is based on that assumption. The actual closing date of the sale should be used to calculate the accrued taxes due for 2006.

2

7.     Phoenix reserves the right to amend, supplement or modify this Objection as deemed necessary.

DATED this $\frac{17}{}$ day of August, 2006.

HELD & ISRAEL

By: _____

Kimberly Held Israel, Esquire
Florida Bar #47287
khisrael@hilawfirm.com
Adam N. Frisch, Esquire
Florida Bar #635308
afrisch@hilawfirm.com
Jacksonville, Florida 32207
(904) 398-7038 Telephone
(904) 398-4283 Facsimile