# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WINN-DIXIE STORES, INC., *et al*., | Case No. 05-03817-3Fl Jointly Administered |
| WINN-DIXIE STORES, INC. | Case No. 05-03817-JAF |
| ("the Debtors") | Filed Claim No.: <u>10534</u> |

### NOTICE OF TRANSFER OF CLAIM PURSUANT TO F.R.B.P. RULE 3001 (E)(2) FOR FILED CREDITOR, ST PETERSBURG TIMES, IN THE ALLOWED AMOUNT OF $38,068.40, TO DELLACAMERA CAPITAL MASTER FUND, LTD.

**To Transferor:**
    ST PETERSBURG TIMES
    ATTN: JANA L. JONES, TREASURER / C.F.O.
    490 FIRST AVENUE SOUTH
    ST PETERSBURG, FL 33731

PLEASE TAKE NOTICE that the transfer of $38,068.40 of the above-captioned allowed General Unsecured claim has been transferred to:

**Transferee:**     DellaCamera Capital Master Fund, Ltd.
    c/o DellaCamera Capital Management, LLC
    237 Park Avenue
    Suite 900
    New York, NY 10017

The evidence of transfer of claim is attached hereto. A copy of the Order allowing the claim is hereto as Exhibit A.

No action is required <u>if you do not object</u> to the transfer of your claim. However, if you do object to the transfer of your claim, within <u>20 days</u> of the date of this notice, you must file a written objection with the Office of the Clerk, United States Bankruptcy Court, Middle District of Florida, 300 North Hogan Street, Jacksonville, FL 32202. If your objection is not timely filed, the transferee will be substituted in your place as the claimant on our records in this proceeding.

---

*(FOR CLERK'S OFFICE USE ONLY):*
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2006.
INTERNAL CONTROL NO._____
Copy: (check) Claims Agent ___ Transferee ___ Debtors's Attorney ___

                                                        _____
                                                        Deputy Clerk

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| In re: | Case No. 05-03817-3F1 |
|---|---|
| Winn-Dixie Stores, Inc. | Chapter 11 |
| Debtor | |

## NOTICE OF TRANSFER OF CLAIM
## PURSUANT TO RULE 3001(e)

PLEASE TAKE NOTICE that any and all claims of St. Petersburg Times ("Assignor") that are scheduled by the Debtor(s) and or filed as an original or amended Proof of Claim against the Debtor(s), including but not limited to the following:

| Allowed Claim Amount | Allowed Proof of Claim No. |
|---|---|
| $38,068.40 | 10534 |

have been transferred and assigned to DellaCamera Capital Master Fund, Ltd. ("Assignee"). The signature of Assignor on this document is evidence of the transfer of the claims and all rights thereto.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of the Bankruptcy Rules, and stipulates that an order may be entered recognizing this Assignment as an unconditional assignment and the Assignee herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to the Assignee.

| | | | |
|---|---|---|---|
| ASSIGNEE: | DellaCamera Capital Master Fund, Ltd. | ASSIGNOR: | St. Petersburg Times |
| Address: | c/o DellaCamera Capital Management, LLC<br>237 Park Avenue<br>Suite 900<br>New York, NY 10017 | Address:<br>Signature:<br>Name:<br>Title:<br>Date: | 490 First Avenue South<br>St. Petersburg, FL 33731<br>[signature]<br>Jana L. Jones<br>Treasurer/CFO<br>7-17-06 |

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | ) Case No. 05-03817-3F1 |
| | ) |
| WINN-DIXIE STORES, INC., et al., | ) Chapter 11 |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |

### ORDER (A) REDUCING OVERSTATED CLAIMS, (B) REDUCING AND RECLASSIFYING OVERSTATED MISCLASSIFIED CLAIMS AND (C) DISALLOWING NO LIABILITY MISCLASSIFIED CLAIMS AS SET FORTH IN THE DEBTORS' TWELFTH OMNIBUS CLAIMS OBJECTION

These cases came before the Court for hearing on June 29, 2006, upon the Twelfth Omnibus Objection (the "Objection") of Winn-Dixie Stores, Inc. and twenty-three of its subsidiaries and affiliates (collectively, the "Debtors") to the proofs of claim listed on Exhibit A through C (the "Disputed Claims").[2] Several formal and informal objections to the Objection were raised or filed, as a result of which the Debtors have agreed to continue the Objection with respect to (i) claim no. 10543 filed by Allen Flavors, Inc., (ii) claim no. 11098 filed by BFI Waste Systems, (iii) claim nos. 8559 and 9507 filed by Brach's Confections, Inc., (iv) claim no. 7771 filed by Bundy New Orleans Co. LLC, (v) claim no. 5064 filed by Cavendish Farms, (vi) claim no. 3086 filed by the City of Opelika, (vii) claim no. 11831 filed by Clark Distributing Co., (viii) claim no. 12202 filed by Cliffdale Corner, (ix) claim no.

