F I L E D
JACKSONVILLE, FLORIDA

AUG 17 2006

CLERK, U. S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 05-03817-3F1 |
| WINN-DIXIE STORES, INC., *et al.*, | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket No. 9897 |
| Debtors. | ) | |

**OBJECTION OF CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *ET AL.*
TO DEBTOR'S SECOND OMNIBUS MOTION FOR ORDER AUTHORIZING
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
AND FIXING CURE AMOUNTS**

Connecticut General Life Insurance Company and related CIGNA entities[1] (collectively "CIGNA"), by and through their undersigned counsel, hereby object to the *Debtors' Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts* [Docket No. 9897] ("Assumption Motion") and, in support of their objection, respectfully state as follows:

1. CIGNA and the above-captioned debtors ("Debtors") are parties to ten separate Participating Pharmacy Agreements ("Agreements").

2. On August 4, 2006, the Debtors filed the Motion, pursuant to which the Debtors are seeking authority to assume certain contracts and leases and fix cure amounts. Two of the listings on Exhibit A to the Assumption Motion appear to reference one or more of the Agreements:

    a.    "Pharmacy Third Party Insurance"/"CIGNA"/"Prescription Benefits Contract" (p.2); and

---

[1] CIGNA Healthcare of Florida, Inc., CIGNA Healthcare of Georgia, Inc., CIGNA Healthcare of Louisiana, Inc., CIGNA Healthcare of North Carolina, Inc., CIGNA Healthcare of Ohio, Inc., and CIGNA Healthcare of Virginia, Inc.

  b. "Pharmacy Third Party Insurance"/"RX Prime"/"Prescription Benefits Contract" (p. 13).

The Assumption Motion fails to specifically identify any of the Agreements. Therefore, no assumption of any of the Agreements should be approved until the Debtors specifically identify the Agreements that they propose to assume.

  3. In the Motion, the Debtors propose to pay nothing ($0) to CIGNA to cure defaults that exist under the Agreements. The actual amount due under the Agreements through the date hereof is $26,903.00 ("Partial Cure Amount").[2] Additionally, the Debtors are required to pay all amounts that become due under the Agreements from the date of this objection through the "Effective Date."[3] Accordingly, CIGNA objects to any assumption of the Agreements absent payment to CIGNA of the Partial Cure Amount, plus any additional amounts that may accrue prior to the Effective Date ("Full Cure Amount"). 11 U.S.C. § 365(b)(1).

WHEREFORE, CIGNA respectfully requests that this Court enter an order that requires the Debtors to pay, as a condition precedent to any assumption of the Agreements, the Full Cure Amount, and that grants CIGNA such further and additional relief as the Court may deem just and proper.

Dated: August 16, 2006  CONNOLLY BOVE LODGE & HUTZ LLP

            _____
            Jeffrey C. Wisler
            Christina M. Thompson
            The Nemours Building
            1007 North Orange Street
            P.O. Box 2207
            Wilmington, Delaware 19899
            Telephone: (302) 658-9141
#482115           Counsel for CIGNA

---

[2] This figure is subject to reconciliation based on ongoing audits with the Debtors.

[3] As defined in the Motion.

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 16th day of August, 2006, a copy of the **Objection of Connecticut General Life Insurance Company,** *et al.* **to Debtor's Second Omnibus Motion for Order Authorizing Assumption of Executory Contracts and Unexpired Leases and Fixing Cure Amounts** was served as indicated upon the following counsel.

## BY TELEFAX AND U.S. MAIL
D.J. Baker, Esq.
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036

James H. Post, Esq.
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202


C. Wisler

#482348