satisfactory to any such owner or holder acknowledging such attornment and setting forth the terms and conditions of its tenancy. Nothing contained in this subdivision (c) shall be construed to impair any right otherwise exercisable by any such owner or holder.

(d) Tenant agrees that, if requested by Landlord, Tenant shall, without charge, enter into (i) a Subordination, Non-Disturbance and Attornment Agreement reasonably requested by Lender and (ii) an agreement with any holder of the Mortgage whereby Tenant shall agree for the benefit of the holder of the Mortgage that Tenant will not, without in each case the prior written consent of such holder, (i) amend, modify, cancel or surrender the term of this Lease except as expressly permitted by the provisions of this Lease, or enter into any agreement with Landlord so to do, or (ii) pay any installment of Basic Rent more than one (1) month in advance of the due date thereof or otherwise than in the manner provided for in this Lease.

(e) If in connection with Landlord obtaining financing, a prospective Lender shall require modification of the provisions of this Lease, Tenant agrees that it will not unreasonably withhold its consent to such modifications and will enter into an appropriate modification agreement, provided that the provisions thereof do not materially increase or adversely affect the obligations of Tenant hereunder. If Tenant shall

-47-

withhold its consent thereto and Landlord deems Tenant's withholding of such consent to be unreasonable, the parties hereto agree to submit the issue to arbitration in accordance with the provisions of Paragraph 31 hereof.

    (f) Tenant agrees that it will give notice to any holder of a first Mortgage encumbering the Leased Premises, provided that Tenant has been notified in writing of the name and address of such Mortgage holder, of any defaults of the Landlord or other circumstances which would entitle Tenant to terminate this Lease or abate the rental payable hereunder, specifying the nature of the default by Landlord, and thereupon the holder of the Mortgage shall have the right, but not the obligation, to cure any such default by Landlord, and Tenant will not terminate this Lease or abate the rental payable hereunder by reason of such default unless and until it has afforded the Mortgage holder thirty (30) days after such notice to cure such default and a reasonable period of time in addition thereto if circumstances are such that said default cannot be reasonably cured within such 30-day period. No such Lender shall, upon assuming title to the Leased Premises, be liable for any act or omission of any prior landlord (including Landlord), be subject to any offsets or defenses which Tenant may have against any prior landlord, be bound by any rent or additional rent paid for more than the then current period to any prior landlord, or be bound by any agreement

-48-

or modification of this Lease made without such Lender's consent after Tenant has been given written notice of such Lender's interest, in such a way as to reduce rent, accelerate rent payments, shorten the original term or change any renewal option. Nothing herein shall be construed to be in conflict with the provisions of Paragraph 7 hereof.

17. **Assignment, Subleasing and Vacating.** The Leased Premises may be vacated or may be used by Tenant or assigned or sublet in whole or in part for use as a retail food store, commonly referred to as a supermarket, or with the consent of Landlord not to be unreasonably withheld may be assigned or sublet in whole or in part for the conduct of any other retail business not in violation of any Legal Requirements or Insurance Requirements. In the event of any vacating, assignment or subleasing as herein permitted, (i) then from and after the effective date thereof, the annual Basic Rent shall be increased by an amount equal to the average Percentge Rent payable for the two full Lease Years preceding the effective date of such assignment or subletting and, upon demand of Landlord, Tenant agrees to execute an appropriate instrument which Landlord may reasonably request to evidence such increase, and (ii) Tenant shall continue to remain liable and responsible for the payment of the Basic Rent as increased and Additional Rent and the performance of all its other obligations under this Lease, including but not limited to its obligation to pay Percentage Rent.

Each sublease of any of the Leased Premises shall be subject and subordinate to the provisions of this Lease. No assignment or sublease made as permitted by this Paragraph 17 or otherwise, shall affect or reduce any of the obligations of Tenant hereunder, and all such obligations shall continue in full force and effect as obligations of a principal and not as obligations of a guarantor, as if no assignment or sublease had been made. No assignment or sublease shall impose any obligations on Landlord under this Lease. No assignment or sublease shall be valid unless, in the case of an assignment, Tenant shall, within ten days after the execution and delivery of any such assignment, deliver to Landlord (i) a duplicate original of such assignment in recordable form and (ii) an agreement executed and acknowledged by the assignee in recordable form wherein the assignee shall agree to assume and agree to observe and perform all of the terms and provisions of this Lease on the part of the Tenant to be observed and performed, and, in the case of a sublease, Tenant shall, within ten days after the execution and delivery of such sublease, deliver to Landlord a duplicate original of such sublease.

Upon the occurrence of an Event of Default under this Lease, Landlord shall have the right to collect and enjoy all rents and other sums of money payable under any sublease of any of the Leased Premises, and Tenant hereby irrevocably and unconditionally assigns such rents and money to Landlord, which

-50-

assignment may be exercised upon and after (but not before) the occurrence of an Event of Default. Tenant shall not mortgage or pledge this Lease, and any such mortgage or pledge made in violation of this Paragraph shall be void.

18. _Permitted Contests_. After prior written notice to Landlord, Tenant shall not be required to (i) pay any Imposition, (ii) comply with any Legal Requirement, (iii) discharge or remove any lien referred to in Paragraphs 9 or 12, or (iv) take any action with respect to any encroachment, violation, hindrance, obstruction or impairment referred to in Paragraph 11(b) so long as Tenant shall contest, in good faith and at its expense, the existence, the amount or the validity thereof, the amount of the damages caused thereby, or the extent of its or Landlord's liability therefor, by appropriate proceedings which shall operate during the pendency thereof to prevent (a) the collection of, or other realization upon, the Imposition or lien so contested, (b) the sale, forfeiture or loss of any of the Leased Premises, any Basic Rent or any Additional Rent to satisfy the same or to pay any damages caused by the violation of any such Legal Requirement or by any such encroachment, violation, hindrance, obstruction or impairment, (c) any interference with the use or occupancy of any of the Leased Premises, (d) any interference with the payment of any Basic Rent or any Additional Rent, (e) the cancellation of any fire or other insurance policy, and (f) Landlord would not be

in danger of civil or criminal liability or sanctions for failure so to pay or perform. Tenant shall provide Landlord security satisfactory in the sole opinion of Landlord assuring the payment, compliance, discharge, removal or other action, including all costs, attorneys' fees, interest and penalties, in the event that the contest is unsuccessful. While any such proceedings are pending and the required security is held by Landlord, Landlord shall not have the right to pay, remove or cause to be discharged the Imposition or lien thereby being contested unless any one or more of the conditions in subdivisions (a) through (f) shall not be prevented during the pendency of the contest. Tenant further agrees that each such contest shall be promptly and diligently prosecuted to a final conclusion, except that Tenant shall, so long as all of the conditions of the first sentence of this Paragraph are at all times complied with, have the right to attempt to settle or compromise such contest through negotiations. Tenant shall pay and save Landlord harmless against any and all losses, judgments, decrees and costs (including all attorneys' fees and expenses) in connection with any such contest and shall, promptly after the final determination of such contest, fully pay and discharge the amounts which shall be levied, assessed, charged or imposed or be determined to be payable therein or in connection therewith, together with all penalties, fines, interest, costs and expenses thereof or in connection therewith, and perform all