acts the performance of which shall be ordered or decreed as a result thereof.

19.  Conditional Limitations; Default Provision.

(a)  The occurrence of any one or more of the following shall constitute an Event of Default under this Lease: (i) a failure by Tenant to make (regardless of the pendency of any bankruptcy, reorganization, receivership, insolvency or other proceedings, in law, in equity or before any administrative tribunal, which had or might have the effect of preventing Tenant from complying with the provisions of this Lease) any payment of Basic Rent, Additional Rent or other sum herein required to be paid by Tenant; (ii) a failure by Tenant to duly perform and observe, or a violation or breach of any other provision hereof; (iii) any representation or warranty made by Tenant herein which proves at any time to be incorrect, in any material respect; (iv) Tenant or Guarantor shall (a) voluntarily be adjudicated a bankrupt or insolvent, (b) seek or consent to the appointment of a receiver or trustee for itself or for any of the Leased Premises, (c) file a petition seeking relief under the bankruptcy or other similar laws of the United States, any state or any jurisdiction, (d) make a general assignment for the benefit of creditors, or (e) be unable to pay its debts as they mature; (v) a court shall enter an order, judgment or decree appointing, with the consent of Tenant or Guarantor, as the case may be, a

-53-

receiver or trustee for it or for any of the Leased Premises or approving a petition filed against Tenant or Guarantor which seeks relief under the bankruptcy or other similar laws of the United States, any state or any jurisdiction, and such order, judgment or decree shall remain in force, undischarged or unstayed, sixty days after it is entered; (vi) subject to the provisions of Paragraph 17, the Leased Premises shall have been vacated or abandoned; (vii) Tenant or Guarantor shall be liquidated or dissolved or shall begin proceedings towards its liquidation or dissolution; or (viii) the estate or interest of Tenant in any of the Leased Premises shall be levied upon or attached in any proceeding and such estate or interest is about to be sold or transferred or such process shall not be vacated or discharged within sixty days after such levy or attachment.

(b) If an Event of Default shall have occurred, Landlord shall have the right at its option, then or at any time thereafter, to do any one or more of the following without demand upon or notice to Tenant:

(1) Landlord may give Tenant notice of Landlord's intention to terminate this Lease on a date specified in such notice. Upon the date therein specified, the Term and the estate hereby granted and all rights of Tenant hereunder shall expire and terminate as if such date were the date hereinbefore fixed for the expiration of the Term, but Tenant shall remain liable for all

its obligations hereunder through such date, including its liability for Basic Rent and Additional Rent as hereinafter provided.

(2) Landlord may, whether or not the Term of this Lease shall have been terminated pursuant to clause (1) above, (a) give Tenant notice to surrender any of the Leased Premises to Landlord immediately or on a date specified in such notice, at which time Tenant shall surrender and deliver possession of the Leased Premises to Landlord or (b) reenter and repossess any of the Leased Premises by force, summary proceedings, ejectment or any other means or procedure. Upon or at any time after taking possession of any of the Leased Premises, Landlord may remove any persons or property therefrom. Landlord shall be under no liability for or by reason of any such entry, repossession or removal. No such entry or repossession shall be construed as an election by Landlord to terminate this Lease unless Landlord gives a written notice of such intention to Tenant pursuant to clause (1) above.

(3) After repossession of any of the Leased Premises pursuant to clause (2) above, whether or not this Lease shall have been terminated pursuant to clause (1) above, Landlord shall have the right (but shall be under no obligation) to relet the Leased Premises or any part thereof to such tenant or tenants for such term or terms (which may be greater or less than the period which would otherwise have constituted the balance of the Term) for

such rent, on such conditions (which may include concessions or free rent) and for such uses as Landlord, in its absolute discretion, may determine; and Landlord may collect and receive any rents payable by reason of such reletting. Landlord shall have no duty to mitigate damages and shall not be responsible or liable for any failure to relet the Leased Premises or any part thereof or for any failure to collect any rent due upon any such reletting. Landlord may make such Alterations as Landlord in its sole discretion may deem advisable. Tenant agrees to pay Landlord, as Additional Rent, immediately upon demand, all reasonable expenses incurred by Landlord in obtaining possession, in performing Alterations and in reletting any of the Leased Premises, including fees and commissions of attorneys, architects, agents and brokers.