---

[1]  In addition to Winn-Dixie Stores, Inc., the following entities are debtors in these related cases: Astor Products, Inc., Crackin' Good, Inc., Deep South Distributors, Inc., Deep South Products, Inc., Dixie Darling Bakers, Inc., Dixie-Home Stores, Inc., Dixie Packers, Inc., Dixie Spirits, Inc., Dixie Stores, Inc., Economy Wholesale Distributors, Inc., Foodway Stores, Inc., Kwik Chek Supermarkets, Inc., Sunbelt Products, Inc., Sundown Sales, Inc., Superior Food Company, Table Supply Food Stores Co., Inc., WD Brand Prestige Steaks, Inc., Winn-Dixie Handyman, Inc., Winn-Dixie Logistics, Inc., Winn-Dixie Montgomery, Inc., Winn-Dixie Procurement, Inc., Winn-Dixie Raleigh, Inc., and Winn-Dixie Supermarkets, Inc.

[2]  All capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Objection.

8606 filed by Commercial Net Lease Realty, (x) claim no. 4125 filed by Compass Foods, (xi) claim no. 808 filed by Contract Sweepers, (xii) claim no. 8795 filed by EHS Corporation, (xiii) claim no. 465 filed by EMC Corporation, (xiv) claim no. 10824 filed by Ford's Crossing, (xv) claim no. 4413 filed by Hawaiian Tropic, (xvi) claim no. 6192 filed by John B. Sanfilippo & Son, Inc., (xvii) claim no. 12310 filed by Daniel G. Kamin, (xviii) claim no. 8475 filed by Krispy Kreme of South Florida LLC, (xix) 10632 filed by the Miami Herald Publishing Co., (xx) claim no. 6633 filed by Milk Products LP, (xxi) claim no. 10299 filed by New Plan Excel Realty Trustee Inc., (xxii) claim no. 8176 filed by Samuel Oschin, Trustee, (xxiii) claim no. 3789 filed by Pedrini USA Inc., (xxiv) claim no. 10828 filed by Pell City Marketplace Partners, (xxv) claim no. 10140 filed by Randall Benderson 1993-1 Trust, (xxvi) claim nos. 954 and 957 filed by Southeast Unloading, LLC, (xxvii) claim no. 8952 filed by Southern Bottled Water Co., Inc., (xxviii) claim no. 4437 filed by the State of Georgia Department of Revenue, (xxix) claim no. 6419 filed by Syroco, Inc., (xxx) claim no. 10147 filed by US Surveyor, (xxxi) claim no. 8133 filed by Ventura Foods LLC, (xxxii) claim no. 11576 filed by F. Gavina & Sons, (xxxiii) claim no. 12172 filed by GS II Brook Highland, LLC, (xxxiv) claim no. 11821 filed by Riverdale Farms Inc. and (xxxv) claim no. 11435 filed by Thomas Hitchens (collectively, the "Unresolved Objections"), which claims have been removed from Exhibits A through C. The Debtors have withdrawn without prejudice their objection to (i) claim no. 240 filed by Campbell Real Estate, Inc., (ii) claim no. 989 filed by CIP International, Inc., (iii) claim no. 7770 filed by Hillandale Farms, Inc. and (iv) claim no. 10855 filed by Signature Brands, LLC, which claims have been removed from Exhibit A and B. Upon consideration, it is

ORDERED AND ADJUDGED:

1. The Objection is sustained.

2. The Overstated Claims listed on Exhibit A are reduced to the amounts set forth on Exhibit A under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed.

3. The Overstated Misclassified Claims listed on Exhibit B are reduced to the amounts set forth on Exhibit B under the heading Reduced Claim Amount and the amounts exceeding the Reduced Claim Amount are disallowed. The asserted class status alleged for each of the Overstated Misclassified Claims listed on Exhibit B is denied; and the Overstated Misclassified Claims are reclassified as specified on Exhibit B under the heading "Modified Class Status."

4. The No Liability Misclassified Claims listed on Exhibit C are disallowed in their entirety.

5. With respect to the Overstated Claims and Overstated Misclassified Claims that are reduced by the amount of the reclamation payments listed on Exhibits A and B under the heading "Reason for Reduction," if any portion of such reclamation payments remain unpaid after the last date for payment as provided in the Stipulation Between Debtors and Certain Trade Vendors Regarding Reconciliation and Treatment of Trade Vendors' Reclamation Claims and Establishing Post-Petition Trade Lien Program, dated July 28, 2005, the holders of such Overstated Claims and Overstated Misclassified Claims shall have the right to seek to have the Reduced Amount increased by the unpaid balance of the reclamation payments listed on Exhibits A and B.

6. Upon agreement with the claimant, claim nos. 4635 and 4636 filed by Rich-Seapak Corporation, are disallowed, having been paid in full.