(4) Landlord may exercise any other right or remedy now or hereafter existing by law or in equity.

(c) No expiration or termination of this Lease pursuant to Paragraph 19(b)(1) or any other provision of this Lease, by operation of law, repossession of the Leased Premises pursuant to Paragraph 19(b)(2) or otherwise, or reletting of any of the Leased Premises pursuant to Paragraph 19(b)(3), shall relieve Tenant of any of its liabilities and obligations hereunder, including the liability for Basic and Additional Rent, all of which shall survive such expiration, termination, repossession or reletting.

(d)  In the event of any expiration or termination of this Lease or repossession of any of the Leased Premises by reason of the occurrence of an Event of Default, Tenant shall pay to Landlord Basic Rent, Additional Rent and all other sums required to be paid by Tenant to and including the date of such expiration, termination or repossession and, thereafter, Tenant shall, until the end of what would have been the Term in the absence of such expiration, termination or repossession, and whether or not any of the Leased Premises shall have been relet, be liable to Landlord for and shall pay to Landlord as liquidated and agreed current damages (i) Basic Rent, Additional Rent and all other sums which would be payable under this Lease by Tenant in the absence of such expiration, termination or repossession, less (ii) the net proceeds, if any, of any reletting pursuant to Paragraph 19(b)(3), after deducting from such proceeds all of Landlord's expenses in connection with such reletting (including all repossession costs, brokerage commissions, legal expenses, attorneys' fees, employees' expenses, costs of Alterations and expenses of preparation for reletting).  Tenant hereby agrees to be and remain liable for all sums aforesaid, and Landlord may recover such damages from Tenant and institute and maintain successive actions or legal proceedings against Tenant for the recovery of such damages.  Nothing herein contained shall be deemed to require Landlord to wait to begin such action or other legal

proceedings until the date when the Term would have expired by limitation had there been no such Event of Default.

(e) Before an Event of Default shall exist under this Paragraph 19 or any other Paragraph hereof by reason of an Event of Default under subparagraph (a) of this Paragraph 19, Landlord shall have given Tenant notice of any failure by Tenant or occurrence of any event specified in said subparagraph (a) (any such failure or occurrence being referred to in this Lease as a "Default") and Tenant shall have failed to cure the Default within the applicable grace period stated below. If the cure consists of payment of money or furnishing of insurance coverages required in Paragraph 14, the applicable grace period shall be five days from the date on which the notice is given. If the cure consists of something other than payment of money (except the failure to provide insurance), the applicable grace period shall be thirty days from the date on which the notice is given, or such longer time as reasonably necessary to cure the Default, provided that Tenant shall commence to cure the Default within said thirty day period and actively, diligently and in good faith proceed with continued curing of the Default until it shall be fully cured.

20. Additional Rights of Landlord.

(a) No right or remedy herein conferred upon or reserved to Landlord is intended to be exclusive of any other right or remedy and each and every right and remedy shall be cumulative

-58-

and in addition to any other right or remedy contained in this Lease. No delay or failure by Landlord to enforce its rights hereunder shall be construed as a waiver, modification or relinquishment thereof. In addition to the other remedies provided in this Lease, Landlord shall be entitled, to the extent permitted by applicable law, to injunctive relief in case of the violation or attempted or threatened violation of any of the provisions of this Lease, or to specific performance of any of the provisions of this Lease.

(b) Tenant hereby waives and surrenders for itself and all those claiming under it, including creditors of all kinds, (i) any right and privilege which it or any of them may have under any present or future law to redeem any of the Leased Premises or to have a continuance of this Lease after termination of this Lease or of Tenant's right of occupancy or possession pursuant to any court order or any provision hereof, and (ii) the benefits of any present or future law which exempts property from liability for debt or for distress for rent.