7. Other than the Unresolved Objections, those objections that have not yet been withdrawn are overruled.

8. The hearing to consider the Objection with respect to the Unresolved Objections is continued until further order of the Court upon the motion of any party in interest.

9. Each claim and the objections by the Debtors to such claim as addressed in the Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order is deemed a separate Order with respect to each claim. Any stay of this Order pending appeal by any of the claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered by this Order.

10. Neither the Objection nor any disposition of the Disputed Claims pursuant to this Order constitutes a waiver of the Debtors' right to pursue any potential Avoidance Action against any of the Claimants.

11. This Order is without prejudice to the Debtors' right to file any further objection they may have to the Disputed Claims, including objections on the ground that a Disputed Claim was filed against the incorrect Debtor or that the Debtor against which the Disputed Claim was filed should be modified.

Dated this ___ day of June, 2006 in Jacksonville, Florida.

Jerry A. Funk
United States Bankruptcy Judge

James H. Post is directed to serve
a copy of this Order on all parties who
received copies of the Objection.

4

**EXHIBIT A**

WINN-DIXIE STORES, INC., ET AL.
TWELFTH OMNIBUS CLAIMS OBJECTION
EXHIBIT A - OVERSTATED CLAIMS TO BE REDUCED

Page: 16 of 20
Date: 06/28/2006

| Name of Claimant | Claim No. | Claim Amount | Reduced Claim Amount | Reason for Reduction |
|---|---|---|---|---|
| **Creditor Id: 261348**<br>SOUTHEAST UNLOADING, LLC<br>ATTN: CHRIS SPENCE, VP<br>PO BOX 1647<br>YULEE, FL 32041<br><br>Transferee: MERRILL LYNCH CREDIT PRODUCTS LLC<br>Counsel: ATTN RICHARD K. JONES, ESQ. | 959<br>Debtor: WINN-DIXIE STORES, INC. | $808.00 | $701.00 | REDUCED AMOUNT REFLECTS 1/6/05 PAYMENT OF $107.00 BY CHECK NUMBER CHECK 7422511. |
| **Creditor Id: 242223**<br>SOUTHERN PRIDE CATFISH LLC DBA<br>AMERICAN PRIDE SEAFOODS<br>ATTN: BOB MYATT, VP FIN<br>40 HERMAN MELVILLE BLVD<br>NEW BEDFORD MA 02741<br><br>Transferee: AMROC INVESTMENTS LLC<br>Counsel: ATTN CAROL A. ENTELISANO, ESQ. | 3002<br>Debtor: WINN-DIXIE PROCUREMENT, INC. | $1,034,429.80 | $929,181.42 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $3,189.34, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $13,288.49 AND $441.60, RESPECTIVELY, AND RECLAMATION PAYMENTS IN PROCESS TOTALING $88,328.95. |
| **Creditor Id: 408325**<br>SPECIALTY BRANDS, LP<br>ATTN BOBBIE SHIER, DIR CREDIT SVCS<br>4200 E CONTOURS DR, SUITE 100<br>ONTARIO CA 91764<br><br>Counsel: ATTN: STEPHEN M MILLER, ESQ | 6761<br>Debtor: WINN-DIXIE PROCUREMENT, INC. | $59,577.79 | $48,539.19 | REDUCED AMOUNT REFLECTS AGREEMENT WITH CLAIMANT. REDUCED AMOUNT IS CLASSIFIED AS UNSECURED NON-PRIORITY. |
| **Creditor Id: 279265**<br>SPIC AND SPAN COMPANY, THE<br>DIV OF PRESTIGE BRANDS HOLDINGS INC<br>ATTN HARRIS T SEMEGRAM, CR DIRECTOR<br>90 NORTH BROADWAY<br>IRVINGTON NY 10533 | 7305<br>Debtor: WINN-DIXIE STORES, INC. | $38,264.18 | $16,837.22 | REDUCED AMOUNT REFLECTS NET CONSUMPTION WAIVER OF $246.08, ACCOUNTS PAYABLE CREDIT AND ACCOUNTS RECEIVABLE BALANCE OF $341.79 AND $884.08, RESPECTIVELY, RECLAMATION PAYMENTS IN PROCESS TOTALING $7,532.59, AND REMOVAL OF $12,422.42 FOR CHARGEBACKS ON PREVIOUSLY PAID AND DISPUTED INVOICES. |
| **Creditor Id: 382255**<br>ST PETERSBURG TIMES<br>ATTN KIMBERLY RILEY, CXREDIT MGR<br>490 FIRST AVENUE SOUTH<br>ST PETERSBURG, FL 33731 | 10534<br>Debtor: WINN-DIXIE STORES, INC. | $48,085.33 | $38,068.41 | REDUCED AMOUNT REFLECTS 185 PAYMENTS AGGREGATING $10,016.92 (CLAIM ASSERTED BY ST. PETERSBURG TIMES, BUT INVOICES ISSUED BY, AND PAYMENTS TENDERED TO, TIMES PUBLISHING COMPANY). |