(c) Tenant shall pay to Landlord as Additional Rent all the expenses incurred by Landlord in connection with any Default or Event of Default or the exercise of any remedy by reason of a Default or Event of Default, including attorneys' fees and expenses. If Landlord shall be made a party to any litigation commenced against Tenant or any litigation pertaining to this

-59-

Lease or any of the Leased Premises, at the option of Landlord, Tenant, at its expense, shall provide Landlord with counsel approved by Landlord and shall pay all costs incurred or paid by Landlord in connection with such litigation.

21. <u>Notices</u>. All notices, demands, requests, consents, approvals, offers, statements and other instruments or communications required or permitted to be given pursuant to the provisions of this Lease shall be in writing and shall be deemed to have been given for all purposes when deposited in the United States mail, by registered or certified mail, return receipt requested, postage prepaid, addressed to the other party at its address stated above. For the purposes of this Paragraph, any party may substitute its address by giving fifteen days' notice to the other party in the manner provided above.

22. <u>Estoppel Certificates</u>. Landlord and Tenant shall, at any time and from time to time, upon not less than twenty days' prior written request by the other, execute, acknowledge and deliver to the other a statement in writing, executed by Landlord or Tenant or if other than an individual by a President, Vice President or authorized general partner, principal or agent certifying (i) that this Lease is unmodified and in full effect (or, if there have been modifications, that this Lease is in full effect as modified, setting forth such modifications), (ii) the dates to which Basic Rent, payable hereunder has been paid,

(iii) that to the knowledge of the signer of such certificate no Default by either Landlord or Tenant exists hereunder or specifying each such Default of which the signer may have knowledge; and (iv) with respect to a certificate signed on behalf of Tenant, that to the knowledge of the signer of such certificate, there are no proceedings pending or threatened against Tenant before or by any court or administrative agency which if adversely decided would materially and adversely affect the financial condition and operations of Tenant or if any such proceedings are pending or threatened to said signer's knowledge, specifying and describing the same. It is intended that any such statements may be relied upon by Lender, the recipient of such statements or their assignees or by any prospective purchaser of the Leased Premises.

23. <u>Surrender and Holding Over</u>. Upon the expiration or earlier termination of this Lease, Tenant shall peaceably leave and surrender the Leased Premises (except as to any portion thereof with respect to which this Lease has previously terminated) to Landlord in the same condition in which the Leased Premises were originally received from Landlord at the commencement of this Lease, except as to any repair or Alteration as permitted or required by any provision of this Lease, and except for ordinary wear and tear. Tenant shall remove from the Leased Premises on or prior to such expiration or earlier termination

-61-

Tenant's Trade Fixtures and Personal Property which are owned by Tenant or third parties other than Landlord, and Tenant at its expense shall, on or prior to such expiration or earlier Termination, repair any damage caused by such removal. Tenant's Trade Fixtures and Personal Property not so removed at the end of the Term or within thirty days after the earlier termination of the Term for any reason whatsoever shall become the property of Landlord, and Landlord may thereafter cause such property to be removed from the Leased Premises. The cost of removing and disposing of such property and repairing any damage to any of the Leased Premises caused by such removal shall be borne by Tenant. Landlord shall not in any manner or to any extent be obligated to reimburse Tenant for any property which becomes the property of Landlord as a result of such expiration or earlier termination. Tenant shall not commit waste of the Leased Premises.

Any holding over by Tenant of the Leased Premises after the expiration or earlier termination of the term of this Lease or any extensions thereof, with the consent of Landlord, shall operate and be construed as tenancy from month to month only, at double the Basic Rent and Percentage Rent (as defined in Exhibit "D") reserved herein and upon the same terms and conditions as contained in this Lease. Notwithstanding the foregoing, any holding over shall entitle Landlord, in addition to collecting double rentals, to exercise all rights and remedies